UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | | Related to Doc. No. 5246 |

**THE DETROIT RETIREMENT SYSTEMS' COMMENT TO STATEMENT OF OBJECTORS ADDRESSING CERTAIN DISCOVERY AND TRIAL ISSUES**

The Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (together, the "Retirement Systems") hereby comment on the Statement of Objectors Addressing Certain Discovery and Trial Issues [Dkt. No. 5246] (the "Statement") as follows:

**Preliminary Statement**

The Retirement Systems have been placed in a difficult situation due to the fact that their position at the Confirmation Trial will likely be dictated by the outcome of the vote of Classes 10 and 11.[1] This uncertainty has led to several issues that relate uniquely to the Retirement Systems, and therefore, it comments separately to the Statement filed by the Objectors.

---

[1] All capitalized terms used but not defined herein have the meanings ascribed to them in the Statement.

## I. Deposition Protocol

The Retirement Systems generally have no dispute with the deposition protocols submitted by the City or the Objectors, but they write separately to comment on two issues. First, the Statement is a statement by the so-called Objectors, not the DTEC, and it does not appear to contemplate the participation of the Retirement Systems in the discovery process. Indeed, to date, the Objectors have marginalized the participation of the Retirement Systems on the DTEC and excluded them from numerous telephonic and email conferences regarding DTEC business, apparently based on the assumption that, since the Retirement Systems are currently in a support position relative to the Plan (subject to certain events occurring to solidify that position), they will have less of a role at the Confirmation Trial.

This exclusion of the Retirement Systems from the DTEC and the discovery process is inappropriate. Even in their present posture, the Retirement Systems still have a right to participate in depositions pursuant to the Stipulated Order entered into with the City on May 9, 2014 [Dkt. No. 4563] (the "Stipulation"). The Stipulation provides that the Retirement Systems (and other similarly-situated parties, such as the Retiree Committee) may "actively defend against any challenges by an objecting party at such depositions regarding Pension Claims and OPEB Claims and the Plan's treatment of the Classes 10, 11 or 12." [Dkt. No.

- 2 -
200824126.2 14893/165083
13-53846-tjt    Doc 5252    Filed 06/06/14    Entered 06/06/14 21:44:59    Page 2 of 8

4563 at ¶ 6]. The Retirement Systems have every right to actively defend their treatment under the Plan - - particularly when the vast majority of the Plan objections posited by the Objectors attack the "Grand Bargain" and the treatment of Classes 10 and 11, generally. Further, if the City ultimately seeks confirmation of "Alternative B" under the Fourth Amended Plan for the Adjustment of Debts (the "Plan") via cramdown or the Retirement Systems otherwise find themselves adverse to the Plan, the Stipulation provides that the Retirement Systems can recall witnesses for depositions as necessary in order to prepare for trial.

Second, the Retirement Systems, at this time, object to the inclusion of Cynthia Thomas, the Executive Director of the Retirement Systems, as a "Band I" witness. Under the proposed Deposition Protocol, Band I witnesses are subject to a two-day, 14-hour deposition. The Retirement Systems fail to see how Cynthia Thomas rises to the level of witnesses such as Kevyn Orr or Gaurav Malhotra in terms of the amount of relevant testimony that she has to offer. The Objectors have insisted that they require two days for Ms. Thomas because both the DWSD and COPs parties will need substantial time with her. This explanation raises the concern that the Objectors intend to delve into irrelevant areas - - such as the validity of the COPs - - and attempt to use the Plan confirmation discovery process for purposes unrelated to Plan confirmation. To the extent the Objectors can set forth relevant areas of questioning that actually will take two days, the Retirement

- 3 -
200824126.2 14893/165083
13-53846-tjt    Doc 5252    Filed 06/06/14    Entered 06/06/14 21:44:59    Page 3 of 8

Systems will cooperate; however, they remain skeptical of the projected time required for Ms. Thomas' deposition.

## II. Bus Tour

The Retirement Systems do not strongly oppose the bus tour proposed by the City, particularly if the Court feels such a tour would be helpful to its analysis.[2] However, it does appear that the City could present the information in a more efficient manner (for instance, by video). If a bus tour is indeed arranged, the Retirement Systems request to participate in the tour and to be able to hear and receive all information being communicated to the Court on the tour. To that end, it may also be appropriate for such communications to be made available in recorded form on the Court's docket.

## III. Scheduling Order

The Retirement Systems agree in concept that certain dates may need to be moved to ensure that sufficient time is allotted between the date that the official voting tabulation is announced (currently, July 21, 2014) and the commencement of the Confirmation Trial. As to the issue of moving the voting deadlines, the Retirement Systems do not take a position as to whether it is appropriate to move the voting deadline in general for any of the classes, as long as enough time is

---

[2] The Retirement Systems reserve their rights to object to the Motion of the City of Detroit for Site Visit by Court in Connection with the Hearing on Confirmation of the City's Plan of Adjustment [Dkt. No. 5250] on any grounds.

allotted following the tabulation of votes to permit the Retirement Systems and other non-City parties to the Stipulation to adequately prepare for trial, including in the event that the trial involves a potential cramdown of "Alternative B".

The Retirement Systems also believe the Scheduling Order should be amended to include a date for circulation of a proposed confirmation order by the City. The confirmation order is often a very important document in bankruptcy cases, containing important clarifications and modifications of the proposed plan. Particularly in this case, with the number of issues involved and the potentially fluid development of resolutions, it will be very important for parties to receive a draft of the proposed confirmation order significantly in advance of the Confirmation Trial (or, perhaps, at least concurrent with commencement thereof) to ensure that parties have a reasonable amount of time to review and comment on the document (which is likely to be quite lengthy and complex).

## IV. Confirmation Trial Time Allocations

As noted above, the Retirement Systems are in a difficult position given the uncertainty of their position at the Confirmation Trial.[3] The amount of time that they will require at trial differs based upon which scenario they will be operating

---

[3] The Retirement Systems incorporate by reference the reservation of rights the Objectors raised in Paragraph 6 of the Statement and concur that it is premature to be estimating the amount of trial time needed at this point in time given that discovery has barely begun and no depositions have been taken.

under; therefore, they offer the following estimates of time under each scenario: (a) Plan Support, 8-12 hours; and (b) Cramdown/Plan Opposition, 20-25 hours.

Respectfully submitted,

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009

Dated: June 6, 2014

Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | | Related to Doc. No. 4392 |

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 6, 2014, The Detroit Retirement Systems' Comment to Statement of Objectors Addressing Certain Discovery and Trial Issues was filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

          CLARK HILL PLC

          /s/ Robert D. Gordon
          Robert D. Gordon (P48627)
          Shannon L. Deeby (P60242)
          Jennifer K. Green (P69019)
          151 South Old Woodward Avenue, Suite 200
          Birmingham, Michigan 48009
          Telephone: (248) 988-5882
          Facsimile: (248) 988-2502
Dated: June 6, 2014      rgordon@clarkhill.com

          *Counsel to the Police and Fire Retirement*
          *System of the City of Detroit and the General*
          *Retirement System of the City of Detroit*