# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| City of Detroit, Michigan, | Case No. 13-53846 |
|     Debtor. | Hon. Steven W. Rhodes |

## Fifth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment

The City has filed a plan of adjustment and a proposed disclosure statement. To promote the just, speedy, and inexpensive determination of this case as required by Fed. R. Bankr. P. 1001, the Court hereby establishes the procedures, deadlines and hearing dates set forth below.

The Court has carefully considered the latest requests of certain objecting parties to adjourn the confirmation hearing and the associated dates and deadlines. The Court concludes that the record does establish cause for the limited adjournments of hearing dates and the limited extensions of deadlines set forth in this order. However, the Court again concludes that the record fails to establish cause for the lengths of the adjournments and extensions that these creditors have requested.

In exercising its discretion to limit this adjournment as set forth in this order, the Court has considered the interests of the objecting parties in having a full opportunity to prepare for the complex legal and factual issues that will be presented at the confirmation hearing.

The Court has also considered the City's unfortunate delays in producing requested documents and the resulting impairment of the objecting parties' ability to prepare for the scheduled confirmation hearing. At the same time, however, the Court has also considered that to an unfortunate extent, certain document production requests, and especially certain document production requests that Syncora has submitted, have been unreasonable and that these unreasonable document production requests significantly contributed to the delays in the City's document production.

Finally, the Court has also considered the interests of other stakeholders in the prompt resolution of this case. These stakeholders include the City itself and its administration, the State of Michigan, the several creditors who have settled with the City, the City's employees and retirees, and, perhaps most importantly, the residents of the City, southeast Michigan and the State of Michigan.

In its discretion, the Court concludes that a balancing of these interests justifies the limited adjournments and extensions granted herein.

> *Nothing herein excuses any party from the continuing obligation to participate in good faith in any mediation as ordered by Chief Judge Rosen.*
>
> *Further, the Court again strongly encourages all parties to negotiate with full intensity and vigor with a view toward resolving their disputes regarding the treatment of claims in the City's plan of adjustment.*

> **The Court cautions the parties that because of the procedures that the law requires for its consideration of settlements in bankruptcy, there will soon come a date after which further settlements will necessarily result in a delay of the ultimate resolution of the case.**
>
> **Accordingly, all parties should now conduct their negotiations with a strong sense of urgency.**

The Court will hold status conferences regarding the plan confirmation process on the following dates and times:

**June 26, 2014 at 10:00 a.m.**

**July 14, 2014 at 10:00 a.m.**

1. **June 20, 2014** is the deadline:

    **(a)** For all parties to file amended witness lists; however, fact witness depositions shall begin immediately.

    **(b)** For the City to complete its production of documents responsive to the objecting parties' requests. Any further disputes regarding document production will be resolved only upon motion.

2. **June 24, 2014** is the deadline for any affected holder, the water and sewer bond trustee, the ad hoc committee of water and sewer bondholders and the COPs trustee to file a brief in response to any Notice of Asserted Right to Vote a Claim.

3. **June 30, 2014** is the deadline for all parties to file supplemental briefs on the legal issues set forth in this Court's Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures dated June 5, 2014. (Dkt. #5235)

4. **July 2, 2014** is the deadline for any party that filed a Notice of Asserted Right to Vote a Claim to file a reply brief in support of such notice.

5. **July 8, 2014** is the deadline for the City and parties supporting confirmation to file their lists of expert witnesses and to serve copies of expert reports (which shall not be filed).

**6. July 11, 2014** is the deadline:

    **(a)** For plan voting; and

    **(b)** For individual bondholders and individual retirees to file objections to the plan.

**7. July 14, 2014 at 10:00 a.m. will be the date and time of the hearing to determine any disputes arising in connection with any Notices of Asserted Right to Vote a Claim.**

**8. July 15, 2014 will be the date of the hearing on objections to confirmation filed by individuals without an attorney.** The Court will shortly file and serve a notice of this hearing identifying the time and location of the hearing, and the individuals invited to appear.

**9. July 16 and 17, 2014 will be the dates of the hearings on the legal issues set forth in this Court's Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures dated June 5, 2014. (Dkt. #5235)**

**10. July 21, 2014** is the deadline for the City or the balloting agent to file a summary of the results of the tabulation of all ballots and master ballots.

**11. July 25, 2014** is the deadline for objecting creditors to file a list of expert witnesses and to serve copies of rebuttal expert reports (which shall not be filed).

**12. August 4, 2014** is the deadline to complete all depositions of experts and non-experts.

**13. August 5, 2014** is the deadline for any party that filed a timely objection to the plan to file a supplemental objection, but only to the extent that discovery or the results of plan voting give rise to additional or modified objections.

**14. August 8, 2014** is the deadline:

    **(a)** To submit a proposed joint final pretrial order in compliance with LBR 7016-1;

    **(b)** To file pretrial briefs;

    **(c)** For the City to file one combined response to supplemental objections to the plan and to objections filed by individual bondholders and individual retirees. (This may be combined with its pretrial brief.)

**15.** The stipulated orders at Dkts. #4587, #4617 and #4746 shall remain in effect and shall supersede this order.

**16. August 12, 2014 at 9:00 a.m. will be the date and time of the final pretrial conference on plan confirmation.**

17. August 14, 2014 at 8:30 a.m. will be the date and time for the commencement of the hearing on plan confirmation.

Additional plan confirmation hearing dates, as necessary, will be August 15, August 18-22; August 25-29; September 2-5; September 8-12, September 15-19, 2014; September 22-23, 2014. Trial will be conducted from 8:30 a.m. to 5:30 p.m. each day

*At this hearing, in addition to any evidence addressing the factual issues raised in the parties' plan objections, the City shall present evidence establishing the feasibility of its plan as required by 11 U.S.C. § 943(b)(7).*

The City and those parties who support confirmation will be permitted 98 hours to present their case, including opening statements, closing arguments, direct and re-direct examinations of their witnesses and cross examinations and re-cross examinations of objectors' witnesses. Objecting parties will be permitted 98 hours to present their case, including opening statements, closing arguments, direct and re-direct examinations of their witnesses and cross examinations and re-cross examinations of objectors' witnesses. Additional settlements will result in contracting these allocations as appropriate.

The Court requests that counsel on each side meet and confer with a view toward consensually dividing the allotted time for each side. If either side is unable to reach a consensual agreement, the Court will determine the time allotments among the parties on that side.

The dates and deadlines established herein will be extended only on motion establishing extraordinary cause.

This order amends paragraphs 7(a), 9(a), 9(c), 9(d) and 9(e) of the Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment. (Dkt. #2984) However, nothing in this order otherwise amends the Solicitation Procedures Order.

It is so ordered.

.

**Signed on June 09, 2014**

                                              **/s/ Steven Rhodes**
                                              Steven Rhodes
                                              United States Bankruptcy Judge