UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**STATEMENT AND RESERVATION OF RIGHTS OF THE MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO AND SUB-CHAPTER 98, CITY OF DETROIT RETIREES REGARDING (I) STATEMENT OF OBJECTORS ADDRESSING CERTAIN DISCOVERY AND TRIAL ISSUES AND (II) MAY 29, 2014 MINUTE ENTRY CONCERNING DISCOVERY AND TRIAL PRESENTATION ISSUES**

Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees (collectively, "**AFSCME**") through its counsel, hereby files this statement and reservation of rights (the "**Statement**") regarding the (i) Statement of Objectors Addressing Certain Discovery and Trial Issues [Docket No. 5246] (the "**Objector Statement**") filed by certain objector members of the Discovery and Trial Efficiency Committee ("**DETC**"); and (ii) Court's May 29, 2014 minute entry directing the DETC to respond to certain discovery and trial presentation issues (the "**Minute Entry**") and respectfully states as follows:

1. On May 9, 2014, the Court entered the *Order Approving the Stipulation Modifying Certain Deadlines Established in the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtors' Plan of Adjustment* [Docket No. 4587] (the "**Modification Order**").

2. Pursuant to the Modification Order, the Court extended the deadline for AFSCME and other retiree parties to object to the City's plan of adjustment (the "**Plan**") to, at the earliest, June 22, 2014 (or later, assuming the funding commitments from the State of Michigan and DIA settlement parties are made by June 20, 2014).

3. Accordingly, AFSCME has not yet filed or served Plan objections, and reserves any and all rights to do so as set forth in the Modification Order.

4. On May 29, 2014, the Court entered the Minute Entry, which directed the DETC to respond to certain discovery and trial presentation issues, and certain members of the DETC responded to the Minute Entry via the filing of the Objector Statement (certain other parties, along with the City, also responded to the Minute Entry, *see* Docket Nos. 5248, 5247, 5249, 5252, and 5256).

5. Given (i) AFSCME's current Plan objection deadline (as extended pursuant to the Modification Order) and (ii) comments made in the Objector Statement and other pleadings filed in connection with the Minute Entry proposing trial allocations but omitting any proposed trial allocation for

AFSCME, AFSCME files this Statement and requests that any order entered by the Court in connection with the Minute Entry, Objector Statement and related pleadings make clear that it is without prejudice to the rights of AFSCME to participate in the Plan discovery and confirmation trial process, including but not limited to, requesting an appropriate trial time allotment.[1]

6. AFSCME notes that footnote 1 to the Objector Statement attempts to preserve the rights of the Retiree Committee and the Detroit Retirement Systems with respect to discovery procedures, but does not include or reference AFSCME, which is subject to the same Modification Order as the Retiree Committee and the Detroit Retirement Systems. Thus, any language similar to that proposed in footnote 1 of the Objector Statement should make clear that nothing in any discovery or trial protocol shall be construed to limit, restrict or otherwise affect the rights of AFSCME. AFSCME reserves any right it may have to address the legal issues raised by the Court in a subsequent pleading.

Dated: June 9, 2014

                                                 **LOWENSTEIN SANDLER LLP**
By: /s/ *Sharon L. Levine*
Sharon L. Levine, Esq.
Philip J. Gross, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068

---

[1] AFSCME concurs with certain parties that it is premature for the Court or parties now to be estimating the amount of trial time needed at this point, particularly given that AFSCME has not yet even filed its Plan objection (and may not be in position to determine whether this objection will even be filed until July 17, 2014).

(973) 597-2500 (Telephone)
(973) 597-6247 (Facsimile)
slevine@lowenstein.com
pgross@lowenstein.com

-and-

Herbert A. Sanders, Esq.
THE SANDERS LAW FIRM PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 962-0099 (Telephone)
(313) 962-0044 (Facsimile)
hsanders@miafscme.org

-and-

Richard G. Mack, Jr., Esq.
MILLER COHEN PLC
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191
(313) 566-4787 (Telephone)
(313) 964-4490 (Facsimile)
richardmack@millercohen.com

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 9, 2014, the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which provides electronic notification of such filing to all counsel of record.

Dated: June 9, 2014

*/s/ Philip J. Gross*
Philip J. Gross
**LOWENSTEIN SANDLER LLP**
65 Livingston Avenue
Roseland, New Jersey 07068
(973) 597-2500 (Telephone)
pgross@lowenstein.com