UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


In re:                                                                    Chapter 9
City of Detroit, Michigan,                                      Case No. 13-53846
          Debtor.                                                    Hon. Steven W. Rhodes
_____/

## Order Regarding Deposition Protocol[1]

        1.        Overview.  The DTEC Deposition Protocol envisions 3 "bands" of fact witness depositions.

- Band 1 will consist of the so-called "common core" of witnesses who will offer substantial testimony to both DWSD/County and COPs/LTGO creditors, and who are expected to address a substantial portion of the 30(b)(6) topics.  It is comprised of (i) Kevyn D. Orr, (ii) Kenneth A. Buckfire, (iii) John Hill, (iv) Charles M. Moore, (v) Gaurav Malhotra, (vi) Milliman (Glenn D. Bowen), and (vii) Cynthia Thomas.

- Band 2 will consist of (i) the Objecting Parties' depositions of City witnesses (including City consultants) not likely to be 30(b)(6) representatives whom, with limited exceptions noted in paragraph 4 below, the Objecting Parties believe will offer testimony related to a particular creditor group, (ii) the City's depositions of the Objecting Parties' witnesses, and (iii) depositions by the Objecting Parties or the City of non-party witnesses not affiliated with the Objecting Parties or the City.

- Band 3 will be reserved for the Objecting Parties' remaining 30(b)(6) topics not yet addressed in Band 1, which will be taken at the end of discovery.

        This Protocol shall not limit the City's ability to take depositions of the Objecting Parties' witnesses at any time during Band 1, 2, or 3.

        2.        Band 1 Witnesses (Objecting Parties).  The Band 1 witness depositions will operate under the following protocols:

        A.        For each Band 1 witness, the City may allocate to that witness any 30(b)(6) topics that it deems appropriate and allow that witness' deposition to serve both personal and 30(b)(6) purposes. The Band 1 concept is predicated on the assumption that the "common core" witnesses collectively will, in fact, be designated and appropriately prepared to address a substantial portion of the 30(b)(6) topics.

---

[1]  Nothing in this protocol shall be construed to restrict, limit or otherwise affect the rights of the Non-City Parties or the UAW to conduct or participate in any depositions, as set forth in the May 9, 2014 Stipulation, (Dkt. #4587), and the May 12, 2014 Stipulation.  (Dkt. #4617)

B.     With the exception of Cynthia Thomas, whose deposition shall be limited to 7 hours, a Band 1 witness may be deposed for two days total (7 hours each day), unless the City agrees to (or the Court orders) additional time.  The DWSD/County and COPs/LTGO creditors are free to divide that time between them, except there will be a default rule of 7 hours per group if they are unable to agree on an alternative division during the two days of deposition.

3.     <u>Band 2 Witnesses (Objecting Parties and the City)</u>.  Band 2 witness depositions may last up to 7 hours.  Band 2 witnesses may be designated as 30(b)(6) witnesses on certain topics and their depositions may continue through the close of discovery.  Band 2 witness depositions may proceed on 2, 3 or 4 concurrent tracks a day as the circumstance requires.

Based on the information available to them to date, the parties currently anticipate the following Band 2 witness depositions set forth below, and reserve the right to add or subtract witnesses prior to the fact witness discovery cut-off.

A.     DWSD/Counties:

| | |
|---|---|
| Sue F. McCormick (DWSD) | Cheryl Porter (DWSD) |
| Nicolette Bateson (DWSD) | Berin Separia (DWSD) |
| William Wolfson (DWSD) | Bart Foster (DWSD Rate Consultant) |
| Sayed Ali (DWSD) | Vyto Kaunelis (OHM) |
| Stacy Fox | Lee Donner (First Southwest Co.) |

B.     COPs/LTGO:

| | |
|---|---|
| Katherine Warren | Robert Cline |
| Ryan Bigelow | Attorney General Schuette |
| Roger Penske* | Tonya Allen* |
| Daniel Gilbert* | Sean Werdlow |
| Rip Rapson* | 12 Charitable Foundation Witnesses |
| Mayor Duggan | Dave Bing |
| Vanessa Fusco | Caroline Sallee |
| Irwin Corley | DIA 30(b)(6) |
| Graham Beal | Beth Niblock |
| Brenda Jones | Marcell R. Todd, Jr. |
| Gary Evanko | Shani Penn |
| Sonya Mays | Gabriel Roeder 30(b)(6) |
| James Craig | Edsel Jenkins |
| Michael Hall | State of Michigan 30(b)(6) |

C.     DPOA/DFFA

| |
|---|
| James Craig |

13-53846-tjt   Doc 5263   Filed 06/09/14   Entered 06/09/14 17:50:37   Page 2 of 4

D. The City:

| | |
|---|---|
| Simon Bowmer | EEPK |
| Douglas Buckholtz | Oakland County |
| Francis Coughlin | Assured |
| Derek Donnelly | FGIC |
| Sean Werdlow | SBS |
| Claude LeBlanc | Syncora |
| John Williams | Syncora |
| Stephen Spencer | FGIC |
| TBD | Macomb County |
| TBD | 36th District Court |
| TBD | DFFA |
| TBD | DPOA |

D
Depositions marked above with an asterisk not to exceed 3.5 hours in length.

4.  Band 3 Witnesses (Objecting Parties). The Band 3 witness depositions will be reserved for the Objecting Parties' remaining 30(b)(6) topics that were not covered by a Band 1 witness or additional 30(b)(6) topics that arise in the course of discovery.

5.  Lead Questioners. For each deposition noticed by an examining group, the examining group will designate a lead questioner on a particular topic. For a limited number of the depositions of witnesses identified in paragraph 3(B) above (e.g., Mayor Duggan), there may be 1 lead questioner on a particular topic from each creditor group. Other parties may ask questions, but will avoid repeating the questions of the lead questioner.

6.  Modifications. The Objecting Parties and the City may agree to modifications of this DTEC Deposition Protocol as to matters relating to the scheduling, duration and conduct of any particular deposition. The Objecting Parties and the City acknowledge that given the time and circumstances under which this DTEC Deposition Protocol has been developed, it may require some flexibility in its application as the case develops, and nothing in this DTEC Deposition Protocol should be construed as foreclosing such flexibility.

7.  No Prejudice. Nothing in this DTEC Deposition Protocol should be construed as a waiver of any objections that any party may have raised regarding, or as any party's consent to, the schedule for this case or any rulings or proposals made as to the conduct of discovery in this case, and the development of this DTEC Deposition Protocol pursuant to the Court's request is without prejudice to all such positions.

The Court accepts and approves this Protocol. It is so ordered.

.

**Signed on June 09, 2014**

_/s/ Steven Rhodes_
**Steven Rhodes**
**United States Bankruptcy Judge**