# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

------------------------------------------------------- x
In re                                   :   Chapter 9
                                        :
                                        :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,              :
                                        :   Hon. Steven W. Rhodes
                    Debtor              :
------------------------------------------------------- x

## MOTION OF THE CITY OF DETROIT FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3007 APPROVING CLAIM OBJECTION PROCEDURES

The City of Detroit (the "City"), by and through its undersigned counsel, files this motion (the "Motion") seeking entry of an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving certain claim objection procedures. In support of this Motion, the City respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND FACTS

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of*

*Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11) and the Court-approved *Fourth Amended Disclosure Statement With Respect to the Fourth Amended Plan of Adjustment for the Debts of the City of Detroit* filed on May 5, 2014 (Docket No. 4391 – Disclosure Statement; Docket No. 4401 - Order Approving Disclosure Statement).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file certain proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").[1]

6. As of the date of this Motion, approximately 3,800 Proofs of Claim have been filed against the City in the aggregate amount of approximately $24,290,790,854.57 (not including unliquidated claims).

7. The City is currently soliciting votes on its Fourth Amended Plan For Adjustment of the Debts of the City of Detroit (Docket No. 4392) ("the Plan"). The Confirmation Hearing is set to begin in July. If the Plan is confirmed, the City hopes to make distributions to creditors as promptly as reasonably possible consistent with the terms of the Plan.

---

[1] The Bar Date Order provided that the deadline for filing governmental claims was 180 days after the Order for Relief was entered (*i.e.*, June 2, 2014), and also excepted certain claimants from needing to file Proofs of Claim in certain cases.

## RELIEF REQUESTED

8. By this Motion, the City requests, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3007, entry of an order, substantially in the form annexed hereto as Exhibit 1, approving certain claim objection procedures intended to streamline the claims process and conserve the City's and the Court's resources (the "Claim Objection Procedures").

## CLAIMS AGAINST THE CITY

9. With the Bar Date now passed and confirmation of the Plan approaching, the City has begun its claims resolution process. Due to the large number of claims filed in these cases, the City expects to object to many of the approximately 3,800 Proofs of Claim filed in this case.

10. Bankruptcy Rule 3007(d) permits omnibus objections to multiple claims only in specified circumstances for certain types of objections. Because of the large number of Proofs of Claim, the City seeks to file omnibus objections to certain Proofs of Claim beyond the categories in Bankruptcy Rule 3007(d) (the "Omnibus Objections") in accordance with the Claim Objection Procedures requested herein.

## PROPOSED CLAIM OBJECTION PROCEDURES

11. As part of the claims administration process, each Proof of Claim filed in this case must be reviewed because a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

12. Bankruptcy Rule 3007(d) allows a debtor to file an omnibus objection when the basis for the objection is that the claims subject to objection:

    a.    duplicate other claims;

    b.    have been filed in the wrong case;

    c.    have been amended by subsequently filed proofs of claim;

    d.    were not timely filed;

  e.  have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

  f.  were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance;

  g.  are interests, rather than claims; or

  h.  assert priority in an amount that exceeds the maximum amount under section 507 of the Code.

*Id.* 3007(d). Moreover, Bankruptcy Rule 3007(e) provides that a debtor may file an omnibus objection on these grounds for up to 100 claims at a time. *Id*. 3007(e).

  13.  The City has objected, and anticipates that it will object, to a number of Proofs of Claim on the grounds set forth in Bankruptcy Rule 3007(d). However, the City also believes that it would be most efficient to object to other Proofs of Claim on an omnibus basis on additional grounds not set forth in Bankruptcy Rule 3007(d), including, for example, that a claim does not agree with the City's books and records, that the claimant did not provide sufficient documentation to support the validity of the Proof of Claim, that a Proof of Claim has not identified a valid basis for any liability, that a Proof of Claim improperly asserts a priority or a secured claim, that a Proof of Claim has been addressed by the Plan or otherwise is not subject to the claims process in this case.

  14.  Preparing and filing individual pleadings for each objection not specifically set forth in Bankruptcy Rule 3007(d) would be unnecessarily time consuming and costly and would clog the docket with numerous duplicative pleadings. Consequently, the City believes that objecting to multiple claims in an omnibus motion on grounds in addition to those set forth in Bankruptcy Rule 3007(d) will ease the administrative burden on the Court and the City and conserve resources. Accordingly, the City requests that, in addition to the grounds enumerated in Bankruptcy Rule 3007(d), it, and other parties in interest, be permitted to file Omnibus

Objections seeking reduction, reclassification, or disallowance of claims on one or more of the following grounds (collectively, the "Additional Permitted Grounds"):

    a.    the amount claimed contradicts the City's books and records;

    b.    the claims were incorrectly classified;

    c.    the claims do not identify a valid basis for any liability of the City;

    d.    the claims do not include sufficient documentation to ascertain the validity of such claim or fail to specify the asserted claim amount (other than "unliquidated"), to the extent not already covered by Bankruptcy Rule 3007(d)(6);

    e.    the claims have been addressed by the Plan or otherwise are not subject to the claims process in this case

    f.    the claims have been settled, waived or withdrawn pursuant to an agreement with the City;

    g.    the claims are objectionable under section 502(e)(1) of the Bankruptcy Code; and

    h.    the claims are objectionable under section 502(d) of the Bankruptcy Code.

