# UNITED STATES BANKRUPTCY COURT

__Eastern__ District of __Michigan__

In re __City of Detroit Michigan__
Debtor

Case No. __13-53846 SWR__

Chapter __9__

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Detroit Library Commission, Detroit Public Library, 5201 Woodward Ave., Detroit MI 48202
*(Name of person to whom the subpoena is directed)*

[x] *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: see attached

| PLACE | UAW Office | DATE AND TIME |
|---|---|---|
| | 8000 East Jefferson Avenue, Detroit Michigan 48214 | 06/26/2014 10:00 am |

The deposition will be recorded by this method: court reporter

[ ] *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __06/04/2014__

CLERK OF COURT

OR

_____     _____/s/ Peter DeChiara_____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
International Union, UAW, who issues or requests this subpoena, are:
Peter DeChiara, 330 W. 42nd St., New York, NY 10036; pdechiara@cwsny.com; 212-356-0216

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE

(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

CITY OF DETROIT, MICHIGAN,　　　　　　　　　Chapter 9

　　　　　　　Debtor.　　　　　　　　　　　　Case No. 13-53846
　　　　　　　　　　　　　　　　　　　　　　　Honorable Steven W. Rhodes

## ATTACHMENT TO SUBPOENA *AD TESTIFICANDUM*

The International Union, UAW ("UAW") hereby requests, pursuant to Federal Bankruptcy Rule 7030 and Federal Rule of Civil Procedure 30(b)(6), that the Detroit Library Commission ("DLC") produce a witness to testify regarding the subjects set forth below at a deposition upon oral examination at the offices of the UAW, 8000 East Jefferson Avenue, Detroit, Michigan 48214 on June 26, 2014 beginning at 10:00 am.

<u>Subjects</u>:

1. the status of the Detroit Library Commission ("DLC") as an entity separate from the City of Detroit ("City");

2. the number of active DLC employees, deferred vested former DLC employees and retired DLC employees who since 2009 are or were participants in the General Retirement System of the City of Detroit ("GRS");

3. the number of active DLC employees, deferred vested former DLC employees and retired DLC employees who since 2009 are or were receiving or entitled to receive retiree health, retiree life or other post-employment benefits ("OPEB");

00325160.1

4. contributions made each year since 2009 to the GRS on behalf of GRS participants who are or were active, deferred vested or retired DLC employees, including which persons or entities made such contributions and the amounts of such contributions made by each person or entity;

5. contributions or payments made each year since 2009 for OPEB for active, deferred vested or retired DLC employees, including which persons or entities made such contributions or payments and the amounts of such contributions or payments made by each person or entity;

6. the amount of GRS's accrued liabilities attributable or allocable to GRS participants who are or were active, deferred vested or retired DLC employees and the funding status of such liabilities;

7. the amount of any liability, costs or expenses related to OPEB for active, deferred vested or retired DLC employees and the funding status of any such liability, costs or expenses;

8. any discussions, communications, agreements, conclusions, resolutions or understandings among or between the GRS, the DLC, the City, the City's Emergency Manager and/or the State of Michigan ("State") (including the State's agencies and/or its officers) and/or the counsel, employees or agents of the aforementioned entities (including City counsel Jones Day), regarding the actual or potential impact or effect of the City's Chapter 9 bankruptcy on the pensions or OPEB of active, deferred vested or retired DLC employees or upon the obligations or liabilities, costs or expenses of the DLC, the City or the State concerning such pensions or OPEB;

9. any alleged contingent liability that the City may have for contributions, payments, pension benefits or OPEB of active, deferred vested or retired DLC employees.