# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
 Debtor. : Hon. Steven W. Rhodes
------------------------------------------------x

**OBJECTION AND BRIEF IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND RULING THAT CLAIM IS NOT SUBJECT TO REDUCTION OR COMPROMISE IN BANKRUPTCY FILED BY HRT ENTERPRISES**

The City of Detroit ("City") files this Objection and Brief in Opposition to the Motion for Relief from the Automatic Stay and Ruling that Claim is Not Subject to Reduction or Compromise in Bankruptcy ("Motion") filed by HRT Enterprises ("HRT"). In support of this Objection, the City respectfully represents as follows:

## I. INTRODUCTION

The Motion should be denied because HRT's alleged 42 U.S.C. § 1983 claim has been referred to mandatory mediation by this Court pursuant to its alternative dispute resolution procedures order. HRT does not attempt to distinguish its claims from those required to be mediated by the order nor does it assert that its interests will not be protected in mediation. As such, no cause exists to exempt HRT from the mandatory mediation process. Further, although couched as a request for relief from the automatic stay, the Motion further seeks a declaratory ruling that HRT's claim is "not subject to reduction or compromise" in the City's chapter 9 bankruptcy case. HRT's motion for a "ruling" is procedurally improper because HRT objected to the plan's treatment of its claim and the Court identified this legal issue as one that will be

decided in connection with confirmation.  It would thus be procedurally improper and unnecessary for the Court to decide this legal issue outside of the plan confirmation process.  HRT should not be granted relief from stay to continue its §1983 litigation nor should this Court decide -- in the context of this Motion -- whether HRT's claim is subject to reduction or compromise in bankruptcy.

II.     BACKGROUND

   A.     HRT's § 1983 Action

On August 21, 2012, HRT filed a complaint ("Complaint") against the City of Detroit in the United States District Court for the Eastern District of Michigan ("District Court Lawsuit").  The Complaint is attached to the Motion as Exhibit 1.  The Complaint alleges that HRT owns property located near the Detroit City Airport and that the City took or interfered with HRT's property rights.  Each of the four counts in the Complaint alleges that HRT is entitled to recover compensation from the City under 42 U.S.C. § 1983.  Complaint ¶¶ 120, 128, 135, 145.

HRT filed an earlier state court inverse condemnation lawsuit against the City in 2002 based on these same basic facts.  *Id.* ¶ 4.  After a trial in 2005, the jury entered a verdict in the City's favor.  *Id.* ¶ 5.  In 2009, HRT then filed a second lawsuit against the City, this time in U.S. District Court.  *Id.* ¶ 10.  HRT alleged that based on new events since the jury verdict in 2005, its property had been inversely condemned.  *Id.* ¶ 10.  This suit was dismissed.  *Id.* ¶ 11-13.  HRT then filed yet another lawsuit in state court but this suit was also dismissed.  *Id.* ¶ 13.  The dismissal was affirmed by the Michigan Court of Appeals in July 2012.  *Id.* ¶ 13.  Undaunted, HRT then commenced the current District Court Lawsuit.

B. **HRT's Motion**

On May 27, 2014, HRT filed the Motion, alleging that stay relief is necessary because its claims against the City asserted in the District Court Lawsuit "are disputed and need to be quantified and liquidated." Motion ¶ 9.

The Motion is similar to a previous stay relief motion filed by the same law firm on behalf of T&T Management, Inc., as Successor to Merkur Steel Supply, Inc. ("T&T Management"). [Doc. No. 2669]. As set forth in the Complaint, T&T Management was HRT's tenant. Complaint ¶ 38. T&T Management obtained a judgment against the City based upon inverse condemnation in 2002. Complaint ¶ 41. The T&T Management stay relief motion similarly requested a ruling that its claim was not subject to reduction or compromise. The City objected to the motion and the Court entered an order denying it for lack of cause shown. [Doc. Nos. 2734 & 2757]. The order provided that it was without prejudice to T&T Management's right to object to the treatment of its claim in the City's proposed plan of adjustment.

On April 1, 2014, both T&T Management and HRT filed objections to the City's proposed plan of adjustment. [Doc. No. 3412]. Similar to the assertions in both stay relief motions, the objection argues that claims based on alleged takings may not be reduced or adjusted by the City's plan of adjustment. Unlike T&T, HRT has not yet prevailed in any of its lawsuits in imposing liability upon the City.

