UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | : | |
|---|---|---|
| In re: | : | Chapter 9 |
| | : | |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 |
| | : | |
| Debtor. | : | Hon. Steven W. Rhodes |
| | : | |

## MOTION FOR COSTS RELATING TO CLAWBACK
## OF DEBTOR'S DOCUMENT PRODUCTION

Pursuant to this Court's *Order Granting Motion to Compel Full Clawback of Debtor's Document Production and Related Relief* dated May 13, 2014 [Docket 4710] (the "<u>Clawback Order</u>"), Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("<u>Assured</u>"), hereby moves this Court for entry of an Order requiring Debtor City of Detroit, Michigan (the "<u>City</u>") to pay the reasonable expenses that Assured incurred in (a) seeking the Clawback Order in order to remedy the City's improper production on May 6, 2014 of privileged mediation-related documents, and (b) complying itself with the requirements of the Clawback Order.

### JURISDICTION

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2)(A) and (L).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## GENERAL BACKGROUND

2.  On May 6, 2014, the City produced documents in response to requests that it received from all parties (the "Production").  The Production, however, contained numerous privileged and confidential documents related to mediation efforts between the City and various parties, in violation of this Court's August 13, 2013 *Mediation Order* [Docket No. 322], which provided that "[a]ll proceedings, discussions, negotiation, and writings incident to mediation shall be privileged and confidential, and shall not be disclosed, filed or placed in evidence."  (Emphasis added).

3.  After the City failed to properly and timely claw back the Production notwithstanding Assured's demand that it do so, Assured was forced to file a *Motion To Compel Full Clawback Of Debtor's Document Production And Related Relief* [Docket No. 4560] (the "Clawback Motion") on May 9, 2014, with an accompanying *Ex Parte Motion for Shortened Notice and Expedited Hearing with Respect to Motion To Compel Full Clawback Of Debtor's Document Production And Related Relief* [Docket No. 4559].  The Clawback Motion was filed on behalf of several creditors, but Assured took the lead with respect to drafting and filing

the Clawback Motion. The Clawback Motion was set for hearing on May 12, 2014.

4. After hearing oral argument from counsel to Assured and the City on May 12, 2014, this Court granted the Clawback Motion and on May 13, 2014 entered the Clawback Order. The Clawback Order ordered all parties that had received the Production with 24 hours after the entry of the Clawback Order to return the original of the Production, to purge all electronic copies thereof, destroy all physical copies thereof, and to destroy work product reflecting the contents of documents from the Production (subject to certain exceptions), and to file certifications of having done so. (Clawback Order ¶¶ 2-4.)

5. The Clawback Order also specifically provided that "[a]ny party who seeks reimbursement of expenses resulting from the recall of the Production, including all fees and expenses incurred in connection with bringing the [Clawback Motion], including without limitations conferring with the debtor and prosecuting the [Clawback Motion]" to file a motion with the Court. (Clawback Order ¶ 9.)

6. Assured incurred expenses resulting from the recall of the Production, including the fees and expenses of its counsel incurred (a) in connection with bringing the Clawback Motion, (b) conferring with the City in connection with the Clawback Motion, (c) prosecuting the Clawback Motion, (d) complying with the Clawback Order, and (e) in the wasted time and effort to process and load the

electronic Production onto its computer systems, which had to be repeated when the City later made a replacement production in response to the Clawback Order.

7. Assured's foregoing expenses totaled $45,038.54. A breakdown of these expenses is attached as <u>Exhibit A</u>. This breakdown shows expenses for attorneys' fees with detail for date, narrative description, number of hours, billing rate and total; similar detail for expenses of time spent by counsel's technical personnel; and out-of-pocket expenses.

## **RELIEF REQUESTED**

8. Assured respectfully requests that the Court issue an Order requiring the City to pay Assured's expenses resulting from the recall of the Production, in the amount of $45,038.54.

## **BASIS FOR RELIEF**

9. The Clawback Order expressly provided that parties by motion could "apply for reimbursement of expenses resulting from the recall of the Production, including all fees and expenses incurred in connection with bringing the [Clawback Motion], including without limitations conferring with the debtor and prosecuting the [Clawback Motion]." (Clawback Order ¶ 9.) As detailed above, Assured has incurred such expenses and thus is entitled to reimbursement thereof.

10. The reimbursement of such costs is required under Federal Rule of Civil Procedure 37(a)(5), made applicable in bankruptcy by Federal Rule of

Bankruptcy Procedure 7037 and 9014. If a Civil Rule 37 motion is granted, the court "must" award the movant's attorney fees incurred in making the motion unless, among other things, the non-moving party's failure was "substantially justified." *See Beltran v. McLean*, 2014 U.S. Dist. LEXIS 37283, *17 (E.D. Mich. Mar. 21, 2014). The Court need not determine that the non-moving party acted out of willfulness or bad faith in order to find a lack of substantial justification. *See DeVaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993); *Stratton v. Lister (In re Lister)*, 2010 Bankr. LEXIS 6444 (Bankr. E.D. Cal. Mar. 22, 2010) ("'Excusable neglect' is not 'substantial justification.'").

11. The award of Assured's reasonable expenses in bringing the Clawback Motion and in complying with the Clawback Order is appropriate here. As stated on the record on May 12, 2014 (*see* 5/12/14 Tr. at 28-29), the City produced at least 120 privileged documents in direct violation of this Court's Mediation Order. It appears from the City's subsequent re-production, however, that the City may have removed in the range of some 1,800 documents, replacing them with pages bearing the notation "Intentionally Left Blank". There was no substantial justification for the City's improper production of documents in violation of the Court's Mediation Order, nor any justification for the City's failure to timely cure its errors in response to Assured's demand.

WHEREFORE, Assured respectfully requests that the Court issue an Order requiring the City to pay Assured's reasonable expenses incurred in making the Clawback Motion and in complying with the Clawback Order, including attorneys' fees, in the amount of $45,038.54.

Dated:  June 16, 2014

Respectfully submitted,

By:  /s/ *Lawrence A. Larose*
Lawrence A. Larose
Samuel S. Kohn
Robert A. Schwinger
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone:  (212) 408-5100
llarose@chadbourne.com
skohn@chadbourne.com
rschwinger@chadbourne.com

*Counsel for Assured Guaranty Municipal Corp.*