UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:

CITY OF DETROIT, MICHIGAN      Case No. 13-53846
     Chapter 9
_____ Debtor  /      Hon. STEVEN W. RHODES

**RESPONSE BY HYDE PARK COOPERATIVE
TO OBJECTION BY THE CITY OF DETROIT, PURSUANT
TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE,
BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1
TO PROOF OF CLAIM 2651 FILED BY HYDE PARK
CO-OPERATIVE DOCKET # 4886**

Now comes Kurt Thornbladh P25858 and Thornbladh Legal Group PLLC and Becker & Wasverly, P.L.L.C., who hereby appear as Counsel of Record for the Creditor Hyde Park Cooperative, and says:

1. Admitted that the City of Detroit filed bankruptcy on July 18, 2013.
2. No response is required as this argument is not relevant to the matter before the Court.
3. No response is required as this argument is not relevant to the matter before the Court.
4. No response is required as this argument is not relevant to the matter before the Court.
5. Denied:

   A. At the behest of the City Law Department, a motion was filed by the Creditors to include a constitutional claim under the Headlee Amendment (Mich. Const. 1963, Art. IX, §§ 25 and 31). See Appendix Exhibit A.

   B. Since this case involves a constitutional issue under the state constitution, the Court should remand the matter to state Court for a determination of the amount of liability.

6. Admitted.

7. At the date of filing the Creditors had and continue to have a case pending in the Wayne County Circuit Court entitled Hyde Park Cooperative et al v. City of Detroit, by and through its Building, Safety and Engineering Department, Case No. 10-005687-CZ (Filed May 18, 2010), and further:

    A. This case is a statutory claim under MCL 125.401, et seq., ("Housing Law"), Michigan Const. 1963, Art. IX, §§ 25 and 31 ("Headlee Act") and under the Ordinances of the City of Detroit, Detroit Property Maintenance Code, Chap. 9..

    B. This was and is a complaint by multiple unit housing projects aggrieved by the inflated and unreasonable inspection fees charged by the Defendant, City of Detroit Building, Safety and Engineering Department.

    C. There was and is a timely pending motion for class action certification in state court (See Appendix Exhibit B); however prior to determination of this class certification motion, the case was dismissed by the trial court, then appealed to the Michigan Court of Appeals, (See Appendix Exhibit C, Order of Michigan Court of Appeals) and ultimately reinstated by the Michigan Supreme Court and remanded to the trial court. (See Appendix Exhibit D).

    D. Prior to determination by the trial court upon remand, the City filed its Chapter 9 petition, and the trial court stayed proceedings.

    E. The Creditors have requested the City to Lift the Automatic Stay and remand to the Wayne County Circuit Court, but to date the City has not responded and has ignored this reasonable request.

    F. The attorneys for the Creditors and the City Law Department have been in negotiation for settlement of this matter.

G. Pursuant to the Order of the Court the Creditors filed proofs of claim both individually and as class representative members before the bar date set by the Court stating the amount of claims in the state litigation.

H. The excessive and unreasonable charges by the City have continued to date, and the Creditors have received inquiries from additional non-parties to join in the litigation

8. Denied as untrue:

A. Creditor has filed a timely motion for certification of class claim.

B. Even if the Creditor were denied class certification, it would still be allowed to pursue its individual claim..

9. The creditor is the victim of a discreet series of civil wrongs inflicted upon it by the City, and is entitled to submit a proof of claim.

10. Denied; Reid v. White Motor Company, 886 F.2nd 1462 (6th Cir., 1989) does not require a motion for class certification by the bar date, and further Creditor has filed a motion for class certification. The other case cited does not contradict Reid and is not controlling authority.

11. Denied, and to the extent the Court lacks jurisdiction it is under the Rooker-Feldman doctrine under which the federal bankruptcy court lacks jurisdiction to decide contrary to the state court on issues of law already ruled upon in the case, and therefore the case should be remanded to state court under abstention; even if this were not so, the creditor should not lose its individual claim because it is a representative party in a class action.

12. Creditor has no wish to interfere with the reservation of rights under Section 904 of Title 11, United States Code, and further reserve their rights under the Due Process Clause of the Vth and XIVth Amendments of the U.S. Constitution and the Due Process Clause of the Michigan Constitution.

-3-

13-53846-tjt    Doc 5340    Filed 06/17/14    Entered 06/17/14 13:46:44    Page 3 of 4

13. The City argues it has the right to supplement or amend its pleadings, but it ignores the right of the creditor to file appropriate amendments to its proof of claim.

14. Admitted.

15. Denied; the allegation of the City appears to ignore the underlying state court proceeding; and further, there are ongoing violations of law by the City which occurred after July 18, 2013 and Creditors are entitled to their remedies thereunder.

Wherefore Creditors pray the Objection # 4886 may be DENIED.

For the Creditors
By:/s/ Kurt Thornbladh
KURT THORNBLADH P25858
Thornbladh Legal Group PLLC
7301 Schaefer
Dearborn, MI 48126
(313) 943 2678
kthornbladh@gmail.com

By: /s/ Mark K. Wasvary
MARK K. WASVARY P51575
Becker & Wasvary, P.L.L.C.
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667
markwasvary@hotmail.com

Dated: June 3, 2014