Carl Becker and Mark Wasvary have also recently received preliminary approval as class counsel in the matter of <u>Woodside Square Limited Partnership v City of Romulus v County of Wayne</u> in the Wayne County Circuit Court, case number 09-019233-CZ. That class also consists of owners of multi-family residential housing.

### Maintenance of the Action as a Class Action

### Will be Superior to Other Available Methods - MCR 3.501(A)(1)(e)

MCR 3.501(A)(1)(e) requires that the maintenance of the action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice. To determine whether a class action is a superior form of action a trial court must consider the following requirements under MCR 3.501(A)(2);

> a) whether the prosecution of separate actions by or against individual members of the class would create a risk of,
> (I) inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; or
> (ii) adjudication with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests;
> (b) whether final equitable or declaratory relief might be appropriate with respect to the class;
> (c) whether the action will be manageable as a class action;
> (d) whether in view of the complexity of the issues or the expense of litigation the separate claims of individual class members are insufficient in amount to support separate actions;
> (e) whether it is probable that the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action; and
> (f) whether members of the class have a significant interest in controlling the prosecution or defense of separate actions.

<u>A & M Supply Company</u> at 602. MCR 3.501(A)(2).

First, the prosecution of separate actions could create inconsistent or varying

10

adjudications and thus substantially impairing or impeding the ability of others to protect their interests. As to the issue of liability, all proposed class members are identically situated. The only variable is the amount of damages. The Plaintiffs in this matter and the counsel representing Plaintiffs are the first to bring an action of this kind and are best situated to achieve the best possible results in this litigation. Thus, MCR 3.501(A)(2)(a) is satisfied.

Second, final equitable relief is appropriate with respect to the class. Ultimately Plaintiff believes that this lawsuit will result in the cessation of the illegal charges and a refund to the class members. Thus, MCR 3.501(A)(2)(b) is satisfied.

Third, there should be little if any difficulty managing a class action in this case. The Defendant is required to keep records of all the inspections and inspection fees at issue. There would thus appear to be virtually no management problems in the class action procedure and would not be unduly burdensome. Thus, MCR 3.501(A)(2)(c) is satisfied.

Fourth, the interest of members to individually control the litigation of their claims is low because the costs of suit is prohibitive to bring individual actions. Several proposed class members could have very low damages during the class period and thus the claims are far outweighed by the cost of filing suit, conducting discovery and potentially needing expert witness testimony. The investigation into these fees has spanned over a year. The discovery costs alone such as court reporter fees, transcript fees, etc. would be cost prohibitive to many class members to litigate their individual claim. Thus Plaintiffs submit that MCR 3.501(A)(2)(d)(e) and (f) are satisfied.

Fifth, the class members are protected from the running of the Statute of Limitation and the Statute was tolled on May 18, 2010 when the case was filed. See MCR 3.501(F)

11

and Cowles v Bank West, 476 Mich 1, 719 NW 2d 94 (2006).

Pursuant to MCR 3.501(C)(2) the proposed class notice is attached as Exhibit C. The parties will be able to determine to whom notice shall be sent after further discovery.

WHEREFORE, Plaintiff prays for the following relief:

A) An Order certifying Plaintiffs class and appointing Plaintiffs and their counsel to represent the class;

B) Such other and different relief as is just and equitable.

Respectfully submitted,

BECKER & WASVARY, P.L.L.C.

By: _____
MARK K. WASVARY P51575
Attorneys for Plaintiffs
2301 W. Big Beaver Rd., Suite 318
Troy, MI 48084
(248) 649-5667
email: markwasvary@hotmail.com

DATED: January 10, 2011

EXHIBIT A

HYDE PARK COOPERATIVE, a Michigan Non-profit corporation, VILLAGE CENTER ASSOCIATES LIMITED DIVIDEND HOUSING ASSOCIATION, BOWIN PLACE ASSOCIATES LIMITED DIVIDEND HOUSING ASSOCIATION, CAMBRIDGE TOWER ASSOCIATES LIMITED DIVIDEND HOUSING ASSOCIATION, FENIMORE LIMITED DIVIDEND HOUSING ASSOCIATION, MILLENDER CENTER ASSOCIATES LIMITED PARTNERSHIP, PLYMOUTH SQUARE LIMITED DIVIDEND HOUSING ASSOCIATION, FOUNTAIN COURT CONSUMER HOUSING COOPERATIVE,

HYDE PARK COOPERATIVE, et al. v
Hon. Michael F. Sapala    05/18/2010

10-005687-CZ

    Plaintiffs,

v

CITY OF DETROIT, by and through its BUILDINGS AND SAFETY ENGINEERING DEPARTMENT,

    Defendant.
_____/

BECKER & WASVARY, P.L.L.C.
By: CARL G. BECKER (P10608)
By: MARK K. WASVARY (P51575)
Attorneys for Plaintiffs
2301 W. Big Beaver Rd., Suite 318
Troy, MI 48084
(248) 649-5667
_____/

Another lawsuit arising out of the same transaction or occurrence was filed in the United States District Court for the Eastern District of Michigan and assigned case number 09-CV-13269. That matter was dismissed without prejudice on March 3, 2010 and is no longer pending.

Mark K. Wasvary

## FIRST AMENDED CLASS ACTION COMPLAINT FOR INJUNCTION AND DAMAGES

NOW COME, Plaintiffs, individually and on behalf of all others similarly situated, by

and through the undersigned attorneys from BECKER & WASVARY, P.L.L.C. and for this First Amended Class Action Complaint state as follows:

## COMMON ALLEGATIONS

1. This action is brought on behalf of a class of owners of residential buildings subject to inspection which have been charged inspection fees that are not based on the actual reasonable cost of the inspection for which the fee is charged.

2. The Detroit Buildings and Safety Engineering Department is the entity designated by the City of Detroit to enforce the Detroit Property Maintenance Code commonly referred to as the Blight Ordinance and is the "enforcing agency" covered under what is commonly referred to as the Housing Law of Michigan (MCL 125.401 et.seq.)

3. Section 9-1-36 of the Detroit ordinance references the duty to have a certificate of compliance issued at certain time intervals and states as follows:

> As required by this article, certificates of compliance for buildings and structures shall be <u>issued upon inspection</u> by the Buildings and Safety Engineering Department, correction of any violations, and a determination by the Buildings and Safety Engineering Department that the building or structure is in compliance with this article. (Emphasis added.) (City of Detroit Code of Ordinances Section 9-1-36(b)).

4. The inspections and the enforcement ordinance 9-1-35(d) covers, commercial buildings, apartments, storage yards, signs, fences, etc. and places of occupancy as covered by the Housing Law of Michigan (125.401.et.seq.)

5. The Defendant as part of its inspection fee has charged owners of residential property for the allocation of administrative cost and enforcement rather than on the actual time spent at a given location during the inspection process.

6. Section 9-1-34(a) of the Code states as follows:

2

The director of the Buildings and Safety Engineering Department shall establish fee schedules, including fees for Certificates of Compliance, Certificates of Registration, and inspections, pertaining to all buildings, premises, and structures that are subject to inspection or re-inspection under this article and are determined to be necessary for the administration of this article... <u>The fees authorized by this section shall cover the costs of rendering such services and be equitable and sufficient to cover, in so far as possible to determine, the cost incurred by the Buildings and Safety Engineering Department in the administration and enforcement of this article.</u> [Emphasis added.]

7. Section 9-1-34 of the Ordinance permits the Defendant to apply some general overall formula to its charges, for its overhead, not the actual inspection cost, and in addition tens of thousands of dollars are charged to certain large developments when inspections take less than a day and in some instances less than one hour. As, upon information and belief, will be evidenced by the number of inspections occurring in a workday by Defendant's inspectors.

8. On the other hand, the Michigan Housing Law MCL 125.526 requires that the fee charged by an enforcing agency not exceed the actual cost of providing the inspection only.

> The enforcement agency may establish and charge a reasonable fee for inspections conducted under this act. Fees shall not exceed the actual, reasonable cost of providing the inspection for which the fee is charged. An owner or property manager shall not be liable for an inspection fee if the inspection is not performed and the enforcing agency is the direct cause of the failure to perform. MCL 125.526(12)

9. The Housing Law of Michigan MCL 125.408 provides that no ordinance enacted or enforced by any municipality shall violate its minimum requirements in regard to covered properties. MCL Section 125.408.

10. Prior to the enactment of the existing law in 1997 under P.A. 200 the inspection law only required that the cost of inspection be "reasonable".

3