# Exhibit B

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS - BOSTON

| | | |
|---|---|---|
| IN THE MATTER OF: | : | Case No. 12-12292 |
| CHARLES STREET AFRICAN | : | Boston, Massachusetts |
| METHODIST EPISCOPAL CHURCH, | | **September 28, 2012** |
| | : | 10:24:50 a.m. |
| Debtor. | | |
| | : | |

: : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : :

TRANSCRIPT OF CONFIRMATION HEARING RE:
(#160) DEBTOR'S SECOND MODIFIED FIRST
AMENDED PLAN OF REORGANIZATION AND
(#261) OBJECTION OF ONEUNITED BANK
BEFORE THE HONORABLE FRANK J. BAILEY, J.U.S.B.C.

APPEARANCES:

For the Debtor:              Ropes & Gray LLP
                             BY:  D. ROSS MARTIN, ESQ.
                                  KEVIN P. DALY, ESQ.
                             Prudential Tower
                             800 Boylston Street
                             Boston, MA  01299-3600


For Interested Party, First   K&L Gates LLP
Episcopal District of the     BY:  CHARLES A. DALE, III, ESQ.
African Methodist Episcopal   State Street Financial Center
Church:                       One Lincoln Street
                             Boston, MA  02111


Audio Operator:              Mary Artesani, ECRO


Transcript prepared by:      JANICE RUSSELL TRANSCRIPTS
                             1133 Tanager Trail
                             Virginia Beach, VA  23451
                             (757) 422-9089


Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

1 | **APPEARANCES** (Continued):

2 | For Creditor, OneUnited        Pierce Atwood LLP
Bank:                          BY:  LAWRENCE M. EDELMAN, ESQ.

3 |                              One New Hampshire Ave., Ste. 350
Portsmouth, NH  03801

4 |

5 |                              Pierce Atwood LLP
BY:  GAYLE P. EHRLICH, ESQ.
100 Summer Street, Suite 2250

6 |                              Boston, MA  02100

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

1                          P R O C E E D I N G S

2       (Call to Order of the Court)

3              THE COURTROOM DEPUTY:  Please be seated.

4              This is the Charles Street African Methodist Episcopal

5   Church.

6              Could you please identify yourself for the record?

7              MR. MARTIN:  Good morning, Your Honor.  Ross Martin of

8   Ropes & Gray for the debtor and debtor in possession, Charles

9   Street African Methodist Episcopal Church.  And with me is Mr.

10  Kevin Daly.

11             MR. DALE:  Good morning, Your Honor.  Charles Dale on

12  behalf of the First Episcopal District of the African Methodist

13  Church.

14             THE COURT:  Okay.  Good morning.

15             MR. EDELMAN:  Good morning, Your Honor.  Lawrence

16  Edelman and Gayle Erlich for OneUnited Bank.

17             THE COURT:  Okay.  Good morning.

18             MR. MARTIN:  Morning, Your Honor.  For the record,

19  Ross Martin, Ropes & Gray, for the debtor.

20             Your Honor, as we informed the clerk shortly before

21  the hearing, the parties have spoken this morning.  We'd like

22  to adjourn the hearing to a future date and I'm happy to

23  explain why.  I apologize in advance.  I know these things take

24  a tremendous amount of preparation not only for the parties,

25  but also for the Court and staff.  So we apologize for the late

1    notice.

2         To be upfront with the Court, we -- we had -- the

3    parties have been working very hard together.  We've moved

4    forward, gotten agreement on a couple of factual stipulations

5    that we've been working on and setting a date for a site visit

6    for the Bank next week, early next week.  And yesterday, we

7    conducted the depositions of the two expert witnesses in the

8    case.

9         And again, to just be very straightforward -- and I

10   informed Mr. Edelman of this this morning shortly after 9:00 --

11   during my preparations last night for the hearing today I

12   discovered that I made a mistake in the disclosure statement,

13   not my staff, not my associates, not anyone at the Church.

14   It's in the listing of the historical financial data, which I

15   put together.  The Court may recall that in April when the

16   Court had originally set a disclosure statement hearing we made

17   a motion to adjourn that hearing because we had just gotten

18   another 12-month cycle of financial data and the error occurred

19   in my inputting that.  Literally, the issue is that the, what

20   is listed as the 2011 financial data is actually for a 12-month

21   period that ended early this year in 2012 and the corresponding

22   2011 data was overwritten, okay?  And just -- and I've told

23   Mr. Edelman that.

24        It became also clear to me last night that both

25   experts had relied, given the nature of the case, on the

1   disclosure statement as well as had the parties.  And I'm

2   simply not prepared to go forward in a Chapter 11 case

3   representing the debtor on that basis once I find something

4   like that.

5        So I contacted, obviously, my client and the parties.

6   It is our view, the Church's view, having analyzed it, that it

7   does not actually even -- it does not require a plan amendment.

8   The data is what it is.  The Bank may disagree with us on that.

9   To be clear, they had the financials for the period, but I also

10  want to be fair.  Their -- it's clear that their expert relied

11  on the disclosure statement, as did ours.  So everybody's

12  rights are reserved on those questions.

13        It may be that we amend the plan, as we have been

14  doing to address various of the issues that have come up at

15  hearings.  But our view is this is a disclosure issue, not a,

16  not an actual change in the plan issue, necessarily.

17        So what we have proposed is that we will do as happens

18  in lots of Chapter 11 cases if changes have to be made, for

19  whatever reason, is we will put together a supplemental

20  disclosure.  We would propose to put that out by a week from

21  Monday, given that there are very few relevant creditors

22  involved.  We're proposing to have that out for a week and then

23  we'd simply get another date to come back.

24        In the meantime, we're -- and we informed the Bank of

25  this -- we're more than happy to accommodate them on, you know,

1   if they need to re-depose someone on our side, we'll -- we've

2   just this morning in the hallway, after, after I spoke to them

3   earlier this morning, I've agreed we'll work out the expert

4   cost issues that are raised by this, you know, all the process

5   issues, and the parties seem amenable to, to working through

6   that as a scheduling matter.

7            So as I said, it's, you know, our view is it doesn't

8   change the circumstances.  It -- I won't get into the details

9   of it 'cause it's not worth doing and it's not appropriate

10   here, but that's how we'd like to proceed, with the permission

11   of the Court, rather than go forward today on a basis that

12   doesn't, doesn't quite match the actual facts.

13            THE COURT:  All right.

14            MR. MARTIN:  If the Court is amenable to it.

15            THE COURT  We were at the point in the confirmation

16   hearing where we expected today to be about the experts --

17            MR. MARTIN:  That's correct.

18            THE COURT:  -- and the 9th or so of October to be a

19   hearing on the appraisal --

20            MR. MARTIN:  That's correct.

21            THE COURT:  -- and that would end the testimony.

22            MR. MARTIN:  That's correct.

23            THE COURT:  I understand the, the nature of the

24   problem that you've identified and my question is, does, do you

25   anticipate that this would require additional testimony beyond

1   those, those individuals that have been identified from your

2   side?

3           And I'll ask Mr. Edelman --

4           MR. MARTIN:  Yeah.

5           THE COURT:  --the same question, of course.

6           MR. MARTIN:  I don't think so, Your Honor, but my

7   suspicion is is that -- my, my guess is that, just to be open

8   about it, the Bank will want to probably depose Rev. Groover

9   just to understand it and it may very well be that it makes

10  sense, frankly, from their perspective, from ours or from the

11  Court's, to have him back on the stand for a short period of

12  time on that discrete issue.

13          THE COURT:  All right.  All right.  So -- so --

14          MR. MARTIN:  But I don't, I don't anticipate -- to,

15  maybe, to put that very concretely, Your Honor, I think we

16  agree -- and I actually feel pretty confident myself, having

17  seen now the depositions yesterday -- that we could do the

18  experts in a day and we might need another half day, or

19  something.

20          THE COURT:  All right.

21          MR. MARTIN:  That's just my -- we have the appraiser,

22  plus maybe a little bit of time for one more witness.  I

23  certainly would not anticipate any more than that.

24          THE COURT:  All right.  So the most, the largest

25  impact you think this would have on the need for additional

1   evidence would be that you may have to put Rev. Groover back

2   on --

3          MR. MARTIN:  That's correct.

4          THE COURT:  -- for --

5          MR. MARTIN:  Half a day.

6          THE COURT:  -- somewhat briefly.

7          A half a day.  Okay.

8          MR. MARTIN:  Yeah.  I would not need -- I personally

9   would not need half a day.  I would not need more than half an

10   hour, or so, an hour, I don't think.

11          THE COURT:  Okay.  All right.

12          MR. MARTIN:  I don't see it changing the circumstances

13   enough to need a lot of time, so.

14          THE COURT:  All right.  I understand.

15          MR. MARTIN:  Again, I apologize for the late nature of

16   these things, but, rather than proceed I thought that was

17   the -- I've certainly been at these plenty of times when the

18   parties come and say, "We're talking," or whatever.  "Things

19   need to get moved."  So --

20          THE COURT:  Right.

21          MR. MARTIN:  -- we thought we would proceed that way.

22          THE COURT:  Okay.

23          MR. MARTIN:  Thank you.

24          THE COURT:  All right.  Thank you.

25          Mr. Edelman, just on this issue.

1          MR. EDELMAN:  Your Honor, again, good morning.

2   Lawrence Edelman for OneUnited Bank.

3          I thought I had a lousy night last night and I was

4   very sorry to hear that, that Mr. Martin trumped me in that

5   regard.  And --

6          THE COURT:  That what?  That --

7          MR. EDELMAN:  That he trumped me in that regard.

8          THE COURT:  Oh, yeah.

9          MR. EDELMAN:  We, we did speak this morning and, and

10  Mr. Martin and I talked about the fact that we don't really

11  know where we are because we haven't seen it and he

12  acknowledged that, that we reserve all of our rights, you know.

13  There may be issues that arise out of the numbers and that the

14  Bank, of course, reserves all of its rights, including, but not

15  limited to, issues regarding adjusting costs, whether we need

16  further discovery, whether we need to recall someone, and any

17  other issues that may arise as a result of reviewing the, the

18  submissions.

19         That said, it's hard to respond to questions regarding

20  dates and timing because I don't really know what we're going

21  to see.  So I'd like to leave that open --

22         THE COURT:  Fair enough.

23         MR. EDELMAN:  -- until we see it.

24         THE COURT:  It's a harder question for you to answer,

25  I understand that.  Okay.

1        But I guess we start with this:  The Bank doesn't

2   oppose rescheduling for today based on this turn of events?

3        MR. EDELMAN:  Of course.

4        THE COURT:  All right.

5        MR. EDELMAN:  Thank you.

6        THE COURT:  Thank you.

7        So let me -- we'll, we'll get some dates, but let me,

8   let me ask about a couple of things that are also pending.

9        The motion, the debtor's motion to file a sixth

10  modified first amended plan and disclosure statement, or plan,

11  is that mooted by this turn of events?

12        MR. MARTIN:  It is not, Your Honor.  But what I would

13  say is rather than do things twice, why don't we just hold that

14  over because we may want to tweak one or two things.

15        Frankly, not, not even necessarily in response to

16  this, I got a report on the hearing yesterday, or two days, a

17  couple of days ago, some issues raised by the Bank and as the

18  Court is aware, sometimes we try to take those into account.

19  We may want to make some other changes, in any event.

20        So I would not at this time ask the Court to rule on

21  the currently pending motion to modify the plan.  That -- that

22  is -- those changes are not mooted.  They're favorable to the

23  Bank and they stand, but there's no reason to have a hearing

24  about that today.  We might as well roll that into whenever

25  we're next here.

1          THE COURT:  No.  I wouldn't have a hearing.  The Bank

2  hasn't had time --

3          MR. MARTIN:  Time to --

4          THE COURT:  -- I think, to respond to it --

5          MR. MARTIN:  -- respond.

6          THE COURT:  -- in any event.

7          MR. MARTIN:  Okay.

8          THE COURT:  But why don't we just hold the Bank's

9  response in abeyance until --

10         MR. MARTIN:  That's fine.

11         THE COURT:  -- we, until either you tell us you're

12  proceeding on that plan, or you're going to substitute a --

13         MR. MARTIN:  That's --

14         THE COURT:  -- seventh --

15         MR. MARTIN:  That's fine.

16         THE COURT:  -- modified plan.  But you're not -- it's

17  not mooted and you're not withdrawing that currently?

18         MR. MARTIN:  That's correct, Your Honor.

19         THE COURT:  Okay.

20         The, the other issue is, I think we still have pending

21  the motion to exclude the appraisal or the -- or, or, perhaps,

22  in the alternative, the motion for a site visit --

23         MR. MARTIN:  Right.

24         THE COURT:  -- and --

25         MR. MARTIN:  The status of that, Your Honor, is based

1   on the colloquy at the last hearing.  The parties are moving in

2   the, have undertaken to try to work together to make the site

3   visit happen as an alternative to anything else with that, and

4   in fact, as I mentioned before, on Tuesday we're going, we're

5   getting together with the Bank at the properties to figure out

6   how we're going to walk through, what's going to be said,

7   things like that.

8           So I would say that's progressing along.  We obviously

9   don't have a date from the Court yet, but we, we have been

10   advancing that process cooperatively.

11          THE COURT:  So let's -- just -- we're next going to

12   talk about dates.  Is it, without question, that the parties

13   collectively want to schedule a court site visit?

14          MR. MARTIN:  I believe that's where we did come out.

15   We have, to be fair, we have not agreed on a process so that,

16   you know --

17          THE COURT:  Putting process --

18          MR. MARTIN:  -- subject to everybody --

19          THE COURT:  Putting process aside, is that true,

20   Mr. Edelman?

21          MR. EDELMAN:  We didn't object to it.  It wasn't

22   something that we initiated, but we did -- we had --

23          THE COURT:  All right.

24          MR. EDELMAN:  We had no objection to a site visit.

25          THE COURT:  And you're still in that, of that view?

1   You're still not objecting to it?

2          MR. EDELMAN:  That's, that's correct.

3          THE COURT:  All right.

4          So you'll have -- Mr. Edelman, your team will have

5   access to the properties on Tuesday.  I think we can then

6   schedule the time --

7          MR. MARTIN:  I agree with that.

8          THE COURT:  -- if not the terms for a, for a visit

9   perhaps today.

10          MR. MARTIN:  That, that would be fine with us, Your

11   Honor.  Again, we, we're scheduling that and we, we, we've been

12   working on a time for the appraiser, although, unfortunately,

13   Mr. Vesely is out of town.  We've been moving all those issues

14   forward.

15          So I think that would be a good use of our time

16   here --

17          THE COURT:  All right.

18          MR. MARTIN:  -- to get some dates.

19          THE COURT:  All right.  Well, let's --

20          Regina's going to give us some dates.

21          Is that acceptable --

22          MR. EDELMAN:  Yes.

23          THE COURT:  -- Mr. Edelman?

24          MR. EDELMAN:  Yes.

25          THE COURT:  Okay.

1          So Regina's going to give us some dates that we've

2    looked at in Chambers and we can decide what fits where --

3          MR. MARTIN:  Okay.

4          THE COURT:  -- based on the availability of your

5    witnesses, etc.

6          MR. MARTIN:  Okay.

7          THE COURT:  So, Regina, why don't we just put out the

8    dates that we talked about.

9          THE COURTROOM DEPUTY:  We have Thursday, October 18th,

10   from 9:00 to 2:00; we have Monday, October 22nd.

11         MR. MARTIN:  22nd or 27th?

12         THE COURTROOM DEPUTY:  22.  Monday, the 22nd, from

13   1:00 to 5:00; and we have Friday, October 12th, from 9:30 to

14   5:00.

15         MR. MARTIN:  I'm sorry.  From 9:30 --

16         THE COURT:  The full day.

17         MR. MARTIN:  Full day.

18         THE COURT:  October 12, we have a --

19         MR. MARTIN:  I am --

20         THE COURT:  -- a full trial day.

21         MR. MARTIN:  -- unfortunately, not available and out

22   of the country on the 18th and the 22nd, but I am available on

23   the, fully available on the Friday.

24         THE COURT:  All right.  So we -- right now,

25   availability that is in play would be October 12, all day.

1          Now, Regina, we didn't --

2          Hold on.

3      (Court confers with staff)

4          MR. MARTIN:  Actually --

5          MR. EDELMAN:  I -- I --

6          MR. MARTIN:  -- can I correct that, Your Honor?

7          THE COURT:  Sure.

8          MR. MARTIN:  I actually could do the 18th.  I take

9  that -- I'm not --

10          MR. EDELMAN:  Okay.

11          MR. MARTIN:  -- actually leaving.  I was just checking

12  my schedule.  I'm actually not --

13          MR. EDELMAN:  Good.  'Cause I couldn't do any of --

14          MR. MARTIN:  You cannot?  Okay.  That's fine.

15          MR. EDELMAN:  No, the 18th.  I think the 18th is --

16          MR. MARTIN:  You can't do the 12th?

17          MR. EDELMAN:  I -- no.

18          MR. MARTIN:  Okay.

19          MR. EDELMAN:  No.

20          MR. MARTIN:  That's fine.

21          MR. EDELMAN:  It's something much more important than

22  court.  It's parents' weekend at college.

23          MR. MARTIN:  All right.

24          So the 18th we could definitely do.

25          It does strike me, actually, given the timeframe and

1   the need to give people time on the expert issues, that 9:00 to

2   2:00 might be a profitable amount of time for appraisal

3   testimony and a site visit, if I could make that suggestion.

4           MR. EDELMAN:  I'm sorry?

5           MR. MARTIN:  Make that -- if, if we can -- obviously,

6   we need to talk to the appraiser, but the, the 18th might work,

7   that amount of time.

8           MR. EDELMAN:  I think he said that, it was that week

9   with, yeah.

10          MR. MARTIN:  I think he said he was available that

11  week, maybe.

12          MR. EDELMAN:  Yeah.  And the only, the only caveat is

13  that Liam -- Liam --

14          MR. MARTIN:  Yeah.  Well, we'll --

15          MR. EDELMAN:  -- is in Colorado.

16          MR. MARTIN:  -- check.  I mean, why don't we

17  tentatively try to grab it.

18          MR. EDELMAN:  That's fine.

19          MR. MARTIN:  And check with him.

20          MR. EDELMAN:  Yeah.

21          MR. MARTIN:  So --

22          MR. EDELMAN:  Yeah.

23          MR. MARTIN:  And then we do -- we could do -- I mean,

24  it fits together, actually -- we do the appraiser and the site

25  visit.

1          MR. EDELMAN:  Yeah.

2          THE COURT:  You know, I -- we, we didn't mention

3    October 9 on which we have previously scheduled the full day,

4    if that still works.  We could do the experts on that day, if

5    there's sufficient time for you to get through whatever you may

6    need to do about the change.

7          MR. MARTIN:  I --

8          MR. EDELMAN:  Your Honor, I think that may be --

9          MR. MARTIN:  I think that's a little tight, to be --

10          MR. EDELMAN:  -- little early.  Because --

11          MR. MARTIN:  -- to be honest.

12          THE COURT:  Let, let me do this.

13          MR. EDELMAN:  -- we don't know what issues --

14          THE COURT:  I'm going to, I'm going to step off.  This

15    would be better for --

16          MR. EDELMAN:  I agree.

17          THE COURT:  -- you and Regina to talk about, in my

18    absence.  It's hard for me to run it from here.  It's awkward.

19    And, and that way, you can come on up and just talk freely

20    about how you want to do it.

21          I'm going to step off.

22          MR. MARTIN:  Thank you, Your Honor.

23          THE COURT:  Well, come on in.

24      (Recess at 10:40:27 a.m., until 10:57:53 a.m.)

25          THE COURTROOM DEPUTY:  Please be seated.

1           Back on the record in Charles Street African Episcopal

2   Church.

3           THE COURT:  All right.  So there's been some off-the-

4   record discussion concerning dates.

5           Does someone want to report what's been agreed to?

6           MR. MARTIN:  Your Honor, again, Ross Martin, Ropes &

7   Gray, for the debtor.  Certainly.

8           My understanding is that we have the 18th from 9:30 to

9   2:00.

10          THE COURT:  October 18th.

11          MR. MARTIN:  I'm sorry.  October 18th, 9:30 to 2:00.

12          A potential time for a site visit, November 6th in the

13  morning.  Precise time has not yet been determined.

14          THE COURT:  Why don't we, why don't we say 10:30.

15  Does that --

16          MR. MARTIN:  That's fine.

17          THE COURT:  -- work?  Okay.

18          MR. MARTIN:  And the 13th of November, 9:30 to 6:00,

19  for the expert witnesses.

20          THE COURT:  Okay.

21          MR. EDELMAN:  Your Honor, to be clear, the, the

22  October 18th, 9:30 to 2:00, was earmarked for the, the

23  appraiser.

24          MR. MARTIN:  That's, that's correct.

25          MR. EDELMAN:  And the -- and the person who would be

1  examining the appraiser from our side is Mr. Vesely, who is out

2  of town today and it was just -- we agreed that we would check

3  with him -- but, but there shouldn't be a problem.

4           THE COURT:  Okay.  All right.  So subject to his

5  availability.

6           That's, that's a hard stop for me because that's

7  the --

8           MR. MARTIN:  That should be fine.

9           THE COURT:  -- start of the District Conference that

10  night.

11           MR. MARTIN:  That --

12           THE COURT:  So -- and I'm on the committee, so.

13           MR. EDELMAN:  I don't foresee a problem.

14           THE COURT:  Okay.

15           MR. MARTIN:  Me, neither, of us doing that.

16           THE COURT:  All right.  All right.

17           The, the only other thing that I think we, that I'd

18  like to pin down is a time, a deadline for the filing of the

19  order on the site visit.

20           MR. MARTIN:  Okay.

21           THE COURT:  And I would propose that that would be

22  next Friday, a week from today, October 5th.

23           Is that enough time after the Bank has had its visit

24  on Tuesday to come up with that?

25           MR. MARTIN:  I have a confirmation hearing in Delaware

1    on Thursday, is the thing that's making me hesitate, Your

2    Honor.

3              THE COURT:  You want to go to Monday, the --

4              MR. MARTIN:  Well, that's Columbus Day, but --

5              THE COURT:  Tuesday, the 9th?

6              MR. MARTIN:  Tuesday, the 9th, would be fine.

7              MR. EDELMAN:  Okay, sure.

8              THE COURT:  I am not, really, in a huge rush to get

9    it, I guess, since we're now scheduling that for -- you can

10   make it the 12th, as far as I'm concerned.

11             MR. MARTIN:  Okay.

12             THE COURT:  Do you want to make it Friday, the 12th?

13             MR. MARTIN:  That will be fine.

14             THE COURT:  That's fine?

15             THE COURT:  Okay.  So --

16             MR. EDELMAN:  Just --

17             THE COURT:  -- 5:00 p.m. on -- on the -- or close of

18   business on the 12th.

19             MR. EDELMAN:  Oh, it just takes me a moment.  October

20   -- I'm sorry.  It's October --

21             THE COURT:  Remember, remember these pens?  You just

22   have to --

23             MR. EDELMAN:  No, no, no.  I'm just looking for the

24   date on the calendar.

25             THE COURT:  Right.

1          MR. EDELMAN:  I'm sorry.  It's Friday, October --

2          MR. MARTIN:  12th.

3          MR. EDELMAN:  -- 12th, for the --

4          MR. MARTIN:  Submission of the, just joint submission

5    of a --

6          MR. EDELMAN:  Oh, okay.

7          MR. MARTIN:  -- order on --

8          MR. EDELMAN:  I'm sorry.

9          MR. MARTIN:  -- the site visit.

10         MR. EDELMAN:  I thought it was an --

11         MR. MARTIN:  No, no, no.

12         MR. EDELMAN:  -- appearance.

13         THE COURT:  No, it's not.  We don't need you --

14         MR. EDELMAN:  I apologize.

15         THE COURT:  -- on that day.  We just --

16         MR. EDELMAN:  Okay.

17         THE COURT:  -- need your attention just before it, so.

18         MR. EDELMAN:  Okay.

19         THE COURT:  Okay.  All right.

20         I think that's everything that we can accomplish for

21    today, right?

22         MR. MARTIN:  Again, thank you very much, Your Honor,

23    and to the court staff.

24         THE COURT:  Things happen.

25         Okay.

1          MR. EDELMAN:  Okay.

2          THE COURT:  Thank you.

3          MR. EDELMAN:  Thank you, Judge.

4      (Proceedings concluded at 11:01:34 a.m.)

5

6

7

8                          CERTIFICATE

9          I, court approved transcriber, certify that the

10   foregoing is a correct transcript from the official electronic

11   sound recording of the proceedings in the above-entitled

12   matter.

13   /s/ Janice Russell_____          ___October 11, 2012___

14   Janice Russell, Transcriber                    Date

15

16

17

18

19

20

21

22

23

24

25