UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION -- DETROIT

In re:

City of Detroit, Detroit            Case No.13-53846
                                              Chapter 9
                     **Debtor(s)** /       Judge: STEVEN W. RHODES

## MOTION FOR CLASS CERTIFICATION OF PROOF OF CLAIMS
## ## 2638, 2651, 2654, 2659, 2676, 2683, 2689 and 2692

Now come the Creditors, Hyde Park Cooperative, Plymouth Square Ltd. Housing Association, Cambridge Tower Assoc., Ltd. Div. H.A., Millender Center Associates L.P., and Village Center Assoc. Dvd. H.A., Fenimore Limited Div. Housing Assoc., Bowin Place Associates Ltd. Div. H.A. (henceforth Creditors) by and through their counsel, Thornbladh Legal Group PLLC, Becker & Wasvary, P.L.L.C. and say as follows:

1. On July 18, 2013 the Debtor, City of Detroit filed its petition for relief under Title 11 of the United States Code.

2. At the date of filing the Creditors had and continue to have a case pending in the Wayne County Circuit Court entitled Hyde Park Cooperative et al v. City of Detroit, by and through its Building, Safety and Engineering Department, Case No. 10-005687-CZ (Filed May 18, 2010), and further:

A. This case is premised upon State statutory and Constitutional claims, respectively, under MCL 125.401, et seq., ("Housing Law"), Michigan Const. 1963, Art. IX, §§ 25 and 31 ("Headlee Act") and under the Ordinances of the City of Detroit, Detroit Property Maintenance Code, Chap. 9.

B. This was and is a complaint by multiple unit housing projects aggrieved by the

inflated and unreasonable inspection fees charged by the Defendant, City of Detroit Building, Safety and Engineering Department.

C. There was and is a timely pending motion for class action certification in state court; (see Appendix Exhibit A, Plaintiff's Motion for Class Certification filed on January 13, 2011) however prior to the initial determination of this class certification motion, the case was dismissed by the trial court, then appealed to the Michigan Court of Appeals, (see Appendix Exhibit B, Michigan Court of Appeals Order dated July 24, 2012) and ultimately the Michigan Supreme Court reversed and remanded the Case back to the trial court for further proceedings (see Appendix Exhibit C).

D. Thereafter, prior to a determination by the trial court on the Class Certification Motion and the addition of alternative relief under a Headlee Claim (Michigan Constitution)[1] upon remand, the City filed its Chapter 9 petition, and the trial court stayed proceedings.

E. The Creditors have requested the City to Lift the Automatic Stay and remand to the Wayne County Circuit Court, but to date the City has not responded and has ignored this reasonable request.

F. The attorneys for the Creditors and the City Law Department have been in negotiation for settlement of this matter including but not limited to stipulating to the amendment to include a Headlee Claim.

G. Pursuant to the Order of the Court the Creditors filed proofs of claim both individually and as class representative members before the bar date set by the Court stating the

---

[1] Just prior to the City filing for bankruptcy, Creditors filed a Motion in state court to add a claim for violation of the Headlee Amendment to the Michigan Constitution (see Appendix Exhibit D), which the City had claimed in pleadings before the Trial Court and both Appellate Courts as the appropriate vehicle for Judicial relief.

amount of claims in the state litigation.

H. The excessive and unreasonable charges by the City have continued to date, and the Creditors have received inquiries from additional non-parties to join in the litigation to stop the continued conduct of the City.

3. Even though the City Law Department has been in negotiations for settlement of the individual and class claims, outside counsel has filed objections to the Creditors' Litigation.

4. Further, outside counsel have objected to the alleged failure of the Creditors to seek class certification in the Bankruptcy Court prior to the bar date, ignoring that the motion for class certification was timely filed in the state court.

5. Pursuant to Federal Rules of Bankruptcy Procedure 3001 and 7023, the Court shall consider a claim for class certification outside the bar date. **Reid v. White Motor Corp.**, 886 F.2nd 1462 (6th Cir., 1989).

6. Pursuant to Federal Rule of Bankruptcy Procedure 7023 (Federal Rule of Civil Procedure 23), this matter is maintainable as a class action and Creditors represent.

A. <u>Class Definition:</u> Plaintiffs seek to certify the following class:

Class - All entities and persons constituting owner's of buildings and properties subject to the provisions of the Housing Law of Michigan (MCL 125.401 et. seq.) and the application of the Detroit Property Maintenance Code under the Housing Law which or who were charged inspection fees by Defendant that exceed Defendant's actual, reasonable cost for the inspection and/or were not proportionate to services rendered. Plaintiffs seek a class period dating back to the initiation of such charges or six years prior to the filing of Federal litigation on August 19,

2009,[2] less the lapse of time between dismissal of that litigation and the filing of state court litigation, whichever is sooner, or if Headlee applies, a class period going back to one year prior to the filing of the Federal litigation on August 19, 2009, less the lapse of time between dismissal of that and the filing of the state court litigation.

    B.    <u>Numerosity Rule 23(a)(1)</u>. The proposed class is so numerous that joinder of all members is impracticable. While the exact number of class members is not now known, the Plaintiffs believe this class is in excess of 100 members and may be readily identified from Defendant's records.

    C.    <u>Commonality Rule 23(a)(2)</u>. There are questions of law or fact common to the members of the class that predominate over questions affecting only individual members.

    D.    Among the questions of law or fact common to the class are the following:

        a)    Is the charging of a fee by the Buildings and Safety Engineering Department an unlawful act as the Buildings and Safety Engineering Department is not authorized to do so by Constitution, Statute, or other law and is prohibited by law to charge anything other than the cost of actual inspection to certain class members?

        b)    Are the inspection fees charged by Defendant in violation of the Housing Law of Michigan?

    E.    <u>Typicality Rule 23(a)(3)</u>. The harm suffered by named Plaintiffs is typical of the harm suffered by other class members differing only in amount. Accordingly, the claims of

---

[2] Petitioners originally filed claims in the United States District Court for the Eastern District of Michigan, case no. 09-CV-13269, which was dismissed without prejudice on March 3, 2010.

Plaintiffs are the same as those of the other class members. Resolution of these common questions will determine the liability of the Defendant to the class members in general. Thus, they properly form the basis for class treatment in this case.

F.  Although the amount of damages between individual class members may vary, the underlying liability issues remain the same as between all members of the class and the Defendant.

G.  <u>Adequacy of Representation Rule 23(a)(4)</u>. The represented parties will fairly and adequately assert and protect the interest of the class. The named Plaintiffs have already demonstrated their willingness to pursue this litigation on their own behalf, and have no known conflicts with the class members.

H.  Plaintiff's counsel will also fairly and adequately represent the interest of the class. The law firm of Becker & Wasvary, P.L.L.C. is well-versed in the facts and the substantive law underlying the Plaintiff's claims. Counsel for Plaintiffs has previously been certified as lead counsel in the United States District Court for the Eastern District of Michigan, Southern Division in class action lawsuits titled, <u>Village Center Limited Dividend Housing Association, et. al. v The City of Detroit</u>, <u>Mary Eghigian v. Fifth Third Bank</u>, USDC Case No. 07-14406, <u>Lola Valley Terrace Association v Charter Township of Redford</u>, USDC Case No. 09-11238, <u>Lanson Development Company LLC v City of Dearborn</u>, USDC Case No. 09-13956, and in Wayne County Circuit Court in the matter of <u>Woodside Square Limited Partnership v City of Romulus</u>, Case No. 09-019233CZ and is well qualified to act as lead counsel to provide adequate representation for the class in this matter. Attorney Carl Becker has also been certified as class counsel in the Western District of Michigan in the matter of <u>Meredith v. Beneficial Finance</u>.

I.  The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

-5-

a) The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct, Rule 23(b)(1)(A); and/or

b) Prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Rule 23(b)(1)(B).

c) The party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. Rule 23(b)(2).

J. Final equitable relief will be appropriate with respect to the class.

K. The action will be manageable as a class action and in fact more manageable than the prosecution of separate actions. Rule 23(b)(3)(D).

L. In view of the complexity of the issues and expense of the litigation the separate claims of individual class members are insufficient in amount to support separate actions. Rule 23(b)(3)(A).

M. It is probable that the amount which may be recovered for individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

N. Plaintiffs are not aware of any members of the proposed class that have filed similar litigation, other than the Federal lawsuit previously referenced, nor are Plaintiffs aware of any

pending similar litigation. Rule 23(b)(3)(B).

O. All potential class members are located in the City of Detroit and Creditors have sought relief in the proper forum. Rule 23(b)(3)(C).

7. A Proposed Order is attached as Exhibit "1".

Wherefore Creditors pray that the Court will grant class certification to their proofs of claim.

FOR THE CREDITORS:
By: /s/ kurt thornbladh
KURT THORNBLADH P25858
Thornbladh Legal Group PLLC
7301 Schaefer
Dearborn MI 48126
(313) 943 2678
kthornbladh@gmail.com

By: /s/ Mark K. Wasvary
MARK K. WASVARY P51575
Becker & Wasvary, P.L.L.C.
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667
markwasvary@hotmail.com

Dated: May 28, 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION -- DETROIT

In re:

City of Detroit, Detroit

Case No.13-53846
Chapter 9

**Debtor(s)** /

Judge: STEVEN W. RHODES

## ORDER FOR CLASS CERTIFICATION OF PROOFS OF CLAIM
## ## 2638, 2651, 2654, 2659, 2676, 2683, 2689 and 2692

The Creditors, Hyde Park Cooperative, Plymouth Square Ltd. Housing Association, Cambridge Tower Assoc., Ltd. Div. H.A., Millender Center Associates L.P., and Village Center Assoc. Dvd. H.A., Fenimore Limited Div. Housing Assoc., Bowin Place Associates Ltd. Div. H.A. (henceforth Creditors) by and through their counsel, Thornbladh Legal Group PLLC, and Becker & Wasvary, P.L.L.C. having filed a motion for class certification of their claims, and having filed a certification of non-response, and the Court being fully advised on the premises,

IT IS HEREBY ORDERED that Proofs of Claim ## 2638, 2651, 2654, 2659, 2676, 2683, 2689 and 2692 are hereby granted Class Certification

Exhibit "1"
Proposed Order

-8-