# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**MOTION OF CREDITORS TO VIEW
OR, IN THE ALTERNATIVE, UNSEAL SUPPLEMENTAL ORDER
REGARDING MEDIATION CONFIDENTIALITY**

The undersigned creditors (collectively, the "Creditors") respectfully submit this motion (this "Motion") to view or, in the alternative, unseal the the *Supplemental Order Regarding Mediation Confidentiality* [Docket No. 5294] (the "Supplemental Order") entered on June 12, 2014. In support of this Motion, the Creditors respectfully state as follows:

**Preliminary Statement**

1.  On June 12, this Court entered an amendment or supplement to its original mediation order in the form of the Supplemental Order. The Creditors have not been provided with a copy of the Supplemental Order.

2.  While the Creditors are mindful that certain sensitive information regarding this case's mediation process may be protected from third parties not subject to the confidentiality obligations under the mediation order, the order

itself—together with its amendments, supplements, or subsequent versions—must be viewable at least by the mediation parties.

3. The Creditors, in particular, should be permitted to view the Supplemental Order for two reasons:

- *First*, the Creditors are mediation parties bound by the Court's original mediation order (as may be amended, revised, or supplemented). In order to know what rights and obligations they may have as mediation parties—and to avoid any inadvertent waiver of their rights or failure to satisfy their obligations—the Creditors should be permitted to view the recently entered amendment or supplement.

- *Second*, other parties in this case, including the City, have recently asserted the "mediation privilege" to avoid responding to certain of the Creditors' discovery requests and subpoenas. To understand whether any claimed privilege is valid and applicable and to determine how to respond, the Creditors must first understand the parameters of and the terms governing the mediation.

4. The transparency of the chapter 9 plan process is critical to ensure parties' rights are protected as the Court considers confirmation of the City's plan. The Creditors therefore respectfully request that they be permitted to view the

2

mediation order in its entirety, including the Supplemental Order, either on a confidential basis or, in the alternative, in connection with it being unsealed (if appropriate).

## Jurisdiction and Venue

5. The Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

6. By this Motion, the Creditors respectfully request to view the sealed Supplemental Order or, in the alternative and to the extent appropriate, that the Supplemental Order be unsealed.

## Background

7. On August 13, 2013, this Court entered an order [Docket No. 322] (the "Original Mediation Order" and, as amended or supplemented, the "Mediation Order") directing parties to submit to mediation. The Original Mediation Order states that "[a]ll proceedings, discussions, negotiation, and writings incident to mediation shall be privileged and confidential, and shall not be disclosed, filed or placed in evidence." Original Mediation Order at 1.

8. On August 20, 2013 and September 3, 2013, the Court ordered the Creditors to submit to mediation under the Original Mediation Order [Docket Nos.

527, 704]. As a result, the Creditors are bound by the Original Mediation Order, including to the extent it is amended or supplemented by the Supplemental Order.

9. On June 12, 2014, this Court entered the Supplemental Order. Based on its title, the Supplemental Order appears to relate to "mediation confidentiality" but does not elaborate on its contents. The Creditors have not been provided with the Supplemental Order and could not obtain a copy through informal requests. As a result, the Creditors file this Motion.

## Basis for Relief

**I. The Creditors Should Be Allowed to View the Supplemental Order to Know Their Rights and Obligations as Mediation Parties.**

10. As parties to the mediation in this case, the Creditors are bound by the Original Mediation Order—as it was originally entered and as it may be amended and supplemented. This Court's sealed Supplemental Order appears, at a minimum, to supplement the Original Mediation Order (and also may amend it—there is no way for the Creditors to know).

11. Without viewing the Supplemental Order, the Creditors cannot know what their potential legal rights and obligations may be. Because the Creditors are mediation parties presumably bound by the Supplemental Order, the Creditors should be entitled to know what the Supplemental Order says.

4

## II. The Creditors Should Be Allowed to View the Supplemental Order to Understand the Parameters of the Mediation Privilege (If Any).

12. As noted above, the City and other parties in this case have asserted the "mediation privilege" to avoid providing information requested in the Creditors' discovery requests and subpoenas. *See, e.g.*, *Joint Motion to Quash* at 10–11 [Docket No. 5300]; *Transcript of Hearing* at 267–68 (May 28, 2014); *State of Michigan Privilege Log* (attached hereto as **Exhibit 6**); *State of Michigan's Response to Syncora's Subpoena Duces Tecum* at 2 [Docket No. 3315]; *City of Detroit's Objections and Responses to Syncora Capital Assurance Inc. and Syncora Guarantee Inc.'s First Request for the Production of Documents* at 2 [Docket No. 4479]. In fact, the so-called mediation privilege was asserted against certain of the Creditors' discovery requests as recently as just last week (after entry of the Supplemental Order). *See Joint Motion to Quash* at 10–11 [Docket No. 5300].

13. Without viewing the entire mediation order (i.e., the Original Mediation Order, as amended or supplemented by the Supplemental Order), the Creditors cannot understand the parameters of the mediation in this case. And without understanding the parameters of the mediation, the Creditors cannot determine whether claims of any privilege are valid and cannot decide whether or how best to respond to them. Accordingly, to facilitate an efficient discovery process and afford all parties (the Creditors and the privilege-claiming parties) with

5

KE 32070126
13-53846-tjt    Doc 5358    Filed 06/17/14    Entered 06/17/14 17:06:43    Page 5 of 8

the rights (if any) to which they are entitled, the Creditors should be permitted to view the Supplemental Order.

## Conclusion

14. For the reasons stated herein, the Creditors respectfully request that the Court (a) permit the Creditors to view the Supplemental Order or (b) in the alternative and to the extent appropriate, unseal the Supplemental Order.

*[Remainder of page intentionally left blank.]*

Dated: June 17, 2014                    Respectfully submitted,

**KIRKLAND & ELLIS LLP**

*/s/ Ryan Blaine Bennett*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

     - and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*


**WEIL, GOTSHAL & MANGES LLP**

*/s/ Alfredo R. Perez*
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511

     - and -

Ernest J. Essad Jr.
Mark R. James
WILLIAM, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue,
Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856

*Attorneys for Financial Guaranty Insurance Company*

**BALLARD SPAHR LLP**

*/s/ Howard S. Sher*
Howard S. Sher, Esquire
Jacob & Weingarten, P.C.
Somerset Place
2301 W. Big Beaver Road, Suite 777
Troy, Michigan 48084
Telephone: (248) 649-1200
Facsimile: (248) 649-2920

- and -

Vincent J. Marriott, Esquire
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Telephone: (215) 864-8236
Facsimile: (215) 864-9762

*Attorneys for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.*