UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 9

CITY OF DETROIT, MICHIGAN                           Case No. 13-53846

          Debtor.                                   Hon. Steven W. Rhodes
_____/

**MICHIGAN BUILDING AND CONSTRUCTION TRADES COUNCIL'S RESPONSE IN OPPOSITION TO DEBTOR'S FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS**

**(DUPLICATE CLAIMS)**

The Michigan Building and Construction Trades Council, AFL-CIO ("MBCTC"), by and through its undersigned attorneys, files this Response in Opposition to the Debtor's First Omnibus Objection to Certain Claims (Duplicate Claims). MBCTC requests that the Debtor's objection be denied as to MBCTC's two Proofs of Claim filed in this proceeding, for the reason that the claims are not duplicate claims. In support, MBCTC respectfully states as follows.

1. On May 14, 2014, the Debtor, the City of Detroit ("City"), filed its Omnibus Objection (Doc. 4792), seeking entry of an order disallowing and expunging certain claims because the claims were purportedly duplicative of other claims filed against the City.

2. Specifically, Exhibit 2 to the Omnibus Objection (Doc. 4792-2) identified certain claims which were listed in the "Duplicate Claim to Be Disallowed and Expunged" column which the City alleged were duplicates of the corresponding claims identified in the "Surviving Claim" column.

1

3. With respect to MBCTC, Exhibit 2 identifies Claim No. 2588 filed by MBCTC on 2/21/2014 as a "Duplicate Claim" and MBCTC's Claim No. 2585, also filed on 2/21/2014, as a "Surviving Claim." (Doc. 4792-2, page 5 of 7)

4. MBCTC's Claim No. 2588 is not duplicative of MBCTC's Claim No. 2585. The Claims are separate and distinct and cover two separate and dissimilar groups of employees represented by MBCTC.

5. As shown on the face of Exhibit 1 to Claim No. 2588, that Claim was filed on behalf of individuals employed by the City of Detroit Water and Sewerage Department (DWSD) in supervisory and non-supervisory bargaining units governed, respectively, by current collective bargaining agreements, i.e. the 2013-2016 Collective Bargaining Agreement between DWSD and the Union, and the 2013-2016 Collective Bargaining Agreement between DWSD and the Union for the Building Trades Foremen Unit. (See Ex. 1 to MBCTC Claim No. 2588, relevant portions attached as Ex. A hereto.) In other words, Claim No. 2588 covers MBCTC-represented employees at DWSD covered by collective bargaining agreements with DWSD that were and are current and in force.

6. Claim No. 2585, by contrast, covers three groups of MBCTC-represented employees, *excluding* workers employed by DWSD, in three different city-wide bargaining units (non-supervisory building trades workers; supervisory building trades workers; and plumbing inspectors and electrical inspectors) under *expired collective bargaining agreements*. The expired agreements were, respectively the 2008-2012 Master Agreement between the City of Detroit and the Detroit Building and Construction Trades Council; the 2008-2012 Master Agreement between the City of Detroit and the Building Trades Foremen City-Wide Unit; and the expired "Tripartite" Collective

Bargaining Agreement between the City of Detroit and the Detroit Building and Construction Trades Council and AFSCME. Unlike the DWSD workers covered by Claim No. 2588 (who were working under current and in-force collective bargaining agreements effective from 2013 to 2016), the non-DWSD workers covered by Claim No. 2585 were working under *expired* collective bargaining agreements under contractual terms imposed on the Union pursuant to the City Employment Terms ("CETs"). (See MBCTC Claim No. 2588, Ex. 1, relevant portions attached as Ex. B hereto.)

7. Accordingly, the claims of the workers covered by MBCTC's Claim No. 2588 are not duplicative but are distinct and dissimilar from the claims of the workers covered by MBCTC Claim No. 2585.

WHEREFORE, MBCTC respectfully requests that the Court reject and deny the City's duplicate claims objection as to MBCTC Claim Nos. 2585 and 2588.

        Respectfully submitted,

        McKNIGHT, McCLOW, CANZANO,
        SMITH & RADTKE, P.C.

        By:/s/John R. Canzano
          John R. Canzano (P30417)
          Attorneys for MBCTC
          400 Galleria Officentre, Suite 117
          Southfield, MI 48034
          248-354-9650
          jcanzano@michworklaw.com

Date: June 17, 2014

3

13-53846-tjt    Doc 5362    Filed 06/17/14    Entered 06/17/14 17:44:35    Page 3 of 4

# CERTIFICATE OF SERVICE

The undersigned certifies that on June 17, 2014 , the foregoing document was filed with the Clerk of the Court using the CM/ECF system, which will provide electronic notification of such filing to all counsel of record.

Respectfully submitted,

McKNIGHT, McCLOW, CANZANO,
SMITH & RADTKE, P.C.

By:/s/John R. Canzano
   John R. Canzano  (P30417)
   Attorneys for MBCTC
   400 Galleria Officentre, Suite 117
   Southfield, MI  48034
   248-354-9650
   jcanzano@michworklaw.com

Date:  June 17, 2014

P:\MBT\Detroit Bankruptcy\MBT Opp to debtors brief.wpd