# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## COPS OBJECTORS' LIMITED OBJECTION TO THE MOTION OF THE CITY OF DETROIT FOR SITE VISIT BY COURT IN CONNECTION WITH THE HEARING ON CONFIRMATION OF THE CITY'S PLAN OF ADJUSTMENT

The creditors and parties in interest identified in footnote 1 (collectively, the "COP Objectors"),[1] by their undersigned attorneys, submit this Limited Objection to the Motion of the City of Detroit (the "City") for Site Visit by Court in Connection with the Hearing on Confirmation of the City's Plan of Adjustment (the "Motion"). For the reasons stated herein, the Motion should only be granted if (a) the time spent on the site visit presentation is counted against the 98 hours of trial time allotted to the City and (b) counsel for all objecting parties are permitted to attend.

### A. The Bus Tour Should Count Against the 98 Hours Allotted to the City

1. On June 9, 2014, this Court entered the Fifth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment (the "Procedures Order"), which provides that the City and parties objecting to confirmation (the "Objectors") would each have "98 hours to present their case, including opening statements,

---

[1] The creditors and parties in interest submitting this Objection are: Deutsche Bank AG, London; Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.; Hypothekenbank Frankfurt AG; Hypothekenbank Frankfurt International S.A.; Syncora Capital Assurance Inc.; Syncora Guarantee Inc.; and Wilmington Trust, National Association, as Successor Contract Administrator.

1

closing arguments, direct and re-direct examinations of their witnesses and cross examinations and re-cross examinations of [other party's] witnesses." Procedures Order at ¶ 17. The Procedures Order leaves it for the City and Objectors to decide how to use their respective 98 hours of trial time.

2.  It is clear from the Motion that the City intends that the bus tour will be in support of its case in chief, yet the City requests that the bus tour not count against the 98 hours allotted to the City for presenting its case. Motion at p. 5 & Proposed Protocol at p. 2.

3.  There are other mechanisms available to the City for presenting the type of evidence that the City seeks to introduce through the bus tour, including the introduction of photographs or video of various areas of the City. If the City elected to introduce photographs and video, the time it took to do so would certainly count against the City's allotted 98 hours.

4.  The fact that the City has chosen the mechanism of a bus tour to attempt to prove part of its case does not provide a basis for giving the City additional time to present its case. If the City's bus tour proposal is approved, the time spent on the bus tour should count against the 98 hours allotted to the City.

**B.  Counsel for All Objecting Parties Should be Permitted to Attend**

5.  The protocol for the bus tour proposed by the City also limits which counsel for Objectors can and cannot be part of the bus tour, even though the proposed protocol contemplates that the Court will ask questions, permits counsel to the City to provide answers, and provides that those answers will be part of the record. The proposed site visit is intended to be part of the confirmation process and the record of the confirmation hearing; thus, all objecting parties should have the opportunity to be present just as if these matters were being conducted in the courtroom.

2
DMEAST#19114856v.3
13-53846-tjt    Doc 5365    Filed 06/17/14    Entered 06/17/14 18:32:41    Page 2 of 6

6. If the Court asks questions as contemplated and the City provides unscripted answers, counsel for all objecting parties should be present on the bus tour so that they are able to be part of this part of the confirmation hearing in real time. Under the circumstances, excluding counsel for any objecting parties and limiting them to a mere record without the option of participating would deny them due process.

WHEREFORE, EEPK requests that this Court deny the Motion or, alternatively, grant the Motion only upon the terms and conditions stated herein.

Dated: June 17, 2014.                                   Respectfully submitted,

| /s/ Stephen C. Hackney | /s/ Matthew G. Summers |
|---|---|
| James J.M. Sprayregen, P.C.<br>Ryan Blaine Bennett<br>Stephen C. Hackney<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, IL 60605<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>and<br><br>Stephen M. Gross<br>David A. Agay<br>Joshua Gadharf<br>MCDONALD HOPKINS PLC<br>39533 Woodward Avenue<br>Bloomfield Hills, MI 48304<br>Tel: (248) 646-5070<br>Fax: (248) 646-5075<br><br>*Attorneys for Syncora Capital Assurance Inc. and Syncora Guarantee Inc.* | Matthew G. Summers, Esquire<br>Ballard Spahr LLP<br>919 North Market Street, 11th Floor<br>Wilmington, Delaware 19801<br>Tel: (302) 252-4428<br>Fax: (302) 252-4466<br>E-mail: summersm@ballardspahr.com<br><br>Vincent J. Marriott, III, Esquire<br>Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, Pennsylvania 19103<br>Tel: (215) 864-8236<br>Fax: (215) 864-9762<br>E-mail:marriott@ballardspahr.com<br><br>-and-<br><br>Howard S. Sher, Esquire (P38337)<br>Jacob & Weingarten, P.C.<br>Somerset Place<br>2301 W. Big Beaver Road, Suite 777<br>Troy, Michigan 48084<br>Tel: (248) 649-1900<br>Fax: (248) 649-2920<br>E-mail:howard@jacobweingarten.com<br><br>*Attorneys for Hypothekenbank Frankfurt AG, Hypothekenbank Frankfurt International S.A., Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.* |

| | |
|---|---|
| /s/ Kenneth E. Noble<br>Kenneth E. Noble<br>John Ramirez<br>KATTEN MUCHIN ROSENMAN LLP<br>575 Madison Avenue<br>New York, NY 10022-2585<br>Tel:  212/715-9393<br>E-mail:  Kenneth.noble@kattenlaw.com<br><br>*Counsel for Deutsche Bank AG, London* | /s/ Heath D. Rosenblat<br>Heath D. Rosenblat, Esquire<br>Kristin K. Going, Esquire<br>Drinker Biddle & Reath LLP<br>1177 Avenue of the Americas, 41st Floor<br>New York, NY 10036-2714<br>E-mail: Heath.Rosenblat@dbr.com<br>E-mail: Kristin.Going@dbr.com<br>Tel: (212) 248-3140<br>Fax:   (212) 248-3141<br><br>*Counsel for Wilmington Trust, National Association, as Successor Contract Administrator* |

## **CERTIFICATE OF SERVICE**

       I, Matthew G. Summers, state that on June 17th, 2014, I filed a copy of the foregoing Limited Objection to the Motion of the City of Detroit for Site Visit by Court in Connection with the Hearing on Confirmation of the City's Plan of Adjustment with the Clerk of Court using the Court's ECF system and I hereby certify that the Court's ECF system has served all registered users that have appeared in the above-captioned case. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

                                  */s/ Matthew G. Summers*
                                  Matthew G. Summers
                                  E-mail: summersm@ballardspahr.com