UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:	Chapter 9

CITY OF DETROIT, MICHIGAN,	Case No. 13-53846

Debtor.	Hon. Steven W. Rhodes

_____/

**RESPONDENT DR. BRIAN GREENE'S RESPONSE TO OBJECTION OF THE CITY OF DETROIT, PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1, TO PROOF OF CLAIM NUMBER 1399 FILED BY DR. BRIAN GREENE, AS NEXT FRIEND OF INDIA BOND, A MINOR**

RESPONDENT DR. BRIAN GREENE, as Next Friend of India Bond, a minor, **[RESPONDENT GREENE]** responds to Debtor City of Detroit's **[DEBTOR'S]** May 15, 2014 objection to his proof of claim number 1399 (Exhibit 1, Respondent Greene's February 18, 2014 Proof of Claim) as follows: This Court should allow his claim, because it meets the claim, contingent claim, unliquidated claim, and disputed claim definitions and descriptions, and because this Court lacks the appellate jurisdiction to resolve his claims on appeal against Debtor. Respondent requests entry of an order (Exhibit 2, Respondent Greene's Proposed Order) allowing his claim.

## General Background

1. Respondent Greene admits the allegations as true.

1

2. Respondent Greene neither admits nor denies the allegations due to lack of personal knowledge.

3. Respondent Greene admits the allegations as true.

4. Respondent Greene admits the allegations as true.

### Background Regarding the Claims Process

5. Respondent Greene admits the allegations as true.

6. Respondent Greene admits the allegations as true.

### Relief Requested

7. Under the Bankruptcy Code, 11 U.S.C. §§105 and 502(b), Bankruptcy Rule 3007 and Local Rule 3007-1, Respondent Greene requests an order allowing his claim, because it meets the claim, contingent claim, unliquidated claim, and disputed claim definitions and descriptions, and because this Court lacks the appellate jurisdiction to resolve his claims on appeal against Debtor.

### The Court's Jurisdiction to Allow the Claim

8. Under 28 U.S.C. §1334, this Court has subject matter jurisdiction over this contested matter. Under 28 U.S.C. §§1408 and 1409, venue in this Court is proper.

9. Under 28 U.S.C. §157(b), "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11,…and may

enter appropriate orders and judgments, subject to review under section 158 of this title [28 U.S.C. §158].

10. 28 U.S.C. §157(b)(2) lists many examples of core proceedings, including: "(B) allowance or disallowance of claims against the estate…and estimation of claims or interests for purposes of confirming a plan under chapter 11, 12, or 13 of title 11 [11 U.S.C. §§1101 et seq., 1201 et seq, or 1301 et seq.] but not the liquidation or estimation of contingent or unliquidated personal injuryor wrongful death claims against the estate for purposes of distribution in a case under title 11." 28 U.S.C. §157(b)(2)(B). *See also,* 28 U.S.C. §157(b)(2)(O) (providing that "other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims").

11. Under 28 U.S.C. §157(b)(5), "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the bankruptcy court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."

12A. According to Debtor, despite the above 28 U.S.C. §157(b)(5) mandate, "[c]ourts consistently hold, however," that bankruptcy courts can resolve "threshold challenges to the validity of [tort and wrongful death claims]." In

3

support of this statement, Debtor cites and relies on *In Re Chateaugay Corp.*, 111 B.R. 67, 73-74 (B.S.D.N.Y. 1990), *aff'd. in relevant part and rev'd. on other grounds* 146 B.R. 339 (S.D.N.Y. 1992), *In Re Dow Corning Corp.*, 215 B.R. 346, 352 (B.E.D. Mich. 1997, *modif.* 215 B.R. 526 (B.E.D. 1997), and *In Re UAL Corp.*, 310 B.R. 373, 383 (B.N.D. Ill. 2004). But all these cases are fundamentally distinguishable. Unlike these three cases, the district court has entered a final judgment on Respondent Greene's claims. In contrast to these three cases, the Sixth Circuit has decided his first appeal of right. As opposed to three cases, Respondent Greene's next and final step is to ask the U.S. Supreme Court to hear his claims and reverse the district court and Sixth Circuit decisions. Therefore, Debtor's three cases relied on are distinguishable and inapplicable. Accordingly, this Court cannot resolve Respondent Greene's claims.

13. Claimant Greene's claims against Debtor involve violation of his 14th Amendment due process right of access to the courts. His claims are similar to tort personal injury claims.

### Request to Allow the Claim

14A. The Bankruptcy Code defines "Claim" broadly. A claim is: "(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. §101(5). "The effect of the definition

4
13-53846-tjt   Doc 5381   Filed 06/18/14   Entered 06/18/14 10:49:50   Page 4 of 18

is a significant departure from prior law. The Code defines the term `claim' much more broadly in section 101(5) than under previous law." Alan N. Resnick & Henry J. Sommer, eds., 2 *Collier on Bankruptcy* (16th ed. LexisNexis 2009), §101.05[1]. "The term `claim' is coextensive with the term `debt'... N.5....By fashioning a single definition of `claim' in the Code, Congress intended to adopt the broadest available definition of that term. N.10 The Supreme Court has repeatedly reiterated this principle and has declined all invitations to exclude rights to payment from the definition of claim. N.11" 2 *Collier on Bankruptcy, supra,* 101.05[1]. *Accord, e.g., Pennsylvania Department of Public Welfare v. Davenport,* 495 U.S. 552, 558, 110 S. Ct. 2126, 109 L. Ed. 2d 58 (1990), *Johnson v. Home State Bank,* 504 U.S. 78, 83, 111 S. Ct. 2150, 115 L. Ed. 2d 66 (1991), *FCC v. NextWave Personal Communications, Inc. (In Re NextWave Personal Communications, Inc.),* 537 U.S. 293, 302-304, 123 S. Ct. 832, 154 L. Ed. 2d 863 (2003). "Although a right to payment is not defined, the language has been read to require the broadest available definition of claim." *Maple Forest Condominium Association v. Spencer (In Re Spencer),* 457 B.R. 601, 606 (E.D. Mich. 2011), citing *Davenport,* 495 U.S. 552, 558, *Johnson,* 504 U.S. 78, 83.

14B. The Bankruptcy Code also defines "debt" broadly: "`Debt'" means "`a liability on a claim.'" *In Re Resteck,* 899 F.2d 694, 696 (7th Cir. 1990), quoting 11 U.S.C. §101(11). If there is a debt under 11 U.S.C. §109(e), there is a claim under

5

11 U.S.C. §101(5) and vice versa. A debt and a claim are flip sides of the same coin. When a creditor has a claim against a debtor, the debtor owes a debt to the creditor. *In Re Scott-DiClemente,* 463 B.R. 308, 313 (B.D.N.J. 2012), *aff'd.* 2012 U.S. Dist. Lexis 113799 (D. N.J. 2012).

14C. "'Contingent' means: "'Possible, but not assured; doubtful or uncertain; conditioned upon some future event[,] which is itself uncertain or questionable....It implies that no present interest exists, and that whether such interest or right will ever exist depends upon a future uncertain event.'" *In Re Resteck,* 899 F.2d 694, 696 (7th Cir. 1990), quoting *Grady v. A.H. Robins & Co.,* 839 F.2d 198, 2002 (4th Cir. 1988). "Courts have concluded that contingent claims are those in which a debtor will be required to pay only upon the occurrence of a future event triggering the debtor's liability." *In Re Huffy Corp.,* 424 B.R. 295, 301 (B.S.D. Ohio 2010). *Accord, In Re Parks,* 281 B.R. 899, 901-902 (B.E.D. Mich. 2002), *In Re Highland Group, Inc.,* 136 B.R. 475, 481 (B.N.D. Ohio 1992), *Fostveldt v Dow (In Re Fostveldt),* 823 F.2d 305, 306 (9th Cir. 1987).

14D. Though the Bankruptcy Code does not define an unmatured claim or debt, *Black's Law Dictionary* defines "'matured claim'" as a claim unconditionally due and owing. By negative implication, "'unmatured claim'" is a claim not yet due and owing. *In Re Cleveland,* 349 B.R. 522, 532 (B.E.D. Tenn. 2006).

6
13-53846-tjt    Doc 5381    Filed 06/18/14    Entered 06/18/14 10:49:50    Page 6 of 18

14E. "[A] claim is `liquidated[,] if its value is capable of ready computation." *In Re Dow Corning Corp.,* 215 B.R. 346, 3354 (B.E.D. Mich. 1997). *Accord, In Re Keenan,* 201 B.R. 261, 265-266 (B.S.D. Cal. 1996), *In Re Audre, Inc.,* 202 B.R. 490, 492-493 (B.S.D. Cal. 1996), *In Re Rhead,* 179 B.R. 169, 172 (B.D. Ariz. 1995). "A claim is liquidated[,] if it is subject to `ready determination and precision in computation of the amount due.'" *In Re Huelbig,* 299 B.R. 721, 723 (B.D.R.I. 2003), *aff'd.* 313 B.R. 540 (D.R.I. 2004), quoting *In Re Sylvester,* 19 B.R. 671, 673 (B.A.P. 9th Cir. 1982) & *In Re Bay Point Corp.,* 1975 U.S. Dist. Lexis 15324 (D.N.J. 1975) *23.

14F. "Whether a claim is contingent deals with the certainty of the liability. Whether a claim is liquidated involves whether or not the amount can be defined with sufficient precision." *Id* at *22, citing *In Re Mullings Clothing Co.,* 238 Fed. 58, 67 (2d Cir. 1916), *cert. den.* 243 U.S. 635, 37 S. Ct. 399, 61 L. Ed. 941 (1917).

14G. Under Fed. R. Bkrtcy. P. 3003, a creditor whose claim the debtor schedules as disputed must file a proof of claim. *Barlow v. M.J. Waterman & Associates, Inc. (In Re M.J. Waterman & Associates, Inc.),* 227 F.3d 604, 608 (6th Cir. 2000). "The failure to file a proof of claim is grounds for disallowance under the Bankruptcy Code." *Id.,* citing 11 U.S.C. §502(b)(9). *See also, In Re Pioneer Investment Services Co.,* 943 F.2d 673, 676 (6th Cir. 1991) (Bankruptcy Code 11

U.S.C. §1111(a) requires creditors to file proofs of claim, when the debtor schedules their claims as disputed, contingent, or unliquidated).

14H. Thus, filing a proof or claim does not mean or imply a creditor's consent to bankruptcy court jurisdiction to resolve his/her/its claim. *Stern v. Marshall,* 564 U.S. ___, 131 S. Ct. 2594, 2614-2615, 180 L. Ed. 2d 475 (2011) (by filing a Proof of Claim, Creditor "Pierce did not truly consent to resolution of Vickie's claim in the bankruptcy court proceedings. He had nowhere else to go[,] if he wished to recover from Vickie's estate....creditors lack an alternative to the bankruptcy court in which to pursue their claims....Pierce did not have another forum in which to pursue is claim to recover from Vickie's pre-bankruptcy assets....Creditors [having] claims that do not satisfy the requirements for nondischargeability under 11 U.S.C. §523 have no choice but to file their claims in bankruptcy proceedings[,] if they wish to pursue the claim at all. That is why, as we recognized in *Granfinanciera* (*Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 59 N.14, 109 S. Ct. 2782, 106 L. Ed. 26 (1989)), the notion of `consent' does not apply in bankruptcy proceedings as it might in other contexts." *Stern,* 131 S. Ct. 2594, 2615.

14I. Even if contingent, disputed, or unliquidated, a tort claim remains a claim. 2 *Collier on Bankruptcy, supra,* 101.05[6]. *Accord, In Re Cambridge Biotech Corp.,* 186 F.3d 1356, 1371 (Fed. Cir. 1999).

8

14J. Thus, in a 42 U.S.C. §§1981 & 1985 racial discrimination and retaliation case, when the two employees lost in the district court and appealed to the cognizant U.S. Court of Appeals, the employees were the Chapter 11 employer's creditors, and the plaintiffs had claims and debts. *Jaurdon v. Cricket Communications, Inc.,* 412 F.3d 1156, 1158-1159 (10th Cir. 2005).

15. Based on the above principles, Respondent Greene has a disputed, unliquidated claim against Debtor. He meets the expansive claim definition. He meets the disputed, contingent, and unliquidated claim descriptions. Like the *Jaurdon* plaintiffs, Respondent Greene lost in district court. Like the *Jaurdon* plaintiffs, he is appealing to an appellate court. Like the *Jaurdon* plaintiffs, he retains a claim against Debtor and remains its creditor. For these reasons, Debtor's contention that Respondent Greene does not have a claim against Debtor is groundless. Furthermore, the district court has decided Respondent Greene's claims. As Debtor has outlined, on November 1, 2011, the district court granted Debtor summary judgment on Respondent Greene's claims. On April 25, 2013, the Sixth Circuit upheld the summary judgment. On June 18, 2013, the Sixth Circuit denied rehearing en banc. But Respondent Greene retained the right to ask the U.S. Supreme Court to hear her appeal. As of July 18, 2013, when Debtor filed for Chapter 9 bankruptcy protection, Respondent Greene's petition for writ of certiorari to the U.S. Supreme Court was impending.

## Reservation of Rights

16. Respondent Greene's response to Debtor's objections to his Proof of Claim and his request for this Court to hold his claim allowable do not forfeit or waive his above position regarding his right of appeal to the U.S. Supreme Court.

## Notice

17. Respondent Greene has notified Debtor and all parties requesting notice in this bankruptcy proceeding. Respondent Greene asserts that under B.R. 2002, this notice is sufficient.

## No Earlier Request

18. Respondent Greene has not requested the relief requested in his Response from this Court or any other court.

## Proof of Claim Amount Breakdown

Claimed Compensatory Damages: $50,000,000

Claimed Punitive Damages: $100,000,000

Attorney Fees (10/23/07 to 7/18/13): $4,858,239.50

Costs (10/23/07 to 7/18/13): $141,739.83

Grand Total: $154,999,979.33

## Request for Relief

THEREFORE, RESPONDENT DR. BRIAN GREENE respectfully requests this Court to:

A. Rule his claim allowable.

B. Grant him other requested relief.

C. Grant him further relief in accordance with principles of equity and justice.

Dated: June 17, 2014                      /s/Howard Yale Lederman
Norman A. Yatooma (P54746)
Howard Yale Lederman (P36840)
Attorneys for Respondent Dr. Brian Greene
1615 South Telegraph Road, Suite 300
Detroit, Michigan 48226
(248) 481-2000
nyatooma@normanyatooma.com
hlederman@normanyatooma.com

## PROOF OF SERVICE

Alicia Kellogg certifies that on June 17, 2014, she filed and served Respondent Dr. Brian Greene's Response to Debtor City of Detroit's Objections to his Proof of Claim No. 1399 via the Court's electronic case filing and noticing system.

Alicia Kellogg also certifies that on June 17, 2014, she mailed copies of Respondent Dr. Brian Greene's Response to Debtor City of Detroit's Objections to his Proof of Claim No. 1399 via USPS overnight mail to:

David G. Heiman, Esq.
Heather Lennox, Esq.
Thomas A. Wilson, Esq.
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939

Bruce Bennett, Esq.

JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382

John A. Simon, Esq.
Tamar N. Dolcourt, Esq.
FOLEY & LARDNER LLP
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
Telephone: (313) 234-7100

/s/ *Alicia Kellogg*
Alicia Kellogg
Legal Assistant
Norman Yatooma & Associates, PC

## LIST OF EXHIBITS

Exhibit 1, Respondent Greene's February 18, 2014 Proof of Claim.

Exhibit 2, Respondent Greene's Proposed Order.

# Exhibit 1

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT    EASTERN DISTRICT of MICHIGAN | PROOF OF CLAIM |
|---|---|

Name of Debtor: City of Detroit, Michigan

Case Number: 13-53846

**FILED**

FEB 18 2014

US Bankruptcy Court
MI Eastern District

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Dr. Brian Greene, as Next Friend of India Bond, a minor

COURT USE ONLY

Name and address where notices should be sent:
Norman Yatooma & Assoicates, P.C.
1900 South Telegraph Road, Suite 201
Bloomfield Hills, MI 48302

Telephone number: (248) 481-2000    email: lbaker@normanyatooma.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:    email:

**RECEIVED**

FEB 24 2014

KURTZMAN CARSON CONSULTANTS

1. Amount of Claim as of Date Case Filed:    $ 154,999,979.33

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:  See Attached Exhibits
   (See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:
   7 7 9 2

3a. Debtor may have scheduled account as:
    _____
    (See instruction #3a)

3b. Uniform Claim Identifier (optional):
    _____
    (See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $_____
Annual Interest Rate _____ %  ☐ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim:  $_____
Amount Unsecured:  $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

Amount entitled to priority:
$_____

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits. The amount of all payments on this claim has been credited for the purpose of making

B10 (Official Form 10) (04/13) 2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Howard Yale Lederman
Title: Attorney
Company: Norman Yatooma & Associates, P.C.
Address and telephone number (if different from notice address above):
1900 S. Telegraph Road
Suite 201 Bloomfield Hills, MI 48302

/s/ Howard Yale Lederman     02/14/2014
(Signature)                  (Date)

Telephone number: (248) 481-2000     email: hledermdan@normanyatooma.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# Exhibit 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

**ORDER ALLOWING CLAIM NUMBER 1399 OF DR. BRIAN GREENE, AS NEXT FRIEND OF INDIA BOND, A MINOR**

On February 18, 2014, Dr. Brian Greene, As Next Friend of India Bond, a Minor, filed his Proof of Claim. On May 15, 2014, Debtor City of Detroit objected to his Proof of Claim. On or about June 17, 2014, Respondent Greene responded to Debtor's Objections. On June 25, 2014, the Court heard oral argument. Based on its evaluation of the written materials and oral arguments, and being informed of all relevant facts, THE COURT FINDS THAT:

1. Under 11 U.S.C. §§157 and 1334, the Court does not have complete subject matter jurisdiction over this contested matter.

2. Under 28 U.S.C. §157(b)(2), this contested matter is a core proceeding.

3. Under the U.S. Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the circumstances, notice of the Proof of Claim, Debtor's Objection, and Respondent Greene's Response complied with all applicable requirements and was sufficient.

1

4. Legal and factual bases for the relief granted in this Order are present.

THEREFORE, THE COURT ORDERS THAT:

A. The Objection is overruled.

B. Under 11 U.S.C. §502(b), the Claim is allowed.

C. Under 11 U.S.C. §502(b), the Claim is allowed in the amount of $_____$.

D. Debtor, its claims and noticing agent, and the court clerk are authorized to act as appropriate and necessary to honor this allowed Claim.