United States Bankruptcy Court
Eastern District of Michigan

In re:

City of Detroit, Detroit,

                Debtor.
_____/

Case No.13-53846
Judge: Steven W. Rhodes
Chapter 9

**RESPONSE BY CREDITORS TO
FOURTH OMNIBUS OBJECTION OF THE CITY OF DETROIT,
PURSUANT TO SECTIONS 105 AND 502(b) OF THE BANKRUPTCY
CODE, BANKRUPTCY RULE 3007 AND LOCAL RULE 3007-1,
SEEKING THE DISALLOWANCE OF CERTAIN DUPLICATE CLAIMS
DOCKET #4881**

Now comes Kurt Thornbladh P25858 and Thornbladh Legal Group PLLC, and Becker & Wasvary, P.L.L.C. who hereby appear as Counsel of Record for the Creditors Creditors, Plymouth Square Ltd. Housing Association, Cambridge Tower Assoc., Ltd. Div. H.A., Millender Center Associates L.P., and Village Center Assoc. Dvd. H.A., Fenimore Limited Div. Housing Assoc., Bowin Place Associates Ltd. Div. H.A. (henceforth Creditors) by and through their counsel, Thornbladh Legal Group PLLC, and Becker & Wasvary, P.L.L.C. and say as follows:

1. Admitted that the City of Detroit, Michigan filed bankruptcy on July 18, 2013.

2. No response is required as this argument is not relevant to the matter before the Court.

3. No response is required as this argument is not relevant to the matter before the Court.

4. No response is required as this argument is not relevant to the matter before the Court.

5. Denied:
   A. At the behest of the City Law Department, a motion was filed by the Creditors to include a constitutional claim under Headlee (Mich. Const. 1963 Art. IX, §§ 25 and 31). (See Appendix Exhibit A).

B. Since this case involves a constitutional issue under the state constitution, the Court should remand the matter to state Court for a determination of the amount of liability.

6. Admitted.

7. At the date of filing the Creditors had and continue to have a case pending in the Wayne County Circuit Court entitled Hyde Park Cooperative et al v. City of Detroit, by and through its Building, Safety and Engineering Department, Case No. 10-005687-CZ (Filed May 18, 2010), and further:

A. This case is a statutory claim under MCL 125.401, et seq., ("Housing Law"), Michigan Const. 1963, Art. IX, §§ 25 and 31 ("Headlee Act") and under the Ordinances of the City of Detroit, Detroit Property Maintenance Code, Chap. 9..

B. This was and is a complaint by multiple unit housing projects aggrieved by the inflated and unreasonable inspection fees charged by the Defendant, City of Detroit Building, Safety and Engineering Department.

C. There was and is a timely pending motion for class action certification in state court (See Appendix Exhibit B); however prior to determination of this class certification motion, the case was dismissed by the trial court, then appealed to the Michigan Court of Appeals, (See Appendix Exhibit C, Order of Michigan Court of Appeals) and ultimately reinstated by the Michigan Supreme Court and remanded to the trial court. (See Appendix Exhibit D).

D. Prior to determination by the trial court upon remand, the City filed its Chapter 9 petition, and the trial court stayed proceedings.

E. The Creditors have requested the City to Lift the Automatic Stay and remand to the Wayne County Circuit Court, but to date the City has not responded and has ignored this

reasonable request.

F. The attorneys for the Creditors and the City Law Department have been in negotiation for settlement of this matter.

G. Pursuant to the Order of the Court the Creditors filed proofs of claim both individually and as class representative members before the bar date set by the Court stating the amount of claims in the state litigation.

H. The excessive and unreasonable charges by the City have continued to date, and the Creditors have received inquiries from additional non-parties to join in the litigation

8. The City can't object to the separate claims of the Creditors and also object to class certification; for if class certification were not granted or was withdrawn, the individual creditors would still be entitled to assert their individual claims.

9. For the reasons stated above, the claims are not duplicate except claims ## 2689 and 2692 appear to be duplicates but Creditors believe that was an error by the claims agent appointed by the Court.

10. Denied, because the claims are not duplicate claims because each claimant was the victim of a separate series of acts of wrongdoing by the City, in violation of the Michigan Constitution, the Michigan laws, and the Ordinances of the City of Detroit, and each has its own damages and right to recovery.

11. Denied, because the claims are not duplicate claims because each claimant was the victim of a separate series of acts of wrongdoing by the City, in violation of the Michigan Constitution, the Michigan laws, and the Ordinances of the City of Detroit, and each has its own damages and right to recovery.

12. Denied, because the claims are not duplicate claims because each claimant was the

victim of a separate series of acts of wrongdoing by the City, in violation of the Michigan Constitution, the Michigan laws, and the Ordinances of the City of Detroit, and each has its own damages and right to recovery.

13. Denied, because the claims are not duplicate claims because each claimant was the victim of a separate series of acts of wrongdoing by the City, in violation of the Michigan Constitution, the Michigan laws, and the Ordinances of the City of Detroit, and each has its own damages and right to recovery.

14. Creditors have no wish to interfere with the reservation of rights under Section 904 of Title 11, United States Code, and further reserve their rights under the Due Process Clause of the Vth and XIVth Amendments of the U.S. Constitution and the Due Process Clause of the Michigan Constitution.

15. Denied.

16. Admitted.

17. Denied; the allegation of the City appears to ignore the underlying state court proceeding; and further, there are ongoing violations of law by the City which occurred after July 18, 2013 and Creditors are entitled to their remedies thereunder.

Wherefore Creditors pray the Objection # 4881 may be DENIED.

For the Creditors
By: /s/ Kurt Thornbladh
KURT THORNBLADH P25858
Thornbladh Legal Group PLLC
7301 Schaefer
Dearborn, MI 48126
(313) 943 2678
kthornbladh@gmail.com

By: /s/ Mark K. Wasvary
MARK K. WASVARY P51575
Becker & Wasvary, P.L.L.C.
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667
markwasvary@hotmail.com

Dated: June 3, 2014