family residential buildings located in the City of Detroit pursuant to ordinances that it has enacted.

The Plaintiffs' position is that this omnibus law covering all types of buildings is perfectly legal with the exception that it is restricted and limited by the specific provisions of the Housing Law of Michigan being MCLA 125.501 et. sec. (Housing Law) covering residential dwelling which are subject to inspection.

Defendant relies upon Detroit Municipal Code Section 9-1-34(a) which provides in relevant part;

> The fee authorized by this section shall cover the costs of rendering such services and be equitable and sufficient to cover, in so far as possible to determine, the cost incurred by the buildings & safety engineering department in the administration and enforcement of this article.

On the other hand, the Housing Law provides;

> The fee shall not exceed the _actual_, reasonable cost of providing the inspection for which the fee is charged. MCL 125.526(12) [emphasis added].

Accordingly, the Plaintiffs contend that any residential dwelling which is subject to inspection under the Defendant's ordinance may only be charged inspection fees as permitted and limited by the Housing Law in that any ordinance of a covered city which requires a fee based on criteria other than as prescribed by the Housing Law is void. This allegation has been briefed extensively in Plaintiffs' Motion for Partial Summary Disposition, which is currently scheduled for hearing before this Honorable Court on February 4, 2011.

### Class Definition

Plaintiffs propose a class consisting of the following:

All entities and persons constituting owners of buildings and properties

subject to the provisions of the Housing Law of Michigan (MCL 125.501 et. seq.) which or who were charged inspection fees by Defendant that exceed Defendant's actual, reasonable cost for the inspection. Plaintiffs seek a class period dating back to the initiation of such charges or six years prior to the filing of the prior Federal litigation on August 19, 2009 less the lapse of time between dismissal of that litigation on March 3, 2010 and the filing of the instant litigation, whichever is sooner.

Plaintiffs are requesting a class period dating back six years based upon Count III of the First Amended Class Action Complaint which is a claim for restitution. An action in asumpsit has a six year Statute of Limitation. MCL 600.5813.

### Law and Argument

In Michigan, MCR 3.501(A)(1) sets forth the requirements for class certification. MCR 3.501(A) provides sufficient guidance for class certification. <u>Henry v Dow Chemical Company</u>, 772 NW 2d 301 at 311 (2009).

> ...a party seeking class certification is required to provide the certifying Court with information sufficient to establish that each prerequisite for class certification in MCR 3.501(A)(1) is in fact satisfied. A Court may base its decision on the pleadings alone only if the pleadings set forth sufficient information to satisfy the Court that each prerequisite is in fact met. <u>Id.</u> (Attached as Exhibit A is the First Amended Complaint filed in this matter.)

> If the pleadings are not sufficient, the Court must look to additional information beyond the pleadings to determine whether class certification is proper. However, when considering the information provided to support class certification, <u>Courts must not abandon the well accepted prohibition against assessing the merits of a party's underlying claims</u>... <u>Id.</u> [Emphasis added.]

> Certifying Courts must be mindful that, when it is necessary to look beyond a party's assertions to determine whether class certification is proper, the Courts shall analyze any asserted facts, claims, defenses, and relevant law without questioning the actual merits of the case. <u>Id.</u> at 312.

The Court has broad discretion to determine whether a class will be certified. <u>Id</u> at 312. In the matter at hand, all the prerequisites of MCR 3.501(A) are met.

3

### Numerosity - MCR 3.501(A)(1)(a)

MCR 3.501(A)(1)(a) requires the class is so numerous that joinder of all members is impracticable. As part of discovery, Defendant produced its fee schedule for inspection of rental properties which includes multi-family apartments, rooming houses, townhouses, lofts, shelters, terraces, hotels, motels, and one and two family dwellings (see page 10 of fee scheduled attached hereto as Exhibit B). Plaintiffs have agreed to hold off on having Defendant incur great time and expense producing the number of properties involved for these inspections pending this Court's ruling on a Motion for Partial Summary Disposition which is currently scheduled for hearing on February 4, 2011. However, the Court could take judicial notice that there are at least hundreds, if not thousands, of buildings that comprise the properties affected by these fees.

Additionally, as further evidence of numerosity, a similar class of entities was certified in 2009 in the United States District Court for the Eastern District of Michigan in the matter of Village Center Associates Limited Dividend Housing Association, et. al. v City of Detroit, case number 07-cv-12963. In that matter a class was certified consisting of over 2,200 water meters attached to residential property consisting of more than four residential units. Assuming that each residential building in the City of Detroit that is subject to the inspection fee that is at issue in the instant lawsuit, has a water meter attached, as all residential buildings do, one could easily see how a similar class of residential dwellings for the instant matter could range in the thousands. Based on this, Plaintiffs submit that joinder of all members of the class is clearly impracticable.

There is no particular minimum number of members necessary to meet the numerosity requirement. Zine v Chrysler Corporation, et. al., 236 Mich App 261 at 287

4

(1999). "There being little Michigan case law construing MCR 3.501, it is appropriate to consider Federal cases construing the similar Federal Court Rule (F R Civ.P 23) for guidance. Id. (citing to Brenner v Marathon Oil Co., 222 Mich App 128 at 133 (1997)). Courts and commentators, have recognized that the sheer number of potential litigants in a class, especially if more than several hundred, can be the only factor needed to satisfy numerosity. Bacon v Honda America Mfg., Inc., 370 F 3d 565 at 570 (6th Cir. 2004). (Citing 1 Newberg and Alba Conte, Newberg on Class Actions, §3.5, at 243-45 (4th Ed. 2002)). Recently, the United States District Court for the Eastern District of Michigan approved a class of only 42 water/sewage accounts associated with residential buildings in the matter of Lola Valley Terrace Association v Charter Township of Redford, case no. 09-11238.

In the matter at hand, there are thousands of residential dwellings subject to Defendant's inspection fee. Based on this, Plaintiff submits that joinder of all members of the class is clearly impracticable.

### There are Questions of Law and Fact Common to the Plaintiff Class - MCR 3.501(A)(1)(b)

MCR 3.501(A)(1)(b) requires that there be questions of law or fact common to the members of the class that predominate over questions affecting only individual members. The Michigan Court Rule requires that to certify a class action there must be common questions of law or fact that predominate over individual questions. A & M Supply Co. v Microsoft Corp., 252 Mich App 580 at 599 (2002). It requires that the issues are subject to generalized proof and thus applicable to the class as a whole must predominate over those issues that are subject only to individualized proof. Zine at 289. For purposes of certifying a class, the commonality requirement is interdependent with the impracticality of

5

joinder requirement, and the tests together form the underlying conceptual basis supporting class actions. In re American Medical Systems, Inc., 75 F.3d 1069, at 1080 (6th Cir. 1996). Class relief is peculiarly appropriate when the issues involved are common to the class as a whole and when they turn on questions of law applicable in the same manner to each member of the class. Califano v Yamaski, 442 U.S. 682, 701 (1979). The commonality test is qualitative rather than quantitative, that is, there need only be a single issue common to all members of the class. In re American Medical Systems, Inc., 75 F.3d 1069 at 1080.

In this case, virtually all issues of law and fact are common to the class, including but not limited to the following basic factual and legal issues that will have to be litigated in this case:

1. Is injunctive relief an appropriate remedy?
2. Does any statute or law prohibit and preclude the inspection fees assessed to Plaintiffs and those similarly situated?
3. Is the City of Detroit obligated to reimburse and pay restitution to Plaintiffs and members of the class that were charged the inspection fees?
4. Are the overcharges easily ascertainable through discovery?

Plaintiffs state that these issues of fact and law are common to each and every member of the class. The question of whether or not the class was improperly charged and is entitled to reimbursement is the common question that must be answered in order for anyone in the class to recover damages. The amount of damages which each individual class member is entitled to is the only "individual" issue that would need to be resolved and is easily ascertainable through the records of the City of Detroit. Otherwise,

the questions and issues that affect all class members equally are the sole issues in this case and as such they predominate over any individual issues of the amount of damages in this case. A single adjudication can resolve all issues raised by the class.

### Typicality - MCR 3.501(A)(1)(c)

MCR 3.501(A)(1)(c) requires that the claims and defenses of the representative parties are typical of the claims or defenses of the class. For purposes of certifying a class for a class action, "typicality" determines whether a sufficient relationship exists between the injury to the named Plaintiff and the conduct affecting the class, so that the Court may properly attribute a collective nature to the challenged conduct. In re American Medical Systems, Inc., 75 F.3d 1069, at 1082. Thus, a Plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members, and if his or her claims are based on the same legal theory. Id.

After thorough investigation, Plaintiffs' counsel is not aware of any differences between the interests of the representative Plaintiffs and the interests of all other class members. Rather, the Representative Plaintiffs' claims are typical of the claims of the class because the alleged liability of Defendant to the Representative Plaintiffs and the Class arises from the same course of conduct alleged to be in violation of the same statutes, and common law claims. In fact, the representative Plaintiffs and all class members have precisely the same interest in establishing that Defendant violated the Michigan Housing Law by charging the inspection fees that exceed the actual, reasonable cost of the inspection.

Representative Plaintiffs and each class member are owners of residential dwellings, buildings, apartment buildings or housing cooperatives whom or which have

7

been charged improper inspection fees during the class period. As a result, the representative Plaintiffs have claims that are precisely the same as those of all other class members, and, thus, proof of the class' common claims will prove the representative Plaintiff's individual claims. The representative Plaintiffs have no interests that are antagonistic to the class, and they have vigorously pursued the claims on behalf of itself and the entire class. The Representative Plaintiffs thus submit that they have demonstrated that their interests are sufficiently aligned with those of the other class members so as to satisfy the typicality requirement.

### Adequacy of Representation - MCR 3.501(A)(1)(d)

MCR 3.501(A)(1)(d) requires that the representative parties will fairly and adequately assert and protect the interests of the class. This prerequisite is essential to due process, because of final judgment in a class action is binding on all class members. Hansberry v Lee, 311 U.S. 32 (1940). The adequacy inquiry serves to uncover conflicts of interest between named parties and the class they seek to represent. See General Telephone Co. of Southwest v Falcon, 457 U.S. 147, 157-58 (1982). A class representative must be part of the class and possess the same interest and suffer the same injury as the class members. Amchem Products, Inc. v Windsor, 521 U.S. 591, 625-26 (1997).

The two criteria for determining adequacy of representation are: (1) the representative(s) must have common interests with unnamed members of the class, and (2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel. Senter v General Motors Corp., 532 F.2d 511 (6th Cir. 1976). The adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentive to

8

pursue the claims of the other class members. In re American Medical Systems, Inc., 75 F.3d 1069, at 1083.

Plaintiffs assert that the named Plaintiffs are more than adequate representatives for the members of the class. Named Plaintiffs are the owners of residential buildings that have been charged the inspection fee within the class period. All potential class members have suffered the same type of damages, though varying in the amount.

With respect to adequacy of counsel, the improper fees alleged in this lawsuit have been charged for years and Plaintiffs' counsel is the first to bring an action of this kind. Attorney, Carl Becker, has been practicing law for 40 years specializing in representing multi-family residential complexes. Carl Becker and Mark Wasvary were both certified as class counsel in the U.S. District Court for the Eastern District of Michigan in Village Center Associates, et. al. v City of Detroit, USDC case no. 07-12963 in which a common fund of $3,000,000 was obtained for a similar class of multi-family residential properties that were charged improper fees on their sewage bill and are well qualified to act as lead counsel to provide adequate representation for the class.

Carl Becker and Mark Wasvary have also been certified as class counsel in the matter of Lola Valley Terrace Association v. Charter Township of Redford in case no. 09-11238 in the United States District Court for the Eastern District of Michigan in which Redford was charging an improper sewage fee to residential buildings. The Federal Court in that matter approved a common fund of $65,600.00. Further, Carl Becker has been certified in the U.S. District Court Western District of Michigan, prior to settlement and handled the case through resolution and judgment in the matter of Meredith v Beneficial Finance.