IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
In re                                                    :   Chapter 9
                                                         :
CITY OF DETROIT, MICHIGAN                                :   Case No. 13-53846
                                                         :
                                    Debtor               :   Hon. Steven W. Rhodes
---------------------------------------------------------x

## WRITTEN RESPONSE TO CITY OF DETROIT OBJECTION
## CLAIM NUMBER 2902 FILED BY PENNY MABIN

Penny Mabin, appearing in pro per, responds to the City of Detroit objection to claim number 2902 (the "Claim") as follows.

1. The Subject Property is an 18 unit apartment building with three commercial units located at 445 E Fisher Freeway Detroit, MI and 2457 Beaubien Detroit, MI.

2. The Fifth Amendment to the United States Constitution mandates the payment of just compensation when government takes private property.

3. The City of Detroit, in its objection, does not deny that it took the Subject Property without paying "just compensation."

4. It is unconscionable for the City of Detroit to object to the Proof of Claim for failure to comply with Rule 3001(f) where Claimant used the form supplied by the City of Detroit. The "Claim" was submitted on the Proof of Claim form provided by the City of Detroit and approved by the Bankruptcy Court. Claimant filled out the Proof of Claim form in its entirety.

5. Claimant's Proof of Claim sufficiently apprised the City of Detroit of the nature of the "Claim" and the parties involved. The City of Detroit, with minimal effort, can determine the validity of the "Claim" with the information provided in the Proof of Claim.

6. It is fraud (dolus) for the City to object to the "Claim" where evidence corroborating the "Claim" is in the City's possession.

7. The City of Detroit has not provided one iota of evidence challenging the validity of the "Claim", which the City of Detroit admits it must do in order to shift the burden of persuasion from the City of Detroit to Claimant. See Paragraph 19 of the City of Detroit Objection.

8. If the burden of persuasion somehow shifted to Claimant, due process mandates that this Court must allow Claimant opportunity to meet the burden of persuasion.

9. The valuation of the Subject Property submitted by Claimant is sufficient. According MCL 213.61(2) Claimant is permitted to testify to the value of Claimant's property.

10. Penny Mabin seeks to preserve her right to adjudicate the "Claim" post Chapter 9 bankruptcy proceedings.

13. Oral argument is not requested.

For the reasons stated above, Claimant, Penny Mabin, appearing in pro per, ask this Court to deny the relief requested by the City of Detroit and enter an order preserving Claim Number 2902.

Respectfully submitted,

*P. Mabin* (signature)

### CERTIFICATE OF SERVICE

Copy of written response to Debtor's Objection was hand delivered to John H Simon Esq, City of Detroit at his place of business on June 18, 2014.

*P. Mabin* (signature)