# Exhibit 6-C

# Honigman Letter [04-12-13]

# HONIGMAN

Honigman Miller Schwartz and Cohn LLP
Attorneys and Counselors

Alan S. Schwartz

(313) 465-7574
Fax: (313) 465-7575
azschwartz@honigman.com

*Via Hand Delivery*

April 12, 2013

William D. Schuette
Attorney General of the State of Michigan
G. Mennen Williams Building
7th Floor
525 W. Ottawa St.
P.O. Box 30212
Lansing, MI 48909

Re: *Detroit Institute of Arts*

Dear General Schuette:

You have asked whether the art collection of the Detroit Institute of Arts (the "Museum Art") may be sold to satisfy debts of the City of Detroit (the "City"). The answer is "no."

To begin, such a sale would breach the December 12, 1997 Operating Agreement between the Detroit Institute of Arts, Inc. ("DIA") and the City. Under that agreement, the DIA has the exclusive responsibility for managing the Museum Art, including the acquisition and sale of art. (*See, e.g.*, Operating Agreement §§ D.1, D.3 and F.2.) The Operating Agreement also expressly states that "[a]ny funds received from disposition of works of art in the *City art collection* shall be used solely to purchase other works of art for the *City art collection*." (*Id.* § F.2.) In short, a sale would require the consent of the DIA, which it will not give, and the proceeds of such a sale could only be used to acquire art, which would not be the case here.

Even if the Operating Agreement were terminated (which would yield disastrous results to the Museum, the City and the region),[1] the Museum Art could still not be sold.

First, a sale would contradict the charitable intentions of thousands of donors and the conditions of their charitable gifts. These donors have contributed hundreds of millions of dollars and priceless works of art with the understanding that such works would be held in charitable trust by the DIA and that such funds would be used solely to care for, maintain, and exhibit the Museum Art. To sell the Museum Art to satisfy City operating debts would disregard the intentions and legal rights of donors who have supported the DIA for more than a century.

---

[1] The DIA has the duty under the Operating Agreement to raise the funds necessary to support the Museum. These funds have historically been obtained by gifts of tens of millions of dollars to the DIA's annual fund campaign. The DIA is also the designated recipient under Service Agreements with the art authorities in Wayne, Oakland and Macomb Counties of an estimated $23 million per year in millage funds. If the Operating Agreement were terminated, the Museum would lose access to both sources of revenue.

2290 First National Building · 660 Woodward Avenue · Detroit, Michigan 48226-3506
*Detroit · Lansing · Oakland County · Ann Arbor · Kalamazoo*

13-53846-tjt    Doc 5434-3    Filed 06/18/14    Entered 06/18/14 16:56:39    Page 2 of 3

# HONIGMAN

April 12, 2013
Page 2

      Second, a sale of the Museum Art would improperly transfer the benefits of public financial support to the City and its creditors. Over the years, federal, state, and local tax dollars have been provided to the DIA based on the understanding that the Museum Art would not be sold. For example, the Honorable Mayor David Bing stated in a 2012 letter prior to the passage of the tax millage in the Counties of Wayne, Oakland, and Macomb that "I can assure you that the City of Detroit does not intend to sell the DIA art collection. Our operating agreement with the Detroit Institute of Arts expressly prohibits that, but even more important, we are committed to holding these works in trust for the public." A sale of the Museum Art would not only break the City's promises not to sell the art; it would effectively transfer the benefits gained from decades of public support to the City and its creditors without proper public approval or authorization.

      Finally, a sale of the Museum Art would compromise affirmative and ongoing fiduciary duties, long understood to bind public servants, to protect our cultural resources. As the City itself has recognized many times, the Museum Art is held in public trust for the benefit of the people of the City of Detroit and the State of Michigan. A sale of the cultural heritage of the City to satisfy short term needs would plainly violate the public trust and unlawfully jeopardize the public welfare.

      I hope that this addresses your question. Please let me know if I can be of further assistance.

                                      Very truly yours,

                                      Alan S. Schwartz

c: Richard A. Bandstra
   Eugene A. Gargaro
   Graham W.J. Beal
   Annmarie Erickson
   Robert E. Bowen
   John D. Pirich

12386446.5

2290 First National Building · 660 Woodward Avenue · Detroit, Michigan 48226-3506
*Detroit · Lansing · Oakland County · Ann Arbor · Kalamazoo*