UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
-----------------------------------------------------------x
                                                           :
In re                                                      : Chapter 9
                                                           :
CITY OF DETROIT, MICHIGAN,                                 : Case No. 13-53846
                                                           :
                Debtor.                                    : Hon. Steven W. Rhodes
                                                           :
                                                           :
-----------------------------------------------------------x
```

# FINANCIAL GUARANTY INSURANCE COMPANY'S JOINDER IN SYNCORA'S RESPONSE IN OPPOSITION TO FOUNDATIONS' MOTION TO QUASH DEPOSITION AND DOCUMENT SUBPOENAS

Financial Guaranty Insurance Company ("**FGIC**"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, hereby joins in *Syncora's Response in Opposition to Foundations' Motion to Quash Deposition and Document Subpoenas* [Docket No. 5427] (the "**Response**").

In support of this joinder, FGIC adopts and incorporates the arguments in the Response in their entirety as if fully set forth in this joinder. In addition, FGIC respectfully submits as follows:

1. FGIC is objecting to the Plan[1] on the grounds that, among other things, it unfairly discriminates against Holders of COP Claims by providing substantially greater and less risky recoveries to Holders of Pension Claims. (*See Objection of Financial Guaranty Insurance Company to Plan for the Adjustment of Debts of the City of Detroit* [Docket No. 4660] at § III.A.) Pursuant to the Plan, for the first 20 years after the Effective Date, recoveries for

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Response.

Holders of Pension Claims will be funded, in large part, by cash contributions from the Foundations pursuant to the DIA Settlement, while Holders of COP Claims will receive New B Notes. (Plan at 32-33.) In attempting to justify this disparate treatment, the City claims that the Foundations earmarked their contributions for distribution to Holders of Pension Claims. (*Consolidated Reply to Certain Objections to Confirmation of Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* [Docket No. 5034] (the "**Reply**") ¶ 54.) The City further argues that, because the Foundations will receive nothing in exchange for their contributions, distributions to Holders of Pension Claims from the Foundations' contributions should not be considered treatment "under the Plan" or considered as part of the Court's unfair discrimination analysis. (*Id.* ¶¶ 54-55.) FGIC strongly contests each of the City's unfair discrimination arguments. However, in order to adequately present and defend its position at the Confirmation Trial, FGIC needs access to information regarding the circumstances surrounding the Foundations' agreement to make contributions pursuant to the DIA Settlement, including (i) any conditions the Foundations placed on their contributions, including when and why the Foundations introduced such conditions and (ii) what the Foundations expect to receive in exchange for their contributions.

2. Only the Foundations can provide this critical information, and they have failed to articulate any reason why it would be unduly burdensome for them to do so. The Foundations' attempt to hide behind the mediation privilege is equally unavailing. Given the importance of the Foundations' contributions under the DIA Settlement to the Plan (*see* Reply ¶¶ 2, 29 (referring to the DIA Settlement as "the heart of the City's settlements" and a "cornerstone of the Plan")) and their relevance to the arguments that will be made at the

Confirmation Trial, requiring the Foundations to sit for one-day depositions and comply with Syncora's document requests is more than justified.

WHEREFORE, for the reasons set forth in the Response and above, FGIC respectfully requests that the Court (i) deny the *Joint Motion of the Foundations to Quash Subpoenas Duces Tecum* [Docket No. 5300] and (ii) grant such other and further relief as the Court may deem just and proper.

Dated: June 18, 2014
Houston, Texas

    /s/ Alfredo R. Pérez
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

– and –

Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

*Attorneys for Financial Guaranty Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on June 18, 2014 the *Financial Guaranty Insurance Company's Joinder in Syncora's Response in Opposition to Foundations' Motion to Quash Deposition and Document Subpoenas* was filed and served via the Court's electronic case filing and noticing system to all registered users that have appeared in the main Chapter 9 proceeding.

      /s/ Alfredo R. Pérez
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

Dated: June 18, 2014