## Exhibit 6F

**6/10/2014 E-mail from S. Hackney to G. Irwin**
**6/11/2014 E-mail from G. Irwin to S. Hackney**

**From:** Geoffrey S Irwin [mailto:gsirwin@JonesDay.com]
**Sent:** Wednesday, June 11, 2014 2:19 PM
**To:** Hackney, Stephen C.
**Subject:** RE: Remaining Syncora Interrogatories

Steve:

If you believe you need motion practice on this, I suppose there's not much left to discuss, which is unfortunate. I feel like this is coming down to what is sufficient to say we don't know the answer to the question, and that you don't want us to even refer to the documents evidencing what we do know. I still cannot understand why you feel like the responses don't put you in a position to establish the limits of the City's knowledge on these topics and make whatever use of that you will. I really think you guys are splitting hairs here and that this is vastly overblown, but you'll obviously manage your own case as you see fit.

For purposes of your motion, I'll stipulate that our exchange below accurately restates our agreement, i.e. that we had agreed to amend the art-related responses and either answer the question or indicate that we cannot. You advised me that the latter would be deemed acceptable to Syncora in light of my repeated statements that we lacked the totality of information needed to respond and that, in order to do so, we would have to request the same information that you have requested from DIA. It is not true, however, that we ever agreed that the City would state unequivocally that we do not know the answer to any of these questions where we do, in fact, have partial information. It seems obvious to me that we cannot be untruthful in our responses, regardless of how you are construing our agreement, and that was the very point that I was making to you and Bill in my email to you on June 4 -- to which I never received any response. Nor is it accurate to say that we ever agreed that the Christies report was the "limited exception" to the partial information that we would reference our responses. It is certainly an example I have used, but I don't know why you say that in your note. Everyone knows that we had the AG opinion, which is relevant to saleability and not value, and it's hard for me to understand that you are now saying that the City can only answer rogs relating to restrictions on transfer with a blanket "we know nothing" and with no mention of that opinion.

You asked on a prior occasion for us to produce and identify for you documents on valuation, transferability, etc, and I provided just that to you. While we have identified those materials for you in our responses -- which are very limited in scope and fully consistent with Rule 33(d) -- and indicated that these documents contain information that is responsive to your request, the rest of the response is exactly what we agreed, namely that we do not have the information that is required to answer the requests in their entirety. We accomplish that by saying, not as an invocation of Rule 33(d) but as an observation, that you seem to have requested the same information from DIA, which is where we would expect the answers to be. We are not saying the answers are there (hence the "if anywhere" reference). We are saying that we don't know, but we also don't understand why you are asking us when you seem to have separately asked the correct party. (Just taking No. 1 as an example, you requested -- and the DIA has agreed to provide in its letter agreement with you -- a list of "Major Works", i.e. those valued at $1 million or more, so it seems perfectly reasonable to refer you to your own agreement with the party actually in possession of the information when the requests are identical.) Again, I fail to see what is so controversial about that and why it isn't the answer you were expecting.

It's too bad this has to be so acrimonious as it continue to be my belief that we have been upfront about all of this. Regardless I think this is the kind of dispute that the Court would have assumed we could work out ourselves.

Let me know if it makes sense to talk, but I wanted to close the loop on this.

Geoff

1

Geoffrey S. Irwin
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Avenue, NW
Washington, DC 20001-2113
Office +1.202.879.3768
gsirwin@jonesday.com

| From: | "Hackney, Stephen C." <shackney@kirkland.com> |
|---|---|
| To: | Geoffrey S Irwin <gsirwin@JonesDay.com>, |
| Date: | 06/10/2014 10:50 AM |
| Subject: | RE: Remaining Syncora Interrogatories |

Our agreement on multiple occasions was that the City would either answer the interrogatories, or say that it did not know the answer to the interrogatories, with the limited exception of the Christie's valuation data.

Your answers to the interrogatories suggest the opposite: they are 33(d) responses that say "The answer to your question is knowable if you only review these documents." You don't say, for example, that the City hasn't reviewed those documents and thus doesn't know. That was not our agreement. I am totally willing to avoid motion practice if the City will provide answers that say, for example, "Other than as reflected in the Christie's valuation, found at document x, the City does not know what pieces in the collection are worth more than $1 million. Additional information responsive this interrogatory may reside with the DIA, but the City is unaware of specific documents at the DIA responsive to this request." Similar answers can be crafted for each rog. If you'd like, we can propose language to you that would be acceptable that we believe to be true.

But the long answer is that your rog answers are trying to walk the line between (a) not answering the question; and (b) not conceding that you don't know the answer to the question. You are referring us to DIA documents that you haven't reviewed, that you don't know the contents of, and that we don't believe answer the question. And you aren't even specifying what DIA docs you are referring to, so it doesn't even work as a 33(d) response.

We have been at this now for six weeks. This is our last best chance to lance the boil and be done with it. I believe your case at trial is going to be "the issue is a generally complicated one, and so we settled and you should respect our judgment." Bruce said as much at the pretrial conference. Given that fact, I don't see why what I am asking for is controversial. It will simply clarify that point and put the case clearly to the court.

Let me know if you think further effort on this can be fruitful.

Best,

Steve

**From:** Geoffrey S Irwin [mailto:gsirwin@JonesDay.com]
**Sent:** Tuesday, June 10, 2014 9:38 AM
**To:** Hackney, Stephen C.
**Subject:** Fw: Remaining Syncora Interrogatories

2

Steve, I'm around if you want to talk, but I certainly feel like I answered the rogs exactly as I indicated I would below. I spoke with Bill, but I included you on our emails so there would be no confusion. If you responded to this note I absolutely missed it.

Geoffrey S. Irwin
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Avenue, NW
Washington, DC 20001-2113
Office +1.202.879.3768
gsirwin@jonesday.com

----- Forwarded by Geoffrey S Irwin/JonesDay on 06/10/2014 10:32 AM -----

| | |
|---|---|
| From: | Geoffrey S Irwin/JonesDay |
| To: | "Arnault, Bill" <warnault@kirkland.com>, |
| Cc: | "Hackney, Stephen C." <shackney@kirkland.com> |
| Date: | 06/04/2014 03:29 PM |
| Subject: | Re: Remaining Syncora Interrogatories |

Thanks, Bill. In many instances we would have partial information (we did have the Christies report) but we'll acknowledge that the answers to these questions reside with DIA, not the City.

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

**From:** Arnault, Bill
**Sent:** Wednesday, June 4, 2014 2:52 PM
**To:** Geoffrey S Irwin
**Cc:** Hackney, Stephen C.
**Subject:** RE: Remaining Syncora Interrogatories

Geoff,

That's correct. Per our discussion, except for the three art interrogatories you've identified below, you've agreed that the City will supplement its answers by stating that the City does not know the answer to the questions posed in the applicable interrogatories.

3

Thanks,
Bill

**William E. Arnault**
Kirkland & Ellis LLP
300 North LaSalle Street, Chicago, IL 60654
+1-312-862-3062 (Dir.) +1-312-862-2200 (Fax)
www.kirkland.com

**From:** Geoffrey S Irwin [mailto:gsirwin@JonesDay.com]
**Sent:** Wednesday, June 04, 2014 12:19 PM
**To:** Arnault, Bill
**Cc:** Hackney, Stephen C.
**Subject:** Fw: Remaining Syncora Interrogatories

Apologies, I should have also mentioned that I don't think we could respond more specifically to No. 10 than we already have (with reference to the supporting fixed asset schedule) so I wasn't planning to supplement that one either.  Please let em know if you disagree.  Geoff

Geoffrey S. Irwin
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Avenue, NW
Washington, DC  20001-2113
Office +1.202.879.3768
gsirwin@jonesday.com

----- Forwarded by Geoffrey S Irwin/JonesDay on 06/04/2014 01:16 PM -----

| | |
|---|---|
| From: | Geoffrey S Irwin/JonesDay |
| To: | "Arnault, Bill" <warnault@kirkland.com>, |
| Cc: | stephen.hackney@kirkland.com |
| Date: | 06/04/2014 11:51 AM |
| Subject: | Remaining Syncora Interrogatories |

Bill:

Sorry I missed your call and thanks for your message.  I will provide you with supplemental responses to the "art interrogatories", specifically Nos. 1-11, with the following qualifications:

1.  You have agreed that the City's answer to No. 8 is acceptable and needs no further supplementation; and

2.  You have clarified that No. 9 is limited to communications with third parties outside the mediation process.

I'll turn to this shortly and will give you an ETA when I have one.

4

Thanks.  Geoff

Geoffrey S. Irwin
Partner
**JONES DAY® - One Firm Worldwide℠**
51 Louisiana Avenue, NW
Washington, DC  20001-2113
Office +1.202.879.3768
gsirwin@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

**********************************************************
IRS Circular 230 Disclosure:
To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
**********************************************************

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


**********************************************************
IRS Circular 230 Disclosure:

5

To ensure compliance with requirements imposed by the U.S. Internal Revenue Service, we inform you that any tax advice contained in this communication (including any attachments) was not intended or written to be used, and cannot be used, by any taxpayer for the purpose of (1) avoiding tax-related penalties under the U.S. Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.
***********************************************************



==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

6