# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN<br><br>                 Debtor. | Chapter 9<br><br>Case No.: 13-53846<br><br>Hon. Steven W. Rhodes |

## CITY OF DETROIT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER STRIKING SYNCORA'S DEMAND IN ITS RULE 30(b)(6) DEPOSITION NOTICE FOR THE PERSONAL FINANCIAL INFORMATION OF ALL CITY RETIREES

Although it is still early, Syncora's outsized approach to discovery has shown it will stop at nothing to sabotage the Grand Bargain and derail the City's Plan of Adjustment. It has served the City with 80 separate document requests, the maximum 25 interrogatories and dozens of Rule 30(b)(6) topics. But its latest discovery effort crosses the line. Syncora now insists it must know ***the current assets and income of all 20,000 City retirees***.[1] The only possible explanation for this outrageous request is that Syncora is attempting to gain a litigation advantage by harassing, oppressing and embarrassing the City and its retirees.

---

[1] *See* Syncora's Rule 30(b)(6) Notice, attached hereto as Ex. 6-A; Email from W. Arnault to G. Shumaker, attached hereto as Ex. 6-B.

The City has struggled to imagine any possible scenario where the personal financial information of its retirees could be relevant to the confirmation of the City's Plan. Syncora's pretext for needing this information is that it might somehow prove to this Court that the retirees – many of them elderly and disabled, dependent on their pensions – will *not* suffer more than Syncora will if the Grand Bargain fails and they are forced to bear even greater cuts to those pensions. While the City's Plan recognizes the reality faced by retirees and provides augmented recoveries to the retirees as a result, Syncora – a billion-dollar insurance company – is offended by that idea and now demands to know how much money those retirees make and what they currently own so Syncora can compare its financial status with theirs.

Syncora wants to test the City's proposition that "the marginal harm that will result from each dollar of pension cuts is far greater than the harm that will result from each dollar of cuts imposed on bondholders."[2] Syncora is misguided, and its extraordinarily broad and personally intrusive discovery demand should be stricken. As discussed in detail below, even if the City has access to such information, the assets and income of the more than 20,000 retirees of the City of Detroit are not a proper topic for discovery.

---

[2] *Consolidated Reply to Certain Objections to Confirmation of Fourth Amended Plan for the Adjustment of Debts of The City of Detroit*, Docket No. 5034, at 45.

In order to preserve its rights, as required under Fed. R. Civ. P. 37(d)(2),[3] made applicable to this proceeding through Fed. R. Bankr. P. 7037 and 9014(c), the City hereby moves this Court for a protective order under Fed. R. Civ. P. 26(c), striking the topic of the financial position of the City's retirees.

## I. RELEVANT BACKGROUND

On May 5, 2014, Syncora served upon the City its Notice of Rule 30(b)(6) Deposition in which it sets forth fifty-two (52) separate deposition topics. *See* Dkt. No. 4403. Many of the topics are broad, vague and of questionable relevance – for example, "[t]he historical causes of the City's financial instability and bankruptcy filing" (topic no. 1), "[t]he City Planning Commission, the City Plan, and the Detroit Future City Strategic Framework" (topic no. 30) and "[t]he status of any anticipated changes to the Detroit City Charter" (topic no. 34).

The City objected and counsel subsequently conducted a meet-and-confer. Notwithstanding the breadth, vagueness and arguable irrelevance of many of the remaining topics, the City agreed to produce one or more witnesses to testify regarding 49 out of 50 of the topics.[4] *See* Ex. 6-C. But the fiftieth – Syncora's demand that a witness be produced to testify about the identities, addresses and

---

[3] Rule 37(d)(2) provides that a party's failure to produce a witness to testify in response to a Rule 30(b)(6) notice "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."

[4] Syncora agreed to withdraw two of its topics.

personal finances of all 20,000 of the City's retirees (request no. 29) – is so far beyond the pale that the City cannot agree to it.[5]

## II. ARGUMENT

A court may issue an order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense" by, among other things, "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D); *see also Stacy v. H & R Block Tax Servs., Inc.*, No. 07-CV-13327, 2011 WL 807563, at *2 (E.D. Mich. Mar. 2, 2011) (issuing protective order to quash Rule 30(b)(6) deposition topic as "overbroad as to time and scope and not reasonably tailored to matters relevant to [the] case"). Rule 26(c) confers broad discretion on the court "to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). When a discovery request is "overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request." *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003).

---

[5] Syncora has indicated that it would be willing to withdraw its request for the specific identities of the retirees – i.e., their names – and instead of specific street addresses accept the retirees' "city and state of residence." *See* Ex. 6-B. The City understands that Syncora is already in the process of obtaining data from the Retirement Systems that will show retirees' city and state of residence. Accordingly, there is no need for Syncora to try to obtain the same information from a Rule 30(b)(6) witness.

Syncora's demand for the personal financial information of thousands of City retirees is squarely the type of oppressive, burdensome, overly broad and irrelevant request that warrants a protective order. Syncora has no need to delve into retirees' personal finances to determine that many, if not most, of them would suffer grave hardship if their pensions were reduced any further; rather, that fact may readily be inferred from other, less intrusive sources of information. For example, through document productions by the City, the Retirement Systems and publicly-available documents, Syncora has access to information regarding the mean and median pensions received by retirees; the number of years each retiree worked for the City – years during which no Social Security safety net would have accrued; and statistics on the ages of current retirees and the number of retirees who are disabled, showing that a majority of retirees will likely be unable to find employment should they lose their pensions.

And if it is truly intent on assessing the personal hardships of pension cuts on the City's retirees, Syncora need only examine the words of many retirees themselves – the hundreds who have chosen to share their situations in public filings. For example:

- "The new cost of medical coverage for retirees less than 64 years old when added to the proposed reduction in the pension payment will leave us with less than eight thousand dollars a year to live on. With housing, heating, food and water and other living expenses, I can't figure out how to do it." – Harriett Billingslea, Docket No. 3700

- "If I lose any more income I will lose my home." – Patricia A. Beamon, Docket No. 2840

- "My pension is my only source of income. Any deduction of my pension would be devastating to my social economic status. It would place me into . . . poverty, therefore force me to seek public assistance." –Eric Davis, Docket No. 2888

- "I am a seventy one year old female retiree of the City of Detroit. I drive an eighteen year old Geo Prism car and I pay a mortgage, and a cut to my current pension payment would devastate me and my husband. A cut to my pension would cause us to lose our home because I pay the mortgage." – Yvonne Holliday-Roberts, Docket No. 2860

- "I am 58 years old. I am a City of Detroit retiree and a cancer patient. . . . My total monthly obligation is $7100. My total household income is $5300 monthly. We can not afford a pay cut unless I walk away from our home and our car." – Amru Meah, Docket No. 2920

These and many similar statements by the retirees themselves paint a clear picture of the hardships that further reductions in their pensions would cause.

By contrast, the information demanded by Syncora, without context, would prove nothing. A retiree with minimal income might live with his wealthy daughter, and be unaffected by a cut to his pension. A retiree with a relatively comfortable income might be facing high medical bills, so that any reduction in her pension would leave her unable to make ends meet. Unless Syncora intends to begin noticing the depositions of 20,000 retirees to question them about their overall financial wellbeing, topic 29 is a pointless line of inquiry. The information that is already available to Syncora demonstrates that it is highly likely that *many*, if not *most*, of the City's retirees – who are elderly or disabled and subsist

primarily on very modest pensions – would be financially devastated by the deeper cuts to their pensions advocated by financial creditors such as Syncora. Syncora needs, and is entitled to, no more than what it has already received regarding the financial condition of the retirees.

In any event, even if the City could educate a witness on the personal finances of over 20,000 individual retirees,[6] it is inconceivable that any information that the City could provide regarding retirees' current assets and income would demonstrate that the harm of a reduced recovery to a financial creditor such as Syncora comes anywhere near the harm to an elderly pensioner from a reduction in her sole source of income. A pensioner's personal hardship simply is not comparable to the "hardships" of the City's financial creditors, and the information demanded by Syncora cannot prove otherwise.

## III. CERTIFICATION OF COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 26(C)(1) AND LOCAL RULE 9014-1(H)

In compliance with Federal Rule of Civil Procedure 26(c)(1) and Local Rule 9014-1(h), the City hereby certifies that its counsel conferred with

---

[6] Such an exercise would impose an undue on the City and constitutes further grounds for striking topic 29. *See, e.g. Sandler v. I.C. Sys.*, 2014 U.S. Dist. LEXIS 63539, *5-6 ( E.D. Mich. May 8, 2014) (striking Rule 30(b)(6) deposition topics where "the burden of preparing a witness to testify regarding these far-reaching topics far outweighs the likely benefit").

counsel for Syncora in a good faith effort to narrow and resolve the issues raised in this motion. Ultimately, counsel were unable to reach an agreement.

## IV. CONCLUSION

For the foregoing reasons, the City respectfully requests that the Court enter an order in the form attached hereto as Exhibit 1, striking Syncora's deposition topic no. 29 and granting such further relief as the Court deems appropriate.

**[signature page follows]**

Dated: June 18, 2014

Respectfully submitted,

/s/ Deborah Kovsky-Apap
Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Telephone: (248) 359-7300
Fax: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

  - and -

David G. Heiman
Heather Lennox
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

  - and -

Thomas F. Cullen, Jr.
Gregory M. Shumaker
Geoffrey S. Stewart
Geoffrey S. Irwin
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

**ATTORNEYS FOR THE CITY OF DETROIT**

# SUMMARY OF EXHIBITS

The following exhibits are attached to this motion, labeled in accordance with Local Rule 9014-1(b):

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice |
| Exhibit 3 | None (Not Applicable) |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None (Not Applicable) |
| Exhibit 6-A | Syncora's Notice of Rule 30(b)(6) Deposition |
| Exhibit 6-B | Email from W. Arnault to G. Shumaker |
| Exhibit 6-C | City of Detroit's Identification of Witnesses in Response to Syncora's Notice of Rule 30(b)(6) Deposition |