# EXHIBIT 6-A

**Syncora's Notice of Rule 30(b)(6) Deposition**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## NOTICE OF 30(B)(6) DEPOSITION OF CITY OF DETROIT, MICHIGAN

PLEASE TAKE NOTICE that pursuant to Federal Rules of Civil Procedure 26 and 30(b)(6), made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 7026 and 7030, you are hereby notified that Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively "Syncora") will take the oral deposition of the City of Detroit, Michigan (the "City"), commencing on May 21, 2014, 2014, at 9:00 a.m. EST, and continuing thereafter until completed. Said deposition will be stenographically and videographically recorded. The deposition will be taken for the purposes of discovery, for use at court hearings or trial, or for such other purposes as are permitted under the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure. The deposition will take place at McDonald Hopkins LLC, 39533 Woodward Avenue, Suite 318, Bloomfield Hills, Michigan 48304.

The City is required to designate, pursuant to Rule 30(b)(6), person(s) to testify on its behalf regarding the subject matters listed in the attached Schedule A. The City is requested to provide Syncora's counsel, as soon as reasonably possible, with a written designation of the name(s) and position(s) of the persons who consent to testify on behalf of the City.

Dated: May 5, 2014        */s/ Stephen C. Hackney*

                               James H.M. Sprayregen, P.C.
                               Ryan Blaine Bennett
                               Stephen C. Hackney
                               KIRKLAND & ELLIS LLP
                               300 North LaSalle
                               Chicago, Illinois 60654
                               Telephone: (312) 862-2000
                               Facsimile: (312) 862-2200

                               *Attorneys for Syncora Guarantee Inc., and Syncora Capital Assurance Inc.*

2

13-53846-swr  Doc 4440  Filed 05/05/14  Entered 05/05/14 20:41:39  Page 2 of 12
13-53846-tjt  Doc 5442-6  Filed 06/18/14  Entered 06/18/14 20:44:34  Page 3 of 13

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI  48304
Telephone:  (248) 646-5070
Facsimile:  (248) 646-5075

*Local Counsel for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*

# Schedule A

## I. DEFINITIONS

1. The term "City" shall mean the City of Detroit, Michigan, as well as any of its past or present divisions, such as, but without limitation, the Detroit Arts Commission, and departments, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, and all other persons acting or purporting to act on their behalf, including Kevyn D. Orr acting as Emergency Manager and any successors.

2. The term "COP Litigation" shall mean the adversary proceeding captioned as *City of Detroit, Michigan v. Detroit General Retirement System Service Corporation, Detroit Police and Fire Retirement System Service Corporation, Detroit Retirement Systems Funding Trust 2005 and Detroit Retirement Systems Funding Trust 2006*, Case No. 14-04112 (Bankr. E.D. Mich.), filed in the City's Chapter 9 Case on January 31, 2014.

3. The term "Plan of Adjustment" means the City's Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, filed on May 5, 2014 [Doc. No. 4392].

4. The term "Fourth Amended Disclosure Statement" shall mean the City's Fourth Amended Disclosure Statement With Respect to Fourth Amended

Plan for the Adjustment of Debts of the City of Detroit, filed on May 5, 2014 [Doc. No. 4391].

5. The term "Retirement Systems" shall mean the DGRS and the DPFRS.

6. The term "DGRS" shall mean the Detroit General Retirement System.

7. The term "DPFRS" shall mean the Detroit Police and Fire Retirement System.

8. The term "New B Notes" shall have the same meaning as in the Plan of Adjustment.

9. The term "COPs" shall have the same meaning as in the Plan of Adjustment.

10. The term "Detroit Institute of Arts" means the Detroit Institute of Arts, a museum and cultural facility located at 5200 Woodward Avenue, Detroit, Michigan 48202, and any and all of its predecessors, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, and all other persons acting or purporting to act on its behalf.

11. The term "Collection" shall mean the collection of over 60,000 works of art displayed or stored at the Detroit Institute of Arts, and any other Detroit Institute of Arts works of art in off-site storage facilities.

KE 31121867.9
13-53846-tjt  Doc 5442   Filed 06/18/14   Entered 06/18/14 20:41:39   Page 6 of 13
13-53846-swr  Doc 4403   Filed 05/05/14   Entered 05/05/14 20:14:39   Page 5 of 12

12. The term "Collections Management Policy" shall mean the Detroit Institute of Arts Collection Management Policy and all amendments or modifications thereto.

## II. INSTRUCTIONS

1. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are directed to designate one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf and who have knowledge of and are adequately prepared to testify concerning the topics enumerated below.

2. The use of the singular form includes the plural and vice versa, any use of gender includes both genders, and a verb tense includes all other verb tenses.

3. All terms and phrases used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly-literal, or otherwise restrictive manner.

## III. DEPOSITION TOPICS

1. The historical causes of the City's financial instability and bankruptcy filing.

2. The City's tax policy, taxing capabilities, tax revenue assumptions/projections, and any studies regarding the foregoing.

3. The anticipated cost and time to judgment of the COP Litigation.

4. The authority of the City to terminate retirees' other post-employment benefits, the value of those benefits, and the value of any replacement benefits obtained by retirees under the Plan of Adjustment.

5. The enforcement remedies available to the City's creditors had the City not filed for bankruptcy.

6. The ability of the City to pay judgments obtained by its creditors pursuant to the Revised Judicature Act of 1961.

7. Any judgments obtained by the City's creditors pursuant to the Revised Judicature Act of 1961 from 1980 to the present.

8. The value contributed to the City's Chapter 9 reorganization by classes 10, 11, and 12 of the Plan of Adjustment.

9. The value received by classes 10, 11, and 12 under the Plan of Adjustment.

10. The value and risks associated with the New B Notes.

11. The assistance that the state of Michigan provided to the City to counteract the City's financial instability and economic decline.

12. Any and all documents that the Detroit Institute of Arts provided to the City between January 1, 2013 and the present.

13. Any limitations, restrictions, or encumbrances on the pieces of art in the Collection.

4

14. Any efforts to monetize the Collection, or any of the pieces of art in the Collection.

15. The funds that the City received from the state of Michigan from January 1, 2001 to present.

16. The funds that the City anticipates it will receive from the state of Michigan in the future.

17. The funds that the City received from the federal government from January 1, 2001 to present.

18. The funds that the City anticipates it will receive from the federal government in the future.

19. The funds that the City anticipates it will receive from private foundations in the future.

20. The City's calculation of the aggregate allowed other post-employment benefits claims.

21. The City's efforts to collect delinquent income and property taxes owed to the City.

22. The City's efforts to monetize its real estate.

23. The ability of the City to increase taxes or levy additional taxes.

24. The municipal services that the City considers essential and necessary to the operation of the City.

5

25. The powers of the Emergency Manager under PA 436, and the Emergency Manager's willingness to exercise, and actual exercise of, those powers.

26. The City's plans to implement its Plan of Adjustment upon emergence from bankruptcy.

27. All of the data and assumptions that the City utilized in creating its ten-year and forty-year projections in the Fourth Amended Disclosure Statement.

28. The basis for the City providing a higher percentage of recovery to holders of GRS pension claims and PFRS pension claims than to other holders of unsecured claims.

29. The identity, location, and financial position of the City's retirees.

30. The City Planning Commission, the City Plan, and the Detroit Future City Strategic Framework.

31. The OMB Circular A-133 Single Audit Report issued by KPMG for the year ended June 30, 2012 and efforts to address the issues identified within.

32. The history of the DIA and the Collection, the transfer of the Collection to the City, the Detroit Institute of Arts Operating Agreement, and the Collections Management Policy.

33. The status of the City's collective bargaining agreements and anticipated changes to them in the future.

6

KE 31121867.9

13-53846-tjt  Doc 5442-3  Filed 06/18/14  Entered 06/18/14 21:41:23  Page 10 of 13
13-53846-swr  Doc 4440-3  Filed 05/05/14  Entered 05/05/14 20:14:39  Page 10 of 12

34. The status of any anticipated changes to the Detroit City Charter.

35. The City's anticipated population levels by year implied by the City's 10-year and 40-year forecasts.

36. The ability of the City to pay its unsecured and/or outstanding obligations in the ordinary course if the City's bankruptcy case were dismissed.

37. The City's attempts to monetize its non-core assets.

38. The City's restructuring and reinvestment initiatives.

39. All intended changes to the City's Assessor's Office, including its staffing levels, its methodologies and practices, its information technology, and the anticipated effects of those changes.

40. The City's Assessor's Office prior staffing levels, methodologies and practices, and information technology, and the effect of each on the City's Assessor's Office.

41. The procedure and protocol that the City utilized to identify, review, and produce documents responsive to *Syncora Capital Assurance Inc. and Syncora Guarantee Inc.'s First Request for the Production of Documents to the City of Detroit* [Doc. No. 3314].

42. The procedure and protocol that the City utilized to respond to *Syncora Capital Assurance Inc. and Syncora Guarantee Inc.'s First Set of Interrogatories to the City of Detroit* [Doc. No. 4036].

7

KE 31121867.9

13-53846-swr  Doc 5442  Filed 06/16/14  Entered 06/16/14 20:44:39  Page 11 of 13
13-53846-tjt  Doc 4409  Filed 05/06/14  Entered 05/06/14 20:41:34  Page 10 of 12

43. Any efforts to monetize Belle Isle, including the City's decision to enter into a lease with the state of Michigan and any alternatives that the City considered.

44. The City's blight remediation and removal plan.

45. The City's use of a 5% discount rate in the Plan of Adjustment and Fourth Amended Disclosure Statement.

46. The City's determination of the size of the PFRS and GRS Pension Claims, and its decision to utilize a 6.75% discount rate to value liabilities and a 6.75% investment return rate.

47. The investment returns that the PFRS and the GRS will be seeking to obtain after the City emerges from bankruptcy.

48. All statements that the City contends were inaccurate in the offering circulars relating to the COPs.

49. The factual background for the City's allegations regarding the malfeasance and past practices at the Retirement Systems, noted at pages 11-12 and 106-107 of the Fourth Amended Disclosure Statement.

50. The City's communications with the Detroit Institute of Arts (including its employees, representatives, and counsel) relating to Attorney General Opinion No. 7272.

8

KE 31121867.9

13-53846-tjt  Doc 5442  Filed 06/16/14  Entered 06/16/14 20:41:30  Page 12 of 13
13-53846-swr  Doc 4409  Filed 05/05/14  Entered 05/05/14 20:14:39  Page 12 of 13

51. The terms of the settlements between the City and classes 10, 11, and 12 under the Plan of Adjustment.

52. The City's efforts to obtain exit financing.