UNITED STATE BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

CITY OF DETROIT, MICHIGAN,

    Debtor.

Chapter 9

Case No. 13-53846
Hon. Steven W. Rhodes

_____/

**DETROIT LIBRARY COMMISSION'S RESPONSES AND OBJECTIONS TO INTERNATIONAL UNION, UAW'S SUBPOENA *DUCES TECUM* AND SUBPOENA *AD TESTIFICANDUM***

The Detroit Library Commission ("DLC"), by its undersigned counsel, responds and objects to the subpoena *deuces tecum* and subpoena *ad testificandum* dated June 4, 2014 issued to DLC by International Union, UAW ("UAW"), as follows:

**GENERAL OBJECTIONS**

1. The Fourth Amended Disclosure Statement in this Chapter 9 case states that the Detroit Public Library (the "Library") is "an independent municipal corporation governed by" the DLC. The Disclosure Statement further states that "[t]he UAW believes that Library employees are employees of the [DLC], and that the [DLC] is a separate, municipal corporation that is not the subject of the Chapter 9 Case."

2. The Federal Rules of Bankruptcy Procedure do not permit a creditor to issue a subpoena to a non-debtor third party without first filing a motion and obtaining a court order. Rule 2004 and Local Rule 2004-1(b), Fed. R. Bank. P., require a motion permitting an examination. In addition, Local Rule 7026-3 states that "[d]iscovery in a contested matter is permitted only upon a court order for cause shown." DLC objects to the UAW's subpoenas

1

because they were issued without filing the required motion, without obtaining a court order, and without showing cause, all in violation of the Rules of Bankruptcy Procedure.

3. The Third Amended Procedures Order dated April 2, 2014 in this case does not permit the UAW to issue subpoenas to non-debtor third parties. That Order provides that the UAW may observe, but not participate in, depositions of certain City of Detroit witnesses.

4. The UAW represents certain Library employees under collective bargaining agreements ("CBAs") between the UAW and the Library. The UAW recently served the Library with "draft" grievances concerning reductions in retiree health insurance benefits. The parties agreed to toll the filing of those grievances while they discussed and attempted to resolve their dispute. The UAW's subpoenas seek documents and testimony concerning the Library's liabilities, costs, and expenses for retiree health insurance benefits. That information goes to the heart of the grievances. DLC objects to the UAW's subpoenas on the grounds that they improperly seek discovery related to the pending grievances under the guise of discovery in this Chapter 9 case. If the UAW seeks discovery from the Library related to its grievances, it must follow the grievance and arbitration procedures set forth in the parties' CBAs.

5. DLC objects to the subpoenas as overly broad to the extent that they seek documents and information beyond "the acts, conduct, or property or the liabilities and financial condition of the debtor," and beyond matters that may affect the administration of the debtor's estate. *See*, Rule 2004(b), Fed.R.Bankr.P. In particular, the subpoenas seek information and documents concerning the liabilities and financial condition of the Library, which the UAW claims "is not the subject of the Chapter 9 case."

6. DLC objects to the subpoena *deuces tecum* because it directs DLC to produce documents for inspection or copying in New York.

**SPECIFIC RESPONSES AND OBJECTIONS**

In addition to the foregoing, DLC responds and objects to the Requests set forth in both the subpoena *deuces tecum* and subpoena *ad testificandum* as follows. The documents referenced below will be produced under separate cover.

1. DLC objects to Request No. 1 as overly broad and unduly burdensome because it is not limited to any relevant or reasonable time frame, and the Detroit Public Library first opened in 1865. DLC further objects to Request No. 1 as calling for testimony on a legal conclusion about the "status" of the DLC as "an entity separate from the City of Detroit." Subject to and without waiving those objections, DLC states that its "status" was established by Michigan statute. See documents control-labeled DLC 000001 – DLC 000003.

2. DLC objects to Request No. 2 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information concerning all Library employees and retirees, not just those employees or retirees represented by the UAW. DLC further objects to Request No. 2 because it does not administer the General Retirement System of the City of Detroit ("GRS"). The UAW can obtain the requested documents and information directly from GRS. Subject to and without waiving those objections, see documents control-labeled DLC 000004 – DLC 000057.

3. DLC objects to Request No. 3 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information concerning all Library employees and retirees, not just those employees or retirees represented by the UAW. DLC further objects to Request No. 3 because it does not administer the retiree health insurance and other welfare benefit plans. The UAW can obtain the requested documents and information directly from the Benefits Division of the City of Detroit's Labor

Department. Subject to and without waiving those objections, see documents control-labeled DLC 000058 – DLC 000197.

4. DLC objects to Request No. 4 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information concerning all Library employees and retirees, not just those employees or retirees represented by the UAW. DLC further objects to Request No. 4 because it does not administer the GRS. The UAW can obtain the requested documents and information directly from GRS. Subject to and without waiving those objections, see documents control-labeled DLC 000206 – DLC 000207.

5. DLC objects to Request No. 5 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information concerning all Library employees and retirees, not just those employees or retirees represented by the UAW. DLC further objects to Request No. 5 because it does not administer the retiree health insurance and other welfare benefit plans. The UAW can obtain the requested documents and information directly from the Benefits Division of the City of Detroit's Labor Department. Subject to and without waiving those objections, see documents control-labeled DLC 000208 – DLC 000209.

6. DLC objects to Request No. 6 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information concerning all Library employees and retirees, not just those employees or retirees represented by the UAW. DLC further objects to Request No. 6 because it does not administer the GRS. The UAW can obtain the requested documents and information directly from GRS.

Subject to and without waiving those objections, see documents control-labeled DLC 000004 – DLC 000057.

7. DLC objects to Request No. 7 as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks information concerning all Library employees and retirees, not just those employees or retirees represented by the UAW. DLC further objects to Request No. 7 because it does not administer the retiree health insurance and other welfare benefit plans. The UAW can obtain the requested documents and information directly from the Benefits Division of the City of Detroit's Labor Department. Subject to and without waiving those objections, see documents control-labeled DLC 000058 – DLC 000197; DLC 000210 - 000211.

8. DLC objects to Request No. 8 to the extent it seeks information protected from disclosure from the attorney-client privilege and/or work product doctrine. Subject to and without waiving that objection, see documents control-labeled DLC 000198 – DLC 000205.

9. DLC objects to Request No. 9 as vague and because it calls for testimony on a legal conclusion about "contingent liability" of the City. Subject to and without waving those objections, DLC states that it has no documents responsive to Request No. 9, other than what it has produced in response to other Requests.

WHEREFORE, the Detroit Library Commission respectfully requests that this Honorable Court grant its objections to the UAW subpoenas as set forth above, as well as for such other and further relief as this Court deems necessary and appropriate.

GOLD, LANGE & MAJOROS, P.C.

By: /s/Stuart A. Gold
   Stuart A. Gold (P27766)
Attorney for Detroit Library Commission
24901 Northwestern Hwy., Suite 444
Southfield, MI 48075
(248) 350-8220
sgold@glmpc.com

Date: June 19, 2014
202704