**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

------------------------------------------------------x
:
In re                            : Chapter 9
:
CITY OF DETROIT, MICHIGAN,     : Case No. 13-53846
:
                 Debtor.    : Hon. Steven W. Rhodes
:
------------------------------------------------------x

**MOTION OF THE CITY OF DETROIT, PURSUANT**
**TO SECTION 365 OF THE BANKRUPTCY CODE, FOR**
**AN ORDER AUTHORIZING THE CITY TO ASSUME CERTAIN**
**UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

The City of Detroit, Michigan (the "City") hereby files this motion

("Motion"), pursuant to section 365 of title 11 of the United States Code

(the "Bankruptcy Code"), for the entry of an order[1] authorizing the City to assume

certain of its unexpired leases of nonresidential real property (such leases,

including all exhibits, amendments, supplements or modifications thereto,

---

[1] This Motion includes certain attachments that are labeled in accordance with
Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the
Eastern District of Michigan (the "Local Rules"). Consistent with Local
Rule 9014-1(b), a copy of the proposed form of order granting this Motion is
attached hereto as Exhibit 1 (the "Proposed Order"). A summary identifying
each included attachment by exhibit number is appended to this Motion.

the "<u>Assumed Leases</u>").[2]  In support of this Motion, the City respectfully represents as follows:

## Jurisdiction

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On July 18, 2013 (the "<u>Petition Date</u>"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

3.      On December 5, 2013, this Court determined that the City was eligible to be a debtor under chapter 9 of the Bankruptcy Code.  <u>See</u> Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) (the "<u>Order for Relief</u>").  A thorough description of the City's economic decline, the challenges it faces and the events leading up to the filing of this case can be found in the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of

---

[2]      A list of the Assumed Leases is attached hereto as <u>Exhibit 6</u>.  For each Assumed Lease, Exhibit 6 includes:  (a) the location of the property subject to the Assumed Lease; (b) the name and address of the lessor for the Assumed Lease; (c) a description of the use of the leased property; and (d) the proposed cure amount associated with the assumption of such lease, if any.  The terms of the Assumed Leases summarized in Exhibit 6 are provided for convenience only and are not intended to modify, or to represent the City's interpretation of, the terms of any Assumed Lease.

Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 11) and the Disclosure Statement (as defined below).

4.     On March 19, 2014, the City filed the Motion of the City of Detroit for Entry of an Order Extending the Time to Assume or Reject Unexpired Leases of Nonresidential Real Property, Pursuant to Section 365(d)(4) of the Bankruptcy Code (Docket #3079) (the "Motion to Extend").  Pursuant to the Motion to Extend, the City sought an extension of an additional 90 days — until July 2, 2014 (the "Extended Rejection Deadline") — to determine whether to assume or reject its unexpired leases of nonresidential real property (any such lease, an "Unexpired Lease").  The Motion to Extend was approved by this Court by an order entered on March 26, 2014 (Docket No. 3233) (the "Extension Order").[3]

---

[3]     Pursuant to the Extension Order and consistent with section 365(d)(4)(B)(ii) of the Bankruptcy Code, the City is authorized to further extend the assumption/rejection period beyond July 2, 2014 without further order of the Court, but with the written consent of the affected lessor.  The City has received such consent from each of its landlords affected by the Extension Order — other than the lessors under the Assumed Leases — and will file a notice of these extensions in compliance with the Extension Order prior to the Extended Rejection Deadline.  By filing this Motion, the City has satisfied the deadline of section 365(d)(4) of the Bankruptcy Code with respect to the Assumed Leases, which will not be deemed rejected pending the Court's consideration of this Motion.  See Cousins Props., Inc. v. Treasure Isles HC, Inc. (In re Treasure Isles HC, Inc.), 462 B.R. 645, 649-50 (6th Cir. B.A.P. 2011); In re Filene's Basement, LLC, Case No. 11-1351, 2014 BL 119427 (Bankr. D. Del. Apr. 29, 2014).

5.      On May 5, 2014, the City filed the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be further amended, modified or supplemented from time to time, the "Plan") and the Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4391) (the "Disclosure Statement").  That same day, the Court entered the Order Approving the Proposed Disclosure Statement (Docket No. 4401), thereby approving the Disclosure Statement as containing "adequate information" with respect to the Plan, pursuant to section 1125(a)(1) of the Bankruptcy Code.

## Relief Requested

6.      Pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the City hereby seeks the entry of an order authorizing the City to assume the Assumed Leases and granting related relief. [4]

## Basis for Relief

7.      Section 365 of the Bankruptcy Code provides the statutory basis pursuant to which debtors may assume or reject executory contracts or unexpired leases, and states, in relevant part:

---

[4]      Pursuant to Bankruptcy Rule 6006(e)(2), the City may file an omnibus motion seeking assumption of multiple unexpired leases.

> (a) Except as provided . . . in subsections (b), (c), and (d) of this section, the [debtor], subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.
>
> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the [debtor] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the [debtor] —
>
>> (A) cures, or provides adequate assurance that the [debtor] will promptly cure, such default…. .

11 U.S.C. § 365. Section 365 is incorporated into chapter 9 pursuant to section 901(a) of the Bankruptcy Code.

8.     Courts routinely approve motions to assume or reject executory contracts or unexpired leases upon a showing that the debtor's decision to take such action is an exercise of sound business judgment. See Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.), 4 F.3d 1095, 1099 (2d Cir. 1993) (stating that section 365 of the Bankruptcy Code "permits the trustee or debtor-in-possession, subject to the approval of the bankruptcy court, to go through the inventory of executory contracts of the debtor and decide which ones it would be beneficial to adhere to and which ones it would be beneficial to reject"); In re JRT, Inc., 121 B.R. 314, 321 (Bankr. W.D. Mich. 1990) (utilizing the business judgment rule to determine whether a contract should be assumed or rejected); In re McLouth Steel Corp., 20 B.R. 688, 692 (Bankr. E.D. Mich. 1982)

("In determining whether a certain contract should be assumed or rejected, the decision should rest on the business judgment of the debtor."); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts under section 365 is that of "business judgment").

9.      Courts generally will not second-guess a debtor's business judgment concerning the assumption or rejection of an executory contract or unexpired lease.  See In re Riodizio, Inc., 204 B.R. 417, 424 (Bankr. S.D.N.Y. 1997) ("[A] court will ordinarily defer to the business judgment of the debtor's management."); accord Phar-Mor, Inc. v. Strouss Bldg. Assocs., 204 B.R. 948, 951-52 (Bankr. N.D. Ohio 1997) ("Whether an executory contract is 'favorable' or 'unfavorable' is left to the sound business judgment of the debtor . . . .  Courts should generally defer to a debtor's decision whether to reject an executory contract.").

10.      The "business judgment" test is not a strict standard; it merely requires a showing that either assumption or rejection of the executory contract or unexpired lease will benefit the debtor.  See, e.g., Westbury Real Estate Ventures, Inc. v. Bradlees, Inc. (In re Bradlees Stores, Inc.), 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996) ("In reviewing a debtor's decision to assume or reject an executory contract, the court must examine the contract and circumstances and

apply its best 'business judgment' to determine if the assumption or rejection would be beneficial or burdensome to the estate.").

11.     Pursuant to section 365(b) of the Bankruptcy Code, in addition to demonstrating the assumption of an executory contract or unexpired lease is the product of a debtor's business judgment, a debtor is required to take certain steps if there has been a default under the agreement, including the cure of certain prepetition and postpetition defaults under the contract or lease, if any, prior to assumption of such contract or lease.  See 11 U.S.C. § 365(b).

### The Assumed Leases

12.     As set forth in more detail on Exhibit 6, the Assumed Leases relate to:  (a) certain of the City's "Mini-Stations" used by the Detroit Police Department (the "DPD"); (b) a water intake system used by the Detroit Water and Sewerage Department's Southwest Water Treatment Plant; and (c) an office location used by the City's Planning and Development Department, among other departments.   Each Assumed Lease has a term that continues into the future and therefore is an "unexpired lease" subject to section 365 of the Bankruptcy Code.

*Mini- Stations*

13.     The City's Mini-Stations are located near shopping centers, community centers and other areas with high pedestrian traffic. The main purposes of the Mini-Stations are to: (a) increase police presence within the City's communities and strengthen basic public safety services for residents; (b) assist the surrounding community and local police precincts in making police reports; and (c) provide a meeting space for neighborhood block clubs, community volunteers and similar groups.

14.     The City's Mini-Stations are considerably smaller than the DPD's "full-service" police stations. As such, the Assumed Leases associated with these Mini-Stations (together, the "Mini-Station Leases") require nominal annual rent payments or, in some cases, no rent payments at all. To the extent rent is required under the Mini-Station Leases, the City is current on all such rent payments. Similarly, the City is not aware of any outstanding defaults under the Mini-Station Leases that might need to be cured in accordance with section 365(b) of the Bankruptcy Code.

*Water Intake*

15.     The Detroit Water and Sewerage Department's Southwest Water Treatment Plant, located at 14700 Moran Road in Allen Park, Michigan, receives water, via a water intake system, from the Detroit River. That water is

processed at the Southwest Water Treatment Plant through a water treatment system and ultimately distributed for use by residents of the City and surrounding communities.

16.     The City leases a location at the Detroit River — known as Water Lot 3452 — to house the Southwest Water Treatment Plant Water Intake System (the "SWTP Intake").  The SWTP Intake is essential to the process of providing high quality drinking water throughout the Detroit region and, thus, is integral to the operations of the Detroit Water and Sewerage Department.

17.     The lease payment for the SWTP Intake is nominal, totaling approximately $200 per year.  The City is current with its payment obligations under the Assumed Lease associated with the SWTP Intake (the "SWTP Intake Lease").  The City is not aware of any defaults under this lease that would need to be cured in accordance with section 365(b) of the Bankruptcy Code.

*Planning and Development Department Office Space*

18.     The City's Planning and Development Department (the "P&DD"), as well as portions of the DPD and the City's Engineering department, are located at 65 Cadillac Square in Detroit, Michigan (the "P&DD Location").  Approximately 272 City employees work at the P&DD Location.  As part of its mission, the P&DD plays a leading role in the revitalization of the City's neighborhoods and communities.  City employees at the P&DD Location provide

numerous services that are essential to the City, including: (a) developing and maintaining the City's "Master Plan of Policies;" (b) assisting in the administration of the City Code as it relates to zoning regulation; (c) managing City-owned real estate assets; (d) supporting housing programs that are funded by block grants; and (e) facilitating and implementing several community-based organization projects.

19. The Assumed Lease associated with the P&DD Location (the "P&DD Lease") requires approximately $1,867,000 in annual rent payments (representing $10.97 per square foot for the approximately 170,000 square feet of office space). This lease currently expires on December 31, 2015.

20. The City is current with all of its obligations under the P&DD Lease. The City is not aware of any defaults under this lease that would need to be cured in accordance with section 365(b) of the Bankruptcy Code.

## Application of the Relevant Standards to the Assumed Leases

21. In connection with the City's review of the Unexpired Leases, the City has determined in its business judgment to assume the Assumed Leases, effective as of the date of this Motion. See Cousins, 462 B.R. at 649-50 (holding that a debtor need only file a motion to assume prior to the deadline under 11 U.S.C. § 365(d)(4) and does not have to obtain court approval of the same prior to the deadline to avoid having its lease deemed rejected).

22.     The proposed assumption of the Assumed Leases represents a reasonable exercise of the City's business judgment because:  (a) the premises related to such leases are important to the City's ability to provide its residents with basic public services and preserve public health and safety; (b) the economic terms of such leases are either (i) highly favorable to the City (involving little or no rent in some cases) or (ii) consistent with market rates for comparable properties; and (c) rejection of such leases as of the Extended Rejection Deadline would be disruptive, costly and would provide little to no benefit to the City.

23.     The Mini-Stations augment the DPD's presence near shopping centers, community centers and other areas where residents gather.  They are important to the DPD's strategy of reducing crime and better serving the surrounding community.  Moreover, the Mini-Station Leases require little, or no, annual rent payments.  Accordingly, the proposed assumption of the Mini-Station Leases represents a reasonable exercise of the City's business judgment.

24.     The SWTP Intake is integral to the operations of the Detroit Water and Sewerage Department.  A significant portion of the City's drinking water is processed through the SWTP Intake and the Southwest Water Treatment Plant.  The SWTP Intake Lease therefore is essential for the public health and is highly economical because it requires only a nominal annual rent payment.

Accordingly, the proposed assumption of the SWTP Intake Lease represents a reasonable exercise of the City's business judgment.

25.     Finally, the P&DD Location houses hundreds of City employees that provide essential City services that promote revitalization of the City's neighborhoods and communities, among other activities (such as police services) that promote the health, safety and welfare of the City's residents. The City has determined that the rent under the P&DD Lease is consistent with the market for buildings of this type and that the costs of relocating nearly 300 City employees would not be economical.  A relocation in the short term also could temporarily disrupt the public services provided by these employees.  Accordingly, the proposed assumption of the P&DD Lease represents a reasonable exercise of the City's business judgment.

26.     Pursuant to section 365(b)(1)(A) of the Bankruptcy Code, the City is required to cure (or to provide adequate assurance of such cure) any defaults under each Assumption Lease (each, a "Cure Payment").  As noted above, the City is not aware of any Cure Payments required to cure defaults under any of the Assumed Leases.  Accordingly, Exhibit 6 hereto lists the amount it proposes to pay each lessor identified on Exhibit 6 as $0.00.

## Reservation of Rights

27.     The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## Notice

28.     Notice of this Motion has been given to the lessors of the Assumed Leases identified on Exhibit 6 (and their counsel, if known) and all entities that have requested notice pursuant to Bankruptcy Rule 2002.  The City submits that no other or further notice need be provided.

## Statement of Concurrence

29.     Local Rule 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied."  Local Rule 9014-1(g).  Given the number of parties and potential parties involved in this case and the likelihood of opposing parties who would be adversely impacted by the relief requested herein but are

currently unknown to the City, it would be impracticable (and, with regard to unknown parties, impossible) for the City to affirmatively seek the concurrence of each opposing counsel interested in the relief sought herein. Accordingly, the City submits that imposing the requirements of Local Rule 9014 1(g) in this matter would be "unduly burdensome" and requests that such requirements be waived.

### No Prior Request

30.  No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein, the City respectfully requests that this Court (a) enter the Proposed Order authorizing the assumption of the Assumed Leases and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: June 19, 2014          Respectfully submitted,


                              /s/  Heather Lennox
                              David G. Heiman (OH 0038271)
                              Heather Lennox (OH 0059649)
                              JONES DAY
                              North Point
                              901 Lakeside Avenue
                              Cleveland, Ohio  44114
                              Telephone:  (216) 586-3939
                              Facsimile:  (216) 579-0212
                              dgheiman@jonesday.com
                              hlennox@jonesday.com

                              Bruce Bennett (CA 105430)
                              JONES DAY
                              555 South Flower Street
                              Fiftieth Floor
                              Los Angeles, California  90071
                              Telephone:  (213) 243-2382
                              Facsimile:  (213) 243-2539
                              bbennett@jonesday.com

                              Jonathan S. Green (MI P33140)
                              Stephen S. LaPlante (MI P48063)
                              MILLER, CANFIELD, PADDOCK AND
                                 STONE, P.L.C.
                              150 West Jefferson
                              Suite 2500
                              Detroit, Michigan  48226
                              Telephone:  (313) 963-6420
                              Facsimile:  (313) 496-7500
                              green@millercanfield.com
                              laplante@millercanfield.com

                              ATTORNEYS FOR THE CITY

# <u>SUMMARY OF ATTACHMENTS</u>

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

Exhibit 1          Proposed Form of Order

Exhibit 2          Notice

Exhibit 3          None [Brief Not Required]

Exhibit 4          Certificate of Service

Exhibit 5          None [No Affidavits Filed Specific to This Motion]

Exhibit 6          Schedule of Assumed Leases

# **EXHIBIT 1**

Proposed Order

CHI-1933539v1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-----------------------------------------------------x
                                    :
In re                               : Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          : Case No. 13-53846
                                    :
                     Debtor.        : Hon. Steven W. Rhodes
                                    :
                                    :
-----------------------------------------------------x
```

## ORDER, PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE, AUTHORIZING THE CITY TO ASSUME CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY

This matter coming before the Court on the Motion of the City of Detroit, Pursuant to Section 365 of the Bankruptcy Code, for an Order Authorizing the City to Assume Certain Unexpired Leases of Nonresidential Real Property (the "Motion"),[1] filed by the City of Detroit, Michigan (the "City"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (c) this is a core proceeding pursuant to

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

CHI-1933539v1

28 U.S.C. § 157(b), (d) notice of the Motion and the Hearing was sufficient under the circumstances, (e) the Assumed Leases (as defined below) are "unexpired leases" subject to section 365 of the Bankruptcy Code, (f) the assumption of the Assumed Leases approved herein represents a reasonable exercise of the City's business judgment, (g) the Motion is procedurally proper pursuant to Bankruptcy Rule 6006(e) and (h) the relief requested in the Motion and granted herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code and is in the best interests of the City, its creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The City is authorized to assume the unexpired, nonresidential real property leases identified on Schedule 1 attached hereto (together, and including all exhibits, amendments, supplements or modifications thereto, the "Assumed Leases"), and such Assumed Leases are assumed as of the date of the Motion, pursuant to section 365(a) of the Bankruptcy Code.

3.      No Cure Payments are owed under the Assumed Leases and there are no defaults under the Assumed Leases requiring further compliance with section 365(b) of the Bankruptcy Code.

4.    This Order shall be effective immediately upon its entry.

## **Schedule 1**

Schedule of Assumed Leases

## Schedule of Assumed Leases[1]

| Property Location | Lease Description | Landlord | Notice Address | Cure Amount |
|---|---|---|---|---|
| 9500 E Eight Mile Detroit, MI 48089 | Mini-Station | Bel Air 8 Mile, LLC | Bel Air 8 Mile, LLC 25550 Grand River Ave. Redford, MI 48240 | $0 |
| 65 Cadillac Sq. Detroit MI 48226 | Office Space for Planning and Development; Engineering and Police | Cadillac Tower MI LLC | Cadillac Tower MI LLC Atn: Michael Kalil Farbman Group 28400 Northwestern Hwy Southfield, MI 48034 | $0 |
| One Campus Martius Detroit, MI 48226 | Mini-Station | Compuware Corporation | Compuware Attn: Steven Marquardt One Campus Martius Detroit, MI 48266 | $0 |
| Water Lot 3452 Detroit River | Water Intake System – Southwest Water Treatment Plant | Ministry of Natural Resources | Richard Visser Ministry of Natural Resources PO Box 1168 Chatham, ON N7M5L8 | $0 |
| 14383 Gratiot, Detroit, MI 48205 | Mini-Station | Mike's Fresh Market | Mike's Fresh Market Attn: Jamal Abro 14383 Gratiot Avenue Detroit, MI 48205 | $0 |

---

[1] Each lease includes all exhibits, amendments, supplements or modifications thereto.

# **EXHIBIT 2**

Notice

CHI-1933539v1

Form B20A(Official Form 20A)
12/1/10

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Michigan**

**In re:**

**CITY OF DETROIT, MICHIGAN,**

**Chapter: 9**

**Case No.: 13-53846**

**Debtor.**

**Judge: Hon. Steven W. Rhodes**

Address: 2 Woodward Avenue, Suite 1126
      Detroit, Michigan 48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any): 38-6004606

**NOTICE OF MOTION OF THE CITY OF DETROIT, PURSUANT TO SECTION 365**
**OF THE BANKRUPTCY CODE, FOR AN ORDER AUTHORIZING THE CITY TO**
**ASSUME CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

      The City of Detroit, Michigan (the "City") has filed papers with the Court seeking entry of an order, pursuant to section 365 of the Bankruptcy Code, to authorize the City to assume certain of its unexpired, nonresidential real property leases.

      **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or by July 3, 2014**, you or your attorney must:

1.       File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan 48226

      If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

---

[1]       Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500

2.      If a response or answer is timely filed and served, the Court will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated:     June 19, 2014                    Respectfully submitted,


/s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# **EXHIBIT 4**

Certificate of Service

## <u>CERTIFICATE OF SERVICE</u>

I, Heather Lennox, hereby certify that the foregoing Motion of the City of Detroit, Pursuant to Section 365 of the Bankruptcy Code, for an Order Authorizing the City to Assume Certain Unexpired Leases of Nonresidential Real Property was filed and served via the Court's electronic case filing and noticing system on this 19th day of June, 2014.

/s/  Heather Lennox

# **EXHIBIT 6**

Schedule of Assumed Leases

## Schedule of Assumed Leases[1]

| Property Location | Lease Description | Landlord | Notice Address | Proposed Cure Amount |
|---|---|---|---|---|
| 9500 E Eight Mile Detroit, MI 48089 | Mini-Station | Bel Air 8 Mile, LLC | Bel Air 8 Mile, LLC 25550 Grand River Ave. Redford, MI 48240 | $0 |
| 65 Cadillac Sq. Detroit MI 48226 | Office Space for Planning and Development; Engineering and Police | Cadillac Tower MI LLC | Cadillac Tower MI LLC Atn: Michael Kalil Farbman Group 28400 Northwestern Hwy Southfield, MI 48034 | $0 |
| One Campus Martius Detroit, MI 48226 | Mini-Station | Compuware Corporation | Compuware Attn: Steven Marquardt One Campus Martius Detroit, MI 48266 | $0 |
| Water Lot 3452 Detroit River | Water Intake System – Southwest Water Treatment Plant | Ministry of Natural Resources | Richard Visser Ministry of Natural Resources PO Box 1168 Chatham, ON N7M5L8 | $0 |
| 14383 Gratiot, Detroit, MI 48205 | Mini-Station | Mike's Fresh Market | Mike's Fresh Market Attn: Jamal Abro 14383 Gratiot Avenue Detroit, MI 48205 | $0 |

---

[1]    Each lease includes all exhibits, amendments, supplements or modifications thereto.