# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------------x
:
In re            : Chapter 9
:
CITY OF DETROIT, MICHIGAN,    : Case No. 13-53846
:
        Debtor.   : Hon. Steven W. Rhodes
:
:
-------------------------------------------------------------x

### NOTICE OF SERVICE OF SUBPOENAS FOR DEPOSITION

**PLEASE TAKE NOTICE** that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, and Rule 9016 of the Federal Rules of Bankruptcy Procedure, Financial Guaranty Insurance Company ("FGIC") hereby gives notice that subpoenas to appear for videotaped deposition will be served on the following:

1. Vanessa Fusco

2. Graham Beal

3. Detroit Institute of Art

4. Roger Short

5. Rip Rapson

Copies of the subpoenas for deposition are attached to this notice.

Dated: June 19, 2014

By: /s/ Mark R. James_____
Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone:  (248) 642-0333
Facsimile:  (248) 642-0856
Email:  EJEssad@wwrplaw.com
Email:  mrjames@wwrplaw.com

-and-

Edward Soto
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL  33131
Telephone: (305) 577-3177
Facsimile:  (305) 374-7159
Email:  edward.soto@weil.com

 – and –

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  alfredo.perez@weil.com

*Attorneys for Financial Guaranty Insurance
Company*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 19, 2014 the *Notice of Service of Subpoena for Deposition* was filed and served via the Court's electronic case filing and noticing system to all registered users that have appeared in the main Chapter 9 proceeding.

/s/ Mark R. James
Mark R. James
WILLIAMS, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: mrjames@wwrplaw.com

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

In re CITY OF DETROIT, MICHIGAN
        Debtor

Case No. 13-53846

Chapter 9

        Plaintiff
          v.

Adv. Proc. No. _____

        Defendant

### SUBPOENA TO TESTIFY AT A DEPOSITION
### IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Vanessa Fusco, c/o Christie's, 20 Rockefeller Plaza, New York, NY 10020**
        *(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, NY | July 1, 2014 at 9:00 a.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 19, 2014

      CLERK OF COURT

                 OR

_____      *Edward Soto*
  *Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing interested party Financial Guaranty Insurance Company, who issues or requests this subpoena, are: Edward Soto, Weil, Gotshal & Manges, 1395 Brickell Ave., Suite 1200, Miami, FL 33131; email: edward.soto@weil.com; tel: (305) 577-3100

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

US_ACTIVE:\44501399\1\45259.0007

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $\_\_\_.

My fees are $_____ for travel and $_____ for services, for a total of $_____.

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

US_ACTIVE:\44501399\1\45259.0007

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c)  Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

*(A)*  within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

*(B)*  within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i)  is a party or a party's officer; or

(ii)  is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.*  A subpoena may command:

*(A)*  production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

*(B)*  inspection of premises, at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i)  disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:

*(A) Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)  expressly make the claim; and

(ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g)  Contempt.**  The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

US_ACTIVE:\44501399\1\45259.0007

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

In re CITY OF DETROIT, MICHIGAN
            Debtor

Case No. 13-53846

Chapter 9

_____
            Plaintiff
                v.

Adv. Proc. No. _____

_____
            Defendant

### SUBPOENA TO TESTIFY AT A DEPOSITION
### IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Graham Beal, c/o Detroit Institute of Art, 5200 Woodward Avenue, Detroit, MI  48202**
            *(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding).  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Westin Book Cadillac Detroit, 1114 Washington Blvd., HR Training Room, Detroit, MI  48226 | July 22, 2014 at 9:00 a.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 19, 2014

                    CLERK OF COURT

                                        OR

_____                    *Edward Soto*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing interested party Financial Guaranty Insurance Company, who issues or requests this subpoena, are:  Edward Soto, Weil, Gotshal & Manges, 1395 Brickell Ave., Suite 1200, Miami, FL 33131; E-mail: edward.soto@weil.com; Tel: (305) 577-3100

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

US_ACTIVE:\44501404\1\45259 0007

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

US_ACTIVE:\44501404\1\45259.0007

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c)  Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

*(A)* within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

*(B)* within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i)  is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.*  A subpoena may command:

*(A)* production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

*(B)* inspection of premises, at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i)  disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:

*(A) Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)  expressly make the claim; and

(ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g)  Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

In re  CITY OF DETROIT, MICHIGAN
Debtor

Case No. 13-53846

Chapter 9

_____
Plaintiff
v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Detroit Institute of Art, a non-profit Michigan corporation, 5200 Woodward Avenue, Detroit, MI 48202**
<em>(Name of person to whom the subpoena is directed)</em>

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **SEE EXHIBIT A ATTACHED HERETO**

| PLACE | DATE AND TIME |
|---|---|
| Westin Book Cadillac Detroit, 1114 Washington Blvd., HR Training Room, Detroit, MI 48226 | July 23, 2014 at 9:00 a.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 19, 2014

CLERK OF COURT

OR

_____
<em>Signature of Clerk or Deputy Clerk</em>

*Edward Soto*
<em>Attorney's signature</em>

The name, address, email address, and telephone number of the attorney representing interested party Financial Guaranty Insurance Company, who issues or requests this subpoena, are: Edward Soto, Weil, Gotshal & Manges, 1395 Brickell Ave., Suite 1200, Miami, FL 33131; E-mail: edward.soto@weil.com; Tel: (305) 577-3100

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

US_ACTIVE:\44501419\2\45259.0007

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.


☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or


☐  I returned the subpoena unexecuted because: _____
_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $____.

My fees are $_____ for travel and $_____ for services, for a total of $_____.


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

US_ACTIVE:\44501419\3\45259.0007

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

*(A)* within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

*(B)* within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

*(A)* production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

*(B)* inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## DEFINITIONS

As used herein, the following terms shall have the stated meanings:

1.      "All and "each" shall be construed as all, each, any and every.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Deposition Topic all information that might otherwise be construed to be outside of its scope.

3.      "Art" means any work of art that is included in the Collection.

4.      "Artvest" means Artvest Partners LLC, and all present and former affiliates or subsidiaries thereof, as well as all of its past or present offices, wherever located, and all of its officers, directors, agents, representatives, and all other persons acting or purporting to act on its behalf.

5.      "Attorney General" means the Attorney General for the State of Michigan, as well as the departments, officials, agents, affiliates, attorneys, advisors, professionals, and representatives employed by the Attorney General's office and all other persons acting or purporting to act on the Attorney General's behalf.

6.      "City" means the City of Detroit, Michigan, as well as all of its past or present divisions, departments, agencies, commissions, officials, trustees, agents, affiliates, employees, attorneys, professionals, advisors, representatives, and all other persons acting or purporting to act on their behalf, including, without limitation, Kevyn D. Orr acting as Emergency Manager and all successors, agents, professionals, advisors, representatives thereof, and all other persons acting or purporting to act on his or his successor's behalf.

7. "Christie's" means Christie's Appraisals, Inc., and all present and former affiliates or subsidiaries thereof, as well as all of its past or present offices, wherever located, and all of its officers, directors, agents, representatives, and all other persons acting or purporting to act on its behalf.

8. "Christie's Valuation" means the appraisal, letter, and fair market value report conducted and issued by Christie's for the City, on or about December 17, 2013, as amended, supplemented, or modified.

9. "Collection" means the collection of over 60,000 works of art displayed or stored at the Detroit Institute of Arts museum located at 5200 Woodward Avenue, Detroit, Michigan 48202, and on-site and off-site storage facilities.

10. "Collections Management Policy" means the Detroit Institute of Arts Collections Management Policy, as amended or supplemented.

11. "Communication" means all transfers of information including, but not limited to, conversations, meetings, telephone calls, correspondence, letters, notes, memoranda, electronic mail and any other media that may be used to exchange or transmit information.

12. "DIA Corp." means The Detroit Institute of Arts, a Michigan nonprofit corporation, under its current name and also under all preceding names including, but not limited to, the Founders Society Detroit Institute of Arts, the Detroit Institute of Arts Founders Society, the Detroit Museum of Arts Founders' Society, and the Detroit Museum of Arts, and all of its officers, directors, agents, representatives, and all other persons acting or purporting to act on its behalf.

13.     "DIA Settlement" means the settlement regarding the DIA Assets, as those terms are defined in the City's Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, filed on May 5, 2014 [ECF No. 4392], as may be supplemented or amended.

14.     "Documents" means all written, graphic, or printed matter of any kind, however produced or reproduced, including, but not limited to, all originals, drafts, working papers and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information can be obtained.

15.     "DMA" means the Detroit Museum of Art.

16.     "Including" means including, but not limited to, and is intended to illustrate the kinds of matters that are responsive to these Deposition Topics.  Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the Deposition Topic.

17.     "Museum" means the Detroit Institute of Arts museum located at 5200 Woodward Avenue, Detroit, Michigan 48202.

18.     "Operating Agreement" means that certain Operating Agreement for the Detroit Institute of Arts between the DIA Corp. and the City, dated December 12, 1997, as may be amended or supplemented.

19.     "Regard" or "regarding" means and include concerning, relating, with respect to, referring, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, discussing, mentioning,

3

pertaining to, relying upon, reporting, supporting, contradicting, evaluating or in any way relevant to the indicated item, whether in whole or in part.

20.     "Transfer" means sale, donation, gift, loan, lease, or other transmission.

## DEPOSITION TOPICS

1.     The DIA Corp.'s memo entitled "Selling the Detroit Institute of Arts Collection to Satisfy the City's Creditors: Legal and Practical Constraints," the basis for all facts, opinions, and conclusions contained therein, and the reasons why such memo was created.

2.     Any and all documents that the DIA Corp. provided to the City and/or the Attorney General between January 1, 2013 and the present.

3.     Any and all communications between the DIA Corp. and the City and/or the Attorney General between January 1, 2013 and the present.

4.     Any and all instances between January 1, 2013 and the present where the City and/or the Attorney General were given access to Art or archival, registrar, or other records housed in the Museum, or offsite, or maintained by the DIA Corp.

5.     The Christie's Valuation, including but not limited to, documents provided to Christie's regarding Art or the Collection, documents prepared and/or provided to the DIA Corp. by Christie's, and communications between the DIA Corp. and Christie's regarding Art or the Collection.

6.     DIA Corp.'s relationship with Artvest, including but not limited to, all documents provided to Artvest regarding Art or the Collection, all documents prepared and/or provided to the DIA Corp. by Artvest regarding Art or the Collection, all communications between the DIA Corp. and Artvest regarding Art or the Collection, and all instances where Artvest was given access to the Museum, Art, or the Collection.

US_ACTIVE:\44501419\3\45259.0007

7. The DMA's original Articles of Incorporation, and any subsequent articles of incorporation adopted by the DIA Corp.

8. The transfer of assets from the DMA to the City pursuant to Michigan Public Act 67 of 1919, including all documents and correspondence regarding the transfer, and all subsequent transfers of Art from the DIA Corp. to the City.

9. The Operating Agreement, and all prior agreements between the City and the DIA Corp.

10. The Collections Management Policy.

11. The purpose or mission of the DIA Corp., including without limitation, whether this has ever changed over time, and the circumstances surrounding any such change in purpose or mission.

12. The relationship between the DIA Corp. and the City.

13. Any limitations, restrictions, or encumbrances, including but not limited to, those that may have been imposed by donors, on any Art, or artwork held by the DIA Corp. that is not part of the Collection.

14. The DIA Corp.'s past and present policies regarding accepting donations, gifts, and bequests of artwork or funds with specified restrictions or conditions and the DIA Corp.'s record keeping with regard to donor restrictions or conditions on Art and funds, including how the DIA Corp. ensures such restrictions or conditions are complied with.

15. The amount of funds held by the DIA Corp. for a restricted purpose (other than the general purposes of the DIA Corp.), what purposes such funds are held for, how such restrictions are monitored, and how compliance with such restrictions is ensured.

16.     The record keeping process and practices of the DIA Corp., and the nature and organization of records, including in connection with the Office of the Registrar, TMS, and D.A.R.I.S.

17.     The DIA Corp.'s position that the Collection is held in a charitable trust, implied trust, or a public trust, including the bases for all statements by the DIA Corp. that the Collection is held in trust.

18.     The DIA Corp.'s position that a sale of Art by the City would violate the Operating Agreement.

19.     The DIA Corp.'s position regarding the impact of using Art or the Collection as collateral for a loan to the City.

20.     The purported consequences of selling, encumbering, or transferring Art or the Collection, including but not limited to, potential harm to the DIA Corp., the City, the citizens of Detroit, and the citizens of the State.

21.     The Museum's and the Collection's alleged importance to the City and the State, including but not limited to, the programming provided at or through the Museum, the Museum's impact on the quality of life of citizens of the City and the State, and the revenue generated for the City by the Museum.

22.     The Museum's and the Collection's purported necessity for the revitalization of the City, including but not limited to, the economic and cultural value of the Museum to the City.

23.     Statistics and data, including demographic data, regarding attendance at the Museum.

24.     Any economic studies commissioned by DIA Corp. showing the effect of the Museum and the Collection on Detroit's economy, its tax revenue, and other financial measures.

25.     The relationship of the City and the DIA Corp. to any museum-accrediting bodies.

26.     The finances and financial condition of the DIA Corp., including, without limitation, funding provided to the DIA Corp.

27.     The DIA Settlement, including but not limited to, the terms of the DIA Settlement, the DIA Corp.'s obligations and responsibilities under the DIA Settlement, the DIA Corp.'s analysis of alternatives to the DIA Settlement, the DIA Corp.'s decision to enter into the DIA Settlement, and any conditions the DIA Corp. required in connection with its agreement to the DIA Settlement.

28.     Sources of funding for the DIA Corp.'s commitment and obligations in the DIA Settlement.

29.     The DIA Corp.'s contention that the DIA Settlement is reasonable and reflects the purported risk of litigation and difficulty of collection.

30.     Any property or other interest of the DIA Corp. in any Art or other property owned by the City.

31.     The process and practices for accessioning and deaccessioning Art, both currently and in the past, and the process and practices for maintaining records with respect thereto.

32.     The compensation of the directors and officers of the DIA Corp., including Graham Beal, the Board of Directors, and any person that may testify on behalf of the DIA Corp. or the City, including salary, incentives, and perquisites.

33.     The process for identifying any conflicts between DIA Corp. directors and officers in connection with any proposed transaction, and any such potential conflicts considered in connection with the DIA Settlement, and how any such conflicts were resolved.

US_ACTIVE:\44501419\3\45259.0007

34.     The process for determining whether artwork held by the DIA Corp. is added to the Collection or is otherwise disposed of, including how, if at all, the language in donative documents influences the determination.

35.     The process and procedures for disposing of artwork held by the DIA Corp. and never accessioned to the Collection and how the proceeds of any such disposition are allocated (including, to the extent any exist, how donor restrictions on artwork held by the DIA Corp. are accounted for).

US_ACTIVE:\44501419\3\45259.0007

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

<u>In re CITY OF DETROIT, MICHIGAN</u>
                    Debtor

Case No. <u>13-53846</u>

Chapter <u>9</u>

_____
                    Plaintiff
                    v.

Adv. Proc. No. _____

_____
                    Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Roger Short, c/o Lane CPA, 719 Griswold Street, Suite 700, Detroit, MI 48226**
        *(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Westin Book Cadillac Detroit, 1114 Washington Blvd., Founders A Conference Room, Detroit, MI 48226 | July 10, 2014 at 2:00 p.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: <u>June 19, 2014</u>

            CLERK OF COURT

                            OR

_____             *Edward Soto*
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing interested party <u>Financial Guaranty Insurance Company,</u> who issues or requests this subpoena, are: Edward Soto, Weil, Gotshal & Manges, 1395 Brickell Ave., Suite 1200, Miami, FL 33131; E-mail: edward.soto@weil.com; Tel: (305) 577-3100

#### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

US_ACTIVE:\44504942\1\45259.0007

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $____.

    My fees are $_____ for travel and $_____ for services, for a total of $_____.

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c)   Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

*(A)*  within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

*(B)*  within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i)  is a party or a party's officer; or

(ii)  is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.*  A subpoena may command:

*(A)*  production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

*(B)*  inspection of premises, at the premises to be inspected.

**(d)   Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)  subjects a person to undue burden.

*(B) When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i)  disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e)   Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:

*(A) Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)  expressly make the claim; and

(ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g)  Contempt.**  The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

# UNITED STATES BANKRUPTCY COURT

### Eastern District of Michigan

In re CITY OF DETROIT, MICHIGAN
Debtor

Case No. 13-53846

Chapter 9

Plaintiff
v.

Adv. Proc. No. _____

Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Rip Rapson, c/o The Kresge Foundation, 3215 W. Big Beaver Rd., Troy, MI 48084**
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Westin Book Cadillac Detroit, 11114 Washington Blvd., Esquire Conference Room, Detroit, MI 48226 | July 25, 2014 at 9:00 a.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See Exhibit A, attached hereto.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 19, 2014

CLERK OF COURT

OR

*Edward Soto*

_____
*Signature of Clerk or Deputy Clerk*

*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing interested party Financial Guaranty Insurance Company, who issues or requests this subpoena, are: Edward Soto, Weil, Gotshal & Manges, 1395 Brickell Ave., Suite 1200, Miami, FL 33131; E-Mail: edward.soto@weil.com; Tel: (305) 577-3100

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

US_ACTIVE:\44501437\4\45259.0007

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $____.

   My fees are $_____ for travel and $_____ for services, for a total of $_____.


      I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                  _____
                                                           *Server's signature*

                                                  _____
                                                          *Printed name and title*

                                                  _____
                                                           *Server's address*


Additional information concerning attempted service, etc.:

US_ACTIVE:\44501437\5\45259.0007

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c)   Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

*(A)* within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

*(B)* within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

*(A)* production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

*(B)* inspection of premises, at the premises to be inspected.

**(d)   Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e)   Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g)   Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

US_ACTIVE:\44501437\5\45259.0007

## Exhibit A

## DEFINITIONS

As used herein, the following terms shall have the stated meanings:

1.      "All" and "each" shall be construed as all, each, any and every.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all documents and information that might otherwise be construed to be outside of its scope.

3.      "Attorney General" means the Attorney General for the State of Michigan, as well as the departments, officials, agents, affiliates, attorneys, advisors, professionals, and representatives employed by the Attorney General's office and all other persons acting or purporting to act on the Attorney General's behalf.

4.       "City" means the City of Detroit, Michigan, as well as all of its past or present divisions, departments, agencies, commissions, officials, trustees, agents, affiliates, employees, attorneys, professionals, advisors, representatives, and all other persons acting or purporting to act on their behalf, including, without limitation, Kevyn D. Orr acting as Emergency Manager and all successors, agents, professionals, advisors, representatives thereof, and all other persons acting or purporting to act on his or his successor's behalf.

5.       "Claim" means a claim, as defined by section 101(5) of Title II of the United States Code, against the City.

6.      "Collection" means the collection of over 60,000 works of art displayed or stored at the Detroit Institute of Arts museum located at 5200 Woodward Avenue, Detroit, Michigan 48202, and on-site and off-site storage facilities.

1

7.      "Communication" means all transfers of information including, but not limited to, conversations, meetings, telephone calls, correspondence, letters, notes, memoranda, electronic mail and any other media that may be used to exchange or transmit information.

8.      "Concerning" means and includes: with respect to, referring to, relating to, regarding, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, discussing, mentioning, pertaining to, relying upon, reporting, supporting, contradicting, evaluating or in any way relevant to the indicated item, person or event, whether in whole or in part.

9.      "Counties" means, collectively, Macomb County, Oakland County, and Wayne County.

10.     "Detroit Future City Strategic Framework" means that plan developed by various Detroit residents and civil leaders from the nonprofit and for-profit sectors to create an integrated approach for economic growth, land use, city systems, neighborhoods, land and building assets, as well as civic capacity, as further described and delineated at www.detroitfuturecity.com.

11.      "DIA" means the Detroit Institute of Arts, a museum and cultural facility located at 5200 Woodward Avenue, Detroit, Michigan 48202, and all of its predecessors, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, and all other persons acting or purporting to act on its behalf.

12.     "DIA Assets" means the assets identified on Exhibit A to the summary of the material terms of the DIA Settlement, attached to the Plan as Exhibit I.A.91, to the extent the City holds title to such assets.

13.     "DIA Corp." means The Detroit Institute of Arts, a Michigan non-profit corporation.

14.     "DIA Funders" means those persons, businesses, business-affiliated foundations and other foundations listed on Exhibit C to the summary of the material terms of the DIA

2

US_ACTIVE:\44501437\5\45259.0007

Settlement, which is attached to the Plan as Exhibit I.A.91, and all additional persons, businesses, business-affiliated foundations and any other foundations from which DIA Corp. secures commitments to contribute monies in furtherance of the DIA Settlement, as such terms are defined in the Plan.

15. "DIA Funding Parties" means the Foundations, DIA Funders, and DIA Corp., as such terms are defined in the Plan.

16. "DIA Settlement" means the comprehensive settlement regarding the DIA Assets, as such terms are defined in the Plan.

17. "Documents" means all written, graphic, or printed matter of any kind, however produced or reproduced, including, but not limited to, all originals, drafts, working papers and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information can be obtained.

18. "Foundations" means the entities listed on Exhibit B to the summary of the material terms of the DIA Settlement, which is attached to the Plan as Exhibit I.A.91.

19. "Including" means including, but not limited to, and is intended to illustrate the kinds of matters that are responsive to these Requests. Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the Requests.

20. "Liabilities" means any and all claims, obligations, suits, judgments, damages, demands, debts, rights, derivative claims, causes of action and liabilities, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, arising in law, equity or otherwise, that are based in whole or in part on any act, event, injury, omission, transaction, agreement, employment, exposure or other occurrence taking place on or prior to the Effective Date, as such terms are defined in the Plan.

US_ACTIVE:\44501437\5\45259.0007

21.     "Pension Claims" means a GRS Pension Claim or a PFRS Pension Claim, as such terms are defined in the Plan.

22.     "Plan" means the City's Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, filed on May 5, 2014 [ECF No. 4392], as may be supplemented or amended.

23.     "Regard" or "regarding" means and includes concerning, relating, with respect to, referring, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, discussing, mentioning, pertaining to, relying upon, reporting, supporting, contradicting, evaluating or in any way relevant to the indicated item, whether in whole or in part.

24.     "Request" means the document requests contained in this subpoena duces tecum directed to You.

25.     "Retirement Systems" means the GRS and PFRS, collectively, as such terms are defined in the Plan.

26.     "State" means the State of Michigan, as well as all of its past or present divisions, departments, or agencies, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives and all other persons acting or purporting to act on its behalf

27.     "State Contribution" means payments to be made to GRS and PFRS by the State or the State's authorized agent for the purpose of funding Adjusted Pension Amounts in an aggregate amount equal to the net present value of $350 million payable over 20 years using a discount rate of 6.75%, pursuant to the terms of the State Contribution Agreement, as such terms are defined in the Plan.

28.     "You" or "Your" means Rip Rapson, President and CEO of The Kresge Foundation, located at 3215 W. Big Beaver Rd., Troy, MI 48084.

4

29.     All capitalized terms not defined herein shall have the definition ascribed to them in the City's Plan.

30.     To the extent a definition in the Requests conflicts with the definition of the same capitalized term in the Plan, the definition ascribed to that term in the Plan shall control.

### INSTRUCTIONS

1.     Production shall be made as the records are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of these Requests.

2.     If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully in writing the reasons that the documents are unavailable.

3.     If any document cannot be produced in full, it shall be produced to the maximum extent possible and You shall specify in writing the reasons for Your inability to produce the remainder.

4.     If any documents are available but are not produced because of an objection, including an objection based on privilege, identify such documents with particularity as to date, subject matter and the nature of the objection or privilege claim.

5.     If documents called for are not available to You because they are in the custody or in control of a third person, identify such documents and the third person in whose possession or control said documents are to be found.

6.     Produce original documents whenever such documents are available to You.

7.     Produce all documents available by virtue of being in possession of Your attorneys or other agents.

8.     In accordance with Fed. R. Bankr. P. 7026, where a claim of privilege is asserted in objecting to any Request or part thereof, You shall, in the objection, identify (a) the nature of the privilege that is being claimed; (b) the type of document; (c) the general subject matter of the

5

US_ACTIVE:\44501437\5\45259.0007

document; (d) the date of the document; and (e) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

9.      The present tense includes the past and future tenses.   The singular includes the plural, and the plural includes the singular.  "All" means "any and all."  "Any" means "any and all." "Including" means "including but not limited to."  "And" and "or" encompasses both "and" and "or." Words in the masculine, feminine or neuter shall include each of the other genders.

10.      Unless otherwise stated, the time period applicable to the documents called for is January 1, 2013, through the date of these Requests, subject to Your ongoing obligation to supplement Your responses under the applicable rules.

## DOCUMENT REQUESTS

1.      Any and all documents and communications concerning the negotiations between You, the City, the DIA Funders, the DIA Funding Parties, the State, and any other parties (including Foundations) regarding the DIA Settlement.

2.      Any and all documents and communications concerning the terms of the DIA Settlement, including, but not limited to, the following:

    a.   The present value discount in the DIA Settlement.

    b.   How the amount of the DIA Settlement was calculated or arrived at.

    c.   How the 20 year payment period was decided upon.

    d.   The conditions precedent to the DIA Settlement.

    e.   The obligation of the City to direct the proceeds of the DIA Settlement to the Retirement Systems and/or to satisfy Pension Claims.

    f.   The affirmations by the Counties of funding commitments to DIA Corp.

6

       g.   The request to the Attorney General to approve the DIA Settlement.

       h.   The requirement of the State Contribution.

3.     Any and all documents and communications concerning the contribution to the DIA Settlement to be made by the The Kresge Foundation or any affiliate thereof.

4.     Any and all documents and communications concerning Your or The Kresge Foundation's involvement with the DIA.

5.     Any and all documents and communications concerning Your or The Kresge Foundation's involvement with the DIA Corp.

6.     Any and all documents and communications concerning The Kresge Foundation's reasons for entering into the DIA Settlement.

7.     Any and all documents and communications concerning Your or The Kresge Foundation's efforts to value the Collection.

8.     Any and all documents and communications concerning Your belief that the DIA Settlement falls within the range of reasonableness.

9.     Any and all documents and communications concerning the purpose or mission of The Kresge Foundation.

10.    Any and all documents and communications concerning Your or The Kresge Foundation's prior donations or contributions, including donations or contributions to the arts or art-related entities.

11.    Any and all documents and communications concerning the economic importance and value of the DIA and its Collection to the City.

12.    Any and all documents and communications concerning the cultural importance and value of the DIA and its Collection to the City.

US_ACTIVE:\44501437\5\45259.0007

13.     Any and all documents and communications concerning the Claims and Liabilities being released, pursuant to the Plan, in exchange for The Kresge Foundation's contributions.

14.     Any and all documents and communications concerning the City's ability to fund normal municipal operations and provide adequate services post-confirmation.

15.     Any and all documents and communications concerning whether the City's restructuring and reinvestment initiatives are necessary.

16.     Any and all documents and communications concerning Your belief that community and business leaders of the City have faith in the Plan, and Your belief that the Plan will be successful including, but not limited to, any complementary projects planned by You or Your Foundation to enhance the City's reinvestment and restructuring efforts.

17.     Any and all documents and communications concerning restructuring and reinvestment initiatives to help the City provide adequate levels of municipal services.

18.     Any and all documents and communications concerning the contention that the needs of City's residents should be legitimately given priority over the repayment of debts to the City's creditors.

19.     Any and all documents and communications concerning the contention that providing better treatment to pensioners will promote relationships with those people whose ongoing cooperation is purportedly necessary to the City's recovery.

20.     Any and all documents and communications concerning the contention that the funds contributed by the Kresge Foundation pursuant to the DIA Settlement would not otherwise be available to the City.

21.     Any and all documents and communications concerning blight, public safety, finance, or information technology initiatives You or The Kresge Foundation have undertaken.

US_ACTIVE:\44501437\5\45259.0007

22.     Any and all documents and communications concerning Your or The Kresge Foundation's support for the Detroit Future City Strategic Framework.

US_ACTIVE:\44501437\5\45259.0007