**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

-------------------------------------------------------------x

|  |  |
|---|---|
| In re | : Chapter 9 |
|  | : |
| CITY OF DETROIT, MICHIGAN, | : Case No. 13-53846 |
|  | : |
| Debtor. | : Hon. Steven W. Rhodes |
|  | : |
|  | : |

-------------------------------------------------------------x

<u>NOTICE OF SERVICE OF SUBPOENAS FOR DEPOSITION</u>

**PLEASE TAKE NOTICE** that pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure, and Rule 9016 of the Federal Rules of Bankruptcy Procedure, Financial Guaranty Insurance Company ("FGIC") hereby gives notice that subpoenas to appear for videotaped deposition will be served on the following:

1. Governor Rick Snyder

2. Dennis Muchmore

3. Executive Office of the Governor of the State of Michigan

4. Sean Werdlow

Copies of the subpoenas for deposition are attached to this notice.

Dated: June 20, 2014

By: /s/ Mark R. James_____
Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone:  (248) 642-0333
Facsimile:  (248) 642-0856
Email:  EJEssad@wwrplaw.com
Email:  mrjames@wwrplaw.com

-and-

Edward Soto
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL  33131
Telephone: (305) 577-3177
Facsimile:  (305) 374-7159
Email:  edward.soto@weil.com

 – and –

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1600
Houston, TX  77002
Telephone: (713) 546-5000
Facsimile:  (713) 224-9511
Email:  alfredo.perez@weil.com

*Attorneys for Financial Guaranty Insurance
Company*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2014 the *Notice of Service of Subpoena for Deposition* was filed and served via the Court's electronic case filing and noticing system to all registered users that have appeared in the main Chapter 9 proceeding.

/s/ Mark R. James
Mark R. James
WILLIAMS, WILLIAMS, RATTNER &
PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: mrjames@wwrplaw.com

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

In re CITY OF DETROIT, MICHIGAN
Debtor

Case No. 13-53846

Chapter 9

_____
Plaintiff
v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Governor Rick Snyder, Executive Office of the Governor of the State of Michigan, George W. Romney Bldg., 111 S. Capitol Avenue, Lansing, MI, 48933**
*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| The Westin Book Cadillac Detroit, 1114 Washington Blvd., Esquire Conference Room, Detroit, Michigan 48226 | July 3, 2014 at 11:00 a.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
**See Exhibit A, attached hereto**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 20, 2014

CLERK OF COURT

OR

*Edward Soto*

_____
Signature of Clerk or Deputy Clerk
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing interested party <u>Financial Guaranty Insurance Company</u>, who issues or requests this subpoena, are: Edward Soto, Weil, Gotshal & Manges, 1395 Brickell Ave., Suite 1200, Miami, FL 33131; E-Mail: edward.soto@weil.com; Tel: (305) 577-3100

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

US_ACTIVE:\44503114\4\45259.0007

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐  I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐  I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $____.

    My fees are $_____ for travel and $_____ for services, for a total of $_____.


        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

US_ACTIVE:\44503114\4\45259.0007

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c)   Place of compliance.**

*(1)   For a Trial, Hearing, or Deposition.*   A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

*(A)*   within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

*(B)*   within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i)   is a party or a party's officer; or

(ii)   is commanded to attend a trial and would not incur substantial expense.

*(2)   For Other Discovery.*   A subpoena may command:

*(A)*   production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

*(B)*   inspection of premises, at the premises to be inspected.

**(d)   Protecting a Person Subject to a Subpoena; Enforcement.**

*(1)   Avoiding Undue Burden or Expense; Sanctions.*   A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2)   Command to Produce Materials or Permit Inspection.*

*(A)   Appearance Not Required.*   A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B)   Objections.*   A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)   At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii)   These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3)   Quashing or Modifying a Subpoena.*

*(A)   When Required.*   On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i)   fails to allow a reasonable time to comply;

(ii)   requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii)   requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)   subjects a person to undue burden.

*(B)   When Permitted.*   To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i)   disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)   disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C)   Specifying Conditions as an Alternative.*   In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)   shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii)   ensures that the subpoenaed person will be reasonably compensated.

**(e)   Duties in Responding to a Subpoena.**

*(1)   Producing Documents or Electronically Stored Information.*   These procedures apply to producing documents or electronically stored information:

*(A)   Documents.*   A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B)   Form for Producing Electronically Stored Information Not Specified.*   If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C)   Electronically Stored Information Produced in Only One Form.*   The person responding need not produce the same electronically stored information in more than one form.

*(D)   Inaccessible Electronically Stored Information.*   The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2)   Claiming Privilege or Protection.*

*(A)   Information Withheld.*   A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)   expressly make the claim; and

(ii)   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B)   Information Produced.*   If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g)  Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

US_ACTIVE:\44503114\4\45259.0007

**Exhibit A**

**DEFINITIONS**

As used herein, the following terms shall have the stated meanings:

1.  "All" and "each" shall be construed as all, each, any and every.

2.  "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all documents and information that might otherwise be construed to be outside of its scope.

3.  "City" means the City of Detroit, Michigan, as well as all of its past or present divisions, departments, or agencies, such as, but without limitation, the Detroit Arts Commission, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives and all other persons acting or purporting to act on its behalf, including, without limitation, Kevyn D. Orr acting as Emergency Manager and all successors.

4.  "Claim" means a claim, as defined by section 101(5) of Title II of the United States Code, against the City.

5.  "Communication" means all transfers of information including, but not limited to, conversations, meetings, telephone calls, correspondence, letters, notes, memoranda, electronic mail and any other media that may be used to exchange or transmit information.

6.  "Concerning" means and includes: with respect to, referring to, relating to, regarding, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, discussing, mentioning, pertaining to, relying upon, reporting, supporting, contradicting, evaluating or in any way relevant to the indicated item, person or event, whether in whole or in part.

1

US_ACTIVE:\44503114\4\45259.0007

7.     "DIA" means the Detroit Institute of Arts, a museum and cultural facility located at 5200 Woodward Avenue, Detroit, Michigan 48202, and all of its predecessors, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, and all other persons acting or purporting to act on its behalf.

8.     "DIA Assets" means the assets identified on Exhibit A to the summary of the material terms of the DIA Settlement, attached to the Plan as Exhibit I.A.91, to the extent the City holds title to such assets.

9.     "DIA Settlement" means the comprehensive settlement regarding the DIA Assets, as such terms are defined in the Plan.

10.    "Documents" means all written, graphic, or printed matter of any kind, however produced or reproduced, including, but not limited to, all originals, drafts, working papers and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information can be obtained.

11.     "Governor" means the Governor of the State of Michigan, Rick Snyder.

12.    "GRS" means the General Retirement System of the City of Detroit.

13.    "GRS Pension Claims," means any Claim (other than an OPEB Claim), whether asserted by current or former employees of the City, their heirs or beneficiaries or by the GRS or any trustee thereof or any other entity acting on the GRS's behalf, against the City or any fund managed by the City, as such terms are defined in the Plan.

14.    "House" means the lower chamber of the State legislature, known as the Michigan House of Representatives.

US_ACTIVE:\44503114\4\45259.0007

15. "Including" means including, but not limited to, and is intended to illustrate the kinds of matters that are responsive to these Requests. Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the Request.

16. "Individual" means and includes all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, any other form of business organization or arrangement, or any form of public, private or legal entity.

17. "Legislation" means the legislation embodied in 2014 Enrolled House Bill 5575 which is contemplated by the State Contribution Agreement as a condition precedent to the State's payment of the State Contribution, signed by the Governor on June 20, 2014, and which would create the Michigan Settlement Administration Authority.

18. "Liabilities" means any and all claims, obligations, suits, judgments, damages, demands, debts, rights, derivative claims, causes of action and liabilities, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, arising in law, equity or otherwise, that are based in whole or in part on any act, event, injury, omission, transaction, agreement, employment, exposure or other occurrence taking place on or prior to the Effective Date., as such terms are defined in the Plan.

19. "Michigan Settlement Administration Authority" means the public body corporate and politic created within the Department of Treasury, as further defined in Section 4 of the Legislation, which will receive funds from the State treasury and pay the State Contribution as contemplated by the State Contribution Agreement.

20. "Pension Claim" means a GRS Pension Claim or a PFRS Pension Claim, as such terms are defined in the Plan.

21. "PFRS" means the Police & Fire Retirement System of the City of Detroit.

3

US_ACTIVE:\44503114\4\45259.0007

22.     "PFRS Pension Claims" means any Claim (other than an OPEB Claim), whether asserted by current or former employees of the City, their heirs or beneficiaries or by the PFRS or any trustee thereof or any other Entity acting on the PFRS's behalf, against the City or any fund managed by the City, as such terms are defined in the Plan.

23.     "Plan" means the City's Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, filed on May 5, 2014 [ECF No. 4392], as may be amended and supplemented.

24.     "Regard" or "regarding" means and includes concerning, relating, with respect to, referring, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, discussing, mentioning, pertaining to, relying upon, reporting, supporting, contradicting, evaluating or in any way relevant to the indicated item, whether in whole or in part.

25.     "Request" means this subpoena duces tecum directed to You.

26.     "Retirement Systems" means the GRS and PFRS, collectively, as such terms are defined in the Plan.

27.     "Senate" means the upper chamber of the State legislature, known as the Michigan Senate.

28.     "State" means the State of Michigan, as well as all of its past or present divisions, departments, or agencies, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives and all other persons acting or purporting to act on its behalf

29.      "State Contribution" means payments to be made to GRS and PFRS by the State or the State's authorized agent for the purpose of funding Adjusted Pension Amounts in an aggregate amount equal to the net present value of $350 million payable over 20 years using a discount rate

US_ACTIVE:\44503114\4\45259.0007

of 6.75%, pursuant to the terms of the State Contribution Agreement, as such terms are defined in the Plan.

30. "State Contribution Agreement" means the definitive documentation to be executed in connection with the comprehensive settlement regarding Pension Claims as described in Section IV.E of the Plan, in substantially the same form attached to the Plan as Exhibit I.A.268.

31. "State Related Entities" means, collectively: (a) all officers, legislators, employees, judges and justices of the State; (b) the Governor of the State; (c) the Treasurer of the State; (d) all members of the Local Emergency Financial Assistance Loan Board created under the Emergency Municipal Loan Act, Michigan Compiled Laws §§ 141.931-141.942; (e) each of the State's agencies and departments; and (f) the Related Entities of each of the foregoing, as such terms are defined in the Plan.

32. "You" or "Your" means Rick Snyder, Governor of the State of Michigan.

33. All capitalized terms not defined herein shall have the definition ascribed to them in the Plan.

34. To the extent a definition in the Request conflicts with the definition of the same capitalized term in the Plan, the definition ascribed to that term in the Plan shall control.

## **INSTRUCTIONS**

1. Production shall be made as the records are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this Request.

2. If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully in writing the reasons that the documents are unavailable.

US_ACTIVE:\44503114\4\45259.0007

3. If any document cannot be produced in full, it shall be produced to the maximum extent possible and You shall specify in writing the reasons for Your inability to produce the remainder.

4. If any documents are available but are not produced because of an objection, including an objection based on privilege, identify such documents with particularity as to date, subject matter and the nature of the objection or privilege claim.

5. If documents called for are not available to You because they are in the custody or in control of a third person, identify such documents and the third person in whose possession or control said documents are to be found.

6. Produce original documents whenever such documents are available to You.

7. Produce all documents available by virtue of being in possession of Your attorneys or other agents.

8. In accordance with Fed. R. Bankr. P. 7026, where a claim of privilege is asserted in objecting to any Request or part thereof, You shall, in the objection, identify (a) the nature of the privilege that is being claimed; (b) the type of document; (c) the general subject matter of the document; (d) the date of the document; and (e) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

9. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. Words in the masculine, feminine or neuter shall include each of the other genders.

US_ACTIVE:\44503114\4\45259.0007

10. Unless otherwise stated, the time period applicable to the documents called for is January 1, 2013, through the date of this Request, subject to Your ongoing obligation to supplement its responses under the applicable rules.

## DOCUMENT REQUESTS

1. Any and all documents and communications regarding the Plan treatment of PFRS Pension Claims and GRS Pension Claims, including, but not limited to, documents and communications relating to:

    a. The allowed amount of such Claims.

    b. The contributions to be made to the PFRS and GRS.

    c. The 6.75% investment return assumption.

    d. The governance of PFRS and/or GRS by an "Investment Committee."

    e. The injunction against amending the terms, conditions, and rules of operation of the PFRS and/or GRS governing the calculation of pension benefits.

2. Any and all documents and communications created between January 1, 2005 and the present relating to the City's revenue-sharing arrangements with the State.

3. Any and all documents relating to funding received by the City from the State for any purpose from the time period January 1, 2005 to the present.

4. Any and all documents relating to revenue-sharing projections between the State and the City.

5. Any and all documents and communications relating to the State Contribution Agreement, including, but not limited to, the following:

    a. The contingent nature of the State's obligations under the State Contribution Agreement.

US_ACTIVE:\44503114\4\45259.0007

b. The State's rationale for entering into the State Contribution Agreement.

c. Any conditions placed on the use of the State Contribution.

d. The source of, rationale for, and explanation of each of the conditions precedent to the State Contribution.

e. The source of the funds being used for the State Contribution.

f. The calculation of the amount of the State Contribution.

g. The determination to make the State Contribution payable over a period of 20 years.

h. The determination to use a discount rate of 6.75% to calculate the State Contribution.

6.     Any and all documents and communications relating to any and all Claims or potential Claims against the State and/or State Related Entities, whether held by holders of Pension Claims or by the City itself (but not limited to such entities) including, but not limited to, the following:

a. The Liabilities to be released, waived and discharged pursuant to the Plan.

b. Any assessment of the strengths or weaknesses of such Liabilities.

c. The obligations that the State and/or State Related Entities have with respect to the funding of the Retirement Systems.

d. The bases for the State's dispute that it is obligated to pay a portion of the underfunding of pension benefits payable to retirees, as indicated by Paragraph C of the Form of State Contribution Agreement, attached to the Plan as Exhibit I.A.268.

US_ACTIVE:\44503114\4\45259.0007

7.      Any and all documents and communications relating to the relationship between the State Contribution Agreement and the DIA Settlement.

8.      Any and all documents and communications relating to the Michigan Settlement Administration Authority and the Legislation.

9.      Any and all documents that the City provided to the State and/or State Related Entities between January 1, 2013 and the present regarding the State Contribution Agreement.

10.      Any and all communications between the State and/or State Related Entities and the City between January 1, 2013 and the present regarding the State Contribution or the State Contribution Agreement.

11.      Any and all communications between the State and/or State Related Entities and the Michigan House and/or Senate regarding the State Contribution or the State Contribution Agreement.

12.      Any and all documents and communications relating to the effect of default by GRS and PFRS, as described in the State Contribution or the State Contribution Agreement.

US_ACTIVE:\44503114\4\45259.0007

# UNITED STATES BANKRUPTCY COURT
## Eastern District of Michigan

In re CITY OF DETROIT, MICHIGAN
Debtor

Case No. 13-53846 _____

Chapter 9 _____

_____
Plaintiff
v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Dennis Muchmore, Executive Office of the Governor of the State of Michigan, George W. Romney Bldg., 111 S. Capitol Avenue, Lansing, MI, 48933**

<i>(Name of person to whom the subpoena is directed)</i>

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| The Westin Book Cadillac Detroit, 1114 Washington Blvd., Esquire Conference Room, Detroit, Michigan 48226 | July 3, 2014 at 9:00 a.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
**See Exhibit A, attached hereto**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 20, 2014 _____

<table>
<tr><td>CLERK OF COURT</td><td></td><td></td></tr>
<tr><td></td><td>OR</td><td><i>Edward Soto</i></td></tr>
<tr><td><i>Signature of Clerk or Deputy Clerk</i></td><td></td><td><i>Attorney's signature</i></td></tr>
</table>

The name, address, email address, and telephone number of the attorney representing interested party Financial Guaranty Insurance Company, who issues or requests this subpoena, are: Edward Soto, Weil, Gotshal & Manges, 1395 Brickell Ave., Suite 1200, Miami, FL 33131; E-Mail: edward.soto@weil.com; Tel: (305) 577-3100

<b>Notice to the person who issues or requests this subpoena</b>

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

US_ACTIVE:\44503609\5\45259.0007

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____.

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $____.

   My fees are $_____ for travel and $_____ for services, for a total of $_____.

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

US_ACTIVE:\44503609\5\45259.0007

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

*(A)* within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

*(B)* within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

*(A)* production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

*(B)* inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

US_ACTIVE:\44503609\5\45259.0007

## Exhibit A

## DEFINITIONS

As used herein, the following terms shall have the stated meanings:

1.      "All" and "each" shall be construed as all, each, any and every.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all documents and information that might otherwise be construed to be outside of its scope.

3.      "City" means the City of Detroit, Michigan, as well as all of its past or present divisions, departments, or agencies, such as, but without limitation, the Detroit Arts Commission, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives and all other persons acting or purporting to act on its behalf, including, without limitation, Kevyn D. Orr acting as Emergency Manager and all successors.

4.      "Claim" means a claim, as defined by section 101(5) of Title II of the United States Code, against the City.

5.      "Communication" means all transfers of information including, but not limited to, conversations, meetings, telephone calls, correspondence, letters, notes, memoranda, electronic mail and any other media that may be used to exchange or transmit information.

6.      "Concerning" means and includes: with respect to, referring to, relating to, regarding, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, discussing, mentioning, pertaining to, relying upon, reporting, supporting, contradicting, evaluating or in any way relevant to the indicated item, person or event, whether in whole or in part.

1

US_ACTIVE:\44503609\5\45259.0007

7.      "DIA" means the Detroit Institute of Arts, a museum and cultural facility located at 5200 Woodward Avenue, Detroit, Michigan 48202, and all of its predecessors, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, and all other persons acting or purporting to act on its behalf.

8.      "DIA Assets" means the assets identified on Exhibit A to the summary of the material terms of the DIA Settlement, attached to the Plan as Exhibit I.A.91, to the extent the City holds title to such assets.

9.      "DIA Settlement" means the comprehensive settlement regarding the DIA Assets, as such terms are defined in the Plan.

10.     "Documents" means all written, graphic, or printed matter of any kind, however produced or reproduced, including, but not limited to, all originals, drafts, working papers and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information can be obtained.

11.      "Governor" means the Governor of the State of Michigan, Rick Snyder.

12.     "GRS" means the General Retirement System of the City of Detroit.

13.     "GRS Pension Claims," means any Claim (other than an OPEB Claim), whether asserted by current or former employees of the City, their heirs or beneficiaries or by the GRS or any trustee thereof or any other entity acting on the GRS's behalf, against the City or any fund managed by the City, as such terms are defined in the Plan.

14.     "House" means the lower chamber of the State legislature, known as the Michigan House of Representatives.

15.     "Including" means including, but not limited to, and is intended to illustrate the kinds of matters that are responsive to these Requests.  Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the Request.

16.     "Individual" means and includes all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, any other form of business organization or arrangement, or any form of public, private or legal entity.

17.     "Legislation" means the legislation embodied in 2014 Enrolled House Bill 5575 which is contemplated by the State Contribution Agreement as a condition precedent to the State's payment of the State Contribution, signed by the Governor on June 20, 2014, and which would create the Michigan Settlement Administration Authority.

18.     "Liabilities" means any and all claims, obligations, suits, judgments, damages, demands, debts, rights, derivative claims, causes of action and liabilities, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, arising in law, equity or otherwise, that are based in whole or in part on any act, event, injury, omission, transaction, agreement, employment, exposure or other occurrence taking place on or prior to the Effective Date., as such terms are defined in the Plan.

19.     "Michigan Settlement Administration Authority" means the public body corporate and politic created within the Department of Treasury, as further defined in Section 4 of the Legislation, which will receive funds from the State treasury and pay the State Contribution as contemplated by the State Contribution Agreement.

20.     "Pension Claim" means a GRS Pension Claim or a PFRS Pension Claim, as such terms are defined in the Plan.

21.     "PFRS" means the Police & Fire Retirement System of the City of Detroit.

US_ACTIVE:\44503609\5\45259.0007

22.     "PFRS Pension Claims" means any Claim (other than an OPEB Claim), whether asserted by current or former employees of the City, their heirs or beneficiaries or by the PFRS or any trustee thereof or any other Entity acting on the PFRS's behalf, against the City or any fund managed by the City, as such terms are defined in the Plan.

23.     "Plan" means the City's Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, filed on May 5, 2014 [ECF No. 4392], as may be amended and supplemented.

24.     "Regard" or "regarding" means and includes concerning, relating, with respect to, referring, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, discussing, mentioning, pertaining to, relying upon, reporting, supporting, contradicting, evaluating or in any way relevant to the indicated item, whether in whole or in part.

25.     "Request" means this subpoena duces tecum directed to You.

26.     "Retirement Systems" means the GRS and PFRS, collectively, as such terms are defined in the Plan.

27.     "Senate" means the upper chamber of the State legislature, known as the Michigan Senate.

28.     "State" means the State of Michigan, as well as all of its past or present divisions, departments, or agencies, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives and all other persons acting or purporting to act on its behalf

29.     "State Contribution" means payments to be made to GRS and PFRS by the State or the State's authorized agent for the purpose of funding Adjusted Pension Amounts in an aggregate amount equal to the net present value of $350 million payable over 20 years using a discount rate

US_ACTIVE:\44503609\5\45259.0007

of 6.75%, pursuant to the terms of the State Contribution Agreement, as such terms are defined in the Plan.

30.     "State Contribution Agreement" means the definitive documentation to be executed in connection with the comprehensive settlement regarding Pension Claims as described in Section IV.E of the Plan, in substantially the same form attached to the Plan as Exhibit I.A.268.

31.     "State Related Entities" means, collectively: (a) all officers, legislators, employees, judges and justices of the State; (b) the Governor of the State; (c) the Treasurer of the State; (d) all members of the Local Emergency Financial Assistance Loan Board created under the Emergency Municipal Loan Act, Michigan Compiled Laws §§ 141.931-141.942; (e) each of the State's agencies and departments; and (f) the Related Entities of each of the foregoing, as such terms are defined in the Plan.

32.     "You" or "Your" means Dennis Muchmore, Chief of Staff for the Governor of the State of Michigan.

33.     All capitalized terms not defined herein shall have the definition ascribed to them in the Plan.

34.     To the extent a definition in the Request conflicts with the definition of the same capitalized term in the Plan, the definition ascribed to that term in the Plan shall control.

## INSTRUCTIONS

1.      Production shall be made as the records are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this Request.

2.       If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully in writing the reasons that the documents are unavailable.

5

US_ACTIVE:\44503609\5\45259.0007

3.	If any document cannot be produced in full, it shall be produced to the maximum extent possible and You shall specify in writing the reasons for Your inability to produce the remainder.

4.	If any documents are available but are not produced because of an objection, including an objection based on privilege, identify such documents with particularity as to date, subject matter and the nature of the objection or privilege claim.

5.	If documents called for are not available to You because they are in the custody or in control of a third person, identify such documents and the third person in whose possession or control said documents are to be found.

6.	Produce original documents whenever such documents are available to You.

7.	Produce all documents available by virtue of being in possession of Your attorneys or other agents.

8.	In accordance with Fed. R. Bankr. P. 7026, where a claim of privilege is asserted in objecting to any Request or part thereof, You shall, in the objection, identify (a) the nature of the privilege that is being claimed; (b) the type of document; (c) the general subject matter of the document; (d) the date of the document; and (e) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

9.	The present tense includes the past and future tenses.   The singular includes the plural, and the plural includes the singular.  Words in the masculine, feminine or neuter shall include each of the other genders.

10. Unless otherwise stated, the time period applicable to the documents called for is January 1, 2013, through the date of this Request, subject to Your ongoing obligation to supplement its responses under the applicable rules.

## DOCUMENT REQUESTS

1. Any and all documents and communications regarding the Plan treatment of PFRS Pension Claims and GRS Pension Claims, including, but not limited to, documents and communications relating to:

    a. The allowed amount of such Claims.

    b. The contributions to be made to the PFRS and GRS.

    c. The 6.75% investment return assumption.

    d. The governance of PFRS and/or GRS by an "Investment Committee."

    e. The injunction against amending the terms, conditions, and rules of operation of the PFRS and/or GRS governing the calculation of pension benefits.

2. Any and all documents and communications created between January 1, 2005 and the present relating to the City's revenue-sharing arrangements with the State.

3. Any and all documents relating to funding received by the City from the State for any purpose from the time period January 1, 2005 to the present.

4. Any and all documents relating to revenue-sharing projections between the State and the City.

5. Any and all documents and communications relating to the State Contribution Agreement, including, but not limited to, the following:

    a. The contingent nature of the State's obligations under the State Contribution Agreement.

US_ACTIVE:\44503609\5\45259.0007

b. The State's rationale for entering into the State Contribution Agreement.

c. Any conditions placed on the use of the State Contribution.

d. The source of, rationale for, and explanation of each of the conditions precedent to the State Contribution.

e. The source of the funds being used for the State Contribution.

f. The calculation of the amount of the State Contribution.

g. The determination to make the State Contribution payable over a period of 20 years.

h. The determination to use a discount rate of 6.75% to calculate the State Contribution.

6. Any and all documents and communications relating to any and all Claims or potential Claims against the State and/or State Related Entities, whether held by holders of Pension Claims or by the City itself (but not limited to such entities) including, but not limited to, the following:

a. The Liabilities to be released, waived and discharged pursuant to the Plan.

b. Any assessment of the strengths or weaknesses of such Liabilities.

c. The obligations that the State and/or State Related Entities have with respect to the funding of the Retirement Systems.

d. The bases for the State's dispute that it is obligated to pay a portion of the underfunding of pension benefits payable to retirees, as indicated by Paragraph C of the Form of State Contribution Agreement, attached to the Plan as Exhibit I.A.268.

US_ACTIVE:\44503609\5\45259.0007

7.    Any and all documents and communications relating to the relationship between the State Contribution Agreement and the DIA Settlement.

8.    Any and all documents and communications relating to the Michigan Settlement Administration Authority and the Legislation.

9.    Any and all documents that the City provided to the State and/or State Related Entities between January 1, 2013 and the present regarding the State Contribution Agreement.

10.    Any and all communications between the State and/or State Related Entities and the City between January 1, 2013 and the present regarding the State Contribution or the State Contribution Agreement.

11.    Any and all communications between the State and/or State Related Entities and the Michigan House and/or Senate regarding the State Contribution or the State Contribution Agreement.

12.    Any and all documents and communications relating to the effect of default by GRS and PFRS, as described in the State Contribution or the State Contribution Agreement.

US_ACTIVE:\44503609\5\45259.0007

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

In re CITY OF DETROIT, MICHIGAN
Debtor

Case No. 13-53846

Chapter 9

Plaintiff
v.

Adv. Proc. No. _____

Defendant

**SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: **Executive Office of the Governor of the State of Michigan, George W. Romney Bldg., 111 S. Capitol Avenue, Lansing, MI, 48933**

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **Exhibit A, attached hereto**

| PLACE | DATE AND TIME |
|---|---|
| The Westin Book Cadillac Detroit, 1114 Washington Blvd., Esquire Conference Room, Detroit, Michigan 48226 | July 3, 2014 at 2:00 p.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☒ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Exhibit B, attached hereto**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 20, 2014

CLERK OF COURT

OR

_____            *Edward Soto*
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing interested party Financial Guaranty Insurance Company, who issues or requests this subpoena, are: Edward Soto, Weil, Gotshal & Manges, 1395 Brickell Ave., Suite 1200, Miami, FL 33131; E-Mail: edward.soto@weil.com; Tel: (305) 577-3100

**Notice to the person who issues or requests this subpoena**

US_ACTIVE:\44503441\4\45259.0007

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____; or

☐  I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

US_ACTIVE:\44503441\4\45259.0007

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c)   Place of compliance.**

 *(1) For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

  *(A)* within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

  *(B)* within the state where the person resides, is employed, or regularly transacts business in person, if the person

   (i) is a party or a party's officer; or

   (ii) is commanded to attend a trial and would not incur substantial expense.

 *(2) For Other Discovery.*  A subpoena may command:

  *(A)* production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

  *(B)* inspection of premises, at the premises to be inspected.

**(d)   Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*

  *(A) Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

  *(B) Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

   (i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

   (ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*

  *(A) When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

   (i) fails to allow a reasonable time to comply;

   (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

   (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

   (iv) subjects a person to undue burden.

  *(B) When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

   (i)  disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

  *(C) Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

   (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

   (ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e)   Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:

  *(A) Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

  *(B) Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

  *(C) Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.

  *(D) Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*

  *(A) Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

   (i) expressly make the claim; and

   (ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

  *(B) Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g)  Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

US_ACTIVE\44503441\4\45259.0007

## Exhibit A

## DEFINITIONS

As used herein, the following terms shall have the stated meanings:

1.      "All" and "each" shall be construed as all, each, any and every.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all documents and information that might otherwise be construed to be outside of its scope.

3.      "City" means the City of Detroit, Michigan, as well as all of its past or present divisions, departments, or agencies, such as, but without limitation, the Detroit Arts Commission, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives and all other persons acting or purporting to act on its behalf, including, without limitation, Kevyn D. Orr acting as Emergency Manager and all successors.

4.      "Claim" means a claim, as defined by section 101(5) of Title II of the United States Code, against the City.

5.      "Communication" means all transfers of information including, but not limited to, conversations, meetings, telephone calls, correspondence, letters, notes, memoranda, electronic mail and any other media that may be used to exchange or transmit information.

6.      "Concerning" means and includes: with respect to, referring to, relating to, regarding, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, discussing, mentioning, pertaining to, relying upon, reporting, supporting, contradicting, evaluating or in any way relevant to the indicated item, person or event, whether in whole or in part.

1

US_ACTIVE:\44503441\4\45259.0007

7.     "DIA" means the Detroit Institute of Arts, a museum and cultural facility located at 5200 Woodward Avenue, Detroit, Michigan 48202, and all of its predecessors, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, and all other persons acting or purporting to act on its behalf.

8.     "DIA Assets" means the assets identified on Exhibit A to the summary of the material terms of the DIA Settlement, attached to the Plan as Exhibit I.A.91, to the extent the City holds title to such assets.

9.     "DIA Settlement" means the comprehensive settlement regarding the DIA Assets, as such terms are defined in the Plan.

10.     "Documents" means all written, graphic, or printed matter of any kind, however produced or reproduced, including, but not limited to, all originals, drafts, working papers and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information can be obtained.

11.     "Governor" means the Governor of the State of Michigan, Rick Snyder.

12.     "GRS" means the General Retirement System of the City of Detroit.

13.     "GRS Pension Claims," means any Claim (other than an OPEB Claim), whether asserted by current or former employees of the City, their heirs or beneficiaries or by the GRS or any trustee thereof or any other entity acting on the GRS's behalf, against the City or any fund managed by the City, as such terms are defined in the Plan.

14.     "House" means the lower chamber of the State legislature, known as the Michigan House of Representatives.

15.     "Including" means including, but not limited to, and is intended to illustrate the kinds of matters that are responsive to these Requests. Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the Request.

16.     "Individual" means and includes all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, any other form of business organization or arrangement, or any form of public, private or legal entity.

17.     "Legislation" means the legislation embodied in 2014 Enrolled House Bill 5575 which is contemplated by the State Contribution Agreement as a condition precedent to the State's payment of the State Contribution, signed by the Governor on June 20, 2014, and which would create the Michigan Settlement Administration Authority.

18.     "Liabilities" means any and all claims, obligations, suits, judgments, damages, demands, debts, rights, derivative claims, causes of action and liabilities, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, arising in law, equity or otherwise, that are based in whole or in part on any act, event, injury, omission, transaction, agreement, employment, exposure or other occurrence taking place on or prior to the Effective Date., as such terms are defined in the Plan.

19.     "Michigan Settlement Administration Authority" means the public body corporate and politic created within the Department of Treasury, as further defined in Section 4 of the Legislation, which will receive funds from the State treasury and pay the State Contribution as contemplated by the State Contribution Agreement.

20.     "Pension Claim" means a GRS Pension Claim or a PFRS Pension Claim, as such terms are defined in the Plan.

21.     "PFRS" means the Police & Fire Retirement System of the City of Detroit.

22.     "PFRS Pension Claims" means any Claim (other than an OPEB Claim), whether asserted by current or former employees of the City, their heirs or beneficiaries or by the PFRS or any trustee thereof or any other Entity acting on the PFRS's behalf, against the City or any fund managed by the City, as such terms are defined in the Plan.

23.     "Plan" means the City's Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, filed on May 5, 2014 [ECF No. 4392], as may be amended and supplemented.

24.     "Regard" or "regarding" means and includes concerning, relating, with respect to, referring, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, discussing, mentioning, pertaining to, relying upon, reporting, supporting, contradicting, evaluating or in any way relevant to the indicated item, whether in whole or in part.

25.     "Request" means this subpoena duces tecum directed to You.

26.     "Retirement Systems" means the GRS and PFRS, collectively, as such terms are defined in the Plan.

27.     "Senate" means the upper chamber of the State legislature, known as the Michigan Senate.

28.     "State" means the State of Michigan, as well as all of its past or present divisions, departments, or agencies, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives and all other persons acting or purporting to act on its behalf

29.      "State Contribution" means payments to be made to GRS and PFRS by the State or the State's authorized agent for the purpose of funding Adjusted Pension Amounts in an aggregate amount equal to the net present value of $350 million payable over 20 years using a discount rate

US_ACTIVE:\44503441\4\45259.0007

of 6.75%, pursuant to the terms of the State Contribution Agreement, as such terms are defined in the Plan.

30.     "State Contribution Agreement" means the definitive documentation to be executed in connection with the comprehensive settlement regarding Pension Claims as described in Section IV.E of the Plan, in substantially the same form attached to the Plan as Exhibit I.A.268.

31.     "State Related Entities" means, collectively: (a) all officers, legislators, employees, judges and justices of the State; (b) the Governor of the State; (c) the Treasurer of the State; (d) all members of the Local Emergency Financial Assistance Loan Board created under the Emergency Municipal Loan Act, Michigan Compiled Laws §§ 141.931-141.942; (e) each of the State's agencies and departments; and (f) the Related Entities of each of the foregoing, as such terms are defined in the Plan.

32.     "You" or "Your" means the Executive Office of the Governor for the State of Michigan.

33.     All capitalized terms not defined herein shall have the definition ascribed to them in the Plan.

34.     To the extent a definition in the Request conflicts with the definition of the same capitalized term in the Plan, the definition ascribed to that term in the Plan shall control.

## DEPOSITION TOPICS

1.     The Plan's treatment of PFRS Pension Claims and GRS Pension Claims.

   a.   The allowed amount of PFRS Pension Claims and GRS Pension Claims.

   b.   The contributions to be made to the PFRS and GRS.

   c.   The 6.75% investment return assumption.

   d.   The governance of PFRS and/or GRS by an "Investment Committee."

e. The injunction against amending the terms, conditions, and rules of operation of the PFRS and/or GRS governing the calculation of pension benefits.

2. Any and all State revenue-sharing arrangements with the City from January 1, 2005 until the present, including, but not limited to, revenue-sharing projections.

3. Any and all funding received by the City from the State for any purpose from the time period January 1, 2005 to the present.

4. The State Contribution Agreement.

   a. The contingent nature of the State's obligations under the State Contribution Agreement.

   b. The State's rationale for entering into the State Contribution Agreement.

   c. Any conditions placed on the use of the State Contribution.

   d. The source of, rationale for, and explanation of each of the conditions precedent to the State Contribution.

   e. The source of the funds being used for the State Contribution.

   f. The calculation of the amount of the State Contribution.

   g. The determination to make the State Contribution payable over a period of 20 years.

   h. The determination to use a discount rate of 6.75% to calculate the State Contribution.

5. Any and all Claims or potential Claims against the State and/or State Related Entities.

   a. The Liabilities to be released, waived and discharged pursuant to the Plan.

   b. Any assessment of the strengths or weaknesses of such Liabilities.

US_ACTIVE:\44503441\4\45259.0007

c.　The obligations that the State and/or State Related Entities have with respect to the funding of the Retirement Systems.

d.　The bases for the State's dispute that it is obligated to pay a portion of the underfunding of pension benefits payable to retirees, as indicated by Paragraph C of the Form of State Contribution Agreement, attached to the Plan as Exhibit I.A.268.

6.　The relationship between the State Contribution Agreement and the DIA Settlement.

7.　The Michigan Settlement Administration Authority and the Legislation passed by the House and Senate and signed by the Governor.

8.　The State's relationship and discussions with the House and/or Senate regarding the Legislation, the source of funding for the State Contribution, and the State Contribution Agreement.

9.　The effect of default by GRS and PFRS, as described in the State Contribution Agreement.

US_ACTIVE:\44503441\4\45259.0007

**Exhibit B**

**DEFINITIONS**

See definitions in Exhibit A, attached to the subpoena.

**INSTRUCTIONS**

1.      Production shall be made as the records are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this Request.

2.      If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully in writing the reasons that the documents are unavailable.

3.      If any document cannot be produced in full, it shall be produced to the maximum extent possible and You shall specify in writing the reasons for Your inability to produce the remainder.

4.      If any documents are available but are not produced because of an objection, including an objection based on privilege, identify such documents with particularity as to date, subject matter and the nature of the objection or privilege claim.

5.      If documents called for are not available to You because they are in the custody or in control of a third person, identify such documents and the third person in whose possession or control said documents are to be found.

6.      Produce original documents whenever such documents are available to You.

7.      Produce all documents available by virtue of being in possession of Your attorneys or other agents.

8.      In accordance with Fed. R. Bankr. P. 7026, where a claim of privilege is asserted in objecting to any Request or part thereof, You shall, in the objection, identify (a) the nature of

8

the privilege that is being claimed; (b) the type of document; (c) the general subject matter of the document; (d) the date of the document; and (e) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

9.    The present tense includes the past and future tenses.   The singular includes the plural, and the plural includes the singular.  Words in the masculine, feminine or neuter shall include each of the other genders.

10. Unless otherwise stated, the time period applicable to the documents called for is January 1, 2013, through the date of this Request, subject to Your ongoing obligation to supplement its responses under the applicable rules.

## **DOCUMENT REQUESTS**

1.    Any and all documents and communications regarding the Plan treatment of PFRS Pension Claims and GRS Pension Claims, including, but not limited to, documents and communications relating to:

    a.   The allowed amount of such Claims.

    b.   The contributions to be made to the PFRS and GRS.

    c.   The 6.75% investment return assumption.

    d.   The governance of PFRS and/or GRS by an "Investment Committee."

    e.   The injunction against amending the terms, conditions, and rules of operation of the PFRS and/or GRS governing the calculation of pension benefits.

2.    Any and all documents and communications created between January 1, 2005 and the present relating to the City's revenue-sharing arrangements with the State.

3.     Any and all documents relating to funding received by the City from the State for any purpose from the time period January 1, 2005 to the present.

4.     Any and all documents relating to revenue-sharing projections between the State and the City.

5.     Any and all documents and communications relating to the State Contribution Agreement, including, but not limited to, the following:

a.   The contingent nature of the State's obligations under the State Contribution Agreement.

b.   The State's rationale for entering into the State Contribution Agreement.

c.   Any conditions placed on the use of the State Contribution.

d.   The source of, rationale for, and explanation of each of the conditions precedent to the State Contribution.

e.   The source of the funds being used for the State Contribution.

f.   The calculation of the amount of the State Contribution.

g.   The determination to make the State Contribution payable over a period of 20 years.

h.   The determination to use a discount rate of 6.75% to calculate the State Contribution.

6.     Any and all documents and communications relating to any and all Claims or potential Claims against the State and/or State Related Entities, whether held by holders of Pension Claims or by the City itself (but not limited to such entities) including, but not limited to, the following:

a.   The Liabilities to be released, waived and discharged pursuant to the Plan.

US_ACTIVE:\44503441\4\45259.0007

b. Any assessment of the strengths or weaknesses of such Liabilities.

c. The obligations that the State and/or State Related Entities have with respect to the funding of the Retirement Systems.

d. The bases for the State's dispute that it is obligated to pay a portion of the underfunding of pension benefits payable to retirees, as indicated by Paragraph C of the Form of State Contribution Agreement, attached to the Plan as Exhibit I.A.268.

7. Any and all documents and communications relating to the relationship between the State Contribution Agreement and the DIA Settlement.

8. Any and all documents and communications relating to the Michigan Settlement Administration Authority and the Legislation.

9. Any and all documents that the City provided to the State and/or State Related Entities between January 1, 2013 and the present regarding the State Contribution Agreement.

10. Any and all communications between the State and/or State Related Entities and the City between January 1, 2013 and the present regarding the State Contribution or the State Contribution Agreement.

11. Any and all communications between the State and/or State Related Entities and the Michigan House and/or Senate regarding the State Contribution or the State Contribution Agreement.

12. Any and all documents and communications relating to the effect of default by GRS and PFRS, as described in the State Contribution or the State Contribution Agreement.

US_ACTIVE:\44503441\4\45259.0007

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

In re CITY OF DETROIT, MICHIGAN
             Debtor

Case No. 13-53846

Chapter 9

             Plaintiff
                v.

Adv. Proc. No. _____

             Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Sean Werdlow, c/o Siebert Brandford Shank & Co. LLC, 535 Griswold Street, Suite 2250, Detroit, MI 48226**
            *(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Westin Book Cadillac Detroit, 1114 Washington Blvd., Founders A Conference Room, Detroit, MI 48226 | July 10, 2014 at 9:00 a.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 20, 2014

             CLERK OF COURT
                            OR

                                    *Edward Soto*

   *Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing interested party Financial Guaranty Insurance Company, who issues or requests this subpoena, are: Edward Soto, Weil, Gotshal & Manges, 1395 Brickell Ave., Suite 1200, Miami, FL 33131; E-mail: edward.soto@weil.com; Tel: (305) 577-3100

#### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $____.

    My fees are $_____ for travel and $_____ for services, for a total of $_____.


      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

US_ACTIVE:\44501420\1\45259.0007

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c)  Place of compliance.**

*(1)  For a Trial, Hearing, or Deposition.*  A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

*(A)*  within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

*(B)*  within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i)  is a party or a party's officer; or

(ii)  is commanded to attend a trial and would not incur substantial expense.

*(2)  For Other Discovery.*  A subpoena may command:

*(A)*  production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

*(B)*  inspection of premises, at the premises to be inspected.

**(d)  Protecting a Person Subject to a Subpoena; Enforcement.**

*(1)  Avoiding Undue Burden or Expense; Sanctions.*  A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2)  Command to Produce Materials or Permit Inspection.*

*(A)  Appearance Not Required.*  A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B)  Objections.*  A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii)  These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3)  Quashing or Modifying a Subpoena.*

*(A)  When Required.*  On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i)  fails to allow a reasonable time to comply;

(ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv)  subjects a person to undue burden.

*(B)  When Permitted.*  To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i)  disclosing a trade secret or other confidential research, development, or commercial information; or

(ii)  disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C)  Specifying Conditions as an Alternative.*  In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii)  ensures that the subpoenaed person will be reasonably compensated.

**(e)  Duties in Responding to a Subpoena.**

*(1)  Producing Documents or Electronically Stored Information.*  These procedures apply to producing documents or electronically stored information:

*(A)  Documents.*  A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B)  Form for Producing Electronically Stored Information Not Specified.*  If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C)  Electronically Stored Information Produced in Only One Form.*  The person responding need not produce the same electronically stored information in more than one form.

*(D)  Inaccessible Electronically Stored Information.*  The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2)  Claiming Privilege or Protection.*

*(A)  Information Withheld.*  A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i)  expressly make the claim; and

(ii)  describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B)  Information Produced.*  If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g)  Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

US_ACTIVE:\44501420\1\45259.0007