UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                    ) Chapter 9
                                          )
CITY OF DETROIT, MICHIGAN,                ) Case No. 13-53846
                                          )
          Debtor.                         ) Hon. Steven W. Rhodes
                                          )

**MOTION OF THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT TO DESIGNATE AND DETERMINE ADDITIONAL LEGAL ISSUE REGARDING METHODOLOGY FOR ASF RECOUPMENT FROM RETIREES**

The General Retirement System of the City of Detroit ("GRS") hereby files this motion ("Motion") to raise a discrete legal issue before the Court regarding the treatment of GRS retirees with respect to the recoupment of Annuity Savings Fund Excess Amounts[1] under the City's Plan of Adjustment. The manner in which such amounts are recouped from retirees is an issue that could have a significant effect on how GRS retirees vote on the Plan of Adjustment. Accordingly, GRS respectfully submits that this is both an important and urgent issue.[2] In support of this Motion, GRS states as follows:

### Background

1. The Annuity Savings Fund ("ASF") is a voluntary program operating within the GRS pension plan which allows participants to create an account and then contribute 3%, 5%, or

---

[1] Any capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (May 5, 2014) (the "Plan of Adjustment" or "Plan") [Dkt. No. 4392].

[2] Concurrent with this Motion, GRS has filed an ex parte motion for expedited hearing of this Motion.

{01496257}
200844916.5 14893/165083

7% of their gross pay, after tax, to that account.[3] The contributions paid in by ASF participants are invested with the rest of the GRS assets. Disclosure Statement, at 24. Upon retirement, the contributions made to an ASF account and the interest accrued thereon is paid either in one lump sum, or can be annuitized and paid on a monthly basis in addition to the individual's regular monthly pension payments. *Id.*

2. Under the Plan of Adjustment, the City plans to recoup certain "excess" interest that it claims has been paid on individual ASF accounts between July 1, 2003 and June 30, 2013 (the "Recoupment Amounts"), as more particularly described in the Plan.

3. The manner in which the Recoupment Amounts are to be recouped from ASF account holders differs depending on whether the account holder is (a) an active employee with an active ASF account or (b) a current retiree (or active employee who no longer has an ASF account). With regard to active employees, the Plan proposes that the Recoupment Amounts will be deducted from their ASF accounts, which results in all active employees paying their Recoupment Amounts in one lump sum. *Id.*

4. In contrast, for retirees (and active employees who no longer have an ASF account), the Plan proposes that their Recoupment Amounts will be converted into actuarially-determined monthly annuity amounts, and then deducted from the retirees' monthly pension checks for the remainder of their lives. The Recoupment Amount is annuitized based on the City's 6.75% investment rate of return assumption and upon other factors, such as life expectancy of the retirees.

---

[3] *See* Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, at 23-24 ("Disclosure Statement") [Dkt. No. 4391].

## Argument

5. GRS submits that retirees who are subject to ASF Recoupment should have the option to pay their Recoupment Amounts in one lump sum, if they so choose, much like the active employees.

6. Recouping the Recoupment Amounts from retirees through reducing their monthly pension payments, without the option of making a lump-sum payment, creates a number of issues. First, since the Recoupment Amount is annuitized based on factors such as life expectancy, if retirees happen to outlive their life expectancy, the retirees would ultimately pay more than the Recoupment Amount under the Plan.

7. Further, subjecting retirees to this method of recoupment, without option, essentially forces them into a financing transaction at a fairly burdensome interest rate of 6.75%. In light of current interest rates on home equity loans, for instance, retirees may fare significantly better borrowing money—at a substantially lower interest rate than 6.75%—and using the loan proceeds to satisfy the Recoupment Amount in a lump-sum payment.

8. Given that active employees are able to satisfy their obligations with respect to the Recoupment Amount in a lump-sum payment, there does not appear to be any legal or equitable basis to deny retirees that same ability.

9. The City has taken the position that it "recognizes the hardship that may be caused by requiring the excess returns to be repaid in a single lump sum," so the Plan "structures the recoupment so that it is repaid over the individual's lifetime, from pension benefits that are yet to be repaid." [Dkt. No. 5034, ¶ 275]. But the Retirement Systems are not disputing the ability of the City to accept installment payments to avoid financial hardships in cases where the

individuals *desire* to do so. Rather, they are disputing the City's ability to *prevent* ASF recipients from paying their entire Recoupment Amount in one lump sum.[4]

10. Further, the imposition of a 6.75% interest rate is simply not supported by Michigan law. If the City were to actually pursue its restitution theory against the recipients of the Annuity Savings Fund Excess Amounts and obtain a money judgment, the individuals would be permitted to pay off the judgment in one lump sum payment under Michigan law. There is no provision in Michigan law compelling a judgment debtor to satisfy a judgment debt over time rather than by a lump-sum payment. Therefore, imposing a 6.75% interest rate—when there are individuals who would like to pay a lump sum and avoid the interest penalty altogether—is unsupportable in law.

11. There is no discernible legal basis for the City to impose what is essentially an arbitrary penalty upon people seeking to pay their portion of the ASF Recoupment in a lump sum. Michigan law generally disfavors penalties or other forms of punitive damages. *Hicks v. Ottewell*, 174 Mich. App. 750, 756 (1989) ("Punitive damages are designed to punish a party for misconduct. In Michigan, punitive damages may not be awarded.").

12. GRS can and does represent to this Court that numerous members of its constituency have raised concerns about this issue and indicated that the outcome could be a deciding factor as to whether they will vote in favor of the Plan of Adjustment.

13. Pursuant to this Court's *Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures* entered on June 5, 2014 [Dkt. No. 5235] (the "Legal Issues Order"), the Court has identified various discrete legal issues related to the Plan and established a process for addressing and resolving them before the

---

[4] The Retirement System reserves all rights to challenge the ASF Recoupment provisions of the Plan at a later date consistent with the provisions of the stipulate Order entered on May 9, 2014 [Dkt. No. 4587] and any successor stipulated order.

confirmation trial. Here, the GRS submits there is a discrete legal issue that should be similarly resolved independent of and prior to the Plan confirmation trial - - specifically, whether the City can compel retirees to pay their Recoupment Amounts over time with 6.75% interest and deny them the ability to satisfy such obligation in a lump-sum payment within 90 days, or some other reasonable period of time, after the Effective Date.

14. The Legal Issues Order provides for briefing by June 30, 2014, with arguments to be heard on July 16 and 17, 2014. However, due to the potentially significant impact of this issue on the Plan voting by GRS retirees, GRS submits that this is an urgent issue warranting expedited consideration. Accordingly, concurrent with this Motion, GRS has filed an ex parte motion for an expedited hearing of this matter.

15. GRS has had conversations with counsel for the City in the past several weeks regarding the relief requested in this Motion, and the City has not indicated concurrence.

WHEREFORE, GRS respectfully requests that the issue regarding the right of GRS retirees to be able to satisfy their Recoupment Amounts via a lump-sum payment be designated and determined by the Court as a discrete legal issue and seeks entry of an Order in the form attached hereto as Exhibit 1.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Avenue, Ste. 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated: June 20, 2014     *Counsel to the General Retirement System of the City of Detroit*

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                    ) Chapter 9
                                          )
CITY OF DETROIT, MICHIGAN,                ) Case No. 13-53846
                                          )
    Debtor.                               ) Hon. Steven W. Rhodes
                                          )

ORDER GRANTING MOTION OF
THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT
TO DESIGNATE AND DETERMINE ADDITIONAL LEGAL ISSUE
REGARDING METHODOLOGY FOR ASF RECOUPMENT FROM RETIREES

This matter coming before the Court upon the Motion of the General Retirement System of the City of Detroit to Designate and Determine Additional Legal Issue Regarding Methodology for ASF Recoupment From Retirees (the "Motion");[1] and the Court having considered the Motion and the arguments of counsel at a hearing conducted before the Court on June __, 2014; and due and adequate notice of the Motion having been provided to parties in interest; and the Court finding good cause for the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ADJUDGED AND ORDERED that:

1. The Motion is **GRANTED**, as set forth herein.

2. The issue of whether GRS retirees who are subject to ASF Recoupment should have the ability and option to pay the Annuity Savings Fund Excess Amount in one lump sum within a reasonable time subsequent to the Effective Date, or whether such retirees must pay their Annuity Savings Fund Excess Amounts at 6.75% interest via reductions in their monthly pension payments is designated as a discrete legal issue properly to be determined by the Court in advance of the Plan confirmation trial.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

{01496257}
20087219914489314165083

3. The Court finds, for the reasons stated in the Motion, that requiring GRS retirees to pay the Annuity Savings Fund Excess Amount over time with 6.75%, without the option of paying the Annuity Savings Fund Excess Amount in a lump sum within a reasonable period of time after the Effective Date of the Plan, is improper and not supportable in law. The Court agrees with GRS that permitting GRS retirees to pay the Annuity Savings Fund Excess Amount in a lump sum within 90 days after the Effective Date of the Plan would be proper and reasonable.

4. The Court's ruling herein is not intended to supplant the City's drafting and presentation of a plan of adjustment but only to provide guidance on a discrete legal issue. The City may proceed to amend or otherwise present a plan of adjustment for consideration by the Court as the City deems appropriate.