UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
:
---------------------------------------------------x

## CONSOLIDATED REPLY IN SUPPORT OF OBJECTIONS TO UNAUTHORIZED CLASS CLAIMS FILED BY HYDE PARK CO-OPERATIVE, *ET AL*.

The City of Detroit, Michigan (the "City") hereby files this consolidated reply (the "Reply") in support of the: (a) Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, to Proof of Claim Number 2651 Filed by Hyde Park Co-Operative (Docket No. 4886) (the "Hyde Park Claim Objection"); and (b) Fourth Omnibus Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, Seeking the Disallowance of Certain Duplicate Claims (Docket No. 4881) (the "Duplicate Claim Objection" and, together with the Hyde Park Claim

Objection, the "Claim Objections").[1]  In support of this Reply, the City respectfully represents as follows:

## Procedural Background

1. By the Claim Objections, the City sought the disallowance and expungement of a total of eight proofs of claim (collectively, the "Claims").[2]  Each of the Claims asserts aggregate liabilities in the amount of $5,000,000 arising from a putative class action pending in the Wayne County Circuit Court and captioned <u>Hyde Park Co-Operative, et al. v. City of Detroit, by and through its Building, Safety and Engineering Department</u>, Case No. 10-005687.

2. By the Duplicate Claim Objection, the City sought disallowance of all of the Claims other than the Hyde Park Claim (collectively, the "Duplicate Claims") on the grounds that the Duplicate Claims asserted all of

---

[1] Capitalized terms not defined herein have the meanings given to them in the Hyde Park Claim Objection or the Duplicate Claim Objection, as applicable.

[2] The Claims consist of consist of the following proofs of claim filed by the following claimants (collectively, the "Claimants"):  (a) proof of claim number 2651 (the "Hyde Park Claim"), filed by Hyde Park Co-Operative ("Hyde Park"); (b) proof of claim number 2638, filed by Plymouth Square Ltd. Housing Assoc.; (c) proof of claim number 2654, filed by Cambridge Tower Assoc. Ltd. Div. H.A.; (d) proof of claim number 2659, filed by Millender Center Associates L.P.; (e) proof of claim number 2676, filed by Village Center Assoc. Dvd. H.A.; (f) proof of claim number 2683, filed by Fenimore Limited Div. Housing Assoc.; (g) proof of claim number 2689, filed by Bowin Place Associates Ltd. Div. H.A.; and (h) proof of claim number 2692, filed by Bowin Place Associates Ltd. Div. H.A.

the same liabilities on behalf of the same putative class, and in the same aggregate amount, as the Hyde Park Claim.  See Duplicate Claim Objection, at ¶¶ 7-12.[3]  Separately, in the Hyde Park Claim Objection, the City sought the disallowance of the Hyde Park Claim on the grounds that the Hyde Park Claim is an improper class claim asserted without obtaining the Court's prior approval to apply Bankruptcy Rules 9014 and 7023.  See Hyde Park Objection, at ¶¶ 9-11.

        3.      On June 17, 2014, Hyde Park filed a response to the Hyde Park Objection (Docket No. 5340) (the "Hyde Park Response").  On June 18, 2014, the remaining Claimants filed a consolidated response to the Duplicate Claim Objection (Docket No. 5394) (the "Duplicate Claim Response" and, together with the Hyde Park Response, the "Responses").

        4.      Also on June 17, 2014 – almost four months after the general deadline for filing proofs of claim in this chapter 9 case (the "Bar Date") and a month after the Objections were filed – the Claimants filed the Motion for Class Certification of Proof of Claims [sic] ##2638, 2651, 2654, 2659, 2676, 2683, 2689 and 2692 (Docket No. 5354) (the "Class Certification Motion").  The Class Certification Motion seeks class certification for the Hyde Park Claim and each of

---

[3]    In fact, other than that name of the Claimant, the Duplicate Claims and the Hyde Park Claim are all identical and were filed by the same counsel.

the Duplicate Claims.[4]  Class Certification Motion, at ¶ 7.  The putative class identified in the Class Certification Motion consists of:

> All entities and persons constituting owner's [sic] of buildings and properties subject to the provisions of the Housing Law of Michigan (MCL 125.401 et. seq.) and the application of the Detroit Property Maintenance Code under the Housing Law which or who were charged inspection fees by Defendant that exceed Defendant's actual, reasonable cost for the inspection and/or were not proportionate to services rendered.  Plaintiffs seek a class period dating back to the initiation of such charges or six years prior to the filing of Federal litigation on August 19, 2009, less the lapse of time between dismissal of that litigation and the filing of state court litigation, whichever is sooner, or if Headlee applies, a class period going back to one year prior to the filing of the Federal litigation on August 19, 2009, less the lapse of time between dismissal of that and the filing of the state court litigation.

Class Certification Motion, at ¶ 6(A).

## **Reply**

***The Duplicate Claims Should Be Disallowed Because***
***They Are Duplicative of Each Other and the Hyde Park Claim***

5. In the Responses, the Claimants state that the Claims are asserted individually by the applicable Claimant with respect to the damages they allegedly have incurred.  Duplicate Claim Response, at ¶¶ 8-13.  But the Claims

---

[4] In the Duplicate Claim Response, the Claimants admit that proof of claim numbers 2689 and 2692 are duplicative of each other.  Duplicate Claim Motion, at ¶ 9.  Nevertheless, they include both within the scope of the relief requested in the Class Certification Motion.

are not filed as individual claims. In the Claims, the Claimants: (a) assert each of the Claims in the amount of $5,000,000, which is, upon information and belief, the aggregate asserted liability for the entire putative class action; (b) state that each of the Claims is asserted "individually, collectively and with other named Plaintiffs . . . for a class of similarly situated persons and entities . . . ."; and (c) by the Class Certification Motion, seek class certification for all of the Claims into – presumably – a single class.[5]

6. If the Claimants, as they allege, wished to protect their rights to individual recoveries, they needed only to file a proof of claim on account of their individual alleged damages. See Duplicate Claim Response, at ¶ 8. Instead, they filed multiple proofs of claim each purporting to assert the same aggregate liabilities on behalf of each alleged Claimant, all other Claimants and the putative class. As such, the Duplicate Claims are patently duplicative of each other and of the Hyde Park Claim.

7. The Claimants argue that the City cannot object to the Claims on the grounds they are duplicative of each other while also contesting certification of the putative class. Duplicate Claim Response, at ¶ 8. It is not for the City,

---

[5] If the Class Certification Motion is granted, the City understands that all of the Claims would be part of a single class, including all of the Claimants and all other members of the putative class. Although the Class Certification Motion is far from clear on this issue, it does not appear that each of the Claimants would be a lead plaintiff in its own separate class action.

however, to determine the contents of the Claimants' proofs of claim.  On their face, the Claims assert the same aggregate liability multiple times and, therefore, are duplicative of each other.

***The Claimants' Failure to Obtain Permission to File a Class
Claim Renders the Hyde Park Claim Subject to Disallowance***

8. Hyde Park argues that it was not required to obtain the Court's permission to assert a class proof of claim prior to the Bar Date.  Hyde Park Response, at ¶ 10.  Hyde Park cites no authority in support of this position.  See id. Notwithstanding Hyde Park's assertions to the contrary, the Sixth Circuit in Reid v. White Motor Corp., 886 F.2d 1462 (6th Cir. 1989) expressly affirmed the disallowance of a class proof of claim where, among other things, the claimant failed "to timely petition the bankruptcy court to apply the provisions of [Bankruptcy] Rules 9014 and 7023."  Id. at 1471.  The decision of the United States Bankruptcy Court for the Western District of Michigan in In re CommonPoint Mortgage Co., 283 B.R. 469 (W.D. Mich. 2002) – which Hyde Park dismisses as not controlling authority – equally required the filing of a *timely* request that the bankruptcy court apply the provisions of Bankruptcy Rules 9014 and 7023.  Id. at 475-76.

9. The failure of Hyde Park (and the other Claimants) to obtain prior authorization to file a class proof of claim, and the Claimants' decision instead to file multiple proofs of claim, each of which – according to the Claimants

– represents simultaneously an individual, collective and class liability, demonstrates the need for a timely request to apply the provisions of Bankruptcy Rules 9014 and 7023 to any prospective class claim. There is no basis for Hyde Park's suggestion that the filing of the Class Certification Motion almost four months after the Bar Date constitutes such a timely request. Accordingly, just as in Reid, the Hyde Park Claim is subject to disallowance.

10. In the Responses, the Claimants also assert without support that the Court should remand the Claims for a determination of the amount of any alleged liability. See Hyde Park Response, at ¶ 5(B); Duplicate Claim Response, at ¶ 5(B). This assertion – which the City disputes – is irrelevant to the relief requested in the Claim Objections because the City seeks the disallowance of the Claims at this time solely on procedural grounds. Moreover, the City is not aware of any basis for application of the Rooker-Feldman doctrine in the context of the Claim Objections. See Hyde Park Response, at ¶ 11.

***The City Submits that It May Be Most Efficient for the Hyde Park Claim Objection to Be Heard in Conjunction with the Class Certification Motion***

11. As noted, the City disputes the relief requested in, and plans to object to, the Class Certification Motion. Because the Class Certification Motion and the Hyde Park Claim Objection address related matters, it may be most efficient for the hearing on the Hyde Park Claim Objection to be adjourned so that the Hyde Park Claim Objection may be heard in conjunction with or after the

resolution of the Class Certification Motion. For example, if the Class Certification Motion is a granted over the City's objections, the Hyde Park Claim – if previously disallowed – would have to be refiled as an authorized class claim.

***The City Does Not Oppose Permitting the Claimants to Late-File
Individual Proofs of Claim if Class Certification is Denied***

12. As set forth above, the Claimants' predicament is entirely of their own creation, and all of the Claims are subject to disallowance as filed. Nevertheless, if the Court denies the Class Certification Motion, the City is not opposed to permitting each of the Claimants an appropriate amount of time – perhaps 30 days – to file individual proofs of claim asserting only their respective individual alleged damages.

## Reservation of Rights

13. In the event that the Court declines to disallow some or all of the Claims on the procedural grounds set forth in the Objections, the City reserves all of its rights to present substantive objections to the Claims, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders of this Court.

## Conclusion

14. For the foregoing reasons, the City requests that the Court overrule the Responses and grant the relief requested in the Claim Objections.

Dated: June 20, 2014            Respectfully submitted,


 /s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# CERTIFICATE OF SERVICE

    I, Heather Lennox, hereby certify that the foregoing Consolidated Reply in Support of Objections to Unauthorized Class Claims Filed by Hyde Park Co-Operative, <u>et al.</u> was filed and served via the Court's electronic case filing and noticing system on this 20th day of June, 2014.

                                                /s/ Heather Lennox