UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

# ATTORNEY GENERAL'S STATEMENT IN SUPPORT OF THE CITY OF DETROIT'S MOTION FOR ENTRY OF A PROTECTIVE ORDER AND PROTECTING THE PERSONAL FINANCIAL INFORMATION OF CITY RETIREES

Attorney General Bill Schuette asks this Court to grant the City of Detroit's motion to shield the personal financial information of city retirees from unwarranted disclosure by Syncora. "The identity, location, and financial position of the City's retirees" is irrelevant to the questions before this Court. The Court should not allow it.

The Attorney General seeks to support the City's motion based on his view of the constitutional protection of these public employees in comparison to other creditors in this bankruptcy. As noted in his August 19, 2013 filing and reiterated in his May 27, 2014 filing in the

1

Sixth Circuit, the Attorney General contends that the vested pension of the City employees, including police officers and fire fighters, are protected by the Michigan Constitution, which ensures that "accrued financial benefits" shall not be "diminished or impaired." Mich. Const. 1963, art IX, § 24. This protection is more than a just a contract, but is designed to safeguard a level of benefits for retirees, analogous to deferred compensation. They are differently positioned with respect to the other creditors without such constitutional protections.

Nonetheless, as proposed here, the city retirees may elect to waive these protections and accept the settlement as embodied in the City's fourth amended plan. As a consequence, the considerations of fairness weigh heavily in favor of the pensioners where they consider whether to elect to accept less than what the Michigan constitution has required that they receive. There is no means testing of constitutional rights. And the attempt to uncover the private financial information of public employees is generally not authorized by Michigan law. That same principle should apply here. The Attorney General files this short statement and asks the Court to grant the City's motion.

2

# ARGUMENT

## I. The city retirees are differently postured to other creditors generally because of the Michigan's specific constitutional protection of vested pensions.

The city retirees are generally unlike the other creditors in this bankruptcy proceeding. In the view of the Attorney General, they have a right to the full payment of their accrued financial benefits under Michigan law because they are constitutionally protected from being "diminished or impaired." Mich. Const. 1963, art IX, § 24. As the Attorney General has argued, these protections are questions of city governance and not just contract law. The point of the constitutional guarantee is to provide security to public employees.

This is because public employees performed their service relying on a "particular level of benefits." See 1 Official Record of State of Michigan Constitutional Convention of 1961, 770-71 ("the service in reliance upon the then-prescribed level of benefits.") The Michigan framers viewed this as an unbending commitment, one that created something analogous to "deferred compensation." *Id.* (Delegate VanDusen) ("it is the belief of the committee that the benefits of pension plans are in a sense deferred compensation for work performed.")

Nonetheless, the Attorney General recognizes that these constitutional rights may be subject to waiver. As provided by the Michigan Supreme Court, "[t]here is no question that a constitutional right can be contractually relinquished[.]" *Stone v. State*, 651 N.W.2d 64, 66 (Mich. 2002). Accord *Cranford v. Wayne County*, 502 N.W.2d 64, 66 (Mich. Ct. App. 1986) (holding that plaintiffs waived their rights under their former pension plan when they voluntarily chose to seek and accept promotions that entailed membership in a different pension plan). The Attorney General will honor the pensioners' vote and that democratic decision if the pensioners approve it.

Thus, whether they elect to vote to approve the settlement or not, the status of their private financial information should have no bearing on the decision of this Court to confirm the plan. These creditors have unique claims as it relates to their vested pensions. They are differently situated from creditors who cannot claim a constitutional guarantee. As a consequence, in the view of the Attorney General, the question of any retiree's individual financial condition should not factor into this Court's decision. They are entitled to more than any other creditor. This is true regardless of their financial condition.

## II. Michigan law generally protects the private information of public employees.

As the chief legal officer for the State, the Attorney General also opposes the effort to inquire into this kind of private information for another reason. Such an inquiry is generally inconsistent with the protections afforded to government employees.

In specific, even in the arena of *public* documents, Michigan law under the Freedom of Information Act (FOIA) enables a public body to shield the release of information that would be an "unwarranted invasion of an individual's privacy." Mich. Comp. Laws § 15.243(1)(a). This standard creates a two-part test: (1) the information must be personal in nature; and (2) it must be the case that disclosure would constitute clearly an unwarranted invasion of an individual's privacy. *Michigan Federation of Teachers & School Related Personnel v. University of Michigan,* 753 N.W.2d 28, 39 (Mich. 2008) (home addresses and telephone numbers are personal in nature under FOIA).

The documents here, of course, are not public documents, but rather are the personal information of the retirees. *Howell Ed. Ass'n v. Howell Bd. of Ed.,* 789 N.W.2d 495, 502 (Mich. Ct. App. 2010) ("some documents are not public records because they are private while other

5

documents are public records but will fall within the privacy exemption"). Such a probing into anything other than the general condition, by median or means analysis, of the retirees' private information would be a troubling intrusion into their private affairs. It is unnecessary and this Court should not allow it.

## CONCLUSION

The Attorney General respectfully requests that this Court grant the City's request to shield the retirees' private financial information.

    Respectfully submitted,

    Bill Schuette
    Attorney General

    B. Eric Restuccia (P49550)
    Deputy Solicitor General

    */s/Michael R. Bell*
    Michael Bell (P47890)
    William R. Bloomfield (P68515)
    Assistant Attorneys General
    P.O. Box 30212
    Lansing, Michigan 48909
    (517) 373-1124

Dated: June 20, 2014