UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No.: 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

# CITY OF DETROIT'S STATEMENT IN SUPPORT OF THE FOUNDATIONS' JOINT MOTION TO QUASH SYNCORA'S SUBPOENAS DUCES TECUM

Syncora's relentless discovery efforts continue. On June 4, 2014, it served subpoenas duces tecum on the twelve charitable foundations that have committed to making donations to the so-called Grand Bargain.[1] *See* Doc. No. 5224. Syncora seeks depositions of each of the Foundations pursuant to Federal Rule of Civil Procedure 30(b)(6) and demands documents responsive to a variety of requests. The Foundations jointly filed a motion to quash Syncora's subpoenas on June 13, 2014. *See* Doc. No. 5300. Syncora filed an opposition on June 18, 2014. *See* Doc. No. 5427. The City of Detroit (the "City") submits this statement in support of the Foundations' motion.

---

[1] Community Foundation for Southeast Michigan, William Davidson Foundation, The Fred A. and Barbara M. Erb Family Foundation, Max M. and Marjorie S. Fisher Foundation, Ford Foundation, Hudson-Webber Foundation, The Kresge Foundation, W.K. Kellogg Foundation, John S. and James L. Knight Foundation, McGregor Fund, Charles Stewart Mott Foundation, and A. Paul and Carol C. Schaap Foundation (collectively, the "Foundations").

# ARGUMENT

## I. SYNCORA'S SUBPOENAS SHOULD BE QUASHED BECAUSE THEY SEEK DISCOVERY OF PRIVILEGED INFORMATION

Syncora seeks testimony from each of the Foundations regarding, among other things, "negotiations between [the Foundation], the City, and any other parties (including other Foundations) regarding the DIA Settlement."[2] It also demands that the Foundations produce "[a]ll documents and communications relating to the negotiations surrounding the DIA Settlement."[3] There is no doubt that the documents developed and exchanged during mediation and testimonial topics on that subject are off-limits. The DIA Settlement[4] was the product of confidential talks between the parties, including the Foundations, under the guidance of Chief District Judge Gerald Rosen, the lead mediator in this case. According to the Court's mediation order that has been in place since August of last year, "[a]ll proceedings, discussions, negotiations, and writings incident to mediation shall be privileged and confidential, and shall not be disclosed, filed or placed in evidence." Doc. No. 322. Syncora is asking this Court to ignore its own

---

[2] Syncora Dep. Topic No. 1.

[3] Syncora Doc. Req. No. 2.

[4] "DIA Settlement" refers to the Foundations' agreement to provide funding, upon the occurrence of certain conditions precedent, for the benefit of pensioners participating in the General Retirement System and the Police and Fire Retirement System, as set forth in the City's Plan of Adjustment, which would result in the transfer of the assets of the Detroit Institute of Arts ("DIA") by the City to be held in perpetual charitable trust for the benefit of the citizens of the City and the State of Michigan.

mediation order and allow Syncora to inquire about information that undeniably was part of the mediation process.

In its opposition, Syncora claims—without any support—that the Court's mediation order applies only to creditors in the case and to those who have been formally ordered to attend mediation. However, the language of the mediation order itself refutes that contention. The order renders privileged and confidential "*[a]ll* proceedings, discussions, negotiations, and writings *incident to mediation*." *Id.* (emphasis added). Thus, it is irrelevant that the Foundations were not court-ordered participants in the talks that led to the DIA Settlement; their discussions, negotiations, and writings—the documents Syncora seeks—were, at a minimum, incident to mediation. Accordingly, they are protected.

Further, for mediation efforts to be effective, it is critical that anyone talking to the mediator know that she can discuss matters freely and without fear of her statements being used against her or the institution she represents in discovery.[5] As the Court has repeatedly stated, "the best way to resolve this bankruptcy is

---

[5] Syncora's suggestion that the Foundations have somehow waived this mediation privilege by announcing that they have made contributions to the DIA Settlement makes no sense. The City and other parties with which it has reached settlement—including the Retirees Committee, the UTGOs, and the LTGOs—have announced their settlements, and surely no one could reasonably contend that those statements somehow waived the protection of this Court's mediation order. The same logic applies to any comments made by the Foundations regarding their participation in the DIA Settlement.

through mediation and settlement, and any crack in the wall of confidentiality undermines that goal."[6]

As their motion to quash reflects, the Foundations interacted with Judge Rosen under the belief that the longstanding mediation order covered their discussions. The Foundations should not be subjected to discovery on matters that they reasonably believed would be protected by the mediation privilege and which they anticipated in good faith would remain confidential following finalization of the DIA Settlement.

## II. SYNCORA'S SUBPOENAS SHOULD BE QUASHED BECAUSE THEIR OVERBREADTH AND IRRELEVANCE SHOW THEY ARE INTENDED TO HARASS

Aside from the fact that the matters for examination and requests for the production of documents set forth in Syncora's subpoenas directly implicate the mediation privilege, they are also patently overbroad and/or seek information that is far afield from what could reasonably be considered relevant in the upcoming confirmation hearing. Indeed, even a cursory glance at Syncora's document requests reveals the overbreadth of the information it seeks. For example, Syncora requests that each Foundation provide documents "sufficient to show the causes or charities [the Foundation has] previously supported or provided money to from

---

[6] 05/28/2014 Hr'g Tr. at 187:5-7.

January 1, 1990 to the present."[7] The notion that documentary evidence demonstrating what causes each of the Foundations has supported over the last twenty-four (24) years is necessary for Syncora to challenge the reasonableness of the DIA Settlement is absurd. Moreover, meeting that request would obviously be burdensome. By way of example, according to its website, since 2012 alone, the Ford Foundation has approved over 2,100 grants worldwide totaling hundreds of millions of dollars. *See* Ford Foundation Grants Database, http://www.fordfoundation.org/grants/search (last visited June 17, 2014). The burden of producing documents verifying the award of such grants going back ***to 1990*** is manifest.

All of these charitable Foundations have stepped up to make generous donations at a time of great need for the City. Requiring them now to scour through decades' worth of documents to meet the demands of an Objector of questionable motivation exceeds the reasonable demands of discovery. *See EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994) (determining whether the burden imposed by subpoenas is undue requires a court to weigh "the likely relevance of the requested material . . . against the burden . . . of producing the material"); *Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-MC-13, 2008 WL 440458, at *5 (N.D. Ohio Feb. 13, 2008) ("The Court thus measures the breadth of

---

[7] Syncora Doc. Req. No. 5.

the information sought by the [subpoena-issuing party] against the scope and viability of its claims in the underlying litigation and the interests that might possibly be served by demanding compliance with the subpoenas."); *see also Lowe v. Vadlamudi*, No. 08-10269, 2012 WL 3887177, at *2 (E.D. Mich. Sept. 7, 2012) ("Non-party status is also relevant in determining whether the burden should be considered undue or excessive."). Syncora's requests are intended to penalize the Foundations for deciding to contribute to the Grand Bargain that it objects to and intimidate them into withdrawing their support. The Court should not countenance such efforts, and should quash Syncora's subpoenas accordingly. *See, e.g.*, *In re Bellanti*, 476 B.R. 504, 508 (E.D. Mich. 2012) (observing that the bankruptcy court had granted a motion to quash subpoenas that the appellant-debtor asserted were meant to harass and intimidate).

### III. SYNCORA'S SUBPOENAS SHOULD BE QUASHED BECAUSE THEY SEEK DISCOVERY ON MATTERS IRRELEVANT TO THE COURT'S INQUIRY

Although other of Syncora's deposition topics and requests for the production of documents relate more directly to the DIA Settlement, they are fundamentally irrelevant to the Court's task of assessing whether that settlement falls within the "range of reasonableness." *See, e.g.*, *In re Fodale*, No. 10-69502, 2013 WL 663729, at *9 (Bankr. E.D. Mich. Feb. 21, 2013). For example, Syncora asks the Foundations to provide all documents and communications relating to "the

negotiations surrounding the DIA Settlement,"[8] and to "the transfer of the Collection to DIA Corp."[9]  In the same vein, Syncora seeks to depose each of the Foundations about (1) their "involvement with the DIA,"[10] and (2) their "prior donations and contributions."[11]  But determining whether the DIA Settlement is reasonable does not necessitate meeting these requests.  Indeed, the Foundations need not articulate—or provide documents explaining—every proposal and counterproposal that they entertained, how their negotiating positions evolved, or why they agreed to fund one compromise in the past as opposed to others.  Similarly, the degree of "importance and value"[12] that the Foundations place on the DIA and its art collection is immaterial when it comes to assessing whether the amount of money the City is receiving for the DIA's art collection is reasonable.

Ultimately, the Foundations should not, as a condition of their unprecedented generosity, be forced to submit to discovery that is intended to harass and which seeks documents and testimony relating to matters that are irrelevant to whether the DIA Settlement falls within the range of reasonableness.

---

[8] Syncora Doc. Req. No. 2.

[9] Syncora Doc. Req. No. 3.

[10] Syncora Dep. Topic No. 4.

[11] Syncora Dep. Topic No. 7.

[12] Syncora Dep. Topic No. 8.

Accordingly, for this reason, too, the Court should grant the Foundations' motion to quash.[13]

Dated: June 20, 2014    Respectfully submitted,

/s/ Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

---

[13] In the event the Court denies the Foundations' motion and permits Syncora to depose representatives of the Foundations pursuant to Rule 30(b)(6), the Court should limit the duration of any such deposition to two hours. Reducing the length of time available to Syncora to depose the Foundations' representatives would impede any efforts to convert the depositions into fishing expeditions or tools of intimidation and would force Syncora to narrow the overbroad topics for examination set forth in its subpoenas. It should be noted that the City still intends to produce Mr. Rip Rapson of the Kresge Foundation in accordance with the Court's Order Regarding Deposition Protocol. *See* Doc. No. 5263.

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075
Telephone: (248) 359-7300
Facsimile: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I hereby certify that, on June 20, 2014, I electronically filed the *City of Detroit's Statement in Support of the Foundations' Joint Motion to Quash Syncora's Subpoenas Duces Tecum* with the Clerk of the Court which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case.


Dated:       June 20, 2014                       /s/  Bruce Bennett
                                                 Bruce Bennett