IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| ------------------------------------------------------- x | : | Chapter 9 |
| In re | : | |
| | : | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | : | |
| | : | Hon. Steven W. Rhodes |
| Debtor | : | |
| ------------------------------------------------------- x | | |

**DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBER 3236 FILED BY LUCINDA DARRAH**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Lucinda Darrah's response (the "Response") to the City's objection (the "Objection") to claim number 3236 (the "Claim"), respectfully states as follows:

**INTRODUCTION**

Ms. Darrah filed the Claim asserting that the City owed her $150 million to purchase garbage trucks so that the citizens of Detroit could manage their own trash service. Ms. Darrah never explained in the Claim why, among other things, she was entitled to $150 million. The Response sheds no further light on this matter. In fact, the Response does not address the substance of the filed Claim or the City's Objection at all. Instead, the Response purports to amend the Claim to seek $450 million for damages on new grounds not asserted in the Claim. Specifically in the Response, Ms. Darrah alleges she has suffered because she lives several miles from an incinerator in Detroit, which she claims is emitting certain chemicals. This is not an amendment to the Claim, but rather an attempt to file an entirely new proof of claim months after the Bar Date. Both the Claim and Ms. Darrah's purported amendment raised in the Response

1

13-53846-tjt    Doc 5504    Filed 06/20/14    Entered 06/20/14 19:32:58    Page 1 of 5

should be disallowed and expunged by the Court.

## BACKGROUND

1. On February 21, 2014, Ms. Darrah filed the Claim, asserting that the City owed her $150 million for the purchase of garbage trucks so that the citizens of Detroit could manage their own trash collection. The Claim does not allege any other claim on behalf of Ms. Darrah.

2. On May 15, 2014, the City filed the Objection, asserting that the Claim, as filed, did not meet the requirements of Fed. R. Bankr. P. 3001 [Dkt. No. 4961]. Among other things, the City argued that Ms. Darrah provided no evidence to explain why she was owed the $150 million.

3. On June 17, 2014, Ms. Darrah filed the Response. The Response does not address any of the City's arguments in the Objection with respect to the garbage trucks. Rather, Ms. Darrah purports to amend the Claim to seek $450 million from the City. The basis of this new and distinct claim is her contention that an incinerator, which she lives several miles from, is emitting "dioxin toxins" into the air and she has suffered damages as a result of those emissions.

4. Nothing in the Claim alleged any damages or asserts any rights regarding Ms. Darrah's alleged injuries from the emissions of the incinerator.

## ARGUMENT

5. The Claim should be disallowed and expunged for two reasons. First, Ms. Darrah has never provided any response to the City's Objection to her claim regarding the $150 million she claims she is owed to purchase garbage trucks. As the City stated in its Objection, the Claim fails to meet the requirements of Fed. R. Bankr. P. 3001(f). Ms. Darrah does not refute any of the City's contentions. Therefore any claim for amounts owed for the purchase of garbage trucks should be disallowed.

6. Second, the Response is nothing more than an impermissible thinly-veiled attempt

to assert a new and entirely different claim several months after the Bar Date. The Response discusses Ms. Darrah's allegation that she has suffered $450 million in damages as a result of living several miles from an incinerator in Detroit. However, the Claim never raised the issue of these damages and the City was not placed on notice about them until June 17, 2014, approximately 4 months after the Bar Date.

7. It is well-settled that creditors are not entitled to amend proofs of claim to assert entirely new claims. *In re Channakhon*, 465 B.R. 132, 140 (Bankr. N.D. Ohio, 2012) (allowing a secured creditor to amend its secured proof of claim to include an unsecured claim where the unsecured claim arose out of the same conduct as the secured claim); *see also In re Big Rivers Electric Corp.*, 1998 U.S. Dist. LEXIS 23011 (W.D. Ky. Sep. 25, 1998) (affirming bankruptcy court's disallowance of two new claims which were not amendments to the original claim because they covered different time periods and different liabilities than those in the original claim). Rather, amendments are only permitted where there is a reasonable relationship to the original claim. *Big Rivers*, 1998 U.S. Dist. LEXIS 23011 at *9.

8. Here, Ms. Darrah purports to "amend" the Claim in the Response. However, she is not amending the Claim, but rather raising an entirely different claim than the one she first asserted. There is no reasonable relationship between her claim for $150 million to purchase garbage trucks and her "amended" claim seeking $450 million for damages she allegedly incurred by living several miles from an incinerator. Therefore the Response is nothing more than a disguised new claim and should be disallowed.

9. In the event the Court allows the Response to be treated as an amended claim to add the new allegations regarding the incinerator, the City requests at least 90 days to review it and file an objection to it based on the new grounds asserted if needed.

3
4831-1624-4507.1
13-53846-tjt    Doc 5504    Filed 06/20/14    Entered 06/20/14 19:32:58    Page 3 of 5

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim and the Response, and granting the City such other and further relief as this Court may deem just and proper.

Dated: June 20, 2014

FOLEY & LARDNER LLP

By: /s/ Tamar N. Dolcourt
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
*Counsel for the Debtor, City of Detroit, Michigan*