IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------- x
                                                                   :   Chapter 9

In re                                                :

                                                  :   Case No. 13-53846

CITY OF DETROIT, MICHIGAN,      :

                                                  :   Hon. Steven W. Rhodes

                        Debtor        :
---------------------------------------------------------- x

**DEBTOR'S OMNIBUS REPLY TO RESPONSES TO OBJECTIONS TO CLAIM
NUMBERS 3278, 3271, 3006, 2905, 2902, 2889, 2888, 2883, 2880 AND 2846
FILED BY WOODBERRY CLAIMANTS**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its omnibus reply (the "Reply") to the responses (the "Responses") to the City's objection (the "Objections") to claim numbers 3278, 3271, 3006, 2905, 2902, 2889, 2888, 2883, 2880 and 2846 (collectively the "Woodberry Claims") filed by each claimant (collectively the "Woodberry Claimants"), respectfully states as follows:

**INTRODUCTION**

Various members of the Woodberry family filed 10 proofs of claim against the City related to an eminent domain proceeding. The Responses filed identified the property as being located at 2457 Beaubien, Detroit, Michigan (the "Property"). The Woodberry Claims total $12 million dollars. However, what the Woodberry Claims and the Responses fail to mention is that the Property was the subject of a condemnation action which was resolved in 2009 by the Wayne County Circuit Court. The Wayne County Circuit Court awarded the City the Property and the defendants in that actions, including all of the Woodberry Claimants, were paid compensation pursuant to the Circuit Court's order. This matter has been long since resolved, and the

1

Woodberry Claims should be disallowed and expunged.

## BACKGROUND

1. On February 21, 2014, the Woodberry Claimants filed each of the Woodberry Claims. Edith Woodberry filed and signed her own claim. Crantson Woodberry, an attorney licensed by the state of Michigan, filed his own claim and signed the proofs of claim for all the other Woodberry Claimants as their authorized agent.

2. On May 15, 2014, the City filed the Objections, asserting that the Woodberry Claims, as filed, did not meet the requirements of Fed. R. Bankr. P. 3001 [Dkt. Nos. 4843, 4841, 4840, 4839, 4838, 4837, 4836, 4835, 4834, and 4859]. Among other things, the City argued that the Woodberry Claimants had not identified the property at issue, and had provided no evidence to support the valuation of the Woodberry Claims.

3. On June 18, 2014, The Woodberry Claimants filed the Responses. The Responses identified the Property as 2457 Beaubien, Detroit, Michigan.

4. The Responses continue to assert that the City owes the Woodberry Claimants money for the taking of the Property by eminent domain.

5. The Property was the subject of a condemnation action filed in 2005 in the Wayne County Circuit Court, Case No. 05-522129-CC. Each of the Woodberry Claimants was a named defendant. On April 28 2009, the Wayne County Circuit Court entered a judgment in favor of the City, confirming that the title passed to the City effective July 27, 2005, and ordering the payment of just compensation to the defendants (the "2009 Order"). The 2009 Order is attached hereto as Exhibit 1.

6. In the 2009 Order, the Wayne County Circuit Court ordered that the just compensation for the Property was $240,000, minus amounts owed by the defendants to the City for rent and water services, as well as previously paid compensation amounts. 2009 Order, p. 2.

7. The 2009 Order also provides that "this Judgment shall be with prejudice to any further assertion of claims by Defendants against the City arising directly or indirectly, in whole or in part, from the taking of the Subject Property." 2009 Order, p. 3

8. None of the Defendants appealed the 2009 Order.

9. Edith Woodberry received $83,294.72 of compensation prior to the 2009 Order and signed an acknowledgement to that effect (the "Acknowledgment"). The Acknowledgement is attached hereto as Exhibit 2.

10. Certain other defendants also received compensation totaling $9,000.00. These defendants included Happy Woodberry, Phoebe Woodberry, Adam Woodberry, Cavel Woodberry, Penny Mabin, and Cranston Woodberry, as well as other defendants who have not filed claims in the bankruptcy.

11. In 2012, Edith Woodberry filed a *lis pendens* against the Property, claiming that the Property's value was $2 million. The notice of lis pendens is attached hereto as Exhibit 3.

12. Edith Woodberry filed a proof of claim in the amount of $3 million, and each of the other Woodberry Claimants filed their claims for $1 million, totaling $12 million.

## ARGUMENT

13. The Woodberry Claims should be disallowed and expunged because they are frivolous and constitute an abuse of the bankruptcy process.

14. The Property was the subject of condemnation proceedings which were resolved nearly five years ago. The Wayne County Circuit Court ordered the Property turned over to the City and that compensation be paid. The City complied with the 2009 Order.

15. The 2009 Order provides that it is <u>with prejudice</u> as to any other claims against the city related to the condemnation of the Property. Any further attempt to seek additional

compensation for the Property is barred under the 2009 Order.

16. Furthermore, none of the Defendants appealed the 2009 Order. They may not now come to this Court, five years later, and seek an end-run around an order they chose not to appeal when they had the opportunity to do so.

17. The Woodberry Claims are also barred under res judicata. The elements of res judicata are: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies;' (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006).

18. Here, there was a final decision by a court of competent jurisdiction, and the Woodberry Claims are a subsequent action between the same parties. The issue of the value of the Property was litigated and determined, and there is an identity of the causes of action because the two actions would be sustained by the same evidence. Therefore, the Woodberry Claims are barred.

19. The Woodberry Claims, filed five years after the Wayne County Circuit Court resolved the condemnation matter are nothing more than an attempt to re-litigate issues which have long been determined. This Court should not countenance such an abuse of the bankruptcy process. The Woodberry Claims should be disallowed and expunged by this Court.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim and the Response, and granting the City such other and further relief as this Court may deem just and proper.

4823-0150-5563.1

Dated: June 20, 2014

                    FOLEY & LARDNER LLP

                    By: /s/ Tamar N. Dolcourt
                    John A. Simon (P61866)
                    Tamar N. Dolcourt (P73425)
                    500 Woodward Ave., Ste. 2700
                    Detroit, MI 48226
                    313.234.7100
                    jsimon@foley.com
                    tdolcourt@foley.com
                    *Counsel for the Debtor, City of Detroit, Michigan*