UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                                                           :

In re                                                : Chapter 9

CITY OF DETROIT, MICHIGAN,     : Case No. 13-53846

                  Debtor.                   : Hon. Steven W. Rhodes

---------------------------------------------------------x

**STIPULATION FOR AN ORDER, PURSUANT TO
BANKRUPTCY RULE 3018(a), TEMPORARILY ALLOWING,
FOR VOTING PURPOSES ONLY, (A) PROOF OF CLAIM
NUMBER 2958 FILED BY MICHIGAN AFSCME COUNCIL 25 AND
ITS AFFILIATED DETROIT LOCALS AND (B) PROOF OF CLAIM
NUMBER 2851 FILED BY THE COALITION OF DETROIT UNIONS**

The City of Detroit, Michigan (the "City") and Michigan AFSCME Council 25 and its affiliated Detroit Locals ("AFSCME") and the Coalition of Detroit Unions (the "Coalition" and, collectively with the City and AFSCME, the "Parties"), by and through each of their undersigned counsel, stipulate as follows:

1.     On February 21, 2014, AFSCME filed proof of claim number 2958 asserting liabilities against the City in the aggregate amount of not less than $8,718,697,854.82 (the "AFSCME Claim").

2.     Also on February 21, 2014, the Coalition of Detroit Unions, of which AFSCME is a member, filed proof of claim number 2851 asserting

liabilities against the City in the aggregate amount of $242,586,116.50 (the "Coalition Claim" and, together with the AFSCME Claim, the "Claims").

3. On May 5, 2014, the City filed the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be further modified or amended from time to time, the "Plan").

4. On May 15, 2014, the City filed and served objections (together, the "Objections") to the Coalition Claim (Docket No. 4874) and the AFSCME Claim (Docket No. 4876). By agreement of the Parties approved by an order of the Court, the hearing on the Objections, which was originally scheduled for June 25, 2014, at 10:00 a.m., Eastern Time, has been continued to the hearing scheduled for October 1, 2014 at 10:00 a.m., Eastern Time. See Docket No. 5454 (order approving the stipulation among the Parties continuing the hearing on the Objections and modifying the related briefing schedule).

5. Pending the resolution or adjudication of the Claims, the Parties have agreed on the temporary allowance of the Claims solely for the purpose of voting on the Plan and for no other purpose, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In particular, the Claims will be temporarily allowed solely for voting purposes in the following amounts and classifications: (a) AFSCME may vote the AFSCME Claim as an "Other Unsecured Claim" in Class 14 under the Plan in the amount of $16 million;

and (b) the Coalition, as an entity by majority vote of its membership, may vote the Coalition Claim as an "Other Unsecured Claim" in Class 14 under the Plan in the amount of $4 million.

6. The Parties have further agreed that all arguments and defenses respecting the allowance or disallowance, in whole or in part, and the classification and treatment of the Claims for the purposes of distributions under the Plan shall be preserved. Nothing herein or in any order approving this Stipulation shall constitute a waiver or admission of any such argument or defense. Further, the Parties stipulate that they are prohibited from using or referencing this Stipulation, or the Court's order approving this Stipulation and temporarily allowing the Claims as described herein, or the proposals between the Parties which resulted in this Stipulation, in any future hearings or proceedings, including, but not limited to, any hearings to consider objections to the Claims or during any efforts to resolve or liquidate the Claims before a third party neutral.

7. Notwithstanding the foregoing, the Parties agree that any pension or other postemployment benefit liabilities ("Pension/OPEB Liabilities") asserted in any of AFSCME's or the Coalition's proofs of claim shall be subject to the voting rules established for Plan Classes 10, 11 and 12 as set forth in the Order Establishing Supplemental Procedures for Solicitation and Tabulation of Votes to

Accept or Reject Plan of Adjustment with Respect to Pension and OPEB Claims (Docket No. 4400) (the "<u>Supplemental Solicitation Procedures Order</u>").

    8.    The Parties, therefore, request that the Court enter the proposed Order attached hereto as <u>Exhibit 1</u> approving this Stipulation.

Dated: June 23, 2014

| | |
|---|---|
| /s/ Sharon L. Levine | /s/ Heather Lennox |
| Sharon L. Levine | David G. Heiman (OH 0038271) |
| Philip J. Gross | Heather Lennox (OH 0059649) |
| LOWENSTEIN SANDLER LLP | JONES DAY |
| 65 Livingston Avenue | North Point |
| Roseland, New Jersey 07068 | 901 Lakeside Avenue |
| Telephone: (973) 597-2500 | Cleveland, Ohio 44114 |
| Facsimile: (973) 597-6247 | Telephone: (216) 586-3939 |
| slevine@lowenstein.com | Facsimile: (216) 579-0212 |
| pgross@lowenstein.com | dgheiman@jonesday.com |
| | hlennox@jonesday.com |
| Herbert A. Sanders | |
| THE SANDERS LAW FIRM PC | Bruce Bennett (CA 105430) |
| 615 Griswold St., Suite 913 | JONES DAY |
| Detroit, MI 48226 | 555 South Flower Street |
| Telephone: (313) 962-0099 | Fiftieth Floor |
| Facsimile: (313) 962-0044 | Los Angeles, California 90071 |
| hsanders@miafscme.org | Telephone: (213) 243-2382 |
| | Facsimile: (213) 243-2539 |
| Richard G. Mack, Jr., Esq. | bbennett@jonesday.com |
| MILLER COHEN PLC | |
| 600 West Lafayette Boulevard | Jonathan S. Green (MI P33140) |
| 4th Floor | Stephen S. LaPlante (MI P48063) |
| Detroit, MI 48226-3191 | MILLER, CANFIELD, PADDOCK |
| Telephone: (313) 566-4787 | AND STONE, P.L.C. |
| Facsimile: (313) 964-4490 | 150 West Jefferson |
| richardmack@millercohen.com | Suite 2500 |
| | Detroit, Michigan 48226 |
| ATTORNEYS FOR AFSCME | Telephone: (313) 963-6420 |
| | Facsimile: (313) 496-7500 |
| | green@millercanfield.com |
| | laplante@millercanfield.com |
| | |
| | ATTORNEYS FOR THE CITY |

/s/ Richard G. Mack
Richard G. Mack, Jr., Esq.
MILLER COHEN PLC
600 West Lafayette Boulevard
4th Floor
Detroit, MI 48226-3191
Telephone: (313) 566-4787
Facsimile: (313) 964-4490
richardmack@millercohen.com

ATTORNEY FOR THE COALITION

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                          :
In re                                     : Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                : Case No. 13-53846
                                          :
         Debtor.                          : Hon. Steven W. Rhodes
                                          :
---------------------------------------------------------x

**ORDER, PURSUANT TO BANKRUPTCY RULE 3018(a), TEMPORARILY ALLOWING, FOR VOTING PURPOSES ONLY, (A) PROOF OF CLAIM NUMBER 2958 FILED BY MICHIGAN AFSCME COUNCIL 25 AND ITS AFFILIATED DETROIT LOCALS AND (B) PROOF OF CLAIM NUMBER 2851 FILED BY THE COALITION OF DETROIT UNIONS**

This matter came before the Court on the Stipulation for an Order, Pursuant to Bankruptcy Rule 3018(a), Temporarily Allowing, for Voting Purposes Only, (A) Proof of Claim Number 2958 Filed by Michigan AFSCME Council 25 and Its Affiliated Detroit Locals and (B) Proof of Claim Number 2851 Filed by the Coalition of Detroit Unions (the "Stipulation"),[1] filed by the City of Detroit (the "City"), Michigan AFSCME Council 25 and Its Affiliated Detroit Locals ("AFSCME") and the Coalition of Detroit Unions (the "Coalition" and, collectively with the City and AFSCME, the "Parties"); the Court having reviewed the

---

[1] Capitalized terms not defined herein have the meanings given to them in the Stipulation.

Stipulation; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

2. Pursuant to Bankruptcy Rule 3018(a), the Claims shall be temporarily allowed solely for the purpose of voting on the Plan and for no other purpose. In particular, the Claims shall be temporarily allowed solely for voting purposes in the following amounts and classifications: (a) AFSCME may vote the AFSCME Claim as an "Other Unsecured Claim" in Class 14 under the Plan in the amount of $16 million; and (b) the Coalition, by a majority vote of its membership, may vote the Coalition Claim as an "Other Unsecured Claim" in Class 14 under the Plan in the amount of $4 million.

3. All arguments and defenses of any of the Parties respecting the allowance or disallowance, in whole or in part, and the classification and treatment of the Claims for the purposes of distributions under the Plan shall be preserved. Nothing herein shall constitute a waiver or admission of any such argument or defense. Further, prohibited from using or referencing the Stipulation, or this Order approving the Stipulation and temporarily allowing the Claims as described herein, or the proposals between the Parties which resulted in the Stipulation, in

any future hearings or proceedings, including, but not limited to, any hearings to consider objections to the Claims or during any efforts to resolve or liquidate the Claims before a third party neutral.

4. Notwithstanding the foregoing, the Parties agree that any Pension/OPEB Liabilities asserted in any of AFSCME's or the Coalition's proofs of claim shall be subject to the voting rules established for Plan Classes 10, 11 and 12 as set forth in the Supplemental Solicitation Procedures Order.

# **CERTIFICATE OF SERVICE**

      I, Heather Lennox, hereby certify that the foregoing Stipulation for an Order, Pursuant to Bankruptcy Rule 3018(a), Temporarily Allowing, for Voting Purposes Only, (A) Proof of Claim Number 2958 Filed by Michigan AFSCME Council 25 and Its Affiliated Detroit Locals and (B) Proof of Claim Number 2851 Filed by the Coalition of Detroit Unions was filed and served via the Court's electronic case filing and noticing system on this 23rd day of June, 2014.

                            /s/ Heather Lennox