```
-------------------------------------------------------x
                                                       :
In re                                                  : Chapter 9
                                                       :
CITY OF DETROIT, MICHIGAN,                             : Case No. 13-53846
                                                       :
                Debtor.                                : Hon. Steven W. Rhodes
                                                       :
-------------------------------------------------------x
```

## ORDER, PURSUANT TO BANKRUPTCY RULE 3018(a), TEMPORARILY ALLOWING, FOR VOTING PURPOSES ONLY, (A) PROOF OF CLAIM NUMBER 2958 FILED BY MICHIGAN AFSCME COUNCIL 25 AND ITS AFFILIATED DETROIT LOCALS AND (B) PROOF OF CLAIM NUMBER 2851 FILED BY THE COALITION OF DETROIT UNIONS

This matter came before the Court on the Stipulation for an Order, Pursuant to Bankruptcy Rule 3018(a), Temporarily Allowing, for Voting Purposes Only, (A) Proof of Claim Number 2958 Filed by Michigan AFSCME Council 25 and Its Affiliated Detroit Locals and (B) Proof of Claim Number 2851 Filed by the Coalition of Detroit Unions (the "Stipulation"),[1] filed by the City of Detroit (the "City"), Michigan AFSCME Council 25 and Its Affiliated Detroit Locals ("AFSCME") and the Coalition of Detroit Unions (the "Coalition" and, collectively with the City and AFSCME, the "Parties"); the Court having reviewed the

---

[1] Capitalized terms not defined herein have the meanings given to them in the Stipulation.

Stipulation; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court being fully advised in the premises;

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

2. Pursuant to Bankruptcy Rule 3018(a), the Claims shall be temporarily allowed solely for the purpose of voting on the Plan and for no other purpose. In particular, the Claims shall be temporarily allowed solely for voting purposes in the following amounts and classifications: (a) AFSCME may vote the AFSCME Claim as an "Other Unsecured Claim" in Class 14 under the Plan in the amount of $16 million; and (b) the Coalition, by a majority vote of its membership, may vote the Coalition Claim as an "Other Unsecured Claim" in Class 14 under the Plan in the amount of $4 million.

3. All arguments and defenses of any of the Parties respecting the allowance or disallowance, in whole or in part, and the classification and treatment of the Claims for the purposes of distributions under the Plan shall be preserved. Nothing herein shall constitute a waiver or admission of any such argument or defense. Further, the Parties are prohibited from using or referencing the Stipulation, or this Order approving the Stipulation and temporarily allowing the Claims as described herein, or the proposals between the Parties which resulted in

the Stipulation, in any future hearings or proceedings, including, but not limited to, any hearings to consider objections to the Claims or during any efforts to resolve or liquidate the Claims before a third party neutral.

4.  Notwithstanding the foregoing, the Parties agree that any Pension/OPEB Liabilities asserted in any of AFSCME's or the Coalition's proofs of claim shall be subject to the voting rules established for Plan Classes 10, 11 and 12 as set forth in the Supplemental Solicitation Procedures Order.

**Signed on June 24, 2014**

                                              **/s/ Steven Rhodes**
                                              **Steven Rhodes**
                                              **United States Bankruptcy Judge**