# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

## UNITED STATES OF AMERICA'S OBJECTION TO MOTION OF THE CITY OF DETROIT FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. § 105(a) AND FED. R. BANKR. P. 3007 APPROVING CLAIM <u>OBJECTION PROCEDURES</u>

The United States of America, on behalf of the United States Department of Housing and Urban Development ("HUD"), among others, hereby objects to the *Motion of the City of Detroit for Entry of an Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* (the "Motion") (Docket No. 5270).

The Motion seeks the Court's approval for certain claim objection procedures not otherwise permitted under Rule 3007 of the Federal Rules of Bankruptcy Procedure unless ordered by a court, Fed. R. Bankr. P. 3007(c), including, but not limited to, filing omnibus objections covering up to 100 claims and expanding the list of allowable grounds for objecting under Rule 3007(d). *Motion* at paras. 14 and 15. HUD has timely filed a number of proofs of claim in this case, and while the United States does not oppose the requested relief, it does object to the proposed order's failure to include a sensible and fair procedure required by at least one other court in approving similar procedures.

In a claim objection procedures order cited in the Motion, *Motion* at para. 23. (citing *In re Patriot Coal Corp., et al.*, Case No. 12-51502 (Bankr. E.D. Mo.) (Docket No. 3021)) (the "Patriot Coal Order"),[1] the court required the debtors to send a customized notice of each omnibus objection to the holder of each claim included in the objection. Such customized notice "include[d] a copy of the Omnibus Objection but not the exhibits thereto listing all claims subject to the objection." *Patriot Coal Order* at para. 2. In addition, the notice had to "identify the particular claim or claims filed by the claimant that are the subject of the Omnibus Objection (but shall not include a copy of the relevant proof of claim), state the basis of the objection with respect to each such claim and notify such claimant of the steps that must be taken to contest the objection." *Id*.

The Patriot Coal case involved "approximately 3,600 proofs of claim", *Motion for Entry of an Order Establishing Procedures for Claims Objection* at para. 7, Case No. 12-51502 (Bankr. E.D. Mo.) (Docket No. 1847), a number close to the approximately 3,800 proofs of claim filed in this case, *Motion* at 6. In the *In re AMR Corp., et al.*, case cited in the Motion, *id*. at para. 23, the court authorized, but did not direct, a similar customized notice procedure, *In re AMR Corp., et al.*, Case No. 11-15463 (Bankr.S.D.N.Y. (Docket No. 4654) at 3, in a case with "approximately 13,000 proofs of claim," *Motion of Debtors for Entry of an Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* at para. 7, Case No. 11-15463 (Bankr. S.D.N.Y.) (Docket No. 4330). Given that the number of claims in this case is much closer to the number in the Patriot Coal case, the burden of providing a customized

---

[1] A true and correct copy of the Patriot Coal Order is attached hereto as Exhibit A.

notice does not approach that in the AMR case with nearly four times the number of claims. Accordingly, in balancing the interests of fairness and equity in affording relief under section 105(a), the Court should require a customized notice similar to that ordered in the Patriot Coal case.

Additionally, the Motion incorrectly states that the governmental unit bar date for filing proofs of claim in this case was June 2, 2014. *Motion* at 2 n.1. It was, in fact, June 3, 2014, which was 180 days from the December 5, 2013 Order for Relief in this case and also the date stated in the Debtor's Fourth Amended Disclosure Statement as the governmental unit bar date. *Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan of Adjustment of Debts of the City of Detroit* at 144 (Docket No. 4391). The proposed order for the Motion does not seek to confirm the incorrect June 2 date, but the United States in filing this objection expressly reserves and does not waive its rights to argue that the governmental unit bar date was June 3, 2014.[2]

For the foregoing reasons, the United States objects to the requested relief to the extent it fails to require a customized notice as described above.

Dated: June 24, 2014    Respectfully submitted,

    STUART F. DELERY
    Assistant Attorney General
    Civil Division

    BARBARA L. MCQUADE
    United States Attorney

    J. CHRISTOPHER KOHN
    Director

---

[2] The United States sought confirmation from the Debtor that June 3, 2014, was the correct date but did not receive a reply.

/s/ Matthew J. Troy
TRACY J. WHITAKER
JOHN T. STEMPLEWICZ
MATTHEW J. TROY
Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-9038
Fax: (202) 514-9163
Tracy.whitaker@usdoj.gov
John.Stemplewicz@usdoj.gov
Matthew.Troy@usdoj.gov

# CERTIFICATE OF SERVICE

    I, Matthew J. Troy, hereby certify that the service of this United States of America's Objection to Motion of the City of Detroit for Entry of an Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures was filed and served via the Court's electronic case filing and noticing system on June 24, 2014.

                                            /s/ Matthew J. Troy