# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**PATRIOT COAL CORPORATION,** *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 12-51502-659<br>(Jointly Administered)<br><br>Hearing: January 29, 2013<br>Re: Docket No. 1847 |

### ORDER ESTABLISHING PROCEDURES FOR CLAIMS OBJECTIONS

Upon the motion (the "**Motion**")[1] of Patriot Coal Corporation and its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**") for entry of an order establishing, pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 3007, procedures for objections by the Debtors to proofs of claim (the "**Objection Procedures**"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and Local Rule 81-9.01(B)(1) of the United States District Court for the Eastern District of Missouri; and consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b)(2); and due and proper notice of the Motion having been provided in accordance with the Order Establishing Certain Notice, Case Management and Administrative Procedures entered in these cases on October 18, 2012 [ECF No. 1386] (as may be amended, the "**Case Management Order**"); and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion and having held a

---

[1] Unless otherwise defined herein, each capitalized term shall have the meaning ascribed to it in the Motion.

hearing with appearances of parties in interest noted on the record (the "**Hearing**"); and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The relief requested in the Motion is granted as set forth herein.

2. The Debtors are authorized to file objections to claims in accordance with the following procedures:

(a) Multiple proofs of claim may be addressed in a single objection (an "**Omnibus Objection**"). The Omnibus Objections shall be served on the attorneys for the Official Committee of Unsecured Creditors (the "**Creditors' Committee**") and the other Core Parties (as defined in the Case Management Order). Each claim to which the Debtors object, as well as the grounds for objection, shall be identified within the text of the objection or within exhibits annexed thereto.

(b) Each Omnibus Objection shall either (i) specify the date of the hearing thereon or (ii) state that no hearing has yet been scheduled.

(c) A customized notice of each Omnibus Objection (a "**Customized Notice**") shall, as soon as practicable, be delivered by first-class mail, e-mail or facsimile, in each case to the persons identified on the first page of each relevant proof of claim (as such addresses or numbers may have been supplemented or

amended pursuant to Bankruptcy Rule 2002(g)). However, if a claim has been transferred, the Customized Notice shall be given only to the person or persons identified as being the owner of such claim on the claims register maintained by the Clerk of the Bankruptcy Court and the Debtors' claims agent as of the date the objection is filed.

(d)     Each Customized Notice shall include a copy of the Omnibus Objection but not the exhibits thereto listing all claims subject to the objection thereby. Each Customized Notice shall instead identify the particular claim or claims filed by the claimant that are the subject of the Omnibus Objection (but shall not include a copy of the relevant proof of claim), state the basis of the objection with respect to each such claim and notify such claimant of the steps that must be taken to contest the objection.

(e)     The assertion of a particular ground for objecting to a claim shall not preclude the Debtors from asserting additional appropriate grounds for objecting to that claim, either in the same or subsequent objections.

3.     In addition to the grounds provided in Bankruptcy Rule 3007(d), the Debtors may include in Omnibus Objections those claims that the Debtors believe should be disallowed or reclassified, in whole or in part, because: (a) the amount claimed contradicts the Debtors' books and records;[2] (b) the claims do not include sufficient documentation to ascertain the validity of the claim; (c) the claims were incorrectly filed

---

[2] If an objection to any claim(s) is made based on books and records and that objection is not solely based on an accounting reconciliation, such objection shall provide a description of the additional basis or bases for the objection, and if a response is properly and timely filed, unless the claimant agrees otherwise, the objection to such claim(s) shall be treated as a contested matter and the Debtors shall file a supplemental pleading elaborating upon the ground(s) for such objection, and the claimant shall have a further opportunity to respond to such objection.

3

as secured, administrative or priority claims; (d) the claims seek recovery of amounts for which the Debtors are not liable; (e) the claims are objectionable under section 502(b) or section 502(e) of the Bankruptcy Code; and (f) the claims are objectionable under section 502(d) of the Bankruptcy Code.

4. The Debtors may file Omnibus Objections that contain more than 100 claims.

5. The deadline to file a response to an objection (the "**Response Deadline**") shall be 4:00 p.m. (prevailing Central Time) on the date that is 21 calendar days from the date that the objection is filed. A response will be considered timely only if, prior to the Response Deadline, it is properly filed in accordance with the Case Management Order and served so as to be actually received by the following parties: (i) the attorneys for the Debtors, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Brian M. Resnick and (ii) the attorneys for the Official Committee of Unsecured Creditors (the "**Creditors' Committee**"), Kramer, Levin, Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, Attn: Thomas Moers Mayer, Adam C. Rogoff and Gregory G. Plotko.

6. Responses should include, among other things, the following:

    (a) an appropriate caption, including the title and date of the objection to which the response is directed;

    (b) the name of the claimant, the reference number of the proof of claim and a description of the basis for the amount of the proof of claim;

4

(c) a concise statement setting forth the reasons why the Court should not sustain the objection, including, but not limited to, the specific factual and legal bases upon which the claimant relies in opposing the objection;

(d) copies of any documentation and other evidence upon which the claimant will rely in opposing the objection at a hearing;[3] and

(e) the name, address, telephone number and facsimile number of a person authorized to reconcile, settle or otherwise resolve the claim on the claimant's behalf.

7. As to those claims for which a proper and timely response is not filed and served in compliance with the foregoing procedures, the Debtors will submit to the Court, a proposed order sustaining the objections to each claim for which a written response was not timely filed and served as set forth above, which the Court shall enter without further notice or a hearing.

8. To the extent that a response is filed with respect to any claim to which the Debtors have objected, each such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court with respect to an objection shall be deemed a separate order with respect to each proof of claim. The filing of a response with respect to a given claim shall not delay the entry of an order sustaining the objections to each claim for which a proper response has not timely been filed and served.

---

[3] If the claimant cannot timely provide such documentation and other evidence, the claimant should provide a detailed explanation in the response as to why it was not possible to timely provide such documentation and other evidence.

5

9. If a claimant files a timely response that conforms with all of the requirements of this Order, the Debtors may:

(a) in their discretion, and in accordance with other orders entered in these cases or the provisions of the Bankruptcy Code and the Bankruptcy Rules, seek to settle with the relevant claimants the priority, amount and validity of such contested claim;

(b) in their discretion, but in consultation with the Court, schedule such claim for a hearing and adjourn any hearing previously scheduled.[4] The Debtors shall mail or otherwise transmit written notice of the scheduling of any such hearing at least 21 calendar days before the date of such hearing to (i) each respondent whose response will be considered at such hearing and (ii) the attorneys for the Creditors' Committee. Notice may be by first-class mail, e-mail or facsimile, in each case (i) to an address or number identified in the response or (ii) if no such address or number was identified, then to an address or number identified on the first page of the relevant proof of claim (as such address or number may have been supplemented or amended pursuant to Bankruptcy Rule 2002(g)); and

(c) for each claim as to which a hearing is scheduled, file a reply with the Court by noon (prevailing Central Time) on the day that is at least two calendar days before the date of the applicable hearing.

---

[4] The Debtors' right to schedule such claim(s) for a hearing shall be without prejudice to any rights of any claimant to seek to set a hearing on such claim(s) consistent with the Bankruptcy Code, the Bankruptcy Rules and orders entered in these cases.

10. Nothing in this Order, including without limitation the response requirements imposed by this Order, shall be construed to modify the respective burdens of proof or persuasion of the parties to a claim objection.

11. The notice procedures set forth herein are hereby decreed adequate and sufficient under the Bankruptcy Code and the Bankruptcy Rules.

12. The procedures set forth herein are without prejudice to the right of the Debtors to seek an order of this Court approving additional or different procedures with respect to specific claims or categories of claims.

13. This Order shall govern claims objections procedures and omnibus objections notwithstanding any Bankruptcy Rules or the Local Rules of Bankruptcy Procedures for the United States Bankruptcy Court for the Eastern District of Missouri (the "**Local Rules**"), including Local Rule 3007.

14. Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

*[Signature: Kathy A. Surratt-States]*
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: March 1, 2013
St. Louis, Missouri
jjh

**Order prepared by:**

Marshall S. Huebner
Damian S. Schaible
Brian M. Resnick
Michelle M. McGreal
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017