# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |
| | ) **Expedited Consideration** |
| | ) **Requested** |

## SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC. *EX PARTE* MOTION TO EXTEND THE VOTING DEADLINE WITH RESPECT TO CERTAIN CLAIMS

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora") submit this *ex parte* motion (the "*Ex Parte* Motion") for entry of an order extending the Voting Deadline, defined below, regarding the ballots that are the subject of the *Motion to Enforce the Solicitation Procedures Order* [Docket No. 5444] (the "Enforcement Motion") until two business days after this Court enters an order granting any of the relief requested in the Enforcement Motion. In support of this *Ex Parte* Motion, Syncora respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2.  Syncora seeks entry of an order extending the Voting Deadline to two business days after this Court enters an order granting any of the relief requested in the Enforcement Motion.[1]

## BASIS FOR RELIEF

3.  On June 18, 2014, Syncora filed the Enforcement Motion. Under the Enforcement Motion, Syncora sought entry of an order enforcing the Solicitation Procedures Order[2] against the City and requiring the City to provide Syncora with Class 14 ballots so that Syncora may vote its Class 14 claims and an additional Class 9 ballot that allows Syncora to vote its additional Class 9 claims, as described in the Enforcement Motion.

4.  The Enforcement Motion was filed only after Syncora — upon receiving its solicitation package and for over a month — had sought to work with the City to resolve the issue of Syncora not receiving its ballots and the City not offering any resolution.

---

[1] The relief requested in this *Ex Parte* Motion does not apply to the ballots Syncora received and will submit by the Voting Deadline.

[2] Capitalized terms that are not defined herein have the definitions ascribed to them in the Enforcement Motion.

5. The deadline for submitting ballots to accept or reject the Plan is at or before 5 p.m., Eastern Time, on July 11, 2014 (the "Voting Deadline"). *See* Disclosure Statement, Preamble.

6. Syncora filed the Enforcement Motion with sufficient notice to have it heard prior to the Voting Deadline. However, Syncora was informed by the Court that a hearing on the Enforcement Motion may not take place until after the Voting Deadline.

7. Syncora does not believe that the Voting Deadline applies to the relief sought in the Enforcement Motion pursuant to Rule 3018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[3] But for the avoidance of doubt and to preserve its sacred right to vote its claims, *see, e.g.*, *In re Adelphia Comm'ns Corp.*, 359 B.R. 54, 56 (Bankr. S.D.N.Y. 2006) (stating that the "ability to vote on a reorganization plan is one of the most sacred entitlements that a creditor has"),

---

[3] Pursuant to the Solicitation Procedures Order, parties seeking to have their claims estimated for voting purposes are required to file a motion pursuant to Bankruptcy Rule 3018. *See* Solicitation Procedures Order, ¶ 13 ("If any claimant seeks different treatment of a claim for voting purposes, other than in accordance with the Amended Tabulation Rules, such claimant shall be required to file a motion pursuant to Bankruptcy Rule 3018(a) for an order temporarily allowing such claim in a different amount or classification for purposes of voting to accept or reject the Plan (a "Rule 3018 Motion") and serve such motion on the City's counsel by the later of (a) May 1, 2014 or (b) 10 days after the date of service of a notice of objection, if any, to the applicable claim. Any Ballot submitted by a claimant that files a Rule 3018 Motion shall be counted solely in accordance with the Amended Tabulation Rules until the underlying claim is temporarily allowed by order of this Court for voting purposes in a different amount or classification, after notice and a hearing.").

Syncora respectfully requests that, pursuant to Bankruptcy Rule 9006(b) and Rule 9006-1(b) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Bankruptcy Rules"), this Court enter an order extending the Voting Deadline until two business days after this Court grants the relief sought in the Enforcement Motion. *See* Fed. R. Bankr. P. 9006(b) (providing that "the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed"); E.D. Mich. L.B.R. 9006-1(b) (providing that "a party may file a motion for an *ex parte* order reducing or enlarging the time for a party to take any action or file any paper").

8. Despite its unsuccessful attempts over the past month to obtain from the City the proper ballots to vote its claims, Syncora continues to remain open to resolving this issue amicably with the City without the Court's involvement. The Solicitation Procedures Order clearly provides that Syncora should have received the additional ballots it requested.

9. The relief Syncora requests in this *Ex Parte* Motion will prejudice no party in interest. The City will have ample time after the extended deadline and in advance of confirmation to tabulate Syncora's additional votes. Syncora does not seek any extension of the Voting Deadline regarding the ballots it did receive.

4

13-53846-tjt    Doc 5583    Filed 06/25/14    Entered 06/25/14 15:34:12    Page 4 of 6

10. Pursuant to Local Bankruptcy Rule 9006-1(b), Syncora sought the City's concurrence in the relief sought on June 24, 2014, but the City did not concur.

11. Syncora will serve this *Ex Parte* Motion to the parties in the above-captioned proceeding and will provide notice of the *ex parte* order upon issuance pursuant to Local Bankruptcy Rule 9006-1(b).

## **Conclusion**

WHEREFORE, Syncora respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this *Ex Parte* Motion and granting such further relied as this Court deems appropriate.

Dated: June 25, 2014         /s/ *Ryan Blaine Bennett*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, Michigan 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*