UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

In re

CITY OF DETROIT, MICHIGAN

Debtor.

Chapter 9

Case No.: 13-53846

Hon. Steven W. Rhodes

# CITY OF DETROIT'S REPLY IN SUPPORT OF ITS MOTION FOR ENTRY OF A PROTECTIVE ORDER STRIKING SYNCORA'S DEMAND IN ITS RULE 30(b)(6) DEPOSITION NOTICE FOR THE PERSONAL FINANCIAL INFORMATION OF ALL CITY RETIREES

The issue before the Court is very simple. Should the City be required to give testimony regarding the current assets and income of all 20,000 of is retirees?[1] The City believes that Syncora's request for such testimony is grossly overreaching and personally intrusive, and that the answer is therefore a resounding no.

In filing its Motion to protect itself and its retirees from this unwarranted and unprecedented intrusion, as it was required to do pursuant to Rule 37(d), the City was not acting out of any alleged "antipathy" toward Syncora, nor

---

[1] Contrary to Syncora's contention that the City "falsely claimed that Syncora was insisting on the 'current assets and income of all 20,000 City retirees,'" that is in fact just what Syncora's counsel requested. *See* Motion, Ex. 6-B ("For the financial position of the City's retirees, we want to know the retiree's current assets and income.").

did it "break out the torches and pitchforks and pursue [Syncora] through the streets," as Syncora so colorfully put it. Docket No. 5510 at 4. A request for the personal financial information of the City's retirees would be objectionable no matter *who* made it, and the City would be constrained to respond. The fact is that Syncora made an extremely ill-advised discovery demand and refused to withdraw it. It is now is trying to play upon the Court's sympathies by trying to cast the City's Motion as some kind of vendetta against Syncora. However, all the rhetoric in the world cannot disguise the impropriety of Syncora's demand.

The retirees' personal hardship is, as the City continues to maintain, relevant to their proposed treatment under the Plan. But creditors have no need to pry into the financial circumstances of every individual retiree to test whether the retirees, as a class, would suffer hardship from a greater reduction in their pensions. There is ample other evidence, as outlined in the City's Motion, through which the retirees' general financial condition, as a group, may be determined – evidence that has already been produced to Syncora or that is publicly available. In its response, Syncora failed to articulate any reason why the information that *it already has* is somehow inadequate, and why it instead needs to know the "current assets and income" of each of the City's retirees. It is thus clear that Syncora's demand is not only overly broad and burdensome, but unnecessary as well.

For the foregoing reasons, as well as the reasons set forth in the Motion, the City respectfully requests that the Court overrule Syncora's objection and grant the City's Motion for a Protective Order.

**[signature page follows]**

Dated: June 25, 2014

Respectfully submitted,

/s/ Deborah Kovsky-Apap
Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Telephone: (248) 359-7300
Fax: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

   - and -

David G. Heiman
Heather Lennox
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

   - and -

Thomas F. Cullen, Jr.
Gregory M. Shumaker
Geoffrey S. Stewart
Geoffrey S. Irwin
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

**ATTORNEYS FOR THE CITY OF DETROIT**

# CERTIFICATE OF SERVICE

I hereby certify that on June 25, 2014, I caused the foregoing *City Of Detroit's Reply In Support Of Its Motion For Entry Of A Protective Order Striking Syncora's Demand In Its Rule 30(B)(6) Deposition Notice For The Personal Financial Information Of All City Retirees* to be electronically filed with the Clerk of the Court which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this bankruptcy case.

Dated: June 25, 2014                /s/ Deborah Kovsky-Apap
                                    Deborah Kovsky-Apap (P68258)