# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------x
:
In re                         : Chapter 9
:
CITY OF DETROIT, MICHIGAN,   : Case No. 13-53846
:
              Debtor.    : Hon. Steven W. Rhodes
:
-------------------------------------------------- x

## STAY MODIFICATION NOTICE

Designated Claimants(s):    Zionist Joseph, as Personal Representative
for the Estate of Matthew Joseph, Deceased

Designated Claim Number(s):  1506

IF A LAWSUIT IS PENDING FOR THIS CLAIM, STATE:
- Title:
- Case No.
- Court:

On December 24, 2013, the United States Bankruptcy Court for the Eastern

District of Michigan (the "Court") entered an order (Docket No. 2302) (the "ADR

Order") approving certain alternative dispute resolution procedures attached

thereto as Annex I (the "ADR Procedures") to facilitate the liquidation of certain

claims asserted against the City of Detroit (the "City").[1]

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to them in the ADR Order.

Pursuant to Section I.A. of the ADR Procedures, the City may serve on the holder of any Designated Claim an ADR Notice indicating that the applicable Designated Claim has been designated for liquidation pursuant to the ADR Procedures.

Pursuant to paragraph 9 of the ADR Order, the City in its sole discretion (a) may elect not to send an ADR Notice to the holder of an Initial Designated Claim and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice with respect to the Initial Designated Claim.   In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction is deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.[2]

If the Stay/Injunction is modified as a result of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in either: (a) the non-bankruptcy forum in which the Initial Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal or transfer of

---

[2]    Solely in the case of a Multi-Party Tort Claim, the Stay/Injunction will be deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claims 35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) file a Stay Preservation Motion.   If a Stay Preservation Motion is filed, then the Court will determine whether relief from the Stay/Injunction is appropriate with respect to the Multi-Party Tort Claim pursuant to the standards set forth in section 362(d) of title 11 of the United

venue or other procedural relief; or (b) if the Initial Designated Claim was not

pending in any forum on the Petition Date, then in the United States District Court

for the Eastern District of Michigan (the "District Court") or such other

non-bankruptcy forum selected by the Designated Claimant that (i) has personal

jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim,

(iii) has in rem jurisdiction over the property involved in the Initial Designated

Claim (if applicable) and (iv) is a proper venue.

Following liquidation of the Designated Claim by settlement or final

judgment, the Claimant will receive an allowed general unsecured non-priority

claim against the City that will be treated in accordance with the terms of any

Chapter 9 Plan confirmed in the City's bankruptcy case, and not a full cash

payment of the liquidated amount of the Designated Claim.   For the avoidance of

doubt, all proceedings against the City or any Indemnification Claimant relating to

a Designated Claim following the liquidation of the Designated Claim shall remain

subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms,

conditions and limitations, or those in Paragraph 9 of the ADR Order, shall be

determined by the Bankruptcy Court; provided that disputes about the jurisdiction

of a matter presented to a non-bankruptcy court may be determined by such court.

---

States Code (the "Bankruptcy Code").

A copy of this Stay Modification Notice shall be filed with the non-bankruptcy court in which the Designated Claim is to be liquidated and serves to lift the Stay/Injunction in that non-bankruptcy forum to permit the underlying claim to be liquidated for purposes of this Bankruptcy proceeding.

Dated:   June 27, 2014                   Respectfully submitted,


/s/ Heather Lennox
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California   90071
Telephone:   (213) 243-2382
Facsimile:   (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio   44114
Telephone:   (216) 586-3939
Facsimile:   (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
      STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan   48226
Telephone:   (313) 963-6420
Facsimile:   (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

## **CERTIFICATE OF SERVICE**

I, Heather Lennox, hereby certify that the foregoing Stay Modification Notice was filed and served via the Court's electronic case filing and noticing system on this 27th day of June, 2014.

/s/  Heather Lennox