UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION OF MICHIGAN

IN RE:
CITY OF DETROIT, MICHIGAN
*Debtor.*

CHAPTER 9
CASE NO. 13-53846
HON. STEVEN W. RHODES

_____/

## JOINT SUPPLEMENTAL BRIEF IN SUPPORT OF A FINDING THAT § II.B.3.u.i. OF THE PLAN VIOLATES THE FIFTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION, BECAUSE THE PLAN IMPAIRS THE RELIEF AVAILABLE TO PARTIES WHOSE PROPERTY HAS BEEN TAKEN BY THE CITY OF DETROIT THROUGH CONDEMNATION OR INVERSE CONDEMNATION

T&T Management, Inc. ("T&T Management"), HRT Enterprises ("HRT"), and the John W. and Vivian M. Denis Trust ("Denis Trust") (together, the "Condemnation Creditors"), by and through their counsel, Demorest Law Firm, PLLC, submit their Joint Supplemental Brief in support of a finding that § II.B.3.u.i. of the Plan violates the Fifth and Fourteenth Amendments of the U.S. Constitution, because the Plan impairs the relief available to parties whose property has been taken by the City of Detroit through condemnation or inverse condemnation.

Plaintiffs' Supplemental Brief is submitted pursuant to the Court's Order of June 5, 2014 (Docket #5235 Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures) and the Court's Order of June 9, 2014 (Docket #5259 Fifth Amended Order Establishing Procedures, Deadlines and Hearing Dates). The Brief supplements the Joint Objection filed by the Condemnation Creditors on April 1, 2014 (Docket #3854).

1

## MEMORANDUM OF LAW

The Takings Clause of the Fifth Amendment of the Constitution is clear: "[n]or shall private property be taken for public use, without just compensation." However, the City now seeks to strip this clause of all its meaning by reducing the obligation to pay "just compensation" to a mere monetary obligation that can be reduced to pennies on the dollar, paid in the form of a promissory note with an uncertain return. Such a skewed interpretation of the Constitutional obligation to pay just compensation would almost entirely abrogate the property rights of the Condemnation Creditors.

The obligation to pay just compensation is not merely a monetary obligation subject to the restrictions of the Contracts Clause and nothing further. The obligation to pay just compensation (and the right for property owners to receive just compensation when their property is taken), is secured by another part of the Constitution entirely. The Takings Clause is another layer of protection that was created based on the elevated need to protect vital property rights which can be taken by the government without a property owner's consent.[1]

Confirmation of the Plan by the Court would take title from the property owners and give it to the City of Detroit for less than just compensation. Such a result would

---

[1] James Madison, the drafter of the Takings Clause, stated "A Government is instituted to protect property of every sort. . . This being the end of government, that alone is a *just* government, which *impartially* secures to every man, whatever is his *own*." (emphasis in the original). The rest of the framers of the Constitution also placed great importance on the protection of property from government power. (*See* Jonathan Elliot, *The Debates in the Several State Conventions on the Adoption of the Federal Constitution* (Washington, D.C.: The Editor, 1827 – 1830), vol. v, p. 160), Governeur Morris, another author of the Constitution, believed that "property was the main object of society"). It is therefore contrary to these principles that a government would not only fail to protect property rights, but also actively impair the rights of those whose property is taken by the Government.

clearly violate the Fifth Amendment. Therefore, § II.B.3.u.i. of the Plan violates the Fifth and Fourteenth Amendments, because it impairs the relief available to parties whose property has been taken by condemnation or inverse condemnation.

I. **The Plan Treats Condemnation and Inverse Condemnation as General Unsecured Claims**

Although the City has shown inconsistency in the treatment of Condemnation and Inverse Condemnation Claims previously[2], the City now seeks to treat all of these claims as "Other Unsecured Claims" under § II.B.3.u.i of the Plan, which provides:

> Unless such Holder agrees to a different treatment of such Claim, each Holder of an Allowed Other Unsecured Claim, in full satisfaction of such Allowed Claim shall receive, on or soon as reasonably practicable after the Effective Date, an Unsecured Pro Rata Share of New B Notes.

Such classification of Condemnation Claims would subject these claims to impairment and provide an estimated recovery of only 10 – 13% of the amount of the claim (City's Fourth Amended Plan of Adjustment). As discussed below, the Plan can not be confirmed because it improperly deprives the Condemnation Creditors of their right to full just compensation under the Fifth and Fourteenth Amendments.

---

[2] Despite the fact that both condemnation and inverse condemnation claims are made pursuant to the Fifth Amendment Takings Clause, the City has treated these claims differently. The City was granted its motion to lift the stay for "certain condemnation claims," (Docket No. 5146 and Docket No. 5451). However, the Court has denied similar relief to inverse condemnation creditors seeking to have the stay lifted (see Order denying HRT relief from stay (Docket No. 5339)). The City has even refused to treat all condemnation cases brought by the City similarly. For example, the claim of the John and Vivian Denis Trust was converted by the City into a condemnation case, but was not included in the cases for which relief from the stay was granted (See Proof of Claim for John W. and Vivian M. Denis Trust Claim No. 1363). The City's disparate treatment of these claims is further evidence that Constitutional protections for some, or all, of these condemnation creditors are at risk.

3

## II. The Power of Congress to Pass Laws Under the Bankruptcy Clause and the Authority of the Bankruptcy Courts are Subject to the Fifth Amendment

The power of Congress under the Bankruptcy clause is subject to the Fifth Amendment (*Brockett v. Winkle Terra Cotta Co.*, 81 F2d 949 (1936)). Congress may not pass laws under its Bankruptcy power that would affect a taking of private property without just compensation. *U.S. v. Sec. Indus. Bank*, 459 U.S. 70 (1982); *citing Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555 (1935). Furthermore, the Bankruptcy Court is subject to the Fifth Amendment and may not act pursuant to those statutes in such a way that would violate the Fifth Amendment.

As stated in Creditor's Joint Objection to City of Detroit's Disclosure Statement By Creditors T&T Management, Inc. HRT Enterprises, and the John W. and Vivian M. Denis Trust (Docket #3854), the Fifth Amendment prevails over Congress' authority to pass laws under the Bankruptcy power, despite times of hardship.[3]

## III. Payment of Just Compensation is a <u>Condition</u> that Must Be Met Before the Government May Take Private Property For Public Use

The power of eminent domain is not dependent upon any specific grant; it is an attribute of sovereignty, limited and conditioned by the Just Compensation Clause of the Fifth Amendment. *Albert Hanson Lumber Co. v. United States*, 261 U.S. 581, 587 (1923). The owner is protected by the rule that title does not pass until compensation

---

[3] See Creditor's Joint Objection, at 7 – 8, *citing* the Supreme Court's decision in *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555 (1935), which found the Frazier-Lemke Act was unconstitutional because it affected a taking of substantive rights in specific property acquired by the Bank prior to its enactment. The unconstitutional Frazier-Lemke Act was a bankruptcy act of Congress that restricted banks' ability to repossess farms after foreclosure.

4

has been ascertained **and paid**, nor does the right to possession pass until reasonable, certain, and adequate provision is made for obtaining just compensation. *Id.*

The Supreme Court has long held that in either a *de jure* or a *de facto (inverse)* condemnation, the property owner's title to the property being taken by the United States passes to the United States "only when the owner receives compensation." *Seneca Nation of Indians v. New York*, 206 F. Supp. 2d 448, 534 (2002); *United States v. Dow*, 357 U.S. 17, 21 (1958) (finding that the issue of title is always present in a de facto condemnation case. A property owner whose property has been taken through *de facto* condemnation is protected because he or she can still seek compensation for or return of the property based on his or her title to the property); *Best v. Humboldt Placer Mining Co.*, 317 U.S. 334, 340 (1963); *Stringer v. United States*, 471 F.2d 381, 384 (5th Cir. 1972).

Every interest in real estate is protected from taking without just compensation. In *United States v. Security Indus. Bank*, 459 U.S. 70 (1982), the Supreme Court determined that liens constituted a secured property interest that could not be taken. In determining that the "nonpossessory, nonpurchase-money liens on certain property" constituted secured property interests, the Court responded to the Government's argument that these liens were "insubstantial" by stating that "[t]he "bundle of rights" which accrues to a secured party is obviously smaller than that which accrues to an owner in fee simple, but the Government cites no cases supporting the proposition that

5

differences such as these relegate the secured party's interest to something less than property." *Id.* at 76.[4]

## CONCLUSION

The Condemnation Creditors, whose property has been taken by either condemnation or inverse condemnation, still retain title to their property because "just compensation" has not been paid. This Court, however, may not take title in the hands of the property owners and give it to the City for less than just compensation and in violation of the Fifth Amendment.

**WHEREFORE,** Creditors T&T Management, HRT Enterprises, and the Denis Trust respectfully request that this Court find that § II.B.3.u.i. of the Plan violates the Fifth and/or Fourteenth Amendments, because in that it impairs the relief available to parties whose property has been taken by the City of Detroit through condemnation or inverse condemnation.

Respectfully submitted,

/s/ Mark Demorest
Mark S. Demorest (P35912)
Melissa Demorest LeDuc (P68867)

---

[4] *See also United States v. Dow*, 357 U.S. 17 (1958) (explaining that the property interest taken by the government changes from one of "full ownership to one of temporary use and occupation" where the government "enters into possession of property without filing a declaration of taking and without otherwise providing compensation for the acquisition of title.").

6

Lisa M. Okasinski (P78470)
Demorest Law Firm, PLLC
Attorneys for Creditors
  T&T Management, Inc.,
  HRT Enterprises, and the John W.
  and Vivian M. Denis Trust
322 West Lincoln Ave.
Royal Oak, MI 48067
248-723-5500
mark@demolaw.com
melissa@demolaw.com

Dated: June 30, 2014

City of Detroit bankruptcy:Drafts:Supplemental Brief 2014 06 29.docx

Lisa M. Okasinski (P78470)
Demorest Law Firm, PLLC
Attorneys for Creditors
  T&T Management, Inc.,
  HRT Enterprises, and the John W.
  and Vivian M. Denis Trust
322 West Lincoln Ave.
Royal Oak, MI 48067
248-723-5500
mark@demolaw.com
melissa@demolaw.com

Dated: June 30, 2014

City of Detroit bankruptcy:Drafts:Supplemental Brief 2014 06 30 (MDL and LMO redline).docx