UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.
_____/

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

## SUPPLEMENTAL BRIEF OF 36th DISTRICT COURT IN SUPPORT OF CONFIRMATION OF DEBTOR'S FOURTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS

The 36th District Court, by and through its undersigned attorneys, hereby files this supplemental brief in support of confirmation of Debtor's Fourth Amended Plan For the Adjustment of Debts [Docket No. 4392] (the "Plan") and states as follows:

### SUMMARY OF ARGUMENT

1. In their Objections, AFSCME and the Court Officers (defined herein) contend that the Plan inappropriately imposes an injunction against the holders of "Indirect 36th District Court Claims" from pursuing their claims against the 36th District Court and the State of Michigan. However, the Plan's injunction against the Indirect 36th District Court Claims does not enjoin actions against third parties but only claims that are essentially asserted against the Debtor.

2. Moreover, even under the standard set forth in applicable case law for approving injunctions against third-party claims, it is clear that the funding relationship and overall identity of interests between the City of Detroit and the 36th District Court presents "unusual circumstances" that permit the injunction under applicable case law.

## BACKGROUND

A. **Procedural Background**

3. On July 18, 2013 (the "Petition Date"), the Debtor filed a petition for relief under Chapter 9 of the Bankruptcy Code in this Court.

4. On May 5, 2014, the Debtor filed the Plan.

5. On May 9, 2014, the Local 3308 and Local 917 of the American Federation of State, County and Municipal Employees ("AFSCME") filed its Objection and Brief Regarding the Classification of 36th District Court in the Debtor's Proposed Plan of Adjustment [Docket No. 4552] (the "AFSCME Objection").

6. On May 12, 2014, Carlton Carter, Bobby Jones, Roderick Holley & Richard T. Weatherly, former officers of the 36th District Court (the "Court Officers") filed their Objection to the Debtor's Proposed Chapter 9 Plan [Docket No. 4625] (the "Court Officer Objection" and collectively with the AFSCME Objection, the "Objections").

7. In response to numerous objections to the Plan, including the AFSCME Objection and the Court Officer Objection, the Debtor filed its Consolidated Reply to Certain Objections to Confirmation of Fourth Amended Plan for the Adjustment of Debts of the City of Detroit [Docket No. 5034] (the "Reply").

8. On June 5, 2014, the Court entered its Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures [Docket No. 5235] (the "Scheduling Order"). The Scheduling Order permitted, inter alia, parties to file supplemental briefs regarding various issues. Issue Number 8 in the Scheduling Order is

2

"[w]hether § II.B.3.u.i and § III.D.5 of the Plan, relating to the treatment of the claims against the 36th District Court, violate the Bankruptcy Code."

**B.     Relationship Between the Debtor and the 36th District Court**

9.     The Michigan Supreme Court oversees administration of courts in Michigan and promulgates rules, administrative orders and a code of judicial conduct that affects all of the members of the judiciary within the State. MCL §§ 600.152, 600.219.

10.     The State of Michigan is divided into judicial districts of the district court, each of which is an administrative unit subject to the superintending control of the Michigan Supreme Court. MCL § 600.8101. A district of the third class is a district consisting of one or more political subdivisions within a county and in which each political subdivision comprising the district is responsible for maintaining, financing and operating the district within its respective political subdivision. MCL § 600.8103(3); *see also* MCL § 600.8271(1) (requiring appropriation and budgeting of funds by funding unit for benefit of district court).

11.     The thirty-sixth district is a district of the third class consisting solely of the City of Detroit, Michigan. MCL § 600.8121a(1). The Debtor, therefore, is responsible for maintaining, financing and operating the 36th District Court. *Id.*; MCL § 600.8103(3).

12.     The 36th District Court does not receive advance funding from the Debtor on an annual or other temporal basis. (Green Aff. at ¶4.)[1] Instead, the Debtor provides funding on an ongoing basis according to the needs and requirements of the 36th District Court by directly paying its creditors. *Id.* The primary exceptions to this funding scheme are the payment of

---

[1] A copy of the *Declaration of Deborah Green*, filed on October 16, 2013 in support of the Corrected Reply of 36th District Court to Local 3308 and Local 917 of the American Federation of State, County and Municipal Employees' Objection to Motion of Debtor for Entry of an Order Extending the Chapter 9 Stay to the 36th District Court and Certain Related Entities [Docket No. 1210-1] (the "Green Affidavit") is attached hereto as <u>Exhibit A</u>. The Court relied on the Green Affidavit in entering its *Order, Pursuant to Section 105(a) of the Bankruptcy Code, Extending the Chapter 9 Stay to the 36th District Court and Certain Related Parties*, dated October 15, 2013 [Docket No. 1388].

salaries to the employees of the 36th District Court, which are paid directly by the Debtor through separate payroll accounts maintained in the name of the Debtor, and the payment of salaries to the judges of the 36th District Court, which are paid by the State of Michigan. *Id.*; MCL § 8202.

13. Prior to the Petition Date (as defined below), the 36th District Court was the subject of several pending civil actions and arbitrations. The majority of these actions were based on tort claims alleged by various employees and former employees against the 36th District Court and its representatives. In addition, the 36th District Court was a named defendant in certain civil actions alleging breach of contract, or was the subject of demands made for money damages by third parties. When monetary judgments or other awards are entered against the 36th District Court, the Debtor is responsible for satisfying, and has historically and consistently satisfied, the claims of judgment creditors. (*See* Green Aff. at ¶¶ 5-6.)

14. In connection with its operations and administrative functions, the 36th District Court collects fines, revenues and other charges (collectively, the "Revenues"). (Green Aff. at ¶ 7.) Upon receipt by the 36th District Court, Revenues are deposited into a bank account maintained by the 36th District Court on behalf of the Debtor. *Id.* Thereafter, the 36th District Court disburses the funds to the Debtor. *Id.*; *see* MCL § 600.8379(1). The Debtor does not segregate these Revenues for the funding operations of the 36th District Court. Rather, the Revenues are paid by the 36th District Court to the Debtor, and thereafter operations are separately financed by the Debtor in accordance with MCL § 600.8103. On an annual basis, the 36th District Court returns Revenues to the Debtor in the approximate amount of $14.5 million. (Green Aff. at ¶ 7.) The 36th District Court does not generate revenues for itself or its own use and spends no funds other than what the Debtor provides it with.

15. Moreover, pursuant to Michigan law all of the 36th District Court's property used by it is actually owned by the Debtor. The relevant statute makes this explicit:

> All personal property, including equipment and furniture, that was owned by the district court in the thirty-sixth district on the effective date of the 1996 amendatory act that amended this section or that was owned and furnished by the state to the district court in the thirty-sixth district, on the effective date of the 1996 amendatory act that amended this section and all personal property subsequently purchased by or furnished to that court shall remain with the court until October 1, 1996, at which time the property shall become the property of the city of Detroit, and shall continue to be used to the benefit of the district court in the thirty-sixth district.

MCL § 600.9945(2). If a judgment creditor were to execute on property that the Court uses, the Debtor would have to pay for that equipment to be replaced immediately. Without this equipment the Court would not be able to operate and thus would be unable to serve the citizens of Detroit.

16. Judgment creditors and other parties holding awards against the 36th District Court have previously attempted to garnish accounts of the 36th District Court maintained by the Debtor or financial institutions and administrators of payroll. (Green Aff. at ¶ 6.) Ultimately, the Debtor was required to provide the funds necessary to satisfy these judgments and other awards. (Green Aff. at ¶ 6.)

## ARGUMENT

**I. The Plan's Treatment of Claims Against the 36th District Court is Appropriate Under Prevailing Law**

**A. The Plan Does Not Enjoin Claims Against Third Party Non-Debtors**

17. The Objections argue that the Plan's treatment of claims against the 36th District Court constitutes a nonconsensual third party release that does not satisfy the test set forth under Dow Corning. As discussed below, and as the Debtor set forth in its Reply, this argument fails.

18. The Plan enjoins claims against the 36th District Court for which the 36th District Court is entitled to receive funding from the Debtor, and which claim for funding from the Debtor is resolved pursuant to the Plan. The Plan defines such enjoined claims against the 36th District Court as follows:

> "Indirect 36th District Court Claim" means any claim arising in connection with a Cause of Action against the 36th District Court, solely to the extent that (a) the 36th District Court is entitled to receive funding from the City to satisfy any such claim and (b) any Claim for such funding by the 36th District Court is resolved pursuant to the Plan and the treatment accorded to any Allowed Other Unsecured Claim held by the 36th District Court pursuant to Section II.B.3.u.

Plan at § I.A.166. The Plan enjoins holders of Indirect 36th District Court Claims from prosecuting such Indirect 36th District Court Claims, as follows:

> On the Effective Date, except as otherwise provided herein or in the Confirmation Order:
>
> a. All Entities that have been, are or may be holders of Claims against the City, Indirect 36th District Court Claims or Indirect Employee Indemnity Claims, along with their Related Entities, shall be permanently enjoined from taking any of the following actions against or affecting the City or its property, DIA Corp. or its property, the DIA Assets, the Released Parties or their respective property and the Related Entities of each of the foregoing, with respect to such claims (other than actions brought to enforce any rights or obligations under the Plan and appeals, if any, from the Confirmation Order):
>
> 1. commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affecting the City or its property (including (A) all suits, actions and proceedings that are pending as of the Effective Date, which must be withdrawn or dismissed with prejudice, (B) Indirect 36th District Court Claims and (C) Indirect Employee Indemnity Claims)....

Plan at § III.D.5.a. The Plan, therefore, enjoins not only the 36th District Court's claims against the Debtor, but also third parties' claims against the 36th District Court to the extent the Debtor would need to satisfy such claims.

19. As the Debtor stated in its Reply, the Debtor is not seeking to relieve the State of any obligation which the Objection asserts the State may have to the holders of Indirect 36th District Court Claims. Reply at ¶ 316. In addition, the Debtor intends to amend the Plan to make this explicit and to expressly carve out the State and the State Related Entities from the injunction against the Indirect 36th District Court Claims.

20. Moreover, pursuant to the injunction against Indirect 36th District Court Claims, the Debtor seeks only to prevent its payment in full of prepetition claims against it—whether they are asserted directly by the 36th District Court against the Debtor or indirectly by the 36th District Court's creditors against the Debtor. As previously mentioned, the Debtor is the sole funding unit for the thirty-sixth judicial district of the State, such that the Debtor is responsible for maintaining and financing the operations of the 36th District Court, except as otherwise provided under Michigan law. Likewise, it is responsible for funding the costs of litigation against the 36th District Court and satisfying any final judgments against the 36th District Court. Thus, claims against the 36th District Court are indirect claims against the Debtor that are properly enjoined.

21. In addition, as previously mentioned, all of the personal property which the 36th District Court uses to operate is owned by the Debtor. Thus, the Indirect 36th District Court Claims are enjoined under the Plan to the extent the Debtor is responsible for paying for them. For instance, if a judgment creditor were to execute against property necessary to the 36th District Court's operation, the Debtor would have to pay to replace such property or the 36th District Court could be forced to shut down. Regardless, as discussed below, the Debtor's Plan satisfies the standard for determining whether a third-party release is appropriate and the 36th District Court should be explicitly released.

### B. To the Extent that the Court Finds That the Plan Enjoins Claims Against Third Parties, the Relevant Legal Standard is Satisfied

#### 1. The Injunction Satisfies the Requirements Set Forth in *Dow Corning*.

22.     Even if the Court were to find that the Plan contains a release of a third party, the 36th District Court, the unique facts of this case satisfy the Sixth Circuit's requirement for approving third-party releases set forth in *Class Five Nev. Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F.3d 648, 658 (6th Cir.), *cert. denied*, 537 U.S. 816 (2002).

23.     The *Dow Corning* court held that when the following seven factors are present, a bankruptcy court may enjoin a non-consenting creditor's claims against a non-debtor:

> (1) a suit against the nondebtor is, in essence, a suit against the debtor or will deplete the assets of the debtor;
> (2) the nondebtor has contributed substantial assets to the reorganization;
> (3) the injunction is essential to reorganization, namely, that the reorganization hinges on the debtor being free from indirect suits against parties who would have indemnity or contribution claims against the debtor;
> (4) the impacted class or classes have overwhelmingly voted to accept the plan;
> (5) the plan provides a mechanism to pay for all, or substantially all, of the class or classes affected by the injunction;
> (6) the plan provides an opportunity for those claimants who choose not to settle to recover in full; and
> (7) the bankruptcy court made a record of specific factual findings that support its conclusions.

280 F.3d at 658.

24.     As to the first factor, in the instant case, unusual circumstances justify the injunction against holders of the Indirect 36th District Court Claims because the 36th District Court shares an identity of interests with the Debtor. Indeed, it is difficult to comprehend circumstances more unusual than the funding scheme for district courts that the Michigan legislature has enacted. The 36th District Court receives all of its funding for operations, administration and other obligations from the Debtor pursuant to state statute. In the event that

the Revenues provided by the 36th District Court are subject to garnishment, execution, levy, or some similar collection remedy, the Debtor and its residents will be deprived of funds that could be used for the Debtor's ongoing operations. In effect, judgment creditors would be satisfying their claims to the detriment of other creditors holding claims against the Debtor. The funding schemes set forth in the statute necessarily translate into a situation in which suits or collection actions against the 36th District Court essentially are actions against the Debtor's assets.

25. As to the second factor, the 36th District Court is contributing substantial assets to the Debtor's reorganization through its provision of critical judicial services to the people of the City of Detroit. Without a functioning court system, it is difficult to imagine that any city, let alone a city of Detroit's size, could function. Simply put, the 36th District Court provides judicial services to the City of Detroit that are essential to the health, welfare and safety of Detroit's residents and the 36th District Court is the only possible entity that can provide such vital services. There are no other options available.

26. In addition, as noted above, the 36th District Court generates Revenues that it is required by applicable state law to turn over to the Debtor. MCL § 600.8379(1). Without the injunction, a judgment creditor may seek to deprive the Debtor of such Revenues by arguing to another court that the Revenues are not "property of the debtor." This will only lead to additional costs and other litigation expense which ultimately will come from the Debtor. For example, if, after confirmation of a plan not including an injunction against the 36th District Court Indirect Claims, a creditor obtains a judgment against the 36th District Court, and collects that judgment by attaching assets in possession of the 36th District Court, it would essentially be attaching the Debtor's property and the Debtor would be required to replenish any assets executed against. Ultimately, the party suffering the financial loss would be the Debtor.

27. Finally, as set forth in the Debtor's Fourth Amended Disclosure Statement [Docket. No. 4391] (the "Disclosure Statement"), the 36th District Court will be attempting to contribute substantial savings to the Debtor's reorganization effort through operational savings and "Restructuring and Reinvestment Initiatives." (*See, e.g.,* Disclosure Statement, Exhibit I). These projected savings are set forth in the "Projections" (as defined in the Disclosure Statement). These contributions are significant and material contributions to the Debtor's reorganization. The 36th District Court is attempting to produce a more efficient judicial system for the City of Detroit through various initiatives. Any savings achieved will produce a savings for the Debtor. However, the 36th District Court will continue to need new technology and equipment from the Debtor. If the 36th District Court is not protected through the Plan injunction, the Debtor will ultimately bear the financial burden for the lack of such protection.

28. The third *Dow Corning* factor—the injunction also being essential to the Debtor and protecting the Debtor from indirect suits against parties who would have indemnity contribution claims against the Debtor--is also satisfied. As previously discussed, the 36th District Court looks to the Debtor for all its funding. To the extent that judgments are entered against it, the 36th District Court necessarily must be paid by the Debtor to satisfy those judgments. By its very nature, this is how the system functions.

29. The fourth *Dow Corning* factor is that the impacted classes must vote to accept the plan. Although votes have not yet been cast or tabulated, it is expected that the class of general unsecured claimants that includes AFSCME and the Court Officers will vote to accept the Plan.

30. The fifth and sixth *Dow Corning* factors, providing a mechanism to pay those classes affected by the injunction and an opportunity for non-settling claimants to recover in full,

is likewise satisfied.[2] As the Debtor states in its Reply, nothing in the Plan shall prevent claimants or judgment creditors from pursuing collection efforts against the State.

31. Under the *Dow Corning* factors, the proposed injunction in this case would pass muster as it is critical to the Debtor's reorganization. Indeed, it is difficult to imagine a situation where the Debtor, its residents and its inhabitants would not be harmed in the event that there was no injunction against claims against the 36th District Court. As noted above, the Debtor is required to fund all maintenance, operations and other obligations of the 36th District Court pursuant to applicable Michigan law. Other than judicial salaries, the 36th District Court does not receive any funds from the State of Michigan. Instead, the 36th District Court is exclusively dependent upon the Debtor to satisfy its obligations. (Green Aff. at ¶¶ 3-7.) Without the injunction, creditors of the 36th District Court could seek to satisfy judgments and awards directly against the assets of the 36th District Court which are indirectly against the Debtor since it is responsible for satisfying them. As noted in the Green Affidavit, judgment creditors have previously attempted to garnish accounts maintained for the benefit of the 36th District Court. Upon any garnishment, execution or levy, the Debtor would be forced to redeploy funds to the 36th District Court so that it could sustain its operations. The Debtor would therefore be

---

[2] While the facts of this case support the injunction under the *Dow Corning* factors, these facts would also satisfy the requirements of other circuit courts that permit releases of non-debtor third parties. *See e.g., In re Ingersoll, Inc.*, 562 F.3d 856 (7th Cir. 2009) (release of third parties permissible if release is appropriate and not inconsistent with any provision of the Code); *In re Metromedia Fiber Network, Inc.*, 416 F.3d 136 (2d Cir. 2005) (a nondebtor release should not be approved absent unusual circumstances rendering the release important to the success of the plan, focusing on considerations including whether the estate received consideration for the injunction, whether the enjoined claims were channeled to a settlement fund, whether the enjoined claims would indirectly impact the debtor's reorganization by way of indemnity or contribution.); *In re Drexel Burnham Lambert Group Inc.*, 960 F.2d 285, 293 (2d Cir. 1992) (third-party non-debtor releases and injunctions are proper so long as they play "an important part in the debtor's reorganization plan[.]"); *Menard-Sanford v. Mabey (In re A.H. Robins Co.)*, 880 F.2d 694 (4th Cir. 1989) (holding that because debtor's reorganization hinged in large part on the debtor being free from indirect claims, such as lawsuits against parties who would have indemnity or contribution claims against the debtor).

preferring judgment creditors of the 36th District Court to the detriment of the Debtor and its other creditors.

32. Perhaps more importantly, in the event that the injunction does not include the 36th District Court, the Debtor <u>and its residents</u> would suffer great harm. Again, because the 36th District Court is dependent upon the Debtor for all of its funding needs, the 36th District Court would suffer a disruption in operations and receipt of services by third parties as a result of any collection activities by judgment creditors. (Green Aff. at ¶ 8.)

33. Finally, the injunction is critical to the Plan and the Debtor's emergence from bankruptcy because it appropriately protects the property owned and held in both an express and implied trust by the Debtor and used by the 36th District Court in its operations for a critical public purpose. The Debtor owns and holds the personal property of the 36th District Court in trust for the public's benefit in order to promote the health, welfare and safety of the residents of the City of Detroit.

34. The property owned by the Debtor and used by the 36th District Court is subject to an implied trust. "'Implied trusts arise by operation of law as contradistinguished from those that arise from agreements of the parties, and are raised by law for the purpose of carrying out the presumed intent of the parties, or without regard to such intention for the purpose of asserting equitable rights or frustrating fraud." *Digby v. Thorson*, 30 N.W.2d 266, 272 (Mich. 1948) (citation omitted). A resulting trust is an implied trust that arises from presumed intent, "where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein ...." *Potter v. Lindsay*, 60 N.W.2d 133, 135 (Mich. 1953).

35. Here, the State, for the benefit of the Debtor and the people of the City of Detroit, has established a statutory framework that makes explicit that the operation of the 36th District Court is for the health, welfare and safety of the Debtor and that the Debtor is obligated to fund the 36th District Court for that purpose.

36. In light of the fact intensive analysis employed by many courts in assessing the appropriateness of third party injunctions, the preservation and protection of the Debtor's assets used by the 36th District Court though the injunction is critical to the success of the Plan.

## CONCLUSION

37. Based upon a review of all factors and the unusual circumstances presented by the Debtor's obligation to fund the operations, maintenance and other obligations of the 36th District Court, it is appropriate for this Court to approve the injunction contained in section III.D.5.a of the Plan as it applies to the 36th District Court.

Dated: June 30, 2014

Respectfully submitted,

**36th DISTRICT COURT**

By:   */s/ Scott R. Murphy*
      Scott R. Murphy

Scott R. Murphy
BARNES & THORNBURG LLP
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694
Telephone: (312) 214-4588
Email: smurphy@btlaw.com

Peter A. Clark
BARNES & THORNBURG LLP
1 N. Wacker Drive, Ste. 4400
Chicago, IL 60606
Telephone: (312) 214-4588
Email: pclark@btlaw.com

*Attorneys for 36th District Court*