# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| In re:<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

## DECLARATION OF DEBORAH GREEN

In accordance with 28 U.S.C. § 1746, Deborah Green declares the following:

1. I am employed as the Region I Director by the State Court Administrative Office (SCAO), which is appointed by the Michigan Supreme Court pursuant to Article VI, Section 3, of the Michigan Constitution of 1963. As Region I Director, I report to State Court Administrator Chad C. Schmucker.

2. As Region I Director, I am responsible to administratively assist all trial courts in Macomb, Oakland, and Wayne counties. As of the appointment of the Honorable Michael Talbot as Special Judicial Administrator of the 36th District Court, I have been assigned, virtually full-time, to assist Judge Talbot with the restructuring of the operations of the 36th District Court. As a result of my overall responsibilities, I am familiar with the manner in which Michigan trial courts, including district courts and the 36th District Court, are funded.

3. District courts are established by the Michigan legislature, which then also defines their jurisdiction and designates the "funding unit" of the court. The 36th District Court is a "class III" district court, meaning that its jurisdiction is defined by the boundary of the City of Detroit. The Michigan legislature, in creating the 36th District Court has designated the City of

Detroit ("City") as its funding unit, meaning that it has legislatively mandated that the City must pay the operational costs of the 36th District Court, with the exception of judicial salaries.

4. The 36th District Court is not "prefunded" by the City. Instead, its expenses are paid, on an ongoing basis, as bills are forwarded by the 36th District Court to the City for payment. Personnel costs are paid directly by the City.

5. I am aware of a significant arbitration award recently entered against the 36th District Court, amounting to approximately $5.5 million, which the 36th District Court does not have the funds to pay. Once this claim has been fully liquidated – meaning that a final judgment is entered against the Court – this obligation will then have to be forwarded to the City of Detroit for payment. At that point, the City of Detroit will be required to pay the judgment as a result of its constitutional obligation to fund the 36th District Court's reasonable and necessary expenses. This arrangement is consistent with the procedure by which all Michigan trial courts have judgments against them satisfied – a court's funding unit must pay judgments against that court.

6. While the 36th District Court has no funds from which to pay judgments, if a judgment creditor were to execute against the Court by seizing computers, communication systems, and furniture, the Court's operations would be severely disrupted, if not shut down completely. I am informed and believe that in early 2009 one judgment creditor in *Sciotti v. 36th District Court*, Wayne County Circuit Court case number 03-327602-CD, attempted execution against the Court through garnishments and show-cause orders. See attached. The City eventually paid the judgment.

7. As fines and other charges are collected by the Court, they are deposited in a bank account, from where they are disbursed according to statutory mandate, including primarily to the City. The City annually receives approximately $14.5 million from the Court. While this

2

13-53846-swr    Doc 1210-1    Filed 10/16/13    Entered 10/16/13 16:34:44    Page 3 of 10
13-53846-tjt    Doc 5672-1    Filed 06/30/14    Entered 06/30/14 15:14:45    Page 3 of 4

revenue does not completely offset the Court's operating budget, collection efforts are now being improved as a result of Judge Talbot's ongoing restructuring efforts. In some instances, district courts generate so much revenue that the funding unit actually experiences a profit from its court's operations.

8. A shutdown of the Court's operations, whether as a result of a judgment creditor's actions or the City's failure to promptly pay the Court's expenses, would deprive the City's residents and others of the services of the Court, and would also interrupt the Court's revenue generation on behalf of the City through collection of fines and other charges.

9. I know the facts stated herein to be true of my own knowledge, except those stated on information and belief, and those I believe to be true. I am prepared and competent to testify concerning the foregoing if requested to do so by the Court.

*[signature]*
Deborah Green

188469

3

13-53846-swr    Doc 1210-1    Filed 10/16/13    Entered 10/16/13 16:34:44    Page 4 of 10
13-53846-tjt    Doc 5672-1    Filed 06/30/14    Entered 06/30/14 15:14:45    Page 4 of 4