**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

### AFSCME LOCAL 3308 and 917's SUPPLEMENTAL BRIEF SUPPORTING THEIR OBJECTION TO THE CITY'S PROPOSED PLAN OF ADJUSTMENT

Local 3308 and 917 of the American Federation of State, County, and Municipal Employees ("AFSCME") hereby presents this supplemental brief merely to address some additional issues that have arisen that require development prior to the oral argument on the issues.

**I.     In Order To Extend Bankruptcy Protection To 36th District Court, The City Must Satisfy The *Dow Corning* Factors.**

There are three public entities that are involved in this matter, the State of Michigan, 36th District Court, and the City of Detroit. To clarify the issue presented in this objection, the issue was only in minor part, if at all, in regard the injunction in the Plan of Adjustment forbidding Claimants from instituting an action against the State of Michigan. Similarly, AFSCME takes no issue that the injunction does apply to the City of Detroit. It is bankrupt. However, it is unlikely that the creditors in AFSCME's claim could have ever sued the City of Detroit or the State of Michigan directly for the money owed to them. The claims are against the third entity, 36th District Court. This objection is nearly entirely about the injunction as applied to 36th District Court. In its Reply, the City does not address whether the protections of the bankruptcy code and the Plan of Adjustment should apply to 36th District Court.

There is no doubt that 36th District Court is a separate legal entity from the City of Detroit. The City admitted as much in its motion to extend the stay to 36th District Court. Therefore, AFSCME is a non-consenting creditor of claims against a non-debtor. The Sixth Circuit has been very clear that the seven factors in *Dow Corning* must be met in this situation. *In re Dow Corning Corp.,* 280 F.3d 648, 658 (6th Cir. 2002).

## II.    The City Admitted That It Cannot Meet the *Dow Corning* Factors.

In the City's Objections and Responses to AFSCME's First Set of Interrogatories and Request for Production, it has admitted that it cannot meet many of the *Dow Corning* factors. The City admits that 36th District Court is not contributing substantial assets to the reorganization but the City contends that 36th District Court's cost saving measures constitute a contribution to the City reorganization. (***Exhibit 1***, Response to Interrogatory 4).

The City cannot in good faith assert that the several million dollars of claims against 36th District Court are essential to the reorganization or that the reorganization hinges upon the City being free from these indirect claims. It only asserts that if claimants of 36th District Court are paid in full, that would somehow be unfair to claimants of the City. (***Exhibit 1***, Response to Interrogatory 5). Of course the difference is obvious, the City is in bankruptcy; 36th District Court is not.

The City cannot show that class of creditors are effected by the inclusion of 36th District Court have voted in favor of the plan. This vote has not happened and it seems unlikely that the impacted class at issue would vote yes.

According to *Dow Corning*, the Debtor must provide mechanism that the class or classes effected by the injunction are paid in full. The City admits that no such mechanism exists. (***Exhibit 1***, Response to Interrogatory 7).

According to *Dow Corning*, the Debtor must also demonstrate that the plan provides an opportunity for those claimants who choose not to settle to recover in full. *In re Dow Corning, supra*, at 658. The City admits that no such opportunity exists. (***Exhibit 1***, Response to Interrogatory 8).

As stated in the previous brief, the Debtor cannot meet any of the of the *Dow Corning* factors. The Debtor agrees that it cannot meet many of the factors. Therefore, treating 36th District Court claimants just like claimants of the City is improper.

### III.    36th District Court Has Its Own Revenue Sources.

The Debtor may assert that all of the funding of the payments to 36th District Court creditors would come from the City's general fund. That would not be a correct statement. 36th District Court generates a substantial amount of revenue from court fees and other filing fees that must be used for its operation. For example, a portion of every filing fee must be used for the operation of the district court. MCL 600.8371(3) and (4). The motion fee is $20. $10 of that fee is used by the district court. MCL 600.8371(10). The City asserted that 36th District Court provides revenue of $14.5 million per year. (***Exhibit 1***, Response to Interrogatory 2).

Therefore, 36th District Court has the ability to pay any claimant out of the money that it generates for its exclusive use. City assets would not be effected because the 36th District Court claims could be paid out of its funds. If there is a budgetary shortfall, 36th District Court can seek additional funding from the City and/or the State. If it seeks additional money from the City, only then would this court be involved with 36th District Court. At that point, 36th District Court is merely a creditor of the City. The creditors of 36th District Court are never creditors of the City.

**WHEREFORE**, and for the reasons stated above, AFSCME respectfully requests that the relief sought by the City be denied, and that its Objection be sustained.

3

Respectfully submitted,

**MILLER COHEN, P.L.C.**

By:/s/ Robert D. Fetter
Robert D. Fetter (P68816)
*Attorney for Defendant AFSCME 25*
600 W. Lafayette Blvd., 4th Floor
Detroit, Michigan 48226
(313) 964-4454

Dated: June 30, 2014