# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | ) ) | Case No.: 13-53846 |
| Debtor. | ) ) ) | Hon. Steven W. Rhodes |
|  | ) ) |  |

## CITY OF DETROIT'S OBJECTIONS AND RESPONSES TO CREDITORS AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES LOCAL 3308 AND LOCAL 917'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure Rules 26 and 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016, the City of Detroit, Michigan (the "City") hereby submits the following objections and responses to the Creditors American Federation of State, County and Municipal Employees Local 3308 and Local 917's ("Local 3308") First Set of Interrogatories and Request for Production (the "Interrogatories").[1]

The City's responses to these Interrogatories are provided without prejudice to the City's right to supplement them at any time prior to trial or to otherwise

---

[1] The City notes that, despite the title of the document, the Local 3308 discovery request contained interrogatories only.

produce evidence based on later discovered information. As a result, the City reserves the right to supplement its responses in light of new information or inadvertent errors or omissions herein.

Moreover, the City's responses to these Interrogatories shall be made without prejudice to the City's right to introduce any and all evidence of any kind in these proceedings. Further, the City reserves the right to introduce evidence from any witness during these proceedings, even if that evidence was not provided in response to these Interrogatories due to mistake, oversight, inadvertence, misinterpretation, or otherwise.

Finally, a response to any of these Interrogatories does not constitute an implicit or explicit admission by the City that it agrees with any of the American Federation of State, County and Municipal Employees Local 3308 and Local 917 (the "Objectors") characterizations or definitions contained therein, or that the information sought is likely to lead to the discovery of admissible evidence. Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

## GENERAL OBJECTIONS

The City incorporates the following general objections into each of its specific responses to these Interrogatories. The assertion of the same, similar, or

additional objections, or a partial response to any individual request, does not waive any of City's general objections.

1.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek to impose a burden or obligation beyond those required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, any other applicable procedural rules, or the Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment ("Scheduling Order"), or the most recently filed version of that Order. Specifically, the City objects to any request which seeks to require the disclosure of expert materials prior to the time specified in the Scheduling Order for disclosure of experts. See Fourth Amended Scheduling Order, at ¶ 9 (June 10, 2014, is the deadline to file list of experts).

2.     The City's response to each and every one of these Interrogatories is subject to any applicable competence, relevance, materiality, propriety, and admissibility objections, and to any and all other objections on any grounds that would require the exclusion of any statements contained herein if any of these Interrogatories were asked of, or statements contained herein were made by, a

witness present and testifying in court. The City explicitly reserves all such objections and may interpose them at trial.

3.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent that they seek information subject to the attorney-client privilege, attorney work product doctrine, the settlement or mediation privilege (*see* Dkt. 0322), the common interest doctrine and/or any other applicable privilege or immunity, or to a protective order and/or stipulation of confidentiality between the City and any third party. Further, any responses to these Interrogatories shall not be deemed a waiver or impairment of the City's rights or any claim of privilege or immunity.

4.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek information that is confidential or proprietary business information, trade secrets, other proprietary information, intellectual property, and/or commercially sensitive information of a third party to whom the City owes a legal obligation of non-disclosure. Such information will only be provided pursuant to a court-entered protective order and with the consent of the operative third parties.

5.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they request information protected from discovery by any right to privacy or any other applicable privilege,

including the right to privacy of third parties, or by the City's obligations under applicable law to protect such confidential information.

6.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek discovery of information that is not reasonably accessible, on the grounds of undue burden and cost. By stating that it will produce or make available information responsive to a particular interrogatory, the City represents that it will produce responsive, non-privileged information subject to reasonable limitations on the scope of the search, review, and production of such information due to the cost and burden of production.

7.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, as unduly burdensome and oppressive to the extent they purport to require the City to search facilities and inquire of its officers, employees, representatives, attorneys, advisors and/or agents other than those facilities and officers, employees, representatives, attorneys, advisors and/or agents reasonably expected to have responsive, non-privilege information. Accordingly, the City's responses to these Interrogatories are based upon (1) a reasonable search, given the time permitted to respond to these Interrogatories, of facilities and files reasonably expected to possess responsive, non-privilege information and (2) inquiries of the City's officers, employees, representatives,

attorneys, advisors and/or agents who could reasonably be expected to possess responsive, non-privilege information.

8.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek disclosure of information not within the City's possession, custody, or control.

9.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, the City objects to each and every one of these Interrogatories, and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information relating to an individual topic or subject area for a time period outside the scope of the subject matter at issue in this proceeding.

10.     The City objects to each and every one of the Objectors' definitions, instructions, and interrogatories to the extent that they are or purport to be so comprehensive as to be impossible or unduly burdensome and expensive to answer literally. Such definitions and requests are overly broad, vague, unduly burdensome, and do not describe the requested information with reasonable particularity. The City also objects to each and every one of these Interrogatories,

and the instructions and definitions therein, as overbroad, unduly burdensome, not relevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent they seek information regarding "any" or "all" persons, entities, objects, or events relating to an individual topic or subject area. Specifically, the City objects to the phrase "all" as it is used throughout these Interrogatories to the extent that it requires the City to engage in extensive research, in order to identify each and every matter that may possibly be responsive to an Interrogatory.

11.    The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent that any term, phrase or word used therein is vague and ambiguous, subject to varying interpretation, requires subjective knowledge by any other party other than the City, or involves issues of law subject to resolution by the court. The City will respond to each and every Interrogatory to the extent possible, based on the most objectively reasonable interpretation of each such term, phrase or word in the Interrogatory. To that end, any terms not otherwise defined by these Interrogatories, and the instructions and definitions therein, will be given the definitions reflected in the most recently filed version of the City's Chapter 9 Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the most recently filed version of the City's Disclosure Statement With Respect to Chapter 9 Plan for the Adjustment of Debts of the City

of Detroit (the "Disclosure Statement"). In addition, for the purposes of its responses to these Interrogatories, the City will define the terms "Plan," "Disclosure Statement," and "Scheduling Order" to mean the most recently filed versions of those documents.

12.     The City objects to each and every one of these Interrogatories to the extent that they either do not specify a responsive time period or specify a time period that is not relevant to the Objectors' claims or defenses as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the City's responses to these Interrogatories are limited to the time period of January 1, 2013 through the date of the City's response to these Interrogatories.

13.     The City objects to the definition of "City," "you" and "your" insofar as they purport to include the City of Detroit, Michigan, and, as applicable, its officers, employees, representatives, attorneys, advisors and/or agents because such an expansive definition is overly broad, unduly burdensome, and potentially calls for information that is not within the possession, custody, or control of the City, or its advisors, Ernst & Young, Conway MacKenzie, and Miller Buckfire.

14.     The City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent that the information sought is unreasonably cumulative or duplicative, or is obtainable from some other source

that is more convenient, less burdensome, or less expensive. Specifically, the City objects to each and every one of these Interrogatories, and the instructions and definitions therein, to the extent the information sought is equally available to the Objectors, including information that is publicly available and/or already in the Objectors' possession, as providing such information would be unduly burdensome.

15.     The City objects to these Interrogatories insofar as they exceed the 25-interrogatory limit under Federal Rule of Civil Procedure 33, as made applicable to this proceeding by the Federal Rules of Bankruptcy Procedure 7026, 7033, 9014, and 9016, and to the extent they contain multiple and often unrelated subparts that should be the subject of multiple, separate interrogatories.

16.     The City's general and specific objections are made based on its understanding and interpretation of each Interrogatory. The City reserves the right to supplement its Objections should Objectors subsequently put forth an interpretation of any Interrogatory differing from the City's interpretation of the same language. The City reserves the right to object on any ground at any time to other discovery requests Objectors may propound involving or relating to the same subject matter of these Interrogatories.

17.     The City's responses to these Interrogatories reflect the current state of its knowledge and understanding regarding matters about which the inquiry has

been made. The City reserves its rights to supplement or modify its responses with any relevant information as it may hereafter discover and will do so to the extent required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the local rules of the United States Bankruptcy Court for the Eastern District of Michigan, or any other applicable procedural rules.

18.     By responding to these Interrogatories, the City is not implicitly or explicitly agreeing with or otherwise adopting the Objectors' characterizations or definitions contained therein, or admitting or conceding that the information sought is likely to lead to the discovery of admissible evidence. Except for any facts explicitly admitted in the City's objections or responses, no admission of any nature whatsoever is to be implied by or inferred from any statement anywhere in this document.

19.     Each of these General Objections is incorporated by reference into each of the objections set forth below and each response set forth below is made without waiving any of these General Objections.

## RESPONSES TO INTERROGATORIES

1.     Please identify all individuals who will sign the responses to these interrogatories and all individuals who contributed to and/or were consulted in connection with the preparation and/or drafting of the responses to these interrogatories, including those individuals from whom the information needed for the responses was obtained.

      a.     For each and every individual you identified in response to this interrogatory, please state in detail all information obtained from that individual.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:

Based on the large number of interrogatories propounded to the City, the time limits on the response, and the number of individuals involved in this effort, the City objects as this interrogatory is overly broad and unduly burdensome. Subject to and without waiving its objections, the City refers Objector to its Witness List [Dkt. 4187], and further responds that, in addition to counsel, the individuals, or their staffs, who contributed to the responses to these interrogatories, are identified on the Witness List.

2. Please identify and fully describe the funding process for 36th District Court, including but not limited to how the funds are appropriated, a description of all services and obligations at 36th District Court which are not funded by the City, and the overall flow of money between the City and 36th District Court.

a. For each response, please state in detail the full and complete factual and legal bases for the funding. Identify any relevant case law.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:

In addition to its General Objections, the City objects to this interrogatory on the grounds that the response elicited and documents sought can be located in publicly available statutes and case law, which are equally accessible to the Objector. Further, the City objects to this interrogatory as vague, overbroad and unduly burdensome. Subject to and without waiving its objections, the City responds that the 36th District Court does not receive advance funding from the City on an annual or other established periodic basis. Instead, the City provides

funding on an ongoing basis according to the needs and requirements of the 36th District Court by directly paying its creditors. The primary exceptions to this funding scheme are the payment of salaries to the employees of the 36th District Court, which are paid directly by the City through separate payroll accounts maintained in the name of the City, and the payment of salaries to the judges of the 36th District Court, which are paid by the State of Michigan. In connection with its operations and administrative functions, the 36th District Court collects fines, revenues and other charges ("Revenues"). Upon receipt by the 36th District Court, Revenues are deposited into a bank account maintained by the 36th District Court. Thereafter, the 36th District Court disburses the funds to the City. On an annual basis, the 36th District Court provides Revenues to, among others, the City in the approximate amount of $14.5 million. The 36th District Court does not own the majority of its personal property. Instead, the City is deemed to be title holder to such property by operation of law.

3.     Please identify any identity of interests between the City of Detroit and 36th District Court, including but not limited to, evidence demonstrating an indemnity relationship between the City of Detroit and 36th District Court. For each identity listed, please state or produce:

        a.     Any evidence or documents which supporting the City of Detroit's response to this Interrogatory.

        b.     Any individuals who can testify m support of the City of Detroit's response to this Interrogatory

        c.     For each and every individual identified in response to this Interrogatory, please provide their address, phone number, and email address.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:

In addition to its General Objections, the City objects on the grounds that the response elicited and documents sought can be located in publicly available statutes and case law, which are equally accessible to the Objector. The City further objects as this interrogatory is vague, overbroad and unduly burdensome. Subject to and without waiving its objections, the City responds that it believes that there is an "identity of interest" between the 36th District Court and the City of Detroit pursuant to state statute. Section 8101 of Michigan Public Act 236 of 1961, the Revised Judicature Act, MCL § 600.101, et seq. (the "Judicature Act"), provides that the state is divided into judicial districts under the control of the Michigan Supreme Court. The Judicature Act categorizes districts into three classes. The 36th district consists solely of the City of Detroit and is a district of the third class. MCL § 600.8121a(1). The City is the district funding unit of the 36th district and, therefore, is required to appropriate funds for the operation of the 36th District Court. MCL § 600.8104; MCL § 600.8271(1). As the political subdivision solely comprising the 36th district, the City has sole responsibility for financing the 36th District Court. MCL § 600.8103(3). See also Disclosure Statement. The 36th District Court does not receive advance funding from the City on an annual or other established periodic basis. Instead, the City provides funding on an ongoing basis according to the needs and requirements of the 36th District

Court by directly paying its creditors. The primary exceptions to this funding scheme are (a) the salaries of the employees of the 36th District Court, which are paid directly by the City through separate payroll accounts maintained in the name of the City; and (b) the salaries of the judges of the 36th District Court, which are paid by the State of Michigan. In connection with its operations and administrative functions, the 36th District Court collects fines, revenues and other charges ("Revenues"). Upon receipt by the 36th District Court, Revenues are deposited into a bank account maintained by the 36th District Court. Thereafter, the 36th District Court disburses the funds to, among others, the City. On an annual basis, the 36th District Court provides Revenues to the City in the approximate amount of $14.5 million. The 36th District Court does not own the majority of its personal property. Instead, the City is deemed to be title holder to such property by operation of law.

4. Please identify any assets in which 36th District Court has contributed to the City's reorganization. For each asset listed, please state or produce:

a. Any evidence or documents which demonstrate the contribution.

b. Any individuals who can testify to the alleged contribution.

c. For each and every individual identified in response to this Interrogatory, please provide their address, phone number, and email address.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad and unduly burdensome. Subject to and without waiving its objections, the City responds that the 36th District Court has engaged in various cost savings activities that are projected to continue into the future, as well as efforts to increase the collection of revenues. These activities reduce the financial obligation of the City with respect to the 36th District Court and thus constitute contributions by the 36th District Court to the City's reorganization.

5. Please identify any information or evidence demonstrating that an injunction or stay preventing claims against 36th District Court is essential to reorganization. Additionally, any information or evidence demonstrating that reorganization hinges on the City of Detroit being free from creditors of 36th District Court. For any evidence listed, please state or produce:

a. Any evidence or documents which supporting the City of Detroit's response to this Interrogatory.

b. Any individuals who can testify m support of the City of Detroit's response to this Interrogatory.

c. For each and every individual identified in response to this Interrogatory, please provide their address, phone number, and email address.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:

In addition to its General Objections, the City objects as this interrogatory is vague, overbroad and unduly burdensome. Subject to and without waiving its objections, the City responds that the injunction with respect to claims against the 36th District Court is necessary in the Plan as it ensures that the City will not pay these unsecured claims in full while other, similar unsecured claims directly against the City are impaired. This promotes parity of recovery and impairment between unsecured claimants. Additionally, the City refers the Objector to the response to interrogatory 3. The Honorable Michael J. Talbot, Herbert Burden, Howard Shifman and/or John Hill can testify regarding the City's response to this interrogatory.

6. Please identify any provisions, information or evidence demonstrating whether any classes within the bankruptcy have accepted the City's Plan for the Adjustment of Debts of the City of Detroit or Amended Plant for the Adjustment of Debts of the City of Detroit. For any provision, information or evidence listed, please state or produce:

a. Any evidence or documents which supporting the City of Detroit's response to this Interrogatory.

b. Any individuals who can testify m support of the City of Detroit's response to this Interrogatory

c. For each and every individual identified in response to this Interrogatory, please provide their address, phone number, and email address.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:

In addition to its General Objections, the City objects as this interrogatory is vague, overly broad and unduly burdensome. Subject to and without waiving its objections, the City responds that, on April 15, 2014, the Bankruptcy Court entered an order (Dkt. 4094) approving the City's settlement and plan support agreement with the Swap Counterparties. Together, the Swap Counterparties hold all of the claims in Class 5 under the Plan. The City has also entered into the UTGO Settlement with the Holders of Claims in Class 8 under the Plan. *See* Disclosure Statement. The Plan incorporates the UTGO Settlement and contemplates that confirmation of the Plan will constitute approval of the UTGO Settlement pursuant to Bankruptcy Rule 9019. In addition, the Disclosure Statement describes settlements achieved with the Official Committee of Retirees, the Retirement Systems and the RDPFFA that will be approved in connection with confirmation of the Plan pursuant to Bankruptcy Rule 9019. *See* Disclosure Statement. These entities represent the interests of Holders of Claims in Classes 10, 11 and/or 12 under the Plan. After voting on the Plan concludes, the City will file a certification of the voting results consistent with the Bankruptcy Court's pretrial Scheduling Order, as it may be amended.

7. Please identify any provision, information or evidence demonstrating that the plan provides a mechanism to pay for all, or substantially all, of the class or classes affected by the injunction. If no such provision exists relating to this

interrogatory, please respond that no provision exists. If a provision, information or evidence exists, please state or produce:

   a.  Any evidence or documents which supporting the City of Detroit's response to this Interrogatory.

   b.  Any individuals who can testify in support of the City of Detroit's response to this Interrogatory

   c.  For each and every individual identified in response to this Interrogatory, please provide their address, phone number, and email address.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:

In addition to its General Objections, the City objects as this interrogatory is vague. Subject to and without waiving its objections, the City responds that no such provision exists.

   8.  Please identify any provision that would in the City's Amended Plan for the Adjustment of Debts of the City of Detroit, Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit, or any other document or provision which provides a mechanism to pay for all, or substantially all, of the class or classes affected by the injunction. If no such provision exists relating to this interrogatory, please respond that no provision exists. If a provision does exist or evidence does exist, please produce:

   a.  Any evidence or documents which supporting the City of Detroit's response to this Interrogatory.

   b.  Any individuals who can testify in support of the City of Detroit's response to this Interrogatory.

   c.  For each and every individual identified in response to this Interrogatory, please provide their address, phone number, and email address.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:

In addition to its General Objections, the City objects as this interrogatory is vague. Subject to and without waiving its objections, the City responds that no such provision exists in the Disclosure Statement or the Plan.

9. Please identify any provision that would in the City's Amended Plan for the Adjustment of Debts of the City of Detroit, Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit, or any other document or provision which provides an opportunity for those claimants who choose not to settle to recover in full. If no such provision exists relating to this interrogatory, please respond that no provision exists. If a provision does exist or evidence does exist, please produce:

    a. Any evidence or documents which supporting the City of Detroit's response to this Interrogatory.

    b. Any individuals who can testify in support of the City of Detroit's response to this Interrogatory

    c. For each and every individual identified in response to this Interrogatory, please provide their address, phone number, and email address.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:

In addition to its General Objections, the City objects as this interrogatory is vague, overly broad and unduly burdensome. Subject to and without waiving its objections, the City responds that there are numerous provisions of the Plan that provide that certain classes of claims are unimpaired. Technically, those classes would provide for the payment in full of claimants that "choose not to settle" with the City. For classes of claims that are impaired, the City does not understand what information the interrogatory is trying to elicit. The City directs the Objector

to the Plan and the Disclosure Statement, which describe in detail the treatment of all classes of claims.

10.    Please identify any documents or information that demonstrates the court made a record of specific factual findings that support any of the City of Detroit's conclusions regarding Interrogatories 1 through 8. If no such information exists relating to this interrogatory, please respond that no information exists. If information or evidence does exist, please produce:

a.    Any evidence or documents which supporting the City of Detroit's response to this Interrogatory.

b.    Any individuals who can testify m support of the City of Detroit's response to this Interrogatory.

c.    For each and every individual identified in response to this Interrogatory, please provide their address, phone number, and email address.

## OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:

In addition to its General Objections, the City objects as this interrogatory is vague, overly broad, unduly burdensome, premature, and requests information that is, or will be, publicly available.  Further, the City objects to the extent this Interrogatory calls for information protected by the attorney-client privilege or work product with respect to any conclusions that may have been reached regarding the subject matter of these Interrogatories.  The City is not aware of any responsive documents that exist at this time, and, in answering Interrogatories 1 through 8, the City did not refer to or rely on any documents wherein the court made a record of specific factual findings that support any of the City of Detroit's conclusions with respect to Interrogatories 1 through 8.

Dated:     May 6, 2014     Respectfully submitted,

/s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## VERIFICATION

I, Kevyn D. Orr, state that I sign and verify the foregoing Debtor's Responses to the foregoing Interrogatories on behalf of Debtor, and that I am duly authorized to do so. I verify under penalty of perjury under the laws of the United States of America that the foregoing answers are true and correct, except as to those matters as to which I lack personal knowledge. As to those matters I state that, based on the information available to me, they are true and correct to the best of my information and belief.

May 6, 2014

Kevyn D. Orr