```
                   UNITED STATES BANKRUPTCY COURT
                   EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION

 IN RE:  CITY OF DETROIT,      .    Docket No. 13-53846
         MICHIGAN,             .
                               .    Detroit, Michigan
                               .    June 26, 2014
                 Debtor.       .    1:15 p.m.
 . . . . . . . . . . . . . . . .

     EXCERPT OF HEARING RE. (#5259) STATUS CONFERENCE ON PLAN
         CONFIRMATION PROCESS (RE. FIFTH AMENDED ORDER
      ESTABLISHING PROCEDURES, DEADLINES AND HEARING DATES
       RELATING TO THE DEBTOR'S PLAN OF ADJUSTMENT.  STATUS
       HEARINGS REGARDING PLAN CONFIRMATION PROCESS; (#5285)
          CORRECTED MOTION TO QUASH SYNCORA'S SUBPOENA TO
             DEPOSE ATTORNEY GENERAL BILL SCHUETTE FILED BY
    INTERESTED PARTY BILL SCHUETTE; (#5250) MOTION OF THE
      CITY OF DETROIT FOR SITE VISIT BY COURT IN CONNECTION
     WITH THE HEARING ON CONFIRMATION OF THE CITY'S PLAN OF
         ADJUSTMENT FILED BY DEBTOR IN POSSESSION CITY OF
           DETROIT, MICHIGAN; (#5300) JOINT MOTION TO QUASH
         SUBPOENAS DUCES TECUM FILED BY INTERESTED PARTIES
          A. PAUL AND CAROL C. SCHAAP FOUNDATION, CHARLES
            STEWART MOTT FOUNDATION, COMMUNITY FOUNDATION FOR
       SOUTHEAST MICHIGAN, HUDSON-WEBBER FOUNDATION, MAX M
        AND MARJORIE S. FISHER FOUNDATION, MCGREGOR FUND,
        THE FORD FOUNDATION, THE FRED A. AND BARBARA M. ERB
       FAMILY FOUNDATION, W.K. KELLOGG FOUNDATION, WILLIAM
           DAVIDSON FOUNDATION; (#5478) MOTION OF THE GENERAL
              RETIREMENT SYSTEM OF THE CITY OF DETROIT TO
              DESIGNATE AND DETERMINE ADDITIONAL LEGAL ISSUE
             REGARDING METHODOLOGY FOR ASF RECOUPMENT FROM
             RETIREES FILED BY CREDITOR GENERAL RETIREMENT
        SYSTEM OF THE CITY OF DETROIT; (#5442) MOTION FOR
           PROTECTIVE ORDER CITY OF DETROIT'S MOTION FOR
           ENTRY OF A PROTECTIVE ORDER STRIKING SYNCORA'S
           DEMAND IN ITS RULE 30(b)(6) DEPOSITION NOTICE
      FOR THE PERSONAL FINANCIAL INFORMATION OF ALL CITY
           RETIREES FILED BY DEBTOR IN POSSESSION CITY OF
       DETROIT, MICHIGAN; (#5436) MOTION TO COMPEL FULL AND
       FAIR RESPONSES TO SYNCORA'S INTERROGATORIES FILED BY
      INTERESTED PARTIES SYNCORA CAPITAL ASSURANCE, INC.,
                      SYNCORA GUARANTEE, INC.
                        (OPINION OF THE COURT)
                BEFORE THE HONORABLE STEVEN W. RHODES
                 UNITED STATES BANKRUPTCY COURT JUDGE
```

```
APPEARANCES:

For the Debtor:        Jones Day
                       By:  HEATHER LENNOX
                       222 East 41st Street
                       New York, NY  10017
                       (212) 326-3837

                       Jones Day
                       By:  GEOFFREY IRWIN
                            GREGORY SHUMAKER
                       51 Louisiana Avenue, N.W.
                       Washington, D.C.  20001-2113
                       (202) 879-3768

                       Pepper Hamilton, LLP
                       By:  ROBERT S. HERTZBERG
                       4000 Town Center, Suite 1800
                       Southfield, MI  48075-1505
                       (248) 359-7333

For the Detroit        Clark Hill, PLC
Retirement             By:  ROBERT D. GORDON
Systems:               151 South Old Woodward Avenue, Suite 200
                       Birmingham, MI  48009
                       (248) 988-5882

For the Official       Dentons US, LLP
Committee of           By:  SAM J. ALBERTS
Retirees:              1301 K Street, NW, Suite 600, East Tower
                       Washington, DC  20005
                       (202) 408-7004

                       Dentons US, LLP
                       By:  CAROLE NEVILLE
                       1221 Avenue of the Americas, 25th Floor
                       New York, NY  10020-1089
                       (212) 632-8390

For the Detroit        Erman, Teicher, Zucker &
Fire Fighters            Freedman, P.C.
Association and        By:  BARBARA A. PATEK
the Detroit Police     400 Galleria Officentre, Suite 444
Officers Associa-      Southfield, MI 48034
tion:                  (248) 827-4100
```

```
APPEARANCES (continued):

For Detroit Retired      Lippitt O'Keefe, PLLC
City Employees           By:  RYAN C. PLECHA
Association,             370 East Maple Road, 3rd Floor
Retired Detroit          Birmingham, MI  48009
Police and Fire          (248) 723-6263
Fighters Associa-
tion, Shirley V.
Lightsey, and
Donald Taylor:

For CFSM, The            Plunkett Cooney
Davidson Founda-         By:  DOUGLAS C. BERNSTEIN
tion, The Erb            38505 Woodward Avenue, Suite 2000
Foundation, The          Bloomfield Hills, MI  48304
Fisher Foundation,       (248) 901-4091
Ford Foundation,
Hudson-Webber
Foundation, The
Kellogg Founda-
tion, McGregor
Fund, The Mott
Foundation and
The Schaap Founda-
tion:

For James Knight         Bilzin Sumberg
Foundation:              By:  MICHAEL KREITZER
                         1450 Bricknell Avenue, 23rd Floor
                         Miami, FL  33131-3456
                         (305) 374-7580

For Kresge               Winston & Strawn, LLP
Foundation:              By:  DESIREE M. RIPO
                         200 Park Avenue
                         New York, NY  10166
                         (212) 294-2622

For Syncora              Kirkland & Ellis, LLP
Holdings, Ltd.,          By:  STEPHEN C. HACKNEY
Syncora Guarantee             RYAN BENNETT
Inc., and Syncora        300 North LaSalle
Capital Assurance,       Chicago, IL  60654
Inc.:                    (312) 862-2157

For Erste                Ballard Spahr, LLP
Europaische              By:  VINCENT J. MARRIOTT, III
Pfandbrief-und           1735 Market Street, 51st Floor
Kommunalkreditbank       Philadelphia, PA  19103-7599
Aktiengesellschaft       (215) 864-8236
in Luxemburg, S.A.:
```

```
APPEARANCES (continued):

For Attorney          Michigan Department of Attorney General
General of            By:  MICHAEL MURPHY
Michigan:                  MATTHEW SCHNEIDER
                      525 W. Ottawa Street, Fl. 2
                      Lansing, MI  48933
                      (517) 373-1162

For Assured           Chadbourne & Parke, LLP
Guaranty Municipal    By:  ROBERT SCHWINGER
Corp.:                30 Rockefeller Plaza
                      New York, NY  10112
                      (212) 408-5364

For National Public   Sidley Austin, LLP
Finance Guarantee     By:  GUY NEAL
Corp.:                1501 K Street, NW
                      Washington, D.C.  20005
                      (202) 736-8041

For County of         Butzel Long, PC
Wayne, Michigan:      By:  MAX J. NEWMAN
                      Stoneridge West
                      41000 Woodward Avenue
                      Bloomfield Hills, MI  48304
                      (248) 258-2907

For County of         Young and Associates
Oakland, Michigan:    By:  JAYE QUADROZZI
                      27725 Stansbury Blvd., Suite 125
                      Farmington Hills, MI  48334
                      (248) 353-8620

For County of         Dechert, LLP
Macomb, Michigan:     By:  ALLAN S. BRILLIANT
                      1095 Avenue of the Americas
                      New York, NY  10036
                      (212) 698-3600

Court Recorder:       Kristel Trionfi
                      United States Bankruptcy Court
                      211 West Fort Street, 21st Floor
                      Detroit, MI  48226-3211
                      (313) 234-0068

Transcribed By:       Lois Garrett
                      1290 West Barnes Road
                      Leslie, MI  49251
                      (517) 676-5092
```
Proceedings recorded by electronic sound recording, transcript produced by transcription service.

126

1 - - -

2 Michigan.

3 THE COURT: All right. It appears that everyone is
4 present. Addressing first the attorney general's motion to
5 quash the subpoena that was issued to him by Syncora, the
6 Court concludes that this motion should be granted. The
7 Court concludes that the attorney general's opinion that is
8 the subject of that subpoena is for all functional purposes
9 the equivalent of a brief, and it will be given weight by the
10 Court only to the extent that the facts on which it relies
11 are established in the evidence and the law on which it
12 relies is persuasive.

13 In weighing any settlements in the case, including
14 what's been called the grand bargain here, the Court will
15 weigh the merits of the opposing facts and law and not take
16 into account the position or authority of the people who may
17 have taken positions on one side or the other of the issues.
18 So in these circumstances, there is no basis for questioning
19 the attorney general regarding his legal opinion, so that
20 motion is granted.

21 Addressing next the foundations' motion to quash the
22 subpoenas that were issued to them, the Court again concludes
23 that this motion should be granted. The Court concludes that
24 none of the 30(b)(6) subjects and none of the documents that
25 are sought from the foundations are relevant to or even

1 arguably relevant to the issues of whether the plan is
2 discriminatory or whether it is unfairly discriminatory, the
3 best interest of creditors or even the extent to which the
4 so-called grand bargain settlement protects the art of the
5 city.  Accordingly, that motion is granted.
6     Now, having said that, it was mentioned during
7 argument that Syncora is interested in information relating
8 to the foundations' ability to pay.  That is a relevant
9 subject on which the Court would allow limited discovery.  It
10 is not, however, as far as the Court could determine, a part
11 of the discovery that was, in fact, served.  The Court hopes
12 that Syncora's counsel and counsel for the several
13 foundations can work out a streamlined and efficient way for
14 Syncora to get the information it needs to evaluate this
15 issue of their ability to pay.
16     In the motion to quash the foundations' requested
17 costs, the Court will ask counsel for those foundations to
18 file a separate motion for costs if they wish to pursue that.
19     Turning now to the motion for a site visit, the
20 Court is inclined to exercise its discretion to grant that
21 motion and to go on a site inspection as requested.  The
22 Court believes it is likely that the value of such an
23 inspection would be outweighed by the effort it would take to
24 organize and execute the tour, so it will take, however,
25 further discussion and planning here in the meantime, so,

128

1  while I'm not prepared yet to enter an order granting the
2  motion, I do think it is appropriate to move the discussions
3  forward.  And so to that end, I am going to ask the creditors
4  who are objecting to the plan at this point to nominate one
5  or two of them to attend a meeting with one or two
6  representatives of the city, me, and the Marshals Office to
7  discuss and conclude the details necessary to effectuate this
8  site inspection.  And if the creditors are unable to agree
9  upon one or two representatives for that purpose, the Court
10 will identify someone for you.  So I think that's as much on
11 that motion as we can do at this point in time.
12         Turning then to the city's motion for a protective
13 order regarding the retirees' personal information, the Court
14 did state on the record earlier that it would find that
15 Syncora had withdrawn this request based on the Court's
16 ruling that the retirees' hardships was not at all relevant
17 to the issue of either unfair discrimination or fair and
18 equitable.  And just to elaborate on that a bit, as the Court
19 stated earlier, it is unaware of any case law interpreting
20 Section 1129 that holds that it is appropriate to consider
21 the relative hardships of creditors in evaluating the issues
22 under that section of the Bankruptcy Code.  And, indeed, as
23 the Court suggested in the hearing, if that door were opened
24 here and that subject were relevant here, it would literally
25 open up every single retiree as well as Syncora itself to

1  these same inquiries about hardship, assets, income,
2  financial position, and that would be an extraordinarily
3  burdensome and invasive process for all concerned.
4      Turning finally to Syncora's motion to compel
5  complete and truthful answers to the interrogatories, the
6  Court is, likewise, going to deny this motion but with a
7  finding on the record here that to the extent that any answer
8  to any of the interrogatories as to which Syncora seeks a
9  more complete answer is incomplete, it's because the city
10 doesn't know the answer.
11     Let's turn our attention finally then to the two
12 status conferences.
13                              - - -

INDEX

WITNESSES:

    None

EXHIBITS:

    None

    I certify that the foregoing is a correct transcript from the sound recording of the proceedings in the above-entitled matter.

/s/ Lois Garrett                      June 30, 2014

Lois Garrett