UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                    Chapter 9

City of Detroit, Michigan,                   No. 13-53846

            Debtor.                           Hon. Steven W. Rhodes

_____/

**SUPPLEMENTAL BRIEF IN SUPPORT OF
CORRECTED OBJECTIONS TO FOURTH AMENDED PLAN
OF ADJUSTMENT BY DETROIT POLICE OFFICERS ASSOCIATION**

The Detroit Police Officers Association (the "DPOA"), through its counsel, Erman, Teicher, Zucker & Freedman, P.C., pursuant to this Court's June 5, 2014 Order [Docket No. 5235], states as follows for its Supplemental Brief in Support of Corrected Objections to the Fourth Amended for the Adjustment of Debts of the City of Detroit (May 5, 2014) (the "Supplemental Brief"):

**INTRODUCTION**

The City opposes the Corrected Objections to Fourth Amended Plan of Adjustment by the DPOA (the "DPOA Objections") on the grounds that the DPOA confuses "the treatment of [its members'] claims with the benefits that claimants who are employees will receive from the City in the future as a result of their future employment." City Reply, ¶¶ 290-292 [Docket No. 5034]. The City's argument that those significantly less generous pension payments are not part of the treatment of active DPOA members' accrued pension benefits under the Plan is both disingenuous and meritless. The City does not attempt to address the significant disparities in

treatment provided to the settling (DPCOA and DPLSA) and non-settling (DPOA and DFFA) Public Safety Unions. Those differences include:

| **DPCOA and DPLSA TREATMENT** | **DFFA and DPOA TREATMENT** |
|---|---|
| Final Average Compensation[1] ("FAC") based on last 5 years of employment | FAC based on last 10 years of employment |
| Eligible for full retirement benefit at age 50 and 25 years of service with transition period that allows for earlier full retirement | Eligible for full retirement at age 52 with 25 years of service, no transition |
| COLA – 1% compounded, variable | COLA - none |
| DROP – available with 5 year limit | DROP – not available |
| May contribute up to 10% of after tax income to Annuity Savings Fund | No Annuity Savings Fund contributions after June 30, 2014 |
| City Contribution 12.25% of base pay (a "portion" to be contributed to rate stabilization fund) | City Contribution – 11.2% of base pay (at least 1% of which will be credited to a rate stabilization fund) |

The City's proposed treatment of accrued pension claims for Class 10 Holders of Pension Claims expressly includes how future benefits would accrue for Active Employees. See Plan, Article II, Section B.3.q. ii.E, F and G. The specified treatment specifically requires that future benefits for Active Employees accrue under the New PFRS Active Pension Plan Formula. The New PFRS Active Pension Plan Formula expressly incorporates Amended Exhibit I.a.191.b to the Plan—the very document that mandates the disparate treatment that violates 11 U.S.C. § 1123(a)(4). [Docket No. 4449]. The treatment of Class 10 claims then mandates a ten year injunction which precludes any modification of this less generous benefit. See Plan, Art. II, Section B.3. q. ii.G.

---

[1] All capitalized terms not otherwise defined herein are as defined by or as set forth in the City's Plan.

Indeed, the cornerstone of the "Grand Bargain" is the outside funding for the accrued benefit provided by the State Contribution Agreement, Plan Exhibit I.A.268, and the DIA Settlement, Plan Exhibits I.A.91 and I.A.92.[2] Exhibit I.A.91, the Principal Terms of the DIA Settlement, defines "Pensions" to include the PFRS. It also mandates that the City "adopt and maintain pension governance mechanisms that meet or exceed commonly accepted best practices reasonably satisfactory to the Funders . . . " [Docket No. 4392, p. 129]. This is a carefully drafted document which clearly includes the City and/or PFRS' governance mechanisms for future pension accruals. Furthermore, the City cannot dispute that, with the exception of the punitive, disparate treatment imposed on the DPOA and the DFFA, the New PFRS Pension Plan was designed to comply with this requirement and was part of the quid pro quo for both the State Contribution Agreement and the DIA Settlement.

In addition, the State Contribution Agreement mandates that the DPOA "actively support the Plan" and withdraw any legal challenges to it. Exhibit I.A.268. Hence, out of one side of its mouth, while the City's Reply disingenuously speaks to its efforts "to minimize the adverse impact of the pension benefit reduction on the City's current employees, whose ongoing motivation and cooperation (as well as that of the unions that represent them) is vital the City's recovery and the health, welfare and safety of its residents,." [Docket No. 5034, ¶62], the Plan seeks to force disparate and less generous future pension treatment on DPOA members, claiming that future treatment has nothing to do with their Pension Claims. To add insult to injury, the State Contribution Agreement seeks to force the DPOA and its members to "actively support the Plan," as a condition of the State Contribution, whether or not they have consented to the treatment given the future accrual of their pension benefits by the Plan. Finally, it is undisputed

---

[2] Exhibit I.A.92, the Form of DIA Settlement Documents, has not filed by the City as of this filing.

that, in order to receive their impaired and frozen accrued benefit, Active Employees who are not vested must work under the punitive terms of the New PFRS Pension Plan, or they must forego their accrued benefit in its entirety.

Based upon the extant Plan documents, the City cannot credibly claim that the Plans' mandate as to how future benefits would accrue and when the DPOA and its members can bargain to change them is unrelated to and not part of the treatment of their Class 10 Pension Claims. Surely the DIA and the Foundations would not have agreed to the DIA Settlement without some assurance as to how future pension benefits would be handled. Section 1123(a)(4) prohibits such disparate treatment, and the Plan cannot be confirmed so long as it is included.

If, for any reason, the Court is not persuaded as to the facial illegality of this treatment, and particularly in light of the still missing Plan documents, the Court, at minimum, must defer judgment on this issue until the time of confirmation.

With respect to the legality of the prospective, 10 year injunction, the DPOA joins in and relies on the DFFA's Objection [Docket No. 5034], the DFFA's Supplemental Brief [Docket No. 5702] and the DPOA Objections.

WHEREFORE, the Detroit Police Officers Association (the "DPOA") respectfully requests, for all the reasons contained herein, that this Honorable Court allow its objections and deny confirmation of the Plan in its present form.

Respectfully submitted,

ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

By: */s/ Barbara A. Patek*
    Barbara A. Patek (P34666)
    Earle I. Erman (P24296)
    Counsel for the Detroit Police Officers

       Association
       400 Galleria Officentre, Suite 444
       Southfield, MI  48034
       Telephone: (248) 827-4100
       Facsimile:  (248) 827-4106
       E-mail: bpatek@ermanteicher.com

DATED:   June 30, 2014


F:\CHAP 9\DETROIT\Plan of Adjustment\Plan Objections\supplemental brief in support of corrected objections (2).docx

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: Chapter 9

City of Detroit, Michigan, No. 13-53846

       Debtor. Hon. Steven W. Rhodes
_____/

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 30, 2014, the Supplemental Brief in Support of Corrected Objections to Fourth Amended Plan of Adjustment by Detroit Police Officers Association and Certificate of Service were electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

          ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

          By: */s/ Barbara A. Patek*
               Barbara A. Patek (P34666)
               Earle I. Erman (P24296)
               Counsel for the Detroit Police Officers Association
               400 Galleria Officentre, Suite 444
               Southfield, MI 48034
               Telephone: (248) 827-4100
               Facsimile: (248) 827-4106
               E-mail: bpatek@ermanteicher.com

DATED: June 30, 2014

F:\CHAP 9\DETROIT\Plan of Adjustment\Plan Objections\supplemental brief in support of corrected objections (2).docx