UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

                                    Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

## NOTICE OF SUBPOENAS PURSUANT TO FED. R. CIV. P. 45

Please take notice that, on the date hereof, the City of Detroit will file and serve the attached subpoenas pursuant to Federal Rule of Civil Procedure 45, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9016, on the following persons:

1. Roger Short

2. Sean Werdlow

Dated:  July 1, 2014          Respectfully submitted,

/s/ Deborah Kovsky-Apap
Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI  48075
Telephone:  (248) 359-7300
Fax:  (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

   - and -

Geoffrey S. Stewart
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001.2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

**ATTORNEYS FOR THE CITY OF DETROIT**

# UNITED STATES BANKRUPTCY COURT

<table>
<tr><td>Eastern</td><td>District of</td><td>Michigan</td></tr>
</table>

In re City of Detroit

_____
Debtor

_(Complete if issued in an adversary proceeding)_

_____
Plaintiff

v.

_____
Defendant

Case No. 13-53846

Chapter 9

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Roger Short, c/o Lane CPA, 719 Griswold Street, Suite 7100, Detroit, MI 48226

_(Name of person to whom the subpoena is directed)_

■ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Pepper Hamilton LLP, c/o Deborah Kovsky-Apap, Suite 1800, 4000 Town Center, Southfield, MI 48075 | July 8, 2014 at 10:00AM |

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 1, 2014

CLERK OF COURT

OR

_____
_Signature of Clerk or Deputy Clerk_

_A. Kovsky Apap_
_____
_Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ City of Detroit _____, who issues or requests this subpoena, are:

Deborah Kovsky-Apap, Pepper Hamilton LLP, Suite 1800, 4000 Town Center, Southfield, MI 48075; kovskyd@pepperlaw.com; (248) 359-7331

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

<u>DEFINITIONS AND INSTRUCTIONS</u>

The following definitions and instructions shall apply to the requests for production:

1.      The uniform definitions and instructions set forth in Local Civil Rules 26.2 and 26.3 of the United States District Courts for the Southern and Eastern Districts of New York are incorporated by reference.

2.      "COPs" shall mean the Certificates of Participation (also known as Pension Obligation Certificates) issued in connection with the COPs Transaction, or either of them.

3.      "COPs Transaction" shall mean each and both of the issuance of COPs in 2005 and 2006 by the Detroit Retirement Systems Funding Trust 2005 and/or the Detroit Retirement Systems Funding Trust 2006.

4.      "Detroit Retirement Systems Funding Trust 2005" shall mean the trust created and existing under Michigan law for the purpose of issuing COPs in 2005 to provide funding for unfunded accrued actuarial liabilities of the Detroit General Retirement System and the Detroit Police and Fire Retirement System.

5.      "Detroit Retirement Systems Funding Trust 2006" shall mean the trust created and existing under Michigan law for the purpose of issuing COPs in 2006 to provide funding for the refinancing of certain 2005 COPs.

6.      "Detroit General Retirement System Service Corporation" shall mean the non-profit Michigan corporation created by the City of Detroit in April 2005 for the ostensible purpose of providing financial assistance to the City of Detroit in meeting its unfunded accrued actuarial liabilities to Detroit General Retirement System.

7.       "Detroit Police and Fire Retirement System Service Corporation" shall mean the non-profit Michigan corporation created by the City of Detroit in April 2005 for the ostensible

1

purpose of providing financial assistance to the City of Detroit in meeting its unfunded accrued actuarial liabilities to Detroit Police and Fire Retirement System.

8. "Service Contracts" shall mean each and both of the May 25, 2005 and June 7, 2006 contracts entered into by the City, the Detroit General Retirement System Service Corporation, and the Detroit Police and Fire Retirement System Service Corporation in which the City promised to make a series of periodic payments to the Detroit General Retirement System Service Corporation and the Detroit Police and Fire Retirement System Service Corporation ("Service Corporations").

9. "Trust Agreements" shall mean each and both of the June 2, 2005 agreement between the Service Corporations and the Detroit Retirement Systems Funding Trust 2005 through which the right to receive payments under the Service Contracts from the Service Corporations to Detroit Retirement Systems Funding Trust 2005 and the June 12, 2006 agreement between the Service Corporations and the Detroit Retirement Systems Funding Trust 2006 through which the right to receive payments under the Service Contracts was transferred from the Service Corporations to the Detroit Retirement Systems Funding Trust 2006.

10. "Contract Administration Agreements" shall mean each and both of the June 2, 2005 and the June 12, 2006 agreements entered into by the Service Corporations, the Funding Trusts, and U.S. Bank, N.A., which govern the relationship amongst the parties to the COPs Transaction.

11. "Interest Rate Swaps" shall mean the 1992 ISDA Master Agreements (Local Currency Single Jurisdiction) between the Service Corporations and the COP Swap Counterparties, as set forth in Exhibit I.A.61 of the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, together with all ancillary and related instruments and agreements,

2

as the same may have been subsequently amended, restated, supplemented, or otherwise modified.

12.     "You" and "Your" shall mean you, and your employees, agents, officers, directors, representatives, attorneys, affiliates, associates, subsidiaries, successors or predecessor.

13.     In producing documents pursuant to these requests, you are required to furnish all documents in your possession, custody, or control, including without limitation documents possessed by your agents, attorneys, investigators, representatives, financial advisors, consultants, officers, directors, or employees.

14.     The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source.

15.     Documents are to be produced in a way that identifies the request or requests to which each document applies, or as they are maintained in the usual course of business. Documents to be produced shall be the original of all documents in the regular files as maintained, together with any documents that were clipped or attached to them, and, in addition, any originals or copies containing handwriting or other notations.  A complete and legible copy may be produced in lieu of producing the document itself.

16.     Notwithstanding a claim that a document contains privileged information or is otherwise partially immune from discovery, any such document must be produced with the portion claimed to be protected excised.

17.     Should you obtain any other documents or information which would supplement or modify the documents or information supplied by you in response to this request, you are directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such documents and information and to furnish the additional documents or information without

delay.

4

## DOCUMENT REQUESTS

1. Documents concerning the COPs Transaction, including without limitation (a) documents concerning the planning, conception, creation, consideration, implementation, issuance, or formation of the COPs Transaction; (b) any and all legal issues concerning the COPs or the COPs Transaction; (c) any and all opinions, legal or otherwise, with respect to the COPs or COPs Transaction; or (d) any efforts to obtain approvals of the COPs Transaction.

2. Documents concerning the Detroit Retirement Systems Funding Trust 2005 or the Detroit Retirement Systems Funding Trust 2006, including any documents concerning their planning, conception, creation, consideration, implementation, or formation.

3. Documents concerning the Detroit General Retirement System Service Corporation or the Detroit Police and Fire Retirement System Service Corporation, including any documents concerning their planning, conception, creation, consideration, implementation, or formation.

4. Documents concerning the Service Contracts, including any documents concerning their planning, conception, creation, consideration, drafting, implementation, negotiation, or formation.

5. Documents concerning the Trust Agreements, including any documents concerning their planning, conception, creation, consideration, drafting, implementation, negotiation, or formation.

6. Documents concerning the Contract Administration Agreements, including any documents concerning their planning, conception, creation, consideration, drafting, implementation, negotiation, or formation.

7. Documents sent by, sent to, written by or received from (a) the law firms of Lewis

& Munday, P.C., Honigman Miller Schwartz and Cohn LLP, Miller Canfield P.L.C., or Dickinson Wright PLLC, or (b) John Kamins, Allen Bass, Sean Werdlow, Freda Wang, Jeff Scruggs, Irvin Corley, or Seth Lehman.

8.      Documents received from, or sent to, anyone with respect to the COPs Transaction, including documents concerning the nomination of the COPs Transaction for consideration as (a) the 2005 National Deal of the Year, or (b) the 2005 Midwest Regional Deal of the Year.

9.      Documents concerning the selection of the COPs Transaction as the 2005 Midwest Regional Deal of the Year and as a finalist for the 2005 National Deal of the Year.

10.      Communications with Kwame Kilpatrick, or members of his administration, concerning the COPs Transaction.

# UNITED STATES BANKRUPTCY COURT

Eastern _____ District of Michigan

In re City of Detroit

_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 13-53846

Chapter 9

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Roger Short, c/o Lane CPA, 719 Griswold Street, Suite 7100, Detroit, MI 48226

*(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Westin Book Cadillac Detroit, 1114 Washington Blvd., Founders A Conference Room, Detroit, MI 48226 | July 10, 2014 at 2:00 p.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 1, 2014

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
City of Detroit _____, who issues or requests this subpoena, are:

Deborah Kovsky-Apap, Pepper Hamilton LLP, Suite 1800, 4000 Town Center, Southfield, MI 48075; kovskyd@pepperlaw.com; (248) 359-7331

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

# UNITED STATES BANKRUPTCY COURT

_____Eastern_____ District of __Michigan__

In re __City of Detroit__
_____
Debtor

_(Complete if issued in an adversary proceeding)_

_____
Plaintiff

v.

_____
Defendant

Case No. __13-53846__

Chapter __9__

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Sean Werdlow, c/o Siebert Brandford Shank & Co. LLC, 535 Griswold St., Suite 2250, Detroit, MI 48226__

_(Name of person to whom the subpoena is directed)_

☑ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: __See attached Schedule A__

| PLACE | DATE AND TIME |
|---|---|
| Pepper Hamilton LLP, c/o Deborah Kovsky-Apap, Suite 1800, 4000 Town Center, Southfield, MI 48075 | July 8, 2014 at 10:00AM |

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __July 1, 2014__

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

_A. Kovsky Apap_
_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing _(name of party)_ __City of Detroit__ , who issues or requests this subpoena, are:

Deborah Kovsky-Apap, Pepper Hamilton LLP, Suite 1800, 4000 Town Center, Southfield, MI 48075; kovskyd@pepperlaw.com; (248) 359-7331

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                                    *Server's signature*

                                                    _____
                                                                    *Printed name and title*


                                                    _____
                                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to the requests for production:

1.      The uniform definitions and instructions set forth in Local Civil Rules 26.2 and 26.3 of the United States District Courts for the Southern and Eastern Districts of New York are incorporated by reference.

2.      "COPs" shall mean the Certificates of Participation (also known as Pension Obligation Certificates) issued in connection with the COPs Transaction, or either of them.

3.      "COPs Transaction" shall mean each and both of the issuance of COPs in 2005 and 2006 by the Detroit Retirement Systems Funding Trust 2005 and/or the Detroit Retirement Systems Funding Trust 2006.

4.      "Detroit Retirement Systems Funding Trust 2005" shall mean the trust created and existing under Michigan law for the purpose of issuing COPs in 2005 to provide funding for unfunded accrued actuarial liabilities of the Detroit General Retirement System and the Detroit Police and Fire Retirement System.

5.      "Detroit Retirement Systems Funding Trust 2006" shall mean the trust created and existing under Michigan law for the purpose of issuing COPs in 2006 to provide funding for the refinancing of certain 2005 COPs.

6.      "Detroit General Retirement System Service Corporation" shall mean the non-profit Michigan corporation created by the City of Detroit in April 2005 for the ostensible purpose of providing financial assistance to the City of Detroit in meeting its unfunded accrued actuarial liabilities to Detroit General Retirement System.

7.       "Detroit Police and Fire Retirement System Service Corporation" shall mean the non-profit Michigan corporation created by the City of Detroit in April 2005 for the ostensible

1

purpose of providing financial assistance to the City of Detroit in meeting its unfunded accrued actuarial liabilities to Detroit Police and Fire Retirement System.

8.      "Service Contracts" shall mean each and both of the May 25, 2005 and June 7, 2006 contracts entered into by the City, the Detroit General Retirement System Service Corporation, and the Detroit Police and Fire Retirement System Service Corporation in which the City promised to make a series of periodic payments to the Detroit General Retirement System Service Corporation and the Detroit Police and Fire Retirement System Service Corporation ("Service Corporations").

9.      "Trust Agreements" shall mean each and both of the June 2, 2005 agreement between the Service Corporations and the Detroit Retirement Systems Funding Trust 2005 through which the right to receive payments under the Service Contracts from the Service Corporations to Detroit Retirement Systems Funding Trust 2005 and the June 12, 2006 agreement between the Service Corporations and the Detroit Retirement Systems Funding Trust 2006 through which the right to receive payments under the Service Contracts was transferred from the Service Corporations to the Detroit Retirement Systems Funding Trust 2006.

10.     "Contract Administration Agreements" shall mean each and both of the June 2, 2005 and the June 12, 2006 agreements entered into by the Service Corporations, the Funding Trusts, and U.S. Bank, N.A., which govern the relationship amongst the parties to the COPs Transaction.

11.     "Interest Rate Swaps" shall mean the 1992 ISDA Master Agreements (Local Currency Single Jurisdiction) between the Service Corporations and the COP Swap Counterparties, as set forth in Exhibit I.A.61 of the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, together with all ancillary and related instruments and agreements,

2

as the same may have been subsequently amended, restated, supplemented, or otherwise modified.

12.     "You" and "Your" shall mean you, and your employees, agents, officers, directors, representatives, attorneys, affiliates, associates, subsidiaries, successors or predecessor.

13.     In producing documents pursuant to these requests, you are required to furnish all documents in your possession, custody, or control, including without limitation documents possessed by your agents, attorneys, investigators, representatives, financial advisors, consultants, officers, directors, or employees.

14.     The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source.

15.     Documents are to be produced in a way that identifies the request or requests to which each document applies, or as they are maintained in the usual course of business. Documents to be produced shall be the original of all documents in the regular files as maintained, together with any documents that were clipped or attached to them, and, in addition, any originals or copies containing handwriting or other notations.  A complete and legible copy may be produced in lieu of producing the document itself.

16.     Notwithstanding a claim that a document contains privileged information or is otherwise partially immune from discovery, any such document must be produced with the portion claimed to be protected excised.

17.     Should you obtain any other documents or information which would supplement or modify the documents or information supplied by you in response to this request, you are directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such documents and information and to furnish the additional documents or information without

3

delay.

## DOCUMENT REQUESTS

1.      Documents concerning the COPs Transaction, including without limitation (a) documents concerning the planning, conception, creation, consideration, implementation, issuance, or formation of the COPs Transaction; (b) any and all legal issues concerning the COPs or the COPs Transaction; (c) any and all opinions, legal or otherwise, with respect to the COPs or COPs Transaction; or (d) any efforts to obtain approvals of the COPs Transaction.

2.      Documents concerning the Detroit Retirement Systems Funding Trust 2005 or the Detroit Retirement Systems Funding Trust 2006, including any documents concerning their planning, conception, creation, consideration, implementation, or formation.

3.      Documents concerning the Detroit General Retirement System Service Corporation or the Detroit Police and Fire Retirement System Service Corporation, including any documents concerning their planning, conception, creation, consideration, implementation, or formation.

4.      Documents concerning the Service Contracts, including any documents concerning their planning, conception, creation, consideration, drafting, implementation, negotiation, or formation.

5.      Documents concerning the Trust Agreements, including any documents concerning their planning, conception, creation, consideration, drafting, implementation, negotiation, or formation.

6.      Documents concerning the Contract Administration Agreements, including any documents concerning their planning, conception, creation, consideration, drafting, implementation, negotiation, or formation.

7.      Documents sent by, sent to, written by or received from (a) the law firms of Lewis

5

& Munday, P.C., Honigman Miller Schwartz and Cohn LLP, Miller Canfield P.L.C., or Dickinson Wright PLLC, or (b) John Kamins, Allen Bass, Freda Wang, Jeff Scruggs, Irvin Corley, Seth Lehman, or Roger Short.

8.      Documents received from, or sent to, anyone with respect to the COPs Transaction, including documents concerning the nomination of the COPs Transaction for consideration as (a) the 2005 National Deal of the Year, or (b) the 2005 Midwest Regional Deal of the Year.

9.      Documents concerning the selection of the COPs Transaction as the 2005 Midwest Regional Deal of the Year and as a finalist for the 2005 National Deal of the Year.

10.     Communications concerning your employment by Siebert Brandford Shank & Co., L.L.C. and its successors, including without limitation documents showing communications and negotiations about the terms of and circumstances surrounding your employment.

11.     Communications with Kwame Kilpatrick, or members of his administration, concerning the COPs Transaction.

6

# UNITED STATES BANKRUPTCY COURT

Eastern _____ District of  Michigan

In re  City of Detroit
_____
Debtor

*(Complete if issued in an adversary proceeding)*

_____

_____
Plaintiff

v.

_____
Defendant

Case No.  13-53846 _____

Chapter  9 _____

Adv. Proc. No.  _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Sean Werdlow, c/o Siebert Brandford Shank & Co. LLC, 535 Griswold Street, Suite 2250, Detroit, MI 48226
_____
*(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE | DATE AND TIME |
|---|---|
| Westin Book Cadillac Detroit, 1114 Washington Blvd., Founders A Conference Room, Detroit, MI 48226 | July 10, 2014 at 9:00 a.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  July 1, 2014 _____

CLERK OF COURT

                             OR

_____      _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
City of Detroit
_____ , who issues or requests this subpoena, are:
Deborah Kovsky-Apap, Pepper Hamilton LLP, Suite 1800, 4000 Town Center, Southfield, MI 48075; kovskyd@pepperlaw.com; (248) 359-7331

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)