## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| In re | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | **Related to Docket No. 5087** |
| | ) | |

## RESPONSE AND RESERVATION OF RIGHTS OF CERTAIN COPS HOLDERS TO THE NOTICE OF FINANCIAL GUARANTY INSURANCE COMPANY ASSERTED RIGHT TO VOTE AND MAKE ELECTIONS WITH RESPECT TO CERTAIN COP CLAIMS

The creditors and parties in interest identified in footnote 1 (collectively, the "Holders"),[1] by their undersigned attorneys, and in accordance with this Court's *Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* [D.I. 2984] (the "Solicitation Procedures Motion"), as amended by the *Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [D.I. 4202] (the "Scheduling Order"), submit this response and reservation of rights with respect to the *Notice of Financial Guaranty Insurance Company Asserted Right to Vote and*

---

[1] The creditors and parties in interest submitting this reservation of rights and statement are: Hypothekenbank Frankfurt AG; Hypothekenbank Frankfurt International S.A.; Erste Europäische Pfandbrief- und Kommunalkreditbank Aktiengesellschaft in Luxemburg S.A.; Deutsche Bank AG, London; Dexia Crédit Local; Dexia Holdings, Inc.; and Stone Lion Capital Partners L.P. on behalf of funds and accounts managed by it.

1

*Make Elections with respect to Certain COP Claims* [Dkt. No. 5087] (the "FGIC Notice").[2]  In

support thereof, the Holders respectfully state as follows:

## I.     The Fourth Amended Plan's Treatment of COPs Claims Balloting and the Voting Dispute Resolution Procedures Established by this Court.

1.      On February 19, 2014, Wilmington Trust Company National Association, as

successor Contract Administrator, and as expressly authorized by the documents governing the

COPs transactions (the "COPs Operative Documents"), filed proofs of claim that assert claims

arising from the COPs transactions, including claims held by the Holders.

2.      Under the Fourth Amended Plan, claims arising from the COPs transactions are

impaired, and have been classified in Class 9.  The Fourth Amended Plan provides COPs holders

with an option to participate in the Plan COP Settlement (the "COP Settlement Election").

Consistent with the terms of the Plan, the Class 9 Ballots are designated as the mechanism for

creditors to make the COP Settlement Election.  Class 9 Ballots were provided to both the

Holders and the insurer for certain of the COPs held by the Holders, Financial Guaranty

Insurance Corporation ("FGIC").

3.      On February 28, 2014, the City filed a *Motion to Approve Solicitation*

*Procedures* [D.I. 2789] (the "Solicitation Procedures Motion"), seeking to establish a process for

determining, among other things, whether the beneficial holders of insured instruments or the

insurers have the right to vote on any plan of adjustment filed by the City in this proceeding.

The Solicitation Procedures Motion, among other instruments, encompassed the COPs.

4.      Thereafter, counsel for the insurers, including FGIC, and the City reached an

agreement on a timeline for litigating voting rights issues.  On that same day, the Court entered

---

[2] Unless otherwise specified, defined terms have the same meanings that they were given in the *Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (May 5, 2014)* [Dkt. No.. 4392] (the "Amended Plan"), or the *Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* [Dkt. No. 4391] (the "Amended Disclosure Statement").

the Solicitation Procedures Order which established certain voting dispute resolution procedures in the event there was a dispute regarding a party's ability to vote a Claim or make an election with respect thereto. Among other things, the Solicitation Procedures Order required any insurer claiming a right to (a) vote to accept or reject a plan, or (b) make any applicable election with respect to a Claim, to file a "Notice of Asserted Right to Vote a Claim" and a brief identifying (a) the Claim (and Classes or subclasses) with respect to which such insurer asserted voting rights, (b) whether such insurer possesses the right to make any applicable election with respect to such Claim, (c) the legal and factual support for asserting such voting or election rights, and (d) the proper treatment of such insurer's votes for purposes of section 1126(c) of the Bankruptcy Code.

5.     In the event that any party disputed an insurer's Notice of Asserted Right to Vote a Claim, such party was required by the Solicitation Procedures Order to file an objection to such notice (a "Voting Rights Objection").

## II.    The FGIC Notice.

6.     FGIC timely filed the FGIC Notice asking this Court to rule that it has the exclusive right to vote to accept or reject the Fourth Amended Plan and make the COP Settlement Election (collectively, the "Voting Rights") in respect of the FGIC COP Claims (as defined in the FGIC Notice.)

7.     The Holders disagree with FGIC's position as set forth in the FGIC Notice. Nevertheless, the Holders and FGIC agree that resolution of such issues at this point is unnecessary, as no party hereto intends to vote in favor of the Fourth Amended Plan or to make the Plan COP Settlement election.

III.    **The Parties' Agreement with respect to the Fourth Amended Plan and any Comparable or Less Favorable Subsequent Plan.**

8.      FGIC and the Holders have agreed that unless they shall otherwise hereafter expressly agree in writing, with respect to all Class 9 Claims arising in connection with the FGIC Insured COPs, each shall submit ballots pursuant to which they shall (a) vote to reject the Fourth Amended Plan, or against any further amended plan that provides for substantially the same or worse economic treatment for Class 9 Claims as does the Fourth Amended Plan (a "Subsequent Plan"), and (b) not make the Plan COP Settlement election in connection with the Fourth Amended Plan or any such Subsequent Plan.

9.      Subject to and in accordance with such agreement, and to avoid unnecessary litigation, FGIC and each of the Holders will submit to the Court a joint stipulation and proposed order that provide that, for purposes of tabulation of votes and elections with respect to Class 9 Claims arising in connection with the FGIC Insured COPs, FGIC's ballot shall be the operative ballot (the "Tabulation Stipulation").

IV.     **The Parties Agreement With Respect to a Non-Stipulated Plan.**

10.     In the event that the City files either (a) a plan providing for improved economic treatment for Class 9 Claims, or (b) a plan that purports to modify the FGIC policy in a manner adverse to the Holders (either, a "Non-Stipulated Plan"), the parties have agreed to consult regarding voting and making any election (if applicable) with respect to Class 9 Claims arising in connection with the FGIC Insured COPs, but shall not be bound by to vote for or against such Non-Stipulated Plan.

Dated:  June 24, 2014.                          Respectfully submitted,


/s/ Deborah L. Fish                             /s/ Matthew G. Summers
Deborah L. Fish                                 Matthew G. Summers
ALLARD & FISH, P.C.                             BALLARD SPAHR LLP
2600 Buhl Building                              919 North Market Street, 11th Floor
535 Griswold                                    Wilmington, Delaware 19801
Detroit, MI 48226                               Tel:  (302) 252-4428
Tel:  (313) 309-3171                            Fax:  (302) 252-4466
E-mail:  dfish@allardfishpc.com                 E-mail: summersm@ballardspahr.com


-and-                                           Vincent J. Marriott, III
                                                BALLARD SPAHR LLP
Thomas Moers Mayer                              1735 Market Street, 51st Floor
Jonathan M. Wagner                              Philadelphia, Pennsylvania 19103
KRAMER LEVIN NAFTALIS                           Tel:  (215) 864-8236
& FRANKEL LLP                                   Fax:  (215) 864-9762
1177 Avenue of the Americas                     E-mail: marriott@ballardspahr.com
New York, NY 10036
Tel:  (212) 715-9169                            -and-
E-mail:  tmayer@kramerlevin.com
         jwagner@kramerlevin.com                Howard S. Sher, Esquire (P38337)
                                                JACOB & WEINGARTEN, P.C.
*Counsel for Dexia Crédit Local*                Somerset Place
*and Dexia Holdings, Inc.*                      2301 W. Big Beaver Road, Suite 777
                                                Troy, Michigan 48084
                                                Tel:  (248) 649-1200
/s/ Kenneth E. Noble                            Fax:  (248) 649-2920
Kenneth E. Noble                                E-mail:  howard@jacobweingarten.com
John J. Ramirez
KATTEN MUCHIN ROSENMAN LLP                      *Counsel for Hypothekenbank Frankfurt AG,*
575 Madison Avenue                              *Hypothekenbank Frankfurt International S.A.,*
New York, NY 10022-2585                         *and Erste Europäische Pfandbrief- und*
Tel:  (212) 715-9393                            *Kommunalkreditbank Aktiengesellschaft in*
E-mail:  Kenneth.noble@kattenlaw.com            *Luxemburg S.A.*
         john.ramirez@kattenlaw.com

*Counsel for Deutsche Bank AG, London*

*Stone Lion Capital Partners L.P. on behalf of*
*funds and accounts managed by it*


By: */s/ Claudia L. Borg*_____
     Claudia L. Borg
     Stone Lion Capital Partners L.P.
     General Counsel and Chief Compliance
     Officer
     555 Fifth Avenue, 18th Floor
     New York, New York 10017
     Phone: 212 843-1225
     Email: cborg@stonelioncapital.com

## CERTIFICATE OF SERVICE

I, Matthew G. Summers, state that on July 1, 2014, I filed a copy of the foregoing **RESPONSE AND RESERVATION OF RIGHTS OF CERTAIN COPS HOLDERS TO THE NOTICE OF FINANCIAL GUARANTY INSURANCE COMPANY ASSERTED RIGHT TO VOTE AND MAKE ELECTIONS WITH RESPECT TO CERTAIN COP CLAIMS** with the Clerk of Court using the Court's ECF system and I hereby certify that the Court's ECF system has served all registered users that have appeared in the above-captioned case. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

*/s/ Matthew G. Summers*
Matthew G. Summers
E-mail: summersm@ballardspahr.com

7