B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Michigan

In re: City of Detroit, Michigan
Debtor

Case No. 13-53846-SWR

Chapter 9

*(Complete if issued in an adversary proceeding)*

Plaintiff
v.

Adv. Proc. No. _____

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Lee Donner, First Southwest Company
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A.

| PLACE | DATE AND TIME |
|---|---|
| FirstSouthwest Company<br>505 West 5th Street, Suite 280<br>Clifton, Texas 76634 | July 8, 2014 at 9:00 AM |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 2, 2014

CLERK OF COURT

OR

_____          /s/ Robert A. Schwinger
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Assured Guaranty Municipal Corp., who issues or requests this subpoena, are:
Robert A. Schwinger, 30 Rockefeller Plaza, New York, NY 10112, rschwinger@chadbourne.com, 212-408-5100

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A TO SUBPOENA DUCES TECUM

## DEFINITIONS

1. The term the "You" or "Your" mean the deponent and the company by which the deponent is employed.

2. "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents and things" in Federal Rule of Civil Procedure 34, including e-mail, electronic documents and files, and all forms of electronically-stored information ("ESI"). A draft or nonidentical copy or copy with marginalia of any kind is a separate document within the meaning of this term. The term Document includes all Communications that are not purely oral.

3. "Communication" means the transmittal of information, whether oral, written, video, audio, or electronic form and whether face to face, in a meeting, by telephone, by mail, by personal delivery, or otherwise, and includes the transmittal of information to or from third parties.

4. The term "Disclosure Statement" refers to the Amended Disclosure Statement with Respect to the Amended Plan for the Adjustment of Debts of the City of Detroit [ECF No. 4391], and as may be amended, supplemented, or modified from time to time, including all exhibits and schedules thereto.

1

5. The term "Plan" refers to the Amended Plan for the Adjustment of Debts of the City of Detroit [ECF No. 4392, and as may be amended, supplemented, or modified from time to time, including any exhibits thereto and the Plan Supplement, which is incorporated by reference and made part of the Plan.

6. The term the "City" mean the Debtor, the City of Detroit, Michigan, or any other persons or entities acting or purporting to act for or on its behalf or at its direction, including, but not limited to, Emergency Manager Kevyn Orr and his advisors.

7. The term "Systems" means either or both of the City's Water System and the City's Sewage Disposal System.

8. The term "DWSD Transaction" means any transaction encompassed by the defined term "DWSD Transaction" as used in the Plan and Disclosure Statement, as well as any other potential transaction involving a transfer of any of the functions or assets of the Systems, that is being, or was, or will be, considered or proposed by the City or by any potential transferee of the functions or assets of the Systems or by any potential participant in such a transaction.

9. The term "GLWA" means the proposed Great Lakes Water Authority referred to in the Plan (or as set forth in any proposal for such an authority made by any potential participant therein), or any transferee of the functions or assets of the Systems, in whole or in part.

10. The term "Underwriting RFP" means the "Request for Proposal for Underwriting Services" circulated by the Michigan Department of Treasury and Michigan Finance Authority on behalf of the City on March 12, 2014.

11. The term "DWSD RFI" means the City's Request for Information for Potential Operators of Detroit Water and Sewage Disposal Systems for Detroit Water and Sewerage Department, issued by the City of Detroit, Kevyn D. Orr, Emergency Manager (March 25, 2014).

12. The term "New DWSD Issuance" means any new sewage disposal system revenue bonds referenced in Emergency Manager Order No. 22 "Order Ratifying and Approving Resolution of the Board of Water Commissioners Authorizing Publication of Note of Intent to Issue Sewage Disposal System Revenue Bonds" issued by Emergency Manager Kevyn D. Orr on January 30, 2014.

13. The terms "concerning," "relating to," and "referring to" are synonymous for the purposes of these Requests, and mean reflecting, describing, evidencing, constituting, containing, alluding to, germane to, mentioning, analyzing, setting forth, summarizing, characterizing, contradicting, incorporating, affecting, including or otherwise pertaining—either directly or indirectly—to the subject matter of the inquiry.

3

14. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

15. The terms "including," "include" or "includes" mean "including, but not limited to." The terms "each," "any," and "all" shall be construed to mean "each and every."

16. The use of the singular form of a noun includes the plural form, and vice versa.

17. Capitalized terms not defined herein shall have the meaning ascribed to them in the Disclosure Statement and the Plan.

## INSTRUCTIONS

1. Each Request extends to all Documents in Your possession, custody, or control or in the possession, custody, or control of anyone acting on Your behalf or at Your direction. A Document is to be deemed in Your possession, custody, or control if it is in Your physical custody, or if it is in the physical custody of any person and You (i) owns such Document in whole or in part; (ii) have a right, by contract, statute, ordinance, resolution or otherwise to use, inspect, examine, or copy such Document on any terms; (iii) have an understanding, express or implied, that You may use, inspect, examine, or copy such Document on any terms; or (iv) have, as a practical matter, been able to use, inspect, examine or copy such Document when Your sought to do so.

2. The response to each Request shall state, with respect to each item or category, that production will be made or inspection will be permitted as requested, unless there is a reasonable and good faith objection to the Request, in which event the reason(s) for objection shall be stated. If an objection is made to part of a Request, the part shall be specified; Documents responsive to the remainder of the Request shall be produced. Any such objection shall not extend the time to respond to any other Request.

3. If the location of any requested Document is known but the Document is not produced on the ground that the Document is not in Your possession, custody, or control, You shall identify the Document and identify the person believed to have possession, custody, or control of the Document.

4. The response shall expressly indicate if there are no responsive Documents.

5. All Documents shall be produced in their entirety without redaction and shall include all attachments and enclosures. The response shall specify whether the Documents (or particular portions thereof) are being produced in the manner they are kept in the usual course of business or organized and labeled to correspond with the Requests. Documents shall be produced in accordance with the Technical Instructions for Producing Requested Documents appended hereto.

6. With respect to any Documents withheld on a claim of attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection, the response shall provide, for each such Document withheld, an express statement of the asserted privilege that includes the following information: (i) the applicable date; (ii) the identity of the author(s), including their business or legal title(s) or position(s); (iii) the identity of the recipient(s), including their business or legal title(s) or position(s); the subject matter of the Document; (iv) the identity of all other persons who received copies; (iv) the specific factual basis of the claimed privilege or other protection from discovery; and (v) any other information that may be necessary to enable other parties to assess the claim of attorney-client privilege, attorney work product doctrine, or any other claimed privilege or protection as per Rule 26(b)(6) of the Federal Rules of Civil Procedure.

7. These Requests shall be deemed continuing in nature to the extent permitted by Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1. All Documents relating to any anticipated bond issues or financing on behalf of the Systems, including financial analysis, cash flow projections, structuring detail, credit enhancement provided, financing team contact information, timeline of issuance and estimated interest rates.

2. All Documents relating to the GLWA, or any DWSD Transaction referenced in the Disclosure Statement, or to any previously proposed DWSD Transaction referenced in earlier version(s) of the Disclosure Statement, including all Documents related to:

    a. Communications with Macomb, Oakland, Wayne, St. Clair, Genesee, Washtenaw, or Monroe Counties, the State of Michigan, or any other County or entity (public or private), including Documents reflecting any meetings or negotiations with the above entities, or that were provided to or received from such entities;

    b. A potential public-private partnership as an alternative to any DWSD Transaction, including all Communications regarding the DWSD RFI;

    c. Any pro forma financial statements of GLWA;

    d. Any analysis of the economic gains/losses expected to be achieved/incurred, including any pro forma projection of any changes to bond debt service relating to the Systems;

    e. All rate studies, including rate study comparisons with other systems;

    f. Sizing of and analytical support for any lease payments or proposed lease payments to be made by GLWA, including the determination and calculation of such lease payments;

g. Communications regarding any lease payments or proposed lease payments to be made by GLWA;

h. The stretch-out reduction in the DWSD's labor force from approximately 1,700 to 1,000 through 2012, including the potential impact on wholesale contract renewals;

i. Any feasibility assessments of GLWA;

j. The benefits or burdens of entering any DWSD Transaction, including any studies, analyses or reports;

k. The consideration of or decision about whether to enter any DWSD Transaction;

l. The consideration of or decision about how to structure the GLWA or any DWSD Transaction;

m. Any Payment in Lieu of Taxes (PILOT) programs;

n. Any requests for proposal regarding financing for the Systems;

o. The fees, expenses and costs of all professionals incurred or that will be incurred in connection with any DWSD Transaction; and

p. Any analysis of projected or anticipated cost savings.

3. All Documents relating to the impact of any DWSD Transaction on the value of the DWSD Bonds or the insurers of such bonds.

4. All Documents relating to the City's consideration of a private party purchase, public-private partnership, lease or operation and management of the Systems, including information provided to potential purchasers or investors.

5. All Documents relating to the DWSD RFI, including all responses thereto.

6. All Documents relating to proposals, analyses, studies or reports related to the restructuring of the Systems, whether implemented, considered or proposed, including the costs of such restructuring and any actual or projected savings.

7. Documents sufficient to show the City's credit rating(s) for the DWSD Bonds from January 1, 2005 to the present.

8. All Documents relating to the New DWSD Bonds, the New DWSD Revolving Bonds, the New Existing Rate DWSD Bonds, the New Existing Rate GLWA Bonds, the New GLWA Bonds, the New GLWA Revolving Bonds, and any other bond relating to the Systems proposed or otherwise referenced in the Plan, including all Documents relating to:

   a. The determination and calculation of interest rates set forth in the

b. Interest Rate Reset Chart attached as Exhibit I.A.168 to the Disclosure Statement, including the basis for changes made to the rates referenced in the corresponding exhibit in earlier versions of the Disclosure Statement;

c. The City's proposed modification or elimination of the "no-call" provisions in the DWSD Water and Sewer Bonds;

d. The City's proposed amendment of the definition of "operations and maintenance expenses" to include, inter alia, the amount of any lease payment payable to the City's General Fund;

e. Procuring or obtaining any public ratings for such bonds;

f. Whether "holders of New Securities may encounter limited market acceptance of City credit upon any attempt to sell City debt obligations, making sales at or near par potentially difficult" as stated in the Disclosure Statement;

g. The tax exempt status of interest payments on such bonds; and

h. Procuring or obtaining municipal bond insurance for such bonds.

9. All Documents relating to the impact of the New DWSD Bonds, the New Existing Rate DWSD Bonds, the New Existing Rate GLWA Bonds, the New GLWA Bonds, the New GLWA Revolving Bonds, and any other bond relating to the Systems proposed or otherwise referenced in the Plan on the value of the DWSD Bonds or the insurers of such bonds.

10. All Documents relating to the New DWSD Issuance.

11. All Documents relating to the Underwriting RFP, including all responses thereto.