# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

------------------------------------------- x

|  |  |  |
|---|---|---|
| In re | : | Chapter 9 |
|  | : |  |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 |
|  | : |  |
| Debtor. | : | Hon. Steven W. Rhodes |

------------------------------------------- x

## DEBTOR CITY OF DETROIT'S OBJECTION AND BRIEF IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION OF PROOF OF CLAIMS ## 2638, 2651, 2659, 2676, 2683, 2689, AND 2692

The City of Detroit ("City"), by its undersigned counsel, files this Objection and Brief in Opposition to Motion for Class Certification of Proof of Claims ## 2638, 2651, 2659, 2676, 2683, 2689, and 2692 ("Motion") filed by Hyde Park Cooperative; Plymouth Square Ltd. Housing Association; Cambridge Tower Assoc., Ltd. Div. H.A.; Millender Center Associates L.P; Village Center Assoc. Dvd. H.A.; Fenimore Limited Div. Housing Assoc.; and Bowin Place Associates Ltd. Div. H.A. (collectively, the "Movants"). In support of this Objection, the City respectfully states as follows:

## I. Introduction

In addition to being untimely, the Motion is substantively deficient. Its allegations largely consist of recitations of Rule 23, or worse, statements which are false based upon prior rulings in the underlying putative class action lawsuit. The

only evidence provided in support of the Motion is a conclusory affidavit sworn by the Movants' counsel which offers no support to the allegations of the Motion beyond that required by Bankruptcy Rule 9011. This falls far short of Rule 23's exacting requirements.

Moreover, prior to the filing of this Objection, the City communicated to the Movants that it would agree to the request in the Motion that the lawsuit continue in state court. This would include resolution of the pending motion in state court for class certification and the liquidation of the claims. Somewhat inexplicably, however, the Movants could not take "yes" for an answer and rejected the offer.

## II.     Background

### A.     The Lawsuit

The Movants are parties to a lawsuit that is pending in the Wayne County Circuit Court ("Circuit Court"), Case No. 10-006587 ("Lawsuit"), arising from alleged overcharging relating to the City's building inspection fees. On June 8, 2010, the Movants filed a motion for class certification with the Circuit Court. Motion, Exhibit B. Prior to ruling on the motion for class certification, the Circuit Court granted the City's motion for summary disposition and denied the Movant's motion for summary disposition.

The Movants appealed the decision, and on July 24, 2012, the Michigan Court of Appeals affirmed the Circuit Court in part and reversed in part, remanding

22492647.7\022765-00202

the case on the issue of whether the fees assessed were reasonable. The Court of Appeals also held, albeit in a footnote, that the Movants would not be entitled to money damages because the Housing Law of Michigan, MCL 125.401, *et seq.*, does not authorize a private cause of action against a municipality for damages. Motion, Exhibit C at 5-6. The Movants then filed an application for leave to appeal with the Michigan Supreme Court. Motion, Exhibit D. On April 26, 2013, the Michigan Supreme Court vacated the footnote regarding the Movant's entitlement to money damages because it held that the issue was neither properly before the Court of Appeals nor necessary to its decision. *Id.* In all other respects, the motion for leave to appeal was denied. *Id.*

On July 15, 2013, the Movants filed a motion seeking a new scheduling order and leave to file a second amended complaint with the Circuit Court. Motion, Exhibit A. Among other things, the second amended complaint seeks to add a claim under the Headlee amendment to the Michigan Constitution. Prior to a ruling on the motion, the City filed this Chapter 9 case.

### B.    The Proofs of Claim

On November 21, 2013, this Court entered an order ("Bar Date Order") establishing February 21, 2014, as the General Bar Date for unsecured claims in the City's bankruptcy case and the Movants received notice of this order. [Doc. No. 1782]. Each Movant filed a separate proof of claim in the City's bankruptcy

case on or around February 21, 2014.  Each of the Movants' proofs of claim asserts a similar $5 million unsecured claim.  Each also contains an affidavit by the Movant's state court attorney, notarized by the Movant's bankruptcy court attorney, attesting to the fact that the claim amount is based on the damages alleged in the Lawsuit, and asserting that the proof of claim is a class action proof of claim. As of the date the proofs of claim were filed, however, the Movants had not sought Bankruptcy Court approval for the latter assertion.

The City objected to each proof of claim on May 15.  [Doc. Nos. 4881 & 4886].  In response, the Movants asserted, as noted above, that their claims should be liquidated in state court.  [See ¶ 5B in Doc. Nos. 5340 & 5394].  Over a month after the objections were filed and nearly four months after the General Bar Date, the Movants filed the Motion.

## III.  Argument

### A.  The Motion Was Untimely

Bankruptcy Rule 7023 provides that Rule 23 of the Federal Rules of Civil Procedure, which governs class actions, applies in adversary proceedings.  Absent an order of the court, however, Bankruptcy Rule 9014 provides that only certain provisions of Part VII of the Bankruptcy Rules are applicable in contested matters. Bankruptcy Rule 7023 is not included in the list applicable by default.  As a result, a claimant who desires to file a class claim must first seek a court order permitting

the filing, or else the claim is subject to disallowance. *See Reid v. White Motor Corp.*, 886 F.2d 1462, 1470-71 (6th Cir. 1989) (affirming the bankruptcy court's disallowance of a class proof of claim where the claimant failed to "confirm his representative capacity to represent a class;…to identify the class he purportedly represented; and…to timely petition the bankruptcy court to apply the provisions of Rules 9014 and 7023"); *In re CommonPoint Mortgage Co.*, 283 B.R. 469, 475-76 (Bankr. W.D. Mich. 2002) ("[F]or a class proof of claim to proceed, the class claimants must timely request that the bankruptcy court apply the provisions of Bankruptcy Rules 9014 and 7023 and certify the class . . . .") (citing *Reid*).

A request for class certification must be balanced against the upholding of the Court's prior orders, including the setting of the General Bar Date.  Allowing class certification after the General Bar Date has passed effectively extends the bar date for a select group of creditors who did not timely file claims on their own and disrupts the orderly progression of the bankruptcy case.  *Scoggin v. Adam Aircraft Indus., Inc.(In re Adam Aircraft Indus., Inc.)*, Adv. Proc. No. 08-1366 MER, 2009 WL 2100929 at *5-9 (Bankr. D. Colo. March 20, 2009) (unpub) (copy attached as Ex. 1).

*Adam Aircraft Industries* is particularly instructive.   In *Adam Aircraft Industries*, as here, a creditor filed proofs of claim on the last possible day, purportedly on behalf of himself and similarly situated creditors.  *Id.* at *2.  The

22492647.7\022765-00202
13-53846-tjt   Doc 5787   Filed 07/07/14   Entered 07/07/14 18:19:37   Page 5 of 31

*Adam Aircraft Industries* creditor also filed a motion for class certification on the same day the claims were filed, unlike here, where Movants filed their Motion months later. *Id.*

To resolve the motion, the *Adam Aircraft Industries* court undertook an extensive review of prior case law, including the Sixth Circuit *Reid* case. *Id.* at *5-9. The court's analysis revealed that class certification of a proof of claim may be appropriate if (1) a motion for certification is filed early enough to be resolved prior to the claims bar date; (2) a class was certified prior to bankruptcy, or (3) the represented class of creditors may not have received notice of the case or bar date. *See id.* at *7-9. If none of these conditions are present, granting certification after the bar date has passed only undermines the orderly progression of the case at the expense of other creditors. *Id.* at *8-9. Thus, while it is true that "Rule 9014 establishes no deadline for filing a Rule 7023 motion," neither is it a "license to procrastinate." *Id.* at *9 (quoting *In re Computer Learning Ctrs., Inc.*, 344 B.R. 79, 89 (Bankr. E.D. Va. 2006). If a creditor knows it will seek class certification in a bankruptcy case, it should file a request for certification promptly so as not to disrupt the bankruptcy case unduly. *See id.* at *8-9.

Applying this logic to the certification motion, the *Adams Aircraft Industries* court found that the purported class of creditors had received sufficient notice of

the case to file individual proofs of claim.[1]  The court concluded that they had "already been afforded one bite at the claims apple" and that the petitioning creditor had "not demonstrated a reason why they should receive a second."  *Id.* at *9.  The court exercised its discretion and declined certification.  *Id.* at *10.

Here, as in *Adams Aircraft Industries*, the Movants filed their proofs of claim on the last day possible, claiming class action status.  As of the date the claims were filed, however, the Movants had not been granted class action status by this Court or any other.  Unlike the *Adam Aircraft Industries* creditor, the Movants did not move for class certification at the time of filing, allowing months to pass and filing only now, shortly before confirmation hearings are scheduled to start.  The Movants do not (and cannot) credibly claim ignorance or excuse—they first requested class action status two years ago in the state court.  In fact, the Movants offer no explanation at all for their failure to timely seek and obtain class certification given that they had, at the very least, several months between notice of the Bar Date Order and the General Bar Date.

Since the Movants offer no compelling reason for the Court to give these creditors a second bite at the claims apple, and since they failed to timely ask the

---

[1] The Trustee admitted that 42 specific employees did not receive proper notice, but agreed to provide notice and an opportunity for them to file timely—albeit individual—proofs of claim.  *Id.* at *9 n.27.

Court to apply the provisions of Bankruptcy Rules 7023 and 9014 to their claims, their untimely request should now be denied.

**B.  The Movants Have Not Met Their Burden for Class Action Certification.**

Even if this Court were to find that the Motion was timely, it must still be denied because the Movants have not met their burden under Rule 23.  The party seeking class certification bears the burden of proof of proving compliance with Rule 23.  *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996).  Federal Rule of Civil Procedure 23(a) provides four prerequisites for all class actions:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).  In addition to satisfying these four requirements, the plaintiff must also demonstrate that the proposed class falls within at least one of the subcategories of Fed. R. Civ. P. 23(b).

Rule 23 does not set forth a mere pleading standard.  *Wal-Mart Stores, Inc., v. Dukes*, 131 S. Ct. 2541, 2551 (2011).  Instead, a party seeking class certification must affirmatively demonstrate compliance with Rule 23.  *Id.*

The Sixth Circuit has stated:

> Mere repetition of the language of Rule 23(a) is not sufficient. There must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled. Maintainability may be determined by the court on the basis of the pleadings, if sufficient facts are set forth, but ordinarily the determination should be predicated on more information than the pleadings will provide.... The parties should be afforded an opportunity to present evidence on the maintainability of the class action.

*Am. Med. Sys., Inc.*, 75 F.3d at 1079 (*quoting Weathers v. Peters Realty Corp., 499 F.2d 1197, 1200 (6th Cir. 1974)*). Thus, "sometimes it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Wal-Mart Stores*, 131 S. Ct. at 2551 (*quoting General Tel. Co. v. Falcon, 457 U.S. 147, 160 (1982)*). Class certification is proper only if the "trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.*; *see also Stout v. Byrider*, 228 F.3d 709, 716 (6th Cir. 2000). "Frequently, that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Id.* Actual, not presumed, conformance with Rule 23(a) remains indispensable. *Id.*

Despite this high standard, the Movants do little more than recite the requirements of Rule 23. In fact, the only evidence provided by the Movants is an affidavit signed by their counsel which merely states that the allegations in the Motion are true to the best of his knowledge. This is no more than is required by

Bankruptcy Rule 9011. To show that they meet the numerosity requirement of Rule 23(b)(3), Movants baldly state that "a class action will be superior to other available methods of adjudication," without explaining why. Motion, ¶ 6I. They further recite various provisions of Rule 23(b) without factual backing, as if simply reciting the rule satisfies the rule. Motion, ¶¶ 6I-M. More is required to demonstrate compliance with Rule 23.

### 1. Numerosity

To prove numerosity, the Plaintiffs must demonstrate that the putative class is "so numerous that joinder of all the members is impracticable." Fed. R. Civ. P. 23(a)(1); *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005). "[I]mpracticability of joinder must be positively shown, and cannot be speculative." *Id.* at 965-66 (*quoting McGree v. East Ohio Gas Co.*, 200 F.R.D. 382, 389 (S.D. Ohio 2001) (quotation and citations omitted)).

In *Golden*, plaintiff filed an equal protection claim regarding the city of Columbus's denial of water services to tenants whose predecessors left behind delinquent water accounts. *Id.* at 966. The plaintiff sought to certify a class consisting of tenants whose water service would be terminated because of a landlord or prior tenants' indebtedness. *Id.* As proof of impracticability of joinder, the plaintiff relied on the figure of 150,000 persons – the total number of renters in Columbus. *Id.* The trial court denied the plaintiff's motion for certification

finding that the plaintiff's reliance on "such an unrefined measure as the total tenant population in Columbus [was] too speculative for purposes of the numerosity requirement" because the subject law only applied to persons whose predecessors left a delinquent water bill and not all 150,000 persons would fall into that category. *Id.* The court reasoned that the 150,000 figure was probative in a "very limited sense" in that it only represented the absolute maximum number of plaintiffs that could be in any class action brought by a tenant against the City. *Id.* The Court of Appeals affirmed the trial court's denial of the plaintiff's motion for class certification finding that the numerosity requirement was not met.

Here, as in *Golden*, the Movant fails to satisfy the numerosity requirement. The Motion baldly asserts that "this class is in excess of 100 members." Motion ¶ 6.B. Further, the motion for class certification filed in the state court suffers from the same infirmities alleging only that the class could "range in the thousands." Motion, Exhibit B at 3. This does not amount to a positive showing of numerosity. Instead, the Movants' assertions are purely speculative and wither under the light of the "rigorous analysis" needed to prove numerosity.

### 2. No Commonality or Typicality

The Movants have also failed to satisfy the commonality and typicality requirements in Rule 23(a)(2) and (3). The language of Rule 23(a)(2) is easy to misread since "[a]ny competently crafted class complaint literally raises common

'questions.'" *Wal-Mart Stores*, 131 S.Ct. at 2551. Although commonality requires a plaintiff to demonstrate that the class members have suffered the same injury, it does not "mean merely that they have all suffered a violation of the same provision of a law." *Id.* Instead, the claims must depend on a common contention of such a nature that it is "capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

No commonality or typicality exists here. To begin with, the Movants have not offered any evidence to support the allegations of commonality of typicality. In fact, one of the two common questions alleged by the Movants in the Motion–whether the charging of any fee is an unlawful act–was litigated in the Circuit Court and resolved against the Movants, affirmed by the Court of Appeals, and leave for further appeal has been denied. A question which has already been resolved against the Movants—namely, the legality of charging the fee itself—cannot be the basis of commonality or typicality for Rule 23.

The proposed second amended complaint further cements the lack of commonality or typicality. In essence, the Movants allege that the fees charged by the City were not reasonable or proportionate because these fees do not take into account the unique aspects of each individual dwelling including, "horizontal square footage," "vertical square footage," "the number of units available for

occupancy contained in given set of square footage," the number of inspectors involved, exterior versus interior inspections, and the time an inspector spends on each individual dwelling. Motion, Exhibit A ¶¶ 9, 18-20. These individualized criteria do not give rise to common questions of law or fact because even if proven true, they will not resolve the validity of the Plaintiff's central contention–that the fees were unreasonable and not proportionate for all multi-family residential dwellings. Thus, the Movants have failed to satisfy both Rules 23(b) and (c).

### 3. The Movants' Fail to Comply with Rule 23(b)

The Movants merely recite various provisions of Rule 23(b) without factual backing, as if simply reciting the rule satisfies the rule. Motion, ¶¶ 6I-M. This certainly does not satisfy the "rigorous analysis" required for class certification.

### C. The Motion is Unnecessary, as the City Has Acceded to the Movants' Request for Relief from the Automatic Stay and Resolution of the Class Certification Motion Pending in State Court

If this Court were to find that the Motion was timely, the City is prepared to agree to the request in the Motion[2] that the stay be lifted to permit the Circuit Court to hear the pending class certification motion and to liquidate the claims. The City previously offered this relief to the Movants but that offer was rejected. When this

---

[2] The Movants state in their Motion that "[t]he Creditors have requested the City to Lift the Automatic Stay and remand to the Wayne County Circuit Court, but to date the City has not responded and has ignored this reasonable request." Motion, ¶ 2E.

Court was confronted with a similar class action lawsuit question in this bankruptcy case, however, it concluded that the claims resolution process in the bankruptcy case was not well suited to deal with class action claims and ordered that the lawsuit proceed in the court in which it was filed.[3] There is no reason to waste this Court's resources on liquidating the Movants' claims when the Circuit Court, with ample experience in the matter, stands ready to do so, the Movants have requested that the Circuit Court be allowed to do so, and the City previously granted consent. Thus, if this Court were to find that the Motion was timely, it should exercise its discretion in the same manner here and leave the issue of class certification to the Circuit Court.

## IV. Conclusion

For the reasons stated above, the City respectfully requests that this Court enter an order denying the Motion.

---

[3] *See* Order For Relief From The Automatic Stay to Allow Class Action to Proceed [Doc No. 2223].

Dated: July 7, 2014

Respectfully submitted,

By: /s/Timothy A. Fusco
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
Timothy A. Fusco (P13768)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**



United States Bankruptcy Court,
D. Colorado.
In re ADAM AIRCRAFT INDUSTRIES, INC.,
EIN: 16–1643299, Debtor.
Robert Scoggin, on behalf of himself and all others
similarly situated, Plaintiff,
v.
Adam Aircraft Industries, Inc., Defendant.

Bankruptcy No. 08–11751 MER.
Adversary No. 08–1366 MER.
March 20, 2009.

F. Brittin Clayton, III, Isaacson Rosenbaum P.C.,
Denver, CO, for Plaintiff.

Theodore J. Hartl, Denver, CO, for Defendant.

**ORDER**

MICHAEL E. ROMERO, U.S. Bankruptcy Judge.

**\*1** THIS MATTER comes before the Court on
the following claim objection and motion in the un-
derlying bankruptcy case and motions filed in the
above-captioned adversary proceeding: FN1

> FN1. This Order shall be docketed in both
> the underlying case, 08–11751–MER, and
> the adversary proceeding,
> 08–01366–MER.

1. 08–11751–MER: Trustee's Objection to Claim
Number 292 (Class Proof of Claim) (Docket #
376) (the "Claim Objection") and Scoggin's Re-
sponse (Docket # 405).

2. 08–11751–MER: Robert Scoggin's Motion
Pursuant to F.R.B.P. 9014 Seeking Application of
F.R.B.P. 7023 to Claim Number 292 (Class Proof
of Claim) (Docket # 406) (the "Rule 7023 Mo-
tion"), the Objection filed by the Trustee (Docket
# 408), and the Reply filed by Scoggin (Docket #
414).

3. 08–01366–MER: Robert Scoggin's Motion for
Class Certification and Other Relief (Docket #
12) (the "Class Certification Motion"), the Objec-
tion filed by the Trustee (Docket # 17), and the
Reply filed by Scoggin (Docket # 25).

4. 08–01366–MER: Trustee's Motion for Sum-
mary Judgment (Docket # 18) (the "Summary
Judgment Motion"), the Opposition filed by
Scoggin (Docket # 28), the Reply filed by the
Trustee (Docket # 31), the Trustee's Notice of
Supplemental Authority (Docket # 39), and Scog-
gin's Response (Docket # 40).

5. 08–01366–MER: Trustee's Motion to Stay Dis-
covery Pending Class Certification and Summary
Judgment (Docket # 20) (the "Motion to Stay"),
the Opposition filed by Scoggin (Docket # 23),
and this Court's orders dated August 19, 2008
(Docket # 29) and September 29, 2008 (Docket #
35).

Having considered the pleadings, relevant case
law, the Stipulated Facts and Exhibits
("Stipulation") FN2 and oral arguments of the
parties, the Court hereby makes the following find-
ings of fact and conclusions of law.

> FN2. 08–01366–MER, Docket # 34.

**JURISDICTION**

The Court has jurisdiction over this matter pur-
suant to 28 U.S.C. §§ 1334(a) and (b) and 157(a)
and (b). This is a core proceeding under 28 U.S.C.
§§ 157(b)(2)(A) and (B) as it is a matter concerning
the administration of the estate and the allowance
or disallowance of claims against the estate.

**BACKGROUND FACTS**

Adam Aircraft Industries, Inc. (the "Debtor")
filed its voluntary Chapter 7 petition on February
15, 2008.FN3 Jeffrey A. Weinman serves as the
Chapter 7 Trustee (the "Trustee") for the Debtor's
estate.FN4

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

FN3. *Stipulation* ¶ 2.

FN4. *Stipulation* ¶ 4.

The Debtor maintained and operated its corporate headquarters at 12876 East Adam Aircraft Circle, Englewood, Colorado.FN5 Shortly before the petition date, the Debtor terminated all of its employees .FN6 Robert Scoggin ("Scoggin") was an employee of the Debtor until his termination on February 11, 2008.FN7 The Debtor's Schedule E includes unsecured, priority claims of employees divided into two categories: (A) Wages, Salaries and Commissions—Vacation and Severance, totaling $41,297.62 and (B) Contributions to Employee Benefit Plans—Health Reimbursement Accounts (HRAs) (Company Contributions), Medical Flex and Dependent Care Flex (Individual Contributions), totaling $349,015.99.FN8

FN5. *Stipulation* ¶ 1.

FN6. *Stipulation* ¶ 3.

FN7. *Stipulation* ¶ 5. The parties have stipulated to the admission of a letter from the Debtor to Scoggin, dated February 11, 2008, "*Re: Notification Under the Workers Adjustment and Retraining Notification "WARN Act.*"

FN8. *See* Trustee's Exhibit A and B. *See also* Schedule E, 08–11751–MER, Docket # 59.

On March 25, 2008, the Trustee filed a Notice of Possible Dividends setting June 30, 2008, as the last date to file a proof of claim in the case (the "Bar Date").FN9 The certificate of service from the Bankruptcy Noticing Center shows the Notice of Possible Dividends was served on 1,697 parties. FN10 According to the Trustee, "[a]t least 804 former employees were listed in the Debtor's statements and schedules and received actual notice of the claims bar date." FN11

FN9. *See* Trustee's Exhibit C. *See also*

FN10. *See* Trustee's Exhibit C. *See also* 08–11751–MER, Docket # 149.

FN11. *See* 08–11751–MER, Docket # 376 (Claim Objection, ¶ 10).

**\*2** On the Bar Date, Scoggin, on behalf of himself and all similarly situated class members, filed Proof of Claim # 292 in the amount of $11,180,000 (the "Class POC"). Scoggin checked the boxes on the form claiming priority under 11 U.S.C. § 507(a) FN12 for "wages, salaries, or commissions earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business" and "contributions to an employee benefit plan." The basis for the proof of claim was alleged violations of the Worker Adjustment and Retraining Act, 29 U.S.C. § 2101, *et seq.* (the "WARN Act"). A three-page document asserting WARN Act remedies was attached to the Class POC.

FN12. Unless otherwise specified, all future statutory references in the text are to Title 11 of the United States Code.

The claims register in this case indicates 330 claims have been filed. According to the Trustee's review of the claims register, 42 former employees filed proofs of claim, with only Scoggin asserting a claim for alleged violations of the WARN Act. FN13

FN13. *See* 08–11751–MER, Docket # 376 (Claim Objection, ¶ 15).

On May 9, 2008, prior to filing the Class POC, Scoggin commenced Adversary Proceeding No. 08–01355 MER (the "Adversary Proceeding") by filing a Complaint against the Debtor (the "Class Complaint"). The Class Complaint seeks to recover from the Debtor 60 days' wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits for Scoggin and approximately 800 similarly situated employees as administrative

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

expenses under § 503(b) pursuant to the WARN Act.

The Class Certification Motion, filed June 30, 2008,[FN14] seeks certification of the adversary proceeding as a "Class Action," designation of Scoggin as the "Class Representative," and appointment of Isaacson Rosenbaum, P.C. and Outten & Golden, LLP as "Class Counsel." Moreover, the Class Certification Motion requests a first priority administrative expense claim pursuant to § 503(b)(1)(A) for Scoggin and the other similarly situated former employes for the first $10,950 of the WARN Act claims, and an allowed administrative-expense priority claim under § 503 for the reasonable attorneys' fees, costs and disbursements incurred by Scoggin and the proposed class in prosecuting the action.

> FN14. *See* 08–01366–MER, Docket # 12. It should be noted the Class Certification Motion was also filed on the Bar Date.

The Trustee filed an Answer to the Class Complaint in the Adversary Proceeding (the "Answer") and his Claim Objection in the underlying case. In his Answer, the Trustee argues Scoggin fails to satisfy the requirements for class certification.[FN15] In his Claim Objection in the underlying case, the Trustee asserts FED.R.CIV.P. 23 does not apply automatically to a class proof of claim. Alternatively, the Trustee argues even if FED.R.CIV.P. 23 applies, Scoggin cannot sustain his burden of demonstrating a class action is necessary or appropriate in this Chapter 7 case. The Trustee also objects to any request for an administrative expense for all or part of the Class POC.

> FN15. Both the Trustee's Answer and Motion for Summary Judgment (docket # 18) also raise issues of Scoggin's right to sue, the Debtor's capacity to be sued, and the applicability of the WARN Act. However, for the reasons set forth herein, those issues cannot be resolved at this time.

On August 25, 2008, Scoggin filed the Rule 7023 Motion.[FN16] In that Motion, Scoggin requests the Court apply FED. R. BANKR.P. 7023, and thus FED.R.CIV.P. 23, to the Class POC matter.

> FN16. *See* 08–11751–MER, Docket # 406.

## DISCUSSION

**\*3** Although the matters before the Court raise a plethora of interrelated issues concerning the effect of bankruptcy on asserted class action proceedings, the various motions request different relief. The Court will therefore address the matters in turn.

**I. *The Claim Objection and the Rule 7023 Motion in the Underlying Case.***

**A. The Class POC and Objection.**

Scoggin asserts class claims are proper in a bankruptcy even when the proposed class members have not filed individual proofs of claim. The Trustee disagrees and opposes allowance of a class proof of claim.

**1. Authority For Class Proofs of Claim.**

*a. Statutory Authority.*

Chapter 5 of the Bankruptcy Code governs creditors and claims in a bankruptcy case. Specifically, § 501 governs the filing of proofs of claims and interests and § 502 covers allowance of claims or interests. Neither section discusses the concept of a class proof of claim.

The Federal Rules of Bankruptcy Procedure are similarly silent.[FN17] Rule 3001(b) states: "[a] proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 or 3005."[FN18] There is no evidence in this case showing Scoggin is the authorized agent of any of the members of the proposed class. Rule 3001(e) provides if a claim is transferred before a proof of claim is filed, only the transferee or an indenture trustee may file a proof of claim. Here,

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

there has been no showing any of the putative class members transferred their claims to Scoggin. In addition, Rule 3002 simply indicates a proof of claim may be filed by an unsecured creditor, an equity security holder, or governmental unit. Thus, no specific authority allowing class proofs of claim appears in the primary Bankruptcy Code sections and Bankruptcy Rules governing proofs of claim. The Court must therefore examine case law.

> FN17. Specific provisions in the Federal Rules of Bankruptcy Procedure shall hereinafter be noted as "Rule ____."

> FN18. Rule 3004 allows the debtor or trustee to file a proof of claim on behalf of a creditor if the creditor does not **timely** file a proof of claim. Rule 3005 applies to a guarantor, surety, indorser or other codebtor. Rules 3004 and 3005 therefore are not applicable in this case.

*b. Tenth Circuit Case Law.*

The salient cases from the courts of the Tenth Circuit addressing class proofs of claim are *Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.),* 839 F.2d 1383 (10th Cir.1987), *Jones v. Amdura Corporation (In re Amdura),* 170 B.R. 445 (D.Colo.1994), and *In re Woodmoor Corp.,* 4 B.R. 186 (Bankr.D.Colo.1980). A review of these cases indicates the Tenth Circuit courts have not reached a definitive resolution or consensus as to the propriety of class proofs of claim.

In *Woodmoor,* approximately 900 individuals who had purchased real property from the debtor (a real estate development company) filed individual proofs of claim against the debtor based on its failure to provide certain promised amenities. The individual claimants requested class certification, designation of class representatives and allowance of their claims. FN19 In her discussion, Judge Patricia A. Clark identified three ways claims are resolved in bankruptcy: (1) a creditor may choose not to file a claim; (2) a creditor may file a claim and it may be allowed if there are no objections; and (3) a

creditor may file a claim to which an objection is raised, and the court will allow, disallow, or modify the claim. *Woodmoor,* 4 B.R. at 192. She went on to explain:

> FN19. An important factual difference between the case at hand and *Woodmoor* is all 900 claimants in *Woodmoor* filed their own proofs of claim and then sought certification as a class. *Woodmoor,* 4 B.R. at 194.

**\*4** As to the first situation, in order to be entitled to a *pro rata* distribution in bankruptcy, a claim must be proved and filed as provided for by Rules 301–304 [now Rules 3001–3004]. 3 Collier on Bankruptcy, ¶ 57.14(1), p. 228.... To allow some members of the putative class to file claims on behalf of all members of the class and to allow participation of all as a result thereof would conflict with the statutory scheme of the Bankruptcy Act. Each claimant must prove and file his own claim and a class action cannot be maintained to circumvent that requirement. *In re Society of the Divine Savior,* 15 F.RServ.2d 294 (E.D.Wis.1971).
*Id.* Applying Judge Clark's analysis to the instant case, each of the 800 former employees of Adam Aircraft would have to file an individual proof of claim, and receive an objection by the Trustee, before "a class of claimants could conceivably be meaningful." *Id.*

In *Sheftelman,* Mr. Sheftelman, a bondholder, filed a proof of claim on his own behalf and on behalf of other bondholders. The bankruptcy court made findings regarding notice to the unscheduled bondholders, dismissed Mr. Sheftleman's individual claim as a sanction for failing to appear at a deposition and hearing, and further held the filing of a class proof of claim was not permitted under the Bankruptcy Reform Act of 1978. *Sheftelman,* 839 F.2d at 1385–1386. On appeal, the district court affirmed the bankruptcy court's sanction and the findings regarding notice, but declined to address the class proof of claim issue. *Id., at* 1386. The Tenth

Page 5

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

Circuit Court of Appeals initially affirmed the bankruptcy court's finding a class proof of claim was prohibited. *Sheftelman v. Standard Metals Corp. ( In re Standard Metals Corp.),* 817 F.2d 625, 629 (10th Cir.1987). However, on rehearing the Tenth Circuit found it did not need to address the class proof of claim because of the notice issues. *Sheftelman,* 839 F.2d at 1387. Thus, while the facts in *Sheftelman* are similar to those of the instant case in that only one proof of claim was filed on behalf of all of the purported class members, the issue was not clearly and definitively decided.

In *Amdura,* a class proof of claim was filed by four creditors on behalf of themselves and other purchasers of securities of the debtor. However, in *Amdura* the proposed class had previously been certified as a class in a district court lawsuit against the debtor and its officers and directors. The debtor objected to the class proof of claim, asserting there was no authority for such a proof of claim and each creditor must file an individual proof of claim. Relying on *Sheftelman,* the bankruptcy court held class proofs of claim were not allowed in bankruptcy. *In re Amdura Corp .,* 130 B.R. 575, 577 (Bankr.D.Colo.1991). On appeal, Judge John Kane of the District Court found the proof of claim discussion in Sheftelman to be mere dicta and thus not binding authority. *Amdura,* 170 B.R. at 448. Additionally, Judge Kane noted at the time the class proof of claim was filed in *Amdura,* the proposed class had already been certified as a class in the district court litigation. *Id.* He further found the list of those authorized to file a proof of claim in § 501 is not exclusive, and thus ruled a class proof of claim may be filed in bankruptcy, stating:

**\*5** Bankruptcy Rule 3001(b) allows a proof of claim to be executed by "the creditor or the creditor's authorized agent." Applying the *Yamasaki* FN20 presumption, "creditor" would include a creditor in his capacity as class representative. Alternatively, applying the rationale of *American Reserve,* 840 F.2d at 493,FN21 a putative representative becomes the "authorized agent" if the

bankruptcy judge has certified a class and the original filing by the representative becomes effective for the whole class. FN22 *Id.* Therefore, "there may be class proofs of claims in bankruptcy." *Id.*

> FN20. *Califano v. Yamasaki,* 442 U.S. 682, 700 (1979).

> FN21. *In re American Reserve Corp.,* 840 F.2d 487, 493–94 (7th Cir.1988).

> FN22. The facts in this alternative rationale were not before the court in *Amdura* as there was already a class certified prior to the bankruptcy filing. Thus, the Court finds it to be dicta contradicting other, more persuasive authority.

*Id.,* at 450. However, despite these findings, Judge Kane remanded the case to the bankruptcy court to decide whether to exercise its discretion to apply Rule 7023 to the contested proof of claim proceeding.FN23 *Id.*

> FN23. Judge Kane also found "the bankruptcy court was not clearly erroneous in finding the content of the bar date notice reasonably advised interested parties of the bankruptcy proceedings and afforded them the opportunity to file a claim." *Amdura,* 170 B.R. at 453.

> > While "the purpose of the notice requirement is to advise individuals who will be affected by the outcome of any proceeding of the impending hearing so that they can take steps to safeguard their interests ... [it] is not necessarily intended to advise them of the nature of those interests." *In re Penn Cent. Transp. Co.,* 771 F.2d 762, 768 (3d Cir.), *cert. denied,* 474 U.S. 1033, 106 S.Ct. 596, 88 L.Ed.2d 576 (1985).

> > *Id.,* at 452.

Page 6

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

#### c. Case Law Outside the Tenth Circuit.

Courts outside the Tenth Circuit also have addressed class claims and class adversary proceedings, some in the context of WARN Act claims. FN24 FN25 The Court has reviewed these cases and finds persuasive the analysis set forth in the late 1980's by the Sixth and Seventh Circuits, and more recently discussed by bankruptcy courts in Pennsylvania, Virginia, and South Carolina.

FN24. To support his position that class claims are proper in bankruptcy court, even when the proposed class members have not filed individual proofs of claim, Scoggin directs the Court to *Birting Fisheries, Inc. v. Lane (In re Birting Fisheries, Inc.),* 92 F.3d 939 (9th Cir.1996); *Reid v. White Motor Corp.,* **886 F. 2d 1462 ( 6th Cir. 1989**); *In re Charter Company,* 876 F.2d 866 (11th Cir.1989); *In re American Reserve Corp.,* 840 F.2d 487 (7th Cir.1988); *In re First Alliance Mortgage Corp.,* 269 B.R. 428 (C.D.Cal.2001); *In re First Alliance Mortgage Corp.,* 269 B.R. 428 (C.D.Cal.2001); *In re Zenith Laboratories, Inc.,* 104 B.R. 659 (D.N.J.1989); *In re Quantegy, Inc.,* 343 B.R. 689 (Bankr.M.D.Ala.2006); *In re Spring Ford Industries, Inc.,* 2004 WL 231010 (Bankr.E.D.Pa., January 20, 2004); *In re Kaiser Group Int'l, Inc.,* 278 B.R. 58 (Bankr.Del.2002), *In re United Companies Financial Corporation,* 277 B.R. 596 (Bankr.D.Del.2002); *In re First Interregional Equity Corp.,* 227 B.R. 358 (Bankr.D.N.J.1998); and *Traux & Hovey, Ltd. v. Grosso (In re Grosso),* 9 B.R. 815 (Bankr.N.D.N.Y.1981). By contrast, in arguing individual claims or class certification are necessary before a class claim is appropriate, the Trustee relies on *In re Sacred Heart Hospital,* 177 B.R. 16 (Bankr.E.D.Pa.1995); *Bailey et. al. v. Jamesway Corporation (In re Jamesway Corporation, et. al.),* 1997 WL 327105 (Bankr.S.D.N.Y.1997); *In re Computer Learning Centers, Inc.,* 344 B.R. 79 (Bankr.E.D.Va.2006); and *In re Musicland Holding Corp.,* 362 B.R. 644 (Bankr.S.D.N.Y.2007).

FN25. In addition, after oral arguments in the case at hand, two additional decisions on the subject were rendered. In *Burgio and Thompson v. In re Protected Vehicles, Inc., ( In re Protected Vehicles, Inc.),* 397 B.R. 339 (Bankr.D.S.C.2008), the Court granted the plaintiffs' motion for class certification in an adversary proceeding, but limited the class to those former employees who had **timely** filed individual proofs of claim, rather than the proposed class of 300 former employees. The court based its decision to limit the class on a review of Rules 3003 and 3004, noting there was no authority for a class proof of claim "absent a prior determination that a class claim may be filed." The court also observed, "to open the class to all employees, without regard to the **timely** filing of a proof of claim by each employee, would render proof of claim deadlines in bankruptcy cases meaningless." *Protected Vehicles,* 397 B.R. at 347. In the most recent case on the subject, *In re Bill Heard Enterprises, Inc.,* 2009 WL 162460 (Bankr.N.D.Ala., January 12, 2009) class certification was granted, but only included those creditors who filed a **timely** proof of claim in the underlying case.

The Seventh Circuit outlined what has become the majority view in *In re American Reserve Corp.,* 840 F.2d 487 at 492–494. In that case, the Court ruled a bankruptcy court could, in its discretion and pursuant to Rule 9014, apply Rule 7023, and hence FED.R.CIV.P. 23, to allow class proofs of claim. The Court discussed the efficiency and fairness goals of both bankruptcy proceedings and class action proceedings. FN26 The court noted a putative

Page 7

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

class comprised of very small claims might have little chance of meaningful recovery, and concluded class proofs of claim on behalf of such groups would likely be rejected by a bankruptcy court. *American Reserve,* 840 F.2d at 492. However,

> FN26. Specifically, the Court concluded:
>
> > The principal function of bankruptcy law is to determine and implement in a single collective proceeding the entitlements of all concerned.... When there is not enough to go around, the bankruptcy judge must establish priorities and apportion assets among creditors with the same priority, but the starting point is legal entitlements that exist outside of bankruptcy....
> >
> > Class actions have procedural and substantive advantages. Procedurally, the class action concentrates litigation in a single forum, where it may be resolved more readily than a series of suits could be.... The bankruptcy forum, as a mandatory collective proceeding, serves this purpose without the overlay of the class action. Substantively, the class action permits the aggregation and litigation of many small claims that otherwise would lie dormant. At least in principle, the class action provides compensation that cannot be achieved in any other way; although the costs of litigation may consume much of the benefit, the device still serves a deterrent function by ensuring that wrongdoers bear the costs of their activities.
> >
> > *American Reserve,* 840 F.2d at 489 (citations omitted).

Suits for larger stakes, based on sound legal theories, may hold out substantial prospects of compensation or deterrence without unduly complicating or delaying the case. Our benchmark—that

bankruptcy courts exist to marshal assets and make awards justified by nonbankruptcy entitlements—calls for employing the class device in such cases. *Id.*

The next year, the Sixth Circuit set forth a useful "roadmap" for evaluating class claim issues in *Reid v. White Motor Corporation,* 886 F. 2d 1462 ( 6th Cir. 1989). In *Reid,* a Michigan state court had granted class certification to a group of the debtor's former employees approximately three years prior to the bankruptcy filing. After the bankruptcy filing, the state court action was dismissed. Several months thereafter, the attorney for the state court class filed a proof of claim on behalf of the class. The estate's liquidating trustee objected to the claim. The bankruptcy court held in favor of the trustee, finding class proofs of claim were disfavored in bankruptcy, and could not be used to evade the requirement of filing individual proofs of claim. The district court affirmed. *Reid,* 886 F. 2d at 1463– 1465.

**\*6** On appeal, the Sixth Circuit adopted the *American Reserve* approach as "the more equitable resolution" to the class proof of claim issue. *Reid,* 886 F. 2d at 1469. The Court found "... Rule 9014 authorizes bankruptcy judges, within their discretion, to invoke Rule 7023, and thereby FED.R.CIV.P. 23, the ' class action rule,' to ' any stage' in contested matters, including, [ sic] class proofs of claim." *Id.,* at 1469– 1470. In addition, the Court agreed with *American Reserve* finding § 501's list of potential claims filers is not exclusive. *Id.,* at 1470.

In a case involving WARN Act claims, the Bankruptcy Court for the Eastern District of Pennsylvania held a class proof of claim could be filed in certain narrow circumstances, but declined to find such circumstances existed in the case before it. *In re Sacred Heart Hospital of Norristown,* 177 B.R. 16, 18 (Bankr.E.D.Pa.1995). The Court stated:

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

The situation where a class has been certified pre-petition by a nonbankruptcy court and the representative files a claim on behalf of a class of parties the adequacy of the representation of whose interests is uncertain, or where a class action has been filed a considerable time pre-petition and allowed to proceed as a class action in a nonbankruptcy forum, are the best candidates for such treatment....

[E]ven if the foregoing requirements are met, the bankruptcy court must weigh the issue of whether it is appropriate to give the class members what may amount to an additional opportunity to meet an otherwise applicable bar date....

Id., 177 B.R. at 22.

More recently, the Bankruptcy Court for the District of South Carolina found:

Bankruptcy courts have allowed class proofs of claim when the bankruptcy judge elects to incorporate FED.R.CIV.P. 23 (through FED. R. BANKR.P. 7023 and FED. R. BANKR.P. 9014) to the claims adjudication process. Wilson v. Valley Elec. Membership Corp., 141 B.R. 309, 311 (E.D.La.1992) (citing In re American Reserve Corp., 840 F.2d 487, 488 (7th Cir.1988)). Bankruptcy Rule 9014, which applies to "**a contested matter in a case ... not otherwise governed by these rules**" allows a bankruptcy judge to exercise discretion to apply other adversary proceeding rules to contested matters stating that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." ... The filing of proofs of claim or interest is restricted to creditors, indenture trustees, and equity security holders and, in limited circumstances, to debtors and trustees. See FED. R. BANKR.P. 3003, 3004. This Court does not read the rules as permitting the filing of claims by one creditor for other creditors, absent a prior determination that a class claim may be filed. In re Computer Learning Centers, Inc., 344 B.R. 79, 87 (Bankr.E.D.Va.2006); **Reid v. White**

Motor Corp., 886 F. 2d 1462, 1470– 1471 ( 6th Cir. 1989); In re GAC Corp. ( Novak v. Callahan), 681 F.2d 1295, 1299 (11th Cir.1982)

**\*7** In re Protected Vehicles, Inc. 397 B.R. at 346–347.

Based on the reasoning in the cases cited above, this Court finds it may allow a class proof of claim to be filed if it determines, in its discretion, Rule 7023 should apply. FED.R.CIV.P. 23 governs class actions and is made applicable to bankruptcy adversary proceedings by Rule 7023, but the filing of a proof of claim does not create an adversary proceeding. However, although Rule 7023 does not appear in the adversary rules that "shall apply to contested matters" under Rule 9014, "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." FED. R. BANKR.P. 9014(c). Thus, this Court has the discretion to evaluate the application of Rule 7023 to the contested Class POC With this in mind, the Court will examine the Rule 7023 Motion.

**B. The Rule 7023 Motion.**

In the Rule 7023 Motion, Scoggin notes the filing of the Adversary Proceeding, and sets forth the Class Complaint's allegations the Debtor violated the WARN Act rights of approximately 800 of its employees. Scoggin alleges the class certification requirements contained in FED.R.CIV.P. 23 have been met, and argues the Court should exercise its discretion to apply the rule to the Claim Objection.

As best expressed by a Virginia Bankruptcy Court:

[T]here are two steps in the class proof of claim process. Two decisions must be made: (1) Whether Rule 7023 should be made applicable to the proof of claim; and (2) whether a class should be certified under Rule 23. A decision favorable to the class on one step is not sufficient. Application of Rule 7023 to the proof of claim does not assure that the putative class will be certified or

Page 9

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

that the movant will be designated the class representative. Conversely, anticipated certification by the bankruptcy court or pre-petition certification by another court does not assure that Rule 7023 will be made applicable to the proof of claim.

*In re Computer Learning Centers, Inc.,* 344 B.R. 79, 86 (Bankr.E.D.Va.2006). Accordingly, this Court must not only decide whether to apply Rule 7023, but also whether the class should be certified. "There may be good reasons to consider the issues together in some cases, but they remain separate decisions." *Id.,* 344 B.R. at 86 n. 9. Thus, the analysis as to whether the Class POC may proceed in this bankruptcy case is two-fold. First, the Court must decide, in its discretion, whether to apply Rule 7023 to Scoggin's Class POC. Second, if the Court applies Rule 7023 to the Class POC, the Court then must determine whether the factors under FED.R.CIV.P. 23(a) and (b) have been met.

The case law provides useful guidance regarding the exercise of the Court's discretion in applying Rule 7023. For example, the *Reid* Court determined a bankruptcy court had not abused its discretion in disallowing a class proof of claim because the claimants' purported representative had not complied with the necessary procedures under Rule 7023. Specifically, he had not confirmed his representative capacity to represent the class, he had not identified the class, and he had failed to file a **timely** motion requesting the bankruptcy court to apply Rules 9014 and 7023. *Reid,* **at 1470– 1471**. The prior class certification in the state court did not remove these requirements, since consent to being a member of a class or a representative of a class " 'in one piece of litigation is not tantamount to blanket consent to any litigation the class counsel may wish to pursue.' " *Reid,* **at 1471 – 1472** (quoting *In re Standard Metals Corp.,* 817 F.2d 625, 621 (10th Cir.1987)).

**\*8** The *Sacred Heart* Court pointed out a previously-certified class would have already received notice regarding the proposed class certification,

and the class representatives would already have been found to meet the requirements of FED.R.CIV.P. 23. *Sacred Heart,* 177 B.R. at 22. Further, the Court stated even where a class was certified prepetition, a class proof of claim might confuse and interfere with the bankruptcy court's individual notice to creditors setting a bar date for proofs of claim. This could require extension of the bar date for possible class claimants, raising due process concerns with respect to non-class members. *Sacred Heart,* 177 B.R. at 22–23. Finally, the Court made the following observations regarding the timing of a class claim or a motion for class certification:

> Timing is also significant. The most propitious time for filing a motion for class recognition is before a bar date is established, since the bar date is effectively uprooted in part by an extension of the bar date for a favored class of creditors. It is clearly disruptive to the formulation of a plan to frustrate a debtor's logical assumptions regarding the amounts of total claims by compelling the debtor to alter or extend an established bar date. It is regretful enough if this disruption occurs as a result of a debtor's belated enlightenment regarding a previously unknowable or unknown claim, or an error by the debtor in providing notice. Thus, clearly, a mere dispensation requested by a creditor or group of creditors is not a basis to justify such disruption.

*Sacred Heart,* 177 B.R. at 23.

In addition, although it dealt with the application of Rule 7023 to an adversary proceeding rather than a contested matter, the Court in *Bailey et al. v. Jamesway Corporation (In re Jamesway Corporation, et. al.),* 1997 WL 327105 (Bankr.S.D. N.Y. June 12, 1997) (not reported in B.R.) provides useful guidance as to when Rule 7023 should apply:

> [T]here are two instances in which courts grant class certification motions. The first is when the class has been certified pre-petition. The second is when notice of the case or bar date is inad-

Page 10

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

equate or where unnamed class members are in large part "unknown creditors."

*Jamesway* at *5 (*citing, inter alia, Reid and Sacred Heart* ). Regarding the matter before it, the Jamesway Court went on to find the claims bar date "critically important" to the administration of the case, as it enables parties to identify claimants against the estate, together with the amount of such claims, with reasonable promptness. *Id.,* at *9–10 ( *citing First Fidelity Bank, N.A. v. Hooker Investments, Inc. (In re Hooker Investments, Inc.),* 937 F.2d 833, 840 (2nd Cir.1991)). The Court then declined to certify the class finding such a certification would "effectively extend the bar date to those employees who have not **timely** filed WARN Act claims herein, or moved to extend their time to file them, without a showing of excusable neglect" in contradiction to the requirements of Rule 9006(b)(1) and *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 389 (1993). *Id.,* at *10.

**\*9** More recently, the *Computer Learning* Court also discussed the importance of timing in the question of whether to apply Rule 7023:

Rule 9014 establishes no deadline for filing a Rule 7023 motion. In fact, it provides that "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." This is not, however, license to procrastinate. A Rule 7023 motion should be filed as soon as practicable and should be denied if it comes so late as to prejudice any party. Early application of Rule 7023 solves the logical problem of filing a class proof of claim before Rule 7023 is made applicable to the prospective class proof of claim and furthers the policy of an orderly and expeditious administration of the bankruptcy estate. See Bankruptcy Code § 704(1) ("The trustee shall ... close such estate as expeditiously as is compatible with the best interests of parties in interest."). This can only be accomplished by **timely** filing of proofs of claim. See Bankruptcy Code §§ 501(b), 501(c), 726(a)(2) and 726(a)(3)

and Rules 3002(c), 3003(c) and 3004. A bar date for filing proofs of claim is important to the orderly administration of the case and prevents delays in the distribution of funds to creditors.

*Computer Learning,* 344 B.R. at 89. The Court went on to note "Rule 7023 itself requires that the class certification decision be made 'at an early practicable time.' " *Computer Learning,* 344 B.R. at 89 n. 13.

The Bankruptcy Court for the Southern District of New York, relying on its previous decisions in this area, found the proponent of a class proof of claim must (1) file a motion to extend Rule 7023 to a contested matter; (2) meet the requirements of FED. R. CIV. P . 23; and (3) show consistency between the goals of bankruptcy and the benefits of a class claim. *In re Musicland Holding Corp.,* 362 B.R. 644, 651 (Bankr.S.D.N.Y.2007). The Court further held class claimants could move for certification before an objection was raised to the class proof of claim, partly to prevent the debtor or other parties adverse to the proposed class from waiting to file an objection until late in the case, then arguing the class claim would delay the proceedings. *Id.,* at 651 (*citing Computer Learning,* 344 B.R. at 87). Evaluating the certification motion before it, the Court declined to certify the class because the pending plan of reorganization would result in some return to the movants, while prosecution of the class claim would likely result in no return. *Id.,* at 653–654. In addition, allowance of the class certification would effectively extend the claims bar date even though the movants had previously received individual notice of that date, and would unreasonably delay the proceedings. *Id.,* at 656.

Based on the above discussion of relevant case law, the Court finds there are circumstances under which a class proof of claim is authorized by the Code and Rules. However, those circumstances are limited. The facts of this case do not persuade the Court to apply Rule 7023 to the contested Class POC. Herein, the bar date was properly noticed and has passed. Only 42 former employees filed indi-

Page 11

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

vidual proofs of claim, with only Scoggin asserting WARN Act damages. FN27 As noted above in its discussion of *Computer Learning, Sacred Heart* and *Jamesway,* the Court also recognizes as a factor in its decision the timing concern expressed by the Bankruptcy Court for the District of South Carolina, "Further to open the class to all employees, without regard to the **timely** filing of a proof of claim by each employee, would render proof of claim deadlines in bankruptcy cases meaningless." *Protected Vehicles,* 397 B.R. at 347. In the case at bar, the employees have already been afforded one bite at the claims apple, and Scoggin has not demonstrated a reason why they should receive a second.

FN27. The Trustee has acknowledged that 42 of the Debtor's prior employees were not scheduled and did not receive proper notice of the bar date. The Trustee is not opposed to providing notice and an opportunity to file an individual proof of claim to those 42 former employees.

**\*10** Moreover, although there was no prior litigation or class certification regarding the WARN Act claims against Adam Aircraft, partly because the employees were laid off just days or weeks prior to the bankruptcy filing, there is no showing Scoggin is acting under any authority for the other former employees. Indeed, there in no evidence showing he has attempted to contact them at all.

Finally, with respect to notice, approximately 804 former employees received notice of the bar date. The Court finds the claims process fairly and properly gave the former employees the opportunity to file a proof of claim and participate in the Debtor's bankruptcy proceeding. As for timing, the adversary proceeding was commenced on May 9, 2008, but Scoggin's Motion for Class Certification and the Class POC were not filed until the last day to file proofs of claim, June 30, 2008. Scoggin did not request the Court apply Rule 7023 to the Class POC until August 25, 2008. For all these reasons, the Court declines to do so.

Having determined the circumstances of this case do not warrant application of Rule 7023 to Scoggin's Class POC, the Court need not make a determination as to whether the factors under FED.R.CIV.P. 23(a) and (b) have been satisfied in the context of the Class POC. FN28

FN28. In addition, because the Court determines the Class POC to be inappropriate in any event, it is not necessary to decide whether class certification must be obtained before a class can file a proof of claim, or, as in this case, whether the class proof of claim may be asserted before or at the same time as the motion for class certification.

## II. *The Motions in the Adversary Proceeding.*

### A. The Class Certification Motion.

The Class Certification Motion asserts the Debtor's employees, the putative class, were terminated without cause on February 11, 2008, without receiving the notice required by the WARN Act. The Motion further states WARN Act issues are particularly suited to class actions.

FED.R.CIV.P. 23 provides in pertinent part:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions. A class action may be

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 12

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

maintained if Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

(B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

**\*11** (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;

(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

FED.R.CIV.P. 23(a)-(b).

With respect to FED.R.CIV.P. 23(a), Scoggin first notes the Adversary Proceeding asserted claims on behalf of the terminated employees, who were too numerous to make their joinder as individual plaintiffs practical. He argues there is no specific number attached to FED.R.CIV.P. 23's numerousity requirement, and urges the Court to consider the class of former Adam Aircraft employees to be so numerous as to be impractical to join.

Second, Scoggin asserts the members of the putative class share common factual and legal issues. Specifically, the WARN Act was applicable to the class members because the Debtor employed over 100 people, the class members lost employment as part of a mass layoff or plant closing, the class members were terminated without cause, and the class members were not paid benefits to which they were entitled under the WARN Act.

Third, Scoggin states his claim satisfies the requirement of representing a typical claim in the putative class. He alleges he suffered the same type of injuries as other members of the class, as he was laid off without proper WARN Act compliance.

Respecting the issue of whether he will fairly and adequately protect the class's interest, Scoggin contends he has no conflict of interest with other class members because he suffered the same injuries. In addition, he states his counsel is experienced and qualified to conduct the class action litigation.

Having argued he meets the four prerequisites of FED. R. CIV. P . 23(a), Scoggin recognizes he must satisfy at least one of the conditions outlined in FED.R.CIV.P. 23(b). He maintains subsection (b)(3) applies in the Adversary Proceeding, because the individual employees do not have an interest in prosecuting separate actions, and certifying a class action will avoid multiple suits. Further, Scoggin alleges the class action would be efficient to manage because the class members are easy to identify, the liability of the Debtor is easy to calculate, and the only actions requiring factual determinations are those of the Debtor.

Page 13

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

FED.R.CIV.P. 23 mandates meeting the four prerequisites of subsection 23(a) and at least one of the three requirements of subsection 23(b). *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 614 (1997); *In re Integra Realty Res., Inc.,* 354 F.3d 1246, 1262 (10th Cir.2004). A litigant seeking class certification must demonstrate, under a strict burden of proof, all four prerequisites set forth by subsection (a): numerosity, commonality, typicality, and adequacy of representation. *Trevizo v. Adams,* 455 F.3d 1155 (10th Cir.2006). In evaluating class certification, a court must generally accept as true the non-conclusory, substantive allegations of a complaint, and must conduct a "rigorous analysis" of the requirements of FED.R.CIV.P. 23. *Vallario v. Vandehey,* 554 F.3d 1259, 1265 (10th Cir.2009) (*citing Trevizo,* 455 F.3d at 1163; *Shook v. El Paso County,* 386 F.3d 963, 968 (10th Cir.2004); and *J.B. exrel. Hart v. Valdez,* 186 F.3d 1280, 1290 n. 7 (10th Cir.1999)).

**\*12** In order to meet the element of numerosity, "[t]he burden is upon plaintiffs seeking to represent a class to establish that the class is so numerous as to make joinder impracticable." *Peterson v. Okla. City Housing Auth.,* 545 F.2d 1270, 1273 (10th Cir.1976). However, there is "no set formula to determine if the class is so numerous that it should be so certified." *Rex v. Owens ex rel. State of Okla.,* 585 F.2d 432, 436 (10th Cir.1978). The Tenth Circuit has recognized numerosity is a fact intensive inquiry, and gives a court wide latitude in determining if this requirement has been met. *See Rector v. City & County of Denver,* 348 F.3d 935, 949 (10th Cir.2003); *Johnson by Johnson v. Thompson,* 971 F.2d 1487, 1498 (10th Cir.1992).

As to commonality of claims, the United States Supreme Court has found members of a putative class must "possess the same interest and suffer the same injury." *General Telephone Company of Southwest v. Falcon,* 457 U.S. 147, 156 (1982). The Court held a class could not be certified which had not specifically identified the common questions of law or fact. *Id., at* 158. The Court stated rigorous

analysis is necessary before class certification because of the "potential unfairness to the class members bound by the judgment if the framing of the class is overbroad." *Id., at* 161. *See also Shook,* 386 F.3d at 968 (*citing Falcon* ).

Regarding the requirement of typicality under FED.R.CIV.P. 23(a)(3), a plaintiff must show his claims or defenses are typical of those of the members of the putative class. *Rector,* 348 F.3d at 949. "[D]iffering fact situations of class members do not defeat typicality under Rule 23(a)(3) so long as the claims of the class representative and class members are based on the same legal or remedial theory." *Adamson v. Bowen,* 855 F.2d 668, 676 (10th Cir.1988).

The fourth prerequisite, adequacy of representation, requires a plaintiff to show his interests are aligned with those of the parties he seeks to represent, and he will vigorously prosecute those interests with the assistance of qualified counsel. *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1187–88 (10th Cir.2002). In determining the adequacy of the class's proposed legal representation, a court considers (1) whether the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) whether the named plaintiffs and their counsel will prosecute the action vigorously on behalf of the class. *Id.*

In this case, Scoggin has not demonstrated the members of the putative class are too numerous to join in the Adversary Proceeding. Specifically, he has alleged the Debtor listed over 800 employees, and the Court agrees this is a large number. However, he has not shown it would be difficult to contact those individuals and move to join those who wished to participate in the Adversary Proceeding. Rather, the listing of the former employees in the Debtor's schedules, and the fact the former employees have already been notified of the claims bar date, suggest such contact would not be impractical. Moreover, if a similar number responded to the request to join the Adversary Proceeding as filed proofs of claim in the underlying case, or even

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

if a much larger number responded, there is no evidence to support a finding that adding such parties would be unmanageable. Therefore, the Court finds Scoggin has failed to meet the requirement of FED.R.CIV.P. 23(a)(1).

**\*13** Scoggin alleges the putative class shares common claims based on alleged WARN Act violations. Such claims, according to Scoggin, arose among all the Debtor's employees who were laid off on or about February 11, 2008. As noted above, the Court must, for the purposes of the Class Certification Motion, assume these allegations are true. Thus, Scoggin meets the requirements of FED.R.CIV.P. 23(a)(2).

With regard to the third requirement, the Court notes the Trustee correctly points out Scoggin's claim is the only proof of claim asserting the WARN Act. The only available current information as to the other employees' claims comes from the proofs of claim themselves, which do not allege debts arising from the WARN Act. Accordingly, the Court finds Scoggin has failed to show clearly his claim is typical, as required by FED.R.CIV.P. 23(a)(3).

As for the fourth prerequisite, the Court does not doubt Scoggin would zealously pursue the claims he asserts on behalf of the former employees. In addition, the Court does not doubt proposed counsel is capable. Accordingly, it appears the fourth prerequisite has been met.

For these reasons, the Court finds Scoggin has failed to demonstrate, under the appropriate standards discussed above, applicability of FED.R.CIV.P. 23(a)(1) and (3). On this basis, the Court must deny the Class Certification Motion. FN29 Further, since the Court finds Scoggin cannot meet the requirements of FED.R.CIV.P. 23(a), it need not reach the question of whether the case meets the requirements of FED.R.CIV.P. 23(b).

FN29. See FED.R.CIV.P. 23 2003 Amendment Advisory Committee Note ("A court

that is not satisfied that the requirements of Rule 23 have been met should refuse certification until they have been met.").

**B. The Summary Judgment Motion.**

Based on the Court's ruling above, the Court will set a status conference in the adversary proceeding to address whether Scoggin wishes to proceed on his Complaint solely on his own behalf. In addition, Scoggin shall be allowed to proceed on his individual proof of claim, including a request for an administrative expense claim by way of a motion, after notice and hearing, pursuant to § 503(b) and L.B.R. 202. At this stage, the Court is not ruling on the merits of Mr. Scoggin's WARN Act claim or the allowability of any portion of such claim as an administrative expense claim under § 503(b)(1)(A) or priority claim under § 507(a).

### CONCLUSION

For the reasons stated above,

IT IS ORDERED Scoggin's Motion for Class Certification and Other Relief (08–01366–MER, Docket # 12) is DENIED.

IT IS FURTHER ORDERED the Trustee's Motion for Summary Judgment (08–01366–MER, Docket # 18) is DENIED without prejudice pending a determination by Scoggin as to whether he wishes to pursue the Adversary Proceeding individually.

IT IS FURTHER ORDERED the prior Court Order Granting the Trustee's Motion to Stay Discovery Pending Class Certification and Summary Judgment (08–01366–MER, Docket # 20) is CONTINUED until further Order of the Court.

IT IS FURTHER ORDERED the Trustee's Objection to Claim Number 292 (Class Proof of Claim) (08–11751–MER, Docket # 376) is GRANTED, in part, to the extent that the Proof of Claim will not be allowed to proceed as a Class Proof of Claim under FED. R. BANKR.P. 7023 or FED.R.CIV.P. 23. The Court makes no findings as to the merits of Scoggin's individual claim.

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 15

Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258
**(Cite as: 2009 WL 2100929 (Bkrtcy.D.Colo.))**

**\*14** IT IS FURTHER ORDERED Scoggin's Motion Pursuant to F.R.B.P. 9014 Seeking Application of F.R.B.P. 7023 to Claim Number 292 (Class Proof of Claim) (08–11751–MER, Docket # 406) is DENIED.

IT IS FURTHER ORDERED the Trustee is directed to serve the 42 prior employees who were not listed in the Debtor's schedules with proper notice of the bankruptcy filing, an Amended Notice of Possible Dividends and proof of claim form. Such Amended Notice of Possible Dividends must clearly state that an extended bar date has been set for those 42 individuals for May 29, 2009. The Trustee must serve a copy of the Amended Notice of Possible Dividends and proof of claim form on or before March 30, 2009, and file a certificate of service within three days of service.

Bkrtcy.D.Colo.,2009.
In re Adam Aircraft Industries, Inc.
Not Reported in B.R., 2009 WL 2100929 (Bkrtcy.D.Colo.), 157 Lab.Cas. P 11,258

END OF DOCUMENT

© 2014 Thomson Reuters. No Claim to Orig. US Gov. Works.