In re

Complaint of Judicial Misconduct

CARL WILLIAMS AND HASSAN ALEEM et al
          Petitioners

V

Judge Steven W Rhodes
          Judge
                     /

Chapter  9
Case No. 13-53846
Case No. 14-cv-10434
Hon. Bernard A. Freidman

## VERIFIED MOTION MCR 2.003 (A) FOR DISQUALIFICATION OF RECUSAL AND INCORPORATED AFFIDAVIT OF MAGISTRATE JUDGE STEVEN W RHODES, PURSUANT TO 28 USC 455 (a), 144 OR THE ALTERNATIVE AND 372

NOW COMES, the petitioners Carl Williams and Hassan Aleem and others et

al, the under signed in support in this case, being first duly sworn moves this court

and demands that the Magistrate Judge Steven W Rhodes recues himself and/or

step down from this case, pursuant Michigan Court Rule (MCR) 2.003 (A), (B), (1),

(2), because of prejudice or be disqualified in according to law deposes and say:

We make this motion for recusal and incorporated affidavit of personal

knowledge and belief and state the following:

1

A. Once a party files a timely and sufficient affidavit that trial judge is personally prejudiced against him, statute demands the trial judge's recusal; however, while the trial judge may not pass on the truthfulness of the affidavit's allegations, he must determine whether the facts set out in the affidavit are legally sufficient to require recusal. 28 U.S.C. Sect 144 United States v. Serrano 607 F2d 1145 (1979) 28 U.S.C. Sect 455.B. 28 U.S.C. Section 455 further states: in determining whether a judge should recuse under section 455 (a), the issue is not whether the judge is impartial in fact, but rather, whether a reasonable man might question his impartiality under all circumstances. United States v Gigax 605 F.3d 507 (1979) citing: United States v. Ritter, 540 F.2d 459 (10th Cir 1976); Rice v McKenzie, 581 F.3d 1114 (4th Cir. 1978); SCA Service, Inc. v Morgan, 557 F.3d 110 (7th Cir 1977).

Congress enacted the revision to make the statute conform to the Code of Judicial Conduct, 119 Cong.Rec. 33029 (1973) (remarks of Senator Burdick) as well as to "broaden and clarify the grounds for disqualification," 119 Cong.Rec. 33029 (1973), and to substitute an objective test of the former Section 455. Under the broad standard of revised Section 455(a), disqualification is appropriate not only where there is actual or apparent bias or prejudice, but also when the circumstance are such that the judge's impartiality might be reasonable questioned." See

2

13 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, Section 3549. United States v. Ritter <u>supra</u>.

C.  In accordance to 28 U.S.C. 372 (c) (1) Any person alleging that a circuit, district, or "bankruptcy judge," or a "magistrate," has engaged in conduct prejudiccial to the effective and expeditious administration of the business of the courts, or alleging that such a judge or a magistrate is unable to discharge all the duties of office by reason of mental or physical disability, may file with the clerk of the court of appeals for the circuit a written complaint containing a brief statement of the facts constituting such conduct.

In the interest of the effective and expeditious administration of the business of the courts and on the basis of information available to the chief judge of the circuit, the chief judge may, by written order stating reasons therefor, identify a complaint for purpose of this subsection and thereby dispense with filing of a written complaint

D. The petitioners for the record object and disagree with the chief judge or any judge that has taken part in Magistrate Judge Steven W Rhodes appointment to this position as bankruptcy judge to be part of the decision making process in this matter.  The decision being made by the chief judge of the six circuit court of

3

appeal, may be bias because under these circumstance, since she was part of his appointment process to this judgeship and /or position raises the appearance of partisan and conflict of interest. The decision should be made by someone impartial to both side and independent of them both.

Commentary of **Canon 1.** Although judges should be independent, they must comply with the law, including the provisions of the Code. **PUBLIC CONFIDENCE IN THE IMPARIALITY OF THE JUDICIARY IS MAINTAINED BY THE ADHERENCE OF EACH JUDGE TO THIS RESPONSIBILITY.**

1) That Judge Steven W. Rhodes, chaired a forum on Chapter 9 and Emergency Manager October 10, 2012. Five of the six speakers advocated both. One was co-author of PA 436's predecessor of PA 4, two trained emergency managers, and another, Charles Moore of Conway McKenzie, has been a chief witness for Orr/ Jones Day in the Bankruptcy trial. The judge knowing that the emergency manager kevyn Orr has trained under him and that he chaired the meeting should have step down and past the case to another judge to prevent the appearance of prejudice that violated Canon 3 "A Judge shall perform the duties of judicial office impartially and diligently." "Acts of judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned." This simply was not done and contravened Model Code Judicial Conduct (1990) Canon 3 (11) (E), thus due process of and equal protection of the law of the 5th and 14th Amendment of the Constitution of the United States. Also the 9th Amendment to include Basic Human Rights.

4

2) That Magistrate Judge Steven W. Rhodes under his oath of office and the color of law did know that the emergency manager; Kevyn Orr use to worked for Jones Day Law Firm, now is the City's representative and/or attorneys. The judge knowing this fact should have rejected Jones Day law firm and requested that they withdraw from this case. That the City should have retained another independent law firm and attorneys or the case should be dismissed.

a) It has been reported, that Jones Day law firm are suppose to count the votes and had a relationship and still maintain a relationship with the city. That shows blatant partisanship against the petitioners, creditors and objectors. This show bias toward the creditors, objectors and others of interest, which place those at an unfair disadvantage, a conflict of interest and one sided (bias) process. The Emergency Manager, Kevyn Orr an agent of the state and the so-called manager of the City cannot serve two masters. This demonstrates part of the rigging of the voting procedures and taints the purity of the election voting process.

> (1) A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limit to instance where:
>
> (a) he has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary fact concerning the proceeding;

The court through Magistrate Judge Steven W Rhode made a personal decision; base on his personal opinion regarding eligibility of what he thinks or his

5

emotion of what he feel is in the best interest of the city, rather than follow the law that govern what best. He refused to follow and comply and has rejected the laws, Thus due process and equal protection of the law of the 5th and 14th Amendment of the Constitution of the United State. Also the 9th Amendment of United States Constitution to include Basic Human Rights.

This is also a direct violation of the Model Code of Judicial Conduct Canon 2 and 3 (1990) that states;

> "A Judge Shall Avoid impropriety and Appearance of Impropriety in All of the Judge's Activities. Canon 2.
>
> A. A judge shall respect and comply with the law* and shall Act all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary. Canon 2
>
> A. A Judge shall perform the duties of judicial office impartially and diligently. Canon 3.
>
> A judge shall perform judicial duties without bias or prejudice. A judge shall not, in the performance of judicial duties by words or conduct manifest bias or prejudice, including but not limited to bias or prejudice based upon race, sex, religion, national origin, disability, age, sexual orientation or socioeconomic status, and shall not permit staff, court offic ials and others subject to the judge's direction and control to do so. Canon 3(B) (5).

3) That the voting ballots are bias and kind of confusing because the way it is worded you only can vote yes. For example if you vote yes to accept the plan we will take or you will give up 20%. If you vote no to reject the plan we will take or

6

you will give up 27%. Plus you give up your constitutional right to redress the government for grievances or plainly put it, the right to suit. Not to mention you give up the your constitutional guarantee of Article 9 section 24 of the Michigan Constitution that protect your pensions. The way that it is worded you cannot say no you don't want the plan at all. In other words there is no "No" vote.  This is simply rigging the voting process through the voting ballots and contrary to the Michigan Election Laws MCL 168.485 that states:

> Any question submitted to the electors of this state or the
> Electors of any subdivision of this state shall, to the extent
> That it will not confuse the electorate, be worded in the
> Following manner: A "yes" vote will be a vote in favor of the
> Subject matter of the proposal or issue and a "no" vote will
> Be a vote against the subject matter of the proposal or issue.
> Question shall be worded so as to apprise the voters of the sub-
> ject matter of the proposal or issue, but need not be legally pre-
> cise.  The language used shall create no prejudice for or against
> the issue or proposal.

4) That the judge under his oath of office and color of the law has order the guards or/and the marshal office to not allow petitioner (objector/creditor) Carl Williams up to file objections to the bankruptcy without an escort. He is being single out and harassed to be intimidation and treated like a common criminal at the direction and instruction of Magistrate Judge Steven W. Rhodes without cause for exercising his constitutional right to redress the government for grievances. He has objected to this kind of treatment in the past to no avail and the harassment and discriminatory treatment continues. The last time he went to file objections at

7

the Bankruptcy court on June 11, 2014 the harassment continue. I asked the female guard what was the reason for me having to be escorted. She stated that she didn't know she just do what the judge order them to do. On the way up to the 17th floor one of the guards asked me what did I do to have to be escorted. I told him nothing I just was exercising my constitutional right to object against the bankruptcy and the Judge Rhodes didn't like it. The judge has personal **bias concerning petitioners because of evidentiary facts raised in their objections that refuted the validity of the bankruptcy such as personal and judicial jurisdiction in their objections.**

> the judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge* of disputed evidentiary facts concerning the proceeding; Canon 3 (11) E (1) (a).

The judge under his oath of office and color of law in his personal bias has harassed to intimidate Carl Williams the objector/creditor while exercising free speech and his constitutional rights to redress the government for grievance against the bankruptcy. Thus a violation of the "1st Amendments of freedom of speech" and "to petition the government for a redress of grievances of the Constitution of the United States" and the 9th Amendment to include Basic Human Rights.

4) It should be noted and clarified that we the petitioners and others creditors were deceived by Magistrate judge Steven W. Rhodes and have never received a "eligibility trial" or any trial on any other issues presented in our objec-

8

ions for that matter. We had a meeting and petitioners presented what they thought was testimony and now after the fact find out it was just a presentation at the court house on the dates September 18, and 19 2013, before Magistrate Judge Steven W. Rhodes. The judge verified this in his opinion and order on page 10 of 150. The judge had a hearing for those that had "an attorney" on September 19, 2013 but the petitioners and those that didn't was denied a trial. The judge stated "To the extent an argument is not addressed in this opinion, it is over-ruled." How can you just overrule something without knowing or addressing the issues. This is arbitrary or capricious and a denial of due process of the 5th and 14th Amendments of the Constitution of the United States. Also the 9th Amendment for Basic Human Rights.

During the meeting in September 18, 2013, there were no opposing parties presented, no documented evidence presented, no confronting and questioning of the opposing party, no stenograph to record and take notes. No attorney and/or lawyer to represent the petitioners, creditors or objectors. However, there appear to be some attorney having a hearing on the behalf of the Debtors.

> A judge should disclose on the record information that the judge believe the parties or their lawyers might consider relevant to the question of disqualification, even if the judge believe there is no real basis for disqualification. Canon 3 (11) E (1).

> 5)  That the court through Judge Steven W. Rhodes has set up the peti-

9

tioners, creditors, objectors, and others; under fraud by having a meeting under the disguise of a hearing by misleading and giving creditors and other people of interest an informal meeting instead of informal hearing without a presentation, without sworn testimony and the debtors received a formal hearing. The creditor's creditability verses a formal hearing without sworn testimony place them at disadvantage and bias toward the creditors and their presentation is considered nothing more than hearsay. In Goldberg v Kelly, 397 U.S. 254; 90 S Ct. 1011, 25 L. Ed. 2d 287 (1970) citing: Armstrong v Manzo, 380 U.S. 545, 552 (1965). The court stated an "effective notice and hearing" and petitioners and other creditors had neither. Three (3) minutes to present a presentation without sworn statement or testimony was hardly sufficient or adequate and just a "kangaroo orchestrated show trial." I mean a Kangaroo orchestrated judicial meeting. For the court to conceal the fact that this wasn't a real trial or hearing, after the fact is deceptive and a **sham; a cheap trick**, and **gross canard** and part of his Ponzi scheme in action.

Petitioners complained about the time and filed an objection requesting at least 5 minute a day before the meeting, which we were mislead to believe it was going to be a hearing. However, after the fact they increased it to five minutes for the so-called hearing set for in July 2014 and petitioners object to the so-called meeting that the Judge disguised as nothing but a kangaroo judicial orchestrated

10

show trial.

That the magistrate judge Steven W. Rhodes under his oath of office and color of law deceived the creditors/objectors during court judicial meeting in September 18 & 19 2013; before the presentation he claimed they were going to giving "testimony" and after the fact in his order and opinion he called it a "presentation," which is not legally binding and have no legal effect. The judge then gave the debtors a formal hearing that affected the outcome of this case. The court didn't explain to the creditors and the people of interest the difference and how it affects them especially a informal hearing proceeding. This clearly demonstrated his ponzi scheme and prejudice toward the creditors/objectors and they where denied due process and equal protection of the law, thus violation of the 5th and 14th Amendments of the Constitution of the United States. Also the 9th Amendment to include basic Human rights.

5) Magistrate Judge Steven W Rhodes handpicked committee was Improperly formed prior to entry of order for relief under 11 USCS sect 921 such committee cannot be formed until after order for relief has been entered. Inre Colorado Centre Metro, Dist. (1990, BC Dc colo) 113 BR 25, 7 Colo Bankr Ct Rep 77, 20 BCD 660, 23 CBC2d 397.

a) The same retiree committee appointed by Judge Rhodes in disregard to the pensioner retiree committee already established by the union, falsely stated that the pensioners made only 6.5 to 7%. In 2013 they claim they didn't make any

11

profit and alleged they only made .5%. The whole stock market has been going up from 2011 to 2014 and when the stock market goes up everybody profit goes up. This committee was created by Judge Rhodes to make it appear that pensioners lose money in the stock market.

6) That Magistrate Judge Steven W Rhodes under his oath and color of office and law was Deceptive, evasive, and disingenuous in making his decision in regarding to his ruling in the bankruptcy from the beginning and throughout the proceedings for examples: The judge has totally disregarded the Bankruptcy code Section 11 USC 942, which states:

> The debtor may modify the plan at any time before confirmation, but may not modify the plan so that as modified fails to meet the requirements of this chapter. After the debtor files a modification, the plans as modified become the plan.

The court through judge Steve W Rhodes under his oath and color of office and the law has violated 11 USC 942 because the plan has been modified four times and code state "After the debtor file "a" modification, the plan as modified become the plan," not After the debtor files those plan, the plan as modified become the plan.

The letter "A" or "a" according to the authority of legal profession Black Law Dictionary means the word "a" has varying meanings and uses. "A" means "one" or may mean one where only one is intended, or it may means any one where only one is intended, or it may mean any one of a great number. First Trust Joint

12

Stock Land Bank of Chicago v. Armstrong, 222 Iowa 425, 269 N.W. 502, 506, 107 L.R.A. 873.

6) That Judge Steven W Rhodes under his oath and color of office and law has demonstrated bias toward the creditors, objectors and others of interest and he was partial to the city. He never designating who is to give and receive notice by mailing and identifying the newspaper in which the additional notice is to be published according to Fed.R.Bankr. P. 9007, 9008 and failed to meet the requirement of title 11 U.S.C. 921(c) and this case should have been dismissed.

That violated 11 U.S.C. 923 of the Bankruptcy code. The bankruptcy rule also was contravened and provides that the clerk, or such other person as the court may direct is to give notice Fed. R. Bankr. P 2002 (f). This placed the responsibility of the notice being issued on the court in this case Judge Steven W Rhodes. The bankruptcy rule states: The notice must also be published" at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bond-holders as the court designates," in title 11 U.S.C. sect 923 of the Bankruptcy code. Therefore, Magistrate Judge Steven W Rhodes has failed to legally notify the public and has placed petitioners, creditors and other people of interest at a disadvantage and has an affected on the outcome of this case.

We object because the court lack jurisdiction and if it had jurisdiction we

13

object to the Plan of adjustment and the confirmation of the plan because **the City Detroit did not negotiate in good faith prior to the filing of bankruptcy and during the most of the bankruptcy process in** violation of 11 USC 109 (c).The City's position, for example, was that they were not going to bargain and did not have to because of P.A. 436. Three Police Officers' unions challenged the City's position and stated that it did not negotiate for collective bargaining:

**Three Police Officers union challenged the City position not to negotiate for collective bargaining**:

> The Employer in this matter is in receivership and has no duty to bargain under P.A. 436 it has expressed un-willingness to bargain or participate in Act 312 arbitration in light of P.A. 436 Case Nos.  D09 F-0703, D11 J-1169 and zd13 A-005 In re Valley Health Sys, 383 B.R. 156, 163 (Bankr C.D. Cal 2008).

In this present case, the City was more egregious by not negotiating at all.

In re Cotton Water and Sanitation District, Douglas County, Colo., 138 B.R. 973, 979 (Bankr. D. Colo 1992) **"plan referred to in 109(c) (4) is adjustment plan and confirmation plan of adjustment statement and negotiated pre-petition in good faith."**

This simply was not done and continues to show the lack of conducting business in good faith. They also did not meet the requirements of title 11 of

14

chapter 9 bankruptcy procedures code, which are a failure to comply with the bankruptcy rule and codes sections 921, 923, 942 and 1129 (a) (1) (2) (3) and 16(b) (1) that is grounds for dismissal for just one noncompliance or violations and we have several (7) of them, because this shows the City failed to conduct business in a good faith manner as required, thus denial of due process and equal protection of the law of the 5th and 14th Amendments of the constitution of the United States.

6) That the petitioners in the above caption plan to call Judge Steve W Rhodes as a material witness to testify under oath who was in the classes he taught. How many classes he taught. What information he revealed in these classes and to who he revealed it to. What was is his status when he decided this case and is he an Article III Judge and was the court an Article III Court?

That Magistrate Judge Steven W Rhodes made a <u>conscious</u>, <u>deliberate</u>, <u>tactical</u>, <u>decision</u>, [*Reed v Allen, 268 U.S. 191,193 (1931)*] to not follow and comply with the bankruptcy code, rules and the facts that the City of Detroit was not eligible for bankruptcy under these circumstances.

7) We object to the plan of adjustment and the confirmation of the plan because the court has shown material prejudice in the judge opinion regarding

15

eligibility and refused to address our issues that raised only legal issues and required the resolution of genuine issues of material facts. To the extent an argument is not addressed in this opinion, it is overruled on page 10 of 150 of the judge opinion. This is a clear example of a bias dictator decision maker. How can he not address the issues and then overrule them without making a determination on whether or not they have a valid claim. This is a denial of an opportunity to be heard that is a fundamental requisite of due process of law is the opportunity to be heard in Goldberg v. Kelly 397 U.S. 254 90 S Ct 1011, 252 (1970): A landmark decision citing: Grannis v Ordean, 234 U.S. 385, 394 (1914) It also requires a full evidentiary hearing before you are deprived of certain government benefits, therefore, those who were overruled are entitle to an evidentiary hearing on the ruling on the merits of their issues in their objections. This clearly smack right at the heart of our "fundamental due process of fairness and equal protection" for all the people and not just for a select few. Those who objections were overruled are entitle to a "evidentiary hearing" and have been denied due process and equal protection of the law violations of 5,[th] 14th Amendment s and 9th Amendment to include Basic Human Rights of the Constitution of the United States.

That those who the court overruled without addressing their objections were also

16

denied a fundamental right to object to what violations were being perpetrated by government. This is an obvious denial of the Freedom of speech and a denial to even address the government for redress of grievance.

That the facts shows judge Steven W. Rhodes have an overwhelming prejudice against people who don't have an attorney verse those that do. The Judge's action rigs the judicial system against the less fortunate and the poor and those who opposes his decision.

8) We object to the plan of adjustment and confirmation of the plan because the City of Detroit continue to make erroneous statements that December 20, 2013, the Bankruptcy court certified its Order and Opinion for direct appeal under 28 U.S.C. Section 158 (d) (2) (A) (i). If this is true the bankruptcy court was premature and violated the Federal Bankruptcy Rule 8002 (a) that allow 14 days for a notice of appeal. That the appellants was Untimely because they counted the day of the event, which is the 5th of December 2013 and 14 days is 19th of December 2013. This is clearly contrary to and in violation of both the Michigan and Federal Rules of Civil Procedures. The earliest date the court could have possibly legally certified the Order and Opinion is the "23rd" of December 2013, because 21st is on a Saturday and 22nd day is on a Sunday.

a) The Michigan Court Rules of Civil Procedures Computation of time Rule 1.108 states:

"The day of the act, event, or default after which the designated period of time begins to run is not included." The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or holiday on which the court order, in that event the period runs until the end of the next day that is Saturday, Sunday, legal holiday, or holiday on which the court is closed is pursuant to the court order.

The Federal Rules of Civil Procedures Rule 6(a) Time computation is more detailed states the following:

"In computing any period of time prescribed or allowed these rules, by the local rules of any district court, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begin to run shall not be included."

The City of Detroit premise of an argument is false because they failed to compute the time in accordance to the Michigan Court Rules of Civil Procedures 1.108 and time computation under Federal Rules of Civil Procedures Rule 6 (a), make it is **mandatory** and states "the designated period of time begin to run <u>shall not be included.</u>" December 20, 2013 was the last day in the designated 14 days period to appeal and December 23rd, 2013 is the earliest day the court could legally certify its order and opinion for direct appeal under 28 U.S.C. Section 158 (d)(2) (A) (i), thus contravened the Bankruptcy Rule 8002(a), Michigan Rule 1.108 and Federal Rules of Civil Procedures Rule 6(a), therefore, due process and equal

18

protection of the law, violation of the 5th and 14th Amendment of the Constitution of the United States.

9) We object to the adjustment of the plan and confirmation of the plan because the court lacks jurisdiction. However, if the court had jurisdiction we will still object, due to the City violation of bankruptcy code on avoidance. The bankruptcy code prohibits filing suits to avoid paying your creditor. The city failed to make a requires payment of approximately $40,000,000 on COPs to Syncora with the casino revenue funds. However, the City has made all of its required payments to the Swap Counterparties through the Holdback Account. The City contends that as a result, Syncora has no liability to the Swap Counterparties on its guaranty to them. Then City filed a lawsuit against Syncora in the Wayne County Circuit Court. It sought to obtain a temporary restraining order that resulted in U.S. Bank's release of the trapped funds to the City. On July 11,2013, Syncora removed the action to the district court in Detroit and filed a motion to dissolve the temporary restraining order. On August 9, 2013, the district court referred the matter to the bankruptcy court. On August 28, 2013, the Bankruptcy court ruled that the gaming revenues are property of the City and therefore protected by the automatic stay. As a result, on September 10, 2013, the temporary restraining order was

dissolved. with the City's stipulation. Synora's motion to dismiss the adversary proceeding remained pending. It was adjourned due to a tolling agreement between the parties.

On July 24, 2013, Syncora filed a lawsuit against the Swap Counterparties in a state court in New York, seeking an injunction to prevent the Swap Counterparties from performing their obligations under the Forbearance and Optional Termination Agreement. The Swap Counterparties then removed the action to the United States District Court for the Southern District of New York. That court, at the request of the Swap Counterparties, transferred the case to the federal district court in Detroit.

This was more about a failed business deals or transaction than actual bankruptcy very little was talk about the bankruptcy code and whether or not the court have legal jurisdiction. None of the issues regarding jurisdiction in our objections was address and a evidentiary hearing should have been addressed of the fraud to determine if any fraud exist and who committed the fraud. Rapaport v Rapaport 185 Mich App 12 (1990).

It should be noted that Judge Steven W Rhodes ignores and abandon his oath of office 28 U.S.C. Section 453 to judge impartially. That oath comes to us

from ancient precedents. See Deuteronomy 1: 16-17 and Leviticus 19:15

> "Ye shall do no unrighteousness in judgment: thou shalt
> not respect the person of the poor, nor honour the
> person of the mighty: but in righteousness shalt thou
> judge thy neighbor." Congress declared Bible "The
> word of God" Joint Resolution 96 Stat.1211 Public
> Law 97-280 97th Congress.

It is demanded that Judge Steven W Rhodes recuse himself and /or step down or be declared disqualified.

That the petitioners in this recusal has set forth the facts as would be admissible in evidence, and shall show affirmative that the affiant/petitioners is competent to testify to the matters stated therein.

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sincerely Submitted

_Carl 2d Williams_
Carl Williams
10112 Somerset
Detroit, Michigan 48224

_Hassan Aleem_
Hassan Aleem
2440 Taylor
Detroit, Michigan 48206

WANDA Jun Hill _Wandy Jn Hill_
name
14125 Oakfield
Address
Det 48235
City, State & Zip

_Errol Guff_
15005 Piedmont St
Detroit Mich. 48223

name
Vaughn S. Brown

Address
9323 E. Walden dr.

City Street & Zip
Belleville, Mi. 48111

James Lovely

18716 Monte Vista

Detroit Mi 48221

Katrina Henry

510 Trowbridge

Detroit, Mi 48202

Vera C Magee

5165 Iroquois

Detroit MI 48213

KEITH M. HINES

832 CHALMERS

Det., Mi 48215

Curtis Brooks

4836 MAXWELL

Detroit Mich. 48214

William M. Davis

9203 Littlefield st Det. Mi. 48

montybill86@yahoo.com

Barbara A. Magee

5154 Burns St

Det, Mi 48213