UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| | Hon. Steven W. Rhodes |
| Debtor. | |

## NOTICE OF SUBPOENAS PURSUANT TO FED. R. CIV. P. 45

Please take notice that, on the date hereof, the City of Detroit will file
and serve the attached subpoenas pursuant to Federal Rule of Civil Procedure 45,
made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9016,
on the following entities:

1.  Detroit General Retirement System Service Corporation

2.  Detroit Police and Fire Retirement System Service Corporation

Dated:  July 8, 2014

Respectfully submitted,

/s/ Deborah Kovsky-Apap
Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI  48075
Telephone:  (248) 359-7300
Fax:  (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

  - and -

Geoffrey S. Stewart
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C.  20001.2113
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

**ATTORNEYS FOR THE CITY OF DETROIT**

# UNITED STATES BANKRUPTCY COURT

Eastern _____ **District of** Michigan _____

In re City of Detroit _____

_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 13-53846 _____

Chapter 9 _____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Detroit General Retirement System Service Corporation, c/o Butzel Long LLP _____

*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Pepper Hamilton LLP, c/o Deborah Kovsky-Apap, Suite 1800, 4000 Town Center, Southfield, MI 48075 | July 22, 2014 at 10:00AM |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 8, 2014 _____

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_____
Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)*
City of Detroit _____, who issues or requests this subpoena, are:

Deborah Kovsky-Apap, Pepper Hamilton LLP, Suite 1800, 4000 Town Center, Southfield, MI 48075; kovskyd@pepperlaw.com; (248) 359-7331

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

              Counsel for the Detroit General Retirement System Service Corporation has agreed to accept service of this subpoena.

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

## Definitions and Instructions

The following definitions and instructions shall apply to the requests for production:

1. The uniform definitions and instructions set forth in Local Civil Rules 26.2 and 26.3 of the United States District Courts for the Southern and Eastern Districts of New York are incorporated by reference.

2. "City" shall mean the City of Detroit, Michigan.

3. "COPs" shall mean the Certificates of Participation (also known as Pension Obligation Certificates) issued in connection with the COPs Transaction, or either of them.

4. "COPs Transaction" shall mean each and both of the issuance of COPs in 2005 and 2006 by the Detroit Retirement Systems Funding Trust 2005 and/or the Detroit Retirement Systems Funding Trust 2006.

5. "Detroit Retirement Systems Funding Trust 2005" shall mean the trust created and existing under Michigan law for the purpose of issuing COPs in 2005 to provide funding for unfunded accrued actuarial liabilities of the Detroit General Retirement System and the Detroit Police and Fire Retirement System.

6. "Detroit Retirement Systems Funding Trust 2006" shall mean the trust created and existing under Michigan law for the purpose of issuing COPs in 2006 to provide funding for the refinancing of certain of the COPs issued in 2005. The Detroit Retirement Systems Funding Trust 2005 and the Detroit Retirement Systems Funding Trust 2006 are collectively referred to herein as the "Funding Trusts."

7.      "Service Contracts" shall mean each and both of the May 25, 2005 and June 7, 2006 contracts entered into by the City and the Service Corporation, in which the City promised to make a series of periodic payments to the Service Corporation.

8.      "Service Corporation" shall mean the Detroit General Retirement System Service Corporation.

9.      "Trust Agreements" shall mean each and both of the June 2, 2005 agreement between the Service Corporations and the Detroit Retirement Systems Funding Trust 2005 through which the right to receive payments under the 2005 Service Contract was transferred from the Service Corporation to Detroit Retirement Systems Funding Trust 2005 and the June 12, 2006 agreement between the Service Corporation and the Detroit Retirement Systems Funding Trust 2006 through which the right to receive payments under the 2006 Service Contract was transferred from the Service Corporation to the Detroit Retirement Systems Funding Trust 2006.

10.      "Contract Administration Agreements" shall mean each and both of the June 2, 2005 and the June 12, 2006 agreements entered into by the Service Corporation, the Funding Trusts, and U.S. Bank, N.A., which govern the relationship amongst the parties to the COPs Transaction.

11.      In producing documents pursuant to these requests, you are required to furnish all documents in your possession, custody, or control, including without limitation documents possessed by your agents, attorneys, investigators, representatives, financial advisors, consultants, officers, directors, or employees.

12.      The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source.

13.　　Documents are to be produced in a way that identifies the request or requests to which each document applies, or as they are maintained in the usual course of business.

14.　　Documents to be produced shall be the original of all documents in the regular files as maintained, together with any documents that were clipped or attached to them, and, in addition, any originals or copies containing handwriting or other notations. A complete and legible copy may be produced in lieu of producing the document itself.

15.　　Notwithstanding a claim that a document contains privileged information or is otherwise partially immune from discovery, any such document must be produced with the portion claimed to be protected excised.

16.　　Should you obtain any other documents or information which would supplement or modify the documents or information supplied by you in response to this request, you are directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such documents and information and to furnish the additional documents or information without delay.

## **Documents Requests**

1. The books and records of the Service Corporation, including without limitation financial statements, profit and loss statements, balance sheets and general ledgers

2. All minutes of meetings of the Board of Directors of the Service Corporation.

3. All bank account statements of the Service Corporation.

4. All written resolutions of the Board of Directors of the Service Corporation.

5. All communications between the Service Corporation and its resident agent.

6. All documents concerning the filing of the Service Corporation's annual statement.

7. All communications between the Service Corporation and the City.

8.      All communications between the Service Corporation and either of the Funding Trusts.

9.      All communications between the Service Corporation and U.S. Bank, N.A.

10.     All communications between the Service Corporation and Wilmington Trust, N.A.

11.     All communications between the Service Corporation and any other person or entity concerning either of the Trust Agreements.

12.     All communications between the Service Corporation and any other person or entity concerning either of the Contract Administration Agreements.

# UNITED STATES BANKRUPTCY COURT

Eastern         District of   Michigan

In re   City of Detroit

_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No.   13-53846

Chapter   9

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Detroit General Retirement System Service Corporation, c/o Butzel Long LLP
_____

*(Name of person to whom the subpoena is directed)*

■ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:    See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Pepper Hamilton LLP, Ste 1800, 4000 Town Ctr., Southfield MI 48075 | July 29, 2014 at 10:00 a.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   July 8, 2014

CLERK OF COURT

                       OR

_____       _____
*Signature of Clerk or Deputy Clerk*         *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
City of Detroit
_____ , who issues or requests this subpoena, are:
Deborah Kovsky-Apap, Pepper Hamilton LLP, Suite 1800, 4000 Town Center, Southfield, MI 48075; kovskyd@pepperlaw.com; (248) 359-7331

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

```
        Counsel for the Detroit General Retirement System Service
        Corporation agreed to accept service of this subpoena.
```

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

### Deposition Topics

1. The Articles of Incorporation of the Detroit General Retirement System Service Corporation (the "Service Corporation").

2. The incorporation of the Service Corporation.

3. The Certification of Amendment to the Articles of Incorporation of the Service Corporation filed on May 11, 2005, including the reasons for the deletion of Art. VI, Sec. 7.

4. The Service Corporation's organizational meeting.

5. The Board of Directors of the Service Corporation for each year from 2005-2014.

6. Meetings of the Board of Directors, including the minutes from such meetings.

7. The Service Corporation's books and records.

8. The Service Corporation's resident agent for each year from 2005-2014.

9. The creation of the position of Vice President of the Service Corporation.

10. The election of officers of the Service Corporation.

11. The duties and activities of each officer of the Service Corporation.

12. The Service Corporation's annual reports filed with the State of Michigan.

13. The reason that no annual report has been filed with the State of Michigan for 2013.

14. Norman White's current or former relationship to or position with the Service Corporation.

15. David Baker Lewis' current or former relationship to or position with the Service Corporation.

16. The Service Corporation's assets, including without limitation any bank accounts.

17. The Service Corporation's rights and obligations under, and actions taken with respect to, either of or both the May 25, 2005 and June 7, 2006 contracts entered into by the City of Detroit and the Service Corporation, in which the City promised to make a series of periodic payments to the Service Corporation.

18. All activities of the Service Corporation since the issuance of the Pension Obligation Certificates of Participation by the Detroit Retirement Systems Funding Trust 2005.

19.     All services rendered to the City of Detroit since the formation of the Service
        Corporation.

# UNITED STATES BANKRUPTCY COURT

Eastern _____   **District of**   Michigan _____

In re  City of Detroit _____
_____
**Debtor**

*(Complete if issued in an adversary proceeding)*

Case No. 13-53846 _____

Chapter 9 _____

_____
**Plaintiff**

v.

Adv. Proc. No. _____

_____
**Defendant**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Detroit Police and Fire Retirement System Service Corporation, c/o Butzel Long, LLP
_____
*(Name of person to whom the subpoena is directed)*

■ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See attached Schedule A

| PLACE | DATE AND TIME |
|---|---|
| Pepper Hamilton LLP, c/o Deborah Kovsky-Apap, Suite 1800, 4000 Town Center, Southfield, MI 48075 | July 22, 2014 at 10:00AM |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  July 8,   2014 _____

CLERK OF COURT

OR   *A Kovsky Apap*

_____      _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
City of Detroit _____ , who issues or requests this subpoena, are:
Deborah Kovsky-Apap, Pepper Hamilton LLP, Suite 1800, 4000 Town Center, Southfield, MI 48075; kovskyd@pepperlaw.com; (248) 359-7331

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

       I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

           Counsel for the Detroit Police and Fire Retirement System
           Service Corporation agreed to accept service of this
           subpoena.

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

### Definitions and Instructions

The following definitions and instructions shall apply to the requests for production:

1. The uniform definitions and instructions set forth in Local Civil Rules 26.2 and 26.3 of the United States District Courts for the Southern and Eastern Districts of New York are incorporated by reference.

2. "City" shall mean the City of Detroit, Michigan.

3. "COPs" shall mean the Certificates of Participation (also known as Pension Obligation Certificates) issued in connection with the COPs Transaction, or either of them.

4. "COPs Transaction" shall mean each and both of the issuance of COPs in 2005 and 2006 by the Detroit Retirement Systems Funding Trust 2005 and/or the Detroit Retirement Systems Funding Trust 2006.

5. "Detroit Retirement Systems Funding Trust 2005" shall mean the trust created and existing under Michigan law for the purpose of issuing COPs in 2005 to provide funding for unfunded accrued actuarial liabilities of the Detroit General Retirement System and the Detroit Police and Fire Retirement System.

6. "Detroit Retirement Systems Funding Trust 2006" shall mean the trust created and existing under Michigan law for the purpose of issuing COPs in 2006 to provide funding for the refinancing of certain of the COPs issued in 2005. The Detroit Retirement Systems Funding Trust 2005 and the Detroit Retirement Systems Funding Trust 2006 are collectively referred to herein as the "Funding Trusts."

7.      "Service Contracts" shall mean each and both of the May 25, 2005 and June 7, 2006 contracts entered into by the City and the Service Corporation, in which the City promised to make a series of periodic payments to the Service Corporation.

8.      "Service Corporation" shall mean the Detroit Police and Fire Retirement System Service Corporation.

9.      "Trust Agreements" shall mean each and both of the June 2, 2005 agreement between the Service Corporations and the Detroit Retirement Systems Funding Trust 2005 through which the right to receive payments under the 2005 Service Contract was transferred from the Service Corporation to Detroit Retirement Systems Funding Trust 2005 and the June 12, 2006 agreement between the Service Corporation and the Detroit Retirement Systems Funding Trust 2006 through which the right to receive payments under the 2006 Service Contract was transferred from the Service Corporation to the Detroit Retirement Systems Funding Trust 2006.

10.     "Contract Administration Agreements" shall mean each and both of the June 2, 2005 and the June 12, 2006 agreements entered into by the Service Corporation, the Funding Trusts, and U.S. Bank, N.A., which govern the relationship amongst the parties to the COPs Transaction.

11.     In producing documents pursuant to these requests, you are required to furnish all documents in your possession, custody, or control, including without limitation documents possessed by your agents, attorneys, investigators, representatives, financial advisors, consultants, officers, directors, or employees.

12.     The duty to produce documents shall not be limited or affected by the fact that the same document is available through another source.

13.     Documents are to be produced in a way that identifies the request or requests to which each document applies, or as they are maintained in the usual course of business.

14.     Documents to be produced shall be the original of all documents in the regular files as maintained, together with any documents that were clipped or attached to them, and, in addition, any originals or copies containing handwriting or other notations. A complete and legible copy may be produced in lieu of producing the document itself.

15.     Notwithstanding a claim that a document contains privileged information or is otherwise partially immune from discovery, any such document must be produced with the portion claimed to be protected excised.

16.     Should you obtain any other documents or information which would supplement or modify the documents or information supplied by you in response to this request, you are directed, pursuant to Federal Rule of Civil Procedure 26(e), to give timely notice of such documents and information and to furnish the additional documents or information without delay.

## **Documents Requests**

1.     The books and records of the Service Corporation, including without limitation financial statements, profit and loss statements, balance sheets and general ledgers

2.     All minutes of meetings of the Board of Directors of the Service Corporation.

3.     All bank account statements of the Service Corporation.

4.     All written resolutions of the Board of Directors of the Service Corporation.

5.     All communications between the Service Corporation and its resident agent.

6.     All documents concerning the filing of the Service Corporation's annual statement.

7.     All communications between the Service Corporation and the City.

8. All communications between the Service Corporation and either of the Funding Trusts.

9. All communications between the Service Corporation and U.S. Bank, N.A.

10. All communications between the Service Corporation and Wilmington Trust, N.A.

11. All communications between the Service Corporation and any other person or entity concerning either of the Trust Agreements.

12. All communications between the Service Corporation and any other person or entity concerning either of the Contract Administration Agreements.

# UNITED STATES BANKRUPTCY COURT

Eastern _____ District of Michigan

In re City of Detroit
_____
Debtor

_(Complete if issued in an adversary proceeding)_

_____
Plaintiff

v.

_____
Defendant

Case No. 13-53846

Chapter 9

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Detroit Police and Fire Retirement System Service Corporation, c/o Butzel Long, LLP
_____
_(Name of person to whom the subpoena is directed)_

☒ _Testimony_: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:     See attached Schedule A.

| PLACE | DATE AND TIME |
|---|---|
| Pepper Hamilton LLP, Ste 1800, 4000 Town Center, Southfield MI 48075 | July 29, 2014 at 1:00 p.m. |

The deposition will be recorded by this method: stenographic means, audiotape, and/or videotape

☐ _Production_: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: July 8, 2014

CLERK OF COURT

_____     OR     _____
Signature of Clerk or Deputy Clerk                 _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
City of Detroit
_____ , who issues or requests this subpoena, are:
Deborah Kovsky-Apap, Pepper Hamilton LLP, Suite 1800, 4000 Town Center, Southfield, MI 48075; kovskyd@pepperlaw.com; (248) 359-7331

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

```
          Counsel  for  the  Detroit  Police  and  Fire  Retirement  System
          Service  Corporation  agreed  to  accept  service  of  this  subpoena.
```

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

# SCHEDULE A

## Deposition Topics

1.     The Articles of Incorporation of the Detroit Police and Fire Retirement System Service Corporation (the "Service Corporation").

2.     The incorporation of the Service Corporation.

3.     The Certification of Amendment to the Articles of Incorporation of the Service Corporation filed on May 11, 2005, including the reasons for the deletion of Art. VI, Sec. 7.

4.     The Service Corporation's organizational meeting.

5.     The Board of Directors of the Service Corporation for each year from 2005-2014.

6.     Meetings of the Board of Directors, including the minutes from such meetings.

7.     The Service Corporation's books and records.

8.     The Service Corporation's resident agent for each year from 2005-2014.

9.     The creation of the position of Vice President of the Service Corporation.

10.    The election of officers of the Service Corporation.

11.    The duties and activities of each officer of the Service Corporation.

12.    The Service Corporation's annual reports filed with the State of Michigan.

13.    The reason that no annual report has been filed with the State of Michigan for 2013.

14.    Norman White's current or former relationship to or position with the Service Corporation.

15.    The Service Corporation's assets, including without limitation any bank accounts.

16.    The Service Corporation's rights and obligations under, and actions taken with respect to, either of or both of the May 25, 2005 and June 7, 2006 contracts entered into by the City of Detroit and the Service Corporation, in which the City promised to make a series of periodic payments to the Service Corporation.

17.    All activities of the Service Corporation since the issuance of the Pension Obligation Certificates of Participation by the Detroit Retirement Systems Funding Trust 2005.

18.    All services rendered to the City of Detroit since the formation of the Service Corporation.