UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 9 |
|  | : |  |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 |
|  | : |  |
| Debtor. | : | Hon. Steven W. Rhodes |
|  | : |  |

# REPLY OF ASSURED GUARANTY MUNICIPAL CORP. TO CITY'S RESPONSE TO MOTION FOR COSTS RELATING TO CLAWBACK OF DEBTOR'S DOCUMENT PRODUCTION

Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("Assured"), respectfully submits this reply to the *Response to Motion for Costs Relating to Clawback of Debtor's Document Production* [Docket No. 5767] ("Response") filed by Debtor City of Detroit, Michigan (the "City") in opposition to Assured's *Motion for Costs Relating to Clawback of Debtor's Document Production* (Docket No. 5326) (the "Motion").

1. The City's contention that Assured moved for the clawback without any attempt to confer with the City ignores the history of this matter set forth in Assured's *Motion to Compel Full Clawback of Debtor's Document Production and Related Relief* [Docket No. 4560] (the "Clawback Motion"), which shows just the opposite. When the City was first notified by another party about certain

mediation documents in the City's production on Thursday, May 8, 2014, the City responded that it would clawback just the documents identified. (Clawback Motion ¶¶ 7-8.) Assured immediately responded that same afternoon, advising the City in writing that the entire production needed to be clawed back because a clawback of just the specifically identified documents would simply exacerbate the problem by drawing attention to the improperly-disclosed documents, and stated that unless the City confirmed that it would do so Assured would seek relief from the Court. (*Id.* ¶ 9 & Exh. A.) Without any discussion with Assured, however, the City simply ignored Assured's letter and unilaterally issued a clawback notice for just a small number of documents (far below the number of mediation documents eventually identified), which did not even ask the receiving parties to confirm that they had complied with the requested clawback. (*See id.* ¶ 10 & Exh. B.)

2. Faced with this situation, in which time was of the essence if the problem was to be meaningfully addressed, Assured was forced to file the Clawback Motion the next day, Friday, May 9, 2014, so that the matter could be put on the calendar for the hearing already scheduled for Monday, May 12, 2014. Contrary to the City's presumptuous unilateral decision that only minimal action was required, at the hearing the Court agreed with Assured that the City needed to clawback its entire production due to the City's violation of the Court's August 13, 2013 *Mediation Order* [Docket No. 322] ("<u>Mediation Order</u>"). It was thus the

13-53846-tjt    Doc 5892    Filed 07/09/14    2    Entered 07/09/14 16:20:24    Page 2 of 5

City's choices and refusal to engage with Assured that led to the Clawback Motion and the costs that motion entailed. This is a classic example of where the offending party's failure "is due to willfulness, bad faith, or fault," where "the adversary was prejudiced by the party's failure to cooperate in discovery," and "the party was warned that failure to cooperate could lead to the sanction." *Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 766 (6th Cir. 2005).

3.  The City details the mechanics of its document production (Response at 2-4, 12-13 & Exh. A) to argue that it cannot fairly be faulted for its numerous violations of the Mediation Order, which the City oddly contends were not merely excusable but actually "justified." (*Id.* at 9.) Yet the City nowhere represents that it ever did the one simple check before production that would have revealed the problem in an instant and prevented it: word-search for terms such as "mediation order", "mediation privilege" or even just "mediation", which is how Assured found many of the offending documents in the City's production. Indeed, the City admits that the bulk of the improperly-disclosed documents and the claimed vendor error were not found until after the City's re-review following the Court's order in response to Assured's Clawback Motion (Response at 7), meaning that these issues would not have been discovered and fixed had the City been left to its own devices in the absence of a the Clawback Motion. In view of this obvious failure of diligence, the City's attempt to paint itself as blameless rings hollow.

4. The City, without any acknowledgment of the vital purposes that the Mediation Order is intended to serve in this complex bankruptcy case, asserts, as it did at the May 12, 2014 hearing, that there was no real prejudice from its producing *hundreds* of documents (*see* Clawback Motion ¶ 11; Response Exh. A ¶ 16) in violation of that order. The Court, however, expressed a different view at the hearing: "In the Court's view, this is a major problem that needs to be solved today." (5/12/14 Tr. [Docket No. 4919] at 35:7-8.) The clawback was one of the sources of the document-related delays in this case that eventually led to the changed schedule for the plan confirmation hearing. The City's suggestion that the Court take guidance from cases involving discovery sanctions for problems of much smaller dimensions involving far fewer parties in routine commercial litigation is hardly apposite in the context of this case.

5. Given the City's intransigence that required the Clawback Motion to be made, the City's failure to perform the easy and simple diligence that would have revealed the sizable problem beforehand, the burden and delay that the City's actions placed on numerous parties, and the important interests served by the Mediation Order that the City's actions jeopardized, the Court would be well justified in the sound exercise of its discretion to find that the City acted without substantial justification, which is the relevant test under Rule 37 (*see* Motion ¶ 10; Response at 8-9), so as to warrant an award of Assured's costs here, as well to act

under the Court's inherent power, *see First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002); *Tenn-Fla Partners v. First Union Nat'l Bank (In re Tenn-Fla Partners)*, 226 F.3d 746, 751 (6th Cir. 2000).[1]

WHEREFORE, Assured respectfully requests that its Motion be granted in full.

Dated: July 9, 2014

Respectfully submitted,

By: /s/ *Lawrence A. Larose*
Lawrence A. Larose
Samuel S. Kohn
Robert A. Schwinger
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
llarose@chadbourne.com
skohn@chadbourne.com
rschwinger@chadbourne.com

*Counsel for Assured Guaranty Municipal Corp.*

---

[1] This reply is accompanied by a declaration formally attesting that the fees claimed on the Motion are accurate and reasonable. The Motion describes the basis of the fees claimed (which involve not just drafting motion papers but also investigating the extent of the problem, communicating with the City about it, arguing the motion and then implementing the clawback) in detail sufficient to enable the Court to judge their reasonableness and make any adjustments the Court deems appropriate. The Court itself stated to the City's counsel at the May 12, 2014 hearing, "if parties have to do extra work because of your violation of a court order, why should they bear the burden of that?" (5/12/14 Tr. at 32:25 - 33:2), and accordingly invited this Motion (*id.* at 101:24 - 102:2).