# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 |
| Debtor. | : | Hon. Steven W. Rhodes |

**DECLARATION OF LAWRENCE A. LAROSE IN SUPPORT OF THE MOTION OF ASSURED GUARANTY MUNICIPAL CORP. FOR COSTS RELATING TO CLAWBACK OF DEBTOR'S DOCUMENT PRODUCTION**

I, LAWRENCE A. LAROSE, hereby declare under penalty of perjury under 28 U.S.C. § 1746 as follows:

1. I am a member of the firm of Chadbourne & Parke LLP, counsel for Assured Guaranty Municipal Corp., formerly known as Financial Security Assurance Inc. ("Assured") in this bankruptcy case. I make this declaration in further support of Assured's *Motion for Costs Relating to Clawback of Debtor's Document Production* (Docket No. 5326) (the "Motion").

2. The Motion sets forth a detailed breakdown of Assured's expenses for attorneys' fees for activity relating to Assured's *Motion to Compel Full Clawback of Debtor's Document Production and Related Relief* [Docket No. 4560] (the "Clawback Motion"), including detail for date, narrative description, number of

hours, billing rate and total, along with similar detail for expenses of time spent by Assured's counsel's technical personnel, and counsel's out-of-pocket expenses. (*See* Motion ¶¶ 6-7 & Exh. A.)

    3.    I hereby certify and confirm that the expenses set forth in the Motion are accurate and reasonable. These expenses were incurred in the ordinary course, were recorded at or around the time of the activity they reference, and were recorded by attorneys and other employees who were under an obligation to record their time and counsel's out-of-pocket expenses truthfully. The information set forth therein was extracted from counsel's billing system, and accurately reflects hours recorded, actual billing rates and actual expenses. Extracted information, rather than copies of bills, was provided in order to protect privileged information otherwise contained in such bills and because some of the charges for which recovery is being sought had not yet been billed at the time when the Motion was made.

    4.    The expenses and activity reflected in the Motion for which an award is sought were reasonable, necessary and proportionate to the seriousness of the issues that Assured was forced to address through the Clawback Motion, and the necessary related activity that took place before and after the Clawback Motion was made, as the provided detail itself shows.

I, the undersigned, affirm under penalty of perjury that the foregoing is true and correct.

Dated: July 9, 2014

By: /s/ *Lawrence A. Larose*

Lawrence A. Larose
Samuel S. Kohn
Robert A. Schwinger
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone: (212) 408-5100
llarose@chadbourne.com
skohn@chadbourne.com
rschwinger@chadbourne.com

*Counsel for Assured Guaranty Municipal Corp.*