# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------x
                                      :
In re                                 : Chapter 9
                                      :
CITY OF DETROIT, MICHIGAN,            : Case No. 13-53846
                                      :
                        Debtor.       : Hon. Steven W. Rhodes
                                      :
-------------------------------------------------x
```

## STIPULATION REGARDING PROPOSED ORDER MODIFYING THE ORDER IDENTIFYING LEGAL ISSUES, ESTABLISHING SUPPLEMENTAL BRIEFING SCHEDULE AND SETTING HEARING DATES AND PROCEDURES [Docket No. 5235]

The City of Detroit, Michigan (the "City") and Merrill Lynch Capital Services, Inc. and UBS AG (together, the "Swap Counterparties" and, together with the City, the "Parties"), by and through each of their undersigned counsel, stipulate as follows:[1]

1.     On May 12, 2014, the Swap Counterparties filed the Limited Objection (Docket No. 4668) to the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (the "Plan"), stating that the Plan may not be a "Specified Plan" as that term is defined in the COP Swap Settlement

---

[1]     Capitalized terms not defined herein have the meanings given to them in the Plan.

due to, among other things, the application of the release provisions of the Plan and the failure of the Swap Counterparties to be included as Exculpated Parties.

2.     On June 5, 2014, the Court entered the Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures (Docket No. 5235) (the "Order Identifying Legal Issues"). Paragraphs 13 and 14 of the Order Identifying Legal Issues identified the following issues ("Issues 13 and 14") as ones that may be determinable as a matter of law:

> 13. Whether the Plan is a Specified Plan (as defined in the Settlement Agreement) that the Swap Counterparties would be obligated to vote in favor of and refrain from objecting to.
>
> 14. To the extent that the Plan is not a Specified Plan, whether the releases set forth in § III.D.7. of the Plan, which benefit certain non-debtor parties, are consensual as they relate to the Swap Counterparties and, if nonconsensual, whether such releases are legally permissible.

3.     On June 30, 2014, the Swap Counterparties filed the Supplemental Limited Objection to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 5696) and the City filed the Debtor's Supplemental Brief on Legal Issues Relating to Confirmation of Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 5707).

4.     The Parties have reached an agreement that resolves the Swap Counterparties' objection to Plan confirmation.   Specifically, the Parties have

agreed that (a) the City shall modify the language in the Plan concerning the release and exculpation provisions as set forth on <u>Exhibit 1</u>, and (b) (i) in reliance on the modifications set forth on <u>Exhibit 1</u>, the Swap Counterparties shall vote in favor of the Plan, and (ii) the Swap Counterparties acknowledge that the Plan (once modified in accordance with this Stipulation) shall constitute a Specified Plan that the Swap Counterparties shall not object to; provided that nothing in this Stipulation shall prejudice (a) the City's right to further modify, amend, or supplement the Plan or (b) the Swap Counterparties' right to object to or oppose the Plan due to any such modifications, amendments or supplements thereto.

5. Having thus reached a consensual resolution regarding Issues 13 and 14 in the Order Identifying Legal Issues, the Parties submit that oral argument regarding Issues 13 and 14 is unnecessary, and respectfully request that the Court enter the proposed Order attached hereto as <u>Exhibit 2</u>, modifying the Order Identifying Legal Issues accordingly.

6. This Stipulation contains the entire understanding of the Parties hereto concerning the subject matter hereof and supersedes all prior understandings and agreements, whether written or oral, between the Parties hereto and may not be modified or amended except by written agreement of the Parties. The Parties acknowledge that they are not relying on any promises or representations not contained in this Stipulation.

7.      This Stipulation may be executed in counterparts by facsimile, email, or other similar electronic transmission, each of which shall be deemed an original and all of which when taken together shall constitute one document.

Dated:  July 10, 2014


 /s/ Kelley A. Cornish
Daniel J. Kramer
Richard A. Rosen
Kelley A. Cornish
Stephen J. Shimshak
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3000
dkramer@paulweiss.com
rrosen@paulweiss.com
kcornish@paulweiss.com
sshimshak@paulweiss.com

Attorneys for UBS AG

 /s/ Marshall S. Huebner
Marshall S. Huebner
Damian S. Schaible
Elliot Moskowitz
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
(212) 450-4000
marshall.huebner@davispolk.com
damian.schaible@davispolk.com
elliot.moskowitz@davispolk.com

Attorneys for Merrill Lynch Capital
Services, Inc.

 /s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK
   AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# EXHIBIT 1

## **Plan Modifications**

The definitions of "DIA Funders," "Exculpated Parties" and "Foundations" in Section I.A. of the Plan will be modified as follows:

> "DIA Funders" means those persons, businesses, business-affiliated foundations and other foundations listed on Exhibit C to the summary of the material terms of the DIA Settlement, which is attached hereto as Exhibit I.A.91, and all additional persons, businesses, business-affiliated foundations and any other foundations from which DIA Corp. secures commitments to contribute monies in furtherance of the DIA Settlement, solely in their capacity as participants in the DIA Settlement.

> "Exculpated Parties" means, collectively and individually, (a) the RDPFFA and its board of trustees/directors, attorneys, advisors and professionals, (b) the DRCEA and its board of trustees/directors, attorneys, advisors and professionals, (c) the postpetition officers of the Detroit Police Lieutenants and Sergeants Association, (d) the postpetition officers of the Detroit Police Command Officers Association, (e) GRS and its postpetition professional advisors, (f) PFRS and its postpetition professional advisors and (g) Gabriel, Roeder, Smith & Company and (h) the COP Swap Exculpated Parties.

> "Foundations" means those entities identified on Exhibit B to the summary of the material terms of the DIA Settlement, which is attached hereto as Exhibit I.A.91, solely in their capacity as participants in the DIA Settlement.

The following definition of "COP Swap Exculpated Parties" will be inserted in Section I.A. of the Plan:

> "COP Swap Exculpated Parties" means the COP Swap Counterparties and their affiliates and each of their respective present and former (i) officers, (ii) directors, (iii) employees, (iv) members, (v) managers, (vi) partners and (vii) attorneys, attorneys-in-fact and other advisors, in each case solely in their capacity as such.

Section III.D.6. of the Plan will be modified as follows:

> **6.    Exculpation.**

From and after the Effective Date, to the fullest extent permitted under applicable law, neither the City, its Related Entities (including the members of the City Council, the Mayor and the Emergency Manager), to the extent a claim arises from actions taken by such Related Entity in its capacity as a Related Entity of the City, the State, the State Related Entities, the Exculpated Parties nor the Released Parties shall have or incur any liability to any person or Entity for any act or omission in connection with, relating to or arising out of the City's restructuring efforts and the Chapter 9 Case, including the authorization given to file the Chapter 9 Case, the formulation, preparation, negotiation, dissemination, consummation, implementation, confirmation or approval (as applicable) of the Plan, the property to be distributed under the Plan, the settlements implemented under the Plan, the Exhibits, the Disclosure Statement, any contract, instrument, release or other agreement or document provided for or contemplated in connection with the consummation of the transactions set forth in the Plan or the management or operation of the City; provided, however, that the foregoing provisions shall not affect the liability of the City, its Related Entities, the State, the State Related Entities, the Released Parties and the Exculpated Parties that otherwise would result from any such act or omission to the extent that such act or omission is determined in a Final Order to have constituted gross negligence or willful misconduct or any act or omission occurring before the Petition Date. The City, its Related Entities (with respect to actions taken by such Related Entities in their capacities as Related Entities of the City), the State, the State Related Entities, the Released Parties and the Exculpated Parties shall be entitled to rely upon the advice of counsel and financial advisors with respect to their duties and responsibilities under, or in connection with, the Chapter 9 Case, the administration thereof and the Plan; provided, further, that this Section III.D.6. shall not affect any liability of any of the COP Swap Exculpated Parties to Syncora Guarantee Inc., Syncora Capital Assurance Inc. or Financial Guaranty Insurance Company in connection with the COP Swap Settlement.

Section III.D.7 of the Plan will be modified as follows:

**7.      Releases**

Without limiting any other applicable provisions of, or releases contained in, the Plan or any contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, as of the Effective Date, in consideration for the obligations of the City under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan (including the State Contribution Agreement):

a.      each holder of a Claim that votes in favor of the Plan, to the fullest extent permissible under law, will be deemed to forever release, waive and discharge (in addition to the release and discharge of Claims otherwise provided herein and under the Confirmation Order and the Bankruptcy Code):

i.      all Liabilities in any way relating to the City, the Chapter 9 Case~~,~~ (including the authorization given to file the Chapter 9 Case~~)~~, the Plan, the Exhibits or the Disclosure Statement, in each case that such ~~entity~~holder has, had or may have against the City~~,~~ or its ~~Related Entities~~current and former officials, ~~the State~~officers, ~~the State Related Entities and the Released Parties (which release will be in addition to the discharge of Claims provided herein and under the Confirmation Order and the Bankruptcy Code)~~directors, employees, managers, attorneys, advisors and professionals, each acting in such capacity; and

ii.      all Liabilities in any way relating to (A) Claims that are compromised, settled or discharged under or in connection with the Plan, (B) the Chapter 9 Case (including the authorization given to file the Chapter 9 Case), (C) the Plan, (D) the Exhibits, (E) the Disclosure Statement, or (F) the DIA Settlement, in each case that such holder has, had or may have against the

City's Related Entities, the State, the State Related Entities and the Released Parties; provided that any such Liability of the Foundations, the DIA Funders and the CFSEM Supporting Organization and their Related Entities shall be released only to the extent that such Liability arises from any such entity's participation in the DIA Settlement; ~~;~~

provided, however, that the foregoing provisions shall not affect the liability of the City, its Related Entities and the Released Parties that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct~~; provided further that this Section III.D.7.a shall not apply to any Exculpated Party~~; and provided further, however, that if Classes 10 and 11 vote to accept the Plan, but any necessary conditions precedent to the receipt of the initial funding from the State (pursuant to the State Contribution Agreement) and the DIA Funding Parties (pursuant to the DIA Settlement) that can be satisfied or waived by the applicable funding party prior to the Confirmation Hearing (including, but not limited to, adoption of relevant legislation and appropriations by the State and execution of necessary and irrevocable agreements for their funding commitments by each of the DIA Funding Parties, which conditions may not be waived) are not satisfied or waived by the applicable funding party prior to the Confirmation Hearing, then Holders of Claims in Classes 10 and 11 that voted to accept the Plan shall be deemed to have voted to reject the Plan, and the voluntary release set forth in the first sentence of this Section III.D.7.a shall not apply to Holders of Claims in Classes 10 and 11; ~~and~~provided, further, that nothing in this Section III.D.7.a shall release (1) the City's obligations under the Plan or (2) any defenses that any party may have against the City, its Related Entities, the State, the State Related Entities or the Released Parties; and

b.    if the State Contribution Agreement is consummated, each holder of a Pension Claim will be deemed to forever release, waive and discharge all Liabilities arising from or related to the City, the Chapter 9 Case, including the authorization given to file the Chapter 9 Case, the Plan, all Exhibits, the Disclosure Statement, PA 436 and its predecessor or replacement statutes, and Article IX, Section 24 of the Michigan Constitution that such party has, had or may have against the State and any State Related Entities.  For the avoidance of doubt, the Plan does not release, waive or discharge obligations of the City that are established in the Plan or that arise from and after the Effective Date with respect to (i) pensions as modified by the Plan or (ii) labor-related obligations.  Such post-Effective Date obligations shall be enforceable against the City or its representatives by active or retired employees and/or their collective bargaining representatives to the extent permitted by applicable non-bankruptcy law and/or the Plan.

Notwithstanding Sections III.D.5-7 and IV.K of the Plan, except as set forth in the COP Swap Settlement, nothing in the Plan or the Confirmation Order shall or shall be deemed to provide a release by the COP Swap Counterparties of any Liabilities related to the COPs, the COP Service Corporations, the Transaction Documents (as defined in the COP Swap Settlement), the COP Swap Settlement or the COP Swap Settlement Approval Order.

# EXHIBIT 2

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-----------------------------------------------------x
                                          :
In re                                     : Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                : Case No. 13-53846
                                          :
                          Debtor.         : Hon. Steven W. Rhodes
                                          :
-----------------------------------------------------x
```

## ORDER MODIFYING THE ORDER IDENTIFYING LEGAL ISSUES, ESTABLISHING SUPPLEMENTAL BRIEFING SCHEDULE AND SETTING HEARING DATES AND PROCEDURES [Docket No. 5235]

This matter came before the Court on the Stipulation Regarding Proposed Order Modifying the Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures [Docket No. 5235] (the "Stipulation"),[1] filed by the City of Detroit (the "City") and the Swap Counterparties; the Court having reviewed the Stipulation; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court being fully advised in the premises;

---

[1] Capitalized terms not defined herein have the meanings given to them in the Stipulation.

IT IS HEREBY ORDERED THAT:

1.     The Stipulation is APPROVED.

2.     The issues identified in paragraphs 13 and 14 of the Order Identifying Legal Issues ("Issues 13 and 14") have been consensually resolved. Accordingly, the Order Identifying Legal Issues is modified to delete paragraphs 13 and 14.

3.     The Court will not hear arguments regarding Issues 13 and 14 at the hearing on legal issues scheduled for July 16, 2014.

4.     Except as set forth in the Stipulation and COP Swap Settlement with respect to the Swap Counterparties, nothing herein shall prejudice or limit in any way any party's rights to object to or oppose the Plan.

5.     The City will amend the Plan in accordance with the Stipulation.

## CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Stipulation Regarding Proposed Order Modifying the Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures [Docket No. 5235] was filed and served via the Court's electronic case filing and noticing system on this 10th day of July, 2014.

/s/ Heather Lennox