UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
                                           :

In re                                       : Chapter 9

CITY OF DETROIT, MICHIGAN,      : Case No. 13-53846

              Debtor.                : Hon. Steven W. Rhodes

------------------------------------------------------x

**ORDER REFLECTING TERMS OF TENTATIVE AGREEMENT BETWEEN THE CITY OF DETROIT AND THE DETROIT POLICE OFFICERS ASSOCIATION REGARDING PLAN OF ADJUSTMENT**

This matter came before the Court on the Stipulation for an Order Reflecting Terms of Tentative Agreement Between the City of Detroit and the Detroit Police Officers Association Regarding Plan of Adjustment (the "Stipulation"),[1] filed by the City of Detroit (the "City") and the Detroit Police Officers Association (the "DPOA" and, together with the City, the "Parties"); the Court having reviewed the Stipulation; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court being fully advised in the premises;

---

[1]     Capitalized terms not defined herein have the meanings given to them in the Stipulation.

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

2. The DPOA Objections are hereby deemed withdrawn, without prejudice to the ability of the DPOA to re-file the DPOA Objections if the DPOA membership does not ratify a collective bargaining agreement by July 25, 2014.

3. The withdrawal of the DPOA Objections is without prejudice to, and does not waive, any right of the DFFA to assert any arguments that were asserted in the DPOA Objections that were previously expressly incorporated by the DFFA into the DFFA's Filed objections to the Plan.

4. With respect to the DPOA Class 14 Claims, the DPOA shall vote to accept the Plan, without prejudice to the ability of the DPOA to re-file the DPOA Objections if the DPOA membership does not ratify a collective bargaining agreement by July 25, 2014.

5. In the event that (a) the DPOA casts a timely Class 14 Ballot(s) to accept the Plan and (b) the DPOA membership does not ratify a collective bargaining agreement by July 25, 2014, (x) the Class 14 Ballot(s) submitted by the DPOA will not be counted for purposes of determining whether Class 14 has accepted the Plan in accordance with section 1126(c) of the Bankruptcy Code; and (y) the Claims and Balloting Agent will File, no later than August 4, 2014, a

revised tabulation affidavit with respect to Class 14 reflecting the exclusion of the DPOA Class 14 Ballot(s).

.

**Signed on July 10, 2014**

                                                          /s/ Steven Rhodes
                                                    **Steven Rhodes**
                                                    **United States Bankruptcy Judge**