UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN  FILED
SOUTHERN DIVISION

2014 JUL 11 P 1:41

U.S. BANKRUPTCY
E.D. MICHIGAN-DETROIT

In re:

CITY OF DETROIT, MICHIGAN,

Debtor.

Case No. 13-53846

Hon. Steven W. Rhodes

Chapter 9

_____/

## OBJECTING CREDITOR THOMAS J. CIPOLLONE'S
## IDENTIFICATION OF LEGAL ISSUES RELATING TO CONFIRMATION

I AM A CREDITOR (Doc. No. 264), and a member of Class 11 (General Retirement System active employee).

As an individual active employee creditor, I intend to timely object to the Fourth Amended Plan (the "Plan") because the Annuity Savings Fund ("ASF") Recoupment, as an element of the proposed GRS reduction, is illegal, inequitable and unfair as it is applied both within Class 11 and in relation to other classes. I file this Identification of Legal Issues in accordance with the Court's Order, Doc. No. 5021.

1.) I was promised a rate of earnings of 7.9% per year for depositing a percentage of my salary in the ASF. Such a rate of earnings does not violate either Michigan or federal law.

2.) My ASF funds, including the interest earned and accumulated as a result of my participation in the ASF, are fully vested and have been placed in a trust that is separate and independent of the City.

3.) Neither the City nor any other person, by vote or otherwise, may take or confiscate my vested funds or other property under color of law.

4.) Neither the City nor any other person, by vote or otherwise, may diminish my promised rate of earnings years after the fact, thereby indirectly taking my funds or property.

5.) Taking my ASF earnings would be legally impermissible and would violate my various state and federal Constitutional, statutory and common law rights, including but not limited to, the right to be secure in my property, substantive and procedural due process, equal protection, and fairness.

6.) Although the Debtor ("City") has purported to explain how ASF Recoupment would be applied in the definitions of "Actual Return", "Annuity Savings Fund Excess Amount", "ASF Recoupment" and "ASF Recoupment Cap", and under the heading "r. Class 11 – GRS Pension Claims, ii. Treatment, D. Annuity Savings Fund Recoupment", among other definitions and sections, <u>nowhere</u> does the City provide a legal basis for the proposed Recoupment.

7.) If City's alleged basis for ASF Recoupment is either fraudulent transfer or unjust enrichment, which it seeks to remedy by use of a "claw back", the longest arguably applicable statute of limitations for claw back is six (6) years, and may be shorter under Michigan and/or federal law. The Plan proposes a claw-back period for ASF Recoupment of ten (10) years, from July 1, 2003, through June 30, 2013, exceeding the longest legally permissible statute of limitations by four (4) years. A claw-back or cram-down that is legally impermissible may not be legally imposed on me as a result of a vote or otherwise.

8.) The Plan fails to disclose that the monthly Recoupment amount presented on the ballot of each Class 11 retiree subject to Recoupment, upon information and belief, includes the charging of interest at the rate of 6.75%. The charging of such interest is an additional taking of my property, further violating my rights set forth in Paragraph 5 herein. The failure to disclose the charging of interest, and the rate of such interest, violates both Michigan and federal lending, and consumer protection laws, as well as the duty to provide notice and disclosure under federal and state law. The lack of transparency and full disclosure by the City of this and other financial information during these Chapter 9 proceedings violates federal bankruptcy requirements.

9.) Class 11 is made up of two distinctly different creditor groups, those subject to ASF Recoupment, and those not subject to it. Because the number of those subject to Recoupment is less than half the total number in the Class, on a numerical vote basis they *could not defeat* the Plan treatment of Class 11 even if 100% of them voted against it. Conversely, those *not* subject to ASF Recoupment could numerically impose a "Yes" outcome on the minority who are. This violates the procedural and substantive rights of those employees subject to Recoupment. These two groups, who are treated differently, should not be part of the same Plan Class.

10.) Within Class 11, the ASF Recoupment would unfairly place the burden of repaying some $238 million of alleged "excess" interest on a subset of the Class by reducing their ASF earnings, if this Plan is approved. If there is a shortfall in the funding for GRS pensions, it should be allocated across the entire Class 11, and in particular should include retirees who received overpayments on pensions checks, also known as 13th checks, for most years during the City-proposed Recoupment period. Upon information and belief, the amounts paid to retirees with the 13th check during the Recoupment period far surpassed the amounts over the 7.9% minimum rate of ASF earnings that may have been paid to ASF participants.

11.) Employees who participated in the ASF program during the Recoupment Period did so in reliance upon a vesting of all rights in such funds, with no liens or other claims of right by the City or any other party to any interest, residual or otherwise, in them. In addition, those funds are held in an independent trust for employees who participated in the ASF program. Therefore, the City is estopped from recouping such funds by the justifiable reliance interest of the ASF participants and prohibited by law from attaching the ASF funds placed in an independent trust.

12.) I incorporate by reference into my objections the objections of other creditors to the Plan of Adjustment and the City's Chapter 9 eligibility, in particular those of fellow Class 11 creditors James M. Edwards, filed June 3, 2014 and Patrick J. Murray, filed June 5, 2014.

13.) I request to have the issues that I have raised heard in the United States District Court for the Eastern District of Michigan, Southern Division as well as the United States Court of Appeals for the Sixth Circuit and United States Supreme Court.

                        Respectfully submitted,

*Thomas J. Cipollone*
Thomas J. Cipollone
49850 Joy Road
Plymouth, MI 48170
Telephone: 313-582-1898
cipollonet@yahoo.com

Dated: July 11, 2014

### CERTIFICATE OF SERVICE

I, Thomas J. Cipollone, hereby certify that the foregoing Objecting Creditor Thomas J. Cipollone's Identification of Legal Issues Relating to Confirmation was filed and served via the Court's electronic case filing and noticing system on July 11, 2014.

*Thomas J. Cipollone*
Thomas J. Cipollone
49850 Joy Road
Plymouth, MI 48170
Telephone: 313-582-1898
cipollonet@yahoo.com