UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In the matter of:

CITY OF DETROIT, MICHIGAN          Case No. 13-53846-swr
                                    Chapter 9
_____ Debtor____/    Hon. STEVEN W. RHODES

**OBJECTION TO CITY OF DETROIT'S PLAN OF ADJUSTMENT [DOCKET 2708]**

FILED BY: _____

Harold W. Collins hereby states his OBJECTION TO:

<u>CITY OF DETROIT'S PLAN OF ADJUSTMENT</u>

for the following reasons.

1. I am interested in the Bankruptcy of the City of Detroit because:

   I am a City of Detroit Retiree and as such am a Creditor with standing in this matter.

2. I object to the above filing because:

The Order Resolving Motion Of The General Retirement System of The City Of Detroit To Designate And Determine Additional Legal Issue Regarding Methodology For ASF Recoupment From Retirees [Docket No. 5478] (the "Stipulation"), was not determined based on Michigan Law, Case Precedent, or any other Legal or Equitable basis.

_____
_____
_____
_____

3. I have attached additional sheets to explain and establish my position.

   I hereby certify that the statements made herein are true and correct under penalty of perjury and contempt of Court under the laws of the United States of America.
   Wherefore I request the Court will deny the relief sought in said filing.

                                    Name: Harold W. Collins
                                    Signature: /s/ Harold W. Collins
                                    Address: 1280 Strathcona Dr. Detroit, MI. 48203
                                    Email: collinsharold@comcast.net

Dated:

# EXHIBIT 1

{01496257}
200844916.5 14893/165083
13-53846-swr    Doc 5478    Filed 06/20/14    Entered 06/20/14 15:30:06    Page 26 of 8
13-53846-tjt    Doc 5952    Filed 07/14/14    Entered 07/14/14 15:10:58    Page 2 of 16

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**ORDER GRANTING MOTION OF
THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT
TO DESIGNATE AND DETERMINE ADDITIONAL LEGAL ISSUE
REGARDING METHODOLOGY FOR ASF RECOUPMENT FROM RETIREES**

This matter coming before the Court upon the Motion of the General Retirement System of the City of Detroit to Designate and Determine Additional Legal Issue Regarding Methodology for ASF Recoupment From Retirees (the "Motion");[1] and the Court having considered the Motion and the arguments of counsel at a hearing conducted before the Court on June __, 2014; and due and adequate notice of the Motion having been provided to parties in interest; and the Court finding good cause for the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ADJUDGED AND ORDERED that:

1. The Motion is **GRANTED**, as set forth herein.

2. The issue of whether GRS retirees who are subject to ASF Recoupment should have the ability and option to pay the Annuity Savings Fund Excess Amount in one lump sum within a reasonable time subsequent to the Effective Date, or whether such retirees must pay their Annuity Savings Fund Excess Amounts at 6.75% interest via reductions in their monthly pension payments is designated as a discrete legal issue properly to be determined by the Court in advance of the Plan confirmation trial.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

{01496257}
200872199.1 14893/165083
13-53846-swr  Doc 5478  Filed 06/20/14  Entered 06/20/14 15:30:06  Page 3 of 8
13-53846-tjt  Doc 5952  Filed 07/11/14  Entered 07/11/14 15:18:58  Page 3 of 16

3. The Court finds, for the reasons stated in the Motion, that requiring GRS retirees to pay the Annuity Savings Fund Excess Amount over time with 6.75%, without the option of paying the Annuity Savings Fund Excess Amount in a lump sum within a reasonable period of time after the Effective Date of the Plan, is improper and not supportable in law. The Court agrees with GRS that permitting GRS retirees to pay the Annuity Savings Fund Excess Amount in a lump sum within 90 days after the Effective Date of the Plan would be proper and reasonable.

4. The Court's ruling herein is not intended to supplant the City's drafting and presentation of a plan of adjustment but only to provide guidance on a discrete legal issue. The City may proceed to amend or otherwise present a plan of adjustment for consideration by the Court as the City deems appropriate.

{01496257}
200872199.1 14893/165083
- 2 -
13-53846-swr    Doc 5478    Filed 06/20/14    Entered 06/20/14 15:30:06    Page 8 of 8
13-53846-tjt    Doc 5952    Filed 07/11/14    Entered 07/11/14 15:16:58    Page 4 of 16


ADVERTISEMENT

eEdition   Stay Connected ▼   Customer Service ▼   Advertise ▼                                    Classifieds ▼   Homes ▼   Jobs ▼   Cars ▼   Shopping ▼

The Detroit News
# Metro and State Wayne County

News ▼   Sports ▼   Business + Autos ▼   Entertainment + Lifestyle ▼   Opinion ▼   Multimedia ▼
TRENDING TOPICS •   FREE AGENCY •   MOVING SOUTH •   RED WINGS DEFENSE •   LOCALLY CAUGHT FISH •   AUSTIN JACKSON •   SWIMMER'S ITCH •   TIGERS' MINORS

Home    Metro    Wayne County

JUNE 30, 2014 AT 2:19 PM

## Detroit retirees can choose lump sum repayment for annuity 'clawback'

CHAD LIVENGOOD   THE DETROIT NEWS
7 COMMENTS

Detroit retirees in the General Retirement System will be able to repay excess interest earnings credited to their retirement savings accounts by making a lump sum payment instead of getting monthly pension check reductions.

A committee representing retirees in Detroit's bankruptcy announced Monday morning a deal has been reached between city and GRS officials to allow for a lump sum repayment.

In addition to a base pension cut of 4.5 percent, Detroit is attempting to recoup up to $239 million from retirees whose optional annuity savings accounts were credited with interest earnings that exceeded the retirement system's actual investment returns. Retirees contributed 3, 5 or 7 percent of their paycheck to the savings fund, which is separate from their lifetime pension benefits.

In some years, retirees saw their annuity funds grow by at least 7.9 percent while the pension fund posted losses, which Emergency Manager Kevyn Orr contends harmed the overall health of the pension fund.

Some 12,000 members of the retirement system face reductions in their monthly pension checks of up to 15.5 percent through the annuity savings fund recoupment, or clawback.

The clawback only applies to past and present workers who had an active account from July 1, 2003 to June 30, 2013. **During that ten-year period, retirees earned 11.1 percent in interest on their annuity savings, while the GRS pension fund only returned about 5.5 percent in profits, according to Orr's office.**

Under the deal, the voluntary lump sum payments would be capped at 20 percent of the highest value of a retirees' account during the clawback period. The city will allow up to $30 million in lump sum payments, according to the Official Committee of Retirees.

"This cash option will make it easier on some people to pay the recoupment and allow them to maintain their monthly budgets without an additional adjustment to their pension benefits," Orr said Monday in a statement.

Orr's office said retirees subject to the clawback will be mailed a letter explaining the optional "cash option."

Recommend  43
Tweet  7
0


✉ Email
🖶 Print
↗ Share
— AA +

Crowne Plaza Detroit Downtown Riverfront
Crowneplaza.com

   Best Price Guarantee
$117.00
ADVERTISEMENT

**Celebrate Michigan Photo Contest**
Upload your photos of what makes Michigan a great place to live in our 8th annual contest! Finalists selected weekly, prizes awarded Sept. 3.

>> Rules, prizes, entry form

**Most Popular**

Tigers' highs, lows largely byproducts of Dave Dombrowski's roster decisions

Historic Michigan Theatre, Detroit Club go up for public auction

Pistons thinking 'value' over 'splash' in free agency

Michigan enjoys strong start in bid to land LB Dele' Harding

UP        DOWN


ADVERTISEMENT

The deal comes just 11 days before retiree voting ends in Detroit's historic bankruptcy. Members of the General Retirement System had requested the option to make a lump sum payment after a 60-day voting period began in May.

Retirees have until July 11 to return their ballots and decide whether to agree to accept modest pension reductions in exchange for a pool of $466 million in private funds and $195 million in state aide to shore up Detroit's two pension funds.

Orr said the option for retirees to make a lump sum payment is only available if retirees vote in favor of the city's Plan of Adjustment. If they vote no, the base pensions swell from 4.5 percent to 27 percent and a 20 percent overall "pain" cap for the annuity clawback gets lifted.

The mediation team led by Chief U.S. District Court Judge Gerald Rosen praised the agreement Monday.

"This agreement continues to momentum toward a fair and balanced agreed-upon (Plan of Adjustment) in which the city and most of its creditors have now resolved their differences and agreed upon the best path forward for the city, its employees and retirees, and its residents," the mediators said in a statement.

The retiree committee credited bankruptcy mediator Eugene Driker, a Detroit attorney, for his efforts in helping the city and retirees strike the deal.

clivengood@detroitnews.com
(517) 371-3660
http://twitter.com/ChadLivengood

MORE ON THIS TOPIC

- AFSCME, Orr sign contracts that include pay increase for
- Detroit's largest city employee union ratifies five-year contract
- Online house auction raises $1M so far for Detroit

Lincoln MKZ Offers
lincoln.com
Low Prices on Lincoln MKZ Now. See Your Official Lincoln Dealer!



Remodeled Thru-out
$650 month
3 bedroom...
(248) 943-6015
Detroit W -3 bedroom on Schaefer Remod.thru-out $650/mo. Section 8 ok. (248) 943-6015...

« Previous   Next »
in Partnership with
HomeFinder

## Join the Conversation

The Detroit News aims to provide a forum that fosters smart, civil discussions on the news and events that we cover. The News will not condone personal attacks, off topic posts or brutish language on our site. If you find a comment that you believe violates these standards, please click the "X" in the upper right corner of the post to report it.

POLICIES
Community Policy
Privacy Policy
Terms of Service

Add a comment...

Comment


**Rashid Abdul-Ghani**  Top Commenter
If the interest payments were illegal, sue me! Where's the due process?
Reply · Like · 5 · 9 hours ago


**Joseph Brzoska**  Top Commenter · University of Chicago
The bankruptcy case constitutes due process. It does not require a separate court case.
Reply · Like · 6 · 8 hours ago


**Brian Brickley**  Top Commenter · Works at Mad scientist
Everyone here knows your the last person whom should be dispensing legal advice Rashid.
Reply · Like · 6 · 8 hours ago


**Cheryl LaBash**  Top Commenter
And exactly how was the "claw-back" amount determined? How can it be checked. A fine group of human beings Kevyn Orr and Rick Snyder -- won't claw-back half a billion in DWSD swap terminations, but it is easier to go after old folks. The Detroit City Council didn't change the rules for annuity interest until 2011, but Orr/Snyder are going back to 2003 retroactively. I am still voting NO -- make the banks pay for the destruction they caused. Revitalize the city with jobs -- like the WPA and CCC in the 1930s -- not water shutoffs, tax foreclosures and cutting pensioners livelihood [pensions taxed, health care cut, and now pension cuts and annuity clawback?]
Reply · Like · 3 · 6 hours ago


**Terrance Sims**  Top Commenter
Clawbacks can only legally be awarded in bankruptcy if there is preferential treatment or fraud. There was no preferential treatment because all retirees that put into the annuity fund received the same rate. There was no fraud in paying more then 7.9% to retirees. Moreover, Detroit citizens in 1996 voted to reaffirm to maintain the employees' ability to get not only 7.9%, but greater when the returns were greater over a period of years.

Facts go out the window when you have a mob mentality which is what we have with the conservative corporate media, conservative judges and conservative politician. But that is why a "NO" vote is so critical. Retirees must maintain their ability to take their case/argument to a higher court.
Reply · Like · 2 · 4 hours ago


**Heidi Lucken**  Top Commenter · Detroit, Michigan
Good, I'm ready to pay my clawback off now! Where is the address I send the money figure too!
Reply · Like · 8 hours ago

Facebook social plugin

### More From Wayne County

**12:44 PM**
Judge won't allow cellphone photos in Dearborn Heights murder trial


Wayne County Circuit Judge Dana Hathaway will not allow cellphone pictures of 19-year-old Renisha McBride allegedly holding bags of marijuana to be presented to jurors in the upcoming murder trial of Theodore Wafer.

**2:18 PM**
Meijer breaks ground on second Detroit store

**2:19 PM**
Detroit retirees can choose lump sum repayment for annuity 'clawback'

**12:47 PM**
Protesters seek 'affordability plan' during rally against Detroit water shut-offs

**12:30 PM**
Ex-Ferguson colleague faces sentencing in $12M bid-rigging case

**11:50 AM**
Detroit officials acknowledge councilman Benson may face misdemeanor charges

**6:51 AM**
9 people recovering after DDOT bus, tractor collide

### More from The Detroit News

Seen in the Photo Store



Subscribe

Follow Us On Twitter
Tweets by @detroitnews

Follow @detroitnews

The Detroit News Apps
**Stay up to date on the go with the latest from The Detroit News apps**

Our apps connect you with the best news, sports, auto and entertainment coverage from our team of award-winning journalists



Archives
Yesterday, Jun. 29
Saturday, Jun. 28
Friday, Jun. 27
Thursday, Jun. 26

# EXHIBIT 2

# TERM SHEET

GRS Participants who are subject to an ASF Recoupment (as defined in the Plan[1]) through reduction of their monthly pension (each, an ASF Distribution Recipient as defined in the Plan) but who wish to pay in a single lump sum the total amount of their ASF Recoupment, shall be provided a one-time opportunity to do so, subject to the following terms and conditions (the "ASF Recoupment Cash Option"):

1. No later than 7 days following the Effective Date, the City, through KCC, shall send a notice (the "Election Notice"), by first-class U.S. mail, to each ASF Distribution Recipient, notifying the recipient of the ASF Recoupment Cash Option and providing such recipient with an election form. The election form shall explain that the amount of the cash payment shall be the total amount of their ASF Recoupment as shown on their ballot unless the aggregate amounts of ASF Recoupment for recipients wishing to participate in the ASF Recoupment Cash Option exceeds the ASF Recoupment Cash Option Cap, in which case the cash payment will be as set forth in Paragraph 3 below.

2. Each ASF Distribution Recipient shall have 35 days from the date on the election form (which shall be the date on which the election form is mailed) (the "Election Date") to return the election form to KCC. For an election form to be valid, it must be <u>received by</u> KCC by the Election Date.

3. The ASF Recoupment Cash Option shall be capped at $30 million (the "ASF Recoupment Cash Option Cap"). If ASF Distribution Recipients timely return properly completed election forms by the Election Date that represent ASF Recoupment amounts that, in the aggregate, exceed the ASF Recoupment Cash Option Cap, then each such ASF Distribution Recipient will be permitted to participate in the ASF Recoupment Cash Option for his or her Pro Rata portion of the ASF Recoupment Cash Option Cap; such recipient's remaining portion of his or her ASF Recoupment amount will be annuitized as provided for in the Plan.

4. ASF Distribution Recipients who timely elect the ASF Recoupment Cash Option Cap shall be notified by GRS (the "Final Cash Payment Notice") of their final ASF Recoupment Cash Option amount following the Pro Rata analysis in Paragraph 3, which notice shall be mailed by the GRS no later than 14 days after the Election Date. ASF Distribution Recipients will be given the <u>later</u> of 90 days after the Effective Date or 50 days following GRS mailing of the Final Cash Payment Notice to make their payment. The payment must be by cashier's check or wire transfer. No personal checks will be accepted. If the payment is not timely wired or received by the deadline, GRS will notify the ASF Distribution Recipient of the failure to timely pay, and ASF Recoupment will be made through diminution of their monthly pension as currently provided in the Plan. The deadline will be absolute. There will be no exceptions for any reason for a late payment. The calculation of each electing ASF Distribution Recipient's ASF Recoupment Cash

---

[1] Capitalized terms used herein and not defined have the meanings ascribed to them in the Plan.

Option payment amount shall not be adjusted under any circumstances, including as a result of any default by any other electing ASF Distribution Recipient to timely remit payment pursuant to the Final Cash Payment Notice.

# CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Stipulation Resolving Motion of the General Retirement System of the City of Detroit to Designate and Determine Additional Legal Issue Regarding Methodology for ASF Recoupment From Retirees [Docket No. 5478] was filed and served via the Court's electronic case filing and noticing system on this 7th day of July, 2014.

/s/ Heather Lennox

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: ) Chapter 9
)
CITY OF DETROIT, MICHIGAN, ) Case No. 13-53846
)
Debtor. ) Hon. Steven W. Rhodes
)

# MOTION OF THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT TO DESIGNATE AND DETERMINE ADDITIONAL LEGAL ISSUE REGARDING METHODOLOGY FOR ASF RECOUPMENT FROM RETIREES

The General Retirement System of the City of Detroit ("GRS") hereby files this motion ("Motion") to raise a discrete legal issue before the Court regarding the treatment of GRS retirees with respect to the recoupment of Annuity Savings Fund Excess Amounts[1] under the City's Plan of Adjustment. The manner in which such amounts are recouped from retirees is an issue that could have a significant effect on how GRS retirees vote on the Plan of Adjustment. Accordingly, GRS respectfully submits that this is both an important and urgent issue.[2] In support of this Motion, GRS states as follows:

## Background

1. The Annuity Savings Fund ("ASF") is a voluntary program operating within the GRS pension plan which allows participants to create an account and then contribute 3%, 5%, or

---

[1] Any capitalized terms not otherwise defined herein shall have the definitions ascribed to them in the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (May 5, 2014) (the "Plan of Adjustment" or "Plan") [Dkt. No. 4392].

[2] Concurrent with this Motion, GRS has filed an ex parte motion for expedited hearing of this Motion.

{01496257}
200844916.5 14893/165083

7% of their gross pay, after tax, to that account.[3] The contributions paid in by ASF participants are invested with the rest of the GRS assets. Disclosure Statement, at 24. Upon retirement, the contributions made to an ASF account and the interest accrued thereon is paid either in one lump sum, or can be annuitized and paid on a monthly basis in addition to the individual's regular monthly pension payments. *Id.*

2. Under the Plan of Adjustment, the City plans to recoup certain "excess" interest that it claims has been paid on individual ASF accounts between July 1, 2003 and June 30, 2013 (the "Recoupment Amounts"), as more particularly described in the Plan.

3. The manner in which the Recoupment Amounts are to be recouped from ASF account holders differs depending on whether the account holder is (a) an active employee with an active ASF account or (b) a current retiree (or active employee who no longer has an ASF account). With regard to active employees, the Plan proposes that the Recoupment Amounts will be deducted from their ASF accounts, which results in all active employees paying their Recoupment Amounts in one lump sum. *Id.*

4. In contrast, for retirees (and active employees who no longer have an ASF account), the Plan proposes that their Recoupment Amounts will be converted into actuarially-determined monthly annuity amounts, and then deducted from the retirees' monthly pension checks for the remainder of their lives. The Recoupment Amount is annuitized based on the City's 6.75% investment rate of return assumption and upon other factors, such as life expectancy of the retirees.

---

[3] *See* Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, at 23-24 ("Disclosure Statement") [Dkt. No. 4391].

{01496257}
200844916.5 14893/165083
- 2 -
13-53846-swr Doc 5528 Filed 06/20/14 Entered 06/20/14 15:16:56 Page 2 of 16

## Argument

5. GRS submits that retirees who are subject to ASF Recoupment should have the option to pay their Recoupment Amounts in one lump sum, if they so choose, much like the active employees.

6. Recouping the Recoupment Amounts from retirees through reducing their monthly pension payments, without the option of making a lump-sum payment, creates a number of issues. First, since the Recoupment Amount is annuitized based on factors such as life expectancy, if retirees happen to outlive their life expectancy, the retirees would ultimately pay more than the Recoupment Amount under the Plan.

7. Further, subjecting retirees to this method of recoupment, without option, essentially forces them into a financing transaction at a fairly burdensome interest rate of 6.75%. In light of current interest rates on home equity loans, for instance, retirees may fare significantly better borrowing money—at a substantially lower interest rate than 6.75%—and using the loan proceeds to satisfy the Recoupment Amount in a lump-sum payment.

8. Given that active employees are able to satisfy their obligations with respect to the Recoupment Amount in a lump-sum payment, there does not appear to be any legal or equitable basis to deny retirees that same ability.

9. The City has taken the position that it "recognizes the hardship that may be caused by requiring the excess returns to be repaid in a single lump sum," so the Plan "structures the recoupment so that it is repaid over the individual's lifetime, from pension benefits that are yet to be repaid." [Dkt. No. 5034, ¶ 275]. But the Retirement Systems are not disputing the ability of the City to accept installment payments to avoid financial hardships in cases where the

{01496257}
2008449165 14893/165083
- 3 -

13-53846-swr Doc 5478 Filed 06/20/14 Entered 06/20/14 15:30:06 Page 3 of 6
13-53846-swr Doc 5521 Filed 07/11/14 Entered 07/11/14 15:16:58 Page 14 of 16

individuals *desire* to do so. Rather, they are disputing the City's ability to *prevent* ASF recipients from paying their entire Recoupment Amount in one lump sum.[4]

10. Further, the imposition of a 6.75% interest rate is simply not supported by Michigan law. If the City were to actually pursue its restitution theory against the recipients of the Annuity Savings Fund Excess Amounts and obtain a money judgment, the individuals would be permitted to pay off the judgment in one lump sum payment under Michigan law. There is no provision in Michigan law compelling a judgment debtor to satisfy a judgment debt over time rather than by a lump-sum payment. Therefore, imposing a 6.75% interest rate—when there are individuals who would like to pay a lump sum and avoid the interest penalty altogether—is unsupportable in law.

11. There is no discernible legal basis for the City to impose what is essentially an arbitrary penalty upon people seeking to pay their portion of the ASF Recoupment in a lump sum. Michigan law generally disfavors penalties or other forms of punitive damages. *Hicks v. Ottewell*, 174 Mich. App. 750, 756 (1989) ("Punitive damages are designed to punish a party for misconduct. In Michigan, punitive damages may not be awarded.").

12. GRS can and does represent to this Court that numerous members of its constituency have raised concerns about this issue and indicated that the outcome could be a deciding factor as to whether they will vote in favor of the Plan of Adjustment.

13. Pursuant to this Court's *Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures* entered on June 5, 2014 [Dkt. No. 5235] (the "Legal Issues Order"), the Court has identified various discrete legal issues related to the Plan and established a process for addressing and resolving them before the

---

[4] The Retirement System reserves all rights to challenge the ASF Recoupment provisions of the Plan at a later date consistent with the provisions of the stipulate Order entered on May 9, 2014 [Dkt. No. 4587] and any successor stipulated order.

- 4 -

{01496257}
200844916.5 14893/165083
13-53846-swr    Doc 5478    Filed 06/20/14    Entered 06/20/14 15:80:06    Page 4 of 86
13-53846-tjt    Doc 5527    Filed 07/11/14    Entered 07/11/14 13:16:59    Page 15 of 86

confirmation trial. Here, the GRS submits there is a discrete legal issue that should be similarly resolved independent of and prior to the Plan confirmation trial - - specifically, whether the City can compel retirees to pay their Recoupment Amounts over time with 6.75% interest and deny them the ability to satisfy such obligation in a lump-sum payment within 90 days, or some other reasonable period of time, after the Effective Date.

14. The Legal Issues Order provides for briefing by June 30, 2014, with arguments to be heard on July 16 and 17, 2014. However, due to the potentially significant impact of this issue on the Plan voting by GRS retirees, GRS submits that this is an urgent issue warranting expedited consideration. Accordingly, concurrent with this Motion, GRS has filed an ex parte motion for an expedited hearing of this matter.

15. GRS has had conversations with counsel for the City in the past several weeks regarding the relief requested in this Motion, and the City has not indicated concurrence.

WHEREFORE, GRS respectfully requests that the issue regarding the right of GRS retirees to be able to satisfy their Recoupment Amounts via a lump-sum payment be designated and determined by the Court as a discrete legal issue and seeks entry of an Order in the form attached hereto as Exhibit 1.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 South Old Woodward Avenue, Ste. 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

Dated: June 20, 2014

*Counsel to the General Retirement System of the City of Detroit*

{01496257}
200844916.5 14893/165083
- 5 -
13-53846-swr Doc 5478 Filed 06/20/14 Entered 06/20/14 15:30:06 Page 5 of 8
13-53846-tjt Doc 5528 Filed 07/11/14 Entered 07/11/14 13:16:58 Page 16 of 16