July 10, 2014

Judge Steven W. Rhodes
United States Bankruptcy Court
Eastern District of Michigan
211 West Fort Street
Detroit, Michigan 48226

Subject: Case No. 13-53846, Objection to City of Detroit Plan of Adjustment, Docket No. 4392 (and any future amended versions of the document)

Dear Judge Rhodes,

The undersigned, a retiree from the Detroit Police Department, objects to the City of Detroit's Plan of Adjustment (Plan) based on the following issues:

A. Class 10 and 12 treatment: The Plan contains no provisions that permit improved benefits to retirees should the City's financial status improve in the future. Although it may not seem feasible at this time, there is a possibility that the City will see an economic resurgence; however, since the Plan is projecting dire future revenues, it restricts the City from rescinding any of the retiree benefit cuts. In fact, the City's Plan expressly prohibits any changes of terms for the pension system for a period of 10 years:

> No Changes in Terms for Ten Years. Except as may be required to maintain the tax-qualified status of the PFRS, the City, the trustees of the PFRS and all other persons or entities shall be enjoined from and against the subsequent amendment of the terms, conditions and rules of operation of the PFRS, or any successor plan or trust, that govern the calculation of pension benefits (including the PFRS Adjusted Pension Amount, accrual of additional benefits, the DIA Proceeds Default Amount, the Prior PFRS Pension Plan, the PFRS Restoration Payment, the New PFRS Active Pension Plan Formula and the terms of the New PFRS Active Pension Plan) or against any action that governs the selection of the investment return assumption described in Section II.B.3.q.ii.B, the contribution to the PFRS or the calculation or amount of PFRS pension benefits for the period ending June 30, 2023, notwithstanding whether that subsequent amendment or act is created or undertaken by contract, agreement (including collective bargaining agreement), statute, rule, regulation, ordinance, charter, resolution or otherwise by operation of law.

B. Class 10 treatment, COLA reduction: The City plans to make no payments to the underfunded Police and Fire Retirement System through June 30, 2023. If the City were to contribute some level of funding to the system through 2023, imposition of a reduction, currently proposed to be 55% for an undetermined number of years with no chance of being fully restored, to the undersigned's annual escalator (referred to a COLA) could be eliminated or reduced.

C. Class 10 treatment, Additional Pension Benefit Reductions Potentially Exist: The City's Plan does not provide adequate assurances that pension funding will not be negatively impacted in the future. The Plan imposes a further pension reduction should there be a lack of funding by the DIA funders. Specifically, the Plan states:

> Modification of Benefits for PFRS Participants. During the period that ends no earlier than June 30, 2023, the pension benefits payable to each Holder of a PFRS Pension Claim shall be equal to the PFRS Adjusted Pension Amount for such Holder, provided that such PFRS Adjusted Pension Amount shall be (1) automatically reduced by the DIA Proceeds Default Amount in the event of a DIA Proceeds Payment Default..." A review of the Plan reveals that no other creditor is put in the position of having a payment default clause as part of their terms.

D. Other Post Employment Benefits (OPEBs) (Class 12): On March 1, 2014, the City of Detroit imposed significant reductions for retiree health care benefits, dental and vision benefits and death benefits without: 1) prior approval from the Court, 2) allowing this creditor, and other similarly situated, the chance to cast a ballot on the issue. Although the Plan includes terms of a settlement agreement reached with the Official Committee of Retirees on these issues, there has not been any evidence that the Court has approved the imposition of the terms of the agreement nor has there been any determination made by the retirees who are only now in the process of casting ballots on the issue.

E. OPEBs for 2014 (Class 12): As of March 1, 2014 the undersigned was required to obtain health care insurance as an individual since the City discontinued offering retiree health care insurance. The result is a more than 400% monthly payment increase for health care insurance through December of 2014. The undersigned is currently without dental or vision insurance due to the high costs. This impairment appears to be significantly more than what other creditors are being asked to be absorb.

F. OPEBs 2015 and beyond, establishment of a Voluntary Employees' Beneficiary Association (VEBA) (Class 12): Based on the information contained in the Plan under Article III, Section 3.1 it states that:

> Detroit Contributions. The Trust Fund shall accept from Detroit the Detroit Police and Fire VEBA Contribution. Apart from the Detroit

Page 2 of 3
13-53846-tjt    Doc 5968    Filed 07/11/14    Entered 07/11/14 16:39:24    Page 2 of 3

Police and Fire VEBA Contribution, Detroit shall have no further obligation to contribute to the Trust or otherwise fund the Plan.

**Additionally, the City's plan did not treat the retirees under the age of 65 fairly and the treatment is disparaging. There should be no group treated differently. The medical benefits for all retirees should be the same. The retirees under the age of 65 are predominantly all the minority groups in both police and fire (African American, Hispanic and Female) and is discriminatory.**

The City's Plan does not include any information as to the amount that the undersigned will receive other than it likely will be less than what I am currently receiving in 2014, which apparently will equate to a much more significant monthly increase for health care insurance.

Sincerely yours,

*[signature]*

Robbin C. Rivers
robbin.rivers@yahoo.com
Phone: 313-806-1401