UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re  
City of Detroit, Michigan  
      Debtor  
_____/

Chapter 9  
Case No. 13-53846  
Hon.: Steven W. Rhodes

# CREDITOR FIRST SUPPLEMENTAL OBJECTIONS TO THE FOURTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT

NOW COMES, Creditor Dennis Taubitz in pro per and for his Supplemental Objections to the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit states as follows:

1. Creditor reiterates his prior objections to Debtor's eligibility for bankruptcy and incorporates the objections of all other objectors.

2. Creditor reiterates his prior objections to Debtor's Plan of Adjustment. (See Exhibit A).

3. Creditor submits that Debtor's Plan of Adjustment is neither fair nor equitable for the following reasons:

3a. Debtor has an asset, the Detroit Institute of Arts (DIA) valued at $4.6 billion that Debtor seeks to dispose of for only $800 million.

3b. Debtor has other thousands of assets, both real and personal property, that Debtor has no intention of liquidating to the detriment of all creditors.

3c. Debtor has divided creditors into classes. However Class 11 is comprised of two (2) separate groups with different interests, those who are subject to Debtor's claw back and those who are not.

1

3d. Debtor's ballot process is therefore flawed and is a naked attempt by the Debtor to secure a "yes" vote.

3e. Debtor's ASF recoupment is neither fair nor equitable as the alleged "excess interest" has never been determined and varies by large amounts, allegedly depending on when the individual participated in the Plan rather than distributing the recoupment evenly among the class.

3f. Participants in the ASF relied upon documents and assurances that their funds were free of any lien or claim by the City of Detroit.

3g. Debtor's balloting process is unfair as Debtor has unfairly and fraudulently failed to disclose that the Debtor seeks to impose an interest rate of 6.75 percent on the monthly recoupment that Debtor seeks.

3h. Debtor fails to provide any legal or moral basis for its proposed ASF recoupment, probably due to fact that there is none.

4. Creditor submits that the Debtor's Plan of Adjustment is not confirmable.

5. Section 943 of the United States Bankruptcy Code mandates that the Debtor's Plan of Adjustment conform to State law. Debtor's Plan does not conform to State Law. Debtor's Plan does not conform to State law for the following reasons:

5a. This Court has already determined that the pension provision of the Michigan Constitution is State law. The Debtor's Plan does not conform to State law as it seeks to impair accrued financial benefits that are guaranteed by the State of Michigan Constitution.

5b. Debtor's Plan violates State law as its ASF recoupment seeks to go back ten (10) years when the statute of limitation under State law would be three (3) years.

5c. Indeed, Debtor's Plan seeks to violate bankruptcy laws which this Court has ruled takes precedent over State law with a ten (10) year period for the ASF recoupment when there is a ninety (90) day time period to seek recovery of a preface.

6. Creditor incorporates the objections of all other Creditors to the Debtor's Fourth Amended Plan of Adjustment of Debts of the City of Detroit.

7. This Debtor and its counsel have consistently shown a willingness to lie and cheat in order to attempt to sway the Creditor into accepting its Plan of Adjustment.

8. The alleged Grand Bargain is more accurately entitled "Grand Bamboozle" as the Debtor seeks to sell a $4.6 billion asset for a mere $800 million to the detriment of all creditors.

9. This Debtor seeks to keep the rest of its assets and give pay raises to some employees while seeking to eliminate pensions and bondholders. This Debtor is a corporation, and just like any other corporation, should be required to liquidate its assets and pay all of its creditors.

10. Debtor, rather than seeking to satisfy its legitimate creditors through the bankruptcy process, seeks to enrich itself by providing raises to employees and increased services to residents such as street lighting and garbage pick-up, in violation of the spirit of the bankruptcy process for a municipality.

11. This Debtor seeks to enrich itself at the expense of Creditor with the connivance of this Court.

12. This Court's undue haste has resulting in trampling the due process rights of creditors.

13. Debtor's Plan of Adjustment is not fair and equitable because the City of Detroit refuses to collect delinquent taxes and other fees and refuses to raise taxes.

WHEREFORE, based on the foregoing, this Creditor respectfully objects to the Debtor's Fourth Amended Plan for the Adjustment of Debts of the City of Detroit and submits that this Court is required to reject the Debtor's Fourth Amended Plan of Adjustment of the Debts of the City of Detroit.

Respectfully submitted,

Dennis Taubitz
In Pro Per
Creditor
3051 Lindenwood Drive,
Dearborn, MI 48120
(313) 632-9150

4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re  
City of Detroit, Michigan  
        Debtor

Chapter 9  
Case No. 13-53846  
Hon.: Steven W. Rhodes

_____/

**CREDITOR OBJECTION TO THE FOURTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT**

NOW COMES, Creditor Dennis Taubitz in pro per and for his Objection to the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit states as follows:

Creditor notes that Debtor mailed a copy of the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit as creditor does not own a computer. Creditor further notes that the Copy of the Fourth Amended Plan of Adjustment did not arrive until May 8, 2014.

1. Objection. Debtor has failed to liquidate many major assets.

2. Objection. Debtor seeks to impair creditors while continuing to spend on itself and enrich itself.

3. Objection. Debtor seeks to dispose of a major asset, the Detroit Institute of Arts art collection for far less than the value of said art collection to the detriment of the creditors.

4. Objection. Debtor's claim of an investment return assumption of 6.75% is not justified.

5. Objection. Debtor's Annuity Savings Recoupment has no basis in law and is barred as it seeks to go beyond the 90 days allowed by the United States Bankruptcy Code.

6. Objection. Further Debtor's Annuity Savings recoupment is barred by the statute of limitations.

Exhibit P

1

7. Objection. Debtor's Plan of Adjustment is not confirmable. Section 943 requires that a Chapter 9 Plan of Adjustment conform to State law. Debtor's Plan does not conform to State law as it seeks to impair accrued financial benefits that are guaranteed by the State of Michigan's Constitution.

Creditor incorporates the objections of all other creditors to Debtor's Fourth Amended Plan of Adjustment of Debts of the City of Detroit.

Further, Creditor incorporates by reference all objections that creditor filed to the previous Plan of Adjustments filed by the Debtor.

WHEREFORE, based on the foregoing, this Creditor respectfully objects to the Debtor's Fourth Amended Plan for the Adjustment of Debts of the City of Detroit.

Respectfully submitted,

_____
Dennis Taubitz
In Pro Per
Creditor
3051 Lindenwood Drive,
Dearborn, MI 48120
(313) 632-9150

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

City of Detroit Michigan

          Debtor.

CASE NO: 13-53846
CHAPTER: 9
JUDGE: Steven Rhodes

## PROOF OF SERVICE

I hereby certify that on ~~Dennis Taubitz~~ July 11 2014 (date of mailing), I served copies as follows:

1. Document(s) served: Creditor First Supplemental Objection to the Forth Amended Plan for the Adjustment of Debts of the City of Detroit

2. Served upon [name and address of each person served]:

   Heather Lennot
   Bruce Bennett
   Jones DAY
   555 South Flower St
   Fifiteth Floor
   Los Angeles, CA
   90071

3. By First Class Mail.

Dated: July 11 2014

(Signature of ~~Debtor~~) Creditor

Print Name: Dennis Taubitz

(Signature of Co-Debtor)

Print Name: _____

FILED (I) 2014 JUL 11 P 3:37 U.S. BANKRUPTCY COURT E.D. MICHIGAN-DETROIT