# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

-------------------------------------------------------x
                                    :

In re                                  : Chapter 9

CITY OF DETROIT, MICHIGAN,    : Case No. 13-53846

                 Debtor.         : Hon. Steven W. Rhodes

-------------------------------------------------------x

## STIPULATION FOR AN ORDER RESOLVING OBJECTIONS TO CLAIMS OF HYDE PARK CO-OPERATIVE, *ET AL.*

The City of Detroit, Michigan (the "City") and Hyde Park Co-Operative, Plymouth Square Ltd. Housing Association, Cambridge Tower Assoc., Ltd. Div. H.A., Millender Center Associates L.P., Village Center Assoc. Dvd. H.A., Fenimore Limited Div. Housing Assoc. and Bowin Place Associates Ltd. Div. H.A. (collectively, the "Claimants"), by and through their undersigned counsel, stipulate to the entry of the order attached hereto as Exhibit 1.

Dated: July 14, 2014

| | |
|---|---|
| /s/ Kurt Thornbladh | /s/ Heather Lennox |
| Kurt Thornbladh (P25858) | David G. Heiman (OH 0038271) |
| THORNBLADH LEGAL GROUP PLLC | Heather Lennox (OH 0059649) |
| 7301 Schaefer | JONES DAY |
| Dearborn, Michigan 48126 | North Point |
| Telephone: (313) 943-2678 | 901 Lakeside Avenue |
| kthornbladh@gmail.com | Cleveland, Ohio 44114 |
| | Telephone: (216) 586-3939 |
| Mark K. Wasvary (P51575) | Facsimile: (216) 579-0212 |
| BECKER & WASVARY, P.L.L.C. | dgheiman@jonesday.com |
| 2401 W. Big Beaver Road, Suite 100 | hlennox@jonesday.com |
| Troy, Michigan 48084 | |
| Telephone: (248) 649-5667 | Bruce Bennett (CA 105430) |
| markwasvary@hotmail.com | JONES DAY |
| | 555 South Flower Street |
| ATTORNEYS FOR THE CLAIMANTS | Fiftieth Floor |
| | Los Angeles, California 90071 |
| | Telephone: (213) 243-2382 |
| | Facsimile: (213) 243-2539 |
| | bbennett@jonesday.com |
| | |
| | ATTORNEYS FOR THE CITY |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                            :
In re                                       :    Chapter 9
                                            :
CITY OF DETROIT, MICHIGAN,                  :    Case No. 13-53846
                                            :
                Debtor.                     :    Hon. Steven W. Rhodes
                                            :
                                            :
---------------------------------------------------------x

**ORDER RESOLVING OBJECTIONS
TO CLAIMS OF HYDE PARK CO-OPERATIVE, *ET AL.*__**

This matter coming before the Court on: (a) the Fourth Omnibus Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, Seeking the Disallowance of Certain Duplicate Claims (Docket No. 4881) (the "Duplicate Claim Objection"); and (b) the Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, to Proof of Claim Number 2651 Filed by Hyde Park Co-Operative (Docket No. 4886) (the "Hyde Park Claim Objection" and, together with the Duplicate Claim Objection, the "Claim Objections") filed by the City of Detroit, Michigan (the "City"); the following responses (together, the "Responses") to the Claim Objections having been filed:

(a) the Response by Hyde Park Cooperative to Objection by the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 to Proof of Claim 2651 Filed by Hyde Park Co-Operative (Docket No. 5340); and

(b) the Response by Creditors to Fourth Omnibus Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1 Seeking the Disallowance of Certain Duplicate Claims Docket #4881 (Docket No. 5394).

Hyde Park Co-Operative, Plymouth Square Ltd. Housing Association, Cambridge Tower Assoc., Ltd. Div. H.A., Millender Center Associates L.P., Village Center Assoc. Dvd. H.A., Fenimore Limited Div. Housing Assoc. and Bowin Place Associates Ltd. Div. H.A. (collectively, the "Claimants") having filed the Motion for Class Certification of Proof of Claims ##2638, 2651, 2654, 2659, 2676, 2683, 2689 and 2692 (Docket No. 5354) (the "Class Certification Motion"); the City having filed the Consolidated Reply in Support of Objections to Unauthorized Class Claims Filed by Hyde Park Co-Operative, et al. (Docket No. 5486) (the "Consolidated Reply");[1] the Court having reviewed the Claim Objections, the Responses and the Consolidated Reply and having heard the statements of counsel regarding the relief requested in the Claim Objections at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Consolidated Reply.

pursuant to 28 U.S.C. § 157(b)(2) and (c) notice of the Claim Objections and the Hearing was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Claim Objections and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Claim Objections and the Responses are RESOLVED, as set forth herein.

2. Pursuant to section 502(b) of the Bankruptcy Code, the Duplicate Claims identified on Exhibit 2 to the Duplicate Claim Objection (collectively, the "Duplicate Claims") are disallowed and expunged in their entirety. However, the disallowance of the Duplicate Claims does not constitute a stipulation that Hyde Park would be the sole class action representative if the Hyde Park Motion for Certification is granted, but rather clarifies and avoids duplicate class monetary claims for the same causes of action.

3. If the relief requested in the Class Certification Motion is granted – either by this Court or by a certification order in the Wayne County Proceeding (as defined below) – then the Hyde Park Claim Objection shall be

deemed denied without further action of the Court, subject to the City's right to further object to the class action claim on any or all other grounds.

        4.     If the relief requested in the Class Certification Motion is denied – either by this Court or by an order denying certification in the Wayne County Proceeding (in either case, a "<u>Denial Order</u>") – then: (a) the Hyde Park Claim shall be deemed disallowed and expunged in its entirety, pursuant to section 502(b) of the Bankruptcy Code, without further action of the Court; and (b) within 30 days following the entry of the Denial Order, each Claimant may file a proof of claim asserting on an individual basis any alleged claims against the City arising from allegations asserted in the proofs of claim subject to the Claim Objections and in the putative class action pending in the Wayne County Circuit Court captioned <u>Hyde Park Co-Operative, et al. v. City of Detroit, by and through its Building, Safety and Engineering Department</u>, Case No. 10-005687 (the "<u>Wayne County Proceeding</u>").

# **CERTIFICATE OF SERVICE**

    I, Heather Lennox, hereby certify that the foregoing Stipulation for an Order Resolving Objections to Claims of Hyde Park Co-Operative, <u>et al.</u> was filed and served via the Court's electronic case filing and noticing system on this 14th day of July, 2014.

                                                         /s/  Heather Lennox