UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



In the matter of:

CITY OF DETROIT, MICHIGAN,

                  Debtor /

Case No. 13-53846-swr
Chapter 9
Hon. Steven W. Rhodes

## OBJECTION TO CITY OF DETROIT'S PLAN OF ADJUSTMENT [DOCKET 2708]

ALBERT A. DAVIS hereby states his OBJECTION TO: CITY OF DETROIT'S PLAN OF ADJUSTMENT for the following reasons.

1. I am interested in the Bankruptcy of the city of Detroit (City) because I retired from the city of Detroit Department of Transportation in 2014.

2. I object to the above filing because:

    a. The plan of adjustment is in violation of 49 USC § 5333 (b)(2)(A) which requires *the preservation of rights, privileges, and benefits (including continuation of pension rights and benefits) under existing collective bargaining agreements or otherwise;* and is secured by grant funded collateral provided through the US-DOL by the Federal Transit Administration through a involuntary lien by operation of federal law. There is no exception relief cited to the City for bankruptcy under 49 USC § 5333 and therefore this protective arrangement for pension rights and other benefits must be maintained.

    b. The IRS Form 1099R identifies the Pension Payer's Federal Identification Number as 38-2457952 for the General Retirement System of the City of Detroit and 38-2465279 for the Police and Fire Retirement System of the City of Detroit; however, the City of Detroit TIN displayed on IRS W2 Form is 38-6004606. Both pension systems are legal entities that are separate and distinct from the City; however, the proposed plan of adjustments seeks to vary adjustments to pension creditor payments from the retirement entities bearing Federal Identification Number 38-2457952 and 38-2465279. As such, the City has no legal standing to declare pension payment recipients as its creditors.

3. I have attached additional sheets to explain and establish my position for items 2(a) above. Item 2(b) is readily available, Items 2(c) and 2(d) are also readily available and extensive documents that can be provided upon request.

I hereby certify that the statements made herein are true and correct under penalty of perjury and contempt of Court under the laws of the United States of America.

Wherefore I request the Court will deny the Debtor's relief sought in said filing.

Respectfully submitted,

Name: ALBERT A. DAVIS

Signature: _____

Address: 29459 Gay ST Southfield, MI 48076

Email: Davis.AL26@yahoo.com

Dated: 6-23-14

c. The Constitution of the state of Michigan, Article XI § 24 requires *the accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby.* In the CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT No. 12–682. Argued October 15, 2013—Decided April 22, 2014, a conclusion was reached that *there is no authority in the Federal Constitution or in this Court's precedents for the Judiciary to set aside Michigan laws that commit to the voters the determination whether racial preferences may be considered in governmental decisions, in particular with respect to school admissions.* As such, the Judiciary in Case No. 13-53846-swr has no authority to set aside Michigan Law in the Constitution of the state of Michigan, Article XI § 24.

d. Michigan Act 436 of 2012 "LOCAL FINANCIAL STABILITY AND CHOICE ACT" allows the State *to provide for the appointment and to prescribe the powers and duties of an emergency manager for a local unit of government or school district; to provide for the modification or termination of contracts under certain circumstances.* However, the US Constitution Article I § 10 stipulates *No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts; pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.* As such, Michigan Act 436 of 2012 is in violation of the US Constitution Article I § 10 in that it:

   1. it is a law that impairs the obligation of contracts,
   2. the Emergency Manager title grants privileges and protections at the expense of the State's people and is therefore a title of nobility, and
   3. the Emergency Manager seeks through the Plan of Adjustments to retroactively return portions of the retirees' annuity, which in essence is an ex post facto modification to the annuity.

   Therefore, the Emergency Manager has no authority to represent the City in Case No. 13-53846-swr as the actions are in violation of the US Constitution.

e. The Plan of Adjustments offers no guarantees and assurances from the State and the City that pension rights and benefits will not be diminished further in any future bankruptcy filings.