UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------------x
                                          :
 In re                                    : Chapter 9
                                          :
**CITY OF DETROIT, MICHIGAN,**            : Case No. 13-53846
                                          :
                Debtor.                   : Hon. Steven W. Rhodes
                                          :
                                          :
------------------------------------------------------------x

# ORDER APPROVING STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND THE COPS CREDITORS REGARDING CERTAIN FACTS AND THE ADMISSION OF CERTAIN EXHIBITS FOR THE CONFIRMATION TRIAL

The Stipulation Regarding Certain Facts and the Admission of Certain Exhibits for the Confirmation Trial (the "**Stipulation**")[1] having been entered into by and between the City of Detroit, Michigan (the "**City**") and Financial Guaranty Insurance Company ("**FGIC**"), Syncora Capital Assurance Inc. and Syncora Guarantee Inc. ("**Syncora**"), Deutsche Bank AG, London ("**Deutsche Bank**"); Dexia Crédit Local and Dexia Holdings, Inc. ("**Dexia**") and Wilmington Trust, National Association solely in its capacity as successor contract administrator ("**WTNA**" and, together with FGIC, Syncora, Deutsche Bank and Dexia, the "**COPs Creditors**") on July 13, 2014; the Court having reviewed the Stipulation; the Court finding that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and that this is a core proceeding pursuant to 28 U.S.C. § 157 (b); and the Court being fully advised in the premises;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Stipulation.

This Court finds that:

a. On June 2, 2005, the Detroit Retirement Systems Funding Trust 2005 issued $1,440,000,000 in aggregate principal amount of Series 2005 COPs;

b. The FGIC 2005 Policy guaranteed the scheduled payment of principal and interest on $1,000,000,000 of the aggregate principal amount of the Series 2005 COPs;

c. The Syncora 2005 Policy guaranteed the scheduled payment of principal and interest on $440,000,000 in aggregate principal amount of Series 2005 COPs;

d. All of the Series 2005 COPs covered by the Syncora 2005 Policy have matured;

e. Currently, there remains outstanding $503,365,000 in principal amount of Series 2005 COPs;

f. The current total aggregate principal amount of outstanding Series 2005 COPs covered by the FGIC 2005 Policy is $450,615,000 (89.52%);

g. Syncora holds the remaining outstanding Series 2005 COPs ($52,750,000 in principal amount (10.48%)) pursuant to the Syncora 2005 Policy;

h. On June 12, 2006, the Detroit Retirement Systems Funding Trust 2006 issued 148,540,000 in aggregate principal amount of Series 2006-A COPs and $800,000,000 in aggregate principal amount of Series 2006-B COPs, for a total of $948,540,000 in aggregate principal amount of Series 2006 COPs;

i. Currently, the entire $948,540,000 in principal amount of the Series 2006 COPs remains outstanding;

j. The FGIC 2006-A Policy guaranteed the scheduled payment of principal and interest on $148,540,000 in aggregate principal amount of Series 2006-A COPs;

k. The FGIC 2006-B Policy guaranteed the scheduled payment of principal and interest on $500,845,000 in aggregate principal amount of Series 2006-B COPs;

l. The current total aggregate principal amount of outstanding Series 2006 COPs covered by the FGIC 2006-A Policy and the FGIC 2006-B Policy is $649,385,000 (68.46% of the outstanding Series 2006 COPs);

m. The Syncora 2006 Policy guaranteed the scheduled payment of principal and interest on $299,155,000 in aggregate principal amount of Series 2006-B COPs;

n. The current total aggregate principal amount of outstanding Series 2006 COPs covered by the Syncora 2006 Policy is $299,155,000 (31.54% of the outstanding Series 2006 COPs);

o. As of the date hereof, claims have been submitted under the FGIC COPs Policies in the aggregate amount of $50,043,483.25, which is equal to the amount of interest on the FGIC-insured COPs that is due and owing, but unpaid;

p. As of the date hereof, FGIC has made payments in the aggregate amount of $5,763,735.33 under the FGIC COPs Policies, and expects to make additional payments in the aggregate amount of $2,743,656.82 in July 2014, for a total of $8,507,392.15;

q. As of the date hereof, claims have been submitted under the Syncora COPs Policies in the aggregate amount of $57,418,940, which is equal to the amount of principal of and interest on the Syncora-insured COPs that is due and owing, but unpaid, including claims related to COPs held by Syncora affiliates;

r. As of the date hereof, Syncora has made payments in the aggregate amount of $57,418,940 under the Syncora COPs Policies, including payments on claims related to COPs held by Syncora affiliates;

s. As of November 22, 2013, WTNA is the successor contract administrator and successor trustee under the 2005 COPs Agreement, the 2006 COPs Agreement, and the transaction documents related thereto;

t. As of the date hereof, Deutsche Bank holds $56,030,000 in aggregate principal amount of Series 2006-A COPs; and

u. As of the date hereof, Dexia holds $175,000,000 in aggregate principal amount of Series 2006-B COPs.

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

2. The following documents shall be admitted into evidence at the Confirmation Trial:

    a. Annual Report of the Board of Trustees of the GRS for the Year Ended June 30, 2004;

b. Annual Report of the Board of Trustees of the PFRS for the Year Ended June 30, 2004;

c. City Ordinance No. 03-05;

d. City Ordinance No. 04-05;

e. City Ordinance No. 05-05;

f. City Ordinance No. 05-09;

g. GRS Service Corporation Articles of Incorporation;

h. PRFS Service Corporation Articles of Incorporation;

i. 2005 COPs Agreement;

j. 2006 COPs Agreement;

k. GRS Service Contract 2005, dated May 25, 2005 by and between the City and the GRS Service Corporation;

l. PFRS Service Contract 2005, dated May 25, 2005 by and between the City and the PFRS Service Corporation;

m. GRS Service Contract 2006, dated June 7, 2006 by and between the City and the GRS Service Corporation;

n. PFRS Service Contract 2006, dated June 7, 2006 by and between the City and the PFRS Service Corporation;

o. Contract Administration Agreement 2005 among Detroit Retirement Systems Funding Trust 2005, the COP Service Corporations, U.S. Bank, National Association and other persons thereto, dated June 2, 2005;

p. Contract Administration Agreement 2006 among Detroit Retirement Systems Funding Trust 2006, the COP Service Corporations, U.S. Bank, National Association and other persons thereto, dated June 12, 2006;

q. FGIC 2005 Policy;

r. FGIC 2006-A Policy;

s. FGIC 2006-B Policy;

t. Syncora 2005 Policy;

u. Syncora 2006 Policy;

v. Letter Agreement among the City, FGIC and XL Capital Assurance Inc., dated June 2, 2005;

w. Letter Agreement among the City, FGIC and XL Capital Assurance, Inc., dated June 12, 2006;

x. Offering Circular for the Series 2005 COPs, dated May 25, 2005;

y. Offering Circular for the Series 2006 COPs, dated June 7, 2006;

z. Underwriting Agreement for the Series 2005 COPs, dated May 25, 2005;

aa. Underwriting Agreement for the Series 2006 COPs, dated June 7, 2006;

bb. GRS Certificate of Receipt, dated June 2, 2005;

cc. PFRS Certificate of Receipt, dated June 2, 2005;

dd. FGIC Rehabilitation Order, dated June 28, 2012;

ee. FGIC Rehabilitation Plan Approval Order, dated June 11, 2013; and

ff. Notice of Effective Date and Initial CPP, dated August 19, 2013.

3. The relief granted herein is without prejudice to the rights of either of the Parties to introduce, or object to the admission of, additional documents into evidence at the Confirmation Trial, and all such rights are reserved.

4. Exhibit numbers shall be assigned to the documents listed above at a later date.

.

**Signed on July 14, 2014**

                                           **/s/ Steven Rhodes**
                                           **Steven Rhodes**
                                           **United States Bankruptcy Judge**