# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
------------------------------------------------------x
                                        :
In re                                   :          Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              :          Case No. 13-53846
                                        :
                         Debtor.        :          Hon. Steven W. Rhodes
                                        :
------------------------------------------------------x
```

**MOTION OF THE CITY OF DETROIT, PURSUANT TO
SECTIONS 365, 901 AND 1123 OF THE BANKRUPTCY
CODE, FOR AN ORDER (A) ESTABLISHING PROCEDURES WITH
RESPECT TO THE PROPOSED ASSUMPTION AND REJECTION
OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND
(B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

The City of Detroit, Michigan (the "City") hereby files this motion

(the "Motion"), pursuant to sections 365, 901 and 1123 of title 11 of the United

States Code (the "Bankruptcy Code"), for the entry of an order: (i) establishing

procedures with respect to the assumption and rejection of executory contracts and

unexpired leases; and (ii) approving the form and manner of notice thereof.[1] In

support of this Motion, the City respectfully represents as follows:

---

[1] This Motion includes certain attachments that are labeled in accordance with
Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the
Eastern District of Michigan (the "Local Rules"). Consistent with Local
Rule 9014-1(b), a copy of the proposed form of order granting this Motion is
attached hereto as Exhibit 1 (the "Proposed Order"). A summary identifying
each included attachment by exhibit number is appended to this Motion.

## Jurisdiction

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.      On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

3.      On December 5, 2013, this Court determined that the City was eligible to be a debtor under chapter 9 of the Bankruptcy Code.  See Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) (the "Order for Relief").  A thorough description of the City's economic decline, the challenges it faces and the events leading up to the filing of this case can be found in the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 11) and the Disclosure Statement (as defined below).

4.      On May 5, 2014, the City filed the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be further amended, modified or supplemented from time to time, the "Plan")[2] and the

---

[2]      Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4391) (the "<u>Disclosure Statement</u>"). That same day, the Court entered the Order Approving the Proposed Disclosure Statement (Docket No. 4401), thereby approving the Disclosure Statement as containing "adequate information" with respect to the Plan, pursuant to section 1125(a)(1) of the Bankruptcy Code.

## Relief Requested

5. Pursuant to sections 365, 901 and 1123 of the Bankruptcy Code, the City hereby seeks the entry of an order approving: (a) certain procedures that will allow the City and parties in interest to efficiently address the treatment of Executory Contracts and Unexpired Leases in conjunction with the Plan, including the assumption or rejection thereof; and (b) the form and manner of notice to be given to counterparties to such agreements with the City.

6. The Plan contemplates that an order of the Court is necessary to address various issues attendant upon the assumption and assignment of Executory Contracts and Unexpired Leases, as follows:

> An order of the Bankruptcy Court (which may be the Confirmation Order) entered on or prior to the Confirmation Date will specify the procedures for providing notice to each party whose Executory Contract or Unexpired Lease is being assumed pursuant to the Plan of: (a) the Executory Contract or Unexpired Lease being assumed; (b) the Cure Amount Claim, if any, that the City believes it would be obligated to pay in connection with such assumption; (c) any assignment of an

Executory Contract or Unexpired Lease; and (d) the procedures for such party to object to the assumption of the applicable Executory Contract or Unexpired Lease, the amount of the proposed Cure Amount Claim or any assignment of an Executory Contract or Unexpired Lease.

Plan § II.D.3. This Motion seeks the entry of the order described above, as contemplated by the Plan, and the grant of certain related relief.

### Treatment of Executory Contracts and Unexpired Leases in Connection with the Plan

7.     Section II.D of the Plan includes provisions governing the treatment of Executory Contracts and Unexpired Leases. Under the Plan, an Executory Contract is "a contract to which the City is a party that is subject to assumption, assumption and assignment, or rejection under section 365 of the Bankruptcy Code." Plan § I.A.133. The Plan defines "Unexpired Lease" as "a lease to which the City is a party that is subject to assumption, assumption and assignment, or rejection under section 365 of the Bankruptcy Code." Plan § I.A.275.

8.     The Plan provides for the treatment of Executory Contracts, Unexpired Leases and other agreements as follows:[3]

---

[3]     The statements and summaries in this Motion regarding the current provisions of the Plan are provided for the convenience of the Court and parties in interest to provide context for the relief requested herein. Nothing herein is intended to modify, or shall be construed as a modification of, the Plan. This Motion merely seeks implementation of procedures to assist in the implementation of the Plan in whatever form it may be confirmed by the

- <u>Assumption</u>.  The Plan provides that the City will be deemed to assume all Executory Contracts and Unexpired Leases to which it is a party on the Effective Date, except as otherwise provided in the Plan, in any contract, instrument, release or other agreement or document entered into in connection with the Plan or in a Final Order of the Court, or as requested in any motion filed by the City on or prior to the Effective Date.  Notwithstanding the foregoing, Retirement System Indemnity Obligations shall not be assumed under the Plan and shall be discharged.  Plan § II.D.1.

- <u>Assumption of Ancillary Agreements</u>.  The Plan provides that each Executory Contract and Unexpired Lease assumed under Section II.D.1 of the Plan will include any modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Executory Contract or Unexpired Lease, unless such modification, amendment, supplement, restatement or other agreement is rejected pursuant to Section II.D.6 or designated for rejection in accordance with Section II.D.3.  Plan § II.D.2.

- <u>Approval of Assumptions and Assignments</u>.  The Confirmation Order will constitute an order of the Court approving the assumption of Executory Contracts and Unexpired Leases pursuant to Sections II.D.1 and II.D.2 of the Plan (and any related assignment) as of the Effective Date, except for Executory Contracts or Unexpired Leases that (a) have been rejected pursuant to a Final Order of the Court, (b) are subject to a pending motion for reconsideration or appeal of an order authorizing the rejection of such Executory Contract or Unexpired Lease, (c) are subject to a motion to reject such Executory Contract or Unexpired Lease filed on or prior to the Effective Date or (d) are rejected pursuant to Section II.D.6 of the Plan.  In addition, if an objection to a proposed assumption, assumption and assignment or Cure Amount Claim is not resolved in favor of the City, the applicable Executory Contract or Unexpired Lease may be designated by the City for rejection, which shall be deemed effective as of the Effective Date.  Plan § II.D.3.

---

Court.  Nothing herein will preclude the City from modifying or amending the Plan, as permitted by the Bankruptcy Code.

CHI-1933166v7

- <u>Payments Related to the Assumption of Executory Contracts and Unexpired Leases</u>.  The Plan provides that, to the extent that such Claims constitute monetary defaults, the Cure Amount Claims associated with each Executory Contract or Unexpired Lease to be assumed pursuant to the Plan will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, at the option of the City: (a) by payment of the Cure Amount Claim in Cash on the Effective Date; or (b) on such other terms as are agreed to by the parties to such Executory Contract or Unexpired Lease.  If there is a dispute regarding:  (a) the amount of any Cure Amount Claim; (b) the ability of the City or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed; or (c) any other matter pertaining to the assumption of such contract or lease, the payment of any Cure Amount Claim required by section 365(b)(1) of the Bankruptcy Code will be made within 30 days following the entry of a Final Order resolving the dispute and approving the assumption. Plan § II.D.4.

- <u>Contracts and Leases Entered Into After the Petition Date</u>.  The Plan specifies that contracts, leases and other agreements entered into after the Petition Date by the City, including (a) any Executory Contracts or Unexpired Leases assumed by the City and (b) the collective bargaining agreements identified on Exhibit II.D.5 to the Plan, will be performed by the City in the ordinary course of its business and will be unaffected by entry of the Confirmation Order.  Plan § II.D.5.

- <u>Rejection of Executory Contracts and Unexpired Leases</u>.  The Plan provides that, on the Effective Date, each Executory Contract and Unexpired Lease that is listed on Exhibit II.D.6 to the Plan shall be deemed rejected pursuant to section 365 of the Bankruptcy Code.  The Confirmation Order will constitute an order of the Court approving such rejections, pursuant to section 365 of the Bankruptcy Code, as of the later of:  (a) the Effective Date; or (b) the resolution of any objection to the proposed rejection of an Executory Contract or Unexpired Lease.  Each contract or lease listed on Exhibit II.D.6 to the Plan shall be rejected only to the extent that any such contract or lease constitutes an Executory Contract or Unexpired Lease.  The City reserves its right, at any time on or prior to the Effective Date, to amend Exhibit II.D.6 to the Plan to delete any Executory Contract or

Unexpired Lease therefrom, thus providing for its assumption pursuant to Section II.D.1 of the Plan, or add any Executory Contract or Unexpired Lease thereto, thus providing for its rejection pursuant to Section II.D.6 of the Plan. The City will provide notice of any amendments to Exhibit II.D.6 to the Plan to the parties to the Executory Contracts or Unexpired Leases affected thereby and to the parties on the then-applicable service list in the Chapter 9 Case. Listing a contract or lease on Exhibit II.D.6 to the Plan shall not constitute an admission by the City that such contract or lease is an Executory Contract or Unexpired Lease or that the City has any liability thereunder. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan shall be treated as Class 14 Claims (Other Unsecured Claims) under the Plan, subject to the provisions of section 502 of the Bankruptcy Code. Plan § II.D.6.

- <u>Rejection Damages Bar Date</u>. Under the Plan, except as otherwise provided in a Final Order of the Court approving the rejection of an Executory Contract or Unexpired Lease, Claims arising out of the rejection of an Executory Contract or Unexpired Lease (any such Claim, a "<u>Rejection Damage Claim</u>") must be filed with the Court and served upon counsel to the City on or before the later of: (a) 30 days after the Effective Date; or (b) 30 days after such Executory Contract or Unexpired Lease is rejected pursuant to a Final Order or designated for rejection in accordance with Section II.D.3 of the Plan.[4] Any Rejection Damage Claims not filed within such applicable time periods will be forever barred from receiving a Distribution from, and shall not be enforceable against, the City. Plan § II.D.7.

- <u>Preexisting Obligations to the City Under Rejected Executory Contracts and Unexpired Leases</u>. Rejection of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall not constitute a termination of preexisting obligations owed to the City under such contract or lease. Notwithstanding any applicable non-bankruptcy law to the contrary, the City expressly reserves and

---

[4] The City intends to amend the Plan to extend the deadline to File Rejection Damage Claims to 45 days. Accordingly, the Plan Contract Procedures described herein reflect these extended deadlines.

does not waive any right to receive, or any continuing obligation of a non-City party to provide, warranties, indemnifications or continued maintenance obligations on goods previously purchased, or services previously received, by the City from non-City parties to rejected Executory Contracts or Unexpired Leases, and any such rights shall remain vested in the City as of the Effective Date. Plan § II.D.8.

- <u>Treatment of Insurance Policies</u>. The Plan provides that from and after the Effective Date, each of the City's insurance policies (other than welfare benefits insurance policies) in existence as of or prior to the Effective Date shall be reinstated and continue in full force and effect in accordance with its terms and, to the extent applicable, shall be deemed assumed by the City pursuant to section 365 of the Bankruptcy Code and Section II.D.1 of the Plan. Nothing contained in the Plan shall constitute or be deemed a waiver of any Causes of Action that the City may hold against any Entity, including any insurer under any of the City's insurance policies. For the avoidance of doubt, nothing contained in Section II.D.9 of the Plan shall apply to reinstate or continue any obligation of the City or any fund thereof to any Bond Insurer. Plan § II.D.9.

9. The Plan does not specify the procedures for providing notice, and an opportunity to object, to counterparties to Executory Contracts or Unexpired Leases being assumed or rejected pursuant to the Plan, nor does it establish a process to provide notice with respect to other agreements addressed by the Plan. In this regard, as noted above, the Plan contemplates that an order of the Court will be entered on or before the Confirmation Date to address certain of these issues. By this Motion, the City is requesting that the Bankruptcy Court approve procedures to address the foregoing, as described herein (collectively, the "Plan Contract Procedures").

## The Proposed Plan Contract Procedures

*Contract Rejection Procedures*

10.     Exhibit II.D.6 to the Plan (the "Plan Rejection Exhibit"):
(a) was filed with the Court on July 3, 2014 as part of a Plan Supplement in
accordance with Section I.A.215 of the Plan; (b) was served (i) by first-class mail
upon all counterparties to Executory Contracts and Unexpired Leases identified
thereon and (ii) by email upon all parties in interest receiving service via the
Court's electronic case filing and noticing system; and (c) has been made available
for review on the Document Website.  With respect to each Executory Contract or
Unexpired Lease to be rejected pursuant to the Plan, the Plan Rejection Exhibit
identifies, where such information is available:  (a) the non-Debtor counterparty
thereto; (b) the vendor and contract numbers assigned by the City thereto; (c) a
short description thereof; and (d) the City department associated therewith.

11.     The City proposes that the following procedures (the "Contract
Rejection Procedures") be approved with respect to Executory Contracts and
Unexpired Leases identified for rejection pursuant to the Plan on the Plan
Rejection Exhibit:

(a)     Individualized Rejection Notices and Their Contents.  No later
than five days after the entry of an order approving these
Contract Rejection Procedures (such order, the "Contract
Procedures Order"), the City will serve (by regular U.S. mail) a
written notice, in substantially in the form attached hereto as
Exhibit 6.1 (the "Rejection Notice"), upon each counterparty to

an Executory Contract or Unexpired Lease identified on the Plan Rejection Exhibit. The City will serve the Rejection Notice on each counterparty at the address maintained in the City's books and records and on any counsel to the counterparty that has filed a notice of appearance in the Chapter 9 Case. The Rejection Notice will provide the following information: (i) the Executory Contract or Unexpired Lease to be rejected, (ii) the procedures for the party to object to the rejection of the applicable Executory Contract or Unexpired Lease and (iii) the procedures and bar date for asserting a rejection damage Claim (as further described in sub-paragraph 11(d) below).[5] In the event that the Plan Rejection Exhibit is amended to add Executory Contracts or Unexpired Leases to be rejected, a Rejection Notice will be served (by regular U.S. mail) on each counterparty to any such rejected agreements no later than five days after the filing of the notice describing and effecting such amendment.

(b) <u>Rejection Objections and Replies Thereto; Effect of Failure to Timely File a Rejection Objection</u>. Any party that wishes to object to the proposed rejection of an Executory Contract or Unexpired Lease under the Plan must file with the Court and serve on counsel to the City a written objection (a "<u>Rejection Objection</u>") setting forth the basis for opposing rejection of the applicable agreement. Rejection Objections must be filed with the Court and served on counsel to the City no later than 14 days after the service of the relevant Rejection Notice. The City may file a reply to a Rejection Objection (a "<u>Rejection Reply</u>") no later than ten days after the filing of such Rejection Objection. If no Rejection Objection is properly and timely filed and served with respect to an Executory Contract or Unexpired Lease, the proposed rejection of the applicable Executory Contract or Unexpired Lease will be deemed

---

[5]    To the extent that an Executory Contract or Unexpired Lease listed on the Plan Rejection Exhibit contains a "termination for convenience" provision, the City reserves the right to terminate such agreement under that provision.

approved in accordance with Section II.D.6 of the Plan.[6] To facilitate settlement discussions, the deadline to file a Rejection Objection or a Rejection Reply may be extended by a written agreement of the contract counterparty and the City.

(c) <u>Scheduling of Hearing on Rejection Objection</u>. If a Rejection Objection is timely filed and served, the parties shall confer regarding the potential resolution of the Rejection Objection for at least a seven-day period after the Rejection Objection is filed. If the parties are unable to resolve the Rejection Objection during this seven-day period, either party may seek to have the dispute heard by the Court by filing a hearing request with the Court (a "<u>Rejection Hearing Request</u>"). A Rejection Reply filed by the City shall be deemed a Rejection Hearing Request. Any Rejection Hearing Request shall seek a hearing on a date that is at least ten days after the date of filing of such request (which hearing may be the Confirmation Hearing). Unless otherwise agreed by the parties or ordered by the Court, the timing of the hearing on a Rejection Objection will not impact the effective date of the proposed rejection.

(d) <u>Bar Date for Rejection Damages Claims</u>. The Rejection Notice also will set forth the procedures and the bar date for asserting a Rejection Damage Claim. In accordance with Section II.D.7 of the Plan, the bar date for filing a Rejection Damage Claim will be the later of: (a) 45 days after the Effective Date; or (b) 45 days after such Executory Contract or Unexpired Lease is rejected pursuant to a Final Order or designated for rejection in accordance with Section II.D.3 of the Plan. Any party who fails to timely file a Rejection Damage Claim within such applicable time periods will be forever barred from receiving a Distribution from the City on account of such Claims.

---

[6]   Notwithstanding anything herein or the Plan, the City reserves the right to file a motion with the Court seeking an earlier rejection of any particular Executory Contract or Unexpired Lease, regardless of whether such agreement is listed on the Plan Rejection Exhibit or otherwise addressed in the Plan.

*Contract Assumption Procedures*

12. The City proposes that the following procedures (the "Contract Assumption Procedures") be approved with respect to Executory Contracts and Unexpired Leases to be assumed or assumed and assigned under the Plan:

(a) The Non-Exclusive Plan Assumption List. Subject to the City's right to amend such list, prior to the Effective Date, the City will (i) file with the Court a non-exclusive list (the "Non-Exclusive Plan Assumption List") of Executory Contracts and Unexpired Leases to be assumed pursuant to the Plan (any such agreement, an "Assumed Agreement"),[7] (ii) serve the Non-Exclusive Plan Assumption List by email upon all parties in interest receiving service via the Court's electronic case filing and noticing system and (iii) make the Non-Exclusive Plan Assumption List available for review on the Document Website. The Non-Exclusive Plan Assumption List will not otherwise be served on parties in interest or counterparties to agreements to be assumed.

The Non-Exclusive Plan Assumption List will provide parties in interest with the following information (where available) with respect to each Executory Contract or Unexpired Lease identified thereon: (a) the non-Debtor counterparty thereto; (b) the proposed Cure Amount Claim required to be paid by the City pursuant to section 365(b)(1) of the Bankruptcy Code (if any); (c) the vendor and contract numbers assigned by the City thereto; (d) a short description thereof; (e) the City department associated therewith; and (f) any assignee to which the City

---

[7] The inclusion of an Assumed Agreement on the Non-Exclusive Plan Assumption List will incorporate any modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Assumed Agreement, unless such modification, amendment, supplement, restatement or other agreement is rejected pursuant to Section II.D.6 of the Plan.

proposes to assign the applicable Executory Contract or Unexpired Lease.

(b) <u>Assumption of Agreements Not Identified on the Non-Exclusive Plan Assumption List</u>. The failure to list an agreement on the Non-Exclusive Plan Assumption List shall not limit Sections II.D.1 and II.D.2 of the Plan in any way.

(c) <u>Individualized Assumption Notices and Their Contents</u>. No later than five days after the Non-Exclusive Plan Assumption List is filed, the City will serve (by regular U.S. mail) a written notice, in substantially in the form attached hereto as Exhibit 6.2 (the "<u>Assumption Notice</u>"), upon each counterparty to an Executory Contract or Unexpired Lease identified on the Non-Exclusive Plan Assumption List. The City will serve the Assumption Notice on each counterparty at the address maintained in the City's books and records and on any counsel to the counterparty that has filed a notice of appearance in the Chapter 9 Case. The Assumption Notice will include the following information: (i) the Executory Contract or Unexpired Lease to be assumed, (ii) the proposed Cure Amount Claim required to be paid by the City pursuant to section 365(b)(1) of the Bankruptcy Code (if any), (iii) the identity of any assignee to which the City proposes to assign the applicable Executory Contract or Unexpired Lease (to the extent known at the time) and (iv) the procedures for the counterparty to object to the proposed assumption, assignment (if any) or Cure Amount Claim (if any) regarding the applicable Executory Contract or Unexpired Lease. If the Non-Exclusive Plan Assumption List is amended to (i) add Executory Contracts or Unexpired Leases to be assumed, (ii) modify the proposed Cure Amount Claim for an Executory Contract or Unexpired Lease or (iii) otherwise change any information related to an Executory Contract or Unexpired Lease on such list, an Assumption Notice will be served on each counterparty to any such affected agreements no later than five days after the filing of the notice describing and effecting such amendment.

(d) <u>Assumption Objections and Replies Thereto; Effect of Failure to Timely File an Assumption Objection</u>. Any party that wishes to object to (i) the proposed assumption of an Executory

Contract or Unexpired Lease pursuant to the Plan, (ii) the amount of the Cure Amount Claim identified on the Non-Exclusive Plan Assumption List or in an Assumption Notice or (iii) any assignment of an Executory Contract or Unexpired Lease must file with the Court and serve on counsel to the City a written objection (an "<u>Assumption Objection</u>") setting forth the basis for opposing assumption or assignment of the applicable agreement or the proposed Cure Amount Claim.

(i) For Executory Contracts or Unexpired Leases identified on the Non-Exclusive Plan Assumption List, an Assumption Objection must be filed with the Court and served on counsel to the City no later than 14 days after the service of the relevant Assumption Notice.

(ii) For Executory Contracts or Unexpired Leases assumed under the Plan but not identified in the Non-Exclusive Plan Assumption List, the counterparty to such an agreement must file any Assumption Objection (including any objections relating to a Cure Amount Claim) no later than 20 days after the Effective Date of the Plan. The notice provided by the City pursuant to Section VIII.H of the Plan will identify this filing deadline.

(iii) The City may file a reply to an Assumption Objection (an "<u>Assumption Reply</u>") no later than ten days after the filing of such an Assumption Objection.

If no Assumption Objection is properly and timely filed and served with respect to an Executory Contract or Unexpired Lease: (i) the proposed assumption (or assignment, if applicable) of the applicable Executory Contract or Unexpired Lease will be deemed approved in accordance with the Plan as of the Effective Date;[8] and (ii) the Cure Amount Claim for such

---

[8] Notwithstanding anything herein or the Plan, the City reserves the right to file a motion with the Court seeking an earlier assumption of any particular Executory Contract or Unexpired Lease, regardless of whether such

Executory Contract or Unexpired Lease, as identified on the Non-Exclusive Plan Assumption List will be deemed approved and will be paid in accordance with the Plan, without further action of the Court. To facilitate settlement discussions, the deadline to file an Assumption Objection or an Assumption Reply may be extended by a written agreement of the contract counterparty and the City.

(e)     Scheduling of Hearing on Assumption Objection.   If an Assumption Objection is timely filed and served, the parties shall confer regarding the potential resolution of the Assumption Objection for at least a seven-day period after the Assumption Objection is filed. If the parties are unable to resolve the Assumption Objection during this seven-day period, either party may seek to have the dispute heard by the Court by filing a hearing request with the Court (an "Assumption Hearing Request"). An Assumption Reply filed by the City shall be deemed an Assumption Hearing Request. Any Assumption Hearing Request shall seek a hearing on a date that is at least ten days after the date of filing of such request. Unless otherwise agreed by the parties or ordered by the Court, the timing of the hearing on an Assumption Objection will not impact the effective date of the proposed assumption.

## Basis for Relief

13.     Section 901(a) of the Bankruptcy Code incorporates

sections 365 and 1123(b) of the Bankruptcy Code in chapter 9 cases. Section 365

of the Bankruptcy Code provides the statutory basis by which debtors may assume

or reject executory contracts or unexpired leases subject to the approval of the

Court. It states in relevant part:

---

agreement is listed on the Non-Exclusive Plan Assumption List or otherwise addressed in the Plan.

(a)     Except as provided . . . in subsections (b), (c), and (d) of this section, the [debtor], subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

(b)     (1) If there has been a default in an executory contract or unexpired lease of the debtor, the [debtor] may not assume such contract or lease unless, at the time of assumption of such contract or lease, the [debtor] —

   (A)     cures, or provides adequate assurance that the [debtor] will promptly cure, such default . . . .;

   (B)     compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

   (C)     provides adequate assurance of future performance under such contract or lease . . . .

See 11 U.S.C. §§ 365(a), (b)(1).  Accordingly, section 365 of the Bankruptcy Code authorizes assumptions and rejections like those proposed herein.  Further, section 1123 of the Bankruptcy Code expressly provides that the assumption or rejection of executory contracts and unexpired leases need not be addressed by separate motion, but may be addressed in the Plan.

   14.     The Bankruptcy Code permits a bankruptcy court to "issue any order, ***process***, or judgment that is necessary or appropriate to carry out the provision of this title."  11 U.S.C. § 105(a) (emphasis added).  Accordingly, section 105 of the Bankruptcy Code empowers bankruptcy courts to authorize reasonable procedures to govern the administration of matters before it.

15.     By this Motion, the City is proposing the Plan Contract Procedures as a means to fulfill the requirements of sections 365 and 1123 of the Bankruptcy Code and to assist with implementation of the Plan as it relates to the assumption, assignment or rejection of Executory Contracts and Unexpired Leases. The Plan Contract Procedures described above, and the form and manner of providing notice thereof, are fair and reasonable and will provide adequate notice to contract counterparties of the City's proposed assumption, assignment or rejection of those agreements.  In particular, the Plan Contract Procedures (a) provide counterparties to Executory Contracts or Unexpired Leases with adequate opportunity to object to the proposed assumption, assignment or rejection of such contracts and leases and (b) establish a process for the assertion and resolution of Cure Amount Claims or Rejection Damages Claims to be asserted in connection therewith.

16.     Because the Plan contemplates but does not establish such procedures, absent the Court's approval of the Plan Contract Procedures, issues relating to the treatment of Executory Contracts and Unexpired Leases potentially would be raised and addressed on an *ad hoc* or scattershot basis.  The approval of the Plan Contract Procedures, by contrast, will provide clear guidelines to parties in interest who are counterparties to Executory Contracts and Unexpired Leases with the City that will be addressed under the Plan.

CHI-1933166v7
13-53846-tjt    Doc 6008    Filed 07/14/14    Entered 07/14/14 19:38:05    Page 17 of 57

## Reservation of Rights

17. The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## Notice

18. Notice of this Motion has been given to the Retiree Committee and all entities that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The City submits that no other or further notice need be provided.

## Statement of Concurrence

19. Local Rule 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied." Local Rule 9014-1(g). The City believes that it would be unduly burdensome to request and obtain the concurrence of each counterparty to every Executory Contract or Unexpired Lease to which the City is

a party.  Accordingly, the City requests that the Court waive this Local

Rule 9014-1(g) requirement for the Motion.

## **No Prior Request**

20.    No prior request for the relief sought in this Motion has been

made to this or any other Court.

WHEREFORE, for the reasons set forth herein, the City respectfully

requests that this Court (a) enter the Proposed Order and (b) grant such other and

further relief to the City as the Court may deem proper.

Dated: July 14, 2014                    Respectfully submitted,


                                        /s/  Heather Lennox
                                        David G. Heiman (OH 0038271)
                                        Heather Lennox (OH 0059649)
                                        JONES DAY
                                        North Point
                                        901 Lakeside Avenue
                                        Cleveland, Ohio  44114
                                        Telephone:  (216) 586-3939
                                        Facsimile:  (216) 579-0212
                                        dgheiman@jonesday.com
                                        hlennox@jonesday.com

                                        Bruce Bennett (CA 105430)
                                        JONES DAY
                                        555 South Flower Street
                                        Fiftieth Floor
                                        Los Angeles, California  90071
                                        Telephone:  (213) 243-2382
                                        Facsimile:  (213) 243-2539
                                        bbennett@jonesday.com

                                        Jonathan S. Green (MI P33140)
                                        Stephen S. LaPlante (MI P48063)
                                        MILLER, CANFIELD, PADDOCK AND
                                            STONE, P.L.C.
                                        150 West Jefferson
                                        Suite 2500
                                        Detroit, Michigan  48226
                                        Telephone:  (313) 963-6420
                                        Facsimile:  (313) 496-7500
                                        green@millercanfield.com
                                        laplante@millercanfield.com

                                        ATTORNEYS FOR THE CITY

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice of Motion |
| Exhibit 3 | None [Brief Not Required] |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None [No Affidavits Filed Specific to This Motion] |
| Exhibit 6.1 | Form of Rejection Notice |
| Exhibit 6.2 | Form of Assumption Notice |

# **EXHIBIT 1**

Proposed Order

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-----------------------------------------------------x
                                    :
In re                               :        Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          :        Case No. 13-53846
                                    :
                        Debtor.     :        Hon. Steven W. Rhodes
                                    :
                                    :
-----------------------------------------------------x
```

## ORDER, PURSUANT TO SECTIONS 363, 901 AND 1123 OF THE BANKRUPTCY CODE, (A) ESTABLISHING PROCEDURES WITH RESPECT TO THE PROPOSED ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

This matter coming before the Court on the Motion of the City of Detroit, Pursuant to Sections 365, 901 and 1123 of the Bankruptcy Code, for an Order (A) Establishing Procedures with Respect to the Proposed Assumption and Rejection of Executory Contracts and Unexpired Leases and (B) Approving the Form and Manner of Notice Thereof (the "Motion"),[1] filed by the City of Detroit, Michigan (the "City"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

CHI-1933166v7

(a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (d) notice of the Motion and the Hearing was sufficient under the circumstances, (e) the relief requested in the Motion and granted herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code and in the best interests of the City, its creditors and other parties in interest and (f) the Plan Contract Procedures proposed by the Motion and approved herein are reasonable under the circumstances and provide adequate notice under the Bankruptcy Code and the Bankruptcy Rules with respect to the treatment of Executory Contracts and Unexpired Leases under or in connection with the Plan; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      The Plan Contract Procedures contained in the attached Schedule 1 are approved in all respects.

3.      The Rejection Notice (substantially in the form attached as Exhibit 6.1 to the Motion) and the Assumption Notice (substantially in the form attached as Exhibit 6.2 to the Motion) are approved in all respects.

4.     Nothing in the Plan Contract Procedures approved by this Order shall prevent the City from seeking to assume, assume and assign or reject any Executory Contract or Unexpired Lease by separate motion filed with the Court.

5.     The procedures approved by this Order are intended to supplement, but not to modify, the Plan, and this Order shall not be construed as a modification of the Plan.  To the extent that a provision of this Order or a statement made in the Motion conflict with any provision of the Plan confirmed in the City's chapter 9 case or any Confirmation Order, the terms of the Plan or Confirmation Order shall govern.  Moreover, the establishment of the Plan Contract Procedures shall not preclude the City from modifying or amending the Plan, as permitted by the Bankruptcy Code, or from seeking an order establishing additional or different procedures with respect to certain Executory Contracts or Unexpired Leases.

6.     This Order shall be effective immediately upon its entry.

## __Schedule 1__

Plan Contract Procedures

# PLAN CONTRACT PROCEDURES

The Plan Contract Procedures,[1] consisting of: (a) the Contract Rejection Procedures with respect to Executory Contract and Unexpired Leases identified for rejection pursuant to the Plan on the Plan Rejection Exhibit, and (b) the Contract Assumption Procedures with respect to Executory Contracts and Unexpired Leases identified for assumption, or assumption and assignment, under the Plan, shall be as follows:

*Contract Rejection Procedures*

    (a)    <u>Individualized Rejection Notices and Their Contents</u>. No later than five days after the entry of the order to which these Plan Contract Procedures are appended, the City shall serve (by regular U.S. mail) a written notice, in substantially in the form attached to the Motion as Exhibit 6.1 (the "<u>Rejection Notice</u>"), upon each counterparty to an Executory Contract or Unexpired Lease identified on the Plan Rejection Exhibit. The City shall serve the Rejection Notice on each counterparty at the address

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion of the City of Detroit, Pursuant to Sections 365, 901 and 1123 of the Bankruptcy Code, for an Order (A) Establishing Procedures with Respect to the Proposed Assumption and Rejection of Executory Contracts and Unexpired Leases and (B) Approving the Form and Manner of Notice Thereof (the "<u>Motion</u>"). References to specific sections of the Plan in these Plan Contract Procedures (a) are references to the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be further amended, modified or supplemented from time to time, the "<u>Plan</u>"), as filed with the United States Bankruptcy Court for the Eastern District of Michigan (the "<u>Bankruptcy Court</u>") on May 5, 2014, and (b) shall be deemed re-numbered as necessary if such specific sections are re-numbered in any amended version of the Plan filed with the Bankruptcy Court.

maintained in the City's books and records and on any counsel to the counterparty that has filed a notice of appearance in the Chapter 9 Case. The Rejection Notice shall provide the following information: (i) the Executory Contract or Unexpired Lease to be rejected, (ii) the procedures for the party to object to the rejection of the applicable Executory Contract or Unexpired Lease and (iii) the procedures and bar date for asserting a rejection damage Claim (as further described in sub-paragraph (d) below).[2] If the Plan Rejection Exhibit is amended to add Executory Contracts or Unexpired Leases to be rejected, a Rejection Notice shall be served (by regular U.S. mail) on each counterparty to any such rejected agreements no later than five days after the filing of the notice describing and effecting such amendment.

(b)    <u>Rejection Objections and Replies Thereto; Effect of Failure to Timely File a Rejection Objection</u>. Any party that wishes to object to the proposed rejection of an Executory Contract or Unexpired Lease under the Plan must file with the Bankruptcy Court and serve on counsel to the City a written objection (a "<u>Rejection Objection</u>") setting forth the basis for opposing rejection of the applicable agreement. Rejection Objections must be filed with the Bankruptcy Court and served on counsel to the City no later than 14 days after the service of the relevant Rejection Notice. The City may file a reply to a Rejection Objection (a "<u>Rejection Reply</u>") no later than ten days after the filing of such Rejection Objection. If no Rejection Objection is properly and timely filed and served with respect to an Executory Contract or Unexpired Lease, the proposed rejection of the applicable Executory Contract or Unexpired Lease shall be deemed approved in accordance with Section II.D.6 of the Plan.[3] To facilitate settlement discussions, the deadline to file a

---

[2]    To the extent that an Executory Contract or Unexpired Lease listed on the Plan Rejection Exhibit contains a "termination for convenience" provision, the City reserves the right to terminate such agreement under that provision.

[3]    Notwithstanding anything herein or the Plan, the City reserves the right to file a motion with the Court seeking an earlier rejection of any particular Executory Contract or Unexpired Lease, regardless of whether such

Rejection Objection or a Rejection Reply may be extended by a written agreement of the contract counterparty and the City.

(c) <u>Scheduling of Hearing on Rejection Objection</u>.   If a Rejection Objection is timely filed and served, the parties shall confer regarding the potential resolution of the Rejection Objection for at least a seven-day period after the Rejection Objection is filed. If the parties are unable to resolve the Rejection Objection during this seven-day period, either party may seek to have the dispute heard by the Bankruptcy Court by filing a hearing request with the Bankruptcy Court (a "<u>Rejection Hearing Request</u>").  A Rejection Reply filed by the City shall be deemed a Rejection Hearing Request.  Any Rejection Hearing Request shall seek a hearing on a date that is at least ten days after the date of filing of such request (which hearing may be the Confirmation Hearing).  Unless otherwise agreed by the parties or ordered by the Bankruptcy Court, the timing of the hearing on a Rejection Objection shall not impact the effective date of the proposed rejection.

(d) <u>Bar Date for Rejection Damages Claims</u>.   The Rejection Notice also shall set forth the procedures and the bar date for asserting a Rejection Damage Claim.  Consistent with Section II.D.7 of the Plan, the bar date for filing a Rejection Damage Claim shall be the later of:  (a) 45 days after the Effective Date; or (b) 45 days after such Executory Contract or Unexpired Lease is rejected pursuant to a Final Order or designated for rejection in accordance with Section II.D.3 of the Plan.[4]  Any party who fails to timely file a Rejection Damage Claim within such applicable time periods shall be forever barred from receiving a Distribution from the City on account of such Claims.

---

agreement is listed on the Plan Rejection Exhibit or otherwise addressed in the Plan.

[4]     The City intends to amend the Plan to extend the deadline to file Rejection Damage Claims to 45 days.  Accordingly, the Plan Contract Procedures described herein reflect these extended deadlines.

*Contract Assumption Procedures*

(a) <u>The Non-Exclusive Plan Assumption List</u>.  Subject to the City's right to amend such list, prior to the Effective Date, the City shall (i) file with the Bankruptcy Court a non-exclusive list (the "<u>Non-Exclusive Plan Assumption List</u>") of Executory Contracts and Unexpired Leases to be assumed pursuant to the Plan (any such agreement, an "<u>Assumed Agreement</u>"),[5] (ii) serve the Non-Exclusive Plan Assumption List by email upon all parties in interest receiving service via the Court's electronic case filing and noticing system and (iii) make the Non-Exclusive Plan Assumption List available for review on the Document Website.  The Non-Exclusive Plan Assumption List shall not otherwise be served on parties in interest or counterparties to agreements to be assumed.

The Non-Exclusive Plan Assumption List shall provide parties in interest with the following information (where available) with respect to each Executory Contract or Unexpired Lease identified thereon:  (i) the non-Debtor counterparty thereto; (ii) the proposed Cure Amount Claim required to be paid by the City pursuant to section 365(b)(1) of the Bankruptcy Code (if any); (iii) the vendor and contract numbers assigned by the City thereto; (iv) a short description thereof; (v) the City department associated therewith; and (vi) any assignee to which the City proposes to assign the applicable Executory Contract or Unexpired Lease.

(b) <u>Assumption of Agreements Not Identified on the Non-Exclusive Plan Assumption List</u>.  The failure to list an agreement on the Non-Exclusive Plan Assumption List shall not limit Sections II.D.1 and II.D.2 of the Plan in any way.

---

[5] The inclusion of an Assumed Agreement on the Non-Exclusive Plan Assumption List will incorporate any modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Assumed Agreement, unless such modification, amendment, supplement, restatement or other agreement is rejected pursuant to Section II.D.6 of the Plan.

(c)   <u>Individualized Assumption Notices and Their Contents</u>.  No later than five days after the Non-Exclusive Plan Assumption List is filed, the City shall serve (by regular U.S. mail) a written notice, in substantially in the form attached to the Motion as Exhibit 6.2 (the "<u>Assumption Notice</u>"), upon each counterparty to an Executory Contract or Unexpired Lease identified on the Non-Exclusive Plan Assumption List.  The City shall serve the Assumption Notice on each counterparty at the address maintained in the City's books and records and on any counsel to the counterparty that has filed a notice of appearance in the Chapter 9 Case.  The Assumption Notice shall include the following information:  (i) the Executory Contract or Unexpired Lease to be assumed, (ii) the proposed Cure Amount Claim required to be paid by the City pursuant to section 365(b)(1) of the Bankruptcy Code (if any), (iii) the identity of any assignee to which the City proposes to assign the applicable Executory Contract or Unexpired Lease and (iv) the procedures for the counterparty to object to the proposed assumption, assignment (if any) or Cure Amount Claim (if any) regarding the applicable Executory Contract or Unexpired Lease.  If the Non-Exclusive Plan Assumption List is amended to (i) add Executory Contracts or Unexpired Leases to be assumed, (ii) modify the proposed Cure Amount Claim for an Executory Contract or Unexpired Lease or (iii) otherwise change any information related to an Executory Contract or Unexpired Lease on such list, an Assumption Notice shall be served on each counterparty to any such affected agreements no later than five days after the filing of the notice describing and effecting such amendment.

(d)   <u>Assumption Objections and Replies Thereto; Effect of Failure to Timely File an Assumption Objection</u>.  Any party that wishes to object to (i) the proposed assumption of an Executory Contract or Unexpired Lease pursuant to the Plan, (ii) the amount of the Cure Amount Claim identified on the Non-Exclusive Plan Assumption List or in an Assumption Notice or (iii) any assignment of an Executory Contract or Unexpired Lease must file with the Bankruptcy Court and serve on counsel to the City a written objection (an "<u>Assumption Objection</u>") setting forth the basis for opposing assumption or

assignment of the applicable agreement or the proposed Cure Amount Claim.

(i)     For Executory Contracts or Unexpired Leases identified on the Non-Exclusive Plan Assumption List, an Assumption Objection must be filed with the Bankruptcy Court and served on counsel to the City no later than 14 days after the service of the relevant Assumption Notice.

(ii)    For Executory Contracts or Unexpired Leases assumed under the Plan but not identified in the Non-Exclusive Plan Assumption List, the counterparty to such an agreement must file any Assumption Objection (including any objections relating to a Cure Amount Claim) no later than 20 days after the Effective Date of the Plan.  The notice provided by the City pursuant to Section VIII.H of the Plan shall identify this filing deadline.

(iii)   The City may file a reply to an Assumption Objection (an "Assumption Reply") no later than ten days after the filing of such an Assumption Objection.

If no Assumption Objection is properly and timely filed and served with respect to an Executory Contract or Unexpired Lease:  (i) the proposed assumption (or assignment, if applicable) of the applicable Executory Contract or Unexpired Lease shall be deemed approved in accordance with the Plan as of the Effective Date;[6] and (ii) the Cure Amount Claim for such Executory Contract or Unexpired Lease, as identified on the Non-Exclusive Plan Assumption List, shall be deemed approved and shall be paid in accordance with the Plan, without further action of the Bankruptcy Court.  To facilitate settlement

---

[6]     Notwithstanding anything herein or the Plan, the City reserves the right to file a motion with the Court seeking an earlier assumption of any particular Executory Contract or Unexpired Lease, regardless of whether such agreement is listed on the Non-Exclusive Plan Assumption List or otherwise addressed in the Plan.

discussions, the deadline to file an Assumption Objection or an Assumption Reply may be extended by a written agreement of the contract counterparty and the City.

(e)    <u>Scheduling of Hearing on Assumption Objection</u>.  If an Assumption Objection is timely filed and served, the parties shall confer regarding the potential resolution of the Assumption Objection for at least a seven-day period after the Assumption Objection is filed.  If the parties are unable to resolve the Assumption Objection during this seven-day period, either party may seek to have the dispute heard by the Bankruptcy Court by filing a hearing request with the Bankruptcy Court (an "<u>Assumption Hearing Request</u>").  An Assumption Reply filed by the City shall be deemed an Assumption Hearing Request.  Any Assumption Hearing Request shall seek a hearing on a date that is at least ten days after the date of filing of such request.  Unless otherwise agreed by the parties or ordered by the Bankruptcy Court, the timing of the hearing on an Assumption Objection shall not impact the effective date of the proposed assumption.

## EXHIBIT 2

Notice

Form B20A(Official Form 20A)
12/1/10

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Michigan**

In re:

**CITY OF DETROIT, MICHIGAN,**

           **Debtor.**

**Chapter: 9**

**Case No.: 13-53846**

**Judge:  Hon. Steven W. Rhodes**

Address:  2 Woodward Avenue, Suite 1126
        Detroit, Michigan  48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any):  38-6004606

**NOTICE OF MOTION OF THE CITY OF DETROIT, PURSUANT
TO SECTIONS 365, 901 AND 1123 OF THE BANKRUPTCY CODE,
FOR AN ORDER: (A) ESTABLISHING PROCEDURES WITH RESPECT TO THE PROPOSED
ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED
LEASES AND (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

The City of Detroit, Michigan (the "City") has filed papers with the Court seeking entry of an order, pursuant to sections 365, 901 and 1123 of the Bankruptcy Code, to (a) establish procedures with respect to the proposed assumption and rejection of executory contracts and unexpired leases and (b) approving the form and manner of notice thereof.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or by July 25, 2014**, you or your attorney must:

1.         File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan  48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically. You must also mail a copy to:

---

[1]        Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500

2.      If a response or answer is timely filed and served, the Court will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated:     July 14, 2014                    Respectfully submitted,


/s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com


Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com


Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# **EXHIBIT 4**

Certificate of Service

## <u>CERTIFICATE OF SERVICE</u>

I, Heather Lennox, hereby certify that the foregoing Motion of the City of Detroit, Pursuant to Sections 365, 901 and 1123 of the Bankruptcy Code, for an Order (A) Establishing Procedures with Respect to the Proposed Assumption and Rejection of Executory Contracts and Unexpired Leases and (B) Approving the Form and Manner of Notice Thereof was filed and served via the Court's electronic case filing and noticing system on this 14th day of July, 2014.

/s/  Heather Lennox

## EXHIBIT 6.1

Form of Rejection Notice

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

-------------------------------------------------------x
                          :

In re                            :        Chapter 9
                          :

CITY OF DETROIT, MICHIGAN,   :        Case No. 13-53846
                          :

                Debtor.     :        Hon. Steven W. Rhodes
                          :
                          :
-------------------------------------------------------x

### NOTICE REGARDING (A) EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE REJECTED PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE, (B) BAR DATE FOR <u>CLAIMS ARISING THEREFROM AND (C) RELATED PROCEDURES</u>

> TO ALL PERSONS AND ENTITIES WHO ARE PARTIES TO THE EXECUTORY CONTRACTS OR UNEXPIRED LEASES LISTED ON ANNEX A ATTACHED TO THIS NOTICE

### PLEASE TAKE NOTICE OF THE FOLLOWING:

       1.    <u>Contract Procedures Order; Plan Rejection Exhibit</u>.

On _____, 2014, the United States Bankruptcy Court for the Eastern District of

Michigan (the "<u>Bankruptcy Court</u>") entered an Order (the "<u>Contract Procedures</u>

<u>Order</u>") approving, among other things, certain procedures with respect to the

proposed rejection of Executory Contracts and Unexpired Leases pursuant to the

Fourth Amended Plan of Adjustment of Debts of the City of Detroit, Michigan (as

it may be further amended, the "Plan").[1]  On July 3, 2014, in accordance with Section I.A.215 of the Plan, the City filed Exhibit II.D.6 to the Plan (the "Plan Rejection Exhibit") with the Bankruptcy Court.

2.     Executory Contracts and Unexpired Leases to Be Rejected. You (or your affiliate or client) are a counterparty to one or more Executory Contracts or Unexpired Leases listed on the Plan Rejection Exhibit, which agreements are identified on Annex A hereto (each such agreement on Annex A, a "Rejected Agreement").  Pursuant to Section II.D.6 of the Plan, the entry of an order confirming the Plan will constitute an order of the Bankruptcy Court approving the rejection of each Rejected Agreement, effective as of the Effective Date.  You will receive an additional notice of the occurrence of the Effective Date if and when the Effective Date occurs.

3.     Reservation of Rights.  In accordance with the Plan, the City reserved the right, at any time through the Effective Date, to amend the Plan Rejection Exhibit to add or delete any contract or lease identified thereon.  The City will provide a further notice of any amendments to the Plan Rejection Exhibit to each party to an Executory Contract or Unexpired Lease affected thereby.

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.  **[References to specific sections of the Plan shall be re-numbered or deemed re-numbered as necessary if such specific sections are re-numbered in any amended version of the Plan filed with the Bankruptcy Court.]**

Further, listing a contract or lease on the Plan Rejection Exhibit does not constitute an acknowledgment or agreement by the City, or a determination of the Bankruptcy Court, that such contract or lease is an Executory Contract or Unexpired Lease, and the City reserves all rights with respect thereto. Each contract or lease identified on Annex A shall be rejected only to the extent that any such contract or lease constitutes an Executory Contract or Unexpired Lease. Rejection of any contract or lease identified on Annex A shall not constitute a termination of preexisting obligations owed to the City under such contract or lease. Notwithstanding any applicable non-bankruptcy law to the contrary, the City expressly reserves and does not waive any right to receive, or any continuing obligation of a non-City party to provide, warranties, indemnifications or continued maintenance obligations on goods previously purchased, or services previously received, by the City from non-City parties to rejected Executory Contracts or Unexpired Leases, and any such rights shall remain vested in the City as of the Effective Date.

   4. <u>Objections to Proposed Rejection</u>. Pursuant to the Contract Procedures Order, if you wish to object to the proposed rejection of the Rejected Agreement(s) identified on Annex A, you must file with the Bankruptcy Court and serve on counsel to the City, at the addresses indicated in the signature block hereof, a written objection (a "<u>Rejection Objection</u>") setting forth the basis for

opposing rejection of the Rejected Agreement(s) no later than 14 days after the date of this Notice (i.e., by _____, 2014). The City may file a reply to a Rejection Objection (a "Rejection Reply") no later than ten days after the filing of the Rejection Objection. If no Rejection Objection is properly and timely filed and served with respect to a Rejected Agreement, the proposed rejection thereof will be deemed approved in accordance with Section II.D.6 of the Plan. To facilitate settlement discussions, the deadline to file a Rejection Objection or a Rejection Reply may be extended by a written agreement of the contract counterparty and the City.

5. <u>Resolution of Rejection Objection</u>. If a Rejection Objection is timely filed and served, the parties shall confer regarding the potential resolution of the Rejection Objection for at least a seven-day period after the Rejection Objection is filed. In this regard, the City invites you to contact _____ at _____ to seek to resolve your Rejection Objection prior to or after filing such Rejection Objection.

6. <u>Scheduling of Hearing on Rejection Objection</u>. If a Rejection Objection is timely filed and the parties are unable to resolve the Rejection Objection during the seven-day period referenced above, either party may seek to have the dispute heard by the Bankruptcy Court by filing a hearing request with the Bankruptcy Court (a "Rejection Hearing Request"). A Rejection Reply filed by the

City shall be deemed a Rejection Hearing Request. Any Rejection Hearing Request shall seek a hearing on a date that is at least ten days after the date of filing such request (which hearing may be the Confirmation Hearing).

7. <u>Rejection Damage Claim Bar Date</u>. The bar date for filing a Rejection Damage Claim will be the later of: (a) 45 days after the Effective Date or (b) 45 days after such Executory Contract or Unexpired Lease is rejected pursuant to a Final Order or designated for rejection in accordance with Section II.D.3 of the Plan. Any party who fails to timely file a Rejection Damage Claim within such applicable time periods will be forever barred from receiving a Distribution from the City on account of such Claims.

8. <u>Procedures for Filing a Rejection Damage Claim</u>. Proofs of claim evidencing Rejection Damage Claims shall be filed in accordance with the following procedures:

(a) Proofs of claim must be filed by mailing the original proof of claim or delivering the original proof of claim by hand or overnight courier either to: (i) the City of Detroit Claims Processing Center, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; or (ii) the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Eastern District of Michigan (the "<u>Clerk's Office</u>"), 211 West Fort Street, Suite 1700, Detroit, Michigan 48226. <u>Proofs of claim submitted by facsimile, electronic mail or electronic (ECF) court filing shall not be accepted and shall not be deemed properly filed;</u>

(b) Proofs of claim will be deemed timely filed only if actually received by the City's claims agent, Kurtzman Carson

Consultants LLC ("KCC"), or the Clerk's Office at the addresses set forth in the foregoing subparagraph on or before the applicable bar date. If you wish to receive acknowledgement of receipt of a proof of claim by KCC or the Clerk Office, you also must submit to KCC or the Clerk's Office by the applicable bar date and concurrently with submitting your original proof of claim: (i) a copy of the original proof of claim; and (ii) for claims submitted to KCC or by mail to the Clerk's Office, a self-addressed, postage prepaid return envelope; and

(c) Proofs of claim must (i) be signed by you or your authorized agent; (ii) include any documents upon which the claim is based (or, if such documents are voluminous, a summary) or an explanation as to why the documents are not available; (iii) be written in the English language; and (iv) be denominated in United States currency.

A blank proof of claim form is available at the Document Website, as noted below.

9. Document Website. The most current version of the Plan

Rejection Exhibit, a blank proof of claim form and other information regarding the

City's Chapter 9 Case, can be found at the City's Document Website at

http://www.kccllc.net/Detroit.

Dated: [_____], 2014   Respectfully submitted,


       /s/ Heather Lennox
       David G. Heiman (OH 0038271)
       Heather Lennox (OH 0059649)
       JONES DAY
       North Point
       901 Lakeside Avenue
       Cleveland, Ohio  44114
       Telephone:  (216) 586-3939
       Facsimile:  (216) 579-0212
       dgheiman@jonesday.com
       hlennox@jonesday.com

       Bruce Bennett (CA 105430)
       JONES DAY
       555 South Flower Street
       Fiftieth Floor
       Los Angeles, California  90071
       Telephone:  (213) 243-2382
       Facsimile:  (213) 243-2539
       bbennett@jonesday.com

       Jonathan S. Green (MI P33140)
       Stephen S. LaPlante (MI P48063)
       MILLER, CANFIELD, PADDOCK AND
        STONE, P.L.C.
       150 West Jefferson
       Suite 2500
       Detroit, Michigan  48226
       Telephone:  (313) 963-6420
       Facsimile:  (313) 496-7500
       green@millercanfield.com
       laplante@millercanfield.com

       ATTORNEYS FOR THE CITY OF DETROIT

# **ANNEX A**

Rejected Agreements

## **EXHIBIT 6.2**

Form of Assumption Notice

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

-------------------------------------------------------x
                              :
In re                         :        Chapter 9
                              :
CITY OF DETROIT, MICHIGAN,     :        Case No. 13-53846
                              :
                 Debtor.     :        Hon. Steven W. Rhodes
                              :
                              :
-------------------------------------------------------x

**NOTICE REGARDING EXECUTORY CONTRACTS AND**
**UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO SECTION 365**
**OF THE BANKRUPTCY CODE AND RELATED PROCEDURES**

> TO ALL PERSONS AND ENTITIES WHO ARE PARTIES TO
> THE EXECUTORY CONTRACTS OR UNEXPIRED LEASES
> LISTED ON ANNEX A ATTACHED TO THIS NOTICE

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

      1.    <u>Contract Procedures Order; Non-Exclusive Plan Assumption</u>

<u>List</u>. On _____, 2014, the United States Bankruptcy Court for the Eastern

District of Michigan (the "<u>Bankruptcy Court</u>") entered an Order (the "<u>Contract</u>

<u>Procedures Order</u>") approving, among other things, certain procedures with respect

to the proposed assumption or assumption and assignment of Executory Contracts

and Unexpired Leases pursuant to the Fourth Amended Plan of Adjustment of

Debts of the City of Detroit, Michigan (as it may be further amended, the "Plan").[1]

On _____, 2014, the City filed with the Bankruptcy Court a list of Executory Contracts and Unexpired Leases that it intends to assume pursuant to the Plan (the "Non-Exclusive Plan Assumption List"). Pursuant to the applicable provisions of the Contract Procedures Order and the Plan, by identifying agreements on the Non-Exclusive Plan Assumption List, the City proposes to assume such Executory Contracts and Unexpired Leases, effective as of the Effective Date. You will receive an additional notice of the occurrence of the Effective Date if and when the Effective Date occurs.

2.      Executory Contracts and Unexpired Leases to Be Assumed. You (or your affiliate or client) are a counterparty to one or more Executory Contracts or Unexpired Leases listed on the Non-Exclusive Plan Assumption Exhibit, which agreements are identified on Annex A hereto (each such agreement on Annex A, an "Assumed Agreement").[2] With respect to each Assumed

---

[1]   Capitalized terms not otherwise defined herein have the meanings given to them in the Plan. **[References to specific sections of the Plan shall be re-numbered or deemed re-numbered as necessary if such specific sections are re-numbered in any amended version of the Plan filed with the Bankruptcy Court.]**

[2]   The inclusion of an Assumed Agreement on the Non-Exclusive Plan Assumption List and on Annex A hereto incorporates any modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Assumed Agreement, unless such modification,

Agreement, Annex A identifies, among other information: (a) the proposed Cure Amount Claim required to be paid by the City pursuant to section 365(b)(1) of the Bankruptcy Code (if any); and (b) the identity of any assignee to which the City proposes to assign the Assumed Agreement (if any). Pursuant to Section II.D.3 of the Plan, the entry of an order confirming the Plan will constitute an order of the Bankruptcy Court approving the assumption of each Assumed Agreement, effective as of the Effective Date.

3. <u>Assumption of Agreements Not Identified on Non-Exclusive Plan Assumption List</u>. The Plan provides that the City also is assuming any Executory Contract or Unexpired Lease not listed as an Assumed Agreement and not previously assumed, assumed and assigned or rejected pursuant to (a) an order of the Bankruptcy Court or (b) the express provisions of the Plan, regardless of whether such agreement is listed on the Non-Exclusive Plan Assumption List.

4. <u>Reservation of Rights; Additional Notice</u>. Pursuant to paragraph __ of the Contract Procedures Order, the City retains the right to amend the Non-Exclusive Plan Assumption List to (a) modify the proposed Cure Amount Claim for any Executory Contract or Unexpired Lease to be assumed and (b) otherwise change any information related to an Executory Contract or

---

amendment, supplement, restatement or other agreement is rejected pursuant to Section II.D.6 of the Plan.

Unexpired Lease on such list. The City will provide further notice of any such amendments to each party to an Executory Contract or Unexpired Lease affected thereby no later than five days after the filing of the notice describing and effecting such amendment. Further, listing a contract or lease on the Non-Exclusive Plan Assumption List or Annex A hereto does not constitute an acknowledgment or agreement by the City, or a determination of the Bankruptcy Court, that such contract or lease is an Executory Contract or Unexpired Lease, and the City reserves all rights with respect thereto. Each contract or lease identified on Annex A shall be assumed only to the extent that any such contract or lease constitutes an Executory Contract or Unexpired Lease.

5.    <u>Objections to Proposed Assumption</u>. Pursuant to paragraph __ of the Contract Procedures Order, if you wish to object to (a) the proposed assumption of an Assumed Agreement(s) to which you are a counterparty, including the agreements identified on Annex A, (b) the amount of the related Cure Amount Claim (if any), including any amount identified on Annex A or (c) any related assignment, you must file with the Bankruptcy Court and serve on counsel to the City, at the addresses set forth in the signature block below, a written objection (an "<u>Assumption Objection</u>") setting forth the basis for such objection.

(i)    For Assumed Agreements identified on Annex A, an Assumption Objection must be filed with the Bankruptcy Court and served on counsel to the City no later than 14 days after the service of this Notice.

(ii)    For Executory Contracts or Unexpired Leases assumed under the Plan but not identified on the Non-Exclusive Plan Assumption List, an Assumption Objection (including any objections relating to a Cure Amount Claim) must be filed with the Bankruptcy Court and served on counsel to the City no later than 20 days after the Effective Date of the Plan.

(iii)    The City may file a reply to an Assumption Objection (an "<u>Assumption Reply</u>") no later than ten days after the filing of such an Assumption Objection.

If no Assumption Objection is properly and timely filed and served with respect to an Executory Contract or Unexpired Lease (including Assumed Agreements identified on Annex A), (a) the proposed assumption (and assignment, if applicable) of such agreement will be deemed approved in accordance with the Plan, effective as of the Effective Date and (b) the proposed Cure Amount Claim related to such agreement will be deemed approved and will be paid in accordance with the Plan, without further action of the Bankruptcy Court.  To facilitate settlement discussions, the deadline to file an Assumption Objection or an Assumption Reply may be extended by a written agreement of the contract counterparty and the City.

6.    <u>Resolution of Assumption Objection</u>.  If an Assumption Objection is timely filed and served, the parties shall confer regarding the potential resolution of the Assumption Objection for at least a seven-day period after the Assumption Objection is filed.  In this regard, the City invites you to contact _____ at _____ to seek to resolve your Assumption Objection prior to or after filing such Assumption Objection.

7. <u>Scheduling of Hearing on Assumption Objection</u>. If an Assumption Objection is timely filed and the parties are unable to resolve the Assumption Objection during this seven-day period, either party may seek to have the dispute heard by the Bankruptcy Court by filing a request for a hearing with the Bankruptcy Court (an "<u>Assumption Hearing Request</u>"). Any Assumption Hearing Request shall seek a hearing on a date that is at least ten days after the date of filing of such request.

8. <u>Rejection of Executory Contracts and Unexpired Leases Where Assumption Denied</u>. If an Assumption Objection is not resolved in favor of the City with respect to a proposed assumption, proposed assumption and assignment or proposed Cure Amount Claim, the applicable Executory Contract or Unexpired Lease may be designated by the City for rejection, which shall be deemed effective as of the Effective Date, pursuant to Section II.D.3 of the Plan. If the City designates any agreement identified on Annex A for rejection pursuant to Section II.D.3 of the Plan, you will receive a Rejection Notice (as such term is defined in the Contract Procedures Order).

9. <u>Document Website</u>. The most recently filed Non-Exclusive Plan Assumption Exhibit, as well as other information regarding the City's Chapter 9 Case, can be found at the City's Document Website at http://www.kccllc.net/Detroit.

Dated: [_____], 2014          Respectfully submitted,


                                 /s/  Heather Lennox
                                 David G. Heiman (OH 0038271)
                                 Heather Lennox (OH 0059649)
                                 JONES DAY
                                 North Point
                                 901 Lakeside Avenue
                                 Cleveland, Ohio  44114
                                 Telephone:  (216) 586-3939
                                 Facsimile:  (216) 579-0212
                                 dgheiman@jonesday.com
                                 hlennox@jonesday.com

                                 Bruce Bennett (CA 105430)
                                 JONES DAY
                                 555 South Flower Street
                                 Fiftieth Floor
                                 Los Angeles, California  90071
                                 Telephone:  (213) 243-2382
                                 Facsimile:  (213) 243-2539
                                 bbennett@jonesday.com

                                 Jonathan S. Green (MI P33140)
                                 Stephen S. LaPlante (MI P48063)
                                 MILLER, CANFIELD, PADDOCK AND
                                    STONE, P.L.C.
                                 150 West Jefferson
                                 Suite 2500
                                 Detroit, Michigan  48226
                                 Telephone:  (313) 963-6420
                                 Facsimile:  (313) 496-7500
                                 green@millercanfield.com
                                 laplante@millercanfield.com

                                 ATTORNEYS FOR THE CITY OF DETROIT

# ANNEX A

Assumed Agreements