# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## SYNCORA'S SUPPLEMENTAL BRIEF REGARDING ITS STANDING TO OBJECT TO PLAN CONFIRMATION

Syncora[1] respectfully submits this brief in response to the Order, in which the Court observed *sua sponte* that "it is not clear that the [UTEA and RMFA] are intended to protect Syncora's interests and therefore it is not clear that Syncora has standing to raise [its] objection [to the UTGO Settlement]."[2] This issue is readily addressed. Syncora is not suing to enforce the UTEA or RMFA—Syncora is objecting to Plan confirmation. Because the UTGO Settlement violates state law, the Plan violates the Bankruptcy Code. And Syncora—a creditor affected by the UTGO Settlement—has standing to challenge the Plan on that basis. In any event, the Court has an independent duty to determine whether the Plan satisfies the Bankruptcy Code. It does not, and thus it cannot be confirmed.[3]

---

[1] Capitalized terms used but not defined herein have the meanings given to them in *Syncora's First Supplemental Objection Regarding Certain Legal Issues Relating to Confirmation* [Docket No. 5706] (the "First Supplemental Objection").

[2] *Order for Supplemental Briefs on the Issue of Standing* [Docket No. 5877] (the "Order").

[3] Notably, at the Court's July 14 status conference regarding Plan confirmation, the City's counsel represented that it is still negotiating the definitive documents in connection with UTGO Settlement. Pursuant to the Plan,

## PRELIMINARY STATEMENT

1. Syncora's First Supplemental Objection, filed in response to the Court's Legal Issues Order,[4] is a supplemental objection to the City's Plan.[5] It is not a direct action to enforce the UTEA or RMFA.

2. Syncora—as the City's creditor—has constitutional, statutory, and prudential standing to contest Plan confirmation under section 943(b)(4) of the Bankruptcy Code. After all, "preservation of creditors' right[s] [to] object to confirmation of a plan because it does not satisfy the requirements of § 943 is vital to the credibility of the bankruptcy system."[6]

3. Finally, even if it were relevant to Syncora's standing to challenge confirmation (which it is not), Syncora Guarantee Inc.'s subsidiaries pay *ad valorem* taxes to the City on account of the UTGO Tax Levy.

## ARGUMENT

**I. Syncora Has Standing to Object to Plan Confirmation**

4. As to constitutional standing, "[t]o object to the confirmation [of a plan], a party must, in the first instance, meet the requirements for standing . . .

---

the UTGO Settlement itself is subject to final documentation, which must be reasonably acceptable to the parties thereto. *See* Plan Ex. I.A.285.

[4] *See generally* Legal Issues Order; *see also* Order Regarding Identifying Legal Issues Relating to Confirmation [Docket No. 5021].

[5] Syncora also filed an initial plan objection. *See generally* Plan Objection [Docket No. 4679]. Therein, Syncora first raised its objection to the UTGO Settlement. *See id.* ¶¶ 73–75. Thus, Syncora's First Supplemental Objection was simply an expansion of its Plan Objection, consistent with this Court's order.

[6] *In re Mount Carbon Metro. Dist.*, No. 97-20215, 1999 WL 34995477, at *7 (Bankr. D. Colo. July 20, 1999).

2

under Article III of the Constitution."[7] Article III is satisfied where a party has a "personal stake in the outcome of the controversy."[8] Additionally, as to statutory standing, section 1109(b) of the Bankruptcy Code provides that a creditor, as a "party in interest," may "appear and be heard on any issue in a [chapter 9 case]."[9] Importantly, this Court reasoned adeptly that Article III standing and section 1109(b) standing are coextensive, holding that: "[a] creditor has a direct, personal stake in the outcome of a bankruptcy case and thus has standing to challenge the bankruptcy filing."[10] Of course, the Court's statement was made in the context of the City's eligibility for chapter 9 relief. No matter. Section 1128(b) of the Bankruptcy Code fills the gap: "A party in interest may object to confirmation of a plan."[11]

5. Finally, as to prudential standing, courts have imposed limitations on party-in-interest standing.[12] Under those limitations, a party may lack standing if:

---

[7] *In re Global Indus. Techs., Inc.*, 645 F.3d 201, 210 (3d Cir. 2011).

[8] *Stevenson v. J.C. Bradford & Co.* (*In re Cannon*), 277 F.3d 838, 852 (6th Cir. 2002) (citations and internal quotation marks omitted).

[9] *See* 11 U.S.C. §§ 1109 (providing that a creditor is a "party in interest"); *see also Debtor's Supplemental Brief on Legal Issues Relating to Confirmation of Fourth Amended Plan for the Adjustment of the Debtors of the City of Detroit* ¶¶ 53–54 [Docket No. 5707] (the "City Brief"). Importantly, section 1109 of the Bankruptcy Code has been incorporated wholesale into chapter 9. *See* 11 U.S.C. § 901; *see also* City Br. n. 19.

[10] *In re City of Detroit, Mich.*, 504 B.R. 191, 234 (Bankr. E.D. Mich. 2013) (emphasis added); *see also In re Addison Cmty. Hosp. Auth.*, 175 B.R. 646, 650 (Bankr. E.D. Mich. 1994) (Rhodes, J.); *accord Global Indus. Techs.*, 645 F.3d at 211 ("Persuasive authority indicates that Article III standing and standing under the Bankruptcy Code are effectively coextensive.").

[11] 11 U.S.C. § 1128(b) (made applicable in chapter 9 by 11 U.S.C. § 901).

[12] *In re A.P.I., Inc.*, 331 B.R. 828, 860 (Bankr. D. Minn. 2005) (subsequent history omitted).

3

"(a) it is asserting a third party's rights; (b) it alleges a generalized grievance rather than an injury particular to it; or (c) it asserts an injury outside the zone of interest[s] the statute was designed to protect."[13] In the context of plan confirmation, courts have crafted an additional limitation: a party in interest may only object to specific provisions of a plan that affect the objecting party's rights.[14]

6. Here, Syncora meets the requirements for standing under each of the constitutional, statutory, and prudential standing tests. *First*, Syncora has constitutional and statutory standing. Syncora is a creditor.[15] Syncora—each in its capacity as an insurer, subrogee, and direct holder with direction from its insurer—holds COP Claims, UTGO Claims, Other Unsecured Claims, and others.[16] And the City's Plan proposes to impair Syncora's legal, equitable, and contractual rights for each of these claims.[17] Accordingly, Syncora is a creditor that has a personal stake in the outcome of the confirmation trial and thus has standing under Article III and sections 1109(b) and 1128(b) to oppose confirmation.

7. *Second*, Syncora satisfies the prudential limitations. Syncora is asserting its own rights based on the above-listed claims. Because its rights are

---

[13] *Id.* at 858 (citing *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,* 454 U.S. 464, 474 (1982)).

[14] *See, e.g.*, *In re Quigley Co., Inc.*, 391 B.R. 695, 703 (Bankr. S.D.N.Y. 2008) (collecting cases).

[15] *See generally* Proofs of Claim Nos. 1352, 1354. As of today, the City has not objected to Syncora's claims. *Cf.* 11 U.S.C. § 502(a).

[16] *See* Proofs of Claim Nos. 1352, 1354.

[17] *See generally* Plan Art. II (providing for the treatment of classes of claims).

impaired under the Plan, Syncora alleges a particularized injury. And, because the Bankruptcy Code contains important creditor protections—such as section 943—Syncora's injuries are within the "zone of interests" protected by the Bankruptcy Code. Indeed, Syncora is objecting to provisions in the Plan that affect it. That is, Syncora is objecting to the Plan on the basis that the UTGO Settlement violates section 943(b)(4) of the Bankruptcy Code. As noted above, in its proofs of claim, and in the First Supplemental Objection, Syncora insures UTGOs and holds UTGO Claims.[18]

## II. Syncora's Subsidiaries Pay *Ad Valorem* Taxes to the City

8. Syncora's subsidiaries pay *ad valorem* taxes on account of the UTGO Tax Levy. Under Michigan law, a taxpayer has standing "to maintain a suit [challenging an unlawful tax levy] against a unit of government . . . [if the taxpayer] will sustain substantial injury or suffer loss or damage as a taxpayer, through increased taxation and the consequences thereof."[19]

9. Here, Syncora will suffer damage through taxation that violates the UTEA and RMFA (for the reasons given in the First Supplemental Objection). Therefore, those statutes *are* intended to protect Syncora's interests, and therefore Syncora would have standing to maintain a direct action for an unlawful tax levy.

---

[18] Indeed, the City agrees with Syncora—it served Syncora with Class 8 UTGO Claims ballots.

[19] *Menendez v. City of Detroit*, 60 N.W.2d 319, 323 (Mich. 1953)

Dated: July 14, 2014

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: */s/ Ryan Blaine Bennett*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*