## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

-------------------------------------------------------x
                     :

In re                      :            Chapter 9
                     :

CITY OF DETROIT, MICHIGAN,     :            Case No. 13-53846
                     :

               Debtor.      :            Hon. Steven W. Rhodes
                     :

-------------------------------------------------------x

## CITY'S SUPPLEMENTAL BRIEF REGARDING STANDING OF
## SYNCORA TO RAISE CERTAIN OBJECTIONS TO CONFIRMATION

       1.       In its objection to the Plan (Docket No. 4679) and supplemental brief on legal issues related to confirmation (Docket No. 5706) (the "Supplemental Brief"),[1] Syncora objects that the Plan does not satisfy section 943(b)(4) of the Bankruptcy Code on account of alleged violations of the UTEA and the RMFA. Because neither statute was intended to protect the financial interests of third-party bond insurers such as Syncora, Syncora lacks standing to raise this objection.

       2.       The Michigan Legislature's (the "Legislature's") intent in enacting the UTEA and the RMFA is not obscure; both statutes contain express

---

[1] This brief addresses whether Syncora Capital Assurance Inc. and Syncora Guarantee Inc. (together, "Syncora") have standing to raise objections to the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (the "Plan") under the Unlimited Tax Election Act, M.C.L. §§ 141.161 *et seq.* (the "UTEA") and the Revised Municipal Finance Act, M.C.L. §§ 141.2101 *et seq.* (the "RMFA"). Capitalized terms not defined herein have the meanings given to them in the Plan.

statements of purpose.[2]  Nothing in such statements of purpose – or elsewhere in

the UTEA or the RMFA – can be read to protect the economic interests of a bond

insurer such as Syncora.  Rather, the Legislature's purposes in enacting these

statutes was to (a) protect Michigan citizens, taxpayers and municipalities and

(b) preserve the integrity of state law, principally with respect to tax millages.[3]

Syncora is neither a resident of Detroit nor a taxpayer subject to the relevant

millage and, thus, possesses no interest protected by the UTEA or RMFA.

---

[2]  See UTEA, preamble (providing that the UTEA is intended to "implement section 6 of article 9 of the state constitution …; to secure the good credit of public corporations …; to authorize elections … to approve unlimited tax pledges; and to validate approval of unlimited tax pledges made in prior elections"); RMFA, preamble (providing that the RMFA is intended to regulate municipalities' "borrowing of money and the issuance of certain debt and securities" and, specifically, to "provide for tax levies and sinking funds; to prescribe powers and duties of certain departments, state agencies, officials, and employees; to impose certain duties, requirements, and filing fees upon political subdivisions of this state; to authorize the issuance of certain debt and securities; to prescribe penalties; and to repeal acts and parts of acts").  Article IX, section 6 of the Michigan Constitution – referenced in the UTEA preamble – sets forth certain limits on general *ad valorem* taxes a municipality may annually impose.

[3]  Syncora itself repeatedly acknowledges that these statutes were designed to protect citizens and taxpayers.  See, e.g., Supplemental Brief, at ¶ 8 ("The import of these statutory provisions is straightforward: … if there is a surplus, then Detroit citizens must get the benefit of reduced tax bills."); id. at ¶ 11 ("under the Plan, the citizens of Detroit will be compelled to pay the same *ad valorem* taxes"); id. at ¶ 21 ("Contrary to the Plan and UTGO Settlement, Detroit voters did not approve using the Tax Levy for payment of pension obligations or for the City's general use …."); id. at ¶ 22 ("In sum, Detroit citizens approve tax levies for specific purposes.").

3. Because Syncora can suffer no injury from an alleged violation of a statute that does not protect its interests, it lacks constitutional standing to object to such alleged violations. Under Article III of the U.S. Constitution, a party asserting standing bears the burden of showing, among other things, that it has suffered an "injury in fact," i.e., "an invasion of a legally protected interest." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). If a party asserting standing is "challenging the legality of government action or inaction," such party's burden with respect to showing an injury in fact depends on whether the party "is himself an object of the action (or foregone action) at issue." Id. at 561.

4. Syncora cannot satisfy its burden in these circumstances. Indeed, other than stating – without explanation – that it has "property rights" and a "right to payment" with respect to the Stub UTGOs (see Supplemental Brief, at ¶ 23), Syncora makes no attempt to show that is has any "legally protected interest" under the UTEA or the RMFA or that it is the object of the City's action. Syncora's objections amount to nothing more than allegations that the UTGO Settlement violates the statutory rights of "someone else," i.e., the residents and taxpayers of Detroit.

5. Federal standing is further limited by certain prudential doctrines, including the "long-standing principle that parties must assert their own rights and not the rights or interests of others." White v. JPMorgan Chase Bank,

NA, 521 F. App'x 425, 428 (6th Cir. 2013).  Specifically with respect to plan

objections, "a 'party in interest' cannot assert third party rights defensively to defeat

confirmation even if confirmation would directly and adversely affect its own

rights.  Instead, the objecting party can only challenge the parts of the plan that

directly implicate its own rights and interests."  In re Quigley Co., 391 B.R. 695,

705 (Bankr. S.D.N.Y. 2008).  Thus, any argument by Syncora that it asserts its

objection to protect the rights of City residents and taxpayers does not suffice to

provide it with constitutional standing.

       6.     Syncora similarly would lack statutory standing under

Michigan law to enforce the UTEA and the RMFA.  Where a statute "creates a

new right or imposes a new duty unknown to the common law and provides a

comprehensive administrative or other enforcement mechanism or otherwise

entrusts the responsibility for upholding the law to a public officer" – as does the

RMFA[4] – "a private right of action will not be inferred."  Claire-Ann Co. v.

Christenson & Christenson, Inc., 566 N.W.2d 4, 6 (Mich. Ct. App. 1997).  Even

---

[4]    See M.C.L. § 2201 (the Michigan Department of Treasury "is authorized and directed to protect the credit of this state and its municipalities, and to enforce the provisions of this act," and possesses broad authority to "enforce compliance with any provision of this act").  Section 701(7) of the RMFA provides for a narrow private right of action, stating that an "officer who willfully fails to perform duties required by this section" may be personally liable to private parties in certain circumstances.  See M.C.L. § 141.2701(7).  Syncora's objections under the RMFA do not reference this provision, nor is it relevant to Syncora's arguments therein.

where a statute – like the UTEA – does not contain a comprehensive enforcement provision, Michigan law permits courts to infer a private right of action only where there is clear evidence of legislative intent to create such a right, such as an express private right of action.  See Lash v. City of Traverse City, 735 N.W.2d 628, 636-37 (Mich. 2007).  The UTEA contains no such express private right of action.  Thus, Syncora would have no standing to enforce either statute under Michigan law.

7.    Accordingly, because neither the UTEA nor the RMFA were intended to protect Syncora's interests and Syncora can suffer no injury from any violation thereof, Syncora lacks standing to raise its UTEA/RFMA-based objections to confirmation.

Dated:  July 14, 2014

| /s/ Heather Lennox | | |
|---|---|---|
| David G. Heiman (OH 0038271) Heather Lennox (OH 0059649) Thomas A. Wilson (OH 0077047) JONES DAY North Point 901 Lakeside Avenue Cleveland, OH 44114 (216) 586-3939 (216) 579-0212 dgheiman@jonesday.com hlennox@jonesday.com tawilson@jonesday.com | Bruce Bennett (CA 105430) JONES DAY 555 South Flower St. Fiftieth Floor Los Angeles, CA 90071 (213) 243-2382 (213) 243-2539 bbennett@jonesday.com | Robert S. Hertzberg (P30261) Deborah Kovsky-Apap (P68258) PEPPER HAMILTON LLP 4000 Town Center Suite 1800 Southfield, MI 48075 (248) 359-7300 (248) 359-7700 hertzbergr@pepperlaw.com kovskyd@pepperlaw.com |

## CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing City's Supplemental Brief Regarding Standing of Syncora to Raise Certain Objections to Confirmation was filed and served via the Court's electronic case filing and noticing system on this 14th day of July, 2014.

/s/Heather Lennox