Ms. Nadya Cherup, Librarian, Detroit Public Library
Residence: 2187 London Bridge Drive, Rochester Hills, MI 48307-4234

The Honorable Steven W. Rhodes
U.S. Bankruptcy Court, Eastern District of Michigan, Southern Division
211 West Fort Street, Suite 1800, Detroit, MI 48226
RE: Chapter 9, Case No. 13-53849, Courtroom 1825

July 4, 2014

Dear Judge Rhodes:

This is a plea to the court to take into account extenuating circumstances when calculating my pension. Bear with me as this is the only forum left to me. There was no reasonable alternative to voting yes on Plan A.

Since pension calculations are based on past years' wages please note that I have a reduced Average Yearly Compensation (AYC) because:

- I lost my longevity pay at the rate of:

    21 through 25 years         $ 650.00 per year, and after
    26 and successive years     $ 800.00 plus .05% of my annual base pay.

- My wages *may* not have been equal to other workers in my job classification for reasons unknown to me and unrelated to the current crises.

- I was the last to accrue step raises.

- I *may* not have collected appropriately figured bonuses (wage adjustments).

I understand we are all suffering. I no longer have a living wage and supplement my income with my retirement savings. And, after 26 years at Detroit Public Library, I'm carrying more than my share of losses. First by my low wages in the past and now by greater cutbacks for those of us with the greatest seniority.

Perhaps the court can act on my behalf. They can base my pension on what my AYC should be. The court can right some figures unique to my case.

I'm asking that my pension be calculated at the maximum salary levels for a Librarian II (*especially with my greater seniority and equal to that which my coworkers received*), along with my longevity pay and appropriate wage adjustments.

Thank you for your consideration.

Sincerely,

*Nadya Cherup*

Nadya Cherup,

Enclosure (1)

2187 London Bridge Drive
Rochester Hills, MI 48307
October 1, 2013

Kevin D. Orr
*City of Detroit*
2 Woodward Avenue, Ste. 1146
Detroit, Michigan 48226

Dear Mr. Orr:

I have worked over 25 years at Detroit Public Library (DPL) as a librarian. I am 61 years old.

I am concerned about the plan to treat current vested employees differently from retirees, because that would result in an inherent unfairness arising out of my particular circumstances as a vested employee, as well as other employees in similar circumstances.

First of all, please bear in mind that senior employees in my age bracket like me have less time than many other current employees to make up the losses we would suffer if the plan was implemented.

Also, under the plan, my benefit rates will be calculated at less than those who retired as recently as December of last year.

In addition, please consider the temporary loss of our longevity pay. If my benefits are calculated on wages of the last years of employment, I will be missing $800.00 a year in wages. (This is the maximum amount that can be awarded, and is only for those who have been employed longer than 25 years.) At my pay grade, that is a significant cut. Moreover, our contract states that our longevity pay will be reinstated in 2015, which is too late to do me any good. Thus, employees in my position will sustain a greater proportionate loss than those who are unaffected by the temporary suspension of longevity pay. That's not fair.

In conclusion, current vested employees should not be treated differently than the retirees, since we are all relying on the same promises. Accordingly, any plan should grant all of us, equally, the benefit of any recalculation of the final figures.

I would also strongly suggest that you recognize a distinction between current employees with limited service and those close to retirement age, with over 25 years of

service, like me, and that you consider recalculating the pension payouts based strictly on the number of years served. The policy and rationale behind cutting back retirees by only a certain percentage because they are already relying on a promised rate of benefits applies equally to employees in my situation. After 25 long years, and at my age, I am relying on a promised rate of benefits, just like the retirees. And like the retirees, employees like me have no practical way of making up any loss of benefits.

Thank you for your consideration of these concerns.


Sincerely,

*Nadya Cherup*

Nadya Cherup
Librarian II