July 6, 2014

Hon. Judge Steven W. Rhodes, P 19394
U.S. Bankruptcy Court
211 W. Fort St. Suite 1200
Detroit, Mich. 48226

U.S. BANKRUPTCY COURT
ED. MICHIGAN DETROIT
2014 JUL -9 A 8: 15
FILED

Judge Rhodes!

(1) As part of Detroit's Bankruptcy, Retirees and their spouses, with Medicare, were to have City of Detroit paid-for, Health Care and Dental Care, starting July 1, 2014, I was to be covered by BCN Advantage HMO-POS, and Blue Cross Dental, as is my wife. As of this writing, neither of us are!

(2) We were to receive $125.00 per month, stipend, from March - June, 4-months, (with July, 2014, 5-months, since we're still without Health or Dental coverages). We have NOT received any stipends! I've paid $202.00, $150.00, and $140.00 for prescriptions. I've paid $107.00 for a diabetic blood sugar tester, $211.00 for diabetic test strips, and lancets! The stipend monies would have helped! I also paid $55.00 in April, for my primary care physician! Kevyn Orr is misleading your court in informing you of we Medicare holders paid for health and dental coverages!

ISN'T THAT DEFRAUDING THE COURT?!

(3) I'M AN OBJECTOR TO DETROIT'S BANKRUPTCY,
I FILED MY OBJECTIONS, EARLY ON, I WAS TOLD I
MISSED THE FILING DEADLINE. MY OBJECTION IS STILL NO
DOUBT ON FILE SOMEWHERE. I WAS INCARCERATED
FROM 2009-2014 (U.S. DISTRICT COURT, E.D. MICH.
# 4:11-CV-13632 - LAST APPEAL). MICH. TOOK MY
PENSION FOR INMATE "ROOM & BOARD" - MCL 800.401-4.
I LOST MY HOME OF 34-YEARS. TWO CARS, MY CREDIT
WAS RUINED (603 SCORE), MY WIFE OF 37-YEARS
FILED FOR DIVORCE FROM ME. I'VE LOST $222,000
SINCE 2009, NOW I'M TRYING TO GET REESTABLISHED,
I'M FACING HIGHER HEALTH CO-PAYS, PENSION REDUCTIONS,
HIGHER HEALTH CARE DEDUCTIBLES, ETC.! I VOTED AGAINST
THE "GRAND BARGAIN"! I WRONGFULLY ASSUMED YA'D
BE FOR PENSIONS. I WAS WRONG! "ARTS" TAKE
PRECEDENT OVER PENSIONS! IN DAIMLER CHRYSLER CORP.
V. COX, 447 F.3d 967 (6TH CIR. 2006) YOUR APPELLATE
COURT SAID, (A) ALL PENSIONS ARE COVERED BY
ERISA. (B) ERISA SUPERSEDES MICH.'S LAWS. (C) ALL
PENSION PLANS ARE TO HAVE AN ANTI-ALIENATION
PROVISION INCLUDED IN THEM. I GUESS BILL SCHUETTE
ONLY 'UPHOLDS' THE CONSTITUTION WHEN IT FITS HIS
AGENDA, OR WHEN CAMERAS ARE ROLLING!

PAGE THREE

PLEASE ASSIST US IN GETTING OUR 4 - 5 MONTHS
OF STIPEND MONIES, AND OUR PROMISED HEALTH AND
DENTAL COVERAGE. ORDER SAMe!

RESPECTFULLY SUBMITTED,

*[signature]*

ENCL.

BRYANT CRUTCHER

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Case Number: **13-1455 & 14-1744**

Case Name: **DONALD C. RICHARDSON V. DET. RETIREMENT SYSTEMS AND**

Name: **DONALD C. RICHARDSON** **MICH. TREASURE**

Address: **P.O. BOX 47715**

City: **OAK PARK, MICH.** State: **MICH.** Zip Code: **48237**

## PRO SE APPELLANT'S BRIEF

**Directions:** Answer the following questions about the appeal to the best of your ability. Use additional sheets of paper, if necessary, not to exceed 30 pages. Please print or write legibly, or type your answers double-spaced. You need not limit your brief solely to this form, but you should be certain that the document you file contains answers to the questions below. The Court prefers short and direct statements.

Within the date specified in the briefing letter, you should return one signed original brief to:

### United States Court of Appeals For The Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio   45202-3988

1. Did the District Court incorrectly decide the facts?  ☑Yes  ☐ No

   If so, what facts?

   *ERISA. U.S. AND MICHIGAN CONSTITUTIONS. DUE PROCESS. PROCEDURAL DUE PROCESS. PAST U.S. SUPREME COURT PRECEDENTS*

2. Do you think the District Court applied the wrong law?  ☑Yes  ☐No

   If so, what law do you want applied?

   *RES JUDICATA. ROOKER-FELDMAN. ELEVENTH AMENDMENT SOVEREN IMMUNITY.*

3. Do you feel that there are any others reasons why the District Court's judgment was wrong?

☑ Yes ☐ No

If so, what are they?

NOT ALLOWING ME ANY DISCOVERY REQUESTS; PREVENTING ME A FAIR OPPORTUNITY TO PRESENT DOCUMENTS.

4. What specific issues do you wish to raise on appeal?

ALL THAT MY BRIEF CONTAINS

5. What action do you want the Court of Appeals to take in this case?

REVERSE THE DISTRICT COURT. GRANT APPELLANT ALL RELIEF REQUESTED.

I certify that a copy of this brief was sent to opposing counsel via U.S. Mail on the 20th day of _____JUNE_____, 20_14_.

Signature (Notary not required)

_Darall C. Richardson_

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Donald C. Richardson,
   Plaintiff – Appellant,

vs.

                                   Case No. 13-1455
                                   Lower Court No's:
                  12-12361, 12-12362:5.12-cv-12362
                                 E.D. Michigan

Detroit Retirement Systems
and
Michigan State Treasurer,
   Defendants-Appellees.


Appeal

Appellant Requests an Enbanc Hearing

Plenary Review

Appellant Request Permission to Proceed in

Forma Pauperis, Waiving Docket Fees



Appellant Request Appointment of Legal Counsel



Donald C. Richardson,
Appellant in pro per
P. O. Box 37833
Oak Park, MI 48237-0833

                              Lawrence Walker, (P36091)
                            Atty. for Defendant-Appellee
                            Detroit Retirement Systems
                            535 Griswold, Suite 1320
                            Detroit, Michigan 48226

                                  Allison Dietz, (P73612)
                            Atty. for Defendant-Appellee
                                   State Treasurer
                        3030 W. Grand Blvd. Suite 10-450
                            Detroit, Michigan 48202

## TABLE OF CONTENTS

INDEX OF AUTHORITIES.................................................. 1

CONCISE STATEMENT OF ISSUES PRESENTED..................... 3

QUESTIONS PRESENTED............................................... 3

FRACTUAL AND PROCEDURAL HISTORY............................. 5

ARGUMENT.............................................................. 6

RELIEF REQUESTED.................................................... 13

PROOF OF MAILING.................................................... 14

ii

# INDEX OF AUTHORITIES

**Cases:**

Holland v. Florida, 560 US___, ___ (2010) (slip op. t 18) 403 US at 389

Daniels v. Williams, 474 US ATR 333-334

US v. Morrison, 529 US 598

Pennoyer v. Neff, 95 US 714, 732-33 (1878)

Metro Life v. Taylor, 107 S Ct 1542 (1987

FMC Corp v. Holliday, 498 US 54, 56-60, 111 S Ct 403 at 407

Guidry v. Sheet Metal Workers National Pension Fund, 493 US 365, 110 S Ct 680 (1990) 494 US at 376, 110 S Ct at 687

Patterson v. Shumate, 504 US753, 765, 112 S Ct 2242

Naughtman Corp v. Pension Benefit Guaranty Corp, 446 US 359, 361-362, 100 S Ct1723, 1726 (1980)

Allessi v. Ray Bestos Manhattan, Inc., 451 US 504, 510, 101 S Ct 1895, 1899 (1981)

Shaw v. Delta Airlines, 103 S Ct 2890 (1983)

Boggs v. Boggs, 117 S Ct 1754

The Antelope, 23 US 66; 10 Wheat 66, 6 Led 268 (1825)

Yarborough v. Alvardo, 541 US 652, 664 (2004)

Mitchum v. Foster, 407 US 225, 242, 92 S Ct 2151, 2162 (1972)

Bivens v. Six unknown named agents of the Federal Bureau of Narcotics, 91 S Ct 1999

Gunter v. International B.V., 533 F Supp 86 (N.D.Fla. 1981)

Branco v. UFCW-N Cal Employers Joint Pension Plan, 279 F 3d 1154, 1160 (9th cir 2002)

Fundiller v. City of Cooper City, 77 F 2d 1436, 144 (11th cir 1985)

Franklin v. Aycock, 795 F 2d 1253, 1261-62 (6th cir 1986)

Camardo v. Walkr, 794 F supp 65, 66-67 (D.R.I. 1992)

Toussaint v. McCarthy, 801 F 2d 1080, 1096 (9th cir 1986)

1

**Statues:**

29 U.S.C. 1000 Ct Seq

29 U.S.C. 1056 (d) (1)

ERISA

FRCP 1915

MCL 800.403(3) (b)

MCL 800.404(5)

Actl & 17 of Michigan Constitution of 1983

**Appendices:**

1. Exparte order to show cause <u>and order appointing receiver</u>
2. Complaint
3. Opinion and Order Denying Motion to Show Cause
4. Final Order
5. November 17, 2009 Letter from Detroit Retirement Systems
6. July 18, 2011 letter from Detroit Retirement Systems
7. Default Judgment of Separate Maintenance, Oct. 28, 2010
8. October 20, 2013 letter from Appellee State of Michigan State Treasurer's Attorney(s)
9. Statement of monies taken from Appellant for 2012-2013 **only**
10. Appellant's pension statements for December, 2013, January, 2014 and October, 2013
11. March 13, 2013 Order Adopting Report and Recommendation
12. Report and recommendation to dismiss
13. Order denying Plaintiff's Motion to Disqualify
14. Order denying Motion to Compel as Moot

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Federal Court does indeed have jurisdiction over this case. In Baker v. Coughlin, 77 F 3d 12, 15 (2d cir 1996) that US Circuit held, "...a federal court act essentially as a state court in addressing pendant state law claims." In addition, the US Supreme Court said, in Shaw v. Delta Airlines, 103 S Ct 2890 (1983) at 2891, "...federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." (a) Supremacy clause 28 U.S.C.A. & 1331; U.S.C.A. Const. Art. 6, c 12.

2. U.S.C.A. Const. Art 1, & 8. States and their officers are bound by obligation imposed by the Constitution and by federal statues that comport with constitutional design. In Alden v. Maine, 119 S Ct 2240 (1990) at 2242, the US Supreme Court ruled "the constitutional privilege of a state to assert its sovereign immunity in its own courts does not confer upon the state a concomitant right to disregard the constitution or valid state law." U.S.C.A. Const. Art 1 & 8. "The state and their officers are bound by obligations imposed by the constitution and by federal statues that comport with the constitutional design. A state's sovereign immunity does not extend to federal court."

## QUESTIONS PRESENTED

1. Is Appellant entitled by the US Constitution to all or a portion of his pension 10% guaranteed by MCL 800.403 (3)?

Appellant says "YES"

Appellees says, "NO"

2. Did appellees violate appellant's dues process and procedural due process rights, and the United States Constitution and the United States Bill of Rights in taking and giving away appellant's pension monies?

Appellant says, "YES"

Appellees says, "NO"

3. Did appellees willfully and maliciously ignore the court order of October 28, 2010 ordering appellant to receive $100.00 per month?

Appellant says, "YES"

Appellees says, "NO"

4. Are appellees depriving appellant and his family of all appellant's hard-earned pension monies causing hardship on them, despite receiving more than $35,000.00 annually from the US Government in federal funds for inmate housing?

Appellant says, "YES"

Appellees says, "NO"

5. Did appellees adhere to MCL 800.404 (5) prior to taking and giving away appellant's hard earned pension monies?

Appellant says, "NO"

Appellees says, "YES"

4

## FACTUAL AND PROCEDURAL HISTORY

1. This action is not res judicata. In Wayne County Circuit Court action #09-8457-CZ and US District Court, E.D. Michigan #09-12165-CV, appellant was defending against those actions.

2. The current matter before this court is the only appellant initiated the action, appellee, Michigan State Treasurer (hereinafter referred to as "State" or "Mich") went to Judge Robert Colombo, Jr. and secured an exparte order freezing appellant's pension and credit union accounts including $1,600.00 SSD from the US government, for nine months, using SCFRA – State Correctional facility Reimbursement Act, or MCL 800.401-4 as its reasoning. According to this MCL 800.403(3) an inmate is to receive ten (10) percent of his monies. Since October, 2010, appellant hasn't received a penny of his hard-earned pension monies. MCL 800.404(5) says consideration is to be given for inmate's moral and defendant obligations. Appellant provided 100% for his 64 year old, sickly homemaker unemployed wife. Appellant provided for his unemployed daughter and two grand children, one with autism. Had consideration truly been given, no monies would have been taken from appellant's hard-earned pension, or a reduced amount. At first appellant was receiving a portion of his pension monies. Appellant did not like it but did not fight or defend after 2009. This action current stems from appellant not receiving pension monies from his hard-earned pension at all. the appellee have yet to produce any US Supreme Court, US Circuit Court, Mich Supreme Court, GCRS, MCL's, laws, or statues that deprive a prisoner senior citizen of all their pension monies. Appellees, State of Mich. are picking the part from the MCL's they will adhere to.

5

# ARGUMENT

**1.** Appellees, Detroit Retirement Systems (hereinafter referred to as DRS) voted to adhere to the October 15, 2009 court order without notifying appellant,. Without appellant being allowed to argue his position. This was done in violation appellant's due process and procedural due process rights. DRS is currently being investigated by the Securities and ex-Change Commission for some unethical practices. Appellees Mich and Wayne County Circuit Court Judge Robert Colombo, Jr. did not allow appellant to be present at the October 16, 2009 hearing. Judge Colombo, Jr. did not allow appellant his telephone conference of that hearing. Appellees say they did not violate appellant's due process rights. Ex-parte order freezing appellant's pension and credit union accounts for nine months, not allowing appellant an opportunity to be heard at the October 16, 2009 hearing. According to the US Supreme Court in Carey v. Piphus, 98 S Ct 1042 (1978) these are due process and procedural violations, and appellant is entitled to damages. Appellant went to Oakland County Circuit Court Judges James Alexander and Edward Sosnick attempting to get the October 28, 2010 court order of #10-773854_DO enforced, neither judge would enforce the separate maintenance order giving appellant $100.00 per month from his hard-earned pension monies. Appellant went to the Mich. Court of Appeals but was dismissed in #307919 because appellant could not pay the $104.00 initial docket filing fees. "A state's sovereign immunity does not bar certain actions against state officers for injunctions or declaratory relief." Alden v. Maine, 119 S CT 2240 (at 2242). "<u>Congress cannot abrogate state's sovereign immunity in federal court.</u>" (emphasis added by me).

**2.** The eleventh amendment makes explicit reference to the state's immunity from suits "commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state. " No waiver of sovereign immunity for intentional torts, federal tort claims act

6

(FTCA). "A show of authority that retrains the liberty of a citizen." Millbrook v. US No: 11-10362 (Sept. 25, 2012) WL 1804451. 28 U.S.C. & 1367(a) this statue permits a supplemental state law claim to be brought against a party even if there is no federal law claim against that party. Appellant was put into a position of disadvantage by having no monies to litigate his claim, no access to the internet, appellees have seriously handcuffed appellant from adequately pursuing his claim. Appellant could not find Strobel v. Dillon appellees cited, to form an adequate defensive argument. The District Court did not factor this into their decision to dismiss. Appellee, DRS is being investigated by federal officials, and indictments are forth coming, appellant has limited access to legal materials, "fact that rule is denominated 'jurisdictional' does not provide state court with excuse to avoid obligation to enforce federal law, if rule does not reflect concerns of power over the person and competence over the subject matter that jurisdictional rules are designed to protect." Haywood v. Drown, 129 S Ct 2108 (2009) at 2110. "In our federal system of government, state as well as federal courts have jurisdiction over suits brought pursuant to 42 U.S.C. & 1983, the statue that creates a remedy for violations of federal rights committed by a person's action under color of state law," 129 S CT at 2111. "Matters of constitutional interpretation receive plenary review," (emphasis added by me). Arbon Steel & Serv. Co. v. U.S., 315 F 3d 1332, 1334 (Fed cir 2003), not receiving any pension monies for institutional needs after working 37 years is an eighth amendment violation. (See Dale v. Lappin, 376 F 3d 652, 655-656 (7th Cir 2004). "District court rulings concerning discovery are reviewed for abuse, district court's decision not to permit additional discovery prior to consideration of summary judgment motion is reviewed for an abuse of discretion." Fed Rules Civ Proc 56(f), 28 U.S.C.A. Jones v. Blanas, 393 F 3d 918, 923, at 919 (9th cir 2004), (emphasis added by me). In addition, the Jones court held, "summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." Fed Rules Civ Proc rule 56(f), 28 U.S.C.A.

7

393 F 3d 918, at 920. (emphasis added by me). The Mich. Supreme Court usually always rules in favor of the state, appellant had no monies for docket fees to that court. Appellees have financially hand-cuffed appellant at every turn to prevent appellant from redress. Federal courts do have jurisdiction over this matter, our US Circuit Appeals Court ruled in, Davet v. City of Cleveland, 456 F 3d 549, 554-55 (6th cir 2006) and was supported by Marshall v. Marshall, 547 &S 293, 312-314, 126 s Ct 1735 (2006). "Federal courts still hear state court case." Supplemental jurisdiction over it. Appellant could not retain competent legal counsel. Appellant could not pay credit obligations with a frozen pension and frozen credit union accounts. As a result of this appellant's home was foreclosed. Appellant's two cars were repossessed. Appellant's wife was forced from her and appellant's home of 34-years. Appellant's credit rating is now ruined. The stress and financial strain of this drove appellant's wife to file for divorce from him which was changed to a legal separation. Appellant suffered all of this with due process and procedural due process violations. In Day v. McDonough, 547 US 198(2006) the US Supreme Court said, "a federal court has the authority to resurrect only forfeited defenses." In Greenlawn v. US, 554 US 237 (2008) the high court said, "in our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issue for decision and assign to courts the rule of neutral arbiter of matters the parties present. To the extent courts have approved departures from party presentation principle in cases, the jurisdiction has usually been to protect a pro se litigant's rights." (emphasis added by me). Appellant did not discover US Constitutional violations until he started this action. Appellant's pension was taken illegally and in violation of the US Constitution and Bill of rights and US Constitutional violations for monies Mich already receives from the US government, it's not by need it's purely greed to double-dip in taking all of a senior citizen's pension. Appellee State or Mich goes after all inmates' assets, they did so

8

against appellant's brother-in-law in 2009. He was a General Motors retiree, US District Court, E.D. Mich, Chief Judge Gerald Rosen ruled that an inmate's pension check should be sent to where the inmate so designates, Gale v. General Motors, 556 F 2d Supp. 689 (2008). Despite that 2008 ruling, appellee Mich still went after this appellant's brother-in-law's non-governmental pension. This appellee misclaims this appellant on res judicata when it is they who are re-litigating already decided matters. These appellees have a propensity for wrong doing. Appellee Mich's chief lawyer is always claiming to adhere to and uphold the constitution but both he and his subordinates don't do so. Is there a statue of limitations on due process and procedural due process violations? If so, this appellant fell with the 3-year statue of limitations. "All laws which are repugnant to the constitution are null and void", Marbury v. Madison, 5 US (2 cranch) 137, 174, 176 (1803). "Where rights secured by the constitution are violated there can be no rule taking or legislation which would abrogate them," Miranda v. Arizona, 384 US 436, at 491. Also, Morton v. Shelby County, 118 US 425 at 442, "an unconstitutional act is not law; it confers no rights, it imposes no duties; it is in legal contemplation, as inoperative as though it had never been passed." "The general rule is that an unconstitutional statue, though having the form and name  of law, is in reality no law, but is wholly void, and ineffective for any purpose; since unconstitutionality dates from the time of its enactment, and not merely from the date of the decision so branding it." "No one is bound to obey an unconstitutional law and no courts are bound to enforce it." 16 AM Jur 2d Sec 177 late 2d Sec 256 (emphasis added by me). Sec II index to the original documents IV © "the purpose of government is to protect the weak from the strong." (emphasis added by me) all inmates having assets seized are victims of the strong, general index to: constitution of the United States general index to: the Bill of Rights articles, common law IV "no loss of life, liberty, or property, without due process of law", (emphasis added by me). Article XIV "no state shall abridge the privileges of citizens of the United States; nor shall any

state deprive any person of life, liberty, or property, without due process of law; nor deny any person without its jurisdiction the equity protection of the laws." Clearly, appellees have denied appellant of constitutional guarantees. (emphasis added by me). Securing an ex-parte order to obtain appellant's assets, denying appellant opportunity to adequately defend, freezing appellant's pension and credit union accounts without due process are US constitutional violations, and according to Carey v. Piphus, supra, appellant is entitled to damages. At no time during this action was there reasonable offer to resolve this matter. Appellant's family is suffering and deprived of a decent life due to both appellee's actions, even on IRS lien(s) leaves a citizen with some monies. Appellant is paid $16.00 - $19.32 per month from his prison unit porter job, appellant is deprived of bi-weekly commissary on a number of occasions despite working a total of 37 years to purchase necessities and wants. Appellant can no longer pay his life insurance premiums. The only monies appellant receives are monies sent to his prison fund account from already cash-strapped family, friends, church members. These monies are not guaranteed. This honorable court ruled in Daimler Chrysler Corp v. Cox 447 F 3d 967 (2006) (A) ERISA supersedes SCFRA (MCL 800.401-4). (b) ERISA covers all pension benefit plans. (C) All pension benefit plans are to have an anti-alienation provision included in them. (emphasis added by me). Will this Honorable Court throw out or go against their Daimler ruling? Despite the Daimler ruling, and the US Supreme Court denying Cox certiorari in Cox v. Daimler Chrysler Corp #07-273, appellee Mich res judicata went after this appellant's brother-in-law's General Motor's retirement pension, these monies are still tied up. In Walker v. Martin, 131 S Ct 1120, 1130 (2011) the US Supreme Court held, ("This court [has] repeatedly recognized that federal courts must carefully examine state procedural requirements to ensure that they do not operate to discriminate against claims of federal rights"). 131 S Ct at 1127 ("to qualify as an adequate procedural ground, a state must be firmly established and regularly followed").

10

(emphasis added by me). MCL 800.403(3) (b) giving appellant ten percent (10%) of his pension, or $240.00 per month which would get appellant monthly commissary and pay appellant's life insurance policies premiums, that MCL was not followed. MCL 800.404(5) "consideration (investigate to see if appellant had monies) for moral and dependent obligations" was not followed, no investigation was done, no consideration was shown, what appellees did with appellant's wife, $665.00 per month to a sickly 64-year old homemaker unemployed wife, is gratuitous (see State Treasurer v. Downer, 199 Mich App 447). Downer won his appeal. Appellant was put at very big disadvantage with his pension holders DRS mishandling his pension funds by giving same to all asking for same, except appellant. Appellees, Mich depriving appellant of the possibility of retaining an attorney to defend, ignoring their own rules (MCL;s). Both appellees denying appellant reasonable discovery documents, the District Court showed a strong bian against appellant, everything appellant requested was denied him A 28 or so year trial lawyer and an attorney a few years out of law school is treating appellant as if he has the upper hand, like a practicing trial lawyer. Appellant once read a US Supreme Court, and Mich Supreme Court cases, citations unknown, both however, said, "wherein an agency issues rules and regulations to govern its activity, it may not violate them", the District Court denied the appellant (A) recusal of the trial judge who ruled against him in a similar matter in 2009. (B) Appointment of legal counsel. (C Waiving of docket fees. (D) Production of discovery documents requested. the appellant's cases were originally assigned to Hon. Judge Geral d Rosen, Hon. Bernard Friedman, and Hon. George Steeh. For some strange reason both of appellant's case's were reassigned to the current judge who ruled against appellant in 2009. A week after the $630.00 total docket fees were paid in full and countless "spinning appellant's wheels" with numerous filings, the magistrate judge recommended dismissal of appellant's action. The District Court ignored rules of civil

11

procedure rule 26(5) (1), rule 4, rules – section 2254 cases. Appellant isn't sure same apples in civil cases, but, that rule says, "the judge must promptly review (petition, pleadings) exhibits that the petitioner Is not entitled to relief in the District Court, the judge must dismiss the petition and direct the clerk to notify the petitioner, if the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." <u>Taking into account the usual petitioner's lack of legal experience."</u> (emphasis added by me). the District Court had ample time to dismiss this action, prior to appellant putting time, efforts, money into this action that was in effect financed by cash-strapped family, friends, and church members. Appellant is not an attorney, and prays this honorable court to treat him as a non-lawyer layperson. Appellant is relying on Smith v. Berry, 502 US 244, 245, 428-429, 112 S Ct 678, "imperfection in noticing an appeal should not be fatal where no genuine doubt exist about who is appealing from what judgment to which appellate court." Also, Haines v. Kerner, 404, US 519 L Ed 2d 652, and Conley v. Gibson 355 US 41, 45-46, 78 S Ct 99, 102L Ed 2d 80 (1957). In addition, Hughes v. Rowe, 101 S Ct 173 (1980), "<u>prisoner pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers."</u> (emphasis added by me). Appellees quote rule 12(b) (6) as grounds for dismissal. The Hughes-Rowe case, supra, said, "<u>such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that prisoner ca prove no set of facts in support of his claim which would entitle him to relief. Allegations of complaint are generally taken as true for purposes of motions to dismiss."</u> (emphasis added by me). Rule 8(a) (2) was complied with by appellant. Appellant <u>requested relief which could be granted</u> in all his filings, appellees claim to be bound by United States Supreme Court rulings but constantly ignore same when appellant cites same.

12

## RELIEF REQUESTED

1. Total reversal of District Court

2. Award Appellant seven Hundred Thousand ($700,000) Dollars from each appellee.

3. Any and all other damages this Court deems fit.

4. Retain jurisdiction of this action.

Respectfully Submitted

Donald C. Richardson, Appellant
in Pro Per
P.O. Box ~~37833~~ 47717
Oak Park, MI  48237-~~0833~~
(313) 221-3549  (for messages)

13

Donald C. Richardson,
    Appellant

        v.

Detroit Retirement Systems
    and
Michigan State Treasurer,
    Appellees

Case No. 13-1455
Lower Court
#2:12-CV-12361,12362,
#5:12-CV-12362
E.D. Michigan

## Proof of Mailing

I, Donald C. Richardson, Appellant in this action, certifies that I did mail a copy of my appeals brief, and appendices to: Detroit Retirement Systems, 2 Woodward Ave., Room 908, Detroit, MI 48226.

Atty, Allison Dietz, Atty. for Michigan Treasurer, 3030 W. Grand Blvd., Suite 10-200, Detroit MI 48202.

Atty. Lawrence Walker 535 Griswold, Suite 1320, Detroit, MI 48226

Atty. Francis Judd, 79 Alfred St., Detroit, MI 48201

Dated _____June 20,_____, 2014

Respectfully Submitted,

*Donald C. Richardson*

Donald C. Richardson,
Appellant in Pro Per
**new address:** P.O. Box 47715
Oak Park, MI 48237