UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION -- DETROIT

In re:

City of Detroit, Detroit,   Case No.13-53846
                            Judge: Steven W. Rhodes
                            Chapter 9
            Debtor.
_____/

### REPLY TO DEBTOR CITY OF DETROIT'S OBJECTION AND BRIEF IN OPPOSITION TO MOTION FOR CLASS CERTIFICATION OF PROOF OF CLAIMS #2638, 2651, 2676, 2683, 2689 AND 2692

The causes of action before the Court have spent much of their procedural history in state Circuit and Appellate Courts going as far as the Supreme Court of the State of Michigan (See Exhibit C to Motion for Class Certification). In its last iteration it was remanded by both the Court of Appeals and Supreme Court back to the Trial Court for a determination as to whether the fees being charged by Debtor's Building Safety & Engineering Department to residential housing owners covered by the Debtor's Property Maintenance Code (PMC) and the state Housing Law ("Housing Law" MCL 125.401 et seq) were reasonable .

"We remand for consideration of whether the inspection fee charged in this case was reasonable" (page 6 unpublished Court of Appeals ruling fully attached as Exhibit B to Motion for Class Certification).

With the Debtor filing bankruptcy, all proceedings in State Court stopped thereafter, including Plaintiff's Motion for Class Certification, a Motion for Second Amended Complaint at the suggestion of the Debtor's legal staff that a constitutional cause of action was possible under the Headlee Amendment (Mich. Const. 1963 Article IX Sect. 25 and Article IX Sect. 31), and

discovery which would have legally established as admitted by Debtor's Legal Department that there never was an approved or finalized fee study performed to support the reasonableness of the fees charged under the Debtor's fee schedule for residential properties.

As in all well-pled complaints, Plaintiffs' raise alternative theories but one theory literally jumps off the page: that Plaintiffs' will be able to prove following limited discovery that as a matter of law the inspection fee structure of the City of Detroit for residential properties under the PMC and the Housing Law is across the board not reasonable because it is based on irrational criteria that were never tested.

While the Plaintiffs' are aware of this fact, potentially thousands of claimants are not aware of the fact or the law. Since they are not on the records of the Court as creditors of the estate, they have been given no notice of the right to make a claim or of a Bar date (see Debtor's Brief relying on the *Adam Aircraft* case, their Ex. 1 specifically pages 9-10). It is only Plaintiffs' who are saving their meritorious claim.

In determining the appropriateness of class litigation to the case at hand the merits of Plaintiffs' claims should be considered to some degree (see Debtor's Brief page 9)

Attached is the fee schedule (Appendix Exhibit A) that the Debtor uses to charge its citizens and/or property owners (Page 11 of that schedule titled "Property Maintenance" being the relevant section for this matter). It was this irrationally premised fee schedule that caused the Court of Appeals in oral argument before it to question the rationality of the charges. The fee schedule for all residential properties is based on rates that rely on who owns title to the property being inspected and who occupies the property, not how much time it takes to examine the property, with or without indirect overhead of the administrative operational costs of the Building Safety & Engineering Department. Ultimately, a Court has to determine - does this

-2-

13-53846-tjt    Doc 6133    Filed 07/18/14    Entered 07/18/14 17:14:18    Page 2 of 5

underlying premise support characterizing the charges assessed for inspection as being reasonable? Plaintiffs' claim that the Debtor started its fee structure from a faulty basis and can never justify the conclusion drawn from an erroneous starting position. This is true even were individual abuses by the Debtor's department ignored.

A simple example of the absurdity of the fee schedule's unreasonable application without regard to individual applications is easily demonstrated.

Let us assume an inspector is going to inspect one building consisting of 4 units of housing that is 2 stories high and each unit is 1,000 sq. ft in its interior (total 4,000 sq. ft).

1) If it is an owner-occupied cooperative titled or owner-titled building with each unit being owner-occupied, the inspection fee is $185.00 or $46.25 per unit.

2) If it is a cooperative or condominium, or a townhouse (front and back entrance or a loft but the units are not owner-occupied, or owner-occupied if they are townhouses or lofts. $390.00 per unit ($150 + 3 units at $80.00 each) or $97.50 per unit.

3) If it is rental property that is not a cooperative or condominium, a townhouse or loft, the fee is $310.00 or $77.50 per unit.

Plaintiffs' claim that these fees premised upon a reasonable standard of comparative charging is irrational. The remedy could be as high as total refund or could result in a Court ruling creating parity with a sound underlying basis premised on reasonableness.

Contrary to Debtor's argument, the issue is common to everyone in the class and is typical as to everyone as they have all been charged on a basis that has nothing to do with the "reasonable cost of an inspection".

Finally, as to Debtor's numerosity argument, Plaintiffs' counsel was the Federally

approved Class Representative in the case of *Village Center Associates Limited Dividend Housing Association, et. al. vs City of Detroit,* USDC Case No. 07-CV-12963, involving illegal industrial waste charges assessed to multi-family housing developments located in the City of Detroit. These are the very same entities which Plaintiffs are now seeking class certification. Plus or minus, we know for a fact that the potential claimants consist of a group of no less than 2,200.

Debtor spends a great deal of its Brief discussing the timing of the instant Motion. The proof of claim and Motion for Class Certification are not untimely.

The Bar date for claims can be extended for a matter which has not yet been reduced to judgment, but is in pending litigation. Fed. Rule Bankr. Pro. 3002(c)(3)/ 3003(c)(3). Even if this were not so, the Bar date can be extended for excusable neglect under FRBP 9006(b)(1); *Pioneer Inv. Services Co. v Brunswick*, 507 U.S. 380 (1993). A claimant is not required to achieve class certification of a claim as a condition prior to filing a claim, merely that class certification must be granted before a claim can be paid as a class claim. *Reid v White*, supra. Even if this were not so, it would defeat the policy under which a proof of claim may be informal in nature and leave to amend is liberally granted. See cases collected at Footnote 6, Section 48:26, Norton Bankruptcy L & P 3rd. A Motion seeking class certification was pending in State Court prior to the date of filing this Chapter 9. See Exhibit A to Motion for Class Certification. The State Court pleadings include a prayer for relief which encompasses relief characterized as a claim under 11 USC 101, and to the extent it seeks an injunction against future actions it is not a claim. *Ohio v Kovacs*, 469 U.S. 274 (1985).

WHEREFORE, it is prayed that the Court grant class certification.

For the Creditors

By: /s/ Kurt Thornbladh
KURT THORNBLADH P25858
Thornbladh Legal Group PLLC
7301 Schaefer
Dearborn, MI 48126
(313) 943 2678
kthornbladh@gmail.com


By: /s/ Mark K. Wasvary
MARK K. WASVARY P51575
Becker & Wasvary, P.L.L.C.
2401 W. Big Beaver Rd., Suite 100
Troy, MI 48084
(248) 649-5667
markwasvary@hotmail.com

Dated: July 16, 2014

CERTIFICATE OF SERVICE

The undersigned certifies and says this document was served on the interested parties by ECF/CM electronic notification on the date stated below.

__/s/_kurt thornbladh_____

KURT THORNBLADH P25858

Executed: July 16, 2014