UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**MOTION OF SYNCORA GUARANTEE INC. AND
SYNCORA CAPITAL ASSURANCE INC. TO (I) CONTINUE
HEARING TO CONSIDER CONFIRMATION OF DEBTOR'S
PLAN OF ADJUSTMENT AND (II) EXTEND RELATED DEADLINES**

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora") hereby move this Court to continue the hearing to consider the confirmation of the City's proposed *Fourth Amended Chapter 9 Plan for the Adjustment of Debts of the City of Detroit* [Docket No. 4392] (the "Plan"),[1] currently scheduled to commence on August 14, 2014, to September 29, 2014 (approximately 45 days from the currently scheduled hearing), and to extend certain related pre-trial deadlines. In support of this motion, Syncora respectfully states as follows:

**Preliminary Statement**

1. Syncora respectfully requests a continuance of the hearing to consider confirmation of the proposed Plan. "Extraordinary cause" for a

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to such terms in the Plan.

continuance—as required by the Court's scheduling order—exists here because the City has yet to provide significant Plan-related documents, all of which are essential to parties' (and the Court's) evaluation of the Plan. Further, the City failed to complete document production by the Court-ordered June 20 deadline and has since produced thousands of pages of documents that Syncora has had to review.

2. As such, a continuance would not prejudice any party in this case, and it would benefit all parties (as well as the Court). Benefits include, among other things:

- allowing parties to fully consider the Plan, settlements incorporated or to be incorporated therein, and how such settlements affect their rights and the proposed transactions under the Plan;

- providing greater certainty regarding issues surrounding the Plan prior to confirmation;

- allowing parties in this case to complete discovery and resolve discovery-related disputes prior to considering confirmation of the Plan; and

- permitting the Court to decide confirmation of the Plan with all relevant information and on a complete record.

3. For these reasons, Syncora respectfully requests that this Court continue the hearing to consider the confirmation of the City's proposed plan of adjustment and extend certain related deadlines. To be clear, Syncora opposes the proposed Plan and is fully prepared to litigate confirmation on the current

schedule. Nonetheless, for the reasons set forth herein, Syncora submits that the confirmation process and all parties would benefit from a continuance.

### Jurisdiction

4. The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The legal basis for the relief sought herein is Rule 9006(b)(1) Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Relief Requested

5. Syncora seeks a continuance of the hearing to consider confirmation of the City's proposed plan of adjustment, currently scheduled to commence on August 14, 2014, to September 29, 2014 (approximately 45 days from the currently scheduled hearing), and to extend certain related pre-trial deadlines.

### Background

6. On July 18, 2013, the City filed a petition commencing this case under chapter 9 of the Bankruptcy Code.

7. On May 5, 2014, the City filed the *Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* [Docket No. 4391] (the "Disclosure Statement") and the Plan.

8. On June 9, 2014, this Court entered the *Fifth Amended Order Establishing Procedures, Deadlines, and Hearing Dates Relating to the Debtor's Plan of Adjustment* (the "Fifth Amended Order") [Docket No. 5259]. In the Fifth Amended Order, the Court set August 14, 2014, as the date for the commencement of the hearing to consider confirmation of the Plan (the "Confirmation Hearing"). This Court also extended various deadlines for pre-trial discovery.

## Basis for Relief

9. The continued unavailability of very significant Plan-related documents is the extraordinary cause required to continue the Confirmation Hearing. *See* Fed. R. Bankr. P. 9006(b)(1) (providing that "when an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion . . . order the period enlarged"); Fifth Amended Order ¶ 4 ("The dates and deadlines established herein will be extended only on motion establishing extraordinary cause.").

10. A continuance is necessary here because Syncora and other parties in interest have yet to receive significant Plan documents from the City (not to mention that they have continued to receive document production after the June 20 deadline). Without these documents, it is impossible for the City, Syncora, and other parties in interest to present complete arguments and evidence regarding the

Plan to be presented for confirmation, and it is impossible for the Court to make any confirmation determination absent complete information and a full record.

11. Specifically, Syncora has not yet received the following:

- ***Definitive Documents Regarding the DIA "Grand Bargain."*** The City has held up the Grand Bargain as a cornerstone of the Plan. In spite of the mediators' and City's announcement of the Grand Bargain as long ago as January 2014, and approval of the deal by the Michigan legislature over a month ago on June 3, 2014, the City has not filed the definitive documents for the transactions. It is impossible to evaluate the Grand Bargain effectively without seeing the definitive documentation, which may amend, modify, or supplement the bare outline of terms disclosed to date. Further, the related term sheet makes clear that definitive documents are needed ***before*** the City can seek approval of the settlement in connection with confirmation of the Plan.[2]

- ***Terms and <u>Any</u> Documents Regarding the LTGO Settlement.*** The City recently announced that it reached a settlement with holders of Limited Tax General Obligation Bond Claims (the "<u>LTGO Settlement</u>"). Nonetheless, the City has yet to provide any terms or documents regarding this settlement. The City has not filed even a term sheet—Syncora has received only an informal outline of the economic terms of the deal in an e-mail from the City's counsel. Syncora may have objections to the LTGO Settlement, including to the extent the Plan treats the Limited Tax General Obligation Bond Claims—which are unsecured—better than COP Claims. At this time, though, Syncora has received nothing it can evaluate regarding the LTGO Settlement.

- ***Terms and Documents Regarding New Labor Agreements.*** The City has announced new collective bargaining labor agreements ("<u>CBAs</u>")

---

[2] Specifically, the term sheet provides, "The settlement . . . in exchange for the Funders' and the State's commitments . . . and The DIA's commitment . . . is subject to the Bankruptcy Court's approval . . ., which the City shall seek promptly ***after the signing of the Definitive Documentation for the settlement***." Plan, Ex. I.A.91 (Principal Terms of DIA Settlement), at 14 (emphasis added).

5

with certain of its employees represented by labor unions. While Syncora has received copies of 40 of the City's proposed 47 CBAs, the City has not provided any information at all regarding many of the other proposed new CBAs, and so Syncora (and all other third parties) remain unable to consider them. The CBAs that remain undisclosed include the City's agreements with significant labor unions.

- ***Definitive Documents Regarding the UTGO Settlement.*** Syncora has challenged the legality of the UTGO Settlement[3] under both Michigan state law and bankruptcy law. Although the Plan and the Disclosure Statement describe the UTGO Settlement and provide a term sheet, this information remains subject in its entirety to the definitive documents. While the City agreed to the principal terms of the UTGO Settlement on March 25, 2014,[4] Syncora has still never seen the definitive documents, which are the subject of ongoing negotiation. It is impossible to evaluate the UTGO Settlement effectively without seeing the definitive documents, which may amend, modify, or supplement the bare outline of terms disclosed to date.

- ***Definitive Documents Regarding the OPEB Settlements.*** The City has not provided definitive documents for the OPEB settlements. Knowledge of the terms is important because they can have a significant impact on financial forecasts for purposes of Plan feasibility. Further, Syncora may have objections to the OPEB settlements, including to the extent the Plan treats the OPEB Claims—which are unsecured—better than COP Claims. However, once again, it is impossible to evaluate the OPEB settlements effectively without seeing the definitive documents.

12. Syncora recognizes that, in many cases, supplemental plan-related documents are often filed shortly before confirmation hearings, . Here, though, the sheer amount of missing information here elevates the issue to counsel in favor of a continuance. Indeed, each of these items is critical to the evaluation of the Plan

---

[3] Terms not defined herein have the meaning ascribed to them in the Plan.

[4] Disclosure Statement, VII.B.2(a).

by Syncora and other parties. It is also vitally important that parties in interest, including Syncora, are able to view the final plan of adjustment the City intends actually to present for confirmation, including any amendments, modifications, or supplements in connection with existing settlements or any other settlements the City may enter into prior to confirmation of any proposed plan of adjustment.

13. More generally, without these materials, Syncora's and other parties' ability to prepare for the hearing to consider confirmation is significantly prejudiced. It is nearly impossible, for example, to depose witnesses fully and effectively regarding these settlements, determine whether material amendments to the Plan are necessary as a result of these settlements, or ascertain how and when creditors will be paid (which will ultimately affect creditors' actual recovery amount under the Plan). To illustrate the last point, Syncora understands that the City is currently engaged in ongoing negotiations with holders of DWSD Bonds and related claims to determine whether the City enters into a public-private partnership with respect to the DWSD. These negotiations could have a material impact on the City's ability to pay creditors.

14. In addition to failing to provide definitive documents, the City failed to complete production of documents responsive to requests regarding confirmation before the Court-ordered June 20, 2014 deadline. *See* Fifth Amended Order ¶ 1. Indeed, though the City represented to the Court that it had completed

7

13-53846-tjt    Doc 6136    Filed 07/18/14    Entered 07/18/14 20:34:39    Page 7 of 10

its document production by June 20, since that date, the City has provided the objectors with eight additional productions containing thousands of pages that Syncora has had to review—all this despite the fact that the City has previously acknowledged the hardships involved in jamming creditors by providing documents with little lead time. *See* Hr'g Tr. 31:14–17, Feb. 25, 2014 ("We are—there clearly will be amendments, and we'll bunch them, so we're not going to do them every day, but we're also not going to do them two days before the disclosure statement hearing.").

15.    Further compounding the issue of incomplete information, the City just this month again revised its financial projections.  (The revised projections were produced to Syncora on July 3.)  Syncora and all other parties are now required to re-evaluate the Plan in light of entirely new financial data.  The likely heavily-contested hearing to consider confirmation of the Plan cannot go forward now, with all parties (and the Court) still standing on shifting sands.  Indeed, even the Court's own appointed expert required additional breathing room to submit her report.  *Order Amending Expert Report Filing Date Relating to the Court's Expert Witness* [Docket No. 5960].

16.    In light of all of the above, a continuance will ***not*** prejudice the Plan process or any other party in this case.  To the contrary, the requested continuance will allow parties to evaluate and present their confirmation arguments—and allow

the Court to consider and make its decisions—based on a full record. As counsel to the City mentioned before the Court, while all parties want this case to move quickly, there is nothing magical about confirming the Plan on the current timeline. Hr'g Tr. 15:8–12, May 22, 2014 (THE COURT: "First, what's the magic of a confirmation order or any order, not to presume the outcome, by the end of September?" MR. SCHUMAKER: "Well, I don't know if there's any magic in that, your Honor, . . . .").

17. The Confirmation Hearing is currently scheduled to commence less than a month from now, and, as made clear above, there are still significant preliminary and preparatory issues to resolve. A continuance will facilitate the resolution of these outstanding items and, in doing so, will benefit all parties and the confirmation process itself. Accordingly, cause exists to continue the Confirmation Hearing. *See* Fed. R. Bankr. P. 9006(b)(1).

**WHEREFORE**, Syncora respectfully requests that this Court enter an order substantially in the form of the proposed order attached hereto continuing the Confirmation Hearing to September 29, 2014 (approximately 45 days from the currently scheduled hearing) and extending all related pre-trial deadlines and granting such other and further relief as may be just and proper.

[*Remainder of Page Left Intentionally Blank*]

Dated: July 18, 2014        */s/ Ryan Blaine Bennett*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:    (312) 862-2200

       - and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, Michigan 48304
Telephone:   (248) 646-5070
Facsimile:    (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*