UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-------------------------------------------------x
                                :

In re                          :         Chapter 9
                                :

CITY OF DETROIT, MICHIGAN,   :         Case No. 13-53846
                                :

                Debtor.      :         Hon. Steven W. Rhodes
                                :
                                :
-------------------------------------------------x

## OBJECTION TO MOTION TO (I) CONTINUE HEARING TO CONSIDER CONFIRMATION OF DEBTOR'S PLAN OF ADJUSTMENT AND (II) EXTEND RELATED DEADLINES

        The City of Detroit (the "City"), debtor in the above captioned case, hereby objects to Syncora Guarantee Inc. and Syncora Capital Assurance Inc.'s (collectively "Syncora") Motion to (I) Continue Hearing to Consider Confirmation of Debtor's Plan of Adjustment and (II) Extend Related Deadlines [Dkt. No. 6136]. The motion seeks an extension of the hearing to consider the confirmation of the City's Fourth Amended Chapter 9 Plan for the Adjustment of Debts of the City of Detroit [Dkt. No. 4392] (the "Plan") from August 14, 2014, when it is currently scheduled pursuant to this Court's Fifth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. 5259] (the "Scheduling Order"), to September 29, 2014.

Syncora's motion should be denied. Syncora has not identified any cause, let alone any "extraordinary cause" for extension of the deadlines, as required by the Scheduling Order. Scheduling Order, at 4. Rather, Syncora has taken facts that were completely foreseeable at the time the Scheduling Order was entered, and spun them to try to create a basis for the requested extension. Syncora claims that it is an extraordinary circumstance that it has not yet received "definitive" documentation related to the DIA "Grand Bargain," the LTGO Settlement, new collective bargaining agreements ("CBAs"), the UTGO Settlement, and the OPEB Settlements, and that "the City failed to complete production of documents responsive to requests regarding confirmation before the Court-ordered June 20, 2014 deadline." Motion at ¶¶ 7, 11.

Yet, Syncora's counsel knows – because they have been informed by the City's counsel - that:

- "Definitive" documentation of the DIA "Grand Bargain" will not be complete until approximately the first week in August. In the meantime, Syncora has the detailed term sheet regarding this transaction, which was attached as an Exhibit to the Plan.

- The LTGO transaction is still being negotiated, although the broad contours of the agreement are outlined in Gaurav Malhotra's expert report, as has been shared with Syncora's counsel. Final

documentation will be filed when it is complete. As was reported to the Court last week, the parties are working diligently to complete such documentation, and have only a few mechanical issues to address before definitive documentation will be complete.

- The final documentation for the UTGO settlement agreement has recently been finalized, and the accompanying ancillary agreements are nearing completion. The City expects to be able to file them this coming week. Moreover, a detailed term sheet was attached as an Exhibit to the Plan as filed.

- There are no other OPEB documents other than those already filed. As the City's counsel explained to Syncora's counsel, there is no term sheet as the settlement was put directly into the Plan provisions.

- As also explained to Syncora's counsel, the City has produced all CBAs that have been ratified by the appropriate union's membership (including those already approved by the Emergency Manager and the State of Michigan, and those still awaiting Emergency Manager and State approval). CBAs that are incomplete are still subject to discussions between the relevant parties and the mediation process and, thus, cannot be disclosed pursuant to the terms of the Mediation Order [Dkt. 0322].

It was known at the time the Scheduling Order was entered into that various parties were still negotiating details related to these complicated transactions. It is not a surprise to anyone – let alone an "extraordinary circumstance" - that not all of them are yet complete.

Nor does Syncora articulate how the lack of the "definitive" agreements it lists is "critical" to its evaluation of the Plan (see Motion, p. 6) or why it needs the final Plan immediately in order to maintain the present schedule. The OPEB settlement, the UTGO settlement and DIA term sheet that is part of the Grand Bargain have been disclosed and relevant key terms and provisions are included in the Plan as filed and the Exhibits thereto. The term sheets and Plan descriptions of the agreements where definitive documentation is not yet complete disclose all material terms of the pertinent agreements, and there have been no material changes to any material term. It is inconceivable that any change to the terms of any of these agreements will constitute cause for a six week continuance, as is requested here.

There is one new settlement since the time of the Plan's filing – the LTGO settlement. The economic terms of this are incorporated into the expert reports that Syncora already has, and the City expects to be able to finalize more definitive documentation in the near term. Accordingly, it is hard to fathom how Syncora is prejudiced at all or why a delay of the confirmation trial is necessary.

Finally, after arguing that it has not been provided with sufficient documentation to prepare for the confirmation hearing, Syncora then asserts that the problem is the City has produced too much documentation after the June 20, 2014 deadline for production of documents, suggesting that the City continues to make document productions which should have been made before the discovery cut-off. This is simply untrue. Syncora ignores the fact that the majority of the documents produced after the June 20, 2014 deadline related either to expert reliance materials, CBAs, or documents requested by Syncora's counsel after the June 20,2014 deadline, and provided as an accommodation to Syncora. Again, the production of expert reliance material around the time their reports were due was completely foreseeable at the time of the Scheduling Order. Further, the fact that the City responded promptly to requests by Syncora's counsel for various documents – even when they were not responsive to any document request – cannot serve as justification for an extension of the schedule.

## BACKGROUND

1.      On July 14, 2014, Stephen Hackney, counsel for Syncora, sent Heather Lennox, counsel for the City, an email requesting the status of definitive documents for the DIA and OPEB settlements. He further requested "bullets on what was agreed to" with respect to the "LTGO piece," stating "my understanding is that there is a debt instrument of $55 million that is paid off in 2015 that satisfies

the $164 million unsecured LTGO piece," and asking, "Are there any other bells and whistles?" E-mail from S. Hackney to H. Lennox (July 14, 2014; 1:53 PM) (Exh. A).

2.      That same day, Ms. Lennox responded that she would check on the status of the DIA documentation, and that "[t]here are no other OPEB documents other than those already filed – the Plan and the two forms of VEBA trusts. We did not do a term sheet, and the deal went straight into the Plan." As to the LTGO, Mr. Hackney was informed that "the bells and whistles are what are still be worked out [sic], so until those come to rest, there's not much more to say. The 55 will be paid out over time or we have the option to take out early." E-mail from H. Lennox to S. Hackney (July 14, 2014; 3:22 PM) (Exh. A)

3.      Later that same day, Mr. Hackney was informed by Ms. Lennox that "DIA definitive documents are expected to be done in about 3 weeks or so." E-mail from H. Lennox to S. Hackney (July 14, 2014; 6:09 PM)(Exh. A)

4.      Other than productions done solely to redo redactions on DWSD bank account records for Assureds' counsel so that the last four digits of accounts numbers were disclosed, the City has sent out twelve document productions since the June 20, 2014 deadline for document production, consisting of 2,497 documents with 21,142 pages. Decl. of Mary L. Hale ("Hale Decl.") at ¶ 2(Exh. B).

5.    The largest category of documents produced by document count subsequent to June 20, 2014, related to a request by Syncora's counsel that the City produce all of Mayor Bing's documents that were reviewed for responsiveness, even if found to be non-responsive and irrelevant during the Jones Day review, apparently because Syncora's counsel did not believe that so few of Mayor Bing's documents were actually responsive to the document requests.  Syncora's counsel also requested that all of the documents produced from Mayor Bing's files during the eligibility phase of this litigation be reproduced during this phase.  Compliance with these two requests resulted in the production of 1,983 documents (79% of the total documents produced subsequent to the June 20, 2014 cut-off) comprising approximately 4,830 pages.  Hale Decl. at ¶ 3 (Exh. B).

6.    The largest category of documents produced by page count subsequent to June 20, 2014, relate to the expert reliance materials for the City's experts, accounting for approximately 340 of the documents and 11,497 pages (54% of the total pages produced).  Many of these documents were either publicly available or had previously been produced by the City, but were reproduced for ease of reference and completeness.  Hale Decl. at ¶ 4 (Exh. B).

7.    Other large categories of documents produced related to:

- Collective Bargaining Agreements (40 documents, 1,956 pages);
- Other documents not related to Mayor Bing, but requested by Syncora after June 20, 2014:  (1) documents related to the testimony of Gary

Evanko regarding "sales studies" (18 documents, 701 pages), (2) documents provided to the City by the Retirement Systems pursuant to Emergency Manager Order No. 16 (33 documents, 260 pages), (3) a pdf document previously produced converted to excel format (1 document; 1 page), and (4) a "working" version of the Conway MacKenzie DWSD model (1 document; 1 page);

- Documents provided to Phoenix Management Services (Martha Kopacz) at their request by the City (approximately 51 documents and 622 pages); and,

- Documents requested by Assured after June 20,2014, relating to the DWSD: (1) changes to redactions, or completion of incomplete copies of bank account statements (6 documents, 39 pages), (2) documents shared with RFI bidders (draft version previously produced; 1 document, 146 pages), (3) the City's past and current contracts with Miller Buckfire (some of these are publicly available; 6 documents, 122 pages), and (4) Final 2013 Needs Assessment for the Detroit Collection Systems and WWTP (draft previously produced; 1 document 669 pages). Hale Decl. at ¶ 5 (Exh. B).

8.    Adding up the top three categories of documents alone (the Bing documents requested by Syncora, the expert reliance materials, and the CBAs) accounts for ninety-five percent of the documents produced, and eighty-six percent of the pages produced since June 20, 2014. Hale Decl. at ¶ 6 (Exh. B).

## ARGUMENT

## I.    SYNCORA HAS SUFFICIENT MATERIAL AVAILABLE TO IT TO PREPARE FOR THE CONFIRMATION HEARING

As set forth in detail above, Syncora already has full documentation for items that it claims (despite actual knowledge to the contrary) it does not have (*e.g.*, completed CBAs and OPEB settlement documents). Moreover, Syncora has had for two months the detailed term sheets for both the UTGO and DIA settlements

and knows that the definitive documentation will be forthcoming shortly. Finally, Syncora already knows the key economic terms of the LTGO settlement: a $55 million note on account of an approximately $164 million allowed claim. The City and the LTGO settling parties are working daily to work out mechanics and final issues to complete the definitive documentation for this settlement.

## II.     AN EXTENSION OF THE HEARING DATE WILL PREJUDICE THE CITY

Having demonstrated no prejudice to itself, Syncora nevertheless seeks to delay the commencement of the confirmation hearing for six weeks. The Court is well aware of the need for the City to exit chapter 9 expeditiously in order to accelerate the revitalization process for the benefit of the City's 700,000 residents. Delay for the sake of delay is unwarranted and can only prejudice the City, its residents and its other creditors by not only postponing the City's rebirth but also by adding significant extra costs that inevitably attend delay. The Court should not countenance Syncora's transparent attempt to prejudice other parties in this case.

## III.     DOCUMENT PRODUCTIONS SINCE THE DOCUMENT PRODUCTION CUT-OFF DATE DO NOT JUSTIFY AN EXTENSION OF THE HEARING DATE

Contrary to Syncora's suggestion, the documents produced subsequent to the June 20, 2014 document production cut-off date were not documents responsive to document requests that could have been produced prior to the cut-off. Rather,

most of the documents provided after June 20, 2014 were expert reliance material, or produced (even if irrelevant) in response to a specific request of Syncora's counsel.  To the extent that these were expert reliance materials, this production was entirely foreseeable and expected.  To the extent Syncora's counsel requested the production of irrelevant documents, Syncora cannot now be heard to complain that it does not have time to review them.  These types of productions are foreseeable, not burdensome, and do not slow the pace of the litigation.  They are simply part and parcel of the speedy resolution of this very complicated case.

## CONCLUSION

For the reasons stated above, Syncora's Motion to (I) Continue Hearing to Consider Confirmation of Debtor's Plan of Adjustment and (II) Extend Related Deadlines [Dkt. 6136] should be denied.

Dated: July 20, 2014           Respectfully submitted,


 /s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Telephone: (248) 359-7300
Facsimile: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

ATTORNEYS FOR THE CITY OF DETROIT

# Exhibit A

From: Heather Lennox
   Sent: 07/14/2014 06:09 PM EDT
   To: Heather Lennox
   Cc: David Heiman; Geoffrey Irwin; Gregory Shumaker; "Hackney, Stephen C."
<shackney@kirkland.com>
   Subject: Re: Definitive documents
Steve:  to follow up:  DIA definitive documents are expected to be done in about 3 weeks or so.

Heather Lennox
Partner
JONES DAY® - One Firm Worldwide℠
222 East 41st Street
New York, New York  10017
Office  +1.212.326.3837

901 Lakeside Avenue
Cleveland, Ohio 44114
Office  +1.216.586.7111
email:  hlennox@jonesday.com

From:  Heather Lennox/JonesDay
To:      "Hackney, Stephen C." <shackney@kirkland.com>,
Cc:      David G. Heiman/JonesDay@JonesDay, Geoffrey S Irwin/JonesDay@JonesDay,
Gregory Shumaker/JonesDay@JonesDay
Date:   07/14/2014 03:22 PM
Subject:        Re: Definitive documents

I don't know about DIA docs but can check.  There are no other OPEB documents other than
those already filed -- the Plan and the two forms of VEBA trusts.  We did not do a term sheet,
and the deal went straight into the Plan.

LTGO:  the bells and whistles are what are still be worked out, so until those come to rest, there's
not much more to say.  The 55 will be paid out over time or we have the option to take out early.

Heather Lennox
Partner
JONES DAY® - One Firm Worldwide℠
222 East 41st Street
New York, New York  10017
Office  +1.212.326.3837

901 Lakeside Avenue
Cleveland, Ohio 44114
Office  +1.216.586.7111
email:  hlennox@jonesday.com


From:  "Hackney, Stephen C." <shackney@kirkland.com>
To:    "hlennox@jonesday.com" <hlennox@jonesday.com>,
Date:  07/14/2014 01:53 PM
Subject:      Definitive documents


Heather,

Wanted to follow up and see if I can get the definitive documents for the DIA and OPEB
settlements.  I heard you say today that LTGO and UTGO are still being negotiated, but I am
assuming DIA and OPEB are done given their vintage.  Let me know if that is not the case.  If
they are not done, do you know the ETA and is it something that will go into the amended plan?

On LTGO, is there anyway I can just get bullets on what was agreed to?  Right now, my
understanding is that there is a debt instrument of $55 million that is paid off in 2015 that
satisfies the $164 million unsecured LTGO piece.  Are there any other bells and whistles?  Just
trying to understand the substance as it stands today.

Best,

Steve

***********************************************************
The information contained in this communication is confidential, may be attorney-client
privileged, may constitute inside information, and is intended only for the use of the addressee. It
is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use,
disclosure or copying of this communication or any part thereof is strictly prohibited and may be
unlawful. If you have received this communication in error, please notify us immediately by
return e-mail or by e-mail to postmaster@kirkland.com, and destroy this communication and all
copies thereof, including all attachments.
***********************************************************

Exhibit B

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------x
         :

In re:                       :        Chapter 9

                            :

CITY OF DETROIT, MICHIGAN,   :        Case No. 13-53846

                Debtor.     :        Hon. Steven W. Rhodes

                            :

                            :

-------------------------------------------------------x

## DECLARATION OF MARY L. HALE IN SUPPORT OF THE CITY'S OBJECTION TO MOTION TO (I) CONTINUE HEARING TO CONSIDER CONFIRMATION OF DEBTOR'S PLAN OF ADJUSTMENT AND (II) EXTEND RELATED DEADLINES

I, Mary L. Hale, hereby declare under penalty of perjury pursuant to 28 U.S.C. §1746 as follows:

1.     I am Of Counsel at Jones Day, which currently serves as counsel to the City of Detroit, Michigan (the "City), with respect to the above-captioned bankruptcy.  I have had primary oversight of the City's production of documents in this matter.

2.     Other than productions done solely to redo redactions on DWSD bank account records for Assureds' counsel so that the last four digits of accounts numbers were disclosed, the City has sent out twelve document productions since

the June 20, 2014 deadline for document production, consisting of 2,497 documents with 21,142 pages.

3.    The largest category of documents produced by document count subsequent to June 20, 2014, related to a request by Syncora's counsel that the City produce all of Mayor Bing's documents that were reviewed for responsiveness, even if found to be non-responsive and irrelevant during the Jones Day review, apparently because Syncora's counsel did not believe that so few of Mayor Bing's documents were actually responsive to the document requests.  Syncora's counsel also requested that all of the documents produced from Mayor Bing's files during the eligibility phase of this litigation be reproduced during this phase.  Compliance with these two requests resulted in the production of 1,983 documents (79% of the total documents produced subsequent to the June 20, 2014 cut-off) comprising approximately 4,830 pages.

4.    The largest category of documents produced by page count subsequent to June 20, 2014, relate to the expert reliance materials for the City's experts, accounting for approximately 340 of the documents and 11,497 pages (54% of the total pages produced).  Many of these documents were either publicly available or had previously been produced by the City, but were reproduced for ease of reference and completeness.

5. Other large categories of documents produced related to:

- Collective Bargaining Agreements (40 documents, 1,956 pages)

- Other documents not related to Mayor Bing, specifically requested by Syncora: (1) documents related to the testimony of Gary Evanko regarding "sales studies" (18 documents, 701 pages), (2) documents provided to the City by the Retirement Systems pursuant to Emergency Manager Order No. 16 (33 documents, 260 pages), (3) a pdf document previously produced converted to excel format (1 document; 1 page), and (4) a "working" version of the Conway MacKenzie DWSD model (1 document; 1 page);

- Documents provided to Phoenix Management Services (Martha Kopacz) at their request by the City (approximately 51 documents and 622 pages), and

- Documents requested by Assured relating to the DWSD: (1) changes to redactions, or completion of incomplete copies of bank account statements (6 documents, 39 pages), (2) documents shared with RFI bidders (draft version previously produced; 1 document, 146 pages), (3) the City's past and current contracts with Miller Buckfire (some of these are publicly available; 6 documents, 122 pages), and (4) Final 2013 Needs Assessment for the Detroit Collection Systems and WWTP (draft previously produced; 1 document 669 pages).

6. Adding up the top three categories of documents alone (the Bing documents requested by Syncora, the expert reliance materials, and the CBAs) accounts for ninety-five percent of the documents produced, and eighty-six percent of the pages produced since June 20, 2014.

- 4 -

I, the undersigned, declare under penalty of perjury that the foregoing is true and correct.

Dated: July 20, 2014                    by: /s/ Mary Hale

## Certificate of Service

I, Heather Lennox, hereby certify that the foregoing Objection to Motion to (I) Continue Hearing to Consider Confirmation of Debtor's Plan of Adjustment and (II) Extend Related Deadlines was filed and served via the Court's electronic case filing and noticing system on this 20th day of July, 2014.


Dated:        July 20, 2014                     /s/  Heather Lennox
                                                Heather Lennox