# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
---------------------------------------------------x

**DECLARATION OF PETER J. WALSH REGARDING
THE SOLICITATION AND TABULATION OF VOTES ON, AND
THE RESULTS OF VOTING WITH RESPECT TO, FOURTH AMENDED
PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT**

I, Peter J. Walsh, make this Declaration under 28 U.S.C. § 1746 and state as follows:

1. I am over 18 years of age and not a party to the above-captioned action.

2. I am employed as a Senior Managing Consultant of Public Securities Services with Kurtzman Carson Consultants LLC ("KCC"), the claims, noticing and balloting agent for the above-captioned debtor, the City of Detroit, Michigan (the "City"). I have been an employee of KCC for approximately four years and eight months. My business address is 1290 Avenue of the Americas, 9th Floor, New York, New York 10104.

3. I submit this Declaration (a) in connection with the tabulation of votes for the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, dated May 5, 2014 (Docket No. 4392) (as it has been and may be further modified, amended or supplemented, the "<u>Plan</u>") and (b) in support of the Declaration of Michael J. Paque Regarding the Solicitation and Tabulation of Votes on, and the Results of Voting with Respect to, Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (the "<u>Paque Declaration</u>"). Except as otherwise noted, I could and would testify to the following based upon my personal knowledge.

4. Capitalized terms not otherwise defined herein have the meanings given to them in the Paque Declaration.

5. The City retained KCC to provide, among other services, solicitation and balloting services in this Chapter 9 Case. I am the employee of KCC that was responsible for coordinating the solicitation, balloting and tabulation process in this Chapter 9 Case for the Securities Classes. This Declaration sets forth the actions taken by employees of KCC in its capacity as Balloting Agent in this Chapter 9 Case with respect to the solicitation and tabulation of votes in the Securities Classes.

*Solicitation of Securities Classes*

6. <u>Solicitation of Beneficial Holders Through Nominees</u>. Pursuant to the Primary Solicitation Order, in an effort to identify all known members of the Voting DWSD Bond Claim Classes and Classes 7, 8 and 9 (collectively, the "<u>Securities Classes</u>"), KCC relied on the listings of Nominees received from the Depository Trust Company ("<u>DTC</u>") to identify the Holders of Claims in the Securities Classes entitled to vote to accept or reject the Plan and make or not make the Distribution Election or the COP Settlement Election, as applicable, and in each case in accordance with the terms of the Primary Solicitation Order.

7. There are approximately 60 Nominees representing the Beneficial Holders of Claims in the Voting DWSD Bond Claim Classes; 40 Nominees representing the Beneficial Holders of Class 7 Limited Tax General Obligation Bond Claims; 50 Nominees representing the Beneficial Holders of Class 8 Unlimited Tax General Obligation Bond Claims; and 20 Nominees representing the Beneficial Holders of Class 9 COP Claims.

8. Pursuant to the Primary Solicitation Order (as amended by the Fifth Amended Scheduling Order), on or before May 12, 2014, KCC sent Solicitation Packages to the Nominees of the Beneficial Holders of Claims in the Securities Classes with instructions to: (a) forward the applicable Solicitation

Packages to the Beneficial Holders; (b) collect Ballots from the Beneficial Holders (the "Beneficial Ballots"); (c) prepare a master ballot (the "Master Ballot") based on the contents of the Beneficial Ballots; and (d) return the Master Ballot to KCC by the Voting Deadline.

9. KCC provided Solicitation Packages directly to (a) Broadridge Financial Solutions, Inc., Mediant Communications and INVeSHARE (collectively, the "Agents"), which entities act as agents on behalf of the Nominees for the Beneficial Holders of Claims in the Securities Classes, or (b) the Nominees appearing on the listings received from DTC, for subsequent forwarding to the underlying Beneficial Holders of Claims in the Securities Classes. KCC also provided a Master Ballot to each Nominee for their use in reporting the voting and election instructions from the underlying Beneficial Holders. In total, KCC provided approximately 26,000 individual Solicitation Packages to the Nominees and the Agents for forwarding to the underlying Beneficial Holders. An affidavit evidencing the mailing of the Solicitation Packages from the Agents to the respective Beneficial Holders was filed with the Court on July 21, 2014 (Docket No. 6174).

10. Direct Solicitation of Insurers. Also pursuant to the Primary Solicitation Order (as amended by the Fifth Amended Scheduling Order), on or before May 12, 2014, KCC sent Solicitation Packages to the Insurers of the

securities giving rise to claims in the Securities Classes, at the addresses provided by the Insurers, with instructions to return their Ballots directly to KCC by the Voting Deadline.

*Tabulation of Securities Classes*

11. Pursuant to the Primary Solicitation Order, KCC received and tabulated Securities Class Ballots as follows: (a) each returned Ballot and Master Ballot was opened and inspected at KCC's offices; (b) Ballots and Master Ballots were date-stamped and time-stamped; and (c) all Ballots and Master Ballots received on or before the Voting Deadline were tabulated in accordance with (i) the Amended Tabulation Rules, (ii) the applicable Voting Rights Orders and (iii) any applicable Other Voting Orders.

12. In total, KCC received and processed 1,323 Master Ballots representing over 3,100 Beneficial Holder accounts. Of these Master Ballots: (a) 92 were received from Nominees of Claims in Voting DWSD Bond Claim Classes; (b) 78 were received from Nominees of Limited Tax General Obligation Bond Claims; (c) 302 were received from Nominees of Unlimited Tax General Obligation Bond Claims; and (d) 22 were received from Nominees of COP Claims.

13. KCC also received: (a) three Insurer Ballots directly from Insurers of DWSD Bond Claims; (b) one Insurer Ballot directly from the Insurer of Limited Tax General Obligation Bond Claims (i.e., Ambac); (c) four Insurer

Ballots directly from Insurers of Unlimited Tax General Obligation Bond Claims; and (d) three Insurer Ballots directly from Insurers of COP Claims.

14. In accordance with the National Class 8 Voting Order and the Ambac Voting Order (and the relevant notices of voting rights associated therewith (Docket Nos. 5026 and 5030, respectively)), the Insurer Ballots submitted by National and Ambac were tabulated in Class 7 and Class 8 as follows: (a) each Insurer was deemed to have voted the entire amount of general obligation debt insured by such Insurer in the relevant Class of Claims; and (b) each Insurer was deemed to have cast a discrete vote on behalf of each Beneficial Holder that (i) held debt instruments in a series of general obligation debt insured by such Insurer as of the applicable record date and (ii) cast a timely and valid vote with respect to such debt.

15. The total number of Beneficial Holders holding general obligation debt in Classes 7 and 8 is not known to the City, the Insurers and KCC because such debt is held through Nominees in street name. As such, although National and Ambac have been deemed to vote the entire amount of their insured debt in Classes 7 and 8, it is not possible to determine the precise number of Beneficial Holders holding Class 7 Claims or Class 8 Claims to whose rights the Insurers were subrogated pursuant to the applicable Voting Rights Orders. Nevertheless, the City and KCC know that the number of Beneficial Holders in

each insured CUSIP is *not less than* the number of Beneficial Holders who actually cast votes on the Plan consistent with the Primary Solicitation Order, as reflected in timely and proper Master Ballots. As such, National and Ambac have been deemed to have voted on behalf of each Beneficial Holder that actually cast a vote in Class 7 or Class 8 in the applicable insured CUSIP (which Holders represent a subset of all Beneficial Holders holding Claims that National and Ambac are entitled to vote pursuant to the Voting Rights Orders). This ensures that National and Ambac are permitted to vote on behalf of their insured Beneficial Holders in Classes 7 and 8 consistent with the Voting Rights Orders, while also ensuring that the votes of National and Ambac are not overstated.

16. For the same reasons, Insurers submitting Insurer Ballots voting Claims in impaired Voting DWSD Bond Claim Classes and Class 9 pursuant to the Voting Rights Orders are likewise deemed to have voted on behalf of each Beneficial Holder that actually cast a vote in the applicable insured CUSIP, as reflected in timely and proper Master Ballots.

17. With respect to impaired Voting DWSD Bond Claim Classes 1A-10, 1A-11, 1A-126 and 1A-142, (a) no Beneficial Holder submitted a timely and proper Ballot and (b) KCC tabulated only the votes cast by the applicable Insurers on their respective Insurer Ballots (i.e., as a single vote in each applicable Class).

18. The notice of voting rights (Docket No. 5015) filed by Assured Guaranty Municipal Corporation ("AGMC") and Assured Guaranty Corp. ("AGC" and, together with AGMC, "Assured") provides that "[a]s the sole voting party with respect to the Assured UTGO Bonds, Assured should be granted a single vote for the full allowed amount of the claims arising from the Assured UTGO Bonds." Paragraph 2 of the Assured Voting Order provides that "Assured is the sole party authorized to vote claims arising from the Assured UTGO Bonds, *as set forth in the Voting Notice*." (emphasis added) Pursuant to the Assured Voting Order, AGMC and AGC each submitted a Class 8 Ballot. As such, each of AGMC and AGC is granted only a single vote in Class 8 consistent with the Assured Voting Order even though each party otherwise would have been entitled to vote on behalf of each of the Beneficial Holders in CUSIPs that it insures.

19. Accordingly, consistent with the Assured Voting Order (and the associated notice of voting rights), the Insurer Ballots submitted by AGMC and AGC were tabulated in Class 8 as follows: (a) AGMC and AGC were deemed to have voted the entire amount of unlimited tax general obligation debt each insured in Class 8; and (b) each was deemed to have cast one vote in Class 8.

I declare under penalty of perjury that to the best of my knowledge the foregoing is true and correct.

Executed on July 21, 2014

_____
Peter J. Walsh

SUBSCRIBED AND SWORN TO BEFORE ME
this 21 day of July, 2014.

_____
Notary Public

JAMES LEE
Notary Public - State of New York
No. 02LE6168074
Qualified in New York County
My Commission Expires June 4, 2015