UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re

CITY OF DETROIT, MICHIGAN,

        Debtor.

_____/

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

**Expedited Consideration
Requested**

*EX DUOBUS PARTIBUS* MOTION FOR SHORTENED NOTICE AND EXPEDITED
HEARING ON JOINT MOTION OF OBJECTING CREDITORS
MICHAEL J. KARWOSKI AND JOHN P. QUINN FOR BRIEFING SCHEDULE AND
HEARING ON CERTAIN OF MOVANTS' OBJECTIONS TO FOURTH AMENDED PLAN
OF ADJUSTMENT

      Michael J. Karwoski ("Karwoski") and John P. Quinn ("Quinn") (collectively "movants," "we" or "us") move the Court for shortened notice and expedited hearing on the Joint Motion of Objecting Creditors Michael J. Karwoski and John P. Quinn for Briefing Schedule and Hearing on Certain of Movants' Objections to Fourth Amended Plan of Adjustment (Motion for Hearing). In support of this motion, the movants say that:

      1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

      2.      Under Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9001-1(b), the Court may, *ex parte*, shorten the notice period provided by Local Bankruptcy Rule 9014-1 for a party to take any action or file any paper. Fed.R.Bankr.P. 9006(c), E.D.Mich. LRB 9006-1(b).

3.      As Noted in the Motion for Hearing, all the issues on which we seek a

hearing can be resolved without the taking of evidence and should be resolved as

promptly as possible for the efficient management of this case.

4.      This motion is addressed to the Court's broad discretion to "secure the

just, speedy, and inexpensive determination of every case and proceeding." Federal

Rule of Bankruptcy Procedure 1001.

5.      As reflected in the proposed order attached as Exhibit A, we propose the

Court consider the Motion for Hearing as expeditiously as possible.

WHEREFORE, we respectfully request entry of the proposed order attached as

Exhibit A or of another order acceptable to the Court granting substantially the same

relief as that proposed order.

/s/ with consent of John P. Quinn
John P. Quinn
2003 Military Street
Detroit, MI 48209
(313) 673-9548
quinjohn@umich.edu

/s/ Michael J. Karwoski
Michael J. Karwoski (P26658)
26015 Felicity Landing
Harrison Township, MI 48045
(313) 378-7642
Dated: July 22, 2014          mjkarwoski@alumni.nd.edu

EXHIBIT A

Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re                                                    Chapter 9

CITY OF DETROIT, MICHIGAN,                               Case No. 13-53846

                    Debtor.                              Hon. Steven W. Rhodes
_____/

ORDER GRANTING *EX DUOBUS PARTIBUS* MOTION FOR SHORTENED NOTICE
AND EXPEDITED HEARING ON JOINT MOTION OF OBJECTING CREDITORS
MICHAEL J. KARWOSKI AND JOHN P. QUINN FOR BRIEFING SCHEDULE AND
HEARING ON CERTAIN OF MOVANTS' OBJECTIONS TO FOURTH AMENDED PLAN
OF ADJUSTMENT

The Court has considered the *Ex Duobus Partibus* Motion for Shortened Notice

and Expedited Hearing on Joint Motion of Objecting Creditors Michael J. Karwoski and

John P. Quinn for Briefing Schedule and Hearing on Certain of Movants' Objections to

Fourth Amended Plan of Adjustment, is fully informed in the matter and has concluded

that there is just cause for granting the relief requested.

IT IS ORDERED THAT:

1.      The *Ex Duobus Partibus* Motion is granted.

2.      The hearing with respect to the Joint Motion of Objecting Creditors

Michael J. Karwoski and John P. Quinn for Briefing Schedule and Hearing on Certain of

Movants' Objections to Fourth Amended Plan of Adjustment shall take place on July 28,

2014 before Hon. Steven W. Rhodes.

3.      Karwoski and Quinn are authorized to take all actions necessary to

effectuate the relief granted pursuant to this order in accordance with the motion.

-1-

4.      The terms and conditions of this Order are immediately effective and

enforceable upon its entry.

5.      The Court retains jurisdiction with respect to all matters arising from or

related to the implementation of this Order.


_____
Steven W. Rhodes
United States Bankruptcy Judge