**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Chapter 9 |
| City of Detroit, Michigan, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |
| _____/ | |

**AFFIDAVIT OF PUBLICATION OF THE NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) HEARING TO CONSIDER CONFIRMATION OF THE PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT AND (III) PROCEDURES AND DEADLINES REGARDING CONFIRMATION FOR THE PLAN IN USA TODAY**



## VERIFICATION OF PUBLICATION

COMMONWEALTH OF VIRGINIA
COUNTY OF FAIRFAX

_____

Being duly sworn, Toussaint Hutchinson says that he is the principal clerk of USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is fully acquainted with the facts stated herein: on **Friday, May 9, 2014** the following legal advertisement – **In re CITY OF DETROIT, MICHIGAN** - was published in the national edition of **USA TODAY**.

_____
Principal Clerk of USA TODAY
May 9, 2014

This __9th__ day of __May__ month __2014__ year.

_____
Notary Public

JULIE ROTH
NOTARY PUBLIC
REG. #7573917
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES DECEMBER 31, 2017

# MARKETPLACE TODAY

For advertising information: 1.800.397.0070  www.russelljohns.com/usat

## NOTICES

### LEGAL NOTICE



JAMES HILL, RADIUS TWC

**UNITED STATES BANKRUPTCY COURT, EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

In re CITY OF DETROIT, MICHIGAN, ) Chapter 9, Case No. 13-53846
Debtor. ) Hon. Steven W. Rhodes

**NOTICE OF (I) APPROVAL OF DISCLOSURE STATEMENT, (II) HEARING TO CONSIDER CONFIRMATION OF THE PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT AND (III) PROCEDURES AND DEADLINES REGARDING CONFIRMATION OF THE PLAN**

PLEASE TAKE NOTICE OF THE FOLLOWING:

1. **Approval of the Disclosure Statement.** On May 5, 2014, the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") entered an order (Docket No. 4401) (the "Disclosure Statement Order") approving the Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4391) (as it may be amended, modified or supplemented, the "Disclosure Statement") filed by the City of Detroit, Michigan (the "City"). Accordingly, the City is authorized to solicit votes to approve or reject the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (May 5, 2014) (Docket No. 4392) (as it may be amended, modified or supplemented, the "Plan").

2. **Approval of Solicitation Procedures.** On March 11, the Bankruptcy Court entered an order (Docket No. 2984) (the "Primary Solicitation Procedures Order") granting the Motion of the City of Detroit for Entry of an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment (the "Primary Solicitation Procedures Motion"). On May 5, 2014, the Bankruptcy Court entered an order (Docket No. 4400) (the "Supplemental Solicitation Procedures Order") granting the Corrected Motion of the City of Detroit for Entry of an Order Establishing Supplemental Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment with Respect to Pension and OPEB Claims (Docket No. 3943) (the "Supplemental Solicitation Procedures Motion"). The Supplemental Solicitation Procedures Order modifies, in part, and supplements the procedures approved by the Primary Solicitation Procedures Order, solely as such procedures apply to Claims in Classes 10, 11 and 12 under the Plan. Claims in Classes 10 and 11 under the Plan are called "Pension Claims," and claims in Class 12 under the Plan are called "OPEB Claims."

3. **Confirmation Hearing.** A hearing to consider confirmation of the Plan (the "Confirmation Hearing") will be held on **July 24, 2014 at 9:00 a.m.**, Eastern Time, before the Honorable Steven W. Rhodes, United States Bankruptcy Judge, in the United States District Court, 231 W. Lafayette Blvd., Detroit, Michigan 48226. The Confirmation Hearing may be continued from time to time without further notice other than the announcement by the Court of the adjourned date at the Confirmation Hearing or any continued hearing. The Plan may be modified or supplemented prior to, during or as a result of the Confirmation Hearing in accordance with the terms of the Plan and section 942 and other applicable sections of the Bankruptcy Code, without further notice.

4. **Objections to the Plan.** Objections, if any, to confirmation of the Plan must be filed with the Bankruptcy Court on or before **May 12, 2014** by all parties other than (a) holders of Pension Claims (each such holder, a "Pension Claimant"), (b) holders of OPEB Claims (each such holder, an "OPEB Claimant") and (c) individual bondholders. Objections, if any, to confirmation of the Plan by Pension Claimants, OPEB Claimants and individual bondholders must be filed with the Bankruptcy Court on or before **July 11, 2014**. Supplemental objections to the Plan (by all claimants) arising as a result of discovery or the result of Plan voting must be filed with the Bankruptcy Court on or before **July 18, 2014**. All evidence in support of objections to the Plan must be submitted at or prior to the completion of the Confirmation Hearing. If a party files an objection to confirmation of the Plan that is not timely or otherwise does not comply with the procedures set forth herein, the objection will be denied and the party will not be heard at the Confirmation Hearing.

5. **Pension/OPEB Record Date.** The Bankruptcy Court has set **March 1, 2014** as the "Pension/OPEB Record Date" for purposes of voting on the Plan by Pension Claimants and OPEB Claimants. A Pension Claimant or OPEB Claimant is only entitled to vote his or her Pension Claim or OPEB Claim if such claim was held by such claimant as of the Pension/OPEB Record Date.

6. **Voting Record Date.** The Bankruptcy Court has set **April 14, 2014** as the "Voting Record Date" for voting on the Plan with respect to all parties entitled to vote other than Pension Claimants and OPEB Claimants. A creditor other than a Pension Claimant or OPEB Claimant is only entitled to vote on the Plan if it held claims against the City as of the Voting Record Date and is a member of a class of claims under the Plan that is entitled to vote on the Plan.

7. **Transferred Claims.** Please note: This paragraph does not apply to Pension Claims and OPEB Claims. With respect to any claim that is transferred prior to the Voting Record Date, the transferee will be entitled to vote on the Plan on account of the transferred claim only if, prior to the Voting Record Date, (a) the transferee files a notice of the transfer with the Bankruptcy Court pursuant to Bankruptcy Rule 3001(e) and (b) (i) the objection deadline with respect to such transfer has passed and no party has objected to the transfer, (ii) if there are any objections to the transfer, such objections have been resolved or (iii) the transferor has signed a sworn statement confirming the validity of the transfer. If the transferee fails to satisfy these requirements prior to the Voting Record Date, then the transferor will be entitled to vote to accept or reject the Plan on account of the claims in question.

8. **Voting Deadline.** Votes to accept or reject the Plan must be **received** by Kurtzman Carson Consultants LLC, as balloting agent, by **5:00 p.m. Eastern Time on July 11, 2014**. Ballots that are received after the deadline will not be counted. Ballots must be delivered to the balloting agent via U.S. Mail, overnight delivery or by hand. Ballots submitted by email, fax or any other electronic means will not be counted.

9. **Tabulation Rules.** Certain procedures for the tabulation of Ballots (the "Primary Tabulation Rules") are set forth in Exhibit 6C to the Primary Solicitation Procedures Motion. The Primary Tabulation Rules are supplemented and modified, solely with respect to Pension Claims and OPEB Claims, by the tabulation rules (the "Pension/OPEB Tabulation Rules") attached as Exhibit 6B to the Notice of Final Exhibits in Connection with Corrected Motion of the City of Detroit for Entry of an Order Establishing Supplemental Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment with Respect to Pension and OPEB Claims (Docket No. 4378).

10. **Rule 3018 Motions.** Please note: This paragraph does not apply to Pension Claims and OPEB Claims. If any claimant seeks treatment of its claim for voting purposes, other than in accordance with the Primary Tabulation Rules, the claimant shall be required to file a motion pursuant to Federal Rule of Bankruptcy Procedure 3018(a) for an order temporarily allowing its claim in a different amount or classification for purposes of voting on the Plan (a "Rule 3018 Motion"). Any such Rule 3018 Motion shall be served on counsel for the City so that it is received by the later of May 1, 2014 or 10 days after the date of service of a notice of objection, if any, to the applicable claim. Any Ballot submitted by a claimant that files a Rule 3018 Motion shall be counted solely in accordance with the Primary Tabulation Rules until the underlying claim is temporarily allowed by order of the Court for voting purposes in a different amount of classification.

11. **Parties not Entitled to Vote.** Claims in Classes 1B, 1C, 2A, 2B, 2C, 2D, 2E, 2F, 3, 4 and 6 under the Plan, and certain Claims in Classes 1A-1 through 1A-337 under the Plan, are unimpaired, and thus, holders of claims in those classes are deemed to accept the Plan and are not entitled to vote on the Plan. Claims in Class 16 will be disallowed under the Plan, and, thus, holders of claims in Class 16 are deemed to reject the Plan and are not entitled to vote on the Plan. Accordingly, holders of claims in Classes 1B, 1C, 2A, 2B, 2C, 2D, 2E, 2F, 3, 4, 6, 16 and the unimpaired Classes among Classes 1A-1 through 1A-337 (collectively, the "Non-Voting Creditors") will not receive solicitation packages or Ballots. Instead, Non-Voting Creditors will receive a notice of non-voting status, and they may obtain copies of the Plan, Disclosure Statement and other documents as set forth in paragraph 13 below. Non-Voting Creditors remain entitled to file objections to the Plan as set forth in paragraph 4 above.

12. **PLAN INJUNCTIONS AND RELEASES.** The Plan provides for the following injunctive relief:

   a. **Plan Section III.D.5.** Section III.D.5 of the Plan provides: On the Effective Date, except as otherwise provided herein or in the Confirmation Order,

   a. all Entities that have been, are or may be holders of Claims against the City, Indirect 36th District Court Claims or Indirect Employee Indemnity Claims, along with their Related Entities, shall be permanently enjoined from taking any of the following actions against or affecting the City or its property, DIA Corp. or its property, the DIA Assets, the Released Parties or their respective property and the Related Entities of each of the foregoing, with respect to such claims (other than actions brought to enforce any rights or obligations under the Plan and appeals, if any, from the Confirmation Order):

   1. commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affecting the City or its property (including (A) all suits, actions and proceedings that are pending as of the Effective Date, which must be withdrawn or dismissed with prejudice, (B) Indirect 36th District Court Claims, and (C) Indirect Employee Indemnity Claims);

   2. enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order against the City or its property;

   3. creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the City or its property;

   4. asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the City or its property;

   5. proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan or the settlements set forth herein to the extent such settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and

   6. taking any actions to interfere with the implementation or consummation of the Plan.

   b. All Entities that have held, currently hold or may hold any Liabilities released pursuant to the Plan will be permanently enjoined from taking any of the following actions against the State, the State Related Entities, the officers, board of trustees/directors, attorneys, advisors and professionals of the RDPFFA or the DRCEA, and the Released Parties or any of their respective property on account of such released Liabilities: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind; (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien; (iv) asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the State, a State Related Entity, the officers, board of trustees/directors, attorneys, advisors and professionals of the RDPFFA or the DRCEA, or a Released Party; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan.

   b. **Plan Section III.D.7.** Section III.D.7 of the Plan provides: Without limiting any other applicable provisions of, or releases contained in, the Plan or any contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, as of the Effective Date, in consideration for the obligations of the City under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan (including the State Contribution Agreement):

   a. each holder of a Claim that votes in favor of the Plan, to the fullest extent permissible under law, will be deemed to forever release, waive and discharge all Liabilities in any way relating to the City, the Chapter 9 Case, including the authorization given to file the Chapter 9 Case, the Plan, the Exhibits or the Disclosure Statement (such that entity has, had or may have against the City, its Related Entities, the State, the State Related Entities and the Released Parties (which release will be in addition to the discharge of Claims provided herein and under the Confirmation Order and the Bankruptcy Code), provided, however, that the foregoing provisions shall not affect the liability of the City, its Related Entities and the Released Parties that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct; provided further that this Section III.D.7.a shall not apply to any Exculpated Party; and provided further, however, that if Classes 10 and 11 vote to accept the Plan, but any necessary conditions precedent to the receipt of the initial funding from the State (pursuant to the State Contribution Agreement) and the DIA Funding Parties (pursuant to the DIA Settlement) that can be satisfied or waived by the applicable funding party prior to the Confirmation Hearing (including, but not limited to, adoption of relevant legislation and appropriations by the State and execution of necessary and irrevocable agreements for their funding commitments by each of the DIA Funding Parties, which conditions may not be waived) are not satisfied or waived by the applicable funding party prior to the Confirmation Hearing, then Holders of Claims in Classes 10 and 11 that voted to accept the Plan shall be deemed to have voted to reject the Plan, and the voluntary release set forth in the first sentence of this Section III.D.7.a shall not apply to Holders of Claims in Classes 10 and 11; and

   b. if the State Contribution Agreement is consummated, each holder of a Pension Claim will be deemed to forever release, waive and discharge all Liabilities arising from or related to the City, the Chapter 9 Case, including the authorization given to file the Chapter 9 Case, the Plan, all Exhibits, the Disclosure Statement, PA 436 and its predecessor or replacement statutes, and Article IX, Section 24 of the Michigan Constitution that such party has, had or may have against the State and any State Related Entities. For the avoidance of doubt, the Plan does not release, waive or discharge obligations of the City that are established in the Plan or that arise from and after the Effective Date with respect to (i) pensions as modified by the Plan or (ii) labor-related obligations. Such post-Effective Date obligations shall be enforceable against the City or its representatives by active or retired employees and/or their collective bargaining representatives to the extent permitted by applicable non-bankruptcy law and/or the Plan.

13. **Additional Information.** Requests for copies of the Disclosure Statement and the Plan by parties in interest may be made in writing to the Balloting Agent at Detroit Ballot Processing, c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245 or by telephone at (877) 298-6236. In addition, any party may review the Plan, the Disclosure Statement, the Primary Solicitation Procedures Motion, the Primary Solicitation Procedures Order, the Supplemental Solicitation Procedures Motion, the Supplemental Solicitation Procedures Order and other relevant documents filed in this case, without charge, at http://www.kccllc.net/Detroit.

Dated: May 9, 2014   BY ORDER OF THE COURT   /s/ Heather Lennox   David G. Heiman (OH 0038271), Heather Lennox (OH 0059649), JONES DAY, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114, Telephone: (216) 586-3939, Facsimile: (216) 579-0212, dgheiman@jonesday.com, hlennox@jonesday.com -and- Bruce Bennett (CA 105430), JONES DAY, 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071, Telephone: (213) 243-2382, Facsimile: (213) 243-2539, bbennett@jonesday.com -and- Jonathan S. Green (MI P33140), Stephen S. LaPlante (MI P48063), MILLER, CANFIELD, PADDOCK AND STONE, P.L.C., 150 West Jefferson, Suite 2500, Detroit, Michigan 48226, Telephone: (313) 963-6420, Facsimile: (313) 496-7500, green@millercanfield.com, laplante@millercanfield.com, ATTORNEYS FOR THE CITY

### LEGAL NOTICE