# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## RETIREE COMMITTEE'S JOINDER TO THE CITY OF DETROIT'S OBJECTION TO MOTION TO (I) CONTINUE HEARING TO CONSIDER CONFIRMATION AND (II) EXTEND RELATED DEADLINES

The Official Committee of Retirees of the City of Detroit, Michigan (the "Committee"), by and through its undersigned counsel, hereby joins in the City of Detroit's Objection to Syncora's Motion to (I) Continue Hearing to Consider Confirmation of Debtor's Plan of Adjustment and (II) Extend Related Deadlines (the "City's Objection") (Doc. 6145), and states as follows:

In addition to the reasons stated in the City's Objection, the Committee opposes the requested extension on the basis that such delay will unduly risk the implementation and administration of retiree health care.

Under the Plan of Adjustment ("POA"), the administration and funding of retiree healthcare benefits is to migrate on January 1, 2015, from the City to two VEBA Trusts (one for police and fire and the other for general service retirees). The VEBA Trusts, however, do not go into effect until the POA effective date. Thus, until the POA effective date, retirees will be in a state of limbo as to 2015 healthcare benefits.

Although the Retiree Committee and other parties are working diligently to make the possible transition as smooth as possible, the window between confirmation and the VEBA January 1, 2015 start date is already extremely narrow. Among other things, tasks that must

occur prior to January 1, 2015 include selection of all VEBA Trustees, the selection of one or more administrators, and the assessment and selection of plan benefit and/or stipend options (for 2015).  Most importantly, retirees must be notified and educated as to their options and how to obtain them in advance of the date on which the VEBAs have sole responsibility for payments to or for the benefit of retirees.  These tasks are complicated, time intensive, and difficult to implement under the most favorable circumstances.  In a compressed time frame, the prospect for mistakes—which in this case means adverse health consequences for retirees—is significant.  To compress an already razor-thin window by delaying the confirmation trial elevates the risks for retiree healthcare to an imprudent level.

WHEREFORE, the Committee respectfully joins in the City's Objection and for such further relief as the Court deems just and equitable.

Dated:  July 23, 2014

Respectfully submitted,

By: */s/ Sam J. Alberts*
Sam J. Alberts
Dan Barnowski
DENTONS US LLP
1301 K Street, NW, Suite 600 East Tower
Washington, DC 20005
Tel: (202) 408-6400
Fax: (202) 408-6399
sam.alberts@dentons.com
dan.barnowski@dentons.com

Claude Montgomery
Carole Neville
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
Tel:     (212) 768-6700
Fax:    (212) 768-6800
claude.montgomery@dentons.com
carole.neville@dentons.com

BROOKS WILKINS SHARKEY & TURCO PLLC
Matthew E. Wilkins
Paula A. Hall
401 South Old Woodward, Suite 400
Birmingham, Michigan  48009
Direct:  (248) 971-1711
Cell:  (248) 882-8496
Fax:  (248) 971-1801
wilkins@bwst-law.com
hall@bwst-law.com

*Attorneys for the Official Committee of Retirees of the City of Detroit, Michigan*

## CERTIFICATE OF SERVICE

I, Sam Alberts, hereby certify that the foregoing document was filed and served via the Court's electronic case filing and noticing system on July 23, 2014.

By:    */s/ Sam Alberts*
         Sam Alberts