UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

In re:

CITY OF DETROIT, MICHIGAN,                    Chapter 9
                                              Case No. 13-53846
          Debtor.                             Hon. Steven W. Rhodes
_____/

## PETITIONER CYNTHIA A. BIBB'S MOTION FOR DETERMINATION THAT THE BANKRUPTCY STAY DOES NOT APPLY TO HER LITIGATION AGAINST THE BOARD OF TRUSTEES OF THE CITY OF DETROIT GENERAL RETIREMENT SYSTEM

Petitioner Cynthia A. Bibb, by her attorneys Sterling Attorneys at Law, P.C., for her Motion for Determination that the Bankruptcy Stay Does Not Apply to Her Litigation Against the Board of Trustees of the City of Detroit General Retirement System, submits the following:

1.      On April 23, 2013, Cynthia A. Bibb filed a Complaint for declaratory relief and damages in Wayne County Circuit Court against two defendants – (1) the City of Detroit (the "City") and (2) the Board of Trustees of the City of Detroit General Retirement System (the "General Retirement System").

2.      The General Retirement System is a separately named defendant in Bibb's Wayne County Complaint, and a separate legal entity from the City.

3.      The General Retirement System has not filed for bankruptcy, and is, in fact, a creditor of the City.

4.      In her Wayne County Complaint, Bibb asked the Court to declare her eligible to receive monthly retirement benefits from the General Retirement System.

5.      On July 18, 2013, the City filed for bankruptcy.

6. The City's bankruptcy petition automatically stayed litigation against the City, but not the General Retirement System.

7. On July 26, 2013, Wayne County Circuit Court Presiding Judge Jeanne Stempien administratively stayed all cases naming the City of Detroit as a defendant, and instructed parties to file motions for relief from the stay as to any non-City defendants.

8. On November 22, 2013, Bibb filed a motion for relief from the administrative stay as to the defendant General Retirement System, only.

9. On December 6, 2013, Wayne County Circuit Court Judge Maria L. Oxholm denied Bibb's motion, and stated that plaintiff should "go to the Bankruptcy Court and ask them to allow you to proceed in the Circuit Court on this action."

10. The City has not responded to Bibb's February 2014 requests to present a stipulation to this Court permitting her action to proceed against the General Retirement System, nor has the City responded to Bibb's July 2014 request for concurrence.

11. The City's bankruptcy filing has not stayed the General Retirement System's routine processing of retirement applications or routine payment of retiree benefits.

12. Bibb's lawsuit against the General Retirement System will allow the Wayne County Circuit Court to determine whether the General Retirement System should have approved Bibb's 2010 and 2012 retirement applications.

13. Bibb respectfully moves this Court for a determination that the bankruptcy stay does not apply to her Wayne County Circuit Court lawsuit against the Board of Trustees of the City of Detroit General Retirement System.

14.     This Court has jurisdiction to hear this motion pursuant to 28 USC 157(b)(1),(2)(G) and equitable authority to issue the relief requested under 11 USC 105(a).

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:     /s/Raymond J. Sterling
         Raymond J. Sterling (P34456)
         Christine A. Hopkins (P76264)
         Attorneys for Petitioner
         33 Bloomfield Hills Pkwy., Ste. 250
         Bloomfield Hills, MI 48304
         (248) 644-1500

Dated: July 25, 2014

**EXHIBIT 1**

**PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

In re:

CITY OF DETROIT, MICHIGAN,          Chapter 9
                                      Case No. 13-53846

      Debtor.                 Hon. Steven W. Rhodes
_____/

**ORDER GRANTING
PETITIONER CYNTHIA A. BIBB'S MOTION FOR DETERMINATION
THAT THE BANKRUPTCY STAY DOES NOT APPLY TO HER
LITIGATION AGAINST THE BOARD OF TRUSTEES OF THE CITY
OF DETROIT GENERAL RETIREMENT SYSTEM**

This matter coming before the Court on Petitioner Cynthia A. Bibb's Motion for Determination that the Bankruptcy Stay Does Not Apply to Her Litigation Against the Board of Trustees of the City of Detroit General Retirement System and the Court having determined that the legal and factual bases set forth in the motion establish just cause for the relief granted herein;

1.      The Petitioner's motion is GRANTED; and,

2.      The bankruptcy stay does not apply to the defendant Board of Trustees of the City of Detroit General Retirement System in the litigation *Bibb v City of Detroit, et al.,* Wayne County Circuit Court docket number 13-005321-CK.

Dated: _____            _____
                                       HON. STEVEN W. RHODES

# EXHIBIT 2

# NOTICE OF MOTION AND OPPORTUNITY TO OBJECT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re:

CITY OF DETROIT, MICHIGAN,                Chapter 9
                                      Case No. 13-53846

      Debtor.                       Hon. Steven W. Rhodes

_____/

## NOTICE UNDER LBR 9014-1 OF MOTION TO LIFT WAYNE COUNTY CIRCUIT COURT ADMINISTRATIVE STAY & OPPORTUNITY TO OBJECT

Petitioner Cynthia A. Bibb has filed papers with the court for a determination that the bankruptcy stay does not apply to defendant Board of Trustees of the City of Detroit General Retirement System in the litigation *Bibb v. City of Detroit, et al.,* docket number 13-005321-CK.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to determine that the bankruptcy does not apply to defendant Board of Trustees of the City of Detroit Retirement System in the litigation *Bibb v. City of Detroit, et al.,* docket number 13-005321-CK, or if you want the court to consider your views on the Motion, within fourteen (14) days, you or your attorney must:

1.     File with the court a written response or an answer, explaining your position at:[1]

        United States
        Bankruptcy Court
        211 West Fort Street
        Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

You must also mail a copy to:

> Christine A. Hopkins
> Sterling Attorneys at Law, PC
> 33 Bloomfield Hills Pkwy., Ste. 250
> Bloomfield Hills, MI 48304

2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Date:  July 25, 2014           Respectfully submitted,

                                 STERLING ATTORNEYS AT LAW, P.C.

                                 By:    /s/Raymond J. Sterling
                                      Raymond J. Sterling (P34456)
                                      Christine A. Hopkins (P76264)
                                      Attorneys for Petitioner
                                      33 Bloomfield Hills Pkwy., Ste. 250
                                      Bloomfield Hills, MI 48304
                                      (248) 644-1500

Dated:  July 25, 2014

# EXHIBIT 3

# BRIEF IN SUPPORT OF MOTION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

In re:

CITY OF DETROIT, MICHIGAN,                     Chapter 9
                                               Case No. 13-53846
          Debtor.                              Hon. Steven W. Rhodes
_____/

## BRIEF IN SUPPORT OF
## PETITIONER CYNTHIA A. BIBB'S MOTION FOR DETERMINATION THAT THE BANKRUPTCY STAY DOES NOT APPLY TO HER LITIGATION AGAINST THE BOARD OF TRUSTEES OF THE CITY OF DETROIT GENERAL RETIREMENT SYSTEM

**A benefit eligibility determination for one individual
retiree will not interfere with the bankruptcy proceedings**

Cynthia A. Bibb is a 67 year old woman who resides in Kansas. She last worked for the City of Detroit in 1980. In 2013, she filed a civil action in Wayne County Circuit Court against two defendants, (1) the City of Detroit and (2) the Board of Trustees of the City of Detroit General Retirement System after the General Retirement System twice denied her requests for retirement benefits (**Ex 6(A)**, Bibb Complaint).

Wayne County Circuit Court administratively stayed all cases naming the City of Detroit upon the filing of the City's bankruptcy petition (**Ex 6(B)**, Stempien Letter). Wayne County Circuit Court Judge Maria L. Oxholm denied Bibb's request to lift the stay as to the General Retirement System (**Ex 6(C)**, Motion to Lift Stay & Brief), stating that plaintiff should seek relief from the bankruptcy court (**Ex 6(D)**, Transcript).

The City's bankruptcy proceedings should not prevent judicial review of the General Retirement System's eligibility determinations. The General Retirement System has not filed for bankruptcy, is a separate legal entity from the City, and, in fact, is a *creditor* of the City. The City paid its contributions to the General Retirement System on Bibb's behalf back in the *1970s*. The General Retirement System, not the City, decides if individual members like Bibb qualify for retirement benefits. The City's bankruptcy has not stopped the General Retirement System's routine processing of retirement applications and routine payment of retirement benefits. The City's bankruptcy has not halted judicial review of other retirement eligibility cases. *Rhoades v Bd of Trustees of Gen Ret Sys of City of Detroit*, 2014 WL 2753674 (Mich App).

If Bibb prevails in her action against the General Retirement System, she will begin receiving retirement benefits from the System just like all other City retirees. Any bankruptcy plan or order that alters benefit levels will impact Bibb the same as all other City retirees. The state court's review of Bibb's *individual* eligibility for benefits will not interfere with the bankruptcy proceedings.

### Bankruptcy stays apply to the debtor, not creditors

The City's bankruptcy stay does not insulate the General Retirement System from Bibb's declaratory relief action. The United States Bankruptcy Code "stays any actions against the *debtor*." *Patton v Bearden*, 8 F3d 343, 348-49 (6th Cir 1993); 11 USC 362(a)(1). The General Retirement System is not a debtor in bankruptcy. The General Retirement System, in fact, is the City of Detroit's largest *creditor* (**Ex 6(E)**, List of Creditors). There is no doubt that a relationship exists between the City and the General Retirement System. But, generally, bankruptcy stays do "not extend…to separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation." 2 Collier

on Bankruptcy ¶362.04 (15th ed 1993); *Parry v Mohawk Motors of Michigan, Inc*, 236 F3d 299, 314-15 (6th Cir 2000) (lower court improperly extended bankruptcy stay to a separate entity that had a contractual relationship with the debtor).

On July 25, 2013, this Court entered an order extending the City's automatic stay to its Emergency Manager, the Governor, non-officer employees of the City, City agents, and City representatives (**Ex 6(F)**, Order Extending Chapter 9 Stay). The order did *not* extend the stay to separate legal entities or creditors. Indeed, the City's motion to extend the stay *never* requested that the extension apply to separate legal entities or creditors, generally, nor the General Retirement System specifically. The General Retirement System is not an employee, agent, or representative of the City. The City and the General Retirement System stand as two distinct legal entities with different governing bodies, different legal interests and responsibilities, different staff, and distinct financial operations. The extended stay does not reach the General Retirement System.

**The General Retirement System is a distinct legal entity from the City of Detroit**

As evidenced by numerous lawsuits by the General Retirement System against the City (and vice versa), the General Retirement System can sue and be sued, independent from the City.[2] The General Retirement System has the right to retain and compensate its own independent legal counsel to defend against Bibb's claims. *Bd of Trustees of Policemen & Firemen Ret Sys of City of Detroit v City of Detroit*, 143 Mich App 651, 653-56 (1985) (Detroit's retirement systems "may retain independent legal counsel when necessary for the conduct of the affairs of the system.") The General Retirement System holds its own assets, and Michigan's Public Employee Retirement System Investment Act gives the General Retirement System sole authority over those assets. MCL 38.1132a, 38.1133. The City's

---

[2] This brief references three such cases: *Bd of Trustees of Policemen & Firemen Ret Sys of City of Detroit v City of Detroit*, 143 Mich App 651 (1985), *Bd of Trustees of Detroit Gen Ret Sys v City of Detroit*, 2006 WL 2061403 (Mich App), and *Bd of Trustees of Gen Ret Sys of City of Detroit v City of Detroit*, 2005 WL 1224736 (Mich App).

retirement systems also "act as independent employers, separate from their incorporating cities" and have the right "to hire, direct, and fix the compensation of their employees." *Bd of Trustees of Detroit Gen Ret Sys v City of Detroit*, 2006 WL 2061403 at 5 (Mich App) (**Ex 6(G)**).

**The City's concurrent employment of some
Board members does not entitle the General Retirement System to a stay**

Individual members of the General Retirement System's Board of Trustees can hold concurrent employment with the City. *Bd of Trustees of Gen Ret Sys of City of Detroit v City of Detroit*, 2005 WL 1224736 at 2 (Mich App) (**Ex 6(H)**). Bibb, however, has not sued any individual Board members, and her suit has nothing to do with any individual Board member's concurrent employment by the City of Detroit. Bibb has instead sued the *Board of Trustees* as a governing body that has a fiduciary responsibility to *her and other retirees*. The System's Board of Trustees does *not* act as an agent or representative of the City. This becomes apparent when reviewing the actions the Board of Trustees has taken to fight the City's bankruptcy filing. The General Retirement System, through its own legal counsel and pursuant to its Board's directives, itself sued to block the City's bankruptcy petition on constitutional grounds before the petition was ever filed (**Ex 6(I)**, Ingham County Court Complaint). The General Retirement System continues to oppose the bankruptcy on a number of grounds, including the City's failure to engage in good faith pre-filing negotiations with the General Retirement System (**Ex 6(J)**, Eligibility Objection).

**Individual retirement benefit claims are exempt from the claims filing process**

On January 24, 2014, this Court entered an order specifying the types of claims subject to the bankruptcy claims filing process (**Ex 6(K)**, Order Establishing Bar Dates for Filing Proofs of Claim). This Court exempted "any claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement System and the

Police and Fire Retirement System, for pension benefits or unfunded pension liabilities (any such claim, a 'Pension Liability Claim')." Bibb's declaratory relief action against the General Retirement System fits squarely in this category of exempted claims, and should be resolved through the regular process of state court judicial review.

### Further delay of Bibb's eligibility determination does not benefit anyone

Considering her modest rate of pay in the 1970s and her relatively low number of credits in the System, Bibb's eligibility determination will be a very small drop in the overall bucket of pension liabilities. Even so, leaving individual eligibility determinations up in the air during the bankruptcy proceedings only creates further uncertainty and doubt about the amount of unfunded liabilities and whether plans of adjustment will work to bridge the gap.

Bibb respectfully asks this Court for an order declaring that the bankruptcy stay does not apply to her action against the General Retirement System. The requested order will allow judicial review of the denial of Bibb's retirement benefits to proceed now.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:＿＿＿/s/Raymond J. Sterling＿＿＿＿＿＿
　　　　Raymond J. Sterling (P34456)
　　　　Christine A. Hopkins (P76264)
　　　　Attorneys for Petitioner
　　　　33 Bloomfield Hills Pkwy., Ste. 250
　　　　Bloomfield Hills, MI 48304
　　　　(248) 644-1500

Dated: July 25, 2014

# EXHIBIT 4

# CERTIFICATE OF SERVICE THROUGH ELECTRONIC FILING

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re:

CITY OF DETROIT, MICHIGAN,

      Debtor.

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

_____/

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I, Raymond J. Sterling, certify that on July 25, 2014, I electronically filed *Motion for Determination that the Bankruptcy Stay Does Not Apply to Her Litigation Against the Board of Trustees of the City of Detroit General Retirement System*, along with a Summary of Attached Exhibits and Exhibits **A-K** (as listed on the Summary), with the Clerk of the Court using the ECF system which will send notification of such filing to ECF participants in this matter.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:    /s/Raymond J. Sterling
        Raymond J. Sterling (P34456)
        Christine A. Hopkins (P76264)
        Attorneys for Petitioner
        33 Bloomfield Hills Pkwy., Ste. 250
        Bloomfield Hills, MI 48304
        (248) 644-1500

Dated:  July 25, 2014

**EXHIBIT 5**

**AFFIDAVITS TO MOTION**

**[NO AFFIDAVITS FILED SPECIFIC TO THIS MOTION]**

# EXHIBIT 6

## ATTACHMENTS

A    Bibb's Wayne County Circuit Court Complaint

B    Judge Stempien Letter re: Administrative Stay

C    Bibb's Wayne County Circuit Court Motion to Lift Stay

D    Transcript of 12/6/13 Wayne County Circuit Court Hearing

E    City of Detroit's List of Creditors

F    Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Ceertain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor

G    *Bd of Trustees of Detroit Gen Ret Sys v City of Detroit*, 2006 WL 2061403 at 5 (Mich App)

H    *Bd of Trustees of Gen Ret Sys of City of Detroit v City of Detroit*, 2005 WL 1224736 at 2 (Mich App)

I    General Retirement System's Ingham County Circuit Court Complaint

J    Objection of the Detroit Retirement Systems to the Eligibility of the City of Detroit, Michigan to Be a Debtor Under Chapter 9 of the Bankruptcy Code

K    Order Pursuant to Section 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof