EXHIBIT 6(A)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CYNTHIA A. BIBB,

        Plaintiff,

vs.

CITY OF DETROIT and the BOARD
OF TRUSTEES OF THE CITY OF
DETROIT GENERAL RETIREMENT
SYSTEM, jointly and severally,

        Defendants.
_____/

Case No. 13-    -CK
Hon.

13-005321-CK
FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/23/2013 12:26:30 PM
CATHY M. GARRETT

Raymond J. Sterling (P34456)
Christine A. Hopkins (P76264)
Attorneys for Plaintiff
STERLING ATTORNEYS AT LAW, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500
_____/

**There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.**

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF AND JURY DEMAND

Plaintiff Cynthia A. Bibb, by her attorneys Sterling Attorneys at Law, P.C., for her Complaint against defendants, state as follows:

### GENERAL ALLEGATIONS AND JURISDICTION

1. Plaintiff Cynthia A. Bibb ("Bibb") is an individual residing in Lenexa, Kansas.

2. Defendant City of Detroit is a Michigan municipal corporation located in Wayne County.

**EXHIBIT 6(A)**

3. Defendant Board of Trustees of the City of Detroit General Retirement System is the governing body of the City of Detroit General Retirement System.

4. The City of Detroit General Retirement System (the "Retirement System") was established through a 1938 amendment to the Detroit City Charter of 1918.

5. The Retirement System and its Board have a legal obligation and fiduciary duty to oversee the retirement plan assets and coverage of certain employees of the City of Detroit.

6. The amount in controversy exceeds $25,000, exclusive of interest and costs.

7. The events giving rise to this case occurred in Wayne County.

### Bibb qualifies for a monthly retirement allowance

8. Cynthia A. Bibb was born on June 11, 1947.

9. Bibb is now 65 years old

10. Between 1968 and 1980, Bibb earned 10 years and 6 months of service credits in the Retirement System by working for the City of Detroit.

11. Between 1968 and 1980, the City of Detroit made contributions to the Retirement System on behalf of Bibb.

12. Bibb's 10 years and 6 months of service credits qualify her for retirement benefits under Chapter 47-2-4(b)(10) and/or Chapter 47-2-4(d)(2)(A) of the Detroit City Code.

13. Bibb meets all eligibility requirements to receive a retirement benefit from the Retirement System under Chapters 47-2-4(b)(10) and/or 47-2-4(d)(2)(A) of the Detroit City Code.

EXHIBIT 6(A)

14. Chapters 47-2-4(b)(10) and 47-2-4(d)(2)(A) of the Detroit City Code allow former employees to collect the retirement allowance regardless of whether they separate from City service prior to the date benefits become payable.

15. The retirement benefits under Chapter 42-2-4(b)(10) become payable once the former employee turns 60 years old.

16. The retirement allowance under Chapter 47-2-4(d) becomes payable once the former employee submits a retirement application or turns 60 years old, whichever is earlier.

17. Bibb was entitled to receive monthly retirement benefits starting on her 60th birthday – June 11, 2007.

**The City refuses to provide Bibb her vested benefits**

18. In 2010, Bibb contacted the Retirement System to request her retirement benefits.

19. On October 10, 2010, the Retirement System sent Bibb a letter stating she was ineligible for benefits.

20. The October 10, 2010 letter contained inaccurate\information regarding the provisions of the retirement plan.

21. The October 10, 2010 letter contained false information regarding Bibb's eligibility for benefits.

22. On November 15, 2012, Bibb again demanded her retirement benefits from the Retirement System.

23. The Retirement System again denied Bibb's request for benefits.

24. The Retirement System's act of denying Bibb her vested pension benefits violates the City Code and the terms of the retirement plan.

3

**EXHIBIT 6(A)**

## COUNT I - REQUEST FOR DECLARATORY RELIEF

25. Bibb incorporates the preceding paragraphs by reference.

26. City Ordinance 47-4-3 authorizes Bibb to bring a civil action for relief against any act or practice which violates the City Code or the terms of the retirement plan.

27. Bibb requests an expedited judicial hearing and decree pursuant to MCR 2.605(D) declaring that:

> A. Bibb is eligible for a monthly retirement benefit from the City of Detroit General Retirement System under Chapter 47-2-4(b)(10).
>
> B. Bibb is eligible for a monthly retirement benefit from the City of Detroit General Retirement System under the formula set forth in Chapter 47-2-4(d)(2)(A) of the City Code.
>
> C. The system has an obligation to pay Bibb retroactive monthly retirement benefits starting on her sixtieth birthday, June 11, 2007 plus interest, as well as ongoing monthly benefits.
>
> D. All similarly-situated members of the system are eligible for monthly retirement benefits regardless of whether they separated from City service prior to their benefit eligibility date.

## COUNT II – BREACH OF CONTRACT

28. Bibb incorporates the preceding paragraphs by reference.

29. The Michigan State Constitution Article 9, Section 24 imposes a contractual obligation on political subdivisions of the state to honor the accrued financial benefits of their pension plans.

30. Defendants have a contractual obligation to pay Bibb the benefits owed.

31. Defendants breached their contractual obligation to Bibb by denying her the benefits due under the terms of its pension plan.

## COUNT III - UNJUST ENRICHMENT

32. Bibb incorporates the preceding paragraphs by reference.

**EXHIBIT 6(A)**

33. The Retirement System has financially benefitted from its retention of Bibb's monthly retirement benefits since July 11, 2007.

34. The Retirement System will continue to financially benefit from its retention of Bibb's future monthly retirement benefits.

35. Bibb earned her monthly retirement benefits by working for the City of Detroit for over 10 years.

36. The Retirement System will be unjustly enriched if allowed to retain the past and future monthly retirement benefits rightfully due and payable to Bibb.

37. Justice and equity require that the system pay Bibb her earned and vested retirement benefits.

WHEREFORE, Bibb respectfully requests this Court enter judgment against defendants in the amount of One Hundred Eighty Thousand Dollars ($180,000), or whatever other amount this Court deems to be fair, just, and appropriate compensation for her injuries, together with consequential and exemplary damages, interest, costs, attorney fees, and appropriate equitable and declaratory relief.

**JURY DEMAND**

Plaintiff Cynthia A. Bibb, by her attorneys Sterling Attorneys at Law, P.C., requests a trial by jury.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/Raymond J. Sterling
    Raymond J. Sterling (P34456)
    Christine A. Hopkins (P76264)
    Attorneys for Plaintiff
    33 Bloomfield Hills Pkwy., Ste. 250
    Bloomfield Hills, MI 48304
    (248) 644-1500

Dated: April 23, 2013

5

13-53846-tjt   Doc 6259-1   Filed 07/25/14   Entered 07/25/14 14:26:56   Page 5 of 5