EXHIBIT 6(C)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CYNTHIA A. BIBB,

    Plaintiff,

vs.

CITY OF DETROIT and the BOARD OF TRUSTEES OF THE CITY OF DETROIT GENERAL RETIREMENT SYSTEM, jointly and severally,

    Defendants.
_____/

Case No. 13-005321-CK
Hon. Maria L. Oxholm

13-005321-CK
FILED IN MY OFFICE
WAYNE COUNTY CLERK
11/22/2013 2:32:15 PM
CATHY M. GARRETT

| | |
|---|---|
| Raymond J. Sterling (P34456)<br>Christine A. Hopkins (P76264)<br>Attorneys for Plaintiff<br>STERLING ATTORNEYS AT LAW, PC<br>33 Bloomfield Hills Pkwy., Ste. 250<br>Bloomfield Hills, MI 48304<br>(248) 644-1500 | Michael J. VanOverbeke (P46787)<br>Aaron L. Castle (P70960)<br>Attorneys for Defendants<br>VANOVERBEKE, MICHAUD & TIMMONY, PC<br>79 Alfred Street<br>Detroit, MI 48201<br>(313) 578-1200 |

_____/

## PLAINTIFF'S MOTION TO LIFT THE ADMINISTRATIVE STAY OF HER CLAIMS AGAINST DEFENDANT GENERAL RETIREMENT SYSTEM ONLY

    Plaintiff Cynthia A. Bibb, by her attorneys Sterling Attorneys at Law, P.C., for her Motion to Lift the Administrative Stay of Her Claims Against Defendant General Retirement System Only, submits the following:

    1.     On April 23, 2013, plaintiff filed her Complaint for declaratory relief and damages against two defendants – (1) the City of Detroit (the "City") and (2) the Board of Trustees of the City of Detroit General Retirement System (the "General Retirement System").

    2.     On July 18, 2013, the City filed for bankruptcy in the United States Bankruptcy Court for the Eastern District of Michigan.

EXHIBIT 6(C)

3. The City's bankruptcy petition automatically stayed litigation against the City.

4. On July 26, 2013, Wayne County Circuit Court Presiding Judge Jeanne Stempien administratively stayed all litigation naming the City of Detroit as a defendant, and instructed parties to file motions for relief from stay with their case's assigned Judge as to any non-City defendants.

5. The General Retirement System is a separately named defendant in this case, and a separate legal entity from the City.

6. The General Retirement System has not filed for bankruptcy, and litigation against the General Retirement System is not subject to stay.

7. Plaintiff moves the Court for an order allowing her litigation to proceed against the General Retirement System.

8. Plaintiff requested, but did not obtain, the General Retirement System's stipulation to the relief sought in this motion.

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By: /s/ Christine A. Hopkins
Raymond J. Sterling (P34456)
Christine A. Hopkins (P76264)
Attorneys for Plaintiff
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Dated: November 22, 2013

EXHIBIT 6(C)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CYNTHIA A. BIBB,

            Plaintiff,

vs.

CITY OF DETROIT and the BOARD
OF TRUSTEES OF THE CITY OF
DETROIT GENERAL RETIREMENT
SYSTEM, jointly and severally,

            Defendants.

Case No. 13-005321-CK
Hon. Maria L. Oxholm

_____/

| | |
|---|---|
| Raymond J. Sterling (P34456) | Michael J. VanOverbeke (P46787) |
| Christine A. Hopkins (P76264) | Aaron L. Castle (P70960) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| STERLING ATTORNEYS AT LAW, PC | VANOVERBEKE, MICHAUD & TIMMONY, PC |
| 33 Bloomfield Hills Pkwy., Ste. 250 | 79 Alfred Street |
| Bloomfield Hills, MI 48304 | Detroit, MI 48201 |
| (248) 644-1500 | (313) 578-1200 |

_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION
## TO LIFT THE ADMINISTRATIVE STAY OF HER CLAIMS
## AGAINST DEFENDANT GENERAL RETIREMENT SYSTEM ONLY

**Plaintiff deserves her day in Court with the General Retirement System**

Sixty-five year old Cynthia Bibb last worked for the City of Detroit (the "City") in 1980. During her employment, she earned 10.5 years of service credit in the City's General Retirement System ("General Retirement System"). The City paid contributions to the General Retirement System on behalf of Bibb and other non-safety employees. The General Retirement System has sole authority over the investment and distribution of the contributed funds. The General Retirement System, not the City, decides if individual members like Bibb qualify for retirement benefits. The *General Retirement System* then pays

EXHIBIT 6(C)

those benefits of the *system's* assets. Benefit payments to individual retirees do not come from the City's own funds or assets.

When Bibb reached retirement age, she contacted the General Retirement System to apply for her vested retirement benefits. The Board of Trustees of the General Retirement System denied Bibb her retirement benefits. In this litigation, Bibb seeks to overturn the General Retirement System's denial of her benefits. There is no reason why Bibb's litigation against the General Retirement System should not proceed. The General Retirement System has not filed for bankruptcy, and no stay exists as to litigation against the General Retirement System. Any relief granted in favor of plaintiff and against the General Retirement system will not impact the City or any City property, and will in no way interfere with the City's bankruptcy case.

### Bankruptcy stays apply to the debtor, not creditors

The City of Detroit's bankruptcy stay applies only to litigation against the City, not the General Retirement System. The United States Bankruptcy Code "stays any actions against the *debtor*." *Patton v Bearden*, 8 F3d 343, 348-49 (6th Cir 1993); 11 USC 362(a)(1). The General Retirement System is not a debtor in bankruptcy. The General Retirement System, in fact, is the City of Detroit's largest *creditor* (**Ex A**, List of Creditors).

The City of Detroit's bankruptcy stay "does not extend...to separate legal entities such as corporate affiliates, partners in debtor partnerships or to codefendants in pending litigation." 2 Collier on Bankruptcy ¶362.04 (15th ed 1993). Bibb has a right to proceed with her litigation against the General Retirement System because the system and its Board constitute a separate legal entity that has not filed for bankruptcy. *Parry v Mohawk Motors of Michigan, Inc*, 236 F3d 299, 314-15 (6th Cir 2000) (lower court improperly extended bankruptcy stay to a separate entity that had a contractual relationship with the debtor).

2

**EXHIBIT 6(C)**

**The General Retirement System is a distinct legal entity from the City of Detroit**

As evidenced by numerous lawsuits by the General Retirement System against the City (and vice versa), the General Retirement System can sue and be sued, independent from the City.[1] The General Retirement System has the right to retain and compensate its own independent legal counsel to defend against Bibb's claims. *Bd of Trustees of Policemen & Firemen Ret Sys of City of Detroit v City of Detroit*, 143 Mich App 651, 653-56 (1985) (Detroit's retirement systems "may retain independent legal counsel when necessary for the conduct of the affairs of the system.") The General Retirement System holds its own assets, and Michigan's Public Employee Retirement System Investment Act gives the General Retirement System sole authority over those assets. MCL 38.1132a, 38.1133. The City's retirement systems also "act as independent employers, separate from their incorporating cities" and have the right "to hire, direct, and fix the compensation of their employees." *Bd of Trustees of Detroit Gen Ret Sys v City of Detroit*, 2006 WL 2061403 at 5 (Mich App) **(Ex B)**. While the City and the General Retirement System have a contractual relationship, they stand as two distinct legal entities with different governing bodies, different legal interests and responsibilities, different staff, and distinct financial operations.

**The City's concurrent employment of some
Board members does not entitle the General Retirement System to a stay**

Individual members of the General Retirement System's Board of Trustees can hold concurrent employment with the City. *Bd of Trustees of Gen Ret Sys of City of Detroit v City of Detroit*, 2005 WL 1224736 at 2 (Mich App) **(Ex C)**. Bibb, however, has not sued any individual Board members, and her suit has nothing to do with any individual Board member's concurrent employment by the City of Detroit. Bibb has instead sued the *Board of*

---

[1] This brief references three such cases: *Bd of Trustees of Policemen & Firemen Ret Sys of City of Detroit v City of Detroit*, 143 Mich App 651 (1985), *Bd of Trustees of Detroit Gen Ret Sys v City of Detroit*, 2006 WL 2061403 (Mich App), and *Bd of Trustees of Gen Ret Sys of City of Detroit v City of Detroit*, 2005 WL 1224736 (Mich App).

3

**EXHIBIT 6(C)**

*Trustees* as a governing body that has a fiduciary responsibility to her, and the sole right to determine her eligibility for retirement benefits. The sole question presented by Bibb's litigation is whether the General Retirement System itself can take advantage of a stay that does not apply to the City's creditors or independently governed entities.

**The General Retirement System has fought the City's bankruptcy and its stay**

Nothing illustrates the chasm separating the General Retirement System from the City of Detroit than the Retirement System's position on the City's bankruptcy filing.

The General Retirement System, through its own legal counsel and pursuant to its Board's directives, itself sued to block the City's bankruptcy petition on constitutional grounds before the petition was ever filed (**Ex D**, Ingham County Court Complaint). The General Retirement System continues to oppose the bankruptcy on a number of grounds, including the City's failure to engage in good faith pre-filing negotiations with the General Retirement System (**Ex E**, Eligibility Objection).

**Plaintiff's litigation can continue without approval of the bankruptcy court**

Litigation against the General Retirement System is not subject to stay under the bankruptcy code or any other law. Bibb can seek to overturn the General Retirement System's denial of her benefits in this Court without prior approval of the bankruptcy court. The General Retirement System, *not* the City, will have to pay Bibb her retirement benefits if plaintiff prevails. Bibb respectfully asks the Court to allow her case to proceed against the General Retirement System.

**EXHIBIT 6(C)**

        Respectfully submitted,

        STERLING ATTORNEYS AT LAW, P.C.

        By:   /s/Christine A. Hopkins
              Raymond J. Sterling (P34456)
              Christine A. Hopkins (P76264)
              Attorneys for Plaintiff
              33 Bloomfield Hills Pkwy., Ste. 250
              Bloomfield Hills, MI 48304
              (248) 644-1500

Dated: November 19, 2013

**EXHIBIT 6(C)**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CYNTHIA A. BIBB,

        Plaintiff,

vs.

CITY OF DETROIT and the BOARD OF TRUSTEES OF THE CITY OF DETROIT GENERAL RETIREMENT SYSTEM, jointly and severally,

        Defendants.

Case No. 13-005321-CK
Hon. Maria L. Oxholm

_____/

Raymond J. Sterling (P34456)
Christine A. Hopkins (P76264)
Attorneys for Plaintiff
STERLING ATTORNEYS AT LAW, PC
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Michael J. VanOverbeke (P46787)
Aaron L. Castle (P70960)
Attorneys for Defendants
VANOVERBEKE, MICHAUD & TIMMONY, PC
79 Alfred Street
Detroit, MI 48201
(313) 578-1200

_____/

## NOTICE OF HEARING

Plaintiff's Motion to Lift the Administrative Stay of Her Claims Against Defendant General Retirement System Only will be heard by the Hon. Maria L. Oxholm on Friday, December 6, 2013 at 8:30 a.m.

**PROOF OF SERVICE**

I certify that on November 22, 2013, I filed the foregoing paper with the Clerk of the Court using the ECF system which will electronically send notification to Michael J. VanOverbeke, Esq.

/s/ Christine A. Hopkins
Sterling Attorneys at Law, P.C.
33 Bloomfield Hills Pkwy., Ste. 250
Bloomfield Hills, MI 48304
(248) 644-1500

Respectfully submitted,

STERLING ATTORNEYS AT LAW, P.C.

By:   /s/Christine A. Hopkins
      Raymond J. Sterling (P34456)
      Christine A. Hopkins (P76264)
      Attorneys for Plaintiff
      33 Bloomfield Hills Pkwy., Ste. 250
      Bloomfield Hills, MI 48304
      (248) 644-1500