**EXHIBIT 6(H)**

Board of Trustees of General Retirement System of City..., Not Reported in...

2005 WL 1224736
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK
COURT RULES BEFORE CITING.

Court of Appeals of Michigan.

BOARD OF TRUSTEES OF THE GENERAL
RETIREMENT SYSTEM OF THE CITY
OF DETROIT, Plaintiff-Appellant,
v.
CITY OF DETROIT and Sean
Werdlow, Defendants-Appellees.

No. 253975. | May 24, 2005.

Before: NEFF, P.J., and OWENS and FORT HOOD, JJ.

Opinion

[UNPUBLISHED]

PER CURIAM.

*1 Plaintiff appeals as of right the grant of summary disposition and declaratory judgment in favor of defendants regarding restrictions placed by the trial court on interstate travel by plaintiff's members, particularly those who are concurrently employed by the city. We vacate the portion of the judgment that placed restrictions on interstate travel.

Citing this Court's interlocutory order[1] reversing the trial court's temporary restraining order, which required court approval of any interstate travel by plaintiff's members, plaintiff first asserts that the trial court's ruling violated the law of the case doctrine. We agree.

The law of the case doctrine applies to issues previously determined in interlocutory proceedings. *Marysville v. Pate, Hirn & Bogue, Inc,* 196 Mich.App 32, 34; 492 NW2d 481 (1992). The doctrine serves to bind lower courts and tribunals, which may not take action on remand that is inconsistent with the ruling of an appellate court's decision in the particular case. *In re TM (After Remand),* 245 Mich.App 181, 191; 628 NW2d 570 (2001); see also, *McCormick v. McCormick,* 221 Mich.App 672, 679; 562 NW2d 504 (1997). It provides that " 'if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." ' *Grievance Administrator v. Lopatin,* 462 Mich. 235, 259; 612 NW2d 120 (2000), quoting *CAF Investment Co v. Saginaw Twp,* 410 Mich. 428, 454; 302 NW2d 164 (1981). The issues previously raised by plaintiff involved the appropriateness of the trial court's issuance of a temporary restraining order when there was no pending claim with respect to, or evidence relating to, interstate travel before the trial court.

At the time the temporary restraining order was issued, although plaintiff mentioned travel as one in a laundry list of a trustee's duties, and defendants asserted as an affirmative defense that plaintiff's activities violated various state and municipal laws, there was no indication in the record that interstate travel was or would become an issue between the parties.[2] This Court appropriately found that the trial court could not require the trustees to seek prior approval before traveling out of state when neither party had sought this type of relief. An appellate court decision with respect to a preliminary injunction is law of the case with respect to a permanent injunction if the legal issue applied to both injunctions and was resolved in the first decision. *Int'l Union v. Michigan,* 211 Mich.App 20, 26-27; 535 NW2d 210 (1995).[3] It therefore follows that because defendants did not revise their pleadings to seek an injunction after this Court's order, the issue did not change, and the court could not enter a permanent injunction against plaintiff.

Although "a 'final judgment may grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in his or her pleadings," ' *City of Jackson v. Thompson-McCully Co, LLC,* 239 Mich.App 482, 491; 608 NW2d 531 (2000), quoting MCR 2.601(A), a court may not sua sponte amend the pleadings to add an additional claim, *City of Bronson v. American States Ins Co,* 215 Mich.App 612, 619; 546 NW2d 702 (1996). Here, the court effectively amended the pleadings by adding a counterclaim on behalf of defendants that sought to enjoin plaintiff's members from interstate travel. "While issues not raised in the pleadings may be decided if the parties consent," *id.,* plaintiff here not only did not consent, it strenuously opposed the court's consideration of the appropriateness of its interstate travel policy and procedures. Where a judgment exceeds the scope of the case, it must be vacated. *Id.* We thus vacate the portions of the trial court's judgment with respect to travel, including the portion of the judgment directing

plaintiff to adopt an ethics and conflict of interest policy addressing travel.

*2 Our disposition of plaintiff's first issue renders plaintiff's remaining issues moot. Because plaintiff has not challenged the remaining portions of the judgment, the unchallenged portions of the judgment, which remain in effect, are as follows:
1. Service as a Trustee does not preclude that individual from working for the municipality as an employee.

IT IS FURTHER ORDERED AND ADJUDGED that, other than as required by this Order and terms contained in a partial release and settlement agreement between the parties, the City retains the authority to manage individual Board members who are also members of its workforce and to require their attendance at their City position;

IT IS FURTHER ORDERED AND ADJUDGED that the remaining relief sought by Plaintiff in its Motion for Summary Disposition and its Complaint is hereby denied;

The portions of the judgment with respect to restrictions on interstate travel are vacated. We do not retain jurisdiction.

Footnotes
1 *Detroit General Retirement System Bd of Trustees v City of Detroit,* unpublished order of the Court of Appeals, entered October 1, 2003 (Docket No. 250066).
2 Plaintiff alleged in its March 21, 2003 motion for reconsideration of the trial court's denial of its motion to modify the temporary restraining order that defendant launched a media campaign against plaintiff's travel practices in response to plaintiff's filing of the instant suit. This may have been the impetus behind the trial court sua sponte raising this issue.
3 The holding in *Int'l Union v. Michigan,* 211 Mich.App 20, 26-27; 535 NW2d 210 (1995) was limited to its facts, *id.,* at 28; however, we find it persuasive here.

End of Document © 2013 Thomson Reuters. No claim to original U.S. Government Works.