UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
------------------------------------------------------x
                                        :
In re                                   :    Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              :    Case No. 13-53846
                                        :
                  Debtor.               :    Hon. Steven W. Rhodes
                                        :
                                        :
------------------------------------------------------x
```

**RESPONSE OF THE CITY OF DETROIT TO THE SUPPLEMENTAL STATEMENT IN SUPPORT OF THE MOTION OF SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC. TO (I) CONTINUE HEARING TO CONSIDER CONFIRMATION OF DEBTOR'S PLAN OF ADJUSTMENT AND (II) EXTEND RELATED DEADLINES**

The City of Detroit (the "City") hereby submits this response to the supplemental statement (Docket No. 6282) (the "Supplemental Statement") filed by Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (together, "Syncora") on this date in support of Syncora's *Motion of Syncora Guarantee Inc. and Syncora Capital Assurance to (I) Continue Hearing to Consider Confirmation of Debtor's Plan of Adjustment and (II) Extend Related Deadlines* (Docket No. 6136) (the "Motion"). For the reasons set forth herein, in the City's prior objection to the Motion (Docket No. 6145) (the "Objection") and in the *Retiree Committee's Response to Syncora's 'Supplemental Statement' in Support of its*

*Motion to Continue the Hearing and Extend Related Deadlines* (Docket No. 6286), the Court should deny the Motion.

The Supplemental Statement does not provide any basis for continuing the hearing (the "Confirmation Hearing") on confirmation of the City's plan of adjustment or otherwise extending any of the plan confirmation deadlines. First, the Supplemental Statement misstates and misrepresents certain relevant facts. Syncora asserts that it received experts reports by Stuart I. Wohl, Howard Atkinson Jr. and Kim Nicholl on July 22, 2014, which Syncora asserts was "two weeks after the deadline established by the Court." *See* Supplemental Statement at ¶ 6. Syncora's assertion that these reports were two weeks late is false: the deadlines for the filing of these expert reports were extended to July 22, 2014 by stipulation, and Syncora received notice of, and declined to object to, such stipulations. *See Order Approving the First Amended Stipulation Modifying Certain Plan Discovery and Pleading Deadlines for Certain Non-Debtor Parties* (Docket No. 5482) (June 20, 2014) (extending the deadline for the filing of expert reports by the Retiree Committee and other parties until July 22, 2014); *Order Further Modifying Certain Deadlines Approved by Corrected Order Modifying Certain Deadlines Relating to the Debtor's Plan of Adjustment* (Docket No. 5499) (June 20, 2014) (similarly extending deadlines for the UAW).

Syncora similarly mischaracterizes the amendments to the City's plan of adjustment set forth in the *Fifth Amended Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 6257) (the "Fifth Amended Plan").[1]  Syncora asserts that the Fifth Amended Plan "significantly changes the definition of 'COP Claims.'" See Supplemental Statement at ¶ 9.  The modifications to the definition of "COP Claim," however, were added to clarify, rather than modify, that definition.  Moreover, as Syncora is aware, the changes made to the definition of "COP Claim" resulted in part from disagreements as to the scope of that definition that surfaced during conversations between counsel for the City and counsel for Syncora, which disagreements ultimately resulted in Syncora's *Motion to Enforce the Solicitation Procedures Order* (Docket No. 5444) (the "Motion to Enforce").  The Motion to Enforce was filed on June 18, 2014, and the parties had been discussing these issues – including the City's interpretation of the definition of "COP Claim" for weeks prior to that filing.  Moreover, this issue was expressly addressed in the City's objection (Docket No. 5747) to the Motion to Enforce, filed on July 2, 2014.[2]  Accordingly, Syncora has been aware of the City's interpretation

---

[1]  Capitalized terms used but not defined herein have the meanings given to them in the Fifth Amended Plan.

[2]  See Objection to Motion to Enforce, at ¶ 18 ("Once Syncora raised concerns about alleged ambiguities in the Plan, counsel to the City informed Syncora that … the City would amend the Plan to provide further clarification that all of Syncora's claims relating to the COPs constitute 'COP Claims' thereunder

of the definition of "COP Claim" for nearly two months, and cannot legitimately claim that it is prejudiced by amendments that reflect that interpretation.

Syncora also notes that the Fifth Amended Plan no longer includes the possibility of a settlement of the COP Litigation. *See* Supplemental Statement at ¶ 9. The elimination of the settlement option, however, is unremarkable, and merely reflects the fact that the provisions reflecting such an option were mooted by the results of plan voting and were essentially vestigial at the time of the filing of the Fifth Amended Plan. As described in the *Declaration of Michael J. Paque Regarding the Solicitation and Tabulation of Votes on, and the Results of Voting with Respect to, Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 6179) (the "Voting Declaration"), 100% of COP Claim ballots rejected the Plan and, accordingly, rejected the settlement option. The elimination of the settlement option in the Fifth Amended Plan, therefore, has no actual impact on Syncora or any other party.

The majority of the other amendments found in the Fifth Amended Plan are designed primarily to address concerns raised by the Court at the status conference

---

(continued…)

    (to the extent that they are not Subordinated Claims in Class 16). Accordingly, to the extent any ambiguity actually existed over whether the Claim Theories that Syncora asserts give rise to claims in Class 14 under the Plan constitute 'COP Claims' – which the City disputes – Syncora is aware that such ambiguity imminently will be resolved.").

held on May 22, 2014.[3] Syncora and other parties in interest were aware that these changes were likely to occur. They suffer no prejudice as a result of such changes in the Fifth Amended Plan.

Syncora complains, as it did in the Motion, that the City "has still yet to provide many of the significant Plan-related documents described in the Continuance Motion (including, e.g., definitive documentation regarding the DIA 'Grand Bargain')." See Supplemental Statement at ¶ 10. As the City explained in its Objection, however, neither Syncora nor any other party in interest is prejudiced by the purported lack of definitive documentation because the City has already disclosed the material terms of the relevant agreements. See Objection at 2-3 (stating that Syncora has already received a detailed term sheet regarding the Grand Bargain, as well as detailed term sheets and information regarding other relevant agreements).

---

[3] For example, the Court suggested that the City shorten the deadline for filing claims objections to less than a year after the Effective Date, see Hr'g Trans. (May 22, 2014) at 104:2-5, and the City complied by reducing the one-year deadline to 180 days, see Fifth Amended Plan § I.A.57. The Court suggested that the City clarify the source of contributions to GRS, see Hr'g Trans. (May 22, 2014) at 108:18-22, and the City complied by including more specific information about such contributions, see Fifth Amended Plan § II.B.3.r.ii.A. The Court asked the City to clarify the meaning of section VII.B of the Plan, which provides the Court with jurisdiction over matters related to the maturity of collective bargaining agreements, see Hr'g Trans. (May 22, 2014) at 113:25 – 114:7, and the City made such clarification in the Fifth Amended Plan, see Fifth Amended Plan § VII.B.

In sum, the Supplemental Statement does not provide any further support for Syncora's Motion, and for the reasons set forth herein and in the Objection, the Motion should be denied and the Confirmation Hearing should begin as scheduled on August 14, 2014.

Dated: July 28, 2014  Respectfully submitted,

 /s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT

# CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing *Response of the City of Detroit to the Supplemental Statement in Support of the Motion of Syncora Guarantee Inc. and Syncora Capital Assurance Inc. to (I) Continue Hearing to Consider Confirmation of Debtor's Plan of Adjustment and (II) Extend Related Deadlines* was filed and served via the Court's electronic case filing and noticing system on this 28th day of July, 2014.

                                                      /s/ Heather Lennox