# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

    Debtor.
_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

### Order Denying Verified Motion MCR 2.003(A) for Disqualification of Recusal and Incorporated Affidavit of Magistrate Judge Steven W Rhodes, Pursuant to 28 USC 455(a), 144 or the Alternative and 372 (Dkt. #5794)

Creditors Carl Williams, Hassan Aleem, and others have filed a motion to disqualify the undersigned in this case. It is fair to say that the 20 page motion rambles and is often difficult to comprehend. In support of the requested disqualification, the movants cite a wide range of judicial actions in this case, and base their motion on a range of authorities, including 28 U.S.C. §§ 144, 372, 455, the Model Code of Judicial Conduct, the 5th, 9th, and 14th Amendments to the Constitution, Michigan Court Rule 2.003, and the Bible.

In the circumstances, the Court concludes that it is appropriate to determine this motion under 28 U.S.C. § 455, which states, "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Initially, the Court observes that much of the factual grounds cited in support of the request for disqualification are alleged errors of law, both procedural and substantive. However, such errors rarely, if ever, constitute adequate grounds for reasonably questioning the impartiality of the Court. *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings

alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal."); *see also, Williams v. Anderson*, 460 F.3d 789, 815 (6th Cir. 2006); *United States v. Beaver*, 2000 WL 491538, *5-6 (6th Cir. Apr. 20, 2000).

The motion does cite some additional grounds that should be addressed. It is asserted that the undersigned should disqualify himself because he chaired a forum on Chapter 9 in October, 2012. The Court has previously addressed this issue in its Order Denying Motion to Disqualify filed November 7, 2013. (Dkt. #1565) As noted in that order, the mere fact that a judge has spoken or written on a particular issue or area of law does not require him to recuse or disqualify himself when that issue arises in a case over which he is presiding. *See, e.g.*, *Jenkins v. McCalla Raymer, LLC*, 492 F. App'x 968, 970 (11th Cir. 2012); *United States v. Bonds*, 18 F.3d 1327, 1330-31 (6th Cir. 1994). Further, Canon 4 of the Code of Conduct for United States Judges specifically authorizes and even encourages a judge's participation in this type of educational activity. As the Court held in its previous order, "a reasonable person with knowledge of all the facts would know that I was only the moderator of the program and made no presentation at all . . . this proves nothing more than my interest in the law and in my community." Order Denying Motion to Disqualify at 5 (Dkt. #1565) Movants have asserted no new or additional facts that would lead a reasonable person to question the Court's impartiality.

It is further asserted that Detroit Emergency Manager, Kevyn Orr, "trained under" the undersigned. The motion does not provide any more specific facts in this regard, and therefore, does not establish that the impartiality of the undersigned might be reasonably questioned. *See, e.g.*, EBI-Detroit, Inc. v. City of Detroit, 279 Fed. App'x 340, 353-4 (6th Cir. 2008) (argument that judge should have recused himself under 11 U.S.C. § 455 rejected because appellant "offers

no specific facts that would evidence bias by Judge . . . ."); *Hopson v. Berry*, 2012 WL 6115395, *1 (W.D. Ky. Dec. 10, 2012) ("To demonstrate bias or prejudice, the party seeking recusal must set out specific facts demonstrating a personal bias that stems from an extrajudicial source."); *Kersh v. Borden Chemical, a Div. of Borden, Inc.*, 689 F. Supp. 1457, 1461 (E.D. Mich. 1988) (motion to disqualify denied because, *inter alia*, movant's "allegations do not meet the required standards of specificity . . . .").

It is alleged that the undersigned has a personal bias against movant Carl Williams because the Court has required that its court security officers escort him in its premises. It is true that the Court has determined that this movant's conduct has required that he be escorted in order to ensure the safety of the court's staff. However, nothing suggests that the movant's access to the court has been limited or impaired in any way. Accordingly, these circumstances do not suggest that the Court's impartiality can be reasonably questioned.

The movants further assert that the Court "handpicked" the Official Committee of Retirees. Under 11 U.S.C. § 1102, official committees are selected by the United States Trustee and that was done in this case. (Dkt. #566)

Accordingly, it is ordered that the motion is denied.

Not for publication

.

**Signed on July 31, 2014**

                                              **/s/ Steven Rhodes**
                                              **Steven Rhodes**
                                              **United States Bankruptcy Judge**