UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
City of Detroit, Michigan  
Debtor

Chapter 9  
Case No. 13-53846  
Hon. Steven W. Rhodes

_____/

## JOINDER IN MICHAEL J. KARWOSKI AND JOHN P. QUINN OBJECTIONS TO FOURTH AMENDED PLAN OF ADJUSTMENT

I am a General Retirement System retiree, a member of Class 11. I am in support and join in the Objecting Creditor Michael J. Karwoski's Objections to the Confirmation of the Fourth Amended Plan of Adjustment (Doc. 6197, 07/22/14) and John P. Quinn's Objections to the Fourth Plan of Adjustment (Doc. 5723, 07/01/14).

My additional objections are as follows: 1) the Court has treated all the GRS retirees' ASF Recoupment in a uniform manner, as opposed to having one treatment for retirees who left most or all of their balances behind with the GRS to receive a lifetime annuity payment, versus those retirees that took all of their ASF balance with them at their retirement. Those retirees that left their funds behind, including myself, left hundreds of thousands of dollars individually with the GRS, and hundreds of millions in total, which allowed the GRS to continue to earn a significant return on those dollars with no additional interest credited to retirees' individual ASF accounts after they retired. The Court, respectfully, should have treated the recoupment in 2 different ways given the fact that those retirees who took all their funds with them, thereby depriving the GRS of those funds for future lifetime earnings, interest and investment. Therefore, retirees who left

1

their funds behind dramatically and financially benefited the GRS for the retiree's and spouse's lifetimes. This fact alone should have caused the disparate treatment of the recoupment based upon whether the retiree left their funds behind, versus those who took all their funds out of the GRS at their retirement.

2) Several Court document submitted by the GRS (new) attorney Mr. VanOverbeke, contain serious errors of fact as to the nature of the ASF Contributions by active civilian employees hired many years ago. Mr. VanOverbeke's Exhibits submitted to retirees at the informational meetings in June 2014 contain statements that the employee "Contribution" were always "Voluntary", and that is why the Court has treated the GRS retirees' ASF Recoupment entirely differently than the PFRS whose "contributions" were always mandatory. The fact is that when I was hired in 1970 by the City's Office of the Auditor General, the ASF Contribution was ABSOLUTELY MANDATORY at 3% of GROSS PAY. This mandatory contribution continued until the early 1980s, approximately 1982/83 when the "mandatory" requirement was eliminated through union negotiations with Mayor Coleman A. Young when he demanded concessions from all GRS employees. The Court has, as I have been informed, apparently believing that GRS employees' contributions were always voluntary, has used this erroneous belief as a partial or influential basis in its rulings on Mr. Orr's Plan of Adjustment with respect to the entire ASF issues. Despite numerous letters to Mr. Orr and to Mr. VanOverbeke, I have never received a response acknowledging these erroneous statements in records, etc., submitted to the Court, the retirees, and the media. I believe these erroneous statements made to the Court served to create a false impression to the Court, either deliberately or accidentally, that at the very least, misled the Court as to the nature of GRS employees' and ultimately retirees' "contributions". I believe the Court should request/demand an explanation from the City's attorneys' and Mr. Orr as to how and why this misinformation was presented to the Court as fact.

3) The ASF "RECOUPMENT" CAP at 15.5% is discriminatory and disproportionately grossly unfair to those retirees, and to active employees, due to the nature of the penalty being unfairly and grossly disproportionately biased in favor of the

2

employees/retirees that have received literally the greatest/highest "excess interest earnings" who are NOT being compelled to repay the entire amount as calculated/claimed by the City, VERSUS those lower income retirees with substantially lower amounts of ASF Recoupments per the City's unproven calculations. For example, My ASF Recoupment is approximately $6,600 which must be entirely repaid for joint lifetimes estimated to be at least an additional 20 years at @ 6.75%. This means that I/WE will be repaying well in excess of $20,000 unless we ultimately qualify for inclusion in the $30,000,000 lump sum Cap. Furthermore, the entire CAP of $30,000,000 is nonsensical from a financial standpoint from even the City's perspective! Isn't the GRS much better off if the entire reported ASF Recoupment Amount of $239,000,000 were received immediately as opposed to trickling in over a period anywhere from 1 to 40+ years? The ASF Cap is ill-advised from a financial perspective both to the GRS and also to the City as a matter of financial fact. There should be no lump sum Cap whatsoever on the timing of the Recoupment, which only serves to deprive the GRS from the faster repayment of those funds at the retirees' option should they have the financial means to do so quickly without paying exorbitant 6.75% interest for their lifetimes.

My last supervisor who is still working as of this writing told me that she received literally hundreds of thousands of dollar in excess interest earnings while still working in the 2003-2013 time period, yet she is only being required to return less than $40,000 per the City's own calculations. Yet another Exhibit presented by Mr. VanOverbeke in June 2014 also dramatically illustrated this point at the informational meeting. I believe and request that the Court should consider reopening this 15.5% Cap issue as it is clearly discriminatory and prejudicial against lower annuity income retirees versus much higher annuity income retirees. There should be complete equality and absolute equity in this matter as there is neither valid distinction nor justification in the disparate treatment for the ASF Recoupment based upon the individual amounts involved. Fairness would dictate that IF in fact employees or retirees are legally required to repay "excess interest earnings credited to their individual accounts while working in the 10 year period in question, than all individuals should be required to return those

3

improper/excessive credited funds to the GRS. Equity of sacrifice should govern this matter. The current 15.5% CAP amounts to penalizing the poorer retirees while at the same time SUBSTANTIALLY Benefitting the wealthier retirees, i.e., the famous 1% controlling and benefitting the outcome at the expense of the 99%.

Therefore, I respectfully request the Court review and consider these objections in conjunction with those filed by other GRS retirees, and if possible, include my name as an objector for a possible hearing as was conducted by the Court earlier this month to hear individual's objections in open Court as the Court's final approval of the City's POA will have vast, lifetime, and in some cases devastating effects. Thank you very much, and, very respectfully submitted for the Court's consideration.

Signature: *[signature]*

Printer Name: Eric C. Heckmann, BBA, MBA, CPA

Address: 2108 S. Delano

Saint Clair, MI 48079

Phone: 810-580-1543