UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
                                                      :
In re                                                 : Chapter 9
                                                      :
CITY OF DETROIT, MICHIGAN,                            : Case No. 13-53846
                                                      :
            Debtor.                                   : Hon. Steven W. Rhodes
                                                      :
------------------------------------------------------x

**STIPULATION FOR AN ORDER REFLECTING
AMENDED TERMS OF TENTATIVE AGREEMENT
BETWEEN THE CITY OF DETROIT AND THE DETROIT POLICE
OFFICERS ASSOCIATION REGARDING PLAN OF ADJUSTMENT**

The City of Detroit (the "City") and the Detroit Police Officers Association (the "DPOA" and, together with the City, the "Parties"), by and through their respective undersigned counsel, stipulate as follows:

1. On May 5, 2014, the City filed the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it has been and may be further modified, amended or supplemented, the "Plan"). Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

2. The DPOA filed objections to the Plan and related briefing on May 16, 2014 (Docket No. 4901) (the "May 16 Objection"), May 19, 2014 (Docket No. 4938) and June 30, 2014 (Docket No. 5708) (collectively, the "DPOA Objections").

3. On May 16, 2014, the Detroit Fire Fighters Association (the "DFFA") filed objections to the Plan (Docket No. 4918) that, among other things, incorporated by reference the May 16 Objection.

4. On July 8, 2014, the Parties executed a term sheet that sets forth the terms of a settlement between the Parties resolving certain disputes arising in connection with the Chapter 9 Case and the Plan (the "Term Sheet").

5. The Term Sheet provides, among other things, that: (a) the Parties will negotiate in good faith to try to reach a signed, ratified collective bargaining agreement by July 25, 2014; and (b) the DPOA hereby withdraws the DPOA Objections, without prejudice to the ability of the DPOA to re-file the DPOA Objections if the Parties are unable to ratify a collective bargaining agreement by July 25, 2014.

6. On July 10, 2014, the Parties filed a stipulation (Docket No. 5921) (the "July 10 Stipulation") reflecting the terms of the Term Sheet.

7. The July 10 Stipulation provided as follows:

- The Parties agreed that the withdrawal of the DPOA Objections shall be without prejudice to, and does not waive, any right of the DFFA to assert any arguments that were asserted in the DPOA Objections that were previously expressly incorporated by the DFFA into the DFFA's Filed objections to the Plan.

- The Parties agreed that the DPOA is a holder of certain Other Unsecured Claims in Class 14 (the "DPOA Class 14 Claims"). With respect to the DPOA Class 14 Claims, the DPOA agreed to vote to accept the Plan, without prejudice to the ability of the

DPOA to re-file the DPOA Objections if the DPOA membership did not ratify a collective bargaining agreement by July 25, 2014.

- The Parties agreed that in the event that (a) the DPOA casts a timely Class 14 Ballot(s) to accept the Plan and (b) the DPOA membership did not ratify a collective bargaining agreement by July 25, 2014, (x) the Class 14 Ballot(s) submitted by the DPOA would not be counted for purposes of determining whether Class 14 has accepted the Plan in accordance with section 1126(c) of the Bankruptcy Code; and (y) the Claims and Balloting Agent would File, no later than August 4, 2014, a revised tabulation affidavit with respect to Class 14 reflecting the exclusion of the DPOA Class 14 Ballot(s).

8. On July 10, 2014, the Court entered an order approving the July 10 Stipulation (Docket No. 5922).

9. As of July 25, 2014, the Parties had not yet reached a signed, ratified collective bargaining agreement, but stipulated to entry of an Order Reflecting Amended Terms of Tentative Agreement between the City of Detroit and The Detroit Police Officers Association Regarding Plan of Adjustment (Docket No. 6270).

10. The Order provided as follows:

- The DPOA shall be permitted to re-file the DPOA Objections if the DPOA membership does not ratify a collective bargaining agreement by August 1, 2014.

- If the DPOA membership does not ratify a collective bargaining agreement by August 1, 2014, then (a) any Class 14 Ballot(s) that accept(s) the Plan submitted by the DPOA will not be counted for purposes of determining whether Class 14 has accepted the Plan in accordance with section 1126(c) of the

-3-
13-53846-tjt    Doc 6451    Filed 08/01/14    Entered 08/01/14 14:26:16    Page 3 of 9

Bankruptcy Code; and (b) the Claims and Balloting Agent will File, no later than August 11, 2014, a revised tabulation affidavit with respect to Class 14 reflecting the exclusion of the DPOA Class 14 Ballot(s).

- The terms of the Court's Order Reflecting Terms of Tentative Agreement Between the City of Detroit and the Detroit Police Officers Association Regarding Plan of Adjustment (Docket No. 5922) shall remain in effect except as modified by this Order.

11. As of August 1, 2014, the Parties have yet to reach a signed, ratified collective bargaining agreement. Nevertheless, the Parties continue to engage in significant and meaningful negotiations, and believe it is appropriate to extend the deadline for the Parties to reach a signed, ratified collective bargaining agreement from August 1, 2014 to August 8, 2014.

12. Accordingly, the Parties hereby request that the Court enter the proposed Order attached hereto as <u>Exhibit 1</u> reflecting the Parties' agreement.

Dated:  August 1, 2014

| | |
|---|---|
| /s/ Barbara A. Patek | /s/ Heather Lennox |
| Barbara A. Patek  (P34666)<br>ERMAN, TEICHER, ZUCKER &<br>FREEDMAN, P.C.<br>400 Galleria Officentre, Suite 444<br>Southfield, MI  48034<br>Telephone: (248) 827-4100<br>Facsimile:  (248) 827-4106<br>E-mail:  bpatek@ermanteicher.com<br><br>ATTORNEY FOR DETROIT POLICE OFFICERS ASSOCIATION | David G. Heiman (OH 0038271)<br>Heather Lennox (OH 0059649)<br>JONES DAY<br>North Point<br>901 Lakeside Avenue<br>Cleveland, Ohio  44114<br>Telephone:  (216) 586-3939<br>Facsimile:  (216) 579-0212<br>dgheiman@jonesday.com<br>hlennox@jonesday.com<br><br>Bruce Bennett (CA 105430)<br>JONES DAY<br>555 South Flower Street<br>Fiftieth Floor<br>Los Angeles, California 90071<br>Telephone:  (213) 243-2382<br>Facsimile:  (213) 243-2539<br>bbennett@jonesday.com<br><br>Jonathan S. Green (MI P33140)<br>Stephen S. LaPlante (MI P48063)<br>MILLER, CANFIELD, PADDOCK<br>  AND STONE, P.L.C.<br>150 West Jefferson<br>Suite 2500<br>Detroit, Michigan  48226<br>Telephone:  (313) 963-6420<br>Facsimile:  (313) 496-7500<br>green@millercanfield.com<br>laplante@millercanfield.com<br><br>ATTORNEYS FOR THE CITY |

**EXHIBIT 1**

```
-------------------------------------------------x
                                                 :
In re                                            : Chapter 9
                                                 :
CITY OF DETROIT, MICHIGAN,                       : Case No. 13-53846
                                                 :
                Debtor.                          : Hon. Steven W. Rhodes
                                                 :
-------------------------------------------------x
```

**ORDER REFLECTING AMENDED
TERMS OF TENTATIVE AGREEMENT BETWEEN
THE CITY OF DETROIT AND THE DETROIT POLICE
OFFICERS ASSOCIATION REGARDING PLAN OF ADJUSTMENT**

This matter came before the Court on the Stipulation for an Order Reflecting Amended Terms of Tentative Agreement Between the City of Detroit and the Detroit Police Officers Association Regarding Plan of Adjustment (the "Stipulation"),[1] filed by the City of Detroit (the "City") and the Detroit Police Officers Association (the "DPOA" and, together with the City, the "Parties"); the Court having reviewed the Stipulation; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court being fully advised in the premises;

---

[1] Capitalized terms not defined herein have the meanings given to them in the Stipulation.

IT IS HEREBY ORDERED THAT:

1. The Stipulation is APPROVED.

2. The DPOA shall be permitted to re-file the DPOA Objections if the DPOA membership does not ratify a collective bargaining agreement by August 8, 2014.

3. If the DPOA membership does not ratify a collective bargaining agreement by August 8, 2014, then (a) any Class 14 Ballot(s) that accept(s) the Plan submitted by the DPOA will not be counted for purposes of determining whether Class 14 has accepted the Plan in accordance with section 1126(c) of the Bankruptcy Code; and (b) the Claims and Balloting Agent will File, no later than August 18, 2014, a revised tabulation affidavit with respect to Class 14 reflecting the exclusion of the DPOA Class 14 Ballot(s).

4. The terms of the Court's Order Reflecting Terms of Tentative Agreement Between the City of Detroit and the Detroit Police Officers Association Regarding Plan of Adjustment (Docket No. 5922) shall remain in effect except as modified by this Order.

## CERTIFICATE OF SERVICE

  I, Heather Lennox, hereby certify that the foregoing Stipulation for an Order Reflecting Amended Terms of Tentative Agreement Between the City of Detroit and the Detroit Police Officers Association Regarding Plan of Adjustment, was filed and served via the Court's electronic case filing and noticing system on this 1st day of August, 2014.

            /s/ Heather Lennox