# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------x
                                    :
In re                               :       Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          :       Case No. 13-53846
                                    :
                        Debtor.     :       Hon. Steven W. Rhodes
                                    :
                                    :
-------------------------------------------------x
```

## ORDER, PURSUANT TO SECTIONS 363, 901 AND 1123 OF THE BANKRUPTCY CODE, (A) ESTABLISHING PROCEDURES WITH RESPECT TO THE PROPOSED ASSUMPTION AND REJECTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) APPROVING THE FORM AND MANNER OF NOTICE THEREOF

This matter coming before the Court on the Motion of the City of

Detroit, Pursuant to Sections 365, 901 and 1123 of the Bankruptcy Code, for an

Order (A) Establishing Procedures with Respect to the Proposed Assumption and

Rejection of Executory Contracts and Unexpired Leases and (B) Approving the

Form and Manner of Notice Thereof (Docket No. 6008) (the "Motion"),[1] filed by

the City of Detroit, Michigan (the "City"); the Court having reviewed the Motion;

the Court finding that (a) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

§ 157(b), (c) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, (d) notice of the Motion was sufficient under the circumstances, (e) the relief requested in the Motion and granted herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code and in the best interests of the City, its creditors and other parties in interest and (f) the Plan Contract Procedures proposed by the Motion and approved herein are reasonable under the circumstances and provide adequate notice under the Bankruptcy Code and the Bankruptcy Rules with respect to the treatment of Executory Contracts and Unexpired Leases under or in connection with the Plan; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Plan Contract Procedures contained in the attached Schedule 1 are approved in all respects.

3. The Rejection Notice (substantially in the form attached as Exhibit 6.1 to the Motion) and the Assumption Notice (substantially in the form attached as Exhibit 6.2 to the Motion) are approved in all respects.

4.      Nothing in the Plan Contract Procedures approved by this Order shall prevent the City from seeking to assume, assume and assign or reject any Executory Contract or Unexpired Lease by separate motion filed with the Court.

5.      The procedures approved by this Order are intended to supplement, but not to modify, the Plan, and this Order shall not be construed as a modification of the Plan.  To the extent that a provision of this Order or a statement made in the Motion conflict with any provision of the Plan confirmed in the City's chapter 9 case or any Confirmation Order, the terms of the Plan or Confirmation Order shall govern.  Moreover, the establishment of the Plan Contract Procedures shall not preclude the City from modifying or amending the Plan, as permitted by the Bankruptcy Code, or from seeking an order establishing additional or different procedures with respect to certain Executory Contracts or Unexpired Leases.

6.      This Order shall be effective immediately upon its entry.

## **Schedule 1**

Plan Contract Procedures

# PLAN CONTRACT PROCEDURES

The Plan Contract Procedures,[2] consisting of: (a) the Contract Rejection Procedures with respect to Executory Contract and Unexpired Leases identified for rejection pursuant to the Plan on the Plan Rejection Exhibit, and (b) the Contract Assumption Procedures with respect to Executory Contracts and Unexpired Leases identified for assumption, or assumption and assignment, under the Plan, shall be as follows:

*Contract Rejection Procedures*

    (a)   <u>Individualized Rejection Notices and Their Contents</u>. No later than five days after the entry of the order to which these Plan Contract Procedures are appended, the City shall serve (by regular U.S. mail) a written notice, in substantially in the form attached to the Motion as Exhibit 6.1 (the "<u>Rejection Notice</u>"), upon each counterparty to an Executory Contract or Unexpired Lease identified on the Plan Rejection Exhibit. The City shall serve the Rejection Notice on each counterparty at the address maintained in the City's books and records and on any counsel

---

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion of the City of Detroit, Pursuant to Sections 365, 901 and 1123 of the Bankruptcy Code, for an Order (A) Establishing Procedures with Respect to the Proposed Assumption and Rejection of Executory Contracts and Unexpired Leases and (B) Approving the Form and Manner of Notice Thereof (the "<u>Motion</u>"). References to specific sections of the Plan in these Plan Contract Procedures (a) are references to the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it may be further amended, modified or supplemented from time to time, the "<u>Plan</u>"), as filed with the United States Bankruptcy Court for the Eastern District of Michigan (the "<u>Bankruptcy Court</u>") on May 5, 2014, and (b) shall be deemed re-numbered as necessary if such specific sections are re-numbered in any amended version of the Plan filed with the Bankruptcy Court.

to the counterparty that has filed a notice of appearance in the Chapter 9 Case. The Rejection Notice shall provide the following information: (i) the Executory Contract or Unexpired Lease to be rejected, (ii) the procedures for the party to object to the rejection of the applicable Executory Contract or Unexpired Lease and (iii) the procedures and bar date for asserting a rejection damage Claim (as further described in sub-paragraph (d) below).[3] If the Plan Rejection Exhibit is amended to add Executory Contracts or Unexpired Leases to be rejected, a Rejection Notice shall be served (by regular U.S. mail) on each counterparty to any such rejected agreements no later than five days after the filing of the notice describing and effecting such amendment.

(b)     <u>Rejection Objections and Replies Thereto; Effect of Failure to Timely File a Rejection Objection</u>. Any party that wishes to object to the proposed rejection of an Executory Contract or Unexpired Lease under the Plan must file with the Bankruptcy Court and serve on counsel to the City a written objection (a "<u>Rejection Objection</u>") setting forth the basis for opposing rejection of the applicable agreement. Rejection Objections must be filed with the Bankruptcy Court and served on counsel to the City no later than 14 days after the service of the relevant Rejection Notice. The City may file a reply to a Rejection Objection (a "<u>Rejection Reply</u>") no later than ten days after the filing of such Rejection Objection. If no Rejection Objection is properly and timely filed and served with respect to an Executory Contract or Unexpired Lease, the proposed rejection of the applicable Executory Contract or Unexpired Lease shall be deemed approved in accordance with Section II.D.6 of the Plan.[4] To facilitate settlement discussions, the deadline to file a

---

[3]     To the extent that an Executory Contract or Unexpired Lease listed on the Plan Rejection Exhibit contains a "termination for convenience" provision, the City reserves the right to terminate such agreement under that provision.

[4]     Notwithstanding anything herein or the Plan, the City reserves the right to file a motion with the Court seeking an earlier rejection of any particular Executory Contract or Unexpired Lease, regardless of whether such agreement is listed on the Plan Rejection Exhibit or otherwise addressed in the Plan.

Rejection Objection or a Rejection Reply may be extended by a written agreement of the contract counterparty and the City.

(c) <u>Scheduling of Hearing on Rejection Objection</u>.   If a Rejection Objection is timely filed and served, the parties shall confer regarding the potential resolution of the Rejection Objection for at least a seven-day period after the Rejection Objection is filed. If the parties are unable to resolve the Rejection Objection during this seven-day period, either party may seek to have the dispute heard by the Bankruptcy Court by filing a hearing request with the Bankruptcy Court (a "<u>Rejection Hearing Request</u>").  A Rejection Reply filed by the City shall be deemed a Rejection Hearing Request.  Any Rejection Hearing Request shall seek a hearing on a date that is at least ten days after the date of filing of such request (which hearing may be the Confirmation Hearing).  Unless otherwise agreed by the parties or ordered by the Bankruptcy Court, the timing of the hearing on a Rejection Objection shall not impact the effective date of the proposed rejection.

(d) <u>Bar Date for Rejection Damages Claims</u>.   The Rejection Notice also shall set forth the procedures and the bar date for asserting a Rejection Damage Claim.  Consistent with Section II.D.7 of the Plan, the bar date for filing a Rejection Damage Claim shall be the later of:  (a) 45 days after the Effective Date; or (b) 45 days after such Executory Contract or Unexpired Lease is rejected pursuant to a Final Order or designated for rejection in accordance with Section II.D.3 of the Plan.[5]  Any party who fails to timely file a Rejection Damage Claim within such applicable time periods shall be forever barred from receiving a Distribution from the City on account of such Claims.

*Contract Assumption Procedures*

(a) <u>The Non-Exclusive Plan Assumption List</u>.  Subject to the City's right to amend such list, prior to the Effective Date, the City shall (i) file with the Bankruptcy Court a non-exclusive list

---

[5]  The City intends to amend the Plan to extend the deadline to file Rejection Damage Claims to 45 days.  Accordingly, the Plan Contract Procedures described herein reflect these extended deadlines.

(the "Non-Exclusive Plan Assumption List") of Executory Contracts and Unexpired Leases to be assumed pursuant to the Plan (any such agreement, an "Assumed Agreement"),[6] (ii) serve the Non-Exclusive Plan Assumption List by email upon all parties in interest receiving service via the Court's electronic case filing and noticing system and (iii) make the Non-Exclusive Plan Assumption List available for review on the Document Website. The Non-Exclusive Plan Assumption List shall not otherwise be served on parties in interest or counterparties to agreements to be assumed.

The Non-Exclusive Plan Assumption List shall provide parties in interest with the following information (where available) with respect to each Executory Contract or Unexpired Lease identified thereon: (i) the non-Debtor counterparty thereto; (ii) the proposed Cure Amount Claim required to be paid by the City pursuant to section 365(b)(1) of the Bankruptcy Code (if any); (iii) the vendor and contract numbers assigned by the City thereto; (iv) a short description thereof; (v) the City department associated therewith; and (vi) any assignee to which the City proposes to assign the applicable Executory Contract or Unexpired Lease.

(b)     Assumption of Agreements Not Identified on the Non-Exclusive Plan Assumption List. The failure to list an agreement on the Non-Exclusive Plan Assumption List shall not limit Sections II.D.1 and II.D.2 of the Plan in any way.

(c)     Individualized Assumption Notices and Their Contents. No later than five days after the Non-Exclusive Plan Assumption List is filed, the City shall serve (by regular U.S. mail) a written notice, in substantially in the form attached to the Motion as

---

[6]     The inclusion of an Assumed Agreement on the Non-Exclusive Plan Assumption List will incorporate any modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Assumed Agreement, unless such modification, amendment, supplement, restatement or other agreement is rejected pursuant to Section II.D.6 of the Plan.

Exhibit 6.2 (the "Assumption Notice"), upon each counterparty to an Executory Contract or Unexpired Lease identified on the Non-Exclusive Plan Assumption List. The City shall serve the Assumption Notice on each counterparty at the address maintained in the City's books and records and on any counsel to the counterparty that has filed a notice of appearance in the Chapter 9 Case. The Assumption Notice shall include the following information: (i) the Executory Contract or Unexpired Lease to be assumed, (ii) the proposed Cure Amount Claim required to be paid by the City pursuant to section 365(b)(1) of the Bankruptcy Code (if any), (iii) the identity of any assignee to which the City proposes to assign the applicable Executory Contract or Unexpired Lease and (iv) the procedures for the counterparty to object to the proposed assumption, assignment (if any) or Cure Amount Claim (if any) regarding the applicable Executory Contract or Unexpired Lease. If the Non-Exclusive Plan Assumption List is amended to (i) add Executory Contracts or Unexpired Leases to be assumed, (ii) modify the proposed Cure Amount Claim for an Executory Contract or Unexpired Lease or (iii) otherwise change any information related to an Executory Contract or Unexpired Lease on such list, an Assumption Notice shall be served on each counterparty to any such affected agreements no later than five days after the filing of the notice describing and effecting such amendment.

(d) <u>Assumption Objections and Replies Thereto; Effect of Failure to Timely File an Assumption Objection</u>. Any party that wishes to object to (i) the proposed assumption of an Executory Contract or Unexpired Lease pursuant to the Plan, (ii) the amount of the Cure Amount Claim identified on the Non-Exclusive Plan Assumption List or in an Assumption Notice or (iii) any assignment of an Executory Contract or Unexpired Lease must file with the Bankruptcy Court and serve on counsel to the City a written objection (an "Assumption Objection") setting forth the basis for opposing assumption or assignment of the applicable agreement or the proposed Cure Amount Claim.

(i) For Executory Contracts or Unexpired Leases identified on the Non-Exclusive Plan Assumption List, an

Assumption Objection must be filed with the Bankruptcy Court and served on counsel to the City no later than 14 days after the service of the relevant Assumption Notice.

(ii) For Executory Contracts or Unexpired Leases assumed under the Plan but not identified in the Non-Exclusive Plan Assumption List, the counterparty to such an agreement must file any Assumption Objection (including any objections relating to a Cure Amount Claim) no later than 20 days after the Effective Date of the Plan. The notice provided by the City pursuant to Section VIII.H of the Plan shall identify this filing deadline.

(iii) The City may file a reply to an Assumption Objection (an "Assumption Reply") no later than ten days after the filing of such an Assumption Objection.

If no Assumption Objection is properly and timely filed and served with respect to an Executory Contract or Unexpired Lease: (i) the proposed assumption (or assignment, if applicable) of the applicable Executory Contract or Unexpired Lease shall be deemed approved in accordance with the Plan as of the Effective Date;[7] and (ii) the Cure Amount Claim for such Executory Contract or Unexpired Lease, as identified on the Non-Exclusive Plan Assumption List, shall be deemed approved and shall be paid in accordance with the Plan, without further action of the Bankruptcy Court. To facilitate settlement discussions, the deadline to file an Assumption Objection or an Assumption Reply may be extended by a written agreement of the contract counterparty and the City.

(e) Scheduling of Hearing on Assumption Objection. If an Assumption Objection is timely filed and served, the

---

[7] Notwithstanding anything herein or the Plan, the City reserves the right to file a motion with the Court seeking an earlier assumption of any particular Executory Contract or Unexpired Lease, regardless of whether such agreement is listed on the Non-Exclusive Plan Assumption List or otherwise addressed in the Plan.

parties shall confer regarding the potential resolution of the Assumption Objection for at least a seven-day period after the Assumption Objection is filed. If the parties are unable to resolve the Assumption Objection during this seven-day period, either party may seek to have the dispute heard by the Bankruptcy Court by filing a hearing request with the Bankruptcy Court (an "Assumption Hearing Request"). An Assumption Reply filed by the City shall be deemed an Assumption Hearing Request. Any Assumption Hearing Request shall seek a hearing on a date that is at least ten days after the date of filing of such request. Unless otherwise agreed by the parties or ordered by the Bankruptcy Court, the timing of the hearing on an Assumption Objection shall not impact the effective date of the proposed assumption.

.

**Signed on August 04, 2014**

_____/s/ Steven Rhodes_____
**Steven Rhodes**
**United States Bankruptcy Judge**