**U.S. Bankruptcy Court**
**Eastern District of Michigan (Detroit)**
**Bankruptcy Petition #: 13−53846−swr**

*Date filed:* 07/18/2013

*Assigned to:* Judge Steven W. Rhodes
Chapter 9
Voluntary
No asset

| | | |
|---|---|---|
| ***Debtor In Possession*** | represented by | **Bruce Bennett** |
| **City of Detroit, Michigan** | | 555 S. Flower Street |
| 2 Woodward Avenue | | 50th Floor |
| Suite 1126 | | Los Angeles, CA 90071 |
| Detroit, MI 48226 | | (213) 489−3939 |
| WAYNE−MI | | Email: bbennett@jonesday.com |
| Tax ID / EIN: 38−6004606 | | |

**Judy B. Calton**
Honigman Miller Schwartz &Cohn LLP
2290 First National Building
Detroit, MI 48226
(313) 465−7344
Fax : (313) 465−7345
Email: jcalton@honigman.com

**Eric D. Carlson**
150 West Jefferson
Suite 2500
Detroit, MI 48226
313−496−7567
Email: carlson@millercanfield.com

**Tamar Dolcourt**
500 Woodward Ave.
Suite 2700
Detroit, MI 48226
313−234−7161
Email: tdolcourt@foley.com

**Timothy A. Fusco**
150 West Jefferson
Suite 2500
Detroit, MI 48226−4415
(313) 496−8435
Email: fusco@millercanfield.com

**Eric B. Gaabo**
1650 Frist National Building
Detroit, MI 48226
(313) 237−3052
Email: gaabe@detroitmi.gov

**Jonathan S. Green**
150 W. Jefferson
Ste. 2500

Detroit, MI 48226
(313) 963−6420
Email: green@millercanfield.com

**David Gilbert Heiman**
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586−7175
Email: dgheiman@jonesday.com

**Robert S. Hertzberg**
4000 Town Center
Suite 1800
Southfield, MI 48075−1505
248−359−7300
Fax : 248−359−7700
Email: hertzbergr@pepperlaw.com

**Deborah Kovsky−Apap**
Pepper Hamilton LLP
4000 Town Center
Suite 1800
Southfield, MI 48075
(248) 359−7300
Fax : (248) 359−7700
Email: kovskyd@pepperlaw.com

**Kay Standridge Kress**
4000 Town Center
Southfield, MI 48075−1505
(248) 359−7300
Fax : (248) 359−7700
Email: kressk@pepperlaw.com

**Stephen S. LaPlante**
150 W. Jefferson Ave.
Suite 2500
Detroit, MI 48226
(313) 496−8478
Email: laplante@millercanfield.com

**Heather Lennox**
222 East 41st Street
New York, NY 10017
212−326−3939
Email: hlennox@jonesday.com

**John A. Simon**
500 Woodward Avenue
Suite 2700
Detroit, MI 48226
(313) 234−7100
Email: jsimon@foley.com

**Marc N. Swanson**
Miller Canfield Paddock and Stone, P.L.C
150 W. Jefferson
Suite 2500
Detroit, MI 48226
(313) 496−7591
Email: swansonm@millercanfield.com

| *U.S. Trustee*<br>**Daniel M. McDermott** | represented by | **Sean M. Cowley (UST)**<br>United States Trustee<br>211 West Fort Street<br>Suite 700<br>Detroit, MI 48226<br>(313) 226−3432<br>Email: Sean.cowley@usdoj.gov |
| | | |
| | | **Richard A. Roble (UST)**<br>United States Trustee<br>211 West Fort Street<br>Suite 700<br>Detroit, MI 48226<br>(313) 226−6769<br>Email: Richard.A.Roble@usdoj.gov |
| | | |
| *Creditor Committee*<br>**Committee of Unsecured**<br>**Creditors**<br>*TERMINATED: 03/03/2014* | represented by | **Brett Howard Miller**<br>1290 Avenue of the Americas<br>40th Floor<br>New York, NY 10104<br>(212) 468−8051<br>Email: bmiller@mofo.com,whildbold@mofo.com<br>*TERMINATED: 03/03/2014* |
| | | |
| | | **Geoffrey T. Pavlic**<br>25925 Telegraph Rd.<br>Suite 203<br>Southfield, MI 48033−2518<br>(248) 352−4700<br>Fax : (248) 352−4488<br>Email: pavlic@steinbergshapiro.com<br>*TERMINATED: 03/03/2014* |
| | | |
| | | **Mark H. Shapiro**<br>25925 Telegraph Rd.<br>Suite 203<br>Southfield, MI 48033−2518<br>(248) 352−4700<br>Fax : (248) 352−4488<br>Email: shapiro@steinbergshapiro.com<br>*TERMINATED: 03/03/2014* |
| | | |
| *Creditor Committee*<br>**Charlene Hearn**<br>PO Box 6612<br>Detroit, MI 48206 | | |
| | | |
| *Retiree Committee*<br>**Official Committee of Retirees** | represented by | **Sam J. Alberts**<br>1301 K Street, NW<br>Suite 600, East Tower<br>Washington, DC 20005−3364<br>(202) 408−7004<br>Email: sam.alberts@dentons.com |
| | | |
| | | **Paula A. Hall**<br>401 S. Old Woodward Ave.<br>Suite 400<br>Birmingham, MI 48009<br>(248) 971−1800<br>Email: hall@bwst−law.com |
| | | |
| | | **Claude D. Montgomery** |

620 Fifth Avenue
New York, NY 10020
(212) 632−8390
Email: claude.montgomery@dentons.com,docketny@dentons.com

**Carole Neville**
1221 Avenue of the Americas
25th Floor
New York, NY 10020
(212) 768−6889
Email: carole.neville@dentons.com,daniel.morris@dentons.com

**Matthew Wilkins**
401 S. Old Woodward Ave.
Suite 400
Birmingham, MI 48009
(248) 971−1800
Email: wilkins@bwst−law.com

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 03/28/2014 | | 3315 | Request for Production of Documents − Notice of Subpoenas to Detroit Institute of Arts, Christie's Inc., and the State of Michigan Pursuant to Federal Rule of Civil Procedure 45(a)(4) Filed by Interested Parties Syncora Capital Assurance Inc., Syncora Guarantee Inc.. (Hackney, Stephen) (Entered: 03/28/2014) |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| | ) |
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |

## NOTICE OF SUBPOENAS TO DETROIT INSTITUTE OF ARTS, CHRISTIE'S INC., AND THE STATE OF MICHIGAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45(a)(4)

**PLEASE TAKE NOTICE** that, on the date hereof, Syncora Guarantee and Syncora Capital Assurance ("Syncora") will file and serve subpoenas *duces tecum* pursuant to Federal Rule of Civil Procedure 45, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9016, on the following parties:

1. The Detroit Institute of Arts

2. Christie's Inc.

3. The State of Michigan

Dated:  March 28, 2014

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By:  _/s/ Stephen C. Hackney_
      James H.M. Sprayregen, P.C.
      Ryan Blaine Bennett
      Stephen C. Hackney
      KIRKLAND & ELLIS LLP
      300 North LaSalle
      Chicago, Illinois 60654
      Telephone:  (312) 862-2000
      Facsimile:  (312) 862-2200

          - and -

      Stephen M. Gross
      David A. Agay
      Joshua Gadharf
      MCDONALD HOPKINS PLC
      39533 Woodward Avenue
      Bloomfield Hills, MI 48304
      Telephone:  (248) 646-5070
      Facsimile:  (248) 646-5075

      _Attorneys for Syncora Guarantee Inc. and_
      _Syncora Capital Assurance Inc._

# UNITED STATES BANKRUPTCY COURT

## Eastern District of Michigan

In re   City of Detroit, Michigan
_____
    **Debtor**

*(Complete if issued in an adversary proceeding)*

Case No.   13-53846

Chapter   9

_____
    **Plaintiff**
        v.
_____
    **Defendant**

Adv. Proc. No.   _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Robert E. Bowen, Detroit Institute of Arts, 5200 Woodward Avenue, Detroit, MI 48202
_____
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| McDonald Hopkins PLC<br>39533 Woodward Avenue, Suite 318<br>Bloomfield Hills, MI 48304 | April 25, 2014 at 5:00 p.m. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 28, 2014

CLERK OF COURT

_____            OR            _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Interested Party Syncora et al._____ , who issues or requests this subpoena, are:

Stephen C. Hackney, 300 N. LaSalle, Chicago, IL 60654  (312) 862-2000  stephen.hackney@kirkland.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any):* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## INSTRUCTIONS

1.    Production shall be made as the records are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this request.

2.    If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully in writing the reasons that the documents are unavailable.

3.    If any document cannot be produced in full, it shall be produced to the maximum extent possible and DIA Corp. shall specify in writing the reasons for its inability to produce the remainder.

4.    If any documents are available but are not produced because of an objection, including an objection based on privilege, identify such documents with particularity as to date, subject matter and the nature of the objection or privilege claim.

5.    If documents called for are not available to you because they are in the custody or in control of a third person, identify such documents and the third person in whose possession or control said documents are to be found.

KE 30619779.3

6.     Produce original documents whenever such documents are available to you.

7.     Produce all documents available by virtue of being in possession of your attorneys or other agents.

8.     In accordance with Fed. R. Bankr. P. 7026, where a claim of privilege is asserted in objecting to any Document Request or part thereof, the responding party shall, in the objection, identify (a) the nature of the privilege that is being claimed; (b) the type of document; (c) the general subject matter of the document; (d) the date of the document; and (e) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

9.     The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all."  "Any" means "any and all."  "Including" means "including but not limited to."  "And" and "or" encompasses both "and" and "or."  Words in the masculine, feminine or neuter shall include each of the other genders.

KE 30619779.3

10. Unless otherwise stated, the time period applicable to the documents called for is January 1, 1883, through the date of this document request, subject to the City's ongoing obligation to supplement its responses under the applicable rules.

## **DEFINITIONS**

As used in these Document Requests, the following terms are to be interpreted in accordance with these definitions:

1. The term "Attorney General" refers to the Attorney General of the State of Michigan, as well as the departments, officials, agents, affiliates, attorneys, advisors, professionals, and representatives employed by the Attorney General's office and all other persons acting or purporting to act on the Attorney General's behalf.

2. The term "City" shall mean the City of Detroit, Michigan, as well as any of its past or present divisions, departments, commissions, officials, trustees, agents, affiliates, employees, attorneys, professionals, advisors, representatives, and all other persons acting or purporting to act on their behalf, including Kevyn D. Orr acting as Emergency Manager and any successors.

KE 30619779.3

3.      The term "Christie's" shall mean Christie's Appraisals, Inc., and all affiliates or subsidiaries thereof, as well as any of its past or present offices, wherever located.

4.      The term "Christie's Valuation" means the appraisal, letter, and fair market value report conducted and issued by Christie's Appraisals, Inc. for the City of Detroit, on or about December 17, 2013, as amended, supplemented, or modified, and including any draft letters and reports.

5.      The term "Collection" shall mean the collection of over 60,000 works of art displayed or stored at the Detroit Institute of Arts museum located at 5200 Woodward Avenue, Detroit, Michigan 48202, and on-site and off-site storage facilities.

6.      "Concerning" means relating to, referring to, describing, evidencing, reflecting, embodying, or constituting.

7.      The term "DGRS" refers to the Detroit General Retirement System.

8.      The term "DIA Corp." means The Detroit Institute of Arts, a nonprofit corporation organized under the laws of the State of Michigan and any and all of its predecessors.

4

9.     The term "DIA Settlement" refers to the settlement regarding the DIA Assets, as those terms are defined in the City of Detroit's Plan of Adjustment [Doc. No. 2708].

10.    The term "DMA" means the Detroit Museum of Art.

11.    The term "DPFRS" refers to the Detroit Police and Fire Retirement System.

12.    The term "Documents" and "Document" have the same full meaning as in Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure and include the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including without limitation hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out,

KE 30619779.3

computer tape and notes of meetings, conferences, conversations or telephone conversations and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in your custody, possession, or control.

13.    The term "Foundations" refers to any entity that is a contributing party to the DIA Settlement, other than the City of Detroit or State of Michigan.

14.    The term "Plan" means the City's filed Plan of Adjustment [Doc. No. 2708].

15.    The terms "relate," "relate to," "relating to," and/or "refer," with respect to any given subject mean anything that concerns, constitutes, contains, compromises, consists of, discloses, describes, discusses, explains, evidences, embodies, reflects, identifies, states, summarizes, refers to, pertains to, deals with, implies or authorizes directly or indirectly, or is in any manner whatsoever pertinent to that subject.

16.    The term "State" means the State of Michigan.

17.    "You" or "Your" mean the parties to whom this request is directed, and shall include anyone acting on behalf of those parties, over whom the parties

have control, or which is, or may be subrogated to the parties' interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

### **Document Requests**

1.    All inventories created in the last five years of the objects and works of art in the Collection.

2.    Documents sufficient to identify what objects and works of art in the Collection are currently (a) being displayed or exhibited, and (b) not being displayed or exhibited (*i.e.*, are in storage).

3.    All documents and communications relating to the conveyance of all DMA assets from the DMA to the City in 1919, including, but not limited to, contracts, deeds, and other DMA records.

4.    Provenance listings for every object and work of art in the Collection.

5.    All documents relating to any restrictions on the objects or works of art in the Collection, including, but limited to, restrictions on exhibition, storage, conservation, deaccession, sale, exchange, or loan.

7

6.    Documents sufficient to identify any object or work of art in the Collection that was commissioned by DIA Corp., the Founders Society, or the City.

7.    All documents and communications that relate to the deaccession, sale, exchange, auction, or disposal of any object or work of art by DIA Corp., the Founders Society, or the City.

8.    All documents and communications provided to the Internal Revenue Service that relate to the deaccession, auction, sale, exchange, loan, or other disposition of any objects or works of art by DIA Corp., the Founders Society, or the City, including, but not limited to, any IRS Forms 8282.

9.    All documents, communications, and notifications sent to any donor or settlor that relate to the deaccession, sale, auction, exchange, or disposal of any objects or works of art by DIA Corp., the Founders Society, or the City.

10.    All documents, communications, and notifications sent to or received from the Attorney General that relate to the deaccession, sale, auction, exchange, or disposal of any objects or works of art by DIA Corp., the Founder Society, or the City.

KI: 30619779.3

11. All organizational, operational, or governing documents and agreements of DIA Corp.

12. The 1997 Operating Agreement.

13. The Collections Management Policy.

14. All documents and communications relating to the procedures of DIA Corp., the Founders Society, or the City for accepting or rejecting restricted donations, gifts, and bequests of objects or works of art or funds.

15. All documents and communications relating to the procedures for the deaccession, auction, exchange, sale, loan, or other disposition of any object or work of art held or owned by the DIA Corp., the Founders Society, or the City that is subject to restrictions on deaccession, auction, exchange, sale, loan, or other form of alienation.

16. Documents sufficient to show the attendance at DIA Corp. on a yearly and monthly basis.

17. Documents sufficient to show the attendance at special exhibits or demonstrations held by DIA Corp.

18. All visitor surveys, participation surveys, audience surveys, population surveys, or visit surveys relating to DIA Corp.

9

KE 30619779.3

19.　Documents sufficient to show the enrollment and attendance records in any education program held at DIA Corp.

20.　Documents sufficient to show attendance at DIA Corp. for special events, including, but not limited to, private events, lectures and other speaking engagements, weddings, fundraisers, book discussions, and musical performances.

21.　Documents sufficient to show all of the past and present members of DIA Corp.

22.　All attendance, registration, and reservation records for DIA Corp.'s "Macomb County Day," held March 15, 2014, "Oakland County Day," to be held on March 29, 2014, and "Wayne County Day," to be held on April 5, 2014.

23.　All annually prepared financial statements, whether audited or unaudited, for DIA Corp.

24.　Every federal tax return filed by the DIA Corp.

25.　All documents relating to the Christie's Valuation.

26.　All external and internal communications relating to the Christie's Valuation, including, but not limited to, communications with the City, Christie's, the Foundations, or the Attorney General.

KE 30619779.3

27. All past and current insurance policies that relate to the Collection, including, but not limited to, all insurance policies obtained by DIA Corp. pursuant to sections F(15)(a) and (b) of the 1997 Operating Agreement.

28. Documents sufficient to identify any object or work of art in the Collection that has been appraised or valued for more than $1 million for any purpose, including, but not limited to, insurance, deaccession, sale, or other disposition.

29. All valuations or appraisals of any object or work of art in the Collection.

30. All documents and communications relating to Attorney General Opinion No. 7272.

31. All documents and communications relating to the registration of any object or work of art in the Collection, or any object or work of art previously owned or held by DIA Corp., the City, or the Founders Society, as a charitable trust.

32. All documents and communications that relate to the registry of DIA Corp. as a charitable trust on the Attorney General's registry of charitable trusts.

11

KF 30619779.3

33.     Any and all petitions or other court filings that relate to the deaccession, sale, auction, exchange, loan or other disposition of any object or work of art in the Collection or that was previously owned or held by DIA Corp., the City, or the Founders Society.

34.     All documents and communications relating to the DIA Settlement, including, but limited to, communications with the City, the Foundations, DGRS and PFRS, the State, and the Community Foundation for Southeast Michigan.

35.     All documents and communications relating to the transfer of the Collection to DIA Corp. pursuant to the DIA Settlement.

KE 30619779.3

# UNITED STATES BANKRUPTCY COURT

Eastern District of Michigan

In re   City of Detroit, Michigan

_____
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __13-53846_____

Chapter __9_____

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Christie's Inc., DOS Process, C/O Registered Agent Solutions, Inc., 99 Washington Avenue, Suite 1008, Albany, New York 12260
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Exhibit A

| PLACE | Kirkland & Ellis LLP<br>300 N. LaSalle<br>Chicago, IL 60654 | DATE AND TIME<br>April, 25, 2014 at 5:00 p.m. |
|-------|------|------|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|-------|---------------|
|       |               |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: March 28, 2014

CLERK OF COURT

_____          OR          _____
*Signature of Clerk or Deputy Clerk*                            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Interested Party Syncora et al._____ , who issues or requests this subpoena, are:

Stephen C. Hackney, 300 N. LaSalle, Chicago, IL 60654  (312) 862-2000  stephen.hackney@kirkland.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS

1.      Production shall be made as the records are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this request.

2.      If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully in writing the reasons that the documents are unavailable.

3.      If any document cannot be produced in full, it shall be produced to the maximum extent possible and Christie's Appraisals, Inc. shall specify in writing the reasons for its inability to produce the remainder.

4.      If any documents are available but are not produced because of an objection, including an objection based on privilege, identify such documents with particularity as to date, subject matter and the nature of the objection or privilege claim.

5.      If documents called for are not available to you because they are in the custody or in control of a third person, identify such documents and the third person in whose possession or control said documents are to be found.

6.    Produce original documents whenever such documents are available to you.

7.    Produce all documents available by virtue of being in possession of your attorneys or other agents.

8.    In accordance with Fed. R. Bankr. P. 7026, where a claim of privilege is asserted in objecting to any Document Request or part thereof, and production is not provided on the basis of such assertion the responding party shall, in the objection, identify (a) the nature of the privilege that is being claimed; (b) the type of document; (c) the general subject matter of the document; (d) the date of the document; and (e) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

9.    The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all." "Any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompasses both "and" and "or." Words in the masculine, feminine or neuter shall include each of the other genders.

KE 30619642.3

10.    Unless otherwise stated, the time period for these requests is January 1, 2004 to the present.

## DEFINITIONS

As used in these document requests, the following terms are to be interpreted in accordance with these definitions:

1.    The term "Attorney General" refers to the Attorney General of the State of Michigan, as well as the departments, officials, agents, affiliates, attorneys, advisors, professionals, and representatives employed by the Attorney General's office and all other persons acting or purporting to act on the Attorney General's behalf.

2.    The term "City" shall mean the City of Detroit, Michigan, as well as any of its past or present divisions, departments, officials, trustees, agents, affiliates, employees, attorneys, professionals, representatives, advisors, and all other persons acting or purporting to act on their behalf, including Kevyn D. Orr acting as Emergency Manager and any successors.

3.    The term "Christie's" shall mean Christie's Appraisals, Inc., and all affiliates or subsidiaries thereof, as well as any of its past or present offices, wherever located.

3

4. The term "Christie's Valuation" means the appraisal, letter, and fair market value report conducted and issued by Christie's Appraisals, Inc. for the City of Detroit, on or about December 17, 2013, as amended, supplemented, or modified, and including any draft letters and reports.

5. The term "Collection" shall mean the collection of over 60,000 works of art displayed or stored at the Detroit Institute of Arts museum located at 5200 Woodward Avenue, Detroit, Michigan 48202, and on-site and off-site storage facilities.

6. "Concerning" means relating to, referring to, describing, evidencing, reflecting, embodying, or constituting.

7. The term "DIA Corp." means The Detroit Institute of Arts, a nonprofit corporation organized under the laws of the State of Michigan and any and all of its predecessors.

8. The term "DIA Settlement" refers to the settlement relating to the DIA Assets, as those terms are defined in the City of Detroit's Plan of Adjustment [Doc. No. 2708].

9. The term "Documents" and "Document" have the same full meaning as in Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal

4

Rules of Bankruptcy Procedure and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including without limitation hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape and notes of meetings, conferences, conversations or telephone conversations and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in your custody, possession, or control.

10. The term "Plan" means the City's filed Plan of Adjustment [Doc. No. 2708].

KE 30619642.3

11.     The terms "relate," "relate to," "relating to," and/or "refer," with respect to any given subject mean anything that concerns, constitutes, contains, compromises, consists of, discloses, describes, discusses, explains, evidences, embodies, reflects, identifies, states, summarizes, refers to, pertains to, deals with, implies or authorizes directly or indirectly, or is in any manner whatsoever pertinent to that subject.

12.     The term "State" refers to the State of Michigan.

13.     "You" or "Your" mean the parties to whom this request is directed, and shall include anyone acting on behalf of those parties, over whom the parties have control, or which is, or may be subrogated to the parties' interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

### Document Requests

1.     All documents and communications relating to the Christie's Valuation, including, but not limited to, any drafts, analyses, reports, and other materials relied upon or considering when drafting the Christie's Valuation.

2.     All external and internal communications relating to the Christie's Valuation, including, but not limited to, external communications with the City,

DIA Corp., the Foundations, or the Attorney General relating to the Christie's Valuation.

3.      All documents, communications, reports, letters, and other materials that relate to any appraisal or valuation by You of any object or work of art that is (a) currently in the Collection or (b) was previously owned or held by DIA Corp.

4.      All documents and communications relating to any actual or potential deaccession, auction, public or private sale, or other disposition of any object or work of art that is (a) currently in the Collection or (b) was previously owned or held by DIA Corp.

5.      All documents and communications that relate to the DIA Settlement.

KE 30619642.3

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Michigan

In re   City of Detroit, Michigan
_____
                Debtor

Case No. __13-53846_____

*(Complete if issued in an adversary proceeding)*

Chapter __9_____

_____
                Plaintiff
                v.

Adv. Proc. No. _____

_____
                Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Michigan Department of Attorney General, Attn: Bill Schuette, Cadillac Place, 10th Floor, 3030 W. Grand Blvd., Suite 10-200, Detroit, MI 48202
                *(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Exhibit A

| PLACE   McDonald Hopkins PLC 39533 Woodward Avenue, Suite 318 Bloomfield Hills, MI 48304 | DATE AND TIME   April 25, 2014 at 5:00 p.m. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __March 28, 2014__

        CLERK OF COURT

                                        OR   _____
        _____                *Attorney's signature*
        *Signature of Clerk or Deputy Clerk*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Interested Party Syncora et al._____ , who issues or requests this subpoena are:

Stephen C. Hackney, 300 N. LaSalle, Chicago, IL 60654   (312) 862-2000   stephen.hackney@kirkland.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
                                  *Server's signature*

_____
                                  *Printed name and title*

_____
                                  *Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A

## INSTRUCTIONS

1.      Production shall be made as the records are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this request.

2.      If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully in writing the reasons that the documents are unavailable.

3.      If any document cannot be produced in full, it shall be produced to the maximum extent possible and the City shall specify in writing the reasons for its inability to produce the remainder.

4.      If any documents are available but are not produced because of an objection, including an objection based on privilege, identify such documents with particularity as to date, subject matter and the nature of the objection or privilege claim.

5.      If documents called for are not available to you because they are in the custody or in control of a third person, identify such documents and the third person in whose possession or control said documents are to be found.

6.     Produce original documents whenever such documents are available to you.

7.     Produce all documents available by virtue of being in possession of your attorneys or other agents.

8.     In accordance with Fed. R. Bankr. P. 7026, where a claim of privilege is asserted in objecting to any Document Request or part thereof, and production is not provided on the basis of such as the responding party shall, in the objection, identify (a) the nature of the privilege that is being claimed; (b) the type of document; (c) the general subject matter of the document; (d) the date of the document; and (e) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

9.     The present tense includes the past and future tenses.  The singular includes the plural, and the plural includes the singular.  "All" means "any and all." "Any" means "any and all."  "Including" means "including but not limited to." "And" and "or" encompasses both "and" and "or."  Words in the masculine, feminine or neuter shall include each of the other genders.

KE 30619816.2

10. Unless otherwise stated, the time period for these requests is January 2004 to the present.

## DEFINITIONS

As used in these document requests, the following terms are to be interpreted in accordance with these definitions:

1. The term "City" shall mean the City of Detroit, Michigan, as well as any of its past or present divisions, such as, but without limitation, departments, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, advisors, representatives, and all other persons acting or purporting to act on their behalf, including Kevyn D. Orr acting as Emergency Manager and any successors.

2. The term "State" shall mean the State of Michigan, as well as any of its past or present divisions, such as, but without limitation, departments, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, advisors, representatives, and all other persons acting or purporting to act on their behalf.

3. "Concerning" means relating to, referring to, describing, evidencing, reflecting, embodying, or constituting.

KE 30619816.2

4.   The term "DIA Corp." or "Detroit Institute of Arts" shall mean The Detroit Institute of Arts, a nonprofit corporation organized under the laws of the State of Michigan and any and all of its predecessors.

5.   The term "Documents" and "Document" have the same full meaning as in Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure and includes the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including without limitation hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape and notes of meetings, conferences, conversations or telephone conversations and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced

4

or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in your custody, possession, or control.

6.      "You" or "Your" mean the parties to whom this request is directed, and shall include anyone acting on behalf of those parties, over whom the parties have control, or which is, or may be subrogated to the parties' interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

7.      The term "Plan" means the City's filed Plan of Adjustment [Doc. No. 2708].

8.      The term "Foundations" refers to any entity that is a contributing party to the DIA Settlement.

## Document Requests

1.      All documents and communications relating to Attorney General's Opinion No. 7272.

2.      All documents and communications regarding the Plan GRS and Plan PFRS Settlements, as those terms are defined in the Plan, including, but not limited to, documents and communications relating to (a) the funds that the states

KE 30619816.2

anticipates using or appropriating for the Plan GRS and Plan PFRS Settlements; and (b) the negotiation of the Plan GRS and Plan PFRS Settlements.

3.  All documents created between January 1, 2005 and the present relating to the City's revenue-sharing arrangements with the State of Michigan.

4.  All communications between the City and the State of Michigan regarding State-funding, -taxation, or -revenue-sharing for the time period January 1, 2005 to the present.

5.  All documents relating to funding received by the City from the State of Michigan for any purpose from the time period January 1, 2005 to the present.

6.  All documents and communications relating to any federal, state, or private money that the City of Detroit either (a) has received since January 1, 2010 or (b) expects to receive.

KE 30619816.2