## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
------------------------------------------------------x
                                          :
In re                                     : Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                : Case No. 13-53846
                                          :
                          Debtor.         : Hon. Steven W. Rhodes
                                          :
------------------------------------------------------x
```

## STIPULATION FOR AN ORDER REFLECTING
## AMENDED TERMS OF TENTATIVE AGREEMENT
## BETWEEN THE CITY OF DETROIT AND THE DETROIT POLICE
## OFFICERS ASSOCIATION REGARDING PLAN OF ADJUSTMENT

The City of Detroit (the "City") and the Detroit Police Officers Association (the "DPOA" and, together with the City, the "Parties"), by and through their respective undersigned counsel, stipulate as follows:

1.     On May 5, 2014, the City filed the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 4392) (as it has been and may be further modified, amended or supplemented, the "Plan").  Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

2.     The DPOA filed objections to the Plan and related briefing on May 16, 2014 (Docket No. 4901) (the "May 16 Objection"), May 19, 2014 (Docket No. 4938) and June 30, 2014 (Docket No. 5708) (collectively, the "DPOA Objections").

3.      On May 16, 2014, the Detroit Fire Fighters Association

(the "DFFA") filed objections to the Plan (Docket No. 4918) that, among other

things, incorporated by reference the May 16 Objection.

4.      On July 8, 2014, the Parties executed a term sheet that sets forth

the terms of a settlement between the Parties resolving certain disputes arising in

connection with the Chapter 9 Case and the Plan (the "Term Sheet").

5.      The Term Sheet provides, among other things, that:  (a) the

Parties will negotiate in good faith to try to reach a signed, ratified collective

bargaining agreement by July 25, 2014; and (b) the DPOA hereby withdraws the

DPOA Objections, without prejudice to the ability of the DPOA to re-file the

DPOA Objections if the Parties are unable to ratify a collective bargaining

agreement by July 25, 2014.

6.      On July 10, 2014, the Parties filed a stipulation (Docket

No. 5921) (the "July 10 Stipulation") reflecting the terms of the Term Sheet.

7.      The July 10 Stipulation provided as follows:

- The Parties agreed that the withdrawal of the DPOA Objections shall be without prejudice to, and does not waive, any right of the DFFA to assert any arguments that were asserted in the DPOA Objections that were previously expressly incorporated by the DFFA into the DFFA's Filed objections to the Plan.

- The Parties agreed that the DPOA is a holder of certain Other Unsecured Claims in Class 14 (the "DPOA Class 14 Claims"). With respect to the DPOA Class 14 Claims, the DPOA agreed to vote to accept the Plan, without prejudice to the ability of the

DPOA to re-file the DPOA Objections if the DPOA membership did not ratify a collective bargaining agreement by July 25, 2014.

- The Parties agreed that in the event that (a) the DPOA casts a timely Class 14 Ballot(s) to accept the Plan and (b) the DPOA membership did not ratify a collective bargaining agreement by July 25, 2014, (x) the Class 14 Ballot(s) submitted by the DPOA would not be counted for purposes of determining whether Class 14 has accepted the Plan in accordance with section 1126(c) of the Bankruptcy Code; and (y) the Claims and Balloting Agent would File, no later than August 4, 2014, a revised tabulation affidavit with respect to Class 14 reflecting the exclusion of the DPOA Class 14 Ballot(s).

8. On July 10, 2014, the Court entered an order approving the July 10 Stipulation (Docket No. 5922).

9. As of July 25, 2014, the Parties had not yet reached a signed, ratified collective bargaining agreement, but stipulated to entry of an Order Reflecting Amended Terms of Tentative Agreement between the City of Detroit and The Detroit Police Officers Association Regarding Plan of Adjustment (Docket No. 6270).

10. The Order provided as follows:

- The DPOA shall be permitted to re-file the DPOA Objections if the DPOA membership does not ratify a collective bargaining agreement by August 1, 2014.

- If the DPOA membership does not ratify a collective bargaining agreement by August 1, 2014, then (a) any Class 14 Ballot(s) that accept(s) the Plan submitted by the DPOA will not be counted for purposes of determining whether Class 14 has accepted the Plan in accordance with section 1126(c) of the

Bankruptcy Code; and (b) the Claims and Balloting Agent will File, no later than August 11, 2014, a revised tabulation affidavit with respect to Class 14 reflecting the exclusion of the DPOA Class 14 Ballot(s).

- The terms of the Court's Order Reflecting Terms of Tentative Agreement Between the City of Detroit and the Detroit Police Officers Association Regarding Plan of Adjustment (Docket No. 5922) shall remain in effect except as modified by this Order.

11. On July 29, 2014, the City filed its Corrected Fifth Amended Plan of Adjustment of Debts of the City of Detroit (Docket No. 6379).

12. As of August 1, 2014, the Parties had not yet reached a signed, ratified collective bargaining agreement, and they therefore stipulated to entry of a second Order Reflecting Amended Terms of Tentative Agreement between the City of Detroit and The Detroit Police Officers Association Regarding Plan of Adjustment, which among other things, extended the deadline for the Parties to reach a signed, ratified collective bargaining agreement from August 1, 2014 to August 8, 2014 (Docket No. 6455).

13. As of August 8, 2014, the Parties have yet to reach a signed, ratified collective bargaining agreement. Nevertheless, the Parties continue to engage in significant and meaningful negotiations, and believe it is appropriate to extend the deadline for the Parties to reach a signed, ratified collective bargaining agreement from August 8, 2014 to August 15, 2014.

14.     Accordingly, the Parties hereby request that the Court enter the

proposed Order attached hereto as Exhibit 1 reflecting the Parties' agreement.

Dated:  August 8, 2014

/s/  Barbara A. Patek
Barbara A. Patek  (P34666)
ERMAN, TEICHER, ZUCKER &
FREEDMAN, P.C.
400 Galleria Officentre, Suite 444
Southfield, MI  48034
Telephone:  (248) 827-4100
Facsimile:  (248) 827-4106
E-mail:  bpatek@ermanteicher.com

ATTORNEY FOR DETROIT POLICE
OFFICERS ASSOCIATION

/s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK
   AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

------------------------------------------------------x
                        :

In re                      : Chapter 9
                        :

CITY OF DETROIT, MICHIGAN,  : Case No. 13-53846
                        :

             Debtor.    : Hon. Steven W. Rhodes
                        :

------------------------------------------------------x

### ORDER REFLECTING AMENDED
### TERMS OF TENTATIVE AGREEMENT BETWEEN
### THE CITY OF DETROIT AND THE DETROIT POLICE
### OFFICERS ASSOCIATION REGARDING PLAN OF ADJUSTMENT

This matter came before the Court on the Stipulation for an Order Reflecting Amended Terms of Tentative Agreement Between the City of Detroit and the Detroit Police Officers Association Regarding Plan of Adjustment (the "Stipulation"),[1] filed by the City of Detroit (the "City") and the Detroit Police Officers Association (the "DPOA" and, together with the City, the "Parties"); the Court having reviewed the Stipulation; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court being fully advised in the premises;

---

[1]      Capitalized terms not defined herein have the meanings given to them in the Stipulation.

IT IS HEREBY ORDERED THAT:

1.     The Stipulation is APPROVED.

2.     The DPOA shall be permitted to re-file the DPOA Objections if the DPOA membership does not ratify a collective bargaining agreement by August 15, 2014.

3.     If the DPOA membership does not ratify a collective bargaining agreement by August 15, 2014, then (a) any Class 14 Ballot(s) that accept(s) the Plan submitted by the DPOA will not be counted for purposes of determining whether Class 14 has accepted the Plan in accordance with section 1126(c) of the Bankruptcy Code; and (b) the Claims and Balloting Agent will File, no later than August 25, 2014, a revised tabulation affidavit with respect to Class 14 reflecting the exclusion of the DPOA Class 14 Ballot(s).

4.     The terms of the Court's Order Reflecting Terms of Tentative Agreement Between the City of Detroit and the Detroit Police Officers Association Regarding Plan of Adjustment (Docket No. 5922) shall remain in effect except as modified by this Order.

# CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Stipulation for an Order Reflecting Amended Terms of Tentative Agreement Between the City of Detroit and the Detroit Police Officers Association Regarding Plan of Adjustment, was filed and served via the Court's electronic case filing and noticing system on this 8th day of August, 2014.

/s/  Heather Lennox