UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case Number 13-53846 |
| City of Detroit, Michigan, | : | Honorable Steven W. Rhodes |
| Debtor. | : | Chapter 9 |
| _____ | : | |

**DEBTOR'S COMBINED LIMITED OBJECTION AND BRIEF IN OPPOSITION TO PETITIONER CYNTHIA A. BIBB'S MOTION FOR DETERMINATION THAT THE BANKRUPTCY STAY DOES NOT APPLY TO HER LITIGATION AGAINST THE BOARD OF TRUSTEES OF THE CITY OF DETROIT GENERAL RETIREMENT SYSTEM**

The City of Detroit (the "City"), by its undersigned counsel, files this combined limited objection and brief in opposition ("Objection") to Petitioner Cynthia A. Bibb's ("Ms. Bibb") Motion for Determination that the Bankruptcy Stay Does Not Apply to Her Litigation Against the Board of Trustee of the City of Detroit General Retirement System ("Motion") (Doc. No. 6259), respectfully stating as follows:

I. **INTRODUCTION**

The City agreed that it would not object to the continuation of Ms. Bibb's state court suit against the Board of Trustees of the City of Detroit General Retirement System provided that (1) any pension benefit or other award she obtains in her state court suit would be subject to, and treated in accordance with, the City's plan of adjustment; (2) the automatic stay would continue to apply to the

City and it would be dismissed as a defendant from her lawsuit; and (3) she would dismiss her claim for declaratory relief on behalf of "all similarly-situated" parties. Although the City believes that this proposal is consistent with the assertions and requests in the Motion, Ms. Bibb has not responded.

## II. BACKGROUND

Ms. Bibb alleges that in 2010 she requested retirement benefits from the General Retirement System of the City of Detroit ("GRS"). Complaint ¶ 18.[1] By letter dated October 12, 2010, the GRS informed Ms. Bibb that she was not eligible for retirement benefits from the City under the applicable provisions of the GRS. Ms. Bibb worked for the City for approximately 10 years and voluntarily left her employment at age 31 or 32 in 1980.

On or about April 23, 2013, Bibb filed a complaint in Wayne County Circuit Court ("Lawsuit") against the City and the Board of Trustees of the City of Detroit General Retirement System, jointly and severally, generally alleging that the GRS wrongfully denied her vested pension benefits. *See* Complaint. She sought both declaratory relief and a judgment against the City and the GRS in the amount of $180,000. Complaint at 4-5. It is unclear if the $180,000 is in addition to the pension benefit she seeks. The City and the GRS filed a joint answer denying that Ms. Bibb was entitled to the relief sought because, among other reasons, she was

---

[1] The Complaint was attached as Exhibit 6A to the Motion. (Doc. No. 6259-1).

not a vested member of the GRS at the time of her separation from employment with the City.

On July 25, 2014, Ms. Bibb filed the Motion. The Motion does not appear to seek relief from the automatic stay to continue her claims against the City but instead requests an order that the automatic stay does not apply to her claims against the GRS. Motion ¶ 6. Ms. Bibb recognized in her supporting brief that if she were successful in the Lawsuit, "[a]ny bankruptcy plan or order that alters benefit levels will impact Bibb the same as all other City retirees." Brief at p. 8 of 14. This does not address the request for a cash award.

### III.    ARGUMENT

Pursuant to section 47-1-2 of the Detroit City Code, the GRS was established, effective July 1, 1938, for the purpose of providing retirement and survivor benefits for eligible City employees and their beneficiaries. The Board of Trustee of the GRS is vested with the "general administration, management and responsibility for the proper operation of the System." Detroit City Code § 47-1-3. This includes making determinations with respect to eligibility for pension benefits. Here, the Board of Trustees of the GRS determined that Ms. Bibb was not eligible to receive retirement benefits and that this denial was consistent with the provisions of the GRS applicable to her. Although the City agrees with this conclusion and adamantly denies that Ms. Bibb's claims have any merit, it does not

wish to deny Ms. Bibb judicial review of this determination. The City, however, wishes to confirm its removal from this process by its dismissal from the case and to confirm that if the determination is found to be inaccurate, that any benefit or cash awarded to Ms. Bibb will be treated in accordance with its plan of adjustment. For these reasons, the City offered to stipulate to the relief sought with these caveats. The offer was not accepted and hence the need for this limited objection.

## IV. CONCLUSION

The City thus respectfully requests that the Motion be denied or, alternatively, that Ms. Bibb be allowed to continue her lawsuit against the Board of Trustees of the GRS provided that (1) any pension benefit or other award she obtains in her state court suit would be subject to, and treated in accordance with, the City's plan of adjustment; (2) the automatic stay would continue to apply to the City and it would be dismissed as a defendant from her lawsuit; and (3) she would dismiss her claim for declaratory relief on behalf of "all similarly-situated" parties.

August 8, 2014                    Respectfully submitted,

By: /s/Timothy A. Fusco
Timothy A. Fusco (P13768)
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)

JONES DAY

North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)

JONES DAY

555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | : Bankruptcy Case Number 13-53846 |
| City of Detroit, Michigan, | : Honorable Steven W. Rhodes |
| Debtor. | : Chapter 9 |
| _____ | : |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 8, 2014, he caused true and correct copies of *Debtor's Combined Limited Objection and Brief in Opposition to Petitioner Cynthia A. Bibb's Motion for Determination That the Bankruptcy Stay Does Not Apply to Her Litigation Against the Board of Trustees of the City of Detroit General Retirement System* to be served via e-mail to Raymond J. Sterling at rsterling@sterlingattorneys.com and to Christine A. Hopkins at chopkins@sterlingattorneys.com.

> By: /s/Timothy A. Fusco
> Timothy A. Fusco
> MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
> 150 West Jefferson, Suite 2500
> Detroit, Michigan 48226
> Telephone: (313) 963-6420
> Facsimile: (313) 496-7500
> fusco@millercanfield.com