**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**


In re:                                                                   Chapter 9
City of Detroit, Michigan,                                    Case No. 13-53846
        Debtor                                                        Hon. Steven W. Rhodes
_____/


**Order Requiring City to Respond to Certain**
***Pro Se* Objections to Confirmation**


        The Court has reviewed the objections to confirmation of the City's Plan that creditors without an attorney timely filed and concludes that the City should be required to file and serve by first class mail a consolidated response to the objections identified below.  The Court will consult with counsel for the City at the next status conference regarding an appropriate deadline for this response.


**Issues Raised in Pro Se Objections to the Plan**


1.  **Objections regarding the ASF recoupment:**
    a.  Objections:
        i.   Going back ten years violates statute of limitations.
        ii.  Violates Detroit Municipal Code.
        iii. Unconstitutional, because the City did not institute any legal proceeding to recoup the money.
        iv.  11 U.S.C. § 547(c)(2) would prevent avoidance on the basis of preferential treatment because the transfer was to satisfy an obligation created in the ordinary course of business.
        v.   Not a fraudulent conveyance.
        vi.  *In pari delicto*.
        vii. 6.75% interest rate is usurious.
        viii. The failure to disclose the interest rate violates law.
    b.  Dkt. Numbers that raise an objection to the ASF Recoupment on one of the above grounds:
        i.   #5126, #5330, #5795, #5887, #5947, #5923, #5089, #5971, #5836, #5723, #5659, #5211, #4520,  #4296, #4297, #4404, #5057, #4789, #5062, #4578, #4579


2.  **The Plan is not in the best interest of creditors.**
    a.  The City is not selling all of its assets and is not realizing enough value on its assets.

i. #2900, #3551, #3557, #3692, #3741, #3747, #3748, #3752, #3845, #4364, #4404, #4632, #4789, #4895, #5279, #6019
   b. Because the City is paying for the EM, his consultants, and others, this shows that the City has more money to pay creditors.
      i. #3254

3. **The Plan unfairly discriminates between:**
   a. Retirees and all other unsecured creditors.
      i. #3217, #3219, #3830, #4579, #3845, #3217
   b. Classes 10 and 11.
      i. #5887, #5947, #5923, #5971, #3845, #4404, #2898, #3205, #3218, #3214, #3218, #3787, #5722, #5909
   c. Retirees and "Banks."
      i. #2970, #2979, #3374, #3794, #4258
   d. Tort claimants and retirees.
      i. #4306
   e. Class 12 and all other unsecured creditors.
      i. #3830, #4404
   f. Bondholders and other unsecured creditors.
      i. #5828, #3735

4. **Class 11 creditors are not all receiving substantially similar treatments.**
   a. Those subject to ASF are receiving worse treatment.
      i. #5923, #5971, #5723, #4404, #3352

5. **The Plan is not feasible.**
   a. Oversight is inadequate and ineffective, and fails to include retiree representation.
      i. #3205, #4578, #4579, #4827
   b. The POA does not contain city service benchmarks to show whether reinvestment initiatives are working.
      i. #4404
   c. The POA does not address problems with property tax revenue.
      i. #4622

6. **The Plan violates the Michigan Constitution because it does not require the City to make up for any missed payments if the outside funding does not come through, and because the Michigan Constitution requires the City to make annual contributions, but the Plan gives the City a ten-year holiday from plan payments.**
   a. #5795, #5887, #5211, #4520, #3776, #4082, #4404, #4578, #4579
   b. #2899

7. **Inadequate notice with regard to plan modifications, voting rights, etc.**
   a. #5126, #4695, #4808, #5707, #4827

8. **The Court's undue haste has resulted in trampling the due process rights of creditors.**
   a. #5971

9. **Improper impairment of claims of individual creditors against third parties.**
   a. #5330, #5723, #4296, #4297

10. **DWSD and library pensions were fully funded so they should not be impaired.**
    a. #4288, #4520, #6019, #3435, #3350

11. **Objections relating to balloting (not related to notice).**
    a. #5369, #5971
    b. Retirees received a lot of information urging them to vote yes, but nothing explaining why they could or should vote no.
       i. #5956, #5966

12. **Objections to non-consensual release(s).**
    a. #5887, #5836, #5723, #4082, #4578, #4579, #3352, #3178, #5094

13. **The Plan, while properly separating PFRS and GRS into separate classes, improperly links their voting rights together.**
    a. #3830, #4404

14. **The Plan violates various provisions of law.**
    a. UTGO settlement violates state law.
       i. #3693
    b. The Plan violates Michigan Public Act 344 of 1945.
       i. #3249, #3481
    c. The Grand Bargain is an improper use of tobacco settlement money.
       i. #5836
    d. The Plan violates 49 U.S.C. § 5333(b)(2)(A).
       i. #5330, #4296

15. **The pension underfunding is overstated and thus the pensions are improperly impaired.**
    a. #2872, #3217, #3244, #3510, #4997, #6019, #3707

13-53846-tjt   Doc 6640   Filed 08/11/14   Entered 08/11/14 17:40:04   Page 3 of 4

**16. The 6.75% discount rate for the pension plans is not justified.**
      a.   #4578, #4789, #4895

.

**Signed on August 11, 2014**

                                     **/s/ Steven Rhodes**
                                     **Steven Rhodes**
                                     **United States Bankruptcy Judge**