## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------x
                                          :
In re                                     :          Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                :          Case No. 13-53846
                                          :
                      Debtor.             :          Hon. Steven W. Rhodes
                                          :
                                          :
                                          :
-------------------------------------------------x
```

## NOTICE OF FILING PLAN SUPPLEMENT: EXHIBIT I.A.146 (PRINCIPAL TERMS OF EXIT FACILITY); EXHIBIT I.A.255 (FORM OF RESTORATION TRUST AGREEMENT); EXHIBIT II.D.5 (SCHEDULE OF POSTPETITION COLLECTIVE BARGAINING AGREEMENTS; EXHIBIT III.D.2 (RETAINED CAUSES OF ACTION)

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     On July 29, 2014, the City of Detroit (the "City"), filed the Corrected Fifth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 6379) (the "Fifth Amended Plan").[1]

2.     In accordance with Section VIII.A of the Fifth Amended Plan, the City hereby files this Plan Supplement containing the following Exhibits to the Fifth Amended Plan:

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the Fifth Amended Plan.

a.    Exhibit I.A.146 (Principal Terms of Exit Facility), attached hereto as Annex A;

b.    Exhibit I.A.255 (Form of Restoration Trust Agreement), attached hereto as Annex B;

c.    Exhibit II.D.5 (Schedule of Postpetition Collective Bargaining Agreements); and

d.    Exhibit III.D.2 (Retained Causes of Action).

Dated: August 11, 2014

Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

**Exhibit I.A.146**
**(Principal Terms of Exit Facility)**

# EXIT FACILITY
## SUMMARY OF PRINCIPAL TERMS[1]

The definitive documentation governing the Exit Facility shall provide generally for the following terms:

| | |
|---|---|
| Issuer | City of Detroit. |
| Initial Bond Purchaser | The bonds will initially be sold to the Michigan Finance Authority (the "MFA").  The MFA will issue bonds secured by the City's bonds. |
| Amount and Type | Approximately $250-$300 million, consisting of Financial Recovery Bonds issued pursuant to section 36a(7) of the Michigan Home Rule City Act, excluding any amounts raised to fund (if required) debt service reserve funds consistent with municipal markets practice. |
| Taxation | Approximately $200 million is contemplated to be tax-exempt financing. |
| Use of Proceeds | As approved by the Local Emergency Financial Assistance Loan Board, proceeds of the exit facility will be used to fund:  (i) the retirement of the City's $120,000,000 post-petition financing, (ii) certain of the City's reinvestment and revitalization initiatives and (iii) the retirement of the City's obligations with respect to holders of Class 5 Claims (COP Swap Claims) and potentially holders of Class 7 Claims (Limited Tax General Obligation Bond Claims) under the City's Corrected Fifth Amended Plan of Adjustment. |
| Pricing | To be determined. |
| Maturity | 11-15 years. |
| Security | The obligations owing by the City with respect to the Exit Facility will be secured by a first priority lien on certain income tax revenues of the City. |

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings given to them in the Plan.

## ANNEX B

**Exhibit I.A.255**
**(Form of Restoration Trust Agreement)**

# CITY OF DETROIT PENSION RESTORATION TRUST

THIS TRUST AGREEMENT, entered into effective _____, 2014, by and among, the City of Detroit ("Detroit" or the "City") acting by and through **[Kevyn Orr acting as the appointed Emergency Manager pursuant to PA 436, M.C.L. §141.1541 et seq./Mayor Michael E. Duggan]** and each member of the Board of Trustees named herein.

## WITNESSETH:

WHEREAS, Detroit filed a voluntary petition for relief under chapter 9 of the Bankruptcy Code on July 18, 2013 in the United States Bankruptcy Court for the United States Bankruptcy Court Eastern District of Michigan, Case No. 13-53846 (the "Court");

WHEREAS, pursuant to the Plan for the Adjustment of Debts of the City of Detroit (as confirmed by the Court, the "Plan of Adjustment"), the City agreed to establish a trust (i) to hold the DWSD CVR (as defined in the Plan of Adjustment) and enforce rights related to its terms, and to consult with the trustees and investment committee of the Police and Fire Retirement System for the City of Detroit ("PFRS") and the General Retirement System for the City of Detroit ("GRS"), respectively in connection with General Restoration and Special Restoration relating to the DWSD CVR;

WHEREAS, Detroit hereby establishes this City of Detroit Pension Restoration Trust (the "Trust");

WHEREAS, the Board of Trustees shall be responsible for maintaining and administering this Trust and managing the property held by this Trust;

WHEREAS, the members of the Board of Trustees are willing to exercise the authority and rights of consultation granted to it herein with regard to the Trust; and

NOW THEREFORE, in consideration of the premises and the covenants contained herein, Detroit and the members of the Board of Trustees agree as follows:

## ARTICLE I
## DEFINITIONS

Section 1.1    Board of Trustees or Board.  The Board of Trustees is the body described in Article VII to which Detroit has delegated responsibility for:  (i) maintaining and administering this Trust and managing the property held by this Trust; and (ii) exercising the duties and responsibilities of the Board of Trustees set forth in this Trust Agreement.  The Board of Trustees shall be constituted in accordance with Article VII and shall have the duties and authorities described in Article V.

Section 1.2    Code.  Means the Internal Revenue Code of 1986, as amended, and any successor statute thereto.

Section 1.3    Beneficiaries.  Means the beneficiaries of this Trust, which beneficiaries shall be the GRS, the PFRS and the participants in GRS and PFRS entitled to the benefits of the Restoration Plan.

Section 1.4    DWSD CVR.  Has the meaning given to that term in the Plan of Adjustment.

Section 1.5    General Restoration.  Means the potential restoration or replacement of benefit reductions imposed by the Plan of Adjustment pursuant to the terms of the Restoration Plan.

Section 1.6    GRS.  Means the General Retirement System for the City of Detroit.

Section 1.7    Holder of Pension Claims.  Has the meaning given to that term in the Plan of Adjustment.

Section 1.8    Plan of Adjustment.  Means the Plan for the Adjustment of Debts of the City of Detroit, as confirmed by order of the Court dated [---], a copy of which is attached hereto as Exhibit A.

Section 1.9    PFRS.  Means the Police and Fire Retirement System for the City of Detroit.

Section 1.10    Qualifying DWSD Transaction.  Has the meaning given to that term in the Plan of Adjustment.

Section 1.11    Restoration Plan.  Means the general rules governing pension benefit restoration to the PFRS and the GRS as set forth in Exhibit II.B.3.q.ii.C and Exhibit II.B.3.r.ii.C of the Plan of Adjustment.  A copy of the Restoration Plan is attached hereto as Exhibit B.

Section 1.12    Retiree Committee.  Has the meaning given to that term in the Plan of Adjustment.

Section 1.13    Special Restoration.  Means the potential restoration or replacement of benefit reductions imposed by the Plan of Adjustment in connection with a Qualifying DWSD Transaction, as described in Section IV.F of the Plan of Adjustment.

Section 1.14    Trust Agreement.  This agreement as it may be amended hereafter from time to time by the parties hereto.

Section 1.15    Trust or Trust Fund.  The City of Detroit Pension Restoration Trust established by this Trust Agreement, comprising all property or interests in property held by, or under the custody and control of, the Board from time to time under this Trust Agreement.

## ARTICLE II
## ESTABLISHMENT OF TRUST

Section 2.1    Purpose.  The Trust is established to receive and hold the DWSD CVR and enforce rights related to its terms, and to consult with the trustees and investment committee of the PFRS and the GRS, respectively in connection with General Restoration and Special Restoration relating to the DWSD CVR.

Section 2.2     Receipt of Funds.  The Board shall accept all sums of money and other property contributed to the Trust by Detroit pursuant to Article III.  The Board shall hold, manage and administer the Trust Fund without distinction between principal and income.

Section 2.3     Inurement and Reversion Prohibited.  At no time shall any part of the principal or income of the Trust Fund be used for, or diverted to, any purpose other than distributing proceeds from the DWSD CVR in the manner described by Section IV.F of the Plan of Adjustment.  Nothing in this Trust Agreement shall be construed in such a way as to prohibit the Board from using the assets of the Trust Fund to pay reasonable fees and other expenses and obligations incurred in maintaining and administering the Trust or to maintain a reserve of funds needed to pay reasonable fees and expenses expected to be incurred in the future.

Section 2.4     No Residual Interest.  Detroit shall not have any legal or equitable interest in the assets of the Trust Fund at any time, including following the termination of the Trust.

## ARTICLE III
## CONTRIBUTIONS TO THE TRUST FUND

Section 3.1     Detroit Contributions.  The Board will accept the City's contribution of the DWSD CVR to the Trust Fund pursuant to the Plan of Adjustment.  Apart from the contribution of the DWSD CVR (and any amounts payable to the Trust Fund pursuant to the terms of the DWSD CVR), Detroit shall have no further obligation to contribute to the Trust.

## ARTICLE IV
## PAYMENTS FROM THE TRUST FUND

Section 4.1     Payments from the Trust Fund.

(a)     Subject to paragraph (b) below, the Board shall within a reasonable time after receiving proceeds from the DWSD CVR distribute such proceeds (less the amount retained by the Trust Fund in the sole discretion of the Board to pay reasonable fees and expenses previously incurred or expected to be incurred to maintain and administer the Trust) directly to the GRS and PFRS in the manner described in Section IV.F of the Plan of Adjustment.

(b)     The Board may retain or withhold all or any part of any payment as the Board in the exercise of its reasonable discretion may deem proper, to protect the Board and the Trust against any liability or claim on account of any income or other tax whatsoever; and with all or any part of any such payment so retained or withheld, may discharge any such liability.  Any part of any such payment so retained or withheld by the Board that may be determined by the Board to be in excess of any such liability will upon such determination by the Board be paid to the GRS and PFRS in the manner described in Section IV.F of the Plan of Adjustment.

Section 4.2     Excessive Payments.  If the payment of any distributions under the Trust is determined to have been excessive or improper, and the recipient thereof fails to make repayment to the Board or Board's agent of such excessive or improper payment upon the Board's request, the Board shall deduct the amount of such excessive or improper payment from

CLI-2245193v3

any other benefits thereafter payable to such person. Until repaid to the Board or Board's agent, the amount of said excessive or improper payment shall not be included in the Trust Fund.

## ARTICLE V
## BOARD POWERS AND DUTIES

Section 5.1    Powers of the Board Generally.  The Board has whatever lawful powers are required to discharge its obligations and to accomplish any of the purposes of this Trust Agreement, including (but not limited to) the powers specified in the following Sections of this Article, and the powers and authority granted to the Board under other provisions of this Trust Agreement.  The enumeration of any power herein shall not be by way of limitation, but shall be cumulative and construed as full and complete power in favor of the Board.

Section 5.2    Powers Exercisable by the Board.  The Board is authorized and empowered to exercise the following powers at its discretion in satisfaction of the duties imposed on it under this Trust Agreement:

(a)    To place securities orders, settle securities trades, hold securities in custody, deposit securities with custodians or securities clearing corporations or depositories or similar organizations, and other related activities as shall be necessary and appropriate in performing its duties under this Trust Agreement.  Trades and related activities conducted through a broker shall be subject to reasonable fees and commissions established by the broker, which may be paid from the Trust Fund or netted from the proceeds of trades.

(b)    To make, execute, acknowledge and deliver any and all documents of transfer and conveyance and any and all other instruments that may be necessary or appropriate to carry out the powers herein granted.

(c)    To cause any investment in the Trust Fund to be registered in, or transferred into, the name of any institutional custodian appointed by the Board, or the name of its nominee or nominees, or to retain such investments unregistered in a form permitting transfer by delivery, but the books and records of the Board shall at all times show that all such investments are part of the Trust Fund, and the Board shall be fully responsible for any misappropriation in respect of any investment held by its nominee or held in unregistered form; and shall cause the indicia of ownership to be maintained within the jurisdiction of the district courts of the United States;

(d)    To receive, hold, invest and reinvest Trust Fund assets and income under provisions of law from time to time existing and in accordance with Article V;

(e)    To exercise or abstain from exercising any option, privilege or right attaching to any Trust Fund assets;

(f)    To make payments from the Trust Fund in accordance with Article IV and for the payment of expenses as provided in Section 5.5;

(g)    To employ suitable agents and depositaries (domestic or foreign), public accountants, brokers, custodians, ancillary trustees, appraisers, legal counsel and other expert advisors as shall be necessary and appropriate, and to pay their reasonable expenses and compensation;

(h)    To pay any income or other tax or estimated tax, charge or assessment attributable to any property or benefit out of such property or benefit in its sole discretion, or any tax on income of the Trust, if any, out of the Trust Fund;

(i)    To file all reports and returns that are required to be made with respect to the Trust:

(j)    To vote, in person or by general or limited proxy, at any election of any corporation in which the Trust Fund is invested, and similarly to exercise, personally or by a general or limited power of attorney, any right appurtenant to any investment held in the Trust Fund; and

(k)    To accept, compromise or otherwise settle any obligations or liability due to or from the Trust as the Board hereunder, including any claim that may be asserted for taxes, assessments or penalties under present or future laws, or to enforce or contest the same by appropriate legal proceedings.

Notwithstanding the foregoing, the Board shall not (i) assign, transfer, convey or sell its interest in the DWSD CVR except for an assignment due to the appointment of successors to members of the Board in accordance with Section 7.2; and (ii) invest any assets in real estate or real estate securities

Section 5.3    Title to Trust Fund.  All rights, title and interest in and to the Trust Fund shall at all times be vested exclusively in the Board.

Section 5.4    General Duties and Obligations of Board.

(a)    In accordance with Article II but subject to Section 4.1, the Board shall hold all property received by it and any income and gains thereupon.  In accordance with this Article, the Board shall manage, invest and reinvest the Trust Fund, shall collect the income therefrom, and shall make payments or disbursements in accordance with Section 4.1.

(b)    The Board shall confer with the trustees and investment committee of the GRS and PFRS, respectively, with respect to the Special Restoration and General Restoration; provided, however, that the Board shall not have any right to initiate any enforcement proceedings against the trustees or investment committee of either GRS or PFRS with respect to Special Restoration or General Restoration.

(c)    The Board shall discharge its duties in the interests of the Beneficiaries and for the exclusive purpose of making distributions to the GRS and PFRS as provided in Section 4.1 and defraying reasonable expenses of administering the Trust and shall act with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person

acting in like capacity and familiar with such matters would use in conduct of an enterprise of like character and with like aims.

Section 5.5    <u>Payment of Expenses</u>.  The Board shall apply the assets of the Trust Fund to pay all reasonable costs, charges, and expenses (including, but not limited to, all brokerage fees and transfer tax expenses and other expenses incurred in connection with the sale or purchase of investments, all real and personal property taxes, income taxes and other taxes of any kind at any time levied or assessed under any present or future law upon, or with respect to, the Trust Fund or any property included in the Trust Fund and all legal, actuarial, accounting and financial advisory expenses) reasonably incurred by the Board in connection with maintaining and administering the Trust, including attendance at meetings related thereto.  The expenses of the Board shall constitute a lien on the Trust Fund.

Section 5.6    <u>No Board Compensation</u>.  Except as provided in Section 5.5, the members of the Board shall serve without compensation.

## ARTICLE VI
## BOARD ACCOUNTS

Section 6.1    <u>Records</u>.  The Board shall maintain accurate and detailed records and accounts of all investments, receipts, disbursements, and other transactions with respect to the Trust, and all accounts, books and records relating thereto shall be open at all reasonable times to inspection and audit by interested persons at the principal office of the Trust.

Section 6.2    <u>Annual Audit</u>.  The Trust Fund shall be audited annually by an independent audit firm, and a statement of the results of such audit shall be provided to the Board and also made available for inspection by interested persons at the principal office of the Trust.

Section 6.3    <u>No Interest by Beneficiaries</u>.  In no event shall any Beneficiary have any interest in any specific asset of the Trust Fund.  At no time shall any account or separate fund be considered a savings account or investment or asset of any particular Beneficiary, or class of Beneficiaries, and no Beneficiary shall have any right to any particular asset which the Board may have allocated to any account or separate fund for accounting purposes.

Section 6.4    <u>Accounting Year, Cash Basis</u>.  The accounting year of the Trust shall be the calendar year.  All accounts of the Board shall be kept on a cash basis.

## ARTICLE VII
## COMPOSITION OF AND PROCEDURES FOR THE BOARD OF TRUSTEES

Section 7.1    <u>Number and Appointment of Members</u>.  The Board of Trustees shall consist of five (5) voting members.  The Retiree Committee has selected the following initial members of the Board of Trustees:[_____, _____, _____, _____, and _____.]

By execution of this Trust Agreement each Board member hereby acknowledges his or her appointment and acceptance of the duties and responsibilities set forth in this Trust Agreement.

Section 7.2    Term of Office.  Each member of the Board shall serve a period of seven (7) years until the termination of the Trust, or if earlier, until his or her death, incapacity to serve hereunder, or resignation.  In the event of a vacancy, the replacement Board member shall be appointed pursuant to procedures established by the Board.

Section 7.3    Resignation.  A Board member may resign, and shall be fully discharged from further duty or responsibility under this Trust Agreement to the extent permitted by law, by giving at least ninety (90) days' advance written notice to the remaining Board Members stating a date when such resignation shall take effect, which notice or time period may be waived by the Board.

Section 7.4    Operation of the Board; Quorum.  The Board shall select from among its members a chair and a vice chair.  The Board shall hold regular meetings, and shall designate the time and place thereof in advance.  The Board shall adopt its own rules of procedure and shall keep a record of proceedings.  Each Board Member shall be entitled to one vote on each question before the Board.  Three (3) members shall constitute a quorum at any meeting.  A majority vote of the members present at a meeting of the Board at which a quorum exists shall be necessary for a decision by the Board.

Section 7.5    Reliance on Written Instruments.  Each member of the Board shall be fully protected in acting upon any instrument, certificate or paper believed by him or her to be genuine and to be signed or presented by a duly authorized person or persons, and shall be under no duty to make any investigation or inquiry as to any statement contained in any such writing, but may accept the same as conclusive evidence of the truth and accuracy of the statements therein contained.

Section 7.6    No Individual Liability on Contracts.  The members of the Board shall not be liable personally for any debts, obligations, or undertakings contracted by them, or for the breach of any contracts.  Such claims and obligations shall be paid out of the Trust; provided, however, that the Board shall not be exempt from personal liability for willful misconduct, intentional wrongdoing, breach of applicable fiduciary duty, negligence or fraud, and the Trust shall not indemnify the Board for such liabilities, or to the extent that application of this sentence would violate any law.

Section 7.7    City Not Liable for Conduct of Board.  The Board is not in its capacity as the Board of Trustees an officer, agent, employee, or representative of Detroit.  In its capacity as the Board of Trustees, the Board is a principal acting independently of the City, which shall not be liable for any act, omission, contract, obligation, or undertaking of the Trust, the Board or its officers, agents, or representatives.

Section 7.8    Liability Insurance.  The Board may obtain and keep current a policy or policies of insurance, insuring the members of the Board from and against any and all liabilities, costs and expenses incurred by such persons as a result of any act, or omission to act, in

connection with the performance of their duties, responsibilities and obligations under this Trust Agreement or the Plan. To the extent permitted by applicable law, the premiums on such policies may be paid from the Trust Fund.

Section 7.9    Reimbursement for Defense of Claims.  To the extent permitted by applicable law and not otherwise covered by liability insurance purchased by the Trust (without regard to any non-recourse rider purchased by the insured), the Board, employees of the Board and persons acting on the Board's behalf pursuant to an express written delegation (each separately, the "Indemnified Party") shall be reimbursed by the Trust Fund for reasonable expenses, including without limitation attorneys fees, incurred in defense of any claim that seeks a recovery of any loss to the Plan or Trust Fund or for any damages suffered by any party to, or beneficiary of this Trust Agreement (a) for which the Indemnified Party is adjudged not liable, or (b) which is dismissed or compromised in a final settlement, where the Board or, where required by applicable law, an independent fiduciary determines that the settling Indemnified Party was not primarily responsible (in such cases, all or only a portion of the settling Indemnified Party's reasonable expenses may be reimbursed, as directed by the Board or an independent fiduciary), provided that, the Board shall have the right to approve of the retention of any counsel whose fees would be reimbursed by the Trust Fund, but such approval shall not be withheld unreasonably.

## ARTICLE VIII
## AMENDMENT, TERMINATION AND MERGER

Section 8.1    Duration of the Trust.  Unless terminated earlier pursuant to Section 8.3, this Trust Agreement shall terminate automatically on the earlier of:  (i) the eighth anniversary of the Effective Date of the Plan of Adjustment if the City and the Board shall have agreed in writing that no Qualifying DWSD Transaction has occurred; or (ii) the later of (A) written notice from GRS and PFRS of the death of the last individual who was a participant in such pension plans on the Effective Date of the Plan of Adjustment or (B) the 90th anniversary of the effective date of this Trust Agreement.

Section 8.2    Amendment.  The Trust Agreement may be amended at any time in writing by the Board or by Court order upon proper motion by the Board or the City, provided, however, that no amendment may impose a contribution obligation on the City beyond that specified in Section 3.1.  No amendment to the Trust Agreement shall modify the responsibilities of the Board hereunder unless the Board has first consented to such amendment.

Section 8.3    Termination.

(a)    Notwithstanding Section 8.1, the Trust and this Trust Agreement may be terminated at any time in writing by the Board with a copy of such written instrument to be provided to the City, or by Court order upon proper motion.  Upon termination of this Trust Agreement, the assets of the Trust Fund, if any, shall be paid out at the direction of the Board to the GRS and PFRS as provided in Section IV.F of the Plan of Adjustment.  Neither Detroit nor the Board shall have any beneficial interest in the Trust Fund.  If the Trust Fund has assets at the

time of its termination, it shall remain in existence only until all such assets have been distributed.

(b)     Upon termination of the Trust pursuant to Section 8.1 or 8.3, the Board shall continue to have all of the powers provided in this Trust Agreement as are necessary or desirable for the orderly liquidation and distribution of the Trust Fund in accordance with the provisions hereof.

# ARTICLE IX
# MISCELLANEOUS

Section 9.1     <u>Rights in Trust Fund</u>.  No Beneficiary or other person shall have any right, title or interest in the Trust Fund or any legal or equitable right against the Board, the Board, or Detroit, except as may be otherwise expressly provided in this Trust Agreement.

Section 9.2     <u>Non-Alienation</u>.  Except to the extent required by applicable law, the rights or interest of any Beneficiary to any future distributions under the provisions of the GRS or PFRS shall not be subject to attachment or garnishment or other legal process by any creditor of any such Beneficiary, nor shall any such Beneficiary have any right to alienate, anticipate, commute, pledge, encumber or assign any of the benefits or payments which he may expect to receive, contingent or otherwise, under GRS or PFRS.

Section 9.3     <u>Controlling Laws</u>.  The Trust shall be construed and the terms hereof applied according to the laws of the state of Michigan to the extent not superseded by federal law.

Section 9.4     <u>Counterparts</u>.  This Trust Agreement may be executed in any number of counterparts, each of which shall be considered as an original.

Section 9.5     <u>Headings</u>.  The headings and subheadings of this Trust Agreement are for convenience of reference only and shall have no substantive effect on the provisions of this Trust Agreement.

Section 9.6     <u>Notices</u>.  All notices, requests, demands and other communications under this Trust Agreement shall be in writing and shall be deemed to have been duly given (a) on the date of receipt if served personally or by confirmed facsimile or other similar confirmed electronic communication; (b) on the first business day after sending if sent for guaranteed next day delivery by Federal Express or other next-day courier service; or (c) on the fourth business day after mailing if mailed to the party or parties to whom notice is to be given by registered or certified mail, return receipt requested, postage prepaid, and properly addressed as follows:

<u>If to the City:</u>

**[insert name and address]**

<u>If to the Board:</u>

**[insert name and address]**

IN WITNESS WHEREOF, and as evidence of the establishment of the Trust created hereunder, the parties hereto have caused this instrument to be executed as of the date above first written.

**CITY OF DETROIT**

By: _____

    Print Name: _____

    Title: _____

    Date: _____

**MEMBERS OF THE BOARD OF TRUSTEES**

By: _____

Print Name: _____

    Acknowledged by me on the _____ day of _____,

    Signature_____

    Printed name_____

    Notary public, State of Michigan, County of

    My commission expires_____

By: _____

Print Name: _____

    Acknowledged by me on the _____ day of _____,

    Signature_____

    Printed name_____

    Notary public, State of Michigan, County of

    My commission expires_____

By: _____

Print Name: _____

    Acknowledged by me on the _____ day of _____,

    Signature_____

    Printed name_____

    Notary public, State of Michigan, County of

    My commission expires_____

By: _____

Print Name: _____

      Acknowledged by me on the _____ day of _____,

      Signature_____

      Printed name_____

      Notary public, State of Michigan, County of

      My commission expires_____


By: _____

Print Name: _____

      Acknowledged by me on the _____ day of _____,

      Signature_____

      Printed name_____

      Notary public, State of Michigan, County of

      My commission expires_____

**EXHIBIT A**

**PLAN OF ADJUSTMENT**

82645430\V-2

CLI-2245193v3

13

**EXHIBIT B**

**RESTORATION PLAN**

**EXHIBIT C**

**CONFIRMATION ORDER**

## ANNEX C

**Exhibit II.D.5**
**(Schedule of Postpetition Collective Bargaining Agreements)**

<u>**EXHIBIT II.D.5**</u>

<u>**SCHEDULE OF POSTPETITION COLLECTIVE BARGAINING AGREEMENTS**</u>

**I. FULLY APPROVED AGREEMENTS**[1]

**A. City of Detroit Collective Bargaining Agreements**

1)   Master Agreement Between the City of Detroit and the Police Officers Association of Michigan POAM, 2013-2018, dated November 12, 2013.

2)   Master Agreement Between the City of Detroit and the International Brotherhood of Teamsters Local 214 2013-2018, dated December 18, 2013.

    a.   Supplemental Agreement Between the City of Detroit Police Department and Teamsters State, County and Municipal Workers, Local 214 2013-2018, dated December 18, 2013.

    b.   Supplemental Agreement Between the Department of Public Works and Teamsters Local 214 2013-2018, dated December 18, 2013.

    c.   Supplemental Agreement Between the General Services Department and Teamsters Local 214 2013-2018, dated December 18, 2013.

    d.   Supplemental Agreement between the City of Detroit Municipal Parking Department and Local #214 Teamsters State, County and Municipal Workers, 2013-2018, dated December 18 2013.

3)   Master Agreement Between the City of Detroit and the International Union of Operating Engineers IUOE Local 324 2013-2018, dated December 18, 2013.

4)   Master Agreement Between the City of Detroit and the International Union of Operating Engineers IUOE Local 324 (Park Management) 2013-2018, dated December 18, 2013.

5)   Master Agreement Between the City of Detroit and the International Union of Operating Engineers IUOE Local 324 (Principal Clerks) 2013-2018, dated December 18, 2013.

6)   Master Agreement Between the Assistant Supervisors of Street Maintenance and Construction and the City of Detroit 2014-2018.

7)   Master Agreement Between the City of Detroit and the Michigan Building and Construction Trades Council 2014-2018, dated May 1, 2014.

8)   Master Agreement Between the City of Detroit and the Emergency Medical Service Officers Association 2014-2019, dated June 11, 2014.

---

[1]   "<u>Fully Approved Agreements</u>" means those collective bargaining agreements that have been (i) ratified by the applicable bargaining unit or units, as necessary (ii) approved by the applicable City or DWSD bargaining representatives, (iii) approved by the Emergency Manager and (iv) approved by the Office of the Treasurer of the State of Michigan.

9) Master Agreement Between the City of Detroit and Local 1863 of the American Federation of State County and Municipal Employees, AFL-CIO (Detroit Civilian Crossing Guards) 2014-2018, dated June 27, 2014.

10) Master Agreement Between the City of Detroit and Local 542 of the American Federation of State County and Municipal Employees, AFL-CIO (Motor City Seasonals) 2014-2018, dated June 27, 2014.

11) Master Agreement Between the City of Detroit and Local 1206 of the American Federation of State County and Municipal Employees, AFL-CIO (Detroit Forestry and Landscape Foreman's Union) 2014-2018, dated June 27, 2014.

12) Master Agreement Between the City of Detroit and Local 2394 of the American Federation of State County and Municipal Employees, AFL-CIO (Supervisory Unit) 2014-2018, dated June 27, 2014.

13) Master Agreement Between the City of Detroit and Local 6087 of the American Federation of State County and Municipal Employees, AFL-CIO (Paving Forepersons) 2014-2018, dated June 27, 2014.

14) Master Agreement Between the City of Detroit and the Detroit Police Command Officers Association 2014-2019, dated June 18, 2014.

15) Master Agreement Between the City of Detroit and the Detroit Income Tax Investigators Association 2014-2018.

16) Master Agreement Between the City of Detroit and the Association of Municipal Inspectors 2014-2018, dated June 27, 2014.

17) Master Agreement Between the City of Detroit and the Service Employees International Union Local 517-M (Supervisory Unit) 2014-2018, dated June 25, 2014.

18) Master Agreement Between the City of Detroit and the Service Employees International Union Local 517-M (Non-Supervisory Unit) 2014-2018, dated June 25, 2014.

19) Master Agreement Between the City of Detroit and the Service Employees International Union Local 517-M (Professional and Technical Unit) 2014-2018, dated June 25, 2014.

20) Master Agreement Between the City of Detroit and the Association of City of Detroit Supervisors 2014-2018, dated June 27, 2014.

21) Master Agreement Between the City of Detroit and the Association of Professional and Technical Employees 2014-2018, dated July 22, 2014.

22) Master Agreement Between the City of Detroit and the Senior Accountants, Analysts and Appraisers Association 2014-2018, dated May 27, 2014.

23) Master Agreement Between the City of Detroit and Michigan Council 25 of the American Federation of State, County and Municipal Employees, AFL-CIO (Non-Supervisory Bargaining Unit) 2014-2018.

**B. Detroit Water and Sewerage Department Collective Bargaining Agreements**

1) 2012-2018 Master Agreement Between the Detroit Water & Sewerage Department and AFSCME, Michigan Council 25 Local 2920.

2

## II. RATIFIED AGREEMENTS PENDING FINAL APPROVALS[2]

**A. Ratified City of Detroit Collective Bargaining Agreements Pending Final Approvals**

1)      Master Agreement Between the City of Detroit and the Detroit Police Lieutenants and Sergeants Association 2014-2019.

         a.    Tentative Agreement Between the City of Detroit and the Detroit Police Lieutenants and Sergeants Association, dated June 19, 2014.

**B. Ratified Detroit Water and Sewerage Department Collective Bargaining Agreements Pending Approvals**

1)      Master Agreement Between the City of Detroit and the Michigan Building and Construction Trades Council 2013-2016, dated June 26, 2013.

         a.    Memorandum of Agreement between the Detroit Water and Sewerage Department and the Michigan Building & Construction Trades Council to amend their June 26, 2013 - June 30, 2016 collective bargaining agreement.

2)      2013-2016 Master Agreement Between the Detroit Water & Sewerage Department and the Building Trades Foremen, dated June 26, 2013.

3)      2014-2016 Master Agreement Between the Detroit Water & Sewerage Department and the Detroit Senior Water Systems Chemists Association.

4)      2014-2019 Master Agreement Between the DWSD and Teamsters State, County and Municipal Workers, Local 214.

5)      Memorandum of Agreement between the Detroit Water and Sewerage Department and the International Union of Operating Engineers, Local 324 to amend their March 25, 2013 - June 30, 2022 collective bargaining agreement.

---

[2]      "Ratified Agreements Pending Final Approvals" means those collective bargaining agreements approved by the City bargaining representatives, and ratified by the applicable bargaining unit or units, as necessary, that remain subject to approval by either, or both, the Emergency Manager and the Office of the Treasurer of the State of Michigan. The inclusion of such collective bargaining agreements in this Exhibit does not, and shall not be deemed to, modify or waive the requirement for such approvals in any way.

3

**<u>ANNEX D</u>**

**Exhibit III.D.2**
**(Retained Causes of Action)**

## <u>EXHIBIT III.D.2</u>

Reference is made to Section III.D.2 of the Plan. Capitalized terms used but not defined herein shall have the meanings given to them in Section I.A of the Plan.

Without limiting any relevant provision of the Plan (including Section III.D.2 thereof), the City expressly reserves and retains, and may enforce, any and all of its rights with respect to: (i) Causes of Action related to the City's Municipal Parking Department, (ii) Causes of Action related to the City's Finance Department, (iii) Causes of Action related to the City's Airport Department, (iv) Causes of Action related to the City's Public Lighting Department, (v) Causes of Action related to the City's Planning and Development Department, (vi) Causes of Action related to the City's Building Safety, Engineering and Environmental Department, (vii) Causes of Action related to the City's Water and Sewerage Department, (viii) Causes of Action related to the City's Department of Public Works, (ix) Causes of Action related to the City's Police Department, (x) Causes of Action related to the City's Fire Department, (xi) Causes of Action related to the City's Assessment Division, (xii) Causes of Action related to the City's Law Department, (xiii) Causes of Action related to any other City department, (xiv) Causes of Action against all litigation parties listed on Schedule H of the Second Amended List of Creditors and Claims [Docket No. 1059] and (xv) the Causes of Action in the following proceedings:

1. City of Detroit v. MTZ Incorporated, No. 05-121906, Mich. 36th Dist. Ct.;

2. City of Detroit v. Big Daddy's Soul Food, No. 04-109681, Mich. 36th Dist. Ct.;

3. City of Detroit v. Louie's Foods, Inc., No. 05-115153, Mich. 36th Dist. Ct.;

4. City of Detroit v. Robinson Group Home and Rodney Robinson, No. 07-125747, Mich. 36th Dist. Ct.;

5. City of Detroit v. Arthur R. Jett and Mildred S. Jett, No. 97-713173, Mich. 36th Dist. Ct.;

6. City of Detroit v. Celia Y. Collins, No. 02-107182, Mich. 36th Dist. Ct.;

7. City of Detroit v. Anthony Gillam & Kimberly Gillam, No. 01-113119, Mich. 36th Dist. Ct.;

8. City of Detroit v. Caesar Austin and Evelyn Austin, No. 02-119500, Mich. 36th Dist. Ct.;

9. City of Detroit v. Means Construction, Inc., Eric J. Means and Ted Smith, No. 03-105353, Mich. 36th Dist. Ct.;

10. City of Detroit v. Eick B. Jeter and Crystal B. Jeter, No. 03-146312, Mich. 36th Dist. Ct.;

11. City of Detroit v. Albert Green and Loretta Green, No. 06-102852, Mich. 36th Dist. Ct.;

12. City of Detroit v. Marlon Currie, No. 04-110183-GC, Mich. 36th Dist. Ct.;

13. City of Detroit v. Tamara Smith and James Smith, No. 04-114151, Mich. 36th Dist. Ct.;

14. City of Detroit v. Juan Rosado and Lori Rosado, No. 04-420691, Mich. 36th Dist. Ct.;

15. City of Detroit v. Victor Barnes and Gwendolyn Barnes, No. 04-130939, Mich. 36th Dist. Ct.;

16. City of Detroit v. Charles Selmon, No.04-132032-GC, Mich. 36th Dist. Ct.;

17. City of Detroit v. Gregory Webb, No. 04-139195, Mich. 36th Dist. Ct.;

18. City of Detroit v. Alden M. Jarvis and Veronica V. Jarvis, No. 04-136449, Mich. 36th Dist. Ct.;

19. City of Detroit v. Lisa D. Bradley, No. 04-136448, Mich. 36th Dist. Ct.;

20. City of Detroit v. Jarrick F. Goldsby, No. 04-145046, Mich. 36th Dist. Ct.;

21. City of Detroit v. Edgar Butler & Quensetta Butler, No. 04-145049-GC, Mich. 36th Dist. Ct.;

22. City of Detroit v. Michael Marshall and Sheila Marshall, No. 04-415055, Mich. 36th Dist. Ct.;

23. City of Detroit v. Dwight Riddell, Mich. 36th Dist. Ct.;

24. City of Detroit v. Frank Wilson and Edwina J. Wilson, No. 04-142987-GC, Mich. 36th Dist. Ct.;

25. City of Detroit v. Sharon F. Sexton, No. 05-103709, Mich. 36th Dist. Ct.;

26. City of Detroit v. John W. & Winnie M. Plummer, No. 05-108201-GC, Mich. 36th Dist. Ct.;

27. City of Detroit v. Leon Jackson and Harvard Square Center, Mich. 36th Dist. Ct.;

28. City of Detroit v. Michael Franke, No. 05-110302-GC, Mich. 36th Dist. Ct.;

29. City of Detroit v. Caesar Austin and Evelyn Austin, No. 05-116751, Mich. 36th Dist. Ct.;

30. City of Detroit v. Steven P. Morrow and Sophia Morrow, No. 05-121904, Mich. 36th Dist. Ct.;

31. City of Detroit v. Brian L. Reese and Deborah H. Reese, No. 07-121144, Mich. 36th Dist. Ct.;

32. City of Detroit v. Lori Rosado, No. 06-105264, Mich. 36th Dist. Ct.;

33. City of Detroit v. James M. Woodget, No. 08-124280, Mich. 36th Dist. Ct.;

34. City of Detroit v. Calvin L. Hall and Juanda W. Hall, No. 06-111621, Mich. 36th Dist. Ct.;

35. City of Detroit v. Stanley T. and Linda A. Bridges, Mich. 36th Dist. Ct.;

36. City of Detroit v. Nardin Park Recovery Center, No. 07-714583, Mich. 36th Dist. Ct.;

37. City of Detroit v. Jimmie Maddix and Carolyn Maddix, No. 08-137874, Mich. 36th Dist. Ct.;

38. City of Detroit v. Adrian Austin, No. 09-123096, Mich. 36th Dist. Ct.;

39. City of Detroit v. Betty Warmack, No. 09-123865, Mich. 36th Dist. Ct.;

40. City of Detroit v. Caeser Austin and Evelyn Austin, No. 10-106506, Mich. 36th Dist. Ct.;

41. City of Detroit v. Charles & Cheryl Lasley (Moss), No. 09-130913, Mich. 36th Dist. Ct.;

42. City of Detroit v. Sterling J. Brown and Mary Lisa Brown, No. 09-131658, Mich. 36th Dist. Ct.;

43. City of Detroit v. Carter Stevenson and Barbara Stevenson, No. 10-106505, Mich. 36th Dist. Ct.;

44. City of Detroit v. Jacqueline Murry, Mich. 36th Dist. Ct.;

45. City of Detroit v. James Gulley and Phyllis Gulley, Mich. 36th Dist. Ct.;

46. City of Detroit v. John Reed, No.10-124047, Mich. 36th Dist. Ct.;

47. City of Detroit v. Coleman Reed and Laurine Reed, No. 11-118847-GC, Mich. 36th Dist. Ct.;

48. City of Detroit v. Ernest Gardner, No. 11-117750, Mich. 36th Dist. Ct.;

49. City of Detroit v. Ronald Carrington and Delores Carrington, No. 12-109805, Mich. 36th Dist. Ct.;

50. City of Detroit v. Lawrence Harris, Mich. 36th Dist. Ct.;

51. City of Detroit v. Raymond McMurrian, No. 12-117043, Mich. 36th Dist. Ct.;

52. City of Detroit v. Luis Arroyo and Braka Higgins a.k.a. Arroyo, Mich. 36th Dist. Ct.;

53. City of Detroit v. Adrian Austin, Mich. 36th Dist. Ct.;

54. City of Detroit v. Joel Ruffin and Willma Orange-Ruffin, Mich. 36th Dist. Ct.;

55. City of Detroit v. Paulette Cochran, Mich. 36th Dist. Ct.;

56. City of Detroit v. April Kincaid, No. 12-113636, Mich. 36th Dist. Ct.;

57. City of Detroit v. James & Adino, No. 14-10436, Mich. 36th Dist. Ct.;

58. City of Detroit v. Dennis Denmark & Elana Denmark, No. 13-102803, Mich. 36th Dist. Ct.;

59. City of Detroit v. Clarinda Barnett-Harrison, Mich. 36th Dist. Ct.;

60. City of Detroit v. Jason Jordan, Mich. 36th Dist. Ct.;

61. City of Detroit v. Mondry Hardware & Mondrey, Louis, Mich. 36th Dist. Ct.;

62. City of Detroit v. Roland, Lisa, Mich. 36th Dist. Ct.;

63. City of Detroit v. Lazana, Deandre & Natalie, No. 12-123542-GC, Mich. 36th Dist. Ct.;

64. City of Detroit v. William Landrum and Caroline Landrum, No. 13-119468, Mich. 36th Dist. Ct.;

65. City of Detroit v. James Bates and Pricilla Bates, No. 13-102805, Mich. 36th Dist. Ct.;

66. City of Detroit v. Coutia Ramsey, No. 13-102804, Mich. 36th Dist. Ct.;

67. City of Detroit v. Ann Fletcher, No. 13-108163, Mich. 36th Dist. Ct.;

68. City of Detroit v. Jackie Hunter and Mary Hunter, Mich. 36th Dist. Ct.;

69. City of Detroit v. Monica Gordon, Mich. 36th Dist. Ct.;

70. City of Detroit v. Patricia Brown, No. 13-119470, Mich. 36th Dist. Ct.;

71. City of Detroit v. Ronald Coleman & Alice Coleman, No. 13-117682 GC, Mich. 36th Dist. Ct.;

72. City of Detroit v. Rennilda Graham, No. 13-119472, Mich. 36th Dist. Ct.;

73. City of Detroit v. Kamin Davis & Tana Davis, Mich. 36th Dist. Ct.;

74. City of Detroit v. Elaine Ivery, Mich. 36th Dist. Ct.;

75. City of Detroit v. Eric Smith, No. 13-122869, Mich. 36th Dist. Ct.;

76. City of Detroit v. Mary Waters, Mich. 36th Dist. Ct.;

77. City of Detroit v. Todd Philson, Mich. 36th Dist. Ct.;

78. City of Detroit v. Kenneth Holms, Sr., Mich. 36th Dist. Ct.;

79. City of Detroit v. Jack Kene Obi, No. 05-104554-GC, Mich. 36th Dist. Ct.;

80. City of Detroit v. Brandy Marie Duke aka Brandy Niang, No. 08-124279, Mich. 36th Dist. Ct.;

81. City of Detroit v. Cevonia Cherise McClure, No. 07-110343, Mich. 36th Dist. Ct.;

82. City of Detroit v. Henry Ricardo Smith, No. 07-2093, Mich. 36th Dist. Ct.;

83. City of Detroit v. Abdul Raheem Rashed, No. 07-1556323, Mich. 36th Dist. Ct.;

84. City of Detroit v. Milton Lee Newman, No. 07-121142, Mich. 36th Dist. Ct.;

85. City of Detroit v. Andre Williams, Mich. 36th Dist. Ct.;

86. City of Detroit v. Helen Roberts, Mich. 36th Dist. Ct.;

87. City of Detroit v. Terry Darnell Jackson , No. 06-119826-GC, Mich. 36th Dist. Ct.;

88. City of Detroit v. Bushierra McDonald, No. 07-132889, Mich. 36th Dist. Ct.;

89. City of Detroit v. Denna Belton, No. 06-160876, Mich. 36th Dist. Ct.;

90. City of Detroit v. Georgianna Colston , No. 07-132886, Mich. 36th Dist. Ct.;

91. City of Detroit v. Terrance Omar Ford, No. 07-144864, Mich. 36th Dist. Ct.;

92. City of Detroit v. Jessie Al McQuarter, No. 07-127234, Mich. 36th Dist. Ct.;

93. City of Detroit v. Kevin Labrell Howell, No. 07-127238, Mich. 36th Dist. Ct.;

94. City of Detroit v. Deconte Jerdo, Mich. 36th Dist. Ct.;

95. City of Detroit v. Sheila Marie-Maxwell Coleman, Mich. 36th Dist. Ct.;

96. City of Detroit v. Jessie Crutcher and Adrienne Smith, No. 08-133795, Mich. 36th Dist. Ct.;

97. City of Detroit v. Joachba D. Hammound-Grace, Mich. 36th Dist. Ct.;

98. City of Detroit v. Lamont Street, Mich. 36th Dist. Ct.;

99. City of Detroit v. William F. & Constance Harris, No. 08-124278, Mich. 36th Dist. Ct.;

100. City of Detroit v. Shealtiel N. Moore, Mich. 36th Dist. Ct.;

101.    City of Detroit v. Mary Rogers, Mich. 36th Dist. Ct.;

102.    City of Detroit v. Daniel R. Tapert, Mich. 36th Dist. Ct.;

103.    City of Detroit v. Dukes, Emanuel C., Mich. 36th Dist. Ct.;

104.    City of Detroit v. Yolanda F. Brady, Mich. 36th Dist. Ct.;

105.    City of Detroit v. Erskine Wright II, Mich. 36th Dist. Ct.;

106.    City of Detroit v. Lonnie E. Coleman, Mich. 36th Dist. Ct.;

107.    City of Detroit v. Calvin Meeks, III, Mich. 36th Dist. Ct.;

108.    City of Detroit v. Neandue O. Nance, No. 09-11643, Mich. 36th Dist. Ct.;

109.    City of Detroit v. Lula M. Smith, No. 09-119723, Mich. 36th Dist. Ct.;

110.    City of Detroit v. Latasha Merriweather, No. 09-119723, Mich. 36th Dist. Ct.;

111.    City of Detroit v. Tamieka L. Norris, No. 10-125151, Mich. 36th Dist. Ct.;

112.    City of Detroit v. Franceksa Rodriquez, No. 10-124044, Mich. 36th Dist. Ct.;

113.    City of Detroit v. Laquanya Candice, No. 08-120177-GC, Mich. 36th Dist. Ct.;

114.    City of Detroit v. Latonya Katina-Foxey, No. 08-120173, Mich. 36th Dist. Ct.;

115.    City of Detroit v. Raegan Carmell Sweet, No. 08-120172, Mich. 36th Dist. Ct.;

116.    City of Detroit v. Oscar Cameron & Oscar G. Cameron II, Mich. 36th Dist. Ct.;

117.    City of Detroit v. Macia Sherrie Stokes, No. 08-120171, Mich. 36th Dist. Ct.;

118.    City of Detroit v. Angela Conley, No. 08-120174, Mich. 36th Dist. Ct.;

119.    City of Detroit v. Eugene Cole & Victory Outreach Detroit, No. 07-120608-GC, Mich. 36th Dist. Ct.;

120.    City of Detroit v. Kevin Dittich, No. 14-101640, Mich. 36th Dist. Ct.;

121.    City of Detroit v. Morgan McCrary, Mich. 36th Dist. Ct.;

122.    City of Detroit v. Twayla Lynette Larry, No. 07-120610, Mich. 36th Dist. Ct.;

123.    City of Detroit v. Deandre Lamarr Falls, Mich. 36th Dist. Ct.;

124.    City of Detroit v. Latonya Katina-Foxey, No. 08-120173, Mich. 36th Dist. Ct.;

125.    City of Detroit v. Raegan Carmell Sweet, No. 08-120172, Mich. 36th Dist. Ct.;

126.    City of Detroit v. Milton L. Newman, Mich. 36th Dist. Ct.;

127.    City of Detroit v. 3843 Biddle & Scroggins, Daisy, No. 05-122123-GC, Mich. 36th Dist. Ct.;

128.    City of Detroit v. Alexander Spencer, Jr., Mich. 36th Dist. Ct.;

129.    City of Detroit v. Tonia Williams, Mich. 36th Dist. Ct.;

130.    City of Detroit v. Mayor Rissell & Karen Russell, No. 04-113310, Mich. 36th Dist. Ct.;

131.    City of Detroit v. Minnie Lee Martin, No. 99-925205, Mich. Third Judicial Cir.;

132.   City of Detroit v. Ambassador Nursing Home, Inc. aka Pembrook Nursing Center, No. 02-238630, Mich. Third Judicial Cir.;

133.   City of Detroit v. Tyrone and Janice Winfrey, Mich. 36th Dist. Ct.;

134.   City of Detroit v. Mark Kulbaba, Inc. dba Servicemaster & Mark Kulbaba, No. 03-302931, Mich. Third Judicial Cir.;

135.   City of Detroit v. Nardin Park Recovery Center, Mich. Third Judicial Cir.;

136.   City T Detroit v. Page Litho, Inc., No. 11-006743-CZ, Mich. Third Judicial Cir.;

137.   City of Detroit v. The Printing Professionals, No. 11-006745-CZ, Mich. Third Judicial Cir.;

138.   City of Detroit v. Waterman & Sons Printing Company, Inc., No. 11-007078-CZ, Mich. Third Judicial Cir.;

139.   City of Detroit v. Opus One, Mich. Third Judicial Cir.;

140.   City of Detroit v. Kyler Reamules, Mich. Third Judicial Cir.;

141.   City of Detroit v. B & J Enameling Inc. & Holtshouser, Erin & Kownacki, Sandra, Mich. Third Judicial Cir.;

142.   City of Detroit v. Jacquettier Coleman, No. 13-116327, Mich. 36th Dist. Ct.;

143.   City of Detroit v. Nardin Park Drug Abuse Center et al., No. 13-011688-CZ, Mich. Third Judicial Cir.;

144.   City of Detroit v. Sheila A. Kimbrough, No. 07-155641, Mich. 36th Dist. Ct.;

145.   City of Detroit v. Counselo Maurico, No. 07-155674, Mich. 36th Dist. Ct.;

146.   City of Detroit v. Christina Morris, No. 07-155726, Mich. 36th Dist. Ct.;

147.   DuJon Johnson v. City of Detroit; No. 12-202678, Mich. 36th Dist. Ct.;

148.   Bella Marshall, aka Bella Marshall Barden, No. 2012-777-270-DE (Probate);

149.   William S. Jordan, No. 03-41137, Bankr. E.D. Mich.;

150.   Catherine Gaskin, No. 03-67569, Bankr. E.D. Mich.;

151.   Catherine Gaskin, No. 03-41232, Bankr. E.D. Mich.;

152.   Dwayne Akra, No. 03-69349, Bankr. E.D. Mich.;

153.   Dwayne Akra, No. 00-47216, Bankr. E.D. Mich.;

154.   Diana Daniel, No. 05-56536, Bankr. E.D. Mich.;

155.   Jerry Lee Miller, No. 09-62314, Bankr. E.D. Mich.;

156.   Lyall T Hoggatt and Gwendolyn Hoggatt, No. 09-76296, Bankr. E.D. Mich.;

157.   Terri L. Sykes, No. 11-72188, Bankr. E.D. Mich.;

158.   Shanta Corporation, No. 12-43956, Bankr. E.D. Mich.;

159.   Sareta Jean Cheathem, No. 12-59435, Bankr. E.D. Mich.;

160. Belinda Rochelle Sanders, No. 12-57603, Bankr. E.D. Mich.;

161. Denise Evans Whitley, No. 14-40849, Bankr. E.D. Mich.;

162. Whitley v. City of Detroit Treasurer et al, No. 14-04131 Bankr. E.D. Mich.;

163. Kimberli Powell, No. 13-40036 (Adversary Case No. 13-04134), Bankr. E.D. Mich.;

164. Ruthea Taylor:, No. 13-41265-PJS (Adversary Case No(s) 13-04235, 13-04237 and 13-04239), Bankr. E.D. Mich.;

165. Louise Williams, No. 13-40374-MBM (Adversary Case No. 13-04215), Bankr. E.D. Mich.;

166. Dorothy Wilson, No. 13-43731-WSD (Adversary Case No. 13-04296); Bankr. E.D. Mich.;

167. Carol Lowe-Redding, No. 12-60626, Bankr. E.D. Mich.;

168. Rodney A. Bowie, No. 04-40019, Bankr. E.D. Mich.;

169. Christopher D. Baty, No. 04-54408, Bankr. E.D. Mich.;

170. Tonia Howard, No. 07-58025, Bankr. E.D. Mich.;

171. Carl Barner and Yolanda Barner, No. 07-58840, Bankr. E.D. Mich.;

172. Jerome Jenkins, No. 09-67014, Bankr. E.D. Mich.;

173. Romana Bullock v. Wayne County Treasurer, et al. Mich. 36th Dist. Ct.;

174. General Shale Brick v. City of Detroit, No. 06-44397, Mich. 36th Dist. Ct.;

175. Gloria Jean McLaurin v. Detroit Parking Violations Bureau, No. 293700, Mich. Ct. App.;

176. Dennis Lynval v. City of Detroit, No. 12-012164, Mich. 36th Dist. Ct.;

177. City of Detroit v. Mdrahi, Mohamed, No. 3-005784-CC (Condemnation);

178. City of Detroit v. True Missionary Baptist Church, No. 13-005785-CC (Condemnation);

179. City of Detroit v. True Missionary Baptist Church, No. 13-005787-CC (Condemnation);

180. City of Detroit v. True Missionary Baptist Church, No. 13-005795-CC (Condemnation);

181. City of Detroit v. True Missionary Baptist Church, No. 13-005814-CC (Condemnation);

182. City of Detroit v. Khami, Issam, et al., No. 13-005816-CC (Condemnation);

183. City of Detroit v. CE Detroit, No. 13-005820-CC (Condemnation);

184. City of Detroit v. State of Michigan, No. 12-014797-CC (Condemnation);

185. City of Detroit v. Wilcox aka Albert, Martha, No. 12-014799-CC (Condemnation);

186. City of Detroit v. Wilson, Kenneth L., No. 13-005825-CC (Condemnation);

187. City of Detroit v. True Missionary Baptist Church, No. 13-05826-CC (Condemnation);

188. City of Detroit v. True Missionary Baptist Church, No. 13-005827-CC (Condemnation);

189. City of Detroit v. Wilson, Gail, et al., No. 12-015039-CC (Condemnation);

190. City of Detroit v. Wilcox, Martha, No. 12-014867-CC (Condemnation);

191. City of Detroit v. CE Detroit, LLC, No. 12-014803-CC (Condemnation);

192. City of Detroit v. Lucido, Steven J., et al., No. 13-05828-CC (Condemnation);

193. City of Detroit v. Detroit Leasing, Inc., No. 13-005829-CC (Condemnation);

194. City of Detroit v. Newell, Nema N., No. 13-005830-CC (Condemnation);

195. City of Detroit v. Jones, James N., No. 13-005831-CC (Condemnation);

196. City of Detroit v. Jones, James N., No. 13-005832-CC (Condemnation);

197. Manos, Dino v. City of Detroit and Abram, Frank H. , No. 12-011400, Mich. 36th Dist. Ct.;

198. City of Detroit v. Priscilla White, No. 06-120153-GC, Mich. 36th Dist. Ct.;

199. City of Detroit v. Tommie L. Douglas, Jr., No. 13-116328, Mich. 36th Dist. Ct.;

200. City of Detroit v. Natoshia Lane Lucas, No. GC-08H559, Mich. 36th Dist. Ct.;

201. City of Detroit v. James Strickland, No. 12-103387-GC, Mich. 36th Dist. Ct.;

202. City of Detroit v. Giant Janitorial Services Inc & Peter J. Huthwaite, No. 02-147508, Mich. 36th Dist. Ct.;

203. City of Detroit v. Deborah Davenport Bankruptcy, No. 03-65075, Bankr. E.D. Mich.;

204. City of Detroit v. Renaissance West Comental Helath Services et al., No. 04-405900-CZ, Mich. Third Judicial Cir.;

205. City of Detroit v. Ernest Karr, No. 13-009376, Mich. 36th Dist. Ct.;

206. City of Detroit v. Clarence & Marilyn Bell, Mich. 36th Dist. Ct.;

207. City of Detroit v. John W. & Martha Higgins, Mich. 36th Dist. Ct.;

208. City of Detroit v. Beverly Jeanette, Mich. 36th Dist. Ct.;

209. City of Detroit v. Gwendolyn Broadnax, Mich. 36th Dist. Ct.;

210. City of Detroit v. Emily Talbert-Holt, No. 09-003020-CZ, Mich. Third Judicial Cir.;

211. City of Detroit v. Linda Terry, No. 09-17213-GC, Mich. 36th Dist. Ct.;

212. City of Detroit v. Dwayne B. Toles, No. 07-157206-GC, Mich. 36th Dist. Ct.;

213. City of Detroit v. Victor C. Travier, No. 08-126677-GC, Mich. 36th Dist. Ct.;

214. City of Detroit v. Victoria L. Cliett, No. 13-118142, Mich. 36th Dist. Ct.;

215. City of Detroit v. Bessie Harris, No. 08-126678-GC, Mich. 36th Dist. Ct.;

216. City of Detroit v. Donald R. & Latania C. McClendon, No. 08-145303-GC, Mich. 36th Dist. Ct.;

217. City of Detroit v. Jeanette Beverly, No. 09-108564-GC, Mich. 36th Dist. Ct.;

218. City of Detroit v. Linda Terry, No. 09-17213-GC, Mich. 36th Dist. Ct.;

219. City of Detroit v. Sharon Brown, No. 09-114024-GC, Mich. 36th Dist. Ct.;

220. City of Detroit v. Emily Talbert-Holt, No. 09-003020-CZ, Mich. 36th Dist. Ct.;

221. City of Detroit v. Deborah Hicks, No. 13-012387, Mich. 36th Dist. Ct.;

222. City of Detroit v. Flozelle Crosby, No. 09-112041-GC, Mich. 36th Dist. Ct.;

223. City of Detroit v. Vanessa A. Hall, No. 09-112039-GC, Mich. 36th Dist. Ct.;

224. City of Detroit v. Milton s. & Brenda K. Campbell, No. 09-114017-GC, Mich. 36th Dist. Ct.;

225. City of Detroit v. Jerel Johnson & Deshawn L. Morrison, No. 09-131660-GC, Mich. 36th Dist. Ct.;

226. City of Detroit v. Will Ivey, No. 13-118143, Mich. 36th Dist. Ct.;

227. City of Detroit v. Melvin Eades and Rachel Eades, No. 09-135760, Mich. 36th Dist. Ct.;

228. City of Detroit v. James Woodget, No. 10-104902-GC, Mich. 36th Dist. Ct.;

229. City of Detroit v. Pamela Franklin and Marvin Franklin, No. 10B2476, Mich. 36th Dist. Ct.;

230. City of Detroit v. Yvette Pugh, No. 11-107209-GC, Mich. 36th Dist. Ct.;

231. City of Detroit v. Everette Driver & Sheila Driver, No. 11-107031-GC, Mich. 36th Dist. Ct.;

232. City of Detroit v. Paul Swanson, No. 1102022H-GC, Mich. 41B Dist. Ct.;

233. City of Detroit v. Gillian John, No. 13-118144, Mich. 36th Dist. Ct.;

234. City of Detroit v. Luther Gray III, No. 07-122557-GC, Mich. 36th Dist. Ct.;

235. City of Detroit v. Tony Davis Garnishment, No. 08-114619-CD, Mich. 36th Dist. Ct.;

236. City of Detroit v. Bennie Hayden, No. 13-C3512-GC, Mich. 36th Dist. Ct.;

237. City of Detroit v. Raymond McMurrian, No. 12-117043-GC, Mich. 36th Dist. Ct.;

238. City of Detroit v. Timothy Ebendick and Colleen Ebendick, No. 13-117680-gc, Mich. 36th Dist. Ct.;

239. City of Detroit v. Sea-Breeze Traing Corp dba City Laundry Pers Prop, Mich. Third Judicial Cir.;

240. City of Detroit v. Jean James, No. 13-117268-GC, Mich. 36th Dist. Ct.;

241. City of Detroit v. Chezcore Inc. & Cieskowksi, David, Mich. Third Judicial Cir.;

242. City of Detroit v. Monica Chavers, No. 13-118145, Mich. 36th Dist. Ct.;

243. City of Detroit v. Slack, Jonathon, No. 13-117270-GC, Mich. 36th Dist. Ct.;

244. City of Detroit v. Kevin Doss, No. 13-117269-GC, Mich. 36th Dist. Ct.;

245. City of Detroit v. Mack Orangelo, No. 13-39949-GC, Mich. 36th Dist. Ct.;

246. Markos Patty Store v. City of Detroit, No. 13-000003-CZ, Mich. Third Judicial Cir.;

247. City of Detroit v. Gloria Ballard, Mich. 36th Dist. Ct.;

248. City of Detroit v. Daryl Johnson & Nadeine Johnson, Mich. 36th Dist. Ct.;

249. City of Detroit v. Rebecca Shelton, Mich. 36th Dist. Ct.;

250. City of Detroit v. Cynthia Snith & Kwame Smith, No. 13-117678-GC, Mich. 36th Dist. Ct.;

251. City of Detroit v. Zeola Carey, No. 09-107281, Mich. 36th Dist. Ct.;

252. City of Detroit v. Kenneth Tinsley & Cheryl Tinsley, Mich. 36th Dist. Ct.;

253. City of Detroit v. Louis Parker, Mich. 36th Dist. Ct.;

254. City of Detroit v. Matthew Underwood & Vantress Underwood, No. 13-117679-GC, Mich. 36th Dist. Ct.;

255. City of Detroit v. James D. & Marva E. Washington, No. 03-145330-GC, Mich. 36th Dist. Ct.;

256. City of Detroit v. Belda P. Garza, No. 07-122553-GC, Mich. 36th Dist. Ct.;

257. City of Detroit v. Fred Hill, No. 14-101263-GC, Mich. 36th Dist. Ct.;

258. City of Detroit v. Kathrine Luckett, No. 13-122872-GC, Mich. 36th Dist. Ct.;

259. City of Detroit v. Mary Majek, No. 14-101262-GC, Mich. 36th Dist. Ct.;

260. City of Detroit v. Kyler Reamuless, No. 13-122874-GC, Mich. 36th Dist. Ct.;

261. City of Detroit v. Mary Waters, No. 13-121800, Mich. 36th Dist. Ct.;

262. City of Detroit v. Meal Tech Products, Inc. & Letitia Gordon, No. 14--000586-CZ, Mich. Third Judicial Cir.;

263. City of Detroit v. Davis McGill & Juwanna D. McGill, No. 13-20224-GC, Mich. 36th Dist. Ct.;

264. City of Detroit v. Majestic Theater center Inc., No. 11-007260-CZ, Mich. Third Judicial Cir.;

265. City of Detroit v. Shelbourne Group In. Y Leipsitz-Makino, Kathy, No. 14-102379-GC, Mich. 36th Dist. Ct.;

266. City of Detroit v. Ali Beidoun, No. 13-121801, Mich. 36th Dist. Ct.;

267. City of Detroit v. Marcel Maurice Moore, No. 07-04395T-GC, Mich. 41B Dist. Ct.;

268. City of Detroit v. Shashu Makeda Harris, No. 06-101803-GC, Mich. 36th Dist. Ct.;

269. City of Detroit v. Lesley Girard Gates, No. 06-120154-GC, Mich. 36th Dist. Ct.;

270. City of Detroit v. Shawn Myatt, Mich. 36th Dist. Ct.;

271. City of Detroit v. Angela Nicole Shelly, No. 07-122578-GC, Mich. 36th Dist. Ct.;

272. City of Detroit v. Ann Francine Smith, No. 07-117414-GC, Mich. 36th Dist. Ct.;

273. City of Detroit v. Saun Roland Scott, No. 07-122576-GC, Mich. 36th Dist. Ct.;

274. City of Detroit v. Faynese deeneil Robinson-Law, No. 06-101802-GC, Mich. 36th Dist. Ct.;

275. City of Detroit v. Celia Harris, No. 13-121803, Mich. 36th Dist. Ct.;

276. City of Detroit v. Delois Kirkman, No. 07-134556-GC, Mich. 36th Dist. Ct.;

277. City of Detroit v. Michael Amthony Hines, No. 06-120152-GC, Mich. 36th Dist. Ct.;

278. City of Detroit v. Derrick James McDowell, No. 07-58101-GC, Mich. 36th Dist. Ct.;

279. City of Detroit v. Tamaara Morris, No. 06-101804-GC, Mich. 36th Dist. Ct.;

280. City of Detroit v. Rhonda Joann White, No. 07-134557-GC, Mich. 36th Dist. Ct.;

281. City of Detroit v. Danetta L. Simpson, No. 12-121739-GC, Mich. 36th Dist. Ct.;

282. City of Detroit v. Kildare Clarke, No. 08-00468-GC, Mich. 36th Dist. Ct.;

283. City of Detroit v. Aretha Lula Crawford, No. 07-145090-GC, Mich. 36th Dist. Ct.;

284. City of Detroit v. Euel Kinsey, No. 14-304163, Mich. 36th Dist. Ct.;

285. City of Detroit v. Natasha Nakie-Nacole Coats, No. 08-C0945-GC, Mich. 36th Dist. Ct.;

286. City of Detroit v. Rebecca Marie Dunn, No. 07155738-GC, Mich. 36th Dist. Ct.;

287. City of Detroit v. Eve Reedy Doster, No. 08-106725-GC, Mich. 36th Dist. Ct.;

288. City of Detroit v. Barnstormer Pilot Club, LLC, No. 14-002984, Mich. 36th Dist. Ct.;

289. City of Detroit v. Virginia Francnessa Flamer, No. 07-145091-GC, Mich. 36th Dist. Ct.;

290. City of Detroit v. Gregory Lynn Delaney, No. 07-145091-GC, Mich. 36th Dist. Ct.;

291. City of Detroit v. Tyrone Jemall Peals, No. 07-117411-GC, Mich. 36th Dist. Ct.;

292. City of Detroit v. Paul Douglas Bosman, No. 07-1805-GC, Mich. 22nd Dist. Ct.;

293. City of Detroit v. Ann Francien Smith, Mich. 36th Dist. Ct.;

294. City of Detroit v. Khatoon Dawood, No. 08-C01778-GC-01, 52nd Dist. Ct.;

295. City of Detroit v. Jaroslaw Sziejter, No. 09-114019, Mich. 36th Dist. Ct.;

296. City of Detroit v. Kimberly James, Mich. 36th Dist. Ct.;

297. City of Detroit v. Rachel Erika Thomas-Sharpe, Mich. 36th Dist. Ct.;

298. City of Detroit v. Tawanda Latreese Wilder, No. 09-114021-GC, Mich. 36th Dist. Ct.;

299. City of Detroit v. Elgin R. Taylor, No. 09-114022-GC, Mich. 36th Dist. Ct.;

300. City of Detroit v. Lasonia Smith, Mich. 36th Dist. Ct.;

301. City of Detroit v. Lamont Street, Mich. 36th Dist. Ct.;

302. City of Detroit v. Shealtiel N. Moore, Mich. 36th Dist. Ct.;

303. City of Detroit v. Jaroslaw Sziejter, No. 09-114019, Mich. 36th Dist. Ct.;

304. City of Detroit v. Christine Myers, Gavin Harrison, Karen Kialka, No. 09-114016-GC, Mich. 36th Dist. Ct.;

305. City of Detroit v. Verizon, Mich. 36th Dist. Ct.;

306. City of Detroit v. Marcus Ricardo Gary, No. 09-114018-GC, Mich. 36th Dist. Ct.;

307. City of Detroit v. Christine Myers, Gavin Harrison, Karen Kialka, No. 09-114016-GC, Mich. 36th Dist. Ct.;

308. City of Detroit v. Derek Culver, No. 13-121802, Mich. 36th Dist. Ct.;

309. City of Detroit v. Rita Lynette Powell-Pyles, No. 09-131657-GC, Mich. 36th Dist. Ct.;

310. City of Detroit v. Kari Burge, No. 10-106504-GC, Mich. 36th Dist. Ct.;

311. City of Detroit v. Jerea Deana Jackson, No. 08-106730-GC, Mich. 36th Dist. Ct.;

312. City of Detroit v. Angelo Iafrate, Mich. 36th Dist. Ct.;

313. City of Detroit v. Jamal Anthony Gaddie, No. 07-141061-GC, Mich. 36th Dist. Ct.;

314. City of Detroit v. Sophia Hawkins, No. 07-141894-GC, Mich. 36th Dist. Ct.;

315. City of Detroit v. Terrance Thomas, No. 10-108337-GC, Mich. 36th Dist. Ct.;

316. City of Detroit v. Terrance Thomas, No. 10-108337-GC, Mich. 36th Dist. Ct.;

317. City of Detroit v. Maia Williams, Mich. 36th Dist. Ct.;

318. City of Detroit v. Frances Blue, No. 10-118297-GC, Mich. 36th Dist. Ct.;

319. City of Detroit v. Jerel D. Matthaw, No. 10-122303, Mich. 36th Dist. Ct.;

320. City of Detroit v. Ashli R. Thomas, No. 10-122302-GC, Mich. 36th Dist. Ct.;

321. City of Detroit v. George Webb, No. 10-121743-GC, Mich. 36th Dist. Ct.;

322. City of Detroit v. Elsie L. Green & Sadie Reynolds, No. 10-124040-GC, Mich. 36th Dist. Ct.;

323. City of Detroit v. Wayne County 7 Raymond J. Wojtowitcz, No. 13-000036-MZ-C30, Mich. 36th Dist. Ct.;

324. City of Detroit v. Kenneth L. Hurt, No. 11-105194-GC, Mich. 36th Dist. Ct.;

325. City of Detroit v. Tiyunna George, Mich. 36th Dist. Ct.;

326. City of Detroit v. Dejuan L. Washington, No. 11-105192-GC, Mich. 36th Dist. Ct.;

327. City of Detroit v. Marc Williams, No. 12-103384-GC, Mich. 36th Dist. Ct.;

328. City of Detroit v. Charles Williams, Mich. 36th Dist. Ct.;

329. City of Detroit v. Jennifer Bramer, No. 12-103386-GC, Mich. 36th Dist. Ct.;

330. City of Detroit v. Ronald Taylor, No. 04-117439-GC, Mich. 36th Dist. Ct.;

331. City of Detroit v. Empire Leasing, No. 14-15917-GC, Mich. 36th Dist. Ct.;

332. City of Detroit v. Wise Finley, No. 14-105916-GC, Mich. 36th Dist. Ct.;

333. City of Detroit v. John Louis Herring, Mich. 36th Dist. Ct.;

334. City of Detroit v. Damon Key, No. 14-15921-GC, Mich. 36th Dist. Ct.;

335. City of Detroit v. Claudio Lopez, Mich. 36th Dist. Ct.;

336. City of Detroit v. Michael Mingo, No. 14-105920-GC, Mich. 36th Dist. Ct.;

337. City of Detroit v. Myrtle Pasha, Mich. 36th Dist. Ct.;

338. City of Detroit v. Larry Callahan, No. 08-105046-GC, Mich. 36th Dist. Ct.;

339. City of Detroit v. Anthony Caslio, No. 07-154008-GC, Mich. 36th Dist. Ct.;

340. City of Detroit v. Antonio L. Johnson, No. 08-122838-GC, Mich. 36th Dist. Ct.;

341. City of Detroit v. Markeeda Morgan, No. 07-124692-GC, Mich. 36th Dist. Ct.;

342. City of Detroit v. 19696 Omira, No. 09-110228-GC, Mich. 36th Dist. Ct.;

343. City of Detroit v. Cadolba Management and Associates, No. 09-120755-GC, Mich. 36th Dist. Ct.;

344. City of Detroit v. Clarence Edward Key, No. 09-114023-GC, Mich. 36th Dist. Ct.;

345. Motor City Bending Inc vs City of Detroit, No. 07-729179, Mich. 36th Dist. Ct.;

346. City of Detroit v. 19696 Omira, No. 09-110228, Mich. 36th Dist. Ct.;

347. City of Detroit v. Cadpba Management and Associates, No. 09-120755, Mich. 36th Dist. Ct.;

348. City of Detroit v. Clarence Edward Key, No. 09-114023, Mich. 36th Dist. Ct.;

## **CERTIFICATE OF SERVICE**

I, Heather Lennox, hereby certify that the foregoing Notice of Filing Plan Supplement:  Exhibit I.A.146 (Principal Terms of Exit Facility); Exhibit I.A.255 (Form of Restoration Trust Agreement); Exhibit II.D.5 (Schedule of Postpetition Collective Bargaining Agreements); and Exhibit III.D.2 (Retained Causes of Action) was filed and served via the Court's electronic case filing and noticing system on this 11th day of August, 2014.

/s/ Heather Lennox