**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | In Proceedings Under Chapter 9 |
| Debtor. | Hon. Steven W. Rhodes |

**OAKLAND COUNTY'S SUPPLEMENTAL OBJECTION TO CONFIRMATION OF THE CITY OF DETROIT, MICHIGAN'S PROPOSED PLAN OF ADJUSTMENT**

Oakland County, Michigan ("Oakland County"), a contingent creditor and party in interest in the above-captioned case, by and through its undersigned counsel, hereby files its Supplemental Objection To Confirmation Of The City of Detroit, Michigan's (the "City") Proposed Plan Of Adjustment, as amended (the "Plan"), and in support thereof states as follows:

1. Discovery in this Chapter 9 proceeding has resulted in disclosures of additional bases supporting objection to the Plan.

2. As a result of the specific methods and assumptions used by the City to calculate and fund the GRS UAAL (both as defined in the Plan), the Plan, as proposed, violates applicable law in that it requires funding of alleged obligations of the City (the GRS UAAL) by the DWSD which are overstated and which the DWSD is prohibited as a matter of law from funding (the "Illegally Funded Obligations"). Moreover, as a result of the Illegally Funded Obligations, the City through the DWSD, is paying obligations which (i) it does not owe, (ii) are unreasonable, and

1

(iii) cannot be actuarially substantiated, thus further supporting that the Plan is not proposed in good faith and is not fair and equitable.

3. Specifically, Oakland County's objections to the Plan are further supported by the following:

a. The City has erroneously asserted that the GRS UAAL is "due and owing," in an effort to justify the terms of the payment by DWSD of its alleged share of the GRS UAAL, as required by the Plan;

b. In fact, minimally, the DWSD has funded historically all of its share of the GRS UAAL, as authorized by the GRS and its actuaries, Gabriel Roeder Smith, in accordance with applicable actuarial standards;

c. The City, in an attempt to alleviate itself from the burden of funding the GRS UAAL, illegally ascribed such burden to the DWSD, an enterprise fund, and has both overstated the GRS UAAL in the Plan and required the DWSD to fund a disproportionate share of the GRS UAAL.

d. The City and the Plan rely on an inaccurate calculation of the GRS UAAL; such reliance, in turn, requires the DWSD to improperly fund overstated amounts as its alleged pro rata share. Specifically, among other things:

(i) The calculation of its market value of the assets of the GRS is based on unreasonable and unreliable methods, including the miscalculation or non-calculation of the actual market value of the GRS assets;

(ii) Historical gains or losses have not been properly accounted for and allocated in calculating the DWSD's pro rata share of assets in the GRS;

(iii) No provision is made for attributing historical liabilities owed by the GRS to employees transferred into or out of the DWSD;

(iv) GRS UAAL calculations were made using the Entry Age Normal actuarial cost method which inappropriately includes provisions for benefits which are not vested;

(v) The specified investment return assumption of 6.75% used to calculate the GRS UAAL at June 30, 2014 is not reasonable, differs from historical treatment and performance of the GRS, and is otherwise an outlier when compared with the overwhelming majority of municipal plans;

e. The 9-year period over which the GRS UAAL attributed to DWSD is to be fully funded is unreasonable, not actuarially sound or fair, and results under any interpretation of the Plan in payment to the GRS by the DWSD of a disproportionate amount of the UAAL on an annual basis.

f. The period over which the GRS UAAL attributed to the non-DWSD departments at the City is to be fully funded is unreasonable, and in comparison to the period of funding by the DWSD, results in an underfunding by the City, causing the DWSD employees to realize less benefit than the amounts contributed by the DWSD to the GRS on their behalf.

g. The determination of the DWSD's funds to the GRS and its share of any UAAL was determined not actuarially, but rather by the City's misguided negotiations with retirees causing the City to have to back into a pre-negotiated UAAL rather than such liability being calculated based on sound actuarial assumptions.

3

h. The City's GRS UAAL claim calculations improperly include $387 million in excess interest paid through the Annuity Savings Fund.

4. **RESERVATION OF RIGHTS.** Oakland County hereby reserves and preserves all of its rights, remedies, and arguments in connection with its objections to the Plan and reserves all right(s) to supplement its objections and to be heard before the Court with regard to the arguments set forth in this objection, as well as reserves the right to make any other applicable arguments, including those raised in other objections and/or other joinders to the objections raised by other parties with respect to the Plan.

**WHEREFORE**, Oakland County respectfully requests, for all the reasons contained herein, that this Honorable Court deny confirmation of the Plan in its present form.

Respectfully Submitted,

Dated: August 12, 2014     **CARSON FISCHER, P.L.C.**

By: */s/ Joseph M. Fischer*
Joseph M. Fischer (P13452)
Robert A. Weisberg (P26698)
Christopher Grosman (P58693)
4111 Andover Road, West – 2nd Floor
Bloomfield Hills, Michigan 48302-1924
Telephone: (248) 644-4840
Facsimile: (248) 644-1832
JFischer@CarsonFischer.com
RWeisberg@CarsonFischer.com
CGrosman@CarsonFischer.com

*Co-counsel for Oakland County, Michigan*

-and-

4

YOUNG & ASSOCIATES


By: */s/ Sara K. MacWilliams*
Sara K. MacWilliams (P67805)
Jaye Quadrozzi (P71646)
27725 Stansbury Blvd., Suite 125
Farmington Hills, MI 48334
Telephone: (248) 353-8620
Email: efiling@youngpc.com
   macwilliams@youngpc.com
   quadrozzi@youngpc.com

*Co- Counsel for Oakland County, Michigan*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | ) Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | ) In Proceedings Under |
| | ) Chapter 9 |
| Debtor. | ) |
| | ) Hon. Steven W. Rhodes |

## **CERTIFICATE OF SERVICE**

    I, Joseph M. Fischer, hereby certify that the foregoing *Oakland County's Supplemental Objection To Confirmation Of The City of Detroit, Michigan's Proposed Plan Of Adjustment* was filed and served via the Court's electronic case filing and noticing system on this 12th day of August, 2014.

                                                  */s/ Joseph M. Fischer*
                                                 Joseph M. Fischer (P13452)