# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                       Honorable Sean F. Cox

City of Detroit, *et al.*,              Case No. 77-71100

    Defendants.

_____/

## ORDER

For the reasons set forth in this Court's September 9, 2011 Opinion & Order (Docket Entry No. 2397), and this Court's November 4, 2011 Order (Docket Entry No. 2410), based upon the extensive record in this case, this Court concluded that certain collective bargaining agreement ("CBA") provisions and work rules are impeding the DWSD from achieving and maintaining both short-term and long-term compliance with its NPDES permit and the Clean Water Act and ordered certain injunctive relief in its November 4, 2011 Order. Among other things, this Court ordered that:

> 3.     The DWSD shall act on behalf of the City of Detroit to have its own CBAs that cover DWSD employees ("DWSD CBAs"). DWSD CBAs shall not include employees of any other City of Detroit departments. The Director of the DWSD shall have final authority to approve CBAs for employees of the DWSD.

(*Id.* at 6, ¶ 3). *The above paragraph was intended to sever DWSD employees from existing bargaining units that were comprised of both DWSD and non-DWSD employees, thereby establishing separate DWSD bargaining units that cover only DWSD employees.* The November 4, 2011 Order also included several other provisions that relate to CBAs and work rules.

1

In addition, the Court enjoined the Michigan Employment Relations Commission ("MERC") from exercising jurisdiction over disputes arising from the changes ordered by the Court. (*Id.* at 7, ¶ 13).

This matter is now before the Court on the DWSD's Motion for Relief Essential to Compliance with this Court's November 4, 2011 Order Mandating DWSD-Specific Collective Bargaining Agreements (Docket Entry No. 2469). In this motion, the DWSD states that, in defiance of this Court's November 4, 2011 Order, the Association of Municipal Engineers ("AME"), the Association of Detroit Engineers ("ADE"), and the Association of Professional and Technical Employees ("APTE") have adamantly refused to either negotiate separate DWSD-specific CBAs or agree to the severance of DWSD employees from the pre-existing mixed bargaining units. In addition, although the Association of Professional Construction Inspectors ("APCI") has entered into an agreement with DWSD on behalf of its DWSD employees, it has refused to agree to the formal severance of the bargaining unit. The DWSD therefore filed Unit Clarification Petitions with MERC, seeking severance of DWSD employees from each of those four mixed bargaining units.

MERC, however, has declined to take action on those petitions, out of concern that doing so may violate this Court's November 4, 2011 Order (i.e., paragraph 13 on Page 7). MERC advised the DWSD that the petitions would be held in abeyance pending further direction from this Court. MERC advised that it would act on the petitions if the DWSD obtained written clarification of this Court's November 4, 2011 Order. (*See* Docket Entry No. 2469, Page ID 15954-55).

As a result, the DWSD's motion asks this Court to clarify its November 4, 2011 Order

2

and either: a) order that DWSD employees are severed from each union mixed bargaining unit, thus establishing a separate DWSD bargaining unit; or b) require MERC to sever DWSD employees from each Union mixed bargaining unit, thus establishing a separate DWSD bargaining unit.

Having considered the DWSD's motion, its brief in support, and the Declaration of Lamont Satchel, Labor Relations Director of the City of Detroit, and the Court being fully advised in the premises, the Court hereby:

1) CLARIFIES that Paragraph 3 on Page 6 of this Court's November 4, 2011 Order was intended to, and shall be construed as, ordering the severance of DWSD employees from existing bargaining units that are comprised of both DWSD and non-DWSD employees, thereby establishing separate DWSD bargaining units that cover only DWSD employees; and

2) ORDERS that MERC is not enjoined from ruling on the DWSD's pending Clarification Petitions, in order to effectuate the above severancing ordered by this Court.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: August 23, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 23, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

3