UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**UNITED STATES OF AMERICA'S BRIEF IN RESPONSE TO ORDER OF CERTIFICATION PURSUANT TO 28 U.S.C. § 2403(a)**

The United States of America hereby responds to the Court's *Order of Certification Pursuant to 28 U.S.C. § 2403(a)* (the "Certification Order") (Docket No. 5925), entered July 11, 2014. For the reasons set forth below, the United States believes that the plan objections cited in the Certification Order raise important issues but do not currently present a substantial constitutional challenge to chapter 9 of the Bankruptcy Code.

**The Certification Order**

In the Certification Order, the Court certified to the Attorney General pursuant to 28 U.S.C. § 2403(a) that the "constitutionality of Chapter 9 of Title 11 of the United States Code is drawn into question in this case." The Court identified two separate sets of objections to the Debtor's *Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* (the "Plan") (Docket No. 4392) as having asserted that chapter 9 is unconstitutional if it allows the discharge or impairment of the objectors' claims for (a) civil rights violations arising under 42 U.S.C. § 1983 (Docket Nos. 4099, 4224, 5690 and 5693) (the "Section 1983 Objections") or (b) just compensation arising under the Fifth and Fourteenth Amendments of the United States Constitution (Docket Nos. 3412 and

5671) (the "Condemnation Objections" and with the Section 1983 Objections, the "Plan Objections"). *Certification Order* at 1.[1] The Certification Order permitted the United States to intervene for argument on these constitutional questions and requested the Attorney General to file a brief addressing them by August 13, 2014. *Id.*[2]

### The Plan Objections

I.  The Section 1983 Objections

Eight different creditors filed the Section 1983 Objections. All the creditors are plaintiffs in pending lawsuits against the Debtor and certain of its officials arising under the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, Docket No. 4099 at ¶ 2; Docket No. 4224 at ¶ 1, none of which have been reduced to judgment. The Section 1983 Objections assert that the Plan is unconstitutional because it violates the creditors' rights under the Fourteenth Amendment and 42 U.S.C. § 1983, Docket No. 4099 at ¶ 10; Docket No. 4224 at ¶¶ 7 and 8, and seek a determination that the Plan is unconstitutional due to its treatment of their damages claims under the Civil Rights Act of 1871, Docket No. 5690 at 12 ("[I]nsofar as it includes the reduction and evisceration of § 1983 claimant's damages claim, [the Plan] is unconstitutional."); Docket 5693 at 2 ("[R]equesting that this Court issue an Order stating that [the Plan] is unconstitutional as to § 1983 Plaintiffs."). The Section 1983 Objections assert that the Plan must pay those creditors

---

[1] The United States takes no position on whether the Plan's treatment of the objectors' claims violates any applicable provision of title 11 of the United States Code (the "Bankruptcy Code").

[2] Since the Court's issuance of the Certification Order, the Debtor has filed a fifth amended plan, Docket No. 6257, and a corrected version thereof, Docket No. 6379. Upon information and belief, neither affects the Court's request in the Certification Order nor this response thereto.

2

the full amount of their claims, Docket No. 4099 at 8 (seeking an order "[r]equir[ing] the Debtor to set forth a revised Amended Plan that exempts claims brought under 42 U.S.C. §§1983, 1988 from any resolution short of full and complete compensation"), as opposed to 10% - 13% of their liquidated value, Docket No. 5690 at 9 n.7.  Further, the Section 1983 Objections do not request that this Court declare chapter 9, or any section within it, unconstitutional.

II.     The Condemnation Objections

Three different creditors raise the Condemnation Objections.  Two have pending condemnation or inverse condemnation cases against the Debtor.  Docket No. 3412 at 2 and 4.  The third holds a prepetition, final judgment for partial inverse condemnation that requires, in part, the Debtor to pay $3,800 per month until it acquires ownership of the subject property or lifts the restrictions on its use.  *Id*. at 3-4.  Prepetition, the Debtor made these monthly payments but stopped when it filed bankruptcy.  *Id*.

The Condemnation Objections assert that "the Plan violates the Fifth and Fourteenth Amendments of the U.S. Constitution, because the Plan impairs the relief available to parties whose property has been taken by the City of Detroit through condemnation or inverse condemnation."  Docket No. 5671 at 1.  Accordingly, those objections request that the Plan "be amended to rule that claims based in inverse condemnation and condemnation, which are based on the taking of property without just compensation, are not subject to reduction or compromise."  Docket No. 3412 at 7.  The Condemnation Objections do not seek a judicial determination that chapter 9, in whole or in part, is unconstitutional.

3

**Discussion**

I. The Section 1983 Objections Do Not Raise a Constitutional Issue

In section 1983, Congress created a cause of action for individuals who suffer violations of their federal constitutional rights committed under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1999) (holding that section 1983 creates a species of tort liability to provide relief for invasions of rights protected under federal law). The statute's purpose is: (1) to compensate persons for injuries caused by deprivation of federal rights and (2) to serve as a deterrent against future violations of those rights. *Owen v. City of Independence, Missouri*, 445 U.S. 622, 651 (1980). The statute itself, however, does not create any substantive rights. *City of Monterey*, 526 U.S. at 749 n.9 (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Moldowan v. City of Warren*, 578 F.3d 351, 376 (6th Cir. 2009) (same).

The damages remedy in section 1983 exists only by legislative grace and not constitutional requirement. No provision of the Constitution requires the creation of the damages remedy or that any claim arising from its exercise be paid in full. Underscoring this proposition is the Supreme Court's consistent reliance on the statute's text and legislative history to decide the scope of the damages remedy. *See Monell v. Dep't of Social Servs. of the City of New York.*, 436 U.S. 658, 701 (1978) (overruling *Monroe v. Pape*, 365 U.S. 167 (1961), in holding that Congress intended persons under section 1983 to include municipal corporations after a detailed review of the statute's text and legislative history); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that neither a State nor its officials were persons, particularly where permitting

4

plaintiffs to name officials rather than a State would "circumvent congressional intent by a mere pleading device"); *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) (holding neither the Territory of Guam nor its officials were persons within section 1983 after "examin[ing] the statute's language and purpose").

Because section 1983 creates a damages remedy and not substantive rights and because that remedy arises from congressional enactment and not constitutional mandate, the United States submits that the Plan's treatment of the section 1983 claims does not raise an issue arising under the Fourteenth Amendment.[3]

II. Impairment of Claims for Just Compensation Arising Under the Fifth Amendment Would Raise Substantial Constitutional Concerns

"The Fifth Amendment's Takings Clause prevents the Legislature (and other government actors) from depriving private persons of vested property rights except for a 'public use' and upon payment of 'just compensation.'" *Landgraf*, 511 U.S. at 266. It "does not prohibit the taking of private property, but instead places a condition on the exercise of that power [and] is designed not to limit the governmental interference with property rights *per se,* but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking." *First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 314-15 (1987) (emphasis in original).

---

[3] To the extent the Section 1983 Objections assert that the Plan's treatment of the claims violates the Takings Clause of the Fifth Amendment, such an assertion lacks merit. The Takings Clause protects only vested (as opposed to inchoate) property rights, *Landgraf v. USI Film Prods.*, 511 U.S. 244, 266 (1994), and property rights in a cause of action, such as the section 1983 claims, do not vest until reduced to a final unreviewable judgment, *Bowers v. Whitman*, 671 F.3d 905, 914 (9th Cir. 2012); *accord Arbour v. Jenkins*, 903 F.2d 416, 420 (6th Cir. 1990) ("The fact that the statute is retroactive does not make it unconstitutional [because] a legal claim affords no definite or enforceable property right until reduced to final judgment."); *Stauffer v. Brooks Bros. Group, Inc.*, 2014 WL 3360802 *6 (Fed. Cir. 2014) (same).

5

The Supreme Court "has never attempted to prescribe a rigid rule for determining what is 'just compensation' under all circumstances and in all cases." *U.S. v. Commodities Trading Corp.*, 339 U.S. 121, 123 (1950); *U.S. v. Cors*, 337 U.S. 325, 332 (1949) ("The Court in its construction of the constitutional provision has been careful not to reduce the concept of 'just compensation' to a formula."). Nevertheless, "the dominant consideration always remains the same: What compensation is 'just' both to an owner whose property is taken and to the public that must pay the bill?" *Commodities Trading Corp* at 123. Articulated differently, "[t]he underlying principle is that the dispossessed owner 'is entitled to be put in as good a position pecuniarily as if his property had not been taken. He must be made whole but is not entitled to more.'" *U.S. v. Certain Land Situated in City of Detroit*, 547 F. Supp. 680, 682 (E.D. Mich. 1982) (quoting *Olson v. U.S.*, 292 U.S. 246, 255 (1934)).

Congress's constitutional bankruptcy power, Art. I, sec. 8, cl. 4, "is subject to the Fifth Amendment's prohibition against taking private property without compensation." *U.S. v. Security Indus. Bank*, 459 U.S. 70, 75 (1982). Accordingly, a bankruptcy court may not direct or authorize that less than just compensation may be paid for the taking of property, whether that is through direct condemnation or inverse condemnation.

Here, whether the Plan proposes to pay less than just compensation to the claimants asserting the Condemnation Objections or any holder of a claim for just compensation is currently unclear. Indeed, the Debtor has conceded it does not know the facts surrounding all of the condemnation actions to which it is a party, Docket No. 6092 (audio transcript of July 16, 2014 hearing), and that some of the claims arising from such actions may ultimately receive treatment as a secured claim under the Plan, *id*. To the

6

extent that the Plan proposes, however, to pay less than the full amount of a claim based on a just compensation award, regardless of when that award or the facts giving rise to it occur, i.e., prepetition or postpetition, such treatment would raise substantial constitutional questions. The Just Compensation Clause would appear to require these claims to be treated as nondischargeable.[4]

The Court can avoid, however, such constitutional questions through the discretion afforded it under section 944(c)(1) of the Bankruptcy Code, which states that a chapter 9 debtor "is not discharged under subsection (b) of this section from any debt – (1) excepted from discharge by the plan or order confirming the plan." 11 U.S.C. § 944(c)(1). This provision provides the Court sufficient equitable flexibility to exclude the just compensation claims from the discharge of section 944(b) and vindicate the Fifth Amendment's protection.

The United States is not suggesting that the flexibility to deem claims nondischargeable in section 944(c)(1) is without bounds; however, unlike the other bankruptcy chapters, chapter 9 contains no specific enumerations of what debts are nondischargeable, such as in sections 523 and 1141 of the Bankruptcy Code, which Congress expressly made inapplicable in this case, 11 U.S.C. § 901(a). Therefore, no provision of chapter 9 expressly limits a court's discretion under section 944(c)(1) or precludes a court from ordering the nondischargeability of a just compensation claim. Absent such statutory limitation, the United States respectfully submits that, in the

---

[4] A determination that the condemnation claims are nondischargeable does not mean those claims cannot receive whatever treatment the Plan may provide for them, either as unsecured or secured claims depending on each claim's facts. The determination simply means that the Debtor remains liable to pay the balance of those just compensation claims after deduction of whatever payments those claims may receive under the Plan.

interests of avoiding a constitutional question, the Court should narrowly construe section 944(c)(1) to bar the discharge of just compensation claims.

## CONCLUSION

For all of the foregoing reasons, the United States believes that the Plan Objections, while raising important issues, do not currently present a substantial constitutional challenge to chapter 9 of the Bankruptcy Code. The United States expressly reserves its right to intervene in this case at any point in which it appears that the constitutionality of an Act of Congress affecting the public interest is drawn in question.

Dated: August 12, 2014

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General

BARBARA L. MCQUADE
United States Attorney

JOHN T. STEMPLEWICZ
Acting Director

/s/ Matthew J. Troy
TRACY J. WHITAKER
MATTHEW J. TROY
Attorneys, Civil Division
U.S. Department of Justice
P.O. Box 875
Ben Franklin Station
Washington, DC 20044
Tel: (202) 514-9038
Fax: (202) 514-9163
tracy.whitaker@usdoj.gov
matthew.troy@usdoj.gov
Attorneys for the United States

# CERTIFICATE OF SERVICE

I, Matthew J. Troy, hereby certify that the service of this United States of America's Brief in Response to Order of Certification Pursuant to 28 U.S.C. § 2403(a) was filed and served via the Court's electronic case filing and noticing system on August 12, 2014.

/s/ Matthew J. Troy