UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
(DETROIT)

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | CASE NO.: 13-53846 |
| | ) | |
| | ) | CHAPTER 9 |
| Debtor. | ) | |
| | ) | Hon. Steven W. Rhodes |
| | ) | |

SUPPLEMENTAL OBJECTION OF THE AD HOC COMMITTEE
OF DWSD BONDHOLDERS TO THE CITY'S
CORRECTED FIFTH AMENDED PLAN OF ADJUSTMENT
_____

The members of the Ad Hoc Committee (the "**Ad Hoc Committee**")[1], as holders of those certain bonds (the "**DWSD Bonds**" and the holders of such, the "**DWSD Bondholders**") issued by the City of Detroit (the "**City**") for the Detroit Water and Sewerage Department (the "**DWSD**") to (a) finance and refinance improvements to the City's Water Supply System (the "**Water System**") and (b) finance and refinance improvements to the City's Sewage Disposal System (the "**Sewerage System**," together with the Water System, the "**Systems**"), hereby file this supplemental objection (this "**Supplemental Objection**") to the *Corrected Fifth Amended Plan for the Adjustment of Debts of the City of Detroit (July 29, 2014)* [Doc. 6379] (the "**Plan**")[2].

PRELIMINARY STATEMENT

On May 12, 2014, members of the Ad Hoc Committee filed the *Objection of the Ad Hoc Committee of DWSD Bondholders to the City's Fourth Amended Plan of Adjustment and Joinder*

---

[1] The Ad Hoc Committee members are BlackRock Financial Management, Inc., Eaton Vance Management, Fidelity Management & Research Company, Franklin Advisers, Inc. and Nuveen Asset Management.

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such term in the Plan.

to the DWSD Bond Trustee's Objection to the City's Fourth Amended Plan of Adjustment* [Doc. 4671] (the "**Objection**"). Subsequent to filing the Objection, the City filed its corrected Plan, which failed to address certain issues raised in the Objection and as stated below created additional ambiguities that must be addressed in any amended Plan or Confirmation Order.

This Supplemental Objection is necessary to preserve the rights of the Holders of the DSWD Bonds from any nonconsensual third party release under the Plan, including the release and exculpation provisions set forth at Sections III.D.6 and 7. In addition, recently inserted language at Section III.D.7 of the Plan must be modified to clarify that any release as a result of a claimant's vote to accept the Plan is limited to such claim in that Class and is not a release on account of any Liabilities against the City or any Entity arising in connection with the DWSD Bonds or DWSD Revolving Bonds. For purposes of illustration, if a claimant voted "yes" on the Plan in its capacity as a holder of a Class 8 claim, but voted "no" in its capacity as a holder of Class 1A Claims, the release must be limited to its Class 8 claim and not incorporate a release with respect to its Class 1A Claims. Both of these supplemental, limited objections may be resolved with clarifying language in the Plan or in any order confirming the Plan as provided herein.

The members of the Ad Hoc Committee file this Supplemental Objection in an abundance of caution because, as of the time of this filing, the Court has not yet acted on that certain *Stipulation Concerning the Conduct of the Plan Confirmation Hearing and Modifying Certain Deadlines Established in the Seventh Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Doc. 6643] (the "**Stipulation**"). The Ad Hoc Committee reserves the right to withdraw this Supplemental

Objection, or file a further supplemental objection if, and to the extent, the Stipulation is acted upon by the Court.

## SUPPLEMENTAL LIMITED OBJECTION

A. *Clarification of State Release and Exculpation*.

1. The recently amended Plan continues to include language that appears to provide an impermissible, nonconsensual release for the benefit of certain non-debtor parties, including claims against the State of Michigan (the "**State**") at Sections III.D.6 and 7. As stated in the Objection, the State is the holder of SRF Junior Lien Bonds (as defined in the Objection) that are expressly subordinated to the claims of the senior DWSD Bonds. The Plan must be clarified that the State is not being nonconsensually released from any claim relating to the DWSD Bonds, including the subordination provisions.

2. The City attempted to resolve the Objection with respect to this apparent impermissible third party release within the City's *Consolidated Reply to Certain Objections*, dated May 26, 2014 [Doc. 5034] (the "**City's Omnibus Reply**"). Paragraph 295 of the City's Omnibus Reply expressly stated that the release against the State "affects only holders of Pension Claims and becomes effective only if the State Contribution Agreement is consummated." In seeking to overrule any Plan objection based on the apparent nonconsensual third party release, the City further stated "[t]hat the releases set forth in Section III.D.7.a of the Plan extend to non-debtor third parties is of no consequence because any such releases will be voluntarily and consensual." *See* City's Omnibus Reply, ¶ 296.

3. Notwithstanding the City's representation in the City's Omnibus Reply, the governing language in the Plan remains ambiguous and must be clarified to provide that any release and exculpation provisions in the Plan that benefit the State do not relate to DWSD

3

Bonds or DWSD Revolving Bonds. The members of the Ad Hoc Committee suggest that the following language be inserted into the Confirmation Order to resolve this objection:

> "Notwithstanding anything in this Confirmation Order or in the Plan to the contrary, nothing in the Plan or the Confirmation Order shall or shall be deemed to provide a release or exculpation of the State of any Liabilities arising under or from the DWSD Bond Documents, including any subordination agreements, and all claims of Holders of DWSD Bonds (first and second liens) against the State as Holders of the SRF Junior Lien Bonds are hereby preserved."

    B.  *Clarification of Release upon Holders of Claims in Different Classes*

    4.  Subsequent to filing the Objection, the Plan was amended at Section III.D.7 in an attempt to clarify that a "yes" vote on the Plan by any Holders of a DWSD Bond Claim or DWSD Revolving Bond Claim shall not be deemed to effect a release of any other Claim that does not arise in connection with the DWSD Bonds or DWSD Revolving Bonds. Unfortunately, the City's modification creates additional ambiguity with respect to the reverse – i.e., for Holders of non-DWSD Bond Claims and non-DWSD Revolving Bond Claims that voted "yes" with respect to one or more Classes of Claims, but did not vote "yes" with respect to DWSD Bond Claims or DWSD Revolving Bond Claims. As the Plan reads now, it implies that a Holder that votes "yes" on any Class of Claims other than DWSD Bonds or DWSD Revolving Bonds may be giving a release with respect to any DWSD Bond Claim or DWSD Revolving Bond Claims.

    5.  The foregoing ambiguity may be resolved by inserting the following language into the Confirmation Order:

> "Notwithstanding anything in this Confirmation Order or in the Plan to the contrary, a vote in favor of the Plan by any Holder of a Claim other than a DWSD Bond Claim or DWSD Revolving Bond Claim shall not be deemed to provide a release under the Plan or the Confirmation Order on account of any Liabilities against the City or any other Entity arising in connection with the DWSD Bonds or DWSD Revolving Bonds."

### RESERVATION OF RIGHTS

The Ad Hoc Committee reserves all of its rights and remedies with respect to the DWSD Bond Claims. Nothing in this Supplemental Objection shall be deemed to be a waiver of any procedural, substantive or other rights, privileges or remedies available with respect to the DWSD Bond Claims, all of which are reserved, as well as any claim against any third party, including, but not limited to, against any Bond Insurers or with respect to any Bond Insurance Policy.

### CONCLUSION

WHEREFORE, for the reasons stated herein, the members of the Ad Hoc Committee respectfully requests that this Court (i) deny confirmation of the Plan unless the Plan is amended to adequately address the issues raised in this Supplemental Objection, or include the requested language set forth herein in any Confirmation Order, and (ii) provide such other and further relief as is just and equitable.

Respectfully submitted this 12th day of August, 2014.

| | |
|---|---|
| /s/ *Amy Caton* | /s/ *William W. Kannel* |
| Amy Caton, Esq. | William W. Kannel, Esq. |
| Greg Horowitz, Esq. | Adrienne K. Walker, Esq. |
| KRAMER LEVIN NAFTALIS & FRANKEL, LLP | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY and POPEO, P.C. |
| 1177 Avenue of the Americas | One Financial Center |
| New York, New York 10036 | Boston, MA 02111 |
| Tel: (212) 715-9100 | Tel: 617-542-6000 |
| Fax: (212) 715-8000 | Fax: 617-542-2241 |
| acaton@kramerlevin.com | wwkannel@mintz.com |
| | awalker@mintz.com |
| and | and |
| STEINBERG SHAPIRO & CLARK | ANDREW J. GERDES, P.L.C. |
| Geoffrey T. Pavlic, Esq. | Andrew J. Gerdes, Esq. |
| 25925 Telegraph Road | 321 W. Lake Lansing Rd. |
| Suite 203 | P.O. Box 4190 |
| Southfield, MI 48033 | East Lansing, MI 48826-4190 |
| Tel: (248) 352-4700 | Tel: (517) 853-1300 |
| Fax: (248) 352-4488 | Fax: (517) 853-1301 |
| pavlic@steinbergshapiro.com | agerdes@gerdesplc.com |

*Attorneys for Nuveen Asset Management, and BlackRock Financial Management, Inc., members of the Ad Hoc Bondholder Committee*

*Attorneys for Fidelity Management & Research Company, Eaton Vance Management, and Franklin Advisers, Inc., members of the Ad Hoc Bondholder Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2014, the foregoing *Supplemental Objection to the Corrected Fifth Amended Plan for the Adjustment of Debts of the City of Detroit* was filed and served via the Court's electronic case filing and noticing system to all parties registered to receive electronic notices in this Chapter 9 case.

/s/ *William W. Kannel*  
William W. Kannel, Esq.