# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

---------------------------------------------------------x
:
In re                                    :          Chapter 9
:
CITY OF DETROIT, MICHIGAN,               :          Case No. 13-53846
:
                          Debtor.        :          Hon. Steven W. Rhodes
:
:
---------------------------------------------------------x

## <u>ALTERNATIVE DISPUTE RESOLUTION NOTICE</u>

Service Dates:   No lawsuit filed, civil rights claim

Designated Claimant(s): Della Grace

Address: c/o 19742 Ward, Detroit, MI 48235

Designated Claim Number(s): 1941

Amount(s) Stated in Proof(s) of Claim(s): $1,000,000

     Pursuant to the Order entered by the Honorable Steven W. Rhodes, bankruptcy judge, on

December 24, 2013 [dkt. #2302], and the direction of the Honorable Gerald E. Rosen, district judge

and chief mediator, your claim identified above (the "Designated Claim(s)") against the City of

Detroit (the "City") in the City's chapter 9 case is submitted to alternative dispute resolution, which

will consist of facilitative mediation to be supervised by the Honorable David M. Lawson, district

judge.

     Antoinette Raheem, 7 W. Square Lake Road, Bloomfield Hills, MI 48302 (248) 972-5550

will serve as Facilitator to facilitate the mediation.  The mediators are officers of the Court, and as

such shall enjoy quasi-judicial immunity.  The mediator shall not be called or listed as a witness, nor

may the Facilitator's records be subpoenaed or used as evidence, in any matter in which such mediator shall have served.

The facilitative mediation shall begin at **10 o'clock on Friday, September 19, 2014 in Room 824**, Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, Michigan. The Facilitator is granted the discretion to schedule additional sessions as necessary to facilitate resolution of this dispute. All parties or individuals with settlement authority are required to attend the facilitative mediation sessions. All parties are directed to attend all scheduled mediation sessions with their respective counsel of record. Corporate parties must be represented by an agent with authority to negotiate a binding settlement.

It is **ORDERED** that not less than seven (7) calendar days prior to the scheduled facilitative mediation session, each party participating therein shall provide the Facilitator with a concise memorandum, no more than ten (10) double-spaced pages in length, setting forth the parties' position concerning the issues to be resolved through facilitative mediation, including issues of both liability and damages. The Facilitator may circulate the parties' memoranda.

It is further **ORDERED** that the Facilitator shall encourage and assist the parties in reaching a settlement of their dispute but may not compel or coerce the parties to enter into a settlement agreement.

It is further **ORDERED** that the facilitative mediation shall be conducted in the manner and method prescribed by the Facilitator in accordance with the following general principle: facilitative mediation, as distinguished from the hybrid process known as "case evaluation" under applicable Michigan Court Rules, is a flexible, non-binding dispute resolution process in which an impartial third party – the Facilitator – facilitates negotiations among the parties to help them reach settlement. A hallmark of facilitative mediation is its capacity to expand traditional settlement discussions and

broaden resolution options, often by going beyond the legal issues in controversy. The Facilitator, who may meet jointly or separately with the parties, serves as a facilitative mediator only and does not decide issues or make findings of fact. *See Judge Deskbook on Court ADR,* National ADR Institute for Federal Judges, Harvard Law School, November 12-13, 1993, p.3. The Facilitator determines the length and timing of the session(s) and the order in which issues are presented, and shall send a notice of the agreed upon time and place to all participating parties.

It is further **ORDERED** that under Federal Rule of Evidence 408, all information disclosed during the facilitative mediation session, including the conduct and demeanor of the parties and their counsel during the proceedings, shall remain confidential, and shall not be disclosed to any other party or to this Court, without the consent of the all parties.

It is further **ORDERED** that the parties shall pay to the Facilitator his or her administrative fee and hourly rate, which shall be divided between the parties as follows: **the City must pay 75% of the cost and the claimant must pay 25% of the cost.**

It is further **ORDERED** that if a claim is settled, it shall be paid as a Class 14 or Class 15 claim, as the case may be, under the proposed Plan of Adjustment. The parties will execute an Agreement Resolving the Filed Claim and be bound by its terms. If the case is not settled, it shall be subject to further proceedings in the bankruptcy case, or otherwise if the stay of proceedings is adjusted on that claim.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date:  August 12, 2014

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 12, 2014.

s/Shawntel Jackson
SHAWNTEL JACKSON