UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
City of Detroit, Michigan,  
    Debtor.  
_____/

Chapter 9  
Case No. 13-53846  
Hon. Steven W. Rhodes

### Opinion and Order Denying Motion for Permissive Intervention, Etc.

This matter comes before the Court on a Motion for Permissive Intervention, Etc. (Dkt. #6143) filed by Unitarian Universalist Service Committee and other petitioners (the "Movants"). The Movants are various faith-based social welfare organizations that represent members throughout the United States, some of whom live in the service area for the Detroit Water and Sewerage Department (the "DWSD").

The Movants seek to intervene in this case under Fed. R. Bankr. P. 2018 to object to and seek modification of the City of Detroit's (the "City") Plan of Adjustment (the "Plan") as it relates to the DWSD, water rates, and water shut-offs. Specifically, the Movants seek to intervene to request the Court to order the DWSD to: (1) stop mass water shut-offs, (2) refrain from instituting any further mass water shut-offs during the life of the Plan, (3) disclose its rate structure, bond issuances, operating budget and rationales for future rate increases, (4) hold public hearings on future rate increases, (5) implement a water affordability plan, and (6) present a plan with protections for vulnerable populations.

The City filed an objection to the Motion (Dkt. #6461) on the grounds that the Movants have not established standing to intervene, that the Court cannot grant the requested relief and that the Motion is untimely.

The Court concludes that oral argument is not necessary to resolve the Motion and further concludes that the Motion must be denied.

As an initial matter, the Court finds that it would be unable to grant the relief sought even if intervention were allowed. The relief ultimately sought by the Movants, should they be permitted to intervene, is modification of the Plan, a prohibition against water shut-offs and implementation of certain oversight provisions and procedures relating to future rate increases.

Unlike other chapters of the bankruptcy code, chapter 9 strictly limits the Court's power in a municipal bankruptcy case. This is to ensure that the separation of powers contemplated in the United States Constitution is upheld and the Court does not overstep its bounds into the sovereign powers of states. Thus, section 904 of the bankruptcy code prohibits the Court from interfering with "(1) any of the political or governmental powers of the debtor; (2) any of the property or revenues of the debtor; or (3) the debtor's use or enjoyment of any income-producing property." 11 U.S.C. § 904. This limitation means that the Court cannot interfere with the "choices a municipality makes as to what services and benefits it will provide." *In re Addison Cmty. Hosp. Auth.*, 175 B.R. 646, 649 (Bankr. E.D. Mich. 1994) (citing H.R. Rep. No. 595, 398). Further, this provision makes clear that "chapter 9 was created to give courts only enough jurisdiction to provide meaningful assistance to municipalities that require it, not to address the policy matters that such municipalities control." *Id.* Consequently, given the constraints of § 904, the Court would not have the authority to require the DWSD to stop mass water shut-offs, to require that the DWSD refrain from implementing a program of mass water shut-offs in the future, or require the DWSD to implement procedures regarding rate setting or water affordability plans.

Further, sections 941 and 942 of the bankruptcy code permit the municipal debtor alone to file a plan of adjustment and amendments thereto. Consequently, the Court cannot order the City to amend its Plan as the Movants would request.

Therefore, the Court concludes that it could not grant the relief the Movants will seek should intervention be granted.[1]

The Court further finds that the Motion is untimely. To the extent the Movants seek to file an objection to the Plan, that deadline was May 12, 2014. The specific Plan language to which the Movants appear to object has been included in the Plan since April. The Movants have given no explanation for their failure to meet the objection deadline, nor have they proffered any cause for the Court to grant an extension to the deadline.[2] Further, the DWSD announced that it would begin shutting off water to delinquent ratepayers in March and the rate increase referred to in the Motion occurred in June, more than one month before the Motion was filed. The Movants appear to have had ample opportunity to present their claims and objections in a timely way.

In light of the foregoing, the Court finds that the movants have not established "cause" for intervention under Fed. R. Bankr. P. 2018. Rule 2018 provides that "for cause shown, the court may permit any interested entity to intervene generally or with respect to any specified matter." Courts have held that "cause" may be shown where a party has an economic or similar

---

[1] The Court also notes that the Movants' objections seem to be based on an inaccurate reading of the Plan. The Movants object to Article IV, Section A(1) of the Plan which states: "DWSD will maintain Fiscal Year 2015 rate setting protocols for a minimum of five years . . . ." The Movants claim this means that the 8.7% rate increase implemented in June 2014 will also be implemented in each of the next five years, resulting in a 40% rate increase over that time frame. The language in that section refers to the *protocols* that are used to determine rates; it does not say that similar increases will be implemented each year.

[2] *See Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment*, Dkt. #4202, ¶ 7.

interest in the case or where it may be concerned with the precedential ramifications of the case. *Addison Cmty. Hosp. Auth.*, 175 B.R. at 651; *In re Ionosphere Clubs, Inc.*, 101 B.R. 844, 853 (Bankr. S.D.N.Y. 1989). However, the needs of the potential intervenor must be balanced against any delay or prejudice that would result from the intervention. *Addison Cmty. Hosp. Auth.*, 175 B.R. at 651. The Court has already concluded that the Motion is untimely.

In addition, the hearing on confirmation of the City's Plan is set to begin soon. Objections and responses have already been filed, witnesses have been identified and pre-trial briefs and motions are due very shortly. Allowing the Movants to intervene now to raise new objections to which the City would be forced to respond would certainly cause undue delay and prejudice.

Therefore, given that the Court could not grant the relief that the intervenors request and the untimeliness with which the Motion was brought, the balance of interests weighs against intervention under Fed. R. Bankr. P. 2018.[3]

For these reasons, the Motion is denied.

It is so ordered.

Not for publication

.

**Signed on August 14, 2014**

---

[3] In addition, although the City has not asserted an objection on the grounds of lack of standing, the Court seriously doubts the constitutional standing of the Movants to intervene in this case. The Movants have not alleged that any of their members have had their water shut off by the DWSD or that any claim arises against the City even if that were so. Further, to the extent that the Movants object to prior or future rate increases by the DWSD, they have failed to show some interest or injury that is not common to all DWSD ratepayers. Such a lack of a concrete and particularized injury fails the test for constitutional standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-1 (1992); *In re Barnwell Cnty. Hosp.*, 459 B.R. 903, 909 (Bankr. D.S.C. 2011).

                                                          **/s/ Steven Rhodes**
                                                          **Steven Rhodes**
                                                          **United States Bankruptcy Judge**