UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
-----------------------------------------------------------

In re                                              Chapter 9

CITY OF DETROIT, MICHIGAN,                         Case No. 13-53846

                    Debtor.                       Hon. Steven W. Rhodes

-----------------------------------------------------------/


***EX PARTE* MOTION, FOR LEAVE TO FILE A SECOND SUPPLEMENTAL BRIEF OF RYAN, SWIFT, MENDOZA AND CUPPETELLI, INTERESTED PARTIES/§1983 PLAINTIFFS, IN SUPPORT OF THEIR OBJECTIONS PREVIOUSLY FILED [Dkts. #4099, #4228, #4608, #5690]   ON THE CONSTITUTIONALITY OF ALLOWING THE DIMINISHMENT OF THE FUNDAMENTAL RIGHT TO A DAMAGES REMEDY FOR THE VIOLATION OF CONSTITUTIONAL RIGHTS**

NOW COME Interested Parties/§1983 Plaintiffs WALTER SWIFT, DEBBIE RYAN, CRISTOBAL MENDOZA and ANNICA CUPPETELLI (hereafter "**Plaintiffs**"), by and through their counsel, seeking leave of this Court to file a *Second Supplemental Brief* in response to the issues raised at the hearing held on July 16, 2014, as well as to the *United States of America's Brief in Response to Order of Certification Pursuant to 28 U.S.C. §2403(a)* [**Dkt. #6664**]. In support of their *Motion,* Plaintiffs state the following:

1.      Plaintiffs have previously objected to the Debtor's proposed Plan of Adjustment insofar as it violates the United States Constitution by diminishing and

depleting the fundamental right to a remedy for the violation of Constitutional rights, pursuant to 42 U.S.C. § 1983 [*See* **Dkts. #819, #4099, #4228, #4608 and #5690**].

2. At the July 16, 2014 hearing regarding these objections, the Court raised questions fundamental to its decision of whether or not allowing the discharge of debts arising from unconstitutional conduct by municipalities and their officers violates the Fourteenth Amendment.

3. The Court sought clarification about the following questions:

 a. The extent to which the right to seek damages for the violation of one's constitutional rights flows directly from the Constitution;

 b. What it means for an individual officer to be acting in his "individual capacity" within the context of liability for unconstitutional conduct; and

 c. What effect a municipality's required indemnification of an individual officer has on a § 1983 judgment against that officer that is otherwise not dischargeable under Chapter 9.

4. The Court has previously recognized the seriousness of these Constitutional questions, asking the United States Attorney General to file a brief on this issue. [**Dkt. #5925**].

5. On August 12, 2014, the Attorney General filed a brief [*United States of America's Brief in Response to Order of Certification Pursuant to 28 U.S.C.*

2
13-53846-tjt    Doc 6758    Filed 08/15/14    Entered 08/15/14 14:45:16    Page 2 of 5

*§2403(a),* **Dkt. #6664**], which fails both to adequately address the questions that are of primary concern regarding this issue or to analyze the full impact of the history of Supreme Court jurisprudence emphasizing the importance of protecting individuals' fundamental right a remedy in the face of harms caused by violations of the Constitution.

6. The Attorney General's brief offers only a superficial overview of the relationship between § 1983 and the Constitution, without serious consideration of the important distinction between the *right to a remedy* -- as embodied in the Constitution and as acknowledged by the U.S. Supreme Court (*see, e.g. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) -- and the *vehicle through which that right* is to be carried out in the federal courts (i.e. 42 U.S.C. § 1983).

7. By failing to address, or even consider, the Constitutional source of the damages remedy for enforcing Constitutional rights, the Attorney General's brief presents a troubling analysis of the rights and remedies available to people who have suffered constitutional deprivations at the hands of municipalities and their officers, incorrectly asserting that the right to vindicate constitutional deprivations exists only by "legislative grace." [**Dkt. #6664, pg. 4**]. On the contrary, as set forth in their proposed *Second Supplemental Brief*, the plain language from seminal Supreme Court § 1983 cases demonstrates that enforcement

of the Constitution through a damages cause of action is not dependent on the existence of 42 U.S.C. § 1983.

8. As such, the Attorney General's brief disappointingly abdicates its responsibility for ensuring the protection of the Constitution of the United States.

9. Plaintiffs thus request this Court's permission to offer additional guidance critical to its decision on this important and novel issue of law by allowing them to file their *Second Supplemental Brief* (proposed *Brief* attached hereto as Exh. 3] and to respond to the alarming proposition that those who suffer deprivations of their Constitutional rights at the hands of officers of the state have no Constitutionally grounded right to vindicate these deprivations.

10. Plaintiffs further seek to elaborate on the issue of individual liability for unconstitutional conduct to clarify that, based on the pertinent language from applicable cases, even when a municipality is or may be required to indemnify an individual officer, a § 1983 judgment against that officer is not dischargeable under Chapter 9.

11. It is plainly within the Court's discretion to allow the Plaintiffs to file a supplemental brief to fully address the questions and arguments raised. *See Khalil v. Transunion, LLC*, CIV. 08-10303, 2009 WL 804165 at *1 (E.D. Mich. Mar. 25, 2009) ("[I]n order to permit the parties to fully present their arguments,

the Court will, in its discretion, permit the submission of the plaintiff's supplemental brief.").

12. Attached hereto as Exhibit 3, is the Plaintiff's *Proposed Second Supplemental Brief*, which the Plaintiffs seek to file with the Court's permission.

Plaintiffs respectfully request that the Court exercise its discretion and afford them the opportunity to respond to the Attorney General's brief **[Dkt. #6664]** and to provide supplemental information critical to resolving this Court's questions raised at the July 16, 2014 hearing on this novel issue of law.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully requests that the Court enter an order granting Plaintiffs' motion for leave to file its supplemental brief.

Respectfully submitted,

**GOODMAN & HURWITZ, P.C.**

By: */s/William H. Goodman*
William H. Goodman   P14173
1394 E. Jefferson Ave.
Detroit, MI 48207
313-567-6170
bgoodman@goodmanhurwitz.com
*Attorneys for Deborah Ryan, Walter Swift, Cristobal Mendoza and Annica Cuppetelli*

Dated: April 15, 2014