UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

**SUPPLEMENTAL BRIEF OF THE DETROIT RETIREMENT SYSTEMS
IN RESPONSE TO CERTAIN SUPPLEMENTAL OBJECTIONS TO
THE FIFTH AMENDED PLAN**

The Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (collectively, the "Retirement Systems") hereby file this brief in reply to certain supplemental objections[1] (the "Supplemental Objections") to the Corrected Fifth Amended Plan of Adjustment of the City of Detroit (July 29, 2014) [Dkt. No. 6379] (the "Plan").[2,3]

---

[1] The Retirement Systems specifically reply to certain objections raised in the Supplemental Objections filed by Syncora [Dkt. No. 6651], the Financial Guaranty Insurance Company ("FGIC") [Dkt. No. 6674], and Wilmington Trust, N.A. [Dkt. No. 6678].

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan and Fourth Amended Disclosure Statement [Dkt. No. 4391].

[3] The Retirement Systems are timely filing this Brief in accordance with the *Order Approving the Stipulation Modifying the Deadline For . . . To File Their Brief in Support of Confirmation of the City's Plan for the Adjustment of Debts* dated July 30, 2014 [Dkt. No. 6406].

**RESPONSE**

The Retirement Systems continue to support the proposed treatment of Pension Claims under "Alternative A," which has now been accepted by both Classes 10 and 11, and the confirmation of a Plan that gives full effect to that agreed treatment.

The Retirement Systems anticipate that the City will be filing a comprehensive consolidated response to the Supplemental Objections, and the Retirement Systems do not wish to burden the record with duplicative pleadings. Accordingly, the Retirement Systems will generally defer to the City to respond. However, the Retirement Systems believe that a short response here to a discrete issue raised in the Supplemental Objections is warranted.

**I. THE RETIREMENT SYSTEMS AND OTHER SIMILARLY-SITUATED SETTLING PARTIES CAN PROPERLY BE PROTECTED BY THE PLAN EXCULPATION CLAUSE.**

In their Supplemental Objections, Syncora (at pp. 36-41), FGIC (at p. 7), and Wilmington Trust (at p. 7) object to the inclusion of the COP Swap Counterparties and other settling parties within the protections of the Exculpation Clause. In doing so, they mischaracterize the Exculpation Clause as an impermissible, nonconsensual release of claims held by creditors. By its terms, however, the Exculpation Clause only protects the Exculpated Parties with respect to "any act or omission [by the Exculpated Party] in connection with, relating to or arising out of

the City's restructuring efforts and the Chapter 9 Case." Plan Art. IV.D.6 at 46. With respect to the UGTO and LGTO Exculpated Parties, the Clause is even more sharply delimited: it only covers their conduct in the case with respect to their respective settlement agreements and the Plan provisions related thereto.

These objections are misplaced. The Exculpation Clause does not purport to confer a broad immunity from suits based upon conduct unrelated to the Chapter 9 Case. The Clause is well within accepted limits. An exculpation of parties who participate meaningfully in a bankruptcy case and in creating and supporting a plan of reorganization — solely with respect to their actions in connection with the case (and excepting gross negligence and willful misconduct) — does not constitute a third-party release that is barred by Bankruptcy Code section 524(e). *See, e.g., In re Yellowstone Mountain Club,* 460 B.R. 254, 277 (Bankr. D. Mont. 2011); *In re Winn-Dixie Stores*, 356 B.R. 239, 261 (Bankr. M.D. Fla. 2006). The standards for a release set forth in *Class Five Nevada Claimants v. Dow Corning Corp. (In re Dow Corning Corp.)*, 280 F. 3d 648, 658 (6th Cir. 2002), therefore do not apply.

As discussed in *In re Granite Broad. Corp.*, 369 B.R. 120, 139 (Bankr. S.D.N.Y. 2007), the concept of granting exculpation under a plan of reorganization to significant players in the bankruptcy proceedings is also consistent with concepts of the *res judicata* effects of a plan confirmation order — *i.e.*, that any party with a complaint regarding the plan and the case itself should be required to

3

201265635.1 14893/165083
13-53846-tjt    Doc 6762    Filed 08/15/14    Entered 08/15/14 16:12:59    Page 3 of 6

prosecute such claim in the bankruptcy case before the plan is confirmed (unless such claim is explicitly reserved for post-confirmation resolution) or otherwise be forever barred. In *Granite Broadcasting*, certain preferred stockholders objected to the exculpation of a controlling shareholder (the provision also exculpated the debtors and a secured creditor). As here, the exculpation clause excluded gross negligence and intentional misconduct. Judge Gropper approved the exculpation of the controlling shareholder, stating:

> [T]he Plan provides exculpation only for acts or omissions in connection with the Plan and the bankruptcy cases. It requires, in effect, that any claims in connection with the bankruptcy case be raised in the case and not be saved for future litigation. The courts have accepted this principle in other contexts. *Cf. Browning v. Levy (In re Browning)*, 283 F.3d 761, 772-73 (6th Cir. 2002) (holding that a reorganized debtor's malpractice lawsuit against its prior counsel should have been brought prior to the debtor's confirmation hearing and was thus barred by principles of *res judicata*); *Iannochino v. Rodolakis (In re Iannochino)*, 242 F.3d 36 (1st Cir. 2001) (holding that a debtor's malpractice lawsuit against its attorneys two years after they received a fee award from the bankruptcy court was barred by principles of *res judicata*).

Id. at 139-40.

By this same reasoning, the inclusion of the Retirement Systems, their postpetition advisors, and Gabriel, Roeder, Smith & Company as "Exculpated Parties" in Article III.D.6 of the Plan is appropriate.[4]

---

[4] FGIC cites *In re Washington Mutual, Inc.*, 442 B.R. 314, 350-51 (Bankr. D. Del. 2011) (exculpation must be limited to fiduciaries for the estate). However, the

Footnote continued on next page

13-53846-tjt   Doc 6762   Filed 08/15/14   Entered 08/15/14 16:12:59   Page 4 of 6

## CONCLUSION

For the foregoing reasons, the Supplemental Objections should be overruled.

Dated:  August 15, 2014                 Respectfully submitted,

CLARK HILL PLC

*/s/ Robert D. Gordon*
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan  48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

---

Footnote continued from previous page
reasoning of that case is remarkably limited and circular.  The court noted that the exculpation clause in that case is very much the same as the standard for quasi-judicial immunity of "estate fiduciaries" and then ruled that, therefore, the clause could *only* apply to estate fiduciaries, without further explanation.  The Retirement Systems submit that the above-cited authorities are better reasoned and should be persuasive on this issue.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 15, 2014, the *Supplemental Brief of the Detroit Retirement Systems in Response to Certain Supplemental Objections to the Fifth Amended Plan* was filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

CLARK HILL PLC

Dated: August 15, 2014

*/s/ Robert D. Gordon*
Robert D. Gordon (P48627)
151 South Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
rgordon@clarkhill.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*