UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**BRIEF IN OPPOSITION TO THE ADMISSIBILITY OF
THE EXPERT REPORT OF MARTHA E. M. KOPACZ**

Syncora Capital Assurance Inc. and Syncora Guarantee Inc. ("Syncora") hereby submit this brief in opposition to the admissibility of the report of Martha E. M. Kopacz, the court-appointed expert witness. In support of their motion, Syncora respectfully states as follows:

**INTRODUCTION**

1. Pursuant to Federal Rule of Evidence 706, the Court appointed Martha E. M. Kopacz as an expert witness on April 22, 2014. Ms. Kopacz was asked to investigate and issue conclusions regarding the feasibility of the City's Plan and the reasonableness of the assumptions surrounding the City's forecasts and projections. To that end, Ms. Kopacz issued an expert report to the Court on July 18, 2014.

2. Rule 702 permits the admission of expert witness *testimony* into evidence. Expert *reports*, however, fall squarely within the definition of "hearsay"

under Rule 801(c) because they contain out-of-court statements offered to prove the truth of the matters asserted therein.

3. Neither Rule 702 nor Rule 706 provides an exception to that prohibition, and Ms. Kopacz's report does not meet any of the hearsay exceptions articulated in Rule 803. Accordingly, Ms. Kopacz's expert report should not be admitted into evidence. Rather, as Rule 702 provides, the proper way to introduce any of Ms. Kopacz's opinions is to elicit them through her testimony on direct examination.

## JURISDICTION

4. The Court has jurisdiction over this matter pursuant to 38 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

5. On April 22, 2014, the Court appointed Martha E. M. Kopacz of Phoenix Management Services as an expert witness. *See* Order Appointing Expert Witness [Dkt. No. 4215] ("Order"). The Court asked Ms. Kopacz to investigate and reach a conclusion on the issues of "(a) Whether the City's plan is feasible as required by 11 U.S.C. § 943(b)(7); and (b) Whether the assumptions that underlie the City's cash flow projections and forecasts regarding its revenue, expenses and plan payments are reasonable." *Id.* ¶ 2.

6. Ms. Kopacz issued an expert report regarding the feasibility of the City's plan on July 18, 2014. *See* Certificate of Service re: Expert Report of Martha E.M. Kopacz Regarding the Feasibility of the City of Detroit Plan of Adjustment [Dkt. No. 6156]. *See also* Eighth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. No. 6699], ¶ 7 (setting an August 27, 2014 deadline for Ms. Kopacz to file a supplement to her expert report). In her report, Ms. Kopacz opines that the City's plan is feasible, as required by 11 U.S.C. § 943(b)(7), and that the assumptions underlying the City's plan of adjustment projections are reasonable. *See* Kopacz Report at 10.

7. Pursuant to the Court's Order, "[t]he report of the Court's expert witness shall be admitted as evidence at the hearing on confirmation of the City's plan only as provided by the Federal Rules of Evidence, unless otherwise agreed by the parties or ordered by the Court." Order [Dkt. No. 4215], ¶ 8. The parties, however, did not stipulate to the admissibility of Ms. Kopacz's expert report. (*See* Ex. 6A Hr'g Tr. at 16:14-15; 17:2-5, Aug. 6, 2014 (Syncora declining to stipulate to the admissibility of the report); *id.* at 17:11-16 (Financial Guaranty Insurance Company ("FGIC") declining to stipulate to the admissibility of the report).). Therefore, in accordance with the Court's scheduling order, the Court asked the parties to file "briefs regarding…[t]he admissibility of the report of the court-

3

appointed expert, Martha Kopacz (assuming she is qualified as an expert)." *See* Eighth Amended Order Establishing Procedures, Deadlines and Hearing Dates [Dkt. No. 6699], ¶ 1(b).

## ARGUMENT

8.  "[E]xpert reports prepared in anticipation of trial are generally inadmissible because they are considered hearsay." *Eaves v. United States,* No. 4:07CV-118-M, 2009 WL 3754176, at *1 (W.D. Ky. Nov. 5, 2009) (citing *Engebretsen v. Fairchild Aircraft Corp.,* 21 F.3d 721, 729 (6th Cir. 1994)); *see also Mahnke v. Wash. Metro. Area Transit Auth.,* 821 F. Supp. 2d 125, 154 (D.D.C. 2011) ("Technically, medical reports prepared by experts and the CVs of expert witnesses are hearsay and are not admissible into evidence pursuant to [Rule] 802."); *Law v. Nat'l Collegiate Athletic Ass'n,* 185 F.R.D. 324, 342 (D. Kan. 1999) ("[A]n expert's written report is generally inadmissible." (citing *Engebretsen,* 21 F.3d at 728)).

9.  Rule 801(c) defines "hearsay" as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." As one court has explained "[a]pplication of the hearsay rule to exclude…expert[] reports is quite straightforward." *Alexia v. United States,* No. 3:05-cv-00297, 2009 WL 160354, at *1 (D. Alaska Jan. 21, 2009). "The reports are out-of-court statements

4

by witnesses offered for their truth and so fall within the definition of hearsay in [Rule] 801." *Id.* "That means they must be excluded pursuant to Rule 802, unless they fall within an exception identified in Rule 803," which "[t]hey do not." *Id. See also Skyline Potato Co., Inc. v. Hi-Land Potato Co., Inc.,* No. CIV 10-0698 JB/RHS, 2013 WL 311846, *15 (D.N.M. Jan. 18, 2013) (excluding expert reports as inadmissible hearsay); *Arizona, Dept. of Law, Civil Rights Div. v. ASARCO, LLC,* 844 F. Supp. 2d 957, 965 (D. Ariz. 2011) (finding that expert report was hearsay and that the report "falls within no hearsay exception for reports or records, because it was plainly prepared in anticipation of litigation by a non-treating mental health expert"); *Spurlock v. Fox,* No. 3:09-cv-0756, 2010 WL 3807167, at *15 (M.D. Tenn. Sept. 23, 2010) (explaining that "[t]he [expert] reports, as statements made of out court for the truth of the matter asserted, conform to the common definition of hearsay," and granting defendants' motion to strike expert reports on that basis); *Katz v. State Farm Fire & Cas. Co.,* No. 06-4155, 2009 WL 1380533, *1 (E.D. La. May 15, 2009) ("The Court finds that defendants' expert reports are inadmissible hearsay…").

10. Like the expert reports addressed in *Alexia,* the application of the hearsay rule to Ms. Kopacz's expert report is straightforward. Ms. Kopacz was

retained by the Court[1] to investigate and reach conclusions regarding whether the City's Plan is feasible and the assumptions that underlie the City's projections and forecasts are reasonable. *See* Order [Dkt. No. 4215], ¶ 2. To that end, Ms. Kopacz has prepared an expert report — an out-of-court statement — which is being offered into the evidence to prove the truth of the matters asserted therein, *i.e.,* that the City's plan is feasible and that the assumptions underlying the City's forecasts and assumptions are reasonable.

11. Accordingly, Ms. Kopacz's report should not be admitted into evidence. Rather, the proper method for introducing her conclusions regarding the City's plan and assumptions is to elicit those opinions on direct examination during the plan confirmation hearing.[2] *See* FED. R. EVIDENCE 702; *see also Douglas Dynamics, Inc., LLC v. Buyers Prod. Co.,* *2 (W.D. Wis. Oct. 8, 2010) ("Expert

---

[1] "The final question concerning the scope of Rule 706 is how that provision interacts with other Evidence Rules. The general answer is that testimony from an expert appointed by the court under Rule 706 is treated no differently under the Evidence Rules than testimony from the parties' experts. Thus, the court may not receive testimony from its own expert unless the requirements of Rule 702 are satisfied." 29 Charles Alan Wright et al., *Federal Practice and Procedure* § 6303 (1st ed. 2014).

[2] In accordance with the Eighth Amended Scheduling Order [Dkt. No. 6699], on August 25, 2014, Syncora intends to file a *Daubert* motion to exclude Ms. Kopacz's expert testimony. Accordingly, Syncora respectfully requests that the Court defer any ruling concerning the admissibility of Ms. Kopacz's testimony until it has ruled on Syncora's *Daubert* motion.

6

13-53846-tjt    Doc 6800    Filed 08/18/14    Entered 08/18/14 12:42:25    Page 6 of 8

reports are hearsay and, further, need not be admitted into evidence when the expert will testify to the opinions contained in the report.").

## **CONCLUSION**

12. For the foregoing reasons, Syncora respectfully requests that the Court exclude from evidence the expert report of Ms. Kopacz.

[*Remainder of the Page Intentionally Left Blank*]

Dated: August 18, 2014                    Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: */s/ Stephen C. Hackney*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*