**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| -------------------------------------------------------- | x | |
| | : | Chapter 9 |
| In re | :: | |
| | :: | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | :: | |
| Debtor. | : | Hon. Steven W. Rhodes |
| ----------------------------------------------------- | x | |

### STAY MODIFICATION NOTICE

| | |
|---|---|
| Service Date: | August 18, 2014 (e-filing w/Court; Electronic service to Claimant's attorney) |
| Designated Claimant(s): | Mark Burcicki |
| Address: | Posner Posner And Posner<br>1400 Penobscot Building<br>Detroit, MI 48226<br>313-965-7784<br>posnerfed@comcast.net |
| Proof of Claim Number(s): | 1481 |
| Caption of Any Pending Related Lawsuit: | Mark Burcicki v City of Detroit, Michael Hart, and Darrell Jones |
| Case Number: | 2:12-cv-14688 |
| Court: | United States District Court for the Eastern District of Michigan |
| Co-Defendants (if any): | Michael Hart |

By this Stay Modification Notice, the City of Detroit (the "City") hereby provides notice that it has elected to permit the liquidation in a non-bankruptcy forum of the above-identified proof of claim (the "Claim") in the City's case (the "Chapter 9 Case") under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code"), pursuant

to the procedures (the "ADR Procedures") established by the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Pre-petition Claims (Docket No. 2302) (the "ADR Order"), entered by the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") on December 24, 2013. [1]

Section I.A of the ADR Procedures provides that the City may designate any proof of claim timely filed in the Chapter 9 Case (other than certain "Excluded Claims") for liquidation pursuant to the ADR Procedures by serving an ADR Notice on the applicable claimant. Any proof of claim designated for liquidation through the ADR Procedures is referred to as a "Designated Claim." Section I.A of the ADR Procedures further provides that certain timely filed proofs of claim (other than Excluded Claims) (collectively, the "Initial Designated Claims") shall be deemed to be Designated Claims subject to the ADR Procedures prior to the City serving an ADR Notice on the applicable claimant.

Paragraph 9 of the ADR Order provides, however, that the City in its sole discretion (a) may elect not to send an ADR Notice to any holder of an Initial Designated Claim and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice with respect to the Initial Designated Claim. In that event, except as provided below with respect to Multi-Party Tort Claims, immediately upon the filing of the Stay Modification Notice: (a) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court (the "Stay"); or (b) any similar injunction (together with the Stay, the "Stay/Injunction") that may be imposed upon the confirmation or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "Chapter 9 Plan") is

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the ADR Order.

deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.

Certain Designated Claims (each, a "Multi-Party Tort Claim") arise out of personal injury actions (a) asserted concurrently against the City and one or more current or former members of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association or the Detroit Police Command Officers Association (each such member, a "Public Safety Union Member") and (b) with respect to which, the applicable Public Safety Union Member seeks related defense costs and/or an indemnification claim from the City (any such Public Safety Union Member, an "Indemnification Claimant," and any such claim, an "Indemnification Claim"). Concurrently with the filing of a Stay Modification Notice for a Multi-Party Tort Claim, the City shall serve a copy of the ADR Notice of the Public Safety Unions and on any related Indemnification Claimant known to the City. Pursuant to paragraph 9 of the ADR Order, solely in the case of Multi-Party Tort Claims, the Stay/Injunction is not deemed modified immediately upon the filing of the Stay Modification Notice. Instead, the Stay/Injunction is deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claims 35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant files a Stay Preservation Motion. If a Stay Preservation Motion is filed, then the Court will determine whether relief from the Stay/Injunction is appropriate with respect to the Multi-Party Tort Claim pursuant to the standards set forth in section 362(d) of the Bankruptcy Code. The City believes that the Claim constitutes a Multi-Party Tort Claim.

Upon modification of the Stay/Injunction as a result of the filing and service of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in either: (a) the non-bankruptcy forum in which the Initial Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal

or transfer of venue or other procedural relief; or (b) if the Initial Designated Claim was not pending in any forum on the Petition Date, then in the United States District Court for the Eastern District of Michigan or such other non-bankruptcy forum selected by you that (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim, (iii) has in rem jurisdiction over the property involved in the Initial Designated Claim (if applicable) and (iv) is a proper venue.

**The City has reviewed the Claim and has elected, pursuant to paragraph 9 of the ADR Procedures, to permit the liquidation of the Claim in a non-bankruptcy forum. Note that, if you do not promptly proceed with the prosecution of the Claim in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim.** A copy of this Stay Modification Notice may be filed with the non-bankruptcy court in which the Claim is to be liquidated as notice of the lifting of the Stay/Injunction to permit the applicable non-bankruptcy forum to adjudicate the liquidation of the Claim(s) for purposes of the Chapter 9 Case.

Following liquidation of the Claim, whether by settlement or final judgment, you will receive an allowed general unsecured non-priority claim against the City, in the liquidated amount of the claim, which will be treated in accordance with the terms of any Chapter 9 Plan, and not a full cash payment of the liquidated amount of the Claim. For the avoidance of doubt, pursuant to paragraph 10 of the ADR Order, all proceedings against the City (or any Indemnification Claimant) relating to the Claim following the liquidation of the Claim shall remain subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms, conditions and limitations, the ADR Procedures or the ADR Order shall be determined by

the Bankruptcy Court; provided that disputes about the jurisdiction of a matter presented to a non-bankruptcy court may be determined by such court.

City of Detroit Law Department

By:      */s/ Mary Beth Cobbs*
Mary Beth Cobbs (P-40080)
Assistant Corporation Counsel
2 Woodward Ave, Suite 500
Detroit, MI 48226
Phone: (313) 237-3075
Email: cobbm@detroitmi.gov

By:      */s/ Jerry L. Ashford*
Jerry L. Ashford
Sr. Assistant Corporation Counsel
Coleman A. Young Municipal Center
2 Woodward Ave, Suite 500
Detroit, MI  48226
Phone: (313) 237-3089
Email: ashfj@detroitmi.gov

Dated: August 15, 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

--------------------------------------------------------- x
                                            :       Chapter 9

In re                                  ::

                                       ::       Case No. 13-53846

CITY OF DETROIT, MICHIGAN,      ::

                      Debtor.    :       Hon. Steven W. Rhodes

-------------------------------------------------------- x

### CERTIFICATE OF SERVICE

     I hereby certify that on August 18, 2014, I electronically filed the Stay Modification Notice and Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

     I hereby certify that I have additionally served the paper to the following participant(s) via US Mail to: Claimant's Attorney: Posner Posner And Posner, 1400 , Detroit MI 48226.


Dated: August 18, 2014

                           **City of Detroit Law Department**

                By:     */s/ Mary Beth Cobbs*
                          Mary Beth Cobbs (P-40080)
                          Assistant Corporation Counsel
                          2 Woodward Ave, Suite 500
                          Detroit, MI 48226
                          Phone: (313) 237-3075
                          Email: cobbm@detroitmi.gov

                By:     */s/ Jerry L. Ashford*
                          Jerry L. Ashford
                          Sr. Assistant Corporation Counsel
                          Coleman A. Young Municipal Center
                          2 Woodward Ave, Suite 500
                          Detroit, MI   48226
                          Phone: (313) 237-3089
                          Email: ashfj@detroitmi.gov