## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
---------------------------------------------------x
                                                   :
In re                                              :         Chapter 9
                                                   :
CITY OF DETROIT, MICHIGAN,                          :         Case No. 13-53846
                                                   :
                              Debtor.               :         Hon. Steven W. Rhodes
                                                   :
---------------------------------------------------x
```

## THE CITY OF DETROIT'S BRIEF
## REGARDING THE COURT'S AUTHORITY TO DETERMINE
## THE REASONABLENESS OF FEES UNDER 11 U.S.C. § 943(b)(3)

The City of Detroit (the "City") hereby submits this brief (this "Brief")

in response to paragraph 6(a) of the Court's Eighth Amended Order Establishing

Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of

Adjustment (Docket No. 6699) (the "Eighth Amended Scheduling Order"), which

solicits briefing with respect to "[t]he Court's authority to determine

the reasonableness of fees under 11 U.S.C. § 943(b)(3)" in connection with

confirmation of the Corrected Fifth Amended Plan for the Adjustment of Debts of

the City of Detroit (Docket No. 6379) (at it may be further amended, modified or

supplemented, the "<u>Plan</u>").[1]  In support of this Brief, the City respectfully

represents as follows:

## <u>PRELIMINARY STATEMENT</u>

1.      Unlike in a case under chapter 11 of the Bankruptcy Code,

except to the extent the City consents, federal constitutional considerations

constrain the Court's authority to (a) interfere with any property or revenues of the

City or (b) dictate how the City spends money (including on professional fees).

<u>See</u> 11 U.S.C. § 904.  Consistent with this limitation, the Court does not review

professional fees under sections 330 and 331 of the Bankruptcy Code, which are

not incorporated into chapter 9.  <u>See</u> 11 U.S.C. § 901(a) (not identifying sections

330 or 331 as applicable to chapter 9).  Nevertheless, in connection with the

confirmation of the Plan, the Court is expressly authorized and required to make a

finding that "all amounts to be paid by the debtor or by any person for services or

expenses in the case or incident to the plan have been fully disclosed and are

reasonable."  11 U.S.C. § 943(b)(3).

2.      To provide a basis for this finding, early in the City's chapter 9

case, the Court appointed the Fee Examiner, with the City's express consent, to

review professional fees and expenses paid by the City in connection with the

Chapter 9 Case.  The Fee Examiner was appointed specifically for the purpose of

---

[1]      Except as expressly provided herein, capitalized terms not otherwise
        defined in this Brief have the meanings given to them in the Plan.

acting as an officer of the Court to determine compliance with section 943(b)(3) of the Bankruptcy Code. The Court's Fee Review Order of September 11, 2013 – also entered with the consent of the City – established the parameters for the disclosure and review of fees and expenses by the Fee Examiner, and the limited role of the Court in that process.

3.     The process of review and disclosure of fees and expenses through the Fee Examiner has been ongoing, and all reviewed fees and expenses to date have been found to be fully disclosed and reasonable pursuant to section 943(b)(3) of the Bankruptcy Code. Because there is an unavoidable lag time in the submission and review of applicable invoices, the Plan expressly provides that fees and expenses of the Fee Review Professionals will continue under the terms of the Fee Review Order for the period through the Effective Date. See Plan § IV.M.2.

4.     The City therefore believes that the process established by the Fee Review Order, and the continuation of that process for applicable fees and expenses through the Effective Date, provides the basis for the Court to make the finding required by section 943(b)(3) of the Bankruptcy Code in connection with confirmation of the Plan. The Court's role in the process established by the Fee Review Order is limited to reviewing the Fee Examiner's determinations that fees and expenses have been fully disclosed and are reasonable in certain delineated

circumstances; <u>e.g.</u>, (a) where one of the City's professionals contests a finding by the Fee Examiner that its fees or expenses are not fully disclosed or are not reasonable (Fee Review Order ¶ 10) or (b) where the City wishes to challenge a finding by the Fee Examiner that the fees sought by professionals of the Retiree Committee are reasonable (Fee Review Order ¶ 24).

5.　　　　Because the Plan adopts and ratifies the Fee Review Order and the process contained therein for pre-Effective Date fees and expenses, the Court will continue to have authority to the extent set forth in the Fee Review Order, consistent with the Plan and section 945(a) of the Bankruptcy Code, which permits the Court to maintain jurisdiction over the Chapter 9 Case for such period of time as is necessary for the successful implementation of the Plan.

<u>**FACTS RELEVANT TO THIS BRIEF**</u>

6.　　　　On August 19, 2013, with the express consent of the City, the Court entered the Fee Examiner Order, appointing Robert Fishman as the Fee Examiner in the Chapter 9 Case.　<u>See</u> Fee Examiner Order, at 1 (appointing Fee Examiner "with the consent of the debtor . . . and its counsel").　Pursuant to paragraph 3 of the Fee Examiner Order, the Court charged the Fee Examiner with the "responsibility to assure the Court, the City, the creditors, and the public that the City's Professional Fee Expenses are fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3)."　The Fee Examiner Order defines

"Professional Fee Expenses" to include "professional compensation and reimbursement of expense obligations . . . that the City incurs in connection with this case whether payable to professionals employed by the City or by others." Fee Examiner Order ¶ 2.

7.     On September 11, 2013, pursuant to paragraph 4 of the Fee Examiner Order and also with the consent of the City, the Court entered the Fee Review Order establishing a process by which the Fee Examiner, as an officer of the Court, would review the fees and expenses of "all professionals who have been retained to render services in connection with this Case and who will seek payment of compensation and reimbursement of expenses from the City for postpetition services." Fee Review Order ¶ 1. The Fee Review Order also established a process for the review of the professional fees and expenses incurred by the Retiree Committee, which the City agreed to pay subject to the terms and conditions set forth therein. Fee Review Order ¶¶ H, 24.[2]

_____

[2]     On May 29, 2014, at the request of the DWSD and with the consent of the City, the Court entered the Order Amending and Clarifying Fee Review Order of September 11, 2013 (Docket No. 5150) (the "DWSD Trustee Fee Order") clarifying that "[a]ll fees and expenses of the professionals retained by, and the employees of, U.S. Bank National Association in its capacity as Trustee . . ., to provide services in connection with the City's Bankruptcy case, shall be subject to review by the Fee Examiner under the Fee Review Order of September 11, 2013." Notwithstanding the DWSD Trustee Fee Order, pursuant to a proposed settlement pending before the Court, the fees and expenses of the U.S. Bank National Association in its capacity as trustee would be subject to a separate arbitration process to determine

8.      In accordance with the Fee Review Order and the Fee

Examiner Order (and the Fee Examiner's duties as set forth therein), the Fee

Examiner has reviewed, and continues to review, all fees and expenses incurred by

the Fee Review Professionals since the Petition Date.  Among other things, the Fee

Review Order requires the Fee Examiner to submit quarterly reports

(a) summarizing and attaching the invoices submitted by the Fee Review

Professionals[3] and (b) reviewing such invoices "solely based on section 943(b)(3)

of the Bankruptcy Code and not based on any other standard (such as under

sections 330 and 331 of the Bankruptcy Code, which do not apply in chapter 9)."

Id., at ¶¶ 8, 10.

9.      As of the date hereof, the Fee Examiner has filed three

quarterly reports and one supplemental quarterly report, each of which have

determined that all of the Fee Review Professionals Fees incurred during the

---

reasonableness.  See Motion of the Debtor for a Final Order Pursuant to
(I) 11 U.S.C. §§ 106, 364(c), 364(d)(1), 364(e), 902, 904, 921, 922 and 928
(A) Approving Postpetition  Financing and (B) Granting Liens and
(II) Bankruptcy Rule 9019 Approving Settlement of Confirmation
Objections (Docket No. 6644) (the "DWSD Settlement Motion"), at 15
(noting that, if the Motion is approved, the DWSD Trustee Fees will be
resolved by binding arbitration and the final arbitration award will be
conclusive for purposes of satisfying 11 U.S.C. § 943(b)(3) with respect to
the DWSD Trustee Fee Claim).

[3]     Pursuant to paragraph 21 of the Fee Review Order, these invoices may be
redacted by the professionals to address "privilege and strategic
confidentiality concerns."  Fee Review Order ¶ 21.

NYI-4604615v7

relevant reporting periods "have been fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3)."[4]

10. In addition, the Plan provides for the Fee Examiner's continued review and assessment of all Fee Review Professional Fees in accordance with the Fee Review Order for the period through the Effective Date. See Plan § IV.M.2. Under the Plan, the Fee Examiner will not be dismissed until he completes his review of all Fee Review Professional Fees under his purview and submits all reports as required by the Fee Review Order. See Plan § IV.M.3.[5] As a result, all fees of the Fee Review Professionals in the case or incident to the Plan incurred prior to the Effective Date will be disclosed and subject to reasonableness review under section 943(b)(3) of the Bankruptcy Code.

---

[4] See Fee Examiner's Quarterly Report for Months of July, August and September 2013 (Docket No. 2642), ¶ 15; Fee Examiner's First Supplemental Quarterly Report for Months of July, August and September 2013 (Docket No. 3457), ¶ 14; Fee Examiner's Second Quarterly Report for Months of October, November and December 2013 (Docket No. 4498), ¶ 16; Fee Examiner's Third Quarterly Report for Months of January, February and March 2014 (Docket No. 6528), ¶ 18. As noted below, the City maintains the right to seek a subsequent judicial review of the Fee Examiner's determination of reasonableness of the fees of certain creditor representatives, such as the Retiree Committee. See, e.g., Fee Review Order ¶ 24.

[5] This is necessary given the natural lag in the billing cycle and the time required to complete the process set forth in the Fee Review Order for each month's invoices.

11.     Although the Court's role in this process is limited, the Fee Review Order (as incorporated into the Plan) provides for Court oversight and the review of the reasonableness of fees in certain circumstances.  The Fee Review Order expressly allows any City Professional (as defined in the Fee Review Order) to challenge any finding of the Fee Examiner that its fees and expenses have not been fully disclosed or are not reasonable "by a motion of the affected Professional seeking a determination of the Court, or by the City in connection with confirmation of its plan of adjustment."  Fee Review Order ¶ 10.[6]  Similarly, the City agreed to pay the fees and expenses of the Retiree Committee's professionals to the extent found to be reasonable by the Fee Examiner "without limitation to the City's right to seek a subsequent judicial determination of reasonableness."  Fee Review Order ¶ 24.  In addition, the Fee Examiner Order provides that if any Fee Examiner report finds that a professional's fees or expenses "have not been fully disclosed or are not reasonable, the Court may schedule a hearing or may take other action that it determines to be appropriate."  Fee Examiner Order ¶ 9.

---

[6]     As noted, to date, there has not been any finding by the Fee Examiner that any fees or expenses have not been fully disclosed or are unreasonable. Also, pursuant to paragraph 22 of the Fee Review Order, the City each month has provided a written verification that it has no objection to the fees and expenses of its professionals and believes those fees and expenses to be reasonable.

NYI-4604615v7

<u>**ARGUMENT**</u>

I.    **THE IMPLEMENTATION OF THE FEE REVIEW ORDER, AS INCORPORATED INTO THE PLAN, PROVIDES THE BASIS FOR THE COURT TO MAKE THE FINDINGS REQUIRED BY SECTION 943(b)(3)**

      A.    **Limitation on Jurisdiction in Chapter 9.**

            12.    As a general matter, in light of constitutional concerns regarding federal interference in the affairs of States, section 904 of the Bankruptcy Code places severe restrictions on the jurisdiction and powers of the court.  11 U.S.C. § 904.[7]  "Section 904's command is clear.  A bankruptcy court may not interfere with a chapter 9 debtor's political or governmental powers, or the use of the debtor's property, without the debtor's consent."[8]  Consistent with this mandate, the standards adopted by sections 330 and 331 of the Bankruptcy Code for the approval of compensation to, among others, professionals of a debtor and an official committee, do not apply to chapter 9 cases.[9]  In fact, no provision in chapter 9 explicitly provides for the Court's allowance of compensation of

---

[7]    See <u>Assoc. of Retired Emps. v. City of Stockton (In re City of Stockton)</u>, 478 B.R. 8, 20 (Bankr. E.D. Cal. 2012) ("In short, the § 904 limitation on the court's authority is absolute, with only two exceptions stated in § 904: consent; and provision in a plan of adjustment.").

[8]    <u>In re New York Off-Track Betting Corp.</u>, 434 B.R. 131, 140 (Bankr. S.D.N.Y. 2010).

[9]    See 11 U.S.C. § 901(a) (not incorporating section 330 or 331 into chapter 9); <u>Cnty. of Orange v. Merrill Lynch & Co. (In re Cnty. of Orange)</u>, 241 B.R. 212, 216 (C.D. Cal. 1999) (concluding section 330 of the Bankruptcy Code does not apply in a chapter 9 case); Fee Review Order ¶ 10.

-9-

professionals absent consent of the debtor. "This structure is entirely consistent with the jurisdictional limitations of Chapter 9, which reflect a sensitivity towards state constitutional rights."[10]

## B.    Reasonableness of Fees under 11 U.S.C. § 943(b)(3)

13.    Although the Court does not review and approve professional fees in chapter 9, section 943(b)(3) of the Bankruptcy Code provides that the Court "shall confirm the plan" if, among other things, "all amounts to be paid by the debtor or by any person for services or expenses in the case or incident to the plan have been fully disclosed and are reasonable."  11 U.S.C. § 943(b)(3). Section 943(b)(3) therefore provides for the Court to make a finding in connection with Plan confirmation that the professionals fees to be paid by the City in this Chapter 9 Case are fully disclosed and reasonable.  This provision strictly "governs disclosure; it does not authorize the allowance of, or require payment of, compensation for services provided to, or reimbursement of expenses incurred for, the debtor."[11]

14.    With respect to fees and expenses incurred by a chapter 9 debtor itself, this requirement is generally non-controversial, and in most chapter 9 cases, courts have found that the requirement is easily satisfied.  See, e.g., In re Connector 2000 Ass'n, 447 B.R. 752, 764-65 (Bankr. D.S.C. 2011)

---

[10]    In re Cnty. of Orange, 179 B.R. 195, 199 (Bankr. C.D. Cal. 1995).

[11]    6 Collier on Bankruptcy ¶ 943.03[3].

-10-

(section 943(b)(3) was satisfied where debtor disclosed fees in plan confirmation brief); In re Mount Carbon Metro. Dist., 242 B.R. 18, 29 (Bankr. D. Colo. 1999) (compliance with section 943(b)(3) was undisputed); In re City of Color Springs Creek Gen. Improvement Dist., 187 B.R. 683, 685-86 (Bankr. D. Colo. 1995) (section 943(b)(3) was satisfied where debtor submitted summary of its time and billing records).[12]

15.     Few courts have articulated a standard for determining reasonableness under section 943(b)(3) of fees incurred by parties other than the debtor.[13]  In Castle Pines North Metropolitan District, the court found that a creditors' committee's fees were subject to a reasonableness determination under section 943(b)(3) and that the debtor should be given an opportunity to "challenge

---

[12]     In other cases, a chapter 9 debtor has satisfied section 943(b)(3) of the Bankruptcy Code where the amounts disclosed and owing by the debtor for services or expenses in the case or incident to the plan were simply found to be "reasonable and necessary to effectuate the Plan and reorganization in this complex case."  In re Barnwell Cnty. Hosp., 471 B.R. 840, 868 (Bankr. D.S.C. 2012); see In re Bamberg Cnty. Mem. Hosp., 2012 Bankr. LEXIS 2321, at *18-19 (Bankr. D.S.C. May 23, 2012) (adopting the same findings as the court's decision in Barnwell Cnty Hosp.).

[13]     It is generally agreed that the professional fees of creditors and other third parties are subject to section 943(b)(3) only when paid by the debtor. See In re Castle Pines N Metro. Dist., 129 B.R. 233, 235 (Bankr. D. Colo. 1991) (debtor may pay reasonable fees of creditor's committee, subject to court oversight under section 943(b)(3)); see also In re Colorado Centre Metro. Dist., 139 B.R. 534, 535 (Bankr. D. Colo. 1992) (cautioning section 943(b)(3) of the Bankruptcy Code should not be used to permit "an antagonistic creditor to purposefully overpay his attorney in order to defer the debtors [sic] plan – a truly absurd result.").

NYI-4604615v7

such fees and have the court make a determination." Id. at 235.  The court, however, did not provide any specific procedures for challenging such fees or determining whether they were reasonable.  Id.  The court in In re Corcoran Hospital District, 233 B.R. 449 (Bankr. E.D. Cal. 1999), found that a debtor can satisfy section 943(b)(3) by providing a mechanism through which fees would be reviewed for reasonableness:

> The debtor has agreed that after confirmation, the Debtor will seek to pay its attorneys and Committee counsel compensation and reimbursement in an amount and on a schedule to be approved by the Court.  The Debtor will not make any final payments to either counsel without a finding from the Court that such payment is reasonable; therefore it is unnecessary to make a finding of reasonableness at this time.

Id. at 452-53 (quotation marks omitted).

### C.    Fee Review Process Established in This Case

16.    Here, the Court and the City recognized the importance of establishing a fee review process early in the bankruptcy process given the size and complexity of this case and the number of professionals involved.  With the City's consent, the appointment of the Fee Examiner and the process established by the Fee Review Order provide the basis for the determination of whether professional fees have been fully disclosed and are reasonable under section 943(b)(3) of the Bankruptcy Code.  By their terms, the Fee Examiner Order and the Fee Review Order provide for the Fee Examiner to review professional fees for postpetition

-12-

services rendered in connection with this case and related expenses if payment is sought from the City, whether the professional is retained by the City or by another party.

17.     The Fee Examiner's specific charge is to act as an officer of the Court to conduct the section 943(b)(3) review.  <u>See</u> Fee Review Order ¶ 28 ("The Fee Examiner has been appointed as an officer of the Court with respect to the performance of his duties."); Fee Examiner Order ¶¶ 3, 4 (the Fee Examiner's duties are to assure compliance with section 943(b)(3) through a fee review process).  Moreover, the Fee Review Order makes clear that the Fee Examiner's "review of fees and expenses shall solely be pursuant to the standard in section 943(b)(3) of the Bankruptcy Code."  Fee Review Order ¶ 26; <u>see</u> <u>also</u> Fee Review Order, ¶ 10.

18.     As such, the Court established a process for the section 943(b)(3) evaluation and determination to be made.  This process is comprehensive and extraordinary – to the City's knowledge, far more extensive than the review of fees conducted in any other chapter 9 case.  With the City's consent, detailed payment, timekeeping, reimbursement and other procedures were established.  Thousands of pages of invoices have been reviewed and filed with the Court.  The Fee Examiner has addressed and resolved various issues directly with the professionals and has issued three sets of detailed quarterly reports.  This has

-13-

been a serious and rigorous process. As noted above, under the Fee Review Order, the Court retained authority in designated circumstances to review the Fee Examiner's determinations. To date, no such circumstance has required the Court's involvement.

**D. The Plan Adopts and Continues the Fee Review Process Set Forth in the Fee Review Order**

19. The Plan expressly adopts the fee review process implemented by Fee Review Order. The Fee Examiner will continue to review and ensure the disclosure and reasonableness of professional fees and expenses paid by the City in its Chapter 9 Case through the Effective Date in accordance with the Fee Review Order.[14] Based on the Fee Examiner's work over the past year in this Chapter 9 Case, the Court can continue to rely on him, as an officer of the Court, to review the disclosure and reasonableness of Fee Review Professional Fees, as mandated by section 943(b)(3) of the Bankruptcy Code. The City submits that this process provides ample basis for the Court to make the finding required by section 943(b)(3) of the Bankruptcy Code with respect to the Plan.

---

[14]    See Plan, at §IV.M.2; Fee Examiner Order ¶ 2 (recognizing Fee Examiner's central role is to assure the Bankruptcy Court, the City, the creditors and the public that the Fee Review Professional Fees are fully disclosed and reasonable, as required by section 943(b)(3) of the Bankruptcy Code).

NYI-4604615v7

## E.   Review of Fees Under DWSD Settlement

20.     In addition to the Fee Examiner's continued role in the fee

review process, the City also has proposed a separate process to disclose and

determine the reasonableness of the professional fees and expenses described in the

DWSD Settlement Motion.  As set forth in the DWSD Settlement Motion, the City

has reached a settlement (the "DWSD Settlement") whereby, among other things,

DWSD will reimburse the professional fees and expenses of the following settling

parties:  (a) Financial Guaranty Insurance Corporation ("FGIC"), (b) the Ad Hoc

Committee of DWSD Bondholders (as defined in the DWSD Settlement Motion)

and (c) Assured (collectively, the "DWSD Settlement Parties").[15]  Consistent with

the DWSD Settlement, the reasonableness and appropriateness of the DWSD

Settlement Parties' fees and expenses will be approved pursuant to the order

granting the DWSD Settlement Motion (the "DWSD Settlement Order").

21.     Similarly, and as set forth above, the U.S. Bank National

Association (the "DWSD Trustee") asserted a right to reimbursement of fees and

expenses in connection with the DWSD Settlement.  The City agreed to reimburse

the DWSD Trustee in an amount between $2.25 million and $5.75 million, to be

---

[15]     As set forth in the DWSD Settlement Motion, the amounts to be paid to the
DWSD Settlement Parties represent a substantial discount of the fees and
expenses sought by the DWSD Settlement Parties.  Indeed, for Assured and
FGIC in particular, the amounts represent approximately one-third to one-
half of such parties' asserted accrued and estimated fees and expenses.  See
DWSD Settlement Motion ¶ 94.

-15-

determined through binding arbitration between the parties.  <u>See</u> DWSD

Settlement Motion, ¶ 16.[16]

      22.     To date, the City has been unable to resolve the professional

fee claims of NPFG.  Absent a resolution, the City intends to file a separate motion

to establish procedures for resolving these claims.[17]  <u>See id.</u>

## F.    Reservation of Rights

      23.     To the extent other third parties, including, but not limited to,

Syncora Capital Assurance Inc. and Syncora Guarantee Inc. and FGIC (in its

capacity as insurer of the COPs) seek reimbursement of their professional fees and

expenses, either prior to or after Plan Confirmation, the City reserves its right to

seek the Court's determination of the reasonableness and appropriateness of such

third party professional fees either pursuant to the Fee Review Order or otherwise.

---

[16]    Consistent with the DWSD Settlement, the reasonableness and
appropriateness of the DWSD Trustee's fees and expenses will be
established and approved by the agreed arbitration process rather than the
process established by the Fee Review Order.

[17]    Like Assured and FGIC, the City understands that NPFG asserts that it has
a secured claim for its fees and expense under the terms of the sale orders
associated with certain of the NPFG-insured DWSD bonds.

-16-

## II. THE COURT RETAINS JURISDICTION TO ASSIST IN IMPLEMENTING THE PLAN

### A. The Court's Continuing Jurisdiction over the Chapter 9 Case

24.      Section 945(a) of the Bankruptcy Code "authorizes the court to retain jurisdiction for as long as is necessary to insure that a plan is successfully implemented."[18] Congress intended section 945(a) of the Bankruptcy Code to encompass a broad application of the general jurisdiction, granted pursuant to 28 U.S.C. § 1334 to facilitate the "effective implementation of a confirmed plan of adjustment."[19]

### B. The Plan Provides for the Court to Retain Exclusive Jurisdiction to Implement the Plan, Consistent with Section 945(a) of the Bankruptcy Code

25.      Article VII of the Plan provides for the retention of exclusive jurisdiction by the Court over, among other things, matters relating to the City's compliance with the Plan and the Confirmation Order and the enforcement or clarification of any orders previously entered by the Court in the Chapter 9 Case.[20] As such, the Court retains the authority to ensure compliance with the Plan,

---

[18]    6 Collier on Bankruptcy ¶ 945.01.

[19]    6 Collier on Bankruptcy ¶ 945.02 (citing H.R. Rep. No. 94-686, 94th Cong., 1st Sess. 35 (1975)) (stating that section 945(a) was included in the law to enable "the court to retain jurisdiction over the case for as long as it determines is necessary to the successful execution of the plan, and inures [*sic*] that the court may enforce the terms of any confirmed plan.") (internal quotation marks omitted).

[20]    See Plan, at §VII.J, VII.M.

-17-

including with respect to the fee review process set forth in the Fee Review Order and incorporated into the Plan.

26.     Although the Fee Examiner bears the greatest burden under the Fee Review Order to evaluate fees, the Court's oversight role as set forth in the Fee Review Order continues because the fee review process is incorporated into the Plan and the Court retains jurisdiction under Article VII of the Plan and section 945(a) of the Bankruptcy Code.  In addition, to the extent necessary, the Court will retain jurisdiction over the implementation of fee review consistent with the DWSD Settlement Order and any procedure established to review NPFG's fees.

## CONCLUSION

27.     For the reasons set forth herein, the City submits that: (a) the Court has the authority to and can make the findings required by section 943(b)(3) of the Bankruptcy Code in connection with the confirmation of the Plan; (b) consistent with section 945(a) of the Bankruptcy Code, the Court will retain its authority oversee the Fee Examiner's determinations of adequacy of disclosure and the reasonableness of fees under section 943(b)(3) of the Bankruptcy Code to the extent set forth in the Fee Review Order as incorporated into the Plan; and (c) the Court will have authority to review the fees of certain creditors who seek payment from the City pursuant to the DWSD Settlement Order or other applicable orders of the Court.

-18-

Dated:  August 18, 2014                    Respectfully submitted,


                                            /s/    Heather Lennox
                                           David G. Heiman (OH 0038271)
                                           Heather Lennox (OH 0059649)
                                           Thomas A. Wilson (OH 0077047)
                                           JONES DAY
                                           North Point
                                           901 Lakeside Avenue
                                           Cleveland, Ohio  44114
                                           Telephone:  (216) 586-3939
                                           Facsimile:  (216) 579-0212
                                           dgheiman@jonesday.com
                                           hlennox@jonesday.com
                                           tawilson@jonesday.com


                                           Bruce Bennett (CA 105430)
                                           JONES DAY
                                           555 South Flower Street
                                           Fiftieth Floor
                                           Los Angeles, California 90071
                                           Telephone:  (213) 243-2382
                                           Facsimile:  (213) 243-2539
                                           bbennett@jonesday.com


                                           Robert S. Hertzberg (P30261)
                                           Deborah Kovsky-Apap (P68258)
                                           PEPPER HAMILTON LLP
                                           4000 Town Center, Suite 1800
                                           Southfield, MI 48075
                                           Telephone:  (248) 359-7300
                                           Facsimile:  (248) 359-7700
                                           hertzbergr@pepperlaw.com
                                           kovskyd@pepperlaw.com

                                           ATTORNEYS FOR THE CITY
                                           OF DETROIT, MICHIGAN

                                           -19-

# EXHIBIT A

# CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing The City of Detroit's Brief Regarding the Court's Authority to Determine the Reasonableness of Fees Under 11 U.S.C. § 943(b)(3) was filed and served via the Court's electronic case filing and noticing system on this 18th day of August, 2014.

/s/ Heather Lennox