# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>                         Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

## OFFICIAL COMMITTEE OF RETIREES' BRIEF ON THE COURT'S AUTHORITY TO DETERMINE THE REASONABLENESS OF FEES UNDER 11 U.S.C. § 943(B)(3)

Pursuant to the Eighth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment, the Official Committee of Retirees of the City of Detroit, Michigan (the "Committee") submits its brief regarding the Court's authority to determine the reasonableness of fees under 11 U.S.C.§ 943(b)(3)[1].

### PRELIMINARY STATEMENT

Section 943(b)(3) requires as a condition of confirmation that the amounts to be paid by the City "for services or expenses in the case or incident to the plan have been fully disclosed and are reasonable." There is, however, a tension between the requirements of section 943(b)(3) and the constraints of sections 901, 903 and 904 limiting the court's authority over the allowance and payment of fees for services in a chapter 9 case. First, the customary procedure for disclosure and allowance of professional fees of a debtor and committee in chapter 11 case under sections 327, 328, 330 and 331 are not incorporated in a chapter 9 case by section 901. In addition, section

---

[1] All section references herein are references to the provisions of the Bankruptcy Code. 11 U.S.C.§101 *et seq.*

904 expressly limits the power of the court to interfere with "any property or revenue of the debtor" unless the debtor consents or the plan so provides. 11 U.S.C.¶904(2).[2]

At the outset of this case, in an effort to anticipate and meet the confirmation requirements of section 943(b)(3) and simultaneously observe the pre confirmation limitations of chapter 9 imposed on the Court's approval and allowance of fees of the City's professionals, the Court adopted the Fee Review Order [Dkt. No. 810]. The Fee Review Order established a comprehensive review procedure with the consent of the City to ensure that the fees paid by the City to the City and the Committee's professionals were thoroughly reviewed by an independent fee examiner, fully disclosed to the Court, to the City, creditors and the public and reasonable. The standards under which the Fee Examiner was to operate were expressly those of section 943(b)(3), to the exclusion of any other standard.[3]

As more fully discussed below, the procedure, consistent with the Court's authority under section 105 of the Code, was implemented over a period of

---

[2] The Court most recently reflected on the constitutional and statutory constraints on the exercise of its powers in chapter 9 in the Opinion and Order Denying Motion For Permissive Intervention [ Dkt. No 6708] as follows:

> Unlike other chapters of the bankruptcy code, chapter 9 strictly limits the Court's power in a municipal bankruptcy case. This is to ensure that the separation of powers contemplated in the United States Constitution is upheld and the Court does not overstep its bounds into the sovereign powers of states. Thus, section 904 of the bankruptcy code prohibits the Court from interfering with "(1) any of the political or governmental powers of the debtor; (2) any of the property or revenues of the debtor; or (3) the debtor's use or enjoyment of any income-producing property." 11 U.S.C. § 904. This limitation means that the Court cannot interfere with the "choices a municipality makes as to what services and benefits it will provide." *In re Addison Cmty. Hosp. Auth.*, 175 B.R. 646, 649 (Bankr. E.D. Mich. 1994) (citing H.R. Rep. No. 595, 398). Further, this provision makes clear that "chapter 9 was created to give courts only enough jurisdiction to provide meaningful assistance to municipalities that require it, not to address the policy matters that such municipalities control." Id. Consequently, given the constraints of §904, the Court would not have the authority to require the DWSD to stop mass water shut-offs, to require that the DWSD refrain from implementing a program of mass water shut-offs in the future, or require the DWSD to implement procedures regarding rate setting or water affordability plans.

[3] Paragraph 10 of the order states in part:

> The Fee Examiner's review, and his conclusion under paragraph 8.c. above, shall be solely based on section 943(b)(3) of the Bankruptcy Code and not based on any other standard (such as under sections 330 and 331 of the Bankruptcy Code, which do not apply in a chapter 9.

approximately two months on notice and an opportunity for input from all parties in interest. The City's professionals, other than "ordinary course" professionals are subject to Fee Examiner review. DKT 810 ¶¶1 and 25. Since the City sought the formation of the Committee, the Committee professionals are also subject to Fee Examiner review. DKT 810 ¶24. Since then, the City, the Committee and the Fee Examiner, who was tasked with the responsibility of ensuring compliance with the requirements of section 943(b)(3), have complied with the detailed obligations imposed by the Fee Review Order. Thus, the fees of the City and Committee's professionals throughout the case have been reviewed, discussed and settled, fully disclosed, found to be reasonable and paid. [4]

Going forward, the City's Corrected Fifth Amended Plan for Adjustment of Debts of the City of Detroit (the "Plan") [Dkt No 6379] provides for the continuation of the procedures set forth in the Fee Review Order and employed without objection throughout the case for the review, disclosure and payment of professional fees accrued through the Effective Date of the Plan. As obviously intended by the Court when it entered the Fee Review Order, the continuation of the procedure through the Plan satisfies the requirements of section 943(b)(3). It is also consistent with the Court's limited exercise of authority under section 904.

Accordingly, the Committee submits that (a) disclosure of professional fees under the terms of the Fee Review Order constitutes the required disclosure under section 943(b)(3); (b) the Court properly has delegated its authority to determine the reasonableness of the fees "in the case or incident to the plan" under section 943(b)(3) for those professionals subject to the Fee Review Order; and (c) the Plan provides the

---

[4] To meet the requirements of section 943(b)(3), where a creditor's or securities issuer's professionals are to be reimbursed or paid pursuant to the Plan of Adjustment, either the court must establish appropriate procedures for disclosure and review the fees or the such professionals must submit to the Fee Review Order

- 3 -

appropriate mechanism for determining that the payments "to be made" will be disclosed and found reasonable as required by section 943(b)(3).

A. Comparison of Section 943(b)(3) and Section 1129(a)(4)

Section 943(b)(3) sets forth the requirements for confirmation of the Plan that amounts paid by the City for professional fees are disclosed and are reasonable.[5] However, nothing in the statute or chapter 9 describes the procedure for making the necessary determinations. In contrast, section 1129(a)(4) expressly refers to approval by the court and is bolstered by the provisions governing approval of fees in a chapter 11 case under section 330 and 331.[6]

A comparison of the two provisions highlights ambiguities with respect to the scope of the determination under section 943(b)(3) in addition to the uncertainty about the procedure. Section 1129(a)(4) refers to by payments by "the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan." Section 943(b)(3), if read literally, appears to authorize review of a creditor's direct payment of its attorneys' fees as well as those reimbursed by the debtor. *See In re Colorado Centre Metro. Dist*., 139 B.R. 534, 535 (Bankr. D. Colo 1992)("This is the only place in the Bankruptcy Code that requires the Court to pass upon the reasonableness of the attorney's fees for a creditor, except for those instances where the creditor is seeking payment from the estate under, e.g., 11 U.S.C. § 503(b)(3).")

---

[5] Section 943(b)(3) provides:
  (b) The court shall confirm the plan if—
  (3) all amounts to be paid by the debtor or by any person for services or expenses in the case or incident to the plan have been fully disclosed and are reasonable

[6] Section 1129(a)(4) provides:
  a) The court shall confirm a plan only if all of the following requirements are met:
  (4) Any payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable

- 4 -

Section 1129(a)(4) applies to payments "made or to be made." In contrast, section 943(b)(3) refers only to payments "to be made." *See In re Jefferson County*, Case No. 11-05736-TBB, *Amended Disclosure Statement Disclosure Statement Regarding Chapter 9 Plan of Adjustment for Jefferson County, Alabama (DATED JULY 29, 2013)* [Dkt. No. 1912] at 130.

> The County has paid the fees and expenses of its bankruptcy counsel, bond counsel, general outside counsel, and other professionals on a regular basis during the Case. Such fees are not subject to the Bankruptcy Court's review or approval, as Bankruptcy Code sections 327-331 do not apply in chapter 9 cases. In addition, the County does not believe that Bankruptcy Code section 943(b)(3) requires that any fees and expenses previously paid be subject to review or challenge based on reasonableness grounds. Compare 11 U.S.C. § 943(b)(2) (providing that "all amounts to be paid by the debtor or by any person for services or expenses in the case or incident to the plan have been fully disclosed and are reasonable" (emphasis added)), with 11 U.S.C. § 1129(a)(4) (providing that"[a]ny payment made or to be made by the proponent, by the debtor, or by a person issuing securities or acquiring property under the plan, for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable" (emphasis added)). Accordingly, the County intends to submit an estimate prior to the Confirmation Hearing of all amounts anticipated to be paid after the Confirmation Date and before the Effective Date for services or expenses in the Case or incident to the Plan and request that the Bankruptcy Court find that all such amounts are reasonable in connection with the confirmation of the Plan.

As shown below, the Fee Review Order and the Plan resolve the ambiguities regarding the scope of the provision from the commencement of the case through the Effective Date of the Plan with respect to the City and the Committee's professionals.

B.  The Fee Review Order Established The Procedure For Meeting the Requirements of Section 943(b)(3)

As indicated above, this Court established a procedure for meeting the requirements of section 943(b)(3) with respect to the payment of professional fees,

- 5 -
13-53846-tjt    Doc 6844    Filed 08/18/14    Entered 08/18/14 20:51:30    Page 5 of 12

consistent with its authority under the Bankruptcy Code and with the City's consent, after giving all parties an opportunity to comment and respond.

In the Court's original proposed Order Appointing Fee Examiner, the Court indicated its intention to engage an independent fee examiner in consultation with the City, and devise a procedure for disclosing the fees of professionals retained by the City and an official committee to the Court, the City, the creditors and the public and determining that the fees were reasonable as required by section 943(b)(4). See Order Establishing Amended Initial Status Conference Agenda [Dkt 29].[7] Thereafter, on August 2, 2013, the Court entered its Order Regarding Comment Period on Fee Examiner Appointment soliciting confidential suggestions for a person to serve as the fee examiner. [Dkt. No. 277]. On August 19, 2013, the Court appointed Robert M. Fishman as the Fee Examiner and charged him with the "responsibility… to assure the Court, the City, the creditors, and the public that the City's Professional Fee Expenses are fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3)." *See* Order Appointing Fee Examiner [Dkt. No. 383].

On September 11, 2013, after a hearing on the matters at issue in the order, the Court entered its Fee Review Order with (a) findings regarding, *inter alia*, the

---

[7] The Court's proposed order stated in relevant part:
    2. In this order, the phrase "Professional Fee Expenses" means all of the professional fee expenses that the City incurs in connection with this case whether payable to professionals employed by the City or by others. It also includes the expenses payable to its claims and noticing agent, expenses payable to the professionals of any official committee, and expenses awarded under 11 U.S.C. § 503(b)(3)&(4).
    3. The fee examiner's responsibility is to assure the Court, the City, the creditors, and the public that the City's Professional Fee Expenses are fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3).
    4. After consulting with the attorneys for the City, the fee examiner shall submit to the Court a proposed order establishing:
    (a) A procedure for the City to publicly disclose its Professional Fee Expenses.
    (b) A procedure for the fee examiner to review the City's Professional Fee Expenses and to file reports addressing whether the City's Professional Fee Expenses have been fully disclosed and are reasonable

jurisdictional basis for the order, the fee's examiner's consultation with the City professionals and the Committee professionals, and the notice and opportunity for all interested parties to object to entry of the order, and (b) detailed procedures and requirements governing "the submission, disclosure and review of all Professional Fee Expenses." [Dkt. 810 at ¶2]. The Court's Order established comprehensive procedures and guidelines for the professionals to record and disclose their fees and expenses, and to work with the professionals (as defined at Dkt. No 810 ¶1) to resolve any issues, as defined in the Fee Review Order, and for the Fee Examiner to record and disclose his findings. Thus, for the City and Committee retained professionals disclosure has been achieved and reasonableness has been determined.

Consistent with the procedures, the Fee Examiner has reviewed each professional's fees and expenses on a monthly basis. After the review and meet and confer process, the Fee Examiner has then filed his Fee Examiner's Quarterly Report For Months Of July, August And September 2013. In the Report, the Fee Examiner fully disclosed his review procedure as follow:

> The procedures and requirements set forth in the Fee Review Order, including but not limited to the submission of the information contained in this Quarterly Report, are intended to ensure the adequacy of disclosure and a mechanism to assess the reasonableness of all Professional Fee Expenses. For example, the Initial Submissions enabled the Fee Examiner (1) to understand the terms of the engagement letters pursuant to which each Professional is employed, (ii) to evaluate the significance of any Discounted Rates in comparison to each Professional's regular hourly rates, and (iii) to obtain Monthly Invoices in a sufficiently detailed and organized format that is conducive to meaningful review. The Fee Examiner, individually and through his professionals, conducted a thorough review of each Monthly Invoice and generated a Preliminary Report for each Monthly Invoice that contained the Fee Examiner's detailed comments and questions, which were aimed at (a) generating compliance with the substantive requirements of the Fee Review Order and the reasonableness standards developed by the Fee Examiner based on his

extensive experience in bankruptcy cases, and (b) providing full public disclosure of the Professional Fee Expenses (subject only to redacting as determined by the applicable Professional).

Report at ¶13

Based on the full disclosure of the professionals, their voluntary concessions and reductions, and his thorough review of the invoices, which were attached to the Report and posted on the Emergency Manager's website, the Fee Examiner concluded that the fees were fully disclosed and were reasonable as required by section 943(b)(3):

> The Final Monthly Reports prepared by the Fee Examiner delineate the voluntary write-offs and reductions by each Professional, both before the submission of each Monthly Invoice and as a result of the Resolution Discussions with the Fee Examiner, and, in the Fee Examiner's opinion, further reflect the reasonableness of the Professional Fee Expenses. Although the fees incurred by the Professionals during the Reporting Period are substantial by any measure, the Fee Examiner believes that all of the requested fees are commensurate with the complexity and speed of the Case, and the quality of the services that the Professionals have provided. Furthermore, the Fee Examiner believes that all of the requested expenses were necessarily incurred by the Professionals in connection with the services rendered. Accordingly, the Fee Examiner submits that all of the Professional Fee Expenses from the Reporting Period, as covered by this Quarterly Report, have been fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3).

Report at ¶15

The same procedure has been followed by the professionals and the Fee Examiner for each quarter. See Quarterly Report for the Period Ending December 2013 (October, November and December 2013) [Dkt.4498]; and Third Ch. 9 Quarterly Report January 1, 2014-March 31, 2014 [6528]

The Fifth Amended Plan in section IV.M.2 provides for the continuation of the procedures established by the Fee Review Order through the Effective Date:

- 8 -

13-53846-tjt    Doc 6844    Filed 08/18/14    Entered 08/18/14 20:51:30    Page 8 of 12

> The Fee Examiner shall review all fees and expenses of the Fee Review Professionals for the period from the Petition Date and ending on the Effective Date in accordance with the terms of the Fee Review Order. For the avoidance of doubt, the Fee Review Order shall not apply to any fees or expenses of the Fee Review Professionals for the period on and after the Effective Date, and the Fee Examiner shall not review any such fees or expenses; provided, however, that all fees and expenses of the Fee Examiner Parties, whether incurred before, on or after the Effective Date, shall remain subject to review and approval of the Bankruptcy Court pursuant to the terms of the Fee Review Order.

See Dkt. No. 6379

Although Section 904 imposes limits on the Court's authority to enter any order that interferes with City's property or revenue, the provision has an exception for such orders entered with the City's consent or in a plan. Both exceptions have been and will be met in this case with respect to disclosure of fees and determination of reasonableness.

C. Precedent For The Court's Authority to Determine Reasonableness

There is precedent in chapter 9 cases for the court to find that the requirements of section 943(b)(3) have been met in connection with confirmation of a plan with far less disclosure and review than has been applied in this case: In several cases, the chapter 9 debtor has submitted a fee exhibit with the Plan or at the confirmation hearing. *See e.g*. *In re Connector 2000 Ass'n*, 447 B.R. 752 (Bankr. D.S.C. 2011):

> Section 943(b)(3) requires that all amounts to be paid by the Debtor or other persons for services or expenses in the case or incident to the plan have been fully disclosed and are reasonable. Debtor has been paying its administrative expenses in the case on a current basis and any open amounts are expected to be paid within 10 days of the Effective Date of the Plan….The additional amounts to be paid or reimbursed incident to the Plan in connection with confirmation and the transactions contemplated by the Plan, including exchange of the Bonds for the Amended and Restated Bonds, are reasonable and necessary to effectuate the Plan and have been fully disclosed in Exhibit D to the Plan Confirmation Brief and on the record at the Confirmation Hearing. Section 943(b)(3) is satisfied here.

*Id.* at 764-5. *See also In re Corcoran Hosp. Dist.*, 1999 Bankr. LEXIS 501 (approving a plan under section 943(b)(3) where the debtor agreed that post confirmation, it would "seek to pay its attorneys and Committee counsel compensation and reimbursement in an amount and on a schedule to be approved by the Court."). *The Findings Of Fact, Conclusions Of Law, And Order Confirming The Chapter 9 Plan Of Adjustment For Jefferson County, Alabama (Dated November 6, 2013)* in the chapter 9 case of Jefferson County includes the following findings and order:

> To the extent required, the County fully disclosed at or in connection with the Confirmation Hearing all amounts that have been paid and are projected to be paid by the County for services or expenses in the Case or incident to the Plan. The Court has reviewed and considered such amounts paid and to be paid and has determined, based on the unique facts, circumstances, and context of the Case, the Plan, and the transactions contemplated by the Plan, that all such amounts are reasonable (including for purposes of Section 2.2(c) of the Plan) and have been and, to the extent to be paid, may appropriately be paid by the County. The Plan therefore satisfies Bankruptcy Code section 943(b)(3).

*In re Jefferson County, Alabama*, Case 11-05736-TBB9 [Dkt. No. 2248 ] dated November 22. 2013 at 79.

## CONCLUSION

Based upon the above, the Committee submits that (a) disclosure of professional fees under the terms of the Fee Review Order constitutes the required disclosure under section 943(b)(3); (b) the Court has delegated its authority to determine the reasonableness of the fees "in the case or incident to the plan" under section 943(b)(3) for those professionals subject to the Fee Review Order and (c) the Plan provides the appropriate mechanism for determining the payments "to be made" will be disclosed and found reasonable as required by section 943(b)(3).

- 10 -
13-53846-tjt    Doc 6844    Filed 08/18/14    Entered 08/18/14 20:51:30    Page 10 of 12

Dated: August 18, 2014  Respectfully submitted,

DENTONS US LLP

By: _/s/ Carole Neville_
Carole Neville
Claude D. Montgomery
1221 Avenue of the Americas
New York New York 10020
Tel: (212) 768-6700
carole.neville@dentons.com
claude.montgomery@dentons.com

and

Sam J. Alberts
DENTONS US LLP
1301 K Street, NW Suite 600, East Tower
Washington, DC 20005-3364
Tel: (202) 408-6400
sam.alberts@dentons.com

and

Matthew E. Wilkins
Paula A. Hall
BROOKS WILKINS SHARKEY & TURCO
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Tel: (248) 971-1800
wilkins@bwst-law.com
hall@bwst-law.com

*Attorneys for the Retirees Committee*

## CERTIFICATE OF SERVICE

I, Carole Neville, hereby certify that the foregoing document was filed and served via the Court's electronic case filing and noticing system on August 18, 2014.

> By:    */s/ Carole Neville*
>         Carole Neville