# **EXHIBIT 6-C**



**UNITED STATES DISTRICT COURT**
FOR THE EASTERN DISTRICT OF MICHIGAN
THEODORE LEVIN UNITED STATES COURTHOUSE
231 WEST LAFAYETTE BLVD., ROOM 730
DETROIT, MICHIGAN 48226

**GERALD E. ROSEN**
CHIEF JUDGE

(313) 234-5135

September 9, 2013

To: All Parties and Objectors Participating in the Detroit Bankruptcy Mediation

Now that mediations are commencing, the mediators wish to disclose any ties to, or relationship with, any party, objector, attorney or law firm that has appeared as of this date in the City of Detroit Bankruptcy. Each mediator has vetted these relationships and sees no conflicts of interest which would require his or her mandatory disqualification or the waiver of the parties or objectors. Although many of the disclosures reported are not required under the Code of Conduct for United States Judges or professional rules of responsibility, out of an abundance of caution, the mediators wish to make all possible ties to any party, objector, attorney or law firm known to all. Any concerns about these disclosures should be addressed to the particular mediator who is the subject of the concern, with a copy to Chief Judge Rosen.

First, all of the current and former federal judges serving as mediators, are/were employees of the federal government and, as such, have a relationship to the United States, an Interested Party in the Detroit bankruptcy. This, of course, is not disqualifying. Next, the mediators wish to disclose the following:

<u>U.S. District Chief Judge Gerald E. Rosen</u>

Judge Rosen was an associate and senior partner with the law firm of Miller, Canfield, local counsel for the Debtor, from June 1979 through January 1990. He has had no financial interest in that firm since that time, and has presided in many cases in which that firm has represented parties before him, without objection. Members of the firm have represented relatives of the judge in litigation and business matters in the past,

including a recent matter that has essentially concluded and for which there will be no further representation by any attorney in the firm. None of the lawyers who have represented the judge's relatives in the past in any of these matters is involved in the Detroit bankruptcy case. Judge Rosen does retain friendships with a few members of the firm, and recuses himself on matters in which those firm members are involved.

Judge Rosen serves on the adjunct law faculty for the Wayne State University Law School and, in that capacity, is an agency service fee payor, but not a member of the AFL-CIO, American Federation of Teachers, AFT Local 477. The fee does not support any policy positions of the union nor does it pay any AFT costs related to its affiliation with the AFL-CIO.

### U.S. District Judge Victoria A. Roberts

Before her appointment to the bench, Judge Roberts was an associate and then partner in the Detroit law firm of Goodman, Eden, Millender and Bedrosian from 1988 to 1998. One of her partners at the Goodman law firm was Barbara Patek, who represents the Detroit Police Officers Association, the Detroit Police Lieutenant and Sergeants Association, and the Detroit Police Command Officers Association. Judge Roberts has no professional affiliation or financial ties to Ms. Patek since Ms. Patek withdrew from the partnership in 1997.

In addition to her position as a U.S. District Judge, Judge Roberts also now serves as an adjunct professor at the University of Michigan Law School. As such, she has belonged to the Lecturers' Employee Organization, American Federation of Teachers Michigan/AFT Local 6244, AFL-CIO. She terminated her membership in the union and now pays only the required service fee and no union dues. The service fee does not support any ideological positions of the union nor does it pay any AFT costs related to its affiliation with organizations such as the AFL-CIO. One of the objectors in this case is the AFL-CIO Michigan Council 25 of the American Federation of State County Municipal Employees, AFL-CIO ("AFSCME"), and Subchapter 98, City of Detroit Retirees.

Miller Canfield serves as local counsel for the Debtor. In the past,

members of the firm represented a relative of the Judge in a litigation matter. That concluded in 2007. None of the Miller Canfield attorneys involved in that former representation is involved in the Detroit bankruptcy case, and the Judge had no financial interest in that litigation.

Finally, Judge Roberts has a mutual fund account with Merrill Lynch. Merrill Lynch Capital Services filed objections in this case.

### U.S. District Judge Wiley Y. Daniel

Judge Daniel has been a United States District Judge for the District of Colorado since 1995. Before his judgeship, he practiced law for 24 years in both Detroit, Michigan and Denver, Colorado. During his six years in Detroit, Judge Daniel was an associate at the law firm of Dickinson, Wright, McKean & Cudlip, now Dickinson Wright PLLC. Dickinson Wright represents parties in the Detroit Bankruptcy proceeding. Judge Daniel has had no affiliation with Dickinson Wright since he left the firm in 1977 to relocate to Denver, CO. With regard to the parties in the proceeding, Judge Daniel discloses that he has several bank accounts at U.S. Bank, N.A., one of the parties, and has previously obtained several automobile and consumer loans from U.S. Bank. None of these loans has any relationship to the issues raised in the Detroit Bankruptcy proceeding.

Other than the foregoing, Judge Daniel does not have any affiliations or relationships with the parties and the law firms involved in the Detroit Bankruptcy proceeding.

### U.S. Bankruptcy Judge Elizabeth Perris

Judge Perris has been a bankruptcy judge since 1984. Prior to that time she was an associate and partner in two Portland, Oregon law firms. One firm, Greene and Markley, has no connection to the Detroit case. The other firm, McMenamin, Joseph, and Babener, no longer exists. She has worked as a judicial mediator in the chapter 9 cases filed by the California cities of Vallejo, Mammoth Lakes, and Stockton. In that connection, she worked with some of the parties and professionals in the Detroit case, including National Public Finance Guarantee Corporation (NPFG); Assured Guaranty Municipal Corporation (Assured); the law firms of Jones Day,

counsel for the Debtor in the Detroit case; Sidley Austin, counsel for NPFG; and Winston & Strawn LLP, counsel for Assured; and Detroit's financial advisor Miller Buckfire. Judge Perris serves on the Advisory Committee on Bankruptcy Rules with Ricardo Kilpatrick who is an attorney involved in the potential restructure of the Detroit water and sewer assets.

As a long-time bankruptcy judge, member of the American College of Bankruptcy, and regular participant in legal education. Judge Perris has had contact with many of the attorneys who are appearing in this case. For instance, Carole Neville, counsel for the Retirees' Committee, represented a party in an unrelated chapter 11 case filed by a subprime lender in 1998, and spoke at the National Conference of Bankruptcy Judges Education Program in 2007 when Judge Perris chaired the Education Program Committee. During part of the time that Kevyn Orr, Detroit's Emergency Manager, was part of the management team of the Executive Office of the United States Trustee Program, Judge Perris served on the Director's Advisory Board of the United States Trustee Program (1995 - 1998). Judge Perris has worked with Richard Levin, who she understands represents the Detroit Institute of Art, on many educational and other bankruptcy projects, the most recent being the revision of the Official Bankruptcy Forms by the Advisory Committee on Bankruptcy Rules. Judge Perris does not have any close friendships with any of the professionals or relationships other than professional relationships with any of the parties involved in the Detroit bankruptcy.

U.S. District Judge David Coar (retired)

Prior to his tenure as a U.S. District Judge David Coar was a U.S. Bankruptcy Judge in the Northern District of Illinois. As a bankruptcy judge. David Coar encountered many lawyers who specialize in bankruptcy cases, including several who have filed (or who likely will file) appearances in this case. In addition, he has been involved in professional organizations whose members included lawyers who may be involved in Detroit. For example, he has been, or remains affiliated the National Bankruptcy Conference, the American Bankruptcy Institute and the American College of Bankruptcy. In the past, he has served as a panelist with lawyers involved in this case on programs addressing various bankruptcy topics. For example, for several years, he and Rich Levin were

co-panelists on the Basic Bankruptcy Course of ALI-ABA. All such contacts and relationships were professional, not social or personal. Finally, he attended college (at Syracuse University) with Mayor Bing, whom he has not seen or spoken to since his (Coar's) graduation in 1964. Other than the foregoing, Judge Coar reports no ties to any of the parties or lawyers in the Detroit bankruptcy.

Eugene Driker

Eugene Driker is a member of the law firm Barris, Sott, Denn & Driker, P.L.L.C. ("BSDD"). BSDD is not counsel of record for any party in the bankruptcy case. There are, however, three clients of the firm which may be creditors of the City of Detroit, but BSDD has not been retained to represent any of these clients in the Detroit bankruptcy case. BSDD has also filed real estate tax appeals for several clients with respect to properties in the City.

BSDD does not currently represent the City. Since the late 1990s, BSDD has, on occasion, been retained by the City to represent it in several matters. Its involvement in such matters was almost entirely related to suits challenging the awarding of casino licenses. Mr. Driker's last work on those matters was in 2005. Since 2005, Mr. Driker has devoted a total of one hour of time to City matters, meeting with one of the firm's partners in January 2012 with respect to an issue unrelated to the bankruptcy.

In 2012 and 2013, other attorneys at BSDD represented the City in two suits emanating from the Detroit Department of Water and Sewerage ("DWSD"). Those suits are now concluded. The City is indebted to BSDD for fees on those two matters in the amounts of $3,500.00 and $7,602.05, respectively. The DWSD also has, on occasion, consulted with others at BSDD on employment issues. DWSD recently designated the firm as an essential vendor to the department for such services but has not requested the firm to undertake any assignments. Mr. Driker personally has not been involved in any of these matters and does not expect to be involved in the future.

Mr. Driker advises that, during his service as a mediator in the bankruptcy case, BSDD will not undertake the representation of the City,

including DWSD, on any matters.

BSDD represents VFC Partners 18, L.L.C. in several mortgage foreclosure actions on properties in which the City holds junior mortgages. As required by Michigan law, the City was named as a defendant in each such action. The City consented to BSDD's representation of VFC in those matters. VFC seeks no relief against the City in those actions beyond the judgment of foreclosure.

In the past, BSDD represented Michigan Governor Engler and then Governor Granholm in a constitutional challenge to the exercise by each of them of the power to enter into gaming contracts with Indian tribes without first obtaining authorizing legislation. Mr. Driker was lead counsel in the matter throughout that litigation. The litigation ended more than five years ago.

More than a decade ago, BSDD represented the UAW in real estate and other business-related matters. In the late 1980s, BSDD represented the Teamsters Union in litigation to prevent The Detroit Free Press and The Detroit News from entering into a joint operating agreement. Mr. Driker was lead counsel in that matter. BSDD did not represent either union in collective bargaining or any labor matters.

BSDD currently represents the following law firms which have appeared in the Bankruptcy case, all with respect to matters unrelated to Detroit's bankruptcy:

> Dickinson Wright PLLC;
> Honigman Miller Schwartz and Cohn LLP; and
> Miller Canfield Paddock & Stone, PLC.

In the past, BSDD has represented several other law firms which have appeared in the Bankruptcy case, all with respect to matters unrelated to the bankruptcy.

Also in the past, and at the request of judges in the Eastern District of Michigan, Mr. Driker has mediated cases in which the City of Detroit or the State of Michigan have been parties, after full disclosure to all parties

13-53846-tjt   Doc 6845-8   Filed 08/18/14   Entered 08/18/14 21:35:23   Page 7 of 8

of BSDD's prior or then-current representation of them, and with the consent of all parties.

Mr. Driker and his wife own a home in Detroit. They are current in the payment of all real estate and City income taxes. They have not protested their real estate tax assessment.

Mr. Driker is also a publicly-elected member of the Board of Governors of Wayne State University. WSU is not a creditor of the City of Detroit, but is a customer of its Public Lighting Department and may have other relationships with the City.

Mr. Driker's wife, Elaine, served for a number of years as a member of the Board of Directors of the Detroit Institute of Arts. Her term ended in 2011, but she was elected a Director Emerita in 2012, entitling her to attend Board meetings, without a vote. Both Mr. and Mrs. Driker have been contributors to the DIA for many years.

More than 30 years ago, Mr. Driker served on the City of Detroit Building Authority and later on the Detroit Board of Police Commissioners.

Page 7 of 7

13-53846-tjt    Doc 6845-8    Filed 08/18/14    Entered 08/18/14 21:35:23    Page 8 of 8