IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-------------------------------------------------------------x
                                         :

In re                            : Chapter 9

                                           :

CITY OF DETROIT, MICHIGAN,       : Case No. 13-53846

                                           :

                      Debtor.      : Hon. Steven W. Rhodes

                                         :

                                         :

-------------------------------------------------------------x

**RESPONSE OF WILMINGTON TRUST, NATIONAL ASSOCIATION,
AS SUCCESSOR CONTRACT ADMINISTRATOR, TO REQUEST
FOR BRIEFING ON THE COURT'S AUTHORITY TO DETERMINE
THE REASONABLENESS OF FEES UNDER 11 U.S.C. § 943(b)(3)**

Wilmington Trust, National Association ("WTNA"), not individually, but solely in its

capacity as successor contract administrator[1], submits this response to the request for briefs

regarding the Court's authority to determine the reasonableness of fees under 11 U.S.C.

§ 943(b)(3) (this "WTNA Response"), pursuant to the *Eighth Amended Order Establishing*

*Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment*

(Docket No. 6699). In support of this WTNA Response, WTNA respectfully states as follows:

---

[1]    Wilmington Trust, National Association, also serves as successor to U.S. Bank National Association
("U.S. Bank"), as: (a) Trustee ("Trustee") under that certain Trust Agreement, dated June 2, 2005, by and
among the Detroit General Retirement System Service Corporation (the "GRS Corporation"), the Detroit Police
and Fire Retirement System Service Corporation (the "PFRS Corporation"), and U.S. Bank, and as successor
contract administrator ("Contract Administrator") under that certain Contract Administration Agreement, dated
June 2, 2005, by and among the Detroit Retirement Systems Funding Trust (the "2005 Funding Trust"), the
GRS Corporation, the PFRS Corporation, and U.S. Bank, regarding the issuance of Certificates of Participation
Series 2005-A by the 2005 Funding Trust and the transactions contemplated thereby; and (b) Trustee under that
certain Trust Agreement, dated June 12, 2006, by and among the GRS Corporation, the PFRS Corporation, and
U.S. Bank, and as Contract Administrator under that certain Contract Administration Agreement, dated June 12,
2006, by and among the Detroit Retirement Systems Funding Trust 2006 (the "2006 Funding Trust"),
the GRS Corporation, the PFRS Corporation and U.S. Bank, in each case, regarding the issuance of Certificates
of Participation Series 2006-A and 2006-B by the 2006 Funding Trust and the transactions contemplated
thereby.

1

1.     The debtor bears the burden of satisfying the confirmation requirements of section 943(b)(3) of title 11 of the United States Code (the "Bankruptcy Code") by a preponderance of the evidence. *In re Pierce County Housing Authority*, 414 B.R. 702, (Bkrtcy.W.D.Wash. 2009) *citing*, *In re Mount Carbon Metro. Dist.*, 242 B.R. 18, 31 (Bankr.D.Colo.1999). Thus, while it is clear that a chapter 9 debtor must meet the disclosure requirements of section 943(b)(3) in order for a plan to be confirmed, there is very little authority on what a court should consider in determining "reasonableness."

2.     Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose. *See, Discount Tobacco City & Lottery, Inc. v. U.S.*, 674 F.3d 509, (6th Cir. 2012).

3.     Webster's dictionary defines "reasonable," in part, as "fair and sensible;" "not extreme or excessive;" and "moderate, fair." *Reasonable Definition*, merriam-webster.com/dictionary/reasonable (last visited August 18, 2014). Additionally, "Fair" is defined as "treating people in a way that does not favor some over others;" "agreeing with what is thought to be right or acceptable;" and "marked by impartiality and honesty: free from self-interest, prejudice, or favoritism." *Fair Definition*, merriam-webster.com/dictionary/fair (last visited August 18, 2014).

4.     Thus, WTNA asserts that the Court must consider and determine that the City of Detroit, Michigan (the "City") is not unfairly favoring certain parties by paying only certain fees and expenses incident to the bankruptcy and plan, and that the payment of fees does not have the effect of preferential treatment of some creditors over others.

5.     Such an analysis on the underlying basis for the payment of the professional fees, rather than the dollar value, is consistent with Chapter 9 generally. Because section 904(2) of the

Bankruptcy Code prohibits a court from interfering with the property or revenues of the debtor absent consent, it would be contradictory for Congress to intend that "reasonableness" in the context of section 943(b)(3) of the Bankruptcy Code meant a court should have input into the actual amount paid by the debtor.

6. Furthermore, the fee review process that is currently in place pursuant to this Court's Fee Review Order does not satisfy or relieve the City of its disclosure obligations set forth in section 943(b)(3).

## RESERVATION OF RIGHTS

7. WTNA hereby reserves and preserves all of its rights, remedies, and arguments in connection with this WTNA Response, and reserves all rights to supplement this WTNA Response and to be heard before the Court with regard to the arguments set forth herein – as well as reserves the right to make any other applicable arguments, including those raised in other confirmation pre-trial briefing with respect to the Plan. Nothing contained herein is intended to contravene or supersede any arguments or positions that have been made or taken, or that may be made or taken, by any Certificateholders (as defined in the relevant Funding Trust Agreements set forth in footnote 1).

*[Text Continued On Following Page]*

Dated: August 18, 2014          RESPECTFULLY SUBMITTED,
       New York, New York


By: /s/ Heath D. Rosenblat
    Kristin K. Going, Esq.
    Heath D. Rosenblat, Esq.
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
E-mail: Kristin.Going@dbr.com
E-mail: Heath.Rosenblat@dbr.com
Telephone: (212) 248-3140

        -and-

Dirk H. Beckwith, Esq. (P35609)
FOSTER SWIFT COLLINS & SMITH, P.C.
32300 Northwestern Highway, Suite 230
Farmington Hills, Michigan 48334-1471
E-mail: dbeckwith@fosterswift.com
Telephone: (248) 539-9918

*Counsel for Wilmington Trust, National
Association, as Successor Contract Administrator*

| | | |
|---|---|---|
| In re | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, Heath D. Rosenblat, an attorney in the law firm of Drinker Biddle & Reath LLP, certify that on this 18th day of August 2014, I caused the foregoing *Response of Wilmington Trust, National Association, as Successor Contract Administrator, to Request for Briefing on the Court's Authority to Determine the Reasonableness of Fees under 11 U.S.C. § 943(b)(3)* to be filed and served by operation of the CM/ECF system for the Eastern District of Michigan Bankruptcy Court upon all registered users thereof.

  /s/ Heath D. Rosenblat
Heath D. Rosenblat, Esq.
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
E-mail: Heath.Rosenblat@dbr.com
Telephone: (212) 248-3140