WANDA JAN HILL
Creditors/Objectors,

FILED (I)

2014 AUG 18 P 1: 35

U.S. ... COURT
E.D. MI ... DETROIT

V

In re:                                             Chapter 9
City of Detroit, Michigan                          Case No. 13-53846
and Emergency Manager                              Judge Steven W. Rhodes
Kevyn D. Orr, Debtor/City of Detroit

## MOTION

Now comes creditor/objector <u>WANDA JAN HILL</u>, and pursuant to Federal Court Rules of Civil Procedure 7(b)(1) and the First Amendment of the Constitution of the United States. **I OBJECT TO THE PLAN OF ADJUSTMENT** (5th Amendment and corrections)

1. Wherefore, I object the Plan of Adjustment, Fifth Amendment and corrections for the reasons of the interest component of 6.75% and as further explained in the Motion document below.

2. Motion is not duplicative of other evidence because it has never been challenged and/or argued exclusively in Class 11.

3. Witness(es): Belinda Florence, Creditor, Class 11 and Heather Lennox, Jones Day Firm.

4. Time expectancy is 20 – 40 minutes.

5. List of exhibit(s):

    1. The supplement document contained within the corrected pink (retirees) Replacement Ballot documents for Class 11 GRS Pension Claim

    2. Rule 2019(1): "Disclosable economic interest" and

    3. U.S. Code Section 1129 (a)(3) – Confirmation Plan, conflict of.

6. Wherefore, the Plan of Adjustment is to be rejected because it is neither fair, justified nor equitable as stated below in this document:

Wherefore, what is the justification for attaching an 'unexplained' interest rate of 6.75% onto the Annuity Saving Fund Recoupment Amount (ASFRA), which is an interest activity in of itself at an astronomically high rate and causes excess beyond the stated recoupment cap, whose activity was not made available to all, including active, inactive and retired employees of the City of Detroit?

## BRIEF SUPPORT

The interest rate charged to the Annuity Saving Fund Recoupment Amount (ASFRA) is being treated as though it were a contract, credit line extension, consumer loan or a transaction that all parties were knowledgeable of and agreed upon. This is and was not the case, for there were no

forthright acknowledgements, acceptance and confirmations directed towards the lackadaisical mentioning of interest on the ASFRA. This tactic strongly suggests trickery and not negotiating in good faith.

Further, the 6.75% interest rate on the ASFRA is not in accord with the average Wall Street prime interest rate for either a 30 year mortgage or a 60 month auto loan. Their rates are both lower by 36-58% and 60%, respectively. There is no sound reason for such an excessive interest rate charge for an eleven-year or more payment plan, nor is there justification for charging interest on interest, its existence exceeds the stated recoupment cap. Upfront knowledge of such an extravagant activity may have strongly changed the course of the voting results by all affected and unaffected classes.

There was a verbal mentioning of the 6.75% interest rate component of the ASFRA during the testimony hearings of July 15 and 21, 2014, which begun a thorough researching of the documents and DVD software of both the initial and replacement ballots provided by KCC. However, the written mentioning of the interest rate was given one sentence and was tucked away in a two-page, 10-paragragh document that was enclosed with the replacement ballot paperwork. This document clearly stated that the reason for a replacement ballot ... is to correct the estimate of your Annuity Saving Fund Recoupment Amount using July 1, 2003 – June 30, 2013 dates...
No specific or direct attention given to the interest rate component of the ASFRA.

Accordingly, some 3,000 active, inactive and retired employees of the City of Detroit were provided with exchanged ballots that were to reflect their 'corrected' Annuity Saving Fund Recoupment Amount. This particular concern is that you may have only informed some, and not made a direct, conscientious awareness to the 6.75% interest rate component to those that may or may not have received a corrected ballot. Clearly this tactic does not constitute an acknowledgement or agreement to an interest component of 6.75% attached to the ASFRA. Frankly, the pattern continues to smack of hidden information, which affected and unaffected persons were not granted full disclosure of information.

The interest component of 6.75 is not justified and more troublesome, it extends beyond the stated cap amount for the ASFRA. The interest component of 6.75% applied to the ASFRA in the Plan has been created arbitrarily by the Debtor (the City), and has no basis in law, in fact, or in equity.

Whereby, The Plan of Adjustment, 5th amendment, along with its corrections, is not fair, equitable, or just. I, hereby, ask the court to reject the Plan of Adjustment, 5th amendment and its corrections.

As Submitted:

Creditor, _____ / WANDA JAN HILL
16125 Oakfield Street
Detroit, Michigan 48235-3408

Date: August 16, 2014