TO : UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAPTER 9
CASE NO 13-53846
HON. Steven W Rhodes

Class 12 OPEB Claim



FILED
2014 AUG 18 P 4:03
U.S. BANKRUPTCY COURT
E.D. MICHIGAN DETROIT

Response to Order Regarding Participation
at the Confirmation Hearing by Creditors
who filed Objection Without an Attorney
page 1 item 3


A. Names of the Witnesses
   Nicholas Degel
   Walter Stamper
   Kandia Milton

b. Petition of George Lyons ( 3915 )
   June 28. 2005

C 10-15 minutes

d. Some of the proposed evidence will be duplicative of my original claim

E Cover 2 pages

item 1 Annuity BA Balance Report 1/31/2003
item 2 Police and Fire Retirement of the City of Detroit June 19, 2014
item 3 George Lyons (was paid)
item 4 Check Direct Deposit
item 5 Police and Fire Officers Association Nov 18 1982
item 6 Detroit Police Officers Death Benefit Plan Attachment
item 7 Response to Jan 5, 2000 Nicholas Degel 6 pages
item 8 Ms Cowan – Death Benefit Plan Employee Enrollment May 17, 2004

08.18.2004

George Lyons

# Class 12 OPEB Claim

## I have objections to the Plan

Your Hon. Steven W. Rhodes the PFRS manager, Nicholas Degel , Walter Stamper and Deborah Wilkerson have corrupted my Duty Disability Status with my own signature to verify their lies about a secret Direct Deposit Account. They have altered original documents and manufactured false application  and pay-outs to fit their conversion schemes.  I challenge the PFRS date whether the New Accured  Pensions are vested or not item (1) Annuity Balance Report 1 page dated 1/31/2003.

    A. Vested- No

    B. Annuity Status- Duty Disability

      C. Total Annuity 98.037.80

I never elected into the Drop Plan.  I quote Police and Fire Retirement of the City of Detroit dated June  . 1 ?,2014.  page 2B.

    B. The Pension Clause VS The City's Bankruptcy.

The so-called Pension Clause of the Michigan Constitution States the accured public pension benefits " shall not be impaired or diminished.  I submit 2 one page documents items (2) (3)

    A. George Lyons (was paid)  0 from 6/30/1996 to 7/31/1998.

    B. Unauthorized Direct Deposit Bank Account date 9/31/2001.

The money calculated here is false, no interest and was never forfilled.

Z

I now submit (4) Detroit Police Officers Association dated Nov. 18,1982. I quote par 2.

Pursuant to the By-Law of the plan. (Attached )
a member on a duty disability retirement shall be
allowed to voluntarily continue as a member until he
becomes eligible for a regular full service retirement.

I did not want to continue in this New Plan. The
Return signature part is still attached.

Here is my original 1974 plan item (5) Detroit Police
Officers Death Benefit Plan dated March 26 1974.
   A. No regular full service retirement statement.
   B. The original document has been altered to read.

Dis. Ret  10/15/1982          Reg Ret. 9/29/1994

Next I submit (6) page request for hearing.  (7) 2 page
   letter to enrollment into employee benefit -death plan.
   I object to the class 12 OPEB claim.
The PFR managers over the years have stolen hundreds
   of thousands of dollars and Health Care benefits from
   my life.  I submit (8).



## Retirement Systems City of Detroit
### Annuity Balance Report

LYONS.GEORGE                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        Pension Number  180031        Revenue Group   Police

                Vested?  No                        Annuity Status  Duty Disabi        Payroll Status  Disability

Address        17553 TRACEY DETROIT, MI 48235

(Post Tax) Non-Taxable Contribution            $11,434.15          Last Annuity Date      01/31/2003

(Pre Tax) Taxable Contribution                  $0.00

Total Contribution                             $11,434.15

Taxable Interest                               $86.603.65

Adjustments                                     $0.00

TOTAL ANNUITY                                  $98.037.80

the City filed for bankruptcy, that duty took on a new focus. The law and good judgment required the PFRS to seek, through negotiation and/or litigation, to obtain a commitment for as much funding as practicable from the City to minimize any impact on pension benefits for beneficiaries.

To that end, the Retirement System assembled a team of professionals to protect the interests of the System's beneficiaries, including: Clark Hill PLC, as restructuring counsel; Greenhill & Co., LLC, as financial advisor; Arnold & Porter LLP, as appellate counsel; and Gabriel Roeder Smith & Company, the long-time actuarial firm of the Retirement System.

### B. The Pensions Clause vs. the City's Bankruptcy

The so-called Pensions Clause of the Michigan Constitution states that accrued public pension benefits "shall not be impaired or diminished." Before the City filed for bankruptcy, the Retirement System filed a state-court lawsuit to prevent the State from authorizing the City to file a bankruptcy that would seek to reduce accrued pensions. When the City filed for bankruptcy, the Retirement System played a central role in arguing to the Bankruptcy Court that the City was not eligible to be in bankruptcy - - unless its filing was explicitly conditioned on upholding the Pensions Clause. The matter was heavily litigated. Unfortunately, on December 5, 2013, the Bankruptcy Court issued its decision, ruling that the Pensions Clause did not prohibit the City from filing for bankruptcy and seeking to reduce accrued pension benefits.

The Retirement System, along with others, have appealed the Bankruptcy Court's ruling directly to the U.S. Court of Appeals for the Sixth Circuit. The Appeal is pending at this time, written arguments are still being completed, and the timing of a decision from the Court of Appeals is unknown. While we believe that our interpretation of the Michigan Constitution is correct, the Sixth Circuit may not agree and may allow the City to reduce pensions. If the Sixth Circuit reversed the Bankruptcy Court decision and ruled in favor of the Retirement System, the City could seek further appeal. If the City did not file any other appeal or if it lost any additional appeal, the City could not proceed with a Plan that reduces pensions.

It is important to keep in mind, however, that the outcome of this litigation is highly uncertain, and the general statistics regarding success on appeal do not favor the Retirement System as the appellant. In spite of the risks in the appeal, we believe that the Retirement System's aggressive assertion of its legal arguments in this matter has given the City pause for thought and has helped create significant leverage in negotiations with the City.

### C. Prior Plan Proposals

On June 14, 2013, prior to the bankruptcy filing, the City issued a Proposal for Creditors. Under the Proposal, the Retirement System's defined benefit plan would be promptly frozen and closed, and claims for underfunding liability would receive a pro rata share, along with various bond claims, healthcare claims, and other miscellaneous claims in a $2 Billion 20-year note.



George Lyons
180031

## WAS PAID

| BEGIN | END | RATE | MONTHS | DAYS | PAY |
|---|---|---|---|---|---|
| 9/1/1994 TO | 2/28/1995 | $1,815.16 | 6 | 0 | $10,890.96 |
| 3/1/1995 TO | 6/30/1996 | $0.00 | 0 | 0 | $0.00 |
| 7/1/1996 TO | 6/30/1997 | $0.00 | 0 | 0 | $0.00 |
| 7/1/1997 TO | 6/30/1998 | $0.00 | 0 | 0 | $0.00 |
| 7/1/1998 TO | 7/31/1998 | $0.00 | 0 | 0 | $0.00 |
| 8/1/1998 TO | 6/30/1999 | $32.87 | 11 | 0 | $361.57 |
| 7/1/1999 TO | 6/30/2000 | $65.74 | 12 | 0 | $788.88 |
| 7/1/2000 TO | 9/30/2000 | $98.61 | 3 | 0 | $295.83 |
| 10/1/2000 TO | 6/30/2001 | $48.00 | 9 | 0 | $432.00 |
| 7/1/2001 TO | 6/30/2002 | $80.87 | 12 | 0 | $970.44 |
| 7/1/2002 TO | 6/30/2003 | $113.74 | 12 | 0 | $1,364.88 |
| 7/1/2003 TO | 3/30/2004 | $38.57 | 12 | 0 | $462.84 |
| 7/1/2004 TO | 7/31/2004 | $71.35 | 1 | 0 | $71.35 |
| 8/1/2004 TO | 4/30/2006 | $36.27 | 21 | 0 | $761.67 |
| | | | 99 | 0 | $16,400.42 |

## SHOULD BEEN PAID

| BEGIN | END | RATE | MONTHS | DAYS | PAY |
|---|---|---|---|---|---|
| 9/1/1994 TO | 9/28/1994 | $1,815.16 | 0 | 28 | $1,694.15 |
| 9/29/2004 TO | 6/30/2005 | $1,542.76 | 9 | 2 | $13,987.69 |
| 7/1/1995 TO | 6/30/1996 | $1,571.69 | 12 | 0 | $18,860.28 |
| 7/1/1996 TO | 6/30/1997 | $1,606.40 | 12 | 0 | $19,276.80 |
| 7/1/1997 TO | 6/30/1998 | $1,641.11 | 12 | 0 | $19,693.32 |
| 7/1/1998 TO | 6/30/1999 | $1,675.82 | 12 | 0 | $20,109.84 |
| 7/1/1999 TO | 6/30/2000 | $1,710.53 | 12 | 0 | $20,526.36 |
| 7/1/2000 TO | 6/30/2001 | $1,745.24 | 12 | 0 | $20,942.88 |
| 7/1/2001 TO | 6/30/2002 | $1,779.95 | 12 | 0 | $21,359.40 |
| 7/1/2002 TO | 6/30/2003 | $1,814.66 | 12 | 0 | $21,775.92 |
| 7/1/2003 TO | 6/30/2004 | $1,849.37 | 12 | 0 | $22,192.44 |
| 7/1/2004 TO | 6/30/2005 | $1,884.08 | 12 | 0 | $22,608.96 |
| 7/1/2005 TO | 4/30/2006 | $1,918.79 | 10 | 0 | $19,187.90 |
| | | | 139 | 30 | $242,215.94 |

| | | |
|---|---|---|
| NEW RATE | | $1,918.79 |
| | | |
| RETRO | | $225,815.52 |
| DUE CITY | | -$1,220.99 |
| RETRO | | $224,594.53 |
| | | |
| PROCESS FOR | | June 1, 2006 |

JLC
5/11/2006

CITY OF DETROIT, FINANCE DEPARTMENT, TREASURY DIVISION STATEMENT OF EARNINGS AND DEDU

RETIREMENT PAYROLL **SEPT.** FOR 08-01-2001 TO 08-31-2001 PAID 09-01-2001 0

▼ YOUR SOC. NO. IS THE NUMBER TO WHICH YOUR DEDUCTIONS ARE POSTED AND SHOULD BE NOTED IN ALL INQUIRIES.

| SOC. SEC. NO. | NAME | BANK | ACCOUNT |
|---|---|---|---|
| 24 | LYONS, GEORGE | | |

| EARNINGS | | | DEDUCTIONS AND REIMBURSEMENTS | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| KIND | CUR AMT | YTD AMT | TYPE | CUR AMT | YTD AMT | TYPE | CUR AMT | TYPE | CUR AMT | TYPE |
| PENSION | 8087 | 49774 | FED TAX | | | 50000 | 465 | | | |
| ANNUITY | | 730800 | HOSPITAL | 476 | 17544 | 40061 | 00 | | | |
| PEN ADJ | | | BEN PLN | 09 | 81 | 40319 | 1855 | | | |
| ANN ADJ | | | CR UNION | | | | | | | |
| OTH ADJ | | | | | | | | | | |

| TOTAL GROSS | 8087 | TOTAL DEDUCTIONS | 2805 | AMOUNT OF CHECK | |
|---|---|---|---|---|---|

**NOT NEGOTIABLE** DETACH AND RETAIN FOR YOUR RECORDS 4644262

| MAIL CODE | 0 | HOSPITAL CODE | BE100 | RETIREMENT CODE | B-30-4-7 |
|---|---|---|---|---|---|

---

F 7381    CITY OF DETROIT, FINANCE DEPARTMENT, TREASURY DIVISION    R 1548
STATEMENT OF EARNINGS AND DEDUCTIONS                                R 2

RETIREMENT PAYROLL **JUNE** FOR 05-01-2001 TO 05-31-2001 PAID 06-01-2001 0

▼ YOUR SOC. SEC. NO. IS THE NUMBER TO WHICH YOUR DEDUCTIONS ARE POSTED AND SHOULD BE NOTED IN ALL INQUIRIES.

| SOC. SEC. NO. | NAME | BANK | ACCOUNT |
|---|---|---|---|
| 4 | LYONS, GEORGE | | |

| EARNINGS | | | DEDUCTIONS AND REIMBURSEMENTS | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| KIND | CUR AMT | YTD AMT | TYPE | CUR AMT | YTD AMT | TYPE | CUR AMT | TYPE | CUR AMT | TYPE |
| PENSION | 4800 | 28800 | FED TAX | | | 50000 | 465 | | | |
| ANNUITY | | | HOSPITAL | 2656 | 16116 | 40061 | 00 | | | |
| PEN ADJ | | | BEN PLN | 09 | 54 | 40319 | 1855 | | | |
| ANN ADJ | | | CR UNION | | | | | | | |
| OTH ADJ | | | | | | | | | | |

| TOTAL GROSS | 4800 | TOTAL DEDUCTIONS | 5015 | AMOUNT OF CHECK | |
|---|---|---|---|---|---|

BANKERS HOSPITALIZATION RATES CHANGED DUE TO ALIKEMA LITIGATION
QUESTIONS CALL BENEFITS DIVISION 888-288-2684 OR 313-224-4809.

DEDUCTIONS EXCEED YOUR GROSS PAY - EXCESS IS DUE CITY

NOT NEGOTIABLE
DETACH AND RETAIN FOR YOUR RECORDS

| MAIL CODE | 0 | HOSPITAL CODE | SE100 | RETIREMENT CODE | B-30-4-7 |
|---|---|---|---|---|---|

THE FACE OF THIS DOCUMENT HAS A COLORED BACKGROUND ON WHITE PAPER

# CITY OF DETROIT

RETIREMENT PAYROLL SYSTEM

4644262    9-32
                720

09/01/2001

CHECK TYPE:       POLICE

PAY EXACTLY:      FIFTY*TWO*DOLLARS
                  AND*EIGHTY*TWO*CENTS.

| PAY EXACTLY | |
| --- | --- |
| DOLLARS | CENT |
| ****52 | 82 |

PAY TO THE
ORDER OF:         LYONS,GEORGE
                  17553 TRACEY ST
                  DETROIT, MI 48235-2635

VOID UNLESS
PRESENTED
WITHIN 90 DAYS

SOC. SEC. NUMBER

BANK ONE, MICHIGAN
DETROIT, MICHIGAN        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

TREASURER

THE BACK OF THIS DOCUMENT CONTAINS AN ARTIFICIAL WATERMARK - HOLD AT AN ANGLE TO VIEW

⑈4644262⑈ ⑆072000326⑆    035⑈22⑈

# CITY OF DETROIT

POLICE   DIRECT DEPOSIT CHECK STUB 09/01/2001
RETIREMENT PAYROLL SYSTEM

LYONS,GEORGE
17553 TRACEY ST
DETROIT, MI 48235-2635



# DETROIT POLICE OFFICERS ASSOCIATION

### INCORPORATED

2990 WEST GRAND BOULEVARD
DETROIT, MICHIGAN 48202
Telephone: (313) 224-4266

**OFFICERS**

DAVID R. WATROBA
*President*

ROBERT T. SCULLY
*Vice-President*

RICHARD R. WEILER
*Secretary-Treasurer*

RONALD PAKULSKI
*Sergeant-at-Arms*

item # 12

November 18, 1982

George Lyons
17553 Tracey
Detroit, MI 48235



RE: DETROIT POLICE OFFICERS DEATH BENEFIT PLAN

Dear George,

I have been notified through Personnel Order # 82-438 , that effective 10/15/82 , you were granted a duty disability retirement. Our records indicate that you are a member of the Detroit Police Officers Death Benefit Plan.

Pursuant to the By-Laws of the plan (attached), a member on a duty disability retirement shall be allowed to voluntarily continue as a member until he becomes eligible for a regular full service retirement.

Should you elect to continue in this plan, please remit a deposit of $10.00 payable to the Detroit Police Officers Death Benefit Fund so that we may continue you on this plan. Once that deposit has been used to extend benefits to existing members, you will be notified by mail when the next payment is due.

Sincerely,

DETROIT POLICE OFFICERS ASSOCIATION

RICHARD R. WEILER
SECRETARY/TREASURER

RRW
bb/opeiu42afl-cio

---

PLEASE COMPLETE THE FOLLOWING FORM AND RETURN IT BY THE ENCLOSED STAMPED
ENVELOPE REGARDLESS OF YOUR DECISION.

Should you elect to continue in this plan, please remit a deposit of $10.00 payable to the Detroit Police Officers Death Benefit Fund so that we may continue you on this plan. Once that deposit has been used to extend benefits to existing members, you will be notified by mail when the next payment is due.

Sincerely,

DETROIT POLICE OFFICERS ASSOCIATION

RICHARD R. WEILER
SECRETARY/TREASURER

RRW
bb/opeiu42afl-cio

PLEASE COMPLETE THE FOLLOWING FORM AND RETURN IT BY THE ENCLOSED STAMPED ENVELOPE REGARDLESS OF YOUR DECISION.

_____ YES, I AM INTERESTED IN PARTICIPATING IN THE DEATH BENEFIT FUN

_____ NO, I AM NOT INTERESTED.

_____
(Signature)

_____
(Date)

Affiliated: **N A P O** National Association of Police Organizations
**P O A M** Police Officers Association of Michigan



# DETROIT POLICE OFFICERS' DEATH BENEFIT PLAN

March 26, 19 74
(Date)

Name Lyons George                Address 17553 Tracey Zone 48235
(Last)    (First)    (Initial))

Date of Appointment 9-29-69 Pension No. 180031        Date of Birth 7-14-43

☒ I DESIRE TO PARTICIPATE IN THE DETROIT POLICE OFFICERS' DEATH BENEFIT PLAN.

☐ I DO NOT DESIRE TO PARTICIPATE IN THE DETROIT POLICE OFFICERS' DEATH BENEFIT PLAN.

In the event of my death, any monies due me from the Detroit Police Officers' Death Benefit Plan shall be paid to the following beneficiary: (give full name and address and state their relationship to you.)

Name Aikens Laura                Address 17553 Tracey Relationship Mother
(Last)    (First)    (Initial)

IN THE EVENT THAT SAID BENEFICIARY IS NOT LIVING AT MY DEATH THEN TO THE FOLLOWING BENEFICIARY.

Name Lyons Annette Address 17553 Tracey Relationship Sister
(Last)    (First)    (Initial)

Precinct No. #1                Signature George Lyons

Dis. Ret. 10-15-80        Reg. Ret. 9-29-1994

City of Detroit
Policeman & Fireman Retirement System
Executive Secretary

Re: George Lyons P180031, SS# ██████-6634
Date: Jan. 18, 2000
Subject: Response to Jan. 12, 2000 letter from Nicholas Degel

Mr. Degel,

On Jan. 5, 2000 I received a certified letter from you the
executive secretary of the Retirement system for the City of
Detroit. I quote item (Jan. 5, 2000 letter Nicholas H. Degel
1 page) parg. 1-9 plus I will also make comments.

parg. 1 Letter;

> We have reviewed your retirement record and find that as
> of January 1, 2000 you have a BALANCE DUE and owing the
> Retirement System of $1,203.79

Comment: Notation

> ...Unless you notify this office within 30 days after
> receiving this notice that you dispute the validity of
> the debt or any portion, thereof this office will assume
> this debt is valid.

The Balance Due of $1,203.79 is a disputed bill. Mr. Degel,
your review and interpretation of my so-called insurance premium
bill needs to be turned in as evidence for review and checked
for correctness on its monthly itemized listing of insurance
rates. It is my testimony that I owe you nothing. Mr. Degel,
when my pension check stopped so did your authority to manage
my pension account. You were aware in April 1997, that there
was a dispute involving insurance premiums being paid without
the benefit of health care. I quote (10-27-97 Request Hearing
4 pages) 1 page, parg. 6. item 2:

> 2. On April 1, 1995 I received a City of Detroit monthly
>    check but a direct deposit check stub.
>
>    Example:   Amount of Earning   0.0
>               Pen Pin             0.9
>               40.315             10.55

A statement on the check stub read as followed "Deduction exceed
your gross pay excess is due city which would be $10.64.

parg. 2, Letter: Jan. 5, 2000

> The balance is a result of your choosing the following
> fringe benefits from the Employees Benefit Plain and not
> receiving sufficient retirement allowance to fully pay
> your required co-pay.

Comment:

Mr. Degel, you were informed in 1997 (item,10-27-97 Request
Hearing) that there was a formal request to the Board of
Trustee's. I quote page 1, parg. 1:

> I have (4) complaints concerning errors, irregularities
> and unauthorized hidden procedures in my dealings with
> the Pension Bureau and my Duty Disability

I quote (De. 19,1997 Response from Nicholas H. Degel) page
2,parg. 2:

> 2. The check stubs you have received since April 1995
>    indicate a "DUE CITY"

Mr. Degel you suggest that at some point in the past (date ,
unknown) "We" reviewed your record. Further you say that I made
choices concerning the employees benefit plan. I quote
parg.4,"you have chosen WRONG, Parg. 5,"which you have chosen
WRONG. Parg. 7,"for the benefits chosen" wrong again. Mr. Degel
let me be clear for the record , neither you or the Retirement
System Trustees have my consent to transfer my signature. We
have been in dispute since 1991. I quote item(10-27-97 Request
Hearing 2 pages) page 2, parg. 2:

> ...I have been without a check for the last 2 1/2 years
> and unable to use any part of pension bureau's health care
> benefits. In essence I'm being overcharged for health care
> by way of money being deducted from my retirement fund
> with me having no say.

parg. 4 letter: Jan. 5, 2000

> The fringe benefits which you have chosen to be covered
> for currently result in a monthly cost of $26.95, and you
> are currently receiving a monthly retirement allowance
> of $65.74; which results in an amount due the City of
> Detroit of $38.79 pper month.

Comment:

Mr. Degel your attempt to disguise your investment problems

through false billing claims is a matter for the IRS item (10-27-97 Request Hearing) page 1, parag. 3:

> As of this date I have not received my 1099 Federal Form from the City of Detroit under Federal Regulations and IRS rules. I am required to file a tax return in a timely manner.
>
> Solution: Mail me my Federal 1099 Tax Form with explanation and an epilogue.

I also quote (Dec. 19, 1997 Response Nicholas Degel 2 pages) page 1, parag. 1, item 1:

> 1. You did not receive a form 1099 for 1996 because you did not receive any retirement benefits during that year. Your monthly pension benefits were stopped because you passed your 25th anniversary in September 1994 and have not selected your retirement option. Once you select your option and complete the necessary paperwork you will receive benefits retroactive to your conversion date.

Mr. Degel you and the Finance Director are bonded officers of the pension system, so it is legally hard to prove or know if your fiduciary misleading accounting of my pension account was an honest mistake or fraud. While at the pension bureau, I was told that I would not be allowed to review the account's moneys accumulated to date in my unauthorized DIRECT DEPOSIT account. Nor was I allowed to review the consent policy in affect at that time. The clerk on duty pointed out to me that since I had signed a certified return letter, (item Jan. 5, 2000 bill 1,203,79), they could use that signature. I disagreed and complained that this was identity theft.

parag. 5 letter:

> According, if you wish to continue to be covered for the fringe benefits which you have chosen, you are required to submit a check for $38.79 each month to the above address. There will not be a bill sent each month. Payments are your responsibility.

parag. 7 letter:

> Failure to submit payment by the 15th of each month for the benefits chosen or to set up a re-payment schedule will result in your benefits being canceled.

parag. 8 letter:

Once benefits are canceled, you will be ineligible to
re-enroll for any benefits until all moneys owed are repaid
and we reach a re-enrollmemt period

Comment:

Mr. Degel your practice of borrowing signatures to authorize
payments for insurance premium bills and making application
for Workman Compensation and Disability claims violate my
collective bargaining agreement. I reject your conversion policy
as not being apart of my contract, therefore making your
interpretation unfair and totally inadequate. I will not make
any payments for any benefit plan or insurance scheme chosen
by you or your staff, until I review the insurance bills and
workmen's compensation claims filed.
Mr. Degel, I expect to be fully canceled after the 15th of this
month, Jan. 2000 from the Employees Benefit Plan.

<u>Statement:</u>

Mr. Degel after reviewing my own records I wanted to know WHO,
WHEN and WHAT records were being reviewed at the pension bureau.

parag. 9 letter:

If you require any additional information or assistance,
please contact my staff at (313) 224-3362, ext. 227

I called for additional information I spoke to Deborah Tyler.
I was informed that she would not be able to respond to any
of the questions asked of her since she was not the author of
the letter.
On. Jan. 12, 2000, I spoke with Myron Terrell, one of Mr. Degel's
in house staff managers. Mr. Terrell had been identified by
Deborah Tyler as the person to assist me in my phone inquiry.
He first asked for my SS#, then name. Next he wanted me to
identify the first two line of the correspondence via the phone.
I did that. I then asked Mr. Terrell if Mr. Degel was in any
way involved in this letter, his reply was "yes, he's the boss".

Mr. Terrell's telephone demeanor was crude like a street-pimp
or bill-collector with a heavy emphasis on "I want my money".
Mr. Terrell was adamant that as a pension payroll manager he
had the authority to extrapolate the financial assumptions

inferred in his letter of Jan. 12 ,2000 ($1, 203.79) and that was enough presumptive data to act and recover money due the city. Mr. Terrell administrative boast was that he had documentation before him on the computer to support his speculative assaults on my accurd pension savings account. Item (Annuity Savings Disability Fund) 1 page, also item (December 19,1997 Response from Nicholas Degel) page 1. parag. 1:

> Your current annuity balance is $47,267.92 as of December 12,1997.

I felt that Mr. Terrell failed in his dealing with me to provide acceptable information concerning a $1,203.87 BALANCE DUE CITY. When questioned about the errors in that math billing (parag. 4)
Mr. Terrell admitted there were mistakes. He stated that my old account had been ZERO-OUT in 1994. Further, that since I had not signed the papers for conversion and that money was being moved from my DIRECT DEPOSIT account to pay my insurance premiums. I informed Mr. Terrell that I had not authorized a direct deposit account. Further that I would challenge his authority and wanted to STOP all funds being deducted from my pension account. Mr. Terrell stated with certainty that I had given my consent and that was his authority to act.

Mr. Degel, these secret money transfers without my authorization coupled with your incorrect, incomplete billing proofs are simply unacceptable. I expect a good faith effort from your department and billing to resolve this dispute fairly.

Thank you,
George Lyons

SWORN TO AND SUBSCRIBED BEFORE ME
THIS ...

FRAN Y. BUTLER
Notary Public, Wayne County, MI
My Commission Expires Jun. 25, 2007



City of Detroit Retirement System
S/A Tasha Cowan
2 Woodward Ave. Suite 908
Detroit, Michigan 48226

Re: Enrollment in Employee Benefit and Death Plans

Date: May 17, 2004

Subject: Third attempt to restate termination of George Lyons,
P180031, SS#██████-6634 from the Employee Plan and
Death Plan

Ms. Cowan,

First, I wish to clarify, an restate and earlier conversation
I had with you via the phone.

It is my testimony that I never enrolled in the Employee Benefit
Plan or Death Plan. I submit again, enclose, my item Jan. 18,
2000, 5 page the letter heading Retirement System of the City
of Detroit. Mr. Degel, Jan. 5, 2000, enclosed, 1 page letter
was mailed to me certified, which I signed for on Jan 12, 2000.
Mr. Degel's Jan. 5, 2000, 1 page letter identified choices made
by the Employee Benefit Plan and Death Plan and was now
requesting a balance due city of $1,203.79 enclosed.

Ms. Cowan, I direct your attention to the Jan. 18, 2000 response,
page 4, parg. 2, I quote:

"Mr. Degel, I expect to be fully canceled after the 15th
of this month, Jan. 2000, from the Employee's Benefit Plan."

Ms. Cowan, on receipt of this letter I expect a response from
your office, that I am no longer a member of the Employee Benefit
Plan and Death Plan. I expect this termination letter to be
inventoried into your Pension Computer System. I expect an
explanation as to why wasn't my Jan. 18, 2000, 5 page response
to Mr. Degel's City of Detroit Retirement System, Jan. 5, 2000,
1 page premium selection in the Employee Benefit and Death Plan,
and bill of $1,203.79, not on file in the Pension computer
database.

It is my testimony that my Jan. 18, 2000, 5 page letter was
a timely, notarized, certified legal response. Also I addressed
more than a disputed $1,203.79 bill owed the City of Detroit
Retirement System.

I submit enclosed item, Retirement System Pension Payroll, 1

page, under the date of 11/06/00. This document identifies YTD due city $1,205.94. I expect a clarification from your office as to which of these documents represent the TRUE amount being disputed.

Ms. Cowan, I submit to your office enclosed item, Jan. 12, 2000, 1 page letter signed by Nicholas Degel with a certification stamp, and signed by me on Jan. 12, 2000. This is the same 1 page letter of Jan. 5, 2000, minus the City of Detroit, Retirement System letter head.

It is my testimony, that I never received this No Letter Head Jan. 12, 2000, 1 page letter. I expect a clarification as to who wrote this letter. Did Mr. Degel of the Retirement System or the Mr. Degel of the Employee Benefit Plan author this letter?

It is my testimony that Mr. Degel's Jan. 12, 2000, 1 page letter, with certificiation stamp of Jan. 12, 2000, is a altered document. Mr. Degel willfully misused the U.S. Postal system to counterfeit a forged document with a certification stamp stealing my signature.

In closing, Ms. Cowan, I will resubmit my Jan. 18, 2000, 5 page letter, notarized and with corrections to Jan 12, 2000 date.
1.) page 1, Heading titled Subject: Response to Jan. 12, 2000 letter from Nicholas H. Degel, to read Jan. 5, 2000
2.) page 5, parg. 1, Jan. 12 to read Jan.5

Thank You
George Lyons

SWORN TO AND SUBSCRIBED BEFORE ME,
THIS 26th DAY OF MAY A.D. 200_

_____ 6-21-07
COUNTER _____ Wayne

FRAN Y. BUTLER
Notary Public, Wayne County, MI
My Commission Expires Jun. 25, 2007



# City of Detroit
## CITY COUNCIL

Maryann Mahaffey
*President*

Kenneth V. Cockrel, Jr.
*President Pro Tem*

June 28, 2005

Alonzo W. Bates
Sheila M. Cockrel
Barbara-Rose Collins
Sharon McPhail
Alberta Tinsley-Talabi
JoAnn Watson

Item 8 a ht

Mr. David Whitaker, Interim Director, City Council Research & Analysis Div.
Mr. Walter Stampor, General Manager, Finance Dept. – Pension Division
Mr. George Lyons, 17553 Tracey, Detroit, MI 48235

RE: **PETITION OF GEORGE LYONS (#3915), REGARDING THE EMPLOYEE BENEFIT PLAN, ALLEGED FALSIFICATION OF WORKERS COMPENSATION APPLICATION, YEARS OF SERVICE NOT COUNTED AS VESTED, ETC.**

Please be informed that the City Council has granted the above referenced petitioner's request for a hearing relative to the subject matter and has scheduled same for **WEDNESDAY, JULY 13, 2005 at 10:15 a.m.** It will be held in the Council's Committee of the Whole room located on the 13th floor of the Coleman A. Young Municipal Center, Two Woodward Avenue. Kindly arrange to be present. Also, due to increased security measures for entrance into this building which may cause delays, please allow sufficient time for prompt arrival.

A copy of the petition is attached for your convenience.

Very truly yours,

Jackie L. Currie
City Clerk

/dy

Attachment

Cc: Mr. Kandia Milton, Legislative Liaison, Mayor's Office
Mr. Sean Werdlow, Chief Financial Officer, Finance Department

IN RE:

*City of Detroit*

Debtor.

CASE NO: 13-53846
CHAPTER: 9
JUDGE: Steven W Rhodes

## CERTIFICATE OF SERVICE

I hereby certify that on _____ 08.19.14 _____ (date of mailing), I served

copies as follows:

1. Document(s) served: Response To Order Regarding Participation At The Confirmation Hearing by Creditors who Filed Objection without AN Attorney Class 12 OPEB Claim And Class 10 PFRS-Pension Claim

2. Served upon [name and address of each person served]:

   David Heiman

   Jones Day

   901 Lakeside Ave

   Cleveland OH 44114

3. By First Class Mail.

Dated: 08.18.14

(Signature of Debtor)

Print Name: George Lyons

(Signature of Co-Debtor)

Print Name: _____