FILED

2014 AUG 18  P 12: 15

U.S. BANKRUPTCY COURT
E.D. MICHIGAN DETROIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                    CHAPTER 9
CITY OF DETROIT, MICHIGAN,                CASE NO. 13-53846
        DEBTOR.                           HON. STEVEN W. RHODES

OBJECTIONS FILED BY OBJECTOR WITHOUT AN ATTORNEY

I, DONALD RICHARDSON, AN UNREPRESENTED CITY OF DETROIT
RETIREE, FILES THE FOLLOWING OBJECTIONS, AND EXHIBITS
MEMORDAMS OF LAW, AND STATUTES.

(1) THE CITY OF DETROIT HAS FALSIFIED AND DENIED ITS
RESPONSIBILITY TO ITS RETIREES.

(A) REFUSING TO ADHERE TO THE OCTOBER 28, 2010 COURT
ORDER, DATED NOVEMBER 24, 2010 FROM OAKLAND COUNTY
CIRCUIT COURT #10-773854-DO, GIVING THIS OBJECTOR
$100.00 PER MONTH, INTO THIS OBJECTOR'S PRISON FUND
ACCOUNT FROM DECEMBER, 2010 - FEBRUARY, 2014, 40-MONTHS
PLUS UNNECESSARY PAID MOTION, DOCKET AND FILING FEES.
MOTION FEES OF $600.00.

(B) THE CITY OF DETROIT IS REFUSING TO ADHERE TO THIS
OBJECTOR'S WIFE BEING PUT ON THIS OBJECTOR'S HEALTH,
DENTAL, AND OPTICAL COVERAGES ORDERED BY OAKLAND COUNTY
CIRCUIT COURT CASE NO. 10-773854-DO, ITS LEGAL SEPARATION
SEPARATE MAINTENANCE ORDER, AND QUALIFIED DOMESTIC
RELATIONS ORDER (QDRO). THIS OBJECTOR WAS UNDER THE WRONGFULLY
INPRESSION ALL COURT ORDERS HAD TO BE OBEYED.

(2) THIS OBJECTOR HAS ALWAYS QUESTIONED REDUCING
RETIREE PENSIONS, ESPECIALLY IN LIGHT OF

GUIDRY V. SHEET METAL WORKERS NATIONAL PENSION FUND 493 US 365, 110 S.Ct. 680 (1990) 494 US At 376, 110 S.Ct. At 687.

HOLLAND V. FLORIDA, 560 US ___, ___ (2010) (SLIP OP. & 18) 403 US At 389.

ERISA of 1974

ARTICLE 17 OF MICHIGAN CONSTITUTION of 1983

16 AM JUR 2d SEC 177 LATE 2d 256.

SEC. 11 INDEX TO THE ORIGINAL DOCUMENTS IV TO "THE PURPOSE OF GOVERNMENT IS TO PROTECT THE WEAK FROM THE STRONG". (EMPHASIS ADDED BY ME).

HAINES V. KERNER, 404 U.S. 579, 30 LEd. 2d. 652 "ALLEGATIONS OF A PRO SE COMPLAINT ARE HELD TO LESS STRINGENT STANDARDS THAN FORMAL PLEADINGS DRAFTED BY LAWYERS"

~~WHERE~~ WHEREFORE, THIS OBJECTOR PRAYS THIS HONORABLE COURT ORDERS THE CITY OF DETROIT TO ADHERE TO THE COURT ORDERS AND OTRO OF NO. (1) ~~LETTERS~~ (A) AND (B) OF THIS OBJECTION.

RESPECTFULLY SUBMITTED,

X Donald Richardson

DONALD RICHARDSON, OBJECTOR IN PRO PER
P.O. BOX 47715
OAK PARK, MICH. 48237-5415

-2-

PROOF OF MAILING

I, DONALD RICHARDSON AN UNREPRESENTED OBJECTOR
IN THIS ACTION, CERTIFIES THAT A COPY OF THIS
OBJECTION, WAS MAILED TO ATTORNEY KEVYN ORR, ESQUIRE
EMERGENCY FINANCIAL MANAGER, JONES-DAY LAW FIRM
TO 2 WOODWARD AVE., SUITE 1126, DETROIT, MICH. 48226
VIA FIRST-CLASS U.S. POSTAGE, ON AUGUST 16, 2014.


RESPECTFULLY SUBMITTED,
Donald Richardson
DONALD RICHARDSON, IN PROPER
P.O. BOX 47715
OAK PARK, MICH. 48237-5415

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Case Number: 13-1455

Case Name: DONALD C. RICHARDSON V. DET. RETIREMENT SYSTEMS AN

Name: DONALD C. RICHARDSON     MICH. TREASUR

Address: P.O. BOX 47715

City: OAK PARK, MICH.     State: MICH.     Zip Code: 48237

### PRO SE APPELLANT'S BRIEF

**Directions:** Answer the following questions about the appeal to the best of your ability. Use additional sheets of paper, if necessary, not to exceed 30 pages. Please print or write legibly, or type your answers double-spaced. You need not limit your brief solely to this form, but you should be certain that the document you file contains answers to the questions below. The Court prefers short and direct statements.

Within the date specified in the briefing letter, you should return one signed original brief to:

**United States Court of Appeals For The Sixth Circuit**
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio   45202-3988

1. Did the District Court incorrectly decide the facts?   ☑ Yes   ☐ No

   If so, what facts?

   ERISA. U.S. AND MICHIGAN CONSTITUTIONS. DUE PROCESS. PROCEDURAL DUE PROCESS. PAST U.S. SUPREME COURT PRECEDENTS

2. Do you think the District Court applied the wrong law?   ☑ Yes   ☐ No

   If so, what law do you want applied?

   RES JUDICATA. ROOKER-FELDMAN. ELEVENTH AMENDMENT SOVEREIGN IMMUNITY.

3. Do you feel that there are any others reasons why the District Court's judgment was wrong?

☑ Yes ☐ No

If so, what are they?

NOT ALLOWING ME ANY DISCOVERY REQUESTS; PREVENTING ME A FAIR OPPORTUNITY TO PRESENT DOCUMENTS.

4. What specific issues do you wish to raise on appeal?

ALL THAT MY BRIEF CONTAINS

5. What action do you want the Court of Appeals to take in this case?

REVERSE THE DISTRICT COURT. GRANT APPELLANT ALL RELIEF REQUESTED.

I certify that a copy of this brief was sent to opposing counsel via U.S. Mail on the 20th day of _____ JUNE _____, 20 14.

Signature (Notary not required)

_Darold C. Richardson_

Donald C. Richardson,
Plaintiff – Appellant,

                                       Case No. 13-1455
                                     Lower Court No's:

vs.                              12-12361, 12-12362:5.12-cv-12362
                                        E.D. Michigan

Detroit Retirement Systems
and
Michigan State Treasurer,
  Defendants-Appellees.


Appeal

Appellant Requests an Enbanc Hearing

Plenary Review

Appellant Request Permission to Proceed in

Forma Pauperis, Waiving Docket Fees



Appellant Request Appointment of Legal Counsel



Donald C. Richardson,                       Lawrence Walker, (P36091)
Appellant in pro per                       Atty. for Defendant-Appellee
P. O. Box 37833                         Detroit Retirement Systems
Oak Park, MI 48237-0833               535 Griswold, Suite 1320
                                     Detroit, Michigan 48226

                                     Allison Dietz, (P73612)
                              Atty. for Defendant-Appellee
                                    State Treasurer
                         3030 W. Grand Blvd. Suite 10-450
                                    Detroit, Michigan 48202

TABLE OF CONTENTS

INDEX OF AUTHORITIES................................................... 1

CONCISE STATEMENT OF ISSUES PRESENTED...................... 3

QUESTIONS PRESENTED.................................................. 3

FRACTUAL AND PROCEDURAL HISTORY............................... 5

ARGUMENT................................................................. 6

RELIEF REQUESTED...................................................... 13

PROOF OF MAILING...................................................... 14

ii

# INDEX OF AUTHORITIES

**Cases:**

Holland v. Florida, 560 US___, ___ (2010) (slip op. t 18) 403 US at 389

Daniels v. Williams, 474 US ATR 333-334

US v. Morrison, 529 US 598

Pennoyer v. Neff, 95 US 714, 732-33 (1878)

Metro Life v. Taylor, 107 S Ct 1542 (1987

FMC Corp v. Holliday, 498 US 54, 56-60, 111 S Ct 403 at 407

Guidry v. Sheet Metal Workers National Pension Fund, 493 US 365, 110 S Ct
680 (1990) 494 US at 376, 110 S Ct at 687

Patterson v. Shumate, 504 US753, 765, 112 S Ct 2242

Naughtman Corp v. Pension Benefit Guaranty Corp, 446 US 359, 361-362, 100 S Ct1723, 1726 (1980)

Allessi v. Ray Bestos Manhattan, Inc., 451 US 504, 510, 101 S Ct 1895, 1899 (1981)

Shaw v. Delta Airlines, 103 S Ct 2890 (1983)

Boggs v. Boggs, 117 S Ct 1754

The Antelope, 23 US 66; 10 Wheat 66, 6 Led 268 (1825)

Yarborough v. Alvardo, 541 US 652, 664 (2004)

Mitchum v. Foster, 407 US 225, 242, 92 S Ct 2151, 2162 (1972)

Bivens v. Six unknown named agents of the Federal Bureau of Narcotics, 91 S Ct 1999

Gunter v. International B.V., 533 F Supp 86 (N.D.Fla. 1981)

Branco v. UFCW-N Cal Employers Joint Pension Plan, 279 F 3d 1154, 1160 (9th cir 2002)

Fundiller v. City of Cooper City, 77 F 2d 1436, 144 (11th cir 1985)

Franklin v. Aycock, 795 F 2d 1253, 1261-62 (6th cir 1986)

Camardo v. Walkr, 794 F supp 65, 66-67 (D.R.I. 1992)

Toussaint v. McCarthy, 801 F 2d 1080, 1096 (9th cir 1986)

1

**Statues:**

29 U.S.C. 1000 Ct Seq

29 U.S.C. 1056 (d) (1)

ERISA

FRCP 1915

MCL 800.403(3) (b)

MCL 800.404(5)

Actl & 17 of Michigan Constitution of 1983

**Appendices:**

1. Exparte order to show cause and order appointing receiver
2. Complaint
3. Opinion and Order Denying Motion to Show Cause
4. Final Order
5. November 17, 2009 Letter from Detroit Retirement Systems
6. July 18, 2011 letter from Detroit Retirement Systems
7. Default Judgment of Separate Maintenance, Oct. 28, 2010
8. October 20, 2013 letter from Appellee State of Michigan State Treasurer's Attorney(s)
9. Statement of monies taken from Appellant for 2012-2013 **only**
10. Appellant's pension statements for December, 2013, January, 2014 and October, 2013
11. March 13, 2013 Order Adopting Report and Recommendation
12. Report and recommendation to dismiss
13. Order denying Plaintiff's Motion to Disqualify
14. Order denying Motion to Compel as Moot

2

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Federal Court does indeed have Jurisdiction over this case. In Baker v. Coughlin, 77 F 3d 12, 15 (2d cir 1996) that US Circuit held, "...a federal court act essentially as a state court in addressing pendant state law claims." In addition, the US Supreme Court said, in Shaw v. Delta Airlines, 103 S Ct 2890 (1983) at 2891, "...federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights." (a) Supremacy clause 28 U.S.C.A. & 1331; U.S.C.A. Const. Art. 6, c 12.

2. U.S.C.A. Const. Art 1, & 8. States and their officers are bound by obligation imposed by the Constitution and by federal statues that comport with constitutional design. In Alden v. Maine, 119 S Ct 2240 (1990) at 2242, the US Supreme Court ruled "the constitutional privilege of a state to assert its sovereign immunity in its own courts does not confer upon the state a concomitant right to disregard the constitution or valid state law." U.S.C.A. Const. Art 1 & 8. "The state and their officers are bound by obligations imposed by the constitution and by federal statues that comport with the constitutional design. A state's sovereign immunity does not extend to federal court."

## QUESTIONS PRESENTED

1. Is Appellant entitled by the US Constitution to all or a portion of his pension 10% guaranteed by MCL 800.403 (3)?

   Appellant says "YES"

   Appellees says, "NO"

3

2. Did appellees violate appellant's dues process and procedural due process rights, and the United States Constitution and the United States Bill of Rights in taking and giving away appellant's pension monies?

   Appellant says, "YES"

   Appellees says, "NO"

3. Did appellees willfully and maliciously ignore the court order of October 28, 2010 ordering appellant to receive $100.00 per month?

   Appellant says, "YES"

   Appellees says, "NO"

4. Are appellees depriving appellant and his family of all appellant's hard-earned pension monies causing hardship on them, despite receiving more than $35,000.00 annually from the US Government in federal funds for inmate housing?

   Appellant says, "YES"

   Appellees says, "NO"

5. Did appellees adhere to MCL 800.404 (5) prior to taking and giving away appellant's hard earned pension monies?

   Appellant says, "NO"

   Appellees says, "YES"

4

## FACTUAL AND PROCEDURAL HISTORY

1. This action is not res judicata. In Wayne County Circuit Court action #09-8457-CZ and US District Court, E.D. Michigan #09-12165-CV, appellant was defending against those actions.

2. The current matter before this court is the only appellant initiated the action, appellee, Michigan State Treasurer (hereinafter referred to as "State" or "Mich") went to Judge Robert Colombo, Jr. and secured an exparte order freezing appellant's pension and credit union accounts including $1,600.00 SSD from the US government, for nine months, using SCFRA – State Correctional facility Reimbursement Act, or MCL 800.401-4 as its reasoning. According to this MCL 800.403(3) an inmate is to receive ten (10) percent of his monies. Since October, 2010, appellant hasn't received a penny of his hard-earned pension monies. MCL 800.404(5) says consideration is to be given for inmate's moral and defendant obligations. Appellant provided 100% for his 64 year old, sickly homemaker unemployed wife. Appellant provided for his unemployed daughter and two grand children, one with autism. Had consideration truly been given, no monies would have been taken from appellant's hard-earned pension, or a reduced amount. At first appellant was receiving a portion of his pension monies. Appellant did not like it but did not fight or defend after 2009. This action current stems from appellant not receiving pension monies from his hard-earned pension at all. the appellee have yet to produce any US Supreme Court, US Circuit Court, Mich Supreme Court, GCRS, MCL's, laws, or statues that deprive a prisoner senior citizen of all their pension monies. Appellees, State of Mich. are picking the part from the MCL's they will adhere to.

5

## ARGUMENT

**1.** Appellees, Detroit Retirement Systems (hereinafter referred to as DRS) voted to adhere to the October 15, 2009 court order without notifying appellant,. Without appellant being allowed to argue his position. This was done in violation appellant's due process and procedural due process rights. DRS is currently being investigated by the Securities and ex-Change Commission for some unethical practices. Appellees Mich and Wayne County Circuit Court Judge Robert Colombo, Jr. did not allow appellant to be present at the October 16, 2009 hearing. Judge Colombo, Jr. did not allow appellant his telephone conference of that hearing. Appellees say they did not violate appellant's due process rights. Ex-parte order freezing appellant's pension and credit union accounts for nine months, not allowing appellant an opportunity to be heard at the October 16, 2009 hearing. According to the US Supreme Court in Carey v. Piphus, 98 S Ct 1042 (1978) these are due process and procedural violations, and appellant is entitled to damages. Appellant went to Oakland County Circuit Court Judges James Alexander and Edward Sosnick attempting to get the October 28, 2010 court order of #10-773854_DO enforced, neither judge would enforce the separate maintenance order giving appellant $100.00 per month from his hard-earned pension monies. Appellant went to the Mich. Court of Appeals but was dismissed in #307919 because appellant could not pay the $104.00 initial docket filing fees. "A state's sovereign immunity does not bar certain actions against state officers for injunctions or declaratory relief." Alden v. Maine, 119 S CT 2240 (at 2242). "Congress cannot abrogate state's sovereign immunity in federal court." (emphasis added by me).

**2.** The eleventh amendment makes explicit reference to the state's immunity from suits "commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state. " No waiver of sovereign immunity for intentional torts, federal tort claims act

6

(FTCA). "A show of authority that retrains the liberty of a citizen." Millbrook v. US No: 11-10362 (Sept. 25, 2012) WL 1804451. 28 U.S.C. & 1367(a) this statue permits a supplemental state law claim to be brought against a party even if there is no federal law claim against that party. Appellant was put into a position of disadvantage by having no monies to litigate his claim, no access to the internet, appellees have seriously handcuffed appellant from adequately pursuing his claim. Appellant could not find Strobel v. Dillon appellees cited, to form an adequate defensive argument. The District Court did not factor this into their decision to dismiss. Appellee, DRS is being investigated by federal officials, and indictments are forth coming, appellant has limited access to legal materials, "fact that rule is denominated 'jurisdictional' does not provide state court with excuse to avoid obligation to enforce federal law, if rule does not reflect concerns of power over the person and competence over the subject matter that jurisdictional rules are designed to protect." Haywood v. Drown, 129 S Ct 2108 (2009) at 2110. "In our federal system of government, state as well as federal courts have jurisdiction over suits brought pursuant to 42 U.S.C. & 1983, the statue that creates a remedy for violations of federal rights committed by a person's action under color of state law," 129 S CT at 2111. "Matters of constitutional interpretation receive plenary review," (emphasis added by me). Arbon Steel & Serv. Co. v. U.S., 315 F 3d 1332, 1334 (Fed cir 2003), not receiving any pension monies for institutional needs after working 37 years is an eighth amendment violation. (See Dale v. Lappin, 376 F 3d 652, 655-656 (7th Cir 2004). "District court rulings concerning discovery are reviewed for abuse, district court's decision not to permit additional discovery prior to consideration of summary judgment motion is reviewed for an abuse of discretion." Fed Rules Civ Proc 56(f), 28 U.S.C.A. Jones v. Blanas, 393 F 3d 918, 923, at 919 (9th cir 2004), (emphasis added by me). In addition, the Jones court held, "summary judgment is disfavored where relevant evidence remains to be discovered, particularly in cases involving confined pro se plaintiffs." Fed Rules Civ Proc rule 56(f), 28 U.S.C.A.

7

393 F 3d 918, at 920. (emphasis added by me). The Mich. Supreme Court usually always rules in favor of the state, appellant had no monies for docket fees to that court. Appellees have financially hand-cuffed appellant at every turn to prevent appellant from redress. Federal courts do have jurisdiction over this matter, our US Circuit Appeals Court ruled in, Davet v. City of Cleveland, 456 F 3d 549, 554-55 (6th cir 2006) and was supported by Marshall v. Marshall, 547 &S 293, 312-314, 126 s Ct 1735 (2006). "Federal courts still hear state court case." Supplemental Jurisdiction over it. Appellant could not retain competent legal counsel. Appellant could not pay credit obligations with a frozen pension and frozen credit union accounts. As a result of this appellant's home was foreclosed. Appellant's two cars were repossessed. Appellant's wife was forced from her and appellant's home of 34-years. Appellant's credit rating is now ruined. The stress and financial strain of this drove appellant's wife to file for divorce from him which was changed to a legal separation. Appellant suffered all of this with due process and procedural due process violations. In Day v. McDonough, 547 US 198(2006) the US Supreme Court said, "a federal court has the authority to resurrect only forfeited defenses." In Greenlawn v. US, 554 US 237 (2008) the high court said, "in our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issue for decision and assign to courts the rule of neutral arbiter of matters the parties present. To the extent courts have approved departures from party presentation principle in cases, the jurisdiction has usually been to protect a pro se litigant's rights." (emphasis added by me). Appellant did not discover US Constitutional violations until he started this action. Appellant's pension was taken illegally and in violation of the US Constitution and Bill of rights and US Constitutional violations for monies Mich already receives from the US government, it's not by need it's purely greed to double-dip in taking all of a senior citizen's pension. Appellee State or Mich goes after all inmates' assets, they did so

8

against appellant's brother-in-law in 2009. He was a General Motors retiree, US District Court, E.D. Mich, Chief Judge Gerald Rosen ruled that an inmate's pension check should be sent to where the inmate so designates, Gale v. General Motors, 556 F 2d Supp. 689 (2008). Despite that 2008 ruling, appellee Mich still went after this appellant's brother-in-law's non-governmental pension. This appellee misclaims this appellant on res judicata when it is they who are re-litigating already decided matters. These appellees have a propensity for wrong doing. Appellee Mich's chief lawyer is always claiming to adhere to and uphold the constitution but both he and his subordinates don't do so. Is there a statue of limitations on due process and procedural due process violations? If so, this appellant fell with the 3-year statue of limitations. "All laws which are repugnant to the constitution are null and void", Marbury v. Madison, 5 US (2 cranch) 137, 174, 176 (1803). "Where rights secured by the constitution are violated there can be no rule taking or legislation which would abrogate them," Miranda v. Arizona, 384 US 436, at 491. Also, Morton v. Shelby County, 118 US 425 at 442, "an unconstitutional act is not law; it confers no rights, it imposes no duties; it is in legal contemplation, as inoperative as though it had never been passed." <u>"The general rule is that an unconstitutional statue, though having the form and name</u> of law, is in reality no law, but is wholly void, and ineffective for any purpose; since unconstitutionality dates from the time of its enactment, and not merely from the date of the decision so branding it." "No one is bound to obey an unconstitutional law <u>and no courts are bound to enforce it."</u> 16 AM Jur 2d Sec 177 late 2d Sec 256 (emphasis added by me). Sec II index to the original documents IV © <u>"the purpose of government is to protect the weak from the strong."</u> (emphasis added by me) all inmates having assets seized are victims of the strong, general index to: constitution of the United States general index to: the Bill of Rights articles, common law IV <u>"no loss of life, liberty, or property,</u> without due process of law", (emphasis added by me). Article XIV "no state shall abridge the privileges of citizens of the United States; <u>nor shall any</u>

9

state deprive any person of life, liberty, or property, without due process of law; nor deny any person without its jurisdiction the equity protection of the laws." Clearly, appellees have denied appellant of constitutional guarantees. (emphasis added by me). Securing an ex-parte order to obtain appellant's assets, denying appellant opportunity to adequately defend, freezing appellant's pension and credit union accounts without due process are US constitutional violations, and according to Carey v. Piphus, supra, appellant is entitled to damages. At no time during this action was there reasonable offer to resolve this matter. Appellant's family is suffering and deprived of a decent life due to both appellee's actions, even on IRS lien(s) leaves a citizen with some monies. Appellant is paid $16.00 - $19.32 per month from his prison unit porter job, appellant is deprived of bi-weekly commissary on a number of occasions despite working a total of 37 years to purchase necessities and wants. Appellant can no longer pay his life insurance premiums. The only monies appellant receives are monies sent to his prison fund account from already cash-strapped family, friends, church members. These monies are not guaranteed. This honorable court ruled in Daimler Chrysler Corp v. Cox 447 F 3d 967 (2006) (A) ERISA supersedes SCFRA (MCL 800.401-4). (b) ERISA covers all pension benefit plans. (C) All pension benefit plans are to have an anti-alienation provision included in them. (emphasis added by me). Will this Honorable Court throw out or go against their Daimler ruling? Despite the Daimler ruling, and the US Supreme Court denying Cox certiorari in Cox v. Daimler Chrysler Corp #07-273, appellee Mich res judicata went after this appellant's brother-in-law's General Motor's retirement pension, these monies are still tied up. In Walker v. Martin, 131 S Ct 1120, 1130 (2011) the US Supreme Court held, ("This court [has] repeatedly recognized that federal courts must carefully examine state procedural requirements to ensure that they do not operate to discriminate against claims of federal rights"). 131 S Ct at 1127 ("to qualify as an adequate procedural ground, a state must be firmly established and regularly followed").

10

(emphasis added by me). MCL 800.403(3) (b) giving appellant ten percent (10%) of his pension, or $240.00 per month which would get appellant monthly commissary and pay appellant's life insurance policies premiums, that MCL was not followed. MCL 800.404(5) "consideration (investigate to see if appellant had monies) for moral and dependent obligations" was not followed, no investigation was done, no consideration was shown, what appellees did with appellant's wife, $665.00 per month to a sickly 64-year old homemaker unemployed wife, is gratuitous (see State Treasurer v. Downer, 199 Mich App 447). Downer won his appeal. Appellant was put at very big disadvantage with his pension holders DRS mishandling his pension funds by giving same to all asking for same, except appellant. Appellees, Mich depriving appellant of the possibility of retaining an attorney to defend, ignoring their own rules (MCL;s). Both appellees denying appellant reasonable discovery documents, the District Court showed a strong bian against appellant, everything appellant requested was denied him A 28 or so year trial lawyer and an attorney a few years out of law school is treating appellant as if he has the upper hand, like a practicing trial lawyer. Appellant once read a US Supreme Court, and Mich Supreme Court cases, citations unknown, both however, said, "wherein an agency issues rules and regulations to govern its activity, it may not violate them", the District Court denied the appellant (A) recusal of the trial judge who ruled against him in a similar matter in 2009. (B) Appointment of legal counsel. (C Waiving of docket fees. (D) Production of discovery documents requested. the appellant's cases were originally assigned to Hon. Judge Geral d Rosen, Hon. Bernard Friedman, and Hon. George Steeh. For some strange reason both of appellant's case's were reassigned to the current judge who ruled against appellant in 2009. A week after the $630.00 total docket fees were paid in full and countless "spinning appellant's wheels" with numerous filings, the magistrate judge recommended dismissal of appellant's action. The District Court ignored rules of civil

11

procedure rule 26(5) (1), rule 4, rules – section 2254 cases. Appellant isn't sure same apples in civil cases, but, that rule says, "the judge must promptly review (petition, pleadings) exhibits that the petitioner Is not entitled to relief in the District Court, the judge must dismiss the petition and direct the clerk to notify the petitioner, if the petition Is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." <u>Taking into account the usual petitioner's lack of legal experience."</u> (emphasis added by me). the District Court had ample time to dismiss this action, prior to appellant putting time, efforts, money into this action that was in effect financed by cash-strapped family, friends, and church members. Appellant is not an attorney, and prays this honorable court to treat him as a non-lawyer layperson. Appellant is relying on Smith v. Berry, 502 US 244, 245, 428-429, 112 S Ct 678, "imperfection in noticing an appeal should not be fatal where no genuine doubt exist about who is appealing from what judgment to which appellate court." Also, Haines v. Kerner, 404, US 519 L Ed 2d 652, and Conley v. Gibson 355 US 41, 45-46, 78 S Ct 99, 102L Ed 2d 80 (1957). In addition, Hughes v. Rowe, 101 S Ct 173 (1980), "<u>prisoner pro se complaint, however inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers.</u>" (emphasis added by me). Appellees quote rule 12(b) (6) as grounds for dismissal. The Hughes-Rowe case, supra, said, "<u>such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that prisoner ca prove no set of facts in support of his claim which would entitle him to relief. Allegations of complaint are generally taken as true for purposes of motions to dismiss.</u>" (emphasis added by me). Rule 8(a) (2) was complied with by appellant. Appellant <u>requested relief which could be granted</u> in all his filings, appellees claim to be bound by United States Supreme Court rulings but constantly ignore same when appellant cites same.

12

## RELIEF REQUESTED

1. Total reversal of District Court

2. Award Appellant seven Hundred Thousand ($700,000) Dollars from each appellee.

3. Any and all other damages this Court deems fit.

4. Retain jurisdiction of this action.

Respectfully Submitted

Donald C. Richardson, Appellant
in Pro Per
P.O. Box ~~37833~~ 47715
Oak Park, MI  48237-~~0833~~
(313) 221-3549  (for messages)

13

Donald C. Richardson,
     Appellant

       v.

Detroit Retirement Systems
    and
Michigan State Treasurer,
    Appellees

Case No. 13-1455
Lower Court
#2:12-CV-12361,12362,
#5:12-CV-12362
E.D. Michigan

## Proof of Mailing

I, Donald C. Richardson, Appellant in this action, certifies that I did mail a copy of my appeals brief, and appendices to: Detroit Retirement Systems, 2 Woodward Ave., Room 908, Detroit, MI 48226.

Atty, Allison Dietz, Atty. for Michigan Treasurer, 3030 W. Grand Blvd., Suite 10-200, Detroit MI 48202.

Atty. Lawrence Walker 535 Griswold, Suite 1320, Detroit, MI 48226

Atty. Francis Judd, 79 Alfred St., Detroit, MI 48201

Dated ___June 20___, 2014

Respectfully Submitted,

_Donald C. Richardson_

Donald C. Richardson,
Appellant in Pro Per
**new address:** P.O. Box 47715
Oak Park, MI 48237

APP #1

STATE OF MICHIGAN
CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT
WAYNE COUNTY

STATE TREASURER,

        Plaintiff,

v

DONALD C. RICHARDSON, #719076,
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT and CREDIT
UNION ONE,

        Defendants.
_____/

Case No.

Hon.

STATE TREASURER v RICHARDSON #719
Hon. Robert J Colombo, Jr.   04/09/2009

09-008457-CZ

MICHAEL A. COX
Attorney General

DEBORAH BENEDICT WALDMEIR (P60869)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0141-Fax
Attorneys for Plaintiff

CREDIT UNION ONE
Attn: Legal Department
400 E. Nine Mile Road
Ferndale, MI 48220
(800) 451-4292
(248) 584-5280-Fax
Defendant

DONALD C. RICHARDSON #719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221
Defendant – In Pro Per

GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT
2 Woodward Avenue, Suite 908
Detroit, MI 48226
(313) 224-3362
(313) 224-3522-Fax
Defendant
_____/

**EX PARTE ORDER TO SHOW CAUSE
AND ORDER APPOINTING RECEIVER**

## EX PARTE ORDER TO SHOW CAUSE
## AND ORDER APPOINTING RECEIVER

At a session of said Court, held in the City of
Detroit, Wayne County, Michigan on

APR - 9 2009

PRESENT: Hon. _____ ROBERT J. COLOMBO, JR.
Circuit Court Judge

Plaintiff having requested an Ex Parte Order to Show Cause and an Order Appointing

Receiver.

IT IS ORDERED THAT:

1.    Defendants shall appear on or otherwise respond prior to the _2th_ day of
_Suse in Courtroom 1101_ , 2009, at _6:30 pm_ o'clock before the Honorable
_____ , and show cause why an Order should not be entered

appropriating and applying Defendant Richardson's assets to reimburse the State of Michigan for the

cost of his confinement in a state correctional facility.

2.    This Order shall be served on Defendant Richardson at least 30 days prior to the

hearing set forth above.

3.    If Defendant Richardson objects to the State's claim to 90% of his assets, then before

the scheduled hearing date he shall provide this court and the Attorney General's office with a

written response explaining the reasons for the objection.  If he is not represented by counsel this

response need not comply with the formal requirements of an Answer to the Complaint.  An

unrepresented Defendant may also request an opportunity to participate in any court hearing, and the

Court shall then exercise its discretion to determine the best method in which accomplish this

(including, but not limited to, a hearing on briefs alone, a telephone conference, or the execution of a

writ to require his presence in person).

4.    If at, or after, the time set for the above hearing the Court finds that Defendant

Richardson has failed to respond, or that his response fails to show cause why the State should not

2

be granted the relief it has requested, the Court may issue a Final Order disbursing the assets and dismissing this case.

5. If the Court finds that Defendant Richardson' response does show cause why the State should not immediately be granted the relief it has requested because an issue has been raised on which the court wishes additional legal argument or presentation of facts, the Court shall dismiss the Order to Show Cause and order any such pleadings or hearings as the Court deems appropriate, including the appointment of one or more receivers to hold the funds at issue. The case shall be placed upon the Court's regular docket.

6. Defendant City of Detroit is appointed receiver over the pension benefits of Defendant Richardson' pension benefits. Receivership is for the sole purpose of placing a hold (freeze) on these pension benefits until further Order of this Court.

7. Defendant Credit Union is appointed receiver over the monetary assets in the checking, savings account(s) and certificate of deposit of Defendant Richardson, Account No. X889, SS No. XXX-XX-3310. Receivership is for the sole purpose of placing a hold (freeze) on monetary assets until further Order of this Court.

8. The warden of the Gus Harrison Correctional Facility, or a subsequent warden if Defendant Richardson is transferred, is ordered to place a hold (freeze) over the monetary assets in his prison account, **except that he may use up to $25.00 per month for purchase of personal items, pending further order of this Court**.

9. This Order shall take precedence over any other Order or statutory direction for disbursement of funds in this inmate's account(s).

ROBERT J. COLOMBO. JR.

Date: _____

_____
Wayne County Circuit Court Judge

3

**STATE OF MICHIGAN**
**CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT**
**WAYNE COUNTY**

STATE TREASURER,

                    Plaintiff,                    Case No. 09-          -CZ

v                                                 Hon.

DONALD C. RICHARDSON, #719076,
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT and CREDIT
UNION ONE,

                    Defendants.
_____/

MICHAEL A. COX                          DONALD C. RICHARDSON #719076
Attorney General                        Gus Harrison Correctional Facility
                                        2727 East Beecher St.
DEBORAH BENEDICT WALDMEIR (P60869)      Adrian, MI 49221
Assistant Attorney General              Defendant – In Pro Per
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200        GENERAL RETIREMENT SYSTEM OF
Detroit, MI 48202                       THE CITY OF DETROIT
(313) 456-0140                          2 Woodward Avenue, Suite 908
(313) 456-0141-Fax                      Detroit, MI 48226
Attorneys for Plaintiff                 (313) 224-3362
                                        (313) 224-3522-Fax
CREDIT UNION ONE                        Defendant
Attn: Legal Department
400 E. Nine Mile Road
Ferndale, MI 48220
(800) 451-4292
(248) 584-5280-Fax
Defendant
                                                                          /
_____

**There is no other pending or resolved civil action arising out of the transaction or occurrence
alleged in the complaint.**

<u>**COMPLAINT**</u>

        Plaintiff, State Treasurer, by his attorneys, MICHAEL A. COX, Attorney General of

Michigan and Deborah Benedict Waldmeir, Assistant Attorney General, and in support of his

Complaint, states as follows:

1.    Plaintiff is the head of the Michigan Department of Treasury with responsibility for the collection of monies, claims and accounts due to the State of Michigan or any department or agency thereof.

2.    The Michigan Department of Corrections is a department of the State of Michigan.

3.    This action is brought pursuant to the *State Correctional Facility Reimbursement Act* ("SCFRA"), MCL 800.401 *et seq.*, as amended.

4.    The Defendant Donald C. Richardson ("Richardson") is a state prisoner housed at the Gus Harrison Correctional Facility, located at 2727 East Beecher St., Adrian, MI 49221, and is subject to the continuing jurisdiction of the Michigan Department of Corrections, having been sentenced to its jurisdiction on February 26, 2009 by a Wayne County Circuit Court Judge.

5.    The State of Michigan has expended a sum of money for the cost of care of Defendant Richardson and will continue to make expenditures during the entire period of his incarceration in a state correctional facility. An affidavit establishing these costs will be filed with the Court prior to the Show Cause hearing as required by MCL 800.406(2).

6.    Plaintiff has information and believes that Defendant Richardson has an asset in the form of a monthly public pension benefit from the General Retirement System of the City of Detroit ("City of Detroit") in the approximate amount of $2,243.22 per month.

7.    Plaintiff has information and believes that Defendant Richardson's City of Detroit monthly pension benefit is directly deposited into a savings account with Defendant Credit Union One ("Credit Union"), Account No. XXX889, SS No. XXX-XX-3310.

8.    Plaintiff has information and believes that Defendant Richardson has monetary assets in his checking and savings account(s) with Defendant Credit Union of approximately $3,775.40.

9.    Plaintiff has information and believes that Defendant Richardson has a certificate of deposit with Defendant Credit Union, with an approximate value of $2,010.55, and this certificate will mature on January 16, 2010.

2

10.     Plaintiff has information and believes that Defendant Richardson may have assets in his prison account at the Gus Harrison Correctional Facility.

11.     Plaintiff will suffer immediate and irreparable injury, loss, or damage unless a receiver is appointed to protect and maintain the assets of Defendant Richardson, as extensive experience with prisoners in State correctional facilities has shown that such persons rarely have assets to reimburse the State for the cost of incarceration, that such assets have generally been removed beyond the reach of Plaintiff upon notice of suit, and that he is possessed of no known assets other than those assets which are the subject matter of this cause. Plaintiff will have no legal remedy absent the appointment of a receiver to prevent him from transferring monetary assets from his account, or from preventing him from disposing of these assets, pending the outcome of this action.

12.     That pursuant to the provisions of MCL 800.404a(2), "[t]o protect and maintain assets pending resolution of an action under this Act, the court, upon request, may appoint a receiver." (See also *Treasury Dep't v Turner*, 110 Mich App 228; 312 NW2d 418 (1981)).

13.     That the warden of the correctional facility in which Defendant Richardson is housed, currently the Gus Harrison Correctional Facility, is a fit and proper person to place a hold (freeze) over the monetary assets held in his prison account.

14.     That City of Detroit is a fit and proper person to be named receiver of Defendant Richardson's pension benefits. Receivership is for the sole purpose of placing a hold (freeze) on these pension benefits until further Order of this Court.

15.     That Defendant Credit Union is a fit and proper person to be named receiver of the monetary assets in the checking and savings account(s) of Defendant Richardson, including but not limited to, Account No. XXX889. Receivership is for the sole purpose of placing a hold (freeze) on monetary assets until further Order of this Court.

WHEREFORE, Plaintiff respectfully prays that:

(a)    An Order to Show Cause be issued by this Honorable Court directing Defendant Richardson to show cause why an Order should not be entered appropriating and applying his assets toward reimbursing the State for expenses incurred, and to be incurred, by the State for the cost of his care.

(b)    That this Court enter an Order reimbursing the state for expenses incurred, and to be incurred, for the cost of Defendant Richardson's care in prison (not to exceed the actual unpaid total costs of incarceration).

(c)    That this Court enter judgment for Plaintiff in the amount of 90% of Defendant Richardson's assets, including future pension payments and monetary assets in his prison account and in accounts in his name, or in which he has an interest at Defendant Credit Union, including Account No. XXX889.

(d)    This Court enter judgment for Plaintiff in the amount of 90% of Defendant Richardson's assets (not to exceed the actual total costs of his incarceration).

Respectfully submitted,

MICHAEL A. COX
Attorney General

Deborah Benedict Waldmeir (P60869)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, Michigan 48202
(313) 456-0140

Dated:  April 9, 2009

4

**STATE OF MICHIGAN**
**CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT**
**WAYNE COUNTY**

STATE TREASURER,

        Plaintiff,

v

DONALD C. RICHARDSON, #719076,
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT and CREDIT
UNION ONE,

        Defendants.

_____/

```
STATE TREASURER v RICHARDSON #719
Hon. Robert J Colombo, Jr.        04/09/2009
||||||||||||||||||||||||||||||||||
             09-008457-CZ
```

## PROOF OF SERVICE

On the date below I sent by first class mail, a true copy a Final Order to:

Credit Union One
Attn: Legal Department
400 E. Nine Mile Road
Ferndale, MI  48220

General Retirement System of the City of
Detroit
2 Woodward Avenue, Suite 908
Detroit, MI  48226

Donald C. Richardson, #719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221

I declare that the statements above are true to the best of my information, knowledge and belief.

Date:   October 19, 2009

                                 _Jacqueline M. Szymanski_
                                 Jacqueline M. Szymanski

STATE TREASURER,

        Plaintiff,

v

DONALD C. RICHARDSON, #719076,
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT and CREDIT
UNION ONE,

        Defendants.

_____/

STATE TREASURER v RICHARDSON #719
Hon. Robert J Colombo, Jr.    04/09/2009

09-008457-CZ

MICHAEL A. COX
Attorney General

DEBORAH BENEDICT WALDMEIR (P60869)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0141-Fax
Attorneys for Plaintiff

CREDIT UNION ONE
Attn: Legal Department
400 E. Nine Mile Road
Ferndale, MI 48220
(800) 451-4292
(248) 584-5280-Fax
Defendant

DONALD C. RICHARDSON #719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221
Defendant – In Pro Per

GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT
2 Woodward Avenue, Suite 908
Detroit, MI 48226
(313) 224-3362
(313) 224-3522-Fax
Defendant

_____/

## FINAL ORDER

At a session of said Court, held in the City of
Detroit, Wayne County, Michigan on
_____

PRESENT: Hon. _____
                Circuit Court Judge

This matter having come before the Court on a Complaint and Order to Show Cause why

an Order should not be entered appropriating and applying Defendant Donald C. Richardson's ("Richardson") assets to reimburse the State for the cost of his confinement in a State correctional facility in accordance with the *State Correctional Facility Reimbursement Act* ("SCFRA"), being MCL 800.401, *et seq.,* Defendant Richardson having been served more than 30 days prior to this Order (on April 21, 2009), the State having requested a reduced percentage of Defendant's assets to allow Defendant to meet his moral obligation to his spouse, and the Court having been fully advised:

**IT IS ORDERED THAT:**

1.     50% of Defendant Richardson's assets be paid to the State of Michigan as partial reimbursement for expenses incurred for his incarceration. This amount is not to exceed the actual costs of incarceration ($340,090.00).

2.     Assets currently on hold in Defendant Richardson's prison account, or any subsequent facility if Defendant Richardson is transferred, shall be disbursed as follows:

   a.     50% payable to the **"State of Michigan"** and electronically mailed to: Deborah Benedict Waldmeir, Prison Reimbursement Section, Department of Attorney General.

   b.     50% to Defendant Richardson, paid pursuant to his instructions.

3.     Any and all net pension benefits that Defendant Richardson is entitled to from the General Retirement System of the City of Detroit ("City of Detroit") ("net pension benefits" is defined as the gross payment less the amount withheld for taxes only based upon current exemptions"), including such benefits that have accumulated since the entry of the interim Order in this case dated April 9, 2009, shall be disbursed as follows:

   a.     50% by check made payable to the **"State of Michigan"** and mailed to Deborah Benedict Waldmeir, Assistant Attorney General, Prison Reimbursement Section, Department of Attorney General, Cadillac Place, 3030 W. Grand Blvd., Ste. 10-200, Detroit, MI 48202.

   b.     50% to Defendant Richardson, paid pursuant to his instructions.

4.     As to all future monthly pension benefits that Defendant Richardson may be entitled to from City of Detroit, Defendant City of Detroit shall pay the State of Michigan 50%

of the net of all future monthly pension benefits by check made payable to **"State of Michigan"** and mailed to:

    a.    50% by check made payable to the **"State of Michigan"** and mailed to Deborah Benedict Waldmeir, Assistant Attorney General, Prison Reimbursement Section, Department of Attorney General, Cadillac Place, 3030 W. Grand Blvd., Ste. 10-200, Detroit, MI 48202.

    b.    50% to Defendant Richardson, paid pursuant to his instructions.

5.    Any and all assets currently on hold with Defendant Credit Union One, Account No. XXX889, SS No. XXX-XX-3310 shall be disbursed as follows:

    a.    50% by check made payable to the **"State of Michigan"** and mailed to Deborah Benedict Waldmeir, Assistant Attorney General, Prison Reimbursement Section, Department of Attorney General, Cadillac Place, 3030 W. Grand Blvd., Ste. 10-200, Detroit, MI 48202.

    b.    50% to Defendant Richardson, paid pursuant to his instructions.

6.    Upon entry of this order all receiverships or freezes on Defendant Richardson's prison account as established by previous Order of this Court in this matter shall be terminated.

7.    Upon entry of this order all receiverships or freezes on Defendant Richardson's Credit Union One account as established by previous Order of this Court in this matter shall be terminated.

8.    Upon the above disbursement, this case shall be dismissed without prejudice, and without costs to any party.

9.    This Final Order resolves the last pending claim in this matter and closes this case.

Dated: _____    _____

    Hon. Robert J. Colombo, Jr.
    Wayne County Circuit Court Judge

July 25, 2014

Honorable Judge Karen D. McDonald, P, 59083, Oakland Circuit Court
C/O Collin

Judge McDonald:

Re: Case No. 10-773854- DO, Betty Richardson v. Donald Richardson

I'm trying to comply with the Legal Separation Separate Maintence Order. City of Detroit Benefits Office 2 Woodward Avenue, Room 1026 Detroit, Michigan 48226. Supervisor, Yvonne Moore, is refusing to put my wife on my Health, Dental, and Optical Care Coverage's. They stated they need (a) something from the Court saying my Divorce Action was changed to Legal Separation. (b) that my wife, Betty J. Richardson is to be covered on my Health, Dental, and Optical Coverage's, which Detroit pays for, for all Medicare recipients will you immediately provide a letter to them, so that my wife will be immediately covered? Please Respond, immediately. Thanking you in advance, or find City of Detroit Benefits Office in contempt.

Sincerely,

Donald Richardson, Defendant
In Above-Captioned Case
P.O. BOX 47715
Oak Park, Michigan 48237
(313) 303-1506

APP.#1

# STATE OF MICHIGAN
## CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT
## WAYNE COUNTY

STATE TREASURER,

          Plaintiff,

v

DONALD C. RICHARDSON, #719076,
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT and CREDIT
UNION ONE,

          Defendants.

_____/

Case No.

Hon.

STATE TREASURER v RICHARDSON #719
Hon. Robert J Colombo, Jr.  04/09/2009

09-008457-CZ

---

MICHAEL A. COX
Attorney General

DEBORAH BENEDICT WALDMEIR (P60869)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0141-Fax
Attorneys for Plaintiff

CREDIT UNION ONE
Attn: Legal Department
400 E. Nine Mile Road
Ferndale, MI 48220
(800) 451-4292
(248) 584-5280-Fax
Defendant

DONALD C. RICHARDSON #719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221
Defendant – In Pro Per

GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT
2 Woodward Avenue, Suite 908
Detroit, MI 48226
(313) 224-3362
(313) 224-3522-Fax
Defendant

_____/

## EX PARTE ORDER TO SHOW CAUSE
## AND ORDER APPOINTING RECEIVER

# EX PARTE ORDER TO SHOW CAUSE
## AND ORDER APPOINTING RECEIVER

At a session of said Court, held in the City of
Detroit, Wayne County, Michigan on

APR - 9 2009

PRESENT: Hon. _____ ROBERT J. COLOMBO, JR.
                    Circuit Court Judge

Plaintiff having requested an Ex Parte Order to Show Cause and an Order Appointing

Receiver.

IT IS ORDERED THAT:

1.  Defendants shall appear on or otherwise respond prior to the *12th* day of
*June in Courtroom 1101*, 2009, at *4:30 PM* o'clock before the Honorable
_____, and show cause why an Order should not be entered
appropriating and applying Defendant Richardson's assets to reimburse the State of Michigan for the
cost of his confinement in a state correctional facility.

2.  This Order shall be served on Defendant Richardson at least 30 days prior to the
hearing set forth above.

3.  If Defendant Richardson objects to the State's claim to 90% of his assets, then before
the scheduled hearing date he shall provide this court and the Attorney General's office with  a
written response explaining the reasons for the objection.  If he is not represented by counsel this
response need not comply with the formal requirements of an Answer to the Complaint.  An
unrepresented Defendant may also request an opportunity to participate in any court hearing, and the
Court shall then exercise its discretion to determine the best method in which accomplish this
(including, but not limited to, a hearing on briefs alone, a telephone conference, or the execution of a
writ to require his presence in person).

4.  If at, or after, the time set for the above hearing the Court finds that Defendant
Richardson has failed to respond, or that his response fails to show cause why the State should not

2

be granted the relief it has requested, the Court may issue a Final Order disbursing the assets and dismissing this case.

5.      If the Court finds that Defendant Richardson' response does show cause why the State should not immediately be granted the relief it has requested because an issue has been raised on which the court wishes additional legal argument or presentation of facts, the Court shall dismiss the Order to Show Cause and order any such pleadings or hearings as the Court deems appropriate, including the appointment of one or more receivers to hold the funds at issue. The case shall be placed upon the Court's regular docket.

6.      Defendant City of Detroit is appointed receiver over the pension benefits of Defendant Richardson' pension benefits. Receivership is for the sole purpose of placing a hold (freeze) on these pension benefits until further Order of this Court.

7.      Defendant Credit Union is appointed receiver over the monetary assets in the checking, savings account(s) and certificate of deposit of Defendant Richardson, Account No. X889, SS No. XXX-XX-3310. Receivership is for the sole purpose of placing a hold (freeze) on monetary assets until further Order of this Court.

8.      The warden of the Gus Harrison Correctional Facility, or a subsequent warden if Defendant Richardson is transferred, is ordered to place a hold (freeze) over the monetary assets in his prison account, **except that he may use up to $25.00 per month for purchase of personal items, pending further order of this Court**.

9.      This Order shall take precedence over any other Order or statutory direction for disbursement of funds in this inmate's account(s).

ROBERT J. COLOMBO, JR.

Date: _____           _____
                                    Wayne County Circuit Court Judge

3

## STATE OF MICHIGAN
### CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT
### WAYNE COUNTY

STATE TREASURER,

        Plaintiff,

v

DONALD C. RICHARDSON, #719076,
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT and CREDIT
UNION ONE,

        Defendants.

_____/

Case No.

Hon.

STATE TREASURER v RICHARDSON #719
Hon. Robert J Colombo, Jr.     04/09/2009

09-008457-CZ

---

MICHAEL A. COX
Attorney General

DEBORAH BENEDICT WALDMEIR (P60869)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0141-Fax
Attorneys for Plaintiff

CREDIT UNION ONE
Attn: Legal Department
400 E. Nine Mile Road
Ferndale, MI 48220
(800) 451-4292
(248) 584-5280-Fax
Defendant

DONALD C. RICHARDSON #719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221
Defendant – In Pro Per

GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT
2 Woodward Avenue, Suite 908
Detroit, MI 48226
(313) 224-3362
(313) 224-3522-Fax
Defendant

_____/

### EX PARTE ORDER TO SHOW CAUSE
### AND ORDER APPOINTING RECEIVER

# EX PARTE ORDER TO SHOW CAUSE
## AND ORDER APPOINTING RECEIVER

At a session of said Court, held in the City of
Detroit, Wayne County, Michigan on

APR - 9 2009

PRESENT: Hon. _____ ROBERT J. COLOMBO, JR.

Circuit Court Judge

Plaintiff having requested an Ex Parte Order to Show Cause and an Order Appointing
Receiver.

IT IS ORDERED THAT:

1.     Defendants shall appear on or otherwise respond prior to the 2th day of
_June to Continues 1101_, 2009, at 4:30 PM o'clock before the Honorable
_____, and show cause why an Order should not be entered
appropriating and applying Defendant Richardson's assets to reimburse the State of Michigan for the
cost of his confinement in a state correctional facility.

2.     This Order shall be served on Defendant Richardson at least 30 days prior to the
hearing set forth above.

3.     If Defendant Richardson objects to the State's claim to 90% of his assets, then before
the scheduled hearing date he shall provide this court and the Attorney General's office with a
written response explaining the reasons for the objection.  If he is not represented by counsel this
response need not comply with the formal requirements of an Answer to the Complaint.  An
unrepresented Defendant may also request an opportunity to participate in any court hearing, and the
Court shall then exercise its discretion to determine the best method in which accomplish this
(including, but not limited to, a hearing on briefs alone, a telephone conference, or the execution of a
writ to require his presence in person).

4.     If at, or after, the time set for the above hearing the Court finds that Defendant
Richardson has failed to respond, or that his response fails to show cause why the State should not

2

be granted the relief it has requested, the Court may issue a Final Order disbursing the assets and dismissing this case.

5.     If the Court finds that Defendant Richardson' response does show cause why the State should not immediately be granted the relief it has requested because an issue has been raised on which the court wishes additional legal argument or presentation of facts, the Court shall dismiss the Order to Show Cause and order any such pleadings or hearings as the Court deems appropriate, including the appointment of one or more receivers to hold the funds at issue. The case shall be placed upon the Court's regular docket.

6.     Defendant City of Detroit is appointed receiver over the pension benefits of Defendant Richardson' pension benefits. Receivership is for the sole purpose of placing a hold (freeze) on these pension benefits until further Order of this Court.

7.     Defendant Credit Union is appointed receiver over the monetary assets in the checking, savings account(s) and certificate of deposit of Defendant Richardson, Account No. X889, SS No. XXX-XX-3310. Receivership is for the sole purpose of placing a hold (freeze) on monetary assets until further Order of this Court.

8.     The warden of the Gus Harrison Correctional Facility, or a subsequent warden if Defendant Richardson is transferred, is ordered to place a hold (freeze) over the monetary assets in his prison account, **except that he may use up to $25.00 per month for purchase of personal items, pending further order of this Court**.

9.     This Order shall take precedence over any other Order or statutory direction for disbursement of funds in this inmate's account(s).

ROBERT J. COLOMBO, JR.

Date: _____

_____
Wayne County Circuit Court Judge

3

## STATE OF MICHIGAN
## CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT
## WAYNE COUNTY

STATE TREASURER,

          Plaintiff,               Case No. 09-       -CZ

v                                       Hon.

DONALD C. RICHARDSON, #719076,
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT and CREDIT
UNION ONE,

          Defendants.

_____/

MICHAEL A. COX
Attorney General

DEBORAH BENEDICT WALDMEIR (P60869)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0141-Fax
Attorneys for Plaintiff

CREDIT UNION ONE
Attn: Legal Department
400 E. Nine Mile Road
Ferndale, MI 48220
(800) 451-4292
(248) 584-5280-Fax
Defendant

DONALD C. RICHARDSON #719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221
Defendant – In Pro Per

GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT
2 Woodward Avenue, Suite 908
Detroit, MI 48226
(313) 224-3362
(313) 224-3522-Fax
Defendant

_____/

**There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.**

## COMPLAINT

Plaintiff, State Treasurer, by his attorneys, MICHAEL A. COX, Attorney General of Michigan and Deborah Benedict Waldmeir, Assistant Attorney General, and in support of his Complaint, states as follows:

1.   Plaintiff is the head of the Michigan Department of Treasury with responsibility for the collection of monies, claims and accounts due to the State of Michigan or any department or agency thereof.

2.   The Michigan Department of Corrections is a department of the State of Michigan.

3.   This action is brought pursuant to the *State Correctional Facility Reimbursement Act* ("SCFRA"), MCL 800.401 *et seq.*, as amended.

4.   The Defendant Donald C. Richardson ("Richardson") is a state prisoner housed at the Gus Harrison Correctional Facility, located at 2727 East Beecher St., Adrian, MI 49221, and is subject to the continuing jurisdiction of the Michigan Department of Corrections, having been sentenced to its jurisdiction on February 26, 2009 by a Wayne County Circuit Court Judge.

5.   The State of Michigan has expended a sum of money for the cost of care of Defendant Richardson and will continue to make expenditures during the entire period of his incarceration in a state correctional facility. An affidavit establishing these costs will be filed with the Court prior to the Show Cause hearing as required by MCL 800.406(2).

6.   Plaintiff has information and believes that Defendant Richardson has an asset in the form of a monthly public pension benefit from the General Retirement System of the City of Detroit ("City of Detroit") in the approximate amount of $2,243.22 per month.

7.   Plaintiff has information and believes that Defendant Richardson's City of Detroit monthly pension benefit is directly deposited into a savings account with Defendant Credit Union One ("Credit Union"), Account No. XXX889, SS No. XXX-XX-3310.

8.   Plaintiff has information and believes that Defendant Richardson has monetary assets in his checking and savings account(s) with Defendant Credit Union of approximately $3,775.40.

9.   Plaintiff has information and believes that Defendant Richardson has a certificate of deposit with Defendant Credit Union, with an approximate value of $2,010.55, and this certificate will mature on January 16, 2010.

2

10. Plaintiff has information and believes that Defendant Richardson may have assets in his prison account at the Gus Harrison Correctional Facility.

11. Plaintiff will suffer immediate and irreparable injury, loss, or damage unless a receiver is appointed to protect and maintain the assets of Defendant Richardson, as extensive experience with prisoners in State correctional facilities has shown that such persons rarely have assets to reimburse the State for the cost of incarceration, that such assets have generally been removed beyond the reach of Plaintiff upon notice of suit, and that he is possessed of no known assets other than those assets which are the subject matter of this cause. Plaintiff will have no legal remedy absent the appointment of a receiver to prevent him from transferring monetary assets from his account, or from preventing him from disposing of these assets, pending the outcome of this action.

12. That pursuant to the provisions of MCL 800.404a(2), "[t]o protect and maintain assets pending resolution of an action under this Act, the court, upon request, may appoint a receiver." (See also *Treasury Dep't v Turner*, 110 Mich App 228; 312 NW2d 418 (1981)).

13. That the warden of the correctional facility in which Defendant Richardson is housed, currently the Gus Harrison Correctional Facility, is a fit and proper person to place a hold (freeze) over the monetary assets held in his prison account.

14. That City of Detroit is a fit and proper person to be named receiver of Defendant Richardson's pension benefits. Receivership is for the sole purpose of placing a hold (freeze) on these pension benefits until further Order of this Court.

15. That Defendant Credit Union is a fit and proper person to be named receiver of the monetary assets in the checking and savings account(s) of Defendant Richardson, including but not limited to, Account No. XXX889. Receivership is for the sole purpose of placing a hold (freeze) on monetary assets until further Order of this Court.

3

WHEREFORE, Plaintiff respectfully prays that:

(a)    An Order to Show Cause be issued by this Honorable Court directing Defendant Richardson to show cause why an Order should not be entered appropriating and applying his assets toward reimbursing the State for expenses incurred, and to be incurred, by the State for the cost of his care.

(b)    That this Court enter an Order reimbursing the state for expenses incurred, and to be incurred, for the cost of Defendant Richardson's care in prison (not to exceed the actual unpaid total costs of incarceration).

(c)    That this Court enter judgment for Plaintiff in the amount of 90% of Defendant Richardson's assets, including future pension payments and monetary assets in his prison account and in accounts in his name, or in which he has an interest at Defendant Credit Union, including Account No. XXX889.

(d)    This Court enter judgment for Plaintiff in the amount of 90% of Defendant Richardson's assets (not to exceed the actual total costs of his incarceration).

Respectfully submitted,

MICHAEL A. COX
Attorney General

Deborah Benedict Waldmeir (P60869)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, Michigan 48202
(313) 456-0140

Dated:  April 9, 2009

4

# STATE OF MICHIGAN
## CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT
## WAYNE COUNTY

STATE TREASURER,

              Plaintiff,

v

DONALD C. RICHARDSON, #719076,
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT and CREDIT
UNION ONE,

              Defendants.

_____/

Case No. 09-     -CZ

Hon.

---

MICHAEL A. COX
Attorney General

DEBORAH BENEDICT WALDMEIR (P60869)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0141-Fax
Attorneys for Plaintiff

CREDIT UNION ONE
Attn: Legal Department
400 E. Nine Mile Road
Ferndale, MI 48220
(800) 451-4292
(248) 584-5280-Fax
Defendant

DONALD C. RICHARDSON #719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221
Defendant – In Pro Per

GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT
2 Woodward Avenue, Suite 908
Detroit, MI 48226
(313) 224-3362
(313) 224-3522-Fax
Defendant

_____/

**There is no other pending or resolved civil action arising out of the transaction or occurrence
alleged in the complaint.**

## COMPLAINT

Plaintiff, State Treasurer, by his attorneys, MICHAEL A. COX, Attorney General of
Michigan and Deborah Benedict Waldmeir, Assistant Attorney General, and in support of his
Complaint, states as follows:

1. Plaintiff is the head of the Michigan Department of Treasury with responsibility for the collection of monies, claims and accounts due to the State of Michigan or any department or agency thereof.

2. The Michigan Department of Corrections is a department of the State of Michigan.

3. This action is brought pursuant to the *State Correctional Facility Reimbursement Act* ("SCFRA"), MCL 800.401 *et seq.,* as amended.

4. The Defendant Donald C. Richardson ("Richardson") is a state prisoner housed at the Gus Harrison Correctional Facility, located at 2727 East Beecher St., Adrian, MI 49221, and is subject to the continuing jurisdiction of the Michigan Department of Corrections, having been sentenced to its jurisdiction on February 26, 2009 by a Wayne County Circuit Court Judge.

5. The State of Michigan has expended a sum of money for the cost of care of Defendant Richardson and will continue to make expenditures during the entire period of his incarceration in a state correctional facility. An affidavit establishing these costs will be filed with the Court prior to the Show Cause hearing as required by MCL 800.406(2).

6. Plaintiff has information and believes that Defendant Richardson has an asset in the form of a monthly public pension benefit from the General Retirement System of the City of Detroit ("City of Detroit") in the approximate amount of $2,243.22 per month.

7. Plaintiff has information and believes that Defendant Richardson's City of Detroit monthly pension benefit is directly deposited into a savings account with Defendant Credit Union One ("Credit Union"), Account No. XXX889, SS No. XXX-XX-3310.

8. Plaintiff has information and believes that Defendant Richardson has monetary assets in his checking and savings account(s) with Defendant Credit Union of approximately $3,775.40.

9. Plaintiff has information and believes that Defendant Richardson has a certificate of deposit with Defendant Credit Union, with an approximate value of $2,010.55, and this certificate will mature on January 16, 2010.

2

10.     Plaintiff has information and believes that Defendant Richardson may have assets in his prison account at the Gus Harrison Correctional Facility.

11.     Plaintiff will suffer immediate and irreparable injury, loss, or damage unless a receiver is appointed to protect and maintain the assets of Defendant Richardson, as extensive experience with prisoners in State correctional facilities has shown that such persons rarely have assets to reimburse the State for the cost of incarceration, that such assets have generally been removed beyond the reach of Plaintiff upon notice of suit, and that he is possessed of no known assets other than those assets which are the subject matter of this cause. Plaintiff will have no legal remedy absent the appointment of a receiver to prevent him from transferring monetary assets from his account, or from preventing him from disposing of these assets, pending the outcome of this action.

12.     That pursuant to the provisions of MCL 800.404a(2), "[t]o protect and maintain assets pending resolution of an action under this Act, the court, upon request, may appoint a receiver." (See also *Treasury Dep't v Turner*, 110 Mich App 228; 312 NW2d 418 (1981)).

13.     That the warden of the correctional facility in which Defendant Richardson is housed, currently the Gus Harrison Correctional Facility, is a fit and proper person to place a hold (freeze) over the monetary assets held in his prison account.

14.     That City of Detroit is a fit and proper person to be named receiver of Defendant Richardson's pension benefits. Receivership is for the sole purpose of placing a hold (freeze) on these pension benefits until further Order of this Court.

15.     That Defendant Credit Union is a fit and proper person to be named receiver of the monetary assets in the checking and savings account(s) of Defendant Richardson, including but not limited to, Account No. XXX889. Receivership is for the sole purpose of placing a hold (freeze) on monetary assets until further Order of this Court.

3

WHEREFORE, Plaintiff respectfully prays that:

(a)     An Order to Show Cause be issued by this Honorable Court directing Defendant Richardson to show cause why an Order should not be entered appropriating and applying his assets toward reimbursing the State for expenses incurred, and to be incurred, by the State for the cost of his care.

(b)     That this Court enter an Order reimbursing the state for expenses incurred, and to be incurred, for the cost of Defendant Richardson's care in prison (not to exceed the actual unpaid total costs of incarceration).

(c)     That this Court enter judgment for Plaintiff in the amount of 90% of Defendant Richardson's assets, including future pension payments and monetary assets in his prison account and in accounts in his name, or in which he has an interest at Defendant Credit Union, including Account No. XXX889.

(d)     This Court enter judgment for Plaintiff in the amount of 90% of Defendant Richardson's assets (not to exceed the actual total costs of his incarceration).

Respectfully submitted,

MICHAEL A. COX
Attorney General

Deborah Benedict Waldmeir (P60869)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, Michigan 48202
(313) 456-0140

Dated: April 9, 2009

4

**STATE OF MICHIGAN**
**CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT**
**WAYNE COUNTY**

STATE TREASURER,

              Plaintiff,

v

DONALD C. RICHARDSON, #719076,
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT and CREDIT
UNION ONE,

              Defendants.

_____/

STATE TREASURER v RICHARDSON #719
Hon. Robert J Colombo, Jr.    04/09/2009

09-008457-CZ

## PROOF OF SERVICE

On the date below I sent by first class mail, a true copy a Final Order to:

Credit Union One
Attn: Legal Department
400 E. Nine Mile Road
Ferndale, MI 48220

Donald C. Richardson, #719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221

General Retirement System of the City of
Detroit
2 Woodward Avenue, Suite 908
Detroit, MI 48226

I declare that the statements above are true to the best of my information, knowledge and belief.

Date: October 19, 2009

Jacqueline M. Szymanski

**STATE OF MICHIGAN**
**CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT**
**WAYNE COUNTY**

STATE TREASURER,

        Plaintiff,

v

DONALD C. RICHARDSON, #719076,
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT and CREDIT
UNION ONE,

        Defendants.

_____/

STATE TREASURER v RICHARDSON #719
Hon. Robert J Colombo, Jr.    04/09/2009

09-008457-CZ

MICHAEL A. COX
Attorney General

DEBORAH BENEDICT WALDMEIR (P60869)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0141-Fax
Attorneys for Plaintiff

CREDIT UNION ONE
Attn: Legal Department
400 E. Nine Mile Road
Ferndale, MI 48220
(800) 451-4292
(248) 584-5280-Fax
Defendant

DONALD C. RICHARDSON #719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221
Defendant – In Pro Per

GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT
2 Woodward Avenue, Suite 908
Detroit, MI 48226
(313) 224-3362
(313) 224-3522-Fax
Defendant

_____/

**FINAL ORDER**

At a session of said Court, held in the City of
Detroit, Wayne County, Michigan on

_____

PRESENT: Hon. _____
                       Circuit Court Judge

This matter having come before the Court on a Complaint and Order to Show Cause why

13-53846-tjt   Doc 6881   Filed 08/18/14   Entered 08/19/14 12:36:06   Page 49 of 50

an Order should not be entered appropriating and applying Defendant Donald C. Richardson's ("Richardson") assets to reimburse the State for the cost of his confinement in a State correctional facility in accordance with the *State Correctional Facility Reimbursement Act* ("SCFRA"), being MCL 800.401, *et seq.,* Defendant Richardson having been served more than 30 days prior to this Order (on April 21, 2009), the State having requested a reduced percentage of Defendant's assets to allow Defendant to meet his moral obligation to his spouse, and the Court having been fully advised:

**IT IS ORDERED THAT:**

1.    50% of Defendant Richardson's assets be paid to the State of Michigan as partial reimbursement for expenses incurred for his incarceration. This amount is not to exceed the actual costs of incarceration ($340,090.00).

2.    Assets currently on hold in Defendant Richardson's prison account, or any subsequent facility if Defendant Richardson is transferred, shall be disbursed as follows:

   a.    50% payable to the **"State of Michigan"** and electronically mailed to: Deborah Benedict Waldmeir, Prison Reimbursement Section, Department of Attorney General.

   b.    50% to Defendant Richardson, paid pursuant to his instructions.

3.    Any and all net pension benefits that Defendant Richardson is entitled to from the General Retirement System of the City of Detroit ("City of Detroit") ("net pension benefits" is defined as the gross payment less the amount withheld for taxes only based upon current exemptions"), including such benefits that have accumulated since the entry of the interim Order in this case dated April 9, 2009, shall be disbursed as follows:

   a.    50% by check made payable to the **"State of Michigan"** and mailed to Deborah Benedict Waldmeir, Assistant Attorney General, Prison Reimbursement Section, Department of Attorney General, Cadillac Place, 3030 W. Grand Blvd., Ste. 10-200, Detroit, MI 48202.

   b.    50% to Defendant Richardson, paid pursuant to his instructions.

4.    As to all future monthly pension benefits that Defendant Richardson may be entitled to from City of Detroit, Defendant City of Detroit shall pay the State of Michigan 50%