of the net of all future monthly pension benefits by check made payable to "State of Michigan" and mailed to:

    a.    50% by check made payable to the **"State of Michigan"** and mailed to Deborah Benedict Waldmeir, Assistant Attorney General, Prison Reimbursement Section, Department of Attorney General, Cadillac Place, 3030 W. Grand Blvd., Ste. 10-200, Detroit, MI 48202.

    b.    50% to Defendant Richardson, paid pursuant to his instructions.

5.    Any and all assets currently on hold with Defendant Credit Union One, Account No. XXX889, SS No. XXX-XX-3310 shall be disbursed as follows:

    a.    50% by check made payable to the **"State of Michigan"** and mailed to Deborah Benedict Waldmeir, Assistant Attorney General, Prison Reimbursement Section, Department of Attorney General, Cadillac Place, 3030 W. Grand Blvd., Ste. 10-200, Detroit, MI 48202.

    b.    50% to Defendant Richardson, paid pursuant to his instructions.

6.    Upon entry of this order all receiverships or freezes on Defendant Richardson's prison account as established by previous Order of this Court in this matter shall be terminated.

7.    Upon entry of this order all receiverships or freezes on Defendant Richardson's Credit Union One account as established by previous Order of this Court in this matter shall be terminated.

8.    Upon the above disbursement, this case shall be dismissed without prejudice, and without costs to any party.

9.    This Final Order resolves the last pending claim in this matter and closes this case.

Dated: _____    _____
    Hon. Robert J. Colombo, Jr.
    Wayne County Circuit Court Judge

## STATE OF MICHIGAN
## CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT
## WAYNE COUNTY

STATE TREASURER,

        Plaintiff,

v

DONALD C. RICHARDSON, #719076,
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT and CREDIT
UNION ONE,

        Defendants.

_____/

STATE TREASURER v RICHARDSON #719
Hon. Robert J Colombo, Jr.    04/09/2009

**09-008457-CZ**

### PROOF OF SERVICE

On the date below I sent by first class mail, a true copy a Final Order to:

Credit Union One
Attn: Legal Department
400 E. Nine Mile Road
Ferndale, MI 48220

Donald C. Richardson, #719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221

General Retirement System of the City of
Detroit
2 Woodward Avenue, Suite 908
Detroit, MI 48226

I declare that the statements above are true to the best of my information, knowledge and belief.

Date:  October 19, 2009

_Jacqueline M. Szymanski_
Jacqueline M. Szymanski

# STATE OF MICHIGAN
## CIRCUIT COURT FOR THE 3RD JUDICIAL CIRCUIT
### WAYNE COUNTY

STATE TREASURER,

        Plaintiff,

v

DONALD C. RICHARDSON, #719076,
GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT and CREDIT
UNION ONE,

        Defendants.

_____/

STATE TREASURER v RICHARDSON #719
Hon. Robert J Colombo, Jr.        04/09/2009

09-008457-CZ

MICHAEL A. COX
Attorney General

DEBORAH BENEDICT WALDMEIR (P60869)
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd., Ste. 10-200
Detroit, MI 48202
(313) 456-0140
(313) 456-0141-Fax
Attorneys for Plaintiff

CREDIT UNION ONE
Attn: Legal Department
400 E. Nine Mile Road
Ferndale, MI 48220
(800) 451-4292
(248) 584-5280-Fax
Defendant

DONALD C. RICHARDSON #719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, MI 49221
Defendant -- In Pro Per

GENERAL RETIREMENT SYSTEM OF
THE CITY OF DETROIT
2 Woodward Avenue, Suite 908
Detroit, MI 48226
(313) 224-3362
(313) 224-3522-Fax
Defendant

_____/

## FINAL ORDER

At a session of said Court, held in the City of
Detroit, Wayne County, Michigan on _____

PRESENT: Hon. _____
                    Circuit Court Judge

This matter having come before the Court on a Complaint and Order to Show Cause why

an Order should not be entered appropriating and applying Defendant Donald C. Richardson's ("Richardson") assets to reimburse the State for the cost of his confinement in a State correctional facility in accordance with the *State Correctional Facility Reimbursement Act* ("SCFRA"), being MCL 800.401, *et seq.,* Defendant Richardson having been served more than 30 days prior to this Order (on April 21, 2009), the State having requested a reduced percentage of Defendant's assets to allow Defendant to meet his moral obligation to his spouse, and the Court having been fully advised:

**IT IS ORDERED THAT:**

1.      50% of Defendant Richardson's assets be paid to the State of Michigan as partial reimbursement for expenses incurred for his incarceration. This amount is not to exceed the actual costs of incarceration ($340,090.00).

2.      Assets currently on hold in Defendant Richardson's prison account, or any subsequent facility if Defendant Richardson is transferred, shall be disbursed as follows:

      a.      50% payable to the **"State of Michigan"** and electronically mailed to: Deborah Benedict Waldmeir, Prison Reimbursement Section, Department of Attorney General.

      b.      50% to Defendant Richardson, paid pursuant to his instructions.

3.      Any and all net pension benefits that Defendant Richardson is entitled to from the General Retirement System of the City of Detroit ("City of Detroit") ("net pension benefits" is defined as the gross payment less the amount withheld for taxes only based upon current exemptions"), including such benefits that have accumulated since the entry of the interim Order in this case dated April 9, 2009, shall be disbursed as follows:

      a.      50% by check made payable to the **"State of Michigan"** and mailed to Deborah Benedict Waldmeir, Assistant Attorney General, Prison Reimbursement Section, Department of Attorney General, Cadillac Place, 3030 W. Grand Blvd., Ste. 10-200, Detroit, MI 48202.

      b.      50% to Defendant Richardson, paid pursuant to his instructions.

4.      As to all future monthly pension benefits that Defendant Richardson may be entitled to from City of Detroit, Defendant City of Detroit shall pay the State of Michigan 50%

of the net of all future monthly pension benefits by check made payable to "**State of Michigan**" and mailed to:

      a.    50% by check made payable to the "**State of Michigan**" and mailed to Deborah Benedict Waldmeir, Assistant Attorney General, Prison Reimbursement Section, Department of Attorney General, Cadillac Place, 3030 W. Grand Blvd., Ste. 10-200, Detroit, MI 48202.

      b.    50% to Defendant Richardson, paid pursuant to his instructions.

5.    Any and all assets currently on hold with Defendant Credit Union One, Account No. XXX889, SS No. XXX-XX-3310 shall be disbursed as follows:

      a.    50% by check made payable to the "**State of Michigan**" and mailed to Deborah Benedict Waldmeir, Assistant Attorney General, Prison Reimbursement Section, Department of Attorney General, Cadillac Place, 3030 W. Grand Blvd., Ste. 10-200, Detroit, MI 48202.

      b.    50% to Defendant Richardson, paid pursuant to his instructions.

6.    Upon entry of this order all receiverships or freezes on Defendant Richardson's prison account as established by previous Order of this Court in this matter shall be terminated.

7.    Upon entry of this order all receiverships or freezes on Defendant Richardson's Credit Union One account as established by previous Order of this Court in this matter shall be terminated.

8.    Upon the above disbursement, this case shall be dismissed without prejudice, and without costs to any party.

9.    This Final Order resolves the last pending claim in this matter and closes this case.

Dated: _____    _____

                                        Hon. Robert J. Colombo, Jr.
                                        Wayne County Circuit Court Judge

APP #4



GENERAL RETIREMENT SYSTEM
OF THE
CITY OF DETROIT

2 WOODWARD AVE. STE. 906
DETROIT, MICHIGAN 48226
PHONE 313•224•3362
TOLL FREE 800•339•8344
FAX 313•224•3522



November 17, 2009

Donald C. Richardson
Prison No. 719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, Michigan 48221

Deborah B. Waldmeir
Assistant Attorney General
Cadillac Place
3030 W. Grand Boulevard
Suite 10-200
Detroit, Michigan 48202

The enclosed resolution was adopted by the Board of Trustees of the General Retirement System of the City of Detroit on November 10, 2009.

Should you have any questions, please contact Deborah Wilkerson at 313-224-3362, extension 202.

Sincerely,

Board of Trustees
General Retirement System of the City of Detroit

Walter Stampor

_____

Walter Stampor
Executive Secretary

Enclosure:

REC'D
JAN 2 0 2010

<u>DONALD C. RICHARDSON (PENSION NUMBER ███████)</u>

<u>BY MS. GLASER — SUPPORTED BY MS. JOHNSON</u>

WHEREAS, THE BOARD OF TRUSTEES IS IN RECEIPT OF A FINAL ORDER (WAYNE CASE NO. 09-008457-CZ) DATED OCTOBER 19, 2009 WHICH PROVIDES FOR PAYMENT OF 50% OF MR. RICHARDSON'S BENEFITS TO THE STATE OF MICHIGAN, AND

WHEREAS, SAID COURT ORDER HAS BEEN REVIEWED BY GENERAL COUNSEL AND DISCUSSED THIS DATE, THEREFORE BE IT

RESOLVED, THAT THE RETIREMENT SYSTEM PAY BENEFITS CONSISTENT WITH SAID COURT ORDER, AND BE IT FURTHER

RESOLVED, THAT A COPY OF THIS RESOLUTION BE FORWARDED TO DONALD C. RICHARDSON, AND ASSISTANT ATTORNEY GENERAL DEBORAH B. WALDMEIR:

Donald C. Richardson
Prison No. 719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, Michigan 48221

Deborah B. Waldmeir
Assistant Attorney General
Cadillac Place
3030 W. Grand Boulevard
Suite 10-200
Detroit, Michigan 48202

Yeas — Trustees Brooks, Clark, Glaser, Johnson and Chairperson S. Knee-
shaw — 5

Nays — Trustee Gracia — 1



GENERAL RETIREMENT SYSTEM
OF THE
CITY OF DETROIT

APP #4

1 WOODWARD AVE. STE. 908
DETROIT, MICHIGAN 48226
PHONE 313•224•3362
TOLL FREE 800•339•8344
FAX 313•224•3522



November 17, 2009

Donald C. Richardson
Prison No. 719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, Michigan 48221

Deborah B. Waldmeir
Assistant Attorney General
Cadillac Place
3030 W. Grand Boulevard
Suite 10-200
Detroit, Michigan 48202

The enclosed resolution was adopted by the Board of Trustees of the General Retirement System of the City of Detroit on November 10, 2009.

Should you have any questions, please contact Deborah Wilkerson at 313-224-3362, extension 202.

Sincerely,

Board of Trustees
General Retirement System of the City of Detroit

*Walter Stampor*

Walter Stampor
Executive Secretary

Enclosure:

REC'T
JAN 2 0 2010

<u>DONALD C. RICHARDSON (PENSION NUMBER ▓▓▓▓)</u>

<u>BY MS. GLASER – SUPPORTED BY MS. JOHNSON</u>

WHEREAS, THE BOARD OF TRUSTEES IS IN RECEIPT OF A FINAL ORDER (WAYNE CASE NO. 09-008457-CZ) DATED OCTOBER 19, 2009 WHICH PROVIDES FOR PAYMENT OF 50% OF MR. RICHARDSON'S BENEFITS TO THE STATE OF MICHIGAN, AND

WHEREAS, SAID COURT ORDER HAS BEEN REVIEWED BY GENERAL COUNSEL AND DISCUSSED THIS DATE, THEREFORE BE IT

RESOLVED, THAT THE RETIREMENT SYSTEM PAY BENEFITS CONSISTENT WITH SAID COURT ORDER, AND BE IT FURTHER

RESOLVED, THAT A COPY OF THIS RESOLUTION BE FORWARDED TO DONALD C. RICHARDSON, AND ASSISTANT ATTORNEY GENERAL DEBORAH B. WALDMEIR:

Donald C. Richardson
Prison No. 719076
Gus Harrison Correctional Facility
2727 East Beecher St.
Adrian, Michigan 48221

Deborah B. Waldmeir
Assistant Attorney General
Cadillac Place
3030 W. Grand Boulevard
Suite 10-200
Detroit, Michigan 48202

Yeas – Trustees Brooks, Clark, Glaser, Johnson and Chairperson S. Knee-
        shaw – 5

Nays – Trustee Gracia – 1

July 25, 2014

Honorable Judge Karen D. McDonald, P, 59083, Oakland Circuit Court
C/O Collin

Judge McDonald:

Re: Case No. 10-773854- DO, Betty Richardson v. Donald Richardson

I'm trying to comply with the Legal Separation Separate Maintence Order.  City of
Detroit Benefits Office 2 Woodward Avenue, Room 1026 Detroit, Michigan 48226.
Supervisor, Yvonne Moore, is refusing to put my wife on my Health, Dental, and Optical
Care Coverage's.  They stated they need (a) something from the Court saying my
Divorce Action was changed to Legal Separation. (b) that my wife, Betty J. Richardson is
to be covered on my Health, Dental, and Optical Coverage's, which Detroit pays for, for
all Medicare recipients will you immediately provide a letter to them, so that my wife
will be immediately covered?  Please Respond, immediately.  Thanking you in advance,
or find City of Detroit Benefits Office in contempt.

Sincerely,

Donald Richardson, Defendant
In Above-Captioned Case
P.O. BOX 47715
Oak Park, Michigan 48237
(313) 303-1506

GENERAL RETIREMENT SYSTEM
OF THE
CITY OF DETROIT

2 WOODWARD AT
DETROIT, MICH
PHONE 313•224•
TOLL FREE 800•839•
FAX 313•224•3599

July 18, 2011

APP. #5

Paula M. Zimmer, Esq.
Family Law Assistance Project
16130 Northland Drive
Southfield, MI 48075

Deborah Benedict Waldmeir, Esq.
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd. Suite 10-200
Detroit, Michigan 48202

Donald C. Richardson
Gus Harrison Correctional Facility
M.D.O.C. #719076
2727 East Beecher Street
Adrian, Michigan 49221

Mrs. Betty Jean Richardson


Dear Sirs/Madam:

RE:   DONALD C. RICHARDSON – PENSION # ▒▒▒▒

I CERTIFY that as Assistant Executive Secretary for the City of Detroit General Retirement System the enclosed resolution was adopted on *Wednesday, June 29, 2011*, by the Board of Trustees regarding the above referenced matter.

If you have any questions or require additional information, please contact Myron T. Terrell at (313) 224-3362, Ext.203.

Sincerely,


Board of Trustees
General Retirement System of the City of Detroit

_Myron T. Terrell, Assistant Executive Secretary_

Terrell:Baldwin

Enclosure

RE: DONALD C. RICHARDSON – PENSION

BY: TRUSTEE BROOKS – SUPPORTED BY TRUSTEE COOK

WHEREAS, THE RETIREMENT SYSTEM IS IN RECEIPT OF AN ORDER TO RELEASE PENSION DATED JULY 28, 2010, PROVIDING THAT THE STATE OF MICHIGAN SHALL RECEIVE $1,391.12 OF THE MONTHLY PENSION BENEFIT AND MR. RICHARDSON'S WIFE SHALL RECEIVE $765.00 PER MONTH, AND

WHEREAS, THE RETIREMENT SYSTEM IS IN RECEIPT OF A DEFAULT JUDGMENT OF SEPARATE MAINTENANCE DATED NOVEMBER 24, 2010, WHICH PROVIDES THAT THE STATE OF MICHIGAN SHOULD RECEIVE $1,391.12 PER MONTH, MR. RICHARDSON'S WIFE SHALL RECEIVE $665.00 PER MONTH, MR. RICHARDSON SHALL RECEIVE $100.00 PER MONTH, AND MR. RICHARDSON SHALL RECEIVE THE BALANCE OF THE MONTHLY PENSION CHECK AMOUNT FOR HEALTHCARE, AND FURTHER PROVIDES THAT WHEN MR. RICHARDSON IS NO LONGER INCARCERATED, AND EDRO COURT ORDER (JOD ERRONEOUSLY SAYS QDRO) SHALL BE ENTERED PROVIDING MRS. RICHARDSON TO RECEIVE 50% OF MR. RICHARDSON'S PENSION BENEFIT, THEREFORE BE IT

RESOLVED, THAT THE RETIREMENT SYSTEM COMPLY WITH ALL TERMS OF THE NOVEMBER 24, 2010 JUDGMENT OF DIVORCE COURT ORDER, AND BE IT FURTHER

RESOLVED, THAT A COPY OF THIS RESOLUTION BE FORWARDED TO THE STATE OF MICHIGAN, ATTENTION: ATTORNEY GENERAL; BETTY JEAN RICHARDSON; AND DONALD C. RICHARDSON.

YEAS:    TRUSTEES ANTHONY, BROOKS, COOK, EDWARDS, JENKINS, JOHNSON, RIEHL AND CHAIRPERSON GLASER - 8

NAYS:    TRUSTEE CLARK - 1

GENERAL RETIREMENT SYSTEM
OF THE
CITY OF DETROIT

~ WOODWARD A~
DETROIT, MICH~
PHONE 313•224•~
TOLL FREE 800•339~
FAX 313•224•8522

July 18, 2011

APP.#5

Paula M. Zimmer, Esq.
Family Law Assistance Project
16130 Northland Drive
Southfield, MI 48075

Deborah Benedict Waldmeir, Esq.
Assistant Attorney General
Cadillac Place
3030 W. Grand Blvd. Suite 10-200
Detroit, Michigan 48202

Donald C. Richardson
Gus Harrison Correctional Facility
M.D.O.C. #719076
2727 East Beecher Street
Adrian, Michigan 49221

Mrs. Betty Jean Richardson
~~~~~~~~~~~~~~~~~~~~~~~~~~~

Dear Sirs/Madam:

## RE:  DONALD C. RICHARDSON – PENSION # ~~~~~~~

I CERTIFY that as Assistant Executive Secretary for the City of Detroit
General Retirement System the enclosed resolution was adopted on
*Wednesday, June 29, 2011*, by the Board of Trustees regarding the above
referenced matter.

If you have any questions or require additional information, please contact
Myron T. Terrell at (313) 224-3362, Ext.203.

Sincerely,

Board of Trustees
General Retirement System of the City of Detroit

_____
Myron T. Terrell, Assistant Executive Secretary

Terrell:Baldwin

Enclosure

RE:   DONALD C. RICHARDSON – PENSION ⬛⬛⬛

BY:   TRUSTEE BROOKS – SUPPORTED BY TRUSTEE COOK

WHEREAS, THE RETIREMENT SYSTEM IS IN RECEIPT OF AN ORDER TO RELEASE PENSION DATED JULY 28, 2010, PROVIDING THAT THE STATE OF MICHIGAN SHALL RECEIVE $1,391.12 OF THE MONTHLY PENSION BENEFIT AND MR. RICHARDSON'S WIFE SHALL RECEIVE $765.00 PER MONTH, AND

WHEREAS, THE RETIREMENT SYSTEM IS IN RECEIPT OF A DEFAULT JUDGMENT OF SEPARATE MAINTENANCE DATED NOVEMBER 24, 2010, WHICH PROVIDES THAT THE STATE OF MICHIGAN SHOULD RECEIVE $1,391.12 PER MONTH, MR. RICHARDSON'S WIFE SHALL RECEIVE $665.00 PER MONTH, MR. RICHARDSON SHALL RECEIVE $100.00 PER MONTH, AND MR. RICHARDSON SHALL RECEIVE THE BALANCE OF THE MONTHLY PENSION CHECK AMOUNT FOR HEALTHCARE, AND FURTHER PROVIDES THAT WHEN MR. RICHARDSON IS NO LONGER INCARCERATED, AND EDRO COURT ORDER (JOD ERRONEOUSLY SAYS QDRO) SHALL BE ENTERED PROVIDING MRS. RICHARDSON TO RECEIVE 50% OF MR. RICHARDSON'S PENSION BENEFIT, THEREFORE BE IT

RESOLVED, THAT THE RETIREMENT SYSTEM COMPLY WITH ALL TERMS OF THE NOVEMBER 24, 2010 JUDGMENT OF DIVORCE COURT ORDER, AND BE IT FURTHER

RESOLVED, THAT A COPY OF THIS RESOLUTION BE FORWARDED TO THE STATE OF MICHIGAN, ATTENTION:  ATTORNEY GENERAL; BETTY JEAN RICHARDSON; AND DONALD C. RICHARDSON.

YEAS:     TRUSTEES ANTHONY, BROOKS, COOK, EDWARDS, JENKINS, JOHNSON, RIEHL AND CHAIRPERSON GLASER - 8

NAYS:     TRUSTEE CLARK - 1

# PENSION STATEMENT





*General Retirement System ***
*of the City of Detroit*
*2 Woodward Ave Ste 908*
*Detroit, MI 48226-3455*

Page 001 of 001

| | |
|---|---|
| Period Beginning: | 11/01/2013 |
| Period Ending: | 11/30/2013 |
| Advice Date: | |
| Advice Number: | |
| Batch Number: | |



RICHARDSON, DONALD
PO BOX 27315
DETROIT MI 48227-0315

Tax Code Married 0 exemptions

Social Security No

| EARNINGS | RATE | ADJUSTMENT | CURRENT | YTD | DEDUCTIONS | DEDUCTION CODE | CURRENT | YTD |
|---|---|---|---|---|---|---|---|---|
| Pension | 2472.37 | 0.00 | 2472.37 | 29347.63 | Federal Income Tax | | 192.71 | 2273.16 |
| Annuity | 0.00 | 0.00 | 0.00 | 0.00 | Michigan Income Tax | | 34.24 | 397.23 |
| | | | | | Medical-BlueCare Net | CBADA200 | 349.36 | 4192.32 |
| | | | | | Death Benefit | 00040210 | 0.09 | 1.08 |
| | | | | | Dental-Golden Dental | 00050062 | 5.62 | 67.79 |
| | | | | | Vision-Heritage | 00040052 | 1.07 | 12.84 |
| | | | | | Alternate Payee | 00060400 | 1139.83 | 13537.20 — MICHIGAN |
| | | | | | Alternate Payee | 00060402 | 749.45 | 8866.01 — ONITZ |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Gross Pay | | 2472.37 | 29347.63 | Total Deductions | | 2472.37 | 29347.63 |
| | | | | Net Pay | | $0.00 | |

## IMPORTANT NOTES

As a result of recent dicussions between the City of Detroit and the Official Committee of Retirees of
Detroit, Michigan, appointed by the court in the Detroit bankruptcy case (Case No. 13-53846)
The Detroit Retired City Employees Association, Retired Detroit Police and Fire Fighters Association,
and AFSCME Sub-Chapter 98, City of Detroit, the City will extend existing health insurance benefits
for all retirees, spouses and dependents who are currently enrolled or become eligible to enroll
in coverage until (and including) February 28,2014.
For more information please contact (888) 288-2684 or (313) 224-6200

© 2002 Automatic Data Processing (PC/SUPO)™

VERIFY DOCUMENT AUTHENTICITY · COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

General Retirement System
of the City of Detroit
2 Woodward Ave Ste 908
Detroit, MI 48226-3455

Advice Date:       12/01/2013

| Deposited to the account of | Account Number | Transit ABA | Amount |
|---|---|---|---|
| RICHARDSON, DONALD | | | $0.00 |

THIS IS NOT A CHECK

# NON-NEGOTIABLE



# PENSION STATEMENT

**General Retirement System** *
of the City of Detroit
2 Woodward Ave Ste 908
Detroit, MI 48226-3455

**DGRS**

| | |
|---|---|
| Period Beginning: | 01/01/2014 |
| Period Ending: | 01/31/2014 |
| Advice Date: | 02/01/2014 |
| Advice Number: | |
| Batch Number: | |

APP.#9

Retirement Code ▒▒▒▒▒

RICHARDSON,DONALD
PO BOX 27315
DETROIT MI 48227-0315

Tax Code Married ❷ exemptions
Pension No
Social Security No XXX-XX-▒▒▒

| EARNINGS | RATE | ADJUSTMENT | CURRENT | YTD | DEDUCTIONS | DEDUCTION CODE | CURRENT | YTD |
|---|---|---|---|---|---|---|---|---|
| Pension | 2472.37 | 0.00 | 2472.37 | 4944.74 | Federal Income Tax | | 189.61 | 382.32 |
| Annuity | 0.00 | 0.00 | 0.00 | 0.00 | Michigan Income Tax | | 34.24 | 68.48 |
| | | | | | Medical-BlueCare Net | CBADA200 | 349.36 | 698.72 |
| | | | | | Death Benefit | 00040210 | 0.09 | 0.18 |
| | | | | | Dental-Golden Dental | 00050062 | 5.62 | 11.24 |
| | | | | | Vision-Heritage | 00040052 | 1.07 | 2.14 |
| | | | | | Alternate Payee | 00060400 | 1141.38 | 2281.21 — MICHIGAN |
| | | | | | Alternate Payee | 00060402 | 751.00 | 1500.45 — WIFE |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Gross Pay | | 2472.37 | 4944.74 | Total Deductions | | 2472.37 | 4944.74 |
| | | | | Net Pay | | $0.00 — | MEll |

IMPORTANT NOTES

— 
— 
— 
=

© 2002 Automatic Data Processing (PCS) V

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTT

**General Retirement System**
of the City of Detroit
2 Woodward Ave Ste 908
Detroit, MI 48226-3455

**DGRS**

Advice Number: ▒▒▒▒▒

Advice Date: 02/01/2014

THIS IS NOT A CHECK

Deposited to the account of
RICHARDSON,DONALD

Account Number    Transit-ABA    Amoun
$0.00

**NON-NEGOTIABLE**

# PENSION STATEMENT





General Retirement System *
of the City of Detroit
2 Woodward Ave Ste 908
Detroit, MI 48226-3455

**DGRS**

| | |
|---|---|
| Period Beginning: | 10/01/2013 |
| Period Ending: | 10/31/2013 |
| Advice Date: | APP.#9 |
| Advice Number: | |
| Batch Number: | |



Tax Code Married exemptions

RICHARDSON, DONALD
PO BOX 27315
DETROIT MI 48227-0315

| EARNINGS | RATE | ADJUSTMENT | CURRENT | YTD | DEDUCTIONS | DEDUCTION CODE | CURRENT | YTD | |
|---|---|---|---|---|---|---|---|---|---|
| Pension | 2472.37 | 0.00 | 2472.37 | 26875.26 | Federal Income Tax | | 192.71 | 2080.45 | |
| Annuity | 0.00 | 0.00 | 0.00 | 0.00 | Michigan Income Tax | | 34.24 | 362.99 | |
| | | | | | Medical-BlueCare Net | CBADA200 | 349.36 | 3842.96 | |
| | | | | | Death Benefit | 00040210 | 0.09 | 0.99 | |
| | | | | | Dental-Golden Dental | 00050062 | 5.62 | 62.17 | |
| | | | | | Vision-Heritage | 00040052 | 1.07 | 11.77 | |
| | | | | | Alternate Payee | 00060400 | 1139.83 | 12397.37 | -MICHIGAN |
| | | | | | Alternate Payee | 00060402 | 749.45 | 8116.56 | -WIFE |

| | | | | |
|---|---|---|---|---|
| Gross Pay | 2472.37 | 26875.26 | Total Deductions | 2472.37   26875.26 |
| | | | Net Pay | $0.00   — Me!! |

**IMPORTANT NOTES**
2014 Health Care Open Enrollment
The medical, dental and vision open enrollment period will begain November 1,
and November 20, 2013. In connection with the upcoming charges, contact
Benefits Express hotline at 1-855-224-6200 for further instructions.

---

VERIFY DOCUMENT AUTHENTICITY. COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTO

© 2002 Automatic Data Processing (PCBUV0)



General Retirement System
of the City of Detroit
2 Woodward Ave Ste 908
Detroit, MI 48226-3455

**DGRS**

Advice Number:

Advice Date:

**Deposited to the account of**
RICHARDSON, DONALD                                   $0.00

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

# PENSION STATEMENT

APP #9



*General Retirement System ***
*of the City of Detroit*
*2 Woodward Ave Ste 908*
*Detroit, MI 48226-3455*

**DGRS**

Page 001 of 001
Period Beginning: 11/01/2013
Period Ending: 11/30/2013
Advice Date:
Advice Number:
Batch Number:



RICHARDSON, DONALD
PO BOX 27315
DETROIT MI 48227-0315

Tax Code Married 0 exemptions

Social Security No

| EARNINGS | RATE | ADJUSTMENT | CURRENT | YTD | DEDUCTIONS | DEDUCTION CODE | CURRENT | YTD |
|---|---|---|---|---|---|---|---|---|
| Pension | 2472.37 | 0.00 | 2472.37 | 29347.63 | Federal Income Tax | | 192.71 | 2273.16 |
| Annuity | 0.00 | 0.00 | 0.00 | 0.00 | Michigan Income Tax | | 34.24 | 397.23 |
| | | | | | Medical-BlueCare Net | CBADA200 | 349.36 | 4192.32 |
| | | | | | Death Benefit | 00040210 | 0.09 | 1.08 |
| | | | | | Dental-Golden Dental | 00050062 | 5.62 | 67.79 |
| | | | | | Vision-Heritage | 00040052 | 1.07 | 12.84 |
| | | | | | Alternate Payee | 00060400 | 1139.83 | 13537.20 ← MICHGAN |
| | | | | | Alternate Payee | 00060402 | 749.45 | 8866.01 ← WIFE |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Gross Pay | | 2472.37 | 29347.63 | Total Deductions | | 2472.37 | 29347.63 |
| | | | | Net Pay | | $0.00 | MC |

**IMPORTANT NOTES**

As a result of recent dicussions between the City of Detroit and the Official Committee of Retirees of
Detroit, Michigan, appointed by the court in the Detroit bankruptcy case (Case No. 13-53846)
The Detroit Retired City Employees Association, Retired Detroit Police and Fire Fighters Association,
and AFSCME Sub-Chapter 98, City of Detroit, the City will extend existing health insurance benefits
for all retirees, spouses and dependents who are currently enrolled or become eligible to enroll
in coverage until (and including) February 28,2014.
For more information please contact (888) 288-2684 or (313) 224-6200

© 1996, 2006, ADP, Inc. All Rights Reserved

▼ TEAR HERE



© 2002 Automatic Data Processing (PCSL/WO)

**General Retirement System**
**of the City of Detroit**
2 Woodward Ave Ste 908
Detroit, MI 48226-3455

**DGRS**

Advice Date:    12/01/2013

| Deposited to the account of | Account Number | Transit-ABA | Amount |
|---|---|---|---|
| RICHARDSON, DONALD | | | $0.00 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**



# PENSION STATEMENT

**General Retirement System ***
of the City of Detroit
2 Woodward Ave Ste 908
Detroit, MI 48226-3455

**DGRS**

Page 001 of 001
Period Beginning: 01/01/2014
Period Ending: 01/31/2014
Advice Date: 02/01/2014
Advice Number:
Batch Number:

APP #9

Retirement Code

RICHARDSON, DONALD
PO BOX 27315
DETROIT MI 48227-0315

Tax Code Married 0 exemptions
Pension No
Social Security No XXX-XX-

| EARNINGS | RATE | ADJUSTMENT | CURRENT | YTD | DEDUCTIONS | DEDUCTION CODE | CURRENT | YTD |
|---|---|---|---|---|---|---|---|---|
| Pension | 2472.37 | 0.00 | 2472.37 | 4944.74 | Federal Income Tax | | 189.61 | 382.32 |
| Annuity | 0.00 | 0.00 | 0.00 | 0.00 | Michigan Income Tax | | 34.24 | 68.48 |
| | | | | | Medical-BlueCare Net | CBADA200 | 349.36 | 698.72 |
| | | | | | Death Benefit | 00040210 | 0.09 | 0.18 |
| | | | | | Dental-Golden Dental | 00050062 | 5.62 | 11.24 |
| | | | | | Vision-Heritage | 00040052 | 1.07 | 2.14 |
| | | | | | Alternate Payee | 00060400 | 1141.38 | 2281.21 — MICHIGAN |
| | | | | | Alternate Payee | 00060402 | 751.00 | 1500.45 — WIFE |

Gross Pay  2472.37  4944.74  Total Deductions  2472.37  4944.74
Net Pay  $0.00  NC!!

IMPORTANT NOTES

© 2003 Automatic Data Processing (PC3 U/93)

VERIFY DOCUMENT AUTHENTICITY · COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTO



General Retirement System
of the City of Detroit
2 Woodward Ave Ste 908
Detroit, MI 48226-3455

**DGRS**

Advice Number:

Advice Date: 02/01/2014

Deposited to the account of
RICHARDSON, DONALD

Account Number  Transit-ABA  Amount
$0.00

THIS IS NOT A CHECK

**NON-NEGOTIABLE**



# PENSION STATEMENT



General Retirement System *
of the City of Detroit
2 Woodward Ave Ste 908
Detroit, MI  48226-3455

| Period Beginning: | 10/01/2013 |
| Period Ending: | 10/31/2013 |
| Advice Date: | |
| Advice Number: | |
| Batch Number: | |



APP #9



Tax Code Married 8 exemptions

RICHARDSON, DONALD
PO BOX  27315
DETROIT  MI  48227-0315

| EARNINGS | RATE | ADJUSTMENT | CURRENT | YTD | DEDUCTIONS | DEDUCTION CODE | CURRENT | YTD |
|---|---|---|---|---|---|---|---|---|
| Pension | 2472.37 | 0.00 | 2472.37 | 26875.26 | Federal Income Tax | | 192.71 | 2080.45 |
| Annuity | 0.00 | 0.00 | 0.00 | 0.00 | Michigan Income Tax | | 34.24 | 362.99 |
| | | | | | Medical-BlueCare Net | CBADA200 | 349.36 | 3842.96 |
| | | | | | Death Benefit | 00040210 | 0.09 | 0.99 |
| | | | | | Dental-Golden Dental | 00050062 | 5.62 | 62.17 |
| | | | | | Vision-Heritage | 00040052 | 1.07 | 11.77 |
| | | | | | Alternate Payee | 00060400 | 1139.83 | 12397.37 — MICHIGAN |
| | | | | | Alternate Payee | 00060402 | 749.45 | 8116.56 — WIFE |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Gross Pay | | 2472.37 | 26875.26 | Total Deductions | | 2472.37 | 26875.26 |
| | | | | Net Pay | | $0.00 | Mee!! |



IMPORTANT NOTES
2013 Health Care Open Enrollment
The medical, dental and vision open enrollment period will begain November 1,
and November 20, 2013. In connection with the upcoming charges, contact
Benefits Express hotline at 1-855-224-6200 for further instructions.

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

© 2004 Automatic Data Processing (PCS/IVCC)

General Retirement System
of the City of Detroit
2 Woodward Ave Ste 908
Detroit, MI  48226-3455

Advice Number:

Advice Date:

Deposited to the account of
RICHARDSON, DONALD

$0.00

THIS IS NOT A CHECK

# NON-NEGOTIABLE

**DAIMLERCHRYSLER CORPORATION and DAIMLERCHRYSLER-UAW PENSION AGREEMENT, Plaintiffs-Appellees, v. MIKE COX, Attorney General of the State of Michigan, and JAY B. RISING, Treasurer of the State of Michigan, Defendants-Appellants.**

No. 05-1716

**UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

06a0175p.06; 447 F.3d 967; 2006 U.S. App. LEXIS 12599; 2006 FED App. 0175P (6th Cir.); 37 Employee Benefits Cas. (BNA) 2429

April 27, 2006, Argued
May 23, 2006, Decided
May 23, 2006, Filed

**SUBSEQUENT HISTORY:** Later proceeding at Cox v. DaimlerChrysler Corp., 127 S. Ct. 548, 166 L. Ed. 2d 364, 2006 U.S. LEXIS 8020 (U.S., 2006)
US Supreme Court certiorari denied by Cox v. DaimlerChrysler Corp., 2007 U.S. LEXIS 7733 (U.S., June 18, 2007)

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendants, the Attorney General and the Treasurer of the State of Michigan, sought review of a declaratory judgment from the United States District Court for the Eastern District of Michigan at Detroit entered in favor of plaintiff, a corporation as fiduciary of its pension plan, in its action seeking to void state court orders issued pursuant to the State Correctional Facility Reimbursement Act (SCFRA), Mich. Comp. Laws ß 800.401 et seq.

**OVERVIEW:** The State utilized SCFRA in conjunction with other Michigan laws and with Michigan Department of Corrections prison directives to recover a prisoner's benefits held by a private pension plan. Wardens were required to notify pension plans to send the prisoner's benefit payments to the institutional address of that prisoner. When a pension payment was received at the prison, it was deposited into the prisoner's institutional account. SCFRA then allowed the warden to garnish up to 90 percent of each deposit to reimburse the State for the costs of caring for the prisoner. The corporation refused to comply with three notices and instead followed the plan's terms for sending payments to prisoners according to the mailing address given by the prisoner. The court affirmed the district court's holding that the SCFRA orders and notices were void to the extent that they directed the corporation to send benefits to an address not designated by a plan beneficiary. The court held that SCFRA as applied was preempted by the Employee Retirement Income Security Act, 29 U.S.C.S. ßß 1001-1461, because it effectuated an assignment or alienation in violation of 29 U.S.C.S. ß 1056(d)(1).

**OUTCOME:** The court affirmed the judgment.

**CORE TERMS:** prisoner, pension plans, notice, anti-alienation, warden, benefit payments, alienation, present case, beneficiary, pension benefits, preempted, state officials, reimbursement, notify, prison, pension, enforceable, designated, directive, inform, void, attorney general, invalidated, disbursed, correctional facility, state law, declaratory action, preemption provision, declaratory, state-court

**LexisNexis(R) Headnotes**

*Criminal Law & Procedure > Postconviction Proceedings > General Overview*

Page 10

447 F.3d 967, *; 2006 U.S. App. LEXIS 12599, **;
2006 FED App. 0175P (6th Cir.), ***; 37 Employee Benefits Cas. (BNA) 2429

[HN1] Under Michigan's State Correctional Facility Reimbursement Act, Mich. Comp. Laws ß 800.401 et seq., the attorney general may seek reimbursement for expenses incurred during a prisoner's incarceration by filing a complaint against the prisoner in the state trial court. Mich. Comp. Laws ß 800.404(1). The court, after considering any legal or moral obligations of the prisoner to support any dependents, may order the prisoner to reimburse the state for the costs of incarceration in an amount up to 90 percent of the prisoner's assets. Mich. Comp. Laws ß 800.403(3). A prisoner's assets include his pension benefits. Mich. Comp. Laws ß 800.401a(a).

*Criminal Law & Procedure > Postconviction Proceedings > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Participation & Vesting > Alienation & Assignment of Benefits*
[HN2] Michigan's State Correctional Facility Reimbursement Act (SCFRA), Mich. Comp. Laws ß 800.401 et seq., provides mechanisms for ensuring that a prisoner's assets are used to reimburse the state. Pursuant to Mich. Comp. Laws ß 800.404(3), the state court may order any person, corporation, or entity having custody of a prisoner's assets to appropriate and apply the assets or a portion thereof toward reimbursing the state. But this specific provision of SCFRA is not applicable where a prisoner's assets are held by a private pension plan. Application of Mich. Comp. Laws ß 800.404(3) in those cases would violate the anti-alienation provision of the Employee Retirement Income Security Act, 29 U.S.C.S. ßß 1001-1461, which states that each plan must provide that benefits provided under the plan may not be assigned or alienated. 29 U.S.C.S. ß 1056(d)(1). Instead, in order to recover a prisoner's benefits held by a private pension plan, the state utilizes SCFRA in conjunction with other Michigan laws and with Michigan Department of Corrections prison directives.

*Criminal Law & Procedure > Postconviction Proceedings > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Participation & Vesting > Alienation & Assignment of Benefits*
[HN3] Under Michigan's State Correctional Facility Reimbursement Act, Mich. Comp. Laws ß 800.401 et seq., the attorney general first pursues a judgment against the prisoner and is awarded a percentage of the prisoner's pension payments. Mich. Comp. Laws ßß 800.403(3) , 800.404. The court then orders the prisoner to inform his or her pension plan that any benefit payments should be sent to the institutional address. If the prisoner refuses to comply, the warden of the prisoner's institution must send a copy of the order to the pension plan. The order serves to notify the pension plan of the prisoner's institutional address. Once payments are received at the prison, they are automatically deposited into the prisoner's institutional account.

*Civil Procedure > Declaratory Judgment Actions > Federal Judgments > Appellate Review*
*Civil Procedure > Appeals > Standards of Review > De Novo Review*
[HN4] The appellate court reviews de novo the district court's decision to grant a motion for declaratory judgment.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Federal Preemption > General Overview*
*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Judicial Review > Standards of Review > De Novo Review*
[HN5] Whether the Employee Retirement Income Security Act, 29 U.S.C.S. ßß 1001-1461, preempts a state law is a question of law and is therefore reviewed de novo.

*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Estoppel > Collateral Estoppel*
*Civil Procedure > Judgments > Preclusion & Effect of Judgments > Res Judicata*
[HN6] The doctrines of res judicata and collateral estoppel prevent parties from relitigating issues that they had a full and fair opportunity to litigate in another forum.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Participation & Vesting > Alienation & Assignment of Benefits*
[HN7] The anti-alienation provision of the Employee Retirement Income Security Act, 29 U.S.C.S. ßß 1001-1461, reflects a policy choice on the part of Congress to safeguard a stream of income for pensioners (and their dependents, who may be, and perhaps usually are, blameless), even if that decision prevents others from securing relief for the wrongs done them. To that end, the anti-alienation provision requires that every pension plan include a prohibition on assigning or alienating benefits provided under the plan. 29 U.S.C.S. ß 1056(d)(1). The Treasury Regulations, which interpret this

Page 11

447 F.3d 967, *; 2006 U.S. App. LEXIS 12599, **;
2006 FED App. 0175P (6th Cir.), ***; 37 Employee Benefits Cas. (BNA) 2429

provision and are entitled to deference under Chevron, define the terms "assignment" and "alienation" as including any direct or indirect arrangement (whether revocable or irrevocable) whereby a party acquires from a participant or beneficiary a right or interest enforceable against the plan in, or to, all or any part of a plan benefit payment which is, or may become, payable to the participant or beneficiary. 26 C.F.R. ß 1.401(a)-13(c)(1).

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Participation & Vesting > Alienation & Assignment of Benefits*

[HN8] In interpreting the anti-alienation provision of the Employee Retirement Income Security Act (ERISA), 29 U.S.C.S. ßß 1001-1461, and its corresponding regulations, the courts have vigorously enforced ERISA's prohibition on the assignment or alienation of pension benefits, declining to recognize any implied exceptions to the broad statutory bar. Federal courts have thus barred state-court decisions and state laws that result in an assignment of a participant's right to his or her benefits.

*Pensions & Benefits Law > Employee Retirement Income Security Act (ERISA) > Participation & Vesting > Alienation & Assignment of Benefits*

[HN9] The United States Court of Appeals for the Sixth Circuit, along with a majority of the other circuits, has held that once benefit payments have been disbursed to a beneficiary, creditors may encumber the proceeds. As the United States Court of Appeals for the Second Circuit has explained, the requirement that pension plans contain a provision against assignment or alienation of benefits does not read comfortably as a prohibition against creditors reaching pension benefits once they have left the hands of the administrator. The legislative history of the anti-alienation provision of the Employee Retirement Income Security Act (ERISA), 29 U.S.C.S. ßß 1001-1461, obligates a plan to protect benefits from alienation at least up to the point of payment. Sixth Circuit precedent thus stands for the proposition that once a pension plan has sent benefit payments to a beneficiary and relinquished control of those payments, the attachment of those funds by a creditor does not constitute an alienation.

**COUNSEL:** ARGUED: Victoria A. Reardon, STATE OF MICHIGAN, DEPARTMENT OF THE ATTORNEY GENERAL, Detroit, Michigan, for Appellants. Edward C. Hammond, CLARK HILL, Birmingham, Michigan, for Appellees.

ON BRIEF: Victoria A. Reardon, Daniel M. Levy, STATE OF MICHIGAN, DEPARTMENT OF THE ATTORNEY GENERAL, Detroit, Michigan, for Appellants. Edward C. Hammond, Florence M. Vincent, CLARK HILL, Birmingham, Michigan, Stephanie J. Clifford, CLARK HILL, Detroit, Michigan, for Appellees.

**JUDGES:** Before: SUHRHEINRICH, GILMAN, and ROGERS, Circuit Judges.

**OPINION BY:** RONALD LEE GILMAN

**OPINION**

[*968] [***1] RONALD LEE GILMAN, Circuit Judge. This is a case of first impression in this circuit, involving the question of whether Michigan's State Correctional Facility Reimbursement Act (SCFRA), in conjunction with other Michigan laws and with directives from the Michigan Department of Corrections (MDOC), runs afoul of the federal Employee Retirement Income Security Act (ERISA) in cases where prisoners refuse to inform their pension plans of a change of address. The combined effect [**2] of the Michigan laws requires wardens to notify pension plans that they should send the prisoner's benefit payments to the institutional address of that prisoner. When [***2] a pension payment is received at the prison, it is deposited into the prisoner's institutional account. SCFRA then allows the warden to garnish up to 90% of each deposit to reimburse the state of Michigan for the costs of caring for the prisoner.

In this case, the DaimlerChrysler Corporation, as the fiduciary of its pension plan, brought a declaratory action to void state-court orders and notices, issued pursuant to SCFRA, that informed DaimlerChrysler that it should send benefit payments to the prisoners' institutional addresses. The district court invalidated the orders and notices as violations of ERISA's anti-alienation provision, but only to the extent that DaimlerChrysler is required to "send or make payments of [*969] Pension Plan benefits to any address or account other than as designated by the Participants of the Pension Plan, under Pension Plan terms." For the reasons set forth below, we **AFFIRM** the judgment of the district court.

**I. BACKGROUND**

Page 12

447 F.3d 967, *; 2006 U.S. App. LEXIS 12599, **;
2006 FED App. 0175P (6th Cir.), ***; 37 Employee Benefits Cas. (BNA) 2429

## A. Michigan's reimbursement laws

In Michigan, [**3] inmates are permitted to receive mail only at the correctional facility where they are incarcerated. A directive issued by the MDOC also prohibits prisoners from possessing accounts at financial institutions, so prisoners must keep all of their assets in their institutional accounts. Dept. of Corrections Policy Directive No. 04.02.105. Funds credited to a prisoner's account may be used only in accordance with this directive. *Id.*

Michigan enacted SCFRA to reimburse the state for the costs of detaining and providing for its prisoners. [HN1] Under SCFRA, the attorney general may seek reimbursement for expenses incurred during a prisoner's incarceration by filing a complaint against the prisoner in the state trial court. Mich. Comp. Laws ß 800.404(1). The court, after considering any legal or moral obligations of the prisoner to support any dependents, may order the prisoner to reimburse the state for the costs of incarceration in an amount up to 90% of the prisoner's assets. Mich. Comp. Laws ß 800.403(3). A prisoner's assets include his pension benefits. Mich. Comp. Laws ß 800.401a(a).

[HN2] SCFRA also provides [**4] mechanisms for ensuring that a prisoner's assets are used to reimburse the state. Pursuant to ß 800.404(3) of the Michigan Compiled Laws, the state court may order any person, corporation, or entity having custody of a prisoner's assets to "appropriate and apply the assets or a portion thereof toward reimbursing the state." But this specific provision of SCFRA is not applicable where, as in the present case, a prisoner's assets are held by a private pension plan. Application of ß 800.404(3) in those cases would violate ERISA's anti-alienation provision, which states that each plan must "provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. ß 1056(d)(1). Instead, in order to recover a prisoner's benefits held by a private pension plan, the state utilizes SCFRA in conjunction with other Michigan laws and with MDOC's prison directives. This combination of laws and directives is at issue in the present case.

[HN3] Under SCFRA, the attorney general first pursues a judgment against the prisoner and is awarded a percentage of the prisoner's pension payments. *See* Mich. Comp. Laws ßß 800.403(3) [**5] , 800.404. The court then orders the prisoner to inform his or her pension plan that any benefit payments should be sent to the institutional address. If the prisoner refuses to comply, the warden of the prisoner's institution must send a copy of the order to the pension plan. The order serves to notify the pension plan of the prisoner's institutional address. Once payments are received in the prison, they are automatically deposited into the prisoner's institutional account.

## [***3] B. Orders and notices at issue

In the present case, four Michigan prisoners--Gerald Cotter, Alvin Jenkins, Jessy Matthews, and Harold Swanson--are receiving benefit payments from the DaimlerChrysler Corporation-UAW Pension Agreement (Pension Plan). After Jay B. Rising, the state treasurer, filed actions against the prisoners for reimbursement pursuant to SCFRA, the prisoners were each ordered by the court to notify DaimlerChrysler that their pension benefit payments should be mailed to them at their new institutional address. Each order [*970] then stated, in slightly modified form, the following:

> If the Defendant [prisoner] shall fail or refuse to notify DaimlerChrysler Corporation of [**6] his current legal prison address, or . . . . any future prison address, the warden or his representative of the correctional facility where [the prisoner] is confined shall serve a copy of this Order, along with certification of the address of the correctional facility . . . upon the DaimlerChrysler Corporation, and this shall serve as notification to DaimlerChrysler Corporation of [the prisoner's] legal address where [the prisoner] is to receive his pension benefits.

The orders then require the warden to make monthly distributions to the state of Michigan in the amount of 90% of any monies deposited into the prisoner's account.

Three of the prisoners--Jenkins, Matthews, and Swanson-did not comply with the court orders requiring them to inform DaimlerChrysler to send their benefit payments to their prison addresses. The fourth prisoner, Cotter, was the only DaimlerChrysler beneficiary who gave DaimlerChrysler this requisite notification. Mike Cox, the Michigan Attorney General, therefore sent DaimlerChrysler three notices pursuant to the respective court orders for the three noncomplying prisoners, informing DaimlerChrysler where "future benefit checks should be mailed. [**7] " The "Warden's Notice of Alvin Jenkins's Legal Address Pursuant to Final Court Order of May 28, 2004," for example, reads as follows:

> Alvin Jenkins has refused to sign the certification of his legal address as required by the [attached] Court's order.
>
> Therefore, according to the Order, I am notifying you that Alvin Jenkins's legal address is:
>
> Alvin Jenkins, # 440746

Page 13

447 F.3d 967, *; 2006 U.S. App. LEXIS 12599, **;
2006 FED App. 0175P (6th Cir.), ***; 37 Employee Benefits Cas. (BNA) 2429

Parnall Correctional Facility

1780 E. Parnall

Jackson, MI 48201

Please make his monthly pension benefit checks payable to Alvin Jenkins and mail them to him at his above legal address. If Alvin Jenkins moves to another prison facility, I will notify you of his new address for purposes of receiving his pension benefit checks according to the Court Order.

The three notices were signed by the warden of each prisoner's correctional institution.

DaimlerChrysler did not comply with the three notices received from the Michigan Attorney General, but instead followed the plan's terms and specifications for sending payments to the prisoners according to the mailing address each prisoner had given DaimlerChrysler in accordance with plan documents. It did, however, change Cotter's address pursuant to [**8] his direct request.

[***4] C. Proceedings below

In September of 2004, DaimlerChrysler brought a declaratory action against Attorney General Cox and State Treasurer Rising, seeking a determination that (1) state officials are precluded from enforcing the orders against the prisoners to the extent that they contravene ERISA or the Pension Plan, and (2) the orders, requests for reimbursement, and the notices issued pursuant to SCFRA are void to the extent that they compel the prisoner, or require the warden, to direct DaimlerChrysler to make payments to an account that is not voluntarily designated by the prisoner.

DaimlerChrysler argued that SCFRA is preempted by ERISA because SCFRA conflicts with several provisions in the Pension Plan. First, as mandated by ERISA, the Pension Plan provides that [*971] "[a]ny attempt to alienate, sell, transfer, assign, pledge, or otherwise encumber [benefits payable under the Pension Plan], whether presently or thereafter payable, shall be void." Pension Plan ß 14. The Pension Plan further states that benefits cannot "devolve upon anyone else." *Id.* DaimlerChrysler also pointed to language from the Pension Plan and the Summary Plan [**9] Description (SPD) regarding address changes. In particular, the SPD provides that if a participant's address changes, he "should notify Benefit Express at 1-800-409-3300 . . . ." A confidential PIN is also required to access DaimlerChrysler's Benefit Express phone system.

The state officials then filed for summary judgment, arguing that the orders and notices issued pursuant to SCFRA violate neither ERISA's anti-alienation provision nor the corresponding anti-alienation language in the Pension Plan. They further argued that SCFRA, and its methods of securing a prisoner's change of address, impose only an incidental burden on the Pension Plan and is therefore not preempted by ERISA's general preemption provision.

After a hearing in May of 2005, the district court granted DaimlerChrysler's request for declaratory relief. The court held that the orders notifying DaimlerChrysler of the change in address, and the notices themselves, are preempted by ERISA's anti-alienation provision based on an earlier district court decision in *Roberts v. Baugh*, 986 F. Supp. 1074 (E.D. Mich. 1997). Because the court found that these orders and notices did not "burden" the Pension Plan, [**10] however, the court declined to hold that they were also preempted by ERISA's *general* preemption provision.

Although DaimlerChrysler originally sought to void all of the orders, including the order requiring Cotter to inform DaimlerChrysler of his address change, it limited its position after the district court's judgment. DaimlerChrysler now claims that the orders and notices are void only to the extent that they require the warden to inform DaimlerChrysler that it should change the addresses of the three noncomplying prisoners. The district court therefore entered an amended declaratory judgment, pursuant to a stipulation by DaimlerChrysler, holding that the orders, notices, and state treasurer's requests for reimbursement under SCFRA are preempted by ERISA, but only to the extent that DaimlerChrysler is directed to "send or make payments of Pension Plan benefits to any address or account other than as designated by the Participants of the Pension Plan, under Pension Plan terms." Any future actions by the state of Michigan for reimbursement under SCFRA were also invalidated to the extent that they directed DaimlerChrysler to send payments to an account not personally designated [**11] by a plan beneficiary in the Pension Plan. The state officials timely appealed the amended declaratory judgment that invalidated the warden's notices to Jenkins, Matthews, and Swanson.

[***5] II. ANALYSIS

A. Standard of review

Page 14

447 F.3d 967, *; 2006 U.S. App. LEXIS 12599, **;
2006 FED App. 0175P (6th Cir.), ***; 37 Employee Benefits Cas. (BNA) 2429

[HN4] This court reviews de novo the district court's decision to grant a motion for declaratory judgment. *Kelley v. E.I. DuPont de Nemours & Co.*, 17 F.3d 836, 844 (6th Cir. 1994). [HN5] Whether ERISA preempts a state law is a question of law and is therefore also reviewed de novo. *Ramsey v. Formica Corp.*, 398 F.3d 421, 424 (6th Cir. 2005).

## B. ERISA's preemption framework

ERISA, 29 U.S.C. ßß 1001-1461, is a "comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, [*972] 90, 103 S. Ct. 2890, 77 L. Ed. 2d 490 (1983). The statute does not require employers to provide any particular benefits to their employees, but sets forth uniform, federal standards that control their administration. *Id.* at 91. The Supreme Court has frequently reviewed cases involving [**12] ERISA's preemption of state laws due to the "comprehensive nature" of ERISA, "the centrality of pension and welfare plans in the national economy, and their importance to the financial security of the Nation's work force." *Boggs v. Boggs*, 520 U.S. 833, 839, 117 S. Ct. 1754, 138 L. Ed. 2d 45 (1997).

In the present case, DaimlerChrysler argues that SCFRA is preempted by ERISA in two distinct ways. First, ERISA contains an anti-alienation provision that requires each pension plan to

"provide that benefits provided under the plan may not be assigned or alienated." 29 U.S.C. ß 1056(d)(1). The Pension Plan, pursuant to this provision, prohibits any alienation, transfer, sale, or other encumbrance of plan benefits. Pension Plan ß 14. If SCFRA effectuates an assignment or alienation in violation of 29 U.S.C. ß 1056(d)(1), then ERISA pre-empts its application. *See Branco v. UFCW-N. Cal. Employers Joint Pension Plan*, 279 F.3d 1154, 1160 (9th Cir. 2002) (holding that the language of the court order that was before it "conflicts with ERISA's anti-alienation provision and is therefore pre-empted"). The other ERISA provision relied [**13] on by DaimlerChrysler is found at 29 U.S.C. ß 1144(a), which invalidates "any and all state laws insofar as they may now or hereafter relate to any employee benefit plan."

## C. The parties' prior litigation

Before reaching either of its preemption arguments, however, DaimlerChrysler contends that prior litigation between the parties in the case of *Roberts v. Baugh*, 986 F. Supp. 1074 (E.D. Mich 1997), controls the outcome here based on the doctrines of res judicata, collateral estoppel, and stare decisis. [HN6] The doctrines of res judicata and collateral estoppel prevent parties from relitigating issues that they had a full and fair opportunity to litigate in another forum. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 467, 102 S. Ct. 1883, 72 L. Ed. 2d 262 (1982) (barring a plaintiff's claims under Title VII in federal court because the state-court proceedings had provided a full and fair opportunity to litigate those claims). DaimlerChrysler argues that after the *Baugh* decision, which involved the "same parties" and the "same issues present in this case," DaimlerChrysler "should not have been forced to seek relief in this action or [**14] any other action where the [state officials] seek to circumvent *Baugh's* holding." (Appellee's Br. at 18-19) (emphasis omitted).

We respectfully disagree. The district court in *Baugh* confronted different provisions of SCFRA that allow the state to appoint the Pension Plan as a receiver to control the prisoner's assets and ultimately transfer them to the state. 986 F. Supp. at 1075. In provisions that are inapplicable to the present case, SCFRA gives the state the power to appoint a receiver "to protect and maintain assets pending resolution of an action" under SCFRA. Mich. Comp. Laws ß 800.404a(2). As a further distinction between *Baugh* and the present case, the state officials in *Baugh* sought an order directly compelling DaimlerChrysler to send a prisoner's pension benefits to his institutional account [***6] pursuant to provisions of SFCRA that the state now concedes are preempted by ERISA in cases involving private pension plans. 986 F. Supp. at 1076.

The present case, in contrast, concerns provisions of SCFRA that order the warden to notify a pension plan of a prisoner's new address. DaimlerChrysler is [**15] therefore [*973] not being directly compelled by a state-court order to change participants' addresses, but instead is being informed by the wardens that it should do so. Because *Baugh* concerned provisions of SCFRA inapplicable to the present case, the state did not-and was not required to-litigate the issues involved in the present case. We therefore hold that the doctrines of res judicata and collateral estoppel do not bar the state from opposing DaimlerChrysler's declaratory action. Although the district court in this case adopted, in large part, the reasoning of *Baugh*, it understood that it was in not bound by that decision.

DaimlerChrysler also argues that the doctrine of stare decisis required the district court to follow *Baugh*. This contention is without merit for the same reasons stated above.

Page 15

447 F.3d 967, *; 2006 U.S. App. LEXIS 12599, **;
2006 FED App. 0175P (6th Cir.), ***; 37 Employee Benefits Cas. (BNA) 2429

## D. ERISA's anti-alienation provision

DaimlerChrysler's next argument, and the one that ultimately persuaded the district court, is that the orders and notices requiring the warden to direct DaimlerChrysler to send benefit payments to a prisoner's institutional address violates ERISA's anti-alienation provision. The SCFRA scheme, DaimlerChrysler asserts, accomplishes [**16] an involuntary transfer of benefits into the hands of a state representative without the permission of the plan participant, in contravention of both ERISA's anti-alienation provision and DaimlerChrysler's corresponding Pension Plan terms.

[HN7] ERISA's anti-alienation provision reflects a policy choice on the part of Congress "to safeguard a stream of income for pensioners (and their dependents, who may be, and perhaps usually are, blameless), even if that decision prevents others from securing relief for the wrongs done them." *Patterson v. Shumate*, 504 U.S. 753, 765, 112 S. Ct. 2242, 119 L. Ed. 2d 519 (1992) (citations and quotation marks omitted). To that end, the anti-alienation provision requires that every pension plan include a prohibition on assigning or alienating benefits provided under the plan. 29 U.S.C. ß 1056(d)(1). The Treasury Regulations, which interpret this provision and are entitled to deference under *Chevron U.S.A. Inc. v. NRDC*, 467 U.S. 837, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984), define the terms "assignment" and "alienation" as including

> any direct or indirect arrangement (whether revocable or irrevocable) [**17] whereby a party acquires from a participant or beneficiary a right or interest enforceable against the plan in, or to, all or any part of a plan benefit payment which is, or may become, payable to the participant or beneficiary.

26 C.F.R. 1.401(a)-13(c)(1).

[HN8] In interpreting ERISA's anti-alienation provision and its corresponding regulations, the courts have "vigorously . . . enforced ERISA's prohibition on the assignment or alienation of pension benefits, declining to recognize any implied exceptions to the broad statutory bar." *Patterson*, 504 U.S. at 760. Federal courts have thus barred state-court decisions and state laws that result in an assignment of a participant's right to his or her benefits. *See, e.g., id.* (holding that a bankruptcy trustee is prohibited from including a debtor's interest in his employee-benefits plan as a bankruptcy-estate asset); *Guidry v. Sheet Metal Workers Nat'l Pension Fund (Guidry I )*, 493 U.S. 365, 110 S. Ct. 680, 107 L. Ed. 2d 782 (1990) (holding that the imposition of a constructive trust on an embezzler's pension plan, based on the conclusion that he forfeited his right to benefits, [**18] violates ERISA's anti-alienation provision); *Gen. Motors Corp. v. Buha*, 623 F.2d 455, 460 (6th Cir. 1980) [*974] (holding that "federal cases have construed ERISA's provision against assignment or alienation as prohibiting garnishments generally").

[***7] Following these precedents, other district courts that have confronted provisions of SCFRA have held that the Act violates ERISA's anti-alienation principle. The district court in *Walters v. Cox*, 342 F. Supp. 2d 670 (E.D. Mich. 2004), for example, held that, although the *Rooker-Felman* doctrine barred the court from granting a prisoner relief, the "SCFRA provision allowing the state to redirect [the] prisoner's pension checks to [his] prison account violated ERISA's anti-alienation provision." *Id.* at 675 (citing *Baugh*, 986 F. Supp. 1074). *Walters* therefore invalidated court orders and notices similar to the ones at issue in this case. 342 F. Supp. 2d at 674. In addition, the district court in *Baugh* and the district court below invalidated the application of SCFRA to the ERISA plans before those courts.

The defendants take issue with these [**19] district court decisions. They believe that the present case is distinguishable from the classic cases of garnishment because in the present case (1) the state is not acquiring an interest in the payments until after they have been disbursed to the prisoners, and (2) the SFCRA orders and notices do not give the state officials an interest that is "enforceable against the plan." *See* 26 C.F.R. 1.401(a)-13(c)(1). These two arguments raise the same issue-namely, whether the warden's notice to the Pension Plan to redirect benefit payments to a prisoner's institutional account encumbers the benefit payments before they have left plan control.

[HN9] This circuit, along with a majority of the other circuits, has held that once benefit payments have been disbursed to a beneficiary, creditors may encumber the proceeds. *See Cent. States, S.E. & S.W. Areas Pension Fund v. Howell*, 227 F.3d 672, 679 (6th Cir. 2000). In *Central States*, this court allowed a constructive trust to be imposed upon benefit payments "once the benefits ha[d] been released to the properly designated beneficiary." *Id.* As the Second Circuit has explained, the "requirement [**20] that pension plans contain a provision against assignment or alienation of benefits does not read comfortably as a prohibition against creditors reaching pension benefits once they have left the hands of the administrator." *Robbins v. DeBuono*, 218 F.3d 197, 203 (2d Cir. 2000) (holding that the Monroe County Department of Social Services did not violate ERISA's anti-alienation provision when it included as part of the wife's income the benefit payments already received by her husband).

Page 16

447 F.3d 967, *; 2006 U.S. App. LEXIS 12599, **;
2006 FED App. 0175P (6th Cir.), ***; 37 Employee Benefits Cas. (BNA) 2429

The legislative history of ERISA's anti-alienation provision obligates a plan to protect benefits from alienation "at least up to the point of payment." *Guidry v. Sheet Metal Workers Nat'l Pension Fund (Guidry II)*, 39 F.3d 1078, 1082 (10th Cir. 1994) (en banc) (holding that, once paid, pension benefits in a beneficiary's bank account are subject to garnishment). Circuit precedent thus stands for the proposition that once a pension plan has sent benefit payments to a beneficiary and relinquished control of those payments, the attachment of those funds by a creditor does not constitute an alienation.

In the present case, however, the SCFRA notices operate on plan [**21] benefits *before* they are sent. This case is therefore distinguishable from *Central States* because the notices, if enforceable against the Pension Plan, divert funds of the prisoners against their wishes before they are paid to the prisoners. Although the warden cannot actually access the money until after it has been disbursed into the prisoner's institutional account, the state officials [*975] procure a judgment entitling the state to 90% of the money--and the warden takes action to inform the Pension Plan where to place the money--while the plan still has control of the funds. This is not a case, therefore, where a plan is no longer obligated to protect pension payments from alienation because the benefits have already been disbursed at the direction of the beneficiary.

What if the warden, who had already been granted an interest through SCFRA in 90% of a prisoner's pension benefits, had informed the Pension Plan that it should deposit the money directly into the warden's account instead of the prisoner's account? If "enforceable against the plan," this would certainly be an alienation of the prisoner's benefits. Yet the present case differs only to the extent that the accounts [**22] at issue are labeled with the prisoner's name. Even in cases where the courts have required a debtor to place all of his benefits into a specified account for garnishment by a third [***8] party, the beneficiary itself received the payments at his specified address and then turned them over to the creditor. In other words, the encumbrance was placed on the funds only after the point where the pension plan involved no longer had control of the funds. *See Hoult v. Hoult*, 373 F.3d 47, 49-51 (1st Cir. 2004) (holding that "the anti-alienation provision does not apply where, as here, the funds have already been disbursed to the plan beneficiary").

The state officials argue, however, that the SFCRA notices and orders do not constitute an alienation of benefits because the court orders direct the *warden* to send a notice to the Pension Plan. These notices, the officials argue, are therefore not "enforceable against the plan," as required by 26 C.F.R. 1.401(a)-13(c)(1), because they do not directly obligate DaimlerChrysler to do anything. The notices, the officials contend, instead direct the warden to notify DaimlerChrysler that it should [**23] send benefits to a prisoner's institutional address. But DaimlerChrysler's declaratory action seeks a ruling on the Pension Plan's legal obligations with regard to the SFCRA notices. DaimlerChrysler has brought suit, as the fiduciary responsible for the administration of its Pension Plan, in order to resolve the issue of whether it must follow the SCFRA orders before the state tries to enforce them.

If we were to hold that DaimlerChrysler must comply with the SCFRA notices, we would be creating a legal obligation enforceable against the Pension Plan. The state's interest in 90% of the pension benefits would then be enforced through notices instructing the Pension Plan to send the prisoner's benefit payments to an account controlled by the warden, which would constitute an alienation of plan assets. We therefore affirm the district court's holding that the SCFRA orders and notices are void to the extent that they direct DaimlerChrysler to send benefits to an address not designated by a beneficiary. The state may still send the notices; DaimlerChrysler is not obligated to comply with them.

We acknowledge that the Michigan Supreme Court addressed notices and orders under SCFRA that [**24] were similar to the notices and orders at issue here in *State Treasurer v. Abbott*, 468 Mich. 143, 660 N.W.2d 714, 719 (Mich. 2003), and that the Michigan Supreme Court reached the opposite conclusion. The Court held that because money had not been transferred from the pension plan at issue to "another person" instead of to the prisoner, no alienation had occurred. Because the prisoners had received their benefit payments at their own institutional addresses, and because these benefits were not attached until they were paid to the prisoners, the Michigan [*976] Supreme Court held that there was no alienation. *Id.*

We find the *Abbott* opinion unpersuasive. Contrary to the reasoning of the Michigan Supreme Court, the fact that the prisoners have received their benefit payments at their "own" addresses is irrelevant to the question of alienation because (1) the prisoners did not want to receive the payments at their institutional addresses, (2) Michigan law strictly controls a prisoner's bank account and how the funds may be used, and (3) the state already effectively owned 90% of the payments even before they were received. The fact that the payments were sent to the [**25] prisoner's institutional address is therefore a mere formalism that is not dispositive of whether an alienation has occurred in the present case.

Although we hold that SCFRA as applied in this case is preempted by ERISA, we are not rendering the state incapable of seeking reimbursement using a prisoner's pension benefits. Once the benefit payments are received, even if the pris-

447 F.3d 967, *; 2006 U.S. App. LEXIS 12599, **;
2006 FED App. 0175P (6th Cir.), ***; 37 Employee Benefits Cas. (BNA) 2429

oner tries to conceal them in an illegal account, the state can take action against the prisoner by placing a constructive trust on those already-paid funds. *See Guidry II*, 39 F.3d at 1082-83. The state must, however, wait for the Pension Plan to send the benefit payments at the direction of the prisoner before the state encumbers those payments. To do otherwise would violate both the letter and the spirit of ERISA's anti-alienation provision (which, at a minimum, prohibits the attachment of a debtor's pension plan benefits while still controlled by the pension plan) and the terms of the Pension Plan forbidding the benefits from devolving upon [***9] others. We are not passing, however, on the question of whether state officials can compel prisoners to send their address changes to the Pension [**26] Plan because that issue is not before us.

**E. ERISA's general preemption provision**

Because we hold that SCFRA orders and notices are preempted by ERISA's anti-alienation provision, we need not address whether the orders and notices are also preempted by ERISA's general preemption provision. That question can wait for another day when it may prove dispositive in a case then before the court.

**III. CONCLUSION**

For all of the reasons set forth above, we **AFFIRM** the judgment of the district court.