**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

**OFFICIAL COMMITTEE OF RETIREES' CONCURRENCE IN THE CITY OF DETROIT'S MOTION TO STRIKE IN PART SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC.'S SECOND SUPPLEMENTAL OBJECTION TO THE DEBTOR'S PLAN OF ADJUSTMENT**

The Official Committee of Retirees of the City of Detroit, Michigan (the "Committee") joins in The City Of Detroit's Motion To Strike In Part Syncora Guarantee Inc. And Syncora Capital Assurance Inc.'s Second Supplemental Objection To The Debtor's Plan Of Adjustment [Docket No. 4392]. In support of its concurrence, the Committee states as follow:

**PRELIMINARY STATEMENT**

In its Second Supplemental Objection to the Debtor's Plan of Adjustment (the "Supplemental Objection") [Dkt No. 6651], Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora") misuse a limited opportunity to supplement objections to the City's Plan based on new evidence turned up in discovery to embellish its prior lengthy objection to the retirees' treatment with unwarranted attacks on the mediators, the Court and the retirees themselves. The City moved to strike the Supplemental Objection, in part, based on (a) Syncora's false and defamatory allegations, and (b) Syncora's failure to comply with the Court's Amended Orders Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment. *See* The City of Detroit's Motion To Strike In Part Syncora Guarantee Inc. and Syncora Capital Assurance Inc.'s Second Supplemental Objection To the Debtor's Plan of

Adjustment (the "City's Motion") [Docket No. 6845] pp 1, 2. The Committee joins in the City's Motion on both grounds.

A.  **SYNCORA'S SUPPLEMENTAL OBJECTION IS RIDDLED WITH FALSE AND MISLEADING STATEMENTS**

Syncora's attack on the mediators is simply a vehicle for attacking the treatment of Class 10, 11 and 12 which, contrary to Syncora's allegations of unbridled favoritism, is actually the result of arms length bargaining between well represented parties including the City, the Committee, the State, Retirement Systems, the associations, and the unions, among others over many months. The evidence of a hard fought battle for fair and appropriate treatment of retiree claims is apparent in the evolution of the treatment of the claims in the various iterations of the Plan and the long list of pleadings filed in opposition to the impairment of pensions and elimination of retiree health care proposed by the City in violation of constitutional protections beginning with the Committee and others' challenges to the City's eligibility to be a chapter 9 debtor.[1]

---

[1] A small sampling of the objections and complaints, set forth below, demonstrates without resort to mediation conversations that the retirees were not, as Syncora labels them purely for argument's sake, the "favored, insider creditors." *See e.g.* Supplemental Objection at ¶32.

Objection to Eligibility to Chapter 9 Petition of The City of Detroit, Michigan to be a Debtor Under Chapter 9 of The Bankruptcy Code Filed by Retiree Committee Official Committee of Retirees [Dkt. No 805]

Complaint by Official Committee of Retirees of the City of Detroit, Michigan; Retired Detroit Police and Fire Fighters Association; Detroit Retired City Employees Association; AFSCME Sub-Chapter 98, City of Detroit Retirees against City of Detroit, Michigan; Kevyn Orr for injunction relief re health care [Dkt. No. 1305]

Concurrence (Limited) Filed by Retiree Committee Official Committee of Retirees (RE: related document(s)1833 Motion of Creditors for Entry of an Order Pursuant to Section 105(A) of the Bankruptcy Code Appointing and Directing the Debtor to Cooperate with a Committee of Creditors and Interested Persons to Assess the Art Collection of The Detroit Institute). [Dkt. No. 2145]

Complaint by Official Committee of Retirees of the City of Detroit, Michigan; Retired Detroit Police and Fire Fighters Association; AFSCME Sub-Chapter 98, City of Detroit Retirees against City of Detroit, Michigan; Kevyn D. Orr [Dkt. No.2438]

Objection to Chapter 9 Proposed Disclosure Statement Filed by Retiree Committee Official Committee of Retirees (RE: related document(s) Amended Disclosure Statement. [Dkt. No. 3888]

Moreover, while Syncora had no right to benefit from assets held by the DIA, the retirees had every "right" to seek contributions from the State and Foundations to resolve political and legal issues affecting the State as well as the humanitarian consequences of the City's chapter 9 case on the retiree community. However unsatisfactory any aspect of the Plan may be to any creditor constituency, including retirees, it represents a resolution of a myriad of complex issues that is unquestionably better for all than the alternatives originally proposed by the City. Indeed, the Grand Bargain and its offshoots, if approved by this Court, resolve thorny economic, legal and political issues which would have been impossible without all of the parties successful use of negotiating foils, the skills, influence and reputations of all of the mediators, including Chief Judge Rosen and Eugene Driker.

Syncora irresponsibly sacrifices truth for argument throughout the Supplemental Objection. In addition to repeatedly mischaracterizing the retirees as "favored, insider creditors" in order to make a contrived fraudulent transfer argument, and its patently false allegations regarding the Mediator Driker's disclosure, Syncora attempts to transform the significant cuts to retiree benefits under the Plan to payment in full. *See* Supplemental Objection at ¶42: ("Third, the City cannot expunge the taint of fraud simply because Judge Rosen arranged for the meager proceeds of the transfer to flow to the pensioners--**proceeds sufficient to ensure that pensioners would be paid in full**, yet leave nothing for other creditors.") (emphasis added).

Syncora also ignores the fact that the retiree recovery under the Plan corresponds to the size of those claims--claims that dwarf Syncora's claims and the claims of all other creditors combined--rather than preferential treatment, in describing the retirees' recovery as "wildly

---

Concurrence Filed by Retiree Committee Official Committee of Retirees (RE: related document(s)5478 motion filed by the Retirement System of the City of Detroit to Designate and Determine Additional Legal Issue Regarding Methodology for ASF Recoupment From Retirees). [Dkt No 5509]

Sixth Circuit Court of Appeals - Appeal pending re Constitutional Challenge to City's Eligibility.

favorable treatment of a politically popular creditor group."  Supplemental Objection at ¶46. Similarly, Syncora ignores the testimony of donors that they would not have made the contributions under the DIA Settlement to satisfy Syncora's claims.  When asked if he would have made the contribution to satisfy the claims of the insurer of the certificates of participation, Mr. Dan Gilbert answered:  "No. You know, to think that sophisticated Wall Street insurance companies and investors who knew the City of Detroit was in dire financial straits for decades and took a risk in insuring those bonds and -- would I personally have invested money into a scheme that would get them part of the recovery? No. The answer is no." *See* Deposition of Dan Gilbert: pp136:17-25, 137: 1-9.

**B.    THE SUPPLEMENTAL OBJECTION VIOLATES THE PROCEDURES ORDER**

In the Seventh Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Dkt. No 6560], the Court permitted supplemental objections "only to the extent that [they] result from discovery, the results of plan voting, or changes incorporated in the City's latest plan of adjustment.").  The bulk of the Supplemental Objection is only a version of Syncora's attack on the treatment of retirees under the Plan as unfair discrimination with no citation to real evidence, let alone new evidence.

WHEREFORE, the Committee respectfully requests that the Syncora Supplemental Objection be stricken as proposed by the City.

Dated  August 20, 2014                         Respectfully submitted,

DENTONS US LLP

By:  */s/ Carole Neville*
Carole Neville
Claude D. Montgomery
1221 Avenue of the Americas
New York New York 10020
Tel:  (212) 768-6700
carole.neville@dentons.com
claude.montgomery@dentons.com

and

Sam J. Alberts
DENTONS US LLP
1301 K Street, NW  Suite 600, East Tower
Washington, DC 20005-3364
Tel: (202) 408-6400
sam.alberts@dentons.com

and

Matthew E. Wilkins
Paula A. Hall
BROOKS WILKINS SHARKEY & TURCO
401 South Old Woodward, Suite 400
Birmingham, Michigan 48009
Tel: (248) 971-1800
wilkins@bwst-law.com
hall@bwst-law.com

*Attorneys for the Retirees Committee*

# CERTIFICATE OF SERVICE

I, Carole Neville, hereby certify that the foregoing document was filed and served via the Court's electronic case filing and noticing system on August 20, 2014.

By:    */s/ Carole Neville*
       Carole Neville