UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | No. 13-53846 |
| Debtor, | HON. STEVEN W. RHODES |

**APPELLANT STATE OF MICHIGAN'S
DESIGNATION OF THE CONTENTS OF THE RECORD AND
STATEMENT OF ISSUES ON APPEAL**

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, appellant State of Michigan submits this designation of the contents of the record and statement of issues on appeal regarding the State's Notice of Appeal [Dkt. # 6553] filed on August 6, 2014, pursuant to 28 U.S.C. § 158(a)(1) and Rules 8001(a) and 8002(b) of the Federal Rules of Bankruptcy Procedure from the *Order Granting Allen Park Retirees Associations Motion for Clarification and Relief from the Court's Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer Employees, and (C) Agents and Representatives of the Debtor (Dkt. #5455)* [Dkt. #6401] entered on July 30, 2014.

## I. DESIGNATION OF THE CONTENTS OF THE RECORD ON APPEAL

| Item | Date Filed | Docket # | Description |
|---|---|---|---|
| 1. | 7/25/2013 | 166 | Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor |
| 2. | 11/6/2013 | 1536-1 | Opinion and Order Denying NAACP's Motion for Relief from Stay (Dkt. #740) and Granting Phillips' Motion for Relief from Stay(Dkt. #1004) |
| 3. | 12/20/2013 | 2256 | Order Denying Motion for Reconsideration (Dkt. #1745) |
| 4. | 6/19/2014 | 5455 | Allen Park Retirees Association, et al.'s Motion for Clarification and Relief from the Court's Order Pursuant to Section 105(a) of the Bankruptcy Code, Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor |
| 5. | 7/9/2014 | 5890 | State of Michigan's Response to Allen Park Retirees Association's Motion for Clarification and Relief from the Court's Order Pursuant to Section 105(a) of the Bankruptcy Code, Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor |
| 6. | 7/9/2014 | 5894 | City of Detroit's Objection to Allen Park Retirees Association, et al.'s Motion for Clarification and Relief from the Court's Order Pursuant to Section 105(a) of the Bankruptcy |

|   |   |   | Code, Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor |
|---|---|---|---|
| 7. | 7/21/2014 | 6153 | Reply Brief: Allen Park Retirees Association, et al.'s Motion for Clarification and Relief from the Court's Order Pursuant to Section 105(a) of the Bankruptcy Code, Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor |
| 8. | 7/30/2014 | 6401 | Order Granting Allen Park Retirees Association Motion for Clarification and Relief from the Court's Order Pursuant to Section 105(a) of the Bankruptcy Code, Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor (Dkt. #5455) |

## II. STATEMENT OF ISSUES ON APPEAL

1. Whether the Bankruptcy Court erred in holding that the *Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor* entered on July 15, 2013 [Dkt. #166] does not apply to the *Allen Park Retiree Case*[1] where

---

[1] *Allen Park Retirees Association, et al. v. The State of Michigan*, Case No. 13-000164-MZ, State of Michigan Court of Claims.

the Complaint contains allegations that that PA 436[2] is facially unconstitutional, and a holding in the *Allen Park Retirees Case* that PA 436 is unconstitutional could pose serious questions regarding the validity of actions taken by Detroit's Emergency Manager in the Bankruptcy Case.[3]

    2.    Whether the Bankruptcy Court erred in concluding that "a finding by another court that P.A. 436 is unconstitutional will not automatically result in the removal of Kevyn Orr. Further action would need to be taken, and any such further action is subject to the automatic stay" where a holding in the *Allen Park Retirees Case* that PA 436 is unconstitutional could render PA 436 void *ab initio*, and thus, could pose serious questions regarding the validity of actions taken by Detroit's Emergency Manager in the Bankruptcy Case.

---

[2] Public Act 436 of 2012 of the State of Michigan, also known as the Local Financial Stability And Choice Act, Mich. Comp. Laws §§ 141.1541-141.1575.

[3] *In re City of Detroit, Michigan*, United States Bankruptcy Court for the Eastern District of Michigan, Case No. 13-53846.

Respectfully submitted,

*/s/ Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Aaron D. Lindstrom
Solicitor General

Erik Graney
Assistant Attorney General

Steven G. Howell
Special Assistant Attorney General
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425

Attorneys for the State of Michigan

Dated: August 20, 2014