UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

## ATTACHMENT

## APPELLANT STATE OF MICHIGAN'S DESIGNATION OF THE CONTENTS OF THE RECORD
## TO BE INCLUDED IN THE RECORD ON APPEAL

| Design-ation | Filing Date | Docket # | Description |
|---|---|---|---|
| 5. | 7/9/2014 | 5890 | State of Michigan's Response to Allen Park Retirees Association's Motion for Clarification and Relief from the Court's Order Pursuant to Section 105(a) of the Bankruptcy Code, Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

**STATE OF MICHIGAN'S RESPONSE TO ALLEN PARK RETIREES ASSOCIATION'S MOTION FOR CLARIFICATION AND RELIEF FROM THE COURT'S ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, EXTENDING THE CHAPTER 9 STAY TO CERTAIN (A) STATE ENTITIES, (B) NON OFFICER EMPLOYEES, AND (C) AGENTS AND REPRESENTATIVES OF THE DEBTOR [DKT. #5455]**

The State of Michigan, through its undersigned attorneys, requests that the Court (i) hold that its July 25, 2013 Stay Extension Order (Dkt. #166) applies to the *Allen Park Retirees* case, and (ii) deny the Allen Park Retirees' relief from the Stay Extension Order.

## INTRODUCTION

The *Allen Park* case makes facial challenges to the constitutionality of P.A. 436 brought under state law. Accordingly, the State Defendants notified the Court of Claims of the Chapter 9 stay and

this Court's July 25, 2013 Order extending that stay to certain State entities.

Even though the Complaint does not contain explicit references to the City of Detroit and EM Orr – a ruling in *Allen Park* that P.A. 436 is unconstitutional could potentially threaten the continuation of the City of Detroit's chapter 9 case because such a ruling could render that statute void *ab initio,* and at a minimum compromise the authority of all EMs appointed and acting pursuant thereto.  This could call into question whether EM Orr has the authority to continue to prosecute this chapter 9 case.

Further, contrary to the *Allen Park* plaintiffs' assertions, the Court's reasoning relating to the *Phillips* case distinguishes it from the case at bar.  The *Allen Park* plaintiffs' Complaint seeks declaratory relief restraining the State from authorizing *all* emergency managers, including EM Orr, to exercise authority granted under P.A. 436. *Complaint,* Dkt. #5455 at 51.

2

13-53846-tjt  Doc 6899-5    Filed 08/20/14    Entered 08/20/14 18:05:11    Page 3 of 10
13-53846-swr  Doc 5895    Filed 07/09/14    Entered 07/09/14 16:25:52    Page 2 of 9

# ARGUMENT

### A. The Stay Extension Order applies to the *Allen Park* case.

The Stay Extension Order (Dkt. #1536) granted the City of Detroit's motion in which it requested that the automatic stay be extended to cases "that have the direct or practical effect of denying the City the protections of the automatic stay imposed by sections 362 and 922 of the Bankruptcy Code." *Motion to Extend Stay*, Dkt. #56 at 15. By issuing the Stay Extension Order, the Court made clear that lawsuits challenging P.A. 436 must be stayed during the pendency of the City of Detroit's chapter 9 case to the extent they threaten to diminish the authority of EM Orr to proceed on behalf of the City. The *Allen Park* case has the "practical effect" of denying the City of Detroit the ability to continue its chapter 9 case and poses the very threat that sections 362 and 922 of the Bankruptcy Code and the Stay Extension Order seek to eliminate.

The *Allen Park* Complaint seeks a declaratory judgment holding that P.A. 436 is "unconstitutional, null and void." *Verified Complaint,* Dkt. #5455 at 51. If the *Allen Park* plaintiffs are granted the declaratory relief they seek, P.A. 436 could be rendered void *ab initio.*

See *Green v. Mansour*, 474 U.S. 64, 68 (1985) citing *Ex parte Young*, 209 U.S. 123 (1908). A statute that is void *ab initio* is void as of its enactment. *Norton v. Shelby County*, 118 U.S. 425, 442 (1886) ("An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."); See also *Stanton v. Lloyd Hammond Produce Farms*, 400 Mich. 135, 144, 253; N.W.2d 114, 117 (1977).

The *Allen Park* plaintiffs contend that their Complaint "does not seek to remove any State emergency manager" (*Brief in Support*, Dkt. #5455 at 16) but rather, that they seek only to "stop the State's emergency manager in Allen Park from violating [P.A. 436] … as well as alleging fact-based 'as applied' violations of the Michigan Constitution." *Id.* at 16. The *Allen Park* plaintiffs further contend that their lawsuit does not affect the City of Detroit's chapter 9 case or EM Orr in any way because a further action would have to be instituted to remove EM Orr from his emergency manager position. *Id.* at 20

But, Sixth Circuit case law suggests that even without a separate lawsuit or claim for injunctive relief (i.e., the further action), "[a]n

4

13-53846-swr Doc 6899-5 Filed 07/09/14 Entered 07/09/14 16:05:11 Page 5 of 10
13-53846-swr Doc 6895 Filed 07/09/14 Entered 07/09/14 16:05:32 Page 5 of 10

unconstitutional application of a statute and passage of a statute that is unconstitutional in all its applications may each be equally void from the outset." *Village of Mainville, Oh. v. Hamilton Tp. Bd. of Trustees*, 726 F.3d 762, 766 (6th Cir. 2013); See also *Stanton,* 253 N.W.2d 114. Thus, even if EM Orr is not actually *removed* from his emergency manager position, if plaintiffs are successful, this case raises serious questions whether EM Orr may continue to exercise authority under P.A. 436 and adversely impacts the City of Detroit's chapter 9 case.

If the *Allen Park* case is allowed to continue, P.A. 436 – the statute under which EM Orr derives authority to act on behalf of the City of Detroit – could be held to be unconstitutional, and thus, may be rendered "inoperative" raising the question of whether EM Orr may continue to act on behalf of the City in this chapter 9 case.

### B.  The *Phillips* case is distinguishable from the *Allen Park* case.

The *Allen Park* plaintiffs urge the Court to hold that the Stay Extension Order is not applicable for the same reasons that it held that the Stay Extension Order did not apply to the *Phillips* case. *Opinion and Order*, Dkt. #1536. But, with regard to the *Phillips* case, the Court

5

was persuaded by the representations that the *Phillips* plaintiffs would "withdraw from their suit any request for relief as to the Detroit emergency manager." *Id.* at 8. The *Phillips* plaintiffs did, in fact, amend their complaint to delete references to EM Orr and the City of Detroit, and to eliminate their request for injunctive relief restraining the State from granting authority to emergency managers under P.A. 436. *Phillips, et al. v. Snyder, et al.*, E.D. Mich. No. 2:13-cv-11370, R. 1, Complaint, Pg ID #49 (see also, Dkt. #1888-7 at 43) compare to, *Phillips*, E.D. Mich. No. 13-cv-11370, R. 39, First Amended Complaint, Pg ID #551 (see also, Dkt. #1004-7 at 50).

This Court has held that the Stay Extension Order did not apply to the *Phillips* case because by amending their complaint, the *Phillips* plaintiffs no longer sought to restrain the State from granting authority to EM Orr. In contrast, the *Allen Park* plaintiffs seek declaratory relief restraining the State from granting authority under P.A. 436 to *any* emergency manager appointed in Michigan - which would include EM Orr. *Complaint*, Dkt. #5455 at 51. Thus, the *Allen Park* plaintiffs' assertion that "[t]here are no legal, factual, or practical ties between the Allen Park retirees' pending litigation against the State and the City of

6

13-53846-twr Doc 6899-5   Filed 08/20/14   Entered 08/20/14 18:05:11   Page 7 of 10
13-53846-swr  Doc 5890    Filed 07/09/14   Entered 07/09/14 16:05:32   Page 6 of 10

Detroit [chapter 9 case]" (*Motion for Clarification*, Dkt. #5455 at 4) is incorrect.

### C. The Court should reject the *Allen Park* plaintiffs' suggestion that the severability provision of P.A. 436 saves the *Allen Park* case from being subject to the Stay Extension Order.

The *Allen Park* plaintiffs suggest that because P.A. 436 contains a severability provision, P.A. 436 could be declared invalid yet the declaration would have no effect on EM Orr or the City of Detroit. In support of this suggestion, the *Allen Park* plaintiffs quote section 33 of P.A. 436, which states:

> If any portion of this act or the application of this act to any person or circumstances is found to be invalid by a court, the invalidity shall not affect the remaining portions or applications of this act which can be given effect without the invalid portion or application. The provisions of this act are severable.

Mich. Comp. Laws § 141.1573.

The *Allen Park* plaintiffs suggest that P.A. 436 could be held unconstitutional as to the authority granted the Allen Park Emergency Manager, yet remain valid as to the authority granted to other emergency managers, including EM Orr. This suggestion implies that the *Allen Park* case presents only "as applied" constitutional challenges

7

and ignoring the fact that the Complaint actually presents facial constitutional challenges, seeking a declaratory judgment that the "legislative and executive authority" of the State to "empower the State's Emergency Managers" to take certain actions under P.A. 436 is "unconstitutional, null and void." *Complaint*, Dkt. #5455 at 51. This request for declaratory relief is so broadly stated that if such relief was granted it could potentially apply to the authority granted to *all* emergency managers in Michigan, including EM Orr. Thus, the severability provision of P.A. 436 does not save the *Allen Park* case from being subject to the Stay Extension Order.

### D. Notifying the State Court of Claims of the Stay was proper.

The *Allen Park* plaintiffs confuse the issue of application of the stay with the issue of relief from the stay. They assert that, because this Court held the stay does not apply in *Phillips* (as amended), the State should know that the stay does not apply to the *Allen Park* case.

First, *Phillips* is a case with different facts and different legal claims. Second, on its face, the Stay Extension Order extending the chapter 9 automatic stay to State entities, including the Governor and

8

the State Treasurer, and their staffs, agents, and representatives applies. (Docket 166 at 2.) [1] The *Allen Park* plaintiffs essentially, and incorrectly, assert that this Court's order in *Phillips* effectively modified the scope and application of the July 25, 2013 Stay Extension Order for all subsequent lawsuits. The Allen Park plaintiffs' further suggest it is for the State to determine whether the extended stay applies in any particular case. (Brief, Dkt # 5455 at 15-17) Such a result is improper and contrary to well-established law. 11 U.S.C. § 362 (d)-(g); see also *Gruntz v. County of Los Angeles* (*In re Gruntz*), 202 F.3d 1074, 1082 (9th Cir. 2000); citing *Celotex Corp v. Edwards*, 514 U.S. 300, 313 (1995).

---

[1] The *Allen Park* plaintiffs argued in State Court that the stay does not apply to their case, in part because of this Court's ruling in *Phillips*, and in part because the case is not about P.A. 436. In fact, the plaintiffs presented the *Phillips* ruling for consideration in determining whether the stay should be recognized. The Court of Claims found that the stay should be entered and it was for this Bankruptcy Court to decide whether it should be lifted.

## CONCLUSION

The State entities, therefore, request the Court hold that the Stay Extension Order applies to the *Allen Park* case and deny the *Allen Park* plaintiffs' relief from the Stay Extension Order.

Respectfully submitted,

*/s/ Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Steven G. Howell
Special Assistant Attorney General
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425

Attorneys for the State of Michigan

Dated: July 9, 2014

10

13-53846-swr Doc 5890 Filed 07/09/14 Entered 07/09/14 16:08:32 Page 10 of 10
13-53846-tjt Doc 6899-5 Filed 08/20/14 Entered 08/20/14 18:25:11 Page 10 of 10