UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

# ATTACHMENT

# APPELLANT STATE OF MICHIGAN'S DESIGNATION OF THE CONTENTS OF THE RECORD
# TO BE INCLUDED IN THE RECORD ON APPEAL

| Design-ation | Filing Date | Docket # | Description |
|---|---|---|---|
| 6. | 7/9/2014 | 5894 | City of Detroit's Objection to Allen Park Retirees Association, et al.'s Motion for Clarification and Relief from the Court's Order Pursuant to Section 105(a) of the Bankruptcy Code, Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | : | Bankruptcy Case Number 13-53846 |
| City of Detroit, Michigan, | : | Honorable Steven W. Rhodes |
| Debtor. | : | Chapter 9 |
| _____ | : | |

**CITY OF DETROIT'S OBJECTION TO ALLEN PARK RETIREES ASSOCIATION, et al.'s MOTION FOR CLARIFICATION AND RELIEF FROM THE COURT'S ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE, EXTENDING THE CHAPTER 9 STAY TO CERTAIN (A) STATE ENTITIES, (B) NON OFFICER EMPLOYEES AND (C) AGENTS AND REPRESENTATIVES OF THE DEBTOR**

The City of Detroit (the "City"), by its undersigned counsel, files this objection ("Objection") to the relief sought in *Allen Park Retirees Association, et al.'s Motion for Clarification and Relief from the Court's Order Pursuant to Section 105(A) of the Bankruptcy Code, Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor* ("Motion," Doc. No. 5455), respectfully stating as follows:

Although this matter bears similarities to the previous *Phillips* motion for relief from stay, it is distinguishable because the Allen Park Retirees, as opposed to the Phillips' plaintiffs, seek a declaratory judgment prohibiting all emergency managers from exercising authority granted to them pursuant to P.A. 436 M.C.L. § 141.1541 *et seq*. ("PA 436"). (Doc. Nos. 1004, 1536.) This Court premised its ruling in *Phillips* on the basis that the amended complaint would have no bearing

22581219.6\022765-00202

1

13-53846-tjt  Doc 6899-6   Filed 08/20/14   Entered 08/20/14
13-53846-swr  Doc 5894   Filed 07/09/14   Entered 07/09/1   1353846140709000000000026

on the City's bankruptcy case. (Doc. No. 1536 at 8.) A similar conclusion cannot be reached here.

In addition to the request for a declaratory judgment, the Allen Park Retirees assert facial challenges to the constitutionality of PA 436. Notwithstanding this Court's decision upholding the constitutionality of PA 436, the City was and remains concerned that issues of issue or claim preclusion could arise, thus delaying or otherwise negatively affecting the City's bankruptcy case.

A law found to be unconstitutional is treated as unenforceable. *Coleman v. Ann Arbor Transp. Auth.*, 904 F. Supp. 2d 670, 682-83 (E.D. Mich. 2012). In Michigan, the default rule is to treat such statutes as void *ab initio*. *Stanton v. Lloyd Hammond Produce Farms*, 400 Mich. 135, 144-45 (1977). Thus, a finding that PA 436 is unconstitutional could cast doubt upon the City's bankruptcy case, and most importantly, the various agreements that have been reached between the City and objecting parties, and the confirmability of the City's plan of adjustment. It is unrealistic to think that parties such as Syncora would not endeavor to utilize such a ruling to further complicate, delay, or even defeat the confirmation of the plan.

Here, though much of the Complaint appears styled as an "as applied" challenge focused on Allen Park and not a direct attack on the statute itself, the relief sought is broader. *See*, *e.g.*, Prayer for Relief, ¶ D ("Enter Declaratory

Judgment that the legislative and executive authority purported to empower the State's Emergency Managers to unilaterally alter retiree health insurance pursuant to 2012 PA 436 is unconstitutional, null and void."). This broad relief, if granted, could adversely affect the plan confirmation process as discussed above.

## CONCLUSION

WHEREFORE, to the extent that the Motion seeks relief that could be construed as a facial challenge to PA 436 or otherwise affect the powers of the Detroit Emergency Manager, the City asks this Court to DENY the Motion.

July 9, 2014

Respectfully submitted,

By: /s/Timothy A. Fusco
Timothy A. Fusco (P13768)
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

22581219.6\022765-00202　　　　　　　　　　　　3
13-53846-tjt　　Doc 6899　　Filed 07/09/14　　Entered 07/09/14 19:05:11　　Page 3 of 4
13-53846-swr　　Doc 5894　　Filed 07/30/14　　Entered 07/30/14 13:25:14　　Page 4 of 5

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)

JONES DAY

North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)

JONES DAY

555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT

22581219.6\022765-00202  4
13-53846-tjt  Doc 6899-6   Filed 07/30/14   Entered 07/30/14 18:25:11   Page 5 of 5
13-53846-swr  Doc 5894   Filed 07/09/14   Entered 07/09/14 19:03:48   Page 4 of 4