# **EXHIBIT 6**

# REVISED MUNICIPAL FINANCE ACT
# Act 34 of 2001

## Relevant Provisions

**141.2103 Definitions.**

Sec. 103.

As used in this act:

(a) "Assessed value", "assessed valuation", "valuation as assessed", and "valuation as shown by the last preceding tax assessment roll", or similar terms, used in this act, any statute, or charter as a basis for computing limitations upon the taxing or borrowing power of any municipality, mean the state equalized valuation as determined under the general property tax act, 1893 PA 206, MCL 211.1 to 211.155.

(b) "Chief administrative officer" means that term as defined in section 2b of the uniform budgeting and accounting act, 1968 PA 2, MCL 141.422b.

(c) "Debt" means all borrowed money, loans, and other indebtedness, including principal and interest, evidenced by bonds, obligations, refunding obligations, notes, contracts, securities, refunding securities, municipal securities, or certificates of indebtedness that are lawfully issued or assumed, in whole or in part, by a municipality, or will be evidenced by a judgment or decree against the municipality.

(d) "Debt retirement fund" means a segregated account or group of accounts used to account for the payment of, interest on, or principal and interest on a municipal security.

(e) "Deficit" means a situation for any fund of a municipality in which, at the end of a fiscal year, total expenditures, including an accrued deficit, exceeded total revenues for the fiscal year, including any surplus carried forward.

(f) "Defined benefit plan" means a retirement program other than a defined contribution plan.

(g) "Defined contribution plan" means a retirement program that provides for an individual account for each participant and for benefits based solely upon the amount contributed to the participant's account, and any income, expenses, gains, and losses credited or charged to the account, and any forfeitures of accounts of other participants that may be allocated to the participant's account.

(h) "Department" means the department of treasury.

(i) "Fiscal year" means a 12-month period fixed by statute, charter, or ordinance, or if not so fixed, then as determined by the department.

(j) "Governing body" means the county board of commissioners of a county; the township board of a township; the council, common council, or commission of a city; the council, commission, or board of trustees of a village; the board of education or district board of a school district; the board of an intermediate school district; the board of trustees of a community college district; the county drain commissioner or drainage board of a drainage district; the board of the district library; the legislative body of a metropolitan district; the port commission of a port district; and, in the case of another governmental authority or agency, that official or official body having general governing powers over the authority or agency.

(k) "Health care trust fund" means a trust or fund created in accordance with the public employee health care fund investment act, 1999 PA 149, MCL 38.1211 to 38.1216, or other state or federal statute, and used exclusively to provide funding for postemployment health care benefits for public employee retirees of a county, city, village, or township. A health care trust fund also includes the retiree health fund vehicle administered by the municipal employees retirement system described in the municipal employees retirement act of 1984, 1984 PA 427, MCL 38.1501 to 38.1555, for a county, city, village, or township that has adopted the municipal employee retirement system to provide funding for postemployment health care benefits for public employee retirees.

(l) "Municipal security" means a security that when issued was not exempt from this act or former 1943 PA 202 by the provisions of this act or by former 1943 PA 202 or by the provisions of the law authorizing its issuance and that is payable from or secured by any of the following:

(i) Ad valorem real and personal property taxes.

(ii) Special assessments.

(iii) The limited or unlimited full faith and credit pledge of the municipality.

(iv) Other sources of revenue described in this act for debt or securities authorized by this act.

(m) "Municipality" means a county, township, city, village, school district, intermediate school district, community college district, metropolitan district, port district, drainage district, district library, or another governmental authority or agency in this state that has the power to issue a security. Municipality does not include this state or any authority, agency, fund, commission, board, or department of this state.

(n) "Outstanding security" means a security that has been issued, but not defeased or repaid, including a security that when issued was exempt from this act or former 1943 PA 202, by the provisions of this act or by former 1943 PA 202 or by the provisions of the law authorizing its issuance.

(o) "Qualified status" means a municipality that has filed a qualifying statement under section 303 and has been determined by the department to be qualified to issue municipal securities without further approval by the department.

(p) "Refunding security" means a municipal security issued to refund an outstanding security.

(q) "Retirement program" means a program of rights and obligations which a county, city, village, or township establishes, maintains, or participates in and which, by its express terms or as a result of surrounding circumstances, does 1 or more of the following:

(i) Provides retirement income to participants.

(ii) Results in a deferral of income for periods extending to the termination of covered employment or beyond.

(r) "Security" means an evidence of debt such as a bond, note, contract, obligation, refunding obligation, certificate of indebtedness, or other similar instrument issued by a municipality, which pledges payment of the debt by the municipality from an identified source of revenue.

(s) "Sinking fund" means a fund for the payment of principal only of a mandatory redemption security.

(t) "Taxable value" means the taxable value of the property as determined under section 27a of the general property tax act, 1893 PA 206, MCL 211.27a.

(u) "Unfunded accrued health care liability" means the difference between the assets and liabilities of a health care trust fund as determined by an actuarial study according to the most recent governmental accounting standards board's applicable standards.

(v) "Unfunded pension liability" means the amount a defined benefit plan's liabilities exceed its assets according to the most recent governmental accounting standards board's applicable standards.

**141.2303 Annual audit report and qualifying statement; filing by municipality; compliance requirements; determination; correction of noncompliant requirements; reconsideration; order granting exception from prior approval.**

Sec. 303.

(1) Each municipality shall file an audit report annually with the department within 6 months from the end of its fiscal year or as otherwise provided in the uniform budgeting and accounting act, 1968 PA 2, MCL 141.421 to 141.440a.

(2) Accompanying the audit report described in subsection (1), a municipality shall file a qualifying statement, on a form and in the manner provided by the department, which shall be certified by the chief administrative officer. Within 30 business days of the receipt of the qualifying statement, the department shall determine if the municipality complies with the requirements of subsection (3). If the department determines that the municipality complies with the provisions of subsection (3) or if the department fails to notify the municipality of its determination under this subsection within 30 business days of receipt of the qualifying

statement, the municipality may proceed to issue municipal securities under this act without further approval from the department until 30 business days after the next qualifying statement is due or a new determination is made by the department, whichever occurs first.

(3) To qualify to issue municipal securities without further approval from the department, the municipality shall be in material compliance with all of the following requirements, as determined by the department:

(a) The municipality is not operating under the provisions of the local government and school district fiscal accountability act.

(b) The municipality did not issue securities in the immediately preceding 5 fiscal years or current fiscal year that were authorized by either the emergency municipal loan act, 1980 PA 243, MCL 141.931 to 141.942, other than a security issued for a loan authorized under section 3(2)(a) of the emergency municipal loan act, 1980 PA 243, MCL 141.933, or the fiscal stabilization act, 1981 PA 80, MCL 141.1001 to 141.1011.

(c) The municipality was not required by the terms of a court order or judgment to levy a tax in the preceding fiscal year. For purposes of this subdivision, the department may determine that a court order or judgment to levy a tax is not material if it did not have an adverse financial impact on the municipality.

(d) The most recent audit report, as required by the uniform budgeting and accounting act, 1968 PA 2, MCL 141.421 to 141.440a, was filed with the department within 6 months from the end of the fiscal year of the municipality.

(e) The debt retirement fund balance for any municipal security that is funded from an unlimited tax levy does not exceed 150% of the amount required for principal and interest payments due for that municipal security in the next fiscal year.

(f) The municipality is not currently exceeding its statutory or constitutional debt limits.

(g) The municipality has no outstanding securities that were not authorized by statute.

(h) The municipality is not currently and during the preceding fiscal year was not in violation of any provisions in the covenants for an outstanding security.

(i) The municipality was not delinquent more than 1 time in the preceding fiscal year in transferring employee taxes withheld to the appropriate agency, transferring taxes collected as agent for another taxing entity to that taxing unit, or making all required pension, retirement, or benefit plan contributions.

(j) The most recent delinquent property taxes of the municipality, without regard to payments received from the county under the general property tax act, 1893 PA 206, MCL 211.1 to 211.155, did not exceed 18% of the amount levied.

(k) The municipality did not submit a qualifying statement or an application for any other municipal security in the preceding 12 months that was materially false or incorrect.

(l) The municipality is not in default on the payment of any debt, excluding industrial development revenue bonds issued under the industrial development revenue bond act of 1963, 1963 PA 62, MCL 125.1251 to 125.1267, economic development corporation bonds issued under the economic development corporations act, 1974 PA 338, MCL 125.1601 to 125.1636, bonds issued by a local hospital finance authority for a private hospital under the hospital finance authority act, 1969 PA 38, MCL 331.31 to 331.84, or any other debt for which the municipality is not financially liable.

(m) The municipality did not end the immediately preceding fiscal year with a deficit in any fund, unless the municipality has filed a financial plan to correct that deficit condition that is acceptable to the department.

(n) The municipality has not been found by a court of competent jurisdiction to be in violation of any finance or tax-related state or federal statutes during the preceding fiscal year.

(o) The municipality has not been determined by the department to be in violation of this act during the preceding fiscal year.

(p) The municipality did not issue a refunding security in the preceding fiscal year to avoid a potential default on an outstanding security.

(4) If a municipality is notified within 30 business days of the filing of the qualifying statement that it does not comply with 1 or more of the requirements of subsection (3), the municipality may correct the noncompliant requirements and request a reconsideration of the determination from the department as provided in subsection (5).

(5) A municipality may request a reconsideration of the determination from the department. That request shall indicate the requirements that the department determined the municipality to be not in compliance with and the action taken by the municipality to correct the noncompliance. Within 30 business days of the receipt of the request for reconsideration, the department shall determine if the municipality complies with the requirements of subsection (3) or, if the department fails to notify the municipality of its determination under this subsection within 30 business days of receipt of the request for reconsideration, the municipality will be granted qualified status.

(6) If a municipality is notified within 30 business days after filing a request for reconsideration that it does not comply with the requirements of subsection (3), the municipality shall not issue municipal securities under this act without the prior written approval of the department to issue a municipal security as provided in subsections (7) and (8).

(7) If a municipality has not been granted qualified status, the municipality must obtain, for each municipal security, the prior written approval of the department to issue a municipal security. To request prior written approval to issue a municipal security, the municipality shall submit an

application and supporting documentation to the department on a form and in a manner prescribed by the department, which shall be certified by the chief administrative officer. A filing fee equal to 0.03% of the principal amount of the municipal security to be issued, but not less than $800.00 and not greater than $2,000.00 as determined by the department, shall accompany each application. If the qualifying statement required by subsection (2) was received by the department more than 6 months after the end of the municipality's fiscal year, a late fee of $100.00 shall accompany the first application filed after that date. Within 30 business days of receiving an application, the fee, and supporting documentation from a municipality, the department shall make a determination whether the municipality has met all of the following requirements:

(a) Has indicated the authority to issue the municipal security requested.

(b) Is projected to be able to repay the municipal security when due.

(c) Has filed information with the department indicating compliance with the requirements of subsection (3) or adequately addressed any noncompliance with subsection (3) as determined by the department.

(d) If required by the department, has obtained an investment grade rating for the municipal security or has purchased insurance for payment of the principal and interest on the municipal security to the holders of the municipal security, or has otherwise enhanced the creditworthiness of the municipal security.

(8) If the department determines that the requirements in subsection (7) have been met, the department shall approve the issuance of the proposed municipal security. If the department determines that the requirements in subsection (7) have not been met, the department shall issue a notice of deficiency to the municipality that prevents the issuance of the proposed municipal security. The notice of deficiency shall state the specific deficiencies and problems with the proposed issuance. After the deficiencies and problems have been addressed as determined by the department, the department shall approve the issuance of the proposed municipal security.

(9) A determination by the department that a municipality has been granted qualified status constitutes an order granting exception from prior approval under former 1943 PA 202, of that municipality's securities.

**141.2305 Issuance of municipal security; interest rate; sale at discount; rating; maturity; principal as interest.**

Sec. 305.

(1) A municipal security authorized by law to be issued by a municipality may, notwithstanding the provisions of a charter, bear no interest as provided in this section or a rate of interest not to exceed a maximum rate established by the governing body of the issuing municipality as set forth in its resolution or ordinance authorizing the issuance of the municipal security, which rate shall not exceed 18% per annum or a per annum rate determined by the department at the request

of the municipality, whichever is higher. In making its determination, the department shall establish a rate that shall bear a reasonable relationship to 80% of the adjusted prime rate determined by the department under section 23 of 1941 PA 122, MCL 205.23. Except as otherwise provided in this section, the rate determined by the department shall be conclusive as to the maximum rate of interest permitted for a municipal security issued under this act.

(2) Except as provided in subsection (3), a municipal security issued under this act shall not be sold at a discount exceeding 10% of the principal amount of the municipal security. The amortization of the discount shall be considered interest and shall be within the interest rate limitation set forth in subsection (1).

(3) A municipal security may be sold at a discount exceeding 10% of the principal amount of the municipal security only if 1 or more of the following conditions apply, as determined by the department:

(a) The sale will result in the more even distribution for the municipality of total debt service on proposed and outstanding municipal securities.

(b) The sale will result in an interest cost savings when compared to the best available alternative that does not include a municipal security being sold at a discount exceeding 10% of the principal amount.

(c) The issuance is based on the availability of specific revenues previously pledged for another purpose and lawfully available for this purpose.

(d) The municipal security is issued to this state or the federal government to secure a loan or agreement.

(e) The municipal security is issued pursuant to section 518.

(4) A municipal security issued in accordance with subsection (3)(a), (b), or (c) shall be rated investment grade by a nationally recognized rating agency or have insurance for payment of the principal and interest on the municipal security to the holders of the municipal security.

(5) Notwithstanding any other provision of this section, a municipal security meeting the requirements of subsection (3) that is a refunding security shall not have a maturity that exceeds the maturity of the existing municipal security.

(6) Not more than 25% of the total principal amount of any authorized issue of a municipal security shall meet the qualifications under subsection (3)(a), (b), and (c).

(7) A municipal security may bear no interest if sold in accordance with a federal program by which the holder of the municipal security, as a result of holding the municipal security, may declare a credit against a federal tax.

(8) A municipal security may bear no interest and appreciate as to principal amount if it meets the requirements of subsections (3), (4), and (6). The accreted principal amount of a municipal security shall be considered interest and shall be within the interest rate limitations provided in subsection (1).

**141.2319 Document to be filed by municipality; failure to comply with subsection (1) or (2).**

Sec. 319.

(1) Within 15 business days of completing the issuance of any municipal security qualified under section 303(3), the municipality shall file a copy of all of the following with the department in a form and manner prescribed by the department:

(a) A copy of the municipal security.

(b) A proof of publication of the notice of sale, if applicable.

(c) A copy of the award resolution or certificate of award including a detail of the annual interest rate and call features on the municipal security.

(d) A copy of the legal opinion regarding the legality and tax status of the municipal security.

(e) A copy of the notice of rating of the municipal security received from a recognized rating agency, if any.

(f) A copy of the resolution or ordinance authorizing the issuance of the municipal security.

(g) A copy of the official statement, if any.

(h) For a refunding security, documentation indicating compliance with section 611.

(i) A filing fee equaling 0.02% of the principal amount of the municipal security issued, but in an amount not less than $100.00 and not greater than $1,000.00, as determined by the department.

(j) If the qualifying statement required by section 303(2) was received by the department more than 6 months after the end of the municipality's fiscal year, a late fee of $100.00 with the first filing thereafter.

(k) For a municipal security issued under section 305(2), documentation indicating compliance with section 305(2).

(2) Within 15 business days of completing the issuance of any municipal security approved under section 303(7), the municipality shall file all of the following with the department in a form and manner prescribed by the department:

(a) A copy of the municipal security.

(b) A proof of publication of the notice of sale, if applicable.

(c) A copy of the award resolution including a detail of the annual interest rate and call features on the municipal security.

(d) A copy of the legal opinion regarding the legality and tax status of the municipal security.

(e) A copy of the notice of rating of the municipal security received from a recognized rating agency, if any.

(f) A copy of the resolution or ordinance authorizing the issuance of the municipal security.

(g) A copy of the official statement, if any.

(h) For a refunding security, documentation indicating compliance with section 611.

(i) For a municipal security issued under section 305(2), documentation indicating compliance with section 305(2).

(3) The failure to comply with subsection (1) or (2) does not invalidate any of the securities issued or reported under this act.