UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

Debtor,
_____

Chapter 9

Case No. 13-53846
Hon. Steven Rhodes

### § 1983 PLAINTIFF'S CONCURRENCE OF INTERESTED PARTIES RYAN, SWIFT, MENDOZA, AND CUPPETELLI, SECOND SUPPLEMENTAL BIREF IN SUPPORT OF THEIR OBJECTIONS PREVIOUSLY FILED [Dkts. #4099, #4228, #4608, #5690] ON THE CONSTITUTIOANLITY OF ALLOWING THE DIMINISHMENT OF THE FUNDAMENTAL RIGHT TO A DAMAGES REMEDEY FOR THE <u>VIOLATION OF CONSTITUTIONAL RIGHTS</u>

**NOW COMES** Creditor's, JERRY ASHLEY, SHUMITHIA BAKER, DAVID BOOTH, BRANDEN BROOKS, ANGEL BROWN, TERAN BROWN, WENDY JEFFERSON, FLOYD BRUNSON, LAVERNE COVINGTON, EZEKIEL DAVIS, JEREMIAH DUREN, OTIS EVANS, DARNELL FIELDS, KEITHA GOMEZ, CHEVAL GOMEZ, JERMAINE GREEN, TERRY HARDISON IV, ANTHONY HARMON, DONALD HARRIS, RODNEY HEARD, TOMMIE HICKEY,KEVIN IVIE, JAMES JACKSON, LEINATHAN JELKS, QUENTIN KING, DANIEL LATTANZIO, APRIL LEE, MARIO LITTLEJOHN, RAY LIZZAMORE, ORLANDO MARION, JAMES MATSON, DAVE MAZUR, KEVIN MCDONALD, KEVIN MCGILLIVARY, ROBERT MCOWEN,

1

MICHAEL MCKAY, MELVIN MILLER, EDDIE MOORE, CURTIS MORRIS, GARY MUSSER, WINTER OWENS, PORTER HONDRA, WOODROW ROBERSON, BRADLEY SCHICK, ALI SOBH, DANIEL SOTO, SAMIYA SPEED, DOUGLAS TAYLOR, JEFFREY THERIOT, RAYMOND THOMPSON, JR., BERNARD WHITE, CHRISTINA WILMORE, and JOSEPH WRIGHT (hereafter "§1983 Plaintiffs"), and concur in Interested Parties, DEBORAH RYAN, WALTER SWIFT, CRISTOBAL MENDOZA, and ANNICA CUPPETELLI'S Second Supplemental Brief [Dkt. #6764]. In support of the instant concurrence, the Plaintiffs state the following:

1. The above-named § 1983 Plaintiffs have brought actions against City of Detroit Police Officers to vindicate profound deprivations of their Constitutional rights caused by police misconduct.

2. The above-named § 1983 Plaintiffs, at the time of the complained events, had clearly established Constitutional right under the Fourth Amendment to be secure in their person from unreasonable seizure through excessive force.

3. The above-named § 1983 Plaintiffs also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

4. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia

> subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and law shall be liable to the party injured in an action at law, suit in equity or other appropriate proceeding for redress . . . .

5. Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

6. It is for violations of such constitutional and statutory rights that 42 U.S.C. § 1983 authorizes redress; that section is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitutional and federal statutes that it describes. Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

7. Moreover, "where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief." Bell v. Hood, 327 U.S. 678, 684 (1946).

8. It is a general and indisputable rule, that where there is a legal right, there is also a legal remedy by suit, or action at law, when ever that right is invaded." Marbury v. Madison, 5 U.S. 137, 163 (1803).

9. The government of the United States has been emphatically termed a government of laws, and not of men. It will certainly cease to deserve this high

3

appellation, if the laws furnish no remedy for the violation of a vested legal right. Marbury v. Madison, 5 U.S. 137, 163 (1803).

10. The above-named § 1983 Plaintiffs are suing City of Detroit Police Officers in their individual capacities for actions taken within the scope of their authority and under color of state law.

11. The above-named § 1983 Plaintiffs are suing City of Detroit Police Officers for civil rights violations, not for indemnification.

12. It is the Police Officer who may choose to sue the City of Detroit for indemnification, if the Police Officer is found liable in a lawsuit, and if the City of Detroit declines to defend him or pay the judgment. It is at that point that a court might have to determine if the Police Officer's claim for indemnity was discharged in bankruptcy. V.W. ex rel. Barber v. City of Vallejo, No. 12-1629, 2013 WL 3992403, at *7 (E.D. Cal. Aug. 2, 2013).

**WHEREFORE**, for the reasons stated above, these § 1983 Plaintiffs respectfully request that this Honorable Court issue an Order stating that the Proposed Plan, in regards to § 1983 Claimants, is unconstitutional and that a § 1983 judgment against an individual officer acting in his individual capacity is not dischargeable under Chapter 9.

Respectfully submitted,

ROMANO LAW, P.L.L.C.

*/s/ Trevor J. Zamborsky      .*
DANIEL G. ROMANO (P49117)
TREVOR J. ZAMBORSKY (P77244)
23880 Woodward Avenue
Pleasant Ridge, MI 48069
dromano@romanolawpllc.com
tzamborsky@romanolawpllc.com
Tel: (248) 750 – 0270
Fax: (248) 567 – 4827

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

         Debtor,

_____

Chapter 9

Case No. 13-53846
Hon. Steven Rhodes

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2014 *§ 1983 Plaintiff's Concurrence of Interested Parties Ryan, Swift, Mendoza, and Cuppetelli, Second Supplemental Brief In Support of Their Objections Previously Filed [Dkts. #4099, #4608, #5690] on the Constitutionality of Allowing the Diminishment of the Fundamental Right to Damages Remedy for the Violation of Constitutional Rights* was filed and served via the Court's electronic filing and noticing system to all registered users that have appeared in the main Chapter 9 proceeding.

         /s/ Trevor J. Zamborsky
         Trevor J. Zamborsky
         ROMANO LAW, P.L.L.C.
         23880 Woodward Avenue
         Pleasant Ridge, MI 48069
         Telephone: (248) 750 – 0270
         Fax: (248) 936 – 2105
         tzamborsky@romanolawpllc.com

Dated: August 21, 2014

6

13-53846-tjt    Doc 6911    Filed 08/21/14    Entered 08/21/14 00:32:38    Page 6 of 6