# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | )  |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |

## MOTION FOR CLARIFICATION OF
## POST-CONFIRMATION PROCEDURES

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively "Syncora") hereby move for clarification of the post-confirmation procedures in this case—specifically, whether this Court will apply the 14-day automatic stay of Federal Rule of Bankruptcy Procedure 3020(e). The plan proposed by the City would dispense with that stay, thereby potentially allowing the confirmed plan to be substantially consummated at once and frustrating the appellate courts' ability to consider whether a further stay is warranted (which is why the Bankruptcy Rules provide for the 14-day automatic stay in the first place). Absent such clarification from this Court, no party aggrieved by the final confirmed plan—potentially including Syncora—will know whether the 14-day automatic stay will apply here before it is too late to do anything about it. Accordingly, Syncora now seeks clarification of the applicability of the 14-day automatic stay in this case, so that it may timely seek appellate review if this Court does not intend to apply the stay.

## JURISDICTION

The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The legal basis for the relief sought herein is Bankruptcy Rule 3020(e).

## RELIEF REQUESTED

Syncora seeks clarification that this Court will apply the 14-day automatic stay of Bankruptcy Rule 3020(e) notwithstanding the City's proposal to dispense with that stay.

## BACKGROUND

On July 18, 2013, the City filed a petition commencing this case under chapter 9 of the Bankruptcy Code. On August 21, 2014, the City filed the *Sixth Amended Chapter 9 Plan for the Adjustment of Debts of the City of Detroit* [Dkt. No. 6908] (the "Sixth Amended Plan"). In that plan (as in earlier proposed plans), the City requested a waiver of the 14-day automatic stay of any order entered by this Court confirming the Plan. *See* Sixth Amended Plan Art. VIII, ¶ J.

## BASIS FOR RELIEF

Bankruptcy Rule 3020(e) provides that "[a]n order confirming a plan is stayed until the expiration of 14 days after the entry of the order, unless the court

2

orders otherwise." Fed. R. Bankr. P. 3020(e). The rule's purpose is obvious: it gives parties aggrieved by a confirmation order "sufficient time . . . to request a stay pending appeal of an order confirming a plan under chapter 9 . . . of the Code ***before*** the plan is implemented." Fed. R. Bankr. P. 3020(e), Adv. Comm. Notes, 1999 Amend. (emphasis added).

It is equally obvious why the City has asked this Court to dispense with the 14-day automatic stay: it is trying to evade meaningful appellate review of any confirmed plan by presenting the appellate courts with a *fait accompli*. Once the plan is substantially consummated, the City will argue that any appeals of the confirmation order are equitably moot. *See, e.g.*, *In re United Prods., Inc.*, 526 F.3d 942, 951–52 (6th Cir. 2008) (describing doctrine of equitable mootness); *In re Am. HomePatient, Inc.*, 420 F.3d 559, 564 (6th Cir. 2005) (same). Indeed, the City has acknowledged that it is "absolutely . . . prepared to consummate over a pending appeal so long as the confirmation order is not stayed." April 17, 2014 Hr'g Tr. 152 [Dkt. No. 429]. Although Syncora will argue vigorously against the application of equitable mootness, the success of any such arguments obviously cannot be assured.

This Court should reject the City's attempt to dispense with the 14-day automatic stay because the Sixth Circuit has already made clear ***in this very case***

that it will not tolerate any such attempts to evade meaningful appellate review. In response to the district court's stay of an appeal from an earlier order in this case, the Sixth Circuit granted an extraordinary writ of mandamus to compel an immediate decision. *See In re Syncora Guar. Inc.*, __ F.3d __, 2014 WL 2959242 (6th Cir. July 2, 2014). The Sixth Circuit noted that, absent prompt adjudication of the appeal, "Syncora may be left with no option but to seek an emergency stay" of a confirmed plan of adjustment. *Id.* at *5; *see also id.* at *6 ("The district court's stay . . . presents the specter that Syncora may be forced . . . to seek appellate review of the bankruptcy court's decision in the form of an emergency motion for a stay of the confirmation plan.").

The City's request to dispense with the 14-day automatic stay set forth in Bankruptcy Rule 3020(e) presents an even more dramatic threat to meaningful appellate review: without the automatic stay, any party aggrieved by the confirmed plan—potentially including Syncora—may not even have time to seek an emergency stay from the appellate courts before the plan is substantially consummated. As noted above, the Bankruptcy Rules provide for the 14-day automatic stay precisely to give a party aggrieved by a confirmed plan time to seek emergency relief from an appellate court. There is no potential justification for dispensing with that stay other than to frustrate meaningful appellate review. *See,*

4

*e.g.*, *In re Adelphia Comm'ns Corp.*, 368 B.R. 140, 282 (Bankr. S.D.N.Y. 2007) (refusing to waive automatic stay because "fairness to [parties aggrieved by the plan] . . . requires that I not take an affirmative step that would foreclose all opportunities for judicial review"). As the Sixth Circuit has explained, "[a]n orderly bankruptcy process depends on a concomitantly efficient appeals process," and a decision dispensing with the automatic stay—like the order that triggered the mandamus proceeding—"improperly thwarts both processes." *Syncora*, 2014 WL 2959242, at *5.

Clarification of the applicability of the 14-day automatic stay is warranted now, because it will be too late if the Court does not resolve this issue until the entry of the confirmation order. At that point, the plan could be substantially consummated (and the whole point of the automatic stay defeated) before an aggrieved party could seek emergency relief from either the district court or the Sixth Circuit. The parties thus need to know before, not after, this Court confirms a plan whether the automatic stay will apply, so that they can pursue appropriate appellate relief if necessary. To this end, Syncora respectfully requests a ruling on this motion no later than September 4, 2014.

**WHEREFORE**, Syncora respectfully requests an order substantially in the form of the proposed order attached hereto clarifying that the 14-day automatic

stay of Bankruptcy Rule 3020(e) will apply to any order confirming the plan in this case.

Dated: August 21, 2014
/s/ Ryan Blaine Bennett
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*