# Exhibit 6B
**John S. and James L. Knight Foundation Subpoena**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## NOTICE OF SUBPOENAS TO FOUNDATION FUNDERS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 45(a)(4)

**PLEASE TAKE NOTICE** that, on the date hereof, Syncora Guarantee and Syncora Capital Assurance ("Syncora") will file and serve the attached subpoenas pursuant to Federal Rule of Civil Procedure 45, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9016, on the following parties:

1. Community Foundation for Southeast Michigan
2. William Davidson Foundation
3. The Fred A. and Barbara M. Erb Family Foundation
4. Max M. and Marjorie S. Fisher Foundation
5. The Ford Foundation
6. Hudson-Webber Foundation
7. Kresge Foundation
8. W.K. Kellogg Foundation
9. John S. and James L. Knight Foundation

10. McGregor Fund

11. Charles Stewart Mott Foundation

12. A. Paul and Carol C. Schaap Foundation

Dated: June 4, 2014                                    Respectfully submitted,

                                                 **KIRKLAND & ELLIS LLP**

By:  */s/ Stephen C. Hackney*
      James H.M. Sprayregen, P.C.
      Ryan Blaine Bennett
      Stephen C. Hackney
      KIRKLAND & ELLIS LLP
      300 North LaSalle
      Chicago, Illinois 60654
      Telephone:  (312) 862-2000
      Facsimile:   (312) 862-2200

           - and -

      Stephen M. Gross
      David A. Agay
      Joshua Gadharf
      MCDONALD HOPKINS PLC
      39533 Woodward Avenue
      Bloomfield Hills, MI 48304
      Telephone:  (248) 646-5070
      Facsimile:   (248) 646-5075

      *Attorneys for Syncora Guarantee Inc. and*
      *Syncora Capital Assurance Inc.*

2

13-53846-tjt  Doc 6879-3  Filed 08/22/14  Entered 08/22/14 15:51:42  Page 3 of 16
13-53846-swr  Doc 5224  Filed 06/04/14  Entered 06/04/14 18:18:26  Page 2 of 158

B256 (Form 256 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Michigan

In re City of Detroit, Michigan
Debtor

(Complete if issued in an adversary proceeding)

_____
Plaintiff
v.
_____
Defendant

Case No. 13-53846

Chapter 9

Adv. Proc. No. _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: John S. and James L. Knight Foundation, 200 S. Biscayne Boulevard, Miami, FL 33131-2349
Resident Agent: Juan J. Martinez

*(Name of person to whom the subpoena is directed)*

[X] **Testimony: YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: SEE SCHEDULE A

| PLACE | McDonald Hopkins PLC<br>39533 Woodward Avenue, Suite 318<br>Bloomfield Hills, MI 48304 | DATE AND TIME<br>June 27, 2014 at 9:00 a.m. |
|---|---|---|

The deposition will be recorded by this method: Stenographic recording and video recording.

[X] **Production**: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE SCHEDULE B

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/4/2014

CLERK OF COURT

_____      OR      _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* Interested Party Syncora et al., who issues or requests this subpoena, are:
Stephen C. Hackney, 300 N. LaSalle, Chicago, IL 60654 (312) 862-2000 stephen.hackney@kirkland.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or
        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# Schedule A
# DEFINITIONS

1. "You" or "Your" mean the parties to whom this request is directed, and shall include anyone acting on behalf of those parties, over whom the parties have control, or which is, or may be subrogated to the parties' interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

2. The term "DIA Settlement" refers to the settlement regarding the DIA Assets, as those terms are defined in the City of Detroit's Plan of Adjustment [Doc. No. 4391].

3. The term "Foundations" means the entities listed on Exhibit B to the summary of the material terms of the DIA Settlement, which is attached to the Fourth Amended Plan of Adjustment [Doc. No. 4391] as Exhibit I.A.91.

4. The term "City" shall mean the City of Detroit, Michigan, as well as any of its past or present divisions, such as, but without limitation, the Detroit Arts Commission, and departments, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, advisors, representatives, and all other persons acting or purporting to act on their behalf, including Kevyn D. Orr acting as Emergency Manager and any successors.

5. The term "Plan of Adjustment" means the City's Fourth Amended Plan for the Adjustment of Debts of the City of Detroit, filed on May 5, 2014 [Doc. No. 4391-1].

6. The term "Detroit Institute of Arts" means the Detroit Institute of Arts, a museum and cultural facility located at 5200 Woodward Avenue, Detroit, Michigan 48202, and any and all of its predecessors, officials, trustees, agents, affiliates, employees, attorneys, advisors, professionals, representatives, and all other persons acting or purporting to act on its behalf.

7. The term "Collection" shall mean the collection of over 60,000 works of art displayed or stored at the Detroit Institute of Arts, and any other Detroit Institute of Arts works of art in off-site storage facilities.

## INSTRUCTIONS

1. Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, you are directed to designate one or more of your officers, directors, managing agents, or other persons who consent to testify on your behalf and who have knowledge of and are adequately prepared to testify concerning the topics enumerated below.

2. The use of the singular form includes the plural and vice versa, any use of gender includes both genders, and a verb tense includes all other verb tenses.

2

13-53846-swr    Doc 6978-8    Filed 08/22/14    Entered 08/22/14 15:51:42    Page 8 of 16
13-53846-swr    Doc 5224-8    Filed 06/04/14    Entered 06/04/14 18:28:26    Page 150 of 158

3. All terms and phrases used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly-literal, or otherwise restrictive manner.

## DEPOSITION TOPICS

1. The negotiations between You, the City, and any other parties (including other Foundations) regarding the DIA Settlement.

2. The terms of the DIA Settlement.

3. Your contribution to the DIA Settlement.

4. Your involvement with the DIA.

5. Your reasons for entering into the DIA Settlement.

6. The purpose or mission of Your foundation.

7. Your prior donations or contributions, including donations or contributions to the arts.

8. The importance and value of the Detroit Institute of Arts and Collection.

3

13-53846-swr    Doc 6978-8  Filed 08/22/14  Entered 08/22/14 15:51:42   Page 9 of 16
13-53846-swr    Doc 5224-8  Filed 06/04/14  Entered 06/04/14 18:28:26   Page 151 of 158

## Schedule B

## DEFINITIONS

As used in these Document Requests, the following terms are to be interpreted in accordance with these definitions:

1. "You" or "Your" mean the parties to whom this request is directed, and shall include anyone acting on behalf of those parties, over whom the parties have control, or which is, or may be subrogated to the parties' interests, including, without limitation, any officer, agent, servant, employee, attorney, insurance company, investigator, independent adjusting company, or other person or entity.

1. The term "City" shall mean the City of Detroit, Michigan, as well as any of its past or present divisions, departments, commissions, officials, trustees, agents, affiliates, employees, attorneys, professionals, advisors, representatives, and all other persons acting or purporting to act on their behalf, including Kevyn D. Orr acting as Emergency Manager and any successors.

2. The term "Collection" shall mean the collection of over 60,000 works of art displayed or stored at the Detroit Institute of Arts museum located at 5200 Woodward Avenue, Detroit, Michigan 48202, and on-site and off-site storage facilities.

3. "Concerning" means relating to, referring to, describing, evidencing, reflecting, embodying, or constituting.

4. The term "DIA" means The Detroit Institute of Arts, a nonprofit corporation organized under the laws of the State of Michigan and any and all of its predecessors.

5. The term "DIA Settlement" refers to the settlement regarding the DIA Assets, as those terms are defined in the City of Detroit's Plan of Adjustment [Doc. No. 4391].

6. The term "Documents" and "Document" have the same full meaning as in Rule 34 of the Federal Rules of Civil Procedure and Rule 7034 of the Federal Rules of Bankruptcy Procedure and include the original, any draft (whether disseminated or not) and any copy, regardless of origin or location, of any correspondence, letter, memorandum, electronic mail (e-mail), statement, summary, outline, contract, agreement, book, pamphlet, periodical, telegram, telecopy, telefax, wire, cable, record, study, report, schedule, diary, desk calendar, organizer, appointment book, photograph, reproduction, map, survey, drawing, chart, model, index, tape, data sheet or data processing card, computerized information, data base or disk (including without limitation hard, soft, floppy, or compact), invoice, purchase order, ledger, journal, check (front and back), check

stub, note, bond, assignment, transfer, account statement, tax report, tax schedule, financial statement, workpaper, business form, timesheet, log, inventory, print-out, computer tape and notes of meetings, conferences, conversations or telephone conversations and any and all other written, printed, telecopied, telefaxed, transcribed, punched, taped, stored, filmed and graphic matter, however produced or reproduced, and specifically includes any preliminary note, outline, or draft of any of the foregoing in your custody, possession, or control.

7. The term "Foundations" refers to any entity that is a contributing party to the DIA Settlement, other than the City of Detroit or State of Michigan, specifically the entities listed on Exhibit B to the summary of the material terms of the DIA Settlement, which is attached to the Fourth Amended Plan of Adjustment [Doc. No. 4391] as Exhibit I.A.91.

8. The term "Plan" means the City's filed Fourth Amended Plan of Adjustment [Doc. No. 4391].

9. The terms "relate," "relate to," "relating to," and/or "refer," with respect to any given subject mean anything that concerns, constitutes, contains, compromises, consists of, discloses, describes, discusses, explains, evidences, embodies, reflects, identifies, states, summarizes, refers to, pertains to, deals with,

3

13-53846-swr    Doc 6972-8    Filed 08/22/14    Entered 08/22/14 15:51:42    Page 12 of 16
13-53846-swr    Doc 6224    Filed 06/04/14    Entered 06/04/14 18:19:26    Page 154 of 158

implies or authorizes directly or indirectly, or is in any manner whatsoever pertinent to that subject.

10. The term "State" means the State of Michigan.

## INSTRUCTIONS

1. Production shall be made as the records are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this request.

2. If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully in writing the reasons that the documents are unavailable.

3. If any document cannot be produced in full, it shall be produced to the maximum extent possible and DIA Corp. shall specify in writing the reasons for its inability to produce the remainder.

4. If any documents are available but are not produced because of an objection, including an objection based on privilege, identify such documents with particularity as to date, subject matter and the nature of the objection or privilege claim.

4

13-53846-swr    Doc 6972-48    Filed 08/22/14    Entered 08/22/14 15:51:42    Page 13 of 16
13-53846-swr    Doc 5224    Filed 06/04/14    Entered 06/04/14 18:19:26    Page 13 of 16

5. If documents called for are not available to you because they are in the custody or in control of a third person, identify such documents and the third person in whose possession or control said documents are to be found.

6. Produce original documents whenever such documents are available to you.

7. Produce all documents available by virtue of being in possession of your attorneys or other agents.

8. In accordance with Fed. R. Bankr. P. 7026, where a claim of privilege is asserted in objecting to any Document Request or part thereof, the responding party shall, in the objection, identify (a) the nature of the privilege that is being claimed; (b) the type of document; (c) the general subject matter of the document; (d) the date of the document; and (e) such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document, and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

9. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all." "Any" means "any and all." "Including" means "including but not limited to."

5

13-53846-swr    Doc 6224    Filed 06/04/14    Entered 06/04/14 18:19:26    Page 14 of 16
13-53846-tjt    Doc 6978-8    Filed 08/22/14    Entered 08/22/14 15:51:42    Page 156 of 158

"And" and "or" encompasses both "and" and "or." Words in the masculine, feminine or neuter shall include each of the other genders.

10. Unless otherwise stated, the time period applicable to the documents called for is July 18, 2013, through the date of this document request, subject to the City's ongoing obligation to supplement its responses under the applicable rules.

**Document Requests**

1. All documents and communications relating to the DIA Settlement.

2. All documents and communications relating to the negotiations surrounding the DIA Settlement.

3. All documents and communications relating to the transfer of the Collection to DIA Corp. pursuant to the DIA Settlement.

4. All documents and communications describing the reasons for entering into the DIA Settlement.

5. Documents sufficient to show the causes or charities You have previously supported or provided money to from January 1, 1990 to the present.

6. Your mission statement.

6

13-53846-swr    Doc 6224    Filed 06/04/14    Entered 06/04/14 18:19:26    Page 15 of 16
13-53846-tjt    Doc 6978    Filed 08/22/14    Entered 08/22/14 15:51:42    Page 15 of 16

7. Documents sufficient to show Your current process for evaluating potential partners or causes.

8. All communications between You and the DIA from January 1, 2001 to the present.

7

13-53846-swr  Doc 6972  Filed 08/22/14  Entered 08/22/14 15:51:42  Page 16 of 16
13-53846-swr  Doc 5224  Filed 06/04/14  Entered 06/04/14 18:19:26  Page 158 of 158