# Exhibit 6A
## June 26, 2014 Hearing Transcript

```
                    UNITED STATES BANKRUPTCY COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION

IN RE:  CITY OF DETROIT,        .     Docket No. 13-53846
        MICHIGAN,                .
                                 .     Detroit, Michigan
                                 .     June 26, 2014
            Debtor.              .     9:00 a.m.
. . . . . . . . . . . . . . . . .

          HEARING RE. (#5259) STATUS CONFERENCE ON PLAN
           CONFIRMATION PROCESS (RE. FIFTH AMENDED ORDER
     ESTABLISHING PROCEDURES, DEADLINES AND HEARING DATES
      RELATING TO THE DEBTOR'S PLAN OF ADJUSTMENT.  STATUS
       HEARINGS REGARDING PLAN CONFIRMATION PROCESS; (#5285)
          CORRECTED MOTION TO QUASH SYNCORA'S SUBPOENA TO
            DEPOSE ATTORNEY GENERAL BILL SCHUETTE FILED BY
      INTERESTED PARTY BILL SCHUETTE; (#5250) MOTION OF THE
       CITY OF DETROIT FOR SITE VISIT BY COURT IN CONNECTION
      WITH THE HEARING ON CONFIRMATION OF THE CITY'S PLAN OF
          ADJUSTMENT FILED BY DEBTOR IN POSSESSION CITY OF
           DETROIT, MICHIGAN; (#5300) JOINT MOTION TO QUASH
           SUBPOENAS DUCES TECUM FILED BY INTERESTED PARTIES
             A. PAUL AND CAROL C. SCHAAP FOUNDATION, CHARLES
           STEWART MOTT FOUNDATION, COMMUNITY FOUNDATION FOR
        SOUTHEAST MICHIGAN, HUDSON-WEBBER FOUNDATION, MAX M
         AND MARJORIE S. FISHER FOUNDATION, MCGREGOR FUND,
        THE FORD FOUNDATION, THE FRED A. AND BARBARA M. ERB
         FAMILY FOUNDATION, W.K. KELLOGG FOUNDATION, WILLIAM
              DAVIDSON FOUNDATION; (#5478) MOTION OF THE GENERAL
                RETIREMENT SYSTEM OF THE CITY OF DETROIT TO
              DESIGNATE AND DETERMINE ADDITIONAL LEGAL ISSUE
              REGARDING METHODOLOGY FOR ASF RECOUPMENT FROM
                RETIREES FILED BY CREDITOR GENERAL RETIREMENT
         SYSTEM OF THE CITY OF DETROIT; (#5442) MOTION FOR
            PROTECTIVE ORDER CITY OF DETROIT'S MOTION FOR
            ENTRY OF A PROTECTIVE ORDER STRIKING SYNCORA'S
             DEMAND IN ITS RULE 30(b)(6) DEPOSITION NOTICE
       FOR THE PERSONAL FINANCIAL INFORMATION OF ALL CITY
             RETIREES FILED BY DEBTOR IN POSSESSION CITY OF
         DETROIT, MICHIGAN; (#5436) MOTION TO COMPEL FULL AND
          FAIR RESPONSES TO SYNCORA'S INTERROGATORIES FILED BY
          INTERESTED PARTIES SYNCORA CAPITAL ASSURANCE, INC.,
                        SYNCORA GUARANTEE, INC.
                  BEFORE THE HONORABLE STEVEN W. RHODES
                   UNITED STATES BANKRUPTCY COURT JUDGE
```

1     THE COURT:  What other ways?

2     MR. SHUMAKER:  I mean you can still make those
3  arguments in a nonindividual way.  It's a collective personal
4  hardship.  Your Honor can not believe that the retirees will
5  suffer more than the other creditors, but you can argue that
6  through the kinds of evidence that has already been provided
7  to Syncora, and they would say, well --

8     THE COURT:  Well, but that evidence only goes so
9  far.  It doesn't describe all of the income of all of the
10 retirees.  Some of them may have other jobs or other sources
11 of income, and it says nothing about assets at all.

12    MR. SHUMAKER:  That's true.  That information is not
13 in those actuarial reports, but I do think that, you know --
14 in terms of how I see the case, no, but this is not just any
15 old case.  This is a case, as everyone has talked about --

16    THE COURT:  Well, hold on.  Hold on.  There are lots
17 of Chapter 11 cases where employees are dealt with
18 differently than other creditors.

19    MR. SHUMAKER:  Certainly.

20    THE COURT:  Have any of those cases ever taken into
21 account the greater needs of the employees compared to the
22 needs of, for example, trade creditors --

23    MR. SHUMAKER:  I'm not --

24    THE COURT:  -- or bondholders?

25    MR. SHUMAKER:  I'm not certain as I stand here, your

1  Honor, whether -- excuse me, your Honor, if I may.

2  THE COURT: Yes. I mean I have to say that in the
3  case law I'm familiar with where the issue is the business
4  justification for whatever discrimination is in the plan is
5  determined based on the business needs of the debtor, not the
6  business or financial needs of the creditors. That's the
7  distinction.

8  MR. SHUMAKER: I understand where you're coming
9  from, your Honor. I have consulted with Ms. Lennox, as you
10 saw. I think that the -- I can affirm that the city is not
11 going to be standing on the personal hardship argument, so
12 perhaps this is --

13 THE COURT: Well, I think that's the appropriate
14 decision. I'm going to -- I'm going to say here as
15 unequivocally as I can that as a matter of law, creditors'
16 needs is not an issue when it comes to determining unfair
17 discrimination. It's the business judgment of -- the
18 business rationale of the debtor taking into account the
19 debtor's needs that is critical.

20 MR. SHUMAKER: Understood, your Honor. Now, with
21 what I just -- my statement about what the city is not going
22 to be relying on, I still have the concern about the personal
23 and financial information. I don't know whether Mr. Hackney
24 is willing --

25 THE COURT: Well, let me ask you to pause, and let

1  me get back to Mr. Hackney because I did interrupt his
2  argument to call on you for this question. Mr. Hackney, do
3  you still need this?
4              MR. HACKNEY:  No.
5              THE COURT:  All right.  Then we will enter an order
6  that you are withdrawing this request from the city.
7              MR. HACKNEY:  In reliance on the Court's ruling.
8              THE COURT:  In reliance on what I have held here
9  today, absolutely.
10             MR. HACKNEY:  Your Honor, I won't go on and on, but
11 I would like somewhat of a brief opportunity to defend
12 myself, though.
13             THE COURT:  You may have that, sir.
14             MR. HACKNEY:  This motion did not fairly describe to
15 you the efforts that I took in that meet and confer to
16 address the concerns of the city, and, in particular -- and
17 Mr. Shumaker just did it again when he got up here today.  He
18 said they want all the retiree income for all 20,000 of them.
19 That's not true.  What I told them in the meet and confer and
20 what Mr. Arnault's e-mail says, if you read it, at the end
21 the last two sentences were, "I said that I want to know what
22 you know."  And I know that it's -- I know the substance
23 we've resolved, but I wanted -- what I want to tell you is
24 that I took steps on every point, relevance, privacy, burden,
25 to address them.  There was never a substantive response