# Exhibit 1

# Proposed Order

US_ACTIVE:\44537574\10\45259.0007

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
----------------------------------------------------------------x
                                        :
 In re                                  : Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              : Case No. 13-53846
                                        :
             Debtor.                    : Hon. Steven W. Rhodes
                                        :
                                        :
----------------------------------------------------------------x
```

## ORDER PRECLUDING THE INTRODUCTION OF EVIDENCE OR TESTIMONY REGARDING CERTAIN MATTERS PREVIOUSLY DEEMED IRRELEVANT BY THE COURT OR THE CITY OF DETROIT

This matter having come before the Court on *Financial Guaranty Insurance Company's Motion* In Limine *for Entry of an Order Precluding the Introduction of Evidence or Testimony Regarding Certain Matters Previously Deemed Irrelevant by the Court or the City of Detroit Excluding* (the "**Motion**"),[11] filed by Financial Guaranty Insurance Company ("**FGIC**"); and due and proper notice of the hearing to consider the relief requested therein (the "**Hearing**") having been given to all parties registered to receive electronic notices in this matter; and the Court having held the Hearing with the appearances of interested parties noted in the record of the Hearing; and upon the entire record of all the proceedings before the Court; and the legal and factual bases set forth in the Motion establishing just and sufficient cause to grant the relief requested therein;

---

[11] All capitalized terms used but not defined herein shall have the meanings attributed to them in the Motion.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. All parties are precluded from introducing evidence or testimony at the Confirmation Hearing related to the following matters previously deemed irrelevant by the Court and/or the City: (a) the purported invalidity of the COPs; (b) the needs and hardships of the pensioners; and (c) the terms and conditions of the settlement negotiations leading to the Grand Bargain, to the extent such evidence is introduced for the purpose of demonstrating that the Plan meets the requirements for confirmation under Section 1129 of the Bankruptcy Code.

It is so ordered.