# Exhibit 6C

# Excerpts of Expert Report of Martha Kopacz

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
City of Detroit, Michigan,  
    Debtor,  
_____/

Chapter 9  
Case No. 13-53846  
Hon. Steven W. Rhodes

### EXPERT REPORT OF MARTHA E.M. KOPACZ REGARDING THE FEASIBILITY OF THE CITY OF DETROIT PLAN OF ADJUSTMENT

On April 22, 2014, Judge Rhodes entered an Order[1] appointing me as the Court's expert witness. Pursuant to that Order, "(t)he Court's expert shall investigate and a reach a conclusion on:

(a) Whether the City's plan is feasible as required by 11 U.S.C. § 943(b)(7); and

(b) Whether the assumptions that underlie the City's cash flow projections and forecasts regarding its revenues, expenses and plan payments are reasonable."

I am providing this Report under Fed. R. Evid. 706(a). Should additional information become available, I reserve the right to amend or supplement this Report.

---

[1] Docket #4215, Order Appointing Expert Witness

unfortunate but is understandable given the speed with which this bankruptcy has occurred and the Emergency Manager's priorities during his similarly short tenure.

Readers of the POA should view the Plan projections as a "sources and uses" statement which describes cash available to fund delivery of some of the services the City provides and certain payments to creditors. As such, these projections are useful only for purposes of confirming the POA (or not, as the case may be) and directionally providing guidance for the City to plan its finances going forward for those operations that are addressed in the POA. It is important to understand that the POA projections are not a business plan for the City. They are not the City's budget. They are not the "financial plan" referenced in Public Acts 181 and 182 of 2014, also referred to as the "Grand Bargain" legislation.

The confusion about the projections in the POA and these other financial plans is evident within the City including its employees, amongst the media and the stakeholders. The projections in the POA have not been harmonized with the City's budget that was passed by the City Council on June 5, 2014. As such, any funding of the RRIs will require first identification of a funding source, and then approval by the CFO and Mayor, and finally, approval by the City Council of a budget amendment to support the appropriations. Although the City has many financial reporting priorities, it is highly advisable that the budget department amend the

approved June budget for the numerous anticipated changes post confirmation, harmonizing the current headcounts and spending levels with the RRIs that the City intends to execute in the coming year, and submit a new budget to the City Council for approval.

The sooner the City can divorce itself from the confusion created by the POA projections, the better. The City needs a multi-year Business Plan which can act as a single financial and operational plan, including all departments and enterprise activities (of which an amended budget would be a part) as well as capital plans that can be publicly communicated and compared to actual performance. A "bridge" should be prepared which identifies the components of the POA projections that are included in the City's Business Plan and then the POA projections can be archived.

Another confusion I believe exists in the POA is the investment plan for infrastructure and service delivery improvements that are required to revitalize the City. Those funds will necessarily come from reducing costs of existing service delivery either through efficiency improvements or elimination of activities. The media has created the impression that the City's investment of more than $1 billion over the course of the coming years is a "given". This is incorrect. There is no funding source for these investments, including blight removal, other than the Exit