## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| In re | ) ) ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | ) ) ) | Case No.: 13-53846 |
| Debtor. | ) ) ) ) ) | Hon. Steven W. Rhodes |

## CITY OF DETROIT'S MOTION IN LIMINE TO PRECLUDE ITS COUNSEL, HEATHER LENNOX, FROM BEING CALLED AS A TRIAL WITNESS

The City of Detroit, Michigan (the "City") submits this Motion In Limine to preclude its attorney, Heather Lennox, from being called as witnesses at trial by Wanda Jan Hill. *See* Hill Motion (Doc. 6860); Order Regarding Motions to Participate in the Confirmation Hearing ¶ 26 (Doc 6896). In support of its Motion, the City states as follows:

## INTRODUCTION

1.      Heather Lennox is one of the lead attorneys representing and advising the City in connection with its chapter 9 bankruptcy. Ms. Lennox is actively engaged as trial counsel for the City, and also has assisted the City in developing and implementing various restructuring proposals, including the City's Plan of Adjustment and the Annuity Savings Fund Recoupment ("ASF Recoupment").

1

Ms. Lennox has participated on the City's behalf in negotiations with pension systems and other stakeholder constituencies regarding the ASF Recoupment.

2.      On August 18, 2014, Wanda Jan Hill moved to call Ms. Lennox as a witness for trial. *See* Hill Motion at 1. Ms. Hill indicated that she sought nothing less than "full disclosure" from Ms. Lennox of *all* information regarding the development and execution of the ASF Recoupment—including the City's negotiation "tactic[s]" and other information that Ms. Hill described as "hidden." *See id.* at 1–2.

3.      The Court granted Ms. Hill's motion in part and narrowed the scope of any direct examination of Ms. Lennox to two issues: (1) whether "the 6.75% interest rate on the ASF recoupment is excessive," and (2) whether that interest rate was "adequately disclosed in the disclosure statement" the City provided to pension holders. Order Regarding Motions to Participate in the Confirmation Hearing ¶ 26.

4.      Ms. Hill should not be permitted to call Ms. Lennox or elicit testimony from her on either of these two issues because she has not even *attempted* to show the requisite "compelling need" to call opposing counsel as a witness at trial. *See United States v. Ziesman*, 409 F.3d 941, 950–51 (8th Cir. 2005) (cautioning that calling opposing counsel as a trial witness is "disfavored"); *accord Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 628 (6th Cir.

2002); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). *First*, Ms. Hill has not shown, and cannot show, that Ms. Lennox's testimony is relevant, let alone vital, to the narrow issues the Court has permitted Ms. Hill to pursue. *See Ziesman*, 409 F.3d at 950–51. *Second*, Ms. Hill has not shown, and cannot show, that Ms. Lennox is the *only* source of information on the issues to which the Court has limited any examination of Ms. Lennox. *See id.*; *accord Nationwide Mut.*, 278 F.3d at 628. This Court should grant the City's Motion and bar Ms. Hill from calling Ms. Lennox as a witness at trial.

## ARGUMENT

5.     The City's Motion should be granted because calling opposing counsel as a witness is highly "disfavored," and Ms. Hill has not shown a "compelling need" for Ms. Lennox's testimony. *See, e.g.*, *Ziesman*, 409 F.3d at 950–51; *see also* Restatement (Third) of Law Governing Lawyers § 108(4) (same).[1] To show a "compelling need," Ms. Hill must demonstrate, among other

---

[1] *See, e.g.*, *Lolli v. Zaller*, 894 F.2d 1336, 1990 WL 7947, at *3 (6th Cir. 1990) (unpublished) (noting that, in order to permit the "unusual" practice of examining "opposing counsel as a witness," the proponent must affirmatively demonstrate "extraordinary circumstances"); *see also United States v. Britton*, 289 F.3d 976, 982-83 (7th Cir. 2002) ("[W]here evidence is easily available from other sources and absent 'extraordinary circumstances' or 'compelling reasons,' an attorney who participates in the case should not be called as a witness."); *United States v. Dupuy*, 760 F.2d 1492, 1497–98 (9th Cir. 1985) (cannot call opposing counsel as witness "unless there is a compelling need"); *United States v. Schwartzbaum*, 527 F.2d 249, 253 (2d Cir. 1975) (calling opposing counsel "acceptable only if required by a compelling and legitimate need"); *United States*

things, that (1) Ms. Lennox's testimony is relevant and "vital to [her] case," and (2) Ms. Hill cannot "present the same or similar facts from another source," *Ziesman*, 409 F.3d at 950–51 (internal quotation marks omitted). Not only has Ms. Hill failed to carry that burden, she has not even attempted to do so.

## I. MS. HILL HAS NOT SHOWN HOW MS. LENNOX'S TESTIMONY IS EVEN RELEVANT—LET ALONE VITAL—TO HER CASE.

6. Ms. Hill has not shown, and cannot show, that Ms. Lennox's testimony is even *relevant* to her case, so she cannot prove that it is "vital" to the two narrow issues on which she may seek to examine Ms. Lennox. *See, e.g.*, *Boughton v. Cotter Corp.*, 65 F.3d 823, 831 & n.12 (10th Cir. 1995); *accord Nationwide Mut.*, 278 F.3d at 628; *Shelton*, 805 F.2d at 1327.

7. On the first issue, Ms. Lennox has no personal knowledge of whether the ASF Recoupment interest rate is or is not "excessive." Order Regarding

---

*v. Crockett*, 506 F.2d 759, 760 (5th Cir. 1975) ("[A] party's attorney should not be called as a witness unless his testimony is both necessary and unobtainable from other sources."); *United States v. Newman*, 476 F.2d 733, 738 (3d Cir. 1973) (holding that district courts "may properly refuse to allow the defense to call [opposing counsel] if it does not believe that he possesses information vital to the defense"); *Gajewski v. United States*, 321 F.2d 261, 268 (8th Cir. 1963) ("Courts are especially reluctant, and rightfully so, to allow lawyers . . . to be called as witnesses in trials in which they are advocates."); *Zubulake v. UBS Warburg LLC.*, 382 F. Supp. 2d 536, 548–49 (S.D.N.Y. 2005) ("[T]he risk that privileged communications could be probed during trial is arguably too great to permit plaintiff to call opposing counsel to testify."); *United States v. La Rouche Campaign*, 695 F. Supp. 1290, 1315–16 (D. Mass. 1988) (calling opposing counsel as a witness permissible "only if the testimony sought is required by a compelling and legitimate need").

4

Motions to Participate in the Confirmation Hearing ¶ 26; *see also* Fed. R. Evid. 602; *United States v. Sandles*, 469 F.3d 508, 514–15 (6th Cir. 2006) (stressing that witnesses must have "personal knowledge"). Indeed, Ms. Lennox is an attorney; the proportionality of interest rates is not a subject within "her range of generalized knowledge, experience, [or] perception." *See United States v. Johnson*, 688 F.3d 494, 503 (8th Cir. 2012). Because Ms. Hill can only hope to elicit "a large degree of impermissible speculation" on that issue, *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 625 (6th Cir. 2013), she cannot show that Ms. Lennox's testimony is relevant or vital to her claim.

8.      Nor does Ms. Lennox have anything admissible or probative to offer on the second issue—whether the interest rate was "adequately disclosed in the disclosure statement." Order Regarding Motions to Participate in the Confirmation Hearing ¶ 26. Essentially, Ms. Hill speculates that "only . . . some" of the retirees may have read the City's "written mentioning of the interest rate." Hill Motion at 2. But Ms. Lennox has no personal knowledge of how many retirees read their replacement ballots or what percentage were aware of the City's other public disclosures.

9.      Accordingly, because Ms. Lennox cannot offer any admissible or relevant testimony on the narrow issues the Court has allowed Ms. Hill to pursue, Ms. Lennox's testimony is not "vital" to Ms. Hill's case, *see Ziesman*, 409 F.3d at

950–51, and the Court should grant the City's Motion.

## II. MS. HILL HAS NOT SHOWN THAT MS. LENNOX IS THE ONLY SOURCE FOR THE INFORMATION SHE SEEKS.

10.     Even if Ms. Hill could show that Ms. Lennox's testimony is relevant and vital, the Court still should grant the City's Motion because Ms. Hill has not shown that she is unable to "present the same or similar facts from another source." *See, e.g.*, *Ziesman*, 409 F.3d at 950–51; *Boughton*, 65 F.3d at 831 & n.12; *accord Nationwide Mut.*, 278 F.3d at 628.   As the Seventh Circuit put it, "[w]here evidence is easily available from other sources . . . an attorney who participates in the case should not be called as a witness."  *United States v. Dack*, 747 F.2d 1172, 1176 n.5 (7th Cir. 1984).

11.     Ms. Hill has offered no explanation as to why Ms. Lennox is the *only* source of information on the two narrow issues—nor can she.  Ms. Hill has shown as much by moving to call *another* witness, Belinda Florence, to provide the same information she seeks to elicit from Ms. Lennox.  *See* Hill Motion at 1–2.  By her own admission, then, Ms. Hill acknowledges that the evidence she seeks "is easily available from . . . sources" other than the City's counsel, Ms. Lennox.  *See Dack*, 747 F.2d at 1176 n.5.

12.     Moreover, as noted, Ms. Lennox does not even possess firsthand knowledge regarding whether retirees read their replacement ballots or otherwise were aware of the City's other public disclosures.  *See supra* Part I.  Ms. Lennox,

6

therefore, is not even *a potential* source of the information Ms. Hill seeks, let alone the *only* source. *See Ziesman*, 409 F.3d at 950–51.

13.    Put simply, Ms. Hill has not shown, and cannot show, that Ms. Lennox's "testimony is, in fact, genuinely needed." *Park W. Galleries, Inc. v. Global Fine Art Registry*, 2010 WL 891271, at *5 (E.D. Mich. Mar. 10, 2010) (internal quotation marks omitted).

WHEREFORE, for the foregoing reasons, the Court should grant the City's Motion In Limine and preclude its counsel, Heather Lennox, from being called as a witness at trial.

Dated:  August 22, 2014          Respectfully submitted,

 /s/  Bruce Bennett
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, Michigan  48075
Telephone:  (248) 359-7300
Facsimile:  (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

ATTORNEYS FOR THE CITY OF DETROIT

8

## SUMMARY OF EXHIBITS

The following exhibits are attached to this motion, labeled in accordance with Local Rule 9014-1(b):

Exhibit 1     Proposed Order

Exhibit 2     Notice

Exhibit 3     None (Brief Not Required)

Exhibit 4     Certificate of Service

Exhibit 5     None (No Affidavits Filed Specific to this Motion)

Exhibit 6     None (No Documentary Exhibits Specific to this Motion)

# EXHIBIT 1

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

|  |  |  |
|---|---|---|
| In re | ) ) ) ) ) ) ) ) ) ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | | Case No.: 13-53846 |
| Debtor. | | Hon. Steven W. Rhodes |

**ORDER GRANTING THE CITY'S MOTION IN LIMINE TO PRECLUDE ITS COUNSEL, HEATHER LENNOX, FROM BEING CALLED AS A TRIAL WITNESS**

This matter comes before the Court on the City Of Detroit's Motion In Limine To Preclude Its Counsel, Heather Lennox, From Being Called As A Trial Witness. Having reviewed the Motion and the Opposition, having considered the statements of counsel at a hearing before the Court, and having determined that there is no legal or factual basis for subpoena to the City's counsel:

IT IS HEREBY ORDERED THAT the Motion is GRANTED.

Dated: August _____, 2014            /s/_____
                                      THE COURT

# EXHIBIT 2

## Notice

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| In re | ) ) ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | ) ) ) | Case No.: 13-53846 |
| Debtor. | ) ) ) ) ) | Hon. Steven W. Rhodes |

## NOTICE OF MOTION AND OPPORTUNITY TO RESPOND

PLEASE TAKE NOTICE that on August 22, 2014, the Debtor, City of Detroit, filed its Motion In Limine To Preclude Its Counsel, Heather Lennox, From Being Called As A Trial Witness (the "Motion") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") seeking entry of an order excluding the testimony of Victor Wiener at trial.

PLEASE TAKE FURTHER NOTICE that **your rights may be affected by the relief sought in the Motion. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

PLEASE TAKE FURTHER NOTICE that if you do not want the Bankruptcy Court to grant the Debtor's Motion, or you want the Bankruptcy Court to consider your views on the Motion, by **August 27,2014**[1] you or your attorney must:

1.      File a written objection or response to the Motion explaining your position with the Bankruptcy Court electronically through the Bankruptcy Court's electronic case filing system in accordance with the Local Rules of the Bankruptcy Court or by mailing any objection or response to:[2]

---

[1] This deadline was established by an order of the Court.

[2] A response must comply with Fed. R. Civ. P. 8(b), (c) and (e).

**United States Bankruptcy Court**
Theodore Levin Courthouse
231 West Lafayette Street
Detroit, MI 48226

You must also serve a copy of any objection or response upon:

**Jones Day**
51 Louisiana Ave. NW Washington, D.C. 20001-2113
Attention: Gregory Shumaker

-and-

**Pepper Hamilton LLP**
Suite 1800, 4000 Town Center Southfield, Michigan 48075
Attn: Robert Hertzberg and Deborah Kovsky-Apap

2.      If an objection or response is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**PLEASE TAKE FURTHER NOTICE that if you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting such relief.**

Dated: August 22, 2014          Respectfully submitted,

　/s/  Bruce Bennett　　　　　　
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075
Telephone: (248) 359-7300
Facsimile: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT 3

## Brief (Not Applicable)

# EXHIBIT 4

## Certificate of Service

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

|  |  |  |
|---|---|---|
| In re | ) ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | ) ) ) | Case No.: 13-53846 |
| Debtor. | ) ) ) ) ) | Hon. Steven W. Rhodes |

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2014, I electronically filed the City Of

Detroit's Motion In Limine To Preclude Its Counsel, Heather Lennox, From Being

Called As A Trial Witness with the Clerk of the Court, which sends notice by

operation of the Court's electronic filing service to all ECF participants registered

to receive notice in this case.

Dated: August 22, 2014                    /s/ Bruce Bennett
                                          Bruce Bennett

# EXHIBIT 5

## Affidavits (Not Applicable)

# EXHIBIT 6

## Documentary Exhibits