# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM
Creditors/Objectors,

v

In re:
City OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
KEVYN D.ORR
       Debtors/City of Detroit
_____/

Chapter 9
Case No. 13-53846
Magistrate Judge:
Steven W Rhodes

## CORRECTED AMENDED VERIFIED MOTION TO EXTEND THE TIME AND RESPONSE TO THE ORDERS OF MAGISTRATE JUDGE STEVEN W. RHODES ISSUED AUGUST 7 AND 13 2014 DOCKET NOS. 6584 & 6699

NOW COMES the creditors/objectors in the above caption and herein this motion duly sworn depose and say that we respond to the ORDERS of Magistrate Judge Steven W Rhodes ORDERS issued August 7, 2014 and August 13 and say the following;

1) We/I objected to the ORDERS of Magistrate Judge Steven W. Rhodes, due to it is not enough time to respond and place the creditor at a disadvantage and prejudice against the creditors.

2) We the creditors/objectors feel like this is a "trial by ambush."

1

3) The number or section 3(d) of the ORDER "An explanation of why the proposed evidence will not be duplicative of other evidence.

4) The number 3 of section (e) A list of the exhibits to be offered into evidence during the proposed testimony.

5) We need a more definite statement to be able to respond, in accordance to Fed.R.Civ.Proc. Rule 12(e).

6) The Magistrate Judge Steven W Rhode allowed the other creditors such as the union attorneys to file duplicative agreements through i.e. (Stipulated agreements) at least twice. Not to mention the multiple Amendments.

2

# BRIEF IN SUPPORT OF CORRECTED AMENDED VERIFIED MOTION TO EXTEND THE TIME IN RESPONSE TO THE ORDERS OF MAGISTRATE JUDGE STEVEN W RHODES ISSUED AUGUST 7, AND 13 2014 DOCKET NOS. 6584 & 6699

1) We/I objected to the ORDERS of Magistrate Judge Steven W. Rhodes due to the court lacks jurisdiction, however if the court legally had jurisdiction it wouldn't be enough time to respond. The creditors received the ORDERS, approximately August 9, 2014 and some are still receiving the orders as we respond to this ORDERS a creditor/objector called and told creditor/objector Carl Williams they just received their today August 12, 2014 that only gives the creditors/objectors ( 5) days to prepare and respond.

The creditors/objectors are not attorneys and are layman or laypersons that do not have the legal expertise or the staffing of that of an attorney and some of the creditors/objectors need legal assistant and advice and 5 days or less days is not practical, realistic or fair to the creditors without an attorneys and give the debtors the City of Detroit a great disadvantage. The City of Detroit has attorneys and this wouldn't even be adequate for them with attorneys so how do you expect creditor to response in 5 days is ridiculous and prejudice against the creditors. The average citizens also don't have the time or the money to retain an attorney. Most of us is on a fix income and need the time to make an adequate response. These continue sale pressure tactics against the creditors show bias and place them at a

great disadvantage. Therefore, contravening due process of law of the VI Amendment to assistant of Counsel with the 14th Amendment to invoke "equal protection under the law for civil rights as well as criminal rights" under IX Amendment to "The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people." The order violated Article 1 Section 17 of due process of fair and just treatment in the course of investigations and hearing of the Michigan State Constitution. Also to include the "42 USC 1983 deprivation of Civil Rights.

2) We creditors/objectors feel like this is a "trial by ambush" where the creditors/objectors have giving our evidence and strategy to the court before the trial or hearing. That gives the debtor (the city of Detroit) and the hostile witnesses the benefit of doubt and time to rehearse and prepare for the hearing knowing what the questions is going to be asked and evidence presented all out in the public for viewing for everybody to see them place the creditors/objectors at a great disadvantage. Criminals and others creditors who have trial or hearing at least have the benefit of the element of surprise. That present a rigging of the judicial process in favor of the opposing party the emergency manager, Kevyn Orr the city of Detroit. Therefore, this is a due process and equal protection of Article 1 Section 2 of the Michigan State Constitution and the law of

4

the 5th Amendment and 14th Amendments violation of the Constitution of the United States.

3) The number or section 3(d) of the ORDER "An explanation of why the proposed evidence will not be duplicative of other evidence. We are not sure of what the order is saying or mean here? We need a more definite statement to be able to respond, in accordance to Fed.R.Civ.Proc. Rule 12(e).

This request or statement doesn't make any rational or reasonable sense what evidence is the judge referring to? If it duplicated because two or more people have the same interest that should be expected. If the Magistrate judge Steven W. Rhodes had addressed the issues in the first place in the objections the problems or duplicative issues, as he put it would have been solved. The court has contravened U.S. Bankruptcy Code Rule 3007-1 in not providing hearings on their previous objections without a legal reasonable cause or explanation. Thus a due process of law violation of the 5th Amendment procedural due process and the 14th Amendment of equal protection of the law of the Constitution of the United State.

4) The Magistrate Judge Steven W Rhode allowed the other creditors such as the union attorneys to file duplicative agreements through i.e. (Stipulated agreements) at least twice. Also on its face the Plan of Adjustment have been duplicated one through five times (as amendments) and we wouldn't be sur-

5

prise, if there isn't a six or seventh amendment. We object to the bankruptcy court through the Order demonstrating overwhelmingly bias by even making this statement and number three (3) section (d) should be removed from the order.

5) The number 3 section (e) A list of the exhibits to be offered into evidence during the proposed testimony:

a) We want all of our questions asked to be under oath.

b) We want the bankruptcy court to subpoena the witnesses to court that is listed in this motion.

We object to the giving questions were everybody can view them and prepare their answers before court and place creditors at a disadvantage. The witnesses we plan on calling are the following:

c) **Emergency Manager Kevyn Orr**

We would like call the Emergency Manager Kevyn Orr as a hostile witness. (1) We would asked how many bankruptcy of municipalities have he filed? (2) We would like to asked him if he was familiar with the bankruptcy code and rules? (3) If say yes. We would asked him was he aware that only a elected official or officials of a municipality can file for bankruptcy at the time when he filed for bankruptcy? (4) Can you name three cities that had filed for bankruptcy and is better off and financially stable without any assistant from the state.

6

**Magistrate Judge Steven W. Rhodes**

(1) Who filed Chapter 9 bankruptcy for the city of Detroit? (2) What law authorized that person to file? (3) According to the Bankruptcy Code and Rules there are two main reasons for dismissal under 11 USC 930 or 1112? What are there? (4) According to your order and opinion you rule that the bankruptcy wasn't filed in good faith? Why wasn't it dismissed? (5)There is also evidence that 11 USC 903 and 904 has been contravened so why wasn't this case dismissed? (6) Did you make a legal decision according to the bankruptcy code and rules or a personal one? (7) If so why? (8) What would it take for you to dismiss this case?

**Former State Treasurer Andy Dillon**

(1)Mr. Dillon right before you left your position as treasurer you stated that the City didn't need to go to bankruptcy and it was premature what did you mean? (2) What could you have done to prevent bankruptcy? (3 What steps would you have taken to place the City in better financial situation? (4) Do you think that there is other thing that could have been done short of bankruptcy?

**Former Council Woman Joann Watson**

(1) Ms Watson while you was on city council did you or any of your colleges

7

vote on filing for bankruptcy? (2) Was there any discussion on bankruptcy? Did the Mayor discuss filing bankruptcy with the council members at any time while you were in office?

**Council Woman Brenda Jones**

(1) Ms. Jones while you was on city council did you or any of your colleges vote on filing for bankruptcy? (2) Did the Mayor discuss filing bankruptcy with the council members at any time? If yes? (3) What did he asked?

**Mayor Mike Duggan**

(1)There were some email reveal by Robert David with a conversation between you and the Governor Snyder in picking a emergency manager why did you both pick Kevyn Orr? (2) What stood out that made you and the governor chose him? (3) Did the governor say he chose Kevyn Orr because he was black? (4) What do you think he meant by that? How did you feel and what did you think?

**Governor Rick Snyder**

(1)There were some email reveal by Robert David with a conversation between you and the Mayor Mike Duggan in picking a emergency manager why

8

did you both pick Kevyn Orr? (2)What did you mean by you need someone or person that was black? (3)Why did you suggest bankruptcy instead of paying the money the state owed the city?

    We are submitting some salient documents evidence of objections that have bee n filed (1) Objection to chapter 9 Bankruptcy filed and endorsed August 22, 2013, (2) Response to the first Amended Order regarding eligibility objections notice of hearing and certification, pursuant to 28 USC Section 2403 (a) & (b), filed and endorsed September 18, 2013, (3) Objections to notice and confer session regarding certain objections to the Amended Disclosure Statement With respect to Amended Plan for the Adjustment of debts of the City of Detroit, filed and endorsed April 16, 2014,

## **REQUESTED RELIEF**

    We the creditors request that this case be dismiss because it was not filed in good faith manner and more to avoid paying debts to Syncora and over ½ Billion dollars in Revenue Sharing money owed to the City of Detroit violations of the bankruptcy code and rules and also to be included for the so-called confirmation hearing.

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _Harlan Aleer_

Address _2440 Taylor_

City, State, & Zip _Detroit Mich 48206_

Date _8/22/14_

Sign _Carl William_

Address _10112 Somerset_

City, State, & Zip _Detroit Michigan 48224_

Date _8/22/14_

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                           Chapter 9
City of Detroit, Michigan,                       Case No. 13-53846
        Debtor.                                  Hon. Steven W. Rhodes
_____/

### Order Regarding Participation at the Confirmation Hearing by Creditors Who Filed Objections Without an Attorney

Creditors without attorneys filed more than 600 timely confirmation objections. In an effort to address both the rights of those objecting creditors to be heard and the necessity of orderly process:

It is hereby ordered that the following procedures shall apply to any such creditor's request to present evidence at the confirmation hearing, by either (1) presenting his or her own witnesses (including himself or herself), or (2) questioning other parties' witnesses.

1. Such a creditor may file a motion requesting to participate in the confirmation hearing.

2. **August 18, 2014** is the deadline to file such motions.

3. The motion shall include:
   a. The names of the witnesses sought to be questioned or presented;
   b. The subject matter of the proposed testimony;
   c. The expected time duration of the testimony;
   d. An explanation of why the proposed evidence will not be duplicative of other evidence; and
   e. A list of the exhibits to be offered into evidence during the proposed testimony.

4. The Court will promptly enter an order resolving any such motion.

5. The clerk shall serve this order by first class mail upon all creditors who filed timely objections to confirmation without an attorney.

Signed on August 7, 2014

                                    _s/ Steven Rhodes_____
                                    Steven Rhodes
                                    United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
City of Detroit, Michigan,
    Debtor.
_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

### Eighth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment

The City has stated its intention to file a sixth amended plan of adjustment. The Court concludes that this constitutes extraordinary cause to adjourn the dates and deadlines that it previously established. Accordingly, the Court hereby establishes the deadlines and hearing dates set forth below.

1. **August 18, 2014** is the deadline to file briefs regarding:

    (a) The Court's authority to determine the reasonableness of fees under 11 U.S.C. § 943(b)(3); and

    (b) The admissibility of the report of the court-appointed expert, Martha Kopacz (assuming she is qualified as an expert).

2. **August 18 (and 19 if necessary), 2014 at 9:00 a.m.** will be the date and time of the hearing to receive the testimony of witness Robert Cline.

3. **August 19, 2014 at 9:00 a.m.** will be the date and time of the hearing regarding the legality of the UTGO Settlement.

4. **August 20, 2014** is the deadline for the City to file its sixth amended plan of adjustment.

5. **August 21, 2014 at 9:00 a.m.** will be the date and time of a status conference regarding the plan confirmation process.

6. **August 25, 2014** is the deadline:

    (a) To file supplemental objections to the City's sixth amended plan, but only to the extent that additional or modified objections result from changes incorporated in that plan;

    (b) To file motions *in limine* and *Daubert* motions;

(c) To submit a proposed joint final pretrial order in compliance with LBR 7016-1; and

(d) To exchange deposition designations.

7. **August 27, 2014** is the deadline:

(a) For the Court's expert, Martha Kopacz, to file a supplement to her report, as she deems necessary and appropriate;

(b) To file pretrial briefs, which shall be limited to 100 pages in length;

(c) For the City to file one combined response to supplemental objections to the plan due on either August 12, 2014, or August 25, 2014 (this may be combined with its pretrial brief);

(d) To file responsive briefs to motions *in limine* and *Daubert* motions; and

(e) To exchange deposition counter-designations.

   (i) The designation or counter-designation for each witness shall be a separate exhibit.

   (ii) The parties shall identify which designations and counter-designations they agree to admit into evidence.

   (iii) At the time a designation or counter-designation is offered into evidence, the objecting party may request the Court to rule on any evidentiary objections preserved at deposition. In the absence of such a request, evidentiary objections are deemed waived.

8. **August 29, 2014 at 9:00 a.m. will be the date and time of the final pretrial conference on plan confirmation.**

9. **August 29, 2014 at 11:00 a.m. will be the date and time for the commencement of the hearing on plan confirmation.** On this date the Court will receive evidence from those creditors without counsel whose motions to participate in the confirmation hearing were granted by the Court as set forth in the Court's order of August 7, 2014. (Dkt. #6584)

At the trial on August 29, 2014:

(a) The City and any other objecting creditor may cross examine any witnesses called by *pro se* parties and the time used for these examinations will be charged against the time allotted to the parties in paragraph 12 below; and,

2

(b) The time expended by *pro se* parties examining their witnesses pursuant to court order will not be charged to the time allotted to the parties in paragraph 12 below.

**10. September 2, 2014 at 8:30 a.m. will be the date and time for the confirmation hearing to continue to the next phase with the opening statements by the City and by the creditors whose objections were filed by attorneys.**

**Additional plan confirmation hearing dates, as necessary, will be September 3-5, September 8-12, September 15-19, September 22-24, September 29-October 3, October 6-7, and October 14-17. Trial will be conducted from 8:30 a.m. to 5:00 p.m. each day, except that trial will be conducted from 8:30 a.m. to 12:30 p.m. on September 24 and October 3.**

*At this hearing, in addition to any evidence addressing the factual issues raised in the parties' plan objections, the City shall present evidence establishing the feasibility of its plan as required by 11 U.S.C. § 943(b)(7).*

> *Specifically, in addition to other evidence of feasibility, the City shall present evidence from state and city officials concerning:*
> *(a) The implementation of the Michigan Financial Review Commission Act, Public Act 181 of 2014, M.C.L. §§ 141.1631-1643;*
> *(b) The power and authority of the commission;*
> *(c) The make-up, staff support, and resources of the commission;*
> *(d) How the commission will carry out its several duties under § 6 of the Act, including:*
> *(i) The duty to provide oversight for the City under § 6(1);*
> *(ii) The duty to ensure that the City is complying with the plan of adjustment under § 6(2);*
> *(iii) The duty to establish and maintain programs and requirements for the responsible fiscal management of the City under § 6(5); and*
> *(iv) The duty to review contracts under § 6(6) and collective bargaining agreements under § 6(9);*
> *(e) The plan for making the commission operational; and*
> *(f) The time by which the commission will become operational.*

At the hearing on plan confirmation, the Court will conduct the direct examination of its expert witness, Martha Kopacz. Ms. Kopacz will testify at the conclusion of the City's case in chief.

During this phase of the hearing, the time expended by *pro se* parties cross examining witnesses pursuant to court order will not be charged to the time allotted to the parties in paragraph 12 below.

**11. September 5, 2014** is the deadline for the City to file its response to the objections raised in the Court's Order Requiring City to Respond to Certain Pro Se Objections to Confirmation. (Dkt. #6640)

**12.** The City and those parties who support confirmation will be permitted 85 hours to present their case, including opening statements, closing arguments, direct and re-direct examinations of their witnesses and cross examinations and re-cross examinations of objectors' witnesses. (The City used 3.25 hours of its allotted time on the site visit.) Objecting parties will be permitted 85 hours to present their case, including opening statements, closing arguments, direct and re-direct examinations of their witnesses and cross examinations and re-cross examinations of objectors' witnesses.

The Court requests that counsel on each side meet and confer with a view toward consensually dividing the allotted time for each side. If either side is unable to reach a consensual agreement, the Court will determine the time allotments among the parties on that side.

**13.** The dates and deadlines established herein will be extended only on motion establishing extraordinary cause.

It is so ordered.

**Signed on August 13, 2014**

                                                      <u>/s/ Steven Rhodes</u>
                                                        **Steven Rhodes**
                                                  **United States Bankruptcy Judge**

4

13-53846-swr    Doc 6699    Filed 08/13/14    Entered 08/13/14 17:14:27    Page 4 of 4
13-53846-tjt    Doc 7036    Filed 08/25/14    Entered 08/25/14 16:24:44    Page 15 of 17

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM
        Creditors/Objectors,

v

In re:  
City OF DETROIT, MICHIGAN  
AND EMERGENCY MANAGER  
KEVYN D. ORR  
        Debtor/City of Detroit

_____/

Chapter 9  
Case No. 13-53846  
Judge Steven W Rhodes

Case No. 14-cv-10434  
Hon. Bernard A. Freidman  
Magistrate Paul J. Komives

## PROOF OF SERVICES

__Carl Williams__, being first duly sworn deposes and your name

Say that on August ___25___ 2014. I sent a copy of Corrected

Amended Verified Motion to extend the time and response to the Order of

Magistrate Judge Steven W Rhodes issued August 7and 19, and 13 2014

Docket No. 6584 & 6699, Upon the concern parties by certified mail at the following address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

Emergency Manager
Kenyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _Carl B Williams_

Dated   August   25,   2014