# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC. LIMITED SUPPLEMENTAL OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S SIXTH AMENDED PLAN OF ADJUSTMENT

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora") file this limited supplemental objection and reservation of rights in connection with the *Sixth Amended Plan for the Adjustment of Debts of the City of Detroit* [Docket No. 6908] (the "Plan").[1]

### BACKGROUND

1. On July 18, 2013, the Debtor filed its petition commencing a case under chapter 9 of the Bankruptcy Code.

2. On August 11, 2014, the Debtor filed the *Motion of the Debtor for a Final Order Pursuant to (I) 11 U.S.C. §§ 105, 364(c), 364(d)(1), 364(e), 902, 904, 921, 922 and 928 (A) Approving Postpetition Financing and (B) Granting Liens*

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan.

*and (II) Bankruptcy Rule 9019 Approving Settlement of Confirmation Objections* [Docket No. 6644] (the "DWSD Transaction Motion") seeking entry of an order approving a highly complex financing transaction that the Debtor asserts, among other things, will restructure DWSD's capital structure (the "DWSD Transaction").

3. On August 12, 2014, Syncora filed the *Syncora Guarantee Inc. and Syncora Capital Assurance Inc.'s Second Supplemental Objection to the Debtor's Plan of Adjustment* [Docket No. 6651] (the "Second Supplemental Objection").

4. On August 13, 2014, the Court entered the *Eighth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* [Docket No. 6699] (the "Eighth Amended Order").

5. The Eighth Amended Order provides that August 25, 2014, is the deadline "to file supplemental objections to the City's sixth amended plan, but only to the extent that additional or modified objections result from changes incorporated in that plan." Eighth Amended Order at 1.

6. On August 20, 2014, Syncora filed the *Objection of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.'s Objection to Motion of the Debtor for a Final Order Pursuant to (I) 11 U.S.C. §§ 105, 364(c), 364(d)(1), 364(e), 902, 904, 921, 922 and 928 (A) Approving Postpetition Financing and (B) Granting Liens and (II) Bankruptcy Rule 9019 Approving Settlement of Confirmation Objections* [Docket No. 6903] (the "DWSD Transaction Objection").

7. On August 20, 2014, the Debtor filed the Plan.

8. On August 25, 2014, the Court approved the DWSD Transaction. *See Order Pursuant to (I) 11 U.S.C. §§ 105, 364(c), 364(d)(1), 364(e), 902, 904, 921, 922 and 928 (A) Approving Postpetition Financing and (B) Granting Liens and (II) Bankruptcy Rule 9019 Approving Settlement of Confirmation Objections* [Docket No. 7028]. In overruling the DWSD Transaction Objection, the Court noted that its approval of the DWSD Transaction will not prejudice Syncora's ability to object to the Plan.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

9. Supplementing Syncora's prior confirmation objections,[2] Syncora further objects to confirmation of the Plan to the extent that the DWSD Transaction renders the Plan unconfirmable, in whole or in part, under bankruptcy law. Syncora also objects to the extent that the various changes under the Plan regarding distributions to holders of COP Claims in any way prejudice Syncora. Syncora reserves all of its rights in connection with objecting to the Plan on account of changes incorporated into the Plan.

---

[2] *See Syncora Capital Assurance Inc. and Syncora Guarantee Inc.'s Objection to the Debtor's Plan of Adjustment* [Docket No. 4679]; *Syncora's First Supplemental Objection Regarding Certain Legal Issues Relating to Confirmation* [Docket No. 5706]; *Syncora Guarantee Inc. and Syncora Capital Assurance Inc.'s Second Supplemental Objection to the Debtor's Plan of Adjustment* [Docket No. 6651].

10. Neither creditors nor this Court can fully evaluate the implications of the DWSD Transaction on the Debtor's ability to confirm the Plan. For various reasons, including those discussed more fully in the DWSD Transaction Objection, the Debtor has not provided its creditors or this Court with the information necessary to fully assess the DWSD Transaction's significance in the Plan confirmation context. *See, e.g.*, DWSD Transaction Objection at ¶¶ 1–6. Indeed, the Debtor requested that this Court approve the transaction—a multi-billion dollar financing transaction with many moving parts and unknowns, including what benefit it will ultimately generate—just three weeks prior to the commencement of the trial to consider confirmation of the Plan and outside of the confirmation hearing process. Absent discovery, creditors cannot discern the full implications of the DWSD Transaction on the Debtor's ability to satisfy confirmation requirements. Though, to be sure, the Debtor still carries the burden of proving it has met each confirmation requirement, including that the DWSD Transaction does not, in whole or in part, cause the Debtor to fail any test for confirmation of the Plan.

11. Without limiting the bases of any confirmation objection arising from the DWSD Transaction, Syncora objects to the Plan to the extent that the DWSD Transaction:

- is used by the Debtor to assert that assets that would otherwise be available to pay COP Claims if the bankruptcy case were

4

dismissed are no longer available for purposes of the best interests test because the DWSD Transaction encumbers them;[3]

- provides for certain liens on assets that COP holders could reasonably expect to be used to pay COP principal and interest—which DWSD has historically been committed to paying and, consequently, COP holders have reasonably expected DWSD to pay—thereby solidifying that the Plan is not fair and equitable because it fails to meet reasonable creditor expectations;

- constitutes, directly or indirectly, a Qualified DWSD Transaction, as the Pension Claims would stand to receive 50% of the net proceeds of the DWSD Transaction, thereby putting the Pension Claims recovery—already above 100%—through the stratosphere and unquestionably validating that the Plan unfairly discriminates against disfavored unsecured classes;

- increases the risk premium of New B Notes, thereby reducing their value and consequently implicating plan confirmation objections based on the Plan's failure to satisfy the fair and equitable, best interests, and unfair discrimination tests;[4] and

- increases the risk of the Debtor's ability to fund its general fund and pay for operations, causing a financial strain on the Debtor, thereby implicating the Plan's ability to satisfy the feasibility requirement for plan confirmation.

---

[3] As background, DWSD presently is obligated to pay a portion of COPs principal and interest. *See* Orr Dep. 371:13–17, July 22, 2014; *see also* Disclosure Statement at Ex. L (showing that DWSD historically has carried approximately 12 percent of the COPs liability on its books). The Emergency Manager has confirmed that DWSD would remain obligated and able to fund COPs obligations at that same level upon dismissal of the bankruptcy case. *See* Orr Dep. 373:17–374:7, July 22, 2014.

[4] The invitations to tender attached as exhibits to the DWSD Transaction Motion confirm that "[t]he Department will be responsible for its allocable share of the New B Notes consistent with prior years' formulas for allocation of COP liabilities." DWSD Transaction Motion, Ex. 8A at 90, Ex. 8B at 87.

5

12. Additionally, as more fully discussed in the Second Supplemental Objection, the Plan cannot be confirmed because the current definition of "COP Claims" is an improper objection to Syncora's Other Unsecured Claims as it lumps certain of Syncora's Class 14 Claims into Class 9 without providing a corresponding treatment for those claims and, also, further solidifies a Bankruptcy Code section 1123(a)(4) violation regarding Class 9. The Plan contains a number of additional substantive changes regarding the distribution of property on account of Class 9 Claims.[5] Syncora objects to these additional changes to the extent that they prejudice in any way Syncora's Class 14 or Class 9 Claims and associated rights to recovery in this case, including by requiring distributions under the Plan on account of Syncora's direct claims to be made to a COP Agent as opposed to Syncora directly.

---

[5] *See, e.g.*, Plan at Art. V, § I.3 ("Distributions on account of the COP Claims shall (a) be made by the Disbursing Agent to the COP Agent under the applicable COP Documents for the benefit of Holders of COP Claims and (b) be deemed completed when made by the Disbursing Agent to the COP Agent as if such Distributions were made directly to the Holders of such Claims. The applicable COP Agent, in turn, shall make such distributions to the applicable Holders pursuant to the terms and conditions of the applicable COP Documents and subject to the respective rights, claims and interests, if any, that the COP Agent may have under the applicable COP Documents or otherwise to the recovery or reimbursement of their fees, costs and expenses (including the fees, costs and expenses of counsel and financial advisors) from any distribution hereunder, whether such rights, claims or interests are in the nature of a charging lien or otherwise. The COP Agent shall not be required to give any bond, surety or other security for the performance of its duties with respect to such Distributions.")

13. Syncora reserves all of its rights to (a) amend, supplement, or otherwise modify this reservation of rights and limited supplemental objection, and (b) assert or raise such other and further objections or responses to the Plan based on additional information received from the Debtor or other sources.

Dated: August 25, 2014

/s/ *Ryan Blaine Bennett*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
**MCDONALD HOPKINS PLC**
39533 Woodward Ave.
Suite 318
Bloomfield Hills, Michigan 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Counsel to Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*