IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------x
                                                               :
In re                                                          : Chapter 9
                                                               :
CITY OF DETROIT, MICHIGAN,                                     : Case No. 13-53846
                                                               :
                    Debtor.                                    : Hon. Steven W. Rhodes
                                                               :
                                                               :
---------------------------------------------------------------x

### JOINDER TO SUPPLEMENTAL OBJECTION TO CONFIRMATION OF THE SIXTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT AND SUPPLEMENTAL LIMITED OBJECTION OF WILMINGTON TRUST, NATIONAL ASSOCIATION, SUCCESSOR CONTRACT ADMINISTRATOR

Wilmington Trust, National Association ("WTNA"), not individually, but solely in its capacity as successor contract administrator[1], hereby submits this joinder to *Supplemental Objection to Confirmation of the Sixth Amended Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 7046) (the "COPs Objectors' Supplemental Objection"), filed on August 25, 2014, and files this limited objection (this "WTNA Limited Objection") to the *Sixth Amended Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 6908) (as such may

---

[1] Wilmington Trust, National Association, also serves as successor to U.S. Bank National Association ("U.S. Bank"), as: (a) Trustee ("Trustee") under that certain Trust Agreement, dated June 2, 2005, by and among the Detroit General Retirement System Service Corporation (the "GRS Corporation"), the Detroit Police and Fire Retirement System Service Corporation (the "PFRS Corporation"), and U.S. Bank, and as successor contract administrator ("Contract Administrator") under that certain Contract Administration Agreement, dated June 2, 2005, by and among the Detroit Retirement Systems Funding Trust (the "2005 Funding Trust"), the GRS Corporation, the PFRS Corporation, and U.S. Bank, regarding the issuance of Certificates of Participation Series 2005-A by the 2005 Funding Trust and the transactions contemplated thereby; and (b) Trustee under that certain Trust Agreement, dated June 12, 2006, by and among the GRS Corporation, the PFRS Corporation, and U.S. Bank, and as Contract Administrator under that certain Contract Administration Agreement, dated June 12, 2006, by and among the Detroit Retirement Systems Funding Trust 2006 (the "2006 Funding Trust"), the GRS Corporation, the PFRS Corporation and U.S. Bank, in each case, regarding the issuance of Certificates of Participation Series 2006-A and 2006-B by the 2006 Funding Trust and the transactions contemplated thereby.

be amended and/or supplemented, the "Sixth Amended Plan") as contemplated by the *Eighth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment* (Docket No. 6699) (the "Scheduling Order").[2] In support of this WTNA Limited Objection, WTNA respectfully states as follows:

1. WTNA hereby joins in and adopts the arguments set forth in the COPs Objectors' Supplemental Objection. Moreover, WTNA agrees with and supports the COPs Objectors' Supplemental Objection and incorporates the COPs Objectors' Supplemental Objection as though fully set forth and incorporated herein at length.

2. Accordingly, WTNA requests that the COPs Objectors' Supplemental Objection and this WTNA Limited Objection be sustained and that confirmation of the Sixth Amended Plan be denied.

## **LIMITED OBJECTION**[3]

3. The Sixth Amended Plan should not be confirmed. WTNA files this WTNA Limited Objection to the Sixth Amended Plan out of an abundance of caution. The City[4] accepted a few of WTNA's proposed plan modifications that have been incorporated in the most recent version filed with the Court (*i.e.*, the Sixth Amended Plan).

4. The acceptance of these modifications, however, does not resolve all of WTNA's prior objections that are contained in the (a) *Joinder to Objection of Certain COPs Holders and*

---

[2] The Scheduling Order sets August 25, 2014 as the deadline to file a supplemental objection to the Sixth Amended Plan, to the extent that "additional or modified objections result from changes incorporated in that plan." Scheduling Order ¶ 6.

[3] The objections and arguments set forth in this WTNA Limited Objection do not supplant and are in addition to and supplement the objections raised in the WTNA Preliminary Limited Objection and the WTNA Supplemental Limited Objection (each as defined below).

[4] Capitalized terms used but not defined in this WTNA Limited Objection shall have the meanings ascribed to them in the Sixth Amended Plan, the WTNA Preliminary Limited Objection, or the WTNA Supplemental Limited Objection, as may be applicable.

*Limited Objection of Wilmington Trust, National Association, as Successor Contract Administrator, to the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 4656) (the "WTNA Preliminary Limited Objection"), filed on May 12, 2014, and (b) *Joinder to Supplemental Objection of Financial Guaranty Insurance Company to Plan for the Adjustment of Debts of the City of Detroit and Supplemental Limited Objection of Wilmington Trust, National Association, Successor Contract Administrator* (Docket No. 6678) (the "WTNA Supplemental Limited Objection"), filed on August 12, 2014.

5. As a result of modifications contained in the Sixth Amended Plan, WTNA further objects to certain provisions of the Sixth Amended Plan as set forth more fully below.

6. Specifically, Article II.B.3.p.ii ("Assignment") of the Sixth Amended Plan provides:

> [t]hose COP Claims or portions thereof that relate to, and are measured by, the payment schedule under the COPs shall be deemed assigned to the beneficial holders of the COPs on a Pro Rata basis on and as of the Effective Date, solely for purposes of facilitating Distributions under this Plan and for no other purpose. Each beneficial holder shall be deemed to receive such COP Claims or portions thereof in an amount equal to the proportion that the unpaid principal amount of such holder's COPs bears to the aggregate unpaid principal amount of all COPs.

*See* Sixth Amended Plan § II.B.3.p.ii, at p. 36. This provision serves no purpose other than to attempt to restrict trading on the COPs. The City was not the issuer of the COPs, nor is the City a party to (a) the Contract Administration Agreements, (b) the 2005 COPs Agreement, or (c) the 2006 COPs Agreement. Furthermore, the City has now agreed that any distributions to Class 9 COP Claims will be sent to the COP Agent, rendering any further involvement by the City in the distribution of the COPs unnecessary and unwarranted.

7. Additionally, in the amendments to the Sixth Amended Plan, the City added the COP Service Contracts to the exhibit list of rejected executory contracts. Pursuant to Article II.D.8 of the Sixth Amended Plan, the City seeks to preserve the right to enforce the

terms of (and obtain the benefits from) executory contracts it rejects. *See* Sixth Amended Plan § II.D.8, at p. 45. WTNA is a third party beneficiary of the COP Service Contracts, but it is not a party to the COP Service Contracts. Thus, WTNA objects to the extent the City is attempting to assert WTNA would have any post-Effective Date obligations to the City pursuant to the terms of the COP Service Contracts.

8. Finally, while the City has clarified the distribution mechanism for the COPs, the failure to include the COP Insurance Policies in the exclusion provided to the Bond Insurance Policies and the Swap Insurance Policies in Article V.G. of the Sixth Amended Plan is confusing at best and evidence of further discrimination against Class 9 COP Claims at worst. If the City is intending to withhold distributions of New B Notes to holders of Class 9 COP Claims, even if and to the extent they become Allowed Claims because the COPs are insured, the City should be required to disclose that now, and not be allowed to try and avail itself of ambiguous plan language sometime in the future. Therefore, the COP Insurance Policies should be added to the last sentence of that section.

## RESERVATION OF RIGHTS

9. The objections raised in this WTNA Limited Objection are made in connection with the objections raised in the WTNA Preliminary Limited Objection and WTNA Supplemental Limited Objection. WTNA hereby reserves and preserves all of its rights, remedies, and arguments in connection with this WTNA Limited Objection, the WTNA Preliminary Limited Objection, and the WTNA Supplemental Limited Objection, as well as the pleadings such objections joined, and reserves all rights to supplement this WTNA Limited Objection and to be heard before the Court with regard to the arguments set forth in this WTNA Limited Objection, the WTNA Preliminary Limited Objection, and the WTNA Supplemental

Limited Objection, as well as the pleadings such objections joined – even if the other objections are resolved or otherwise withdrawn – as well as reserves the right to make any other applicable arguments, including those raised in other objections, other joinders and/or other confirmation pre-trial briefing with respect to the Sixth Amended Plan. Nothing contained herein is intended to contravene or supersede any arguments or positions that have been made or taken, or that may be made or taken, by any Certificateholders (as defined in the relevant Funding Trust Agreements set forth in footnote 1).

[*Text Continued On Following Page*]

WHEREFORE, WTNA requests that the Court (a) deny confirmation of the Sixth Amended Plan, and (b) sustain (1) this WTNA Limited Objection, (2) the WTNA Preliminary Limited Objection, and (3) the WTNA Supplemental Limited Objection, as well as the pleadings such objections joined.

Dated: August 25, 2014  
       New York, New York

RESPECTFULLY SUBMITTED,

By: /s/ Heath D. Rosenblat  
    Kristin K. Going, Esq.  
    Heath D. Rosenblat, Esq.  
DRINKER BIDDLE & REATH LLP  
1177 Avenue of the Americas, 41st Floor  
New York, New York 10036-2714  
E-mail: Kristin.Going@dbr.com  
E-mail: Heath.Rosenblat@dbr.com  
Telephone: (212) 248-3140

-and-

Dirk H. Beckwith, Esq. (P35609)  
FOSTER SWIFT COLLINS & SMITH, P.C.  
32300 Northwestern Highway, Suite 230  
Farmington Hills, Michigan 48334-1471  
E-mail: dbeckwith@fosterswift.com  
Telephone: (248) 539-9918

*Counsel for Wilmington Trust, National Association, as Successor Contract Administrator*

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |
| | ) |

## CERTIFICATE OF SERVICE

I, Heath D. Rosenblat, an attorney in the law firm of Drinker Biddle & Reath LLP, certify that on this 25th day of August 2014, I caused the foregoing *Joinder to Supplemental Objection to Confirmation of the Sixth Amended Plan for the Adjustment of Debts of the City of Detroit and Supplemental Limited Objection of Wilmington Trust, National Association, Successor Contract Administrator* to be filed and served by operation of the CM/ECF system for the Eastern District of Michigan Bankruptcy Court upon all registered users thereof.

    /s/ Heath D. Rosenblat
Heath D. Rosenblat, Esq.
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
E-mail: Heath.Rosenblat@dbr.com
Telephone: (212) 248-3140