# U.S. Bankruptcy Court
## Eastern District of Michigan (Detroit)
## Bankruptcy Petition #: 13–53846–swr

*Date filed:* 07/18/2013

*Assigned to:* Judge Steven W. Rhodes
Chapter 9
Voluntary
No asset

| | | |
|---|---|---|
| ***Debtor In Possession*** | represented by | **Bruce Bennett** |
| **City of Detroit, Michigan** | | 555 S. Flower Street |
| 2 Woodward Avenue | | 50th Floor |
| Suite 1126 | | Los Angeles, CA 90071 |
| Detroit, MI 48226 | | (213) 489–3939 |
| WAYNE–MI | | Email: bbennett@jonesday.com |
| Tax ID / EIN: 38–6004606 | | |

**Judy B. Calton**
Honigman Miller Schwartz &Cohn LLP
2290 First National Building
Detroit, MI 48226
(313) 465–7344
Fax : (313) 465–7345
Email: jcalton@honigman.com

**Eric D. Carlson**
150 West Jefferson
Suite 2500
Detroit, MI 48226
313–496–7567
Email: carlson@millercanfield.com

**Tamar Dolcourt**
500 Woodward Ave.
Suite 2700
Detroit, MI 48226
313–234–7161
Email: tdolcourt@foley.com

**Timothy A. Fusco**
150 West Jefferson
Suite 2500
Detroit, MI 48226–4415
(313) 496–8435
Email: fusco@millercanfield.com

**Eric B. Gaabo**
1650 Frist National Building
Detroit, MI 48226
(313) 237–3052
Email: gaabe@detroitmi.gov

**Jonathan S. Green**
150 W. Jefferson
Ste. 2500

Detroit, MI 48226
(313) 963–6420
Email: green@millercanfield.com

**David Gilbert Heiman**
901 Lakeside Avenue
Cleveland, OH 44114
(216) 586–7175
Email: dgheiman@jonesday.com

**Robert S. Hertzberg**
4000 Town Center
Suite 1800
Southfield, MI 48075–1505
248–359–7300
Fax : 248–359–7700
Email: hertzbergr@pepperlaw.com

**Deborah Kovsky–Apap**
Pepper Hamilton LLP
4000 Town Center
Suite 1800
Southfield, MI 48075
(248) 359–7300
Fax : (248) 359–7700
Email: kovskyd@pepperlaw.com

**Kay Standridge Kress**
4000 Town Center
Southfield, MI 48075–1505
(248) 359–7300
Fax : (248) 359–7700
Email: kressk@pepperlaw.com

**Stephen S. LaPlante**
150 W. Jefferson Ave.
Suite 2500
Detroit, MI 48226
(313) 496–8478
Email: laplante@millercanfield.com

**Heather Lennox**
222 East 41st Street
New York, NY 10017
212–326–3939
Email: hlennox@jonesday.com

**John A. Simon**
500 Woodward Avenue
Suite 2700
Detroit, MI 48226
(313) 234–7100
Email: jsimon@foley.com

**Marc N. Swanson**
Miller Canfield Paddock and Stone, P.L.C
150 W. Jefferson
Suite 2500
Detroit, MI 48226
(313) 496–7591
Email: swansonm@millercanfield.com

*U.S. Trustee*
**Daniel M. McDermott**

represented by **Sean M. Cowley (UST)**
United States Trustee
211 West Fort Street
Suite 700
Detroit, MI 48226
(313) 226−3432
Email: Sean.cowley@usdoj.gov

**Richard A. Roble (UST)**
United States Trustee
211 West Fort Street
Suite 700
Detroit, MI 48226
(313) 226−6769
Email: Richard.A.Roble@usdoj.gov

*Creditor Committee*
**Committee of Unsecured
Creditors**
*TERMINATED: 03/03/2014*

represented by **Brett Howard Miller**
1290 Avenue of the Americas
40th Floor
New York, NY 10104
(212) 468−8051
Email: bmiller@mofo.com,whildbold@mofo.com
*TERMINATED: 03/03/2014*

**Geoffrey T. Pavlic**
25925 Telegraph Rd.
Suite 203
Southfield, MI 48033−2518
(248) 352−4700
Fax : (248) 352−4488
Email: pavlic@steinbergshapiro.com
*TERMINATED: 03/03/2014*

**Mark H. Shapiro**
25925 Telegraph Rd.
Suite 203
Southfield, MI 48033−2518
(248) 352−4700
Fax : (248) 352−4488
Email: shapiro@steinbergshapiro.com
*TERMINATED: 03/03/2014*

*Creditor Committee*
**Charlene Hearn**
PO Box 6612
Detroit, MI 48206

*Retiree Committee*
**Official Committee of Retirees**

represented by **Sam J. Alberts**
1301 K Street, NW
Suite 600, East Tower
Washington, DC 20005−3364
(202) 408−7004
Email: sam.alberts@dentons.com

**Paula A. Hall**
401 S. Old Woodward Ave.
Suite 400
Birmingham, MI 48009
(248) 971−1800
Email: hall@bwst−law.com

**Claude D. Montgomery**

620 Fifth Avenue
New York, NY 10020
(212) 632−8390
Email: claude.montgomery@dentons.com,docketny@dentons.com

**Carole Neville**
1221 Avenue of the Americas
25th Floor
New York, NY 10020
(212) 768−6889
Email: carole.neville@dentons.com,daniel.morris@dentons.com

**Matthew Wilkins**
401 S. Old Woodward Ave.
Suite 400
Birmingham, MI 48009
(248) 971−1800
Email: wilkins@bwst−law.com

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 08/21/2014 | | 6946 | Motion *for Clarification of Post−Confirmation Procedures* Filed by Interested Parties Syncora Capital Assurance Inc., Syncora Guarantee Inc. (Attachments: # 1 Index − Summary of Attachment # 2 Exhibit 1 − Proposed Form of Order # 3 Exhibit 2 − Notice of Motion and Opportunity to Object # 4 Exhibit 3 − Brief in Support of Motion [Brief Not Required] # 5 Exhibit 4 − Certificate of Service [To Be Filed Separately] # 6 Exhibit 5 − Declaration [Not Applicable] # 7 Exhibit 6 − Documentary Exhibits [Not Applicable]) (Bennett, Ryan) (Entered: 08/21/2014) |
| 08/21/2014 | | 6947 | Ex Parte Motion to Expedite Hearing (related documents 6946 Generic Motion) *Ex Parte Motion of Syncora Guarantee Inc. and Syncora Capital Assurance Inc. for Shortened Notice and Expedited Hearing on Motion for Clarification of Post−Confirmation Procedures* Filed by Interested Parties Syncora Capital Assurance Inc., Syncora Guarantee Inc. (Attachments: # 1 Exhibit 1 − Proposed Order) (Bennett, Ryan) (Entered: 08/21/2014) |
| 08/25/2014 | | 7023 | Order Denying Ex Parte Motion Of Syncora Guarantee Inc. And Syncora Capital Assurance Inc. For Shortened Notice And Expedited Hearing On Motion For Clarification Of Post−Confirmation Procedures (Related Doc # 6947). (ckata) (Entered: 08/25/2014) |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| In re | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## MOTION FOR CLARIFICATION OF
## POST-CONFIRMATION PROCEDURES

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively "Syncora") hereby move for clarification of the post-confirmation procedures in this case—specifically, whether this Court will apply the 14-day automatic stay of Federal Rule of Bankruptcy Procedure 3020(e). The plan proposed by the City would dispense with that stay, thereby potentially allowing the confirmed plan to be substantially consummated at once and frustrating the appellate courts' ability to consider whether a further stay is warranted (which is why the Bankruptcy Rules provide for the 14-day automatic stay in the first place). Absent such clarification from this Court, no party aggrieved by the final confirmed plan—potentially including Syncora—will know whether the 14-day automatic stay will apply here before it is too late to do anything about it. Accordingly, Syncora now seeks clarification of the applicability of the 14-day automatic stay in this case, so that it may timely seek appellate review if this Court does not intend to apply the stay.

## JURISDICTION

The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334(b). This is a core proceeding under 28 U.S.C. § 157(b)(2) and venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The legal basis for the relief sought herein is Bankruptcy Rule 3020(e).

## RELIEF REQUESTED

Syncora seeks clarification that this Court will apply the 14-day automatic stay of Bankruptcy Rule 3020(e) notwithstanding the City's proposal to dispense with that stay.

## BACKGROUND

On July 18, 2013, the City filed a petition commencing this case under chapter 9 of the Bankruptcy Code. On August 21, 2014, the City filed the *Sixth Amended Chapter 9 Plan for the Adjustment of Debts of the City of Detroit* [Dkt. No. 6908] (the "Sixth Amended Plan"). In that plan (as in earlier proposed plans), the City requested a waiver of the 14-day automatic stay of any order entered by this Court confirming the Plan. *See* Sixth Amended Plan Art. VIII, ¶ J.

## BASIS FOR RELIEF

Bankruptcy Rule 3020(e) provides that "[a]n order confirming a plan is stayed until the expiration of 14 days after the entry of the order, unless the court

orders otherwise." Fed. R. Bankr. P. 3020(e).  The rule's purpose is obvious: it gives parties aggrieved by a confirmation order "sufficient time . . . to request a stay pending appeal of an order confirming a plan under chapter 9 . . . of the Code **before** the plan is implemented."  Fed. R. Bankr. P. 3020(e), Adv. Comm. Notes, 1999 Amend. (emphasis added).

It is equally obvious why the City has asked this Court to dispense with the 14-day automatic stay: it is trying to evade meaningful appellate review of any confirmed plan by presenting the appellate courts with a *fait accompli*.  Once the plan is substantially consummated, the City will argue that any appeals of the confirmation order are equitably moot.  *See, e.g.*, *In re United Prods., Inc.*, 526 F.3d 942, 951–52 (6th Cir. 2008) (describing doctrine of equitable mootness); *In re Am. HomePatient, Inc.*, 420 F.3d 559, 564 (6th Cir. 2005) (same).  Indeed, the City has acknowledged that it is "absolutely . . . prepared to consummate over a pending appeal so long as the confirmation order is not stayed."  April 17, 2014 Hr'g Tr. 152 [Dkt. No. 429].  Although Syncora will argue vigorously against the application of equitable mootness, the success of any such arguments obviously cannot be assured.

This Court should reject the City's attempt to dispense with the 14-day automatic stay because the Sixth Circuit has already made clear ***in this very case***

3

that it will not tolerate any such attempts to evade meaningful appellate review. In response to the district court's stay of an appeal from an earlier order in this case, the Sixth Circuit granted an extraordinary writ of mandamus to compel an immediate decision. *See In re Syncora Guar. Inc.*, __ F.3d __, 2014 WL 2959242 (6th Cir. July 2, 2014). The Sixth Circuit noted that, absent prompt adjudication of the appeal, "Syncora may be left with no option but to seek an emergency stay" of a confirmed plan of adjustment. *Id.* at *5; *see also id.* at *6 ("The district court's stay . . . presents the specter that Syncora may be forced . . . to seek appellate review of the bankruptcy court's decision in the form of an emergency motion for a stay of the confirmation plan.").

The City's request to dispense with the 14-day automatic stay set forth in Bankruptcy Rule 3020(e) presents an even more dramatic threat to meaningful appellate review: without the automatic stay, any party aggrieved by the confirmed plan—potentially including Syncora—may not even have time to seek an emergency stay from the appellate courts before the plan is substantially consummated. As noted above, the Bankruptcy Rules provide for the 14-day automatic stay precisely to give a party aggrieved by a confirmed plan time to seek emergency relief from an appellate court. There is no potential justification for dispensing with that stay other than to frustrate meaningful appellate review. *See,*

*e.g.*, *In re Adelphia Comm'ns Corp.*, 368 B.R. 140, 282 (Bankr. S.D.N.Y. 2007) (refusing to waive automatic stay because "fairness to [parties aggrieved by the plan] . . . requires that I not take an affirmative step that would foreclose all opportunities for judicial review").  As the Sixth Circuit has explained, "[a]n orderly bankruptcy process depends on a concomitantly efficient appeals process," and a decision dispensing with the automatic stay—like the order that triggered the mandamus proceeding—"improperly thwarts both processes."  *Syncora*, 2014 WL 2959242, at *5.

Clarification of the applicability of the 14-day automatic stay is warranted now, because it will be too late if the Court does not resolve this issue until the entry of the confirmation order.  At that point, the plan could be substantially consummated (and the whole point of the automatic stay defeated) before an aggrieved party could seek emergency relief from either the district court or the Sixth Circuit.  The parties thus need to know before, not after, this Court confirms a plan whether the automatic stay will apply, so that they can pursue appropriate appellate relief if necessary.  To this end, Syncora respectfully requests a ruling on this motion no later than September 4, 2014.

**WHEREFORE**, Syncora respectfully requests an order substantially in the form of the proposed order attached hereto clarifying that the 14-day automatic

stay of Bankruptcy Rule 3020(e) will apply to any order confirming the plan in this case.

Dated: August 21, 2014      */s/ Ryan Blaine Bennett*
                                James H.M. Sprayregen, P.C.
                                Ryan Blaine Bennett
                                Stephen C. Hackney
                                KIRKLAND & ELLIS LLP
                                300 North LaSalle
                                Chicago, IL   60654
                                Telephone:  (312) 862-2000
                                Facsimile:   (312) 862-2200

                                             - and -

                                Stephen M. Gross
                                David A. Agay
                                Joshua Gadharf
                                MCDONALD HOPKINS PLC
                                39533 Woodward Avenue
                                Bloomfield Hills, MI   48304
                                Telephone:  (248) 646-5070
                                Facsimile:   (248) 646-5075

                                *Attorneys for Syncora Guarantee Inc. and*
                                *Syncora Capital Assurance Inc.*

## SUMMARY OF ATTACHMENTS

Exhibit 1    Proposed Form of Order

Exhibit 2    Notice of Motion and Opportunity to Object

Exhibit 3    Brief in Support of Motion [Brief Not Required]

Exhibit 4    Certificate of Service [To Be Filed Separately]

Exhibit 5    Declaration [Not Applicable]

Exhibit 6    Documentary Exhibits [Not Applicable]

**Exhibit 1**

**Proposed Form of Order**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| In re | ) |
|  | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) |
|  | ) Case No. 13-53846 |
| Debtor. | ) |
|  | ) Hon. Steven W. Rhodes |
|  | ) |

## ORDER GRANTING MOTION FOR
## CLARIFICATION OF POST-CONFIRMATION PROCEDURES

Upon consideration of the motion of Syncora Guarantee Inc. and Syncora Capital Assurance Inc. for clarification of post-confirmation procedures, it is hereby ORDERED that the 14-day automatic stay of Bankruptcy Rule 3020(e) will apply to any order confirming the plan in this case.

**Exhibit 2**

**Notice of Motion and Opportunity to Object**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |

## NOTICE OF MOTION FOR CLARIFICATION OF POST-CONFIRMATION PROCEDURES

**PLEASE TAKE NOTICE** that on August 21, 2014, Syncora Guarantee Inc. and Syncora Capital Assurance Inc. filed the *Motion for Clarification of Post-Confirmation Procedures* in the United States Bankruptcy Court for the Eastern District of Michigan seeking entry of an order confirming that the 14-day automatic stay of Bankruptcy Rule 3020(e) will apply to any order confirming the plan in this case.

**PLEASE TAKE FURTHER NOTICE that your rights may be affected by the relief sought in the Motion. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE FURTHER NOTICE** that if you do not want the Bankruptcy Court to grant the Motion or you want the Bankruptcy Court to consider your views on the Motion, by **September 4, 2014**, you or your attorney must:

File with the Bankruptcy Court a written response to the Motion, explaining your position, electronically through the Bankruptcy Court's electronic case filing system in accordance with the Local Rules of the Bankruptcy Court or by mailing any objection or response to:[1]

United States Bankruptcy Court
Theodore Levin Courthouse

---

[1] A response must comply with F. R. Civ. P. 8(b), (c) and (e).

231 West Lafayette Street
Detroit, MI 48226

You must also serve a copy of any objection or response upon:

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone:  (248) 646-5070
Facsimile:   (248) 646-5075

If an objection or response is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**PLEASE TAKE FURTHER NOTICE that if you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting such relief.**

2

| | |
|---|---|
| Dated: August 21, 2014 | /s/ *Ryan Blaine Bennett* |

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and*
*Syncora Capital Assurance Inc.*

# Exhibit 3

## Brief in Support of Motion [Brief Not Required]

# Exhibit 4

## Certificate of Service [To Be Filed Separately]

**Exhibit 5**

**Declaration [Declaration Not Required]**

# Exhibit 6

# Documentary Exhibits [Not Applicable]

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| In re | ) Chapter 9 |
|  | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
|  | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
|  | ) |
|  | ) **Expedited Consideration** |
|  | ) **Requested** |

## *EX PARTE* MOTION OF SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC. FOR SHORTENED NOTICE AND EXPEDITED HEARING ON MOTION FOR CLARIFICATION OF POST-CONFIRMATION PROCEDURES

Syncora submits this *Ex Parte* Motion for Shortened Notice and Expedited Hearing (the "Ex Parte Motion") on the *Motion for Clarification of Post-Confirmation Procedures* (the "Clarification Motion") and respectfully represent as follows:

## Jurisdiction and Venue

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## Relief Requested and Basis for Relief

2. Pursuant to Bankruptcy Rule 9006(c) and Local Bankruptcy Rule 9006-1(b), this Court may, *ex parte*, shorten the notice period provided by Local Bankruptcy Rule 9014-1 for a party to take any action or file any paper. Fed. R.

Bankr. P. 9006(c); E.D. Mich. LBR 9006-1(b).

3. Syncora respectfully requests that, pursuant to Bankruptcy Rule 9006(a) and Local Bankruptcy Rule 9006-1(b), the Court shorten the notice period with respect to the Clarification Motion and schedule an expedited hearing on the Confirmation Motion on **August 29, 2014.**

4. Contemporaneously with the filing of this *Ex Parte* Motion, Syncora filed the Clarification Motion. Syncora filed the Clarification Motion in reaction to a provision in the plan, which provides that this Court will waive the 14-day automatic stay of an order confirming the plan under Bankruptcy Rule 3020(e). To date, the Debtor has not and cannot offer any justification for why this Court should deviate from the presumption under Bankruptcy Rule 3020(e) that an order confirming a plan is stayed until the expiration of 14 days after the entry of the order. For the reasons stated in the Confirmation Motion, Syncora seeks the entry of an order clarifying that the 14-day automatic stay of Bankruptcy Rule 3020(e) will apply to any order confirming the plan in this case.

5. The Court may shorten the notice period and schedule an expedited hearing on the Confirmation Motion for cause shown. Cause exists here. The plan proposed by the City would dispense with the 14-day automatic stay of an order confirming the plan, thereby potentially allowing the confirmed plan to be substantially consummated at once and frustrating the appellate courts' ability to

2

13-53846-swr Doc 7089-7 Filed 08/26/14 Entered 08/26/14 20:20:58 Page 23 of 30
13-53846-swr Doc 6947 Filed 08/21/14 Entered 08/21/14 19:06:48 Page 23 of 30          23

consider whether a further stay is warranted (which is why the Bankruptcy Rules provide for the 14-day automatic stay in the first place). Absent such clarification from this Court, no party aggrieved by the final confirmed plan—potentially including Syncora—will know whether the 14-day automatic stay will apply here before it is too late to do anything about it. Accordingly, Syncora now seeks clarification of the applicability of the 14-day automatic stay in this case (and accordingly, to shorten the notice period and to schedule an expedited hearing on the Clarification Motion), so that it may timely seek appellate review if this Court does not intend to apply the stay.

6. Syncora will serve this *Ex Parte* Motion to the parties in the above-captioned proceedings and will provide notice of the *ex parte* order upon issuance pursuant to E.D. Mich. LBR 9006-1(b).

## <u>Conclusion</u>

WHEREFORE, Syncora respectfully requests that the Court enter an Order, substantially in the form attached as Exhibit 1, granting the relief requested in this *Ex Parte* Motion and granting such further relied as this Court deems appropriate.

[*Remainder of this page intentionally left blank*]

Dated: August 21, 2014

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: */s/ Ryan Blaine Bennett*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone:  (248) 646-5070
Facsimile:   (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and*
*Syncora Capital Assurance Inc.*

4

**Exhibit 1**

**Proposed Order**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

|  |  |
|---|---|
| In re | ) Chapter 9 |
|  | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
|  | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
|  | ) |
|  | ) **Expedited Consideration** |
|  | ) **Requested** |

## ORDER GRANTING *EX PARTE* MOTION OF SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC. FOR SHORTENED NOTICE AND EXPEDITED HEARING ON MOTION FOR CLARIFICATION OF POST-CONFIRMATION PROCEDURES

This matter having come before the Court on the motion (the "*Ex Parte Motion*") of Syncora Guarantee Inc. and Syncora Capital Assurance Inc. (collectively, "Syncora") for the entry of an order shortening the notice period and scheduling an expedited hearing on the *Motion for Clarification of Post-Confirmation Procedures* (the "Clarification Motion"), the Court having reviewed Syncora's *Ex Parte* Motion, and the Court having determined that the legal and factual basis set forth in the *Ex Parte* Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.      The *Ex Parte* Motion is GRANTED.

2.      The hearing with respect to the Clarification Motion shall be held on August 29, 2014, before Hon. Steven Rhodes.

3.      Syncora is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the *Ex Parte* Motion.

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**

|                              |     |                          |
|------------------------------|-----|--------------------------|
| In re                        | )   | Chapter 9                |
|                              | )   |                          |
| CITY OF DETROIT, MICHIGAN,   | )   | Case No. 13-53846        |
|                              | )   |                          |
| Debtor.                      | )   | Hon. Steven W. Rhodes    |
|                              | )   |                          |
|                              | )   | **Expedited Consideration** |
|                              | )   | **Requested**            |

**ORDER DENYING *EX PARTE* MOTION OF SYNCORA
GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC. FOR
SHORTENED NOTICE AND EXPEDITED HEARING ON MOTION FOR
CLARIFICATION OF POST-CONFIRMATION PROCEDURES**

This matter having come before the Court on the motion (the "*Ex Parte
Motion*") of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.
(collectively, "Syncora") for the entry of an order shortening the notice period and
scheduling an expedited hearing on the *Motion for Clarification of
Post-Confirmation Procedures* (the "Clarification Motion"), the Court having
reviewed Syncora's *Ex Parte* Motion, and the Court having determined that the
legal and factual basis set forth in the *Ex Parte* Motion does not establish just cause
for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.      The *Ex Parte* Motion is DENIED.

2.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

3.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

.

**Signed on August 25, 2014**

_____/s/ Steven Rhodes_____
**Steven Rhodes**
**United States Bankruptcy Judge**
