UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICPAL EMPLOYEES MICHIGAN COUNCIL 25'S MOTION TO MODIFY THE AUTOMATIC STAY**

Under the provisions of title 11 of the United States Code ("Bankruptcy Code"), 11 U.S.C. §§362(d) and 922(b), American Federation of State, County and Municipal Employees Michigan Council 25("AFSCME"), AFL-CIO, et al. ("Plaintiffs") respectfully request that this Court modify the automatic stay, specifically, the Extension Order, for the purpose of allowing Plaintiff's to proceed in their action for declaratory and injunctive relief against Defendants (who are not officers, employees, agents or representatives of Debtor) and obtain relief from the ongoing violations of constitutional and statutory rights alleged therein. For its motion, through its counsel, AFSCME states as follows:

### INTRODUCTION

1. Michigan AFSCME Council 25, its Local 1600 (representing City of Flint employees) and three individuals – Samuel Muma, Franklin Greene, Jr. and

Willie Stacker – are plaintiffs in a pre-petition suit against Defendants Richard Snyder (Governor), Andy Dillon (then state Treasurer), and Michael Brown and Edward Kurtz (both Emergency Managers of the City of Flint). This suit challenges the constitutionality of certain actions taken by the Defendants arising out of the appointment of emergency managers over the City of Flint, under MCLA 141.1541 et seq (PA 436). It also challenges the constitutionality of portions of PA 436.

2. The claim alleges constitutional violations of the Contracts Clause, Takings Clause, and Due Process Clause of the United States Constitution. The complaint, *Michigan AFSCME Council 25, et al., v. Richard D. Snyder, et al.*, No. 13-CV-12191 (E.D. Mich. May 16, 2013)(Docket #1) is attached as *Exhibit 1*. The constitutional challenges are brought under 42 U.S.C. §1983.

3. Plaintiffs' suit primarily seeks a declaration that Plaintiffs' rights under these three clauses have been infringed, and injunctive relief to prevent further infringement. To the extent that the complaint seeks monetary relief, any such award would be satisfied by the State of Michigan and/or the City of Flint, but not the City of Detroit ("Debtor"), as the City of Detroit is not a party to the action.

4. Debtor's connection to Plaintiffs' action against Defendants is non-existent. Both the cities of Detroit and Flint are under emergency management per PA 436. However, Debtor is only one of nearly one dozen communities or entities

subject to control by a state-appointed emergency manager, or subject to a PA 436 consent agreement.

5. The trial court in Plaintiffs' claim administratively closed the case. *Michigan AFSCME Council 25, et al., v. Richard D. Snyder, et al.*, No. 13-CV-12191, slip op. at 1-2 (E.D. Mich. March 27, 2014)(Docket #25). In doing so, the trial court cited to the Order of this Court extending the bankruptcy Chapter 9 stay to certain "State Entities" ("Extension Order"), *In re City of Detroit, Mich.*, No. 13-53846, 2013 WL 4777037 (Bankr. E.D. Mich. July 25, 2013) (Docket #166). The trial court's order is found as *Exhibit 2*.

6. By this motion, Plaintiffs seek to modify the stay, specifically the Extension Order, so that the Plaintiffs' case may proceed before the trial court. Such a request for modification of the Extension Order is not sought with the purpose of challenging any of the actions taken by this Honorable Court in Detroit's bankruptcy proceeding, but merely to seek relief for the AFSCME members and other Plaintiffs in Flint.

7. The issue presented in this motion is well briefed before this Court. Indeed, this Court previously issued an order lifting the stay to allow the furtherance of a similar claim filed in *Phillips, et al. v. Snyder, et al.*, No. 13-11370 (E.D. Mich. March 27, 2013). This court's motion granting relief from stay is found at Docket

#1536. *In re City of Detroit, Mich.,* No. 13-53846, 2013 WL 4777037 (Bankr. E.D. Mich. November 6, 2013) (Docket #1536).

## JURISDICTION

8. Jurisdiction over this motion is conferred upon this Court by 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

9. Venue is proper in this Court, pursuant to 28 U.S.C. §§1408 and 1409.

10. The relief requested in this motion is predicated upon 11 U.S.C. §362(d) and Rules 4001 and 9014-1 of the Local Rules, Federal Rules of Bankruptcy Procedure.

## STATEMENT OF FACTS

11. The City of Flint has been subject to State oversight through the use of Emergency Mangers or Emergency Financial Managers since 2002. Its first Emergency Manager was Defendant Edward Kurtz, who held that position until July 3, 2013.

12. During his 2002-2003 stint as Emergency Financial Manager ("EFM"), Defendant Ed Kurtz negotiated a labor agreement with Plaintiffs resulting in 10.4% reductions in wage and benefits, saving the City millions of dollars.

13. In 2010, Plaintiffs negotiated a new collective bargaining agreement resulting in additional concessions saving the city millions more. This negotiated agreement between the parties did not expire until December 31, 2013.

14. In April of 2012, a new Emergency Manager, Defendant Michael Brown, unilaterally imposed changes in wages, hours and conditions of employment for Plaintiffs. These changes amounted to an approximate 20% reduction in wages and benefits, and impaired the Plaintiff's union contract which was in existence at the time. Defendant Brown refused to seriously consider alternatives to contract impairment as proposed by Plaintiffs.

15. On March 27, 2013, Plaintiffs filed an action in the United States District Court for the Eastern District of Michigan, challenging the validity of PA 436 on federal statutory and constitutional grounds. *Michigan AFSCME Council 25, et al., v. Richard D. Snyder, et al*., No. 13-CV-12191 (E.D. Mich. May 16, 2013)(Docket #1) The claims are brought under 42 U.S.C. §1983, and allege violations of the Contract Clause, the Takings Clause and the Due Process Clause of the United States Constitution. (*Exhibit A*)

16. On July 18, 2013, after the commencement of Plaintiffs' above-referenced cause of action, the City of Detroit filed a bankruptcy petition under Chapter 9 of the bankruptcy code. At that instant, all litigation against the Debtor or its property was automatically stayed pursuant to 11 U.S.C. §§362(a) and 922. One week later, this Court entered an Extension Order, extending the Chapter 9 stay to certain "State Entities," non-officer employees and agents and representatives of the

Debtor. Among those "State Entities" were the two named defendants in Plaintiffs' suit, Governor Snyder and Treasurer Dillon. (Docket #166)

17. The trial court in Plaintiffs' cause of action entered a sua sponte order, administratively closing the Plaintiff's case, due to the Extension Order. The trial court explained as follows:

> "Although it does not appear that any interests of the City of Detroit bankruptcy proceedings are implicated in the case, the plain language of the stay order would apply to this lawsuit. Further, and importantly, Plaintiffs' complaint includes a facial challenge to the constitutionality of the state laws under which Emergency Managers are appointed and operate. [complaint citation omitted]"

(*Exhibit 2*). The trial court explained that it would require a modification of the Extension Order for that case to proceed:

> "In accordance with the very broad Extension Order issued by the bankruptcy court, this Court will abide by the stay until such time as the bankruptcy court lifts or modifies the stay to permit this case to proceed."

Id., slip op. at 2.

18. Thus, the reach of the Extension Order presently frustrates the Plaintiffs' claims concerning the City of Flint, nearly 70 miles outside of the Debtor's borders. Plaintiffs seek to proceed with their action concerning the City of Flint, given that those Defendants are not officers, employees, agents, or representatives of the Debtor, and do not otherwise share a close nexus or special relationship with the Debtor such that a suit against the Defendants would be, in effect, an action against the Debtor.

6
13-53846-tjt   Doc 7093   Filed 08/27/14   Entered 08/27/14 13:49:35   Page 6 of 18

19. While this stage of Detroit's bankruptcy proceeding appears to be headed toward conclusion, the uncertainty of timing for a final conclusion, as Plaintiffs' Flint members continue to suffer through these unjust cuts, has prompted this relief from the Extension Order to be sought now.

**ARGUMENT**

20. The automatic stay provision of the Bankruptcy Code provides, in relevant part, that the filing of a petition in bankruptcy operates as a stay of "the commencement or continuation ... of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(1). The purpose of the automatic stay is to give the debtor a "breathing spell" from his creditors, and also, to protect creditors by preventing a race for the debtor's assets. *See* H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S. Code Cong. & Admin. News 5963, 6296-97 [hereinafter cited as *House Report*].

21. However, this automatic stay provision was not intended to immutably relegate creditors to a world of limbo or to the resolution of the civil claims within the limitations of a bankruptcy proceeding. Instead, as Congress recognized when enacting the automatic stay provision,

it will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

S. Rep. No. 989, 95th Cong., 2d Sess. 50, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5780, 5836.

22. Recognizing that some actions are better suited to resolution outside the bankruptcy forum, Congress specifically granted—in the same provision establishing the automatic stay—full discretion to the bankruptcy court to lift the stay and allow litigation to go forward in another forum. Section §362(d) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall *grant relief from the stay* provided under [§362(a)], such as by terminating, annulling, modifying, or conditioning such stay—(1) *for cause,* including the lack of adequate protection of an interest in property of such party in interest . . . .

11 U.S.C. §362(d)(1) (emphasis added). Thus, a creditor can seek relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. §362(d)(1).

23. Thus, a creditor can seek relief from the stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. §362(d)(1). A movant has the initial burden of showing a legally sufficient basis for lifting the automatic stay. See *In re M.J. & K. Co.,* 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993). Once the movant shows such cause exists, the debtor bears

the burden of proving lack of cause. Id. 11 U.S.C. § 362(g); *In re Washtenaw Huron Inv. Corp. No. 8*, 150 B.R. 31, 33 (Bankr. E. D. Mich. 1993). No bright-line rule governs whether cause exists under Section 362(d). *In re Hermoyian*, 435 B.R. 456, 461 (Bankr. E.D. Mich. 2010).

24. Here, Plaintiffs allege that, with respect to Public Act 436 and certain orders issued under the authority of PA 436, Defendants violated various federal constitutional rights. Plaintiffs' claim seeks declaratory and injunctive relief. (*Exhibit 1*)

25. Notably, Plaintiffs' complaint is distinct from the Debtor's bankruptcy proceeding. Plaintiffs have not sued the Debtor, nor do they seek to enforce a claim against the Debtor. Most notably, Plaintiffs' motion for relief from the Extension Order is not tailored to reverse any action of this Court in the Detroit bankruptcy proceedings. Even the trial court in Plaintiffs' cause of action indicated that "it is not apparent that any interests of the City of Detroit bankruptcy proceedings are implicated". (*Exhibit 2*, at slip op. 1)

26. Plaintiffs merely seek to relieve the union members and other individuals from the unilateral and unjustified decisions of the Flint Emergency Manager. Those members are suffering a sizeable reduction in total compensation, and seek the right to challenge the legality of those reductions.

27. As referenced *supra,* this issue concerning the appropriateness of lifting the stay, when actions of emergency manager(s) have been challenged, has been visited by this Court in *Phillips v. Snyder.* That case concerned challenges to the PA 436 and the actions of emergency managers across the state, alleging various federal constitutional violations.

28. The Plaintiffs in the *Phillips v. Snyder* claim sought relief from the Extension Order. The plaintiffs in another suit, *Detroit Branch NAACP v. Snyder*, No. 13-12098 (E.D. Mich. filed May 13, 2013) ("NAACP litigation"), concurrently sought relief from the Extension Order.

29. In its Opinion and Order considering whether to grant relief from the Extension Order in these two matters, this Court first quoted from the pertinent portions of the Extension Order:

> "2) Pursuant to section 105(a) of the Bankruptcy Code, the Chapter 9 stay hereby is extended to apply in all respects (to the extent not otherwise applicable) to the State Entities (defined as the Governor, the State Treasurer and members of the Loan Board, collectively with the State Treasurer and the Governor, and together with each entity's staff, agents and representatives), the Non-Officer Employees and the City Agents and Representatives.
>
> 3) For the avoidance of doubt, each of the Prepetition Lawsuits hereby is stayed, pursuant to section 105(a) of the Bankruptcy Code, pending further order of this Court."

(Docket #1536, at pg 3-4)

30. This Court then explained why the *NAACP* litigation should in fact be stayed pursuant to the Extension Order:

> "This suit explicitly seeks to remove all power and authority from the Detroit emergency manager. Also, if the plaintiffs had included the City as a defendant in the lawsuit, it would have been stayed as to the City under 11 U.S.C. § 362(a) because the lawsuit had the potential to directly impact the City's bankruptcy case. The July 25, 2013 order extended that stay to any suits against the governor and the treasurer that might have the same impact on the City's bankruptcy case."

(Docket #1536, at pg 4) This Court then questioned whether the *NAACP* litigation was truly about nothing more than the Detroit Emergency Manager:

> "Although the suit purports to challenge all of the emergency manager appointments under P.A. 436, there is a serious question as to whether this suit is really about any emergency manager other than the Detroit emergency manager. This concern arises because it does not appear that any of the plaintiffs in the NAACP suit have standing to challenge any of the emergency manager appointments other than the Detroit emergency manager appointment."

Id., at 5.

31. This Court then explained why the *NAACP* litigation should be stayed: "The NAACP plaintiffs' lawsuit seeks an order prohibiting any emergency manager appointed under P.A. 436 from exercising any authority under the act. This lawsuit, therefore, directly threatens the City's ability to continue in this bankruptcy case." Id., at 7-8.

32. By contrast, this Court ruled that the *Phillips v. Snyder* litigation need not be stayed. The Court noted that the Phillips plaintiffs withdrew from their complaint any claim which challenged the actions of the Detroit Emergency Manager, and then held as follows:

> "By these representations, which the Court accepts, it appears that the plaintiffs in the Phillips case intend to withdraw from their suit any request for relief as to the Detroit emergency manager. The Court concludes that this proposed amendment would eliminate the potential that the Phillips case might result in the removal of the Detroit emergency manager. Therefore, the potential amendment also removes the Phillips case from the effect of the July 25, 2013 order. Accordingly, subject to that condition, the Court concludes that the Phillips case is not subject to the July 25, [2013] order."

(Id., at pg 8-9)

33. Thus, the Court permitted the *Phillips* suit to proceed in that the remedy it seeks has no bearing on the Debtor.

34. As with *Phillips*, Plaintiffs' suit challenges PA 436 and its application in a jurisdiction outside of Detroit – specifically Flint. The Plaintiffs' claim cites to specific actions of the Flint Emergency Manager that violated constitutional rights of residents and employees of the City of Flint.

35. Further, in the *NAACP* request to modify the stay, this Court reviewed the standing assertions in the *NAACP* complaint. Here in the Plaintiff's Complaint, the standing assertions relate to the City of Flint, not Detroit. (*Exhibit A*, pg 2) The individual plaintiffs in the cause of action are residents of the City of Flint or members of the AFSCME Flint local. The standing assertion for AFSCME is "associational standing on behalf of its members as well as its own standing as party to its current collective bargaining agreement with the City of Flint".

36. Plaintiffs' suit has no connection to the City of Detroit, other than the fact that both Flint and Detroit are governed by emergency managers. Otherwise,

there is no close nexus of identity between the Defendants and Debtor that would otherwise justify staying litigation against the Defendants.

37. Further, the application of the automatic stay to Plaintiffs' case contravenes the very purpose and intent of Congress and the Supreme Court in enacting and enforcing §1983—to provide a judicial remedy for the violation of one's rights under the Constitution. *See Felder v. Casey*, 487 U.S. 131, 148 (1988) (recognizing that civil rights actions "belong in court") (quoting *Burnett v. Grattan*, 468 U.S. 42, 50 (1984); *Mitchum*, 407 U.S. at 242-43 (noting that the enforcement of federal rights is of the highest priority). By delaying proceedings in the underlying matter, the stay has in essence taken from Plaintiffs—without any process—the opportunity to have the deprivations of their civil rights adjudicated by the district court and a jury of their peers.

38. As presently applied, this stay precludes Plaintiffs, citizens with no connection to the Debtor, from any relief for the violations of their constitutional rights due to by PA 436. For that reason, the stay should be modified to permit the litigation to proceed.

## CONCLUSION

For all of the above reasons, and for good cause shown, Plaintiffs respectfully request that this Honorable Court modify its order extending the Chapter 9 stay to non-debtor Defendants (Docket Number 166), thereby allowing Plaintiffs to their pursue claims against Defendants in Case Number 13-CV-12191.

Dated: August 27, 2014  /s/ Richard G. Mack, Jr.
Richard G. Mack, Jr.
Jack W. Schulz
MILLER COHEN PLC
600 West Lafayette Blvd., 4th Floor
Detroit, MI 48226-3191
Telephone: (313) 964-4454
Facsimile: (313) 964-4490
richardmack@millercohen.com
jschulz@millercohen.com

Herbert A. Sanders
THE SANDERS LAW FIRM PC
615 Griswold St., Ste. 913
Detroit, MI 48226
Telephone: (313) 962-0099
Facsimile: (313) 962-0044
hsanders@miafscme.org

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO*

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) | Case No. 13-53846 |
| Debtor. | ) ) ) | Hon. Steven W. Rhodes |
| _____ | ) |  |

### ORDER GRANTING THE PETITIONER'S MOTION FOR RELIEF FROM AUTOMATIC STAY

This matter coming before the Court on the Petitioner AFSCME's *Motion for Relief from Automatic Stay* and the Court having determined that the legal and factual bases as set out in the motion establish just cause for relief;

IT IS HEREBY ORDERED THAT:

The Motion is GRANTED. The Extension Order (Docket Number 166) is modified and the Plaintiffs in Case Number 13-CV-12191 are permitted to pursue that litigation.

Dated:_____    _____
                                                    Honorable Steven W. Rhodes
                                                    United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
| Debtor. | ) | Hon. Steven W. Rhodes |
|  | ) |  |
|  | ) |  |

**NOTICE OF MOTION FOR RELIEF FROM THE
AUTOMATIC STAY & OPPORTUNITY TO OBJECT**

American Federation of State, County and Municipal Employees Michigan Council 25("AFSCME") and its affiliated Locals 1600 has filed pleadings with the court to modify the automatic stay for the purpose of allowing its litigation, which challenges actions of the City of Flint Emergency Manager, to proceed. The Case Number 13-CV-12191 is Plaintiff's cause of action, brought in federal court, the Eastern District of Michigan.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to lift the automatic stay, or if you want the court to consider your views on the motion, within fourteen (14) days, you or your attorney must:

1.   File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
211 West Fort Street
Detroit, MI 48226

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

1

You must also mail a copy to:

| | |
|---|---|
| Richard G. Mack, Jr. <br> Jack W. Schulz <br> MILLER COHEN, P.L.C. <br> 600 West Lafayette Blvd., 4th fl. <br> Detroit, MI 48226 <br> (313) 964 4454 (Phone) <br> (313) 964 4490 (Fax) <br> richardmack@millercohen.com <br> jackschulz@millercohen.com | Herb Sanders <br> THE SANDERS LAW FIRM PC <br> 615 Griswold St., Ste. 913 <br> Detroit, MI 48226 <br> (313) 962-0099 (Phone) <br> (313) 962-0044 (Fax) <br> hsanders@miafscme.org |

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Date: August 27, 2014         Signatures /s/ Richard G. Mack, Jr.
                              Name(s)    Richard G. Mack, Jr.
                                         Jack W. Schulz
                              Address    600 W. Lafayette, 4th Fl.,
                                         Detroit, MI 48226

2
13-53846-tjt    Doc 7093    Filed 08/27/14    Entered 08/27/14 13:49:35    Page 17 of 18

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
|  | ) | Hon. Steven W. Rhodes |
|  | ) |  |
|  | ) |  |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 27, 2014, the *American Federation of State, County and Municipal Employees Council 25's Motion to Lift the Automatic Stay*, with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

/s/ Richard G. Mack, Jr.
Richard G. Mack, Jr.
Jack W. Schulz
MILLER COHEN PLC
600 West Lafayette Boulevard, 4th Floor
Detroit, MI 48226-3191
Telephone: (313) 566-4787
Facsimile: (313) 964-4490
richardmack@millercohen.com

1