# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN AFSCME COUNCIL 25
AFL-CIO, INC., et al.,

                Plaintiffs,

    v.                                  Case No. 13-12191

RICHARD D. SNYDER, GOVERNOR        HON. TERRENCE G. BERG
OF THE STATE OF MICHIGAN, et al.,     HON. PAUL J. KOMIVES

                Defendants.
_____/

## ORDER RECOGNIZING APPLICATION OF AUTOMATIC STAY, DENYING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE, AND ADMINISTRATIVELY CLOSING THE CASE

This matter is before the Court on its sua sponte review of the complaint filed May 16, 2013. On July 25, 2013, the United States Bankruptcy Court for the Eastern District of Michigan entered a very broad order in the Detroit bankruptcy case that extended the Chapter 9 stay to include certain "State Entities," including "the Governor [and] the State Treasurer . . . ." *In re City of Detroit, Mich.*, No. 13-53846, 2013 WL 4777037 (Bankr. E.D. Mich. July 25, 2013) (Dkt. 166).

Governor Snyder and Treasurer Dillon, "State Entities" under the bankruptcy court's order, are named defendants in this case. Although it does not appear that any interests of the City of Detroit bankruptcy proceedings are implicated in the case, the plain language of the stay order would apply to this lawsuit. Further, and importantly, Plaintiffs' complaint includes a facial challenge to the constitutionality of the state laws under which Emergency Managers are appointed and operate. (Compl. ¶¶ 102–09, Prayer for Relief (3) and (6).)

In accordance with the very broad Extension Order issued by the bankruptcy court, this Court will abide by the stay until such time as the bankruptcy court lifts or modifies the stay to permit this case to proceed. *See id.*; *see, e.g., United Retired Government Employees v. Snyder*, No. 13-2503, slip op. at 1–2 (6th Cir. Feb. 14, 2014) (Dkt. 25); *United Retired Government Employees v. Snyder*, No. 13-CV-12378, slip op. at 1–2 (E.D. Mich. Oct. 9, 2013) (Dkt. 16); *In re City of Detroit, Mich.*, No. 13-53846, slip op. at 1–9 (Bankr. E.D. Mich. Nov. 6, 2013) (Dkt. 1536-1).

Accordingly, it is ORDERED that the pending motion in this case, Defendants' motion to dismiss (Dkt. 11), is DENIED WITHOUT PREJUDICE.

It is FURTHER ORDERED that proceedings in this case are STAYED until further order of the court, and that the Clerk of the Court is DIRECTED to administratively close this case without prejudice to the rights of any of the parties. This closing does not constitute a dismissal or decision on the merits.

It is FURTHER ORDERED that when the bankruptcy stay is removed, or a party obtains relief from the stay, the case may be reopened on motion of any party.

SO ORDERED.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  March 27, 2014

### Certificate of Service

I hereby certify that this Order was electronically submitted on March 27, 2014, using the CM/ECF system, which will send notification to each party.

By: s/A. Chubb
Case Manager

2

4.    This order is entered without prejudice to the right of any creditor to file a motion for relief from the stay imposed by this order using the procedures of and under the standards of 11 U.S.C. § 362(d)-(g).

Signed on July 25, 2013

_____/s/ Steven Rhodes_____
**Steven Rhodes**
**United States Bankruptcy Judge**

-3-

13-53846-swr   Doc 70986   Filed 09/27/14   Entered 09/27/14 13:49:35   Page 3 of 4
13-53846-swr   Doc 186   Filed 07/25/13   Entered 07/25/13 13:37:15   Page 3 of 3