UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | No. 13-53846<br><br>Chapter 9<br><br>HON. STEVEN W. RHODES |

**STATE OF MICHIGAN'S RESPONSE TO MOTION IN LIMINE TO PRECLUDE DEBTOR FROM OFFERING EVIDENCE RELATING TO (A) THE RECOVERIES OF CLASSES 10 AND 11 INDEPENDENT OF THE FUNDS FROM DIA FUNDING PARTIES AND THE STATE AND (B) THE TOPICS IDENTIFIED IN SYNCORA'S SUBPOENAS TO THE FOUNDATIONS [DKT. #6978]**

The State of Michigan files this response in order to correct inaccuracies in Syncora's motion relating to the State Contribution. Although the State Contribution Agreement speaks for itself, because Syncora misstates the provisions of the State Contribution Agreement in the motion, the State is compelled to respond to Syncora's motion to correct these inaccuracies.

1.  Syncora states that the recoveries that Classes 10 and 11 will receive include "the funds that the City will receive in exchange for transferring its ownership of the DIA Assets" (Syncora motion [Dkt.

#6978] at ¶ 8), and that "[i]n exchange for the transfer of the DIA Assets, the City will receive $816 million from the Foundations, the State, and the DIA Corp., all of which is earmarked for Classes 10 and 11." Syncora motion [Dkt. #6978] at ¶ 9.[1]

2. First, Syncora inaccurately states that the State Contribution is in exchange for the "transfer" of the DIA Assets. As stated in the State Contribution Agreement, the Plan, and 2014 P.A. 187, the consideration for the State Contribution is a release by Classes 10 and 11 of Pension Claims against the State and State Related Entities – not the "transfer" of the DIA assets.

3. Second, Syncora inaccurately states that "the City will receive" the State Contribution. As stated in the State Contribution Agreement, the Plan, and 2014 P.A. 187, the State Contribution will be paid directly to GRS and PFRS. No portion of the State Contribution will be paid to the City.

4. Through these inaccuracies, Syncora conflates the *consideration* (i.e., "in exchange for") being received by the State – the release by Classes 10 and 11 – with a *condition precedent* (i.e., that the

---

[1] With the exception of these conclusory statements regarding the State, Syncora's motion primarily focuses on the DIA Settlement.

DIA Settlement be consummated) to arrive at the incorrect conclusion that the State Contribution is in exchange for the "transfer" of the DIA Assets.

5. The State Contribution Agreement and the DIA Settlement are each a component of the Grand Bargain that resulted from Court-ordered mediation to resolve pension claims. The purpose of the condition precedent in the State Contribution Agreement relating to consummation of the DIA Settlement (and a similar condition precedent in the DIA Settlement relating to consummation of the State Contribution Agreement) was to ensure that *both* components of the Grand Bargain occur, and nothing more. Neither the DIA Settlement, nor the DIA Assets, are consideration for the State Contribution and thus, the State Contribution is not "in exchange" for any assets belonging to the City. The State concurs with the City that the State Contribution should not be included in the calculation of recoveries of Classes 10 and 11 that are being received by these classes from *the City*.

6. Additionally, the State concurs with the City's argument that Syncora's motion presents an ongoing legal dispute rather than an

evidentiary matter and such legal dispute is inappropriate for a motion

*in limine.*

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Matthew Schneider*<br>Matthew Schneider [P62190]<br>Chief Legal Counsel<br>P.O. Box 30754, Lansing, MI 48909<br>(517) 373-3203<br>SchneiderM7@michigan.gov |
|  | Steven G. Howell<br>Special Assistant Attorney General<br>Dickinson Wright PLLC<br>500 Woodward Avenue, Suite 4000<br>Detroit, MI 48226-3425 |
| Dated: August 27, 2014 | Attorneys for the State of Michigan |