UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No.: 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**OPPOSITION TO THE DETROIT RETIREMENT SYSTEMS' MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATING TO ALLEGED HISTORICAL MISMANAGEMENT/MISCONDUCT**

The City of Detroit, Michigan (the "City") hereby opposes the motion filed by the Police and Fire Retirement System of the City of Detroit (the "PFRS") and the General Retirement System of the City of Detroit (the "GRS") (collectively, the "Retirement Systems") to exclude any evidence relating to the mismanagement or misconduct of the Retirement Systems. (Retirement Systems' Mot. (Doc. 7062)). In support of this objection, the City states as follows:

1. The Retirement Systems' Motion sweeps too broadly. It asks the Court to preclude *all* parties from offering "*any* evidence relating to the" Retirement Systems' pre-petition mismanagement of the City's pension accounts. (Retirement Systems' Mot. (emphasis added)). Because it is too soon to tell whether some aspect of such evidence may be probative of the parties' claims, and because it is too soon to tell what effect, if any, such evidence will have on the

proceedings, this Court should deny the Retirement Systems' Motion. *See, e.g., McPheeters v. Black & Veatch Corp.*, 427 F.3d 1095, 1101–02 (8th Cir. 2005) (noting that trial courts should generally "refuse[] to order a blanket exclusion of" potentially probative evidence prior to trial).

2. Indeed, pretrial motions in limine are typically not appropriate vehicles for enforcing fact-intensive evidentiary rules like Rule 402 on relevance and Rule 403 on undue prejudice precisely because evidence can develop probative "force beyond any linear scheme of reasoning, and as its pieces come together a narrative gains momentum, with power not only to support conclusions but to sustain the willingness of [fact-finders] to draw the inferences, whatever they may be, necessary to reach an honest verdict." *Old Chief v. United States*, 519 U.S. 172, 187 (1997); *see also Riordan v. Kempiners*, 831 F.2d 690, 697–99 (7th Cir. 1987) (vacating a district court's "blanket exclusion of evidence" because it was performed "on a wholesale basis before trial began, rather than in response to the developing course of the trial," and thus court "truncate[d] the trial prematurely").

3. In other words, because "the probative value" of evidence "depends heavily upon what has transpired at trial before and what will transpire following its presentation," the relevance of evidence and its potential for unfair prejudice or undue delay "will likewise entirely depend upon when it is introduced" and its immediate evidentiary context. *United States v. Mitchell*, 954 F.2d 663, 666–67

(11th Cir. 1992).

4. As a result, overbroad pretrial motions in limine are disfavored. *See, e.g.*, *Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 357, 359 (5th Cir. 1995). Not only do such motions tend to "[u]nduly steriliz[e] a party's trial presentation," but they also "unfairly hamper her ability to shape a compelling and coherent exposition of the facts." *In re Diet Drugs Prods. Liab. Litig.*, 369 F.3d 293, 314 (3d Cir. 2004).

5. The Retirement Systems are concerned that during trial they will be accused of having mismanaged pension funds. (Retirement Systems' Mot. 1–2). Specifically, the Retirement Systems worry that, on cross-examination, certain witnesses may be asked questions designed to elicit testimony that casts them in a negative light. (*Id.* at 2). In the Retirement Systems' view, such testimony would be irrelevant and potentially prejudicial, confusing, or wasteful. (*Id.* at 2).

6. The Retirement Systems' speculation about as-yet unelicited trial testimony may or may not be correct. But that is precisely the problem. At this stage, the probative value of any such testimony is unknown and its potential for unfair prejudice, confusion, or delay is similarly uncertain. The Court should deny the Retirement Systems' Motion in Limine. *See, e.g.*, *In re Paoli R.R. Yard PCB Litig. (Paoli I)*, 916 F.2d 829, 859–60 (3d Cir. 1990) ("Excluding evidence as being more prejudicial than probative at the pretrial stage is an extreme measure

- 3 -
13-53846-tjt    Doc 7125    Filed 08/27/14    Entered 08/27/14 20:27:39    Page 3 of 6

that is rarely necessary.").

WHEREFORE, for the foregoing reasons, the City requests that the Court deny the Retirement Systems' Motion in Limine.

Dated:  August 27, 2014         Respectfully submitted,

/s/ Heather Lennox
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075
Telephone: (248) 359-7300
Facsimile: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

ATTORNEYS FOR THE CITY OF DETROIT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No.: 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2014, I electronically filed the *Opposition Of The City Of Detroit To The Detroit Retirement Systems' Motion in Limine To Preclude Evidence Relating To Alleged Historical Mismanagement/Misconduct* with the Clerk of the Court, which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case.

Dated: August 27, 2014           /s/Heather Lennox
                                 Heather Lennox