# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## SYNCORA'S RESPONSE IN OPPOSITION TO THE DETROIT RETIREMENT SYSTEMS' MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATING TO ALLEGED HISTORICAL MISMANAGEMENT/MISCONDUCT

The Police and Fire Retirement System of the City of Detroit (the "PFRS") and the General Retirement System of the City of Detroit (the "GRS") (together, the "Retirement Systems") have filed a *Motion in Limine* (the "Motion") asking the Court to preclude the introduction of evidence relating to the historical mismanagement and misconduct of the Retirement Systems. According to the Retirement Systems, such evidence is both irrelevant and prejudicial and should therefore be precluded pursuant to Federal Rules of Evidence 401 and 403.

The Retirement Systems' Motion misses the point. Syncora does not, as the Retirement Systems suggest, intend to introduce evidence relating to the mismanagement to prove that such conduct occurred. Rather, Syncora intends to establish during cross-examination of Mr. Orr that the City investigated the mismanagement and misconduct at the Retirement Systems but that he chose <u>not</u> to

take these facts into account when determining creditor recoveries. Such evidence is particularly relevant given Mr. Orr's testimony that he took into account the alleged invalidity of the COPs when determining how much that creditor class should recover under the Plan. Thus, Syncora's line of questioning goes to the heart of the City's unfair discrimination case and its purported justification for the significant discrimination under the City's Plan of Adjustment. Accordingly, the Retirement Systems' motion should be denied.

## ARGUMENT

I. **Kevyn Orr's Testimony Regarding Pension Misconduct is Relevant to Plan Confirmation.**

Federal Rule of Evidence 401 provides that "'[r]elevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The threshold for relevance under Rule 401 is low. *United States v. Whittington*, 455 F.3d 736, 739 (6th Cir. 2006) ("[T]he district court correctly noted that the relevance threshold is very low under Rule 401.") (internal quotations omitted); *see also Coffey v. United States*, CIV 08-0588 JB/LFG, 2012 WL 1698289 (D.N.M. May 8, 2012) ("Rule 401 contains a low threshold for relevance, because "[a]ny more stringent requirement is unworkable and unrealistic.") *quoting* Fed.R.Evid. 401 advisory committee's note.

2

In its Disclosure Statements, the City has an entire section devoted to the mismanagement and malfeasance of the Retirement Systems. (Fourth Amended Disclosure Statement at 106-107.) In that section, the City describes how "[t]he Retirement Systems' trustees and certain City officials also have engaged in a variety of practices that exacerbated and, in certain cases, masked the extent of the Retirement Systems' UAAL, particularly with respect to the GRS." (*Id.* at 106.) Such practices included the annuity savings plan, the so-called 13th check program, and other instances of fiduciary malfeasance. (*Id.* at 106-107.)

Consistent with the City's statements in the Disclosure Statement, Mr. Orr testified during his deposition that the City had conducted an analysis of the Retirement Systems' practices that contributed to the Systems' underfunding. (Ex. 6A, Orr Dep. Tr. at 321:20-322:5.) The items that he investigated included the following:

- The so-called "13th Check" practice. (Orr Dep. Tr. at 322:10-18.)
- The Retirement Systems' practices with regarded to the Annuity Savings Funds. (Orr Dep. Tr. at 322:15-19.)
- The Systems' decisions with regard the reporting of rates of return on investment. (Orr Dep. Tr. at 322:20–7.)
- The Systems' imprudent expense practices. (Orr Dep. Tr. 323:9–16.)
- The Systems' trustees federal bribery charges. (Orr Dep. Tr. at 323:18–324:3.)

All of these things, according to Mr. Orr, "contributed to the level of underfunding of the GRS system." (Orr Dep. Tr. 324:5–11.)

Nevertheless, Mr. Orr testified that he <u>did not</u> take these facts into account when deciding what the retirees should recover under the Plan. (Orr Dep. Tr. at 326:15–21.) But when it came to determining COPs recoveries, Mr. Orr testified that he considered the alleged infirmities in the claims of the COP-holders in determining their recoveries. (Orr Dep. Tr. at 240:11-14.)

As Syncora previously explained to counsel for the Retirement Systems, it does not intend to prove-up the malfeasance at GRS and PFRS to show that such misconduct actually occurred. Rather, Syncora intends to offer evidence relating to the City's state of mind to establish that the City is picking and choosing when it comes to factoring in issues surrounding the underlying claims that are the subject of its discrimination analysis. When alleged infirmities relate to the COPs, the City happily considers them. When it relates to Classes 10 and 11, it does not. This inconsistency is good evidence that the City's purported "business rationale" has not been applied in an even-handed manner.

## II. Evidence of the City's Consideration of Pension Misconduct Will Not Be Prejudicial or Confusing and Should Not Substantially Affect Trial.

In weighing the status of relevant evidence under Rule 403 to determine whether its probative value is substantially outweighed by a danger of prejudice, confusion, or waste of time, courts have a strong preference for admission of the

4

evidence. *Block v. R.H. Macy & Co., Inc.*, 712 F.2d 1241, 1244 (8th Cir.1983) ("the balance of Rule 403 weighing should be struck in favor of admission."); *see also United States v. Taylor*, 1:04-CR-160, 2006 WL 3359280 (E.D. Tenn. Nov. 17, 2006) ("In weighing the probative value of evidence against the dangers and considerations enumerated in Rule 403, the general rule is that the balance should be struck in favor of admission.")

Here, the Retirement Systems argue that evidence of the Retirement Systems' malfeasance should be excluded because, even if relevant, it would "waste precious trial time and judicial resources." (Mot. at 1.) According to the Retirement Systems, they would need to rebut Mr. Orr's testimony — on "inflammatory" and "unfounded" subjects — with opposing facts regarding the Retirement Systems' management of the pension funds. (Mot. at 11–13.)

As noted above, however, Syncora does not intend to introduce evidence regarding the Retirement Systems' purported malfeasance to show that it actually occurred. Nor is Syncora asking the Court to make any findings regarding the existence of any such malfeasance. Thus, the hearing on the City's Plan will not be converted into a trial on the Retirement Systems' misconduct merely because Mr. Orr testified that he was aware of — but did not take into account — the Retirement Systems' misconduct.

5

## CONCLUSION

For the foregoing reasons, the Retirement Systems' Motion to Preclude Evidence Relating to Alleged Historical Management/Misconduct should be denied.

Dated: August 27, 2014                    Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: */s/ Stephen C. Hackney*_____
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

                - and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*