UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | | Related to Doc. No. 6908 |

**THE DETROIT RETIREMENT SYSTEMS' PRE-TRIAL BRIEF IN SUPPORT OF PLAN CONFIRMATION**

The Police and Fire Retirement System of the City of Detroit (the "PFRS") and the General Retirement System of the City of Detroit (the "GRS") (together, the "Retirement Systems") submit this pre-trial brief in support of confirmation of the *Sixth Amended Plan for the Adjustment of Debts of the City of Detroit (August 20, 2014)* [Dkt. No. 6908] (the "Plan").

**Factual Background**

On July 18, 2013, the City of Detroit, Michigan (the "City") filed for protection under chapter 9 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"). The Retirement Systems, and other creditors, challenged whether the City was eligible to file chapter 9. Because Article IX, Section 24 of the Michigan Constitution (the "Pensions Clause") prohibits the State of Michigan and its municipalities from diminishing or impairing accrued financial

benefits, the Retirement Systems argued that the City was not validly authorized to be a debtor under state law, as required by Bankruptcy Code section 109(c)(2), because the authorization to file: (a) did not prohibit the impairment of accrued pension benefits, in violation of the Pensions Clause; and (b) was thus void. On December 5, 2013, the Court entered its *Opinion Regarding Eligibility* [Dkt. No. 1945] (the "Eligibility Opinion") in which it determined that the City was eligible to be a debtor under chapter 9 of the Bankruptcy Code. Because the Michigan Contracts Clause does not preclude impairment of ordinary contracts in bankruptcy, the Court concluded that the Pensions Clause likewise does not preclude impairment of pensions. Eligibility Opinion at 79-80, 92-94. Notwithstanding this determination, the Court felt "compelled" to comment:

> No one should interpret this holding that pension rights are subject to impairment in this bankruptcy case to mean that the Court will necessarily confirm any plan of adjustment that impairs pensions. The Court emphasizes that it will not lightly or casually exercise the power under federal bankruptcy law to impair pensions. Before the Court confirms any plan that the City submits, the Court must find that the plan fully meets the requirements of 11 U.S.C. § 943(b) and the other applicable provisions of the bankruptcy code. Together, these provisions of law demand this Court's judicious legal and equitable consideration of the interests of the City and all of its creditors, as well as the laws of the State of Michigan.

*Id.* at 80.

The Retirement Systems, the Retiree Committee, various unions, and the retiree associations, requested and obtained authorization to immediately appeal

201247528.3 14893/165083

the Eligibility Opinion directly to the United States Court of Appeals for the Sixth Circuit. The eligibility appeals have been fully briefed by all parties. All parties were prepared to proceed with the appeal, but requested that the Sixth Circuit stay the appeal pending the outcome of the confirmation hearing. The Sixth Circuit granted that request and has temporarily stayed the eligibility appeals.

While prosecuting the eligibility appeals, and over a period of more than six months, the Retirement Systems, the Retiree Committee, and the other parties participated in numerous, intensive mediation sessions with the Court-appointed mediators, during which well-represented parties negotiated at arm's length with the City. Those mediation efforts between the City and the Retirement Systems, the Retiree Committee, and other parties resulted in a resolution of, among other things, the proposed treatment of Class 10 and Class 11 Pension Claims (the "Pension Settlements").[1] The Pension Settlements are reflected in the "Alternative A" treatment of Classes 10 and 11 in the Plan, which treatment the Retirement Systems support.

The Retirement Systems anticipate that the City will introduce evidence at trial about the details of the "Grand Bargain" and the Pension Settlements.[2]

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

[2] If needed, the Retirement Systems will support the City and will supplement the evidentiary record with testimony from the following witnesses: (1) Cynthia Thomas, Executive Director of the Retirement Systems; (2) Ryan Bigelow, Chief

3

Certain facts bear repeating here, however: in accordance with the standards of Bankruptcy Rule 9019(a), the Grand Bargain and the Plan Settlements represent good-faith, arm's-length, fair and equitable settlements of: (1) the challenges asserted by the Retirement Systems and others to the City's eligibility to be a debtor; (2) the claims asserted by the Retirement Systems and their beneficiaries against the City as creditors in this case; and (3) the claims that the Retirement Systems, and the active employees and retirees with accrued pension benefits, might assert under the Pensions Clause against the State of Michigan. The Plan and its incorporation of the Pension Settlements and various other settlements also satisfies the "best interests of creditors" test under section 943(b)(7) and the cram-down requirements of section 1129(b) with respect to dissenting impaired classes of creditors. Assuming the City establishes these and the other elements required under the Bankruptcy Code, the Plan should be confirmed.

## Argument

**A.  The Class 10 and 11 Plan Settlements Should Be Approved Under Bankruptcy Rule 9019.**

The Sixth Circuit encourages settlements and compromise. *See Hindelang v. Mid-State Aftermarket Body Parts, Inc.* (*In re MQVP, Inc.*), 477 Fed. Appx. 310,

---

Investment Officer of the Retirement Systems; (3) Eric Mendelsohn, Greenhill & Co., Financial Advisor to the Retirement Systems; and (4) Judy Kermans, Gabriel Roeder, Actuarial Advisor to the Retirement Systems.

4

312 (6th Cir. 2012) (noting the "purpose of such a compromise agreement 'is to allow the trustee and the creditors to avoid the expense and burdens associated with litigating sharply contested and dubious claims.'"). In determining whether to approve a settlement, the Court considers the following factors: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved; and (4) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *In re Bard*, 49 F. App'x 528, 530 (6th Cir. 2002). The Court need not conduct a mini-trial to determine whether the settlement is fair and equitable. *Id.*

The Class 10 and 11 Plan settlements resolve litigation involving complex issues, including: (1) whether P.A. 436 and the Governor's authorization of the City's bankruptcy filing are invalid under the Pensions Clause to the extent that they authorize the City to discharge accrued pension benefits; (2) whether under the doctrine of collateral estoppel the Ingham County Circuit Court's final judgment in *Webster v. State,* No. 13-734-CZ (Mich. Cir. Ct. July 19, 2013) precludes the City from re-litigating whether PA 436 and the Governor's authorization are invalid under the Pensions Clause; (3) whether accrued financial benefits protected by the Pensions Clause may be impaired in the City's bankruptcy case; (4) the proper size of the Pension Claims in the bankruptcy case;

and (5) whether the State of Michigan is liable for the City's accrued pension obligations under the Pensions Clause. Resolution of these issues requires careful consideration of state and federal law against the landscape of municipal bankruptcy jurisprudence, which provides limited precedent. The probability of the City's and the State's success in defending these challenges is uncertain at best.

The Plan Settlements remove this uncertainty. They eliminate, for all parties, the significant expense that will be incurred in continuing the litigation. They also remove the risks that confirmation of the Plan will be delayed, or denied, as a result of these myriad issues. Perhaps most importantly, the Plan settlements are in the best interests of Class 10 and 11 creditors, and those creditors voiced their approval for the Plan Settlements when they voted in favor of the Plan.[3]

**B.     The Plan Satisfies the Requirements of Section 1129(b)(1) of the Bankruptcy Code.**

Similarly, the Retirement Systems, jointly with and in support of the City, will present evidence establishing that the treatment of Classes 10 and 11 under the Plan does not discriminate unfairly and is fair and equitable with respect to any dissenting impaired classes of creditors. For the reasons set forth in this brief and in the *Corrected Brief in Support of the Detroit Retirement Systems In Support of*

---

[3] *See Declaration of Michael J. Paque Regarding the Solicitation and Tabulation of Votes on, and the Results of Voting with Respect to, Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* [Dkt. No. 6179].

*the Proposed Treatment of Pension Claims Under "Alternative A" of the Corrected Fifth Amended Plan for the Adjustment of Debts of the City of Detroit* [Dkt. No. 6676], the Plan satisfies section 1129(b)(1) of the Bankruptcy Code.

In light of the Pension Settlements and the numerous other creditor settlements currently embodied in the Plan, the Retirement Systems submit that, overall, the Plan also is in the best interests of creditors, as required under section 943(b)(7). Accordingly, assuming the City can establish the other requirements of the Bankruptcy Code, the Plan should be confirmed.

Dated: August 27, 2014

Respectfully submitted,

CLARK HILL PLC

 /s/  Robert D. Gordon
Robert D. Gordon (P48627)
Jennifer K. Green (P69019)
Shannon L. Deeby (P60242)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com
jgreen@clarkhill.com
sdeeby@clarkhill.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

# EXHIBIT 1

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 27, 2014, *The Detroit Retirement Systems' Pre-Trial Brief in Support of Plan Confirmation* was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

        CLARK HILL PLC

        /s/ Robert D. Gordon
        Robert D. Gordon (P48627)
        151 South Old Woodward Avenue, Suite 200
        Birmingham, Michigan 48009
        Telephone: (248) 988-5882
        Facsimile: (248) 988-2502
        rgordon@clarkhill.com

Dated: August 27, 2014        *Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*