**Exhibit C**

**Order Vacating Sanctions as to Certain Persons,**
*In re Asset Resolution, LLC*, **No. 09-32824 (Bankr. D. Nev. Oct. 4, 2012)**

**Entered on Docket**
**October 04, 2012**

JANET L. CHUBB, ESQ.
Nevada State Bar No. 176
LOUIS M. BUBALA III, ESQ.
Nevada State Bar No. 8974
ARMSTRONG TEASDALE, LLP
50 W. Liberty St., Suite 950
Reno, NV 89501
Telephone: (775) 322-7400
Facsimile: (775) 322-9049
Email: jchubb@armstrongteasdale.com
   and   bsalinas@armstrongteasdale.com
   and   lbubala@armstrongteasdale.com

Attorneys for Certain Direct Lenders

WILLIAM A. BREWER III, ESQ.
Texas State Bar No. 02967035
*Pro Hac Vice to be filed*
MICHAEL J. COLLINS, ESQ.
Texas State Bar No. 00785495
*Pro Hac Vice filed*
ROBERT M. MILLIMET, ESQ.
Texas State Bar No. 24025538
*Admitted Pro Hac Vice*
BICKEL & BREWER
1717 Main Street, Suite 4800
Dallas, Texas 75201
Telephone: (214) 653-4000
Facsimile: (214) 653-1015
Email: wab@bickelbrewer.com
   mjc@bickelbrewer.com
   rrm@bickelbrewer.com

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ASSET RESOLUTION, LLC,<br><br>   Debtor. | CASE NO. BK-S-09-32824-RCJ (Lead Case)<br><br>Jointly Administered with Case Nos.:<br>BK-S-09-32831-RCJ; BK-S-09-32839-RCJ;<br>BK-S-09-32843-RCJ; BK-S-09-32844-RCJ;<br>BK-S-09-32846-RCJ; BK-S-09-32849-RCJ;<br>BK-S-09-32851-RCJ; BK-S-09-32853-RCJ;<br>BK-S-09-32868-RCJ; BK-S-09-32873-RCJ;<br>BK-S-09-32875-RCJ; BK-S-09-32878-RCJ;<br>BK-S-09-32880-RCJ; BK-S-09-32882-RCJ<br><br>Chapter 7 |

**ORDER VACATING SANCTIONS AS TO CERTAIN PERSONS**

1.      On May 25, 2010, this Court entered an Order On Certain Direct Lenders' Motion

1 For The Imposition Of Sanctions (the "Sanctions Order") (AR Bk Doc. 884).  The Sanctions Order
2 entered sanctions against various outside counsel, namely: Tracy L. Klestadt and Klestadt &
3 Winters, LLP, Katherine Windler, and Bryan Cave LLP (jointly and severally, "Sanctioned
4 Lawyers").  The remaining persons who were sanctioned under the Sanctions Order were Silar
5 Advisors, LP, Sara Pfrommer, Robert Leeds, and other persons who were Silar affiliates (such
6 remaining persons are referred to herein jointly and severally as the "Other Sanctioned Persons").

7     2. The Sanctions Order was appealed.  On March 6, 2012, the Ninth Circuit Court of
8 Appeals ruled that it did not have jurisdiction to hear the consolidated appeals from the Sanctions
9 Order and dismissed the appeals. (Case 10-16970 Doc. No. 62-1)  A Petition for Rehearing en banc
10 was filed and denied. (Case 10-16974 Doc. 69).

11     3. On September 6, 2012, after due consideration of all relevant factors (including
12 without limitation the history of the proceedings, all of the terms of the settlement, the competing
13 values of finality or judgment and the right to relitigation of unreviewed disputes, and the
14 consequences and attendant hardships of vacating the findings and rulings or refusing to do so), the
15 Court entered an  order  providing that the sanctions against the Other Sanctioned Persons shall be
16 vacated *nunc pro tunc* and have no *res judicata* or collateral estoppel effect on or against  such Other
17 Sanctioned Persons.  See Docket No. 1915.  In making that decision, the Court considered  all
18 relevant factors relating to all parties in interest, including without limitation, the history of the
19 litigation, the competing values of finality of judgment, the right  to re-litigation  of  un-reviewed
20 disputes, and the consequences and attendant hardships of  vacating the findings and rulings or
21 refusing to do so.  For good cause shown,

22     IT IS NOW HEREBY ORDERED THAT:

23     A. All sanctions against the Other Sanctioned Persons in the Sanctions Order are vacated
24 *nunc pro tunc* as of May 25, 2010;

25     B. The motion for sanctions filed against the Other Sanctioned Persons (AR. Bk. Doc.
26 392) is  denied *nunc  pro tunc* as to the Other Sanctioned Persons;

27
28

<div style="padding-left: 2em;">

C. All rulings and findings concerning the Other Sanctioned Persons set forth in the Sanctions Order are vacated *nunc pro tunc* and shall have no collateral estoppel or *res judicata* effect on or against any of the Other Sanctioned Persons. There are no findings of wrongdoing by any of the Other Sanctioned Persons; and

D. Nothing in this Order precludes Other Sanctioned Persons from asserting claims, if any, held by them against the Sanctioned Lawyers or others.

</div>

IT IS SO ORDERED.

Dated: October 2, 2012

_____
UNITED STATES DISTRICT JUDGE

Submitted By:

| | |
|---|---|
| BICKEL & BREWER | THE MAJORIE FIRM, LTD. |
| ARMSTRONG TEASDALE | LAW OFFICE OF MELANIE HILL |

By:  */s/ Robert M. Millimet*  
    Janet L. Chubb, Esq.  
    Michael J. Collins, Esq., Pro Hac Vice  
    Robert M. Millimet, Esq., Pro Hac Vice

    Counsel for B&B DL Settling Clients

By:  */s/ Francis B. Majorie*  
    Melanie A. Hill, Esq.  
    Francis B. Majorie, Esq., Pro Hac Vice

    Counsel for Silar Advisors, LP and related parties