**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | ) | Related to Doc. No. 6975 |
| _____ | ) | |

### OBJECTION OF THE DETROIT RETIREMENT SYSTEMS TO SYNCORA'S MOTION *IN LIMINE* BARRING THE CITY FROM INTRODUCING EVIDENCE REGARDING THE COMBINED RECOVERIES OF PENSION AND OPEB CLAIMS

The Police and Fire Retirement System of the City of Detroit ("PFRS") and

the General Retirement System of the City of Detroit ("GRS," and together with

PFRS, the "Retirement Systems") hereby file this objection (the "Objection") to

the *Motion In Limine Barring the City From Introducing Evidence Regarding the*

*Combined Recoveries of Pension and OPEB Claims* [Dkt. No. 6975] (the

"Motion") filed by Syncora Capital Assurance Inc. and Syncora Guarantee Inc.

(collectively, "Syncora").

**Introduction**

In its Motion, Syncora argues that, in considering whether the *Sixth Amended Plan for the Adjustment of Debts of the City of Detroit (August 20, 2014)* [Dkt. No. 6908] (as may be amended, the "Plan") filed by the City of Detroit (the "City") unfairly discriminates against a dissenting impaired class of creditors, the Court may not consider the overall impact of the Plan on other creditors who hold claims in more than one class. Specifically, Syncora argues that, in considering the treatment of Class 9 COPs Claims, the Court may not consider and compare the overall impact of the Plan on individuals who hold both Pension Claims (in Class 10 or 11) and OPEB Claims (in Class 12) because "evidence reflecting the combined recoveries of pensioners is not relevant to the unfair discrimination analysis and should therefore be excluded."[1]  Motion at ¶ 1.

Syncora's position, however, is not supported by the plain language of the Bankruptcy Code or any applicable case law.  By its Motion, Syncora seeks to impose Syncora-created parameters on the Court's determination, as a court of equity, regarding what is fair or unfair discrimination under Bankruptcy Code section 1129(b).  As such, the Motion should be denied.

While Syncora would prefer to view the recoveries of Classes 10 and 11 in a vacuum, the fact is that the majority of Class 10 and Class 11 Claimants also hold

---

[1]     All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

2

OPEB Claims which are being offered only a 10-13% recovery under the Plan. This results in a significant decrease in the overall recovery for the majority of Holders of Class 10 and Class 11 Claims, and there is nothing in the case law or the Bankruptcy Code that indicates that the Court cannot or should not take this into consideration when determining whether the Holders of Class 9 Claims are being discriminated against unfairly. Indeed, the "determination of unfair discrimination lies within the discretion of the bankruptcy judge and is to be made on a case by case basis." *In re Williams*, 253 B.R. 220, 226 (Bankr. W.D. Tenn. 2000).

## Standard of Review

Motions *in limine* are subject to a "high standard" and are appropriate only when evidence is "clearly inadmissible." *Broad St. Energy Co. v. Endeavor Ohio, LLC*, 2014 U.S. Dist. LEXIS 60041, *5 (S.D. Ohio April 30, 2014). Syncora has alleged that the evidence of combined recoveries is inadmissible because it is irrelevant. Motion at ¶ 1. "Evidence is considered relevant when: '(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Moore v. Bannon*, 2012 U.S. Dist. LEXIS 81740, *11 (E.D. Mich. June 13, 2012) (quoting Fed. R. Evid. 401).

3

# Argument

## I. The "Unfair Discrimination" Analysis is Flexible and May Encompass Considerations Other Than a Simple Class-To-Class Comparison

Section 1129 of the Bankruptcy Code provides:

> **(b)(1)** Notwithstanding section 510(a) of this title, if all of the applicable requirements of subsection (a) of this section other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

11 U.S.C. § 1129(b)(1). In other words, in order to cram a plan down on a dissenting impaired class of creditors, the plan must not discriminate unfairly with respect to such class. There is nothing in the statute, however, that mandates how a court must assess what is fair or unfair discrimination or mandates strictly a "class-to-class" comparison such as the one Syncora advocates. Rather, the Court (as a court of equity) has a great deal of discretion to consider all competent evidence to determine whether certain discriminatory treatment in a plan is fair and reasonable. *See In re Stella*, 2006 WL 2433443, at *15 (Bankr. D. Idaho June 28, 2006); *see also Williams, supra.*[2]

---

[2] Syncora argues, "Tellingly, there is nothing in the Bankruptcy Code - - or related case law - - that allows a debtor to aggregate claims across class lines for purposes of determining creditor recoveries." Motion at ¶ 2. More to the point (the Retirement Systems submit), it is telling that nothing in the Bankruptcy Code or case law **prohibits** the Court from considering aggregate recoveries in

4

Here, while Syncora complains of the alleged disparity of treatment between Class 9, on the one hand, and Classes 10 and 11, on the other hand, among the competent evidence is the fact that a majority of the Holders of Class 10 and Class 11 Claims are also Holders of Class 12 OPEB claims which are being offered a relatively lower 10-13% recovery. In other words, the same retiree who is experiencing a painful cut in his or her hard-earned pension benefits is also simultaneously experiencing, in many instances, an even more severe and painful cut in their healthcare benefits. Syncora argues that the Court should ignore this real-world impact on retirees in favor of some less intuitive and more self-serving view of how fairness should be measured. The Retirement Systems submit that to ignore the combined impact of pension and OPEB benefit cuts on individuals under the Plan is plainly arbitrary and inequitable.

Moreover, consideration of evidence of combined Class 12 and Class 10/Class 11 recoveries is consistent with one of the two oft-cited tests for analyzing fair or unfair discrimination. Under the 4-factor "Aztec test" set forth in *In re Aztec Co.*, 107 B.R. 585 (Bankr. M.D. Tenn. 1989), when a court analyzes a challenge of "unfair discrimination", the first factor focuses on whether the purported discrimination is supported by a "reasonable basis." *In re Aztec Co.*, 107 B.R. at 590. The diminished recoveries in Class 12, of which many Class 10 and

_____

determining if there is unfair discrimination against Holders of Class 9 COPs Claims.

5

Class 11 Claimants are a part, provides a reasonable basis for offering higher recoveries to Class 10 and Class 11 Claimants.

## II. The Fact That Not All Class 10 Claimants and Class 11 Claimants Hold Class 12 OPEB Claims Is Not a Basis For Excluding All Evidence Related To Combined Recoveries

In its Motion, Syncora erroneously argues that the Class 10 and 11 Pension Claims and the Class 12 OPEB Claims are not "closely-related" because "Pension Claims are held by the Retirement Systems, whereas the OPEB Claims are held by the individual retirees." Motion at ¶ 4. The premise here is simply incorrect. The Pension Claims are more accurately viewed as being held by *both* the Retirement Systems and the individual beneficiaries, and which holder may be relevant in any given situation depends on the context. So, for example, for purposes of voting on the Plan, it was deemed more appropriate for the individual beneficiaries to each vote their allocable portion of the UAAL as a Class 10 or 11 Claim. In terms of enforcing the rights of the pension systems as a whole to collect all employer contributions necessary to preserve, support and administer the accrued and accruing pension benefits of active and retired employees, including contributions to amortize the UAAL, it is traditionally the Retirement Systems that assert the claims on behalf of the beneficiaries. Therefore, to say that only the Retirement Systems hold the Pension Claims is inaccurate. Individuals ultimately stand in the same capacity relative to *both* Pension and OPEB claims - - *i.e.,* they are the

6

ultimate beneficiaries of both. As such, it is factually indisputable that there is a close relation between the Pension Claims and the OPEB Claims. Thus, Syncora makes a flawed distinction, and a distinction without a meaningful difference.

Syncora next argues that the Pension Claims and OPEB Claims are not closely related and cannot be considered together because the pool of Class 12 Claimants is a subset of and does not fully mirror the pool of Class 10/11 Claimants. Motion at ¶ 4. It is conceded by the City and Syncora that 69% of PFRS retirees and 56% of GRS retirees hold OPEB Claims. Syncora qualifies this fact with the word "only", seeming to indicate that this is not a meaningful overlap. The Retirement Systems (and, apparently, the City) strongly disagree. The fact is that a meaningful *majority* of all Class 10 and Class 11 Claimants - - literally, thousands of individuals - - hold OPEB Claims and are getting *two* cuts in benefits. The Retirement Systems submit that this is a *very significant* fact and one that the Court should indeed consider. The mere fact that not all Class 10 and 11 Claimants hold OPEB Claims only means that the blended Pension Claim/OPEB Claim recovery calculation set forth in the City's Consolidated Reply and the Retirement Systems' Corrected Brief does not reflect the actual treatment of *all* Holders of Pension Claims.[3] But the calculation is nonetheless accurate for a

---

[3]     *See Consolidated Reply to Certain Objections to Confirmation . . . .*[Dkt. No. 5034] at ¶ 57; *Corrected Brief of the Detroit Retirement Systems in Support of Proposed Treatment of Pension Claims . . . .* [Dkt. No. 6520] at 8.

7

*majority* of Holders of Pension Claims and is therefore an important and valid data point that the Court can and should consider. For Syncora to assert that this data is not relevant at all and should be excluded is misplaced and squarely contradicted by Federal Rule of Evidence 401 and existing case law in this district, as cited above.

## <u>Conclusion</u>

Based on the foregoing, the Retirement Systems respectfully request that the Court deny Syncora's Motion, as Syncora has failed to meet its burden of showing that evidence of combined recoveries is inadmissible.

Respectfully submitted,

CLARK HILL PLC


/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Jennifer K. Green (P69019)
Shannon L. Deeby (P60242)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com
jgreen@clarkhill.com
sdeeby@clarkhill.com

Dated: August 27, 2014

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

201298311.1 14893/165083

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:                                       )
                                             )        Chapter 9
CITY OF DETROIT, MICHIGAN,    )
                                             )        Case No. 13-58346
                                             )
          Debtor.                          )        Hon. Steven W. Rhodes
_____)

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 27, 2014, the Objection of the

Detroit Retirement Systems to Syncora's Motion *In Limine* Barring the City from

Introducing Evidence Regarding the Combined Recoveries of Pension and OPEB

Claims was filed with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to all counsel of record.

                                   CLARK HILL PLC

                                   /s/ Robert D. Gordon
                                   Robert D. Gordon (P48627)
                                   151 South Old Woodward Avenue, Suite 200
                                   Birmingham, Michigan 48009
                                   Telephone: (248) 988-5882
                                   Facsimile: (248) 988-2502
                                   rgordon@clarkhill.com

Dated:  August 27, 2014            *Counsel to the Police and Fire Retirement*
                                   *System of the City of Detroit and the General*
                                   *Retirement System of the City of Detroit*

9