# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | Related to Doc. No. 6978 |
| | ) | |

**OBJECTION OF THE DETROIT RETIREMENT SYSTEMS TO SYNCORA'S MOTION *IN LIMINE* TO PRECLUDE DEBTOR FROM OFFERING EVIDENCE RELATING TO (A) THE RECOVERIES OF CLASSES 10 AND 11 INDEPENDENT OF THE FUNDS FROM THE DIA FUNDING PARTIES AND THE STATE AND (B) THE TOPICS IDENTIFIED IN SYNCORA'S SUBPOENAS TO THE FOUNDATIONS**

The Police and Fire Retirement System of the City of Detroit ("PFRS") and the General Retirement System of the City of Detroit ("GRS," and together with PFRS, the "Retirement Systems") hereby file this objection to the *Motion In Limine to Preclude Debtor From Offering Evidence Relating to (A) the Recoveries of Classes 10 and 11 Independent of the Funds From the DIA Funding Parties and the State and (B) the Topics Identified in Syncora's Subpoenas to the Foundations* [Dkt. No. 6978] (the "Motion") filed by Syncora Capital Assurance Inc. and Syncora Guarantee Inc. (collectively, "Syncora").

## Introduction

On May 26, 2014, the City filed its *Consolidated Reply to Certain Objections to Confirmation of Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* (the "Consolidated Reply") [Dkt. No. 5034]. In the Consolidated Reply, the City argues extensively, with ample cites to case law, that where creditors receive an enhanced recovery from property of a non-debtor third party pursuant to a debtor's plan, such enhancement should not be considered in determining if there is unfair discrimination as to other dissenting creditors under the plan. Consolidated Reply at ¶¶ 51-56. Accordingly, the City argues, the DIA Proceeds and the State Contribution being received by Holders of Class 10 and Class 11 Pension Claims pursuant to the Plan and the Grand Bargain should not be considered in determining if there is unfair discrimination under the Plan.

Notwithstanding, in its Motion, Syncora seeks to preclude the submission of evidence of calculations relating to the estimated recoveries of Class 10 and Class 11 which exclude the funds from the Grand Bargain, and it does so based on a misguided interpretation of the Court's off-hand remark at a June 26, 2014 hearing that "[the Court] would have assumed that the issue of unfair discrimination is based upon not where the money comes from but where the money goes to." (Hrg. Tr. at 40:3-5, June 26, 2014, attached to the Motion as Ex. 6A). This statement—referenced out of context in the Motion—does not in any way translate to a

2

definitive ruling that the City cannot introduce into evidence calculations of recoveries for Classes 10 and 11 that exclude the third-party proceeds from the Grand Bargain.

In the view of the Retirement Systems, the Court's comment was alluding to a question of why Syncora wanted to discover so much about the origins of the DIA Settlement. The thrust of the Court's ruling quashing Syncora's subpoenas directed to the Foundations was seemingly grounded in the idea that most (if not all) of the information sought was either (1) not in dispute, or (2) of a nature as to which the Court could take judicial notice. Further, none of the 30(b)(6) deposition topics nor document requests in question at the hearing bore any relation to the question of whether or not the DIA Proceeds must be accounted for in an "unfair discrimination" analysis.

Quite simply, as discussed below, the City is clearly entitled to put on evidence of calculations of creditor recoveries in Classes 10 and 11 excluding the third-party DIA Proceeds, for purposes of demonstrating that the Plan does not discriminate unfairly amongst its unsecured creditors. Such evidence is indisputably relevant under existing case law.

## **Standard of Review**

Motions *in limine* are subject to a "high standard" and are appropriate only when evidence is "clearly inadmissible." *Broad St. Energy Co. v. Endeavor Ohio,*

*LLC*, 2014 U.S. Dist. LEXIS 60041, *5 (S.D. Ohio April 30, 2014). "Evidence is considered relevant when: '(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" *Moore v. Bannon*, 2012 U.S. Dist. LEXIS 81740, *11 (E.D. Mich. June 13, 2012) (quoting Fed. R. Evid. 401).

## Argument

### I. Syncora's Interpretation of the Court's Previous Comment Regarding "Where the Money Comes From" is Misguided

At the hearing on the Foundations' motion to quash the subpoenas issued by Syncora, the Court asked Syncora's counsel repeatedly what the relevance was to any of the discovery Syncora sought from the Foundations. Hrg. Tr. at 38:1-39:19, June 26, 2014. Syncora's counsel was expressing concern that the City may have taken the initiative in soliciting the Foundations to contribute money to benefit the retirees, while at the same time telling bondholders and bond insurers like Syncora that the Foundations were the ones insisting that their contributions go to benefit the retirees. *Id.* at 37:15-25. After explaining that the Court still did not understand why the discovery sought by Syncora was relevant, even assuming that the disparity of Plan treatment between Class 9 and Classes 10 and 11 was sufficient to trigger heightened scrutiny, the Court remarked that it "would have assumed that the issue of unfair discrimination is based upon not where money comes from but where the money goes to." *Id.* at 39:13-19; 40:3-5.

4

Syncora's position is that this statement made by the Court is tantamount to an unequivocal ruling that it is completely irrelevant who is funding certain creditors' recoveries under a Plan and that any and all funds that go to any creditor class from any source must be factored in when analyzing whether the plan unfairly discriminates amongst creditors. The Retirement Systems submit that it cannot have been the Court's intention to render such a ruling. In the view of the Retirement Systems, the Court's comments were designed to make the point that it is undisputed that the City does not intend to give any proceeds of the Grand Bargain to Syncora under its Plan, and that it was immaterial to the Court as to whose idea it was to earmark the funds for pensioners. Therefore, there was nothing more to be gained from examining the Foundations. The Retirement Systems interpreted the Court's comment that "unfair discrimination is based on . . . where the money goes to" as posing a question to Syncora as to why it thought it relevant to learn from the Foundations about discussions and negotiations leading up to the DIA Settlement at this point, when the only relevant question appeared to be whether any pertinent disparity in treatment under the Plan was supported by the City's business judgment as to what to pay various creditor classes.

## II. "Where Money Comes From" is Relevant to Whether Such Funds, Which Are Used to Pay Creditors Under the Plan, Must Be Counted For Purposes of Analyzing Unfair Discrimination

As the City notes in its Consolidated Reply, there are numerous instances where third-party funds used for creditor recoveries are not considered when analyzing whether the plan discriminates unfairly amongst its dissenting creditors. One such instance is where, as here, recoveries of certain creditor classes are augmented by funds from third parties which are not being made on account of such third parties' claims against the City. The City cites numerous cases where certain creditor classes have received boosted recoveries from non-debtor sources under a plan and where such increased recoveries did not result in a finding of unfair discrimination. *See* Consolidated Reply, at pp. 30-31 (citing *In re Worldcom*, 2003 WL 23861928, at \*60-61 (Bankr. S.D.N.Y. Oct. 31, 2003); *In re Parke Imperial Canton, Ltd.*, 1994 WL 842777, at \*11 (Bankr. N.D. Ohio Nov. 14, 1994); *In re MCorp Fin., Inc.*, 160 B.R. 941, 960 (S.D. Tex. 1993); *Travelers Ins. Co. v. Bryson Props. XVIII* (*In re Bryson Props. XVIII*), 129 B.R. 440, 445 (M.D.N.C. 1991)).

Here, if the DIA Funding Parties and the State are contributing money towards Class 10 and Class 11, these contributions are not from the City or proceeds of City assets. *See* Consolidated Reply at ¶ 54. Further, the State's contribution is in exchange for releases of claims against the State ***by the***

13-53846-tjt    Doc 7134    Filed 08/27/14    Entered 08/27/14 21:46:08    Page 6 of 10

*pensioners*. *Id.* at ¶ 55. Neither the State Contribution nor the releases being granted by the Holders of Pension Claims implicate any of the City's funds or property. *Id.* Therefore, both the DIA Proceeds and the State Contribution can properly be excluded from Class 10 and 11 recoveries for purposes of conducting an unfair discrimination analysis.

## Conclusion

Based on the foregoing, the Retirement Systems respectfully request that the Court deny Syncora's Motion.

Respectfully submitted,

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Jennifer K. Green (P69019)
Shannon L. Deeby (P60242)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com
jgreen@clarkhill.com
sdeeby@clarkhill.com

Dated: August 27, 2014

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 27, 2014, the Objection of the Detroit Retirement Systems to Syncora's Motion in Limine to Preclude Debtor from Offering Evidence Relating to (A) the Recoveries of Classes 10 and 11 Independent of the Funds from the DIA Funding Parties and the State and (B) the Topics Identified in Syncora's Subpoenas to the Foundations was filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
Jennifer K. Green (P69019)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
rgordon@clarkhill.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*

Dated: August 27, 2014

2