# Exhibit 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
IN RE:  CITY OF DETROIT,       .    Docket No. 13-53846
        MICHIGAN,               .
                                .    Detroit, Michigan
                                .    June 26, 2014
             Debtor.            .    9:00 a.m.
. . . . . . . . . . . . . . . .
```

HEARING RE. (#5259) STATUS CONFERENCE ON PLAN
CONFIRMATION PROCESS (RE. FIFTH AMENDED ORDER
ESTABLISHING PROCEDURES, DEADLINES AND HEARING DATES
RELATING TO THE DEBTOR'S PLAN OF ADJUSTMENT. STATUS
HEARINGS REGARDING PLAN CONFIRMATION PROCESS; (#5285)
CORRECTED MOTION TO QUASH SYNCORA'S SUBPOENA TO
DEPOSE ATTORNEY GENERAL BILL SCHUETTE FILED BY
INTERESTED PARTY BILL SCHUETTE; (#5250) MOTION OF THE
CITY OF DETROIT FOR SITE VISIT BY COURT IN CONNECTION
WITH THE HEARING ON CONFIRMATION OF THE CITY'S PLAN OF
ADJUSTMENT FILED BY DEBTOR IN POSSESSION CITY OF
DETROIT, MICHIGAN; (#5300) JOINT MOTION TO QUASH
SUBPOENAS DUCES TECUM FILED BY INTERESTED PARTIES
A. PAUL AND CAROL C. SCHAAP FOUNDATION, CHARLES
STEWART MOTT FOUNDATION, COMMUNITY FOUNDATION FOR
SOUTHEAST MICHIGAN, HUDSON-WEBBER FOUNDATION, MAX M
AND MARJORIE S. FISHER FOUNDATION, MCGREGOR FUND,
THE FORD FOUNDATION, THE FRED A. AND BARBARA M. ERB
FAMILY FOUNDATION, W.K. KELLOGG FOUNDATION, WILLIAM
DAVIDSON FOUNDATION; (#5478) MOTION OF THE GENERAL
RETIREMENT SYSTEM OF THE CITY OF DETROIT TO
DESIGNATE AND DETERMINE ADDITIONAL LEGAL ISSUE
REGARDING METHODOLOGY FOR ASF RECOUPMENT FROM
RETIREES FILED BY CREDITOR GENERAL RETIREMENT
SYSTEM OF THE CITY OF DETROIT; (#5442) MOTION FOR
PROTECTIVE ORDER CITY OF DETROIT'S MOTION FOR
ENTRY OF A PROTECTIVE ORDER STRIKING SYNCORA'S
DEMAND IN ITS RULE 30(b)(6) DEPOSITION NOTICE
FOR THE PERSONAL FINANCIAL INFORMATION OF ALL CITY
RETIREES FILED BY DEBTOR IN POSSESSION CITY OF
DETROIT, MICHIGAN; (#5436) MOTION TO COMPEL FULL AND
FAIR RESPONSES TO SYNCORA'S INTERROGATORIES FILED BY
INTERESTED PARTIES SYNCORA CAPITAL ASSURANCE, INC.,
SYNCORA GUARANTEE, INC.
BEFORE THE HONORABLE STEVEN W. RHODES
UNITED STATES BANKRUPTCY COURT JUDGE

```
APPEARANCES:

For the Debtor:        Jones Day
                       By:  HEATHER LENNOX
                       222 East 41st Street
                       New York, NY  10017
                       (212) 326-3837

                       Jones Day
                       By:  GEOFFREY IRWIN
                            GREGORY SHUMAKER
                       51 Louisiana Avenue, N.W.
                       Washington, D.C.  20001-2113
                       (202) 879-3768

                       Pepper Hamilton, LLP
                       By:  ROBERT S. HERTZBERG
                       4000 Town Center, Suite 1800
                       Southfield, MI  48075-1505
                       (248) 359-7333

For the Detroit        Clark Hill, PLC
Retirement             By:  ROBERT D. GORDON
Systems:               151 South Old Woodward Avenue, Suite 200
                       Birmingham, MI  48009
                       (248) 988-5882

For the Official       Dentons US, LLP
Committee of           By:  SAM J. ALBERTS
Retirees:              1301 K Street, NW, Suite 600, East Tower
                       Washington, DC  20005
                       (202) 408-7004

                       Dentons US, LLP
                       By:  CAROLE NEVILLE
                       1221 Avenue of the Americas, 25th Floor
                       New York, NY  10020-1089
                       (212) 632-8390

For the Detroit        Erman, Teicher, Zucker &
Fire Fighters            Freedman, P.C.
Association and        By:  BARBARA A. PATEK
the Detroit Police     400 Galleria Officentre, Suite 444
Officers Associa-      Southfield, MI 48034
tion:                  (248) 827-4100
```

```
APPEARANCES (continued):

For Detroit Retired    Lippitt O'Keefe, PLLC
City Employees         By:  RYAN C. PLECHA
Association,           370 East Maple Road, 3rd Floor
Retired Detroit        Birmingham, MI  48009
Police and Fire        (248) 723-6263
Fighters Associa-
tion, Shirley V.
Lightsey, and
Donald Taylor:

For CFSM, The          Plunkett Cooney
Davidson Founda-       By:  DOUGLAS C. BERNSTEIN
tion, The Erb          38505 Woodward Avenue, Suite 2000
Foundation, The        Bloomfield Hills, MI  48304
Fisher Foundation,     (248) 901-4091
Ford Foundation,
Hudson-Webber
Foundation, The
Kellogg Founda-
tion, McGregor
Fund, The Mott
Foundation and
The Schaap Founda-
tion:

For James Knight       Bilzin Sumberg
Foundation:            By:  MICHAEL KREITZER
                       1450 Bricknell Avenue, 23rd Floor
                       Miami, FL  33131-3456
                       (305) 374-7580

For Kresge             Winston & Strawn, LLP
Foundation:            By:  DESIREE M. RIPO
                       200 Park Avenue
                       New York, NY  10166
                       (212) 294-2622

For Syncora            Kirkland & Ellis, LLP
Holdings, Ltd.,        By:  STEPHEN C. HACKNEY
Syncora Guarantee           RYAN BENNETT
Inc., and Syncora      300 North LaSalle
Capital Assurance,     Chicago, IL  60654
Inc.:                  (312) 862-2157

For Erste              Ballard Spahr, LLP
Europaische            By:  VINCENT J. MARRIOTT, III
Pfandbrief-und         1735 Market Street, 51st Floor
Kommunalkreditbank     Philadelphia, PA  19103-7599
Aktiengesellschaft     (215) 864-8236
in Luxemburg, S.A.:
```

```
APPEARANCES (continued):

For Attorney          Michigan Department of Attorney General
General of            By:  MICHAEL MURPHY
Michigan:                  MATTHEW SCHNEIDER
                      525 W. Ottawa Street, Fl. 2
                      Lansing, MI  48933
                      (517) 373-1162

For Assured           Chadbourne & Parke, LLP
Guaranty Municipal    By:  ROBERT SCHWINGER
Corp.:                30 Rockefeller Plaza
                      New York, NY  10112
                      (212) 408-5364

For National Public   Sidley Austin, LLP
Finance Guarantee     By:  GUY NEAL
Corp.:                1501 K Street, NW
                      Washington, D.C.  20005
                      (202) 736-8041

For County of         Butzel Long, PC
Wayne, Michigan:      By:  MAX J. NEWMAN
                      Stoneridge West
                      41000 Woodward Avenue
                      Bloomfield Hills, MI  48304
                      (248) 258-2907

For County of         Young and Associates
Oakland, Michigan:    By:  JAYE QUADROZZI
                      27725 Stansbury Blvd., Suite 125
                      Farmington Hills, MI  48334
                      (248) 353-8620

For County of         Dechert, LLP
Macomb, Michigan:     By:  ALLAN S. BRILLIANT
                      1095 Avenue of the Americas
                      New York, NY  10036
                      (212) 698-3600

Court Recorder:       Kristel Trionfi
                      United States Bankruptcy Court
                      211 West Fort Street, 21st Floor
                      Detroit, MI  48226-3211
                      (313) 234-0068

Transcribed By:       Lois Garrett
                      1290 West Barnes Road
                      Leslie, MI  49251
                      (517) 676-5092
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1  would submit is -- the terms are contained in the plan itself
2  at Exhibit Roman Numeral I.A.91, which sets forth what the
3  foundations have agreed to do and on what terms.  Number
4  four, the foundations' involvement with the DIA, which the
5  foundations submit is completely irrelevant as to whether or
6  not the plan is confirmable or not.  Number five, the
7  foundations' reasons for entering into the DIA settlement,
8  which we would stipulate is to benefit the city and preserve
9  the DIA and help the city through its troubles, and we have
10 no problem stipulating to that fact.  Otherwise it's
11 irrelevant as to whether or not the plan is confirmable or
12 not.  Number six, the purpose or mission of each foundation.
13 Well, the website of virtually each foundation contains the
14 mission right on there, so there's no need for deposition
15 testimony for that.  Number seven, the foundations' prior
16 donations or contributions including those to the arts,
17 which, again, the foundations submit, number one, are
18 irrelevant to the confirmability of the plan and, number two,
19 are available from the foundations' websites.  And, number
20 eight, the importance and the value of the DIA and its
21 collection, again, no bearing on whether or not the plan is
22 confirmable.
23          The documentation requests that have been submitted
24 by Syncora are all documents and communications relating to
25 the DIA settlement, which the foundations submit are subject

1  a city asset --

2  　　　　THE COURT: And you've lost me already, and maybe
3  the city has lost me. I don't know. But I would have
4  assumed that the issue of unfair discrimination is based upon
5  not where money comes from but where money goes to.

6  　　　　MR. HACKNEY: That is definitely how Syncora views
7  the world.

8  　　　　THE COURT: All right.

9  　　　　MR. HACKNEY: But the city --

10 　　　　THE COURT: Let's view the world that way since
11 you're the one at the lectern.

12 　　　　MR. HACKNEY: Yes. No. Well, remember, you were
13 asking me relevance, and I'm describing the city's case. I'm
14 trying to discover and defend their case.

15 　　　　THE COURT: Okay. So is this your concession that
16 this has nothing to do with the issue of whether the
17 discrimination is justified or not? It's only an issue of
18 whether there is discrimination.

19 　　　　MR. HACKNEY: No. It goes to the amount --

20 　　　　THE COURT: And explain to me how it's relevant to
21 the issue of whether the discrimination, whatever it is,
22 however you characterize it, however the city characterizes
23 it, is justified or not.

24 　　　　MR. HACKNEY: Okay. So there are two issues going
25 on here that I think are relevant. The information from the

1  be seated. Recalling Case Number 13-53846, City of Detroit,
2  Michigan.

3  THE COURT: All right. It appears that everyone is
4  present. Addressing first the attorney general's motion to
5  quash the subpoena that was issued to him by Syncora, the
6  Court concludes that this motion should be granted. The
7  Court concludes that the attorney general's opinion that is
8  the subject of that subpoena is for all functional purposes
9  the equivalent of a brief, and it will be given weight by the
10 Court only to the extent that the facts on which it relies
11 are established in the evidence and the law on which it
12 relies is persuasive.

13  In weighing any settlements in the case, including
14 what's been called the grand bargain here, the Court will
15 weigh the merits of the opposing facts and law and not take
16 into account the position or authority of the people who may
17 have taken positions on one side or the other of the issues.
18 So in these circumstances, there is no basis for questioning
19 the attorney general regarding his legal opinion, so that
20 motion is granted.

21  Addressing next the foundations' motion to quash the
22 subpoenas that were issued to them, the Court again concludes
23 that this motion should be granted. The Court concludes that
24 none of the 30(b)(6) subjects and none of the documents that
25 are sought from the foundations are relevant to or even

```
 1  arguably relevant to the issues of whether the plan is
 2  discriminatory or whether it is unfairly discriminatory, the
 3  best interest of creditors or even the extent to which the
 4  so-called grand bargain settlement protects the art of the
 5  city.  Accordingly, that motion is granted.
 6          Now, having said that, it was mentioned during
 7  argument that Syncora is interested in information relating
 8  to the foundations' ability to pay.  That is a relevant
 9  subject on which the Court would allow limited discovery.  It
10  is not, however, as far as the Court could determine, a part
11  of the discovery that was, in fact, served.  The Court hopes
12  that Syncora's counsel and counsel for the several
13  foundations can work out a streamlined and efficient way for
14  Syncora to get the information it needs to evaluate this
15  issue of their ability to pay.
16          In the motion to quash the foundations' requested
17  costs, the Court will ask counsel for those foundations to
18  file a separate motion for costs if they wish to pursue that.
19          Turning now to the motion for a site visit, the
20  Court is inclined to exercise its discretion to grant that
21  motion and to go on a site inspection as requested.  The
22  Court believes it is likely that the value of such an
23  inspection would be outweighed by the effort it would take to
24  organize and execute the tour, so it will take, however,
25  further discussion and planning here in the meantime, so,
```