# Exhibit 6

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  CITY OF DETROIT,        .        Docket No. 13-53846
        MICHIGAN,               .
                                .        Detroit, Michigan
                                .        June 26, 2014
                Debtor.         .        9:00 a.m.
. . . . . . . . . . . . . . . . .

        HEARING RE. (#5259) STATUS CONFERENCE ON PLAN
        CONFIRMATION PROCESS (RE. FIFTH AMENDED ORDER
    ESTABLISHING PROCEDURES, DEADLINES AND HEARING DATES
    RELATING TO THE DEBTOR'S PLAN OF ADJUSTMENT.  STATUS
    HEARINGS REGARDING PLAN CONFIRMATION PROCESS; (#5285)
        CORRECTED MOTION TO QUASH SYNCORA'S SUBPOENA TO
        DEPOSE ATTORNEY GENERAL BILL SCHUETTE FILED BY
    INTERESTED PARTY BILL SCHUETTE; (#5250) MOTION OF THE
    CITY OF DETROIT FOR SITE VISIT BY COURT IN CONNECTION
    WITH THE HEARING ON CONFIRMATION OF THE CITY'S PLAN OF
        ADJUSTMENT FILED BY DEBTOR IN POSSESSION CITY OF
        DETROIT, MICHIGAN; (#5300) JOINT MOTION TO QUASH
        SUBPOENAS DUCES TECUM FILED BY INTERESTED PARTIES
        A. PAUL AND CAROL C. SCHAAP FOUNDATION, CHARLES
        STEWART MOTT FOUNDATION, COMMUNITY FOUNDATION FOR
    SOUTHEAST MICHIGAN, HUDSON-WEBBER FOUNDATION, MAX M
     AND MARJORIE S. FISHER FOUNDATION, MCGREGOR FUND,
    THE FORD FOUNDATION, THE FRED A. AND BARBARA M. ERB
    FAMILY FOUNDATION, W.K. KELLOGG FOUNDATION, WILLIAM
        DAVIDSON FOUNDATION; (#5478) MOTION OF THE GENERAL
        RETIREMENT SYSTEM OF THE CITY OF DETROIT TO
        DESIGNATE AND DETERMINE ADDITIONAL LEGAL ISSUE
        REGARDING METHODOLOGY FOR ASF RECOUPMENT FROM
        RETIREES FILED BY CREDITOR GENERAL RETIREMENT
     SYSTEM OF THE CITY OF DETROIT; (#5442) MOTION FOR
        PROTECTIVE ORDER CITY OF DETROIT'S MOTION FOR
        ENTRY OF A PROTECTIVE ORDER STRIKING SYNCORA'S
        DEMAND IN ITS RULE 30(b)(6) DEPOSITION NOTICE
    FOR THE PERSONAL FINANCIAL INFORMATION OF ALL CITY
        RETIREES FILED BY DEBTOR IN POSSESSION CITY OF
    DETROIT, MICHIGAN; (#5436) MOTION TO COMPEL FULL AND
    FAIR RESPONSES TO SYNCORA'S INTERROGATORIES FILED BY
    INTERESTED PARTIES SYNCORA CAPITAL ASSURANCE, INC.,
                SYNCORA GUARANTEE, INC.
        BEFORE THE HONORABLE STEVEN W. RHODES
        UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

```
For the Debtor:        Jones Day
                       By:  HEATHER LENNOX
                       222 East 41st Street
                       New York, NY  10017
                       (212) 326-3837

                       Jones Day
                       By:  GEOFFREY IRWIN
                            GREGORY SHUMAKER
                       51 Louisiana Avenue, N.W.
                       Washington, D.C.  20001-2113
                       (202) 879-3768

                       Pepper Hamilton, LLP
                       By:  ROBERT S. HERTZBERG
                       4000 Town Center, Suite 1800
                       Southfield, MI  48075-1505
                       (248) 359-7333

For the Detroit        Clark Hill, PLC
Retirement             By:  ROBERT D. GORDON
Systems:               151 South Old Woodward Avenue, Suite 200
                       Birmingham, MI  48009
                       (248) 988-5882

For the Official       Dentons US, LLP
Committee of           By:  SAM J. ALBERTS
Retirees:              1301 K Street, NW, Suite 600, East Tower
                       Washington, DC  20005
                       (202) 408-7004

                       Dentons US, LLP
                       By:  CAROLE NEVILLE
                       1221 Avenue of the Americas, 25th Floor
                       New York, NY  10020-1089
                       (212) 632-8390

For the Detroit        Erman, Teicher, Zucker &
Fire Fighters            Freedman, P.C.
Association and        By:  BARBARA A. PATEK
the Detroit Police     400 Galleria Officentre, Suite 444
Officers Associa-      Southfield, MI 48034
tion:                  (248) 827-4100
```

APPEARANCES (continued):

```
For Detroit Retired  Lippitt O'Keefe, PLLC
City Employees       By:  RYAN C. PLECHA
Association,         370 East Maple Road, 3rd Floor
Retired Detroit      Birmingham, MI  48009
Police and Fire      (248) 723-6263
Fighters Associa-
tion, Shirley V.
Lightsey, and
Donald Taylor:

For CFSM, The        Plunkett Cooney
Davidson Founda-     By:  DOUGLAS C. BERNSTEIN
tion, The Erb        38505 Woodward Avenue, Suite 2000
Foundation, The      Bloomfield Hills, MI  48304
Fisher Foundation,   (248) 901-4091
Ford Foundation,
Hudson-Webber
Foundation, The
Kellogg Founda-
tion, McGregor
Fund, The Mott
Foundation and
The Schaap Founda-
tion:

For James Knight     Bilzin Sumberg
Foundation:          By:  MICHAEL KREITZER
                     1450 Bricknell Avenue, 23rd Floor
                     Miami, FL  33131-3456
                     (305) 374-7580

For Kresge           Winston & Strawn, LLP
Foundation:          By:  DESIREE M. RIPO
                     200 Park Avenue
                     New York, NY  10166
                     (212) 294-2622

For Syncora          Kirkland & Ellis, LLP
Holdings, Ltd.,      By:  STEPHEN C. HACKNEY
Syncora Guarantee         RYAN BENNETT
Inc., and Syncora    300 North LaSalle
Capital Assurance,   Chicago, IL  60654
Inc.:                (312) 862-2157

For Erste            Ballard Spahr, LLP
Europaische          By:  VINCENT J. MARRIOTT, III
Pfandbrief-und       1735 Market Street, 51st Floor
Kommunalkreditbank   Philadelphia, PA  19103-7599
Aktiengesellschaft   (215) 864-8236
in Luxemburg, S.A.:
```

```
APPEARANCES (continued):

For Attorney        Michigan Department of Attorney General
General of          By:  MICHAEL MURPHY
Michigan:                MATTHEW SCHNEIDER
Michigan:           525 W. Ottawa Street, Fl. 2
                    Lansing, MI  48933
                    (517) 373-1162


For Assured         Chadbourne & Parke, LLP
Guaranty Municipal  By:  ROBERT SCHWINGER
Corp.:              30 Rockefeller Plaza
                    New York, NY  10112
                    (212) 408-5364


For National Public Sidley Austin, LLP
Finance Guarantee   By:  GUY NEAL
Corp.:              1501 K Street, NW
                    Washington, D.C.  20005
                    (202) 736-8041


For County of       Butzel Long, PC
Wayne, Michigan:    By:  MAX J. NEWMAN
                    Stoneridge West
                    41000 Woodward Avenue
                    Bloomfield Hills, MI  48304
                    (248) 258-2907


For County of       Young and Associates
Oakland, Michigan:  By:  JAYE QUADROZZI
                    27725 Stansbury Blvd., Suite 125
                    Farmington Hills, MI  48334
                    (248) 353-8620


For County of       Dechert, LLP
Macomb, Michigan:   By:  ALLAN S. BRILLIANT
                    1095 Avenue of the Americas
                    New York, NY  10036
                    (212) 698-3600


Court Recorder:     Kristel Trionfi
                    United States Bankruptcy Court
                    211 West Fort Street, 21st Floor
                    Detroit, MI  48226-3211
                    (313) 234-0068


Transcribed By:     Lois Garrett
                    1290 West Barnes Road
                    Leslie, MI  49251
                    (517) 676-5092
Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

1   would submit is -- the terms are contained in the plan itself

2   at Exhibit Roman Numeral I.A.91, which sets forth what the

3   foundations have agreed to do and on what terms.  Number

4   four, the foundations' involvement with the DIA, which the

5   foundations submit is completely irrelevant as to whether or

6   not the plan is confirmable or not.  Number five, the

7   foundations' reasons for entering into the DIA settlement,

8   which we would stipulate is to benefit the city and preserve

9   the DIA and help the city through its troubles, and we have

10  no problem stipulating to that fact.  Otherwise it's

11  irrelevant as to whether or not the plan is confirmable or

12  not.  Number six, the purpose or mission of each foundation.

13  Well, the website of virtually each foundation contains the

14  mission right on there, so there's no need for deposition

15  testimony for that.  Number seven, the foundations' prior

16  donations or contributions including those to the arts,

17  which, again, the foundations submit, number one, are

18  irrelevant to the confirmability of the plan and, number two,

19  are available from the foundations' websites.  And, number

20  eight, the importance and the value of the DIA and its

21  collection, again, no bearing on whether or not the plan is

22  confirmable.

23          The documentation requests that have been submitted

24  by Syncora are all documents and communications relating to

25  the DIA settlement, which the foundations submit are subject

1 a city asset --

2         THE COURT:  And you've lost me already, and maybe

3 the city has lost me.  I don't know.  But I would have

4 assumed that the issue of unfair discrimination is based upon

5 not where money comes from but where money goes to.

6         MR. HACKNEY:  That is definitely how Syncora views

7 the world.

8         THE COURT:  All right.

9         MR. HACKNEY:  But the city --

10         THE COURT:  Let's view the world that way since

11 you're the one at the lectern.

12         MR. HACKNEY:  Yes.  No.  Well, remember, you were

13 asking me relevance, and I'm describing the city's case.  I'm

14 trying to discover and defend their case.

15         THE COURT:  Okay.  So is this your concession that

16 this has nothing to do with the issue of whether the

17 discrimination is justified or not?  It's only an issue of

18 whether there is discrimination.

19         MR. HACKNEY:  No.  It goes to the amount --

20         THE COURT:  And explain to me how it's relevant to

21 the issue of whether the discrimination, whatever it is,

22 however you characterize it, however the city characterizes

23 it, is justified or not.

24         MR. HACKNEY:  Okay.  So there are two issues going

25 on here that I think are relevant.  The information from the

1  be seated.  Recalling Case Number 13-53846, City of Detroit,

2  Michigan.

3          THE COURT:  All right.  It appears that everyone is

4  present.  Addressing first the attorney general's motion to

5  quash the subpoena that was issued to him by Syncora, the

6  Court concludes that this motion should be granted.  The

7  Court concludes that the attorney general's opinion that is

8  the subject of that subpoena is for all functional purposes

9  the equivalent of a brief, and it will be given weight by the

10 Court only to the extent that the facts on which it relies

11 are established in the evidence and the law on which it

12 relies is persuasive.

13          In weighing any settlements in the case, including

14 what's been called the grand bargain here, the Court will

15 weigh the merits of the opposing facts and law and not take

16 into account the position or authority of the people who may

17 have taken positions on one side or the other of the issues.

18 So in these circumstances, there is no basis for questioning

19 the attorney general regarding his legal opinion, so that

20 motion is granted.

21          Addressing next the foundations' motion to quash the

22 subpoenas that were issued to them, the Court again concludes

23 that this motion should be granted.  The Court concludes that

24 none of the 30(b)(6) subjects and none of the documents that

25 are sought from the foundations are relevant to or even

1   arguably relevant to the issues of whether the plan is

2   discriminatory or whether it is unfairly discriminatory, the

3   best interest of creditors or even the extent to which the

4   so-called grand bargain settlement protects the art of the

5   city.  Accordingly, that motion is granted.

6           Now, having said that, it was mentioned during

7   argument that Syncora is interested in information relating

8   to the foundations' ability to pay.  That is a relevant

9   subject on which the Court would allow limited discovery.  It

10  is not, however, as far as the Court could determine, a part

11  of the discovery that was, in fact, served.  The Court hopes

12  that Syncora's counsel and counsel for the several

13  foundations can work out a streamlined and efficient way for

14  Syncora to get the information it needs to evaluate this

15  issue of their ability to pay.

16          In the motion to quash the foundations' requested

17  costs, the Court will ask counsel for those foundations to

18  file a separate motion for costs if they wish to pursue that.

19          Turning now to the motion for a site visit, the

20  Court is inclined to exercise its discretion to grant that

21  motion and to go on a site inspection as requested.  The

22  Court believes it is likely that the value of such an

23  inspection would be outweighed by the effort it would take to

24  organize and execute the tour, so it will take, however,

25  further discussion and planning here in the meantime, so,