UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN | Case No.: 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**CITY OF DETROIT'S COMBINED RESPONSE IN OPPOSITION TO SYNCORA'S MOTION *IN LIMINE* BARRING THE CITY AND PLAN SUPPORTERS FROM INTRODUCING EVIDENCE REGARDING THE POTENTIAL PERSONAL HARDSHIP OF PENSIONERS AND FGIC's MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OF EVIDENCE OR TESTIMONY**

The City of Detroit, Michigan (the "City") opposes Syncora's Motion *In Limine* Barring The City And Plan Supporters From Introducing Evidence Regarding The Potential Hardship Of Pensioners ("Syncora Motion") (Dkt No. 6982) and FGIC's Motion *In Limine* To Preclude The Introduction Of Evidence Or Testimony (Dkt. 6990).[1] In support of its Opposition, the City states as follows:

## INTRODUCTION

1. Syncora and FGIC attempt to conflate two distinct issues: (1) the individual hardship to the City's pensioners and (2) the City's and Emergency

---

[1] FGIC's Motion makes some of the same arguments that Syncora makes here. *See* FGIC Mot. ¶¶13-21. This opposition addresses those overlapping arguments. The City addresses the remainder of FGIC's Motion separately.

Manager Kevyn Orr's business judgment in structuring the Plan of Adjustment. The Court has unequivocally stated that evidence regarding individual hardship is irrelevant, and the City has represented that it will not present such evidence at trial. The City has done nothing and filed nothing to suggest that it will backtrack on that position.

2. But in a statement Syncora and FGIC conveniently omit from their Motions, the Court made clear that the City may present evidence that Mr. Orr considered hardship in forming the business judgment as to how to structure the Plan. The City has never suggested or taken the position otherwise. The Court should deny the Motion and admit the relevant and probative evidence bearing on Mr. Orr's business judgment.

### BACKGROUND

3. The City's Consolidated Reply filed on May 26, 2014 noted that one reason among several to treat pensioners differently under the Plan was the fact that cuts to pension benefits would inflict personal hardship on pensioners. *See* Consolidated Reply 173.

4. Around the same time, Syncora served a Rule 30(b)(6) notice of deposition on the City seeking, among other things, information regarding "[t]he identity, location, and financial position of the City's retirees." Syncora's Notice, Schedule A at 6 (Doc. # 4403). The City moved for a protective order. Contrary

to Syncora's representation, the City did not take the position that "retirees' financial position is irrelevant," Mot. ¶ 9, but instead pointed out that Syncora's discovery request was "irrelevant, unduly burdensome, and personally intrusive," Syncora Mot. Ex. 6D at 1.

5. Upon questioning from the Court at the June 26, 2014 status conference, the City stated that it "is not going to be standing on the personal hardship [to pensioners] argument." Hr'g Tr. at 104:10-11 (June 26, 2014) (Ex. 6A to Syncora Motion).

6. The Court deemed that "an appropriate decision," and noted that "as a matter of law, creditors' needs [are] not an issue when it comes to determining unfair discrimination. It is the business judgment of – the business rationale of the debtor taking into account the debtor's needs that is critical." *Id.* at 104:13-19. The Court entered an order to that effect. Dkt No. 5625 ("The Court deems Syncora's request withdrawn based on the Court's ruling that retirees' hardships are not relevant to the issues of either unfair discrimination or fair and equitable treatment.").

7. The issue arose again during a status conference on August 6, 2014. Counsel for the Retirement Systems asked the Court whether its prior ruling from the June 26 hearing pertained to "the concept that hardship on a more macroscopic

level to the community . . . as a whole in a Chapter 9 case is something that is relevant." Hr'g Tr. at 11:8-11 (Aug. 6, 2014) (Syncora Mot. Ex. 6B).

8. The Court responded in full:

> You raised, you know, the very interesting issue of community hardship. I do not want and don't think it relevant to consider a series of retirees or employees, for that matter, testifying about their individual hardship. In my view, neither fair and equitable nor unfair discrimination has ever in any bankruptcy case considered the impact of a plan on the creditor; that is to say, the adverse impact of a plan on a creditor. The issue always is the business justification for the treatment from the debtor's perspective. Now, *to the extent that issue encompasses consideration of hardship*, I would leave to proponents of the plan to argue and to prove that, but that's a much – I don't know – broader and differently focused question than just plain hardship to retirees.

*Id.* at 81:8–21.

## ARGUMENT

### I. AS THE COURT HAS RECOGNIZED, EVIDENCE OF CONSIDERATION OF HARDSHIP IS RELEVANT TO THE BUSINESS JUSTIFICATION FOR THE PLAN

9. Evidence is relevant whenever "it has any tendency to make a [consequential] fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). "[T]he relevance threshold is very low under Rule 401," *United States v. Whittington*, 455 F.3d 736, 739 (6th Cir. 2006), and relevant evidence is admissible, *see* Fed. R. Evid. 402.

10. This Court has framed "[t]he issue" as the "business justification" for the Plan, and has recognized that "consideration of hardship" may bear on that

- 4 -

"broader and differently focused question than just plain hardship to retirees." Hr'g Tr. at 81:15–16 (Aug. 6, 2014). Syncora *never* mentions this Court's recognition of this self-evident point—even though it quotes to the lines of the hearing transcript immediately preceding it, *see* Mot. ¶ 2— presumably because it requires denial of their Motion.

11. Indeed, the statements from Mr. Orr that Syncora quotes easily clear the "very low" threshold for relevance to the business justification for putting forward the Plan. *Whittington*, 455 F.3d at 739. As Mr. Orr explained, the "human dimension" of Detroit's unprecedented bankruptcy bears on the "real-world dimension impact" and of the Plan. Orr Dep. 201:13–202:6 (cited at Mot. ¶ 12) (Syncora Mot. Ex. 6C). This is especially true for the City, which provides basic public services to its residents and retirees. The City reasonably could have concluded that maintaining pension benefits was the preferable financial and business alternative to reducing those benefits and being forced to offset those reductions with greater public expenditures on other services. And the City also might have believed that further cuts in pension benefits would have harmed its ability to attract and retain a competent workforce. Mr. Orr's "consideration of hardship" thus was well within the realm of the "business justification" for the Plan. Hr'g Tr. 81:15–21 (Aug. 6, 2014).

12. This is especially true in light of other factors that Mr. Orr considered. Mr. Orr stated at his deposition that he also considered such factors as his concern about compliance with the bankruptcy code, his desire to provide incentives for the City's workforce, the amount of money that the City has available to pay creditors, and the Grand Bargain. Orr Dep. 200:24–25; 204:24; 234:17–18 (Syncora Mot. Ex. 6C). Mr. Orr's consideration of all of these factors and the "human element" bear on the "business justification" for the Plan. Hr'g Tr. 81:15 (Aug. 6, 2014).

13. In other words, Mr. Orr's testimony is not evidence of hardship that the Plan will impose on pensioners—which is what this Court has ruled irrelevant—but rather evidence of Mr. Orr's thought process regarding why he put forward the Plan. The Court therefore should deny the Motions and admit this relevant evidence.

14. Syncora does not mention *any* of this. Instead, it tells only half of the story, and focuses exclusively on the Court's statement regarding individual hardship evidence. *See* Mot. ¶ 2 (quoting Hr'g Tr. 81:9–17 (Aug. 6, 2014). But this statement is undisputed because the Court already has entered an order reflecting the City's representation that it would not offer such individualized testimony. Order (Doc. # 5625); Hr'g Tr. 104:10–11 (June 26, 2014) (Syncora Mot. Ex. 6A). It also is beside the point: that the City will not offer testimony from individual retirees regarding their individual hardship does not foreclose it

from presenting Mr. Orr's testimony as to the factors he considered in forming a business judgment about the Plan, which this Court has emphasized is a "broader and differently focused question." Hr'g Tr. 81:20–21 (Aug. 6, 2014).

15. Syncora thus falls back on arguing that the City's assertions in its Consolidated Reply establish that it intends to introduce evidence of the issue of pensioner hardship. *See* Mot. ¶ 3. That makes no sense since the Consolidated Reply *predates* the June 26 status conference at which counsel for the City represented to the Court that the City would no longer pursue that line of argument. The Consolidated Reply is simply no indication of the City's present intentions on this issue.

16. Indeed, at the hearing, the City sought to prevent Syncora from discovering the pensioners' "current assets and income." Syncora Mot. Ex. 6D. After the Court questioned the City about the relevancy of pensioner hardship to the confirmation proceedings, the City unambiguously informed the Court: "I can affirm that the [C]ity is not going to be standing on the personal hardship [to pensioners] argument[.]" Hr'g Tr. at 104:10-11 (June 26, 2014).

17. Syncora cites no filing (or anything else) by the City after this unambiguous statement at the June 26 hearing to suggest that the City has modified its position. The reason it cannot is that the City's position has not changed.

18. Syncora also cites Mr. Orr's deposition testimony as an "ominous" sign that the City plans to introduce evidence of hardship to Pensioners. Mot. ¶ 4. But as explained above, Mr. Orr's references to the "personal hardship" and "human dimension," *id.*, are a far cry from evidence of retirees' financial positions and certainty, and such testimony does not amount to "introducing evidence regarding the effect of the potential personal hardship of pensioners," *id.* at 1.

19. Finally, Syncora claims that Mr. Orr should be prohibited from testifying about his state of mind regarding the discriminatory choices he made because the "human dimension" is not relevant. *See* Mot. ¶¶ 12–14. If the Court agrees that such a reason or providing higher recoveries for the City's pensioners is not legally cognizable, it will merely not credit that piece of Mr. Orr's testimony. But the potential relevancy of such testimony to the Court's analysis cannot change the fact that the "human dimension" is indeed one of the reasons Mr. Orr considered, and provides no reason for granting a motion *in limine* and excluding this evidence from trial.

WHEREFORE, the Court should deny Syncora's Motions *In Limine* Barring The City And Plan Supporters From Introducing Evidence Regarding The Potential Hardship Of Pensioners and FGIC's Motion *In Limine* To Preclude The Introduction Of Evidence Or Testimony.

Dated: August 27, 2014     Respectfully submitted,

 /s/  Heather Lennox
Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Thomas F. Cullen, Jr. (DC 224733)
Gregory M. Shumaker (DC 416537)
Geoffrey S. Stewart (DC 287979)
JONES DAY
51 Louisiana Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

- 9 -

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, Michigan 48075
Telephone: (248) 359-7300
Facsimile: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

ATTORNEYS FOR THE CITY OF DETROIT

## Certificate of Service

I hereby certify that, on August 27, 2014, I electronically filed the *City of Detroit's Response in Opposition To Syncora's Motion To Bar the City and Plan Supporters of Introducing Evidence Regarding The Potential Personal Hardship of Pensioners* with the Clerk of the Court which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case.

Dated: August 27, 2014        /s/ Heather Lennox
                              Heather Lennox