UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re, | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**APPELLEE DESIGNATION AND COUNTER-DESIGNATION
OF THE RECORD ON APPEAL BY THE
ALLEN PARK RETIREES ASSOCIATION *et al*
WITH CERTIFICATE OF ELECTRONIC SERVICE**

Petitioners *Allen Park Retirees Association and lead Plaintiff Russell Pillar* through their legal counsel of record, and pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, come to the Court and submit the Counter-Designation of the record in response to the *City of Detroit, Debtor's* Appellant Designation and Notice filed on August 27, 2014, docket number **7092**:

**Counter-Designation of Item To Be Included In the Record**

| | **Date** | **Docket #** | **Description** |
|---|---|---|---|
| 1. | July 30, 2014 | **6401** | Order Granting Allen Park Retirees Ass'n Motion for Clarification and Relief From the Court's Order Pursuant to §105(a) of the Bankruptcy Code, originally entered on July 25, 2013, docket number **166**. |

Respectfully Submitted,

| | |
|---|---|
| August 29, 2014 | By: /s/ **Mark A. Porter** |
| | Mark A. Porter (P-42280) |
| | Attorney for the Petitioners APRA & Russell Pillar |
| | Mark A. Porter & Associates PLLC |
| | 551 East 11-Mile Road – Suite 3-D |
| | P. O. Box 71527 |
| | Madison Heights, Michigan 48071-0527 |
| | (248) 547 – 1911 |
| | (248) 547 – 1917 FAX |
| | mporter@map-law.com |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re, | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE FOR NOTICE OF APPEARANCE

I, MARK A. PORTER, certify that on August 29, 2014, I electronically filed on behalf of the Allen Park Retirees Association and lead Plaintiff Russell Pillar the *Appellee Designation of Allen Park Retirees Association et al and Counter-Designation of Record of Appeal* with the attached Exhibit with the Clerk of the Court using the ECF system which will send notification of such filing to ECF participants in this matter.

August 29, 2014

By: /s/ **Mark A. Porter**
Mark A. Porter (P-42280)
Attorney for the Petitioners APRA & Russell Pillar
Mark A. Porter & Associates PLLC
551 East 11-Mile Road – Suite 3-D
P. O. Box 71527
Madison Heights, Michigan 48071-0527
(248) 547 – 1911
(248) 547 – 1917 FAX
mporter@map-law.com

# EXHIBIT:
# Court of Order of July 30, 2014
# Docket #6401

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:  Chapter 9
City of Detroit, Michigan,  Case No. 13-53846
    Debtor.  Hon. Steven W. Rhodes
_____/

### Order Granting Allen Park Retirees Association Motion for Clarification and Relief from the Court's Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer Employees, and (C) Agents and Representatives of the Debtor (Dkt. #5455)

On June 19, 2014, the Allen Park Retirees Association and others filed a motion for clarification and relief from this Court's order extending the stay issued on July 25, 2013 ("Retirees' Motion"). (Dkt. #166) The State of Michigan and the City of Detroit filed objections. The Court has determined that a hearing will not materially assist the Court in deciding the motion.

On October 25, 2012, Joyce Parker was appointed emergency manager of the City of Allen Park under P.A. 72. She was reappointed on March 28, 2013, under P.A. 436. On October 7, 2013, the Allen Park Retirees Association filed a complaint in Ingham County Circuit Court against the State of Michigan, the State Department of Treasury, Joyce Parker as the emergency manager for the City of Allen Park, and the City of Allen Park.

In the complaint, the Retirees Association alleges that actions taken by the emergency manager to terminate all health insurance contracts for retirees and impose higher cost health insurance violated P.A. 72 because P.A. 72 did not authorize the emergency manager to impair vested retirement benefits. The complaint also alleges that P.A. 436 violates the Michigan Constitution because: 1) it is an *ex post facto* statute that impairs vested rights; 2) it violates due

process; 3) it is unconstitutionally vague; and 4) it violates the separation of powers. Additionally, the complaint includes counts for equitable estoppel, promissory estoppel, and breach of contract. It seeks declaratory and injunctive relief. The Retirees Association seeks to permanently enjoin the City of Allen Park from imposing changes to the retirees' health care insurance and to restore the retirees' health care insurance to its previous levels and payments. The complaint further seeks a declaratory judgment "that the legislative and executive authority purported to empower the State's Emergency Manager to unilaterally alter retiree health insurance pursuant to **2012 PA 436** is unconstitutional, null and void." *See* Complaint at 23, *in* Retirees' Motion, Ex. 6(B). (Dkt. #5455)

The case was subsequently transferred to the Michigan Court of Claims. On April 22, 2014, the Court of Claims entered an order administratively closing the case. *See* Retirees' Motion, Ex. 6(C). (Dkt. #5455)

In support of its motion, the Retirees Association argues that because its case will have no impact on the City of Detroit's bankruptcy case, it is not subject to the automatic stay or to this Court's order extending the stay. The Retirees Association contends that it is not seeking to remove the emergency manager for Detroit or Allen Park, but is simply challenging the Allen Park emergency manager's actions under P.A. 72 and P.A. 436. Finally, the Retirees Association contends that even if the Court determines that the state court case is subject to the automatic stay, the stay should be lifted to permit it to continue its state court case.

In their objections, the State of Michigan and the City contend the automatic stay applies to the Retiree Association's case because a finding in that case that P.A. 436 is unconstitutional could potentially threaten the continuation of the City's bankruptcy case because it could compromise the authority of the Detroit emergency manager.

2

13-53846-swr    Doc 7493    Filed 09/29/14    Entered 09/29/14 13:40:35    Page 5 of 6
13-53846-swr    Doc 6491    Filed 07/30/14    Entered 07/30/14 14:13:24    Page 5 of 6

The Court must reject the position of the State of Michigan and the City. The Court has previously concluded that a constitutional challenge to P.A. 436 in another court is not stayed by the City's bankruptcy filing. *See* Opinion and Order Denying NAACP's Motion for Relief from Stay (Dkt. #740) and Granting Phillips' Motion for Relief from Stay (Dkt. #1004). (Dkt. #1536) When the Court denied the State of Michigan's motion for reconsideration of that Opinion and Order, it stated, "A finding by another court that P.A. 436 is unconstitutional will not automatically result in the removal of Kevyn Orr. Further action would need to be taken, and any such further action is subject to the automatic stay." *See* Order Denying Motion for Reconsideration. (Dkt. #2256) Nothing in the Retirees' Motion or in the responses suggests that any different result is warranted.

Accordingly, the Court concludes that the Allen Park Retiree Association's state court case is not stayed.

It is so ordered.

Not for Publication

.

**Signed on July 30, 2014**

                                                    **/s/ Steven Rhodes**
                                                    **Steven Rhodes**
                                                    **United States Bankruptcy Judge**

3

13-53846-swr Doc 6401 Filed 07/30/14 Entered 07/30/14 14:13:24 Page 3 of 3
13-53846-tjt Doc 7493 Filed 09/29/14 Entered 09/29/14 13:40:35 Page 6 of 6