IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------- x
                                                                              :     Chapter 9
In re                                                         :
                                                                              :     Case No. 13-53846
CITY OF DETROIT, MICHIGAN,             :
                                                                              :     Hon. Steven W. Rhodes
                                   Debtor                     :
---------------------------------------------------------- x

## DEBTOR'S SEVENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (Wrongly Classified Claims)

> **THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM AS GENERAL UNSECURED CLAIMS OR OTHER SUCH UNSECURED CLAIMS AS PROVIDED FOR THE CITY'S SIXTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claims (the "Objection") and its request for an order reclassifying certain wrongly classified claims as general unsecured claims or other such unsecured claims as provided for in the City's Sixth Amended Plan for the Adjustment of Debts of the City of Detroit (the "Plan"), substantially in the form attached hereto as Exhibit 1, respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

## BACKGROUND FACTS

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

6. On July 9, 2014, this Court entered its *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* (Docket No. 5872) (the "Claims Procedures Order"), allowing the City to file an omnibus objection with respect to wrongly classified claims.

## RELIEF REQUESTED

7.  The City files this Objection pursuant to the Bar Date Order, Sections 502(b) and 503(b)(9), of the Bankruptcy Code[1], Rule 3007(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Claims Procedures Order, seeking entry of an order reclassifying the claims set forth in <u>Exhibit 2</u> annexed hereto as general unsecured claims or other such unsecured claims as provided for in the Plan (the "<u>Wrongly Classified Claims</u>"). These Wrongly Classified Claims were filed as Section 503(b)(9) claims but do not meet the requirements of that section of the Bankruptcy Code.

8.  Other than seeking reclassification of the Wrongly Classified Claims as general unsecured claims or other such unsecured claims as provided for in the Plan, this Objection does not address the substance of the Wrongly Classified Claims. Accordingly, the Objection does not constitute any admission or determination as to any fact concerning any of the Wrongly Classified Claims, other than the City's position that such claims do not meet the requirements for 503(b)(9) treatment. The City reserves all of its rights to object, on any basis, to any of the Wrongly Classified Claims, beyond those bases set forth in this Objection.

## BASIS FOR RELIEF REQUESTED

9.  Section 503(b)(9) allows creditors to file claims for goods which were (a) received by the debtor in the 20 days prior to the bankruptcy filing, and (b) sold to the debtor in the ordinary course of the debtor's business. 11 U.S.C. § 503(b)(9). Claims which meet the requirements of § 503(b)(9) are entitled to the same priority as administrative expenses, rather than that of general unsecured claims.

---

[1] Sections 502 and 503 of the Bankruptcy Code are made applicable to Chapter 9 proceedings through Section 901(a) of the Bankruptcy Code.

10. As such, under the plain language of § 503(b)(9), only claims for goods received by the City in the 20 days prior to the Petition Date, and which were sold to the City in the ordinary course of its business are proper 503(b)(9) claims.

11. The City has reviewed the Wrongly Classified Claims and confirmed that each Wrongly Classified Claim fails to meet the requirements of Section 503(b)(9). Specifically, based upon the stated basis for each such filed Wrongly Classified Claim, none of the Wrongly Classified Claims are for goods received by the City in the 20 days prior to the Petition Date, and which were sold to the City in the ordinary course of its business. Exhibit 2 lists the stated basis of each of the Wrongly Classified Claims and the Declaration of John Naglick, a Finance Director with the City of Detroit (the "Declaration") confirms that they were not for shipments of goods received by the City in the 20 days prior to the Petition Date which were sold to the City in the ordinary course of its business. *See Declaration of John Naglick*, attached hereto as Exhibit 3.

12. The Claims Procedures Order and Bankruptcy Rule 3007(c) allows the City to file this Objection as an omnibus objection. Specifically, Bankruptcy Rule 3007(c) authorizes the Court to allow for omnibus objections beyond those circumstances itemized in Bankruptcy Rule 3007(d) and the Claims Procedures Order expressly permits the City to file an omnibus objection with respect to claims which are wrongly classified. (Claims Procedures Order at 2.)

13. This Court has the authority to enter an order approving this Objection. Moreover, the streamlined process afforded by an omnibus objection (in lieu of individual objections to each Wrongly Classified Claim), as well as the proper classification of such claims will result in material costs savings that will inure to the benefit of the City. Furthermore, the relief sought ensures that an important goal of the Bankruptcy Code is met: equal treatment of

similarly situated creditors. Only creditors who have valid 503(b)(9) claims are entitled to the treatment afforded to those claims. The Wrongly Classified Claims do not meet the requirements of 503(b)(9) and should not receive such treatment. Accordingly, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors.

14. Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed hereto as <u>Exhibit 1</u>, reclassifying the Wrongly Classified Claims as general unsecured claims or other such unsecured claims as provided for in the Plan. Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(c), the Court should grant the relief requested.

## SEPARATE CONTESTED MATTERS

15. To the extent that a response is filed regarding any claim listed in this Objection and the City is unable to resolve the response, each one of such claims, and the objection by the City to each one of such claims asserted, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

16. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

17. The City has provided notice of this Objection to each of the claimants identified in Exhibit 2 at each address set forth in Exhibit 2, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002. Each address reflects the address set forth by each of the claimants on its respective proof of claim. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

18. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: August 29, 2014

                FOLEY & LARDNER LLP

                By: /s/ *Tamar N. Dolcourt*
                John A. Simon (P61866)
                Tamar N. Dolcourt (P73425)
                500 Woodward Ave., Ste. 2700
                Detroit, MI 48226
                313.234.7100
                jsimon@foley.com
                tdolcourt@foley.com
                *Counsel for the Debtor, City of Detroit, Michigan*