UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
2014 SEP -2 A 10: 59
U.S. BANKRUPTCY COURT
E.D. MICHIGAN - DETROIT

In re
City of Detroit,
        Debtor
_____/

Chapter 9
Case No. 13-53846
Hon.: Steven W. Rhodes

## JOINT TRIAL BRIEF OF CREDITORS
## DENNIS TAUBITZ AND IRMA INDUSTRIOUS

### INTRODUCTION

Both parties, Dennis Taubitz and Irma Industrious are creditors of the Debtor. Both have had their due process rights infringed upon and outright denied by this Court. Dennis Taubitz has filed a Motion to Participate that has been wrongly denied by this Court. (See Motion for Reconsideration). Irma Industrious also filed a Motion to Participate, and the Court in its Order dated August 20, 2014, recognized that Irma Industrious had identified seven (7) specific witnesses, plus any necessary rebuttal witnesses. However, this Court in its Order only allows Ms. Industrious <u>one</u> (1) witness and twenty minutes to examine that witness. Clearly, limiting Ms. Industrious to only one (1) witness and twenty minutes in a trial that is expected to last six (6) or more weeks, is clearly insufficient for the creditor to put forth her case, and amounts to a denial of the creditor's request to participate in the Confirmation Hearing. This Court has effectively denied the due process rights of both creditors. Due process, as this Court has continually failed to recognize consists of fair notice, and a fair hearing before a competent tribunal. Unfortunately, all three (3) components of due process are being denied by this Court.

Both Dennis Taubitz and Irma Industrious are parties to this action. Both were listed by the Debtor as creditors. Both have an absolute right to participate in any of the Court's

1

proceedings, including the Confirmation Hearing. Both are having their right to participate as well as other due process rights that are being denied by this Court.

This Trial Brief is being filed to demonstrate some of the arguments that these creditors would have made in the Confirmation hearing.

## ARGUMENT

### I. Debtor's Recoupment of the Annuity Savings Fund Account Has No Basis In Law and Violates 11 U.S.C. 547 of the United States Bankruptcy Code

On July 18, 2013, Debtor filed its Petition for Chapter 9 Bankruptcy relief. In Debtor 's Disclosure Statement of its Fourth Amended Plan of Adjustment of the Debts of the City of Detroit, the Debtor is seeking to recoup what it considers to be "excess interest" paid to City of Detroit employees and retirees for a period between 2003 to 2013. Debtor's recoupment period is for a period of ten (10) years prior to the Petition for bankruptcy relief being filed. Debtor has set forth no legal basis for its ability to recoup payments for that ten (10) year period.

Debtor is in violation of 11 U.S.C. 547. 11 U.S.C. 547(b), provides that a Debtor may avoid any transfer of an interest of the Debtor in property:

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the Debtor was insolvent;
(4) made ---
    (A). **on or within 90 days before the filing of the petition**; or
    (B). between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if
    (A). the case were a cause under chapter 7 of this title;
    (B). the transfer had not been made; and
    (C). such creditor received payment of such debt to the extent provided by the provisions of this tile. (Emphasis Added)

Clearly, 11 U.S.C. 547(b) limits Debtor's recoupment of any payments made to creditors to those payments made within the Preference period - that is, payments made within ninety (90) days before the date of the filing of the bankruptcy petition.

In the instant case the Debtor is seeking to recoup "excess interest" paid to creditors beyond the allowable reachback period of ninety (90) days. Debtor is instead seeking to go back ten (10) years. Such an attempt is improper and violates the 11 U.S.C. 547(b) of the United States Bankruptcy Code.

## II. Debtor's Recoupment of the Annuity Savings Account Is Barred By the Applicable Statute of Limitations

In the Disclosure Statement of its Fourth Amended Plan of Adjustment of the Debt of the City of Detroit, Debtor seeks to recoup what it considers to be "excess interest" paid to City of Detroit retirees and employees over a ten (10) year period, from 2003 to 2013. Notwithstanding Debtor's violation of 11 U.S.C. 547, Debtor also cannot prevail in recovering the payments because the ten (10) year recoupment period is barred by the applicable statute of limitations which is three (3) years.

Debtor may assert that the recoupment is proper under a claim of unjust enrichment. In Cormer Holdings Limited v. Rich Coast, Inc. et. al, 199 U.U. Dist. Lexis 617, 8-9, the Court held that the elements of unjust enrichment are (1) receipt of a benefit by the defendant from plaintiff, and (2) such benefit is inequitable to the defendant to retain. The Court further explains that where an unjust enrichment claim is not dependent on the existence of a contract between the parties, the claim is subject to a three (3) year statute of limitations. Thus, the unjust enrichment claim accrues when the plaintiff could have brought suit against the defendant for unjust enrichment. Id.

3

In the instant case, there is no contract between the Debtor and the Creditor retirees and employees. Debtor's claim of unjust enrichment must therefore be subject to the three (3) year statute of limitations. Debtor seeks to recoup payments made between 2003 and 2013. Debtor, however, failed to bring an unjust enrichment claim in any court within the three (3) year statute of limitation period for payments that the creditors received. Moreover, if Debtor at this late stage seeks to initiate an action in this Bankruptcy Court under an unjust enrichment claim, Debtor would be limited to only the payments made to the creditors in 2010 or later, as the three year statute of limitations must be applied.

Debtor also cannot argue that there is a six year statute of limitations because there is an implied contract between the parties. According to Miller et. al. v. Laidlaw & Company (UK) LTD, et. al.2013 U.S. Dist. Lexis 44682, 17, the law will imply a contract to prevent unjust enrichment if the defendant received a benefit from the plaintiff and there is inequity as a result of the defendant's retention of the benefit. The Court further stated, however, that Michigan courts apply the implied contract doctrine "with caution" because it vitiates normal contract principles. Id. The implied contract doctrine is typically applied only in cases where the defendant received a direct benefit from the plaintiff. The defendant must have received a benefit directly from the plaintiff, which involves some direct contact between the parties. Any indirect benefit defendant derives from plaintiff is considered too attenuated to warrant imposing the equitable doctrine of unjust enrichment. See Also A&M Supply Co. v. Microsoft Corporation, 2008 Mich. App. Lexis 433, 6-7.

In this case, the Creditor retirees and employees received their payments from the General Retirement System, not from the City of Detroit. No direct contact existed between the Debtor and the Creditors. Therefore an implied contract doctrine cannot be asserted, and the six

year statute of limitation which requires the existence of a contract between the parties cannot be applied.

### III. Debtor's Plan of Adjustment Is Not Confirmable As It Is Prohibited by Law

The confirmability of Debtor's Plan of Adjustment is governed by Section 943 of the United States Bankruptcy Code. Debtor's Sixth Amended Plan of Adjustment fails to meet the requirements of Section 943. Section 943(4) states:

> the debtor is not prohibited by law from taking any action necessary to carry out the plan.

Clearly, Debtor's multiple Plans of Adjustment fail to meet this basic and simple requirement. Debtor's Plan of Adjustment seeks to impair accrued financial benefits of the pension plan of the Debtor. The amount of impairment varies from each retiree or employee, but all suffer some degree of impairment under the Debtor's Plan. Debtor's Plan therefore violates Section 24 of the State of Michigan Constitution which states:

> The accrued financial benefits of each pension plan and retirement system of the state and its political subdivisions shall be a contractual obligation thereof which shall not be diminished or impaired thereby.

Section 24 of the State of Michigan Constitution is clear and unambiguous. The accrued financial benefits of Debtor's pension plan cannot be impaired or diminished. Debtor seeks to do exactly that. Indeed, Debtor's Counsels clearly articulated their intent to impair and diminish pension payments through bankruptcy proceedings in their Law Review article published prior to the Debtor's filing of this Bankruptcy action.

Moreover, Debtor without waiting for the confirmation of the Plan of Adjustment, eliminated medical benefits for retirees receiving a pension payment. The medical care benefits

5

were an accrued financial benefit. Creditors submit that the elimination of the medical benefits is an impairment prohibited by Section 24 of the State of Michigan Constitution.

Additionally, Debtor's Plan of Adjustment seeks to impair the pension of its retirees and employees. Indeed, this impairment is a key part of Debtor's Plan. Debtor's Plan clearly and unambiguously seeks to violate Section 24 of the State of Michigan Constitution. Therefore Debtor's Plan is not confirmable due to Section 943(4) of the United States Bankruptcy Code.

Debtor's Plan of Adjustment also violated federal law. Specifically 11 U.S.C. 547(b)(4)(A) which states:

> made on or within 90 days before the date of the filing of the petition.

Debtor in its Plan seeks to recoup from some creditors annuity savings account and seeks to go back ten (10) years. Creditor submits that a ten (10 year window violates 11 U.S.C. 547(b)(4)(A) which mandates a ninety (90) day period for a look back on a recoupment of monies paid. For a further discussion of Debtor's violation of 11 U.S.C. 547(b)(4)(A), Creditor refers to Argument I of this trial brief entitled "Debtor's Recoupment of the Annuity Savings Fund Account Has No Basis In Law and Violates 11 U.S.C. 547 of the United States Bankruptcy Code".

In summary, Debtor's Plan of Adjustment seeks to impair the pension of creditors and seeks to clawback monies paid to some creditors. The impairment of the pension portion of the Plan of Adjustment is prohibited by State law, to wit, Section 24 of the State of Michigan Constitution. The clawback listed in Debtor's Plan of Adjustment also seeks to go back to monies paid in 2003 (a ten year period). This is prohibited by federal statute, that is, Section 11 U.S>C. 547(b)(4)(A) which mandates a ninety (90) day time limit for such recovery.

## IV. Debor's Plan of Adjustment Is Not Confirmable As It Is Not In the Best Interest of Creditor and it is not Feasibile

Section 943 (7) of the United States Bankruptcy Code mandates that:

> The plan is in the best interest of creditors and is feasible.

The standard that this Court must look to is that imposed by Section 943(7). Debtor's proposed Plan of Adjustment **must be in the best interest of the creditors**. Debtor seeks to spend billions of dollars on blight removal, garbage pickup and its street lighting system. Debtor seeks to give pay raises to City Council members and other public officials. This will benefit the Debtor, but not the creditors.

Indeed, the Debtor is in possession of assets worth billions of dollars. The Detroit Institute of Arts (DIA), an asset owned by the Debtor has been valued between 4 to 8 billion dollars. The Debtor owns Belle Isle and had the offer of a billion dollars for the property. Debtor refuses to contemplate selling this asset. Moreover, Debtor owns real property and personal property that it has refused to liquidate. Debtor is a municipal corporation, and like any other corporation that refuses to pay its debts, its assets should be liquidated.

Clearly, the best interest of the creditors would require that all assets of the Debtor be liquidated, and that the assets be sold for what they are worth. With the exception of one (1) asset, the Debtor is refusing to sell any assets. Indeed, Debtor has refused even to determine a fair market value of the assets it has refused to liquidate.

Debtor has one asset, the Detroit Institute of Arts (DIA) that is valued between 4 to 8 billion dollars. However, Debtor is attempting to engage in the fraudulent transfer of this asset as part of the Grand Bargain (that was apparently negotiated in proceedings that Creditor was not allowed to participate in). Debtor is transferring ownership of all of the collection of art contained in the DIA for approximately $800 million. The collection will remain at its present

7

location, and Debtor admits that the purpose is to protect the DIA from creditors in any proceedings. Clearly, Debtor's attempt to protect this asset from creditors by transferring ownership for a fraction of its worth is a fraudulent transfer. Debtor's plan to illegally protect certain assets in fraudulent transfers and by its own unwillingness to part with the rest of its assets is acknowledgement by the Debtor that its Pan is not feasible, and that future trips to the Bankruptcy Court are contemplated by the Debtor.

### V. Debtor's Plan of Adjustment violates 11 U.S.C. 943(b)(3)

Debtor's Plan of Adjustment fails to comply with 11 U.S.C. 943(b)(3) as it fails to adequately and fully disclose the costs of all its attorneys , including but not limited to Jones Day and Miller Canfield, and all of the financial advisors and consultants that the Debtor employed. Further, Debtor has failed to disclose the amount paid or to be paid to the Official Retiree Committee, its attorney Dentons and its advisors. Further Debtor has failed to in its Plan ensure that the cost of these services is reasonable. Creditor submits that these payments are not reasonable.

### VI. Debtor is not Entitled to the Protection of the Bankruptcy Court As It Has Acted in Bad Faith

Debtor, rather than engaging in good faith negotiations with all creditors prior to the filing of the Bankruptcy petition on July 18, 2013, instead refused to talk to individual retirees. Debtor certainly knew who they were as Debtor was able to list them as creditors after the filing of the petition. Further, the negotiations that Debtor claimed to have engaged in were not

8

13-53846-tjt    Doc 7222    Filed 09/02/14    Entered 09/02/14 12:39:54    Page 8 of 11

negotiations, but rather a take it or leave it demand, with the Debtor asserting that no counteroffer would be entertained. This was not a negotiation, and was an example of the bad faith of the Debtor.

Debtor has continued acting in bad faith throughout this Bankruptcy process. For example, Debtor failing to respond to Creditor's discovery requests. Moreover, Debtor continued acting in bad faith with the voting ballots that were mailed to creditors. The Debtor divided creditors into classes. Debtor, in bad faith, composed Class 11 of two (2) separate and distinct groups. That is, those who had participated in the Annuity Savings and were therefore subject to the Annuity Savings Recoupment (Clawback), and the second group that was not subject to the Clawback. The effect was to create a class with two (2) separate groups that had different interests. This was a blatant attempt to influence the outcome of the balloting process. Debtor has also chosen to arbitrarily and capriciously recoup payments made to creditor retirees and employees that participated in the Annuity Savings Plan, but failed to recoup the 13th check payments made to certain retirees. This 13th check arose from the same basis as the alleged "excess interest". However, Debtor chose to treat these creditors differently.

Debtor's bad faith did not stop there. Debtor in its Fourth Amended Plan of Adjustment which the retiree and employee creditors voted on, failed to disclose that Debtor sought to impose an arbitrary 6.75% interest on the monthly recoupment that Debtor sought. This failure to disclose the assessment of interest on the recoupment or clawback amount was despite the fact that the Debtor's attorney and its agents knew of the interest assessment, yet they and the Debtor fraudulently failed to reveal this interest rate being charged. The Debtor and Debtor's Counsel's actions clearly demonstrate a desire and willingness to improperly influence the outcome of this Bankruptcy proceeding.

In summary, before the filing of its Bankruptcy petition, and during the pendency of the action, Debtor and its Counsels have continually and repeatedly acted in bad faith. Debtor's bad faith actions bar the Debtor from seeking protection from the Bankruptcy Court.

VII.     **Creditor Incorporates All Creditors' Arguments**

Creditors Dennis Taubitz and Irma Industrious incorporate by reference the arguments and objections of all other creditors, including Syncora Guarantee, Inc, and all of our previous objections made, regarding the confirmation of the Debtor's Plan of Adjustment.

**VIII. This Court Wrongfully Determined that Debtor Was Eligible For Bankruptcy**

This Creditor restates its prior objections to the eligibility determination by this Court, and noting that Creditor was again due process by not being allowed to participate. Creditor restates the objections that were previously filed and asserts the objections of all other creditors.

Wherefore, based on the foregoing, Creditors Dennis Taubitz and Irma Industrious submit that Debtor's Plan of Adjustment is not confirmable and therefore should not be confirmed.

Respectfully submitted,

Dennis Taubitz
Irma Industrious
In Pro Per
Creditors
3051 Lindenwood Drive
Dearborn, MI 48120
(313) 632-9150/ (313) 460-4731

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

City of Detroit           Debtor.

CASE NO: 13-53846
CHAPTER: 9
JUDGE: Steven Rhodes

## PROOF OF SERVICE

I hereby certify that on Sept 2, 2014 (date of mailing), I served copies as follows:

1. Document(s) served: Joint Trial Brief of Creditor Dennis Taubitz and Irma Industries, Proof of Service

2. Served upon [name and address of each person served]:

    Heather Lennox
    Bruce Bennett
    Jones Day
    555 South Flower Fiftieth Floor
    Los Angeles, CA 90071

FILED 2014 SEP -2 A 10:59 U.S. BANKRUPTCY COURT E.D. MICHIGAN

3. By First Class Mail.

Dated: Sept 2, 2014

_____
(Signature of Debtor) Creditor
Print Name: Dennis Taubitz

_____
(Signature of Co-Debtor) Creditor
Print Name: Irma Industries