# EXHIBIT 3



CITY OF DETROIT
HUMAN RESOURCES DEPARTMENT
LABOR RELATIONS DIVISION

COLEMAN A. YOUNG
MUNICIPAL CENTER
2 WOODWARD AVENUE, SUITE 332
DETROIT, MICHIGAN 48226
PHONE 313•224•3860
FAX 313•224•0738
WWW.DETROITMI.GOV

June 21, 2012

Albert Garrett, President
Michigan Council 25, American Federation of State
County and Municipal Employees, AFL-CIO
600 W. Lafayette, Ste. 500
Detroit, MI 48226

RE: Application of the Financial Stability Agreement to expiring collective bargaining agreements

Dear President Garrett:

As you know, the City of Detroit entered into a Financial Stability Agreement ("FSA") with the State of Michigan. Among other legal bases, the FSA constitutes a consent agreement within the meaning of Public Act 4. Pursuant to Section 14a(10) of Public Act 4, a public employer subject to a consent agreement does not have a duty to bargain under the Public Employment Relations Act beginning 30 days after the effective date of the consent agreement, where such determination is made by the State Treasurer. In Section 4.4 of the FSA, the State Treasurer made the determination that a suspension of the City's bargaining duty under PERA would occur on May 10, 2012, 30 days after the FSA became effective.

Since the City currently does not have a legal duty to bargain under PERA, this correspondence is intended to clarify the City's position with regard to its represented bargaining units. After the expiration and termination of any current collective bargaining agreements, the City will continue to recognize unions representing its employees, and process grievances in accordance with current grievance procedures, until such time as modifications in grievance procedures are implemented in accordance with the requirements of the FSA. The City will continue to arbitrate discipline or discharge cases where arbitration demands are made on a timely basis but, with regard to contract interpretation cases, the City will determine its obligation to arbitrate on a case-by-case basis to the extent required by applicable law. Current practices as to release and representation time for union representatives will continue until such are modified by the City, after notice of any changes to affected unions. Union security provisions and dues check-off authorizations will continue to be honored.

The City will be presenting changes to be made to the terms of expiring collective bargaining agreements to comply with the FSA. The City will consider any input from union representatives regarding the proposed changes and compliance with the requirements of the FSA.



Please be advised, however, that the City's position is that under Public Act 4, changes in wages, hours, and terms and conditions of employment do not have to be negotiated to legal impasse before necessary changes are made, nor does the City have any legal obligation to participate in bargaining, mediation, fact-finding, or Act 312 proceedings.

Please feel to contact the Labor Relations Division should you have any questions.

Sincerely,

Lamont Satchel
Director, Labor Relations


cc: Kirk Lewis
    Patrick Aquart
    Chris Brown
    Jack Martin
    Anita Berry
    Reginald Jenkins
    Department Directors