# EXHIBIT 11

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

| | |
|---|---|
| IN THE MATTER OF: | Docket Nos. 12-000522-WH<br>12-000523-WH |
| Rosemary C. Haynesworth, and<br>Dean Story, (appealing on behalf of those<br>who work for the City of Detroit and are<br>represented by the AFSCME union)<br>Petitioners-Appellants, | Lower Case Nos.: 160794 & 160450<br>Agency Appealed: Wage &Hour |
| v | 13-003430-PZ |
| City of Detroit,<br>Respondent-Appellee. | FILED IN MY OFFICE<br>WAYNE COUNTY CLERK<br>3/12/2013 8:38:24 AM<br>CATHY M. GARRETT |
| MILLER COHEN, P.L.C.<br>Richard G. Mack, Jr. (P58657)<br>Keith D. Flynn (P74192)<br>*Attorneys for Petitioners-Appellants*<br>600 W. Lafayette 4th Floor<br>Detroit, Michigan 48226<br>(313) 964-4454 | CITY OF DETROIT LAW DEPARTMENT<br>Letitia C. Jones, Esq.<br>*Attorneys for Respondent-Appellee*<br>2 Woodward Ave., Ste. 500<br>Detroit, MI 48226<br>(313) 237-3002 |

MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN 48226-0840
(313) 964-4454

## PETITION FOR REVIEW

NOW COME Petitioners-Appellants, Dean Story and Rosemarie Haynesworth, by and through their attorneys, Miller Cohen PLC, and for their Petition for Review state as follows:

Petitioners seek review of a Decision entered by Administrative Law Judge David Cohen on January 15, 2013 involving an action brought under the Michigan Wage and Fringe Benefit Act, MCL § 408.481, in which Petitioners alleged that their employer, the City of Detroit, had failed to pay contractually mandated longevity pay that had accrued for time already worked.

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction to hear appeals from an Administrative Law Judge's decision relating to a determination issued by the Department of Licensing & Regulatory Affairs, Wage Hour Division under MCL § 408.481(9) and per MCL § 24.304.

2. According to MCL § 408.481(9), review is appropriate "in the circuit where the employee is a resident, where the employment occurred, or where the employer has a principal place of business."

3. Petitioner-appellant, Dean Story, is an individual resident of Detroit, MI. He is a member of a labor organization, AFSCME Local 542, the exclusive bargaining representative for bargaining unit members employed by the City of Detroit.

4. Petitioner-appellant, Rosemarie Haynesworth, is an individual resident of Detroit. She is a member of a labor organization, AFSCME Local 542, the exclusive bargaining representative for bargaining unit members employed by the City of Detroit.

5. Respondent-appellee, City of Detroit, is a government entity doing business in the County of Wayne.

## II. NATURE OF THE PROCEEDINGS

6. Petitioners, Rosemary Haynesworth and Dean Story, are members of AFSCME Local 542 who work for the City of Detroit in the general services department. Mr. Story has over twenty-six years of seniority; Ms. Haynesworth about nine years.

7. Local 542 represents employees of the City of Detroit, including the City of Detroit's general services department. Bargaining unit members of Local 542 made until recently, on average, between $25,000 and $30,000 a year. Recently, the City enacted a 10% base wage cut, health care employee costs amounting to almost 10% of employee compensation, and another 10% reduction in pay accomplished through furlough days. Thus, for a furloughing employee making approximately $30,000 per year before these cuts, the employee is now making just above $20,000 per year (gross).

8. AFSCME negotiates a Master Agreement, or collective bargaining agreement covering a number of different union locals, with the City of Detroit. There are approximately

2

2500 AFSCME-represented employees in the City of Detroit, all of whom work under the Master Agreement. This Master Agreement covers employees in eighteen (18) different locals.

9. While the parties were negotiating a successor collective bargaining agreement to the 2005-2008 Master Agreement (hereinafter, the "Master Agreement"), the agreement was in full force and effect up until October 13, 2010. (*Exhibit A*) The City terminated the agreement at that time. Indeed, that Agreement was explicitly extended until one of the parties were to provide ten days of written notice as to termination according to its very terms. (Id.) Specifically, the CBA states that:

> "In the event that the City and the Union fail to arrive at an agreement on wages, fringe benefits, other monetary matters, and non-economic items by June 30, 2008, the Agreement will remain in effect on a day to day basis. Either party may terminate the agreement by giving the other party a ten (10) written notice on or after June 20, 2008."[1]

(Id.) The City terminated the agreement on October 13, 2010.

10. From July 2006 to October 13, 2010, AFSCME members worked under Article 25 of the Master Agreement between AFSCME and the City of Detroit.

11. Under Article 25 of the Master Agreement, employees received longevity pay based on the number of years of seniority, starting with $150 for those who have served for five years and ending with $750 for those who have served twenty-six years. (*Exhibit A*) Specifically, Article 25 subsection B of the collective bargaining agreement defines how employees qualify on an annual basis for longevity pay:

> Employees who have qualified for longevity pay and have accumulated at least sixteen hundred (1600) hours of straight time regular payroll hours of paid time **during the year immediately preceding any December 1 date or other day of payment** will qualify for a full longevity payment provided they are on the payroll on December 1 date or any other date of qualification. Except for employees first qualifying for increments, the payment will be made in a lump sum annually on the first pay date after December 1.

---

[1] Also of important note is Article 52, which states that "[T]he Agreement will remain in effect on a day to day basis. Either party may terminate the agreement by giving the other party a ten (10) day written notice on or after June 20, 2008." (Id.)

MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN 48226-0840
(313) 964-4454

(Id.)(**emphasis** added) In determining what time to consider regarding the 1600 hour requirement, the parties included regular work time, banked leave time, vacation time, sick time, bereavement leave, holiday time, comp time, and jury duty with overtime being the only exception. (Id.)

12. Additionally, if an employee does not meet the 1600 hours, he or she can still receive the prorated amount as long as the employee worked twenty hours per month. (Id.)

13. Also, according to Detroit's Municipal Code, longevity pay is provided to City employees, and represents "a *reward* based on length of service." Detroit Municipal Code § 13-7-1. Under the City Ordinance, City employees are entitled to longevity pay if they work 216 days from the immediately preceding December first. Detroit Municipal Code § 13-7-2(c).

14. Also, Respondent maintained a written policy that human resources relied upon to calculate the longevity pay. (*Exhibit B*)

15. Regardless of these still-effective Ordinance provisions and policies, on October 13, 2010, Respondent sent a letter to Al Garrett, President of AFSCME Council 25, stating that the City was eliminating longevity pay. (*Exhibit C*) The effect of this was to not only change the policy moving forward into the next year, but to deny City employees longevity pay for time that had already been served in 2010.

16. By October 13th, both Petitioners had already met the 1600 hour requirement. Specifically, Mr. Story had about 1,784 hours and Ms. Haynesworth had about 1,726.7 hours, according to the payroll audits performed by the Wage and Hour Division. Additionally, Petitioners were likely not alone. After all, 1600 hours is approximately 77% of a full-time work year of 2080 hours; yet, October 13th rests at the completion of 78% of the year. A full time AFSCME-represented employee would attain his/her 1600 hours, starting work with the first of December 2009, sometime during the first two weeks of September 2010. Thus, the average

4

AFSCME member has attained the 1600 hour threshold while working under the longevity provisions of the most-recent agreement, as of October 13, 2010.

17. Petitioners filed a charge with the Michigan Department of Licensing and Regulatory Affairs, Wage Hour Division, alleging that the deprivation of longevity pay was a violation of the Michigan Wage and Fringe Benefit Act, MCL § 408.481 (hereinafter, Act 390). The Petitioners and the Department maintained that the result reached with the Petitioners' case would likely control the result of the hundreds of other AFSCME-represented employees who also filed claims with the Department for lost longevity.

18. The Department rendered its determination that there was no violation of Act 390 on March 8, 2012. Petitioners properly filed an appeal that led to a full evidentiary hearing on July 12, 2012 and post-hearing briefs were filed in August 2012.

19. In a Decision from Administrative Law Judge David Cohen issued on January 15, 2013, the ALJ affirmed the Department's determination. (*Exhibit D*) Interestingly, the rationale of the ALJ varied from that of the Department, as to why the claims should be denied.

### III. GROUNDS ON WHICH RELIEF IS SOUGHT

20. Pursuant to the Administrative Procedures Act of 1969, Petitioners bring this Petition for Review on the basis that the ALJ's Decision was in violation of Act 390, was in excess of the statutory authority granted to the agency, was supported by a material error of law, and was not supported by competent, material, and substantial evidence on the whole of the record. MCL § 24.306. According to the Administrative Procedures Act: "The court, on request, shall hear oral arguments and receive written briefs." MCL § 24.304(3).

Accordingly, Petitioners request a briefing schedule from the Court, as well as a date for oral argument.

MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN 48226-0840
(313) 964-4454

21. In the January 15th Decision, the ALJ primarily relied on a letter from AFSCME Council 25's President Al Garrett dated January 19, 2011. (*Exhibit E*) In that letter, President Garrett responded to Respondent's imposed agreement accepting that the City had properly imposed terms on the bargaining unit per the requirements of the Public Employment Relations Act, MCL § 423.201 *et seq* (PERA). Nowhere in President Garrett's letter did he waive the right of employees to be paid for already accrued compensation, but instead waived AFSCME's right to bring an unfair labor practice charge or grievance relating to the negotiation process or imposition of collective bargaining terms. Instead, President Garrett merely described the imposed terms prospectively, not accrued benefits that were already owed to bargaining unit members due to their service time that had already been performed.

22. Regardless of this distinction, the ALJ completely ignored the fact that Petitioners and their fellow employees had already accrued a right to be provided their longevity pay under the CBA that was currently in effect on October 13th. Also, the ALJ provided little rationale for disregarding case law cited to by Petitioners in their post-hearing brief. Namely, in *Admiral Merchants Motor Freight, Inc v Dept of Labor*, the Court of Appeals held that a labor organization cannot waive an employee's individual rights under Act 390. 149 Mich App 344 (1986).

23. Notably, the Court of Appeals in *Admiral Merchants* compared Act 390 to the Fair Labor Standards Act (FLSA) in deciding that Act 390 rights cannot be waived through the collective bargaining process. *Id.* at 351-53. This comparison to FLSA is quite appropriate considering the equally strong language in Section 11 of 390 Act. Rights under FLSA continue to be held by courts to be nonwaiveable through collective bargaining. *See e.g., Barrentine v Arkansas-Best Freight System, Inc*, 450 US 728 (1981); *Brooklyn Savings Bank v O'Neill*, 324

MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN 48226-0840
(313) 964-4454

US 697 (1945); *O'Brien v Encotech Constr Serv Inc*, 183 F Supp 2d 1047 (ND Ill 2002); *Gentry v Superior Court*, 165 P3d 556 (Cal. 2007).

24. Furthermore, the Michigan Employment Relations Commission (MERC) has no authority to enforce the Wage and Fringe Benefits Act (WFBA). *See e.g.*, *Detroit Public Schools*, 20 MPER P 117 (2007). A plaintiff alleging a failure of his/her employer to pay wages or fringe benefits may either file a claim under the WFBA, or a lawsuit alleging a theory other than the WFBA (i.e., breach of contract). There is no obligation for the employee to exhaust the administrative remedies such as a grievance procedure under the WFBA before proceeding with other legal remedies. *Murphy v Sears, Roebuck & Co*, 190 Mich App 384, 388 (1991).

25. The ALJ distinguished the above-referenced case law arguing that *Admiral Merchants* only reaffirms that employees have a separate right to pursue remedy through Act 390. However, this misconstrues the law entirely--both *Admiral Merchants* and the FLSA cases the Court of Appeals cites to in that decision go beyond whether an employee can bring a claim under Act 390 separate and apart from a grievance or ULP. Instead, those cases indicate that a labor organization cannot negotiate away rights under Act 390 or FLSA. *Id.* at 195-96 (citing *Barrentine v Arkansas-Best Freight System, Inc*, 450 US 728, 740 (1981)("This Court's decisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it has designed to effectuate. ... Moreover, we have held that congressionally granted FLSA rights take precedence over conflicting provisions in a collectively bargained compensation arrangement."))

26. Act 390 protects the rights of employees to be paid accrued wages or fringe benefits. This statutory right cannot be waived by a labor organization representing a collective

7

body of employees. Otherwise, an employer could change its written compensation policy after employees had already performed according to that document, and deny those employees the benefits they were promised. This interpretation is clearly at odds with the legislative rationale for Act 390.

27. Also, the ALJ completely ignored Petitioners' citation to relevant law regarding contract interpretation, even though the ALJ reiterated the importance of interpreting contractual language. The performance of City employees is reminiscent of a unilateral contract. The Michigan Court of Appeals stated in *Gaydos v White Motor Corp*, a case dealing with an employer's failure to provide promised severance pay, that "[a]s the employees continued to work [after the policy was established], consideration was supplied for a unilateral contract, upon which the employees had the right to rely." 54 Mich App 146, 148 (1974). In other words, Petitioners in this case had the right to expect payment for longevity pay because they had already begun performance.

28. Respondent's employees were led to believe that they would be paid longevity pay for 2009-2010 because Respondent paid longevity pay in 2008 and 2009, had several documents stating that employees would be paid longevity pay on the basis of hours worked in the year, and were even led to believe that longevity pay was not being removed from the successor agreement on the basis of their last best offer. Employees performed accordingly. In fact, by the time Respondent actually eliminated the longevity pay provision, over three-quarters of the year had passed. Consequently, Respondent has breached its duties and must provide all of its employees full longevity pay from December 1, 2009 to December 1, 2010 who achieved the 1600 hour requirement.

29. Finally, the ALJ largely ignored the four other documents that reflect "written policies" or plans that were in place dictating how employees would receive longevity pay. As

MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN 48226-0840
(313) 964-4454

8

stated above and during the hearing, Petitioners' Exhibits 4 & 5 reflect the how longevity pay was calculated. In addition, the City Charter Provision directly requires that City employees receive "a reward based on length of service," which is exactly what longevity pay was. Detroit Municipal Code § 13-7-1. Furthermore, the City's own published ordinances state quite clearly that employees are entitled to longevity pay if they work 216 days from December 1st. Hence, there are several written sources that provide for how employees should be paid longevity pay that were deliberately overlooked by Respondent. Consequently, Petitioners and all employees similarly situated should be compensated accordingly.

## IV. REQUESTED RELIEF

**WHEREAS**, Petitioner-Appellants request that this Court provide the parties a briefing schedule and oral argument per MCL § 24.304(3), and after considering those briefs and hearing oral argument, reverse ALJ Cohen's Decision and award Petitioner-Appellants, and all other similarly situated City employees the back longevity pay that was accrued for 2009-2010, along with interest, and all other damages that they would be entitled to under Act 309.

Respectfully submitted,

MILLER COHEN, P.L.C.

By: _____
Richard G. Mack (P58657)
Keith D. Flynn (P74192)
*Attorneys for Petitioners-Appellants*
600 W. Lafayette 4th Floor
Detroit, Michigan 48226
(313) 964-4454

Dated: March 11, 2013

MILLER COHEN, P.L.C.
ATTORNEYS AND COUNSELORS AT LAW
600 WEST LAFAYETTE BLVD.
DETROIT, MICHIGAN 48226-0840
(313) 964-4454

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

IN THE MATTER OF:

Rosemary C. Haynesworth, and
Dean Story, (appealing on behalf of those
who work for the City of Detroit and are
represented by the AFSCME union)
    Petitioners-Appellants,

v

City of Detroit,
    Respondent-Appellee.

Docket Nos.  12-000522-WH
                  12-000523-WH

Lower Case Nos.: 160794 & 160450
Agency Appealed: Wage &Hour

---

MILLER COHEN, P.L.C.
Richard G. Mack, Jr. (P58657)
Keith D. Flynn (P74192)
*Attorneys for Petitioners-Appellants*
600 W. Lafayette 4th Floor
Detroit, Michigan 48226
(313) 964-4454

CITY OF DETROIT LAW DEPARTMENT
Letitia C. Jones, Esq.
*Attorneys for Respondent-Appellee*
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-3002

---

## PROOF OF SERVICE

MICHELLE COIL says that on *March 11, 2013*, she served a copy of the *Petition for Review*, along with this *Proof of Service* upon:

Letitia C. Jones, Esq.
Assistant Corporation Counsel
660 Woodward Ave., Ste. 1800
Detroit, MI 48226-3535

via U.S. First-Class Mail by placing same in the United States Postal Receptacle in Detroit, Michigan.

MICHELLE COIL

Subscribed to and sworn before me on
March 11, 2013.

Sue P. Dolesh, Notary Public
Oakland County, Michigan
Acting in Wayne County
My Commission expires: 3/6/14