am still in the process of therapy and negotiation. My attorney explained to me that the Insurance Company is using the officer's testimony and deposition against me.

In December in 2011, I addressed the Commissioner board about the situation. I talked to Assistant Chief Ainsley Cromwell. Around December 26, 2011, he checked his files and told me that there was no complaint filed for me. I told him that Investigator Antonio Jones informed me that he was reviewing my complaint in 2009, but no one contacted me after that time. Investigator Cromwell informed me that Investigator Jones was retired. I located Investigator Jones, in December 2011, who stated that he did remember some parts of the case, but the case was turned over to someone else. Assistant Chief Cromwell informed me that Investigator Jones was coming back to work, and that he would be handling my case.

I met with Investigator Jones on January 10, 2012. He had the complaint file in his possession. He showed me the errors that were made, but I was not allowed to review the file. He informed me that he typed in my name into their computer and my name came up in their computer with the complaint. The report was turned over to Investigator Melody White. There was an error on their part, concerning the correct address. My home address was on the Chrisnet report. My business address was on my Letter Head, as well as my telephone number.

I attended the Commissioner Board meetings on a regular basis before my pedestrian accident. I never received any communication from the O.I.C. He explained that he could take my report, but it would not change the status or outcome of the report. He gave me a copy of the Department findings, (complaint# 44337, BPC 09-629), dated July 9, 2010 signed by acting Chief Ainsley Cromwell, and an ordinance report from the Detroit Police Manual, highlighted in pink marker stating: 204.1 - 4.2 Private property Motor vehicle crashes that occur on private property are classified as non-traffic crashes. Non-traffic crashes shall not be reported on the State of Michigan Traffic Crash Report (UD-10) nor submitted to the State of Michigan Records System except for the following situations:

Several paragraphs later this was heighted relating to private property investigations: occurring on private property should be reported using a Preliminary Complaint Report (PCR). The report should be entitled "Private Property Crash. The CVS Store is accessible to the public. There are no private property signs posted anywhere.

The Investigator recorded our conversation. I told him that I wanted a copy of the tape recording. There is nothing in the report stating that I was not contacted. My rights have been violated. The Police Department is under the Consent Decree. The guidelines were not followed. The Detroit Departmental Manual 204.1 -4.3 Investigative limitations:

1. The duties of an officer investigating a crash are confined to the criminal aspect of the case. The officer shall take no part in placing liability for damages, advising citizens about adjustments, or signing statements placing the blame on either party.

On January 16, 2012, I contacted Investigator Jones concerning the taped conversation, He explained, that he was waiting on a response from his boss, Ainsley Cromwell.

2

I have medical documentation that there was a bruised marking in my back on the day of the accident. There is a herniated disc in my lower back, there is tingling pain in my right hand that radiates to the elbow, and I have muscle spasms.

The Accident Report Case number is !J902i6067M note phone caller unknown.

```
REPORTING AGENCY: DETROIT POUCE DEPARTMENT
CASE REPORT NUMBER; !J9052i60657M
PRECINCT: DISTRICT 2/SOUTHWEST        PHONErUNKNONE
```

When the Officer approached me I was sitting in my vehicle. Note that the Officer stated that I was standing in the parking lot when he came.

```
CIRCUMSTANCES - WRT. ARRIVED AT SCENE AND OBS. VICTIM, OFFENDER AND
WITNESS STANDING IN THE PARKING LOT.
```

I never told the officer that I yell at the driver of the SUV. I yelled because I was in pain and shock because I did not know what happened. I never yelled at women. I was light headed, (dizzy). I asked the woman, who was the driver, for her name and phone number. The driver stated, that her husband was a Detroit Police Sergeant and she was going to call him. She repeated several times about her husband being a Detroit Police Sergeant. I told her that I Did not care about her Husband being a Detroit Police Sergeant.

```
. VICTIM FURTHER STATED THAT ONCE SHE WAS STRUCK, SHE DID NOT FALL TO THE
GROUND AND YELL AT THE OFFENDER.

OFFENDER STATED THAT AS SHE WAS BACKING UP, SHE HEARD THE VICTIM YELLING
AT HER.
```

At the time of the accident, the witness was sitting in the front passenger seat of the SUV. She could not have seen me at the time of the accident. I did not know that she was in the SUV until she got out of the vehicle and walked to the rear of the vehicle. She is related to the driver of the SUV. She stated that the camera that was located at the front entrance of the CVS would prove that the Driver did not hit me. She made several negative comments to me, such as She just trying to get a pay check, she don't know about us ghetto women. I told her that she was ignorant and that I was not going to talk to her anymore.

```
WITNESS, WHO WAS A PASSENGER IN OFFENDERS VEHICLE STATED THAT    -«* * .
SHE OBS. THE VICTIM STANDING IN THE MIDDLE OF THE LOT AND OFFENDERS
VEHICLE NEVER      : "* GOT CLOSE TO VICTIM.
```

The Officer did not want to make the accident report. He told me that he was going to make an information report. I told him that I was hurt. I told him to touch my back and I told him where the pain was. I felt the immediate pain in the upper left side of my back near the spine area. He told me that it was impossible for me to be hurt because the bumper was not that high up. I told him that I felt the pain in my back and I believed that I was struck by the left rear corner of the SUV. He walked over to the SUV and examined it. He stated that I was not hurt several times. He stated this in the presence of the two women.

3

He stated that it was not an accident. I told him that I was in I pain and the woman did hit me. I felt dizzy. I told him that I have a blood pressure problem and I'm trying to stay calm. He rose up at me and said he had a high blood pressure problem too and that he would bet that his blood pressure was worse than mine. He asked me did I see what was written on his scout car. He pointed to the wording Traffic Enforcement.

I told the Officer that I knew that a report should be made because I was a Retired Detroit Officer and that I knew what the procedure was. He asked me about my I.D. I showed him my Retired Badge. He asked me about my Police I.D. I showed it to him. He walked back to his vehicle. He called somebody. He came back to my vehicle. He asked where the pain was. I told him to touch my back and I told him where the pain was. He told me that the bumper was not that high up. I told him that the left rear corner of the SUV hit me and I felt the pain in the back. He walked over to the SUV and examined it. He ran his fingers across the rear left light and stated that there was dust on the corner of the vehicle.

The Officer told me that he was going to make a Chrisnet report. He refused to give me, information concerning, the driver, her vehicle nor the witness information. He did not want to give me his name or badge number. He told me that I could get a copy of the Chrisnet report from the old Second Precinct the next day.

VICTIM ALSO STATED THAT THE MIDDLE OF HER BACK WAS STRUCK UPON THE IMPACT
AND WRT. OBS. THE OFFENDERS REAR BUMPER EXTENDS APPROX. 5 INCHES OUT.

The Officer stated that I refused medical treatment. He saw my daughter, Elizabeth Stevenson. Her friend brought her up to the CVS on his motor cycle. The Officer heard her state that she was taking me to the hospital.

VICTIM ALSO REFUSED MEDICAL ATTENTION.

There was a dispute about the bumper. I told the officer that my back was hurting. Note the date and time. On May 27, 2009, I went to the 2nd Precinct to get the report. I was told that there was no report for me in the system. I filed a complaint at the commissioner's board meeting on May 28, 2009, concerning my accident report. At the end of the meeting, one of the Chief's staff found the Report and gave me my half of the report. He told me that my attorney would have to request the other half of the report, which contained the driver's information.

OFFENDERS VEHICLE INFO - 2001 FORD EXPLORER, BLK/BLK, LIC#10/MI/BJW3039,
VIN# 1FMYU70E21UC09239, INSURED BY ALLIED INSURANCE POL# PPC0008792957-0.
Thursday, May 28, 2009                    4:29:39PM            CASE REPORT#:
0905200637.1                         Page 2 of 2

The City Of Detroit is under the Consent Decree. The Departmental Procedures were not followed. The Officer was Officious and very biased. He did not want to make the report. He made the report after I showed him my retired police badge and I.D.

I have been in continuous contact with the Detroit Police Commissioners' Board about

4

the situation. Celia Washington, their Attorney on record, as advised me to request an appeal, Resolution of Complaint Sec. 7-1109, to complaint # 44337, BPC09629. I did in April 2012.

I'm a Retired Police Officer and I fight for the rights and safety of our Citizens, who live in our city as well as our state. On a regular basis, I bring issues to your Commissioners' Board attention, to find peaceful legal resolutions, to sometimes horrific situations. I am a grassroots worker. The majority of the work that I do is for the indigent people, who can't afford the type of services that I do. I have never received any money from any agency nor loan company. I use my pension money as well as money from law suit cases that I have done in the past. I do not owe the in Internal Revenue anything. Since my accident, I used my annuity money to assist with my expenses and health care. My Insurance Company, State Farm refuse to pay for my medical bills based on the officer's statement.

As a member of ALPACT and a fighter for justice for all, I believe that there should be police accountability in our State. Police Officers are the pillars of our state. They should represent good role models for the future generation.

Respectfully yours


Tijuana Morris

5



October 07, 2012

Consent Decree
Federal Monitor
Robert Warshaw
Email: rohtopcop@aol.com

RE:        Resolution of Complaint Sec. 7-1109, concerning the complaint filed on May 28, 2009,
(complaint # 44337,BPC09-629), at the Commissioner Board meeting, concerning Traffic Officer
Fitzgerald Harris badge #1440 S/8 a pedestrian/vehicle accident report in the parking lot of a
CVS Store (13580 Grand River).

Mr. Warshaw,
        My name is Tijuana Morris, I'm a licensed investigator, as well as a Retired
Detroit Police Officer. This complaint, (complaint # 44337, BPC09-629), should have been
investigated thoroughly in a timely manner.  The above situation has been an ongoing problem
with filing a citizen's complaint. On April 19, 2012, Celia Washington, appointed Attorney for
the Detroit Police Commissioners' Board, recommended that I file the above solution. I hand
delivered the document to her on April 26. This situation has not been resolved. There has been
no corrective action taken to make sure that the paid responsible Investigator/Attorney, do the
work, in compliance with the Consent Agreement. Attorney Washington has not contacted me
concerning this situation in a timely manor.

        The last time I addressed the issue, in July 2012 at a Commissioner's Board meeting. Ms
Washington informed me that they could arrange a meeting within the week. I told her that I
would be having surgery and unavailable. The thirty day window frame, according to the new
City Charter, had already past. I don't have faith that the Board would be impartial.

        Attorney Celia Banks Washington contacted me on face book in August of this year,
stating that this was the only way that she could contact me. This was not true, because she has
my documents with my letter head, which has all of my contact information on it.  She has my
home address as well. I use to attend the Board meetings on a regular basis, until the accident
in 2009. The Detroit Police Department check and balance system, procedures are not adhered
to properly when complaints are filed against some police officers.

        After I filed the complaint on the officer, I was contacted by Antonio Jones, on May 29,
2009. He informed me that their office was working on my complaint. I never heard from the
O.I.C. anymore. On several occasions I've asked about the update, but never got a response. I

1

am still in the process of therapy and negotiation. My attorney explained to me that the Insurance Company is using the officer's testimony and deposition against me.

In December in 2011, I addressed the Commissioner board about the situation. I talked to Assistant Chief Ainsley Cromwell. Around December 26, 2011, he checked his files and told me that there was no complaint filed for me. I told him that Investigator Antonio Jones informed me that he was reviewing my complaint in 2009, but no one contacted me after that time. Investigator Cromwell informed me that Investigator Jones was retired. I located Investigator Jones, in December 2011, who stated that he did remember some parts of the case, but the case was turned over to someone else. Assistant Chief Cromwell informed me that Investigator Jones was coming back to work, and that he would be handling my case.

I met with Investigator Jones on January 10, 2012. He had the complaint file in his possession. He showed me the errors that were made, but I was not allowed to review the file. He informed me that he typed in my name into their computer and my name came up in their computer with the complaint. The report was turned over to Investigator Melody White. There was an error on their part, concerning the correct address. My home address was on the Chrisnet report. My business address was on my Letter Head, as well as my telephone number.

I attended the Commissioner Board meetings on a regular basis before my pedestrian accident. I never received any communication from the O.I.C. He explained that he could take my report, but it would not change the status or outcome of the report. He gave me a copy of the Department findings, (complaint# 44337, BPC 09-629), dated July 9, 2010 signed by acting Chief Ainsley Cromwell, and an ordinance report from the Detroit Police Manual, highlighted in pink marker stating: 204.1 - 4.2    Private property Motor vehicle crashes that occur on private property are classified as non-traffic crashes. Non-traffic crashes shall not be reported on the State of Michigan Traffic Crash Report (UD-10) nor submitted to the State of Michigan Records System except for the following situations:

Several paragraphs later this was heighted relating to private property investigations: occurring on private property should be reported using a Preliminary Complaint Report (PCR). The report should be entitled "Private Property Crash. The CVS Store is accessible to the public. There are no private property signs posted anywhere.

The Investigator recorded our conversation. I told him that I wanted a copy of the tape recording. There is nothing in the report stating that I was not contacted. My rights have been violated. The Police Department is under the Consent Decree. The guidelines were not followed. The Detroit Departmental Manual 204.1 -4.3    Investigative limitations:

1. The duties of an officer investigating a crash are confined to the criminal aspect of the case.   The officer shall take no part in placing liability for damages, advising citizens about adjustments, or signing statements placing the blame on either party.

On January 16, 2012, I contacted Investigator Jones concerning the taped conversation, He explained, that he was waiting on a response from his boss, Ainsley Cromwell.

2

I have medical documentation that there was a bruised marking in my back on the day of the accident. There is a herniated disc in my lower back, there is tingling pain in my right hand that radiates to the elbow, and I have muscle spasms.

The Accident Report Case number is !J902i6067M note phone caller unknown.

```
REPORTING AGENCY: DETROIT POUCE DEPARTMENT
CASE REPORT NUMBER; !J9052i60657M
PRECINCT: DISTRICT 2/SOUTHWEST      PHONErUNKNONE
```

When the Officer approached me I was sitting in my vehicle. Note that the Officer stated that I was standing in the parking lot when he came.

```
CIRCUMSTANCES - WRT. ARRIVED AT SCENE AND OBS. VICTIM, OFFENDER AND
WITNESS STANDING IN THE PARKING LOT.
```

I never told the officer that I yell at the driver of the SUV. I yelled because I was in pain and shock because I did not know what happened. I never yelled at women. I was light headed, (dizzy). I asked the woman, who was the driver, for her name and phone number. The driver stated, that her husband was a Detroit Police Sergeant and she was going to call him. She repeated several times about her husband being a Detroit Police Sergeant. I told her that I Did not care about her Husband being a Detroit Police Sergeant.

```
. VICTIM FURTHER STATED THAT ONCE SHE WAS STRUCK, SHE DID NOT FALL TO THE
GROUND AND YELL AT THE OFFENDER.
```

```
OFFENDER STATED THAT AS SHE WAS BACKING UP, SHE HEARD THE VICTIM YELLING
AT HER.
```

At the time of the accident, the witness was sitting in the front passenger seat of the SUV. She could not have seen me at the time of the accident. I did not know that she was in the SUV until she got out of the vehicle and walked to the rear of the vehicle. She is related to the driver of the SUV. She stated that the camera that was located at the front entrance of the CVS would prove that the Driver did not hit me. She made several negative comments to me, such as She just trying to get a pay check, she don't know about us ghetto women. I told her that she was ignorant and that I was not going to talk to her anymore.

```
WITNESS, WHO WAS A PASSENGER IN OFFENDERS VEHICLE STATED THAT   -«* * .
SHE OBS. THE VICTIM STANDING IN THE MIDDLE OF THE LOT AND OFFENDERS
VEHICLE NEVER      : "* GOT CLOSE TO VICTIM.
```

The Officer did not want to make the accident report. He told me that he was going to make an information report. I told him that I was hurt. I told him to touch my back and I told him where the pain was. I felt the immediate pain in the upper left side of my back near the spine area. He told me that it was <u>impossible</u> for me to be hurt because the bumper was not that high up. I told him that I felt the pain in my back and I believed that I was struck by the left rear corner of the SUV. He walked over to the SUV and examined it. He stated that I was not hurt several times. He stated this in the presence of the two women.

3

He stated that it was not an accident. I told him that I was in I pain and the woman did hit me. I felt dizzy. I told him that I have a blood pressure problem and I'm trying to stay calm. He rose up at me and said he had a high blood pressure problem too and that he would bet that his blood pressure was worse than mine. He asked me did I see what was written on his scout car. He pointed to the wording Traffic Enforcement.

I told the Officer that I knew that a report should be made because I was a Retired Detroit Officer and that I knew what the procedure was. He asked me about my I.D. I showed him my Retired Badge. He asked me about my Police I.D. I showed it to him. He walked back to his vehicle. He called somebody. He came back to my vehicle. He asked where the pain was. I told him to touch my back and I told him where the pain was. He told me that the bumper was not that high up. I told him that the left rear corner of the SUV hit me and I felt the pain in the back. He walked over to the SUV and examined it. He ran his fingers across the rear left light and stated that there was dust on the corner of the vehicle.

The Officer told me that he was going to make a Chrisnet report. He refused to give me, information concerning, the driver, her vehicle nor the witness information. He did not want to give me his name or badge number. He told me that I could get a copy of the Chrisnet report from the old Second Precinct the next day.

VICTIM ALSO STATED THAT THE MIDDLE OF HER BACK WAS STRUCK UPON THE IMPACT AND WRT. OBS. THE OFFENDERS REAR BUMPER EXTENDS APPROX. 5 INCHES OUT.

The Officer stated that I refused medical treatment. He saw my daughter, Elizabeth Stevenson. Her friend brought her up to the CVS on his motor cycle. The Officer heard her state that she was taking me to the hospital.

VICTIM ALSO REFUSED MEDICAL ATTENTION.

There was a dispute about the bumper. I told the officer that my back was hurting. Note the date and time. On May 27, 2009, I went to the 2nd Precinct to get the report. I was told that there was no report for me in the system. I filed a complaint at the commissioner's board meeting on May 28, 2009, concerning my accident report. At the end of the meeting, one of the Chief's staff found the Report and gave me my half of the report. He told me that my attorney would have to request the other half of the report, which contained the driver's information.

OFFENDERS VEHICLE INFO - 2001 FORD EXPLORER, BLK/BLK, LIC#10/MI/BJW3039, VIN# 1FMYU70E21UC09239, INSURED BY ALLIED INSURANCE POL# PPC0008792957-0.
Thursday, May 28, 2009                    4:29:39PM           CASE REPORT#:
0905200637.1                         Page 2 of 2

The City Of Detroit is under the Consent Decree. The Departmental Procedures were not followed. The Officer was Officious and very biased. He did not want to make the report. He made the report after I showed him my retired police badge and I.D.

I have been in continuous contact with the Detroit Police Commissioners' Board about

4

the situation. Celia Washington, their Attorney on record, as advised me to request an appeal, Resolution of Complaint Sec. 7-1109, to complaint # 44337, BPC09629. I did in April 2012.

I'm a Retired Police Officer and I fight for the rights and safety of our Citizens, who live in our city as well as our state. On a regular basis, I bring issues to your Commissioners' Board attention, to find peaceful legal resolutions, to sometimes horrific situations. I am a grassroots worker. The majority of the work that I do is for the indigent people, who can't afford the type of services that I do. I have never received any money from any agency nor loan company. I use my pension money as well as money from law suit cases that I have done in the past. I do not owe the in Internal Revenue <u>anything</u>. Since my accident, I used my annuity money to assist with my expenses and health care. My Insurance Company, State Farm refuse to pay for my medical bills based on the officer's statement.

As a member of ALPACT and a fighter for justice for all, I believe that there should be police accountability in our State. Police Officers are the pillars of our state. They should represent good role models for the future generation.

Respectfully yours


Tijuana Morris

5

EXHIBIT

8) Appeal Court information and Court Transcript
Judge's ruling (upon request if needed)

# Court of Appeals, State of Michigan

## ORDER

**Tijuana Morris v State Farm Mutual Automobile Insurance Company**

Docket No.    321378

LC No.    10-005725-NF

---

William B. Murphy, Chief Judge, acting under MCR 7.203(F)(1) and MCR 7.211(E)(2), orders:

The claim of appeal is DISMISSED for lack of jurisdiction because it was not filed within 21 days after entry of the March 7, 2014, order deciding appellant's motion for a new trial. MCR 7.204(A)(1)(b). At this time, appellant may seek to appeal only by filing a delayed application for leave to appeal under MCR 7.205(G).

The motion to waive fees is GRANTED for this appeal only.

William B. Murphy

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

**MAY 0 9 2014**

Date

Chief Clerk

EXHIBIT

9) Pension Annuity statements

# Annuity Refund Worksheet
## Distribution Summary

*7/14/10*

SSN ████████████

Participant Name  *Tijuana Morris*

Total    (Partial)

| Pretax Contributions | | Interest | | Posttax Contributions | |
|---|---|---|---|---|---|
| Prior Year | | Prior Year | | Pre-1982 Prior Year | |
| Current Year | | Current Year | | Current Year | |
| Total Pretax | | Total Interest | | Total Posttax | |

Total Taxable  *1,192.83*
Rollover amount  _____
Withholding  *238.57*

Total Nontaxable  *1,159.56*
Nontaxable Rollover  _____
TOTAL DISTRIBUTION  *2,352.39*

---

## For EDROs and Death Beneficiaries

Participant or First Beneficiary        Name _____
                                        SSN (if different from above) _____

Total Taxable _____        Total Nontaxable _____
Rollover amount _____      Nontaxable Rollover _____
Withholding _____          TOTAL _____

_____ Minor EDRO

---

Alternate Payee or Second Beneficiary     Name _____
                                          SSN _____

Total Taxable _____        Total Nontaxable _____
Rollover amount _____      Nontaxable Rollover _____
Withholding _____          TOTAL _____

_____ Minor EDRO

---

Third Beneficiary        Name _____
                         SSN _____

Total Taxable _____        Total Nontaxable _____
Rollover amount _____      Nontaxable Rollover _____
Withholding _____          TOTAL _____

_____ Minor EDRO



# POLICE AND FIRE RETIREMENT SYSTEM
## CITY OF DETROIT

## WITHDRAWAL/DISTRIBUTION FROM DEFINED CONTRIBUTION PLAN
## (ANNUITY SAVINGS FUND)

DATE OF APPLICATION _7-6-2011_

EMPLOYEE NAME _TiJuANA MoRRis_          SOCIAL SECURITY # ▓▓▓▓▓▓

DATE OF BIRTH _03-30-55_          TELEPHONE (313) 208-8323

## TO: BOARD OF TRUSTEES OF THE RETIREMENT SYSTEM

I attained or will attain eligibility for withdrawal of my Defined Contribution Plan (Annuity) amounts due to (Choose one)

| | | | |
|---|---|---|---|
| _____ | Service Retirement | _X_ | 20/25 Year Withdrawal Provisions |
| _____ | Separation from Service | _____ | Conversion from Disability |
| _____ | Laid-off | _____ | EDRO (Eligible Domestic Relations Order) |
| _____ | Death of employee (Date_____) | _____ | Quarterly Interest Withdrawal (Retired Only) |

If Death or EDRO, please complete:

RECIPIENT/BENEFICIARY NAME _____ SOCIAL SECURITY # _____

DATE OF BIRTH_____ TELEPHONE (_____)_____

Pursuant to these provisions, I hereby request a withdrawal from my Defined Contribution Plan account as follows:

_TJM_ Total withdrawal          _____ Partial withdrawal of $ ___ ___ , ___ ___ ___ . ___ ___
(Initial)                       (Initial)

If partial withdrawal, write out dollar amount _____

_____ Contributions prior to 8-14-1982 only.
(Initial)

to be distributed as follows:

If requesting more than pre-1982 contributions you must select EITHER 1, 2 or 2 and 3:

1. _TJM_ I request that full payment be made to me. I acknowledge that twenty (20%) percent of the
(Initial)    taxable portion will be withheld in accordance with applicable Internal Revenue Code
             requirements and regulations.

2.    I request a direct rollover of the otherwise taxable portion as follows:  **CHOOSE A or B**

| A _____ (Initial) | All of the otherwise taxable portion (in which case no withholding will apply to me) | OR | B _____ (Initial) | A portion totaling $_____ of the otherwise taxable portion |
|---|---|---|---|---|

of my Defined Contribution Plan distribution be forwarded to:

Agency and Account No.: _____

Address: _____

City, State & Zip Code: _____

as a direct rollover/direct transfer and the balance paid to me. Any taxable portion not rolled over/transferred will be subject to the required twenty (20%) percent withholding. Representatives of the above named company have assured me that the direct rollover amount will be deposited in either a 401(a) of the Internal Revenue Code Plan, including a 401(k) plan, profit sharing plan, defined benefit plan, stock bonus plan, and money purchase plan; a section 403(a) annuity plan; a section 403(b) tax-sheltered annuity or an eligible section 457(b) plan maintained by a governmental employer (governmental 457 plan).

3.  I request a direct rollover of the non-taxable portion as follows:  **CHOOSE C or D**

| C _____ All of the otherwise non-taxable | OR | D _____ A portion totaling $_____ |
|---|---|---|
| (Initial)    portion | | (Initial)   of the otherwise non-taxable portion |

of my Defined Contribution Plan distribution be forwarded to:

Agency and Account No.: _____

Address: _____

City, State & Zip Code: _____ as a direct rollover/direct transfer and the balance paid to me. Representatives of the above named company have assured me that the direct rollover amount will be deposited in either an IRC 403(a) (Individual Retirement Account) or IRC 403(b) (Individual Retirement Annuity).

I acknowledge receipt of a notice provided to me pursuant to Section 402 of the Internal Revenue Code. I acknowledge that 1099R(s) will be issued regarding the withdrawal from the defined contribution plan. I hereby release the Retirement System and its Board of Trustees and the City-employer from any and all liability relative to the aforesaid defined contribution plan amounts upon the forwarding of the amounts as directed by me. I acknowledge that a 1099R will be issued to indicate the otherwise taxable portions of the defined contribution plan amounts transferred in accordance with the foregoing direct rollover/direct transfer. I have made appropriate arrangements with the aforenamed financial institution to accept the transferred amount as a direct rollover, permitted by the Internal Revenue Code and applicable regulations. I hereby waive any and all claims relative to the aforesaid defined contribution plan amounts forwarded/ transferred consistent with this document. I acknowledge that the Retirement System, its employees and representatives do not give tax advice and I will consult with a tax advisor of my choice.

**Signatures must be notarized if not witnessed by a Retirement Systems employee.**

_____  7-6-11          *Tijuana Morris* 7-6-11
Signature of Witness          Date          Signature of Recipient          Date

                                                P.O. BOX 23712
_____                Address of Recipient
Address of Witness
                                                Det MI    48223
_____          City          State   Zip
City          State   Zip

On this day of _____ the above named made oath that the answers are true to the best of his/her knowledge and belief.

                                                My Commission expires:_____

                    _____
                           Notary Public
(SEAL)              _____
                    County          State

DO NOT WRITE IN THIS SPACE



# Annuity Refund Worksheet
## Distribution Summary

12/16/10

SSN ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

Participant Name _Tijuana Morris_

Total ( Partial )

| Pretax Contributions | | Interest | | Posttax Contributions | |
|---|---|---|---|---|---|
| | | | | Pre-1982 | |
| Prior Year | _____ | Prior Year | _____ | Prior Year | _____ |
| Current Year | _____ | Current Year | _____ | Current Year | _____ |
| Total Pretax | _____ | Total Interest | _____ | Total Posttax | _____ |

Total Taxable _7,000.00_          Total Nontaxable _0.00_

Rollover amount _____          Nontaxable Rollover _____

Withholding _1,400.00_          TOTAL DISTRIBUTION _7,000.00_

---

## For EDROs and Death Beneficiaries

Participant or First Beneficiary        Name _____

SSN (if different from above) _____

| | | | |
|---|---|---|---|
| Total Taxable | _____ | Total Nontaxable | _____ |
| Rollover amount | _____ | Nontaxable Rollover | _____ |
| Withholding | _____ | TOTAL | _____ |

_____ Minor EDRO

---

Alternate Payee or Second Beneficiary        Name _____

SSN _____

| | | | |
|---|---|---|---|
| Total Taxable | _____ | Total Nontaxable | _____ |
| Rollover amount | _____ | Nontaxable Rollover | _____ |
| Withholding | _____ | TOTAL | _____ |

_____ Minor EDRO

---

Third Beneficiary        Name _____

SSN _____

| | | | |
|---|---|---|---|
| Total Taxable | _____ | Total Nontaxable | _____ |
| Rollover amount | _____ | Nontaxable Rollover | _____ |
| Withholding | _____ | TOTAL | _____ |

_____ Minor EDRO





POLICE AND FIRE RETIREMENT SYSTEM
CITY OF DETROIT

**WITHDRAWAL/DISTRIBUTION FROM DEFINED CONTRIBUTION PLAN**
**(ANNUITY SAVINGS FUND)**

DATE OF APPLICATION 11-24-2010

EMPLOYEE NAME Tijuana Morris

SOCIAL SECURITY # _____

DATE OF BIRTH 03-30-1955

TELEPHONE (313) 408-8323

**TO: BOARD OF TRUSTEES OF THE RETIREMENT SYSTEM**

I attained or will attain eligibility for withdrawal of my Defined Contribution Plan (Annuity) amounts due to (Choose one)

_____ Service Retirement
_____ Separation from Service
_____ Laid-off
_____ Death of employee (Date_____)

_____ 20/25 Year Withdrawal Provisions
_____ Conversion from Disability
✓ EDRO (Eligible Domestic Relations Order)
✓ Quarterly Interest Withdrawal (Retired Only)

| If Death or EDRO, please complete: |
|---|
| RECIPIENT/BENEFICIARY NAME _____ SOCIAL SECURITY # _____ |
| DATE OF BIRTH _____ TELEPHONE (_____)_____ |

Pursuant to these provisions, I hereby request a withdrawal from my Defined Contribution Plan account as follows:

_____ Total withdrawal
(Initial)

_____ Partial withdrawal of $ 7,000.00
(Initial)

If partial withdrawal, write out dollar amount SEVEN THOUSAND DOLLARS

_____ Contributions prior to 8-14-1982 only.
(Initial)

REC'D NOV 24 2010

to be distributed as follows:

If requesting more than pre-1982 contributions you must select **EITHER 1, 2 or 2 and 3**:

1. _____ I request that full payment be made to me. I acknowledge that twenty (20%) percent of the
(Initial) taxable portion will be withheld in accordance with applicable Internal Revenue Code requirements and regulations.

2. I request a direct rollover of the otherwise taxable portion as follows: **CHOOSE A or B**

| A _____ All of the otherwise taxable portion (in | OR | B _____ A portion totaling $_____ |
|---|---|---|
| (Initial) which case no withholding will apply to me) | | (Initial) of the otherwise taxable portion |

of my Defined Contribution Plan distribution be forwarded to:

Agency and Account No.: _____
Address: _____
City, State & Zip Code: _____
as a direct rollover/direct transfer and the balance paid to me. Any taxable portion not rolled over/transferred will be subject to the required twenty (20%) percent withholding. Representatives of the above named company have assured me that the direct rollover amount will be deposited in either a 401(a) of the Internal Revenue Code Plan, including a 401(k) plan, profit sharing plan, defined benefit plan, stock bonus plan, and money purchase plan; a section 403(a) annuity plan; a section 403(b) tax-sheltered annuity or an eligible section 457(b) plan maintained by a governmental employer (governmental 457 plan).

3.    I request a direct rollover of the non-taxable portion as follows:    **CHOOSE C or D**

| C _____ | All of the otherwise non-taxable | OR | D _____ | A portion totaling $_____ |
| (Initial) | portion | | (Initial) | of the otherwise non-taxable portion |

of my Defined Contribution Plan distribution be forwarded to:

Agency and Account No.: _____

Address: _____

City, State & Zip Code: _____

as a direct rollover/direct transfer and the balance paid to me.  Representatives of the above named company have assured me that the direct rollover amount will be deposited in either an IRC 403(a) (Individual Retirement Account) or IRC 403(b) (Individual Retirement Annuity).

I acknowledge receipt of a notice provided to me pursuant to Section 402 of the Internal Revenue Code. I acknowledge that 1099R(s) will be issued regarding the withdrawal from the defined contribution plan. I hereby release the Retirement System and its Board of Trustees and the City-employer from any and all liability relative to the aforesaid defined contribution plan amounts upon the forwarding of the amounts as directed by me. I acknowledge that a 1099R will be issued to indicate the otherwise taxable portions of the defined contribution plan amounts transferred in accordance with the foregoing direct rollover/direct transfer. I have made appropriate arrangements with the aforenamed financial institution to accept the transferred amount as a direct rollover, permitted by the Internal Revenue Code and applicable regulations. I hereby waive any and all claims relative to the aforesaid defined contribution plan amounts forwarded/ transferred consistent with this document. I acknowledge that the Retirement System, its employees and representatives do not give tax advice and I will consult with a tax advisor of my choice.

**Signatures must be notarized if not witnessed by a Retirement Systems employee.**

_____  11-24-2010
Signature of Witness        Date

_____
Address of Witness

_____
City              State    Zip

_____  11-24-2010
Signature of Recipient      Date

P.O. Box 23712 Det MI 48223
Address of Recipient

Detroit    MI    48223
City              State    Zip

On this day of _____ the above named made oath that the answers are true to the best of his/her knowledge and belief.

My Commission expires:_____

(SEAL)        _____
                       Notary Public

        _____
County              State

DO NOT WRITE IN THIS SPACE

# Annuity Refund Worksheet
## Distribution Summary

09-SEPT-10

SSN ▮▮▮▮▮▮▮▮

Participant Name TIJUANA MORRIS

Total  (Partial)

| Pretax Contributions | Interest | Posttax Contributions |
|---|---|---|
| | | Pre-1982 _____ |
| Prior Year _____ | Prior Year _____ | Prior Year _____ |
| Current Year _____ | Current Year _____ | Current Year _____ |
| Total Pretax _____ | Total Interest _____ | Total Posttax _____ |

Total Taxable  2,200.00
Rollover amount _____
Withholding  440

Total Nontaxable _____
Nontaxable Rollover _____
TOTAL DISTRIBUTION  2,200.00

---

## For EDROs and Death Beneficiaries

Participant or First Beneficiary

Name _____
SSN (if different from above) _____

Total Taxable _____
Rollover amount _____
Withholding _____

Total Nontaxable _____
Nontaxable Rollover _____
TOTAL _____

_____ Minor EDRO

---

Alternate Payee or Second Beneficiary

Name _____
SSN _____

Total Taxable _____
Rollover amount _____
Withholding _____

Total Nontaxable _____
Nontaxable Rollover _____
TOTAL _____

_____ Minor EDRO

---

Third Beneficiary

Name _____
SSN _____

Total Taxable _____
Rollover amount _____
Withholding _____

Total Nontaxable _____
Nontaxable Rollover _____
TOTAL _____

_____ Minor EDRO



# POLICE AND FIRE RETIREMENT SYSTEM
## CITY OF DETROIT

### WITHDRAWAL/DISTRIBUTION FROM DEFINED CONTRIBUTION PLAN
### (ANNUITY SAVINGS FUND)

DATE OF APPLICATION **9-2-10**

EMPLOYEE NAME **Tijuana Morris**

SOCIAL SECURITY # ▓▓▓▓▓▓▓

DATE OF BIRTH **03-30-1955**

TELEPHONE (**313**) **208-9323**

### TO: BOARD OF TRUSTEES OF THE RETIREMENT SYSTEM

I attained or will attain eligibility for withdrawal of my Defined Contribution Plan (Annuity) amounts due to (Choose one)

- [X] Service Retirement
- [ ] Separation from Service
- [ ] Laid-off
- [ ] Death of employee (Date _____)
- [ ] 20/25 Year Withdrawal Provisions
- [ ] Conversion from Disability
- [ ] EDRO (Eligible Domestic Relations Order)
- [ ] Quarterly Interest Withdrawal (Retired Only)

---

If Death or EDRO, please complete:

RECIPIENT/BENEFICIARY NAME _____  SOCIAL SECURITY # _____

DATE OF BIRTH _____  TELEPHONE (_____) _____

---

Pursuant to these provisions, I hereby request a withdrawal from my Defined Contribution Plan account as follows:

_____ Total withdrawal
(Initial)

_TM_ / Partial withdrawal of $ __2,200.00__
(Initial)

If partial withdrawal, write out dollar amount _Two Thousand & Two Hundred Dollars_

_____ Contributions prior to 8-14-1982 only.
(Initial)

to be distributed as follows:

If requesting more than pre-1982 contributions you must select **EITHER 1, 2 or 2 and 3:**

1. _TM_ I request that full payment be made to me. I acknowledge that twenty (20%) percent of the
(Initial) taxable portion will be withheld in accordance with applicable Internal Revenue Code requirements and regulations.

2. I request a direct rollover of the otherwise taxable portion as follows: **CHOOSE A or B**

| A _____ (Initial) All of the otherwise taxable portion (in which case no withholding will apply to me) | OR | B _____ (Initial) A portion totaling $_____ of the otherwise taxable portion |
|---|---|---|

of my Defined Contribution Plan distribution be forwarded to:

Agency and Account No.: _____

Address: _____

City, State & Zip Code: _____

as a direct rollover/direct transfer and the balance paid to me. Any taxable portion not rolled over/transferred will be subject to the required twenty (20%) percent withholding. Representatives of the above named company have assured me that the direct rollover amount will be deposited in either a 401(a) of the Internal Revenue Code Plan, including a 401(k) plan, profit sharing plan, defined benefit plan, stock bonus plan, and money purchase plan; a section 403(a) annuity plan; a section 403(b) tax-sheltered annuity or an eligible section 457(b) plan maintained by a governmental employer (governmental 457 plan).

3.  I request a direct rollover of the non-taxable portion as follows:  **CHOOSE C or D**

| C _____ All of the otherwise non-taxable | OR | D _____ A portion totaling $_____ |
|---|---|---|
| (Initial)    portion | | (Initial)    of the otherwise non-taxable portion |

of my Defined Contribution Plan distribution be forwarded to:

Agency and Account No.: _____

Address: _____

City, State & Zip Code: _____
as a direct rollover/direct transfer and the balance paid to me.   Representatives of the above named
company have assured me that the direct rollover amount will be deposited in either an IRC 403(a)
(Individual Retirement Account) or IRC 403(b) (Individual Retirement Annuity).

I acknowledge receipt of a notice provided to me pursuant to Section 402 of the Internal Revenue Code. I
acknowledge that 1099R(s) will be issued regarding the withdrawal from the defined contribution plan. I hereby
release the Retirement System and its Board of Trustees and the City-employer from any and all liability
relative to the aforesaid defined contribution plan amounts upon the forwarding of the amounts as directed by
me. I acknowledge that a 1099R will be issued to indicate the otherwise taxable portions of the defined
contribution plan amounts transferred in accordance with the foregoing direct rollover/direct transfer. I have
made appropriate arrangements with the aforenamed financial institution to accept the transferred amount as a
direct rollover, permitted by the Internal Revenue Code and applicable regulations. I hereby waive any and all
claims relative to the aforesaid defined contribution plan amounts forwarded/ transferred consistent with this
document. I acknowledge that the Retirement System, its employees and representatives do not give tax advice
and I will consult with a tax advisor of my choice.

**Signatures must be notarized if not witnessed by a Retirement Systems employee.**

| _Jacqueline Maun_   9/2/10 | x _Tijuana Morris_   _date_  APT 2 |
|---|---|
| Signature of Witness    Date | Signature of Recipient    Date |
| _Retiree Septime_ | 14878 J 14841 Joy Rd |
| Address of Witness | Address of Recipient |
| _Detroit_,  MI 48226 | _Det_. MI 48228 |
| City    State  Zip | City    State  Zip |

On this day of _____ the above named made oath that the answers are true to the best of his/her knowledge
and belief.

My Commission expires:_____

_____
Notary Public

(SEAL)    _____
County    State

_____
DO NOT WRITE IN THIS SPACE



# Annuity Refund Worksheet
## Distribution Summary

Total   (Partial)

SSN _____

Participant Name TIJUANA MORRIS

| Pretax   Contributions | Interest | Posttax   Contributions |
|---|---|---|
| | | Pre-1982 |
| Prior Year _____ | Prior Year _____ | Prior Year _____ |
| Current Year _____ | Current Year _____ | Current Year _____ |
| Total Pretax _____ | Total Interest _____ | Total Posttax _____ |

Total Taxable    12,000.00          Total Nontaxable  _____
Rollover amount   2,400.00          Nontaxable Rollover  _____
Withholding  _____                 TOTAL DISTRIBUTION  12,000.00

---

## For EDROs and Death Beneficiaries

Participant or First Beneficiary     Name _____
                                     SSN (if different from above) _____

Total Taxable _____                 Total Nontaxable _____
Rollover amount _____               Nontaxable Rollover _____
Withholding _____                   TOTAL _____

_____ Minor EDRO

- - -

Alternate Payee or Second Beneficiary   Name _____
                                        SSN _____

Total Taxable _____                 Total Nontaxable _____
Rollover amount _____               Nontaxable Rollover _____
Withholding _____                   TOTAL _____

_____ Minor EDRO

- - -

Third Beneficiary                    Name _____
                                     SSN _____

Total Taxable _____                 Total Nontaxable _____
Rollover amount _____               Nontaxable Rollover _____
Withholding _____                   TOTAL _____

_____ Minor EDRO





JUN 0 3 2010

POLICE AND FIRE RETIREMENT SYSTEM
CITY OF DETROIT

WITHDRAWAL/DISTRIBUTION FROM DEFINED CONTRIBUTION PLAN
(ANNUITY SAVINGS FUND)

DATE OF APPLICATION _6-3-10_

EMPLOYEE NAME _Tijuana Morris_        SOCIAL SECURITY # ▓▓▓▓▓▓▓

DATE OF BIRTH _3-30-55_        TELEPHONE (_313_) _208-8323_

### TO: BOARD OF TRUSTEES OF THE RETIREMENT SYSTEM

I attained or will attain eligibility for withdrawal of my Defined Contribution Plan (Annuity) amounts due to (Choose one)

_____ Service Retirement        _____ 20/25 Year Withdrawal Provisions
_____ Separation from Service        _____ Conversion from Disability
_____ Laid-off        _____ EDRO (Eligible Domestic Relations Order)
_____ Death of employee (Date_____)        _X_ Quarterly Interest Withdrawal (Retired Only)

| If Death or EDRO, please complete: |
|---|
| RECIPIENT/BENEFICIARY NAME _____ SOCIAL SECURITY # _____ |
| DATE OF BIRTH_____ TELEPHONE (_____)_____ |

Pursuant to these provisions, I hereby request a withdrawal from my Defined Contribution Plan account as follows:

_____ Total withdrawal        _TM_) Partial withdrawal of $ _12,000.00_
(Initial)                                (Initial)

If partial withdrawal, write out dollar amount _Twelve Thousand_

_____ Contributions prior to 8-14-1982 only.
(Initial)

to be distributed as follows:

If requesting more than pre-1982 contributions you must select **EITHER 1, 2 or 2 and 3**:

1. _TM_) I request that full payment be made to me. I acknowledge that twenty (20%) percent of the
   (Initial)        taxable portion will be withheld in accordance with applicable Internal Revenue Code
                    requirements and regulations.

2. I request a direct rollover of the otherwise taxable portion as follows:  **CHOOSE A or B**

| A _____ All of the otherwise taxable portion (in which case no withholding will apply to me) | OR | B _____ A portion totaling $_____ of the otherwise taxable portion |
|---|---|---|
| (Initial) | | (Initial) |

of my Defined Contribution Plan distribution be forwarded to:

Agency and Account No.: _____
Address: _____
City, State & Zip Code: _____

as a direct rollover/direct transfer and the balance paid to me. Any taxable portion not rolled over/transferred will be subject to the required twenty (20%) percent withholding. Representatives of the above named company have assured me that the direct rollover amount will be deposited in either a 401(a) of the Internal Revenue Code Plan, including a 401(k) plan, profit sharing plan, defined benefit plan, stock bonus plan, and money purchase plan; a section 403(a) annuity plan; a section 403(b) tax-sheltered annuity or an eligible section 457(b) plan maintained by a governmental employer (governmental 457 plan).

3. I request a direct rollover of the non-taxable portion as follows: **CHOOSE C or D**

| C _____ All of the otherwise non-taxable | OR | D _____ A portion totaling $_____ |
|---|---|---|
| (Initial) portion | | (Initial) of the otherwise non-taxable portion |

of my Defined Contribution Plan distribution be forwarded to:

Agency and Account No.: _____

Address: _____

City, State & Zip Code: _____

as a direct rollover/direct transfer and the balance paid to me. Representatives of the above named company have assured me that the direct rollover amount will be deposited in either an IRC 403(a) (Individual Retirement Account) or IRC 403(b) (Individual Retirement Annuity).

I acknowledge receipt of a notice provided to me pursuant to Section 402 of the Internal Revenue Code. I acknowledge that 1099R(s) will be issued regarding the withdrawal from the defined contribution plan. I hereby release the Retirement System and its Board of Trustees and the City-employer from any and all liability relative to the aforesaid defined contribution plan amounts upon the forwarding of the amounts as directed by me. I acknowledge that a 1099R will be issued to indicate the otherwise taxable portions of the defined contribution plan amounts transferred in accordance with the foregoing direct rollover/direct transfer. I have made appropriate arrangements with the aforenamed financial institution to accept the transferred amount as a direct rollover, permitted by the Internal Revenue Code and applicable regulations. I hereby waive any and all claims relative to the aforesaid defined contribution plan amounts forwarded/ transferred consistent with this document. I acknowledge that the Retirement System, its employees and representatives do not give tax advice and I will consult with a tax advisor of my choice.

**Signatures must be notarized if not witnessed by a Retirement Systems employee.**

Debra Dexter 6-3-10

_____
Signature of Witness                Date
THE RETIREMENT SYSTEMS
CITY OF DETROIT
Address of Witness WOODWARD AVE. RM 900
DETROIT MI 48226-3410

_____
City                State        Zip

Tyuana Morris 6-3-10
_____
Signature of Recipient           Date
14841 Joy Rd Apt 2A
Address of Recipient

Detroit Mi. 48228
_____
City                State        Zip

On this day of _____ the above named made oath that the answers are true to the best of his/her knowledge and belief.

My Commission expires:_____

(SEAL)

_____
Notary Public

_____
County                        State

DO NOT WRITE IN THIS SPACE



13-53846-tjt   Doc 7279-1   Filed 08/28/14   Entered 09/05/14 12:57:59   Page 24 of 30

# Annuity Refund Worksheet
## Distribution Summary

21-JAN-10

Total  ⟨Partial⟩

SSN ████████████

Participant Name  TIJUANA MORRIS

| Pretax Contributions | | Interest | | Posttax Contributions | |
|---|---|---|---|---|---|
| | | | | Pre-1982 | _____ |
| Prior Year | _____ | Prior Year | _____ | Prior Year | _____ |
| Current Year | _____ | Current Year | _____ | Current Year | _____ |
| Total Pretax | _____ | Total Interest | _____ | Total Posttax | _____ |

Total Taxable  _55,000.00_          Total Nontaxable  _____
Rollover amount  _____           Nontaxable Rollover  _____
Withholding  _11,000.00_            TOTAL DISTRIBUTION  _55,000.00_

---

## For EDROs and Death Beneficiaries

Participant or First Beneficiary       Name _____
                                       SSN (if different from above) _____

Total Taxable  _____              Total Nontaxable  _____
Rollover amount  _____            Nontaxable Rollover  _____
Withholding  _____                TOTAL  _____

_____ Minor EDRO

---

Alternate Payee or Second Beneficiary   Name _____
                                        SSN _____

Total Taxable  _____              Total Nontaxable  _____
Rollover amount  _____            Nontaxable Rollover  _____
Withholding  _____                TOTAL  _____

_____ Minor EDRO

---

Third Beneficiary                       Name _____
                                        SSN _____

Total Taxable  _____              Total Nontaxable  _____
Rollover amount  _____            Nontaxable Rollover  _____
Withholding  _____                TOTAL  _____

_____ Minor EDRO



POLICE AND FIRE RETIREMENT SYSTEM
CITY OF DETROIT

REC'D JAN 1 1 2010

WITHDRAWAL/DISTRIBUTION FROM DEFINED CONTRIBUTION PLAN
(ANNUITY SAVINGS FUND)

DATE OF APPLICATION _/-//- 2010_

EMPLOYEE NAME _TIWANA MORRIS_          SOCIAL SECURITY # ▓▓▓▓▓▓▓

DATE OF BIRTH _03-30-55_          TELEPHONE _313_ )_208-8323_

### TO: BOARD OF TRUSTEES OF THE RETIREMENT SYSTEM

I attained or will attain eligibility for withdrawal of my Defined Contribution Plan (Annuity) amounts due to (Choose one)

| | | | |
|---|---|---|---|
| _____ | Service Retirement | _____ | 20/25 Year Withdrawal Provisions |
| _____ | Separation from Service | _____ | Conversion from Disability |
| _____ | Laid-off | _____ | EDRO (Eligible Domestic Relations Order) |
| _____ | Death of employee (Date_____) | X | Quarterly Interest Withdrawal (Retired Only) |

If Death or EDRO, please complete:

RECIPIENT/BENEFICIARY NAME _____ SOCIAL SECURITY # _____

DATE OF BIRTH_____ TELEPHONE (_____) _____

Pursuant to these provisions, I hereby request a withdrawal from my Defined Contribution Plan account as follows:

_____ Total withdrawal          _TM_ Partial withdrawal of $ _55,000.00_
(Initial)                                    (Initial)

If partial withdrawal, write out dollar amount _FIFTY FIVE THOUSAND_

_____ Contributions prior to 8-14-1982 only.
(Initial)

to be distributed as follows:

If requesting more than pre-1982 contributions you must select **EITHER 1, 2 or 2 and 3**:

1. _TM_ I request that full payment be made to me. I acknowledge that twenty (20%) percent of the
(Initial)   taxable portion will be withheld in accordance with applicable Internal Revenue Code requirements and regulations.

2. I request a direct rollover of the otherwise taxable portion as follows:   **CHOOSE A or B**

| A | _____ | All of the otherwise taxable portion (in | OR | B | _____ | A portion totaling $_____ |
|---|---|---|---|---|---|---|
| | (Initial) | which case no withholding will apply to me) | | | (Initial) | of the otherwise taxable portion |

of my Defined Contribution Plan distribution be forwarded to:

Agency and Account No.: _____

Address: _____

City, State & Zip Code: _____

as a direct rollover/direct transfer and the balance paid to me. Any taxable portion not rolled over/transferred will be subject to the required twenty (20%) percent withholding. Representatives of the above named company have assured me that the direct rollover amount will be deposited in either a 401(a) of the Internal Revenue Code Plan, including a 401(k) plan, profit sharing plan, defined benefit plan, stock bonus plan, and money purchase plan; a section 403(a) annuity plan; a section 403(b) tax-sheltered annuity or an eligible section 457(b) plan maintained by a governmental employer (governmental 457 plan).

3. I request a direct rollover of the non-taxable portion as follows: **CHOOSE C or D**

| C | | D | |
|---|---|---|---|
| ___(Initial)___ All of the otherwise non-taxable portion | **OR** | – ___(Initial)___ A portion totaling $_____ of the otherwise non-taxable portion | |

of my Defined Contribution Plan distribution be forwarded to:

Agency and Account No.: _____

Address: _____

City, State & Zip Code: _____

as a direct rollover/direct transfer and the balance paid to me. Representatives of the above named company have assured me that the direct rollover amount will be deposited in either an IRC 403(a) (Individual Retirement Account) or IRC 403(b) (Individual Retirement Annuity).

I acknowledge receipt of a notice provided to me pursuant to Section 402 of the Internal Revenue Code. I acknowledge that 1099R(s) will be issued regarding the withdrawal from the defined contribution plan. I hereby release the Retirement System and its Board of Trustees and the City-employer from any and all liability relative to the aforesaid defined contribution plan amounts upon the forwarding of the amounts as directed by me. I acknowledge that a 1099R will be issued to indicate the otherwise taxable portions of the defined contribution plan amounts transferred in accordance with the foregoing direct rollover/direct transfer. I have made appropriate arrangements with the aforenamed financial institution to accept the transferred amount as a direct rollover, permitted by the Internal Revenue Code and applicable regulations. I hereby waive any and all claims relative to the aforesaid defined contribution plan amounts forwarded/ transferred consistent with this document. I acknowledge that the Retirement System, its employees and representatives do not give tax advice and I will consult with a tax advisor of my choice.

**Signatures must be notarized if not witnessed by a Retirement Systems employee.**

| Signature of Witness | Date | Signature of Recipient | Date |
|---|---|---|---|
| | 1-18-10 | Tijuana Morris | 1-11-2010 |
| Address of Witness | | 14841 Joy Rd. APT 2 | |
| | | Address of Recipient | |
| City | State Zip | Detroit | Mi 48228 |
| | Mi 48226 | City | State Zip |

On this day of _____ the above named made oath that the answers are true to the best of his/her knowledge and belief.

My Commission expires: _____

(SEAL)        _____
                      Notary Public

_____
County                        State

DO NOT WRITE IN THIS SPACE

EXHIBIT


**10)** Jonathan Oosting | joosting@mlive.com
Follow on Twitter

# How Michigan's revenue sharing 'raid' cost communities billions for local services



The Detroit skyline. *(Jonathan Oosting | MLive.com)*

Print

By Jonathan Oosting | joosting@mlive.com
Follow on Twitter
on March 30, 2014 at 7:04 AM, updated April 13, 2014 at 1:13 AM
0
Reddit
Email



## REVENUE SHARING DIVERSION

Revenue sharing dollars diverted by the state from select Michigan cities since 2003.

| City | Amount |
|---|---|
| Detroit | -$732 million |
| Grand Rapids | -$72.9 million |
| Lansing | -$55.8 million |
| Flint | -$54.9 million |
| Ann Arbor | -$36 million |
| Kalamazoo | -$33.5 million |
| Saginaw | -$30.3 million |
| East Lansing | -$20 million |
| Jackson | -$16.9 million |
| Bay City | -$16.6 million |
| Muskegon | -$14.7 million |
| Midland | -$10.9 million |
| Holland | -$9.7 million |
| Howell | -$3.7 million |
| East Grand Rapids | -$3 million |

Sources: Michigan Municipal League;
Michigan Department of Treasury

(Edward Rojas/MLive.com)

LANSING, MI -- Michigan is home to a number of struggling cities, making it easy to point the finger at local officials, declining property tax revenues or other economic factors that have effected the nation as a whole.

But many local leaders will also point to Lansing.

Over the past decade, lawmakers and governors from both political parties have used some $6.2 billion in sales tax collections to fill state budget holes rather than fulfill a statutory revenue sharing promise to local communities, according to the Michigan Municipal League, which released a city-by-city analysis earlier this month.

The figures, which are based on data from the Michigan Department of Treasury and adjusted for inflation, are staggering. In many instances, the losses have resulted in steep cuts to government staffing and public services that residents rely on.

Detroit, which filed for bankruptcy protection last year, missed out on $732 million between 2003 and 2013, per the report. Flint, under control of an emergency manager, could have had an extra $54.9 million to work with. Cities like Pontiac and Lansing have lost more than $40 million each.

The Municipal League says the annual budget "raid" has diverted money that should have been used to maintain city services. It argues that the Legislature has helped caused some of the very financial emergencies that have prompted state takeovers or other forms of intervention.