UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT
SOUTHERN DIVISION

Lula Millender/Cecily McClellan
Creditor/objector

Chapter 9
Case #13-53846
Judge Steven W. Rhodes

V.

In re: City of Detroit, Michigan and
Emergency Manager Kevin Orr
    Debtor/City of Detroit



## Motion to Object to the 5th Amended Plan of Adjustment Confirmation

**I. Subject Matter:** Now comes, the Creditor/objector Lula Millender/Cecily McClellan, Doc. 5910, objecting to the lack of clarity of the type of health coverage that will be made available to retirees. Under the plan of adjustment the City is setting up Voluntary Employees' Benefit Association (VEBA) plan for medical coverage for retirees; how it is unknown **how much coverage will be made available; it is unknown the type of coverage that will be made available**. It is also **unknown how long the money** in the Detroit General VEBA trust **will last** because that will depend upon the benefits to be provided.

There are two particularly problematic aspects. For one, control over the two city pension funds (serving more than 30,000 retirees) would be largely handed over to unelected "investment committees" with the power to override decisions made by the elected retirement boards and to reappoint themselves in perpetuity. This creates a "foxes guarding the henhouse" situation for the city's pension funds, as the investment committees will have zero accountability to either the retirees or the citizens of Detroit. The other red flag is that the proposal eliminates any mandate that the city pay the health care costs of retirees, otherwise known as Other Post Employment Benefits (OPEBS). These too have been promised to public employees for generations. Currently, OPEBs are dispensed on a pay-as-you-go basis to retirees. Under the proposal, the city would issue $4 billion in bonds and then deposit the funds into OPEB trusts, which would in turn be invested in a single bank selected by a board of retirees and appointees of Detroit Mayor Mike Duggan. Neither the bank nor the board would have any legal obligation to pay out the $4billion to retirees, much less the actual costs of retiree health care, which will likely be much higher. (Funds for retiree health care would be disbursed from the trust held by the bank. While the proposal states that the bank is to be "compensated" for investing the assets, as of May 12 the details of how such compensation would be structured were not included in the final documents. This exhibits a distressing lack of transparency. Wherefore, it is unfair, unjust and not equitable and does not meet USC 1129 a (3), therefore the Plan of Adjustment should not be confirmed.

**II. The proposed evidence** is not duplicative of other evidence and no one in Class 11has made this argument exclusively.

**III. Witnesses:**
Emma Holden

Belinda A. Meyer-Florence

I reserve the right to amend the witness list as may be necessary.

**IV. Time** 15-30 minutes

**V. List of Exhibits:**
**A.** The 5th Amendment Plan of Adjustment, pages 38-39, 53, Article II, Article IX
**B.** Comparison Chart of Past and Present Cost of Health Benefits for retirees under 65
**C.** Comparison Chart of Past and Present Co-pays for Retirees 65 and older

Respectfully Submitted

*Lula Millender/Cecily McClellan*
Lula Millender/Cecily McClellan
Retiree/Creditor
3763 Buena Vista
Detroit, 48238
313-491-4819

Cecily McClellan
Retiree/Creditor
111 Calvert
Detroit, MI 48202
313-820-6939

Dear Judge Rhodes:

Please accept this letter as a request to review a previous motion submitted by Lula Millender/Cecily McClellan regarding the health care benefits for city retirees under the Plan of Adjustment. My previous motion was denied because it objected to the amount of the notes to be given to the General VEBA. However, it was not my intention to object to the amount of the notes but to object to the fact that the amount of coverage is unknown.

Respectfully submitted,

*[signature: Lula Millender/Cecily McClellan]*

Lula Millender/Cecily McClellan