UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | No. 13-53846 |
| Debtor, | HON. STEVEN W. RHODES |

**STATE OF MICHIGAN, RICK SNYDER, AND KEVIN CLINTON'S RESPONSE TO AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES MICHIGAN COUNCIL 25'S MOTION TO MODIFY THE AUTOMATIC STAY [DKT. #7093]**

The State of Michigan, Rick Snyder, and Kevin Clinton[1] (collectively, the "State Entities"), through their undersigned attorneys, requests that the Court (i) hold that its July 25, 2013 Stay Extension Order (Dkt. #166) applies to the *Flint* case, and (ii) deny the *Flint* plaintiffs' motion to modify the automatic stay.

**INTRODUCTION**

The *Flint* case makes facial challenges to the constitutionality of P.A. 436 brought under the United States Constitution. Accordingly, on March 27, 2014, the United States District Court for the Eastern

---

[1] The *Flint* Complaint names Andrew Dillon, in his capacity as Treasurer, as a defendant. Mr. Dillon resigned on October 11, 2013. His replacement, Kevin Clinton, assumed office on November 1, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Clinton was automatically substituted as a party in Mr. Dillon's place.

District of Michigan entered *Order Recognizing Application of Automatic Stay, Denying Defendants' Motion to Dismiss Without Prejudice, and Administrative Closing the Case. AFSCME, et al. v. Snyder, et al.*, E.D. Mich. No. 13-12191, R. 25 (Dkt. #7093-2). In this order, the district court stated: "Although it does not appear that any interests of the City of Detroit bankruptcy proceedings are implicated in the case, the plain language of the [Stay Extension Order] would apply to this lawsuit. Further, and importantly, Plaintiffs' complaint includes a facial challenge to the constitutionality of the state laws under which Emergency Managers are appointed and operate. (Compl. ¶¶ 102-09, Prayer for Relief (3) and (6).)." *Id.* at Pg ID #300 (Dkt. #7093-2).

Even though the Complaint does not contain explicit references to the City of Detroit and EM Orr, a ruling in the *Flint* case that P.A. 436 is unconstitutional could potentially threaten the continuation of the City of Detroit's chapter 9 case because such a ruling could render that statute void *ab initio*, and at a minimum, compromise the authority of all EMs appointed and acting pursuant thereto. This could call into question whether EM Orr has the authority to continue to prosecute this chapter 9 case.

2
13-53846-tjt    Doc 7401    Filed 09/10/14    Entered 09/10/14 14:33:53    Page 2 of 8

Further, contrary to the *Flint* plaintiffs' assertions, the Court's reasoning relating to the *Phillips* case distinguishes it from the case at bar. The Complaint seeks injunctive relief enjoining defendants, including the State Entities, from implementing or enforcing the provisions of P.A. 436. *Complaint*, Prayer for Relief (6), Dkt. #7093-1 at 15. If P.A. 436 is held to be unconstitutional and the broad injunctive relief the *Flint* plaintiffs seek is granted, *all* emergency managers, including EM Orr, could be restrained from exercising authority granted under P.A. 436.

## ARGUMENT

### A. The Stay Extension Order applies to the *Flint* case.

The Stay Extension Order (Dkt. #1536) granted the City of Detroit's motion in which it requested that the automatic stay be extended to cases "that have the direct or practical effect of denying the City the protections of the automatic stay imposed by sections 362 and 922 of the Bankruptcy Code." *Motion to Extend Stay*, Dkt. #56 at 15. By issuing the Stay Extension Order, the Court made clear that lawsuits challenging P.A. 436 must be stayed during the pendency of the City of Detroit's chapter 9 case to the extent they threaten to

diminish the authority of EM Orr to proceed on behalf of the City. The *Flint* case has the "practical effect" of denying the City of Detroit the ability to continue its chapter 9 case and poses the very threat that sections 362 and 922 of the Bankruptcy Code and the Stay Extension Order seek to eliminate.

The *Flint* plaintiffs' Complaint alleges that P.A. 436 *facially* violates the Due Process Clause of the United States Constitution (U.S. Const. amend XIV) because "[t]he policy judgment of the Legislature in enacting the Act is palpably arbitrary and irrational, and is supported by no facts that were known or could reasonably be assumed by the Legislature" and "[t]he Act is impermissibly vague in that it creates and delegates broad powers to the Governor, State Treasurer, and emergency manager without providing discernible standards for the triggering or exercise of such powers in violation of the *United States Constitution*." *Complaint*, Dkt. #7093-1 at ¶¶ 106, 108. If the *Flint* plaintiffs are successful in their facial constitutional challenges, P.A. 436 could be rendered void *ab initio* raising serious questions whether EM Orr has authority to continue to act on behalf of the City in its chapter 9 case. See *Green v. Mansour*, 474 U.S. 64, 68 (1985) citing *Ex*

*parte Young*, 209 U.S. 123 (1908) (A statute that is void *ab initio* is void as of its enactment.). *Norton v. Shelby County*, 118 U.S. 425, 442 (1886) ("An unconstitutional act is not a law; it confers no rights; it imposes no duties; it affords no protection; it creates no office; it is, in legal contemplation, as inoperative as though it had never been passed."); See also *Stanton v. Lloyd Hammond Produce Farms*, 400 Mich. 135, 144, 253 N.W.2d 114, 117 (1977).

The *Flint* plaintiffs contend that they "merely seek to relieve the union members and other individuals from the unilateral and unjustified decisions of the Flint Emergency Manager." *Motion to Modify Stay*, Dkt. 7093 at 9. This contention implies that the *Flint* Complaint asserts only constitutional challenges to P.A. 436 *as applied* to the City of Flint, but fails to recognize the *facial* constitutional challenges contained in the Complaint. Indeed, the Complaint alleges that the Legislature's *enactment* of P.A. 436 was unconstitutional and that P.A. 436 is *itself* unconstitutionally vague (*Complaint*, Dkt. 7093-1 at ¶¶ 106, 108) not just that the Flint Emergency Manager's actions violate the plaintiffs' constitutional rights.

If the *Flint* plaintiffs are successful and P.A. 436 is declared facially unconstitutional, P.A. 436 will be void *in all applications*, including as applied to the City of Detroit and EM Orr. See *Village of Mainville, Oh. v. Hamilton Twp. Bd. of Trustees*, 726 F.3d 762, 766 (6th Cir. 2013) ("An unconstitutional application of a statute and passage of a statute that is unconstitutional in all its applications may each be equally void from the outset."). Thus, plaintiffs' success in the *Flint* case could raise serious questions whether EM Orr may continue to exercise authority under P.A. 436 and could adversely impact the City of Detroit's chapter 9 case.

### B.  The *Phillips* case is distinguishable from the *Flint* case.

The *Flint* plaintiffs state that "[a]s with *Phillips*, Plaintiffs' suit challenges P.A. 436 and its application in a jurisdiction outside of Detroit – specifically, Flint" (*Motion to Modify Stay*, Dkt. #7093 at 12) and urge the Court to hold that the Stay Extension Order is not applicable for the same reasons that it held that the Stay Extension Order did not apply to the *Phillips* case. But, with regard to the *Phillips* case, the Court was persuaded by the *Phillips* plaintiffs'

6

13-53846-tjt    Doc 7401    Filed 09/10/14    Entered 09/10/14 14:33:53    Page 6 of 8

representations that they would "withdraw from their suit any request for relief as to the Detroit emergency manager." *Opinion and Order*, Dkt. #1536 at 8. The *Phillips* plaintiffs did, in fact, amend their complaint to delete references to EM Orr and the City of Detroit, and to eliminate their request for injunctive relief restraining the State from granting authority to emergency managers under P.A. 436. *Phillips, et al. v. Snyder, et al.*, E.D. Mich. No. 2:13-cv-11370, R. 1, Complaint, Pg ID #49 (see also, Dkt. #1888-7 at 43) compare to *Phillips*, E.D. Mich. No. 13-cv-11370, R. 39, First Amended Complaint, Pg ID #551 (see also, Dkt. #1004-7 at 50).

This Court held that the Stay Extension Order did not apply to the *Phillips* case because by amending their complaint, the *Phillips* plaintiffs no longer sought to restrain the State from granting authority to EM Orr. In contrast, the *Flint* plaintiffs seek injunctive relief enjoining defendants, including the State Entities, from implementing or enforcing provisions of P.A. 436 that are declared unconstitutional. *Complaint*, Prayer for Relief #6, Dkt. #7093-1 at 15. The injunctive relief that the *Flint* plaintiffs seek could restrain the State Entities from granting authority under P.A. 436 to *any* emergency manager

appointed in Michigan – which would include EM Orr. Thus, the *Flint* plaintiffs' assertion that "Plaintiffs' suit has no connection to the City of Detroit, other than the fact that both Flint and Detroit are governed by emergency managers" (*Motion to Modify Stay*, Dkt. #7093 at 12) is incorrect.

## CONCLUSION

The State Entities, therefore, request the Court hold that the Stay Extension Order applies to the *Flint* case and deny the *Flint* plaintiffs relief from the Stay Extension Order.

Respectfully submitted,

*/s/ Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Steven G. Howell
Special Assistant Attorney General
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425

Dated: September 10, 2014    Attorneys for the State of Michigan