UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
:
---------------------------------------------------x

## ORDER RESOLVING MOTION FOR CLASS CERTIFICATION OF HYDE PARK CO-OPERATIVE, *ET AL*.

This matter coming before the Court on: (a) the Motion for Class Certification of Proof of Claims ##2638, 2651, 2654, 2659, 2676, 2683, 2689 and 2692 (Docket No. 5354) (the "Class Certification Motion") filed by Hyde Park Co-Operative, Plymouth Square Ltd. Housing Association, Cambridge Tower Assoc., Ltd. Div. H.A., Millender Center Associates L.P., Village Center Assoc. Dvd. H.A., Fenimore Limited Div. Housing Assoc. and Bowin Place Associates Ltd. Div. H.A. (collectively, the "Claimants"); (b) the City's Objection and Brief in Opposition to the Class Certification Motion ("Objection") (Docket No. 5787); and (c) the Claimants' Reply to the Objection ("Reply") (Docket No. 6060); the Court having reviewed and conducted a hearing on the Class Certification Motion, the Objection and the Reply (the "Hearing"); and the Court having determined that the

legal and factual bases set forth at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Class Certification Motion, the Objection and the Reply are RESOLVED, as set forth herein.

2. The automatic stay is lifted to allow the Claimants to continue prosecution of the lawsuit captioned as <u>Hyde Park Co-Operative, et al. v. City of Detroit, by and through its Building, Safety and Engineering Department</u>, Case No. 10-005687 (the "<u>Lawsuit</u>") in Wayne County Circuit Court.

3. If a final, non-appealable order is entered in the Lawsuit certifying the Claimants' class, and a final, non-appealable judgment is entered in the Lawsuit in favor of the class, Proof of Claim Number 2651 filed by Hyde Park Co-Operative will be allowed as an unsecured claim for the amount set forth in such judgment ("<u>Judgment</u>"). If the Claimants believe some portion of the Judgment should be treated as a claim with priority other than that of an unsecured claim, within 30 days after entry of the Judgment, the Claimants must file a motion with the Bankruptcy Court requesting such relief. Should Claimants file such a motion, the City will have the right to file an objection to it, and the Bankruptcy Court will retain jurisdiction to hear and decide it.

4.      Nothing in this Order shall supersede the order entered by this Court on July 14, 2014, at docket number 6005.

.

**Signed on September 11, 2014**

                                                                                                                     /s/ Steven Rhodes
                                                     **Steven Rhodes**
                                                     **United States Bankruptcy Judge**