| | |
|---|---|
| In re: | ) Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN | ) Chapter 9 |
| Debtor | ) Hon. Steven W. Rhodes |

**WITHDRAWAL OF OBJECTIONS TO THE PLAN OF ADJUSTMENT OF THE CITY OF DETROIT FILED BY MACOMB COUNTY, BY AND THROUGH ITS PUBLIC WORKS COMMISSIONER AND MAINTENANCE OF OBJECTIONS FILED BY MACOMB INTERCEPTOR DRAIN DRAINAGE DISTRICT AND BRIEF ON PUBLIC WORKS COMMISSIONER'S AUTHORITY TO PROSECUTE OBJECTIONS**

County of Macomb, Michigan, a Michigan Constitutional corporation ("Macomb County"), by and through its County Agency, Anthony V. Marrocco, the Macomb County Public Works Commissioner ("Commissioner"), hereby (i) withdraws its objections to the *Sixth Amended Plan for the Adjustment of Debts of the City of Detroit* (collectively with all prior and subsequent versions of the City of Detroit's plan of adjustment, the "Plan"), and the Macomb Interceptor Drain Drainage District ("MIDDD") (ii) expressly maintains and continues all of its objections to the Plan, including its objections to the treatment of Class 14 and MIDDD's general unsecured claim (the "MIDDD Claim") against the City of Detroit (the "City" or the "Debtor"), on all grounds previously asserted, including, but not limited to, that the Plan unfairly discriminates against claims against Class 14, is not in the best interests of creditors, is not fair and equitable, and is not proposed in good faith, and (iii) files this brief regarding the authority of the Commissioner to file and prosecute the Macomb County Objections pursuant to the *Order Regarding Objections to the City's Plan of Adjustment Filed by Macomb County* [Docket No. 7385] entered by the Court on September 10, 2014.

**I. Macomb County Withdraws Its Objections to the Plan.**

Both Macomb County and MIDDD filed certain objections to the Plan.  See *Objection of County of Macomb, Michigan, by and Through its County Agency, the Macomb County Public Works Commissioner, and the Macomb Interceptor Drain Drainage District to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit and the Assumption of Sewer Contracts*, dated May 12, 2014 [Docket No. 4636] ("5/12/14 Objection"); *Supplemental Objection of County of Macomb, Michigan, by and through its County Agency, The Macomb County Public Works Commissioner, and The Macomb Interceptor Drain Drainage District to Corrected Fifth Amended Plan for The Adjustment of Debts of The City of Detroit, dated August 12, 2014* [Docket No. 6666]  ("8/12/14 Supplemental Objection"); *Supplemental Objection of County of Macomb, Michigan, by and through its County Agency, The Macomb County Public Works Commissioner, and The Macomb Interceptor Drain Drainage District to Sixth Amended Plan for The Adjustment of Debts of The City of Detroit*, dated August 25, 2014 [Docket No. 7039] ("8/25/14 Supplemental Objection," and collectively with the 5/12/14 Objection and the 8/12/14 Supplemental Objection, the "Objections").  In addition, Macomb County and MIDDD jointly filed a pre-trial brief in support of the Objections [Docket No. 7115] (the "Pre-Trial Brief").

Macomb County's objections to the Plan include that: (i) the proposed pension contributions from the Detroit Water and Sewage Department (the "DWSD") under the Plan are based on faulty assumptions, resulting in an overpayment of the DWSD's fair share of its allocable UAAL; (ii) the pension overpayment, as well as the Plan's proposed use of proceeds of a Qualifying DWSD Transaction (as defined in the Plan), result in the payment of non-DWSD expenses from DWSD revenues and assets that (a) violates Michigan statutes, the Detroit city charter, and DWSD governance provisions, (b) would result in a breach of wholesale contracts,

and (c) is not a sound exercise of business judgment; and (iii) the Plan is not feasible because it does not provide for necessary capital improvements to DWSD systems (collectively, the "Macomb County Objections").

MIDDD's objections to the Plan are separate and distinct from the Macomb County Objections, and include that the Plan: (i) unfairly discriminates against Class 14 General Unsecured Creditors, the class in which the MIDDD Claim is classified, (ii) does not propose to pay to creditors all that the City is reasonably able to pay, and thus is not in the best interests of creditors and is not fair and equitable, (iii) was not proposed in good faith, and (iv) contains an exculpation clause that impermissibly releases certain third party claims (collectively, the "MIDDD Objections").

The Commissioner, as county agency for water and sewer matters pursuant to a delegation of authority from Macomb County Board of Commissioners, has authority to file objections on behalf of Macomb County. See infra § II. The Commissioner's authority as an elected official—including his authority to prosecute and defend claims on behalf of Macomb County—is firmly rooted in various provisions of Michigan statutes, resolutions of the Macomb County Board of Commissioners, and the Macomb County Charter. See id.

The Commissioner does not believe that the terms of the memorandum of understanding recently submitted to the Court regarding the potential creation of a regional water and sewer authority [Docket No. 7387] (the "MOU") alleviate all of the concerns raised in the Macomb County Objections. Although the MOU purports to require the Counties executing it to withdraw any objection to the Plan immediately, the MOU contains numerous contingencies that may not be satisfied and thus the creation of a regional authority may never come to fruition.

Accordingly, the MOU does not assure the Commissioner that the concerns raised in the Objections will be resolved.

The MOU was signed by the Macomb County Executive, and has not been approved by the Macomb County Board of Commissioners. The County Executive, however does not have the unilateral authority to bind Macomb County to the MOU. See infra § II. That authority is reserved to the Macomb County Board of Commissioners with the concurrence of the Commissioner. Further, although the MOU purports to require withdrawal of the Macomb County Objections, the County Executive had no authority to require their withdrawal. See id. The Commissioner has the authority to bring the Macomb County Objections on behalf of Macomb County, and thus has the authority to maintain and continue them.

The Commissioner, however, recognizes that the County Executive believes the withdrawal of the Macomb County Objections to be in the best interests of the citizens of Macomb County. Accordingly, and to avoid an unseemly dispute in this Court with the County Executive over intra-governmental authority, the Commissioner hereby withdraws the Macomb County Objections. The Commissioner understands, moreover, that notwithstanding the withdrawal of the Macomb County Objections, under the Bankruptcy Code, the Court must determine whether the Plan satisfies all applicable legal requirements, and thus that the Court will assess the evidence regarding, among other things, the assumptions underlying the proposed pension payments from the DWSD, and if it finds that those proposed pension payments result in an unlawful overpayment that will not be refunded to the DWSD, or that the use of proceeds of any DWSD asset sales, violate applicable state or local laws, it will not confirm the Plan.

MIDDD hereby expressly reserves, preserves, maintains, and continues all of its objections and all rights, remedies, and arguments related thereto, and nothing herein is or should be construed as a waiver or withdrawal of the MIDDD Objections.[1]

## II. The Commissioner Is Authorized By Law to File and Prosecute the Macomb County Objections.

The County Public Improvement Act of 1939, M.C.L. §§ 46.171, *et seq.*, (the "1939 Act") authorizes, among other things, the establishment of "systems of water, sewer, or sewage disposal units improvements…within or between cities…or…within or without the county." The 1939 Act further authorizes county boards of commissioners seeking to establish water or sewage systems to designate a "county agency," such as the drain commissioner, or the board of public works, that is tasked with "*supervision and control of the management and operation of all improvements, facilities, and services*." Id. § 46.173 (emphasis added). In performing its duties, the county agency designated by a board of commissioners is empowered to "*engage consultants, assistants, attorneys, and employees*." Id. (emphasis added). By Resolution 850, dated February 14, 1966, Macomb's Board of Commissioners authorized the Drain Commissioner to serve as the county agency for Macomb County for water and sewage matters, in accordance with the 1939 Act. The Commissioner is the successor to the Drain Commissioner in Macomb County, and Resolution 850 and the 1939 Act remain effective pursuant to sections 11.1 and 11.2 of the Macomb County Charter. See Macomb County Charter § 11.1 ("Ordinances, resolutions, rules, and regulations in force when this Charter takes effect shall remain effective unless changed by this Charter or an ordinance or resolution adopted under this Charter."); § 11.2 ("The general statutes and local acts of this State regarding counties and

---

[1] To the extent that the sections of the Objections or the Pre-Trial Brief that principally relate to the Macomb County Objections also contain factual recitations or arguments that are relevant to the MIDDD Objections, those factual recitations and arguments are not withdrawn and are expressly preserved.

Countywide Elected Officials and Commissioners shall continue in effect except to the extent that this Charter provides otherwise.").

The Macomb County Charter establishes and protects the Commissioner's independence from the County Executive of Macomb County, who is the head of the executive branch of Macomb County government. Section 3.5(a) of the Macomb County Charter specifically limits the County Executive's power over County departments such as public works. It establishes that the County Executive has the authority, duty, and responsibility to "[s]upervise, coordinate, direct, and control all County departments *except for departments headed by Countywide Elected Officials other than the Executive*…." (Emphasis added.) Because the Department of Public Works is headed by a countywide elected official—the Commissioner—its independence from the County Executive is preserved by the Charter. Thus, any attempt by the County Executive to directly or indirectly control Macomb County's Department of Public Works, or the water and sewage matters within its ambit, through his signing of the MOU or withdrawal of objections to the Plan, is in derogation of the Macomb County Charter.

M.C.L. § 600.2051(4) further authorizes the Commissioner to prosecute and defend claims for Macomb County by explicitly providing for actions by and against public officials and government units including any "public, municipal, quasi-municipal or governmental corporation, unincorporated board, public body or political subdivision" in the official's own name or in his/her official capacity. M.C.L. § 600.2051(4) thus empowers the Commissioner to participate and interpose objections in this action. The Commissioner's authority to litigate on Macomb County's behalf is also "necessarily implied [as] essential to the exercise of authority expressly granted" by the 1939 Act and the Macomb Board of Commissioners' Resolution 850. See Taylor v. Currie, 277 Mich. App. 85, 94 (2007). The Commissioner has similarly acted on

behalf of Macomb County in other litigation.  See United States v. Detroit, No. 77-71100 (E.D. Mich.) (in which the Commissioner entered into settlements and consent judgments related to Detroit's provision of wastewater services to Macomb County).  In participating and interposing objections in this action, the Commissioner has acted within the authority delegated to him as the agent of Macomb County for water and sewage matters.

Thus, although M.C.L. § 123.732 provides that "[t]he department of public works shall be under the general control of the county board of commissioners," the Macomb Board of Commissioners has properly delegated power with respect to water and sewage matters to the Commissioner.  Further, although section 6.6.2 of the Macomb County Charter provides that county departments "are part of County government and do not exist as separate or independent entities except as provided by law," the Commissioner has never suggested that he is participating in this action independently from the government of Macomb County, and in fact has acted in accordance with his specific function as an elected official within that government.

**III.    The County Executive Is Not Authorized to Bind Macomb County to the MOU or Withdraw the Macomb County Objections.**

The County Executive's power to bind Macomb County to the MOU is limited by the express terms of the Macomb County Charter.  Section 3.10 of the Macomb County Charter specifically requires the County Executive to obtain "the approval of the [Board of Commissioners] and concurrence of each Countywide Elected Official whose department will be required to allocate or transfer resources" before entering into intergovernmental contracts or to establish an intergovernmental district to perform a public function.  The MOU at issue is an intergovernmental contract in furtherance of the creation of an intergovernmental district that affects Macomb County's Department of Public Works, and which will undoubtedly require the allocation or transfer of Public Works resources.  Thus, the County Executive was required to

obtain the Board of Commissioners' approval and the Commissioner's concurrence pursuant to Macomb County Charter § 3.10.  By failing to gain the approval of the Board of Commissioners and concurrence of the Commissioner, respectively, the County Executive's attempt to bind, Macomb County, the Commissioner, or Macomb County and the Commissioner to the MOU is invalid.  Accordingly, the Commissioner is under no obligation to withdraw Macomb County's Objections.

Dated:  September 12, 2014    Respectfully submitted,

               DECHERT LLP

               By:___/s/ Allan S. Brilliant_____
               Allan S. Brilliant
               Debra D. O'Gorman
               Stephen M. Wolpert
               1095 Avenue of the Americas
               New York, NY 10016
               Telephone: (212) 698-3500
               Facsimile: (212) 698-3599
               allan.brilliant@dechert.com
               stephen.wolpert@dechert.com

*Attorneys for County of Macomb, Michigan by and through its County Agency, Anthony V. Marrocco, the Macomb County Public Works Commissioner, and the Macomb Interceptor Drain Drainage District*