UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | No. 13-53846 |
| Debtor, | HON. STEVEN W. RHODES |

**STATE OF MICHIGAN'S CONCURRENCE IN THE CITY OF DETROIT'S BRIEF REGARDING THE AUTHORITY OF THE MACOMB COUNTY PUBLIC WORKS COMMISSIONER TO OBJECT TO CITY'S PLAN ON BEHALF OF MACOMB COUNTY**

The State of Michigan concurs in the City of Detroit's Brief Regarding the Authority of the Macomb County Public Works Commissioner to File Objections on Behalf of Macomb County, Dkt. No. 7455, and joins in the City of Detroit's request.

Mich. Comp. Laws § 45.514(1)(a) explicitly states that in counties having a population of fewer than 1.5 million, the county charter sets forth the authority of the county executive. Mich. Comp. Laws § 45.514(1)(a). Macomb County has a population of fewer than 1.5 million. Therefore, the provisions of the Macomb County Charter

determine the county executive's authority. *Hackel v. Macomb County Commission*, 298 Mich. App. 311, 317-18 (2012). Moreover, because "Political subdivisions exist solely at the whim and behest of their State," *Hess v. Port Auth. Trans-Hudson Corp.,* 513 U.S. 30, 47 (1994), the Court must look to state law and the provisions of the Macomb County Charter to determine which official has the authority to speak for the county. *Hackel v. Macomb County Comm'n*, 298 Mich. App. 311, 318 (2012).

The objective in interpreting statutory language is to identify and give effect to its intent. The intent is identified by the plain meaning of the statute. When a statute is clear and not ambiguous, we must presume that the legislative body meant what it said, and the statute must be enforced as written. *People v. Hardy*, 494 Mich. 430, 439 (2013); see also *People v. Gardner*, 482 Mich. 41, 50 (2008). Here, the Macomb County Charter outlines the authority of the County Executive as required by state law. Mich. Comp. Laws § 45.514(1)(a). "[T]he executive power of the County is vested in the Executive, who is the head of the executive branch of County government." Macomb County Charter § 3.1. Moreover, the Corporation Counsel represents

the county in legal proceedings, and that entity represents County Executive Mark Hackel in this matter. Macomb County Charter § 7.5.1. Finally, the Macomb County Charter unambiguously grants the authority to engage in intergovernmental relations to the Macomb County Executive. See County Charter at 3.5(g). Intergovernmental contracts, including the MOU filed with the Court and containing a dismissal of the County's claims, are the sole prerogative of the Executive with approval of the Commission. Macomb County Charter § 3.10.

The county executive has chosen to engage in intergovernmental relations with Wayne County and Oakland County by executing a framework for creating a water and sewer authority. Just as the act of executing such a framework in this chapter 9 case is an act of intergovernmental relations, so too is the act of objecting to the Plan. And so it follows that the authority to object to the Plan rests solely with the County Executive. Accordingly, the Macomb County Public Works Commissioner lacks authority to file objections on behalf of the County in these proceedings.

Respectfully submitted,

                                              */s/ Matthew Schneider*  
                                              Matthew Schneider  
                                              Chief Legal Counsel  
                                              P.O. Box 30754  
                                              Lansing, Michigan  48909  
                                              (517) 373-3203  
                                              SchneiderM7@michigan.gov  
                                              [P62190]

                                              Attorney for the State of Michigan  
Dated: September 12, 2014