IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
:
---------------------------------------------------------------x

# JOINDER TO MOTION OF CREDITORS FOR ADJOURNMENT OF CONFIRMATION HEARING AND RELIEF FROM SCHEDULING ORDER AND LIMITED STATEMENT RESPECTING SETTLEMENT TERMS

Wilmington Trust, National Association, not individually, but solely in its capacity as successor contract administrator[1] (the "Contract Administrator"), hereby submits this joinder (this "Joinder") to the *Motion of Creditors for Adjournment of Confirmation Hearing and Relief from Scheduling Order* (Docket No. 7474) (the "Adjournment Motion"), filed on September 14, 2014, and limited statement respecting the proposed settlement terms (the "Settlement Terms")

---

[1] Wilmington Trust, National Association, also serves as successor to U.S. Bank National Association ("U.S. Bank"), as: (a) Trustee ("Trustee") under that certain Trust Agreement, dated June 2, 2005, by and among the Detroit General Retirement System Service Corporation (the "GRS Corporation"), the Detroit Police and Fire Retirement System Service Corporation (the "PFRS Corporation"), and U.S. Bank, and as successor Contract Administrator under that certain Contract Administration Agreement, dated June 2, 2005, by and among the Detroit Retirement Systems Funding Trust (the "2005 Funding Trust"), the GRS Corporation, the PFRS Corporation, and U.S. Bank, regarding the issuance of Certificates of Participation Series 2005-A by the 2005 Funding Trust and the transactions contemplated thereby; and (b) Trustee under that certain Trust Agreement, dated June 12, 2006, by and among the GRS Corporation, the PFRS Corporation, and U.S. Bank, and as Contract Administrator under that certain Contract Administration Agreement, dated June 12, 2006, by and among the Detroit Retirement Systems Funding Trust 2006 (the "2006 Funding Trust," and, with the 2005 Funding Trust, the "Funding Trusts"), the GRS Corporation, the PFRS Corporation and U.S. Bank, in each case, regarding the issuance of Certificates of Participation Series 2006-A and 2006-B by the 2006 Funding Trust and the transactions contemplated thereby.

between Syncora Capital Assurance Inc. and Syncora Guarantee Inc., (together, "Syncora")[2] and the City of Detroit, Michigan (the "City"). In support of this Joinder, the Contract Administrator respectfully states as follows:

1. The Contract Administrator hereby joins in and adopts the arguments set forth in the Adjournment Motion and incorporates the Adjournment Motion as though fully set forth herein. Moreover, because the Syncora settlement appears to directly impact the WTNA Proofs of Claim (as defined below) filed by the Contract Administrator, as well as the Contract Administrator's multiple limited plan objections, the Contract Administrator would be prejudice by proceeding with a confirmation hearing on a plan when the terms of such plan have not yet been disclosed.

2. Accordingly, the Contract Administrator requests the adjournment of the hearing to consider confirmation (the "Confirmation Hearing") of the *Sixth Amended Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 6908) (as may be amended, modified or supplemented, the "Plan"), filed on August 20, 2014.

**GENERAL BACKGROUND**

3. On or about May 25, 2005, the City entered into two "Service Contracts" (collectively, the "2005 Service Contracts"), one with each of (a) the GRS Corporation and (b) the PFRS Corporation (collectively, with the GRS Corporation, the "Service Corporations"). Thereafter, on or about June 7, 2006, the City entered into two additional "Service Contracts" (collectively, the "2006 Service Contracts" and, with the 2005 Service Contracts, the "Service Contracts"), again, one with each of the Service Corporations.

---

[2] The Proposed Settlement was first announced by the City and Syncora in the *Joint Motion of Syncora and the City of Detroit for Adjournment of the Hearing* (the "Joint Motion") (Docket No. 7379), filed on September 9, 2014.

4. In connection with the issuance of the 2005 COPs and the 2006 COPs[3] (together, the "COPs") insurance was arranged for and obtained in the event the City should default on its payment obligations that flowed from the Service Contracts. At that time, Syncora or a predecessor affiliate, insured a portion of the COPs. *See Addendum to Syncora Proof of Claim* ("Syncora POC"), a copy of which is attached as Exhibit 6 to *Motion of Syncora Guarantee Inc. and Syncora Capital Assurance Inc. to Enforce the Solicitation Procedures Order* (Docket No. 5444), filed June 18, 2014. Syncora has also stated that it directly purchased no less than approximately $206,000,000 of COPs that it formerly insured. *See id.* ¶ 28.

5. On July 18, 2013, the City filed a petition for relief under chapter 9 of title 11 of the United States Code, 11 U.S.C §§ 101 – 1532 (the "Bankruptcy Code"). Thereafter, the City filed multiple versions of a plan of adjustment (six in total to date), the last of which was the Plan.

6. On February 19, 2014, the Contract Administrator for the COPs, filed four (4) proofs of claims against the City – claim numbers 1120, 1136, 1138, and 1197 (collectively, the "WTNA Proofs of Claim"). Three of the WTNA Proofs of Claim assert amounts due and owing on account of the City's contractual obligations to make Service Payments (as defined in the Service Contracts), through assignment, to the Funding Trusts. *See* Funding Trust Agreements, §201. Service Payments include the City's obligation to pay principal and interest on the COPs, as well as the Contract Administrator's and the Trustee's legal fees and expenses.

7. The City has filed multiple versions of a plan of adjustment (six in total to date), the last of which was filed on August 20, 2014.

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan, as may be applicable.

8. On September 9, 2014, Syncora and the City filed the Joint Motion announcing that an agreement in principle had been reached resolving Syncora's objections to the Plan. On September 10, 2014, the Contract Administrator received a copy of the Settlement Terms.

**SETTLEMENT TERMS**

9. Under the Settlement Terms, it appears the City will provide distributions directly to Syncora with respect to various forms of consideration. Any direct distribution to Syncora on account of the City's obligation to make Service Payments violates the distribution scheme set forth in section 8.03 of the Service Contracts.

10. To the extent the City's payment to Syncora is on account of the City's payment obligations that are to be received by the Contract Administrator (*see* Contract Administration Agreements, § 2.1), Syncora will be receiving amounts that would otherwise be paid to the Contract Administrator for distribution consistent with the distribution scheme (*i.e.*, the waterfall) set forth in section 8.03 of the Service Contracts. Further, it is not clear from the term sheet whether the Syncora settlement results in Syncora receiving a larger proportion of distribution than it would otherwise be entitled to if the waterfall was given its proper effect.[4] Thus, the Contract Administrator is concerned that the payment under the Settlement Terms to Syncora is on account of the WTNA Proofs of Claim, and to that extent the settlement prejudices the rights of other COPs holders by allowing Syncora to receive a distribution that should otherwise be distributed to them.

---

[4] Insurers are not entitled to a distribution from the City on account of Service Payments unless and until they are fully subrogated through payments of principal and interest. The Contract Administrator believes there is approximately $24 million in COPs that Syncora insures but has not yet fully subrogated to at this point. Therefore, any distribution on account of Service Payments for those COPs should be made (through the waterfall) to those Certificateholders (as defined below), unless such Certificateholders consent to different treatment.

11.     As set forth above, the Contract Administrator, pursuant to section 6.4.1 of the Contract Administration Agreements, filed the WTNA Proofs of Claim, which represents the amounts due and owing from the City on account of the payments that flow from the Service Contracts. The payments contemplated under the Service Contracts are owed to the Service Corporations and the Service Corporations assigned all right, title, and interest in such payments to the Funding Trusts. Funding Trust Agreements, § 201. The obligation of collecting such payments was assigned by the Funding Trusts to the Contract Administrator. Contract Administration Agreements, § 2.1; *see also* Contract Administration Agreements, § 6.4.1 (collection upon default and in acceleration scenario).

12.     Further, under the Contract Administration Agreements, the Contract Administrator is "entitled and empowered . . . *to collect and receive any amounts payable or deliverable on any such claims and to distribute the same*." Contract Administration Agreements, § 6.4.1(2) (emphasis added). As such, any payments made on account of the COP Claims in Class 9 of the Plan that represent the amounts set forth in the WTNA Proofs of Claim should be paid to the Contract Administrator for distribution under the terms of the relevant agreements.

13.     The certificate issued to holders (a "Certificateholder")[5] in connection with the COPs (*i.e.*, the actual certificate issued to Certificateholders, the "COP Certificate") explicitly states "[s]*ubject in all respects to the foregoing, the Trust Agreement, Service Contracts and Contract Administration Agreement provide for allocation, computation, distribution and*

---

[5] Syncora is a Certificateholder by virtue of direct purchase of the COPs or subrogation under section 8.2.4 of the Funding Trust Agreements and section 7.03 of the Service Contracts. *See* Syncora POC (Claim No. 1532), at ¶¶ 28 – 31. As a Certificateholder, Syncora is a party to both the Contract Administration Agreements and the Funding Trust Agreements pursuant to the terms of the COP Certificate and is therefore bound by the terms of those agreements. *See* COP Certificate, p. 2 ("The Registered Holder of this certificate is entitled to receive, subject to the terms of the Service Contracts, the Contract Administration Agreement and the Trust Agreement . . .").

5

*payments from the Trust Estate to the Registered Holder* and all other registered owners of the Certificates in accordance with their relative Percentage Interests." *See* COP Certificate, p. 2. All Certificateholders are bound by section 4.8.1 of the Contract Administration Agreements, which provides that "[e]ach party hereto agrees to be bound by the order and priority of the payments of Components set forth in Service Contract Priority Sections [(*i.e.*, section 8.03 of the Service Contracts)]." Contract Administration Agreements, § 4.8.1.

14. In addition to the reaffirmation contained in section 4.8.1 of the Contract Administration Agreements, the distribution scheme set forth in section 8.03 of the Service Contracts is reflected in the terms of section 4.7 of the Contract Administration Agreements. Moreover, the recognition of the distribution scheme in the Service Contracts is repeated again in section 6.5 of the Contract Administration Agreements, which provides that "[a]ny money collected or received by the Contract Administrator pursuant to this Article shall be applied in the manner of the Service Contract Priority Sections . . . ." Contract Administration Agreements, § 6.5.

15. Accordingly, distributions on account of the City's obligation to make Service Payments are contractually directed to the Contract Administrator. The Contract Administrator raised this issue with the City previously and the City agreed to incorporate the contractual distribution mechanism into the revisions that resulted in the Plan filed on August 20, 2014.

## RESERVATION OF RIGHTS

16. The Contract Administrator hereby reserves and preserves all of its rights, remedies, and arguments in connection with this Joinder, as well as the pleadings such Joinder joined, and reserves all rights to supplement this Joinder and to be heard before the Court with regard to the arguments set forth in this Joinder and other related pleadings – even if the other

pleadings are resolved or otherwise withdrawn – as well as reserves the right to make any other applicable arguments, including those raised in other objections, other joinders and/or other confirmation pre-trial briefing with respect to the Plan and the Settlement Terms. Nothing contained herein is intended to contravene or supersede any arguments or positions that have been made or taken, or that may be made or taken, by any Certificateholders (as defined in the relevant Funding Trust Agreements set forth in footnote 1).

## CONCLUSION

WHEREFORE, the Contract Administrator requests that the Court grant the Adjournment Motion and adjourn the Confirmation Hearing and grant such other and further relief as the Court may deem just and proper.

[*Signature Page Immediately Follows*]

Dated: September 14, 2014  RESPECTFULLY SUBMITTED,
     New York, New York

By: /s/ Heath D. Rosenblat
    Kristin K. Going, Esq.
    Heath D. Rosenblat, Esq.
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
E-mail: Kristin.Going@dbr.com
E-mail: Heath.Rosenblat@dbr.com
Telephone: (212) 248-3140

    -and-

Dirk H. Beckwith, Esq. (P35609)
FOSTER SWIFT COLLINS & SMITH, P.C.
32300 Northwestern Highway, Suite 230
Farmington Hills, Michigan 48334-1471
E-mail: dbeckwith@fosterswift.com
Telephone: (248) 539-9918

*Counsel for Wilmington Trust, National Association, as Successor Contract Administrator*

8

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| | ) |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| | ) |
| Debtor. | ) Hon. Steven W. Rhodes |
| | ) |
| | ) |

## CERTIFICATE OF SERVICE

I, Heath D. Rosenblat, an attorney in the law firm of Drinker Biddle & Reath LLP, certify that on this 14th day of September 2014, I caused the foregoing *Joinder to Motion of Creditors for Adjournment of Confirmation Hearing and Relief From Scheduling Order and Limited Statement Respecting Settlement Terms* to be filed and served by operation of the CM/ECF system for the Eastern District of Michigan Bankruptcy Court upon all registered users thereof.

    /s/ Heath D. Rosenblat  
Heath D. Rosenblat, Esq.  
DRINKER BIDDLE & REATH LLP  
1177 Avenue of the Americas, 41st Floor  
New York, New York 10036-2714  
E-mail: Heath.Rosenblat@dbr.com  
Telephone: (212) 248-3140