UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Chapter 9
City of Detroit, Michigan,                            Case No. 13-53846
    Debtor                         Hon. Steven W. Rhodes
_____/

### Order Regarding Expert Testimony of Martha Kopacz
### and
### Denying Without Prejudice Detroit Retirement Systems' Motion
### to Exclude Portions Of Martha Kopacz's Testimony (Dkt. #7061)

On April 22, 2014, the Court entered an order appointing Martha E. M. Kopacz of Phoenix Management Services as its expert witness to investigate and reach a conclusion on:

(a) Whether the City's plan is feasible as required by 11 U.S.C. § 943(b)(7); and

(b) Whether the assumptions that underlie the City's cash flow projections and forecasts regarding its revenues, expenses and plan payments are reasonable.

(Dkt. #4215)

This appointment order specifically provided, "The Court's appointment of the expert witness shall not be deemed to preclude *Daubert* or other challenges under the Federal Rules of Evidence to the admissibility of all or any of the expert witness's opinions at the hearing on confirmation of the City's plan." *Id*. at ¶ 13.

The Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit (collectively, the "Retirement Systems") filed a motion to exclude certain portions of Ms. Kopacz's testimony relating to the historical performance and management, and future governance and reporting requirements of the Detroit Retirement Systems. (Dkt. #7061) They assert that Ms. Kopacz lacks the

qualifications to give these "Pension-Related Opinions," and furthermore that her investigation of these issues exceeded the scope of her assignment from the Court. The City filed a response opposing the Retirement Systems' motion and argued in support of Ms. Kopacz's expertise to opine on the issues the Court raised. (Dkt. #7116)

The Court conducted an evidentiary hearing on September 15, 2014, to determine whether Ms. Kopacz is qualified to give expert testimony on the two questions that the Court identified in its order appointing her and to consider the Retirement Systems' motion.[1]

Based on the evidence at the hearing, the Court finds as follows:

1. Ms. Kopacz's specialized knowledge will help the Court to understand the evidence and to determine whether the City's plan of adjustment is feasible under 11 U.S.C. § 943(b)(7) and whether the assumptions that underlie the City's cash flow projections and forecasts regarding its revenues, expenses and plan payments are reasonable.

2. Ms. Kopacz's opinions on these issues are based on sufficient facts or data.

3. Ms. Kopacz's opinions are the product of reliable principles and methods.

4. Ms. Kopacz reliably applied these principles and methods to the facts of the case.

Accordingly, the Court concludes that under Rule 702 of the Federal Rules of Evidence, Ms. Kopacz is qualified to give expert opinion testimony on whether the City's plan of adjustment is feasible under 11 U.S.C. § 943(b)(7) and whether the assumptions

---

[1] That hearing was also scheduled to address motions to exclude portions of Ms. Kopacz's testimony filed by Syncora (Dkt. #6999), which Financial Guaranty Insurance Co. ("FGIC") joined (Dkt. #7003), and by Oakland County (Dkt. ##6993 & 6994). However, Oakland County subsequently withdrew its motion and FGIC withdrew its joinder in Syncora's motion. See Dkt. ##7398 & 7459. Syncora did not specifically withdraw its motion, but the Court deems the motion withdrawn due to Syncora's subsequent "comprehensive settlement" with the City. See Dkt. #7483.

that underlie the City's cash flow projections and forecasts regarding its revenues, expenses and plan payments are reasonable.

The Court further concludes that it would be more prudent to address the issues that the Retirement Systems raise in their motion in the context of specific questions directed to Ms. Kopacz during her testimony. Accordingly, their motion is denied without prejudice to their right to object on these grounds during Ms. Kopacz's testimony.

.

**Signed on September 16, 2014**

                **/s/ Steven Rhodes**
              **Steven Rhodes**
              **United States Bankruptcy Judge**

3
13-53846-tjt   Doc 7511   Filed 09/16/14   Entered 09/16/14 15:59:08   Page 3 of 3