# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                           )     Chapter 9

                                  )

                                  )     Case No. 13-53846

CITY OF DETROIT, MICHIGAN,      )

                                  )     Hon. Steven W. Rhodes

                                  )

Debtor.                        )

## RESPONSE OF EDWARD GEORGE CARTER TO
## DEBTOR'S FIFTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

Now comes EDWARD GEORGE CARTER, by and through his undersigned counsel, and for his Response to the Debtors' Fifth Omnibus Objection to Certain Claims (Docket #7197) ("Objection") respectfully states as follows:

1.      Edward Carter filed his Proof of Claim, sending it by U.S. Postal Service Certified Mail to the City of Detroit Claims Processing Center in El Segundo, California, on February 17, 2014, as directed. (See Exhibit A – Copy of Proof of Claim).

2.      Mr. Carter's claim was designated Claim Number 3509.

3.      By filing the claim, Mr. Carter introduced prima facie evidence that the claim is both valid and accurate. The Debtor cannot shift the burden to prove the validity of the claim without providing evidence showing that the claim is not accurate. Unless the Debtor successfully shifts the burden to Mr. Carter, and the Debtor fails to satisfy the burden, Mr. Carter's claim must prevail. *In re Dow Corning Corp.*, 250 B.R. 298 (Bankr. E.D. Mich. 2000).

4.      The sole ground cited in the Objection is that Mr. Carter's claim was not filed timely.

5.     As set forth above, Mr. Carter's Proof of Claim was sent by U.S. Postal Service Certified Mail to the City of Detroit Claims Processing Center in El Segundo, California, on February 17, 2014, as directed, certainly allowing a reasonable amount of time for timely arrival, as the General Bar Date was February 21, 2014. (See Exhibit A).

6.     Notwithstanding the above, Bankruptcy Rule 3003 governs the filing of a Proof of Claim in this case, and allows this Court discretion to allow Mr. Carter's claim, even if was not filed timely.

7.     Bankruptcy Rule 3003(c)(3) permits this Court to extend the time within which Proofs of Claim or interest may be filed, which may be sought and granted before or after the bar date time has expired.

8.     Indeed, the bankruptcy courts are entrusted with ***broad equitable powers*** to balance the interests of the affected parties. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984). "Equitable determinations are within the sound discretion of the bankruptcy judge . . ." *In re M.J. Waterman & Associates, Inc.*, 227 F.3d 604, 607 (6 Cir. 2000).

9.     The Court should be careful not to "enact too heavy-handed a measure to punish a

creditor who may not have strictly adhered to the formalities of the filing requirements, but whose actions were sufficient to put the court and the debtor on notice of his or her intention to seek to hold the debtor liable." *Id.*

10.     In *In re Norman R. Hugues,* Case No. 06-14172, (E.D. Mich. 2006), Judge Cox noted that Judge Shapero in *Waterman, supra,* when determining the equities, properly considered that the existence of the claim was clear to both parties.

2

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

11. Courts have extended service periods, and noted that time limits may be extended under 9006(b), under an excusable neglect standard. *See e.g., In re Sheehan,* 253 F.3d 607 (9th Cir. 2001).

12. Moreover, Rule 5 of the Federal Rules of Civil Procedure, which applies in Adversary Proceedings pursuant to Bankruptcy Rule 7005, provides that service is complete upon mailing.

13. Considering the above, the Debtor's Objection as to Mr. Carter's claim must be overruled.

14. Mr. Carter's Proof of Claim was sent by Certified Mail within a reasonable time to arrive prior to the General Bar Date.

15. Mr. Carter's Proof of Claim concerns his ***wrongful imprisonment of 35 years***.

16. Mr. Carter's intent to hold Debtor liable was made clear long ago, as his original lawsuit was filed on December 5, 2011. (See Exhibit A).

17. A balance of the equities can yield only one result --- Mr. Carter's claim should be allowed.

WHEREFORE, EDWARD GEORGE CARTER respectfully requests that the Court overrule Debtor's Objection as to his claim, Claim Number 2509, and that his claim be deemed allowed as a general unsecured claim, together with such other and further relief as is proper and just.

Respectfully submitted,

FIEGER, FIEGER, KENNEY, GIROUX & HARRINGTON, P.C.

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
Attorneys for Edward George Carter
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

September 16, 2014

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

4

A

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

2/17/14

Postmark
Here

7008 1830 0004 7256 1000

Sent To ~~City of DPH Processing CTR~~ c/o KIC
Street, Apt. No.; 2335 Alaska Avenue
or PO Box No.
City, State, ZIP+4 Seaum ID CA 98245

PS Form 3800, August 2006          See Reverse for Instructions

# FIEGER, FIEGER,
## KENNEY, GIROUX, DANZIG & HARRINGTON
### A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS AT LAW
19390 WEST TEN MILE ROAD
SOUTHFIELD, MICHIGAN 48075-2463
TELEPHONE (248) 355-5555
FAX (248) 355-5148
WEBSITE: www.fiegerlaw.com
E-MAIL: info@fiegerlaw.com

E. JASON BLANKENSHIP

DIRECT DIAL (248) 355-0694
E-MAIL: j.blankenship@fiegerlaw.com

February 17, 2014

City of Detroit Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

  **RE: Proof of Claims**

Dear Claims Dept:

Enclosed please find Proof of Claims for the following:

  **Known Claims**
  Edward George Carter vs. City of Detroit, et al
  Case No. 2:11-cv-15322  USDC (EDMI)

  Antonio Brooks v Detroit Police Officer Armstrong et al
  Case No. 2:13-cv-12641  USDC (EDMI)

The above claims are either ongoing 42 USC 1983 civil lawsuits or soon to be filed cases.

Should you have any questions or concerns, please feel free to contact the undersigned.

    Very truly yours,
   **FIEGER, FIEGER, KENNEY, GIROUX,**
    **& HARRINGTON, P.C.**

    E. Jason Blankenship

EJB/mmh
Enclosures

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

County in which action arose WAYNE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

ANTONIO BROOKS

**DEFENDANTS**

DETROIT POLICE OFFICERS (1) ARMSTRONG, (2) JOHN DOE #1, (3) JOHN DOE #2, (4) JANE DOE

**(b)** County of Residence of First Listed Plaintiff     WAYNE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant     WAYNE
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

THE FIEGER FIRM - GEOFFREY N. FIEGER AND HEATHER A. GLAZER
19390 WEST TEN MILE ROAD, SOUTHFIELD, MI 48075
248-355-5555

Attorneys *(If Known)*

UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question *(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in the Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care / Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | **Other:** | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 USC SECTION 1983

Brief description of cause:
EXCESSIVE FORCE BY POLICE OFFICERS

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ *IN EXCESS OF $ 75,000*

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE

DOCKET NUMBER

DATE:
June 14, 2013

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

# PURSUANT TO LOCAL RULE 83.11

1.　　　　　Is this a case that has been previously dismissed?　　　　　☐ Yes
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.　　　　　Other than stated above, are there any pending or previously
　　　　　　discontinued or dismissed companion cases in this or any other　　☐ Yes
　　　　　　court, including state court? (Companion cases are matters in which　☒ No
　　　　　　it appears substantially similar evidence will be offered or the same
　　　　　　or related parties are present and the cases arise out of the same
　　　　　　transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :

| UNITED STATES BANKRUPTCY COURT Eastern District of Michigan | ▾ | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Edward George Carter

Name and address where notices should be sent:

Fieger, Fieger, Kenney, Giroux, & Harrington, PC
19390 W. 10 Mile Rd, Southfield, Mi, 48075

Telephone number: (248) 355-5555    email: j.blankenship@fiegerlaw.com

Name and address where payment should be sent (if different from above):


Telephone number:        email:

COURT USE ONLY

❑ Check this box if this claim amends a previously filed claim

Court Claim Number: _____
    (*If known*)

Filed on: _____

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**     $_____ 50,000,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Wrongful Imprisonment
    (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:** _____ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ❑ Real Estate  ❑ Motor Vehicle  ❑ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ❑ Fixed  or  ❑ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

Amount of Secured Claim:  $_____

Amount Unsecured:  $_____ 50,000,000.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

❑ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❑ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❑ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❑ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❑ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (See instruction #7, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: E. Jason Blankenship
Title: Attorney
Company: Fieger, Fieger, Kenney, Giroux & Harrington, PC
Address and telephone number (if different from notice address above):

(Signature)    1/15/14 (Date)

Telephone number:          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

## DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. § 507 (a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

## INFORMATION

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

EDWARD GEORGE CARTER,

           Plaintiff,

vs.

CITY OF DETROIT,
SUSAN SIEMASZKO,
JAMES NIKS, RICHARD HOKE,
WILLIAM VITORAKOS, STEVEN DEST,
DETROIT POLICE DEPARTMENT, and
WAYNE STATE UNIVERSITY POLICE
DEPARTMENT,

           Defendants.

Case No. 11-
Hon.

_____/

GEOFFREY N. FIEGER (P30441)
E. JASON BLANKENSHIP (P63566)
FIEGER, FIEGER, KENNEY,
GIROUX & DANZIG, P.C.
Attorneys for Plaintiffs
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

_____/

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action between these parties
arising out of the same transaction or occurrence as alleged in this
complaint pending in this court, nor has any such action been previously
filed and dismissed or transferred after having been assigned to a judge,
nor do I know of any other civil action not between these parties arising
out of the same transaction or occurrence as alleged in this complaint
that is either pending, or was previously filed and dismissed,
transferred, or otherwise disposed of after having been assigned to a
judge in this court.

    s/E. Jason Blankenship
    E. JASON BLANKENSHIP (P63566)

**NOW COMES** the Plaintiff, EDWARD GEORGE CARTER, by and through his attorneys, Fieger, Fieger, Kenney, Giroux & Danzig, and for his Complaint states as follows:

1.      That Plaintiff Edward George Carter (hereinafter "Carter") is and at all relevant times was a resident of the City of Detroit in the State of Michigan.

2.      Upon information and belief, all of the individually named Defendants are citizens of the State of Michigan.

3.      Defendant City of Detroit is a governmental entity in the State of Michigan and operates the Defendant Detroit Police Department of the City of Detroit.

4.      Defendant Wayne State University Police Department is a governmental entity in the State of Michigan.

5.      At all times relevant to this litigation, Defendant Susan Siemaszko was an officer with the Detroit Police Department, was acting under the color of state law, and was acting in the course and scope of her employment with the Defendant City of Detroit.

6.      At all times relevant to this litigation, Defendant James Niks was an officer with the Detroit Police Department, was acting under the color of state law, and was acting in the course and scope of his employment with the Defendant City of Detroit.

7.      At all times relevant to this litigation, Defendant Richard Hoke was a police officer with the Detroit Police Department, was acting under the color of state law, and was acting in the course and scope of his employment with the Defendant City of Detroit.

8.      At all times relevant to this litigation, Defendant William Vitorakos was a police officer with the Detroit Police Department, was acting under the color of state law, and was acting in the course and scope of his employment with the Defendant City of Detroit.

2

9.     At all times relevant to this litigation, Defendant Steven Dest was a police officer with Wayne State University, was acting under the color of state law, and was acting in the course and scope of his employment with the Defendant Wayne State University Police Department.

10.    Each Defendant Officer is being sued in his or her individual capacity.

11.    The Defendant Officers are not entitled to qualified immunity.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331, §1343(a)(1)-(4) and §1343(b).

13.    The Court has supplemental jurisdiction over those claims arising under Michigan common law pursuant to 28 U.S.C. §1367(a) , since the claims form part of the same case or controversy as the claims arising under the United States Constitution and federal law.

14.    Venue is proper under 28 U.S.C. §1391(b).

15.    The amount in controversy exceeds $75,000.

## COMMON ALLEGATIONS

16.    On October 24, 1974, a Wayne State University student, 7 months pregnant at the time, excused herself from class and entered a restroom.

17.    There she was confronted from behind by an assailant who placed a knife to her throat.

18.    The student was raped and sodomized, and robbed of her Timex watch.

19.    Two building employees later told police that they had seen a suspicious young black man who matched the victim's description of the assailant walking the halls of the Chemistry Building around the same time the assault occurred.

3

20.    The initial investigation was conducted by the Wayne State University Police Department.

21.    After the attack, the student went to the police station to look through a book of hundreds of headshots of possible suspects.

22.    The book contained 2 pictures of Mr. Carter.

23.    On November 19, 1974, the Detroit Police Department contacted 19 year old Mr. Carter and asked him to come to the station for questioning.

24.    Mr. Carter voluntarily went to the station, and when interviewed by police officers, asserted his innocence.

25.    The Detroit Police Department then asked Mr. Carter to participate in a line-up.

26.    Although the student identified Mr. Carter as her assailant, the two building employees, looking at the same line-up, did not.

27.    Mr. Carter was subsequently arrested and charged with sodomy, armed robbery, and assault with intent to commit gross indecency.

28.    During the course of the investigation, the Detroit Police Department dusted for fingerprints at the scene.

29.    The fingerprints that were found on the bathroom railing at the scene of the crime did not match Mr. Carter's fingerprints.

30.    However, neither the existence of these fingerprints, or the comparison to Mr. Carter's fingerprints were ever disclosed to defense counsel.

31.    Mr. Carter was found guilty on January 3, 1975 of sodomy, MCLA 750.158; assault with intent to commit gross indecency, MCLA 750.338, and armed robbery, MCLA

4

750.529, in a bench trial before Judge Samuel C. Gardner in Detroit Recorder's Court, Case Number 74-08896.

32.     On January 10, 1975, Mr. Carter was sentenced by Judge Gardner to life in prison for armed robbery, 10 years for sodomy, and 7 and a half years for assault with intent to commit gross indecency, to be served concurrently.

33.     Mr. Carter appealed his conviction to the Michigan Court of Appeals, and the Court of Appeals upheld his conviction in an unpublished decision on August 25, 1976. *People v. Carter*, No. 74-08896 (Mich App. August 25, 1976).

34.     In 1978, Mr. Carter filed a pro se request for an evidentiary hearing in Wayne County Circuit Court, which was denied on October 27, 1981.

35.     Mr. Carter later filed a request for resentencing in Wayne County Circuit Court, which was denied on February 22, 1984.

36.     Mr. Carter filed a pro se motion to vacate his sentence, which was denied by the Wayne County Circuit Court on October 21, 1988.

37.     In September 2009, the fingerprints taken back in 1974 from the bathroom railing where the assault took place were found by a police officer, and were run through the FBI's Integrated Automated Fingerprint Identification System (IAFIS) database.

38.     Those fingerprints from the scene belonged to Willis Taylor III.

39.     Mr. Taylor had been arrested in connection with four sexual assaults between the years of 1974 and 1978.

40.     Two of Mr. Taylor's assaults took place on the Wayne State University campus.

41.     Mr. Taylor's victims were in their late teens to early twenties- just as in this case, he approached his victims from behind- just as in this case, held a long hunting knife to their throats, and instructed them not to scream so they would not get hurt- just as in this case.

42.     Subsequently, Mr. Carter contacted the University of Michigan Law School's Clinical Law Program, and through the Clinical Law Program's assistance, a Motion for Relief from Judgment was filed with the Wayne County Circuit Court.

43.     On April 14, 2010, the Wayne County Circuit Court granted Mr. Carter's Motion for Relief from Judgment, and Mr. Carter was released from custody for the first time in 35 years, his conviction vacated.

44.     Mr. Carter, an innocent man, spent 35 years in prison because of the actions of these Defendants.

45.     Plaintiff has suffered severe economic and non-economic damages as a result of the unlawful arrest, detainment, and prosecution initiated and caused by the Defendants, and is entitled to compensatory damages.

## COUNT I: VIOLATION OF 42 U.S.C. §1983

46.     Plaintiff incorporates paragraphs 1 through 45, as if fully set out herein.

47.     Defendant Officer Steven Dest, either intentionally, or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, failed to turn over the fingerprint evidence to either the Wayne County Prosecutor or to Plaintiff's defense counsel.

48.     Defendant Officer Susan Siemaszko, either intentionally, or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights,

failed to turn over the fingerprint evidence to either the Wayne County Prosecutor or to Plaintiff's defense counsel.

49.     Defendant Officer James Niks, either intentionally, or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, failed to turn over the fingerprint evidence to either the Wayne County Prosecutor or to Plaintiff's defense counsel.

50.     Defendant Officer Richard Hoke, either intentionally, or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, failed to turn over the fingerprint evidence to either the Wayne County Prosecutor or to Plaintiff's defense counsel.

51.     Defendant Officer William Vitorakos, either intentionally, or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, failed to turn over the fingerprint evidence to either the Wayne County Prosecutor or to Plaintiff's defense counsel.

52.     The evidence in question was material to Plaintiff's defense, and there is a reasonable probability that had the evidence been disclosed to the defense, the result of the trial would have been different.

53.     The actions of these defendants were not taken spontaneously in response to an emergency, but were taken under circumstances allowing for deliberation.

54.     The conduct of these defendants violated Plaintiff's right against continued seizure without probable cause under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

55.     The conduct of these defendants violated 42 U.S.C. §1983.

7

56.     The constitutional rights that these defendants violated were clearly established at the time that such rights were violated and a reasonable person in these defendants' position would have understood that such conduct was in violation of those rights.

57.     Defendant Officer Dest is therefore not entitled to qualified immunity.

58.     Defendant Officer Siemaszko is therefore not entitled to qualified immunity.

59.     Defendant Officer Niks is therefore not entitled to qualified immunity.

60.     Defendant Officer Hoke is therefore not entitled to qualified immunity.

61.     Defendant Officer Vitorakos is therefore not entitled to qualified immunity.

62.     The conduct of these defendants was a proximate cause of Plaintiff's continued incarceration, prosecution, and conviction.

63.     By virtue of the actions of these defendants, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

<u>COUNT II</u>

<u>**DEFENDANT OFFICERS DEST, SIEMASZKO, NIKS, HOKE, AND VITORAKOS' VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENT BY FAILING TO DISCLOSE EXCULPATORY EVIDENCE**</u>

64.     Plaintiff incorporates herein all of the prior allegations.

65.     Defendant Officer Steven Dest's conduct violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

8

66.     Defendant Officer Siemaszko's conduct violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

67.     Defendant Officer Niks' conduct violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

68.     Defendant Officer Hoke's conduct violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

69.     Defendant Officer Vitorakos' conduct violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

70.     By virtue of Defendant Officer Dest's actions, Plaintiff is entitled to compensatory and punitive damages.

71.     By virtue of Defendant Officer Siemaszko's actions, Plaintiff is entitled to compensatory and punitive damages.

72.     By virtue of Defendant Officer Niks' actions, Plaintiff is entitled to compensatory and punitive damages.

73.     By virtue of Defendant Officer Hoke's actions, Plaintiff is entitled to compensatory and punitive damages.

74.     By virtue of Defendant Officer Vitorakos' actions, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE,** Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

## COUNT III

### DEFENDANT OFFICERS DEST, SIEMASKO, NIKS, HOKE AND VITORAKOS' VIOLATION OF PLAINTIFF'S RIGHT TO SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH AMENDMENT BY FAILING TO DISCLOSE EXCULPATORY EVIDENCE

75.     Plaintiff incorporates herein all of the prior allegations.

76.     Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos' actions would shock the conscience of a reasonable person.

77.     Defendant Officer Dest's conduct violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

78.     Defendant Officer Siemaszko's conduct violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

79.     Defendant Officer Niks' conduct violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

80.     Defendant Officer Hoke's conduct violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

81.     Defendant Officer Vitorakos' conduct violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

COUNT IV

**DEFENDANT OFFICERS DEST, SIEMASZKO, NIKS, HOKE, VITORAKOS' VIOLATION OF PLAINTIFF'S RIGHT TO PROCEDURAL DUE PROCESS UNDER THE FOURTEENTH AMENDMENT BY FAILING TO DISCLOSE EXCULPATORY EVIDENCE**

82.    Plaintiff incorporates herein all of the prior allegations.

83.    Defendant Officer Dest's conduct violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

84.    Defendant Officer Siemaszko's conduct violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

85.    Defendant Officer Niks' conduct violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

86.    Defendant Officer Hoke's conduct violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

87.    Defendant Officer Vitorakos' conduct violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

88.    Plaintiff does not have an adequate remedy under Michigan law for Defendant Officer Dest's conduct.

89.    By virtue of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos' actions, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

11

<u>COUNT V</u>

<u>CONSPIRACY IN VIOLATION OF 42 U.S.C. §1985
BETWEEN MEMBERS OF THE DETROIT POLICE
DEPARTMENT, VIOLATING PLAINTIFF'S
CONSTITUTIONAL RIGHTS UNDER THE FOURTH
AMENDMENT</u>

90.     Plaintiff incorporates herein all of the prior allegations.

91.     Defendant Officer Dest either intentionally or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, fabricated evidence, failed to advise either the Office of the Wayne County Prosecutor or Plaintiff's defense counsel that he had withheld impeaching and exculpatory evidence from the Wayne County Prosecutor and from Plaintiff's defense counsel.

92.     Defendant Officer Siemaszko either intentionally or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, fabricated evidence, failed to advise either the Office of the Wayne County Prosecutor or Plaintiff's defense counsel that she had withheld impeaching and exculpatory evidence from the Wayne County Prosecutor and from Plaintiff's defense counsel.

93.     Defendant Officer Niks either intentionally or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, fabricated evidence, failed to advise either the Office of the Wayne County Prosecutor or Plaintiff's defense counsel that he had withheld impeaching and exculpatory evidence from the Wayne County Prosecutor and from Plaintiff's defense counsel.

94.     Defendant Officer Hoke either intentionally or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, fabricated evidence, failed to advise either the Office of the Wayne County Prosecutor or Plaintiff's defense counsel

that he had withheld impeaching and exculpatory evidence from the Wayne County Prosecutor and from Plaintiff's defense counsel.

95.    Defendant Officer Vitorakos either intentionally or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, fabricated evidence, failed to advise either the Office of the Wayne County Prosecutor or Plaintiff's defense counsel that he had withheld impeaching and exculpatory evidence from the Wayne County Prosecutor and from Plaintiff's defense counsel.

96.    Upon information and belief, Defendant Officer Dest's actions were taken with the knowledge, encouragement and/or collaboration of other members of the Department, and as such Defendant Officer Dest and the members of the Department were acting under the color of law.

97.    Upon information and belief, Defendant Officer Siemaszko's actions were taken with the knowledge, encouragement and/or collaboration of other members of the Department, and as such Defendant Officer Siemaszko and the members of the Department were acting under the color of law.

98.    Upon information and belief, Defendant Officer Niks' actions were taken with the knowledge, encouragement and/or collaboration of other members of the Department, and as such Defendant Officer Niks and the members of the Department were acting under the color of law.

99.    Upon information and belief, Defendant Officer Hoke's actions were taken with the knowledge, encouragement and/or collaboration of other members of the Department, and as such Defendant Officer Hoke and the members of the Department were acting under the color of law.

13

100. Upon information and belief, Defendant Officer Vitorakos' actions were taken with the knowledge, encouragement and/or collaboration of other members of the Department, and as such Defendant Officer Vitorakos and the members of the Department were acting under the color of law.

101. Upon information and belief, Defendant Officer Dest and/or other members of the Detroit Police Department conspired together to overcome the solid alibi evidence of Edward Carter by fabricating evidence, concealing impeaching and exculpatory evidence.

102. Upon information and belief, Defendant Officer Siemaszko and/or other members of the Detroit Police Department conspired together to overcome the solid alibi evidence of Edward Carter by fabricating evidence, concealing impeaching and exculpatory evidence.

103. Upon information and belief, Defendant Officer Niks and/or other members of the Detroit Police Department conspired together to overcome the solid alibi evidence of Edward Carter by fabricating evidence, concealing impeaching and exculpatory evidence.

104. Upon information and belief, Defendant Officer Hoke and/or other members of the Detroit Police Department conspired together to overcome the solid alibi evidence of Edward Carter by fabricating evidence, concealing impeaching and exculpatory evidence.

105. Upon information and belief, Defendant Officer Vitorakos and/or other members of the Detroit Police Department conspired together to overcome the solid alibi evidence of Edward Carter by fabricating evidence, concealing impeaching and exculpatory evidence.

106. The actions of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department were not taken spontaneously in response to an emergency, but were taken under circumstances allowing for deliberation.

107.   Defendant Officer Dest and/or other members of the Department conspired together for the illegal purpose of violating Plaintiff's civil rights under the United States Constitution in order to obtain Plaintiff's conviction.

108.   Defendant Officer Siemaszko and/or other members of the Department conspired together for the illegal purpose of violating Plaintiff's civil rights under the United States Constitution in order to obtain Plaintiff's conviction.

109.   Defendant Officer Niks and/or other members of the Department conspired together for the illegal purpose of violating Plaintiff's civil rights under the United States Constitution in order to obtain Plaintiff's conviction.

110.   Defendant Officer Hoke and/or other members of the Department conspired together for the illegal purpose of violating Plaintiff's civil rights under the United States Constitution in order to obtain Plaintiff's conviction.

111.   Defendant Officer Vitorakos and/or other members of the Department conspired together for the illegal purpose of violating Plaintiff's civil rights under the United States Constitution in order to obtain Plaintiff's conviction.

112.   In furtherance of the conspiracy, the Defendants committed overt acts, including, but not limited to, keeping exculpatory evidence from the Wayne County Prosecutor, and from Plaintiff's defense counsel, and were otherwise willful participants in joint activity.

113.   The conduct of Defendant Dest and the members of the Department violated Plaintiff's right against continued seizure without probable cause under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

15

114.   The conduct of Defendant Siemaszko and the members of the Department violated Plaintiff's right against continued seizure without probable cause under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

115.   The conduct of Defendant Niks and the members of the Department violated Plaintiff's right against continued seizure without probable cause under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

116.   The conduct of Defendant Hoke and the members of the Department violated Plaintiff's right against continued seizure without probable cause under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

117.   The conduct of Defendant Vitorakos and the members of the Department violated Plaintiff's right against continued seizure without probable cause under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

118.   The conduct of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department violated 42 U.S.C. §1985.

119.   The constitutional rights that Defendant Officer Dest and members of the Department violated were clearly established at the time that they were violated and a reasonable person in their position would have understood that their conduct was in violation of those rights.

120.   The constitutional rights that Defendant Officer Siemaszko and members of the Department violated were clearly established at the time that they were violated and a reasonable person in their position would have understood that their conduct was in violation of those rights.

121.   The constitutional rights that Defendant Officer Niks and members of the Department violated were clearly established at the time that they were violated and a reasonable person in their position would have understood that their conduct was in violation of those rights.

16

122.    The constitutional rights that Defendant Officer Hoke and members of the Department violated were clearly established at the time that they were violated and a reasonable person in their position would have understood that their conduct was in violation of those rights.

123.    The constitutional rights that Defendant Officer Vitorakos and members of the Department violated were clearly established at the time that they were violated and a reasonable person in their position would have understood that their conduct was in violation of those rights.

124.    Neither Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos nor the members of the Department are therefore entitled to qualified immunity.

125.    The conduct of Defendant Officer Dest and the members of the Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

126.    The conduct of Defendant Officer Siemaszko and the members of the Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

127.    The conduct of Defendant Officer Niks and the members of the Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

128.    The conduct of Defendant Officer Hoke and the members of the Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

129.    The conduct of Defendant Officer Vitorakos and the members of the Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

130.    · By virtue of the actions of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department, Plaintiff is entitled to compensatory and punitive damages.

17

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

**COUNT XVII**

**CONSPIRACY IN VIOLATION OF 42 U.S.C. §1985 BETWEEN DEFENDANTS AND MEMBERS OF THE DETROIT POLICE DEPARTMENT, VIOLATING PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS**

131.   Plaintiff incorporates herein all of the prior allegations.

132.   The conduct of Defendant Officer Dest and the members of the Department set forth in Count XVI violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

133.   The conduct of Defendant Officer Siemaszko and the members of the Department set forth in Count XVI violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

134.   The conduct of Defendant Officer Niks and the members of the Department set forth in Count XVI violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

135.   The conduct of Defendant Officer Hoke and the members of the Department set forth in Count XVI violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

136.   The conduct of Defendant Officer Vitorakos and the members of the Department set forth in Count XVI violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

137.   The conduct of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department violated 42 U.S.C. §1985.

138.   By virtue of the actions of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

## COUNT XVIII

### CONSPIRACY IN VIOLATION OF 42 U.S.C. §1985 BETWEEN DEFENDANTS AND MEMBERS OF THE DETROIT POLICE DEPARTMENT, VIOLATING PLAINTIFF'S RIGHT TO SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

139.   Plaintiff incorporates herein all of the prior allegations.

140.   The conduct of Defendant Officer Dest and the members of the Department set forth in Count XVI would shock the conscience of a reasonable person.

141.   The conduct of Defendant Officer Siemaszko and the members of the Department set forth in Count XVI would shock the conscience of a reasonable person.

142.   The conduct of Defendant Officer Niks and the members of the Department set forth in Count XVI would shock the conscience of a reasonable person.

143.   The conduct of Defendant Officer Hoke and the members of the Department set forth in Count XVI would shock the conscience of a reasonable person.

144.   The conduct of Defendant Officer Vitorakos and the members of the Department set forth in Count XVI would shock the conscience of a reasonable person.

145.   The conduct of Defendant Officer Dest and the members of the Department violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

146.   The conduct of Defendant Officer Siemaszko and the members of the Department violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

147.   The conduct of Defendant Officer Niks and the members of the Department violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

148.   The conduct of Defendant Officer Hoke and the members of the Department violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

149.   The conduct of Defendant Officer Vitorakos and the members of the Department violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

150.   The conduct of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department violated 42 U.S.C. §1985.

151.   By virtue of the actions of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

20

<u>COUNT XIX</u>

<u>CONSPIRACY IN VIOLATION OF 42 U.S.C. §1985
BETWEEN DEFENDANTS AND MEMBERS OF THE
DETROIT POLICE DEPARTMENT, VIOLATING
PLAINTIFF'S RIGHT TO PROCEDURAL DUE PROCESS
UNDER THE FOURTEENTH AMENDMENT</u>

152.   Plaintiff incorporates herein all of the prior allegations.

153.   The conduct of Defendant Officer Dest and the members of the Department set forth in Count XVI was not random or unauthorized.

154.   The conduct of Defendant Officer Siemaszko and the members of the Department set forth in Count XVI was not random or unauthorized.

155.   The conduct of Defendant Officer Niks and the members of the Department set forth in Count XVI was not random or unauthorized.

156.   The conduct of Defendant Officer Niks and the members of the Department set forth in Count XVI was not random or unauthorized.

157.   The conduct of Defendant Officer Hoke and the members of the Department set forth in Count XVI was not random or unauthorized.

158.   The conduct of Defendant Officer Vitorakos and the members of the Department set forth in Count XVI was not random or unauthorized.

159.   The conduct of Defendant Officer Dest and the members of the Department violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

160.   The conduct of Defendant Officer Siemaszko and the members of the Department violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

161.   The conduct of Defendant Officer Niks and the members of the Department violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

162.   The conduct of Defendant Officer Hoke and the members of the Department violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

163.   The conduct of Defendant Officer Vitorakos and the members of the Department violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

164.   The conduct of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department violated 42 U.S.C. §1985.

165.   Plaintiff does not have an adequate remedy under Michigan law for the conduct of Defendant Officer Dest and the members of the Department.

166.   By virtue of the actions of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE,** Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

22

COUNT XXIV

**LIABILITY OF THE CITY OF DETROIT AND THE DETROIT POLICE DEPARTMENT FOR INADEQUATE TRAINING AND/OR SUPERVISING OF POLICE OFFICERS REGARDING THE CONSTITUTIONAL RIGHTS OF CITIZENS**

167.    Plaintiff incorporates herein all of the prior allegations.

168.    The Defendants City of Detroit and the Detroit Police Department had an obligation to train their police officers regarding the constitutional rights of citizens to due process and a fair trial, how those rights are protected and how those rights are violated.

169.    The Defendants City of Detroit and the Detroit Police Department had an obligation to supervise their police officers to insure that the constitutional rights of citizens were not violated.

170.    Specifically, the Defendants City of Detroit and the Detroit Police Department had an absolute obligation to train their police officers regarding the duty to turn over potentially exculpatory evidence.

171.    The Defendants City and Department failed to comply with those obligations and had a custom or policy of acting with deliberate indifference to violations of the constitutional rights of the City's citizens by police officers and had a custom or policy of failing to train and/or failing to supervise police officers regarding the protection/violation of those constitutional rights, as demonstrated by the Department's indifference to the newly discovered evidence exculpating Plaintiff and its refusal to reopen the investigation.

172.    By inadequately training and/or supervising their police officers and having a custom or policy of deliberate indifference to the constitutional rights of their citizens, the Defendants City and Department encouraged and cultivated the conduct which violated

23

Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

173.    The conduct of the Defendants City and Department violated 42 U.S.C. §1983.

174.    The conduct of the Defendants City and Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

175.    By virtue of the actions of the Defendants City and Department, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

## COUNT XXV

### LIABILITY OF THE CITY OF DETROIT AND THE DETROIT POLICE DEPARTMENT FOR THE ACTIONS OF DEFENDANT AS THE FINAL POLICYMAKER IN CONDUCTING THE INVESTIGATION

176.    Plaintiff incorporates herein all of the prior allegations.

177.    During the course of the investigation of the crimes committed against Mr. Carter, the Defendant officers were virtually unsupervised.

178.    By virtue of the lack of supervision of Defendant Officer Dest's conduct of the investigation, Defendant Officer Dest constituted the final policy maker for the City and the Department regarding the manner in which the investigation was conducted, including the decision not to disclose the exculpatory evidence provided.

179.    By virtue of the lack of supervision of Defendant Officer Siemaszko's conduct of the investigation, Defendant Officer Siemaszko constituted the final policy maker for the City

24

and the Department regarding the manner in which the investigation was conducted, including the decision not to disclose the exculpatory evidence provided.

180.   By virtue of the lack of supervision of Defendant Officer Niks' conduct of the investigation, Defendant Officer Niks constituted the final policy maker for the City and the Department regarding the manner in which the investigation was conducted, including the decision not to disclose the exculpatory evidence provided.

181.   By virtue of the lack of supervision of Defendant Officer Hoke's conduct of the investigation, Defendant Officer Hoke constituted the final policy maker for the City and the Department regarding the manner in which the investigation was conducted, including the decision not to disclose the exculpatory evidence provided.

182.   By virtue of the lack of supervision of Defendant Officer Vitorakos' conduct of the investigation, Defendant Officer Vitorakos constituted the final policy maker for the City and the Department regarding the manner in which the investigation was conducted, including the decision not to disclose the exculpatory evidence provided.

183.   The decision of the City and Department not to disclose the exculpatory evidence, made by their final policy maker on the issue, Defendant Detroit Police Department, violated Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

184.   The conduct of the Defendants City and Department violated 42 U.S.C. §1983.

185.   The conduct of the Defendants City and Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

186.   By virtue of the actions of the Defendants City and Department, Plaintiff is entitled to compensatory and punitive damages.

25

**WHEREFORE,** Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

Respectfully submitted,

*FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C.*

s/E. Jason Blankenship
GEOFFREY FIEGER (P30441)
E. JASON BLANKENSHIP (P36566)
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, Michigan 48075
Dated: December 5, 2011                 (248) 355-5555

26

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

EDWARD GEORGE CARTER,

        Plaintiff,

vs.

CITY OF DETROIT,
SUSAN SIEMASZKO,
JAMES NIKS, RICHARD HOKE,
WILLIAM VITORAKOS, STEVEN DEST,
DETROIT POLICE DEPARTMENT, and
WAYNE STATE UNIVERSITY POLICE
DEPARTMENT,

        Defendants.

Case No. 11-
Hon.

_____/

GEOFFREY N. FIEGER (P30441)
E. JASON BLANKENSHIP (P63566)
FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C.
Attorneys for Plaintiffs
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

_____/

## DEMAND FOR JURY TRIAL

    **NOW COMES** the Plaintiff, EDWARD GEORGE CARTER, by and through his

attorneys, Fieger, Fieger, Kenney & Giroux, P.C., and hereby demands a trial by jury on this

matter.

                   Respectfully submitted,

                   *FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C.*


                   GEOFFREY FIEGER (P30441)
                   E. JASON BLANKENSHIP (P36566)
                   Attorneys for Plaintiff
                   19390 W. Ten Mile Rd.
                   Southfield, Michigan 48075
Dated: December 5, 2011      (248) 355-5555

FIEGER LAW · A PROFESSIONAL CORPORATION · ATTORNEYS AND COUNSELORS AT LAW · 19990 WEST TEN MILE ROAD · SOUTHFIELD, MICHIGAN 48075-2463 · TELEPHONE: (248) 355-5555 · FAX: (248) 355-5148

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                    )       Chapter 9
                                          )
                                          )       Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                )
                                          )       Hon. Steven W. Rhodes
                                          )
Debtor.                                   )

## PROOF OF SERVICE

On September 16, 2014, I ROBERT MILLS, personally served, a copy of the *Response of Edward George Carter to Debtor's Fifth Omnibus Objection to Certain Claims* and this *Proof of Service* upon:

> John A. Simon
> Tamar N. Dolcourt
> Foley & Lardner LLP
> 500 Woodward Ave., Ste. 2700
> Detroit, MI 48226

and declare under penalty of perjury that this statement is true to the best of my knowledge, information and belief.

_____
ROBERT MILLS