UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

SYNCORA GUARANTEE INC.
and SYNCORA CAPITAL
ASSURANCE INC.,

          Civil Action No. 14-CV-11995
Appellants,      HON. BERNARD A. FRIEDMAN

          Bankr. No. 13-53846
v.          HON. STEVEN W. RHODES

CITY OF DETROIT, MICHIGAN,

      Appellee.
_____/

## OPINION AND ORDER GRANTING THE CITY OF DETROIT'S MOTION TO DISMISS THE APPEAL

Syncora Guarantee Inc. and Syncora Capital Assurance Inc. ("Syncora") appeal from an order of the bankruptcy court, dated April 2, 2014, which approved post-petition financing for civic projects intended to improve the quality of life in the City of Detroit ("the City") [docket entry 1]. The City filed a motion to dismiss the appeal [docket entry 13]. Syncora filed a response [docket entry 15] and the City filed a reply [docket entry 16].

On November 5, 2013, the City filed a motion seeking approval of a post-petition financing agreement with Barclays Capital Inc. ("Barclays") pursuant to 11 U.S.C. § 364(c) and (e). Syncora objected to the arrangement, alleging, among other things, that Barclays had not extended credit to the City in good faith. At the conclusion of several days of testimony, the bankruptcy court granted the City's motion only insofar as it allowed the financing for the City's quality of life projects ("QOL financing"). Issuing its decision on the record, the bankruptcy

-1-

court explicitly determined that:

> the City has established by a preponderance of the evidence that this loan is in the best interest of the City; that it needs the money; that the terms are market terms and the best available to the City; that they were negotiated in good faith; and that they were negotiated at arm's length. Indeed, the Court finds that there was no substantial contradictory evidence on these points.

Appellee's Mot. Ex. A at 23. Thereafter, the City filed a notice of presentment seeking a final order approving the QOL financing. After conducting another hearing, the bankruptcy court entered its final order over Syncora's objection. The April 2, 2014 order, which forms the basis of this appeal, reiterated the bankruptcy court's earlier finding that:

> [t]he Revised Post-Petition Facility is the result of a full and fair marketing process conducted by the City and its agents and advisors. The Revised Post-Petition Facility and the Revised Bond Documents were negotiated in good faith, without fraud or collusion and at arm's length among the parties. Credit extended under the Revised Post-Petition Facility and the Revised Bond Documents under Section 364(c) of the Bankruptcy Code is extended in good faith within the meaning of Section 364(e) of the Bankruptcy Code and in express reliance upon the protections offered by Section 364(e) of the Bankruptcy Code . . .

[docket entry 1 at 37-38].

In its motion to dismiss, the City contends that the instant appeal is moot because Syncora neglected to obtain a stay of the bankruptcy court's April 2, 2014 order pursuant to 11 U.S.C. § 364(e). Syncora counters that section 364(e) is inapplicable because the bankruptcy court erred when it decided that, under the terms of the statute, Barclays extended credit to the City "in good faith." Furthermore, Syncora asserts that this Court should not deem the appeal moot, even if it upholds the bankruptcy court's "good faith" determination, because there is no evidence in the record that the City expended any of the money it has already obtained from the QOL financing arrangement.

Upon reviewing the record and the parties' submissions, the Court concludes that this

appeal is moot. Section 364(e) provides that:

> [t]he reversal or modification on appeal of an authorization under this section to obtain credit or incur debt, or of a grant under this section of a priority or a lien, does not affect the validity of any debt so incurred, or any priority of lien so granted, to an entity that extended such credit in good faith . . . unless such authorization and the incurring of such debt, or the granting of such priority or lien, were stayed pending appeal. (Emphasis added).

Interpreting this language in New York Life Ins. Co. v. Revco D.S., Inc. (In re Revco D.S., Inc.), 901 F.2d 1359, 1366-67 (6th Cir. 1990), the Sixth Circuit Court of Appeals held that "[a] dissatisfied litigant who fails to seek a stay when questioning a court-approved post-petition financing arrangement providing adequate protection may forgo a right to appeal if the bankruptcy court addresses all the requisites of the applicable portions of §§ 362-364 of the bankruptcy code." This requirement appears to be a blanket rule as it "precludes reversal of any authorization to obtain credit if there was no stay pending appeal and the lender acted in good faith." 3 Collier on Bankruptcy ¶ 364.06 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (citing In re Revco D.S., Inc.). The Sixth Circuit's more recent precedents confirm that it has never revised its strict interpretation of section 364(e) and neither party has provided the Court with any authority to the contrary. Thus, since the bankruptcy court expressly held that Barclays extended credit to the City in "good faith" pursuant to section 364(e), Syncora may no longer pursue the instant appeal because it failed to seek a stay of the bankruptcy court's April 2, 2014 order.

    To the extent Syncora maintains that the bankruptcy court did not adequately evaluate the record in support of its "good faith" determination, this contention is without merit. The bankruptcy court's ruling from the bench sufficiently explained the underlying reasons for its decision, i.e., that the City demonstrated a need for the QOL financing, that the arrangement

provided the City with the best available market terms, and that these terms were the product of an arm's length negotiation. See Appellee's Mot. Ex. A at 23.

Finally, the Court does not possess the authority to enjoin the City from expending the money its has already drawn from the QOL financing facility absent the imposition of a stay pending appeal. See 11 U.S.C. § 364(e).  Accordingly,

IT IS ORDERED that the City of Detroit's motion to dismiss the appeal is granted and the appeal is dismissed as moot.

IT IS FURTHER ORDERED that Syncora's motion for certification of a direct appeal to the Sixth Circuit Court of Appeals is denied as moot [docket entry 6].


Dated:  September 17, 2014              s/ Bernard A. Friedman_____
        Detroit, Michigan               BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE