UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
-----------------------------------------------------------x
                                          :
In re                                     : Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                : Case No. 13-53846
                                          :
             Debtor.                      : Hon. Steven W. Rhodes
                                          :
                                          :
-----------------------------------------------------------x
```

## NOTICE OF RULE 30(b)(6) DEPOSITION
## AND DOCUMENT REQUESTS OF THE CITY OF DETROIT

PLEASE TAKE NOTICE THAT, pursuant to Federal Rule of Civil Procedure 30(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7030, Financial Guaranty Insurance Company ("FGIC"), by and through its undersigned attorneys, will take the deposition upon oral examination of the City of Detroit ("City"). The deposition will commence at such time and place as agreed to by the parties before an individual authorized by law to administer oaths, and will be recorded by stenographic and videographic means. The deposition will continue until completed as provided in the Federal Rules of Civil Procedure.

PLEASE TAKE FUTHER NOTICE THAT, in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure and Rule 7030 of the Federal Rules of Bankruptcy Procedure, the City shall designate person(s) most knowledgeable to testify on its behalf concerning the subjects identified in the attached Exhibit A and shall set forth, two (2) days prior to the scheduled date of the deposition, a written description of the name(s) and position(s) of the person(s) who will testify concerning the matters set forth in Exhibit A, and for each person designated, the matters on which he or she will testify. Furthermore, the City shall produce, at

WEIL:\95093028\4\45259.0007

least three (3) days before the scheduled date of the deposition, any and all documents responsive to the Document Requests in Exhibit B, attached to this notice.

Dated: September 18, 2014

/s/ Mark R. James_____
Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

-and-

Edward Soto
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, FL 33131
Telephone: (305) 577-3177
Facsimile: (305) 374-7159
Email: edward.soto@weil.com

– and –

Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

*Attorneys for Financial Guaranty Insurance Company*

WEIL:\95093028\4\45259.0007

# EXHIBIT A

# DEFINITIONS[1]

As used herein, the following terms shall have the stated meanings:

1. "All" and "each" shall be construed as all, each, any and every.

2. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Deposition Topics and Requests all documents and information that might otherwise be construed to be outside of its scope.

3. "City" means the City of Detroit, Michigan, as well as all of its past or present divisions, departments, agencies, commissions, officials, trustees, agents, affiliates, employees, attorneys, professionals, advisors, representatives, and all other persons acting or purporting to act on their behalf, including, without limitation, Kevyn D. Orr acting as Emergency Manager and all successors, agents, professionals, advisors, representatives thereof, and all other persons acting or purporting to act on his or his successor's behalf.

4. "Communication" means all transfers of information including, but not limited to, conversations, meetings, telephone calls, correspondence, letters, notes, memoranda, electronic mail and any other media that may be used to exchange or transmit information.

5. "Concerning" or "concerning" means and includes: with respect to, referring to, relating to, regarding, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, discussing,

---

[1] Any capitalized, undefined term herein shall have the meaning ascribed to it in the City's Seventh Amended Plan for the Adjustment of Debts of the City of Detroit, filed on September 16, 2014 [ECF No. 7502].

mentioning, pertaining to, relying upon, reporting, supporting, contradicting, evaluating or in any way relevant to the indicated item, person or event, whether in whole or in part.

6. "Concession Agreement" means the agreement set forth in that certain term sheet attached as Exhibit 2 to the Option Agreement.

7. "Documents" means all written, graphic, or printed matter of any kind, however produced or reproduced, including, but not limited to, all originals, drafts, working papers and non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and all electronic, mechanical, or optical records or representations of any kind or other data compilations from which information can be obtained, or translated, if necessary, by the City through detection devices into reasonable useable form. The term "documents" includes, but is not limited to:

> a. correspondence, memoranda, notes, calendar or diary entries, statistics, letters, electronic mail, notebooks, telegrams, journals, minutes, agendas, notices, announcements, instructions, charts, schedules, requests, contracts, prospective contracts, agreements, prospective agreements, licenses, prospective licenses, order forms, books, accounts, records, reports, studies, surveys, experiments, analyses, checks, cancelled checks, wire confirmations, statements, receipts, returns, vouchers, statements credit memoranda, sales slips, promissory notes, summaries, pamphlets, prospectuses, manuals, brochures, announcements, certificates, drawings, plans, intra-office and inter-office communications, or offers;
>
> b. notations in any form made of conversations, telephone calls, meetings, negotiations or other communications;

c. bulletins, circulars, schedules, lists, guides, printed matter (including but not limited to newspapers, magazines and other publications, articles and clippings there-from), press releases, computer printouts, teletypes, telecopies, telexes, invoices, ledgers, balance sheets, financial statements or worksheets;

d. graphic or aural records or representations of any kind (including but not limited to photographs, charts, graphs, microfiche, microfilm, videotape, or film recordings);

e. electronic, mechanical or optical records or representations of any kind (including but not limited to tapes, cassettes, discs, recordings, voice mail, computer-stored data or material), or transcriptions thereof; and

f. all drafts, alterations, modifications, changes and amendments of any of the foregoing and any material underlying, supporting or used in the preparation of any document.

8. "Grand Circus Parking Garage" means that certain underground parking garage, commonly known as the "Grand Circus Parking Garage," located at 1600-01 Woodward Avenue, Detroit, Michigan.

9. "Identify" means, unless otherwise additionally specified, (i) for a natural person, to include his or her full name, last known home and business addresses, present or last known position and job title or description, the actions taken by the person causing him or her to be listed in response to the Deposition Topics or Requests, and the dates and times of those actions; (ii) for a corporation, company or other legal entity, its full name, a description of the entity, and the address of its principal place of business; (iii) for documents, the date of the document, the author and signatories of the document, the type, subject matter and substance of the document,

WEIL:\95093028\4\48259.0007

the addresses of all other persons who received copies of the document, the present custodian of the document, and the present location of the document; and (iv) for facts, a statement and complete explanation of each fact, including any and all information considered ancillary or related to the facts disclosed in response to these Deposition Topics and Requests, including but not limited to the circumstances surrounding each fact.

10. "Including" means including, but not limited to, and is intended to illustrate the kinds of matters that are responsive to these Deposition Topics and Requests. Such examples are not intended to be exhaustive of the information sought and shall not in any way be read to limit the scope of the Deposition Topics or Requests.

11. "Individual" means and includes all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, any other form of business organization or arrangement, or any form of public, private or legal entity.

12. "Option Agreement" means that certain "Option Agreement," a form of which is included in Exhibit I.A.338 to the Plan as a "Form of Syncora Settlement Document[s]," by and between Pike Point Holdings, LLC and the City.

13. "Plan" means the City's Seventh Amended Plan for the Adjustment of Debts of the City of Detroit, filed on September 16, 2014 [ECF No. 7502].

14. "Regard" or "regarding" means and includes concerning, relating, with respect to, referring, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, discussing, mentioning, pertaining to, relying upon, reporting, supporting, contradicting, evaluating or in any way relevant to the indicated item, whether in whole or in part.

6

15. "Requests" means the Document Requests in Exhibit B to this notice of 30(b)(6) deposition.

16. "You," "you," "Your," or "your" means the City and any Individual acting on its behalf, including, but not limited to, direct or indirect parents, subsidiaries, successors, affiliates or assigns, attorneys, agents, accountants, advisors, investigators, representatives, employees and other persons acting on their behalf, including their direct or indirect parents, subsidiaries, successors and assigns, and includes all agents, employees, officers, directors, insurance companies, accountants, attorneys, investigators, representatives, affiliates, and any else acting or purporting to act on their behalf.

## DEPOSITION TOPICS

1. The Plan COP Settlement.

    a. Any and all documents concerning or regarding the Plan COP Settlement.

    b. The terms of the Plan COP Settlement.

    c. The nature and scope of COP Claims that must be sold to the Litigation Trust by a Settling COP Claimant pursuant to the Plan COP Settlement.

    d. The terms of the Class 9 Settlement Credits.

    e. The terms of the New C Notes and the New C Notes Documents.

2. The Syncora Settlement.

    a. Any and all documents concerning or regarding the Syncora Settlement, including the Syncora Settlement Documents.

    b. The terms of the Syncora Settlement and Syncora Settlement Documents.

WEIL:\95093028\4\45259.0007

c. The basis for the City entering into the Syncora Settlement and providing Syncora with different consideration and a higher percentage recovery than other holders of COP Claims.

d. The terms of the Option Agreement and Concession Agreement.

3. The Development Agreement.

    a. Any and all documents concerning or regarding the Development Agreement, including, but not limited to, Schedule I of that Agreement.

    b. The terms of the Development Agreement.

4. The COPs.

    a. The amount and type of COPs insured by Syncora.

    b. The amount and type of COPs owned or held by Syncora, including the extent to which such COPs are insured by (i) a COP Insurance Policy issued by Syncora or (ii) a COP Insurance Policy issued by FGIC.

    c. The type and amount of COP Claims that Syncora intends to sell to the Litigation Trust pursuant to the Plan COP Settlement and the Syncora Settlement, including, without limitation, whether this includes (i) COPs (and the extent to which such COPs are insured by a COP Insurance Policy) and/or (ii) claims of Syncora against any COP Insurer with respect to any COP Insurance Policy.

    d. The status of Syncora's COP Insurance Policies, all intended changes to Syncora's COP Insurance Policies, and the status of Syncora's COP Insurance Policies upon and after any sale of Syncora's COP Claims to the Litigation Trust pursuant to the Plan COP Settlement and Syncora Settlement.

5. The City Parking Assets.

    a. Any and all bids or other indications of interest received by the City for all or any portion of the City Parking Assets.

    b. Any and all considered or potential monetization strategies for the City Parking Assets.

    c. Forecasts of revenues and expenses for the City Parking Assets.

6. The Grand Circus Parking Garage.

    a. Historical financial data and projections for the Grand Circus Parking Garage, including historical rate information and potential plans to increase rates in the future and the impact such rate increases will have on future tourist attractions, businesses and entertainment venues surrounding the Grand Circus Parking Garage.

    b. Any and all information regarding the termination of the existing lease or concession agreement with respect to the Grand Circus Parking Garage.

    c. Any and all other bids, proposals, or indications of interest received or solicited by the City for the Grand Circus Parking Garage.

7. Class 9 Eligible Assets.

    a. The list of City assets included in the Class 9 Eligible City Asset Pool, and any City assets previously considered but ultimately excluded from such list.

    b. Rationale for excluding City assets that originally were included in the Class 9 Eligible City Asset Pool.

8. The Detroit-Windsor Tunnel.

    a. Historical financial data and projections for the Detroit-Windsor Tunnel.

WEIL:\95093028\4\45259.0007
9

b. Any and all studies regarding the Detroit-Windsor Tunnel, including traffic, economic impact, and asset condition studies.

c. Past indications of interest or solicitation of acquirers for the Detroit-Windsor Tunnel.

d. The terms of the Tunnel Lease and any existing or contemplated amendment thereto (including, without limitation, any amendment pursuant to the Syncora Settlement).

e. Current or former tunnel-related property releases or sub-leases with third parties.

f. The impact of rejecting the Tunnel Lease, including the legal, financial, and operational impact of such a rejection.

9. Valuations.

   a. The value of the Plan COP Settlement.

   b. The value of the Development Agreement and the property subject thereto.

   c. The value of the City Parking Assets.

   d. The value of the New C Notes.

   e. The value of the Class 9 Settlement Credits.

   f. The value of the Class 9 Eligible City Assets, and any asset considered for inclusion but ultimately left out of the Class 9 Eligible City Assets.

   g. The value of the Parking Garages.

   h. The value of the Grand Circus Parking Garage, the Option Agreement, and the Concession Agreement.

# EXHIBIT B

## DEFINITIONS

See definitions in Exhibit A, attached to this notice.

## INSTRUCTIONS

1. Production shall be made as the records are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of these Requests.

2. If any documents are not available for production because they have been misplaced, discarded, or destroyed, identify which documents cannot be produced for these reasons, and state fully in writing the reasons that the documents are unavailable.

3. If any document cannot be produced in full, it shall be produced to the maximum extent possible and You shall specify in writing the reasons for Your inability to produce the remainder.

4. If any documents are available but are not produced because of an objection, including an objection based on privilege, identify such documents with particularity as to date, subject matter and the nature of the objection or privilege claim.

5. If documents called for are not available to You because they are in the custody or in control of a third person, identify such documents and the third person in whose possession or control said documents are to be found.

6. Produce original documents whenever such documents are available to You.

7. Produce all documents available by virtue of being in possession of Your attorneys or other agents.

8. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. Words in the masculine, feminine or neuter shall include each of the other genders.

9. Unless otherwise stated, the time period applicable to the documents called for is January 1, 2013, through the date of these Requests, subject to Your ongoing obligation to supplement Your responses under the applicable rules.

## **DOCUMENT REQUESTS**

1. Any and all documents concerning or regarding the Plan COP Settlement, including the nature and scope of COP Claims that must be sold to the Litigation Trust by a Settling COP Claimant pursuant to it, the Class 9 Settlement Credits, and the New C Notes and New C Notes Documents.

2. Any and all documents concerning or regarding the Syncora Settlement and the Syncora Settlement Documents, including: (1) the basis for the City providing Syncora with different consideration and a higher percentage recovery than other holders of COP Claims; (2) the Tunnel Lease and any existing or contemplated amendment thereto (including, without limitation, any amendment pursuant to the Syncora Settlement); and (3) the Grand Circus Parking Garage, the Option Agreement, and the Concession Agreement.

3. Any and all documents concerning or regarding the Development Agreement.

4. Any and all documents concerning or regarding the COPs, including the following:

    a. The COPs insured by Syncora, and any COP Insurance Policy related thereto.

    b. The COPs owned or held by Syncora and any COP Insurance Policy related thereto.

    c. The COP Claims that Syncora intends to sell to the Litigation Trust pursuant to the Plan COP Settlement and the Syncora Settlement.

d. The status of Syncora's COP Insurance Policies, all intended or proposed changes to Syncora's COP Insurance Policies, and the status of Syncora's COP Insurance Policies upon and after any sale of Syncora's COP Claims to the Litigation Trust pursuant to the Plan COP Settlement and Syncora Settlement.

5. Any and all documents and communications between Syncora and the City regarding the Dismissed Syncora Litigation.

6. Any and all documents regarding the City Parking Assets, including bids or other indications of interests received or solicited by the City for the City Parking Assets, communications with such bidders, assessments of considered or potential monetization strategies for the City Parking Assets, and revenue and expense forecasts for each facility within the City Parking Assets.

7. Any and all documents regarding City assets in the Class 9 Eligible City Asset Pool, including documents regarding the rationale for including such assets and the rationale for excluding other City assets originally included in the Class 9 Eligible City Asset Pool.

8. Any and all documents regarding the Detroit-Windsor Tunnel, including the Tunnel Lease, historical financial data, financial projections, recent or past traffic studies, economic impact studies, asset condition assessments, solicitations or indications of interest in the tunnel, tunnel-related property leases or sub-leases to third parties, and reasons for not rejecting the Tunnel Lease.

9. Any and all documents regarding the Grand Circus Parking Garage, including historical financial data and projections, historical rate information and potential plans for future rate increases, reasons why the existing lease or concession agreement was terminated, and other proposals or indications of interests for the Grand Circus Parking Garage.

WEIL:\95093028\4\45259.0007

10. Any and all documents regarding or concerning the value of the following:

   a. The Plan COP Settlement.

   b. The Syncora Settlement.

   c. The Development Agreement and the property subject thereto.

   d. The City Parking Assets.

   e. The New C Notes.

   f. The Class 9 Settlement Credits.

   g. The Class 9 Eligible City Assets.

   h. The Parking Garages.

   i. The Grand Circus Parking Garage, the Option Agreement, and the Concession Agreement.