# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |

## FEE EXAMINER'S FINAL MONTHLY REPORT REGARDING ERNST & YOUNG JULY-SEPTEMBER 2013 MONTHLY INVOICES

Robert M. Fishman, the duly appointed fee examiner (the "Fee Examiner"), presents this Final Monthly Report regarding the July-September 2013 Monthly Invoices of Ernst & Young LLP ("EY") (the "Invoices") pursuant to paragraph 7 of the Court's Fee Review Order dated September 11, 2013 [Docket No. 810] (the "Fee Review Order"):[1]

### Background

1. Pursuant to the Order Appointing Fee Examiner dated August 19, 2013 [Docket No. 383] (the "Appointment Order"), the Court appointed Robert M. Fishman as the Fee Examiner in connection with the above-captioned bankruptcy case. According to the Appointment Order, it is the Fee Examiner's responsibility to assure the Court, the City, the creditors, and the public that the City's Professional Fee Expenses (as defined in the Appointment Order) are fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3).

2. Pursuant to paragraph 1 of the Fee Review Order, the City and the Committee have identified the following City Professionals and Committee Professionals, whose Professional Fee Expenses are subject to review by the Fee Examiner:

---

[1] Capitalized terms not otherwise defined herein shall have the meaning assigned in the Fee Review Order.

| City Professionals | Committee Professionals |
| --- | --- |
| Conway MacKenzie, Inc. | Dentons US LLP/Salans FMC SNR Denton Europe LLP |
| Ernst & Young LLP | Brooks Wilkins Sharkey & Turco PLLC |
| Jones Day | Lazard Freres & Co. LLC |
| Foley & Lardner LLP | Segal Consulting |
| Kurtzman Carson Consultants LLC | |
| Miller Buckfire & Co. LLC | |
| Miller, Canfield, Paddock & Stone, P.L.C. | |
| Milliman, Inc. | |
| Pepper Hamilton LLP | |
| Kilpatrick & Associates, PC | |
| Dykema Gossett, PLLC | |
| Ottenwess, Allman & Taweel, PLC | |

3. Pursuant to paragraph 4 of the Fee Review Order, the Professionals are required to submit monthly invoices to the Fee Examiner within 49 days after the end of each calendar month. EY transmitted its July Invoice to the Fee Examiner on October 9, 2013. EY transmitted its August Invoice to the Fee Examiner on October 21, 2013. EY transmitted its September Invoice to the Fee Examiner on November 18, 2013.

4. The Fee Examiner issued and transmitted a July-August 2013 Preliminary Report (the "J/A Preliminary Report") to EY on November 25, 2013. In the J/A Preliminary Report, the Fee Examiner requested that certain fee categories utilized by EY in its Invoices be eliminated because the Fee Examiner believed that they were too general in nature and did not adequately capture the subject matter of the services being performed. It was the Fee Examiner's view that the use of these categories made a thorough and meaningful review of the EY July and August Invoices extremely difficult, particularly with regard to several categories based upon various types of meetings ("Meetings Categories"). The Fee Examiner determined that he would have to review the revised Invoices in their entirety, because so many entries were going to be moved to a different category. Therefore, the Fee Examiner decided to wait for revised July and August Invoices before engaging in any further review.

5. The Fee Examiner did engage in Resolution Discussions with EY in an effort to resolve the Fee Examiner's other comments and questions regarding the July and August Invoices. On December 30, 2013, the Fee Examiner communicated to EY that because EY's September Invoice had the same "category" issues raised in the J/A Preliminary Report respecting the July and August Invoices, the Fee Examiner was not going to review the September Invoice until EY made the requested changes and resubmitted the September Invoice.

6. On January 13, 2014, EY sent a revised September Invoice, and on January 18, 2014, EY sent revised July and August Invoices. After receipt of these Invoices, the Fee Examiner asked EY for some additional information that would make the review of the Invoices more efficient. On February 5, 2014, EY provided the additional information. Because of the magnitude and timing of the Fee Examiner's other responsibilities in the Case at that same time, it took the Fee Examiner the next several weeks to review the revised July, August and September EY Invoices (as well as dealing with the October and November Invoices for all of the other Professionals).

7. On March 20, 2014, the Fee Examiner issued and transmitted a September 2013 Preliminary Report (the "September Preliminary Report") to EY. Further Resolution Discussions and written communications occurred between EY and the Fee Examiner, and on April 22, 2014, EY transmitted revised July, August and September Invoices to the Fee Examiner.

8. On April 30, 2014, the Fee Examiner advised EY that the Meetings Categories had reappeared in the revised September Invoice. On May 2, 2014, EY sent a new revised September Invoice that rectified the categorization issue. However, the revised July and

{10661-001 RPT A0385379.DOCX}                     3
13-53846-tjt   Doc 7574-1   Filed 09/18/14   Entered 09/18/14 19:21:06   Page 4 of 7

September Invoices required further adjustment in order to eliminate certain expenses that had been inadvertently duplicated.

9. On June 9, 2014, EY sent further revised July and September Invoices to the Fee Examiner. Subsequent to receipt of these further revised July and September Invoices, the Fee Examiner was able to complete his review of the July, August and September Invoices of EY. Accordingly, pursuant to paragraph 7 of the Fee Review Order, the Fee Examiner submits this Final Monthly Report regarding the EY July, August and September Invoices.

## Summary of EY Invoices

10. Attached to this Final Monthly Report (as Exhibits A-C, respectively) are copies of the final, redacted (as applicable) July, August and September Invoices of EY, which have been revised based on the J/A and September Preliminary Reports and Resolution Discussions between the Fee Examiner and EY.

## EY July and August Invoices (Exhibits A-B)

| Initial Voluntary Discounts | Professional Fees Charged at 65% of EY Standard Rates; Non-Working Travel Time Capped at 2 Hrs; Meals Not Billed. |
|---|---|
| Original Fee Request | $1,426,334 |
| Agreed Fee Write-Offs | ($24,770) |
| Revised Fee Request After Agreed Write-Offs | $1,401,564 |
| 10% Contractual Fee Hold-Back[2] | ($140,156) |
| Additional Voluntary Fee Reduction | ($0) |
| Final Fee Request (w/o Hold-Back) | $1,401,564 |
| Interim Fee Request (w/ Hold-Back) | $1,261,408 |
| Original Expense Request | $60,945 |
| Additional Voluntary Expense Reduction | ($566) |
| Final Expense Request | $60,379 |
| Total Fee and Expense Request (w/o Hold-Back) | $1,461,943 |

---

[2] Under the terms of EY's engagement agreement with the City, the monthly fees of EY are "subject to a 10% holdback that will be payable upon the confirmation of a Plan of Adjustment of Debts by the Bankruptcy Court by December 31, 2014. In the event a Plan of Adjustment of Debts is not confirmed by December 31, 2014, the cumulative holdback amount will not be payable."

| Interim Fee and Expense Request (w/ Hold-Back) | $1,321,787 |

11. In the J/A Preliminary Report, the Fee Examiner identified several issues and suggested certain revisions related to, among other things, (i) the staffing of senior level EY professionals; (ii) vague and insufficient time entries; (iii) the need to eliminate certain time categories (such as the Meetings Categories) that were too general in nature to permit the Fee Examiner to conduct a meaningful review of time entries; (iv) the sorting of time entries by billing category and professional as opposed to billing category and date; (v) time entries for recurring services; and (vi) expense detail on travel.

12. Through its response to the J/A Preliminary Report and its various Resolution Discussions with the Fee Examiner, as detailed above, EY has addressed the Fee Examiner's concerns, and it has revised its July and August Invoices accordingly. Consequently, EY has fully complied with the terms of the Court's Fee Review Order for the compensation period of July and August 2013.

### EY September Invoice (Exhibit C)

| Initial Voluntary Discounts | Professional Fees Charged at 65% of EY Standard Rates; Non-Working Travel Time Capped at 2 Hrs; Meals Not Billed. |
| --- | --- |
| Original Fee Request | $1,115,590 |
| Agreed Fee Write-Offs | ($19,523) |
| Revised Fee Request After Agreed Write-Offs | $1,096,067 |
| 10% Contractual Fee Hold-Back (*see* fn. 2) | ($109,607) |
| Additional Voluntary Fee Reduction | ($50,000) |
| Final Fee Request (w/o Hold-Back) | $1,046,067 |
| Interim Fee Request (w/ Hold-Back) | $936,460 |
| Original Expense Request | $88,519 |
| Additional Voluntary Expense Reduction | ($52,092) |
| Final Expense Request | $36,427 |
| Final Fee and Expense Request (w/o Hold-Back) | $1,082,494 |
| Interim Fee and Expense Request (w/ Hold-Back) | $972,887 |

13. As noted above, like the July/August Invoices, EY's original September 2013 Invoice reflected several Meetings Categories that necessitated the Invoice's revision. After receiving and reviewing a revised September 2013 Invoice that eliminated the Meetings Categories and recategorized the applicable time entries, the Fee Examiner issued the September Preliminary Report.

14. The September Preliminary Report identified several issues and suggested additional revisions related to, among other things, (i) the creation of a glossary of common abbreviated terms used in the Invoice; (ii) vague and insufficient time entries; (iii) the need for clarifications on time entries that are meant to reflect a continuation of a discrete task that was previously commenced; and (iv) expense detail on travel. Through its response to the September Preliminary Report and its various Resolution Discussions with the Fee Examiner, as detailed above, EY has addressed the Fee Examiner's concerns, and it has revised its September Invoice accordingly. Consequently, EY has fully complied with the terms of the Court's Fee Review Order for the compensation period of September 2013.

Respectfully submitted,

Dated: September 17, 2014

By: /s/ Robert M. Fishman
Robert M. Fishman, Fee Examiner

Robert M. Fishman
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
Phone: (312) 541-0151
rfishman@shawfishman.com