UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |

**FEE EXAMINER'S FIRST SUPPLEMENTAL QUARTERLY REPORT FOR MONTHS OF OCTOBER, NOVEMBER AND DECEMBER 2013**

Robert M. Fishman, the duly appointed fee examiner (the "Fee Examiner"), submits this First Supplemental Quarterly Report (the "First Supplemental Quarterly Report") for the Months of October, November and December 2013 (the "Reporting Period") pursuant to paragraph 8 of the Court's Fee Review Order dated September 11, 2013 [Docket No. 810] (the "Fee Review Order").[1] The purposes of this First Supplemental Quarterly Report is (i) to add the final invoices of Ernst & Young LLP ("EY") for the Reporting Period to the Fee Examiner's Second Quarterly Report dated May 6, 2014 [Docket No. 4498] (the "Second Quarterly Report"), and (ii) to add the final invoice of Dentons US LLP/Salans FMC SNR Denton Europe LLP ("Dentons") for December 2013 to the Second Quarterly Report.

**Background**

1. Pursuant to the Order Appointing Fee Examiner dated August 19, 2013 [Docket No. 383] (the "Appointment Order"), the Court appointed Robert M. Fishman as the Fee Examiner in connection with the above-captioned bankruptcy case (the "Case"). Pursuant to the Appointment Order, it is the Fee Examiner's responsibility to assure the Court, the City, the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning assigned in the Fee Review Order.

creditors, and the public that the City's Professional Fee Expenses (as defined in the Appointment Order) are fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3).

2. Pursuant to paragraph 1 of the Fee Review Order, by no later than September 30, 2013, the City and the Committee were both required to submit lists of all professionals who have been retained to render services in connection with the Case and who seek payment of compensation and reimbursement of expenses from the City for post-petition services, excluding ordinary course professionals hired by the City not in conjunction with the Case, but rather in the same contexts and capacities as such professionals were typically hired by the City prior to the commencement of the Case. Fee Review Order, ¶ 1. The City and the Committee both complied with this requirement by submitting lists of the following City Professionals and Committee Professionals:[2]

**City Professionals**

Conway MacKenzie, Inc.
Dykema Gossett, PLLC
Ernst & Young LLP
Jones Day
Foley & Lardner LLP
Kilpatrick & Associates, PC
Kurtzman Carson Consultants LLC
Miller Buckfire & Co. LLC
Miller, Canfield, Paddock & Stone, P.L.C.
Milliman, Inc.
Ottenwess, Allman & Taweel, PLC
Pepper Hamilton LLP

**Committee Professionals**

Dentons US LLP/Salans FMC SNR Denton Europe LLP
Brooks Wilkins Sharkey & Turco PLLC
Lazard Freres & Co. LLC
Segal Consulting

---

[2] The City added Professionals (Dykema Gossett, PLLC, Kilpatrick & Associates, PC and Ottenwess, Allman & Taweel, PLC) in a letter to the Fee Examiner dated December 13, 2013.

3. By no later than October 4, 2013, each City Professional and Committee Professional was required to submit to the Fee Examiner (a) an executed copy of its engagement letter, (b) a verified rate statement respecting regular hourly rates and Discounted Rates, and (c) a list of billing and expense categories to be used in monthly invoices (the "Invoices"), which list had to be acceptable to the Fee Examiner in his reasonable discretion (collectively, the "Initial Submissions"). Fee Review Order, ¶ 2.

4. Pursuant to the Fee Review Order, each Professional is required to submit Invoices to the Fee Examiner within 49 days after the end of each calendar month; provided, however, that the July and August 2013 Invoices were due on or before October 21, 2013 (each, an "Invoice Deadline"). *Id.*, ¶ 4. Within 35 days of each Invoice Deadline, the Fee Examiner is required to create Preliminary Reports with respect to each timely submitted Invoice and transmit that Preliminary Report to the applicable Professional. *Id.*, ¶ 5. During the 14-day period after the Fee Examiner transmits the Preliminary Report (the "Resolution Period"), the Fee Examiner and each Professional are required to meet and confer respecting any issues raised by the Fee Examiner in the Preliminary Report in an effort to resolve such issues by agreement (the "Resolution Discussion"). *Id.*, ¶ 6.

5. Within 14 days after the expiration of the Resolution Period, the Fee Examiner is required to prepare a Final Monthly Report respecting all of the Invoices. Fee Review Order, ¶ 7. In the Final Monthly Report, the Fee Examiner is required to delineate all write-offs and other adjustments made to each Invoice, both before the submission of the Monthly Invoice and as a result of the Resolution Discussions. *Id.*

{10661-001 RPT A0385332.DOCX}  3
13-53846-tjt   Doc 7575   Filed 09/18/14   Entered 09/18/14 19:32:57   Page 3 of 8

6. Beginning on February 4, 2014[3] and approximately every 91 days thereafter, the Fee Examiner is required to prepare Quarterly Reports, which must include the following: (a) copies of each of the Final Monthly Reports for the applicable months and copies of each Monthly Invoice (subject to redaction requirements); (b) a summary of the Professional Fee Expenses for each Professional for the applicable time period, as well as for all prior time periods (if applicable); and (c) a statement by the Fee Examiner as to whether all of the Professional Fee Expenses covered by the Quarterly Report have been fully disclosed and are reasonable. Fee Review Order, ¶ 8. The Quarterly Reports must be filed with the Court and posted on the Emergency Manager's page of the City's website and on the restructuring website maintained by the City's claims and noticing agent. *Id*.

7. The Fee Review Order sets forth other procedures and requirements that apply to and govern the submission, disclosure and review of all Professional Fees in the Case.

8. On May 6, 2014, the Fee Examiner filed his Second Quarterly Report, which covered the Reporting Period. EY's final invoices for the Reporting Period were not available in time for the filing of the Second Quarterly Report. Similarly, Dentons' final invoice for December was unavailable. This First Supplemental Quarterly Report addresses the final Invoices submitted by EY and Dentons for the missing months of the Reporting Period.

## I.    EY

**A.    EY Final Monthly Reports and Monthly Invoices**

9. As required by the Fee Review Order, the Fee Examiner prepared and transmitted Preliminary Reports to EY and engaged in substantial Resolution Discussions with EY prior to preparing the Final Monthly Report respecting EY for the Reporting Period. The

---

[3] The original date set forth in the Fee Review Order was January 15, 2014, but the Court entered an Order extending that date to February 4, 2014 [Dkt. # 2435].

Final Monthly Report[4] is attached hereto as Exhibit 1, and it includes copies of revised final Invoices (redacted where applicable) submitted by EY for the Reporting Period.

B. **Summary of Professional Fee Expenses for Reporting Period**

10. The attached Final Monthly Report includes a summary of the Professional Fee Expenses for the Invoices. The following is a summary of the Professional Fee Expenses of EY for the Reporting Period following the Fee Examiner's review of the Invoices and related Resolution Discussions with EY:

| Ernst & Young, LLP | | |
|---|---|---|
| | **Total Fee Request[5]** | **Total Expense Request** |
| October 2013 | $1,720,820.00 | $98,797.00 |
| November 2013 | $1,236,782.00 | $74,500.00 |
| December 2013 | $975,020.00 | $43,968.00 |
| **Quarterly Totals:** | $3,932,622.00 | $217,265.00 |
| **Total for First Quarter (July-Sept) 2013:** | $2,447,631.00 | $96,806.00 |
| **Total for Case as of 12-31-13:** | $6,380,253.00 | $314,071.00 |

II. **Dentons**

A. **Dentons Final Monthly Report and Monthly Invoice For December 2013**

11. As required by the Fee Review Order, the Fee Examiner prepared and transmitted a Preliminary Report to Dentons and engaged in Resolution Discussions with Dentons prior to preparing the Final Monthly Report respecting Dentons for December 2013.

---

[4] This Final Monthly Report for EY covers the entire time period from October 1, 2013 through December 31, 2013.

[5] Under the terms of EY's engagement agreement with the City, the monthly fees of EY are "subject to a 10% holdback that will be payable upon the confirmation of a Plan of Adjustment of Debts by the Bankruptcy Court by December 31, 2014. In the event a Plan of Adjustment of Debts is not confirmed by December 31, 2014, the cumulative holdback amount will not be payable." Consequently, as specified in the Final Monthly Report attached hereto as Exhibit 1, the amounts reflected in the Total Fee Request column above are subject to additional holdbacks in accordance with EY's engagement agreement with the City.

The Final Monthly Report is attached hereto as Exhibit 1, and it includes a copy of a redacted Invoice submitted by Dentons for December 2013.

B.  **Summary of Dentons Professional Fee Expenses for Reporting Period**

12. The Final Monthly Report attached hereto as Exhibit 2 includes a summary of the Professional Fee Expenses for Dentons's December 2013 Invoice. The following is a summary of the Professional Fee Expenses of Dentons for the Reporting Period following the Fee Examiner's review of the Invoices and related Resolution Discussions with Dentons:[6]

| Dentons US LLP/Salans FMC SNR Denton Europe LLP | | |
|---|---|---|
| | **Total Fee Request** | **Total Expense Request** |
| October 2013 | $1,943,608.25 | $49,141.61 |
| November 2013 | $979,896.31 | $82,306.41 |
| December 2013 | $1,018,844.25 | $55,136.08 |
| **Quarterly Totals:** | $3,942,348.81 | $186,584.10 |
| **Total for First Quarter (July-Sept) 2013:** | $1,512,979.75 | $54,102.83 |
| **Total for Case as of 12-31-13:** | $5,455,328.56 | $240,686.93 |

**Statement Regarding Disclosure and Reasonableness of Professional Fee Expenses**

13. The procedures and requirements set forth in the Fee Review Order, including but not limited to the submission of the information contained in this First Supplemental Quarterly Report, are intended to ensure the adequacy of disclosure and a mechanism to assess the reasonableness of all Professional Fee Expenses. For example, the Initial Submissions enabled the Fee Examiner (i) to understand the terms of the engagement letters pursuant to which each Professional is employed, (ii) to evaluate the significance of any Discounted Rates in comparison to each Professional's regular hourly rates, and (iii) to obtain Invoices in a sufficiently detailed

---

[6] The Second Quarterly Report did not address the Professional Fee Expenses of Dentons for the month of December 2013 due to the unavailability of the final Dentons' invoice for that month.

and organized format that is conducive to meaningful review. The Fee Examiner, individually and through his professionals, conducted a thorough review of each Invoice and generated a Preliminary Report for each Invoice that contained the Fee Examiner's detailed comments and questions, which were aimed at (a) generating compliance with the substantive requirements of the Fee Review Order and the reasonableness standards developed by the Fee Examiner based on his extensive experience in bankruptcy cases, and (b) providing full public disclosure of the Professional Fee Expenses (subject only to redacting as determined by the applicable Professional).

14. Clearly, the aggregate Professional Fee Expenses incurred during the Reporting Period were substantial. Due to the magnitude and complexity of the Case, the novelty of the legal issues, the extremely tight time frames imposed by the Court and the strong differences in opinion between the various parties about what to do and how to do it, it was (and continues to be) inevitable that the costs associated with the services provided by the various Professionals were going to be significant. It is impossible (and inappropriate) to view these numbers in the abstract. They must be tested against the circumstances of the Case, such as the amount of debt being addressed, the number of competing interests that have to be considered, the number of diverse problems that must be simultaneously considered and solved and the uncharted waters of a Chapter 9 case of this magnitude.

15. During the Reporting Period, significant matters were on-going, including the eligibility trial, numerous simultaneous mediations, the contested hearings respecting the Debtor's motion to assume and approve the forbearance and optional termination agreement documenting the settlement of swap-related disputes, and multiple pension and labor negotiations.

16. All of the issues that the Fee Examiner identified in the Preliminary Reports sent to EY and Dentons were reasonably addressed to the Fee Examiner's satisfaction through the Resolution Discussions and the subsequent revisions to the invoices of EY and Dentons. The power of the Fee Examiner under the Fee Review Order is limited to recommendations and challenges made through the Preliminary Reports and the Resolution Discussions. The Fee Examiner has no authority to require modifications of the Invoices or to reduce the amount of any firm's Professional Fee Expense request.

17. The Final Monthly Reports prepared by the Fee Examiner delineate the rate discounts, voluntary write-offs and reductions by EY and Dentons, as applicable, both before the submission of each Invoice and as a result of the Resolution Discussions with the Fee Examiner, and, in the Fee Examiner's opinion, further reflect the reasonableness of the Professional Fee Expenses. The Fee Examiner believes that all of the requested expenses were necessarily incurred by EY and Dentons in connection with the services rendered. Accordingly, the Fee Examiner submits that all of the Professional Fee Expenses of EY and Dentons from the Reporting Period, as covered by this First Supplemental Quarterly Report, have been fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3).

Respectfully submitted,

Dated: September 18, 2014

By: /s/ Robert M. Fishman
Robert M. Fishman, Fee Examiner

Robert M. Fishman
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
(312) 541-0151
rfishman@shawfishman.com