IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------x
                                                 :

In re                                          : Chapter 9
                                                 :

CITY OF DETROIT, MICHIGAN,        : Case No. 13-53846
                                                 :
                Debtor.                   : Hon. Steven W. Rhodes
                                                 :
                                                 :
---------------------------------------------------------------x

### LIMITED OBJECTION AND RESERVATION OF RIGHTS OF
### WILMINGTON TRUST, NATIONAL ASSOCIATION, WITH RESPECT
### TO PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT

Wilmington Trust, National Association, not individually, but solely in its capacity as successor contract administrator[1] (the "Contract Administrator"), hereby submits this limited objection and reservation of rights (this "Limited Objection") to the *Seventh Amended Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 7502) (as such may be amended, modified, or supplemented, the "Seventh Amended Plan"), filed on September 16, 2014, as contemplated by the *Order Approving Stipulation By and Between the City of Detroit, Michigan*

---

[1] Wilmington Trust, National Association, serves as successor to U.S. Bank National Association ("U.S. Bank"), as: (a) Trustee ("Trustee") under that certain Trust Agreement, dated June 2, 2005 (the "2005 Trust Agreement"), by and among the Detroit General Retirement System Service Corporation (the "GRS Corporation"), the Detroit Police and Fire Retirement System Service Corporation (the "PFRS Corporation"), and U.S. Bank, and as successor Contract Administrator under that certain Contract Administration Agreement, dated June 2, 2005, by and among the Detroit Retirement Systems Funding Trust 2005 (the "2005 Funding Trust"), the GRS Corporation, the PFRS Corporation, and U.S. Bank, regarding the issuance of Certificates of Participation Series 2005-A by the 2005 Funding Trust and the transactions contemplated thereby; and (b) Trustee under that certain Trust Agreement, dated June 12, 2006, by and among the GRS Corporation, the PFRS Corporation, and U.S. Bank, and as Contract Administrator under that certain Contract Administration Agreement, dated June 12, 2006 (and together with the 2005 Trust Agreement, the "Funding Trust Agreements"), by and among the Detroit Retirement Systems Funding Trust 2006 (the "2006 Funding Trust"), the GRS Corporation, the PFRS Corporation and U.S. Bank, in each case, regarding the issuance of Certificates of Participation Series 2006-A and 2006-B by the 2006 Funding Trust and the transactions contemplated thereby.

*and Creditors Regarding Adjournment of the Hearing on Plan Confirmation* (Docket No. 7530) (the "Stipulated Order"). In support of this Limited Objection, the Contract Administrator respectfully states as follows:

## GENERAL BACKGROUND

1. On July 18, 2013, the City of Detroit, Michigan (the "City") filed a petition for relief under chapter 9 of title 11 of the United States Code, 11 U.S.C §§ 101 – 1532 (the "Bankruptcy Code"). Thereafter, the City filed multiple versions of a plan of adjustment (nine in total to date), the last of which was the Seventh Amended Plan.

2. On September 9, 2014, Syncora Capital Assurance Inc. and Syncora Guarantee Inc., (together, "Syncora") and the City filed *Joint Motion of Syncora and the City of Detroit for Adjournment of the Hearing* (Docket No. 7379), announcing that an agreement in principle had been reached resolving Syncora's confirmation objections (the "Syncora Settlement"). The proposed terms of the Syncora Settlement are outlined in the Seventh Amended Plan.

3. On September 14, 2014, the Contract Administrator filed *Joinder to Motion of Creditors for Adjournment of Confirmation Hearing and Relief from Scheduling Order and Limited Statement Respecting Settlement Terms* (Docket No. 7476) (the "Limited Statement").

## LIMITED OBJECTION AND RESERVATION OF RIGHTS[2]

4. The Contract Administrator is presently engaged in on-going discussions with counsel for the City and Syncora and files this Limited Objection out of an abundance of caution

---

[2] The Contract Administrator previously filed three (3) objections to plan confirmation (Docket Nos. 4656, 6678, & 7050), a pretrial brief (Docket No. 7147), and made statements relating to the Seventh Amended Plan in the Limited Statement (collectively, the "Plan Related Statements"). This Limited Objection adopts the arguments contained in the Plan Related Statements that are still applicable and include, among others, (i) unfair discrimination against Class 9 COP Claims, (ii) insufficient and illusory Disputed COP Claims Reserve, and (iii) failure to make the required disclosures of fees and expenses. This Limited Objection does not supplant and is in addition to and supplements the arguments set forth in the Plan Related Statements, which are still in force and have not been waived or withdrawn by the Contract Administrator at this time.

to (a) note that certain terms and conditions of the Syncora Settlement need to be addressed and clarified, and (b) preserve the Contract Administrator's rights pending (i) the satisfactory resolution of such matters and/or (ii) the results of any additional information that may be obtained from the discovery conducted pursuant to the Stipulated Order.

5.  As presently drafted, there are logistical problems with the implementation of the the Syncora Settlement and the proposed transaction with the Litigation Trust[3]. By way of example, the exact consideration being "sold" to the Litigation Trust by Syncora under the Seventh Amended Plan are Syncora's "COP Claims." *See* Seventh Amended Plan, § II.B.3.p.iii.A. COP Claims are defined in the Seventh Amended Plan to include:

> any Claim (other than a COP Swap Claim) on account of any act, omission or representation (however described) based upon, arising out of or relating to: (a) the issuance, offering, underwriting, purchase, sale, ownership or trading of any COPs (to the extent any such Claim is not a Subordinated Claim); (b) the COP Service Corporations; (c) any COP Service Contracts; (d) the 2005 COPs Agreement; (e) the 2006 COPs Agreement; (f) the Detroit Retirement Systems Funding Trust 2005; (g) the Detroit Retirement Systems Funding Trust 2006; (h) the Contract Administration Agreement 2005; (i) the Contract Administration Agreement 2006; (j) any allegations that have been made or could have been made by or against the City or any other person in the COP Litigation; or (k) any policy of insurance relating to the COPs.

Seventh Amended Plan, § I.A.79. Such a sale is contrary to the terms of the COP Documents in that claims for principal and interest on account of the COPs, as well as claims for the Contract Administrator and Trustee's fees and expenses are to be filed and proved, and therefore held, only by the Contract Administrator. *See* Contract Administration Agreements, § 6.4; *see also* WTNA Proofs of Claim (as defined in the Limited Statement). Further, the Seventh Amended Plan needs to clearly state that the Syncora Settlement is not on account of,

---

[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Seventh Amended Plan, as may be applicable.

and does not impact the other holders of COPs that are insured by Syncora – Syncora does not beneficially own all of the COPs it insurers at this point in time.

6. Given that the Seventh Amended Plan defines COP Claims broadly, it necessarily includes claims other than claims for principal and prepetition interest on account of the COPs. Yet these claims for amounts other than principal and prepetition interest are not addressed in the Seventh Amended Plan. It is not clear what recovery or settlement consideration these COP Claims would receive if they were to submit a Notice of COP Settlement Acceptance, since the settlement only provides for a recovery as a percentage of beneficially owned principal. For example, the "COP Claim" definition currently includes the claims filed on account of the City's contractual obligation to pay the Contract Administrator and Trustee's fees and expenses. Neither Syncora nor any of the beneficial owners of COPs hold these claims, they are held solely by the Contract Administrator and the Trustee. Thus, it is unclear what settlement consideration the Contract Administrator and the Trustee would receive if either were to submit a Notice of COP Settlement Acceptance on account of the portion of the WTNA Proofs of Claim relating to their fees and expenses (other than the fees and expenses that are to be paid by Syncora and other settling COPs holders pursuant to the terms of the Seventh Amended Plan).

7. Additionally, to the extent that Syncora is selling the actual COP Certificates (as defined in the Limited Statement) for which it is the beneficial owner to the Litigation Trust, the Contract Administrator understands that Syncora does not intend to make insurance payments on such COP Certificates after the sale. However, the Funding Trust is the holder of the insurance policy. *See* Municipal Bond Insurance Policies Nos. CA02078A, CA02079A and CA03049A, attached hereto collectively as <u>Exhibit A</u>. As such, it is unclear how the insurance obligation can

4

13-53846-tjt    Doc 7603    Filed 09/19/14    Entered 09/19/14 15:32:11    Page 4 of 7

be extinguished absent either an agreement with the policyholder or a final non-appealable court order.

8. Finally, the Contract Administrator hereby incorporates as though fully set forth at length herein, the concerns regarding the Syncora Settlement raised in its Limited Statement. *See* Limited Statement, ¶¶ 9-15. Specifically, that it appears that the Syncora Settlement fails to comport with the terms and conditions set forth in the Contract Administration Agreements and the Funding Trust Agreements respecting the flow of funds and the overall distribution scheme.

9. The Contract Administrator hereby reserves and preserves all of its rights, remedies, and arguments in connection with this Limited Objection, and reserves all rights to (a) supplement this Limited Objection based on information obtained through discovery, (b) be heard before the Court with regard to the arguments set forth in this Limited Objection (c) join in any objection to the Seventh Amended Plan filed by any other creditor or party in interest, and (d) make any other applicable arguments, including those raised in other objections, other joinders or other confirmation pre-trial briefing with respect to the Seventh Amended Plan and the Syncora Settlement filed by the Contract Administrator or any other party in interest. Nothing contained herein is intended to contravene or supersede any arguments or positions that have been made or taken, or that may be made or taken, by any Certificateholders (as defined in the relevant Funding Trust Agreements set forth in footnote 1).

## **CONCLUSION**

WHEREFORE, the Contract Administrator at this time maintains its objections to the Seventh Amended Plan and requests that the Court deny confirmation of the Seventh Amended Plan and grant such other and further relief as the Court may deem just and proper.

Dated: September 19, 2014    RESPECTFULLY SUBMITTED,
       New York, New York

By: /s/ Heath D. Rosenblat
    Kristin K. Going, Esq.
    Heath D. Rosenblat, Esq.
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
E-mail: Kristin.Going@dbr.com
E-mail: Heath.Rosenblat@dbr.com
Telephone: (212) 248-3140

-and-

Dirk H. Beckwith, Esq. (P35609)
FOSTER SWIFT COLLINS & SMITH, P.C.
32300 Northwestern Highway, Suite 230
Farmington Hills, Michigan 48334-1471
E-mail: dbeckwith@fosterswift.com
Telephone: (248) 539-9918

*Counsel for Wilmington Trust, National Association, as Successor Contract Administrator*

6

13-53846-tjt    Doc 7603    Filed 09/19/14    Entered 09/19/14 15:32:11    Page 6 of 7

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| In re | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I, Heath D. Rosenblat, an attorney in the law firm of Drinker Biddle & Reath LLP, certify that on this 19th day of September 2014, I caused the foregoing *Limited Objection and Reservation of Rights of Wilmington Trust, National Association, With Respect to Plan for the Adjustment of Debts of the City of Detroit* to be filed and served by operation of the CM/ECF system for the Eastern District of Michigan Bankruptcy Court upon all registered users thereof.

      /s/ Heath D. Rosenblat
Heath D. Rosenblat, Esq.
DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036-2714
E-mail: Heath.Rosenblat@dbr.com
Telephone: (212) 248-3140