# EXHIBIT A



1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 478-3400

## MUNICIPAL BOND INSURANCE POLICY

| | | |
|---|---|---|
| **ISSUER:** | City of Detroit, Michigan | **Policy No:** CA02078A |
| **BONDS:** | $189,385,000 Detroit Retirement Systems Funding Trust 2005, Certificates of Participation, Series 2005-A maturing on June 15, 2007 through 2014 | **Effective Date:** June 2, 2005 |

XL Capital Assurance Inc. (XLCA), a New York stock insurance company, in consideration of the payment of the premium and subject to the terms of this Policy (which includes each endorsement attached hereto), hereby agrees unconditionally and irrevocably to pay to the trustee (the "Trustee") or the paying agent (the "Paying Agent") (as set forth in the documentation providing for the issuance of and securing the Bonds) for the benefit of the Owners of the Bonds or, at the election of XLCA, to each Owner, that portion of the principal and interest on the Bonds that shall become Due for Payment but shall be unpaid by reason of Nonpayment.

XLCA will pay such amounts to or for the benefit of the Owners on the later of the day on which such principal and interest becomes Due for Payment or one (1) Business Day following the Business Day on which XLCA shall have received Notice of Nonpayment (provided that Notice will be deemed received on a given Business Day if it is received prior to 10:00 a.m. New York time on such Business Day; otherwise it will be deemed received on the next Business Day), but only upon receipt by XLCA, in a form reasonably satisfactory to it, of (a) evidence of the Owner's right to receive payment of the principal or interest then Due for Payment and (b) evidence, including any appropriate instruments of assignment, that all of the Owner's rights with respect to payment of such principal or interest that is Due for Payment shall thereupon vest in XLCA. Upon such disbursement, XLCA shall become the owner of the Bond, any appurtenant coupon to the Bond or the right to receipt of payment of principal and interest on the Bond and shall be fully subrogated to the rights of the Owner, including the Owner's right to receive payments under the Bond, to the extent of any payment by XLCA hereunder. Payment by XLCA to the Trustee or Paying Agent for the benefit of the Owners shall, to the extent thereof, discharge the obligation of XLCA under this Policy.

In the event the Trustee or Paying Agent has notice that any payment of principal or interest on a Bond which has become Due for Payment and which is made to an Owner by or on behalf of the Issuer of the Bonds has been recovered from the Owner pursuant to a final judgment by a court of competent jurisdiction that such payment constitutes an avoidable preference to such Owner within the meaning of any applicable bankruptcy law, such Owner will be entitled to payment from XLCA to the extent of such recovery if sufficient funds are not otherwise available.

The following terms shall have the meanings specified for all purposes of this Policy, except to the extent such terms are expressly modified by an endorsement to this Policy. "Business Day" means any day other than (a) a Saturday or Sunday or (b) a day on which banking institutions in the State of New York or the Insurer's Fiscal Agent are authorized or required by law or executive order to remain closed. "Due for Payment", when referring to the principal of Bonds, is when the stated maturity date or a mandatory redemption date for the application of a required sinking fund installment has been reached and does not refer to any earlier date on which payment is due by reason of call for redemption (other than by application of required sinking fund installments), acceleration or other advancement of maturity, unless XLCA shall elect, in its sole discretion, to pay such principal due upon such acceleration; and, when referring to interest on the Bonds, is when the stated date for payment of interest has been reached. "Nonpayment" means the failure of the Issuer to have provided sufficient funds to the Trustee or Paying Agent for payment in full of all principal and interest on the Bonds which are Due for Payment. "Notice" means telephonic or telecopied notice, subsequently confirmed in a signed writing, or written notice by registered or certified mail, from an Owner, the Trustee or the Paying Agent to XLCA which notice shall specify (a) the person or entity making the claim, (b) the Policy Number, (c) the claimed amount and (d) the date such claimed amount became Due for Payment. "Owner" means, in respect of a Bond, the person or entity who, at the time of Nonpayment, is entitled under the terms of such Bond to payment thereof, except that "Owner" shall not include the Issuer or any person or entity whose direct or indirect obligation constitutes the underlying security for the Bonds.

XLCAP-005

XLCA may, by giving written notice to the Trustee and the Paying Agent, appoint a fiscal agent (the "Insurer's Fiscal Agent") for purposes of this Policy. From and after the date of receipt by the Trustee and the Paying Agent of such notice, which shall specify the name and notice address of the Insurer's Fiscal Agent, (a) copies of all notices required to be delivered to XLCA pursuant to this Policy shall be simultaneously delivered to the Insurer's Fiscal Agent and to XCLA and shall not be deemed received until received by both and (b) all payments required to be made by XLCA under this Policy may be made directly by XLCA or by the Insurer's Fiscal Agent on behalf of XLCA. The Insurer's Fiscal Agent is the agent of XLCA only and the Insurer's Fiscal Agent shall in no event be liable to any Owner for any act of the Insurer's Fiscal Agent or any failure of XLCA to deposit or cause to be deposited sufficient funds to make payments due hereunder.

Except to the extent expressly modified by an endorsement hereto, (a) this Policy is non-cancelable by XLCA, and (b) the Premium on this Policy is not refundable for any reason. This Policy does not insure against loss of any prepayment or other acceleration payment which at any time may become due in respect of any Bond, other than at the sole option of XLCA, nor against any risk other than Nonpayment. This Policy sets forth the full undertaking of XLCA and shall not be modified, altered or affected by any other agreement or instrument, including any modification or amendment thereto.

THIS POLICY IS NOT COVERED BY THE PROPERTY/CASUALTY INSURANCE SECURITY FUND SPECIFIED IN ARTICLE 76 OF THE NEW YORK INSURANCE LAW.

In witness whereof, XLCA has caused this Policy to be executed on its behalf by its duly authorized officers.

Name: William J. Rizzo
Title: Associate General Counsel

Name: Thomas Mulvihill
Title: Director

13-53846-tjt    Doc 7603-1    Filed 09/19/14    Entered 09/19/14 15:32:11    Page 3 of 7



1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 478-3400

## MUNICIPAL BOND
## INSURANCE POLICY

**ISSUER:** City of Detroit, Michigan

**BONDS:** $250,615,000 Detroit Retirement Systems Funding Trust 2005, Certificates of Participation, Series 2005-B maturing on June 15, 2014

**Policy No:** CA02079A

**Effective Date:** June 2, 2005

    **XL Capital Assurance Inc. (XLCA)**, a New York stock insurance company, in consideration of the payment of the premium and subject to the terms of this Policy (which includes each endorsement attached hereto), hereby agrees unconditionally and irrevocably to pay to the trustee (the "Trustee") or the paying agent (the "Paying Agent") (as set forth in the documentation providing for the issuance of and securing the Bonds) for the benefit of the Owners of the Bonds or, at the election of XLCA, to each Owner, that portion of the principal and interest on the Bonds that shall become Due for Payment but shall be unpaid by reason of Nonpayment.

    XLCA will pay such amounts to or for the benefit of the Owners on the later of the day on which such principal and interest becomes Due for Payment or one (1) Business Day following the Business Day on which XLCA shall have received Notice of Nonpayment (provided that Notice will be deemed received on a given Business Day if it is received prior to 10:00 a.m. New York time on such Business Day; otherwise it will be deemed received on the next Business Day), but only upon receipt by XLCA, in a form reasonably satisfactory to it, of (a) evidence of the Owner's right to receive payment of the principal or interest then Due for Payment and (b) evidence, including any appropriate instruments of assignment, that all of the Owner's rights with respect to payment of such principal or interest that is Due for Payment shall thereupon vest in XLCA. Upon such disbursement, XLCA shall become the owner of the Bond, any appurtenant coupon to the Bond or the right to receipt of payment of principal and interest on the Bond and shall be fully subrogated to the rights of the Owner, including the Owner's right to receive payments under the Bond, to the extent of any payment by XLCA hereunder. Payment by XLCA to the Trustee or Paying Agent for the benefit of the Owners shall, to the extent thereof, discharge the obligation of XLCA under this Policy.

    In the event the Trustee or Paying Agent has notice that any payment of principal or interest on a Bond which has become Due for Payment and which is made to an Owner by or on behalf of the Issuer of the Bonds has been recovered from the Owner pursuant to a final judgment by a court of competent jurisdiction that such payment constitutes an avoidable preference to such Owner within the meaning of any applicable bankruptcy law, such Owner will be entitled to payment from XLCA to the extent of such recovery if sufficient funds are not otherwise available.

    The following terms shall have the meanings specified for all purposes of this Policy, except to the extent such terms are expressly modified by an endorsement to this Policy. "Business Day" means any day other than (a) a Saturday or Sunday or (b) a day on which banking institutions in the State of New York or the Insurer's Fiscal Agent are authorized or required by law or executive order to remain closed. "Due for Payment", when referring to the principal of Bonds, is when the stated maturity date or a mandatory redemption date for the application of a required sinking fund installment has been reached and does not refer to any earlier date on which payment is due by reason of call for redemption (other than by application of required sinking fund installments), acceleration or other advancement of maturity, unless XLCA shall elect, in its sole discretion, to pay such principal due upon such acceleration; and, when referring to interest on the Bonds, is when the stated date for payment of interest has been reached. "Nonpayment" means the failure of the Issuer to have provided sufficient funds to the Trustee or Paying Agent for payment in full of all principal and interest on the Bonds which are Due for Payment. "Notice" means telephonic or telecopied notice, subsequently confirmed in a signed writing, or written notice by registered or certified mail, from an Owner, the Trustee or the Paying Agent to XLCA which notice shall specify (a) the person or entity making the claim, (b) the Policy Number, (c) the claimed amount and (d) the date such claimed amount became Due for Payment. "Owner" means, in respect of a Bond, the person or entity who, at the time of Nonpayment, is entitled under the terms of such Bond to payment thereof, except that "Owner" shall not include the Issuer or any person or entity whose direct or indirect obligation constitutes the underlying security for the Bonds.

XLCAP-005

XLCA may, by giving written notice to the Trustee and the Paying Agent, appoint a fiscal agent (the "Insurer's Fiscal Agent") for purposes of this Policy. From and after the date of receipt by the Trustee and the Paying Agent of such notice, which shall specify the name and notice address of the Insurer's Fiscal Agent, (a) copies of all notices required to be delivered to XLCA pursuant to this Policy shall be simultaneously delivered to the Insurer's Fiscal Agent and to XCLA and shall not be deemed received until received by both and (b) all payments required to be made by XLCA under this Policy may be made directly by XLCA or by the Insurer's Fiscal Agent on behalf of XLCA. The Insurer's Fiscal Agent is the agent of XLCA only and the Insurer's Fiscal Agent shall in no event be liable to any Owner for any act of the Insurer's Fiscal Agent or any failure of XLCA to deposit or cause to be deposited sufficient funds to make payments due hereunder.

Except to the extent expressly modified by an endorsement hereto, (a) this Policy is non-cancelable by XLCA, and (b) the Premium on this Policy is not refundable for any reason. This Policy does not insure against loss of any prepayment or other acceleration payment which at any time may become due in respect of any Bond, other than at the sole option of XLCA, nor against any risk other than Nonpayment. This Policy sets forth the full undertaking of XLCA and shall not be modified, altered or affected by any other agreement or instrument, including any modification or amendment thereto.

THIS POLICY IS NOT COVERED BY THE PROPERTY/CASUALTY INSURANCE SECURITY FUND SPECIFIED IN ARTICLE 76 OF THE NEW YORK INSURANCE LAW.

In witness whereof, XLCA has caused this Policy to be executed on its behalf by its duly authorized officers.

Name: William J. Rizzo
Title: Associate General Counsel

Name: Thomas Mulvihill
Title: Director

# XL CAPITAL ASSURANCE

1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 478-3400

## MUNICIPAL BOND INSURANCE POLICY

**ISSUER:** Detroit Retirement Systems Funding Trust 2006, Michigan

**Policy No:** CA03049A

**Effective Date:** June 12, 2006

**BONDS:** $299,155,000 Taxable Certificates of Participation Series 2006-B, maturing on June 15, 2029

XL Capital Assurance Inc. (XLCA), a New York stock insurance company, in consideration of the payment of the premium and subject to the terms of this Policy (which includes each endorsement attached hereto), hereby agrees unconditionally and irrevocably to pay to the trustee (the "Trustee") or the paying agent (the "Paying Agent") (as set forth in the documentation providing for the issuance of and securing the Bonds) for the benefit of the Owners of the Bonds or, at the election of XLCA, to each Owner, that portion of the principal and interest on the Bonds that shall become Due for Payment but shall be unpaid by reason of Nonpayment.

XLCA will pay such amounts to or for the benefit of the Owners on the later of the day on which such principal and interest becomes Due for Payment or one (1) Business Day following the Business Day on which XLCA shall have received Notice of Nonpayment (provided that Notice will be deemed received on a given Business Day if it is received prior to 10:00 a.m. New York time on such Business Day; otherwise it will be deemed received on the next Business Day), but only upon receipt by XLCA, in a form reasonably satisfactory to it, of (a) evidence of the Owner's right to receive payment of the principal or interest then Due for Payment and (b) evidence, including any appropriate instruments of assignment, that all of the Owner's rights with respect to payment of such principal or interest that is Due for Payment shall thereupon vest in XLCA. Upon such disbursement, XLCA shall become the owner of the Bond, any appurtenant coupon to the Bond or the right to receipt of payment of principal and interest on the Bond and shall be fully subrogated to the rights of the Owner, including the Owner's right to receive payments under the Bond, to the extent of any payment by XLCA hereunder. Payment by XLCA to the Trustee or Paying Agent for the benefit of the Owners shall, to the extent thereof, discharge the obligation of XLCA under this Policy.

In the event the Trustee or Paying Agent has notice that any payment of principal or interest on a Bond which has become Due for Payment and which is made to an Owner by or on behalf of the Issuer of the Bonds has been recovered from the Owner pursuant to a final judgment by a court of competent jurisdiction that such payment constitutes an avoidable preference to such Owner within the meaning of any applicable bankruptcy law, such Owner will be entitled to payment from XLCA to the extent of such recovery if sufficient funds are not otherwise available.

The following terms shall have the meanings specified for all purposes of this Policy, except to the extent such terms are expressly modified by an endorsement to this Policy. "Business Day" means any day other than (a) a Saturday or Sunday or (b) a day on which banking institutions in the State of New York or the Insurer's Fiscal Agent are authorized or required by law or executive order to remain closed. "Due for Payment", when referring to the principal of Bonds, is when the stated maturity date or a mandatory redemption date for the application of a required sinking fund installment has been reached and does not refer to any earlier date on which payment is due by reason of call for redemption (other than by application of required sinking fund installments), acceleration or other advancement of maturity, unless XLCA shall elect, in its sole discretion, to pay such principal due upon such acceleration; and, when referring to interest on the Bonds, is when the stated date for payment of interest has been reached. "Nonpayment" means the failure of the Issuer to have provided sufficient funds to the Trustee or Paying Agent for payment in full of all principal and interest on the Bonds which are Due for Payment. "Notice" means telephonic or telecopied notice, subsequently confirmed in a signed writing, or written notice by registered or certified mail, from an Owner, the Trustee or the Paying Agent to XLCA which notice shall specify (a) the person or entity making the claim, (b) the Policy Number, (c) the claimed amount and (d) the date such claimed amount became Due for Payment. "Owner" means, in respect of a Bond, the person or entity who, at the time of Nonpayment, is entitled under the terms of such Bond to payment thereof, except that "Owner" shall not include the Issuer or any person or entity whose direct or indirect obligation constitutes the underlying security for the Bonds.

XLCAP-005

XLCA may, by giving written notice to the Trustee and the Paying Agent, appoint a fiscal agent (the "Insurer's Fiscal Agent") for purposes of this Policy. From and after the date of receipt by the Trustee and the Paying Agent of such notice, which shall specify the name and notice address of the Insurer's Fiscal Agent, (a) copies of all notices required to be delivered to XLCA pursuant to this Policy shall be simultaneously delivered to the Insurer's Fiscal Agent and to XLCA and shall not be deemed received until received by both and (b) all payments required to be made by XLCA under this Policy may be made directly by XLCA or by the Insurer's Fiscal Agent on behalf of XLCA. The Insurer's Fiscal Agent is the agent of XLCA only and the Insurer's Fiscal Agent shall in no event be liable to any Owner for any act of the Insurer's Fiscal Agent or any failure of XLCA to deposit or cause to be deposited sufficient funds to make payments due hereunder.

Except to the extent expressly modified by an endorsement hereto, (a) this Policy is non-cancelable by XLCA, and (b) the Premium on this Policy is not refundable for any reason. This Policy does not insure against loss of any prepayment or other acceleration payment which at any time may become due in respect of any Bond, other than at the sole option of XLCA, nor against any risk other than Nonpayment. This Policy sets forth the full undertaking of XLCA and shall not be modified, altered or affected by any other agreement or instrument, including any modification or amendment thereto.

THIS POLICY IS NOT COVERED BY THE PROPERTY/CASUALTY INSURANCE SECURITY FUND SPECIFIED IN ARTICLE 76 OF THE NEW YORK INSURANCE LAW.

In witness whereof, XLCA has caused this Policy to be executed on its behalf by its duly authorized officers.

Name: William J. Rizzo
Title: Associate General Counsel

Name: Henri N. Gourd
Title: Managing Director

XLCAP-005                                        2

13-53846-tjt    Doc 7603-1    Filed 09/19/14    Entered 09/19/14 15:32:11    Page 7 of 7