| | )  | |
|---|---|---|
| In re | )  | Chapter 9 |
| | )  | |
| CITY OF DETROIT, MICHIGAN, | )  | Case No. 13-53846 |
| | )  | |
| Debtor. | )  | Hon. Steven W. Rhodes |
| | )  | |
| | )  | |

**JOINDER TO THIRD SUPPLEMENTAL OBJECTION OF FINANCIAL
GUARANTY INSURANCE COMPANY TO CONFIRMATION OF
THE SEVENTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS
OF THE CITY OF DETROIT AND SUPPLEMENTAL OBJECTION**

The parties in interest identified in footnote 1, as holders of $1,085,300,000 of certificates of participation ("COP") (collectively, the "Objectors"),[1] hereby (1) submit this joinder to the Third Supplemental Objection of Financial Guaranty Insurance Company ("FGIC") to Plan for the Adjustment of Debts of the City of Detroit (the "Third Supplemental Objection") and (2) supplement their previous objections (including joinders to the objections of FGIC) [ECF Nos. 4653, 4660, 6674 and 7046 (collectively, the "Previous Objections")] to confirmation of the *Seventh* Amended Plan for the Adjustment of Debts of the City of Detroit (the "Seventh Amended Plan") and respectfully represent as follows:

JOINDER

1.      Based on the facts available, and subject to the reservation of rights set forth below, the Objectors agree with the legal and factual assertions set forth in FGIC's Third

---

[1] The parties in interest submitting this Supplemental Objection are Dexia Crédit Local and Dexia Holdings, Inc., Panning Capital Management, LP, on behalf of funds and accounts managed by it, Monarch Alternative Capital LP, on behalf of funds and accounts managed by it, Bronze Gable, L.L.C., Aurelius Capital Management, LP, on behalf of its managed entities, Stone Lion Capital Partners L.P., on behalf of funds and accounts managed by it, BlueMountain Capital Management, LLC, on behalf of funds and accounts managed by it and Deutsche Bank AG, London.

Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Seventh Amended Plan.

1

Supplemental Objection. Accordingly, the Objectors file this Joinder in support of FGIC's Third

Supplemental Objection and incorporate FGIC's Third Supplemental Objection as though fully

set forth and incorporated herein at length.

SUPPLEMENTAL OBJECTION

2.      For the reasons described below, the Seventh Amended Plan, including the

Syncora Settlement and the Plan COP Settlement, should not be confirmed.

3.      The Seventh Amended Plan and the Syncora Settlement calls for the Litigation

Trust to acquire "COP Claims" from Syncora and other holders of COPs Claims. As discussed

below, the definition of "COP Claims" is ambiguous; but regardless of how it is interpreted, the

Syncora Settlement (and thus the Seventh Amended Plan) must fail.

4.      Under one interpretation, "COP Claims" means only claims against the City,

under the COP Service Contracts. These claims, however, are held by Wilmington Trust,

National Association ("WTNA") on behalf of the Detroit Retirement Systems Funding Trust

2005 and Detroit Retirement Systems Funding Trust 2006 (together, the "Funding Trusts") and

enforced by WTNA as the contract administrator.[2] As described in WTNA's Joinder to Motion

of Creditors for Adjournment of Confirmation Hearing ("WTNA Adjournment Joinder") [ECF

---

[2] WTNA also serves as successor to U.S. Bank National Association ("U.S. Bank") as: (a) Trustee under that certain Trust Agreement, dated June 2, 2005, by and among the Detroit General Retirement System Service Corporation ("GRS Corporation"), the Detroit Police and Fire Retirement System Service Corporation ("PFRS Corporation") and U.S. Bank, and as successor contract administrator under that certain Contract Administration Agreement, dated June 2, 2005 ("2005 Contract Administration Agreement"), by and among the Detroit Retirement Systems Funding Trust 2005, the GRS Corporation, the PFRS Corporation and U.S. Bank, regarding the issuance of COPs Series 2005-A by the Detroit Retirement Systems Funding Trust 2005 ("2005 Funding Trust") and the transactions contemplated thereby; and (b) Trustee under that certain Trust Agreement, dated June 12, 2006, by and among the GRS Corporation, the PFRS Corporation, and U.S. Bank, and as Contract Administrator under that certain Contract Administration Agreement, dated June 12, 2006 (together with the 2005 Contract Administration Agreement, the "Contract Administration Agreements"), by and among the Detroit Retirement Systems Funding Trust 2006 (together with the 2005 Funding Trust, the "Funding Trusts"), the GRS Corporation, the PFRS Corporation and U.S. Bank, in each case, regarding the issuance of COPs Series 2006-A and 2006-B by the Detroit Retirement Systems Funding Trust 2006 and the transactions contemplated thereby.

2

No. 7476],[3] WTNA, pursuant to section 6.4.1 of the Contract Administration Agreements, as contract administrator, filed certain proofs of claim representing the amounts due and owing from the City on account of the payments that flow from the COP Service Contracts. The payments contemplated under the COP Service Contracts are owed to the COP Service Corporations. The COP Service Corporations in turn assigned all right, title and interest in such payments to the Funding Trusts. *Id.* (citation omitted). The obligation to collect such payments was assigned to WTNA as the contract administrator. *Id.* (citation omitted). Syncora does not own those "COP Claims" and has no power to transfer those claims to the Litigation Trust. As such, Syncora cannot fulfill its part of the Syncora Settlement and the Seventh Amended Plan cannot be confirmed.

5.      Under the alternative interpretation, "COP Claims" means claims under the COP certificates and represents claims against the Funding Trusts – which Syncora can transfer to the Litigation Trust pursuant to the underlying COPs documents.

6.      However, all COPs are insured by either Syncora or FGIC and a COP holder's claim against its insurer cannot be discharged in this bankruptcy case.[4]  To collect on its insurance, a COP holder must hold its COPs. As such, if a holder transfers its COPs, it also transfers its insurance coverage.

---

[3] WTNA also filed a Limited Objection and Reservation of Rights with respect to the Seventh Amended Plan [ECF No. 7603], which incorporates the concerns regarding the Syncora Settlement raised in the WTNA Adjournment Joinder, notably paragraphs 9 – 15 of the WTNA Adjournment Joinder.

[4] *See* Section 524(e) of 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") ("… [a] discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt"). Moreover, under the facts of this case and the Supreme Court's holding in *Stern v. Marshall*, the Bankruptcy Court may not have jurisdiction or power to affect claims of non-debtors – the Holders of COPs – against other non-debtors, such as their insurer. *See generally Stern v. Marshall*, 131 S. Ct. 2594 (2011) (calling into question whether a bankruptcy court as a non-Article II court ever has jurisdiction to affect the claims of third parties against one another). Finally, as discussed in the Objectors' Plan Objection [ECF No. 4653], the City has failed to justify a basis for third party releases under applicable Sixth Circuit precedent.

7.    Since Syncora is transferring COPs that it owns and insures it can afford to give up insurance coverage on its COPs because it would be giving up claims against itself – and the Plan then releases all claims against Syncora.  But no other holder of COPs – neither any of the remaining Syncora-insured holders nor Objectors as holders of $1,085,300,000 of FGIC insured COPs – can afford to make that sacrifice.  Thus, the Plan COP Settlement is open only to one party – Syncora.  The Seventh Amended Plan's purported offer to all other COPs to participate in the settlement is illusory.

## RESERVATION OF RIGHTS

8.    The Objectors hereby reserve and preserve all of their rights, remedies and arguments in connection with this Joinder and  Supplemental Objection and the Previous Objections and reserve all rights to supplement this Joinder and Supplemental Objection, and the Previous Objections, and to be heard before the Court with regard to the arguments set forth herein and therein – even if the other objections are resolved or otherwise withdrawn.  The Objectors reserve their rights to make any other applicable arguments, including those raised in other objections, other joinders and/or other confirmation briefings with respect to the Seventh Amended Plan.  The Objectors also reserve all rights under their insurance policies with FGIC, which were issued solely for the benefit of holders of COPs.[5]

## CONCLUSION

9.    For the reasons set forth in FGIC's Third Supplemental Objection and in this Supplemental Objection, the Objectors respectfully request that the Court (i) deny confirmation of the Seventh Amended Plan and (ii) grant such other and further relief as the Court deems just, proper and equitable.

---

[5] The holders of COPs, through their record holders, are the holders of the applicable insurance policies.

Dated:  September 19, 2014

RESPECTFULLY SUBMITTED,

/S/Deborah L. Fish                          /S/John J. Ramirez
ALLARD & FISH, P.C.                         KATTEN MUCHIN ROSENMAN LLP
Deborah L. Fish                             John J. Ramirez
2600 Buhl Building                          Kenneth E. Noble
535 Griswold                                575 Madison Avenue
Detroit, MI 48226                           New York, NY 10022-2585
Telephone: (313) 961-6141                   Tel: (212) 715-9393
dfish@allardfishpc.com                      John.Ramirez@kattenlaw.com
P36580                                      Kenneth.noble@kattenlaw.com

-and-                                       *Counsel for Deutsche Bank AG, London*

KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Thomas Moers Mayer
Jonathan M. Wagner
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile:  (212) 715-8000

*Counsel for Dexia Crédit Local and Dexia
Holdings, Inc., Panning Capital Management,
LP, on behalf of funds and accounts managed
by it, Monarch Alternative Capital LP, on
behalf of funds and accounts managed by it,
Bronze Gable, L.L.C., Aurelius Capital
Management, LP, on behalf of its managed
entities, Stone Lion Capital Partners L.P., on
behalf of funds and accounts managed by it
and BlueMountain Capital Management, LLC
on behalf of funds and accounts managed by it*

z:\13\079\plds\joinder & suppl.obj.7th amended plan.docx