UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

------------------------------------------------------ x

In re: ⋮ Chapter 9
⋮
CITY OF DETROIT, MICHIGAN, ⋮ Case No.: 13-53846
⋮
Debtor. ⋮ Hon. Steven W. Rhodes
⋮
------------------------------------------------------ x

## LIST OF ADDITIONAL TRIAL EXHIBITS OF INTERNATIONAL UNION, UAW

The International Union, UAW ("UAW") submits the following list of

additional exhibits that it intends to introduce into evidence at the confirmation

hearing.  Copies of the exhibits are attached hereto.

| Exhibit Number | Description |
|---|---|
| 8025 | 2011-2017 extension of Skilled Trades Unit Collective Bargaining Agreement |
| 8026 | 2013-2017 extension of Professional Organization of Librarians Unit Collective Bargaining Agreement |
| 8027 | 2013-2017 extension of Association of Professional Librarians Unit Collective Bargaining Agreement |
| 8028 | Sept. 23, 2014 grievance for Professional Librarians Unit |
| 8029 | Sept. 23, 2014 grievance for Skilled Trades Unit |

| 8030 | Sept. 23, 2014 grievance for Association of Professional Librarians Unit |
| 8031 | Sept. 23, 2014 Step 3 Appeal From Denial of June 29, 2014 Pension Grievances |

Dated:  September 24, 2014

Respectfully submitted,

By:  /s/ *Peter D. DeChiara*

Cohen, Weiss and Simon LLP
Peter D. DeChiara
330 West 42nd Street
New York, New York 10036-6976
T: 212-563-4100
F: 212-695-5436
pdechiara@cwsny.com

-   and -

Niraj R. Ganatra (P63150)
8000 East Jefferson Avenue
Detroit, Michigan  48214
T: (313) 926-5216
F: (313) 926-5240
nganatra@uaw.net

*Attorneys for International Union, UAW*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 24th day of September 2014, I caused the

foregoing document to be served on counsel for the City of Detroit and for all other

parties of record through the Court's CM/ECF system.

/s/ *Peter D. DeChiara*
Peter D. DeChiara

UAW TRIAL EXHIBIT

8025

# Agreement Between



# Detroit Public Library
# and
# Skilled Trades Unit
# UAW

July 1, 2011 - June 30, 2017
(in effect March 20, 2013)

*STU*

## AGREEMENT

This AGREEMENT is entered into this **20th *day of March, 2013*** between the Detroit Library Commission (hereinafter referred to as the "EMPLOYER") and the Skilled Trades Unit of Local 2200 of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (hereinafter referred to as the "UNION").

IN WITNESS WHEREOF, the parties have set their hands this 19th day of March 2013.

UNITED AUTO WORKERS, Local 2200
SKILLED TRADES UNIT (STU)

Laurie Stuart, President
UAW Local 2200

Tiffani Simon, Vice-President
UAW Local 2200

Richard Sowinski, Unit Chair
UAW LU 2200, STU

Tony Feyers, International Representative
UAW Region I

Joseph Flake, Steward
Bargaining Committee Member
UAW Local 2200, Skilled Trades Unit

Charles Hall, Director
UAW, Region I

DETROIT LIBRARY COMMISSION

Russell Bellant, President

Gregory Hicks, Vice-President

Jo Anne G. Mondowney
Executive Director

Trinee Moore
Director, Human Resources

*STU*

## ARTICLE 42
## DURATION, MODIFICATION AND AMENDMENTS

42.01  This Agreement shall be effective as of the ***1st day of July, 2011*** and shall continue in full force and effect through ***June 30, 2017.***

42.02  Either party shall give to the other party sixty (60) days written notice prior to the termination date of their intention to terminate or modify this Agreement.

42.03  During the life of this Agreement, either party may propose an amendment to the Agreement and the parties shall meet to negotiate regarding any proposed amendment. Any amendments that may be agreed upon shall become and be part of this Agreement without modifying or changing any of the other terms of this Agreement.

42.04  Wage Reopener:  The Employer and the Union may reopen this Agreement ***annually*** only for the purpose of negotiating wage rates, insurance coverages and retirement provisions to become effective ***July 1, 2014 and annually thereafter***.

This Agreement will be reopened for such purposes only if the Employer and the Union gives to the other, not later than  ***July 1, 2014 and annually thereafter,*** written notice of intent to reopen.

Failing receipt by the Employer or the Union on the date specified of such written notice to reopen, all terms of this Agreement will continue in full force and effect through midnight, ***June 30, 2017***.

If this Agreement is reopened in accordance with the provisions of this Section, this Agreement will nevertheless remain in full force and effect through midnight, ***June 30, 2017.***

42.05  In the event the Library does not offer a salary increase during the ***July 1, 2014 reopener, and annually thereafter***, discussions will be held to explore the possible enhancements of other working conditions/benefits.

STU Proposal Article 42 revision 1.0



**DETROIT
PUBLIC
LIBRARY**

STU

Memorandum of Understanding

<u>Suspension of Longevity Pay</u>

This Memorandum of Understanding is made on March 20, 2013 by and between the Detroit Public Library Commission (hereafter referred to as the Employer) and the Skilled Trades Unit (STU) of the Detroit Public Library Unit of Local 2200, UAW.

The Library and the Union recognize that declining property tax revenue and other state and federal resources are shrinking, therefore, it is anticipated that the DPL budget will decline 5-7% a year through 2015. Add to this, legacy debt, (which now exceeds payroll expenses), understaffing due to a hiring freeze and workforce reduction, and the fact many of our facilities are in need of repair; it becomes apparent that the Employer must curb spending and cut cost.

Subsequently, the confluence of these factors will require the Detroit Public Library to recreate an infrastructure with far less financial resources than ever before.

It is further agreed that in FY2015 (July 1, 2014 0 June 30, 2015) and annually thereafter, a review of the financial stability of DPL will be undertaken in consideration of the restoration of the longevity benefit.

Therefore, be it resolved that the time honored practice of longevity pay be suspended until FY2015 (July 1, 2014 – June 30, 2015); and upon agreement of the suspension of longevity pay, this Memorandum of Understanding will be included in current respective Union Contracts.

This agreement is inclusive of non-union staff.

For the Employer

For the Union

# LETTER OF AGREEMENT - STU

## RE: UNION SECURITY

The Employer and the Union agree that the Union's duties to persons employed in the bargaining unit require that each unit member share the costs associated with the negotiation of and administration of this collective bargaining agreement. Therefore, each person employed in the bargaining unit shall either become a member of the Union and pay dues required of members or agree to pay a service fee in the amount determined by the Union. A service fee will be deducted from the paychecks of persons who fail or refuse to do either. This section describes the process used to accomplish these goals. This agreement is made to reflect the parties' mutual goals of labor peace and bargaining unit continuity which both parties acknowledge to be valuable to each of them.

1. Promptly after approval of their hiring, the Union will be notified of the names(s) of each person newly employed by the Employer who will be assigned to a position in this bargaining unit. The employee will have thirty (30) calendar days to decide whether to become a Union member or pay a service fee.

2. The service fee will be deducted from the compensation of any person who fails or refuses to either become a Union member, approve deduction of a service fee or pay a service fee ("the Non-Payer"). The employer will deduct dues or service fees from the paychecks of persons who have agreed to such deductions or who have not responded to a request for election as described here. Dues or service fees will be withheld such that an equivalent of two (2) hours pay per month, or a total of twenty four (24) hours pay per year is deducted in equal portions on a bi-weekly basis. The formula is: hourly rate x 24 divided by 26= amount taken out of each bi-weekly paycheck. All sums deducted by the Employer shall be remitted to the Union's financial officer on a timely basis once each month, but no later than the 15th of the month following that in which the dues were collected, together with a list of current employees showing the amount of union dues or service fee deducted for each employee.

    a. The parties acknowledge that involuntary deduction of the service fee is a sanction that is less harmful to the delivery of library service than discharge.

    b. Notwithstanding the same, in the event that Section 2 above is found to be unenforceable by a court or agency of competent jurisdiction from which appeals have been exhausted (or the time to appeal has expired), then the parties shall utilize the process which follows:

STU

    i. The Union will notify the Employer of the name of any persons(s) who have failed or refused to either join the Union or to pay or arrange for payment of a service fee.

    ii. The Employer will forthwith notify the individual employee that he or she is subject to discharge for the failure or refusal to either join the Union or to pay or arrange for payment of a service fee.

    iii. The individual employee shall have fourteen (14) days from the date of the notice to either join the Union or to pay or arrange for payment of a service fee.

    iv. The Union will notify the Employer of the names(s) of any individual employee who has failed either to join the Union or to pay or arrange for payment of a service fee despite the proffer of the notice described above.

    v. Not later than seven (7) days following the notice to the Employer from the Union, the Employer shall discharge the individual employee(s) from employment and shall not reemploy the individual as an employee nor engage them or a successor for contracted service.

    vi. Notwithstanding the foregoing, the individual employee(s) may be reemployed in the event that, at the time of hire, they either join the Union or pay or arrange payment of a service fee.

3. The Union will determine the amount of the service fee in accordance with prevailing law. Presently the law permits the Union to allocate its expenses as chargeable or non-chargeable based on their relationship to negotiation and enforcement of the collective bargaining agreement. The Union, alone, will determine the amount of the service fee to be deducted.

4. This agreement may be enforced via the grievance procedure or, at the Union's sole option, through an action in the Circuit Court without prior exhaustion of the grievance procedure.

5. Fees shall not be deducted during the pendency of any Objection that any Non-Payer may have properly initiated under the Union's Process for Resolution of Objections; it may be invoked fourteen (14) days after the conclusion or termination of the process for resolution of an Objection.

STU

6. The Skilled Trades Unit of Local 2200 of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (Union) shall defend, (including the negotiation of any voluntary settlement) indemnify and hold harmless the Detroit Library Commission (Employer) and its members and its employees from claims made with regard to this agreement provided that the Union shall be promptly notified of any such claim and shall be entitled to provide counsel of its choice, at the Union's expense and provided further that the Detroit Public Library shall cooperate in the defense or resolution of the claim.

## Duration

1. This agreement is effective immediately upon ratification by the last party and shall continue in effect until June 30, 2023 and binds the parties and their successors.

2. This agreement is understood to be a collective bargaining agreement separate and distinct from the agreement establishing, among other matters, wages, hours and working conditions. That agreement, and its successors, shall be in effect according to its terms.

3. It is the mutual objective of the parties to recognize this agreement throughout the entire stated duration. In the event that a court or agency of proper jurisdiction, from which all appeals have been exhausted or waived, finds the duration to be unenforceable, this agreement shall survive and remain in effect for the longest duration found reasonable.

4. This agreement supersedes Article 4 of the parties' collective bargaining agreement dated July 1, 2011 - June 30, 2017 (in effect March 20, 2013) while this agreement remains in effect. Article 4 shall become immediately effective if enforcement of this agreement is either temporarily or permanently precluded. Unless modified or contradicted herein, Article 4 shall remain in full force and effect..

IN WITNESS WHEREOF, the parties have set their hands this 19th day of March 2013.

UNITED AUTO WORKERS, Local 2200
SKILLED TRADES UNIT (STU)

_Laurie Stuart_
Laurie Stuart, President
UAW Local 2200

DETROIT LIBRARY COMMISSION

_Russell Bellant_
Russell Bellant, President

_Tiffani Simon_
Tiffani Simon, Vice-President
UAW Local 2200

_Gregory Hicks_
Gregory Hicks, Vice-President

_Richard Sowinski_
Richard Sowinski, Unit Chair
UAW LU 2200, STU

_Jo Anne G. Mondowney_
Jo Anne G. Mondowney
Executive Director

_Tony Feyers_
Tony Feyers, International Representative
UAW Region I

_Trinee Moore_
Trinee Moore
Director, Human Resources

_Joseph Flake_
Joseph Flake, Steward
Bargaining Committee Member
UAW Local 2200, Skilled Trades Unit

_Charles E. Hall_
Charles Hall, Director
UAW, Region I

UAW TRIAL EXHIBIT

8026

*POOL*

## AGREEMENT

This Agreement is entered into ***this 20th day of March, 2013*** by and between the Detroit Library Commission (hereinafter referred to as the Employer) and the Professional Organization of Librarians Unit of Local 2200 of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (hereinafter referred to as the Union).

IN WITNESS WHEREOF, the parties have set their hands this 19th day of March 2013.

UNITED AUTO WORKERS, Local 2200
PROFFESSIONAL ORGANIZATIN OF LIBRARIANS (POOL)

Laurie Stuart, President
UAW Local 2200

Tiffani Simon, Vice-President
UAW Local 2200

Krystal Booker, Unit Chair
UAW LU 2200, POOL

Tony Feyers, International Representative
UAW Region I

Tracy Massey
East Side Steward
UAW Local 2200, POOL Unit

Julie Fornell
Old Main Library Steward
UAW Local 2200, POOL Unit

Roger Morton
New Main Library Steward
UAW Local 2200, POOL Unit

DETROIT LIBRARY COMMISSION

Russell Bellant, President

Gregory Hicks, Vice-President

Jo Anne G. Mondowney
Executive Director

Trinee Moore
Director, Human Resources

Charles Hall, Director
UAW, Region I

## ARTICLE 2
## DURATION, MODIFICATION AND AMENDMENTS

2.01    This Agreement shall be effective as of the ***20th day of March, 2013***, and shall continue in full force and effect through ***June 30, 2017.***

2.02  Either party shall give to the other party sixty (60) days written notice prior to the termination date of their intention to terminate or modify this Agreement.

2.03  During the life of this Agreement, either party may propose an amendment to the Agreement and the parties shall meet to negotiate regarding any proposed amendment. Any amendments that may be agreed upon shall become and be part of this Agreement without modifying or changing any of the other terms of this Agreement.

2.04  Wage Reopener:  The Employer and the Union may reopen this Agreement ***annually*** only for the purpose of negotiating wage rates, insurance coverages and retirement provisions to become effective ***July 1, 2014 and annually thereafter***.

This Agreement will be reopened for such purposes only if the Employer and the Union gives to the other, not later than ***July 1, 2014 and annually thereafter,*** written notice of intent to reopen.

Failing receipt by the Employer or the Union on the date specified of such written notice to reopen, all terms of this Agreement will continue in full force and effect through midnight, ***June 30, 2017***.

If this Agreement is reopened in accordance with the provisions of this Section, this Agreement will nevertheless remain in full force and effect through midnight, ***June 30, 2017.***

2.05  In the event the Library does not offer a salary increase during the ***July 1, 2014 reopener, and annually thereafter***, discussions will be held to explore the possible enhancements of other working conditions/benefits.

POOL Proposal Article 2 revised 1.0



**DETROIT**
PUBLIC
**LIBRARY**

POOL

Memorandum of Understanding

<u>Suspension of Longevity Pay</u>

This Memorandum of Understanding is made on <u>*March 20, 2013 by and between the Detroit Public Library Commission (hereinafter referred to as the Employer) and the Professional Organization of Librarians (POOL) of the Detroit Public Library Unit of Local 2200, UAW.*</u>

The Library and the Union recognize that declining property tax revenue and other state and federal resources are shrinking, therefore, it is anticipated that the DPL budget will decline 5-7% a year through 2015. Add to this, legacy debt, (which now exceeds payroll expenses), <u>*understaffing due to a hiring freeze and workforce reduction*</u>, and the fact many of our facilities are in need of repair; it becomes apparent that the Employer must curb spending and cut cost.

Subsequently, the confluence of these factors will require the Detroit Public Library to recreate an infrastructure with far less financial resources than ever before.

It is further agreed that in FY2015 <u>*(July 1, 2014 – June 30, 2015) and annually thereafter*</u>, a review of the financial stability of DPL will be undertaken in consideration of the restoration of the longevity benefit.

Therefore, be it resolved that the time honored practice of longevity pay be suspended until FY2015 <u>*(July 1, 2014 – June 30, 2015);*</u> and upon agreement of the suspension of longevity pay, this Memorandum of Understanding will be included in current respective Union Contracts.

<u>*This agreement shall be inclusive of non-union Detroit Public Library staff.*</u>

For the Employer                              For the Union

_Jo Anne G Mondowney_, Ex. Director   _Laurie Sheart_, Pres. LU22C

_Tim Pugh_, Director, Human Resources   _Krystal Booker_, POOL Unit Ch

# LETTER OF AGREEMENT - POOL

## RE: UNION SECURITY

The Employer and the Union agree that the Union's duties to persons employed in the bargaining unit require that each unit member share the costs associated with the negotiation of and administration of this collective bargaining agreement. Therefore, each person employed in the bargaining unit shall either become a member of the Union and pay dues required of members or agree to pay a service fee in the amount determined by the Union. A service fee will be deducted from the paychecks of persons who fail or refuse to do either. This section describes the process used to accomplish these goals. This agreement is made to reflect the parties' mutual goals of labor peace and bargaining unit continuity which both parties acknowledge to be valuable to each of them.

1. Promptly after approval of their hiring, the Union will be notified of the names(s) of each person newly employed by the Employer who will be assigned to a position in this bargaining unit. The employee will have thirty (30) calendar days to decide whether to become a Union member or pay a service fee.

2. The service fee will be deducted from the compensation of any person who fails or refuses to either become a Union member, approve deduction of a service fee or pay a service fee ("the Non-Payer"). The employer will deduct dues or service fees from the paychecks of persons who have agreed to such deductions or who have not responded to a request for election as described here. Dues or service fees will be withheld such that an equivalent of two (2) hours pay per month, or a total of twenty four (24) hours pay per year is deducted in equal portions on a bi-weekly basis. The formula is: hourly rate x 24 divided by 26= amount taken out of each bi-weekly paycheck. All sums deducted by the Employer shall be remitted to the Union's financial officer on a timely basis once each month, but no later than the 15th of the month following that in which the dues were collected, together with a list of current employees showing the amount of union dues or service fee deducted for each employee.

    a. The parties acknowledge that involuntary deduction of the service fee is a sanction that is less harmful to the delivery of library service than discharge.

    b. Notwithstanding the same, in the event that Section 2 above is found to be unenforceable by a court or agency of competent jurisdiction from which appeals have been exhausted (or the time to appeal has expired), then the parties shall utilize the process which follows:

POOL

i. The Union will notify the Employer of the name of any persons(s) who have failed or refused to either join the Union or to pay or arrange for payment of a service fee.

ii. The Employer will forthwith notify the individual employee that he or she is subject to discharge for the failure or refusal to either join the Union or to pay or arrange for payment of a service fee.

iii. The individual employee shall have fourteen (14) days from the date of the notice to either join the Union or to pay or arrange for payment of a service fee.

iv. The Union will notify the Employer of the names(s) of any individual employee who has failed either to join the Union or to pay or arrange for payment of a service fee despite the proffer of the notice described above.

v. Not later than seven (7) days following the notice to the Employer from the Union, the Employer shall discharge the individual employee(s) from employment and shall not reemploy the individual as an employee nor engage them or a successor for contracted service.

vi. Notwithstanding the foregoing, the individual employee(s) may be reemployed in the event that, at the time of hire, they either join the Union or pay or arrange payment of a service fee.

3. The Union will determine the amount of the service fee in accordance with prevailing law. Presently the law permits the Union to allocate its expenses as chargeable or non-chargeable based on their relationship to negotiation and enforcement of the collective bargaining agreement. The Union, alone, will determine the amount of the service fee to be deducted.

4. This agreement may be enforced via the grievance procedure or, at the Union's sole option, through an action in the Circuit Court without prior exhaustion of the grievance procedure.

5. Fees shall not be deducted during the pendency of any Objection that any Non-Payer may have properly initiated under the Union's Process for Resolution of Objections; it may be invoked fourteen (14) days after the conclusion or termination of the process for resolution of an Objection.

6. The Professional Organization of Librarians Unit of Local 2200 of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (Union) shall defend, (including the negotiation of any voluntary settlement) indemnify and hold harmless the Detroit Library Commission (Employer) and its members and its employees from claims made with regard to this agreement provided that the Union shall be promptly notified of any such claim and shall be entitled to provide counsel of its choice, at the Union's expense and provided further that the Detroit Public Library shall cooperate in the defense or resolution of the claim.

### Duration

1. This agreement is effective immediately upon ratification by the last party and shall continue in effect until June 30, 2023 and binds the parties and their successors.

2. This agreement is understood to be a collective bargaining agreement separate and distinct from the agreement establishing, among other matters, wages, hours and working conditions. That agreement, and its successors, shall be in effect according to its terms.

3. It is the mutual objective of the parties to recognize this agreement throughout the entire stated duration. In the event that a court or agency of proper jurisdiction, from which all appeals have been exhausted or waived, finds the duration to be unenforceable, this agreement shall survive and remain in effect for the longest duration found reasonable.

4. This agreement supersedes Article 33 of the parties' collective bargaining agreement dated March 20, 2013 – June 30, 2017 while this agreement remains in effect. Article 33 shall become immediately effective if enforcement of this agreement is either temporarily or permanently precluded. Unless modified or contradicted herein, Article 33 shall remain in full force and effect.

IN WITNESS WHEREOF, the parties have set their hands this 19th day of March 2013.

UNITED AUTO WORKERS, Local 2200
PROFFESSIONAL ORGANIZATIN OF LIBRARIANS (POOL)

Laurie Stuart, President
UAW Local 2200

Tiffani Simon, Vice-President
UAW Local 2200

Krystal Booker, Unit Chair
UAW LU 2200, POOL

Tony Feyers, International Representative
UAW Region I

Tracey Massey
East Side Steward
UAW Local 2200, POOL Unit

Julie Fornell
Old Main Library Steward
UAW Local 2200, POOL Unit

Roger Morton
New Main Library Steward
UAW Local 2200, POOL Unit

DETROIT LIBRARY COMMISSION

Russell Bellant, President

Gregory Hicks, Vice-President

Jo Anne G. Mondowney
Executive Director

Trinee Moore
Director, Human Resources

Charles Hall, Director
UAW, Region I

UAW TRIAL EXHIBIT

8027

## AGREEMENT

This Agreement is entered into this **20th day of March, 2013** by and between the Detroit Library Commission (hereinafter referred to as the Employer) and the Association of Professional Librarians of the Detroit Public Library Unit of Local 2200 of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (hereinafter referred to as the Union).

IN WITNESS WHEREOF, the parties have set their hands this 19th day of March 2013.

UNITED AUTO WORKERS, Local 2200
ASSOCIATION OF PROFESSIONAL LIBRARIANS (APL)

DETROIT LIBRARY COMMISSION

Laurie Stuart, President
UAW Local 2200

Russell Bellant, President

Tiffani Simon, Vice-President
UAW Local 2200

Gregory Hicks, Vice-President

Sue Narin, Unit Chair
UAW LU 2200, APL

Jo Anne G. Mondowney
Executive Director

Tony Feyers, International Representative
UAW Region I

Trinee Moore
Director, Human Resources

Janet Batchelder
Library Steward Main
UAW Local 2200, APL Unit

Robbie Flowers
Westside Steward
UAW Local 2200, APL Unit

Mary Jo Vortkamp
Eastside Steward
UAW Local 2200, APL Unit

Charles Hall, Director
UAW, Region I

## ARTICLE 2
## DURATION, MODIFICATION AND AMENDMENTS

2.01    This Agreement shall be effective as of the **20th *day of March, 2013***, and shall continue in full force and effect through ***June 30, 2017.***

2.02  Either party shall give to the other party sixty (60) days written notice prior to the termination date of their intention to terminate or modify this Agreement.

2.03  During the life of this Agreement, either party may propose an amendment to the Agreement and the parties shall meet to negotiate regarding any proposed amendment. Any amendments that may be agreed upon shall become and be part of this Agreement without modifying or changing any of the other terms of this Agreement.

2.04  Wage Reopener:  The Employer and the Union may reopen this Agreement ***annually*** only for the purpose of negotiating wage rates, insurance coverages and retirement provisions to become effective ***July 1, 2014 and annually thereafter***.

This Agreement will be reopened for such purposes only if the Employer and the Union gives to the other, not later than  ***July 1, 2014 and annually thereafter,*** written notice of intent to reopen.

Failing receipt by the Employer or the Union on the date specified of such written notice to reopen, all terms of this Agreement will continue in full force and effect through midnight, ***June 30, 2017***.

If this Agreement is reopened in accordance with the provisions of this Section, this Agreement will nevertheless remain in full force and effect through midnight, ***June 30, 2017.***

2.05  In the event the Library does not offer a salary increase during the ***July 1, 2014 reopener, and annually thereafter***, discussions will be held to explore the possible enhancements of other working conditions/benefits.

APL Proposal Article 2 revised 1.0



**DETROIT**
PUBLIC
**LIBRARY**

APL

Memorandum of Understanding

Suspension of Longevity Pay

This Memorandum of Understanding is made on March 20, 2013 by and between the Detroit Public Library Commission (hereafter referred to as the Employer) and the Association of Professional Librarians Unit (APL) of the Detroit Public Library Unit of Local 2200, UAW.

The Library and the Union recognize that declining property tax revenue and other state and federal resources are shrinking, therefore, it is anticipated that the DPL budget will decline 5-7% a year through 2015. Add to this, legacy debt, (which now exceeds payroll expenses), understaffing due to a hiring freeze and workforce reduction, and the fact many of our facilities are in need of repair; it becomes apparent that the Employer must curb spending and cut cost.

Subsequently, the confluence of these factors will require the Detroit Public Library to recreate an infrastructure with far less financial resources than ever before.

It is further agreed that in FY2015 (July 1, 2014 0 June 30, 2015) and annually thereafter, a review of the financial stability of DPL will be undertaken in consideration of the restoration of the longevity benefit.

Therefore, be it resolved that the time honored practice of longevity pay be suspended until FY2015 (July 1, 2014 – June 30, 2015); and upon agreement of the suspension of longevity pay, this Memorandum of Understanding will be included in current respective Union Contracts.

This agreement is inclusive of non-union staff.

For the Employer

For the Union

## LETTER OF AGREEMENT- APL

## RE: UNION SECURITY

The Employer and the Union agree that the Union's duties to persons employed in the bargaining unit require that each unit member share the costs associated with the negotiation of and administration of this collective bargaining agreement. Therefore, each person employed in the bargaining unit shall either become a member of the Union and pay dues required of members or agree to pay a service fee in the amount determined by the Union. A service fee will be deducted from the paychecks of persons who fail or refuse to do either. This section describes the process used to accomplish these goals. This agreement is made to reflect the parties' mutual goals of labor peace and bargaining unit continuity which both parties acknowledge to be valuable to each of them.

1. Promptly after approval of their hiring, the Union will be notified of the names(s) of each person newly employed by the Employer who will be assigned to a position in this bargaining unit. The employee will have thirty (30) calendar days to decide whether to become a Union member or pay a service fee.

2. The service fee will be deducted from the compensation of any person who fails or refuses to either become a Union member, approve deduction of a service fee or pay a service fee ("the Non-Payer"). The employer will deduct dues or service fees from the paychecks of persons who have agreed to such deductions or who have not responded to a request for election as described here. Dues or service fees will be withheld such that an equivalent of two (2) hours pay per month, or a total of twenty four (24) hours pay per year is deducted in equal portions on a bi-weekly basis. The formula is: hourly rate x 24 divided by 26= amount taken out of each bi-weekly paycheck. All sums deducted by the Employer shall be remitted to the Union's financial officer on a timely basis once each month, but no later than the 15th of the month following that in which the dues were collected, together with a list of current employees showing the amount of union dues or service fee deducted for each employee.

a. The parties acknowledge that involuntary deduction of the service fee is a sanction that is less harmful to the delivery of library service than discharge.

b. Notwithstanding the same, in the event that Section 2 above is found to be unenforceable by a court or agency of competent jurisdiction from which appeals have been exhausted (or the time to appeal has expired), then the parties shall utilize the process which follows:

i. The Union will notify the Employer of the name of any persons(s) who have failed or refused to either join the Union or to pay or arrange for payment of a service fee.

ii. The Employer will forthwith notify the individual employee that he or she is subject to discharge for the failure or refusal to either join the Union or to pay or arrange for payment of a service fee.

iii. The individual employee shall have fourteen (14) days from the date of the notice to either join the Union or to pay or arrange for payment of a service fee.

iv. The Union will notify the Employer of the names(s) of any individual employee who has failed either to join the Union or to pay or arrange for payment of a service fee despite the proffer of the notice described above.

v. Not later than seven (7) days following the notice to the Employer from the Union, the Employer shall discharge the individual employee(s) from employment and shall not reemploy the individual as an employee nor engage them or a successor for contracted service.

vi. Notwithstanding the foregoing, the individual employee(s) may be reemployed in the event that, at the time of hire, they either join the Union or pay or arrange payment of a service fee.

3. The Union will determine the amount of the service fee in accordance with prevailing law. Presently the law permits the Union to allocate its expenses as chargeable or non-chargeable based on their relationship to negotiation and enforcement of the collective bargaining agreement. The Union, alone, will determine the amount of the service fee to be deducted.

4. This agreement may be enforced via the grievance procedure or, at the Union's sole option, through an action in the Circuit Court without prior exhaustion of the grievance procedure.

5. Fees shall not be deducted during the pendency of any Objection that any Non-Payer may have properly initiated under the Union's Process for Resolution of Objections; it may be invoked fourteen (14) days after the conclusion or termination of the process for resolution of an Objection.

APL

6.   The Association of Professional Librarians the Detroit Public Library Unit of Local 2200 of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, UAW (Union) shall defend, (including the negotiation of any voluntary settlement) indemnify and hold harmless the Detroit Library Commission (Employer) and its members and its employees from claims made with regard to this agreement provided that the Union shall be promptly notified of any such claim and shall be entitled to provide counsel of its choice, at the Union's expense and provided further that the Detroit Public Library shall cooperate in the defense or resolution of the claim.

### Duration

1. This agreement is effective immediately upon ratification by the last party and shall continue in effect until June 30, 2023 and binds the parties and their successors.

2. This agreement is understood to be a collective bargaining agreement separate and distinct from the agreement establishing, among other matters, wages, hours and working conditions.  That agreement, and its successors, shall be in effect according to its terms.

3. It is the mutual objective of the parties to recognize this agreement throughout the entire stated duration.   In the event that a court or agency of proper jurisdiction, from which all appeals have been exhausted or waived, finds the duration to be unenforceable, this agreement shall survive and remain in effect for the longest duration found reasonable.

4. This agreement supersedes Article 33 of the parties' collective bargaining agreement dated March 20, 2013 – June 30, 2017 while this agreement remains in effect.  Article 33 shall become immediately effective if enforcement of this agreement is either temporarily or permanently precluded.  Unless modified or contradicted herein, Article 33 shall remain in full force and effect.

IN WITNESS WHEREOF, the parties have set their hands this 19th day of March 2013.

UNITED AUTO WORKERS, Local 2200
ASSOCIATION OF PROFESSIONAL LIBRARIANS (APL)

Laurie Stuart, President
UAW Local 2200

Tiffani Simon, Vice-President
UAW Local 2200

Sue Narin, Unit Chair
UAW LU 2200, APL

Tony Feyers, International Representative
UAW Region I

Janet Batchelder
Library Steward Main
UAW Local 2200, APL Unit

Robbie Flowers
Westside Steward
UAW Local 2200, APL Unit

Mary Jo Vortkamp
Eastside Steward
UAW Local 2200, APL Unit

DETROIT LIBRARY COMMISSION

Russell Bellant, President

Gregory Hicks, Vice-President

Jo Anne G. Mondowney
Executive Director

Trinee Moore
Director, Human Resources

Charles Hall, Director
UAW, Region 1

UAW TRIAL EXHIBIT

8028

POOL UNIT – DETROIT LIBRARY COMMISSION - GRIEVANCE
Dated September 23, 2014

Pursuant to the grievance procedure set forth in Article 11 of the current POOL unit collective bargaining agreement with the Detroit Library Commission (the "POOL Contract"), International Union, UAW and the Professional Organization of Librarians of the Detroit Public Library Unit (the "POOL Unit") of UAW Local 2200 file this grievance on September 23, 2014 at Step 2 of the grievance procedure, since it involves claims of multiple persons.

Grievance Claims:

1. Pension/Wages.  The Union grieves the changes to wages and pensions announced in July 22, 2014 communications to employees, including but not limited to wage deductions for pensions, new accrual methods for pensions and the "Special Election for Unused Frozen Sick Leave," all of which are contrary to the following provisions of the UAW-POOL/Library CBA:

Article 1 – Conditions of Employment
Article 2.01 – Duration, Modification and Amendments
Article 3.01 – Extent of Agreement
Article 29.11 - Sick Leave at Retirement
Schedule G – Retirement
Schedule G, Part I - Unused Sick Leave and Average Final Compensation Option
Schedule H - Salaries

The Union demands that the improper changes be rescinded, that the status quo ante be restored, and that all employees and retirees be made whole.

2.      Post-Retirement Insurance Coverage

On March 1, 2014, the post-retirement insurance coverage for Library retirees was drastically reduced, with apparent plans for further reductions (or even elimination of coverage as well).  The Union

grieves these changes as in violation of the following provisions of the UAW-POOL/Library CBA:

Article 1 – Conditions of Employment
Article 2.01 – Duration, Modification and Amendments
Article 3.01 – Extent of Agreement
Schedule D, Parts A through K - Hospitalization, Medical Dental, Optical Care Insurance (for example, note among the provisions of Schedule D this language in its Part D: "The Library will provide regular retirees and their spouses hospitalization and medical insurance for only as long as they receive a pension from the Library. For persons (except for vested retirees) the Library's contribution toward the monthly premium for the plan selected shall be the same as its contribution made for active employees for that plan, as contained in Paragraph B.")

The Union demands that the improper changes be rescinded, that the status quo ante be restored, and that all employees and retirees be made whole.

Submitted by Laurie Stuart, President, UAW Local 2200

UAW TRIAL EXHIBIT

8029

STU UNIT – DETROIT LIBRARY COMMISSION - GRIEVANCE
Dated September 23, 2014

Pursuant to the grievance procedure set forth in Article 9 of the current STU Unit collective bargaining agreement with the Detroit Library Commission (the "STU Contract"), International Union, UAW and the Skilled Trades Unit of the Detroit Public Library (the "STU Unit") of UAW Local 2200 file this grievance on September 23, 2014 at Step 2 of the grievance procedure, since it involves claims of multiple persons. This grievance is in addition to the Union's grievance of June 29, 2014.

**Grievance Claims**:

**1. Pension/Wages**. The Union grieves the changes to wages and pensions announced in July 22, 2014 communications to employees, including but not limited to wage deductions for pensions, new accrual methods for pensions and the "Special Election for Unused Frozen Sick Leave," all of which are contrary to the following provisions of the UAW-STU/Library CBA:

Article 1.A. – Purpose and Intent
Article 38 - Extent of Agreement
Article 40 - Maintenance of Conditions
Article 42 - Duration
Schedule A - Salaries
Schedule H – Retirement
Schedule H, Part I - Unused Sick Leave and Average Final Compensation Option

The Union demands that the improper changes be rescinded, that the status quo ante be restored, and that all employees and retirees be made whole.

**2.     Post-Retirement Insurance Coverage.** On March 1, 2014, the post-retirement insurance coverage for Library present and future retirees was drastically reduced, with apparent plans for further reductions (or even elimination of coverage as well). The Union

grieves these changes as in violation of the following provisions of the UAW-STU/Library CBA:

Article 1.A. – Purpose and Intent
Article 38 - Extent of Agreement
Article 40 - Maintenance of Conditions
Article 42 - Duration
Schedule F, Parts A through K - Hospitalization, Medical Dental, Optical Care Insurance (for example, note among the provisions of Schedule F this language in its Part D: "The Library will provide regular retirees and their spouses hospitalization and medical insurance for only as long as they receive a pension from the Library. For persons (except for vested retirees) the Library's contribution toward the monthly premium for the plan selected shall be the same as its contribution made for active employees for that plan, as contained in Paragraph B.")

The Union demands that the improper changes be rescinded, that the status quo ante be restored, and that all employees and retirees be made whole.

Submitted by Laurie Stuart, President, UAW Local 2200

UAW TRIAL EXHIBIT

8030

APL UNIT – DETROIT LIBRARY COMMISSION - GRIEVANCE
Dated September 23, 2014

Pursuant to the grievance procedure set forth in Article 11 of the current APL unit collective bargaining agreement with the Detroit Library Commission (the "APL Contract"), International Union, UAW and the Professional Organization of Librarians of the Detroit Public Library Unit (the "APL Unit") of UAW Local 2200 file this grievance on September 23, 2014 at Step 2 of the grievance procedure, since it involves claims of multiple persons. This grievance is in addition to the Union's grievance of June 29, 2014.

**Grievance Claims**:

**1. Pension/Wages**. The Union grieves the changes to wages and pensions announced in July 22, 2014 communications to employees, including but not limited to wage deductions for pensions, new accrual methods for pensions and the "Special Election for Unused Frozen Sick Leave," all of which are contrary to the following provisions of the UAW-APL/Library CBA:

Article 1.01 – Conditions of Employment
Article 2.01 – Duration, Modification and Amendments
Article 3.01 – Extent of Agreement
Article 29 - Sick Leave
Schedule G – Retirement
Schedule G, Part I - Unused Sick Leave and Average Final Compensation Option
Schedule H - Salaries

The Union demands that the improper changes be rescinded, that the status quo ante be restored, and that all employees and retirees be made whole.

**2. Post-Retirement Insurance Coverage.** On March 1, 2014, the post-retirement insurance coverage for Library present and future retirees was drastically reduced, with apparent plans for further reductions (or even elimination of coverage as well). The Union

grieves these changes as in violation of the following provisions of the UAW-APL/Library CBA:

Article 1 – Conditions of Employment
Article 2.01 – Duration, Modification and Amendments
Article 3.01 – Extent of Agreement
Schedule D, Parts A through K - Hospitalization, Medical Dental, Optical Care Insurance (for example, note among the provisions of Schedule D this language in its Part D: "The Library will provide regular retirees and their spouses hospitalization and medical insurance for only as long as they receive a pension from the Library. For persons (except for vested retirees) the Library's contribution toward the monthly premium for the plan selected shall be the same as its contribution made for active employees for that plan, as contained in Paragraph B.")

The Union demands that the improper changes be rescinded, that the status quo ante be restored, and that all employees and retirees be made whole.


Submitted by Laurie Stuart, President, UAW Local 2200

UAW TRIAL EXHIBIT

8031

## APL Appeal of June 29, 2014 Pension Grievance to Step 3

Pursuant of Article 11.07 of the UAW/APL collective bargaining agreement with the Library, the Union appeals the denial of its June 29, 2014 pension grievance to Step 3 of the grievance procedure. The Union relies on the same contract provisions referenced in its June 29 APL grievance and asks that the Library fully comply with the collective bargaining agreement with respect to all pension matters, restore the status quo ante, and make all employees and retirees whole.

## POOL Appeal of June 29, 2014 Pension Grievance to Step 3

Pursuant of Article 11.07 of the UAW/POOL collective bargaining agreement with the Library, the Union appeals the denial of its June 29, 2014 pension grievance to Step 3 of the grievance procedure. The Union relies on the same contract provisions referenced in its June 29 POOL grievance and asks that the Library fully comply with the collective bargaining agreement with respect to all pension matters, restore the status quo ante, and make all employees and retirees whole.

## STU Appeal of June 29, 2014 Pension Grievance to Step 3

Pursuant of Article 9.6 of the UAW/STU collective bargaining agreement with the Library, the Union appeals the denial of its June 29, 2014 pension grievance to Step 3 of the grievance procedure. The Union relies on the same contract provisions referenced in its June 29 STU grievance and asks that the Library fully comply with the collective bargaining agreement with respect to all pension matters, restore the status quo ante, and make all employees and retirees whole.


Submitted to Library Director on September 23, 2014

UAW Local 2200 President Laurie Stuart and APL, POOL and STU Unit Chairs Ina Sue Nairn, Krystal Booker and Richard Sowinski

APL UNIT – DETROIT LIBRARY COMMISSION - GRIEVANCE DATED JUNE 29, 2014

Pursuant to the grievance procedure set forth in Article 11 of the current APL unit collective bargaining agreement with the Detroit Library Commission (the "APL Contract"), International Union, UAW and the Association of Professional Librarians of the Detroit Public Library Unit (the "APL Unit") of UAW Local 2200 file this grievance on June 29, 2014 at Step 2 of the grievance procedure, since it involves claims of multiple persons.

Grievance Claims:

To the extent that any changes in pension benefit payments to and/or pension benefit or pension service accruals for any UAW-represented APL Unit employees and/or retirees are intended to commence on July 1, 2014 or thereafter, International Union, UAW and UAW Local 2200 together grieve such changes, and also grieve any implementation of any monetary charges assessed against any employees or retirees with respect to their pension benefits, pension benefit payments or pension benefit or pension service accruals. UAW asserts that all such changes or monetary charges violate the following provisions of the APL Contract:

Article 1.01 – Conditions of Employment
Article 2.01 – Duration, Modification and Amendments
Article 3.01 – Extent of Agreement
Schedule G – Retirement

Submitted by Laurie Stuart, President, UAW Local 2200

POOL UNIT – DETROIT LIBRARY COMMISSION - GRIEVANCE
DATED JUNE 29, 2014

Pursuant to the grievance procedure set forth in Article 11 of the
current POOL unit collective bargaining agreement with the Detroit
Library Commission (the "POOL Contract"), International Union,
UAW and the Professional Organization of Librarians of the Detroit
Public Library Unit (the "POOL Unit") of UAW Local 2200 file this
grievance on June 29, 2014 at Step 2 of the grievance procedure, since
it involves claims of multiple persons.

Grievance Claims:

To the extent that any changes in pension benefit payments to and/or
pension benefit or pension service accruals for any UAW-represented
POOL Unit employees and/or retirees are intended to commence on
July 1, 2014 or thereafter, International Union, UAW and UAW Local
2200 together grieve such changes, and also grieve any
implementation of any monetary charges assessed against any
employees or retirees with respect to their pension benefits, pension
benefit payments or pension benefit or pension service accruals.
UAW asserts that all such changes or monetary charges violate the
following provisions of the POOL Contract:

Article 1 – Conditions of Employment
Article 2.01 – Duration, Modification and Amendments
Article 3.01 – Extent of Agreement
Schedule G – Retirement

Submitted by Laurie Stuart, President, UAW Local 2200

STU UNIT – DETROIT LIBRARY COMMISSION - GRIEVANCE DATED JUNE 29, 2014

Pursuant to the grievance procedure set forth in Article 9 of the current STU Unit collective bargaining agreement with the Detroit Library Commission (the "STU Contract"), International Union, UAW and the Skilled Trades Unit of the Detroit Public Library (the "STU Unit") of UAW Local 2200 file this grievance on June 29, 2014 at Step 2 of the grievance procedure, since it involves claims of multiple persons.

Grievance Claims:

To the extent that any changes in pension benefit payments to and/or pension benefit or pension service accruals for any UAW-represented STU Unit employees and/or retirees are intended to commence on July 1, 2014 or thereafter, International Union, UAW and UAW Local 2200 together grieve such changes, and also grieve any implementation of any monetary charges assessed against any employees or retirees with respect to their pension benefits, pension benefit payments or pension benefit or pension service accruals. UAW asserts that all such changes or monetary charges violate the following provisions of the STU Contract:

Article 1.A – Purpose and Intent
Article 38 – Extent of Agreement
Article 40 – Maintenance of Conditions
Article 42 - Duration
Schedule H – Retirement

Submitted by Laurie Stuart, President, UAW Local 2200