# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

## SYNCORA'S OBJECTIONS AND RESPONSES TO FGIC'S NOTICE OF RULE 30(B)(6) DEPOSITION AND DOCUMENT REQUESTS OF SYNCORA GUARANTEE INC. AND SYNCORA CAPITAL ASSURANCE INC.

Syncora Capital Assurance Inc. and Syncora Guarantee Inc. ("Syncora") submit these objections and responses ("Objections and Responses") to Financial Guaranty Insurance Company's ("FGIC's") *Notice of Rule 30(b)(6) Deposition and Document Requests of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.* (Dkt. No. 7607). In support of its Objections and Responses, Syncora respectfully states as follows:

## PRELIMINARY STATEMENT

1. Syncora reached a settlement in principle with the City of Detroit on September 14, 2014. On September 16, 2014, the City filed a Seventh Amended Plan for the Adjustment of Debts of the City of Detroit (Doc. No. 7502) which contained the terms of the settlement with Syncora (the "Syncora Settlement"). On September 19, 2014, FGIC filed its *Notice of 30(b)(6) Deposition and Document*

*Requests of Syncora Guarantee Inc. and Syncora Capital Assurance Inc.* ("Deposition and Document Requests") (Dkt. No. 7607). Syncora objects to FGIC's Deposition and Document Requests for a number of reasons.

2. *First*, FGIC's Deposition and Document Requests seek to invade a number of privileges—*e.g.*, the mediation privilege, the attorney-client privilege, and the work product doctrine. Most troubling is that almost all of FGIC's document requests and deposition topics relate to documents and communications incident to mediation and protected by the Court's Mediation Order (Dkt. No. 322).

3. *Second*, FGIC's Deposition and Documents Requests seek categories of information that are irrelevant to its objection to the City's Plan. FGIC's objection to the City's Plan centers on the treatment of creditors in Class 9. But its document requests and deposition topics focus for the most part on the Development Agreement, which is not part of Syncora's Class 9 treatment.

4. *Third,* FGIC's Deposition and Documents Requests seek Syncora's valuation of various elements of the settlement and associated assets. However, these items are plainly inadmissible; Syncora's opinions on the valuation of assets are inadmissible hearsay. With the exception of matters relating to the Detroit-Windsor tunnel, these publicly accessible City assets may be valued by any party,

2

including FGIC; Syncora's specific valuation materials are not themselves relevant to the assessment of assets being utilized for the Syncora Settlement.

5. *Fourth*, FGIC's requests for historical data, projections, and any existing plans relating to City assets are more properly addressed to the City. Syncora's production of such documents, to the extent Syncora even has such information, would be unnecessarily cumulative.

6. In the Sixth Circuit, courts generally balance the likely relevance of the requested material against the burden of producing it. *See EEOC v. Ford Motor Credit Co.*, 26 F.3d 44, 47 (6th Cir. 1994). In particular, courts must balance the potential value of the information to the party seeking it against the cost, effort, and expense to be incurred by the person or party producing it. *See Lowe v. Vadlamudi*, 08-10269, 2012 WL 3887177 (E.D. Mich. Sep. 7, 2012); *see also Brown v. W. Corp.*, 287 F.R.D. 494, 500 (D. Neb. 2012) ("More generally, the Court must limit the extent of discovery under Rule 26(b)(2)(C) where the burden or expense of production outweighs the likely benefit.").

7. In an effort to balance FGIC's legitimate interest in discovery with the burdens to Syncora and the limitations imposed by the protections associated with the Mediation Order, the attorney-client privilege, and the attorney work product doctrine, Syncora agrees to make the following documents available to FGIC:

- The Syncora Settlement Documents, including:

3

- The Tunnel Lease

- The Amendment to the Tunnel Lease

- The Option Agreement

- The Development Agreement

  - Information regarding the COPs insured by Syncora and related insurance policies, if any.

  - Information regarding the COPs held by Syncora and related insurance policies, if any.

  - Historical financial information and projections relating to the Detroit-Windsor tunnel consistent with those described during the parties' meet and confer.

  - Engineering reports relating to the Detroit-Windsor tunnel.

## OBJECTIONS AND RESPONSES

**I. Objections and Responses to FGIC's Document Requests**

### A. GENERAL OBJECTIONS

1. Syncora objects to each request to the extent it seeks documents covered by the attorney-client privilege, the work product doctrine, the mediation privilege, or any other applicable privilege or immunity. None of Syncora's responses are intended as, nor should be construed as, a waiver or relinquishment of the attorney-client privilege, the work product doctrine, the mediation privilege, or any other applicable privilege or immunity.

4

2. Syncora objects to each request to the extent that it is overly broad, unduly burdensome, and/or not reasonably calculated to lead to the discovery of relevant documents or admissible evidence.

3. A statement that Syncora will produce documents in response to any request herein does not mean that such documents exist, but only that, to the extent such documents do exist and are not subject to the preliminary statement and/or a general objection, Syncora will produce non-privileged, responsive documents that are identifiable after the reasonable search and inquiry described in the preliminary statement above.

4. Syncora objects to the requests to the extent that they seek documents and information outside of Syncora's possession, custody, or control.

5. The Preliminary Statement and each of the foregoing general objections are incorporated into each and every response as though fully set forth therein.

### B. RESPONSES AND OBJECTIONS

**REQUEST NO. 1:**

Any and all documents concerning or regarding the Syncora Settlement and the Syncora Settlement Documents, including the Tunnel Lease and any existing or contemplated amendment thereto (including, without limitation, any amendment pursuant to the Syncora Settlement), the Grand Circus Parking Garage, the Option Agreement, and the Concession Agreement.

**RESPONSE TO REQUEST NO. 1:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and objections, Syncora will produce the documents identified in paragraph 7 of the Preliminary Statement.

**REQUEST NO. 2:**

Any and all documents concerning or regarding the Development Agreement.

**RESPONSE TO REQUEST NO. 2:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and objections, Syncora will produce the documents identified in paragraph 7 of the Preliminary Statement. Syncora objects to the production of any other documents related to the Development Agreement to the extent they are incident to and products of the court-ordered mediation and protected by the Court's Mediation Order.

**REQUEST NO. 3:**

Any and all documents concerning or regarding the COPs, including the following:
    a. The COPs insured by You, and any COP Insurance Policy related thereto.
    b. The COPs owned or held by You and any COP Insurance Policy related thereto.
    c. The COP Claims that You intend to sell to the Litigation Trust pursuant to the Plan COP Settlement and the Syncora Settlement.

d. The status of Your COP Insurance Policies, all intended or proposed changes to Your COP Insurance Policies, and the status of Your COP Insurance Policies upon and after any sale of Your COP Claims to the Litigation Trust pursuant to the Plan COP Settlement and Syncora Settlement.

**<u>RESPONSE TO REQUEST NO. 3:</u>**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections. Subject to those objections, consistent with the parties' agreement, Syncora will respond to Request Nos. 3(a)-(c) as if they were posed as interrogatories.

(a) Syncora insures a total of $351,905,000 of COPs. Syncora insures $299,155,000 of Series 2006-B COPs, CUSIP 251228AB8, insured by Policy No. CA03049A. Syncora insures $52,750,000 of Series 2005-A COPs, CUSIPs 25113PAX3 and 25113PAY1, insured by Policy No. CA02078A.

(b) Syncora owns a total of $311,500,000 of COPs. Syncora owns $279,155,000 of Series 2006-B COPs, CUSIP 251228AB8, insured by Policy No. CA03049A. Syncora owns $27,345,000 of Series 2005-A COPs, CUSIP 25113PAY1, insured by Policy No. CA02078A. Syncora owns $5,000,000 of Series 2006-A COPs, CUSIP 251228AA0, insured by Policy No. 06010249.

(c) The precise nature of Syncora's contribution to the Liquidation Trust is still being refined. Syncora will supplement its response to Request No. 3(c) upon

the determination of the final terms of its contribution, and hopes to do so on Friday, September 26, 2014.

(d) Syncora objects to Request No. 3(d) because it calls for information protected by the attorney-client privilege, the Mediation Order, and the attorney work-product doctrine.

**REQUEST NO. 4:**

Any and all documents and communications between You and the City regarding the Dismissed Syncora Litigation.

**RESPONSE TO REQUEST NO. 4:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

**REQUEST NO. 5:**

Any and all documents regarding the Detroit-Windsor Tunnel, including the Tunnel Lease, historical financial data, financial projections, recent or past traffic studies, economic impact studies, asset condition assessments, solicitations or indications of interest in the tunnel, tunnel-related property leases or sub-leases to third parties, and reasons for not rejecting the Tunnel Lease.

**RESPONSE TO REQUEST NO. 5:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing preliminary statement and objections, Syncora will produce the documents identified in paragraph 7 of the Preliminary Statement.

**REQUEST NO. 6:**

Any and all documents regarding the Grand Circus Parking Garage, including historical financial data and projections, historical rate information and potential plans for future rate increases, and reasons why the existing lease or concession agreement was terminated.

**RESPONSE TO REQUEST NO. 6:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Syncora does not possess any non-privileged documents responsive to Request No. 6. Syncora further objects to request No. 6 because this request is more properly directed toward the City.

**REQUEST NO. 7:**

Any and all documents regarding or concerning the value of the following:

a. The Syncora Settlement.
b. The Development Agreement and the property subject thereto.
c. The City Parking Assets.
d. The New C Notes.
e. The Class 9 Settlement Credits.
f. Class 9 Eligible Assets
g. The Parking Garages.
h. The Grand Circus Parking Garage, the Option Agreement, and the Concession Agreement.

9

**RESPONSE TO REQUEST NO. 7:**

Syncora objects to this request for the reasons identified in the preliminary statement and general objections.

Subject to the foregoing Preliminary Statement and objections, Syncora will produce the documents identified in paragraph 7 of the Preliminary Statement.

## II. Objections and Responses to FGIC's 30(b)(6) Deposition Topics

1. Syncora objects to FGIC's deposition topics for the reasons identified in the Preliminary Statement. Syncora also objects to FGIC's deposition topics to the extent they are overbroad, vague, burdensome, and not calculated to lead to admissible evidence. Additionally, Syncora objects to FGIC's deposition topics to the extent they call for information protected by the attorney-client privilege, the attorney work-product doctrine, or the Mediation Order.

2. Subject to the Preliminary Statement and foregoing objections, Syncora will prepare and make available a witness to address the following topics:

a) The mechanics of the Settlement Agreement and the Development Agreement.

b) The DWT-related Financial Information and projections produced in response to FGIC's document requests.

Dated: September 25, 2014

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: /s/ *Stephen C. Hackney*
James H.M. Sprayregen, P.C.
Ryan Blaine Bennett
Stephen C. Hackney
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Stephen M. Gross
David A. Agay
Joshua Gadharf
MCDONALD HOPKINS PLC
39533 Woodward Avenue
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075

*Attorneys for Syncora Guarantee Inc. and Syncora Capital Assurance Inc.*