# THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

―――――――――――――――――――――――――x
                                            :     **Chapter 9**
**In re:**                                  :     **Case No. 13-53846**
**CITY OF DETROIT, MICHIGAN**,              :     **Hon. Steven W. Rhodes**
                Debtor.                     :
                                            :
                                            :
―――――――――――――――――――――――――

## PETITIONERS ROBERT DAVIS' AND CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Under the provisions of title 11 of the United States Code ("Bankruptcy Code"), 11 U.S.C. §§ 362(d) and 922(b), Petitioners, Robert Davis and Citizens United Against Corrupt Government (collectively "Petitioners"), by and through their attorney, Andrew A. Paterson, respectfully request that this Court lift and/or modify the automatic stay, specifically, the Court's July 25, 2013 stay orders-confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code (Dkt. #167), and Extending the Chapter Stay to certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor (Dkt. #166) ("Extension Order"), for the purpose of allowing Petitioners to file a civil action in the Wayne County Circuit Court for declaratory and injunctive relief against the Detroit City Council for its ongoing violations of the Open Meetings Act ("OMA").

In support of their emergency motion, Petitioners state as follows:

## INTRODUCTION

1. Petitioner Citizens United Against Corrupt Government ("Petitioner Citizens United") is a Michigan nonprofit corporation organized for the purpose of promoting and ensuring corrupt-free and law-abiding civic government through social actions and court actions designed to eliminate unlawful illegal actions by all governmental officials, representatives and entities in all levels of government. Petitioner Robert Davis ("Petitioner Davis") serves as the Director of Petitioner Citizens United and is a resident and qualified registered elector in the County of Wayne, State of Michigan. As Director of Petitioner Citizens United, Petitioner Davis desires to file a civil action on its behalf against the Detroit City Council, for its violations of Michigan's Open Meetings Act ("OMA"). The violations arise out of the Detroit City Council's recent closed-door sessions and discussions pertaining to the possible future employment of Kevyn Orr, the state's Emergency Manager, under Public Act 436 of 2012, for the City of Detroit ("Emergency Manager").

2. The claims Petitioners will allege and assert are that the Detroit City Council's recent closed-door sessions and meetings with the Emergency Manager, the Mayor of the City of Detroit and with other representatives of the Debtor, to discuss the possible future employment of the Emergency Manager, violated the OMA. They violated the OMA because there is no statutory exemption permitting the Detroit City Council to meet in a closed session for the purposes that it has asserted. It has been widely reported in the local media that the Detroit City Council has asserted that they are permitted to meet in a closed session to discuss and negotiate the terms and conditions of the Emergency Manager's future employment, under what it has called

"the attorney-client" privilege and "privileged and confidential information." However, well-established case law of the Michigan appellate courts interpreting the OMA have determined otherwise. See e.g., *People v Whitney*, 228 Mich App 230 (1998); *Booth Newspapers v Wyoming City Council*, 168 Mich App 459 (1988). Consequently, the Detroit City Council's recent closed-door sessions and discussions are in violation of the OMA, and the minutes, including any transcripts and audio tapes, from said closed-door sessions and discussions are subject to disclosure under both the OMA and also under the Freedom of Information Act ("FOIA"). See e.g., *Manning v City of East Tawas*, 234 Mich App 244 (1999); *Detroit News v City of Detroit*, 185 Mich App 296 (1990).

3. Petitioners' suit will primarily seek the circuit court's declaration that the Detroit City Council's recent closed-door sessions and discussions regarding the Emergency Manager's possible future employment with the Debtor, violated the OMA and that any all minutes from these improperly held closed sessions, including transcripts and audio tapes, are subject to disclosure under the OMA and the FOIA. Petitioners will also seek injunctive relief enjoining the Detroit City Council from holding any further such closed sessions and discussions regarding the Emergency Manager's possible future employment with the Debtor, in violation of the OMA.

4. Petitioners' suit would not jeopardize or interfere with the bankruptcy proceedings in this Court. Moreover, Petitioners OMA civil action will not affect, in any way, or disturb, or otherwise impact the Debtor's Bankruptcy Petition, or proceedings thereunder, in this Court, or any of the Debtor's assets and property.

Page **3** of **8**

13-53846-tjt    Doc 7667    Filed 09/25/14    Entered 09/25/14 13:45:51    Page 3 of 8

5. By this motion, Petitioners seek to lift and/or modify the stay, specifically the Extension Order, so that the Petitioners may file a civil action in the Wayne County Circuit Court *immediately* against the Detroit City Council for its egregious violations of the OMA by the recent closed-door sessions and discussions regarding the future of the Emergency Manager with the Debtor. Petitioners' suit will seek *immediate* injunctive relief against the Detroit City Council enjoining it from holding any further closed-door sessions and discussions regarding the Emergency Manager's possible future employment with the Debtor and that exceed the attorney-client privilege exemption set forth in the OMA. See, *People v Whitney*, 228 Mich App 230 (1998); *Booth Newspapers v Wyoming City Council*, 168 Mich App 459 (1988).

6. This request for modification of the Extension Order is not sought with the purpose of challenging any of the actions taken by the Emergency Manager or by this Honorable Court in the Debtor's bankruptcy proceedings, but rather, it merely seeks declaratory and injunctive relief under the OMA in the circuit court.

## JURISDICTION

7. Jurisdiction over this motion is conferred upon this Court by 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

8. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 1408 and 1409.

9. The relief requested in this motion is predicated upon 11 U.S.C. § 362(d) and Rules 4001 and 9014-1 of the Local Rules, Federal Rules of Bankruptcy Procedure.

## ARGUMENT/LEGAL BASIS FOR MOTION

10. The automatic stay provision of the Bankruptcy Code provides, in pertinent part, that the filing of a petition in bankruptcy operates as a stay of "the commencement or

continuation… of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). The purpose of the automatic stay is to give the debtor a "breathing spell" from his creditors, and also, to protect creditors by preventing a race for the debtor's assets. See H.R. Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), *reprinted in* 1978 U.S. Code Cong. & Admin. News 5963, 6296-97 [hereinafter cited as *House Report*].

11. The stay is "automatic" because it is triggered as against all entities upon the filing of a bankruptcy petition, irrespective of whether the parties to the proceedings stayed are aware that a petition has been filed. Only the bankruptcy court with jurisdiction over the case has the authority to grant relief from the stay of judicial proceedings against the debtor. *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3rd Cir. 1991).

12. The Bankruptcy Code does not define cause for purposes of when to allow relief from the automatic stay, so "courts must determine whether discretionary relief is appropriate on a case-by-case basis." *Trident Associates Ltd. P'ship v. Metro Life Ins. Co. (In re Trident Associates Lt. P'ship)*, 52 F.3d 127, 131 (6th Cir. 1995).

13. A movant has the initial burden of showing a legally sufficient basis for lifting the automatic stay. See *In re M.J. & K. Co.*, 161 B.R. 586, 590 (Bankr. S.D.N.Y. 1993). Once the movant shows such cause exists, the Debtor bears the burden of proving lack of cause. Id. 11 U.S.C. 362(g); *In re Washtenaw Huron Inv. Corp. No. 8*, 150 B.R. 31,

33 (Bankr. E.D. Mich. 1993). No bright-line rule governs whether cause exists under Section 362(d). *In re Hermoyian*, 435 B.R. 456, 461 (Bankr. E.D. Mich 2010).

14. To guide the bankruptcy court's exercise of its discretion, the Sixth Circuit identifies five factors for the court to consider: (1) "judicial economy"; (2) "trial readiness"; (3) "the resolution of preliminary bankruptcy issues"; (4) "the creditor's chance of success on the merits"; and (5) "the cost of defense or other potential burden to the bankruptcy estate and the impact of the litigation on other creditors." *Garzoni v. K-Mart Corp. (In re Garzoni)*, 35 Fed. App. 179, 181 (6th Cir. Mich. 2002) (citing *In re United Imports, Inc.*, 203 B.R. 162, 167 (Bankr. D. Neb. 1996)).

15. Here, Petitioners seek to file a civil action in the Wayne County Circuit Court against the Detroit City Council for its violations of the OMA arising out of its recent closed-door sessions and meetings and discussions regarding the future employment of the Emergency Manager with the Debtor under Public Act 436 of 2012.

16. Petitioners are so only seeking declaratory and injunctive relief against the Detroit City Council under the OMA. Petitioners will not seek to invalidate any decision that the Detroit City Council will make in relationship to the possible future employment of the Emergency Manager with the Debtor. Rather, Petitioners will seek a court's declaration that the Detroit City Council violated the OMA by having the closed-door sessions, meetings and discussions with respect to the possible future employment of the Emergency Manager with the Debtor, and which exceeded any attorney-client privilege it may assert. See *People v Whitney*, 228 Mich App 230 (1998); *Booth Newspapers v Wyoming City Council*, 168 Mich App 459 (1988).

17. Additionally, if the circuit court determines that the Detroit City Council violated the OMA by having the closed-door sessions and discussions with respect to the possible future employment of the Emergency Manager with the Debtor, that exceeded the attorney-client privilege exception, Petitioners will also seek the remedy of requiring the Detroit City Council to disclose all minutes, including transcripts and audio tapes, from the improperly held closed-door sessions and meetings. See *Manning v City of East Tawas*, 234 Mich App 244 (1999); *Detroit News v City of Detroit*, 185 Mich App 296 (1990).

18. Finally, Petitioners will seek an injunction against the Detroit City Council enjoining it from violating any provision of the OMA and enjoining it from holding any further closed-door discussions regarding the Emergency Manager's possible future employment with the Debtor.

19. As noted above, Petitioners' lawsuit will not seek to remove the Emergency Manager, or void any actions taken by the Detroit City Council relative to the possible future employment of the Emergency Manager with the Debtor.

20. Petitioners' lawsuit DOES NOT threaten the Debtor's ability to continue in this bankruptcy case.

**PRAYER FOR RELIEF**

**WHEREFORE**, Petitioners pray that this Honorable Court enter an order lifting and/or modifying the automatic stay, specifically the Court's Extension Order, to permit Petitioners to *immediately* file an OMA civil action seeking declaratory and injunctive relief in the Wayne County Circuit Court against the Detroit City Council, as well as granting such further relief as

the Court deems just and equitable considering the facts and circumstances of this case.

                                                                                Respectfully submitted,

                                                                     /S/ Andrew A. Paterson (P18690)_____
                                                                     Attorney for Petitioners Robert Davis and Citizens
                                                                      United Against Corrupt Government
                                                                      46350 Grand River, Suite C
                                                                      Novi, MI 48374
                                                                      (248) 568-9712

DATED: September 25, 2014