THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 9 |
|  | : | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | : | Hon. Steven W. Rhodes |
| Debtor. | : |  |

**PETITIONERS ROBERT DAVIS' AND CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S *EX PARTE* MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING WITH RESPECT TO PETITIONERS' EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Petitioners Robert Davis and Citizens United Against Corrupt Government (collectively "Petitioners") hereby move for the entry of an *ex parte* order pursuant to Rules 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules") (a) shortening the notice period with respect to the Petitioners' Emergency Motion for Relief from the Automatic Stay ("Emergency Motion"); and (b) scheduling a hearing on the Emergency Motion for September 26, 2014 or soon thereafter as the Court's calendar permits. In support of this *Ex Parte* Motion, Petitioners respectfully state as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

2. Petitioners filed the Emergency Motion on September 25, 2014, contemporaneously with this *Ex Parte* Motion. In the Emergency Motion, Petitioners seeks entry of an order granting Petitioners relief from the automatic stay, specifically, the Court's July 25, 2013 Extension Order, to immediately file a civil action in the Wayne County Circuit Court against the Detroit City Council for violations of the Open Meetings Act ("OMA") with respect to their recent closed-door meetings to discuss the possible future employment of the Emergency Manager Kevyn Orr ("Emergency Manager") under Public Act 436 of 2012.

3. By this *Ex Parte* Motion, Petitioners seek an order (a) shortening notice with respect to their Emergency Motion; (b) allowing the Emergency Motion to be heard on September 26, 2014 or soon thereafter as the Court's calendar permits; and (c) granting such other and further relief to Petitioners as the Court deems appropriate.

## ARGUMENT FOR RELIEF

4. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed.R.Bankr.P. 9006(c)(1). Local Rule 9006-1(b) further provides that "a party may file a motion for an ex parte order reducing or enlarging the time for a party to take any action or file any paper." E.D.Mich. LBR 9006-1(b).

5. In addition, pursuant to Bankruptcy Rule 9007, "[w]hen notice is to be given under the [Bankruptcy Rules], the court shall designate, if not otherwise specified herein,

the tie within which the entities to whom, and the form and manner in which the notice shall be given." Fed.R.Bankr.P. 9007.

6. Collectively, these rules provide the Court with the authority and discretion to enter an *ex parte* order scheduling a hearing on shortened notice and approve the manner of notice of such hearing.

7. As explained fully in the accompanying Emergency Motion, Plaintiff seeks a lift and/or modification of the automatic stay for they desire to file a civil action against the Detroit City Council for its alleged violations of OMA with respect to the Detroit City Council's recent unlawful closed-door discussions pertaining to the possible future of employment of Emergency Manager Kevyn Orr ("Emergency Manager") under Public Act 436 of 2012.

8. The claims Petitioners will allege and assert are that the Detroit City Council's recent closed-door sessions and meetings with the Emergency Manager, the Mayor of the City of Detroit and with other representatives of the Debtor, to discuss the possible future employment of the Emergency Manager, violated the OMA. They violated the OMA because there is no statutory exemption permitting the Detroit City Council to meet in a closed session for the purposes that it has asserted. It has been widely reported in the local media that the Detroit City Council has asserted that they are permitted to meet in a closed session to discuss and negotiate the terms and conditions of the Emergency Manager's future employment, under what it has called "the attorney-client" privilege and "privileged and confidential information." However, well-established case law of the Michigan appellate courts interpreting the OMA have determined otherwise. See e.g., *People v Whitney*, 228 Mich App 230

(1998); *Booth Newspapers v Wyoming City Council*, 168 Mich App 459 (1988). Consequently, the Detroit City Council's recent closed-door sessions and discussions are in violation of the OMA, and the minutes, including any transcripts and audio tapes, from said closed-door sessions and discussions are subject to disclosure under both the OMA and also under the Freedom of Information Act ("FOIA"). See e.g., *Manning v City of East Tawas*, 234 Mich App 244 (1999); *Detroit News v City of Detroit*, 185 Mich App 296 (1990).

9. Petitioners' suit will primarily seek the circuit court's declaration that the Detroit City Council's recent closed-door sessions and discussions regarding the Emergency Manager's possible future employment with the Debtor, violated the OMA and that any all minutes from these improperly held closed sessions, including transcripts and audio tapes, are subject to disclosure under the OMA and the FOIA. Petitioners will also seek injunctive relief enjoining the Detroit City Council from holding any further such closed sessions and discussions regarding the Emergency Manager's possible future employment with the Debtor, in violation of the OMA.

10. Pursuant to Local Rules 9006-1(b) and 9014-1(g), on September 25, 2014, counsel for Petitioners provided notice and sought concurrence of the Debtor in the Emergency Motion, which was not obtained.

11. Petitioners will serve this *Ex Parte* Motion via the Court's ECF System to the parties in the above-captioned proceeding, and will provide notice of the *ex parte* order promptly upon issuance.

12. Since the Detroit City Council is currently holding unlawful closed-door meetings in violation of the OMA and are seeking to continue to hold unlawful closed-door

meetings in the *immediate* future in violation of the OMA, Petitioners submit that cause exists to schedule the hearing on Petitioners' Emergency Motion for September 26, 2014 on shortened notice.[1] Petitioners desire to seek from the circuit court an injunction to enjoin the Detroit City Council from continuing to meet behind closed doors in violation of the OMA to discuss the employment future of the Emergency Manager.

**WHEREFORE,** Petitioners respectfully request that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this *Ex Parte* Motion and granting such further relief as the Court deems appropriate.

Respectfully submitted,

/S/ Andrew A. Paterson (P18690)
Attorney for Petitioners Robert Davis and Citizens
United Against Corrupt Government
46350 Grand River, Suite C
Novi, MI 48374
(248) 568-9712

DATED: September 25, 2014

---

[1] Petitioners are requesting an immediate hearing be held on Friday, September 26, 2014 considering this Court is scheduled to resume the bankruptcy trial on Monday, September 29, 2014 and Petitioners do not want to disturb said sensitive proceedings.

Page **5** of **5**

13-53846-tjt    Doc 7668    Filed 09/25/14    Entered 09/25/14 14:05:35    Page 5 of 5