UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |
| | ) | |

**AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES MICHIGAN COUNCIL 25's REPLY TO DEBTOR'S COMBINED OBJECTION AND BRIEF IN OPPOSITION TO AFSCME'S MOTION TO CLARIFY OR, IN THE ALTERNATIVE, LIFT THE AUTOMATIC STAY**

American Federation of State, County and Municipal Employees Michigan Council 25 (AFSCME), by its undersigned counsel, files this reply brief to Debtor's Combined Objection and Brief in Opposition to AFSCME's Motion to Clarify or, in the Alternative, Lift the Automatic Stay (City's "Brief").

The City's chief argument in its Brief is that the ends justify the means, even if the means are deemed illegal. In this case, AFSCME challenges the City's removal of approximately 380 positions represented by AFSCME into different unions. AFSCME has filed an unfair labor practice charge (ULP) and a unit clarification petition (UCP), both before the Michigan Employment Relations Commission (MERC). On page 8 of the City's Brief, it argues that MERC's finding of illegal conduct in the ULP could frustrate purported progress:

> "If MERC were to find that the City committed unfair labor practices in combining the job classifications and assigning them to various bargaining units, this could delay or prevent the restructuring necessary to comply with Judge Cox's orders and thereby delay or prevent DWSD from securing approximately $98.5 million in annual cost savings resulting from the classification changes."

(City Brief, pg 8) Leaving aside the inaccuracies in these claims, the City is asking this Court to help mask its illegal conduct, by refusing to lift the stay and thereby preventing MERC from discovering its unfair labor practices. This alarming effort should be rejected.

Further, the City's Brief fails to support the accuracy of these claims. The Brief lacks explanation as to how the City must rearrange union membership of the DWSD employees in order to "comply with Judge Cox's orders". While Judge Cox did offer opportunity for DWSD restructuring, nothing in his orders precluded MERC's review of the proper union representation. Once the restructuring occurs, MERC can decide the union membership of the "restructured" positions. MCLA § 423.213. The City could have achieved all of its restructuring while leaving employees in the same unions until MERC decides the issues.

Contrary to law, the DWSD has decided to itself determine appropriate bargaining units of the restructured positions. The City's Brief attached a Declaration of DWSD Chief Administrative and Compliance Officer William Wolfson, which describes the City's unlawful activities of "determin[ing] which union would represent each new, combined, job classification", applying certain

2
13-53846-tjt    Doc 7673    Filed 09/25/14    Entered 09/25/14 17:45:43    Page 2 of 6

factors. (Exhibit 1 of City's Brief, Declaration of William Wolfson, ¶10) Yet, determining appropriate bargaining units is not an employer's role. Rather the law assigns this responsibility to MERC. MCLA § 423.213 states that "[t]he commission shall decide in each case … the unit appropriate for the purposes of collective bargaining as provided in [] section 423.9e of the Michigan Compiled Laws …" The cited MCLA § 423.9e similarly states that "[t]he commission, after consultation with the parties, shall determine such a bargaining unit as will best secure to the employees their right of collective bargaining" and it follows with standards for determining the appropriate unit.

In this case, AFSCME filed a ULP charge for the improper movement of its positions, as well as a UCP which seeks that MERC place these restructured positions into the AFSCME locals. When a union seeks to include newly created positions into an existing bargaining unit, the union may file a unit clarification petition before the MERC. See *Kalamazoo Public School District*, 27 MPER ¶ 38; 2013 WL 7139791 (2013). (Attached as Exhibit 11) MERC can then decide whether the position belongs in the bargaining unit.

Further, AFSCME is not seeking to lift the stay to avoid having the dispute litigated before Judge Cox. If the City feels the matter belongs before Judge Cox, it can raise the issue at the appropriate time. Indeed, AFSCME plans to alert Judge Cox of the existence of this dispute, perhaps in a joint notice with the City, to

3

determine whether Judge Cox deems the dispute to be appropriately before him.[1] Whether before MERC or before Judge Cox, the issue should be advanced, even if there is no immediate execution of a financial remedy.

Even more, Judge Cox specifically allowed MERC to rule on Clarification Petitions. (AFSCME Motion Exhibit 6, August 23, 2012 Cox Order) Judge Cox never sanctioned the City's decisions to determine appropriate bargaining units. Instead, Judge Cox made it abundantly clear that the "Court's injunction as to MERC was intended to be quite limited in scope." (AFSCME Motion Exhibit 9, January 30, 2013 Cox Order)

The City's citation to 2012 Public Act 436 (PA 436) is inapplicable. In one instance, Judge Cox specifically ordered the City to bargain. In its Order, dated January 30, 2013, Judge Cox denied the DWSD's request that the Court "enjoin[] MERC from exercising jurisdiction over DWSD-related labor disputes altogether" or that it "issue[] an order creating new DWSD-specific processes and procedures for MERC to follow …" It rationalized as follows:

> This Court has already ordered the severancing of DWSD employees from existing bargaining units that are comprised of both DWSD and non-DWSD employees, thereby establishing separate DWSD bargaining units that cover

---

[1] To the extent AFSCME's original pleading suggested that Judge Cox was already alerted, before this Honorable Court has ruled on AFSCME's request for the stay to be lifted, AFSCME clarifies that no such notice has been tendered. Instead, AFSCME will finalize the instant request to this Court before giving notification to any other.

4
13-53846-tjt    Doc 7673    Filed 09/25/14    Entered 09/25/14 17:45:43    Page 4 of 6

only DWSD employees. <u>Those new DWSD-specific units must now negotiate new CBAs</u>.

(AFSCME Motion Exhibit 9, January 30, 2013 Cox Order)  (<u>emphasis</u> added)

Further, even if the City's duty to bargain was suspended by PA 436, MERC may rule on AFSCME's Unit Clarification Petition, which is not blocked by PA 436.

WHEREFORE, AFSCME respectfully requests that this Court clarify or lift the automatic stay for the purpose of allowing the MERC to hear AFSCME's ULP and UCP against the City of Detroit, as outlined in AFSCME's Motion.

Dated: September 25, 2014         /s/ Richard G. Mack, Jr.
                                  Richard G. Mack, Jr., Esq.
                                  Ada Verloren, Esq.
                                  MILLER COHEN PLC
                                  600 West Lafayette Blvd., 4th Floor
                                  Detroit, MI 48226-3191
                                  Telephone: (313) 964-4454
                                  Facsimile: (313) 964-4490
                                  richardmack@millercohen.com

                                  Herbert A. Sanders
                                  THE SANDERS LAW FIRM PC
                                  615 Griswold St., Ste. 913
                                  Detroit, MI 48226
                                  Telephone: (313) 962-0099
                                  Facsimile: (313) 962-0044
                                  hsanders@miafscme.org

                                  *Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO*

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 25, 2014, *American Federation of State, County and Municipal Employees Michigan Council 25's Reply to Debtor's Combined Objection and Brief in Opposition to AFSCME's Motion to Clarify or, in the Alternative, Lift the Automatic Stay*, with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

/s/ Richard G. Mack, Jr.
Richard G. Mack, Jr., Esq.
MILLER COHEN PLC
600 West Lafayette Boulevard, 4th Floor
Detroit, MI 48226-3191
Telephone: (313) 566-4787
Facsimile: (313) 964-4490
richardmack@millercohen.com