UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  
City of Detroit, Michigan,  
    Debtor.  
_____/

Chapter 9  
Case No. 13-53846  
Hon. Steven W. Rhodes

### Order Regarding Motion to Modify the Automatic Stay Filed by American Federation of State, County and Municipal Employees Michigan Council 25 (Dkt. #7093)

On August 27, 2014, AFSCME filed a motion to modify the automatic stay. The State of Michigan and the City filed objections. The Court has determined that a hearing on this motion is not necessary.

On May 16, 2013, AFSCME, AFL-CIO, Samuel Muma, Franklin Greene Jr. and Willie Stacker filed a complaint in U.S. District Court for the Eastern District of Michigan against Governor Richard Snyder, Treasurer Andrew Dillon, Michael Brown, who is the former Emergency Manager for the City of Flint, and Ed Kurtz, who is the current Emergency Manager for the City of Flint. The complaint challenged actions taken by the former and current Flint City Managers under P.A. 4 and P.A. 436, including unilateral wage reductions. The complaint alleged constitutional claims under the contracts clause, the takings clause and the due process clause. The complaint sought to enjoin the defendants from taking any further action under P.A. 4 or P.A. 436. On March 27, 2014, the district court entered an order administratively closing the case due to this Court's order extending the automatic stay, issued on July 25, 2013. (Dkt. #166)

In support of its motion, AFSCME argues that its complaint will have no impact on the City of Detroit's bankruptcy case because it is limited to actions taken by the Flint emergency manager that impact employees of the City of Flint.

In support of their objections, the State of Michigan and the City contend that the automatic stay applies to AFSCME's case and should not be modified because the complaint contains facial challenges to the constitutionality of P.A. 436 and a finding in that case that P.A. 436 is unconstitutional could potentially threaten the continuation of the City's bankruptcy case by compromising the authority of the City's emergency manager, Kevyn Orr.

The Court must reject the position of the State of Michigan and the City. The Court has previously concluded that a constitutional challenge to P.A. 436 in another court relating to another city is not stayed by the City's bankruptcy filing. See November 6, 2013 Opinion and Order. (Dkt. #1536) In denying the State of Michigan's motion for reconsideration of that Opinion and Order, the Court stated, "A finding by another court that P.A. 436 is unconstitutional will not automatically result in the removal of Kevyn Orr. Further action would need to be taken, and any such further action is subject to the automatic stay." See Order Denying Motion for Reconsideration (Dkt. #2256)

Accordingly, the Court concludes that AFSCME's district court case is not stayed.

It is so ordered.

Not for Publication

.

**Signed on September 26, 2014**

                                                                                    /s/ Steven Rhodes
                                                                                     **Steven Rhodes**
                                                                         **United States Bankruptcy Judge**