IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
In re                                             :   Chapter 9
                                                  :
                                                  :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                        :
                                                  :   Hon. Steven W. Rhodes
                               Debtor             :
------------------------------------------------------- x

**DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBER 236
FILED BY RENEE JONES**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Renee Jones response (the "Response") [Dkt. No. 7587] to the City's Seventh Omnibus Objection to Certain Wrongly Classified Claims (the "Objection") [Dkt. No. 7200] to claim number 236 (the "Claim"), respectfully states as follows:

**BACKGROUND**

1. On July 18, 2013 (the "Petition Date"), the City filed this case.

2. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3. The Bar Date Order established February 21, 2014 as the deadline to file proofs of claim in this case (the "Bar Date") for all claims other than those specifically listed in the bar date order and accompanying notice.

1

4. The Bar Date Order also provided that claims entitled to priority under Bankruptcy Code Section 503(b)(9) be filed by the Bar Date.

5. On or about November 29, 2013, Ms. Jones was served notice of the Bar Date Order. *See* Page 81, Certificate of Service filed by the City's Noticing Agent Kurtzman Carson Consultants, LLC ("KCC") on December 27, 2013, [Dkt. No. 2337].

6. On December 16, 2013, Ms. Jones filed the Claim. See Exhibit 1, Claim No. 236.

7. The stated basis of the Claim is "Permanent nerve damage, etc.; Left ankle, leg, hip, lower back, middle back lumbar problems."

8. Section 5 of the proof of claim form, where a creditor is to designate which part of the claim is entitled to priority under Section 503(b)(9) of the Bankruptcy Code also states "neogiable" [sic].

9. On August 29, 2014, the City filed the Objection, including an objection to the Claim. The Objection sought to reclassify the claims in the objection as unsecured claims rather than Section 503(b)(9) claims, pursuant to the City's Plan of Adjustment. The Objection did not seek to disallow the Claim, or any of the others included in the Objection.

10. On September 19, 2014, Ms. Jones filed the Response, requesting that this Court not change the Claim. The Response does not provide any information to establish that the Claim is entitled to priority under Section 503(b)(9).

## ARGUMENT

11. Section 503(b)(9) allows creditors to file claims for goods which were (a) received by the debtor in the 20 days prior to the bankruptcy filing, and (b) sold to the debtor in the ordinary course of the debtor's business. 11 U.S.C. § 503(b)(9). Claims which meet the

requirements of § 503(b)(9) are entitled to the same priority as administrative expenses, rather than that of general unsecured claims.

12. Ms. Jones stated that the basis for the Claim was related to injuries she suffered resulting in nerve damage, but also indicated that some portion of the Claim was entitled to priority as a Section 503(b)(9) claim. Neither the proof of claim form nor the Response provide any support for the argument that the Claim is entitled to administrative priority under Section 503(b)(9). Ms. Jones does not indicate what goods, if any, she sold the City in the 20 days prior to the bankruptcy filing, or that such goods were sold to the City in the ordinary course of its business.

13. The City does not seek to disallow the Claim at this time, though the City reserves its rights to object to the Claim on other grounds in the future, if appropriate. Rather it seeks only to reclassify the Claim as a general unsecured claim pursuant to the City's Plan of Adjustment.

WHEREFORE, the City respectfully requests that this Court enter an order reclassifying the Claim as a general unsecured claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: September 26, 2014

FOLEY & LARDNER LLP

By: /s/ Tamar N. Dolcourt
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
*Counsel for the Debtor, City of Detroit, Michigan*