# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| ------------------------------------------------------- x | | |
| | : | Chapter 9 |
| In re | : | |
| | : | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | : | |
| | : | Hon. Steven W. Rhodes |
| Debtor | : | |
| ------------------------------------------------------- x | | |

## DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBER 3673 FILED BY HENRY GESING

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Henry Gesing's response (the "Response") [Dkt. No. 7656] to the City's Fifth Omnibus Objection to Certain Late-Filed Claims (the "Objection") [Dkt. No. 7197] to claim number 3673 (the "Claim"), respectfully states as follows:

## BACKGROUND

1.      On July 18, 2013 (the "Petition Date"), the City filed this case.

2.      On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3.      The Bar Date Order established February 21, 2014 (the "Bar Date") as the deadline for filing certain claims against the City.

4818-2393-1422.1

4.     On or about November 29, 2013, Mr. Gesing was served notice of the Bar Date Order (the "Bar Date Notice").  See Page 372, Certificate of Service filed by the City's Noticing Agent Kurtzman Carson Consultants, LLC ("KCC") on December 27, 2013, [Dkt. No. 2337].

5.     The Bar Date Notice stated that the proof of claim had to be received on or before the Bar Date.  *See* Bar Date Order, Annex 1, pp. 1; 8

6.     The Bar Date Notice also stated that if a proof of claim is not filed by the Bar Date, the claimant would not be entitled to receive distributions from the City.  *See* Bar Date Order, Annex 1, p. 9.

7.     On April 1, 2014, Mr. Gesing filed the Claim with the Court.  The Court then forwarded it to KCC  *See* Exhibit 1, file-stamped copy of proof of claim number 3673 showing that it was filed with the Court on April 1, 2014.

8.     The stated basis of Mr. Gesing's claim is "I have not been adequately represented by legal counsel."

9.     On August 29, 2014, the City filed the Objection, including an objection to the Claim as late-filed.

10.    On September 24, 2014, Mr. Gesing filed the Response.  The Response does not further explain the basis for the Claim, or provide any explanation of why the Claim was filed approximately five weeks after the Bar Date.  Instead, the Response states that certain "financial information and operational protocols have been suppressed" since 1943, but does not further explain this allegation or its effect on the Claim.

11.    Upon information and belief, Mr. Gesing is a City retiree with a pension claim.

## ARGUMENT

12.    Bar dates are designed to promote finality and efficient administration of the

4818-2393-1422.1

bankruptcy process. *In re National Steel Corp.*, 316 B.R. 510, 514 (Bankr. N.D. Ill. 2004). The Claim should be disallowed and expunged because it was not timely filed. Mr. Gesing received notice of the Bar Date, but did not file the Claim until April 1, 2014, approximately five weeks after the Bar Date.

13.     Nothing in the Response addresses the substance of the City's objection, that the Claim was filed late. The stated basis of the Claim (*i.e.* that Mr. Gesing has received inadequate legal representation) is also not explained.

14.     Finally, Mr. Gesing alleges that that certain "financial information and operational protocols have been suppressed" since 1943. He does not explain that allegation, or how it affects the Claim. He also does not explain why that allegation is relevant to the City's objection to the Claim as late-filed.

15.     The City believes that Mr. Gesing is a City retiree with a pension. To the extent the Claim is related to his pension, the City does not seek to limit such claim. Rather, any pension-related claim Mr. Gesing holds will be handled through a confirmed Plan of Adjustment.

16.     By contrast, the Claim does not, on its face, relate to a pension, or another sort of claim which was not subject to the Bar Date. Therefore, to the extent it relates to a claim other than a pension claim, it is not timely filed and therefore should be disallowed.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

4818-2393-1422.1

Dated: September 26, 2014

FOLEY & LARDNER LLP

By: /s/ Tamar N. Dolcourt
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
*Counsel for the Debtor, City of Detroit,
Michigan*

4

4818-2393-1422.1