# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------- x

| | |
|---|---|
| | :     Chapter 9 |
| In re | : |
| | :     Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | : |
| | :     Hon. Steven W. Rhodes |
| Debtor | : |

-------------------------------------------------------- x

## DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBER 3634 FILED BY LYNETTE BENSON

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Lynette Benson's response (the "Response") [Dkt No. 7485] to the City's Fifth Omnibus Objection to Certain Late-Filed Claims (the "Objection") [Dkt. No. 7197] to claim number 3634 (the "Claim"), respectfully states as follows:

## BACKGROUND

1.      On June 13, 2011, Ms. Benson filed a claim with the City of the Detroit related damages she alleges she suffered when a tree hit her car.

2.      On June 21, 2011, the City Law Department responded to her and advised her that her claim was denied under Michigan's governmental immunity statute (MCL 691.1401, et. seq). *See* June 21, 2011 letter from City Law Department attorney Stanley de Jongh denying Ms. Benson's Claim, attached hereto as Exhibit 1.

3.      Upon information and belief, Ms. Benson may have requested an appeal to the State of Michigan, but the state has no record of such appeal.

4.      On July 18, 2013 (the "Petition Date"), the City filed this case.

1

5. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

6. The Bar Date Order established February 21, 2014 (the "Bar Date") as the deadline for filing certain claims against the City, including claims such as Ms. Benson's.

7. On or about November 29, 2013, Ms. Benson was served notice of the Bar Date Order (the "Bar Date Notice"). *See* Page 101, Certificate of Service filed by the City's Noticing Agent Kurtzman Carson Consultants, LLC ("KCC") on December 27, 2013, [Dkt. No. 2773].

8. The Bar Date Notice stated that the proof of claim had to be received on or before the Bar Date. *See* Bar Date Order, Annex 1, pp. 1; 8

9. The Bar Date Notice also stated that if a proof of claim is not filed by the Bar Date, the claimant would not be entitled to receive distributions from the City. *See* Bar Date Order, Annex 1, p. 9.

10. On March 6, 2014, KCC received Ms. Benson's proof of claim form. *See* Exhibit 2, file-stamped copy of proof of claim showing receipt by KCC on March 6, 2014.

11. On August 29, 2014, the City filed the Objection, including and objection to the Claim as late-filed.

12. On September 15, 2014, Ms. Benson filed the Response, requesting that this Court deny the relief sought in the Objection. The Response does not provide any information to challenge the City's assertion the Claim was filed late.

**ARGUMENT**

13. Bar dates are designed to promote finality and efficient administration of the

2

4819-3446-6078.1

bankruptcy process. *In re National Steel Corp.*, 316 B.R. 510, 514 (Bankr. N.D. Ill. 2004). The Claim should be disallowed and expunged because it was not timely filed. Ms. Benson received notice of the Bar Date, but did not file the Claim until March 6, 2014, approximately two weeks after the Bar Date.

14.     Nowhere in the Response does Ms. Benson dispute that the Claim was filed late. The Bar Date Notice clearly stated that the proof of claim had to be received on or before February 21, 2014, and claims received after that date would not be allowed. Ms. Benson's proof of claim was not received by the Bar Date. Therefore, pursuant to the terms of the Bar Date Order, it should be disallowed.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: September 26, 2014

FOLEY & LARDNER LLP

By: /s/  Tamar N. Dolcourt
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
*Counsel for the Debtor, City of Detroit, Michigan*

3