IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
:   Chapter 9
In re  :
:   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,  :
:   Hon. Steven W. Rhodes
Debtor  :
------------------------------------------------------- x

### DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBER 3644 FILED BY JANET PEETE

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Janet Peete's response (the "Response") [Dkt. No. 7444] to the City's Sixth Omnibus Objection to Certain Late-Filed Claims (the "Objection") [Dkt. No. 7198] to claim number 3644 (the "Claim"), respectfully states as follows:

### BACKGROUND

1. On September 17, 2012, Ms. Peete filed a claim with the City of the Detroit (Claim No. A32750-004899) related to an injury she claims to have suffered on Belle Isle on or about July 7, 2012.

2. On July 18, 2013 (the "Petition Date"), the City filed this case.

3. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

4. The Bar Date Order established February 21, 2014 (the "Bar Date") as the deadline for filing certain claims against the City, including claims such as Ms. Peete's.

5. On or about November 29, 2013, Ms. Peete was served notice of the Bar Date Order (the "Bar Date Notice"). *See* Page 779, Certificate of Service filed by the City's Noticing Agent Kurtzman Carson Consultants, LLC ("KCC") on December 27, 2013, [Dkt. No. 2337].

6. The Bar Date Notice stated that the proof of claim had to be received on or before the Bar Date. *See* Bar Date Order, Annex 1, pp. 1; 8

7. The Bar Date Notice also stated that if a proof of claim is not filed by the Bar Date, the claimant would not be entitled to receive distributions from the City. *See* Bar Date Order, Annex 1, p. 9.

8. On March 13, 2014, KCC received Ms. Peete's proof of claim form. *See* Exhibit 1, file-stamped copy of proof of claim showing receipt by KCC on March 13, 2014.

9. On April 11, 2014, the City's Law Department sent Ms. Peete a letter indicating that she had failed to timely file a proof of claim in the bankruptcy case and that her file was being closed by the City.[1] *See* Exhibit 2, Letter from Lou Hatty to Ms. Peete, dated April 11, 2014.

10. On August 29, 2014, the City filed the Objection, including an objection to the Claim as late-filed.

11. On September 10, 2014, Ms. Peete filed the Response, alleging that she filed the Claim on time. The Response does not provide any support for that allegation.

---

[1] The letter erroneously states that Ms. Peete failed to file a proof of claim. This error is immaterial because even though Ms. Peete did file a proof of claim, it was filed after the Bar Date.

12. Ms. Peete also alleges in the Response that she spoke with a City of Detroit Lawyer who told her she would receive $20,000.00 on account of her claim. She does not identify the person with whom she spoke or the date of such conversation. Counsel for the City consulted with the Law Department and were unable to locate the attorney who allegedly spoke to Ms. Peete.

## ARGUMENT

13. Bar dates are designed to promote finality and efficient administration of the bankruptcy process. *In re National Steel Corp.*, 316 B.R. 510, 514 (Bankr. N.D. Ill. 2004). The Claim should be disallowed and expunged because it was not timely filed. Ms. Peete received notice of the Bar Date, but did not file the Claim until March 13, 2014, approximately three weeks after the Bar Date.

14. Though Ms. Peete alleges she submitted her claim on time, she provides no support for that allegation. Rather, the only documentation shows that the claim was received by KCC on March 13, 2014. The Bar Date Notice clearly stated that the proof of claim had to be received on or before February 21, 2014, and that claims filed after that date would not be allowed. Ms. Peete's proof of claim was not. Therefore, pursuant to the terms of the Bar Date Order, it should be disallowed.

15. Ms. Peete also claims that she spoke to a "City of Detroit Lawyer" who told her show would receive $20,000.00. She does not identify either the attorney or the date of such conversation. The City has investigated this claim, but has not been able to identify the person with whom Ms. Peete may have spoken, if anyone. In any event, this allegation is irrelevant to the Objection because the Claim was not timely filed.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: September 26, 2014

                                        FOLEY & LARDNER LLP

                                        By: /s/ Tamar N. Dolcourt
                                        John A. Simon (P61866)
                                        Tamar N. Dolcourt (P73425)
                                        500 Woodward Ave., Ste. 2700
                                        Detroit, MI 48226
                                        313.234.7100
                                        jsimon@foley.com
                                        tdolcourt@foley.com
                                        *Counsel for the Debtor, City of Detroit, Michigan*