# EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---------------------------------------------------------- x
                                                                   :    Chapter 9

In re                                                 :

                                                    :    Case No. 13-53846

CITY OF DETROIT, MICHIGAN,       : 

                                                    :    Hon. Steven W. Rhodes

                         Debtor          :
---------------------------------------------------------- x

### DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBER 3575 FILED BY LINDA LYNK

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Linda Lynk's response (the "Response") [Dkt. No. 7551] to the City's Sixth Omnibus Objection to Certain Late-Filed Claims (the "Objection") [Dkt. No. 7198] to claim number 3575 (the "Claim"), respectfully states as follows:

### BACKGROUND

1. On July 18, 2013 (the "Petition Date"), the City filed this case.

2. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3. The Bar Date Order established February 21, 2014 (the "Bar Date") as the deadline for filing certain claims against the City.

4. On or about November 29, 2013, Ms. Lynk was served notice of the Bar Date Order (the "Bar Date Notice"). See Page 624, Certificate of Service filed by the City's Noticing Agent Kurtzman Carson Consultants, LLC ("KCC") on December 27, 2013, [Dkt. No. 2337].

5. The Bar Date Notice stated that the proof of claim had to be received on or before the Bar Date. *See* Bar Date Order, Annex 1, pp. 1; 8

6. The Bar Date Notice also stated that if a proof of claim is not filed by the Bar Date, the claimant would not be entitled to receive distributions from the City. *See* Bar Date Order, Annex 1, p. 9.

7. On February 24, 2014, Ms. Lynk filed the Claim with the Court. The Court then forwarded it to KCC *See* Exhibit 1, file-stamped copy of proof of claim showing that it was filed with the Court on February 24, 2014.

8. The stated basis of Ms. Lynk's claim is "Death (wrongful)."

9. On August 29, 2014, the City filed the Objection, including an objection to the Claim as late-filed.

10. On September 17, 2014, Ms. Lynk filed the Response. The Response states that the documents relate to an additional claim other than the pension claim she holds and that she sent the additional information "by certified mail and it should have arrived on time." The Response does not state when she mailed the Claim.

11. Upon information and belief, Ms. Lynk has a pension claim.

## ARGUMENT

12. Bar dates are designed to promote finality and efficient administration of the bankruptcy process. *In re National Steel Corp.*, 316 B.R. 510, 514 (Bankr. N.D. Ill. 2004). The Claim should be disallowed and expunged because it was not timely filed. Ms. Lynk received

notice of the Bar Date, but did not file the Claim until February 24, 2014, three days after the Bar Date.

13. The Response states that the information was mailed by certified mail and should have arrived on time. However, the Court's date stamp indicates that it did not.

14. The City believes that Ms. Lynk has a pension claim. To the extent the Claim is related to this pension, the City does not seek to limit such claim. Rather, any pension-related claim Ms. Lynk holds will be handled through a confirmed Plan of Adjustment.

15. It is unclear whether the Claim also relates to a pension, or another sort of claim which was not subject to the Bar Date. Therefore, to the extent it relates to a claim other than a pension claim, it was not timely filed and therefore should be disallowed.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: September 26, 2014

                        FOLEY & LARDNER LLP

                        By: /s/ Tamar N. Dolcourt
                        John A. Simon (P61866)
                        Tamar N. Dolcourt (P73425)
                        500 Woodward Ave., Ste. 2700
                        Detroit, MI 48226
                        313.234.7100
                        jsimon@foley.com
                        tdolcourt@foley.com
                        *Counsel for the Debtor, City of Detroit, Michigan*