IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------X
: Chapter 9
IN RE :
: Case No. 13-53846
CITY OF DETROIT, MICHIGAN, :
: Hon. Steven W. Rhodes
DEBTOR :
---------------------------------------------------------X

## DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBER 3509 FILED BY EDWARD GEORGE CARTER

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Edward George Carter's response (the "Response") [Dkt. No. 7539] to the City's Fifth Omnibus Objection to Certain Late-Filed Claims (the "Objection") [Dkt. No. 7197] to claim number 3509 (the "Claim"), respectfully states as follows:

## BACKGROUND

1. On or about December 5, 2011, Mr. Carter filed a lawsuit against the City related to alleged wrongful imprisonment (the "Lawsuit").

2. On July 18, 2013 (the "Petition Date"), the City filed this chapter 9 case.

3. The Lawsuit has been stayed due to the City's bankruptcy filing.

4. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

5. The Bar Date Order established February 21, 2014 (the "Bar Date") as the deadline for filing certain claims against the City.

1

6. On or about November 29, 2013, Mr. Carter was served notice of the Bar Date Order through his counsel (the "Bar Date Notice").[1] *See* Page 183, Certificate of Service filed by the City's Noticing Agent Kurtzman Carson Consultants, LLC ("KCC") on December 27, 2013, [Dkt. No. 2337].

7. The Bar Date Notice stated that the proof of claim had to be received on or before the Bar Date. *See* Bar Date Order, Annex 1, pp. 1; 8.

8. The Bar Date Notice also stated that if a proof of claim is not filed by the Bar Date, the claimant would not be entitled to receive distributions from the City. *See Id*., Annex 1, p. 9.

9. The Response states that Mr. Carter's counsel mailed the proof of claim form via the United States Postal Service's certified mail service on February 17, 2014. Response, ¶5.

10. The Claim seeks $50,000,000.00.

11. KCC received the proof of claim on February 24, 2014, three days after the Bar Date. *See* Exhibit 1, proof of claim form indicating February 24, 2014 receipt by KCC.

12. On August 29, 2014, the City filed the Objection, including an objection to the Claim as late-filed.

13. On September 17, 2014, Mr. Carter filed the Response. In the Response, Mr. Carter does not dispute that the Claim was late-filed, but argues that this Court should allow his late-filed claim on equitable grounds and/or under and excusable neglect standard.

## ARGUMENT

14. Bar dates are designed to promote finality and efficient administration of the bankruptcy process. *In re National Steel Corp.*, 316 B.R. 510, 514 (Bankr. N.D. Ill. 2004). Typically, claimants who do not timely file proofs of claim are barred from receiving

---

[1] Mr. Carter's counsel at the time of service was Fieger, Fieger, Kenney, Giroux, & Danzig, which appears to be the same firm that filed the Response, though the named partner Danzig does not appear on the letterhead received by the City's counsel.

distributions from the estate. *Id*. at 515. In *National Steel*, an entity affiliated with the debtors sought to file a claim seeking indemnification after the bar date. The court declined to allow the late-filed claim because of the negative impact it would have on the estate and other creditors. *Id*. at 521. Here, the Claim, which seeks $50 million dollars, should be disallowed and expunged because it was not timely filed, because allowance of such a large claim will prejudice the thousands of other claimants who did timely their claims, and because the delay in filing was solely in the control of Mr. Carter and his counsel.

15. The Bar Date Notice clearly stated that claims had to be <u>received</u> at KCC's facility on or before the Bar Date. The Bar Date Notice also states that any claimant whose claim was not received by the Bar Date would be unable to recover on account of such claim from the City.

16. Mr. Carter does not dispute the fact that the Claim was late-filed. He also does not allege any deficiency in the Bar Date Order, the Bar Date Notice, or the service of such notice on him through counsel.

17. Instead, Mr. Carter simply states this Court has equitable discretion to extend the Bar Date for the Claim or that, in the alternative, the Court should employ an excusable neglect standard.[2] However, he does not present facts to support either argument, and the cases relied upon in the Response are inapplicable because they do not involve late-filed proofs of claim.[3]

18. The Supreme Court has set forth four factors to determine whether a late-filed proof of claim should be allowed under an excusable neglect standard. *Pioneer Investment Svcs*

---

[2] Fed. R. Bankr. P. 9006(b)(2) requires a party seeking to file a late pleading under an excusable neglect standard to file a motion seeking such relief. No such motion has been filed in this case.

[3] The *Waterman* case involved a dispute regarding the informal proof of claim doctrine, where the Sixth Circuit ultimately refused to allow the pleadings to be treated as an informal proof of claim because of the prejudice that the debtor and the creditors who followed the rules would suffer. *In re Waterman & Assoc., Inc.*, 227 F.3d 604, 610-11 (6th Cir. 2000). The *Sheehan* case involved a non-dischargeability action, and involved a question of whether the excusable neglect standard was applicable to such actions. *In re Sheehan*, 253 F.3d 507 (9th Cir. 2001).

*Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993). The four factors are: (1) danger of prejudice to the debtor, (2) the length of the delay and its potential impact on the case; (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id*. at 395.

19. The possible allowance of a $50 million late-filed claim will prejudice the City. This is an extremely large claim relative to other claims filed in the case, and if ultimately allowed, it will negatively impact the distribution to City's many thousands of creditors who timely filed their proofs of claim. *See e.g., in re Settlement Facility Dow Corning Trust*, 2009 U.S. Dist LEXIS 110133 (E.D. Mich. Nov. 25, 2009) (Hood, J.) (denying late-filed claim in the Dow Corning breast implant case where movant failed to timely file claim, and the allowance of such late-filed claim, in combination with the other late-filed claims, would prejudice the administration of the case, and the claimants who had timely filed their claims).

20. With respect to the third prong of the *Pioneer* test, the delay in filing the proof of claim was solely in the control of Mr. Carter and his counsel. As Judge Hood noted in *Dow, supra*, "[i]nadvertance, ignorance of the rules, or mistakes construing the rules do not normally constitute excusable neglect." *Id.* at *5.

21. Mr. Carter's counsel received the Bar Date Notice, which clearly indicated that the proof of claim must be <u>received</u> at KCC's facility on or before February 21, 2014 at 4:00 p.m. E.S.T. Mr. Carter's counsel sent the proof of claim a few days before the Bar Date via the United States Postal Service. It was not received by KCC on or before the Bar Date. Mr. Carter does not dispute this fact.

22. In order to ensure compliance with the Bar Date Order, Mr. Carter's counsel could have, but did not, use an overnight delivery service which could have guaranteed receipt

4841-3958-6846.1

on or before the Bar Date.  Similarly, Mr. Carter's counsel could have, but did not, hand-file the proof of claim with the Court in Detroit.  Either of those options, each of which was solely in the control of Mr. Carter's counsel, would have ensured a timely filed proof of claim.

23. Even though Mr. Carter's counsel mailed the proof of claim, Mr. Carter is still ultimately responsible for the acts and omissions of his counsel.  *Pioneer*, *supra*, 507 U.S. at 396.  Therefore, the Claim should be disallowed as late-filed.

24. To the extent the Court does not disallow the Claim as late-filed, the City reserves all of its rights to object to the Claim on any other grounds.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: September 26, 2014

        FOLEY & LARDNER LLP

        By: /s/ Tamar N. Dolcourt
        John A. Simon (P61866)
        Tamar N. Dolcourt (P73425)
        500 Woodward Ave., Ste. 2700
        Detroit, MI 48226
        313.234.7100
        jsimon@foley.com
        tdolcourt@foley.com
        *Counsel for the Debtor, City of Detroit, Michigan*