# EXHIBIT 1

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT   Eastern District of Michigan | | PROOF OF CLAIM |
|---|---|---|

Name of Debtor:
City of Detroit, Michigan

Case Number:
13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**RECEIVED**

**FEB 2 4 2014**

KURTZMAN CARSON CONSULTANTS

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Edward George Carter

Name and address where notices should be sent:

Fieger, Fieger, Kenney, Giroux, & Harrington, PC
19390 W. 10 Mile Rd, Southfield, Mi, 48075

Telephone number: (248) 355-5555   email: j.blankenship@fiegerlaw.com

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):



Telephone number:   email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**   $              50,000,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Wrongful Imprisonment
(See instruction #2)

| **3.** Last four digits of any number by which creditor identifies debtor: | **3a.** Debtor may have scheduled account as:<br><br>(See instruction #3a) | **3b.** Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ❏ Real Estate  ❏ Motor Vehicle  ❏ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ❏ Fixed  or  ❏ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

Amount of Secured Claim:   $_____

Amount Unsecured:   $   50,000,000.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

1353846140224000000000092

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

**RECEIVED**

**FEB 2 4 2014**

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**KURTZMAN CARSON CONSULTANTS**

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: E. Jason Blankenship
Title: Attorney
Company: Fieger, Fieger, Kenney, Giroux & Harrington, PC
Address and telephone number (if different from notice address above):

(Signature)  2/15/14 (Date)

Telephone number:  email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# FIEGER, FIEGER,
## KENNEY, GIROUX, DANZIG & HARRINGTON
### A PROFESSIONAL CORPORATION

---

### ATTORNEYS AND COUNSELORS AT LAW
### 19390 WEST TEN MILE ROAD
### SOUTHFIELD, MICHIGAN 48075-2463
### TELEPHONE (248) 355-5555
### FAX (248) 355-5148
E. JASON BLANKENSHIP      WEBSITE: www.fiegerlaw.com      DIRECT DIAL (248) 355-0694
### E-MAIL: info@fiegerlaw.com      E-MAIL: j.blankenship@fiegerlaw.com

February 17, 2014

City of Detroit Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

    **RE:    Proof of Claims**

Dear Claims Dept:

Enclosed please find Proof of Claims for the following:

    **Known Claims**
    Edward George Carter vs. City of Detroit, et al
    Case No. 2:11-cv-15322  USDC (EDMI)

    Antonio Brooks v Detroit Police Officer Armstrong et al
    Case No. 2:13-cv-12641  USDC (EDMI)

The above claims are either ongoing 42 USC 1983 civil lawsuits or soon to be filed cases.

Should you have any questions or concerns, please feel free to contact the undersigned.

    Very truly yours,
    **FIEGER, FIEGER, KENNEY, GIROUX,**
    **& HARRINGTON, P.C.**

    E. Jason Blankenship

EJB/mmh
Enclosures

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

EDWARD GEORGE CARTER,

        Plaintiff,

vs.

CITY OF DETROIT,
SUSAN SIEMASZKO,
JAMES NIKS, RICHARD HOKE,
WILLIAM VITORAKOS, STEVEN DEST,
DETROIT POLICE DEPARTMENT, and
WAYNE STATE UNIVERSITY POLICE
DEPARTMENT,

        Defendants.

Case No. 11-
Hon.

_____/

GEOFFREY N. FIEGER (P30441)
E. JASON BLANKENSHIP (P63566)
FIEGER, FIEGER, KENNEY,
GIROUX & DANZIG, P.C.
Attorneys for Plaintiffs
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555
_____/

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action not between these parties arising out of the same transaction or occurrence as alleged in this complaint that is either pending, or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court.

          s/E. Jason Blankenship
          E. JASON BLANKENSHIP (P63566)

**NOW COMES** the Plaintiff, EDWARD GEORGE CARTER, by and through his attorneys, Fieger, Fieger, Kenney, Giroux & Danzig, and for his Complaint states as follows:

1.      That Plaintiff Edward George Carter (hereinafter "Carter") is and at all relevant times was a resident of the City of Detroit in the State of Michigan.

2.      Upon information and belief, all of the individually named Defendants are citizens of the State of Michigan.

3.      Defendant City of Detroit is a governmental entity in the State of Michigan and operates the Defendant Detroit Police Department of the City of Detroit.

4.      Defendant Wayne State University Police Department is a governmental entity in the State of Michigan.

5.      At all times relevant to this litigation, Defendant Susan Siemaszko was an officer with the Detroit Police Department, was acting under the color of state law, and was acting in the course and scope of her employment with the Defendant City of Detroit.

6.      At all times relevant to this litigation, Defendant James Niks was an officer with the Detroit Police Department, was acting under the color of state law, and was acting in the course and scope of his employment with the Defendant City of Detroit.

7.      At all times relevant to this litigation, Defendant Richard Hoke was a police officer with the Detroit Police Department, was acting under the color of state law, and was acting in the course and scope of his employment with the Defendant City of Detroit.

8.      At all times relevant to this litigation, Defendant William Vitorakos was a police officer with the Detroit Police Department, was acting under the color of state law, and was acting in the course and scope of his employment with the Defendant City of Detroit.

9.     At all times relevant to this litigation, Defendant Steven Dest was a police officer with Wayne State University, was acting under the color of state law, and was acting in the course and scope of his employment with the Defendant Wayne State University Police Department.

10.    Each Defendant Officer is being sued in his or her individual capacity.

11.    The Defendant Officers are not entitled to qualified immunity.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331, §1343(a)(1)-(4) and §1343(b).

13.    The Court has supplemental jurisdiction over those claims arising under Michigan common law pursuant to 28 U.S.C. §1367(a) , since the claims form part of the same case or controversy as the claims arising under the United States Constitution and federal law.

14.    Venue is proper under 28 U.S.C. §1391(b).

15.    The amount in controversy exceeds $75,000.

## COMMON ALLEGATIONS

16.    On October 24, 1974, a Wayne State University student, 7 months pregnant at the time, excused herself from class and entered a restroom.

17.    There she was confronted from behind by an assailant who placed a knife to her throat.

18.    The student was raped and sodomized, and robbed of her Timex watch.

19.    Two building employees later told police that they had seen a suspicious young black man who matched the victim's description of the assailant walking the halls of the Chemistry Building around the same time the assault occurred.

3

20.    The initial investigation was conducted by the Wayne State University Police Department.

21.    After the attack, the student went to the police station to look through a book of hundreds of headshots of possible suspects.

22.    The book contained 2 pictures of Mr. Carter.

23.    On November 19, 1974, the Detroit Police Department contacted 19 year old Mr. Carter and asked him to come to the station for questioning.

24.    Mr. Carter voluntarily went to the station, and when interviewed by police officers, asserted his innocence.

25.    The Detroit Police Department then asked Mr. Carter to participate in a line-up.

26.    Although the student identified Mr. Carter as her assailant, the two building employees, looking at the same line-up, did not.

27.    Mr. Carter was subsequently arrested and charged with sodomy, armed robbery, and assault with intent to commit gross indecency.

28.    During the course of the investigation, the Detroit Police Department dusted for fingerprints at the scene.

29.    The fingerprints that were found on the bathroom railing at the scene of the crime did not match Mr. Carter's fingerprints.

30.    However, neither the existence of these fingerprints, or the comparison to Mr. Carter's fingerprints were ever disclosed to defense counsel.

31.    Mr. Carter was found guilty on January 3, 1975 of sodomy, MCLA 750.158; assault with intent to commit gross indecency, MCLA 750.338, and armed robbery, MCLA

4

750.529, in a bench trial before Judge Samuel C. Gardner in Detroit Recorder's Court, Case Number 74-08896.

32.      On January 10, 1975, Mr. Carter was sentenced by Judge Gardner to life in prison for armed robbery, 10 years for sodomy, and 7 and a half years for assault with intent to commit gross indecency, to be served concurrently.

33.      Mr. Carter appealed his conviction to the Michigan Court of Appeals, and the Court of Appeals upheld his conviction in an unpublished decision on August 25, 1976. *People v. Carter*, No. 74-08896 (Mich App. August 25, 1976).

34.      In 1978, Mr. Carter filed a pro se request for an evidentiary hearing in Wayne County Circuit Court, which was denied on October 27, 1981.

35.      Mr. Carter later filed a request for resentencing in Wayne County Circuit Court, which was denied on February 22, 1984.

36.      Mr. Carter filed a pro se motion to vacate his sentence, which was denied by the Wayne County Circuit Court on October 21, 1988.

37.      In September 2009, the fingerprints taken back in 1974 from the bathroom railing where the assault took place were found by a police officer, and were run through the FBI's Integrated Automated Fingerprint Identification System (IAFIS) database.

38.      Those fingerprints from the scene belonged to Willis Taylor III.

39.      Mr. Taylor had been arrested in connection with four sexual assaults between the years of 1974 and 1978.

40.      Two of Mr. Taylor's assaults took place on the Wayne State University campus.

41. Mr. Taylor's victims were in their late teens to early twenties- just as in this case, he approached his victims from behind- just as in this case, held a long hunting knife to their throats, and instructed them not to scream so they would not get hurt- just as in this case.

42. Subsequently, Mr. Carter contacted the University of Michigan Law School's Clinical Law Program, and through the Clinical Law Program's assistance, a Motion for Relief from Judgment was filed with the Wayne County Circuit Court.

43. On April 14, 2010, the Wayne County Circuit Court granted Mr. Carter's Motion for Relief from Judgment, and Mr. Carter was released from custody for the first time in 35 years, his conviction vacated.

44. Mr. Carter, an innocent man, spent 35 years in prison because of the actions of these Defendants.

45. Plaintiff has suffered severe economic and non-economic damages as a result of the unlawful arrest, detainment, and prosecution initiated and caused by the Defendants, and is entitled to compensatory damages.

### COUNT I: VIOLATION OF 42 U.S.C. §1983

46. Plaintiff incorporates paragraphs 1 through 45, as if fully set out herein.

47. Defendant Officer Steven Dest, either intentionally, or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, failed to turn over the fingerprint evidence to either the Wayne County Prosecutor or to Plaintiff's defense counsel.

48. Defendant Officer Susan Siemaszko, either intentionally, or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights,

6

failed to turn over the fingerprint evidence to either the Wayne County Prosecutor or to Plaintiff's defense counsel.

49.     Defendant Officer James Niks, either intentionally, or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, failed to turn over the fingerprint evidence to either the Wayne County Prosecutor or to Plaintiff's defense counsel.

50.     Defendant Officer Richard Hoke, either intentionally, or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, failed to turn over the fingerprint evidence to either the Wayne County Prosecutor or to Plaintiff's defense counsel.

51.     Defendant Officer William Vitorakos, either intentionally, or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, failed to turn over the fingerprint evidence to either the Wayne County Prosecutor or to Plaintiff's defense counsel.

52.     The evidence in question was material to Plaintiff's defense, and there is a reasonable probability that had the evidence been disclosed to the defense, the result of the trial would have been different.

53.     The actions of these defendants were not taken spontaneously in response to an emergency, but were taken under circumstances allowing for deliberation.

54.     The conduct of these defendants violated Plaintiff's right against continued seizure without probable cause under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

55.     The conduct of these defendants violated 42 U.S.C. §1983.

56.     The constitutional rights that these defendants violated were clearly established at the time that such rights were violated and a reasonable person in these defendants' position would have understood that such conduct was in violation of those rights.

57.     Defendant Officer Dest is therefore not entitled to qualified immunity.

58.     Defendant Officer Siemaszko is therefore not entitled to qualified immunity.

59.     Defendant Officer Niks is therefore not entitled to qualified immunity.

60.     Defendant Officer Hoke is therefore not entitled to qualified immunity.

61.     Defendant Officer Vitorakos is therefore not entitled to qualified immunity.

62.     The conduct of these defendants was a proximate cause of Plaintiff's continued incarceration, prosecution, and conviction.

63.     By virtue of the actions of these defendants, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

## COUNT II

### DEFENDANT OFFICERS DEST, SIEMASZKO, NIKS, HOKE, AND VITORAKOS' VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENT BY FAILING TO DISCLOSE EXCULPATORY EVIDENCE

64.     Plaintiff incorporates herein all of the prior allegations.

65.     Defendant Officer Steven Dest's conduct violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

8

66.     Defendant Officer Siemaszko's conduct violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

67.     Defendant Officer Niks' conduct violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

68.     Defendant Officer Hoke's conduct violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

69.     Defendant Officer Vitorakos' conduct violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

70.     By virtue of Defendant Officer Dest's actions, Plaintiff is entitled to compensatory and punitive damages.

71.     By virtue of Defendant Officer Siemaszko's actions, Plaintiff is entitled to compensatory and punitive damages.

72.     By virtue of Defendant Officer Niks' actions, Plaintiff is entitled to compensatory and punitive damages.

73.     By virtue of Defendant Officer Hoke's actions, Plaintiff is entitled to compensatory and punitive damages.

74.     By virtue of Defendant Officer Vitorakos' actions, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

9

## COUNT III

### DEFENDANT OFFICERS DEST, SIEMASKO, NIKS, HOKE AND VITORAKOS' VIOLATION OF PLAINTIFF'S RIGHT TO SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH AMENDMENT BY FAILING TO DISCLOSE EXCULPATORY EVIDENCE

75.     Plaintiff incorporates herein all of the prior allegations.

76.     Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos' actions would shock the conscience of a reasonable person.

77.     Defendant Officer Dest's conduct violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

78.     Defendant Officer Siemaszko's conduct violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

79.     Defendant Officer Niks' conduct violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

80.     Defendant Officer Hoke's conduct violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

81.     Defendant Officer Vitorakos' conduct violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

**WHEREFORE,** Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

## COUNT IV

### DEFENDANT OFFICERS DEST, SIEMASZKO, NIKS, HOKE, VITORAKOS' VIOLATION OF PLAINTIFF'S RIGHT TO PROCEDURAL DUE PROCESS UNDER THE FOURTEENTH AMENDMENT BY FAILING TO DISCLOSE EXCULPATORY EVIDENCE

82. Plaintiff incorporates herein all of the prior allegations.

83. Defendant Officer Dest's conduct violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

84. Defendant Officer Siemaszko's conduct violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

85. Defendant Officer Niks' conduct violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

86. Defendant Officer Hoke's conduct violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

87. Defendant Officer Vitorakos' conduct violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

88. Plaintiff does not have an adequate remedy under Michigan law for Defendant Officer Dest's conduct.

89. By virtue of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos' actions, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

## COUNT V

### CONSPIRACY IN VIOLATION OF 42 U.S.C. §1985 BETWEEN MEMBERS OF THE DETROIT POLICE DEPARTMENT, VIOLATING PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FOURTH AMENDMENT

90.     Plaintiff incorporates herein all of the prior allegations.

91.     Defendant Officer Dest either intentionally or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, fabricated evidence, failed to advise either the Office of the Wayne County Prosecutor or Plaintiff's defense counsel that he had withheld impeaching and exculpatory evidence from the Wayne County Prosecutor and from Plaintiff's defense counsel.

92.     Defendant Officer Siemaszko either intentionally or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, fabricated evidence, failed to advise either the Office of the Wayne County Prosecutor or Plaintiff's defense counsel that she had withheld impeaching and exculpatory evidence from the Wayne County Prosecutor and from Plaintiff's defense counsel.

93.     Defendant Officer Niks either intentionally or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, fabricated evidence, failed to advise either the Office of the Wayne County Prosecutor or Plaintiff's defense counsel that he had withheld impeaching and exculpatory evidence from the Wayne County Prosecutor and from Plaintiff's defense counsel.

94.     Defendant Officer Hoke either intentionally or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, fabricated evidence, failed to advise either the Office of the Wayne County Prosecutor or Plaintiff's defense counsel

that he had withheld impeaching and exculpatory evidence from the Wayne County Prosecutor and from Plaintiff's defense counsel.

95.     Defendant Officer Vitorakos either intentionally or with deliberate indifference and/or with reckless disregard of the truth and of Plaintiff's constitutional rights, fabricated evidence, failed to advise either the Office of the Wayne County Prosecutor or Plaintiff's defense counsel that he had withheld impeaching and exculpatory evidence from the Wayne County Prosecutor and from Plaintiff's defense counsel.

96.     Upon information and belief, Defendant Officer Dest's actions were taken with the knowledge, encouragement and/or collaboration of other members of the Department, and as such Defendant Officer Dest and the members of the Department were acting under the color of law.

97.     Upon information and belief, Defendant Officer Siemaszko's actions were taken with the knowledge, encouragement and/or collaboration of other members of the Department, and as such Defendant Officer Siemaszko and the members of the Department were acting under the color of law.

98.     Upon information and belief, Defendant Officer Niks' actions were taken with the knowledge, encouragement and/or collaboration of other members of the Department, and as such Defendant Officer Niks and the members of the Department were acting under the color of law.

99.     Upon information and belief, Defendant Officer Hoke's actions were taken with the knowledge, encouragement and/or collaboration of other members of the Department, and as such Defendant Officer Hoke and the members of the Department were acting under the color of law.

100.    Upon information and belief, Defendant Officer Vitorakos' actions were taken with the knowledge, encouragement and/or collaboration of other members of the Department, and as such Defendant Officer Vitorakos and the members of the Department were acting under the color of law.

101.    Upon information and belief, Defendant Officer Dest and/or other members of the Detroit Police Department conspired together to overcome the solid alibi evidence of Edward Carter by fabricating evidence, concealing impeaching and exculpatory evidence.

102.    Upon information and belief, Defendant Officer Siemaszko and/or other members of the Detroit Police Department conspired together to overcome the solid alibi evidence of Edward Carter by fabricating evidence, concealing impeaching and exculpatory evidence.

103.    Upon information and belief, Defendant Officer Niks and/or other members of the Detroit Police Department conspired together to overcome the solid alibi evidence of Edward Carter by fabricating evidence, concealing impeaching and exculpatory evidence.

104.    Upon information and belief, Defendant Officer Hoke and/or other members of the Detroit Police Department conspired together to overcome the solid alibi evidence of Edward Carter by fabricating evidence, concealing impeaching and exculpatory evidence.

105.    Upon information and belief, Defendant Officer Vitorakos and/or other members of the Detroit Police Department conspired together to overcome the solid alibi evidence of Edward Carter by fabricating evidence, concealing impeaching and exculpatory evidence.

106.    The actions of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department were not taken spontaneously in response to an emergency, but were taken under circumstances allowing for deliberation.

107.    Defendant Officer Dest and/or other members of the Department conspired together for the illegal purpose of violating Plaintiff's civil rights under the United States Constitution in order to obtain Plaintiff's conviction.

108.    Defendant Officer Siemaszko and/or other members of the Department conspired together for the illegal purpose of violating Plaintiff's civil rights under the United States Constitution in order to obtain Plaintiff's conviction.

109.    Defendant Officer Niks and/or other members of the Department conspired together for the illegal purpose of violating Plaintiff's civil rights under the United States Constitution in order to obtain Plaintiff's conviction.

110.    Defendant Officer Hoke and/or other members of the Department conspired together for the illegal purpose of violating Plaintiff's civil rights under the United States Constitution in order to obtain Plaintiff's conviction.

111.    Defendant Officer Vitorakos and/or other members of the Department conspired together for the illegal purpose of violating Plaintiff's civil rights under the United States Constitution in order to obtain Plaintiff's conviction.

112.    In furtherance of the conspiracy, the Defendants committed overt acts, including, but not limited to, keeping exculpatory evidence from the Wayne County Prosecutor, and from Plaintiff's defense counsel, and were otherwise willful participants in joint activity.

113.    The conduct of Defendant Dest and the members of the Department violated Plaintiff's right against continued seizure without probable cause under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

114. The conduct of Defendant Siemaszko and the members of the Department violated Plaintiff's right against continued seizure without probable cause under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

115. The conduct of Defendant Niks and the members of the Department violated Plaintiff's right against continued seizure without probable cause under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

116. The conduct of Defendant Hoke and the members of the Department violated Plaintiff's right against continued seizure without probable cause under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

117. The conduct of Defendant Vitorakos and the members of the Department violated Plaintiff's right against continued seizure without probable cause under the Fourth Amendment of the United States Constitution, as incorporated by the Fourteenth Amendment.

118. The conduct of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department violated 42 U.S.C. §1985.

119. The constitutional rights that Defendant Officer Dest and members of the Department violated were clearly established at the time that they were violated and a reasonable person in their position would have understood that their conduct was in violation of those rights.

120. The constitutional rights that Defendant Officer Siemaszko and members of the Department violated were clearly established at the time that they were violated and a reasonable person in their position would have understood that their conduct was in violation of those rights.

121. The constitutional rights that Defendant Officer Niks and members of the Department violated were clearly established at the time that they were violated and a reasonable person in their position would have understood that their conduct was in violation of those rights.

122.   The constitutional rights that Defendant Officer Hoke and members of the Department violated were clearly established at the time that they were violated and a reasonable person in their position would have understood that their conduct was in violation of those rights.

123.   The constitutional rights that Defendant Officer Vitorakos and members of the Department violated were clearly established at the time that they were violated and a reasonable person in their position would have understood that their conduct was in violation of those rights.

124.   Neither Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos nor the members of the Department are therefore entitled to qualified immunity.

125.   The conduct of Defendant Officer Dest and the members of the Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

126.   The conduct of Defendant Officer Siemaszko and the members of the Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

127.   The conduct of Defendant Officer Niks and the members of the Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

128.   The conduct of Defendant Officer Hoke and the members of the Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

129.   The conduct of Defendant Officer Vitorakos and the members of the Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

130.   By virtue of the actions of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

**COUNT XVII**

**CONSPIRACY IN VIOLATION OF 42 U.S.C. §1985 BETWEEN DEFENDANTS AND MEMBERS OF THE DETROIT POLICE DEPARTMENT, VIOLATING PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE FIFTH AND SIXTH AMENDMENTS**

131.    Plaintiff incorporates herein all of the prior allegations.

132.    The conduct of Defendant Officer Dest and the members of the Department set forth in Count XVI violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

133.    The conduct of Defendant Officer Siemaszko and the members of the Department set forth in Count XVI violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

134.    The conduct of Defendant Officer Niks and the members of the Department set forth in Count XVI violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

135.    The conduct of Defendant Officer Hoke and the members of the Department set forth in Count XVI violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

136.    The conduct of Defendant Officer Vitorakos and the members of the Department set forth in Count XVI violated Plaintiff's rights to due process and a fair trial under the Fifth and Sixth Amendments, as incorporated by the Fourteenth Amendment.

18

137.    The conduct of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department violated 42 U.S.C. §1985.

138.    By virtue of the actions of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

## COUNT XVIII

### CONSPIRACY IN VIOLATION OF 42 U.S.C. §1985 BETWEEN DEFENDANTS AND MEMBERS OF THE DETROIT POLICE DEPARTMENT, VIOLATING PLAINTIFF'S RIGHT TO SUBSTANTIVE DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

139.    Plaintiff incorporates herein all of the prior allegations.

140.    The conduct of Defendant Officer Dest and the members of the Department set forth in Count XVI would shock the conscience of a reasonable person.

141.    The conduct of Defendant Officer Siemaszko and the members of the Department set forth in Count XVI would shock the conscience of a reasonable person.

142.    The conduct of Defendant Officer Niks and the members of the Department set forth in Count XVI would shock the conscience of a reasonable person.

143.    The conduct of Defendant Officer Hoke and the members of the Department set forth in Count XVI would shock the conscience of a reasonable person.

144.    The conduct of Defendant Officer Vitorakos and the members of the Department set forth in Count XVI would shock the conscience of a reasonable person.

145. The conduct of Defendant Officer Dest and the members of the Department violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

146. The conduct of Defendant Officer Siemaszko and the members of the Department violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

147. The conduct of Defendant Officer Niks and the members of the Department violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

148. The conduct of Defendant Officer Hoke and the members of the Department violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

149. The conduct of Defendant Officer Vitorakos and the members of the Department violated Plaintiff's right to substantive due process under the Fourteenth Amendment of the United States Constitution.

150. The conduct of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department violated 42 U.S.C. §1985.

151. By virtue of the actions of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

## COUNT XIX

### CONSPIRACY IN VIOLATION OF 42 U.S.C. §1985 BETWEEN DEFENDANTS AND MEMBERS OF THE DETROIT POLICE DEPARTMENT, VIOLATING PLAINTIFF'S RIGHT TO PROCEDURAL DUE PROCESS UNDER THE FOURTEENTH AMENDMENT

152.    Plaintiff incorporates herein all of the prior allegations.

153.    The conduct of Defendant Officer Dest and the members of the Department set forth in Count XVI was not random or unauthorized.

154.    The conduct of Defendant Officer Siemaszko and the members of the Department set forth in Count XVI was not random or unauthorized.

155.    The conduct of Defendant Officer Niks and the members of the Department set forth in Count XVI was not random or unauthorized.

156.    The conduct of Defendant Officer Niks and the members of the Department set forth in Count XVI was not random or unauthorized.

157.    The conduct of Defendant Officer Hoke and the members of the Department set forth in Count XVI was not random or unauthorized.

158.    The conduct of Defendant Officer Vitorakos and the members of the Department set forth in Count XVI was not random or unauthorized.

159.    The conduct of Defendant Officer Dest and the members of the Department violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

160.    The conduct of Defendant Officer Siemaszko and the members of the Department violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

161.    The conduct of Defendant Officer Niks and the members of the Department violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

162.    The conduct of Defendant Officer Hoke and the members of the Department violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

163.    The conduct of Defendant Officer Vitorakos and the members of the Department violated Plaintiff's right to procedural due process under the Fourteenth Amendment of the United States Constitution.

164.    The conduct of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department violated 42 U.S.C. §1985.

165.    Plaintiff does not have an adequate remedy under Michigan law for the conduct of Defendant Officer Dest and the members of the Department.

166.    By virtue of the actions of Defendant Officers Dest, Siemaszko, Niks, Hoke and Vitorakos and the members of the Department, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

**COUNT XXIV**

**LIABILITY OF THE CITY OF DETROIT AND THE
DETROIT POLICE DEPARTMENT FOR INADEQUATE
TRAINING AND/OR SUPERVISING OF POLICE
OFFICERS REGARDING THE CONSTITUTIONAL
RIGHTS OF CITIZENS**

167.   Plaintiff incorporates herein all of the prior allegations.

168.   The Defendants City of Detroit and the Detroit Police Department had an obligation to train their police officers regarding the constitutional rights of citizens to due process and a fair trial, how those rights are protected and how those rights are violated.

169.   The Defendants City of Detroit and the Detroit Police Department had an obligation to supervise their police officers to insure that the constitutional rights of citizens were not violated.

170.   Specifically, the Defendants City of Detroit and the Detroit Police Department had an absolute obligation to train their police officers regarding the duty to turn over potentially exculpatory evidence.

171.   The Defendants City and Department failed to comply with those obligations and had a custom or policy of acting with deliberate indifference to violations of the constitutional rights of the City's citizens by police officers and had a custom or policy of failing to train and/or failing to supervise police officers regarding the protection/violation of those constitutional rights, as demonstrated by the Department's indifference to the newly discovered evidence exculpating Plaintiff and its refusal to reopen the investigation.

172.   By inadequately training and/or supervising their police officers and having a custom or policy of deliberate indifference to the constitutional rights of their citizens, the Defendants City and Department encouraged and cultivated the conduct which violated

23

Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States

Constitution.

173.   The conduct of the Defendants City and Department violated 42 U.S.C. §1983.

174.   The conduct of the Defendants City and Department was a proximate cause of

Plaintiff's continued incarceration, prosecution and conviction.

175.   By virtue of the actions of the Defendants City and Department, Plaintiff is

entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that the Court enter Judgment in his favor and award him

compensatory and punitive damages in whatever amount the Court and jury deem appropriate,

plus costs and reasonable attorneys' fees.


## COUNT XXV

### LIABILITY OF THE CITY OF DETROIT AND THE DETROIT POLICE DEPARTMENT FOR THE ACTIONS OF DEFENDANT AS THE FINAL POLICYMAKER IN CONDUCTING THE INVESTIGATION

176.   Plaintiff incorporates herein all of the prior allegations.

177.   During the course of the investigation of the crimes committed against Mr. Carter,

the Defendant officers were virtually unsupervised.

178.   By virtue of the lack of supervision of Defendant Officer Dest's conduct of the

investigation, Defendant Officer Dest constituted the final policy maker for the City and the

Department regarding the manner in which the investigation was conducted, including the

decision not to disclose the exculpatory evidence provided.

179.   By virtue of the lack of supervision of Defendant Officer Siemaszko's conduct of

the investigation, Defendant Officer Siemaszko constituted the final policy maker for the City

and the Department regarding the manner in which the investigation was conducted, including the decision not to disclose the exculpatory evidence provided.

180.    By virtue of the lack of supervision of Defendant Officer Niks' conduct of the investigation, Defendant Officer Niks constituted the final policy maker for the City and the Department regarding the manner in which the investigation was conducted, including the decision not to disclose the exculpatory evidence provided.

181.    By virtue of the lack of supervision of Defendant Officer Hoke's conduct of the investigation, Defendant Officer Hoke constituted the final policy maker for the City and the Department regarding the manner in which the investigation was conducted, including the decision not to disclose the exculpatory evidence provided.

182.    By virtue of the lack of supervision of Defendant Officer Vitorakos' conduct of the investigation, Defendant Officer Vitorakos constituted the final policy maker for the City and the Department regarding the manner in which the investigation was conducted, including the decision not to disclose the exculpatory evidence provided.

183.    The decision of the City and Department not to disclose the exculpatory evidence, made by their final policy maker on the issue, Defendant Detroit Police Department, violated Plaintiff's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

184.    The conduct of the Defendants City and Department violated 42 U.S.C. §1983.

185.    The conduct of the Defendants City and Department was a proximate cause of Plaintiff's continued incarceration, prosecution and conviction.

186.    By virtue of the actions of the Defendants City and Department, Plaintiff is entitled to compensatory and punitive damages.

**WHEREFORE,** Plaintiff prays that the Court enter Judgment in his favor and award him compensatory and punitive damages in whatever amount the Court and jury deem appropriate, plus costs and reasonable attorneys' fees.

Respectfully submitted,

***FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C.***

s/E. Jason Blankenship
GEOFFREY FIEGER(P30441)
E. JASON BLANKENSHIP (P36566)
Attorneys for Plaintiff
19390 W. Ten Mile Rd.
Southfield, Michigan 48075
Dated: December 5, 2011          (248) 355-5555

26

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

EDWARD GEORGE CARTER,

    Plaintiff,

vs.

CITY OF DETROIT,
SUSAN SIEMASZKO,
JAMES NIKS, RICHARD HOKE,
WILLIAM VITORAKOS, STEVEN DEST,
DETROIT POLICE DEPARTMENT, and
WAYNE STATE UNIVERSITY POLICE
DEPARTMENT,

    Defendants.

Case No. 11-

Hon.

_____/

GEOFFREY N. FIEGER (P30441)
E. JASON BLANKENSHIP (P63566)
FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C.
Attorneys for Plaintiffs
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

_____/

## **DEMAND FOR JURY TRIAL**

  **NOW COMES** the Plaintiff, EDWARD GEORGE CARTER, by and through his attorneys, Fieger, Fieger, Kenney & Giroux, P.C., and hereby demands a trial by jury on this matter.

    Respectfully submitted,

    ***FIEGER, FIEGER, KENNEY, GIROUX & DANZIG, P.C.***

    _____

    GEOFFREY FIEGER(P30441)
    E. JASON BLANKENSHIP (P36566)
    Attorneys for Plaintiff
    19390 W. Ten Mile Rd.
    Southfield, Michigan 48075
Dated: December 5, 2011  (248) 355-5555