IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-------------------------------------------------------X
:
IN RE : Chapter 9
:
: Case No. 13-53846
CITY OF DETROIT, MICHIGAN, :
: Hon. Steven W. Rhodes
DEBTOR :
-------------------------------------------------------X

**DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBER 3631 FILED BY MARVIN SEALES**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Marvin Seales' response (the "Response") [Dkt. No. 7539] to the City's Sixth Omnibus Objection to Certain Late-Filed Claims (the "Objection") [Dkt. No. 7198] to claim number 3631 (the "Claim"), respectfully states as follows:

**BACKGROUND**

1. On or about April 16, 2012, Mr. Seales filed a lawsuit against the City related to alleged wrongful imprisonment (the "Lawsuit").

2. On July 18, 2013 (the "Petition Date"), the City filed this chapter 9 case.

3. The Lawsuit has been stayed due to the City's bankruptcy filing.

4. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

5. The Bar Date Order established February 21, 2014 (the "Bar Date") as the deadline for filing certain claims against the City.

1

6. On or about November 29, 2013, Mr. Seales was served notice of the Bar Date Order through his counsel (the "Bar Date Notice").[1] *See* Page 2212, Certificate of Service filed by the City's Noticing Agent Kurtzman Carson Consultants, LLC ("KCC") on December 27, 2013, [Dkt. No. 2337].

7. The Bar Date Notice stated that the proof of claim had to be received on or before the Bar Date. *See* Bar Date Order, Annex 1, pp. 1; 8.

8. The Bar Date Notice also stated that if a proof of claim is not filed by the Bar Date, the claimant would not be entitled to receive distributions from the City. *See Id.*, Annex 1, p. 9.

9. The Response states that Mr. Seale's counsel mailed the proof of claim form via the United States Postal Service's first class mail service on February 11, 2014. Response, ¶7.

10. The Claim seeks an amount greater than $75,000.00.

11. KCC received the proof of claim form on March 5, 2014, approximately two weeks after the Bar Date. *See* Exhibit 1, proof of claim form indicating March 5, 2014 receipt by KCC.

12. On August 29, 2014, the City filed the Objection, including an objection to the Claim as late-filed.

13. On September 16, 2014, Mr. Seales filed the Response. In the Response, Mr. Seales does not dispute that the Claim was late-filed, but argues that this Court should allow his late-filed claim on equitable grounds and/or under and excusable neglect standard.[2]

**ARGUMENT**

---

[1] Mr. Seales' counsel at the time of service was Fieger, Fieger, Kenney, Giroux, & Danzig, which appears to be the same firm that filed the Response, though the named partner Danzig does not appear on the letterhead received by the City's counsel.

[2] In the Response, Mr. Seales indicates the three other proofs of claim were filed at the same time, but the City did not object to those claims. The City is investigating whether those claims were known claims before the bankruptcy filing and reserves its rights to object to those claims at a later date.

14. Bar dates are designed to promote finality and efficient administration of the bankruptcy process. *In re National Steel Corp.*, 316 B.R. 510, 514 (Bankr. N.D. Ill. 2004). Typically, claimants who do not timely file proofs of claim are barred from receiving distributions from the estate. *Id*. at 515. In *National Steel*, an entity affiliated with the debtors sought to file a claim seeking indemnification after the bar date. The court declined to allow the late-filed claim because of the negative impact it would have on the estate and other creditors. *Id*. at 521. Here, the Claim, which seeks an amount in excess of $75,000, should be disallowed and expunged because it was not timely filed, because allowance of such a potentially large claim will prejudice the thousands of other claimants who did timely their claims, and because the delay in filing was solely in the control of Mr. Seales and his counsel.

15. The Bar Date Notice clearly stated that claims had to be <u>received</u> at KCC's facility on or before the Bar Date. The Bar Date Notice also stated that any claimant whose claim was not received by the Bar Date would be unable to recover on account of such claim from the City.

16. Mr. Seales does not dispute the fact that the Claim was late-filed. He also does not allege any deficiency in the Bar Date Order, the Bar Date Notice, or the service of such notice on him through counsel.

17. Instead, Mr. Seales simply states this Court has equitable discretion to extend the Bar Date for the Claim or that, in the alternative, the Court should employ an excusable neglect standard.[3] However, he does not present facts to support either argument, and the cases relied upon in the Response are inapplicable because they do not involve late-filed proofs of claim.[4]

---

[3] Fed. R. Bankr. P. 9006(b)(2) requires a party seeking to file a late pleading under an excusable neglect standard to file a motion seeking such relief. No such motion has been filed in this case.

[4] The *Waterman* case involved a dispute regarding the informal proof of claim doctrine, where the Sixth Circuit ultimately refused to allow the pleadings to be treated as an informal proof of claim because of the prejudice that the

3

18. The Supreme Court has set forth four factors to determine whether a late-filed proof of claim should be allowed under an excusable neglect standard. *Pioneer Investment Svcs Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380 (1993). The four factors are: (1) danger of prejudice to the debtor, (2) the length of the delay and its potential impact on the case; (3) the reason for the delay, including whether it was in the reasonable control of the movant, and (4) whether the movant acted in good faith. *Id*. at 395.

19. The possible allowance of a large late-filed claim will prejudice the City. The amount of the claim is unknown at this time, but could be significant, and if ultimately allowed, it may negatively impact the distribution to City's many thousands of creditors who timely filed their proofs of claim. *See e.g., in re Settlement Facility Dow Corning Trust*, 2009 U.S. Dist LEXIS 110133 (E.D. Mich. Nov. 25, 2009) (Hood, J.) (denying late-filed claim in the Dow Corning breast implant case where movant failed to timely file claim, and the allowance of such late-filed claim, in combination with the other late-filed claims, would prejudice the administration of the case, and the claimants who had timely filed their claims).

20. With respect to the third prong of the *Pioneer* test, the delay in filing the proof of claim was solely in the control of Mr. Seales and his counsel. As Judge Hood noted in *Dow, supra*, "[i]nadvertance, ignorance of the rules, or mistakes construing the rules do not normally constitute excusable neglect." *Id.* at *5.

21. Mr. Seales' counsel received the Bar Date Notice, which clearly indicated that the proof of claim must be <u>received</u> at KCC's facility on or before February 21, 2014 at 4:00 p.m. E.S.T. Mr. Seales' counsel sent the proof of claim a few days before the Bar Date via the United

---

debtor and the creditors who followed the rules would suffer. *In re Waterman & Assoc., Inc.*, 227 F.3d 604, 610-11 (6th Cir. 2000). The *Sheehan* case involved a non-dischargeability action, and involved a question of whether the excusable neglect standard was applicable to such actions. *In re Sheehan*, 253 F.3d 507 (9th Cir. 2001).

4
4817-7622-7870.1
13-53846-tjt    Doc 7709    Filed 09/26/14    Entered 09/26/14 19:16:06    Page 4 of 5

States Postal Service. It was not received by KCC on or before the Bar Date. Mr. Seales does not dispute this fact.

22. In order to ensure compliance with the Bar Date Order, Mr. Seales' counsel could have, but did not, use an overnight delivery service which could have guaranteed receipt on or before the Bar Date. Similarly, Mr. Seales' counsel could have, but did not, hand-file the proof of claim with the Court in Detroit. Either of those options, each of which was solely in the control of Mr. Seales' counsel, would have ensured a timely filed proof of claim.

23. Even though Mr. Seales' counsel mailed the proof of claim, Mr. Seales is still ultimately responsible for the acts and omissions of his counsel. *Pioneer*, *supra*, 507 U.S. at 396. Therefore, the Claim should be disallowed as late-filed.

24. To the extent the Court does not disallow the Claim as late-filed, the City reserves all of its rights to object to the Claim on any other grounds.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: September 26, 2014

FOLEY & LARDNER LLP
By: /s/ Tamar N. Dolcourt
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
*Counsel for the Debtor, City of Detroit, Michigan*
