# EXHIBIT 3

2005 WL 901089
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK
COURT RULES BEFORE CITING.

Court of Appeals of Michigan.

Robert J. DEITRICK, Jr., Plaintiff-Appellant,

v.

CITY OF CHARLOTTE and Charlotte
City Council, Defendants-Appellees.

No. 254678.    |    April 19, 2005.

Before: FORT HOOD, P.J., and METER and SCHUETTE, JJ.

**[UNPUBLISHED]**

PER CURIAM.

**\*1** Plaintiff appeals as of right from the trial court's order granting defendants' motion for summary disposition. We affirm. This case arises from a closed meeting conducted by defendant Charlotte City Council, after which plaintiff was terminated as city attorney by the council during an open session.

We review a trial court's decision with regard to a motion for summary disposition de novo. *Dressel v. Ameribank,* 468 Mich. 557, 561; 664 NW2d 151 (2003). Although the trial court failed to specify the subrule under which it granted summary disposition, this does not affect our ability to review the matter. We must simply conduct our review under the correct subrule. *Verna's Tavern, Inc v. Heite,* 243 Mich.App 578, 584-585; 624 NW2d 738 (2000). Because the trial court considered factual evidence beyond the complaint in granting summary disposition in this case, it clearly granted summary disposition under MCR 2.116(C)(10). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the plaintiff's claims. *Corley v. Detroit Bd of Ed,* 470 Mich. 274, 278; 681 NW2d 342 (2004). When deciding such a motion, a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in the light most favorable to the nonmoving party. *Id.* Summary disposition should be granted under MCR 2.116(C)(10) if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Babula v. Roberson,* 212 Mich.App 45, 48; 536 NW2d 834 (1995). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v. General Motors Corp,* 469 Mich. 177, 183; 665 NW2d 468 (2003).

Plaintiff first argues that the closed city council session at issue was not justified by way of the attorney-client privilege and therefore violated the Open Meetings Act (OMA), MCL 15.261 *et seq.* This effectively constitutes an argument that the trial court erred in concluding that plaintiff failed to establish a genuine issue of material fact with regard to the claimed violation of the OMA. We disagree that the trial court erred.

Defendants assert that the OMA exception provided by MCL 15.268(h) [1] authorized the closed session, in that the council considered a written opinion of specially appointed counsel regarding at-will employees. This Court has stated that the OMA must be strictly construed when interpreting permissible purposes for closed sessions so as to limit situations not open to the public. *Booth Newspapers, Inc v. Wyoming City Council,* 168 Mich.App 459, 467; 425 NW2d 695 (1988). However, while construing MCL 15.243(g), [2] this Court concluded that a written opinion from counsel was "material" subject to the attorney-client privilege and that, therefore, a closed meeting to discuss such a written opinion was permissible. *Booth Newspapers, Inc v Regents of University of Mich,* 93 Mich.App 100, 106-107; 286 NW2d 55 (1979). This Court later interpreted *Regents of University of Mich* as only allowing closed session discussions regarding written legal opinions, not oral legal opinions, of counsel. *Wyoming City Council, supra* at 467, 469. Additionally, the scope of the discussion must be limited to legal matters and not include incidental, non-legal matters. *Id.* at 468.

**\*2** Because a closed session places the party filing suit at a disadvantage in gathering factual information, the burden of proving that a closed session was exempt is placed on the party claiming the exemption, defendants in this case. *Detroit News, Inc v. Detroit,* 185 Mich.App 296, 301; 460 NW2d 312 (1990). Here, the minutes of the closed meeting reflect that the written opinion of the specially appointed counsel was the only topic of discussion at the closed session. Plaintiff has not presented contrary evidence that anything but the written opinion was discussed at the closed session. While plaintiff made an unsubstantiated assertion in

his response to defendants' motion for summary disposition about a statement from a city council member that allegedly indicated the scope of the discussion at the closed meeting was greater, this bald assertion was not supported by an affidavit or other documentary evidence. *Corley, supra* at 278. Accordingly, plaintiff failed to establish a genuine issue of material fact because he failed to present substantively admissible evidence in opposition to defendants' evidence indicating that only the written legal opinion was discussed during the closed meeting. See, generally, *Adair v. Michigan,* 470 Mich. 105, 120; 680 NW2d 386 (2004).

Responding to defendants' argument that the closed meeting was allowed by MCL 15.268(h), plaintiff points to another OMA exemption, MCL 15.268(a), which reads, in pertinent part, that "[a] public body may meet in a closed session ... [t]o consider the dismissal, suspension, or disciplining of ... a public officer, employee, staff member, or individual agent, *if the named person requests a closed hearing.*" MCL 15.268(a) (emphasis added). Plaintiff argues that defendants used the attorney-client privilege in an attempt to circumvent the requirements of MCL 15.268(a). However, it is apparent, in our opinion, that each subsection enumerated in MCL 15.268, which contains all the permissible purposes for which a public body may meet in a closed session, should be read in isolation as setting forth an independent OMA exception. That the closed meeting may not have been authorized by MCL 15.268(a) is immaterial because it was clearly allowed by MCL 15.268(h). In sum, the trial court did not err in concluding that plaintiff failed to establish a genuine issue of material fact with regard to the claimed OMA violation.

Plaintiff next argues that summary disposition was improper because he was not allowed sufficient time to complete discovery. Generally, summary disposition is premature if granted before discovery on a disputed issue is complete, but it is not premature if further discovery does not have a fair chance of uncovering factual support for opposing the motion. *Coblentz v. Novi,* 264 Mich.App 450, 455; 691 NW2d 22 (2004). In opposing a motion for summary disposition because discovery is not complete, the opposing party "must provide some independent evidence that a factual dispute exists." *Michigan National Bank v Metro Institutional Food Service, Inc,* 198 Mich.App 236, 241; 497 NW2d 225 (1993). Mere speculation from the nonmoving party that further discovery might produce pertinent facts is not enough. *Ensink v. Mecosta Co General Hosp,* 262 Mich.App 518, 540-541; 687 NW2d 143 (2004).

**\*3** Plaintiff asserts that a factual question exists concerning whether the closed session involved a discussion beyond the information contained in the special counsel's written opinion. However, plaintiff has provided no evidence to support this claim. Further, discovery was to be completed by March 1, 2004, and the summary disposition hearing was held on February 23, 2004. Plaintiff has stated, without providing specifics regarding what further discovery he would have undertaken in that mere week-long period, that if he were allowed to continue discovery, he would have been able to present proof that defendants violated the OMA and discussed his termination in private. However, the date to complete discovery had nearly arrived, and plaintiff had failed to produce any independent evidence that defendants violated the OMA. In these circumstances, we conclude there was no fair chance that further discovery would have uncovered support for plaintiff's position.

Finally, plaintiff claims that defendants violated the Charlotte City Charter by conducting the closed meeting. This issue was not properly preserved for appellate consideration because it was not raised in the trial court. *Fast Air, Inc v. Knight,* 235 Mich.App 541, 549; 599 NW2d 489 (1999). We will nevertheless review the issue because it involves a question of law and all facts necessary for its resolution have been presented. *Brown v. Loveman,* 260 Mich.App 576, 599; 680 NW2d 432 (2004). The OMA supersedes all local charter provisions related to the requirements for open meetings of local public bodies that were in force when it was enacted. MCL 15.261(2). The OMA became effective on January 1, 1977. MCL 15.275. Because the Charlotte City Charter was enacted on April 2, 1962, the relevant charter provision has been superseded by the OMA.[3]

Affirmed.

Footnotes

1    MCL 15.268(h) provides that "[a] public body may meet in a closed session ... [t]o consider material exempt from discussion or disclosure by state or federal statute."

| | |
|---|---|
| 2 | This is the Freedom of Information Act exemption for "[i]nformation or records subject to the attorney-client privilege." At the time of *Booth Newspapers v Regents of University of Mich,* 93 Mich.App 100; 286 NW2d 55 (1979), the statutory section was codified as MCL 15.243(h). |
| 3 | While the OMA allows a public body to adopt provisions "requir[ing] a greater degree of openness relative to meetings of public bodies than the standards provided for in [the OMA]" after the OMA's effective date, see MCL 15.261(3), that is immaterial to this case because plaintiff relies on an original provision of the city charter adopted in 1962, before the OMA's effective date. |

---

**End of Document**  © 2014 Thomson Reuters. No claim to original U.S. Government Works.