# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM et al
    Creditors/Objectors,

v

| | |
|---|---|
| In re:<br>City OF DETROIT, MICHIGAN<br>AND EMERGENCY MANAGER<br>KEVYN D. ORR<br>    Debtors/City of Detroit | Chapter 9<br>Case No. 13-53846<br>Judge Steven W Rhodes<br><br>Case No. 14-cv-10434<br>Hon. Bernard A. Freidman<br>Magistrate Paul J. Komives |

_____/

## OBJECTION TO THE FILING OF REDLINED VERSION OF SEVENTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT

We/I OBJECT TO THE REDLINED VERISON OF THE SEVENTH AMENDED PLAN OF ADJUSTMENT FOR THE DEBTS OF THE CITY OF DETRIOT AND CONFIRMATION OF THE PLAN, THERE WAS NO NOTICE, IT WAS AFTER THE FACT, UNTIMELY, CONTRARY TO THE FACTS, MISREPRESENTATION OF THE BANKRUPTCY CODE AND RULES AND HAS NOT BEEN PRESENTED AND CONDUCED IN A GOOD FAITH MANNER.

    We/I object to the filing of redlined version of the Seventh Amended

Plan of Adjustment for the debts of the city of Detroit and confirmation of any

Plan stemming from or connected to this plan of Adjustment and show the

following:

1

1) We/I object to the Seventh Plan of Adjustment and confirmation to the Plan and the whole bankruptcy procedure because the state through the Emergency Manager, Kevyn Orr filed for bankruptcy and not the City of Detroit, without the city consent and approval. Therefore, it is illegal and the court lack jurisdiction. This is a violation of Bankruptcy Code that states at section 903 (1) and (2). A State law prescribing a method of composition of indebtedness of such municipality <u>may not bind any creditor that does not consent to such composition</u>. In conjunction with 11 USC 903 we also included 11 USC 904 that requires "any power of the court, unless the debtor consent or the plan so provides. The consent of both the creditors and the debtors are required only by consent, which was not done in this case and demonstrate the bankruptcy wasn't filed in a good faith manner and failed to meet the requirements 11 USC 903 and 904 as required by 11 USC 921(c). Kevyn Orr (the state appointed official) has violated both section 11 USC 903, 904 and 921 of the bankruptcy code clearly shows he is not the proper person or an elected official and should be dismiss. Pennsylvania 465 B.R. 744 (Bankr. M.D. Pa 21).

**The power to govern remains with the municipality not with the judge or any unelected official, unless State, not Federal, law provides for some alternate system. (121 Cong Rec H39413 daily ed Dec 9 1975); remarks of Reps Kindness and Edward. 11USC (03 Norton Bankruptcy Law and Practice 3rd. Congressional Record Statement (Reform Act of 1978).**

2

2) The court lacks jurisdiction and the bankruptcy court continues to violate the bankruptcy codes and rules despite the fact we have repeatedly cited this violation in the first, second, third, fourth, fifth Sixth and now the Seventh Amendment of the Plan of Adjustment. We informed the court in (Objection filed and endorsed August 22, 2013, Response to the First Amended Order regarding eligibility objections notice and hearings and Certification pursuant to 28 U.S.C. Section 2403 (a) & (b) filed and endorsed September 18, 2013 and again in Objection to notice and confer session regarding certain objections to Amended Disclosure Statement with respect to Amended Plan for the Adjustment of Debts of the City of Detroit filed and endorsed April 16, 2014).

The bankruptcy codes and rules doesn't change because an amendment or modification of the Plan. Creditors are still entitled to a legal proper notice as described in the bankruptcy codes and rules.

We object because the court lacks jurisdiction and object under any continuing illegal jurisdiction of the case under any circumstance, however, if the court had jurisdiction "once jurisdiction is challenged, the court cannot proceed when its clearly appears that the courts lacks jurisdiction," the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US 505 F2d 1026, 8th Cir 1974. There is no discretion to ignore that lack of jurisdic-

3

tion:"Joyce US 4747 F2d 215 3rd Cir 1973. The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert 469 F2d 416. The court must prove on the record, all jurisdiction facts related to the jurisdiction asserted. Lantana v. Hopper, 102 F2d 188; Chicago v. New York F supp 150.

3) The bankruptcy was invalid from the beginning in the court own ruling that the Plan was not filed in good faith. The bankruptcy court state: "Even as a first step, these meetings failed to reach a level that would justify a finding that negotiation had occurred, let alone good faith negotiations. Moreover, the Court finds that the lacks of negotiation were not due to creditor recalcitrance.

Accordingly, the Court concludes that the City has not established by a preponderance of the evidence that it has satisfied the requirement of 11 U.S.C. 109 (c) (5)(B)."

a) It is important to understand that "even a petition filed by an entity eligible for chapter 9 reliefs is subject to dismissal "if the debtor did not file the petition in good faith." Where [....] a purported debtor's good faith is in issue, the debtor bears the burden of affirmatively demonstrating that it filed the petition in good faith." Vallejo I, 2008 WL 4146015 at 31, quoting In re Powers, 135 B.R. 980, 997 (Bankr. C. D. Cal 1991). The essence of the good faith requirement is to prevent abuse of the bankruptcy process." Vallejo I, 2008 WL 414-6015 at 31, quoting In re Villages at castle Rock Metro Dist. No. 4, 145 B.R.

4

76, 81 (Bankr D.Col. 1990).

"Only a municipality may file for relief under chapter 9 for bankruptcy," and Fed.R.Civ.Proc. Rule 12 b (1), (2) and (h3), therefore, the case should be dismissed.

> Whenever it appears by suggestion of the parties or otherwise that the court lack jurisdiction of the subject matter, the court shall dismiss the action. Fed R. Civ. Proc. 12 (h) (3).

3) We object because the bankruptcy court lacks jurisdiction, however, if they did have jurisdiction we would object; due to all and any reference made to the Seventh Amended Plan for Adjustment of Debts of the City of Detroit, because it failed conduct or execute in a good faith manner and contravened 11 USC 923 of the Bankruptcy code that requires a notice set forth.

    a) The Bankruptcy rule provides that the clerk, or such other person as the court may direct is to give notice Fed. R. Bankr. P 2002 (f). The notice must also be published "at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates," in title 11 U.S.C. sect 923 of the Bankruptcy code.

    b) The Emergency Manager, Kevyn Orr, the state or the city has never

5

legally notified the public and citizens in the First, Second, Third, Fourth, Fifth, Sixth or the Seventh Amendments and Amended Plans, according to the 11 USC 923 of the bankruptcy Code and Federal Rule of the Bankruptcy Procedure (Fed.R.Bankr 2002(f) and has failed to comply with the bankruptcy Code and Rules.

All of the Amendments, Amended Plans of Adjustment and/or confirmation of a plan have a commencement period when they are created, established or began, therefore, anytime you have a new or different Amendments and/or Amended plans at the beginning of the that process, whether it be a plan of Adjustment or Amendments of a Plan the people are still entitle to be notified by a proper notice in accordance to the bankruptcy codes and rules of procedures.

How can the citizens/creditors respond properly if they were never legally notified by a notice in accordance to the Bankruptcy Codes and Rules.

c) The only attempted that has been stated of even an attempted to notice was suppose to be by three affidavits verifying only for May 9, 2014 in the Detroit New and Free Press, USA Today, and Wall Street Journal for only one day, not three successive weeks as required by the Bankruptcy code and rule, therefore insufficient and invalid and do not met the requirements of the Bankruptcy Code and Rules and should have been dismiss. These are grounds for a dismissal. In re Colorado Centre Metro, Dist. (1990, BC Dc

6

colo)113 BR 25, 7 Colo Bankr Ct Rep 77, 20 BCD 660, 23 CBC2d 397.

The affidavits were filed or dated on May 9th and 12th and July 23rd 2014 all verifying May 9, 2014. On its face all so-called attempts to make it appear notices was filed are meaningless, invalid and after the fact. The Plan was file May 5, 2014, therefore, even if they had filed for three successive or consecutive weeks and an alternate paper or papers of general circulation it still would be meaningless because the Plan had already been issued. The notice is to inform and to warn you the Plan is coming so you can have opportunity to prepare to respond. This simply was not done.

The courts has long recognized the important of notices is a fundamental preliminary principle of due process in Powell v Alabama 287 U.S. 45, 68,

(1932): It never has been doubted by this court, or any other so far as we know, that notice and hearing are preliminary steps essential to the passing of an enforceable judgment, and that they, together with a legally competent tribunal having jurisdiction of the case, Constitute basic elements of the constitutional requirement of due process of law.

4) The Plan of Adjustment, the Amendments and/or Amended Plans and any plan or amendments connected to or stemming from 2nd through Seventh Amended Plan all has discriminate against those who oppose the plan whether they are entitle to vote or not: (1) The voting ballots were counterfeit and fraudulent to deceive the people and none of the ballots was a legal official form

7

14 ballot, (2) The voting solicitation packages had statements or information from the Emergency Manager, Kevyn Orr, Shirley Lightsey president of Detroit Retired City Employees Association and Donald Taylor president of the Retired Detroit Police and Fire Fighters Association (RDPFFA), encouraging a yes vote, violating MCL 168.485 that states in pertinent part: "The language used shall create no prejudice for or against the issue or proposal," (3) Your name and signature was on two different pages and made it easy to manipulate your vote, (4) The voting process and procedure was rigged against anybody who oppose the plan was consider to have vote yes. "Creditors whose claims are not impaired by a plan are deemed to accept the plan under section 1126 (f) of the Bankruptcy Code and are not entitle to vote," There was no "No vote" the way it was worded because it stated that if you vote Yes paraphrasing, well take approximately 20% or so much money and if you vote No we will take even more 27 % or more (6) The voting process was simply "extortion" and rigging the voting process through the voting ballot and contrary to and contravening the Michigan Election Laws MCL 168.485 that state in pertinent part:" The language used shall create no prejudice for or against the issue or proposal. All of these multiple violations are contravening the basic voting rights statutes 1965 Voting right Acts and its Amendments. Also the 15th and 14th Amendment of the United State Constitution.

8

5) The other reason was that the Plan of Adjustment and disclosure statement are to be taken place before the bankruptcy. The Plan referred to in 109(c) (4) is adjustment plan and disclosure statement negotiated pre-petition in good faith. In re Cotton Water and Sanitation District, Douglas County, Colo., 138 B.R. 973, 979 (Bankr. D. Colo 1992). This simply was not done in this present case.

In this objection emphasis was placed on the fact that a municipality should, at the very least, attempt to circulate and obtain approval with respect to an adjustment plan prior to filing for chapter 9, not after the fact as in this case. Because section 1126 (b) of the code applies in chapter 9, a municipality that has reached the adjustment plan to be proposed under 11 Section 941 of the code. In re City of Vallejo, 408 B.R. at 280, 296-97 (9th Cir. B.A.P.2009).

6) **The City of Detroit never legally <u>approved</u>, <u>agreed</u> or <u>consented</u> to** the Emergency Manager, Kevyn Orr, filing for bankruptcy and Kevyn Orr concealed this fact from the people by his action and contravened **MCL600.5855 Fraudulent Concealment** where a party alleges that fraud has been committed on the court, it is generally **an abuse of discretion** for the court to decide the motion without first conducting an evidentiary hearing into the allegations. Rapaport v Rapaport 185 Mich App 12 (1990) citing Michigan Bank-Midwest v DJ Reynaert,

9

Inc, 165 Mich App 630, 643, 419 NW 2d 439 (1988); St Clair Commercial & Savings Bank v Macaulley, 66 Mich App 210, 214-215; 238 NW2d 806 (1975), lv den 396 NW2d 864 (1976). There were no evidentiary hearings on the **jurisdisdiction or the fraud,** therefore, procedure due process and equal protection of the law of the 5th and 14th Amendment of the Constitution of the United States.

7) The State through the Emergency Manager, Kevyn Orr failed to file bankruptcy by consent and legal approval of the citizens and unclean hand in good faith by owing $224,000,000.00 plus interest from 2012 and approximately $224,000,000.00 plus interest for 2013 and still owes estimated, approximately $180,000,000.00 for 2014 thus far and still counting of unrestricted State Revenue Sharing funds of Public Act 140 of 1971 and Governor Rick Snyder stated he wasn't going too paid.

The State by their actions through Governor Rick Snyder, Emergency Manager Kevyn Orr and the formal treasure Andy Dillon and the present Treasurer R. Kevin Clinton aid to orchestrated deficit and then turn around to file bankruptcy unauthorized by the city under the deceiving disguise as the city through the Emergency Manager, Kevyn Orr.

This clearly violated 11 USC 921 of the Bankruptcy Code and fraudulent concealment MCL 600.5855 for lack of good faith and violation of its own governing rules. We are demanding evidentiary hearings on the fraud and jurisdiction.

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _Carl Williams_

Address _10112 Somerset_

City, State, & Zip _Detroit Michigan 48224_

Date _9/26/14_

Sign _Hassan Alee_

Address _2440 Taylor_

City, State, & Zip _Detroit Mich 48206_

Date _9/20/14_

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM
        Creditors/Objectors,

v

| | |
|---|---|
| In re:<br>City OF DETROIT, MICHIGAN<br>AND EMERGENCY MANAGER<br>KEVYN D. ORR<br>      Debtor/City of Detroit<br>_____/ | Chapter 9<br>Case No. 13-53846<br>Judge Steven W Rhodes<br><br>Case No. 14-cv-10434<br>Hon. Bernard A. Freidman<br>Magistrate Paul J. Komives |

## PROOF OF SERVICES

___Carl Williams___, being first duly sworn deposes and

Say that on September ___30___, 2014 I sent a copy of Objection to the filing of

Redlined version of Seventh Amended Plan for the adjustment of Debts of the

City of Detroit, upon the concern parties by certified mail at the following address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

Emergency Manager
Kenyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _Carl Williams_

Date _September 30, 2014_