IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY of DETROIT, MICHIGAN | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| | ) | |
| Debtor. | ) | |

## RESPONSE OF GINA PARKER TO
## DEBTOR'S SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

NOW COMES GINA PARKER, through her attorneys at The Lobb Law Firm, and for her Response to Debtor's Sixth Omnibus Objection to Certain Claims (Docket No. 7198), states as follows:

1. On August 29, 2014, the Debtor filed its Sixth Omnibus Objection to Certain Claims. Therein, the Debtor argued that this Court should disallow the claims of numerous creditors, including Gina Parker.

2. The sole ground cited in the Objection is that the claims referenced therein, including Ms. Parker's claim, were not filed prior to the February 21, 2014 General Bar Date.

3. Ms. Parker filed her Proof of Claim by sending it via United States Postal Service First Class Mail to the City of Detroit Claims Processing Center in El Segundo, California, on February 17, 2014. (See Exhibit A – Letter and Copy of Proof of Claim).

4. Ms. Parker's claim was received by the Claims Processing Center and assigned Claim Number 3581.

5. The United States Supreme Court has held that mailing alone does not constitute filing, but that filing requires delivery and receipt by the proper party. *United States v. Lombardo*,

241 U.S. 73, 36 S. Ct. 508, 60 L.Ed. 897 (1916). However, a timely and accurate mailing does raise a rebuttable presumption that the mailed material was received, and thereby filed. *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *Haag v. Commissioner*, 59 F.2d 516, 517 (7th Cir. 1932).

6. As set forth above, Ms. Parker's Proof of Claim was sent by United States Postal Service First Class Mail to the City of Detroit Claims Processing in El Segundo, California, on February 17, 2014, allowing a reasonable amount of time for timely arrival before the General Bar Date of February 21, 2014.

7. Furthermore, Bankruptcy Rule 3003, which governs the filing of a Proof of Claim in this case, grants this Court discretion to allow Ms. Parker's claim, even if it was not timely filed.

8. Rule 3003(c)(3) permits this Court to extend the time within which Proofs of Claim or interest may be filed, which may be sought and granted before or after the General Bar Date.

9. Likewise, this Court has broad equitable powers to balance the interests of parties. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984). "Equitable determinations are within the sound discretion of the bankruptcy judge . . ." *In re M.J. Waterman & Associates, Inc.*, 27 F.3d 604, 607 (6th Cir. 2000).

10. As stated by the *Waterman* court, this Court should be careful not to "enact too heavy-handed a measure to punish a creditor who may have not have strictly adhered to the formalities of the filing requirements, but whose actions were sufficient to put the court and the debtor on notice of his or her intention to seek to hold the debtor liable." *Id.*

11. This Court has recognized that when determining equities, it is proper to consider whether the existence of a claim was apparent to both parties. See *In re Norman R. Hugues*, Case No. 06-14172 (E.D. Mich. 2006).

2

12. Indeed, bankruptcy courts have extended service periods, and noted that time limits may be extended under Rule 9006(b), under an excusable neglect standard. See e.g., *In re Sheehan*, 253 F.3d 607 (9th Cir. 2001).

13. Moreover, Rule 5 of the Federal Rules of Civil Procedure, which applies in Adversary Proceedings pursuant to Bankruptcy Rule 7005, provides that service is complete upon mailing.

14. Considering the foregoing, the Debtor's Objection as to Ms. Parker's claim should be overruled.

15. Ms. Parker's Proof of Claim was sent by First Class Mail, as allowed per court order within a reasonable time to arrive prior to the General Bar Date.

16. Additionally, the Debtor had ample notice of Ms. Parker's intent to hold it liable, as her underlying lawsuit was filed on July 12, 2013.

17. In light of the foregoing, the interests of equity demand that Ms. Parker's claim be allowed.

WHEREFORE, GINA PARKER respectfully requests that the Court overrule Debtor's Objection as to her claim, Claim No. 3581, and that her claim be deemed allowed as a general unsecured claim.

Respectfully submitted,

THE LOBB LAW FIRM

JOSEPH R. LOBB (P26009)
26321 Woodward Avenue
Huntington Woods, MI 48070
(248) 591-4090
(248) 591-4089 (fax)

Dated: September 19, 2014

# EXHIBIT A

CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage $
Certified Fee
Return Receipt Fee
(Endorsement Required)
Restricted Delivery Fee
(Endorsement Required)
Total Postage & Fees $
Postmark Here

Sent To
Street, Apt. No.;
or PO Box No.
City, State, ZIP+4

**LOBB**

26321 Woodward Avenue
Huntington Woods, MI 48070
Phone: (248) 591-4090
Fax: (248) 591-4089
TOLL FREE: (855)-LOBB-911
Thelobblawfirm.com

Mail/Return Receipt Requested***
February 17, 2014

City of Detroit Claims Processing Center
c/o Kurtzman Carson Consultants, LLC
2335 Alaska Avenue
El Segundo, CA 90245

Re:   Proof of Claims

Dear Sir or Madam:

In regard to the above referenced matter, please find enclosed one original and one copy of Chapter 9 Proof of Claims in the following matters:

|    | Name of Creditor              | Our File No. |
|----|-------------------------------|--------------|
| 1. | Sean Derrick Andrews          | 7700-3       |
| 2. | Renee Andrews                 | 7699-3       |
| 3. | Tanora Adams                  | 6873         |
| 4. | Yvonne Coleman                | 7500-1       |
| 5. | Clear Imaging (Terrance Martin)| 6919        |
| 6. | Wendy Readous                 | 6407-1       |
| 7. | Carlita Buffington            | 6088-3       |
| 8. | Gina Parker                   | 7115-3       |
| 9. | Melyni Richardson             | 7018-1       |
| 10.| Bridgett Scott                | 5850-3       |
| 11.| Clear Imaging (Lashan Bell)   | 6595         |

Please return a time-stamped copy acknowledging receipt of this filing in the enclosed self-addressed, postage prepaid return envelope.

Thank you for your time and attention to this matter.

Sincerely,
THE LOBB LAW FIRM

*Daniel A. Groves*
Daniel A. Groves

DAG/tll
Enclosures

B10 (Official Form 10) (04/13) (Modified)

**UNITED STATES BANKRUPTCY COURT** — **EASTERN DISTRICT of MICHIGAN** — **PROOF OF CLAIM** — CHAPTER 9

Name of Debtor: City of Detroit, Michigan
Case Number: 13-009183
FEB 2 5 2014

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.

Name of Creditor: GINA PARKER

Name and address where notices should be sent: NameID: 11568254
C/O: THE LOBB LAW FIRM, P.C., DANIEL A. GROVES
26321 WOODWARD AVE, 48070
HUNTINGTON WOODS, MI, 48070
Telephone number: 248-591-4090

COURT USE ONLY
☐ Check this box if this claim amends a previously filed claim.
Court Claim Number: _____ (If known)
Filed on: _____
☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):
SAME AS ABOVE

1. Amount of Claim as of Date Case Filed: $50,000.00

2. Basis for Claim: MI "NO" CLAIM — NEGLIGENCE, B.I. CLAIM

3. Last four digits of any number by which creditor identifies debtor: 8068

3a. Debtor may have scheduled account as: _____

4. Secured Claim: Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Value of Property: $_____
Annual Interest Rate: _____% ☐ Fixed or ☐ Variable
Amount of Secured Claim: $_____
Amount Unsecured: $50,000.00

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2): $_____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____: $_____

8. Signature:
☒ I am the creditor.

Print Name: GINA PARKER
Signature: Gina Parker
Date: 02/14/2014
Address: SAME AS ABOVE

Claim # 3581