IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY of DETROIT, MICHIGAN

Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

## RESPONSE OF MELYNI RICHARDSON TO DEBTOR'S SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

NOW COMES MELYNI RICHARDSON, through her attorneys at The Lobb Law Firm, and for her Response to Debtor's Sixth Omnibus Objection to Certain Claims (Docket No. 7198), states as follows:

1. On August 29, 2014, the Debtor filed its Sixth Omnibus Objection to Certain Claims. Therein, the Debtor argued that this Court should disallow the claims of numerous creditors, including Melyni Richardson.

2. The sole ground cited in the Objection is that the claims referenced therein, including Ms. Richardson's claim, were not filed prior to the February 21, 2014 General Bar Date.

3. Ms. Richardson filed her Proof of Claim by sending it via United States Postal Service First Class Mail to the City of Detroit Claims Processing Center in El Segundo, California, on February 17, 2014. (See Exhibit A – Letter and Copy of Proof of Claim).

4. Ms. Richardson's claim was received by the Claims Processing Center and assigned Claim Number 3586.

5. The United States Supreme Court has held that mailing alone does not constitute filing, but that filing requires delivery and receipt by the proper party. *United States v. Lombardo*,

241 U.S. 73, 36 S. Ct. 508, 60 L.Ed. 897 (1916). However, a timely and accurate mailing does raise a rebuttable presumption that the mailed material was received, and thereby filed. *Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932); *Haag v. Commissioner*, 59 F.2d 516, 517 (7th Cir. 1932).

6. As set forth above, Ms. Richardson's Proof of Claim was sent by United States Postal Service First Class Mail to the City of Detroit Claims Processing in El Segundo, California, on February 17, 2014, allowing a reasonable amount of time for timely arrival before the General Bar Date of February 21, 2014.

7. Furthermore, Bankruptcy Rule 3003, which governs the filing of a Proof of Claim in this case, grants this Court discretion to allow Ms. Richardson's claim, even if it was not timely filed.

8. Rule 3003(c)(3) permits this Court to extend the time within which Proofs of Claim or interest may be filed, which may be sought and granted before or after the General Bar Date.

9. Likewise, this Court has broad equitable powers to balance the interests of parties. *NLRB v. Bildisco & Bildisco,* 465 U.S. 513 (1984). "Equitable determinations are within the sound discretion of the bankruptcy judge . . ." *In re M.J. Waterman & Associates, Inc.*, 27 F.3d 604, 607 (6th Cir. 2000).

10. As stated by the *Waterman* court, this Court should be careful not to "enact too heavy-handed a measure to punish a creditor who may have not have strictly adhered to the formalities of the filing requirements, but whose actions were sufficient to put the court and the debtor on notice of his or her intention to seek to hold the debtor liable." *Id.*

11. This Court has recognized that when determining equities, it is proper to consider whether the existence of a claim was apparent to both parties. See *In re Norman R. Hugues*, Case No. 06-14172 (E.D. Mich. 2006).

12. Indeed, bankruptcy courts have extended service periods, and noted that time limits may be extended under Rule 9006(b), under an excusable neglect standard. See e.g., *In re Sheehan*, 253 F.3d 607 (9th Cir. 2001).

13. Moreover, Rule 5 of the Federal Rules of Civil Procedure, which applies in Adversary Proceedings pursuant to Bankruptcy Rule 7005, provides that service is complete upon mailing.

14. Considering the foregoing, the Debtor's Objection as to Ms. Richardson's claim should be overruled.

15. Ms. Richardson's Proof of Claim was sent by First Class Mail, as allowed per court order within a reasonable time to arrive prior to the General Bar Date.

16. Additionally, the Debtor had ample notice of Ms. Richardson's intent to hold it liable, as her underlying lawsuit was filed on April 4, 2013.

17. In light of the foregoing, the interests of equity demand that Ms. Richardson's claim be allowed.

WHEREFORE, MELYNI RICHARDSON respectfully requests that the Court overrule Debtor's Objection as to her claim, Claim No. 3586, and that her claim be deemed allowed as a general unsecured claim.

Respectfully submitted,

THE LOBB LAW FIRM

_____
JOSEPH R. LOBB (P26009)
26321 Woodward Avenue
Huntington Woods, MI 48070
(248) 591-4090
(248) 591-4089 (fax)

Dated: September 19, 2014

4

# EXHIBIT A

[Certified Mail Receipt stamp, partially legible]

Sent To: City of Detroit Claims
Street: 2335 Alaska Ave
City, State, ZIP: El Segundo, CA 90245

**LOBB**

26321 Woodward Avenue
Huntington Woods, MI 48070
Phone: (248) 591-4090
Fax: (248) 591-4089
...personal injury  TOLL FREE: (855)-LOBB-911
Thelobblawfirm.com

Mail/Return Receipt Requested***
February 17, 2014

City of Detroit Claims Processing Center
c/o Kurtzman Carson Consultants, LLC
2335 Alaska Avenue
El Segundo, CA 90245

Re: Proof of Claims

Dear Sir or Madam:

In regard to the above referenced matter, please find enclosed one original and one copy of Chapter 9 Proof of Claims in the following matters:

|    | Name of Creditor | Our File No. |
|----|------------------|--------------|
| 1. | Sean Derrick Andrews | 7700-3 |
| 2. | Renee Andrews | 7699-3 |
| 3. | Tanora Adams | 6873 |
| 4. | Yvonne Coleman | 7500-1 |
| 5. | Clear Imaging (Terrance Martin) | 6919 |
| 6. | Wendy Readous | 6407-1 |
| 7. | Carlita Buffington | 6088-3 |
| 8. | Gina Parker | 7115-3 |
| 9. | Melyni Richardson | 7018-1 |
| 10. | Bridgett Scott | 5850-3 |
| 11. | Clear Imaging (Lashan Bell) | 6595 |

Please return a time-stamped copy acknowledging receipt of this filing in the enclosed self-addressed, postage prepaid return envelope.

Thank you for your time and attention to this matter.

Sincerely,
THE LOBB LAW FIRM

*Daniel A. Groves*
Daniel A. Groves

DAG/tll
Enclosures

In its List of Claims, the City listed your claim as a contingent, unliquidated, and disputed unsecured claim in an unknown amount. To determine if you need to file a claim, please refer to the enclosed Information About Deadlines to File Claims.

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

Name of Debtor: City of Detroit, Michigan  
Case Number: 13-53846

FEB 25 2014

NOTE: Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Richardson, Melyni

COURT USE ONLY

Name and address where notices should be sent: NameID: 11702788
Richardson, Melyni
Cherie Lobb
26321 Woodward Ave.
Huntington Woods, MI 48070

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Telephone number: _____ email: _____

Filed on: _____

Name and address where payment should be sent (if different from above):
SAME AS ABOVE

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number: _____ email: _____

Claim # 3586
Initials FJT

1. Amount of Claim as of Date Case Filed: $55,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: MI. NO-FAULT INS. BENEFITS
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: 3621

3a. Debtor may have scheduled account as: _____
(See instruction #3a)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $_____

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Basis for perfection: _____

Value of Property: $_____

Amount of Secured Claim: $_____

Annual Interest Rate (when case was filed) ___% ☐ Fixed or ☐ Variable

Amount Unsecured: $55,000.00

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2). $_____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____. $_____

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted".) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. Signature: (See instruction # 8)
Check the appropriate box.

☒ I am the creditor. ☐ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: MELYNI RICHARDSON
Title:
Company:
Address and telephone number (if different from notice address above):
SAME AS ABOVE

(Signature) Melyni Richardson 2-14-14 (Date)

Telephone number: 248-591-4090 email:

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

13-53846-tjt    Doc 7789    Filed 09/26/14    Entered 10/02/14 16:49:57    Page 7 of 7