UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

Chapter 9

CASE NO: 13-53846
Hon. Steven W. Rhodes

CITY OF DETROIT, MICHIGAN

_____/

# ORDER PERTAINING TO FACILITATIVE MEDIATION

## I. Introduction

Michigan AFSCME Council 25, its affiliated Detroit Locals ("AFSCME"), and the Coalition of Detroit Unions ("Coalition") agreed to have their claims against the City of Detroit ("City") referred to facilitative mediation with the Honorable Victoria A. Roberts.

The Court reviewed the submissions of the parties and finds that additional information is required: (1) statements of value from AFSCME regarding claims; (2) additional information on claims; (3) list of alleged laws and contracts violated; (4) claims which can be withdrawn or narrowed in advance of mediation; and (5) a more definitive list of Union Presidents necessary for mediation.

Mediation is scheduled to begin on October 9, 2014.

## II. Information Requested From AFSCME

### A. Statements of Value

AFSCME must provide statements of value for the following claims which are part of its Proof of Claims ("AFSCME 2958"):

1

1. A. Refusal to Bargain Local 1023: MERC Case Number D13 C0331.

2. B. Local 207, 2394 and 2920 DWSD refusal to bargain / Case Number C13 D-069.

3. C. Imposition of Furloughs Days in February 2013.

4. D. Detroit Refusal to Bargain Concerning Transportation Locals: Case Number C12 H-157.

5. E. AFSCME Council 25 (13th check ULP). MERC Case No. C12-E-092.

6. F. City of Detroit 2012 negotiations and implementation with Coalition: MERC Case No. C12 D-065, C12 F-125, C13 G-129.

7. G. Violation of Privatization Ordinance.

8. H. City of Detroit/DFFA/MERC: MERC Case No. C11 K-201.

9. I. Longevity Claim for AFSCME Employees: Claim number 12-000522 and 12-000523; Wayne County Circuit Court Number 13-003430-AA.

10. J. Negotiation of Local 542 Supplemental Agreement: MERC Case Number C07 L-033.

11. K. Detroit & SEMHA: MERC Case No. C05 H-194.

12. L. Breach of Contract Claims.

13. M. City of Detroit/Human Services department: Grievance No. 25-01-12 / COA: 12-0077708-CL.

In addition, AFSCME must provide any other statements of value it feels is necessary to aid the Court in the mediation process.

**B.     Additional Information on Claims**

AFSCME 2958 alleges the City violated various laws and engaged in behavior which resulted in financial losses to AFSCME members. However, some allegations are vague. Consequently, neither the Court nor the City can render a substantive response

to AFSCME's allegations. AFSCME must provide the Court with more information concerning the following claims:

1. Violations of Local, State or Federal Law: AFSCME must specify the specific laws at issue, as well as actions that gave rise to the alleged violations.

2. Local 207, 2394 and 2920 DWSD Refusal To Bargain / Case Number C13 D-069: AFSCME must specify what action the City engaged in that was "bad faith bargaining."

3. Violation of Privatization Ordinance: AFSCME must be specific in describing the violations.

4. Breach of contract claims: AFSCME must provide the Court with specific information regarding each alleged breached contract.

5. Payroll Disputes: AFSCME must provide a specific value for these disputes.

6. Detroit Service and Maintenance Outsourcing in Downtown: Provide the Court with a copy of the 2008 Arbitration decision AFSCME relies upon.

7. Negotiation of Local 542 Supplemental Agreement: MERC Case Number C07 L-033: Provide the Court with a copy of MERC Case Number C07 L-033.

**C.    Alleged Laws Violated**

AFSCME 2958 lists twenty issues. Violations are listed in general terms. Several of these issues state that a law has been violated but the claims do not refer to a specific law:

1. 2nd item: "any and all claims arising from or related to every City breach of local, state, or federal law."

2. 6th item: "violations of local, state or federal law."

3. 7th item: "violated state labor laws."

4. 8th item: "violated state labor laws."

3

5. 9th item: lists only unspecified violations of the city's privatization ordinance.

6. 13th item: "violation of state labor law."

7. 14th item refers to breaches of contract, but does not specify which contracts.

The Court orders AFSCME to supplement these issues with the specific law(s), ordinances, contracts, etc. that AFSCME alleges have been violated.

**D.   Claims to be Withdrawn or Narrowed**

AFSCME and the Coalition list claims which, because of settlement or duplication, should perhaps be withdrawn or narrowed in AFSCME 2958 prior to mediation. Each party is requested to address whether the following claims may be withdrawn or narrowed by stipulated order:

1. 1st item "Underfunded pension and post employment benefit obligations."

2. 10th item "City of Detroit/DFFA/MERC: MERC Case No. C11 K-201."

3. 15th item "Exhibit 2 Listing of Specific Grievances."

**E.   Union Presidents**

To aid scheduling on specific claims the Court orders AFSCME and the Coalition to identify each individual who must be present on each claim, and indicate the extent of their settlement authority.

There are a number of claims which indicate all AFSCME union presidents must be present. For claims C, E, F, G, and I in AFSCME's Mediation Brief: provide a list of these individuals by name and consider whether mediation may be aided by appointing representatives and consolidating the number of people required to attend. Similarly,

the Coalition has indicated that all Union Presidents for AFSCME and the Coalition should be present or invited. Please further specify these individuals and consider appointing representatives.

For claims N-R in AFSCME's Mediation Brief, AFSCME has not identified any representatives. Please do so.

**F.     Additional Questions**

1. Does the settlement agreement take care of the 10th item of AFSCME 2958? If not, why not?

2. Has the settlement narrowed or withdrawn the 15th item of AFSCME 2958? If not, why not?

3. There appears to be some overlap between the AFSCME and Coalition claims. Of what remains in the AFSCME claim for 8.1 billion dollars, what belongs to the Coalition and what belongs to AFSCME?

## III.     Information Requested From the City

In its mediation brief, the City indicates that in response to AFSCME's Proof of Claim 2958, it is in the process of obtaining additional information and intends to provide such information before the mediation. The Court requests additional information on the following:

1. Longevity Claim for AFSCME Employees.

2. City of Detroit Retiree Health Care.

3. September 24, 2014 Memo: The City must provide the Court with any information regarding DWSD and its mediated grievances.

Additionally, the City must identify who will attend mediation sessions on various claims, and who has full settlement authority.

## IV. Conclusion

All information requested by the Court must be filed electronically along with two courtesy copies submitted directly to the Chambers of the Honorable Victoria A. Roberts by **noon on October 7, 2014.** The Exhibits must be tabbed and all relevant passages must be highlighted.

Failure to supplement as requested in this order may result in dismissal of claims.

**IT IS ORDERED.**


                                      /s/ Victoria A. Roberts
                                      Victoria A. Roberts
                                      United States District Judge

Dated: October 3, 2014