UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

Chapter 9

CASE NO: 13-53846
Hon. Steven W. Rhodes

CITY OF DETROIT, MICHIGAN

_____/

# ORDER PERTAINING TO FACILITATIVE MEDIATION

## I. Introduction

On October 3, 2014 the Court issued an Order requesting additional information. The Court reviewed the submissions. Additional information is required prior to the beginning of mediation on October 9, 2014:

## II. Information Requested from AFSCME

### A. Valuation

AFSCME provides the Court with a gross valuation number regarding its claims. AFSCME must provide specific information as to how it arrived at these values; gross numbers are not helpful.

### B. Settlement Authority

AFSCME indicates "all presidents" but fails to indicate these individuals by name. Please provide the Court with a complete list. Time will be scheduled to address the claims which involve all Presidents, but the Court will not conduct a mediation with all present. Please hold any meetings deemed necessary in advance of mediation to

1

explain the mediation process and to determine who must be present and who will have settlement authority. Plan to appoint representatives. Counsel and representatives must have settlement authority. Determine in advance what it will take to settle; no claims involving "all presidents" will be mediated on October 9th.

### C. Plan of Adjustment

Does anything in the Plan of Adjustment require that POC #17 be dismissed as a result of the agreement reached on the OPEB Claims? Is this claim based on the lawsuit or grievances? Why doesn't the OPEB Settlement resolve this? The explanation that "value in decline in health care costs after 2006 change, for six years" is insufficient. Please elaborate.

## III. Information Requested from the City

### A. Settlement Authority

The City indicates the individuals who will attend the mediation and that it will receive settlement authority from the emergency manager. This plan is not viable. The City must appoint someone who can make settlement decisions in the room.

### B. Plan of Adjustment

How does the broad language in III(D)(4) and (5) of the Plan of Adjustment affect grievances? Are grievances to be released? Specifically, does anything in the Plan of Adjustment require that POC #17 be dismissed as a result of the agreement reached on the OPEB Claims? If so, why is the City agreeing to mediate any issues affected by the Plan of Adjustment?

### IV. Items which will not be addressed in Mediation

#### A. Catch all Claims

AFSCME indicates that the purpose of POC #2 and # 14 is to capture claims not specifically listed in the Proof of Claim document and to act as a placeholder for violations determined subsequent to the filing of the Proof of Claim. These items are too vague for mediation and will not be addressed.

#### B. Grievances

AFSCME fails to narrow claims to reflect grievances that are duplicative or settled. All of the following items appear to be included in Exhibit 2 of AFSCME Proof of Claims which lists individual grievances: (1) #14 Breach of Contract; (2) #15 Exhibit 2 Listing of Specific Grievances; (3) #18 Payroll Disputes; and (4) Unresolved AFSCME member grievances on page 25 of AFSCME's mediation brief. Until AFSCME notifies the Court in writing which of these individual claims have not been settled, the Court will not mediate claims in these categories.

#### C. DWSD Grievances

ASFCME's Proof of Claim #4 entitled "Local 207, 2394 and 2920 DWSD refusal to bargain / Case Number C13 D-069," will not be discussed at mediation. The Court spoke to the Hon. Sean F. Cox., who recommends that in light of the establishment of the Great Lakes Water Authority ("GLWA") and the uncertainty of the relationship between the GLWA, the DWSD, and its employees, this claim should not be mediated.

### V. Conclusion

All information requested by the Court must be submitted electronically and with

two courtesy copies submitted directly to the Chambers of the Honorable Victoria A. Roberts by **9:00 A.M. on October 9, 2014.** The Exhibits must be tabbed and all relevant passages must be highlighted.

Failure to supplement as requested in this order may result in dismissal of claims.

**IT IS ORDERED.**

S/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

Dated: October 8, 2014