IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

---

CITIZENS UNITED AGAINST
CORRUPT GOVERNMENT,

       Plaintiff,                        Adv. Case No._____

V

DETROIT CITY COUNCIL,

       Defendant.

---

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027, the City of Detroit removes *Citizens United Against Corrupt Government v. Detroit City Council*, Case Number 14-012633-AW ("State Court Case"), from the Wayne County Circuit Court to the Bankruptcy Court. In the State Court Case, the Plaintiff seeks (1) declaratory judgments that the City Council violated the Open Meetings Act, M.C.L. § 15.261, *et seq.*; (2) an order enjoining the City from taking certain actions which the Plaintiff alleges would violate the Open Meetings Act; (3) an order requiring the City to provide the Plaintiff with all "minutes, including

transcripts and audio recordings," from certain meetings; and (4) court costs and attorneys' fees.

The State Court Case is neither "a proceeding before the United States Tax Court" nor "a civil action by a governmental unit to enforce such governmental unit's police or regulatory power," and thus the State Court Case qualifies for removal under 28 U.S.C. § 1452(a). Removal is timely under Federal Rule of Bankruptcy Procedure 9027(a)(3) because the complaint initiating the State Court Case was filed October 1, only eight days ago.

The Bankruptcy Court has jurisdiction over the claims alleged in the State Court Case because the State Court Case is "related to a case under title 11." 28 U.S.C. § 1334(b). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pappas v. Buchwald Capital Advisors, LLC (In re Greektown Holdings, LLC)*, 728 F.3d 567, 577 (6th Cir. 2013). Here, at a minimum, the injunctive relief sought impinges upon the City's freedom of action concerning discussions with its Emergency Manager regarding the handling and administration of the City's bankruptcy case.

The State Court Case is non-core. The City consents to the entry of final orders or judgment by the Bankruptcy Court on the claims brought in the State

Court Case.  Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), copies of all process and pleadings in the State Court Case are attached as Exhibit 1 to this Notice.

        Respectfully submitted,

        By: /s/ Marc N. Swanson
        Jonathan S. Green (P33140)
        Marc N. Swanson (P71149)
        MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
        150 West Jefferson, Suite 2500
        Detroit, Michigan 48226
        Telephone: (313) 963-6420
        Facsimile: (313) 496-7500
        swanson@millercanfield.com
        green@millercanfield.com

        Charles N. Raimi (P29746)
        Deputy Corporation Counsel
        City of Detroit Law Department
        2 Woodward Avenue, Suite 500
        Coleman A. Young Municipal Center
        Detroit, Michigan  48226
        Telephone: (313) 237-5037
        Facsimile: (313) 224-5505
        raimic@detroitmi.gov

        ATTORNEYS FOR THE CITY OF DETROIT

Dated:  October 9, 2014