CITIZENS UNITED AGAINST CORRUPT GOVERNMENT,
a Michigan Nonprofit Corporation,
    **PLAINTIFF,**

-v-

DETROIT CITY COUNCIL,
    **DEFENDANT.**

Case No. 14-    -AW
Hon.

14-012633-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/1/2014 12:08:49 PM
CATHY M. GARRETT

ANDREW A. PATERSON (P18690)
Attorney for Plaintiff Citizens United
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

_____/

## Emergency Motion for Evidentiary Hearing and Order To Show Cause

PLAINTIFF, **CITIZENS UNITED AGAINST CORRUPT GOVERNMENT,** by and through their attorney, ANDREW A. PATERSON, for their Emergency Motion for Evidentiary Hearing and Order To Show Cause (**"Emergency Motion"**), states and alleges the following:

1. On September 30, 2014, U.S. Federal Bankruptcy Judge Steven Rhodes ("Judge Rhodes") entered an order granting Plaintiff's Emergency Motion for Relief from the Automatic Stay to file this instant action. **(See Judge Rhodes' September 30, 2014 Order attached hereto as Exhibit A).**

2. This Open Meetings Act ("OMA") case, as Judge Rhodes stated, is of great public significance considering it pertains to the Defendant Detroit City Council's ("Defendant City Council") decision to hold closed sessions over three (3) days (September 23-25,

2014) to discuss the future of Kevyn Orr to continue as the Emergency Manager for the City of Detroit as permitted under § 9(6)(c) of Public Act 436 of 2012.

3. Plaintiff desires to conduct discovery in this matter in an expedited fashion and in a manner that does not disturb members of the Defendant City Council and other officials from their important daily duties.

4. Accordingly, in order to accommodate the busy schedules of the members of the Defendant City Council, Plaintiff believes it is best that an evidentiary hearing be held by the Court for the purpose of taking the testimony of the members of the Defendant City Council and other officials regarding the allegations pled in Plaintiff's OMA complaint. Their testimony is necessary in order to develop and prove certain facts in this case.

5. The purpose of an evidentiary hearing is to resolve a disputed issue of fact. *Swickard v Wayne Co Med Examiner*, 184 Mich App 662, 668; 459 NW2d 92 (1990).

6. It is within the sound discretion of this Court to order that an evidentiary hearing be held in order to settle the disputed issues of fact that exist in this case. Generally, a trial court's decision regarding whether to hold an evidentiary hearing is reviewed for an abuse of discretion. *Kernen v Homestead Dev Co.*, 252 Mich App 689, 691; 653 NW2d 634 (2002).

7. "In deciding whether or not a trial court should hold an evidentiary hearing, the court should first determine whether there exist contested factual questions that must be resolved before a court can make an informal decision on whether or not to grant the motion." *Bielawski v Bielawski*, 137 Mich App 587, 592-293; 358 NW2d 383 (1984).

8. As noted in Plaintiff's complaint, from the comments attributed to members of the Defendant City Council, the Mayor, and the state's Emergency Manager for the City of

Detroit, Kevyn Orr, in various published media reports, it is apparent and indisputable that a "deal" and/or "settlement" over the devolution of power was "negotiated" and "reached" by the Defendant City Council and Kevyn Orr and the Mayor, during the repeated and lengthy closed sessions held by the Defendant City Council from September 23, 2014 through September 25, 2014. Thus making their "decision" a *"fait accompli"* in violation of the OMA. See, *Booth Newspapers Inc. v. University of Michigan Regents*, 444 Mich. 211 (1993); *People v Whitney*, 228 Mich App 230 (1998).

9. Accordingly, an evidentiary hearing is necessary in order for the contested factual questions to be resolved before this Court can make an informed decision as to the merits of this case. *Biewlawski, supra.*

10. In addition to ordering an evidentiary hearing, Plaintiff requests that the Court also enters an order to show cause for the Defendant City Council to show cause as to why an evidentiary hearing should not be held and further ordering that any and all documents, including emails, letters, faxes, as well as audio and video recordings, and transcripts regarding the closed sessions held by the Defendant City Council on September 23-25, 2014 are not to be destroyed or deleted. This will ensure that no evidence is destroyed before discovery commences.

<u>**CONCLUSION/PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff prays that this Honorable Court grants his motion for an evidentiary hearing and enters an order to show cause for the Defendant City Council to show cause as to why an evidentiary hearing should not be granted and further ordering the Defendant City Council to refrain and be enjoined from destroying, deleting any and all documents, including emails, letters, faxes, transcripts, and audio and video recordings pertaining to the Defendant City Council's closed sessions and Kevyn Orr's future as Emergency Manager.

Respectfully submitted,

**/S/ ANDREW A. PATERSON**
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

DATED: October 1, 2014

Ex A

# THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

———————————————————————————— x

In re:                                    :          Chapter 9

**CITY OF DETROIT, MICHIGAN,**            :          Case No. 13-53846

Debtor.                                   :          Hon. Steven W. Rhodes

                                          :

                                          :          14-012633-AW
                                                     FILED IN MY OFFICE
                                          :          WAYNE COUNTY CLERK
———————————————————————————— x           10/1/2014 12:08:49 PM
                                                     CATHY M. GARRETT

## ORDER GRANTING PETITIONERS ROBERT DAVIS' AND CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This matter coming before the Court on: (a) Petitioners Robert Davis' and Citizens

United Against Corrupt Government's ("Petitioners") Emergency Motion for Relief from the

Automatic Stay ("Emergency Motion") (Docket No. 7667); and (b) Debtor's Combined

Objection and Brief in Opposition to Petitioner Robert Davis' and Citizens United Against

Corrupt Government's Emergency Motion for Relief from the Automatic Stay Objection

("Objection") (Docket No. 7714); the Court having reviewed and conducted a hearing on the

Emergency Motion and the Objection; and the Court having determined that the legal and factual

bases as set out in the Emergency Motion and the representations of the Petitioners at the hearing

and in the Emergency Motion establish cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

A. Petitioners' Emergency Motion is **GRANTED** to the extent set forth in this Order.

B. Petitioners shall be allowed to immediately file a civil action in the Wayne County

Circuit Court against the Detroit City Council seeking only (1) the declaratory and

injunctive relief specifically identified in the Emergency Motion for the Detroit City

Page 1 of 2

Council's alleged violations of the Open Meetings Act and (2) an award of attorneys' fees and costs as may be provided for by the Open Meetings Act.

C. The Petitioners shall not seek to invalidate any action, decision, order or resolution arising from or relating to the closed sessions of the Detroit City Council on September 23, 24 or 25, 2014, including without limitation, the Detroit City Council's "Resolution Removing Kevyn D. Orr as Emergency Manager and Removing the City of Detroit from Receivership Under Act 436" as approved by the Detroit City Council on September 25, 2014, or any of the orders dated September 25, 2014, of the Emergency Manager of the City of Detroit, Kevyn D. Orr.

D. The Petitioners shall not depose, or seek to depose, the Emergency Manager of the City of Detroit, Kevyn D. Orr or the Mayor of the City of Detroit, Mike Duggan, without first obtaining an order from this Court authorizing Petitioners to seek such a deposition in the civil action.

E. The automatic stays of Bankruptcy Code §§362 and 922 otherwise remain in full force and effect except as expressly modified by this Order.

F. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

G. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Signed on September 30, 2014

/s/ Steven Rhodes
Steven Rhodes
United States Bankruptcy Judge

db

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF WAYNE

CITIZENS UNITED AGAINST CORRUPT GOVERNMENT,
a Michigan Nonprofit Corporation,
      **PLAINTIFF,**

Case No. 14-012633-AW
**HON. ANNETTE J. BERRY**

-v-

DETROIT CITY COUNCIL,
      **DEFENDANT.**

14-012633-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/1/2014 3:37:55 PM
CATHY M. GARRETT

ANDREW A. PATERSON (P18690)
Attorney for Plaintiff Citizens United
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

/

## PLAINTIFF'S *EX PARTE* MOTION FOR TEMPROARY RESTRAINING ORDER PURUSANT TO MCR 3.310(B)

      PLAINTIFF, **CITIZENS UNITED AGAINST CORRUPT GOVERNMENT,** by and

through their attorney, ANDREW A. PATERSON, and for their Emergency *Ex Parte* Motion for

Temporary Restraining Order ("TRO") Against Defendant Detroit City Council, states the

following:

1. Plaintiff hereby adopts and incorporates by reference each and every allegation contained

    in the attached Verified Complaint for Declaratory Judgment and Injunctive Relief, as if

    more specifically set forth herein word for word and paragraph by paragraph.

2. On September 30, 2014, U.S. Federal Bankruptcy Judge Steven Rhodes ("Judge

    Rhodes") entered an order granting Plaintiff's Emergency Motion for Relief from the

    Automatic Stay to file this instant action.  (**See Judge Rhodes' September 30, 2014**

    **Order attached to Plaintiff's Verified Complaint as Exhibit C).**

3. This Open Meetings Act ("OMA") case, as Judge Rhodes acknowledged, is of great
   public significance considering it pertains to the Defendant Detroit City Council's
   ("Defendant City Council") decision to hold closed sessions over three (3) days
   (September 23-25, 2014) to discuss the future of Kevyn Orr to continue as the
   Emergency Manager for the City of Detroit as permitted under § 9(6)(c) of Public Act
   436 of 2012.

4. As noted in Plaintiff's Verified Complaint, from the comments attributed to members of
   the Defendant City Council, the Mayor, and the state's Emergency Manager for the City
   of Detroit, Kevyn Orr, in various published media reports, it is apparent and indisputable
   that a "deal" and/or "settlement" over the devolution of power  was "negotiated" and
   "reached" by the Defendant City Council and Kevyn Orr and the Mayor, during the
   repeated and lengthy closed sessions held by the Defendant City Council from September
   23, 2014 through September 25, 2014.  Thus making their "decision" a "*fait accompli*" in
   violation of the OMA.  See, *Booth Newspapers Inc. v. University of Michigan Regents*,
   444 Mich. 211 (1993); *People v Whitney*, 228 Mich App 230 (1998).

5. That there is an immediate need for this most Honorable Court to consider Plaintiff's
   Emergency *Ex Parte* Motion for Temporary Restraining Order to restrain Defendant
   Detroit City Council from meeting in closed sessions for the purpose of discussing Kevyn
   Orr's role and future as the Emergency Manager and the Defendant City Council's desire
   to remove itself from Receivership under Public Act 436 of 2012.

6. That it is Plaintiff's belief that the Defendant Detroit City Council will seek to continue
   to meet in "secret" and make "decisions" in "secret" this week, as early as Thursday,
   October 2, 2014, for the purpose of discussing Kevyn Orr's new role as the Emergency

Manager for the City of Detroit as outlined in the Defendant's Detroit City Council's September 25, 2014 resolution entitled "Resolution Removing Kevyn D. Orr as Emergency Manger and Removing City of Detroit from Receivership Under Act 436."

7. Plaintiff's Director, Robert Davis, desires to attend any and all meetings of the Defendant Detroit City Council, but has been denied access to said meetings and has been denied notice of said meetings. Moreover, Plaintiff has been denied minutes of the closed sessions held by the Defendant City Council on September 23-25, 2014, in which they "secretly" discussed and negotiated an agreement with Kevyn Orr to remain as the Emergency Manager where certain powers and privileges were given back to the Defendant Detroit City Council and the Mayor, Mike Duggan.

8. As noted in Plaintiff's Verified Complaint, Plaintiff seeks the Court's Declaration that the Defendant City Council violated the OMA by holding closed sessions from September 23 through September 25, 2014 for an impermissible purpose and for making a "decision" in said closed sessions; and that Defendant City Council be enjoined from further such violations of the OMA.

9. Plaintiff and other interested citizens of the City of Detroit will suffer irreparable harm if Defendant Detroit City Council is allowed to continue to meet in closed sessions to discuss the role of Kevyn Orr as the Emergency Manager. "Because there is real and imminent danger of irreparable injury when governmental bodies meet and act in secret, *Detroit News*, p 301, we enjoin defendant from any use of this procedure in the future." *Booth v University of Michigan Board of Regents*, 192 Mich App 574, 588 (1992).

10. That Plaintiff has provided the Court with a sworn affidavit attesting to the fact of how they will be irreparably harmed if the Court does not issue a TRO enjoining the

Defendant Detroit City Council from meeting in closed session to discuss the role of Kevyn Orr as the Emergency Financial Manager under Public Act 436 of 2012. (**See Plaintiff's Director's affidavit attached hereto as Exhibit A**).

11. More harm will be caused to Plaintiff and to members of the public if the Court does not enter an *Ex Parte* Temporary Restraining Order against the Defendant Detroit City Council, because the right to attend a public body's meetings, to receive its meeting minutes, and to address such public body at its meetings will be infringed upon by Defendant City Council's disregard of the provisions of the Open Meetings Act. *Booth v University of Michigan Board of Regents*, 192 Mich App 574, 588 (1992).

12. In addition to entering a TRO, Plaintiff requests that the Court also includes in its order that any and all documents, including emails, letters, faxes, as well as audio and video recordings, and transcripts regarding the closed sessions held by the Defendant City Council on September 23-25, 2014 are not to be destroyed or deleted. This will ensure that no evidence is destroyed before discovery commences.

## CONCLUSION

WHEREFORE, for the reasons set forth herein and in Plaintiff's Verified Complaint, Plaintiff prays that the Court grant their *Ex Parte* Motion for Temporary Restraining Order restraining and enjoining the Defendant Detroit City Council from meeting in closed sessions to discuss Kevyn Orr in his role as Emergency Manager or any orders or resolutions pertaining to removing the City of Detroit from Receivership under Public Act 436.

Respectfully submitted,

**/S/ ANDREW A. PATERSON**
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

DATED: October 1, 2014

14-012633-AW

FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/1/2014 3:37:55 PM
CATHY M. GARRETT

# EXHIBIT A

## STATE OF MICHIGAN
## IN THE 3RD JUDICIAL CIRCUIT COURT
## FOR THE COUNTY OF WAYNE

CITIZENS UNITED AGAINST CORRUPT GOVERNMENT,
a Michigan Nonprofit Corporation,

**PLAINTIFF,**

Case No. 14-012633-AW

Hon. ANNETTE J. BERRY

-v-

DETROIT CITY COUNCIL,
**DEFENDANT.**

_____/

ANDREW A. PATERSON (P18690)
Attorney for Plaintiff Citizens United
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

_____/

## AFFIDAVIT OF ROBERT DAVIS, DIRECTOR OF CITIZENS UNITED AGAINST CORRUPT GOVERNMENT

State of Michigan )
                   )
County of Wayne )

NOW COMES ROBERT DAVIS, a natural person, being first duly sworn and deposed and under the penalty of perjury states the following:

1. That I am the Director of Citizens United Against Corrupt Government, a registered domestic nonprofit corporation of the State of Michigan.

2. That on Friday, September 26, 2014, in accordance with the Open Meetings Act ("OMA"), I, acting in my official capacity as Director of Plaintiff Citizens United, sent via email, a written request to all of the members of the Defendant City Council requesting to receive a copy of the closed session minutes from the closed sessions held on September 23, 2014 through September 25, 2014. As of October 1, 2014, I had not received a response from the Defendant City Council to my request.

3. That in my official capacity as Director of Citizens United Against Corrupt Government, I have approved the filing of this OMA lawsuit against the Defendant City Council.

4. That I personally reviewed many newspaper articles and video recordings of members of the Defendant City Council stating that they were close in "negotiations" and were close to a "settlement" with Kevyn Orr during the closed sessions that they held from September 23, 2014 through September 25, 2014.

5. That it is my belief upon reviewing the comments made by members of the Defendant City Council that the Defendant City Council violated some provisions of the OMA by holding impermissible closed sessions on September 23, 2014 through September 25, 2014.

6. As noted in Plaintiff's Verified Complaint, from the comments attributed to members of the Defendant City Council, the Mayor, and the state's Emergency Manager for the City of Detroit, Kevyn Orr, in various published media reports, it is apparent and indisputable that a "deal" and/or "settlement" over the devolution of power  was "negotiated" and "reached" by the Defendant City Council and Kevyn Orr and the Mayor, during the repeated and lengthy closed sessions held by the Defendant City Council from September 23, 2014 through September 25, 2014. Thus making their "decision" a *"fait accompli"* in violation of the OMA. See, *Booth Newspapers Inc. v. University of Michigan Regents*, 444 Mich. 211 (1993); *People v Whitney*, 228 Mich. App 230 (1998).

7. That there is an immediate need for this most Honorable Court to consider Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining Order to restrain Defendant

Detroit City Council from meeting in closed sessions for the purpose of discussing Kevyn Orr's role and future as the Emergency Manager and the Defendant City Council's desire to remove itself from Receivership under Public Act 436 of 2012.

8. That it is Plaintiff's belief that the Defendant Detroit City Council will seek to continue to meet in "secret" and make "decisions" in "secret" this week, as early as Thursday, October 2, 2014, for the purpose of discussing Kevyn Orr's new role as the Emergency Manager for the City of Detroit as outlined in the Defendant's Detroit City Council's September 25, 2014 resolution entitled "Resolution Removing Kevyn D. Orr as Emergency Manger and Removing City of Detroit from Receivership Under Act 436."

9. That as Director of Plaintiff Citizens United, I desire to attend any and all meetings of the Defendant Detroit City Council, but has been denied access to said meetings and has been denied notice of said meetings. Moreover, I have been denied minutes of the closed sessions held by the Defendant City Council on September 23-25, 2014, in which they "secretly" discussed and negotiated an agreement with Kevyn Orr to remain as the Emergency Manager where certain powers and privileges were given back to the Defendant Detroit City Council and the Mayor, Mike Duggan.

10. As noted in Plaintiff's Verified Complaint, Plaintiff seeks the Court's Declaration that the Defendant City Council violated the OMA by holding closed sessions from September 23 through September 25, 2014 for an impermissible purpose and for making a "decision" in said closed sessions; and that Defendant City Council be enjoined from further such violations of the OMA.

11. I and other interested citizens of the City of Detroit will suffer irreparable harm if Defendant Detroit City Council is allowed to continue to meet in closed sessions to discuss the role of Kevyn Orr as the Emergency Manager. "Because there is real and imminent danger of irreparable injury when governmental bodies meet and act in secret, *Detroit News*, p 301, we enjoin defendant from any use of this procedure in the future." *Booth v University of Michigan Board of Regents*, 192 Mich App 574, 588 (1992).

12. More harm will be caused to myself, Plaintiff and to members of the public if the Court does not enter an *Ex Parte* Temporary Restraining Order against the Defendant Detroit City Council, because the right to attend a public body's meetings, to receive its meeting minutes, and to address such public body at its meetings will be infringed upon by Defendant City Council's disregard of the provisions of the Open Meetings Act. *Booth v University of Michigan Board of Regents*, 192 Mich App 574, 588 (1992).

13. I believe based upon my experience with the Defendant and other officials in the City that they will attempt to destroy evidence. Thus it is necessary for the Court to enter an order preventing and prohibiting the and their employees and agents from destroying, and/or altering any documents.

14. That all of the allegations and counts as pled and alleged in each of the numbered paragraphs in the attached verified complaint and motion are true to the best of my knowledge, information, and belief.

15. If called upon as a witness, I am competent to testify as to the facts stated herein.

FURTHER AFFIANT SAYETH NOT.



ROBERT DAVIS

Subscribed and sworn to before me

On this 1st day of ~~September~~ October, 2014

NOTARY PUBLIC

My Commission Expires: 3/17/15

KAREN BROOKS
Notary Public - Michigan
Monroe County
My Commission Expires Mar 17, 2015
Acting in the County of _____

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF WAYNE

CITIZENS UNITED AGAINST CORRUPT GOVERNMENT,
a Michigan Nonprofit Corporation,
**PLAINTIFF,**

Case No. 14-            -AW
Hon.

-v-

DETROIT CITY COUNCIL,
**DEFENDANT.**

14-012633-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/1/2014 12:08:49 PM
CATHY M. GARRETT

ANDREW A. PATERSON (P18690)
Attorney for Plaintiff Citizens United
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

_____/

## Verified Complaint for Declaratory Judgment and Injunctive Relief

PLAINTIFF, **CITIZENS UNITED AGAINST CORRUPT GOVERNMENT,** by and

through their attorney, ANDREW A. PATERSON, for their Verified Complaint for Declaratory

Judgment and Injunctive Relief, states and alleges the following:

### PARTIES/COMMON ALLEGATIONS

1.    Plaintiff, Citizens United Against Corrupt Government (**"Plaintiff Citizens United"** or

"**Plaintiff**"), is a Michigan nonprofit corporation organized in 2012 for the purpose of

promoting and ensuring corrupt-free and law-abiding civic government through social

actions and court actions designed to eliminate unlawful illegal actions by all

governmental officials, representatives and entities in all levels of government. Robert

Page **1** of 19

Davis, serves as the Director of Plaintiff Citizens United and is a resident and qualified registered elector in the County of Wayne, State of Michigan ("Davis"). [1]

2. Davis, as Director of Plaintiff Citizens United, has authorized the filing of this action and has verified the allegations contained and alleged in this complaint. (**See Davis' affidavit attached hereto as Exhibit A**).

3. Defendant, Detroit City Council ("**Defendant City Council**"), in accordance with the City of Detroit's Home Rule City Charter, as amended, is the duly elected 9-member local legislative and governing body for the City of Detroit that is charged with and exercises governmental and proprietary authority.

4. The Defendant City Council is a "public body" as defined by MCL § 15.262(a) of the Open Meetings Act, Act 267 of 1976, being MCL 15.261, *et seq* ("OMA") and it is required to strictly adhere to and comply with the act's provisions. See, *People v Whitney*, 228 Mich App 230, 242 (1998) ("Unquestionably, the [city] council is a public body.").

5. An actual controversy exists between the parties named herein for a declaratory judgment to be issued by the Court as required under MCR 2.605(A)(1).

## I.     NATURE OF THE ACTION FOR OMA COUNTS

6. The Michigan Court of Appeals has determined, and held, that the OMA provides three separate and distinct types of relief. *Leemreis v Sherman Twp*, 273 Mich App 691, 699-700; 731 NW2d 787, 792 (2007) ("Reading the OMA as a whole, it appears that these

---

[1] On September 30, 2014, Federal Bankruptcy Judge Steven Rhodes ("Judge Rhodes") entered an order granting Plaintiff's Emergency Motion for Relief from the Automatic Stay to file the instant action. *See* Judge Rhodes' September 30, 2014 Order attached hereto as **Exhibit C**.

sections, and the distinct kinds of relief that they provide, stand alone.") The Court determined in *Leemreis* that:

> "[1] MCL 15.270(1) permits a person to 'commence a civil action in the circuit court to challenge the validity of a decision of a public body made in violation of this act.' Under this section, a person can seek invalidation of the decision and there is no provision for costs or attorney fees. [2] MCL 15.271(1) permits a person to 'commence a civil action to compel compliance or to enjoin further noncompliance with this act.' Under this section, a person who commences a 'civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act' and obtains 'relief in the action' shall recover costs and attorney fees for the action. [3] MCL 15.271(4). MCL 15.273 permits a person to bring a claim against a public official for an intentional violation of the OMA and, if the public official did intentionally violate the OMA, he or she is liable for actual and exemplary damages of not more than $500 total 'plus court costs and actual attorney fees to a person or group of persons bringing the action.' MCL 15.273(1). None of these sections refers to either of the other sections. Reading the OMA as a whole, it appears that these sections, and the distinct kinds of relief that they provide, stand alone." *Leemreis v Sherman Twp, supra*, at 699-700.

7. Accordingly, Plaintiff has filed this action, for **Counts I-IV,** pursuant to MCL § 15.271 of the OMA alleging that Defendant City Council violated numerous sections of the OMA. In addition, for **Count V,** Plaintiff is seeking the Court's Order permanently enjoining Defendant City Council from further noncompliance with the OMA and/or compelling Defendant City Council's compliance with the OMA, all pursuant to MCL § 15.271(2) of the OMA.

8. Plaintiff's instant action is timely, as there is no statute of limitations period for a "person" to commence a civil action under MCL § 15.271 of the OMA. *Detroit News, Inc. v City of Detroit*, 185 Mich App 296, 301-302; 460 NW2d 312 (1990).

## II. JURISDICTION/STANDING

9. Jurisdiction is conferred upon this Court by MCL § 15.271 of the OMA.

10. The Wayne County Circuit Court is the proper venue for this action for MCL § 15.271(2) of the OMA states: *"An action for injunctive relief against a local public body shall be commenced in the circuit court, and venue is proper in any county in which the public body serves.* An action for an injunction against a state public body shall be commenced in the circuit court and venue is proper in any county in which the public body has its principal office, or in Ingham county." (Emphasis added.)

11. Defendant's principal office is located in the City of Detroit, County of Wayne.

12. Plaintiff Citizens United is a "person" who has standing to commence this action under MCL § 15.271(1) of the OMA, which reads: *"If a public body is not complying with this act,* the attorney general, prosecuting attorney of the county in which the public body serves, *or a person may commence a civil action to compel compliance or to enjoin further noncompliance with this act."* (Emphasis supplied.)

13. Plaintiff Citizens United, as a registered domestic nonprofit corporation, is a "person" as defined under the OMA and has standing to commence this action under MCL §15.271 of the OMA. See *Booth Newspapers, Inc. v Wyoming*, 168 Mich App 459, 474; 425 NW2d 695 (1988) ("We agree with the trial court that plaintiff is a person. Under the OMA, it is a person who may file suit to compel compliance with the act, MCL 15.271(1); MSA 4.1800(21)(1), and a successful person who may recover actual attorney

fees and court costs, MCL 15.271(4); MSA 4.1800(21)(4). As a general rule, the term
person is defined as including corporations unless such a construction would be
inconsistent with the manifest intent of the Legislature. See MCL 8.3; MSA 2.12 and
MCL 8.31; MSA 2.212(12).")

14.  Plaintiff Citizens United's standing under the OMA, is also recognized under Michigan
case law. See, *Lansing Schools Education Ass'n v Lansing School Dist Bd. of Ed.*, 487
Mich 349, 372; 792 NW 2d 686 (2010). In *Lansing Schools Ed Ass'n*, the Michigan
Supreme Court articulated Michigan standing law:

> [A] litigant has standing <u>whenever there is a legal cause of action</u>.
> Further, whenever a litigant meets the requirements of MCR 2.605, it is
> sufficient to establish standing to seek a declaratory judgment. Where a
> cause of action is not provided at law, then a court should, in its discretion,
> determine whether a litigant has standing. A litigant may have standing in
> this context if the litigant has a special injury or right, or substantial
> interest, that will be detrimentally affected in a manner different from the
> citizenry at large or <u>if the statutory scheme implies that the Legislature
> intended to confer standing on the litigant</u>. [*Lansing Schools Ed Ass'n*,
> *supra* at 372.] (Emphasis supplied.)

15.  Michigan law has always granted standing to parties, such as the Plaintiff Citizens
United, for OMA actions. See *Booth Newspapers, Inc., supra*, at 574. ("We agree with
the trial court that plaintiff is a person. Under the OMA, it is a person who may file suit
to compel compliance with the act, MCL 15.271(1); MSA 4.1800(21)(1), and a
successful person who may recover actual attorney fees and court costs, MCL 15.271(4);
MSA 4.1800(21)(4). As a general rule, the term person is defined as including

corporations unless such a construction would be inconsistent with the manifest intent of the Legislature. See MCL 8.3; MSA 2.12 and MCL 8.31; MSA 2.212(12).")

16. An actual controversy exists by reason of the Defendant City Council's actions taken in violation of the OMA, and the Plaintiff is a proper party to bring this action thereon.

17. This Court is the proper venue and forum, it has jurisdiction over the parties, it can determine the truth or falsity of the allegations raised, and it can grant the relief sought herein.

## COUNT I

### DEFENDANT CITY COUNCIL IMPERMISSIBLY HELD CLOSED-DOOR MEETINGS ON SEPTEMBER 23, 2014 THROUGH SEPTEMBER 25, 2014 IN VIOLATION OF THE OMA

18. Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

19. Beginning on Tuesday, September 23, 2014, a quorum of the Defendant City Council convened into closed session purportedly to discuss "privileged and confidential communications and legal memoranda from the law department."

20. A quorum of the Defendant City Council continued said closed-door discussions on Wednesday, September 24, 3014 and on Thursday, September 25, 2014.

21. While a quorum of the Defendant City Council met behind closed doors from September 23, 2014 through September 25, 2014, the local media reported each day as to those that were present in the closed closed-door meetings, and the local media also quoted many members of the Defendant City Council about the "progress" that was made by the Defendant City Council during said closed-door meetings regarding the future of Kevyn

Orr being able to continue to serve as the Emergency Manager for the City of Detroit under Public Act 436 of 2012.

22. Many media outlets, including newspapers and television stations, quoted many members of the Defendant City Council as saying that the "negotiations" with the state's Emergency Manager for the City of Detroit, under Public Act 436 of 2012, Kevyn Orr, were going well, and that the Defendant City Council, and the Mayor, were close to a "deal" with Kevyn Orr.

23. Finally, during the afternoon of Thursday, September 25, 2014, it was reported by the local media that the Defendant City Council had reached an "agreement" with the state's Emergency Manager under Public Act 436 of 2012, Kevyn Orr, and that it would convene in an open session at 4 p.m. to approve a resolution detailing the "agreement" that was reached by it behind closed doors.

24. At approximately 4 p.m. on Thursday, September 25, 2014, all the members of the Defendant City Council convened an open meeting, to vote on a resolution to remove Kevyn Orr, as the state's Emergency Manager for the City of Detroit, as of the effective date of the of the Plan of Adjustment in the City of Detroit's bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Michigan, being Case No. 13-53846.

25. This "open" meeting lasted less than 20 minutes with little discussion or debate by any of the members of the Defendant City Council.

26. The vote to approve the "agreement," at 4 p.m. on Thursday, September 25, 2014 was "a fait accompli by the [time of] commencement of the public meeting" *Booth Newspapers, Inc. v. University of Michigan Board of Regents*, 444 Mich 211, 229 (1993).

27.    The closed-door meetings of a quorum of the Defendant City Council held on Tuesday, September 23, 2014 through September 25, 2014, were held in violation of the OMA's mandate that "[a]ll meetings of a public body shall be open to the public... [a]ll decisions of a public body shall be made at a meeting open to the public… All deliberations of a public body constituting a quorum of its members shall take place at a meeting open to the public". MCL §§ 15.263(1)(2)&(3).

28.    "[T]he purpose of the [Open Meetings Act] is to promote governmental accountability by facilitating public access to official decision making and to provide a means through which the general public may better understand issues and decisions of the public concern." *Kitchen v Ferndale City Council*, 253 Mich App 115, 125; 654 NW2d 918 (2002). The closed-door meetings of a quorum of the Defendant City Council held on Tuesday, September 23, 2014 through September 25, 2014 plainly violated this purpose.

29.    "A strict construction must be given to closed-door exceptions in order to limit the situations in which meetings are not opened to the public."  *Detroit News, Inc. v City of Detroit*, 185 Mich App 296, at 302; 460 NW2d 312 (1990), citing *Booth Newspapers, Inc v Wyoming City Council*, 168 Mich App 459, 467; 425 NW2d 695 (1988).

30.    A public body, in this case the Defendant City Council, has the burden of proving that an exemption exists to allow the convening of a closed session.  See *Schmiedicke v Clare School Bd.*, 228 Mich App 259, at 261-262; 577 NW2d 706 (1998).

31.    The OMA strictly limits "closed session" meetings of public bodies and generally requires that whenever a quorum of a public body meets to consider and discuss public business, such deliberations or decisions must take place in an open meeting, unless an exception applies.  See MCL §15.263; and see, *Herald Co v Bay City*, 463 Mich 111,

129; 614 NW2d 873 (2000); *Nicholas v Meridan Charter Twp Bd*, 239 Mich App 525, 531; 609 NW2d 574 (2000).

32.    The Defendant City Council, by the public statements of its members, other attendees at the meetings and by its counsel in its brief in response to Plaintiff's emergency motion in the bankruptcy court seeking relief from the stay to file this action, all claim that Defendant City Council merely convened into three (3) days of closed sessions to discuss "privileged and confidential communications and legal memoranda from the law department."

33.    The repeated and lengthy closed sessions exceeded the attorney-client privilege exemption that is permitted under MCL § 15.243(1)(h) of the OMA and thus, said closed sessions were held in violation of the OMA. See e.g., *People v Whitney*, 228 Mich App 230 (1998); *Booth Newspapers v Wyoming City Council*, 168 Mich App 459 (1988).

## COUNT II

### DEFENDANT CITY COUNCIL MADE A "DECISION" DURING THE IMPERMISSIBLY HELD CLOSED SESSIONS SEPTEMBER 23, 2014 THROUGH SEPTEMBER 25, 2014 IN VIOLATION OF THE OMA

34.    Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

35.    From the comments attributed to members of the Defendant City Council, the Mayor, and the state's Emergency Manager for the City of Detroit, Kevyn Orr, in various published media reports, it is apparent and indisputable that a "deal" and/or "settlement" over the devolution of power was "negotiated" and "reached" by the Defendant City Council and Kevyn Orr and the Mayor, during the repeated and lengthy closed sessions held by the Defendant City Council from September 23, 2014 through September 25, 2014.

36. The meetings violated the OMA's mandate that "[a]ll meetings of a public body shall be open to the public... [a]ll decisions of a public body shall be made at a meeting open to the public... All deliberations of a public body constituting a quorum of its members shall take place at a meeting open to the public." MCL §§ 15.263(1)(2)&(3).

37. The "decision" that was unlawfully made by the Defendant City Council during the impermissibly held closed sessions was its "decision" pursuant to § 9(6)(c) of Public Act 436 of 2012, to remove Kevyn Orr as the Emergency Manager, as of the effective date of the Plan of Adjustment, in the City of Detroit's bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Michigan, being Case No. 13-53846.

38. MCL § 15.263(2) of the OMA states in relevant part:

> (2) **All decisions of a public body shall be made at a meeting open to the public.** (Emphasis supplied).

39. MCL § 15.262(d) of the OMA defines the term "Decision" as follows:

> "Decision" means a determination, action, vote, or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body effectuates or formulates public policy.

40. The "decision" to remove Kevyn Orr as the Emergency Manager was reached during the "negotiations" the Defendant City Council held with Kevyn Orr and the Mayor during the closed sessions it held on September 23, 2014 through September 25, 2014.

41. The OMA is an act intended to promote openness and transparency in government. See, *Booth Newspapers v Univ of Mich Board of Regents*, 192 Mich App 574, 580; 481 NW2d 778 (1992), aff'd in part and rev'd in part 444 Mich 211 (1993)("The purpose of the

OMA is to promote openness and accountability in government; it is therefore to be interpreted broadly to accomplish this goal.")

42. Accordingly, the OMA provides that whenever a public body "deliberates" or renders a decision on public policy, such deliberations or decisions must take place in an open meeting, unless an exception thereto applies. MCL §15.263(3) of the OMA.

43. The Michigan Court of Appeals has opined on the issue of what constitutes a "meeting" as defined by the OMA. "**To constitute a "meeting" of a "public body," as contemplated by the OMA, the following elements must be present: (1) a quorum, (2) *deliberation or* rendering of a decision, (3) on a matter of public policy.**" *Ryant v Cleveland Twp.*, 239 Mich App 430, 434; 608 NW2d 101 (2000). (Emphasis supplied). Defendant City Council held such a meeting(s) at the closed sessions held September 23 through September 25.

44. Moreover, the state's Attorney General has opined that "**[w]hen a quorum of the members of a public body meet to consider and discuss public business, it is a "meeting" under MCL 15.262(a); MSA 4.1800(12)(a).** See OAG, 1989-90, No. 6636, p 253 (October 23, 1989). Defendant City Council held such a meeting(s) at the closed sessions held September 23 through September 25.

45. **Meetings with a quorum present held to deliberate a public question must be held at a public meeting.** Thus, if members of a public body gather, a quorum being present, for the purpose of deliberating, **the meeting is subject to the provisions of the OMA *even if there is no intention that the deliberations will lead to the rendering of a decision that occasion. Id.*"** *Nicholas v Meridan Twp Bd*, 239 Mich App 525, 531; 609 NW2d

574 (2000). (Emphasis supplied). Defendant City Council held such a meeting(s) at the closed sessions held September 23 through September 25.

46. Although the OMA does not expressly define the term "deliberation", the Court of Appeals defined the term "deliberation" in *Ryant, supra*. The Court held:

> "The Legislature failed to define the term "deliberating" in the context of the OMA. Black's Law Dictionary (7[th] Ed), defines this word as the "act of *carefully considering* issues and options before making a decision or taking some action; esp., the process by which a jury reaches a verdict; as by analyzing, discussing, and weighing the evidence" (emphasis added). The word "discussion" is defined as the act of *exchanging views* on something; a debate. Id. (emphasis added). Although Black's Law Dictionary does not define "debate," the Random House Webster's Unabridged Dictionary (2d ed) (1998), defines the word as "a discussion, as of a public question in an assembly, involving opposing viewpoints."" [*Ryant v Cleveland Twp*, 239 Mich App at 434.]

47. During the closed-door meetings held September 23, 2014 through September 25, 2014, all of the members of the Defendant City Council were present and each discussed and exchanged their respective views on what they collectively as the city council, and in concert with the Mayor, as a team, should do regarding the removal and the conditions thereof, of Kevyn Orr as the Emergency Manager for the City of Detroit.

48. In addition, all of the members present during the closed-door meetings that occurred from September 23, 2014 through September 25, 2014 discussed and exchanged their individual views on a matter of highest public policy – the return of power to the elected members of the governing body from the state's Emergency Manager, and views on other such matters that otherwise impacted the City of Detroit and its governance by its elected officials rather than by the state's Emergency Manager under Public Act 436 of 2012.

49. In accordance with the holding in *Ryant, supra*, a quorum of the Defendant City Council was present during the closed-door meetings held September 23, 2014 through September

25, 2014 and there were "deliberations" and "discussions" during said meetings and each
of the members present actively participated in such discussions pertaining to those issues
of public policy above described and including the discussion about the termination of
Kevyn Orr, as the Emergency Manager for the City of Detroit under Public Act 436 of
2012.

## COUNT III

### DEFENDANT CITY COUNCIL'S "DECISION" TO APPROVE THE RESOLUTION AT ITS SEPTEMBER 25, 2014 MEETING TO REMOVE THE STATE'S EMERGENCY MANAGER, KEVYN ORR AS THE EMERGENCY MANAGER FOR THE CITY OF DETROIT ON THE EFFECTIVE DATE OF THE CITY'S PLAN OF ADJUSTMENT IN ITS CHAPTER NINE BANKRUPTCY PROCEEDING WAS A *"FAIT ACCOMPLI"* AND A VIOLATION OF THE OMA

50.     Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set
forth herein.

51.     Defendant City Council's "decision" to remove Kevyn Orr as the Emergency Manger for
the City of Detroit in accordance with § 9(6)(c) Public Act 436 of 2012, and to do so on
the effective date of the City's Plan of Adjustment in the City of Detroit's bankruptcy
proceedings in the United States Bankruptcy Court for the Eastern District of Michigan,
being Case No. 13-53846, was a "fait accompli" and a violation of the OMA. See, *Booth
Newspapers Inc. v. University of Michigan Regents*, 444 Mich. 211 (1993); *People v
Whitney*, 228 Mich App 230 (1998).

52.     Defendant City Council had already made its "decision" during its closed sessions held
September 23-25, 2014 that it was going to approve the resolution to remove Kevyn Orr
as the Emergency Manager for the City of Detroit, as of the effective date of the Plan of

Adjustment in the City of Detroit's bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Michigan, being Case No. 13-53846.

53. The members of the Defendant City Council were individually and variously quoted in several newspapers and they were variously interviewed on local radio and television stations, and they were variously and individually quoted as saying that they had "negotiated a settlement" and/or "agreement" with the state's Emergency Manager, Kevyn Orr, relative to his termination as Emergency Manager and the devolution of power back to the elected officials of the City of Detroit.

54. That the Defendant City Council's "decision" -- on such a momentous public policy issue as the end of the state's Emergency Manager's reign and a return of the local public body's powers of governance to its elected officials -- was *"fait accompli"* is simply evidenced by the fact that its "open" meeting took it less than approximately 15 minutes and with little discussion or debate.

55. Thus the formal vote taken by the Defendant City Council during the September 25, 2014 open session of was a *"fait accompli"* when taken and a violation of the OMA. See *Booth Newspapers Inc. v. University of Michigan Regents*, 444 Mich. 211 (1993); *People v Whitney*, 228 Mich App 230 (1998).

## COUNT IV

### THE MINUTES, INCLUDING TRANCRIPTS AND AUDIO RECORDINGS, FROM THE CLOSED SESSIONS HELD BY DEFENDANT CITY COUNCIL ON SEPTEMBER 23, 2014 THROUGH SEPTEMBER 25, 2014 SHALL BE DISCLOSED PURSUANT TO MCL § 15.267(2) BECAUSE THE DEFENDANT'S CLOSED SESSIONS WERE HELD FOR AN IMPERMISSIBLE PURPOSE IN VIOLATION OF THE OMA

56. Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

57. On September 26, 2014, Plaintiff, through its Director, Robert Davis, sent via email, a request to all of the members of the Defendant City Council, requesting to have a copy of the minutes, including transcripts and audio recordings, from the Defendant City Council's closed sessions held September 23, 2014 through September 25, 2014. **(See Plaintiff's September 26, 2014 email to Defendant attached hereto as Exhibit B).**

58. Defendant City Council did not have the authority to meet in such closed sessions on September 23, 2014 through September 25, 2014 under the pretextual exemption stated in its meeting minutes and notice, and the Court must order the meeting minutes of such closed sessions be disclosed to the Plaintiff.

59. MCL § 15.267(2) of the OMA states:

> (2) A separate set of minutes shall be taken by the clerk or the designated secretary of the public body at the closed session. These minutes shall be retained by the clerk of the public body, are not available to the public, and shall only be disclosed of required by a civil action filed under section 10, 11, or 13....

60. If a public body meets in closed session for an impermissible purpose minutes from said closed sessions are subject to disclosure under the OMA. "Plaintiffs attacked the closed session itself as wholly improper under the OMA, *a posture under which the minutes of that session would be entirely subject to disclose as nonexempt under the OMA* and the FOIA. See *Detroit News, Inc v Detroit,* 185 Mich App 296, 303-304; 460 NW2d 312 (1990)." *Manning v East Tawas,* 234 Mich App 244, at 249; 593 NW2d 649 (1999). (Emphasis supplied).

61. The closed sessions held by the Defendant City Council on September 23, 2014 through September 25, 2014 were improper. The Defendant City Council could not meet in a closed session for the purpose of "deliberating", "negotiating" and making a "decision"

regarding the future or termination of Kevyn Orr as the Emergency Manager and the devolution of power to the city and its elected officials, all under Public Act 436 of 2012.

62. This Court has the authority, under the OMA, to determine and consider whether or not the minutes, or some portion thereof, from the closed sessions held by the Defendant City Council on September 23, 2014 through September 25, 2014, should be disclosed.

63. The Michigan Court of Appeals has held: "[W]e hold that where the deliberations of a public body meeting in closed session concerned both exempt and nonexempt subject matter, a court may order disclosure of minutes that have been redacted to conceal the exempt subject matter." *Manning v East Tawas*, 234 Mich App 244, at 249-250; 593 NW2d 649 (1999).

64. This Court may order full, or partial disclosure, of such minutes. Such minutes also include the transcripts and any audio or video recordings of the closed sessions. See *Manning v East Tawas*, 234 Mich App 244, at 249-250; 593 NW2d 649 (1999); *Detroit News, Inc. v. City of Detroit*, 185 Mich App 296 (1990).

<u>**COUNT V**</u>

<u>**INJUNCTIVE RELIEF**</u>

65. Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

66. Defendant City Council's knowing and deliberate violation of the OMA provisions, while dealing with such a momentous matter of public policy and concern to the citizens of the city, presents an immediate need and reason for the Court to issue its Order enjoining the Defendant City Council from any further violations of the OMA and any further

noncompliance with the OMA, and to issue its Order compelling Defendant City Council to so comply with the provisions of the OMA.

67. Plaintiff has previously been denied access to Defendant City Council's closed session minutes in violation of the OMA.

68. Plaintiff seeks the Court's Declaration that the Defendant City Council violated the OMA by holding closed sessions from September 23 through September 25, 2014 for an impermissible purpose and for making a "decision" in said closed sessions; and that Defendant City Council be enjoined from further such violations of the OMA. "Because there is real and imminent danger of irreparable injury when governmental bodies meet and act in secret, *Detroit News*, p 301, we enjoin defendant from any use of this procedure in the future." *Booth v University of Michigan Board of Regents*, 192 Mich App 574, at 588.

## COUNT VI

## COSTS AND ATTORNEY FEES

69. Plaintiff incorporates, repeats, and realleges, the foregoing allegations as though fully set forth herein.

70. Plaintiff is entitled to receive its *"courts costs and actual attorney fees for the action"* pursuant to §11(4) (MCL 15.271.11(4)) of the OMA. It reads:

> If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, **the person shall recover courts costs and actual attorney fees for the action.** (Emphasis supplied.)

71. The award of attorney fees and costs by the Court is **mandatory** upon a finding of a violation of the Open Meetings Act. See, *Craig v. Detroit Public Schools Chief Executive Officer*, 265 Mich App 572 (2005), and see, *Kitchen v. Ferndale City Council*, 253 Mich App 115; 654 NW2d 918 (2002). Plaintiff shall be awarded actual court costs and attorney fees in accordance with the OMA. See, *Manning v East Tawas*, 234 Mich App 244, at 253-254; 593 NW2d 649 (1999).

72. Plaintiff is so entitled to such recovery of its actual attorney fees and costs whether or not there is a proof of injury or whether or not there is an issuance of an injunction under the Open Meetings Act, as was so held in *Herald Co., Inc. v. Tax Tribunal*, 258 Mich App 78, at 92; 669 NW2d 862 (2003) ("neither proof of injury nor issuance of an injunction is a prerequisite for the recovery of attorney fees under the OMA."). See also, *Manning v East Tawas*, 234 Mich App 244, at 253-254; 593 NW2d 649 (1999).

73. Plaintiff seeks an award from the Court against Defendant City Council for payment of its costs and attorneys fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Citizens United Against Corrupt Government, prays and respectfully requests that this Court grant relief as follows:

A. ISSUE A DECLARATORY JUDGMENT declaring that Defendant City Council violated the Open Meetings Act by convening into closed sessions for an impermissible purpose on September 23, 2014 through September 25, 2014 and the minutes, including transcripts and audio or video recordings, such closed sessions are subject to disclosure.

B.   ISSUE A DECLARATORY JUDGMENT declaring that Defendant violated the Open Meetings Act by making a "decision" during the closed sessions held on September 23, 2014 through September 25, 2014.

C.   ISSUE A DECLARTORY JUDGMENT declaring that the closed sessions held by the Defendant City Council on September 23, 2014 through September 25, 2014 exceeded the attorney-client privilege exemption set forth in the Open Meetings Act.

D.   ISSUE A DECLARATORY JUDGMENT declaring that pursuant to MCL §15.267(2) of the Open Meetings Act, the minutes, including transcripts and audio recordings, from the closed sessions held on September 23, 2014 through September 25, 2014 shall be immediately fully, or partially, as the Court shall determine, disclosed to the Plaintiff.

E.   ISSUE an INJUNCTION enjoining the Defendant City Council from any further violations of the Open Meetings Act.

F.   ISSUE its ORDER that Defendant City Council pays the Plaintiff's court costs and attorney fees that Plaintiff has incurred as a result of having to bring this action, all pursuant to MCL § 15.271(4) of the Open Meetings Act.

G.   ORDER any and all such OTHER RELIEF as justice may so require.

Respectfully submitted,

/S/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

DATED: October 1, 2014

14-012633-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/1/2014 12:08:49 PM
CATHY M. GARRETT

# EXHIBIT A

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF WAYNE

CITIZENS UNITED AGAINST CORRUPT GOVERNMENT,
a Michigan Nonprofit Corporation,

PLAINTIFF,

Case No. 14-          -AW
Hon.

-v-

DETROIT CITY COUNCIL,
DEFENDANT.

_____/

ANDREW A. PATERSON (P18690)
Attorney for Plaintiff Citizens United
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712
_____/

## AFFIDAVIT OF ROBERT DAVIS, DIRECTOR OF CITIZENS UNITED AGAINST CORRUPT GOVERNMENT

State of Michigan   )
               )
County of Wayne   )

NOW COMES ROBERT DAVIS, a natural person, being first duly sworn and deposed and under the penalty of perjury states the following:

1. That I am the Director of Citizens United Against Corrupt Government, a registered domestic nonprofit corporation of the State of Michigan.

2. That on Friday, September 26, 2014, in accordance with the Open Meetings Act ("OMA"), I, acting in my official capacity as Director of Plaintiff Citizens United, sent via email, a written request to all of the members of the Defendant City Council requesting to receive a copy of the closed session minutes from the closed sessions held on September 23, 2014 through September 25, 2014. As of October 1, 2014, I had not received a response from the Defendant City Council to my request.

Page 1 of 2

3. That in my official capacity as Director of Citizens United Against Corrupt Government, I have approved the filing of this OMA lawsuit against the Defendant City Council.

4. That I personally reviewed many newspaper articles and video recordings of members of the Defendant City Council stating that they were close in "negotiations" and were close to a "settlement" with Kevyn Orr during the closed sessions that they held from September 23, 2014 through September 25, 2014.

5. That it is my belief upon reviewing the comments made by members of the Defendant City Council that the Defendant City Council violated some provisions of the OMA by holding impermissible closed sessions on September 23, 2014 through September 25, 2014.

6. That all of the allegations and counts as pled and alleged in each of the numbered paragraphs in the attached verified complaint and motion are true to the best of my knowledge, information, and belief.

7. If called upon as a witness, I am competent to testify as to the facts stated herein.

FURTHER AFFIANT SAYETH NOT.

ROBERT DAVIS

Subscribed and sworn to before me

On this 30th day of September, 2014

NOTARY PUBLIC

My Commission Expires:

KAREN BROOKS
Notary Public - Michigan
Monroe County
My Commission Expires MAR 17, 2015
Acting in the County of _____

Page 2 of 2

# EXHIBIT B



Robert Davis <davisrobert854@gmail.com>

# Request under the Open Meetings Act for Copies of Minutes, including transcripts and audio recordings, of closed meetings held the week of September 21, 2014 regarding Emergency Manager Kevyn Orr

Robert Davis <davisrobert854@gmail.com>                    Fri, Sep 26, 2014 at 3:40 PM
To: sheffield5council@gmail.com, bjones_mb@detroitmi.gov, cushingbenyg@detroitmi.gov, LelandG@detroitmi.gov, GradyS@detroitmi.gov, councilmemberjenkins@detroitmi.gov, CouncilmanSpivey@detroitmi.gov, councilmembertate@detroitmi.gov, councilmemberraquel@detroitmi.gov

Dear Honorable Council President Jones and Members of the Detroit City Council:

Pursuant to Michigan's Open Meetings Act ("OMA"), on behalf of Citizens United Against Corrupt Government, which I am Director of, this email is submitted respectfully requesting that I receive copies of any and all minutes from the closed-door meetings the Detroit City Council held the week of September 21, 2014 regarding the possible future employment of Kevyn Orr as the Emergency Manager for the City of Detroit. Specifically, accordingly to published media reports, the Detroit City Council met in closed session for 4 days from Monday, September 21, 2014 through Thursday, September 24, 2014. I believe said closed sessions were impermissibly held in violation of the OMA, and thus, I am requesting to receive copies of any and all minutes from said closed sessions, which shall include but not limited to, all written minutes, transcripts and audio recordings from said closed sessions.

If you should have any questions regarding this request under the OMA, please feel free to give me a call at (248) 470-8731.

Respectfully submitted,
Robert Davis
Director, C.U.A.C.G.

# EXHIBIT C

# THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

---------------------------------------X

In re:

**CITY OF DETROIT, MICHIGAN,**

Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

---------------------------------------X

## ORDER GRANTING PETITIONERS ROBERT DAVIS' AND CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This matter coming before the Court on: (a) Petitioners Robert Davis' and Citizens United Against Corrupt Government's ("Petitioners") Emergency Motion for Relief from the Automatic Stay ("Emergency Motion") (Docket No. 7667); and (b) Debtor's Combined Objection and Brief in Opposition to Petitioner Robert Davis' and Citizens United Against Corrupt Government's Emergency Motion for Relief from the Automatic Stay Objection ("Objection") (Docket No. 7714); the Court having reviewed and conducted a hearing on the Emergency Motion and the Objection; and the Court having determined that the legal and factual bases as set out in the Emergency Motion and the representations of the Petitioners at the hearing and in the Emergency Motion establish cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

A. Petitioners' Emergency Motion is GRANTED to the extent set forth in this Order.

B. Petitioners shall be allowed to immediately file a civil action in the Wayne County Circuit Court against the Detroit City Council seeking only (1) the declaratory and injunctive relief specifically identified in the Emergency Motion for the Detroit City

Page 1 of 2

Council's alleged violations of the Open Meetings Act and (2) an award of attorneys' fees and costs as may be provided for by the Open Meetings Act.

C. The Petitioners shall not seek to invalidate any action, decision, order or resolution arising from or relating to the closed sessions of the Detroit City Council on September 23, 24 or 25, 2014, including without limitation, the Detroit City Council's "Resolution Removing Kevyn D. Orr as Emergency Manager and Removing the City of Detroit from Receivership Under Act 436" as approved by the Detroit City Council on September 25, 2014, or any of the orders dated September 25, 2014, of the Emergency Manager of the City of Detroit, Kevyn D. Orr.

D. The Petitioners shall not depose, or seek to depose, the Emergency Manager of the City of Detroit, Kevyn D. Orr or the Mayor of the City of Detroit, Mike Duggan, without first obtaining an order from this Court authorizing Petitioners to seek such a deposition in the civil action.

E. The automatic stays of Bankruptcy Code §§362 and 922 otherwise remain in full force and effect except as expressly modified by this Order.

F. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

G. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Signed on September 30, 2014

/s/ Steven Rhodes
Steven Rhodes
United States Bankruptcy Judge

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF WAYNE

CITIZENS UNITED AGAINST CORRUPT GOVERNMENT,
a Michigan Nonprofit Corporation,
    **PLAINTIFF,**

                                    Case No. 14-012633-AW
                                    HON. ANNETTE J. BERRY

-v-

DETROIT CITY COUNCIL,
    **DEFENDANT.**

ANDREW A. PATERSON (P18690)
Attorney for Plaintiff Citizens United
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

14-012633-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/1/2014 3:54:29 PM
CATHY M. GARRETT

/s/ Cheryl Bascomb

## Order Granting Ex Parte Motion for Temporary Restraining Order (TRO)

At a session of said Court held
in the Coleman A. Young Municipal Center, City of Detroit,
County of Wayne, State of Michigan,

On **10/1/2014**

Present: **Annette J. Berry**
        **Wayne County Circuit Court Judge**

    This matter having come before the Court on Plaintiff's Verified Complaint Declaratory

Judgment and Injunctive Relief and Plaintiff's Emergency Ex Parte Motion for Temporary

Restraining Order ("TRO"), and the Court being otherwise fully advised in the premises;

    IT IS HEREBY ORDERED that Plaintiff's *Ex Parte* Motion for TRO is GRANTED.

    IT IS FURTHER ORDERED that Defendant Detroit City Council, their agents and

employees, and other persons who are in active concert or participation with them are hereby

temporarily enjoined from meeting and/or convening a closed session for the purpose of

discussing the role of Kevyn Orr as the Emergency Manager for the City of Detroit or for the purpose to discuss any orders, resolutions, or statutes pertaining to removing the City of Detroit from Receivership under Public Act 436.

IT IS FURTHER ORDERED that the Defendant Detroit City Council, their agents and employees, and other persons who are in active concert or participation with them are hereby temporarily enjoined and restrained from destroying, deleting, altering, or otherwise damaging any written documents, including emails, text messages, faxes, letters, minutes, transcripts, video and/or audio recordings that pertain to its decision on whether to remove Kevyn Orr as the Emergency Manager for the City of Detroit as permitted under § 9(6)(c) of Public Act 436 of 2012 or pertaining to the closed sessions the Defendant Detroit City Council held on September 23-25, 2014. This is necessary in order to preserve the status quo and to prevent the possible destruction of pertinent evidence relevant to this case.

IT IS FURTHER ORDERED that Defendant shall appear before the Hon. Judge Annette J. Berry on October _____10th_____, 2014 at _____11:00_____ a.m/p.m. in her courtroom at the Coleman A. Young Municpal Center on the 18th Floor to Show Cause as to Why a Preliminary Injunction should not be issued.

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this Order to Show Cause, as well as copies of Plaintiff's Complaint and all other pleadings filed in this matter, on the Defendant Detroit City Council or their appropriate representative before 5 p.m. on October 1, 2014.

/s/ Annette J. Berry

_____
WAYNE COUNTY CIRCUIT COURT JUDGE