THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____x
                                      :    **Chapter 9**
**In re:**                            :    **Case No. 13-53846**
**CITY OF DETROIT, MICHIGAN**,        :    **Hon. Steven W. Rhodes**
            Debtor.                   :
                                      :
                                      :
_____

CITIZENS UNITED AGAINST
CORRUPT GOVERNMENT,
            Plaintiff,                     Adv. Case No._____

V

DETROIT CITY COUNCIL,
            Defendant.

_____

### PETITIONERS ROBERT DAVIS' AND CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S EMERGENCY MOTION FOR REMAND OF OPEN MEETINGS ACT ("OMA") CASE AGAINST THE DETROIT CITY COUNCIL

Pursuant to Fed.R.Bankr.P. 9027(d), Petitioners, Robert Davis and Citizens United Against Corrupt Government (collectively "Petitioners"), by and through their attorney, Andrew A. Paterson, respectfully request that this Court *immediately* remand *Citizens United Against Corrupt Government v. Detroit City Council*, Wayne County Circuit Court Case Number 14-012633-AW ("OMA Case"), to the Wayne County Circuit Court from the Federal Bankruptcy Court.

In support of their emergency motion, Petitioners state as follows:

Page **1** of **8**

## INTRODUCTION

1. On September 30, 2014, this Court, after conducting an emergency hearing, entered an Order Granting Petitioners Emergency Motion for Relief From the Automatic Stay ("September 30, 2014 Order") (Docket 7754). (**See September 30, 2014 Order attached hereto as Exhibit A**).

2. This Court's September 30, 2014 Order allowed Petitioners the right to "immediately file a civil action in the Wayne County Circuit Court against the Detroit City Council seeking only (1) the declaratory and injunctive relief specifically identified in the Emergency Motion for the Detroit City Council's alleged violations f the Open Meetings Act and (2) an award of attorneys' fees and costs as may be provided for by the Open Meetings Act." (Docket 7754).

3. In accordance with the Court's September 30, 2014 Order, on October 1, 2014, Petitioners filed a civil action in the Wayne County Circuit Court against the Detroit City Council, which sought declaratory and injunctive relief for the Detroit City Council's alleged violations of the Open Meetings Act ("OMA") pertaining to their series of closed-door meetings held September 23-25, 2014. Petitioners' OMA civil action against the Detroit City Council was given Wayne County Circuit Court Case No. 14-012633-AW ("OMA Case") and was assigned to Judge Annette J. Berry ("Judge Berry").

4. In accordance with the Court's September 30, 2014 Order, on October 1, 2014, Petitioners also filed an *Ex Parte* Motion for Temporary Restraining Order ("TRO") against the Detroit City Council seeking to enjoin them from convening any other

closed-door meetings for the purpose of discussing the role and/or future of Kevyn Orr as the Emergency Manager.

5. Upon reviewing Petitioners' pleadings as filed, Judge Berry granted Petitioners' *Ex Parte* Motion for TRO and set a show cause hearing to be held on October 10, 2014 at 11 a.m. (**See Judge Berry's Ex Parte TRO attached hereto as Exhibit B**).

6. At approx. 2:32 p.m., counsel for the Detroit City Council filed with this Court a "Notice of Removal". (Docket 7907). (**See Detroit City Council's Notice of Removal filed with this Court attached hereto as Exhibit C**).[1]

7. At approx. 3:12 p.m., counsel for the Detroit City Council filed with the Wayne County Circuit Court a "Notice of the Filing of A Notice of Removal." (**See Detroit City Council's "Notice of the Filing of A Notice of Removal" attached hereto as Exhibit C**).

8. The Detroit City Council's filing of its "Notice of Removal" was nothing more than a stalling tactic in an effort to prevent Judge Berry from ruling on the merits of Petitioners' meritorious OMA Case.

9. The Detroit City Council's filing of its "Notice of Removal" with this Court lacks merit and is outright frivolous. Accordingly, Petitioners respectfully request this Court to assess sanctions against the Detroit City Council and its legal counsel pursuant to Fed.R.Bankr.P. 9011 for filing its frivolous "Notice of Removal".

---

[1] On October 9, 2014, counsel for the Detroit City Council contemporaneously filed with this Court a Motion for Reconsideration of the September 30, 2014 Order.

## ARGUMENT FOR RELIEF

10. 28 U.S.C. § 1452(a) states:

    (a) **A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power**, to the district court for the district where such civil action is pending, **if such district court has jurisdiction of such claim or cause of action under section 1334 of this title**. (Emphasis supplied).

11. 28 U.S.C. § 1334(a) provides:

    (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

12. In spite of this Court's clear directive in its September 30, 2014 Order, which required the Petitioners to file their OMA Case in the Wayne County Circuit Court, counsel for the Detroit City Council have asserted a flawed and frivolous defense that this Court has jurisdiction over the claims alleged in Petitioners' OMA Case. Contrary to the Detroit City Council's arguments, **none** of the claims alleged in Petitioners' OMA Case are "related to a case under title 11." 28 U.S.C. § 1334(a).

13. "An action is related to bankruptcy of the outcome could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pappas v. Buchwald Capital Advisors, LLC* (*In re Greektown Holdings, LLC*), 728 F.3d 567, 577 (6TH Cir. 2013).

14. Petitioners' OMA Case in no way "could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

15. In fact, this Court, during oral arguments for Petitioners' Emergency Motion for Relief from the Automatic Stay, acknowledged not only that Petitioners' claims were meritorious, but Petitioners' OMA Case **would not** in any way impact or jeopardize the City of Detroit's ability to proceed with the bankruptcy proceedings.

16. Moreover, Petitioners' OMA claims simply **do not** fall within the jurisdiction of the Bankruptcy Court. Jurisdiction of Petitioners' OMA Case is statutorily conferred upon the Wayne County Circuit Court by Mich. Comp. Laws § 15.271 of the OMA.

17. The Wayne County Circuit Court is the proper venue for Petitioners' OMA Case for Mich. Comp. Laws § 15.271(2) of the OMA states: *"An action for injunctive relief against a local public body **shall be commenced in the circuit court, and venue is proper in any county in which the public body serves**. An action for an injunction against a state public body shall be commenced in the circuit court and venue is proper in any county in which the public body has its principal office, or in Ingham county."* (Emphasis added.)

18. The Detroit City Council's principal office is located in the City of Detroit, County of Wayne. Consequently, pursuant to Mich. Comp. Laws § 15.271(2) of the OMA, the Wayne County Circuit Court is the proper venue for Petitioners' OMA Case, as this Court's September 30, 2014 Order recognizes.

19. Additionally, Petitioner Citizens United is a "person" who has standing to commence the OMA Case under Mich. Comp. Laws § 15.271(1) of the OMA, which reads: *"If a public body is not complying with this act,* the attorney general, prosecuting attorney of the county in which the public body serves, ***or a person*** *may*

*commence a civil action to compel compliance or to enjoin further noncompliance with this act."* (Emphasis supplied.)

20. Petitioner Citizens United, as a registered domestic nonprofit corporation, is a "person" as defined under the OMA and has standing to commence this action under MCL §15.271 of the OMA. See *Booth Newspapers, Inc. v Wyoming*, 168 Mich App 459, 474; 425 NW2d 695 (1988) ("We agree with the trial court that plaintiff is a person. Under the OMA, it is a person who may file suit to compel compliance with the act, MCL 15.271(1); MSA 4.1800(21)(1), and a successful person who may recover actual attorney fees and court costs, MCL 15.271(4); MSA 4.1800(21)(4). As a general rule, the term person is defined as including corporations unless such a construction would be inconsistent with the manifest intent of the Legislature. See MCL 8.3; MSA 2.12 and MCL 8.3l; MSA 2.212(12).")

21. Petitioner Citizens United's standing under the OMA, is also recognized under Michigan case law. See, *Lansing Schools Education Ass'n v Lansing School Dist Bd. of Ed.*, 487 Mich 349, 372; 792 NW 2d 686 (2010). In *Lansing Schools Ed Ass'n,* the Michigan Supreme Court articulated Michigan standing law:

> **[A] litigant has standing <u>whenever there is a legal cause of action</u>**. Further, whenever a litigant meets the requirements of MCR 2.605, it is sufficient to establish standing to seek a declaratory judgment. Where a cause of action is not provided at law, then a court should, in its discretion, determine whether a litigant has standing. A litigant may have standing in this context if the litigant has a special injury or right, or substantial interest, that will be detrimentally affected in a manner different from the citizenry at large **or <u>if the statutory scheme implies that the</u>**

Page **6** of **8**

13-53846-tjt    Doc 7910    Filed 10/09/14    Entered 10/09/14 21:19:04    Page 6 of 8

**Legislature intended to confer standing on the litigant**.

[*Lansing Schools Ed Ass'n*, *supra* at 372.] (Emphasis supplied.)

22. Michigan law has always granted standing to parties, such as the Petitioner Citizens United, for OMA actions. See *Booth Newspapers, Inc., supra,* at 574. ("We agree with the trial court that plaintiff is a person. Under the OMA, it is a person who may file suit to compel compliance with the act, MCL 15.271(1); MSA 4.1800(21)(1), and a successful person who may recover actual attorney fees and court costs, MCL 15.271(4); MSA 4.1800(21)(4). As a general rule, the term person is defined as including corporations unless such a construction would be inconsistent with the manifest intent of the Legislature. See MCL 8.3; MSA 2.12 and MCL 8.3l; MSA 2.212(12).")

23. Petitioners OMA Case is not a bankruptcy proceeding nor will it impact the City of Detroit's bankruptcy case. The Detroit City Council's filing of its "Notice of Removal" was nothing more than a stall tactic aimed at preventing Judge Berry from holding the Show Cause Hearing on Friday, October 10, 2014.

24. As this Court is aware, pursuant to Fed.R.Bankr.P. 9027(c), the filing of "Notice of Removal" prohibits the parties from proceeding in the Wayne County Circuit Court. Thus, it is clear that the Detroit City Council's motive was to prevent Judge Berry from holding the Show Cause Hearing on Friday, October 10, 2014 at 11 a.m.

25. Accordingly, pursuant to Fed.R.Bankr.P. 9027(d), this Court should immediately remand Petitioners' OMA Case to the Wayne County Circuit Court so that Judge Berry can conduct and hold the Show Cause Hearing she properly ordered.

## PRAYER FOR RELIEF

**WHEREFORE**, Petitioners pray that this Honorable Court GRANT Petitioners' Emergency Motion for Remand and enter an order remanding Petitioners' OMA Case to the Wayne County Circuit Court and further order that the Detroit City Council and its legal counsel be assessed sanctions pursuant to Fed.R.Bankr.P. 9001.

Respectfully submitted,

/S/ Andrew A. Paterson (P18690)
Attorney for Petitioners Robert Davis and Citizens
United Against Corrupt Government
46350 Grand River, Suite C
Novi, MI 48374
(248) 568-9712

DATED: October 9, 2014