# EXHIBIT A

# THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | : | Chapter 9 |
|  | : | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | : | Hon. Steven W. Rhodes |
| Debtor. | : |  |

### ORDER GRANTING PETITIONERS ROBERT DAVIS' AND CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY

This matter coming before the Court on: (a) Petitioners Robert Davis' and Citizens United Against Corrupt Government's ("Petitioners") Emergency Motion for Relief from the Automatic Stay ("Emergency Motion") (Docket No. 7667); and (b) Debtor's Combined Objection and Brief in Opposition to Petitioner Robert Davis' and Citizens United Against Corrupt Government's Emergency Motion for Relief from the Automatic Stay Objection ("Objection") (Docket No. 7714); the Court having reviewed and conducted a hearing on the Emergency Motion and the Objection; and the Court having determined that the legal and factual bases as set out in the Emergency Motion and the representations of the Petitioners at the hearing and in the Emergency Motion establish cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

A. Petitioners' Emergency Motion is **GRANTED** to the extent set forth in this Order.

B. Petitioners shall be allowed to immediately file a civil action in the Wayne County Circuit Court against the Detroit City Council seeking only (1) the declaratory and injunctive relief specifically identified in the Emergency Motion for the Detroit City

Page 1 of 2

13-53846-swr    Doc 7754    Filed 09/30/14    Entered 09/30/14 16:28:06    Page 1 of 2
13-53846-tjt    Doc 7910-7    Filed 10/09/14    Entered 10/09/14 21:19:04    Page 2 of 12

Council's alleged violations of the Open Meetings Act and (2) an award of attorneys' fees and costs as may be provided for by the Open Meetings Act.

C. The Petitioners shall not seek to invalidate any action, decision, order or resolution arising from or relating to the closed sessions of the Detroit City Council on September 23, 24 or 25, 2014, including without limitation, the Detroit City Council's "Resolution Removing Kevyn D. Orr as Emergency Manager and Removing the City of Detroit from Receivership Under Act 436" as approved by the Detroit City Council on September 25, 2014, or any of the orders dated September 25, 2014, of the Emergency Manager of the City of Detroit, Kevyn D. Orr.

D. The Petitioners shall not depose, or seek to depose, the Emergency Manager of the City of Detroit, Kevyn D. Orr or the Mayor of the City of Detroit, Mike Duggan, without first obtaining an order from this Court authorizing Petitioners to seek such a deposition in the civil action.

E. The automatic stays of Bankruptcy Code §§362 and 922 otherwise remain in full force and effect except as expressly modified by this Order.

F. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

G. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Signed on September 30, 2014

                                                         /s/ Steven Rhodes
                                                        Steven Rhodes
                                                        United States Bankruptcy Judge

Page 2 of 2

13-53846-swr Doc 7754 Filed 09/30/14 Entered 09/30/14 16:28:06 Page 2 of 2
13-53846-tjt Doc 7910-7 Filed 10/09/14 Entered 10/09/14 21:19:04 Page 3 of 12

# EXHIBIT B

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF WAYNE

**CITIZENS UNITED AGAINST CORRUPT GOVERNMENT**,
a Michigan Nonprofit Corporation,
    **PLAINTIFF,**

Case No. 14-012633-AW
HON. ANNETTE J. BERRY

-v-

**DETROIT CITY COUNCIL,**
    **DEFENDANT.**

14-012633-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/1/2014 3:54:29 PM
CATHY M. GARRETT

ANDREW A. PATERSON (P18690)
Attorney for Plaintiff Citizens United
46350 Grand River Ave., Suite C
Novi, MI 48374
(248) 568-9712

/s/ Cheryl Bascomb

_____/

## Order Granting Ex Parte Motion for Temporary Restraining Order (TRO)

At a session of said Court held
in the Coleman A. Young Municipal Center, City of Detroit,
County of Wayne, State of Michigan,

On **10/1/2014**

Present: **Annette J. Berry**
Wayne County Circuit Court Judge

This matter having come before the Court on Plaintiff's Verified Complaint Declaratory Judgment and Injunctive Relief and Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order ("TRO)", and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that Plaintiff's *Ex Parte* Motion for TRO is GRANTED.

IT IS FURTHER ORDERED that Defendant Detroit City Council, their agents and employees, and other persons who are in active concert or participation with them are hereby temporarily enjoined from meeting and/or convening a closed session for the purpose of

discussing the role of Kevyn Orr as the Emergency Manager for the City of Detroit or for the purpose to discuss any orders, resolutions, or statutes pertaining to removing the City of Detroit from Receivership under Public Act 436.

IT IS FURTHER ORDERED that the Defendant Detroit City Council, their agents and employees, and other persons who are in active concert or participation with them are hereby temporarily enjoined and restrained from destroying, deleting, altering, or otherwise damaging any written documents, including emails, text messages, faxes, letters, minutes, transcripts, video and/or audio recordings that pertain to its decision on whether to remove Kevyn Orr as the Emergency Manager for the City of Detroit as permitted under § 9(6)(c) of Public Act 436 of 2012 or pertaining to the closed sessions the Defendant Detroit City Council held on September 23-25, 2014. This is necessary in order to preserve the status quo and to prevent the possible destruction of pertinent evidence relevant to this case.

IT IS FURTHER ORDERED that Defendant shall appear before the Hon. Judge Annette J. Berry on October ____10th____, 2014 at ____11:00____ a.m/p.m. in her courtroom at the Coleman A. Young Municpal Center on the 18th Floor to Show Cause as to Why a Preliminary Injunction should not be issued.

IT IS FURTHER ORDERED that Plaintiff shall serve a copy of this Order to Show Cause, as well as copies of Plaintiff's Complaint and all other pleadings filed in this matter, on the Defendant Detroit City Council or their appropriate representative before 5 p.m. on October 1, 2014.

/s/ Annette J. Berry
_____
WAYNE COUNTY CIRCUIT COURT JUDGE

Page 2 of 2

13-53846-tjt    Doc 7910-7    Filed 10/09/14    Entered 10/09/14 21:19:04    Page 6 of 12

# EXHIBIT C

STATE OF MICHIGAN
IN THE 3RD JUDICIAL CIRCUIT COURT
FOR THE COUNTY OF WAYNE

CITIZENS UNITED AGAINST
CORRUPT GOVERNMENT,

    Plaintiff,

-v-

DETROIT CITY COUNCIL,

    Defendant.

Case No. 14-012633-AW
HON. ANNETTE J. BERRY

14-012633-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/9/2014 3:12:51 PM
CATHY M. GARRETT

| | |
|---|---|
| ANDREW A. PATERSON (P18690)<br>Attorney for Citizens United<br>46350 Grand River Ave., Suite C<br>Novi, MI 48374<br>(248) 568-9712 | MEGAN P. NORRIS (P39318)<br>Miller Canfield Paddock & Stone PLC<br>Attorneys for the Detroit City Council<br>150 W Jefferson Ave., Suite 2500<br>Detroit, MI 48226<br>Phone: (313) 963-6420<br>Fax: (313) 496-8453<br>norris@millercanfield.com<br><br>CHARLES N. RAIMI (P29746)<br>Deputy Corporation Counsel<br>Attorneys for the Detroit City Council<br>City of Detroit Law Department<br>2 Woodward Avenue, Suite 500<br>Coleman A. Young Municipal Center<br>Detroit, Michigan 48226<br>Phone: (313) 237-5037<br>Fax: (313) 224-5505<br>raimic@detroitmi.gov |

## NOTICE OF THE FILING OF A NOTICE OF REMOVAL

The Detroit City Council, by and through its undersigned counsel, provides this court notice that on October 9, 2014, pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027, the Defendant filed a Notice of Removal with the United States Bankruptcy Court for the Eastern District of Michigan in the City of Detroit's bankruptcy case. The Notice

23061803.1\022765-00202

of Removal is attached as Exhibit 1. Pursuant to Federal Rule of Bankruptcy Procedure 9027(c), the parties are to proceed no further in this Court unless and unless and until this suit has been remanded. Fed. R. Bank. P. 9027(c) ("The Parties shall proceed no further in that court unless and until the claim or cause of action is remanded.").

DATED: October 9, 2014

                                          Respectfully Submitted,

                                          /s/ Megan P. Norris
                                          MEGAN P. NORRIS (P39318)
                                          Miller Canfield Paddock & Stone PLC
                                          Attorneys for the Detroit City Council
                                          150 W Jefferson Ave., Suite 2500
                                          Detroit, MI 48226
                                          Phone: (313) 963-6420
                                          Fax: (313) 496-8453
                                          norris@millercanfield.com

                                          -and-

                                          CHARLES N. RAIMI (P29746)
                                          Attorneys for the Detroit City Council
                                          Deputy Corporation Counsel
                                          City of Detroit Law Department
                                          2 Woodward Avenue, Suite 500
                                          Coleman A. Young Municipal Center
                                          Detroit, Michigan 48226
                                          Phone: (313) 237-5037
                                          Fax: (313) 224-5505
                                          raimic@detroitmi.gov

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |
| CITIZENS UNITED AGAINST CORRUPT GOVERNMENT, | |
| Plaintiff, | Adv. Case No._____ |
| V | |
| DETROIT CITY COUNCIL, | |
| Defendant. | |

14-012633-AW
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/9/2014 3:12:51 PM
CATHY M. GARRETT

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027, the City of Detroit removes *Citizens United Against Corrupt Government v. Detroit City Council*, Case Number 14-012633-AW ("State Court Case"), from the Wayne County Circuit Court to the Bankruptcy Court. In the State Court Case, the Plaintiff seeks (1) declaratory judgments that the City Council violated the Open Meetings Act, M.C.L. § 15.261, *et seq.*; (2) an order enjoining the City from taking certain actions which the Plaintiff alleges would violate the Open Meetings Act; (3) an order requiring the City to provide the Plaintiff with all "minutes, including

23059884.1\022765-00202
- 1 -
13-53846-swr   Doc 7907   Filed 10/09/14   Entered 10/09/14 14:32:42   Page 1 of 3
13-53846-tjt   Doc 7910-7   Filed 10/09/14   Entered 10/09/14 21:19:04   Page 10 of 12

transcripts and audio recordings," from certain meetings; and (4) court costs and attorneys' fees.

The State Court Case is neither "a proceeding before the United States Tax Court" nor "a civil action by a governmental unit to enforce such governmental unit's police or regulatory power," and thus the State Court Case qualifies for removal under 28 U.S.C. § 1452(a). Removal is timely under Federal Rule of Bankruptcy Procedure 9027(a)(3) because the complaint initiating the State Court Case was filed October 1, only eight days ago.

The Bankruptcy Court has jurisdiction over the claims alleged in the State Court Case because the State Court Case is "related to a case under title 11." 28 U.S.C. § 1334(b). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pappas v. Buchwald Capital Advisors, LLC (In re Greektown Holdings, LLC)*, 728 F.3d 567, 577 (6th Cir. 2013). Here, at a minimum, the injunctive relief sought impinges upon the City's freedom of action concerning discussions with its Emergency Manager regarding the handling and administration of the City's bankruptcy case.

The State Court Case is non-core. The City consents to the entry of final orders or judgment by the Bankruptcy Court on the claims brought in the State

23059884.1\022765-00202
- 2 -
13-53846-swr    Doc 7907    Filed 10/09/14    Entered 10/09/14 14:32:42    Page 2 of 3
13-53846-tjt    Doc 7910-7    Filed 10/09/14    Entered 10/09/14 21:19:04    Page 11 of 12

Court Case. Pursuant to Federal Rule of Bankruptcy Procedure 9027(a)(1), copies of all process and pleadings in the State Court Case are attached as Exhibit 1 to this Notice.

    Respectfully submitted,

    By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 963-6420
    Facsimile: (313) 496-7500
    swanson@millercanfield.com
    green@millercanfield.com

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan 48226
    Telephone: (313) 237-5037
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov

    ATTORNEYS FOR THE CITY OF DETROIT

Dated: October 9, 2014

23059884.1\022765-00202 - 3 -
13-53846-swr Doc 7907 Filed 10/09/14 Entered 10/09/14 14:32:42 Page 3 of 3
13-53846-tjt Doc 7910-7 Filed 10/09/14 Entered 10/09/14 21:19:04 Page 12 of 12