# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
----------------------------------------- x
                                          :
In re                                     :        Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                :        Case No. 13-53846
                                          :
                Debtor.                   :        Hon. Steven W. Rhodes
                                          x
```

---

## DEBTOR'S *EX PARTE* MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING WITH RESPECT TO THE MOTION FOR SUMMARY JUDGMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7056 SUBMITTED IN FURTHER SUPPORT OF ITS OBJECTION TO MACOMB INTERCEPTOR DRAIN DRAINAGE DISTRICT'S CLAIM NO. 3683

The City of Detroit (the "City") hereby moves for the entry of an *ex parte*

order pursuant to Rules 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy

Procedures (the "Bankruptcy Rules") and Rule 9006-1(b) of the Local rules of

Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

Eastern District of Michigan (the "Local Rules") (a) shortening the notice period

with respect to the City's Motion for Summary Judgment Pursuant to Federal Rule

of Bankruptcy Procedure 7056 Submitted in Further Support of its Objection to

Macomb Interceptor Drain Drainage District's Claim No. 3683 (the "Summary

Judgment Motion") and (b) scheduling a hearing on the Summary Judgment

Motion for October 24, 2014, or as soon thereafter as the Court's calendar permits. In support of this *Ex Parte* Motion, the City respectfully states as follows:

## Introduction

As the Macomb Interceptor Drain Drainage District ("MIDDD") is one of only two remaining principal objectors to the Plan of Adjustment, a prompt resolution of its alleged claim is critical to the conclusion of the plan confirmation process. A decision granting the Summary Judgment Motion would moot MIDDD's plan objection because it would then lack standing. And, while the City believes that MIDDD's claim must be disallowed in its entirety for many reasons, including having been expressly waived twice in signed agreements, a decision denying the Summary Judgment Motion would also provide the parties with important information that could expedite a resolution of MIDDD's claim and plan objection.

MIDDD will not be prejudiced by expedited consideration of the Summary Judgment Motion. The Summary Judgment Motion raises the same issues that were briefed and argued during the estimation proceeding nearly three months ago. As this Court recognized at the October 1 status conference:

> With regard to dispositive motions, I – I think the – that to the extent that dispositive motions are based on the legal issues that the city has raised in its objection to the claim – and argued when we did our estimation hearing, those can be done at any time. They don't need to wait until the end of discovery. And I – and I would encourage you to pursue them promptly.

October 1, 2014, Hr'g Tr. 78:18-24

The City pursued its motion promptly and the matter is ripe for a decision now. Despite MIDDD's request for a six month extension[1] to its response deadline, as this Court recognized, further discovery will not aid in its decision on the legal issues in the Summary Judgment Motion. Tellingly, MIDDD failed to point this Court to any new legal or factual issues contained in the Summary Judgment Motion that were not present during the estimation proceedings. Instead, MIDDD's request for a six month extension reflected the shaky ground on which its claim, and, ultimately its entire strategy rests.[2] From filing its claim late in the

---

[1] *See* MIDDD's Motion to Extend Response Deadline to Motion for Summary Judgment (I) Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure or (II) Due to Circumstances of Chapter 9 Case ("Motion") . [Doc. No. 7929]. The Court denied this request on October 14. [Doc. No. 7939].

[2] MIDDD incorrectly believes it still will have standing to object to the City's plan of adjustment even if it loses on summary judgment. It asserts that, simply by filing an appeal, it can maintain its standing to object to the Plan, but that is only because MIDDD conflates standing to appeal disallowance of its claim with standing to object to the City's Plan. MIDDD first cites to a number of cases for the unexceptional proposition that creditors with claims and parties with legally protected rights have standing to object to a debtor's plan, but none of the cases cited involved a creditor whose claim was explicitly disallowed by the bankruptcy court. Motion, p. 7, n. 5. MIDDD then cites to *Suravain* [sic – *Surabian*] *v. Picard*, No. 13 Civ. 935(JGK), 2014 WL 917091 at *2 n.2 (S.D.N.Y. March 7, 2014) in support of its proposition that a creditor with a disallowed claim retains standing to object to a debtor's plan. However, *Surabian* only discusses standing "within the meaning of the rules governing standing in bankruptcy appeals," not standing in the bankruptcy court to object to a debtor's plan. *Id. Surabian* thus is inapposite here. In fact, when a claim is disallowed, except in the rare case where the would-be claimant obtains a stay of the disallowance order from the bankruptcy court, the would-be claimant loses standing in the bankruptcy case to object to the debtor's plan, even though it clearly retains the right to file a timely appeal to the disallowance of its claim and perhaps other orders as well. *See In re Whatley*, 155 B.R. 775, 778-82 (Bankr. D. Colo. 1993). Thus, MIDDD is mistaken in its belief that summary judgment against it would not resolve its right to object to the City's Plan, *Continued on next page.*

bankruptcy process to its latest extension request, MIDDD's actions reveal a desperate attempt to avoid a decision on the merits of its claim until after the confirmation process has concluded. This Court should reject MIDDD's stalling tactics and schedule a hearing on the Summary Judgment Motion for October 24, 2014[3] or as soon thereafter as counsel may be heard.

## Jurisdiction and Venue

1.      The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

2.      The City filed the Summary Judgment Motion on October 8, 2014. In the Summary Judgment Motion, the City seeks entry of an order disallowing and expunging the MIDDD's claim in its entirety.

3.      By this *Ex Parte* Motion, the City seeks an order (a) shortening notice with respect to the Summary Judgment Motion; (b) allowing the Summary Judgment Motion to be heard on October 24, 2014; and (c) granting such other and further relief to the City as the Court deems appropriate.

---

*Continued from previous page.*
unless this Court were willing to stay its summary judgment order and put the City's confirmation process on hold while MIDDD prosecuted its appeal.
[3] As noted by this Court in its October 14 Order, the deadline for MIDDD to file its response to the Summary Judgment Motion is October 22, 2014.

**Basis for Relief**

4.      Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(b) further provides that "a party may file a motion for an *ex parte* order reducing or enlarging the time for a party to take any action or file any paper." E.D. Mich. LBR 9006-1(b).

5.      In addition, pursuant to Bankruptcy Rule 9007, "[w]hen notice is to be given under the [Bankruptcy Rules], the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007.

6.      Together, these rules provide the Court with the authority to enter an *ex parte* order scheduling a hearing on shortened notice and approve the manner of notice of such hearing.

7.      At the October 1, 2014, status conference, this Court encouraged the City to promptly file a dispositive motion. Within one week, the City filed the Summary Judgment Motion. As MIDDD is one of only two remaining principal objectors to the Plan of Adjustment, a prompt resolution of the Summary Judgment Motion is critical to the conclusion of the plan confirmation process. Even if the

expedited hearing does not result in a decision resolving the entire claim, it will simplify this matter and save time, costs and attorney fees.

8.     Pursuant to Local Rules 9006-1(b) and 9014-1(g), on October 13, 2014, the City provided notice and sought the concurrence of MIDDD in the Summary Judgment Motion, which was not obtained.  The City will serve this *Ex Parte* Motion via the Court's ECF system to the parties in the above-captioned adversary proceeding, and will provide notice of the *ex parte* order promptly upon issuance.

9.     For these reasons, the City submits that cause exists to scheduling the hearing on its Summary Judgment Motion for October 24, 2014.

WHEREFORE, the City respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this *Ex Parte* Motion and granting such further relief as the Court deems appropriate.

Dated: October 15, 2014          Respectfully Submitted,

By: /s/ Stephen S. LaPlante
Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
Jerome R. Watson (MI P27082)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

ATTORNEYS FOR THE CITY OF DETROIT

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with

Local Rule 9014-1(b).


Exhibit 1      Proposed Form of Order

Exhibit 2      None [Motion Seeks Ex Parte Relief]

Exhibit 3      None [Brief Not Required]

Exhibit 4      Certificate of Service

Exhibit 5      None [No Affidavits Filed Specific to This Motion]

Exhibit 6      None [No Documentary Exhibits Filed Specific to This Motion]

# **EXHIBIT 1**

Proposed Order

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
--------------------------------------------------x
                                        :
In re                                   :          Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              :          Case No. 13-53846
                                        :
                         Debtor.        :          Hon. Steven W. Rhodes
                                        :
                                        :
--------------------------------------------------x
```

## ORDER GRANTING DEBTOR'S *EX PARTE* MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING

This matter coming before the Court on Debtor's *Ex Parte* Motion for an

Order Shortening Notice and Scheduling an Expedited Hearing with Respect to the

Motion For Summary Judgment Pursuant To Federal Rule Of Bankruptcy

Procedure 7056 Submitted In Further Support Of Its Objection To Macomb

Interceptor Drain Drainage District's Claim No. 3683. [1]  The Court having

reviewed the Motion; having found that (i) the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district

pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to

28 U.S.C. § 157(b), and (iv) notice of the Motion was sufficient under the

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them
in the Motion.

23072922.2\022765-00202

circumstances; having determined after due deliberation that the relief requested in the Motion is in the best interests of the Debtor and its creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     A hearing with respect to the Motion For Summary Judgment Pursuant To Federal Rule Of Bankruptcy Procedure 7056 Submitted In Further Support Of Its Objection To Macomb Interceptor Drain Drainage District's Claim No. 3683 shall be held on October 24, 2014, at 9:00 a.m. before the Hon. Steven Rhodes in Courtroom 716, Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan.

3.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4.     This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

# **EXHIBIT 2**

Not Applicable

## **EXHIBIT 3**

Not Applicable

# **EXHIBIT 4**

Certificate of Service

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen S. LaPlante, hereby certify that the Foregoing Debtor's Ex Parte Motion For An Order Shortening Notice And Scheduling An Expedited Hearing With Respect To The Motion For Summary Judgment Pursuant To Federal Rule Of Bankruptcy Procedure 7056 Submitted In Further Support Of Its Objection To Macomb Interceptor Drain Drainage District's Claim No. 3683 was filed and served via the Court's electronic case filing and noticing system on this 15th day of October, 2014.

By: <u>/s/Stephen S. LaPlante</u>
Stephen S. LaPlante

# **EXHIBIT 5**

Not Applicable

## **EXHIBIT 6**

Not Applicable