**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 13-53846 |
| | ) |
| CITY OF DETROIT, MICHIGAN | ) Chapter 9 |
| | ) |
| Debtor | ) Hon. Steven W. Rhodes |
| | ) |
| | ) |

**MACOMB INTERCEPTOR DRAIN DRAINAGE DISTRICT'S RESPONSE
TO THE DEBTOR'S *EX PARTE* MOTION FOR AN ORDER SHORTENING
NOTICE AND SCHEDULING AN EXPEDITED HEARING WITH
RESPECT TO THE MOTION FOR SUMMARY JUDGMENT**

The Macomb Interceptor Drain Drainage District ("MIDDD") hereby files this objection

to the *ex parte* motion for an order shortening notice and scheduling an expedited hearing with

respect to the motion for summary judgment [Docket No. 7951] (the "Motion to Expedite") filed

by the City of Detroit (the "City") and, in support thereof, respectfully states as follows:

**OBJECTION**

1.        The City has not met its burden under Rule 9006(c)(1) of demonstrating cause to

set an expedited hearing on the City's motion for summary judgment [Docket No. 7885] (the

"Summary Judgment Motion") during the same week as (i) the date that closing arguments on

confirmation of the City's plan of adjustment (the "Plan") are currently scheduled to conclude

and (ii) the deadline set by the Court for filing responses to the Summary Judgment Motion.  The

City's proffered reason for a need to expedite a hearing on the Summary Judgment Motion is that

a decision in the City's favor could eliminate MIDDD's standing to be heard on its objection to

confirmation.  That, however, is both substantively wrong and inadequate grounds to expedite

when compared to the prejudice to MIDDD of the expedition. See In re Grant Broad. of

20136653

<u>Philadelphia, Inc.</u>, 71 B.R. 390, 396-97 (Bankr. E.D. Pa. 1987) ("[A] court must consider, primarily, the prejudice that potentially would result to parties entitled to notice if a reduction is effected, and weigh this against the reasons for shortening the period").

2.      The City could have filed the Summary Judgment Motion at any time during the last five months, but instead waited until the eve of the conclusion of the confirmation hearing. Having waited so many months to do so, the City's request to expedite these proceedings is unavailing.  Although the Court has held that MIDDD's obligations with respect to its participation in the confirmation hearing were not likely to interfere with its ability to file a written response to the Summary Judgment Motion, adding an additional burden—*i.e.* preparation for an expedited hearing on a dispositive Summary Judgment Motion during the same week that the confirmation hearing is expected to conclude—is unnecessarily and unduly prejudicial to MIDDD, as it will undermine MIDDD's preparation of both its closing argument in the confirmation hearing and its argument on summary judgment.

3.      Moreover, the closing arguments on confirmation are anticipated to occur before the October 24, 2014 date that the City seeks for a hearing on the Summary Judgment Motion. Thus, granting the Motion to Expedite will not shorten the confirmation hearing in any way, or otherwise aid in the confirmation process.

4.      While the City accuses MIDDD of "desperate" litigation tactics, the City is now transparently employing all means available to attempt to silence MIDDD's meritorious confirmation objections.  It is no coincidence that the filing of the Summary Judgment Motion several months after the City became aware of the MIDDD Claim and its objections to the Plan, and the instant attempt to expedite consideration, have occurred near the end of the confirmation process and while the parties are still in mediation discussions.  In fact, it is clear from the

Motion to Expedite that the City's goal is to "expedite a resolution of MIDDD's claim and plan objection" by attempting to influence both the confirmation and mediation processes.

5.      Finally, even if this Court rules against MIDDD on summary judgment, if MIDDD appeals that decision, it will, by definition, still have an asserted "right to payment," albeit "disputed," within the broad definition of "claim" in section 101(5) of the Bankruptcy Code, and thus remain a creditor until all appeals are resolved.  See F.C.C. v. NextWave Personal Commc'ns Inc., 537 U.S. 293, 302, (2003) (in defining the term "claim," specifying what interests must be asserted in the bankruptcy court and what is discharged by the proceeding, Congress gave the term the "broadest available definition") (quoting Johnson v. Home State Bank, 501 U.S. 78 (1991)).  As this Court is aware, its decisions are subject to at least one, and often two or three levels of appellate review.  To hold that a claimant's "claim" is completely extinguished for standing purposes even if the claimant continues to assert the merits of the claim in an appellate court would undermine the purposes of appellate process.

6.      Further, the City's attempt to distinguish the ruling in Surabian v. Picard, 2014 WL 917091 at *2 n.2 (S.D.N.Y. March 7, 2014)—that a party's standing as a "person aggrieved" is not extinguished where an order expunging its claims is pending appeal—by asserting that the ruling only applies to appellate standing is unavailing.  In fact, the "person aggrieved" standard for appellate standing is narrower than the broad standing to object to confirmation afforded to any "party in interest" that has any "practical stake in the outcome of the proceedings."  See In re Congoleum Corp., 414 B.R. 44, 56 (D.N.J. 2009) ("Standing to appeal from an order of the Bankruptcy Court is subject to a more restricting, prudential limitation (the 'person aggrieved' standard) than is applicable for general standing to participate in the early stage of a bankruptcy proceeding").  Accordingly, it makes no sense to argue that a party whose claim disallowance

3

has been appealed, like the party in <u>Surabian</u>, could have standing to appeal bankruptcy court orders but would no longer have the ability to participate in the process in the bankruptcy court.[1]

*[Remainder of Page Left Intentionally Blank]*

---

[1]     The City's reliance on <u>In re Whatley</u>, 155 B.R. 775 (Bankr. D. Colo. 1993) is misplaced, as the creditor did not have the opportunity to, and thus did not, appeal the disallowance of its claim prior to the entry of an order authorizing a sale of property or the confirmation order.

4

WHEREFORE, MIDDD requests that the Court deny the Motion to Expedite.

Dated: October 15, 2014

DECHERT LLP

By:     /s/ Allan S. Brilliant
Allan S. Brilliant
Stephen M. Wolpert
1095 Avenue of the Americas
New York, NY 10016
Telephone: (212) 698-3500
Facsimile: (212) 698-3599
allan.brilliant@dechert.com
stephen.wolpert@dechert.com

*Attorneys for Macomb Interceptor Drain
Drainage District*

Respectfully submitted,

KIRK, HUTH, LANGE & BADALAMENTI

By:   /s/ Raechel M. Badalamenti (P64361)
Raechel M. Badalamenti
Robert T. Carollo Jr.
19500 Hall Road, Suite 100
Clinton Township, MI 48038
Telephone: (586) 412-4900
Facsimile: (586) 412-4949
rbadalamenti@KHLBlaw.com

*Attorneys for Macomb Interceptor Drain
Drainage District*

5