UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
:
---------------------------------------------------x

**REPLY IN SUPPORT OF OBJECTION TO PROOF OF CLAIM
NUMBER 2851 FILED BY THE COALITION OF DETROIT UNIONS**

The City of Detroit (the "City") hereby files this reply (the "Reply") in support of the *Objection of the City of Detroit, Pursuant to Sections 105 and 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007 and Local Rule 3007-1, to Proof of Claim Number 2851 Filed by the Coalition of Detroit Unions* (Docket No. 4874) (the "Claim Objection").[1] In support of this Reply, the City respectfully represents as follows:

1. By the Claim Objection, the City seeks the disallowance and expungement of proof of claim number 2851 (the "Proof of Claim") filed by the Coalition of Detroit Unions (the "Coalition"). See Claim Objection, Ex. 2.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Claim Objection

2. On September 3, 2014, the Coalition filed a response to the Claim Objection (Docket No. 7240) (the "Response").

3. By agreement between the parties, the Proof of Claim was referred to facilitative mediation before the Honorable Victoria A. Roberts. See *Order (I) Referring to Facilitative Mediation Objections to Certain Claims Filed by Michigan AFSCME Council 25 and its Affiliated Detroit Locals and the Coalition of Detroit Unions, (II) Continuing Hearing on Related Claim Objections and (III) Modifying Briefing Schedule* (Docket No. 7663), at ¶ 2. The facilitative mediation was conducted and has been concluded, but did not lead to a resolution.

4. At its heart, by the Proof of Claim, the Coalition attempts to recover alleged damages arising from the necessary cost-savings mechanisms that the City established through the City Employment Terms implemented on July 18, 2012. As discussed below, the City Employment Terms (or "CETs") were implemented lawfully, and the Coalition's claims for damages relating to the CETs therefore fail under applicable law.

5. Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. See 11 U.S.C. §§ 101(5), 101(10). By contrast, there is no right to payment — and therefore no claim — to the extent that the asserted liability is not due and owing by a debtor. No liability on the part of the City is

-2-
13-53846-tjt    Doc 8002    Filed 10/17/14    Entered 10/17/14 23:54:13    Page 2 of 10

due and owing to the Coalition based on the Proof of Claim, which should be disallowed and expunged in its entirety.

## Reply

6. The Coalition claims that the City violated "state labor laws" by (a) failing to execute a 2012 tentative agreement reached between the City and the Coalition; and (b) subsequently unilaterally implementing City Employment Terms for the Coalition's member unions in July 2012. See Response. The Coalition values the Proof of Claim at $242,586,116.50. See Claim Objection Ex. 2 at 2.

***The City Did Not Violate PERA By Failing to Submit the 2012 Tentative Agreement to City Council for Ratification.***

7. The Coalition argues that the City engaged in bad faith bargaining in violation of the Michigan Public Employment Relations Act, MCL 423.201, *et seq*. ("PERA"), by entering into a Financial Stability Agreement with the State of Michigan instead of submitting the tentative agreement between the parties to Detroit City Council for ratification. This argument ignores the financial and political circumstances surrounding the City of Detroit in the Spring of 2012, and misunderstands the standard of good faith under PERA.

8. "When determining whether a party violated its duty to bargain in good faith, this Commission looks to the totality of circumstances surrounding a dispute." *City of Detroit*, 26 MPER ¶ 2 at *14 (2012); see also *City of Detroit*, 25 MPER ¶ 17, 19-20 (2011) ("To determine whether a party has bargained in

good faith, the Commission examines the totality of the circumstances to decide whether a party has approached the bargaining process with an open mind and a sincere desire to reach an agreement.").

9. The Coalition sought injunctive relief before the United States District Court for the Eastern District of Michigan in *Valenti v. Snyder*, 853 F. Supp. 2d 691 (E.D. Mich. 2012), based on the same facts underlying the Proof of Claim. In that case, Senior Judge Tarnow refused to grant injunctive relief and described succinctly the circumstances surrounding the City of Detroit in the Spring of 2012. Judge Tarnow found that:

> Plaintiffs filed this suit in an attempt to save a Tentative Agreement ("TA") that was reached between the City of Detroit and a coalition of thirty City of Detroit unions ("Coalition"). The TA, which was ratified by the Coalition members and approved by the City of Detroit, involves tens of millions of dollars in concessions by union members and would extend their contracts for another three years. Prior to the final requirement that would put the TA into effect (City Council's ratification of the TA) —the State of Michigan and Governor Snyder gave the City of Detroit two options. ***Both options would prevent the TA from going into effect. If City Council ratified the TA, Governor Snyder would appoint an Emergency Financial Manager for the City of Detroit. As an alternative, Detroit was given the option to negotiate a Consent Agreement to avoid takeover by an Emergency Financial Manager. Part of the Consent Agreement, however, is that the City of Detroit would not be allowed to ratify the TA***, and it would place restrictive conditions on the City's ability to engage in collective bargaining.

*Id.* at 693-94 (emphasis added). Thus, the Court found that the State of Michigan (the "State") was not going to permit the tentative agreement to go into effect *regardless* of any actions by the City. *Id.* Given this direction from the State, it would have been futile for the City to seek City Council approval.

10. Further, *Driftwood Convalescent Hospital*, cited by the Coalition at page 11 of the Response holds that "where, as here, the Respondent has withdrawn from tentative agreements during negotiations, the issue … is not whether the Respondent acted in good faith, but whether the Respondent had good cause in unilaterally withdrawing from tentative agreements and concessions made." *Valley W. Health Care*, 312 N.L.R.B. 247, 252 (1993) (partially overruled on other grounds).

11. Here, the City had good cause for withdrawing the tentative agreement – the State made clear that continuing to pursue City Council ratification of the tentative agreement would cause the State to put an emergency financial manager in place at that time, rendering the changes in the tentative agreement ineffective. The Coalition's cites to other cases interpreting PERA are inapposite because none arise in the context of the rights and potential actions by a third party, here the State, that could undermine the implementation of the tentative agreement. Had the City successfully supported the tentative agreement before City Council, the State advised that an emergency financial manager would be

appointed with the power to unilaterally change that agreement. Thus, the Coalition would not have likely received any benefit from the tentative agreement had City Council approved it – in fact they may have been even worse off if the City were placed in financial receivership in 2012.

12. Thus, taking into account the totality of circumstances in the City of Detroit in the Spring of 2012, the City did not act in bad faith and therefore did not violate PERA. As a result, the Proof of Claim should be disallowed and expunged.

*Public Act 4 Allowed the City to Implement*
*City Employment Terms on Coalition Members*

13. The Coalition also argues, without providing any rationale, that the City was not permitted to implement the City Employment Terms on the Coalition on July 18, 2012. This argument is also meritless.

14. On July 18, 2012, the City was operating under former Public Act 4 of 2011, MCL § 141.1501, *et seq.* ("PA 4"), which suspended the City's duty to bargain under PERA (similar to its successor PA 436) beginning 30 days after the City's April 2012 execution of the Financial Stability Agreement with the State. PA 4, at § 14(10) ("Unless the state treasurer determines otherwise, beginning 30 days after the date a local government enters into a consent agreement under this act, that local government is not subject to section 15(1) of 1947 PA 336, MCL 423.215, for the remaining term of the consent agreement."). As such, the

City was permitted to implement City Employment Terms on any of its unions, including the Coalition unions.

16. Thus, the Proof of Claim is meritless and should be disallowed and expunged in its entirety.

*The AFSCME Portion of the Proof of Claim Is Duplicative.*

16. AFSCME has admitted that, of the $255,496,436.50 in alleged liabilities included in the Proof of Claim, 60-70% are also included in proof of claim number 2958 filed by Michigan Council 25 and Its Affiliated Locals (Docket No. 4876 Ex. 1). As such, this portion of the Proof of Claim is duplicative and should be disallowed.

*The Proof of Claim on Behalf of Certain*
*Coalition Unions Has Been Satisfied in Full.*

17. Included on the list of Coalition members are certain unions that have entered into comprehensive settlement agreements with the City in connection with the settlement of their pre-petition grievances. These unions have agreed that their prepetition claims have been satisfied in full. The portions of the Proof of Claim associated with these unions should be disallowed.

## Conclusion

18. For the foregoing reasons, the City requests that the Court (a) sustain the Claim Objection, (b) disallow and expunge the Proof of Claim in its

-7-
13-53846-tjt    Doc 8002    Filed 10/17/14    Entered 10/17/14 23:54:13    Page 7 of 10

entirety and (c) grant such other and further relief to the City as the Court may deem proper.

Dated: October 17, 2014　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　 /s/  Heather Lennox
　　　　　　　　　　　　　　　　David G. Heiman (OH 0038271)
　　　　　　　　　　　　　　　　Heather Lennox (OH 0059649)
　　　　　　　　　　　　　　　　Thomas A. Wilson (OH 0077047)
　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　North Point
　　　　　　　　　　　　　　　　901 Lakeside Avenue
　　　　　　　　　　　　　　　　Cleveland, Ohio  44114
　　　　　　　　　　　　　　　　Telephone:  (216) 586-3939
　　　　　　　　　　　　　　　　Facsimile:  (216) 579-0212
　　　　　　　　　　　　　　　　dgheiman@jonesday.com
　　　　　　　　　　　　　　　　hlennox@jonesday.com
　　　　　　　　　　　　　　　　tawilson@jonesday.com

　　　　　　　　　　　　　　　　Bruce Bennett (CA 105430)
　　　　　　　　　　　　　　　　JONES DAY
　　　　　　　　　　　　　　　　555 South Flower Street
　　　　　　　　　　　　　　　　Fiftieth Floor
　　　　　　　　　　　　　　　　Los Angeles, California 90071
　　　　　　　　　　　　　　　　Telephone:  (213) 243-2382
　　　　　　　　　　　　　　　　Facsimile:  (213) 243-2539
　　　　　　　　　　　　　　　　bbennett@jonesday.com

　　　　　　　　　　　　　　　　John A. Simon (P61866)
　　　　　　　　　　　　　　　　Tamar N. Dolcourt (P73425)
　　　　　　　　　　　　　　　　FOLEY & LARDNER LLP
　　　　　　　　　　　　　　　　500 Woodward Avenue, Suite 2700
　　　　　　　　　　　　　　　　Detroit, Michigan 48226
　　　　　　　　　　　　　　　　Telephone:  (313) 234-7100
　　　　　　　　　　　　　　　　Facsimile:  (313) 234-2800
　　　　　　　　　　　　　　　　jsimon@foley.com
　　　　　　　　　　　　　　　　tdolcourt@foley.com

　　　　　　　　　　　　　　　　ATTORNEYS FOR THE CITY

## CERTIFICATE OF SERVICE

    I, Heather Lennox, hereby certify that the foregoing Reply in Support of Objection to Proof of Claim Number 2851 Filed by the Coalition of Detroit Unions was filed and served via the Court's electronic case filing and noticing system on this 17th day of October, 2014.

                                    /s/ Heather Lennox