[Form of Bond]

United States of America
State of Michigan
County of Wayne

# CITY OF DETROIT
# DISTRIBUTABLE STATE AID FOURTH LIEN RESTRUCTURED BOND (UNLIMITED TAX GENERAL OBLIGATION), SERIES 2014__

REGISTERED OWNER: Michigan Finance Authority

PRINCIPAL AMOUNT: ______________________________ Dollars ($___,000)

DATE OF ORIGINAL ISSUE: ________, 2014

The CITY OF DETROIT, County of Wayne, State of Michigan (the "City"), for value received, hereby promises to pay to the Michigan Finance Authority (the "Authority"), or registered assigns, the Principal Amount shown above, in lawful money of the United States of America, unless prepaid prior thereto as hereinafter provided. Capitalized terms used herein, but not defined herein, shall have the meanings ascribed to them in the Order, as hereinafter defined.

The Principal Amount shall be payable on the dates and in the annual principal installment amounts set forth in Schedule A attached hereto and made a part hereof, or if a portion of the Principal Amount is prepaid as provided below, with interest on said principal installments from the [Date of Original Issue] shown above, until paid at the rate [of interest as set forth on the attached schedule] [of _________ percent (______%) per annum]. Interest is first payable on _________ 1, 20__, and semiannually thereafter on the first day of ________ and _______ of each year, as set forth in the Purchase Contract.

Notwithstanding any other provision of this bond, as long as the MFA is the owner of this bond, (a) this bond is payable as to principal, premium, if any, and interest at the corporate trust office of ___________________________________, __________, ________, or at such other place as shall be designated in writing to the City by the MFA (the "Authority's Depository"); (b) the City agrees that it will cause the Master Trustee to deposit with the MFA's Depository payments of the principal of, premium, if any, and interest on this bond in immediately available funds at least five business days prior to the date on which any such payment is due whether by maturity, redemption or otherwise; and (c) written notice of any redemption of this bond shall be given by the City and received by the MFA's Depository at least 40 days prior to the date on which such redemption is to be made.

## Additional Interest

[In the event of a default in the payment of principal or interest hereon when due, whether at maturity, by redemption or otherwise, the amount of such default shall bear interest

(the "additional interest") at a rate equal to the rate of interest which is two percent above the MFA's cost of providing funds (as determined by the MFA) to make payment on the bonds of the MFA issued to provide funds to purchase this bond but in no event in excess of the maximum rate of interest permitted by law. The additional interest shall continue to accrue until the MFA has been fully reimbursed for all costs incurred by the MFA (as determined by the MFA) as a consequence of the City's default. Such additional interest shall be payable on the interest payment date following demand of the MFA. In the event that (for reasons other than the default in the payment of any municipal obligation purchased by the MFA) the investment of amounts in the reserve account established by the MFA for the bonds of the MFA issued to provide funds to purchase this bond fails to provide sufficient available funds (together with any other funds which may be made available for such purpose) to pay the interest on outstanding bonds of the MFA issued to fund such account, the City shall and hereby agrees to pay on demand only the City's pro rata share (as determined by the MFA) of such deficiency as additional interest on this bond.]

This bond is a single, fully-registered, non-convertible bond in the principal sum of $___,000, issued pursuant to and in accordance with Act 34, Public Acts of Michigan, 2001, as amended, and Act 279, Public Acts of Michigan, 1909, as amended, Act 227, Public Acts of Michigan, 1985, as amended ("Act 227") and pursuant to and in accordance with an Order duly adopted by the Emergency Manager of the City on __________, _____ [and a Supplemental Order of the Authorized Officer of the City issued on _______, ____ (together,] the "Order"). The Bonds are issued for the purpose of restructuring certain unlimited tax general obligation bonds of the City as described in the Order, pursuant to the City's Plan of Adjustment under the Bankruptcy Case.

[Optional and/or Mandatory Redemption Provisions]

This Bond is payable out of the City's Debt Retirement Fund for this issue (which will be held by the Master Trustee), and the City is obligated to levy annually sufficient taxes to provide for the payment of the principal of and interest on the bonds of this issue as they mature on all taxable property in the City without limitation as to rate or amount (the revenues of such levy, the "Debt Millage Revenues").

The Bonds shall be payable from and secured, to the extent permitted by applicable law, including without limitation, Section 12(1)(x) of Act 436, by a lien on the Debt Millage Revenues.

The Debt Millage Revenues as pledged by the City to secure payment of the Bonds, shall constitute "special revenues," as defined in Section 902 of the Bankruptcy Code and "pledged special revenues," as the term is used in Section 922(d) of the Bankruptcy Code.

As additional security for the City's obligation to pay the Bonds, pursuant to Act 227 the City has pledged the payments that the City is eligible to receive from the State of Michigan under Act 140, Public Acts of Michigan, 1971, as amended ("Distributable Aid"), and certain monies in the funds and accounts established by the City with U.S. Bank National Association, as master trustee (the "Trustee"), pursuant to the terms and conditions of a Master Debt Retirement Trust Indenture dated as of March 1, 2010, as supplemented, by (i) the First Supplemental Debt Retirement Trust Indenture dated as of March 1, 2010; (ii) the Second

Supplemental Debt Retirement Trust Indenture dated as of December 1, 2010; (iii) the Third Supplemental Debt Retirement Trust Indenture dated as of March 1, 2012; (iv) the Fourth Supplemental Debt Retirement Trust Indenture dated as of August 1, 2012; and (v) the Fifth Supplemental Debt Retirement Trust Indenture, dated as of ___________, 2014, by and between the City and the Master Trustee (collectively, the "Trust Indenture"). The pledge and lien on Distributable Aid securing the Bonds is on a fourth lien basis to a lien on Distributable Aid securing the City's outstanding Prior DSA Bonds. The City has reserved the right to make additional pledges or assignments of Distributable Aid on a prior, parity or subordinate basis with the pledge of Distributable Aid securing the Prior DSA Bonds and the Bonds as security for future bonds or obligations of the City, subject to the requirements for the issuance of additional bonds and obligations as provided in the Trust Indenture.

This bond is transferable only upon the registration books of the City by the registered owner of record in person, or by the registered owner's attorney duly authorized in writing, upon the surrender of this bond together with a written instrument of transfer satisfactory to the City duly executed by the registered owner or the registered owner's attorney duly authorized in writing, and thereupon a new registered bond or bonds in the same aggregate principal amount and of the same maturity shall be issued to the transferee in exchange therefor as provided in the resolution authorizing this bond and upon the payment of the charges, if any, therein prescribed.

It is hereby certified and recited that all acts, conditions and things required by law to be done, precedent to and in the issuance of this bond and the series of bonds of which this is one, exist and have been done and performed in regular and due form and time as required by law, and that the total indebtedness of the City, including this bond and the series of bonds of which this is one, does not exceed any constitutional, statutory or charter debt limitation.

IN WITNESS WHEREOF, the City of Detroit by authority of its Mayor, has caused this bond to be signed for and on its behalf and in its name by the manual or facsimile signature of the Mayor of the City and the manual or facsimile signature of its Finance Director and the official seal of the City to be impressed hereon, all as of the Date of Original Issue.

**CITY OF DETROIT**
County of Wayne
State of Michigan

By_________________________________

Its Mayor

(SEAL)

By_________________________________

Its Finance Director

## ARTICLE IV

## SPECIAL COVENANTS

Section 401. Tax Exemption Covenant for Tax-Exempt Bonds. The City covenants that it will not take any action, or fail to take any action required to be taken, if taking such action or failing to take such action would adversely affect the general exclusion from gross income of interest on any Tax-Exempt Bonds, from federal income taxation under the Code.

Section 402. Arbitrage Covenant. (a) The City will not directly or indirectly (1) use or permit the use of any proceeds of any Tax-Exempt Bonds or other funds of the City or (2) take or omit to take any action required by Section 148(a) of the Code in order to maintain the exclusion from gross income of the interest on any Tax-Exempt Bonds for federal income tax purposes. To that end, the City will comply with all requirements of Section 148 of the Code to the extent applicable to the Tax-Exempt Bonds and the requirements set forth in the Non-Arbitrage and Tax Compliance Certificate of the City.

(b) Without limiting the generality of subsection (a), above, the City agrees that there shall be paid by the City from time to time all amounts, if any, required to be rebated to the United States pursuant to Section 148(f) of the Code. This covenant shall survive payment in full or defeasance of the Tax-Exempt Bonds.

(c) Notwithstanding any provision of this Section, if the City obtains an opinion of Bond Counsel to the effect that any action required under this Section is no longer required, or that some further action is required, to maintain the exclusion from gross income of the interest of any Tax-Exempt Bonds for federal income tax purposes pursuant to Section 103 of the Code, the City may conclusively rely on such opinion in complying with the provisions hereof.

## ARTICLE V

## FUNDS AND ACCOUNTS; DISPOSITION OF BOND PROCEEDS

Section 501. Establishment of Accounts and Funds. (a) The City hereby establishes and creates the following special, separate and segregated accounts and funds which shall be held in trust by the Master Trustee for the benefit of the Bondholders:

A. Debt Retirement Fund; and
B. Series 2014 Escrow Fund.

(b) Pursuant to Section 201(b) of the Fifth Supplemental Indenture, the Master Trustee shall establish within the Series 2014 Escrow Fund, the separate and segregated sub-accounts designated the "Distributable Aid Account," the "Series 2014 Tax Levy Account" and the "General Account," the deposits into which and withdrawals from which shall be governed by Article II of the Fifth Supplemental Indenture.

(c) The UTGO Debt Millage Fund shall be established with the Debt Millage Escrow Trustee by the Finance Director of the City under the Debt Millage Escrow Agreement which is

hereby authorized. The Finance Director is hereby authorized to negotiate the terms of the Debt Millage Escrow Agreement and to execute and deliver it for and on behalf of the City. The Finance Director is further hereby authorized to establish such accounts, subaccounts or other funds as shall be required for the Bonds, if any, to accommodate the requirements of such series of Bonds.

Section 502. Debt Retirement Fund-All Bonds. Proceeds of the Debt Millage Revenues levied pursuant to Section 301 hereof and transferred by the Debt Millage Escrow Trustee to the Master Trustee in accordance with the terms of the Debt Millage Escrow Agreement shall be used to pay the principal of and interest on the Bonds when due. The foregoing amounts shall be placed in the Debt Retirement Fund and held in trust by the Master Trustee, and so long as the principal of or interest on the Bonds shall remain unpaid, no moneys shall be withdrawn from the Debt Retirement Fund except to pay such principal and interest. Any amounts remaining in the Debt Retirement Fund after payment in full of the Bonds shall be retained by the City to be used for any lawful purpose.

Section 503. Debt Retirement Fund – Series 2014 Escrow Fund. As additional security for Bonds, Distributable Aid payments to be received by the City from time to time shall be distributed by the State Treasurer to the Master Trustee and deposited by the Master Trustee in the Debt Retirement Fund (designated the "Distributable State Aid – Common Debt Retirement Fund" in the Master Indenture), and allocated and set-aside by the Master Trustee into the Series 2014 Escrow Fund in accordance with the provisions of the Master Indenture and the related Fifth Supplemental Indenture for the payment of the principal of and interest on the Bonds when due. Any amounts remaining in the Debt Retirement Fund after the setting aside of the amounts necessary to satisfy the Deposit Date Balance Requirements (defined in the Master Indenture) of all DSA Escrow Funds (defined in the Master Indenture), shall be released to the City for deposit to the General Fund of the City.

Section 504. Investment of Monies in the Funds and Accounts. (a) The Finance Director shall direct the investment of monies on deposit in the Funds and Accounts established hereunder, and the Master Trustee, upon written direction or upon oral direction promptly confirmed in writing by the Finance Director, shall use its best efforts to invest monies on deposit in the Funds and Accounts in accordance with such direction.

(b) Monies on deposit in the Funds and Accounts may be invested in such investments and to the extent permitted by applicable law.

## ARTICLE VI

## THE MASTER TRUSTEE

Section 601. Master Trustee. Except as otherwise required by the MFA, the Master Trustee for the Bonds shall act as bond registrar, transfer agent and trustee for the Bonds, and shall be initially U.S. Bank National Association, Detroit, Michigan, or such other bank or trust company located in the State of Michigan which is qualified to act in such capacity under the laws of the United States of America or the State of Michigan. The Master Trustee means and includes any company into which the Master Trustee may be merged or converted or with which

it may be consolidated or any company resulting from any merger, conversion or consolidation to which it shall be a party or any company to which the Master Trustee may sell or transfer all or substantially all of its corporate trust business, provided, that such company shall be a trust company or bank which is qualified to be a successor to the Master Trustee as determined by the Finance Director, shall be authorized by law to perform all the duties imposed upon it by this Order, and shall be the successor to the Master Trustee without the execution or filing of any paper or the performance of any further act, anything herein to the contrary notwithstanding. The Finance Director is authorized to enter into a Fifth Supplement to the Master Trust Indenture in the form of a Fifth Supplemental Indenture with the Master Trustee, and from time to time as required, may designate a similarly qualified successor Master Trustee and enter into an agreement therewith for such services.

Section 602. Fifth Supplemental Indenture. The Authorized Officers are each hereby authorized and directed on behalf of the City to take any and all other actions and perform any and all acts that shall be required, necessary or desirable to enter into and implement the Fifth Supplemental Indenture with the Master Trustee, including, but not limited to, entering into an agreement with the State Treasurer in accordance with Act 227 to provide for the direct payment of Distributable Aid by the State Treasurer to the Master Trustee as additional security for the Bonds.

## ARTICLE VII

## SUPPLEMENTAL ORDERS OR RESOLUTIONS

Section 701. Supplemental Orders or Resolutions Not Requiring Consent of Holders of the Bonds. The City may with the prior written consent of the Bond Insurers, which in the opinion of the independent Bond Counsel are affected by such order or resolution, but without the consent of any Bondowner, adopt orders or resolutions supplemental to this Order for any one or more of the following purposes:

(i) to confirm or further assure the security hereof or to grant or pledge to the holders of the Bonds any additional security;

(ii) to add additional covenants and agreements of the City for the purposes of further securing the payment of the Bonds;

(iii) to cure any ambiguity or formal defect or omission in this Order;

(iv) to amend provisions in the Order relating to rebate to the United States Government or otherwise, which in the opinion of Bond Counsel are required in order to maintain the exclusion of interest on the Tax-Exempt Bonds from gross income for federal income tax purposes; and

(v) such other action not materially, adversely and directly affecting the security of the Bonds;

provided that the effectiveness of any supplemental order or resolution is subject to Section 702 to the extent applicable.

Section 702. Opinion and Filing Under Act 34. Before any supplemental order or resolution under this Article shall become effective, a copy thereof shall be filed with the Master Trustee, together with an opinion of Bond Counsel that such supplemental order or resolution is authorized or permitted by this Article; provided that Bond Counsel in rendering any such opinion shall be entitled to rely upon certificates of the Finance Director or other City official, and opinions or reports of consultants, experts and other professionals retained by the City to advise it, with respect to the presence or absence of facts relative to such opinion and the consequences of such facts.

## ARTICLE VIII

## DEFEASANCE

Section 801. Defeasance. Bonds shall be deemed to be paid in full upon the deposit in trust of cash or direct obligations of, or obligations the principal of and interest on which are unconditionally guaranteed by, the United States of America, or any combination thereof, not redeemable at the option of the issuer thereof, the principal and interest payments upon which, without reinvestment thereof, will come due at such times and in such amounts, as to be fully sufficient to pay when due, the principal of such Bonds and interest to accrue thereon, as confirmed by a verification report prepared by an independent certified public accountant; provided, that if any of such Bonds are to be called for redemption prior to maturing, irrevocable instructions to call such Bonds for redemption shall be given only with the prior written consent of the MFA and on such terms as may be required by the MFA. Such cash and securities representing such obligations shall be deposited with a bank or trust company and held for the exclusive benefit of the Owners of such Bonds. After such deposit, such Bonds shall no longer be entitled to the benefits of this Order (except for any rights of transfer or exchange of Bonds as therein or herein provided for) and shall be payable solely from the funds deposited for such purpose and investment earnings, if any, thereon, and the lien of this Order for the benefit of such Bonds shall be discharged.

## ARTICLE IX

## OTHER PROVISIONS OF GENERAL APPLICATION

Section 901. Approval of Other Documents and Actions. The Mayor, the Finance Director, the Treasurer and the City Clerk are hereby authorized and directed on behalf of the City to take any and all other actions, perform any and all acts and execute any and all documents that shall be required, necessary or desirable to implement this Order.

The Finance Director is authorized to file applications with and to pay the related fees, if any, to the Michigan Department of Treasury at his discretion under Act 34 for an Order or Orders of Approval to issue all or a portion of the Bonds, and apply for such waivers or other Treasury approvals as necessary to implement the issuance, delivery and security for the Bonds, and as required by the Michigan Department of Treasury and Act 34. The Finance Director is authorized and directed to apply for ratings on the Bonds, if necessary, and pay any post closing filing fees required by Act 34 to the Michigan Department of Treasury or other specified agency, from legally available funds.

Section 902. Continuing Disclosure Undertaking. The City shall enter into a continuing disclosure undertaking pursuant to Rule 15c2-12 promulgated by the Securities and Exchange Commission (the "Rule") for the benefit of the MFA and the holders and beneficial owners of the MFA Bonds in connection with the delivery of the Bonds as to which the Rule is applicable, as more specifically set forth in Exhibit D hereto (the "Undertaking"); provided, however, that the terms of the Undertaking are subject to completion and modification prior to delivery of the Bonds by the Finance Director to such extent as the Finance Director shall deem necessary to comply with law or market requirements. The Finance Director is authorized to execute and deliver the Undertaking after completion and modification as provided in this Order and the Supplemental Order.

Section 903. Delegation of City to, and Authorization of Actions of the Mayor and the Finance Director. (a) Prior to the delivery date for the Bonds, the Finance Director may cause the preparation and approve the form and distribution of City disclosure, if necessary, for any Preliminary Official Statement or Official Statement of the MFA and offering materials to be used in conjunction with the transfer of the Municipal Obligations to the MFA in form and substance reasonably acceptable to the Bond Insurers, and the issuance of the MFA Bonds, and the Mayor or Finance Director shall deem the City's disclosure "final" for purposes of Rule 15c2-12 of the Securities and Exchange Commission.

(b) The Finance Director is hereby authorized and directed to do and perform any and all acts and things with respect to the Bonds which are necessary and appropriate to carry into effect, consistent with this Order, the authorizations therein and herein contained, including without limitation, the securing of ratings by bond rating agencies, if cost effective, the negotiation for and acquisition of bond insurance and/or other credit enhancement, if any, to further secure the Bonds or any portions thereof, the acquisition of an irrevocable surety bond to fulfill the City's obligation to fund any reserve account, the printing of the Bonds and the incurring and paying of reasonable fees, costs and expenses incidental to the foregoing and other costs of issuance of the Bonds including, but not limited to fees and expenses of bond counsel, financial advisors, accountants and others, from Bond proceeds or other available funds, for and on behalf of the City.

(c) Except as otherwise provided herein, all determinations and decisions of the Finance Director with respect to the issuance and sale of the Bonds as permitted or required by this Order shall be confirmed by the Authorized Officer in a Supplemental Order or Supplemental Orders, and such confirmations shall constitute determinations that any conditions precedent to such determinations and decisions of the Authorized Officer have been fulfilled.

Section 904. Act 34 Approval of the Bonds. The Bonds shall neither be issued nor delivered unless and only so long as the issuance of the Bonds as provided herein shall have been authorized and approved in accordance with the applicable provisions of Act 34.

Section 905. Approving Legal Opinions with Respect to the Bonds. Transfer of the Bonds to the MFA shall be conditioned upon receiving, at the time of delivery, the approving opinion of Bond Counsel, approving legality of the Bonds and, with respect to Bonds determined by the Finance Director to be issued on a tax-exempt basis, the exclusion from gross income of the interest paid thereon from federal and State income taxation only.

Section 906. Negotiated Transaction. (a) Pursuant to Section 309(1) of Act 34 the Emergency Manager determines to negotiate the delivery of the Bonds to the MFA in consideration for the transfer by the City to the MFA of the Bonds, as provided in the Purchase Contract approved by the Finance Director within the parameters established hereby, and confirmed by the Finance Director in the Supplemental Order. The reason for choosing a negotiated transaction instead of a competitive sale is that the terms of the Plan of Adjustment and the UTGO Settlement Agreement require the City to secure the payment of the Bonds with Distributable Aid under the terms of Act 227 which may only be accomplished by a delivery of the Bonds to the MFA. The negotiated transaction will allow the Municipal Obligations to be transferred to the MFA in consideration for the MFA Bonds to successfully implement a portion of the Plan of Adjustment.

(b) Subject to the foregoing, the Purchase Contract shall be dated the date of delivery of the Bonds. The Finance Director is hereby authorized and directed to execute the Purchase Contract for and on behalf of the City.

Section 907. Delivery of Bonds. Subject to the approval of the Supplemental Order, the Finance Director is hereby authorized to deliver the Municipal Obligations to the MFA upon the issuance and delivery of the MFA Bonds in consideration therefor.

Section 908. Official Statement. The Finance Director is hereby authorized to execute the Official Statement or other offering materials with respect to the Bonds in the form approved by him with such changes as the Finance Director may authorize. Circulation of the Preliminary Official Statement, if any, or other preliminary offering materials is hereby approved.

Section 909. Appointment of Bond Counsel; Engagement of Other Parties. The appointment by the Emergency Manager of the law firm of Miller, Canfield, Paddock and Stone, P.L.C. of Detroit, Michigan, as Bond Counsel for the Bonds is hereby ratified and confirmed, notwithstanding the periodic representation by Miller, Canfield, Paddock and Stone, P.L.C., in unrelated matters of other parties and potential parties to the issuance of the Bonds. The fees and expenses of Miller, Canfield, Paddock and Stone, P.L.C. as Bond Counsel and other accumulated bond related fees and expenses shall be payable as a cost of issuance from available funds in accordance with the agreement of such firm on file with the Emergency Manager.

Section 910. Parties in Interest. Nothing in this Order, expressed or implied, is intended or shall be construed to confer upon, or to give to, any person or entity, other than the City, the Master Trustee, the MFA, the holders of the Bonds, the holders of the MFA Bonds, the Bond Insurers, and the Dissenting Bond Insurer any right, remedy or claim under or by reason of this Order or any covenant, condition or stipulation hereof, and all covenants, stipulations, promises and agreements in this Order contained by and on behalf of the City, or the MFA shall be for the sole and exclusive benefit of the City and the MFA.

Section 911. No Recourse Under Order. All covenants, agreements and obligations of the City contained in this Order shall be deemed to be the covenants, agreements and obligations of the City and not of any councilperson, member, officer or employee of the City in his or her individual capacity, and no recourse shall be had for the payment of the principal of or interest on the Bonds or for any claim based thereon or on this Order against any councilperson, member,

officer or employee of the City or any person executing the Bonds in his or her official individual capacity.

Section 912. Severability. If any one or more sections, clauses or provisions of this Order shall be determined by a court of competent jurisdiction to be invalid or ineffective for any reason, such determination shall in no way affect the validity and effectiveness of the remaining sections, clauses and provisions hereof.

Section 913. Cover Page, Table of Contents and Article and Section Headings. The cover page, table of contents and Article and Section headings hereof are solely for convenience of reference and do not constitute a part of this Order, and none of them shall affect its meaning, construction or effect.

Section 914. Conflict. All resolutions or parts of resolutions or other proceedings of the City in conflict herewith shall be and the same hereby are repealed insofar as such conflict exists.

Section 915. Governing Law and Jurisdiction. This Order shall be governed by and construed in accordance with the laws of the State.

Section 916. Order and Supplemental Order are a Contract. The provisions of this Order and the Supplemental Order shall constitute a contract among the City, the MFA, the holders of the Bonds and the Bond Insurers.

Section 917. Effective Date. This Order shall take effect immediately upon its adoption by the Council.

Section 918. Notices. All notices and other communications hereunder shall be in writing and given by United States certified or registered mail, expedited courier overnight delivery service or by other means (including facsimile transmission) that provides a written record of such notice and its receipt. Notices hereunder shall be effective when received and shall be addressed to the address set forth below or to such other address as any of the below persons shall specify to the other persons:

If to the City, to:

City of Detroit
Finance Department
1200 Coleman A. Young Municipal Center
Detroit, Michigan 48226
Attention: Finance Director



13-53846-tjt Doc 8029-8 Filed 10/21/14 Entered 10/21/14 03:03:17 Page 10 of 11

| | |
|---|---|
| If to the Master Trustee, to: | U.S. Bank National Association<br>535 Griswold, Suite 550 Buhl Bldg.<br>Detroit, MI 48226<br>Attention: Corporate Trust Dept. |
| If to the MFA, to: | Michigan Finance Authority<br>Austin Building, 1st Floor<br>430 W. Allegan<br>Lansing, MI 48922 |
| If to the Bond Insurers to: | Ambac Assurance Corporation<br>One State Street Plaza<br>New York, New York 10004<br>Attention: Surveillance Department and General Counsel's Office |
| | Assured Guaranty Municipal Corp and Assured Guaranty Corp.<br>31 West 52nd Street<br>New York, NY 10019<br>Attention: Kevin J. Lyons<br>Attention: Terence Workman |
| | National Public Finance Guarantee Corporation<br>113 King Street<br>Armonk, NY 10504<br>Attention: Kenneth Epstein and William J. Rizzo |