THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____x
                                                 :         **Chapter 9**

**In re:**                                          :         **Case No. 13-53846**

**CITY OF DETROIT, MICHIGAN,**               :        **Hon. Steven W. Rhodes**

        Debtor.                                 :

                                                 :

                                                 :

_____x

**RESPONDENTS, ROBERT DAVIS' AND CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S, *CORRECTED* RESPONSE TO THE CITY'S MOTION TO RECONSIDER ORDER GRANTING PETITIONERS ROBERT DAVIS' AND CITIZENS UNITED AGAINST CORRUPT GOVERNMENT'S EMERGENCY MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Pursuant to this Court's October 14, 2014 Order (Dkt. #7938), and LBR 9024-1(a)(2) (E.D. Mich.), Respondents, Robert Davis, and Citizens United Against Corrupt Government ("Respondents" or "Petitioners"), by and through their attorney, Andrew A. Paterson, submit their *Corrected* Response ("Response") to the City's Motion to Reconsider Order Granting Petitioners Robert Davis' and Citizens United Against Corrupt Government's Emergency Motion for Relief from the Automatic Stay (Dkt. #7900) ("City's Motion for Reconsideration").

In support of their Response, Respondents state as follows:

**INTRODUCTION**

On September 30, 2014, this Court, after conducting an emergency hearing, entered an Order Granting Petitioners' Emergency Motion for Relief from the Automatic Stay ("September 30, 2014 Order") (Dkt # 7754). This Court's September 30, 2014 Order permitted Respondents,

individually or collectively,[1] to "immediately file a civil action in the state's Wayne County Circuit Court against the Detroit City Council seeking, only: (1) the declaratory and injunctive relief specifically identified in the Emergency Motion for the Detroit City Council's alleged violations of the Open Meetings Act ("OMA"), and; (2) an award of attorneys' fees and costs as may be provided for by the Open Meetings Act." (Dkt # 7754).

In accordance with the Court's September 30, 2014 Order, Respondent Citizens United Against Corrupt Government ("Respondent Citizens United")[2] so filed on October 1, 2014, a civil action in the Wayne County Circuit Court against the Detroit City Council, which sought declaratory and injunctive relief against the Detroit City Council for alleged violations of the Open Meetings Act pertaining to its series of closed-door meetings held September 23-25, 2014. Respondents' OMA civil action against the Detroit City Council was given Wayne County Circuit Court Case No. 14-012633-AW ("OMA Case" or "OMA Action") and it was assigned to Judge Annette J. Berry ("Judge Berry"). In accordance with the Court's September 30, 2014 Order, Respondent Citizens United also filed on October 1, 2014, an *Ex Parte* Motion for Temporary Restraining Order ("TRO") against the Detroit City Council seeking to enjoin them from convening any other such closed-door meetings for the purpose of discussing the role and/or future of Kevyn Orr as the Emergency Manager for the City of Detroit.

Upon reviewing Respondent Citizens United's pleadings as so filed, Judge Berry granted Respondent Citizens United's *Ex Parte* Motion for a TRO and she set a show cause hearing for October 10, 2014 at 11 a.m. in her courtroom. At approx. 2:32 p.m., on October 9, 2014, counsel for the Detroit City Council filed with this Court a "Notice of Removal". (Dkt # 7907). Counsel

---

[1] Respondent Robert Davis serves as the Director of Respondent Citizens United Against Corrupt Government.

[2] Respondent Robert Davis **is not** a party plaintiff to the OMA Action filed in the Wayne County Circuit Court against the Detroit City Council.

for the Detroit City Council contemporaneously filed with this Court a Motion for Reconsideration of the September 30, 2014 Order (Dkt. # 7900).  At approx. 3:12 p.m., on October 9, 2014 counsel for the Detroit City Council filed with the Wayne County Circuit Court a "Notice of the Filing of A Notice of Removal."  The Detroit City Council's filing of its "Notice of Removal" was nothing more than a stalling tactic in an effort to prevent Judge Berry from ruling on the merits of Respondent Citizens United's OMA Case.

Pursuant to LBR 9024-1(a)(2) (E.D. Mich.), on October 14, 2014, this Court entered its order requiring the Respondents to file a response to the City's Motion for Reconsideration on or before October 28, 2014 (Dkt. # 7938).

## ARGUMENTS

### A. The City's Motion for Reconsideration does not satisfy the Grounds required by LBR 9024-1 for its Motion for Reconsideration to be Granted.

Local Bankruptcy Rule 9024-1 provides the standard by which the Court must construe the City's Motion for Reconsideration.  LBR 9024-1(a)(3) (E.D. Mich.) provides:

> **(3) Grounds.** Generally, and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

LBR 9024-1(c) thus requires that the moving party, in this case the City, not "merely presents the same issues" but rather the moving party must establish "(1) a "palpable defect," and demonstrate that (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition. L.B.R. 9024-1 (E.D.M.)." *In re Harlin*, 325 B.R. 184, 187 (E.D. Mich. 2005) (citations omitted).  As the City correctly cites in its Motion for Reconsideration, "To establish a 'palable defect,' the moving party generally must point to '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law;

or (4) a need to prevent manifest injustice.'" *In re Collins & Aikman Corp.*, 417 B.R. 449, 454 (E.D. Mich. 2009), quoting *Henderson v. Walled Lake Consolidated Schools*, 469 F.3d 479, 496 (6th Cir. 2006).

Here, the City "merely presents the same issues" already ruled upon by the Court, "either expressly or by reasonable implication." Additionally, and contrary to the City's assertion, Respondent Citizens United did not mislead this Court regarding the scope of Respondent Citizens United's OMA Action, nor do the proceedings in the Wayne County Circuit Court differ therefrom – let alone demonstrate a manifest injustice. This Court's September 30, 2014 Order allowed Respondent Citizens United to file their action for the relief "specifically identified in the Emergency Motion for the Detroit City Council's alleged violations of the Open Meetings Act." (Dkt. # 7754). Respondents' Emergency Motion for Relief from the Automatic Stay (Dkt. # 7667) ("Respondents' Emergency Motion"), specifically at ¶ 5, stated that Respondents would be "seeking *immediate* injunctive relief against the Detroit City Council to enjoin it from holding any further closed-door sessions and discussions regarding the Emergency Manager's possible future employment with the Debtor or that exceed the attorney-client privilege exemption set forth in the OMA." (**See ¶ 5 of Respondents' Emergency Motion Dkt. #7667**). As noted, Respondent Citizens United *immediately* filed an *ex parte* Motion for TRO with Judge Berry upon the filing of its complaint with the Circuit Court. Thus, the *Ex Parte* TRO that Judge Berry entered was proper; the *ex parte* TRO was relief "specifically identified in the Emergency Motion for the Detroit City Council's alleged violations of the Open Meetings Act" and as this Court's September 30, 2014 Order required.

Moreover, Judge Berry properly exercised her judicial discretion in granting Respondent Citizens United *ex parte* injunctive relief in accordance with the Michigan Court Rules. The

City's attempt to request this Court to review and reach a legal conclusion regarding the decision of Judge Berry to issue and grant Respondent Citizens United's *ex parte* motion for TRO is inappropriate and is simply beyond this Court's jurisdiction. The City's request would require this Court to exercise appellate review of a state court's decision, which the Supreme Court has prohibited this Court from doing so. See, *McCormick v Braverman*, 451 F.3d 382, 389 (6th Cir. 2006) ("In *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), the Supreme Court reiterated the holding that a [U.S.] district court could not exercise appellate review of a state court decision."). The City's request is plainly nothing more than an attempt to collaterally attack Judge Berry's decision to enter an *ex parte* TRO against the Detroit City Council. However, as this Court is aware, a claim that attacks a state court decision falls within the *Rooker-Feldman* doctrine and action thereon is prohibited. *McCormick*, 451 F.3d at 393.

The City also asserts the entirely frivolous argument that Respondent Robert Davis violated the November 9, 2010 Standing Order ("Standing Order") of retired and former Wayne County Circuit Judge Amy Hathaway, which Order required Respondent Robert Davis to post a $1,000 bond, whenever he files a civil action as a plaintiff, **as an individual**. (**See November 9, 2010 Standing Order of retired Wayne County Circuit Court Judge Amy Hathaway attached hereto as Exhibit A and attached to the City's Motion for Reconsideration as Exhibit #3**). This Court should know that counsel for the City has previously asserted this frivolous argument before in the Wayne County Circuit Court for other clients and has been rebuffed. Attached hereto as **Exhibit B,** is the docket listing of **all** the cases Respondent Citizens United has filed in the Wayne County Circuit Court, some of which were filed against other clients that counsel for the City had represented. (**See Listing of cases filed by Citizens United**

**Against Corrupt Government in Wayne County Circuit Court attached hereto as Exhibit B**). As counsel for the City has been told numerous times by Chief Judge of the Wayne County Circuit Court, Robert J. Colombo, Jr., and by other Judges of the Circuit Court, the Standing Order against Respondent Robert Davis, is against him **as an individual**. Consequently, the Standing Order **does not** apply to Respondent Citizens United, as a separate corporate entity. Respondent Citizens United has **never** posted a $1,000 bond in any of the nearly 30 cases it has filed in Wayne County Circuit Court. As counsel for the City is fully aware, Respondent Citizens United, was properly incorporated as a nonprofit corporation in June 2012 in accordance with the Nonprofit Corporation Act, being MCL 450.2101 *et. seq.* **(See Respondent Citizens United's incorporation papers attached hereto as Exhibit C and attached as Exhibit #4 to the City's Motion for Reconsideration)**. Moreover, pursuant to Mich. Comp. Laws § 450.2261(1)(b) of the Nonprofit Corporation Act, Respondent Citizens United can sue and be sued in its own corporate name.[3] "The law treats a corporation as an entirely separate entity from its shareholders, even where one individual owns all the corporation's stock." *RDM Holdings v Continental Plastics*, 281 Mich App 678; 762 NW2d 529 (2008), quoting *Rymal v Baergen,* 262 Mich App 274, 293; 686 N.W.2d 241 (2004). Importantly, **Respondent Robert Davis is not a named plaintiff** in the OMA Action against the Detroit City Council. Thus, the

---

[3] Mich. Comp. Laws § 450.2261(1)(b) of the Nonprofit Corporation Act states:

(1) *A corporation*, subject to any limitation provided in this act, in any other statute of this state, in its articles of incorporation, or otherwise by law, *has the power in furtherance of its corporate purposes to do any of the following*:

 (b) *Sue and be sued in all courts and participate in actions and proceedings judicial*, administrative, arbitrative, or otherwise, in the same manner as a natural person. (Emphasis supplied).

Standing Order the City references is simply not applicable to Respondent Citizens United's OMA Action.[4]

Finally, the City asserts the equally unsupported argument that Respondent Citizens United *improperly* requested an evidentiary hearing and discovery. This Court's September 30, 2014 Order expressly provided that Respondent Citizens United **could not** take the depositions of the Mayor and the Emergency Manager without first seeking approval from this Court. However, this Court's September 30, 2014 Order **did not prevent, nor prohibit**, Respondent Citizens United from taking the depositions of the members of the Detroit City Council or "*other officials*." Respondent Citizens United's Emergency Motion for Evidentiary Hearing and Discovery, filed with the Circuit Court, does *not* seek to take the depositions of the Mayor or the Emergency Manager. Counsel for the City simply attempts to have this Court speculate as to the "*other officials*" testimony may be obtained from. The City's claim that Respondent Citizens United would seek to procure the testimony of the Mayor and the Emergency Manager - without seeking approval from this Court - is without merit. Respondent Citizens United's motion in the Circuit Court only sought to take the testimony and secure discovery from, the members of the Detroit City Council. The City's argument otherwise, is more evidence of its attempt to delay the case and to further delay the day the citizens know the content of the secret discussions of the City's business.

**B. This Court must abstain from hearing the merits of Respondent Citizens United's OMA Action.**

---

[4] The only reason counsel for the City asserted this frivolous argument was to try to further defame the name and character of Respondent Robert Davis. Counsel for the City has resorted to unprofessional *name calling* because the City simply has no meritorious arguments. It is merely an attempt to cloud the issues.

In its Motion for Reconsideration, the City informed this Court that pursuant to Fed.R.Bankr.P 9027, it contemporaneously filed a notice of removal and in the alternative, requested this Court to exercise jurisdiction to hear Respondent Citizens United's OMA Action. (*See* **pg. 9 of City's Motion for Reconsideration)**. However, for the reasons set forth in Respondent Citizens United's Emergency Motion for Mandatory Abstention, filed in the Adversary Case No. 14-05059 (Dkt. #5), and which is incorporated by this reference herein, this Court must abstain from hearing the merits of Respondent Citizens United's OMA Action pursuant to 28 U.S.C. § 1334(c)(2), and allow it to be heard in the Wayne County Circuit Court, which has jurisdiction.

**C. Respondents' request sanctions be found against Counsel for the City.**

As noted, the City's motion was filed for no other purpose than to harass Respondents and to cause an immediate and unnecessary delay in the adjudication of Respondents' OMA Action in the Wayne County Circuit Court. In this the City has succeeded. The City is well aware of the mandatory abstention doctrine set forth in 28 U.S.C. § 1334(c)(2) and thus, its filing of a notice of removal and its request in its Motion for Reconsideration, for this Court to exercise jurisdiction to hear Respondent Citizens United's OMA Action, was intentionally done to simply delay the adjudication of Respondent Citizens United's OMA Action.

Fed.R.Bankr.P. 9011 provides:

> REPRESENTATIONS TO THE COURT. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—[1]
> 
> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> 
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

Page **8** of **9**

13-53846-tjt    Doc 8037    Filed 10/21/14    Entered 10/21/14 16:47:12    Page 8 of 9

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

The City's Motion for Reconsideration violates Fed.R.Bankr.P. 9011 and Respondents' request that sanctions be issued against counsel for the City.

## CONCLUSION/PRAYER FOR RELIEF

For the foregoing reasons, the City's Motion for Reconsideration should be DENIED. Further, Respondents' pray this Court assess sanctions in accordance with Fed.R.Bankr.P. 9011, against counsel for the City for its filing of this frivolous motion.

Respectfully submitted,

/S/ Andrew A. Paterson (P18690)
Attorney for Respondents/Petitioners
46350 Grand River, Suite C
Novi, MI 48374
(248) 568-9712

**DATED: October 21, 2014**