UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                                         :
In re                                                    : Chapter 9
                                                         :
CITY OF DETROIT, MICHIGAN,                               : Case No. 13-53846
                                                         :
                      Debtor.                            : Hon. Steven W. Rhodes
                                                         :
---------------------------------------------------------x

**MOTION OF THE CITY OF DETROIT, PURSUANT TO
SECTION 105(a) OF THE BANKRUPTCY CODE, FOR AN
ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES
NOT APPLY TO DISCIPLINARY PROCEEDINGS INITIATED
BY THE CITY AGAINST CITY OFFICERS AND EMPLOYEES**

The City of Detroit, Michigan (the "City") hereby files this motion, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), for the entry of an order[1] confirming that the automatic stay provisions of sections 362 and 922 of the Bankruptcy Code (as modified or extended by orders of the Court, the "Automatic Stay") do not apply to disciplinary proceedings, including arbitration proceedings, initiated by the City against officers or

---

[1] This Motion includes certain attachments that are labeled in accordance with Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"). Consistent with Local Rule 9014-1(b), a copy of the proposed form of order granting this Motion is attached hereto as Exhibit 1 (the "Proposed Order"). A summary identifying each included attachment by exhibit number is appended to this Motion.

employees of the City (collectively, the "Disciplinary Proceedings").  In support of this Motion, the City respectfully represents as follows:

**Background**

1. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 case in history.

2. On December 5, 2013, the Court entered the Opinion Regarding Eligibility (Docket No. 1945) and the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) thereby finding that the City is eligible to be a debtor under chapter 9 of the Bankruptcy Code and entering an order for relief in favor of the City.

3. On September 16, 2014, the City filed the Seventh Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 7502) (as it may be further amended, modified or supplemented from time to time, the "Plan"). The hearing on confirmation of the Plan commenced on August 29, 2014 and is ongoing as of the date hereof.[2]

---

[2] Pursuant to the terms of the Plan, the City anticipates that, upon the confirmation and effectiveness of the Plan, an injunction will take effect enjoining the enforcement of certain claims involving the City, among other entities (the "Plan Injunction").  Just as with respect to the Automatic Stay, the City submits that the Plan Injunction is not intended to, and will not, enjoin the City's prosecution of the Disciplinary Proceedings.

## Jurisdiction

4. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

5. The Automatic Stay does not apply to the Disciplinary Proceedings because the Disciplinary Proceedings are initiated by (and not against) the City. Accordingly, the City is authorized to continue to prosecute the Disciplinary Proceedings notwithstanding the pendency of the City's chapter 9 case. Nevertheless, at least one arbitrator presiding over a pending Disciplinary Proceeding involving a City public safety officer (the "Pending Arbitration") has (a) expressed concern over whether the Pending Arbitration is subject to the Automatic Stay and (b) requested an order of the Court confirming that the City may continue to prosecute the Pending Arbitration notwithstanding the Automatic Stay.[3] Therefore, to permit the City to continue prosecuting the Pending Arbitration and all other Disciplinary Proceedings without further delay, and to avoid the potentially unnecessary payment of compensation to suspended

---

[3] In the interests of protecting the privacy of the public safety officer involved in the Pending Arbitration, the City has not disclosed herein the identity of the officer or the caption of the proceeding. If the Court requires further information regarding the Pending Arbitration, the City stands ready to provide it under such protections as the Court deems to be appropriate.

employees subject to such proceedings pending their completion, the City hereby requests the entry of an order confirming that the Automatic Stay does not apply to the Disciplinary Proceedings.

**Basis for Relief**

6. Section 105(a) of the Bankruptcy Code authorizes the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

7. The Automatic Stay does not apply to the Disciplinary Proceedings. In chapter 9, the Automatic Stay by its terms applies to actions against the debtor and to acts to obtain possession of or exercise control over property of the debtor.[4]

---

[4] Section 362(a) of the Bankruptcy Code provides in relevant part:

> [A] petition filed under . . . this title . . . operates as a stay, applicable to all entities, of —
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> . . .
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate . . . .

11 U.S.C. § 362(a). Section 362 of the Bankruptcy Code is made applicable in chapter 9 by section 901 of the Bankruptcy Code. See 11 U.S.C.

-4-
13-53846-tjt  Doc 8060  Filed 10/22/14  Entered 10/22/14 15:14:52  Page 4 of 20

8. Although the scope of the Automatic Stay is broad, it does not apply to claims asserted by the debtor against other parties. See Crosby v. Monroe Cnty., 394 F.3d 1328, 1331 n.2 (11th Cir. 2004) ("The automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362, does not extend to lawsuits initiated by the debtor."); U.S. Abatement Corp. v. Mobil Exploration & Producing U.S. (In re U.S. Abatement Corp.), 39 F.3d 563, 568 (5th Cir. 1994) (concluding "counterclaims asserted by a debtor are not actions 'against the debtor' which are subject to the automatic stay"); Mar. Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1203-04 (3d Cir. 1991) ("Although the scope of the automatic stay is broad, the clear language of section 362(a) indicates that it stays only proceedings against a 'debtor' – the term used by the statute itself."); Carley Capital Grp. v. Fireman's Fund Ins. Co., 889 F.2d 1126, 1127 (D.C. Cir. 1989) (the automatic stay is inapplicable to suits brought by the debtor); Bill Heard Chevrolet Corp. – Nashville v. Histle, 2006 U.S. Dist. LEXIS 8464, at *5 (M.D. Tenn. Feb. 10, 2006) (recognizing that "[n]umerous circuits and other courts have held that the automatic stay does not apply to lawsuits initiated by the debtor . . . .").

---

§ 901(a). Section 902 of the Bankruptcy Code provides that references to "'property of the estate' when used in a section that is made applicable in a case under this chapter . . . means property of the debtor." 11 U.S.C. § 902.

9. In addition, the Automatic Stay does not bar defendants from defending against actions commenced and prosecuted by the debtor.[5] See U.S. Abatement Corp., 39 F.3d at 568 ("If a debtor's offensive claims are not subject to the automatic stay, *a fortiori* a creditor's motion to reinstate and seek summary judgment of such non-stayed claims is not subject to the automatic stay."); Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989) (finding defendant did not violate the automatic stay provision by moving to dismiss plaintiff-debtor's state-court action); Hayes v. Liberty Mut. Grp. Inc., 2012 U.S. Dist. LEXIS 61419, at *11 (E.D. Mich. May 2, 2012) (concluding, notwithstanding the Automatic Stay, that a non-debtor defendant may defend against the debtors' claims, "including defense by way of dispositive motion").

10. Here, the Automatic Stay does not apply to the Disciplinary Proceedings because they are offensive actions commenced by the City as plaintiff against City officers and employees that are subject to disciplinary action.

---

[5] Defendants in actions commenced by the debtor may be prevented from asserting certain counterclaims against the debtor absent relief from the Automatic Stay. See Mar. Elec. Co., 959 F.2d at 1205 (counterclaims by defendants against the debtor "are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay."); In re Enron Corp., 2003 Bankr. LEXIS 2261, at *11 (Bankr. S.D.N.Y. Jan. 13, 2003) ("[W]here a debtor is the initial plaintiff, counterclaims for affirmative relief implicate the automatic stay."). No counterclaim is asserted in the Pending Arbitration. Any counterclaims asserted against the City will remain subject to the Automatic Stay, absent further order of the Court.

Nevertheless, the arbitrator presiding over the Pending Arbitration has stayed that proceeding pending receipt of an order of this Court confirming that the City may continue to prosecute the Pending Arbitration notwithstanding the City's chapter 9 case. The City anticipates that parties presiding over other Disciplinary Proceedings – including other arbitration proceedings – may in the future insist upon the receipt of a similar order.

11. The continuation of pending Disciplinary Proceedings will avoid unnecessary delays in their prosecution and the expenses often attendant in such delays, including, without limitation, the unnecessary compensation of suspended employees. Accordingly, the City requests that the Court enter an order, pursuant to its authority under section 105(a) of the Bankruptcy Code, confirming that the Automatic Stay does not apply to the Disciplinary Proceedings generally.

## Notice

12. Notice of this Motion has been given to the defendant in the Pending Arbitration and all entities that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The City submits that no other or further notice need be provided.

### Statement of Concurrence

13. Local Rule 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied." Local Rule 9014-1(g). The City believes that it would be unduly burdensome to request and obtain the concurrence of each of the defendants in all Disciplinary Proceedings to the relief requested herein. On October 16, 2014, the City requested the concurrence of the defendant in the Pending Arbitration to the relief requested herein. As of the date of filing of this Motion, the defendant in the Pending Arbitration has not consented to the relief requested herein.

### Statement Regarding Evidentiary Nature of Hearing

14. The City believes that this Motion raises no factual issues and anticipates that an evidentiary hearing on this Motion will not be required.

### No Prior Request

15. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein the City respectfully requests that this Court (a) enter the Proposed Order and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: October 22, 2014               Respectfully submitted,

/s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice of Motion |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6 | None |

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
-------------------------------------------------------x
                                                       :
In re                                                  : Chapter 9
                                                       :
CITY OF DETROIT, MICHIGAN,                             : Case No. 13-53846
                                                       :
            Debtor.                                    : Hon. Steven W. Rhodes
                                                       :
                                                       :
-------------------------------------------------------x
```

## ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO DISCIPLINARY PROCEEDINGS INITIATED BY THE CITY AGAINST CITY OFFICERS AND EMPLOYEES

This matter coming before the Court on the Motion of the City of Detroit, Pursuant to Section 105(a) of the Bankruptcy Code, for an Order Confirming that the Automatic Stay Does Not Apply to Disciplinary Proceedings Initiated by the City Against City Officers and Employees (the "Motion"),[1] filed by the City of Detroit. Michigan (the "City"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C.

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

§§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, (d) the Automatic Stay is inapplicable to claims asserted by the City in the Disciplinary Proceedings, including the Pending Arbitration, and (e) the relief requested in the Motion and granted herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code and in the best interests of the City, its creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The City is authorized to continue to prosecute Disciplinary Proceedings, including the Pending Arbitration, that have been initiated by the City against City employees. Similarly, the applicable defendants are permitted to defend against any such Disciplinary Proceedings; *provided that* any counterclaims that may be asserted by the defendants against the City are subject to the Automatic Stay.

3. This Order shall be effective immediately upon its entry.

**EXHIBIT 2**

Form B20A(Official Form 20A)
12/1/10

**UNITED STATES BANKRUPTCY COURT**
**Eastern District of Michigan**

**In re:**

**CITY OF DETROIT, MICHIGAN,**

**Debtor.**

**Chapter: 9**

**Case No.: 13-53846**

**Judge: Hon. Steven W. Rhodes**

Address: 2 Woodward Avenue, Suite 1126
Detroit, Michigan 48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any): 38-6004606

**NOTICE OF MOTION OF THE CITY OF DETROIT, PURSUANT
TO SECTION 105(A) OF THE BANKRUPTCY CODE, FOR AN ORDER
CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO DISCIPLINARY
PROCEEDINGS INITIATED BY THE CITY AGAINST CITY OFFICERS AND EMPLOYEES**

The City of Detroit, Michigan (the "City") has filed papers with the Court seeking entry of an order, pursuant to sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code") confirming that the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended by orders of the Court, is inapplicable to disciplinary proceedings initiated by the City against City officers and employees.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or by November 5, 2014**, you or your attorney must:

1.        File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan  48226

If you mail your response to the court for filing, you must mail it early
enough so the court will **receive** it on or before the date stated above.
All attorneys are required to file pleadings electronically.

---

[1]        Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

You must also mail a copy to:

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500

2. If a response or answer is timely filed and served, the Court will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated: October 22, 2014            Respectfully submitted,

/s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

**EXHIBIT 4**

# **CERTIFICATE OF SERVICE**

      I, Heather Lennox, hereby certify that the foregoing Motion of the City of Detroit, Pursuant to Section 105(a) of the Bankruptcy Code, for an Order Confirming that the Automatic Stay Does Not Apply to Disciplinary Proceedings Initiated by the City Against City Officers and Employees was filed and served via the Court's electronic case filing and noticing system on this 22nd day of October, 2014.

                                          /s/  Heather Lennox