UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re:<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor, | Chapter 9<br><br>No. 13-53846<br><br>HON. STEVEN W. RHODES |
|---|---|

**ATTACHMENT 6**

**APPELLANTS STATE OF MICHIGAN AND CITY OF DETROIT, MICHIGAN'S DESIGNATION OF THE CONTENTS OF THE RECORD AND STATEMENT OF ISSUES ON APPEAL**

| Design-ation | Filing Date | Docket # | Description |
|---|---|---|---|
| 6. | 9/10/2014 | 7403 | City of Detroit's Objection and Brief in Opposition to American Federation of State, County and Municipal Employees Michigan Council 25's Motion to Modify the Automatic Stay |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| In re: | : | Bankruptcy Case Number 13-53846 |
|---|---|---|
| City of Detroit, Michigan, | : | Honorable Steven W. Rhodes |
| Debtor. | : | Chapter 9 |

# CITY OF DETROIT'S OBJECTION AND BRIEF IN OPPOSITION TO AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES MICHIGAN COUNCIL 25'S MOTION TO MODIFY THE AUTOMATIC STAY

The City of Detroit (the "City"), by its undersigned counsel, files this objection ("Objection") to the American Federation of State, County and Municipal Employees Michigan Council 25's ("AFSCME") Motion to Modify the Automatic Stay ("Motion") (Doc. No. 7093), respectfully stating as follows:

The underlying litigation for which stay relief is sought is another attack upon PA 436 and its predecessor. AFSCME asserts that this litigation bears similarities to the previous *Phillips* motion in which stay relief was granted[1] by this Court and, by inference, is not similar to the NAACP motion in which stay relief was denied.[2] The AFSCME litigation is, however, similar in several important respects to the NAACP matter and is substantively different in several important and controlling respects to matters in which relief was granted. Here, as opposed

[1] See Docket Nos. 1004, 1536.
[2] See Docket Nos. 740, 1536.



to the other matters, AFSCME seeks to enjoin the Governor, the Treasurer and "all persons and entities acting in concert with them, from taking any further actions to implement or enforce the unconstitutional provisions of PA 4 or PA 436." Complaint[3] at 15, ¶ 6. On its face, this relief implicates the actions taken and to be taken by the City's Emergency Manager in this bankruptcy case. This Court premised its ruling in *Phillips* on the basis that the complaint would have absolutely no bearing on the City's bankruptcy case. A similar conclusion cannot be reached here.

Additionally, the AFSCME complaint asserts facial challenges to the constitutionality of PA 436. Even though this Court has upheld the constitutionality of PA 436, the City was and remains concerned that issues of issue or claim preclusion could arise if the AFSCME matter were to continue while the City's case is open, thus delaying or complicating the City's bankruptcy case. Moreover, this bankruptcy case appears to be evolving in a way that could eliminate appellate challenges and thus waiting until the plan is confirmed to deal with the AFSCME matter could avoid any pitfalls in this process resulting from collateral proceedings.[4]

---

[3] The term "Complaint" means the Complaint for Declaratory and Injunctive Relief attached as Exhibit 1 to the Motion.

[4] For that matter, the automatic and extended stays will dissolve upon the effective date of the City's plan of adjustment.

A law found to be unconstitutional is treated as unenforceable. *Coleman v. Ann Arbor Transp. Auth.*, 904 F. Supp. 2d 670, 682-83 (E.D. Mich. 2012). In Michigan, the default rule is to treat such statutes as void *ab initio*. *Stanton v. Lloyd Hammond Produce Farms*, 400 Mich. 135, 144-45 (1977). Thus, a finding that PA 436 is unconstitutional could cast doubt upon the City's bankruptcy case, and most importantly, the various agreements that have been reached between the City and objecting parties, and the confirmability of the City's plan of adjustment. It is unrealistic to think that some party would not endeavor to utilize such a ruling to further complicate, delay, or even defeat the confirmation of the plan.

The judge presiding over the District Court matter, Honorable Terrence Berg, indicated in his order staying that case his concern over what effect AFSCME's facial challenge to PA 436 might have on the City's bankruptcy case. Motion, ¶ 17; Ex. 2, p. 1 ("Further, and importantly, Plaintiffs' complaint includes a facial challenge to the constitutionality of the state laws under which Emergency Managers are appointed and operate."). The City shares this concern. Plaintiffs also seek to enjoin the Governor and others from taking further actions under PA 436. Prayer for Relief, ¶ 6. This broad relief, if granted, could adversely affect the plan confirmation process as discussed above.

## CONCLUSION

WHEREFORE, since the Motion seeks relief that could be construed as a facial challenge to PA 436 or otherwise affect the powers of the City's Emergency Manager, the City asks this Court to DENY the Motion.

September 10, 2014

Respectfully submitted,

By: /s/Timothy A. Fusco

Timothy A. Fusco (P13768)
Jonathan S. Green (P33140)
Stephen S. LaPlante (P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com
fusco@millercanfield.com

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

ATTORNEYS FOR THE CITY OF DETROIT

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 10, 2014, he filed ***CITY OF DETROIT'S OBJECTION AND BRIEF IN OPPOSITION TO AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES MICHIGAN COUNCIL 25'S MOTION TO MODIFY THE AUTOMATIC STAY*** ("Objection") using the Court's CM/ECF System which will provide notice of the filing to all registered participants in this matter.

The undersigned further certifies that a copy of the Objection was served via electronic mail upon counsel, as follows:

Richard G. Mack, Jr.
richardmack@millercohen.com

By: /s/Timothy A. Fusco
Timothy A. Fusco