# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION – DETROIT

**IN THE MATTER OF:**

CITY OF DETROIT, MICHIGAN,

      Debtor.

_____ /

Case No. 13-53846-SWR
Honorable STEVEN W. RHODES
Chapter 9

## OBJECTION OF THE WAYNE COUNTY TREASURER TO THE MOTION FOR CONTEMPT AND FOR SANCTIONS AGAINST WAYNE COUNTY TREASURER FILED BY DEBORAH TAITT

**NOW COMES** the Wayne County Treasurer, by and through its counsel, KILPATRICK & ASSOCIATES, P.C., and for its Objection to the Motion for Contempt and for Sanctions Against Wayne County Treasurer Filed by Deborah Taitt states as follows:

1.      On July 18, 2013, the City of Detroit filed a bankruptcy under Chapter 9 of the Bankruptcy Code.

2.      Deborah Taitt ("Taitt") filed the Motion for Contempt and for Sanctions Against Wayne County Treasurer regarding the foreclosure of the property located at 16210 James Couzens, Detroit ("Property") by the Wayne County Treasurer.

## FACTS

3.      The Wayne County Treasurer ("Treasurer") is the tax collecting governmental unit for Wayne County, Michigan. As such, it is the Treasurer's

duty to collect the delinquent property taxes and the delinquent water bills which are included on the tax rolls and which accrue on real property for the County and various cities within the County.

4. It is the duty of the Treasurer of the City of Detroit to collect current year property taxes which accrue on both personal and real property located within the City of Detroit.

5. As of December 1, 2009, Make Way Construction LLC owned the Property and continued to own the Property until the Treasurer foreclosed on it and became fee simple title holder.

6. Taitt admitted that the City of Detroit included delinquent water and sewerage charges on the tax statements on the Property. See copy of the tax statement attached as Exhibit A to the Motion.

7. On or about June 13, 2012, the Treasurer filed a Petition for Foreclosure in the Wayne County Circuit Court (12-007698-CH), pursuant to MCL §211.78h, which included the Property.

8. The Wayne County Circuit Court entered a Judgment of Foreclosure on March 28, 2013 ("Judgment of Foreclosure"). A copy of the Judgment of Foreclosure and the page of Schedule A which references the Property is attached as **Exhibit 1.**

## Other Litigation

9.    The Treasurer, as fee simple owner of the Property, sold the Property to Wayne Gatewood and Rosalind Harris ("Gatewood and Harris").

10.    Gatewood and Harris filed a quiet title action in the Wayne County Circuit Court against Taitt, which was given Case No. 12-017100-CH ("Quiet Title Action").

11.    In the Quiet Title Action, Taitt filed a Third Party Complaint against New York Capital Investments, LLC, Wayne County Treasurer, City of Detroit and the United States ("Third Party Complaint").

12.    On November 26, 2013, the Wayne County Circuit Court granted the Treasurer's Motion for Summary Disposition of the Third Party Complaint ("November 26, 2013 Order").  See copy of November 26, 2013 Order attached as **Exhibit 2.**

13.    On January 3, 2014, the Wayne County Circuit Court entered the Order Denying Motion for Reconsideration of its November 26, 2013 Order.  See copy of Order attached as **Exhibit 3**.

14.    The United States removed the portion of the Third Party Complaint against it to the United States District Court for the Eastern District of Michigan, which was given Case No. 13-cv-11102.

**15.**   On October 18, 2013, the District Court dismissed the Third Party Action against the United States.   See the District Court Order of Dismissal attached as **Exhibit 4.**

16.   Taitt appealed the District Court Order of Dismissal to the Sixth Circuit Court of Appeals and filed a motion for *in forma pauperis* on appeal.

17.   On August 7, 2014, the Sixth Circuit denied the Motion for leave to proceed *in forma pauperis*.   See the Order attached as **Exhibit 5.**

18.   On September 17, 2014, the Sixth Circuit dismissed Taitt's appeal of the District Court Order of Dismissal for want of prosecution.   A copy of the Sixth Circuit Order is attached as **Exhibit 6.**

**Applicable Law**

**Michigan General Property Tax Act**

19.   Property tax assessment and collection in Michigan is governed by the General Property Tax Act, as amended.   MCL § 211.1, et seq.

20.   The taxable status of persons and real and personal property is determined as of the tax day, which in Michigan is December 31 of the immediately preceding year.   MCL § 211.2(2).

21.   Pursuant to Michigan statute, the amounts assessed for real property taxes become a first lien, superior to all other claims, encumbrances and liens, on December 1; or on a day provided for by the charter of a city or village; or on the

day provided for pursuant to the provisions for a jeopardy assessment in section 40a. MCL § 211.40.

22.   If the real property taxes are unpaid on February 15 of the following year, the City of Detroit sends the unpaid taxes, including the delinquent water bills on the tax statement, as delinquent to the Treasurer. MCL § 211.44(9).

23.   If the tax payer fails to redeem the forfeited taxes and water bills, the Treasurer includes the property in the petition for foreclosure filed in the Wayne County Circuit Court. MCL §211.78h.

24.   Pursuant to the Michigan General Property Tax Act, the Treasurer obtained fee simple title to the Property on March 31, 2013 after entry of the Judgment of Foreclosure. MCL §211.78k(5).

**Municipal Water Lien Act**

25.   Michigan provides that the municipality has a lien for water and sewage system service.

> A municipality which has operated or operates a water distribution system or a sewage system for the purpose of supplying water or sewage system services to the inhabitants of the municipality, shall have as security for the collection of water or sewage system rates, or any assessments, charges, or rentals due or to become due, respectively, for the use of sewage system services or for the use or consumption of water supplied to any house or other building or any premises, lot or lots, or parcel or parcels of land, a lien upon the house or other building and upon the premises, lot or lots, or parcel or parcels of land upon which the house or other building is situated or to which the sewage system service or water was supplied. This lien shall become effective immediately upon the distribution of the water

or provision of the sewage system service to the premises or property supplied, but shall not be enforceable for more than 3 years after it becomes effective. MCL §123.162.

26.     The lien for delinquent water and sewage charges may be enforced by the general laws of the state providing for the enforcement of tax liens. MCL §§123.163 and 141.121(3).

## Argument

27.     Taitt did not own the Property as of the entry of the Judgment of Foreclosure.

28.     Taitt had no interest in the Property as of the Judgment of Foreclosure and therefore, no standing to bring this Motion.

29.     The Treasurer has the duty to collect the delinquent taxes, including the delinquent water bills included on the tax rolls, on behalf of the City of Detroit.

30.     The Treasurer filed the Petition for Foreclosure, obtained the Judgment of Foreclosure, and became the fee simple owner of the Property prior to the Petition Date.

31.     The Treasurer's actions to foreclose its interest in the Property was not stayed by the filing of the case at bar since the actions of the Treasurer to foreclose on the Property occurred prior to the Petition Date.

32.     Taitt's Motion is an attempt to collaterally attack the Judgment of Foreclosure obtained by the Treasurer.

33.     Res judicata bars relitigation of the issues regarding the Judgment of Foreclosure before this Court.

34.     The Sixth Circuit Court of Appeals has set forth four requirements to establish that relitigation of a case is barred by res judicata:

> (1) a final decision on the merits by a court of competent jurisdiction;
> (2) a subsequent action between the same parties or their "privies";
> (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and
> (4) an identity of the causes of action.

*Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997).

35.     All four requirements have been met in the prior litigation and therefore, the underlying basis for the Motion is barred by res judicata.

36.     The Wayne County Circuit Court held that Taitt's Third Party Complaint was an improper attack on the Judgment of Foreclosure obtained by the Treasurer. See Exhibit 2, November 26, 2013 Order.

37.     The United States District Court declined to exercise supplemental jurisdiction over Taitt's remaining state law claims and remanded the matter to the Wayne County Circuit Court. See Exhibit 4, District Court Order of Dismissal.

38.     Taitt's appeal to the Sixth Circuit Court of Appeals from the Order of Dismissal dated October 18, 2013 has been dismissed. See Exhibit 6, September 17, 2014 Order.

39.     State and federal courts have issued orders that bar any cause of action by Taitt in attempting to overturn the Judgment of Foreclosure.

40.     There is no legal basis for Taitt to file this Motion and the Treasurer is entitled to its fees and costs in defending this frivolous action.

**WHEREFORE,** The Treasurer prays that this Honorable Court deny the Motion for Contempt and for Sanctions Against Wayne County Treasurer Filed by Deborah Taitt, for costs and attorney fees for having to defend this frivolous motion, and grant such other and further relief as this Court deems just and equitable.

                                   Respectfully Submitted,
                                   **KILPATRICK & ASSOCIATES, P.C.**
                                   Attorney for Wayne County Treasurer

                                   /S/ _Leonora K. Baughman_
                                   LEONORA K. BAUGHMAN (P33534)
                                   615 Griswold, Suite 1708
                                   Detroit, MI 48226
                                   (313) 963-2581
                                   ecf@kaalaw.com

Dated: November 3, 2014

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

**IN THE MATTER OF:**

CITY OF DETROIT, MICHIGAN,

      Debtor.

_____/

Case No. 13-53846-SWR
Honorable STEVEN W. RHODES
Chapter 9

## PROOF OF SERVICE

    **LEONORA K. BAUGHMAN** states that on the 3rd day of November, 2014, she served a copy of the OBJECTION OF THE WAYNE COUNTY TREASURER TO THE MOTION FOR CONTEMPT AND FOR SANCTIONS AGAINST WAYNE COUNTY TREASURER and this PROOF OF SERVICE upon the following parties with the Clerk of the Court using the ECF system which will send notification to all parties of record and by depositing same in a United States postal box located in Auburn Hills, Michigan, with the lawful amount of postage affixed thereto and addressed to:

Deborah Taitt
18420 Wildemere
Detroit, MI 48221

/S/ Leonora K. Baughman
LEONORA K. BAUGHMAN (P33534)
KILPATRICK & ASSOCIATES, P.C.
615 Grisold, Suite 1708
Detroit, MI 48226
(313) 963-2581
ecf@kaalaw.com

# EXHIBIT 1

# STATE OF MICHIGAN
## IN THE THIRD JUDICIAL CIRCUIT COURT
## COUNTY OF WAYNE

In the Matter of the Petition of the Treasurer
for the County of Wayne, State of Michigan,
for the Foreclosure of Certain Lands
for Unpaid Property Taxes.

Hon. Judge Virgil Clark Smith
Circuit Court Case No. 12-007968-CH

_____/

/s/ Sheryl Redmond

## JUDGMENT OF FORECLOSURE

At a Session of said Court held in the C.A.Y.M.C.        12-007968-CH
at Detroit, Michigan on the 28th day of March 2013, A.D.

FILED IN MY OFFICE

Present:        Virgil C. Smith

WAYNE COUNTY CLERK

03/28/13

CATHY M. GARRETT

The Wayne County Treasurer, by and through his attorneys, shows onto this Honorable Court that:

This matter was initiated with the filing of a Petition for Foreclosure on June 13, 2012 by the Wayne County Treasurer, which Petition was supplemented on July 23, 2012, and amended on January 30, 2013 pursuant to this Court's ExParte Order Allowing Amendment of Petition (the Petition, as supplemented and amended, shall hereinafter be referred to as the "Petition").

The Petition identified parcels of property forfeited to the Wayne County Treasurer under MCL 211.78g for the 2010 and/or prior year's unpaid taxes and set forth the amount of the unpaid delinquent taxes, interest, penalties and fees for which each parcel of the property was forfeited. The Petition sought a judgment of foreclosure in favor of the Petitioner, the Wayne County Treasurer, due to the unpaid delinquent taxes, interest, fees and penalties listed against each parcel of property. The Petition further sought a judgment vesting absolute title to each property in the Petitioner, without right of redemption, as to parcels of property not redeemed on or before the March 31 immediately succeeding the date of entry of a judgment.

Before the date of the hearing on the Petition, Petitioner filed with the Clerk of the Court proof of the notice, service or publication required under the General Property Tax Act, P.A. 206 of 1893, as amended, MCL 211.1 et seq.

A hearing on the Petition and objections thereto was held on February 20, 2013, February 21, 2012, March 20, 2013, and March 28, 2013, at which time all parties interested in the forfeited properties were heard.

The Court finds that all those entitled to notice and an opportunity to be heard have been

provided that notice and opportunity. The Court finds that the Petition should be, and hereby is, **GRANTED**.

**THEREFORE IT IS ORDERED:**

a. The amount of the forfeited delinquent taxes, interest, penalties, and fees set forth in the list of foreclosed property contained within the Schedule A , in the form of a CD, attached to this judgment are valid and judgment of foreclosure is entered in favor of the Wayne County Treasurer against each parcel of property for payment of the amount set out against the parcel, including all charges for interest, penalties and fees that have accrued from the date of the filing of the Petition on June 13, 2012 through the date of payment;

b. Fee simple title to each parcel foreclosed upon in the judgment will vest absolutely in the Petitioner, without any further rights of redemption, if all the forfeited delinquent taxes, interest, penalties and fees foreclosed against the parcel are not paid to the County Treasurer on or before March 31, 2013;

c. All liens against the property, except for future installments of special assessments and liens recorded by this state or the foreclosing governmental unit pursuant to the Natural Resources and Environmental Protection Act, 1994 PA 451, MCL 324.101 to 324.90106, are extinguished, if all the forfeited delinquent taxes, interest, penalties and fees are not paid on or before March 31, 2013;

d. The Wayne County Treasurer has good and marketable fee simple title to the property, if all the forfeited delinquent taxes, interest, penalties and fees are not paid on or before March 31, 2013;

e. All existing recorded and unrecorded interests in the property are extinguished, except a visible or recorded easement or right-of-way, private deed restrictions, or restrictions or other governmental interests, imposed pursuant to the Natural Resources and Environmental Protection Act, 1994 PA 451, MCL 324.101 to 324.90106, if all the forfeited delinquent taxes, interest, penalties, and fees are not paid on or before March 31, 2013;

f. Properties listed in the Petition, which are not foreclosed by this judgment and on which delinquent taxes, interest, penalties, and fees remain unpaid and which are not ordered permanently removed, remain subject to future foreclosure proceedings by the foreclosing governmental unit as provided MCL 211.78. The removal of a property from the Petition shall not be prejudicial to its inclusion on any future petition for tax foreclosure filed pursuant to Public Act 123 of 1999, as amended; and

2

g.    This judgment does not resolve the last pending claim and does not close the case.

/s/ Virgil C Smith
_____

Hon. Virgil C. Smith
Chief Judge, Wayne County Circuit Court

#289006

3

CITY OF Detroit WARD 16

| TAX ID. | DESCRIPTION OF LAND | TAX YEAR | BASE TAXES | TOTAL INTEREST | A123 FEE | ADMIN FEE | TOTAL DUE |
|---|---|---|---|---|---|---|---|
| 16036000. | 17327 INDIANA DETROIT | | | | | | |
| | | 2009 | 4,384.04 | 2,433.14 | 293.00 | 175.36 | 7,285.54 |
| | | 2010 | 3,725.02 | 1,396.89 | 293.00 | 149.00 | 5,563.91 |
| | | Total | 8,109.06 | 3,830.03 | 586.00 | 324.36 | 12,849.45 |

W INDIANA LOT 95 SANTA MARIA PARK SUB L48 P10 PLATS, W C R 16/326 40 X 114.02

| TAX ID. | DESCRIPTION OF LAND | TAX YEAR | BASE TAXES | TOTAL INTEREST | A123 FEE | ADMIN FEE | TOTAL DUE |
|---|---|---|---|---|---|---|---|
| 16036844. | 18983 KENTUCKY DETROIT | | | | | | |
| | | 2010 | 2,215.17 | 830.69 | 293.00 | 88.61 | 3,427.47 |
| | | Total | 2,215.17 | 830.69 | 293.00 | 88.61 | 3,427.47 |

W KENTUCKY LOT 53 AND N 8.50 FT LOT 54 CHESTER HEIGHTS SUB L42 P49 PLATS, W C R 16/282 43.50 X 104

| TAX ID. | DESCRIPTION OF LAND | TAX YEAR | BASE TAXES | TOTAL INTEREST | A123 FEE | ADMIN FEE | TOTAL DUE |
|---|---|---|---|---|---|---|---|
| 16036866. | 18639 KENTUCKY ST DETROIT | | | | | | |
| | | 2009 | 2,646.90 | 1,469.03 | 293.00 | 105.88 | 4,514.81 |
| | | 2010 | 2,618.60 | 981.98 | 293.00 | 104.74 | 3,998.32 |
| | | Total | 5,265.50 | 2,451.01 | 586.00 | 210.62 | 8,513.13 |

W KENTUCKY LOT 76 CHESTER HEIGHTS SUB L42 P49 PLATS, W C R 16/282 35 X 104

| TAX ID. | DESCRIPTION OF LAND | TAX YEAR | BASE TAXES | TOTAL INTEREST | A123 FEE | ADMIN FEE | TOTAL DUE |
|---|---|---|---|---|---|---|---|
| 16036909. | 18035 KENTUCKY DETROIT | | | | | | |
| | | 2009 | 1,757.57 | 975.45 | 273.39 | 70.30 | 3,076.71 |
| | | 2010 | 2,584.75 | 969.28 | 293.00 | 103.39 | 3,950.42 |
| | | Total | 4,342.32 | 1,944.73 | 566.39 | 173.69 | 7,027.13 |

W KENTUCKY LOT 358 SEYMOUR & TROESTERS LOYOLA PARK SUB L45 P41 PLATS, WCR 16/322 40 X 112

| TAX ID. | DESCRIPTION OF LAND | TAX YEAR | BASE TAXES | TOTAL INTEREST | A123 FEE | ADMIN FEE | TOTAL DUE |
|---|---|---|---|---|---|---|---|
| 16037186. | 12741 KENTUCKY DETROIT | | | | | | |
| | | 2008 | 144.51 | 106.21 | 216.00 | 5.78 | 472.50 |
| | | 2009 | 1,361.58 | 755.67 | 216.00 | 54.46 | 2,387.71 |
| | | 2010 | 1,663.72 | 623.90 | 293.00 | 66.55 | 2,647.17 |
| | | Total | 3,169.81 | 1,485.78 | 725.00 | 126.79 | 5,507.38 |

W KENTUCKY LOT 34 WYOMING PARK SUB L34 P42 PLATS, W C R 16/241 34 X 100

| TAX ID. | DESCRIPTION OF LAND | TAX YEAR | BASE TAXES | TOTAL INTEREST | A123 FEE | ADMIN FEE | TOTAL DUE |
|---|---|---|---|---|---|---|---|
| 16038410-11 | 15755 WYOMING DETROIT | | | | | | |
| | | 2009 | 767.52 | 425.97 | 116.04 | 30.70 | 1,340.23 |
| | | 2010 | 2,496.46 | 936.18 | 293.00 | 99.86 | 3,825.50 |
| | | Total | 3,263.98 | 1,362.15 | 409.04 | 130.56 | 5,165.73 |

W WYOMING LOTS 15 AND 16 ST MARYS ACADEMY SUB L45 P76 PLATS, W C R 16/396 40 X 90

| TAX ID. | DESCRIPTION OF LAND | TAX YEAR | BASE TAXES | TOTAL INTEREST | A123 FEE | ADMIN FEE | TOTAL DUE |
|---|---|---|---|---|---|---|---|
| 16038783-9 | 16210 JAMES COUZENS DETROIT | | | | | | |
| | | 2010 | 5,536.96 | 2,076.36 | 293.00 | 221.48 | 8,127.80 |
| | | Total | 5,536.96 | 2,076.36 | 293.00 | 221.48 | 8,127.80 |

E JAMES COUZENS DR LOTS 268 THRU 262 EXC JAMES COUZENS HWY AS WD NORTHWESTERN PURITAN SUB L46 P31 PLATS, W C R 16/383 140 X 51

# EXHIBIT 2

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

Wayne Gatewood
Rosalind Harris

     Plaintiffs,

v.

Deborah Taitt, individually

    Defendant and Third Party Plaintiff

v.

New York Capital Investments, LLC
Wayne County Treasurer, City of Detroit
United States

    Third Party Defendants.

Case No. 12-017100-CH

Hon. Virgil C. Smith, Jr.

12-017100-CH
FILED IN MY OFFICE
WAYNE COUNTY CLERK
11/26/2013 9:07:05 AM
CATHY M. GARRETT
/s/ Julia Sawyer

Subject Property: Parcel No. 16038783-9, 16210 James Couzens, Detroit, MI

                                                      /

| | |
|---|---|
| **DEBORAH TAITT**<br>Third Party Plaintiff<br>In Pro Per<br>18420 Wildemere<br>Detroit, MI 48221 | **ZENNA ELHASAN (P67961)**<br>Wayne County Corporation Counsel<br>**RICHARD G. STANLEY (P30552)**<br>Assistant Corporation Counsel<br>Attorneys for Third Party Defendant<br>Raymond Wojtowicz the Wayne County Treasurer<br>400 Monroe, Suite 660<br>Detroit, MI 48226<br>(313) 224-6672 |

                                                      /

## ORDER GRANTING THIRD PARTY DEFENDANT WAYNE COUNTY TREASURER'S RESUBMITTED MOTION FOR SUMMARY DISPOSITION AND FOR DISMISSAL OF THIRD PARTY COMPLAINT AS TO THE WAYNE COUNTY TREASURER WITH PREJUDICE

At a session of said Court, held in the
City of Detroit, County of Wayne,
State of Michigan, on _____11/26/2013_____

      PRESENT: HONORABLE ___Virgil C Smith___
                                  Circuit Court Judge

A Motion for Summary Disposition having been resubmitted by Third Party Defendant Wayne County Treasurer, no response having been filed by the Third Party Plaintiff, and the Court having heard oral argument on November 22, 2013.

IT IS THEREFORE ORDERED:

That for the reasons that, Third Party Plaintiff having failed to appear at the hearing on November 22, 2013, having been provided with minimum due process, having filed a Third Party Complaint as an invalid collateral attack on this Court's Foreclosure Judgments of March 30, 2012 in Docket No. 11-007010-CH and March 28, 2013 in Docket No. 12-007968-CH, having raised no valid issues regarding delinquent water bills, or the authority of the Tax Foreclosure Process, as well as for the other findings stated on the record, Third Party Defendant Wayne County Treasurer's Resubmitted Motion for Summary Disposition is hereby granted and Third Party Plaintiff's Complaint is hereby dismissed with prejudice as to the Wayne County Treasurer.

/s/ Virgil C Smith

HONORABLE VIRGIL C. SMITH, JR.

Approved as to form for entry pursuant to MCR 2.602(B)(2).

| | |
|---|---|
| **DEBORAH TAITT** | **RICHARD G. STANLEY** (P30552) |
| Third Party Plaintiff | Assistant Corporation Counsel |
| In Pro Per | Attorneys for Third Party Defendant |
| 18420 Wildemere | Raymond J. Wojtowicz, the Wayne County Treasurer |
| Detroit, MI 48221 | 400 Monroe, Suite 660 |
| | Detroit, MI 48226 |

Dated: November 22, 2013

#293129

2

# EXHIBIT 3

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

Wayne Gatewood
Rosalind Harris

     Plaintiffs,

v.

Deborah Taitt, individually

     Defendant and Third Party Plaintiff

v.

New York Capital Investments, LLC
Wayne County Treasurer, City of Detroit
United States

     Third Party Defendants.

Case No. 12-017100-CH

Hon. Robert J. Colombo, Jr.

12-017100-CH

FILED IN MY OFFICE
WAYNE COUNTY CLERK
1/3/2014 2:40:02 PM
CATHY M. GARRETT

Matthew Johnson

Subject Property: Parcel No. 16038783-9, 16210 James Couzens, Detroit, MI

                                                        /

| | |
|---|---|
| **DEBORAH TAITT**<br>Third Party Plaintiff<br>In Pro Per<br>18420 Wildemere<br>Detroit, MI 48221 | **ZENNA ELHASAN (P67961)**<br>Wayne County Corporation Counsel<br>**RICHARD G. STANLEY (P30552)**<br>Assistant Corporation Counsel<br>Attorneys for Third Party Defendant<br>Raymond Wojtowicz the Wayne County Treasurer<br>400 Monroe, Suite 660<br>Detroit, MI 48226<br>(313) 224-6672 |

                                                        /

## ORDER DENYING MOTION FOR RECONSIDERATION

At a session of said Court, held in the Coleman A. Young
Municipal Center, Detroit, Wayne County, State of Michigan
on this,   1/3/2014

PRESENT:   Robert J. Colombo, Jr.

           **HON. ROBERT J. COLOMBO, JR.**

Third Party Plaintiff, Deborah Taitt, having filed a Motion For Reconsideration pursuant to MCR 2.119(F) and the Court being fully advised in the premises states as follows:

That the Bankruptcy Court Order Stay in Case No. 13-53846 applies only to the City of Detroit.

That the Quiet Title Action which is under appeal in Federal Court does not preclude this Court from granting Summary Disposition in this Third Party matter.

That Defendant and Third Party Plaintiff, Deborah Taitt, has not demonstrated why she failed to appear for the motion hearing, or to properly support her position as to why summary disposition should have been denied.

**THEREFORE, IT IS ORDERED** that **Third Party Plaintiff's Motion For Reconsideration is hereby DENIED.**

/s/ Robert J. Colombo, Jr.
_____
HON. ROBERT J. COLOMBO JR.
Chief Judge

*#293666*

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE GATEWOOD, et al.,

      Plaintiffs,

vs.

DEBORAH TAITT, et al.,

      Defendants-Third-Party Plaintiffs.

vs.

NEW YORK CAPITAL
INVESTMENTS, LLC, et al.,

      Third-Party Defendants.

_____/

Civil Action No. 13-cv-11102
HON. BERNARD A. FRIEDMAN



## ORDER OF DISMISSAL

    Before the Court is third-party defendant United States of America's motion to dismiss the third-party complaint [docket entry 17]. Third-party plaintiff Deborah Taitt filed a response [docket entry 18] and the government filed a reply [docket entry 20].

    This litigation arises from Ms. Taitt's federal and state tax liabilities. Ms. Taitt filed a third-party complaint in Wayne County Circuit Court against several entities, including the federal government. In response, the government timely removed the matter to United States District for the Eastern District of Michigan [docket entry 1].

    In order to bring suit against the United States, Ms. Taitt had to establish that the government consented to be sued by waiving its sovereign immunity. See Whittle v. United

-1-

States, 7 F.3d 1259, 1262 (6th Cir. 1993). She failed to satisfy this burden. With respect to federal tax liens, 28 U.S.C. § 2410 contains the relevant provision for waiver of immunity. Sub-section (a)(1) empowers federal district courts to entertain civil actions against the United States where the plaintiff seeks to "quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." Nonetheless, a plaintiff must fulfill the conditions enumerated in sub-section (b) prior to bringing suit against the federal government. Those conditions dictate that, "[t]he complaint or pleading . . . set forth with particularity the nature of the interest or lien of the United States." 28 U.S.C. § 2410(b). To this end:

> the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed. In actions in the State courts service upon the United States shall be made by serving the process of the court with a copy of the complaint upon the United States attorney for the district in which the action is brought or upon an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court in which the action is brought and by sending copies of the process and complaint, by registered mail, or by certified mail, to the Attorney General of the United States at Washington, District of Columbia.

Id. After reviewing the third-party complaint, it is apparent that "plaintiff . . . failed to satisfy the pleading requirements set forth in 28 U.S.C. § 2410." Clark v. United States, 760 F. Supp. 664, 665 (W.D. Mich. 1991); see also United States v. Rotzinger, No. 94-2284, 1995 U.S. App. LEXIS 3333, at *8 (7th Cir. Feb. 9, 1995). As a result, the third-party complaint "does not invoke the statutory waiver of sovereign immunity and . . . cannot state a claim upon which relief could be granted." Dahn v. United States, 127 F.3d 1249, 1251 (10th Cir. 1997). Having dismissed the only federal claim in this action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims and shall remand this action to state court.

-2-

Accordingly,

IT IS ORDERED that third-party defendant United States of America's motion to dismiss the third-party complaint is granted.

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction over third-party plaintiff's remaining state law claims and remands this matter to the Wayne County Circuit Court.

S/ Bernard A. Friedman

_____

BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: October 18, 2013
      Detroit, Michigan

-3-

**EXHIBIT 5**

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: August 07, 2014

Deborah Taitt
18420 Wildemere
Detroit, MI 48221

Re: Case No. 13-2617, *Deborah Taitt v. Wayne Gatewood, et al*
Originating Case No. : 2:13-cv-11102

Dear Ms. Taitt:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Bryant L. Crutcher
Case Manager
Direct Dial No. 513-564-7013

cc:  Laura Beckerman
     David J. Demps
     Ms. Laurie Snyder
     Mr. Richard Gerard Stanley
     Benjamin S. Werbling
     Mr. William L. Woodard

Enclosure

No. 13-2617

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DEBORAH TAITT,                          )
                                        )
    Plaintiff-Appellant,            )
                                        )
v.                                      )          O R D E R
                                        )
WAYNE GATEWOOD, et al.,                 )
                                        )
    Defendants-Appellees.           )
                                        )
                                        )

Plaintiff Deborah Taitt, a Michigan resident proceeding *pro se*, appeals the district court's order dismissing her third-party complaint to quiet title and moves to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24(a)(5).

Wayne Gatewood and Rosalind Harris filed a complaint in the Wayne County Circuit Court to quiet title to real property located at 16210 James Couzens in Detroit, Michigan, naming Taitt and Make Way Construction, LLC, as defendants. Gatewood and Harris alleged that Taitt and Make Way Construction, LLC, had an interest in the property but failed to pay property taxes for several years. Gatewood and Harris "redeem[ed]" the property and "obtained superior title," and asked the court to extinguish defendants' interests as well as the interests of any other lienholders and grant them "quiet title judgment." Taitt, a member of Make Way Construction, LLC, filed an "individual" third-party complaint, naming the United States and the Wayne County Treasurer, among others, as third-party defendants, alleging that the United States improperly imposed a federal tax lien on the property and stating that Make Way Construction, LLC, is the rightful property owner. Taitt asked that the unlawful claims against the property be

expunged, that corrected property tax bills be issued for the years 2009–2011, and "for appropriate relief for the property owner for property damage and loss of rental receipts."

The United States removed the action to federal court and moved to dismiss Taitt's complaint because she had not stated a claim that fell within the United States' waiver of sovereign immunity and because Taitt, a non-attorney, could not represent Make Way Construction, LLC, in the proceedings. The district court granted the United States' motion, declined to exercise supplemental jurisdiction over Taitt's state law claims, and remanded the case to the Wayne County Circuit Court. Taitt moves to proceed *in forma pauperis* on appeal.

To be granted leave to proceed *in forma pauperis* on appeal, a party must make the requisite showing of poverty and this Court must be persuaded that the appeal is being taken in good faith, i.e., is not frivolous. *See* 28 U.S.C. § 1915(a)(1); *Callihan v. Schneider*, 178 F.3d 800, 804 (6th Cir. 1999). An appeal is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Taitt has put forth no non-frivolous argument that her action should not have been dismissed.

The United States cannot be sued without its consent, and the terms of its consent define a court's jurisdiction. *See United States v. Dalm*, 494 U.S. 596, 608 (1990). Waivers of sovereign immunity must be unequivocally expressed and are strictly construed in favor of the government; if a plaintiff cannot fit a claim against the United States within the terms of the waiver, the court lacks jurisdiction over the case. *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Selden Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 785 F.2d 152, 156 (6th Cir. 1986).

Title 28 U.S.C. § 2410 provides for a limited waiver of the United States' sovereign immunity:

> Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
>
> (1) to quiet title to,

. . . .

real or personal property on which the United States has or claims a mortgage or other lien.

28 U.S.C. § 2410(a). This section may be used only to test the procedural regularity of a lien—not the underlying tax liability. *Pollack v. United States*, 819 F.2d 144, 145 (6th Cir. 1987). Thus, to the extent that Taitt seeks to challenge the underlying tax lien, this Court lacks jurisdiction. *See id.* at 146.

In addition, § 2410(b) imposes pleading requirements to properly invoke the United States' waiver of immunity:

> The complaint or pleading shall set forth with particularity the nature of the interest or lien of the United States. In actions or suits involving liens arising under the internal revenue laws, the complaint or pleading shall include the name and address of the taxpayer whose liability created the lien and, if a notice of the tax lien was filed, the identity of the internal revenue office which filed the notice, and the date and place such notice of lien was filed.

Compliance with § 2410(b) is necessary to state a cause of action. *See Dahn v. United States*, 127 F.3d 1249, 1251 (10th Cir. 1997) (stating that a complaint that does not comply with § 2410(b) "does not invoke the statutory waiver of sovereign immunity"); *United States v. Rotzinger*, Nos. 94-2284, 94-2285, 1995 WL 64688, at *2 (7th Cir. Feb. 14, 1995) (holding that a plaintiff who does not comply with § 2410(b) fails to state a claim on which relief may be granted); *see also Portsmouth Ambulance, Inc. v. United States*, --- F.3d ----, No. 13-3826, 2014 WL 2869233, at *3 (6th Cir. June 25, 2014) (stating that waivers of sovereign immunity must be strictly construed in accordance with the language of the statutory waiver). Taitt's third-party complaint only generally alleges the amount of the liens and that they were levied against either Make Way Construction, LLC, or Smash Wrecking, Inc. Consequently, the third-party complaint does not satisfy the particularity requirements of § 2410(b).

Further, Taitt's prayer for relief seeks redress only on behalf of the property owner—Make Way Construction, LLC. Taitt does not have standing to sue for such relief. "Michigan

law treats limited liability companies separately from their members." *Tooling, Mfg. & Tech. Ass'n v. Hartford Fire Ins. Co.*, 693 F.3d 665, 672 n.6 (6th Cir. 2012). In particular, a member of a Michigan limited liability company "has no interest in specific . . . company property." Mich. Comp. Laws § 450.4504(2); *see VanderWerp v. Plainfield Charter Twp.*, 752 N.W.2d 479, 483–84 (Mich. Ct. App. 2008) (holding that a member of an LLC had no interest in real property after conveying it to the LLC). Thus, the claims asserted in Taitt's third-party complaint belong to the company, not to her. To the extent that a member may bring an action on behalf of the LLC, Taitt has not shown that she has complied with Michigan Compiled Laws § 450.4510 (setting forth the conditions that must be satisfied for a member to commence an action on behalf of an LLC).

Accordingly, Taitt's motion for leave to proceed *in forma pauperis* is DENIED. Unless Taitt pays the $455 appellate filing fee to the district court within thirty days of the entry of this order, this appeal will be dismissed for want of prosecution.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# EXHIBIT 6

Case No. 13-2617

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

### ORDER

DEBORAH TAITT

      Plaintiff - Appellant

v.

WAYNE GATEWOOD; ROSALIND HARRIS; UNITED STATES OF AMERICA; NEW
YORK CAPITAL INVESTMENTS, LLC; WAYNE COUNTY TREASURER; CITY OF
DETROIT

      Defendants - Appellees.


    Appellant having previously been advised that failure to satisfy certain specified

obligations would result in dismissal of the case for want of prosecution and it appearing that the

appellant has failed to satisfy the following obligation(s):

    The proper fee was not paid by September 08, 2014.

    It is therefore **ORDERED** that this cause be, and it hereby is, dismissed for want of

prosecution.

                         **ENTERED PURSUANT TO RULE 45(a),**
                         **RULES OF THE SIXTH CIRCUIT**
                         Deborah S. Hunt, Clerk

Issued: September 17, 2014

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT
100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Deborah S. Hunt
Clerk

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: September 17, 2014

Deborah Taitt
18420 Wildemere
Detroit, MI 48221

Re: Case No. 13-2617, *Deborah Taitt v. Wayne Gatewood, et al*
Originating Case No. : 2:13-cv-11102

Dear Ms. Taitt:

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Bryant L. Crutcher
Case Manager
Direct Dial No. 513-564-7013

cc: Laura Beckerman
    David J. Demps
    Ms. Laurie Snyder
    Mr. Richard Gerard Stanley
    Mr. David J. Weaver
    Benjamin S. Werbling
    Mr. William L. Woodard

Enclosure

No mandate to issue