UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**SUPPLEMENTAL AUTHORITY IN SUPPORT OF INTERESTED PARTIES/§1983 PLAINTIFFS' PREVIOUSLY FILED OBJECTIONS (Dckts. #4099, #4224) ON THE CONSTITUTIONALITY OF ALLOWING THE DIMINISHMENT OF THE FUNDAMENTAL RIGHT TO A DAMAGES REMEDY FOR THE VIOLATION OF CONSTITUTIONAL RIGHTS**

Now comes Creditor/§1983 Plaintiff, JOHNATHAN BROWN, by and through his counsel, and hereby joins Interested Parties/§1983 Plaintiffs' previously filed objections to the Debtor's proposed Plan of Adjustment, and provides the following supplemental authority as to why the Debtor's proposed Plan of Adjustment violates the United States Constitution when it diminishes and depletes the fundamental right to a remedy for the violation of Constitutional rights, pursuant to 42 U.S.C. §1983.

**Background**

On June 1, 2010, Creditor Johnathan Brown filed a §1983 class action lawsuit against the Debtor. (2:10-cv-12162, E.D. Michigan). The case was pending when the Debtor filed its Chapter 9 petition, causing a stay on all proceedings in the §1983 case. Subsequently, Mr. Brown submitted a proof of claim on behalf of

himself and others similarly situated in the bankruptcy action. (Creditor Claim #3667).

Like Mr. Brown, many individuals who had pending §1983 litigation against the Debtor also filed proof of claims. A few of them filed objections to Debtor's proposed Plan of Adjustment, stating that by diminishing §1983 claims, the proposed Plan violated the Constitution. (Dckt. 4099, 4224). On July 16, 2014, this Court heard oral argument on these objections. At the hearing, the Court sought to answer whether the right to seek damages for constitutional violations stems from the United States Constitution or whether it is a statutory right. At the court's request, the United States Attorney General's Office submitted a brief on this issue. (Dckt. #6664). In the brief, the United States took the position that "[t]he damages remedy in section 1983 exists only by legislative grace and not constitutional requirement. No provision of the Constitution requires the creation of the damages remedy or that any claim arising from its exercise be paid in full." (*Id.* at 4). The objectors filed a supplemental brief in response. (Dckt. 6764).

As explained in the objectors' supplemental brief, 42 U.S.C. §1983 is simply a vehicle to assert violations of constitutional rights, not a right to a remedy. (*Id.* at 7). A straight-forward reading of the Supreme Court cases *Monroe v. Pape,* 365 U.S. 167 (1961), *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and *Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978)* shows that the right of action for damages is found inherently in the Constitution. (*Id.* at 6-11). Thus, any diminishment or

depletion of this right as a result of Debtor's proposed Plan of Adjustment is unconstitutional. (*Id.* at 11). Creditor Johnathan Brown submits this supplemental brief to the court with additional authority and discussion on an individual's right to sue municipalities for constitutional violations.

## 42 U.S.C. §1983 Is Not A "Legislative Grace", but Rather A Substitute Remedy for Recovery for Unconstitutional Actions

Guided by *Bivens,* the Sixth Circuit and at least six other circuits have historically held that individuals may recover money damages from municipalities for constitutional violations under the Fourteenth Amendment. *Jones v. City of Memphis,* 586 F.2d 622 (6th Cir. 1978)(submitting that the Second, Fourth, Fifth, Seventh, Eighth, and Tenth Circuit permit federal causes of action under the Fourteenth Amendment)(collecting cases). "'The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury.'" 403 U.S. at 397 (citing *Marbury v. Madison,* 1 Cranch 137, 163, 2 L.Ed. 60 (1803)). That is to say, for every wrong, there must be a remedy. Thus, in the context of violations of constitutional rights, the *Bivens* Court held that the existence of the right to sue is implied from the importance of the right violated. (*Id.*)

For nearly a decade, circuit courts applied the *Bivens* analysis to local governments and recognized an implied cause of action directly under the Fourteenth Amendment for individuals whose constitutional rights had been violated by municipalities. *See Thomas v. Shipka*, 818 F.2d 496, 501 (6th Cir. 1987)(collecting cases)(overruled on other grounds). Then, in 1978, the Supreme

3

Court broaden the scope of §1983 and held that municipalities could be held liable for constitutional violations under this statute. *Monell,* 436 U.S. at 690.

Decisions following *Monell* confirm that §1983 is a substitute remedy to redress constitutional violations that is equivalent to a direct cause of action under the Constitution. *Shipka*, 818 F.2d at 500-01. In light of *Monell*, courts found it "unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which [individuals could vindicate their constitutional claims]." (*Id.* at 500). *See also, Bivens*, 403 U.S. at 397 (acknowledging that implied causes of action may be unnecessary when Congress has provided "equally effective" means for remedy). If §1983 provided anything less than the remedies available from a direct cause of action under the Fourteenth Amendment, then courts would have continued to recognize claims against municipalities directly under the Constitution. *Cf. Carlson v. Green*, 446 U.S. 14, 20-21 (1980)(Congress-enacted, Federal Tort Claims Act ("FTCA") is not an equal substitute for recovery under the Constitution; thus, respondent's *Bivens* action was permitted to proceed. The *Carlson* Court identified four areas where the *Bivens* remedy is more effective than the FTCA: (1) the *Bivens* remedy is a more effective deterrent because it is recoverable against individuals and not limited to the federal government; (2) punitive damages are available in a *Bivens* action, but not for FTCA claims; (3) unlike FTCA suits, individuals have a right to a jury in *Bivens* actions; and (4)

FTCA claims exist only "in accordance with the law of the place where the act or omission occurred").

Because federal courts no longer permit individuals to bring a direct cause of action against municipalities under the Fourteenth Amendment, logic dictates that §1983 claims are afforded all the remedies available under the Constitution, and money damages for injuries resulting from unconstitutional actions are an intrinsic part of the Constitution. In fact, the current prevailing opinion is that §1983 actions closely parallel *Bivens* actions, in which the right to remedy arises directly from the Constitution. Seth P. Waxman & Trevor W. Morrison, *What Kind of Immunity? Federal Officers, State Criminal Law, and the Supremacy Clause*, 112 Yale L.J. 2195, 2208 (2003). *See, e.g., Wilson v. Layne,* 526 U.S. 603, 609 (1999)(applying the same qualified immunity analysis in suits under §1983 and *Bivens*); *Butz v. Economou,* 438 U.S. 478, 499 (1978)(same); *Graves v. Wayne Cnty.,* 577 F. Supp. 1008, 1013 (E.D. Mich. 1984)("[S]ection 1983 actions closely parallel Bivens actions, the former involving constitutional violations by state officials, the latter, by federal officials.")(citing *Green,* 446 U.S. at 21-25).

Thus, the Debtor's proposed Plan of Adjustment violates the United States Constitution by diminishing and depleting §1983 damages.

Respectfully submitted,

/s/ Cindy Tsai

Michael Kanovitz
Arthur Loevy
Jonathan Loevy
Cindy Tsai
Loevy & Loevy
312 North May Street, Suite 100
Chicago, Illinois 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902

David L. Haron (P14655)
Mercedes Varasteh Dordeski
Foley & Mansfield
130 East Nine Mile Road
Ferndale, MI 48220
Telephone: (248) 721-4200
Facsimile: (248) 721-4201

Lawrence S. Charfoos
615 Griswold, Suite 702
Detroit, MI 48226
Telephone: (313) 962-8520

**CERTIFICATE OF SERVICE**

I, Cindy Tsai, hereby certify that on Tuesday, November 04, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system.

/s/ Cindy Tsai

6

13-53846-tjt    Doc 8170    Filed 11/04/14    Entered 11/04/14 14:36:25    Page 6 of 6