UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------x
                                            :
In re                                       :    Chapter 9
                                            :
CITY OF DETROIT, MICHIGAN,                  :    Case No. 13-53846
                                            :
                  Debtor.                   :    Hon. Steven W. Rhodes
                                            :
                                            :
---------------------------------------------------x

**NOTICE OF FILING OF LETTER
AGREEMENT WITH RETIREE COMMITTEE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On October 22, 2014, the City of Detroit, Michigan (the "City") filed with the Court the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 8045) (the "Plan").[1] The Plan, among other things, (a) provides for the establishment of the Detroit General VEBA and the Detroit Police and Fire VEBA and (b) incorporates the terms of the City's settlement with Syncora (the "Syncora Settlement").

2. The City and the Retiree Committee, with the help of the mediators, have engaged in discussions regarding the mechanics to establish and

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

implement the Detroit General VEBA and the Detroit Police and Fire VEBA. The agreement of the parties with respect thereto is attached hereto as <u>Exhibit 1</u> (the "<u>Agreement</u>"). The Agreement also reflects the terms of the Retiree Committee's consent to the Syncora Settlement, which is already reflected in the Plan.

Dated: November 5, 2014	Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
　STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY

# Exhibit 1

Terri L. Renshaw
1044 Pentecost Hwy.
Onsted, MI  49265-9797
(517) 467-4833

**Private & Confidential**

November 4, 2014

Mr. Kevyn D. Orr
Emergency Manager of the City of Detroit
Coleman A. Young Municipal Center
2 Woodward Avenue, Suite 1126
Detroit, Michigan 48226

Re:  **In re City of Detroit, Michigan, Chapter 9 Case No. 13-53846**

Dear Mr. Orr:

This letter constitutes and memorializes the agreement (the "Agreement") reached by and between the City of Detroit (the "City") and the Official Committee of Retirees of the City of Detroit, Michigan (the "Committee"), as the representative of the Class 12 OPEB participants in mediation on September 15, 2014, as clarified and affirmed by and before Mediators Judge Gerald Rosen and Eugene Driker (collectively the "Mediators") on September 19, 2014. Based on the Agreement as outlined herein, the Committee hereby acknowledges that it consents to modification of the Sixth Amended Plan for Adjustment of Debts for the City of Detroit, as incorporated into the Seventh Amended Plan for Adjustment of Debts for the City of Detroit (as it has been or may be subsequently modified or amended, the "POA") and also to the settlement of the claim of Syncora Guarantee, Inc. and Syncora Capital Assurance, Inc. (collectively, "Syncora") pursuant to the Plan Support and Settlement Agreement dated September 10, 2014 (hereafter the "Committee Consent"). This letter supersedes the letter from Evan Miller to Claude Montgomery dated September 13, 2014. Any capitalized terms not defined in this letter have the meaning ascribed in the POA or as commonly referred to in the Bankruptcy Case. If there is any conflict between the provisions of this letter and the POA, the terms of the POA shall govern.

1. On the Effective Date and pursuant to the terms of the POA, the City will establish a Detroit General Retirement System VEBA trust and the Detroit Police and Fire VEBA trust (the "VEBAs"), which VEBAs will be responsible for designing and funding health benefits for retirees of the City who retired on or before December 31, 2014. The City will be responsible for all retiree health benefit costs incurred up to and including December 31, 2014, regardless of the date those claims, invoices or bills are received by the City and without recourse to the VEBAs. The VEBAs, acting through their respective trustees, will be

responsible for design and funding of retiree health coverage benefits on and after January 1, 2015.

2. The City and Committee project that the estimated cost for the VEBAs to provide benefits to retirees for the six-month period from January 1, 2015 to and including June 30, 2015 (the "Initial Six Month Period) – to the extent that the benefit design under the VEBAs for 2015 is the same as the 2014 Retiree Healthcare Program -- is approximately $16,800,000 (the "VEBA Starting Costs"). Such sum is without regard to third party benefit administration expenses and is comprised of:

   a. Approximately $16,200,000 in estimated healthcare related payments to retirees and eligible beneficiaries, an amount based upon the City's representation that it has expended approximately $2,700,000 in monthly costs to provide certain retiree health care coverage or payments over the last several months under the terms of a written settlement between the City, Committee and other parties (the "2014 Retiree Healthcare Program"); and

   b. Approximately $600,000 in estimated fees and costs for VEBA financial advisors, attorneys, insurance, and custodians, and trustee fees.

3. The City and Committee estimated that, in the absence of efforts between the parties to make additional amounts available to the VEBAs beyond the interest payments on the New B Notes, there would be a deficiency between the cash amounts available to the VEBAs during the first six months of 2015 and the VEBA Starting Costs (the "Projected Deficiency").

4. To eliminate the Projected Deficiency and to obtain the Committee's Consent, the City and Committee agreed to work in good faith under the supervision and assistance of the Mediators to resolve the Projected Deficiency and operational issues. As a consequence of the mediation efforts, the following amounts and sources of funds will be available to cover the VEBA Starting Costs, which amounts total approximately $18,000,000:

   a. $5,500,000 from the Employee Benefit Plan of the City of Detroit (the "<u>Detroit Benefits Board</u>"), in the form of a grant, payable on the Effective Date of the POA;
   b. $1,500,000 from and approved by the Detroit Benefits Board on September 17, 2014, in the form of an additional grant, payable on the Effective Date of the POA;
   c. $1,000,000 from and approved by the Detroit Benefits Board on September 17, 2014, in the form of a two-year loan bearing interest at 4% upon maturity (unless principal and interest is forgiven), which the Committee will seek to have paid on the Effective Date;
   d. $2,782,857, which reflects the present value of $5,000,000 pledged from the Michigan Building and Trades Council in the form of a grant, which amount has

   already been wired to the Community Foundation of Southeastern Michigan and is payable on the Effective Date;

  e. $500,000 from the Ralph C. Wilson Foundation in the form of a grant payable on the Effective Date;

  f. $175,000 from the Skillman Foundation in the form of a grant payable by December 31, 2014;

  g. An additional $175,000 from the Skillman Foundation in the form of a separate grant that will be payable by January 31, 2015;

  h. Approximately $6,000,000 in respect of interest payments on the initial $450 million B Notes, which interest is due and payable on April 1, 2015; and

  i. Assuming an Effective Date on or about December 1, 2014, approximately $367,000 in interest on the approximately $11,020,000 payable to the VEBAs on account of the Syncora Settlement (defined as the Class 12 share of "Syncora Excess New B Notes" under the POA). Such amount will represent both the interest due on such Syncora Excess New B Notes payable on April 1, 2015, as well as an April 2015 prepayment of the October 2015 interest on such notes (and as a consequence of the prepayment of October 2015 interest in April 2015, no interest would be paid on such notes in October 2015).

5. The provisions of this paragraph 5 are effective if and only if the trustees of the requesting VEBA agree by December 31, 2014 to be bound by this letter. The City agrees to provide one-year of third party benefits administration services to each VEBA (with administrators selected by the City), including the costs of any benefit communications, starting January 1, 2015 and ending December 31, 2015. No later than March 30, 2016, the City shall bill the VEBAs for the actual cost of the third party administration and communication services performed on behalf of the VEBAs during 2015, with such reimbursement to be allocated between the two VEBAs based on their proportion of total covered lives at the start of 2015, which amounts will be paid by the VEBAs by June 30, 2016; <u>provided however</u>, in no event shall the City seek or obtain reimbursement for such third party benefit administration services and communications (i) in an amount that exceeds $450,000, (ii) if the Effective Date does not occur before January 1, 2015, and (iii) under any circumstances by setoff against interest payable on any B Notes or Excess B Notes previously transferred to the VEBAs. In addition to the limitations of (i)-(iii) above, there shall be no reimbursement of the $450,000 to the extent that the VEBA Starting Costs are in excess of $18,500,000, and the City shall request that the Retirement Systems continue to deduct premiums for the three Medicare Advantage Plan options from applicable retirees' pension checks and to remit such deductions to the relevant coverage provider.

6. Upon written request of the applicable VEBA, which shall be made no later than August 1, 2015, the City further agrees to provide such requesting VEBA with an additional one-year

extension of third party benefits administration services (with administrators selected by the City), including the costs of any benefit communications, starting January 1, 2016 and ending December 31, 2016, <u>provided that</u> the requesting VEBA shall reimburse all such costs and fees to the City on a monthly basis, with payment to be made within 10 business days following the requesting VEBA's receipt of a remittance of such fees and costs.

7. The City also agrees to (or acknowledges, as the case may be) the following:

   a. On the Effective Date, New B Notes in the face amount of approximately $11,020,000 will be distributed to the VEBAs as a result of the Syncora Settlement;
   b. If acceptable to the majority of voting VEBA trustees-to-be for its applicable VEBA, amend such VEBA so that voting VEBA trustees are to receive a maximum of $1,000 per month, but only if they attend four or more meetings in a given month. To the extent that a voting VEBA trustee attends less than four meetings in a month, she or he will receive compensation of $250 per meeting;
   c. It acknowledges David Heiman's July 18, 2014 letter to Messrs. Montgomery and Dubrow (the "July 18 Letter"), and the consent rights in such July 18 Letter shall not be diminished or enhanced by anything in this letter. Toward that end, the City further acknowledges that it is bound to comply with Bankruptcy Code section 1127(d) and Federal Bankruptcy Rule section 3019(a) in connection with any action that adversely affects holders of Classes 10, 11 and 12;
   d. Consult with the VEBA trustees concerning operational issues that may arise during the Initial Sixth Month Period; and
   e. Follow Section II.B.3.p.i.A of the Eighth Amended Plan of Adjustment.

8. Each of the undersigned is authorized to sign this letter on behalf of the Retiree Committee (in the case of Ms. Renshaw) and the City (in the case of Mr. Orr).

Sincerely,

*Terri L. Renshaw*

Terri L. Renshaw
Chair, Official Committee of Retirees

Agreed:

*Kevyn D. Orr*

Kevyn D. Orr
Emergency Manager of the City of Detroit

C:\Users\cmontgomery\Documents\Letter to K Orr re Syncora Settlment (Final)(83306472_1).docx

# CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Notice of Filing of Letter Agreement with Retiree Committee was filed and served via the Court's electronic case filing and noticing system on this 5th day of November, 2014.

/s/ Heather Lennox