UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                               Chapter 9

City of Detroit, Michigan,                           No. 13-53846

      Debtor.                                    Hon. Steven W. Rhodes

_____/

**LIMITED OBJECTION OF THE DETROIT POLICE OFFICERS'
ASSOCIATION TO MOTION OF THE CITY OF DETROIT, PURSUANT
TO SECTION 105(a) OF THE BANKRUPTCY CODE, FOR AN
ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES
NOT APPLY TO DISCIPLINARY PROCEEDINGS INITIATED
BY THE CITY AGAINST CITY OFFICERS AND EMPLOYEES**

The Detroit Police Officers Association (the "DPOA"), through its counsel Erman, Teicher, Zucker & Freedman, P.C. files this limited objection to the Motion of the City of Detroit, Pursuant to Section 105(a) of the Bankruptcy Code, for an Order Confirming That The Automatic Stay Does Not Apply to Disciplinary Proceedings Initiated by the City Against City Officers and Employees [Docket No. 8060] (the "City's Motion"):

    1.    The DPOA agrees that the City is authorized to continue to prosecute Disciplinary Proceedings[1] and that the DPOA, as the exclusive bargaining representative of City police officers, is authorized to continue to defend any

---

[1] Unless otherwise defined herein, all capitalized terms are as defined in the City's Motion.

Disciplinary Proceedings against one or more of its members unaffected by the Automatic Stay.  However, the proposed order goes beyond the relief sought by the City's Motion and additionally provides that "any counterclaims that may be asserted by the defendants against the City are subject to the Automatic Stay."

2. Although neither the City's Motion nor its proposed order addresses the scope of "any counterclaims that may be asserted," the DPOA files this limited objection (the "Limited Objection") to address the potential that, as drafted, the proposed order could be read to stay any asserted grievance or any ongoing, ordinary course proceedings to determine a DPOA member's right to legal representation and indemnification, whether or not the asserted right to legal representation and indemnification is related to any Disciplinary Proceeding.

3. Pursuant to the terms of the state approved collective bargaining agreement with the City (the "DPOA CBA"), Section 27, p. 44, the City is obliged to provide a defense and to indemnify DPOA members under certain specified circumstances.  Specifically:

"The City *will* provide legal counsel and pay any costs and judgments that arise out of lawsuits filed against Employees alleging any act committed while said Employee was in the good faith performance of his duties. A contrary determination by the City is not final and binding as provided by the Municipal Code of the City of Detroit but is subject to review by an arbitration panel under

the grievance arbitration provisions of this Agreement. Pending a final determination of whether or not the Employee is entitled to defense and indemnification by the City, the City shall promptly undertake such defense on behalf of such Employee.

This provision shall otherwise be in accordance with Section 13-11-3 of the Municipal Code of the City of Detroit."

DPOA CBA, Section 27, p. 44 (emphasis added). A copy of the DPOA CBA is attached hereto as **Exhibit A.**

4. Section 13-11-1 of the City's Municipal Code provides as follows:

"For the purpose of this article, the following definitions shall apply:
*Employees* shall include, in addition to appointees as defined in the Charter, and all employees on the city payroll, including all physicians and dentists employed on a salaried or contractual basis by the department of health, retired employees or appointive officers, and all physicians and dentists whether volunteers, staff, intern, resident or special duty, whether or not on city payrolls, assigned to patient care duties in Detroit General Hospital, whose credentials have been approved by the director of hospitals.
*Official duties* shall mean acts done pursuant to authority conferred by law or within the scope of employment or in relation to matters committed by law to the officer or employee's control or supervision or committed to the department or office under whose authority the officer or employee is acting, whether or not there is negligence in the doing of such acts. Where there is willful misconduct or lack of good faith in the doing of any such acts, the same shall not constitute the performance of the official duties of any appointive officer or employee of the city within the operation or effect of this article."

See City of Detroit Municipal Code 1964, § 16-13-1; Ord. No. 516-H, § 1, 9-29-82.

5. The City's Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014) (the "Plan") proposes to discharge claims against DPOA and other public safety union members for which they are entitled to indemnification from the City as Indirect Employee Indemnification Claims. See Docket No. 8046, pp. 25, 28-29, 57. Before any Indirect Employee Indemnification Claim can be discharged, there must be a final determination of the employee's right to defense and indemnification. Under the DPOA CBA, and consistent with past City practice and prior collective bargaining agreements, the City must provide any affected employee with a defense until there is such a final determination.

6. If this Court does not grant the City's request to discharge the Indirect Employee Indemnification Claims, the DPOA CBA, consistent with past City practice and prior collective bargaining agreements, obliges the City to indemnify any DPOA member who successfully asserts a right to defense and indemnification in the ordinary course.

7. For avoidance of doubt, the DPOA seeks to clarify the proposed order to insure neither it nor the Automatic Stay will be read to delay or to prevent a final determination of any DPOA member's right to defense and indemnification by the City.

8. The DPOA also requests that any order entered granting the relief set forth in the City's Motion set forth that it is without prejudice to the right of the DPOA or any DPOA member to seek relief from the Automatic Stay in appropriate circumstances.

9. As such, the DPOA files this Limited Objection to the City's Motion and asks that any order granting the relief requested by the City's Motion include the following clarifying language:

> For avoidance of doubt, neither the Automatic Stay nor this Order shall be construed to limit the right of the DPOA or any of its members to pursue any grievance or to assert any right to defense and indemnification in the ordinary course of the City's labor relations with the DPOA and its members or to be provided with a defense pending a final determination of the affected employee's right to a defense and indemnification. Furthermore, this Order is without prejudice to the right of the DPOA and its members to seek relief from the Automatic Stay in appropriate circumstances.

## **RELIEF REQUESTED**

WHEREFORE, the Detroit Police Officers Association respectfully requests that any order granting the relief requested by the City's Motion preserve its members' defense and indemnification rights and the right to seek relief from the Automatic Stay in appropriate circumstances.

Respectfully submitted,

ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

By: */s/ Barbara A. Patek*
    Earle I. Erman (P24296)
    Craig E. Zucker (P39907)
    Barbara A. Patek (P34666)
    Counsel for the Detroit Police Officers Association
    400 Galleria Officentre, Suite 444
    Southfield, MI 48034
    Telephone: (248) 827-4100
    Facsimile: (248) 827-4106
    E-mail: bpatek@ermanteicher.com

DATED: November 5, 2014

F:\CHAP 9\DETROIT\Plan of Adjustment\limited obj to city motion re disciplinary proceedings.docx

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                           Chapter 9

City of Detroit, Michigan,          No. 13-53846

        Debtor.                  Hon. Steven W. Rhodes
_____/

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on November 5, 2014, the Limited Objection of the Detroit Police Officers' Association to Motion of the City of Detroit, Pursuant to Section 105(a) of the Bankruptcy Code, for an Order Confirming that the Automatic Stay Does Not Apply to Disciplinary Proceedings Initiated by the City against City Officers and Employees and Certificate of Service were electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

                             ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

                     By:    */s/ Barbara A. Patek*
                           Barbara A. Patek (P34666)
                           Earle I. Erman (P24296)
                           Counsel for the Detroit Police Officers Assoc
                           400 Galleria Officentre, Suite 444
                           Southfield, MI 48034
                           Telephone: (248) 827-4100
                           E-mail: bpatek@ermanteicher.com

DATED:    November 5, 2014