UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |

**FOURTH INTERIM APPLICATION OF FEE EXAMINER PARTIES
FOR ALLOWANCE OF COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES</u>**

Pursuant to paragraph 27 of this Court's Fee Review Order dated September 11, 2013 (Dkt. # 810) ("<u>Fee Review Order</u>"), Robert M. Fishman, the Court appointed fee examiner in the above-captioned case ("<u>Fee Examiner</u>"), hereby applies for the interim allowance of compensation and reimbursement of expenses for the Fee Examiner Parties (as defined in the Fee Review Order) for the period beginning April 1, 2014 through and including June 30, 2014 ("<u>Application Period</u>"). Specifically, the Fee Examiner requests the entry of an order authorizing the interim allowance and payment to the Fee Examiner Parties of (A) fees in the aggregate amount of $247,063.30 for services rendered during the Application Period, and (B) expense reimbursement in the aggregate amount of $1,361.11 for actual expenses incurred in connection with services rendered during the Application Period. These aggregate amounts consist of fees and expenses by (i) the Fee Examiner (requesting $86,829.00 in fees and $1,047.30 in expenses), (ii) Shaw Fishman Glantz & Towbin LLC ("<u>Shaw Fishman</u>"), counsel to the Fee Examiner (requesting $115,620.70 in fees and $298.06 in expenses), and (iii) KapilaMukamal ("<u>Kapila</u>"), financial advisor to the Fee Examiner (requesting $44,613.60 in fees and $15.75 in expenses). In support of this Fourth Interim Fee Application (the "<u>Application</u>"), the Fee Examiner states as follows:

## BACKGROUND

1. On July 18, 2013, the City of Detroit ("City") commenced its chapter 9 case (the "Case"). With the consent of the City, and pursuant to 11 U.S.C. §§ 105, 943(b)(3), 1129(a)(2), and 1129(a)(3), the Court entered an order on August 8, 2013 that appointed the Fee Examiner (Dkt. # 383) ("Fee Examiner Order").

2. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## FEE EXAMINER'S ROLE IN CITY'S BANKRUPTCY CASE

3. As set forth in the Fee Examiner Order, the Fee Examiner's responsibility is to "assure the Court, the City, the creditors, and the public that the City's Professional Fee Expenses are fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3)." *See* Fee Examiner Order at ¶ 3. The scope of the Fee Examiner's review of Professional Fee Expenses[1] is limited to professional compensation and expense reimbursement obligations that the City incurs in connection with the Case on a postpetition basis. To assist him in the performance of his duties, the Fee Examiner is authorized to use the services of Shaw Fishman and Kapila. *See* Fee Examiner Order at ¶ 5.

4. With the assistance of Shaw Fishman and Kapila, the Fee Examiner has assumed the duties and responsibilities contemplated in the Fee Examiner Order and the Fee Review Order, including (i) establishing procedures for the submission of Professional Fee Expenses; (ii) establishing procedures for the public disclosure of Professional Fee Expenses; (iii) developing a uniform method for reviewing Professional Fee Expenses to ensure all fees are disclosed and reasonable; (iv) extensively reviewing the submission of all Professional Fee Expenses for

---

[1] All terms not otherwise defined carry the meaning ascribed to them in the Fee Examiner Order and the Fee Review Order.

disclosure and reasonableness; (v) cross-referencing the submissions of Professional Fee Expenses to ensure minimum duplication of services for which Professionals seek compensation from the City; (vi) preparing and submitting reports to Professionals and the Court detailing the review of Professional Fee Expenses and, where appropriate, making recommendations; and (vii) communicating with Professionals submitting Professional Fee Expenses regarding their fees, expenses, and the Fee Examiner's recommendations for making any alterations or changes thereto.

5.     For the performance of the aforementioned duties and responsibilities by the Fee Examiner Parties, the Fee Review Order authorizes the Fee Examiner Parties to seek interim compensation and reimbursement of expenses. *See* Fee Review Order at ¶ 27.

**GENERAL STATUS OF FEE REVIEW PROCESS TO DATE**

6.     The Fee Review Order controls the process by which (i) Professionals for the City and the Committee submit Monthly Invoices to the Fee Examiner for review, and (ii) the Fee Examiner reviews Monthly Invoices and communicates with Professionals regarding those Monthly Invoices (the "Fee Review Process"). Under the terms of the Fee Review Order, each Professional seeking compensation and reimbursement from the City for post-petition services was first required to submit to the Fee Examiner (a) an executed copy of its engagement letter, (b) a verified statement respecting its regular hourly rates and any discounted rates, and (c) a list of the billing and expense categories that the Professional would use in its Monthly Invoices.

7.     Review of, and Resolution Discussions relating to Professionals' January, February and March 2014 Invoices have concluded. The Fee Examiner filed his Third Quarterly Report with respect to substantially all of those invoices on August 5, 2014.

8.     Monthly Invoices for services rendered during April 2014 were due to the Fee Examiner by June 18, 2014. Following detailed reviews of each submitted April Invoice, and

consultations among the Fee Examiner Parties, the Fee Examiner generally transmitted Preliminary Reports regarding each submitted April Invoice to Professionals on or about July 29, 2014. The Fee Examiner Parties then initiated Resolution Discussions with each Professional regarding its April Invoice and the recommendations made in the Preliminary Reports.

9. For the April Invoice period, the Fee Examiner Parties reviewed invoices for the following Professionals: Conway MacKenzie, Inc., Brooks Wilkins Sharkey & Turco, PLLC, Ernst & Young LLP, Foley & Lardner LLP, Jones Day, Kurtzman Carson Consultants LLC, Miller Buckfire & Co. LLC, Miller, Canfield, Paddock & Stone, PLC, Milliman, Inc., Pepper Hamilton LLP, Kilpatrick & Associates, P.C, Dentons, Lazard Freres & Co, Segal Company, Dykema Gossett, PLLC and Ottenwess, Taweel & Schenk, PLC.

10. On or about July 19, 2014, Professionals submitted Monthly Invoices to the Fee Examiner for services rendered during May 2014. A similar review process was undertaken for May Invoices as for the April Invoices, and the Fee Examiner generally transmitted Preliminary Reports to Professionals on or about September 4, 2014. For the month of May, the Fee Examiner Parties reviewed invoices for the following Professionals: Conway MacKenzie, Inc., Brooks Wilkins Sharkey & Turco, PLLC, Ernst & Young LLP, Jones Day, Kurtzman Carson Consultants LLC, Miller Buckfire & Co. LLC, Miller, Canfield, Paddock & Stone, PLC, Milliman, Inc., Pepper Hamilton LLP, Kilpatrick & Associates, P.C, Dentons, Lazard Freres & Co, Segal Company, Dykema Gossett, PLLC and Ottenwess, Taweel & Schenk, PLC.

11. On or about August 18, 2014, Professionals submitted Monthly Invoices to the Fee Examiner for services rendered during June 2014. Following detailed reviews of each submitted June Invoice, and consultations among the Fee Examiner Parties, the Fee Examiner generally transmitted Preliminary Reports regarding each submitted June Invoice to

Professionals on or about October 3, 2014. The Fee Examiner Parties then initiated Resolution Discussions with each Professional regarding its June Invoice and the recommendations made in the Preliminary Reports. For the June Invoice period, the Fee Examiner Parties reviewed invoices for the following Professionals: Conway MacKenzie, Inc., Brooks Wilkins Sharkey & Turco, PLLC, Ernst & Young LLP, Foley & Lardner LLP, Jones Day, Kurtzman Carson Consultants LLC, Miller Buckfire & Co. LLC, Miller, Canfield, Paddock & Stone, PLC, Milliman, Inc., Pepper Hamilton LLP, Kilpatrick & Associates, P.C, Dentons, Lazard Freres & Co, Segal Company, Dykema Gossett, PLLC and Ottenwess, Taweel & Schenk, PLC.

12. On or about September 18, 2014, Professionals submitted Monthly Invoices to the Fee Examiner for services rendered during July 2014. For the July period, the Fee Examiner Parties reviewed invoices for the following Professionals: Conway MacKenzie, Inc., Brooks Wilkins Sharkey & Turco, PLLC, Ernst & Young LLP, Foley & Lardner LLP, Jones Day, Kurtzman Carson Consultants LLC, Miller Buckfire & Co. LLC, Miller, Canfield, Paddock & Stone, PLC, Milliman, Inc., Pepper Hamilton LLP, Kilpatrick & Associates, P.C, Dentons, Lazard Freres & Co, Segal Company, Dykema Gossett, PLLC and Ottenwess, Taweel & Schenk, PLC.

13. The Fee Examiner Parties have recently concluded the initial review of Professionals' July Invoices and are in the midst of transmitting Preliminary Reports regarding each submitted July Invoice to the Professionals.

14. Pursuant to the Fee Review Order, the Fee Examiner has prepared Final Monthly Reports regarding the reviewed April, May and June Invoices. These Final Monthly Reports have been included in the Fee Examiner's Fourth Quarterly Report, which was simultaneously filed with this Application.

## SERVICES RENDERED BY FEE EXAMINER PARTIES AND EXPENSES INCURRED

15. During the Application Period, the Fee Examiner Parties rendered 696.5 hours of professional services, comprised of 144.7 hours by the Fee Examiner, 355.7 hours by Shaw Fishman and 196.1 hours by Kapila, having an aggregate value[2] of $247,063.30. The average hourly rate for the Fee Examiner and Shaw Fishman attorneys and paraprofessionals (collectively with the Fee Examiner, the "Shaw Fishman Professionals") for services rendered during the Application Period is approximately $404. The average hourly rate for Kapila professionals for services rendered during the Application Period is approximately $228. The actual and necessary costs expended by the Fee Review Parties, and for which the Fee Examiner Parties request reimbursement, is $1,361.11.

16. The Fee Examiner Parties are providing fee review services at significant discounts from their standard hourly rates. A comparison of the Fee Examiner Parties' standard hourly rates and their discounted Detroit rates applicable to the Application Period is attached hereto as Exhibit 6-A.

17. In paragraph 8 of the Fee Examiner Order, the Shaw Fishman Cap was placed on the maximum blended rate permitted on the fees charged by the Fee Examiner and Shaw Fishman ($430 per hour), and the Kapila Cap was placed on the maximum blended rate permitted on the fees charged by Kapila ($300 per hour). The Shaw Fishman and Kapila Caps are determined on a quarterly basis. For the Application Period, the average hourly rate for the Shaw Fishman Professionals ($404 per hour) is less than the Shaw Fishman Cap, and the average hourly rate for the Kapila Professionals ($228 per hour) is less than the Kapila Cap. Therefore,

---

[2] All references to the value of professional services by the Fee Examiner Parties are based on the discounted rates applicable to this Case.

the Shaw Fishman and Kapila Caps are inapplicable for the Application Period and no additional discount need be applied to the requested fees of the Fee Examiner Parties.

### A. Services Rendered by Robert M. Fishman as Fee Examiner

18. During the Application Period, the Fee Examiner rendered 144.7 hours of professional services in this Case having an aggregate value of $86,829.00, for an average hourly rate of approximately $600. The Fee Examiner provided professional services with respect to every aspect of the Fee Review Process, including reviewing submitted monthly invoices, consulting with the Fee Examiner Parties and Professionals regarding reviewed invoices, and preparing preliminary, final monthly and quarterly reports.

19. Professionals submitted their January Invoices on or about March 21, 2014. The Fee Examiner oversaw Shaw Fishman and Kapila professionals' review of each invoice, and he participated in numerous conferences with each review team to discuss each Professional's January Invoice and prepare Fee Review spreadsheets and Preliminary Reports. Following comprehensive consultations with Shaw Fishman and Kapila professionals, the Fee Examiner transmitted his Preliminary Reports respecting the January Invoices and engaged in Resolution Discussions with several Professionals. The Fee Examiner oversaw similar review processes with respect to Professionals' February Invoices, submitted on April 18, 2014. Following consultations with Shaw Fishman and Kapila professionals, the Fee Examiner transmitted his Preliminary Reports respecting Professionals' February invoices and engaged in Resolution Discussions with several Professionals. The Fee Examiner's Resolution Discussions with Professionals regarding submitted January and February invoices resulted in a reduction of the total compensation (including expenses) sought from the City in excess of $245,000.00. The Fee Examiner also began reviewing Professionals' March Invoices during the Application Period.

20. In addition to reviewing and preparing Preliminary Reports for January and February Invoices, the Fee Examiner also drafted the Final Monthly Report respecting the December 2013 Invoices ("Final December Monthly Report"). The Final December Monthly Report, along with the Final October and September Monthly Reports, was later filed with the Fee Examiner's Second Quarterly Report in May 2014.

21. Lastly, the Fee Examiner prepared for and attended a hearing in Detroit regarding DWSD's Motion to Modify the Fee Review Order. On May 20, 2014, the Court issued an order requiring U.S. Bank, as Trustee, to submit the invoices received from its internal employees ("U.S. Bank Professionals") to the Fee Examiner for review. During the Application Period, the Fee Examiner consulted with US Bank Professionals and reviewed several initial invoices submitted for review in order to begin integrating the U.S. Bank Professionals into the Fee Review Process.[3] Detailed invoices for the services rendered by the Fee Examiner during the Application Period are attached to this Application as Exhibit 6-B.

22. In summary, the Fee Examiner seeks the interim allowance of $86,829.00 in compensation with respect to services provided by the Fee Examiner during the Application Period (the "Fee Examiner Compensation Request"). The time actually spent by the Fee Examiner at the applicable discounted rate, is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Robert M. Fishman | Fee Examiner | $309.00[4] | 8.4 | $2,595.60 |
| Robert M. Fishman | Fee Examiner | $618.00 | 136.3 | $84,233.40 |
| | **Total:** | $618.00 | 144.7 | **$86,829.00** |

---

[3] As of September 4, 2014, the fees of the U.S. Bank Professionals are no longer subject to the Fee Review Process. The fees of the U.S. Bank Professionals will be reviewed in mediation pursuant to the settlement between the City and DWSD.

[4] Rate for non-working travel.

23. The Fee Examiner also seeks interim reimbursement in the amount of $1,047.30 (the "Fee Examiner Expense Reimbursement Request") for his actual and necessary costs during the Application Period (the "Fee Examiner Expenses"). The Fee Examiner Expenses are detailed in Exhibit 6-B.

24. The specific expenses comprising the Fee Examiner Expense Reimbursement Request are as follows:

| Category | Amount |
|---|---|
| Travel | $751.75 |
| Working Meals | $50.04 |
| Parking/Taxi | $37.00 |
| Photocopy | $199.50 |
| Teleconference Services | $9.01 |
| **Total:** | **$1,047.30** |

25. The foregoing categories consist of the following:

   a. Travel: The Fee Examiner made one trip to Detroit during the Application Period to attend a hearing on DWSD's Motion to Modify the Fee Review Order. Expenses attributed to "Travel" include round trip airfare, hotel stays, and ground transportation while in Detroit.

   b. Working Meals: Dining expenses were incurred during the Application Period on account of the Fee Examiner's overnight stay in Detroit.

   c. Parking/Taxi: The Fee Examiner bills for direct expenses incurred for parking fees at O'Hare International Airport while traveling to Detroit.

   d. Teleconference Services: The Fee Examiner uses AT&T Teleconference Services for meetings among team members located in different geographic areas and to coordinate Resolution Discussions with Professionals subject to the Fee Review Process.

26. All of the Fee Examiner Expenses are expenses related to necessary travel and administration undertaken by the Fee Examiner in the course of his duties and responsibilities in this case.

### B. Services Rendered by Shaw Fishman Glantz & Towbin LLC

27. During the Application Period, Shaw Fishman rendered 355.7 hours of professional services assisting the Fee Examiner, having an aggregate value of $115,620.70. The average hourly rate of Shaw Fishman professionals (excluding the Fee Examiner) for the Application Period is approximately $325. Shaw Fishman has assisted the Fee Examiner in all aspects of the Fee Review Process, which has included reviewing Professionals' January, February and March Invoices, drafting Preliminary Reports, engaging in Resolution Discussions with every Professional, and drafting inserts for Final Monthly Reports.

28. During the Application Period, Shaw Fishman undertook the extensive review of each Professional's January Invoices and February Invoices. Following individual reviews of January and February Invoices assigned by the Fee Examiner, Shaw Fishman professionals consulted with other members of the fee review team and Kapila professionals to prepare consolidated comments for each Professional and draft Fee Review Spreadsheets and Preliminary Reports. Shaw Fishman also engaged in Resolution Discussions with every Professional to discuss suggested revisions to the submitted Monthly Invoices. The Resolution Discussions resulted in a reduction of the total compensation (including expenses) sought from the City in excess of $245,000.00. Shaw Fishman also began its review of submitted March Invoices during the Application Period.

29. With respect to December 2013 Invoices, Shaw Fishman drafted inserts for the Final December Monthly Report to be included with the Fee Examiner's Second Quarterly Report. Shaw Fishman also assisted the Fee Examiner with drafting and compiling the Second Quarterly Report and related Invoices to be filed therewith, and drafted the Second Interim Fee Application.

30. Detailed invoices for the services rendered by Shaw Fishman during the Application Period are attached to this Application as <u>Exhibit 6-C</u>.

31. In summary, Shaw Fishman seeks the interim allowance of $115,620.70 in compensation with respect to services provided to the Fee Examiner during the Application Period (the "<u>Shaw Fishman Compensation Request</u>"). The time actually spent by Shaw Fishman professionals at the applicable discounted rate, is as follows:

| **Professional** | **Position** | **Hourly Rate** | **Hours** | **Amount** |
|---|---|---|---|---|
| Ira Bodenstein | Member | $434.00 | 25.8 | $11,197.20 |
| Peter J. Roberts | Member | $419.00 | 92.8 | $38,883.20 |
| Gordon E. Gouveia | Member | $347.00 | 42.6 | $14,782.20 |
| David R. Doyle | Associate | $267.00 | 78.5 | $20,959.50 |
| Marc S. Reiser | Associate | $267.00 | 56.2 | $15,005.40 |
| Allison Hudson | Associate | $248.00 | 60.0 | $14,880.00 |
| | **Total:** | (blended) $325.00 | 355.7 | **$115,620.70** |

32. Shaw Fishman also seeks interim reimbursement in the amount of $298.06 (the "<u>Shaw Fishman Expense Reimbursement Request</u>") for its actual and necessary costs during the Application Period (the "<u>Shaw Fishman Expenses</u>"). The Shaw Fishman Expenses are detailed in <u>Exhibit 6-C</u>.

33. The specific expenses incurred during the Application Period and for which reimbursement is requested are as follows:

| **Category** | **Amount** |
|---|---|
| Online docketing and documents (PACER) | $88.90 |
| Photocopies | $143.00 |
| AT&T Teleconference Services | $66.16 |
| **Total:** | **$298.06** |

Shaw Fishman uses PACER to monitor docket activity and obtain documents filed with the Court. Shaw Fishman uses AT&T Teleconference Services for meetings among team members located in different geographic areas and to coordinate Resolution Discussions with Professionals subject to the Fee Review Process.

34. All of the Shaw Fishman Expenses are expenses that Shaw Fishman customarily recoups for providing professional services to other clients.

C. **Services Rendered by Kapila & Company**

35. During the Application Period, Kapila rendered 196.1 hours of professional services assisting the Fee Examiner, having an aggregate value of $44,613.60. The average hourly rate of Kapila professionals for the Application Period is approximately $228. Kapila assisted the Fee Examiner in utilizing software to extract data from Monthly Invoices and organize data in Fee Review Spreadsheets.

36. During the Application Period, Kapila provided technical assistance to the Fee Examiner by extracting data from all submitted January, February and March Invoices and organizing this data into comprehensive Fee Review spreadsheets. Kapila also reviewed every generated Fee Review spreadsheet for accuracy and provided summary feedback to the Shaw Fishman Professionals. The Fee Review spreadsheets were annotated by the Fee Examiner Parties and subsequently distributed to Professionals in conjunction with Preliminary Reports. In addition to its vital technical assistance, Kapila also assisted the Fee Examiner and Shaw Fishman with reviewing Monthly Invoices submitted by accounting professionals, financial advisors and investment bankers. Kapila assisted not only in the review of the Monthly Invoices, but also with annotating the Fee Review spreadsheets and drafting Preliminary Reports.

37. Detailed invoices for the services rendered by Kapila during the Application Period are attached to this Application as Exhibit 6-D.

38. In summary, Kapila seeks the interim allowance of $44,613.60 in compensation with respect to services provided to the Fee Examiner during the Application Period (the "Kapila Compensation Request"). The time actually spent by Kapila at its applicable discounted rates, is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Soneet Ravi Kapila | Partner | $450.00 | 4.3[5] | $630.00 |
| Mary McMickle | Partner | $342.00 | 46.9[6] | $15,184.80 |
| Joseph Gillis | Senior Consultant | $272.00 | 53.4 | $14,524.80 |
| Mark Parisi | Forensic Analyst | $156.00 | 91.5 | $14,274.00 |
| | **Total:** | (blended) $228.00 | 265.7 | **$44,613.60** |

39. Kapila also seeks interim reimbursement in the amount of $15.75 (the "Kapila Expense Reimbursement Request") for its actual and necessary costs during the Application Period (the "Kapila Expenses"). The Kapila Expenses are detailed in Exhibit 6-D.

40. The specific expenses incurred during the Application Period and for which reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| Photocopies | $6.00 |
| Long Distance Phone Charges | $9.75 |
| **Total:** | **$15.75** |

41. All of the Kapila Expenses are expenses that Kapila customarily recoups for providing professional services to other clients.

### PAYMENTS RECEIVED BY FEE EXAMINER PARTIES TO DATE

42. Pursuant to paragraph 27 of the Fee Review Order, the Fee Examiner filed April, May, and June monthly invoices with the Court on behalf of the Fee Examiner Parties, and he provided notice of the invoices to interested parties through CM/ECF.

43. The Fee Examiner Parties have received no objection to their April, May or June monthly invoices. In accordance with the Fee Review Order, the City has made certain interim

---

[5] Of the 4.3 hours of professional services performed by Soneet Ravi Kapila, Kapila is only seeking compensation for 1.4 hours.

[6] Of the 46.9 hours of professional services performed by Mary McMickle, Kapila is only seeking compensation for 44.4 hours.

payments ("Interim Payments") to the Fee Examiner Parties on account of their invoices for August 2013 through March 2014.

44. In accordance with the Fee Review Order, the City has made Interim Payments to the Fee Examiner and Shaw Fishman in the aggregate amount of $173,427.61. Subject to this Court's allowance of this Application, the application of these Interim Payments in partial satisfaction of the Fee Examiner Compensation Request, the Fee Examiner Expense Reimbursement Request, the Shaw Fishman Compensation Request, and the Shaw Fishman Expense Reimbursement Request will leave an aggregate balance due to the Fee Examiner and Shaw Fishman of $30,367.45 for amounts billed but not paid during the Application Period (the "Unpaid FE/SF Compensation").

45. In accordance with the Fee Review Order, the City has made Interim Payments to Kapila in the amount of $37,837.27. Subject to this Court's allowance of this Application, the application of these Interim Payments in partial satisfaction of the Kapila Compensation Request and the Kaplia Expense Reimbursement Request will leave a balance due to Kapila of $6,792.08 for amounts billed but not paid during the Application Period (the "Unpaid Kapila Compensation").

**REASONABLENESS OF COMPENSATION AND BENEFITS CONFERRED**

46. Pursuant to § 943(b)(3) of the Bankruptcy Code, the amounts to be paid for services and expenses in this Case must be fully disclosed and be reasonable. *See* 11 U.S.C. § 943(b)(3). Through this Application, the Fee Examiner Parties have fully disclosed the amounts sought by each of them for services and expenses during the Application Period, and they have demonstrated the reasonableness of those amounts.

47. All of the services rendered by the Fee Examiner Parties during the Application Period were necessary for the execution of the Fee Examiner's duties and responsibilities as set

forth in the Fee Examiner Order and the Fee Review Order. Moreover, at all times, the Fee Examiner Parties rendered their services in an effective and efficient manner without any unnecessary duplication of efforts. Therefore, the compensation requested through this Application is reasonable in all respects, particularly in light of the nature, extent, and complexity of the matters involved and the benefits conferred by the Fee Examiner Parties.

48. The most significant benefit conferred by the appointment of the Fee Examiner and the establishment of the Fee Review Process is the deterrent effect that the entire Fee Review Process has on the submission of inappropriate fee and expense requests by Professionals engaged in this Case. Additionally, the Fee Review Process allows for the review and extensive analysis of all Professionals' invoices by an unbiased, objective third party.

49. In reviewing the April, May and June Invoices, the Fee Examiner Parties discussed with Professionals the potential duplication of work undertaken by several Professionals, and they identified areas in Monthly Invoices where the inadequacy of time descriptions, unreasonableness of time, or improperly allocated resources warranted writing off certain fees and expenses or revising applicable time and expense entries. To date, the efforts and review by the Fee Examiner Parties resulted in a reduction in excess of $964,415.68 in Professional Fee Expenses from those initially billed.[7] In part, such voluntary reductions came from certain Professionals, at the Fee Examiner Parties' recommendation, making adjustments to their applicable rates in order to provide reduced rates to the City and the Committee, and from writing off time due to inadequate time entries in the Monthly Invoices.

50. For all of the foregoing reasons, the approval of the compensation and expense reimbursement requested herein is appropriate and should be approved accordingly.

---

[7] This amount is in addition to the approximately $6,100,526 in voluntary reductions taken by the Professionals prior to the submission of the Monthly Invoices.

# CONCLUSION

WHEREFORE, the Fee Examiner requests the entry of an order, substantially in the form attached hereto as Exhibit 1, that:

(a) Allows $247,063.30 in aggregate compensation to the Fee Examiner Parties on an interim basis for the Application Period;

(b) Allows $1,361.11 in aggregate expense reimbursement to the Fee Examiner Parties on an interim basis for the Application Period;

(c) Authorizes the Fee Examiner Parties to apply the Interim Payments to the compensation and expense reimbursement requests allowed pursuant to this Application;

(d) Authorizes and directs the City to pay the Unpaid FE/SF Compensation and the Unpaid Kapila Compensation; and

(e) Provides the Fee Examiner Parties with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Robert M. Fishman, Fee Examiner

Dated: November 5, 2014

By: /s/ Peter J. Roberts
One of his attorneys

Peter J. Roberts
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL 60654
P: (312) 541-0151
F: (312) 980-3888
E: proberts@shawfishman.com