UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:                                          Chapter 9

City of Detroit, Michigan,                      No. 13-53846

          Debtor.                              Hon. Steven W. Rhodes

_____/

**SUPPLEMENTAL STATEMENT OF THE DETROIT POLICE OFFICERS
ASSOCIATION INCLUDING COLLECTIVE BARGAINING
AGREEMENT LANGUAGE IN SUPPORT OF DISCHARGE OF
<u>INDIRECT EMPLOYEE INDEMNIFICATION CLAIMS</u>**

The Detroit Police Officers Association (the "DPOA"), through its counsel

Erman, Teicher, Zucker & Freedman, P.C. files this Supplemental Statement

Including Collective Bargaining Agreement Language in Support of Discharge of

Indirect Employee Indemnification Claims (the "Supplemental Statement"):

1.      At the confirmation hearing held on October 27, 2014, this Court

raised questions about the City's request to discharge the Indirect Employee

Indemnification Claims specifically related to whether the City's obligation to

indemnify was discretionary.  As set forth herein, that obligation, upon a final

determination that it exists, is mandatory.

2.     The DPOA, through counsel, attempted to address the Court's question at the time of the hearing but did not have at hand the precise language that controlled the answer. The DPOA files this Supplemental Statement including the language of the DPOA's state approved collective bargaining agreement with the City (the "DPOA CBA").

3.     Attached as Exhibit A is a copy of the DPOA CBA.[1] Pursuant to the terms of the DPOA CBA, Exhibit A, Section 27, p. 44, the City is obliged to provide a defense and to indemnify DPOA members under certain specified circumstances.  Specifically:

"The City ___will___ provide legal counsel and pay any costs and judgments that arise out of lawsuits filed against Employees alleging any act committed while said Employee was in the good faith performance of his duties. A contrary determination by the City is not final and binding as provided by the Municipal Code of the City of Detroit but is subject to review by an arbitration panel under the grievance arbitration provisions of this Agreement. Pending a final determination of whether or not the Employee is entitled to defense and

---

[1] At the October 27, 2014 hearing, counsel for the City indicated that it intended to seek approval of the state approved collective bargaining agreements (the "CBAs") it had reached with its various unions, including the DPOA and other public safety unions.  Because the CBAs have not yet been filed by the City, a copy of the referenced DPOA CBA is being submitted as an exhibit to this Supplemental Statement.

indemnification by the City, the City shall promptly undertake such defense on behalf of such Employee.

This provision shall otherwise be in accordance with Section 13-11-3 of the Municipal Code of the City of Detroit."

DPOA CBA, Exhibit A, Section 27, p. 44 (emphasis added).

4.      Section 13-11-1 of the City's Municipal Code provides as follows:

"For the purpose of this article, the following definitions shall apply:
*Employees* shall include, in addition to appointees as defined in the Charter, and all employees on the city payroll, including all physicians and dentists employed on a salaried or contractual basis by the department of health, retired employees or appointive officers, and all physicians and dentists whether volunteers, staff, intern, resident or special duty, whether or not on city payrolls, assigned to patient care duties in Detroit General Hospital, whose credentials have been approved by the director of hospitals.
*Official duties* shall mean acts done pursuant to authority conferred by law or within the scope of employment or in relation to matters committed by law to the officer or employee's control or supervision or committed to the department or office under whose authority the officer or employee is acting, whether or not there is negligence in the doing of such acts. Where there is willful misconduct or lack of good faith in the doing of any such acts, the same shall not constitute the performance of the official duties of any appointive officer or employee of the city within the operation or effect of this article."

See City of Detroit Municipal Code 1964, § 16-13-1; Ord. No. 516-H, § 1, 9-29-82.

5.      Although Section 13-11-2 of the City's Municipal code provides that:

[a]t the discretion of and only upon approval by the city council, the city may pay, on behalf of any city officer or employee, all or part of any sum which such officer or employee might become legally obligated to pay as damages because of:(1) Bodily injury, sickness or disease, including death, at any time resulting therefrom, sustained by any person; or (2) Injury to or destruction of property, including the loss of use thereof; or (3) Illegal confinement, detention or other alleged injury

3

caused by or arising out of the performance in good faith of the official duties of any such officer or employee . . . ,"

this provision of the Municipal Code is subject to the employee's rights under the DPOA CBA.

6.      The City's Eight Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014) (the "Plan") proposes to discharge claims against DPOA and other public safety union members for which they are entitled to indemnification from the City as Indirect Employee Indemnification Claims. See Docket No. 8046, pp. 25, 28-29, 57.  Before any Indirect Employee Indemnification Claim can be discharged, there must be a final determination of the employee's right to indemnification.   The DPOA has supported and continues to support that request.  See Pre-Trial Brief of the DPOA [Docket No. 7202]. The City will continue to have an obligation to provide any affected employee with a defense, pending a final determination of the City's indemnification obligation. The City's inclusion of the discharge of the Indirect Employee Indemnification Claims in the Plan distinguishes this case from *V.W. ex rel Barber v. City of Vallejo*, 2013 WL 3992403 (E.D. Cal. Aug. 2, 2013).

7.      If this Court does not grant the City's request to discharge the Indirect Employee Indemnification Claims, the DPOA CBA, consistent with past City practice and prior collective bargaining agreements, obliges the City to indemnify

4

any DPOA member who successfully asserts a right to indemnification in the ordinary course.   Failure to discharge the Indirect Employee Indemnification Claims would, as the City's counsel noted at the hearing, create a preferred class of creditors for claims that ultimately look to the City for recovery.  It would also, given the City's cash strapped status and the mandatory nature of the City's obligation, create a potentially perverse incentive for the City to seek to avoid its indemnification obligations to individual police officers.

## RELIEF REQUESTED

WHEREFORE, the Detroit Police Officers Association respectfully requests that this Court confirm the City's Plan and, in doing so, consider this Supplemental Statement and find that the Indirect Employee Indemnification Claims are discharged.

Respectfully submitted,
ERMAN, TEICHER, ZUCKER & FREEDMAN, P.C.

By:   /s/ Barbara A. Patek
     Earle I. Erman  (P24296)
     Craig E. Zucker  (P39907)
     Barbara A. Patek (P34666)
     Counsel for the Detroit Police Officers Association
     400 Galleria Officentre, Suite 444
     Southfield, MI  48034
     Telephone: (248) 827-4100
     Facsimile:  (248) 827-4106
     E-mail:  bpatek@ermanteicher.com

DATED:   November 6, 2014
F:\CHAP 9\DETROIT\Plan of Adjustment\Supplemental Statement Including CBA Language In Support of Discharge of Indirect Employee Indemnification Claims.docx

5