THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____x
:  Chapter 9
In re: : Case No. 13-53846
**CITY OF DETROIT, MICHIGAN**, : Hon. Steven W. Rhodes
    Debtor. :
:
:
_____:

**CITIZENS UNITED AGAINST
CORRUPT GOVERNMENT,**
    Plaintiff,                                         Adv. Case No. 14-05059

                                                                                       Hon. Steven W. Rhodes

V

**DETROIT CITY COUNCIL**,
    Defendant.

_____

**PLAINTIFF/RESPONDENT CITIZENS UNITED'S SUPPLEMENTAL BRIEF TO
RESPONSE TO CITY OF DETROIT'S MOTION FOR RECONSIDERATION AND
REPLY TO CITY OF DETROIT'S RESPONSE TO PLAINTIFF CITIZENS UNITED'S
EMERGENCY MOTION AND BRIEF FOR MANDATORY ABSTENTION PURSUANT
TO 28 U.S.C. § 1334(C)(2)**

Plaintiff/Respondent, Citizens United Against Corrupt Government ("**Plaintiff**"), by and through its attorney, Andrew A. Paterson, respectfully submits their Supplemental Brief to Plaintiff's Response to City of Detroit's Motion for Reconsideration and Reply to the City of Detroit's Response to Plaintiff's Emergency Motion and Brief for Mandatory Abstention Pursuant to 28 U.S.C. §1334(C)(2) ("**Reply Brief**"). In support of its Reply Brief, Plaintiff states

as follows:

A. **The Detroit City Council's Discussions and Negotiations During the Three-Day Closed Session Were Not Exempt or Permissible Under Mich. Comp. Laws § 15.268(e) of the Open Meetings Act**

Throughout their Motion for Reconsideration (Docket No. 7900) and Response to Plaintiff's Emergency Motion and Brief for Mandatory Abstention Pursuant to 28 U.S.C. §1334(C)(2) (Docket No. 12, "**Response**"), the City of Detroit asserts that the Detroit City Council had the legal authority to meet in closed session to discuss the "pending litigation," by which it means these historic Chapter 9 proceedings. The City of Detroit's argument in this regard is simply without merit.

Mich. Comp. Laws § 15.268(e) of the Open Meetings Act ("OMA") provides:

> Sec. 8. **A public body** may meet in a closed session only for the following purposes:
> (e) **To consult with its attorney** regarding trial or settlement strategy in connection with specific pending litigation, **but only if an open meeting would have a detrimental financial effect on the litigating or settlement position of the** *public body*. (Emphasis supplied).

The Detroit City Council is the "*public body*" that is subject to, and alleged to have violated, the provisions of the OMA. *People v Whitney*, 228 Mich App 230, 242 (1998) ("Unquestionably, the [city] council is a public body."). The City of Detroit misinterprets the clear and unambiguous language of the exemption set

forth in Mich. Comp. Laws § 15.268(e) of the OMA, that permits a "public body" to meet in a closed session with its attorney to discuss pending litigation. It is not disputed that the Chapter 9 bankruptcy proceedings pending in this Court can constitute "pending litigation" as defined under the OMA. However, the Detroit City Council is not even a "party" to these Chapter 9 proceedings, nor does the Detroit City Council have any authority or role in these Chapter 9 proceedings. Thus, the claimed exemption under the Mich. Comp. Laws § 15.268(e) of the OMA is simply not applicable in Plaintiff's OMA Action against the Detroit City Council.

The Local Financial Stability and Choice Act, being Public Act 436 of 2012, MCL 141.1541 et. seq. ("**Public Act 436**"), has, in the case of the City of Detroit, vested *exclusive* authority in the Emergency Manager appointed by the Governor to act so *exclusively* on behalf of the City of Detroit in these Chapter 9 proceedings. Section 18 of Public Act 436, Mich. Comp. Laws § 141.1558(1), provides:

> **141.1558 Recommendation to proceed under chapter 9.**
> Sec. 18. (1) If, in the judgment of the emergency manager, no reasonable alternative to rectifying the financial emergency of the local government which is in receivership exists, then the emergency manager may recommend to the governor and the state treasurer that the local government be authorized to proceed under chapter 9. If the governor approves of the recommendation, the governor shall inform the state treasurer and the emergency manager in writing of the decision, with a copy to the superintendent of public instruction if the local government is a school district. The governor may place

> contingencies on a local government in order to proceed under chapter 9. Upon receipt of the written approval, the emergency manager is authorized to proceed under chapter 9. This section empowers the local government for which an emergency manager has been appointed to become a debtor under title 11 of the United States Code, 11 USC 101 to 1532, as required by section 109 of title 11 of the United States Code, 11 USC 109, and **empowers the emergency manager to act *exclusively* on the local government's behalf in any such case under chapter 9.** (Emphasis supplied).

As this Court is surely aware, it was and is, Kevyn Orr, acting in his official capacity as the Emergency Manager for the City of Detroit, who upon receiving the approval from the Governor, filed this Chapter 9 bankruptcy on behalf of the City of Detroit. In accordance with Public Act 436, Kevyn Orr, in his official capacity as the Emergency Manager, has acted *exclusively* on the City of Detroit's behalf in these Chapter 9 proceedings. Pursuant to Public Act 436, the Detroit City Council has had no authority in these Chapter 9 proceedings. Consequently, the Detroit City Council had and still has no authority to authorize any settlements of the "pending litigation" that is these Chapter 9 proceedings. Accordingly, the exemption set forth in Mich. Comp. Laws § 15.268(e) of the OMA could not apply because it only permits the "public body" to meet in closed session "**only if an open meeting would have a detrimental financial effect on the litigating or settlement position of *the public body*.**" The Detroit City Council cannot show that having those discussions in an open meeting "would have [had] a detrimental financial effect on the litigating or settlement position of" the Detroit City Council

because under Public Act 436, the Detroit City Council had no role, and continues to have no role, in these Chapter 9 proceedings. Simply put, the Detroit City Council did not have and does not have a litigating or settlement position in anyway related to these Chapter 9 proceedings because all decisions are vested *exclusively* to Kevyn Orr as the Emergency Manager. As noted, under Public Act 436, **ONLY** Kevyn Orr, as the duly appointed Emergency Manager, can act and has acted "*exclusively*" on behalf of the Chapter 9 debtor, City of Detroit.

"[T]he purpose of the [Open Meetings Act] is to promote governmental accountability by facilitating public access to official decision making and to provide a means through which the general public may better understand issues and decisions of the public concern." *Kitchen v Ferndale City Council*, 253 Mich App 115, 125; 654 NW2d 918 (2002). "A strict construction must be given to closed-door exceptions in order to limit the situations in which meetings are not opened to the public." *Detroit News, Inc. v City of Detroit*, 185 Mich App 296, at 302; 460 NW2d 312 (1990), citing *Booth Newspapers, Inc v Wyoming City Council*, 168 Mich App 459, 467; 425 NW2d 695 (1988). A public body, in this case the Detroit City Council, has the burden of proving that an exemption exists to allow the convening of a closed session. See *Schmiedicke v Clare School Bd.,* 228 Mich App 259, at 261-262; 577 NW2d 706 (1998). Neither the City of Detroit, nor the Detroit City Council, can meet this statutory burden. They cannot meet it

because giving the exemption set forth in Mich. Comp. Laws § 15.268(e) a strict construction, a court, including this Court, cannot conclude that the Detroit City Council satisfies its burden of demonstrating that "**an open meeting would have a detrimental financial effect on the litigating or settlement position of *the public body*.**"   As noted, the Detroit City Council did not have a litigating or a settlement position in these Chapter 9 proceedings, for under Public Act 436, the Emergency Manager was vested with the *exclusive* authority to act on behalf of the City of Detroit.

B. **The Detroit City Council Cannot Use A Legal Opinion From Its Legal Counsel As A Shield To Discuss Public Issues in Private.**

Lastly, the City of Detroit asserts the argument that the Detroit City Council can use the attorney-client privilege exemption, to evade the OMA by requesting their legal counsel to issue a written opinion on a matter of public policy and concern for which there is no other exemption in the OMA that would so allow a closed session.  This very issue was discussed by the Michigan Court of Appeals in *People v Whitney*, 228 Mich App 230; 578 NW2d 329 (1998).  In *People v Whitney*, the Michigan Court of Appeals held:

> "It would be illogical to construe the attorney-client privilege exemption as authorizing a public body to evade the open meeting requirements of the OMA merely by involving a written opinion from an attorney in the substantive discussion of a matter of public policy for which no other exemption in the OMA would allow a closed meeting.  See *Gross v General Motors Corp*, 448 Mich 147, 164; 528 NW2d 707 (1995) (statutes

must be construed to prevent illogical or absurd results). To avoid this illogical result, we conclude that proper discussion of a written legal opinion at a closed meeting is, with regard to the attorney-client privilege, limited to the meaning of any strictly legal advice presented in the written opinion. The attorney-client privilege exemption does not extend to matters other than the provision of strictly legal advice." [*People v Whitney*, 228 Mich App at 247].

Accordingly, the Detroit City Council could not meet in a closed session for the purpose of negotiating a "deal" with Kevyn Orr, for the Detroit City Council and Mayor to regain governmental powers under Public Act 436. Although the Detroit City Council's legal counsel may well have written a legal opinion regarding Public Act 436 and the Detroit City Council's and the Mayor's authority to terminate Kevyn Orr as the Emergency Manager under Public Act 436, the Detroit City Council could not discuss or negotiate the terms of a "deal" with Kevyn Orr to continue as the Emergency Manager. As the Michigan Court of Appeals further explained in *People v Whitney*:

> "defendants' further discussion about the city manager position, even if based in whole or in part on material from [legal counsel] Demetriou, was outside the attorney-client privilege exemption. Clearly, the discussion at the closed session went far beyond consideration of any written legal opinions. It included substantial discussion of the position that the council should take in bargaining with LaChance for his resignation, as well as some discussion of tangentially related matters of city operations." [*People v Whitney*, 228 Mich App at 247-248].

Like the defendant city council in *People v Whitney*, the Detroit City Council clearly violated the OMA by holding closed-door negotiations with Kevyn

Orr during the three days of closed sessions, all in an effort to negotiate a "deal" for the Detroit City Council and Mayor to regain governmental powers under Public Act 436.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, Plaintiff prays this Court DENY the City of Detroit's Motion for Reconsideration and GRANT its Motion for Mandatory Abstention and remand Plaintiff's OMA Action to the Wayne County Circuit Court for adjudication.

Respectfully submitted,

/S/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff Citizens United
46350 Grand River Ave., Suite C
Novi, MI 4837

DATED: November 11, 2014                (248) 568-9712