# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| In re | ) Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) Case No. 13-53846 |
| Debtor. | ) Hon. Steven W. Rhodes |

**FILING OF ASSIGNMENT AGREEMENT BETWEEN FINANCIAL GUARANTY INSURANCE COMPANY AND CERTAIN HOLDERS OF CERTIFICATES OF PARTICIPATION INSURED BY FINANCIAL GUARANTY INSURANCE COMPANY**

Exhibit A hereto is a copy of an Assignment Agreement that was executed by Financial Guaranty Insurance Company ("FGIC") and each of the parties in interest identified in footnote 1 as holders of certificates of participation ("COP") (collectively, the "Ad Hoc COPs")[1] insured by FGIC. This filing is as matter of record only and does commit any party to take any other action.

[*Signature page below*]

---

[1] The parties in interest are Dexia Crédit Local and Dexia Holdings, Inc., Panning Capital Management, LP, on behalf of funds and accounts managed by it, Monarch Alternative Capital LP, on behalf of funds and accounts managed by it, Bronze Gable, L.L.C., Aurelius Capital Management, LP, on behalf of its managed entities, Stone Lion Capital Partners L.P., on behalf of funds and accounts managed by it, and BlueMountain Capital Management, LLC, on behalf of funds and accounts managed by it.

Dated: November 11, 2014

RESPECTFULLY SUBMITTED,

/S/Deborah L. Fish
ALLARD & FISH, P.C.
Deborah L. Fish
2600 Buhl Building
535 Griswold
Detroit, MI 48226
Telephone: (313) 961-6141
dfish@allardfishpc.com
P36580

-and-

KRAMER LEVIN NAFTALIS
& FRANKEL LLP
Thomas Moers Mayer
Jonathan M. Wagner
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the Ad Hoc COPs*

z:\13\079\plds\notice.of assignment agmt.docx

**EXHIBIT A**

# ASSIGNMENT AGREEMENT

This **ASSIGNMENT AGREEMENT** (this "**Assignment Agreement**"), dated as of November 11, 2014, is entered into by and between the following parties:

**Seller:** The party or, collectively, the parties listed under the heading "Seller" on the signature pages hereof.

**Purchaser:** Financial Guaranty Insurance Company ("**FGIC**")
521 Fifth Avenue, 15th Floor
New York, New York 10175

**NOW, THEREFORE**, in consideration of the premises and the mutual agreements and covenants set forth herein and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Seller and FGIC, each intending to be legally bound, hereby agree as follows:

1. **Assignment.** Subject to and upon the fulfillment of FGIC's obligations set forth in paragraph 2 of this Assignment Agreement, the Seller hereby transfers, conveys and assigns to FGIC any and all of Seller's rights, title or interest in or to any and all claims, causes of action, remedies, and defenses (including, without limitation under applicable securities laws) against UBS AG ("**UBS**"), Merrill Lynch Capital Services, Inc. (as successor to Financial Products Company LLC) ("**MLCS**") or any predecessors, affiliates, successors in interest or assigns of UBS or MLCS (including SBS Financial Products Company LLC), and each of their respective officers, directors, employees, agents, accountants or counsel (in their capacities as such) (collectively, the "**COP Swap Counterparties**") of any kind or nature, however arising or acquired, whether based in contract, tort or otherwise, whether now existing or hereafter arising, and whether known or unknown (collectively, the "**Claims**"), directly or indirectly under, arising out of, in connection with or related to the COP Swap Documents,[1] FGIC's Swap Insurance Policies, the COP Service Contracts, the Contract Administration Agreements, the 2005 COPs Agreement, the 2006 COPs Agreement, the COP Insurance Policies issued by FGIC (collectively, the "**Transaction Documents**") or the COPs, including, without limitation, any and all Claims related to: (i) any sharing or waterfall provisions in any of the Transaction Documents; (ii) the amendment of any of the Transaction Documents, including in connection with the COP Swap Counterparties' entry into the COP Swap Collateral Agreement in 2009; (iii) the COP Swap Counterparties' entry into or performance under the Settlement and Plan Support Agreement, approved by the Bankruptcy Court for the Eastern District of Michigan on April 15, 2014; (iv) underwriting the COPs transactions or any and all other actions taken by or caused to be taken by UBS in its capacity as underwriter; (v) the issuance of the COPs and the sale of COPs to, or purchase of COPs by, Seller or any of its predecessors in interest; and (vi) the COP Swap Counterparties' receipt of payments or distributions from the City (the "**COPs Transactions**", and the Claims so assigned, "**Seller Claims**"). The Seller hereby represents and

---

[1] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to such terms in the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014) (the "**Plan**").

warrants that as of November 11, 2014: (1) Seller is the beneficial holder of the COPs set forth in Seller's signature block to this Assignment Agreement, (2) Seller holds all right, title and interest to all of its Claims arising directly or indirectly out of, in connection with or related to the Transaction Documents or the COPs, and (3) Seller has not transferred, pledged, hypothecated, sold, conveyed or otherwise disposed of or contracted to assign, transfer, pledge, hypothecate, sell, convey or otherwise dispose of any of its Claims arising directly or indirectly out of, in connection with or related to the Transaction Documents or the COPs to any other person or entity.

2. **Acceleration of Policy Claims**. FGIC shall elect to treat all of the outstanding principal owing on all series of COPs originally insured by FGIC, including the Seller's, as having been accelerated and currently "Due for Payment" (as such term is defined in the applicable FGIC COPs Policy for purposes of such policy) as of the Effective Date of the Plan as set forth in paragraph 6 of the Stipulation Regarding FGIC Plan COP Settlement and FGIC COP SWAP Settlement [Exhibit I.A.197 of the Plan] and the Plan Structure Term Sheet among FGIC and certain holders of the COPs dated October 27, 2014 (the "**Election**"). FGIC shall make such Election by filing an announcement in substantially the form of Exhibit A with the Bankruptcy Court on or before the date that is one (1) business day after the entry of the Confirmation Order approving the Plan.

3. **Releases**. FGIC shall not settle any Claims arising out of the Transaction Documents, the COPs, and the COPs Transactions against any COP Swap Counterparty and shall cause the trustee of the Detroit Retirement Systems Funding Trust 2005 and the Detroit Retirement Systems Funding Trust 2006 (collectively, the "**COP Trusts**") not to release any Claims it may have against the COP Swap Counterparties, unless FGIC obtains a release of all claims arising out of the Transaction Documents, the COPs, and the COPs Transactions held by such COP Swap Counterparty against FGIC, its directors, officers, employees, agents, affiliates, accountants, advisors and counsel and a release of equal scope of all claims against FGIC's predecessors-in-interest, COP Trusts, and the Seller, and each of their respective directors, officers, members, employees, agents, affiliates, investment managers, trustees, accountants, advisors and counsel including the directors, officers, employees, agents, accountants, and counsel of Seller's investment managers and affiliates. FGIC shall (i) provide a copy of such release to Seller and provide a non-exclusive assignment to Seller of the right to enforce against the respective COP Swap Counterparty such release of Seller and its directors, officers, employees, agents, accountants and counsel, and (ii) announce the existence and terms of such release on its web site. In the event that a COP Swap Counterparty commences a lawsuit, claim or other proceeding against Seller arising out of, in connection with or related to the COPs, COPs Documents, or COPs Insurance Policies, FGIC agrees to convey the Seller Claim back to Seller or its assignee, if any.

4. **No Effect on Claims between Seller and FGIC**. Nothing herein impairs, modifies, affects or otherwise alters any claims that the Seller or FGIC have against each other, including without limitation any with respect to claims under, in connection with or relating to COP Insurance Policies and agreements among FGIC, the Seller and other holders of COPs insured by FGIC.

5. **Entire Agreement; Amendment**. This Assignment Agreement constitutes the entire understanding between Seller and FGIC with respect to the subject matter hereof and supersedes any previous agreement, verbal or written, between the parties with respect thereto. This Assignment Agreement may be amended or modified only by a written agreement executed and delivered by duly authorized officers of FGIC and the Seller.

6. **Facsimile Signature; Counterparts**. Execution of this Assignment Agreement may be completed by the exchange of facsimile or electronically scanned signature pages, with the exchange of originally executed copies to be completed as soon as reasonably possible thereafter. The parties hereto further agree that this Assignment Agreement may be executed in counterparts (and by different parties on separate counterparts), each of which shall be an original, but all of which together shall constitute one and the same instrument.

7. **Governing Law**. This Assignment Agreement shall be governed, including as to validity, interpretation and effect, by, and construed in accordance with, the internal Laws of the State of New York applicable to agreements made and fully performed within the State of New York without reference to the conflicts of laws provisions thereof.

**[Remainder of page left blank intentionally. Signature page follows.]**

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Assignment Agreement as of the date first written above.

**SELLER:**

By: _____
Name:
Title:
COPs Beneficially Held:

**PURCHASER:**

**FINANCIAL GUARANTY INSURANCE COMPANY**

By: _____
Name:
Title:

*Ex. A*

Draft 11/11/2014

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---------------------------------------------------------------x
: 
In re : Chapter 9
: 
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
: 
Debtor. : Hon. Steven W. Rhodes
: 
: 
---------------------------------------------------------------x

## NOTICE OF ELECTION REGARDING FGIC COP INSURANCE POLICIES

Financial Guaranty Insurance Company ("**FGIC**") hereby files this Notice of Election Regarding FGIC COP Insurance Policies[1] ("**Election Notice**") pursuant to paragraph 66 of the Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, dated November __, 2014. Pursuant to this Election Notice, FGIC hereby elects to treat all of the outstanding principal owing on all series of the FGIC-insured COPs as having been accelerated and currently "Due for Payment" (as such term is defined in the applicable FGIC COP Insurance Policy for purposes of such policy) as of the Effective Date.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014).

WEIL:\95152203\1\45259.0007

Dated: November ___, 2014

Respectfully Submitted,

_____
Alfredo R. Pérez
WEIL, GOTSHAL & MANGES LLP
700 Louisiana Street, Suite 1700
Houston, TX 77002
Telephone: (713) 546-5000
Facsimile: (713) 224-9511
Email: alfredo.perez@weil.com

– and –
Ernest J. Essad Jr.
Mark R. James
WILLIAMS, WILLIAMS, RATTNER & PLUNKETT, P.C.
280 North Old Woodward Avenue, Suite 300
Birmingham, MI 48009
Telephone: (248) 642-0333
Facsimile: (248) 642-0856
Email: EJEssad@wwrplaw.com
Email: mrjames@wwrplaw.com

*ATTORNEYS FOR FINANCIAL GUARANTY INSURANCE COMPANY*