C.  The City further agrees that a crucial part of an effective affirmative action program is development of an effective training and education program designed to provide existing minority employees maximum opportunity to advance so as to perform at their highest potential.

D.  Upon request, the Human Resources Director or his/her designated representative(s) shall meet with the Joint Career Development and Training Committee.

## 47. RETIREMENT

A.  Eligibility for Service Retirement Allowance – Any employee who is covered by the provisions of this Agreement and who is a member of the General Retirement System of the City of Detroit who has thirty (30) or more years of credited service may retire upon his/her written application filed with the Board of Trustees setting forth the date, which shall not be less than thirty nor more than ninety days, subsequent to the execution and filing of said written application, he/she desires to be retired. On the date so specified for his/her retirement he/she shall be retired, notwithstanding that pending such period of notification he/she may have separated from City service. Upon his/her retirement he/she shall receive a Retirement Allowance as provided by the City Charter and Municipal Code. Employees may retire on or after July 1, 1992, with 25 years of credited service but less than 30 and receive an actuarially reduced pension which shall be known as the Actuarially Reduced 25 Year Option of the Retirement Plan. Employees who are receiving a duty or a non-duty disability pension or Income Protection benefits may elect to convert to this new option if they otherwise meet the qualifications.

Employees who have resigned with 25 or more years of service since July 1, 1992, shall have ninety (90) days to submit an application for this option from the date they are officially notified by the Pension Bureau that said application can be processed.

After the initial enrollment of applicants by the Pension Bureau, employees who subsequently leave City employment shall have ninety (90) days from their last paid date on the City payroll to select this option.
Retirees who began receiving a Duty or Non-Duty Disability Pension after July 1, 1992, may convert to this option no later than ninety (90) days after they would have had twenty-five (25) years with the City and have been notified by the Pension Bureau of the availability of this option.

Employees who began receiving Income Protection Benefits after July 1, 1992, may convert to this option anytime after they have had twenty-five (25) years of service with the City.

The above paragraphs notwithstanding, employees hired after January 1, 1996, shall not be eligible for a Service Retirement until they shall have attained fifty-five (55) years of age. This age requirement shall apply to both the Regular Service Retirement with thirty (30) years of service and for pension calculation purposes to the Early Service Retirement (actuarially reduced) with twenty-five (25) or more years of service.

13-53846-tjt    Doc 8274-1    Filed 11/12/14    Entered 11/12/14 17:08:28    Page 1 of 6

B. Retirement benefits shall be modified to include an optional coordination of benefits between regular retirement benefits and Social Security benefits for those employees who retire from the City with a regular retirement or the Actuarially Reduced 25 Year Option prior to becoming eligible for Social Security payments. Such coordination of benefits shall cause an approximate leveling of total monthly benefits derived from both the City's retirement system and Social Security without creating any additional actuarial costs.

C. For employees hired on or after July 1, 1980, the vesting provisions of the City Retirement Plan shall require ten (10) years of service regardless of age in lieu of the "40 and 8" age and service requirement.

D. For employees who separate from City service with a vested pension prior to reaching eligibility for a regular service retirement, time earned after July 1, 1986, shall not be factored into the formula for determining their pension benefit until they shall have attained age 62. This provision will not affect the current practice governing disabled employees.

In the event that any law, state or federal is passed during the term of this Agreement which permits employees to vest their pension prior to meeting the vesting requirements set forth in this contract, any employee who vests his/her pension in such a manner shall not be eligible for any pension benefits until his/her sixty-second (62nd) birthday.

E. Employees who become eligible for a pension under the vesting provisions of the plan, shall be ineligible for any of the hospital, medical, optical or dental benefits provided for other retirees, spouses, dependents or beneficiaries.

F. Subject to the provisions in Section O, employee contributions to the general retirement annuity fund shall be optional. Balances in the fund standing to the individual credit of employees discontinuing contribution shall be maintained with accumulated interest to be paid out to the employee upon separation from the City. Employees qualified under the pension vesting provision of the general retirement system may withdraw their annuity with accumulated interest upon separation.

Upon attainment of twenty-five (25) years of service, an employee shall be eligible to withdraw, one time only prior to retirement, all or part of his/her annuity savings.

Non-Duty and Duty Disability retirees shall be eligible to withdraw, one time only, all or part of their annuity savings.

G. At the time of retirement, members of the general City pension system may elect an option which shall entitle them to change their pension option from either option 2 or option 3 to a straight life pension after they have commenced collection of the pension if the member's beneficiary predeceases the member. This shall be known as the Pop-Up Option. The actuarial cost of the change in benefit shall be borne by the member who selects this change in his/her option election.

H. Employees who retire on or after July 1, 1998, shall have their pensions computed according to the following formula. Using the highest paid 36 consecutive months out of the last 120 including longevity payments, as Average Final Compensation; 1.6% of Average Final Compensation for each year of service for the first 10 years; 1.8% of

13-53846-tjt    Doc 8274-1    Filed 11/12/14    Entered 11/12/14 17:08:28    Page 2 of 6

Average Final Compensation for each year of service for the second 10 years; 2.0% of Average Final Compensation for each year of service greater than 20 years up to 25 years; and 2.2% of Average Final Compensation in excess of 25 years; plus $12 for each year of City service not to exceed $120. In no case shall benefits paid by the Retirement System exceed ninety percent (90%) of Average Final Compensation except in the case where a higher pension amount has been earned in accordance with the provisions in effect prior to July 1, 1992.

I. Effective for bargaining unit members who retire on or after July 1, 1999, they shall have the option to 1) select the Unused Sick Leave On Retirement payment benefit provided for in Article 29 of this labor agreement, or 2) choose to receive twenty-five percent (25%) of the unused accrued sick leave bank provided in Article 29 and have that sum included in the average final compensation used to compute the membership service pension portion of their retirement allowance. For any member choosing to exercise this option the lump sum payment the member will receive will be the remaining value of the unused accrued sick leave bank as provided in Article 29.

J. Effective January 1, 1999, the maximum annual amount payable to an individual on a Duty Disability pension shall be increased to $9,000 and for Non-Duty Disability pension to $6,000.

The maximum amount of the Accidental Death Benefit as found in Chapter VI, Article VI, Part C, Section 1, Paragraphs B and C of the City Charter shall be increased from $2,400 to $5,700 per annum.

K. Effective September 28, 2010, any employee covered by this agreement, who is seeking a duty disability retirement, shall have an examination conducted by an independent medical examiner (IME). If the IME concludes that the employee's physical or medical condition does not relate to his/her employment with the City of Detroit, the employee shall not be eligible for the duty disability retirement.

L. Effective January 1, 1999, minor dependents under age 19 or permanently mentally or physically impaired dependent children who become impaired prior to age 19 of employees who die with 20 years of service without a surviving spouse shall receive a payment of $9,000 per year which shall be divided equally amongst all eligible dependents. The payment will cease when the last minor attains age 19 or for mentally or physically impaired children at death. There shall be no retirement escalator for this payment.

M. In addition to in-service death pension benefits which already exist for employees with 20 or more years of service, effective July 1, 1998, if a bargaining unit member dies after having attained 15 or more but less than 20 years of creditable service at any age below 60, the surviving spouse will be paid a 50% joint and survivor election. Dependent children, if there is no eligible surviving spouse, are to be paid a total of $6,000 which shall be divided equally amongst all eligible dependents until the youngest child reaches age 19, or for life if a child is permanently physically or mentally impaired.

N. The post retirement escalator factor shall increase from 2.0% to 2.25% of original base pension effective July 1, 1992.

IMPOSED SEPTEMBER 28, 2010        78

13-53846-tjt    Doc 8274-1    Filed 11/12/14    Entered 11/12/14 17:08:28    Page 3 of 6

O.  Pension – Employer Contribution (414h Plan):

   Upon notification by the Union to the City of its desire to activate a 414(h) Plan, the City will take steps to implement the provisions contained in the following paragraphs. The Union initiated the discussions and proposed the provisions contained in the paragraphs and the parties recognize and agree that it will take some time before this program can become operational due to the necessity of making changes in the City's computerized payroll system.

   It is hereby agreed that every member of this bargaining unit shall be required to make contributions in the amount of 5% of their annual compensation to the Annuity Savings Fund of the General Retirement System. The said 5% employee contribution to the Retirement system Annuity Fund, although designated as employee contributions, shall be paid by the City of Detroit in lieu of contributions by the employee. The employee shall not have the option of choosing to receive the contributed amount directly instead of having them paid by the employer to the annuity fund. There shall be no additional contribution expense to the City of Detroit, and the amounts so contributed by the employer on behalf of the employee shall be treated, for tax purposes, as employer contributions and thus shall not be taxable to the employee until these amounts are distributed or made available to the employee.

   These provisions shall not affect the amount or benefits level of the retirement allowance, or the City of Detroit's obligation thereto.

   The wage rate for members of the bargaining unit shall not be altered or changed in any way as a result of these contract provisions. Consequently, these provisions shall not affect the basis upon which Longevity, sick leave payoff, holiday pay, overtime pay, recall pay, final average earnings, etc., or any wage-based benefit is computed.

   The AFSCME – Non Supervisory bargaining unit, agrees to indemnify and hold the City harmless with respect to any adverse ruling, if any, and monetary penalty, judgment, or damages to the City as a consequence of the City's compliance with the provisions of this Agreement.

P.  Employees shall have the option of selecting from two additional surviving beneficiary options of 25% and 75%.

Q.  Annuity Contribution Amounts: The City will offer employees who choose to contribute to the annuity plan the option of 3% up to the Social Security maximum salary which would then be increased to 5%, a straight 5%, or a straight 7% contribution.

R.  Members of the bargaining unit shall have the option of belonging to the City's current defined benefit/defined contribution retirement plan or a new defined contribution retirement plan in accordance with the rules the City will issue for a defined contribution plan. The parties agree that the defined contribution plan the Executive Branch will propose for acceptance by the City Council, although not specifically detailed at this time, is intended to be primarily in accordance with the provisions which were last advocated by the Executive Branch in November-December, 1997.

13-53846-tjt   Doc 8274-1   Filed 11/12/14   Entered 11/12/14 17:08:28   Page 4 of 6

S.  Effective July 1, 2003, the membership of the General Retirement System, Board of Trustees [Article II, Section 2, Subsection (1)] shall be modified to provide that one of the trustees is: "The Mayor of the City or his/her designated representative, ex-officio. Such designated person shall be a full-time appointive or classified City employee."

T.  All Retirement and Pension Plan Provisions provided for by the City Charter and Municipal Code are incorporated herein by referral unless otherwise specifically modified by this Agreement and Ordinance 2-93, J.C.C. Page 133.

## 48. TUITION REFUND

A.  Effective January 1, 2010, the City's Tuition Refund Program is suspended for the balance of the 2008-2012 contract period. No reimbursement/payment shall be made for course work or employment development program ending after December 31, 2009. Effective July 1, 2012, bargaining unit members with a minimum of three (3) years of service may participate in the City's Tuition Refund Program in accordance with the policies as administered by the Human Resources Department. Employees requesting a tuition refund should submit the applications to the human resources consultant/manager servicing their department. Eligibility to participate in the tuition refund program will begin after attaining three (3) years of service, prior to the start of the course or employment development program.

B.  The maximum amount of the tuition refund shall be as indicated below:

   1. An eligible employee will be entitled to receive a maximum of $2,000 per fiscal year to be applied toward tuition and applicable registration fees in seeking a graduate degree from an accredited university.

   2. An eligible employee will be entitled to receive a maximum of $1,500 per fiscal year to be applied toward tuition and applicable registration fees in seeking an undergraduate degree from an accredited university.

   3. An eligible employee will be entitled to receive a maximum of $1,200 per fiscal year to be applied toward payment for participation in employee development programs.

   The above amounts cannot be pyramided to permit any employee to receive more than a total amount of $2,000 in any fiscal year.

## 49. PROTECTION CLAUSE

It is the City's commitment that in terms of a total compensation package, the AFSCME bargaining unit will not be economically disadvantaged as a result of subsequent settlements with other unions. However, it must be understood that compulsory arbitration may result in varied settlements.

IMPOSED SEPTEMBER 28, 2010    80

13-53846-tjt    Doc 8274-1    Filed 11/12/14    Entered 11/12/14 17:08:28    Page 5 of 6

The parties agree that special wage adjustments for particular classifications within other bargaining units, when based upon personnel recruitment and retention difficulties or special job skills, shall not require an equivalent increase for the AFSCME unit at large; the parties further agree, however, that an adjustment shall be required for an AFSCME classification to maintain the recognized traditional wage relationship to another bargaining unit's classification which received such a special wage adjustment.

## 50. CONFIDENTIAL EMPLOYEES

The parties agree that certain City employees are designated as confidential employees and are, therefore, to be exempt from membership in the bargaining unit covered by this Agreement. These employees are those holding the positions as outlined in the Memorandum of Understanding reached by the parties and submitted, and approved by the Michigan Employment Relations Commission in connection with Case No. C79 D-110 as well as the Decision and Order of the Commission in that case dated June 4, 1980. The City shall not designate other employees as confidential without the agreement of the Union; but may, if the Union fails to so agree, petition the Michigan Employment Relations Commission to approve such designation.

13-53846-tjt    Doc 8274-1    Filed 11/12/14    Entered 11/12/14 17:08:28    Page 6 of 6