UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                                                   Chapter 9
City of Detroit, Michigan,                                                              Case No. 13-53846
     Debtor.                                                                  Hon. Steven W. Rhodes
_____/

## Order Denying Motion for Reconsideration

On August 12, 2014, American Federation of State, County and Municipal Employees Michigan Council 25 ("AFSCME") and its affiliated Locals 207, 2394 and 2920 filed a motion to clarify or in the alternative for relief from the stay. (Dkt. #6652) Specifically, the motion sought leave of the Court to allow the Michigan Employment Relations Commission ("MERC") to hear AFSCME's Unfair Labor Practice Charge and Unit Clarification Petition against the City of Detroit, arising from the City's reorganization of the Detroit Water and Sewerage Department.

On August 26, 2014, the City filed a response opposing the motion. (Dkt. #7082) The City argued that the relief that AFSCME seeks before the MERC would violate an order that District Judge Sean Cox entered on September 9, 2011 in *United States Environmental Protection Agency v. City of Detroit*, E.D. Mich. Civ. No. 77-71100.

At the hearing on October 1, 2014, AFSCME argued that Judge Cox's order did not preclude the claims that it seeks to assert before the MERC.

At the conclusion of the hearing, the Court determined that it was necessary to give Judge Cox the opportunity to resolve that issue before it could determine whether cause exists to grant AFSCME's motion. The Court then had this exchange with counsel for AFSCME:

> MR. MACK: Do you have a time frame in mind, Your Honor, as to --
>
> THE COURT: Well, I was going to ask you how much time do you need to file your motion before Judge Cox?
>
> MR. MACK: We can file a motion by the end of the week.
>
> THE COURT: All right. I'll permit that. . . .

Hr'g Tr. 84, October 1, 2014. (Dkt. #7850)

Accordingly, on October 1, 2014, the Court entered an order stating:

> AFSCME shall file a motion with Judge Cox for a determination as to whether his orders in the EPA litigation preclude MERC from hearing AFSCME's claims. After that question is resolved, the parties shall advise the Court and the Court will schedule a further hearing to resolve the present motion.

(Dkt. #7764)

Nearly two weeks later, on October 14, 2014, the Court was advised that AFSCME had not yet filed the necessary motion with Judge Cox. Accordingly, rather than simply deny its motion for clarification or relief from the stay, the Court entered an amended order stating:

> AFSCME shall file a motion with Judge Cox for a determination as to whether his orders in the EPA litigation preclude MERC from hearing AFSCME's claims. **This motion shall be filed by October 21, 2014.** After that question is resolved, the parties shall advise the Court and the Court will schedule a further hearing to resolve the present motion.

(Dkt. #7949)

Over two weeks later, the Court was again advised that AFSCME still had not filed the necessary motion with Judge Cox. Accordingly, on October 31, 2014, the Court entered an order denying AFSCME's motion for clarification or relief from the stay. (Dkt. #8142)

On November 4, 2014, AFSCME filed a motion for reconsideration of the order denying its motion. (Dkt. #8177) The motion asserts that AFSCME did not receive notice of the second

order, dated October 14, 2014, requiring it to file a motion with Judge Cox by October 21, 2014. The Court concludes that no response and no hearing are necessary to resolve this motion.

The motion for reconsideration states:

> 4. The electronic mail system which delivered the Bankruptcy Court notices and orders to AFSCME malfunctioned, due to corruption on the server hard drive which hosted the electronic mail. The system was restored to working order after removing the electronic mail system to a completely new server. This happened during the latter part of October 2014.
>
> 5. AFSCME apologizes to the Court for not complying with its October 14th Order. The corruption on the hard drive apparently prevented delivery of the email providing notice of the Court's October 14th Order.

(Mot. for Recons. 2)

A motion for reconsideration is addressed to the Court's discretion. *See e.g., Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011); *In re Hermoyian*, 435 B.R. 456, 461 (Bankr. E.D. Mich. 2010).

Pursuant to Fed. R. Civ. P. 9006(b)(1), the Court may permit a late filing if it was the result of excusable neglect. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388 (1993), the Court stated, "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control."

The Court concludes that the motion should be denied for several reasons.

First, the motion overlooks the commitment that counsel for AFSCME made to the Court at the hearing on October 1, 2014, to file the necessary motion with Judge Cox by the end of the week, which was October 3, 2014. Based on that commitment, the Court was comfortable in not including a deadline in its order of October 1, 2014.

Second, while the Court accepts the representations in the motion, the motion does not deny that AFSCME received the Court's order of October 1, 2014, requiring it to file the necessary motion. This order was the second notice to counsel that this Court would consider AFSCME's motion for clarification or relief from the stay only if Judge Cox determined that his previous order did not prohibit the relief that AFSCME now seeks.

Third, counsel had the responsibility to keep apprised of the Court's docket by accessing it on PACER or ECF. *See Yeschick v. Mineta*, 675 F.3d 622, 629 (6th Cir. 2012) (Counsel has an affirmative duty to monitor the court's docket and to keep apprised of important docket entries.); *Kuhn v. Sulzer Orthopedics, Inc.*, 498 F.3d 365, 370–71 (6th Cir.2007). This responsibility would be especially important during any period in which counsel's email system is malfunctioning, as apparently occurred here.

The Court concludes that AFSCME has not established excusable neglect. Accordingly, AFSCME's motion for reconsideration is denied.

Not for Publication

.

**Signed on November 13, 2014**

                                                    **/s/ Steven Rhodes**
                                                    **Steven Rhodes**
                                                    **United States Bankruptcy Judge**