UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM et al
          Creditors/Objectors,

V

In re:                                      Chapter 9
City OF DETROIT, MICHIGAN          Case No. 13-53846
AND EMERGENCY MANAGER         Judge Steven W Rhodes
KEVYN D. ORR
          Debtors/City of Detroit         Case No. 14-cv-10434
                                            Hon. Bernard A. Freidman
_____/   Magistrate Paul J. Komives

## OBJECTION TO THE FILING OF REDLINED VERSION OF EIGHTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT BECAUSE THE COURT FAILED TO CONDUCT EVIDENTIARY HEARING ON THE FRAUD AND JURISDICTIONS

We/I OBJECT TO THE REDLINED VERISON OF THE EIGHTH AMENDED
PLAN OF ADJUSTM ENT FOR THE DEBTS OF THE CITY OF DETRIOIT AND
CONFIRMATION OF THE PLAN, THERE WAS NO NOTICE, IT WAS AFTER
THE FACT, UNTIMELY, CONTRARY TO THE FACTS, MISREPRESENTATION
OF THE BANKRUPTCY CODE AND RULES AND HAS NOT BEEN PRESENT
ED AND CONDUCED IN A GOOD FAITH MANNER.

We/I object to the filing of redlined version of the Eighth Amended

Plan of Adjustment for the debts of the city of Detroit and confirmation of any

Plan stemming from or connected to this plan of Adjustment and show the

following:

Accordingly, the Court concludes that the City has not established by a preponderance of the evidence that it has satisfied the requirement of 11 U.S.C. 109 (c) (5)(B)."

1) It is important to understand that "even a petition filed by an entity eligible for chapter 9 reliefs is subject to dismissal "if the debtor did not file the petition in good faith." Where [....] a purported debtor's good faith is in issue, the debtor bears the burden of affirmatively demonstrating that it filed the petition in good faith." Vallejo I, 2008 WL 4146015 at 31, quoting In re Powers, 135 B.R. 980, 997 (Bankr. C. D. Cal 1991). The essence of the good faith requirement is to prevent abuse of the bankruptcy process." Vallejo I, 2008 WL 414-6015 at 31, quoting In re Villages at castle Rock Metro Dist. No. 4, 145 B.R. 76, 81 (Bankr D.Col. 1990).

This case is a prime example of what "good faith requirement" was meant to prevent their main reason was for the state to avoid paying the revenue sharing money owed to the city of Detroit and Syncora and gain control of the city's assets.

a) The creditors/ objectors Carl Williams and Hassan Aleem has filed a number of objections without a hearing on them and we have raised the question of the court lacks of jurisdiction and fraud and the court has refused to answer these questions.

**The City of Detroit never legally <u>approved, agreed</u> or <u>consented</u> to** the Emergency Manager, Kevyn Orr, filing for bankruptcy and Kevyn Orr concealed this fact

2

from the people by his action and contravened **MCL 600.5855 Fraudulent Concealment** where a party alleges that fraud has been committed on the court, it is generally **an abuse of discretion** for the court to decide the motion without first conducting an evidentiary hearing into the allegations. Rapaport v Rapaport 185 Mich App 12 (1990) citing Michigan Bank-Midwest v DJ Reynaert, Inc, 165 Mich App 630, 643, 419 NW2d 439 (1988); St Clair Commercial & Savings Bank v Macaulley, 66 Mich App 210, 214-215; 238 NW2d 806 (1975), lv den 396 NW2d 864 (1976).

We object because the City of Detroit has failed to comply with 11 USC 1125 and 1126 and no proper and adequate notice and hearing on the "Disclosure Statement as was required." This demonstrates the City of Detroit failed to conduct business in a good faith manner and failed to meet the requirement of the Bankruptcy Code 11 U.S.C. 923. Therefore, the bankruptcy petition should be dismissed as provided by the Bankruptcy Code 921. See In re City of Stockton, California Ch 9, Case No. 2012-32118D.C. No. OHS-15, Pg 11-12.

b) The bankruptcy court lacks jurisdictions over the person the Emergency Manager, Kevyn Orr because he doesn't have the legal authority to file for Bankruptcy "Only a municipality may file for relief under chapter 9," therefore, in violation of title 11 section 109 (c) of the Bankruptcy Code.

3

13-53846-tjt    Doc 8305    Filed 11/14/14    Entered 11/14/14 15:44:09    Page 3 of 9

c) The petition for bankruptcy is invalid because the party that signed it failed to receive consent and legal authorization and lacks the proper authority. See Bankruptcy City of Harrisburg Pennsylvania, 465 B.R. 744 (Bankr. M.D. Pa 2011).

In this case the court determined that this case should be dismissed and in our present circumstance it wasn't approved by the City Council and the mayor didn't filed on the behalf of the city as required and no voluntary agreement, approval or consent and contravened 11 USC. 903 (1) & (2) and 904 and have no authority under chapter 9 and should be dismissed. In Harrisburg the chapter 9 law and third class city code to commence a bankruptcy case on the behalf of the city of Harrisburg and (2) the city of Harrisburg was not specifically authorized under state law to be a debtor under chapter 9 of the Bankruptcy code as required by 11 USC sect 109 (c) (2).

Judge Steven W. Rhodes do not have legal jurisdiction over the parties or the subject in accordance to Federal Rules of Civil Procedure 12 b (1) (2) and (h3) and the case should be dismissed.

> As pointed out in the note accompanying former Bankruptcy Rule 915 an objection that a debtor is neither entitled to the benefit of the Code nor amenable to an involuntary petition goes to jurisdiction to the subject matter and may be at any time consistent with Rule 12 (h) (3) F. R. Civ. Proc. See Selligson & King, jurisdiction and Venue in Bankruptcy, 36 Ref .l 36, 38-40 (1962). (Response to the City on the Bankruptcy proceeding on our objections Docket Nos 565, 1428, 1784, 88-89, 1806 and others)

4

2) Magistrate Judge Steven W. Rhode deceived the people by impersonating as an Article III Judge to illegally grant the City of Detroit eligible to file for Bankruptcy. The judge allowed multiple violations of the Bankruptcy codes and Rules such as contravening 11 USC 903 which allows creditor by consent to file for bankruptcy. Also violated 11 USC 904 which allows the City or municipality to file for Bankruptcy. Questions on these sections of the code speak to jurisdiction.

3) During the Kwame Kilpatrick administration the city council unanimously approved a 1.44 billion pension swap deal that was suppose to paid the city unfunded obligations to the pension fund. These swap was under the disguise or

4

mislabeled them "Pension Obligation Certificate." This simply was fraudulent concealment to cover-up the real intent and purpose. Those pension swap plans was under investigation and being challenged nationally because they turned sour for cities when interest rate rose for example Detroit was paying 9% interest rate on the swap deals. (The Michigan Citizen September 29- October 5 2013).What happen and where is 1.44 billion dollars? It didn't go to the pension funds and this Bankruptcy is nothing more than a cover-up for the 1.44 billion dollars missing.

3) The court showed material prejudice by stating that Jones Day, Buck firer, Milian or Kevyn Orr were not expert to give opinion on and they are not licensed actuaries and have not taken any government certified examine or any examine that

5

would made them qualified to discuss or give any professional or expert opinion in open court. However, the court allowed them to give testimony as expert which is a deception of the true analysis of annuity, which is fraudulent concealment MCL 600.-5855 from the pensioners and retiree.

The court also to conceal the fact that so-called hearing wasn't a real trial or hearing, It was more like a meeting to give a presentation and not testimony after the fact is deceptive and a **sham; a cheap trick**, and **gross canard** and part of his "Ponzi" scheme in action to deceive the people to believing that they were receiving due process when in fact it wasn't a real trial or a hearing.

We have raised the question of fraud in our previous objection and the court have never address our objections on fraud or jurisdiction for that matter, not one evidentiary hearing on either one not fraud or jurisdiction. The City of Detroit never legally <u>approved</u>, <u>agreed</u> or <u>consented</u> to the Emergency Manager, Kevyn Orr, filing for bankruptcy and Kevyn Orr concealed this fact from the people by his action and contravened MCL 600.5855 Fraudulent Concealment and 11 U.S.C. 903 (1) a State law prescribing a method of composition of indebtedness of such municipality may not bind any <u>creditor that</u> <u>does not consent to such composition.</u>

The information above is some information that should have been included in

Decision making process before the confirmation as well as conduct and implementing the process.

**These are just a few examples of the reason why we object to the Plan of Adjustment and "confirmation" of the plan because there are multiple violations of the law. "This is an analogy to the fruit of the poisons tree."**

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

_____
Carl Williams
10112 Somerset
Detroit, Michigan 48224
313 521-5012

_____
Hassan Aleem
2440 Taylor
Detroit, Michigan 48206
313 205-4353

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM
        Creditors/Objectors,

v

| | |
|---|---|
| In re: | Chapter 9 |
| City OF DETROIT, MICHIGAN | Case No. 13-53846 |
| AND EMERGENCY MANAGER | Judge Steven W Rhodes |
| KEVYN D. ORR | |
|     Debtor/City of Detroit | Case No. 14-cv-10434 |
| | Hon. Bernard A. Freidman |
| _____/ | Magistrate Paul J. Komives |

## PROOF OF SERVICES

___Carl Williams___, being first duly sworn deposes and your name

Say that on November 14 2014. I sent a copy of Objection to the filing of redlined version of Eight Amended Plan for the Adjustment of Debts of the City of Detroit because the court failed to conduct evidentiary hearing on the fraud and jurisdiction, Upon the concern parties by certified mail at the following address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

FILED 2014 NOV 14 P 3: 20 U.S. BANKRUPTCY COURT E.D. MICHIGAN-DETROIT

Emergency Manager
Kenyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign *Carl Williams*

Dated November 7 2014