UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | ) | |

**RESPONSE BY THE CITY OF DETROIT (REPRESENTED BY ITS MAYOR AND CORPORATION COUNSEL) TO THE DETROIT RETIREMENT SYSTEMS' AND GREENHILL'S LIMITED OBJECTIONS TO ENTRY OF PROPOSED ORDER CONFIRMING EIGHTH AMENDED PLAN OF ADJUSTMENT**

The City of Detroit, represented by its Mayor and Corporation Counsel, respectfully files this Response to the Limited Objections to Plan Confirmation filed by the Police and Fire Retirement System of the City of Detroit (the "PFRS") and the General Retirement System of the City of Detroit (the "GRS" and together with the PFRS, the "Retirement Systems") and Greenhill & Co., LLC. See D.E. 8253, 8263, filed November 11, 2014.

The Retirement Systems argue that because the City is not immediately obligated to pay for their professionals' fees, the Court does not have jurisdiction to review those fees for reasonableness or to order those Professionals to participate in the fee review process. *See* Dkt. # 8253 at 2, 10. They are wrong.

1

The Retirement Systems' papers quote the Michigan statute which authorizes their retention of professionals. However, that statute expressly limits such payments to only "reasonable compensation" for the professionals' services. M.C.L. 38.1133(6), (8), both quoted at page 5 of the objections.

Bankruptcy law, 11 U.S.C. § 943(b)(3) requires this Court to determine the reasonableness of the fees of the professionals engaged by the Systems. The Court's fee review authority is broad and is not limited to direct obligations of the debtor or to administration expenses. Rather, Section 943(b)(3) provides that "[t]he court shall confirm the plan if – (3) all amounts to be paid by the debtor **or by any person for services or expenses in the case or incident to the plan** have been fully disclosed and are reasonable." Emphasis added.

Here, there can be no dispute that the financial health of the Retirement Systems is integral to the successful implementation of the Plan, and to the financial well-being of the City, its employees and retirees. Both Michigan and federal bankruptcy law permit payment only of reasonable fees to the Retirement Systems' professionals, and Section 943(b) makes this Court responsible for determining reasonableness.

For these reasons, the Retirement Systems' limited objections should be denied.

2

Dated: November 21, 2014                    Respectfully Submitted,

/s/ Charles N. Raimi
Charles N. Raimi (P29746)
Melvin Butch Hollowell, Jr. (P37834)
City of Detroit Law Department
2 Woodward Avenue, Suite 500
CAYMC
Detroit, Michigan 48226
(313) 237-5037
raimic@detroitmi.gov
hollowellm@detroitmi.gov

/s/ Schuyler von Oeyen
David H. Fink (P28235)
Darryl Bressack (P67820)
Schuyler von Oeyen (P74048)
FINK + ASSOCIATES LAW
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
(248) 971-2500
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com
svonoeyen@finkandassociateslaw.com

Counsel for the City of Detroit,
represented by its Mayor and Corporation
Counsel