UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

**LIMITED OBJECTION AND JOINDER OF GREENHILL & CO., LLC TO THE DETROIT RETIREMENT SYSTEMS' LIMITED OBJECTION TO ENTRY OF PROPOSED ORDER CONFIRMING EIGHTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT**

Greenhill & Co., LLC ("Greenhill"), hereby respectfully (a) asserts this limited objection (the "Limited Objection") to entry of the Order Confirming Eighth Amended Plan for Adjustment of Debts of the City of Detroit (the "Proposed Confirmation Order"), appended as Annex A to the *Notice of Filing of Revised Proposed Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* [Docket No. 8249], filed on November 11, 2014 by the above-captioned Debtor (the "Debtor"), and (b) joins in *The Detroit Retirement Systems' Limited Objection To Entry Of Proposed Order Confirming Eighth Amended Plan For The Adjustment Of Debts Of The City Of Detroit* [Docket No. 8253] (the "Retirement Systems Objection"), filed on November 11, 2014 by the Police and Fire Retirement System of the City of Detroit (the "PFRS") and the

General Retirement System of the City of Detroit (the "GRS" and together with the PFRS, the "Retirement Systems"):

**Objection & Joinder**

1. As more fully described in Paragraph A.13 of the "Factual Background" section of the Retirement Systems Objection, Greenhill provides financial advisory services to the Retirement Systems pursuant to a retention agreement between Greenhill and the Retirement Systems (the "Retention Agreement"). Greenhill does not object to confirmation of the City of Detroit's Eighth Amended Plan [Dkt. No. 8045]. Nonetheless, Greenhill files the Limited Objection to the Proposed Confirmation Order insofar as it would subject Greenhill's fees and expenses under the Retention Agreement to mediation and/or judicial review (see, e.g., paragraph J on page 27 and paragraph 88 on page 124 of the Proposed Confirmation Order).

2. Greenhill's fees and expenses, which arise under the Retention Agreement (to which the Debtor is not a party), and which are to be paid by the Retirement Systems (and not the Debtor), are not properly subject to review under Bankruptcy Code §943(b)(3) (or any other provision of the Bankruptcy Code) and fall beyond the jurisdiction of this Court. Moreover, even if this Court were to conclude that Greenhill's fees and expenses are subject to mediation or judicial review for purposes of a reimbursement obligation that the Debtor may ultimately

2

have to the Retirement Systems (whether on the effective date or years from now), Greenhill submits that such review cannot alter Greenhill's right to be paid its fees and reimbursed its expenses or the Retirement Systems' obligations with respect to such fees and expenses under the Retention Agreement.

3. Based on the facts available, and subject to the reservation of rights set forth below, Greenhill hereby joins the Retirement Systems Objection and incorporates the arguments and authorities set forth in the Retirement Systems Objection as if fully set forth herein, and each to the extent not inconsistent with paragraph 2 hereto.

4. Greenhill respectfully requests that this Court enter an order requiring the removal from the Proposed Confirmation Order (or from any version thereof that the Court may ultimately determine to enter) of any requirement that Greenhill's postpetition fees and expenses be subject to any review or mediation process in this case, and granting such other relief to Greenhill as the Court deems proper. Alternatively, if Greenhill's postpetition fees and expenses are determined to be subject to any review or mediation process in this case, Greenhill respectfully requests that the final version of such a Proposed Confirmation Order include language specifying that any review or mediation process in this case does not relieve the Retirement Systems from any of their obligations to Greenhill under the Retention Agreement.

3

13-53846-tjt    Doc 8394    Filed 11/21/14    Entered 11/21/14 22:51:16    Page 3 of 4

5. Greenhill hereby reserves and preserves all of its rights, remedies and arguments in connection with the Limited Objection and the Retirement Systems Objection and reserves all rights to supplement the Limited Objection and the Retirement Systems Objection, and to be heard before the Court with regard to the arguments set forth herein and therein – even if the Retirement Systems Objection is resolved or otherwise withdrawn. Greenhill reserves its rights to make any other applicable arguments, including those raised in other objections, other joinders and/or other confirmation briefings with respect to the Proposed Confirmation Order.

Dated: November 11, 2014

Respectfully submitted,

GREENHILL & CO., LLC

/s/ *Patricia Moran*
Patricia Moran
Chief Legal Officer
300 Park Avenue
New York, NY 10022
(212) 389-1625
patricia.moran@greenhill.com

- and-

STEINBERG SHAPIRO & CLARK

/s/ Mark H. Shapiro (P43134
Co-Counsel for Movant
25925 Telegraph Road, Suite 203
Southfield MI 48033
248-352-4700
shapiro@steinbergshapiro.com