UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

In re

CITY OF DETROIT, MICHIGAN,

        Debtor.

_____/

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

## JOHN P. QUINN'S MOTION FOR PARTIAL STAY PENDING APPEAL

I move that, pending resolution of my appeal from the Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Doc. No. 8272, 11/12/14) ("Confirmation Order"), the Court stay certain portions, specified below, of the Confirmation Order and of the Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of the Debts of the City of Detroit and (II) Occurrence of Effective Date (Appendix II attached to the Confirmation Order) ("Notice of Entry of Confirmation Order"). In support of this motion, I say that:

1.      Jurisdiction and venue: This motion is permitted by Fed. R. Bnkr. P. 8005. This Court has jurisdiction to grant or deny the relief sought under 28 U.S.C. §§ 157(b) and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157. Venue is proper in this district under to 28 U.S.C. §§ 1408 and 1409.

2.      I filed my Notice of Appeal from the Confirmation Order (Doc. No. 8369) on November 21, 2014.

3.      I seek a stay of the following parts of the Confirmation Order:

      a.      Paragraph A.1 on page 68 of the Confirmation Order, only insofar as it requires or permits implementation of

      i.      Paragraph II.B.3.r.ii.C on page 40 of the Plan,[1] or

      ii.     Paragraph II.B.3.r.ii.D.2. on page 41 of the Plan.

    b.    Paragraphs K.40 - 42 on pages 96 - 98 of the Confirmation Order.

    c.    Paragraph R.62 on pages 109 - 110 of the Confirmation Order only to the extent, if any, that it authorizes implementation or effectuation of

      i.      Paragraph II.B.3.r.ii.C on page 40 of the Plan, or

      ii.     Paragraph II.B.3.r.ii.D.2. on page 41 of the Plan, or

      iii.    Paragraph K.40, 41 or 42 on pages 96 - 98 of the Confirmation Order.

    d.    Paragraph T. 69 on pages 114 - 115 of the Confirmation Order only insofar as it makes binding or puts into effect

      i.      Paragraph II.B.3.r.ii.C on page 40 of the Plan, or

      ii.     Paragraph II.B.3.r.ii.D.2. on page 41 of the Plan, or

      iii.    Paragraph K.40, 41 or 42 on pages 96 - 98 of the Confirmation Order.

4.    I also seek a stay of paragraph 8 on pages 7 - 8 of the Notice of Entry of Confirmation Order.

5.    As is shown in the attached Brief (Exhibit C) granting the requested partial stay is within the Court's discretion, and in the existing circumstances, that discretion

---

[1] In this motion and its exhibits, the capitalized term "Plan" refers to the Eighth Amended Plan for the Adjustment of the Debts of the City of Detroit (October 22, 2014), which is attached to the Confirmation Order as Appendix I.

should be exercise to grant the stay.

6.    On November 22, 2014 I sent an email message to: Heather Lennox, representing the City; Sam Alberts, representing the Retiree Committee; Robert Gordon, representing GRS; and Ryan Plecha, representing the Detroit Retired City Employees Association. In that message I described the relief to be sought in this motion and requested concurrence in that relief. Ms. Lennox and Messrs. Gordon and Plecha have replied, informing me that their respective clients do not concur.

WHEREFORE, I request that the Court enter an order substantially in the form displayed in Exhibit A, attached. If the Court determines that some but not all the provisions listed in ¶¶ 3 and 4, above, should be stayed, then I request that the Court so order.

John P. Quinn
2003 Military Street
Detroit, MI 48209
(313) 673-9548
quinjohn@umich.edu

Dated: November 24, 2014

-3-

EXHIBIT A

Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re                                                    Chapter 9

CITY OF DETROIT, MICHIGAN,                Case No. 13-53846

            Debtor.                                  Hon. Steven W. Rhodes

_____/

ORDER GRANTING MOTION FOR PARTIAL STAY PENDING APPEAL

At a session of said Court held
in Detroit on _____

Present: Hon. Steven W. Rhodes
U.S. Bankruptcy Judge

The Court has considered John P. Quinn's Motion for Partial Stay Pending
Appeal, is fully informed in the matter and has concluded that there is just cause for
granting the relief requested.

IT IS ORDERED THAT:

1.      The Motion is granted.

2.      Implementation of each of the provisions listed in paragraph 3, below, is
stayed until resolution of John P. Quinn's appeal from the Order Confirming Eighth
Amended Plan for the Adjustment of Debts of the City of Detroit (Doc. No. 8272,
11/12/14) ("Confirmation Order") or until further order of this Court or of the United
States District Court for the Eastern District of Michigan.

The provisions stayed by this Order are:

A.      Paragraph A.1 on page 68 of the Confirmation Order, only insofar as it
requires or permits implementation of

(1)   Paragraph II.B.3.r.ii.C on page 40 of the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit ("Plan"), or

(2)   Paragraph II.B.3.r.ii.D.2. on page 41 of the Plan.

B.   Paragraphs K.40 - 42 on pages 96 - 98 of the Confirmation Order.

C.   Paragraph R.62 on pages 109 - 110 of the Confirmation Order only to the extent, if any, that it authorizes implementation or effectuation of

(1)   Paragraph II.B.3.r.ii.C on page 40 of the Plan, or

(2)   Paragraph II.B.3.r.ii.D.2. on page 41 of the Plan, or

(3)   Paragraph K.40, 41 or 42 on pages 96 - 98 of the Confirmation Order.

D.   Paragraph T. 69 on pages 114 - 115 of the Confirmation Order only insofar as it makes binding or puts into effect

(1)   Paragraph II.B.3.r.ii.C on page 40 of the Plan, or

(2)   Paragraph II.B.3.r.ii.D.2. on page 41 of the Plan, or

(3)   Paragraph K.40, 41 or 42 on pages 96 - 98 of the Confirmation Order.

E.   Paragraph 8 on pages 7 - 8 of the Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of the Debts of the City of Detroit and (II) Occurrence of Effective Date (Appendix II attached to the Confirmation Order).

3.   The terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.   The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

_____
Steven W. Rhodes
United States Bankruptcy Judge

EXHIBIT B

Notice of Motion and Opportunity to Object

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

_____/

NOTICE OF JOHN P. QUINN'S MOTION FOR PARTIAL STAY PENDING APPEAL

PLEASE TAKE NOTICE that on November 24, 2014, John P. Quinn filed his Motion for Partial Stay Pending Appeal (the "Motion for Stay") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") seeking a stay of Certain provisions of the Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Doc. No. 8272, 11/12/14) ("Confirmation Order") and of the Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of the Debts of the City of Detroit and (II) Occurrence of Effective Date (Appendix II attached to the Confirmation Order) ("Notice of Entry of Confirmation Order").

PLEASE TAKE FURTHER NOTICE that your rights may be affected by the relief sought in the Motion. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

PLEASE TAKE FURTHER NOTICE that if you do not want the Bankruptcy Court to grant the Motion for Hearing or you want the Bankruptcy Court to consider your views on the Motion, by November 26, 2014, you or your attorney must:

File with the Bankruptcy Court a written response (complying with Fed.R.Civ.P. 8(b), (c) and (e)) to the Motion, explaining your position, electronically through the Bankruptcy Court's electronic case filing system in accordance with the Local Rules of the Bankruptcy Court or by mailing any objection or response to:

United States Bankruptcy Court
Theodore Levin Courthouse
231 West Lafayette Street
Detroit, MI 48226

You must also serve a copy of any objection or response upon:

-1-

John P. Quinn
2003 Military Street
Detroit, MI 48209
Telephone: (313) 673-9548
email: quinjohn@umich.edu

PLEASE TAKE FURTHER NOTICE that a hearing on the Motion will be held on December 1, 2014 at 2:00 p.m. in Courtroom 100, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan.

PLEASE TAKE FURTHER NOTICE that if you or your attorney do not take these steps, *the court may decide that you do not oppose the relief sought in the Motion* and may enter an order granting such relief.

John P. Quinn
2003 Military Street
Detroit, MI 48209
(313) 673-9548
quinjohn@umich.edu

Dated: November 24, 2014

-2-

EXHIBIT C

BRIEF

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

_____/

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

BRIEF IN SUPPORT OF
JOHN P. QUINN'S MOTION FOR PARTIAL STAY PENDING APPEAL

I.    STANDARDS FOR DECISION.

A bankruptcy court considering a motion for stay pending appeal considers the

following questions: "(1) whether the movant has shown a strong or substantial

likelihood of success on the merits; (2) whether the movant has demonstrated

irreparable injury; (3) whether the issuance of [a stay] would cause substantial harm to

others; and (4) whether the public interest is served by the issuance of [a stay]." *In re*

*Holstine*, 458 B.R. 392, 394 (E.D. Mich. 2011) These are the same issues considered

when deciding whether to grant a preliminary injunction. Id., citing *Michigan Coalition of*

*Radioactive Material Users, Inc. v. Griepentrog, et. al.*, 945 F.2d 150, 153 (6th Cir.

1991).

These questions are not considered independently, one at a time. Rather, "the

four considerations applicable to preliminary injunction decisions are factors to be

balanced, not prerequisites that must be met. Accordingly, the degree of likelihood of

success required may depend on the strength of the other factors. ... In addition to

assessing the likelihood of success on the merits, the court must consider the

irreparability of any harm to the plaintiff, the balance of injury as between the parties,

and the impact of the ruling on the public interest. In general, the likelihood of success that need be shown will vary inversely with the degree of injury the plaintiff will suffer absent an injunction." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir., 1985) Thus, with reference to the first two factors, "[t]he probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [movants] will suffer absent the stay. Simply stated, more of one excuses less of the other." *Michigan Coalition of Radioactive Material Users, Inc., supra,* at 153.

II.     LIKELIHOOD OF SUCCESS ON THE MERITS.

I have not yet filed my designation of issues on appeal. I intend to raise at least the following issues:

a.      Did this Court err as a matter of law by confirming the Plan even though, by attempting to impose the ASF recoupment on claims whose retiree holders have not individually agreed to its application to their claims, the Plan imposes non-consensual less favorable treatment on those claims than on other claims in class 11, in violation of 11 U.S.C. § 1123(a)(4)?

b.      Did this Court err as a matter of law by confirming the Plan even though it purports to adjust not only the City's liability, if any, on the claims included in Class 11, but also GRS's liability on those claims, in violation of 11 U.S.C. § 941?

Since these are questions of law, review will be *de novo*, without deference to this Court's determinations. "A district court hearing a bankruptcy appeal reviews a bankruptcy court's conclusions of law de novo and its findings of fact for clear error." *In*

*re Baker*, 514 B.R. 860, 863 (E.D. Mich. 2014), Citing *In re Lee*, 530 F.3d 458, 463 (6th Cir. 2008).

A.    ASF Recoupment and § 1123(a)(4).

I have discussed the application of 11 U.S.C. § 1123(a)(4) to ASF recoupment in my Objections to the Fourth Amended Plan of Adjustment[2] and in my closing argument. There is no need to repeat those discussions here.

The Court has wisely declined to endorse the City's rationalization for ASF recoupment, and instead has based its approval of the recoupment on its determination that it is part of a settlement the Court considers reasonable.[3] Indeed, the Court uses its determination that ASF recoupment is part and parcel of a settlement with Class 11, represented by the Retiree Committee, to support its conclusion that ASF recoupment does not violate § 1123(a)(4).[4] But this flies directly in the face of § 1123(a)(4) and the

_____

[2] Doc. No. 5723, 7/1/14, at 1 - 9.

[3] "The Court does not rule on the merits of the City's claim to recover ASF Recoupment or the merits of the GRS participants' defenses. The Court reviews the parties' respective positions solely to determine whether the ASF Recoupment component of the City's broader pension-related settlement is reasonable." Confirmation Order at 61 - 62. "ASF Recoupment is (a) an integral component of the City's global settlement of pension-related and other labor-related issues negotiated with, among others, the Retiree Committee, (b) is well within the range of possible reasonable settlements and (3) is approved in all respects." Id. at 95.

[4] "Because ASF Recoupment is a settlement mechanism designed to (a) implement a critical component of the City's comprehensive settlement of pension-related issues and (b) enable the trustees of the GRS (collectively, the "GRS Trustees") to recover a portion of excess interest allocated to members' Annuity Savings Fund accounts from the GRS's traditional defined benefit pension plan (the "GRS Traditional Pension Plan"), ASF Recoupment may be deemed (x) separate and distinct from the calculation of recoveries provided to holders of GRS Pension Claims and, thus, (y) disregarded for purposes of determining whether the Plan complies with section 1123(a)(4) of the Bankruptcy Code." Id. at 8 - 9.

underlying principle upon which it is based. § 1123(a)(4) does not permit less favorable treatment of some class claims if that less favorable treatment is an integral component of a reasonable global settlement, nor if it enables someone to recover funds they paid out when they should not have, nor if it might be deemed to arise from a separate and distinct calculation from that used for the class as a whole, nor even if all these factors are present. It does not address the purpose of the less favorable treatment. It permits less favorable treatment only if the holder of each claim subjected to less favorable treatment individually agrees to the less favorable treatment. It really is just that simple.

And it must be that simple to serve the underlying purpose of § 1123(a)(4): to protect the integrity of the voting process within each class so that claims can be grouped into classes without doing violence to the claim holders' individual rights to due process.[5] Requiring a class member to accept less favorable treatment of her claim because that less favorable treatment is integral to a settlement agreed to by the class as a whole, even if the settlement was negotiated in good faith and at arms length and is reasonable, is precisely the evil § 1123(a)(4) is designed to prevent.

B.      Adjustment of GRS's Liability on Pension Claims.

I have explained in my Objection[6] and my closing argument why the Plan's treatment of Class 11 violates 11 U.S.C. § 941 and will not repeat all that here. I simply note that, so far as I can see from a review of the Court's opinion from the bench and the Confirmation Order, the Court has made no effort to justify its confirmation of a plan

---

[5] See *In re Quigley Co.*, 377 B.R. 110, 119 (Bkrtcy.S.D.N.Y. 2007).

[6] Doc. No. 5723, 7/1/14, at 9 - 16.

that purports to adjust the liabilities of a party other than the debtor, namely, GRS, nor to develop a theory as to why that is not what the Plan does. It is unlikely that the district court, conducting *de novo* review, will find merit in an analysis that does not appear to exist.

III.    IRREPARABLE INJURY.

> If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other federal appellate court with appropriate jurisdiction, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the City's receipt of written notice of such order. Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by the provisions of this Order and the Plan and all related documents or any amendments or modifications thereto.

Confirmation Order at 115

It is thus clear that, even if the district court holds that the Plan should not have been confirmed with ASF recoupment in it and that this Court has exceeded its authority by approving a plan that adjusts GRS's liability to me, the money that will by then have been withheld from my pension will never be paid to me. That is an obvious injury, and the Plan, by its terms, makes the injury irreparable, thus justifying a stay. Indeed, if a stay is denied both here and in the district court, the question whether this Court erred by including the above quoted language in the Confirmation Order may become another issue on appeal.

-5-

The problem is compounded by the time limits governing the ASF Recoupment Cash Option.[7] Not less than seven days after the Effective Date the City will send me the ASF Election Notice and Form. I will then have thirty-five days to exercise the Cash Option. It is unlikely that my appeal will have been resolved by then. If I do exercise the Cash Option, the payment I make apparently will not be returned, even if resolution of the appeal results in the elimination of ASF recoupment. On the other hand, if I do not return the Election Form and thereby decline the Cash Option, I will forever forfeit my opportunity to avoid the 6.75% interest rate on ASF recoupment. In any event, I will have been forced to make an important financial decision without information needed for that decision, namely, whether ASF recoupment will survive my appeal. A stay would enable me to delay that decision until the information becomes available.

IV.    SUBSTANTIAL HARM TO OTHERS.

The City's contributions to GRS are fixed until 2023, so whether my pension is reduced by 20%, 4.5% or not at all will have no impact on the City during the foreseeable duration of a stay pending appeal. A stay would impose temporary costs on GRS, but its assets are more than sufficient to absorb those costs in the short term. This Court's retention of jurisdiction[8] will enable it to make any adjustments that may be needed to assure that GRS is reimbursed for any temporary costs it shall have incurred on account of a stay if my appeal is unsuccessful.

_____

[7] Confirmation Order at 97 - 98.

[8] Confirmantion Order at 125 -126.

-6-

## V.    THE PUBLIC INTEREST.

The public interest would be unaffected by the granting of the requested partial stay pending appeal. The public certainly has an interest in the financial viability and survival of the City of Detroit. However, as noted above, the stay sought in this motion would have no impact on the City's finances or survival. The remainder of the Plan can be implemented while the provisions as to which I seek a stay are held in abeyance while the district court considers my appeal.

## VI.    WEIGHING THE FACTORS.

The above discussion demonstrates that the first three factors weigh in favor of a stay and the fourth lends no weight either way. On the other hand, this Court seems inexplicably convinced that it has not erred by determining that ASF recoupment is consistent with 11 U.S.C. § 1123(a)(4) and that there is no need even to consider whether the Plan's treatment of Class 11 violates 11 U.S.C. § 941. The Court, therefore, may not be persuaded there is a high probability my appeal will succeed on the merits. "To justify the granting of a stay, however, a movant need not always establish a high probability of success on the merits. ... The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [movant] will suffer absent the stay." *Michigan Coalition of Radioactive Material Users, Inc., supra,* at 153. Here, as is shown above, in the absence of a stay serious and irreparable injury is inevitable if the district court determines that my position has merit. A relatively slight chance that the district court will so determine is, therefore, sufficient to justify a stay pending appeal.

## VI.    CONCLUSION AND RELIEF

The Court should grant the requested partial stay. If The Court concludes that it should stay some but not all of the provisions as to which I have requested a stay, the Court should stay the provisions as to which it concludes a stay is appropriate.

John P. Quinn
2003 Military Street
Detroit, MI 48209
(313) 673-9548
quinjohn@umich.edu

Dated: November 24, 2014

EXHIBIT D
Certificate of Service

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.
_____/

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

CERTIFICATE OF SERVICE

I certify that on November 24, 2014, I am filing a hard copy of the above

document with the Clerk of the Court. I understand the Clerk will promptly scan that

hard copy and file the resulting pdf version using ECF, thus effecting service on all

persons entitled to service in this action.

I further certify that on November 24, 2014, I am emailing pdf copies of the

above document as follows:

to Heather Lennox, representing the City, at hlennox@jonesday.com;

to Sam J. Alberts, representing the Retiree Committee at
sam.alberts@dentons.com;

to Robert D. Gordon, representing GRS, at rgordon@clarkhill.com; and

to Ryan C. Plecha, representing DRCEA, at rplecha@lippittokeefe.com.

John P. Quinn
2003 Military Street
Detroit, MI 48209
(313) 673-9548
quinjohn@umich.edu

Dated: November 24, 2014

EXHIBIT E

Affidavits
(Not applicable.)

EXHIBIT F

Documentary Exhibits
(Not Applicable)