UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

**CONCURRENCE OF THE RETIREE ASSOCIATION PARTIES IN: (1) CITY OF DETROIT'S CONSOLIDATED OBJECTION TO APPELLANTS' MOTIONS FOR STAY PENDING APPEAL AND (2) CONSOLIDATED RESPONSE OF THE OFFICIAL COMMITTEE OF RETIREES IN OPPOSITION TO MOTIONS FOR STAY PENDING APPEAL OF ORDER OF CONFIRMATION OF THE CITY'S EIGHT AMEDED PLAN OF <u>ADJUSMENT</u>**

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually, and as President of the RDPFFA, and the Detroit Retired City Employees Association ("DRCEA") and Shirley V. Lightsey, individually, and as President of the DRCEA (collectively "Retiree Association Parties"), through their counsel, Lippitt O'Keefe Gornbein, PLLC, join in the City of Detroit's Consolidated Objection to Appellants' Motions for Stay Pending Appeal ("City Objection") (Docket No. 8496). The Retiree Association Parties also concur in the Consolidated Response of the Official Committee of Retirees in Opposition to Motions for Stay Pending Appeal of Order of Confirmation of the City's Eighth Amended Plan of Adjustment ("Committee Opposition") (Docket No. 8494) and they hereby incorporate the arguments to oppose the Motions to Stay

Pending Appeal[1] as set forth in the City Objection and the Committee Opposition, as if fully restated herein.

The Retiree Association Parties further state in opposition to the Motions to Stay Pending Appeal as follows:

**GENERAL STATEMENT IN OPPOSITION**

1. The Retiree Association Parties have vigilantly and vocally supported the Eighth Amended Plan of Adjustment ("Plan") and its prior iterations for over sixth months.

2. During those sixth months of supporting the Plan, the Retiree Association Parties have advocated the Plan and its treatment of retirees to State legislators, their respective members and all retirees.

3. The Retiree Association Parties were integral in recommending the Plan to retirees, which as classes, overwhelming voted to approve the Plan and its treatment of retiree pension and other post employment benefit claims.

---

[1] *"Motions to Stay Pending Appeal"* is collectively herein defined to include the following: (1) Second Amended Motion for Limited Stay Pending Appeal (Docket No. 8341, "Ochadleus Motion to Stay"); (2) John P. Quinn's Motion For Partial Stay Pending Appeal (Docket No. 8413, "Quinn Motion to Stay"); Joint Motion to Join Joh (sic) P. Quinn's Motion for Partial Stay Pending Appeal (Docket No. 8429, "Taubitz Joinder Motion"); (4) Petitioner's Motion to Stay and Memorandum of Law (Docket No. 8426, "Harris Motion to Stay"); and (5) Joinders in John P. Quinn's Motion for Partial Stay Pending Appeal (Docket Nos. 8432, 8434, 8435, 8436, 8438, 8439, 8440, 8441, 8442, 8443, 8444, 8445, 8446, 8448, 8449, 8450, 8451, 8452, 8453, 8454 and 8464, collectively "Joinder Motions to Quinn Motion"). Specific reference to an individual motion to stay pending appeal will be referred to by the defined title designated above. Further, any motion to stay the effective date of the Plan filed after November 24, 2014, should be denied as untimely under this Court's Order Regarding Motions for Stay Pending Appeal. (Docket No. 8350).

4. A large part of the message disseminated to retirees was that certainty was important to allow retirees to budget, move forward and recover from the trying bankruptcy process.

5. On November 7, 2014, this Court read its decision to confirm the Plan.

6. Upon the date of this filing, the Retiree Association Parties, along with their membership, all retirees, and residents of the City of Detroit, have been burdened with the albatross of bankruptcy for approximately four hundred and ninety seven (497) days.

7. The Retiree Association Parties strongly believe that finality and effectiveness of the Plan is in the best interest of retirees and the public at large.

8. More specifically related to the retirees, a post-2014 effective date of the Plan would be devastating.

9. The Plan must become effective posthaste to ensure funding of the Grand Bargain and for the VEBAs to become operational without costly delay.

10. The Plan conditions the State's participation upon, *inter alia*, "the Confirmation Order becoming Final Order no later than December 31, 2014." (Plan, p 56).

11. Further, the Principal Terms of the DIA Settlement (Exhibit I.A.126) conditions the DIA's and Foundation Funders' payments upon "occurrence of the effective date" and "[c]losing occurring no later than December 31, 2014." (DIA Settlement, Docket No. 8045-1, p 809).

12. The VEBAs are creations of the Plan and only come into legal existence upon the effective date of the Plan.

13. The funding of the VEBAs is extremely tight and efforts have already been exerted through the mediation process to secure start-up (runway) funding for the VEBAs.

14. Part of the runway funding resolution is partial acceleration of interest on excess B Notes, the payment of such interest being tied to the effective date as well. (Letter Agreement, Exhibit 1 of Committee Opposition, Docket No. 8494-1).

15. Retirees have lost a substantial portion of their OPEB benefits and should not be subject to reduced benefits in the future because of financial consequences of a delayed effective date.

16. All of the foregoing paragraphs make it quite clear that a stay of the effective date would cause substantial harm to retirees and would not serve the public interest of exiting bankruptcy as expediently as possible.

17. In total, the facts and circumstances strongly weigh against granting a stay and the petitioning parties have failed to meet their burden to show otherwise.

WHEREFORE, the Retiree Association Parties respectfully request that the Court deny all Motions to Stay and allow the City go effective with the Plan as soon as possible (even if appeals are pending) along with the Court granting any other relief it deems appropriate and just to achieve this end.

Dated: November 26, 2014                    Respectfully submitted,

By: /s/ Ryan C. Plecha
**LIPPITT O'KEEFE GORNBEIN, PLLC**
Brian D. O'Keefe (P39603)
Ryan C. Plecha (P71957)
370 East Maple Road, 3rd Floor
Birmingham, Michigan 48009
Tel: (248) 646-8292; Fax: (248) 646-8375
bokeefe@lippittokeefe.com
rplecha@lippittokeefe.com