# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISON

CARL WILLIAMS, HASSAN ALEEM AND
DOROTHEA HARRIS
       Creditor/Petitioners

v

In re:
City OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
       KEVYN D.ORR
       Debtors/Respondent

_____/

Chapter 9
Case No. 13-53846
Magistrate Judge:
Steven W. Rhodes

FILED 2014 DEC -1 P 1:49 U.S. BANKRUPTCY COURT E.D. MICHIGAN DETROIT

# PETITIONER'S REQUEST LEAVE TO PROCEED SUPPLEMENTAL AND CORRECTION AND AMENDED TO MEMORANDUM OF LAW TO STAY ON THE CONFIRMATION OF THE PLAN AND OPINION OF MAGISTRATE JUDGE <u>STEVEN W RHODES</u>

Notice is hereby given that Petitioners Carl Williams, Hassan Aleem and

Dorothea Harris petitioners/creditors et al above names have request leave to

proceed supplemental and correction and amended brief to stay that they are

appealing the Bankruptcy Case No. 13-53846 and judge Magistrate judge Steven

W. Rhodes Opinion on the record dated November 7, 2014 and not issued and

made available for the public until November 12, 2014 to the Eighth Amended

1

plan of adjustment and confirmation to the plan to the United States Court of

Appeals for the Six Circuit. Pursuant to 28 U.S.C. sec 158 (2)(d) and 1334 Rule 5& 6 of

Appellate Procedure of Federal Rules of Civil Procedure.

## **STANDARD FOR A STAY PENDING APPEAL**

1) The Federal Rule of Civil Procedure Rule 62(d) provides that"[w]hile an appeal

is pending from an interlocutory order or final judgment that grants, dissolves, or

denies an injunction, the court may suspend, modify, restore, or grant an injunction.

injunction." The purpose of a "STAY" is to preserve the status quo pending appellate

determination. McClendon v. City of Al-buquerque, 79 F.3d 1014, 1020 (10th Cir.

1996).

a) When considering a stay pending appeal, a court must consider the following

factor (1) the likelihood of success on; (2) the treat of irreparable Harm absent a stay;

(3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of

harm to the public interest. Baker v. Adams County/Ohio Valley School Bd., 310 F.3d

927, 928 (6th Cir 2002). A stay pending appeal does not "require the trial court to

change its mind or conclue that its determination on the merit was erroneous"

before holding that a stay pending appeal is warranted. St Agnes Hospital v. Riddick,

751 F. Supp 75, 76 (D. Md. 1990)(citations omitted).

2) (1) The likelihood that the petitioners will prevail on the merits on appeal

is undisputed, because we all agree that the Bankruptcy wasn't filed in good faith for

2

a numbers of reasons. In re Valley Health Sys, 383 B.R. 156, 163 (Bankr C.D. Cal 2008). In this present case, the City was more egregious by not negotiating at all. In re Cotton Water and Sanitation District, Douglas County, Colo., 138 B.R. 973, 979 (Bankr. D. Colo 1992) **"plan referred to in 109(c) (4) is adjustment plan and disclosure statement negotiated pre-petition in good faith."**

(1) Petitioners are being deprived ample time to prepare and respond and a pattern of time constrain on the petitioners and overwhelming bias by the court. Petitioners filed around an objection to the (Notice and confer session regarding certain objections to the Amended Disclosure Statement with respect to Amended plan for the Adjustment of Debts of the City of Detroit). We were only allowed 24 hours to respond around April or May 2014. Under the Federal Rules of Civil Procedures you are allowed three days just for mailing. The time to respond in Bankruptcy proceedings is normally 14 days and in the Federal Rules of Civil Procedures you normally receive 20 or 21 days.

(a)The appellants/creditors are not attorneys or skill in the legal profession and do not have enough time to consult legal assistant and advice. The deadline time lines is unreasonable for the average person and are unfair, to stringent, and irrational and prejudice the proceedings and this case against the creditor, pensioners, retiree, and

3

other citizens opposing the bankruptcy.

(b) The court made a decision on November 12, 2014 and the City of Detroit the opposing party didn't present their brief until after the fact November 21, 2014 a Five hundred & five pages brief approximately 90% of the their argument and then the petitioners/creditors was told they only had till November 24, 2014 no business day to conduct business and respond given the City the benefit of the doubt and the advantage. We received the notice Friday evening and schedule to be in court Monday, November 30, 2014 at 2:00 PM.

(c)To clarify the record the Creditors, people of interest, Hassan Aleem, Carl Williams, Dorothea Harris and others **were not notified publicly.** In our Recon-sideration of Objections to chapter 9 Bankruptcy we stated: "most creditors and anyone of interest <u>never received a notice that</u> violated. 11 U.S.C. 923 of the Bankruptcy code. The Bankruptcy rule provides that the clerk, or such other person as the court may direct is to give notice Fed. R. Bankr. P 2002 (f). The notice must also be "published" at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates," in title 11 U.S.C. sect 923 of the Bankruptcy code. The City has file one, two, three, four, five, six, seven, and now

4

eight Amended and has never complied to section 923 and 921 of the bankruptcy code and rules. To just simply write the word notice on an document is not sufficient or adequate according to the rules this is why we have them. What part of **notice must also be "published" at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case commenced.** Do they not understand. This simply was not done and continues to show the lack of conducting business in good faith. They also did not meet the requirements of title 11 of chapter 9 bankruptcy procedures, which are a failure to comply with the bankruptcy rule and code that is grounds for dismissal for just one non-compliance or violations and we have them both therefore the, thus denial of due process and equal protection of the law of the 5th and14th Amendments of the Constitution of the United States. See page 3 of Reconsideration of Objection to chapter 9 Bankruptcy this case should be dismissed. The bankruptcy Code and rule state the case can be dismissed for one or the other and in this case we have both failed to bargain in good faith and did not meet the requirements of title 11 of Section 923 and 921. We demand's this case be dismissed in according to the code and rule of the Bankruptcy procedures in the interest of justice.

(d) In the present context these principles require that a person have <u>timely</u>

5

and adequate notice detailing the reasons for the notice and an effective opportunity to defend. Goldberg v. Kelly 397 U.S. 254 (1970) citing Armstrong v. Manzo, U.S. 545, 552 (1965). Goldberg also states that the parties are entitled to an impartial decision maker. The decision maker Judge Steven W. Rhodes has not been impartial as a result of his decisions to the creditors and other parties of interest in this case and placed them at a disadvantage to lose this case against debtors, first stating their objections were ineligible for various reasons as a consequence of the court failure to have met their requirements to the Bankruptcy code title 11 U.S.C. Section 923, therefore, should be dismissed as provided by the bankruptcy code.

We are not lawyers nor do we have the financials to employ a good one, but for the court to made a decision site unseen is more than just bias and definitely and miscarriage of justice. The court objective from the court action is speed and bent on the city eligibility when it should be fairness, accuracy and justice.

## THE LIKELIHOOD THAT THE MOVING PARTY WILL BE IRREPARABLE HARM ABSENT A STAY

(2) The likelihood that petitioners/creditors will be victim of a miscarriage of Justice will occur and cause irreparable harm absent a stay with no time to respond. The court denied our objections and the City of Detroit filed a Consolidation reply to certain objections to confirmation of the amended plan for the Adjustment of debts of

6

the City of Detroit months after the facts and has discriminated against the pensioners, Retirees, and the creditors by continuing to give us less time from 24 hours to respond to no days respond as he did here and holding petitioners to a higher standard than that of an attorney and contrary to the Supreme Court Decision. In this case plaintiffs are Black and have no college degree and filing in Propria persona and are being held to a higher stringent standard than that of an attorney Haines v. Kerner, 404 United States 519, 520, (1972). Also see Harrison v Local 54 Amer Fed of State C, C & MEMP 518 F.2d 1276 (1975) Sawyer v Sanstrom 615 F.2d 311 (1980). The petitioners are being held to a higher stander than an attorney. The fact that we filed a Summary Judgment and stated the city had 20 or 21 days to reply we still was required to file another notice and violate the supreme Court decisions: The supreme court state that If twenty things are required by the law to be done by the court in exercising such special power, these being specially required must not only be done, but specifically appear on the record to have been done. Voorhees v Bank of United States, 10 Pet. 449, 474; Cornett v. Williams, 20 Wall. 226, 249; Rooker v. Fidelity Trust Co et al 263, US 413 (1923).

## THE PROSPECT THAT OTHERS WILL BE HARMED
## IF THE COURT DON'T GRANT THE STAY

(3) The fact that not only the parties in this case will be harm but other as well every citizen, resident, and taxpayer of the city of Detroit will be affected by this and the pensioners. However, in the Judge's opinion he stated that it was too costly and time consuming to include the Banks who are the part culprit in this matter with COP,

7

which the court said was illegal. But yet instill he can allow the least of us who can afford it to be strip of pensions and way of life to survive  is nothing more than discrimination and a miscarriage of justice. See State v. Cluff, 48 Utah, 102 158 P. 701.703; State v. Neil, 117 Wash , 142 , 202 P. 7, Blacks Law Dictionary Revised 4th edition.

## THIS IS A SERIOUS MATTER OF GREAT PUBLIC CONCERN AND INTEREST

(4) This is a matter of serious great public important to the public and the municipality and will affect them both if a stay does not issues. When an appeal is taken by a trustee, a bond or appropriate security may be required.  We are not the trustee in this case  and request that this court wave the requirement for bond in the interest of justice at the court discretion. Mich Coal of Radioactive Material Users, Inc v Griepentroy, 945 F.2d 150, 153 (6th Cir 1991) See also In re Holstine, 458 B.R. 392, 39 (E.D. Mich. 2011); In re ASC Inc, 386 B.R. 187, 198 (E.D. Mich, 2008); In re Dow Corning Corp., 255 B.R. 455, 542 (E.D. Mich 2000.

## FRAUDULENT CONCEALMENT

5)The fraud began at the commence of this case when the emergency manager, Kevyn Orr an appointed official of the state impersonating an elected official concealed the fact he was not the proper person. The City of Detroit never legally **approved, agreed** or **consented to** the Emergency Manager, Kevyn Orr, filing for bankruptcy

8

and Kevyn Orr deceived and concealed this fact from the people by his action and con-

travened MCL 600.5855 Fraudulent Concealment and 11 U.S.C. 903 (1) a State law pre-

scribing a method of composition of indebtedness of such municipality may not bind

any **creditor that** **does not consent to such composition;** (2) a judgment entered under

such a **law may not bind a creditor that does not consent to such composition**, thus

Kevyn Orr has, failed to meet <u>the requirement of title 11 U.S.C. 903 (c)</u> and <u>there is no</u>

<u>binding consent agreement</u> <u>or contract</u> and previous cited objections and/or a correct-

ion **should have been dismissed.** In addition, the State, Kevyn Orr an agent of the

state and the City of Detroit concealed the fact that the filing of the bankruptcy suit

was supposed to be by the proper person a public official by consent of the creditors

through their elected officials. City of Harrisburg Pennsylvania, 465 B.R. 744 (Bankr.

M.D.Pa 21).

> **The power to govern remains with the municipality not with**
> **the judge or any unelected official, unless State, not Federal,**
> **law provides for some alternate system. (121 Cong Rec H39413**
> **(daily ed Dec 9 1975);** remarks of Reps. Kindness and Edward.11
> USC 903 Norton Bankruptcy Law and Practice 3d. Congressional
> Record Statement (Reform Act of 1978).

## <u>BANKRUPTCY STATE LAW</u>

2) The state has no authority in Michigan because there is no governing

authority in any statute, legal policy, regulation or any legal law of the state of Michigan. The State of Michigan doesn't have a state statute or any state law that specifically governor bankruptcy. Therefore, there is no genuine issue of material facts to address.

As stated before numerous times in our previous objections there is no state law in Michigan.

Also, and most important is a municipality should, at the very least, attempt to circulate and obtain approval with respect to an **adjustment plan prior to filing for chapter 9, not after the fact as in this case**. Because Section 1126 (b) of the Code applies in chapter 9, a municipality that has reached the adjustment plan to be proposed under title 11 Section 941of the Code. In re City of Vallejo, 408 B.R. at 280, 296-97 (9th Cir. B.A.P. 2009).

In this case the court determined that this case should be dismissed and in our present circumstance it wasn't approved by the City Council and the mayor didn't filed on the behalf of the city as required and no voluntary agreement, approval or consent and contravened 11 USC. 903 (1) & (2) and 904 and have no authority under chapter 9 and should be dismissed. In Harrisburg the chapter 9 law and third class city code to commence a bankruptcy case on the behalf of the city of Harrisburg and

10

(2) the city of Harrisburg was not specifically authorized under state law to be a

debtor under chapter 9 of the Bankruptcy code as required by 11 USC sect 109 (c) (2),

this smack the State of Michigan through the Emergency manager, Kevyn Orr "ripe

for dismissal." In this instance it is more egregious because there is no state authority

or law on bankruptcy in the State of Michigan.

## DISCRIMINATION AMONG MEMBERS IN THE SAME CLASS

The emergency manage Kevyn Orr is discriminating against members within

the same class in regards to the 13th check  and its member in the craw-back which is

an annuity insurance contract.  The pensioners that received a 13th check are not

require to pay back the money from the annuity saving funds and have been subject

to the craw back which both of them come out of the annuity saving funds and the

funds from both groups arrive from annuity saving funds. This is unfair discrimination

among members in the same class to steal funds from pensioners and give to the city

of Detroit funds that they are not entitle to and have not invested a dime.  This is like

Robin-hood and his band of thieves of marry men in reverse. This is a violation of

class discrimination of the Civil Right Statute 42 USC 1983 and the  14th Amendment

violation of the Constitution of the United States.

## THE COURT'S LACK JURISDICTION

11

1) Judge Steven W. Rhodes do not have legal jurisdiction over the parties or the subject in accordance to Federal Rules of Civil Procedure 12 b (1) (2) and (h3) and the case should be dismissed.

> As pointed out in the note accompanying former Bankruptcy Rule 915 an objection that a debtor is neither entitled to the benefit of the Code nor amenable to an involuntary petition goes to jurisdiction to the subject matter and may be at any time consistent with Rule 12 (h) (3) F. R. Civ. Proc. See Selligson & King, jurisdiction and Venue in Bankruptcy, 36 Ref .l 36, 38-40 (1962). (Response to the City on the Bankruptcy proceeding on our objections Docket Nos 565, 1428, 1784, 88-89, 1806 and others)

a) The decision maker Judge Steven W. Rhodes has not been impartial as a result of his decisions to the creditors and other parties of interest in this case and placed them at a disadvantage to lose this case against debtors, first stating their objections were ineligible for various reasons as a consequence of <u>the court failure to have met their requirements to the Bankruptcy code title 11 U.S.C. Section 923</u>, therefore, should be dismissed as provided by the bankruptcy code.

b) The court have yet to explained how a creditor or any person not being notified according to 11 USC 923 at all could be classified as being untimely in his orders is an essential objection which the court has refused to address.

c) The emergency manage Kevyn Orr is discriminating against members within the same class in regards to the 13th check  and its member in the craw-back which is

12

an annuity insurance contract. The pensioners that received a 13th check are not require to pay back the money from the annuity saving funds and have been subject to the craw back which both of them come out of the annuity saving funds and the funds from both groups arrive from annuity saving funds. This is unfair discrimination among members in the same class to steal funds from pensioners and give to the city of Detroit funds that they are not entitle to and have not invested a dime. This is like Robin-hood and his band of thieves of marry men in reverse.

    d) The Bankruptcy Court judge is an Article 1 judge and Article 1 court and a non Article III Constitutional court and is without constitutional authority to hear and determine the issue raised in the Eligibility Objections or regular Municipal Bank-ruptcy hearing. The retirees, pensioners and any person of interest and those who are affected by the Bankruptcy are Constitutionally entitled to have an Article III court determine basic redress Constitutional issues affecting their livelihood as citizens of the state of Michigan. The petitioners and other were deprive the option of choice to choose if they wanted a magistrate judge or an article three judge and this was not disclosed and concealed from the people until after the fact and violated the 28 USC 631 magistrate Act and fraudulent concealment of MCl 600.5855 Magee v. Insurance Co. 92. US 93, 23 L.Ed. 699; Small v. Graves, 7 Barb., N.Y., 587. This is a procedural due

13

process and equal protection of the law violation of Article 1 section 2 of the State of Michigan Constitution and the 14th Amendment of the United State Constitution.

The Bankruptcy Court had no authority over our Constitutional rights and denied the creditors due process of law and equal protection of the law and lacks Jurisdiction to hear case raising constitutional issues and demands a dismissal.

2) Judge Steven W. Rhodes stated he was going to place the Bankruptcy on the fast track proceeding as a result he showed material prejudice against the creditors and denied them due process and fair treatment (1) most creditors at times didn't receive notices the continue to violate 11 USC 923 (2) Creditors did not receive ample and adequate time to respond during the oral hearing only three minutes but changed to 5 after petitioners complained attorneys had more time, (3) most creditors was given a informal hearing and inadequate time that placed them at a disadvantage regarding their testimony as hearsay with no creditability to the Bankruptcy proceeding vs. those with formal hearing of the Debtors, (4) The judge showed bias from the beginning when he fail to dismissed this case for failure to notice the creditors and then classified most of their objections ineligible for being untimely (5) most or practically all of the creditors didn't have an attorneys or any legal assistant to prepare and represent themselves and denied due process of law and equal

14

protection of the law and we demand this case to be dismissed.

3) During the Kwame Kilpatrick administration the city council unanimously approved a 1.44 billion pension swap deal that was suppose to paid the city unfunded obligations to the pension fund. These swap was under the disguise or mislabeled them "Pension Obligation Certificate." This simply was fraudulent concealment to cover-up the real intent and purpose. Those pension swap plans was under investigation and being challenged nationally because they turned sour for cities when interest rate rose for example Detroit was paying 9% interest rate on the swap deals. (The Michigan Citizen September 29- October 5 2013).What happen and where is 1.44 billion dollars? It didn't go to the pension funds and this Bankruptcy is nothing more than a cover-up for the 1.44 billion dollars missing.

4) The court showed material prejudice by stating that Jones Day, Buck firer, Milian or Kevyn Orr were not expert to give opinion on the annuity and they are not licensed actuaries and have not taken any government certified examine or any examine that would made them qualified to discuss or even give any professional or expert opinion in open court. However, the court allowed them to give testimony as expert which is a deception of the true analysis of annuity, which is fraudulent concealment MCL 600.5855 from the pensioners and retiree and anyone of interest..

The court also to conceal the fact that so-called hearing wasn't a real trial or hearing, It was more like a meeting to give a presentation and not testimony after the

15

fact is deceptive and a **sham**; **a cheap trick**, and **gross canard** and part of his "Ponzi" scheme in action to deceive the people to believing that they were receiving due process when in fact it wasn't a real trial or a hearing.

5) We object to the Plan of Adjustment and any confirmation of the plan because the court has discriminated against objectors who oppose the plan(1) the court sent our complaint back alleging they were forwarding the records to the District Court and instructed Carl Williams and Hassan Aleem to file in the district Court and not the bankruptcy court which was incorrect, (See exhibit A), (2) When Carl Williams went to file objections he was harass and treated like a common criminal without any legal cause and not allowed to go up and file his objections unless he was escorted by the Marshall or guard as directed by bankruptcy Judge Steven W Rhodes. If no Marshall was their he would have to wait until a Marshall arrived,(3) The court has alleged that we were untimely and allowed other parties to file after the creditors, (4) The court has refuse to give evidentiary hearing on the fraud, (5) The court refuse to address the question of lack of jurisdiction and evidentiary hearing on the lack of jurisdiction in our objecttion,(6)How do you confirm the plan when there was never a legal vote as required (1) No legal official ballot 14 was used,( 2) We/I object to the plan of adjustment and confirmation to the plan, because the material included with the

16

voting packages has some solicitation for a yes votes with letters from Shirley Lightsey a representative of the retiree committee, Donald Taylor president of Detroit retiree, Police and Fire Fighters on the behalf of the board of directors and the Emergency Manager, Kevyn Orr encouraging a Yes votes in violation of the Michigan Election Statute 168.485 (See attached a copy of the Michigan Election Statute 168.485 MEL) that states the language used shall not create no prejudice for or against the issue or proposal. As a result of these violation they had affect on the members voting yes in violation of the Michigan Election Law and that influence and determine the outcome of the vote and clearly prejudice against any creditor or one against the plan. This also contravened 1965 civil voting right statute. We demand a vote be held on the adjustment of the plan and confirmation of the plan immediately.

It is customary and a long standard principle that once an agency or a court has issued rules and regulations to govern its activity, The court's ruled that any time an agency promulgate rules they must scrupulously follow those rules or the decision cannot stand and may not violate them. In this case we are referring to Bankruptcy rules and codes and to bargain in good faith, regardless who makes the rule they must be followed in a civilized society of rules and law making proce-dures. Security & Exchange Comm v. Chenery 318 U.S. 80 87, 88 (1943), Service v Dulles, 354 U.S. 363 77 S. Ct 1152, p1 L.ED2nd 1403 (1957) Pacific Molasses

17

Co.v FTC, Tex (356 F2d 386 (1966). If the stay don't issue it will be a the biggest

municipal fraud in history and a travesty of justice.

We request that this court wave fee for the stay and issue a stay to prevent

irreparable harm to thousand of citizens and this is a matter of great public concern

and important.

**These are just a few examples of the reason why we object to**

**the Plan of Adjustment and "confirmation" of the plan because there**

**are multiple violations of the law to prevent irreparable harm and**

**further this travesty of justice a stay must issue . "This is an analogy to**

**the fruit of the poisons tree."**

I/We hereby certify that the statements made herein are true and correct to the best
of my knowledge and belief, under penalty of perjury and contempt of Court under
the laws of the United States of America.

Carl Williams
10112 Somerset
Detroit, Michigan 48224
313 521-5012

Dorothea Harris
20552 Huntington
Detroit, Michigan 48225
313 221- 0707

Hassan Aleem
2440 Taylor
Detroit, Michigan 48206
313 205-4353

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM et al
Creditor/Plaintiffs

v

In re:
CITY OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
KEVYN D. ORR

Debtor/Defendants

_____/

Chapter 9
Case No. 13-53846
Judge Steven W Rhodes

Case No. 14-cv-10434
Hon. Bernard A. Freidman
Magistrate Paul J. Komives

## RECONSIDERATION ON THE ORDER OVERRULING OBJECTIONS TO NOTICE AND CONFER SESSION REGAEDING CERTAIN OBJECTIONS TO THE AMENDED DISCLOSURE STATEMENT WITH RESPECT TO AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT

NOW COMES, the plaintiffs Carl Williams and Hassan Aleem et al Dkt

No.4022, Barbara Ann Magee, Dkt No. 4111, Hassan Aleem and Carl

Williams Dkt No. 4112, Errol Griffin Dkt No. 4113, Gladys Woolfork Dkt No.

4114, Gregory T. Waller Dkt No. 4115, Keith M. Hines Dkt No. 4116, Mark

Burton Dkt No. 4117, Roxanne Watson Dkt No. 4118, Sandra Howard Dkt

No. 4119, Sarah Vann Dkt No. 4120, Thelma Jackson-Milledge Dkt 4122,

1

Vera C. Magee Dkt No 4123, Zelma Kinchole Dkt 4124, and moves this court pursuant to 6 CIR 45 (b) and Rule 9024-1 U.S. Bankruptcy Court E.D. for Reconsideration and plaintiffs show the following:

Plaintiff in the above caption Carl Williams received an order Overruling Objections to Notice and Confer Session Regarding certain objections to the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit.

1) The Magistrate Judge Steven W. Rhodes overruling objections without proper and adequate notice and "no hearing at all." In the present context these principles require that a person have <u>timely</u> and <u>adequate notice</u> detailing the reasons for the notice and an effective opportunity to defend. Goldberg v. Kelly 397 U.S. 254 (1970) citing Armstrong v. Manzo, U.S. 545, 552 (1965). Goldberg also states that the parties are entitle to an "<u>impartial decision maker</u>." The decision maker Judge Steven W. Rhodes has not been impartial as a result of his decision to the creditors and other parties of interest in this case and placed them at a disadvantage to lose this case against debtors, first stating their objections were ineligible for various reasons as a consequence of <u>the court failure to meet the requirements to the Bankruptcy code title 11 U.S.C. Section 923</u>, the second disadvantage

2

and partiality the Judge Steven W Rhodes displaced was he intentionally gave an informal hearing to most creditors and a formal hearing to the debtors with sworn testimony and later revealed that most of creditors, pensioners, retirees, ect, ect, did not have testimony but only a "presentation" that made their hearing a "show trial" with no blinding creditability testimony and is only hearsay, the third disadvantage and partiality was Judge Steven W Rhodes chaired a forum on Chapter 9 and Emergency Managers October 10, 2012. Five of the six speakers advocated both. One was a co-author of PA 436's predecessor PA 4, two trained emergency managers, and another Charles Moore of Conway McKenzie, has been a chief witness for Orr/Jones Day in the bankruptcy trial. Now judge Rhodes is sitting in judgment as the decision maker on trial for these very people he trained, therefore he should have recused himself to prevent the appearance of partiality and has contravened the Model Code of Judicial Conduct Canon 2, "a judge Shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary" Canon 3 "A judge Shall perform the duties of judicial office impartially and diligently," therefore, should have been dismissed as provided by the bankruptcy code 11 USC 921, thus due process

3

and equal protection of the 5th Amendment procedure due process and 14th Amendment of equal protection of the law of the Constitution of the United State of America. The fifth disadvantage the court handpicked a committee to represent the creditors without the consent or approval of the creditors. The judge is not allowing the pensioners as creditors, retirees, and others to negotiate with the city. The creditors are being denied opportunity to choose a representative of their own choice and negotiate with the city this is a denial of due process and equal protection of the law, thus violation of the 14th Amendment of the Constitution of the United States of America.

2) The Court through Judge Steven W. Rhodes refused to address the objections of the above parties members and they did not receive a hearing, thus due process and equal protection of the law. The court has long ruled that the appellants are entitled to an adequate and effective <u>notice</u> and <u>hearing</u>, In the present context these principle require that a person have <u>timely</u> and <u>adequate</u> <u>notice</u> detailing the reasons for the notice and an "effective opportunity to defend." Goldberg also states that the parties are entitle to an impartial decision maker, as you can see an impartial decision maker did not happen Goldberg v. Kelly <u>supra,</u> citing Arm-strong v. Manzo.

4

3) The Court further concludes that the objections should be over-ruled for lack of arguable merit. How can the court through Judge Steven W Rhodes overrule these issues that have not been addressed like for instance: (a) The Judge Steven W Rhodes deceived the people by concealing the facts that the city never legally <u>consented</u>, <u>agreed to</u>, or <u>approved to</u> bankruptcy. (b) He ignores or just disregarded the facts in this Bankruptcy Proceeding for example; The city council never had a vote to filing for bankruptcy and the Mayor never approve or even legally address Bankruptcy. (c) Therefore, (1) the city of Detroit never legally approved, agreed or consented to Kevyn Orr filing for bankruptcy and Kevyn Orr and Judge Steven W Rhodes have deceived the people to justify this fraudulent concealment to contravened MCL 600.5855 on the court. The court at least (2) should have addressed the fraud with an evidentiary hearing to determine if there were any fraud or if any fraud exists or was committed.

A party that alleges a fraud has been committed on the court, it is generally an abuse of discretion for the court to decide the motion without first "conducting an evidentiary hearing" into the allegations. Rapaport v Rapaport 185 Mich App 12 (1990) citing Michigan Bank-Midwest v D J Reynaert, Inc, 165 Mich App 630, 643; 419 NW2d 439 (1988); St Clair Commer-

5

cial & Saving Bank v Macauley, 66 Mich App 210, 214-215; 238 NW2d 806 (1975), lv den 396 NW2d 864 (1976). (d) It was reported in the Detroit News and Free Press and the Metro times that the Judge Steven W. Rhodes told Kevyn Orr that if they were to litigate instead of negotiating the Money that Detroit owes the Banks they would likely prevail.

4) The order overruling objections to Notice and Confer Session regarding Certain objections to the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit is invalid, misapplied and doesn't apply to the objectors according to "Black law Dictionary" definition of overrule means "A judicial decision, rendered by the same court or by a superior court in the same system, expresses a judgment upon the same question of law directly opposite to that which was before given." To began with the objections have not been ruled on to be overruled, therefore the so called orders that Judge Steven W Rhodes have issued are invalid and misappropriate used according to Black's Law Dictionary. In order to be overruling there first have to be a ruling without a ruling there is nothing to over rule. The judge cited no authority and no legal reason for his so called overruling. How can the court concluded neither a response nor oral argument on these objections is necessary with-

6

out a hearing. The purpose of a hearing is to make a determination if there is merit and not like Dictator Judge Steven W. Rhodes.

5) The bankruptcy court have also transferred our case to the District Court without a hearing. The bankruptcy court without an order or even a notice transmitted our appeal to the district court without our knowledge and consent. (See exhibit A, a copy of the form letter from the court after the fact). "If the question of jurisdiction is raised by the court on its own initiative, the action may not be transferred until the parties are given notice and an opportunity to be heard on the jurisdiction issue," thus violate Michigan Court Rules, Rule 2.227 (A) Transfer to court which has jurisdiction. See Rule 2.227 A (1).

The bankruptcy court has contravened Michigan Court Rule of Civil Procedure (MCRP) Rule 2.227 and denied appellants due process of law to a hearing. The transfer to the other court where the venue would be proper, (if the appellants had filed in the district court, however they filed in the Court of Appellants) The bankruptcy court's initiated the transfer on its own accord unknowingly to the appellants and against their will and desires. The Bankruptcy court transferred the case without notifying appellants until after the fact and denying them the opportunity to be heard once

7

again on the jurisdiction issue. Goldberg v Kelly _supra_, citing Armstrong v Manzo _supra_.

## RELIEF REQUESTED

WHEREFORE, and all the above facts and laws the plaintiffs request and demand that the Reconsideration be granted and that the court look at the facts and evidence and follow the law rather than what you think is best for the City of Detroit. That judge Steven W Rhodes recuse himself from this case, That they be a hearing on these objections and evidentiary hearing to determine if any fraud occurred and to rescinded, vacate or dismiss the order and that it have no legal affect.

Sincerely Submitted,

Carl 3Williams
Name

10112 Somerset
Address

Detroit Michigan 48224
City & Zip

Hassan Aleem

2440 Taylor

Detroit, Mich 48206

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM

             Creditors/Plaintiffs,

v

In re:
CITY OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
KEVYN D. ORR

             Debtor/Defendants

_____/

Chapter 9
Case No. 13-53846
Judge Steven W Rhodes

Case No. 14-cv-10434
Hon. Bernard A. Friedman
Magistrate Paul J. Komives

STATE OF MICHIGAN)
              ) SS
COUNTY OF WAYNE)

## PROOF OF SERVICE

Carl Williams , being first duly sworn, deposes and

Say: that on April _22_ 2014. I sent a copy of the Reconsideration on  the

Order Overruling Objection to the City notice of meet and confer session

regarding certain objection to the Amended Disclosure Statement with

respect to Amended Plan for Adjustment of Debts of the City of Detroit

upon the concern parties by certified mail, at the following addresses:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

Emergency Manager: Kevyn Orr
Coleman A. Young Municipal Center
2 Woodward 11th Floor
Detroit, Michigan 48226

Heather Lennox(OH 0059649)
David G. Heiman (OH 0038271)
Jones Day
901 Lakeside Avenue
Cleveland, Ohio 44114

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Wherefore I/we request the Court will deny the relief sought in said Kevyn

Orr notice of meet and confer session regarding certain objections to the

Amended Disclosure Statement with respect to Amended Plan for

Adjustment of Debts of the City of Detroit City of Detroit.

Signed _Carl Williams_____
          Carl Williams
          10112 Somerset
          Detroit, Michigan 48224

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,
    Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

### Order Overruling Objections to Notice and Confer Session Regarding Certain Objections to the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit

Several parties have filed "Objections to Notice and Confer Session Regarding Certain Objections to the Amended Disclosure Statement with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit." The Court concludes neither a response nor oral argument on these objections is necessary.

The Court further concludes that the objections should be overruled for lack of arguable merit. Accordingly, it is hereby ordered that each of the following objections is overruled:

    Dkt. #4022 filed by Hassan Aleem, Carl Williams

    Dkt. #4111 filed by Barbara Ann Magee

    Dkt. #4112 filed by Hassan Aleem, Carl Williams

    Dkt. #4113 filed by Errol Griffin

    Dkt. #4114 filed by Gladys Woolfork

    Dkt. #4115 filed by Gregory T. Waller

    Dkt. #4116 filed by Keith M. Hines

    Dkt. #4117 filed by Mark Burton

    Dkt. #4118 filed by Roxanne Watson

    Dkt. #4119 filed by Sandra Howard

Dkt. #4120 filed by Sarah Vann

Dkt. #4122 filed by Thelma Jackson-Milledge

Dkt. #4123 filed by Vera C. Magee

Dkt. #4124 filed by Zelma Kinchloe

Signed on April 16, 2014

                                            /s/ Steven Rhodes
                                        Steven Rhodes
                                        United States Bankruptcy Judge

**OFFICE OF THE CLERK OF COURT**
211 WEST FORT STREET, SUITE 2100
DETROIT, MICHIGAN 48226-3211
(313) 234-0065 / WWW.MIEB.USCOURTS.GOV

226 WEST SECOND ST.
FLINT, MI 48502
(810) 235-4126

111 FIRST STREET
BAY CITY, MI 48710
(989) 894-8840



Date: January 31, 2014
Debtor: City of Detroit
Case #: 13-53846

To Whom It May Concern:

☐     On _____ the Clerk's Office received the enclosed document. We were unable to process this document/request, because it was not accompanied by the appropriate filing/copy fee.

☐     Please resubmit the document/request with the proper fee if you still wish to have it processed with the court. Attached for your reference is a list of required fees. If you are not certain of the correct amount after reviewing this list, you may obtain further information by calling (313) 234-0065.

☐     No personal checks are accepted by the court. Please send a business check, money order, or cashiers check with your document/request. **(Make checks payable to U.S. Bankruptcy Court)**

☐     The cost for copies is fifty cents ($.50) per page. Please be advised that there was a total number of _____ page(s), please resubmit your request with payment of $_____ with a copy of this letter.

☐     The enclosed request requires a search of the court records. The fee is $30.00. Please resubmit your request with the appropriate fee.

☐     Your correspondence was not specific enough for the court to process your request, therefore, it is being returned. Please resubmit with a detailed statement of the information or documents needed.

☒     Other
Your Appeal has been transmitted to District Court. Therefore, we are sending your Addendum And Correction of Petition For Permissi To Appeal By Appellants Carl Williams And Hassan Aleem And Others Of Interest Pursuant to 28 USC Section 158 (d) back to you so you ca Please return this letter along with your original request. Thank you. file it with District Court.

Sincerely,

Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM
               Creditors/Objectors,

v

In re:                                      Chapter 9
City OF DETROIT, MICHIGAN           Case No. 13-53846
AND EMERGENCY MANAGER         Judge Steven W Rhodes
KEVYN D. ORR
           Debtor/City of Detroit      Case No. 14-cv-10434
                                      Hon. Bernard A. Freidman
_____/    Magistrate Paul J. Komives

## PROOF OF SERVICES

_____, being first duly sworn deposes and
your name

Say that on December ___1___2014. I sent a copy of PETITIONER'S REQUEST LEAVE

TO PROCEED SUPPLEMENTAL AND CORECTION AND AMENDED BRIEF TO MOTION

TOSTAY AND MEMORANDUM OF LAW ON THE CONFIRMATION OF THE PLAN AND

OPINION OF MAGISTRATE JUDGE STEVEN W RHODES, Upon the concern parties by

certified mail at the following address

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

Emergency Manager
Kenyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _Carl Williams_____

Dated _December 1 , 2014_____