UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 9
City of Detroit, Michigan,  Case No. 13-53846
    Debtor.  Hon. Steven W. Rhodes
_____/

## Order Denying Motions for Stay Pending Appeal

The matter is before the Court on motions for stay, or partial stay, pending appeal filed by creditors Jamie Fields (Dkt. #8341), John P. Quinn (Dkt. #8413), Irma Industrious and Dennis Taubitz (Dkt. #8429), Dorothea Harris, Hassan Aleem and Carl Williams (Dkt. #8426), and Cornell E. Squires (Dkt. #8483). There were many concurrences in support of these motions.

The City opposes the motions (Dkt. #8496), as do the State of Michigan (Dkt. #8489), the Official Committee of Retirees (Dkt. #8494), the Retiree Association Parties (Dkt. #8497), FGIC (Dkt. #8499), and the COPS Holders (Dkt. #8526).

In considering a motion for stay pending appeal, the Court considers: (1) whether the appellants have a reasonable likelihood of success on appeal; (2) the extent to which the movants' will be harmed if the motion for stay is denied; (3) the extent to which the parties opposing the stay will be harmed if the stay is granted, and (4) the public interest. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These are the factors to be weighed and balanced. *Id*.

The Court concludes that the movants have failed to establish any reasonable likelihood of success on appeal. Assuming that the movants will present on appeal the same challenges to the plan that they asserted in this Court, the Court finds that some of their issues do have

colorable grounds and therefore would not be frivolous. Nevertheless, the Court must conclude that they have not shown a reasonable likelihood of success on appeal.

The Court further concludes that the record does establish that the movants, who are city retirees, will suffer some harm due to the pension reductions and ASF recoupment provisions in the plan that will go into effect if these motions are denied. The record fails to establish, however, that this harm is in any sense irreparable harm.

On the other hand, the record overwhelmingly establishes that the City and the public will suffer irreparable harm of incalculable magnitude if the requested stay, or partial stay, is granted. The City asserts that if a stay is granted and the settlements that the plan incorporates are not consummated, the plan will likely fall apart. The record justifies this concern. In that event, the City's efforts to pull itself out of its service delivery insolvency and to revitalize itself may well come to a halt. Moreover, there is merit in the City's further concern that a stay will harm the retirees if the Grand Bargain is terminated.

Accordingly, it is hereby ordered that the motions for stay, or partial stay, pending appeal are denied.

.

**Signed on December 01, 2014**

                  **/s/ Steven Rhodes**
                  **Steven Rhodes**
                  **United States Bankruptcy Judge**