UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

    Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

_____/

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
Attorneys for the City of Detroit
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
dgheiman@jonesday.com
hlennox@jonesday.com

RAYMOND GUZALL III (P60980)
RAYMOND GUZALL III, P.C.
Attorney for Creditor Michael Beydoun
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, MI 48334
(248) 702-6122
Fax: (248) 702-6124
rayguzall@attorneyguzall.com

_____/

**CREDITOR MICHAEL BEYDOUN'S MOTION TO ALTER OR AMEND THE ORDER CONFIRMING 8TH PLAN (FINAL)**

NOW COMES creditor Michael Beydoun by and through his attorney at Raymond Guzall III P. C., Raymond Guzall III and for his Motion to Alter or Amend the Order Confirming the Detroit Bankruptcy Plan states paragraph for paragraph as follows:

1. The final Order Confirming the Detroit Bankruptcy Plan was entered on November 12, 2014.

2. Paragraph 20 of the Court's Order states that unsecured creditors (pension claims in Classes 10 and 11) will receive approximately 59% and 60% respectively.

3. Mr. Beydoun, was injured in an auto accident by a Detroit police officer, and currently maintains an over a $2 million judgment against the City of Detroit.

4. Mr. Beydoun's injuries in that auto accident still impair him today.

5. The $2 million plus judgment in his case speaks to the severity of Mr. Beydoun's injuries and damages.

6. According to this Court's November 12, 2014 order, Mr. Beydoun will receive approximately 13% of the jury awarded judgment in his case.

7. The fact the Mr. Bedoun will receive <u>nearly 5 times less</u> than other unsecured creditors is an injustice and is discrimination beyond good

faith and good conscience.

WHEREFORE, CREDITOR MICHAEL BEYDOUN requests this Honorable Court Alter or Amend the Order of Confirmation and order as follows;

1. That a separate Class be created as to judgment holders in regards to personal injury cases such as Mr. Beydoun, and that the percentage of those judgments to be paid to each creditor be limited to not less than one half of the percentage awarded to the highest unsecured creditor within the Confirmed Plan by this Court (in other words, if the highest unsecured creditor is to receive 60% of the monies claimed owed to them, then 30% is the lowest that Mr. Beydoun and his class would be paid on their claims);

2. Creditor Beydoun also requests that all other relief this Court deems appropriate in his favor be provided to him.

Respectfully submitted,
Raymond Guzall III, P.C.
/s/ Raymond Guzall III
Raymond Guzall III (P60980)
Attorney for Creditor Michael Beydoun
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, Michigan 48334
Phone: (248) 702-6122
Fax: (248) 702-6124
Rayguzall@attorneyguzall.com

# BRIEF IN SUPPORT OF MICHAEL BEYDOUN'S MOTION FOR RECONSIDERATION

Arguably, a 10% difference in a class of creditors would be deemed unreasonably unfair by legal standards. Here, attorneys have offered a Plan with a difference of **47%**, according to this Court's order, between unsecured creditors. **FORTY SEVEN PERCENT**.

The laws holds that discrimination unfairly in favor of any creditor or class of creditors is improper:

> "These provisions give the court authority to confirm the plan *only if* **it is satisfied that the plan is fair, equitable and feasible, and does not discriminate unfairly in favor of any creditor or class of creditors**; that the provisions of chapter 9 are complied with (including the observance of state law); that all compensation paid incident to the plan is reasonable; that the plan is offered and accepted in good faith; and that the petitioner is not prohibited by law from taking any action necessary under the plan." *In re Addison Cmty. Hosp. Auth.*, 175 B.R. 646, 651 (Bankr. E.D. Mich. 1994), emphasis added.

The discrimination between the class of unsecured creditors is palpable and unfair. This Court has an independent duty to determine whether the Plan meets the appropriate legal standards for confirmation. See for example, *In re Jewell*, 75 B.R. 318, 319 (Bankr. S.D. Ohio 1987).

When considering the Court's concern with pensioner claims, the Court must still abide by the law. Any amount less than one half of the top

4

percentage of unsecured claims in any case would be deemed unfair and improper by law as a manifest injustice. Because of the extreme discrimination between unsecured creditors in this case at bar, the fact that Mr. Beydoun was physically injured and will now only receive approximately one tenth of his judgment as to his injuries, and the fact that the City of Detroit will be allowed to move forward and pay next to nothing for the damages incurred, Mr. Bedoun requests the relief he has set forth within his Motion.

I. **OTHER ISSUES OF CONCERN FOR RECONSIDERATION BY THIS COURT WHICH SHOULD FACTOR INTO THIS COURT PROVIDING SPECIFIC RELIEF TO MR. BEYDOUN SHOULD THIS COURT FAIL TO DO SO IN A CLASS RELATED MANNER AS INDICATED ABOVE**

1. The pre-petition conduct of Detroit in filing their claim for bankruptcy within 2 weeks of Mr. Beydoun's motion before the Michigan Supreme Court for a bond to be posted by Detroit in the amount of the judgment held by Mr. Beydoun against Detroit should be reconsidered.

2. There were no good faith negotiations that took place as to Mr. Beydoun, although the previous orders of this Court ordered the parties to negotiate in good faith. (See also In re Ellicott School

5

Bldg. Authority, Bkrtcy.D.Colo.1992, 150 B.R. 261, where good faith negotiations did not take place).

3. Prior objections stated within document number 3021 in this case, regarding funds set aside to cover the judgment amount in the *Beydoun v Detroit* matter should be distributed to Mr. Beydoun to cover all of the monies owed in the *Beydoun v Detroit* matter.

## II. ADDITIONAL LEGAL SUPPORT

Mr. Beydoun files this Motion in accord with FRCP 59(e), LBR 9014-1(f)(3), LBR 9024-1(b) and other applicable law. An amendment or alteration to this Court's Order allowing Mr. Beydoun to receive at a minimum, one half of the percentage awarded to the highest unsecured creditor within the Confirmed Plan by this Court, is required in order to prevent manifest injustice. See, *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

It is manifest injustice to allow the City of Detroit to move out of bankruptcy and pay less than half of the damages incurred to Mr. Beydoun who suffered a permanent physical injury. It is manifest injustice to allow the City of Detroit to move out of bankruptcy and pay less than half of the damages incurred to Mr. Beydoun who suffered a permanent physical

injury, given the pre and post petition conduct of Governor Snyder and the attorneys claiming to represent the City of Detroit, as previously set forth by Mr. Beydoun in prior pleadings.

It is manifest injustice to allow the City of Detroit to move out of bankruptcy and pay less than half of the damages incurred to Mr. Beydoun who suffered a permanent physical injury given the extreme distance in percentage to the highest unsecured creditors. It is manifest injustice to allow the City of Detroit to move out of bankruptcy and pay less than half of the damages incurred to Mr. Beydoun who suffered a permanent physical injury, to save art, at the Detroit Institute of Art.

/s/ Raymond Guzall III
Raymond Guzall III (P60980)

Attorney for Creditor Michael Beydoun
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, Michigan 48334
Phone: (248) 702-6122
Fax: (248) 702-6124
Rayguzall@attorneyguzall.com

# CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2014, I electronically filed **CREDITOR MICHAEL BEYDOUN'S MOTION TO ALTER OR AMEND THE 8TH PLAN OF ADJUSTMENT (FINAL)** with the Clerk of the Court using the Court Authorized electronic filing system which will send electronic notification of such filing to the attorneys of record and I hereby certify that I know of no manual recipients on the Notice List.

/s/ Raymond Guzall III
Raymond Guzall III  (P60980)

Attorney for Creditor Michael Beydoun
31555 W. Fourteen Mile Rd., Suite 320
Farmington Hills, Michigan 48334
Phone:     (248) 702-6122
Fax:         (248) 702-6124
Rayguzall@attorneyguzall.com