UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

--------------------------------------------------------x
                                                        :
In re                                                   : Chapter 9
                                                        :
CITY OF DETROIT, MICHIGAN,                              : Case No. 13-53846
                                                        :
            Debtor.                                     : Hon. Steven W. Rhodes
                                                        :
--------------------------------------------------------x

**MOTION OF THE CITY OF DETROIT, FOR AN ORDER
PURSUANT TO BANKRUPTCY RULE 8009(e)(1), STRIKING
IMPROPERLY DESIGNATED ITEM FROM RECORD ON APPEAL**

The City of Detroit, Michigan (the "City") hereby files this motion (this "Motion"), pursuant to Rule 8009(e)(1) of the Federal Rules of Bankruptcy Procedure, as amended and effective as of December 1, 2014 (the "Bankruptcy Rules") for the entry of an order[1] striking from the record on appeal one item identified in Appellants AFSCME Council 25 and Its Affiliated Detroit Locals' Designation of the Contents of the Record and Statement of Issues on Appeal (Docket No. 8274) (the "Designation") filed by AFSCME Council 25 and its

---

[1] This Motion includes certain attachments that are labeled in accordance with Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"). Consistent with Local Rule 9014-1(b), a copy of the proposed form of order granting this Motion is attached hereto as Exhibit 1 (the "Proposed Order"). A summary identifying each included attachment by exhibit number is appended to this Motion.

affiliated Detroit Locals ("AFSCME"). In support of this Motion, the City respectfully represents as follows:

**Background**

1. On October 20, 2014, the Court entered the Order Regarding City's Objection to Proof of Claim #2958 Filed by AFSCME Council 25 and Its Affiliated Detroit Locals (Docket No. 8015) (the "Order") disallowing certain portions of Proof of Claim Number 2958 filed by AFSCME.

2. On October 30, 2014, AFSCME filed the Notice of Appeal of Order Regarding City's Objection to Proof of Claim #2958 Filed by AFSCME Council 25 and Its Affiliated Detroit Locals (Docket No. 8139) providing notice of AFSCME's appeal of the Order to the United States District Court for the Eastern District of Michigan (the "District Court").

3. On November 12, 2014, AFSCME filed the Designation of Record. Included as Item #3 in the Designation of Record is a certain "Class Action Complaint and Jury Demand" (the "Complaint") dated as of June 27, 2012. AFSCME failed to provide any reference to the docket in this chapter 9 case for the Complaint in the Designation.

4. On November 26, 2014, the City filed the Counterdesignation of the City of Detroit Response to AFSCME Council 25 and Its Affiliated Detroit Locals' Designation of the Contents of the Record and Statement of Issues on

Appeal (Docket No. 8485) (the "Counterdesignation"). The Counterdesignation expressly provided that the City reserved its right to challenge items improperly designated in the Designation.

5. On December 1, 2014, the Clerk of the Court filed the Notice of Transmittal of Complete Record Regarding Record on Appeal (Docket No. 8529) providing notice of the transmittal of the record on appeal (the "Record on Appeal") to the District Court.

## Jurisdiction

6. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Argument

7. The Complaint was not presented to the Court in connection with its consideration of the issues adjudicated by the Order. The Complaint, therefore, is not part of the Court's record and was improperly designated by AFSCME in the Designation. See In re Purvi Petroleum III, LLC, No. 304–14423, 2012 WL 360047, at *2 (Bankr. M.D. Tenn. Feb. 2, 2012) (pleadings from proceedings that are not part of the bankruptcy case and are not presented to the bankruptcy court are not part of the record on appeal).

8. Bankruptcy Rule 8009(e)(1) provides in its entirety as follows:

> **Submitting to the Bankruptcy Court.** If any difference arises about whether the record accurately discloses what occurred in the bankruptcy court, the difference must be submitted to and settled by the bankruptcy court and the record conformed accordingly. *If an item has been improperly designated as part of the record on appeal, a party may move to strike that item.*

Fed. R. Bankr. P. 8009(e)(1) (emphasis added).[2]

9. The City therefore requests that the Court strike the Complaint from the Designation and modify the Record on Appeal transmitted to the District Court to exclude the Complaint.

## **Notice**

10. Notice of this Motion has been given to counsel to AFSCME and all entities that have requested notice pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. The City submits that no other or further notice need be provided.

---

[2] This Court previously took the minority position that it lacked authority to strike materials from the record on appeal under former Bankruptcy Rule 8006. See In re Dow Corning Corp., 263 B.R. 544, 546 (Bankr. E.D. Mich. 2001). New Bankruptcy Rule 8009(e)(1), however, expressly authorizes the Court to strike improperly designated materials. The Order of the United States Supreme Court amending the Bankruptcy Rules, effective as of December 1, 2014, a copy of which is attached hereto as Exhibit 6, provides that the amended Bankruptcy Rules "shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending."

## Statement of Concurrence

11. Local Rule 9014-1(g) provides that "in a bankruptcy case unless it is unduly burdensome, the motion shall affirmatively state that concurrence of opposing counsel in the relief sought has been requested on a specified date and that the concurrence was denied." Local Rule 9014-1(g). The City sought the concurrence of AFSCME to the relief requested herein by email on December 1, 2014 and again on December 3, 2014. As of the date of filing of this Motion, AFSCME has not consented to the relief requested herein.

## Statement Regarding Evidentiary Nature of Hearing

12. The City believes that this Motion raises no factual issues and anticipates that an evidentiary hearing on this Motion will not be required.

## No Prior Request

13. No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, for the reasons set forth herein the City respectfully requests that this Court (a) enter the Proposed Order and (b) grant such other and further relief to the City as the Court may deem proper.

Dated: December 4, 2014    Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com


ATTORNEYS FOR THE CITY

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Proposed Form of Order |
| Exhibit 2 | Notice of Motion |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6 | Order of the United States Supreme Court |

# **EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
                                                        :
In re                                                   : Chapter 9
                                                        :
CITY OF DETROIT, MICHIGAN,                              : Case No. 13-53846
                                                        :
                    Debtor.                             : Hon. Steven W. Rhodes
                                                        :
                                                        :
---------------------------------------------------------x

# ORDER STRIKING IMPROPERLY DESIGNATED ITEM FROM RECORD ON APPEAL

This matter coming before the Court on the Motion of the City of Detroit for an Order, Pursuant to Bankruptcy Rule 8009(e)(1), Striking Improperly Designated Item from Record on Appeal (the "Motion"),[1] filed by the City of Detroit. Michigan (the "City"); the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

the Motion and the Hearing was sufficient under the circumstances and (d) the Complaint was not presented to the Court in connection with its consideration of the issues adjudicated by the Order and, therefore, (i) was not part of the record before the Court and (ii) was improperly designated by AFSCME in the Designation; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The designation of the Complaint is hereby stricken from the Designation, and the Record on Appeal is hereby modified to exclude the Complaint, pursuant to Bankruptcy Rule 8009(e)(1).

# **EXHIBIT 2**

Form B20A(Official Form 20A)
12/1/10

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

In re:

**CITY OF DETROIT, MICHIGAN,**

**Chapter: 9**

**Case No.: 13-53846**

**Debtor.**

**Judge: Hon. Steven W. Rhodes**

Address: 2 Woodward Avenue, Suite 1126
Detroit, Michigan 48226

Last four digits of Social Security or
Employer's Tax Identification (EIN) No(s).(if any): 38-6004606

### NOTICE OF MOTION OF THE CITY OF DETROIT, FOR AND ORDER PURSUANT TO BANKRUPTCY RULE 8009(e)(1), STRIKING IMPROPERLY DESIGNATED ITEM FROM RECORD ON APPEAL

The City of Detroit, Michigan (the "City") has filed papers with the Court seeking entry of an order, pursuant to Rule 8009(e)(1) of the Federal Rules of Bankruptcy Procedure striking one item from the Appellants AFSCME Council 25 and Its Affiliated Detroit Locals' Designation of the Contents of the Record and Statement of Issues on Appeal (Docket No. 8274).

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, **on or by December 18, 2014**, you or your attorney must:

1.  File with the court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court**
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early
enough so the court will **receive** it on or before the date stated above.
All attorneys are required to file pleadings electronically.
You must also mail a copy to:

---

[1] Any response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539

2.        If a response or answer is timely filed and served, the Court will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

Dated: December 4, 2014 Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com


ATTORNEYS FOR THE CITY

**EXHIBIT 4**

# CERTIFICATE OF SERVICE

    I, Heather Lennox, hereby certify that the foregoing Motion of the City of Detroit for an Order, Pursuant to Bankruptcy Rule 8009(e)(1), Striking Improperly Designated Item from Record on Appeal was filed and served via the Court's electronic case filing and noticing system on this 4th day of December, 2014.

                                           /s/  Heather Lennox

**EXHIBIT 6**

April 25, 2014

SUPREME COURT OF THE UNITED STATES

ORDERED:

1. That the Federal Rules of Bankruptcy Procedure be, and they hereby are, amended by including therein amendments to Bankruptcy Rules 1014, 7004, 7008, 7054, 8001–8028, 9023, and 9024.

[See <u>infra</u>., pp. __ __ __.]

2. That the foregoing amendments to the Federal Rules of Bankruptcy Procedure shall take effect on December 1, 2014, and shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.

3. That THE CHIEF JUSTICE be, and hereby is, authorized to transmit to the Congress the foregoing amendments to the Federal Rules of Bankruptcy Procedure in accordance with the provisions of Section 2075 of Title 28, United States Code.