UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

─────────────────────────────── x

In re:                                Chapter 9

CITY OF DETROIT, MICHIGAN             Case No. 13-53846

        Debtor.                  Hon. Steven W. Rhodes

─────────────────────────────── x

STAY MODIFICATION NOTICE

| | |
|---|---|
| Designated Claimant: | Ibraham Jbahi |
| Designated Claim No.: | 672 |
| Lawsuit Pending: | Ibraham Jbahi v City of Detroit |
| Case No. | 12-005654-NZ |
| | Wayne County Circuit Court |

On December 24, 2013, the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") entered an order (Docket No. 2302) (the "ADR Order") approving certain alternative dispute resolution procedures attached thereto as Annex I (the "ADR Procedures") to facilitate the liquidation of certain claims asserted against the City of Detroit (the "City").[1]

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the ADR order.

Pursuant to Section 1.A. of the ADR Procedures, the City may serve on the holder of any Designated Claim an ADR Notice indicating that the applicable Designated Claim has been designated for liquidation pursuant to the ADR procedures.

Pursuant to paragraph 9 of the ADR Order, the City in its sole discretion (a) may elect not to send an ADR Notice to the holder of an Initial Designated Claim and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice with respect to the Initial Designated Claim. In that event, immediately upon filing of the Stay Modification Notice, the Stay/Injunction is deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.[2]

It the Stay/Injunction is modified as a result of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in either (a) the non-bankruptcy forum in which the Initial Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal or transfer of venue or other procedural relief; or (b) if the Initial Designated Claim was not pending in any forum of the Petition Date, then in the United States District Court for the Eastern District of Michigan (the "District Court") or such other non-bankruptcy forum selected by the Designated Claimant that (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim, (iii) has in rem jurisdiction over the property involved in the Initial Designated Claim (if applicable) and (iv) is a proper venue.

---

[2] Solely in the case of a Multi-Party Tort Claim, the Stay/Injunction will be deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claims 35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) file a Stay Preservation Motion. If a Stay Preservation Motion is filed, then the Court will determine whether relief from the Stay/Injunction is appropriate with respect to the Multi-Party Tort Claim pursuant to the standards set forth in section 362(d) of title 11 of the United States Code (the "Bankruptcy Code").

Following liquidation of the Designated Claim by settlement or final judgment, the Claimant will receive an allotted general unsecured non-priority claim against the City that will be treated in accordance with the terms of any Chapter 9 Plan confirmed in the City's bankruptcy case, and not a full cash payment of the liquidated amount of the Designated Claim. For the avoidance of doubt, all proceedings against the City or an Indemnification Claimant relating to a Designated Claim following the liquidation of the Designated Claim shall remain subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms, conditions and limitations, or those in Paragraph 9 of the ADR Order, shall be determined by the Bankruptcy Court; provided that disputes about the jurisdiction of a matter presented to a non-bankruptcy court may be determined by such court.

A copy of the Stay Modification Notice shall be filed with the non-bankruptcy court in which the Designated Claim is to be liquidated and serves to lift the Stay/Injunction in that non-bankruptcy forum to permit the underlying claim to be liquidated for purposes of this Bankruptcy proceeding.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT

BY: /s/ Mary Beth Cobbs
Mary Beth Cobbs ( P40080)
Sharon D. Blackmon (P30940)
Senior Assistant Corporation Counsel
Coleman A. Municipal Center
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
blacs@detroitmi.gov
(313) 237-3009

Dated: December 4, 2014

Certificate of Service

I, Mary Beth Cobbs, hereby certify that the foregoing Stay Modification Notice was filed and served via the Court's electronic case filing and noticing system this 4th day of December 2014.

/s/Mary Beth Cobbs