**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | ) | |

**VARNUM LLP'S LIMITED OBJECTION TO (A) EIGHTH AMENDED PLAN OF ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT, MICHIGAN AND (B) NOTICE OF FILING NON-EXCLUSIVE LIST OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO EIGHTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT**

Varnum LLP ("Varnum"), by its undersigned counsel, hereby files this Limited Objection (the "Limited Objection") to the Eighth Amended Plan of Adjustment of Debts of the City of Detroit, Michigan [Docket No. 8045] (the "Plan") and Notice Of Filing Non-Exclusive List Of Executory Contracts And Unexpired Leases To Be Assumed Pursuant To Eighth Amended Plan For The Adjustment Of Debts Of The City Of Detroit [Docket No. 8387] (the "Assumption List") in connection with Debtor' proposed assumption of Contract No. 2836774 between the Debtor and Varnum (the "Varnum Contract").   In support of this Limited Objection, Varnum respectfully states as follows:

I.     BACKGROUND.

    A.     Procedural History.

    1.     On July 18, 2013, the Debtor filed a voluntary petition for relief under Chapter 9 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court").

1

2.	On October 22, 2014, the Debtor filed the Plan.  The Bankruptcy Court entered an Order Confirming Eighth Amended Plan of Adjustment of Debts of the City of Detroit, Michigan on November 12, 2014 [Docket No. 8272] (the "Plan Order").

3.	On November 21, 2014, the Debtor filed the Assumption List, which included a schedule of Executory Contracts and Unexpired Leases which it intends to assume as <u>Exhibit A</u> thereto.  The Assumption List included the Varnum Contract and listed the proposed cure amount as $0.00.

4.	On December 3, 2014, Varnum received the Notice Regarding Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 365 of the Bankruptcy Code and Related Procedures (the "Assumption Notice").

5.	Pursuant to Section II.D.3 of the Plan, the Plan Order constitutes an order of the Bankruptcy Court approving the assumption of each Assumed Agreement,[1] effective as of the Effective Date.

B.	<u>History of the Varnum Contract</u>.

6.	The Varnum Contract was originally entered into the first quarter of 2011, amended by an Amendment Agreement No. 1, and further amended by an Amendment Agreement No. 2.[2]

7.	Section 2.01 of the Varnum Contract state that the "Performance of the Contract shall commence on January 1, 2010 and shall end on December 31, 2013."

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

[2] Copies of these documents are not attached to this Limited Objection due to concerns regarding client-attorney privilege and confidentiality; however, copies of these documents are available to the Debtor upon request.

8.      <u>Exhibit A</u> to the Second Amendment of the Varnum Contract re-defines the scope of representation as representing the Debtor "through and including trial and appeal [in the matter of *City of Detroit v Comcast of Detroit. Inc.,* U.S. District Court Case No. 10-12427 (the "Comcast Case")] and other projects assigned by the Law Department."

9.      The Comcast Case was appealed to the Sixth Circuit Court of Appeals, Case No. 13-2004 (the "Comcast Appeal").

10.     On April 29, 2014, Fink & Associates Law filed an Unopposed Motion For Substitution Of Counsel [Document No. 16] in the Comcast Appeal to be substituted for Varnum as counsel for the Debtor.  The Sixth Circuit Court of Appeals granted the motion for substitution on May 6, 2014 [Document No. 65].  A copy is attached as Exhibit A.  As of that date, Varnum no longer represented the Debtor in the Comcast Case.

11.     Moreover, the Comcast Appeal was dismissed on October 15, 2014 [Document No. 83-2], which effectively concluded the Comcast Case.  A copy is attached as Exhibit B. Thus, there are no further engagements relating to the Comcast Case.

12.     The Law Department of the Debtor has not engaged Varnum to represent it in any other projects.  Thus, there are no other services to be provided by Varnum under the Varnum Contract.

## II.   <u>LIMITED OBJECTION</u>.

A.      <u>The Contract Has Expired Prior to the Date of Assumption and Therefore Cannot Be Assumed</u>.

13.     Section 365 of the Bankruptcy Code states that the "trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).  An expired executory contract, however, cannot be assumed. *See In re B & K Hydraulic Co.*, 106 B.R. 131, 132–33 (Bankr. E.D. Mich. 1989) (quoting *Gloria Manufacturing*

*Corp. v. Int'l Ladies' Garment Workers Union*, 734 F.2d 1020, 1022 (4th Cir. 1984)) ("Once a contract has expired on its own terms, there is nothing left for the trustee to reject or assume.").

Post-petition events may alter the executoriness of a contract, as when a contract expires post-petition, and a court will look to the date the motion to assume or reject is considered by the court.[3]

14.     The Plan provides that executory contracts identified in <u>Exhibit A</u> to the Assumption List will be assumed as of the Effective Date.

15.     As of the Effective Date, the Varnum Contract has expired by its own terms, the Debtor engaged other counsel to represent it in the Comcast Case, the Comcast Case has been concluded and the Debtor has not engaged Varnum to represent it in any other projects.  Thus, there is no executory contract between Varnum and the Debtor to assume.

16.     Varnum hereby objects to the Plan and the Assumption because the Varnum Contract is not an executory contract capable of being assumed.

    B.     <u>The Cure Amount is $182,917.83.</u>

17.     Section 365(b) of the Bankruptcy Court requires a debtor to cure all defaults (monetary and nonmonetary)  in order for a debtor assume a contract.

---

[3] *See, e.g., In re Balco Equities Ltd., Inc.*, 312 B.R. 734, 750 (Bankr. S.D.N.Y. 2004) ("[I]t is well settled that 'events after the filing of the bankruptcy petition may cause the contract to be regarded as not executory when the motion to assume or reject was made, such as contracts which expired post-petition by their own terms after the date of the petition but before the motion was heard.'"); *In re B & K Hydraulic Co.*, 106 B.R. 131, 132–33 (Bankr. E.D. Mich. 1989) (quoting *Gloria Manufacturing Corp. v. Int'l Ladies' Garment Workers Union*, 734 F.2d 1020, 1022 (4th Cir. 1984)) ("Once a contract has expired on its own terms, there is nothing left for the trustee to reject or assume. . . . Because the contract expired before [the debtor] was able to obtain court approval for its attempt at rejection, the contract was no longer executory."); *In re Riodizio, Inc.*, 204 B.R. 417, 421 (Bankr. S.D.N.Y. 1997) ("Ordinarily, executoriness is determined as of the petition date.  Sometimes, however, post-petition events alter the executoriness of a contract, as when a contract expires post-petition. In those circumstances, a court will look to the date the motion to assume or reject is made or heard rather than the petition date."); *see also In re Spectrum Info. Tech., Inc.*, 193 B.R. 400, 404 (Bankr. E.D.N.Y. 1996); *In re Wang Lab., Inc.*, 154 B.R. 389, 391 (Bankr. D. Mass.1993); *Collier on Bankruptcy*, ¶ 365.02[2][e], at 365-20 (16th ed. 2014) (citing *Counties Contracting and Constr. Co. v. Constitution Life Ins. Co.*, 855 F.2d 1054, 1061 (3d Cir. 1988)) ("Where a contract expired by its terms postpetition, it may not be assumed.").

4

18.    *Assuming arguendo* that the Varnum Contract may be assumed, the cure amount is $182,917.83.   Varnum provided legal services and paid costs of the Debtor under the Comcast Contract, for which the Debtor has not paid.

19.    Varnum hereby objects to the Plan and the Assumption List  to the extent that the Cure Amount (as provided in the Assumption Notice) does not account for the total unpaid services and costs provided to the Debtor under the Varnum Contract in the amount of $182,917.83.

## III.    RESERVATION OF RIGHTS.

20.    Varnum specifically reserves all of its rights, claims and defenses under the Comcast Contract or under applicable law.   Nothing in this Limited Objection shall modify, waive or release any right, claim, objection or defense of Varnum under the Varnum Contract or under applicable law.

## IV.    CONCLUSION

21.    As stated above, the Varnum Contract cannot be assumed because it has expired by the Effective Date by its own terms, substitution of new counsel and conclusion of the Comcast Case.

22.    In the alternative, the Debtor cannot assume the Varnum Contract unless it pays the entire cure amount of $182,917.83.

WHEREFORE, Varnum requests that the Bankruptcy Court enter an order:

(A)    Denying the Debtor's proposal to assume the Varnum Contract because it is not an executory contract capable of being assumed for purposes of Section 365 of the Bankruptcy Code, or

(B)     In the alternative, granting Varnum a cure amount for purposes of Section 365(b) in the total amount of $182,917.83 as a condition for the Debtor to assume the Varnum Contract pursuant to the Plan and Assumption List; and

(C)     Granting such other and further relief as the Bankruptcy Court deems just and appropriate.

December 8, 2014                          VARNUM LLP


                                          /s/ Mary Kay Shaver
                                               Mary Kay Shaver (P-60411)
                                          Business Address:
                                               Bridgewater Place
                                               P.O. Box 352
                                               Grand Rapids, MI  49501-0352
                                          Telephone: (616) 336-6755
                                          Facsimile: (616) 336-7000
                                          E-Mail:  mkshaver@varnumlaw.com

                                          Attorney for Varnum LLP

8981283_1.docx