# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 9 |
| ) | |
| CITY OF DETROIT, MICHIGAN, ) | Case No. 13-53846 |
| ) | |
| ) | Hon. Steven W. Rhodes |
| Debtor. ) | |

## NOTICE OF APPEAL

Greenhill & Co., LLC, financial advisor to the Police and Fire Retirement System of the City of Detroit (the "PFRS") and the General Retirement System of the City of Detroit (the "GRS" and together with the PFRS, the "Retirement Systems"), by its counsel, Steinberg Shapiro & Clark, appeal under 28 U.S.C. § 158(a) from the Bankruptcy Court's "Opinion and Order Determining that the Fees and Expenses of the Retirement Systems' Professionals are Subject to 11 U.S.C. § 943(b)(3)" entered on November 26, 2014 [Docket No. 8470].

**Opposing Counsel:**

Heather Lennox
Jones Day
222 East 41st Street
New York, NY 10017-6702
212-326-3837
hlennox@jonesday.com
***Attorneys for City of Detroit, Michigan***

Melvin (Butch) Hollowell (P37384)
Corporation Counsel
Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226
313-237-5037
raimic@detroitmi.gov
***Attorneys for City of Detroit, Michigan***

David H. Fink (P28235)
Darryl G. Bressack (P67820)
Fink + Associates Law
100 West Long Lake Road, Suite 111
Bloomfield Hills, MI 48304
248-971-2500
dfink@finkandassociateslaw.com
dbressack@finkandassociateslaw.com
*Attorneys for City of Detroit, Michigan*

                              STEINBERG SHAPIRO & CLARK

                              /s/ Mark H. Shapiro (P43134)
                              Counsel for Greenhill & Co., LLC
                              25925 Telegraph Road, Suite 203
                              Southfield MI 48033
                              248-352-4700
                              shapiro@steinbergshapiro.com

Date: December 9, 2014

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:  Chapter 9
City of Detroit, Michigan,  Case No. 13-53846
    Debtor.  Hon. Steven W. Rhodes
_____/

### Opinion and Order Determining That the Fees and Expenses of the Retirement Systems' Professionals Are Subject to 11 U.S.C. § 943(b)(3)

11 U.S.C. § 943(b)(3) requires that "all amounts to be paid by the debtor or any person for services or expenses in the case or incident to the plan be fully disclosed and reasonable."

On November 13, 2014, the Court requested briefs from interested parties on the issue of whether, as a condition of confirmation, § 943(b)(3) requires the Court to review the fees and expenses of the retirement systems' professionals. A hearing was held on November 24, 2014, and the matter was taken under advisement.

The Court concludes that the fees and expenses of the retirement systems' professionals are subject to § 943(b)(3).

### I.

The retirement systems and their professionals contend that § 943(b)(3) does not apply to the fees of its professionals because those fees are not directly payable by the debtor. The retirement systems submitted the declaration of Cynthia Thomas, the Executive Director of the GRS and PFRS. Thomas explained the process by which the retirement systems contracted with its professionals. She stated that the contracts are between the professionals and the retirement systems and that the City has no obligation to reimburse the retirement systems for any of the expenses related to its professionals. She further stated that the professionals submit monthly

invoices to the retirement systems, which are reviewed by an independent attorney. Thomas further stated that all of the professionals retained in relation to the bankruptcy case agreed to certain financial concessions.

The retirement systems further contend that the City has acknowledged that the plan will not affect the retirement systems' contracts with third parties. They point to a stipulation between the City and Bank of New York Mellon providing that any claims BNY Mellon may have against the retirement systems arising out of contracts between those parties will not be subject to Court review or affected by the Plan.

The City asserts that because it will ultimately be responsible for some or all of the fees incurred by the retirement systems, these fees are subject to the Court's review. The City contends that the contributions that it has been required to make to each of its retirement systems include amounts for administrative expenses and that these amounts have increased as a result of the fees related to the chapter 9 bankruptcy case. Although the City has not made any contributions to the retirement systems during the pendency of the bankruptcy case, the City asserts that the retirement systems have been paying their professionals and such payments would have come from prior City contributions or investment returns.

## II.

No case law addresses the application of § 943(b)(3) in these circumstances and the cases cited by the retirement systems are not on point.

The Court must conclude that the plain language of § 943(b)(3) requires it to review the retirement systems' professional fees and expenses. Simply stated, the City funds the plans and the plans pay its professional fees and expenses from those funds and their earnings. Contrary to
2

13-53846-tjt / 13-53846-swr   Doc 8622-1 / Doc 8619   Filed 12/09/14 / Filed 12/09/14   Entered 12/09/14 14:37:14 / Entered 12/09/14 14:34:12   Page 4 of 7 / Page 4 of 5

the retirement systems' assertion, the application of the statute does not depend on a line-item administrative expense paid directly by the City.

Indeed, nothing in chapter 9 links the scope of fees that are subject to § 943(b)(3) to the scope of allowed administrative expenses under §§ 507(a)(2) and 503(b). Under § 503(b)(2), allowed administrative expenses include "compensation and reimbursement awarded under section 330(a)[.]" However, § 330 does not apply in chapter 9 cases. *See* 11 U.S.C. § 901. Accordingly, it is irrelevant to the scope of § 943(b)(3) that the City is not paying the fees of the retirement systems' professionals as an "allowed administrative expense" in the case.

The declaration provided by Cynthia Thomas fails to address how the retirement systems, and therefore their professional fees, are funded. It also fails to address the fundamental nature of the relationship between the City and the retirement systems.

Nevertheless, the record is clear that any funds that the retirement systems use to pay professional fees and expenses in this case are funds that are not available to meet the City's obligations to its retirees. The City is the plans' sole sponsor and is solely responsible to fund not only its obligations to its retirees, but also the retirement systems' professional fees and overhead expenses. It is true that legally, the retirement systems are distinct legal entities from the City. They are, however, simply the legal vehicles that the City created to fulfill its obligations to its retirees. Its professional fee obligations are the City's obligation.

The Court finds that the fees and expenses of the retirement systems' professionals are "amounts paid by the debtor" under § 943(b)(3).

### III.

The Court further concludes that this result is compelled by *American United Mut. Life Ins. Co. v. City of Avon Park, Fla.*, 311 U.S. 138 (1940). In that case, the Supreme Court

3

discussed at length the legal and equitable necessity of the bankruptcy court reviewing the professional fees for which the debtor municipality is liable:

> We have emphasized that full disclosure is the minimum requirement in order not to imply that it is the limit of the power and duty of the bankruptcy court in these situations. As this court stated in *Securities and Exchange Commission v. United States Realty & Improvement Co.*, 310 U.S. 434, 455, 60 S. Ct. 1044, 1053, 84 L.Ed. 1293: 'A bankruptcy court is a court of equity, § 2, 11 U.S.C. § 11, 11 U.S.C.A. § 11, and is guided by equitable doctrines and principles except in so far as they are inconsistent with the Act. * * * A court of equity may in its discretion in the exercise of the jurisdiction committed to it grant or deny relief upon performance of a condition which will safeguard the public interest.' And see *Papper v. Litton*, 308 U.S. 295, 304 *et seq.*, 60 S. Ct. 238, 244, 84 L.Ed. 281. These principles are a part of the control which the court has over the whole process of formulation and approval of plans of composition or reorganization, and the obtaining of assents thereto.
>
> * * *
>
> Where such investigation discloses the existence of unfair dealing, a breach of fiduciary obligations, profiting from a trust, special benefits for the reorganizers, or the need for protection of investors against an inside few or of one class of investors from the encroachments of another, the court has ample power to adjust the remedy to meet the need. . . . That power is ample for the exigencies of varying situations. It is not dependent on express statutory provisions. It inheres in the jurisdiction of a court of bankruptcy. The necessity for its exercise (*Pepper v. Litton*, *supra*, 308 U.S. page 308, 60 S. Ct. 246, 84 L.Ed. 281) is based on the responsibility of the court before entering an order of confirmation to be satisfied that the plan in its practical incidence embodies a fair and equitable bargain openly arrived at and devoid of overreaching, however subtle.

*Id.*, 311 U.S. at 145-46, 61 S. Ct. 161-62.

Thus, as a court of equity, a bankruptcy court has the authority, "guided by equitable doctrines and principles," to "safeguard the public interest" "as a condition of granting relief," unless the condition is inconsistent with the bankruptcy code. *Id.* It also has the authority, inherent in its jurisdiction and "not dependent on express statutory provisions" to remedy the

4

"existence of unfair dealing, a breach of fiduciary obligations, profiting from a trust, [or] special benefits for the reorganizers," all as part of the Court's responsibility to ensure that the plan is "fair and equitable" and "devoid of overreaching." *Id.* Of course, as much in the professional fee context as in another context, a bankruptcy court must zealously protect against "unfair dealing, a breach of fiduciary obligations, profiting from a trust, [or] special benefits for the reorganizers."

The Court found above that the retirement systems' professional fee obligations are the City's obligation. As a result, the mandate of *Avon Park* to this Court to ensure that the plan is fair and equitable requires this Court to review those fees.

Accordingly, it is hereby ordered that the fees and expenses of the professionals of the retirement systems of the City of Detroit are subject to disclosure and review under 11 U.S.C. § 943(b)(3).

The Court recognizes that one of the retirement systems' professionals, Greenhill & Co., did not bill the retirement systems on an hourly basis and that it is therefore concerned about the challenge that the application of § 943(b)(3) will create for it. The Court intends to be sensitive to this concern and, at the status conference to be held on December 15, 2014, invites advice from the parties on how to address it.

Not for Publication.

.

**Signed on November 26, 2014**

                                                              /s/ Steven Rhodes
                                                             **Steven Rhodes**
                                                             **United States Bankruptcy Judge**

5

13-53846-swr Doc 8622-1 Filed 12/08/14 Entered 12/08/14 14:37:14 Page 7 of 7
13-53846-tjt Doc 8616 Filed 12/08/14 Entered 12/08/14 14:34:12 Page 5 of 5