UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**OBJECTION BY U.S. BANK NATIONAL ASSOCIATION TO CURE AMOUNT
LISTED IN NOTICE REGARDING EXECUTORY CONTRACTS AND UNEXPIRED
LEASES TO BE ASSUMED PURSUANT TO SECTION 365 OF THE BANKRUPTCY
CODE AND RELATED PROCEDURES**

U.S. Bank National Association ("U.S. Bank"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the cure amount listed in the *Notice Regarding Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 365 of the Bankruptcy Code and Related Procedures* (the "Notice").[1] In support of this Objection, U.S. Bank respectfully states as follows:

**Background**

1. On or about November 25, 2014, the City of Detroit, Michigan (the "City") served the Notice on U.S. Bank. The Notice identifies three executory contracts between U.S. Bank and the City Planning and Development Department that the City seeks to assume. The Notice identifies these contracts by number as contracts 1001321, 2506741, and 2586410, and lists the cure amount for each contract as zero dollars.

2. After receiving the Notice, U.S. Bank reviewed its records and located only one contract between it and the City Planning and Development Department, which is an escrow agreement for various federal housing grant programs (the "Escrow Agreement").

---

[1] A copy of the Notice is attached hereto as Exhibit A.

Outstanding fees in the amount of $2,710.00 are owed to U.S. Bank as escrow agent under the Escrow Agreement. These fees have been invoiced to the City, but such invoices remain unpaid.[2]

**Legal Standard**

3. The Bankruptcy Code requires that, prior to or at the time of assumption of an executory contract, a debtor make whole the other party to the contract by, among other things, curing any past defaults and compensating the other party for any losses resulting from such defaults. 11 U.S.C. § 365(b)(1).

**Objection**

4. U.S. Bank does not object to assumption of the Escrow Agreement, so long as the City cures the existing payment default in the amount of $2,710.00 (the "Cure Amount") prior to, or at the time of, assumption.

5. Furthermore, to the extent that the City seeks to assume any other contracts with U.S. Bank, U.S. Bank demands that the City provide it with additional information sufficient to enable it to identify any such contracts and determine whether it is owed cure amounts under those contracts.

6. U.S. Bank reserves its right to object to the proposed cure amount for any of its contracts that the City seeks to assume, until such time as it receives information from the City sufficient to enable it to identify any such contract and determine whether a cure amount is owed.

7. U.S. Bank communicated these positions to representatives of the City, but did not receive a response prior to the objection deadline set forth in the Notice. U.S. Bank

---

[2] A chart summarizing the invoiced fees is attached hereto as Exhibit B.

will confer with the City regarding the potential resolution of this Objection prior to making any request for a hearing, as required by the Notice.

WHEREFORE, U.S. Bank requests that the Court condition assumption of the Escrow Agreement on payment of the Cure Amount and order that, to the extent the City seeks to assume any other executory contracts with U.S. Bank, it provide U.S. Bank with information sufficient to enable it to identify any such contracts.

Dated: December 9, 2014

Respectfully Submitted,

MCDERMOTT WILL & EMERY LLP

/s/ William P. Smith
William P. Smith
Jeffrey A. Rossman
McDermott Will & Emery LLP
227 West Monroe Street, Suite 4700
Chicago, Illinois 60606
Telephone: (312) 372-2000
Email: wsmith@mwe.com;
jrossman@mwe.com

**CERTIFICATE OF SERVICE**

    I, Jeffrey A. Rossman, hereby certify that the foregoing document was filed and served via the Court's electronic case filing and noticing system on December 9, 2014.

|  |  |
|---|---|
| By: | __/s/ Jeffrey A. Rossman_____ |
|  | Jeffrey A. Rossman |
|  | McDermott Will & Emery LLP |
|  | 227 West Monroe Street, Suite 4700 |
|  | Chicago, Illinois 60606 |
|  | Telephone: (312) 372-2000 |
|  | Email: jrossman@mwe.com |

# **Exhibit A**



City of Detroit, Michigan
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

000031

PRF # 69042***
Case No.: 13-53846
Svc: 1

PackID: 32
Sort: 348

McDermott Will & Emery LLP
Jeffrey A Rossman
227 W Monroe St
Chicago, IL 60606



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
-------------------------------------------------------x
                                                       :
In re                                                  :   Chapter 9
                                                       :
CITY OF DETROIT, MICHIGAN,                             :   Case No. 13-53846
                                                       :
                    Debtor.                            :   Hon. Steven W. Rhodes
                                                       :
                                                       :
-------------------------------------------------------x
```

### NOTICE REGARDING EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND RELATED PROCEDURES

> ## TO ALL PERSONS AND ENTITIES WHO ARE PARTIES TO THE EXECUTORY CONTRACTS OR UNEXPIRED LEASES LISTED ON <u>ANNEX A</u> ATTACHED TO THIS NOTICE

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. <u>Contract Procedures Order; Non-Exclusive Plan Assumption List</u>. On August 4, 2014, the United States Bankruptcy Court for the Eastern District of Michigan (the "<u>Bankruptcy Court</u>") entered an Order (the "<u>Contract Procedures Order</u>") approving, among other things, certain procedures with respect to the proposed assumption or assumption and assignment of Executory Contracts

13-53846-tjt    Doc 8623    Filed 12/09/14    Entered 12/09/14 14:46:36    Page 7 of 15

001KC0002_69042-1_domestic_814/000031/000152

and Unexpired Leases pursuant to the Eighth Amended Plan of Adjustment of Debts of the City of Detroit, Michigan (Docket No. 8045) (as it may be further amended, the "Plan").[1] On November 21, 2014, the City filed with the Bankruptcy Court a list of Executory Contracts and Unexpired Leases that it intends to assume pursuant to the Plan (the "Non-Exclusive Plan Assumption List"). Pursuant to the applicable provisions of the Contract Procedures Order and the Plan, by identifying agreements on the Non-Exclusive Plan Assumption List, the City proposes to assume such Executory Contracts and Unexpired Leases, effective as of the Effective Date. You will receive an additional notice of the occurrence of the Effective Date when the Effective Date occurs.

    2.    <u>Executory Contracts and Unexpired Leases to Be Assumed</u>. You (or your affiliate or client) are a counterparty to one or more Executory Contracts or Unexpired Leases listed on the Non-Exclusive Plan Assumption List, which agreements are identified on <u>Annex A</u> hereto (each such agreement on <u>Annex A</u>, an "Assumed Agreement").[2] With respect to each Assumed Agreement,

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

[2] The inclusion of an Assumed Agreement on the Non-Exclusive Plan Assumption List and on <u>Annex A</u> hereto incorporates any modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Assumed Agreement, unless such modification,

-2-

13-53846-tjt    Doc 8623    Filed 12/09/14    Entered 12/09/14 14:46:36    Page 8 of 15



Annex A identifies, among other information: (a) the proposed Cure Amount Claim required to be paid by the City pursuant to section 365(b)(1) of the Bankruptcy Code (if any); and (b) the identity of any assignee to which the City proposes to assign the Assumed Agreement (if any). Pursuant to Section II.D.3 of the Plan, the Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 8272), entered on November 12, 2014, constitutes an order of the Bankruptcy Court approving the assumption of each Assumed Agreement, effective as of the Effective Date.

3. <u>Assumption of Agreements Not Identified on Non-Exclusive Plan Assumption List</u>. The Plan provides that the City also is assuming any Executory Contract or Unexpired Lease not listed as an Assumed Agreement and not previously assumed, assumed and assigned or rejected pursuant to (a) an order of the Bankruptcy Court or (b) the express provisions of the Plan, regardless of whether such agreement is listed on the Non-Exclusive Plan Assumption List.

4. <u>Reservation of Rights; Additional Notice</u>. Pursuant to the Contract Procedures Order, the City retains the right to amend the Non-Exclusive Plan Assumption List to (a) modify the proposed Cure Amount Claim for any Assumed Agreement and (b) otherwise change any information related to an

---

amendment, supplement, restatement or other agreement is rejected pursuant to Section II.D.6 of the Plan.

Assumed Agreement on such list. The City will provide further notice of any such amendments to each party to an Assumed Agreement affected thereby no later than five days after the filing of the notice describing and effecting such amendment. Further, listing a contract or lease on the Non-Exclusive Plan Assumption List or Annex A hereto does not constitute an acknowledgment or agreement by the City, or a determination of the Bankruptcy Court, that such contract or lease is an Executory Contract or Unexpired Lease, and the City reserves all rights with respect thereto. Each contract or lease identified on Annex A shall be assumed only to the extent that any such contract or lease constitutes an Executory Contract or Unexpired Lease.

5. <u>Objections to Proposed Assumption</u>. Pursuant to the Contract Procedures Order, if you wish to object to (a) the proposed assumption of an Assumed Agreement(s) to which you are a counterparty, (b) the amount of the related Cure Amount Claim (if any) or (c) any related assignment, you must file with the Bankruptcy Court and serve on counsel to the City, at the addresses set forth in the signature block below, a written objection (an "<u>Assumption Objection</u>") setting forth the basis for such objection.

(i) For Assumed Agreements, an Assumption Objection must be filed with the Bankruptcy Court and served on counsel to the City no later than 14 days after the service of this Notice (<u>i.e.</u>, by December 9, 2014).



(ii) The City may file a reply to an Assumption Objection (an "Assumption Reply") no later than ten days after the filing of such an Assumption Objection.

If no Assumption Objection is properly and timely filed and served with respect to an Executory Contract or Unexpired Lease (including Assumed Agreements identified on Annex A), (a) the proposed assumption (and assignment, if applicable) of such agreement will be deemed approved in accordance with the Plan, effective as of the Effective Date, and (b) the proposed Cure Amount Claim related to such agreement will be deemed approved and will be paid in accordance with the Plan, without further action of the Bankruptcy Court. To facilitate settlement discussions, the deadline to file an Assumption Objection or an Assumption Reply may be extended by a written agreement of the contract counterparty and the City.

6. Resolution of Assumption Objection. If an Assumption Objection is timely filed and served, the parties shall confer regarding the potential resolution of the Assumption Objection for at least a seven-day period after the Assumption Objection is filed. In this regard, the City invites you to contact M. Butch Hollowell, Esq., Corporation Counsel, City of Detroit Law Department, at butchhollowell@gmail.com or (313) 224-4550 to seek to resolve your Assumption Objection prior to or after filing such Assumption Objection.

7. Scheduling of Hearing on Assumption Objection. If an Assumption Objection is timely filed and the parties are unable to resolve the

Assumption Objection during this seven-day period, either party may seek to have the dispute heard by the Bankruptcy Court by filing a request for a hearing with the Bankruptcy Court (an "Assumption Hearing Request"). Any Assumption Hearing Request shall seek a hearing on a date that is at least ten days after the date of filing of such request.

8. <u>Rejection of Executory Contracts and Unexpired Leases Where Assumption Denied</u>. If an Assumption Objection is not resolved in favor of the City with respect to a proposed assumption, proposed assumption and assignment or proposed Cure Amount Claim, the applicable Executory Contract or Unexpired Lease may be designated by the City for rejection, which shall be deemed effective as of the Effective Date, pursuant to Section II.D.3 of the Plan. If the City designates any agreement identified on <u>Annex A</u> for rejection pursuant to Section II.D.3 of the Plan, you will receive a Rejection Notice (as such term is defined in the Contract Procedures Order).

9. <u>Document Website</u>. The most recently filed Non-Exclusive Plan Assumption List, as well as other information regarding the City's Chapter 9 Case, can be found at the City's Document Website at http://www.kccllc.net/Detroit.

-6-

13-53846-tjt    Doc 8623    Filed 12/09/14    Entered 12/09/14 14:46:36    Page 12 of 15

Dated: November 25, 2014          Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

-7-

13-53846-tjt    Doc 8623    Filed 12/09/14    Entered 12/09/14 14:46:36    Page 13 of 15

# ANNEX A

## Assumed Agreements

| Name of Counterparty | Vendor # | Contract # | Description | City Department | Cure Amount |
|---|---|---|---|---|---|
| US BANK TRUST NATIONAL ASSOCIATION | 1001321 | 1001321 | | PLANNING AND DEVELOPMENT DEPARTMENT | $0.00 |
| US BANK TRUST NATIONAL ASSOCIATION | 1001321 | 2506741 | | PLANNING AND DEVELOPMENT DEPARTMENT | $0.00 |
| US BANK TRUST NATIONAL ASSOCIATION | 1001321 | 2586410 | | PLANNING AND DEVELOPMENT DEPARTMENT | $0.00 |
| | | | | | |
| | | | | | |
| | | | | | |

# **Exhibit B**

| Account Name | Date Billed | Period End | Invoice Number | Original Invoice Amount | Amount Outstanding |
|---|---|---|---|---|---|
| DETROIT DNIC (LEAD PROGRAM) ESCROW | 10/24/2014 | 12/31/2014 | 3807468 | $125.00 | $125.00 |
| DETROIT NEIGHBORHOOD OPPTNTY ESCROW | 10/24/2014 | 12/31/2014 | 3807467 | $1,775.00 | $1,775.00 |
| DETROIT CEDD INVESTOR REHAB ESCROW | 10/24/2014 | 12/31/2014 | 3807469 | $265.00 | $265.00 |
| DETROIT CDBG-R ESCROW | 10/24/2014 | 12/31/2014 | 3810502 | $125.00 | $125.00 |
| CHDO | 10/24/2014 | 12/31/2014 | 3807472 | $295.00 | $295.00 |
| DETROIT HOUSING | 10/24/2014 | 12/31/2014 | 3810601 | $125.00 | $125.00 |
| Total Due: | | | | $2,710.00 | $2,710.00 |