UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
CITY OF DETROIT, MICHIGAN,　　　　　　　　　　Case no. 13-53846
　　　　　　　　　　　　　　　　　　　　　　　　Chapter 9
　　　　　Debtor.　　　　　　　　　　　　　　　Hon. Steven W. Rhodes
_____/

LIMITED OBJECTION TO NOTICE
REGARDING EXECUTORY CONTRACTS
AND UNEXPIRED LEASES TO BE
ASSUMED PURSUANT TO §365 OF THE
BANKRUPTCY CODE AND RELATED PROCEDURES

　　　　Waste Management of Michigan, Inc., by and through one of its counsel, Plunkett Cooney, files this its Limited Objection to the Notice Regarding Executory Contracts and Unexpired Leases to be assumed pursuant to §365 of the Bankruptcy Code and related procedures and states as follows:

　　　　1.　　On or about November 25, 2014, the City of Detroit served its Notice regarding executory contracts and unexpired leases to be assumed pursuant to §365 of the Bankruptcy Code and related procedures as it relates to Waste Management of Michigan, Inc. Counsel for Waste Management received this Notice on December 1, 2014 given the Thanksgiving holiday. The Notice references that the date to object to this Notice is 14 days after service, being December 9, 2014. Pursuant to Bankruptcy Rule 9006(f), three days are added to the prescribed period when the service is by mail.

　　　　2.　　The Notice invites parties to contact Corporation Counsel by e-mail or phone seeking to resolve any objections prior to the filing of an Objection. Counsel for Waste

Management emailed Corporation Counsel for the City of Detroit three times and attempted to reach Corporation Counsel by telephone.

3.  Waste Management of Michigan has three contracts with the City as detailed on the annex attached to the Notice, namely Contract 2867880, 2832854 and 2858292. With respect to Contract 2867880, this contract is paid in full. With respect to Contract 2832854, this contract has an outstanding balance of at least $853,000.00 prior to the December invoicing for November services. Contract 2858292 has an outstanding balance of at least $63,000.00 which does not include invoicing for December, 2014, for November, 2014 services. The City in its Annex A asserts that no amounts are owed to cure and to assign. While the City has paid Waste Management of Michigan, Inc. for post-petition services, there are outstanding balances owed which must be paid in order to assume and then to assign the contracts. Waste Management attempted in good faith to contact Corporation Counsel multiple times in order to avoid filing this Limited Objection seeking clarification and verification that the outstanding amounts owed to Waste Management of Michigan would be paid. Unfortunately, there was no response by Corporation Counsel to verify that the outstanding amounts would be paid to avoid the filing of this Limited Objection.

WHEREFORE Waste Management of Michigan, Inc. files this its limited objection to the City of Detroit's Notice of Assumption of Contracts with Waste Management, Inc. and seeks to clarify and to verify that all amounts owing to Waste Management under Contracts 2832854 and 2858292 will be paid to assume and assign these contracts and for all other relief as just and proper.

Respectfully submitted,

Plunkett Cooney


By: /s/DAVID A. LERNER
DAVID A. LERNER – P44829
Attorney for Waste Management of Michigan, Inc.
38505 Woodward Ave., Ste. 2000
Bloomfield Hills, MI 48304
(248) 901-4010
dlerner@plunkettcooney.com

Dated: December 9, 2014

Open.18961.32165.14862263-1