UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

        Debtor.
_____/

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

Thomas J. Cipollone,

        Appellant.

v.

City of Detroit, Michigan,

        Appellee.
_____/

APPELLANT THOMAS J. CIPOLLONES DESIGNATION OF
THE CONTENTS OF THE RECORD AND STATEMENT OF ISSUES ON APPEAL

I am filing and serving this Designation and Statement to comply with Fed. R. Bnkr. P. 8009(a)(1) [Effective December 1, 2014]. The Designation and Statement relate to the appeal I started by filing a Notice of Appeal (Doc. No. 8462) on November 25, 2014.

I.    DESIGNATION OF RECORD ON APPEAL.

| Item No. | Date Filed | Docket No. | Description |
|---|---|---|---|
| 1 | 7/18/13 | 0001 | Voluntary Petition for City of Detroit, Michigan |
| 2 | 12/5/13 | 1945 | Opinion Regarding Eligibility |
| 3 | 2/21/14 | 2708 | Plan for the Adjustment of Debts of the City of Detroit |

| Item No. | Date Filed | Docket No. | Description |
|---|---|---|---|
| 4 | 2/21/14 | 2709 | Disclosure Statement with Respect to Plan for the Adjustment of the Debts of the City of Detroit |
| 5 | 3/31/14 | 3380 | Amended Plan for the Adjustment of Debts of the City of Detroit |
| 6 | 3/31/14 | 3382 | Amended Disclosure with Respect to Amended Plan for the Adjustment of Debts of the City of Detroit |
| 7 | 3/31/14 | 3390 | John P. Quinn's Objections to Disclosure Statement |
| 8 | 3/31/14 | 3392 | Appearance of John P. Quinn on his Own Behalf and Consent to Electronic Service |
| 9 | 4/15/14 | 4140 | Second Amended Plan for the Adjustment of Debts of the City of Detroit |
| 10 | 4/16/14 | 4141 | Second Amended Disclosure Statement with Respect to Second Amended Plan for the Adjustment of Debts of the City of Detroit |
| 11 | 4/25/14 | 4271 | Third Amended Plan for the Adjustment of Debts of the City of Detroit |
| 12 | 4/25/14 | 4272 | Third Amended Disclosure Statement with Respect to Second Amended Plan for the Adjustment of Debts of the City of Detroit |
| 13 | 5/5/14 | 4391 | Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment if the Debts of the City of Detroit |
| 14 | 5/5/14 | 4392 | Fourth Amended Plan for the Adjustment if the Debts of the City of Detroit |
| 15 | 5/26/14 | 5034 | Consolidated Reply to Certain Objections to Confirmation of Fourth Amended Plan for the Adjustment of Debts of the City of Detroit |
| 16 | 5/27/14 | 5049 | John P. Quinn's Attempted Compliance with Order Regarding Identifying Legal Issues Relating to Confirmation |
| 17 | 7/1/14 | 5723 | John P. Quinn's Objections to Fourth Amended Plan of Adjustment |
| 18 | 7/11/14 | 5949 | Thomas J. Cipollone's Objections to Fourth Amended Plan of Adjustment |

| Item No. | Date Filed | Docket No. | Description |
|---|---|---|---|
| 19 | 7/22/14 | 6197 | Joint Motion of Objecting Creditors Michael J. Karwoski and John P. Quinn for Briefing Schedule and Hearing on Certain of Movants' Objections to Fourth Amended Plan of Adjustment |
| 20 | 7/25/14 | 6257 | Fifth Amended Plan for the Adjustment if the Debts of the City of Detroit |
| 21 | 7/28/14 | 6379 | Corrected Fifth Amended Plan for the Adjustment of the Debts of the City of Detroit |
| 22 | 8/4/14 | 6508 | Official Committee of Retirees' Memorandum of Law in Support of Confirmation of Fifth Amended Plan for Adjustment of Debts Filed by the City of Detroit, Michigan |
| 23 | 8/20/14 | 6908 | Sixth Amended Plan for the Adjustment of Debts of the City of Detroit |
| 24 | 9/5/14 | 7303 | Consolidated Response to Certain *Pro Se* Objections to Confirmation of the Sixth Amended Plan for the Adjustment of Debts of the City of Detroit |
| 25 | 9/16/14 | 7502 | Seventh Amended Chapter 9 Plan for the Adjustment of Debts of the City of Detroit |
| 26 | 10/17/14 | 7995 | Third Order Admitting Exhibits including Exhibit containing Annuity Information from GRS Informational Meeting |
| 27 | 10/21/14 | 8029 | Notice of Filing of Draft Eight Amended Plan for the Adjustment of the Debts of the City of Detroit, |
| 28 | 10/22/14 | 8045 | Eighth Amended Plan for the Adjustment of the Debts of the City of Detroit |
| 29 | 10/31/14 | 8154 | Notice of Filing Proposed Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, including attached proposed order |
| 30 | 11/11/14 | 8249 | Notice of Filing Revised Proposed Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, including attached proposed order |
| 31 | 11/12/14 | 8272 | Order Confirming Eighth Amended Plan of Adjustment of Debts of the City of Detroit |

| Item No. | Date Filed | Docket No. | Description |
| --- | --- | --- | --- |
| 32 | 11/21/14 | 8369 | John P. Quinn's Notice of Appeal from Order Confirming Eighth Amended Plan of Adjustment |
| 33 | 11/24/14 | 8413 | John P. Quinn's Motion for Partial Stay Pending Appeal |
| 34 | 11/25/14 | 8462 | Thomas J. Cipollone's Notice of Appeal from Order Confirming Eighth Amended Plan of Adjustment |
| 35 | 11/26/14 | 8489 | State of Michigan's Consolidated Response in Opposition to Motions to Stay Confirmation Order Pending Appeal |
| 36 | 11/26/14 | 8496 | City of Detroit's Consolidated Objection to Appellants' Motions for Stay Pending Appeal |
| 37 | 12/1/14 | 8533 | Order Denying Motions for Stay Pending Appeal |
| 38 | Not yet entered. | Not yet docketed | Opinion on Confirmation of Eighth Amended Plan for the Adjustment of Debts of the City of Detroit |

I reserve the right to supplement or amend this Designation to the extent permitted by law or court rule.

II. STATEMENT OF ISSUES ON APPEAL.

I intend to raise the following issues on appeal:

1. Did the bankruptcy court err as a matter of law by confirming the Eighth Amended Plan for the Adjustment of the Debts of the City of Detroit ("Plan") even though, by attempting to impose the ASF recoupment on claims whose holders have not individually agreed to its application to their claims, the Plan imposes non-consensual less favorable treatment on those claims than on other claims in class 11, in violation of 11 U.S.C. § 1123(a)(4)?

2. Did the bankruptcy court err as a matter of law by confirming the Plan even though it purports to adjust not only the City's liability, if any, on the claims included in Class 11, but also the liability of the General Retirement System ("GRS"), which is not a debtor in this case, on those claims, in violation of 11 U.S.C. § 941?

3. Did the bankruptcy court err as a matter of law by directing GRS to act as an agent of the City in deducting the Annuity Savings Fund Excess Amount from the Annuity Savings Fund account of each ASF Current Participant?

4. Did the bankruptcy court err as a matter of law by relieving GRS, which is not a debtor in this case, from liability for deducting the Annuity Savings Fund Excess Amount from the Annuity Savings Fund account of each ASF Current Participant?

5. Did the bankruptcy court err as a matter of law by enjoining all individuals affected by the ASF recoupment from commencing any proceedings against the GRS and its trustees, officers, employees or professionals, none of whom are debtors in this case, arising from GRS's compliance with the Plan or the Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit?

6. Did the bankruptcy court err as a matter of law by allowing an illegal act, which was the illegal method of computing a new and retroactive interest rate used by the City as the basis for the ASF recoupment, to remain as

part of the Eighth Amended plan?

7. Did the bankruptcy court err as a matter of law by allowing a recoupment of a purported fraudulent transfer beyond the statute of limitations permitted by law?

8. Did the bankruptcy court err as a matter of law by allowing a recoupment of a purported fraudulent transfer into the ASF when the burden of proof was not met to prove such fraudulent transfer?

9. Did the bankruptcy court err as a matter of law by allowing a recoupment of a purported fraudulent transfer into the ASF when no specific finding of such purported fraudulent transfer was made?

10. Did the bankruptcy court err as a matter of law by allowing a recoupment of a purported fraudulent transfer into the ASF when the burden of proof was not met to prove that the minimum interest rate earned by ASF participants was illegal, which was the purported basis for the City to create a new but illegal retroactive annuity interest rate formula for the ASF recoupment?

11. Did the bankruptcy court err as a matter of law by allowing a recoupment of a purported fraudulent transfer using a retroactive formula for determining an interest rate lower than the rate actually earned when application of such retroactive formula would violate the Constitutional prohibitions against ex post facto laws, the taking of property and denial of Due Process?

-6-

13-53846-tjt    Doc 8643    Filed 12/10/14    Entered 12/10/14 13:35:08    Page 6 of 8

12. Did the bankruptcy court err as a matter of law by not allowing me to participate in the hearing on confirmation of the Eighth Amended Plan by questioning witnesses called by other parties, violating my right to Due Process as well as other rights?

13. Is each of the errors mentioned in Issues 1-12, above, reversible?

In the course of discussing these issues I may address related issues and sub-issues. I reserve the rights to raise additional issues and to supplement or amend this Statement the extent permitted by law or court rule.

Dated: December 10, 2014

*Thomas J. Cipollone*
Thomas J. Cipollone
49850 Joy Road
Plymouth, Michigan 48170
(313) 582-1898
cipollonet@yahoo.com

CERTIFICATE OF SERVICE

I certify that on December 10, 2014, I am filing a hard copy of the above document with the Clerk of the Court. I understand the Clerk will promptly scan that hard copy and file the resulting pdf version using ECF, thus effecting service on all persons entitled to service in this action.

Dated: December 10, 2014

*Thomas J. Cipollone*
Thomas J. Cipollone
49850 Joy Road
Plymouth, Michigan 48170
(313) 582-1898
cipollonet@yahoo.com

–8–