UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re                                                    Chapter 9

CITY OF DETROIT, MICHIGAN,                               Case No. 13-53846

            Debtor.                          Hon. Steven W. Rhodes
_____/

EMERGENCY JOINT MOTION OF APPELLANTS JOHN P. QUINN, DENNIS TAUBITZ
AND IRMA INDUSTRIOUS TO INSTRUCT CLERK NOT TO REQUIRE COPIES OF
DOCUMENTS LISTED IN DESIGNATIONS OF RECORD

     The Appellants John P. Quinn ("Quinn"), Dennis Taubitz ("Taubitz") and Irma Industrious ("Industrious") (collectively "movants," "we" or "us") move the Court to instruct the Bankruptcy Clerk not to require copies of documents listed in the movants' and other appellants' Designations of the Content of the Record. In support of this motion, the movants say that:

     1. Quinn filed his Notice of Appeal on November 21, 2014 (Doc. No. 8369). Taubitz and Industrious filed their Joint Notice of Appeal (Doc. No. 8465) on November 26, 2014. Quinn filed his Designation of the Contents of the Record and Statement of Issues on Appeal (Doc. No. 8474) on December 4, 2014. Taubitz and Industrious filed their Joint Designation of the Contents of the Record and Statement of Issues on Appeal (Doc. No. 8662) on December 10, 2014.

     2. On December 5, 2014, Quinn received a telephone call from an employee in the office of the Bankruptcy Clerk. The employee informed Quinn that Quinn was required to provide copies of all the documents listed in his Designation of the Contents of the Record and that, if he failed to do so, the Clerk would make the copies and

charge Quinn $.50 per page. Quinn suggested that such a requirement would be extremely burdensome and that it was inconsistent with both the letter and the spirit of the revised Chapter VIII of the Federal Rules of Bankruptcy Procedure, which had become effective on December 1, 2014. This was the beginning of an extended and cordial exchange of views via telephone and email between the employee in the Clerk's office and Quinn.

    3. On December 12, 2014, the Bankruptcy Clerk notified several appellants, including the movants, in writing, that they must file the documents listed in their respective Designations of the Contents of the Record within five days and that, if they failed to do so, the Clerk would prepare the copies at the respective appellants' expense. See. Docs. Nos. 8698 (Cipollone) 8700 (Quinn), 8702 (Davis), 8703 (Taubitz and Industrious).

    4. Upon learning of the written notice described in paragraph 3, above, Quinn again spoke with the employee referred to in paragraph 2, above, and was informed that: (a) appellants who have access to ECF are permitted to file the required documents electronically with an amended Designation; (b) as matters stand now, appellants like Quinn who do not have access to ECF[1] must provide hard copies of the

---

[1] When Quinn was an active litigator he had an ECF account. However, upon retirement he changed his Michigan Bar membership to "inactive" status and notified the U.S. District Court for the Eastern District of Michigan of the change. He is informed that the clerk of that court then changed his bar membership in that court to inactive, making him ineligible to continue using his ECF account or open a new one until such time as his status might revert to active. In July, 2014, when he became active in this case, Quinn attempted to submit a Pro Se Filer Application for Electronic Filing but was informed that the Bankruptcy Clerk had directed that pro se filers in this matter not be permitted to use electronic filing.

required documents; and (c) the employee will make further inquires to see whether appellants without access to ECF might be permitted to provide the required documents in electronic form on DVDs or flashdrives.

5. In its Order of April 25, 2014 amending the Federal Rules of Bankruptcy Procedure, the United States Supreme Court ordered that the Amended Rules would take effect on December 1, 2014 and that they "shall govern all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." (See the copy of the Order attached as Exhibit F.)

6. The following provisions in the Federal Rules of Bankruptcy Procedure, currently in effect, are relevant here:

**Rule 1001. Scope of Rules and Forms; Short Title**

. . . These rules shall be construed to secure the just, speedy, and inexpensive determination of every case and proceeding.

**Rule 8001. Scope of Part VIII Rules; Definition of "BAP"; Method of Transmission [Effective December 1, 2014]**
. . .

(c) Method of Transmitting Documents. A document must be sent electronically under these Part VIII rules, unless it is being sent by or to an individual who is not represented by counsel or the court's governing rules permit or require mailing or other means of delivery.

**Rule 8009. Record on Appeal; Sealed Documents [Effective December 1, 2014]**

(a) Designating the Record on Appeal; Statement of the Issues.
(1) Appellant.
(A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.
. . .

(5) Copies for the Bankruptcy Clerk. If paper copies are needed, a party filing a designation of items must provide a copy of any of those items that the bankruptcy clerk requests. If the party fails to do so, the bankruptcy clerk must prepare the copy at the party's expense.
. . .

**Rule 8010. Completing and Transmitting the Record [Effective December 1, 2014]**
. . .

(b) Clerk's Duties.
(1) Transmitting the Record-In General. Subject to Rule 8009(f) and subdivision (b)(5) of this rule, when the record is complete, the bankruptcy clerk must transmit to the clerk of the court where the appeal is pending either the record or a notice that the record is available electronically.

(2) Multiple Appeals. If there are multiple appeals from a judgment, order, or decree, the bankruptcy clerk must transmit a single record.
. . .

(4) If Paper Copies Are Ordered. If the court where the appeal is pending directs that paper copies of the record be provided, the clerk of that court must so notify the appellant. If the appellant fails to provide them, the bankruptcy clerk must prepare them at the appellant's expense.

7.  In the written notifications described in paragraph 3, above, the Clerk's Office cited "Rule 8006," apparently to justify the requirement of copies of documents. This presumably is a reference to Fed.R.Bnkr.P. 8006. However, the currently effective version of Fed.R.Bnkr.P. 8006 is inapplicable: it deals with certifying a direct appeal to the Court of Appeals. The version of Rule 8006 that was in effect until December 1, 2014 included a requirement that "[a]ny party filing a designation of the items to be included in the record shall provide to the clerk a copy of the items designated or, if the party fails to provide the copy, the clerk shall prepare the copy at the party's expense." The current rules include no such blanket requirement.

8. Instead, current Rule 8009(a)(5) requires that a party provide copies of documents to the Clerk only "[i]f paper copies are needed." Rule 8010(b)(4) tells us when paper copies are needed: "[i]f the court where the appeal is pending directs that paper copies of the record be provided." So far as we are aware, the District Court, which will hear our appeals, has not directed that paper copies be provided in these appeals. If the District Court had so directed, we would know, because Rule 8010(b)(4) requires that the clerk of the District Court notify us, the appellants, of any such directive. There may be other circumstances in which paper copies are needed. However, the general requirement that " [a] document must be sent electronically under these Part VIII rules" (Rule 8001) tells us such circumstances should be rare; and nothing about the current status of this matter suggests that this is a case in which paper copies of documents listed in the Designations of the Record should be required.

9. In fact, in the circumstances of this case, requiring paper copies would be not only punitively burdensome and pointless, but foolish to the point of profound prodigality. Many of the items listed in various appellants' Designations of the Record are very voluminous, including such lengthy documents as Plans of Adjustment, Disclosure Statements and (once it is issued) the Court's opinion on plan confirmation. Moreover, there is substantial overlap among the items listed in the various Designations of the Record filed by appellants without access to ECF. Compare, for example, Docket Nos. 8474 (Quinn's Designation), 8643 (Cipollone's), 8693 (Davis's et al.). All the designated documents (except the Court's opinion on plan confirmation which, so far as we know, does not yet exist) already exist in electronic form in PACER. To comply with the Clerk's directives, all these appellants would provide the Clerk, at

-5-

13-53846-tjt    Doc 8706    Filed 12/13/14    Entered 12/13/14 13:12:36    Page 5 of 20

great expense, with paper copies of those electronic documents, most of them duplicates. Since Rule 8010(b)(2) requires that the Clerk transmit to the District Court a single record for all these appeals, the Clerk presumably would discard the duplicates. Then, in order to transmit the record electronically as required by Rule 8001(c), the Clerk would scan all that paper to get it back into electronic form. This procedure would be Kafkaesque in its pointless, punishing, wasteful complexity.

10. Even for appellants such as Taubitz and Industrious who have access to ECF, a requirement that they provide the Clerk with electronic copies of documents the Clerk already has in electronic form would be unnecessarily burdensome, especially in light of the fact that, under Rule 8010(b)(1) the Clerk is not required to transmit the actual record but can simply inform the District Court that the record is available electronically. Requiring appellants with access to ECF to make new electronic copies would be inconsistent with Rule 8001's mandate that the rules be "construed to secure the just, speedy, and inexpensive determination of every case and proceeding."

10. At 4:24 p.m. on December 12, 2014, Quinn sent an email message to Heather Lennox, counsel for the City. In that email he described the relief sought in this motion, briefly summarized the basis for that relief and requested concurrence in that relief. As of this writing, at 12:1 p.m. on December 13, 2014, Quinn has not received a response to that message. In any event, the relief sought in this motion probably can only be obtained by motion, not by agreement of counsel.

11. Quinn certifies that: (a) when it is asserted in this motion that he received information, he believes the information to be true; and (b) on the basis of his personal knowledge, all other statements in this motion that describe his observations or

-6-

13-53846-tjt    Doc 8706    Filed 12/13/14    Entered 12/13/14 13:12:36    Page 6 of 20

experiences are true.

    WHEREFORE, we respectfully request that the Court enter the proposed order attached as Exhibit A or another order acceptable to the Court granting substantially the same relief as that proposed order.

Dated: December 13, 2014

/s/ with consent of John P. Quinn
John P. Quinn
2003 Military Street
Detroit, MI 48209
(313) 673-9548
quinjohn@umich.edu

/s/ with consent of Dennis Taubitz
Dennis Taubitz
6002 Diamond Ruby – Suite 3
PMB 255
Christiansted, St. Croix, V.I. 00820
(313) 271-9842/ (340) 332-0006

/s/ Irma Industrious
Irma Industrious
6002 Diamond Ruby – Suite 3
PMB 255
Christiansted, St. Croix, V.I. 00820
(313) 271-9842/ (340) 332-0006
iindustrious@yahoo.com

-7-

13-53846-tjt    Doc 8706    Filed 12/13/14    Entered 12/13/14 13:12:36    Page 7 of 20

EXHIBIT A

Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re                                                                Chapter 9

CITY OF DETROIT, MICHIGAN,                      Case No. 13-53846

                        Debtor.                            Hon. Steven W. Rhodes

_____/

ORDER GRANTING EMERGENCY JOINT MOTION OF APPELLANTS
JOHN P. QUINN, DENNIS TAUBITZ AND IRMA INDUSTRIOUS TO INSTRUCT
CLERK NOT TO REQUIRE COPIES OF DOCUMENTS LISTED IN DESIGNATIONS
OF RECORD

The Court has considered the Emergency Joint Motion of Appellants John P. Quinn, Dennis Taubitz and Irma Industrious to Instruct Clerk not to Require Copies of Documents Listed in Designations of Record, is fully informed in the matter and has concluded that there is just cause for granting the relief requested.

IT IS ORDERED THAT:

1. The Corrected Joint Motion is granted.

2. The Bankruptcy Clerk is instructed not to require any party who has appealed from the Order Confirmation Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Doc. No. 8272) to provide copies of documents listed in that party's Designation of Record for Appeal, provided that the Bankruptcy Clerk may require a copy of such a document if the document is not available in PACER.

3. The Bankruptcy Clerk is instructed to inform, by the most expeditious means reasonably available, any such party whom the Bankruptcy Clerk has previously notified of a requirement that is inconsistent with the instruction in paragraph 2 of this

-1-

order that the party should ignore that previous notification.

4. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

5. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

                                                                                                                                           _____
Steven W. Rhodes
United States Bankruptcy Judge

EXHIBIT B

Notice of Motion and Opportunity to Object

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re

CITY OF DETROIT, MICHIGAN,

        Debtor.

_____/

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

NOTICE OF EMERGENCY JOINT MOTION OF APPELLANTS
JOHN P. QUINN, DENNIS TAUBITZ AND IRMA INDUSTRIOUS TO INSTRUCT
CLERK NOT TO REQUIRE COPIES OF DOCUMENTS LISTED IN DESIGNATIONS
OF RECORD

      PLEASE TAKE NOTICE that on December 13, 2014, John P. Quinn, Dennis Taubitz and Irma Industrious filed the Emergency Joint Motion of Appellants John P. Quinn, Dennis Taubitz and Irma Industrious to Instruct Clerk not to Require Copies of Documents Listed in Designations of Record (the "Motion to Instruct") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") seeking an instruction to the Bankruptcy Clerk not to require copies of documents listed in the Designations of Record on Appeal filed by various parties who have appealed from the Court's Order Confirmation Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Doc. No. 8272).

      PLEASE TAKE FURTHER NOTICE that your rights may be affected by the relief sought in the Motion. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

      PLEASE TAKE FURTHER NOTICE that if you do not want the Bankruptcy Court to grant the Motion to Instruct or you want the Bankruptcy Court to consider your views on the Motion, by December 27, 2014, or earlier if the Court so orders, you or your attorney must:

      File with the Bankruptcy Court a written response (complying with Fed.R.Civ.P. 8(b), (c) and (e)) to the Motion, explaining your position, electronically through the Bankruptcy Court's electronic case filing system in accordance with the Local Rules of the Bankruptcy Court or by mailing any objection or response to:

United States Bankruptcy Court
Theodore Levin Courthouse
231 West Lafayette Street
Detroit, MI 48226

You must also serve a copy of any objection or response upon:

John P. Quinn
2003 Military Street
Detroit, MI 48209

- and -

Dennis Taubitz and Irma Industrious
6002 Diamond Ruby – Suite 3
PMB 255
Christiansted, St. Croix, V.I. 00820

    If an objection or response is timely filed and served, the clerk may schedule a hearing on the Motion and you may be served with a notice of the date, time and location of the hearing.

    Concurrently with this Motion and Notice, Quinn, Taubitz and Industrious are seeking expedited consideration and shortened notice of the Motion. If the Court grants such expedited consideration and shortened notice, Quinn, Taubitz or Industrious will file and serve notice of the new response deadline.

    PLEASE TAKE FURTHER NOTICE that if you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting such relief.

<u>/s/ with consent of John P. Quinn</u>
John P. Quinn
2003 Military Street
Detroit, MI 48209
(313) 673-9548
<u>quinjohn@umich.edu</u>

<u>/s/ with consent of Dennis Taubitz</u>
Dennis Taubitz
6002 Diamond Ruby – Suite 3
PMB 255
Christiansted, St. Croix, V.I. 00820
(313) 271-9842/ (340) 332-0006

-2-

|  |  |
|---|---|
| | /s/ Irma Industrious |
| | Irma Industrious |
| | 6002 Diamond Ruby – Suite 3 |
| | PMB 255 |
| | Christiansted, St. Croix, V.I. 00820 |
| | (313) 271-9842/ (340) 332-0006 |
| Dated: December 13, 2014 | iindustrious@yahoo.com |

EXHIBIT C

None (Brief not required.)

EXHIBIT D

Certificate of Service

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re                                             Chapter 9

CITY OF DETROIT, MICHIGAN,                        Case No. 13-53846

          Debtor.                                 Hon. Steven W. Rhodes
_____/

CERTIFICATE OF SERVICE

    I, Irma Industrious, hereby certify that the Emergency Joint Motion of Appellants John P. Quinn, Dennis Taubitz and Irma Industrious to Instruct Clerk not to Require Copies of Documents Listed in Designations of Record and accompanying exhibits were filed and served via the Court's electronic case filing and noticing system on December 13, 2014.

                                                         /s/ Irma Industrious

EXHIBIT E

Affidavits
(None Required)

EXHIBIT F

Documentary Exhibit:

Copy of Order of U.S. Supreme Court, April 25, 2014

April 25, 2014

SUPREME COURT OF THE UNITED STATES

ORDERED:

1. That the Federal Rules of Bankruptcy Procedure be, and they hereby are, amended by including therein amendments to Bankruptcy Rules 1014, 7004, 7008, 7054, 8001–8028, 9023, and 9024.

[See infra., pp. .]

2. That the foregoing amendments to the Federal Rules of Bankruptcy Procedure shall take effect on December 1, 2014, and shall govern in all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending.

3. That THE CHIEF JUSTICE be, and hereby is, authorized to transmit to the Congress the foregoing amendments to the Federal Rules of Bankruptcy Procedure in accordance with the provisions of Section 2075 of Title 28, United States Code.