**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re                                                    Chapter 9

CITY OF DETROIT, MICHIGAN,              Case No. 13-53846

                    Debtor.                        Hon. Steven W.  Rhodes

-------------------------------------------------------

**SUPPLEMENTAL BRIEF OF RYAN, SWIFT, MENDOZA AND CUPPETELLI, INTERESTED PARTIES, IN SUPPORT OF THEIR OBJECTIONS PREVIOUSLY FILED [Dkts. #4099, #4228, #4608] INSOFAR AS §II.B.3.U.I. OF THE PROPOSED PLAN VIOLATES THE FOURTEENTH AMENDMENT, IMPAIRING THE RELIEF AVAILABLE TO THEM AS VICTIMS OF CONSTITUTIONAL VIOLATIONS UNDER 42 U.S.C. §1983**

TABLE OF CONTENTS

INDEX OF AUTHORITIES………………………………………iii
INTRODUCTION………………………………………………1
ARGUMENT……………………………………………………2

I.   THE PROVISIONS OF CHAPTER 9 OF THE BANKRUPTCY CODE DO NOT PROTECT OFFICERS SUED IN THEIR INDIVIDUAL CAPACITIES………………………………………2

II.  ALLOWING THIS DEBTOR AND ITS INDIVIDUAL OFFICERS TO USE MUNICIPAL BANKRUPTCY TO AVOID THE FULL IMPACT OF LIABILITY FOR UNCONSTITUTIONAL ACTS, WOULD EVISCERATE SECTION 1983 OF ITS MEANING AND GOALS OF FULL COMPENSATION AND DETERRENCE………………………………………5

A. The Constitution Will Be Neither Vindicated Nor Upheld If

i

These Interested Parties Lose Their Rights To Full
Compensation For Constitutional Deprivations, Inflicted By
The City Of Detroit, Paavola-Nobliski, Lewandowski,
Carson Petty, Glover, Kozloff And Blackmon………7

 B. Affording The Debtor and Its Individual Officers Chapter 9
Protection Frustrates the Policy and Goal of Deterrence
Afforded by Section 1983 and Grants the City of Detroit and
Its Police Officers Impunity………………………….9

III.   EVEN IF FOUND CONSTITUTIONAL, ALLOWING
MUNICIPALITIES AND THEIR INDIVIDUAL OFFICERS
TO DIMINISH THEIR FINANCIAL RESPONSIBILITY FOR
§1983 VIOLATIONS WOULD VIOLATE THE
BANKRUPTCY CODE ITSELF………………………..10

CONCLUSION…………………………………………………..11

# INDEX OF AUTHORITIES

**Cases**

*Carey v. Piphus*, 435 U.S. 247 (1978)................................................................................. 8, 9

*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981)...................................... 10

*Demery v. Kupperman*, 735 F.2d 1139, 1147 (9th Cir. 1984)............................................. 4

*Deocampo v. Potts*, No. 2:06-1283, 2014 WL 2118193 (E.D. Cal. 2014) ........................... 3

*In re Todd*, 65 B.R. 249, 254 (Bankr. N.D. Ill. 1986)........................................................ 8

*Jaco v. Bloechle*, 739 F.2d 239, 244 (6th Cir. 1984)......................................................... 6

*Matter of Sanitary & Imp. Dist., No. 7*, 98 B.R. 970 (Bankr. D. Neb. 1989) ..................... 11

*Mitchum v. Foster,* 407 U.S. 225 (1972) ............................................................................ 11

*Owen v. City of Independence, Mo.*, 445 U.S. 622, 651 (1980)........................................ 8, 9

*Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 503 (1981) ................................... 6

*Rasul v. Bush*, 542 U.S. 466 (2004). ................................................................................. 5

*V.W. ex rel. Barber v. City of Vallejo*, No. 12-1629, 2013 WL 3992403, at *6 (E.D. Cal.
   Aug. 2, 2013)................................................................................................................3, 4, 6

*Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995)................................................... 8

*Wilson v. City of Vallejo*, No. 12-00547, 2013 WL 4780742, at *3 (E.D. Cal. Sept. 5,
   2013)................................................................................................................................. 3

**Statutes**

42 U.S.C. § 1983.................................................................................................................. 1

11 U.S.C. § 943(b)(4).................................................................................................... 10, 11

NOW COME DEBORAH RYAN, WALTER SWIFT, CRISTOBAL MENDOZA and ANNICA CUPPETELLI, interested parties and submit the following Supplemental Brief in accordance with this Court's Order [Dkt. #5235]:

## INTRODUCTION

The above-named interested parties contend that the Debtor's Proposed Plan will severely diminish their rights to receive full compensation for constitutional violations that have injured and damaged them[1]. As such the Plan itself will violate the Fourteenth Amendment, in that it flouts the well-established United States Supreme Court jurisprudence regarding the meaning, policy and purpose of 42 U.S.C. § 1983, which was originally enacted in 1866 -- later known as the Civil Rights Act of 1871 -- in direct response to and contemporaneous with the passage of the Fourteenth Amendment. Indeed, Section 5 of that amendment clearly and directly contemplated Section 1983 and explicitly authorized it.[2]

---

[1] Although filed specifically on behalf of the above-named individual §1983 Plaintiffs, this argument applies to *all* victims of Constitutional violations seeking relief against the City of Detroit pursuant to 42 U.S.C. §1983.

[2] See *Brief in Support of Objections of Petitioners to Amended Plan for Adjustment,f* pp. *Chapter 9 Plan*, pp. 1 and 4 **[Dkt. #4099-2]**.

The above-named interested parties have previously filed briefs in this matter, **[Dkts. # 819-0, #819-4[3], #4099-0, #4099-2][4],** in support of their assertion that the United States Constitution precludes Chapter 9 protection to this Debtor for constitutional violations brought under 42 U.S.C. §1983. This *Supplemental Brief* – to be read in addition to and conjunction with their earlier briefs **[Dkts. # 819, #4099, #4099-2, #4228 and #4608]** – addresses the applicability of Chapter 9 to both individual governmental officers as well as to the Debtor City of Detroit itself.[5]

## ARGUMENT

I. **THE PROVISIONS OF CHAPTER 9 OF THE BANKRUPTCY CODE DO NOT PROTECT OFFICERS SUED IN THEIR INDIVIDUAL CAPACITIES.**

---

[3] Docket #819, *Motion of Deborah Ryan for Relief from Stay*, incorporates and articulates the same arguments regarding the Constitutional issues presently before this Court.

[4] In addition to the pleadings cited above, these parties in interest have also filed with this Court: *Amended "Corrected" Objections* **[Dkt. # 4228]** and *Second Amended Objections* **[Dkt. #4608]**, both in response to the subsequent *Amended Plans for Adjustment* that were filed and both relying on the substantive arguments set forth in their first *Objections.* **[Dkts. #4099 and #4099-2]**.

[5] See, e.g., *Brief in Support of Objections of Petitioners Ryan, Swift, Mendoza and Cuppetelli, Interested Parties, to the Amended Plan for the Adjustment of Debts of the City of Detroit,* Dkt. #4099-2, for more in-depth discussion of the unconstitutionality of the Plan as it applies to the Debtor City of Detroit. This *Supplemental Brief* addresses more the non-dischargeability of the City's

As noted above, the above interested parties RYAN, SWIFT,

MENDOZA and CUPPETELLI, rely on arguments they have made

previously that highlight the unconstitutionality of allowing individual

defendants sued in their individual capacities to shed the responsibility to

answer for their unconstitutional acts by invoking Chapter 9 bankruptcy

protections reserved for municipalities. [**Dkts. #819-0, #819-4, #4099-0,

#4099-2**]. Although still an emerging area of law, courts that have

considered this issue, have held that individually named defendant officers

and officials, sued in their individual capacities, cannot be protected by the

provisions of the Bankruptcy Code. *See Deocampo v. Potts*, No. 2:06-1283,

2014 WL 2118193 (E.D. Cal. 2014) (denying individual police officers'

motion to have §1983 judgments against them discharged by the approval of

the City's Chapter 9 plan of adjustment); *see also Wilson v. City of Vallejo*,

No. 12-00547, 2013 WL 4780742, at *3 (E.D. Cal. Sept. 5, 2013) ("The

City's discharge of its liabilities did not result in discharge of the individual

officers' [§1983] liabilities as well."); *V.W. ex rel. Barber v. City of Vallejo*,

No. 12-1629, 2013 WL 3992403, at *6 (E.D. Cal. Aug. 2, 2013) ("[A]

[§1983] claim against a city official is not essentially one against the City for

bankruptcy discharge purposes, even if state law requires the City to

indemnify the official.").

3

In *Barber,* the court explained that the defendant police officer was being sued for damages in his individual capacity, and that the City's decision to indemnify him was a "purely intramural arrangement." 2013 WL 3992403, at *6 (quoting *Demery v. Kupperman*, 735 F.2d 1139, 1147 (9th Cir. 1984). The court held that the defendant was free to seek indemnification from the municipality, but that the judgment against him was an individual debt accrued in his individual capacity that was not discharged in the City's bankruptcy. *Id.* at *7. And, it did not matter whether any judgment against the individual would or may ultimately come out of the City treasury, given that, as here, the municipal obligation to pay damages "…derives not from the nature of the plaintiff's claim but from an entirely collateral, voluntary undertaking on the part of the…" City of Detroit.

Specifically in the *Ryan* matter, it appears this Court contemplated this scenario in its *Order Granting Relief from the Order Staying Proceedings*, **[Dkt. #2584]**, stating as follows:

> [I]f the Plaintiff obtains a Final Judgment against any Member Defendant in the Lawsuit, [i.e. individual Defendant officers Kozloff or Blackmon], the City acknowledges that the Member Defendant *may* assert a claim against the City for indemnification…[that]..shall be subject to treatment under any confirmed chapter 9 plan of adjustment.

**[Dkt. 2584, p. 3, ¶4** (Emphasis added)]**.**

4

Similarly, as in *Barber*, the individual Defendant officers at issue –

Paavola-Nobliski and Lewandowski in the *Swift* case; Carson, Petty and

Glover in the *Mendoza/Cupetelli* case; and Kozloff and Blackmon in the

*Ryan* case – are all being sued in their individual capacities and are

individually liable to these Petitioners. Thus, while the individual

Defendants may be able to eventually assert an indemnification claim

against the Debtor City of Detroit for payment of at least part of any

judgment against them individually, they are not entitled to have the

judgment itself against them diminished as a matter of law by crouching in

the shadows of the City of Detroit's Chapter 9 filing. To allow such a result

would have the effect of barring these Petitioners – victims of serious

constitutional violations at the hands of these individual law enforcement

officers -- from the protection of the United States Constitution, a protection

denied to no other citizen or non-citizen within the territory of the United

States. *Rasul v. Bush*, 542 U.S. 466 (2004).

## II. ALLOWING THIS DEBTOR AND ITS INDIVIDUAL OFFICERS TO USE MUNICIPAL BANKRUPTCY TO AVOID THE FULL IMPACT OF LIABILITY FOR UNCONSTITUTIONAL ACTS, WOULD EVISCERATE SECTION 1983 OF ITS MEANING AND GOALS OF FULL COMPENSATION AND DETERRENCE.

Congress enacted the Civil Rights Act of 1871, 42 U.S.C. §1983, with

the "goal of compensating the injured" and "preventing official illegality."

*Jaco v. Bloechle*, 739 F.2d 239, 244 (6th Cir. 1984) (internal quotations omitted). In doing so, it clearly established the Federal Government as the guarantor of "the basic federal rights of individuals against incursions by state power." *Patsy v. Bd. of Regents of State of Fla.*, 457 U.S. 496, 503 (1981). The City of Detroit *and* its individual officers -- Defendants Paavola-Nobliski, Lewandowski and Carson in the *Swift* case; Defendants Kozloff and Blackmon in the *Ryan* (*Katie Williams*) case; and Defendants Petty and Glover in the *Mendoza-Cuppetelli* case – each violated the clearly established rights of Walter Swift, Katie Williams, Cristobal Mendoza and Annica Cuppetelli, respectively, as secured under the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution.  As a proximate result of these unconstitutional actions, they caused serious injury, damage and/or death to Swift, Williams, Mendoza and Cuppetelli, respectively.

The court in *Barber* went out of its way to express its concern – indeed, its "alarm" – regarding the serious implications of "exalt[ing] the bankruptcy laws over the civil rights laws (even though the civil rights laws, like the bankruptcy laws, are anchored in the constitution)."[6] *Barber*, 2013 WL 3992403, at *3.  The *Barber* court, however, explicitly

---

[6] For fuller discussion of this issue, see *Brief in Support of Objections of Petitioners Ryan, Swift, Mendoza and Cuppetelli, Interested Parties, to the Amended Plan for Adjustment of Debts of the City of Detroit.* **[Dkt. 4099-2]**

avoided resolving this issue, specifically because neither side briefed it or requested the court to adjudicate the question; rather, much to the *Barber* court's surprise, the plaintiff in that case had "…simply conceded that her claims against the City were discharged in bankruptcy." *Id.*

Unlike the plaintiff in *Barber,* the interested parties herein do not concede that their §1983 claims have been discharged in bankruptcy and request that this Honorable Court address this issue and resolve it in their favor.

To allow this Debtor and these individual Defendants herein to manipulate the City of Detroit's financial problems so as to be immunized for their unconstitutional actions, renders § 1983 and the Constitution essentially inoperative – i.e. suspended -- in the City of Detroit. Swift, Williams, Mendoza and Cuppetelli would be denied their Constitutional right to full compensation for their losses and all those who come to Detroit will face a police force operating with judicially sanctioned impunity from their Constitutional obligations.

**A. The Constitution Will Be Neither Vindicated Nor Upheld If These Interested Parties Lose Their Rights To Full Compensation For Constitutional Deprivations, Inflicted By The City Of Detroit, Paavola-Nobliski, Lewandowski, Carson Petty, Glover, Kozloff And Blackmon.**

The United States Supreme Court in *Owen v. City of Independence,*

7

*Mo.*, 445 U.S. 622, 651 (1980) stated that:

> A damages remedy against the offending party is a *vital component* of any scheme for vindicating cherished constitutional guarantees, and the importance of assuring its efficacy is only accentuated when the wrongdoer is the institution that has been established to protect the very rights it has transgressed.   [Emphasis added].

Two years earlier in *Carey v. Piphus*, 435 U.S. 247 (1978), the Supreme Court noted that when Congress provided for the award of damages under §1983, it was as an important deterrent to the deprivation of constitutional rights. *Id.* at 254, 256-7.   *See also In re Todd*, 65 B.R. 249, 254 (Bankr. N.D. Ill. 1986) (noting that "§ 1983 is an integral part of the broader congressional scheme for honoring Fourteenth Amendment rights," the protection of which "lies at the very essence of American constitutional government," and therefore "… bankruptcy courts should be reluctant further to weaken the effectiveness of § 1983…").

Judicial access must be "adequate, effective, and meaningful." *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)).  In *Vasquez*, the Seventh Circuit explained that when the right to seek redress is "render[ed] hollow, constitutional rights are undoubtedly abridged." *Id.*

Petitioners herein, Swift, Ryan, Mendoza and Cuppetelli – as well as every single victim of constitutional violations within the City of Detroit

8

who has asserted their rights under §1983 -- now face the prospect that any

award against or settlement with the City of Detroit will be dramatically

diminished virtually out of existence[7] and that their claims against those who

violated their rights will similarly be shrunk into non-existence. This would

leave those responsible for egregious violations of the constitution – causing,

for example, the death of one claimant (Williams) and the unjustifiable 26-

year incarceration of another (Swift) -- constitutionally unaccountable for

the significant repercussions of their actions.

### B. Affording The Debtor and Its Individual Officers Chapter 9 Protection Frustrates the Policy and Goal of Deterrence Afforded by Section 1983 and Grants the City of Detroit and Its Police Officers Impunity.

The Supreme Court in *Carey v Piphus* stated that:

> To the extent that Congress intended that awards under § 1983 should deter the deprivation of constitutional rights, there is no evidence that it meant to establish a deterrent more formidable than that inherent in the award of compensatory damages.

435 U.S. at 256-7; *see also Owen*, *supra* at 651 (wherein it was again made

clear stating that § 1983 was intended not only to provide compensation to

victims of past abuses, but to serve as a deterrent against future

constitutional deprivations as well). Section 1983 can only serve the

---

[7] According to the current *Disclosure Statement* **[Dkt. 4391]**, the currently proposed "formula" for compensating victims of constitutional violations under 42 U.S.C §1983, is between 10-13% of their "liquidated value." *Id.* at p. 41.

9

13-53846-tjwr Doc 5690 Filed 06/30/14 Entered 06/30/14 15:07:34 Page 12 of 16

deterrent function Congress intended for it if the municipalities and individuals responsible for constitutional deprivations are able to be held actually accountable for the gravity and implications of their actions. *Cf. City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 270 (1981) (noting the important deterrent effect that §1983 damages remedies provide).

If the City of Detroit and its police officers are able to avoid the real consequences of a finding of liability, a crucial purpose of the Civil Rights Act will be undermined and the Fourteenth Amendment will be thwarted.

## III. EVEN IF FOUND CONSTITUTIONAL, ALLOWING MUNICIPALITIES AND THEIR INDIVIDUAL OFFICERS TO DIMINISH THEIR FINANCIAL RESPONSIBILITY FOR §1983 VIOLATIONS WOULD VIOLATE THE BANKRUPTCY CODE ITSELF.

The Bankruptcy Code, at 11 U.S.C. § 943(b)(4), provides that the bankruptcy court shall only confirm a plan of adjustment "if the debtor is not prohibited by law from taking any action necessary to carry out the plan." The authors of Chapter 9 clearly contemplated the potential of conflict with other statutes, and sought to provide deference to laws that a plan of adjustment would otherwise require a debtor to violate.

In *Matter of Sanitary & Imp. Dist., No. 7*, 98 B.R. 970 (Bankr. D.

10

Neb. 1989), the court interpreted § 943(b)(4) to require that a plan of

adjustment that caused the debtor to contravene state law, be rejected. In

these cases, to allow a municipality and its individual officers protection

from full liability under 42 U.S.C. §1983 – including the full impact of

compensatory damages, punitive damages and §1988 attorney's fees – for

their violations of the United States Constitution, would serve to create the

very kind of conflict between Chapter 9 and the Civil Rights Act of 1871that

11 U.S.C. § 943(b)(4) is written and designed to prevent. Accordingly,

Chapter 9 must be read more narrowly, so as to exempt claims brought

under 42 U.S.C. §1983 and thereby avoid this conflict.

## CONCLUSION

For this Court to allow the vindication of these Petitioners'

constitutional rights to be diminished, in contravention of the long held

requirement under 42 U.S.C. §1983 of full compensation for injuries caused

by constitutional violations, is to not only diminish the rights of Petititioners

Swift, Ryan, Mendoza and Cuppetelli, but is also to diminish the rights of all

such victims and to weaken the Constitution of the United States itself. As

the Supreme Court in *Mitchum v. Foster,* 407 U.S. 225 (1972) so eloquently

articulated:

> The very purpose of section 1983 was to interpose the federal courts
> between the States and the people, *as guardians of the people's*

13-53846-tjt  Doc 5690   Filed 06/30/14   Entered 06/30/14 15:07:34   Page 14 of 16
13-53846-swr  Doc 5469   Filed 06/15/14   Entered 06/15/14 15:03:10   Page 14 of 16

*federal rights – to protect the people from unconstitutional action under color of state law.*

*Id.* at 242. [Emphasis added].

Since the award of money damages is the single most effective tool to ensure such protection, to allow the Debtor City of Detroit or its individual officers to avoid fully compensating these Petitioners would undermine the entire federal purpose of §1983.

Consequently, the above-named Petitioners urge this Court to determine that the *Proposed Plan of Adjustment*, to the extent that it diminishes and/or impairs their claims in any way, violates the Constitution of the United States and/or promotes an unacceptable conflict between Chapter 9 and the Civil Rights Act. These Petitioners therefore ask this Court to hold that the Proposed Plan, insofar as it includes the reduction and evisceration of §1983 claimants' damages claims, is unconstitutional and therefore invalid, as it may apply to them and their claims.

Respectfully submitted,

**GOODMAN & HURWITZ, P.C.**
By: */s/William H. Goodman*
William H. Goodman P14173
Julie H. Hurwitz P34720
1394 E. Jefferson Ave.
Detroit, MI 48207
313-567-6170

12

bgoodman@goodmanhurwitz.com
*Attorneys for Deborah Ryan, Walter Swift, Cristobal Mendoza and Annica Cuppetelli*

Dated: June 30, 2014

13