# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---------------------------------------------------------

In re                                                    Chapter 9

CITY OF DETROIT, MICHIGAN,                               Case No. 13-53846

           Debtor.                          Hon. Steven W. Rhodes

--------------------------------------------------------/

### *EX PARTE* MOTION, FOR LEAVE TO FILE A SECOND SUPPLEMENTAL BRIEF OF RYAN, SWIFT, MENDOZA AND CUPPETELLI, INTERESTED PARTIES/§1983 PLAINTIFFS, IN SUPPORT OF THEIR OBJECTIONS PREVIOUSLY FILED [Dkts. #4099, #4228, #4608, #5690]  ON THE CONSTITUTIONALITY OF ALLOWING THE DIMINISHMENT OF THE FUNDAMENTAL RIGHT TO A DAMAGES REMEDY FOR THE VIOLATION OF CONSTITUTIONAL RIGHTS

NOW COME Interested Parties/§1983 Plaintiffs WALTER SWIFT,

DEBBIE RYAN, CRISTOBAL MENDOZA and ANNICA CUPPETELLI

(hereafter "**Plaintiffs**"), by and through their counsel, seeking leave of this Court

to file a *Second Supplemental Brief* in response to the issues raised at the hearing

held on July 16, 2014, as well as to the *United States of America's Brief in*

*Response to Order of Certification Pursuant to 28 U.S.C. §2403(a)* [**Dkt. #6664**].

In support of their *Motion,* Plaintiffs state the following:

    1.    Plaintiffs have previously objected to the Debtor's proposed Plan of

Adjustment insofar as it violates the United States Constitution by diminishing and

depleting the fundamental right to a remedy for the violation of Constitutional rights, pursuant to 42 U.S.C. § 1983 [*See* **Dkts. #819, #4099, #4228, #4608 and #5690**].

2.     At the July 16, 2014 hearing regarding these objections, the Court raised questions fundamental to its decision of whether or not allowing the discharge of debts arising from unconstitutional conduct by municipalities and their officers violates the Fourteenth Amendment.

3.     The Court sought clarification about the following questions:

a.  The extent to which the right to seek damages for the violation of one's constitutional rights flows directly from the Constitution;

b.  What it means for an individual officer to be acting in his "individual capacity" within the context of liability for unconstitutional conduct; and

c.  What effect a municipality's required indemnification of an individual officer has on a § 1983 judgment against that officer that is otherwise not dischargeable under Chapter 9.

4.     The Court has previously recognized the seriousness of these Constitutional questions, asking the United States Attorney General to file a brief on this issue. [**Dkt. #5925**].

5.     On August 12, 2014, the Attorney General filed a brief [*United States of America's Brief in Response to Order of Certification Pursuant to 28 U.S.C.*

2

13-53846-tjt  Doc 8768  Filed 12/15/14  Entered 12/15/14 14:42:58  Page 2 of 27
13-53846-swr  Doc 6768  Filed 08/15/14  Entered 08/15/14 15:45:16  Page 2 of 27

*§2403(a),* **Dkt. #6664**], which fails both to adequately address the questions that are of primary concern regarding this issue or to analyze the full impact of the history of Supreme Court jurisprudence emphasizing the importance of protecting individuals' fundamental right a remedy in the face of harms caused by violations of the Constitution.

6.      The Attorney General's brief offers only a superficial overview of the relationship between § 1983 and the Constitution, without serious consideration of the important distinction between the *right to a remedy* -- as embodied in the Constitution and as acknowledged by the U.S. Supreme Court (*see, e.g. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971) -- and the *vehicle through which that right* is to be carried out in the federal courts (i.e. 42 U.S.C. § 1983).

7.      By failing to address, or even consider, the Constitutional source of the damages remedy for enforcing Constitutional rights, the Attorney General's brief presents a troubling analysis of the rights and remedies available to people who have suffered constitutional deprivations at the hands of municipalities and their officers, incorrectly asserting that the right to vindicate constitutional deprivations exists only by "legislative grace." [**Dkt. #6664, pg. 4**]. On the contrary, as set forth in their proposed *Second Supplemental Brief*, the plain language from seminal Supreme Court § 1983 cases demonstrates that enforcement

3

13-58846-tjt  Doc 8795  Filed 12/15/14  Entered 12/15/14 15:14:58  Page 3 of 27
13-53846-swr  Doc 6795  Filed 08/15/14  Entered 08/15/14 14:45:36  Page 3 of 27

of the Constitution through a damages cause of action is not dependent on the existence of 42 U.S.C. § 1983.

8.     As such, the Attorney General's brief disappointingly abdicates its responsibility for ensuring the protection of the Constitution of the United States.

9.     Plaintiffs thus request this Court's permission to offer additional guidance critical to its decision on this important and novel issue of law by allowing them to file their *Second Supplemental Brief* (proposed *Brief* attached hereto as Exh. 3] and to respond to the alarming proposition that those who suffer deprivations of their Constitutional rights at the hands of officers of the state have no Constitutionally grounded right to vindicate these deprivations.

10.     Plaintiffs further seek to elaborate on the issue of individual liability for unconstitutional conduct to clarify that, based on the pertinent language from applicable cases, even when a municipality is or may be required to indemnify an individual officer, a § 1983 judgment against that officer is not dischargeable under Chapter 9.

11.     It is plainly within the Court's discretion to allow the Plaintiffs to file a supplemental brief to fully address the questions and arguments raised. *See Khalil v. Transunion, LLC*, CIV. 08-10303, 2009 WL 804165 at *1 (E.D. Mich. Mar. 25, 2009) ("[I]n order to permit the parties to fully present their arguments,

4

13-53846-tjt  Doc 8769-5  Filed 12/15/14  Entered 12/15/14 15:14:58  Page 4 of 27
13-53846-swr  Doc 8769-5  Filed 08/15/14  Entered 08/15/14 15:45:56  Page 4 of 27

the Court will, in its discretion, permit the submission of the plaintiff's supplemental brief.").

12.     Attached hereto as Exhibit 3, is the Plaintiff's *Proposed Second Supplemental Brief*, which the Plaintiffs seek to file with the Court's permission.

Plaintiffs respectfully request that the Court exercise its discretion and afford them the opportunity to respond to the Attorney General's brief **[Dkt. #6664]** and to provide supplemental information critical to resolving this Court's questions raised at the July 16, 2014 hearing on this novel issue of law.

## <u>CONCLUSION</u>

WHEREFORE, Plaintiffs respectfully requests that the Court enter an order granting Plaintiffs' motion for leave to file its supplemental brief.

Respectfully submitted,

**GOODMAN & HURWITZ, P.C.**

By: <u> /s/William H. Goodman</u>
William H. Goodman   P14173
1394 E. Jefferson Ave.
Detroit, MI 48207
313-567-6170
bgoodman@goodmanhurwitz.com
*Attorneys for Deborah  Ryan, Walter Swift,*
*Cristobal Mendoza  and Annica Cuppetelli*

Dated:  April 15, 2014

5

13-53846-tjt  Doc 8795  Filed 12/15/14  Entered 12/15/14 15:14:58  Page 5 of 27
13-53846-swr  Doc 6758  Filed 08/15/14  Entered 08/15/14 15:45:56  Page 5 of 27

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with

Local Rule 9014-1(b):


Exhibit 1          Proposed Form of Order

Exhibit 2          None [Motion Seeks *Ex Parte* Relief]

Exhibit 3          None [Brief Not Required]

Exhibit 4          Certificate of Service

Exhibit 5          None [No Affidavits Filed Specific to this Motion]

Exhibit 6          Second Supplemental Brief Of Ryan, Swift, Mendoza And
                   Cuppetelli, Interested Parties/§1983 Plaintiffs, In Support Of
                   Their Objections Previously Filed [Dkts. #4099, #4228, #4608,
                   #5690] On The Constitutionality Of Allowing The
                   Diminishment Of The Fundamental Right To A Damages
                   Remedy For The Violation Of Constitutional



# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---

In re                         Chapter 9

CITY OF DETROIT, MICHIGAN,       Case No. 13-53846

              Debtor.         Hon. Steven W. Rhodes

-----------------------------------------------------

**ORDER GRANTING *EX PARTE* MOTION OF RYAN, SWIFT, MENDOZA AND CUPPETELLI, INTERESTED PARTIES/§1983 PLAINTIFFS, IN SUPPORT OF THEIR OBJECTIONS PREVIOUSLY FILED [Dkts. #4099, #4228, #4608, #5690] FOR LEAVE TO FILE A SECOND SUPPLEMENTAL BRIEF REGARDING THE ISSUES RAISED AT THE JULY 16, 2014 HEARING AND SUBSEQUENTLY ADDRESSED BY THE U.S. ATTORNEY GENERAL'S OFFICE [DOCKET NO. 6664] ON THE CONSTITUTIONALITY OF ALLOWING THE DIMINISHMENT OF THE FUNDAMENTAL RIGHT TO A REMEDY FOR THE <u>VIOLATION OF CONSTITUTIONAL RIGHTS.</u>**

This matter coming before the Court on the *Ex Parte Motion Of Ryan, Swift, Mendoza And Cuppetelli, Interested Parties/§1983 Plaintiffs, In Support Of Their Objections Previously Filed [Dkts. #4099, #4228, #4608, #5690] For Leave To File A Second Supplemental Brief Regarding The Issues Raised At The July 16, 2014 Hearing And Subsequently Addressed By The U.S. Attorney General's Office [Docket No. 6664] On The Constitutionality Of Allowing The Diminishment Of The Fundamental Right*

*To A Remedy For The Violation Of Constitutional Rights,* (the "Motion")[1],

filed by the Interested Parties/§1983 Plaintiffs WALTER SWIFT, DEBBIE

RYAN, CRISTOBAL MENDOZA and ANNICA CUPPETELLI (the

"Interested Parties"); the Court having reviewed the Motion; the Court

finding that: (a) the Court has jurisdiction over this matter pursuant to 28

U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C.

§ 157(b); and (c) good cause for the relief requested in the motion has been

established;

IT IS HEREBY ORDERED THAT:

1.     The Motion is GRANTED.

2.     The deadline to file the Second Supplemental Brief is August

15, 2014.


Dated:_____     _____
                              United States Bankruptcy Judge


---

[1] Capitalized terms not otherwise defined herein have the meanings given to
them in the Motion.

**EXHIBIT 2**

# **EXHIBIT 2**

None [Motion Seeks *Ex Parte* Relief]

**EXHIBIT 3**

**EXHIBIT 3**

None [Brief Not Required]



# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re                               Chapter 9

CITY OF DETROIT, MICHIGAN,         Case No. 13-53846

                 Debtor.            Hon. Steven W. Rhodes

-------------------------------------------------------

## <u>CERTIFICATE OF SERVICE</u>

     I, William H. Goodman, hereby certify that the foregoing *EX PARTE MOTION OF RYAN, SWIFT, MENDOZA AND CUPPETELLI, INTERESTED PARTIES/§1983 PLAINTIFFS, IN SUPPORT OF THEIR OBJECTIONS PREVIOUSLY FILED [Dkts. #4099, #4228, #4608, #5690] FOR LEAVE TO FILE A SECOND SUPPLEMENTAL BRIEF REGARDING THE ISSUES RAISED AT THE JULY 16, 2014 HEARING AND SUBSEQUENTLY ADDRESSED BY THE U.S. ATTORNEY GENERAL'S OFFICE [DOCKET NO. 6664] ON THE CONSTITUTIONALITY OF ALLOWING THE DIMINISHMENT OF THE FUNDAMENTAL RIGHT TO A REMEDY FOR THE VIOLATION OF CONSTITUTIONAL RIGHTS*, was filed and served via the Court's electronic case filing and noticing system on the 15th day of August 2014.

                                 */s/ William H. Goodman*
                                   William H. Goodman

**EXHIBIT 5**

## EXHIBIT 5

None [No Affidavits Filed Specific to this Motion]



## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

In re

CITY OF DETROIT, MICHIGAN,

                     Debtor.

Chapter 9

Case No. 13-53846

Hon. Steven W.  Rhodes

--------------------------------------------------------

# SECOND SUPPLEMENTAL BRIEF OF RYAN, SWIFT, MENDOZA AND CUPPETELLI, INTERESTED PARTIES/§1983 PLAINTIFFS, IN SUPPORT OF THEIR OBJECTIONS PREVIOUSLY FILED [Dkts. #4099, #4228, #4608, #5690] ON THE CONSTITUTIONALITY OF ALLOWING THE DIMINISHMENT OF THE FUNDAMENTAL RIGHT TO A DAMAGES <u>REMEDY FOR THE VIOLATION OF CONSTITUTIONAL RIGHTS</u>

# TABLE OF CONTENTS

INDEX OF AUTHORITIES .................................................................................... ii

INTRODUCTION ............................................................................................1

ARGUMENT ........................................................................................... 3-11

I.  No Right Without A Remedy: The Enforcement Of The Constitution
    Through A Damages Cause Of Action For The Violation Of One's
    Constitutional Rights Is Not Dependent On The Existence Of
    42 U.S.C. §1983 ........................................................................................3

    A. §1983 Is Nothing More Than A Vehicle For Enforcing Rights
       That Emanate Directly From The Constitution. .........................................3

    B. The Right To Vindicate Constitutional Deprivations
       Through Compensation Is Embodied In The Constitution
       And Acknowledged By The Supreme Court .............................................4

II. §1983 Liabilities Incurred By Individual Officers When Acting In Their
    Individual Capacity – As Opposed To "Official Capacity" – Are Not
    Dischargeable Under Chapter 9, Regardless of Municipal Indemnification.  8

III. The Attorney General's Recommendation That This Court Bar The
     Discharge Of Just Compensation Claims Should Also Be Applied To
     Constitutional Compensation Claims ........................................................11

CONCLUSION ...........................................................................................12

# TABLE OF AUTHORITIES

## CASES

*Baker v. McCollan*, 443 U.S. 137 (1979) ................................................................. 4

*Bell v. Hood,* 327 U.S. 678 (1946) ............................................................................ 6

*Bivens v. Six Unnamed Agents of Federal Bureau of Narcotics*

    403 U.S. 388 (1971) ....................................................................... 3, 4, 5, 6, 7

*Bounds v. Smith*, 430 U.S. 817 (1977) .................................................................... 7

*Kentucky v. Graham*, 473 U.S. 159 (1985) ......................................................... 7, 9

*Monroe v. Pape,* 365 U.S. 167 (1961) ............................................................. 3, 4, 5

*Monell v. Department of Social Services of City of New York,*

    436 U.S. 658 (1978) ................................................................... 3, 6, 7, 9

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (1977) ................. 7

*Owen v. City of Independence, Mo.*, 445 U.S. 622 (1980) ...................................... 7

*V.W. ex rel. Barber v. City of Vallejo,* 2013 WL 3992403

    (E.D. Cal. Aug. 2, 2013) ....................................................... 2, 8, 9, 10

*Vasquez v. Hernandez*, 60 F.3d 325 (7th Cir. 1995) .............................................. 7

## STATUTES

14th Amendment .......................................................................................................... 4

11 U.S.C. §944(c)(1) .............................................................................................. 11

42 U.S.C. §1983 ............................................................................................. *passim*

**Introduction**

Interested parties/§1983 Plaintiffs WALTER SWIFT, DEBBIE RYAN,

CRISTOBAL MENDOZA and ANNICA CUPPETELLI [hereafter "Plaintiffs"]

have previously objected to the Debtor's proposed Plan of Adjustment for the

reason that it violates the United States Constitution by diminishing and depleting

the fundamental right to a remedy for the violation of Constitutional rights,

pursuant to 42 U.S.C. §1983. [*See* **Dkts. #819, #4099, #4228, #4608 and #5690**].

On July 16, 2014, this Court heard oral argument regarding these Objections,

focusing specifically on whether or not the dischargeability of debts arising from

unconstitutional conduct by municipalities and their officers violates the

Fourteenth Amendment. Plaintiffs respectfully, but strenuously, assert that it

does.

Based on the most logical reading of the Supreme Court jurisprudence and

the legislative history, neither the municipality-debtor's debt nor the individual

officers' respective debts are dischargeable. In any event, as Plaintiffs have also

briefed and argued before this Court, notwithstanding the *municipality*'s direct

liability for its customs, policies and practices, and whether such debt is

dischargeable under Chapter 9 of the Bankruptcy Code, there is clear precedent

that Chapter 9 does *not* discharge the individual liability of municipal officers who

engage in unconstitutional conduct which causes harm, regardless of whether such

a judgment would ultimate come out of the municipal treasury through indemnification of the officer. *See V.W. ex rel. Barber v. City of Vallejo,* 2013 WL 3992403, at *6 (E.D. Cal. Aug. 2, 2013); *see also* Plaintiffs' *Supplemental Brief in Support of Their Objections,* **Dkt. #5690**, pp. 2- 5.

On July 11, 2014, this Court issued a formal request to the United States Attorney General, requesting that his office file a brief to address the issue of whether Chapter 9 is "unconstitutional if it allows the discharge or impairment of … claims under 42 U.S.C. §1983," by or before August 13, 2014. [**Dkt. 5925].** On August 12, 2014 the Attorney General filed a brief which fails both to adequately address the questions that are of primary concern regarding this issue or to analyze the full impact of the history of Supreme Court jurisprudence emphasizing the importance of protecting individuals' fundamental right to a remedy in the face of harms caused by violations of the Constitution. [**Dkt. #6664**].

At the July 16, 2014 hearing, the following two questions arose, which Plaintiffs now further address directly:

1) To what extent does the right to seek damages for the violation of one's constitutional rights flow directly from the Constitution, as opposed to being exclusively statutory in origin; and

2) What does it mean for an individual officer to be liable under §1983 when acting in his "individual capacity" as opposed to his "official capacity," and, to the extent that a §1983 judgment against an individual

officer acting in his individual capacity is not dischargeable under
Chapter 9, what happens when a Chapter 9 municipality is required to
indemnify said officer?

In offering guidance to this Court on the two aforementioned questions,
these Plaintiffs submit a brief overview of the three seminal Supreme Court cases
that provide the foundation for all §1983 litigation and its applicability to the rights
fundamentally protected by the United States Constitution: *Monroe v. Pape,* 365
U.S. 167 (1961); *Bivens v. Six Unnamed Agents of Federal Bureau of Narcotics,*
403 U.S. 388 (1971); and *Monell v. Department of Social Services of City of New
York,* 436 U.S. 658 (1978). It is noteworthy that the Attorney General's *Brief*
**[Doc. #6664]**, in its wholesale and perfunctory rejection of the principles asserted
by Plaintiffs, neither cites nor analyzes either *Monroe* nor *Bivens*, two of the three
most oft-cited cases for understanding the parameters and scope of the §1983
damages remedy as it emanates directly from the Constitution. Equally significant
is that the Attorney General's brief is completely silent regarding the question of
the non-dischargeability under Chapter 9 of the § 1983 claims asserted against the
individual officers in their individual capacities.

I.  **No Right Without A Remedy: The Enforcement of The Constitution
    Through A Damages Cause of Action For the Violation of One's
    Constitutional Rights is Not Dependent on the Existence of 42 U.S.C.
    §1983.**

    A.  **§1983 Is Nothing More Than A Vehicle For Enforcing Rights That
        Emanate Directly From The Constitution.**

The Attorney General's brief is correct in its statement that §1983 does not create substantive rights [**Dkt. #6664, pp. 4-5**], but is completely incorrect in its shallow conclusion that the right to seek damages does not flow directly from the Constitution. Indeed, the Attorney General's brief cites *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979), [**Dkt. #6664, p.4**], while ignoring that in *Baker,* the Supreme Court made clear that §1983 is a *vehicle* for vindicating rights *emanating from the Constitution. Id.* What the Attorney General fails to seriously consider is the important distinction between the *right to a remedy,* as embodied in the Constitution – and as acknowledged by the U.S. Supreme Court (*see, e.g.* **Bivens, 403 U.S. 388), --** and the *vehicle through which that right* is to be carried out in the federal courts, (i.e. 42 U.S.C. §1983).

### B. The Right To Vindicate Constitutional Deprivations Through Compensation Is Embodied In The Constitution And Acknowledged By The Supreme Court.

In *Monroe v. Pape,* 365 U.S. 167 (1961), the Supreme Court held that individuals have a private right of action for damages as a remedy when their Constitutional rights are violated. The Court relied on the legislative history of 42 U.S.C. §1983, noting §1983 is " a part of the Constitution," vis-à-vis the 14th Amendment. *Id.* at 171. That is, when §1983 was first enacted as §1 of the Ku Klux Klan Act of 1871 it was "…one of the means whereby Congress exercised the power vested in it by §5 of the 14th Amendment to enforce the provisions of

that Amendment." *Id*. The *Monroe* Court, in holding that persons subjected to a violation of their constitutional rights have a direct private right of action, quoted the 1871 chairman of the Senate Judiciary Committee, Senator Edmunds, as follows:

> "The first section is one that I believe nobody objects to, as defining the rights secured by the Constitution of the United States when they are assailed by any State law or under color or any State law, and **it is merely carrying out the principles of the civil rights bill, which has since become a part of the Constitution, viz., the Fourteenth Amendment.**"

*Id.* (Emphasis added.)

Ten years after *Monroe* was decided, in 1971, a victim of an unconstitutional search and seizure by Federal narcotics officers – in violation of the Fourth Amendment – brought suit directly under the Constitution to recover damages. *Bivens v. Six Unnamed Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).* Because §1983 applies only to conduct committed "under color of state law," the lower courts rejected the plaintiff's claims, holding that there was no legal remedy for the violation of Constitutional rights committed under color of *federal* law. However, the United States Supreme Court overruled the lower courts, holding that a cause of action for money damages arises directly under the Constitution. The Court held that despite the absence of a specific statutory basis for such an action, and despite the fact that:

> …the Fourth Amendment does not in so many words provide for its enforcement by an award of money damages for the consequences of its

violation… '**it is *** well settled that where legal rights have been invaded, and a federal statute provides for the general right to sue for such an invasion, federal courts may use any available remedy to make good the wrong done**.'

*Id.,* at 396, [quoting *Bell v. Hood,* 327 U.S. 678, at 684 (1946)]. (Emphasis added.)

The *Bivens* Court further held:

> The question is merely whether petitioner, if he can demonstrate an injury consequent upon the violation by federal agents of his Fourth Amendment rights, is entitled to redress his injury through a particular remedial mechanism normally available in the federal courts. [Citations omitted]
>
> 'The **very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury**.' Marbury v. Madison, 1 Cranch 137, 163, 2 L.Ed. 60 (1803). Having concluded that petitioner's complaint states a cause of action under the Fourth Amendment … we hold that **petitioner is entitled to recover money damages for any injuries he has suffered as a result of the agents' violation of the Amendment**.

*Id.* at 397. (Emphasis added.)

Finally, in 1978, the ground-breaking case of *Monell v. Department of Social Services of New York,* 436 U.S. 658 (1978) was decided, in which the Supreme Court held that municipalities as well as individuals were subject to liability for the violation of the constitution when such conduct was committed pursuant to a "custom, policy or practice" of the municipality or to the conduct of an "official policymaker."[1]

---

[1] The distinction between a municipal officer acting in his "individual capacity," on the one hand, and in his "official capacity" on the other, within the meaning of Constitutional jurisprudence and §1983, has to do with whether at the time of the

The Court devoted many pages of its opinion in *Monell* to a comprehensive legislative history and statutory analysis of §1983 as it applies to the remedial scheme for enforcing one's rights under the U.S. Constitution, and particularly, the extent to which a municipality may be considered a "person" within the meaning of §1983 in order to trigger its liability for the violation of the Constitution. In his concurring opinion, Justice Powell essentially admitted that "…if we continued to adhere to a rule of absolute municipal immunity under §1983, we could not long avoid the question whether 'we should, by analogy to our decision in *Bivens*... imply a cause of action directly from the Fourteenth Amendment which would not be subject to the limitations contained in §1983…'" *Id.* at 712 (quoting *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).

As Plaintiffs have previously argued [**Dkt. #5690**], the Supreme Court in *Owen v. City of Independence, Mo.*, 445 U.S. 622, 651 (1980) stated that "a damages remedy against the offending party is a vital component of any scheme for vindicating cherished constitutional guarantees." Judicial access must be "adequate, effective, and meaningful." *Vasquez v. Hernandez*, 60 F.3d 325, 328 (7th Cir. 1995) (quoting *Bounds v. Smith*, 430 U.S. 817, 822 (1977)). In *Vasquez*,

conduct in question, the actor was acting solely as a "municipal officer" or rather as the "municipality" itself. The former situation applies to "individual capacity" cases and the latter applies to "official capacity" cases. Only in the latter situation is the municipality itself held liable under *Monell. See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

the Seventh Circuit explained that when the right to seek redress is "render[ed] hollow, constitutional rights are undoubtedly abridged." *Id.* Here, as the Debtor City of Detroit proposes to dramatically and overwhelmingly slash the recovery available to victims of constitutional deprivations–including loss of life–to a mere 10% of what is owed paid out over a 30-year period [**Dkt. #4391, pgs. 41, 62**], the proposed Plan of Adjustment renders the right to judicial access hollow and abridges *constitutional*, not statutory, rights.

Consequently, it is apparent that, despite the specific statutory basis for seeking damages relief for harm caused by the violation of one's Constitutional rights pursuant 42 U.S.C. §1983, that statutory basis is simply a jurisdictional vehicle for federal courts to assert jurisdiction over state actors. It is not the basis of the right itself. The right, and the remedy with which to enforce that right, originates with the Constitution, and the Constitution alone.

## II.    §1983 Liabilities Incurred By Individual Officers When Acting In Their Individual Capacity – As Opposed To "Official Capacity" – Are Not Dischargeable Under Chapter 9, Regardless of Municipal Indemnification.

In their previous brief to this Court [*Supplemental Brief in Support of Their Objections* **Dkt. #5690, pp. 2-5**], these Plaintiffs discussed the court's holding in *V.W. ex rel Barber v. Vallejo,* 2013 WL 3992403 (E.D. Cal. 2013), i.e. that individual capacity §1983 liabilities are not dischargeable in Chapter 9. The Attorney General's silence on this issue strongly suggests that this conclusion is

indisputable.  It is instructive, however, to explore the *Barber* court's analysis a little more closely in light of this Court's questions from the July 16 hearing. As already discussed in Plaintiffs' *Supplemental Brief* **[Dkt. #5690],** it is axiomatic that the individual Defendant officers' potential liabilities for their violations of these respective Plaintiffs' Constitutional rights are not claims against the Debtor City of Detroit.   That is, "…a personal capacity Section 1983 claim against a public official is not a claim against the employing public entity." *Id.,* at *6.  In *Kentucky v. Graham,* the Supreme Court further elucidated on this important distinction as follows:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law…[while] …official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'

*Graham*, 473 U.S. at 166 (quoting *Monell*, 436 U.S. at 690, n. 55).

Also, when an officer is sued in his individual capacity under §1983, his actions must have been taken under color of state law, and such individual capacity suits are not, as Debtor's counsel at the July 16, 2014 hearing misstated, for actions taken outside the scope of the officer's employment. To be clear, each Plaintiff represented here is suing individual officers in their individual capacities for actions taken within the scope of their authority and under color of state law.

Thus, as also pointed out by the *Barber* court, with respect to the potential indemnification of these officers, the City's potential obligation to pay a judgment

against said individuals "…*does not derive from the nature of the plaintiff's*

[§1983] *claim.* **Rather, [the individual] defendant is being sued 'for damages**

**for which…the United States has made them individually liable.'** [citation

omitted]." *Id.* (Emphasis added.) The *Barber* court further held:

> [A] claim against a City official is not essentially one against the City for
> bankruptcy discharge purposes, even if state law requires the City to
> indemnify the official.

*Id.*

Finally, it was suggested by the Debtor at the July 16 hearing that simply

because the individual officers may be indemnified, any claims against them must

be treated the same as those directly against the City under Chapter 9. The *Barber*

court dispels this notion as follows:

> Defendant asks this court to overlook the fact that "indemnification" is a
> claim separate and apart from the Section 1983 liability claim that underlies
> it. [fn omitted] **Plaintiff here is suing defendant for a civil rights**
> **violation, not for indemnification. It is the defendant who may choose to**
> **sue the City for indemnification, if he is found liable in this lawsuit, and**
> **if the City declines to defend him or pay the judgment**. [fn omitted] It is
> at that point that a court might have to determine if defendant's claim-for
> indemnity-was discharged in bankruptcy.

*Id.* at *7. (Emphasis added.)

Similarly, in this case, this Court is not presented with an action for

indemnification by either the Petitioners or any of the individual Defendants;

rather, the question of indemnification – or not – is properly left to another day. At

this time, however, these individual officers, all sued in their "individual

capacities" for the violation of Petitioners' constitutional rights while acting in their respective capacities as officers of the Detroit Police Department, must not be immunized for their culpable unconstitutional misconduct by having their individual liabilities discharged in their employer's bankruptcy.

III. **The Attorney General's Recommendation That This Court Bar The Discharge Of Just Compensation Claims Should Also Be Applied To Constitutional Compensation Claims.**

Finally, Plaintiffs address a point raised by the Attorney General in regard to an issue never previously asserted by these Plaintiffs. Contrary to footnote 3 in the Attorney General's *Brief*, **[Dkt. #6664, p.5]**, Plaintiffs at no point have asserted a Fifth Amendment Takings argument, because none of them have received final judgments. However, just as the Justice Department found that U.S.C. 11 §944(c)(1) of the Bankruptcy Code should be read narrowly to bar the discharge of just compensation claims and avoid a constitutional question, this Court should similarly read U.S.C. 11§944(c)(1) to bar the discharge of claims for damages stemming from constitutional deprivations that have not yet reached final judgment or settlement. As the Attorney General notes, Plaintiffs here do not request that this Court declare Chapter 9 unconstitutional; rather, they request that this Court safeguard their constitutional right to compensation that vindicates the deprivations of their constitutional rights that they have suffered.

**Conclusion**

For all the reasons set forth above, and in their previously filed briefs on this issue, these Petitioners/§1983 Plaintiffs WALTER SWIFT, DEBBIE RYAN, CRISTOBAL MENDOZA and ANNICA CUPPETELLI respectfully request that their Constitutional right to a full and complete remedy for the violation of their underlying Constitutional rights be protected.  As such, the above-named Plaintiffs urge this Court to determine that the Proposed Plan of Adjustment, to the extent that it diminishes and/or impairs their claims in any way, violates the Constitution of the United States and/or promotes an unacceptable conflict between Chapter 9 and the Civil Rights Act. These Plaintiffs therefore ask this Court to hold that the Proposed Plan, insofar as it includes the reduction and severe diminshment of §1983 claimants' damages claims, is unconstitutional and therefore invalid, as it may apply to them and their claims.

Respectfully submitted,

**GOODMAN & HURWITZ, P.C.**

By: /s/William H. Goodman
William H. Goodman P14173
1394 E. Jefferson Ave.
Detroit, MI 48207
313-567-6170
bgoodman@goodmanhurwitz.com
*Attorneys for Deborah Ryan, Walter Swift,*
*Cristobal Mendoza and Annica Cuppetelli*

Dated: August 15, 2014