UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

### *EX PARTE* MOTION FOR LEAVE TO FILE A SUPPLEMENTAL BRIEF IN IN SUPPORT OF INTERESTED PARTIES/§1983 PLAINTIFFS' PREVIOUSLY FILED OBJECTIONS (Dckts. #4099, #4224) ON THE CONSTITUTIONALITY OF ALLOWING THE DIMINISHMENT OF THE FUNDAMENTAL RIGHT TO A DAMAGES REMEDY FOR THE VIOLATION OF CONSTITUTIONAL RIGHTS

Now comes Creditor/§1983 Plaintiff, JOHNATHAN BROWN, by and through his counsel, and hereby joins Interested Parties/§1983 Plaintiffs' previously filed objections to the Debtor's proposed Plan of Adjustment, seeking leave of this Court to file a supplemental brief in response to the issues raised at the hearing held on July 16, 2014, as well as the *United States of America's Brief in Response to Order of Certification Pursuant to 28 U.S.C. §2403(a)* (Dckt. 6664). In support of his motion, Plaintiff states the following:

1. Certain §1983 Plaintiffs have previously objected to the Debtor's proposed Plan of Adjustment, stating that by diminishing §1983 claims, the proposed Plan violated the Constitution. (Dckt. 4099, 4224).

2. On July 16, 2014, this Court heard oral argument on these objections. One of the questions the Court sought clarification was whether the right to seek

damages for constitutional violations stems from the United States Constitution or whether it is a statutory right.

3. On August 12, 2014, the United States Attorney General's Office filed a brief on this issue at this Court's request. (Dckt. #6664).

4. On August 15, 2014, §1983 Plaintiffs/Objectors sought leave to file a supplemental brief to respond to the brief from the Attorney General's Office. (Dckt. 6758). The Court granted leave to file supplement brief on the same day. (Dckt. 6763).

5. §1983 Plaintiffs/Objectors' second supplemental brief, dckt. 6764, provides the Court with an analysis of the origin of the right to seek damages for constitutional violations with a particular focus on individual defendant officers.

6. §1983 Plaintiff Johnathan Brown filed his supplemental brief on October 31, 2014, to join in §1983 Plaintiffs/Objectors' objection and to provide an accompanying prospective on the right to money damages when the constitutional violations stem from municipalities. (Dckt. 8153, attached hereto as Exhibit 1).

7. On November 3, 2014, the Court issued an order to strike Plaintiff Brown's supplemental brief because it "was filed after the Court had taken the matter under advisement and without leave of the Court". (Dckt. 8158).

8. Plaintiff apologizes for the delay in and his failure to seek leave before filing his supplemental brief.

9. Plaintiff now seeks the Court's permission to join in and to offer additional support to §1983 Plaintiffs' previously filed objections. Plaintiff's brief
2

13-53846-tjt  Doc 8718  Filed 12/15/14  Entered 12/15/14 15:15:42  Page 2 of 10
13-53846-swr  Doc 8182  Filed 11/03/14  Entered 11/03/14 17:07:39  Page 2 of 4

statement does not raise any new issues but provides the Court with additional analysis on this novel issue of law.

10. In the interest of justice, the Plaintiff asks the Court to use its discretion to consider Plaintiff's supplemental brief. *Arnold v. Garcia*, 05-70191, 2006 WL 2310268 at *6 (E.D. Mich. Aug 9, 2006).

WHEREFORE, Plaintiff, Johnathan Brown, respectfully requests that the Court enter an order granting his motion for leave to file his supplemental brief.

Respectfully submitted,

/s/ Cindy Tsai

Michael Kanovitz
Arthur Loevy
Jonathan Loevy
Cindy Tsai
Loevy & Loevy
312 North May Street, Suite 100
Chicago, Illinois 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902

David L. Haron (P14655)
Mercedes Varasteh Dordeski
Foley & Mansfield
130 East Nine Mile Road
Ferndale, MI 48220
Telephone: (248) 721-4200
Facsimile: (248) 721-4201

Lawrence S. Charfoos
615 Griswold, Suite 702
Detroit, MI 48226
Telephone: (313) 962-8520

3

**CERTIFICATE OF SERVICE**

    I, Cindy Tsai, hereby certify that on Monday, November 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system.

                      /s/ Cindy Tsai

4

13-53846-tjt  Doc 8718  Filed 12/15/14  Entered 12/15/14 15:15:42  Page 4 of 10
13-53846-swr  Doc 8182  Filed 11/03/14  Entered 11/03/14 17:07:39  Page 4 of 4

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**SUPPLEMENTAL AUTHORITY IN SUPPORT OF INTERESTED PARTIES/§1983 PLAINTIFFS' PREVIOUSLY FILED OBJECTIONS (Dckts. #4099, #4224) ON THE CONSTITUTIONALITY OF ALLOWING THE DIMINISHMENT OF THE FUNDAMENTAL RIGHT TO A DAMAGES REMEDY FOR THE VIOLATION OF CONSTITUTIONAL RIGHTS**

Now comes Creditor/§1983 Plaintiff, JOHNATHAN BROWN, by and through his counsel, and hereby joins Interested Parties/§1983 Plaintiffs' previously filed objections to the Debtor's proposed Plan of Adjustment, and provides the following supplemental authority as to why the Debtor's proposed Plan of Adjustment violates the United States Constitution when it diminishes and depletes the fundamental right to a remedy for the violation of Constitutional rights, pursuant to 42 U.S.C. §1983.

**Background**

On June 1, 2010, Creditor Johnathan Brown filed a §1983 class action lawsuit against the Debtor. (2:10-cv-12162, E.D. Michigan). The case was pending when the Debtor filed its Chapter 9 petition, causing a stay on all proceedings in the §1983 case. Subsequently, Mr. Brown submitted a proof of claim on behalf of

Exhibit 1

himself and others similarly situated in the bankruptcy action. (Creditor Claim #3667).

Like Mr. Brown, many individuals who had pending §1983 litigation against the Debtor also filed proof of claims. A few of them filed objections to Debtor's proposed Plan of Adjustment, stating that by diminishing §1983 claims, the proposed Plan violated the Constitution. (Dckt. 4099, 4224). On July 16, 2014, this Court heard oral argument on these objections. At the hearing, the Court sought to answer whether the right to seek damages for constitutional violations stems from the United States Constitution or whether it is a statutory right. At the court's request, the United States Attorney General's Office submitted a brief on this issue. (Dckt. #6664). In the brief, the United States took the position that "[t]he damages remedy in section 1983 exists only by legislative grace and not constitutional requirement. No provision of the Constitution requires the creation of the damages remedy or that any claim arising from its exercise be paid in full." (*Id.* at 4). The objectors filed a supplemental brief in response. (Dckt. 6764).

As explained in the objectors' supplemental brief, 42 U.S.C. §1983 is simply a vehicle to assert violations of constitutional rights, not a right to a remedy. (*Id.* at 7). A straight-forward reading of the Supreme Court cases *Monroe v. Pape,* 365 U.S. 167 (1961), *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and *Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978)* shows that the right of action for damages is found inherently in the Constitution. (*Id.* at 6-11). Thus, any diminishment or

depletion of this right as a result of Debtor's proposed Plan of Adjustment is unconstitutional. (*Id.* at 11). Creditor Johnathan Brown submits this supplemental brief to the court with additional authority and discussion on an individual's right to sue municipalities for constitutional violations.

## 42 U.S.C. §1983 Is Not A "Legislative Grace", but Rather A Substitute Remedy for Recovery for Unconstitutional Actions

Guided by *Bivens,* the Sixth Circuit and at least six other circuits have historically held that individuals may recover money damages from municipalities for constitutional violations under the Fourteenth Amendment. *Jones v. City of Memphis,* 586 F.2d 622 (6th Cir. 1978)(submitting that the Second, Fourth, Fifth, Seventh, Eighth, and Tenth Circuit permit federal causes of action under the Fourteenth Amendment)(collecting cases). "'The very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he receives an injury.'" 403 U.S. at 397 (citing *Marbury v. Madison,* 1 Cranch 137, 163, 2 L.Ed. 60 (1803)). That is to say, for every wrong, there must be a remedy. Thus, in the context of violations of constitutional rights, the *Bivens* Court held that the existence of the right to sue is implied from the importance of the right violated. (*Id.*)

For nearly a decade, circuit courts applied the *Bivens* analysis to local governments and recognized an implied cause of action directly under the Fourteenth Amendment for individuals whose constitutional rights had been violated by municipalities. *See Thomas v. Shipka*, 818 F.2d 496, 501 (6th Cir. 1987)(collecting cases)(overruled on other grounds). Then, in 1978, the Supreme

3

Court broaden the scope of §1983 and held that municipalities could be held liable for constitutional violations under this statute. *Monell,* 436 U.S. at 690.

Decisions following *Monell* confirm that §1983 is a substitute remedy to redress constitutional violations that is equivalent to a direct cause of action under the Constitution. *Shipka*, 818 F.2d at 500-01. In light of *Monell*, courts found it "unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which [individuals could vindicate their constitutional claims]." (*Id.* at 500). *See also, Bivens*, 403 U.S. at 397 (acknowledging that implied causes of action may be unnecessary when Congress has provided "equally effective" means for remedy). If §1983 provided anything less than the remedies available from a direct cause of action under the Fourteenth Amendment, then courts would have continued to recognize claims against municipalities directly under the Constitution. *Cf. Carlson v. Green*, 446 U.S. 14, 20-21 (1980)(Congress-enacted, Federal Tort Claims Act ("FTCA") is not an equal substitute for recovery under the Constitution; thus, respondent's *Bivens* action was permitted to proceed. The *Carlson* Court identified four areas where the *Bivens* remedy is more effective than the FTCA: (1) the *Bivens* remedy is a more effective deterrent because it is recoverable against individuals and not limited to the federal government; (2) punitive damages are available in a *Bivens* action, but not for FTCA claims; (3) unlike FTCA suits, individuals have a right to a jury in *Bivens* actions; and (4)

FTCA claims exist only "in accordance with the law of the place where the act or omission occurred").

Because federal courts no longer permit individuals to bring a direct cause of action against municipalities under the Fourteenth Amendment, logic dictates that §1983 claims are afforded all the remedies available under the Constitution, and money damages for injuries resulting from unconstitutional actions are an intrinsic part of the Constitution. In fact, the current prevailing opinion is that §1983 actions closely parallel *Bivens* actions, in which the right to remedy arises directly from the Constitution. Seth P. Waxman & Trevor W. Morrison, *What Kind of Immunity? Federal Officers, State Criminal Law, and the Supremacy Clause*, 112 Yale L.J. 2195, 2208 (2003). *See, e.g., Wilson v. Layne,* 526 U.S. 603, 609 (1999)(applying the same qualified immunity analysis in suits under §1983 and *Bivens*); *Butz v. Economou,* 438 U.S. 478, 499 (1978)(same); *Graves v. Wayne Cnty.,* 577 F. Supp. 1008, 1013 (E.D. Mich. 1984)("[S]ection 1983 actions closely parallel Bivens actions, the former involving constitutional violations by state officials, the latter, by federal officials.")(citing *Green,* 446 U.S. at 21-25).

Thus, the Debtor's proposed Plan of Adjustment violates the United States Constitution by diminishing and depleting §1983 damages.

5

Respectfully submitted,

/s/ Cindy Tsai

Michael Kanovitz
Arthur Loevy
Jonathan Loevy
Cindy Tsai
Loevy & Loevy
312 North May Street, Suite 100
Chicago, Illinois 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902

David L. Haron (P14655)
Mercedes Varasteh Dordeski
Foley & Mansfield
130 East Nine Mile Road
Ferndale, MI 48220
Telephone: (248) 721-4200
Facsimile: (248) 721-4201

Lawrence S. Charfoos
615 Griswold, Suite 702
Detroit, MI 48226
Telephone: (313) 962-8520

**CERTIFICATE OF SERVICE**

I, Cindy Tsai, hereby certify that on Friday, October 31, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system.

/s/ Cindy Tsai