UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

----------------------------------------------------x
                                                       :

In re                                        :        Chapter 9

CITY OF DETROIT, MICHIGAN,        :        Case No. 13-53846

                    Debtor.             :        Hon. Steven W. Rhodes

----------------------------------------------------x

### SUBMISSION OF THE CITY OF DETROIT IN RESPONSE TO COURT INQUIRIES AT CLOSING ARGUMENT REGARDING THE TREATMENT OF INDIRECT EMPLOYEE INDEMNITY CLAIMS

        Consistent with the City of Detroit's (the "City") commitment on the record at a hearing held on October 27, 2014 (see 10/27 Tr., at 98:21-104:16), the City submits this response to certain inquiries of the Court regarding the treatment of "Indirect Employee Indemnity Claims" under the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 8045) (the "Plan")[1] and, specifically, the consistency of such treatment with the holding of the United States District Court for the Eastern District of California in Barber v. City of Vallejo, No. CIV. S-12-1629 LKK/GGH, 2013 WL 3992403 (E.D. Cal. Aug. 2, 2013) (see 10/27 Tr., at 105:12-18).  Because the legal, factual and procedural circumstances

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

of <u>Barber</u> are distinguishable from those presented by the Plan, nothing in the treatment of Indirect Employee Indemnity Claims under the Plan is inconsistent with <u>Barber</u>.

Importantly, <u>Barber</u> does <u>not</u> hold that a plan of adjustment may not provide for an injunction against claims against a city's employee/officer in his individual capacity as a threshold matter. The <u>Barber</u> court held solely that, where, among other things, a municipality's obligation to defend and indemnify a municipal officer is not unconditional, a claim against that officer in his individual capacity is not the legal equivalent of a claim against the municipality itself, with the result that the claim is not encompassed by an existing discharge of strictly municipal debts pursuant to section 944 of the Bankruptcy Code. <u>Barber</u>, 2013 WL 3992403, at \*\*6-7. The <u>Barber</u> court repeatedly observed that its conclusion was particularly compelling where the city's obligation to defend or indemnify the defendant apparently had itself been discharged under the plan. <u>See</u> <u>id.</u> at \*4 nn.9, 11; \*6.

Unlike the defendant in <u>Barber</u>, the City does not seek an after-the-fact ruling regarding claims (i) as to which its Plan is silent and (ii) that will have no economic impact on the City. Rather, the City seeks approval of an express injunction against claims that threaten to visit adverse consequences upon both the City and, importantly, its employees. <u>See</u> Plan, at § III.D.5.a. As the City

explained in its pretrial brief (Docket No. 7143) (the "Pretrial Brief"), the City's officers and employees are commonly subjected to threats of liability arising in connection with actions taken in the ordinary course of their duties, and they are indemnified by the City against such liability. Unlike in Barber, the City's indemnification obligations are not, and cannot be, discharged by the Plan because the City is required to defend and indemnify its public safety officers under the terms of applicable collective bargaining agreements and, even if no such requirement existed, the City has no option as a practical matter but to indemnify them. See Plan, at § IV.O. Indeed,

> [t]he City's obligation to indemnify its public safety officers is more than a sterile statutory or contractual requirement; the City must indemnify officers who act within the scope of their employment to protect the public health, welfare and safety…. If the City were to abandon its indemnification obligation wholesale, the risk of catastrophic financial loss to individual officers likely would paralyze City officers from the performance of even routine duties and encourage them to move to jurisdictions offering more favorable working protections and conditions. It would also affect the City's ability to attract and retain new recruits.

Pretrial Brief, at ¶ 304. As a result, unlike the municipal debtor in Barber, the City will not be insulated from liability with respect to the Indirect Employee Indemnity Claims.

Also unlike Barber, the proposed injunction against Indirect Employee Indemnity Claims will not implicate any claims where the City's retains the option to deny defense and indemnity. By definition, Indirect Employee

Indemnity Claims arise only where the employee-defendant has an *allowed claim* under the Plan for defense costs or indemnification against the City, i.e., where the City's obligation to indemnify and defend has already been determined. See Plan, at § I.A.224. Because the City faces actual liability from Indirect Employee Indemnity Claims that it cannot practically impair, the injunction against such claims is appropriate and not inconsistent with Barber.

The City seeks confirmation of a Plan that expressly protects the interests of its public safety officers and treats the holders of Indirect Employee Indemnity Claims on a par with holders of claims asserted directly against the City, all within an economic and legal context distinguishable from those prevailing in Barber. Accordingly, the Plan's treatment of Indirect Employee Indemnity Claims is not inconsistent with Barber, and such treatment should be approved in connection with confirmation of the Plan.

Dated: November 6, 2014    Respectfully submitted,

 /s/ Bruce Bennett
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Robert S. Hertzberg (P30261)
Deborah Kovsky-Apap (P68258)
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Telephone:  (248) 359-7300
Facsimile:  (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

ATTORNEYS FOR THE CITY

-5-
13-53846-tjwr Doc 8719-3   Filed 12/05/14   Entered 12/05/14 15:15:42   Page 5 of 6
13-53846-swr  Doc 8796    Filed 12/06/14   Entered 12/06/14 09:36:43   Page 5 of 6

# CERTIFICATE OF SERVICE

  I, Bruce Bennett, hereby certify that the foregoing Submission of the City of Detroit in Response to Court Inquiries at Closing Argument Regarding the Treatment of Indirect Employee Indemnity Claims was filed and served via the Court's electronic case filing and noticing system on this 6th day of November, 2014.

            /s/ Bruce Bennett