UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
:
------------------------------------------------------x

### ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY TO DISCIPLINARY PROCEEDINGS INITIATED BY THE CITY AGAINST CITY OFFICERS AND EMPLOYEES

This matter coming before the Court on the Motion of the City of Detroit, Pursuant to Section 105(a) of the Bankruptcy Code, for an Order Confirming that the Automatic Stay Does Not Apply to Disciplinary Proceedings Initiated by the City Against City Officers and Employees (Docket No. 8060) (the "Motion")[1] filed by the City of Detroit, Michigan (the "City"); the Detroit Police Officers Association (the "DPOA") having filed the Limited Objection of the Detroit Police Officers' Association to the Motion of the City of Detroit, Pursuant to Section 105(a) of the Bankruptcy Code, for an Order Confirming that the Automatic Stay Does Not Apply to Disciplinary Proceedings Initiated by the

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

City Against City Officers and Employees (Docket No. 8184) (the "Limited Objection"); the Court having reviewed the Motion and the Limited Objection; the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the proposed hearing on the Motion was sufficient under the circumstances, (d) the Automatic Stay is inapplicable to claims asserted by the City in the Disciplinary Proceedings, including the Pending Arbitration, and (e) the relief requested in the Motion and granted herein is necessary and appropriate to carry out the provisions of the Bankruptcy Code and in the best interests of the City, its creditors and other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED, as set forth herein.

2. The City is authorized to continue to prosecute Disciplinary Proceedings, including the Pending Arbitration, that have been initiated by the City against City employees. Similarly, the applicable defendants are permitted to defend against any such Disciplinary Proceedings; *provided that* any counterclaims that may be asserted by the defendants against the City are subject to the Automatic Stay.

3. For the avoidance of doubt, this Order shall not be construed to affect the right of the DPOA, the Detroit Police Command Officers Association, the Detroit Fire Fighters Association, and the Detroit Police Lieutenants and Sergeants Association (collectively, the "Public Safety Unions") or any of their members to pursue any grievance or to assert any right to defense and indemnification in the ordinary course of the City's labor relations with the Public Safety Unions and their members or to be provided with a defense pending a final determination of the affected employee's right to a defense and indemnification. Furthermore, this Order is without prejudice to the right of the Public Safety Unions and their members to seek relief from the Automatic Stay in appropriate circumstances.

4. This Order shall be effective immediately upon its entry.

**Signed on November 12, 2014**

                                                                     /s/ Steven Rhodes
                                                                     **Steven Rhodes**
                                                                     **United States Bankruptcy Judge**

-3-

13-53846-tjt  Doc 8720-1   Filed 12/15/14   Entered 12/15/14 05:13:29   Page 3 of 3
13-53846-swr  Doc 8256    Filed 11/12/14   Entered 11/12/14 08:47:49   Page 3 of 3