UNITED STATES BANKRUPTCY COURT

FILED

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISON

2014 DEC 15 P 3: 31

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

CARL WILLIAMS, HASSAN ALEEM AND
DOROTHEA HARRIS
        Creditor/Petitioners

v

In re:
City OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
        KEVYN D.ORR
        Debtors/Respondent

        Chapter 9
        Case No. 13-53846
        Magistrate Judge:
        Steven W. Rhodes

_____/

## PETITIONER'S MOTION FOR RECONSIDERATION AND REHEARING FOR SUPPLEMENTAL AND CORRECTION OF ORDER REGARDING DIRECT APPEAL AND ORDER ON THE STAY PENDING APPEAL AMENDED BY MEMORANDUM OF LAW TO STAY ON THE CONFIRMATION OF THE PLAN AND OPINION OF MAGISTRATE JUDGE STEVEN W RHODES

Now comes the Petitioners in Propria Persona Carl Williams, Hassan Aleem

and Dorothea Harris petitioners/creditors et al in the above names and move for

Reconsideration on the stay on appeal, pursuant to 9024-1 of the Bankruptcy

Rules and United States Eastern District Lower Court Rule 7.l1 (g) and Rule 15 of

Federal Rules of Civil Procedure show the fowling:

The petitioners will demonstrate that the Bankruptcy Court has overlooked

salient evidence that was not consider and has been mislead by the respondent/

(1)

debtor through a plain, noticeable or obvious defect by the court and will demonstrate corrections that shall bring about a different disposition of this case if the law is comply with.

1) The require obvious defect that was misleading and overlooked is that the City of Detroit never proved it filed in good faith.

2) Petitioners received a notice on the stay pending appeal Friday November 28, 2014, for a hearing and deprived any time to prepare for the hearing on December 1, 2014.

3) Petitioners went to a meeting masquerade as a hearing on December 1. 2014 and they were not called and allowed to be heard on the motion to stay on appeal.

4) The "Grand Bargain" is the biggest scheme in the bankruptcy proceeding because the funds are not available, until March of 2015 of Article IV section 27 of the Michigan State Constitution.

5) The correction to the four prong requirements for a stay pending appeal.

(2)

## MEMORANDUM OF LAW ON  IN SUPPORT OF MOTION FOR RECONSIDERATION AND REHEARING FOR SUPPLEMENTAL AND CORRECTION OF ORDER REGARDING DIRECT APPEAL AND ORDER ON STAY PENDING APPEAL OF THE CONFIRMATION OF THE  PLAN AND OPINION OF MAGISTRATE JUDGE STEVEN W RHODES

1) One required obvious defect that was misleading to the decision and was Overlooked is that everyone agreed that the bankruptcy wasn't filed in good faith and has not proceed or been conducted in a good faith manner. The city nor the em  ergency manager, Kevyn Orr never proved or even addressed good faith.

Congress will is threatened as a result of it uniquely requirement that the cities Prove that their bankruptcy filing was in good faith to receive the benefit of chapter 9. "Good faith" however, is a requirement of all bankruptcies and without it a bankruptcy is to be dismissed for "cause" under 11 USC sec 1112(b). E.G., 405 N. Bedford Dr. 778 F.2d at 1377.  This was not addressed and wasn't done in this case.

2) The bankruptcy court has mislead the petitioners in there order by stating: "There is no provision in the rule to file a notice of direct appeal." The Court has overlooked and has clearly intentionally mislead petitioners in violation of 28 USC sect 158 (d) (2) and the Bankruptcy Court also certified that the eligibility ruling " involve[s] a matter of public important" under 28 U.S.C. sect (d) (2) (A)(i).

2)  On November 27, 2014 the petitioner Carl Williams spoke with petitioner Dorothea Harris and she informed him that she saw on the internet and that we

(3)

were suppose to be in court December 1, 2014. Petitioner, Carl Williams informed

her that he was not aware of any hearing and has not received any notice as of yet.

On Friday the 28th of November 2014 he received a notice to appear in court on

December 1, 2014.

   a) This short notice without any explanation and justification of no time to

prepare and respond is unfair, unreasonable and discriminatory against the Blacks

and/or Afro-American pro se litigants and discriminatory violates United States

Eastern District Local Rule 3007-1 States:

> A creditor whose proof of claim is subject to an objection shall file and
> serve on the objecting party a written response to the objection not
> later than 10 days before the date set for the hearing on the objection.
> If a response is not filed and served, the Court may deem that the credit
> or consents to the relief requested in the objection, in which event the
> hearing will be canceled.

For the record we have file numerous objections and have yet to receive

hearing as required. Petitioner have not had a fair and meaningful hearing and the

court have acted arbitrary and capricious to deny them a meaningful hearing. It is

procedural due process that is our fundamental guarantee of fairness, our protect-

tion against arbitrary, capricious and unreasonable government action *Board of*

*Regents v Roth 408 U.S. 564, 589 (1972).*

   b) The court method of noticing the pro se petitioners has deprived them

(4)

the 14 days opportunity to prepare and respond in writing for the record in fourteen days according to Fed.R.Civ.Pro. Rule 8002 (a), and has affected the outcome of the decision without allowing pro se petitioners and others the time to respond in support of their motion to stay and given the city an advantage against the prose litigants and has influence the outcome of the so called hearing. To add insult to the injury petitioners just became aware of from 820A Official form 20A 12/1/10 states:

if you do not want the court to [relief sought in a motion or objection], or if you want the court to consider your views on the [motion] [objection], **within 21 days**, you or your attorney must(1) file with the court a written response or answer, explaining your position, (2) if a response or answer is timely filed and severed, the clerk will schedule a hearing on the motion and you will be served with notice of the date, time and location of the hearing.

Petitioners didn't even received a three day mailing according to Federal Rule of Civil Procedure Rule 6(e) and thus this is a procedural due process of the law violation of the 5[th]Amendment and equal protection of the law of the 14th Amendment in a discriminatory fashion of the Constitution of the United States that also a 42 USC 1983 Civil Right violation as well.

c) The Supreme Court has ruled in Goldberg v. Kelly, 387 U.S. 254 90 S Ct 1011,

(5)

252, at 267-268, (1970), that fundamental requisite of due process of law is that a person receives" **timely and adequate notice"**Goldberg v Kelly <u>supra</u>, citing Armstrong v Manzo, 380 U.S. 545 (1965). The court has long made the decision that the failure of the trial court to give petitioners "reasonable time and opportunity of preparation for trial and to secure counsel" was a clear denial of due process. Powell v Alabama 287 U.S. 45 (1932). However, petitioners shall have the right <u>to prepare</u>, <u>to defend</u>, <u>prosecute</u> or <u>argue</u> his or her motion or objection in court and this is more egregious because the they are Black/ Afro-American pro se litigants and didn't have an attorney which the focal point here is reasonable time and opportunity to prepare is essential, regardless if an attorney or in pro se the fundamental principle of adequate time to prepare and respond is tantamount, which the court failed to do and essentially a denial of procedural due process of the 5th Amendment and 14th Amendment of equal protection of the law of the Constitution of the United States, thus and also discriminated against Black pro se litigants and contravening 42 USC 1983.

3) On December 1, 2014, petitioners filed a Motion to Stay and Memorandum of law on the confirmation of the Plan of Adjustment and Opinion of Magistrate judge Steven W. Rhodes before they went to court.

a) When the petitioners arrived at the court house it was kind of strange and

(6)

segregated the attorneys and judge all white or Caucasian was sitting in front and all

the Blacks/Afro-Americans were sitting in the Back of the court room. When the court

started to convene petitioners Carl Williams attempted to go up front where he could

speak and the guard told him he couldn't go up front and to go back and sit down.

Petitioner Carl Williams raised his hand so that he could be heard and speak and the

magistrate judge was looking right at him and the other Blacks and/or Afro- Americans

pro se litigants names were never called to speak and be heard. This was very unusual

and quite disturbing, normally the judges would call the name of plaintiffs or petition-

ers to support their motion and then the opposing side who objected to the motion,

however this wasn't done, it was not a fair trial, and racially overtone whether inten-

tionally or inadvertently the consequence was that petitioners was denied due process

of the right to be heard, thus contravening the 1st Amendment right to abridging the

freedom of speech and to petition the government for a redress of grievances, the 5th

Amendment procedural due process and the 14th Amendment of equal protection of

the law in a discriminatory matter violating and being denied Basic civil rights as well

that violated 42 USC 1983 Civil Right.

b) The attorneys Jamie S. Field and others for Ochadleus, and John P. Quinn and

other presented their "presentation" not "testimony," which the magistrate judge ad-

(7)

mitted in the July 15, 2014 meeting or gathering disguised as a hearing show once again this wasn't a real hearing and petitioners feel like it was a "second trial by ambush." A so called hearing again without any sworn testimony, no effective opportunity to defend by confronting any adverse witnesses, no presenting his or her own arguments and evidence orally for the Blacks/Afro-Americans.[(Goldberg v Kelly supra, at 367-368, citing E.g. ICC v Louisville & N.R.Co., 227 U.S. 88, 93-94 (1913); Wilner v. Committee on Character & Fitness, 373 U.S. 96, 103-104 (1963) and as the magistrate judge said in his own words these are presentations and he would not say on record if they were legally binding and he only would say they would be taken under consideration in the July 15, 2014 charade masquerading as a hearing.

4) In the court order denying motion to stay pending appeal the magistrate Judge Stated "Moreover, there is merit in the City further concern that a stay will harm the retirees if the Grand Bargain is terminated." This is the biggest deception of the truth and Fraudulent and the court is complicit in this fraud. Petitioners have stated in their objections that the end of this session is December 31, 2014 and the funding won't be appropriated or available and become effected until 90 days from the end of this session at which it was passed in according to Article IV section 27 of the Constitution of the State of Michigan, which bring you till the end of March 31,

(8)

2015. The money has to be there before the confirmation hearing, not after the fact

this is another clear example of fraudulent concealment and the court is aware be-

cause the petitioners has expressed this in their previous objections, not to mention

the whole bankruptcy is invalid because the plan of adjustment was suppose to be

done before the bankruptcy and not after the fact as in this case. The court turned

blind eye to the true facts and law to perpetuate this travesty of justice, thus a pro-

cedural due process of the law of the 5th Amendment and 14th Amendment of equal

protection of the law of the Constitution of the United State and basic Civil Right as well

42 USC 1983.

5) The substantively, standard for granting a stay pending appeal under either

Rule 8005 or 7026 and is the same as the standard for issuance of a preliminary injunc-

tion. See, e.g.Elias v Sumski in re Elias), 182 Fed. Appx. 3, 2006 U.S. App. LEXIS 13684,

at *2 (1st Cir June 2, 2006)(the" court below properly applied the traditional four-part

test standard applicable to preliminary injunction in determining whether to grant a

stay pending appeal" under Rule 8005); In re Access CardioSystem, Inc., 340 B.R. 656,

659 (Bankr. D. Mass. 2006);In re Public Serv. Co of N.H. 116 B.R. 347, 348 (Bankr, D.N.

H. 1990). Thus to obtain a stay Pending appeal, a party must show that (i) there is a

likelyhood of success on the merits of the appeal; (ii) the Moving party will suffer ire-

(9)

parable harm if the stay is not granted; (iii) the harm to the moving party if the stay is

not grant is greater than the injury to the opposing party if the stay is granted; and(iv)

the public interest would not be adversely affected by the issuance of the stay. See,

e.g., Elias,182 Fed Appx. 3, 2006 U.S. App. LEXIS 13694, at *2; Access CarfioSystem,

340 B.R. 659.

The court overlooked and has been mislead by the defendant/respondent and

a obvious defect that the petitioners show that there is a strong success on appeal on

the merit because **(1)** (a) the bankruptcy was filed with unclean hand,(b) it is irrefut-

able and uncontested that the bankruptcy wasn't filed in good faith and(c) the City

never complied with 11 USC 923 bankruptcy code and Federal Rules of Bankruptcy

Procedure 2002 (f) and 9007 & 9008 proper notice as required by the bankruptcy

code section 923, therefore, (d)it could not have been filed and proceeded in a good

faith manner.(e)It is also uncontested and irrefutable that the emergency manager

Is not an elected official and (f) didn't receive consent from the creditors a violation

of 11 USC 903 and(g) the municipality contravening 11 USC 904, and (h)there is no

state law govern bankruptcy here in the state of Michigan, (i) and therefore, the

court lack jurisdiction,**(2)** The moving party will suffer irreparable harm and the

city as well, if the stay is not granted because it would be fraudulent due to the pub-

(10)

lic has been deceived by the state of Michigan and the emergency manager Kevyn

Orr has reported he doesn't even have license to practice law in the state of Michi-

gan, therefore (8) the petition filed by Kevyn Orr will be invalid because he was

not in good standing and did not have license to practice law in the state of Michigan

and also was not the proper person. See City of Harrisburg Pennsylvania, 465 B.R.

744 [Bankr. M.D. Pa 21],**(3)** The harm to the moving party of 6.75% interest rate on

the craw-back is three times the amount that the emergency manager Kevyn Orr say

is owed and it would take 30 years or the rest of your life to pay it off and you would

(11)

be reduce below the poverty level if the stay is not granted is greater than the injury

to the City the opposing party if the stay is not granted,**(4)** The public interest would

not be adversely affected by the issuance of the stay because the stay would have

the opposite affect and would protect the interest of the pensioners and retiree as

well as the public rather than adversely affect the public.

## RELIEF REQUESTED

WHEREFORE and the above fact and foregoing reasons we demand a rehearing

on motion to stay on appeal.

**These are just a few examples of the reason why we object to the Plan of Adjustment and "confirmation" of the plan because there are multiple violations of the law to prevent irreparable harm and further this travesty of justice a stay must issue . "This is an analogy to the fruit of the poisons tree."**

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Carl Williams
10112 Somerset
Detroit, Michigan 48224
313 521-5012

Dorothea Harris
20552 Huntington
Detroit, Michigan 48225
313 221- 0707

Hassan Aleem
2440 Taylor
Detroit, Michigan 48206
313 205-4353

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:                                        Chapter 9
City of Detroit, Michigan,                    Case No. 13-53846
    Debtor.                                   Hon. Steven W. Rhodes
_____/

## Order Denying Motions for Stay Pending Appeal

The matter is before the Court on motions for stay, or partial stay, pending appeal filed by creditors Jamie Fields (Dkt. #8341), John P. Quinn (Dkt. #8413), Irma Industrious and Dennis Taubitz (Dkt. #8429), Dorothea Harris, Hassan Aleem and Carl Williams (Dkt. #8426), and Cornell E. Squires (Dkt. #8483). There were many concurrences in support of these motions.

The City opposes the motions (Dkt. #8496), as do the State of Michigan (Dkt. #8489), the Official Committee of Retirees (Dkt. #8494), the Retiree Association Parties (Dkt. #8497), FGIC (Dkt. #8499), and the COPS Holders (Dkt. #8526).

In considering a motion for stay pending appeal, the Court considers: (1) whether the appellants have a reasonable likelihood of success on appeal; (2) the extent to which the movants' will be harmed if the motion for stay is denied; (3) the extent to which the parties opposing the stay will be harmed if the stay is granted, and (4) the public interest. *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991). These are the factors to be weighed and balanced. *Id.*

The Court concludes that the movants have failed to establish any reasonable likelihood of success on appeal. Assuming that the movants will present on appeal the same challenges to the plan that they asserted in this Court, the Court finds that some of their issues do have

colorable grounds and therefore would not be frivolous. Nevertheless, the Court must conclude that they have not shown a reasonable likelihood of success on appeal.

The Court further concludes that the record does establish that the movants, who are city retirees, will suffer some harm due to the pension reductions and ASF recoupment provisions in the plan that will go into effect if these motions are denied. The record fails to establish, however, that this harm is in any sense irreparable harm.

On the other hand, the record overwhelmingly establishes that the City and the public will suffer irreparable harm of incalculable magnitude if the requested stay, or partial stay, is granted. The City asserts that if a stay is granted and the settlements that the plan incorporates are not consummated, the plan will likely fall apart. The record justifies this concern. In that event, the City's efforts to pull itself out of its service delivery insolvency and to revitalize itself may well come to a halt. Moreover, there is merit in the City's further concern that a stay will harm the retirees if the Grand Bargain is terminated.

Accordingly, it is hereby ordered that the motions for stay, or partial stay, pending appeal are denied.

**Signed on December 01, 2014**

                              **/s/ Steven Rhodes**
                              **Steven Rhodes**
                              **United States Bankruptcy Judge**

# FROM UNITED STATES BANKRUPTCY COURT
## TO THE UNITED STATE SIX CIRCUIT COURT APPEALS FOR
## EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISON


CARL WILLIAMS AND HASSAN ALEEM et al          Creditors/Appellants,

v

In re:                                        Chapter 9
CITY OF DETROIT, MICHIGAN                      Case No. 13-53846
AND EMERGENCY MANAGER                          Judge Steven W Rhodes
KEVYN D. ORR
                    Debtor/Appellee            Case No. 14-cv-10434
                                               Hon. Bernard A. Friedman
_____/              Magistrate Paul J. Komives


STATE OF MICHIGAN)
                 ) SS
COUNTY OF WAYNE )


## PROOF OF SERVICE

___Carl Williams_____, being first duly sworn, deposes and Say:

that on December___15th___2014. I sent a copy of Reconsideration and Rehearing

of Magistrate Judge Steven W. Rhodes Order to Strike the Motion to Stray leave to

proceed for Permission to Appeal 28 U.S.C. 158 (d) (2) (A), upon the concern

parties by certified mail, at the following address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 4822 6


Emergency Manager: Kevyn Orr
Coleman A. Young Municipal Center
2 Woodward 11th Floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _____

Dated____December___15,____2 014_____