# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------x
:
In re                         : Chapter 9
:
CITY OF DETROIT, MICHIGAN,     : Case No. 13-53846
:
Debtor.     : Hon. _____
:
:
:
-------------------------------------------------------x

## MOTION OF DEBTOR, PURSUANT TO SECTION 1102(a)(2) OF THE BANKRUPTCY CODE, FOR ENTRY OF AN ORDER DIRECTING THE APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES

The City of Detroit, Michigan ("Detroit" or the "City"), as the debtor

in the above-captioned case, hereby moves the Court, pursuant to

section 1102(a)(2) of title 11 of the United States Code (the "Bankruptcy Code"),

for the entry of an order[1] directing the appointment of a Retiree Committee (as

defined below) to represent Retirees (as defined below) in connection with this

case. In support of this Motion, the City respectfully represents as follows:

---

[1] This Motion includes certain attachments that are labeled in accordance with Rule 9014-1(b)(1) of the Local Rules of the Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"). Consistent with Local Rule 9014-1(b), a copy of the proposed form of order granting this Motion is attached hereto as Exhibit 1. A summary identifying each included attachment by exhibit number is appended to this Motion.

## Background

1.      Incorporated in 1806, Detroit is the largest city in Michigan. As of December 2012, the City had a population of less than 685,000 (down from a peak population of nearly 2 million in 1950).

2.      Over the past several decades, the City has experienced significant economic challenges that have negatively impacted employment, business conditions and quality of life.  These challenges include, among other things, (a) a contraction of its historic manufacturing base, (b) a declining population, (c) high unemployment, (d) an erosion of the City's income and property tax bases, (e) a reduction in state revenue sharing and (f) a lack of adequate reinvestment in the City and its infrastructure.

3.      As of June 30, 2013 — the end of the City's 2013 fiscal year — the City's liabilities exceeded $18 billion (including, among other things, general obligation and special revenue bonds, unfunded actuarially accrued pension and other postemployment benefit liabilities, pension obligation certificate liabilities and related derivative liabilities).  Excluding the proceeds of debt issuances, the City has incurred large and unsustainable operating deficits for each of the past six years.  As of June 30, 2013, the City's accumulated unrestricted general fund deficit was approximately $237.0 million.  Excluding the impact of a recent debt

issuance, this represents an increase of approximately $47.4 million over fiscal year 2012.

4. On February 19, 2013, a review team appointed by Rick Snyder, Governor of the State of Michigan (the "Governor"), pursuant to Public Act 72 of 1990, the Local Government Fiscal Responsibility Act, MCL § 141.1201, et seq. ("PA 72"), issued its report with respect to the City and its finances (the "Review Team Report"). The Review Team Report concluded that a local government financial emergency exists within the City.

5. On March 14, 2013, in response to the Review Team Report and the declining financial condition of the City and at the request of the Governor, the Local Emergency Financial Assistance Loan Board of the State of Michigan appointed Kevyn D. Orr as emergency financial manager with respect to the City under PA 72, effective as of March 25, 2013.

6. On March 28, 2013, upon the effectiveness of Public Act 436 of 2012, the Local Financial Stability and Choice Act, MCL § 141.1541, et seq. ("PA 436"), Mr. Orr became, and continues to act as, emergency manager with respect to the City under PA 436 (in such capacity, the "Emergency Manager"). Pursuant to PA 436, the Emergency Manager acts "for and in the place and stead of the governing body and the office of chief administrative officer" of the City. MCL § 141.1549. In addition, the Emergency Manager acts exclusively on behalf

of the City with respect to the filing of a case under chapter 9 of the Bankruptcy Code upon receiving authorization from the Governor.  MCL § 141.1558.

7.      On July 18, 2013, the Governor issued his written decision (the "Authorization") approving the Emergency Manager's recommendation that the City be authorized to proceed under chapter 9 of the Bankruptcy Code. Thereafter, also on July 18, 2013, the Emergency Manager issued an order approving the filing of the City's chapter 9 case consistent with the Authorization (the "Approval Order").  True and correct copies of the Approval Order and the Authorization are attached as Exhibit A to the Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code, filed contemporaneously with this Motion.

8.      In accordance with the Authorization and the Approval Order, on July 18, 2013 (the "Petition Date"), the City commenced a case under chapter 9 of the Bankruptcy Code.  Additional details regarding the City and the events leading to the commencement of this chapter 9 case are set forth in the Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code, filed contemporaneously with this Motion.

## Jurisdiction

9.     The Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2).  Venue for this matter is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409.

## Relief Requested

10.     The City hereby seeks an order, pursuant to section 1102(a)(2)

of the Bankruptcy Code, directing the United States Trustee for the Eastern District

of Michigan (the "U.S. Trustee") to appoint an official committee (the "Retiree

Committee") to act as the authorized representative of those former employees of

the City and their beneficiaries (collectively, the "Retirees") who are entitled to

receive pension benefits (the "Pension Benefits") and health and other

post-employment welfare benefits (the "Other Post-Employment Benefits" and,

together with the Pension Benefits, the "Retirement Benefits"), whether or not such

Retirees currently are receiving Retirement Benefits.

## Facts Relevant to This Motion

### *The Pension Liabilities*

11.     The City's retirement systems consist of the General Retirement

System (the "GRS") and the Police and Fire Retirement System (the "PFRS" and,

together with the GRS, the "Retirement Systems").  See City of Detroit, Michigan

Comprehensive Annual Financial Report for the Year Ended June 30, 2012

(the "2012 CAFR") at 121.  Each Retirement System is a single employer plan composed of a defined benefit plan and a defined contribution annuity plan.  Id. As of June 30, 2012, membership of the Retirement Systems consisted of over 23,500 Retirees (including more than 2,400 former employees not yet receiving Pension Benefits) and more than 9,700 active employees with an expectation of receiving benefits when they retire.  Id.

12.     Each Retirement System is administered and managed by a Board of Trustees (together, the "Boards").  See DETROIT CITY CHARTER art. 11, § 103 (providing for the establishment of the GRS Board and the PFRS Board); DETROIT CITY CODE § 47-1-3.  The Boards generally are responsible for managing the assets of the Retirement Systems, selecting the applicable actuarial assumptions and methods for the Retirement Systems and computing the annual contribution of the City.  Id.; see also DETROIT CITY CODE § 47-2-19 (granting authority to calculate the City's annual contributions).  The Boards, however, have no authority to amend the terms of the Retirement Systems and pension plans created thereunder.  That authority lies with the City through amendments of the Detroit City Code that establish each Retirement System.  See DETROIT CITY CODE § 47-4-4 ("The City reserves the right to amend . . . the Plans created hereunder at any time; such amendments may include termination of the Plan.");  DETROIT CITY

-6-

13-53846-tjt    Doc 20738    Filed 07/13/15    Entered 07/13/15 00:48:11    Page 6 of 28
13-53846    Doc 2708    Filed 07/13/15    Entered 07/13/15 16:18:10    Page 6 of 28

CHARTER, Art. 11, § 102 (retirement plans continue in effect unless changed by the City Charter or City ordinance).

13.     Based on current actuarial assumptions and methods employed by the Retirement Systems' own actuary, the combined unfunded actuarial accrued liabilities ("UAAL") of the Retirement Systems as of the end of fiscal year 2012 was approximately $977 million.  See Declaration of Charles M. Moore in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (the "Moore Declaration"), filed contemporaneously herewith, at ¶ 10.  The combined reported UAAL for the Retirement Systems, however, is premised upon a host of aggressive valuation assumptions and methods that, in the City's view, serve to substantially understate the unfunded liabilities of the Retirement Systems.  Using what the City believes are more realistic assumptions, the City's actuaries have estimated that the cumulative UAAL for the Retirement Systems as of June 30, 2013 is approximately $3.5 billion.  See Moore Declaration, at ¶¶ 13-14.  Additional information regarding the Retirement Systems and the City's Pension Benefit obligations is set forth in the Moore Declaration.

***The Other Post-Employment Benefit Liabilities***

14.     The Other Post-Employment Benefit Plan (the "OPEB Plan") is a single employer defined benefit plan administered by the City and the Retirement

Systems.[2]  See 2012 CAFR at 124.  Under the OPEB Plan, the City provides,

among other things, medical coverage to substantially all retirees pursuant to the

terms of applicable collective bargaining agreements or section 13-8-3 of the

Detroit City Code, as well as life insurance and supplemental death benefits.  Id.

As of June 30, 2011, the City had 19,389 retirees enrolled in and receiving benefits

under the OPEB Plan.  Id. at 125.

15.     The City's obligations under the OPEB Plan are substantial and

unsustainable.  For the fiscal year ending June 30, 2012, and based on the design of

the retiree health benefits program as of January 1, 2013, the present value of the

City's expected post-retirement benefit obligation to all Retirees was estimated to

be approximately $6.40 billion.[3]  The City finances the OPEB Plan on a

pay-as-you-go basis.[4]  2012 CAFR at 126.  Thus, virtually all of the accrued

liability for the OPEB Plan — over 99% — is unfunded.  Id. at 127 (stating that, as

of June 30, 2011, only approximately $26 million of the OPEB Plan's aggregate

---

[2]     The OPEB Plan consists of the Health and Life Insurance Benefit Plan and
        the Supplemental Death Benefit Plan.

[3]     Utilizing the actuarial data provided by the Retirement Systems' actuary, as
        of June 30, 2011 (the most recent actuarial valuation date), the City's
        actuarially accrued post-retirement benefit liabilities totaled approximately
        $5.72 billion.

[4]     A portion of the Supplemental Death Benefit Plan is funded.  The liabilities
        for the Health and Life Insurance Benefit Plan, which represent the vast
        majority of the liabilities for the OPEB Plan, are completely unfunded.

actuarially accrued liability at that time was funded).  Additional information

regarding the OPEB Plan and the City's Other Post-Employment Benefit

obligations is set forth in the Declaration of Gaurav Malhotra in Support of City of

Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the

Bankruptcy Code, filed contemporaneously with this Motion.

***The Unions and Associations***

16.     A total of approximately 47 distinct bargaining units

(collectively, the "Bargaining Units") of 28 unions (the "Unions") represent certain

employees and/or Retirees of the City.  At least four retiree associations

(collectively, the "Associations") also provide voluntary membership to certain

Retirees who were members of the City's Unions.  Although many of the City's

Retirees are members of a Union (or were during their employment with the City),

other Retirees were non-unionized employees of the City.

17.     Prior to the Petition Date, the City sent letters to each of the

Unions to determine whether they are willing to represent their respective Retirees

in connection with the City's restructuring.  As of the Petition Date, only eight

Unions (representing ten Bargaining Units) offered to represent their Retirees in

restructuring discussions.  The City also sent letters to each of the Associations to

determine whether they were willing to represent Union Retirees in connection

with the City's restructuring.  Two Associations offered to represent Retirees in

these discussions.  Despite the City's efforts to organize the Retirees prior to this chapter 9 case, most Retirees remained unrepresented in negotiations.

18.    Notably, in meetings with the City, not a single Retiree Association or Union has indicated that it can legally bind those Retirees already receiving health insurance in connection with a restructuring of retiree health benefits.

19.    As to pension benefits provided by the Retirement Systems, the legal authority of the Boards is limited to the powers provided under the Detroit City Code and Charter, and as indicated above at paragraph 12, the powers of each of the Boards are limited to asset management and administration.  The Boards have no authority to make amendments to the pension plans established under the Retirement Systems.  There is no legal authority available to the Boards by which they could bind the Retirees to any restructuring of the existing pension plan programs under the Retirement Systems, particularly to the extent that such restructuring would include amendments to the pension plan designs. Accordingly, as described below, the City respectfully requests that the Court enter an order directing the appointment of a Retiree Committee to negotiate on behalf of all Retirees in connection with the City's restructuring and otherwise participate in this case.

## Basis for Relief

### *Appointment of a Retiree Committee is Justified*

20.    Section 1102(a)(2) of the Bankruptcy Code provides as follows:

> On request of a party in interest, the court may order the appointment of additional committees of creditors . . . if necessary to assure adequate representation of creditors . . . .    The United States Trustee shall appoint any such committee.

11 U.S.C. § 1102(a)(2).  Section 1102 of the Bankruptcy Code is made applicable in a case under chapter 9 by section 901 of the Bankruptcy Code.  See 11 U.S.C. § 901(a) (providing that section 1102 of the Bankruptcy Code, among other provisions, applies in a case under chapter 9).

21.    Authorities interpreting section 1102(a)(2) of the Bankruptcy Code in the context of chapter 11 cases indicate that whether the appointment of a specific committee is appropriate depends on the facts and circumstances of the case.  See In re Beker Indus. Corp., 55 B.R. 945, 948 (Bankr. S.D.N.Y. 1985) ("The statute affords no test of adequate representation, leaving the bankruptcy courts with discretion to examine the facts of each case to determine if additional committees are warranted."); see also In re Dow Corning Corp., 194 B.R. 121, 141 (Bankr. E.D. Mich. 1996) ("Most courts confronted with a motion for the appointment of a separate committee recognize that there is no bright line test for determining whether an additional committee should be appointed.  Instead, the

decision must be made on a case-by-case basis."), rev'd on other grounds,

212 B.R. 258 (E.D. Mich. 1997).

22.     In determining whether to appoint a committee under

section 1102(a)(2) of the Bankruptcy Code, "the following non-exclusive factors

are the most pertinent:  (a) the nature of the case; (b) identification of the various

groups of creditors and their interests; (c) the composition of the committee; and

(d) the ability of the committee to properly function."  Dow Corning, 194 B.R.

at 142.

23.     Here, the appointment of the Retiree Committee is necessary to

assure the adequate representation of the Retirees.  The City's bankruptcy case is

the largest chapter 9 case in history, involving the complex restructuring of myriad

relationships, including the City's relationship with each of the Retirees.  In the

aggregate, the City's Retirement Benefit obligations constitute the largest

unsecured obligations to be addressed in this case, and the City recognizes the

crucial importance of these obligations to the Retirees.  Under the circumstances,

the City believes that the interests of the Retirees are aligned.  Given the

substantially similar interests of the Retirees, the City anticipates that the Retiree

Committee will function properly.

24.     Moreover, the Retirees would benefit from adequate

representation.  There are over 23,500 Retirees with rights to or currently in receipt

-12-

13-53846    Doc 2738    Filed 07/18/14    Entered 07/18/14 00:48:11    Page 12 of 28
13-53846-tjt    Doc 2738    Filed 07/18/14    Entered 07/18/14 00:48:11    Page 12 of 28

of pensions, and over 19,000 Retirees are currently receiving health benefits. The Retirees, by definition, are retired individuals, in many cases elderly and living on a fixed income. The City expects that most of the Retirees are not familiar with chapter 9 and — unlike certain other unsecured creditors of the City such as bondholders and large trade creditors — lack the means to obtain sophisticated representation in this case on an individual basis. Absent the appointment of a Retiree Committee, only a minority of the Retirees stand to receive any form of collective representation in this chapter 9 case. Crucially, it appears that the small number of Unions and Associations that have offered to represent Retirees possess no legal authority to bind those individuals to restructure pension and retiree health benefits.

25. The Retirees are uniquely positioned as a group, particularly given (a) their common interest in maximizing their Retirement Benefits, (b) the fundamental importance of the restructuring of Retirement Benefit obligations to the City and (c) the impact that this restructuring will have on the Retirees. The appointment of the Retiree Committee, therefore, will (a) provide representation to the Retirees that they otherwise would lack, (b) provide a single party to negotiate with the City on behalf of the Retirees as a group and (c) assist the many thousands of Retirees in expressing their views and exercising their rights during the City's restructuring.

26.     From the City's perspective, the appointment of the Retiree Committee is critical to allow the City to restructure its liabilities effectively and administer this chapter 9 case.  Simply put, the City cannot successfully restructure unless it addresses its crippling unfunded Retirement Benefit obligations.  Moreover, the City cannot as a practical matter engage each of the more than 20,000 Retirees in negotiations or litigation on an individual basis, nor are the individual Retirees expected to be in a position to engage in meaningful negotiations without representation.  The appointment of the Retiree Committee will provide the City with a centralized point of contact, and the Retirees with sophisticated representation, to engage in negotiations regarding the restructuring of the City's Retirement Benefit obligations.  As such, the City believes that the Retiree Committee will serve as an important participant in the efforts to restructure the City's Retirement Benefit obligations, which necessarily must be a key component of any plan of adjustment in this case.  For these reasons, the City respectfully submits that the appointment of the Retiree Committee is warranted under sections 901 and 1102(a)(2) of the Bankruptcy Code.

### *Appointment of the Retiree Committee*

27.     The City intends to work cooperatively with the U.S. Trustee to establish an appropriate, open and fair procedure by which the U.S. Trustee will solicit interested Retirees and possibly other representatives to serve on the Retiree

-14-

13-53846-swr   Doc 2738   Filed 07/19/14   Entered 07/19/14 00:48:19   Page 14 of 28
13-53846   Doc 2738   Filed 07/19/14   Entered 07/19/14 00:48:19   Page 14 of 28

Committee (the "Selection Procedures"). In particular, the City proposes the

following Selection Procedures:

- Promptly following the entry of an order granting this Motion, the City will contact various key Unions and Retiree Associations for input respecting potential Retiree representatives. Following such input, the City will contact the U.S. Trustee to agree upon a method for identifying a representative sample from among the Retirees to solicit (collectively, the "Solicited Retirees");

- Within three business days of the City and U.S. Trustee identifying the Solicited Retirees, the City will mail a notice and questionnaire in the form attached hereto as Exhibit 6 (the "Questionnaire") to each Solicited Retiree to determine his or her interest in serving on the Retiree Committee. The City also will post the notice and the Questionnaire on the website established by the City's claims and noticing agent— www.kccllc.net/Detroit (the "Website").

- Any Solicited Retiree interested in serving on the Retiree Committee will be required to complete the Questionnaire and fax or mail it to the U.S. Trustee's Office so that it is *received* by the U.S. Trustee no later than seven days after it is mailed to the Solicited Retiree by the City (the "Questionnaire Deadline").

- In addition, the City will provide the U.S. Trustee with contact information with respect to each of the Unions and Associations, to the extent known to the City. The U.S. Trustee also may solicit the interest of Union or Association representatives to participate on the Retiree Committee.

- The U.S. Trustee will work promptly to select the individuals to serve on the Retiree Committee from those Solicited Retirees that submitted a Questionnaire by the Questionnaire Deadline, and from any Union or Association representatives solicited.

- After the U.S. Trustee forms the Retiree Committee, it will promptly file an appropriate notice with the Court.

## Reservation of Rights

28.     The City files this Motion without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## Notice

29.     Notice of this Motion has been given to the following (or their counsel if known):  (a) the Office of the United States Trustee; (b) the trustees, transfer agents and/or paying agents, as applicable, for the City's secured and unsecured bonds; (c) the City's largest unsecured creditors as identified on the list filed under Bankruptcy Rule 1007(d); (d) the Unions; (e) the Associations; (f) the Boards of the Retirement Systems; (g) the insurers of the City's bonds; (h) the insurers of the certificates of participation issued with respect to the City's pension funds (the "COPs"); (i) certain significant holders of the COPs; (j) the counterparties under the swap contracts entered into in connection with the COPs (collectively, the "Swaps"); and (k) the insurers of the Swaps.  The City submits that no other or further notice need be provided.

## No Prior Request

30.    No prior request for the relief sought in this Motion has been made to this or any other Court.

WHEREFORE, the City respectfully requests that this Court: (a) enter an order substantially in the form attached hereto as <u>Exhibit 1</u> granting the relief sought herein; and (b) grant such other and further relief to the City as the Court may deem proper.

Dated:  July 19, 2013                    Respectfully submitted,


                                          /s/ David G. Heiman
                                         David G. Heiman (OH 0038271)
                                         Heather Lennox (OH 0059649)
                                         JONES DAY
                                         North Point
                                         901 Lakeside Avenue
                                         Cleveland, Ohio  44114
                                         Telephone:  (216) 586-3939
                                         Facsimile:  (216) 579-0212
                                         dgheiman@jonesday.com
                                         hlennox@jonesday.com

                                         Bruce Bennett (CA 105430)
                                         JONES DAY
                                         555 South Flower Street
                                         Fiftieth Floor
                                         Los Angeles, California  90071
                                         Telephone:  (213) 243-2382
                                         Facsimile:  (213) 243-2539
                                         bbennett@jonesday.com

                                         Jonathan S. Green (MI P33140)
                                         Stephen S. LaPlante (MI P48063)
                                         MILLER, CANFIELD, PADDOCK AND
                                            STONE, P.L.C.
                                         150 West Jefferson
                                         Suite 2500
                                         Detroit, Michigan  48226
                                         Telephone:  (313) 963-6420
                                         Facsimile:  (313) 496-7500
                                         green@millercanfield.com
                                         laplante@millercanfield.com

                                         ATTORNEYS FOR THE CITY

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

Exhibit 1             Proposed Form of Order

Exhibit 2             None  [Separate Notice of First Day Relief Proposed]

Exhibit 3             None  [Brief Not Required]

Exhibit 4             None  [Separate Certificate of Service To Be Filed]

Exhibit 5             None  [No Affidavits Filed Specific to This Motion]

Exhibit 6             Retiree Questionnaire

# **EXHIBIT 1**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
-----------------------------------------------------x
                                      :
In re                                 : Chapter 9
                                      :
CITY OF DETROIT, MICHIGAN,            : Case No. 13-53846
                                      :
                    Debtor.           : Hon. _____
                                      :
                                      :
                                      :
-----------------------------------------------------x
```

## ORDER, PURSUANT TO SECTION 1102(a)(2)
## OF THE BANKRUPTCY CODE, DIRECTING THE
## APPOINTMENT OF A COMMITTEE OF RETIRED EMPLOYEES

This matter coming before the Court on the Motion of Debtor,

Pursuant to Section 1102(a)(2) of the Bankruptcy Code, for Entry of an Order

Directing the Appointment of a Committee of Retired Employees (the "Motion"),[1]

filed by the City of Detroit, Michigan (the "City"); the Court having reviewed the

Motion, the Declaration of Kevyn D. Orr filed contemporaneously therewith

(the "Orr Declaration"), the Declaration of Gaurav Malhotra filed

contemporaneously therewith (the "Malhotra Declaration") and the Moore

Declaration, and having considered the statements of counsel and the evidence

adduced with respect to the Motion at a hearing before the Court (the "Hearing");

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to
        them in the Motion.

and the Court finding that (a) the Court has jurisdiction over this matter pursuant to

28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C.

§ 157(b), (c) notice of the Motion and the Hearing was sufficient under the

circumstances, (d) the appointment of the Retiree Committee pursuant to

section 1102(a)(2) of the Bankruptcy Code is necessary to ensure adequate

representation of the Retirees in this chapter 9 case and (e) the Selection

Procedures for the appointment of the Retiree Committee described herein are fair

and are reasonably designed to result in a balanced and representative Retiree

Committee; and the Court having determined that the legal and factual bases set

forth in the Motion, the Orr Declaration, the Malhotra Declaration and the Moore

Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to section 1102(a)(2) of the Bankruptcy Code, the

U.S. Trustee shall promptly appoint a Retiree Committee to represent the Retirees,

as set forth in the Selection Procedures described below.

3.      Nothing contained in the Motion or this Order shall be deemed

an admission or a finding that the City has any obligation to provide any

Retirement Benefits to any Retiree or other party.

4.    The following Selection Procedures are hereby approved:

- Promptly following the entry of this Order, the City shall contact various key Unions and Retiree Associations for input respecting potential Retiree representatives.  Following such input, the City shall contact the U.S. Trustee to agree upon a method for identifying a representative sample from among the Retirees to solicit (collectively, the "Solicited Retirees");

- Within three business days of the City and U.S. Trustee identifying the Solicited Retirees, the City shall mail a notice and questionnaire in the form attached to the Motion as Exhibit 6 (the "Questionnaire") to each Solicited Retiree to determine his or her interest in serving on the Retiree Committee.  The City also shall post the notice and the Questionnaire on the website established by the City's claims and noticing agent — www.kccllc.net/Detroit (the "Website").

- Any Solicited Retiree interested in serving on the Retiree Committee shall be required to complete the Questionnaire and fax or mail it to the U.S. Trustee's Office so that it is *received* by the U.S. Trustee no later than seven days after it is mailed to the Solicited Retiree by the City (the "Questionnaire Deadline").

- In addition, the City shall provide the U.S. Trustee with contact information for each of the Unions and Associations, to the extent known to the City.  The U.S. Trustee may solicit the interest of Union or Association representatives to participate on the Retiree Committee.

- The U.S. Trustee shall work promptly to select the individuals to serve on the Retiree Committee from those Solicited Retirees that submitted a Questionnaire by the Questionnaire Deadline, and from any Union or Association representatives solicited.

- After the U.S. Trustee forms the Retiree Committee, it shall promptly file an appropriate notice with the Court.

5.    Nothing herein or in the Motion is intended to, shall constitute or shall be deemed to constitute the City's consent pursuant to section 904 of the

Bankruptcy Code to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

6.     The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement or interpretation of this Order.

# **EXHIBIT 6**

## **RETIREE COMMITTEE QUESTIONNAIRE**

**OFFICE OF THE UNITED STATES TRUSTEE FOR THE**
**EASTERN DISTRICT OF MICHIGAN**
**211 WEST FORT STREET, SUITE 700**
**DETROIT, MICHIGAN 48226**
**TEL. NO. (313) 226-7999**
**FAX NO. (313) 226-7952**

## RETIREE COMMITTEE QUESTIONNAIRE

IN RE:  THE CITY OF DETROIT, MICHIGAN (THE "CITY")
  Case No. 13-53846

**PLEASE RETURN BY FAX OR MAIL TO THE**
**ABOVE ADDRESS SO THAT THE FORM IS RECEIVED**
**NO LATER THAN _____, 2013 AT 5:00 P.M. (ET)**

PLEASE TYPE OR PRINT CLEARLY:

The undersigned creditor is willing to serve on the Retiree Committee:

1. Name: _____

2. Address: _____

3. Phone number: _____

4. E-mail: _____

5. Date of birth: _____

6. Date of retirement: _____

7. I worked for the City for the following number of years prior to retirement: _____

8. My position immediately prior to retirement was: _____
   _____

9. Please list all other positions you held while employed by the City and the approximate
   dates when each such position was held: _____
   _____
   _____
   _____
   _____

10. Were you a member of any union while employed by the City?  Yes _____    No _____

    If yes, what union? _____

Did you ever hold a leadership position with that union? Yes _____ No _____

If yes, explain your leadership role with the union. _____

_____

_____

_____

11. Are you a member of any retiree association arising from your employment by the City? Do you hold a leadership position with such retiree association? Yes _____ No _____

If yes, please explain your leadership position. _____

_____

12. Have you ever served on the Board of Trustees of any Retirement System? Yes _____ No _____

If yes, please identify the Retirement System and the period during which you served, or have served, as trustee, and any leadership positions as a trustee.

_____

13. Are you currently receiving retiree health insurance benefits due to your employment with the City? Yes _____ No _____

If yes, what is the approximate monthly value of the retiree health insurance benefits you receive? _____

14. Are you currently receiving pension benefits due to your employment with the City? Yes _____ No _____

If yes, what is the approximately monthly value of the pension benefits you receive?

_____

15. Are you currently eligible to receive life insurance benefits due to your employment with the City? Yes _____ No _____

If yes, what is the amount of the benefit under your life insurance policy that you expect your designated beneficiary to receive?_____

16. Have you ever had any experience in the pension benefit, employee benefit or retiree benefit area? Yes _____ No _____

17. If appointed to the Retiree Committee, would you be physically able and available to travel to attend meetings? Yes _____ No _____

If yes, please explain: _____

_____

_____

_____

18.  Please provide any other information or background as to why you should be appointed to the Retiree Committee, including any specific skills that you have that would be valuable to the Retiree Committee: _____
_____
_____
_____
_____
_____


SIGNATURE:_____

Print Name: _____

Date: _____

THIS IS NOT A PROOF OF CLAIM FORM.  PROOFS OF CLAIM ARE FILED WITH THE CLERK OF THE BANKRUPTCY COURT OR AS OTHERWISE DIRECTED BY ORDER OF THE BANKRUPTCY COURT, NOT WITH THE UNITED STATES TRUSTEE.