# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes<br><br>**Expedited Consideration Requested** |

## DEBTOR'S *EX PARTE* MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING WITH RESPECT TO DEBTOR'S MOTION *IN LIMINE* TO EXCLUDE TESTIMONY OF SHARON McPHAIL

The City of Detroit hereby moves for the entry of an *ex parte* order pursuant to Rules 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9006-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules") (a) shortening the notice period with respect to the Debtor's Motion *in Limine* to Exclude the Testimony of Sharon McPhail (the "Motion"), and (b) scheduling a hearing on the Motion for December 17, 2013, immediately prior to the scheduled hearing on the Motion of Debtor for Entry of an Order (I) Authorizing the Assumption of that Certain Forbearance and Optional Termination Agreement Pursuant to Section 365(a) of the Bankruptcy

#22902711 v1         1



Code, (II) Approving Such Agreement Pursuant to Rule 9019, and (III) Granting Related Relief [Docket Nos. 17, 157] (the "Assumption Motion") and the Motion of the Debtor for a Final Order Pursuant to 11 U.S.C. §§ 105, 362, 364(c)(1), 364(c)(2), 364(e), 364(f), 503, 507(a)(2), 904, 921 and 922 (I) Approving Post-Petition Financing, (II) Granting Liens And Providing Superpriority Claim Status And (III) Modifying Automatic Stay [Docket No. 1520] (the "Post-Petition Financing Motion"). See Docket No. 2063. In support of this *Ex Parte* Motion, the City respectfully states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

2. The City filed the Motion contemporaneously with the filing of the instant *Ex Parte* Motion. In the Motion, the City seeks entry of an order excluding the testimony of Sharon McPhail, a potential rebuttal witness designated by Interested Party David Sole, at the hearing on the Assumption Motion and the Post-Petition Financing Motion.

3. By this *Ex Parte* Motion, the City seeks an order (a) shortening the notice period with respect to the Motion to require objections, if any, to be filed

no later than 4:00 p.m. on December 17, 2013 and (b) scheduling a hearing on the Motion on December 18, 2013 at 9:00 a.m..

## Basis for Relief

4. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(b) further provides that "a party may file a motion for an *ex parte* order reducing or enlarging the time for a party to take any action or file any paper." E.D. Mich. LBR 9006-1(b).

5. In addition, pursuant to Bankruptcy Rule 9007, "[w]hen notice is to be given under the [Bankruptcy Rules], the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007.

6. Together, these rules provide the Court with the authority to enter an *ex parte* order scheduling a hearing on shortened notice and approve the manner of notice of such hearing.

7. As set forth in more detail in the Debtor's Motion, Mr. Sole intends to call Ms. McPhail to testify solely with respect to the Assumption

Motion, despite the fact that the deadline for rebuttal witness depositions on the Assumption Motion ended almost three months ago.

8. Mr. Sole disclosed to the Debtor only two business days prior to the hearing on the Assumption Motion and Post-Petition Financing Motion his intent to call Ms. McPhail as a rebuttal witness. Further, Mr. Sole has made it virtually impossible to depose Ms. McPhail prior to the hearing by informing counsel to the City on Sunday, December 15, 2013, that Ms. McPhail would be unable to participate in her deposition noticed for the following day.

9. Since the hearing on the Assumption Motion, at which Ms. McPhail will seek to offer testimony, is scheduled to begin on December 17, 2013, it is necessary to bring the Motion before the Court expeditiously. Hearing the Motion at the start of the second day of the hearing, when the City anticipates that Mr. Sole will seek to call Ms. McPhail as a witness, will promote efficiency for all parties.

10. The City will serve this *Ex Parte* Motion via the Court's ECF system to the parties in the above-captioned proceeding, and will provide notice of the *ex parte* order promptly upon issuance.

11. For these reasons, the City submits that cause exists to (a) shorten the notice period with respect to the Motion to require any objections to be

filed no later than December 17, 2013 at 4:00 p.m., and (b) schedule a hearing on its Motion for December 18, 2013, at 9:00 a.m..

WHEREFORE, the City respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this *Ex Parte* Motion and granting further relief as the Court deems appropriate.

Dated: December 16, 2013

Respectfully submitted,

/s/ Deborah Kovsky-Apap
Robert S. Hertzberg
Deborah Kovsky-Apap
PEPPER HAMILTON LLP
4000 Town Center, Suite 1800
Southfield, MI 48075
Telephone: (248) 359-7300
Fax: (248) 359-7700
hertzbergr@pepperlaw.com
kovskyd@pepperlaw.com

- and -

Thomas F. Cullen, Jr.
Gregory M. Shumaker
Geoffrey S. Stewart
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001.2113
Telephone: (202) 879-3939
Facsimile: (202) 626-1700
tfcullen@jonesday.com
gshumaker@jonesday.com
gstewart@jonesday.com

**ATTORNEYS FOR THE CITY OF DETROIT**

#22902711 v1    5

13-53846-tjwr Doc 2460 Filed 12/16/13 Entered 12/16/13 19:28:02 Page 5 of 8

# **EXHIBIT 1**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>       Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Steven W. Rhodes |

## ORDER GRANTING DEBTOR'S *EX PARTE* MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING <u>AN EXPEDITED HEARING</u>

This matter coming before the Court on Debtor's *Ex Parte* Motion for an Order Shortening Notice and Scheduling an Expedited Hearing with Respect to Debtor's Motion *in Limine* to Exclude the Testimony of Sharon McPhail (the "Motion");[1] the Court having reviewed the Motion; having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion was sufficient under the circumstances; having determined after due deliberation that

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

the relief requested in the Motion is in the best interests of the Debtor and its creditors; and good and sufficient cause having been shown;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. Any objection to the Debtor's Motion *in Limine* to Exclude Testimony of Sharon McPhail shall be filed and served no later than December 17, 2013 at 4:00 p.m. (prevailing Eastern Time).

3. A hearing with respect to the Debtor's Motion *in Limine* to Exclude Testimony of Sharon McPhail shall be held on December 18, 2013, at 9:00 a.m. (prevailing Eastern Time) before the Hon. Steven Rhodes in Courtroom 100, Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan.