UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re

CITY OF DETROIT, MICHIGAN,

                Debtor.

_____/

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

CORRECTED[1] JOINT MOTION OF OBJECTING CREDITORS
MICHAEL J. KARWOSKI AND JOHN P. QUINN FOR BRIEFING SCHEDULE AND
HEARING ON CERTAIN OF MOVANTS' OBJECTIONS TO
FOURTH AMENDED PLAN OF ADJUSTMENT

Michael J. Karwoski ("Karwoski") and John P. Quinn ("Quinn") (collectively "movants," "we" or "us") move the Court to impose a briefing schedule and schedule a hearing on the purely legal issues raised in movants' previously filed objections to the Debtor's Fourth Amended Plan of Adjustment (Doc. 4392, 5/5/14) ("Plan"). In support of this motion, the movants say that:

    1.     We are General Retirement System ("GRS") retirees, members of Class 11, affected by the Annuity Savings Fund Recoupment ("ASFR"). We have both filed timely objections to the Plan. Karwoski's objections are Doc. 5923, filed 7/10/14. Quinn's are Doc. 5723, filed 7/1/14. Although timely, our objections were filed after the Court scheduled hearings on some early-filed individual objections (Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures, Doc 5235, entered 06/05/2014), and our legal issues have not yet been considered by the Court.

---

[1] The correction is in paragraph 8.

2. In Karwoski's objections he raises both purely legal issues and issues that include questions of law and of fact. Quinn raises only purely legal issues. This motion is addressed only to the purely legal issues raised in our objections. Those issues are:

A. Does the Plan violate 11 U.S.C. §1123(a)(4) by applying the ASFR to members of Class 11 who do not individually agree to accept the less favorable treatment imposed by the ASFR, thereby creating two interest groups within Class 11 which are subject to substantially unequal treatment? (Doc. 5723 at 1 - 9; Doc. 5923 at 7 - 8.)

B. Does the ASFR violate the applicable Michigan statute of limitations by seeking to recoup interest credited to the Annuity Savings Account more than six years before commencement of this case? (Doc. 5923 at 5 - 7.)

C. Does the Plan violate 11 U.S.C. §1129(a)(3) by its use of an arbitrary time period to define the subset of Annuity Savings Account participants upon whom the ASFR is imposed? (Doc. 5923 at 1 - 2, 7 - 8.)

D. Does the Plan violate 11 U.S.C. §941 by adjusting GRS's debts to members of Class 11, even though GRS is not the Debtor in this case? (Doc. 5723 at 9 - 16.)

3. In our objections we have attempted to address the issues listed in ¶ 2, above, dispassionately and rigorously, carefully analyzing the issues and providing appropriate citations to statutes and cases supporting our positions, while keeping our arguments reasonably succinct.

4. All the issues listed in paragraph 2, above, can be resolved without the taking of evidence and should be resolved as promptly as possible for the efficient management of this case.

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

-2-

13-53846-tjt  Doc 8757-0   Filed 02/15/14   Entered 02/15/14 20:52:40   Page 2 of 16
13-53846-swr  Doc 6210    Filed 07/22/14   Entered 07/22/14 19:53:21   Page 2 of 16

6. This motion is addressed to the Court's broad discretion to "secure the just, speedy, and inexpensive determination of every case and proceeding." Federal Rule of Bankruptcy Procedure 1001.

7. As reflected in the proposed order attached as Exhibit A, we propose the following schedule for consideration of the issues listed in ¶ 2, above:

    A. Any party other than us who wishes to be heard on those issues should file and serve a brief within seven days after entry of the scheduling order.

    B. If at least one timely brief challenging our positions on any of the issues listed in paragraph 2, above, is filled and served, and if either or both of us wish to file a reply brief, we should do so within fourteen days after entry of the scheduling order.

    C. The Court should schedule a hearing for oral argument, but not for the presentation of evidence, on the issues listed in paragraph 2, above. The date of the hearing should be at least fourteen and not more than twenty-one days after entry of the scheduling order.

8. On July 21, 2014, and continuing on July 22, 2014, Karwoski attempted to obtain the Debtor's concurrence in the relief sought by this motion. The nature and result of that effort were as follows:

    A. On July 21, 2014, Karwoski sent an email message requesting concurrence to counsel for the City, Heather Lennox and David G. Heiman. The message had as attachments copies of the proposed motion and of a proposed stipulation that would have rendered the motion

-3-

unnecessary.

B.     On July 22, 1914, at about 11:45 a.m., Karwoski left voice-mail messages for Ms. Lennox and Mr. Heiman at their Jones Day numbers requesting concurrence. In those messages he drew their attention to the email he had sent the previous evening, again requested concurrence, and left his and Quinn's phone numbers.

C.     On July 22, 1914, at 12:10 p.m. Ms. Lennox sent Karwoski and Quinn an email message in which she: (1) suggested that granting or withholding concurrence would be inappropriate in this instance since the Court controls its own calendar, deciding what to hear and when; and (2) expressed the opinion that requiring the Debtor's brief within seven days after decision of this motion gives the Debtor's counsel entirely too little time to prepare a response, suggesting that fourteen to twenty-one days would be more appropriate.

D.     The time limits requested in this motion are merely suggestions since, as Ms. Lennox noted, the Court controls its calendar. Our chief concern is that our objections be considered soon enough so that the Court can rule well in advance of commencement of the trial on confirmation. This is desirable because, if the Court determines that one or more of our objections are meritorious, the Debtor may wish to modify the Plan before the trial begins.

-4-

13-53846-swr    Doc 2710    Filed 02/15/14    Entered 02/15/14 20:52:40    Page 4 of 16
13-53846-tjt    Doc 6757-9    Filed 02/22/14    Entered 02/22/14 20:53:21    Page 4 of 16

E. In any event, the question presented by this motion clearly will not be resolved by concurrence among the parties.

WHEREFORE, we respectfully request entry of the proposed order attached as Exhibit A or of another order acceptable to the Court granting substantially the same relief as that proposed order.

/s/ with consent of John P. Quinn
John P. Quinn
2003 Military Street
Detroit, MI 48209
(313) 673-9548
quinjohn@umich.edu


/s/ Michael J. Karwoski
Michael J. Karwoski (P26658)
26015 Felicity Landing
Harrison Township, MI 48045
(313) 378-7642
Dated: July 22, 2014    mjkarwoski@alumni.nd.edu

-5-

13-53846-tjt  Doc 8757-0   Filed 02/15/14   Entered 02/15/14 20:52:40   Page 5 of 16
13-53846-swr  Doc 6210    Filed 07/22/14   Entered 07/22/14 19:53:40   Page 5 of 16

EXHIBIT A

Proposed Order

13-53846-tjt Doc 8757-0 Filed 02/15/14 Entered 02/15/14 20:52:40 Page 6 of 16

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re                                                    Chapter 9

CITY OF DETROIT, MICHIGAN,                               Case No. 13-53846

        Debtor.                                  Hon. Steven W. Rhodes
_____/

ORDER GRANTING CORRECTED JOINT MOTION OF OBJECTING CREDITORS
MICHAEL J. KARWOSKI AND JOHN P. QUINN FOR BRIEFING SCHEDULE AND
HEARING ON CERTAIN OF MOVANTS' OBJECTIONS TO FOURTH AMENDED PLAN
OF ADJUSTMENT

The Court has considered the Corrected Joint Motion of Objecting Creditors Michael J. Karwoski and John P. Quinn for Briefing Schedule and Hearing on Certain of Movants' Objections to Fourth Amended Plan of Adjustment ("Corrected Joint Motion"), is fully informed in the matter and has concluded that there is just cause for granting the relief requested.

IT IS ORDERED THAT:

1. The Corrected Joint Motion is granted.

2. Any party other than Michael J. Karwoski and John P. Quinn ("Movants") who wishes to be heard on any of the issues listed in paragraph 2 of the Corrected Joint Motion may file and serve a brief within seven days after entry of ths Order,

3. If at least one timely brief challenging the Movants' position(s) on any of the issues listed in paragraph 2 of the Corrected Joint Motion is filled and served, and if either or both of the Movants wish to file a reply brief, they must do so within fourteen

-1-

days after entry of this Order.

4. The Court will conduct a hearing for oral argument, but not for the presentation of evidence, on the issues listed in paragraph 2 of the Corrected Joint Motion on _____, 2014 at ____:____ __.m.

5. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

_____
Steven W. Rhodes
United States Bankruptcy Judge

-2-

13-53846-swr Doc 6210 Filed 07/22/14 Entered 07/22/14 19:53:40 Page 8 of 16
13-53846-tjt Doc 8757-9 Filed 12/15/14 Entered 12/15/14 20:52:40 Page 8 of 16

EXHIBIT B

Notice of Motion and Opportunity to Object

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re                                                    Chapter 9

CITY OF DETROIT, MICHIGAN,                               Case No. 13-53846

           Debtor.                          Hon. Steven W. Rhodes
_____/

NOTICE OF CORRECTED JOINT MOTION OF OBJECTING CREDITORS MICHAEL
J. KARWOSKI AND JOHN P. QUINN FOR BRIEFING SCHEDULE AND HEARING ON
CERTAIN OF MOVANTS' OBJECTIONS TO
FOURTH AMENDED PLAN OF ADJUSTMENT

     PLEASE TAKE NOTICE that on July 22, 2014, Michael J. Karwoski and John P. Quinn filed the Corrected Joint Motion of Objecting Creditors Michael J. Karwoski and John P. Quinn for Briefing Schedule and Hearing on Certain of Movants' Objections to Fourth Amended Plan of Adjustment (the "Motion for Hearing") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") seeking a briefing schedule and hearing regarding certain objections to the Fourth Amended Plan of Adjustment previously filed by the Movants.

     PLEASE TAKE FURTHER NOTICE that your rights may be affected by the relief sought in the Motion. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

     PLEASE TAKE FURTHER NOTICE that if you do not want the Bankruptcy Court to grant the Motion for Hearing or you want the Bankruptcy Court to consider your views on the Motion, by August 5, 2014, you or your attorney must:

     File with the Bankruptcy Court a written response (complying with Fed.R.Civ.P. 8(b), (c) and (e)) to the Motion, explaining your position, electronically through the Bankruptcy Court's electronic case filing system in accordance with the Local Rules of the Bankruptcy Court or by mailing any objection or response to:

United States Bankruptcy Court
Theodore Levin Courthouse
231 West Lafayette Street
Detroit, MI 48226

-1-

You must also serve a copy of any objection or response upon:

Michael J. Karwoski
26015 Felicity Landing
Harrison Township, MI 48045
Telephone (313) 378-7642
email:mjkarwoski@alumni.nd.edu

- and -

John P. Quinn
2003 Military Street
Detroit, MI 48209
Telephone: (313) 673-9548
email: quinjohn@umich.edu

If an objection or response is timely filed and served, the clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

Concurrently with this Motion and Notice, Karwoski and Quinn are seeking expedited consideration and shortened notice of the Motion. If the Court grants such expedited consideration and shortened notice, Karwoski or Quinn will file and serve notice of the new response deadline.

PLEASE TAKE FURTHER NOTICE that if you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting such relief.

/s/ with consent of John P. Quinn
John P. Quinn
2003 Military Street
Detroit, MI 48209
(313) 673-9548
quinjohn@umich.edu


/s/ Michael J. Karwoski
Michael J. Karwoski (P26658)
26015 Felicity Landing
Harrison Township, MI 48045
(313) 378-7642

Dated: July 22, 2014
mjkarwoski@alumni.nd.edu

-2-

EXHIBIT C

None (Brief not required.)

EXHIBIT D

Certificate of Service

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re

CITY OF DETROIT, MICHIGAN,

        Debtor.

_____/

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

CERTIFICATE OF SERVICE

I, Michael J. Karwoski, hereby certify that the Corrected Joint Motion of Objecting Creditors Michael J. Karwoski and John P. Quinn for Briefing Schedule and Hearing on Certain of Movants' Objections to Fourth Amended Plan of Adjustment and accompanying exhibits were filed and served via the Court's electronic case filing and noticing system on July 22, 2014.

                                              /s/ Michael J. Karwoski

EXHIBIT E

Affidavits
(Not applicable.)

EXHIBIT F

Documentary Exhibits
(Not Applicable)