UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re
City of Detroit,
        Debtor
_____/

Chapter 9
Case No. 13-53846
Hon.: Steven W. Rhodes

## AMENDED OBJECTION TO DEBTOR, CITY OF DETROIT ELIGIBILITY FOR CHAPTER 9 BANKRUPTCY

NOW COMES, Creditor Dennis Taubitz in pro per and for his Amended Objection to Debtor, City of Detroit Eligibility for Chapter 9 Bankruptcy states as follows:

**I.   The Court's Deadlines Constitute Denial of Due Process**

Due Process consists of fair notice and a fair hearing before a competent tribunal. The deadlines referenced in the

Notice of Commencement of Case Under Chapter 9, Notice of Automatic Stay And Purposes of Chapter 9, Notice of Deadline and Procedures for Filing Objections to the Chapter 9 Petition And Notice of City's Motion to Limit Notice (See Exhibit A)

Are a violation of all the Creditor's due process rights and the undersigned in particular. The deadline set forth by this Court violates at least two (2) of the three elementary principles of due process. The Creditor submits that the due process rights of at least 100,000 creditors are being violated.

Although the Court notice was apparently back dated to August 6, 2013, it was not received until August 13, 2013 (See Exhibit B) The Court notice set August 19, 2013 as the date to file objections to the Debtor's Eligibility and August 23, 2013 as the deadline to serve written discovery requests. This Creditor submits that six (6)

1

days notice is not fair notice, particularly when this Creditor is traveling out of state for five (5) of those six days. Further, this Creditor submits that the deadline set forth by the Court and by the Debtor's Motion ensures that at least some if not all of the Creditors will be denied a fair hearing. These unreasonable deadlines and attempt to limit or deny notice to creditors has all the earmarks of a kangaroo court, and certainly bring into question the third principle of due process by a competent tribunal.

The Debtor has approximately 100,000 creditors. By providing only six (6) days notice, one is ensuring that most of the creditors will not be able to voice their objections or even have the time to seek legal counsel. This is patently unfair and unquestionably a denial of due process. As to this Creditor, six (6) days notice, when five (5) of those days the Creditor is traveling out of state is without question a denial of due process.

Moreover, the Debtor's effort, with this Court's concurrence, to limit notice and to not provide notice to a "certain class of creditors" is a further indication of a consorted effort by the Debtor and the Court to deny due process to the Creditors who are all listed on the matrix who should all be supplied with notice. Indeed, it is the intent of the Debtor and this Court to cram down the City's Plan on all creditors. Due process therefore dictates that <u>all</u> creditors receive all of the notices. Indeed, Courts are to ensure that all litigants receive due process, no mater how large or small their claim may be.

Moreover, it is worth noting that this Court only provided 100,000 creditors with 6 days notice to obtain legal counsel if necessary, and to file an objection to the

eligibility of the Debtor, while the Debtor who is already represented by at least three (3) attorneys from the Jones Day law firm are afforded three (3) weeks to respond to the objections. Indeed, it is clearly unfair for the creditors of be afforded only six (6) days to respond to the Debtor's Notice, while the Debtor which already being represented by counsels to be given ample time of three (3) weeks to respond to the objections.

This Creditor submits that clearly the Court's imposed deadlines are a denial of the due process rights of the creditors, and this creditor in particular as this creditor is traveling out of state on five (5) of the six (6) days.

Moreover, the debtor's attempt and this Court acquiescence to treat creditors differently constitute a violation of the Equal Protection Clause of the United States Constitution. Even though the creditors are making the same objections, some creditors are allowed additional time before they have to argue (October 15, 2013 and October 16, 2013), and are provided more time to argue, and are also allowed time to rebut the debtor's assertions, while other creditors, although making the same or similar arguments are denied those opportunities.

## II. The Debtor is not Insolvent

Although the Debtor claims to be insolvent, this Creditor submits that it is not. The Debtor has failed to submit any audit or accounting that would support this assertion.

Indeed, the evidence is directly to the contrary. The Debtor owns an art collection of which there has been no attempt to evaluate, let alone sell before the

premature filing of this Chapter 9 bankruptcy. In any event, the art collection located in the Detroit Institute of Arts (DIA) is conceivably worth more than a billion dollars. Debtor made no attempt to even determine the value of the art collection before filing bankruptcy. Further, no attempt was made to sell the building or even provide an estimate of its worth. Moreover, the land the DIA sits on has not been sold, nor has the Debtor even bothered to list the property for sale or even place a value on the land.

The Debtor owns an island park named Belle Isle that reportedly was worth a billion dollars or more. However, Debtor has made no attempt to list this property or even place an evaluation on this property. Moreover, this Debtor owns numerous properties, both real and personal, including the City Airport and motor vehicles including buses, none of which have been included in any attempt to evaluate the Debtor's claim of insolvency.

Furthermore, Debtor claims it owes long term liabilities of $18 billion. Debtor's assertion of this is questionable at best. Debtor, through its Emergency manager Kevyn Orr (Orr) failed to use accepted accounting practices and claims that the Debtor's two (2) pension funds are under funded by $3 billion. Orr has failed to provide legitimate accepted support for his rate of return that is at variance with accepted practices, and indeed is at variance with that used by the State of Michigan for its pension fund.

Simply stated, Debtor has the burden of proof and has blatantly failed to offer sufficient proof to support a claim of insolvency.

### III. Debtor Has Failed To Negotiate In Good Faith

Debtor has failed to negotiate in good faith. The Debtor filed its Chapter 9 bankruptcy petition on July 18, 2013. This Creditor is listed as a creditor, and this Creditor emphatically states that the Debtor and Orr are liars when they claim to have negotiated in good faith with all of the creditors. There are approximately 100,000 creditors. Orr has been the Emergency manager for over five (5) months. He cannot possibly have negotiated in good faith with 100,000 different creditors.

Indeed, this Creditor submits that not only has Orr and Debtor not negotiate in good faith, they did not negotiate at all with the Debtor's 21,000 retirees, and they have ultimately failed to meet with, communicate with or negotiate with this Creditor in any manner whatsoever. (See Affidavit of Creditor Exhibit C). Orr utterly failed to negotiate with 21,000 retirees, completely negating his assertion that he negotiated in good faith.

Simply stated regarding this Creditor and 21,000 other creditors similarly situated, the Debtor failed to negotiate period. This Creditor submits that having no negotiation can never constitute negotiating in good faith. This creditor further submits that neither Orr nor the Debtor ever negotiated in good faith with anyone.

Further, it must be noted that no entity such as a union represents the 21,000 retirees who are listed as creditors. Even if the retiree formerly belonged to the labor union, once their retirement from the Debtor became effective, they no longer had a vote in any union election or vote. They were no longer represented by their former labor union. Consequently, Orr cannot validly or legally claim that

any negotiation he claims to have had with unions consisted of good faith negotiations with this creditor or any other retiree.

Moreover, debtor cannot logically argue that it is impracticable to meet and negotiate with all of the creditors because the debtor met with some creditors. K. Orr was willing to meet with bondholders. Indeed, Orr was even apparently willing, pursuant to newspaper articles, to provide a bus tour of the City of Detroit in order to convince some bondholders to acquiesce to the debtor's proposal.

Additionally, Orr was willing to set up a meeting with the City's labor unions at Cobo Center. **The labor unions do not represent the retirees**. However, if the debtor was willing to meet and allegedly negotiate with some creditors, it strains credulity for the debtor to claim it was impractical to meet and negotiate with retirees. If the debtor could utilize Cobo Center to meet and negotiate with the labor unions, it certainly could have utilized Cobo Center to meet and negotiate in good faith with its retirees.

### IV. The Debtor's Attempt For a Chapter 9 Bankruptcy is Invalid

The Bankruptcy Code, 11 USC 190(C)(2) requires that an elected official has the authority to file a municipal or Chapter 9 bankruptcy. In the case at bar, Emergency Manager Orr is not elected to represent the City of Detroit. Orr was appointed by a Board that was put in place by Governor Rick Snyder. Orr may be classified as an agent or appointee of the State of Michigan. Orr **cannot** be deemed an **elected official**. No resident of the City of Detroit ever cast a single

6

vote for Orr. Because Orr is not an elected official for the City of Detroit, he was not entitled to file for bankruptcy on behalf of the City of Detroit.

Involuntary Bankruptcy is not allowed in the Chapter 9 setting. In the case at bar, Orr's filing for the City of Detroit constituted an invalid involuntary bankruptcy. Orr, as Emergency Manager, has allowed both the Detroit City Council and Mayor Dave Bing to continue in their roles and to be paid. These are the elected officials for the City of Detroit, and they have not filed for bankruptcy on behalf of the City of Detroit.

### V. The Bankruptcy Court Does Not Have Jurisdiction to Determine The Constitutionality of Michigan Public Act 436 of 2012

Orr's alleged authority arises from Public Act 436. Public Act 436 was voted in by the State of Michigan Legislature after the voters had rescinded the prior Emergency manager Law known as Public Act 4.

The legislature passed Public Act 436 in the lame duck session, and it tracks the prior Emergency Manager Law that was repealed. Because the constitutionality of Public Act 436 is at best questionable, therefore litigation that has already been commenced challenging Public Act 436 should be allowed to proceed.

The constitutionality of Public Act 436 must be determined before a determination can be made by the Bankruptcy Court as to the validity of the debtor's eligibility.

The constitutionality of Public Act 436 must be determined by a Michigan state court or by a federal Article 3 judge. This question exceeds the scope and jurisdiction of a bankruptcy court.

## Conclusion

The Debtor is not entitled to Chapter 9 bankruptcy relief as they have failed to meet the legal prerequisites. The Debtor is not entitled to a "fresh start".

First, this Court lacks jurisdiction to make the initial determination regarding the constitutionality of Michigan Public Act 436 of 2012. This question must be resolved prior to any determination being made by the Bankruptcy Court. Further, this question exceeds the scope and jurisdiction of the Bankruptcy Court.

Second, the Debtor is not eligible for the protection of a Chapter 9 bankruptcy as it is undisputed that the individual who filed the bankruptcy on behalf of the City of Detroit is **not an elected official of the City of Detroit.**

Third, the Debtor and this Court's conduct is a denial of due process.

Fourth, the Debtor has failed to put forth sufficient evidence to carry their burden with regard to their alleged insolvency. The Debtor still owns and has no intentions of parting with assets that should be valued at multiple billions. Debtor, by their misstatement, has fraudulently attempted to mislead the Court regarding the liabilities and assets of the Debtor.

Fifth, the Debtor and Orr have utterly failed to negotiate at all with the creditors and the 21,000 retirees. This utter failure cannot and should not be rewarded with a categorization of having "negotiated in good faith".

Finally, Orr and the Debtor have attempted to commit fraud upon the Court with their blatant and obviously false declaration regarding the alleged insolvency of the Debtor and its alleged good faith negotiation.

WHEREFORE, based on the foregoing, this Creditor respectfully requests that this Honorable Court deny the Debtor Chapter 9 bankruptcy relief and dismiss said bankruptcy petition.

Respectfully submitted,

Dennis Taubitz
In Pro Per
Creditor
4190 Devonshire Rd,
Detroit, MI 48226
(313) 632-9150

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re  
City of Detroit,  
        Debtor  
_____/

Chapter 9  
Case No. 13-53846  
Hon.: Steven W. Rhodes

## AFFIDAVIT OF DENNIS TAUBITZ

I, Dennis Taubitz being depose states as follows:

1. That I Dennis Taubitz was listed as a creditor by the City of Detroit when it filed for Chapter 9 bankruptcy relief.

2. That as a creditor, I am entitled to due process.

3. That I only received six (6) days notice to file objections to the City of Detroit's eligibility for Chapter 9 bankruptcy.

4. That for five (5) of the six (6) days I had for notice, I was out of the state and unable to effectively respond.

5. That prior to the City of Detroit filing for bankruptcy, I received no written communication from the debtor.

6. That prior to the debtor filing for bankruptcy, I received no verbal communication from the debtor.

7. That the debtor failed to in any way negotiate in good faith with me prior to the debtor filing bankruptcy.

8. That indeed, the debtor utterly failed to negotiate in any way with me prior to the debtor filing for bankruptcy.

9. That I am not represented by a labor union.

10. That the debtor met with some creditors and some labor unions.

11. That neither I nor any retiree of the City of Detroit was invited to any meeting that the debtor held with some creditors and labor unions.

Further Affiant Sayeth Not.

_____
Dennis Taubitz

Subscribed to me and sworn to before me
this 18th day of September 2013

_____
Notary Public, County of Wayne, State of Michigan

My Commission expires 02-04-14

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------------x
In re                                              :    Chapter 9
CITY OF DETROIT, MICHIGAN,                         :    Case No. 13-53846
                                  Debtor.          :    Hon. Steven W. Rhodes
------------------------------------------------------------x

**NOTICE OF COMMENCEMENT OF CASE UNDER CHAPTER 9, NOTICE OF AUTOMATIC STAY AND PURPOSES OF CHAPTER 9, NOTICE OF DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO THE CHAPTER 9 PETITION AND NOTICE OF CITY'S MOTION TO LIMIT NOTICE**

TO ALL CREDITORS OF THE CITY OF DETROIT, MICHIGAN, AND TO OTHER PARTIES IN INTEREST:

PLEASE TAKE NOTICE OF THE FOLLOWING:

*Commencement of Chapter 9 Case*

1. On July 18, 2013, the City of Detroit, Michigan commenced a case (the "Chapter 9 Case") under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "Bankruptcy Court"). The City's Chapter 9 Case was commenced pursuant to an order issued by Kevyn D. Orr, in his capacity as emergency manager of the City (in such capacity, the "Emergency Manager") under section 18 of Public Act 436 of 2012 ("PA 436"). The Chapter 9 Case is pending before the Honorable Steven W. Rhodes, United States Bankruptcy Judge.

*Automatic Stay*

2. Pursuant to sections 362 and 922 of the Bankruptcy Code, the filing of the City's chapter 9 petition operates as an automatic stay of actions against the City, including, among other things: (a) the enforcement of any judgment; (b) any act to obtain property from the City; (c) any act to create, perfect or enforce any lien against property of the City; (d) any act to collect, assess or recover a claim against the City; and (e) the commencement or continuation of any judicial, administrative or any other action or proceeding against the City, the Emergency Manager or any other officer or inhabitant of the City that seeks to enforce a claim against the City (the "Chapter 9 Stay").

3. On July 25, 2013, the Bankruptcy Court entered discrete orders: (a) confirming that the protections of the Chapter 9 Stay apply to the City and its officers and inhabitants, including the Emergency Manager (Docket No. 167); and (b) extending the Chapter 9 Stay to (i) the Governor of the State of Michigan (the "Governor"), the Treasurer of the State of Michigan and the Local Emergency Financial Assistance Loan Board of the State of Michigan, together with each entity's staff, agents and representatives, (ii) employees of the City that are neither City officers nor inhabitants of the City and (iii) agents and representatives of the Governor and the Emergency Manager (Docket No. 166).

*Purpose of the Chapter 9 Filing*

4. Chapter 9 of the Bankruptcy Code provides a means for a municipality (such as the City) that has encountered financial difficulty to work with its creditors to adjust its debts. The primary purpose of chapter 9 is to allow the municipality to continue its operations and its provision of services while it adjusts or restructures creditor obligations. In a chapter 9 case, the jurisdiction and powers of the Bankruptcy Court are limited such that it may not interfere with any of the political or governmental powers of the City or the City's use or enjoyment of any income-producing property. During this Chapter 9 Case, the Emergency Manager will continue to manage the affairs of the City according to his authority under PA 436. Under section 18(1) of PA 436, the Emergency Manager acts exclusively on the City's behalf in this Chapter 9 Case.

5. The City intends to propose a plan for the adjustment of its debts. Future notice concerning any such plan will be provided to all known creditors.

*Deadline for Objections to Petition and Entry of an Order for Relief*

6. The City has filed papers in support of its eligibility to be a debtor under chapter 9 of the Bankruptcy Code (the "Documentary Support").[1] Objections to the City's chapter 9 petition may be filed by a creditor or party in interest by August 19, 2013 (the "Eligibility Objection Deadline"). Any such objection shall state the facts and

---

[1]   The Documentary Support includes: (a) a Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code (Docket No. 10); (b) an accompanying memorandum of law (Docket No. 14); (c) supporting declarations of Kevyn D. Orr (Docket No. 11), Gaurav Malhotra (Docket No. 12) and Charles M. Moore (Docket No. 13); and (d) the accompanying exhibits for each of the foregoing. The City reserves the right to file additional papers in support of its eligibility for chapter 9 relief and in opposition to any objections thereto.

received
Aug 13 2013

001KC0001 60134-2 DOMESTIC 11580/022522/045044/i

legal authorities in support of such objection; shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of the Bankruptcy Court; and shall be filed with the Bankruptcy Court.

7. If any Eligibility Objections are filed on or before the Eligibility Objection Deadline in accordance with the above procedures, the following schedule shall apply to the adjudication of the Eligibility Objections:

- August 23, 2013 shall be the deadline for the City and any party that files a timely and proper Eligibility Objection to serve written discovery requests;
- September 6, 2013 shall be the deadline for the City to file responses to the Eligibility Objections;
- September 13, 2013 shall be the deadline for compliance with written discovery requests;
- September 23, 2013 shall be the deadline to complete non-expert depositions;
- September 23, 2013 shall be the deadline to designate expert witnesses and submit expert reports;
- October 3, 2013 shall be the deadline for the counter-designation of experts and submission of reports;
- October 10, 2013 shall be the deadline for the completion of expert depositions; and
- October 17, 2013 shall be the deadline for the filing of any pre-trial briefs.

8. A pre-trial conference shall be conducted on October 21, 2013 at 10:00 a.m., Eastern Time, in Courtroom 100 at the United States Bankruptcy Court for the Eastern District of Michigan, 231 West Lafayette Street, Detroit, Michigan 48226.

9. A hearing on the Eligibility Objections (an "Eligibility Hearing") shall be conducted on October 23, 2013 at 9:00 a.m., Eastern Time, in Courtroom 100 at the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division, 231 West Lafayette Street, Detroit, Michigan 48226 (with additional days to be scheduled as necessary).

10. Any Eligibility Objections must be advocated in person at all hearings on such objections, including, without limitation, the Eligibility Hearing, or the Court in its discretion may not consider such Eligibility Objections.

11. Proceedings in this Chapter 9 Case will not be stayed pending the Court's adjudication of any Eligibility Objections and entry of an order for relief.

12. If no timely and proper Eligibility Objections are filed and served in accordance with this Order, no Eligibility Hearing will be conducted and the City's request for relief under chapter 9 of the Bankruptcy Code will be deemed granted.

**IF NO OBJECTIONS ARE TIMELY AND PROPERLY FILED, OR IF ALL TIMELY AND PROPER ELIGIBILITY OBJECTIONS ARE OVERRULED BY THE COURT OR RESOLVED, THE FILING OF THE CITY'S CHAPTER 9 PETITION SHALL BE DEEMED AN ORDER FOR RELIEF UNDER CHAPTER 9 OF THE BANKRUPTCY CODE, AND THIS NOTICE SHALL BE DEEMED NOTICE OF SUCH ORDER FOR RELIEF.**

*Motion to Limit Notice*

13. The City also has requested that the Bankruptcy Court enter an order limiting notice of certain initial filings in the City's bankruptcy case to certain creditors and interested parties. If you wish to receive further notices in this case, you are encouraged to appear formally in this Chapter 9 Case and file with the Bankruptcy Court a written request for service of papers pursuant to the Federal Rules of Bankruptcy Procedure.

*Case Information*

14. All documents filed in this case are available free of charge at the City's restructuring website at www.kccllc.net/Detroit; the court's website, www.mieb.uscourts.gov; or, on a paid subscription basis, through the Bankruptcy Court's PACER system at ecf.mieb.uscourts.gov. Additional information about the City's restructuring is available at the Emergency Manager's page on the City's website at www.detroitmi.gov/EmergencyManager. Inquiries about this case also may be directed to the City's Chapter 9 Information Hotline at (877) 298-6236.

Dated August 6, 2013

/s/ Katherine B. Gullo
Clerk of Court

City of Detroit, Michigan
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

PRF 60134   11591640

Taubitz, Dennis
4190 Devonshire
Detroit MI 48224

022522

received
Aug 13, 2013

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Debtor.
City of Detroit

CASE NO: 13-53846
CHAPTER: 9
JUDGE: Steven W. Rhodes

## PROOF OF SERVICE

I hereby certify that on Sept 18, 2013 (date of mailing), I served copies as follows:

1. Document(s) served: Amended Objection to Debtor City of Detroit Eligibility for Chapter 9 Bankruptcy and Proof of Service

2. Served upon [name and address of each person served]:

   Heather Lennox
   Jones DAY
   North Point
   901 Lakeside Ave
   Cleveland, Ohio
   44114

3. By First Class Mail.

Dated: Sept 18, 2013

_Dennis Taubitz_
(Signature of ~~Debtor~~) Creditor

Print Name: Dennis Taubitz

_____
(Signature of Co-Debtor)

Print Name: _____

FILED 2013 SEP 18 PM 3:51
U.S. BANKRUPTCY COURT
EASTERN MICHIGAN-DETROIT