UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED (I)

2014 JUN -2 P 10: 20

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

In re
City of Detroit,
        Debtor
_____/

Chapter 9
Case No. 13-53846
Hon.: Steven W. Rhodes

## MOTION TO REQUIRE DEBTOR TO REISSUE PROPER AND CORRECT BALLOTS

NOW COMES Creditor Dennis Taubitz and for his Motion to Require Debtor to Reissue Correct and Proper Ballots states as follows:

1. Debtor has mailed ballots to the City of Detroit's retirees and active employees.

2. The ballots indicate an amount for an annuity recoupment.

3. The ballots fail to indicate that the person receiving the ballot is being charged interest.

4. The Debtor's attorneys were aware of the fact that interest of 6.75% was being charged, but fraudulently failed to place such information on the ballot.

5. Further, Debtor listed Class 11 Creditors as a single class. However, Debtor has combined into Class 11 two (2) distinctly different retiree groups.

6. Debtor was well aware that Class 11 contained two (2) distinct groups of retiree creditors. The first group in Class 11 contains those retirees not subject to Annuity Fund recoupment. The second group is the retirees who are subject to the Annuity Fund recoupment.

7. Fairness would require that the Debtor divide Class 11 into two (2) separate voting groups.

8. Debtor should correct these two (2) glaring errors by:

(a) disclosing the interest that Debtor seeks to charge;

(b) dividing Class 11 into two (2) separate voting groups; and

( c ) reissue to all a revised ballot that reflects such changes.

WHEREFORE, based on the foregoing, Creditor prays that this Honorable Court grant Creditor's Motion to Require Debtor to Reissue Correct and Proper Ballots.

Respectfully submitted,

*/s/ Dennis Taubitz*
Dennis Taubitz
In Pro Per
Creditor
3051 Lindenwood Drive
Dearborn, MI 48120
(313) 632-9150

2

13-53846-twr  Doc 8565   Filed 08/07/14   Entered 08/07/14 18:44:05   Page 2 of 5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re  
City of Detroit,  
        Debtor  
_____/

Chapter 9  
Case No. 13-53846  
Hon.: Steven W. Rhodes

## BRIEF IN SUPPORT

### FACTS

Debtor sent out ballots to retirees and active employees of the City of Detroit that are inaccurate, misleading and fraudulent. Debtor knew that the ballots were flawed, and in a continuing pattern of bad faith, sent the ballots out anyway.

Debtor also erroneously and in bad faith combined two (2) separate and distinct retiree groups in Class 11 to enhance Debtor's chances of obtaining a "yes" vote for its Fourth Amended Plan for the Adjustment of Debts of the City of Detroit.

### ARGUMENT

Debtor has exhibited a pattern of fraud and bad faith. Debtor has continued that pattern with these ballot issues.

Debtor is seeking to charge interest on its Annuity Fund recoupment or clawback. Debtor, however, failed to disclose the assessment of interest in its ballots that were mailed to retirees and active employees. Counsel for the Debtor and Debtor's Advisor were well aware of the assessment of interest. Debtor chose to withhold this information from the people receiving the ballots.

Debtor's ballots are fatally flawed and must be reissued and the deadline to cast the revised ballots must, in the interest of fairness, be extended.

3

Additionally, Debtor deliberately combined in Class 11 two (2) separate and distinct groups or retirees. The first group is subject to the Annuity Fund clawback. The second group is not. Debtor, again acting in bad faith, did this solely to increase its chances of receiving a "yes" vote for the Fourth Amended Plan of Adjustment of the Debts of the City of Detroit.

Clearly those two (2) separate groups, in the interest of fairness, should be divided into separate classes and allowed to vote in a separate class.

Creditor submits that in the interest of justice and fairness, Debtor must be required to revise the ballots to ensure that Class 11 is divided into two (2) separate voting classes. Additionally, in order to ensure the ballots are informative, truthful and fair to the retirees and active employees, the fact that Debtor seeks to impose an undisclosed interest amount on the Annuity Fund clawback must be disclosed.

Clearly, revised, truthful and informative ballots with Class 11 being divided into separate voting classes must be provided. Further, the deadline to cast the a revised ballot must be extended to allow all retirees the necessary time to decide how to vote on such an important and major issue. Moreover, due process mandates that the Creditor receive an informative and truthful ballot and have adequate time to review the revised ballot and vote.

WHEREFORE, based on the foregoing, Creditor prays that this Honorable Court grant Creditor's Motion to Require Debtor to Reissue Correct and Proper Ballots.

Respectfully submitted,

_Dennis Taubitz_
Dennis Taubitz
In Pro Per
Creditor
3051 Lindenwood Drive
Dearborn, MI 48120
(313) 632-9150

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re
City of Detroit,
   Debtor
_____/

Chapter 9
Case No. 13-53846
Hon.: Steven W. Rhodes

# ORDER GRANTING CREDITOR'S MOTION TO REQUIRE DEBTOR TO REISSUE PROPER AND CORRECT BALLOTS

**It is ORDERED AND ADJUDGED**, that Creditor Dennis Taubitz Motion to require Debtor to reissue Proper and Correct Ballots is hereby **GRANTED**.

**It is FURTHER ORDERED AND ADJUDGED**, that Debtor shall forthwith reissue revised voting ballots to the City of Detroit retirees and active employees which shall disclose the interest that is to be imposed on the Annuity Fund recoupment;

**It is FURTHER ORDERED AND ADJUDGED**, that Debtor shall separate Class 11 creditors into two (2) distinct classes according to members subject to Annuity Fund recoupment and members that are not;

**It is FURTHER ORDERED AND ADJUDGED**, that the time to vote on the Fourth Amended Plan for the Adjustment of Debts of the City of Detroit shall be extended until September 1, 2014.

                _____
                BANKRUPTCY JUDGE
                Steven W. Rhodes