UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|   |   |   |
|---|---|---|
| In re | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) ) | Case No. 13-53846 |
|   | ) ) | Hon. Steven W. Rhodes |
| _____ | ) ) |   |

**CREDITOR AFSCME COUNCIL 25 AND ITS AFFILIATED
DETROIT LOCALS RESPONSE TO THE MOTION
OF THE CITY OF DETROIT, FOR AN ORDER PURSUANT
TO BANKRUPTCY RULE 8009(e)(1), STRIKING IMPROPERLY
DESIGNED ITEM FROM RECORD ON APPEAL**

NOW COMES Michigan AFSCME Council 25, and its affiliated Detroit locals ("AFSCME"), in their response to the Motion of the City of Detroit ("City"), for an Order Pursuant to Bankruptcy Rule 8009(e)(1), Striking Improperly Designed Item from Record on Appeal (Docket No. 8546) and states as follows:

**INTRODUCTION**

1. The City objects to AFSCME's inclusion of the Federal District Court complaint of *Roots et al., v. City of Detroit*, Case No. 12-12848 (E.D. Mich., Cohn)("Complaint") being within its Designation of the Contents of the Record and Statement of Issues on Appeal (Docket No. 8274)("Designation"). The stated reason for the motion is that a copy of the complaint is not included within the record before the Bankruptcy Court. The record reflects, however, that the Debtor

1

City of Detroit, itself, placed this document before the record of the Bankruptcy Court. Further, the document was referenced by the Creditor AFSCME. As such, the Motion to Strike should be denied.

## STATEMENT OF FACTS

2. On October 20, 2014 the Court entered the order Regarding City's Objection to Proof of Claim #2958 Filed by AFSCME Council 25 and Its Affiliated Detroit Locals (Docket No. 8015)(the "Order") removing certain portions of the AFSCME Proof of Claim, Claim Number 2958, from Class 14 to Class 11 and 12, respectively, of the Plan for the Adjustment of Debts. Specifically, the Court removed item numbers 7 and 17 of the Proof of Claim; these items pertained to AFSCME's claim over the loss of the "13th check" and other compensation, and retiree healthcare changes that took place in 2006.

3. On October 30, 2014, AFSCME noticed its appeal of this Order (Docket No. 8139).

4. On November 12, 2014 AFSCME filed the Designation of Record. Included in the Designation as Item #3 is the Complaint, for which the City's Motion seeks to strike.

5. Prior to this Court ruling that portions of the AFSCME Proof of Claim would be removed from Class 14 into Classes 11 and 12, the City filed a Corrected Reply in Support of Objection to Proof of Claim Number 2958 Filed by Michigan

AFSCME Council 25 (Docket No. 8003). Exhibit 7 of this Corrected Reply attached a copy of the complaint at issue, *Roots et al., v. City of Detroit*, Case No. 12-12848 (E.D. Mich, Cohn).

6. Further, Creditor AFSCME placed the document in the record by reference in its Response to Debtor's Objection to Proof of Claim (Docket No. 7235). On page 18 of that pleading, Creditor referenced the existence of *Roots et al., v. City of Detroit*, Case No. 12-12848 (E.D. Mich, Cohn), in discussing the retiree healthcare change item within its Proof of Claim (Item #17 of the AFSCME Proof of Claim).

7. Thus, the Complaint is part of the record and is proper to include within the record on appeal.

## ARGUMENT

8. In determining what should be included in the record on appeal from a bankruptcy court decision, the record on appeal "should contain all documents necessary to afford a full understanding of the case." *In re Neshaminy Office Bldg. Associates*, 62 B.R. 798, 802 (E.D.Pa., 1986) (citations omitted) The appellate record "should contain 'all documents and evidence bearing on the proceedings below and considered by the Bankruptcy Judge in reaching his decision.'" *Id*. (citations omitted)

9. The inclusion of the Complaint within a previous document filed with this court regarding this matter is enough to qualify it as part of the record.

10. The City suggests that it was unsuccessful in resolving this matter with AFSCME before filing its motion. Unfortunately, the City ignored AFSCME's opportunity to discuss the dispute before filing its motion to strike.

WHEREFORE, AFSCME requests that the City's Motion be denied.

Dated: December 18, 2014  /s/ Richard G. Mack, Jr.
Richard G. Mack, Jr., Esq.
Jack W. Schulz, Esq.
MILLER COHEN PLC
600 West Lafayette Blvd., 4th Floor
Detroit, MI 48226-3191
Telephone: (313) 964-4454
Facsimile: (313) 964-4490
richardmack@millercohen.com
jschulz@millercohen.com

*Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO*

| | ) | |
|---|---|---|
| In re | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on December 18, 2014, the *American Federation of State, County and Municipal Employees Council 25's and its Affiliated Detroit Locals Response to the Motion of the City of Detroit, for an Order Pursuant to Bankruptcy Rule 8009(e)(1), Striking Improperly Designed Item from Record on Appeal*, with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically.

/s/ Richard G. Mack, Jr.
Richard G. Mack, Jr., Esq.
MILLER COHEN PLC
600 West Lafayette Blvd., 4th Floor
Detroit, MI 48226-3191
Telephone: (313) 566-4787
Facsimile: (313) 964-4490
richardmack@millercohen.com

1