UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

# EXHIBIT 73

## APPELLEE STATE OF MICHIGAN'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

In connection with Notice of Appeal filed by
William M. Davis and DAREA [Dkt. #8369].

| Item | Date Filed | Docket Number | Description |
|---|---|---|---|
| 73 | 8/20/2014 | 6896 | Order Regarding Motions to Participate in the Confirmation Hearing |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                                                  Chapter 9
City of Detroit, Michigan,                                                  Case No. 13-53846
      Debtor.                                                             Hon. Steven W. Rhodes
_____/

### Order Regarding Motions to Participate in the Confirmation Hearing

On August 7, 2014, the Court entered an Order Regarding Participation at the Confirmation Hearing by Creditors Who Filed Objections Without an Attorney. (Dkt. #6584) The following parties filed timely motions to participate in the upcoming confirmation hearing:

    Jamie Fields (Dkt. #6778, #6791)
    Irma Industrious (Dkt. #6802)
    Fredia M. Butler (Dkt. #6804)
    Ezza R. Brandon (Dkt. #6805)
    Dennis Taubitz (Dkt. #6807)
    Frenchie Williamson (Dkt. #6808)
    Elaine E. Thayer (Dkt. #6809)
    Dino R. Wright (Dkt. #6810)
    Michael Joseph Karwoski and John P. Quinn (Dkt. #6811)
    Terrance James Sims (Dkt. #6820)
    Gloria C. Williams (Dkt. #6824)
    Estella L. Ball (Dkt. #6825)
    Walter Gary Knall (Dkt. #6827)
    Tijuana Morris (Dkt. #6829)
    Rickie-Allen Holt (Dkt. #6830)
    Kirk W. Hunter (Dkt. #6831)
    Cornell E. Squires (Dkt. #6832)
    Ida Byrd-Hill (Dkt. #6833)
    Thomas Cattron (Dkt. #6834)
    JoAnn Watson (Dkt. #6835)
    Thomas J. Cipollone (Dkt. #6849)
    Lucinda J. Darrah (Dkt. #6857)
    Reginald Williams (Dkt. #6858)
    Deborah Lela Moore, El (Dkt. #6859)
    Wanda Jan Hill (Dkt. #6860)
    Constance M. Phillips (Dkt. #6862)
    Yvonne Williams Jones and Cecily McClellan (Dkt. #6864)
    Belinda A. Myers-Florence (Dkt. #6865)
    Benyne Goldston and Evelyn Smith (Dkt. #6866)
    Cecily McClellan (Dkt. #6867)

> Paulette Brown (Dkt. #6868)
> Lula Millender (Dkt. #6869)
> Steven Wojtowicz (Dkt. #6870)
> Gloria D. Jones (Dkt. #6871)
> George Lyons (Dkt. #6872)
> George Lyons (Dkt. #6873)

**1.** Paragraph 9 of the Court's Eighth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment (Dkt. #6699) schedules the objecting parties without attorneys to present their evidence before the City has presented its evidence or filed a response to their objections. Several of these parties argue that this would be unfair or a violation of their due process rights. The Court finds that it would be more appropriate to schedule the presentation of evidence by these parties after the represented parties have presented their cases-in-chief. **Accordingly, the hearing scheduled for August 29, 2014, at 11:00 a.m. is cancelled.**

> *Parties whose motions are granted by this Order should read paragraphs 38-40 below for further instructions.*

**2.** The motion of **Jamie Fields** seeks to cross examine Charles Moore for one hour regarding plan feasibility, the City's ability to provide adequate levels of municipal services, and the effect of deferral of the City's annual pension contributions. The motion complies with this Court's Order Regarding Participation at the Confirmation Hearing and establishes adequate grounds for the relief sought. Accordingly, it is granted.

**3.** The motion of **Irma Industrious** identifies 7 specific witnesses, plus any witness listed by the City or any other creditor and any necessary rebuttal witness listed by any other party. The motion states that the estimated duration of the testimony is 1 day to 1 week per witness. The testimony will concern the City's annuity savings recoupment and the confirmability of the plan. The Court concludes that the motion generally fails to establish grounds for the extraordinary relief that it seeks. In the interests of justice, however, the Court will permit this movant to examine 1 of her 7 identified witnesses for up to 20 minutes. **The movant shall file a paper identifying which witness she selects by September 12, 2014.**

**4.** The motion of **Fredia M. Butler** restates her previously filed objections and requests an opportunity to give testimony regarding her objections. The motion is granted and the movant is allowed 20 minutes to testify.

**5.** The motion of **Ezza R. Brandon** also restates her objections to confirmation, but it does not request an opportunity to present any evidence in support of the objections. Accordingly, the motion is denied.

**6.** Most of the motion of **Dennis Taubitz** complains about several of this Court's procedural orders and asserts various due process violations. Eventually the motion does identify 22 witnesses, but it states the creditor has no idea how long the cross examinations of

2

them will take. Likewise, the motion does not identify the subject matter of the proposed testimony as the Court's Order Regarding Participation at the Confirmation Hearing required. Accordingly, the motion is denied.

7. The motion of **Frenchie Williamson** seeks to present his own testimony about the proposed clawback for 5 minutes and the testimony of an unnamed city witness who can speak to the clawback and the terms of the recoupment for 15 minutes. This is a reasonable request. Accordingly, the motion is granted. **The movant shall file a paper identifying which city witness he selects by September 12, 2014.**

8. The motion of **Elaine E. Thayer** seeks 1 hour to present her testimony regarding the treatment of her pension claim, the City's new pension plan and the ASF recoupment. The movant asserts that the matters that she wishes to present to the Court do not duplicate the matters that she presented to the Court on July 15, 2014. Accordingly, the movant's motion is granted, except that the movant will be permitted to testify for 20 minutes.

9. The motion of **Dino R. Wright** seeks to present testimony regarding his workers' compensation claim. It is not clear that this matter is related to whether the City's plan should be confirmed. Accordingly, this motion is denied.

10. The joint motion of **Michael Joseph Karwoski** and **John P. Quinn** seeks to present testimony from: (1) a current or former GRS Board of Trustees member whose term includes the ASF Recoupment Period, (2) a current or former GRS on-staff auditor or financial advisor who was employed by GRS during the ASF Recoupment Period, and (3) Richard Huddleston, retired financial advisor to GRS. The motion also seeks the opportunity to cross examine 13 identified witnesses. The motion identifies in some detail the subject matter of the proposed testimony and states that it is unlikely that the examination of any witness will take more than 30 minutes. The Court concludes that the motion should be granted, but with the condition that the movants' total time examining witnesses on direct and cross examination shall not exceed 5 hours.

11. The motion of **Terrance James Sims** restates his objections to the ASF recoupment and to the state releases in the plan. However, the motion states that the movant does not seek to present any evidence. Accordingly, the motion is denied.

12. The motion of **Gloria C. Williams** seeks to examine a representative of the City's balloting agent for 15 minutes on what she asserts was a flawed balloting process. This is a reasonable request. Accordingly, the motion is granted, with the understanding that because the City's balloting agent is in California, this testimony may be taken by telephone. The Court suggests that the movant contact the attorneys for the City and confer with them about these arrangements.

13. The motion of **Estella L. Ball** restates her objections to the non-debtor releases, the ASF recoupment, and the failure to meet the fair and equitable and best interest tests. She seeks to examine Kevyn Orr and a City staff attorney, and to present her own testimony. Her motion suggests that her own testimony will take 5 minutes but it states nothing about the other request. The request to examine a City staff attorney about the City Code is denied because applicable

3

law is not an appropriate subject for evidence. However, the rest of the motion is granted. The movant is allowed 10 minutes to examine Mr. Orr and 5 minutes to testify herself.

**14.** The motion of **Walter Gary Knall** seeks an opportunity for him to testify for 15 minutes in support of his objection to the ASF recoupment. This is a reasonable request and is granted.

**15.** The motion of **Tijuana Morris** merely elaborates on her confirmation objections. It does not request an opportunity to present evidence or otherwise comply with the Court's Order Regarding Participation at the Confirmation Hearing. Accordingly, the motion is denied.

**16.** The motion of **Rickie-Allen Holt** appears to request an opportunity to present evidence regarding his claim against the City and his complaint about the actions of the emergency manager rather than whether the plan should be confirmed. Accordingly, the motion is denied.

**17.** The motion of **Kirk W. Hunter** requests 5 minutes to testify about the illegality of the comprehensive release of the State of Michigan in the plan. This is a legal question that the Court will consider, but no evidence on the issue is necessary or appropriate. Accordingly, the motion is denied.

**18.** The motion of **Cornell E. Squires** addresses his claim for pension benefits against the City and asserts that the City has not been paying his benefits. This is not a plan confirmation objection. Accordingly, the motion is denied.

**19.** The motion of **Ida Byrd-Hill** seeks an opportunity to examine Kevyn Orr and a City budget representative regarding the feasibility of the City's plan, its financial projections and its plan to improve its services. These issues will be the subject of extensive testimony during the City's case-in-chief. Because it appears that the requested evidence will be duplicative and cumulative of other evidence, the motion is denied. The movant may, however, file a motion after the conclusion of the City's case to request an opportunity to present evidence that is not duplicative or cumulative.

**20.** The motion of **Thomas Cattron** seeks an opportunity to present evidence on his objections, but the proposed evidence appears to duplicate evidence that he presented at the hearing on July 15, 2014. Accordingly, the motion is denied. In the interest of justice, however, the Court will allow the movant to submit the documents that he requests the Court to consider. **These documents shall be filed by September 12, 2014.**

**21.** The motion of **JoAnn Watson** requests 15 minutes to testify about her objections to the plan. This motion is granted.

**22.** The motion of **Thomas J. Cipollone** does not identify any witnesses that the movant requests to examine. In addition the proposed exhibits are all matters of law that the Court will fully consider. Accordingly, the motion is denied.

**23.** The motion of **Lucinda J. Darrah** seeks permission to introduce substantial testimony in an attempt to find long term solutions to the problems in the Detroit Water and

4

13-53846-tjt13-53846-swr    Doc 8899Doc 6963    Filed 12/19/14Filed 08/20/14    Entered 12/19/14 16:54:18Entered 08/20/14 10:08:17    Page 5 of 8Page 4 of 7

Sewerage Department. Because that issue is beyond the scope of the confirmation hearing, the motion is denied.

**24.** The motion of **Reginald Williams** is a copy, almost word for word, of the motion filed by Frenchie Williamson. Because the proposed evidence is cumulative and duplicative, the motion is denied.

**25.** The motion of **Deborah Lela Moore, El** seeks to present evidence regarding "property transfers and purchases, especially private property," as well as "public hearings" and "fiduciary responsibility of receiver to have them." These matters are not relevant to plan confirmation. Accordingly, the motion is denied.

**26.** The motion of **Wanda Jan Hill** seeks permission to submit evidence that the 6.75% interest rate on the ASF recoupment is excessive and that this interest rate was not adequately disclosed in the disclosure statement. The motion seeks to call Belinda Florence and Heather Lennox as witnesses for 20-40 minutes. The motion is granted and the movant is permitted 20 minutes total time to examine these two witnesses.

**27.** The motion of **Constance M. Phillips**, seeks an opportunity to testify regarding the impact of plan confirmation on her personal finances and the hardship that would result. Because this evidence does not directly bear on plan confirmation and the movant had this opportunity at the hearing on July 15, 2014, this motion is denied.

**28.** The motion of **Yvonne Williams Jones** and **Cecily McClellan** requests the opportunity to examine David T. Kausch and Judith Kermans of Gabriel Roeder Smith & Company for 15-30 minutes regarding the movants' objection that the General Retirement System is fully funded and that therefore it is not necessary to reduce pensions. This motion is granted and the movants are permitted 20 minutes total time to examine these two witnesses.

**29.** The motion of **Belinda A. Myers-Florence** seeks to present testimony from Wanda J. Hill, Cecily McClellan and William Davis regarding the ASF recoupment. It appears that the motion is cumulative and duplicative. Accordingly, it is denied.

**30.** The motion of **Benyne Goldston** and **Evelyn Smith** does not identify any witnesses or exhibits. Accordingly, the motion is denied.

**31.** The second motion of **Cecily McClellan** seeks permission to present evidence from 8 witnesses regarding the adequacy of the disclosure of the ASF interest rate. This appears to be duplicative and cumulative. Accordingly, the motion is denied.

**32.** The motion of **Paulette Brown**, an election official, seeks to present evidence that the balloting process was improper and illegal because it included material urging approval of the plan. The Court approved those materials and that process because balloting for a plan under the bankruptcy code is governed by rules very different from the rules governing elections. Accordingly, the motion is denied.

**33.** The motion of **Lula Millender** seeks to present evidence in support of her objection that the amount of the notes to be given to the General VEBA are unknown and therefore the

5

plan is not proposed in good faith. The Court concludes that this evidence is unnecessary to determine this issue because the plan's terms are clear. Accordingly, the motion is denied.

**34.** The motion of **Steven Wojtowicz** requests that he be permitted to testify for 5 minutes to obtain an explanation of the ASF Recoupment Cap. This motion raises an important question. Accordingly, it is granted.

**35.** The motion of **Gloria D. Jones** seeks an opportunity to testify regarding the impact of plan confirmation on her personal finances and the hardship that would result. Because this evidence does not directly bear on plan confirmation, the motion is denied.

**36.** The motion of **George Lyons** identifies 3 witnesses whom he seeks to have testify but does not state the subject matter of their testimony. Accordingly, the motion is denied.

**37.** The second motion of **George Lyons** seeks to present the testimony of 5 witnesses regarding the City's alleged mishandling of his workers' compensation application. This evidence does not relate to confirmation of the City's plan. Accordingly, the motion is denied.

**38.** This order grants permission to the following parties to examine certain witnesses of other parties: Jamie Fields, Irma Industrious, Frenchie Williamson, Michael Joseph Karwoski and John P. Quinn, Estella L. Ball, and Yvonne Williams Jones and Cecily McClellan. These parties shall be present during the testimony of the witness or witnesses they are authorized to examine so that their examinations can proceed without delay. A party who is not present to examine a witness as authorized in this order waives the right to examine the witness. The Court will make an effort to advise these parties regarding when to be present, but the ultimate responsibility to be present remains with the party seeking to examine the witness.

**39.** This order grants permission to the following parties to present witnesses in support of their objections to confirmation: Fredia M. Butler, Frenchie Williamson, Elaine E. Thayer, Estella L. Ball, Walter Gary Knall, JoAnn Watson, Wanda Jan Hill, and Steven Wojtowicz. The Court will give sufficient scheduling notice to these parties regarding the time and date of their opportunity to participate in the confirmation hearing.

**40.** By September 2, 2014, parties who are authorized by this order to present testimony or to examine witnesses shall provide contact information (phone number, email address or both) to Chris Sikula at 313-234-0020. Also by September 2, 2014, these parties shall bring their exhibits to the Intake Counter on the 17th Floor of the Bankruptcy Court at 211 W. Fort Street, Detroit, Michigan, for marking. The Court will not take time during the trial to mark exhibits. Exhibits must be brought to trial and presented into evidence at the time of the trial to be considered by the Court. **Please note that this paragraph applies to any documents previously filed with the motions addressed in this Order: these documents must be marked in advance and presented into evidence at the trial to be considered.**

It is so ordered.

.

**Signed on August 20, 2014**

/s/ Steven Rhodes
                                                         Steven Rhodes
                                                         United States Bankruptcy Judge

7

13-53846-tjt  Doc 8809-3   Filed 12/19/14   Entered 12/19/14 16:54:18   Page 8 of 8
13-53846-swr  Doc 6096    Filed 07/15/14   Entered 07/15/14 10:08:17   Page 7 of 7