# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| City of Detroit, Michigan, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

## SUPPLEMENTAL CERTIFICATE OF SERVICE

I, Stephanie Delgado, certify and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtor in the above-captioned case.

On or before December 10, 2014, at my direction and under my supervision, employees of KCC caused to be served per postal forwarding address the following document via First Class mail on the service list attached hereto as **Exhibit A**:

- (Customized) Notice Regarding Executory Contracts and Unexpired Leases to be Assumed Pursuant to Section 365 of the Bankruptcy Code and Related Procedures [attached hereto as **Exhibit B**]

Dated: December 12, 2014

Stephanie Delgado
KCC
2335 Alaska Ave
El Segundo, CA 90245

# EXHIBIT A

**Exhibit A**
**Served Via First Class Mail**

| CREDITOR NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| Detroit Rolling Door | PO Box 458 | Grant | MI | 49327-0458 |
| Iteris Michigan LLC | 3221 W Big Beaver Rd Ste 119 | Troy | MI | 48084-2810 |
| Mosaic Youth Theatre of Detroit | 2251 Antietam Ave | Detroit | MI | 48207-3879 |
| Neighborhood Service Organization | 882 Oakman Blvd Ste C | Detriot | MI | 48238-4019 |
| Nextel West Corp | 17187 N Laurel Park Dr Ste 400 | Livonia | MI | 48152-3954 |
| Phoenix Environmental Inc | 45501 Helm St | Plymouth | MI | 48170-6047 |
| Quantum Corporation | 224 Airport Pkwy Ste 300 | San Jose | CA | 95110-1022 |
| Visiting Nurse Association of SE MI | 30800 Telegraph Rd Ste 1728 | Bingham Farms | MI | 48025-5703 |
| Westin Engineering Inc | 3100 Zinfandle Dr Ste 300 | Rncho Cordova | CA | 95670-6392 |
| Zeta Storks Nest Foundation | 6330 Pembroke Ave | Detroit | MI | 48221-1261 |

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
-----------------------------------------------------x
                                                     :
In re                                                :   Chapter 9
                                                     :
CITY OF DETROIT, MICHIGAN,                           :   Case No. 13-53846
                                                     :
                    Debtor.                          :   Hon. Steven W. Rhodes
                                                     :
                                                     :
-----------------------------------------------------x
```

**NOTICE REGARDING EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO SECTION 365
OF THE BANKRUPTCY CODE AND RELATED PROCEDURES**

> TO ALL PERSONS AND ENTITIES WHO ARE
> PARTIES TO THE EXECUTORY CONTRACTS OR
> UNEXPIRED LEASES LISTED ON <u>ANNEX A</u>
> ATTACHED TO THIS NOTICE

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. <u>Contract Procedures Order; Non-Exclusive Plan Assumption List</u>. On August 4, 2014, the United States Bankruptcy Court for the Eastern District of Michigan (the "<u>Bankruptcy Court</u>") entered an Order (the "<u>Contract Procedures Order</u>") approving, among other things, certain procedures with respect to the proposed assumption or assumption and assignment of Executory Contracts

and Unexpired Leases pursuant to the Eighth Amended Plan of Adjustment of Debts of the City of Detroit, Michigan (Docket No. 8045) (as it may be further amended, the "Plan").[1] On November 21, 2014, the City filed with the Bankruptcy Court a list of Executory Contracts and Unexpired Leases that it intends to assume pursuant to the Plan (the "Non-Exclusive Plan Assumption List"). Pursuant to the applicable provisions of the Contract Procedures Order and the Plan, by identifying agreements on the Non-Exclusive Plan Assumption List, the City proposes to assume such Executory Contracts and Unexpired Leases, effective as of the Effective Date. You will receive an additional notice of the occurrence of the Effective Date when the Effective Date occurs.

2. Executory Contracts and Unexpired Leases to Be Assumed. You (or your affiliate or client) are a counterparty to one or more Executory Contracts or Unexpired Leases listed on the Non-Exclusive Plan Assumption List, which agreements are identified on Annex A hereto (each such agreement on Annex A, an "Assumed Agreement").[2] With respect to each Assumed Agreement,

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

[2] The inclusion of an Assumed Agreement on the Non-Exclusive Plan Assumption List and on Annex A hereto incorporates any modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Assumed Agreement, unless such modification,

Annex A identifies, among other information: (a) the proposed Cure Amount Claim required to be paid by the City pursuant to section 365(b)(1) of the Bankruptcy Code (if any); and (b) the identity of any assignee to which the City proposes to assign the Assumed Agreement (if any). Pursuant to Section II.D.3 of the Plan, the Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 8272), entered on November 12, 2014, constitutes an order of the Bankruptcy Court approving the assumption of each Assumed Agreement, effective as of the Effective Date.

3. <u>Assumption of Agreements Not Identified on Non-Exclusive Plan Assumption List</u>. The Plan provides that the City also is assuming any Executory Contract or Unexpired Lease not listed as an Assumed Agreement and not previously assumed, assumed and assigned or rejected pursuant to (a) an order of the Bankruptcy Court or (b) the express provisions of the Plan, regardless of whether such agreement is listed on the Non-Exclusive Plan Assumption List.

4. <u>Reservation of Rights; Additional Notice</u>. Pursuant to the Contract Procedures Order, the City retains the right to amend the Non-Exclusive Plan Assumption List to (a) modify the proposed Cure Amount Claim for any Assumed Agreement and (b) otherwise change any information related to an

---

    amendment, supplement, restatement or other agreement is rejected pursuant to Section II.D.6 of the Plan.

Assumed Agreement on such list. The City will provide further notice of any such amendments to each party to an Assumed Agreement affected thereby no later than five days after the filing of the notice describing and effecting such amendment. Further, listing a contract or lease on the Non-Exclusive Plan Assumption List or Annex A hereto does not constitute an acknowledgment or agreement by the City, or a determination of the Bankruptcy Court, that such contract or lease is an Executory Contract or Unexpired Lease, and the City reserves all rights with respect thereto. Each contract or lease identified on Annex A shall be assumed only to the extent that any such contract or lease constitutes an Executory Contract or Unexpired Lease.

5. <u>Objections to Proposed Assumption</u>. Pursuant to the Contract Procedures Order, if you wish to object to (a) the proposed assumption of an Assumed Agreement(s) to which you are a counterparty, (b) the amount of the related Cure Amount Claim (if any) or (c) any related assignment, you must file with the Bankruptcy Court and serve on counsel to the City, at the addresses set forth in the signature block below, a written objection (an "<u>Assumption Objection</u>") setting forth the basis for such objection.

  (i) For Assumed Agreements, an Assumption Objection must be filed with the Bankruptcy Court and served on counsel to the City no later than 14 days after the service of this Notice (<u>i.e.</u>, by December 9, 2014).

(ii) The City may file a reply to an Assumption Objection (an "Assumption Reply") no later than ten days after the filing of such an Assumption Objection.

If no Assumption Objection is properly and timely filed and served with respect to an Executory Contract or Unexpired Lease (including Assumed Agreements identified on Annex A), (a) the proposed assumption (and assignment, if applicable) of such agreement will be deemed approved in accordance with the Plan, effective as of the Effective Date, and (b) the proposed Cure Amount Claim related to such agreement will be deemed approved and will be paid in accordance with the Plan, without further action of the Bankruptcy Court. To facilitate settlement discussions, the deadline to file an Assumption Objection or an Assumption Reply may be extended by a written agreement of the contract counterparty and the City.

6. Resolution of Assumption Objection. If an Assumption Objection is timely filed and served, the parties shall confer regarding the potential resolution of the Assumption Objection for at least a seven-day period after the Assumption Objection is filed. In this regard, the City invites you to contact M. Butch Hollowell, Esq., Corporation Counsel, City of Detroit Law Department, at butchhollowell@gmail.com or (313) 224-4550 to seek to resolve your Assumption Objection prior to or after filing such Assumption Objection.

7. Scheduling of Hearing on Assumption Objection. If an Assumption Objection is timely filed and the parties are unable to resolve the

Assumption Objection during this seven-day period, either party may seek to have the dispute heard by the Bankruptcy Court by filing a request for a hearing with the Bankruptcy Court (an "Assumption Hearing Request"). Any Assumption Hearing Request shall seek a hearing on a date that is at least ten days after the date of filing of such request.

8. <u>Rejection of Executory Contracts and Unexpired Leases Where Assumption Denied</u>. If an Assumption Objection is not resolved in favor of the City with respect to a proposed assumption, proposed assumption and assignment or proposed Cure Amount Claim, the applicable Executory Contract or Unexpired Lease may be designated by the City for rejection, which shall be deemed effective as of the Effective Date, pursuant to Section II.D.3 of the Plan. If the City designates any agreement identified on <u>Annex A</u> for rejection pursuant to Section II.D.3 of the Plan, you will receive a Rejection Notice (as such term is defined in the Contract Procedures Order).

9. <u>Document Website</u>. The most recently filed Non-Exclusive Plan Assumption List, as well as other information regarding the City's Chapter 9 Case, can be found at the City's Document Website at http://www.kccllc.net/Detroit.

-6-

13-53846-tjt    Doc 8903    Filed 12/18/14    Entered 12/18/14 20:05:50    Page 10 of 12

Dated: November 25, 2014        Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
  STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

# ANNEX A

## Assumed Agreements

| Name of Counterparty | Vendor # | Contract # | Description | City Department | Cure Amount |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |