UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

# EXHIBIT 4

# APPELLEE STATE OF MICHIGAN'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

in connection with Notice of Appeal filed by Lucinda Darrah
[Dkt. #8812]

| Item | Date Filed | Docket Number | Description |
|---|---|---|---|
| 4 | 8/26/2013 | 642 | Order Regarding Eligibility Objections Notices of Hearings and Certifications Pursuant to 28 U.S.C. Section 2403(a) & (b) |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,
    Debtor.
_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

**Order Regarding Eligibility Objections
Notices of Hearings
And
Certifications Pursuant to 28 U.S.C. § 2403(a) & (b)**

> *This order includes a special notice of hearing to individuals who filed eligibility objections. Please see part VIII, page 6.*

## I. Introduction

One hundred nine parties filed timely objections to the City's eligibility to file this bankruptcy case under § 109 of the Bankruptcy Code.[1]  The Court appreciates the effort of each of the parties in this process.

The Court has thoroughly reviewed each of the filed objections, as well as the Statement Regarding the Michigan Constitution and the Bankruptcy of the City of Detroit that Michigan Attorney General Bill Schuette filed. (Dkt. #481)  Some objections raise only legal issues, while others require the Court to resolve factual issues.  The Court will address each in an appropriate manner.

## II. Eligibility Objections Raising Only Legal Issues

The following objections raise only legal issues:

1. Chapter 9 of the Bankruptcy Code violates the United States constitution.
    Asserted by:
        484  Local 324, International Union of Operating Engineers
        486  Local 517M, Service Employees International Union

---

[1] The Court previously allowed the Retiree Committee 14 days from the retention of its counsel to file eligibility objections.  The Court anticipates that in light of the thorough objections that parties have already filed, including some objections by members of the Retiree Committee, this amount of time is sufficient.  The Court also anticipates that the Retiree Committee will promptly retain counsel.  The Court will give full consideration to any request by the Committee for relief from any established deadlines upon a showing that relief is necessary to protect its interests or to present its position to the Court.

  505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

2. The Bankruptcy Court does not have the authority to determine the constitutionality of Chapter 9 of the Bankruptcy Code.
  Asserted by:
    484 Local 324, International Union of Operating Engineers
    486 Local 517M, Service Employees International Union
    505 Michigan Council 25 Of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees

3. Michigan Public Act 436 of 2012 violates the Michigan constitution and therefore the City was not validly authorized to file this bankruptcy case as required for eligibility by 11 U.S.C. § 109(c)(2).
  Asserted by:
    484 Local 324, International Union of Operating Engineers
    486 Local 517M, Service Employees International Union
    504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
    505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
    506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
    519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
    520 Retired Detroit Police Members Association

4. The Bankruptcy Court does not have the authority and jurisdiction to determine the constitutionality of Michigan Public Act 436 of 2012.
  Asserted by:
    384 Krystal Crittendon

5. Detroit's Emergency Manager is not an elected official and therefore did not have valid authority to file this bankruptcy case as required for eligibility by 11 U.S.C. § 109(c)(2).
  Asserted by:
    384 Krystal Crittendon

6. Because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).
  Asserted by:
    484 Local 324, International Union of Operating Engineers
    486 Local 517M, Service Employees International Union
    495 David Sole

> 502 Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
> 504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
> 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
> 506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
> 512 The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
> 514 Center for Community Justice and Advocacy
> 519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
> 520 Retired Detroit Police Members Association

7. Because of the proceedings and judgment in *Gracie Webster, et al. v. The State of Michigan, et al.*, Case No. 13-734-CZ (Ingham County Circuit Court), the City is precluded by law from claiming that the Governor's authorization to file this bankruptcy case was valid, as required for eligibility by 11 U.S.C. § 109(c)(2).
   Asserted by:
   > 495 David Sole
   > 519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit

### III. Notice of Hearing on Eligibility Objections That Raise Only Legal Issues

The Court further concludes that a prompt oral argument on these legal issues will promote just, speedy, and efficient determination of the City's eligibility to be a debtor in Chapter 9 under § 109(c) of the Bankruptcy Code. Accordingly, the Court will hear oral argument on these legal issues on **September 18, 2013 at 10:00 a.m.**, in Courtroom 716, Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, Michigan.

### IV. Procedures Regarding Eligibility Objections That Raise Only Legal Issues

At the oral argument, the objecting parties shall proceed first and share 120 minutes for their opening arguments and 30 minutes for their rebuttal arguments. The City and the Attorney General shall then share 120 minutes for their opening arguments and 30 minutes for their surrebuttal arguments.

On the objecting parties' side, the parties that are identified above are requested to confer in advance of the oral argument for the purpose of agreeing on the allocation of time among them (within the time limits established in this order) and on the order of their presentations. Attorney Robert Gordon is requested to organize and supervise these discussions.

Designates of the City, the Michigan Attorney General, the Attorney General of the United States, and the United States Attorney for the Eastern District of Michigan are requested to confer in advance of the oral argument for the purpose of agreeing on the allocation of time

3

13-53846-swr Doc 904 Filed 08/26/13 Entered 08/26/13 17:38:38 Page 3 of 12

among them (within the time limits established in this order) and on the order of their presentations. Attorney David Heiman (or his designate) is requested to organize and supervise these discussions.

By the day before the argument, each side shall file its agreement, if any, regarding the allocation of time and the order of presentation. If either side is unable to agree, the Court will determine the allocation of time among the parties and the order of their presentations, and will announce its determination at the beginning of the argument.

**V. Eligibility Objections That Require the Resolution of Genuine Issues of Material Fact**

The Court further concludes that the following specific objections require the resolution of genuine issues of material fact at the trial that the Court previously scheduled for October 23, 2013:

8. The City was not "insolvent," as required for eligibility by 11 U.S.C. § 109(c)(3) and as defined in 11 U.S.C. § 101(32)(C).
    Asserted by:
    - 484  Local 324, International Union of Operating Engineers
    - 486  Local 517M, Service Employees International Union
    - 502  Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
    - 505  Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
    - 520  Retired Detroit Police Members Association

9. The City does not desire "to effect a plan to adjust such debts," as required for eligibility by 11 U.S.C. § 109(c)(4).
    Asserted by:
    - 484  Local 324, International Union of Operating Engineers
    - 486  Local 517M, Service Employees International Union
    - 504  Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
    - 506  International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
    - 520  Retired Detroit Police Members Association

10. The City did not negotiate in good faith with creditors, as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(B).
    Asserted by:
    - 484  Local 324, International Union of Operating Engineers
    - 486  Local 517M, Service Employees International Union
    - 502  Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
    - 504  Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman

- 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
- 506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
- 512 The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
- 517 Michigan Auto Recovery Service
- 519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit
- 520 Retired Detroit Police Members Association

11. The City was not "unable to negotiate with creditors because such negotiation is impracticable," as required (in the alternative) for eligibility by 11 U.S.C. § 109(c)(5)(C).
    Asserted by:
    - 484 Local 324, International Union of Operating Engineers
    - 486 Local 517M, Service Employees International Union
    - 502 Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association, and Shirley V. Lightsey
    - 504 Robbie Flowers, Michael Wells, Janet Whitson, Mary Washington and Bruce Goldman
    - 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
    - 506 International Union, United Automobile, Aerospace and Agricultural Implement Workers of America
    - 512 The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
    - 519 General Retirement System of the City of Detroit, Police and Fire Retirement System of the City of Detroit

12. The City's bankruptcy petition should be dismissed because it was filed in bad faith under 11 U.S.C. § 921(c).
    Asserted by:
    - 484 Local 324, International Union of Operating Engineers
    - 486 Local 517M, Service Employees International Union
    - 505 Michigan Council 25 of The American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees
    - 519 The Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association, and the Detroit Police Command Officers Association
    - 520 Retired Detroit Police Members Association

## VI. Order Regarding the Eligibility Objection in Paragraph 9

As identified in paragraph 9, among the matters for trial will be the objection that the City does not desire "to effect a plan to adjust such debts," as required for eligibility by 11 U.S.C. § 109(c)(4). More specifically, these objections assert that the Emergency Manager intends to propose a plan that that would impair the pension rights of employees and retirees in violation of the Michigan constitution and that such a plan cannot be confirmed. These objections further assert that therefore the City does not desire "to effect a plan to adjust such debts," as required for eligibility by 11 U.S.C. § 109(c)(4).

The Court fully recognizes and appreciates the extraordinary importance of the pension rights of the City's employees and retirees in this case and of how the City will ultimately propose to treat those rights. It is an important question not only to the City's employees, retirees and unions, but also to all of the parties in the case.

However, the requirement of eligibility that the City desires "to effect a plan to adjust such debts" under 11 U.S.C. § 109(c)(4) does not obligate the City to prove that any particular plan that it might later propose is confirmable. Accordingly, the Court will not consider the issue of the treatment of pension rights when considering the eligibility objection in paragraph 9. The Court fully preserves the opportunity of all parties to present their positions relating to the City's treatment of pension rights when the debtor requests confirmation of a plan, or, perhaps, in some other appropriate context. To meet the requirement of 11 U.S.C. § 109(c)(4), the City need only prove more generally that it desires "to effect a plan to adjust such debts."

## VII. Order Regarding Discovery Related to Eligibility Objections

The Court concludes that the following limitations on discovery are appropriate:

1. Discovery related to eligibility objections is limited to the objections that raise factual issues, identified in paragraphs 8-12 above.

2. On the objecting parties' side, discovery may be propounded only by those parties who filed the eligibility objections that the Court identified in those paragraphs.

## VIII. Notice of Hearing to Individuals Who Filed Eligibility Objections

The Court recognizes that many individuals (other than those listed in paragraphs 1-12 above), most without counsel, also filed timely objections. The Court offers these individuals an opportunity to be heard on their objections. This hearing will be on **September 19, 2013, at 10:00 a.m.** in Courtroom 242, Theodore Levin U.S. Courthouse, 231 West Lafayette Blvd., Detroit, Michigan. *This opportunity is only for individuals that filed timely objections.* These parties are identified on the attached Exhibit A.

Just as the Court imposed time limits on the attorneys identified above, the Court must also impose a time limit on these individuals as well, due to the number of these individuals. Therefore, each individual who filed a timely objection may address the Court for 3 minutes regarding the objection. The City shall have 30 minutes to respond. No rebuttal will be permitted.

Due to security screening, the Court encourages the individuals that accept this opportunity to address the Court regarding their eligibility objections to arrive at the courthouse at least 60 minutes before the scheduled start time of the hearing. At 9:00 a.m., the court staff

will begin to check in these individuals and will give each party a number establishing the order of speaking.

### IX. Certifications Pursuant to 28 U.S.C. § 2403(a) and (b)

Pursuant to 28 U.S.C. § 2403(a), the Court hereby certifies to the Attorney General of the United States that the constitutionality of Chapter 9 of Title 11 of the United States Code under the United States constitution is drawn in question in this case. The Court permits the United States to intervene for argument on the question of the constitutionality of Chapter 9 of the Bankruptcy Code and shall, subject to the applicable provisions of law, have all the rights of a party.

Pursuant to 28 U.S.C. § 2403(b), the Court hereby certifies to the Attorney General of the State of Michigan that the constitutionality of Michigan Public Act 436 of 2012 under the Michigan constitution is drawn in question in this case. The Court permits the State of Michigan to intervene for argument on the question of the constitutionality Michigan Public Act 436 of 2012 under the Michigan constitution and shall, subject to the applicable provisions of law, have all the rights of a party.

### X. Untimely Objections

All untimely objections, identified on the attached Exhibit B, are overruled.

### XI. Opportunity to Comment or Object

Parties may file objections to or comments on this order by September 6, 2013.

### XII. Service

The clerk shall serve copies of this "Order Regarding Eligibility Objections, Notices of Hearings and Certifications Pursuant to 28 U.S.C. § 2403(a) & (b)" upon all parties who filed eligibility objections, the City, and the Attorney General of the State of Michigan. It is not necessary to serve the objections asserting the unconstitutionality of Michigan Public Act 436 of 2012 upon the Michigan Attorney General because his counsel was already served with those objections through electronic notice by ECF.

Pursuant to Rule 4(i) Federal Rules of Civil Procedure (applicable to the eligibility objections in this case under Rules 4(a)(1) and 9014(b) of the Federal Rules of Bankruptcy Procedure), the clerk shall also serve copies of this "Order Regarding Eligibility Objections, Notices of Hearings and Certifications Pursuant to 28 U.S.C. § 2403(a) & (b)", together with copies of the objections identified in paragraph 1 above, by registered or certified mail, upon both the Attorney General of the United States at Washington, D.C. and the civil process clerk at the United States Attorney's office in the Eastern District of Michigan.

It is so ordered.

                                                                /s/ Steven Rhodes
                                                              Steven Rhodes
                                                              United States Bankruptcy Judge

August 26, 2013

# EXHIBIT A

## Individuals Who Are Invited to Address the Court Regarding Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.

| NAME | Docket # |
| --- | --- |
| Michael Abbott | 385 |
| Association of Professional and Technical Employee (APTE) | 482 |
| Linda Bain | 474 |
| Randy Beard | 480 |
| Russell Bellant | 402, 405 |
| Michael G. Benson | 388 |
| Cynthia Blair | 492 |
| Dwight Boyd | 412 |
| Charles D. Brown | 460, 491 |
| Lorene Brown | 403 |
| Paulette Brown | 431 |
| Rakiba Brown | 467 |
| Regina Bryant | 338, 339 |
| Mary Diane Bukowski | 440 |
| David Bullock | 393 |
| Claudette Campbell | 408 |
| Johnnie R. Carr | 413 |
| Sandra Carver | 469 |
| Raleigh Chambers | 409 |
| Alma Cozart | 400 |
| Leola Regina Crittendon | 454 |
| Angela Crockett | 455 |
| Lucinda J. Darrah | 447, 477 |
| Joyce Davis | 392 |
| Sylvester Davis | 435 |
| William Davis | 430 |
| Elmarie Dixon | 414 |
| Mary Dugans | 415 |
| Lewis Dukens | 394 |
| David Dye | 448 |
| Jacqueline Esters | 416 |
| Arthur Evans | 463 |
| Jerry Ford | 432 |
| William D. Ford | 417 |
| Ulysses Freeman | 429 |
| Olivia Gillon | 401 |
| Donald Glass | 386 |

# EXHIBIT A

## Individuals Who Are Invited to Address the Court Regarding Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.

| Name | Number |
|---|---|
| Lavarre W. Greene | 465 |
| William Hickey | 442 |
| LaVern Holloway | 397 |
| William J. Howard | 433 |
| Joanne Jackson | 437 |
| Ailene Jeter | 457 |
| Sheilah Johnson | 451 |
| Stephen Johnson | 418 |
| Joseph H. Jones | 389 |
| Sallie M. Jones | 419 |
| Aleta Atchinson-Jorgan | 462 |
| Zelma Kinchloe | 396 |
| Timothy King | 489 |
| Keetha R. Kittrell | 427 |
| Michael Joseph Karwoski | 510 |
| Roosevelt Lee | 468 |
| Althea Long | 399 |
| Edward Lowe | 425 |
| Lorna Lee Mason | 428 |
| Deborah Moore | 470 |
| Deborah Pollard | 421 |
| Larene Parrish | 420 |
| Lou Ann Pelletier | 335 |
| Michael K. Pelletier | 337 |
| Heidi Peterson | 513 |
| Helen Powers | 404 |
| Alice Pruitt | 472 |
| Samuel L. Riddle | 422 |
| Kwabena Shabu | 426 |
| Michael D. Shane | 443 |
| Karl Shaw | 398 |
| Frank Sloan, Jr. | 436 |
| Gretchen R. Smith | 494 |
| Horace E. Stallings | 464 |
| Thomas Stephens | 461 |
| Dennis Taubitz | 446 |
| Charles Taylor | 423 |
| Marzelia Taylor | 475 |
| The Chair of St. Peter | 493 |

# EXHIBIT A

## Individuals Who Are Invited to Address the Court Regarding Their Objections to Eligibility at a Hearing on September 19, 2013 at 10:00 a.m.

| Name | Number |
|---|---|
| Dolores A. Thomas | 456 |
| Shirley Tollivel | 395 |
| Tracey Tresvant | 390 |
| Calvin Turner | 387 |
| Jean Vortkamp | 439 |
| William Curtis Walton | 411 |
| Jo Ann Watson | 490 |
| Judith West | 444 |
| Preston West | 407 |
| Cheryl Smith Williams | 458 |
| Charles Williams, II | 391 |
| Floreen Williams | 496 |
| Fraustin Williams | 479 |
| Leonard Wilson | 466 |
| Phebe Lee Woodberry | 459 |
| Anthony G. Wright, Jr. | 485 |

# EXHIBIT B

# Eligibility Objections Overruled Because They Were Untimely

| NAME | Docket # |
|---|---:|
| Hassan Aleem and Carl Williams | 565 |
| Charles Chatman | 539 |
| Andrea Edwards | 532 |
| Richard Johnson El-Bey | 536 |
| Xylia Hall | 541 |
| Diane Hutchersun | 530 |
| Michael Jones | 549 |
| Nettie Reeves | 534 |
| Donald Richardson | 633 |