UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

# EXHIBIT 7

# APPELLEE STATE OF MICHIGAN'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL
in connection with Notice of Appeal filed by Lucinda Darrah
[Dkt. #8812]

| Item | Date Filed | Docket Number | Description |
|---|---|---|---|
| 7 | 10/4/2013 | 1085 | Supplemental Response to Eligibility Objections Raising Only Legal Issues filed by interested party State of Michigan |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 9

CITY OF DETROIT, MICHIGAN,  No. 13-53846

Debtor.  HON. STEVEN W. RHODES

# THE STATE OF MICHIGAN'S SUPPLEMENTAL RESPONSE TO ELIGIBILITY OBJECTIONS RAISING ONLY LEGAL ISSUES

Matthew Schneider
Chief Legal Counsel

Aaron D. Lindstrom
Assistant Solicitor General

Margaret A. Nelson
Assistant Attorney General
P.O. Box 30754, Lansing, MI 48909
(517) 373-3203

Steven G. Howell
Special Assistant Attorney General
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425

Attorneys for the State of Michigan
Dated: October 4, 2013    Michigan Dep't of Attorney General

## TABLE OF CONTENTS

    Page

Table of Contents ................................................................................. ii

Index of Authorities ............................................................................ iii

Concise Statement of Issues Presented .................................................. iv

Introduction ........................................................................................ 1

Argument ............................................................................................ 3

I.    Recognizing that Detroit is eligible to be a chapter 9 debtor will not impair a single contract. ..................................................... 3

II.    If authorizing a bankruptcy with the expectation that the bankruptcy will result in contracts being impaired violates either a state or federal contracts clause, then no chapter 9 bankruptcy could ever be filed. ........................................................ 4

Conclusion and Relief Requested ........................................................... 8

Certificate of Service ........................................................................... 10

ii

13-53846-tjt   Doc 8904-7   Filed 12/19/14   Entered 12/19/14 14:18:38   Page 2 of 15
13-53846-swr   Doc 1685   Filed 10/04/13   Entered 10/04/13 15:47:32   Page 2 of 14

# INDEX OF AUTHORITIES

Page

**Cases**

*Louisville Joint Stock Land Bank v. Radford,*
  295 U.S. 555 (1935) ..................................................................................6

*United States v. Bekins,*
  304 U.S. 27 (1938) ................................................................................2, 7

**Statutes**

11 U.S.C. § 109(c)(2) ....................................................................................iv

11 U.S.C. § 943(b) ..........................................................................................3

**Constitutional Provisions**

Mich. Const. art. I, § 10............................................................................5, 6

Mich. Const. art. IX, § 24 ..................................................................... passim

U.S. Const. art. I, § 10, cl. 1 .................................................................2, 5, 7

U.S. Const. art. I, § 10, cl. 2 .........................................................................6

iii

13-53846-tjt Doc 8904-7 Filed 12/19/14 Entered 12/19/14 14:18:38 Page 4 of 15
13-53846-swr Doc 1085 Filed 10/04/13 Entered 10/04/13 15:47:32 Page 3 of 15

# CONCISE STATEMENT OF ISSUES PRESENTED

This Court identified seven legal objections to eligibility in its first order regarding eligibility. (Doc. # 642, 8/26/13 Order, at 1–3.) In light of this Court's second order regarding eligibility (Doc. # 821, 9/12/13, at 1–3), which expanded the scope of issue No. 6, this response will supplement the State's prior discussion of that issue:

6. Whether because the Governor's authorization to file this bankruptcy case did not prohibit the City from impairing the pension rights of its employees and retirees, the authorization was not valid under the Michigan constitution, as required for eligibility by 11 U.S.C. § 109(c)(2).

iv

13-53846-swr  Doc 2093  Filed 12/12/13  Entered 12/12/13 14:13:33  Page 5 of 15
13-53846-swr  Doc 1085  Filed 10/04/13  Entered 10/04/13 15:47:32  Page 5 of 15

## INTRODUCTION

The mere filing of a chapter 9 petition does not impair a single contract. This is evidenced by the fact that not a single one of the numerous objections has attached an affidavit or cited other evidence showing that a single pension has been reduced by the filing.

Declaring that the City is eligible to be a debtor also will not impair a single contract. To the contrary, if any impairment of pension contracts is going to occur—which is an open question, as no plan of adjustment has yet been proposed—that hypothetical impairment would not occur until entry of a confirmation order. Parties that have staked out opposite positions on the effect of Michigan's Pension Clause, Mich. Const. art. IX, § 24, in bankruptcy agree with this point. (*Compare, e.g.*, Doc. # 481, Attorney General's Stmt., at 16 & 19 (arguing the Pension Clause bars "even proposing" any plan of adjustment that would impair pension benefits, yet agreeing that the City is eligible to be a debtor), *and* Doc. # 519, Detroit Ret. Sys. Obj., at 24 (also arguing the Pension Clause applies, but is not an eligibility issue), *with* Doc. # 765, Detroit's Reply, at 30 & 21 (arguing that the

1

Pension Clause does not apply in a bankruptcy, and agreeing the City is eligible to be a debtor).)

Accordingly, all of the eligibility objections relating to the City's unfunded pension obligations are premature. It is a confirmation issue.

To avoid this timing issue, some objections assert that simply filing the bankruptcy *does* impair the pension contracts. Others argue, in the same vein, that the filing should be deemed to impair contracts because some statements by the Emergency Manager suggest that he intends to propose a plan of adjustment that will reduce pension benefits. Under this theory, the Pension Clause acts as a barrier to the bankruptcy, effectively barring the doors of the bankruptcy court.

This argument, if correct, would bar *all* chapter 9 bankruptcies: if a state impairs contractual obligations by applying a law that authorizes a chapter 9 filing, then the state would violate the *federal* Contracts Clause, let alone any state contracts clause, if it allowed a bankruptcy. U.S. Const. art. I, § 10, cl. 1 ("No state shall . . . pass any . . . law impairing the obligation of contracts."). The Supreme Court rejected this theory in 1938. *United States v. Bekins*, 304 U.S. 27, 54 (1938).

# ARGUMENT

**I. Recognizing that Detroit is eligible to be a chapter 9 debtor will not impair a single contract.**

As the State has already explained, simply entering the bankruptcy process by filing a petition and by being deemed eligible to be a debtor does not impair a single contract. (Doc. # 756, State's Resp., at 6.) To the contrary, the Bankruptcy Code makes clear that the City's contractual obligations can be impaired, if at all, only if two events both occur: first, the debtor proposes a plan that includes a reduction of benefits under a pension contract, and second, this Court enters an order confirming such plan. 11 U.S.C. § 943(b). These rules explain why it will be impossible for objectors to provide proof—regardless of what may emerge in discovery—that anyone's pension contract has already been impaired. Indeed, as admitted even by certain parties that have already concluded that accrued pension obligations cannot be impaired in the bankruptcy, the Pension Clause issue is not before the Court now, at the eligibility stage. (*E.g.*, Doc. # 481, Attorney General's Stmt., at 19; Doc. # 519, Detroit Ret. Sys. Obj., at 24 (stating that "whether accrued public pension benefits protected by state

3

constitutional law can be diminished or impaired" is "not before the Court at this juncture").)

II. **If authorizing a bankruptcy with the expectation that the bankruptcy will result in contracts being impaired violates either a state or federal contracts clause, then no chapter 9 bankruptcy could ever be filed.**

Because pension contracts are not actually being impaired, a number of objections suggest pensions should nonetheless be considered to be impaired on the theory that the state knew that the Emergency Manager *intends* to reduce pension benefits via the bankruptcy. For example, AFSCME contends that the Governor violated the Pension Clause "when he failed to condition the City's chapter 9 petition on the complete preservation of vested pension rights despite the clearly available public information that the Emergency Manager intended to use the Governor's authorization to diminish constitutionally sacrosanct pension benefits." (Doc. # 35, AFSCME Obj., at 35.) The UAW similarly argues that the Governor lacked the authority to "authorize such a filing to any extent the bankruptcy was intended to impair accrued pension benefits protected by state law." (Doc. # 506, UAW Obj., at 4.) Other objections raise this same argument. (*E.g.*, Doc.

4

# 504, Flowers Obj., at 3 ("By authorizing the Chapter 9 filing, Governor Synder has intentionally diminished and impaired the accrued financial benefits of Michigan citizens."); Doc. # 495, Sole Obj., at 5; Doc. # 519, Detroit Ret. Sys. Obj., at 1.)

If this intent-based argument—that an intent to allow a future impairment should be considered a present impairment—were correct, then any chapter 9 filing would violate not just state-level contracts clauses, but the federal Contracts Clause as well. After all, just as contracts clauses found in state constitutions prohibit the states from enacting "law[s] impairing the obligation of contract," *e.g.*, Mich. Const. art. I, § 10, the federal Constitution prohibits states from passing any law "impairing the obligation of contracts," U.S. Const. art. I, § 10, cl. 1. This prohibition on impairing contracts extends, unlike Michigan's Pension Clause, to all contracts, not just to contracts involving pensions. Thus, any state authorizing a municipal bankruptcy under state law would be exhibiting an intent to impair contracts—for every bankruptcy impairs contracts—and therefore, according to this theory, would be barred by the Contracts Clause from authorizing a bankruptcy. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S.

555, 589–90 (1935) ("Under the bankruptcy power Congress may discharge the debtor's personal obligation, because, unlike the states, it is not prohibited from impairing the obligations of contracts.").

In other words, just as the UAW (to take one example) argues that the Governor lacked the authority to authorize a bankruptcy "intended to impair accrued pension benefits protected by state law" (Doc. # 506, UAW Obj., at 4), the UAW could equally argue that every state lacks the authority to authorize a filing "intended to impair [contractual obligations] protected by [federal] law."  This theory would mean that contracts clauses, federal as well as state, would close the doors of the bankruptcy courts for all municipalities.

Fortunately, this intent-equals-impairment argument is not correct.  For one, contracts clauses, both federal and state, focus on actual impairment, not possible future impairment.  None of them, including the Pension Clause, makes any mention of intent.  Instead, each prohibits only "impairing" contractual obligations.  U.S. Const. art. I, § 10, cl. 2 ("impairing the obligation of contracts"); Mich. Const. art. I, § 10 ("impairing the obligation of contracts"); Mich. Const. art. IX, § 24 (stating that "accrued financial benefits of each pension plan . . . shall

be a contractual obligation . . . which shall not be diminished or impaired").

For another, the U.S. Supreme Court has upheld the constitutionality of chapter 9 of the Bankruptcy Code after directly addressing the federal Contracts Clause. In *Bekins*, the Supreme Court recognized that the federal Contracts Clause prevented states from impairing contracts: "The natural and reasonable remedy through composition of the debts of the district was not available under state law by reason of the restriction imposed by the Federal Constitution upon the impairment of contracts by state legislation." 304 U.S. at 54. But that federal restriction did not invalidate chapter 9. To the contrary, the Court recognized that states may authorize bankruptcies that will result in the impairment of contracts: "The bankruptcy power is competent to give relief to debtors in such a plight and, if there is any obstacle to its exercise in the case of the districts organized under state law it lies in the right of the State to oppose federal interference." *Id*. The state "acts in aid, and not in derogation, of its sovereign powers" when it "invites the intervention of the bankruptcy power to save its agency which the State itself is powerless to rescue." *Id*. There is

7

simply "no ground for the conclusion that the Federal Constitution," including its contracts clause, "has reduced both sovereigns to helplessness" in the event of a municipality in need of bankruptcy. *Id.*

## CONCLUSION AND RELIEF REQUESTED

The Bankruptcy Code expressly contemplates that eligibility will be determined *before* any plan of adjustment is proposed or confirmed. Deciding eligibility will not impair any contracts, so it would be premature to reach the pension issue at this stage, especially under theories that conflict with Supreme Court precedent.

For these reasons and the reasons in the State's initial response, the State urges the Court to conclude that Detroit is eligible to proceed in chapter 9 bankruptcy.

Respectfully submitted,

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Aaron D. Lindstrom
Assistant Solicitor General

8

13-53846-swr Doc 1065 Filed 10/04/13 Entered 10/04/13 15:47:32 Page 12 of 14
13-53846-tjt Doc 8904-7 Filed 10/09/14 Entered 10/09/14 11:18:38 Page 13 of 15

Dated: October 4, 2013

Margaret A. Nelson
Assistant Attorney General

Steven G. Howell
Special Assistant Attorney General
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425

Attorneys for the State of Michigan
Michigan Dep't of Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2013, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

*/s/Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Attorney for the State of Michigan
Michigan Department of Attorney General

10

13-53846-tjt;wr Doc 8904;7 Filed 10/09/14 Entered 10/09/14 11:18:38 Page 15 of 15
13-53846-swr Doc 1085 Filed 10/04/13 Entered 10/04/13 15:47:32 Page 14 of 14