UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

# EXHIBIT 1

## APPELLEE STATE OF MICHIGAN'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

In connection with Notice of Appeal filed by Thomas J. Cipollone [Dkt. #8462]

| Item | Date Filed | Docket Number | Description |
|---|---|---|---|
| 1 | 6/30/2014 | 5667 | Brief Pursuant to Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures Filed by Interested Party State of Michigan |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

    Debtor.

Chapter 9
No. 13-53846

HON. STEVEN W. RHODES

# STATE OF MICHIGAN'S BRIEF PURSUANT TO ORDER IDENTIFYING LEGAL ISSUES, ESTABLISHING SUPPLEMENTAL BRIEFING SCHEDULE AND SETTING HEARING DATES AND PROCEDURES [DKT. #5235]

Matthew Schneider (P62190)
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan  48909
517.373.3203

Steven G. Howell (P28982)
Special Assistant Attorney General
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226-3425

Attorneys for the State of Michigan

Dated:  June 30, 2014

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................... i

INDEX OF AUTHORITIES ............................................................. ii

CONCISE STATEMENT OF ISSUE PRESENTED ............................... 1

INTRODUCTION ............................................................................ 2

ARGUMENT .................................................................................. 3

    A.    Although the State is not responsible for the Indirect 36th District Court Claims, the injunction and release provisions were not intended to bar actions by the Indirect 36th District Court Claimants against the State. ................................................................................ 3

    B.    The injunction against enforcing claims against the 36th District Court is appropriate. ......................................... 6

CONCLUSION ............................................................................. 10

i

13-53846-tjt wr Doc 8918-1 Filed 02/10/14 Entered 02/10/14 12:25:50 Page 2 of 15
13-53846-swr Doc 5667 Filed 06/30/14 Entered 06/30/14 14:23:49 Page 2 of 15

# INDEX OF AUTHORITIES

**Cases**

*46th Cir. Trial Court v. Cnty. of Crawford*, 476 Mich. 131 (2006) ........... 5

*Anspach v. City of Livonia*, 140 Mich.App. 403 (1985) ............................ 4

*Cameron v. Monroe Cnty. Probate Court*, 457 Mich. 423 ......................... 4

*Employees and Judge of the Second Judicial Dist. Court v. Cnty of Hillsdale*, 423 Mich. 705 (1985) ......................................................... 5

*Grand Traverse Cnty. v. State of Michigan*, 450 Mich. 457 (1995) .......... 4

*Ottawa Cnty. Controller v. Ottawa Probate Judge*, 156 Mich.App. 594 (1986) ........................................................................................ 7, 8

**Statutes**

Mich. Comp. Laws § 600.8103 ............................................................. 4, 6

Mich. Comp. Laws § 600.8379 ................................................................. 7

**Other Authorities**

*Const. 1963, art. 6* .................................................................................... 4

*Const. 1963, art. 9* .................................................................................... 5

ii

13-53846-tjwr Doc 8918-1 Filed 06/30/14 Entered 06/30/14 12:25:50 Page 4 of 15
13-53846-swr Doc 5667 Filed 06/30/14 Entered 06/30/14 12:23:49 Page 3 of 15

# CONCISE STATEMENT OF ISSUE PRESENTED

In its Order Identifying Legal Issues, Establishing Supplemental Briefing Schedule and Setting Hearing Dates and Procedures [Dkt. #5235], the Court identified fourteen issues that may be determinable as a matter of law. The State of Michigan will address issue no. 8:

> Whether § II.B.3.u.i and § III.D.5 of the Plan, relating to the treatment of the claims against the 36th District Court, violate the Bankruptcy Code.

1

13-53846-tjt  Doc 5667  Filed 06/30/14  Entered 06/30/14 13:25:50  Page 5 of 15
13-53846-swr  Doc 8916-1  Filed 12/30/14  Entered 12/30/14 12:25:50  Page 4 of 14

# INTRODUCTION

Issue No. 8 arose from the objections of Local 3308 and Local 917 of the American Federation of State, County and Municipal Employees [Dkt. #4552] and a group of court officers (Carlton Carter, Bobby Jones, Roderick Holley, and Richard T. Weatherly). Dkt. #4625. The Locals and Court Officers object to provisions of the injunction and release provisions of the City's Plan that prohibit the Indirect 36th District Court Claimants from pursuing claims against the State and the 36th District Court.

Although the State does not concede that such claims against the State would be valid, because the injunction and release provisions of the City's Plan were not intended to bar actions by the Indirect 36th District Court Claimants against the State, the State is in agreement with the City's intention to "amend the Plan to make this clear and to expressly carve out the State and the State Related Entities from the injunction against the Indirect 36th District Court Claims." Dkt. #5034, ¶ 316. This amendment resolves the issue raised by the Locals and the Court Officers of whether the injunction and release provisions in the City's Plan - as they relate to the State - are appropriate because the amended Plan will

not bar the Indirect 36th District Court Claimants from pursuing claims, if any, against the State.

But, the injunction provisions in the City's Plan against Indirect 36th District Court Claimants pursuing payment of their claims by the 36th District Court are appropriate because any funds collected by the Indirect 36th District Court Claimants from the 36th District Court will ultimately actually be paid by the City.

## ARGUMENT

**A. Although the State is not responsible for the Indirect 36th District Court Claims, the injunction and release provisions were not intended to bar actions by the Indirect 36th District Court Claimants against the State.**

The injunction and release provisions of the Plan were not intended to relieve the State of obligations it may have, if any, to holders of Indirect 36th District Court Claims. Therefore, the State is in agreement with the City's intention to "amend the Plan to make this clear and to expressly carve out the State and the State Related Entities from the injunction against the Indirect 36th District Court Claims." Dkt. #5034, ¶ 316. But, by agreeing with the City's intention to amend the Plan to make clear that it will not bar the Indirect 36th District Court Claimants from pursuing claims against the State, the

3

State is not conceding nor admitting that such claims will be valid. Further, these alleged claims against the State should be pursued, if at all, in the Michigan Court of Claims.

The State is not obligated to fund the operations of the 36th District court. Rather, the City, alone, "is responsible for maintaining, financing and operating" the 36th District Court. Mich. Comp. Laws § 600.8103(3). See also *Cameron v. Monroe Cnty. Probate Court*, 457 Mich. 423, 426 (holding that "supervision and administration of court personnel is a necessary expense of justice for which the county is expected to pay" and that "[i]f the probate court had been found liable to plaintiff, the county would be liable for any resulting judgment as a matter of law"); *Anspach v. City of Livonia*, 140 Mich.App. 403, 410 (1985)).

Michigan law does not require the State to provide funding to the 36th District Court in the event that the City is unable or refuses to provide funding. *Grand Traverse Cnty. v. State of Michigan*, 450 Mich. 457, 469 (1995) (plaintiffs unsuccessfully argued that the "one court of justice" language of *Const. 1963, art. 6, §1* mandated the state's funding of trial courts and that state funding was required by *Const. 1963, art.*

4

9, § 1). Further, although Michigan courts have ordered local funding units to appropriate funding to their local trial courts, (see, *46th Cir. Trial Court v. Cnty. of Crawford*, 476 Mich. 131 (2006), *Employees and Judge of the Second Judicial Dist. Court v. Cnty of Hillsdale*, 423 Mich. 705 (1985)), no Michigan court has ever held that an entity other than the trial court, itself, has standing to seek an order compelling the local funding unit to appropriate funding.

The Locals and the Court Officers assert that the responsibility to fund the operations of the 36th District Court "originates with the State of Michigan," Dkt. #4552 at 3, that the State is "ultimately responsible to pay their claims, if the 36th District Court or the City fails to pay the claims," Dkt. #4625 at 5, that the State must "adequately fund" the court's operations "in the event that 36th District is unable to maintain its operations after paying its creditors," Dkt. #4552 at 2, and that the funding requirement "revert[s] back to the State" in the event that the City is "unable to pay." Dkt. #4552 at 3. But, the Locals and Court Officers provide no legal authority for such assertions. In fact, the Locals admit that no state court has ever held that the State must fund judgments entered against trial courts. Dkt. #4552 at 6.

The State is not responsible to pay claims against the 36th District Court. Nonetheless, the State agrees with the City's intention to amend its Plan to make clear that the injunction and release provisions of the Plan will not bar the Indirect 36th District Court Claimants from pursuing claims against the State in the Michigan Court of Claims. This amendment should resolve the Locals and the Court Officers' objections to the injunction and release provisions of the Plan.

**B.     The injunction against enforcing claims against the 36th District Court is appropriate.**

The City "is responsible for maintaining, financing and operating" the 36th District Court, Mich. Comp. Laws § 600.8103(3), but no Michigan statute or court decision mandates the manner in which the appropriated funds are disbursed.

Historically, the City has not disbursed funds directly to the 36th District Court to fund the court's operations. In other words, the City does not "prefund" the court's operations. *Declaration of Deborah Green*, Dkt. #1210-1, ¶ 4. Rather, the court submits bills to the City for payment, *Id.* at ¶ 4, and the court's personnel costs are paid directly by the City. *Id.* at ¶ 4. Further, although the 36th District Court collects

6

13-53846-tjt  Doc 8918  Filed 12/19/14  Entered 12/19/14 13:25:50  Page 10 of 15
13-53846-swr  Doc 5967  Filed 06/30/14  Entered 06/30/14 14:13:49  Page 9 of 14

"fines and other charges," *Green Decl.*, ¶ 7, the funds collected are not retained by the court to fund its operations. In accordance with statutory mandate, the court disburses the collected funds to the City, the State and Wayne County. *Green Decl.*, ¶ 7; Mich. Comp. Laws § 600.8379. The City does not segregate these disbursed funds for use in funding the operations of the 36th District Court but rather, the disbursed funds are absorbed into the City's general operating accounts and the City separately appropriates funds for the operations of the court. Thus, the funds the City uses to pay for the operations of the 36th District Court are never *transferred* to the court and neither the appropriated funds nor the funds collected by the court are assets of the court.

Citing *Ottawa Cnty. Controller v. Ottawa Probate Judge*, 156 Mich.App. 594, 605 (1986), the Locals contend that the method by which the City provides funding to the 36th District Court violates the Michigan Constitution because "the City only has the authority to make a lump sum, general appropriation for the court's effective operation" and "cannot make decisions regarding how the money is spent." Dkt. #4552 at 4. The Locals further contend that "[o]nce that appropriation

7

is transferred to the Court, it is the Court's assets." Dkt. #4552 at 4. But, neither *Ottawa Cnty. Controller* nor any other case holds that funds *appropriated* by a funding unit must be *transferred* to the court and that the appropriated funds become property of the court. Contrary to the Locals' contention, the City's funding method does not provide the City with "veto power over all operational decisions of the 36th District." Dkt. #4552 at 4. Rather, the City pays the operating expenses of the court "on an ongoing basis, as bills are forwarded by the 36th District Court to the City for payment." *Green Declaration*, ¶ 3. The 36th District Court, not the City, decides which bills to submit for payment and controls decisions relating to the salaries of its employees. Therefore, the City's funding method does not violate Michigan law.

The Court Officers suggest that payment of the Indirect 36th Court Claims by the 36th District Court will not jeopardize the success of the City's Plan because the court annually "generates its own funds" that exceed the amounts needed to fund the court's operations. Dkt. #4625 at 12. This statement is simply incorrect. Typically, the 36th District Court annually disburses approximately $14.5 million to the City from the fines and other charges the court collects, Dkt. #3382 at

8

13-53846-tjt  Doc 5667  Filed 06/30/14  Entered 06/30/14 14:23:49  Page 12 of 15
13-53846-swr  Doc 8919-1  Filed 02/10/14  Entered 02/10/14 12:25:50  Page 12 of 14

99; *Green Decl.* ¶ 7, but the City annually spends approximately $34.0 million to fund the court's operations. Dkt. #3382 at 99. Thus, the City spends approximately $19.5 million more than it recoups through disbursements from the court. If the Indirect 36th District Court Claimants enforce their claims against the 36th District Court such enforcement will diminish the amount that the 36th District Court disburses to the City, but will not correspondingly decrease the amount that the City must spend to fund the court. In other words, the City must still spend $34.0 million to fund the court yet will recoup less than the $14.5 million it otherwise typically would be disbursed from the court. Thus, if the Indirect District Court Claims are paid from the funds collected by the 36th District Court it will diminish the City's recoupment, and will increase the amount the City must spend to fund the court and, ultimately, the City will actually end up paying for these claims. Therefore, an injunction against the Indirect 36th District Court Claimants pursuing payment of their claims against the 36th District Court is appropriate.

13-53846-tjt  Doc 8951-1  Filed 02/10/14  Entered 02/10/14 12:25:50  Page 13 of 15

## CONCLUSION

The Court should find that the injunction and release provisions of the City's Plan, as amended, does not violate the Bankruptcy Code as they relate to the 36th District Court.

Respectfully submitted,

*/s/ Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Dated: June 30, 2014

Michigan Department of Attorney General

10

13-53846-tjt Doc 5667 Filed 06/30/14 Entered 06/30/14 14:23:49 Page 13 of 14
13-53846-swr Doc 8919-1 Filed 02/10/14 Entered 02/10/14 12:25:50 Page 14 of 15

# CERTIFICATE OF SERVICE

I certify that on June 30, 2014, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

Respectfully submitted,

*/s/ Matthew Schneider*
Matthew Schneider
Chief Legal Counsel
Attorney for State of Michigan
P.O. Box 30754
Lansing, Michigan 48909
(517) 373-3203
SchneiderM7@michigan.gov
[P62190]

Michigan Department of Attorney General

11