UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

# EXHIBIT 15

## APPELLEE STATE OF MICHIGAN'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

In connection with Notice of Appeal filed by
William M. Davis and DAREA [Dkt. #8473].

| Item | Date Filed | Docket Number | Description |
|---|---|---|---|
| 15 | 4/1/2014 | 3707 | Objection to City of Detroit's Plan of Adjustment filed by Mark L. Smith |

Judge Steven W. Rhodes
c/o Clerk of Court
U.S. Bankruptcy Court
Eastern District of Michigan
Southern District
211 W. Fort Street, Suite 1800
Detroit, MI 48226

CASE # 13-53846

April 1, 2014

Dear Sir:

The future financial planning for my post-retirement of April, 2008 was partially based upon the repeated premise that City of Detroit pensions were protected by 'several laws', including 'Federal laws'. Furthermore, as an accounting manager, I knew that pension funds health are easily maintained in a stable organization funded by various types of revenue, including Federal 'flow-thru' funding of many charity programs and zero-profit enterprise activities, as well as the City General Fund. It is abhorrent to learn of proposals to cut City retiree pensions, especially if I believe this is based on factors other than true bankruptcy elements. I wish to stress that several City departments, agencies, and activities have been taken from municipal control without solid reasoning. The corresponding retirees and employees still present a defined benefit obligation versus the absence of deleted matching City activities which produced matching defined benefit assets.

The supposed City bankruptcy is of a liquidity, not equity type. Have all City bank accounts been analyzed by separate and unbiased parties? Is the Court relying upon the report of just a very few individuals with access to cash flow data? It is well known the so-called unfunded pension is mostly due to the national economic downturn from 2008 and continuing to date. Many other pension funds (private and public) have experienced the same or worse inconsequence.

Since my retirement, my income has been diminished by (1) implementation of State income tax on pensions, and (2) a massive shift of health insurance cost from the City to retirees. The proposed cut in my pension, along with the other two violations, would result in a decrease of over 49% of my income. This triple assault on my well-being, and many other retirees, is abhorrent, reprehensible, unsustainable, and totally unacceptable.

I strongly urge the Court to forgo any and all negative changes to City retiree pensions.

Sincerely,

Mark L. Smith