UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

# EXHIBIT 23

## APPELLEE STATE OF MICHIGAN'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

In connection with Notice of Appeal filed by
William M. Davis and DAREA [Dkt. #8473].

| Item | Date Filed | Docket Number | Description |
|---|---|---|---|
| 23 | 5/12/2014 | 4870 | Objection to Chapter 9 Plan filed by Creditor Cecily R. McClellan |

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISON

**Cecily McClellan**
_____
Creditor/Objector,

v

In re:
City OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
KEVYN D. ORR

        Debtor/
_____/

Chapter 9
Case No. 13-53846
Judge Steven W Rhodes

Case No. 14-cv-10434
Hon. Bernard A. Freidman
Magistrate Paul J. Komives

## OBJECTIONS OF THE NOTICE OF FILING OF REDLINED VERSIONS OF (A) FOURTH PLAN FOR THE ADJUSTMENT FOURTH PLAN FOR THE ADJUSTMENT OF THE CITY OF DETROIT AND (B) FOURTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT ISSUED MAY 5, 2014

THE NOTICE IS AFTER THE FACT, UNTIMELY, CONTRARY TO THE FACTS AND MISREPRESENTATION OF THE BANK-RUPTCY CODE AND RULES AND HAS NOT BEEN PRESENT-ED IN A GOOD FAITH MANNER.

1. We/I object to the City of Detroit/Kevyn Orr (an agent of the state), so-called Third Amended Notice and the Fourth Notice of filing of redlined version of (A) Fourth Amended Plan for the Adjustment of debts of the City of Detroit and (B) Fourth Amended Disclosure Statement with Respect to Fourth

1

Amended Plan for the Adjustment of Debts of the City of Detroit. The first, second or third notice was not received by many others, <u>as well as the Fourth notice,</u> neither was it posted nor was any public notice given, as required by the 11 U.S.C. Section 923 of the Bankruptcy Code.

a) To clarify the record the Creditors, Objectors and others people of interest was **not personally or publicly notified according to the Bankruptcy Procedures.** In Carl Williams and Hassan Aleem reconsideration of Objections to ineligibility falsely alleging we were untimely with out being notice or notified to chapter 9 Bankruptcy we stated: "most creditors and anyone of interest <u>never received a notice that</u> violated 11 U.S.C. 923 of the Bankruptcy Code. The Bankruptcy rule provides that the clerk, or such other person as the court may direct is to give notice Fed. R. Bankr. P 2002 (f). <u>The notice must also be published "at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case commenced and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates,"</u> in title 11 U.S.C. Sect 923 of the Bankruptcy Code. This simply was not then and certainly not done now. We stated it do not meet the requirements of title 11 of chapter 9 bankruptcy procedures, which is a failure to comply and

meet with the requirements of the bankruptcy rule and code that is grounds for dismissal and denial of due process and equal protection of the law of the 5th and 14th Amendment of the Constitution of the United States. In the present context these principles require that a person have <u>timely</u> and <u>adequate notice</u> detailing the reasons for the notice and an effective opportunity to defend. Goldberg v. Kelly 397 U.S. 254 (1970) citing Armstrong v. Manzo, U.S. 545, 552 (1965). (An opportunity to defend in court and has not been afforded to any of the objectors, creditors, and person or persons of interest. in this matter to the second, third, nor the Fourth Amended Notice). This is also a violation of basic Civil Rights 42 USC 1981 Equal Right under the law and Declaration of Basic Human Rights.

2. **The City of Detroit/Emergency Manager Kevyn Orr continues to use these sale pressure tactics and is not conducting business or proceeding through the bankruptcy process in a good faith manner, which contravened 11 U.S.C. 921 (c).** The City of Detroit/Kevyn Orr as the Emergency Manager issued the third so-called notice dated 4/08/14. Three days normally for mailing which is the eleventh (11th) (4/11/14) day is hardly enough and proper and adequately time to address the notices in the first, second, third, or fourth notices. The Emergency Manager, Kevyn Orr/ City of

Detroit, continue to use the same sale pressure tactics in the Fourth Notice for the Fourth Amend for the Plan of Adjustment and the Disclosure Statement. This time the creditors, objectors, or any one of interest supposedly received notices to the Plan of Adjustment and Disclosure Statement was around or approximately, May 8th or 9th 2014 and according to Disclosure Statement May 12, 2014 is the deadline for filing objections. Only three or four days or less depending on when you received them. The deadline to respond is <u>inadequate, irrational</u>, and a <u>injustice to anybody that plan to respond to make a inform decision</u>. The average time in bankruptcy procedures is normally 14 days in according to Federal Rules of Bankruptcy Procedure Rule 8002 (a) and in Federal Rule of Civil Procedures you are allowed at least 20 or 21 days to respond. These are time limits are meant for lawyer, attorneys and any one with legal expertise in the legal profession. It has been said that most of Detroit ers are illiterate so how do anyone expect them to be able to response in a timely manner or if at all.

This whole procedure from the notices to Plan of Adjustments and Disclosure Statements are not discerning and are incomprehensible to me and the public as a whole. Therefore, Kevyn Orr the emergency manager and the City of Detroit has failed to conduct business or negotiate and comply with the

4

Bankruptcy Code in a manner of good faith and failed to meet the requirements of the Bankruptcy Code, Rules and the procedures, thus this case should be dismissed.

2) The State through the Emergency Manager, Kevyn Orr continue to demonstrated prejudice because there were no financial review team or any analysis prior to appointing the Emergency Manager, Kevyn Orr to determine if it was even necessary to appoint an emergency manager or if bankruptcy was necessary. There was no evaluation of a review team under Public Act 1990 of 72 or Public Act 436.

a) Kevyn Orr, the emergency manager was suppose to began 6 months after being appointed submitting reports every 3 months, thereafter, to the Governor Rick Snyder, the former treasurer then Andy Dillon, the senate majority leader, the speaker of the house of representative, each state senator and state representative who represents the local government that is in receivership, and the clerk of the local government that is in receivership, and shall post on the internet on the website of the local government as required by Public Act 436 section 17. The state through the emergency manager has failed to follow and comply with Public Act 436 and is a procedure due process of law violation of the 5th and 14th Amendment of the Constitution of the United States.

5

b) The State of Michigan ordered a team to review the financial of the City of Hamtramck. It's the second step in a process that could lead to the appointment of an emergency manager. A preliminary review by the state, conducted at the request of city in serious financial condition. (Reported April 18, 2013 Detroit Free Press Page 7A). However, in Detroit there were no review or any analysis by a review team to determine if bankruptcy was even necessary under Public Act 436 or Public Act 72 of 1990. The state wide referendum repealed, abrogated, Public Act 4 and everything under and stemming from it was abolished, therefore, null and void and have no effect, thus violation of due process and equal protection of the law of the 5th and 14th Amendment of the Constitution of the United State.

"The former State Treasurer, Andy Dillon stated that there was no reason to file for bankruptcy and that it was premature."

3) The Bankruptcy Code and Public Act 436 both state that **"only the municipality can file for bankruptcy under chapter 9." Prior to filing the petition the proper step is approval by City Council and the** proper person or official is the Mayor. This simply was not done and the court lacks jurisdiction. **The City of Detroit never legally <u>approved, agreed</u> or <u>consented</u> to the Emergency Manager, Kevyn Orr, filing for bankruptcy and Kevyn Orr concealed this fact from the people by his action and contravened MCL 600.5855 Fraudulent Concealment and 11 U.S.C. 903 (1) a State law pre-**

6

scribing a method of composition of indebtedness of such municipality may not bind any **creditor that does not consent to such composition;** (2) a judgment entered under such a **law may not bind a creditor that does not consent to such composition**, thus Kevyn Orr has, failed to meet <u>the requirement of title 11 U.S.C. 903 (c)</u> and <u>there is no binding consent agreement or contract</u> and previous cited objections and/or a correction **should have been dismissed.** In addition, the State, Kevyn Orr an agent of the state and the City of Detroit concealed the fact that the filing of the bankruptcy suit was supposed to be by the proper person or public official by consent of the creditors through their elected officials. City of Harrisburg Pennsylvania, 465 B.R. 744 (Bankr. M.D.Pa 21).

> **The power to govern remains with the municipality not with the judge or any unelected official, unless State, not Federal, law provides for some alternate system. (121 Cong Rec H39413 (daily ed Dec 9 1975);** remarks of Reps. Kindness and Edward. 11 USC 903 Norton Bankruptcy Law and Practice 3d. Congressional Record Statement (Reform Act of 1978).

4.)   We object to the introduction (1) parties entitled to veto on the Plan on page 188 of 406 stating; "Creditors whose Claims are not impaired by a plan are deemed to accept the plan under section 1126(f) of the Bankruptcy Code and are not entitled to vote. In addition, creditors whose claims are impaired by a plan and who will receive no distribution under such plan also

7

are not entitled to vote because they are deemed to have rejected the plan under section 1126(g) of the Bankruptcy Code. This clearly a violation of due process and equal protection of the law of the 14th Amendment of the Constitution of the United States. The creator or author of this Plan has intentionally with malice are discriminating against Creditors whose are not impaired by this plan by assuming or coercing them to vote yes. There is no guarantee that any of them is going to vote yes because they didn't vote. Thus you have infringed on Creditors whose claim are not impaired and there right to vote and contravened the Wayne County Charter 1.112 This new section enable counties, by vote of the people, to adjust their government structure to meet modern problem effectively and the Voting Right Statute 42 USC 1964 and 1965 and also Basic Human Rights.

The creditors/objectors and others of interest have a **"public right"** derived from a federal regulatory scheme. The Court reviewed the line of cases applying the public-rights doctrine to bankruptcy proceedings Stern v Marshall 131 S. Ct. 2594, 2613 (2011).

6) The Jones Day Law Firm representing both sides the City of Detroit and the Merrily Lynch, Bank of America and UBC Bank is a direct conflict with each other and a conflict of interest by Jones Day that can not serve and repre-

8

sent opposing two master. This clearly contravened the ABA Model Rules of Professional Conduct Rule 1.7: A lawyer <u>shall</u> not represent a client if the representation of that client will be directly adverse to another client, unless:

> (1) the lawyer reasonably believes the representation of will not adversely affect the relationship with the other client and (2) each client consent after consultation

> (2) The client consents after consultation. When representation of multiple clients in a single matter is under taken, the consultation shall include explanation of the of the implications of the common representation and and the advantages and risks involved.

7) We object for the record that none of our objections was addressed and that Magister Steven W Rhodes co- author of the "Ponzi Book a legal resource for unraveling ponzi schemes and he has placed it into practice by his action in this case.

8) We object because the Kevyn Orr the emergency manager and the City of Detroit never responded to any of our objections and according to the Federal Rule of Civil Procedure 8(d) states:

> Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading Averment in a pleading to which no responsive pleading averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

This is indicative that President Obama need to immediately

9

13-53846-tjt Doc 8926-23 Filed 01/2/19/44 Entered 01/2/19/44 16:02:35 Page 10 of 12
13

appoint the Federal Judges to vacancy on the bench to eliminate the racist, bigotry, discriminatory judges that use their office and power to discriminate against every day citizens and violated there Constitutional and Basic Human Rights.

WHEREFORE, and all the above in these objections we demand and pray that the court do the right thing and follow the law in the interest of justice and grant the request and demand to extend the limited amount time to respond and request that the time be extended for at least 20 more days to respond in the interest of justice to dissolute, vacate, and declare the Notice to the Plan of adjustment and Disclosure Statement null and void and have no affect.

Sincerely Submitted

_Cecily McClellan_
Name

_111 Calvert St_
address

_Detroit, MI 48202_
City, State & Zip

_5/12/14_
Date

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

__Carl Williams__
your name     Creditors/Objector,

v

In re:                                                  Chapter 9
City OF DETROIT, MICHIGAN           Case No. 13-53846
AND EMERGENCY MANAGER            Judge Steven W Rhodes
KEVYN D. ORR

                                                         Case No. 14-cv-10434
                Debtor/                           Hon. Bernard A. Freidman
_____ /      Magistrate Paul J. Komives

## PROOF OF SERVICE

__Carl Williams_____, being first duly sworn deposes and
your name

Say that on May___12___2014. I sent a copy of Objection of the Fourth Amended

Plan for the Adjustment of Debts of The City of Detroit Upon the concern parties by

certified mail at the following address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

Emergency Manager
Kenyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign __Carl Williams__

Dated __May 12, 2014__