UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re | No. 13-53846 |
|---|---|
| CITY OF DETROIT, MICHIGAN, | Chapter 9 |
| Debtor. | HON. STEVEN W. RHODES |

# EXHIBIT 81

## APPELLEE STATE OF MICHIGAN'S DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

In connection with Notice of Appeal filed by
William M. Davis and DAREA [Dkt. #8473].

| Item | Date Filed | Docket Number | Description |
|---|---|---|---|
| 81 | 10/23/2014 | 8090 | Objection to Chapter 9 Plan filed by Creditor Wanda Jan Hill |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED (I)

2014 OCT 23 A 8: 51

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

WANDA JAN HILL
Creditors/Objectors,

V

In re:
City of Detroit, Michigan
and Emergency Manager
Kevyn D. Orr, Debtor/City of Detroit

Chapter 9
Case No. 13-53846
Judge Steven W. Rhodes

I, Wanda Jan Hill, creditor /objector, objects to the Plan of Adjustment, Eighth Amendment (Docket 8045) and corrections for the following reasons stated below:

It is unclear whether the 6.75% interest rate charged to the Annuity Saving Fund Recoupment Amount (ASFRA) was mutually known by the Jones Day representatives and other associated parties before, during and after the ASF Election activity. More importantly, the magnitude of an interest rate attached to the ASF is clearly a negotiable item. It is also critically and morally perceived that relevant negotiations and interested parties were also not aware of the attached rate, and therefore could not have made this issue an item of discussion during mediation/negotiation talks. This lack of disclosure and "then" inclusiveness after-the-fact, smacks of other non-disclosure activities that lack respect for court proceedings and the honor of its authority. Examples below:

The 8th amended POA clearly illustrates that significant and material changes occurred within the current amended POA:

1. **May 5, 2014 (4th) Docket 4391,**
73. "Current GRS Retiree Adjustment Cap" means, if the funding from the State Contribution Agreement and the DIA Settlement is received, an ASF/GRS Reduction in an amount not to exceed 20% of the Current Accrued Annual Pension of a person who was a current retiree as of June 30, 2014."

2. **July 25, 2014 (5th) Docket 6257, NO CHANGES FROM 4TH POA**
84. "Current GRS Retiree Adjustment Cap" means, if the funding from the State Contribution Agreement and the DIA Settlement is received, an ASF/GRS Reduction in an amount not to exceed 20% of the Current Accrued Annual Pension of a person who was a current retiree as of June 30, 2014. "

3. **September 16, 2014 (7th) Docket 7502, NO CHANGES FROM 5TH POA**
103. "Current GRS Retiree Adjustment Cap" means, if the funding from the State Contribution Agreement and the DIA Settlement is received, an ASF/GRS Reduction in an amount not to exceed 20% of the Current Accrued Annual Pension of a person who was a current retiree as of June 30, 2014."

4. **October 22, 2014 (8th) Docket 8046, CHANGES INSERTED**
103. "Current GRS Retiree Adjustment Cap" means, if the funding from the State Contribution Agreement and the DIA Settlement is received, an ASF/GRS

20% of the Current Accrued Annual Pension (including an interest component of 6.75% on the ASF Recoupment portion of the ASF/GRS Reduction if the ASF Recoupment is amortized over time) of a person who was a current retiree as of June 30, 2014."

Further, it can be stated that the insertion within the 8th amendment is another new statement that should have been brought out in a timely manner; and moreover, this is information that **all** interested parties needed to know. However, no one seems to know who the responsible party is. It's relevant for the court and interested parties to know, and it's misleading not to uncover the information. [Perhaps GRS should have been present at the October 15, 2014 Hearing]

Whereas, the 8th amendment (Docket 8046) reflects some changes brought out at the Confirmation Hearing by Creditors Without Attorney (October 15, 2014); however, the creditors' issues of changes are not included in the 8th amendment although other court room discussions are found to have been included in the 8th. Further, the language has become vague, vulnerable and apathetically referenced throughout the 8th amended document. One crucial example is:

> As stated by K. Orr and his consultant, the ASF Recoupment recovery period is not on a lifetime/upon death basis. However, in the 8th amendment, and at an opportune time, this concern and issue has not been included and is not defended in a specific and conspicuous manner. Therefore, it smacks of disingenuousness, lacks straight-forwardness and is vulnerable and open for more more unrevealing changes.

Whereby, the 6.75% interest rate lacks in an appropriately timely and revealing manner, these actions are seen as crafty mishandling of a potential mediation/negotiable items, which no one is owning up to. Whereas, to further avoid a potential disclosure matter relevant to the "lifetime/upon death" for the ASF Recovery monthly deduction period, I therefore request: 1) that the ambiguous 6.75% be stricken from the POAs and other court-honored documents and 2) that clear, concise and conspicuous language exist in court-honored documents to reflect that the ASF Recoupment monthly deductions are not on a "lifetime/upon death" basis.

As Submitted:

Creditor, _____*Wanda Jan Hill*_____ / WANDA JAN HILL

16125 Oakfield Street

Detroit, Michigan 48235-3408

313.949.8908


Date: October 22, 2014