# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | ) | |

## NTH CONSULTANTS, LTD.'S OBJECTION TO AMOUNTS OF CURE AMOUNT CLAIMS IN CONNECTION WITH PROPOSED ASSUMPTION OF AGREEMENTS

NTH Consultants, Ltd. ("NTH") objects (the "Objection") to the amounts of the Cure Amount Claims identified in Annex A to Notice Regarding Executory Contracts And Unexpired Leases To Be Assumed Pursuant To Section 365 Of The Bankruptcy Code And Related Procedures, a copy of which is attached hereto as Exhibit A (the "Notice").[1]

1. In Annex A to the Notice, the City identifies the proposed Cure Amount Claims to be paid by the City in connection with the proposed assumption of certain agreements between NTH and the City identified in Annex A to the Notice (the "Agreement"). The Agreements are identified by the City as contract no. 2799263. The City lists each proposed Cure Amount Claim with respect to the contract as $0.00.

2. According to NTH's records, NTH is owed $187,656.63 by the City. *See* Statement, attached hereto as Exhibit B. Under section 365(b)(1) of the Bankruptcy Code, in order to assume the Agreements, the City is required to cure any monetary defaults under the Agreement.

---

[1] Any capitalized terms not defined herein shall have the meanings ascribed to them in the Notice.

3. On November 21, 2014, the Debtor filed its Notice of Filing Non-Exclusive List of Executory Contracts and Unexpired Leases To Be Assumed Pursuant to Eighth Amended Plan for the Adjustment of Debts of the City of Detroit ("List).

4. The List contained approximately 1,863 contacts to be assumed and the Debtor listed the cure amount for every contract as $0.00.

5. Debtor did not use its best efforts to accurately reflect the true cure claim amount and attempted to reduce its known cure amounts.

6. NTH did not receive the Notice until December 13, 2014, four days after the deadline to file an objection to the scheduled cure claim.

7. It appears that the Debtor provided the Notice to NTH's former business address located at 480 Ford Field, 2000 Brush St., Detroit, MI 48226, even though the Debtor had been notified of NTH's new Detroit address of 2990 W. Grand Blvd., Suite M-10, Detroit, MI 48202 approximately four months ago.

8. This cure claim objection is being filed within 14 days of receipt of the Notice and should be allowed because the delay in filing this objection was the result of excusable neglect.

9. Federal Rule of Bankruptcy Procedure 9006(b)(1) provides, in relevant part, that "… when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

10. In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489 (1993) the Supreme Court affirmed a decision of the United States Court of Appeals for

the Sixth Circuit and held that "an attorney's inadvertent failure to file a proof of claim within the deadline set by the court can constitute 'excusable neglect' within the meaning of [Bankruptcy Rule 9006(b)(1)]. *Pioneer* at 383. In so doing, the Supreme Court noted that " 'excusable neglect' … is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392.

11. The *Pioneer Court* concluded:

> With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer* at p. 395.

12. This Court should allow this cure claim objection even though it was less than two weeks after the stated deadline because the untimely filing was the result of excusable neglect, were the fault of the Debtor, and the equities of the situation demand that this objection be allowed.

13. This objection was timely filed after NTH received notice of the improper cure claim amount, and the slight delay does not have an impact the case or the assumption of the executory contract which the Debtor is attempting to assume without paying the requisite cure claim. Allowance of this objection does not impact this case and will not delay any case activities, and therefore the short delay in its filing does not impact this bankruptcy proceeding.

3

201762564.1 28565/122088
13-53846-tjt    Doc 8951    Filed 12/23/14    Entered 12/23/14 17:42:44    Page 3 of 15

14. Under these particular circumstances, the equities favor allowance of NTH's cure claim objection. To disallow this objection under these circumstances, just because it was filed two weeks after the stated deadline would be inequitable, severely prejudicial to NTH and contrary to the Code and case law related to the assumption of executory contracts which requires that the actual cure be paid.

15. Debtors made no effort to determine the actual cure which must be paid and instead attempt to reduce its payment of cure by scheduling all cure claims as $0.00.

WHEREFORE, for the reasons set forth above, NTH respectfully requests that the Court (i) sustain this Objection; (ii) enter an order increasing the amount of the Cure Amount Claim, as applicable, by $187,656.63; and (iii) grant NTH such other and further relief as this Court deems just and proper.

Dated: December 23, 2014 Respectfully submitted,

CLARK HILL PLC

  /s/   David M. Blau
David M. Blau (P52542)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-1817
Facsimile: (248) 988-2336
dblau@clarkhill.com

*Counsel to NTH Consultants Ltd.*

# EXHIBIT "A"

201762564.1 28565/122088
13-53846-tjt    Doc 8951    Filed 12/23/14    Entered 12/23/14 17:42:44    Page 5 of 15

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------x
                                             :
In re                                        :   Chapter 9
                                             :
CITY OF DETROIT, MICHIGAN,                   :   Case No. 13-53846
                                             :
              Debtor.                        :   Hon. Steven W. Rhodes
                                             :
                                             :
---------------------------------------------x

**NOTICE REGARDING EXECUTORY CONTRACTS AND
UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO SECTION 365
OF THE BANKRUPTCY CODE AND RELATED PROCEDURES**

> **TO ALL PERSONS AND ENTITIES WHO ARE
> PARTIES TO THE EXECUTORY CONTRACTS OR
> UNEXPIRED LEASES LISTED ON <u>ANNEX A</u>
> ATTACHED TO THIS NOTICE**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. <u>Contract Procedures Order; Non-Exclusive Plan Assumption List</u>. On August 4, 2014, the United States Bankruptcy Court for the Eastern District of Michigan (the "<u>Bankruptcy Court</u>") entered an Order (the "<u>Contract Procedures Order</u>") approving, among other things, certain procedures with respect to the proposed assumption or assumption and assignment of Executory Contracts

and Unexpired Leases pursuant to the Eighth Amended Plan of Adjustment of Debts of the City of Detroit, Michigan (Docket No. 8045) (as it may be further amended, the "Plan").[1] On November 21, 2014, the City filed with the Bankruptcy Court a list of Executory Contracts and Unexpired Leases that it intends to assume pursuant to the Plan (the "Non-Exclusive Plan Assumption List"). Pursuant to the applicable provisions of the Contract Procedures Order and the Plan, by identifying agreements on the Non-Exclusive Plan Assumption List, the City proposes to assume such Executory Contracts and Unexpired Leases, effective as of the Effective Date. You will receive an additional notice of the occurrence of the Effective Date when the Effective Date occurs.

2. <u>Executory Contracts and Unexpired Leases to Be Assumed</u>. You (or your affiliate or client) are a counterparty to one or more Executory Contracts or Unexpired Leases listed on the Non-Exclusive Plan Assumption List, which agreements are identified on <u>Annex A</u> hereto (each such agreement on <u>Annex A</u>, an "Assumed Agreement").[2] With respect to each Assumed Agreement,

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

[2] The inclusion of an Assumed Agreement on the Non-Exclusive Plan Assumption List and on <u>Annex A</u> hereto incorporates any modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Assumed Agreement, unless such modification,

-2-

13-53846-tjt    Doc 8951    Filed 12/23/14    Entered 12/23/14 17:42:44    Page 7 of 15

Annex A identifies, among other information: (a) the proposed Cure Amount Claim required to be paid by the City pursuant to section 365(b)(1) of the Bankruptcy Code (if any); and (b) the identity of any assignee to which the City proposes to assign the Assumed Agreement (if any). Pursuant to Section II.D.3 of the Plan, the Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 8272), entered on November 12, 2014, constitutes an order of the Bankruptcy Court approving the assumption of each Assumed Agreement, effective as of the Effective Date.

3. <u>Assumption of Agreements Not Identified on Non-Exclusive Plan Assumption List</u>. The Plan provides that the City also is assuming any Executory Contract or Unexpired Lease not listed as an Assumed Agreement and not previously assumed, assumed and assigned or rejected pursuant to (a) an order of the Bankruptcy Court or (b) the express provisions of the Plan, regardless of whether such agreement is listed on the Non-Exclusive Plan Assumption List.

4. <u>Reservation of Rights; Additional Notice</u>. Pursuant to the Contract Procedures Order, the City retains the right to amend the Non-Exclusive Plan Assumption List to (a) modify the proposed Cure Amount Claim for any Assumed Agreement and (b) otherwise change any information related to an

---

amendment, supplement, restatement or other agreement is rejected pursuant to Section II.D.6 of the Plan.

Assumed Agreement on such list. The City will provide further notice of any such amendments to each party to an Assumed Agreement affected thereby no later than five days after the filing of the notice describing and effecting such amendment. Further, listing a contract or lease on the Non-Exclusive Plan Assumption List or Annex A hereto does not constitute an acknowledgment or agreement by the City, or a determination of the Bankruptcy Court, that such contract or lease is an Executory Contract or Unexpired Lease, and the City reserves all rights with respect thereto. Each contract or lease identified on Annex A shall be assumed only to the extent that any such contract or lease constitutes an Executory Contract or Unexpired Lease.

5. <u>Objections to Proposed Assumption</u>. Pursuant to the Contract Procedures Order, if you wish to object to (a) the proposed assumption of an Assumed Agreement(s) to which you are a counterparty, (b) the amount of the related Cure Amount Claim (if any) or (c) any related assignment, you must file with the Bankruptcy Court and serve on counsel to the City, at the addresses set forth in the signature block below, a written objection (an "<u>Assumption Objection</u>") setting forth the basis for such objection.

    (i) For Assumed Agreements, an Assumption Objection must be filed with the Bankruptcy Court and served on counsel to the City no later than 14 days after the service of this Notice (<u>i.e.</u>, by December 9, 2014).

-4-

13-53846-tjt    Doc 8951    Filed 12/23/14    Entered 12/23/14 17:42:44    Page 9 of 15

(ii) The City may file a reply to an Assumption Objection (an "Assumption Reply") no later than ten days after the filing of such an Assumption Objection.

If no Assumption Objection is properly and timely filed and served with respect to an Executory Contract or Unexpired Lease (including Assumed Agreements identified on Annex A), (a) the proposed assumption (and assignment, if applicable) of such agreement will be deemed approved in accordance with the Plan, effective as of the Effective Date, and (b) the proposed Cure Amount Claim related to such agreement will be deemed approved and will be paid in accordance with the Plan, without further action of the Bankruptcy Court. To facilitate settlement discussions, the deadline to file an Assumption Objection or an Assumption Reply may be extended by a written agreement of the contract counterparty and the City.

6. Resolution of Assumption Objection. If an Assumption Objection is timely filed and served, the parties shall confer regarding the potential resolution of the Assumption Objection for at least a seven-day period after the Assumption Objection is filed. In this regard, the City invites you to contact M. Butch Hollowell, Esq., Corporation Counsel, City of Detroit Law Department, at butchhollowell@gmail.com or (313) 224-4550 to seek to resolve your Assumption Objection prior to or after filing such Assumption Objection.

7. Scheduling of Hearing on Assumption Objection. If an Assumption Objection is timely filed and the parties are unable to resolve the

Assumption Objection during this seven-day period, either party may seek to have the dispute heard by the Bankruptcy Court by filing a request for a hearing with the Bankruptcy Court (an "Assumption Hearing Request"). Any Assumption Hearing Request shall seek a hearing on a date that is at least ten days after the date of filing of such request.

8. Rejection of Executory Contracts and Unexpired Leases Where Assumption Denied. If an Assumption Objection is not resolved in favor of the City with respect to a proposed assumption, proposed assumption and assignment or proposed Cure Amount Claim, the applicable Executory Contract or Unexpired Lease may be designated by the City for rejection, which shall be deemed effective as of the Effective Date, pursuant to Section II.D.3 of the Plan. If the City designates any agreement identified on Annex A for rejection pursuant to Section II.D.3 of the Plan, you will receive a Rejection Notice (as such term is defined in the Contract Procedures Order).

9. Document Website. The most recently filed Non-Exclusive Plan Assumption List, as well as other information regarding the City's Chapter 9 Case, can be found at the City's Document Website at http://www.kccllc.net/Detroit.

Dated: November 25, 2014          Respectfully submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## ANNEX A

### Assumed Agreements

| Name of Counterparty | Vendor # | Contract # | Description | City Department | Cure Amount |
|---|---|---|---|---|---|
| NTH CONSULTANTS LTD | 16602 | 2799263 | | WATER DEPARTMENT | $0.00 |

# EXHIBIT "B"

NTH Consultants, Ltd.
Accounts Receivable Aging - DWSD
As of December 23, 2014

| Project | Project_name | Inv | dDate | Amt | Credit | Balance | Amt due Subs | Amt due NTH | Days old |
|---|---|---|---|---|---|---|---|---|---|
| 61110030 | 1490-04 CS-1291 Transfer | 578234 | 9/9/2011 | 74,207.65 | 63,928.15 | 10,279.50 | 10,279.50 | - | 1,201 |
| 61110030 | 1490-04 CS-1291 Transfer | 597505 | 12/12/2014 | 20,894.13 | - | 20,894.13 | 19,398.00 | 1,496.13 | 11 |
| 61110266 | 1490-06 Topographic Survey | 578235 | 9/9/2011 | 19,400.00 | 9,700.00 | 9,700.00 | - | 9,700.00 | 1,201 |
| 61110381 | 1490-01 24-Inch Transmission M R D | 590180 | 7/19/2013 | 334,641.60 | 212,141.60 | 122,500.00 | 56,968.05 | 65,531.95 | 522 |
| 61110527 | 1490-08 Distibution WM Rplcmnt. | 590181 | 7/19/2013 | 72,849.00 | 48,566.00 | 24,283.00 | 10,537.50 | 13,745.50 | 522 |
|  |  |  |  | 521,992.38 | 334,335.75 | 187,656.63 | 97,183.05 | 90,473.58 |  |