CARL WILLIAMS, HASSAN ALEEM AND
DOROTHEA HARRIS
    Creditors/Objectors,

v

In re:
City OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
KEVYN D. ORR
    Debtor/City of Detroit

Chapter 9
Case No. 13-53846
Judge Steven W Rhodes

_____/

# REPLY TO CITY OF DETROIT'S STATEMENT REGARDING DESIGNATION OF THE CONTENTS OF THE RECORD ON APPEAL AND ADDENDUM TO RECONSIDERATION AND REHEARING FILED DECEMBER 15, 2014

Now Comes the Appellants in the above caption reply to the remarks made by the City of Detroit in there designation of the contents of the record on appeal in regards to the invalid order to strike on December 5, 2014(attached as (exhibit 1) and move this court under your oath of office, pursuant to 28 USC 453 and show the following:

1) The "Notice of taking direct appeal to the court of Appeals from the

(1)

United States Bankruptcy court case No.13-53846 on the plan of Adjustment any Confirmation on the plan and oral or any other Opinion on the record, that "clearly states: "28 U.S.C. sec 158 (a) (d)" for a direct appeal to the United State Court of Appeal, therefore, the bankruptcy court lacks jurisdiction to rule on this Notice to the appeal court.

    a) The Six Circuit Court of Appeals has become the first and only Circuit to decide and has ruled in the landmark bankruptcy decision in Stern v. Marshal held that a bankruptcy court, as a non-Article III court (i.e. courts without full judicial independence) lacked constitutional authority under Article III of the United States Constitution to enter a final judgment on a state law counter that is not resolved in the process of ruling on a creditor's proof of claim ,even though Congress purported to grant such statutory authority under 28 U.S.C. sect 157 (b)2(C)that regardless of the consent or wavier of parties, there are certain types of claims that bankruptcy courts do not have constitutional authority to finally decide. See Stern v Marshall 564 U.S. 2 (2011). The Supreme Court further ruled in Waldman 698 F.3d 910 (6th Circuit 2012): Therein, the Six Circuit ruled that parties to a bankruptcy cannot waive the requirement under Article III of the Constitution-the separation of powers that "private rights" claims be adjudicated by Article III courts. Thus, they

(2)

cannot consent to bankruptcy courts entering final judgment on these claims. That case concluded that parties may "not consent to certain adjudication by Article I bankruptcy judge and could also apply to other non-Article III judges, including Federal Magistrate judge could also apply to non-Article III court." Waldman v. Stone, supra. The creditors/objectors never was advised of our right to consent or to magistrate Judge Steven W. Rhodes or that he was a magistrate at the commence of this case and as a matter of fact it was concealed to the creditors/objectors therefore, a violation of MCL 600.5855 fraudulent concealment. The court never advised or informed creditors/objectors that the judge was a magistrate until nine month to year later before it was disclosed and we were denied the opportunity to chose and consent for an magistrate judge or an Article III judge and a violation of the Magistrate Act 28 USC 631(C) (4)(c)(1) and (2), and the above Supreme Courts and the rules of decisions, thus due process of law of the 5th Amendment and 14th Amendment of the Constitution of the United States.

b) The Supreme Court has also held that Article III jurisdiction could not be conferred on non-Article III courts (i.e. courts without the independence and protection given to Article III judges). The U.S. Bankruptcy Courts could not exercise the full powers of an Article III court. Further, more the functions of the

(3)

adjunct court must be limited in such a way so as to preserve the parties rights to adjudication before an Article III court. Congress did retain the power to assign certain matters to non-Article III tribunals, this power was limited to rights created by federal statute and the powers of the tribunal had to be narrower than what an Article III court could exercise. It also the adjudication of cases involving public rights, matters which arise "between the government and persons subject to its authority in connection with the performance of the constitutional functions of the executive or legislative department." 458 U.S. at 67-68. Public rights exist in contrast to private rights, i. e. disputes between two private parties, which are within the judicial power of Article III court. Northern Pipeline Construction Company v Marathon Pipe Line Company, 458 U.S. 50 (1982)

The court has never contacted objectors/creditors as required and notified the creditor/objectors the availability of a magistrate to exercise such jurisdiction. The decision of the parties shall be communicated to the clerk of court. Thereafter, either the district court judge or the magistrate may again advise the parties that they free to withhold consent without adverse substance consequences rule of court for the reference of civil matters to magistrate shall include procedures to protect the voluntariness of the parties' consent. 28 U.S.C. 636 sect (C)

Upon entry of judgment in any case referred under paragraph (1) of this

(4)

subsection, an aggrieved party may appeal directly to the appropriate United States Court of Appeal from the judgment of the magistrate in the same manner as an appeal from any other judgment of the district. 28 USC 636 (4)(c) (2) and (3). This verifies that the order not only contravened the United State Statutes but Magistrate Act as well, thus an evidentiary hearing on the Stay and the court to rescind or withdraw the order.

2) The Bankruptcy court "Order regarding Notice of Direct Appeal," was erroneous, false and misleading with the intent to deny the petitioners the right to file a direct Appeal to the United State Court of Appeal, instead of the District Court or Bankruptcy Appellate Panel. The salient and palpable facts to this unscrupulous misleading and fallacious order show the prejudice of this bankruptcy court toward creditors/objector and has discriminated against them in violation of 42 USC 1983 Civil Right and 5th Amendment of procedural due process of law Rights and the 14th Amendment of equal protection of the law once again for example the Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME)(14-cv-10434-BAF-PJK), Retiree Detroit Police members Association(No.-cv-10438-BAF-PJK), (Fire Fighters Association(RDPFFA)(No.-cv-10438-BAF-PJK),Retiree Committee of the City of Detroit, (No. 14-cv-10436-BAF-PJK); Detroit Retired City Employees Association (No.10437-BAF_PJK)

(5)

Appeal was title "Petition for Permission to Appeal by Appellants the Retiree Association Parties Pursuant to 28 U.S.C. sect 158 (d) (See a copy of the first page as exhibit 2). Also the Notice pursuant to Local rule 42.1 of the city of Detroit's motion to consolidate related appeals and stay briefing the first page and 4th (page as exhibit 3) stating the Appeals, (b) staying all briefing further action with respect to the pending petitions for permission for a direct appeal pursuant to 28 U.S.C. sect 158(d)(2)(A) (the "Petition"). Also FRAP in a Bankruptcy case from a final Judgment, order, or decree of a district court or Bankruptcy Appellate Panel Rule 6 that states the following:

> Applicability of other Rules. These rules apply to an appeal to a Court of Appeals under 28 U.S.C. sect 158 (d) from a final judgment, order, or decree of a district court or bankruptcy court Appellate panel exercising appellate jurisdiction under 28 U.S.C Sect 158 sect (a) or (b).

This explanatory and conclusive prima facie evidence that court order denotes that the notice was not in compliance with the 28 USC sect 158 (d).

3) There is a method of a pattern of denial of due process with this Bankruptcy court against the creditors/objectors and the last imitation of a hearing July 15, 2014, which the magistrate judge Steven W Rhodes has stated they were "presentation" and not "testimony." There were no sworn testimony once again, however, petitioners was allowed to speak but not on December 1, 2014, a

(6)

meeting or gathering masquerade and disguised as a hearing with no sworn testimony, no an effective opportunity to defend by confronting the witnesses, See Goldberg v Kelly 397 U.S. 254 90 S Ct 1011, 252 (1970) citing FCC v. WJR, 337 U.S. 265, 275-277 (1949),not any time to prepare for trial and in this instance deprived and denied due process of the opportunity to speak, That is a 1st Amendment violation of the right to speak, the 5th Amendment procedural due process and 14th Amendment equal protection of the law. In Kelly it expressed "The fundamental requisite of due process of law is the opportunity to be heard." Grannis v Ordean, 234 U.S. 385, 394 (1914)." The hearing must be "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, U.S. 545, 552 (1965). it stated these rights are important in cases such as those before us where recipients have challenged proposed terminations as resting on incorrect or misleading factual premises or misapplication of rules or polices to the facts of the adverse witness, presenting his or her own arguments and evidence orally. The analogy is tantamount in regards to the 12/5/14 order misleading factual premises and misapplication of an order or decision based on incorrect or false information. See Goldberg v Kelly supra, citing FCC v. WJR, 337 U.S. 265, 275-277 (1949). Also see E.g., ICC v. Louisville & N. R. Co., 227 U.S. 88, 93-94 (1913); Wilner v. Committee on Character & Fitness, 373 U.S. 96, 103-104 (1963).

(7)

This smack this case right on the bull's-eye regarding the court order issued on 12/5/14 by the bankruptcy court making an error of law or fact the court has abuse it's discretion. See Molloy v. Metropolitan Transportation Authority 94 F.3d 808, 811(2nd Cir 1996), If the court does not apply correct law or if it rests its decision on a clearly erroneous finding of material fact, an abuse discretion occurs. See <u>U.S. v Tsosie</u>, 92 F.3d 1037, 1041(10th Cir.1996), If a court failure to apply correct legal principle it is an abuse of discretion. U.S. v. Hyde 92 F. 3d 779,780 (9th Cir 1996), Bery v. City of New York, 97 F. 3d 689, 693(2nd Cir1996), Discretionary choices are not left up to the court inclination, but to it's judgment and its judgment is to be guided by sound legal principles. U.S. v, Burr, 25 F Cas. 30, 35(C.C. Va 1807) (No. 14,692d).

A motion for Reconsideration and rehearing on the order has been file and endorsed December 15 2014, according to 11 USC 8002 and the petitioners are entitle an evidentiary hearings, although we have been denied hearings on the jurisdiction, fraud, and now this the fallacious order under false pretense.

WHEREFORE, and the above facts and laws we demand and pray the this court grant the relief of (1), rescind, cancel or withdrawing the order, (2) schedule a hearing on the stay pending appeal, (3) submit your finding to the district court for approval as required by the magistrate act.

(8)

I/We hereby certify that the statements made here are true and correct and if called to testify can and will give testimony competently, under the laws of the United States of America, to the best of our knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _____    _____
Carl Williams                    Dorothea Harris
10112 Somerset                   20552 Huntington
Detroit, Michigan 48224          Detroit, Michigan 48225
313 521-5012                     313 221-0707

Sign _____
Hassan Aleem
2440 Taylor
Detroit, Michigan 48206
313 205-4353

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,
    Debtor.
_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

### Order Regarding Notice of Direct Appeal

On November 24, 2014, creditors Carl Williams and Hassan Aleem filed a "Notice of Taking Direct Appeal to the Court of Appeals from the United States Bankruptcy Court Case No. 13-53846 on the Plan of Adjustment, Any Confirmation on the Plan and Oral or Any Other Opinion on the Record." (Dkt. #8424) There is no provision in the rules to file a notice of direct appeal.

Accordingly, it is hereby ordered that this notice of direct appeal is stricken from the record. This paper shall be construed to be a notice of appeal under bankruptcy rule 8001, and the appellants shall complete the filing within 7 days.

Signed on December 05, 2014

                                        /s/ Steven Rhodes
                                        **Steven Rhodes**
                                        **United States Bankruptcy Judge**



**Exhibit 2**

Appeal No. 14-0_____

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

In re: City of Detroit, Michigan, Debtor

Appeal from the United States Bankruptcy Court
For the Eastern District of Michigan

## PETITION FOR PERMISSION TO APPEAL BY APPELLANTS THE RETIREE ASSOCIATION PARTIES PURSUANT TO 28 U.S.C. § 158(d)



| | |
|---|---|
| **LIPPITT O'KEEFE, PLLC**<br>Brian D. O'Keefe<br>Ryan C. Plecha<br>370 East Maple Road, 3rd Floor<br>Birmingham, Michigan 48009<br>(248) 646-8292<br>bokeefe@lippittokeefe.com<br>rplecha@lippittokeefe.com | **SILVERMAN & MORRIS, P.L.L.C.**<br>Thomas R. Morris<br>Karin F. Avery<br>30500 Northwestern Hwy, Suite 200<br>Farmington Hills, Michigan 48334<br>(248) 539-1330<br>morris@silvermanmorris.com<br>avery@silvermanmorris.com |

*Counsel for the Retired Detroit Police & Fire Fighters Association ("RDPFFA"), Donald Taylor, individually and as President of the RDPFFA, the Detroit Retired City Employees Association ("DRCEA"), and Shirley V. Lightsey, individually and as President of the DRCEA (collectively, "Retiree Association Parties")*

{00202866}



Exhibit 3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

------------------------------------------------x
:
In re                                           : Chapter 9
                                                :
CITY OF DETROIT, MICHIGAN,                      : Case No. 13-53846
                                                :
            Debtor.                             : Hon. Steven W. Rhodes
------------------------------------------------x
                                                :
POLICE AND FIRE RETIREMENT                      :
SYSTEM OF THE CITY OF DETROIT,                  :
ET AL.,                                         : Case No. 14-cv-10435
                                                :
            Appellant,                          : Hon. Bernard A. Friedman
                                                : Magistrate Judge Paul J. Komives
v.                                              :
                                                :
CITY OF DETROIT, MICHIGAN                       :
                                                :
            Appellee.                           :
------------------------------------------------x

### NOTICE PURSUANT TO LOCAL RULE 42.1 OF THE CITY OF DETROIT'S MOTION TO CONSOLIDATE RELATED APPEALS AND STAY BRIEFING

The City of Detroit (the "City"), as debtor in the chapter 9 case pending as Case No. 13-53846 before the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"), files this notice pursuant to Eastern District of Michigan Local Rule 42.1 to inform the Court that the City has filed a motion (the "Motion") in *Michigan Council 25 of the American Federation of*

1

Case No. 13-53846 in the United States District Court for the Eastern District of Michigan and the appellee in the above-captioned appeals (collectively, the "Appeals"), for an order (a) consolidating the Appeals, and (b) staying all briefing in the Appeals until the United States Court of Appeals for the Sixth Circuit takes further action with respect to the pending petitions for permission for a direct appeal pursuant to 28 U.S.C. § 158(d)(2)(A) (the "Petitions"). The court having determined that (i) venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (ii) notice was appropriate under the circumstances; and (iii) there is good cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The above-captioned Appeals are hereby consolidated. The Appeals shall proceed under a single case number, _____.

3. Briefing in the Appeals is hereby stayed until further order of this Court, after further action by the Court of Appeals on the pending Petitions.

4. This Court shall retain jurisdiction to resolve all matters relating to, or arising in connection with, the interpretation and/or implementation of this Order.