IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
------------------------------------------------------- x
                                                        :    Chapter 9
In re                                                   :
                                                        :    Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                              :
                                                        :    Hon. Steven W. Rhodes
                                       Debtor           :
------------------------------------------------------- x
```

## OBJECTION BY ENFORCEMENT TECHNOLOGY, INC. TO CURE AMOUNT

Enforcement Technology, Inc. ("Enforcement Technology"), by its attorneys, hereby submits this objection (the "Objection") to the assumption of the executory contract between Enforcement Technology and the City of Detroit, Michigan (the "City") without the payment of the cure amount due to Enforcement Technology. In support of this Objection, Enforcement Technology respectfully states as follows:

### Background

1. Enforcement Technology provides parking enforcement equipment and services to the City pursuant to an AutoCITE, AutoISSUE and AutoPROCESS Annual Maintenance Agreement originally dated July 30, 2008 between the City and Enforcement Technology, as well as various related purchase orders (collectively, the "Contract").

2. Although the Contract was not listed on the Non-Exclusive Plan Assumption List [Docket No. 8387], Section II.D.1 the City's confirmed Eighth Amended Plan for the Adjustment of Debts of the City (the "Plan") provides for the assumption of the Contract as of the Effective Date of the Plan, i.e., December 10, 2014. *See* Plan, § II.D.1. Section II.D.1 of the Plan

provides that, except as otherwise provided in the Plan, the City will be deemed to have assumed all executory contracts to which it is a party as of the Effective Date of the Plan. *Id.*

3. The Order, Pursuant to Sections 363, 901, and 1123 of the Bankruptcy Code, (A) Establishing Procedures with Respect to the Proposed Assumption and Rejection of Executory Contracts and Unexpired Leases and (B) Approving the Form and Manner of Notice Thereof (the "Contract Procedures Order") [Docket No. 6512], provides that:

> For Executory Contracts or Unexpired Leases assumed under the Plan but not identified in the Non-Exclusive Plan Assumption List, the counterparty to such an agreement must file any Assumption Objection[1] (including any objections relating to a Cure Amount Claim) no later than 20 days after the Effective Date of the Plan.

*See* Contract Procedures Order, p. 10; *see also* Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date (the "Notice of Effective Date"), § 5.c.

4. Because the Effective Date occurred on December 10, 2014, Assumption Objections related to executory contracts that are not identified in the Non-Exclusive Plan Assumption List are due on December 30, 2014.

**Objection and Legal Argument**

5. Enforcement Technology does not object *per se* to the assumption of the Contract, so long as the City cures the existing payment default in the amount of $76,667.22[2] (the "Cure Amount") and provides adequate assurance of the City's future performance under the Contract. A chart summarizing the unpaid invoices comprising the Cure Amount is attached hereto as Exhibit A.

---

[1] As defined in the Contract Procedures Order.

[2] An additional $5,283.51 is to be billed on December 30, 2014, bringing the total amount owed by the City to Enforcement Technology to $81,950.73 as of December 30, 2014 (although the December 2014 invoice is not yet in default).

2

6. Section 365(b)(1) of the Bankruptcy Code requires that all executory contract defaults must be cured (or that the debtor must provide adequate assurance of cure) at the time of assumption. *See e.g., In re Stoltz*, 315 F.3d 80 (2d Cir. 2002); *In re Lilgeberg Enters., Inc.*, 304 F.3d 410 (5th Cir. 2002).

7. Both pre-petition and post-petition defaults must be cured in order for a debtor to assume an executory contract. *See e.g., In re Rachels Indus., Inc.*, 109 B.R. 797, 811-812 (Bankr. W.D. Tenn. 1990) (finding that "the debtor, when attempting to assume under § 365, must cure both prepetition and postpetition defaults"); *see also* 3 *Collier on Bankruptcy*, ¶ 365.06[2] (Alan N. Resnick & Henry J. Sommer eds, 16th ed.) ("Section 365(b) applies to contracts for which default has occurred either before or after the commencement of the case. The other party to the contract or lease that the trustee proposes to assume is entitled to insist that any defaults, whenever they may have occurred, be cured...").

8. Notably, because the invoices comprising the Cure Amount are for goods and services rendered to the City post-petition, and because the provision of such goods and services were "actual, necessary costs and expenses of preserving the estate" in that they permitted the City to collect parking enforcement revenues throughout the pendency of its bankruptcy case, the entire Cure Amount is also entitled to administrative priority. *See* 11 U.S.C. §§ 503(b)(1)(A) and 507(a)(2).

WHEREFORE, Enforcement Technology seeks an order: (a) sustaining its Objection; and (b) finding that the Cure Amount of $76,667.22 plus any additional post-petition amounts that become due under the Contract on or after the date of this Objection are required to be paid to Enforcement Technology as a condition to the City's assumption of the Contract.

Dated December 29, 2014.

        HONIGMAN MILLER SCHWARTZ AND COHN LLP

        By: /s/ Judy B. Calton
            Judy B. Calton, Esq.
            660 Woodward Avenue
            2290 First National Building
            Detroit, MI 48226-3506
            Tel: (313) 465-7344
            Fax: (313) 465-7345

        - and –

        REINHART BOERNER VAN DEUREN S.C.
          L. Katie Mason, Esq. (Wis. Bar Id. 1060063)
          1000 North Water Street, Suite 1700
          Milwaukee, WI 53202
          Tel: (414) 298-1000
          Fax: (414) 298-8097

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------x
In re                                           :    Chapter 9
                                                :
                                                :    Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                      :
                                                :    Hon. Steven W. Rhodes
                        Debtor                  :
---------------------------------------------------------x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies and declares that he caused copies to be served as follows:

1. Document Served:   Objection by Enforcement Technology, Inc. to Cure Amount

2. Served Upon:       Persons listed on ECF Notice

3. Date Served:       December 29, 2014

4. Method of Service: Electronic notice and/or First Class U. S. Mail per the persons listed below.

I also certify and declare the following persons were served via first-class mail:

Melvin Butch Hollowell, Esq.
City of Detroit Law Department
Coleman A. Young Municipal Center
Two Woodward Avenue
Suite 500
Detroit, MI 48226

L. Katie Mason, Esq.
Reinhard Boerner Van Deuren S.C.
1000 North Water Street
Suite 1700
Milwaukee, WI 53201-2965

I certify and declare under penalty of perjury that the foregoing is true and correct.

        HONIGMAN MILLER SCHWARTZ AND COHN LLP

By: /s/ Judy B. Calton
    Judy B. Calton, Esq.
    660 Woodward Avenue
    2290 First National Building
    Detroit, MI 48226-3506
    Tel: (313) 465-7344
    Fax: (313) 465-7345

    - and –

    REINHART BOERNER VAN DEUREN S.C.
      L. Katie Mason, Esq. (Wis. Bar Id. 1060063)
      1000 North Water Street, Suite 1700
      Milwaukee, WI 53202
      Tel: (414) 298-1000
      Fax: (414) 298-8097

Dated: December 29, 2014

6
13-53846-tjt    Doc 8959    Filed 12/29/14    Entered 12/29/14 08:55:30    Page 6 of 6