UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN

Debtor.
_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

## OBJECTION TO CLAIM NUMBER 2572 FILED BY AARON KING

NOW COMES, the City of Detroit Water and Sewerage Department ("DWSD"), by and through counsel, Kilpatrick & Associates, P.C., and for its Objection to Claim Number 2572 Filed by Aaron King ("Objection") states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and 1334.

2. This is a core proceeding pursuant to 11 U.S.C. §157(b).

3. Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

4. This Objection is brought pursuant to 11 U.S.C. §502(b)(1), Fed. R. Bankr. P. 3007, and L.B.R. 3007-1 (E.D.M.).

## BACKGROUND AND FACTS

5. On July 18, 2013, the City of Detroit, Michigan (the "City") filed a voluntary petition for relief under Chapter 9, Title 11 of the United States Code.

6. DWSD is a department of the City that has operational independence from the City in the areas of purchasing, human resources, law, and finance, pursuant to an order entered on November 4, 2011 in the case *United States of America v. City of Detroit, et. al.*, United States District Court for the Eastern District of Michigan, Case No. 77-71100.[1]

7. On December 3, 2013, this Court held that the City was eligible for relief under Chapter 9, Title 11 of the United States Code. See Order for Relief Under Chapter 9 of the Bankruptcy Code (Doc. No. 1946).

8. On November 21, 2013, this Court issued an Order, Pursuant to Section 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof (Doc. No. 1782) which established deadlines to file certain proofs of claim in this case ("Bar Date Order"). The Bar Date Order set the deadline to file proofs of claim as February 21, 2014.

---

[1] On May 8, 2014, the City filed a pleading with this Court recognizing that DWSD has an independent legal department from the City and is permitted to hire legal counsel and pursue legal matters affecting DWSD under certain orders entered in *United States of America v. City of Detroit, et. al.*, United States District Court for the Eastern District of Michigan, Case No. 77-71100.

9. On December 24, 2013, this Court issued an Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Doc. No. 2302) ("ADR Order").

10. After the ADR Order was entered, the City made DWSD responsible for liquidating certain DWSD related Designated Claims[2] through the ADR Procedures. DWSD retained counsel independent of the City's to complete this process.

11. On February 21, 2014, Aaron King ("Claimant") filed Claim Number 2572 ("Claim"). A copy of the as-filed Claim is attached as Exhibit 1.

12. The Claim seeks $15,000 and the stated basis for the Claim is "Work Brain Error/Management Short Pay Periods 5-2009 -12-2012."

13. On April 11, 2014, an ADR Notice was served upon the Claimant, which initiated the ADR Procedures set forth in the ADR Order. A copy of the ADR Notice is attached as Exhibit 2.

14. The Claim was not resolved through the Offer Exchange Procedures and proceeded to Case Evaluation.

15. The Claimant failed to appear for Case Evaluation.

16. At the Case Evaluation, the Claim was valued at $100.

---

[2] Capitalized terms not otherwise defined herein have the meaning given to them in the ADR Order.

17. DWSD accepted the award, but due to the Claimant's failure to appear at the Case Evaluation and to respond to the Case Evaluation award, a rejection of the award was entered by the Mediation Tribunal. The Case Evaluation Results are attached as Exhibit 3.

18. The Case Evaluation Results were served on the parties on or about October 30, 2014.

19. DWSD and the Claimant were unable to negotiate a consensual settlement of the Claim during the 28 day period after service of the Case Evaluation Results as allowed by the ADR Procedures; and neither DWSD nor the Claimant consented to Binding Arbitration.

20. Pursuant to the ADR Order, "Designated Claims not resolved through the ADR Procedures shall proceed to litigation to be liquidated….Such litigation will be initiated by the filing of a claim objection by the City (a "Claim Objection") within 35 days after the ADR Completion Date (the "Claim Objection Deadline")…."

21. In accordance with the ADR Procedures, DWSD filed this Objection.

## RELIEF REQUESTED AND BASIS FOR RELIEF

22. DWSD requests entry of an order disallowing the Claim.

23. The Claim should be disallowed because the Claimant took no affirmative steps to pursue the Claim through the ADR Procedures and, to date, no

evidence indicating that there is a colorable basis for the Claim has been proffered by the Claimant.

## RESERVATION OF RIGHTS

24. DWSD files this Objection without prejudice to or waiver of the City's rights pursuant to Section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to Section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

25. DWSD has provided notice of this Objection to the Claimant and all other parties who requested notice pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested, DWSD respectfully submits that no other or further notice of the relief requested in the Objection need be given.

**WHEREFORE**, the City of Detroit Water and Sewerage Department, respectfully requests that this Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting the City of Detroit Water and Sewerage Department such other and further relief as this Court deems just and proper.

Respectfully Submitted,

KILPATRICK & ASSOCIATES, P.C.

 _/s/ Richardo I. Kilpatrick_____
RICHARDO I. KILPATRICK (P35275)
SHANNA M. KAMINSKI (P74013)
Attorneys for the City of Detroit
Water and Sewerage Department
615 Griswold, Ste. 1708
Detroit, MI 48226-3985
ecf@kaalaw.com
(313) 963-2581


Dated: December 30, 2014

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN

Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

## ORDER GRANTING OBJECTION TO CLAIM NUMBER 2572 FILED BY AARON KING

This matter having come before the Court on the City of Detroit Water and Sewerage Department's ("DWSD") Objection to Claim Number 2572 ("Objection") Filed by Aaron King, which seeks the entry of an order disallowing Claim Number 2572 ("Claim"); the Claim having been designated for liquidation in accordance with the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims ("ADR Order"); the Claim having not been resolved through the procedures set forth in the ADR Order; DWSD having filed a timely Objection to the Claim in accordance with the ADR Order; the Court having found that it has jurisdiction over the Objection pursuant to 28 U.S.C.§§157 and 1334; the Court having found that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); the Court having found that venue is proper pursuant to 28

U.S.C. §§1408 and 1409; the Court having found that due and proper notice of the Objection has been given; it appearing that no other or further notice of the Objection need be given; a hearing on the Objection having been held before the Court; any objection to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual basis set forth in the Objection and at the hearing establish just cause for the requested relief;

**NOW THEREFORE;**

**IT IS HEREBY ORDERED** that:

1. The Objection is Granted.

2. Claim Number 2572 is hereby disallowed.

3. The City's claims agent is hereby authorized to update the claims register to reflect the relief granted in this Order.

4. The City and the City of Detroit Water and Sewerage Department are authorized to take any and all actions necessary to effectuate the relief granted.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

Debtor.
_____/

# NOTICE OF OBJECTION TO CLAIM NUMBER 2572 FILED BY AARON KING

**PLEASE TAKE NOTICE THAT** the City of Detroit Water and Sewerage Department, by and through its undersigned counsel, has filed an Objection to Claim Number 2572 Filed by Aaron King ("Objection") seeking an order disallowing Claim Number 2572.

If you do not want the Court to grant the relief requested in the Objection, then on or before **January 28, 2015**, you or your lawyer must:

1. File with the Court, at the address below, a written response to the Objection. Unless a written response is filed and served by the date specified, the Court may decide that you do not oppose the Objection.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Ste. 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

2. A copy of your response must also be mailed to counsel for the City of Detroit Water and Sewerage Department:

>Richardo I. Kilpatrick
>Kilpatrick & Associates, P.C.
>615 Griswold, Ste. 1708
>Detroit, MI 48226-3985

3. You must also attend the hearing on the Objection scheduled to be held on **February 4, 2015** at 10:00 a.m. in Courtroom 100, United States Federal Courthouse, 231 W. Lafayette Ave., Detroit, Michigan 48226 unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney do not take these steps the court may decide that you do not oppose the Objection, in which event the hearing will be canceled and the Objection sustained.**

>Respectfully Submitted,
>
>KILPATRICK & ASSOCIATES, P.C.
>
>_/s/ Richardo I. Kilpatrick_____
>RICHARDO I. KILPATRICK (P35275)
>SHANNA M. KAMINSKI (P74013)
>Attorneys for the City of Detroit
>Water and Sewerage Department
>615 Griswold, Ste. 1708
>Detroit, MI 48226-3985
>ecf@kaalaw.com
>(313) 963-2581

Dated: December 30, 2014

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

CITY OF DETROIT, MICHIGAN

               Debtor.
_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2014, I electronically filed the Objection to Claim Number 2572 Filed by Aaron King, which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case, and mailed a copy of the Objection to Claim Number 2572 Filed by Aaron King via first class mail to the following:

Aaron King
4020 Fullerton
Detroit, Michigan 48238

                                        _/s/ Shanna M. Kaminski_____
                                        Shanna M. Kaminski (P74013)

Dated: December 30, 2014