# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

                Debtor.
_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

### Order Denying Debtor's Motion for Reconsideration

This matter is before the Court on the City of Detroit's motion for reconsideration. The City seeks reconsideration of an order entered on September 30, 2014, granting the motion of Robert Davis and Citizens United Against Corrupt Government for relief from the automatic stay. (Dkt. #7754) That order granted relief from the stay to allow the movants to file a civil action in Wayne County Circuit Court seeking declaratory and injunctive relief for alleged violations of the Open Meetings Act by the Detroit City Council.

The present motion for reconsideration is premised on the City's concerns regarding events that took place *after* the order lifting stay was entered. Specifically, the City asserts: (1) that a temporary restraining order entered by the state court exceeds the scope of this Court's order lifting the stay; and (2) that the entry of the temporary restraining order on an *ex parte* basis violated both the Michigan Court Rules (MCR 3.310(B)) and a standing state circuit court order requiring Robert Davis to post a $1,000 bond before filing any action as a plaintiff in that court.

Under Local Bankruptcy Rule 9024-1, a motion for reconsideration should be granted only if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable

defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.

The City's motion for reconsideration is based entirely on events which occurred subsequent to the Court's ruling. It does not identify any palpable defect in either the law or the facts relied upon by this Court in its decision to grant relief from the stay. Thus, even assuming that everything the City asserts in its motion is true, the City has established no basis on which this Court should vacate or rescind the order granting relief from the stay.

The City argues that subsequent to the hearing on the motion for relief from the stay, it has reviewed transcripts from the closed hearings and determined that what was discussed during the closed City Council sessions was appropriately the subject of closed meetings. The City contends that public disclosure of the discussions would damage the City in the bankruptcy proceeding and violate the confidentiality provision of this Court's mediation order. (Dkt. #322) The argument seems to be that the order granting relief from the stay should be vacated because the state court complaint is without merit.

This Court did not grant relief from the stay based on a finding that the allegations in the complaint were meritorious. It merely found that the allegations in the complaint were not frivolous and the plaintiffs were entitled to proceed with their claim.

The City's motion for reconsideration fails to demonstrate that the Court and the parties were misled by a palpable defect that would require a different disposition. Accordingly, it is hereby ordered that the motion for reconsideration is denied.

Not for Publication

Signed on December 31, 2014

                                                /s/ Steven Rhodes
                                                Steven Rhodes
                                                United States Bankruptcy Judge