UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Chapter 9
City of Detroit, Michigan,                                Case No. 13-53846
    Debtor.                                         Hon. Steven W. Rhodes
_____/

### Order Denying Motion for Abstention

AFSCME Council 25 and its Affiliated Detroit Locals filed a motion for abstention and to remand the claims contained in proof of claim #2958 on December 2, 2014. (Dkt. #8537) The Coalition of Detroit Unions joined in the motion. (Dkt. #8536) The City filed an objection. (Dkt. #8797) The Court conducted a hearing on December 22, 2014, and requested a joint statement from the parties setting forth the outstanding issues relating to the claims. The parties filed their joint statement on January 5, 2015. (Dkt. #9001)

28 U.S.C. § 1334(c)(1) provides:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The decision to abstain is left to the sound discretion of the bankruptcy court. *Baker v. Simpson*, 623 F.3d 346, 352 (2d Cir. 2010).

The abstention doctrine has two fundamental goals: (1) promoting "efficient and fair adjudication of bankruptcy cases," *In re Salem Mortg. Co.*, 783 F.2d 626, 635 (6th Cir. 1986); and (2) ensuring "comity with State courts" and "respect for State law." *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987). Courts have developed a set of non-exclusive factors in determining whether to abstain. These factors include:

(1) the effect or lack of effect on the efficient administration of the estate if a court abstains; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (7) the substance rather than form of an asserted core proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; (9) the burden of this court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; (12) the presence in the proceeding of non-debtor parties; and (13) any unusual or other significant factors.

*Johnston v. City of Middleton* (*In re Johnston*), 484 B.R. 698, 714-15 (Bankr. S.D. Ohio 2012).

The Court has reviewed the claims of AFSCME and the Coalition, as well as the parties' joint statement. That statement reflects that the claims on which abstention is sought may be resolved through the Court's determination of certain identified legal issues. The Court concludes that the interests of efficiency and economy would best be served by deferring consideration of abstention until after it determines those legal issues. Accordingly, the Court concludes that the motion for abstention should be denied at this time.

It is so ordered.

Not for Publication.

.

**Signed on January 14, 2015**

                                        /s/ **Steven Rhodes**
                                        **Steven Rhodes**
                                        **United States Bankruptcy Judge**

2

13-53846-tjt    Doc 9047    Filed 01/14/15    Entered 01/14/15 13:11:55    Page 2 of 2