UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |

**STATEMENT BY CLARK HILL PLC REGARDING
THE REASONABLENESS OF ITS FEES AS
COUNSEL TO THE DETROIT RETIREMENT SYSTEMS**

This Statement is being submitted pursuant to the Court's *Order Regarding Process for Determining the Reasonableness of Fees Under 11 U.S.C. § 943(b)(3)* dated January 5, 2015 [Dkt. No. 8999].

In its role as counsel to the Police and Fire Retirement System of the City of Detroit and to the General Retirement System of the City of Detroit (collectively, the "Retirement Systems"), Clark Hill PLC ("Clark Hill") represented the Retirement Systems zealously, professionally, and effectively and provided the Retirement Systems with sound legal advice, based upon a thorough understanding of a myriad of complex and novel legal, factual, and practical issues presented in this bankruptcy case. Clark Hill advised its clients with the goal of minimizing cuts to pension benefits, while acting as a constructive partner to the City in both the judicial and mediation processes. Clark Hill submits that it was successful in

achieving each of its goals. Clark Hill's fees are reasonable and commensurate with the outstanding value it provided in each facet of this challenging case.

## I. The Terms of Clark Hill's Engagement and the Fees Incurred

1. In March of 2013, the Retirement Systems appointed Clark Hill as special restructuring counsel. Clark Hill's professionals charged on an hourly basis and tracked their time in one-tenth of an hour increments. The hourly rates of Clark Hill's professionals who worked on this case range between: $80 to $175 for paralegals; $195 to $255 for associates; $285 to $305 for senior attorneys; and $325 to $565 for partners. Clark Hill also provided **<u>a 15% discount</u>** on all of its fees in this case to the Retirement Systems.

2. From July 18, 2013 through December 10, 2014, Clark Hill charged the Retirement Systems fees in the net aggregate amount of $6,275,606.68 and sought reimbursement of expenses in the aggregate amount of $346,627.38. Clark Hill's blended hourly rate for these services was $312.17 per hour.

3. Clark Hill submits that its fee structure and blended hourly rate for services rendered are eminently reasonable relative to the complexity of the matters addressed, the resources demanded by the case, and the interests at stake. Notwithstanding, Clark Hill also agreed to further reductions of its fees in mediation with the City, resulting in a fee amount that is even more reasonable.

2

201846993.3 14893/165083

13-53846-tjt    Doc 9068    Filed 01/16/15    Entered 01/16/15 14:31:18    Page 2 of 9

## II. The Role of the Retirement Systems and Clark Hill in the Bankruptcy Case

4. The Retirement Systems' active and constructive participation throughout the case contributed significantly to the successful resolution of Pension Claims and other Claims and likely helped save the City well in excess of $150 million.[1]

5. Beginning virtually on the Petition Date (well before the Retiree Committee was formed) and continuing throughout the eligibility trial and appeals, Clark Hill effectively articulated strong legal arguments primarily challenging the City's eligibility under Bankruptcy Code section 109(c)(2) (state authorization). Clark Hill did not, however, pursue legal arguments which they believed lacked merit (*e.g.*, challenging the City's insolvency) and judiciously tailored its involvement relative to other parties in the development of arguments under section 109(c)(5) (lack of good faith prepetition negotiations) and the attendant discovery, to avoid unnecessary duplication of efforts and expense.[2] Clark Hill's central role during the eligibility trial, and subsequent appeal, helped establish a more level playing field on which pension negotiations could occur.

---

[1] All capitalized terms not defined herein shall have the meanings ascribed to them in the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Dkt. No. 8045] (the "Plan").

[2] For example, the Retirement Systems issued very limited written discovery and no deposition notices.

6. During the trials on the first and second iterations of the proposed settlement with the COP Swap Counterparties, Clark Hill interposed valid objections, which ultimately contributed to the Court's refusal to approve the settlements.[3] The final approved settlement will save the City roughly $130 million. Although Clark Hill believed (and still believes) that strong grounds exist for disallowing the COP Swap Claims in their entirety, Clark Hill pragmatically chose to not interpose objections to the third iteration of the COP Swap Settlement, recognizing that the additional expense would likely result in diminishing returns.

7. Likewise, Clark Hill successfully challenged the terms of the City's proposed post-petition financing. The Court agreed with the Retirement Systems' position and approved the financing in a drastically reduced amount, again likely saving the City tens of millions of dollars.

8. The Retirement Systems and their professionals actively engaged in the mediation process and played a central and constructive role in that process. As counsel, Clark Hill helped set the tone for the restructuring team and guided its strategy. Indeed, at a very early stage, Clark Hill proactively requested an opportunity for the Systems' professionals to make a presentation to the mediators (and to the Retiree Committee's professionals, who were just getting their feet on

---

[3] The Retiree Committee did not oppose the first two COP Swap settlements (so no duplication of efforts). Clark Hill and Arent Fox on behalf of Ambac, as well as Kirkland & Ellis on behalf of Syncora, were particularly active in these matters, each advancing different legal arguments at the hearings in a coordinated manner.

the ground in the case) regarding actuarial concepts and issues, and the issues identified to date from their financial and legal due diligence, which helped frame the issues and the problem-solving approach in the mediation process, ultimately resulting in the Pension Settlement. At the direction of Clark Hill, the Retirement Systems contributed the expertise of their professionals to the mediators and other parties, and the information provided enabled the parties to more quickly and accurately understand the myriad issues with respect to pension funding and plan design, which resulted in consensual agreements with all parties. In addition, Clark Hill and other Retirement Systems professionals provided assistance in mediations with respect to the Detroit Public Library and Cobo Authority.

9. After negotiating an acceptable resolution of the treatment of Pension Claims, the Retirement Systems and their professionals actively solicited and supported approval of the Plan. Clark Hill participated in public meetings to explain the terms of the Pension Settlement and prepared Plan support letters that were sent by the Systems to their beneficiaries, encouraging them to vote in favor of the Plan. Clark Hill also worked with members of the State legislature to ensure their understanding and support of the Pension Settlement and the enabling legislation that was being proposed in May. Clark Hill negotiated the State Contribution Agreement (including the Investment Committee term sheet) and the Support and Release Agreement between the State and the Retirement Systems.

Clark Hill worked with the City to ensure that the Disclosure Statement and solicitation documents were clear and easily understandable by Holders of Pension Claims. Clark Hill facilitated provision of critical Pension Claim data to the City, dispensing with formal information request procedures, without which assistance the City could not have timely mailed its ballots to Pension and OPEB Claim Holders in Classes 10, 11, and 12. During the confirmation trial, the Retirement Systems (and Clark Hill) continued to support the City and facilitate confirmation of the Plan.

10. In addition, since May 2014, Clark Hill has worked extensively with the Retirement Systems' staff and the City to amend and restate the Combined Plan pension system documents governing the Retirement Systems, to implement the hybrid plans, and to address the complex issues of implementing the Pension Settlements, including ASF Recoupment and the ISF Program. These services have been critical to ensuring the timely implementation of the Plan.

11. As importantly, Clark Hill counseled the Retirement Systems with a calm focus and exercised a measured and judicious litigation strategy, and did not pursue "scorched earth" litigation tactics designed to wreak havoc upon the City's restructuring efforts. The result was an effective representation of the Retirement Systems that also facilitated a relatively smooth, expeditious, and thus less-costly bankruptcy process.

12. Recognizing the importance of timely, consensual resolutions to the restructuring process and balancing the likely return on the investment to be made in challenging certain consensual resolutions, Clark Hill counseled the Retirement Systems not to litigate (among other things) the: (1) Public Lighting Authority transaction; (2) UTGO Settlement; (3) LTGO Settlement; (4) Second Post-Petition Financing Motion; and (5) third iteration of the COP Swap Settlement. Clark Hill believes that, in light of the relevant legal issues, certain of these transactions provided a greater-than-warranted recovery to the non-debtor, but Clark Hill and the Retirement Systems exercised discretion in choosing their battles.

### III. Clark Hill's Fees Are Reasonable

13. Clark Hill's fees are reasonable, and all services rendered were appropriate and necessary. Fees were incurred on matters directly relevant and beneficial to the Retirement Systems and their beneficiaries. Clark Hill staffed each matter leanly and made every effort to ensure that associates were assigned to tasks commensurate with their experience. Clark Hill added value by participating cooperatively and constructively in the mediation process, and by employing a case strategy designed to ensure, as practicable, that expenses incurred created commensurate value.

14. The proof is in the pudding. Holders of Pension Claims obtained an excellent result, including only marginal reductions in benefits, and the City

achieved a consensual confirmed Plan in just under 16 months.  Clark Hill submits that these results would likely not have been obtained without (among other things) the diligent, collaborative, judicious and responsible efforts of Clark Hill, and all of the Retirement Systems' professionals.  Clark Hill's fees are reasonable and should be approved.

## IV. Reservation of Rights

15.  Clark Hill files this Statement without waiving its challenges to the Bankruptcy Court's jurisdiction to review the Retirement Systems' professional fees under section 943(b)(3) of the Bankruptcy Code.  Clark Hill expressly reserves the arguments made in *The Detroit Retirement Systems' Limited Objection to Entry of Proposed Order Confirming Eighth Amended Plan for the Adjustment*

*of Debts of the City of Detroit* [Dkt. No. 8253] (the "Limited Objection"), the Brief in Support of the Limited Objection [Dkt. No. 8393], and Clark Hill's Joinder [Dkt. No. 8397].

Dated: January 16, 2015

Respectfully submitted,

CLARK HILL PLC

/s/     Robert D. Gordon
Robert D. Gordon (P48627)
Ronald A. King (P45088)
Shannon L. Deeby (P60242)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan  48009
Telephone: (248) 988-5882
Facsimile: (248) 988-2502
rgordon@clarkhill.com

*Counsel to the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit*