UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Steven W. Rhodes
:
:
---------------------------------------------------x

NOTICE OF FILING OF
STATEMENT OF CHRISTIE'S, INC. REGARDING
PROFESSIONAL FEES OF DEBEVOISE & PLIMPTON LLP

Attached hereto as <u>Annex A</u> is the *Statement of Christie's, Inc. Regarding Professional Fees of Debevoise & Plimpton LLP*.

Dated: January 16, 2015                 Respectfully submitted,

                                        /s/ Heather Lennox
                                        Heather Lennox (OH 0059649)
                                        JONES DAY
                                        North Point
                                        901 Lakeside Avenue
                                        Cleveland, Ohio  44114
                                        Telephone:  (216) 586-3939
                                        Facsimile:  (216) 579-0212
                                        hlennox@jonesday.com

**ANNEX A**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | Case No. 13-53846 |
| City of Detroit, Michigan, | ) | Hon. Steven W. Rhodes |
|     Debtor. | ) | |
| | ) | |
| | ) | |

## Statement of Christie's, Inc.
## Regarding Professional Fees of Debevoise & Plimpton LLP

Caroline Moustakis
Vice President and Senior Counsel, Dispute Resolution
Legal Department
**CHRISTIE'S**
20 Rockefeller Plaza
New York, New York 10020
p: 212-636-2353
f: 212-636-4947
e: CMoustakis@Christies.com

## I. Introduction

Christie's Appraisals, Inc. (together with Christie's, Inc., "Christie's") submits this statement in response to the Court's order of January 5, 2015. Christie's has incurred attorneys' fees and expenses in relation to its provision of professional services to the City of Detroit (the "City"). Those services were essential to the City's proceedings in bankruptcy, and the corresponding fees and expenses are subject to indemnification by the City.

## II. Background

In 2013, the City engaged Christie's to provide professional appraisal services. Christie's was honored to be selected and entrusted with providing those services and entered into an appraisal agreement with the City on August 9, 2013. The Agreement between the City of Detroit and Christie's Appraisals, Inc. dated August 9, 2013 (the "Appraisal Agreement") includes the following indemnity provisions:

> In the event that Christie's, any of its affiliate or any of their respective officers, directors, employees or agents is called upon to testify in any proceeding, litigation or dispute as a result of or in connection with the appraisal services contemplated hereby, [the City] will indemnify Christie's for all reasonable costs and expenses of Christie's in connection therewith (including, without limitation, reasonable attorneys' fees and expenses) and pay to Christie's such reasonable compensation for the time of such officers, directors, employees and agents as may be specified by Christie's. . . .
>
> [The City] further agrees to defend, indemnify and hold harmless each of the Christie's Parties from and against any and all losses, damages, penalties, liability and claims, and all fees, costs and expenses of any kind related thereto (including, without limitation, reasonable attorneys' fees and expenses), arising out of or resulting from third party claims based upon or related to the appraisal of the Property and the services contemplated by this Agreement.

Christie's provided its appraisal report to the City on December 18, 2013.

On March 28 and April 1, 2014, Christie's was served with two subpoenas seeking documents and information in connection with the City's bankruptcy proceeding. Upon receipt of those subpoenas, Christie's sought and obtained approval from the City's outside counsel, the law firm Jones Day, that the City would indemnify Christie's for its reasonable costs, including attorneys' fees and expenses, incurred in responding to the subpoenas, pursuant to the indemnity obligations in the Appraisal Agreement. Further, the City approved the retention by Christie's of Debevoise & Plimpton LLP ("Debevoise") to represent it in connection with the responses to the subpoenas and any related requests for documents, information, or testimony, and agreed to the rates Debevoise would bill.

On June 20, 2014, the City engaged Christie's to provide an expert report and testimony in connection with the City's bankruptcy proceedings.

**III.   Statement Regarding Fees and Expenses**

The services required of Debevoise, as counsel to Christie's, were significant and wide-ranging:

- Review and assessment of the subpoenas to Christie's.

- Collection and processing of documents from more than 25 custodians.

- Review of the collected documents for responsiveness and privilege.

- Negotiation and drafting of a confidentiality agreement.

- Production of more than 6,700 documents to creditors' counsel.

- Preparation and production of a detailed privilege log.

- Assistance with the preparation of an expert report, and communication and coordination with counsel to the City regarding the report.

- Preparation of two Christie's witnesses for deposition testimony and representation of both witnesses at their depositions.

- Preparation of the Christie's expert witness for her trial testimony and representation of the expert witness in connection with the trial proceedings.

- Coordination with Christie's and counsel for the City regarding all of the foregoing.

Despite the substantial scope of work required, Debevoise, in consultation with Christie's, kept its staffing as lean as possible. Its team comprised only three lawyers: one supervising partner, one counsel who handled the matter on a day-to-day basis, and one junior associate. Some use of support staff was necessary in order to collect, upload, and produce a substantial volume of documents in response to the subpoenas received by Christie's. The support staff included two contract attorneys who conducted the initial document review, materially reducing the review time incurred by Debevoise lawyers. Throughout its work, Debevoise coordinated closely with counsel for the City.

For its work on this matter, Debevoise discounted its standard hourly rates by 15%, and agreed to a further holdback of 15% of fees billed. As a courtesy to Christie's and with the City's agreement, Debevoise agreed to submit its invoices directly to the City, given the City's agreement to indemnify Christie's for its expenses. Accordingly, Debevoise submitted invoices totaling $417,744.49 to the City, of which $60,192.72 was subject to the agreed 15% holdback. Debevoise has been paid for all but the amount of the holdback. In other words, Debevoise has billed and been paid $357,551.77, and has billed but has not yet been paid $60,192.72. There are

no unbilled fees or expenses of Debevoise for this matter. Recently, at the request of the Fee Examiner, Debevoise agreed to reduce its bill by an additional $10,252.70 (on top of the 15% discount that it had applied from the outset of this matter). Accordingly, the amount of Debevoise fees billed but not yet paid is now $49,940.02.

## IV.     Conclusion

Christie's has provided significant professional services at the City's request, and in the course of providing those services, has been asked to produce documents, prepare an expert report, and provide deposition and trial testimony, all of which required the advice and assistance of experienced counsel. The City, which had indemnified Christie's for its reasonable costs and expenses, including attorneys' fees and expenses, approved Christie's choice of counsel and its discounted rates. Christie's respectfully submits that its fees and those of its counsel are reasonable and appropriate.

# CERTIFICATE OF SERVICE

      I, Heather Lennox, hereby certify that the foregoing *Notice of Filing of Statement of Christie's, Inc. Regarding Professional Fees of Debevoise & Plimpton LLP* was filed and served via the Court's electronic case filing and noticing system on this 16th day of January, 2015.

      /s/ Heather Lennox