UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT                           Case No. 13-53846-SWR
                                          Chapter 9
         Debtor.                          Hon. Steven W. Rhodes
_____/

## CLASS CLAIMANTS' MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES

Now come Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative, on behalf of themselves and the Class as defined below (collectively, "Class Claimants"), and state:

1.      Class Claimants are parties to a certified class action suit filed in the United States District Court for the Eastern District of Michigan, Town Houses Cooperative Association et al v. City of Detroit, Case No. 4:12-cv-13747 (the "Class Action").

2.      Class Claimants are being charged improper water and sewer rates by the Detroit Water and Sewerage Department, in violation of state and federal guarantees of equal protection. The improper charging did not cease when the City's bankruptcy was filed.

3.      Class Claimants have filed this motion for the payment of administrative expenses.

4.      The City's Plan provides that all requests for payment of Administrative Claims (as defined in the Plan) must be filed and served on the City no later than 45 days after the Effective Date of the Plan. *See* Plan, Article II.A.2.a.

5.      Although the Class Claimants do not believe that they are required to file this Motion to assert their Administrative Claims because, inter alia, the liabilities owed to it were incurred by the City in the "ordinary course" of the City's operations,[1] Class Claimants are filing this Motion out of an abundance of caution.

_____
[1] See e.g. In Re: Eagle-Picher Industries, Inc., 447 F.3d 461 (6th Cir. 2006).

6.      Section 503(b)(1)(A) of the Bankruptcy Code provides that "the actual, necessary costs and expenses of preserving the estate" shall be allowed administrative expenses, which are entitled to administrative priority pursuant to Section 507(a)(2) of the Bankruptcy Code. 11 U.S.C. § 503(b)(1)(A); 11 U.S.C. § 507(a)(2).

7.      Postpetition tort and damage claims are entitled to administrative expense priority per the leading United States Supreme Court decision in Reading Co. v. Brown, 391 U.S. 471, 483 (1968)( tort claims were "costs ordinarily incident to operation of a business."). See also In Re: Eagle-Picher Industries, Inc.,  447 F.3d 461 (6th Cir. 2006).

8.      Because the amounts due to the Class Claimants meet all of the requirements for allowance as an administrative expense, the Class Claimants should be entitled to an administrative expense claim.

9.      The United States District Court is in the process of liquidating the prepetition and postpetition claims of the Class Claimants in the Class Action.

10.      A copy of the class proof of claim filed by the Class Claimants is attached which sets forth the basis of the administrative claims.


WHEREFORE, the Class Claimants seeks an order: (a) allowing them an administrative expense in an amount to be determined by the United States District Court, and (b) requiring payment of their administrative  expense within 30 days of the determination by the United States District Court of the postpetition amounts due to the Class Claimants.


Dated: January 23, 2015.


                                                  Respectfully submitted,
                                                  __/s/ Robert Bassel _____
                                                  ROBERT N. BASSEL (P48420)
                                                  Attorneys for Class Claimants
                                                  P.O. Box T
                                                  Clinton, MI 49236
DATED: 1/26/2015                                  (248) 677-1234
                                                  bbassel@gmail.com

                                                  By:  /s/ Kerry L. Morgan
                                                  Randall A. Pentiuk (P32556)
                                                  Kerry L. Morgan (P32645)
                                                  Attorneys for Plaintiffs and Class
                                                  2915 Biddle Avenue, Suite 200
                                                  Wyandotte, MI  48192
                                                  (734) 281-7100
                                                  kmorganesq@aol.com

EXHIBIT 1
THE PROPOSED ORDER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

|  |  |
|---|---|
| CITY OF DETROIT | Case No. 13-53846-SWR |
|  | Chapter 9 |
| Debtor. | Hon. Steven W. Rhodes |

_____/

## ORDER GRANTING CLASS CLAIMANTS' MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES

This matter having come on to be considered upon the Class Claimants' Motion For Allowance And Payment Of Administrative Expenses (the "**Motion**") filed by Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative, on behalf of themselves and the Certified Class as defined below (collectively, "Class Claimants"), the Court having considered the Motion and the arguments and evidence in support of the Motion and any response, argument or evidence in opposition to the Motion, notice having been given, no further notice or hearing being necessary, capitalized terms not defined in this Order having the meaning as defined in the Motion, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED THAT

A.      The Class Claimants shall be entitled to an administrative expense in the amount to be determined by the United States District Court in Town Houses Cooperative Association et al v. City of Detroit, Case No. 4:12-cv-13747 (E.D. Mich.).

B.      The City is directed to pay the amount determined by the United States District Court within 30 days after the District Court's determination.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

    CITY OF DETROIT                Case No. 13-53846-SWR
                                       Chapter 9
          Debtor.                  Hon. Steven W. Rhodes

_____/

**NOTICE OF OPPORTUNITY TO RESPOND TO
CLASS CLAIMANTS' MOTION FOR ALLOWANCE AND PAYMENT OF
<u>ADMINISTRATIVE EXPENSES</u>**

      Class Claimants have filed the Motion For Allowance And Payment Of Administrative Expenses.

      **<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the Court to grant the relief sought in the motion, or if you want the court to consider your view on the motion, within 14 days, you or your attorney must:

      1.       File with the **court** a written response or an answer, explaining your position at

                United States Bankruptcy Court
                211 W. Fort Street, Suite 2100
                Detroit, Michigan 48226

      If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. You must also mail a copy to undersigned counsel.

2.     If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

Respectfully submitted,
__/s/ Robert Bassel _____
ROBERT N. BASSEL (P48420)
Attorneys for Class Claimants
P.O. Box T
Clinton, MI 49236
DATED: 1/26/2015          (248) 677-1234
bbassel@gmail.com

By:  /s/ Kerry L. Morgan

Randall A. Pentiuk (P32556)
Kerry L. Morgan (P32645)
Attorneys for Plaintiffs and Class
2915 Biddle Avenue, Suite 200
Wyandotte, MI  48192
(734) 281-7100
kmorganesq@aol.com

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

- - - - - - - - - - - - - - -x- - - - - - - - - - - -
                                    :        Chapter 9
                                    :
In re                               :
                                    :        Case No. 13-53846
                                    :
CITY OF DETROIT, MICHIGAN,          :
                                    :        Hon. Steven W. Rhodes
                                    :
                    Debtor          :
- - - - - - - - - - - - - - - - - - - - -x


**BRIEF IN SUPPORT OF**
**CLASS CLAIMANTS' MOTION FOR ALLOWANCE AND PAYMENT OF**
**ADMINISTRATIVE EXPENSES**

Class Claimants, for their brief, rely upon the authorities cited in the underlying motion.

<div style="margin-left:40%;">

Respectfully submitted,
__/s/ Robert Bassel _____
ROBERT N. BASSEL (P48420)
Attorneys for Class Claimants
P.O. Box T
Clinton, MI 49236
(248) 677-1234
bbassel@gmail.com

By: Kerry L. Morgan

Randall A. Pentiuk (P32556)
Kerry L. Morgan (P32645)
Attorneys for Plaintiffs and Class
2915 Biddle Avenue, Suite 200
Wyandotte, MI  48192
(734) 281-7100
Kmorganesq@aol.com

</div>

DATED: 1/26/2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT

Case No. 13-53846-SWR
Chapter 9

Debtor.

Hon. Steven W. Rhodes

_____/

## **PROOF OF SERVICE**

The undersigned hereby certifies and declares that he caused the **CLASS CLAIMANTS' MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSES and related documents** to be electronically filed with the Clerk of the Court using the ECF System and that all participants in the case will be served via the ECF System.

Also served by facsimile upon:

Jonathan S. Green, Esq. Stephen S. LaPlante, Esq. MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
Facsimile: (313) 496-7500

David G. Heiman, Esq. Heather Lennox, Esq. Thomas A. Wilson, Esq. JONES DAY
Facsimile: (216) 579-0212

Bruce Bennett, Esq. JONES DAY: (213) 243 2539

I certify and declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,
__/s/ Robert Bassel _____
ROBERT N. BASSEL (P48420)
Attorneys for Class Claimants
P.O. Box T
Clinton, MI 49236
(248) 677-1234
bbassel@gmail.com

DATED: 1/26/2015

By: /s/ Kerry L. Morgan
Randall A. Pentiuk (P32556)
Kerry L. Morgan (P32645)
Attorneys for Plaintiffs and Class
2915 Biddle Avenue, Suite 200
Wyandotte, MI 48192
(734) 281-7100
Kmorganesq@aol.com

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MICHIGAN~VERSION 3.0 13 PLAN | | Proof of Claim |
|---|---|---|
| Name of Debtor:<br>**City of Detroit** | Case Number:<br>**13-53846** | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Class Claimants (see attached)**

**COURT USE ONLY**

Name and address where notices should be sent:
**Robert Bassel, Attorney**
**POBox T**
**Clinton, MI 49236**
Telephone number: **248.677.1234**      email: **bbassel@gmail.com**

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:_____**
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
**Randall Pentiuk, Attorney**
**2915 Biddle Ave Ste 200**
**Wyandotte, MI 48192**
Telephone number: **(734) 281-7100**      email: **rpentiuk@pck-law.com**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**      **$** see attached

If all or part of your claim is secured, complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** __see attached__
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br>_____ | **3a. Debtor may have scheduled account as:**<br>_____<br>(See instruction #3a ) | **3b. Uniform Claim Identifier (optional):**<br>_____<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Value of Property: $_____**

**Annual Interest Rate:** __0__ %  ☐ Fixed or ☐ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier - 11 U.S.C. §507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507(a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

13-53846-tjt   Doc 9101   Filed 01/26/15   Entered 01/26/15 07:00:53   Page 9 of 23

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (*See instruction #7, and the definition of "redacted".*)

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: **see attachment**

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ■ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  **Robert Bassel (see attached)**
Title:  **see attached**
Company:                                   **/s/ Robert Bassel (see attached)**
Address and telephone number (if different from notice address above):      (Signature)                (Date)
   **POBox T**
   **49236**

Telephone number: **248.677.1234**      email: **bbassel@gmail.com**

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Class Claimants are parties to a class action lawsuit filed in the United States District Court for the Eastern District of Michigan, <u>Town Houses Cooperative Association et al v. City of Detroit</u>, Case No. 4:12-cv-13747 (the "Class Action") before Judge Gershwin Drain. Class Claimants seek class certification in the Class Action on behalf of the following (the "Class"):

> "All entities or individuals owning, or acting for owners of, buildings, apartment buildings, townhouses, housing cooperatives and condominiums with multiple units and utilized for residential purposes whom and which have been charged at a commercial rate by the City of Detroit and/or the Detroit Water and Sewerage Department for water and sewerage and component services with the time period at least six years prior to the filing of this action through the date of final judgment or such longer amount of time as may be allowed by law."

On December 18, 2013, the Bankruptcy Court granted the Class Claimants relief from stay to, inter alia, "continue the prosecution of the class action" as indicated in paragraph 2 of the Court's Order. The Class Claimants are entitled to damages for the period in which the Debtor overcharged the Class, which would include at least the six years prior to the filing of the Class Action on August 23, 2012 through the present and going forward. The complaint in the Class Action seeks, among other things, "A Judgment of Money Damages to Plaintiffs and class members in an amount equal to the improperly paid commercial rates as described in the Complaint, or in the alternative, credits to Plaintiffs' accounts." The complaint asserts 4 Counts which follow: COUNT I VIOLATION OF EQUAL PROTECTION - COMMERCIAL RATE CHARGES; COUNT II – RESTITUTION/ASSUMPSIT; COUNT III- ACCOUNTING AND ESCROW; and COUNT IV - INJUNCTIVE RELIEF

The Class members have not yet been definitively identified, however, the number of class members, though not known specifically, is sufficient to meet the numerosity requirement under the applicable rules for purposes of class certification

Supporting Documentation. A copy of the class action complaint is attached. Supporting documentation is available, however, it is voluminous and thus not attached. The documentation includes, but is not limited to, the following: (i) the Class Action complaint and attachments, as may be amended; (ii) the papers and pleadings filed in the Class Action and any evidence submitted therein; and (iii) discovery in the Class Action. The Debtor has copies of all of these documents. Copies are available upon request.

The Class Claim is currently unliquidated because, among other things: (1) discovery in the Class Action is ongoing and was stayed before the identification of any tangible water rate(s) to derive a specific damages amount; (2) discovery responses that were produced by the Detroit Water and Sewer Department suggest that commercial and residential rate charges (and the crucial difference between the two) are the products of a complex formula or algorithm; (3) the specifics and calculations processes have been so far withheld from Class Claimants by Debtor; and (4) discovery of Debtor's witnesses capable of testifying concerning the above was stayed. The filing of this proof of claim

is not intended as a waiver of the rights of the Class Claimants, all of which are expressly preserved.

Respectfully submitted,
__/s/ Robert Bassel _____
ROBERT N. BASSEL (P48420)
Attorneys for Class Claimants
P.O. Box T
Clinton, MI 49236
(248) 677-1234
bbassel@gmail.com

DATED: 2/21/2014

/s/ _____
Randall A. Pentiuk—P32556
Kerry L, Morgan, P32645
Attorneys for Class Claimants
Pentiuk Couvreur & Kobiljak PC
2915 Biddle Ave Ste 200
Wyandotte, MI 48192
Phone: (734) 281-7100
Fax: (734) 281-7102
e-Mail: rpentiuk@pck-law.com

VERIFICATION

I am a member of the Class Claimants and a representative of the prospective class with respect to the Class Action. A copy of the Class Action complaint is attached.

**Verified under penalty of perjury**

/s/ Samuel J. Magar
Samuel J. Magar on behalf of, inter alia, the Class Claimants and Lasalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., and Joliet Town Houses Cooperative Association,
MAGAR & COMPANY
22100 Woodward Avenue
Ferndale, MI 48220
(248) 298-2775 x114
sam@magarcompany.com

**LASALLE TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
NICOLET TOWN HOUSES COOPERATIVE
ASSOCIATION, a Domestic Nonprofit Corporation,
LAFAYETTE TOWN HOUSES, INC., a
Domestic Nonprofit Corporation, and JOLIET
TOWN HOUSES COOPERATIVE ASSOCIATION,
a Domestic Nonprofit Corporation, ST. JAMES
COOPERATIVE, a Domestic Nonprofit Corporation,
individually and on behalf of all similarly situated entities,**

|  |  |
|---|---|
| Plaintiffs, | **CLASS ACTION** |
| v. | Case No. |
|  | HON. |
| **CITY OF DETROIT, acting through its
DETROIT WATER AND SEWERAGE
DEPARTMENT,** |  |
| Defendant. |  |

| | |
|---|---|
| **PENTIUK, COUVREUR & KOBILJAK, P.C.**<br>By:     Randall A. Pentiuk (P32556)<br>And:  Kerry L. Morgan (P32645)<br>**Attorneys for Plaintiffs**<br>2915 Biddle Avenue, Suite 200<br>Wyandotte, MI 48192<br>(734) 281-7100<br>RPentiuk@pck-law.com<br>KMorgan@pck-law.com | |

## CLASS ACTION COMPLAINT

NOW COME Plaintiffs, LASALLE TOWN HOUSES COOPERATIVE ASSOCIATION,

a Domestic Nonprofit Corporation, NICOLET TOWN HOUSES COOPERATIVE

ASSOCIATION, a Domestic Nonprofit Corporation, LAFAYETTE TOWN HOUSES, INC., a

*Left margin (vertical):* PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

Domestic Nonprofit Corporation, JOLIET TOWN HOUSES COOPERATIVE ASSOCIATION, a Domestic Nonprofit Corporation, and ST. JAMES COOPERATIVE, a Domestic Nonprofit Corporation, individually and on behalf of all similarly situated entities, by and through their Attorneys, PENTIUK, COUVREUR & KOBILJAK, P.C., and for their Complaint, states as follows:

## INTRODUCTION

1.     This action is brought on behalf of a class of all persons and entities whom and which own dwellings or buildings with multiple units that are utilized for residential purposes or other entities that pay water and sewerage utility charges for such dwellings/buildings, such as, but not limited to apartment buildings, cooperatives, town houses and condominiums whom and which have been charged improper or commercial rates by the Detroit Water and Sewerage Department (hereinafter "DWSD"). A prior 2009 similar action was filed in *Village Center v City of Detroit*, 2:07-cv-12963.

2.     DWSD is the entity designated under law that provides water and sewerage to its residents which include the Plaintiffs and others similarly situated.

3.     For many years continuing through the date of filing this Complaint, Defendant has been charging Plaintiffs' residents, and upon information and belief others similarly situated, at a commercial rate rather than a residential rate. See Exhibit 1, LaSalle; Exhibit 2, Nicolet; Exhibit 3, Lafayette; Exhibit 4, Joliet; and Exhibit 5, St. James.

4.     Upon information and belief, waste water discharged in the City of Detroit is treated by the DWSD pursuant to an agreement with the City of Detroit and DWSD.

2

## JURISDICTION AND PARTIES

5.      This Court has jurisdiction as per 28 USC 1331 and venue is proper under 28 USC 1391(b).

6.      Plaintiff, LASALLE TOWN HOUSES COOPERATIVE ASSOCIATION, is a Domestic Nonprofit Corporation located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to LaSalle Town Houses Cooperative Association.

7.      Plaintiff, NICOLET TOWN HOUSES COOPERATIVE ASSOCIATION, is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to Nicolet Town Houses Cooperative Association.

8.      Plaintiff, LAFAYETTE TOWN HOUSES, INC., is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to Lafayette Town Houses, Inc.

9.      Plaintiff, JOLIET TOWN HOUSES COOPERATIVE ASSOCIATION, is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to Joliet Town Houses Cooperative Association.

10.     Plaintiff, ST. JAMES COOPERATIVE, is a Domestic Nonprofit Corporation, located in the City of Detroit, Wayne County, Michigan, that pays water and sewage utilities applicable to St. James Cooperative.

11.     The Defendant, CITY OF DETROIT and the DETROIT WATER AND SEWERAGE DEPARTMENT, are located in Wayne County, Michigan.

3

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## CLASS ALLEGATIONS

12.    Plaintiffs incorporate paragraphs 1 through 11 as if more fully set forth herein.

13.    All Plaintiffs and class members have suffered and continue to suffer similar harm

due to being charged improper water rates and/or being charged at a commercial rate rather than a

residential rate.

14.    Class Definition: Plaintiffs seek to certify the following class.

> All entities or individuals owning, or acting for owners of, buildings, apartment buildings, town houses, housing cooperatives and condominiums with multiple units and utilized for residential purposes whom and which have been charged at a commercial rate by the DWSD which DWSD has not previously adjusted based on prior litigation for the time period of at least six years prior to filing the instant complaint through the date of final judgment, or such longer amount of time as may be allowed by law.

15.    Numerosity. The proposed class is so numerous that joinder of all members is

impracticable. While the exact number of class members is not now known, the Plaintiffs believe

the class number is significant and may be readily identified from Defendant's records.

16.    Commonality. There are questions of law or fact common to the members of the

class that predominate over questions affecting only individual members.

17.    Among the questions of law or fact common to the class are the following:

    a)    Whether the commercial rate being charged bears a reasonable relation to the use of the utilities by the residential class and the services provided by the DWSD.

    b)    Are all persons of the same class included and affected alike, or are immunities or privileges extended to an arbitrary or unreasonable class

4

c)    Does any ordinance, statute, court order or law prohibit and preclude the commercial rate to be assessed to Plaintiffs and those similarly situated?

18.    Typicality. The harm suffered by named Plaintiffs is typical of the harm suffered by other class members as to the rate, differing only in amount. Accordingly, the claims of Plaintiffs are the same as those of the other class members. Resolution of these common questions will determine the liability of the Defendant to the class members in general. Thus, they properly form the basis for class treatment in this case.

19.    Although the amount of damages between individual class members may vary, the underlying liability issues remain the same as between all members of the class and the Defendant, to wit: Plaintiffs should be charged at residential and not commercial rates.

20.    Adequacy of Representation. The represented parties will fairly and adequately assert and protect the interest of the class. The named Plaintiffs have already demonstrated their willingness to pursue this litigation on their own behalf, and have no known conflicts with the class members.

21.    Plaintiffs' counsel will also fairly and adequately represent the interest of the class. The law firm of Pentiuk, Couvreur & Kobiljak, P.C., is well versed in the facts and the substantive law underlying the Plaintiffs' claims.

22.    This class action is maintainable under Federal Rule of Civil Procedure 23(b)(1)(A)(B), (2) and (3).

23.    The maintenance of this action as a class action will be superior to other available methods of adjudication in promoting the convenient administration of justice.

5

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

a)    The prosecution of separate actions by or against individual members of the class could create a risk of inconsistent or varying adjudications with respect to individual members of the class that would confront the party opposing the class with incompatible standards of conduct; and/or

b)    Prosecution of separate actions by or against individual members of the class would create a risk of adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

24.    The party opposing the class has acted or refuses to act on grounds that apply generally to the class, so that final equitable, injunctive or corresponding declaratory relief is appropriate respecting the class as a whole. Specifically, Defendant continues to charge an improper commercial rate as more fully described in this Complaint, despite prior litigation in connection with non-party entities.

25.    The questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

26.    The action is and will be manageable as a class action and in fact more manageable than the prosecution of separate actions.

27.    In view of the complexity of the issues and expense of the litigation the separate claims of individual class members are insufficient in amount to support separate actions.

6

28. It is probable that the amount which may be recovered for individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action.

29. Plaintiffs are aware that potential members of the proposed class may have been parties to similar litigation in *Village Center v City of Detroit*, USDC #2:07-cv-12963 (2009). It may be that some Plaintiffs or potential class members' remedies in part are extinguished or modified by the Final Order in that case. Yet, since the conclusion of that case, it appears from Exhibits 1 - 5 that Plaintiffs were not accorded permanent relief and that the instant suit is required.

30. The class action is the appropriate method for the fair and efficient adjudication of the controversy. The legal and factual basis for the Plaintiffs' claims are the same as for the claims of all class members. The only difference between individual claims is the severity of the damages. Adjudicating this case on a class wide basis will promote substantial judicial economy by eliminating the likelihood of multiple cases turning on the same question of law and fact. The class action will also provide the Plaintiffs with the only meaningful avenue for relief, due to the economy of spreading their litigation costs, thereby reducing each individual's expenses over the class and enabling counsel to pursue the litigation by aggregating the claims. Further, the class action will save the Defendant the burden of defending multiple suits.

## COUNT I
## VIOLATION OF EQUAL PROTECTION -
## COMMERCIAL RATE CHARGES

31. Plaintiff incorporates paragraphs 1 through 30 as if more fully set forth herein.

32. The charging of residential units at commercial rates is a Constitutionally improper

7

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

classification and in violation of the State and Federal guarantees of equal protection (Mich Constitution 1963, Article 1, Section 2; U.S. Constitution Article 14, Section 1).

33.    DWSD does not incur any greater expense in the sewage that flows from multiple residential dwellings than single family dwellings.

34.    DWSD does not incur any greater expense in providing water/sewage service to multiple residential dwellings than it does other residential properties.

35.    Multiple residential dwellings that are charged the higher commercial rate are placed at a financial disadvantage compared with single family dwellings charged the lower residential rates.

36.    Defendant does not incur any greater expense per unit in controlling sewage for multiple dwellings than it does in controlling waste or sewage from single family dwellings.

37.    There is no natural distinguishing characteristic bearing a reasonable relationship to the object of the classification which results in multiple dwellings paying a higher commercial rate and single family dwellings paying a lower residential rate.

38.    There is no natural distinguishing characteristic of increased expense for controlling waste/sewage of multiple dwellings as compared to the like class of excluded properties.

39.    Single family dwellings are granted an immunity from paying a higher commercial rate while multiple dwellings are denied such a benefit.

40.    Plaintiffs' equal protection rights as well as the rights of others similarly situated have been violated by Defendant and as a result have incurred monetary damages.

8

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

41.     Plaintiffs incorporate paragraphs 1 through 40 as if more fully set forth herein.

42.     For years Defendant has been charging the higher commercial rate to Plaintiffs and those similarly situated for services continuously provided by it which charges are not authorized by the Orders of this Court in 2:07-cv-12963, or the contract they have with DWSD.

43.     Water and sewer bills per Michigan State Laws and Detroit's own Municipal Ordinance are liens against properties that receive such services until paid.

44.     Michigan law provides that an assumpsit action – an action to recover damages for a breach of promise, may be maintained against a municipality and/or its divisions without regard to governmental immunity when restitution is being sought for illegal or inappropriate assessment.

45.     Plaintiffs seek a Court order ordering the cession of such illegal or inappropriate charges that are paid and restitution paid back to such time as is applicable under the relevant Statute of Limitations.

## COUNT III – ACCOUNTING AND ESCROW

46.     Plaintiffs incorporate paragraphs 1 through 45 as if more fully set forth herein.

47.     Members of the class continue to accrue damages daily to the extent that they are still being charged commercial rates.

48.     Plaintiffs request this Honorable Court require Defendant to show cause why the commercial rates to the proposed class members should be subject to an accounting and not be paid into escrow with the Court during the pendency of the action.

9

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

## COUNT IV - INJUNCTIVE RELIEF

49.     Plaintiffs incorporate paragraphs 1 through 48 as if more fully set forth herein.

50.     Plaintiffs seek injunctive relief enjoining Defendant, its agents, employees and those persons in active concert and/or participation with charging residential multi-units commercial rates.

WHEREFORE, Plaintiffs, on their own and on behalf of those similarly situated, pray for the following relief;

A.     An Order certifying the Plaintiffs' class and appointing Plaintiffs and their counsel to represent the class.

B.     A Judgment of Money Damages to Plaintiffs and class members in an amount equal to the improperly paid commercial rates as described in the Complaint, or in the alternative, credits to Plaintiffs' accounts.

C.     Injunctive relief as requested in Count IV of the Complaint.

D.     An award of reasonable attorney fees and costs.

E.     An incentive fee award to named Plaintiffs.

F.     Such other and different relief as is just and equitable.

10

G.   A declaration that Defendants have not fully complied with the prior orders of this

Court.

Respectfully submitted,

PENTIUK, COUVREUR & KOBILJAK, P.C.

By: /s/ Randall A. Pentiuk
        Randall A. Pentiuk (P32556)
        Kerry L. Morgan (P32645)
        Attorney for Plaintiffs
        2915 Biddle Avenue, Suite 200
        Wyandotte, MI 48192
        (734) 281-7100
        RPentiuk@pck-law.com
        KMorgan@pck-law.com

Dated: August 23, 2012.
Z:\2-G-L Clients\LaSalle DWSD Class Action\Class Action Complaint June 26 2012.doc

PENTIUK, COUVREUR & KOBILJAK, P.C. • ATTORNEYS AND COUNSELLORS AT LAW • EDELSON BUILDING, SUITE 200 • 2915 BIDDLE AVENUE, WYANDOTTE, MICHIGAN 48192 • (734) 281-7100

11