UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

**IRON MOUNTAIN INFORMATION MANAGEMENT, LLC'S
REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES
PURSUANT TO 11 U.S.C. § 503(b)(1)**

Iron Mountain Information Management, LLC ("Iron Mountain"), by and through undersigned counsel, respectfully makes this Request for Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503(b)(1) (the "Request") with respect to certain post-petition information and records management service, and in support hereof states as follows:

1. According to Iron Mountain's books and records, and as summarized on Exhibit 6a hereto, as of the Petition Date, the City of Detroit (the "City") was party to multiple contracts (the "Detroit Contacts") with various City entities related to Iron Mountain's provision of certain information and records management services.

2. On November 12, 2014, the Court entered an Order [Docket No. 8272] (the "Confirmation Order") confirming the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, as amended (the "Plan").

3. The Effective Date of the Plan occurred on December 10, 2014.

4. Pursuant to the Plan and Confirmation Order, requests for payment of administrative claims must be filed no later than forty-five (45) days after the Effective Date of the Plan.

5. As set forth on the proof of claim attached hereto as Exhibit 6b, Iron Mountain is owed $134,508.32 for the post-petition information and records management services provided to the Debtor.

6. Section 503(b)(1)(A) of the Bankruptcy Code provides that "the actual, necessary costs and expenses of preserving the estate" shall be allowed administrative expenses, which are entitled to administrative priority pursuant to Section 507(a)(2) of the Bankruptcy Code. 11 U.S.C. § 503(b)(1)(A); 11 U.S.C. § 507(a)(2).

7. Courts in the Sixth Circuit utilize a two-part test to determine whether a claim qualifies as an administrative expense claim under Section 503(b)(1)(A) of the Bankruptcy Code. *Caradon Doors and Windows, Inc. v. Eagle Picher Ind., Inc. (In re Eagle-Picher Ind., Inc.)*, 447 F.3d 461, 464 (6th Cir. 2006). Under the Sixth Circuit test, a debt qualifies as an "actual, necessary" administrative expense if it "(1) arose from a transaction with the bankruptcy estate; and (2) directly and substantially benefited the estate." *Id.*

8. Both elements of an administrative claim are met here with respect to the post-petition information and records management services provided to the Debtor by Iron Mountain. The debt arose from transactions between Iron Mountain and Debtor and the post-petition information and records management services directly and substantially benefited the estate.

9. Pursuant to the Plan and Confirmation Order, with certain exceptions, the City has been deemed to assume all executory contracts and unexpired leases to which it is a party. Iron Mountain believes that to the extent any contract(s) associated with amounts set forth in this Request were assumed pursuant to the Plan, the City is required to cure any outstanding pre- and post-petition amounts pursuant to Section 365 of the Bankruptcy Code. However, the City has not specified which of the Detroit Contracts are intended to constitute the Proposed Assumed

Iron Mountain Contracts. Consequently, Iron Mountain lacks sufficient information to determine whether the amounts set forth herein constitute a portion of cure amounts owed pursuant to Section 365, or administrative expense pursuant to 11 U.S.C. § 503(b)(1). This Request is being filed in an abundance of caution to the extent that any contract(s) underlying amounts set forth herein are not deemed to have been assumed under the Plan.

WHEREFORE, Iron Mountain respectfully requests that its claim for post-petition records management services provided to the Debtors in the amount of $134,508.32 be allowed and paid as an administrative expense pursuant to 11 U.S.C. § 503(b)(1) and that the Court grant Iron Mountain Information Management, Inc. such other relief as is just and proper.

Respectfully submitted,

Dated: January 26, 2015

By: /s/ Anthony J. Kochis
Scott A. Wolfson (P53194)
Anthony J. Kochis (P72020)
WOLFSON BOLTON PLLC
3150 Livernois, Suite 275
Troy, MI 48083
Telephone: (248) 247-7105
Facsimile: (248) 247-7099
E-Mail: akochis@wolfsonbolton.com

*Local Counsel for Iron Mountain Information Management, LLC*

- and -

**HACKETT FEINBERG P.C.**
Frank F. McGinn (Mass. BBO # 564729)
155 Federal Street, 9th Floor
Boston, MA 02110
Tel. (617) 422-0200
Fax (617) 896-6275

*Co-Counsel for Iron Mountain Information Management, LLC*