# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

IN RE:

**CITY OF DETROIT, MICHIGAN**,　　　　　　Case No. 13-53846-SWR
　　　　　　　　　　　　　　　　　　　　　Honorable STEVEN W. RHODES
　　　　　　**Debtor.**　　　　　　　　　　 Chapter 9
_____/

## WAYNE COUNTY'S PROOF OF CLAIM FOR REJECTION DAMAGES AND OBJECTION TO TREATMENT OF JULY 28, 1976 AGREEMENT TO PURCHASE AND DEVELOP LAND AS AN EXECUTORY CONTRACT

NOW COMES The Charter County Of Wayne ("County"), by and through its attorneys, EASTMAN & SMITH LTD., of counsel to KILPATRICK & ASSOCIATES, P.C., and files its Proof of Claim for Rejection Damages and Objection to Treatment of July 28, 1976 Agreement to Purchase and Develop Land as an Executory Contract and states as follows:

## FACTS

1.　On July 28, 1976, the City of Detroit and the County entered into an Agreement to Purchase and Develop Land, which was recorded at Liber 19534, Page 467 of the Wayne County Records ("Agreement"). A copy of the Agreement is attached as Exhibit A.

2.　In the Agreement, the City of Detroit ("City") stated that it "believes that the development of the Property pursuant to the Agreement, and the fulfillment generally of this Agreement, are in the vital and best interests of the City and the health, safety, morals, and welfare of its residents." Agreement, page 1.

3.　The Agreement documented an integrated project for the transfer of two parcels of property, Parcel A and Parcel B, to be completed in two phases.

4.　In July of 1976, the City delivered a deed to the County for the property identified as Parcel A on Exhibit A of the Agreement.

1

5. In 1982, the County completed construction of the Baird detention facility in conformance with its duties under the Agreement for Phase I.

6. As of 1982, Phase I of the Agreement was fully performed by both parties and the Baird detention facility was operational.

7. Phase II of the Agreement consists of the transfer of the property identified on Exhibit B to the Agreement and commonly known as 1300 Beaubien.

8. On February 5, 2013, Jeffrey Collins, Deputy Chief Executive Officer for the Charter County of Wayne sent a letter to C. Beth Duncombe, Director of the City of Detroit Building Authority in which the County confirmed its interest in completing Phase II of the Agreement and requested that the City perform its duties under Phase II. A copy of the letter is attached as Exhibit B.

9. Prior to the Petition Date, the City and County were discussing the development of 1300 Beaubien and were negotiating the terms of a development agreement.

10. As part of the plans of the City and County to complete Phase II of the Agreement, the County expended funds for environmental assessments and architecture and design services with the City's knowledge and acquiescence.

11. On July 18, 2013, the City filed the bankruptcy case.

12. The latest deadline to file an objection to the Plan of Adjustment was August 25, 2014 pursuant to the Court's Eighth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment [Docket No. 6699].

13. The Debtor did not include the Agreement in Exhibit II.D.6 (Executory Contracts and Unexpired Leases to be Rejected) until the Seventh Amended Plan of Adjustment filed on September 16, 2014 [Docket No. 7502].

# ARGUMENT

## I. The Agreement is Not an Executory Contract

14. The term executory contract is not defined in the Bankruptcy Code.

15. The courts have used two definitions for the term, the Countryman definition and the "functional approach".

16. As this Court stated in Collins & Aikman Corp., et al.,

> Under the Countryman definition, approved by the Sixth Circuit in *Terrell v. Albaugh (In re Terrell)*, 892 F.2d 469 (6th Cir. 1989), an executory contract is "a contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." *Id.* at 471 n. 2 (quoting Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn. L. Rev. 439, 460 (1973)). *Opinion on Motion for Allowance and Payment of Administrative expense Claim of Phillips Tool & Mould (London) Ltd., April 1, 2008.*

17. Both parties have performed Phase I of the Agreement and the County is ready, willing and able to perform Phase II of the Agreement. Therefore, the Agreement falls within Countryman's statement that a contract in which the nondebtor party has fully performed while the debtor only partially performed or had not performed at all is not an executory contract.

18. The Agreement has been significantly performed; the City has performed its duties under Phase I in providing a deed and surrendering possession and the County has performed by completing construction of the Baird detention facility. In addition, the County notified the City of its interest in proceeding with Phase II of the project and incurred significant costs in the plans for development of 1300 Beaubien.

19. The Agreement is not an executory contract under the Countryman approach, since it has been substantially completed and the non-debtor party, the County, is ready, willing and able to complete Phase II of the Agreement.

20. This Court also recognized in the Collins & Aikman opinion that:

> Another approach that has been utilized in this circuit is the "functional approach," set forth in *Chattanooga Mem. Park v. Still* (*In re Jolly*), 574 F.2d 349 (6th Cir. 1978). In determining whether a contract is executory under a functional approach, courts examine whether the estate would benefit from assumption or rejection of the contract at issue. *Sipes v. Atlantic Gulf Communities Corp. (In re General Dev. Corp.)*, 84 F.3d 1364, 1374 (11th Cir. 1996).

21. If the Court were to use the functional approach, the result would be the same; the Agreement is not an executory contract. The Agreement specifically provides that the fulfillment of the Agreement is in the vital and best interests of the City and its residents. This belief is supported by the completion of Phase I of the Agreement.

22. The Agreement is for the construction of the "jail and appurtenant facilities". As stated by the Michigan Court of Appeals, appurtenant facilities includes a parking lot or lots. *Alibri v. Detroit Wayne County Stadium Authority,* 254 Mich. App 545 (2002).

23. The property at 1300 Beaubien has historical significance to the City, which the City took into account when entering into the Agreement.

24. The City will benefit from a construction project for 1300 Beaubian by the County which takes into consideration the historical significance of the property.

### II. Even if the Court Finds That the Agreement is an Executory Contract, the County is Entitled to Specific Performance

25. As stated above, the County disputes that the Agreement is an executory contract.

26. Should this Court find that the Agreement is an executory contract, then rejection of the contract constitutes a breach by the Debtor as of the day before the filing of the petition. 11 U.S.C. §365(g)(1).

27. The parties specifically delineated the remedies for breach in Section 10 of the Agreement.

28. Section 10 provides

"In the event that the City does not tender conveyance or possession of the property as provided in this Purchase Agreement, then this Purchase Agreement shall, at the option of the County, be enforceable through an action for specific performance or be terminated by the County."

29. The Debtor's breach of the Agreement entitles the County to seek specific performance from the Debtor of the conveyance of a deed to and transfer of possession of 1300 Beaubien.

30. The County would not have invested the significant funds for the construction of the Baird detention facility if it was prevented from exercising its option for the purchase of 1300 Beaubien.

31. If the County is defeased of its rights in the property at 1300 Beaubien, the County's ability to complete a justice center at this location is adversely impacted. The County will have to find an alternate location for the justice center. Determining the actual amount of the damage is not possible until final plans are completed on the site, but a reasonable estimate of additional and operational costs are estimated to be in excess of Thirty Million and 00/100 Dollars ($30,000,000).

WHEREFORE, the Charter County of Wayne prays this Honorable Court find that the Agreement to Purchase and Develop Land is not an executory contract; alternatively, if the Court finds that the Agreement is an executory contract, then the Court finds that the County is entitled to specific performance by the City; and for such other and further relief as is just and necessary.

Respectfully submitted,

EASTMAN & SMITH, LTD.
Of Counsel to Kilpatrick & Associates, P.C.
Attorneys for the Charter County of Wayne

By: /s/John M. Carey_____
JOHN M. CAREY
One Seagate, 24th Floor
Toledo, OH 43699-0032
(419) 247-1629
jmcarey@eastmansmith.com

Dated: January 26, 2015

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served by operation of the Court's Electronic Filing System and by e-mail upon Marc N. Swanson, Esq. (swansonm@millercanfield.com) this 26th day of January 2015.

By: /s/John M. Carey_____
JOHN M. CAREY