## AGREEMENT TO PURCHASE AND DEVELOP LAND

G133909

BY and BETWEEN

CITY OF DETROIT

LI9534PA467

and

COUNTY OF WAYNE

THIS AGREEMENT, referred to herein as the "Purchase Agreement" made on or as of the 28th day of July, 1976 by and between the City of Detroit, a municipal corporation of the State of Michigan, whose address is City-County Building, Detroit, Michigan 48226, referred to herein as the "City", and the County of Wayne, A Body Corporate and Politic whose address is City-County Building, Detroit, Michigan referred to herein as the "County".

WITNESSETH:

WHEREAS, the County has offered to purchase land which is hereafter described and which is referred to herein as the "Property" and to develop the Property in accordance with the terms, covenants, and conditions of this Purchase Agreement; and

WHEREAS, the County has offered to purchase and the City has agreed to sell the property in two phases: Phase I, described in Exhibit "A" hereof and made a part hereof; and Phase II, described in Exhibit "B" hereof and made a part hereof; and

WHEREAS, the City believes that the development of the Property pursuant to the Agreement, and the fulfillment generally of the Agreement, are in the vital and best interests of the City and the health, safety, morals, and welfare of its residents.

RECORDED OCT 6 1976
FOREST E. YOUNGBLOOD, Register of Deeds
WAYNE COUNTY, MICHIGAN 48226

NOW, THEREFORE, in consideration of the premises and the mutual obligations, of the parties hereto, each of them does hereby covenant and agree with the other as follows:

L19534 P468

## PHASE I

### SECTION 1. SALE; PURCHASE PRICE

Subject to the terms, covenants, and conditions of this Purchase Agreement, the County agrees to construct jail facilities and appurtenant facilities necessary or convenient for the effective use thereof on the property, and the City agrees to convey the property referred to herein as Phase I and described in Exhibit A for the price of Ninety Thousand Two Hundred Fifty and no/100 ($90,250.00) Dollars to be paid in cash or by certified check simultaneously with the delivery of the deed conveying the property to the County.

### SECTION 2: CONVEYANCE OF PROPERTY

(1) Title Commitment and Form of Deed

(a) The City will furnish a commitment for an Owner's Title Insurance Policy acceptable to the County for Phase I in the amount of the purchase price issued by a responsible title insurance company authorized to do business in the State of Michigan guaranteeing title to the County subject to the terms, covenants, and conditions of this Purchase Agreement. Said commitment will be furnished within 30 days prior to the conveyance of the Phase I property.

(b) The City shall convey to the County title to the Phase I property by Quit Claim Deed (hereinafter called "Deed"), and said Deed shall be substantially in the form of deed as set forth in Exhibit "C" hereof.

- 2 -

LI9534 PA469

(c) The Deed shall require the County to construct jail facilities and appurtenant facilities necessary or convenient for the effective use thereof on the property in accordance with Section 3 of this Agreement. The Deed shall further provide that if facilities are not constructed in accordance with Section 3 of this Agreement the Phase I property shall revert back to the City, and the City may exercise its options as provided in Section 10.

(2) Time and Place for Delivery of Deed

After delivery of a commitment for Owner's Policy acceptable to the County, the City shall deliver the Deed to the County and, after the Deed is recorded, shall deliver to the County a policy of title insurance guaranteeing title to the County, subject to the terms, conditions and exceptions, if any, as set forth in the title policy commitment. The City shall deliver the Deed and possession of the property referred to as Phase I to the County 15 days after the County executes a contract for the construction of the improvements as set forth in Section 2 (1) (c) of this Agreement, or on such earlier date as the parties hereto mutually agree to in writing. Conveyance shall be made at the City's offices.

(3) Recordation of Deed

The County shall promptly file the deed for recordation with the Register of Deeds for Wayne County, Michigan. The County shall pay all costs (including, if required, the cost of the State documentary stamp tax on the Deed), for so recording the Deed.

3.

## PHASE II

### SECTION 1B. SALE; PURCHASE PRICE

LI 19534 PA 470

Subject to the terms, covenants, and conditions of this Agreement, the County agrees to construct jail facilities and appurtenant facilities necessary or convenient for the effective use thereof on the property, and the City agrees to convey the property referred to herein as Phase II and described in Exhibit "B" hereof for a price to be determined by adding the actual certified cost of the demolition of the existing Police Headquarters Building plus one dollar ($1.00) which price will be paid in cash or by certified check simultaneously with the delivery of the deed conveying the property to the County.

### SECTION 2B. CONVEYANCE OF PROPERTY

(1) <u>Title Commitment and Form of Deed</u>

(a) The City will furnish the County a commitment for an Owner's Title Insurance Policy acceptable to the County for Phase II in the amount of the purchase price insured by a responsible title insurance company authorized to do business in the State of Michigan guaranteeing title to the County subject to the terms, covenants, and conditions of this Purchase Agreement. Said commitment will be furnished within 30 days prior to the conveyance of the Phase II property.

(b) The City shall convey to the County title to the Phase II property by Quit Claim Deed (hereinafter called "Deed"), and said Deed shall be substantially in the form of deed as set forth in Exhibit "C" hereof.

(c) The Deed shall require the County to complete the improvements as set forth in Section 2 (1) (c) of this Agreement in accordance with Section 3 of this Agreement.

4.

The Deed shall further provide that if the improvements are not constructed in accordance with Section 3 of this Agreement the Phase II property shall revert back to the City, and the City may exercise its options as provided in Section 10.

(2) **Time and Place for Delivery of Deed**   L119534 P471

After delivery of a commitment for Owner's Policy as provided herein, the City shall deliver the Deed to the County and, after the Deed is recorded, shall deliver to the County a policy of title insurance guaranteeing title to the County, subject to the terms, conditions, and exceptions, if any, as set forth in the title policy commitment. The City shall deliver the Deed and possession of the property referred to as Phase II to the County six (6) months after the said property has been vacated by the City and its agencies. Further, the City shall deliver to the County the Phase II property as cleared land to grade level. Conveyance shall be made at the City's offices.

(3) **Recordation of Deed**

The County shall promptly file the deed for recordation with the Register of Deeds for Wayne County, Michigan. The County shall pay all costs (including, if required, the cost of the State documentary stamp tax on the Deed) for so recording the Deed.

SECTION 3. CONSTRUCTION OF IMPROVEMENTS

The jail facilities and appurtenant facilities necessary or convenient for the effective use thereof constructed on the property shall comply with all applicable laws of the State of Michigan, the regulations of the Michigan Department of Corrections and codes or ordinances of the City of Detroit.

5.

13-53846-tjt  Doc 9108-1  Filed 01/26/15  Entered 01/26/15 15:57:46  Page 5 of 16

LI19534 PG 472

SECTION 4. TIME FOR COMMENCEMENT AND COMPLETION OF IMPROVEMENTS

Subject to the availability of funds, the construction of the facilities referred to in Section 3 will be commenced within one year after the date of the Deed and will be completed within five (5) years after the start of construction.

SECTION 5. COMMENCEMENT AND COMPLETION OF CONSTRUCTION OF IMPROVEMENTS

The County agrees for itself, its successors and assigns and every successor in interest to the property or any part thereof that the County, its successors and assigns shall promptly begin and diligently complete the development of the property through the construction of the facilities thereon and that the construction will be begun and completed within the period specified in Section 4. It is intended and agreed, that these agreements and covenants shall be covenants running with the land and binding for the benefit of the community and the City and enforceable by the City against the County and its successors and assigns to or of the property or any part thereof or any interests therein.

SECTION 6. RESTRICTIONS ON USE

The County agrees for itself and its successors and assigns and every successor in interest to the property, or any part thereof, that the County and its successors and assigns shall:

Devote the property only to and in accordance with the uses specified in this Purchase Agreement and as it may be amended in writing by the parties from time to time.

SECTION 7. COVENANTS; BINDING UPON SUCCESSORS IN INTEREST; PERIOD OF DURATION

It is intended and agreed that the covenant provided in Section 6 shall be a covenant running with the land binding

6.

LU19534PA473

to the fullest extent permitted by law and equity for the benefit and in favor of, and enforceable by the City, its successors and assigns, and any successor in interest to the property or any part thereof, against the County, its successors and assigns, and every successor in interest to the property or any part therein or any interest therein and any party in possession or occupancy of the property or any part thereof. It is further intended and agreed that the covenant provided in Section 6 shall remain in effect until the facilities are completed and occupied.

SECTION 8. PROHIBITION AGAINST TRANSFER OF PROPERTY

The County has not made or created, and will not, prior to the completion of the facilities, make or suffer to be made any sale, assignment, conveyance, lease or transfer in any other form of or with respect to this Purchase Agreement or the property or any part thereof or any interest therein, or contract or agree to do any of the same, without the prior written approval of the City.

SECTION 9. ENFORCED DELAY IN PERFORMANCE

Neither the City nor the County, nor any successor in interest, shall be considered in breach of, or default in, its obligations with respect to the preparation of the property for development, or the commencement and completion of the facilities in the event of the unavailability of funds or enforced delay in the performance of such obligations due to unforeseeable causes beyond its control and without its fault or negligence. The time for the performance of the obligations shall be extended for the period of the delays.

- 7 -

SECTION 10. REMEDIES

L19534 P474

A. Remedies Prior to Conveyance

In the event that prior to the conveyance of the property the County (a) assigns or attempts to assign this Purchase Agreement or any right therein or in the property without the prior written approval of the City; or (b) fails to pay the Purchase Price and take title to the property upon tender of conveyance by the City, then this Purchase Agreement and any right of the County in the Purchase Agreement may at the option of the City be terminated. In the event that the City does not tender conveyance or possession of the property as provided in this Purchase Agreement, then this Purchase Agreement shall, at the option of the County, be enforceable through an action for specific performance or be terminated by the County.

B. Remedies Subsequent to Conveyance

In the event the County fails to develop the property (Phase I or Phase II) in accordance with the provisions of this Purchase Agreement, the City, at its option, may terminate this Purchase Agreement. If the City exercises its option and so terminates the Purchase Agreement, the property shall revert back, and be reconveyed, to the City and any purchase price paid returned to the County by the City.

SECTION 11. CONFLICT OF INTEREST; SELLER'S REPRESENTATIVES NOT INDIVIDUALLY LIABLE

No official or employee of the City shall have any personal interest, direct or indirect, in this Purchase Agreement, nor shall any of such official or employee participate in any decision relating to this Purchase Agreement which affects his personal interests or the interests of any corporation,

8.

L19534 PA475

partnership or association in which he is, directly or indirectly, interested. No official or employee of the City shall be personally liable to the County or any successor in interest, in the event of any default or breach by the City or for any amount which may become due to the County or successor or any obligations under the terms of this Purchase Agreement.

SECTION 12. EQUAL EMPLOYMENT OPPORTUNITY

(A) The County agrees that it will require a covenant on the part of any contractor or subcontractor employed in the performance of this contract that they will comply with City of Detroit Ordinance 206-G and those rules and procedures adopted by the Commission on Community Relations pursuant to Section 2-7-6.3 of the Municipal Code of the City of Detroit.

(B) In accordance with Act No. 251, P.A. 1955 as amended, the County agrees that it will require a covenant on the part of any contractor or subcontractor employed in the performance of this contract that they will not discriminate against any employee or applicant for employment, to be employed in the performance of their contract with respect to his hire, tenure, terms, conditions or privileges of employment or any matter directly or indirectly related to employment because of his age, except when based on a bona fide occupation qualification or because of his race, color, religion, national origin or ancestry.

SECTION 13. PROVISIONS NOT MERGED WITH DEED

No provision of this Purchase Agreement is intended to or shall be merged by reason of any deed transferring title to the Property from the City to the County or any successor in interest, and any such deed shall not be deemed to affect or impair the provisions and covenants of this Purchase Agreement.

- 9 -

SECTION 14. BUILDING AUTHORITY    L19534 PA476

The term County wherever used in this Purchase Agreement shall mean a Building Authority incorporated under the provisions of Act 31, Public Acts of Michigan 1948 (First Extra Session), as amended, if the County elects to have the terms, covenants and conditions of this Purchase Agreement performed by a Building Authority. The City shall be notified in writing by the County of such an election.

SECTION 15. NOTICES

Whenever under this Purchase Agreement a provision is made for notice of any kind it shall be deemed sufficient notice and service thereof if such notice is in writing addressed to the party at its last known post office address and deposited in the mail with postage prepaid.

SECTION 16. COUNTER PARTS

This Purchase Agreement may be executed in four counterparts, each of which shall be deemed to be an original, and such counterpart shall constitute one and the same instrument.

WITNESS:    CITY OF DETROIT, a municipal corporation of the State of Michigan

_Anita Stehlin_    _G. F. Fischer_
Anita Stehlin    Its Deputy Finance Director

_Sandra Terrell_    ~~COUNTY OF WAYNE, A Body Corporate and Politic~~
Sandra Terrell

[APPROVED AS TO FORM AND EXECUTION stamp / CORPORATION COUNSEL]

CITY OF DETROIT
H. Michael Smothers, Director
Purchasing Div., Finance Dept.
SEP 29 1976

- 10 -

L19534 PA477

WITNESS:

_____
DIANE CHRZANOWSKI

_____
WILL HARDY

_____
WILL HARDY

_____
EDITH KENDALL

COUNTY OF WAYNE, A Body Corporate and Politic

By _____
Chairman, Board of Commissioners
JOHN BARR

By _____
Clerk, Board of Commissioners
James R. Killeen

Approved as to Form and Execution.

_____
Corporation Counsel
Chief Asst. [?]

This Instrument Drafted by:

L. O. Hinkle
City County Bldg., Detroit, MI.
48226

- 11 -

STATE OF MICHIGAN ) ss
COUNTY OF WAYNE )

L19534 PA478

On this 28th day of July, 1976 before me, a Notary Public in and for said County, personally appeared D. J. Fisher to me personally known, who being by me duly sworn, did say that he is the Deputy Finance Director of the City of Detroit, a municipal corporation created and existing under the laws of the State of Michigan, and that the seal affixed to the foregoing instrument is the corporate seal of the said corporation, and that the said instrument was signed and sealed in behalf of said corporation by authority of its City Council, and the said D. J. Fisher acknowledged the said instrument to be the free act and deed of the said City of Detroit, a municipal corporation.

Barbara C. Moore
BARBARA A. MOORE
Notary Public, Wayne County, MI.
My Commission expires 7-18-79

---

STATE OF MICHIGAN )
COUNTY OF Wayne ) ss

On this 26th day of July, 19 76, before me, a Notary Public in and for said County, personally appeared

John Barr and James R. Killeen

to me personally known, who being by me duly sworn, did say that they are the Chairman and Clerk, respectively, of the Board of Commissioners of the County of Wayne, a Body Corporate and Politic created and existing under the laws of the State of Michigan, and the said John Barr and James R. Killeen acknowledged the said instrument to be the free act and deed of the said County of Wayne, a Body Corporate and Politic.

Carole A. Greene
Notary Public, , MI.
My Commission expires 4-24-77
CAROLE A. GREENE
Notary Public, Wayne County, Mich.
My Commission Expires 4-24-77

-12-

EXHIBIT "A"    L19534 PG479

Land in the City of Detroit, Wayne County, State of Michigan being all
of Lots E, F, G, & H lying south of Macomb Street in the Plat of a part
of Beaubien Farm in the City of Detroit as surveyed into town lots for
the proprietors by John Mullett, Surveyor, L6, P476, City Records; part
of Lot 5 and all of Lots 6 thru 9 lying S of Macomb Street W of St.
Antoine Street and N of a 20 ft wide public alley opened by Circuit
Court Nov. 3rd, 1869, all of Lots 6 and 7 and parts of Lots 5 and 8
lying N of Macomb Street and W of St. Antoine Street, and parts of Lots
5 thru 8 inclusive lying S of Clinton Street and W of St. Antoine Street,
all in Plat of the Antoine Beaubien Fm April 22, 1846, L27, P197 Deeds,
W.C.R. and a portion of the to be vac right of way of Macomb Street
(50 ft wide) also that portion of public alley, 15 ft wide, vac on June 9,
1914, all lying within said parcel which is more particularly described
as beginning at the NW corner of Lot E of the Beaubien Farm, being the
intersection of the S'ly line of Macomb Street and the E'ly line of
Beaubien Street (60 ft wide) thence S'ly along said E'ly line S. 26°11'08"
E., 106.03 ft. to the N line of a 20 ft wide public alley; thence N.
59°58'09" E., 440.18 ft along said alley line to a point 10 ft W'ly of
the W'ly line of St. Antoine Street (50 ft wide) thence N. 26°11'00" W.,
366.21 ft along a line 10 ft W'ly and parallel with said W'ly street
line, to a point 20 ft S'ly of the S line of Clinton Avenue (40 ft wide);
thence S 60°00'07" W 167.12 ft along a line 20 ft S'ly of and parallel
with said S'ly street line to a point; thence S 29°58'23" E., 259.97 ft
to a point on the S'ly line of Macomb Street (50 ft wide); thence S
60°01'37" W 290.26 ft along said S'ly line to the point of beginning and
containing 87,683 sq ft or 2.01 acres of land.

Reserving therefrom all of the grantor's reversionary interest and any
other rights, title and interest in the W'ly portion of Macomb Street
(50 ft wide) which is located N of and W of the property herein conveyed
being the W'ly 286.95 ft on the N street line and the W'ly 290.26 ft on
the south street line as measured between the east line of Beaubien St.
(60 ft wide) and the property herein conveyed. It is the intention of
the parties hereto that no interest whatsoever in the above portion of
Macomb Street, which may be vacated, shall pass or inure to the benefit
of the grantee herein.

DESCRIPTION CORRECT
Engr. of Surveys
By W. Williams 7/27/76
DATE

EXHIBIT "B"

L 19534 PG 480

Land in the City of Detroit, County of Wayne, Michigan, being all of Lots J, K, L, M, and 143 thru 146, both inclusive, of the "Plat of a part of the Beaubien Farm in the City of Detroit as surveyed into town lots for the proprietors by John Mullett, Surveyor", and recorded in Liber 6, Pages 475 thru 478, of City Records; also all of Lot 9 and part of Lot 8, lying south of Clinton Street, 40 feet wide, and east of Beaubien Avenue, 60 feet wide, and all of Lot 9 and part of Lot 8, lying north of Macomb Street, 50 feet wide, all in the "Plat of the Antoine Beaubien Farm", as recorded on April 22, 1846 and recorded in Liber 27, Page 197 of Deeds, Wayne County Records; also a portion of to be vacated Macomb Street, easterly of Beaubien Street, and that part of public alley 20 feet wide, and 15 feet wide, vacated on June 9, 1914 by the Common Council of the City of Detroit, all lying within the bounds of this parcel which is more particularly described as follows:

Beginning at the intersection of the easterly line of Beaubien Street, and the southerly line of to be vacated Macomb Street, thence N. 60°01'37" E., along said line of Macomb Street, 290.26 feet to a point; thence N. 29°58'23" W., a distance of 259.97 feet to a point; thence S. 60°0'07" W., along a line 20 feet southerly of the parallel with the southerly line of Clinton Avenue, 273.05 feet to a point on the easterly line of Beaubien Avenue; thence S. 26°11'08" E., along the easterly line of Beaubien Avenue, 260.42 feet to the point of beginning containing 73,204 square feet or 1.6805 acres more or less.

The existing public rights-of-way described within this parcel are to be vacated by the City Council upon completion of the relocation of public utilities therein, or will be subject to such easements for public utilities as may be retained by the vacating resolution.

DESCRIPTION CORRECT
Engr, of Surveys
By W. Williams 2/27/76
DATE

EXHIBIT "C"

DEVELOPMENT AGREEMENT

QUIT CLAIM DEED          L19534 PA 481

KNOW ALL MEN BY THESE PRESENTS: That the City of Detroit, a Municipal Corporation of the State of Michigan, quit claims to

whose post office address is

the following described premises in the

located in the City of Detroit, County of Wayne, and State of Michigan, and more particularly described as:

together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, for the sum of

This Deed is given subject to the terms, covenants and conditions of a Development Agreement dated _____ entered into by the parties hereto and which is incorporated herein by reference and recorded in the Office of the Register of Deeds for the County of Wayne in Liber _____ on Pages _____ through _____ inclusive, none of the terms, covenants and conditions of which shall be deemed merged in this Deed. The covenants therein recited to be covenants running with the land are hereby declared to be covenants running with the land enforceable by the City as therein set forth.

Dated this _____ day of _____, A.D., 19____.

IN WITNESS WHEREOF the City of Detroit has caused this instrument to be executed by its duly authorized officer and sealed with its corporate seal, the day and year first above written.

In the Presence of:                     CITY OF DETROIT
                                        A Municipal Corporation

_____           By_____

_____           1110 City-County Building
                                        Detroit, Michigan  48226


STATE OF MICHIGAN )
                  ) SS
COUNTY OF WAYNE   )

On this _____ day of _____, 19____, before me, a Notary Public in and for said County, personally appeared _____ to me personally known, who being by me duly sworn, did say that he is the _____ of the City of Detroit, a Municipal Corporation created and existing under the laws of the State of Michigan, and that the seal affixed to the foregoing instrument is the corporate seal of the said corporation, and that the said deed was signed and sealed in behalf of said corporation by authority of its City Council, and the said _____ acknowledged the said instrument to be the free act and deed of the said City of Detroit, a Municipal Corporation.

Approved as to Form and Execution:

_____           _____
     Corporation Counsel                Notary Public, Wayne County, Michigan
                                        My Commission expires_____

ATTEST:                                 This Instrument Drafted by:
                                        Mr. Thomas J. O'Dowd
_____           1010 City-County Building
          City Clerk                    Detroit, Michigan  48226

- 2 -