# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Steven W. Rhodes |
| Debtor. | ) | |
| | ) | |

## DETROIT WAYNE JOINT BUILDING AUTHORITY'S *AMENDED* OBJECTION TO AMOUNTS OF CURE AMOUNT CLAIMS IN CONNECTION WITH PROPOSED ASSUMPTION OF AGREEMENTS[1]

The Detroit Wayne Joint Building Authority (the "DWJBA") objects (the "Objection") to the amounts of the Cure Amount Claims identified in Annex A to Notice Regarding Executory Contracts And Unexpired Leases To Be Assumed Pursuant To Section 365 Of The Bankruptcy Code And Related Procedures, a copy of which is attached hereto as Exhibit A (the "Notice").[2]

1.    In Annex A to the Notice, the City identifies the proposed Cure Amount Claims to be paid by the City in connection with the proposed assumption of certain agreements between the DWJBA and the City identified in Annex A to

---

[1]    Detroit Wayne Joint Building Authority files this amended objection solely to amend the amount owed to it by the City set forth in the *Detroit Wayne Joint Building Authority's Objection To Amounts Of Cure Amount Claims In Connection With Proposed Assumption Of Agreements* [Dkt. No. 8613].

[2]    Any capitalized terms not defined herein shall have the meanings ascribed to them in the Notice.

the Notice (the "Agreements"). The Agreements are identified by the City as contract nos. 2596059, 2550726, 2584104, and 2550197. The DWJBA was not able to locate any documentation that references these contract numbers. Accordingly, the DWBJA could not determine which agreements the City intends to assume. The City lists each proposed Cure Amount Claim with respect to each Agreement as $0.00.

2.     According to DWJBA's records, the DWJBA is owed $3,196,071.07 by the City. *See* Statement, attached hereto as <u>Exhibit B</u>. Under section 365(b)(1) of the Bankruptcy Code, in order to assume the Agreements, the City is required to cure any monetary defaults under the Agreements. If any portion of the $3,196,071.07 owed by the City to the DWJBA relates to an Agreement identified by the City, the amount of the proposed Cure Amount Claim with respect to such Agreement should be increased by such portion.

WHEREFORE, for the reasons set forth above, the DWJBA respectfully requests that the Court (i) sustain this Objection; (ii) enter an order increasing the amount of each Cure Amount Claim, as applicable, by the portion of the $3,196,071.07 owed by the City to the DWJBA related to such Agreement; and (iii) grant the DWJBA such other and further relief as this Court deems just and proper.

Dated: January 28, 2015

Respectfully submitted,

CLARK HILL PLC

/s/   Joel D. Applebaum
Joel D. Applebaum (P36774)
John R. Stevenson (P70241)
151 South Old Woodward Avenue
Suite 200
Birmingham, Michigan  48009
Telephone: (248) 988-5883
Facsimile: (248) 988-2503
japplebaum@clarkhill.com

*Counsel to Detroit Wayne Joint Building Authority*

# EXHIBIT A



# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

-------------------------------------------------x
:
In re                                            :     Chapter 9
:
CITY OF DETROIT, MICHIGAN,                        :     Case No. 13-53846
:
               Debtor.        :     Hon. Steven W. Rhodes
:
:
:
-------------------------------------------------x

### NOTICE REGARDING EXECUTORY CONTRACTS AND UNEXPIRED LEASES TO BE ASSUMED PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND RELATED PROCEDURES

> ## TO ALL PERSONS AND ENTITIES WHO ARE PARTIES TO THE EXECUTORY CONTRACTS OR UNEXPIRED LEASES LISTED ON <u>ANNEX A</u> ATTACHED TO THIS NOTICE

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    1.    <u>Contract Procedures Order; Non-Exclusive Plan Assumption List</u>. On August 4, 2014, the United States Bankruptcy Court for the Eastern District of Michigan (the "<u>Bankruptcy Court</u>") entered an Order (the "<u>Contract Procedures Order</u>") approving, among other things, certain procedures with respect to the proposed assumption or assumption and assignment of Executory Contracts

03 DEC '14 RCVD

and Unexpired Leases pursuant to the Eighth Amended Plan of Adjustment of Debts of the City of Detroit, Michigan (Docket No. 8045) (as it may be further amended, the "Plan").[1] On November 21, 2014, the City filed with the Bankruptcy Court a list of Executory Contracts and Unexpired Leases that it intends to assume pursuant to the Plan (the "Non-Exclusive Plan Assumption List"). Pursuant to the applicable provisions of the Contract Procedures Order and the Plan, by identifying agreements on the Non-Exclusive Plan Assumption List, the City proposes to assume such Executory Contracts and Unexpired Leases, effective as of the Effective Date. You will receive an additional notice of the occurrence of the Effective Date when the Effective Date occurs.

    2.    <u>Executory Contracts and Unexpired Leases to Be Assumed</u>. You (or your affiliate or client) are a counterparty to one or more Executory Contracts or Unexpired Leases listed on the Non-Exclusive Plan Assumption List, which agreements are identified on <u>Annex A</u> hereto (each such agreement on <u>Annex A</u>, an "Assumed Agreement").[2] With respect to each Assumed Agreement,

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

[2]    The inclusion of an Assumed Agreement on the Non-Exclusive Plan Assumption List and on <u>Annex A</u> hereto incorporates any modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Assumed Agreement, unless such modification,

-2-



Annex A identifies, among other information: (a) the proposed Cure Amount Claim required to be paid by the City pursuant to section 365(b)(1) of the Bankruptcy Code (if any); and (b) the identity of any assignee to which the City proposes to assign the Assumed Agreement (if any). Pursuant to Section II.D.3 of the Plan, the Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Docket No. 8272), entered on November 12, 2014, constitutes an order of the Bankruptcy Court approving the assumption of each Assumed Agreement, effective as of the Effective Date.

        3.      <u>Assumption of Agreements Not Identified on Non-Exclusive Plan Assumption List</u>. The Plan provides that the City also is assuming any Executory Contract or Unexpired Lease not listed as an Assumed Agreement and not previously assumed, assumed and assigned or rejected pursuant to (a) an order of the Bankruptcy Court or (b) the express provisions of the Plan, regardless of whether such agreement is listed on the Non-Exclusive Plan Assumption List.

        4.      <u>Reservation of Rights; Additional Notice</u>. Pursuant to the Contract Procedures Order, the City retains the right to amend the Non-Exclusive Plan Assumption List to (a) modify the proposed Cure Amount Claim for any Assumed Agreement and (b) otherwise change any information related to an

---

amendment, supplement, restatement or other agreement is rejected pursuant to Section II.D.6 of the Plan.

Assumed Agreement on such list. The City will provide further notice of any such amendments to each party to an Assumed Agreement affected thereby no later than five days after the filing of the notice describing and effecting such amendment. Further, listing a contract or lease on the Non-Exclusive Plan Assumption List or Annex A hereto does not constitute an acknowledgment or agreement by the City, or a determination of the Bankruptcy Court, that such contract or lease is an Executory Contract or Unexpired Lease, and the City reserves all rights with respect thereto. Each contract or lease identified on Annex A shall be assumed only to the extent that any such contract or lease constitutes an Executory Contract or Unexpired Lease.

5. Objections to Proposed Assumption. Pursuant to the Contract Procedures Order, if you wish to object to (a) the proposed assumption of an Assumed Agreement(s) to which you are a counterparty, (b) the amount of the related Cure Amount Claim (if any) or (c) any related assignment, you must file with the Bankruptcy Court and serve on counsel to the City, at the addresses set forth in the signature block below, a written objection (an "Assumption Objection") setting forth the basis for such objection.

   (i) For Assumed Agreements, an Assumption Objection must be filed with the Bankruptcy Court and served on counsel to the City no later than 14 days after the service of this Notice (i.e., by December 9, 2014).



    (ii)    The City may file a reply to an Assumption Objection
(an "Assumption Reply") no later than ten days after the filing
of such an Assumption Objection.

If no Assumption Objection is properly and timely filed and served with respect to

an Executory Contract or Unexpired Lease (including Assumed Agreements

identified on Annex A), (a) the proposed assumption (and assignment, if applicable)

of such agreement will be deemed approved in accordance with the Plan, effective

as of the Effective Date, and (b) the proposed Cure Amount Claim related to such

agreement will be deemed approved and will be paid in accordance with the Plan,

without further action of the Bankruptcy Court. To facilitate settlement

discussions, the deadline to file an Assumption Objection or an Assumption Reply

may be extended by a written agreement of the contract counterparty and the City.

    6.    Resolution of Assumption Objection. If an Assumption

Objection is timely filed and served, the parties shall confer regarding the potential

resolution of the Assumption Objection for at least a seven-day period after the

Assumption Objection is filed. In this regard, the City invites you to contact

M. Butch Hollowell, Esq., Corporation Counsel, City of Detroit Law Department,

at butchhollowell@gmail.com or (313) 224-4550 to seek to resolve your

Assumption Objection prior to or after filing such Assumption Objection.

    7.    Scheduling of Hearing on Assumption Objection. If an

Assumption Objection is timely filed and the parties are unable to resolve the

03 DEC '14 RCVD *kml*

Assumption Objection during this seven-day period, either party may seek to have the dispute heard by the Bankruptcy Court by filing a request for a hearing with the Bankruptcy Court (an "Assumption Hearing Request"). Any Assumption Hearing Request shall seek a hearing on a date that is at least ten days after the date of filing of such request.

8. Rejection of Executory Contracts and Unexpired Leases Where Assumption Denied. If an Assumption Objection is not resolved in favor of the City with respect to a proposed assumption, proposed assumption and assignment or proposed Cure Amount Claim, the applicable Executory Contract or Unexpired Lease may be designated by the City for rejection, which shall be deemed effective as of the Effective Date, pursuant to Section II.D.3 of the Plan. If the City designates any agreement identified on Annex A for rejection pursuant to Section II.D.3 of the Plan, you will receive a Rejection Notice (as such term is defined in the Contract Procedures Order).

9. Document Website. The most recently filed Non-Exclusive Plan Assumption List, as well as other information regarding the City's Chapter 9 Case, can be found at the City's Document Website at http://www.kccllc.net/Detroit.

Dated: November 25, 2014          Respectfully submitted,

/s/  Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114
Telephone:  (216) 586-3939
Facsimile:  (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California  90071
Telephone:  (213) 243-2382
Facsimile:  (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan  48226
Telephone:  (313) 963-6420
Facsimile:  (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

03 DEC '14 RCVD  *nw*.

## ANNEX A

Assumed Agreements

| Name of Counterparty | Vendor # | Contract # | Description | City Department | Cure Amount |
|---|---|---|---|---|---|
| DETROIT WAYNE JOINT BUILDING AUTHORITY | 19336 | 2596059 | | FINANCE DEPARTMENT | $0.00 |
| DETROIT WAYNE JOINT BUILDING AUTHORITY | 19336 | 2550726 | CONSTRUCTION AND RENOVATIONS | FINANCE DEPARTMENT | $0.00 |
| DETROIT WAYNE JOINT BUILDING AUTHORITY | 19336 | 2584104 | | FINANCE DEPARTMENT | $0.00 |
| DETROIT WAYNE JOINT BUILDING AUTHORITY | 19336 | 2550197 | | FINANCE DEPARTMENT | $0.00 |

# EXHIBIT B

Detroit Wayne Joint Building Authority
2 Woodward Avenue Suite 1316
Detroit, Michigan 48226
Phone (313) 309-2300

**Statement**

To:

City of Detroit Budget Department
1100 CAYMC
Detroit, MI 48226

| | | | | STATEMENT DATE | |
|---|---|---|---|---|---|
| | | | | January 23, 2015 | |
| | | | | AMOUNT REMITTED | |
| INVOICE NO. | INVOICE DATE | TRANSACTIONS | DESCRIPTION | | AMOUNT |
| | | | Late Fee | | |
| | 18-Aug-11 | City of Detroit | 1st Quarter Rental Late Fee Assessment (FY 2011-12) | $ | 25,023.26 |
| | 2-Jun-12 | City of Detroit | 4th Quarter Rental Late Fee Assessment (FY 2011-12) | $ | 24,946.97 |
| | 13-Mar-13 | City of Detroit | 3rd Quarter Rental Late Fee Assessment (FY 2012-13) | $ | 30,118.42 |
| 201314193 | 1-Jun-14 | City of Detroit | 1st Quarter Capital Improvement Cost | $ | 899,049.25 |
| 201314210 | 23-Jun-14 | City of Detroit | Pro Rata Share for PLD PSCRF | $ | 363,853.26 |
| 20141530 | 9-Sep-14 | City of Detroit | 2nd Quarter Capital Improvement Cost | $ | 899,049.25 |
| 20141585 | 5-Dec-14 | City of Detroit | 3nd Quarter Capital Improvement Cost | $ | 899,049.25 |
| | | | | | |
| | | | **Work Orders:** | | |
| 100360 | 7/7/2009** | OTB | Work Order Number 009985-A** | $ | 155.00 |
| 2100453 | 3/2/2010** | Payroll Audit | Work Order Number 013926** | $ | 125.00 |
| 201314176 | 28-Apr-14 | ITS | 2014-2015 A/C Bill Back For Suite LL-22 | $ | 3,889.44 |
| 201314132 | 5-Mar-14 | ITS | 2014-2015 A/C Utility Bill Back LL-20 | $ | 30,374.73 |
| 2014156 | 30-Jul-14 | Media Services | Additonal Electrical Comsuption on 8th Floor | $ | 11,858.40 |
| 201314128 | 25-Sep-14 | Media Serivces | 2014-2015 A/C Utility Bill Back (Council's Media Room on 13) | $ | 7,752.64 |
| 20141552 | 24-Oct-14 | Grant Management | Work Order Number 037033 | $ | 469.20 |
| 20141576 | 14-Nov-14 | Grant Management | Work Order Number 037172 | $ | 105.60 |
| 20141580 | 20-Nov-14 | DAH | Work Order Number 037615 | $ | 251.40 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | **TOTAL AMOUNT:** | $ | 3,196,071.07 |

Please mail all payment to: Detroit-Wayne Joint Building Authority, 2 Woodward Ave, Suite 1316 Detroit, MI 48226

If payment has been made, please disregard this statement.  If you have any questions please call 313 309-2300 Mon - Fri  8:00 to 4:00