UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

CITY OF DETROIT, MICHIGAN,

        Debtor.
_____/

CORNELL E. SQUIRES,

        Appellant,

    v.

CITY OF DETROIT, MICHIGAN, et al.,

        Appellees.
_____/

Bankr. No. 13-53846 (Chapter 9)
HON. STEVEN W. RHODES

Civil Action No. 14-cv-14923
HON. BERNARD A. FRIEDMAN

**<u>ORDER OF DISMISSAL</u>**

        On January 16, 2015, the Court ordered appellant to show cause in writing why the appeal in the above-captioned matter should not be dismissed due to appellant's failure to designate the record and to file a statement of the issues within the time limits of Fed. R. Bankr. P. 8006. Instead of responding to the show cause order, appellant has filed a multitude of documents and motions [*see* docket entries 13-17], none of which are responsive to the Court's order. For the following reasons, the Court finds that appellant has not shown good cause as to why his appeal should not be dismissed.

        In appellant's filing entitled "Notice of Special Pro Se Litigant Rights . . ." [docket entry 15], appellant, in essence, asks the Court to liberally apply the Federal Rules of Bankruptcy Procedure to his appeal because he is a pro se appellant who cannot afford an attorney. Appellant's pro se status, however, does not mean that the Court may disregard the court rules applicable to all

litigants. *See, e.g., McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant."). Rule 8006 is clear: "Within 14 days after filing the notice of appeal as provided by Rule 8001(a), . . . the appellant shall file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."

Appellant has, admittedly, failed to timely designate the record and file a statement of the issues in his appeal. In an attempt to correct his procedural shortcomings, appellant first filed a motion asking the Court to adopt the record that the Detroit Retired City Employees Association ("DRCEA") designated on December 12, 2013, as if the appellant himself had timely filed this record. *See* docket entry 13. Upon realizing that the record designated by DRCEA in December 2013 was irrelevant to his appeal, appellant then filed another motion [docket entry 16] seeking to strike his previous motion. This second motion also asks the Court to adopt the record designated in another City of Detroit bankruptcy appeal and construe that record as if appellant himself had timely designated the record. *See* docket entry 16. Appellant provides no legal support for his motion.

There is simply no legal authority requiring the Court to allow appellant to "piggy-back" off of a timely designated record in another bankruptcy appeal. Appellant was required to designate the record for his own, individually-filed bankruptcy appeal, and he has failed to do so. Appellant has also failed to persuade the Court that good cause exists not to dismiss his appeal.

Accordingly,

       IT IS ORDERED that the appeal in this matter is dismissed due to appellant's failure to designate the record and to file a statement of the issues within the time limits of Fed. R. Bankr. P. 8006.

Dated: January 30, 2015         S/ Bernard A. Friedman_____
    Detroit, Michigan         BERNARD A. FRIEDMAN
       SENIOR UNITED STATES DISTRICT JUDGE