## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-----------------------------------------------------x
:
In re                          :         Chapter 9
:
CITY OF DETROIT, MICHIGAN,    :         Case No. 13-53846
:
                Debtor.    :         Hon. Steven W. Rhodes
:
:
-----------------------------------------------------x

## REPLY OF THE CITY OF DETROIT TO
## WAYNE COUNTY'S OBJECTION TO REJECTION
## OF AGREEMENT TO PURCHASE AND DEVELOP LAND

      The City of Detroit, Michigan (the "City") hereby submits this reply

(this "Reply") to *Wayne County's Proof of Claim for Rejection Damages and*

*Objection to Treatment of July 28, 1976 Agreement to Purchase and Develop Land*

*as an Executory Contract* (Docket No. 9108) (the "Wayne County Objection"),

filed by the Charter County of Wayne, Michigan ("Wayne County") in opposition

to the City's rejection of the Agreement to Purchase and Develop Land between

the City and Wayne County, dated July 28, 1976 (the "Agreement").[1]  In support of

this Reply, the City respectfully states as follows:

---

[1]      As indicated by its caption, the Wayne County Objection also seeks to
incorporate a proof of claim for rejection damages (the "Proof of Claim").
This Reply addresses only Wayne County's objection to the rejection of

## PRELIMINARY STATEMENT

1.      The Wayne County Objection is procedurally and substantively infirm and should be denied by the Court.  As an initial matter, Wayne County has failed to comply with this Court's Contract Procedures Order (as defined below).  The Contract Procedures Order expressly provides that if no objection is timely filed and served with respect to the City's proposed rejection of an executory contract, the proposed rejection shall be deemed approved in accordance with Section II.D.6 of the City's confirmed plan of adjustment.[2]  The Wayne County Objection was filed approximately 117 days after the Court-ordered deadline to file such objection, and more than two months after the entry of the Confirmation

---

(continued…)

the Agreement, and does not address the Proof of Claim.  Under the City's Plan (as defined below), the City has additional time to object to the proofs of claim filed in this case.  As such, the City expressly reserves, and does not waive, its right to object to Proof of Claim on any substantive or procedural grounds prior to the Claims Objection Bar Date, as set forth in the Plan.

[2]   On November 12, 2014, the Court entered the *Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 8272) (the "Confirmation Order"), confirming the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 8045) (the "Plan").  On December 10, 2014 (the "Effective Date"), the Plan became effective in accordance with its terms.  See *Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date* (Docket No. 8649).  Capitalized terms not otherwise defined herein have the meanings given to them in the Plan.

Order approving the rejection of the Agreement, pursuant to section 365 of the Bankruptcy Code.

2.     *Second*, the Wayne County Objection contains factual and legal assertions that are simply incorrect. Wayne County asserts, incorrectly, that the Agreement is not an executory contract because it has been "substantially completed." Wayne County Objection at ¶ 19. As discussed below, there are significant and material obligations under the Agreement that had yet to be performed by both parties — a fact not really contested by Wayne County. Accordingly, the Agreement is an executory contract that was properly rejected pursuant to the Plan, the Confirmation Order and the Bankruptcy Code.

3.     *Third*, Wayne County seeks specific performance of the rejected Agreement, a remedy that is not warranted under section 365 of the Bankruptcy Code and is not available. The very purpose of rejection under section 365 of the Bankruptcy Code is to permit the debtor to refuse to perform ongoing obligations under an executory contract.

4.     In sum, the City's rejection of the Agreement in accordance with Section II.D.6 of the Plan, the Confirmation Order and section 365 of the Bankruptcy Code was proper, and Wayne County should not be permitted to retroactively unwind the approved rejection of the Agreement through its late objection. This is particularly the case because the City has relied on the rejection

by granting Court-approved options on certain property that was subject to the Agreement.

## BACKGROUND

5.      On July 28, 1976, the City and Wayne County entered into the Agreement.[3] The Agreement provides for the transfer and development of two parcels of real property in two separate "phases" under the Agreement. Pursuant to "Phase I" of the Agreement — relating to the transfer and development of the property housing the Baird Detention Facility — the deed to the subject property previously was transferred to Wayne County.[4] "Phase II" of the Agreement — relating to the transfer and development of the property commonly known as "1300 Beaubien" (the "Beaubien Property") — had not been consummated and significant and material obligations remained unperformed by the parties. Indeed, none of the material obligations under "Phase II" of the Agreement had been performed as of the date of the Agreement's rejection.

---

[3]    A copy of the Agreement is attached as Exhibit A to the Wayne County Objection.

[4]    Nothing in this Reply should be deemed an admission or concession by the City that Wayne County is in compliance with the "Phase I" sections of the Agreement or that material obligations do not exist under "Phase I" of the Agreement.

6.     On August 4, 2014, the Court entered an order establishing, among other things, procedures for the rejection of Executory Contracts or Unexpired Leases to which the City is a party (Docket No. 6512) (the "Contract Procedures Order").  The Contract Procedures Order also establishes procedures governing a non-debtor counterparty's right to object to any proposed assumption or rejection of an Executory Contract or Unexpired Lease.

7.     Exhibit II.D.6 to the Plan (the "Contract Rejection Exhibit") identified certain Executory Contracts and Unexpired Leases to which the City is party.  Pursuant to Section II.D.6 of the Plan, any Executory Contract or Unexpired Lease listed on the Contract Rejection Exhibit was deemed rejected by the City pursuant to section 365 of the Bankruptcy Code.  Included among these contracts is the Agreement.

8.     The Agreement was first listed on the Contract Rejection Exhibit on September 16, 2014, when it was filed as part of the *Seventh Amended Plan for the Adjustment of Debts of the City of Detroit* (Docket No. 7502) (the "Seventh Amended Plan").  The City served Wayne County with a Rejection Notice (as defined in, and pursuant to, the Contract Procedures Order) that, among other things, identified the Agreement to be rejected and the procedures to object to such rejection.  See Certificate of Service, dated September 16, 2014 (Docket No. 7558).  The City also served the Contract Procedures Order and the Seventh

Amended Plan, including the Contract Rejection Exhibit, on Kilpatrick & Associates, P.C., one of the law firms serving as counsel to Wayne County in this matter. See Certificates of Service, dated August 8, 2014 and September 17, 2014 (Docket Nos. 6615 and 7557).

9.     The Rejection Notice specifically set forth the deadline — September 30, 2014 (the "Objection Deadline") — for objecting to the proposed rejection of the Agreement. Further, both the Contract Procedures Order and the Rejection Notice explicitly stated that "if no Rejection Objection is properly and timely filed and served with respect to an Executory Contract or Unexpired Lease, the proposed rejection of the applicable Executory Contract or Unexpired Lease shall be deemed approved in accordance with Section II.D.6 of the Plan." Contract Procedures Order, Schedule 1 ¶ b; Rejection Notice, ¶ 4.

10.     In anticipation of, and subsequent reliance upon, the entry of the Confirmation Order approving the rejection of the Agreement, the City executed the Syncora Development Agreement with Pike Pointe Holdings, LLC, an affiliate of Syncora ("Pike Pointe"). By this agreement, and consistent with the global resolution of issues with Syncora, the City granted an option to Pike Pointe to acquire the Beaubien Property, among other properties, subject to the conditions set forth in the Syncora Development Agreement. The Syncora Settlement, including the transactions associated with the Syncora Development

Agreement, was specifically approved by this Court in the Confirmation Order.
See Confirmation Order, p.70.

11.     On January 26, 2015 — nearly four months after the Objection
Deadline had passed and more than two months after entry of the Confirmation
Order — Wayne County filed the Wayne County Objection.

## ARGUMENT

## I.     The Rejection of the Agreement Has Been Approved by the Court, and Wayne County Is Barred from Objecting to Such Rejection

12.     The Wayne County Objection should be disregarded, and
the City's approved rejection of the Agreement should not be subject to attack,
because Wayne County has failed to comply with the deadline to object to
the rejection of the Agreement established by the Contact Procedures Order.

13.     As described above, the Contract Procedures Order provides
that "if no Rejection Objection is properly and timely filed and served with respect
to an Executory Contract or Unexpired Lease, the proposed rejection . . . shall be
deemed approved in accordance with Section II.D.6 of the Plan."  Contract
Procedures Order, Schedule 1 ¶ b.  Additionally, Section II.D.6 of the Plan
provides that, "[o]n the Effective Date, each Executory Contract and Unexpired
Lease that is listed on Exhibit II.D.6 shall be deemed rejected pursuant to
section 365 of the Bankruptcy Code."  Plan, § II.D.6.

14.     Wayne County has provided no explanation for its failure to comply with the Contract Procedures Order, nor would any explanation be meaningful at this late date.  In the months since the passage of the Objection Deadline, (a) the Confirmation Order was entered approving the rejection of the Agreement and the Syncora Development Agreement as provided in the Plan, (b) the Effective Date of the Plan occurred and (c) the City entered into the Syncora Development Agreement providing Pike Pointe with rights related to the Beaubien Property in reliance on the rejection of the Agreement.[5]  Wayne County sat silently while all of this occurred.  Accordingly, the rejection of the Agreement has been approved pursuant to the Confirmation Order and occurred on the Effective Date, and Wayne County is barred from objecting to the Agreement's rejection.

## II.     The Agreement Is an Executory Contract Subject to Rejection

15.     If this Court does not deny the Wayne County Objection as untimely, it should be denied on its merits.

---

[5]     Notably, in both the Seventh Amended Plan and the Plan, the City disclosed that it was proposing to grant an option on the Beaubien Property.  See Plan, Ex. I.A. 340 (Syncora Development Agreement); Seventh Amended Plan, Ex. I.A.115 (Development Agreement).  Just as it did not object to the proposed rejection of the Agreement, Wayne County also did not object to the City granting the proposed option on the Beaubien Property to Pike Pointe.

16.     Notably, the Wayne County Objection does not challenge the City's ability to reject the Agreement if it is an Executory Contact.  Instead, Wayne County argues that the Agreement was not an Executory Contract based on a series of assertions that are simply wrong and mischaracterize the status of the parties' performance of the Agreement.  By focusing on what it alleges is the parties' performance of Phase I of the Agreement, and stating Wayne County's willingness to perform Phase II of the Agreement, Wayne County argues that the Agreement was "significantly performed" (Wayne County Objection, ¶ 18) and somehow has been "substantially completed."   Wayne County Objection, ¶ 19.

17.     Wayne County's assertion is illogical on its face and finds no support in law or fact.  None of the material obligations related to Phase II of the Agreement in fact have been performed.  Numerous material, unperformed obligations of both parties still existed under the Agreement as of the date of its rejection, including, among others, the following:

- The City's demolition of the Beaubien Property to grade level. Agreement, § 2B(2).

- Wayne County's payment of the purchase price for the Beaubien Property (equal to the certified cost of the demolition, plus a nominal amount).  Agreement, § 1B.

- The City's delivery of a commitment for an Owner's Title Insurance Policy.  Agreement, §§ 1B and 2B(1)(a).

- The City's conveyance of the title to the property by quit claim deed. Agreement, § 2B(1)(b).

- Wayne County's recordation of the deed with the required provisions set forth in the Agreement. Agreement, §§ 2B(1)(c) and 2B(3).

- Wayne County's construction of jail facilities on the property and the obligations with respect to timing of such construction. Agreement, §§ 3-5.

- Wayne County's obligations regarding restriction of use. Agreement, § 6.

18. Clearly, numerous material obligations of both parties still remained unperformed under the Agreement as of the date of its rejection. Wayne County effectively acknowledges this in its objection even as it attempts to argue that Phase II of the Agreement has been "substantially completed." Instead of explaining how Phase II of the Agreement has been performed, Wayne County simply states that it is "ready, willing and able to complete Phase II of the Agreement." Wayne County Objection, ¶ 19. Being ready and willing to perform the existing, future obligations under the Agreement, however, demonstrates that performance has **not** been completed. Likewise, the counterparty's willingness or ability to perform is utterly irrelevant to the determination of whether a contract is executory.

19. The Bankruptcy Code does not provide a definition of "executory contract." The legislative history indicates that executory contracts include contracts where performance remains due to some extent on both sides. H.R. Rep. No. 595, 95th Cong., 1st Sess. 347 (1977), U.S. Code Cong. & Admin. News p. 5963, 6303. The Sixth Circuit has adopted this view and defined an

executory contract as a contract with material obligations left to be performed by both parties.  Sloan v. Hicks, 761 F.2d 319 (6th Cir. 1985); In re Jolly, 574 F.2d 349, 350-51 (6th Cir. 1978).

20.     As outlined above, the Agreement involved material obligations on both sides that would have continued into the future but for its rejection. Among other things, the City was required to demolish the structures on the Beaubien Property and transfer the property to Wayne County, and Wayne County was required to pay the purchase price and build a jail facility.  Accordingly, the Agreement was an executory contract that was capable of being rejected under section 365 of the Bankruptcy Code.  See Cloyd v. GRP Records, 238 B.R. 328, 335 (Bankr. E.D. Mich. 1999) ("Relieving the estate of burdensome contracts is one of the reasons a debtor is permitted the opportunity to reject executory contracts.").

21.     Courts in this Circuit and elsewhere have reached the same conclusion on executoriness when examining real estate purchase and sale agreements.  See Terrell v. Albaugh (In re Terrell), 892 F.2d 469, 473 (6th Cir. 1989) ("Applying the definition of executory contract intended by Congress, we conclude that this land sale contract is executory within the meaning of section 365, since under state law both parties have substantial obligations left to perform."); In re Malden Brooks Farm LLC, 435 B.R. 81 (Bankr. D. Mass. 2010)

(rejecting an agreement for the purchase of real estate by a purchaser not in possession of the real estate); see also Practicing Law Institute, Bankruptcy Deskbook, § 11.3.4.A  (2014 5th Ed.) ("For example, a purchase agreement under which the purchaser has not yet paid the purchase price and the seller has not yet delivered the goods or transferred title to the purchaser would be executory.").[6]

## III.    Wayne County Is Not Entitled to Specific Performance

22.    If the Court finds that the Agreement was properly rejected as an Executory Contract, the Wayne County Objection seeks specific performance of the City's obligations under the Agreement.  Wayne County Objection, ¶ 29. Wayne County cites no legal authority that would support the Court's imposition of such a remedy in this situation, presumably because Wayne County found no such authority.  Indeed, the very nature of rejection under section 365 of the Bankruptcy Code is to permit the debtor to refuse performance of ongoing obligations under an executory contract.  See Leasing Serv. Corp. v. First Tenn. Bank Nat. Ass'n,

---

[6]    Although the reasonableness of the City's exercise of business judgment in rejecting the Agreement is uncontested — indeed, it is not even *addressed* — by the Wayne County Objection, the City notes that the rejection of the Agreement was well within its business judgment and satisfied the prevailing legal standards governing rejection of executory contracts.  In re McLouth Steel Corp., 20 B.R. 688, 692 (Bankr. E.D. Mich. 1982) ("In determining whether a certain contract should be assumed or rejected, the decision should rest on the business judgment of the debtor."); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 523 (1984) (stating that the traditional standard applied by courts under section 365 is that of "business judgment").

826 F.2d 434, 436 (6th Cir. 1987) ("Rejection denies the right of the contracting creditor to require the bankrupt estate to specifically perform the then executory portions of the contract."); Matter of Executive Tech. Data Sys.. 79 B.R. 276, 282 (Bankr. E.D. Mich. 1987) ("Section 365 permits a debtor to refuse to perform an executory obligation . . . , and thus 'denies the right of a contracting creditor to require the bankrupt estate to specifically perform the then executory portions of the contract.'") (internal citations omitted).

23.     The fact that this Agreement involves obligations relating to the purchase and development of real property does not change this conclusion. The court in In re Sturgis Iron & Metal Co. opined on this very issue:

> [S]pecific performance is seldom available as a remedy, and when it is (e.g., when real estate is involved), the stay imposed by Section 362(a)(3) provides the needed protection.  Consider, for instance, what happens when the debtor files his case after agreeing to sell property but before actually closing the sale.  Although non-bankruptcy law would typically permit the purchaser to compel performance in lieu of receiving damages had the debtor not filed for bankruptcy relief, the automatic stay would keep the purchaser at bay until the trustee had had sufficient time to decide whether to reject the contract.  **If the trustee were . . . to reject it, that rejection would excuse the estate from what otherwise had been its obligation under state law to specifically deliver the deed as had been promised**.

420 B.R. 716, 722 n.14  (Bankr. W.D. Mich. 2009) (emphasis added).

24. As further example, the court in <u>In re Malden Brooks Farm</u> <u>LLC</u> held that "rejection of an agreement for the purchase of real estate by a purchaser not in possession of the real estate is one of those areas where the Bankruptcy Code bars enforcement of the right to specific performance under state law." 435 B.R. at 84. Thus, under the Bankruptcy Code and prevailing case law, Wayne County is not entitled to specific performance.

## <u>CONCLUSION</u>

For all the reasons described herein, the Wayne County Objection should be (a) denied as untimely; or (b) alternatively, denied on its merits.

Dated: February 5, 2015

Respectfully Submitted,

/s/ Heather Lennox
David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

ATTORNEYS FOR THE CITY

## <u>CERTIFICATE OF SERVICE</u>

I, Heather Lennox, hereby certify that the foregoing *Reply of the City of Detroit to Wayne County's Objection to Rejection of Agreement to Purchase and Develop Land* was filed and served via the Court's electronic case filing and noticing system on this 5th day of February, 2015.

/s/  Heather Lennox

CHI-181955170v5