UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------- x
                                               :
In re                                          :    Chapter 9
                                               :
City of Detroit, Michigan,                     :    Case No. 13-53846
                                               :
                    Debtor.                    :    Hon. Steven W. Rhodes
                                               :
---------------------------------------------- x

## STAY MODIFICATION NOTICE

Designated Claimants(s):  Anderson, Albert Thomas

Designated Claim Number(s):   1142

IF A LAWSUIT IS PENDING FOR THE ABOVE CLAIM(S), STATE:

- Caption:    Albert Anderson v. Carrie Schulz, et al.
- Case No.:   11-000234-CZ
- Court:      Wayne County Circuit Court

On December 24, 2013, the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") entered an order (Docket No. 2302) (the "ADR Order") approving certain alternative dispute resolution procedures attached thereto as Annex I (the ADR Procedures") to facilitate the liquidation of certain claims asserted against the City of Detroit (the "City").  Capitalized terms not otherwise defined herein have the meaning given to them in the ADR Order.

Under Section I.A. of the ADR Procedures, the City may serve on the holder of any Designated Claim an ADR Notice indicating that the applicable Designated Claim has been designated for liquidation under the ADR Procedures.

Under paragraph 9 of the ADR Order, the City in its sole discretion (a) may elect not to send an ADR Notice to the holder of a Designated Claim and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice with respect to the Designated Claim. Immediately upon the filing of the Stay Modification Notice, the Stay/Injunction is deemed modified with respect to the applicable Designated Claim solely in order to permit the liquidation of the claim in a non-bankruptcy forum, <u>provided</u>, <u>however</u>, that solely in the case of a "Multi-Party Tort Claim" and any related "Indemnification Claim," the Stay/Injunction is deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claim 35 days after the filing of the Stay Modification Notice unless the applicable Public Safety Union or Indemnification Claimant files a motion requesting that the Stay/Injunction remain in place ("Stay Preservation Motion"). If a Stay Preservation Motion is filed, the Court will determine whether relief from the Stay/Injunction is appropriate with respect to the Multi-Party Tort Claim under the standards set forth in section 362(d) of the Bankruptcy Code. [The City believes that the

Designated Claim(s) in this Stay Modification Notice does not constitute a Multi-Party Tort Claim.]

If the Stay/Injunction is modified as a result of the filing of a Stay Modification Notice, the liquidation of each applicable Designated Claim shall proceed in either: (a) the non-bankruptcy forum in which the Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal or transfer of venue or other procedural relief; or (b) if the Designated Claim was not pending in any forum on the Petition Date, then in the United States District Court for the Eastern District of Michigan (the "District Court") or such other non-bankruptcy forum selected by the Designated Claimant that (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim, (iii) has in rem jurisdiction over the property involved in the Designated Claim (if applicable), and (iv) is a proper venue.

Following liquidation of the Designated Claim in the non-bankruptcy forum by settlement or final judgment, the Claimant will receive an allowed general unsecured non-priority claim against the City that will be treated in accordance with the terms of any Chapter 9 Plan confirmed in the City's bankruptcy case, and not a full cash payment of the liquidated amount of the Designated Claim. For the avoidance of doubt, all proceedings against the City or any Indemnification Claimant relating to a Designated Claim following the liquidation of the

Designated Claim shall remain subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms, conditions and limitations, or those in Paragraph 9 of the ADR Order, shall be determined by the Bankruptcy Court; provided that disputes about the jurisdiction of a matter presented to a non-bankruptcy court may be determined by such court.

A copy of this Stay Modification Notice shall be filed with the non-bankruptcy court in which the Designated Claim is to be liquidated and serves to lift the Stay/Injunction in that non-bankruptcy forum to permit the underlying claim to be liquidated for purposes of this Bankruptcy proceeding.

        City of Detroit

        By: /s/ Eric B. Gaabo
        Eric B. Gaabo P-39213
        James D. Noseda P-52563
        City of Detroit Law Department
        Coleman A. Young Municipal Center
        2 Woodward Ave, Suite 500
        Detroit, MI 48226
        Phone: (313) 237-5032 / 237-3057
        Email: gaabe@detrotimi.gov
              nosej@detroitmi.gov

Dated: February 13, 2015

# CERTIFICATE OF SERVICE

I certify that the foregoing Stay Modification Notice was filed and served on February 13, 2015 using the Court's electronic case filing and noticing system. A copy of this Stay Modification Notice was also mailed to the address provided for notices in the Designated Claimant's Proof of Claim.

/s/ Eric B. Gaabo