# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISON

CARL WILLIAMS, HASSAN ALEEM AND
DOROTHEA HARRIS
        Creditors/Objectors,

v

In re:
City OF DETROIT, MICHIGAN
AND EMERGENCY MANAGER
KEVYN D. ORR
        Debtor/City of Detroit

Chapter 9
Case No. 13-53846
Judge Steven W Rhodes

_____/

## VERIFIED MOTION FOR RELIEF FROM JUDGMENT AND ORDER OF MAGISTRATE JUDGE STEVEN W RHODES SUPPLEMENTAL OPINION REGARDING PLAN CONFIRMATION, APPROVING SETTLEMENTS AND APPROVING EXIT FINANCING DENYING MOTION FOR RECONSIDERATION UNDER YOUR OATH OF <u>OFFICE OF 28 USC 453</u>

NOW COMES the creditors/objectors in the above caption and Verified

motion of Relief from Judgment and Order of Magistrate Judge Steven W Rhode

"Supplemental Opinion regarding plan confirmation, approving settlements and

approving exit financing," duly sworn to deposes and say under the 1[st] Amend-

ment the 5th Amendment and 14th Amendment of the Constitution of the

United States, and pursuant to MCR 6.212 Bankruptcy Procedures Rule 9024-1

(d) (1) and Federal Rules of Civil Procedures Rule 60(b) for Relief of and Federal

Rules of Civil Procedure and 7, 8, & 9, show the following Creditors/Objectors

named in the above caption received an order from Magistrate Judge Steven W

Rhodes denying Motion for Reconsideration (Doc No.-9052 see exhibit-A attached

A1 envelope received) on January 23, 2015 dated issued January 15, 2015,a total

of eight days by a way of Cleveland Ohio before we received the order. The decision

or Ruling was premature, misinterpreted misapplied with false and misrepresentation

of the illegal bankruptcy granted by the United States Bankruptcy Court.

1) The Magistrate Judge Steven W Rhode misrepresentation of the false

information in his "Supplemental Opinion Regarding Plan Conformation, approv-

ing settlements, and approving exit financing" ruling or decision was filed on

December 31, 2014,(doc No.8993)and his order Doc 9052 filed January1, 2015,

denying Motion for Reconsideration that was filed January 13, 2015. From the

1st of January 2015 to January 14, 2014 is a total of (14) fourteen days and the

creditors/objectors complied with Federal Rules of Bankruptcy Procedure Rule

8002 that govern the appeal time period of the Fed.R. Bankr. Proc 8002(b)(4)

states:

> "for relief under Rule 9024 if the motion is filed no later than 14
> days after the entry of judgment. A notice of appeal filed after an-
> nouncement or entry of judgment, order, or decree but before dis-
> position of any of the above motions is in effective to appeal from

the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last motion outstanding. Appellate review of an order disposing of any of the above motions requires the party, in compliance with 8001, to amend a previously filed notice of appeal. A party intending to challenge an alteration or amendment of the judgment, order, or decree shall file a notice or amended notice, of appeal within the time prescribed by this Rule 8002 measured from the entry of the order disposing of this last such motion outstanding. No additional fees will be required for filing an amended notice.

a) The Michigan Court Rules (MCR) 2.119(F) of rehearing an reconsideration is states not later than 14 days after the entry of order disposing of the motion and Relief from Judgment of Order under MCR 2.612 is one year to file. We adopt by reference as fully set-forth MCR 2.612, although we are within the time limit of 14 days.

b) The bankruptcy court or Magistrate Judge Steven W Rhodes is confused. The motion title "Motion to object and reconsider of Supplemental Opinion regarding Plan confirmation, approving settlements and approving exit financing," was filed on January13, 2015 a whole day before the expiration period. The Magistrate Judge and/or the bankruptcy court once again have used false and incorrect information to continue to justify this illegal farce of a bankruptcy.

1) To began with this was an objection and first response to the Supplemental Opinion not an reconsideration because there was no objection filed as of yet to reconsider the court opinion. To reconsider is to have a second thought or chance to reflect again "redeliberate" and since this was the first reply there were

no second thoughts even though we titled or worded it, motion to object and reconsider and this mean two subjects objection and reconsideration in this situation, however the word reconsideration was premature and a little confusing our intention were to object to the court supplemental opinion and give a different and correct point of view of the matter, as the bankruptcy rules, code, and procedure require and states, therefore reconsideration was a misapplication by the court was improper and illegal. Jewett v U.S. C.C.A. Mass., 100F. S 40, 41 C.C.A. 88; Kansas Flour Mills Co. American Surety Co of New York, Kan, 618, 158 P. 1118.

2) The Magistrate Judge Steven W Rhodes was premature in his calculation in his judgment any party wanting to object or challenge the decision have 14 days to object rule 8002. The opposing party or the city of Detroit did not received the 14 days to respond to our objections because the magistrate judge Rhodes intervened and prosecuted the case for city of Detroit by denying the reconsideration to benefit the city with false information bring about erroneous decision . He acted as prosecutor and judge and the Supreme Court has long ago prohibited one person or agency the duties of prosecutor and judge Wong Yang Sung v McGrath 339 U.S. 33 (1949).

a) We object and completely disagree to the opposing party not responding to any of our objections and the court prosecuting the case for the city and there must have been "ex parte communication" between the court and the city

by the decision made with no response are admitted when not denied according

to Fed.R.Civ R.Proc Rule 8 (d). The court cannot supply the deficiency of the op-

posing party failure to respond or their lack of interest and rule on opposing party

behalf when they never <u>asked to opposed,</u> <u>never objected to our</u> <u>objections,</u> or

<u>briefed against our objections,</u> or <u>argued</u> <u>against our objections,</u> and never respond-

<u>ed timely</u> Percy Harris Jr. v City of Detroit Court of Appeals 257345(2003); Tringali v

Lal Michigan 164 App 299, 300-301 (1987); The court has stated the court cannot

grant relief on an issue neither <u>brief</u> nor <u>argued.</u> Celotex v Catrett, 477 U.S. 317,

322-326 (1985) Anderson v Liberty Lobby, Inc 477 U.S. 242,106 S.Ct 2505, 2511, 91

L.ED.2d.

    3) The Magistrate Judge Steven W Rhodes have contravened Title IX special

proceedings Rule 72 of Magistrate Judge pretrial orders Federal Rules of Civil

Procedure IX Rule 72 (b) (2) states:

> <u>Objections</u>. Within 14 days after being served with a copy of recom
> mendation disposition, a party may serve and file specific written
> objection to proposed finding and recommendations. A party may
> respond to another party's objections within 14 days after being ser-
> ved with copy. Unless the district judge orders other-wise, the object-
> ing party must promptly arrange for transcribing the record, or what-
> ever portion of the parties agree to or the magistrate judge consider
> sufficient. See Cornell University Law School Title IX Special proceed-
> ings. This is due process and equal protection of the law contravening
> the 5[th] and 14[th] Amendment of the Constitution of the United States.

a) The magistrate act pretrial orders kind of mirror the Bankruptcy Rules 8002 that governs the time period to respond in an objection claims and state not later than (14) days before the date set for a hearing on the objection.

b) To clarify this point of responding Federal Rule of Bankruptcy Procedure Rule 1011 governing responsive pleading or motion states in it notes that the rule amended to implement changes in connection with the amendment to Rule 9006 (a) and the manner by which time is computed under the rules. The deadline in the rule is amended to substitute a deadline that is a multiple of seven day.

Throughout the rules, deadlines are amended in following manner:

5- days period become 7-days periods

10- days period become 14-days periods

15- days period become 14-days periods

20- days period become 21-days periods

25- days period become 28-days periods

The magistrate judge Steven W Rhode under his Oath of Office and color of law has abandon his sworn duty and obligation that has contravened the magistrate act that govern the magistrate Steven W Rhodes and the bankruptcy codes, rules and procedures that govern bankruptcy has violated the 5$^{th}$and 14th Amendments, under his oath of office and 28 USC 453 of the federal statute and Article VI of the United States Constitution and Article XI Section 1 of Michigan State Constitution invoked by Article 1 Section 23 of the Michigan State Constitu-

6

tion and the 9th Amendment of the United State Constitution. Also the Article IV Section 1 of Full faith and credit shall be given in each state to the public Act, Records and judicial proceeding of every State of the Constitution of the United States.

2) It was uncontested that the court has completely ignored and disregarded creditors/objectors objections filed with the Federal Rules of Civil Procedure 12 (b) in and (2) lack of jurisdiction over the person in this case it was the Emergency Manager Kevyn Orr, because he was not and is not an elected official and was an appointed agent of the state and not the proper person as stated in our previous objection citing (1) lack of jurisdiction over the subject matter would be Bankruptcy that was not by consent, as required of 11 USC 903 of the creditors and 904 of the municipality and to included (6) failure to state a claim upon which Relief can be granted. We adopt by reference number (6) of all the objections regarding jurisdiction, as fully set forth and to be included with all objections concerning jurisdiction. It should be noted that the court has yet to address these issues in our any of ours objections and the court has a second last chance to correct and provide "due process and equal protection of the law that has not been provide in this case to the creditors/objectors in this case. **There has been some newly discover evidence that the emergency manager Kevyn Orr revealed that he did not have license to practice law in the State of Michigan, therefore, the whole plan is invalided as well as the bankruptcy pro-Ceding and the law suit filed is null and void.**

7

One issue that is irrefutable and has not been addressed is the
petition for bankruptcy is invalid because the party that signed it
failed to receive legal authorization and lacks the proper authority.
See Bankruptcy City of Harrisburg Pennsylvania, 465 B.R. 744 (Bankr.
M.D.Pa 2011).

In this case the court determined that this case should be dismissed be-

cause the City Council did not have the legal authority under the chapter law and

third class city code to commence a bankruptcy case on the behalf of the city of

Harrisburg and (2) the city of Harrisburg was not specifically authorized under

state law to be a debtor under chapter 9 of the Bankruptcy code as required by

11 USC sect 109 (c) (2). In this case the circumstances are the same both officials

are not authorized to file for Bankruptcy and Detroit have no state law govern

bankruptcy and no legal state authority to be a debtor therefore, the court lacked

jurisdiction over the person which is the emergency manager Kevyn Orr and the

subject matter being Bankruptcy under these circumstances and violated 11 U.S.C.

109 (c). "Only a municipal may file for relief under chapter 9 for bankruptcy."

Therefore, only an elected official would even be eligible or have standing to file

and violated Fed.R.Civ.Proc Rule 12 b (1), (2) and (h3) and the case should have

been and should be dismissed.

Whenever it appears by suggestion of the parties or otherwise
that the court lack jurisdiction of the subject matter, the court
shall dismiss the action. Fed R. Civ Proc. 12 (h) (3).

The court cannot write its own jurisdiction ticket, U.S. v Smith 80 F.3d 215 7th cir 1996) citing "Zernad-Bernal, 23 F.3d at 215, but must act within the confines of constitutional as well as statutory limits on its jurisdiction.

The state has not shown any statute or laws that give them the authority to file for bankruptcy. In re County of Orange, 183 B.R. 594,. 604-05 Bankr C.D. CaL 1995.

3) In the bankruptcy court opinion regarding eligibility on page 137 doc 1945 filed 12/05/13 the court stated to show good faith "the evidence must demonstrate that 'the purpose of the filing of chapter 9 petition [was] not simply... to buy time or evade creditors." In re New York City of Vallejo, 408 B.R. at 295.Notably this argument was not raised by the objectors in any pleading or at trial, nor was any evidence to support it. This was false this issue was raised several times in our objections in docket Nos 8283, 8303.

a) It is undisputed that one of the reasons was that the State of Michigan concealed the fact that through the Emergency Manager Kevyn Orr, which the state filed for bankruptcy through emergency manager to avoid paying the revenue sharing fund owed to the city that is approximately, $224,000.000.00 million in 2012 and $244,000,000.00 million for 2013 and approximately $200, 000,000.00 for 2014 and plus interest for all three years which is approximately 1billion dollars or more. This clearly is a violation of the Revenue Sharing Act, Public Act 140 of 1971 that state this is unrestricted revenue and the state has

9

intentionally restricted it for at least three (3) years and the governor Snyder has gone on record as stating he was not going to pay the money. The state intentionally, knowingly and willingly with forethought contributed to the deficit. This clearly shows that it was not filed in good faith and not in the best interest of the creditors. See also objection 8283 filed November 14, 2014. In re New York City of Vallejo. supra.

The city did not bargain or conduct business in good faith because their position was that they was not going to bargain and did not have to because P.A. 436. Three Police Officer Unions challenged the city position not to negotiate for collective bargaining:

> As such, the Employer has no obligation to participate in Act 312 arbitration and is not required to do so.    Accordingly, the arbitrations in the cases before us must be dismissed. **Case No.-D09 F-0703, D11 J-1169 and D13 A-0005.**

These Labor Relation cases show irrefutably with "prime facie evidence" that the city failed and **refused to bargain in good faith and not at all in these cases cited above**, therefore, failed to bargain in good faith continue refusal to comply and meet the requirements of title 11and these violations demand's this case to be dismissed. See exhibit B attached. The magistrate judge just totally disregarded the salient fact and evidence of this case because the court was aware we submitted this as concrete evidence that the city didn't bargain or

10

conduct business in a good faith manner and the court failed to comply with

title 11 of the bankruptcy code and proceeding and not in the best interest of the

creditors. See Doc Nos 8231.

4) The citizens of the State of Michigan and the court has been mislead or

the court conspired with the state and through the emergency manager Kevyn

Orr to deceive the people by perpetrating fraud on the citizens and in the court to

justify the bankruptcy filing that resulted in fraudulent concealment MCL 600.5855

on the people by alleging the city went to court to avoid paying Syncora , which

was false and fabricated by the Kevyn Orr the emergency manager to justify filing

bankruptcy disguised as the city without their consent a violation of 11 USC 904,

nor the consent of the citizens of Section 903 and the case should have been

dismissed. The court refused to address this issue. See Docket No 8313, 8306. This

demonstrate it was not in good faith and not in the best interest of the creditors.

> It is customary and a long standard principle that once an agency or
> a court has issued rules and regulations to govern its activity, The
> court's ruled that any time an agency promulgate rules they must
> scrupulously follow those rules or the decision cannot stand and may
> not violate them. In this case we are referring to Bankruptcy rules and
> codes and to bargain in good faith, regardless who makes the rule they
> must be followed in a civilized society of rules and law making proce-
> dures. Security & Exchange Comm v. Chenery 318 U.S. 80 87, 88
> (1943), Service v Dulles, 354 U.S. 363 77 S. Ct 1152, p1 L.ED2nd 1403
> (1957) Pacific Molasses Co. v FTC, Tex (356 F2d 386 (1966).

5) The consistent allegation of emergency manager Kevyn Orr and the news

media that the city owing $18,000,000,000 in debt is false and the attorney Krystal

Crittendon for the city of Detroit disputed this figure in her objection and state it is more like from 3 to 6 Billion not 18 billion, which the pensioners, the city taxpayers and the court has been mislead with false figures and information to perpetuate the atmosphere of bankruptcy. See exhibit C Krystal A. Crittendon's Objection

This so-called 18 billion dollars is over a 30 year period is a total of 600,000 000, however in this case it is 3 to 6 Billion dollars over a 30 year period which is a substantial different. The amount owed for 6 Billion today would be approximately, Two Hundred million dollars. The fact of the matter is we all owe money but in this case they only talk about what the city owes and have totally disregarded what is owed to the city for instance; the revenue sharing money owed to the city of Detroit is approximately 1 Billion and take into the account that the police and fireman made over 1 and half (1 1/2) Billion in three years from 2012 to 2015 that a total of two and half (2 1/2) billion dollars, not to include the money owed in the general fund just off the top of my head that is owed right now to the city of Detroit not in 30 years. The inflated amount of debt owed by the state through the emergency manager Kevyn Orr to justify the illegal bankruptcy.

6 ) The plan of adjustment or plans of adjustment unfairly discriminated against individuals in the same class. The pensioners that received a 13th check are being discriminated against because the retirees are being asked to give back money under the so-called "craw-back" and no law or regulation has been violated and the city is not being asked to give any money back that they may have earned

12

for any of their investments. This clearly is unfair discrimination against the creditors and pensioners and contravened pensioners Civil Rights 42 USC 1983, 1985 and under 14th Amendment of equal protection of the law. The retirees who voted to approve the plan received a 13th check and were arbitrary and capriciously excluded from the craw-back and still received a 13th check and others that have not participated in the annuity saving funds received a 13th check as well and only active city employee participants who contribute should be eligible for a 13th check, once you retire you no longer are paying into the fund. All persons of the same class included and affected alike or are immunities or privileges extended to an arbitrary or unreasonable class while denied to others of like kind. Fox v Employment Securities Commission, 379 Mich 579-989; 153 NW2d 644,647-648 (1967); Beauty Built Construction Group v City of Warren, 375 Mich 229, 236; 134 NW2d 214, 218 (1985); Alexander v City of Detroit 392 Mich30 (1974) cited at pg 36.

7) We object and disagree with and have not agreed to any proposal or any kind of agreement to consent to, agree to or approve any plan under no circumstance that will cease all litigation or obligation challenging Public Act 436(2012) or seeking enforcement of Article IX Section 24 of the Michigan State Constitution related to the pension benefits. We preserve all right to sue or whatever action is need to protect our constitutional rights.

8) We object and totally disagree with the D the participation by unrepresented parties. To began with the bankruptcy court never addressed how anyone

13

could be late or untimely when they never legally notified anyone according to the bankruptcy code 11 USC 923 and continue to violate the code and rules of the procedures and any attempt that was made was after the fact for instance the plan was issued on May 5, 2014 and on May 9 2014 they placed and published in the newspaper for one day in violation of bankruptcy code and rules that requires three consecutively weeks not three article for one day, which even if they did it, it still would have been after the fact and meaningless "There <u>Shall be given notice</u> of the commencement of a case under this chapter, notice of an order for relief under this chapter, and notice of the dismissal of a case under this chapter. Such notice <u>shall</u> also be published at least once a week for three successive weeks in at least one newspaper of general circulation published within the district in which the case is commenced, and in such other newspaper having a general circulation among bond dealers and bondholders as the court designates. This also applies to the "Disclosure Statement" and "Plan of Adjustment" as well. These are grounds for a dismissal. In re Colorado Centre Metro, Dist. (1990, BC Dc Colo) 113 BR 25, 7 Colo Bankr Ct Rep 77, 20 BCD 660, 23 CBC2d 397.

9.) This procedure and process was overlooked or just plainly ignored to deceive the people that Magistrate Judge Steven W Rhodes concealed the fact and deceived the people from knowing he was a Magistrate Judge in a Article 1 court and over the age of 70 and had limited powers to address Constitutional issues that should have been revealed at the commencement of this case. Pipe-

14

line Co. Marathon Pipe Line Co., 458 U.S. 50 (1982) **The fact that the creditors never consented for Judge Rhodes is a violation of the Magistrate Act 28 USC 631. He also doesn't have the authority to address "public rights" and cannot Legally rule on "pension benefits" that are protected by the state Constitution because they are reserved to an Article III judge.** See Stern v Marshall 131 S. Ct. 2594, 2613, 2011) and Waldman v. Stone, 698 F.3d 910 (6th Circuit 2012) He therefore, lacks authority because he is not an Article III Judge. He, thus, lacks jurisdiction and has denied the creditors, unions and pension members the opportunity to a fair and adequate hearing. Goldberg v Kelly 397 U.S. 254 90 S Ct 1011, 252 citing "The fundamental requisite of due process is the opportunity to be heard." Grannis v. Ordean, 234 U.S. 385 394 (1914); The notice and hearing must be "at a mean ingful time and in a meaningful manner" Armstrong v. Manzo, 380 U.S. 545, 552 (1965). The Supreme Court further ruled that in almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses. Goldberg v Kelly citing E. g., ICC v Louis Louisville & N.R. Co., 227 U.S. 88, 93-94 (1913); Wilner v. Committee on Character & Fitness, 373 U.S. 96, 103-104 (1963). What we said Greene v McElory, 360 U.S. 474, 496-497 (1959) is particularly pertinent here:

15

"Certain principles have remained relatively immutable in Our jurisprudence. One of these is that where government Action seriously injuries an individual, and the reasonableness of the action depends on fact findings, the evidence used to prove the Government's case must be disclosed to the individual so that he has an opportunity to show that it is untrue. While this is important in the case of documentary evidence, it is even more important where the evidence consists of the testmony of individuals whose memory might be perjurers or person motivated by malice, vindictiveness, intolerance, prejudice, or jealously. We have formalized these protections in the requirements of confrontation and cross-examination. They have ancient roots. They find expression in the Sixth Amendment…. This Court has zealous to protect these rights from erosion spoken to protect these rights from It has spoken out not only in criminal cases…. but also in all types of cases where administrative. . . . .action were under scrutiny."

The court also to conceal the fact that so-called hearing wasn't a real trial or hearing, It was more like a meeting to give a presentation and not testimony after the fact is deceptive and a **sham; a cheap trick**, and **gross canard** and part of his "Ponzi" scheme in action to deceive the people to believing that they were receiving due process when in fact it wasn't a real trial or a hearing at all.

**The City of Detroit never legally approved, agreed or consented to the** Emergency Manager, Kevyn Orr, filing for bankruptcy and Kevyn Orr concealed this fact from the people by his action and contravened **MCL 600.5855 Fraudulent Concealment** where a party alleges that fraud has been committed on the court, it is generally **an abuse of discretion** for the court to decide the motion without

16

first conducting an evidentiary hearing into the allegations. Rapaport v Rapaport 185 Mich App 12 (1990) citing Michigan Bank-Midwest v DJ Reynaert, Inc, 165 Mich App 630, 643, 419 NW2d 439 (1988); St Clair Commercial & Savings Bank v Macaulley, 66 Mich App 210, 214-215; 238 NW2d 806 (1975), lv den 396 NW2d 864 (1976).

   10) The third amended plan and disclosure statement. (Dkt# 4271 and 4272) and the others one thur eight amended plan of adjustments objection were filed opposing all of the plans because one thur eight plans of adjustment never complied with the bankruptcy code 11 USC 923 and the rules 2002(f), 9007 and 9008 and until this day has not file or conducted in good faith and failed to met the requirements of title 11 USC 921 (c) and should have been dismissed. This is also 5th and 14th Amendments violations of the Constitution of the United States. This the court also ignored and did not address this issue because the notice was after the fact and violated the bankruptcy code governing notices 11 USC 923 and there was no sworn testimony at any of our hearing and the creditors /objectors only presented "presentation not testimony" and no effective opportunity to defend by confronting any adverse witnesses and by presenting his own arguments orally, therefore, the notices and hearings were both meaningless as ruled described by the Supreme Court in Goldberg v Kelly supra, citing Armstrong v Manzo supra,

   11) The court either conspired with the city of Detroit or have no respect for

17

the law by its action or decision to concluded that the plans that the state through the emergency manager Kevyn Orr filed after the fourth amended plan did not require a new ballot after the facts it were revealed that the ballots were counterfeit and/or irregular and not proper official form 14 ballot. See also Docket No 8147 noncompliance of the official form14 ballot and the voting process on November October 31, 2014 and docket No. 8311.

a) Not to mention the so-called voting process was bias and rigged and violated MCL 168.485.

1) We objected to the plan of adjustment and confirmation to the plan, because the ballots were not proper because your signature was on one page and your vote was on another making it easier to manipulate the vote and not in the spirit of the purity of the election process (2) the material included with the voting packages has some solicitation for a yes votes with letters from Shirley Lightsey a representative of the retiree committee, Donald Taylor president of Detroit retiree, Police and Fire Fighters on the behalf of the board of directors and the Emergency Manager, Kevyn Orr encouraging a Yes votes in violation of the Michigan Election Statute 168.485 (See attached a copy of the Michigan Election Statute 168.485 MEL) that states the language used shall not create no prejudice for or against the issue or proposal.

This doesn't secure or support a process that demonstrate the purity of the election process. The whole process has been fraudulent from the start when the

18

Emergency Manager, Kevyn Orr impersonated an elected official when he filed for the bankruptcy. When the law states only a municipality and elected officials can file for bankruptcy. This clearly a violation of MEL 168.485, thus a 5th Amendment Procedure due process and 14th Amendment of equal protection of the law of the Constitution of the United States.

12) The Jones Days and maybe others Buckfire, and Milan law firms were billing for services not render because as stated before above the city never objected to our objections and therefore, no services render and the court had already ruled in the city favor even thought they didn't respond the city is going alone with this negligent and fraud like embezzlement of funds from the city and the city officials has willfully misapplies its funds to aid and abet the "embezzlement" from the city refers to an acts done for the benefit of the law firms against the city to justify this illegal bankruptcy.

13) We object and completely disagree with the plan because pensioners and/or retirees have not voted on the plan therefore the plan have not been legally confirmed and the retirees and/or pensioners have been denied the right to vote, therefore, violation of unfair discrimination and in the plan or plans, thus they are not fair and equitable. How can it be fair and equitable when the banks were excluded from the bankruptcy whom were the main players and culprit in this case but were excluded and court excuse was it would be too costly and time consuming to file against the banks where is the fairness and equitable in that. To

19

add insult to the injury the plan or plans reduce you from being middle class to below the poverty level and there is nothing fair and equitable about this plan and any plan that take you from middle class to below the poverty level is not your best interest or the creditors best interest. This is a clear example of unfair discrimination. Discrimination in itself means unfairly treated to stated or say unfair discrimination is like saying you don't know what it means. Discrimination is a denial of treatment of all people alike and afford them equal opportunity. See Cox v. Pennsylvania R.Co., 240 Pa. 27 87 A. 581, 583. A carrier's failure to treat all alike under substantially similar conditions. Kentucky Traction & Terminal Co. v Murray, 176 Ky. 593, 195 S.W. 1119, 1120. See Black's Law Dictionary revised 4th edition. In re Valley Health Sys. 2011 Banka LEXIS 4290 at 18-24 (Bankr CD.D. Cal Nov 8, 2011).

14) We object and demand a revocation order of the confirmation plan in a cording to 11 USC 1144 due to the bankruptcy was perpetrated by fraud and there have been no legitimate hearings or notice for the objectors/creditors during this whole bankruptcy proceedings.

WHEREFORE, and the above reasons we pray and demand that (1) that there be a vote on the plan before the 180 days of the confirm of the plan,(2) that there be a revocation order according to 1144 of plan base on fraud (3) that there be an evidentiary hearing on jurisdiction and fraud ( (4) this case be dismissed,

**These are just a few examples of the reason why we object to the Plan of Adjustment and "confirmation" of the plan because there are multiple violations of the law. "This is an analogy to the fruit of the poisons tree."**

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Carl Williams
10112 Somerset
Detroit, Michigan 48224
313 521-5012

Hassan Aleem
2440 Taylor
Detroit, Michigan 48206
313 205-4353

Dorothea Harris
20552 Huntington
Detroit, Michigan 48225

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

City of Detroit, Michigan,
      Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Steven W. Rhodes

<u>**Order Denying Motions for Reconsideration**</u>

On January 13, 2015, several creditors filed motions to "object and reconsider of supplemental opinion regarding plan confirmation, approving settlements and approving exit financing." (Dkt. ##9032, 9033, 9035, 9036, 9037, 9038, 9039, 9040, 9041, 9042, 9043, 9044, 9045 and 9046)  The Court construes the motions as motions for reconsideration of the supplemental opinion regarding plan confirmation, approving settlements and approving exit financing entered on December 31, 2014 (Dkt. #8993) as well as the order confirming eighth amended plan for the adjustment of debts of the City of Detroit entered on November 12, 2014. (Dkt. #8272) The motions are untimely and there is no provision in the rules for filing a motion for reconsideration of a supplemental opinion.  Further, the motions are to be decided pursuant to Local Bankruptcy Rule 9024-1(a)(3), which provides:

> Generally, and without restricting the discretion of the Court, a motion for rehearing or reconsideration which merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted.  The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

The Court concludes that nothing in these motions warrants reconsideration of its earlier

orders. Accordingly, it is hereby ordered that the motions for reconsideration are denied.


**Signed on January 15, 2015**

_____/s/ Steven Rhodes_____
**Steven Rhodes**
**United States Bankruptcy Judge**

2

13-53846-swr    Doc 9052    Filed 01/15/15    Entered 01/15/15 10:10:29    Page 2 of 2
13-53846-tjt    Doc 9266    Filed 02/10/15    Entered 02/13/15 13:51:46    Page 23 of 31

Exhibit A 1

BAY 31689 0015 2 [a02] 13-53846

David Gilbert Reiman

901 Lakeside Avenue

Cleveland, OH 44114

# OFFICIAL BUSINESS

UNITED STATES BANKRUPTCY COURT
PENALTY FOR PRIVATE USE $300
CONTAINS **NOTICE** of a **PROCEEDING**
in the
**UNITED STATES BANKRUPTCY COURT**

03-4585 3-4585 1 AT 0.403 48224 66 7706-0-35016

Carl Williams

10112 Somerset

Detroit, MI 48224-2551

PRESORTED
FIRST-CLASS MAIL
POSTAGE & FEES PAID
UNITED STATES COURTS
PERMIT NO. G-10

# FIRST-CLASS MAIL

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:                                            Chapter 9
City of Detroit, Michigan,                        Case No. 13-53846
    Debtor.                    Hon. Steven W. Rhodes
_____/

## Order Denying Motions for Reconsideration

On January 13, 2015, several creditors filed motions to "object and reconsider of

supplemental opinion regarding plan confirmation, approving settlements and approving exit

financing." (Dkt. ##9032, 9033, 9035, 9036, 9037, 9038, 9039, 9040, 9041, 9042, 9043, 9044,

9045 and 9046) The Court construes the motions as motions for reconsideration of the

supplemental opinion regarding plan confirmation, approving settlements and approving exit

financing entered on December 31, 2014 (Dkt. #8993) as well as the order confirming eighth

amended plan for the adjustment of debts of the City of Detroit entered on November 12, 2014.

(Dkt. #8272) The motions are untimely and there is no provision in the rules for filing a motion

for reconsideration of a supplemental opinion. Further, the motions are to be decided pursuant to

Local Bankruptcy Rule 9024-1(a)(3), which provides:

> Generally, and without restricting the discretion of the Court, a motion for
> rehearing or reconsideration which merely presents the same issues ruled upon by
> the Court, either expressly or by reasonable implication, shall not be granted. The
> movant shall not only demonstrate a palpable defect by which the Court and the
> parties have been misled but also show that a different disposition of the case
> must result from a correction thereof.

The Court concludes that nothing in these motions warrants reconsideration of its earlier

orders. Accordingly, it is hereby ordered that the motions for reconsideration are denied.


Signed on January 15, 2015

                        /s/ Steven Rhodes
                        Steven Rhodes
                        United States Bankruptcy Judge

034585    51609034619015



UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

2014 JUN 30  P 2: 2⌣

U.S. BANKRUPTCY COURT
E.D. MICHIGAN· DETROIT

In Re:

CITY OF DETROIT, MICHIGAN

        Debtor,

Chapter 9

Case No. 13-53846

Hon. Steven W. Rhodes

**OBJECTING CREDITOR KRYSTAL A. CRITTENDON'S
OBJECTIONS TO CONFIRMATION OF THE CITY'S FOURTH AMENDED PLAN OF ADJUSTMENT**

I, Krystal A. Crittendon, am a creditor and a member of Class 11 and hereby file this Objection to Confirmation of the City of Detroit's ("The City's") Fourth Amended Plan of Adjustment (the "Plan") for the following reasons:

1. City of Detroit Emergency Manager ("EM"), Kevyn D. Orr, does not and has never had authority to file for Chapter 9 bankruptcy on behalf of the City of Detroit because: (1) no emergency manager statute existed at the time Mr. Orr was purportedly appointed Emergency Manager; (2) even if a law had existed, Mr. Orr would not have been grandfathered in as an Emergency Manager because his alleged contract with The City had expired at the time P.A. 436 became effective; (3) a municipality cannot be forced into an involuntarily bankruptcy pursuant to Chapter 9 of the United States Bankruptcy Code.

2. The Detroit EM recently was forced to admit that there was a **$15 million dollar** accounting error in The City's pension calculations; however, such error was only admitted when a court-appointed expert complained to the Court that The City would not give her the data and other information it relied upon to make the assessments made in the Plan(s) of Adjustment. This **$15 million dollar** calculating error calls into question the reliability of all of the numbers and calculations relied upon by the City in determining that the General Retirement System ("GRS") and Police and Fire Retirement System ("PFRS") are underfunded and to what degree such underfunding may exist.

3. The Michigan Constitution prohibits the City of Detroit from impairing or reducing the pensions of Detroit retirees.

4. A "YES" vote does NOT guarantee that the City of Detroit will not increase the cuts to the pensions by a higher percentage after the Plan is approved. For instance, as it relates to the

1

GRS, the Plan of Adjustment proposes that if pensioners in that system vote "Yes" (to approve the Plan), they will receive a 4.5% reduction in their pensions, **subject to other "preconditions."** If they vote "NO" (to disapprove The Plan), The Plan proposes that the GRS pensioners receive a 27% cut; however, a footnote states that even if the GRS pensioners vote "YES," they can still receive the same amount of a reduction they would have received if they voted "NO," if any of the other funding parties do not make their promised contribution. A "YES" vote gives the City a blank check to do whatever it deems necessary in the future with respect to making cuts to the pensions.

5. A vote "YES" to approve the Plan also serves to give up all rights to appeal any issue related to the bankruptcy, even if it is later determined that the lawyers and auditors who prepared The Plan were wrong or misleading in the financial assessments, estimations, analysis and projections. The Notice regarding The Plan provides: "If you vote to accept the Plan: You may be giving up any right you may have to sue the State of Michigan, the City or other entities specifically protected by the Plan releases, to try to recover the full amount of your pension...." I object to the confirmation of the Plan because I would never voluntarily give up my right to appeal or object to the unconscionable actions being taken with respect to the City's bankruptcy.

6. The City of Detroit, through the law firm Jones Day (the firm which Detroit Emergency Manager Kevyn Orr worked for before he was appointed EM AND to which he will return as a Partner when he leaves Detroit) has not provided the data and numbers it relied upon to conclude that either the GRS or the PFRS are underfunded.

7. The average City of Detroit pension is only $19,000.00. The GRS and PFFS **are not** the reason the City is allegedly suffering financial problems significant enough to qualify it for Chapter 9 bankruptcy.

8. Pensions paid by the GRS and PFRS **are not** future monetary gifts bestowed upon City of Detroit retirees; they were part of the compensation packages offered to City of employees who worked for lower salaries without sufficient merit and cost of living increases, under the promise that they would receive a modest retirement payment upon retiring from the City of Detroit.

9. The City's claim that the GRS and PFRS comingled pension money with money City employees voluntarily contributed to the Annuity Savings Fund ("ASF") and improperly paid out excess earnings, even if true, has absolutely no bearing on whether the City has a deficit in its general fund, which is what allegedly qualified the City for Chapter 9 bankruptcy. This is especially true since the City has already decided that it is no longer going to contribute to the GRS and PFRS after July 1, 2014.

2

10. Moreover, beginning July 1, 2014, City employees cannot opt out of the new hybrid pension system the City has created, which is a taking of the employee's funds without sufficient due process.

11. The votes are being counted in El Segundo, CA . Given the significance of what is at stake, the Bankruptcy Court should have required that the votes be counted locally in an effort to ensure that the creditors and parties in interest would be able to observe the vote count.

12. Pensioners are being asked to enter into an Adhesion Contract with The City. An Adhesion Contract is a contract in which one party has all the bargaining power and uses it to write the contract primarily to his or her own advantage; it is NOT freely bargained. Adhesion Contracts are unconscionable because they are so unfair to a weaker party that a court will refuse to enforce them. Because a "YES" also gives up all rights of appeal, then the pensioners would be foreclosed from ever asserting that the agreement is an Adhesion Contract and is, therefore, enforceable.

13. The State of Michigan has already demonstrated that it does not deal honestly and fairly with the City of Detroit and its residents when it reneged on a revenue sharing deal entered into when Dennis Archer was Mayor of Detroit. The State cannot, therefore, be trusted to fulfill its obligations under the "Grand Bargain."

14. The money being offered by the State as part of the alleged "Grand Bargain" is money from a class action lawsuit settlement between the State of Michigan and the tobacco industry to which the City of Detroit should have already been entitled, had the State of Michigan chosen to equitably and morally give the settlement proceeds to Michigan cities based on the proportional ill-effects caused by the tobacco industry to individual cities. It is not new state taxpayer dollars which are being appropriated, as the "Grand Bargainers" are attempting to characterize the revenue.

15. No one has explained how $816 million in funding from outside sources (the non-profit corporation the operates the DIA, charitable foundation and the State of Michigan) plugs a hole which the EM initially said was $18 BILLION dollars, then later had to admit was only approximately $6 billion dollars. Nonetheless, the disparity between the alleged pension shortfall and the amount of money being contributed is too large to provide any degree of comfort with respect to whether the pension cuts are necessary, at all.

16. It was recently revealed in a leaked confidential memorandum that the Detroit EM's proposal, which will transfer operation (and potentially ownership) of the Detroit Water and Sewerage Department ("DWSD") to an Authority or a private entity, has undervalued DWSD by **75%**. The memo, which was presented to the court by an Officer appointed by the

3

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

CARL WILLIAMS, HASSAN ALEEM AND
DOROTHEA HARRIS
                    Creditors/Objectors,

v

In re:                                    Chapter 9
City OF DETROIT, MICHIGAN                  Case No. 13-53846
AND EMERGENCY MANAGER                      Judge Steven W Rhodes
KEVYN D. ORR
                    Debtor/City of Detroit
_____/

## PROOF OF SERVICES

_____Carl Williams_____, being first duly sworn deposes and

Say that on February _____9_____2015. I sent a copy of Verified Motion of

Magistrate Judge Steven W Rhodes Supplemental Opinion regarding Plan

Confirmation, approving settlements and approving exit financing pending in

the United States Court of Appeal under color of law and your Oath of Office,

Upon the concern parties by certified mail at the following address:

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

Emergency Manager
Kenyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to
the best of my knowledge and belief, under penalty of perjury and contempt
of Court under the laws of the United States of America.

Sign_____Carl Williams_____

Dated__February    9,    2015_____