UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Hon. Steven W. Rhodes |

**FINAL FEE APPLICATION OF FEE EXAMINER PARTIES
FOR ALLOWANCE OF COMPENSATION AND
<u>REIMBURSEMENT OF EXPENSES</u>**

Pursuant to paragraph 27 of this Court's Fee Review Order dated September 11, 2013 (Dkt. # 810) ("<u>Fee Review Order</u>"), Robert M. Fishman, the Court appointed fee examiner in the above-captioned case ("<u>Fee Examiner</u>"), hereby files this Final Fee Application (the "<u>Final Fee Application</u>") and applies for (1) the allowance of compensation and reimbursement of expenses for the Fee Examiner Parties (as defined in the Fee Review Order) for the period beginning October 1, 2014 through and including February 13, 2015 ("<u>Current Application Period</u>"), in the aggregate amount of (A) $283,129.10 for services rendered during the Current Application Period and (B) $3,889.31 for actual expenses incurred in connection with services rendered during the Current Application Period, (2) final approval of all compensation and expense reimbursement previously applied for and awarded by this Court on an interim basis, and (3) payment of all finally allowed compensation and expense reimbursement. These aggregate amounts for services rendered during the Current Application Period consist of fees and expenses by (i) the Fee Examiner (requesting $113,155.80 in fees and $40.83 in expenses), (ii) Shaw Fishman Glantz & Towbin LLC ("<u>Shaw Fishman</u>"), counsel to the Fee Examiner (requesting $142,030.70 in fees and $3,846.58 in expenses), and (iii) Kapila Mukamal ("<u>Kapila</u>"), financial advisor to the Fee Examiner (requesting $27,942.60 in fees and $1.90 in expenses). In support of this Final Fee Application, the Fee Examiner states as follows:

## BACKGROUND

1. On July 18, 2013, the City of Detroit ("City") commenced its chapter 9 case (the "Case"). With the consent of the City, and pursuant to 11 U.S.C. §§ 105, 943(b)(3), 1129(a)(2), and 1129(a)(3), the Court entered an order on August 8, 2013 that appointed the Fee Examiner (Dkt. # 383) ("Fee Examiner Order").

2. This Court has jurisdiction over this Final Fee Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### FEE EXAMINER'S ROLE IN CITY'S BANKRUPTCY CASE

3. As set forth in the Fee Examiner Order, the Fee Examiner's responsibility was to "assure the Court, the City, the creditors, and the public that the City's Professional Fee Expenses are fully disclosed and are reasonable, as required by 11 U.S.C. § 943(b)(3)." *See* Fee Examiner Order at ¶ 3. The scope of the Fee Examiner's review of Professional Fee Expenses[1] was limited to professional compensation and expense reimbursement obligations that the City incurs in connection with the Case on a postpetition basis. To assist him in the performance of his duties, the Fee Examiner was authorized to use the services of Shaw Fishman and Kapila. *See* Fee Examiner Order at ¶ 5.

4. With the assistance of Shaw Fishman and Kapila, the Fee Examiner assumed the duties and responsibilities contemplated in the Fee Examiner Order and the Fee Review Order, including (i) establishing procedures for the submission of Professional Fee Expenses; (ii) establishing procedures for the public disclosure of Professional Fee Expenses; (iii) developing a uniform method for reviewing Professional Fee Expenses to ensure all fees were disclosed and reasonable; (iv) extensively reviewing the submission of all Professional Fee Expenses for

---

[1] All terms not otherwise defined carry the meaning ascribed to them in the Fee Examiner Order and the Fee Review Order.

disclosure and reasonableness; (v) cross-referencing the submissions of Professional Fee Expenses to ensure minimum duplication of services for which Professionals sought compensation from the City; (vi) preparing and submitting reports to Professionals and the Court detailing the review of Professional Fee Expenses and, where appropriate, making recommendations; and (vii) communicating with Professionals that submitted Professional Fee Expenses regarding their fees, expenses, and the Fee Examiner's recommendations for making any alterations or changes thereto.

5. For the performance of the aforementioned duties and responsibilities by the Fee Examiner Parties, the Fee Review Order authorized the Fee Examiner Parties to seek interim compensation and reimbursement of expenses. *See* Fee Review Order at ¶ 27.

### GENERAL STATUS OF FEE REVIEW PROCESS TO DATE

6. The Fee Review Order controlled the process by which (i) Professionals for the City and the Committee submitted Monthly Invoices to the Fee Examiner for review, and (ii) the Fee Examiner reviewed Monthly Invoices and communicates with Professionals regarding those Monthly Invoices (the "Fee Review Process"). Under the terms of the Fee Review Order, each Professional seeking compensation and reimbursement from the City for post-petition services was first required to submit to the Fee Examiner (a) an executed copy of its engagement letter, (b) a verified statement respecting its regular hourly rates and any discounted rates, and (c) a list of the billing and expense categories that the Professional would use in its Monthly Invoices.

7. The Fee Review Process has concluded. In December 2014, the Fee Examiner participated in mediation sessions with the City and various Professionals regarding the compensation sought by those Professionals in the Case since July 2013 (the "Fee Mediations"). The Court then directed the Fee Examiner to cease the Fee Review Process after mediation agreements were reached between the City and the Professionals in the Fee Mediations. The Fee

Review Process concluded with Resolution Discussions relating to Professionals' submitted August and September 2014 Invoices, and the Fee Examiner did not undertake any review of Professionals' October, November or December 2014 Invoices.

**SERVICES RENDERED BY FEE EXAMINER PARTIES
AND EXPENSES INCURRED DURING CURRENT APPLICATION PERIOD**

8. During the Current Application Period, the Fee Examiner Parties rendered 725.1 hours of professional services, comprised of 189.5 hours by the Fee Examiner, 431.7 hours by Shaw Fishman and 103.9 hours by Kapila, having an aggregate value[2] of $283,129.10. The average hourly rate for the Fee Examiner and Shaw Fishman attorneys and paraprofessionals (collectively with the Fee Examiner, the "Shaw Fishman Professionals") for services rendered during the Current Application Period is approximately $410. The average hourly rate for Kapila professionals for services rendered during the Current Application Period is approximately $269. The actual and necessary costs expended by the Fee Review Parties, and for which the Fee Examiner Parties request reimbursement, is $3,889.31.

9. The Fee Examiner Parties are providing fee review services at significant discounts from their standard hourly rates. A comparison of the Fee Examiner Parties' standard hourly rates and their discounted Detroit rates applicable to the Current Application Period is attached hereto as Exhibit 6-A.

10. In paragraph 8 of the Fee Examiner Order, the Shaw Fishman Cap was placed on the maximum blended rate permitted on the fees charged by the Fee Examiner and Shaw Fishman ($430 per hour), and the Kapila Cap was placed on the maximum blended rate permitted on the fees charged by Kapila ($300 per hour). The Shaw Fishman and Kapila Caps

---

[2] All references to the value of professional services by the Fee Examiner Parties are based on the discounted rates applicable to this Case.

are determined on a quarterly basis. For the Current Application Period, the average hourly rate for the Shaw Fishman Professionals ($410 per hour) is less than the Shaw Fishman Cap, and the average hourly rate for the Kapila Professionals ($269) is less than the Kapila Cap. Therefore, the Shaw Fishman and Kapila Caps are inapplicable for the Current Application Period and no additional discount need be applied to the requested fees of the Fee Examiner Parties.

### A. Services Rendered by Robert M. Fishman as Fee Examiner

11. During the Current Application Period, the Fee Examiner rendered 189.5 hours of professional services in this Case having an aggregate value of $113,155.80, for an average hourly rate of approximately $597. The Fee Examiner provided professional services with respect to every aspect of the Fee Review Process, including reviewing submitted monthly invoices, consulting with the Fee Examiner Parties and Professionals regarding reviewed invoices, and preparing preliminary, final monthly, and quarterly reports. Additionally, the Fee Examiner was also an integral member of the Fee Mediation sessions between various Professionals and the City that took place in December 2014.

12. Professionals submitted their July Invoices on or about September 18, 2014. The Fee Examiner oversaw Shaw Fishman and Kapila professionals' review of each invoice, and he participated in numerous conferences with each review team to discuss each Professionals' July Invoice and prepared Fee Review spreadsheets and Preliminary Reports. Following comprehensive consultations with Shaw Fishman and Kapila professionals, the Fee Examiner transmitted his Preliminary Reports respecting July Invoices and engaged in Resolution Discussions with several Professionals. The Fee Examiner oversaw similar review processes with respect to Professionals' August and September 2014 Invoices, submitted to the Fee Examiner on or about October 20, 2014 and November 18, 2014, respectively. Pursuant to the Order Modifying the Fee Review Order of September 11, 2013, the Fee Examiner combined his

Preliminary Reports for August and September 2014 into one Preliminary Report. The Fee Examiner transmitted joint August and September 2014 Preliminary Reports following consultations with Shaw Fishman and Kapila professionals regarding the detailed review of those Invoices. The Fee Examiner also engaged in Resolution Discussions with Professionals regarding submitted August and September 2014 Invoices.

13. In addition to reviewing and preparing Preliminary Reports for July, August and September Invoices, the Fee Examiner also drafted and finalized Final Monthly Reports respecting April, May and June 2014 Invoices ("Final Fourth Quarterly Monthly Reports"). The Final Fourth Quarterly Monthly Reports were later filed with the Fee Examiner's Fourth Quarterly Report in November 2014.

14. Lastly, the Fee Examiner participated in the multiple days of the Fee Mediations with the Court-appointed Mediators, various Professionals and the City. In preparation for the Fee Mediations, the Fee Examiner reviewed mediation statements provided by mediation participants, memoranda provided by Shaw Fishman and Kapila professionals, and Final Monthly and Quarterly Reports previously filed by the Fee Examiner. The Fee Examiner's assistance in the Fee Mediations resulted in the City reaching mediation agreements with participating professionals.

15. Detailed invoices for the services rendered by the Fee Examiner during the Current Application Period are attached to this Final Fee Application as Exhibit 6-B.

16. In summary, the Fee Examiner seeks $113,155.80 in compensation with respect to services provided by the Fee Examiner during the Current Application Period (the "Fee Examiner Compensation Request"). The time actually spent by the Fee Examiner at the applicable discounted rate, is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Robert M. Fishman | Fee Examiner | $309.00[3] | 12.80 | $3,955.20 |
| Robert M. Fishman | Fee Examiner | $618.00 | 176.7 | $109,200.60 |
| | Total: | (blended) $597.00 | 189.5 | **$113,155.80** |

17. The Fee Examiner also seeks reimbursement in the amount of $40.83 (the "Fee Examiner Expense Reimbursement Request") for his actual and necessary costs during the Current Application Period (the "Fee Examiner Expenses"). The Fee Examiner Expenses are detailed in Exhibit 6-B.

18. The specific expenses comprising the Fee Examiner Expense Reimbursement Request are as follows:

| Category | Amount |
|---|---|
| Photocopy | $2.10 |
| Teleconference Services | $38.73 |
| **Total:** | **$40.83** |

19. The Fee Examiner utilized teleconferencing services to appear telephonically at a Court hearing on November 10, 2014 regarding the status of plan confirmation, as well as to conduct Resolution Discussions with Professionals located in different geographic areas. All of the Fee Examiner Expenses are expenses related to necessary administration undertaken by the Fee Examiner in the course of his duties and responsibilities in this Case.

B. **Services Rendered by Shaw Fishman Glantz & Towbin LLC**

20. During the Current Application Period, Shaw Fishman rendered 431.7 hours of professional services assisting the Fee Examiner, having an aggregate value of $142,030.70. The average hourly rate of Shaw Fishman professionals (excluding the Fee Examiner) for the Application Period is approximately $329. Shaw Fishman has assisted the Fee Examiner in all

---

[3] The Fee Examiner billed travel time at one half of the applicable hourly rate.

aspects of the Fee Review Process, which has included reviewing Professionals' July, August, and September Invoices, drafting Preliminary Reports, engaging in Resolution Discussions with every Professional, and drafting inserts for Final Monthly Reports. Shaw Fishman also assisted the Fee Examiner with preparing for the Fee Mediations between various Professionals and the City.

21. During the Current Application Period, Shaw Fishman undertook the extensive review of each Professionals' July, August and September Invoices. Following individual reviews of July, August and September Invoices assigned by the Fee Examiner, Shaw Fishman professionals consulted with other members of the fee review team, the Kapila professionals, and the Fee Examiner to prepare consolidated comments for each Professional and draft Fee Review Spreadsheets and Preliminary Reports. In particular, the review of the August and September 2014 Invoices was conducted on an expedited basis as directed by the Order Modifying the Fee Review Order of September 11, 2013, and Shaw Fishman engaged in Resolution Discussions with every Professional in an efficient manner to discuss suggested revisions to the submitted Monthly Invoices. Shaw Fishman also drafted Final Monthly Reports for Professionals' submitted April, May and June 2014 Invoices.

22. In addition, Shaw Fishman assisted in the Fee Examiner's preparation for the Fee Mediations between various Professionals and the City by preparing memoranda that detailed the then-existing fee arrangements between Professionals and the City, summarized the fee and expense requests from Professionals from July 2013 to September 2014, and summarized the Fee Examiner's prior requests and recommendations regarding Professionals' fee and expense requests. A member of Shaw Fishman, Ira Bodenstein, also participated in, and assisted the Fee Examiner during two days of the Fee Mediations.

23. Detailed invoices for the services rendered by Shaw Fishman during the Current Application Period are attached to this Application as Exhibit 6-C.

24. In summary, Shaw Fishman seeks the allowance of $142,030.70 in compensation with respect to services provided to the Fee Examiner during the Application Period (the "Shaw Fishman Compensation Request"). The time actually spent by Shaw Fishman professionals at the applicable discounted rate, is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Ira Bodenstein | Member | $217.00[4] | 6.0 | $1,302.00 |
| Ira Bodenstein | Member | $434.00 | 63.2 | $27,428.80 |
| Peter J. Roberts | Member | $419.00 | 85.3 | $35,740.70 |
| Gordon E. Gouveia | Member | $347.00 | 66.3 | $23,006.10 |
| John W. Guzzardo | Associate | $300.00 | .7 | $210.00 |
| David R. Doyle | Associate | $267.00 | 86.1 | $22,988.70 |
| Marc S. Reiser | Associate | $267.00 | 30.4 | $8,116.80 |
| Allison Hudson | Associate | $248.00 | 93.7 | $23,237.60 |
| | **Total:** | (blended) $329.00 | 431.7 | **$142,030.70** |

25. Shaw Fishman also seeks interim reimbursement in the amount of $3,846.58 (the "Shaw Fishman Expense Reimbursement Request") for its actual and necessary costs during the Current Application Period (the "Shaw Fishman Expenses"). The Shaw Fishman Expenses are detailed in Exhibit 6-C.

26. The specific expenses incurred during the Current Application Period and for which reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| Online docketing and documents (PACER) | $65.20 |
| Photocopies | $131.10 |
| Parking/Taxi | $167.00 |
| Travel | $3,242.46 |
| Working Meals | $240.82 |
| **Total:** | **$3,846.58** |

---

[4] Mr. Bodenstein charged one half his applicable rate for travel time.

27. The foregoing categories consist of the following:

   a. <u>Travel</u>: The Fee Examiner made two trips to Detroit during the Current Application Period to attend the Fee Mediations. Mr. Bodenstein, a Shaw Fishman member, also made a trip to Detroit during the Current Application Period to attend Fee Mediation sessions. Expenses attributed to "Travel" include round trip airfare, hotel stays, and ground transportation while in Detroit.

   b. <u>Working Meals</u>: Dining expenses were incurred during the Current Application Period on account of the Fee Examiner and Mr. Bodenstein's overnight stays in Detroit.

   c. <u>Parking/Taxi</u>: Shaw Fishman bills for direct expenses incurred for parking fees and taxis utilized in connection with attending the Fee Mediations.

   d. <u>PACER</u>: Shaw Fishman uses PACER to monitor docket activity and obtain documents filed with the Court.

28. All of the Shaw Fishman Expenses are expenses that Shaw Fishman customarily recoups for providing professional services to other clients.

   **C. Services Rendered by Kapila & Company**

29. During the Current Application Period, Kapila rendered 103.9 hours of professional services assisting the Fee Examiner, having an aggregate value of $27,942.60. The average hourly rate of Kapila professionals for the Application Period is approximately $269. Kapila assisted the Fee Examiner in utilizing software to extract data from Monthly Invoices and organize data in Fee Review Spreadsheets.

30. During the Current Application Period, Kapila provided technical assistance to the Fee Examiner by extracting data from all submitted July, August and September Invoices and organizing this data into comprehensive Fee Review spreadsheets. Kapila also reviewed every generated Fee Review spreadsheet for accuracy and provided summary feedback to the Shaw Fishman Professionals. The Fee Review spreadsheets were annotated by the Fee Examiner Parties and subsequently distributed to Professionals in conjunction with Preliminary Reports. In

addition to its vital technical assistance, Kapila also assisted the Fee Examiner and Shaw Fishman with reviewing Monthly Invoices submitted by accounting professionals, financial advisors and investment bankers. Kapila assisted not only in the review of the Monthly Invoices, but also with annotating the Fee Review spreadsheets and drafting Preliminary Reports.

31. Detailed invoices for the services rendered by Kapila during the Current Application Period are attached to this Application as Exhibit 6-D.

32. In summary, Kapila seeks the interim allowance of $27,942.60 in compensation with respect to services provided to the Fee Examiner during the Current Application Period (the "Kapila Compensation Request"). The time actually spent by Kapila at its applicable discounted rates, is as follows:

| Professional | Position | Hourly Rate | Hours | Amount |
|---|---|---|---|---|
| Soneet Ravi Kapila | Partner | $450.00 | 3.6 | $1,620.00 |
| Mary McMickle | Partner | $342.00 | 38.5 | $13,167.00 |
| Joseph Gillis | Senior Consultant | $272.00 | 30.3 | $8,241.60 |
| Mark Parisi | Forensic Analyst | $156.00 | 31.5 | $4,914.00 |
| | **Total:** | (blended) $269.00 | 167.2 | **$27,942.60** |

33. Kapila also seeks interim reimbursement in the amount of $1.90 (the "Kapila Expense Reimbursement Request") for its actual and necessary costs incurred during the Current Application Period (the "Kapila Expenses"). The Kapila Expenses are detailed in Exhibit 6-D.

34. The specific expenses incurred during the Current Application Period and for which reimbursement is requested are as follows:

| Category | Amount |
|---|---|
| Photocopies | $1.90 |
| **Total:** | **$1.90** |

35. All of the Kapila Expenses are expenses that Kapila customarily recoups for providing professional services to other clients.

## PAYMENTS RECEIVED BY FEE EXAMINER PARTIES TO DATE

36. Pursuant to paragraph 27 of the Fee Review Order, the Fee Examiner filed October, November, and December monthly invoices with the Court on behalf of the Fee Examiner Parties, and he provided notice of the invoices to interested parties through CM/ECF.

37. The Fee Examiner Parties have received no objection to their October, November or December monthly invoices. In accordance with the Fee Review Order, the City has made certain interim payments ("Interim Payments") to the Fee Examiner Parties on account of their invoices for August 2013 through September 2014.

38. The City has not made Interim Payments to the Fee Examiner or Shaw Fishman in partial satisfaction of the Fee Examiner Compensation Request, the Fee Examiner Reimbursement Request, the Shaw Fishman Compensation Request, and the Shaw Fishman Expense Reimbursement Request. Similarly, the City has not made Interim Payments to Kapila in partial satisfaction of the Kapila Compensation Request.

## PREVIOUSLY ALLOWED FEES AND EXPENSES

39. The Fee Examiner Parties have been allowed the following fees and expenses on an interim basis (collectively, the "Interim Compensation Orders"), based on the Fee Examiner Parties having previously filed with the Court their First through Fifth Interim Fee Applications (collectively, the "Interim Fee Applications"):

   a. On or about March 26, 2014, the Court entered an order allowing interim compensation in the amount of $65,796.00 and reimbursement of expenses in the amount of $1,960.90 for the time period August 8, 2013 to September 30, 2013 ("First Award"). The First Award has been paid to the Fee Examiner Parties in full.

   b. On or about June 6, 2014, the Court entered an order allowing interim compensation in the amount of $246,942.80 and reimbursement of expenses in the amount of $984.89 for the time period October 1, 2013 to December 31, 2013 ("Second Award"). The Second Award has been paid to the Fee Examiner Parties in full.

c. On or about October 17, 2014, the Court entered an order allowing interim compensation in the amount of $322,956.20 and reimbursement of expenses in the amount of $357.90 for the time period January 1, 2014 to March 31, 2014 ("Third Award"). In accordance with the Fee Review Order, the City has made interim payments to the Fee Examiner Parties in partial satisfaction of the Third Award in the aggregate amount of $316,475.87, leaving an outstanding balance of $6,838.23 (due and owing to Shaw Fishman).

d. On or about December 23, 2014, the Court entered an order allowing interim compensation in the amount of $247,063.30 and reimbursement of expenses in the amount of $1,361.11 for the time period April 1, 2014 to June 30, 2014 ("Fourth Award"). In accordance with the Fee Review Order, the City has made interim payments to the Fee Examiner Parties in partial satisfaction of the Fourth Award in the aggregate amount of $211,364.88, leaving an outstanding balance of $37,059.53 ($13,024.35 due and owing to the Fee Examiner, $17,343.10 due and owing to Shaw Fishman, and $6,692.08 due and owing to Kapila).

e. On December 22, 2014, the Fee Examiner filed the Fifth Interim Fee Application of the Fee Examiner Parties seeking the allowance of compensation in the amount of $203,415.00 and reimbursement of expenses in the amount of $371.20 for the time period July 1, 2014 to September 30, 2014. In accordance with the Fee Review Order, the City has made interim payments to the Fee Examiner Parties for services rendered during the Fifth Interim Fee Application's Application Period in the aggregate amount of $134,316.82, leaving an outstanding balance of $69,467.57 ($31,026.69 due and owing to the Fee Examiner, $23,529.55[5] due and owing to Shaw Fishman, and $14,911.34 due and owing to Kapila).

**REASONABLENESS OF COMPENSATION AND BENEFITS CONFERRED**

40. Pursuant to § 943(b)(3) of the Bankruptcy Code, the amounts to be paid for services and expenses in this Case must be fully disclosed and be reasonable. *See* 11 U.S.C. § 943(b)(3). Through this Final Fee Application, the Fee Examiner Parties have fully disclosed the amounts sought by each of them for services and expenses during the Current Application Period, and through the previously filed Interim Fee Applications, the Fee Examiner Parties have fully disclosed the amounts sought by each of them for services and expenses during the prior

---

[5] On January 21, 2015 the City paid Shaw Fishman $6,838.23 on account of Invoice #16400. As the City had previously paid Invoice #16400 in full on January 12, 2015, Shaw Fishman applied this payment to Invoice #16215.

applicable time periods. The Fee Examiner Parties have demonstrated the reasonableness of those amounts.

41. All of the services rendered by the Fee Examiner Parties during the Current Application Period were necessary for the execution of the Fee Examiner's duties and responsibilities as set forth in the Fee Examiner Order and the Fee Review Order. Moreover, at all times, the Fee Examiner Parties rendered their services in an effective and efficient manner without any unnecessary duplication of efforts. Therefore, the compensation requested through this Final Fee Application is reasonable in all respects, particularly in light of the nature, extent, and complexity of the matters involved and the benefits conferred by the Fee Examiner Parties.

42. The most significant benefit conferred by the appointment of the Fee Examiner and the establishment of the Fee Review Process was the deterrent effect that the entire Fee Review Process has on the submission of inappropriate fee and expense requests by Professionals engaged in this Case. Additionally, the Fee Review Process allowed for the review and extensive analysis of all Professionals' invoices by an unbiased, objective third party.

43. In reviewing the July, August and September Invoices, the Fee Examiner Parties discussed with Professionals the potential duplication of work undertaken by several Professionals, and they identified areas in Monthly Invoices where the inadequacy of time descriptions, unreasonableness of time, or improperly allocated resources warranted writing off certain fees and expenses or revising applicable time and expense entries. As of December 2014, the efforts and review by the Fee Examiner Parties respecting the July, August and September Invoices resulted in a reduction in excess of $1,042,185.93 in Professional Fee Expenses from those initially billed.[6] In part, such voluntary reductions have come from certain Professionals,

---

[6] This amount is in addition to the approximately $7,648,257.20 in voluntary reductions taken by the Professionals prior to the submission of the Monthly Invoices. This amount includes reductions (both

at the Fee Examiner's recommendation, making adjustments to their applicable rates in order to provide reduced rates to the City and the Committee, and from writing off time due to inadequate time entries in the Monthly Invoices.

44. For all of the foregoing reasons, the approval of the compensation and expense reimbursement requested herein is appropriate and should be approved accordingly.

## CONCLUSION

WHEREFORE, the Fee Examiner requests the entry of an order, substantially in the form attached hereto as Exhibit 1, that:

(a) Allows $283,129.10 in final compensation to the Fee Examiner Parties for services rendered during the Current Application Period of October 1, 2014 to February 13, 2015;

(b) Allows $3,889.31 in final expense reimbursement to the Fee Examiner Parties for the Current Application Period of October 1, 2014 to February 13, 2015;

(c) Approving on a final basis all Previously Allowed Fees and Expenses awarded by this Court on an interim basis pursuant to the Interim Compensation Orders;

(d) Authorizing the City to pay the Fee Examiner Parties the unpaid balance of the fees and expenses awarded herein; and

(e) Providing the Fee Examiner Parties with such additional relief as may be appropriate and just under the circumstances.

---

before or after the Fee Review Process) taken by some, but not all, Professionals respecting their July, August and September Invoices.

Respectfully submitted,

Robert M. Fishman, Fee Examiner

Dated: February 13, 2015       By:  /s/ Peter J. Roberts
                                    One of his attorneys

Peter J. Roberts
Shaw Fishman Glantz & Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60654
P:  (312) 541-0151
F:  (312) 980-3888
E:  proberts@shawfishman.com