UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                           Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                       Chapter 9

                Debtor.                                    Judge Thomas J. Tucker
_____/

**ORDER DENYING SECOND MOTION FOR RECONSIDERATION
FILED BY CREDITORS CARL WILLIAMS, HASSAN ALEEM,
AND DOROTHEA HARRIS (DOCKET # 9266)**

This case is before the Court on a motion filed on February 10, 2015, by creditors Carl Williams, Hassan Aleem, and Dorothea Harris (Docket # 9266, the "Motion"), entitled "Verified Motion for Relief from Judgment and Order of Magistrate Judge Steven W Rhodes Supplemental Opinion Regarding Plan Confirmation, Approving Settlements and Approving Exit Financing Denying Motion for Reconsideration Under Your Oath of Office of 28 USC 453."

The Court construes the Motion as a motion for reconsideration of, and for relief from, the supplemental opinion regarding plan confirmation, approving settlements and approving exit financing entered on December 31, 2014 (Docket # 8993, the "Supplemental Opinion") as well as the order confirming eighth amended plan for the adjustment of debts of the City of Detroit entered on November 12, 2014. (Docket # 8272, the "Confirmation Order"). This is the second motion for reconsideration and relief from the Confirmation Order and the Supplemental Opinion filed by these creditors. They filed the first such motion on January 13, 2015 (Docket # 9032),[1] and the Court entered an order denying that motion, along with other, similar motions, on

---

[1] These creditors filed certain corrections to their January 13, 2015 motion on January 16, 2015 (Docket # 9072), after the motion had already been denied the day before.

January 15, 2015 (Docket # 9052, the "January 15, 2015 Reconsideration Order"). The Court construes the present Motion also as a motion for reconsideration of the January 15, 2015 Reconsideration Order. Finally, the Court also construes the present Motion as a motion seeking revocation of the Confirmation Order under 11 U.S.C. § 1144.

The Court concludes that a hearing on the present Motion is not necessary, and that it is not necessary for the Court to order the Debtor, City of Detroit, or anyone else, to file a response to the Motion.[2]

The Court will deny the Motion, for the following reasons.

First, the Motion must be denied for the same reasons stated by the Court in the January 15, 2015 Order, which the Court now reiterates. That Order states, in relevant part:

> The motions are untimely and there is no provision in the rules for filing a motion for reconsideration of a supplemental opinion. Further, the motions are to be decided pursuant to Local Bankruptcy Rule 9024-1(a)(3), which provides:
>
>> Generally, and without restricting the discretion of the Court, a motion for rehearing or reconsideration which merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.
>
> The Court concludes that nothing in these motions warrants reconsideration of its earlier orders.

(Docket # 9052 at 1).

---

[2] *See, e.g.*, L.B.R. 9024-1(a)(2), which states, regarding a motion for reconsideration, that "[n]o response to the motion and no oral argument thereon shall be allowed unless the court otherwise orders."

Second, the Court finds that, as with the creditors' first reconsideration motion, the present Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3)(E.D. Mich.).

Third, the Court finds that the allegations and arguments in the Motion do not establish any valid ground for relief, under Fed.R.Civ.P. 60(b), applicable under Fed.R.Bankr.P. 9024; or under Fed.R.Civ.P. 59(e), applicable under Fed.R.Bankr.P. 9023; or otherwise.

Fourth, the only basis for revoking a confirmation order under 11 U.S.C. § 1144 is "if and only if such order was procured by fraud."[3] The Court finds that the allegations and arguments in the Motion do not establish, or provide any valid basis for the Court to conclude, that the Confirmation Order was procured by fraud.

For these reasons,

IT IS ORDERED that the Motion (Docket # 9266) is denied in its entirety.

.

**Signed on February 23, 2015**

                                                     /s/ Thomas J. Tucker
                                                   Thomas J. Tucker
                                                   United States Bankruptcy Judge

---

[3] Section 1144 applies in Chapter 9 cases, under 11 U.S.C. § 901(a).