UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISON

CARL WILLIAMS, HASSAN ALEEM AND
DOROTHEA HARRIS
        Creditors/Objectors,

v

In re:                                                Chapter 9
City OF DETROIT, MICHIGAN           Case No. 13-53846
AND EMERGENCY MANAGER           Magistrate Judge:
KEVYN D. ORR                          Thomas J Tucker
        Debtor/City of Detroit
_____/

## MOTION TO STAY ON MAGISTRATE JUDGE STEVEN W RHODES SUPPLEMENTAL OPINION REGARDING PLAN CONFIRMATION, APPROVING SETTLEMENTS AND APPROVING EXIT FINANCING ON ORDER UNTIL A RULING IN THE COURT OF APPEALS, UNDER YOUR OATH OF OFFICE ARTICLE XI SECTION 1 AND 28 USC 453

NOW COMES the creditors/objectors in the above caption and object to and disagree with Magistrate Judge Steven W Rhode "Supplemental Opinion regarding plan confirmation, approving settlements and approving exit financing "on Order denying Motion for Reconsideration duly sworn to deposes and say under your oath of office 28 USC 453 and Article XI Section 1 of the Michigan State Constitution and 1st Amendment the 5th Amendment and 14th Amendment

1

of the Constitution of the United States, pursuant to Bankruptcy Procedures Rule 8005 and Federal Rule of Civil Procedure Rule 62 (c) and (d) and show the following:

> 1) The likelihood that the party seeking the stay will prevail on the merits of the appeals.
>
> 2) The likelihood that the moving party will be irreparable harmed absent a stay.
>
> 3) Movant and the public interest will suffer irreparable harm absent a Stay.
>
> 4) The public interest in granting a stay.

## **MEMORANDUM OF LAW AND BREIF IN SUPPORT OF STAY**

The substantively, standard for granting a stay pending appeal under either Rule 8005 or 7026 and is the same as the standard for issuance of a preliminary injunction. See, e.g.Elias v Sumski in re Elias), 182 Fed. Appx. 3, 2006 U.S. App. LEXIS 13684, at *2 (1st Cir June 2, 2006)(the" court below properly applied the traditional four-part test standard applicable to preliminary injunction in determining whether to grant a stay pending appeal" under Rule 8005); In re Access Cardio-System, Inc., 340 B.R. 656, 659 (Bankr. D. Mass. 2006);In re Public Serv. Co of N.H. 116 B.R. 347, 348 (Bankr, D.N.H. 1990). Thus to obtain a stay Pending appeal, a party must show that (i) there is a likelihood of success on the merits of the ap-

2

peal; (ii) the Moving party will suffer irreparable harm if the stay is not granted; (iii) the harm to the moving party if the stay is not grant is greater than the injury to the opposing party if the stay is granted; and (iv) the public interest would not be adversely affected by the issuance of the stay. See, e.g., Elias, 182 Fed Appx. 3, 2006 U.S. App. LEXIS 13694, at *2; Access CarfioSystem, 340 B.R. 659.

The four part test standard applicable to preliminary injunction in determining whether to grant a stay pending appeal in this case is the following:

## THE LIKELIHOOD THAT THE PARTY SEEKING THE STAY WILL PREVAIL ON THE MERITS OF THE APPEALS

1) The likelihood that the moving party will prevail on appeals is in a high degree certainty that they will prevail due to the evidence on the record. The first issue is that the bankruptcy court lacked jurisdiction. There is a strong success on appeal on the merit because **(1) (a)** The bankruptcy was filed with "unclean hand," Principle that one has unclean hand is not entitled to relief in equity Van Antwerp v. Van Antwerp, 242 Ala. 92. 5 So.2d 73, 78, 79, 80. See also Doc No 8237, 8152, **(b)** Governor Snyder under the color of law abandon and violated his sworn oath of office to support the Michigan State and Federal Constitutions by his action have committed perjury and was derelict in his duty when he authorized bankruptcy contravening the constitutions, and the bankruptcy codes and rules without consent and approval of the creditors 11 USC 903 and the municipality 11 USC 904

3

through the emergency Kevyn Orr, doc Nos. 7763, 7743, 7740, 7741, **(c)** It is irrefutable and uncontested that the bankruptcy wasn't filed in good faith (Decision by Administrative Law Judge Doyle O'Connor October 4, 2013 and see also 8231, 8226, ( 8150 and abuse of discretion and et al),**(d)** the City never complied with 11 USC 923 bankruptcy code and Federal Rules of Bankruptcy Procedure 2002 and 9007 & 9008 proper notice as required by the bankruptcy code section 923, therefore, it could not have been filed and proceeded in a good faith manner. (See Doc No. 7767), see also 8233, 8229, 8163, 7032 **(e)** It is also uncontested and irrefutable that the emergency manager Is not an elected official and didn't receive consent from the creditors a violation of 11 USC 903 and **(f)** the municipality contravening 11 USC 904 and was not in good standing**(g)** there is no state law govern bankruptcy here in the state of Michigan, **(h)** and therefore, the court lack jurisdiction, Doc Nos. 7767, 7641, 8313, 8305, 8150, 8231, 8226, 8151. There were no response and according to Fed.R.Civ .Pro. Rule 8 (d) are admitted when not denied in a responsive pleading and the court refused to address this issue.

## THE LIKELIHOOD THAT THE MOVING PARTY WILL BE IRREPARABLE HARMED ABSENT A STAY

The likelihood that the moving party and the public will be irreparable harmed absent a stay will greatly increase because the pensioners, retiree, and the citizens has been mislead with false information that the city filed for bankruptcy, instead of the state and that they filed bankruptcy in good faith, which

4

was false and resulting in fraudulent concealment MCL 600.5855 and a miscarriage of justice. See the case of State v Cluff, 48 Utah, 102, 158 P. 701, 703; State v Nell, 117 Wash, 142, 202 P. 7, 8.

## MOVANT AND THE PUBLIC INTEREST WILL SUFFER IRREPARABLE HARM ABSENT A STAY

The movant and the public interest will suffer irreparable harm of financing that would be loss under fraud where the state filed for bankruptcy through the emergency manager Kevyn Orr and not the city. The city will be paying fees that the state is responsible for where the fees are being paid for services. Also attorney fees after the fact the court has ruled and there is nothing to oppose.

The movant and the public interest will suffer irreparable harm from the fraud perpetrated by the state to take control of the cities assets.

## THE PUBLIC INTEREST IN GRANTING A STAY

The public interest in granting a stay will keep the status quo intact and the city assets. The public city serviced and status quo may change permanently without a stay in place.

5

WHEREFORE, and the foregoing reason we demand and pray that the court grant this stay pending the outcome of the court of appeals decisions to prevent a miscarriage of justice.

_____
Carl Williams
10112 Somerset
Detroit, Michigan 48224
313 521-5012

_____
Hassan Aleem
2440 Taylor
Detroit, Michigan 48205
313 205-4353

_____
Dorothea Harris
20552 Huntington
Detroit, Michigan 48225

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                         Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                     Chapter 9

          Debtor.                              Judge Thomas J. Tucker
_____/

### ORDER DENYING SECOND MOTION FOR RECONSIDERATION FILED BY CREDITORS CARL WILLIAMS, HASSAN ALEEM, AND DOROTHEA HARRIS (DOCKET # 9266)

This case is before the Court on a motion filed on February 10, 2015, by creditors Carl Williams, Hassan Aleem, and Dorothea Harris (Docket # 9266, the "Motion"), entitled "Verified Motion for Relief from Judgment and Order of Magistrate Judge Steven W Rhodes Supplemental Opinion Regarding Plan Confirmation, Approving Settlements and Approving Exit Financing Denying Motion for Reconsideration Under Your Oath of Office of 28 USC 453."

The Court construes the Motion as a motion for reconsideration of, and for relief from, the supplemental opinion regarding plan confirmation, approving settlements and approving exit financing entered on December 31, 2014 (Docket # 8993, the "Supplemental Opinion") as well as the order confirming eighth amended plan for the adjustment of debts of the City of Detroit entered on November 12, 2014. (Docket # 8272, the "Confirmation Order"). This is the second motion for reconsideration and relief from the Confirmation Order and the Supplemental Opinion filed by these creditors. They filed the first such motion on January 13, 2015 (Docket # 9032),[1] and the Court entered an order denying that motion, along with other, similar motions, on

---

[1] These creditors filed certain corrections to their January 13, 2015 motion on January 16, 2015 (Docket # 9072), after the motion had already been denied the day before.

January 15, 2015 (Docket # 9052, the "January 15, 2015 Reconsideration Order"). The Court construes the present Motion also as a motion for reconsideration of the January 15, 2015 Reconsideration Order. Finally, the Court also construes the present Motion as a motion seeking revocation of the Confirmation Order under 11 U.S.C. § 1144.

The Court concludes that a hearing on the present Motion is not necessary, and that it is not necessary for the Court to order the Debtor, City of Detroit, or anyone else, to file a response to the Motion.[2]

The Court will deny the Motion, for the following reasons.

First, the Motion must be denied for the same reasons stated by the Court in the January 15, 2015 Order, which the Court now reiterates. That Order states, in relevant part:

> The motions are untimely and there is no provision in the rules for filing a motion for reconsideration of a supplemental opinion. Further, the motions are to be decided pursuant to Local Bankruptcy Rule 9024-1(a)(3), which provides:
>
>> Generally, and without restricting the discretion of the Court, a motion for rehearing or reconsideration which merely presents the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.
>
> The Court concludes that nothing in these motions warrants reconsideration of its earlier orders.

(Docket # 9052 at 1).

---

[2] *See, e.g.*, L.B.R. 9024-1(a)(2), which states, regarding a motion for reconsideration, that "[n]o response to the motion and no oral argument thereon shall be allowed unless the court otherwise orders."

2

Second, the Court finds that, as with the creditors' first reconsideration motion, the present Motion fails to demonstrate a palpable defect by which the Court and the parties have been misled, and that a different disposition of the case must result from a correction thereof. *See* L.B.R. 9024-1(a)(3)(E.D. Mich.).

Third, the Court finds that the allegations and arguments in the Motion do not establish any valid ground for relief, under Fed.R.Civ.P. 60(b), applicable under Fed.R.Bankr.P. 9024; or under Fed.R.Civ.P. 59(e), applicable under Fed.R.Bankr.P. 9023; or otherwise.

Fourth, the only basis for revoking a confirmation order under 11 U.S.C. § 1144 is "if and only if such order was procured by fraud."[3] The Court finds that the allegations and arguments in the Motion do not establish, or provide any valid basis for the Court to conclude, that the Confirmation Order was procured by fraud.

For these reasons,

IT IS ORDERED that the Motion (Docket # 9266) is denied in its entirety.

**Signed on February 23, 2015**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

---

[3] Section 1144 applies in Chapter 9 cases, under 11 U.S.C. § 901(a).

3

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISON

CARL WILLIAMS AND HASSAN ALEEM
          Creditors/Objectors,

v

In re:                                            Chapter 9
City OF DETROIT, MICHIGAN           Case No. 13-53846
AND EMERGENCY MANAGER            Magistrate Judge:
KEVYN D. ORR                         Thomas J Tucker
          Debtor/City of Detroit
_____/

## PROOF OF SERVICES

__Carl Williams__, being first duly sworn deposes and your name

Say that on March __10th__ 2015. I sent a copy of Motion to stay on Magistrate Judge Steven W. Rhodes Supplemental Opinion, regarding plan confirmation approving settlement and approving exit financing on order until a ruling in the court of appeal, Upon the concern parties by certified mail at the following address

City of Detroit
Corporation Council
First National Building
600 Woodward Ave
Detroit, Michigan 48226

Emergency Manager
Kenyn Orr
Coleman A Young Municipal Center
2 Woodward 11th floor
Detroit, Michigan 48226

I/We hereby certify that the statements made herein are true and correct to the best of my knowledge and belief, under penalty of perjury and contempt of Court under the laws of the United States of America.

Sign _Carl 3Williams_