## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Thomas J. Tucker |

### RETIRED DETROIT POLICE AND FIRE FIGHTERS ASSOCIATION'S MOTION FOR ENFORCEMENT OF SETTLEMENT AND EIGHTH AMENDED PLAN OF ADJUSTMENT

The Retired Detroit Police & Fire Fighters Association ("RDPFFA"), and Donald Taylor, individually, and as President of the RDPFFA, (collectively the "RDPFFA Parties"), through their counsel, Lippitt O'Keefe Gornbein, PLLC, submit this Motion for Enforcement of Settlement and Eighth Amended Plan of Adjustment ("Motion").

The RDPFFA Parties further state in support of the Motion as follows:

### GENERAL FACTS

1.     The RDPFFA acts as an advocate for its approximately 6,500 retired Detroit police and firefighter members.

2.     The RDPFFA has been active in advocating for police and firefighter retirees since its inception over 50 years ago.

3.      The RDPFFA, through its President, Donald Taylor (together with counsel on three occasions), attended five restructuring meetings held by the City and led by attorneys from Jones Day.

4.      The RDPPFA was active in the bankruptcy case and was a party to the mediation conducted by the Chief Judge Gerald E. Rosen.

5.      The RDPFFA engaged in mediation sessions with City of Detroit representatives and counsel from Jones Day.

6.      While the discussions in the mediation are confidential, the results are not. The RDPFFA and the City of Detroit came to an agreement on April, 15, 2014, and executed the *"City of Detroit Term Sheet for Settlement with Retired Detroit Police & Firefighters Association ("RDPFFA"),"* on April 25, 2014. ("Term Sheet," Exhibit A).

7.      The deal between the City and the RDPFFA "is [was] the first agreement that the City has reached with a group of its retired workers and is particularly significant as the RDPFFA is one of the City's oldest and largest employee associations, dating back to 1964." (Statement of Detroit Bankruptcy Mediators, April 15, 2014, Exhibit B).

8.      As agreed in the Term Sheet, the RDPFFA prepared and circulated a letter to its membership in support of the City's Plan of Adjustment.

9.      The RDPFFA supported the Plan in other ways as agreed in the Term Sheet.

10.     The agreements reached between the RDPFFA and the City were summarized in the Term Sheet and incorporated into the Eighth Amended Plan of Adjustment, specifically PFRS Pension Claims (Class 10) and OPEB Claims (Class 12).

11.     The Plan was overwhelmingly supported by retired police and firefighters as reflected by the 82% approval vote of Class 10 (uniformed retiree pension claims) and the 88% in approval vote of Class 12 (retiree healthcare). (Dkt. 8993, p 78).

12.     The Eighth Amended Plan of Adjustment was confirmed.  Judge Rhodes made his ruling on November 7, 2014.  The Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit was entered on November, 11, 2014 (Dkt. 8272, "Confirmation Order") and a supplemental written opinion confirming the plan was issued on December 31, 2014. *See* Trial Tr., Nov. 7, 2014, Dkt. No. 8257; Dkt. No. 8993).

13.     The Plan "incorporates multiple key settlements that are the result of extensive arm's length negotiations (often conducted within the context of Court-ordered mediation.)"  (Dkt. 8272, ¶ 16).

14.     The Court provides in the Confirmation Order that "[e]ffective as of the Confirmation Date, but subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Order, all prior orders entered in the Chapter 9 Case, *all documents and agreements executed by the City* as authorized and directed

{00221632}3

thereunder...shall be *binding upon* and inure to the benefit of the City and *any other parties expressly subject thereto...*" (Confirmation Order, Dkt. No. 8272, §69, p 114, "Binding Effect of Prior Orders") (Emphasis added).

15.    The Effective Date of the Plan occurred on December 10, 2014. (Dkt. No. 8649).

16.    The RDPFFA parties under the language of §69 of the Confirmation Order are entitled to the benefits of the Term Sheet that is binding upon the City. (Dkt. No. 8272).

17.    During the bankruptcy case the City entered into a Master Agreement with the Detroit Fire Fighters Association ("DFFA") for the years 2014-2019. ("DFFA Master Agreement", Exhibit C). That Master Agreement contains a provision entitled *Medical Benefits for Catastrophic Duty Disability Retirements* and a sub-provision entitled *City Contribution,* which states:

> b. The City will contribute the following amounts towards the cost of medical benefits for employees who are Totally and Permanently Disabled ("Disability Subsidy")
>
> > i.    On or before January 31, 2015 (and each subsequent January 31 during the term of this Agreement), the City will contribute a total sum of one hundred forty thousand dollars and no cents ($140,000.00) to the COPS Trust VEBA to fund medical benefits for Totally and Permanently Disabled members in the bargaining unit. The COPS Trust VEBA shall create a sub-account and separately account for the contributions and earnings and losses thereon, for the DFFA's Totally and

{00221632}4

Permanently Disabled members.

DFFA Master Agreement, §10(b), Exhibit C.

18.     Under the DFFA Master Agreement, a retired firefighter that is "Totally

and Permanently Disabled *and drawing a duty disability pension* as of the Effective

Date of this Agreement" is eligible to receive the enhanced health care benefits.

Exhibit C, p 51.

19.     The language of the DFFA Master Agreement makes it clear that a

currently retired firefighter meeting the "Totally and Permanently Disabled" criteria

is eligible to receive the benefits of the *City Contribution* referred to in the Master

Agreement.

20.     Paragraph 8 of the Term Sheet provides:

> *Police* and firefighter retirees are entitled to the benefits of any
> other agreement entered into by the City of Detroit that covers
> such retired police and fire fighters and which is more
> advantageous to them than the terms of this agreement as it
> relates to Classes 10 (PFRS Pensions) and 12 (OPEB) (emphasis
> added).

21.     The RDPFFA has fully performed its obligations under the Term Sheet.

22.     Pursuant to paragraph 8 of the Term Sheet, the same such contributions

must be made for the benefit of retired police officers who are Totally and

Permanently Disabled.

23.    The RDPFFA, through its counsel, has made attempts to resolve this issue with the City.  The City declined to concur  in the relief sought on March 9, 2015.  Therefore, this motion is necessary.


WHEREFORE, the RDPFFA Parties respectfully request that the Court grant this Motion to enforce the RDPFFA Term Sheet; order the City to contribute $140,000 annually for the term of the DFFA Master Agreement (and as renewed) for the benefit of totally disabled police retirees;  the City Contribution to be separate from the VEBA contributions and administered by the COPS Trust; to award the RDPFFA all costs and fees incurred by having to bring this Motion to enforce its Term Sheet with the City; along with the Court granting any other relief it deems appropriate and just to achieve this end.

Dated:  March 12, 2014                    Respectfully submitted,

                              By:  /s/ Ryan C. Plecha
                              **LIPPITT O'KEEFE GORNBEIN, PLLC**
                              Brian D. O'Keefe (P39603)
                              Ryan C. Plecha (P71957)
                              370 East Maple Road, 3rd
                              Floor Birmingham, Michigan
                              48009
                              Tel: (248) 646-8292;
                              bokeefe@lippittokeefe.com
                              rplecha@lippittokeefe.com