IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------- x
:  Chapter 9
In re :
: Case No. 13-53846
CITY OF DETROIT, MICHIGAN, :
: Hon. Thomas J. Tucker
Debtor :
---------------------------------------------------------- x

## DEBTOR'S FOURTEENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

**(Books and Records)**

**THIS OBJECTION SEEKS TO MODIFY, DISALLOW AND/OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claims (the "Objection") and its request for an order, substantially in the form attached hereto as Exhibit 1, modifying certain claims on the basis that they are inconsistent with the City's books and records, or because the City does not have any liability on account of the claims, respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

1

4820-2569-1938.3
13-53846-tjt    Doc 9547    Filed 03/27/15    Entered 03/27/15 16:02:31    Page 1 of 6

## BACKGROUND FACTS

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest Chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Dkt. No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under Chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Dkt. No. 1946).

5. On November 12, 2014, this Court entered an Order Confirming the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Dkt. 8272) (the "Plan").

6. The Plan became effective on December 10, 2014 (the "Effective Date").

7. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Dkt. No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

8. On July 9, 2014, this Court entered its *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* (Dkt. No. 5872) (the "Claims Procedures Order"), allowing the City to file omnibus objections with respect to claims that are inconsistent with the City's books and records. (Claim Procedures Order at 2.)

9. Each of the Claims listed on Exhibit 2 (the "<u>Books and Records Claims</u>") are inconsistent with the City's books and records or the City has no liability on account of those claims.

**RELIEF REQUESTED**

10. The City files this Objection pursuant to the Bar Date Order, Section 502(b) of the Bankruptcy Code,[1] Rule 3007(c) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and the Claims Procedures Order, seeking entry of an order modifying the Books and Records Claims as set forth in <u>Exhibit 2</u> annexed hereto because they are inconsistent with the City's books and records as set forth on Exhibit 2.

11. To the extent the Court does not modify one or more of the Books and Records Claims on the basis that they are inconsistent with the City's books and records, the City reserves all of its rights to object, on any basis, to any of the Books and Records Claims, including beyond those bases set forth in this Objection.

**BASIS FOR RELIEF REQUESTED**

12. The City has reviewed the Books and Records Claims and submits that each of the Books and Records Claims is inconsistent with the City's books and records and should be modified to reflect either a revised claim amount or that there is no remaining liability on the claim, as set forth on Exhibit 2.

13. The Declaration of John Naglick, Finance Director with the City of Detroit, (the "<u>Declaration</u>") explains the process undertaken by the City and confirms that the Books and Records Claims are inconsistent with the books and records of the City. *See Declaration of John Naglick*, attached hereto as <u>Exhibit 3</u>.

---

[1] Section 502 of the Bankruptcy Code applies to Chapter 9 proceedings pursuant to Section 901(a) of the Bankruptcy Code.

14. The Claims Procedures Order and Bankruptcy Rule 3007(c) allow the City to file this Objection as an omnibus objection. Specifically, Bankruptcy Rule 3007(c) authorizes the Court to allow for omnibus objections beyond those circumstances itemized in Bankruptcy Rule 3007(d) and the Claims Procedures Order expressly permits the City to file an omnibus objection with respect to claims that are inconsistent with the City's books and records. (Claims Procedures Order at 2.)

15. This Court has the authority to enter an order approving this Objection. Moreover, the streamlined process afforded by an omnibus objection (in lieu of individual objections to each Books and Records Claim) will result in material costs savings that will inure to the benefit of the City. Furthermore, an important goal of the Bankruptcy Code will be met: only valid and verifiable claims against the City will receive distributions under the Plan. Accordingly, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors.

16. Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed hereto as Exhibit 1, modifying the Books and Records Claims to the Modified Claim Amount Pursuant to City Books and Records as set forth on Exhibit 2 (including expungement if such amount is zero). Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(c), the Court should grant the relief requested.

## SEPARATE CONTESTED MATTERS

17. To the extent that a response is filed regarding any claim listed in this Objection and the City is unable to resolve the response, each one of such claims, and the objection by the City to each one of such claims asserted, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

18. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

19. The City has provided notice of this Objection to each of the claimants identified in Exhibit 2 at each address set forth in Exhibit 2, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002. Each address reflects the address set forth by each of the claimants on its respective proof of claim. Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Objection need be given.

## NO PRIOR REQUEST

20. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: March 27, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*