IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
: Chapter 9
In re :
: Case No. 13-53846
CITY OF DETROIT, MICHIGAN, :
: Hon. Thomas J. Tucker
Debtor :
------------------------------------------------------- x

**DEBTOR'S TWELFTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**

**(Late-Filed Claims)**

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claims (the "Objection") and its request for an order disallowing and expunging certain late-filed claims, substantially in the form attached hereto as Exhibit 1, respectfully states as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND FACTS**

2.      On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 12, 2014, this Court entered an Order Confirming the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Dkt. 8272) (the "Plan").

6. The Plan became effective on December 10, 2014 (the "Effective Date").

7. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

## RELIEF REQUESTED

8. The City files this Objection pursuant to the Bar Date Order, section 502(b)(9) of the Bankruptcy Code[1], and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order disallowing and expunging the claims set forth in Exhibit 2 annexed hereto (the "Late-Filed Claims") because they were filed after the applicable Bar Date of February 21, 2014.

---

[1] Section 502 is made applicable to Chapter 9 proceedings through Section 901(a) of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

9. The City has reviewed the Late-Filed Claims and confirmed that each Late-Filed Claim was filed after the Bar Date. Pursuant to the Bar Date Order, each holder of claims, with exceptions not applicable here, was required to file a proof of claim before the Court-imposed deadline of the Bar Date.

10. Furthermore, the claimants who filed the Late-Filed Claims each received notice of the Bar Date pursuant to the Bar Date Order, either directly or pursuant to notice publication. *See* Certificate of Service, dated December 27, 2013 [Dkt. No. 2337] (listing noticed parties); Bar Date Order ¶ 26 (permitting notice by publication).

11. The Bar Date Order states, in pertinent part, that

> any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules, or this Order with respect to a particular claim against the City, but that fails to properly do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

(Bar Date Order ¶ 22.)

12. Furthermore, Bankruptcy Rule 3007(d) expressly allows the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims should be reclassified or disallowed, in whole or in part, because "they were not timely filed." Fed. R. Bankr. P. 3007(d)(4).

13. This Court has the authority to enter an order approving this Objection. Moreover, the streamlined process afforded by an omnibus objection (in lieu of individual objections to each Late Filed Claim), as well as the elimination of these Late Filed Claims will result in material costs savings that will inure to the benefit of the estate. Accordingly, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors. Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed hereto as <u>Exhibit 1</u>, disallowing claims which were not timely filed.

## **SEPARATE CONTESTED MATTERS**

14. To the extent that a response is filed regarding any claim listed in this Objection and the City is unable to resolve the response, each one of such claims, and the objection by the City to each one of such claims asserted, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

## **RESERVATION OF RIGHTS**

15. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## **NOTICE**

16. The City has provided notice of this Objection to each of the claimants identified in Exhibit 2 at each address set forth in Exhibit 2, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002. Each address reflects the address set forth by each of the

claimants on its respective proof of claim. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

17. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: March 30, 2015

                              FOLEY & LARDNER LLP

                              By: /s/ John A. Simon
                              John A. Simon (P61866)
                              Jeffrey S. Kopp (P59485)
                              Tamar N. Dolcourt (P73425)
                              Leah R. Imbrogno (P79384)
                              500 Woodward Ave., Ste. 2700
                              Detroit, MI 48226
                              313.234.7100
                              jsimon@foley.com
                              jkopp@foley.com
                              tdolcourt@foley.com
                              limbrogno@foley.com

                              *Counsel for the Debtor, City of Detroit, Michigan*