IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

----------------------------------------------------------- x
: Chapter 9
In re :
: Case No. 13-53846
CITY OF DETROIT, MICHIGAN, :
: Hon. Thomas J. Tucker
Debtor :
----------------------------------------------------------- x

## DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBER 1278 FILED BY GRADY BISHOP

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Grady Bishop's response (the "Response") [Dkt. No. 9357] to the City's Ninth Omnibus Objection to Certain No Support Claims ("Ninth Omnibus Objection") [Dkt. No. 9261] regarding claim number 1278 (the "Claim"), respectfully states as follows:

### BACKGROUND

1. On July 18, 2013 (the "Petition Date"), the City filed this case.

2. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3. On July 9, 2014, this Court entered its Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures [Dkt. No. 5872] (the "Claims Procedures Order"), allowing the City to file an omnibus objection with respect to claims which

1

were filed without supporting documentation which would allow the City to ascertain the validity of such claim. (Claim Procedures Order at 2.).

4. On February 19, 2014, Mr. Bishop filed the Claim as a secured claim in the amount of $6,000.

5. Mr. Bishop's stated basis on his proof of claim was "Lost my apt and car."

6. On February 13, 2015, the City filed its Ninth Omnibus Objection [Dkt. No. 9261]. The claims that the City objected to in the Ninth Omnibus Objection were filed without any supporting documentation and thus failed to meet the requirements of Federal Rule of Bankruptcy Procedure 3001.

7. The City objected to Mr. Bishop's Claim in the Ninth Omnibus Objection because Mr. Bishop's claim had no supporting documentation attached and did not provide any basis for liability by the City. A copy of Mr. Bishop's Proof of Claim No. 1278 is attached as **Exhibit 1**.

8. On or about February 13, 2015, the City served Mr. Bishop with notice of the Ninth Omnibus Objection. *See* Notice at Dkt. 9261.

9. The City served Mr. Bishop with a revised notice of Ninth Omnibus Objection on March 3, 2015 ("Revised Notice") [Dkt. 9334]. The Revised Notice indicated that the response deadline to the Ninth Omnibus Objection had been changed to April 1, 2015, and the hearing date had been changed to April 8, 2015.

10. On March 4, 2015, Mr. Bishop filed his Response to the Ninth Omnibus Objection with the Court. The Response does not further explain the basis for the Claim, nor does it provide any support for the Claim.

11. The City discussed the Claim with Mr. Bishop in an attempt to better understand the Claim.

12. Upon information and belief, (i) Mr. Bishop is an employee of the Detroit Water and Sewerage Department and is represented by AFSCME Non-Supervisory, Local 207 Union ("AFSCME") and (ii) notwithstanding that Mr. Bishop filed the Claim for loss of an apartment and car, Mr. Bishop also believes the City treated his wages contrary to the requirements of the relevant AFSCME collective bargaining agreement and applicable law.

13. AFSCME, on behalf of itself and its members, filed a proof of claim covering grievances and other disputes under the various union contracts and employment terms with the City and monies owed (the "AFSCME Claim"). A copy of the AFSCME Claim, Claim No. 2958, is attached as **Exhibit 2**. The City and AFSCME and a coalition of other City unions, on behalf of employees, have been in litigation before the Court and negotiation over a variety of these proofs of claim filed by AFSCME and the other unions. The unions are, pursuant to collective bargaining, making decisions on behalf of their employees on such claims.

14. Mr. Bishop filed his Claim without any supporting documentation or any basis for liability by the City and therefore it should be expunged. In the event that Mr. Bishop seeks now to file a claim for wage grievances, he cannot now modify his claim, but in any event he is not harmed because such matters have been and are being addressed by his union, AFSCME in connection with the AFSCME Claim, and his claim should be expunged as duplicative to avoid any double recovery.

## ARGUMENT

15. Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).[1] Bankruptcy Rule 3007(d) and the Claims Procedure Order allow the City to object to multiple claims in an omnibus objection if the

---

[1] Section 502 of the Bankruptcy Code is applicable to this Chapter 9 case through Section 901 of the Bankruptcy Code. *See* 11 U.S.C. § 901.

3

objections are based on the grounds that the claims should be disallowed and expunged because they were filed without sufficient supporting documentation.

16. Only proofs of claim that comply with Bankruptcy Rule 3001 are presumed to be valid in the amount filed.

17. In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (*citing In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

18. Pursuant to Section 101 of the Bankruptcy Code, a creditor holds claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. See 11 U.S.C. §§ 101(5), 101(10). There is no right to payment to the extent that the asserted liability is not due and owing by the debtor.

19. Mr. Bishop's Claim does not contain any basis for a claim against the City nor does it include any supporting documentation for his claim.

20. Therefore, the Claim should be expunged due to its failure to meet the requirements of Rule 3001(f).

21. Further, Mr. Bishop should not be permitted to add a new wage claim now, over a year after the bar date. To the extent Mr. Bishop's Claim is duplicative of the AFSCME Claim, it should be expunged. Where two or more claims assert duplicative liabilities, the allowance of such claims could inappropriately lead to multiple recoveries to one creditor.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: April 3, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2015, I caused the *City of Detroit's Reply to Response to Objection to Claim Number 1278 Filed By Grady Bishop* to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants in this bankruptcy case. I hereby certify that a copy was also served via Federal Express to the following party:

    Grady A. Bishop
    489 Henry, Apt 6
    Detroit, MI 48201

Dated: April 3, 2015

    FOLEY & LARDNER LLP

    By: /s/ *John A. Simon*
    John A. Simon (P61866)
    Jeffrey S. Kopp (P59485)
    Tamar N. Dolcourt (P73425)
    Leah R. Imbrogno (P79384)
    500 Woodward Ave., Ste. 2700
    Detroit, MI 48226
    313.234.7100
    jsimon@foley.com
    jkopp@foley.com
    tdolcourt@foley.com
    limbrogno@foley.com

    *Counsel for the Debtor, City of Detroit, Michigan*