IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------- x
                                                           :  Chapter 9
In re                                                      :
                                                           :  Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                                 :
                                                           :  Hon. Thomas J. Tucker
                                              Debtor       :
---------------------------------------------------------- x

**DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBER 427 FILED BY DENNIS CARLSON**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Dennis Carlson's responses (the "Response") [Dkt. Nos. 9473 and 9576] to the City's Ninth Omnibus Objection to Certain No Support Claims ("Ninth Omnibus Objection") [Dkt. No. 9261] regarding claim number 427 (the "Claim"), respectfully states as follows:

**BACKGROUND**

1.  On July 18, 2013 (the "Petition Date"), the City filed this case.

2.  On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3.  On July 9, 2014, this Court entered its Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures [Dkt. No. 5872] (the "Claims Procedures Order"), allowing the City to file an omnibus objection with respect to claims which

1

were filed without supporting documentation which would allow the City to ascertain the validity of such claim. (Claim Procedures Order at 2.).

4. On December 31, 2013, Mr. Carlson filed the Claim as a general unsecured claim. No amount was listed on the proof of claim and no basis was stated on the proof of claim. The claim was not signed and is not valid for that reason alone in addition to the others stated.

5. On February 13, 2015, the City filed its Ninth Omnibus Objection [Dkt. No. 9261]. The claims that the City objected to in the Ninth Omnibus Objection were filed without any supporting documentation and thus failed to meet the requirements of Federal Rule of Bankruptcy Procedure 3001.

6. The City objected to Mr. Carlson's Claim because it had no supporting documentation. It also was not signed and did not provide any basis for liability by the City. A copy of Mr. Carlson's Claim No. 427 is attached as **Exhibit 1**.

7. On or about February 13, 2015, the City served Mr. Carlson with notice of the Ninth Omnibus Objection at his correct home address. *See* Notice at Dkt. 9261.

8. The City served Mr. Carlson with a revised notice of Ninth Omnibus Objection on March 3, 2015 ("Revised Notice") [Dkt. 9334]. The Revised Notice indicated that the response deadline to the Ninth Omnibus Objection had been changed to April 1, 2015, and the hearing date had been changed to April 8, 2015.

9. On March 16, 2015, Mr. Carlson sent a letter to the Court in Response to the Ninth Omnibus Objection. The Response stated that Mr. Carlson did not receive notification of the Ninth Omnibus Objection until the day response was due, though the Ninth Omnibus Objection was sent to his correct address. Mr. Carlson requested that the Court accept his letter as opposition to the Ninth Omnibus Objection.

10. Mr. Carlson later sent another letter to the Court dated March 26, 2015 in Response to the Ninth Omnibus Objection. That letter stated that the Claim was Mr. Carlson's "effort to notify the court of [his] mother's death, [his] status as sole beneficiary and [his] home address . . . ."

11. Based on discussion with Mr. Carlson and Mr. Carlson's March 26, 2015 letter, upon information and belief, Mr. Carlson's Claim was intended to be a notification to the City that his mother, Barbara Carlson, passed away and that Mr. Carlson is the sole beneficiary of his mother's assets.

12. Based on discussion with Mr. Carlson, upon information and belief, Mr. Carlson's mother, Barbara, was receiving benefits due to Mr. Carlson's deceased father, Charles Ernest Carlson, Jr.'s, service on the Detroit Police Department. Mr. Carlson's father retired as a sergeant in the Detroit Police Department. Upon information and belief, Mr. Carlson's father was a member of the Detroit Police Lieutenant and Sergeant's Association ("DPLSA").

13. In discussion regarding his Claim, Mr. Carlson stated that he filed the Claim to preserve his rights to any recovery based on the "class action" filed on behalf of the DPLSA members. Upon information and belief, Mr. Carlson is referencing the proofs of claim filed by DPLSA against the City on February 20, 2014, mainly Claim No. 1861. *See* Claim No. 1861 attached hereto as **Exhibit 2**.

14. Mr. Carlson filed his Claim without signing it and the Claim is not valid and should be expunged. This Court's Bar Date Order provided that any proofs of claims must be signed. Mr. Carlson also filed his Claim without any supporting documentation or any basis for liability by the City and it should be expunged for those reasons also. In the event Mr. Carlson's claim is somehow deemed valid notwithstanding these fatal defects, given the above information

received from Mr. Carlson, upon information and belief, Mr. Carlson's Claim is duplicative of the claim filed on behalf of DPLSA and should be expunged for that reason also.

## ARGUMENT

15. Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).[1]  Bankruptcy Rule 3007(d) and the Claims Procedure Order allow the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims should be disallowed and expunged because they were filed without sufficient supporting documentation.

16. Only proofs of claim that comply with Bankruptcy Rule 3001 are presumed to be valid in the amount filed.

17. In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (*citing In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)). This Court's bar date order also provided that any proof of claim must be signed.

18. Pursuant to Section 101 of the Bankruptcy Code, a creditor holds claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. See 11 U.S.C. §§ 101(5), 101(10). There is no right to payment to the extent that the asserted liability is not due and owing by the debtor.

19. Mr. Carlson's Claim was not signed and did not contain any basis for a claim against the City nor did it include any supporting documentation for his claim.

---

[1] Section 502 of the Bankruptcy Code is applicable to this Chapter 9 case through Section 901 of the Bankruptcy Code. *See* 11 U.S.C. § 901.

4

20. As such, Mr. Carlson's Claim should be expunged for failure to comply with the requirements of Rule 3001 and the bar date order.

21. Based on discussions with Mr. Carlson, upon information and belief, Mr. Carlson's Claim was intended to be a notification to the City that his mother, Barbara Carlson, passed away and that Mr. Carlson is the sole beneficiary of his mother's assets. This matter of successor notification is more properly addressed to DPLSA and has nothing to do with the claims administration process.

22. To the extent that Mr. Carlson's Claim is not expunged because it was not signed and does not contain any supporting documentation or basis for the City's liability, Mr. Carlson's Claim should be expunged because, on information and belief based on discussion with Mr. Carlson, it is duplicative of the claims and rights of DPLSA, which DPLSA has pursued through the filing of proofs of claim and pleadings on behalf of its members. Where two or more claims assert duplicative liabilities, the allowance of such claims could inappropriately lead to multiple recoveries to one creditor. This result should not be permitted.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: April 3, 2015

                                  FOLEY & LARDNER LLP

                                  By: /s/ *John A. Simon*
                                  John A. Simon (P61866)
                                  Jeffrey S. Kopp (P59485)
                                  Tamar N. Dolcourt (P73425)
                                  Leah R. Imbrogno (P79384)
                                  500 Woodward Ave., Ste. 2700
                                  Detroit, MI 48226
                                  313.234.7100
                                  jsimon@foley.com
                                  jkopp@foley.com
                                  tdolcourt@foley.com
                                  limbrogno@foley.com

                                  *Counsel for the Debtor, City of Detroit, Michigan*

# CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2015, I caused the *City of Detroit's Reply to Response to Objection to Claim Number 427 Filed By Dennis J. Carlson* to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants in this bankruptcy case. I hereby certify that a copy was also served via Federal Express to the following party:

Dennis J. Carlson
4517 62nd Ave SE
Olympia, WA 98513

Dated: April 3, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*