IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------- x
: Chapter 9
In re :
: Case No. 13-53846
CITY OF DETROIT, MICHIGAN, :
: Hon. Thomas J. Tucker
Debtor :
---------------------------------------------------------- x

**DEBTOR'S REPLY IN SUPPORT OF
OBJECTION TO CLAIM NUMBER 3473
FILED BY HUNTER TODD**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Hunter Todd's letter dated March 12, 2015[1] (the "Letter") [Dkt. No. 9357], and in further support of the City's Tenth Omnibus Objection to Certain No Basis Claims ("Tenth Omnibus Objection") [Dkt. No. 9262] to claim number 3473 (the "Claim"), respectfully states as follows:

**BACKGROUND**

1. On July 18, 2013 (the "Petition Date"), the City filed this bankruptcy case.

2. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3. On July 9, 2014, this Court entered its Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures [Dkt. No. 5872] (the "Claims

1

Procedures Order"), allowing the City to file an omnibus objection with respect to claims that do not identify a valid basis for any liability of the City or which were filed without supporting documentation (Claim Procedures Order at 2.).

4. On February 21, 2014, Mr. Todd filed the Claim as a priority claim in the amount of $70,000.

5. On February 13, 2015, the City filed its Tenth Omnibus Objection [Dkt. No. 9262]. As to the claims objected to in the Tenth Omnibus Objection, the City determined that there was no basis for liability on the part of the City as stated in the respective proofs of claim.

6. In his Claim, Mr. Todd stated that the basis for his claim is that "In the empower zone, the City of Detroit demolished 2 homes and took 2 tractors." Mr. Todd's proof of Claim No. 3473 is attached as **Exhibit 1**.

7. The City filed the Tenth Omnibus Objection and objected to Mr. Todd's Claim because there is no basis for any liability to Mr. Todd. Mr. Todd's Claim is based on lawsuits he has filed in the past, which have been dismissed, and constitutes abuse of the legal process to effect harassment.

8. Most recently, prior to the Petition Date, on June 20, 2013, Mr. Todd filed a lawsuit in the Ingham County Circuit Court, Court of Claims, at Case No. 13-000075-MZ, against the City, the Michigan Department of Treasury, the Michigan Tax Tribunal, York Services Insurance, Inc., Michigan First Credit Union, and Wolverine Truck Sales, Inc. Mr. Todd's Complaint filed in Case No. 13-000075-MZ is attached as **Exhibit 2**. That lawsuit was dismissed on November 6, 2013, and the case was closed on November 7, 2013. A true and correct copy of the docket in Case No. 13-000075-MZ is attached as **Exhibit 3**. The City was

---

[1] The Court docketed Mr. Todd's letter dated March 12, 2015 as a Letter, not as a Response on its ECF system. Therefore, the City files this Reply in an abundance of caution in the event the Letter is treated as a Response.

not properly served the Complaint in this Ingham County Circuit Court Case No. 13-000075-MZ.

9. Mr. Todd has filed numerous other court cases harassing the City by asserting claims with substantially the same basis as asserted in his Claim. *See, e.g.*, the City of Detroit's Motion for Summary Judgment in Lieu of Answer to Plaintiffs Complaint and accompanying exhibits, dated October 26, 2004, attached as **Exhibit 4**; *see also* Order Granting City of Detroit's Motion for Summary Judgment and Dismissing Complaint, dated March 4, 2005, attached as **Exhibit 5**.

10. On or about February 13, 2015, Mr. Todd was served notice of the Tenth Omnibus Objection. *See* Notice at Dkt. 9262.

11. The City served Mr. Todd with a revised notice of Tenth Omnibus Objection on March 3, 2015 ("Revised Notice") [Dkt. 9335]. The Revised Notice indicated that the response deadline to the Tenth Omnibus Objection had been changed to April 1, 2015, and the hearing date had been changed to April 8, 2015.

12. On March 17, 2015, Mr. Todd filed a Letter with this Court apparently alleging, among other things, that the case underlying his Claim was not dismissed. The Letter does not provide any basis or documentation in support of the Claim, nor does it provide any support for Mr. Todd's allegation that the underlying case was not dismissed.

13. Because Mr. Todd does not provide an appropriate basis for liability on the part of the City, the Claim should be expunged.

## ARGUMENT

14. Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed

unless a party in interest objects. 11 U.S.C. § 502(a).[2] Bankruptcy Rule 3007(d) and the Claims Procedure Order allow the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims should be disallowed and expunged because there is no basis for liability on the part of the City or there is no documentation submitted with the proof of claim supporting the claims.

15. Only proofs of claim that comply with Bankruptcy Rule 3001 are presumed to be valid in the amount filed.

16. In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (*citing In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

17. Pursuant to Section 101 of the Bankruptcy Code, a creditor holds claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. *See* 11 U.S.C. §§ 101(5), 101(10). There is no right to payment to the extent that the asserted liability is not due and owing by the debtor.

18. Mr. Todd's Claim does not contain a proper basis for liability against the City nor does it attach any supporting documentation. Therefore, the Claim should be expunged due to its failure to meet the requirements of Federal Rule of Bankruptcy Procedure 3001. The City should not be forced to spend precious resources further addressing frivolous claims that were not filed in accordance with the rules and applicable law.

19. Moreover, as set forth above, the Claim is based on substantially the same

---

[2] Section 502 of the Bankruptcy Code is applicable to this Chapter 9 case through Section 901 of the Bankruptcy Code. *See* 11 U.S.C. § 901.

4

grounds previously adjudicated in the Michigan Courts.  *See* Exhibits 3, 4 and 5.  These Courts have previously held that the City does not have any liability to Mr. Todd on the basis stated.  As such, to the extent that Mr. Todd's Claim is duplicative of numerous previous court cases that Mr. Todd filed on substantially the same basis, and which the courts dismissed on the merits, it should be expunged based upon the fundamental principles of collateral estoppel and res judicata.  *See Sanders Confectionary Prod., Inc. v. Heller Fin., Inc.,* 973 F.2d 474, 480 (6th Cir. 1992) (setting forth elements of res judicata); *Sims-Eiland v. Detroit Bd. of Educ.*, 173 F. Supp. 2d 682, 687 (E.D. Mich. 2001) (same).

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: April 3, 2015

                      FOLEY & LARDNER LLP

                      By: /s/ *John A. Simon*
                      John A. Simon (P61866)
                      Jeffrey S. Kopp (P59485)
                      Tamar N. Dolcourt (P73425)
                      Leah R. Imbrogno (P79384)
                      500 Woodward Ave., Ste. 2700
                      Detroit, MI 48226
                      313.234.7100
                      jsimon@foley.com
                      jkopp@foley.com
                      tdolcourt@foley.com
                      limbrogno@foley.com

                      *Counsel for the Debtor, City of Detroit, Michigan*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2015, I caused the *City of Detroit's Reply in Support of Objection to Claim Number 3473 Filed By Hunter Todd* to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants in this bankruptcy case. I hereby certify that a copy was also served via Federal Express to the following party:

    Hunter Todd
    14944 Ashton
    Detroit, MI 48223

Dated: April 3, 2015

    FOLEY & LARDNER LLP

    By: /s/ *John A. Simon*
    John A. Simon (P61866)
    Jeffrey S. Kopp (P59485)
    Tamar N. Dolcourt (P73425)
    Leah R. Imbrogno (P79384)
    500 Woodward Ave., Ste. 2700
    Detroit, MI 48226
    313.234.7100
    jsimon@foley.com
    jkopp@foley.com
    tdolcourt@foley.com
    limbrogno@foley.com

    *Counsel for the Debtor, City of Detroit, Michigan*