**EXHIBIT 4: CITY OF DETROIT'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF ANSWER TO PLAINTIFF'S COMPLAINT**

ORIGINAL  *attach - A - E*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Hunter L. Todd,

        Plaintiff,

v.

Arthur G. Bowles, City of Detroit,

        Defendants.

Case No. 04-73574
Hon. John Corbett O'Meara
Magistrate Donald A. Scheer

| HUNTER TODD | MARCILEEN C. PRUITT-SIMS (P55180) |
|---|---|
| In Pro Per | Assistant Corporation Counsel |
| 14944 Ashton | City of Detroit Law Department |
| Detroit, Michigan 48223 | Attorney for Defendants |
| | 660 Woodward Avenue |
| | 1650 First National Building |
| | Detroit, Michigan 48226 |
| | (313) 237-3091 |

<u>**Defendant City of Detroit's Motion for Summary Judgment**</u>
<u>**In Lieu of Answer to Plaintiff's Complaint**</u>

    Defendant City of Detroit, through the undersigned Assistant Corporation Counsel,

hereby moves for Summary Judgment on all of Plaintiff's claims brought against it and in

support of said Motion hereby states the following:

1.    The instant action is the third action filed by Plaintiff against the City relating to the same

    claims. The City was granted Summary Judgment in Plaintiff's initial action brought in

    the United States District Court. The Honorable Gerald E. Rosen granted the City's

    Motion for Summary Judgment with prejudice as to the federal claims raised by the

Plaintiff, and without prejudice as to the State claims raised by Plaintiff. (Exhibit A)

2.    The second action was filed by Plaintiff in the Circuit Court for the County of Wayne.
      The City moved for summary disposition on all of the claims raised by Plaintiff. After
      review of the pleadings and having oral argument, the Honorable Isidore B. Torres
      granted the City's Motion for Summary Disposition, and entered an Order to that effect
      on September 3, 2004. (Exhibit B)

3.    All three actions stem from the same claims. Plaintiff has alleged that he is entitled to be
      awarded damages because the City retained fire insurance proceeds for his fire-damaged
      properties. These same allegations, among others, have been raised and ultimately
      rejected, twice.

4.    The doctrine of *res judicata* bars all of Plaintiff's claims, both federal and state. As
      Plaintiff brought suit against the City in federal court, then in state court and the City was
      granted summary judgment and summary disposition on all of Plaintiff's claims,
      respectively, Plaintiff's instant Complaint should be dismissed forthwith.

WHEREFORE, the City of Detroit hereby requests that this Honorable Court dismiss all
of Plaintiff's claims brought against the City and grant all such additional relief as this Court
deems fair, just and equitable under the circumstances presented herein.

Respectfully submitted

**City of Detroit**

By: _____

**MARCILEEN C. PRUITT-SIMS (P35180)**
Assistant Corporation Counsel
City of Detroit Law Department
Attorney for Defendants
660 Woodward Avenue
1650 First National Building
Detroit, Michigan 48226
(313) 237-3091

Dated: October 25, 2004

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Hunter L. Todd,

          Plaintiff,

v.

Arthur G. Bowles, City of Detroit,

          Defendants.

Case No. 04-73574
Hon. John Corbett O'Mearn
Magistrate Donald A. Scheer

---

**HUNTER TODD**
In Pro Per
14944 Ashton
Detroit, Michigan 48223

**MARCILEEN C. PRUITT-SIMS (P55130)**
Assistant Corporation Counsel
City of Detroit Law Department
Attorney for Defendants
660 Woodward Avenue
1650 First National Building
Detroit, Michigan 48226
(313) 237-3091

---

**Brief In Support**

K:\DOCS\LJT\almenha4\000\mat\M90143.WPD

## Table of Contents

Index of Authorities                                                          ii

Index of Exhibits                                                             iii

Concise Statement of Issues Presented                                         iv

Controlling or Most Appropriate Authority                                     v

Introduction                                                                  1

Standard of Review                                                            2

Argument                                                                      2

I.      Plaintiff's claims should be dismissed because
        they are identical to the claims brought in two
        prior lawsuits against the City and are barred
        by the doctrine of *res judicata.*                                    2

Conclusion                                                                    4

## Index of Authorities

**Cases**                                                                                    **Page**
*Franken Invs., Inc. v City of Flint*, 218 F Supp 2d 876 (2002)                               1

*Anderson v Liberty Lobby, Inc.*, 477 US 242,  91 L Ed 202, 106 S Ct 2505 (1986)             1

*Dart v Dart*, 224 Mich App 146, 568 NW2d 353 (1997),
aff'd 460 Mich 573, 597 NW2d 82 (1999)                                                        2

*Pierson Sand and Gravel, Inc v Keeler Brass Co*, 460 Mich 372,
596 NW2d 153 (1999)                                                                           2

*Sanders Confectionery Products, Inc v Heller Financial, Inc* 973 F2d 474, (CA 6, 1992)   3


**Court Rules**
Fed. R. Civ. P. 56                                                                            2

### Index of Exhibits

Exhibit A: Order of Dismissal and Opinion in USDC Case No. 02-71413

Exhibit B: Order granting summary disposition in WCCC Case No. 03-333629 CZ

Exhibit C: Plaintiff's first Complaint filed in USDC

Exhibit D: Plaintiff's Complaint filed in Wayne County Circuit Court

Exhibit E: Plaintiff's Complaint in the instant action

## Concise Statement of Issues Presented

1. Are Plaintiff's claims barred by the doctrine of *res judicata*?

**Answer:** Yes

K:\DOCS\LJT\bbcases\bar41000\rmol\M50845.WPD

-iv-

## Controlling or Most Appropriate Authority

### Cases

*Dart v Dart*, 224 Mich App 146, 568 NW2d 353 (1997),
aff'd 460 Mich 573, 597 NW2d 82 (1999)

*Pierson Sand and Gravel, Inc v Keeler Brass Co*, 460 Mich 372,
596 NW2d 153 (1999)

*Sanders Confectionery Products, Inc v Heller Financial, Inc* 973 F2d 474, (CA 6, 1992)

## Introduction

The Plaintiff, Hunter Todd filed the instant action after both his federal court, and state

court actions were dismissed. In this action, the Plaintiff has raised essentially the same claims

as those raised previously. In the first federal court action, the Plaintiff rased claims contesting

the impending demolition of one property, outstanding water bills at other properties and the

City's retention of the statutory allotment of fire insurance proceeds being held in escrow for yet

other properties. (Exhibit C)  The Court granted the City summary judgment in the first federal

court action, and dismissed the Plaintiff's federal claims with prejudice, and his state claims

without prejudice. (Exhibit A)

In the second action , the Plaintiff brought essentially the same claims regarding the same

properties in an action filed in the Wayne County Circuit Court. (Exhibit D)  The City moved

for summary disposition on all of the claims raised by the Plaintiff, and the Court granted the

City's motion and dismissed all of the claims raised by the Plaintiff in that action with prejudice.

(Exhibit B)

Plaintiff's third complaint is rather straightforward as to the City.  It is clear that he is, yet

again, seeking damages against the City of Detroit for fire insurance escrow funds to which the

City was entitled pursuant to state law. (Exhibit E) Plaintiff has raised these, and other claims

against the City in both of the previous actions. (Exhibit C, D)  These claims, as well as all

others brought by the Plaintiff, against the City have been dismissed with prejudice.  Therefore,

summary judgment on the instant complaint in favor of the City is warranted as Plaintiff's claims

are barred by *res judicata*.

## Standard of Review

Federal Rule of Civil Procedure 56(c) provides in pertinent part, "the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgment as a matter of law."

"The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts." *Franken Invs., Inc. v City of Flint*, 218 F Supp 2d 876; 2002 U.S. Dist. LEXIS 16481 (2002), (citing, *Anderson v Liberty Lobby, Inc.*, 477 US 242, 248; 91 L Ed 202; 106 S Ct 2505 (1986)). "A dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Although the Court must view the motion in the light most favorable to the nonmoving party, where the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* (citations omitted).

## Argument

I.   **Plaintiff's claims should be dismissed because they are identical to the claims brought in two prior lawsuits against the City and are barred by the doctrine of *res judicata*.**

There is no genuine issue of material fact in dispute that the Plaintiff has, in the instant action, raised the same claims that he raised in two prior lawsuits against the City, and thus,

Plaintiff's claims are barred by the doctrine of *res judicata*. The doctrine of *res judicata* bars a subsequent action between the same parties when the evidence or essential facts are identical. *Dart v Dart*, 224 Mich App 146, 156; 568 NW2d 353 (1997), aff'd 460 Mich 573, 597 NW2d 82 (1999). The purpose of res judicata is to relieve parties of the cost of multiple lawsuits, to conserve judicial resources, and to encourage reliance on adjudication. *Pierson Sand and Gravel, Inc v Keeler Brass Co*, 460 Mich 372, 380; 596 NW2d 153 (1999) As a general rule, *res judicata* serves to bar litigation based on the same events as a previous claim, regardless of whether the subsequent litigation is brought in a federal or state court. *Id.*

The elements of res judicata under federal law are (1) a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) an identity of the causes of action. *Sanders Confectionery Products, Inc v Heller Financial, Inc* 973 F2d 474, 480 (CA 6, 1992).

In this case, all of the elements of res judicata have been met and Plaintiff's claims are barred. As an initial concern, the grant of summary disposition in favor of the City in both of the prior actions brought by the Plaintiff was a final determination on the merits. The parties are the same in the instant action as they were in the two prior actions. This action raises the same issue that was raised in both of the prior actions. As to the requirement of identity, the identity of causes of action means an identity of the facts producing the right of action and of the evidence necessary to sustain each action. *Pierson, supra*. In this case, facts and circumstances presented in the instant case are the same as those that have previously been brought by the Plaintiff against

-3-

the City.  Accordingly, the Plaintiff's claims are barred by the doctrine of res judicata, and

Plaintiff's Complaint should be dismissed as to the City.


## Conclusion

All of Plaintiff's claims should be dismissed as to the City of Detroit because there is no

genuine issue of any material fact in dispute that Plaintiff's claims are barred by res judicata


WHEREFORE, Defendant City of Detroit, hereby requests that this Honorable Court

dismiss all of Plaintiff's claims brought against it and grant all such additional relief as this Court

deems fair, just and equitable under the circumstances presented herein.


Respectfully submitted

City of Detroit

By: _____

MARCILEEN C. PRUITT-SIMS (P55180)
Assistant Corporation Counsel
City of Detroit Law Department
Attorney for City of Detroit
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3091

Dated: October 25, 2004

K:\DOCS\LIT\nimm\e41000\rmm\MS0045.WPD

-4-

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

Hunter L. Todd,

      Plaintiff

v

Arthur G. Bowles, City of Detroit,

      Defendant.

Case No. 04-73574
Hon. John Corbett O'Means
Magistrate Donald A. Scheer

| | |
|---|---|
| **HUNTER TODD** | **MARCILEEN C. PRUITT-SIMS (P55180)** |
| In Pro Per | Assistant Corporation Counsel |
| 14944 Ashton | City of Detroit Law Department |
| Detroit, Michigan 48223 | Attorney for Defendants |
| | 660 Woodward Avenue |
| | 1650 First National Building |
| | Detroit, Michigan 48226 |
| | (313) 237-3091 |

## NOTICE OF HEARING

    **PLEASE TAKE NOTICE** that the within Defendant City of Detroit's Motion for Summary Judgment In Lieu of Answer to Plaintiff's Complaint will be brought for hearing on a date to be set by the Court.

                    Respectfully submitted,

                    **MARCILEEN PRUITT-SIMS (P-55180)**
                    Assistant Corporation Counsel
                    Attorney for Defendant

Dated: October 26, 2004

K:\DOCS\LIT\sims\u41000\nol\RJ5068.WPD

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Hunter L. Todd,

      Plaintiff

v

Arthur G. Bowles, City of Detroit,

      Defendant.

Case No. 04-73574
Hon. John Corbett O'Meara
Magistrate Donald A. Scheer

| | |
|---|---|
| HUNTER TODD<br>In Pro Per<br>14944 Ashton<br>Detroit, Michigan 48223 | MARCILEEN C. PRUITT-SIMS (P-180)<br>Assistant Corporation Counsel<br>City of Detroit Law Department<br>Attorney for Defendants<br>660 Woodward Avenue<br>1650 First National Building<br>Detroit, Michigan 48226<br>(313) 237-3091 |

## CERTIFICATE OF MAILING

    RENEE A. JOHNSON, certifies that on the October 26, 2004, she served a copy of Defendant City of Detroit's Motion for Summary Judgment in Lieu of Answer to Plaintiff's Complaint, Brief in Support, Notice of Hearing and Certificate of Mailing on the above-named attorney of record by placing the same in an envelope and after securely sealing same and affixing sufficient first-class prepaid postage thereto, deposited same in the United States mail for transmission to the addressee thereof.

    I hereby declare that the statement above is true to the best of my knowledge, information and belief.

                                  *Renee A. Johnson*
                                 RENEE A. JOHNSON

K:\XXX\SV.TPdmsm\41000\mol\RJ5068.WPD



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUNTER L. TODD,

        Plaintiff,

                           Case No. 02-71413

v.

                           Hon. Gerald E. Rosen

DETROIT CITY COUNCIL, *et al.*,

                   CLOSED

        Defendants.

_____/

## ORDER OF DISMISSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on _____30 SEP 2003_____

PRESENT:  Honorable Gerald E. Rosen
             United States District Judge

    The Court having this day entered an Opinion and Order granting Defendants'

motion for summary judgment with respect to Plaintiff's federal claims, and declining to

exercise supplemental jurisdiction over Plaintiff's remaining state-law claims,

    NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that this case be DISMISSED.  This dismissal is with prejudice as to the

federal claims set forth in Plaintiff's Complaint, but is without prejudice as to any state-

law claims asserted in the Complaint.

                                 Gerald E. Rosen
                                 United States District Judge



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUNTER L. TODD,

        Plaintiff,

                                  Case No. 02-71413
                                  Hon. Gerald E. Rosen

v.

DETROIT CITY COUNCIL, *et al.*,

        . Defendants.

_____/

OPINION AND ORDER REGARDING
CROSS-MOTIONS FOR SUMMARY JUDGMENT

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on   30 SEP 2003

PRESENT: Honorable Gerald E. Rosen
United States District Judge

I. INTRODUCTION

Plaintiff Hunter L. Todd, proceeding *pro se,* commenced this case in this Court on

April 10, 2002, alleging that the Defendants City of Detroit, the Detroit City Council, and

other City of Detroit agencies had violated the law in various respects in actions taken

against certain properties located in Detroit in which Plaintiff allegedly holds an interest.

The stated basis for this Court's jurisdiction was Plaintiff's assertion of claims under 42

U.S.C. § 1983 and other federal statutes, apparently resting upon the theory that

Plaintiff's federal constitutional rights had been violated.

By motion filed on November 1, 2002, Defendants now seek summary judgment in

their favor on all of Plaintiff's claims, state and federal alike. Plaintiff filed a response and cross-motion for summary judgment on December 18, 2002, with his principal argument being that he had not yet received complete and satisfactory responses to certain discovery requests he had submitted to Defendants.[1] Having reviewed these submissions and the record as a whole, the Court finds that oral argument would not significantly aid the decisional process, and that it is appropriate to decide the parties' cross-motions "on the briefs." See Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. As discussed briefly below, the Court finds that Defendants are entitled to summary judgment in their favor on Plaintiff's federal claims, and the Court declines to exercise supplemental jurisdiction over any state-law claims asserted in the complaint.

## II. ANALYSIS

Although Plaintiff's complaint is somewhat difficult to decipher, it appears to advance two sorts of challenges to the actions of the City of Detroit Defendants. First, Plaintiff complains that Defendants have improperly threatened to demolish a building at 10101 West Grand River in Detroit in which Plaintiff allegedly holds an interest. Next, Plaintiff raises various protests to water bills issued and water-related services performed

---

[1]The discovery period closed on September 30, 2002, and Plaintiff did not bring a motion to compel during the course of discovery or otherwise seek the Court's assistance in any discovery-related matters. Plaintiff has filed a number of other papers, however, including (i) a June 3, 2002 amended complaint, without seeking leave of the Court or the written consent of Defendants as required under Fed. R. Civ. P. 15(a); (ii) a June 3, 2002 motion regarding the payment of insurance proceeds; and (iii) a February 20, 2003 motion regarding damages and insurance proceeds. In light of the Court's disposition of Defendants' motion, the matters raised in these submissions are now moot.

2

at certain Detroit properties in which he allegedly holds an interest. Finally, apart from
these challenges to specific actions allegedly taken by the City of Detroit Defendants,
Plaintiff raises a generalized challenge to the constitutionality of a Michigan statute,
Mich. Comp. Laws § 500.2845, which "requires that insurers paying a final settlement for
loss to insured real property due to fire or explosion withhold a percentage of the
proceeds for the benefit of the city, village, or township in which the insured property is
located to ensure that the damaged or destroyed structure is repaired, replaced, or
removed for the protection of the public health and safety." City of Detroit v. Presti, 240
Mich. App. 208, 610 N.W.2d 261, 262 (2000).

First, regarding the impending demolition of the building at 10101 West Grand
River, though Plaintiff has not suggested what sort of federal claims he might be
asserting, the Court assumes that Plaintiff means to complain that Defendants have
deprived him (or are threatening to deprive him) of property without due process of law,
in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution. Yet,
Plaintiff has failed to produce evidence of a denial of any process which might have been
due. To the contrary, Defendants have produced copies of notices issued to Plaintiff
advising him of the dates and times of hearings at which the threatened demolition would
be addressed. Plaintiff does not deny receiving such notice — nor could he, where he
filed a request to defer the demolition, and where he otherwise acknowledges his
awareness that the Detroit City Council and other municipal agencies were addressing

3

this matter. Neither does Plaintiff point to any evidence that Defendants failed to follow their usual procedures in this regard, or that these procedures were constitutionally deficient in some respect.

In light of this record that the City of Detroit's typical procedures have been employed here, and the absence of any suggestion that they have not, any other sorts of challenges Plaintiff might wish to raise against the threatened demolition presumably could and should have been raised during the course of the proceedings on this matter. Regardless of whether Plaintiff did raise such objections but did not prevail, or whether he failed to take advantage of the opportunity to do so, his recourse is to the appropriate administrative and judicial remedies afforded under Michigan law. The *res judicata*, abstention and Rooker-Feldman doctrines preclude this Court from interfering with or reviewing the decisions of municipal or state agencies or courts in such matters. See, e.g., Leach v. Manning, 105 F. Supp.2d 707, 712-14 (E.D. Mich. 2000).

Turning next to Plaintiff's complaints about water bills and water-related services, Plaintiff's federal claims on this point apparently rest upon a theory of race discrimination. Defendants unfortunately — albeit understandably, under the circumstances — failed to discern this from Plaintiff's complaint, as their summary judgment motion rests largely upon a somewhat inapposite argument as to Plaintiff's failure to exhaust his administrative remedies. Be that as it may, the period of discovery is now closed, and Plaintiff has failed to put forward any evidence that would give rise to

4

an inference of disparate treatment on account of his race.  To the contrary, Defendants

have produced facially valid water billing records which disclose amounts owed on

several of the properties at issue here, and they point to a Detroit ordinance which

authorizes the interruption or discontinuance of water service in the event that water bills

remain unpaid and an account becomes severely delinquent.  In the face of this race-

neutral basis for Defendants' actions, Plaintiff has failed to produce any evidence that

might give rise to a genuine issue of material fact as to his claim of discrimination.[2]  More

generally, Plaintiff has failed to identify any particular inaccuracies in the billing records

submitted by Defendants.

Finally, the Court is not inclined to express any view as to the constitutionality of

Mich. Comp. Laws § 500.2845, where Plaintiff has failed to identify any particular

constitutional infirmity in this statute, nor even indicated whether he means to challenge

this provision on its face or as applied to him.  The Court declines to entertain the

boundless question whether this statute can withstand any and every constitutional

challenge that Plaintiff might conceivably mean to advance here.

### III. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED that Defendants' November 1, 2002 Motion for

---

[2] Indeed, Plaintiff's December 18, 2002 response to Defendants' motion and cross-motion
for summary judgment is unaccompanied by any affidavits or other materials that could possibly
give rise to a question of fact as to the issues outlined in Defendants' motion.

5

Summary Judgment is GRANTED to the extent that it concerns Plaintiff's federal claims.

IT IS FURTHER ORDERED that the Court declines to exercise supplemental jurisdiction

over any state-law claims asserted in the complaint, as all claims within this Court's

original jurisdiction have now been dismissed. See 28 U.S.C. § 1367(c)(3). Finally, IT

IS FURTHER ORDERED that Plaintiff's December 18, 2002 Motion for Summary

Judgment is DENIED.

Gerald E. Rosen
United States District Judge

PURSUANT TO RULE 77 OF THE FED. R. CIV. P.
COPIES OF THIS ORDER WERE MAILED TO ALL
PARTIES   30 SEP 2003   , 20 ___

DEPUTY COURT CLERK

6

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

HUNTER TODD,
    Plaintiff

vs.

CITY OF DETROIT,
    Defendant.

03-333629-OZ   10/08/2003
JDG: ISIDORE B TORRES
TODD HUNTER L
vs
DETROIT CITY OF

---

| Hunter L. Todd | Marcileen C. Pruitt-Sims (P55180) |
|---|---|
| In Pro Per | Assistant Corporation Counsel |
| 14944 Ashton | City of Detroit Law Department |
| Detroit, Michigan 48223 | Attorney for the City of Detroit |
| | 660 Woodward Ave, Suite 1650 |
| | Detroit, Michigan 48226 |
| | (313) 237-3091 |

---

## ORDER GRANTING DEFENDANT CITY OF DETROIT'S MOTION FOR SUMMARY DISPOSITION

At a session of the said Court held in the Courthouse,
City of Detroit County of Wayne, Michigan on

Date:      SEP 0 3 2004

Present: Hon. **ISIDORE B. TORRES** , Presiding
                Circuit Court Judge

This matter having come before this Court for hearing on City of Detroit's Motion for

Summary Disposition, briefs having been submitted, oral argument having been heard, and the

Court being fully advised, for the reasons stated on the record:

**IT IS HEREBY ORDERED** that the City of Detroit's Motion for Summary Disposition

is granted as to the City of Detroit, with prejudice, and without costs or fees to any party.

K:\DOCS\Lff\sim\m\a41000\order\MS0812.WPD       Page 1 of 2

This order disposes of the last pending claim and closes this case.

### ISIDORE B. TORRES

Circuit Court Judge



STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

HUNTER TODD,

      Plaintiff,

v

CITY OF DETROIT,

      Defendant.

03-333629-CZ   10/08/2003
JDG: ISIDORE B TORRES
TODD HUNTER L
vs   |||||||||||||||||||||||||
DETROIT CITY OF

---

## AFFIDAVIT OF SERVICE

STATE OF MICHIGAN  )
                )S.S.
COUNTY OF WAYNE  )

TO:  HUNTER L. TODD
      In Pro Per
      14944 Ashton
      Detroit, Michigan 48223

     ANDREA D. DANIELY, being first duly sworn, deposes and says that on Thursday, the 26th day of August, 2004 she placed a copy of the Order Granting Defendant City of Detroit's Motion for Summary Disposition, Notice of Entry of Order of Under 7 Day Rule and this Affidavit of Service, in an envelope and after securely sealing, deposited same in the City of Detroit Law Department Mail Room for transmission to the above-named Plaintiff In Pro Per of record by a clerk who affixes sufficient first class postage thereto, and deposits said envelope in the United States Mail.

                                      _____
                                        ANDREA D. DANIELY

Subscribed and sworn to before me
this 26th day of August 2004

_____
Notary Public, Wayne County, MI
My Commission expires: 5-19-08

K:\DOCS\LIT\sim\sm\s41000\nrder\A_D0691.WPD



United StatesDistrict Court
Eastern Division of Michigan
Detrroit, Michigan 48226

Plaintiff,Hunter Todd,
VS.
Detroit Water and Sewerage

Motion of. A Stay

_____

   Plaintiff requests that the water stay on at the
following addresses until a hearing is scheduled by
Federal District Court.
   The addresses are listed in the following order of
over charged:8882 Manor, 10101 Grand River and 9362
Burnette. All are in the same zone 48204.
Signed:

Hunter Todd,Plaintiff,Pro-Per filed

*ZO Days To answer*

United States District Court
Eastern District of Michigan

Hunter L. Todd, Plaintiff,                    Case#:

vs.                                           Judge:
Detroit Water and Sewerage

▓▓▓▓▓▓▓▓▓▓▓▓ Complaint
_____
Plaintiff states that the Detroit Water and Sewerage is
in violation of Title II of the Civil Rights Act of 1964.

Plaintiff files for injunctive relief against discrimination
in place of public accommodation such as water and Sewerage
under 78 Stat.241,Title 42.U.S. Code,Sec.2000-A.
Section 201 (A) and (B) (1-4) Sections 202,203 denied
water and over pricing sewerage because the plaintiff is
an American Black Landlord in the City of Detroit.Sections
202,201,204,205,206,207
Plaintiff states that the water Department went into his
home at 9362 Burnette, Detroit,48204 with out the
authorization of the plaintiff. Removed meter and resetted
a new meter at the reading which was totally incorrect!
Plaintiff states that on November 3,2001, while no one
resided at this rental address of 9362 Burnette, the
Detroit Water charged the plaintiff $4000.00 in water bill
for this one address.
Plaintiff has noted that other Black, White, etc are not
charged this type of money.
Plaintiff charged that the Detroit Water and Sewerage
cutted the main Water line to 10101 W.Grand River,Detroit,
48204; as well as blocking the plaintiff from working on
the said property by placing a large truck of gray sand on
the side of the building.
Plaintiff charges that the old meter should be in the
basement of 10101 Grand River, if the Detroit Water has
not removed this meter by trustpassing.
Plaintiff charges that the Detroit Water damaged the water
line at 10101 Grand River and the sidewalk when the Detroit
Water gave the Grand River Sewerage Contract to all White
American Michigan Company in the Summer and Fall of 2000.
Plaintiff charged that the Detroit Water damaged the
Water Line at 9362 Burnette on 11-3-2001 at the point of
the lead 3/4.
Plaintiff charges the water Department has over charhed
the plaintiff too much money for two individuals resid-
ing at 8882 Manor, Detroit.  As well as too much money
per-water at 14944 Ashton where only one person, the
plaintiff resides 1/4 of the year.
Plaintiff states the Detroit Water has denied the plaintiff.
water at the 305 S. Military since September of 96 with
incorrect or none at all working meters.
The water Department has started a program where individual
is unable to read their meter from the side of your house
if you are disable such as the plaintiff.
It appears that the Detroit Water Department is above the
laws of the land and does whatever they wish.
At 305 S. Military, it took the Water Department two
Months to turn off the water at this address.
Conspiracy against the rights of Citizen Title 18,Sect241
andSec.242

United District Court
Eastern Division
Detroit, Michigan 48226

Hunter L. Todd,Plaintiff,
VS.
Building and Safety of the and the Detroit City Council
City of Detroit, Fourth Floor,
Coleman Young Mul.Bldg.
Detroit,Michigan 48226 Defendant.

Complaint against City of Detroit

Plaintiff Request a Stay in the Matter of 10101 W.Grand
River,Detroit,48204 Until An Hearing Before a Federal
Judge

City of Detroit Position in the Matter

1.  Building and Safety want to keep the $6000.00 plus
    interest in relation to the fire insurance from 1994.
    Michigan Basic Property Insurance is the carrier

    This $6000.00 plus was removed from a $30,000.00

    Fire Policy, which the land contract holder took

    $5000.00, leaving only about $18,700.00 to do a

    30,000.00 Fire Job.
2.  This State of Michigan law which gives the Cities in
    the state to withhold insurance fire money until the
    building is completed violated the owner's
    constitution rights.under ownership of property. and
    fire insurance.

3.  The City Building and Safety stated an inspector was
    present at 10101 Grand River on March 11 ,2002, but
    no inspector came out to states that this building was
    open to trespasses and not maintained. The reason why
    the city of Detroit statements are false is because
    the owner was present on the 11th of March,02 working
    on the roof all day. no inspector came out to this

fire insurance.

3. The City Building and Safety stated an inspector was
present at 10101 Grand River on March 11 ,2002, but
no inspector came out to states that this building was
open to trespasses and not maintained. The reason why
the city of Detroit statements are false is because
the owner was present on the 11th of March,02 working
on the roof all day, no inspector came out to this
building where all doors and windows were closed and
locked.

4.
Plaintiff received the City of Detroit Building and
Safety recommendation to the City Council on the 8th
of April,2002. Mailed to the plaintiff on4/4/02

to be demolished at the cost of the demolition assessed
against the property. ·

5. In December 2001, the City Council stated the building
would be demolished if the taxes was not paid.

6. Since the plaintiff was simmons by the City Council
about $1900.00 has been paid in due taxes on this
building. Leaving a balance of $700.00 still due in
taxes until a hearing is helded by the Michigan
Tax Tribunal. It made very little differences for
plaintiff to pay out this money in taxes if the
Council agreed to go into agreement not to demolished
this building.

7. If the City Council demolishes 10101 Grand River at
any future date, plaintiff requests the City to pay
150,000.00 plus the fire insurance and interest.

8. This case is filed in and against the State of Mich-
igan law 1980P.A.495 as amended MCLA500.2845 as being
unconstitutional.

Secondly,plaintiff files Title 42 U.S. Code, sections
1983,1982,1981;title 28, u.s. code,123 and4. Section
241,and242 under Title 18

Signed;

Hunter L. Todd 4-09-2002

United States District Court
Eastern Division of Michigan
Detroit,Michigan48226

Judge:_____
Case#:_____

Plaintiff,Hunter L. Todd,
VS.
Detroit City Council and
Building and Safety Dept.
City of Detroit,Mich.48226
_____/

Motion for Stay From
_____

Demolition of 10101 W.Grand River
Detroit, Michigan 48204
_____

   The plaintiff in this matter requests a stay from
demolition until an hearing is scheduled in Federal
District Court to measures the facts and evaluates the
laws in relation to what is constitutional or not.
Plaintiff requests if the City demolishes the building
before a hearing is scheduled in Federal District Court
that the City of Detroit pays the plaintiff $ 150,000.00
plus the 6000.00 plus interest in Insurance Money.
Plaintiff requests that the building 10101 Grand River
Detroit,Michigan 48204 be removed from the Building and
Safety demolition list in order that the electrical
process for lights,water,and natural gas will continues
as outlined by the land contract Owner,Hunter Todd.

Signed:

Hunter L. Todd 4-9-02



Wayne County Circuit Court

Detroit,Mich.48226

City-County Building,2nd Fl.

Hunter L. Todd, Plaintiff,

VS.

City of Detroit,

Defendant _____ /

03-333629 CZ 10/08/2003
JDG:ISIDORE B TORRES
TODD HUNTER L
vs
DETROIT CITY OF

Amend Case From Federal District Court

To Michigan State Court

At the recommendation of a Federal Order Dated September 30, 2003, the Plaintiff files the following brief stating the facts as they were written in Federal Court and before the Honorable Judge Gerald E. Rosen's Law Clerk.

It appears that the Federal Court has been given false data and facts about the City of Detroit's intent and action to DEMOLISH 10101 West Grand River with out paying attention to the due process operations in Courts under the Fifth and 14th Amendments of the U.S. Constitution. See Federal Court Law Clerk II ANALYSIS Under Pages two and three of Sept.30, 2003 Summary Judgment to the City of Detroit

Part two is the Insurance Moneys. If the City of Detroit had any good intent for this 10101 Grand River to be repaired, the City of Detroit Building Dept. on the Fourth Floor would had returned this Money to Arthur G. Bowles for improvement.

The Owner of 10101 Grand River states that there are hundreds of building in the City of Detroit in worst condition, or sicker

03-333629 CZ   10/08/2003
JDG: ISIDORE B TORRES
TODD HUNTER L
vs
DETROIT CITY OF

Page 2

than 10101 W. Grand River. Inturned the Michigan Law does not

apply to Grand River. 240 Mich. App. N.W.262 (2000).Public

Health and Safety case.

The Land Contractor, Hunter L. Todd has over 30,000.00 in Fire

repaires; Not to talk about the Tax Money Mr. Todd has paid to

the County and the City for the pased twoenty years or more.

4 weeks ago from this date October 7, 2003, 13 Police Officers

from the 10th came to 10101 Grand River stating that the plaintif

Hunter Todd was in the process of doing a B&E at 10101 Grand

River.  This is not the first time this type of problem has taken

place. But the Police Dept constantly give better services to

others businesses, churches, etc, than 10101 W. Grand River in

the area. When the Plaintiff 40 foot trailer was taken in 1995

from 10101 Grand River, the 10th knew nothing, but asked that

the plaintiff talk to Martha Jean's Organization. This Organizat

ion has constantly called the Police Dept . on the  plaintiff

as well as placing large tons of Snow around 10101 W. Grand River

and none of the City of Detroit's Departments have done anything

to correct the problem with Martha Jean's Organization for the

passed nine years. Anyone has the knowlege of what a 40 foot

trailer cost or priced. The police know where this trailer is

but yet to put forwarded any effort to recover

this trailer.

In the Federal Claims, the U.S. Codes were outlined under the

U.S. Constitution which the Federal Court wish not to use their

supplemental jurisdiction powers over the resting Claims listed

in the following order:

(1) The Claim that the City of Detroit entered into a Land Contract
with Oda Todd Safford at 17554 Dequindre; which is false

The City of Detroit Demolished 15041 Ilene, lot125, Penn Terminal
Liber40,Page68 of Wayne County with due process of Law and yet
to pay the claim          Page three
or damages, or the Mortgage. Plaintiff asks for relief/pain&suffer*ings*.

(3) The Water Claims at 9362 Burnette for setting meter$2900.00

(3) Water problem at 14944 Ashton of 1600.00 where no one resides

but the plaintiff when most of times the plaintiff is in

Alabama. The water problem at 10101 W Grand River of $500.00

when the water bill was paid off the period before the fire of

1994. *The Plaintiff do not use water from City.*

The water bill at 17554 Dequindre and 8882 Manor; and 305

S. Military. *Due to medical reasons the Plaintiff cannot use water from the City of Detroit at this place inside the body at this time or on the outside*

(4) The Claims of the Insurance Mohet of $7000.00 at the address
of 8882 Manor. *There are too many chemical substances in the Detroit Water which causes many problems.*

The Claim where the City Building and Safety refuses to give the

plaintiff a fire permit for 8882 Manor, but in 1994, the City of

Detroit authorizated a building and fire permit for 10101 W.

Grand River, but in 2000 for 8882 Manor, the City refused. This

work has been completed and inspected by the Insurance Company.

(5) The Claim of a fire fire at 305 S Military which the City has

refused to pay this claim or damages to two tractors on my

property at 305 S. Military.

(6) Plus the Claims of Fire Insurance Money at 311 South Military

and 305 S.Military.

(7) Plus the City of Detroit Claim that there are weeds on the pro-

perties at 305 and 311 Military. 15 or more tickets were

written as a means of getting back at the plaintiff because

these claims were filed in Federal Court.

At this point in the plaintiff's life, the plaintiff is in

need of these moneys to pay off taxes to City, County,and some

water bills, as well as selling all of my prpperties and

leaving Michigan for good .The claims written,all are valid.

Signed:                *7— Major Problems*
Hunter L. Todd     *Hunter Todd  October 7, 2003*

03-333629 CZ 10/08/2003
JDG:ISIDORE B TORRES
TODD HUNTER L
vs
DETROIT CITY OF



# United States District Court
# Eastern District of Michigan
## *Summons in a Civil Action and Return of Service Form*



*04 73574*

Case Number and Judge Assignment (to be supplied by the Court)

Plaintiff name(s):

*Hunter Todd*



Plaintiff's attorney, address and telephone:

Defendant name(s):

*City of Detroit*



Name and address of defendant being served:

*Ms. Sims*

vs.

## To the defendant:

This summons is notification that YOU ARE BEING SUED by the above named plaintiff(s).

1. You are required to serve upon the plaintiff's attorney, name and address above, an answer to the complaint within ___ days after receiving this summons, or take other actions that are permitted by the Federal Rules of Civil Procedure.

2. You must file the original and one copy of your answer within the time limits specified above with the Clerk of Court.

3. Failure to answer or take other action permitted by the Federal Rules of Civil Procedure may result in the issuance of a judgment by default against you for the relief demanded in the complaint.

RECEIVED
CITY OF DETROIT
LAW DEPARTMENT

David J. Weaver
Clerk of the Court

By: _____
Deputy Clerk

Date of Issuance

*INT-0131-MIE-REV. 12/93 06/99*

PAGE 1 OF 2

# CITY OF DETROIT LAW DEPARTMENT
## NEW CASE ASSIGNMENT MEMORANDUM

**TEAM:** Noseda      **ATTORNEY:** M Pruitt-Sims

**SECTION NAME:** Litigation

**PLAINTIFF:** Todd

**CASE NO.:** 04 73574      **JUDGE:** O'Meara

**COURT:** United States District

**DATE SERVED:** 10/7/04      **ANSWER DUE DATE:** 10/27/04

**DEPARTMENT:** Water

**DEPARTMENT CODE:** A41000

**INCIDENT CODE:** W07

**DATE OF LOSS:**      **LOCATION:**

**LIABILITY:** Remote

**RELATED MATTER(S):** A41000-001064

**RESERVE:** $0.00

**NOTES:** Pltf files federal suit on same issues in state case that was dismissed

*A41000*
*001200*

# RETURN OF SERVICE

A copy of the summons and complaint has been served upon the defendant in the manner indicated below:

Name of Defendant served: _____

Date of service: _____

## Method of Service

☐   Personally served at this address: _____

_____

☐   Left copies at the defendant's usual
place of abode with (name of person): _____

At this address: _____

_____

☐   Other (please specify): _____

_____

Service fees:  Travel  $ _____   Service  $ _____   Total  $ _____

*I declare under the penalty of perjury that the information contained in this Return of Service is true.*

_____
Date

_____
Signature of server

_____
Server's printed name

_____
Server's address

**PAGE 2 OF 2**

(3)

Sue sponta dismissals are not in accordance with our traditional adversarial system of justice because they cast the District Court in the role of "a proponent rather than an independent entity." according to Franklin V. State of Oregon, State Welfare Division, 662 F.2d1337,1342, 9th Cir.1981.

Admended Complaint of the City of Detroit

On Sunday, July 12, 1998 , my Home at 305 S. Military received fire losses and damages because the City of Detroit has yet to this  date repaired a fire-hydrent dated 11-24-98 which is one house South of 305 S. Military, Detroit, Michigan 48209. This home is located in an area which the City and the Federal Government has classified as the Empowerment Zone.

The owners of these properties are expected to relocate their home, but at the same time, the owners including the appellant tries very hard to keep these homes rented out and keep the community up in good standard to best of our abilities.

In fact, over the past 4 years, I have faced 5 different fires at the said address of 305 S. Military, Detroit, Michigan.

On the 12th of July 1998, the Appellant was in the process of renting this home out to a White Family with children.

This was the very first time the said property would be rented out to anyone for the past two and half years as of 07-12-98. Being that the Appellant is a disable teacher who attends Church on Sunday, the Appellant learned of the fire three days later by way of the American Red Cross.

With in three days of the fire, the City of Detroit outlined this home to be removed as the City of Detroit did with the Ilene Property which violates a Owner's Constitutional rights.

This 7-12-98 fire did not start at 305 S. Military.

This fire started at 307 S. Military and moved to 305 S. Military and two homes North of of 307 S. Military.

It took the Fire Department 4 hours to put the three fire out with very little water.

The Fire Department finally received water from Jefferson and Military one block South of 305 Military and a second or third fire-hydrent, one blockNorth of 305 S. Military.

307 S. Military has been an home vacant, open to trespasses and drug traffic for the passed seven years or more.

Case No. **04-73574**

In The Eastern Southern Federal

Federal District Court

Judge: _____ JOHN CORBETT O'MEARA

Petitioner: Hunter Todd, Plaintiff    MAGISTRATE JUDGE DONALD A. SCHEER

VS

Respondents: Arthur G. Bowles

City of Detroit, Defendants

RECEIVED

SEP 1 4 2004

CLERK'S OFFICE, DETROIT-P66
U.S.DISTRICT COURT

Motion for a Jury Trial.

A group of persons selected to hear the evidence presented

from Wayne County State of Michigan District State Court on

False statements coming from the City of Detroit Attorney;

as well as the facts coming from the interrogatives coming

Judge Gerald Rosen court room , and the $12,700.00 comings

from the Michigan Tribunal Association evaluation dated 7/07/

2004.         **Complaint added**

1. Plaintiff states that the Michigan District Court under the

Leadership of Judge Torres failed to Judicate the Claims

against the City of Detroit, where by the seven year Statue

of Limitation had expired as to the time line for the

2. Plaintiff states that County State Court denied the
   petitioner a jury trial.

3. Plaintiff states that a Summary disposition was
   substitued in Wayne County State Court instead of
   having a trial by jury or follow the state procedures
   of have settlement conference as scheduled
   **********Both Copys of the Settlement Conferance
   and the  award amount coming from the M.T.A.

4. This complaint is a law suit for damages againt the
   defendants.

5. Plaintiff states under 4 to 5 different U.S. Codes
   the defendant must pay the plaintiff for damages

6. A number of these U.S. Codes were listed in Judge
   Rosen|s Order from the fisst case against the City of
   Detroit.

7. Arthur G. Bowles deceased the plaintiff under a Land
   contract. Took $5000.00 of the Insurance Money which
   the Policy was in the Name of the Plaintiff, and
   which Mr. Bowles agreed to use the $ $000.00 to finis
   finish the roof at 10101 Grand River, but never did s
   so. The plaintiff up held his part of the contract
   Subsection B it serves  other products which it sells
   building permits to citizen; related to 8882 Manor
   U.S. Code Title 42, sec.2000A and the due Process
   clause of the 14th Amendment to substantive economic
   freedoms other related to the Ilene,305 &311 Military
   Properties.

# Third Judicial Circuit of Michigan

TODD HUNTER L V DETROIT CITY OF

| Date | | Time | Case | Tape |
|---|---|---|---|---|
| 07/07/2004 | 1 | 10:30 | 03 - 333 629 | C2 |

PL 1   TODD HUNTER L
DF 2   DETROIT CITY OF

X01781
PS5180

TODD HUNTER L.
Pratt-Sims, Marcibon C.

(313) 835-4238
(313) 237-3691

| Award | Amount | For Party | Against Party |
|---|---|---|---|
| 1 | $ 12,700.00 | 1 | 2 |

Unanimous   Y
Frivolous

Comment

Evaluators:   Roy Roulhac   Thomas McHugh   Timothy O'Connor

ALL PARTIES NOT MENTIONED IN THE ABOVE AWARD(S) WERE NOT EVALUATED.

X01781   Todd Hunter L

| | | Date | Panel | Time | Case | Type |
|---|---|---|---|---|---|---|
| **Evaluators** | | 07/07/2004 | 1 | 10:30 | 03 - 333 629 | CZ |

**Mediation Tribunal Association**
**Evaluation Response Form**

Roy Roulhac
Thomas McHugh
Timothy O'Connor

| Case Title |
|---|
| TODD HUNTER L V DETROIT CITY OF |

### Please Respond On or Before: 08/04/2004

| Award # | Amount | This Award is | Parties For | Parties Against |
|---|---|---|---|---|
| 1 | $12,700.00 | Unanimous | 1 | 2 |

| Party # | Party Name | Accept | Reject | Limited Acceptance |
|---|---|---|---|---|
| 1 | TODD HUNTER L | | X | |
| 2 | DETROIT CITY OF | | | |

ALL PARTIES NOT MENTIONED IN THE ABOVE AWARD(S) WERE NOT EVALUATED.

MCR 2.403L (2)
THERE MAY BE NO DISCLOSURE OF A PARTY'S ACCEPTANCE OR REJECTION OF THE PANEL'S EVALUATION UNTIL THE EXPIRATION OF THE 28-DAY PERIOD.

PLEASE SIGN BELOW. THE MEDIATION TRIBUNAL CLERK MUST BE NOTIFIED IN WRITING OF ACCEPTANCE OR REJECTION OF THIS EVALUATION MCR 2.403 L(1)
ON OR BEFORE: 08/04/2004

Date _____ Signature: _Hunter Todd Plaintiff_

PLEASE RETURN A SIGNED COPY TO THE MEDIATION TRIBUNAL ASSOCIATION
340 EAST CONGRESS SUITE 300 DETROIT, MI 48226 PH 313-224-5800

Mail to: TODD HUNTER L
14944 ASHTON
DETROIT, MI 48223

If the U.S. Court of Detroit states that there is no
conspiracy of Title 18,U.S. Code on the behalf of the
City of Detroit and Arthur G. Bowles, than it is the duty
of a jury to evaluate the evidance and not alaw clerk

List of Witnesses, 1. Larry Pryor @. Sharon Watt, Ronnie

Englanman,Hunter L. Todd, Plaintiff, Defewnant, Arthur

Bowler 4 to 5 unnamed witnesses from the City of Detroit

and a person from DTE Energy when the electric and Gas problems.
See the different pictures enclosed for the trial

An attorney for plaintiff will sign in with the Court

30 day before the trial.

Signed
Hunter Todd
9-14-04





STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT

## PLEASE REVIEW AND FOLLOW THE APPROPRIATE
## INSTRUCTIONS ON REVERSE SIDE OF THIS SHEET.

| Case No. | Case Title | Date Mailed | Date Complaint Filed |
|---|---|---|---|
| | | | |

| Attorney for | Hearing date And Time |
|---|---|
| | |

| To Be Heard by Judge: | NOTICE OF: |
|---|---|
| | |

**NOTE: IF THIS CASE HAS BEEN PREVIOUSLY DISPOSED
OF BY ORDER OF THE COURT, PLEASE SEND A
COPY OF THE DISPOSITIVE ORDER IMMEDIATELY
TO THE COURTROOM OF THE ASSIGNED JUDGE.**

Access to courtroom proceedings is available to all
individuals with a disability as required by the Americans
with Disabilities Act of 1990. If you are a person with
a disability and are in need of accommodation, please
contact the assigned judge's courtroom at the phone
number above immediately upon receipt of this notice.
(For deaf or hearing impaired call TDD: 224-7882.)

OR'A 1733 REV. 8/00.