**EXHIBIT 5: ORDER GRANTING CITY OF DETROIT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING COMPLAINT**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HUNTER TODD,

    Plaintiff,

Case No. 04-73574

v.

Hon. John Corbett O'Meara

ARTHUR G. BOWLES and
CITY OF DETROIT,

    Defendants.

_____/

### ORDER GRANTING CITY OF DETROIT'S MOTION
### FOR SUMMARY JUDGMENT AND DISMISSING COMPLAINT

Before the court is the City of Detroit's Motion for Summary Judgment, filed October 26, 2004. Plaintiff has not filed a response to the motion, although the court ordered Plaintiff to file a response by December 10, 2004. The court extended that deadline to January 4, 2005, as Plaintiff was apparently attempting to retain counsel. Having received no response from Plaintiff or anyone representing him, the court will rule on the City's motion on the briefs. See LR 7.1.

The City seeks summary judgment because it contends that the claims in Plaintiff's complaint have already been dismissed by Judge Rosen of this court and by Judge Torres in Wayne County Circuit Court. According to the City, Plaintiff's claims are barred by the doctrine of res judicata.

Although Plaintiff's complaint is virtually unintelligible, it appears that Plaintiff does refer to claims that were adjudicated on the merits before Judge Rosen and Judge Torres. Accordingly, the re-litigation of these claims is barred by the doctrine of res judicata. See

Sanders Confectionery Prods., Inc. v. Heller Financial, Inc., 973 F.2d 474, 480 (6th Cir. 1992) (setting forth elements of res judicata).

To the extent Plaintiff attempts to raise new claims against the City or the other defendant, Arthur G. Bowles,[1] the court cannot discern what claims Plaintiff is attempting to assert. Plaintiff's complaint is fragmented and contains little information from which the court can determine if it has subject matter jurisdiction or if Plaintiff can state a claim under any legal theory. Plaintiff has, therefore, failed to comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to include "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Although pro se litigants are held to a somewhat less stringent standard than attorneys, the court "should not have to guess at the nature of the claim asserted." Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

Accordingly, for these reasons, IT IS HEREBY ORDERED that the City of Detroit's October 26, 2004 Motion for Summary Judgment is GRANTED.

It is further ORDERED that Plaintiff's complaint is DISMISSED.

Hon. John Corbett O'Meara
U.S. District Court Judge

Dated: March 4, 2005

---

[1] The record does not reflect whether Arthur G. Bowles was served with a copy of Plaintiff's complaint.

-2-