

Hon: Judge Tucker
City of Detroit
vs
Hunter L. Todd

Case # 13-53849

133 A.L.R. Fed. 1 (Originally published in 1996)

American Law Reports

ALR Federal

The ALR databases are made current by the weekly addition of relevant new cases.

## Individual retirement accounts as exempt property in bankruptcy

Andrew M. Campbell, J.D.

Under § 522 of the Bankruptcy Code (11 U.S.C.A. § 522) a debtor is entitled to exempt property from the bankruptcy estate in accordance with § 552(d) of the Bankruptcy Code (unless the state in which the debtor resides has forbidden its residents from using the exemptions provided in § 552(d)) or in accordance with applicable state law. Under § 522(d)(10)(E) debtors are entitled to exempt their right to receive payments under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age or length of service, to the extent reasonably necessary for the support of the debtor and dependents of the debtor. In In re Walker (1992, CA10 Okla) 959 F2d 894, 22 BCD 1284, CCH Bankr L Rptr ¶74528, 133 ALR Fed 577, the Eighth Circuit Court of Appeals held that individual retirement accounts of the debtor were exempt from the bankruptcy estate pursuant to an <u>Oklahoma statute which expressly exempts individual retirement accounts and that the exemption statute did not violate the Contracts clause of the United States Constitution which forbids states from enacting any law which impairs the obligations of contracts.</u> This annotation analyzes the extent to which individual retirement accounts are exempt from the estate of the debtor under § 522(d)(10)(E) of the Bankruptcy Code and under state exemption statutes.

FILED 2015 APR -8 A 10: 35 U.S. BANKRUPTCY COURT E.D. MICHIGAN-DETROIT

HON: Tucker
Case # 13-53849

exempted from the estate while in other cases the fact that the funds rolled over came from tax-qualified retirement plans has been held to result in the funds in the IRA being exempt even though the IRA would not otherwise be exempt. There do not appear to be any cases holding that the fact that the funds were rolled over into the IRA jeopardized or limited an IRA's exempt status except for cases where the exemption of the IRA is conditioned on its tax qualification and funds are rolled into it from a non-qualified plan and a case in which a decision affirming the constitutionality under state law of an exemption statute which did not limit the amount which could be exempted was limited to non-rollover contributions because the Minnesota Constitution which authorizes the legislature to enact exemption laws exempting "reasonable" amounts of property and non-rollover contributions, unlike rollover contributions, are limited in amount by federal income tax law.[8] It has also been held that a rollover of funds from an individual retirement annuity from the spouse of the debtor to an individual retirement annuity of the debtor other than in connection with divorce or death was not exempt under the applicable exemption statute because such a rollover is not tax-free under the Internal Revenue Code (§ 14[d], infra).

133 A.L.R. Fed. 1 (Originally published in 1996)

*Hunter Todd*