# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------------x
                                          :
In re                                     :    Chapter 9
                                          :
CITY OF DETROIT, MICHIGAN,                :    Case No. 13-53846
                                          :
                              Debtor.     :    Hon. Thomas J. Tucker
                                          :
                                          :
-------------------------------------------------------x
```

**CONSOLIDATED REPLY IN SUPPORT OF MOTION OF THE CITY OF DETROIT, PURSUANT TO SECTIONS 105(a) AND 502(c) OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3021, FOR AN ORDER APPROVING RESERVE AMOUNTS FOR CERTAIN DISPUTED OR UNLIQUIDATED UNSECURED CLAIMS IN CONNECTION WITH DISTRIBUTIONS TO BE MADE UNDER THE EIGHTH AMENDED <u>PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT</u>**

The City of Detroit (the "<u>City</u>") hereby files this consolidated reply in support of the *Motion of the City of Detroit, Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code and Bankruptcy Rule 3021, for an Order Approving Reserve Amounts for Certain Disputed or Unliquidated Unsecured Claims in Connection with Distributions to Be Made Under the Eighth Amended Plan for*

*the Adjustment of Debts of the City of Detroit* (Docket No. 9351) (the "Motion")[1]

and respectfully represents as follows:

## Preliminary Statement

1.      A total of 33 timely and untimely responses or objections to

the Motion (collectively, the "Responses") were filed by the parties identified

below (collectively, the "Respondents"). A chart summarizing the Responses to

the Motion and the City's arguments in reply to them is attached hereto as

Exhibit A and incorporated herein by reference. The City has attempted to

communicate with each of the Respondents to the extent that a telephone number

was provided in the relevant Response. As a result of contacting Respondents,

the City has succeeded in resolving certain of the Responses, as set forth below.

2.      In addition, the City received several informal communications

regarding the relief requested in the Motion. In connection with two such informal

communications, the City agreed to make modifications to (a) the Schedule of

Liquidated Amounts and (b) the Schedule of Reclassification Claims, attached to

the Motion as Exhibit 6.1 and Exhibit 6.6, respectively.[2] These modifications

---

[1]      Capitalized terms not otherwise defined herein have the meanings given to
        them in the Motion.

[2]      Consistent with the *Order (A) Expunging Proofs of Claim Nos. 1120, 1136
        and 1197 Filed by Wilmington Trust, N.A.; (B) Reducing Proof of Claim*

result in a modest increase in the aggregate amount of Liquidated Amounts from $967,107,874.39 to $967,997,152.05 but no overall increase in the Disputed Unsecured Claims Reserve because the City previously rounded the aggregate total of Liquidated Amounts to $968,000,000. <u>See</u> Motion, at ¶ 18. Copies of the revised Schedule of Liquidated Amounts and Schedule of Reclassification Claims identifying the revisions agreed to by the City are attached hereto as <u>Exhibit B</u> and <u>Exhibit C</u>, respectively.

3.      As set forth below, the filed Responses generally either (a) misapprehend the nature of the relief requested in the Motion or (b) roundly

---

(continued…)

*No. 1138 Filed by Wilmington Trust, N.A.; and (C) Providing for the Withdrawal With Prejudice of (1) Objections to Confirmation and (2) Response to the Rejection of the COPs Service Contracts, Filed By Wilmington Trust, N.A.* (the "<u>Wilmington Trust Claim Order</u>") (Docket No. 8423), the Schedule of Reclassification Claims and the Schedule of Liquidated Amounts have both been revised by the City to reflect (a) the inclusion of claim number 1138 of Wilmington Trust, N.A. (the "<u>Wilmington Trust Claim</u>") on the Schedule of Liquidated Amounts in the amount of $644,277.66 (as set forth in the Wilmington Trust Claim Order) and (b) removal of the Wilmington Trust Claim from the Schedule of Reclassification Claims. In addition, the City agreed to increase the Liquidated Amount reserved on account of claim number 1129 of Anthony Baker from $55,000 to $300,000. These modifications are highlighted on the revised exhibits attached hereto.

ignore the relief requested therein and seek another opportunity to contest confirmation or consummation of the City's Plan.

4. With respect to the former category, the sole purpose of the Motion is to establish a conservative Disputed Unsecured Claims Reserve that will allow for initial distributions to be made to holders of Allowed Other Unsecured Claims in Class 14 under the Plan. Nothing in the Motion affects any claimant's substantive right to receive a recovery in Class 14 under the Plan or, in the alternative, to assert that such claimant's claim should not be subject to treatment in Class 14. For example, the City's exclusion of the Unimpaired Claims from the calculation of the Disputed Unsecured Claims Reserve reflects its assessment that each of the Unimpaired Claims likely would not be subject to treatment in Class 14 and, therefore, the City need not reserve a share of the "pot" of New B Notes on account of such claims. Nevertheless, to the extent that any claim classified as an Unimpaired Claim ultimately is determined to be subject to treatment in Class 14, the proposed Disputed Unsecured Claims Reserve is expected to contain ample reserves of New B Notes to provide a source of pro rata recovery for such claim.[3]

---

[3] The City notes that the proposed Disputed Unsecured Claims Reserve of $1.035 billion is approximately seven times greater than the City's estimated

5.     Nothing in the Motion:  (a) reclassifies any claim; (b) reduces, increases or liquidates the amount of any claim; (c) guarantees any claimant any specific treatment under the Plan; or (d) compels any claimant to accept a recovery in any form other than that provided for under the Plan and the Confirmation Order.  Both the Respondents' and the City's rights to address substantive issues relating to the amount, validity and classification of claims are fully preserved.

6.     With respect to the category of Responses that seek to overturn confirmation of the Plan or delay its consummation, that relief is not available to the applicable claimants by way of an objection to the Motion.  On November 12, 2014, the Court entered the Confirmation Order confirming the Plan.  Although several parties filed motions seeking a stay of the effectiveness of the Confirmation Order pending adjudication of their appeals, (see, e.g., Docket Nos. 8341, 8413, 8426, 8429, 8483) (collectively, the "Stay Motions"), the Court denied this relief (see Docket No. 8533), and no party sought such a stay from the United States

---

(continued…)

aggregate liability on account of Class 14 Other Unsecured Claims of $150 million disclosed in the *Fourth Amended Disclosure Statement With Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit City's Disclosure Statement* (Docket No. 4391), which was approved by the Court for use in soliciting votes on the Plan.  See Docket No. 4391, at 41.

District Court for the Eastern District of Michigan (the "District Court") or any other court. The Effective Date occurred on December 10, 2014. See *Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date* (Docket No. 8649).

7.      As such, the City is authorized and required to move forward with completing consummation of the Plan. Numerous activities to consummate the Plan already have occurred. See *Post-Confirmation Status Report of the City of Detroit, Michigan* (Docket No. 9306), at 5-13. In addition, the City must (a) establish the Disputed Unsecured Claims Reserve (see Plan, at § VI.B) and (b) make distributions to holders of Allowed Other Unsecured Claims in Class 14 under the Plan "as soon as reasonably practicable after the Effective Date" (see Plan, at § II.B.3.u.i). The Motion is a step towards accomplishing these requirements. The Respondents' attempt to use the Motion as a vehicle to raise collateral attacks on the Confirmation Order and consummation of the Plan is improper, and the Responses should be overruled.

## The Responses

8. The following Responses to the Motion were filed by the Respondents identified below:[4]

      (a)    the Responses of Hassan Aleem and Dorothea Harris, Dorothea Harris, Walter Blaney, Janice Pickett, Olivia Williams and Debra Pickett (Docket Nos. 9487, 9494, 9496, 9498, 9499 and 9500, respectively) (collectively, the "Form Responses");

      (b)    the Responses of Raphael Robinson, Sandra Bradford, Brenda Polk, Patricia Mason, Joan Robinson-Cheeks, Larry Johnson, Eugene Mason, Comit Bradford, Jr., Gwendolyn Morris and Lee Newby (Docket Nos. 9579, 9580, 9581, 9583, 9584, 9585, 9586, 9587, 9588 and 9589, respectively) (collectively, the "Late Form Responses");

      (c)    the Responses of Belinda Farhat, Wanda Jan Hill, Vera Magee, Lucinda J. Darrah and Carl Williams (Docket Nos. 9513, 9514, 9516, 9517 and 9591, respectively) (collectively, the "Notice Responses");

---

[4]     In addition to these 33 Responses, the Court previously entered orders striking eight papers filed by the following parties that generally raised issues similar to the Responses: (a) Bridget Murriel (Docket Nos. 9450 and 9520) (stricken by Docket Nos. 9561 and 9526, respectively); (b) Delshone Balfour (Docket Nos. 9485 and 9522) (stricken by Docket Nos. 9512 and 9611, respectively); (c) Kevin Bullard (Docket No. 9488) (stricken by Docket No. 9610); (d) Lue David Jackson (Docket No. 9501) (stricken by Docket No. 9626); (e) Pamela Jenkins (Docket No. 9502) (stricken by Docket No. 6929); and (f) Lisa Rollins-Carter (Docket No. 9510) (stricken by Docket No. 9630).

(d)     the Response of Henry Brown (Docket No. 9449) (the "<u>Brown Response</u>");

(e)     the Responses (together, the "<u>Murriel Responses</u>") of Bridget Murriel:  (i) Docket No. 9461 (the "<u>Timely Murriel Response</u>") and (ii) Docket No. 9538 (the "<u>Late Murriel Response</u>");

(f)     the Response of Kim Lamar Spicer (Docket No. 9474) (the "<u>Spicer Response</u>");

(g)     the Response of Eddie Lott Jones (Docket No. 9478) (the "<u>Jones Response</u>");

(h)     the Responses (together, the "<u>Patterson Responses</u>") of Delania Patterson:  (i) Docket No. 9486 (the "<u>Timely Patterson Response</u>") and (ii) Docket No. 9573 (the "<u>Late Patterson Response</u>");

(i)     the Response (Docket No. 9489) (the "<u>DFFA Response</u>") of the Detroit Fire Fighters Association, I.A.F.F., Local 344 (the "<u>DFFA</u>");

(j)     the Response of Steven Wolak (Docket No. 9493) (the "<u>Wolak Response</u>");

(k)     the Response of Brianna Taylor (Docket No. 9495) (the "<u>Taylor Response</u>");

(l)     the Response of Lucinda J. Darrah (Docket No. 9497) (the "<u>Darrah Response</u>"); and

(m)     the Response of Muhammad Sharif (Docket No. 9590) (the "<u>Sharif Response</u>").

## Reply

### *The Form Responses, the Late Form Responses, the Jones Response and the Darrah Response Are Attempted Collateral Attacks on the Confirmation Order and Consummation of the Plan*

9.       Each of the Form Responses and Late Form Responses employs the same fill-in-the-blank response document containing identical objections. These objections consist of arguments regarding (a) the good-faith filing of the Plan, (b) the Plan voting process, (c) the treatment of OPEB Claims under the Plan and (d) ASF Recoupment.  The Jones Response similarly objects to the Motion on the basis that the Plan impaired the Respondent's Pension Claim.  These arguments are irrelevant to the relief requested in the Motion and seek merely to collaterally attack the Plan and the Confirmation Order.

10.       The Darrah Response seeks to halt consummation of the Plan and distributions to holders of Class 14 claims pending the District Court's adjudication of the Respondent's appeal of the Confirmation Order.  For the reasons previously stated, however, following the Court's denial of the Stay Motions and the occurrence of the Effective Date, the City is authorized and required to proceed with consummation of the Plan, including by making distributions to holders of claims in Class 14 "as soon as reasonably practicable." Plan, at § II.B.3.u.i.

11.     The parties that filed the Form Responses and the Late Form Responses also argue that notice of the Motion was insufficient.  The City, however, provided notice of the Motion to all parties affected by the requested relief, i.e., all parties with claims classified in Class 14 under the Plan (or that would be classified in Class 14 under the Plan if they were not Unimpaired Claims) in addition to all parties that have requested service of documents in the Chapter 9 Case.  See Motion, at ¶ 37; Certificates of Service (Docket Nos. 9384, 9410).  It was not necessary for the City to provide notice of the Motion to holders of claims classified in other classes (e.g., Pension Claims and OPEB Claims) that are unaffected by the relief requested in the Motion.

12.     The City therefore requests that the Court overrule these Responses because they present no ground for denial of the Motion.  In addition, the Court should disregard the Late Form Objections, which were filed more than one week after the March 23, 2015 deadline for filing Responses to the Motion (the "Objection Deadline").

**_The Notice Responses, the Murriel Responses and_**
**_the Spicer Response Assert No Grounds for Objecting to the Motion_**

13.     The Notice Responses consist only of a notice of objection, a certificate of service and an affidavit affirming the truth of their contents.  They assert no substantive objection to the Motion.  In addition, the Notice Response of Carl Williams was filed more than one week after the Objection Deadline.

14.     The Timely Murriel Response states only that the Respondent "reject[s]" the Motion, and the Late Murriel Response merely provides certain irrelevant information regarding the alleged factual basis for the Respondent's claim.

15.     The Spicer Response similarly describes the Respondent's underlying claim and follows by "certify[ing]" that the Respondent opposes the Motion.  The City has discussed the basis for the Motion with Mr. Spicer, who has indicated that he no longer intends to pursue the Spicer Response.

16.     Because these Responses state no cognizable grounds for objecting to the Motion, the Court should overrule them.

### *The Brown Response Incorrectly Assumes that the Motion Caps Available Recoveries*

17.     The Brown Response argues that the Motion limits the available recovery on the Respondent's claim, presumably by reserving a fixed number of New B Notes on account of the Respondent's claim.  As stated above, however, nothing in the Motion limits the relief available to any party.  Moreover, the City excluded the Respondent's claim from the calculation of the Disputed Unsecured Claims Reserve because the City believes that, to the extent valid, it likely is an Unimpaired Claim.  Nevertheless, in the event that the Respondent's claim is determined to be subject to treatment in Class 14 under the Plan, the City believes that there will be ample reserves in the proposed Disputed Unsecured

Claims Reserve to provide the Respondent with a source of recovery on par with all other Class 14 claimants, as discussed above. The City has been unable to convey this information to the Respondent, however, because he is incarcerated. The City therefore requests that the Court deny the Brown Response.

### *The Patterson Responses Relate to an Unimpaired Claim*

18.     The Patterson Responses object to the City's omission of the Respondent's claim from the Schedule of Liquidated Amounts. The Respondent's claim was omitted because the City believes that it likely constitutes a "claim[] against officers or employees of the City in their individual capacity under 42 U.S.C. § 1983," which are not enjoined by the Plan. <u>See</u> Confirmation Order, at ¶ 32. Such claims, therefore, constitute Unimpaired Claims under the Motion because they are payable in cash by the City and not New B Notes (to the extent that such claims are valid and supported by an enforceable indemnification obligation). If the Respondent's Claim is determined to be an Unimpaired Claim, the City need not reserve a <u>pro</u> <u>rata</u> share of New B Notes on account of the claim because the claim will not be subject to treatment in Class 14. In the event that the Respondent's claim is found not to be an Unimpaired Claim, the City submits that the proposed Disputed Unsecured Claims Reserve establishes ample reserves of New B Notes to provide a source of <u>pro</u> <u>rata</u> recovery on Respondent's Claim.

19.     Although the Patterson Responses have not been formally withdrawn, counsel to the Respondent has informed the City that it no longer intends to pursue the Patterson Responses.

***The City Has Amended the Schedule of Wholly Unliquidated
Litigation Claims to Address the Concerns of the DFFA***

20.     The DFFA Response purports to reserve the DFFA's rights to present its views regarding the relief requested in the Motion, and the DFFA filed no other Response to the Motion prior to or following the Objection Deadline. Nevertheless, the City has communicated with counsel to the DFFA and has agreed to add certain claims to the Schedule of Wholly Unliquidated Litigation Claims, which was attached as <u>Exhibit 6.2</u> to the Motion.  A copy of the revised Schedule of Wholly Unliquidated Litigation Claims highlighting these modifications is attached hereto as <u>Exhibit D</u>.  The City and the DFFA have agreed not to modify the amount of the Disputed Unsecured Claims Reserve on account of these unliquidated claims, however, because the relevant amounts in controversy will not have a material effect on the reserve.  The City understands that these modifications resolve the concerns of the DFFA.

***The Concerns Raised in the Wolak Response
Do Not Implicate the Relief Requested in the Motion***

21.     The Wolak Response argues that the applicable Respondent's claim – which is based upon a prepetition settlement of certain litigation – should

not be subject to impairment under the Plan. Attached as an exhibit to the Wolak Response is a copy of an order from the Wayne County Circuit Court, dated May 13, 2013, approving a settlement in the amount of $375,000 (although the Respondent's proof of claim was asserted in the amount of $3,000,000). The City believes that the Respondent's claim may be an Unimpaired Claim, in whole or in part. Nevertheless, to be conservative, the City proposed establishing a reserve on account of the Respondent's claim in the full asserted amount of the proof of claim, i.e., $3,000,000. Notwithstanding this ample reserve, nothing in the Motion prejudices any right the Respondent may have to assert that his claim should not be subject to treatment in Class 14 under the Plan. Accordingly, the Wolak Response should be overruled.

### The Taylor Response and the Sharif
### Response Relate to Class 15 Convenience Claims

22. The Taylor Response relates to proof of claim number 1146, which is asserted in the amount of $17,500. By the Taylor Response, the Respondent asserts that she settled her claim against the City for this amount

prior to the Petition Date and argues that her claim should not be impaired and should be paid out of an unidentified fund.[5]

23.     As discussed above, however, nothing in the Motion affects whether or not any claim is subject to impairment under the Plan – that is governed by the Plan itself.  Moreover, to the extent the Respondent possesses an enforceable claim against the City in the amount of $17,500, it would be subject to treatment as a Convenience Claim in Class 15 under the Plan and would not receive a pro rata share of New B Notes.  See Plan, at § I.A.76 (defining "Convenience Claim," in relevant part, as "a Claim that would otherwise be an Other Unsecured Claim that is (a) an Allowed Claim in an amount less than or equal to $25,000.00; or (b) in an amount that has been reduced to $25,000.00 pursuant to an election made by the Holder of such Claim"); id. at § II.B.3.b.i (providing that holders of Allowed Convenience Claims receive "Cash equal to the amount of 25% of such Allowed Claim[s]" and not a share of New B Notes). The City has spoken with the Ms. Taylor and explained that the Motion does not affect her claim in any way.  As of the date hereof, however, Ms. Taylor has not agreed to withdraw the Taylor Response.

_____

[5]     The Taylor Response also alleges certain shortcomings with respect to the Respondent's counsel, which arguments are irrelevant to the relief requested in the Motion.

24.     The Sharif Response relates to proof of claim number 3275, which was filed by the applicable Respondent in the amount of $5,943.24.  Like the Taylor Response, the claim at issue is a Convenience Claim that is not subject to treatment in Class 14 under the Plan.[6]

25.     Because the Taylor Response and the Sharif Response are irrelevant to the distribution of New B Notes under the Plan and the relief requested in the Motion, they should be overruled.

## Conclusion

For the foregoing reasons, the City requests that the Court enter an order substantially in the form attached to the Motion as Exhibit 1:  (a) approving the establishment of the Disputed Unsecured Claims Reserve, as modified by the revised Schedule of Liquidated Amounts and Schedule of Reclassification Claims attached hereto; and (b) overruling the Responses.

---

[6]     In addition, the Sharif Response was filed more than one week after the Objection Deadline.

Dated: April 10, 2015                    Respectfully submitted,


                                          /s/ Heather Lennox
                                         Heather Lennox (OH 0059649)
                                         JONES DAY
                                         North Point
                                         901 Lakeside Avenue
                                         Cleveland, Ohio  44114
                                         Telephone:  (216) 586-3939
                                         Facsimile:  (216) 579-0212
                                         hlennox@jonesday.com

                                         Jeffrey B. Ellman (OH0055558, GA141828)
                                         JONES DAY
                                         1420 Peachtree Street, N.E.
                                         Suite 800
                                         Atlanta, Georgia  30309-3053
                                         Telephone:  (404) 581-3939
                                         Facsimile:  (404) 581-8330
                                         jbellman@jonesday.com


                                         ATTORNEYS FOR THE CITY

# EXHIBIT A

# TABLE OF RESPONSES AND THE CITY'S REPLIES[1]

| Respondent | Docket Number of Response | City's Reply to Response |
|---|---|---|
| Hassan Aleem and Dorothea Harris | 9487 | This Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. <u>See</u> Reply, at ¶¶ 6-7, 9-12. |
| Walter Blaney | 9496 | This Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. <u>See</u> Reply, at ¶¶ 6-7, 9-12. |

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to them in the foregoing *Consolidated Reply in Support of Motion of the City of Detroit, Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code and Bankruptcy Rule 3021, for an Order Approving Reserve Amounts for Certain Disputed or Unliquidated Unsecured Claims in Connection with Distributions to Be Made Under the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* (the "<u>Reply</u>").

| Respondent | Docket Number of Response | City's Reply to Response |
|---|---|---|
| Comit Bradford, Jr. | 9587 | This Late Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Late Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. Further, this Response was filed more than one week after the Objection Deadline. <u>See</u> Reply, at ¶¶ 6-7, 9-12. |
| Sandra Bradford | 9580 | This Late Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Late Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. Further, this Response was filed more than one week after the Objection Deadline. <u>See</u> Reply, at ¶¶ 6-7, 9-12. |
| Henry Brown | 9449 | The Response incorrectly suggests that the Motion limits the Respondent's potential recovery on his claim. Nothing in the Motion limits the relief available to any party. Moreover, the City excluded the Respondent's claim from the calculation of the Disputed Unsecured Claims Reserve because the City believes that, to the extent valid, it likely constitutes an Unimpaired Claim. <u>See</u> Reply, at ¶ 17. |

| Respondent | Docket Number of Response | City's Reply to Response |
| --- | --- | --- |
| Lucinda Darrah | 9497 | This Response seeks to delay distributions of New B Notes to holders of Allowed Claims in Class 14 under the Plan pending adjudication of the Respondent's appeal of the Confirmation Order. The Response constitutes an improper attempted collateral attack on the Confirmation Order and consummation of the Plan, and improperly seeks to obtain a stay of the Confirmation Order (which the Court previously denied). Following the Court's denial of the Stay Motions and the occurrence of the Effective Date, the City is authorized and required to proceed with consummation of the Plan, including by making distributions to holders of claims in Class 14 "as soon as reasonably practicable." Plan, at § II.B.3.u.i. The Response otherwise raises no substantive arguments relevant to the relief requested in the Motion. See Reply, at ¶¶ 6-7, 10. |
| Lucinda Darrah | 9517 | This Notice Response asserts no substantive basis whatsoever for objecting to the Motion. See Reply, at ¶¶ 13-16. |
| Detroit Fire Fighters Association, I.A.F.F., Local 344 | 9489 | The City has agreed with the DFFA to revise the Schedule of Wholly Unliquidated Litigation Claims that was attached as Exhibit 6.2 to the Motion to include certain additional claims asserted by the DFFA. The City and the DFFA have agreed not to modify the amount of the Disputed Unsecured Claims Reserve on account of these unliquidated claims, however, because the relevant amounts in controversy will not have a material effect on the reserve. A copy of the revised Schedule of Wholly Unliquidated Litigation Claims is attached to the Reply as Exhibit D. The City understands that these revisions resolve the DFFA Response. See Reply, at ¶ 20. |
| Belinda Farhat | 9513 | This Notice Response asserts no substantive basis whatsoever for objecting to the Motion. See Reply, at ¶¶ 13-16. |

| Respondent | Docket Number of Response | City's Reply to Response |
|---|---|---|
| Dorothea Harris | 9494 | This Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. See Reply, at ¶¶ 6-7, 9-12. |
| Wanda Jan Hill | 9514 | This Notice Response asserts no substantive basis whatsoever for objecting to the Motion. See Reply, at ¶¶ 13-16. |
| Larry Johnson | 9585 | This Late Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Late Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. Further, this Response was filed more than one week after the Objection Deadline. See Reply, at ¶¶ 6-7, 9-12. |
| Eddie Jones | 9478 | The Response objects to the Motion on the basis that the Plan impaired the Respondent's Pension Claim. This Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. See Reply, at ¶ 6-7, 9. |
| Vera C. Magee | 9516 | This Notice Response asserts no substantive basis whatsoever for objecting to the Motion. See Reply, at ¶¶ 13-16. |
| Eugene Mason | 9586 | This Late Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Late Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. Further, this Response was filed more than one week after the Objection Deadline. See Reply, at ¶¶ 6-7, 9-12. |

| Respondent | Docket Number of Response | City's Reply to Response |
|---|---|---|
| Patricia Mason | 9583 | This Late Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Late Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. Further, this Response was filed more than one week after the Objection Deadline. See Reply, at ¶¶ 6-7, 9-12. |
| Gwendolyn Morris | 9588 | This Late Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Late Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. Further, this Response was filed more than one week after the Objection Deadline. See Reply, at ¶¶ 6-7, 9-12. |
| Bridget Murriel | 9461 | The Response states only that the Respondent "reject[s]" the relief requested in the Motion and otherwise raises no substantive arguments whatsoever. See Reply, at ¶¶ 13-16. |
| Bridget Murriel | 9538 | The Response provides certain irrelevant information regarding the alleged factual basis for the Respondent's claim, but otherwise raises no substantive arguments regarding the relief requested in the Motion. In addition, the Response was not filed until three days after the Objection Deadline. See Reply, at ¶¶ 13-16. |
| Lee Newby | 9589 | This Late Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Late Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. Further, this Response was filed more than one week after the Objection Deadline. See Reply, at ¶¶ 6-7, 9-12. |

| Respondent | Docket Number of Response | City's Reply to Response |
|---|---|---|
| Delania Patterson | 9486 | The Response argues that the Respondent's claim was improperly omitted from the Schedule of Liquidated Amounts attached as Exhibit 6.1 to the Motion. The City omitted the Respondent's claim because it determined that this claim likely is an Unimpaired Claim, as such term is defined in the Motion. The Respondent has informed the City that it no longer intends to pursue the Response. See Reply, at ¶ 18-19. |
| Delania Patterson | 9573 | The Response argues that the Respondent's claim was improperly omitted from the Schedule of Liquidated Amounts attached as Exhibit 6.1 to the Motion. The City omitted the Respondent's claim because it determined that this claim likely is an Unimpaired Claim, as such term is defined in the Motion. The Respondent has informed the City that it no longer intends to pursue the Response. See Reply, at ¶ 18-19. |
| Debra Pickett | 9500 | This Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. See Reply, at ¶¶ 6-7, 9-12. |
| Janice Pickett | 9498 | This Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. See Reply, at ¶¶ 6-7, 9-12. |

| Respondent | Docket Number of Response | City's Reply to Response |
|---|---|---|
| Brenda Polk | 9581 | This Late Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Late Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. Further, this Response was filed more than one week after the Objection Deadline. See Reply, at ¶¶ 6-7, 9-12. |
| Raphael Robinson | 9579 | This Late Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Late Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. Further, this Response was filed more than one week after the Objection Deadline. See Reply, at ¶¶ 6-7, 9-12. |
| Joan E. Robinson-Cheeks | 9584 | This Late Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Late Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. Further, this Response was filed more than one week after the Objection Deadline. See Reply, at ¶¶ 6-7, 9-12. |
| Muhammad Sharif | 9590 | The Respondent possesses a Convenience Claim in Class 15 under the Plan, which claims receive cash payments and not a share of New B Notes. The relief sought in the Motion does not affect this claim. In addition, the Response asserts no substantive objection to the Motion. Reply, at ¶ 22-23. |
| Kim Lamar Spicer | 9474 | This Response asserts no substantive objection to the Motion. The City has communicated with the Respondent who informed the City that he no longer wishes to pursue the Response. See Reply, at ¶¶ 13-16. |

| Respondent | Docket Number of Response | City's Reply to Response |
|---|---|---|
| Brianna Taylor | 9495 | The Respondent possesses a Convenience Claim in Class 15 under the Plan, which claims receive cash payments and not a share of New B Notes. In addition, the Response asserts no substantive objection to the Motion. The relief sought in the Motion does not affect this claim. The City has communicated with the Respondent and explained the purpose of the Motion, although she has not agreed to withdraw her Response. Reply, at ¶ 22-23. |
| Carl Williams | 9591 | This Notice Response asserts no substantive basis whatsoever for objecting to the Motion. In addition, it was filed more than one week after the Objection Deadline. See Reply, at ¶¶ 13-16. |
| Olivia Williams | 9499 | This Form Response constitutes an attempted collateral attack on the Confirmation Order and raises no substantive arguments relevant to the relief requested in the Motion. This Form Response also challenges notice of the Motion; however, the City provided sufficient notice of the Motion under the circumstances to the parties subject to this relief. See Reply, at ¶¶ 6-7, 9-12. |
| Steven Wolak | 9493 | The Respondent argues that his claim – which is based upon a prepetition settlement of certain litigation – should not be subject to impairment under the Plan. Nothing about the relief requested in the Motion, however, will affect whether or not the Respondent's claim is subject to impairment under the Plan—that is a function of the Plan itself. Moreover, the City has proposed to reserve in the Disputed Unsecured Claims Reserve on account of the full asserted amount of Respondent's proof of claim ($3,000,000) rather than the amount of the settlement disclosed in the Response ($375,000). Accordingly, the Respondent's interests are more than adequately protected by the Motion. The City has communicated with counsel to the Respondent regarding the Motion. As of the date hereof, the Respondent has not indicated whether or not he intends to pursue his Response. See Reply, at ¶ 21. |

# EXHIBIT B

# REVISED SCHEDULE OF LIQUIDATED AMOUNTS

*Note that, in most cases, the Liquidated Amounts set forth below reflect the amounts asserted in the applicable proofs of claim. These amounts may be reduced by any resolution or adjudication of such proofs of claim.*

| Claim Number | Claimant | Liquidated Amount |
|---|---|---|
| 1269 | 16600 Greenfield, LLC | $58,365.18 |
| 1841 | 415 East Congress, LLC | $1,563,107.76 |
| 880 | Adams, Eddie | $277,550.61 |
| 3577 | Adams, Tanora | $50,000.00 |
| 3208 | Adedokun, Silifat | $250,000.00 |
| 2534 | Adler Stilman, PLLC | $500,000.00 |
| 1062 | ADP, INC. | $29,644,827.50 |
| 909 | Advance Digital Systems, LLC | $65,747.50 |
| 910 | Advance Digital Systems, LLC | $115,330.03 |
| 1366 | AdvisaCare Healthcare Solutions, Inc. | $138,669.42 |
| 297 | Affiliated Diagonostics | $289,500.00 |
| 776 | Agar Lawn Sprinkler Systems Inc | $189,752.63 |
| 3066 | Ahmad, Khadijah | $209,085.85 |
| 3676 | Airgas USA LLC | $55,793.34 |
| 491 | Aj & Associates At Law | $50,000.00 |
| 1135 | Albert, Randal | $225,000.00 |
| 2192 | Alford, Marlon | $104,354.17 |
| 1743 | Al-Talaqani, Ali | $100,000.00 |
| 1742 | Al-Talaqani, Jabir | $100,000.00 |
| 3175 | Amos, Seville | $100,000.00 |
| 971 | Anderson, Patrice | $237,500.00 |
| 1258 | Anderson, Patricia | $300,000.00 |
| 551 | Anderson, Perry | $50,000.00 |
| 3578 | Andrews, Renee | $40,000.00 |
| 3579 | Andrews, Sean Derrick | $40,000.00 |
| 2852 | Association of Prof. Construction Inspectors & Cleveland Gregory | $40,000.00 |
| 1066 | AT&T Services, Inc. | $8,487,525.24 |
| 1649 | Atkins, Faye | $48,000.00 |
| 1811 | Bagby, Lloyd | $250,000.00 |
| 1129 | Baker, Anthony | $300,000.00 |
| 2926 | Balfour, Delshone | $29,176.02 |
| 1994 | Banks, Ladonna | $40,000.00 |
| 1018 | Barrett Paving Materials Inc | $45,394.51 |
| 1436 | Barthel Contracting Co | $26,304.97 |
| 586 | Baugh, Laura J. | $47,000.00 |
| 2260 | Bell, Shelton (estate Of) P/r, Tammy Howard | $75,000.00 |
| 2704 | Benson,Terryton | $110,900.00 |
| 1655 | BeVelle, Glenn | $60,000.00 |
| 201 | Beydoun, Michael & his attorney- Raymond Guzall III | $2,273,668.23 |
| 1790 | Bishop Real Estate, L.L.C | $55,667.53 |
| 758 | Blaze Contracting Inc | $354,143.68 |
| 2835 | Boland, S.R. | $25,914.21 |
| 2373 | Bolton, Dinah Lynn | $49,793.19 |
| 3259 | Bonner, Michael | $100,000.00 |
| 2051 | Booker, Marie Cynthia | $250,000.00 |
| 186 | Boone, Therone | $500,000.00 |
| 396 | Borden, James | $500,000.00 |
| 1211 | Bradford Jr., Comit | $1,000,000.00 |
| 2277 | Brandt, Charlotte | $75,000.00 |
| 1338 | Brannon,Mitchell | $100,000.00 |
| 999 | Bratcher,Shannon | $27,500.00 |
| 1608 | Brazell, Gregory | $300,000.00 |
| 1618 | Brazell, Gregory | $800,000.00 |
| 1246 | Bricest, Ernest | $100,000.00 |
| 1245 | Bricest, Tammy | $100,000.00 |
| 1007 | Brooks, Christopher | $35,000.00 |
| 1544 | Brooks, I-chauntay | $75,000.00 |
| 1643 | Brooks, Latonya | $150,000.00 |
| 345 | Brooks, Ruth | $60,000.00 |
| 398 | Brooks, Ruth B. | $60,000.00 |
| 2161 | Brovold,Thor | $350,000.00 |
| 1221 | Brown, Jessica Et Al | $30,000.00 |
| 3667 | Brown, Johnathan (on behalf of himself and a class of others similarly situated) | $143,437,440.00 |
| 1805 | Brown,Ruffell | $100,000.00 |
| 826 | Burrell,Sharanda | $320,000.00 |
| 1001 | Burton, Jennifer | $55,000.00 |
| 1537 | Cade, Alyse | $55,000.00 |

# REVISED SCHEDULE OF LIQUIDATED AMOUNTS

*Note that, in most cases, the Liquidated Amounts set forth below reflect the amounts asserted in the
applicable proofs of claim.  These amounts may be reduced by any resolution or adjudication of such proofs of claim.*

| Claim Number | Claimant | Liquidated Amount |
|---|---|---|
| 682 | Cadoura, Richard | $100,000.00 |
| 1438 | Calloway, Lorraine | $32,500.00 |
| 1832 | Campbell,Taylor | $2,000,000.00 |
| 1823 | Cannon, Gladys M. | $27,481.72 |
| 85 | Canon Financial Services, Inc. | $43,366.38 |
| 841 | Carmichael, Jonathan | $100,000.00 |
| 520 | Cato, John | $339,326.97 |
| 411 | Cellco Partnership D/B/A Verizon Wireless | $46,198.34 |
| 2532 | Chandler, Albert W. | $90,000.00 |
| 3026 | Charter County of Wayne | $700,000.06 |
| 3031 | Charter County of Wayne | $418,555.95 |
| 3035 | Charter County of Wayne | $132,790.00 |
| 3823 | Charter County of Wayne | $30,000,000.00 |
| 2625 | Cherry, Jerome | $33,201.00 |
| 2202 | Childers, Debra | $150,000.00 |
| 2790 | Clark, Articia | $1,000,000.00 |
| 3354 | Clark, Bennie E. | $350,000.00 |
| 3467 | Clarke, Janice E. | $38,000.00 |
| 3213 | Clement, Fern | $41,128.50 |
| 2851 | Coalition Of Detroit Unions Et Al, | $242,586,116.50 |
| 2278 | Coalition of Public Safety Employees Health Trust | $453,465.52 |
| 2819 | Cohen, Lamont S. | $200,000.00 |
| 2690 | Coleman, Marcel | $50,000.00 |
| 164 | Collier, Anthony | $200,000.00 |
| 2007 | Collins, John | $65,000.00 |
| 914 | Conaway, Brenda | $55,000.00 |
| 3646 | Consolidated Rail Corporation | $36,038.73 |
| 1893 | Cook, Harriet A. | $30,000.00 |
| 2180 | Cook, William | $100,000.00 |
| 2912 | Cooney, Plunkett | $72,288.74 |
| 1979 | Cooper, Michael | $30,000.00 |
| 395 | Cooper, Monique | $500,000.00 |
| 1967 | Corbin-Johnson, Michele | $28,000.00 |
| 2040 | Corker, Katherine | $140,000.00 |
| 1830 | Craig, Kevin | $75,000.00 |
| 1466 | Crutcher, Leon | $40,000.00 |
| 1059 | Cummings, McClorey, Davis & Acho, PLC | $106,524.94 |
| 1489 | Cunningham, Darshay | $75,000.00 |
| 3197 | Curry, Jacqueline | $100,000.00 |
| 3015 | Dandridge, Doris B. | $250,000.00 |
| 2911 | Danforth Brown, Tara R. | $27,665.46 |
| 1009 | Daniels, Joyce | $125,000.00 |
| 967 | Davis, Diane | $500,000.00 |
| 3387 | Davis, Eduardo A. | $28,926.10 |
| 3146 | Davis, Marie A. | $60,000.00 |
| 1156 | Davis, Sherrod | $150,000.00 |
| 1334 | Davis,Susan K. | $65,000.00 |
| 966 | Davistion, Frank | $60,000.00 |
| 397 | Delfine,Robert T. | $500,000.00 |
| 3074 | Demoss, Donald Herman | $50,000.00 |
| 1578 | Denson, Velma | $40,000.00 |
| 2217 | Detroit Electrical Services, LLC | $248,607.10 |
| 3487 | Detroit Fire Fighters Association, IAFF Local 344 | $186,382.00 |
| 842 | Dillard, James | $200,000.00 |
| 1745 | Dixon,Tiffany | $300,000.00 |
| 1276 | DTE Electric Company f/k/a/ the Detroit Edison Company | $40,257.24 |
| 1274 | DTE Energy Company | $3,240,924.00 |
| 2330 | Duff, Michelle | $39,997.50 |
| 3345 | Duncan,Warren T. | $33,074.05 |
| 2894 | Easley, Gloria | $37,862.50 |
| 2014 | Edwards, Brittany B/h/n/f Dwayne Witheringon | $1,500,000.00 |
| 846 | Edwards, Brittany B/h/n/f Dwyane Witheringon | $300,000.00 |
| 627 | Edwards, Darrick | $150,000.00 |
| 603 | Edwards,Vergiline | $75,000.00 |
| 3685 | Electrical Workers Fringe Benefit Funds of Local #58, IBEW | $175,013.39 |
| 1965 | Ellis, Belinda F. | $500,000.00 |
| 2206 | Ellis, Lunitrice | $450,000.00 |

# REVISED SCHEDULE OF LIQUIDATED AMOUNTS

*Note that, in most cases, the Liquidated Amounts set forth below reflect the amounts asserted in the
applicable proofs of claim.  These amounts may be reduced by any resolution or adjudication of such proofs of claim.*

| Claim Number | Claimant | Liquidated Amount |
|---|---|---|
| 3169 | Ellison, James | $100,000.00 |
| 1033 | Emerson Process Management Power & Water Solutions, Inc. | $468,462.13 |
| 2031 | Estes, Dominica | $65,000.00 |
| 2716 | Evans, Mary | $100,000.00 |
| 759 | Examworks Inc | $38,820.78 |
| 559 | Exander, Poe | $50,000.00 |
| 665 | Fakhoury Law Firm Pc | $88,637.41 |
| 1131 | Farris, Branda | $400,000.00 |
| 2183 | Fenroy, Tammy | $125,000.00 |
| 227 | Fields, Delta | $300,000.00 |
| 552 | Fields,Vincent | $50,000.00 |
| 1484 | Fletcher, Kim D. | $25,914.21 |
| 2574 | Frank Haron Weiner PLC | $28,280.56 |
| 553 | Freeman, Arnold | $50,000.00 |
| 1335 | Garcia, Ricardo | $100,000.00 |
| 3195 | Gardner, Edward D. | $100,000.00 |
| 13 | Gargalino, Shawn | $75,000.00 |
| 1259 | Garrett, Bobbie | $250,000.00 |
| 1990 | Garza, Kimberley A. | $80,000.00 |
| 1075 | General Shale Brock Company | $27,271.94 |
| 3163 | Gerhard, Eady | $32,981.44 |
| 1600 | Ghaleb, Theresa | $200,000.00 |
| 2525 | Gibson, Brian J. | $80,000.00 |
| 976 | Gilstrap, Jenniger | $60,000.00 |
| 2032 | Gjergji, Gjush | $55,000.00 |
| 554 | Glenn Jr., Ralph | $50,000.00 |
| 3118 | Godbott, Darrin | $50,000.00 |
| 2346 | Gonzalez, Carolyn T. | $55,400.00 |
| 927 | Goodwin, Philomena | $637,500.00 |
| 1975 | Gouch, Antoinette | $27,000.00 |
| 1507 | Goudy, Larentinna | $200,000.00 |
| 2314 | Governing Board of the City of Detroit Employee Benefit Plan | $36,314.14 |
| 598 | Government Jobs.Com | $77,800.00 |
| 2727 | Gowens, Shante | $3,000,000.00 |
| 1910 | Green, Glenn | $55,000.00 |
| 1064 | Greer, Abraham and Sandra | $1,500,000.00 |
| 1932 | Grice, Linda | $130,000.00 |
| 699 | Grier & Copeland Pc | $89,049.35 |
| 928 | Guest, Shuntina | $40,000.00 |
| 2357 | Guilbeaux, Debra F | $50,000.00 |
| 177 | Gustafson, Barbara, as Next Friend for Shawn Gustafson, a minor | $35,000.00 |
| 1845 | H.D.V. Greektown, LLC | $1,563,107.76 |
| 1645 | Hall, Angela | $150,000.00 |
| 474 | Hall, Richard | $100,000.00 |
| 1097 | Hall, Richard | $1,000,000.00 |
| 1373 | Hampton, Crystal | $30,000.00 |
| 285 | Hardricks, Elijah | $750,000.00 |
| 3309 | Harold W. Taylor | $37,752.50 |
| 1420 | Harper, Tony A. | $30,000.00 |
| 2169 | Harris, Jerry | $400,000.00 |
| 2533 | Harris, Kimberly | $30,000.00 |
| 1928 | Harris, Lord | $1,000,000.00 |
| 3458 | Harris, Lorraine | $40,000.00 |
| 2733 | Harris, Sammie Kevin | $100,000.00 |
| 1575 | Harris-Barnes, Jennifer | $250,000.00 |
| 1375 | Harvey, Gregory | $75,000.00 |
| 108 | Hassan Hassan | $20,000,000.00 |
| 1574 | Hassan, Henry | $500,000.00 |
| 2908 | Hawkins, Aisha | $30,000.00 |
| 1771 | Heard, Casadaria | $45,000.00 |
| 3081 | Heard, Darwin L. | $35,000.00 |
| 2927 | Hearn, Charlene | $25,750.00 |
| 1389 | Hill, Clark | $45,000.00 |
| 1759 | Holt, Kenneth | $37,500.00 |
| 485 | Horton, Akeila and Thornton, Anthony | $490,000.00 |
| 2244 | Houston Jr., Dwight | $150,000.00 |
| 1068 | Howard & Howard Attorneys PLLC | $90,028.30 |

# REVISED SCHEDULE OF LIQUIDATED AMOUNTS

*Note that, in most cases, the Liquidated Amounts set forth below reflect the amounts asserted in the
applicable proofs of claim. These amounts may be reduced by any resolution or adjudication of such proofs of claim.*

| Claim Number | Claimant | Liquidated Amount |
|---:|---|---:|
| 3405 | Hubbard, Daniel | $26,145.48 |
| 2232 | Hunt, Scecilla | $300,000.00 |
| 2945 | Hunter-Rosier, Elizabeth | $500,000.00 |
| 2651 | Hyde Park Co-Operative | $5,000,000.00 |
| 89 | IBM CORPORATION | $119,726.23 |
| 1302 | Inland Waters Pollution Control, Inc. | $2,000,000.00 |
| 1367 | Iron Mountain Information Management, Inc. | $217,366.80 |
| 3825 | Iron Mountain Information Management, LLC | $227,430.78 |
| 2930 | Ivory, Ebonie | $500,000.00 |
| 3497 | Jackies Transport, Inc. | $53,725.50 |
| 2414 | Jackson, Jacueline M. | $45,287.29 |
| 1074 | Jackson, Lue David | $71,825.81 |
| 2042 | Jackson, Vernell | $75,000.00 |
| 2276 | Jacob, Jessy S. | $505,635.76 |
| 120 | Jarrett,Zenda via her attorneys Gursten, Koltonow, Gursten, Christensen & Raitt PC | $55,000.00 |
| 672 | Jbahi, Ibraham K. | $103,151.20 |
| 2266 | Jefferson, Wendy | $75,000.00 |
| 670 | Jenkins, Albert | $90,000.00 |
| 467 | Jenkins, Albert H. | $90,000.00 |
| 555 | Jennings, Jamal | $50,000.00 |
| 673 | Jiddou, Firas | $202,755.00 |
| 3346 | Joe-Davis, Stephanie | $42,200.00 |
| 2030 | Johnson, Brandy | $33,000.00 |
| 2187 | Johnson, Darton | $100,000.00 |
| 3461 | Johnson, Herman R. | $30,000.00 |
| 3382 | Johnson, Randy | $50,000.00 |
| 1325 | Johnson, Rosalind | $40,000.00 |
| 1412 | Johnson, Shawntay Marlo | $1,000,000.00 |
| 3156 | Johnson, William G. | $500,000.00 |
| 402 | Johnson, William L. | $500,000.00 |
| 1257 | Johnson,Timothy | $250,000.00 |
| 1160 | Jones, Elliot | $250,000.00 |
| 556 | Jones, Lee | $50,000.00 |
| 1817 | Jordan, Sharon K | $29,039.40 |
| 2636 | Joshua III, David | $35,486.84 |
| 1925 | K and P, Incorporated | $1,563,107.76 |
| 1000 | Karcher, Matthew | $35,000.00 |
| 683 | Kearns,Michael | $100,000.00 |
| 2145 | Kelso, Lana | $500,000.00 |
| 3429 | King, Aaron | $30,000.00 |
| 1485 | Knight, Deborah A. | $25,914.21 |
| 1644 | Knight, Roosevelt | $30,000.00 |
| 3106 | Koziara, Joseph S. | $73,555.00 |
| 1922 | Kuplicki, Stephen | $181,495.19 |
| 2312 | Larsen Melvin Lyle | $30,000.00 |
| 539 | Laze, Xhensila | $500,000.00 |
| 2479 | Leaks, Vanda M. | $30,000.00 |
| 2114 | Ledbetter, Joann | $500,000.00 |
| 1002 | Legette, Charnita | $65,000.00 |
| 1150 | Lewis, Antoine | $100,000.00 |
| 766 | Lewis, Walter | $1,000,000.00 |
| 1901 | Limbach Company LLC | $186,837.50 |
| 3476 | Living Arts | $122,500.00 |
| 792 | Llanes, James | $60,000.00 |
| 2562 | Loevy & Loevy | $227,850.00 |
| 170 | Lovati, Susan | $250,000.00 |
| 2717 | Loving, Courtney, Et Al | $35,000.00 |
| 1617 | Lowe, Veina | $325,000.00 |
| 1008 | Luckett, Moses | $55,000.00 |
| 1482 | Lukasik, Robert A. | $32,218.82 |
| 1903 | Lyons, George - Property Owner | $99,712.72 |
| 2496 | Mack, Donell | $50,000.00 |
| 2372 | Macuga, Liddle & Dubin P.C. | $95,418.42 |
| 2372 | Macuga, Liddle & Dubin P.C. | $95,418.42 |
| 2374 | Macuga, Liddle & Dubin P.C. | $520,357.82 |
| 3067 | Macuga, Liddle & Dubin, P.C. | $395,622.09 |
| 2198 | Malone, Mickey | $125,000.00 |

# REVISED SCHEDULE OF LIQUIDATED AMOUNTS

*Note that, in most cases, the Liquidated Amounts set forth below reflect the amounts asserted in the applicable proofs of claim.  These amounts may be reduced by any resolution or adjudication of such proofs of claim.*

| Claim Number | Claimant | Liquidated Amount |
|---|---|---|
| 151 | Manos, Dino | $30,000.00 |
| 567 | Mansfield Patterson JR. as p.r. | $100,000.00 |
| 3008 | Mariners Inn | $49,695.53 |
| 199 | Marks, Robert, Sr. | $32,500.00 |
| 2159 | Martin, Rodney | $100,731.27 |
| 1141 | Mathis, James | $40,000.00 |
| 2133 | McCaa, Kennedy | $500,000.00 |
| 3618 | McClain, Archie | $50,000.00 |
| 3379 | McClain, Kanard D | $30,000.00 |
| 557 | McCloud, Anthony | $50,000.00 |
| 685 | McCracken,Thomas | $100,000.00 |
| 3122 | McCrary, Sarah M. | $27,686.00 |
| 2769 | McDonald, Kendra | $55,393.00 |
| 1605 | Mcdonald, Kevin | $300,000.00 |
| 1640 | McGee, Chantinique | $200,000.00 |
| 3282 | McGore, Sarina | $25,669.44 |
| 2853 | McIntosh, Rebecca | $450,000.00 |
| 2848 | McIntosh, Scott | $125,000.00 |
| 1573 | Mckay, Michael | $42,500.00 |
| 2471 | McKinney, Edgar | $100,000.00 |
| 1133 | McLemore, Tangela | $175,000.00 |
| 3123 | McMillon, Phyllis | $33,971.13 |
| 2274 | Mcpherson, Randall | $30,000.00 |
| 2735 | Members of Association of Professional & Technical Employees | $3,585,000.00 |
| 1762 | Mendelson Orthopedics, PC | $27,964.80 |
| 2044 | Mendez-Velez, Carmen | $250,000.00 |
| 3041 | Mercer,Terence Lamont | $65,000.00 |
| 2958 | Michigan AFSCME Council 25 and its affiliated Detroit Locals | $300,000,000.00 |
| 852 | Michigan Auto Recovery Service | $48,525.00 |
| 187 | Michigan Biotech Partners LLC | $45,600.00 |
| 1464 | Michigan Center for Physical Therapy | $26,440.40 |
| 10 | Michigan Community Action Agency Association | $77,014.00 |
| 806 | Michigan Economic Dev Corp | $402,438.92 |
| 807 | Michigan Economic Dev Corp | $5,081,780.82 |
| 808 | Michigan Economic Dev Corp | $2,000,000.00 |
| 3733 | Michigan State Police | $194,079.00 |
| 2971 | Mid America Evaluation Group Inc | $72,872.00 |
| 630 | Migliori, Sebastian | $30,000.00 |
| 1930 | Miles II, Shawn D. | $40,000.00 |
| 3174 | Milewski, Brendan J | $190,000.09 |
| 3001 | Miller, Jason E | $55,000.00 |
| 1525 | Milliner, Mary | $36,479.01 |
| 1534 | Milliner, Mary | $245,000.00 |
| 3289 | Minniefield, Cheryl | $2,000,000.00 |
| 3294 | Minniefield, Cheryl | $500,000.00 |
| 2992 | Mitchell Jr., Alvin J. | $40,010.00 |
| 2632 | Mitchell, LaQuitsha D | $100,000.00 |
| 141 | Mitchell, Vivian | $250,000.00 |
| 440 | Moore, Christopher | $40,000.00 |
| 2098 | Moore, JaJuan | $50,000.00 |
| 1795 | Moore, Nedria G. | $30,000.00 |
| 3071 | Moore, Sharon | $50,000.00 |
| 2120 | Moore, Woodrow | $250,000.00 |
| 88 | Morton Salt | $288,483.55 |
| 843 | Mosley, Shelia | $2,750,000.00 |
| 654 | Neal, Bridgette | $52,500.00 |
| 1550 | Nelson, Shira, by Guardian Equania Nelson | $200,000.00 |
| 2686 | New Grace Spinal Rehabilitation, PLLC | $143,569.47 |
| 394 | Newell, Jamal | $500,000.00 |
| 3210 | Nixon-Lewis, Serina | $250,000.00 |
| 1271 | Noblett, Michael | $80,000.00 |
| 142 | Norfolk Southern Railway Company | $36,128.73 |
| 3416 | Norman, Twain | $75,000.00 |
| 2780 | Nunley,Thomas M. | $28,724.24 |
| 836 | Ohakpo, Simeon | $1,400,000.00 |
| 2979 | Oliver Jr, Robert L | $62,000.00 |
| 1740 | Oliver Jr., Bill | $100,000.00 |

# REVISED SCHEDULE OF LIQUIDATED AMOUNTS

*Note that, in most cases, the Liquidated Amounts set forth below reflect the amounts asserted in the
applicable proofs of claim. These amounts may be reduced by any resolution or adjudication of such proofs of claim.*

| Claim Number | Claimant | Liquidated Amount |
|---|---|---|
| 3786 | Omega Rehab Services, LLC | $36,316.96 |
| 3203 | Oneal, Sandra R. | $56,685.84 |
| 2295 | Onuigbo, Diane L | $60,805.40 |
| 3211 | Ortiz, Stacey, Personal Representative of the Estate of Jason D. Baker, Deceased | $1,000,000.00 |
| 1604 | Parnell, Taesean a minor by his next friend Corliss Thomas | $350,000.00 |
| 12 | Payne, Jessie | $2,980,000.00 |
| 2194 | Peagler, Norman | $150,000.00 |
| 558 | Peeples, Eric | $50,000.00 |
| 1792 | Pembroke-Brown,Teresa | $40,298.06 |
| 2966 | Pennington, Audrey | $90,000.00 |
| 1520 | Pennington, LaTonya | $25,498.35 |
| 3079 | Perry, Vivian S. | $33,695.76 |
| 2091 | Person, Rodney | $500,000.00 |
| 2265 | Peterson, Heidi (plaintiff in Wayne County Circuit Court) | $205,043.77 |
| 2269 | Peterson, Heidi (Plaintiff in Wayne County Circuit Suit Against Water Department/City et. al.) | $250,000.00 |
| 2275 | Peterson, Heidi (Plaintiff in Wayne County Circuit Suit Against Water Department/City et. al.) | $40,000.00 |
| 2015 | Peterson, Jeffrey | $400,000.00 |
| 1465 | Peterson, Ronnie | $75,000.00 |
| 1732 | Pettway, Sharon | $55,000.00 |
| 1255 | Pharr, Patricia | $35,000.00 |
| 2221 | Physiomatrix, Inc. | $28,535.00 |
| 2225 | Physiomatrix, Inc. | $41,105.00 |
| 2313 | Pitt McGehee Palmer & Rivers, PC | $29,375.00 |
| 1784 | Poe, Cassandra E. | $120,000.00 |
| 1006 | Poindexter, Jessica | $50,000.00 |
| 3378 | Porter, Alphonso | $90,000.00 |
| 849 | Powell, Mary | $75,000.00 |
| 1947 | Prather II, Hayward R. | $35,500.00 |
| 2458 | Prodigy Spinal Rehabilitation Inc | $177,810.80 |
| 2352 | Property Owner | $80,000.00 |
| 2965 | Pryor, Gail | $41,240.34 |
| 1882 | Purcell, Demetira | $30,000.00 |
| 2814 | Purdue, Estate of Jo Ella | $250,000.00 |
| 3 | Quill.com | $68,283.70 |
| 102 | Rainbow Rehabilitation Center | $32,082.00 |
| 1739 | Ramirez, Patricia | $1,500,000.00 |
| 1858 | Randle, Zachary | $29,733.58 |
| 1650 | Rasnick, Donald | $296,606.03 |
| 3131 | Ratliff, Antonio D. | $300,000.00 |
| 3583 | Readous, Wendy n/f of Tamiah Green | $50,000.00 |
| 889 | Record Copy Services | $56,291.95 |
| 2106 | Rhone, Sidney | $1,500,000.00 |
| 2181 | Rias, Dwayne | $195,000.00 |
| 3316 | Richmond, Farrad | $50,000.00 |
| 669 | Riggins, Robert | $82,500.00 |
| 561 | Rivera, David | $50,000.00 |
| 2961 | Robbins,Tanzia | $93,525.00 |
| 864 | Robertson, Ivas | $300,000.00 |
| 2002 | Robinson, Jennifer | $45,000.00 |
| 2027 | Robinson, Lucreasi | $75,000.00 |
| 3395 | Rogers Davis,Robert | $90,578.00 |
| 1518 | Rogers, Jason | $40,000.00 |
| 694 | Rose, Jonathan Thomas-gregory | $500,000.00 |
| 3207 | Ross, Gregory | $250,000.00 |
| 609 | Roulo, Thomas | $250,000.00 |
| 922 | Rubenstein Isaacs Pc | $101,422.30 |
| 1729 | Rupert, Erin | $200,000.00 |
| 1405 | Russell, Major L. | $1,000,000.00 |
| 2859 | SAAA Union - Members | $198,734.00 |
| 1348 | Sawsan, Mohamed | $250,000.00 |
| 1776 | Scaife, Thelma | $50,000.00 |
| 1849 | Schenburn, Edward | $30,000.00 |
| 925 | Scott, Marvella | $100,000.00 |
| 1397 | Scott, Tamesha, a minor by her litigation guardian, Shawntay Marlo Johnson | $75,000.00 |
| 1395 | Scott, Terry, a minor by his litigation guardian Shawntay Marlo Johnson | $75,000.00 |
| 560 | Shack, Samuel | $50,000.00 |
| 1857 | Shafer & Associates, P.C. | $1,563,107.76 |

# REVISED SCHEDULE OF LIQUIDATED AMOUNTS

*Note that, in most cases, the Liquidated Amounts set forth below reflect the amounts asserted in the applicable proofs of claim.  These amounts may be reduced by any resolution or adjudication of such proofs of claim.*

| Claim Number | Claimant | Liquidated Amount |
|---:|---|---:|
| 2203 | Shahid, Mohamed | $185,000.00 |
| 1974 | Shelton, Dewitt | $28,000.00 |
| 354 | Shelton, Maxine | $2,000,000.00 |
| 86 | Siemens Water Technologies, LLC | $70,000.00 |
| 3068 | Simmons, Anthony | $241,325.00 |
| 802 | Sims, Alicia | $225,000.00 |
| 145 | Sisco, Lonciann | $75,000.00 |
| 1208 | Sky Group Grand, LLC | $1,465,409.79 |
| 3816 | Sky Group Grand, LLC | $5,447,749.44 |
| 2403 | Smith & Wesson Corp | $113,811.88 |
| 2667 | Smith II, Jermaine | $30,000.00 |
| 1775 | Smith, Anthony Derrick | $60,805.40 |
| 2849 | Smith, Autumn | $450,000.00 |
| 2200 | Smith, Clarence D. | $137,500.00 |
| 2415 | Smith, Gregory K.S. | $25,914.21 |
| 2205 | Smith, Gretchin | $450,000.00 |
| 1827 | Smith, Keenan | $380,015.36 |
| 2424 | Smith, Lisa | $26,000.00 |
| 1440 | Smith, Reno | $75,000.00 |
| 1594 | Smith, Taralyn | $75,000.00 |
| 1818 | Smith, Taralyn | $150,000.00 |
| 693 | Southeast Michigan Council of Governments (SEMCOG) | $28,130.00 |
| 1632 | Spencer, Yvette | $300,000.00 |
| 3451 | Spicer, Kim | $204,272.75 |
| 628 | Sprint Corp. | $277,784.77 |
| 871 | St. Martins Cooperative | $390,940.75 |
| 2185 | Stallworth, Lula | $100,000.00 |
| 787 | Stanley, Sherell S. | $750,000.00 |
| 2603 | Stanley, Sherell Shawnee | $987,525.00 |
| 2329 | Starkey, DeAndre | $40,000.00 |
| 3697 | State of Michigan | $366,514.10 |
| 3712 | State of Michigan, Department of Community Health | $1,805,725.77 |
| 3767 | State of Michigan, Department of Community Health | $789,924.00 |
| 3764 | State of Michigan, Department of Human Services | $11,949,405.00 |
| 3766 | State of Michigan, Department of Human Services | $597,040.00 |
| 3709 | State of Michigan, Department of Human Services, Bureau of Comm. Action & Economic Opp. | $2,114,768.70 |
| 3731 | State of Michigan, Department of Transportation | $62,132.00 |
| 3742 | State of Michigan, Department of Transportation | $673,096.87 |
| 3750 | State of Michigan, Dept. of Environmental Quality | $203,810.63 |
| 3751 | State of Michigan, Dept. of Environmental Quality | $1,505,684.00 |
| 3283 | Steele, Natasha | $30,000.00 |
| 827 | Stenbom, Maria | $2,000,000.00 |
| 2094 | Stewart, LaNeta | $80,000.00 |
| 1772 | Strange, Hope | $39,698.06 |
| 844 | Street-Gilbert, Joera | $250,000.00 |
| 1454 | Suell, Geraldine | $45,000.00 |
| 3222 | Sumo, Quewou | $33,000.00 |
| 856 | Superior Investment Group, Llc | $44,960.00 |
| 1852 | Synergy Spine and Orthopedic Surgery Center LLC | $34,008.00 |
| 3048 | Talbert, Sheree | $30,302.50 |
| 2041 | Taylor,Tamara | $40,000.00 |
| 282 | Tech Town | $966,472.00 |
| 1599 | Tharpe, Phyllis | $500,000.00 |
| 894 | The Detroit Medical Center, as agent for Harper-Hutzel Hospital | $69,247.40 |
| 1390 | The Realty Company | $589,490.02 |
| 481 | The Sam Bernstein Law Firm | $165,000.00 |
| 1378 | Thomas, Laverne | $400,000.00 |
| 2323 | Thomas, Randall | $39,997.10 |
| 1646 | Thompson, Keith | $30,000.00 |
| 1641 | Thompson, Raymond | $150,000.00 |
| 2964 | Thornton, Marvin | $200,000.00 |
| 530 | Todd, Jr., Ira Lee | $3,297,471.00 |
| 2201 | Torres, Daniel | $100,000.00 |
| 3440 | Townsend, Evangeline | $30,000.00 |
| 1441 | Tramel, Norman | $36,350.00 |
| 3154 | Trivedi, Ranna K. | $27,437.00 |
| 2279 | Tulik, Mark | $40,000.00 |

# REVISED SCHEDULE OF LIQUIDATED AMOUNTS

*Note that, in most cases, the Liquidated Amounts set forth below reflect the amounts asserted in the applicable proofs of claim.  These amounts may be reduced by any resolution or adjudication of such proofs of claim.*

| Claim Number | Claimant | Liquidated Amount |
|---:|---|---:|
| 3116 | Turner, Christopher | $100,000.00 |
| 848 | Turner, Corey | $350,000.00 |
| 496 | Turner, Omar Jackson, Renette, AJ & Associates at Law | $50,000.00 |
| 3464 | Turner, Pamela | $350,000.00 |
| 114 | Turner, Rhonda | $1,000,000.00 |
| 3657 | U.S. Equal Employment Opportunity Commission | $200,000.00 |
| 3658 | U.S. Equal Employment Opportunity Commission | $204,572.41 |
| 3659 | U.S. Equal Employment Opportunity Commission | $207,587.67 |
| 3660 | U.S. Equal Employment Opportunity Commission | $55,658.90 |
| 3661 | U.S. Equal Employment Opportunity Commission | $100,000.00 |
| 3662 | U.S. Equal Employment Opportunity Commission | $115,769.80 |
| 3663 | U.S. Equal Employment Opportunity Commission | $200,000.00 |
| 3664 | U.S. Equal Employment Opportunity Commission | $100,000.00 |
| 3665 | U.S. Equal Employment Opportunity Commission | $122,531.55 |
| 112 | Uddin, Rafuth, a Minor, by His Next Friend, Rehan Uddin | $50,000.00 |
| 3719 | United States Department of Housing and Urban Development | $112,384.28 |
| 3773 | United States Department of Housing and Urban Development | $2,670,774.06 |
| 23 | USAA Insurance | $47,079.29 |
| 2601 | Van Dyke Spinal Rehabilitation | $61,829.19 |
| 1003 | Vann, Lolita | $55,000.00 |
| 822 | Varnum Riddering Schmidt | $43,148.91 |
| 1798 | Vaughn, Tamiko | $75,000.00 |
| 2109 | Walker, Kevin | $500,000.00 |
| 3073 | Walker, Laurie | $60,000.00 |
| 2898 | Walker, Lenetta | $25,223.00 |
| 3381 | Walker,Shirley W | $29,000.00 |
| 132 | Wallace, Wilda | $50,000.00 |
| 996 | Warren, Joy as next friend of Jalen Warren, a minor | $100,000.00 |
| 1307 | Washington, Jaylen | $50,000.00 |
| 392 | Washington, Johnnie | $500,000.00 |
| 2497 | Weaver, Daryl | $50,000.00 |
| 2506 | Weaver, Daryl | $50,000.00 |
| 3097 | Weber Block LLC | $1,000,000.00 |
| 5 | Wells Fargo Financial Leasing, Inc. | $26,588.81 |
| 633 | Weston, Cab C. | $75,000.00 |
| 863 | Wheeler, Fred Douglas | $57,360.00 |
| 1589 | White, Bernard | $60,000.00 |
| 862 | White, Ramona F. | $50,000.00 |
| 1653 | White, Terecia | $175,000.00 |
| 2110 | Whitfield, Carlton | $130,000.00 |
| 1595 | Wilburn, Tarita | $170,000.00 |
| 1613 | Wilburn-Little, Jenita | $200,000.00 |
| 1802 | William Acosta, PLLC | $168,075.40 |
| 2282 | Williams Acosta, PLLC | $139,752.01 |
| 2184 | Williams Jr., Charley | $100,000.00 |
| 121 | Williams, Angelia | $5,000,000.00 |
| 393 | Williams, Anthony | $500,000.00 |
| 407 | Williams, Charles W. | $500,000.00 |
| 1898 | Williams, Denise | $30,000.00 |
| 2524 | Williams, Gloria | $2,000,000.00 |
| 3279 | Williams, Keith | $10,000,000.00 |
| 965 | Williams, La-sheryl, | $40,000.00 |
| 1689 | Williams, Mark | $50,000.00 |
| 1434 | Williams, Michael A | $26,500.00 |
| 3362 | Williams, Shannon | $75,000.00 |
| 3437 | Williams, Shawn | $50,000.00 |
| 2190 | Williams, Troy | $50,000.00 |
| 2182 | Williams,Vashay | $150,000.00 |
| 2045 | Williams-Carter, Katrinia | $80,000.00 |
| 573 | Williamson, Decarlos | $1,000,000.00 |
| 572 | Williamson, Tracy (p.r. Of Williamson, Decarlos) | $100,000.00 |
| 2118 | Willis, Deborah | $100,000.00 |
| 1138 | Wilmington Trust, National Association, as successor Contract Administrator | $644,277.66 |
| 3596 | Wilson, Reginald | $90,000.00 |
| 1734 | Wilson, Victoria | $200,000.00 |
| 335 | Winston, Quincy L. | $1,900,000.00 |
| 2353 | Wojnarski, Joanne | $750,000.00 |

# REVISED SCHEDULE OF LIQUIDATED AMOUNTS

*Note that, in most cases, the Liquidated Amounts set forth below reflect the amounts asserted in the applicable proofs of claim. These amounts may be reduced by any resolution or adjudication of such proofs of claim.*

| Claim Number | Claimant | Liquidated Amount |
|---|---|---|
| 2397 | Wojnarski, JoAnne, Personal Representative of the Estate of Jerry Willcockson, Deceased | $150,000.00 |
| 3100 | Wojnarski, JoAnne, Personal Representative of the Estate of Jerry Willcockson, Deceased | $150,000.00 |
| 3232 | Wolak, Steven, as Personal Representative of the Estate of Christopher Wolak, Deceased | $3,000,000.00 |
| 2552 | Wolf Jr., Cloyd | $50,000.00 |
| 1039 | Wolske, Michael Allen | $2,000,000.00 |
| 1603 | Woods, Jay | $210,750.00 |
| 2546 | Woody, John | $125,473.00 |
| 3340 | Wooten, Walter | $80,000.00 |
| 2231 | Worde, Mark | $200,000.00 |
| 128 | Wright, Anna c/o Leonard M. Koltonow | $430,000.00 |
| 116 | Xerox Corporation | $106,507.79 |
| 3010 | Yarborough, Shardaye, a Minor, by Her Mother and Next Friend Charmane Alvis | $250,000.00 |
| 3121 | Zyrron Demetric Collins | $100,000.00 |
| **TOTAL** | | **$967,997,152.05** |

# EXHIBIT C

# REVISED SCHEDULE OF RECLASSIFICATION CLAIMS

| Claim Number | Claimant | Claim Amount |
|---|---|---|
| 1171 | Assured Guaranty Corp | Unliquidated |
| 1169 | Assured Guaranty Municipal Corp. | $2,037,867.00 |
| 2970 | Dexia Credit Local | $255,000,000.00 |
| 3592 | Fitzgerald, Susan | $50,000.00 |
| 806 | Michigan Economic Dev Corp | $402,438.92 |
| 807 | Michigan Economic Dev Corp | $5,081,780.82 |
| 808 | Michigan Economic Dev Corp | $2,000,000.00 |
| 3508 | Morreale, Jerome | $5,000.00 |
| 3652 | Murowski, Marie C  & Andrea Murowski JT | $45,000.00 |
| 3496 | Salgado-Galicia, Hector J. | $8,695.00 |
| 3690 | Shaw, James G. | $50,000.00 |
| 3714 | United States Department of Housing and Urban Development | $1,837,217.00 |
| 3716 | United States Department of Housing and Urban Development | $10,371,138.25 |
| 3655 | Westerbeck, Kent | $30,000.00 |
| ~~1138~~ | ~~Wilmington Trust, National Association, as successor Contract Administrator~~ | ~~$803,702,214.66~~ |

# EXHIBIT D

| Claim Number | Claimant |
|---:|---|
| 2259 | Armstrong, Alexis |
| 1728 | Cannon, Vincent via his attorneys, Gursten, Koltonow, Gursten, Christensen & Raitt, P.C. |
| 2273 | Chambers, Theotrice |
| 124 | Charter Township of Plymouth |
| 2833 | Class Claimants |
| 2994 | Darrah, Lucinda J. |
| **3485** | **Detroit Fire Fighters Association, IAFF Local 344** |
| **3493** | **Detroit Fire Fighters Association, IAFF Local 344** |
| **3681** | **Detroit Fire Fighters Association, IAFF Local 344** |
| 1735 | Doe, K.S. |
| 866 | Fountain Court Consumer Housing Cooperative |
| 2931 | Johnson-woods, Linda |
| 2822 | Joliet Town Houses Cooperative Association |
| 2490 | Jones, Valine B/n/f Jones, Arnaz |
| 1631 | Kelly, Toyia Personal Rep of Estate of Kevin Ivie |
| 2863 | Lafayette Town Houses, Inc. |
| 2825 | Lasalle Town Houses Cooperative Association |
| 2264 | McCormick, Letha |
| 3426 | Miller, Kevin |
| 2706 | Moore Jr., David |
| 3428 | Moore, Jerome |
| 3798 | Murriel, Bridget |
| 3799 | Murriel, Bridget |
| 2828 | Nicolet Town Houses Cooperative Association |
| 3468 | Roseman, Mark and Luzater |
| 1624 | Soto, Daniel |
| 2823 | St. James Cooperative |
| 2268 | Stevenson, Kenyata |
| 2263 | Truelove, Omar |
| 323 | Whitaker, Mary |
| 1468 | Williams Jr., Ronald |

## CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing *Consolidated Reply in Support of Motion of the City of Detroit, Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code and Bankruptcy Rule 3021, for an Order Approving Reserve Amounts for Certain Disputed or Unliquidated Unsecured Claims in Connection with Distributions to Be Made Under the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* was filed and served via the Court's electronic case filing and noticing system on this 10th day of April, 2015.


/s/  Heather Lennox_____