UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION- DETROIT

In re:

CITY OF DETROIT, MICHIGAN

        Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Thomas J. Tucker

## CITY OF DETROIT WATER AND SEWERAGE DEPARMENT'S BRIEF IN SUPPORT OF OBJECTION TO CLAIM NUMBER 3451 FILED BY KIM SPICER

### FACTS

On January 2, 2013, Kim Lamar Spicer ("Spicer") filed a charge of employment discrimination against the City of Detroit ("City"), specifically the City of Detroit Water and Sewerage Department ("DWSD"), with the United States Equal Employment Opportunity Commission ("EEOC") alleging that "since August 22, 2012, the City of Detroit has discriminated against him because of his race and his complaints about race discrimination in violation of Title VII, and failed to pay him wages or salaries." *See* Claim Number 3657.

After a charge of employment discrimination is filed with the EEOC, the EEOC investigates the charge by, among other things, interviewing the employer and gathering additional documents. 29 CFR 1601.1, *et seq.* During the time the

EEOC was investigating Spicer's charge, the City filed its voluntary petition for relief under Chapter 9 of the United States Bankruptcy Code with this Court.

DWSD is a department of the City that has operational independence from the City in the areas of purchasing, human resources, law, and finance, pursuant to certain orders entered in the case *United States of America v. City of Detroit, et. al.*, United States District Court for the Eastern District of Michigan, Case No. 77-71100. Such orders permit DWSD to retain counsel independent from the City's.

On November 21, 2013, this Court issued an Order, Pursuant to Section 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof, which established deadlines to file certain proofs of claim in this case ("Bar Date Order"). The Bar Date Order set a deadline of February 21, 2104 to file proofs of claim (except claims of governmental units).

On December 24, 2013, this Court issued an Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Doc. No. 2302) ("ADR Order").

On February 21, 2014, Spicer filed Claim Number 3541 ("Spicer's Claim"). Spicer's Claim seeks $204,272.75. The stated basis for Spicer's Claim is "Discrimination Based on Race and Retaliation."

On March 19, 2014, the EEOC, by and through attorney Dale Price, filed Claim Number 3657 ("EEOC's Claim"). The EEOC's Claim was filed "to protect the interests of the Commission should it determine that there is reasonable cause to believe the law had been violated." *See* Doc. No. 9122. The EEOC's Claim was based on the same charge as Spicer's Claim, requested the same monetary relief ($204,272.75) as Spicer's Claim, and also indicated that $4,272 was entitled to priority under 11 U.S.C. §507(a)(4).

After the claims bar date lapsed, the City assigned certain unliquidated DWSD related claims to DWSD; Spicer's Claim was one of those claims. DWSD retained Steven H. Schwartz & Associates, P.L.C. to liquidate Spicer's Claim on DWSD's behalf in accordance with the ADR Order.

On April 11, 2014, Steven H. Schwartz & Associates, P.L.C. served an ADR Notice[1] on Spicer. In the ADR Notice, Spicer was offered an allowed general unsecured nonpriority claim in the amount of $1.00 and stated that the deadline to respond to the offer was May 9, 2014. At the time the ADR Notice was served on Spicer, Steven H. Schwartz & Associates, P.L.C. was not aware that the EEOC's Claim was filed.

---

[1] Capitalized terms not otherwise defined herein have the meaning given to them in the ADR Order.

On May 6, 2014, Spicer returned the ADR Notice indicating that he rejected the settlement offer included in the ADR Notice and made a counter offer seeking an allowed general unsecured claim in the amount of $153,204.75.

Subsequently, Steven H. Schwartz & Associates, P.L.C. became aware of the EEOC's Claim and, on June 10, 2014, Dale Price was served with an ADR Notice for the EEOC's Claim; likewise being offered $1.00. Spicer was listed as the Designated Claimant in the ADR Notice.

On June 23, 2014, the EEOC dismissed the charge that was the basis for the EEOC's Claim because, after its investigation, it did not find a violation of the law and sent Spicer a Dismissal and Notice of Rights ("Notice of Right to Sue"), which granted Spicer permission to file a lawsuit against DWSD based on the charge within 90 days from the date of the Notice of Right to Sue. The EEOC however did not withdraw the EEOC's Claim.

On July 15, 2014, a Notice of Case Evaluation was issued to Dale Price, as attorney of record for Spicer's Claim and the EEOC's Claim, and filed with the ADR Clerk. Spicer's Claim and the EEOC's Claim were to be evaluated at the same Case Evaluation Hearing scheduled for September 29, 2014 as they were duplicate claims.

On September 15, 2014, which was exactly two weeks before the Case Evaluation Hearing and after Steven H. Schwartz & Associates, P.L.C. served its

Case Evaluation Brief upon the ADR Clerk and Mr. Price, Mr. Price notified Steven H. Schwartz & Associates, P.L.C. and the ADR Clerk that the EEOC was not pursuing the EEOC's Claim because the EEOC had concluded its investigation and sent Spicer a Notice of Right to Sue. This was when Steven H. Schwartz & Associates, P.L.C. was advised that Spicer was issued a Notice of Right to Sue.

Dale Price appeared for the September 29, 2014 Case Evaluation Hearing to attend to two other claims the EEOC had before the Case Evaluation panel, but he did not appear for the Spicer matter. Spicer, likewise, did not attend the Case Evaluation Hearing. The Case Evaluation panel valued Spicer's claim in the amount of $100.[2] On or about October 30, 2014, the results of the Evaluation were sent to the parties. DWSD accepted the Evaluation. Neither Mr. Price nor Spicer responded to the Evaluation and the Evaluation was deemed rejected.

On December 30, 2014, DWSD filed an Objection to Spicer's Claim ("Objection"). The EEOC's Claim was also included in the Objection, but the objection the EEOC's Claim was subsequently resolved by stipulation. See Doc. No. 9620. In the Objection, DWSD requested entry of an order disallowing Spicer's Claim. On or about January 27, 2015, Spicer filed a response to the

---

[2] Case evaluation generally involves the parties presenting the merits of their case or defense to a three member panel of attorneys. At the conclusion of the hearing, the panel issues a monetary value at which it has concluded the parties should settle. The parties then have 28 days to accept or reject the award. If both parties accept, then the case is concluded. If either party rejects, litigation continues.

Objection simply stating that that he "do[es] not want the court to grant the relief requested in the Objection."

A hearing on the Objection was originally scheduled for March 19, 2015. On March 2, 2015, the hearing on the Objection was adjourned to April 8, 2015. At the hearing on the Objection, this Court requested a brief from DWSD outlining the relief permitted by the ADR Order and the effect of 11 U.S.C. §108(c) as it relates to Spicer's failure to file a lawsuit after the Notice of Right to Sue was sent by the EEOC. DWSD files this Brief in accordance with the Court's request at the April 8, 2015 hearing.

## **ARGUMENT**

### I. **The Claim Should be Disallowed Because Spicer Failed to Comply with the ADR Procedures.**

Section II(G) of the ADR Procedures provides for the following relief if a Designated Claimant fails to comply with the ADR Procedures:

> If a Designated Claimant fails to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or an abandonment of or failure to prosecute the Designated Claim, or both. Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or in part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees and costs to the City.

The ADR Order does not provide a mechanism to bring the issue before the Court if a party failed to comply with the ADR Procedures. DWSD filed a claim objection as that is what is provided for by the ADR Order if a Designated Claim, like Spicer's Claim, is not resolved through the ADR Procedures. *See* Paragraph 12 of the ADR Order. Furthermore, a claim objection was the logical way to bring the Spicer's failure to comply with the ADR Procedures to the Court's attention and to assert the additional basis for disallowance of Spicer's Claim, which is discussed in detail in Section II of this Brief.

The Court should find that Spicer's failure to comply with the ADR Procedures was a violation of the ADR Order and disallow the claim as permitted by Section 11(G) of the ADR Procedures. Spicer participated in the Offer Exchange Procedures, but did not participate in Case Evaluation. Furthermore, Spicer did not attend the Case Evaluation Hearing. The ADR Procedures require that all parties participate in Case Evaluation and attend the Case Evaluation Hearing.

### II. The Claim Should be Disallowed Under 11 U.S.C. §503(b)(1) Because The Claim is Unenforceable Under Applicable Law Due to Spicer's Failure to Timely Initiate a Lawsuit

On June 23, 2014, the EEOC sent Spicer a Dismissal and Notice of Suit Rights ("Notice of Right to Sue"). The Notice of Right to Sue provides, in relevant part:

> This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost.

There is a presumption that a Notice of Right to Sue is received five days after it is mailed. *See* 20 C.F.R. §422.210(c). If the presumption is utilized in this case, Spicer had until September 26, 2014 to file a lawsuit based upon the charge.

During the 90 period that Spicer had to initiate the lawsuit pursuant to the Notice of Right to Sue, the automatic stay and the ADR Injunction were in place. Pursuant to the ADR Order, the ADR Injunction expires when the ADR Procedures have been completed as to a claim. *See* Paragraph 6 of the ADR Order. The ADR Procedures provide that the ADR Completion Date for Unresolved Designated Claims, like the Claim at issue, is the Case Evaluation Termination Date. The Case Evaluation Termination Date for the Claim was November 25, 2014.[3]

The automatic stay was terminated in this case on December 10, 2014, which was the Effective Date of the City's Plan of Adjustment. Relevant case law indicates that Section 108(c) of the Bankruptcy Code grants an additional 30 days after the termination or expiration of the automatic stay to

---

[3] The ADR Procedures provide that if one or both parties rejects the Evaluation, then the parties shall have a further 28 days to negotiate a consensual settlement of the Designated Claim and the end of the 28 period is the Case Evaluation Termination Date.

file a lawsuit under Title VII of the Civil Rights Act. *See*, for example, *Neal v. Keystone Steel & Wire*, 2007 U.S. Dist. LEXIS 62539 (August 24, 2007) and *Kakkanathu v. Rohn Indus., Inc.*, 2008 U.S. Dist. LEXIS 17585 (March 7, 2008).

Section 108(c) of the United States Bankruptcy Code provides:

(c) Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1201 or 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of-

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim.

Thus, pursuant to Section 108(c)(2) of the Bankruptcy Code, Spicer had until January 9, 2015 to file a lawsuit based upon the charge, which was the basis for Spicer's Claim; Spicer never filed a lawsuit. Pursuant to the Notice of Right to Sue, which is based upon federal law (42 U.S.C.§2000e-5(f)(1)), Spicer has lost his right to initiate a lawsuit based upon the charge.

Under 11 U.S.C. §502(b)(1), a bankruptcy court may disallow a claim if such claim is unenforceable against the debtor under applicable law.

Under federal law, Spicer is prohibited from ever initiating a lawsuit based upon the Spicer's Claim against the City and DWSD; therefore, Spicer's Claim should be disallowed in accordance with 11 U.S.C. §502(b)(1).

## **REQUEST FOR RELIEF**

DWSD respectfully requests that this Honorable Court disallow Spicer's Claim for failure to comply with the ADR Procedures, in accordance with Section II(G) of the ADR Procedures, or disallow Spicer's Claim because Spicer's Claim is unenforceable against DWSD under applicable law, in accordance with 11 U.S.C. §502(b)(1), or both, and grant such other and further relief as this Court deems just and proper considering the facts and circumstances of this case.

Respectfully Submitted,

KILPATRICK & ASSOCIATES, P.C.

 _/s/ Shanna M. Kaminski_
RICHARDO I. KILPATRICK (P35275)
SHANNA M. KAMINSKI (P74013)
Attorneys for the City of Detroit Water
and Sewerage Department
615 Griswold, Ste. 1305
Detroit, Michigan 48226
(313) 963-2581
ecf@kaalaw.com

Dated: April 22, 2015

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION-DETROIT

In re:

CITY OF DETROIT, MICHIGAN

        Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Thomas J. Tucker

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2015, I electronically filed, the City of Detroit Water and Sewerage Department's Brief in Support of Objection to Claim Number 3451 Filed by Kim Spicer, which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case, and mailed a copy of the City of Detroit Water and Sewerage Department's Brief in Support of Objection to Claim Number 3451 Filed by Kim Spicer via first class mail to the following:

Kim Spicer
29357 Sandalwood
Roseville, Michigan 48066

                                                       _/s/ Shanna M. Kaminski_____
                                                        Shanna M. Kaminski (P74013)