# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

```
------------------------------------------------- x
                                                  :   Chapter 9
In re                                             :
                                                  :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                        :
                                                  :   Hon. Thomas J. Tucker
                         Debtor                   :
------------------------------------------------- x
```

## DEBTOR'S FIFTEENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (No Basis Claims)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

> **SPECIAL NOTICE REGARDING PENSION CLAIMS, RETIREE HEALTHCARE CLAIMS AND CERTAIN OTHER CLAIMS: THIS OBJECTION DOES NOT AFFECT ANY CLAIM (INCLUDING PENSION CLAIMS AND RETIREE HEALTHCARE CLAIMS) THAT IS NOT SUBJECT TO THE TREATMENT PROVIDED FOR CLAIMS IN CLASSES 3, 14 OR 15 UNDER THE PLAN. SEE PAGES 5-6 OF THIS OBJECTION FOR MORE INFORMATION.**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claims (the "Objection") and its request for an order disallowing certain claims on the basis that they do not identify a valid basis for any liability of the City, substantially in the form attached hereto as Exhibit 1, respectfully states as follows:

1

4819-6952-2467.1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest Chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Dkt. No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under Chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Dkt. No. 1946).

5. On November 12, 2014, this Court entered an Order Confirming the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Dkt. 8272) (the "Plan").

6. The Plan became effective on December 10, 2014 (the "Effective Date").

7. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Dkt. No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

8. On July 9, 2014, this Court entered its *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* (Dkt. No. 5872) (the "Claims Procedures Order"), allowing the City to file an omnibus objection with respect to claims which do not identify a valid basis for any liability of the City. (Claim Procedures Order at 2.)

9. Each of the Claims listed on Exhibit 2 do not identify a valid basis for any liability of the City ("No Basis Claims").

10. Notwithstanding the fact that many of the claimants did not provide sufficient supporting documentation for their claims, the City reviewed each of the No Basis Claims and determined that there was no potential liability on the part of the City on the basis stated in the respective proofs of claim.

## **RELIEF REQUESTED**

11. The City files this Objection pursuant to the Bar Date Order, Sections 502(b) of the Bankruptcy Code[1], Rule 3007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Claims Procedures Order, seeking entry of an order disallowing and expunging the No Basis Claims set forth in Exhibit 2 annexed hereto because they do not identify a valid basis for any liability of the City for the reasons set forth on Exhibit 2.

12. To the extent the Court does not disallow one or more of the No Basis Claims on the basis that they were filed without identifying a valid basis for any liability of the City, the City reserves all of its rights to object, on any basis, to any of the No Basis Claims, including beyond those bases set forth in this Objection.

---

[1] Sections 502 of the Bankruptcy Code are made applicable to Chapter 9 proceedings through Section 901(a) of the Bankruptcy Code.

## BASIS FOR RELIEF REQUESTED

13. Only proofs of claim that comply with Bankruptcy Rule 3001 are presumed to be valid in the amount filed. Bankruptcy Rule 3001(f).

14. In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (citing *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

15. The City has reviewed each of the No Basis Claims, the stated basis, and the available data sources in order to determine whether such claim may be valid and outstanding, including: the City's Vendor Database, the City's accounts payable records, the City's disbursement records, and the City's lists of active and retired employees (collectively, the "Data Sources"). In each case, the City has confirmed that the claims do not identify a valid basis for any liability of the City, even after it reviewed the Data Sources in order to determine whether there was a potential basis for the claim.

16. The Declaration of John Naglick, Finance Director with the City of Detroit, (the "Declaration") explains the process undertaken by the City and confirms that none of the No Basis Claims identify a valid basis for any liability of the City. *See Declaration of John Naglick*, attached hereto as Exhibit 3.

17. The claimants who filed the No Basis Claims have failed to meet the requirements of Bankruptcy Rule 3001(f) because they do not identify a valid basis for any liability of the City. Therefore, the No Basis Claims should be disallowed and expunged.

18. The Claims Procedures Order and Bankruptcy Rule 3007(c) allow the City to file this Objection as an omnibus objection. Specifically, Bankruptcy Rule 3007(c) authorizes the

4

Court to allow for omnibus objections beyond those circumstances itemized in Bankruptcy Rule 3007(d) and the Claims Procedures Order expressly permits the City to file an omnibus objection with respect to claims which do not identify a valid basis for any liability of the City. (Claims Procedures Order at 2.)

19. This Court has the authority to enter an order approving this Objection. Moreover, the streamlined process afforded by an omnibus objection (in lieu of individual objections to each No Basis Claim), as well as the proper classification of such claims, will result in material costs savings that will inure to the benefit of the City. Furthermore, an important goal of the Bankruptcy Code will be met: only valid and verifiable claims against the City will be paid. Accordingly, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors.

20. Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed hereto as Exhibit 1, disallowing and expunging the No Basis Claims. Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(c), the Court should grant the relief requested.

**NO EFFECT ON CLAIMS THAT ARE NOT SUBJECT TO TREATMENT IN CLASSES 3, 14 OR 15 UNDER THE PLAN**

21. The City cannot in all cases determine the proper classification of the No Basis Claims under the Plan because, in some instances, the No Basis Claims were filed without adequate supporting documentation. Nevertheless, the City seeks the disallowance of the liabilities asserted in the No Basis Claims solely to the extent such liabilities, if allowed, would be subject to treatment in Classes 3 (Other Secured Claims), 14 (Other Unsecured Claims) or 15 (Convenience Claims) under the Plan. The disallowance of the proofs of claim identified on

Exhibit 2 shall have no effect on any types of claims – including, for example, Pension Claims[2] or OPEB[3]/Retiree Healthcare Claims – that are specifically allowed in other classes pursuant to Plan or subject to other specific treatment under the Plan.

## SEPARATE CONTESTED MATTERS

22. To the extent that a response is filed regarding any claim listed in this Objection and the City is unable to resolve the response, each one of such claims, and the objection by the City to each one of such claims asserted, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

23. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

24. The City has provided notice of this Objection to each of the claimants identified in Exhibit 2 at each address set forth in Exhibit 2, and all other parties who have requested notice

---

[2] "Pension Claims" are defined by the Plan as GRS Pension Claims or PFRS Pension Claims. Plan, Art. I.A.267.
[3] "OPEB Claims" are defined by the Plan as any claims against the City for OPEB Benefits held by a retiree who retired on or before December 31, 2014 and is otherwise eligible for OPEB Benefits, and any eligible surviving beneficiaries of such retiree. Plan, Art. I.A.260. "OPEB Benefits" are post-retirement health, vision, dental, life and death benefits provided to retired employees of the City, the Detroit Public Library or the Detroit Regional Conventional Facility Authority and their surviving beneficiaries pursuant to the Employee Health and Life Insurance Benefit Plan, the Employees Death Benefit Plan or any comparable plan, including the members of the certified class in the action captioned *Weiler et al. v. City of Detroit*, Case No. 06-619737-CK (Wayne County Circuit Court), pursuant to the "Consent Judgment and Order of Dismissal" entered in that action on August 26,

pursuant to Bankruptcy Rule 2002. Each address reflects the address set forth by each of the claimants on its respective proof of claim. Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Objection need be given.

## NO PRIOR REQUEST

25. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: April 23, 2015

                                      FOLEY & LARDNER LLP

                                      By: /s/ *John A. Simon*
                                      John A. Simon (P61866)
                                      Jeffrey S. Kopp (P59485)
                                      Tamar N. Dolcourt (P73425)
                                      Leah R. Imbrogno (P79384)
                                      500 Woodward Ave., Ste. 2700
                                      Detroit, MI 48226
                                      313.234.7100
                                      jsimon@foley.com
                                      jkopp@foley.com
                                      tdolcourt@foley.com
                                      limbrogno@foley.com

                                      *Counsel for the Debtor, City of Detroit, Michigan*

---

2009. Plan, Art. I.A.259.