# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

------------------------------------------------------- x
In re                                                   :  Chapter 9
                                                        :
                                                        :  Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                              :
                                                        :  Hon. Thomas J. Tucker
                                        Debtor          :
------------------------------------------------------- x

## DEBTOR'S SEVENTEENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

**(Incorrectly Classified Claims)**

> **THIS OBJECTION SEEKS TO RECLASSIFY CERTAIN FILED PROOFS OF CLAIM AS GENERAL UNSECURED CLAIMS. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claims (the "Objection") and its request for an order reclassifying certain incorrectly classified claims as general unsecured claims, substantially in the form attached hereto as Exhibit 1, respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under Chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 12, 2014, this Court entered an Order Confirming the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Dkt. 8272) (the "Plan").

6. The Plan became effective on December 10, 2014 (the "Effective Date").

7. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

8. On July 9, 2014, this Court entered its *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* (Docket No. 5872) (the "Claims Procedures Order"), allowing the City to file an omnibus objection with respect to incorrectly classified claims.

9. Each of the Claims listed on Exhibit 2 are incorrectly classified as administrative claims.

**RELIEF REQUESTED**

10. The City files this Objection pursuant to the Bar Date Order, Sections 502(b) and 503(b)(9), of the Bankruptcy Code[1], Rule 3007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Claims Procedures Order, seeking entry of an order reclassifying the claims set forth in Exhibit 2 annexed hereto as general unsecured claims or other such unsecured claims as provided for in the Plan (the "Incorrectly Classified Claims"). These Incorrectly Classified Claims were filed as administrative priority claims under Section 503(b). The Incorrectly Classified Claims either (a) do not meet the requirements of Section 503(b) of the Bankruptcy Code, or (b) did not properly assert an administrative priority claim pursuant to the Bar Date Order.

11. Other than seeking reclassification of the Incorrectly Classified Claims as general unsecured claims or other such unsecured claims as provided for in the Plan, this Objection does not address the substance of the Incorrectly Classified Claims. Accordingly, the Objection does not constitute any admission or determination as to any fact concerning any of the Incorrectly Classified Claims, other than the City's position that such claims do not meet the requirements for administrative priority treatment. The City reserves all of its rights to object, on any basis, to any of the Incorrectly Classified Claims, beyond those bases set forth in this Objection.

---

[1] Sections 502 and 503 of the Bankruptcy Code are made applicable to Chapter 9 proceedings through Section 901(a) of the Bankruptcy Code.

4824-2250-8835.4

## BASIS FOR RELIEF REQUESTED

12. Section 503(b) allows creditors to file claims seeking administrative expense priority. Claims which meet the requirements of Section 503(b) are entitled to administrative, rather than general unsecured, priority.

13. Under the Bar Date Order, "all administrative claims under section 503(b) of the Bankruptcy Code, other than 503(b)(9) claims and the administrative portion of Rejection Damages Claims, shall not be deemed proper if asserted by proof of claim." Bar Date Order, ¶ 5.

14. As such, only claims under Section 503(b)(9) and the administrative portion of Rejection Claims are properly asserted as administrative priority claims using a proof of claim form. If the alleged administrative priority claim did not fall under Section 503(b)(9) and was not the administrative portion of a Rejection Claim, then it was required to be filed within 45 days after the Effective Date and, pursuant to the Bar Date Order, "shall not be deemed proper if asserted by proof of claim." *See* Plan Art. II.A.2(a); Bar Date Order ¶ 5.

15. The City has reviewed the Incorrectly Classified Claims and confirmed that none of the Incorrectly Classified Claims were properly filed as administrative priority claims pursuant to the Bankruptcy Code or the Bar Date Order.

16. Specifically, none of the Incorrectly Classified Claims are Section 503(b)(9) or Rejection Claims, and all were filed by proof of claim, in direct contravention of the Bar Date Order.

17. The Claims Procedures Order and Bankruptcy Rule 3007(c) allow the City to file this Objection as an omnibus objection. Specifically, Bankruptcy Rule 3007(c) authorizes the Court to allow for omnibus objections beyond those circumstances itemized in Bankruptcy Rule 3007(d) and the Claims Procedures Order expressly permits the City to file an omnibus objection with respect to claims which are incorrectly classified. (Claims Procedures Order at 2.)

4824-2250-8835.4

13-53846-tjt    Doc 9741    Filed 04/23/15    Entered 04/23/15 15:19:10    Page 4 of 7

18.     This Court has the authority to enter an order approving this Objection. Moreover, the streamlined process afforded by an omnibus objection (in lieu of individual objections to each Incorrectly Classified Claim), as well as the proper classification of such claims will result in material costs savings that will inure to the benefit of the City. Furthermore, the relief sought ensures that an important goal of the Bankruptcy Code is met: equal treatment of similarly situated creditors. Only creditors who have validly filed administrative priority claims are entitled to the treatment afforded to those claims. The Incorrectly Classified Claims do not meet the requirements of administrative priority claims and/or did not properly file such administrative priority claims, and thus should not receive such treatment. Accordingly, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors.

19.     Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed hereto as <u>Exhibit 1</u>, reclassifying the Incorrectly Classified Claims as general unsecured claims or other such unsecured claims as provided for in the Plan. Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(c), the Court should grant the relief requested.

## **SEPARATE CONTESTED MATTERS**

20.     To the extent that a response is filed regarding any claim listed in this Objection and the City is unable to resolve the response, each one of such claims, and the objection by the City to each one of such claims asserted, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

21.     The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

22.     The City has provided notice of this Objection to each of the claimants identified in Exhibit 2 at each address set forth in Exhibit 2, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002. Each address reflects the address set forth by each of the claimants on its respective proof of claim. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

23.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

4824-2250-8835.4

Dated: April 23, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
limbrogno@foley.com
*Counsel for the Debtor, City of Detroit, Michigan*

4824-2250-8835.4