## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Thomas J. Tucker
---------------------------------------------x

**STIPULATION BY AND AMONG THE CITY OF DETROIT, THE REALTY COMPANY – 2121 WEST FORT, INC., AND THE REALTY COMPANY REGARDING ASSUMPTION OF LEASE, PAYMENT OF CURE AMOUNT CLAIM, AND ALLOWANCE OF ADMINISTRATIVE CLAIM AND OTHER UNSECURED CLAIM**

The City of Detroit ("City"), The Realty Company – 2121 West Fort, Inc. ("Fort Lessor"), and The Realty Company ("Realty Company") stipulate and agree as follows:

WHEREAS, the Realty Company, as lessor, and the City, as lessee, were parties to a lease agreement that expired pursuant to its terms in or around January 2014, for the rental of space at 7800 Dix, Detroit, MI 48209 ("Old Dix Lease").

WHEREAS, after the Old Dix Lease expired pursuant to its terms, the Realty Company, as lessor, and the City, as lessee, entered into a new lease agreement for the rental of space at 7800 Dix, Detroit, MI 48209 ("New Dix Lease"). The New Dix Lease remains in effect and is unaffected by the terms of this stipulation.

WHEREAS, as of January 1, 2008, the City, as lessee, and the Fort Lessor, as lessor, entered into a lease agreement for the rental of space at 2121 West Fort Street, Detroit, Michigan. This lease agreement was amended on January 1, 2013 (as amended, the "Fort Lease"). The Fort Lease remains in effect.

WHEREAS, on or about November 25, 2014, the City provided notice to the Realty Company that it intended to assume the Old Dix Lease.

WHEREAS, on or about November 25, 2014, the City provided notice to the Fort Lessor that it intended to assume the Fort Lease.

WHEREAS, the Realty Company filed proof of claim no. 1390 in the Chapter 9 Case asserting a general unsecured, non-priority claim in the amount of $589,490.02 ("Claim No. 1390"). Claim No. 1390 has two components: (1) $170,730.83 for amounts allegedly due and owing under the Fort Lease and (2) $418,759.19 for amounts allegedly due and owing under the Old Dix Lease.

WHEREAS, on October 22, 2014, the City filed its Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014) at docket number 8045 ("Plan").

WHEREAS, capitalized terms not otherwise defined in this stipulation shall have the meanings given to them in the Plan.

NOW, THEREFORE, the parties stipulate and agree as follows:

1. Claim No. 1390 shall be amended and Allowed as a Class 14 – Other Unsecured Claim, in the amount of $237,838.12. The remaining $351,651.90 originally claimed in Claim No. 1390 is disallowed and expunged in its entirety, and the City's claim's agent is authorized to update the claims register accordingly.

2. The Realty Company is granted an Allowed Administrative Claim in the amount of $17,868.95 for utility costs incurred under the Old Dix Lease for the time period from July 19, 2013 through January 17, 2014. No other amounts are owed by the City under the Old Dix Lease.

3. As the Old Dix Lease has expired pursuant to its terms, it will not be assumed by the City and is stricken from the Non-Exclusive List of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Eighth Amended Plan for the Adjustment of Debts of the City of Detroit filed at docket number 8387.

4. The Fort Lease is assumed by the City in accordance with the Plan as of the Effective Date.

5. In connection with the City's assumption of the Fort Lease, the City shall pay $173,334.00 to the Fort Lessor in full and final satisfaction of any Cure Amount Claim associated with the Fort Lease. No other cure amounts, payment, compensation or other performance is necessary to satisfy the requirements relating to the City's assumption of the Fort Lease under section 365 of the Bankruptcy Code or otherwise, including, without limitation, the $59,430.89 in utility costs that the Fort Lessor asserted are due and owing under the Fort Lease. The Fort Lessor waives any right or claim to recover the utility costs identified in the previous sentence and any other utility costs allegedly incurred by the City prior to May 1, 2015.

6. Article 5 of the Fort Lease is replaced in its entirety with the following language:

"This Article 5 is effective as of May 1, 2015, and continues through the end of the term of the Lease. "Utilities" means all metered public utilities used for heating, cooling, illumination, power, and water and/or sewer. Utilities do not include the cost of telecommunications systems or equipment. "Monthly Utilities" means the cumulative, current amounts (and not past-due amounts, late fees or other charges) for Utility usage stated as owing in all utility bills or other invoices ("Utility Bills") received by the Landlord from or on behalf of Utilities during any given month in connection with the Leased Premises (without taking into account, or otherwise allocating between months, the utility services that were actually incurred or otherwise provided during that month). If the amount of Monthly Utilities is equal to or less than $5,000, the Tenant shall have no responsibility for payment of any Monthly Utilities for that month. If the amount of Monthly Utilities is greater than $5,000.00 in any given month, the Tenant shall pay the difference between such actual amount of Monthly Utilities and $5,000 (the difference being, "Excess Utilities"), for that month. If in any month there are Excess Utilities, Landlord shall, within 30 days of the end of such month, provide to the Tenant an invoice for the amount of the Excess Utilities and copies of all Utility Bills evidencing the Excess

3

Utilities. Tenant may inquire into and challenge the Excess Utilities and the Utility Bills assessed against the Leased Premises. Under no circumstances shall Tenant be responsible for payment of any excessive water charges caused by leaks in the plumbing or sewerage systems provided that such leaks occur in the portion of the plumbing or sewerage system subject to Landlord's control. The Tenant shall pay the amount of any undisputed Excess Utilities to the Landlord within 60 days after receiving the invoice evidencing the amount of the Excess Utilities and the copies of all Utility Bills evidencing the Excess Utilities."

7. Neither the Realty Company nor the Fort Lessor holds, or has assigned, any Administrative Claims, Cure Amount Claims, Other Unsecured Claims or Claims against the City (other than the Other Unsecured Claim identified in the first sentence of paragraph 1, the Administrative Claim identified in paragraph 2 and the Cure Amount Claim identified in the first sentence of paragraph 5 of this stipulation).

8. Nothing in this stipulation is intended to, nor shall it, revive, reinstate or affirm any rights, remedies, claims or defenses of either party against the other that expired or were otherwise barred, satisfied, released, waived or discharged as of, or upon the occurrence of, the Effective Date of the Plan, nor shall it be construed as a modification of the Plan.

STIPULATED AND AGREED:

| ATTORNEYS FOR THE CITY OF DETROIT<br><br>By: /s/ Marc N. Swanson<br>Jonathan S. Green (P33140)<br>Marc N. Swanson (P71149)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>Telephone: (313) 963-6420<br>Facsimile: (313) 496-7500<br>green@millercanfield.com<br>swansonm@millercanfield.com | ATTORNEYS FOR THE REALTY COMPANY – 2121 WEST FORT, INC. AND THE REALTY COMPANY<br><br>By: /s/ Nicholas Bachand<br>Nicholas Bachand (P67447)<br>2411 Vinewood<br>Detroit, MI 48216<br>Office: 313-228-0860<br>Cell: 586-491-3372<br>Fax: 313-447-2158<br>attorneybachand@gmail.com |

DATED: April 23, 2015

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

---------------------------------------------x
                                             :
In re                                        :    Chapter 9
                                             :
CITY OF DETROIT, MICHIGAN,                   :    Case No. 13-53846
                                             :
         Debtor.                             :    Hon. Thomas J. Tucker
---------------------------------------------x

**ORDER APPROVING STIPULATION REGARDING ASSUMPTION OF LEASE, PAYMENT OF CURE AMOUNT CLAIM, AND ALLOWANCE OF ADMINISTRATIVE CLAIM AND OTHER UNSECURED CLAIM**

Upon the Stipulation Regarding Assumption of Lease, Payment of Cure Amount Claim, and Allowance of Administrative Claim and Other Unsecured Claim ("Stipulation"), by and among, the City of Detroit ("City"), The Realty Company – 2121 West Fort, Inc. ("Fort Lessor"), and The Realty Company ("Realty Company"); and the Court being otherwise advised in the premises;

IT IS HEREBY ORDERED THAT:

1. Claim No. 1390[1] shall be amended and Allowed as a Class 14 – Other Unsecured Claim, in the amount of $237,838.12. The remaining $351,651.90 originally claimed in Claim No. 1390 is disallowed and expunged in its entirety, and the City's claim's agent is authorized to update the claims register accordingly.

2. The Realty Company is granted an Allowed Administrative Claim in the amount of $17,868.95 for utility costs incurred under the Old Dix Lease for the time period from July 19,

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings given to them in the Stipulation.

2013 through January 17, 2014, which shall be paid by the City within five business days after the entry of this Order. No other amounts are owed by the City under the Old Dix Lease.

3. As the Old Dix Lease has expired pursuant to its terms, it will not be assumed by the City and is stricken from the Non-Exclusive List of Executory Contracts and Unexpired Leases to be Assumed Pursuant to Eighth Amended Plan for the Adjustment of Debts of the City of Detroit filed at docket number 8387.

4. The Fort Lease is assumed by the City in accordance with the Plan as of the Effective Date.

5. In connection with the City's assumption of the Fort Lease, the City shall pay $173,334.00 to the Fort Lessor within five business days after the entry of this Order in full and final satisfaction of any Cure Amount Claim associated with the Fort Lease. No other cure amounts, payment, compensation or other performance is necessary to satisfy the requirements relating to the City's assumption of the Fort Lease under section 365 of the Bankruptcy Code or otherwise, including, without limitation, the $59,430.89 in utility costs that the Fort Lessor asserted are due and owing under the Fort Lease. The Fort Lessor waives any right or claim to recover the utility costs identified in the previous sentence and any other utility costs allegedly incurred by the City prior to May 1, 2015.

6. Article 5 of the Fort Lease is replaced in its entirety with the following language:

"This Article 5 is effective as of May 1, 2015, and continues through the end of the term of the Lease. "Utilities" means all metered public utilities used for heating, cooling, illumination, power, and water and/or sewer. Utilities do not include the cost of telecommunications systems or equipment. "Monthly Utilities" means the cumulative, current amounts (and not past-due amounts, late fees or other charges) for Utility usage stated as owing in all utility bills or other invoices ("Utility Bills") received by the Landlord from or on behalf of Utilities during any given month in connection with the Leased Premises (without taking into account, or otherwise allocating between months, the utility services that were actually incurred or otherwise provided during that month). If the amount of Monthly Utilities is equal to or less than $5,000, the Tenant shall have

no responsibility for payment of any Monthly Utilities for that month. If the amount of Monthly Utilities is greater than $5,000.00 in any given month, the Tenant shall pay the difference between such actual amount of Monthly Utilities and $5,000 (the difference being, "Excess Utilities"), for that month. If in any month there are Excess Utilities, Landlord shall, within 30 days of the end of such month, provide to the Tenant an invoice for the amount of the Excess Utilities and copies of all Utility Bills evidencing the Excess Utilities. Tenant may inquire into and challenge the Excess Utilities and the Utility Bills assessed against the Leased Premises. Under no circumstances shall Tenant be responsible for payment of any excessive water charges caused by leaks in the plumbing or sewerage systems provided that such leaks occur in the portion of the plumbing or sewerage system subject to Landlord's control. The Tenant shall pay the amount of any undisputed Excess Utilities to the Landlord within 60 days after receiving the invoice evidencing the amount of the Excess Utilities and the copies of all Utility Bills evidencing the Excess Utilities."

7. Neither the Realty Company nor the Fort Lessor holds, or has assigned, any Administrative Claims, Cure Amount Claims, Other Unsecured Claims or Claims against the City (other than the Other Unsecured Claim identified in the first sentence of paragraph 1, the Administrative Claim identified in paragraph 2 and the Cure Amount Claim identified in the first sentence of paragraph 5 of this Order).

8. Nothing in this Order is intended to, nor shall it, revive, reinstate or affirm any rights, remedies, claims or defenses of either party against the other that expired or were otherwise barred, satisfied, released, waived or discharged as of, or upon the occurrence of, the Effective Date of the Plan, nor shall it be construed as a modification of the Plan.