# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

------------------------------------------------------- x
In re                                                   :  Chapter 9
                                                        :
                                                        :  Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                              :
                                                        :  Hon. Thomas J. Tucker
                        Debtor                          :
------------------------------------------------------- x

## THE CITY OF DETROIT'S *EX PARTE* MOTION FOR EXTENSION OF THE CLAIMS OBJECTION BAR DATE

*(Expedited Consideration Requested)*

The City of Detroit (the "City"), by and through their undersigned counsel, by this motion (the "Motion"), requests entry of an order extending the Claims Objection Bar Date (as defined herein), pursuant to section VI.C.3 of the City's chapter 9 plan, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"). The City has filed this Motion on an *ex parte* basis pursuant to communications with the Court's chambers and Local Rule 9006-1. The City also requests expedited consideration of this Motion because the current deadline for objections to claims is June 8, 2015 and the City would need to expend significant precious resources to attempt to file objections by such date in the event relief is not granted on this Motion. In support of the Motion, the City respectfully states as follows:

1

4844-7916-8547.3

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.  On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest Chapter 9 bankruptcy case in history.

3.  On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Dkt. No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

4.  On November 12, 2014, this Court entered an Order Confirming the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Dkt. 8272) (the "Plan").

5.  The Plan became effective on December 10, 2014 (the "Effective Date").

6.  Over 3,900 proofs of claim were filed against the City. Of those claims, approximately 1,300 were classified as litigation claims, the review of which is being performed primarily by the City Law Department.

7.  Analyzing, reconciling and otherwise addressing the large number of proofs of claim in this case is a substantial undertaking. The City and its professionals have been working diligently to review, object to and negotiate claims as appropriate to ensure valid claims will be allowed.

8. To avoid improper recovery on claims that the City believes are not appropriately payable, the City has thus far objected to or negotiated and resolved approximately 800 claims, and reviewed hundreds more. The City plans to file additional objections to certain claims as it completes its review and reconciliations of the Claims.

9. The City continues to work to resolve the remaining issues regarding claims administration and review the remaining claims in this case, and the City requires additional time to do so.

10. The Plan established the initial "Claims Objection Bar Date," as defined in the Plan, as "the latest of (a) 180 days after the Effective Date, subject to extension by an order of the Bankruptcy Court, (b) 90 days after the Filing of a proof of Claim for such Claim and (c) such other prior of limitation as may be specifically fixed by an order of the Bankruptcy Court, which other period may be set without notice to Holders of Claims." Plan § I.A.62. The Claims Objection Bar Date is presently June 8, 2015.

11. The Plan further provides that "[u]pon motion by the City to the Bankruptcy Court, the City may request, and the Bankruptcy Court may grant, an extension to the Claims Objection Bar Date generally or with respect to specific Claims. Any extension granted by the Bankruptcy Court shall not be considered to be a modification to the Plan under section 1127 of the Bankruptcy Code." Plan § VI.C.3.

12. No previous extension of the Claims Objection Bar Date has been requested.

**RELIEF REQUESTED**

13. In accordance with section VI.C.3 of the Plan, section 105(a) of the Bankruptcy Code, Rule 9006(b) of the Federal Rules of Bankruptcy Procedure, and Local Rule 9006-1, the City respectfully requests that the Court enter an order, substantially in the form attached hereto as <u>Exhibit 1</u>, extending the Claims Objection Bar Date, as defined in the Plan and including the

3

deadline for the City to object to proofs of claim, for approximately 180 days, through December 7, 2015.  The City further requests an expedited review of this Motion so that the City may have as much advance notice as possible in the event this Motion is for any reason not granted.

## BASIS FOR RELIEF

14. The Court has the authority under the Plan and applicable rules to extend the Claims Objection Bar Date pursuant to this Motion, and cause exists for the Court to do so.

15. Section VI.C.3 of the Plan provides that the Court may grant an extension to the Claims Objection Bar Date.  Plan § VI.C.3.

16. In addition, Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or Order of the Court.  *See* Fed. R. Bankr. P. 9006(b).  Local Rule 9006-1(b) also provides that a party may file a motion for an *ex parte* order extending time.

17. Furthermore, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

18. Cause exists for the Court to extend the time to object to the claims.  The City and its professionals have been working diligently to review and, where appropriate, object to claims formally or informally.  The City has thus reviewed and reconciled a large number of claims already in this process.  However, given the large number of claims and the complexity of the issues, the City requires additional time to administer the claims to ensure that only valid, non-objectionable claims are allowed in the correct amount, priority and classification.

19. The extension of the Claims Objection Bar Date was already contemplated by the Plan, and will not prejudice any interested party.  Instead, the extension will ensure that the City has sufficient time to limit or obtain disallowance of those Claims (or the appropriate portion

4

thereof) for which the City is not liable, thereby preserving and maximizing value for valid creditors. The extension of the Claims Objection Bar Date will also enable the City to engage in meaningful negotiations to resolve claims consensually, thus avoiding unnecessary objections. Absent an extension, to avoid a deemed allowance of inappropriate claims, the City could be required to file protective objections to many claims that otherwise might be resolved consensually.

20. Accordingly, an extension of the Claims Objection Bar Date is warranted and appropriate under the circumstances.

21. The City reserves its rights to seek additional extensions of the Claims Objection Bar Date if required.

**NOTICE**

22. The City has filed this Motion on an e*x parte* basis in accordance with communications with the Court clerk and Local Rule 9006-1. Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Motion need be given.

**NO PRIOR REQUEST**

23. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an Order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: April 27, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the City of Detroit, Michigan*

6

4844-7916-8547.3

13-53846-tjt    Doc 9748    Filed 04/27/15    Entered 04/27/15 10:46:55    Page 6 of 7

# CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2015, I electronically filed *The City of Detroit's Ex Parte Motion for Extension of the Claims Objection Bar Date* (the "Motion") with the Clerk of the Court via the Court's ECF electronic filing system. The electronic filing system will serve notice to all ECF participants.

By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com