## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Thomas J. Tucker |

## RETIRED DETROIT POLICE AND FIRE FIGHTERS ASSOCIATION'S REPLY IN SUPPORT OF MOTION FOR ENFORCEMENT OF SETTLEMENT AND EIGHTH AMENDED PLAN OF ADJUSTMENT

The RDPFFA Parties, through their counsel, Lippitt O'Keefe Gornbein, PLLC, submit this Reply in Support of Motion for Enforcement of Settlement and Eighth Amended Plan of Adjustment ("Reply") in further support of the relief requested in their Motion (Docket # 9414) and state as follows:

1. The City does not dispute that the "special disability benefit" is available to qualifying **retired** firefighters. (Docket # 9571 ("Response"), ¶ 6).

2. The parties agree that the RDPFFA is not a union. Therefore, the RDPFFA has no ability to give labor-cost concessions to the City.

3. It is undisputed that the agreement memorialized in the Term Sheet between the RDPFFA and the City resulted from Court ordered mediation.

4. The City does not contest that the agreement it entered into with the RDPFFA was the first agreement related to retiree pensions and healthcare.

5. The RDPFFA, as a harbinger of settlement, wanted to ensure that its

retiree members would receive the benefits of any future deal that was later struck with the City relating to police and fire pensions and other post-employment benefits ("OPEB").

6. In the mediation, the RDPFFA was adamant and demanded assurances that its members would not be prejudiced by being the first to agree to terms with the City. The RDPFFA therefore demanded, and the City agreed in the Term Sheet, that members of the RDPFFA would receive the benefit of deals made later in the process that related to police and fire pensions or OPEB.

7. The City is now trying to strip the RDPFFA of its bargained for and negotiated protections articulated in Paragraph 8 of the Term Sheet.

8. Paragraph 8 of the Term Sheet provides as follows:

> Police and firefighter retirees are entitled to the benefits of any other agreement entered into by the City of Detroit that covers such retired police and fire fighters and which is more advantageous to them than the terms of this agreement as it relates to Classes 10 (PFRS Pensions) and 12 (OPEB).

9. The DFFA Master Agreement is an "agreement entered into by the City of Detroit" that "is more advantageous" to permanently disabled retired fire fighters than the benefits provided to permanently disabled retired police.

10. The City attempts to categorize the "special disability benefit" as a new benefit. This is an untenable characterization. The "special disability benefit" is a stabilization mechanism to minimize the reduction of benefits long promised and long paid to permanently disabled fire fighters by the City.

The only thing "new" about the situation is the reduction in the cuts made under the Plan to *longstanding* benefits.

11. Historically the police and fire fighter retirees in the City of Detroit were grouped together as police and fire retirees. This is seen most clearly in the pension system of the Police and Firefighter Retirement System. The Plan creates the Detroit Police and Fire VEBA, in which police and fire retirees are treated equally on a pro rata basis.

12. Upon retirement, both police and fire fighters are no longer members of their respective unions and become police and fire retirees, which explains the use of the language "that covers such retired police and firefighters" in the Term Sheet.

13. The reference to class 12 in the Term Sheet identifies the type of benefit contemplated by the Term Sheet and provides protection to police and fire fighters against being excluded from a future agreement of the City that provides better benefits than provided for in the Term Sheet.

14. There is no reference to *claims* of class 12 in Paragraph 8 of the Term Sheet, which in the context of the Term Sheet the reference to class 12 was to identify OPEB for retired police and fire fighters, including healthcare for disabled public safety retirees (police and fire).

15. The City's reference to the sharing by permanently disabled retired police officers in the improvements provided to healthcare benefits with respect

to permanently disabled retired fire fighters as a "windfall" is inaccurate. Equality of treatment was bargained for and agreed to in the Term Sheet. Moreover, adequate healthcare for disabled retired police officers, particularly those who became disabled in the performance of their duties, is not a windfall.

16. As previously stated, the Plan "incorporates multiple key settlements that are the result of extensive arm's length negotiations (often conducted within the context of Court-ordered mediation.)" (Docket # 8272, ¶ 16).

17. The Confirmation Order provides that "[e]ffective as of the Confirmation Date, but subject to the occurrence of the Effective Date and subject to the terms of the Plan and this Order, all prior orders entered in the Chapter 9 Case, **all documents and agreements executed by the City** as authorized and directed thereunder…shall be ***binding upon*** and inure to the benefit of the City and ***any other parties expressly subject thereto...***" (Confirmation Order, Docket # 8272, §69, p. 114, "Binding Effect of Prior Orders") (Emphasis added).

18. The Term Sheet was executed by the City *as authorized and directed by an order of the Court*, specifically the *First Order Referring Matters to Facilitative Mediation* dated August 16, 2013 (Docket # 333) which required mediation.

19. The RDPFFA parties under the language of §69 of the Confirmation Order are entitled to the benefits of the Term Sheet. (Docket # 8272).

20. The provision by the City of the "special disability benefit" to the fire fighter retirees (only) operates as a modification of the City's confirmed Plan. This

modification does not comply with 11 U.S.C. § 1127(b). Section 1127(b) prohibits a modification if that modification would cause the plan to fail to meet the requirements of 11 U.S.C. § 1123. Section 1123(a)(4) requires a plan to provide the same treatment for each claim of a particular class, unless the holder of a particular claim agrees to a less favorable treatment. By providing the "special disability benefit" to only certain members of class 12 (the fire fighter retirees), and not all similarly situated members of class 12, the City is violating §§ 1127(b) and 1123(a)(4).[1] The City must be required to provide the "special disability benefit" to all similarly situated retired police and fire fighters.

For the reasons stated herein, along with the reasons stated in their Motion, the RDPFFA Parties respectfully request that the Court grant their Motion to enforce the RDPFFA Term Sheet, order the City to contribute $140,000 annually for the term of the DFFA Master Agreement (and as renewed) for the benefit of totally disabled police retirees, order that the City Contribution is to be separate from the VEBA contributions, award the RDPFFA all costs and fees incurred by having to bring this Motion, and grant any other relief it deems appropriate and just.

Dated: April 29, 2015                    Respectfully submitted,

                                         By:  /s/ Ryan C. Plecha

---

[1] The City itself recognized the potential violation of the Bankruptcy Code that could result from any such preferential treatment when it filed a motion for a determination that the Detroit Police Lieutenants and Sergeants Association ("DPLSA") had violated the City's Plan (Docket # 9523) by seeking treatment which was different (and better) than what was provided for in the Plan. The City stated in its brief: "City retiree spouses of active DPLSA members would receive more favorable treatment than the balance of class 12 claim holders" (Docket # 9523, p.17).

**LIPPITT O'KEEFE GORNBEIN, PLLC**
Brian D. O'Keefe (P39603)
Ryan C. Plecha (P71957)
370 East Maple Road, 3rd
Floor Birmingham, Michigan
48009
Tel: (248) 646-8292;
bokeefe@lippittokeefe.com
rplecha@lippittokeefe.com