IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
                                                                         :     Chapter 9

In re                                                    :

                                                         :     Case No. 13-53846

CITY OF DETROIT, MICHIGAN,           :

                                                         :     Hon. Thomas J. Tucker

                              Debtor             :
------------------------------------------------------- x

**DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBER 779
FILED BY SHERRELL ANN PEYTON**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to the response of Sherrell Ann Peyton dated April 24, 2015[1] (the "Response") [Dkt. No. 9745], and in further support of the City's Thirteenth Omnibus Objection to Certain No Basis Claims ("Thirteenth Omnibus Objection") [Dkt. No. 9568] to claim number 779 (the "Claim"), respectfully states as follows:

**BACKGROUND**

1. On July 18, 2013 (the "Petition Date"), the City filed this bankruptcy case.

2. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3. On July 9, 2014, this Court entered its Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures [Dkt. No. 5872] (the "Claims

---

[1] The Response apparently was filed by Sherrell Ann Peyton's mother, Mary Jean Peyton, as agent for Sherrell Ann Peyton. Because it is unclear whether Sherrell Ann Peyton or Mary Jean Peyton filed the Claim in question, the

1

Procedures Order"), allowing the City to file an omnibus objection with respect to claims that do not identify a valid basis for any liability of the City or which were filed without supporting documentation (Claim Procedures Order at 2.).

4. On February 4, 2014, Ms. Peyton filed the Claim as a secured claim in the amount of $80,000.

5. On March 30, 2015, the City filed its Thirteenth Omnibus Objection [Dkt. No. 568]. As to the claims objected to in the Thirteenth Omnibus Objection, the City determined that there was no basis for liability on the part of the City as stated in the respective proofs of claim.

6. In her Claim, Ms. Peyton stated that the basis for his claim is "Tax auction not valid after July 25, 2013." Ms. Peyton's proof of Claim No. 779 is attached as **Exhibit 1**.

7. The City filed the Thirteenth Omnibus Objection and objected to Ms. Peyton's Claim because there is no basis for any liability to Ms. Peyton. Upon review of Ms. Peyton's Claim, it appears to have been filed regarding the claimant's mortgage. Individual mortgage agreements between the claimant and her lender, to which the City is not a party, are not the subject of this bankruptcy claims administration process.

8. Attached to Ms. Peyton's Claim is an assignment of mortgage and what appears to be a mortgage billing statement.

9. Ms. Peyton does not allege that the City owes her any money.

10. On or about March 30, 2015, Ms. Peyton was served notice of the Thirteenth Omnibus Objection. *See* Notice at Dkt. 9568.

11. On April 24, 2015, Ms. Peyton filed a Response with this Court alleging that her Claim should not be expunged. The Response also apparently objects to the statement made by the City that the Claim is related to the claimant's mortgage, stating that the "mortgage statement

---

City will refer to the claimant/respondent as "Ms. Peyton."

2
4840-5208-0163.2

13-53846-tjt    Doc 9780    Filed 05/01/15    Entered 05/01/15 14:33:15    Page 2 of 5

has no validity; the mortgage had nothing to do with the bankruptcy." The Response does not provide any basis or documentation in support of the Claim, nor does it state any reason for liability to Ms. Peyton on the part of the City.

12. Because Ms. Peyton does not provide an appropriate basis for liability by the City, the Claim should be expunged.

**ARGUMENT**

13. Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).[2] Bankruptcy Rule 3007(d) and the Claims Procedure Order allow the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims should be disallowed and expunged because there is no basis for liability on the part of the City or there is no documentation submitted with the proof of claim supporting the claims.

14. Only proofs of claim that comply with Bankruptcy Rule 3001 are presumed to be valid in the amount filed.

15. In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (*citing In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

16. Pursuant to Section 101 of the Bankruptcy Code, a creditor holds claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. *See* 11 U.S.C. §§ 101(5), 101(10). There is no right to payment to the extent that the asserted liability is not

---

[2] Section 502 of the Bankruptcy Code is applicable to this Chapter 9 case through Section 901 of the Bankruptcy Code. *See* 11 U.S.C. § 901.

due and owing by the debtor.

17. Ms. Peyton's Claim does not contain a proper basis for liability against the City nor does it attach any supporting documentation. Therefore, the Claim should be expunged due to its failure to meet the requirements of Federal Rule of Bankruptcy Procedure 3001.

18. Ms. Peyton's Claim appears to regard the payment of Ms. Peyton's mortgage. Individual mortgage agreements between the claimant and his lender, to which the City is not a party, are not the subject of this bankruptcy claims administration process. Ms. Peyton has provided no basis for liability on the part of the City.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 1, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 1, 2015, I caused the *City of Detroit's Reply to Response to Objection to Claim Number 779 Filed By Sherrell Ann Peyton* to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants in this bankruptcy case. I hereby certify that a copy was also served via Federal Express to the following party:

    Sherrell Ann Peyton
    Mary Jean Peyton
    10109 Curtis St.
    Detroit, MI 48221

Dated: May 1, 2015

                              FOLEY & LARDNER LLP

                              By: /s/ *John A. Simon*
                              John A. Simon (P61866)
                              Jeffrey S. Kopp (P59485)
                              Tamar N. Dolcourt (P73425)
                              Leah R. Imbrogno (P79384)
                              500 Woodward Ave., Ste. 2700
                              Detroit, MI 48226
                              313.234.7100
                              jsimon@foley.com
                              jkopp@foley.com
                              tdolcourt@foley.com
                              limbrogno@foley.com

                              *Counsel for the Debtor, City of Detroit, Michigan*