**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re | : | Chapter 9 |
| | : | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | : | Hon. Thomas J. Tucker |
| Debtor | : | |

**DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBERS 3798 AND 3799 FILED BY BRIDGET MURRIEL**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Bridget Murriel's response (the "Response") [Dkt. No. 9700] to the City's Twelfth Omnibus Objection to Certain Late-Filed Claims ("Twelfth Omnibus Objection") [Dkt. No. 9567] regarding claim numbers 3798 and 3799 (the "Claims"), respectfully states as follows:

## BACKGROUND

1. On July 18, 2013 (the "Petition Date"), the City filed this case.

2. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3. On July 9, 2014, this Court entered its Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures [Dkt. No. 5872] (the "Claims

Procedures Order"), allowing the City to file an omnibus objection with respect to claims which were late-filed. (Claim Procedures Order at 2.).

4. The Bar Date Order established February 21, 2014 (the "Bar Date") as the deadline for filing certain claims against the City.

5. On or about November 29, 2013, Ms. Murriel was served notice of the Bar Date Order. See Certificate of Service filed by the City's Noticing Agent Kurtzman Carson Consultants, LLC ("KCC") on December 27, 2013, [Dkt. No. 2337].

6. The Bar Date Notice stated that the proof of claim had to be received on or before the Bar Date. *See* Bar Date Order, Annex 1, pp. 1, 8.

7. The Bar Date Notice also stated that if a proof of claim was not filed by the Bar Date, the claimant would not be entitled to receive distributions from the City. *See* Bar Date Order, Annex 1, p. 9.

8. On December 3, 2014, Ms. Murriel filed the Claims as general unsecured claims in an unliquidated amount.

9. On March 30, 2015, the City filed its Twelfth Omnibus Objection [Dkt. No. 9567]. The claims that the City objected to in the Twelfth Omnibus Objection were filed after the Bar Date.

10. The City objected to Ms. Murriel's Claims in the Twelfth Omnibus Objection because Ms. Murriel's claims were filed over nine months after the Bar Date, on December 3, 2014. A copy of Ms. Murriel's Proof of Claim No. 3798 is attached as **Exhibit 1**, and Proof of Claim No. 3799 is attached as **Exhibit 2**.

11. On or about March 30, 2015, the City served Ms. Murriel with notice of the Twelfth Omnibus Objection. *See* Notice at Dkt. 9567.

12. On April 16, 2015, Ms. Murriel filed her Response to the Twelfth Omnibus Objection with the Court [Dkt. 9700]. The Response does not further explain the basis for the Claims, nor does it provide any reason for why the Claims were late-filed.

## ARGUMENT

13. Bar dates are designed to promote finality and efficient administration of the bankruptcy process. *In re National Steel Corp.*, 316 B.R. 510, 514 (Bankr. N.D. Ill. 2004). Typically, claimants who do not timely file proofs of claim are barred from receiving distributions from the estate. *Id.* at 515. In *National Steel*, an entity affiliated with the debtors sought to file a claim seeking indemnification after the bar date. The court declined to allow the late-filed claim because of the negative impact it would have on the estate and other creditors. *Id.* at 521. *See also In re Settlement Facility Dow Corning Trust*, 2009 U.S. Dist LEXIS 110133 (E.D. Mich. Nov. 25, 2009) (Hood, J.) (denying late-filed claim in the Dow Corning breast implant case where movant failed to timely file claim, and the allowance of such late-filed claim, in combination with the other late-filed claims would prejudice the administration of the case, and the claimants who had timely filed their claims).

14. Here, the Claims, which seek unliquidated amounts, should be disallowed and expunged because they were not timely filed, because allowance of such claims will prejudice the thousands of other claimants who did timely their claims, and because the delay in filing was solely in the control of Ms. Murriel.

15. The Bar Date Notice clearly indicated that claims had to be <u>received</u> at KCC's facility on or before the Bar Date.

16. Ms. Murriel does not dispute that fact or allege any deficiency in the Bar Date Order, its accompanying notice, or the service of such notice on her.

17. Ms. Murriel does not present facts to support any argument for why her late-filed claims should be permitted.

18. Ms. Murriel counsel received notice of the Bar Date, which clearly indicated that the proof of claim was to be received at KCC's facility on or before February 21, 2014 at 4:00 p.m. E.S.T. Ms. Murriel's Claims were not received by KCC on or before the Bar Date. *See* Ex. 1, 2. In fact, Ms. Murriel's Claims were not received by KCC until December 3, 2014.

19. As such, Ms. Murriel's Claims should be expunged as late-filed.

20. To the extent the Court does not disallow the Claim as late-filed, the City reserves its rights to object to the Claim on any other grounds.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 1, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2015, I caused the *City of Detroit's Reply to Response to Objection to Claim Numbers 1798 and 1799 Filed By Bridget Murriel* to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants in this bankruptcy case. I hereby certify that a copy was also served via Federal Express to the following party:

Bridget Murriel
3324 Hogarth St.
Detroit, MI 48206

Dated: May 1, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*

4818-2628-0739.2