# HUMAN RESOURCES DEPARTMENT

## RULE 7

## PROBATION PERIODS

**Section 1.**     **Nature of Probation Period**

Probationary periods construed as "working test" periods are required in selection and placement processes to supplement other evaluations to determine whether an employee fully meets the performance and entrance qualifications for the classification in which employed.

**Section 2.**     **Employment Requiring Probation Period**

Probationary periods are required:

a. In all cases of initial certified hire to the classified service.

b. In all cases of promotion in the classified service.

c. In all cases of transfer, transfer-promotion or transfer-demotion, including all cases of transfer between departments.

d. In all instances of reinstatement to the classified service.

e. In all instances of certification and employment from a preferred re-employment list to a classification different than the re-employment list.

**Section 3.**     **Duration of Probation Period**

The period of probation in any classification shall commence immediately upon date of hire or the effective date of a change in status, but may not be prior to the employee's assumption of the duties.

a. For the following classifications, the probation period shall be six months: all supervisory, administrative, professional, technical and trainee classifications.

b. For all other classifications in which employment is on a full-time basis for three months or more the probation period shall be three months.

c. Exceptions to (a) and (b) above may be established by action of the

Human Resources Director and may be requested by the head of the
employing department.

**Section 4.    Probation Reports**

a. Probation report forms shall be provided to departments by the Human
Resources Department.

b. At such times during the probation period and in such manner as the
Human Resources Department may require, the department head or
his designated representative shall report to the Human Resources
Department evaluations of the employee's work performance and
qualifications for the classification in which employed.

c. Probation reports shall be reviewed with the employee prior to the
expiration of the probation period. Such reports must be received by
the Human Resources Department no later than 15 days following the
expiration of the probation period.

d. An employee subject to a probation period, either upon initial hire or
status change, shall be deemed as having acquired regular status in
the classification in which employed upon the expiration of the
probation period unless the employing department, on a timely basis,
submits a report of unsatisfactory performance or requests an
extension of the probation period.

**Section 5.    Extension of Probation Period**

A probation period may, upon departmental request, be extended once for
an interval not to exceed the length of the initial period provided that
written reasons acceptable to and approved by the Human Resources
Department are provided by the employing department.

**Section 6.    Termination of Probation**

a. Initial Hire:

1. At any time during an employee's initial hire probation period, a
department head or his designated representative may recommend
the discharge of the employee if observed performance is such that
the employee appears to be unable, unwilling or unqualified to
perform the duties of the classification in which employed or that
the employee's habits and dependability do not merit continuance

of the employee in City service. Such recommendation must be supported by written reasons.

2. At the time of the recommendation to discharge, the department may remove the probationary employee from employment by suspension pending action on the recommendation to discharge. If the recommendation is approved by the Human Resources Director, the department may proceed to discharge the employee.

b. Promotions, Transfers, etc.

1. The employing department shall report its evaluation of the departmental recommendation as to the retention of the employee or the reversion of the employee to the employee's last prior status.

Unless the Human Resources Director finds that a department recommendation for reversion in status is not warranted, and so notifies the employing department, the employee shall revert to the employee's last prior status effective as of the date the employee is so reassigned.

2. No employee serving a probation period as a condition to a status change may be discharged except for reasons which would have been grounds for discharge in the position held previous to the status change.

**Section 7.    Additional Provisions on Probation Periods**

a. All employees must satisfactorily complete the probationary period required for the classification in which employed, to be considered eligible for promotion or transfer to any other classification.

b. Where an employee has been certified and is laid off prior to completion of the probation period, he shall be placed on the preferred eligible list and shall upon re-certification be required to complete the probation period.

C.S.C.   Adopted: 12/16/75
         Revised: 04/22/80

City of Detroit
## NOTIFICATION OF PROBATION

| Length of Probation | |
| --- | --- |
| ☒ 3 Months ☐ 6 Months | Final Probation Due June 10, 2008 |

| | |
| --- | --- |
| Name: Bridget Muriel | Pension No.: |
| Title: Senior Personnel & Payroll Clerk | Soc. Sec. No.: ~~████████~~ |
| Department/Division: Police / Payroll | Supervisor: 3rd DC Obey-Young |

### TO THE EMPLOYEE

You have been hired to the position indicated above, subject to the specified probation period. During this period your performance will be evaluated to determine whether or not you should be given permanent status in this position. Normally, the first evaluation will take place about halfway through the probation period. The final evaluation will occur shortly before the probation period expires. Based on this final evaluation, the decision will be made to grant you permanent status, extend the probation period, revert you to your last prior status, or terminate employment. However, your employment may be terminated for cause at any time during the probation period.

The general factors used to evaluate employees are listed on the back of this sheet. Your supervisor will discuss with you the specific duties and responsibilities of the position. These duties and responsibilities of the position. These duties and responsibilities will depend on the needs of the department and the specific assignment. These duties are subject to change. You will be expected to perform any duty which is reasonable and either stated specifically or implied in the job specification for your position.

### EMPLOYEE CERTIFICATION

I understand that my status in this position is that of a probationary employee and that in order to qualify for permanent status I must demonstrate an acceptable level of work performance during the probation period. I have read the general factors on which I will be evaluated and have discussed the specific duties and responsibilities of the assignment with my supervisor. I understand what is expected of me and realize that these duties and responsibilities are subject to change. Further, I understand that I will be expected to perform any duty that is reasonable and either stated specifically or implied in the job specification for my position.

Signature _Bridget Muriel_          Date _03-20-08_

### TO THE SUPERVISOR

This form notifies the employee of the length and type of the probation period. It is also gives the employee a statement of the general factors that will be considered in evaluating the employee for permanent status. It is your responsibility to insure that the employee knows and understands the specific duties and responsibilities of performance is expected. Take time to explain fully the assignment to the employee and answer any question you clearly as possible.

### SUPERVISOR CERTIFICATION

I have discussed the specific duties and responsibilities of the assignment with the employee. I feel that the employee has a reasonable understanding of the level of work performance expected in order to qualify for permanent status in this position.

Signature _Rebecca Levin_          Date _3-20-08_

Cc: Employee Services Specialist
    Employee

Notice of Probation
Effective: 05/11/2004          City of Detroit, copyright. All rights reserved.          FORM 9837
                               P2. 3                                                     Rev 4

# DATABASE

JUN 5 PM12:44  6

**City of Detroit**
**Recommendation on Permanent Status**
**Final Probation/Trial Period Report**

Length of Probation 3 Months

| Name Bridget Murriel ✓ | Soc. Sec. NO.382/68/9535 ✓ | Certification Date ____ |
|---|---|---|
| Department Police ✓ | Division Payroll | Title Senior Personnel & Payroll Clerk ✓ |
| Date of Final Probation Due June 10, 2008 | Date Hired or Status Change Effective Date March 10, 2008 | |

Note: Failure by the Department to submit a timely probation report will result in the employee gaining permanent status by default.

## WORK PERFORMANCE

| | E M N U | Knowledge and Skills | E M N U | | E M N U |
|---|---|---|---|---|---|
| Overall Ability to Perform | ☐☑☐☐ | a. Technical Knowledge | ☐☑☐☐ | Work Behavior | ☐☑☐☐ |
| Quality of Work | ☐☑☐☐ | b. Practical Skills | ☐☑☐☐ | Supervisory Abilities, | ☐☐☐☐ |
| Quantity of Work | ☐☐☑☐ | c. Ability to Learn | ☐☐☐☐ | if appropriate | |

Attendance and Tardiness Record Dates: From ____ To ____

____ TOTAL DAYS ABSENT = ____ Paid S/L ____ Abs./No Pay ____ Dept. Lv.   ☒ Satisfactory as

____ AWOL ____ Occupational Injury ____ Funeral Lv.   ☐ Needs Improvement

____ TOTAL TIMES TARDY = 1 ✓ Beginning of Shift ____ Return from Lunch   ☐ Unsatisfactory

Explain all exceeds expectations and unsatisfactory ratings. Be specific.

ADDITIONAL EXPERIENCE ON LUMP SUMS
LEAVE OF ABSENCE
SUSPENSIONS
INACTIVE UNIT (110S)

## DEPARTMENTAL RECOMMENDATION

____ PERMANENT STATUS   ☒ EXTENSION OF PROBATION*: Length of desired extension 90 Days
(See form instructions for limitations on extensions)   3 Months
Notify labor organization, if applicable

____ SEPARATION   Date ____   ____ Return Employee to previous status of ____
Effective Date: ____

Rated by _Odessa Lewis_ Title _Admin Specialist I_ Date 6-4-08

Reviewed by _Angela Obey-Young_ Title _3rd Deputy Chief_ Date 6/4/08

Employee Certification: I understand that my signature does not imply agreement with this evaluation. I also understand that I may submit a statement of explanation to be included, along with this evaluation, in the official record, as well as pursue any avenues of appeal available to me.

Employee Signature _Refuse to Sign_ Date _06·04·08_

**Human Resources**

| ☑ Concur with Departmental Recommendation | ☐ Other ____ |
|---|---|
| ☐ Automatic Affirmation: Received too late (default) | By ____ Date ____ |
| _Renee Parker_ 6/5/08 | ☐ Entered into PPS Date ____ |
| Human Resources Approval   Date | |

**Approved by Authority of the HR Director** ✓

City of Detroit, copyright. All rights reserved.

# DATABASE

**City of Detroit**
**Recommendation on Permanent Status**
**Final Probation/Trial Period Report**

| Length of Probation 3 Months | ⊘ | |
|---|---|---|
| Name Bridget Murriel ✓ | Soc. Sec. NO.382/68/9535 ✓ | Certification Date _____ |
| Department Police ✓ | Division Payroll | Title Senior Personnel & Payroll Clerk ✓ |
| Date of Final Probation Due June 10, 2008 | Date Hired or Status Change Effective Date March 10, 2008 | |

Note: Failure by the Department to submit a timely probation report will result in the employee gaining permanent status by default.

## WORK PERFORMANCE

| | E M N U | Knowledge and Skills | E M N U | | E M N U |
|---|---|---|---|---|---|
| Overall Ability to Perform | ☐☑☐☐ | a. Technical Knowledge | ☐☑☐☐ | Work Behavior | ☐☑☐☐ |
| Quality of Work | ☐☑☑☐ | b. Practical Skills | ☐☐☑☐ | Supervisory Abilities, | ☐☐☐☐ |
| Quantity of Work | ☐☐☑☐ | c. Ability to Learn | ☐☐☐☐ | if appropriate | |

Attendance and Tardiness Record Dates: From _____ To _____

TOTAL DAYS ABSENT = _____ Paid S/L _____ Abs/No Pay _____ Dept. Lv. _____    ☒ Satisfactory as ✓

_____ AWOL _____ Occupational Injury _____ Funeral Lv.    ☐ Needs Improvement

TOTAL TIMES TARDY = 1 Beginning of Shift _____ Return from Lunch _____    ☐ Unsatisfactory

Explain all exceeds expectations and unsatisfactory ratings. Be specific.

ADDITIONAL EXPERIENCE ON LUMP SUMS
LEAVE OF ABSENCE
SUSPENSIONS
INACTIVE UNIT (1105)

## DEPARTMENTAL RECOMMENDATION

_____ PERMANENT STATUS    ☑ EXTENSION OF PROBATION*: Length of desired extension 90 Days)
(See form instructions for limitations on extensions) 1000 done 7/16/08 aw
Notify labor organization, if applicable
_____ SEPARATION / Date _____   ✓ Return Employee to previous status of P+P CLERK @ HR
Effective Date: 7-14-08

Rated by _Odessa Lewis_ Title ADMIN SPECIALIST I Date 6-4-08
Reviewed by _Angela Obey-Young_ Title 3RD Deputy Chief Date 6/4/08

Employee Certification: I understand that my signature does not imply agreement with this evaluation. I also understand that I may submit a statement of explanation to be included, along with this evaluation, in the official record, as well as pursue any avenues of appeal available to me.

Employee Signature _Refuse to Sign_ Date 06·04·08

## Human Resources

☑ Concur with Departmental Recommendation    ☐ Other _____
☐ Automatic Affirmation: Received too late (default)    By _____ Date _____
_Rene Kusti_ 7/9/08    ☐ Entered into PPS Date _____
Human Resources Approval    Date

Approved by Authority
of the HR Director G

JUL 21 2008

City of Detroit, copyright. All rights reserved.

Probation/Trial Period Evaluation
Effective 12/02/02
FORM9035
Rev 10



My Copy

City of Detroit – Human Resources
Employee Services Division –
Community/Customer Services Group
Coleman A. Young Municipal Center
2 Woodward Avenue – Suite 316
Detroit, Michigan 48226
Phone: (313) 224-3725
Fax: (313) 224-3629
www.ci.detroit.mi.us

July 11, 2008

Bridget Muriel
3324 Hogarth
Detroit, MI 48206

Dear Ms. Muriel:

RE: PROBATIONARY REVERSION

Your performance did not meet the expected standards for the classification of Sr. Personnel & Payroll Clerk.

You are being reverted to your previous position of Personnel & Payroll Clerk effective Monday, July 14, 2008.

Please report to the Human Resources Department, Room 316 in the Coleman A. Young Municipal Center on Monday, July 14, 2008 at 8:30 A.M.

If you have any questions, please contact my office 313-224-3730 or your Human Resources Consultant, Brandi Richmond at 313-224-3725.

Sincerely,

RENEE LASTER
Human Resources Consultant
Employee Services Division

cc: Brandi Richmond – HRC
    Lawana Ducker – Director Police Personnel
    Angela Obey-Young – Police Payroll
    AFSCME Local 1023
    File

/rl

Mission Statement: To plan, develop and deliver human resource services in partnership with City departments and agencies, to enable all employees to provide high quality and timely services to residents, visitors and businesses.

Kwame M. Kilpatrick, Mayor

CITY OF DETROIT
HUMAN RESOURCES DEPARTMENT
Hearings & Policy Development Division

COLEMAN A. YOUNG MUNICIPAL CENTER
2 WOODWARD AVE., SUITE 310
DETROIT, MICHIGAN 48226
PHONE (313) 224-3190
FAX (313) 224-9434

> Via Email and Hard Copy

December 9, 2008


Ms. Bridget Murriel
Human Resources Department
Payroll Division
507 Coleman A. Young Municipal Center
Detroit, MI 48226

**RE: Demoted for No Reason - Email request -Hearings & Policy Non-Union Grievance**

Ms. Murriel:

I am in receipt of your email of December 9, 2008. The Hearings & Policy Unit of HR has responsibility for grievances filed pursuant to Human Resources Department Rule 17. Upon receipt of your request for assistance, I attempted to assemble the pertinent information so I could provide an informed response.

A review of HR documents indicates:

- On or about March 10, 2008, pursuant to a Status Change effective this date, you were named a Senior Personnel & Payroll Clerk;
- On or about March 20, 2008, you signed a Notification of Probation advising you of a three (3) month probationary period for the Senior Personnel & Payroll Clerk position. Additionally, the Notification advises that a final evaluation will be made prior to either granting you permanent status, extending your probation or reverting you to your last prior status;
- On or about June 4, 2008, the Police Department recommended an extension of your probation;
- You were notified on July 9, 2008 that you would be reverted effective July 14, 2008;
- On or about July 11, 2008, you were notified of your probationary reversion.

The position in questions is subject to the collective bargaining agreement with AFSCME. The Master AFSCME Agreement provides in pertinent part:

> • Section 9(b) – any grievance under this Agreement which is not filed in writing <u>within twenty (20) working days after the grievance arises shall not be considered a grievance</u>.
>
> <u>NOTE</u>: In your email you reference filing a grievance with you Union Representatives. You did not relay the status of your union grievance; however, assuming it was filed timely, that would be your avenue of recourse.

Human Resources Department Rules 17 provides the process and procedures for Employee Grievances. Rule 17 provides in pertinent part:

> Section 3 (e) A classified employee covered by a collective bargaining contract containing a grievance procedure providing for a final and enforceable resolution of a grievance shall, *<u>unless the contract calls for a specific and exclusive procedure</u>*, elect at the outset in accordance with 3(f) of this section to use either the commission procedure or the contract procedure, *<u>but may not use both</u>*.

<u>NOTE:</u>

> (1) In your email, you indicate you have filed a grievance with your union reps, therefore you are not able to elect at the outset to use the commission procedure. You have already initiated the union procedure and the rule is clear you may not use both.
>
> (2) The AFSCME Master agreement provides in Section 9(f) that the grievance procedure contained in this Agreement shall be the exclusive grievance procedure for all members of the bargaining unit. Again the reference set forth above clearly provides that HR Rule 17 is not available if the contract provides the contractual grievance is an exclusive procedure.

Therefore, for the reasons set forth in the letter, it does not appear that I am your last resort. You may pursue the union grievance as mentioned in your email. However, having initiated that process, you may not file a concurrent non-union grievance pursuant to Rule 17.

If any of the status change, probationary and reversionary information is <u>factually incorrect</u>, please advise and provide supporting documentation. I am not commenting on the assessment of your job performance as I have no personal knowledge other than the factors as set forth in the probationary and reversion documents. I am more than willing to revisit my analysis if I am not correctly reciting the facts.

As always, if you have any additional questions, please feel free to contact me.

Sincerely,

Brenda E. Braceful
Manager 1- Hearings & Policy Division


cc:    Kimberly Hall, General Manager
       Renee Laster, HR Consultant
       File

**From:** Bridget Murriel
**To:** CHEATOM, BENITA
**Date:** 11/4/2010 5:21 PM
**Subject:** Re: Fwd: newhireltr.doc - FYI

Ms. Cheatom,

I was employed at Police Payroll from 04/27/02 - 07/31/05 before I was laid off. I was nominated employee of the quarter for the period of October 1, 2002 - December 31, 2002. I'm processing payroll currently the same as a Senior. I designed and computerized File Maintenance for Police Payroll not Vicki Rice-Parker. Someone is lying and it is not me. I know everything about Police Payroll. Ask to see my processed work at Police Payroll and it will tell you the truth. I did an excellent job considering I was never paid Out-of-Class for my work at Police Payroll. I can prove it was a lie.

Human Resource Payroll

Bridget L. Murriel
Payroll & Personnel Clerk
City of Detroit - Payroll Department
Suite# 628
Coleman A. Young Municipal Ctr.
2 Woodward Avenue
Detroit, Michigan 48226
Office: 313-224-3940
Fax: 313-628-0771
Email: BriMur@detroitmi.gov

Dave Bing, Mayor


>>> BENITA CHEATOM 11/4/2010 3:15 PM >>>
Ms. Muriel,

Per the attached, you were returned to the Personnel & Payroll Clerk title because you did not successfully complete the probation period for the title Sr. Personnel & Payroll Clerk at the Police Department.

>>> Gail Oxendine 11/4/2010 1:46 PM >>>
Bridget,

Please contact Benita Cheatom regarding this matter. I'm sure the grounds for reversion related to your return to HR.


>>> Bridget Murriel 11/4/2010 12:33 PM >>>
Gail,

I was reverted back to a Personnel & Payroll Clerk for no reason.

Human Resource Payroll

Bridget L. Murriel
Payroll & Personnel Clerk
City of Detroit - Payroll Department
Suite# 628
Coleman A. Young Municipal Ctr.
2 Woodward Avenue
Detroit, Michigan 48226
Office: 313-224-3940
Fax: 313-628-0771
Email: BriMur@detroitmi.gov

Dave Bing, Mayor

>>> Gail Oxendine 11/4/2010 11:54 AM >>>
Bridget,

What is this and why have you sent this to me?

Gail A. Oxendine, Human Resources Director
City of Detroit - Human Resources Department
316 Coleman A. Young Municipal Ctr.
Two Woodward Avenue
Detroit, Michigan  48226
Office:  313-224-1345
Fax:  313-224-1750
Email:  oxendineg@detroitmi.gov

Dave Bing, Mayor


>>> Bridget Murriel 11/4/2010 10:20 AM >>>
Good Morning HR,

Please Review Attachment!

Human Resource Payroll

Bridget L. Murriel
Payroll & Personnel Clerk
City of Detroit - Payroll Department
Suite# 628
Coleman A. Young Municipal Ctr.
2 Woodward Avenue
Detroit, Michigan 48226
Office: 313-224-3940
Fax: 313-628-0771
Email: BriMur@detroitmi.gov

Dave Bing, Mayor


>>> Renee Laster 3/6/2008 10:14 AM >>>
Reporting information for Monday, 3/10/08.

Renee Laster
Human Resources Consultant
Employee Services Division
Coleman A.Young Municipal Ctr.
Room 316
313-224-3730 Phone
313-224-5609 Fax

**From:** Bridget Murriel
**To:** CHEATOM, BENITA
**Date:** 11/4/2010 5:35 PM
**Subject:** Re: Fwd: newhireltr.doc - FYI

Ms. Cheatom,

I was setup by management. Angela Obey-Young had no intentions of passing my probation. I over heard Angela Obey-Young telling Ester Ramos that she was not going to pass my probation and she could not wait to tell me I did not pass my probation.

Human Resource Payroll

Bridget L. Murriel
Payroll & Personnel Clerk
City of Detroit - Payroll Department
Suite# 628
Coleman A. Young Municipal Ctr.
2 Woodward Avenue
Detroit, Michigan 48226
Office: 313-224-3940
Fax: 313-628-0771
Email: BriMur@detroitmi.gov

Dave Bing, Mayor

>>> Bridget Murriel 11/4/2010 5:21 PM >>>
Ms. Cheatom,

I was employed at Police Payroll from 04/27/02 - 07/31/05 before I was laid off. I was nominated employee of the quarter for the period of October 1, 2002 - December 31, 2002. I'm processing payroll currently the same as a Senior. I designed and computerized File Maintenance for Police Payroll not Vicki Rice-Parker. Someone is lying and it is not me. I know everything about Police Payroll. Ask to see my processed work at Police Payroll and it will tell you the truth. I did an excellent job considering I was never paid Out-of-Class for my work at Police Payroll. I can prove it was a lie.

Human Resource Payroll

Bridget L. Murriel
Payroll & Personnel Clerk
City of Detroit - Payroll Department
Suite# 628
Coleman A. Young Municipal Ctr.
2 Woodward Avenue
Detroit, Michigan 48226
Office: 313-224-3940
Fax: 313-628-0771
Email: BriMur@detroitmi.gov

Dave Bing, Mayor

>>> BENITA CHEATOM 11/4/2010 3:15 PM >>>
Ms. Muriel,

Per the attached, you were returned to the Personnel & Payroll Clerk title because you did not successfully complete the probation period for the title Sr. Personnel & Payroll Clerk at the Police Department.

>>> Gail Oxendine 11/4/2010 1:46 PM >>>
Bridget,

Please contact Benita Cheatom regarding this matter. I'm sure the grounds for reversion related to your return to HR.

>>> Bridget Murriel 11/4/2010 12:33 PM >>>
Gail,

I was reverted back to a Personnel & Payroll Clerk for no reason.

Human Resource Payroll

Bridget L. Murriel
Payroll & Personnel Clerk
City of Detroit - Payroll Department
Suite# 628
Coleman A. Young Municipal Ctr.
2 Woodward Avenue
Detroit, Michigan 48226
Office: 313-224-3940
Fax: 313-628-0771
Email: BriMur@detroitmi.gov

Dave Bing, Mayor


>>> Gail Oxendine 11/4/2010 11:54 AM >>>
Bridget,

What is this and why have you sent this to me?

Gail A. Oxendine, Human Resources Director
City of Detroit - Human Resources Department
316 Coleman A. Young Municipal Ctr.
Two Woodward Avenue
Detroit, Michigan  48226
Office:  313-224-1345
Fax:  313-224-1750
Email:  oxendineg@detroitmi.gov

Dave Bing, Mayor


>>> Bridget Murriel 11/4/2010 10:20 AM >>>
Good Morning HR,

Please Review Attachment!

Human Resource Payroll

Bridget L. Murriel
Payroll & Personnel Clerk
City of Detroit - Payroll Department
Suite# 628
Coleman A. Young Municipal Ctr.
2 Woodward Avenue
Detroit, Michigan 48226
Office: 313-224-3940
Fax: 313-628-0771
Email: BriMur@detroitmi.gov

Dave Bing, Mayor


>>> Renee Laster 3/6/2008 10:14 AM >>>
Reporting Information for Monday, 3/10/08.

Renee Laster
Human Resources Consultant

Employee Services Division
Coleman A.Young Municipal Ctr.
Room 316
313-224-3730 Phone
313-224-5609 Fax

**From:** Bridget Murriel
**To:** CHEATOM, BENITA
**Date:** 11/5/2010 10:57 AM
**Subject:** Disrespected

Ms. Cheatom,

I am being disrespected because of this lie by Supervisors and Co-workers.

Human Resource Payroll

Bridget L. Murriel
Payroll & Personnel Clerk
City of Detroit - Payroll Department
Suite# 628
Coleman A. Young Municipal Ctr.
2 Woodward Avenue
Detroit, Michigan 48226
Office: 313-224-3940
Fax: 313-628-0771
Email: BriMur@detroitmi.gov

Dave Bing, Mayor

**From:** Bridget Murriel
**To:** CHEATOM, BENITA
**Date:** 11/10/2010 10:35 AM
**Subject:** Bridget Murriel

Good Morning Ms. Cheatom,

I am very disappointed of how one person can tell a lie on a person ,and everyone believed what she said, without any investigation. Renee Laster knew I worked at Police Payroll for three years, and 3 months before Angela O'bey-Young laid me off because of her on personal reasons. In order to be nominated for something you have to do something to help the department. Why would management of Police Payroll nominate me "Employee of the Quarter"???? I know how to process Police Payroll very well. No one else was nominated. I need answers to why no one asked me questions of why I did not sign the evaluation document. This has been a one sided scenario from the beginning of the lie. One of the GOD's commandments is "Thou shall not bare false witness against thy neighbor". I guess Angela O'bey-Young is unaware of this commandment and others who follow her lie she told against me. My career is damaged from this lie Angela O'bey-Young told against me.

P.S. Ms. Cheatom please help me resolve this lie!

Human Resource Payroll

Bridget L. Murriel
Payroll & Personnel Clerk
City of Detroit - Payroll Department
Suite# 628
Coleman A. Young Municipal Ctr.
2 Woodward Avenue
Detroit, Michigan 48226
Office: 313-224-3940
Fax: 313-628-0771
Email: BriMur@detroitmi.gov

Dave Bing, Mayor

**From:** Bridget Murriel
**To:** CHEATOM, BENITA
**Date:** 11/12/2010 9:29 AM
**Subject:** Re: Bridget Murriel

**CC:** Mayor, Mayor

Ms. Cheatom,

I filed a grievance with all three unions I was employed at the time. I brought it to eveyone's attention and nothing was done about her lying on me. I am trying to resolve this matter with current management. I have in writing from Angela O-bey Young of what a great employee I am. I am being harassed by Bobbie Jo Wright. She constantly tries to write me up for no reason. I took the test twice and passed their are employees who are Seniors and did not pass the test. What can you do for me now? I am tried of Bobbie Jo Wright disrespecting me and trying to write me up for no reason. Maybe I have to pursue legal help outside the city to resolve unethical business practices.

Thank you!

Human Resource Payroll

Bridget L. Murriel
Payroll & Personnel Clerk
City of Detroit - Payroll Department
Suite# 628
Coleman A. Young Municipal Ctr.
2 Woodward Avenue
Detroit, Michigan 48226
Office: 313-224-3940
Fax: 313-628-0771
Email: BriMur@detroitmi.gov

Dave Bing, Mayor

>>> BENITA CHEATOM 11/10/2010 7:29 PM >>>
Good evening Ms. Muriel,

There is nothing that I can do about your having been reverted during your probation period for Senior P & P at DPD. The Probation Evaluation form contains the following statement pertaining to your signature and resolution options that were available to you:

Employee Certification: I understand that my signature does not imply agreement with this evaluation. I also understand that I may submit a statement of explanation to be included, along with this evaluation, in the official record, as well as pursue any avenues of appeal available to me.

Please note that the time limit for filing a grievance about this matter expired over 2 years ago.

>>> Bridget Murriel 11/10/2010 10:35 AM >>>
Good Morning Ms. Cheatom,

I am very disappointed of how one person can tell a lie on a person ,and everyone believed what she said, without any investigation. Renee Laster knew I worked at Police Payroll for three years, and 3 months before Angela O'bey-Young laid me off because of her on personal reasons. In order to be nominated for something you have to do something to help the department. Why would management of Police Payroll nominate me "Employee of the Quarter"???? I know how to process Police Payroll very well. No one else was nominated. I need answers to why no one asked me questions of why I did not sign the evaluation document. This has been a one sided scenario from the beginning of the lie. One of the GOD's commandments is "Thou shall not bare false witness against thy neighbor". I guess Angela O'bey-Young is unaware of this commandment and others who follow her lie she told against me. My career is damaged from this lie Angela O'bey-Young told against me.

P.S. Ms. Cheatom please help me resolve this lie!

Human Resource Payroll

Bridget L. Murriel
Payroll & Personnel Clerk
City of Detroit - Payroll Department
Suite# 628
Coleman A. Young Municipal Ctr.
2 Woodward Avenue
Detroit, Michigan 48226
Office: 313-224-3940
Fax: 313-628-0771
Email: BriMur@detroitmi.gov

Dave Bing, Mayor

# HUMAN RESOURCES DEPARTMENT

## RULE 7

## PROBATION PERIODS

**Section 1.**  **Nature of Probation Period**

Probationary periods construed as "working test" periods are required in selection and placement processes to supplement other evaluations to determine whether an employee fully meets the performance and entrance qualifications for the classification in which employed.

**Section 2.**  **Employment Requiring Probation Period**

Probationary periods are required:

a. In all cases of initial certified hire to the classified service.

b. In all cases of promotion in the classified service.

c. In all cases of transfer, transfer-promotion or transfer-demotion, including all cases of transfer between departments.

d. In all instances of reinstatement to the classified service.

e. In all instances of certification and employment from a preferred re-employment list to a classification different than the re-employment list.

**Section 3.**  **Duration of Probation Period**

The period of probation in any classification shall commence immediately upon date of hire or the effective date of a change in status, but may not be prior to the employee's assumption of the duties.

a. For the following classifications, the probation period shall be six months: all supervisory, administrative, professional, technical and trainee classifications.

b. For all other classifications in which employment is on a full-time basis for three months or more the probation period shall be three months.

c. Exceptions to (a) and (b) above may be established by action of the

Human Resources Director and may be requested by the head of the employing department.

**Section 4.**   **Probation Reports**

a. Probation report forms shall be provided to departments by the Human Resources Department.

b. At such times during the probation period and in such manner as the Human Resources Department may require, the department head or his designated representative shall report to the Human Resources Department evaluations of the employee's work performance and qualifications for the classification in which employed.

c. Probation reports shall be reviewed with the employee prior to the expiration of the probation period. Such reports must be received by the Human Resources Department no later than 15 days following the expiration of the probation period.

d. An employee subject to a probation period, either upon initial hire or status change, shall be deemed as having acquired regular status in the classification in which employed upon the expiration of the probation period unless the employing department, on a timely basis, submits a report of unsatisfactory performance or requests an extension of the probation period.

**Section 5.**   **Extension of Probation Period**

A probation period may, upon departmental request, be extended once for an interval not to exceed the length of the initial period provided that written reasons acceptable to and approved by the Human Resources Department are provided by the employing department.

**Section 6.**   **Termination of Probation**

a. Initial Hire:

1. At any time during an employee's initial hire probation period, a department head or his designated representative may recommend the discharge of the employee if observed performance is such that the employee appears to be unable, unwilling or unqualified to perform the duties of the classification in which employed or that the employee's habits and dependability do not merit continuance

Page 2 of 3

of the employee in City service. Such recommendation must be supported by written reasons.

2. At the time of the recommendation to discharge, the department may remove the probationary employee from employment by suspension pending action on the recommendation to discharge. If the recommendation is approved by the Human Resources Director, the department may proceed to discharge the employee.

b. Promotions, Transfers, etc.

1. The employing department shall report its evaluation of the departmental recommendation as to the retention of the employee or the reversion of the employee to the employee's last prior status.

Unless the Human Resources Director finds that a department recommendation for reversion in status is not warranted, and so notifies the employing department, the employee shall revert to the employee's last prior status effective as of the date the employee is so reassigned.

2. No employee serving a probation period as a condition to a status change may be discharged except for reasons which would have been grounds for discharge in the position held previous to the status change.

**Section 7.  Additional Provisions on Probation Periods**

a. All employees must satisfactorily complete the probationary period required for the classification in which employed, to be considered eligible for promotion or transfer to any other classification.

b. Where an employee has been certified and is laid off prior to completion of the probation period, he shall be placed on the preferred eligible list and shall upon re-certification be required to complete the probation period.

C.S.C.  Adopted: 12/16/75
Revised: 04/22/80



**INTER-OFFICE MEMORANDUM**
**HUMAN RESOURCES BUREAU**

| Date |
| --- |
| November 25, 2014 |

James E. Craig
Chief of Police    D.P.D. 568 (rev. 7/09)

To:        Bridget Murriel, Personnel and Payroll Records System Clerk

From:      Gail A. Oxendine, Director of Police Personnel

Subject:   **Reversion from Senior Personnel and Payroll Clerk to Personnel and Payroll Clerk -- July 14, 2008**

You have made several inquiries since 2008 with respect to your reversion as referenced above. You have indicated that you were reverted in error, and that you passed your probationary period as a Senior Personnel and Payroll Clerk. Upon review of your personnel files, and the documents you have submitted, below is a summary of the facts, my findings and decision.

<u>Summary of Events</u>

- You were transferred-promoted to Senior Personnel and Payroll Clerk at the Police Department on March 10, 2008.
- On March 20, 2008, you were issued a Notification of Probation by your supervisor, Odessa Lewis. Your initial probation trial period was March 10, 2008 -- June 10, 2008. The Notification of Probation (which you signed), indicates the following: "I understand that my status in this position is that of a probationary employee and that in order to qualify for permanent status, I must demonstrate an acceptable level of work performance during the probation period." Also, the notification states, ". . . Based on the final evaluation, the decision will be made to grant you permanent status, extend the probation period, revert you to your last prior status, or terminate employment."
- On June 4, 2008, your probation was extended for 90 to enable you to gain additional experience with the payment of lump sums, processing suspensions and leaves of absence, and processing inactive employees. The extended probationary period was June 10, 2008 -- September 10, 2008. It is noted on the form that you refused to sign the Probation Trial Period Report. Your refusal to sign, however, did not negate your probation being recommended for extension by your immediate supervisor, approved by the division manager and approved by the Central Human Resources Director.
- On July 11, 2008, you were notified that you were being reverted to your previous status as a Personnel and Payroll Clerk effective July 14, 2008. This transaction was again recommended by your immediate supervisor, approved by the division manager, and approved by the Central Human Resources Director. It is noted that you refused to sign the Final Probation Report. However, again, your refusal did not negate the approval of the reversion. It should also be noted, that on the Final Probation Report, there is an Employee Certification statement which reads, "I understand that my signature does not imply agreement with this evaluation. I also

understand that I may submit a statement of explanation to be included along with this evaluation, in the official record, as well as pursue any avenues of appeal available to me." Your file does not contain any record of your filing a grievance with AFSCME, or any written statement with respect to your disagreement with the decision of reversion.

- On December 9, 2008, you sent an email to the Hearings and Policy Division of the Human Resources Department with respect to the reversion. Ms. Brenda Braceful, Hearings and Policy Manager provided a three page response to your inquiry. Her response indicated that you said you filed a grievance with your union regarding this matter and she advised that you continue this path, as you were not eligible to file a grievance as set forth in Human Resources Department Rule 17 – Employee Grievances. In 2008, the AFSCME labor agreement provided that the grievance procedure contained within the labor agreement "shall be the exclusive grievance procedure for all members of the bargaining unit."
- On November 4, 2010, you contacted me, Gail A. Oxendine, who was then, the Human Resources (HR) Director for the City of Detroit. I referred you to the HR Manager for the HR Department, Ms. Benita Cheatom.
- On November 4, 2010 you contacted Ms. Benita Cheatom, HR Manager, regarding this same matter. Several emails were exchanged between you and Ms. Cheatom regarding this matter. Ms. Cheatom indicated there was nothing that could be done about this issue since you had been reverted to the Human Resources Department from Police two years prior. She indicated that the time limit for filing a grievance had expired two years prior. She also brought to your attention the Employee Certification statement on the final trial report as referenced earlier. You indicated you had filed grievances with three unions and that your prior Police supervisors lied about your performance.
- November, 2014, you again have made inquiries to Crystal Perkins, Business Analyst, Police HR, and to me, Gail A. Oxendine, Director of Police Personnel. However, you have not provided any additional information than what was provided in 2008 and 2010.

Findings

- You were duly informed of your initial probationary period of 90 days. Your probationary period was recommended and approved for extension for an additional 90 days, in accordance with HR Rule 7 – Probation Periods and the AFSCME Labor Agreement.
- Prior to the end of the probation extension, you were recommended and approved for reversion to your prior classification and department. You were duly informed of the reversion.
- Although you indicated you filed grievances with three unions, you have NOT provided the final disposition of the grievance(s), nor is there any record in your personnel files with respect to a grievance being filed.

- There is no written record submitted by you, in June or July 2008, of your disagreement with the decision to extend your probation, or to revert to your previous classification. The first written notification of your disagreement was in December 2008, which was beyond the time period in which the AFSCME labor agreement provided for filing grievances.
- You have requested this matter be examined on at least three different occasions during the past 6 ½ years. You have been informed on each occasion, the rationale for reversion, and that there is nothing further the City of Detroit can do regarding this matter.

Given the above, your reversion from Senior Personnel and Payroll Clerk to Personnel and Payroll Clerk effective July 14, 2008, was proper, in accordance with Human Resources Rules, and is **upheld**. Please note that no further consideration will be given in this matter. **This matter is considered permanently closed.** Any further communication regarding this matter will not be addressed.

**GAIL A. OXENDINE**
Director of Police Personnel