IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
                                                        :   Chapter 9
In re                                                   :
                                                        :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                              :
                                                        :   Hon. Thomas J. Tucker
                    Debtor                              :
------------------------------------------------------- x

**DEBTOR'S REPLY IN FURTHER SUPPORT OF ITS OBJECTION TO CLAIM
NUMBER 1074 FILED BY LUE DAVID JACKSON**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Lue David Jackson's letter dated April 6, 2015[1] (the "Letter") [Dkt. No. 9627], and in further support of the City's Thirteenth Omnibus Objection to Certain No Basis Claims ("Thirteenth Omnibus Objection") [Dkt. No. 9568] regarding claim number 1074 (the "Claim"), respectfully states as follows:

## BACKGROUND

1. On July 18, 2013 (the "Petition Date"), the City filed this bankruptcy case.

2. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3. On July 9, 2014, this Court entered its Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures [Dkt. No. 5872] (the "Claims

---

[1] The Court docketed Mr. Todd's letter dated April 6, 2015 as a Letter, not as a Response on its ECF system. Therefore, the City files this Reply in an abundance of caution in the event the Letter is treated as a Response.

1
4833-1296-5155.2

Procedures Order"), allowing the City to file an omnibus objection with respect to claims that do not identify a valid basis for any liability of the City or which were filed without supporting documentation (Claim Procedures Order at 2.).

4. On February 18, 2014, Mr. Jackson filed the Claim as a general unsecured claim in the amount of $71,825.81.

5. On March 30, 2015, the City filed its Thirteenth Omnibus Objection [Dkt. No. 9568]. As to the claims objected to in the Thirteenth Omnibus Objection, the City determined that there was no basis for liability on the part of the City as stated in the respective proofs of claim.

6. In his Claim, Mr. Jackson stated that the basis for his claim is "Contingent & unsecured principal & interest charges." Mr. Jackson's proof of Claim No. 1074 is attached as **Exhibit 1**.

7. The City filed the Thirteenth Omnibus Objection and objected to Mr. Jackson's Claim because there is no basis for any liability to Mr. Jackson. Upon review of Mr. Jackson's Claim, it appears to have been filed for claims relating to Mr. Jackson's mortgage. Individual mortgage agreements between the claimant and his lender, to which the City is not a party, are not the subject of this bankruptcy claims administration process.

8. Attached to Mr. Jackson's proof of claim are deed and title documents, as well as property tax and mortgage bill information from Bank of America.

9. Mr. Jackson does not allege that the City owes him any money.

10. On or about March 30, 2015, Mr. Jackson was served notice of the Thirteenth Omnibus Objection. *See* Notice at Dkt. 9568.

11. On April 6, 2015, Mr. Jackson filed a Letter with this Court apparently alleging that his Claim should not be expunged, but stating no arguments in support thereof. The Letter does not provide any basis or documentation in support of the Claim.

12. Because Mr. Jackson does not provide an appropriate basis for liability on the part of the City, the Claim should be expunged.

## ARGUMENT

13. Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).[2] Bankruptcy Rule 3007(d) and the Claims Procedure Order allow the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims should be disallowed and expunged because there is no basis for liability on the part of the City or there is no documentation submitted with the proof of claim supporting the claims.

14. Only proofs of claim that comply with Bankruptcy Rule 3001 are presumed to be valid in the amount filed.

15. In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (*citing In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

16. Pursuant to Section 101 of the Bankruptcy Code, a creditor holds claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. *See* 11 U.S.C. §§ 101(5), 101(10). There is no right to payment to the extent that the asserted liability is not

---

[2] Section 502 of the Bankruptcy Code is applicable to this Chapter 9 case through Section 901 of the Bankruptcy Code. *See* 11 U.S.C. § 901.

due and owing by the debtor.

17. Mr. Jackson's Claim does not state a proper basis for liability against the City nor does it include any supporting documentation. Therefore, the Claim should be expunged due to its failure to meet the requirements of Federal Rule of Bankruptcy Procedure 3001.

18. Mr. Jackson's Claim appears to be for the payment of Mr. Jackson's mortgage. Individual mortgage agreements between the claimant and his lender, to which the City is not a party, are not the subject of this bankruptcy claims administration process. Mr. Jackson has provided no basis for liability on the part of the City.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 1, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*

**CERTIFICATE OF SERVICE**

   I hereby certify that on May 1, 2015, I caused the *City of Detroit's Reply in Support of Its Objection to Claim Number 1074 Filed By Lue David Jackson* to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants in this bankruptcy case. I hereby certify that a copy was also served via Federal Express to the following party:

  Lue David Jackson
  9336 Pierson
  Detroit, MI 48228

Dated: May 1, 2015

            FOLEY & LARDNER LLP

            By: /s/ *John A. Simon*
            John A. Simon (P61866)
            Jeffrey S. Kopp (P59485)
            Tamar N. Dolcourt (P73425)
            Leah R. Imbrogno (P79384)
            500 Woodward Ave., Ste. 2700
            Detroit, MI 48226
            313.234.7100
            jsimon@foley.com
            jkopp@foley.com
            tdolcourt@foley.com
            limbrogno@foley.com

            *Counsel for the Debtor, City of Detroit, Michigan*

4833-1296-5155.2