IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

--------------------------------------------------------X
: Chapter 9
IN RE :
: Case No. 13-53846
CITY OF DETROIT, MICHIGAN, :
: Hon. Thomas J. Tucker
DEBTOR :
--------------------------------------------------------X

**DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NUMBER 3497
FILED BY JACKIE'S TRANSPORT, INC.**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Jackie's Transport, Inc.'s ("Jackie's") response (the "Response") [Dkt. No. 9763] to the City's Twelfth Omnibus Objection to Certain Late-Filed Claims (the "Objection") [Dkt. No. 9567] to claim number 3497 (the "Claim"), respectfully states as follows:

**BACKGROUND**

1. From July 11, 2011 through September 9, 2011, Jackie's provided services as a subcontractor to Upright Wrecking & Demolition, L.L.C. ("Upright"), under a contract between Upright and the City (the "Contract"). *See* Claim, p. 3.

2. On or about January 12, 2012, Upright assigned to Jackie's $88,000 that it was owed by the City under the Contract. *Id*.

3. In its Claim, Jackie's admits it was paid $34,274.50 under its assignment. *Id*.

4. On July 18, 2013 (the "Petition Date"), the City filed this chapter 9 case.

5. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar*

1

*Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

6. The Bar Date Order established February 21, 2014 (the "Bar Date") as the deadline for filing certain claims against the City.

7. Jackie's admits it received the Bar Date Notice. Response, ¶10.

8. The Bar Date Notice stated that the proof of claim had to be received on or before the Bar Date. *See* Bar Date Order, Annex 1, pp. 1; 8.

9. The Bar Date Notice also stated that if a proof of claim is not filed by the Bar Date, the claimant would not be entitled to receive distributions from the City. *See Id.*, Annex 1, p. 9.

10. The Response states that Jackie's counsel mailed the proof of claim form via the United States Postal Service's first class mail service on February 18, 2014. Response, ¶9.

11. The Claim seeks $53,725.50, the remaining portion of the $88,000 assignment Jackie's received from Upright.

12. KCC received the proof of claim on February 24, 2014, three days after the Bar Date. *See* Exhibit 1, date-stamped proof of claim form indicating February 24, 2014 receipt by KCC; Exhibit 2, date stamped envelope with certified mail number, indicating receipt by KCC on February 24, 2014; Exhibit 3, tracking information from United States Postal Service website showing delivery of the Claim to El Segundo, California (the location of KCC's California processing facility) on February 24, 2014.

13. On March 30, 2015, the City filed the Objection, including an objection to the Claim as late-filed.

2
4838-2650-6275.1

13-53846-tjt    Doc 9784    Filed 05/01/15    Entered 05/01/15 15:08:55    Page 2 of 6

14. On April 27, 2015, Jackie's filed the Response. In the Response, Jackie's argues that the Claim was not late filed because its counsel mailed the Claim before the Bar Date and alleges that any delay was the result of the claims agent's processing of the Claim.

## ARGUMENT

15. Bar dates are designed to promote finality and efficient administration of the bankruptcy process. *In re National Steel Corp.*, 316 B.R. 510, 514 (Bankr. N.D. Ill. 2004). Typically, claimants who do not timely file proofs of claim are barred from receiving distributions from the estate. *Id*. at 515. In *National Steel*, an entity affiliated with the debtors sought to file a claim seeking indemnification after the bar date. The court declined to allow the late-filed claim because of the negative impact it would have on the estate and other creditors. *Id*. at 521.

16. Here, the Claim should be disallowed and expunged because it was not timely filed, and because the delay in filing was solely in Jackie's control. Allowance of the Claim, despite Jackie's failure to adhere to the Bar Date Order, is unfair to the thousands of other claimants who did follow the Bar Date Order and did timely file their claims. It is also harmful to the efficient administration of bankruptcy cases. Bar Dates are strict deadlines which allow debtors finality and certainty during the case. They should not be disregarded because a Claim was received a few days late. Debtors will not be able to determine the amount of claims at issue when they cannot be sure which late-filed claims will be allowed. In this case, the Claim was received three days after the Bar Date. If a claim received three days after a bar date is allowed, would a claim received a week after the bar date be allowed? Two weeks? A month? Rather than introduce such uncertainty into the system, all participants in the bankruptcy process are better served by a strict adherence to the Bar Date.

17. Here, the Bar Date Notice clearly stated that claims had to be <u>received</u> at KCC's facility on or before the Bar Date. The Bar Date Notice also states that any claimant whose claim was not received by the Bar Date would be unable to recover on account of such claim from the City.

18. Jackie's does not allege any deficiency in the Bar Date Order, the Bar Date Notice, or the service of such notice. *See* Response, ¶¶ 10, 11.

19. Instead, Jackie's argues that it mailed the proof of claim three days before the Bar Date and without any basis for its conclusion, that any delay must for some reason be the result of a delay at the claims agent, KCC.

20. Contrary to the premise of Jackie's argument, and the express dictates of the Bar Date Order, KCC did not receive the Claim on or before the Bar Date.

21. The Claim was received by KCC after the Bar Date, on February 24, 2014, and stamped as such. *See* Exs. 1, 2, and 3.

22. Jackie's does not have any evidence to support its bare allegation that KCC was somehow dilatory in processing the Claim. Rather, it seems to believe that sending a proof of claim from Michigan to California via first class mail three days before the Bar Date was sufficient to comply with the Bar Date Order. It was not.

23. In fact, the United States Postal Service tracking website demonstrates that the Claim did not arrive in El Segundo until February 24, 2014. *See* Ex. 3. KCC promptly and diligently processed the Claim the day it was received. There is simply no merit to Jackie's contention that KCC delayed processing the Claim.

24. In order to ensure compliance with the Bar Date Order, Jackie's counsel could have, but did not, use an overnight delivery service which could have guaranteed receipt on or

before the Bar Date and provided evidence of such receipt. Similarly, Jackie's counsel could have, but did not, hand-file the proof of claim with the Court in Detroit. Either of those options, each of which was solely in Jackie's control, would have ensured a timely filed proof of claim.

25. Instead, Jackie's ignored the potential safeguards it could have used to ensure a timely filed claim. Rather, Jackie's took the risk that its Claim would arrive in California from Michigan, approximately 2300 miles away, in only three days. The Claim did not arrive on or before the Bar Date and therefore should be disallowed.

26. No cause exists to overrule the Court's own prior order and allow Jackie's untimely Claim.

27. To the extent the Court does not disallow the Claim as late-filed; the City reserves all of its rights to object to the Claim on any other grounds.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 1, 2015

FOLEY & LARDNER LLP

By: /s/ Tamar N. Dolcourt
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*

**CERTIFICATE OF SERVICE**

       I hereby certify that on May 1, 2015, I caused the *City of Detroit's Reply to Response to Objection to Claim Number 3497 Filed By Jackie's Transport, Inc.* to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants in this bankruptcy case. I hereby certify that a copy was also served via Federal Express to the following party:

    Jackie's Transport, Inc.
    c/o Yuliy Osipov
    20700 Civic Center Dr., Suite 420
    Southfield, MI 48076

Dated: May 1, 2015

                                      FOLEY & LARDNER LLP

                                      By: /s/ Tamar N. Dolcourt
                                      John A. Simon (P61866)
                                      Jeffrey S. Kopp (P59485)
                                      Tamar N. Dolcourt (P73425)
                                      Leah R. Imbrogno (P79384)
                                      500 Woodward Ave., Ste. 2700
                                      Detroit, MI 48226
                                      313.234.7100
                                      jsimon@foley.com
                                      jkopp@foley.com
                                      tdolcourt@foley.com
                                      limbrogno@foley.com

                                      *Counsel for the Debtor, City of Detroit, Michigan*

4838-2650-6275.1