IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Honorable Thomas J. Tucker |

**STIPULATION BY AND AMONG THE CITY OF DETROIT
AND LASALLE TOWN HOUSES COOPERATIVE ASSOCIATION,
NICOLET TOWN HOUSES COOPERATIVE ASSOCIATION,
LAFAYETTE TOWN HOUSES, INC., JOLIET TOWN HOUSES
COOPERATIVE ASSOCIATION, AND ST. JAMES COOPERATIVE,
ON BEHALF OF THEMSELVES AND THE CLASS RESOLVING
<u>ADMINISTRATIVE EXPENSE MOTION (Doc. No. 9101)</u>**

The City of Detroit (the "<u>City</u>") and LaSalle Town Houses Cooperative

Association ("<u>LaSalle</u>"), Nicolet Town Houses Cooperative Association

("<u>Nicolet</u>"), Lafayette Town Houses, Inc. ("<u>Lafayette</u>"), Joliet Town Houses

Cooperative Association ("<u>Joliet</u>"), and St. James Cooperative ("<u>St. James</u>," and

collectively with LaSalle, Nicolet, Lafayette, and Joliet, the "<u>Plaintiffs</u>"), on behalf

of themselves and their certified class (collectively with the Plaintiffs, the

"<u>Claimants</u>") stipulate as follows:

WHEREAS, on or about August 23, 2012, the Plaintiffs filed a complaint

("<u>Complaint</u>") in the United States District Court for the Eastern District of

Michigan ("<u>District Court</u>"), Case No. 12-cv-13747 ("<u>District Court Case</u>")

seeking certain damages, credits, fees and costs ("Monetary Relief") and injunctive relief;

WHEREAS, on July 29, 2013, the District Court entered an order staying the District Court Case on account of the filing of the City's bankruptcy petition [District Court Case, Doc. No. 36];

WHEREAS, on December 18, 2013, this Court granted the Plaintiffs relief from stay "to continue prosecution of the class action for the limited purpose of pursuing class certification, establishing liability, and seeking to enjoin the DWSD from charging improper rates." [Doc. No. 2223];

WHEREAS, on February 21, 2014, the Class Claimants filed a proof of claim in the City's bankruptcy case which appears as claim number 2833 ("Class Proof of Claim");

WHEREAS, on February 21, 2014, LaSalle filed a proof of claim in the City's bankruptcy case which appears as claim number 2825 ("LaSalle Proof of Claim");

WHEREAS, on February 21, 2014, Nicolet filed a proof of claim in the City's bankruptcy case which appears as claim number 2828 ("Nicolet Proof of Claim");

WHEREAS, on February 21, 2014, Lafayette filed a proof of claim in the City's bankruptcy case which appears as claim number 2863 ("Lafayette Proof of Claim");

WHEREAS, on February 21, 2014, Joliet filed a proof of claim in the City's bankruptcy case which appears as claim number 2822 ("Joliet Proof of Claim");

WHEREAS, on February 21, 2014, St. James filed a proof of claim in the City's bankruptcy case which appears as claim number 2823 ("St. James Proof of Claim," and with the LaSalle Proof of Claim, the Nicolet Proof of Claim, the Lafayette Proof of Claim, and the Joliet Proof of Claim, the "Individual Proofs of Claim");

WHEREAS, on March 3, 2014, the District Court entered an Order Denying Motion to Dismiss [#22], Granting Motion to Certify Class [#20], Finding Renewed Motion to Certify Class [#38] Moot, Finding Renewed Motion to Dismiss [#45] Moot and Cancelling Oral Argument and Setting Status Conference for March 4, 2014 [District Court Case, Doc. No. 47] ("Class Certification Order");

WHEREAS, on April 30, 2014, the Court approved a stipulation between the City and the Claimants, granting class certification to the class, which certification remains effective unless class certification is set aside by the District Court or otherwise reversed or denied on appeal [Doc. No. 4335];

WHEREAS, on January 26, 2015, the Claimants filed their Class Claimants' Motion for Allowance and Payment of Administrative Expenses ("Administrative Expense Motion," Doc. No. 9101);

WHEREAS, the City and the Claimants currently are litigating the District Court Case;

WHEREAS, on October 22, 2014, the City filed the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014) [Doc. No. 8045] ("Plan"), which Plan became effective on December 10, 2014 ("Effective Date").

NOW, THEREFORE, the City and the Claimants stipulate as follows:

1. The Administrative Expense Motion is settled and resolved as set forth in this Stipulation.

2. If the Class Certification Order becomes a Final Order,[1] then the Individual Proofs of Claim, having been superseded by the Class Proof of Claim, will be deemed withdrawn with prejudice by the Plaintiffs. In such event, the

---

[1] "Final Order" means an order or judgment of any court of competent jurisdiction, as entered on the docket of such court, that has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek certiorari or move, under Rule 59 of the Federal Rules of Civil Procedure, for a new trial, reargument or rehearsing has expired, and no appeal or petition for certiorari or other proceedings for a new trial, reargument or rehearing has been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been timely filed has been withdrawn or resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought or the new trial, reargument or rehearing shall have been denied or resulted in no modification of such order; provided, that the possibility that a motion under Rule 60 of the Federal Rules of Civil Procedure may be filed shall not prevent such order from becoming a Final Order.

City's claim's agent is authorized to update the claims register accordingly without further Order of this Court.

3. If there is a Final Order entered in the District Court Case denying the Claimants any recovery or otherwise resolving the District Court Case in favor of the City, then the Class Proof of Claim and the Individual Proofs of Claim will be deemed withdrawn with prejudice, and none of the Claimants will have any further claims of any kind against the City as of the Effective Date. In such event, the City's claim's agent is authorized to update the claims register accordingly without further Order of this Court.

4. If there is a Final Order entered in the District Court Case whereby the District Court awards any Monetary Relief ("<u>Monetary Award</u>") to the Claimants, the pre-petition amount of the Monetary Award will be treated as a general unsecured claim in class 14 of the Plan and the post-petition amount of the Monetary Award will be paid by the City.

5. The City and the Claimants agree that they will seek to have the District Court apportion any Monetary Award awarded into pre- and post-petition amounts. If the District Court does not do so and the City and the Claimants are unable to agree on an apportionment of the Monetary Award, either the City or the Claimants may request a hearing in this Court to apportion the Monetary Award

into pre- and post-petition amounts. The Class Proof of Claim will be deemed amended in the pre-petition amount of the Monetary Award.

6. The City and the Class Claimants request that this Court enter an order in substantially the same form as the one attached as Exhibit A.

STIPULATED:

Dated: May 6, 2015

ATTORNEYS FOR THE CITY OF DETROIT

By: /s/ Ronald A. Spinner
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
Ronald A. Spinner (P73198)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
swansonm@millercanfield.com
spinner@millercanfield.com

and

ATTORNEYS FOR CLASS CLAIMANTS

By: /s/ Robert N. Bassel
Robert N. Bassel (P48420)
P. O. Box T
Clinton, MI 49236
(248) 677-1234
bbassel@gmail.com

# EXHIBIT A

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Honorable Thomas J. Tucker |

**ORDER APPROVING STIPULATION
BY AND AMONG THE CITY OF DETROIT AND
LASALLE TOWN HOUSES COOPERATIVE ASSOCIATION,
NICOLET TOWN HOUSES COOPERATIVE ASSOCIATION,
LAFAYETTE TOWN HOUSES, INC., JOLIET TOWN HOUSES
COOPERATIVE ASSOCIATION, AND ST. JAMES COOPERATIVE,
ON BEHALF OF THEMSELVES AND THE CLASS RESOLVING
ADMINISTRATIVE EXPENSE MOTION (Doc. No. 9101)**

This matter having come before the Court on the *Stipulation by and Among the City of Detroit and LaSalle Town Houses Cooperative Association, Nicolet Town Houses Cooperative Association, Lafayette Town Houses, Inc., Joliet Town Houses Cooperative Association, and St. James Cooperative, on Behalf of Themselves and the Class*,[1] the Court having reviewed the stipulation and being otherwise apprised of the matter, and there being good cause, NOW THEREFORE IT IS ORDERED THAT

1. The stipulation is approved to the extent set forth in this Order.

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Stipulation.

2. The *Class Claimants' Motion for Allowance and Payment of Administrative Expense*, filed at Docket Number 9101 in this bankruptcy case, is settled and resolved as set forth in this Order.

3. If the Class Certification Order becomes a Final Order, then the Individual Proofs of Claim, having been superseded by the Class Proof of Claim, will be deemed withdrawn with prejudice by the Plaintiffs. In such event, the City's claim's agent is authorized to update the claims register accordingly without further Order of this Court.

4. If there is a Final Order entered in the District Court Case denying the Claimants any recovery or otherwise resolving the District Court Case in favor of the City, then the Class Proof of Claim and the Individual Proofs of claim will be deemed withdrawn with prejudice, and none of the Claimants will have any further claims of any kind against the City as of December 10, 2014 (the Effective Date of the Plan). In such event, the City's claim's agent is authorized to update the claims register accordingly without further Order of this Court.

5. If there is a Final Order entered in the District Court Case whereby the District Court awards a Monetary Award to the Claimants, the pre-petition amount of the Monetary Award will be treated as a general unsecured claim in class 14 of the Plan and the post-petition amount of the Monetary Award will be paid by the City.

6. The City and the Claimants agree that they will seek to have the District Court apportion any Monetary Award into pre- and post-petition amounts. If the District Court does not do so and the City and the Claimants are unable to agree on an apportionment of the Monetary Award, either the City or the Claimants may request a hearing in this Court to apportion the Monetary Award into pre- and post-petition amounts. The Class Proof of Claim will be deemed amended in the pre-petition amount of the Monetary Award.