# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

------------------------------------------------------- x

In re

CITY OF DETROIT, MICHIGAN,

Debtor

------------------------------------------------------- x

Chapter 9

Case No. 13-53846

Hon. Thomas J. Tucker

## DEBTOR'S OBJECTION CLAIM NUMBER 302 FILED BY THOMAS AND LINDA SIMMONS

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claim number 302 (the "Claim") and its request for an order reclassifying the Claim as a general unsecured claim, substantially in the form attached hereto as Exhibit 1, respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of*

4843-8095-0563.1

*Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under Chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 12, 2014, this Court entered an Order Confirming the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Dkt. 8272) (the "Plan").

6. The Plan became effective on December 10, 2014 (the "Effective Date").

7. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

8. On July 9, 2014, this Court entered its *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* (Docket No. 5872) (the "Claims Procedures Order").

9. On December 19, 2013, claimants Thomas and Linda Simmons filed the Claim as an administrative claim in the amount of $25,000. The basis for the claim is a Detroit School Bond. A copy of the as-filed Claim is attached as Exhibit 2.

10. The claimants incorrectly indicated on the proof of claim form that the Claim is an administrative claim. As a result, the claim is currently on the claims register as an administrative claim despite not meeting the requirements of an administrative claim.

**RELIEF REQUESTED**

11.     The City files this objection to the Claim pursuant to the Bar Date Order, Sections 502(b) and 503(b)(9), of the Bankruptcy Code[1], Rule 3007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Claims Procedures Order, seeking entry of an order reclassifying the Claim as a general unsecured claim. The Claim was filed as an administrative priority claim under Section 503(b). The Claim (a) does not meet the requirements of Section 503(b) of the Bankruptcy Code, and (b) did not properly assert an administrative priority claim pursuant to the Bar Date Order.

12.     Other than seeking reclassification of the Claim as a general unsecured claim, this objection does not address the substance of the Claim. Accordingly, the objection does not constitute any admission or determination as to any fact concerning the Claim, other than the City's position that such claims do not meet the requirements for administrative priority treatment. The City reserves all of its rights to object, on any basis, to the Claim, beyond the basis set forth in this objection.

**BASIS FOR RELIEF REQUESTED**

13.     Section 503(b) allows creditors to file claims seeking administrative expense priority. Claims which meet the requirements of Section 503(b) are entitled to administrative, rather than general unsecured, priority.

14.     Under the Bar Date Order, "all administrative claims under section 503(b) of the Bankruptcy Code, other than 503(b)(9) claims and the administrative portion of Rejection Damages Claims, shall not be deemed proper if asserted by proof of claim." Bar Date Order, ¶ 5.

---

[1] Sections 502 and 503 of the Bankruptcy Code are made applicable to Chapter 9 proceedings through Section 901(a) of the Bankruptcy Code.

4843-8095-0563.1

15.     As such, only claims under Section 503(b)(9) and the administrative portion of Rejection Claims are properly asserted as administrative priority claims using a proof of claim form.  If the alleged administrative priority claim did not fall under Section 503(b)(9) and was not the administrative portion of a Rejection Claim, then it was required to be filed within 45 days after the Effective Date and, pursuant to the Bar Date Order, "shall not be deemed proper if asserted by proof of claim." *See* Plan Art. II.A.2(a); Bar Date Order ¶ 5.

16.     The City has reviewed the Claim and confirmed that the Claim was not properly filed as an administrative priority claim pursuant to the Bankruptcy Code or the Bar Date Order.

17.     Specifically, the Claim is not a Section 503(b)(9) or Rejection Claim, and it was filed by proof of claim, in direct contravention of the Bar Date Order.

18.     Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed hereto as <u>Exhibit 1</u>, reclassifying the Claim as a general unsecured claim. Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(c), the Court should grant the relief requested.

## RESERVATION OF RIGHTS

19.      The City files this objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

20.      The City has provided notice of this objection to the claimants who filed the Claim as set forth in the attached Certificate of Service, and all other parties who have requested

notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the City

respectfully submits that no other or further notice of the relief requested in this Objection need be

given.

**NO PRIOR REQUEST**

21.     No previous request for the relief requested herein has been made to this or any

other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially

in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City

such other and further relief as this Court may deem just and proper.


Dated: May 8, 2015

FOLEY & LARDNER LLP


By: /s/ *John A. Simon*
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
limbrogno@foley.com
*Counsel for the Debtor, City of Detroit,
Michigan*

4843-8095-0563.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2015, I caused the *Debtor's Objection to Claim Number 302 Filed By Thomas and Linda Simmons* to be electronically filed with the Clerk of the Court using the ECF system, which sent notification of such filing to all ECF participants in this bankruptcy case. I hereby certify that a copy also was served via Federal Express to the following party:

Thomas and Linda Simmons
2020 Windsor Pl.
Fort Worth, TX 76110

Dated: May 8, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*

4843-8095-0563.1