UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S OBJECTION TO APPLICATION OF PLUNKETT COONEY FOR ALLOWANCE AND PAYMENT OF ITS ADMINISTRATIVE EXPENSE CLAIM

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this Objection to Application of Plunkett Cooney for Allowance and Payment of its Administrative Expense Claim (Doc. No. 9110) ("Application"). In support of this Objection, the City respectfully states as follows:

1. The Application should be denied because the City has already paid the vast majority of the amount sought and the remaining amount is not entitled to allowance as an administrative expense.

2. On January 26, 2015, Plunkett Cooney filed the Application seeking the allowance and payment of an administrative expense claim in the amount of $10,942.90. Plunkett Cooney asserts that this amount constitutes "the actual, necessary costs and expenses of preserving the estate of the City of Detroit." Application at 3.

3. In April 2015, the City paid Plunkett Cooney approximately $7,522.15, reducing the maximum allowable amount of its administrative expense claim to approximately $3,420.75. Plunkett Cooney has not carried its burden of proving that this remaining portion constitutes an administrative expense.

4. As this Court recently explained, in interpreting the statutory language "actual, necessary costs and expenses of preserving the estate", the Sixth Circuit has held:

In order to qualify a claim for payment as an administrative expense

> a claimant must prove that the debt (1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate.

*United Trucking Serv., Inc. v. Trailer Rental Co., Inc.* (*In re United Trucking Serv., Inc.*), 851 F.2d 159, 161–62 (6th Cir.1988)(quoting *Employee Transfer Corp. v. Grigsby* (*In re White Motor Corp.*), 831 F.2d 106, 110 (6th Cir.1987)).

Courts give "strict construction of the Bankruptcy Code provisions governing requests for priority payment of administrative expenses." *Woburn Assocs. v. Kahn* (*In re Hemingway Transport, Inc.*), 954 F.2d 1, 5 (1st Cir. 1992). "[Administrative expense claims] under § 503(b) are strictly construed because priority claims reduce the funds available for creditors and other claimants." *National Union Fire Insurance Co. v. VP Buildings, Inc.,* 606 F.3d 835, 838 (6th Cir. 2010) (quoting *In re Federated Dept. Stores, Inc.,* 270 F.3d 994, 1000 (6th Cir. 2001)). "The party seeking the priority 'has the burden of proving that his claim constitutes an administrative expense.'" *Id.* (quoting *McMillan v. LTV Steel, Inc.,* 555 F.3d 218, 226 (6th Cir. 2009)).

*In re Energy Conversion Devices, Inc.* No. 12-43166, 2015 WL 410690, at *8 (Bankr. E.D. Mich. Jan. 30, 2015) (Tucker, Thomas J.).

5.  Plunkett Cooney has not satisfied this high standard. To begin with, the Emergency Manager did not approve Plunkett Cooney's contract with respect to the Walter Swift matter identified in the Application.[1] The invoices attached to the Application supporting the remaining matters demonstrate that the alleged services did not directly and substantially benefit the City. As set forth on the invoices, the matters were stayed as a result of the City's bankruptcy filing and no further work should have been performed. As such, the Application should be denied.

---

[1] Plunkett Cooney seeks $1530 for its alleged services on this matter. *See* Application, Exhibit 2.

6. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

7. The City expressly reserves the right to amend, modify, or supplement this Objection. Should the Court dismiss or overrule one or more of the grounds of objection stated in this Objection, the City reserves its right to object to the Application on other procedural and substantive grounds, and on the merits of the underlying claim.

May 8, 2015

Respectfully submitted,

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
green@millercanfield.com
swansonm@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on May 8, 2015, he served the foregoing ***CITY OF DETROIT'S OBJECTION TO APPLICATION OF PLUNKETT COONEY FOR ALLOWANCE AND PAYMENT OF ITS ADMINISTRATIVE EXPENSE CLAIM*** upon the following, via First Class United States Mail:

David Lerner
Plunkett Cooney
38505 Woodward Ave., Suite 2000
Bloomfield Hills, MI 48304

                                              By: /s/ Marc N. Swanson
                                                      Marc N. Swanson
                                                      150 West Jefferson, Suite 2500
                                                      Detroit, Michigan 48226
                                                      Telephone: (313) 496-7591
                                                      Facsimile: (313) 496-8451
                                                      swansonm@millercanfield.com

May 8, 2015