UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                      Chapter 9

           Debtor.                           Judge Thomas J. Tucker
_____/

**OPINION REGARDING CITY OF DETROIT'S OBJECTION
TO CLAIM NUMBER 3473 OF HUNTER TODD**

**I. Introduction**

      The dispute before the Court concerns the claim filed by Hunter Todd, Claim Number 3473. In his proof of claim, Mr. Todd describes the basis for the claim as, "[i]n the empower zone, the City of Detroit demolished 2 homes + took 2 tractors." He seeks payment from the City in the amount of $70,000; at $30,000 per home and $5,000 per tractor. The proof of claim contains no other substantive information about the claim, and no supporting documentation is attached to the claim form.

      The City included an objection to Mr. Todd's claim in its "Tenth Omnibus Objection to Certain Claims" filed on February 13, 2015. (Docket # 9262). The City contends that the claim should be disallowed because Mr. Todd has unsuccessfully pursued the same or similar claims against the City several times in both state and federal court, that he is bound by the adverse judgments in those cases, and that his claim is barred by the doctrine of res judicata.

      The Court held a hearing on the Tenth Omnibus Objection on April 8, 2015. At the hearing, the Court sustained the City's objections as to all of the claims except Mr. Todd's, which the Court took under advisement.

      After considering the parties' submissions, including the City's objection, Mr. Todd's

responses (Docket ## 9451, 9639, 9640),[1] the City's reply (Docket # 9617), and the parties' oral arguments, the Court concludes that Mr. Todd's claim is barred by the doctrine of res judicata. As a result, the Court will enter an order sustaining the City's claim objection.

## II. Jurisdiction

This Court has subject matter jurisdiction over this contested matter under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B).

## III. Discussion

A proof of claim is deemed allowed unless an objection is filed. 11 U.S.C. § 502(a).[2] Under § 502(b)(1) of the Bankruptcy Code, if an objection is filed, the Court must disallow a claim, or part of a claim, that is "unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

"The doctrine of res judicata . . . extinguish[es] 'all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of transactions out of which the action arose.'" *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir. 1996) (quoting Restatement (Second) of Judgments § 24 (1982)). Stated another way, "[t]he general rule of claim preclusion, or true res judicata, is that a valid and final judgment on a claim

---

[1] Mr. Todd filed the items at Docket ## 9639 and 9640 on the morning of the April 8 hearing. They appear to be printouts of different parts of the same A.L.R. Federal article by Andrew M. Campbell, titled "Individual Retirement Accounts as Exempt Property in Bankruptcy." 133 A.L.R. Fed. 1 (1996). The Court reviewed and considered these items despite their untimeliness, but finds they are not relevant to the question of whether Mr. Todd's claim is barred by res judicata.

[2] Section 502 of the Bankruptcy Code applies in this Chapter 9 case by virtue of Section 901. *See* 11 U.S.C. § 901(a).

2

precludes a second action on that claim or any part of it." *Id.* at 214.

### A. Mr. Todd's lawsuits against the City

Mr. Todd began suing the City of Detroit in 2002, for the alleged demolition of and damage to his real and personal property. He has filed at least four *pro se* actions naming the City as a defendant, in addition to filing the proof of claim at issue here:

- *Todd v. Detroit City Council*, Case No. 02-71413, E.D. Mich., filed April 10, 2002, dismissed by order entered September 30, 2003 ("the 2002 Case");

- *Todd v. City of Detroit*, Case No. 03-333629, Wayne County Circuit Court, filed October 8, 2003, dismissed by order entered September 3, 2004 ("the 2003 Case");

- *Todd v. Bowles*, Case No. 04-73574, E.D. Mich., filed October 1, 2004, dismissed by order entered March 4, 2005 ("the 2004 Case"); and

- *Todd v. City of Detroit*, Case No. 13-000075-MZ, Mich. Ct. Cl., filed June 20, 2013, dismissed by order entered November 6, 2013 ("the 2013 Case").

The City attached to its Reply the complaints, other pleadings, and the orders of dismissal from these cases. (Docket # 9617, Ex. 3-6). None of Mr. Todd's pleadings from these cases state coherent legal claims.

The City was never properly served with process in the 2013 Case, and does not rely on that case for res judicata purposes. Also, at the April 8 hearing on the City's objection to Mr. Todd's claim, Mr. Todd stated that he thought that the events giving rise to his proof of claim occurred sometime in the Spring of 2004. Although there is substantial evidence in the pleadings attached to the City's Reply that suggests the events underlying Mr. Todd's claim occurred well before the Spring of 2004, the Court will limit its res judicata analysis to the 2004 Case, which

was filed on October 1, 2004.[3]

### B. Res judicata bars Mr. Todd's Claim Number 3473

Because the 2004 Case was filed and resolved in federal court, this Court must look to the federal common law of res judicata to determine whether the dismissal of the 2004 Case precludes Mr. Todd's claim in this bankruptcy. *See Hamilton's Bogarts, Inc. v. Mich.*, 501 F.3d 644, 650 (6th Cir. 2007) ("Because the judgment upon which the State relies for its preclusion argument was issued by a federal court, we look to federal law to determine its preclusive effect."). Under federal law, res judicata applies when the following elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Dover v. United States*, 367 Fed.App'x. 651, 653 (6th Cir. 2010) (quoting *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997)).

All of these elements are present here. As to the first element, the 2004 Case was dismissed on the City's motion for summary judgment, in part based on res judicata grounds,[4] and that dismissal was affirmed on appeal.[5] A summary judgment constitutes a "final decision

---

[3] The Court notes that the City relies on all of the prior cases (except the 2013 Case) for its res judicata argument. The Court's opinion is based solely upon the 2004 Case, and the Court makes no determination on whether the 2002 and 2003 Cases would have the same preclusive effect as the 2004 Case.

[4] The district court relied in part on the adverse judgments in the 2002 and 2003 Cases. *See* Order Granting City of Detroit's Mot. for Summ. J. and Dismissing Compl. from 2004 Case, *in* City's Reply, Docket # 9617, Ex. 5 (the "2004 Order").

[5] *See* Order from the Sixth Circuit Court of Appeals (Appeal No. 05-1725) at 2, filed January 12, 2006 (Docket # 11 in 2004 Case).

4

13-53846-tjt    Doc 9834    Filed 05/08/15    Entered 05/08/15 16:51:30    Page 4 of 7

on the merits" for res judicata purposes. *See, e.g., Helfrich v. Metal Container Corp.*, 11 Fed. App'x. 574, 576 (6th Cir. 2001). The second element is obviously met, as the City was a named defendant in the 2004 Case, and Mr. Todd's proof of claim, filed February 24, 2014, is an action subsequent to the 2004 case.

The third and fourth elements of res judicata overlap in this case. Under the third element, "'what is important is not whether a particular claim is compulsory, but whether the claim should have been considered during the prior action.'" *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 580 (6th Cir. 2008)(quoting *Sanders Confectionery Prods. Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 484 (6th Cir. 1992)). The final element – an "identity of the causes of action" – is established "if 'the claims arose out of the same transaction or a series of transactions, or . . . the claims arose out of the same core of operative facts.'" *Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002)(quoting *Micro-Time Mgmt. Sys., Inc. v. Allard & Fish, P.C.* (*In re Micro-Time Mgmt. Sys., Inc.*), Nos. 91-2260, 91-2261, 1993 WL 7524, at *5 (6th Cir. Jan. 12, 1993)). "Identity of causes of action means an 'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'" *Sanders Confectionery Prods.*, 972 F.2d at 480 (quoting *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)).

The legal theories and underlying facts Mr. Todd alleges in the 2004 Case complaint, as well as in his proof of claim, are difficult to discern. However, it is clear that in both instances, Mr. Todd was seeking payment from the City for damage to his real and personal property located on South Military Street, in Detroit. In the 2004 Case complaint, Mr. Todd makes reference to his real property located at "305 S. Military" several times, and once to "305 & 311 Military Properties." (*See, e.g.*, Complaint at ¶ 7, *in* City's Reply, Docket # 9617, Ex.4).

5

The two tractors are not mentioned in the 2004 Case complaint. But in his 2004 Case notice of appeal, Mr. Todd wrote, "Defendants owe[] the plaintiff for two tractors from 311 S. Military." (Notice of Appeal at 2, filed April 29, 2005, Docket # 8 in 2004 Case). And in his complaint in the 2013 Case, Mr. Todd has since admitted that the "two White tractors" were removed by the City "[a]t the same time" the City demolished Mr. Todd's "homes on Military and Jefferson." (Complaint at p. 7, *in* City's Reply, Docket # 9617, Ex. 2). Finally, paragraph 4 of the 2004 Case complaint states that, "[t]his complaint is a law suit for damages against the defendants." (Complaint at ¶ 4, *in* City's Reply, Docket # 9617, Ex.5). From all of this, it is clear that if Mr. Todd did not actually litigate his damage claim regarding the two tractors in the 2004 Case, he *could have* and *should have* done so, for res judicata purposes.

Similarly, during the April 8 hearing on the City's objection to Mr. Todd's Claim, Mr. Todd repeatedly stated that his proof of claim concerned two of his properties on Military Street in Southwest Detroit, and that he filed the claim in the City's bankruptcy case to be reimbursed for damages to those properties caused by the City in the Spring of 2004.

The Court concludes that the third and fourth elements of res judicata are met here. The order dismissing the 2004 Case absolved the City of any potential liability to Mr. Todd arising from any actions the City took regarding Mr. Todd's homes and personal property on Military Street prior to October 1, 2004, when the 2004 Case complaint was filed, regardless of whether Mr. Todd asserted claims arising from all of those actions or not. If Mr. Todd had other legal theories to assert against the City regarding these properties, or if he had claims regarding properties on Military Street other than those addressed in the 2004 Case, he was required to bring those claims at that time. *See, e.g., Winget*, 537 F.3d at 581 ("We are not required . . . to

6

parse through the Sale Order to determine whether the final element of res judicata is met. Looking at the Complaint, it is clear that the factual allegations contained therein pertain not just to the Sale Order, but to the larger transactions and facts of [the parties'] continuous dealings."); *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 215 (6th Cir. 1996) ("It is clear that both types of damage arise out of the same transaction and that plaintiff could have presented evidence of damage to other property . . . .").

For these reasons, Hunter Todd's Claim Number 3473 is barred by res judicata.

## IV. Conclusion

For the reasons stated in this opinion, the Court will enter an order sustaining the City's objection as to Hunter Todd's Claim Number 3473.[6]

**Signed on May 8, 2015**          /s/ Thomas J. Tucker
                                    **Thomas J. Tucker**
                                    **United States Bankruptcy Judge**

---

[6] In its objection and at the hearing on the objection, the City also argued Mr. Todd's claim should be disallowed because he failed to assert a proper basis for the City's liability or to attach supporting documentation for the claim, citing Federal Rule of Bankruptcy Procedure 3001; *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004); and *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2001). The Court notes the deficiencies in Mr. Todd's proof of claim; however, because the Court finds Mr. Todd's claim is barred by res judicata, it is unnecessary for the Court to decide whether to disallow Mr. Todd's claim for his failure to comply with Rule 3001.