# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) | Case No. 13-53846 |
| Debtor. | ) ) ) ) | Hon. Thomas J. Tucker |

## CITY OF DETROIT AND AFSCME COUNCIL 25 AND THE COALITION OF DETROIT UNIONS JOINT STATUS REPORT IN CONNECTION WITH OBJECTIONS TO PROOF OF CLAIM NUMBERS 2968 AND 2581

The City of Detroit, Michigan (the "City"), AFSCME Council 25 and Its Affiliated Detroit Locals ("AFSCME") and the Coalition of Detroit Unions (the "Coalition" and, together with AFSCME, the "Unions") hereby submit this Joint Status Report with respect to AFSCME's proof of claim number 2958 (the "AFSCME Claim") and the Coalition's proof of claim number 2581 (the "Coalition Claim" and, together with the AFSCME Claim, the "Claims"). The City and the Unions are referred to collectively as the "Parties."

## Background

1. On February 21, 2014, AFSCME filed the AFSCME Claim asserting liabilities against the City in a claim comprised of 20 items.[1] On the same date, the Coalition filed the Coalition Claim against the City, asserting the same legal issues raised by Claim No. 8 of the AFSCME Claim.

2. On May 15, 2014, the City filed the City's Objections to the Coalition Claim (Docket No. 4874) (the "Coalition Claim Objection"); and the AFSCME Claim (Docket No. 4876) (the "AFSCME Claim Objection") (together with the Coalition Claim Objection, the "Claim Objections").

3. The Unions filed responses to the Claim Objections. See Docket Nos. 7235, 7240, 7994.

4. By agreement of the parties, the hearing on the Claim Objections was continued to November 5, 2014, and the Claims and Claim Objections were referred to facilitative mediation before the Honorable Judge Victoria A. Roberts. See Docket No. 7663. The mediation was conducted, but did not result in a resolution of the Parties' disputes. Claim nos. 1, 2, and 12 were, however, withdrawn by AFSCME. See Docket No. 7877 and Exhibit 1 to Docket No. 8003.

---

[1] As has become the convention between the Parties, the Parties refer to the elements of the AFSCME Claim as Claim Nos. 1 through 20 herein, based on the order presented in the AFSCME Claim.

5. On October 14, 2014, legal issues relating to two potential theories of liability asserted by AFSCME in the AFSCME Claim were referred back to this Court for expedited adjudication.[2] The City and AFSCME filed supplemental briefs on these two legal issues. See Docket Nos. 7981, 7982. The Court ruled in favor of the City on these two legal issues. See Docket No. 8015. AFSCME appealed the ruling of the bankruptcy court. The appeal is pending.

6. The City filed replies in support of its Claim Objections. See Docket Nos. 8002, 8003.

7. On December 2, 2014, (a) AFSCME filed the *Corrected AFSCME Council 25 and Its Affiliated Detroit Locals Motion for Abstention and to Remand the Claims Contained in Proof of Claim #2958* (Docket No. 8537) (the "AFSCME Abstention Motion"); and (b) the Coalition filed the *Corrected Coalition of Detroit Unions Motion for Abstention and to Remand the Claims Contained in Proof of Claim #2581* (Docket No. 8536) (together with the AFSCME Abstention Motion, the "Abstention Motions"). The Abstention Motions sought permissive abstention of this Court with respect to 11 components of the Claims. The City filed a consolidated objection to the Abstention Motions (Docket No. 8797). The Parties presented oral argument on these issues at a hearing conducted on December 22, 2014 (the "Abstention Hearing").

---

[2] These were claim nos. 7 and 17.

8. At a status hearing on the Claim Objections conducted on November 12, 2014, the Court requested that the Parties submit a joint statement of the status and issues relating to the Claims. At the Abstention Hearing, the Court set January 5, 2015 as the deadline to make such a filing. The Parties filed their Joint Statement on January 5, 2015 (Docket No. 9001) (the "Joint Statement").

9. By an order entered on January 14, 2015, the Court denied the Abstention Motions, concluding "that the interests of efficiency and economy would best be served by deferring consideration of abstention until after [the Court] determines th[e] legal issues" identified in the Joint Statement. Docket No. 9047 at p. 2.

10. In the Joint Statement, the Parties agreed to attempt to work in good faith to present stipulated facts to aid in the determination of the legal issues to be presented to the Court in connection with any proceedings to dispose of some or all of the Claims on legal grounds. The Parties exchanged proposed facts and met on April 7, 2015 to review each party's proposals and attempt to finalize a joint set of facts. The Parties did not reach a final agreement on all facts but made substantial progress.

11. At a Status Conference held by this Court on April 8, 2015, this Court instructed that the Parties submit a Joint Status Report to assist the Court in determining the process for disposing of the Claims on May 20, 2014 to be

reviewed at a further Status Conference Scheduled for May 27, 2015. See Docket No. 9643.

12. To that end, the Parties hereby submit this Joint Status Report ("Joint Report") with respect to the Claims and the Claim Objections.  By submitting this Joint Report, the Parties waive no rights they otherwise have to an evidentiary hearing.  Further, by agreeing to the Joint Report set forth herein, the Parties do not concede that any facts subsequently presented by the other Party in support of its legal arguments are relevant to the legal issues presented, and each Party reserves its rights with respect thereto.  Each Party further reserve the right to supplement the record with additional facts or documents not yet presented in prior pleadings.

**PROPOSED PROCEEDINGS OF THE CITY AND AFSCME's RESPONSE**

13. The City proposes to file a separate supplemental objection and supporting brief on each of the following claims: 3, 4, 5, 6, 8, 9, 11, and 19.  While the parties have addressed their legal positions and to some extent provided a documentary record in support of those positions, the arguments and supporting documents are spread over several disparate pleadings and are not fully articulated. To determine the Parties' positions and arguments, the Court would have to search through several pleadings and attempt to organize for itself each Party's contentions and the supporting facts and documents upon which these rely.  In their current state, the positions of both parties are in summary form, in some cases

incomplete and, in the context of the pleadings in which they are presented, disjointed enough so as to be unhelpful for the Court. To avoid placing this burden on the Court, the City proposes to brief each claim separately in particularized objections.

14. AFSCME responds to this suggestion by pointing out that the parties must first arrive at Joint Stipulated Facts for each issue. For each issue where AFSCME indicated a threshold legal issue could be resolved, that indication was contingent upon presenting the Court with Stipulated Facts upon which the Court may issue its ruling. If the parties are unable to reach Joint Stipulated Facts, AFSCME seeks the right to have evidentiary hearings on such claims, in advance of the Court resolving the threshold legal issues.

15. The City does not agree with AFSCME's response in the previous paragraph and asserts that it does not accurately reflect the positions agreed to by the Parties in the Joint Statement. The City proposes to file its supplemental objections on or before July 31, 2015, with a similar time frame for AFSCME to respond to each supplemental objection. Initial briefs by either Party are to be limited to 15 pages excluding the caption page and exhibits. Following AFSCME's response, the City proposes to file reply briefs limited to 5 pages within 30 days of AFSCME's filings on each claim.

16.     AFSCME indicates that the City has presented its Objection and its Reply for each of AFSCME's claims within its Proof of Claim.  AFSCME reserved the right to file a sur-reply, only because the City's Reply raised new legal issues and presented new facts, which were not contained within the original Objection.  As such, AFSCME reserved the right to file responses to the new answers in the Reply.  For the City to file a third brief concerning these same Proofs of Claim would be excessive.  Thus, AFSCME and the Coalition oppose the City's plan to file a third and fourth set of briefs over the same proofs of claim.

## REMAINING CLAIMS

17.     For claims 10, 13, 14, 15, 16, 18 and 20 there is no need for further involvement by the Court at this juncture. These claims are either resolved or resolvable by the Parties and/or require only a determination of damages.  Unless otherwise resolved, the claims for mediation are 10, 13 and 16.  In the event that the parties are not able to completely resolve these claims, the parties will seek assistance of this Court, including a possible evidentiary hearing.

18.     AFSCME contends that all claims should be placed in mediation initially.  AFSCME further contends that it defeats the purpose of mediation if the parties expend time and resources in litigation, while mediating.

Dated: May 20, 2015

| | |
|---|---|
| /s/ Richard G. Mack | /s/ Marc N. Swanson |
| Richard G. Mack, Jr. | John H. Willems (P31861) |
| Adam Graham | Marc N. Swanson (P71149) |
| MILLER COHEN PLC | M. Misbah Shahid (P73450) |
| 600 West Lafayette Boulevard | MILLER, CANFIELD, PADDOCK |
| 4th Floor | AND STONE, P.L.C. |
| Detroit, MI 48226 | 150 West Jefferson |
| Telephone: (313) 566-4787 | Suite 2500 |
| Facsimile: (313) 964-4490 | Detroit, Michigan 48226 |
| richardmack@millercohen.com | Telephone: (313) 963-6420 |
| | Facsimile: (313) 496-7500 |
| | willems@millercanfield.com |
| | |
| ATTORNEYS FOR AFSCME AND THE COALITION | ATTORNEYS FOR THE CITY |