# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

|  |  |
|---|---|
| City of Detroit, Michigan, | Chapter 9 |
|  | Case No. 13-53846 |
|  | Hon. Steven W. Rhodes |

Debtor.

_____/

Citizens United Against Corrupt Government,
                              Plaintiff,

v.                                                                   Adversary Pro. No. 14-05059

Detroit City Council,
                              Defendant.

_____/

## Opinion and Order Denying Plaintiff's Motion to Remand and Denying Plaintiff's Motion for Mandatory Abstention

This matter is before the Court on plaintiff Citizens United Against Corrupt Government motion to remand and motion for mandatory abstention.[1]  For the reasons stated in this opinion, both motions are denied.

## I.

On September 30, 2014, this Court issued an order granting relief from the automatic stay to allow plaintiff Citizens United Against Corrupt Government ("Citizens United") to file a civil action in the Wayne County Circuit Court against the Detroit City Council ("the City Council"). (Dkt. #7754)  The Court's order granting that motion was expressly limited and allowed Citizens

---

[1] The caption on the motion for remand states that it is brought by "Petitioners Robert Davis and Citizens United Against Corrupt Government."  The caption on the motion for mandatory abstention indicates that it is brought only by Citizens United Against Corrupt Government.  The only named plaintiff in the state court lawsuit that was removed to this Court is Citizens United Against Corrupt Government.

United to seek only specifically identified declarative and injunctive relief relating to allegations that the City Council violated the Open Meetings Act (M.C.L. §§15.261–275, hereinafter "OMA"). It also permitted the plaintiff to pursue attorney's fees and costs as provided in the OMA.

On October 1, 2014, Citizens United filed a six-count state court action alleging violations of the OMA relating to a series of closed meetings held by the City Council on September 23, 24 and 25, 2014 (*Citizens United Against Corrupt Government v. Detroit City Council*, 14-012633-AW (Wayne County Circuit)). Specifically, the complaint alleges that the City Council held closed sessions over the course of three days to discuss, negotiate and settle issues surrounding the role of emergency manager Kevyn Orr. According to the complaint, late in the day on September 25, 2014, having reached an agreement in the closed sessions, the City Council convened an open meeting to approve a resolution that reflected the agreement reached in the closed meetings. The City Council approved "a resolution to remove Kevyn Orr as the state's Emergency Manager for the City of Detroit, as of the effective date of the Plan of Adjustment in the City of Detroit's bankruptcy proceedings. . . ." According to Citizens United, the open meeting lasted only twenty minutes with little discussion or debate by the City Council and it represented a "fait accompli" as to what had been discussed in the closed meetings.

In addition to filing the state court complaint, Citizens United sought and was granted on an *ex parte* basis a temporary restraining order against the City Council. The TRO enjoined the City Council "from meeting and/or convening a closed session for the purpose of discussing the role of Kevyn Orr as the Emergency Manager for the City of Detroit or for the purpose to discuss any orders, resolutions, or statutes pertaining to removing the City of Detroit from Receivership

under Public Act 436." (State Court TRO, Pl.'s Motion to Remand, Ex. 6-B) The state court set a show cause hearing for October 10, 2014.[2]

On October 9, 2014, prior to the show cause hearing, the City of Detroit removed the complaint to this Court.

On October 10, 2014, Citizens United filed an Emergency Motion for Remand to Wayne County Circuit Court. In that motion, Citizens United asserts that its OMA claims do not fall within this Court's jurisdiction and that the proper venue for the OMA complaint is state circuit court.

On October 16, 2014, Citizens United filed an Emergency Motion for Mandatory Abstention Pursuant to 28 U.S.C. § 1334(c)(2). In that motion, Citizens United asserts that its state court complaint is based solely on violations of state law such that this court is required to abstain from hearing the action.

On November 12, 2014, the Court held a hearing on the motion for remand and the motion for mandatory abstention and took the matters under advisement.

## II. Removal and Bankruptcy Court Jurisdiction

Pursuant to 28 U.S.C. § 1452(a), and subject to a few limited exceptions, a case brought in a state court may be removed to a bankruptcy court provided that the action, once removed, falls within the bankruptcy court's subject matter jurisdiction.

Upon referral from the district court, a bankruptcy court has subject matter jurisdiction over all cases "under title 11," and all civil proceedings "arising under," "arising in," or "related to" a case under Title 11." 28 U.S.C. § 1334(a) and (b).

---

[2] The TRO expired on October 15, 2014. Temporary restraining orders issued without notice in matters removed to federal court are governed by federal civil procedure and thus dissolve within 14 days. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 440 (1974).

The Court need not parse out the differences between proceedings "arising in," "arising under," or "related to" a case under title 11 because it suffices merely to apply the "related to" test. *Mich. Emp. Sec. Comm'n v. Wolverine Radio Co.* (*In re Wolverine Radio Co.*), 930 F.2d 1132, 1141 (6th Cir. 1991) ("[F]or purposes of determining section 1334(b) jurisdiction, it is necessary only to determine whether a matter is at least 'related to' the bankruptcy.").

In the Sixth Circuit, the test for determining "related to" jurisdiction is "'whether the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy.'" *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn.* (*In re Dow Corning Corp.*), 86 F.3d 482, 489 (6th Cir. 1996) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)).

> An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate. The mere fact that there may be common issues of fact between a civil proceeding and a controversy involving the bankruptcy estate does not bring the matter within the scope of section 1334(b). Instead, there must be some nexus between the 'related' civil proceeding and the title 11 case.

*Pappas v. Buchwald Capital Advisors, LLC* (*In re Greektown Holdings, LLC*), 728 F.3d 567, 577 (6th Cir. 2013) (internal quotations, alteration, and citations omitted.). "Related to" jurisdiction is broad. If there is any conceivable effect a matter may have on the administration of a bankruptcy case, the court presiding over the bankruptcy case has jurisdiction over that matter.

In the present case, the Court has "related to" jurisdiction over the state court complaint. Citizens United challenges the manner in which the City Council received legal guidance regarding the City's bankruptcy case, its mediated settlements, and the emergency manager's continuing role as to those matters. But for the bankruptcy, the challenged meetings would not

have been necessary.  The relief sought in the state court complaint could threaten the City's ability to receive guidance from its attorneys or the emergency manager, result in additional liabilities for the City (payment of plaintiff's attorney's fees), or, potentially, result in the release of discussions protected by this Court's mediation order.  (Dkt. #322)  Those effects would have very real consequences in the bankruptcy proceeding, even at this juncture, where the City is implementing the confirmed plan.

The Court finds that the issues raised in the state court complaint are more than merely "related to" the City's bankruptcy case.  They are core matters in the City's bankruptcy case. While a finding of core jurisdiction is not necessary to resolving the remand motion (rather, it is an element of mandatory abstention, discussed below), a brief discussion of core jurisdiction at this juncture serves to underscore just how closely related the plaintiff's allegations are to the City's bankruptcy case.

"A core proceeding either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." *Sanders Confectionery Prods., Inc. v. Heller Financial, Inc*., 973 F.2d 474, 483 (6th Cir. 1992).  S*ee also Wolverine Radio*, 930 F.2d at 1144; 28 U.S.C. § 157(b)(2) (describing and enumerating a non-exhaustive list of core proceedings).  "The court must look to both the form of and the substance of the proceeding to determine whether core status exists."  *Wolverine Radio*, 930 F.2d at 1144.  "The Sixth Circuit has recognized instances where issues based in state law considerations are so 'inextricably intertwined' with the bankruptcy proceeding that they are properly deemed 'core proceedings' despite the fact that they may require consideration of state law."  *Kids World of Am., Inc. v. State of Georgia* (*In re Kids World of Am., Inc*.), 349 B.R. 152, 161 (Bankr. W.D. Ky. 2006) (citing *Eglinton v. Loyer* (*In re G.A.D., Inc.*), 340 F.3d 331, 336 (6th Cir. 2003)).

In the present case, the state court complaint challenges the manner in which the City is managing its chapter 9 bankruptcy case. It challenges the closure of meetings which were attended by Detroit City Council members, the mayor, the emergency manager, city attorneys, and the bankruptcy mediators to discuss how best to proceed with the bankruptcy. The meetings allowed City Council members to receive advice, confidential information and comments from lawyers and mediators directly relating to and affecting the bankruptcy. But for the bankruptcy proceeding, none of these discussions would have been necessary. The state law complaint would not exist absent the City's bankruptcy case.

While the OMA allegations bring state law considerations into play, those considerations are "so inextricably intertwined with the bankruptcy proceeding" that the state court complaint is not just a matter "related to" the bankruptcy, it falls within the Court's "core" jurisdiction. The Court finds that the removal of the state court complaint to this Court is entirely appropriate.

### III. Equitable Remand

Even though an action is properly removed, a bankruptcy court is not required to actually hear and determine the removed matter. Under 28 U.S.C. § 1452(b) the "court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." Bankruptcy courts have broad discretion in determining if remand is appropriate. Courts have established a number of considerations relevant to this determination, including:

> 1) the effect or lack of effect on the efficient administration of the [bankruptcy] estate if a court abstains; 2) the extent to which state law issues predominate over bankruptcy issues; 3) the difficulty or unsettled nature of the applicable state law; 4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; 5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; 6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; 7) the substance rather than the form of an asserted "core" proceeding; 8) the feasibility of severing state law claims from core bankruptcy matters to allow

6

judgments to be entered in state court with enforcement left to the bankruptcy court; 9) the burden on [the] court's docket; 10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; 11) the existence of a right to a jury trial; 12) the presence in the proceeding of nondebtor parties; and 13) any unusual or significant factors [such as judicial economy, prejudice to the involuntarily removed party, or comity considerations].

*Schwab Industries, Inc. v. The Huntington Nat'l Bank* (*In re SII Liquidation Co.*), No. 14-6024, 2014 WL 5463883, at *9 (Bankr. N.D. Ohio Oct. 24, 2014) (citations omitted, bracketed modifications in original).

As previously discussed, Citizens United's OMA allegations arise directly from and intertwine with the City's bankruptcy case. Although in form, it is a state court claim, substantively, it is core to the bankruptcy. This Court is well-equipped to deal efficiently with the allegations and their implications in the bankruptcy case. To the extent that this Court's mediation order is implicated, this Court is better positioned to make an informed determination regarding how disclosure of the information at issue will affect the bankruptcy. The Court finds no equitable basis for remanding the case to state court and declines to do so.

## IV. Mandatory Abstention

The plaintiff asserts that this Court is obligated to abstain from hearing the issues raised in the state court complaint because they are too remotely connected with the bankruptcy case. Mandatory abstention is governed by 28 U.S.C. § 1334(c)(2). That section provides:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

7

According to the Sixth Circuit, "[f]or mandatory abstention to apply, a proceeding must: (1) be based on a state law claim or cause of action; (2) lack a federal jurisdictional basis absent the bankruptcy; (3) be commenced in a state forum of appropriate jurisdiction; (4) be capable of timely adjudication; and (5) be a non-core proceeding." *Lowenbraun v. Canary* (*In re Lowenbraun*), 453 F.3d 314, 320 (6th Cir. 2006).

In the present case, the complaint is based on a state law cause of action and, absent the bankruptcy, this court would lack a federal jurisdictional basis for hearing the matter. However, as previously discussed, the issues raised in the complaint are core to the bankruptcy. The closed meetings were necessary only because of the bankruptcy case and they addressed matters directly and substantively relevant to the management of the bankruptcy case. The matters discussed, as disclosed in the terms of the public decision ultimately reached by the City Council, went directly to the heart of the plan of adjustment and the respective roles of the City Council, the mayor and the emergency manager in carrying out the plan. Because the issues raised in the complaint are core bankruptcy matters, the doctrine of mandatory abstention does not require the Court to remand the matter to state court.

For these reasons, it is hereby ordered that the plaintiff's motion to remand and motion for mandatory abstention are denied.

Not for Publication

Signed on December 31, 2014

> _/s/ Steven Rhodes_
> Steven Rhodes
> United States Bankruptcy Judge