IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| ) | Chapter 9 |
| CITY OF DETROIT, ) | |
| ) | Case No. 13-53846 |
| ) | |
| Debtor. ) | Hon. Thomas J. Tucker |
| ) | |
| ) | |
| _____) | |

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
ANSWER TO OBJECTION TO AND MOTION FOR LATE-FILING OF
NOTICE OF CLAIM FOR ADMINISTRATIVE EXPENSES

1. The undersigned United States Equal Employment Opportunity Commission ("Commission" or "EEOC") is the claimant herein. The EEOC's address is 477 Michigan Avenue, Room 865, Detroit, MI 48226. The Commission is the agency of the United States Government charged with the interpretation and enforcement of, as relevant here, Title VII of the Civil Rights Act of 1964, ("Title VII"), *as amended*, 42 U.S.C. § 2000e, *et seq.*, and the Americans with Disabilities Act of 1990 ("ADA"), *as amended*, 42 U.S.C. § 12101 et seq.

2. The Commission's undersigned Trial Attorney is an employee authorized to file this Answer and Motion on behalf of the EEOC.

3. The Commission's Detroit Field Office filed a Consolidated Notice of

1

Claim for Administrative Expenses covering six (6) charges of employment discrimination, or sub-claims, for which monetary relief is sought.

4. While the Commission received the letter the City relies upon The undersigned Trial Attorney did not have notice of the bar date for administrative claims until January 29, 2015, for the reasons set forth in the attached Declaration of Dale Price.

5. The Commission filed its Consolidated Notice of Claim for Administrative Expenses as soon as possible thereafter, on January 30, 2015.

WHEREFORE, the Commission respectfully requests that the Court permit the late filing of its Consolidated Notice of Administrative Expense Claim.

Respectfully submitted,

/s/ Dale Price
Dale Price (P55578)
Senior Trial Attorney
Attorney for Equal Employment
Opportunity Commission
477 Michigan Avenue
Room 865
Detroit, MI 48226
(313) 226-7808/-6584 (fax)
dale.price@eeoc.gov

Dated: May 21, 2015

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                    )
                                          )
                                          ) Chapter 9
CITY OF DETROIT,                          )
                                          ) Case No. 13-53846
                                          )
             Debtor.                      ) Hon. Thomas J. Tucker
                                          )
                                          )
_____)

MEMORANDUM IN SUPPORT OF
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
ANSWER TO OBJECTION TO AND MOTION FOR LATE FILING OF
NOTICE OF CLAIM FOR ADMINISTRATIVE EXPENSES

While the Commission received the letter relied upon by the City, it was not logged in properly and the undersigned trial attorney did not learn of the deadline until January 29, 2015. Furthermore, the Commission filed its consolidated notice of claim on the next day.

Under these circumstances, the filing of the Consolidated Notice of Claim should be permitted as an example of excusable neglect. As set forth by the Supreme Court, permitting a late filing under this standard is a matter of equity:

> [W]e conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include…the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

It is important to note at the outset that the Commission seeks victim-specific relief on behalf of those affected by workplace discrimination. *General Telephone v. EEOC*, 446 U.S. 318, 326 (1980). Thus, it does not seek money for itself, but for the victims as part of a mandate to serve the public interest in the eradication of employment discrimination. *Id*. Its suit rights are intended to supplement, and not supercede, private actions under Title VII and similar statutes. *Id.; also see EEOC v. Waffle House, Inc.*, 534 U.S. 279, 297-98 (2002).

Here, the Commission filed its Notice four days after the deadline. The City does not allege any prejudice from the late filing. At a minimum, the City has had ample time to prepare its Objection to the Commission's Notice and to proceed with this matter. Furthermore, the delay was short, and has not had any effect on the proceedings before the Court nor upon the City's ability to conduct them.

The facts in this case compare favorably to other decisions where the Court

found excusable neglect for a late-filed notices or claims in Chapter 11 cases. *See In re Bli Farms*, 294 B.R. 703, 706-707 (Bankr. E.D. Mich. 2003) (excusable neglect found where notice of appeal filed nine days late in case where lack of prejudice to debtor and shortness of delay outweighed other factors); *In re Whyco Finishing Tech., LLC*, 500 B.R. 517, 537 (Bankr. E.D. Mich. 2013) (excusable neglect applied to extend deadline for late-filed claim where creditor learned of bankruptcy filing ten days after claims bar date, and filed claim three months later); *Pioneer Inv. Servs. Co.*, 507 U.S. at 398 (excusable neglect found where lack of prejudice, lack of impact on judicial efficiency and good faith of respondents was found). While the Commission's filing was admittedly four days late, the lack of prejudice and shortness of the delay are critical equities weighing in favor of a finding of excusable neglect.

Furthermore, there is case law holding that "it would be unconscionable to penalize a plaintiff…for the neglect or inefficiencies of an administrative agency" where such would destroy their rights under laws such as Title VII. *Springer v. Partners In Care*, 17 F. Supp. 2d 133, 141 (E.D.N.Y. 1998) (holding that EEOC's ten year delay in issuing right to sue letter and failure to conciliate claim did not operate as a bar against plaintiff's lawsuit); *also see Davis v. City of Dallas*, 483 F. Supp. 54, 56 (N.D. Tex. 1979) (the Commission's referral of a charge to the wrong

5

13-53846-tjt    Doc 9864    Filed 05/21/15    Entered 05/21/15 16:13:28    Page 5 of 7

local agency could not be held against innocent charging party); *White v. Dallas Indep. School Dist.*, 581 F.2d 556, 562 (5th Cir. 1978) (same).

## CONCLUSION

Under the facts of this case, the Commission believes that an extension of the bar date to file administrative expense claims is warranted under the excusable neglect standard, and the Commission respectfully requests that such relief be granted.

      /s/ Dale Price_____
Dale Price (P55578)
Senior Trial Attorney
Attorney for Equal Employment
Opportunity Commission
477 Michigan Avenue
Room 865
Detroit, MI 48226
(313) 226-7808/-6584 (fax)
dale.price@eeoc.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 21, 2015, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice and copies of such filing of the following to all parties participating in the ECF System:

MOTION AND MEMORANDUM IN SUPPORT OF
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S
ANSWER TO OBJECTION TO AND MOTION FOR LATE FILING OF

NOTICE OF CLAIM FOR ADMINISTRATIVE EXPENSES

          /s/ Dale Price_____
Dale Price (P55578)
Senior Trial Attorney
Attorney for Equal Employment
Opportunity Commission
477 Michigan Avenue
Room 865
Detroit, MI 48226
(313) 226-7808/-6584 (fax)
dale.price@eeoc.gov

Dated: May 21, 2015

7