IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------- x
In re                                                      :   Chapter 9
                                                           :
                                                           :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                                 :
                                                           :   Hon. Thomas J. Tucker
                                          Debtor           :
---------------------------------------------------------- x

## DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NO. 2177 FILED BY PAMELA BOOKER

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Pamela Booker's Response dated May 17, 2015 (the "Response")[1] to the City's Fifteenth Omnibus Objection to Certain No Basis Claims ("Fifteenth Omnibus Objection") [Dkt. No. 9739] regarding claim number 2177 (the "Claim"), respectfully states as follows:

## BACKGROUND

1. On July 18, 2013 (the "Petition Date"), the City filed this bankruptcy case.

2. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

---

[1] Ms. Booker hand-delivered her response to the City's counsel on May 19, 2015, and indicated that she would be filing it with the Court the same day. The City's counsel has not received any notification from the Court's ECF system that Ms. Booker's Response was, in fact, filed. As such, the City files this Reply in an abundance of caution in the event that Ms. Booker's Response is filed and/or docketed in advance of the hearing on this matter.

1

3. On July 9, 2014, this Court entered its Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures [Dkt. No. 5872] (the "<u>Claims Procedures Order</u>"), allowing the City to file an omnibus objection with respect to claims that do not identify a valid basis for any liability of the City (Claim Procedures Order at 2).

4. On February 20, 2014, Ms. Booker filed the Claim as a general unsecured claim in the amount of $5,450.00.

5. On April 23, 2015, the City filed its Fifteenth Omnibus Objection [Dkt. No. 9739]. As to the claims objected to in the Fifteenth Omnibus Objection, the City determined that there was no basis for liability on the part of the City as stated in the respective proofs of claim.

6. In her Claim, Ms. Booker stated that the basis for her claim is "Property damage from fallen tree." Ms. Booker's Claim No. 2177 is attached as <u>Exhibit 1</u>. Attached to Ms. Booker's proof of claim were pictures of a fallen tree and damaged property, and well as tax and foreclosure information. The Claim did not include any basis for the City's liability to Ms. Booker for the amount claimed.

7. The City filed the Fifteenth Omnibus Objection and objected to Ms. Booker's Claim because the proof of claim did not provide any basis for the City's liability to Ms. Booker. Upon review of the documents attached to Ms. Booker's Claim, the City believed that the Claim may have been for the claimant's taxes or mortgage, which are not the subject of this bankruptcy claims administration process.

8. On or about April 23, 2015, Ms. Booker was served notice of the Fifteenth Omnibus Objection [Dkt. No. 9739].

9. On or around May 19, 2015, Ms. Booker filed her Response alleging that the City owns the property on which the tree that damaged her property was located. She claimed that the

City was to remove the tree, but did not do so. On that basis, Ms. Booker in her Response argues that the cost of tree removal and damage to her property should be paid by the City.

## ARGUMENT

10. Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).[2] Bankruptcy Rule 3007(d) and the Claims Procedure Order allow the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims should be disallowed and expunged because there is no basis for liability on the part of the City or there is no documentation submitted with the proof of claim supporting the claims.

11. Only proofs of claim that comply with Bankruptcy Rule 3001 are presumed to be valid in the amount filed.

12. In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (*citing In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

13. Pursuant to Section 101 of the Bankruptcy Code, a creditor holds claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. *See* 11 U.S.C. §§ 101(5), 101(10). There is no right to payment to the extent that the asserted liability is not due and owing by the debtor.

14. Ms. Booker's Claim does not state a proper basis for liability against the City. Therefore, the Claim should be expunged due to its failure to meet the requirements of Federal

---

[2] Section 502 of the Bankruptcy Code is applicable to this Chapter 9 case through Section 901 of the Bankruptcy Code. *See* 11 U.S.C. § 901.

3

4830-9837-4948.2

13-53846-tjt    Doc 9865    Filed 05/21/15    Entered 05/21/15 16:47:32    Page 3 of 5

Rule of Bankruptcy Procedure 3001.

15. The basis of Ms. Booker's Claim is that the City is responsible for damage to her property caused by a fallen tree, which Ms. Booker states was located on City-owned property.

16. Upon information and belief, Ms. Booker has not filed a court case against the City for the alleged property damage. Even if she had, the City would be immune from liability.

17. Under MCL 691.1701, government agencies are immune from tort liability when they are engaged in the exercise or discharge of governmental functions. Although there are certain exceptions to the grant of governmental immunity, those exceptions are to be narrowly construed. *See Nawrocki v. Macomb Co. Rd. Comm.*, 615 N.W.2d 702, 711 (Mich. 2000).

18. The exceptions to governmental immunity are limited to MCL 691.1402 (highways); MCL 691.1402a (sidewalks); MCL 691.1405 (government-owned vehicles); MCL 691.1406 (public buildings open for use); MCL 691.1407(4) (medical treatment); MCL 691.1413 (proprietary government functions); and MCL 691.1417 (sewage disposal system event).

19. Tort claims against the City are barred if they fail to allege facts to support a claim under any exception to the governmental immunity statute. *See Odom v. Wayne Co.*, 760 N.W.2d 217, 227 (Mich. 2008) ("A plaintiff filing suit against a governmental agency must initially plead his claims in avoidance of governmental immunity.").

20. In this case, Ms. Booker has not attempted to argue that any of the exceptions to governmental immunity would allow for the Court to find the City liable for alleged property damage caused by the fallen tree.

21. Further, the property damage claimed by Ms. Booker does not fall into any listed exception to immunity. "Although governmental agencies have many duties regarding the services they provide to the public, **a breach of those duties is compensable under the statute**

**only if it falls within one of the statutorily created exceptions**." *Pohutski v. City of Allen Park*, 641 N.W.2d 219, 230 (Mich. 2002) (emphasis added). Whether Ms. Booker's Claim is for property damage caused by the fallen tree, nuisance, or trespass, none of the available theories fall within the statutorily created exceptions to governmental immunity. As a result, the City has no basis for liability to Ms. Booker and the Claim should be expunged.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 21, 2015

          FOLEY & LARDNER LLP

          By: /s/ *John A. Simon*
          John A. Simon (P61866)
          Jeffrey S. Kopp (P59485)
          Tamar N. Dolcourt (P73425)
          Leah R. Imbrogno (P79384)
          500 Woodward Ave., Ste. 2700
          Detroit, MI 48226
          313.234.7100
          jsimon@foley.com
          jkopp@foley.com
          tdolcourt@foley.com
          limbrogno@foley.com

          *Counsel for the Debtor, City of Detroit, Michigan*