# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

------------------------------------------------------ x

| | |
|---|---|
| In re | Chapter 9 |
| | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | |
| | Hon. Thomas J. Tucker |
| Debtor | |

------------------------------------------------------ x

## DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NO. 3087 FILED BY MARIO ROSS

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Mario Ross's Response dated May 20, 2015 (the "Response") [Dkt. No. 9850] to the City's Fifteenth Omnibus Objection to Certain No Basis Claims ("Fifteenth Omnibus Objection") [Dkt. No. 9739] regarding claim number 3087 (the "Claim"), respectfully states as follows:

## BACKGROUND

1.      On July 18, 2013 (the "Petition Date"), the City filed this bankruptcy case.

2.      On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3.      On July 9, 2014, this Court entered its Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures [Dkt. No. 5872] (the "Claims Procedures Order"), allowing the City to file an omnibus objection with respect to claims that do not identify a valid basis for any liability of the City (Claim Procedures Order at 2).

1

4837-6068-7652.2

4.     On February 21, 2014, Mr. Ross filed the Claim as a general unsecured claim in the amount of $8,500.00.

5.     On April 23, 2015, the City filed its Fifteenth Omnibus Objection [Dkt. No. 9739]. As to the claims objected to in the Fifteenth Omnibus Objection, the City determined that there was no basis for liability on the part of the City as stated in the respective proofs of claim.

6.     In his Claim, Mr. Ross stated that the basis for his claim is "Sewerage Service Performed." Mr. Ross's Claim No. 3087 is attached as Exhibit 1. Mr. Ross did not attached any supporting documentation to his claim nor provide any basis on which the City would be liable to him for the $8,500.00 claimed.

7.     The City filed the Fifteenth Omnibus Objection and objected to Mr. Ross's Claim because the proof of claim did not provide any basis for the City's liability to Mr. Ross.

8.     On or about April 23, 2015, Mr. Ross was served notice of the Fifteenth Omnibus Objection [Dkt. No. 9739].

9.     On or around May 20, 2015, Mr. Ross filed his Response alleging that he "received major property damage from the City of Detroit sewerage company," presumably meaning the Detroit Water and Sewerage Department (DWSD). On that basis, Mr. Ross demands repair of his property and other, unspecified relief.

10.     As set forth more fully below, Mr. Ross's Claim does not include any supporting documentation providing a basis for the City's liability. Further, to the extent Mr. Ross's Claim is based on damage caused by a sewer backup, the City is immune from liability. As such, Mr. Ross's Claim does not provide any basis for liability on the part of the City, and the Claim should be expunged.

2

4837-6068-7652.2

**ARGUMENT**

11.     Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).[1] Bankruptcy Rule 3007(d) and the Claims Procedure Order allow the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims should be disallowed and expunged because there is no basis for liability on the part of the City or there is no documentation submitted with the proof of claim supporting the claims.

12.     Only proofs of claim that comply with Bankruptcy Rule 3001 are presumed to be valid in the amount filed.

13.     In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents. *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (*citing In re Dow Corning Corp*., 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

14.     Pursuant to Section 101 of the Bankruptcy Code, a creditor holds claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. *See* 11 U.S.C. §§ 101(5), 101(10).  There is no right to payment to the extent that the asserted liability is not due and owing by the debtor.

15.     Mr. Ross's Claim does not state a proper basis for liability against the City.  In addition, Mr. Ross's claim does not include any supporting documentation as required by Rule 3001(f).  Therefore, the Claim should be expunged due to its failure to meet the requirements of Federal Rule of Bankruptcy Procedure 3001.

---

[1] Section 502 of the Bankruptcy Code is applicable to this Chapter 9 case through Section 901 of the Bankruptcy Code. *See* 11 U.S.C. § 901.

4837-6068-7652.2

16.     The basis of Mr. Ross's Claim is that the City is responsible for alleged damage caused to his property by an undisclosed sewer issue.

17.     Under MCL 691.1701, government agencies are immune from tort liability when they are engaged in the exercise or discharge of governmental functions. MCL 691.1407. Although there are certain exceptions to the grant of governmental immunity, those exceptions are to be narrowly construed. *See Nawrocki v. Macomb Co. Rd. Comm.*, 615 N.W.2d 702, 711 (Mich. 2000).

18.     The exceptions to governmental immunity are limited. The only potential exception which may apply in this case is MCL 691.1417 (sewage disposal system event).

19.     Tort claims against the City are barred if they fail to allege facts to support a claim under any exception to the governmental immunity statute. *See Odom v. Wayne Co.*, 760 N.W.2d 217, 227 (Mich. 2008) ("A plaintiff filing suit against a governmental agency must initially plead his claims in avoidance of governmental immunity.").

20.     The City does not believe that the property damage claimed by Mr. Ross falls into any exception to immunity. "Although governmental agencies have many duties regarding the services they provide to the public, **a breach of those duties is compensable under the statute only if it falls within one of the statutorily created exceptions**." *Pohutski v. City of Allen Park*, 641 N.W.2d 219, 230 (Mich. 2002) (emphasis added).

21.     MCL 691.1417(2) provides that "[a] governmental agency is immune from tort liability for the overflow or backup of a sewage disposal system unless the overflow or backup is a sewage disposal system event and the governmental agency is an appropriate governmental agency." A sewage disposal system event occurs when the sewage disposal system had a defect and the governmental agency knew or should have known about the defect. MCL 691.1417(3).

4

4837-6068-7652.2

22. The statute further provides that in order to obtain compensation for property damage allegedly caused by a sewage disposal system event, a claimant must show: (a) reasonable proof of ownership and the value of the damaged personal property; and (b) that the claimant complied with the notice requirements of Section 691.1419. MCL 691.1417(4).

23. First, Mr. Ross has not alleged in any way that the damage to his property was the result of a "sewage disposal system event" as would be necessary to avoid the City's governmental immunity. For that reason alone, Mr. Ross's claim is invalid.

24. Second, Mr. Ross has not provided any supporting documentation for his claim. In particular, Mr. Ross has not provided the date of the claim, any details about the alleged damage incurred, any proof of ownership, or proof of value.

25. Finally, Mr. Ross has not complied with the notice requirements of MCL 691.1419, which gives a claimant 45 days to provide notice to the governmental agency of a claim of damage. DWSD has no record of notice being filed by Mr. Ross regarding his alleged property damage.

26. Given all of these factors, the City has no basis for liability to Mr. Ross and the Claim should be expunged.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

4837-6068-7652.2

Dated: May 21, 2015

FOLEY & LARDNER LLP


By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*

4837-6068-7652.2