IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
In re                                                   :   Chapter 9
                                                        :
                                                        :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                              :
                                                        :   Hon. Thomas J. Tucker
                                        Debtor          :
------------------------------------------------------- x

## DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NO. 2252 FILED BY LAURENCE WOODY WHITE

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to the Response filed on behalf of Laurence Woody White dated May 21, 2015 (the "Response") [Dkt. No. 9587] to the City's Seventeenth Omnibus Objection to Certain Incorrectly Classified Claims ("Seventeenth Omnibus Objection") [Dkt. No. 9741] regarding claim number 2252 (the "Claim"), respectfully states as follows:

### BACKGROUND

1. On July 18, 2013 (the "Petition Date"), the City filed this bankruptcy case.

2. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3. On July 9, 2014, this Court entered its Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures [Dkt. No. 5872] (the "Claims Procedures Order"), allowing the City to file an omnibus objection with respect to incorrectly classified claims (Claim Procedures Order at 2).

1

4. On February 20, 2014, Mr. White filed Claim No. 2730 in an undetermined amount as an administrative priority claim.[1]

5. On April 23, 2015, the City filed its Seventeenth Omnibus Objection [Dkt. No. 9741]. As to the claims objected to in the Seventeenth Omnibus Objection, the City determined that they were incorrectly classified as administrative claims.

6. The stated basis of the Claim is "employed by and for City of Detroit for twenty-three years and seven months, city engineering; also bldg. and safety engineering." It appears that the Claim is related to a pension Mr. White has been receiving.

7. The City filed the Seventeenth Omnibus Objection and objected to the Claim because it is incorrectly classified as an administrative claim.

8. On or about April 23, 2015, Mr. White was served notice of the Seventeenth Omnibus Objection [Dkt. No. 9741].

9. On May 21, 2015, Mr. White filed his response, which does not explain why he believes the Claim is entitled to administrative priority, but does oppose the relief sought by the City. *Response*, p. 1

10. Other than seeking reclassification of the incorrectly classified Claim as a general unsecured claim, the Seventeenth Omnibus Objection did not address the substance of the Claim. Accordingly, the City reserves all of its rights to object, on any basis, to the Claim.

## ARGUMENT

11. Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).[2] Bankruptcy Rule 3007(d) and the Claims

---

[1] The Claim seeks an amount of $22,148.30 " gross annually until my death!"
[2] Section 502 of the Bankruptcy Code is applicable to this Chapter 9 case through Section 901 of the Bankruptcy Code. *See* 11 U.S.C. § 901.

2

4838-8081-9236.1

Procedure Order allow the City to object to multiple claims in an omnibus objection if the claims are incorrectly classified.

12. Only proofs of claim that comply with Bankruptcy Rule 3001 are presumed to be valid in the amount filed.

13. Mr. White apparently argues that his claim is entitled to administrative priority.

14. Section 503(b) allows creditors to file claims seeking administrative expense priority. Claims which meet the requirements of Section 503(b) are entitled to administrative, rather than general unsecured, priority.

15. Courts give "strict construction of the Bankruptcy Code provisions governing requests for priority payment of administrative expenses." *Woburn Assocs. v. Kahn (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992). "[Administrative expense claims] under § 503(b) are strictly construed because priority claims reduce the funds available for creditors and other claimants." *National Union Fire Insurance Co. v. VP Buildings, Inc.*, 606 F.3d 835, 838 (6th Cir. 2010) (*quoting In re Federated Dept. Stores, Inc.*, 270 F.3d 994, 1000 (6th Cir. 2001)). "The party seeking the priority 'has the burden of proving that his claim constitutes an administrative expense.'" *Id.* (*quoting McMillan v. LTV Steel, Inc.*, 555 F.3d 218, 226 (6th Cir. 2009)).

16. First, Mr. White did not properly file his Claim as an administrative priority claim pursuant to the Bar Date Order.

17. Under the Bar Date Order, "all administrative claims under Section 503(b) of the Bankruptcy Code, other than 503(b)(9) claims and the administrative portion of Rejection Damages Claims, shall not be deemed proper if asserted by proof of claim." Bar Date Order, ¶ 5. If the alleged administrative priority claim did not fall under Section 503(b)(9) and was not the

administrative portion of a Rejection Damages Claim, then it was required to be filed with 45 days after the Effective Date and, pursuant to the Bar Date Order, "shall not be deemed proper if asserted by proof of claim." *See* Plan Art. II.A.2(a); Bar Date Order ¶ 5.

18. The Claim at issue here was not properly filed as administrative priority claim pursuant to the Bankruptcy Code or the Bar Date Order. Specifically, though the Claim is not a 503(b)(9) or Rejection Damages Claim, it was filed by proof of claim, in direct contravention of the Bar Date Order.

19. For this reason, the Claim should be reclassified as a general unsecured claim.

20. Second, administrative expenses are those "costs and expenses of preserving the estate." 11 U.S.C. § 503(b). However, in a Chapter 9 case, there is no "estate." *See* Collier on Bankruptcy § 901.04[13][a]; *In re New York City Off-Track Betting Corp.*, 434 B.R. 131, 141-43 (Bankr. S.D.N.Y. 2010) ("Because a chapter 9 debtor's property remains its own and does not inure into a bankruptcy estate as provided by section 541 of the Bankruptcy Code, there can be no administrative expenses for 'the actual and necessary costs of preserving the estate' as contemplated by section 503(b)(1)(A) of the Bankruptcy Code."). As such, administrative expenses in a Chapter 9 case, such as this, are limited to those expenses incurred in connection with the administration of the Chapter 9 case. *Id.*

21. Mr. White has not provided any support for his arguments that the amounts listed in his proof of claim, which appear to have arisen from a pension, were expenses incurred in connection with the administration of the Chapter 9 case. As a result, even if Mr. White had properly filed his alleged administrative claim (he did not), the Claim would not qualify as an administrative claim in this Chapter 9 bankruptcy.

4
4838-8081-9236.1

13-53846-tjt    Doc 9867    Filed 05/21/15    Entered 05/21/15 16:52:52    Page 4 of 5

22. To the extent the Claim is related to a pension that Mr. White has been receiving, the Seventeenth Omnibus Objection does not seek to disallow it. Pension claims are being handled separately through the City's Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, pursuant to Article IV.

23. Given all of these factors, the Claim should be reclassified as a general unsecured claim.

WHEREFORE, the City respectfully requests that this Court enter an order reclassifying the Claim as a general unsecured claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 21, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
limbrogno@foley.com
*Counsel for the Debtor, City of Detroit, Michigan*