IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------- x
In re                                                      :  Chapter 9
                                                           :
CITY OF DETROIT, MICHIGAN,                                 :  Case No. 13-53846
                                                           :
                                                           :  Hon. Thomas J. Tucker
                                          Debtor           :
---------------------------------------------------------- x

### DEBTOR'S REPLY TO RESPONSE TO OBJECTION TO CLAIM NO. 2404 FILED BY IRMA INDUSTRIOUS AND CLAIM NO. 2729 FILED BY DENNIS TAUBITZ

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to the Response filed on behalf of Irma Industrious and Dennis Taubitz (jointly, "Claimants") dated May 20, 2015 (the "Response") [Dkt. No. 9853] to the City's Seventeenth Omnibus Objection to Certain Incorrectly Classified Claims ("Seventeenth Omnibus Objection") [Dkt. No. 9741] regarding claim numbers 2404 and 2729 (jointly, the "Claims"), respectfully states as follows:

### BACKGROUND

1. On July 18, 2013 (the "Petition Date"), the City filed this bankruptcy case.

2. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3. On July 9, 2014, this Court entered its Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures [Dkt. No. 5872] (the "Claims

Procedures Order"), allowing the City to file an omnibus objection with respect to incorrectly classified claims (Claim Procedures Order at 2).

4. On February 21, 2014, Ms. Industrious filed Claim No. 2404 in the amount of $13,500.00 as an administrative priority claim.

5. On February 21, 2014, Mr. Taubitz filed Claim No. 2729 in the amount of $16,847.20 as an administrative priority claim.

6. On April 23, 2015, the City filed its Seventeenth Omnibus Objection [Dkt. No. 9741]. As to the claims objected to in the Seventeenth Omnibus Objection, the City determined that they were incorrectly classified as administrative claims.

7. Ms. Industrious is a former employee with the City's Law Department. In her claim, Ms. Industrious stated that the basis for her claim was "bonus for employment." Ms. Industrious's Claim No. 2404 is attached as <u>Exhibit 1</u>. Ms. Industrious did not attach any supporting documentation to her claim. Ms. Industrious categorized her claim as an administrative priority. Ms. Industrious did not provide a date for when the alleged bonus is owed.

8. Mr. Taubitz is a former employee of the City's Law Department. In his Claim, Mr. Taubitz stated that the basis for his claim is "unpaid wages." Mr. Taubitz's Claim No. 2729 is attached as <u>Exhibit 2</u>. Mr. Taubitz did not attach any supporting documentation to his claim. Mr. Taubitz categorized his claim as an administrative priority. According to the Response, the unpaid wages are for January 2013 through December 2013.

9. The City filed the Seventeenth Omnibus Objection and objected to the Claims because they were incorrectly classified as administrative claims.

10. On or about April 23, 2015, Ms. Industrious and Mr. Taubitz were served notice of the Seventeenth Omnibus Objection [Dkt. No. 9741].

11. On May 20, 2015, Ms. Industrious and Mr. Taubitz filed their joint Response alleging that their claims for unpaid wages and unpaid bonus were administrative priority claims.

12. As set forth more fully below, the Claims are not properly classified as administrative claims and should be reclassified as general unsecured claims.

13. Other than seeking reclassification of the incorrectly classified Claims as general unsecured claims, the Seventeenth Omnibus Objection did not address the substance of the Claims. Accordingly, the City reserves all of its rights to object, on any basis, to the Claims.

## ARGUMENT

14. Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).[1] Bankruptcy Rule 3007(d) and the Claims Procedure Order allow the City to object to multiple claims in an omnibus objection if the claims are incorrectly classified.

15. Both Claimants argue that these wage-related claims are entitled to administrative priority. However, as more fully discussed below, the claims are not administrative and therefore should be reclassified as general unsecured claims.

16. Section 503(b) allows creditors to file claims seeking administrative expense priority. Claims which meet the requirements of Section 503(b) are entitled to administrative, rather than general unsecured, priority.

17. Courts give "strict construction of the Bankruptcy Code provisions governing requests for priority payment of administrative expenses." *Woburn Assocs. v. Kahn (In re*

---

[1] Section 502 of the Bankruptcy Code is applicable to this Chapter 9 case through Section 901 of the Bankruptcy Code. *See* 11 U.S.C. § 901.

*Hemingway Transport, Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992). "[Administrative expense claims] under § 503(b) are strictly construed because priority claims reduce the funds available for creditors and other claimants." *National Union Fire Insurance Co. v. VP Buildings, Inc.*, 606 F.3d 835, 838 (6th Cir. 2010) (*quoting In re Federated Dept. Stores, Inc.*, 270 F.3d 994, 1000 (6th Cir. 2001)). "The party seeking the priority 'has the burden of proving that his claim constitutes an administrative expense.'" *Id.* (*quoting McMillan v. LTV Steel, Inc.*, 555 F.3d 218, 226 (6th Cir. 2009)).

18. First, the Claimants did not properly file their Claims as administrative priority claims pursuant to the Bar Date Order.

19. Under the Bar Date Order, "all administrative claims under Section 503(b) of the Bankruptcy Code, other than 503(b)(9) claims and the administrative portion of Rejection Damages Claims, shall not be deemed proper if asserted by proof of claim." Bar Date Order, ¶ 5. If the alleged administrative priority claim did not fall under Section 503(b)(9) and was not the administrative portion of a Rejection Damages Claim, then it was required to be filed with 45 days after the Effective Date and, pursuant to the Bar Date Order, "shall not be deemed proper if asserted by proof of claim." *See* Plan Art. II.A.2(a); Bar Date Order ¶ 5. The Claimants did not do so.

20. The Claims at issue here were not properly filed as administrative priority claims pursuant to the Bankruptcy Code or the Bar Date Order. Specifically, though neither of the Claims is a 503(b)(9) or Rejection Damages Claim, both Claims were filed by proof of claim, in direct contravention of the Bar Date Order.

21. For this reason, the Claims should be reclassified as general unsecured claims.

4810-8688-7972.2

22. Second, claims for alleged unpaid wages or bonuses do not properly qualify as administrative claims in a Chapter 9 bankruptcy.

23. Generally, administrative expenses are those "costs and expenses of preserving the estate." 11 U.S.C. § 503(b). However, in a Chapter 9 case, there is no "estate." *See* Collier on Bankruptcy § 901.04[13][a]; *In re New York City Off-Track Betting Corp.*, 434 B.R. 131, 141-43 (Bankr. S.D.N.Y. 2010) ("Because a chapter 9 debtor's property remains its own and does not inure into a bankruptcy estate as provided by section 541 of the Bankruptcy Code, there can be no administrative expenses for 'the actual and necessary costs of preserving the estate' as contemplated by section 503(b)(1)(A) of the Bankruptcy Code."). As such, administrative expenses in a Chapter 9 case, such as this, are limited to those expenses incurred in connection with the administration of the Chapter 9 case. *Id.*

24. The Claimants have not satisfied their burden of proving that their claims were expenses incurred in connection with the administration of the Chapter 9 case. As a result, even if the Claimants properly filed their alleged administrative claims (they did not), the Claims would not qualify as administrative claims in this Chapter 9 bankruptcy.

25. Given all of these factors, the Claims should be reclassified as general unsecured claims.

WHEREFORE, the City respectfully requests that this Court enter an order reclassifying the Claims as general unsecured, and granting the City such other and further relief as this Court may deem just and proper.

4810-8688-7972.2

Dated: May 21, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
limbrogno@foley.com
*Counsel for the Debtor, City of Detroit, Michigan*