# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |
|---|---|
| In re | Chapter 9 |
|  | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | Hon. Thomas J. Tucker |
| Debtor |  |

## DEBTOR'S REPLY IN SUPPORT OF ITS OBJECTION TO CLAIM NUMBER 1097 FILED BY RICHARD HALL

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Richard Hall's letter dated April 20, 2015[1] (the "Letter") [Dkt. No. 9712], and in further support of the City's Thirteenth Omnibus Objection to Certain No Basis Claims ("Thirteenth Omnibus Objection") [Dkt. No. 9568] regarding claim number 1097 (the "Claim"), respectfully states as follows:

## BACKGROUND

1. On July 18, 2013 (the "Petition Date"), the City filed this bankruptcy case.

2. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3. On July 9, 2014, this Court entered its Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures [Dkt. No. 5872] (the "Claims

---

[1] The Court docketed Mr. Hall's letter dated April 20, 2015 as a Letter, not as a Response on its ECF system. Therefore, the City files this Reply in an abundance of caution in the event the Letter is treated as a Response.

1

4829-4742-4291.1

Procedures Order"), allowing the City to file an omnibus objection with respect to claims that do not identify a valid basis for any liability of the City (Claim Procedures Order at 2).

4. On February 18, 2014, Mr. Hall filed the Claim as a general unsecured claim in the amount of $1,000,000.00.

5. On March 30, 2015, the City filed its Thirteenth Omnibus Objection [Dkt. No. 9568]. As to the claims objected to in the Thirteenth Omnibus Objection, the City determined there was no basis for liability on the part of the City as stated in the respective proofs of claim.

6. In his Claim, Mr. Hall stated that the basis for his claim was "False arrest, excessive force, pursuant to 42 USC 1983 (or wrongful detention), assault & battery, false imprisonment under Michigan law." Mr. Hall's Claim No. 1097 is attached as Exhibit 1. Attached to the Claim are documents concerning a Section 1983 claim regarding an alleged assault and battery by certain Detroit police officers against Mr. Hall on October 29, 2011 (the "Underlying Claim"). Also attached to the Claim are Mr. Hall's medical records. Though one of the medical records is for the same date as the Underlying Claim, the remainder appear to be completely unrelated.

7. The City filed the Thirteenth Omnibus Objection and objected to the Claim because there is no basis for any liability to Mr. Hall. Specifically, upon review of the Claim, the City determined that, even if Mr. Hall's Underlying Claim had any basis in fact (it does not), the statute of limitations expired on the Underlying Claim as of October 28, 2014.

8. Mr. Hall did not file suit against the City before his statute of limitations expired. Mr. Hall also did not file suit within 30 days after the expiration of the automatic stay as permitted by 11 U.S.C. § 108(c)(2).

9. On or about March 30, 2015, Mr. Hall was served notice of the Thirteenth Omnibus Objection [Dkt. No. 9568].

10. On April 20, 2015, Mr. Hall filed a Letter with this Court apparently alleging that his Claim should not be expunged. In support thereof, Mr. Hall claims that the statute of limitations on his Underlying Claim was satisfied by the filing of his Claim with the Bankruptcy Court.

**ARGUMENT**

11. Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).[2] Bankruptcy Rule 3007(d) and the Claims Procedure Order allow the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims should be disallowed and expunged because there is no basis for liability on the part of the City or there is no documentation submitted with the proof of claim supporting the claims.

12. Pursuant to Section 101 of the Bankruptcy Code, a creditor holds claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. *See* 11 U.S.C. §§ 101(5), 101(10). There is no right to payment to the extent that the asserted liability is not due and owing by the debtor.

13. The Claim does not state a proper basis for liability against the City. Therefore, the Claim should be expunged.[3]

---

[2] Section 502 of the Bankruptcy Code is applicable to this Chapter 9 case through Section 901 of the Bankruptcy Code. *See* 11 U.S.C. § 901.

[3] Though bankruptcy courts generally lack subject matter jurisdiction to liquidate or estimate personal injury claims for the purpose of distribution, *see* 28 U.S.C. § 157(b)(2)(B), bankruptcy courts do have jurisdiction to decide corollary issues involving the validity of a proof of claim for personal injuries, such as whether the statute of limitations has expired. *See In re C&G Excavating*, 217 B.R. 64, note 1 (Bankr. E.D. Pa. 1998) (*citing In re Chateaugay Corp.*, 111 B.R. 67 (Bankr. S.D.N.Y. 1990); *In re Standard Insulations, Inc.*, 138 B.R. 947 (Bankr. W.D. Mo. 1992)).

14. The basis of the Claim is the Underlying Claim – a Section 1983 claim regarding an alleged assault and battery by certain Detroit police officers against Mr. Hall. This alleged injury occurred on October 29, 2011.

15. There is no specific limitations period for claims brought under Section 1983. Rather, federal courts borrow a limitations period from analogous state statutes. *See Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 180 (6th Cir. 1985). When searching for an applicable statute of limitations, Section 1983 claims are to be characterized as personal injury actions. Where state law provides multiple statutes of limitations for personal injury actions, courts considering Section 1983 claims should borrow from the general or residual statute for person injury actions. *See Owens v. Okure*, 488 U.S. 235 (1989).

16. In Michigan, the residual statute of limitations for personal injury claims is three years. *See* MCL 600.5805(10). As such, there is a three year statute of limitations for Section 1983 claims. *See Carroll v. Wilkerson*, 782 F.2d 44 (6th Cir. 1986) (holding that Section 1983 claims brought in Michigan are subject to the three year statute of limitations for personal injury claims). As a result, the statute of limitations on any claim regarding Mr. Hall's alleged injury ran on October 28, 2014.

17. Under 11 U.S.C. § 108, if a statute of limitations on an action against a debtor is set to expire during the course of the bankruptcy stay, the time for filing the action against the debtor may be extended. In that case, the claimant would have until 30 days after the expiration of the bankruptcy stay to file its action against the debtor. 11 U.S.C. § 108(c)(2).

18. The Plan went into effect on the Effective Date of December 10, 2014. As such, under Section 108(c)(2), Mr. Hall could have filed an action against the City until and through January 9, 2015.

4829-4742-4291.1

19. Mr. Hall did not file any action against the City prior to the expiration of the statute of limitations on his Underlying Claim, nor did he take advantage of the 30 day window after the Effective Date to file his Underlying Claim.

20. Moreover, the filing of the Claim within the bankruptcy is not equivalent to the filing of a complaint against the City. *See Easley v. Pettibone Mich. Corp.*, 990 F.2d 905 (6th Cir. 1993). The filing of a proof of claim does not constitute "commencement of an action" and thus does not prevent the running of the statute of limitations on the underlying claim. *See id.* at 912. *See also Linders v. MN Airlines, LLC*, No. 05-1489, 2006 U.S. Dist. LEXIS 2310 (E.D. Mo. 2006) (holding that filing a proof of claim in bankruptcy does not toll the statute of limitations); *In re C&G Excavating*, 217 B.R. 64 (Bankr. E.D. Pa. 1998), aff'd, *Rhodes v. C&G Excavating*, No. 98-6274, 1999 U.S. Dist. LEXIS 15828 (E.D. Pa. 1999), (finding that the statute of limitations was not satisfied by the filing of a proof of claim in bankruptcy). As such, the Claim does not satisfy the requirements of the statute of limitations on the Underlying Claim.

21. In order to preserve his Underlying Claim, Mr. Hall could have filed a motion to lift the automatic stay and then filed his complaint against the City or he could have filed a complaint within 30 days after the expiration of the stay. Mr. Hall did not do so.

22. As a result, the statute of limitations on the action underlying the Claim has expired and Mr. Hall is prohibited from bringing any action against the City on that Underlying Claim. The Claim thus provides no basis for liability on the part of the City and should be expunged.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 21, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*