IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------- x
In re                                             : Chapter 9
                                                  :
                                                  : Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                        :
                                                  : Hon. Thomas J. Tucker
                            Debtor                :
------------------------------------------------------- x

## DEBTOR'S REPLY IN SUPPORT OF ITS OBJECTION TO CLAIM NUMBER 474 FILED BY RICHARD HALL

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for its reply (the "Reply") to Richard Hall's letter dated April 20, 2015[1] (the "Letter") [Dkt. No. 9713], and in further support of the City's Thirteenth Omnibus Objection to Certain No Basis Claims ("Thirteenth Omnibus Objection") [Dkt. No. 9568] regarding claim number 474 (the "Claim"), respectfully states as follows:

## BACKGROUND

1. On July 18, 2013 (the "Petition Date"), the City filed this bankruptcy case.

2. On November 21, 2013, this Court entered its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (the "Bar Date Order") [Dkt. No. 1782].

3. On July 9, 2014, this Court entered its Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures [Dkt. No. 5872] (the "Claims

---

[1] The Court docketed Mr. Hall's letter dated April 20, 2015 as a Letter, not as a Response on its ECF system. Therefore, the City files this Reply in an abundance of caution in the event the Letter is treated as a Response.

1

4851-6607-4659.2

Procedures Order"), allowing the City to file an omnibus objection with respect to claims that do not identify a valid basis for any liability of the City (Claim Procedures Order at 2).

4. On January 3, 2014, Mr. Hall filed the Claim as a general unsecured claim in the amount of $100,000.00.

5. On March 30, 2015, the City filed its Thirteenth Omnibus Objection [Dkt. No. 9568]. As to the claims objected to in the Thirteenth Omnibus Objection, the City determined that there was no basis for liability on the part of the City as stated in the respective proofs of claim.

6. In his Claim, Mr. Hall stated that the basis for his claim is "Injured." Mr. Hall's Claim No. 474 is attached as <u>Exhibit 1</u>. Attached to Mr. Hall's proof of claim is information regarding an underlying claim for highway defect against the State of Michigan Department of Transportation (MDOT) concerning an incident alleged to have occurred on June 28, 2012 (the "<u>Underlying Claim</u>"). Mr. Hall did not file a claim with the City for the incident. Mr. Hall alleges that he was injured while walking over a steam grate on the street.

7. The City filed the Thirteenth Omnibus Objection, objecting to the Claim because there is no basis for any liability to Mr. Hall. Upon review of the Claim, the City determined that, even if Mr. Hall alleged that the Underlying Claim was the fault of the City and not MDOT, the statute of limitations expired on the Underlying Claim as of June 28, 2014.

8. Mr. Hall did not file suit against the City before his statute of limitations expired. Mr. Hall also did not file suit within 30 days after the expiration of the automatic stay as permitted by 11 U.S.C. § 108(c)(2).

9. On or about March 30, 2015, Mr. Hall was served notice of the Thirteenth Omnibus Objection [Dkt. No. 9568].

4851-6607-4659.2

10. On April 20, 2015, Mr. Hall filed a Letter with this Court apparently alleging that his Claim should not be expunged. Mr. Hall cited MCL 600.5805 (the statute of limitations relating to personal injury claims), among other unrelated rules, in support of his position that the statute of limitations has not run on the Underlying Claim.

**ARGUMENT**

11. Section 502(a) of the Bankruptcy Code provides that a claim is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).[2] Bankruptcy Rule 3007(d) and the Claims Procedure Order allow the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims should be disallowed and expunged because there is no basis for liability on the part of the City or there is no documentation submitted with the proof of claim supporting the claims.

12. Pursuant to Section 101 of the Bankruptcy Code, a creditor holds claim against a debtor only to the extent that it has a "right to payment" for the asserted liability. *See* 11 U.S.C. §§ 101(5), 101(10). There is no right to payment to the extent that the asserted liability is not due and owing by the debtor.

13. The Claim does not state a proper basis for liability against the City. Therefore, the Claim should be expunged.[3]

14. The basis of the Claim is the Underlying Claim – a highway defect claim alleging that Mr. Hall was injured while walking over a steam grate on the street. This alleged injury occurred on June 28, 2012.

---

[2] Section 502 of the Bankruptcy Code is applicable to this Chapter 9 case through Section 901 of the Bankruptcy Code. *See* 11 U.S.C. § 901.

[3] Though bankruptcy courts generally lack subject matter jurisdiction to liquidate or estimate personal injury claims for the purpose of distribution, *see* 28 U.S.C. § 157(b)(2)(B), bankruptcy courts do have jurisdiction to decide corollary issues involving the validity of a proof of claim for personal injuries, such as whether the statute of limitations has expired. *See In re C&G Excavating*, 217 B.R. 64, note 1 (Bankr. E.D. Pa. 1998) (*citing In re Chateaugay Corp.*, 111 B.R. 67 (Bankr. S.D.N.Y. 1990); *In re Standard Insulations, Inc.*, 138 B.R. 947 (Bankr.

15. On September 28, 2012, Mr. Hall filed a Notice of Intention to File Claim against MDOT concerning this incident. No notice was provided to the City regarding any claim that would be filed against it. Under MCL 691.1404, notice to the City regarding any claim to be filed against it alleged highway defect was required to be served by certified mail within 120 days of the incident. *See* MCL 691.1404 ("As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect."). Mr. Hall did not meet this requirement, and therefore any recovery on the Underlying Claim is barred by statute.

16. Additionally, in Michigan, there is a two year statute of limitations for highway defect claims. *See* MCL 691.1411. As a result, the statute of limitations on any claim regarding Mr. Hall's alleged injury ran on June 28, 2014.

17. Under 11 U.S.C. § 108, if a statute of limitations on an action against a debtor is set to expire during the course of the bankruptcy stay, the time for filing the action against the debtor may be extended. In that case, the claimant would have until 30 days after the expiration of the bankruptcy stay to file its action against the debtor. 11 U.S.C. § 108(c)(2).

18. The Plan went into effect on the Effective Date of December 10, 2014. As such, under Section 108(c)(2), Mr. Hall could have filed an action against the City until and through January 9, 2015.

19. Mr. Hall did not file any action against the City prior to the expiration of the statute of limitations on his Underlying Claim, nor did he take advantage of the 30 day window after the effective date to file his Underlying Claim.

---

W.D. Mo. 1992)).

4
4851-6607-4659.2

13-53846-tjt    Doc 9873    Filed 05/21/15    Entered 05/21/15 17:22:39    Page 4 of 6

20. Moreover, the filing of the Claim within the bankruptcy is not equivalent to the filing of a complaint against the City. *See Easley v. Pettibone Mich. Corp.*, 990 F.2d 905 (6th Cir. 1993). The filing of a bankruptcy proof of claim does not constitute "commencement of an action" and thus does not prevent the running of the statute of limitations on the underlying claim. *See id.* at 912. *See also Linders v. MN Airlines, LLC*, No. 05-1489, 2006 U.S. Dist. LEXIS 2310 (E.D. Mo. 2006) (holding that filing a proof of claim in bankruptcy does not toll the statute of limitations); *In re C&G Excavating*, 217 B.R. 64 (Bankr. E.D. Pa. 1998), aff'd, *Rhodes v. C&G Excavating*, No. 98-6274, 1999 U.S. Dist. LEXIS 15828 (E.D. Pa. 1999), (finding that the statute of limitations was not satisfied by the filing of a proof of claim in bankruptcy). As such, the Claim does not satisfy the requirements of the statute of limitations on the Underlying Claim.

21. In order to preserve his Underlying Claim, Mr. Hall could have filed a motion to lift the automatic stay and then filed his complaint against the City or he could have filed a complaint within 30 days after the expiration of the stay. Mr. Hall did not do so.

22. In addition to the Claim being barred under MCL 691.1404 because Mr. Hall failed to file the appropriate notice with the City, the statute of limitations on the action underlying Mr. Hall's Claim has also expired and Mr. Hall is prohibited from bringing any action against the City on the Underlying Claim. Mr. Hall's claim thus provides no basis for liability on the part of the City and should be expunged.

WHEREFORE, the City respectfully requests that this Court enter an order disallowing and expunging the Claim, and granting the City such other and further relief as this Court may deem just and proper.

5
4851-6607-4659.2

13-53846-tjt    Doc 9873    Filed 05/21/15    Entered 05/21/15 17:22:39    Page 5 of 6

Dated: May 21, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*