UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                                Chapter 9

        Debtor.                                     Judge Thomas J. Tucker
_____/

**ORDER REGARDING FURTHER PROCEEDINGS ON THE CITY OF DETROIT'S OBJECTION TO CLAIM NUMBERS 474 AND 1097 FILED BY RICHARD HALL**

    This case came before the Court for a hearing on May 27, 2015, on the objection of the City of Detroit to Claim Nos. 474 and 1097 filed by Richard Hall (the "Claim Objections," part of the City's "Thirteenth Omnibus Objection to Certain Claims," Docket # 9568). For the reasons stated by the Court on the record during the hearing,

    IT IS ORDERED that:

1. No later than June 10, 2015, the City of Detroit must file a brief regarding the statute of limitations issues raised by the Court during the hearing. In substance, those issues are:

   (a) When and how did the automatic stay under 11 U.S.C. §§ 362[1] and 922 terminate or expire with respect to Richard Hall's claims against the City?

   (b) When and how was Richard Hall given "notice of the termination or expiration of the stay under section 362 [and] 922," within the meaning of 11 U.S.C. § 108(c)(2)?[2]

   (c) If the 30-day period of 11 U.S.C. § 108(c)(2) did begin to run on Richard Hall's claims against the City, as the City contends, at that time, and at all times from then through the present, was Richard Hall precluded by the discharge injunction under 11 U.S.C. § 524(a)(2)[3] and/or the injunction provisions of the confirmed Chapter 9 plan of adjustment from filing suit on his claims (*e.g.*, because Hall's claims were discharged)? If so, what is the impact of that fact on the City's argument that Richard Hall's claims filed in this bankruptcy case must be disallowed as time-barred?

2. No later than June 24, 2015, Richard Hall may file a response to any brief filed by the City of Detroit, regarding the statute of limitations issues.

---

    [1] Section 362 applies in Chapter 9 cases. *See* 11 U.S.C. §§ 901(a), 922.

    [2] Section 108 applies in Chapter 9 cases. *See* 11 U.S.C. § 103(f).

    [3] Section 524(a)(2) applies in Chapter 9 cases. *See* 11 U.S.C. § 901(a).

3. The Court will hold a further hearing on the Claim Objections on **July 22, 2015 at 1:30 p.m.**
.

**Signed on May 29, 2015**

                                                    /s/ Thomas J. Tucker
                                                    Thomas J. Tucker
                                                    United States Bankruptcy Judge