UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                          Chapter 9

              Debtor.                              Judge Thomas J. Tucker
_____/

**ORDER ADJOURNING JUNE 3, 2015 HEARING ON THE CITY OF DETROIT WATER AND SEWERAGE DEPARTMENT'S OBJECTION TO CLAIM NUMBER 3451 FILED BY KIM SPICER, AND FOR FURTHER BRIEFING ON SPECIFIED ISSUES**

      This case came before the Court for a hearing on April 8, 2014, on the objection of the City of Detroit Water and Sewerage Department ("DWSD") to Claim No 3451 filed by Kim Spicer (part of Docket # 8990, the "Claim Objection"). As discussed during the April 8 hearing, and as stated in the Court's Amended Order filed April 10, 2015 (Docket # 9650), DWSD and Kim Spicer were permitted to file supplemental briefs, and the Court scheduled a further hearing for June 3, 2015 at 1:30 p.m.

      The parties timely filed their supplemental briefs,[1] and the Court has reviewed them. The Court concludes that further briefing is required, before a further hearing is held on DWSD's Claim Objection, and that as a result, the June 3 hearing should be adjourned. Such further briefing by DWSD and Kim Spicer will concern, among other things, several issues like the ones that the City of Detroit and Richard Hall will be briefing following the hearing held on May 27, 2015, and the Court's Order filed on May 29, 2015 (Docket # 9898; copy attached for reference).

      IT IS ORDERED that:

1. No later than June 17, 2015, DWSD must file a further brief in support of the arguments it makes in its supplemental brief (Docket # 9734 at pp. 7-10), regarding 11 U.S.C. § 108(c)[2] and Kim Spicer's alleged failure to timely file a lawsuit after the EEOC issued its Notice of Right to Sue. Such further brief must address the following questions:

   (a) When and how did the automatic stay under 11 U.S.C. §§ 362[3] and 922 terminate or

---

    [1] DWSD filed its supplemental brief on April 22, 2015 (Docket # 9734), and Kim Spicer filed his written response to DWSD's supplemental brief on May 4, 2015 (Docket # 9796).

    [2] Section 108 applies in Chapter 9 cases. *See* 11 U.S.C. § 103(f).

    [3] Section 362 applies in Chapter 9 cases. *See* 11 U.S.C. §§ 901(a), 922.

expire with respect to Kim Spicer's claim(s) against the City/DWSD?[4]

(b) When and how was Kim Spicer given "notice of the termination or expiration of the stay under section 362 [and] 922," within the meaning of 11 U.S.C. § 108(c)(2)?

(c) If the 30-day period of 11 U.S.C. § 108(c)(2) did begin to run on Kim Spicer's claim(s) against the City/DWSD, as DWSD contends, at that time, and at all times from then through the present, was Kim Spicer precluded by the discharge injunction under 11 U.S.C. § 524(a)(2)[5] and/or the injunction provisions of the confirmed Chapter 9 plan of adjustment from filing suit on his claims (*e.g.*, because Kim Spicer's claims were discharged)? If so, what is the impact of that fact on DWSD's argument that Kim Spicer's claim filed in this bankruptcy case must be disallowed as time-barred?

(d) When and how was Kim Spicer served with the Notice of Case Evaluation, for the scheduled September 29, 2014 Case Evaluation Hearing referred to on p. 4 of DWSD's supplemental brief?[6]

2. No later than July 1, 2015, Kim Spicer may file a response to the further brief filed by DWSD under paragraph 1 of this Order, above.

3. The further hearing on the Claim Objection, currently scheduled for June 3, 2015 at 1:30 p.m., is adjourned to **July 22, 2015 at 1:30 p.m.**

**Signed on June 2, 2015**          /s/ Thomas J. Tucker
                                    **Thomas J. Tucker**
                                    **United States Bankruptcy Judge**

---

[4] DWSD asserts without explanation, in its supplemental brief (Docket # 9734 at p. 8) that the automatic stay applicable to Spicer's claim terminated on December 10, 2014, the Effective Date of the City's confirmed plan of adjustment. How so, exactly?

[5] Section 524(a)(2) applies in Chapter 9 cases. *See* 11 U.S.C. § 901(a).

[6] The DWSD's supplemental brief (Docket # 9734 at p. 4) says that *Dale Price (the EEOC's attorney*) was served with the Notice of Case Evaluation for the September 29, 2014 Case Evaluation Hearing. It does not say whether, when, or how Kim Spicer was also served with that notice. Kim Spicer has denied that he received such notice. (*See* Docket ## 9112; 9796 at p. 1).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                    Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                                Chapter 9

        Debtor.                                       Judge Thomas J. Tucker
_____/

**ORDER REGARDING FURTHER PROCEEDINGS ON THE CITY OF DETROIT'S OBJECTION TO CLAIM NUMBERS 474 AND 1097 FILED BY RICHARD HALL**

    This case came before the Court for a hearing on May 27, 2015, on the objection of the City of Detroit to Claim Nos. 474 and 1097 filed by Richard Hall (the "Claim Objections," part of the City's "Thirteenth Omnibus Objection to Certain Claims," Docket # 9568). For the reasons stated by the Court on the record during the hearing,

    IT IS ORDERED that:

1. No later than June 10, 2015, the City of Detroit must file a brief regarding the statute of limitations issues raised by the Court during the hearing. In substance, those issues are:

   (a) When and how did the automatic stay under 11 U.S.C. §§ 362[1] and 922 terminate or expire with respect to Richard Hall's claims against the City?

   (b) When and how was Richard Hall given "notice of the termination or expiration of the stay under section 362 [and] 922," within the meaning of 11 U.S.C. § 108(c)(2)?[2]

   (c) If the 30-day period of 11 U.S.C. § 108(c)(2) did begin to run on Richard Hall's claims against the City, as the City contends, at that time, and at all times from then through the present, was Richard Hall precluded by the discharge injunction under 11 U.S.C. § 524(a)(2)[3] and/or the injunction provisions of the confirmed Chapter 9 plan of adjustment from filing suit on his claims (*e.g.*, because Hall's claims were discharged)? If so, what is the impact of that fact on the City's argument that Richard Hall's claims filed in this bankruptcy case must be disallowed as time-barred?

2. No later than June 24, 2015, Richard Hall may file a response to any brief filed by the City of Detroit, regarding the statute of limitations issues.

---

  [1] Section 362 applies in Chapter 9 cases. *See* 11 U.S.C. §§ 901(a), 922.

  [2] Section 108 applies in Chapter 9 cases. *See* 11 U.S.C. § 103(f).

  [3] Section 524(a)(2) applies in Chapter 9 cases. *See* 11 U.S.C. § 901(a).

3. The Court will hold a further hearing on the Claim Objections on **July 22, 2015 at 1:30 p.m.**
.

**Signed on May 29, 2015**

                                                                 /s/ Thomas J. Tucker
                                                          Thomas J. Tucker
                                                          United States Bankruptcy Judge