# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---------------------------------------------------------x
:
In re                                    :   Chapter 9
                                         :
CITY OF DETROIT, MICHIGAN,               :   Case No. 13-53846
                                         :
           Debtor.                       :   Hon. Thomas J. Tucker
---------------------------------------------------------x

**STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND ENFORCEMENT TECHNOLOGY, INC. RESOLVING ENFORCEMENT TECHNOLOGY, INC.'S (A) OBJECTION TO CURE AMOUNT (DOC. NO. 8959) AND (B) MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE (DOC. NO. 9095)**

The City of Detroit, Michigan ("City") and Enforcement Technology, Inc. ("Enforcement Technology" and together with the City, the "Parties") stipulate ("Stipulation") and agree as follows:

WHEREAS, on August 4, 2014, the United States Bankruptcy Court for the Eastern District of Michigan entered an order approving, among other things, certain procedures with respect to the proposed assumption or assumption and assignment of Executory Contracts and Unexpired Leases pursuant to the Plan (Doc. No. 6512) ("Contract Procedures Order").

WHEREAS, on October 22, 2014, the City filed its Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014) (Doc. No. 8045) ("Plan").

WHEREAS, Enforcement Technology and the City are parties to contract number 2809017 (the "Contract").

WHEREAS, the Plan provides for assumption of the Contract.

WHEREAS, on December 18, 2014, Enforcement Technology filed an objection to cure amount (Doc. No. 8959) ("Objection").

WHEREAS, on January 23, 2015, Enforcement Technology filed its Motion of Enforcement Technology for Allowance and Payment of Its Administrative Claim (Doc. No. 9095) ("Motion").

WHEREAS, capitalized terms not otherwise defined in this stipulation have the meanings given to them in the Plan.

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. The Motion and Objection are resolved as set forth in this Stipulation. The City's claims agent is authorized to update the claims registers accordingly.

2. In connection with the City's assumption of the Contract, Enforcement Technology is granted an allowed cure amount claim in the amount of $5,874.00 (the "Allowed Cure Amount Claim"). The City shall pay the Allowed Cure Amount Claim to Enforcement Technology within seven days after the entry of an order approving this Stipulation, in full and final satisfaction of any Cure Amount Claim associated with the Contract. No other cure amounts, payment, compensation or other performance is necessary to satisfy the requirements relating to the City's assumption of the Contract under section 365 of the Bankruptcy Code or otherwise.

3. The Contract is assumed in accordance with the Plan as of the Effective Date.

4. Within seven days of the entry of an order approving this Stipulation, the City shall pay to Enforcement Technology the amount of $38,673.88 for amounts due and owing under contract number 2812046 as an ordinary course claim pursuant to Article II.A.2.b of the Plan. Contract number 2812046 has expired pursuant to its terms and is not being assumed by the City.

23971357.7\022765-00202       2

13-53846-tjt    Doc 9927    Filed 06/04/15    Entered 06/04/15 09:35:17    Page 2 of 7

5. Enforcement Technology does not hold, nor has it assigned, any Administrative Claims, Cure Amount Claims, Other Unsecured Claims or Claims against the City other than the Allowed Cure Amount Claim identified in paragraph 2 and the ordinary course claim identified in paragraph 4.

6. Enforcement Technology agrees that this Stipulation is sufficient notice of the actions provided for herein, and waives receipt of any notices that it may be entitled to receive under the Plan or the Contract Procedures Order regarding the Contract or contract number 2812046.

7. Nothing in this Stipulation is to be construed as a waiver of any of the City's rights to assert and pursue any claims against Enforcement Technology, including, without limitation, claims under Chapter 5 of the Bankruptcy Code, and to challenge the assertion that any Allowed Claims in this Stipulation are a defense to such claims. Enforcement Technology hereby reserves all of its rights and defenses with respect to any claims brought against it. Nothing in this Stipulation shall be construed as a waiver of Enforcement Technology's rights or defenses with respect to any claims brought against it.

8. Nothing in this Stipulation is intended to or will revive, reinstate, or affirm any rights, remedies, claims, or defenses of either Party against the other that expired or were otherwise barred, satisfied, released, waived, or discharged as of, or upon the occurrence of, the Effective Date of the Plan. This Stipulation is not a modification of the Plan.

**SO STIPULATED,**
**APPROVED AS TO FORM AND CONTENT:**

June 4, 2015

| For the City of Detroit, Michigan<br>By Miller, Canfield, Paddock & Stone, PLC<br><br>By: /s/ Marc N. Swanson<br>    Jonathan S. Green (P33140)<br>    Marc N. Swanson (P71149)<br>    150 West Jefferson, Suite 2500<br>    Detroit, MI 48226<br>    (313) 496-7591<br>    swansonm@millercanfield.com | For Enforcement Technology<br>By Reinhart Boerner Van Deuren s.c.<br><br>By: /s/ L. Katie Mason<br>    L. Katie Mason<br>    1000 North Water Street, Suite 1700 \|<br>    Milwaukee, WI 53202<br>    (414) 298-8339<br>    kmason@reinhartlaw.com |

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

---------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Thomas J. Tucker
---------------------------------------------------x

**[PROPOSED] ORDER APPROVING THE STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND ENFORCEMENT TECHNOLOGY, INC. RESOLVING ENFORCEMENT TECHNOLOGY, INC.'S (A) OBJECTION TO CURE AMOUNT (DOC. NO. 8959) AND (B) MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE (DOC. NO. 9095)**

This matter having come before the Court on the Stipulation by and Between the City of Detroit, Michigan and Enforcement Technology, Inc. Resolving Enforcement Technology, Inc.'s (A) Objection to Cure Amount (Doc. No. 8959) and (B) Motion for Allowance and Payment of Administrative Expense (Doc. No. 9095) ("<u>Stipulation</u>"),[1] the Court having reviewed the Stipulation and being otherwise apprised of the matter, and there being good cause,

NOW THEREFORE IT IS ORDERED THAT

1. The Motion and Objection are resolved as set forth in this Order. The City's claims agent is authorized to update the claims registers accordingly.

2. In connection with the City's assumption of the Contract, Enforcement Technology is granted an allowed cure amount claim in the amount of $5,874.00 (the "Allowed Cure Amount Claim"). Within seven days after the entry of this Order, the City shall pay the Allowed Cure Amount Claim to Enforcement Technology in full and final satisfaction of any

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning given to them in the Stipulation.

Cure Amount Claim associated with the Contract. No other cure amounts, payment, compensation or other performance is necessary to satisfy the requirements relating to the City's assumption of the Contract under section 365 of the Bankruptcy Code or otherwise.

3. The Contract is assumed in accordance with the Plan as of the Effective Date.

4. Within seven days of the entry of this Order, the City shall pay to Enforcement Technology the amount of $38,673.88 for amounts due and owing under contract number 2812046 as an ordinary course claim pursuant to Article II.A.2.b of the Plan. Contract number 2812046 has expired pursuant to its terms and is not being assumed by the City.

5. Enforcement Technology does not hold, nor has it assigned, any Administrative Claims, Cure Amount Claims, Other Unsecured Claims or Claims against the City other than the Allowed Cure Amount Claim identified in paragraph 2 and the ordinary course claim identified in paragraph 4.

6. Enforcement Technology agrees that this Order is sufficient notice of the actions provided for herein, and waives receipt of any notices that it may be entitled to receive under the Plan or the Contract Procedures Order regarding the Contract or contract number 2812046.

7. Nothing in this Order is to be construed as a waiver of any of the City's rights to assert and pursue any claims against Enforcement Technology, including, without limitation, claims under Chapter 5 of the Bankruptcy Code, and to challenge the assertion that any Allowed Claims in this Order are a defense to such claims. Enforcement Technology hereby reserves all of its rights and defenses with respect to any claims brought against it. Nothing in this Order shall be construed as a waiver of Enforcement Technology's rights or defenses with respect to any claims brought against it.

8. Nothing in this Order is intended to or will revive, reinstate, or affirm any rights, remedies, claims, or defenses of either Party against the other that expired or were otherwise barred, satisfied, released, waived, or discharged as of, or upon the occurrence of, the Effective Date of the Plan. This Order is not a modification of the Plan.