IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
                    :

In re                                    :         Chapter 9

CITY OF DETROIT, MICHIGAN,     :         Case No. 13-53846

         Debtor.                   :         Judge Thomas J. Tucker
------------------------------------------------------x

**ORDER APPROVING THE STIPULATION BETWEEN THE CITY OF DETROIT, MICHIGAN AND ENFORCEMENT TECHNOLOGY, INC. RESOLVING ENFORCEMENT TECHNOLOGY, INC.'S (A) OBJECTION TO CURE AMOUNT (DOCKET # 8959) AND (B) MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE (DOCKET # 9095)**

This case is before the Court on the Stipulation Between the City of Detroit, Michigan and Enforcement Technology, Inc. Resolving Enforcement Technology, Inc.'s (A) Objection to Cure Amount (Doc. No. 8959) and (B) Motion for Allowance and Payment of Administrative Expense (Doc. No. 9095)(Docket # 9927, the "Stipulation"),[1] the Court having reviewed the Stipulation and being otherwise apprised of the matter, and there being good cause,

IT IS ORDERED THAT:

1. The Motion and Objection are resolved as set forth in this Order. The City's claims agent is authorized to update the claims registers accordingly.

2. In connection with the City's assumption of the Contract, Enforcement Technology is granted an allowed cure amount claim in the amount of $5,874.00 (the "Allowed Cure Amount Claim"). Within seven days after the entry of this Order, the City will pay the Allowed Cure Amount Claim to Enforcement Technology in full and final satisfaction of any

---

[1] Capitalized terms not otherwise defined in this Order have the meaning given to them in the Stipulation.

Cure Amount Claim associated with the Contract. No other cure amounts, payment, compensation or other performance are necessary to satisfy the requirements relating to the City's assumption of the Contract under section 365 of the Bankruptcy Code or otherwise.

3. The Contract is assumed in accordance with the Plan as of the Effective Date.

4. Within seven days of the entry of this Order, the City will pay to Enforcement Technology the amount of $38,673.88 for amounts due and owing under contract number 2812046 as an ordinary course claim pursuant to Article II.A.2.b of the Plan. Contract number 2812046 has expired pursuant to its terms and is not being assumed by the City.

5. Enforcement Technology does not hold, nor has it assigned, any Administrative Claims, Cure Amount Claims, Other Unsecured Claims or Claims against the City other than the Allowed Cure Amount Claim identified in paragraph 2 and the ordinary course claim identified in paragraph 4.

6. Enforcement Technology agrees that this Order is sufficient notice of the actions provided for herein, and waives receipt of any notices that it may be entitled to receive under the Plan or the Contract Procedures Order regarding the Contract or contract number 2812046.

7. Nothing in this Order is to be construed as a waiver of any of the City's rights to assert and pursue any claims against Enforcement Technology, including, without limitation, claims under Chapter 5 of the Bankruptcy Code, and to challenge the assertion that any Allowed Claims in this Order are a defense to such claims. Enforcement Technology reserves all of its rights and defenses with respect to any claims brought against it. Nothing in this Order may be construed as a waiver of Enforcement Technology's rights or defenses with respect to any claims brought against it.

8. Nothing in this Order is intended to or will revive, reinstate, or affirm any rights, remedies, claims, or defenses of either Party against the other that expired or were otherwise barred, satisfied, released, waived, or discharged as of, or upon the occurrence of, the Effective Date of the Plan. This Order is not a modification of the Plan.

.

**Signed on June 04, 2015**

                                                                  /s/ Thomas J. Tucker
                                                          Thomas J. Tucker
                                                          United States Bankruptcy Judge