UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                          Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                                      Chapter 9

                Debtor.                          Judge Thomas J. Tucker
_____/

## MEMORANDUM REGARDING THE ADMINISTRATIVE EXPENSE CLAIMS FILED BY SHEILA REED AND SHERELL STANLEY

      This case came before the Court for a hearing on June 3, 2015, on the application for an administrative expense claim filed by Sheila Reed (Docket # 9135) (the "Reed Claim"). The City of Detroit filed an objection to the Reed Claim (Docket # 9791). Sheila Reed and counsel for the City appeared at the hearing. Today, for the reasons stated by the Court on the record during the June 3 hearing, the Court filed a separate order (Docket # 9931) regarding further proceedings relating to the Reed Claim, including a further hearing on July 15, 2015 at 1:30 p.m.

      This case also came before the Court for a hearing on June 3, 2015, on (1) the application for an administrative expense claim filed by Sherell Stanley (Docket # 9189, the "Stanley Claim"); and (2) Sherrell Stanley's motion for an extension of time to file an administrative expense claim (Docket # 9875, the "Stanley Motion"). The City of Detroit filed an objection to the Stanley Claim (Docket # 9789), and an objection to the Stanley Motion (Docket # 9909). Sherrell Stanley and counsel for the City appeared at the hearing. Today, for the reasons stated by the Court on the record during the June 3 hearing, the Court filed a separate order (Docket # 9929) regarding further proceedings relating to the Reed Claim and the Reed Motion, including a further hearing on July 15, 2015 at 1:30 p.m.

      During the June 3 hearing, the Court stated that it would file, for the parties' reference, a copy of excerpts of the hearing transcript from May 27, 2015, concerning the City's argument about what limited types of claims may qualify as an administrative claim in this Chapter 9 case. The Court now attaches the transcript excerpts from the May 27, 2015 hearings held in this case, about that subject.[1] The Court has highlighted in yellow the excerpts that may be relevant. These excerpts include arguments made by the parties on this subject during the May 27 hearing, and the Court's comments and oral rulings on this subject. The Court's comments and rulings appear on pages 57-58 and pages 65-66 of the transcript.

**Signed on June 4, 2015**                     /s/ Thomas J. Tucker
                                                                        **Thomas J. Tucker**
                                                                        **United States Bankruptcy Judge**

---

    [1] The full 161-page transcript of the May 27, 2015 hearings is on file at Docket # 9926.

```
                  UNITED STATES BANKRUPTCY COURT
                  EASTERN DISTRICT OF MICHIGAN
                        SOUTHERN DIVISION


IN RE:  CITY OF DETROIT,      .    Docket No. 13-53846
        MICHIGAN,             .
                              .    Detroit, Michigan
                              .    May 27, 2015
                    Debtor.   .    1:38 p.m.
. . . . . . . . . . . . . . . .


   HEARING RE. THIRTEENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS,
          FIFTEENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS,
          SIXTEENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS,
           SEVENTEENTH OBJECTION TO CERTAIN CLAIMS,
     STATUS CONFERENCE ON (DOCKET #4874) OBJECTION TO CLAIM OF
         COALITION OF DETROIT UNIONS, STATUS CONFERENCE ON
       (DOCKET #4876) OBJECTION TO CLAIM OF MICHIGAN AFSCME
              COUNCIL 25 AND ITS AFFILIATED DETROIT LOCAL
                 BEFORE THE HONORABLE THOMAS J. TUCKER
                 UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:      Foley & Lardner, LLP
                     By:  TAMAR N. DOLCOURT
                          LEAH IMBROGNO
                     500 Woodward Avenue, Suite 2700
                     Detroit, MI  48226
                     (313) 234-7117

                     Miller, Canfield, Paddock & Stone, PLC
                     By:  MARC SWANSON
                          JOHN WILLEMS
                     150 West Jefferson, Suite 2500
                     Detroit, MI  48226
                     (313) 496-7591

                     City of Detroit
                     By:  CHARLES RAIMI
                     2 Woodward Avenue
                     CAYMAC, Suite 500
                     Detroit, MI  48226
                     (313) 237-5037
```

```
For Detroit Police    Erman, Teicher, Zucker & Freedman, PC
Lieutenants and       By:  BARBARA PATEK
Sergeants             400 Galleria Officentre, Suite 444
Association:          Southfield, MI  48034
                      (248) 827-4106

                      PETER P. SUDNICK, PC
                      By:  PETER SUDNICK
                      2555 Crooks Road, Suite 150
                      Troy, MI  48084
                      (248) 643-8533

For AFSCME:           Miller Cohen, PLC
                      By:  RICHARD MACK
                      600 West Lafayette Blvd., 4th Floor
                      Detroit, MI  48226
                      (313) 964-4454

Claimants:            DENNIS TAUBITZ
                      IRMA INDUSTRIUS
                      PAMELA BOOKER
                      MARIO ROSS
                      RICHARD HALL
                      GRETCHEN SMITH
                      DEBRA GILBEAUX
                      LAURENCE WHITE

Court Recorder:       Jamie Laskaska
                      United States Bankruptcy Court
                      211 West Fort Street
                      21st Floor
                      Detroit, MI  48226-3211
                      (313) 234-0068

Transcribed By:       Lois Garrett
                      1290 West Barnes Road
                      Leslie, MI  49251
                      (517) 676-5092
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

```
 1  taking care of the seventeenth omnibus objections.
 2             THE COURT:  Yes.
 3             MR. IMBROGNO:  I believe those are next.
 4             THE COURT:  All right.
 5             MR. IMBROGNO:  Thank you.
 6             MS. DOLCOURT:  Good afternoon, your Honor.  Tamar
 7  Dolcourt from Foley & Lardner on behalf of the city regarding
 8  the seventeenth omnibus objection to claims.
 9             THE COURT:  Yes.  All right.  Good afternoon.  Go
10  ahead.  What would you like to say then?
11             MS. DOLCOURT:  Thank you.  Well, at the outset, we
12  want to clarify that the seventeenth omnibus objection seeks
13  only to reclassify claims which were marked on the proof of
14  claim as administrative claims.  It does not seek to disallow
15  any of these claims at this time.  The city has not
16  undertaken substantive reviews of each of the claims but will
17  do so in the future if it's determined to be appropriate.
18             And just at the outset, in a Chapter 11 case an
19  administrative claim is a claim that's necessary to preserve
20  the estate.  In a Chapter 9 case, there is no estate, and so
21  Section 541, which discusses the creation of a bankruptcy
22  estate, is actually not applicable in Chapter 9.  It's not
23  mentioned in Section 901.  Consequently, courts have limited
24  the definition of an administrative expense in Chapter 9 to a
25  very narrow slice of expenses directly related to the
```

46

administration of a bankruptcy case, and so to the extent that parties filed responses to the claim objection, the city believes that the claims that were filed are not administrative expenses in a Chapter 9 context, and so I'd like to go through each of the responses that we received in order.

The first response we received was filed by Laurence Woody White. I don't know if Mr. White is here today.

THE COURT: Is Laurence Woody White present, or is there anyone here on his behalf? I hear nothing. Mr. White has not attended today's hearing apparently. You don't know why?

MS. DOLCOURT: I don't believe he resides in the State of Michigan anymore. He's a retiree. It appears from his claim that he's been retired for over 20 years from the city. It appears to us that his claim is --

THE COURT: But you don't know specifically why he --

MS. DOLCOURT: I don't know. He didn't contact me.

THE COURT: All right.

MS. DOLCOURT: We did mail him a copy of our reply brief.

THE COURT: You did mail it?

MS. DOLCOURT: We did mail him a copy --

THE COURT: Yeah. All right.

1     claim form.  It appears that there was a -- and Ms. Smith
2     will certainly correct me if I'm wrong -- a bus accident in
3     2011.  Certain pieces of property which she may or may not
4     own -- she said she wasn't sure -- that are located within
5     the city and that another injury that occurred in November of
6     2013 -- and I believe she also states a retirement claim, but
7     that would be against Detroit Public Schools or involved with
8     Detroit Public Schools, not the City of Detroit.  With the
9     exception of the injury that occurred in late 2013, these
10    appear to be pre-petition claims, so they would not be
11    administrative under -- you know, in any event, but, however,
12    including the injury, none of them meet the definition of the
13    limited administrative expense allowance under a Chapter 9;
14    that is, an expense that is related directly to the
15    administration of the bankruptcy case.  So the city doesn't
16    seek to disallow Ms. Smith's claims.  The city only seeks to
17    reclassify them from administrative to general unsecured.
18            THE COURT:  All right.  Ms. Smith, what would you
19    like to say about this?
20            MS. SMITH:  So far what she said is correct;
21    however, I would like to give the Court some other factual
22    and then other information that I didn't get a chance to
23    share with her and I would like the Court to know about.  The
24    second claim is November 27, 2013, and I did file it with the
25    city.  The claim number is A27 -- or, yeah, A2750-005139,

1  proceedings in the future within that classification because
2  it is not properly classified as it was filed as an
3  administrative expense -- an allowable administrative expense
4  or administrative claim.  I agree with the city's argument on
5  that.  Ms. Smith has a good deal to talk about with counsel
6  for the city or appropriate personnel at the city regarding
7  the ultimate resolution of her various claims filed in this
8  case, it appears, and she can certainly do that in the
9  future, and the city will have to consider further Ms.
10 Smith's claim as a general unsecured claim and what
11 objections, if any, need to be filed to the merits or
12 substance of those claims.  The issue for today, though, is
13 simply whether the claim needs to be reclassified because
14 it's not an appropriate administrative claim.  I agree with
15 the city that it's not.  Nothing in the claim or in what Ms.
16 Smith has said about her various claims in today's hearing
17 indicates otherwise, and I conclude that the claims of Ms.
18 Smith have no basis as an administrative expense.  They are
19 not claims for the actual and necessary costs or expenses
20 incurred in connection with the actual administration of the
21 Chapter 9 case.  I agree with the city's argument that there
22 is no estate under Section 541 in a Chapter 9 case, and
23 Chapter 9 -- in Chapter 9 cases, the scope of administrative
24 expenses is, therefore, narrow, narrower than it is in a
25 normal bankruptcy case.  The concept under Section

1    503(b)(1)(A) that allowed administrative expenses include the
2    actual and necessary costs and expenses of preserving the
3    estate does not apply, per se, as broadly in a Chapter 9 case
4    as it would in a different chapter bankruptcy case, and so
5    the claims of Ms. Smith do not meet the requirements to be an
6    allowed administrative expense for those reasons, so the
7    city's objection, which seeks reclassification of the claims
8    to general unsecured claims, are sustained, so, Ms. Dolcourt,
9    include that relief in your -- the order you're going to
10   prepare.
11             MS. DOLCOURT:  Yes, sir.
12             THE COURT:  Thank you, Ms. Smith.  Go on, Ms.
13   Dolcourt.
14             MS. DOLCOURT:  Okay.  The next response that we
15   received, your Honor, was a joint response filed by Dennis
16   Taubitz and Ms. -- Mr. Dennis Taubitz and Ms. Irma
17   Industrius.  I believe they're on the phone.
18             THE COURT:  Yes.  Mr. Taubitz and Ms. Industrius,
19   are you still there, and can you hear me?
20             MS. SMITH:  Thank you, your Honor.
21             MR. TAUBITZ:  Yes.
22             MS. INDUSTRIUS:  Yes, your Honor.  We're here.
23             THE COURT:  All right.  We're finally to your
24   claims, I think, now, so, Ms. Dolcourt, go on.  What would
25   you like to say about this?

1           MS. DOLCOURT: Well, your Honor, as I've already
2 stated, these, again, are claims that the city is only
3 seeking at this time to reclassify, not to disallow, and so
4 with respect to Mr. Taubitz and Ms. Industrius' claims, the
5 city is investigating the claims that they make.  Mr. Taubitz
6 alleges that he's owed payments for wages for the entire
7 calendar year of 2013, and the city is looking into that
8 right now.  Ms. Industrius claims she is entitled to a bonus
9 for her employment.  We don't know from her pleadings when
10 that bonus entitlement supposedly arose, so the city is also
11 looking into that, but it's a little bit more difficult to
12 determine.  For example, we don't know if any of that claim
13 is a post-petition claim versus a pre-petition claim.  We
14 just have no information, so we're looking into it, but today
15 what we're looking to do is reclassify the claims from
16 administrative claims to general unsecured claims because,
17 again, the definition of administrative claims in the
18 bankruptcy is so narrow -- in a Chapter 9 is so narrow that
19 it's only those claims related to the actual administration
20 of the bankruptcy, and we do not believe that Mr. Taubitz and
21 Ms. Industrius' claims meet that standard.
22           In addition to that, the bar date notice did provide
23 a method for filing administrative claims, which was not
24 followed in this case, and Mr. Taubitz and Ms. Industrius
25 filed a surreply this morning stating that they never

1 they object to it, and you respond, and we have a hearing.

2 Now, with respect to the -- is there anything else
3 you wanted to say, Ms. Industrius?

4 MS. INDUSTRIUS: Your Honor, only that my position
5 is that the claim that I'm requesting is in relation to my
6 wages when I was an employee at the City of Detroit,
7 specifically bonuses, and I feel that that's part of the
8 administrative operation that's part of the Court while they
9 were in bankruptcy because I performed services for the city
10 and was entitled to those wages in the form of a bonus, and
11 that's all.

12 THE COURT: All right. Thank you. Ms. Dolcourt,
13 did you want to reply briefly to these arguments?

14 MS. DOLCOURT: Your Honor, just as a point of
15 clarification, Mr. Taubitz is correct that all the employees
16 were paid during the course of the bankruptcy; however, they
17 were not paid as an administrative expense. The city merely
18 continued its payroll throughout the course of the case, and
19 all of those payments were made in the ordinary course of
20 business throughout the bankruptcy case, so to the extent
21 that Mr. Taubitz and Ms. Industrius may have a claim that
22 wasn't paid for some reason, you know, the city is
23 investigating that and will determine that further, but none
24 of the wage claims were treated as administrative expenses.
25 They were just paid in the ordinary course as the city kept

1 operating.

2       THE COURT: Well, if someone worked and wasn't paid
3 a wage during the pendency of the case, what recourse do they
4 have against the city to get paid? Do they have any
5 recourse?

6       MS. DOLCOURT: Well, your Honor, I believe that if
7 it was a post-petition amount, it would be an ordinary course
8 expense under the plan. There's a -- there was provision for
9 the city to keep paying its ordinary course expenses, and it
10 did so. If there was a mistake, the city will investigate
11 that and determine the appropriate relief, but it's not
12 necessarily a claims administration issue. It could well be
13 a payroll and, you know, wage department issue that's just
14 outside of this process, but because Ms. Industrius and
15 Mr. Taubitz filed claims as administrative claims and the
16 city doesn't believe them to be administrative claims, you
17 know, we've sought to reclassify it.

18       THE COURT: All right. Well, thank you. While the
19 issue of what becomes of these claims ultimately and on a
20 final basis remains to be seen and isn't being decided today,
21 I am going to sustain the city's objection to these claims --
22 the limited objection that was stated, which is that the
23 claims should be reclassified out of the administrative claim
24 category and into the general unsecured claim category. I
25 agree they're not properly classified as administrative

```
 1   claims.  The argument of Mr. Taubitz and I think perhaps also
 2   Ms. Industrius that the -- to the extent they worked as
 3   employees of the city post-bankruptcy petition and were not
 4   paid for that work or, in the case of Ms. Industrius, earned
 5   a bonus, she says, for such work and wasn't paid, those are
 6   not allowable as administrative expenses under Section
 7   503(b), including 503(b)(1), because they are not expenses
 8   incurred in connection with the actual administration of the
 9   Chapter 9 case.  It is not sufficient in a Chapter 9 case to
10   obtain an allowed administrative expense merely to show and
11   argue that an employee worked for the municipality and
12   through their work was part of a workforce that allowed the
13   city to continue to function while it was in Chapter 9
14   bankruptcy, and so the city's objection in the seventeenth
15   omnibus objection is sustained as to both of these claims.
16   And, Ms. Dolcourt, I'll ask you to include that in the order
17   that you're going to prepare.
18           None of this, of course, is to say that neither --
19   or that either of these claimants, Mr. Taubitz or Ms.
20   Industrius, aren't necessarily entitled to be paid anything
21   by the city.  It simply concerns classifying their claims out
22   of the administrative claim category, and that's what the
23   ruling today does.  So does that complete the seventeenth
24   omnibus objection matter, Ms. Dolcourt?
25           MS. DOLCOURT:  Your Honor, just one more thing.  Ms.
```