# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**SUPPLEMENT TO CITY OF DETROIT'S MOTION FOR (I) DETERMINATION THAT THE GOODMAN ACKER AND HAAS & GOLDSTEIN LAW FIRMS HAVE VIOLATED THE PLAN OF ADJUSTMENT BY (A) REFUSING TO HONOR AN ADR SETTLEMENT AND/OR (B) SEEKING RELIEF ON A PRE-PETITION CLAIM BEYOND THAT ALLOWED BY THE PLAN OF ADJUSTMENT AND (II) ORDER ENJOINING FURTHER VIOLATIONS**

The City of Detroit ("City") files this supplement ("Supplement") to its Motion for (I) Determination that the Goodman Acker and Haas & Goldstein Law Firms Have Violated the Plan of Adjustment by (A) Refusing to Honor an ADR Settlement and/or (B) Seeking Relief on a Pre-Petition Claim Beyond that Allowed by the Plan of Adjustment and (II) Order Enjoining Further Violations (Doc. No. 9893) ("Motion"). In support of this Supplement, the City respectfully states as follows:

1.  The Motion, filed on May 28, 2015, asks this Court to enforce the confirmed Plan of Adjustment by (1) prohibiting two law firms (including Haas & Goldstein) from seeking to enforce ADR settlements in state court, and (2) prohibiting the law firms from seeking to recover interest and attorney fees on pre-petition first party cases.

2.  The City now seeks an expedited hearing on the Motion and, following the hearing, issuance of an injunction and assessment of sanctions. The reason is that the Haas & Goldstein firm has, since the filing of the Motion, filed some six additional motions in the Wayne County Circuit Court, and 36th District Court, seeking the very relief which the Motion seeks to enjoin, namely, to compel immediate payment of settlements of pre-petition cases, and

1

seeking recovery of interest and attorney fees. An example of one such motion is attached as Exhibit 1.

3. Haas & Goldstein's state court motions make no mention of the Plan of Adjustment, which bars the relief they seek. Nor do the motions mention the fact that the City has filed the Motion with this Court to address these issues. Haas & Goldstein's conduct represents bad faith, willful violations of the Plan of Adjustment and its injunctive violations.

4. The City and the Law Department are laboring under enormous pressures resulting from the bankruptcy – including the need to address some 1,400 pre-petition litigation claims and hundreds of post-petition lawsuits. The law department does not have the resources to respond to Haas & Goldstein's repeated state court filings in violation of the Plan of Adjustment. The Plan of Adjustment was designed to facilitate the City's successful exit from bankruptcy – Haas & Goldstein's conduct is calculated to inflict injury on the City and should be promptly enjoined.

Dated: June 5, 2015

>By: /s/ Marc N. Swanson
>Stephen S. LaPlante (P48063)
>Marc N. Swanson (P71149)
>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
>150 West Jefferson, Suite 2500
>Detroit, Michigan 48226
>Telephone: (313) 496-7591
>Facsimile: (313) 496-8451
>laplante@millercanfield.com
>swansonm@millercanfield.com
>
>Charles N. Raimi (P29746)
>Deputy Corporation Counsel
>City of Detroit Law Department
>2 Woodward Avenue, Suite 500
>Coleman A. Young Municipal Center
>Detroit, Michigan 48226
>Telephone: (313) 237-5037
>Facsimile: (313) 224-5505
>raimic@detroitmi.gov
>
>ATTORNEYS FOR THE CITY OF DETROIT

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SUMMIT MEDICAL GROUP, PLLC
and SUMMIT PHYSICIANS GROUP, PLLC,
(Sheila Williams)

        Plaintiffs,

v.

CITY OF DETROIT,

        Defendant.

Case No. 14-010025-NF
Honorable Patricia Fresard

14-010025-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/4/2015 2:07:03 PM
CATHY M. GARRETT

| JUSTIN HAAS (P53153) | CHERYL L. SMITH-WILLIAMS (P56382) |
|---|---|
| HAAS & GOLDSTEIN, P.C. | CITY OF DETROIT LAW DEPT. |
| Attorney for Plaintiff | Attorney for Defendant |
| 31275 Northwestern Hwy, Ste. 225 | 2 Woodward Avenue, Ste. 500 |
| Farmington Hills, MI 48334 | Detroit, MI 48226 |
| (248) 702-6550; Fax: (248) 538-9044 | (313) 237-3068; Fax: (313) 224-5505 |
| jhaas@haasgoldstein.com | smitc@detroitmi.gov |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY DISPOSITION, TO COMPEL PAYMENT OF INTEREST AND ATTORNEY FEES**

NOW COMES Plaintiffs, by and through their attorneys, HAAS & GOLDSTEIN, PC, and for their Motion for Partial Summary Disposition to compel payment interest and attorney fees, hereby states as follows:

1. This is a first-party action to recover unpaid medical expenses arising out of a May 10, 2012 motor vehicle collision in which Sheila Williams sustained injuries (**Exhibit A**, Deposition of Kelvin Lenton at 12:4-9).

2. As a result of the injuries Ms. Williams sustained in the subject accident, Plaintiffs have been providing medical treatment to her since June 14, 2012 (**Exhibit B**, Plaintiffs' Bills).

.3.     Defendant admits that it is first in order of priority to pay outstanding No-Fault Benefits that are due and owing for Ms. Williams's injuries arising out of the May 10, 2012 motor vehicle collision (**Exhibit A**, 12:20-23).

4.      In April of 2013, Plaintiffs retained Haas and Goldstein, P.C., as counsel to file this first party provider lawsuit to compel the payment of benefits (**Exhibit C**, Complaints).

5.      Plaintiffs' case against Defendant settled through bankruptcy for dates of service prior to July 18, 2013.[1]

6.      Plaintiffs have a remaining outstanding balance totaling $31,687.39 for dates of service July 19, 2013 through the present for treatment provided to Ms. Williams (**Exhibit B**).[2]

7.      Pursuant to the Michigan No-Fault Act Defendant is liable for personal protection insurance benefits for "**all reasonable charges incurred** for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation . . ." MCL 500.3107(1)(a). Furthermore, pursuant to MCL 500.3175(1), an "insurer to whom claims have been assigned shall make *prompt* payment of loss" in accordance with the no-fault law. Under MCL 500.3142(2), no-fault "**benefits are overdue if not paid within 30 days** after an insurer receives reasonable proof of the fact of the amount of loss sustained." Twelve percent penalty interest accrues if benefits are not paid within 30 days. *Id.*

---

[1] Plaintiffs' filed a new complaint on August 14, 2014 for the outstanding bills that were not included in the bankruptcy settlement (**Exhibit C**).
[2] The bills still reflect a total balance for treatment from 6/14/12 to the present as the settlement funds for dates of treatment 6/14/12 through 7/18/13 have not yet been paid.

2

4. Defendant does not dispute that it has received reasonable proof of fact and of the amount of loss sustained (**Exhibit A**, 15:15-21; **Exhibit D**, Defendant's Answers to Plaintiffs' Interrogatories).

5. Without notice to Plaintiffs' attorney during the course of this litigation, on or about December 19, 2014, Defendant began tendering direct payments to Plaintiffs for sporadic outstanding dates of service (**Exhibit B; Exhibit E,** Check Stubs). Specifically, on December 19, 2014, Defendant issued payments directly to Plaintiff totaling $3,486.87 for dates of service January 14, 2014, March 19, 2014, April 17, 2014, May 15, 2014 and May 19, 2014 (**Exhibit E**)[3]. On April 14, 2015, Defendant issued payments directly to Plaintiff totaling $1,122.01 for date of service November 18, 2014. On April 29, 2015, Defendant issued payments directly to Plaintiffs totaling $267.93 for dates of service October 16, 2013 and November 18, 2014.

6. **Defendant admits that these payments were not paid within thirty days of receiving reasonable proof in accordance with the No-Fault Act** (**Exhibit A**, 30:15-317). Accordingly, there is no genuine issue of material fact that Defendant is liable for penalty interest, as Defendant did not issue interest on the payments that were admittedly overdue when made.

7. Pursuant to MCL 500.3148(1), an **"attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue**. The attorney's fee shall be a charge against the insurer **in addition to the benefits recovered**, if the court finds that

---

[3] Bills were received by Defendant on 9/16/14, three months before Defendant issued payment (Exhibit G, EOBs).

3

the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

8. In failing to pay these benefits within thirty days of receiving reasonable proof of fact and of the amount of loss sustained, a presumption of unreasonable delay arose, entitling Plaintiffs to reasonable attorney's fees under MCL 500.3148. Defendant then bears the burden of proving that its delay in tendering payment of benefits was based on a **question of statutory construction** or **bona fide question of factual uncertainty**.

9. Defendant has failed to offer proof that its delay in tendering payment was based on a question of statutory construction or a bonafide question of factual uncertainty. Rather, Defendant admitted that it almost never issues payments within the thirty day time frame, as it takes a minimum of thirty days to even review the bills (**Exhibit A**, 30:15-31:7).

10. Additional proof of Defendant's unreasonable delay is that once litigation was commenced, Defendant paid a significant portion of Plaintiffs' outstanding bills that were subject to this litigation. Accordingly, **it is "no longer necessary to determine whether they were reasonable or necessary for [the injured person's] care, recovery, or rehabilitation and, thus, the question of whether the expense was reasonable and necessary became moot.** See MCL 500.3107(1)(a); MSA 24.13107(1)(a)." *Mantei v. American Fellowship Mut. Ins. Co.*, (1999).

11. **In addition, any recovery of overdue personal protection benefits payable under an automobile no-fault insurance policy which is secured through the efforts of an attorney is a judgment or fund against which a lien by the**

4

**attorney for his fee can attach**. *Miller v Detroit Auto. Inter-Insurance Exchange* 139 Mich App 565 (1984). An attorney's lien is enforceable against a third party where the third party has actual notice of the lien or where circumstances known to the third party are such that the third party ought to have inquired as to the claim of the attorney. *Nichols v Waters*, 201 Mich 27, 34 (1918).

12. The aforementioned payments were made directly to Plaintiffs after Plaintiffs' counsel filed this lawsuit (**Exhibit C; Exhibit E**).

13. Despite having both constructive and actual notice of counsel's lien, Defendant tendered direct payment to Plaintiffs without counsel's knowledge, subsequent to Defendant being advised of Plaintiffs' attorney lien and subsequent to litigation being commenced. (**Exhibit C**). Moreover, **Plaintiffs' Counsel e-mailed Defendant several times and sent letters asking Defendant to please stop sending payments to the provider directly** (**Exhibit F**, Letter to Defendant; **Exhibit H**, Email to Defendant). **Defendant acknowledged that it was aware that it was to issue payments to Plaintiffs' Counsel and not to Plaintiffs directly** (**Exhibit A**, 24:3-24:15). Nevertheless, Defendant proceeded to issue these payments directly to the provider without Plaintiffs' law firm's name appearing on the draft.

14. Accordingly, Plaintiffs' law firm is entitled to be paid its attorney lien and/or a reasonable attorney fee.

15. Plaintiffs are bringing this motion for summary disposition to compel payment of interest and attorney fees on the aforementioned late payments made directly to Plaintiffs, despite Plaintiffs' Counsel's attorney lien.

5

16. Michigan law is clear that a motion for summary disposition under MCR 2.116(C)(10) must be granted unless the nonmoving party presents affidavits or "admissible evidence" establishing a genuine issue of material fact. *Wheeler v Charter Twp of Shelby,* 265 Mich App 657, 663 (2005); MCR 2.116(G)(6).

16. As Defendant City of Detroit has not provided admissible evidence to establish a genuine issue of material fact pursuant to MCR 2.116(C)(10), and for reasons more specifically set forth below, Plaintiffs' motion for partial summary disposition must be granted, entitling Plaintiff to the payment of interest and reasonable attorney fees pursuant to MCL 500.3148(1).

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' motion for partial summary disposition, ordering the payment of interest and reasonable attorney fees.

### BRIEF IN SUPPORT

**I. INTRODUCTION**

This is a first-party action to recover unpaid medical expenses arising out of a May 10, 2012 motor vehicle accident in which Sheila Williams sustained injuries. Plaintiffs have been providing medical treatment to Ms. Williams since June of 2012 as a result of her accident related injuries.

As further set forth below, Plaintiffs move for partial summary disposition pursuant to MCR 2.116(C)(10) as there is no genuine issue of material fact that Defendant's payments issued to Plaintiffs after litigation commenced were overdue at the time payment was issued, and interest and attorney fees are owing. Moreover, there is no genuine issue of material fact that Defendant issued payments directly to

6

Plaintiffs in violation of Plaintiffs' counsel's attorney lien. Accordingly, Partial Summary Disposition pursuant to MCR 2.116(C)(10) is appropriate in this case.

## II. STANDARD FOR SUMMARY DISPOSITION

Summary disposition is proper where "except as to the amount of damages, there is no genuine issue as to any material fact." MCR 2.116(C)(10). "Under MCR 2.116(C)(10), the motion tests the factual support for a claim and must be supported by affidavits, depositions, admissions, or other documentary evidence." *Maiden v. Rozwood*, 461 Mich. 109, 120; 597 N.W.2d 817 (1999). "A court properly grants the motion when the proffered evidence, viewed in the light most favorable to the nonmoving party, fails to establish any genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *West v. Gen. Motors Corp.*, 469 Mich. 177, 183; 665 N.W.2d 468 (2003).

## III. UNDISPUTED FACTS

Plaintiffs noticed the deposition of Defendant's claim representative, Kelvin Lenton, to take place on February 18, 2015, pursuant to MCR 2.306. Defendant produced Kelvin Lenton for deposition in accordance with the notice. He testified that he was the claim representative on Ms. Williams's file and that he was the best person to testify on behalf of Defendant:

Q: Have you handled this file since June of 2013?

A: Yes.

Q: Have you handled it the whole time, even prior to that?

A: Yes.

Q: And as we sit here, you're the person with authority to pay this claim?

7

A: Yes.

(**Exhibit A**, 11:8-16)

Defendant admits that there is no dispute that Ms. Williams was involved in a motor vehicle accident on May 10, 2012 and that she sustained injuries:

> Q: You don't dispute that Ms. Williams was involved in a motor vehicle accident, right?
>
> A: Do not dispute.
>
> Q: And you don't dispute that she sustained some injuries in that accident.
>
> A: I don't dispute that.

(**Exhibit A**, 12:4-9)

Further, Defendant admitted that it has no basis to dispute that it is first in order of priority to issue payment of Ms. Williams's benefits:

> Q: Do you have any information or basis to tell me that there's a higher order of priority PIP insurer to pay for this claim?
>
> A: No basis.

(**Exhibit A**, 12:20-23)

Plaintiffs have been providing treatment to Ms. Williams since June of 2012 (**Exhibit B**). In April of 2013, Plaintiffs retained Haas and Goldstein, P.C., as counsel to file this first party provider lawsuit to compel the payment of benefits (**Exhibit C**). Plaintiffs' case against Defendant settled through bankruptcy for dates of service November 20, 2012 through July 18, 2013. Plaintiffs have a remaining outstanding

8

balance totaling $31,687.39 for dates of service July 19, 2013 through the present for treatment provided to Ms. Williams (**Exhibit B**).[4]

Defendant does not dispute that it has received reasonable proof of fact and of the amount of loss sustained (**Exhibit A**, 15:15-21; **Exhibit D**, Defendant's Answers to Plaintiffs' Interrogatories; **Exhibit G**).

Without notice to Plaintiffs' attorney during the course of this litigation, on or about December 23, 2014, Defendant began tendering **direct payments to Plaintiffs** for sporadic outstanding dates of service (**Exhibit B; Exhibit E**). Specifically, on December 23, 2014, Defendant issued payments directly to Plaintiff totaling $3,486.87 for dates of service January 14, 2014, March 19, 2014, April 17, 2014, May 15, 2014 and May 19, 2014 (**Exhibit E**)[5]. On April 14, 2015, Defendant issued payments directly to Plaintiff totaling $1,122.01 for date of service November 18, 2014. On April 29, 2015, Defendant issued payments directly to Plaintiffs totaling $267.93 for dates of service October 16, 2013 and November 18, 2014. On May 1, 2015, Defendant issued payment directly to Plaintiffs totaling $1,122.01 for date of service November 18, 2014[6].

Despite having both constructive and actual notice of counsel's lien, Defendant tendered direct payment to Plaintiff without counsel's knowledge, subsequent to Defendant being advised of Plaintiff's attorney lien and subsequent to litigation being commenced. (**Exhibit E**). Moreover, **Plaintiff's Counsel e-mailed Defendant several times and sent Defendant letters asking Defendant to please stop sending payments to the provider directly** (**Exhibit F; Exhibit H**). **Defendant acknowledged**

---

[4] The bills still reflect a total balance for treatment from 6/4/12 through the present as the settlement funds for dates of treatment 6/4/12 through 7/18/13 have not yet been paid.
[5] Bills were received by Defendant on 9/16/14, three months before Defendant issued payment (**Exhibit G**, EOBs).

9

**that it was aware that it was to issue payments to Plaintiff's Counsel and not to Plaintiff directly**:

> Q: What I have is an explanation of Benefits. The process date is June 12, 2013. And there's a handwritten note on here. Is that your handwriting, Mr. Lenton?
>
> A: It appears to be.
>
> Q: Okay. **And it looks like you had indicated not to issue payment directly to providers. Is that accurate?**
>
> A: That is correct.

(**Exhibit A**, 24:3-11)

Nevertheless, Defendant proceeded to issue these payments directly to the provider without Plaintiffs' law firm's name appearing on the draft.

**Furthermore, Defendant admits that these payments were not paid within thirty days of receiving reasonable proof in accordance with the No-Fault Act** (**Exhibit A**, 30:15-317; **Exhibit E**). Despite Defendant's admission, Defendant failed to issue interest payments along with the aforementioned late payments. Accordingly, as further set forth below, Plaintiffs are entitled to mandatory interest and Plaintiffs' law firm is entitled to be paid its attorney lien and/or a reasonable attorney fee.

## IV. LAW AND ARGUMENT

### A. Defendant is liable for penalty interest for the aforementioned overdue payments.

"Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained." MCL 500.3142(2). "An overdue payment bears simple interest at the rate

---

[6] Two payments, each in the amount of $1,122.01, have been issued directly to Plaintiffs for date of service

10

of 12% per annum." MCL 500.3142(3). The reasonableness of the insurer's actions or the insurer's good faith in not timely paying benefits is irrelevant. The trial court must assess penalty interest against a no-fault insurer if the insurer refuses to pay benefits after receiving reasonable proof of loss and it is later determined to be liable, notwithstanding the insurer's good faith in not promptly paying the benefits. See *Williams v. AAA Michigan*, 250 Mich.App. 249, 265, 646 N.W.2d 476 (2002) and *Davis v. Citizens Ins. Co. of America*, 195 Mich.App. 323, 328; 489 N.W.2d 214 (1992).

Defendant failed to issue payment to Plaintiffs within 30 days of receiving reasonable proof of the fact and of the amount of loss sustained. As set forth above, Defendant's claim specialist confirmed the same. Accordingly, as outstanding benefits were well overdue at the time payment was issued, Defendant is liable for mandatory penalty interest.

Michigan law is clear that a motion for summary disposition under MCR 2.116(C)(10) must be granted unless the nonmoving party presents affidavits or "admissible evidence" establishing a genuine issue of material fact. *Wheeler v Charter Twp of Shelby*, 265 Mich App 657, 663 (2005); MCR 2.116(G)(6). Further, Defendant cannot put forth an affidavit claiming that it has a reason for denying payment for Plaintiffs' undisputed charges. An affidavit in support of a motion for summary disposition cannot contradict prior deposition testimony. "It is well settled that a party may not raise an issue of fact by submitting an affidavit that contradicts the party's prior clear and unequivocal testimony" *Palazzola v. Karmazin Prods. Corp.*, 223 Mich. App.

---

November 18, 2014.

11

141, 155 (1997). This Court has discussed the reasons for such a rule. "When a party makes statements of fact in a 'clear, intelligent, unequivocal' manner, they should be considered as conclusively binding against him in the absence of any explanation or modification, or of a showing of mistake or improvidence." *Dykes v William Beaumont Hospital*, 246 Mich. App. 471, 480; 633 N.W.2d 440 (2001), quoting *Barlow v John Crane-Houdaille, Inc*, 191 Mich. App. 244, 250; 477 N.W.2d 133 (1991), quoting *Garnet v Jenks*, 38 Mich. App. 719, 726; 197 N.W.2d 160 (1972).

Accordingly, as Defendant's claim representative testified that Defendant issued overdue payments to Plaintiffs, it cannot now create a question of material fact by affidavit or otherwise regarding any reason the overdue benefits remained unpaid for months.

### B. There is no genuine issue of material fact that Plaintiffs' law firm is entitled to be paid its attorney lien and/or fee on all amounts recovered on behalf of Plaintiff, *in addition to* the claims paid.

Pursuant to MCL 500.3148(1), an

> "attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

As the no-fault Act requires "prompt payment" of PIP benefits, any delay or denial of payment is presumptively unreasonable, shifting the burden of proving reasonableness of the actions to the insurer. *Combs, supra; Attard v Citizens Ins. Co. of America*, 237 Mich App 311, 317; 602 NW2d 633 (1999) (emphasis added). A rebuttable presumption of undue delay arises when benefits are not paid within thirty days after the insurer receives reasonable proof of loss. MCL 500.3142(2) (emphasis added).

12

See *Conway v. Continental Ins. Co.*, 180 Mich. App. 447, 452 (1989). *Bradley v DAIIE*, 130 Mich App 34, 46; 343 NW2d 506 (1983); *Bloemsma, supra* at 696-697. **The only way to rebut this presumption is for the insurer to show that the denial of or delay in payment is the product of a legitimate question of statutory construction, constitutional law or factual uncertainty**. *Attard, supra* (emphasis added).

In addition, any recovery of overdue personal protection benefits payable under an automobile no-fault insurance policy which is secured through the efforts of an attorney is a judgment or fund against which a lien by the attorney for his fee can attach. *Miller v Detroit Auto. Inter-Insurance Exchange* 139 Mich App 565 (1984). An attorney's lien is enforceable against a third party where the third party has actual notice of the lien or where circumstances known to the third party are such that the third party ought to have inquired as to the claim of the attorney. *Nichols v Waters*, 201 Mich 27, 34 (1918).

Defendant's partial payments were admittedly made months after Defendant received reasonable proof of fact and of the amount of loss sustained (**Exhibit A**, 30:15-20). Defendant has failed to offer proof that its delay in tendering payment was based on a question of statutory construction or a bonafide question of factual uncertainty. Rather, Defendant admitted that it almost never issues payments within the thirty day time frame, as it takes a minimum of thirty days to even review the bills (**Exhibit A**, 30:15-31:7). Simply stated, the claim was inexcusably unpaid without explanation for months, triggering Defendant's statutory obligation to pay Plaintiffs' reasonable attorney fees.

13

Additional proof of Defendant's unreasonable delay is that once litigation was commenced, Defendant paid Plaintiffs' outstanding bills that were subject to this litigation. Accordingly, **it is "no longer necessary to determine whether they were reasonable or necessary for [the injured person's] care, recovery, or rehabilitation and, thus, the question of whether the expense was reasonable and necessary became moot.** See MCL 500.3107(1)(a); MSA 24.13107(1)(a)." *Mantei v. American Fellowship Mut. Ins. Co.*, (1999).

As set forth above, the partial payments were made directly to Plaintiffs after Plaintiffs' counsel filed this lawsuit. Despite having both constructive and actual notice of counsel's lien, Defendant tendered direct payment to Plaintiffs without counsel's knowledge, subsequent to Defendant being advised of Plaintiffs' attorney lien and subsequent to litigation being commenced **(Exhibit A, 24:3-15; Exhibit C; Exhibit E; Exhibit H)**. These payments were made directly to the provider without Plaintiffs' law firm's name appearing on the draft **(Exhibit E)**. Accordingly, Plaintiffs' law firm is entitled to be paid its attorney lien and/or fee, *in addition to* the claims that were paid.

## IV. Conclusion

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant Plaintiffs' motion for partial summary disposition, ordering the payment of interest and reasonable attorney fees.

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on 6/1 20 15.
By: ☐ Overnight Courier ☐ FAX ☐ E mailed
☐ Hand Delivered ☐ U.S. Mail ☒ E filed
☐ Certified Mail ☐ Scanned ☐ Other
Signature _____
Dated: June 1, 2015

Respectfully submitted,

/s/Justin Haas
JUSTIN HAAS (P53153)
Attorney for Plaintiffs
31275 Northwestern Highway, Suite 225
Farmington Hills, MI 48334
(248) 702-6550

14

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 5, 2015, he served a copy of the foregoing *SUPPLEMENT TO CITY OF DETROIT'S MOTION FOR (I) DETERMINATION THAT THE GOODMAN ACKER AND HAAS & GOLDSTEIN LAW FIRMS HAVE VIOLATED THE PLAN OF ADJUSTMENT BY (A) REFUSING TO HONOR AN ADR SETTLEMENT AND/OR (B) SEEKING RELIEF ON A PRE-PETITION CLAIM BEYOND THAT ALLOWED BY THE PLAN OF ADJUSTMENT AND (II) ORDER ENJOINING FURTHER VIOLATIONS,* upon the persons listed below, via electronic mail and first class mail.

Gerald Acker
Goodman Acker, P.C.
17000 West Ten Mile Road, 2nd Floor
Southfield, MI 48075
gacker@goodmanacker.com

Laurie Goldstein
Haas & Goldstein, PC
31275 Northwestern Hwy.
Farmington Hills, MI 48334
lauriejgoldstein@yahoo.com

Justin Haas
Haas & Goldstein, PC
31275 Northwestern Hwy.
Farmington Hills, MI 48334
jhaas@haasgoldstein.com

Dated: June 5, 2015

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com