15.    The City will comply with Bankruptcy Rule 3007 in all other respects. Without limiting the foregoing, each of the Omnibus Objections will:

    a.    state in a conspicuous place that claimants receiving the objection should locate their names and claims in the objection;

    b.    list claimants alphabetically, provide a cross-reference to claim numbers, and, if appropriate, list claimants by category of claims;

    c.    include the asserted amount of each claim, the classification of the claim (*i.e.*, unsecured, priority, administrative expense, or secured);

    d.    state the grounds of the objection to each claim and provide a cross-reference to the pages in the Omnibus Objection pertinent to the stated grounds;

    e.    state in the title the identity of the objector and the grounds for the objections;

f. include the amount, if any, proposed as the allowed amount of each claim and the classification (i.e., unsecured, priority, administrative expense, or secured, or Plan class) the City believes should be afforded to the claim;

g. be numbered consecutively with other Omnibus Objections filed by the same objector; and

h. contain objections to no more than 100 claims.

16. In addition to the foregoing, the City will support each Omnibus Objection filed on one of the Additional Permitted Grounds by a declaration.

17. The City further requests that in the event a timely response is filed to any Omnibus Objection, the initial hearing set by the Court be a non-evidentiary hearing.

18. The City also requests that once entered, any order sustaining an Omnibus Objection shall be a final order for each claim referenced in the Omnibus Objection as if an individual objection had been filed for such claim.

**BASIS FOR THE RELIEF REQUESTED**

19. Bankruptcy Rule 3007(c) authorizes this Court, in its discretion, to authorize Omnibus Objections based upon grounds beyond those set forth in Bankruptcy Rule 3007(d). *See* Fed. R. Bankr. P. 3007(c) ("Unless otherwise ordered by the court or permitted by subdivision (d), objections to more than one claim shall not be joined in a single objection." Fed. R. Bankr. P. 3007(c). In addition, section 105(a) of the Bankruptcy Code provides, in pertinent part, that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]." 11 U.S.C. § 105(a). Under section 105(a), the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See, e.g., In re ATD Corp.,* 352 F.3d 1062, 1066 (6th Cir. 2003) (holding that a bankruptcy court has broad equitable powers to issue orders which are not inconsistent with the Bankruptcy Code); *Chinichian v. Campolongo (In re*

*Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

20. Authorizing the City to file Omnibus Objections on the Additional Permitted Grounds is an appropriate use of the Court's power under section 105 and is consistent with the purpose of Bankruptcy Rule 3007, which is intended to protect the due process rights of creditors while allowing for the efficient administration of large cases. Indeed, Bankruptcy Rule 3007(c) already grants this Court the authority to allow such filings. Allowing the City to file Omnibus Objections to 100 claims at a time on the Additional Permitted Grounds will not prejudice the rights of creditors. Further, Bankruptcy Rule 3007(e) already allows the City to file Omnibus Objections to no more than 100 claims, albeit on other grounds, and the City will comply with Bankruptcy Rule 3007 in all other respects to preserve the due process rights of each creditor.

21. Granting the City authority to file Omnibus Objections on the Additional Permitted Grounds will allow it to complete the claims administration process timely and efficiently. The ability to file Omnibus Objections on the Additional Permitted Grounds obviates the need for the City to prepare and file, and the Court to review, hundreds (or more) of individual objections—a time consuming, expensive and potentially duplicative endeavor for the City and an unnecessarily burdensome task for the Court.

22. Further, allowing the City to file Omnibus Objections will enhance the rights of creditors by expediting the claims process, promoting the prompt resolution of claim disputes and

4825-6451-9963.4

13-53846-tjt    Doc 5270    Filed 06/10/14    Entered 06/10/14 13:56:31    Page 7 of 9

thereby assisting in resolving claims for distributions under the Plan. Accordingly, the Court should authorize the City to file Omnibus Objections on the Additional Permitted Grounds.

23. Bankruptcy courts throughout the country have granted relief similar to the relief the City is seeking by this Motion. *See e.g., In re Patriot Coal Corp. et. al.*, (Case No. 12-51502) (Bankr. E.D. Mo. Mar. 1, 2013) [Docket No 3021]; *In re AMR Corp., et. al.,* (Case No. 11-15463) (Bankr. S.D.N.Y. Sept. 21, 2012) [Docket No. 4654]. Additionally, the United States Bankruptcy Court for the District of Delaware has a local rule (Local Rule 3007-1) which allows omnibus claims objections to be filed on many of the Additional Permitted Grounds sought herein.

24. The City reserves the right to seek modification of the Claim Objection Procedures as it deems appropriate.

## RESERVATION OF RIGHTS

25. The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NO PRIOR REQUEST

26. No previous request for the relief sought has been made by the City to this or any other Court.

## NOTICE

27. Notice of this Motion has been provided to all parties who have requested notice pursuant to Bankruptcy Rule 2002. In view of the facts and circumstances, such notice is sufficient and no other or further notice need be provided.

WHEREFORE the City respectfully requests entry of an order granting the relief requested and such other and further relief as is just.

Dated: June 10, 2014

FOLEY & LARDNER LLP

By: */s/ Tamar N. Dolcourt*
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
*Counsel for the City of Detroit, Michigan*

4825-6451-9963.4