On June 5, 2014, this Court entered its Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures ("Order Identifying Legal Issues"). [Doc. No. 5235]. One of the issues identified by the Court was "Whether § III.B.3.u.i. of the Plan violates the Fifth or Fourteenth Amendments in that it impairs the relief available to parties whose property has been taken by condemnation or inverse condemnation."

Order Identifying Legal Issues ¶ 3. This is, of course, the issue seemingly posited by HRT and T&T in their respective motions.

### C. The ADR Order

On December 24, 2013, this Court entered the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims ("ADR Order"), which approved the Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1. [Doc. No. 2302]. ADR Order ¶ 6. The ADR Order provides that:

> Notwithstanding anything in this Order, the "ADR Procedures" that this Order approves (Annex 1), or in the ADR Procedures Motion, all lawsuits alleging claims against the City, its employees or both under 42 U.S.C. § 1983 that are pending in the United States District Court are referred to Chief United States Judge Gerald Rosen for mediation under such procedures as he determines.

ADR Order ¶ 20. This Court previously interpreted paragraph 20 in the context of motion for relief from the automatic stay. Order Denying Motion for Relief from Automatic Stay at 2 [Doc. No. 4542]. In that order, the Court denied the movant relief from the automatic stay because he both failed to explain why his interests would not be protected in mediation and also to distinguish his section 1983 claims from those covered by paragraph 20 of the ADR Order. *Id.*

Moreover, the ADR Procedures also provide that "property damage claims" constitute Initial Designated Claims. ADR Procedures ¶ I.A. Under the ADR Procedures

> For the period commencing on the date of entry of the ADR Order until the date that is 119 days after the General Bar Date[1] (the

---

[1] The General Bar Date was 4:00 p.m., Eastern Time, on February 21, 2014. *See* Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof ("Bar Date Order"). [Doc. No. 1782].

4

> "Initial Designation Period"), any Designated Claimant holding an Initial Designated Claim (and any other person or entity asserting an interest in such claim) shall be enjoined (the "Initial Injunction") from filing or prosecuting, with respect to such Initial Designated claim, any motion (a "Stay Motion") for relief from either (1) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court…

ADR Procedures ¶ I.B.

## III. ARGUMENT

### A. HRT's Claim was Referred to Mediation

Pursuant to paragraph 20 of the ADR Order, HRT's claim was automatically referred to mediation. The Complaint is pending in United States District Court, the City is a defendant and the basis for the claim is 42 U.S.C. § 1983. Complaint ¶¶ 120, 128, 135, 145. Further, HRT both failed to allege why its interests would not be sufficiently protected in mediation and to state any basis to distinguish its claims from those covered by paragraph 20 of the ADR Order. As such, no cause exists to grant the Motion and it should be denied.

### B. HRT's Motion Fails on Procedural Grounds

HRT also may not obtain a "ruling" that its claim is "not subject to reduction or compromise in bankruptcy" by merely filing the Motion. The proper procedural path is to either contest its plan treatment (as HRT has done) or to file an adversary proceeding under Bankruptcy Procedure 7001(9).[2] As set forth above, this Court has designated this issue in its Order Identifying Legal Issues. HRT will have a full and fair opportunity to argue that its claim may not be reduced or compromised in connection with plan confirmation. HRT is not entitled to two bites at the apple.

---

[2] The City expressly reserves, and does not waive, all procedural and substantive arguments with respect to any adversary proceeding initiated by HRT.

5

Finally, the Motion should also be denied because it was filed in violation of the injunction set forth in the ADR Order. HRT's claim is an "Initial Designated Claim" pursuant to the ADR Order because the Complaint alleges property damage claims. As such, HRT was enjoined from filing a motion for relief from stay until 119 days after the General Bar Date.[3] HRT's Motion should thus be denied.

## IV.  CONCLUSION

WHEREFORE, the City respectfully requests that this Court: (a) deny the Motion; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: June 10, 2014

Respectfully submitted,

By: /s/Timothy A. Fusco
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
Timothy A. Fusco (P13768)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

David G. Heiman (OH 0038271)

---

[3] As noted above, this Court previously denied a similar stay relief motion filed by T&T Management. [Doc. No. 2757]. The City objected to that motion because it was filed in violation of the injunction set forth in the ADR Order. [Doc. No. 2734]. Failure to comply with the ADR Procedures may result in the disallowance and expungement of the violating party's claim and an award of attorneys' fees, other fees and costs to the City. ADR Procedures II.G. As T&T Management and HRT are both represented by the Demorset law firm and this law firm has now filed a second motion in violation of the injunction, the City reserves all of its rights under the section II.G of the ADR Procedures.

6

Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT