**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST HELAINA PERRY**

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Helaina Perry ("Motion"). In support of this Motion, the City respectfully states as follows:

**I. Introduction**

1. Despite having not filed a proof of claim in the City's bankruptcy case, Helaina Perry ("Perry") continues to prosecute her state court lawsuit commenced during the City's bankruptcy case wherein she seeks monetary damages on account of a pre-petition claim against the City. The City has informed Perry on several occasions that her actions violate not only the Bar Date Order (as defined in paragraph 3 below), but also the automatic stay that was in effect during the City's bankruptcy case. In accordance with the Bar Date Order, the City thus seeks an order barring and permanently enjoining Perry from asserting the claims arising from or related to the state court action against the City or property of the City, and requiring the dismissal with prejudice of the state court action.

## II.  Factual Background

### A.  The Bar Date Order

2.  On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3.  On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Doc. No. 1782) ("Bar Date Order").

4.  The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City.  Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

5.  Paragraph 22 of the Bar Date Order also provided that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

6.    The Bar Date Order also approved the form and manner of notice of the Bar Dates.  *See e.g.* Bar Date Order ¶¶ 3, 23-26. In accordance with the Bar Date Order, notice of the General Bar Date was published in several newspapers.  (Doc. Nos. 3007, 3008, 3009).

7.    The Bar Date Order also provided that this Court retained "jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order."  Bar Date Order ¶ 29.

**B.    Perry's State Court Action**

8.    After the Petition Date, on October 29, 2014, Perry filed a complaint against Michael Harris and the City of Detroit in the Circuit Court for the County of Wayne, case number 14-013963 ("State Court Action").  The complaint is attached as Exhibit 6A.

9.    Perry alleges that on or about April 19, 2013, she suffered injuries in a car accident involving a garbage truck owned by the City and driven by Michael Harris.  Complaint ¶ 4.  Thus, the alleged claim arose prior to the Petition Date.

10.    After the State Court Action was commenced, the City filed a Notice of Suggestion of Bankruptcy Case and Application of the Automatic Stay in the State Court Action. The notice is attached as Exhibit 6B.

11.    On November 12, 2014, Perry's counsel, Lee Roy H. Temrowski, admitted to both receiving the City's Notice of Suggestion of Bankruptcy Case and Application of the Automatic Stay and not filing a proof of claim in the City's bankruptcy case.  The November 12 letter is attached as Exhibit 6C.

12.    Despite receiving notice that the State Court Action was filed in violation of the automatic stay, on January 30, 2015, Perry threatened to file a "Default and a Motion for Default

Judgment against both the City of Detroit and Michael Harris." The January 30 letter is attached as Exhibit 6D.

13. The City and Harris filed an answer and affirmative defenses to the complaint on or about February 5, 2015, even though the State Court Action was filed in violation of the automatic stay and Perry had still failed to file a proof of claim. The answer is attached as Exhibit 6E. The City's first affirmative defense stated that Perry had failed to file a proof of claim in the City's bankruptcy case.

14. On February 23, 2015, the City sent Perry's counsel, Lee Roy H. Temrowski, a letter requesting the dismissal of the State Court Action due to, among other reasons, Perry's failure to file a proof of claim in the City's bankruptcy case. The February 23 letter is attached as Exhibit 6F.

15. On March 13, 2015, Jonathan C. Hirsch, substituted as counsel for Mr. Temrowski in the State Court Action. The Notice of Substitution is attached as Exhibit 6G.

16. On March 10, 2015, the City sent Mr. Hirsch a letter requesting the dismissal of the State Court Action due to, among other reasons, Perry's failure to file a proof of claim in the City's bankruptcy case. The March 10 letter is attached as Exhibit 6H.

17. Perry has not filed a proof of claim in the City's bankruptcy case. Nevertheless, Perry has refused to dismiss the State Court Action.

**III. Argument**

18. Pursuant to the Bar Date Order, Perry is "forever barred, estopped and enjoined from…asserting any claim against the City or property of the City." Bar Date Order ¶ 22. Perry is also prohibited from receiving distributions under the City's confirmed chapter 9 Plan. *Id*. Through the State Court Action, however, Perry is asserting a claim against the City and

property of the City. As Perry's actions violate the Bar Date Order, the State Court Action should be dismissed with prejudice.

## IV. Conclusion

19. The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing Perry to dismiss, or cause to be dismissed, with prejudice the State Court Action; (b) permanently barring, estopping and enjoining Perry from asserting the claims arising from or related to the State Court Action against the City or property of the City; and (c) prohibiting Perry from sharing in any distribution in this bankruptcy case. The City sought, but did not obtain, concurrence to the relief requested in the Motion.

June 10, 2015                                    Respectfully submitted,

                                                By: /s/ Marc N. Swanson
                                                     Jonathan S. Green (P33140)
                                                     Marc N. Swanson (P71149)
                                                     MILLER, CANFIELD, PADDOCK AND
                                                     STONE, P.L.C.
                                                     150 West Jefferson, Suite 2500
                                                     Detroit, Michigan 48226
                                                     Telephone: (313) 496-7591
                                                     Facsimile: (313) 496-8451
                                                     green@millercanfield.com
                                                     swansonm@millercanfield.com

                                                ATTORNEYS FOR THE CITY OF DETROIT

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| In re: City of Detroit, Michigan, Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |
|---|---|

**EXHIBIT LIST**

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice of Opportunity to Object |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6-A | Complaint |
| Exhibit 6-B | Notice of Suggestion of Bankruptcy Case |
| Exhibit 6-C | Letter, November 12, 2014 |
| Exhibit 6-D | Letter, January 30, 2015 |
| Exhibit 6-E | Answer to Complaint |
| Exhibit 6-F | Letter, February 23, 2015 |
| Exhibit 6-G | Notice of Substitution of Attorney |
| Exhibit 6-H | Letter, March 10, 2015 |

**EXHIBIT 1 – PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST HELAINA PERRY**

This matter, having come before the Court on the Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Helaina Perry ("Motion"), upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1. The Motion is granted.

2. Within five days of the entry of this Order, Helaina Perry shall dismiss, or cause to be dismissed, with prejudice the action captioned as *Helaina Perry, Plaintiff, v. Michael Harris and City of Detroit*, *Defendants*, filed in the Wayne County Circuit Court and assigned Case No. 14-013963 ("State Court Action").

3. Helaina Perry is permanently barred, estopped and enjoined from asserting the claims arising from or related to the State Court Action against the City of Detroit or property of the City of Detroit.

4.      Helaina Perry is prohibited from sharing in any distribution in this bankruptcy case.

5.      The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**EXHIBIT 2 – NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| In re: City of Detroit, Michigan, Debtor. | Bankruptcy Case No. 13-53846 Honorable Thomas J. Tucker Chapter 9 |
|---|---|

**NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST HELAINA PERRY**

The City of Detroit has filed papers with the Court requesting the Court to enforce the Order, Pursuant To Sections 105, 501, And 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against Helaina Perry.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the *City Of Detroit's Motion To Enforce Order, Pursuant To Sections 105, 501, and 503 Of The Bankruptcy Code and Bankruptcy Rules 2002 And 3003(C), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form And Manner Of Notice Thereof Against Helaina Perry*, within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
     Marc N. Swanson (P71149)
     150 West Jefferson, Suite 2500
     Detroit, Michigan 48226
     Telephone: (313) 496-7591
     Facsimile: (313) 496-8451
     swansonm@millercanfield.com

Dated: June 10, 2015

**EXHIBIT 3 – NONE**

**EXHIBIT 4 – CERTIFICATE OF SERVICE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| In re: City of Detroit, Michigan, Debtor. | Bankruptcy Case No. 13-53846 Honorable Thomas J. Tucker Chapter 9 |
|---|---|

The undersigned hereby certifies that on June 10, 2015, he served a copy of the foregoing ***CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST HELAINA PERRY*** upon counsel, as listed below, via electronic mail and first class mail:

Jonathan C. Hirsch
59 N Walnut St Ste 304
Mount Clemens, MI 48043
jonathanhirsch@yahoo.com

DATED: June 10, 2015

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

**EXHIBIT 5 – NONE**

**EXHIBIT 6-A – Complaint**



UTICA HISTORICAL SITE

LAW OFFICES OF

**TEMROWSKI AND TEMROWSKI**

ATTORNEYS AND COUNSELORS AT LAW
45109 VAN DYKE AVENUE
UTICA, MICHIGAN 48317-5579

LEE ROY H. TEMROWSKI
LEE ROY H. TEMROWSKI, JR.

TELEPHONE (586) 254-5566
FAX (586) 254-9071

October 29, 2014

**Certified Mail**

Michael Harris
17166 Runyon
Detroit, MI 48234

RE: Perry v Harris, et al
Case No. 14-013963-NI

Dear Sir or Madam:

Enclosed please find a Summons and Complaint which was filed against you in the Wayne County Circuit Court on October 29, 2014 in reference to the above-entitled matter.

Thank you for your kind cooperation in this matter.

Very truly yours,

Lee Roy H. Temrowski, Jr.

Enclosure

cc: Ms. Perry

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND<br>RETURN OF SERVICE | CASE NO.<br>14-013963-NI |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-0142

**THIS CASE IS ASSIGNED TO JUDGE** **John A. Murphy** **Bar Number: 24492**

| **Plaintiff**<br>Perry, Helaina | v | **Defendant**<br>Harris, Michael |
|---|---|---|
| **Plaintiff's Attorney**<br>Lee Roy H. Temrowski, P-31967<br>45109 Van Dyke Ave<br>Utica, MI 48317-5579 | | **Defendant's Attorney** |

| **CASE FILING FEE** | **JURY FEE** |
|---|---|
| [X] Case Filing Fee - $150.00 | [ ] Jury Fee - $85.00 |

| **ISSUED** | **THIS SUMMONS EXPIRES** | **DEPUTY COUNTY CLERK** |
|---|---|---|
| 10/29/2014 | 1/28/2015 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.

CATHY M. GARRETT - WAYNE COUNTY CLERK

RECEIVED CITY OF DETROIT LAW DEPT 2014 NOV 4 PM 12:58

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

__ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ______________ Court.

__ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__ An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in ______________ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
| | | |

The action [ ] remains [ ] is no longer pending.

THIRD JUDICIAL CIRCUIT OF MICHIGAN

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

10/29/14

Date

Lee Roy H. Temrowski, Jr.

Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE**

MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | RETURN OF SERVICE | CASE NO.<br>14-013963-NI |
|---|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE** OR ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization not required)

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with ______________________
List all documents served with the Summons and Complaint

______________________ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee<br>$ | Miles traveled<br>$ | Mileage fee<br>$ | Total fee<br>$ |
|---|---|---|---|

______________________
Signature

______________________
Name (type or print)

______________________
Title

Subscribed and sworn to before me on ______________ , ______________ County, Michigan.
Date

My commission expires: ______________ Signature: ______________________
Date Deputy court clerk/Notary public

Notary public, State of Michigan, County of ______________

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with ______________________
Attachments

______________________ on ______________________
Day, date, time

______________________ on behalf of ______________________
Signature

**MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE**

MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

lk ,

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

HELAINA PERRY,

Plaintiff,

v

MICHAEL HARRIS and
CITY OF DETROIT,

Defendants.

_______________________________/

Case No. 14- -NI

Hon.

Prior Action No. 14-000810-NF

This case should be assigned to Judge Borman

14-013963-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/29/2014 12:03:41 PM
CATHY M. GARRETT

Lee Roy H. Temrowski, Jr., P-31967
Attorney for Plaintiff
45109 Van Dyke Avenue
Utica, Michigan 48317
(586) 254-5566
Temrowskilaw@comcast.net

_______________________________/

**PLAINTIFF'S COMPLAINT**
**JURY DEMAND**

NOW COMES the Plaintiff, HELAINA PERRY, by and through her attorney, LEE ROY H. TEMROWSKI, JR., and for a cause of action states as follows:

1. That the Plaintiff, HELAINA PERRY, is an adult and a resident of the City of Detroit, County of Wayne, and State of Michigan.

2. That the Defendant, MICHAEL HARRIS, is upon information and belief an adult and a resident of the City of Detroit, County of Wayne, and State of Michigan and the Defendant, CITY OF DETROIT, is information and belief, a municipality and operates and conducts business in the City of Detroit, County of Wayne and State of Michigan.

3. That at all times material herein, the Defendant, MICHAEL HARRIS, was the operator

of a certain motor vehicle and Defendant, CITY OF DETROIT, was the owner of a certain motor vehicle which was involved in the automobile collision of April 19, 2013.

4. That on or about April 19, 2013, Plaintiff, HELAINA PERRY, was a front seat passenger in a motor vehicle being driven by Jimmy Perry who was traveling West on Warren and Defendant, MICHAEL HARRIS, was driving his motor vehicle which was a garbage truck owned by Defendant, CITY OF DETROIT, and was traveling West directly behind Plaintiff's motor vehicle when Defendant, MICHAEL HARRIS, rear-ended Plaintiff's motor vehicle thereby causing an automobile collision in the City of Detroit, County of Wayne, and State of Michigan.

5. That at said time and place the motor vehicle being operated by the Defendant, MICHAEL HARRIS, and owned by Defendant, CITY OF DETROIT, was involved in an automobile collision with the automobile being operated Jimmy Perry wherein Plaintiff, HELAINA PERRY, was a passenger, thereby causing an automobile collision and severe and permanent injuries to the Plaintiff herein.

6. The Defendant, CITY OF DETROIT, is liable under the Owner's Liability Statute.

7. That at said time and place the Defendants owed a duty to Plaintiff and others to own and operate the motor vehicle in a safe, lawful and prudent manner and that the Defendants did breach said duty as hereinafter stated.

8. That at all times material herein the Plaintiff was free of any negligence, contributory negligence, or comparative negligence.

9. That the Defendants herein were then and there guilty of one or more of the following negligent and unlawful acts and/or omissions in the operation and ownership of the motor vehicle:

(a) Causing said motor vehicle to be driven or moved on a highway when it was in such unsafe condition as to endanger any person contrary to the provisions of MCLA 257.683;

(b) That the Defendants herein operated the motor vehicle in a careless, reckless, and negligent manner in violation of MCLA 257.627;

(c) In driving said motor vehicle at a rate of speed that was not reasonable and proper and having failed to have due regard to the traffic surface and road conditions and with the highway in violation of MCLA 257.627;

(d) In operating the motor vehicle at an excessive rate of speed for the conditions existing at the time contrary to MSA 9.2327 and the common law;

(e) In driving this motor vehicle upon a public highway recklessly and needlessly in wilful and wanton disregard of the rights and safety of persons or property without due caution and circumspection and at a rate of speed and in a manner so as to endanger or be likely to endanger other persons lawfully upon the highway all in violation of MCLA 257.627(a);

(f) Failing to operate the motor vehicle at a speed which would permit him to bring it to a stop within the assured clear distance ahead in violation of MSA 9.2327;

(g) Failing to make proper observations;

(h) Failing to have the motor vehicle under control;

(i) Failing to drive the motor vehicle with due care and caution;

(j) That Defendants did violate the Michigan Vehicle Code, Chapter 257 contained therein and in violation of the City of Detroit, County of Wayne Ordinances, specifically the Motor Vehicle Regulations;

(k) Failing to stop within the assured clear distance ahead;

(l) Rear-ending a motor vehicle;

(m) Rear-ending a motor vehicle while driving a garbage truck.

10. That as a direct and proximate result of the negligence carelessness and recklessness of the Defendants herein, the Plaintiff, HELAINA PERRY, suffered severe and permanent injuries in and about her body and that said injuries are of a severe and permanent nature and also serious

impairment of a bodily function that are permanent in nature and that the Plaintiff herein, also suffered an aggravation of a pre-existing condition, if indeed one did so exist and also suffered permanent serious disfigurement, suffering, among other things, injuries to her head, neck, back, shoulders, arms, suffering injuries to her muscles, soft tissues, blood vessels, ligaments, tendons, and said injuries resulting in extreme conscious pain and suffering, and for such other injuries which are presently latent and/or dormant, but which would subsequently be discovered by medical diagnosed and said Plaintiff does hereby specifically reserve the right to move for leave of Court to amend this Complaint to comply to such proofs as are made at this time of said cause.

11. That by reason of the premises, Plaintiff has incurred and will continue to incur medical expenses, drug and hospital bills, and therapeutic devices in an effort to alleviate the pain and suffering and physical limitations which she has endured and expects to endure for an unknown time into the future, and further, that said injuries sustained by the Plaintiff, has resulted in a permanent adverse restriction and shortening of normal activities, employment and enjoyment of life of the Plaintiff herein.

12. That as a direct and proximate result of the injuries Plaintiff has sustained and will in the future sustain, serious impairment of a bodily function, disability, physical pain and suffering and mental anguish, loss of income, future impairment of earning capacity, and loss of life's pleasures.

13. That the matter in controversy exceeds the sum of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest, costs and attorney fees.

WHEREFORE, the Plaintiff, HELAINA PERRY, prays for a Judgment against Defendants, MICHAEL HARRIS and CITY OF DETROIT, in an amount which is fair, just and reasonable in excess of Twenty-Five Thousand ($25,000.00) Dollars, exclusive of interest, costs and attorney fees.

/s/ Lee Roy H. Temrowski, Jr.

Lee Roy H. Temrowski, Jr., P-31967
Attorney for Plaintiff
45109 Van Dyke Avenue
Utica, Michigan 48317
586-254-5566

**<u>EXHIBIT 6-B – Notice of Suggestion of Bankruptcy Case</u>**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

HELAINA PERRY,

Plaintiff,

Hon: John A. Murphy
Case No. 14-013963-NI

vs.

MICHAEL HARRIS and
CIYT OF DETROIT, a Michigan
Municipal Corporation,

Defendants.

14-013963-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
11/7/2014 1:57:20 PM
CATHY M. GARRETT

TEMROWKSI AND TEMROWSKI
LEE ROY H. TEMROWSKI (P31967)
Attorney for Plaintiff
45109 Van Dyke Ave
Utica, MI 48317-5579
(586) 254-5566 Fax (586) 254-9071
Temrowskillaw@comcast.net

CITY OF DETROIT LAW DEPT.
MARY BETH COBBS (P40080)
Attorney for Defendants
2 Woodward Ave, Ste 500
Detroit, MI 48226
(313) 237-3075
cobbm@detroitmi.gov

**NOTICE OF SUGGESTION OF BANKRUPTCY CASE AND APPLICATION OF THE AUTOMATIC STAY**

**PLEASE TAKE NOTICE THAT**, that on July 18, 2013 (the "Petition Date"), the City of Detroit Michigan (the "City"). The City's bankruptcy case is captioned In re City of Detroit, Michigan, Case No. 13-53846, (Bankr. E.D. Mich.) (the "Chapter 9 Case"), and is pending in the United States bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy"). A copy of the voluntary petition filed with the Bankruptcy Court commencing Chapter 9 Case is attached hereto as Exhibit A).

**PLEASE TAKE FURTHER NOTICE THAT,** in accordance with the automatic stay imposed by operation of sections 362 and 922 of the Bankruptcy Code (the "Stay"), from and after the Petition Date, no act to (i) exercise control over property of the City or (ii) collect,

assess or recover a claim against the City that arose before the commencement of the Chapter 9 case may be commenced or continued against the City without the bankruptcy Court first issuing an order lifting or modifying the Stay for specific purpose. Also, see Stay Order dated July 25, 2013, entered by Judge Steven Rhodes attached hereto and marked as Exhibit B.

**PLEASE TAKE FURTHER NOTICE THAT**, in accordance with the Stay, from and after the Petition Date, no cause of action arising prior to, or relating to the period prior to, the Petition Date may be commended or continued against (i) the City, in any judicial, administrative or other action or proceeding, or (ii) an officer or inhabitant of the City, in any judicial, administrative or other action or proceeding that seeks to enforce a claim against the City, and no related judgment or order may be entered or enforced against the City outside of the Bankruptcy Court without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

**PLEASE TAKE FURTHER NOTICE THAT** actions taken in violation of the Stay, and judgments or orders entered or enforced against the City, or its officers or inhabitants to enforce a claim against the City, while the Stay is in effect, are void and without effect.

**PLEASE TAKE FURTHER NOTICE** neither the Bankruptcy Court nor the United States District Court for the Eastern District of Michigan has issued an order lifting or modifying the Stay for the specific purpose of allowing any party to the above-captioned proceeding to commence or cont9inue any cause of action against the City or its officers or inhabitants. As such, the above-captioned proceeding may not be prosecuted, and no valid judgment or order may be entered or enforced against the City or its officers or inhabitants.

**PLEASE TAKE FURTHER NOTICE,** in light of the foregoing, the City will not defendant against, or take any other action with respect to, the above-captioned proceeding while the Stay remains in effect.

**PLEASE TAKE FURTHER NOTICE THAT** the City hereby expressly reserves all rights with respect to the above-captioned proceeding, including, but not limited to, the right to move to vacate any judgment entered in the above-captioned proceeding as void.

Respectfully submitted,

/s/Mary Beth Cobbs
Mary Beth Cobbs (P40080)
2 Woodward Ave, Ste 500
Detroit, MI 48226
(313) 237-3075
cobbm@detroitmi.gov

Dated:11/6/2014

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

HELAINA PERRY,

Plaintiff,

Hon: John A. Murphy
Case No. 14-03963-NI

vs.

MICHAEL HARRIS and
CIYT OF DETROIT, a Michigan
Municipal Corporation,

Defendants.

TEMROWKSI AND TEMROWSKI
LEE ROY H. TEMROWSKI (P31967)
Attorney for Plaintiff
45109 Van Dyke Ave
Utica, MI 48317-5579
(586) 254-5566 Fax (586) 254-9071

CITY OF DETROIT LAW DEPT.
MARY BETH COBBS (P40080)
Attorney for Defendants
2 Woodward Ave, Ste 500
Detroit, MI 48226
(313) 237-3075
cobbm@detroitmi.gov

**PROOF OF SERVICE**

The undersigned certifies that a copy of **Notice of Suggestion of Bankruptcy** and this **Proof of Service** was served on the attorney of record to the above cause by e-mailing the same to them at his respective e-mail addresses provided to the court and of record herein on November 7, 2014.

Lee Roy H. Temrowski, Jr
Attorney for Plaintiff
Temrowskilaw@comcast.net

I declare that the statements above are true to the best information, knowledge and belief.

/s/Mary Beth Cobbs

**EXHIBIT 6-C – Letter, November 12, 2014**



LAW OFFICES OF

**TEMROWSKI AND TEMROWSKI**

ATTORNEYS AND COUNSELORS AT LAW
45109 VAN DYKE AVENUE
UTICA, MICHIGAN 48317-5579

LEE ROY H. TEMROWSKI
LEE ROY H. TEMROWSKI, JR.

TELEPHONE (586) 254-5566
FAX (586) 254-9071

November 12, 2014

Ms. Mary Beth Cobbs
Attorney at Law
2 Woodward Ave., Suite 500
Detroit, MI 48226

RE: Perry v Harris, et al
Case No. 14-013963-NI

Dear Ms. Cobbs:

I am in receipt of your Notice of Suggestion of Bankruptcy Case and Application of the Automatic Stay.

Please immediately let me know how I should file a Proof of Claim and/or any other documents that I need to complete so that my client can proceed with this litigation.

Please immediately provide with whatever forms and whatever documents I need to complete so that my client can make the claim and proceed with this matter.

Thank you for your kind cooperation in this matter.

Very truly yours,

Lee Roy H. Temrowski, Jr.

cc: Helaina Perry

RECEIVED
NOV 13 2014
CITY OF DETROIT

**EXHIBIT 6-D – Letter, January 30, 2015**



UTICA HISTORICAL SITE

LAW OFFICES OF

**TEMROWSKI AND TEMROWSKI**

ATTORNEYS AND COUNSELORS AT LAW
45109 VAN DYKE AVENUE
UTICA, MICHIGAN 48317-5579

LEE ROY H. TEMROWSKI
LEE ROY H. TEMROWSKI, JR.

TELEPHONE (586) 254-5566
FAX (586) 254-9071

January 30, 2015

Ms. Mary Beth Cobbs
Attorney at Law
2 Woodward Ave., Suite 500
Detroit, MI 48226

2-3-15

RE: Perry v Harris, et al
Case No. 14-013963-NI

Dear Ms. Cobbs:

As of today's date you have not filed an answer to the Plaintiff's Complaint and I am putting you on legal notice that if an answer is not filed forthwith, I am going to file a Default and a Motion for Default Judgment against both the City of Detroit and Michael Harris.

The City of Detroit is out of bankruptcy and this lawsuit is in no way at all affected by the bankruptcy.

Thank you for your kind cooperation in this matter.

Very truly yours,

Lee Roy H. Temrowski, Jr.

cc: Helaina Perry

**EXHIBIT 6-E –Answer to Complaint**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**HELAINA PERRY**
**Plaintiff,**

**v**

**Case No. 14-013963-NI**
**John**

**MICHAEL HARRIS and**
**CITY OF DETROIT**

**Defendants**

**LEE ROY H. TEMROWSKI, Jr. ( P31967)**
**ATTORNEY FOR PLAINTIFF**
**45109 Van Dyke Avenue**
**Utica, MI 48317**
**(586) 254-5566**
**temrowskilaw@comcast.net**

**MARY BETH COBBS( P40080)**
**CITY OF DETROIT LAW DEPARTMENT**
**ATTORNEY FOR DEFENDANTS**
**2 Woodward Ave, Suite 500**
**Detroit, MI 48226**
**(313) 237.3075**
**cobbm@detroitmi.gov**

**CITY OF DETROIT and MICHAEL HARRIS'**
**ANSWER TO PLAINTIFF'S COMPLAINT, RELIANCE UPON JURY DEMAND AND AFFIRMATIVE DEFENSES**

The City of Detroit and Michael Harris for their answer to plaintiff's complaint, states the following:

1. Answering paragraph 1 of plaintiff's complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations.
2. Answering paragraph 2 of plaintiff's complaint, as to Defendant Michael Harris, Defendant admits that he is an adult and an employee of the City of Detroit and as to Defendant City of Detroit, Defendant admits the allegations contained therein.
3. Answering paragraph 3 plaintiff's complaint, defendants admit the allegations in this paragraph.

4. Answering paragraph 4 plaintiff's complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations.

5. Answering paragraph 5 of plaintiff's complaint, defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny the allegations.

6. Answering paragraph 6 of plaintiff's complaint, defendants deny the allegations.

7. Answering paragraph 7 of plaintiff's complaint, defendants deny the allegations contained therein for the reason that they are untrue in the manner and form alleged.

8. Answering paragraph 8 of plaintiff's complaint, defendants deny the allegations contained therein for the reason that they are untrue in the manner and form alleged.

9. Answering paragraph 9 of plaintiff's complaint, including subparagraphs A. – M., defendants deny the allegations contained therein for the reason that they are untrue in the manner and form alleged.

10. Answering paragraph 10 of plaintiff's complaint, defendants deny the allegations contained therein for the reason that they are untrue in the manner and form alleged.

11. Answering paragraph 11 of plaintiff's complaint, defendants deny the allegations contained therein for the reason that they are untrue in the manner and form alleged.

12. Answering paragraph 12 of plaintiff's complaint, defendants deny the allegations contained therein for the reason that they are untrue in the manner and form alleged.

13. No response to the legal conclusions alleged in paragraph 13 is required.

**WHEREFORE**, Defendants the City of Detroit and Michael Harris request that this Honorable Court dismiss Plaintiff's complaint with prejudice, and award Defendants costs and attorney fees.

By: /s/Mary Beth Cobbs
Mary Beth Cobbs ( P40080)
Assistant Corporation Counsel
City of Detroit Law Department
Attorneys for Defendants the City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226

DATED: 1/5/2015

**RELIANCE UPON JURY DEMAND**

Defendants, City of Detroit and Michael Harris, hereby rely upon Plaintiff's demand for trial by jury.

Respectfully submitted,

By: /s/Mary Beth Cobbs
Mary Beth Cobbs ( P40080)
Assistant Corporation Counsel
City of Detroit Law Department
Attorneys for Defendants the City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226

## AFFIRMATIVE DEFENSES

1. Plaintiff's claims against the City of Detroit are stayed, discharged, enjoined or otherwise limited by the City of Detroit's bankruptcy case in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 13-53846 and the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, and the bankruptcy court's Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit. Plaintiff has failed to file a proof of claim in Defendant's Chapter 9 bankruptcy.

2. Plaintiff has failed to state a claim upon which relief can be granted.

3. Plaintiff lack standing and/or capacity to sue.

4. Plaintiff's claims are barred by release, payment, or prior judgment.

5. All or part of Plaintiff's claims are barred by Michigan's No-Fault Act, MCLA 500.3101 et seq.

6. The complaint fails to properly state a claim under any exception to Defendants' governmental immunity provided by MCL 691.1401, et seq.

7. Plaintiff may have or has failed to mitigate damages.

8. This matter is barred by res judicata or collateral estoppel.

9. Plaintiff's claims are barred, in whole or in part, because any damages the claimant allegedly suffered were caused by the negligence or other acts or omissions of the claimants or other third parties.

10. Plaintiff's claim is or may be barred because of a lack of jurisdiction.

11. Plaintiffs' claims are barred by the equitable doctrines of waiver, laches and estoppel.

12. Plaintiff's claims for benefits are not causally related to any injuries allegedly sustained as a result of the accident.

13. Plaintiff's economic losses may be barred, except as provided by statute.

Defendants, not waiving any deficiency or omission in any pleadings heretofore or hereafter filed by any other party hereto, hereby reserve the right to assert and file any affirmative and special defense as may become known by discovery proceedings in accordance with the rules and practices of this Court in such case made and provided, or otherwise.

Respectfully submitted,

By: /s/Mary Beth Cobbs
Mary Beth Cobbs ( P40080)
Assistant Corporation Counsel
City of Detroit Law Department
Attorneys for Defendants the City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226

**PROOF OF SERVICE**

Mary Beth Cobbs, certifies that on February 5, 2015, I filed the Defendants ,City of Detroit's, Answer and Affirmative Defenses and this Certificate of Service by electronically filing the foregoing with the Clerk of the Court using the Odyssey File and Serve system and

On January 5,2015 the foregoing was served by e-mail upon each attorney of record at his or her last known e-mail address. I declare that the foregoing statement is true to the best of my knowledge, information and belief.

By: /s/Mary Beth Cobbs
Mary Beth Cobbs ( P40080)
Assistant Corporation Counsel
City of Detroit Law Department
Attorneys for Defendants the City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226

**EXHIBIT 6-F –Letter, February 23, 2015**


CITY OF DETROIT
LAW DEPARTMENT

COLEMAN A. YOUNG MUNICIPAL CENTER
2 WOODWARD AVENUE, SUITE 500
DETROIT, MICHIGAN 48226-3535
PHONE 313•224•4550
FAX 313•224•5505
WWW.DETROITMI.GOV

February 23, 2015

Lee Roy H. Temrowski, Esq.
45109 Van Dyke Avenue
Utica, MI 48317

Dear Mr. Temrowksi:

Re:     Notice of violation of federal bankruptcy plan injunction and demand to dismiss.
        Helaina Perry vs. City of Detroit

Counselor:

Demand is hereby made that you sign and return by March 13, 2015 the enclosed stipulated
order to dismiss the above referenced action ("the Lawsuit"). The Lawsuit is premised upon a
claim that arose prior to the July 18, 2013 filing by the City of Detroit of a petition under Chapter
9 of the U.S. Bankruptcy Code, *In re City of Detroit, Michigan*, Case No. 13-53846, United
States Bankruptcy Court, Eastern District of Michigan. Under federal law and orders entered in
the City's bankruptcy, the claim alleged in the Lawsuit was subject to the bankruptcy stay. The
Bankruptcy Court approved the Eight Amended Plan for the Adjustment of Debts of the City of
Detroit ("the Plan"), by order dated November 12, 2014, and the Plan became effective on
December 10, 2014. The Plan, and orders entered along with the Plan, include an injunction
against commencing or continuing any actions except as allowed for or provided in the Plan.

The above lawsuit alleges a third party claim based upon an April 19, 2013 incident. The
summons and complaint were served on the City on November 7, 2014. Plaintiff was served
with the enclosed "Defendant's Notice of Suggestion of Bankruptcy and Application of
Automatic Stay." As set forth in that notice, the act of filing of the complaint and effecting
service, and any other act in that that lawsuit, was done in violation of federal bankruptcy law
and orders issued by bankruptcy Judge Steven W. Rhodes.

The bankruptcy court set a deadline of February 21, 2014 for the filing of claims in bankruptcy
by those who had a pre-petition claim against the City, including its officers and employees.
Based upon out investigation, Helaina Perry did not file a timely bankruptcy claim [and did not
seek relief from the bankruptcy stay to file the lawsuit] Having failed to file a claim in the
bankruptcy, any action taken in furtherance of the continuation of the above lawsuit violates the
Plan injunction and related bankruptcy court orders confirming the Plan. See the enclosed Order
and Plan excerpts.

If you fail to sign and return the dismissal order as requested, or provide us with proof that the
action is not subject to the Plan, we will file a motion with the bankruptcy court to enforce the
Plan's injunction. If we must file such a motion we will seek costs and sanctions.

Mary Beth Cobbs
Encls.

**EXHIBIT 6-G –Notice of Substitution of Attorney**

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

HELAINA PERRY

Plaintiff,

vs

Case No: 14-013963-NI
Hon. John A. Murphy

MICHAEL HARRIS and CITY OF DETROIT,
A Michigan corporation Municipal Corporation,

Defendants.

14-013963-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
3/13/2015 10:32:20 AM
CATHY M. GARRETT
/s/ Katrina Ross

THE HIRSCH LAW FIRM, PLLC
JONATHAN C. HIRSCH (P46952)
LAUREN SNIDERMAN HIRSCH (P46111)
Attorneys for Plaintiff
59 N. Walnut Street, Suite 304
Mount Clemens, MI 48043
(586) 445-0900
jonathanhirsch@yahoo.com

CITY OF DETROIT LAW DEPT
MARY BETH COBBS (P40080)
Attorney for Defendant
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3075

**NOTICE OF SUBSTITUTION OF ATTORNEY**

To: Clerk of the Court
Mary Beth Cobbs, Esq.
Lee Roy Temrowski, Esq.

I, JONATHAN C. HIRSCH, replace attorney LEE ROY H. TEMROWSKI on behalf of plaintiff, HELAINA PERRY and request copies of all papers filed in this case after this date.

*/s/ Lee Roy Temrowski*
Temrowski & Temrowski
LEE ROY TEMROWSKI (P31967)
45109 Van Dyke Avenue
Utica, MI 48317-5579
(586) 254-5566

*Jonathan C. Hirsch*
The Hirsch Law Firm PLLC
JONATHAN C. HIRSCH (P46952)
59 N. Walnut Street, Suite 304
Mount Clemens, Mi 48043
(586) 445-0900

**ORDER**

**IT IS SO ORDERED.**

| 3/13/2015 | /s/ John A. Murphy |
|---|---|
| Dated | Circuit Court Judge |

**EXHIBIT 6-H –Letter, March 10, 2015**

COLEMAN A. YOUNG MUNICIPAL CENTER
2 WOODWARD AVENUE, SUITE 500
DETROIT, MICHIGAN 48226-3535
PHONE 313•224•4550
FAX 313•224•5505
WWW.DETROITMI.GOV

CITY OF DETROIT
LAW DEPARTMENT

March 10, 2015

Jonathan C. Hirsch, Esq.
The Hirsch Law Firm
59 North Walnut Street, Suite 304
Mount Clemens, MI 48043

Dear Mr. Hirsch:

Re: Notice of violation of federal bankruptcy plan injunction and demand to dismiss.
Helaina Perry vs. City of Detroit

Counselor:

Demand is hereby made that you sign and return by March 31, 2015 the enclosed stipulated order to dismiss the above referenced action ("the Lawsuit"). The Lawsuit is premised upon a claim that arose prior to the July 18, 2013 filing by the City of Detroit of a petition under Chapter 9 of the U.S. Bankruptcy Code, *In re City of Detroit, Michigan*, Case No. 13-53846, United States Bankruptcy Court, Eastern District of Michigan. Under federal law and orders entered in the City's bankruptcy, the claim alleged in the Lawsuit was subject to the bankruptcy stay. The Bankruptcy Court approved the Eight Amended Plan for the Adjustment of Debts of the City of Detroit ("the Plan"), by order dated November 12, 2014, and the Plan became effective on December 10, 2014. The Plan, and orders entered along with the Plan, include an injunction against commencing or continuing any actions except as allowed for or provided in the Plan.

The above lawsuit alleges a third party claim based upon an April 19, 2013 incident. The summons and complaint were served on the City on November 7, 2014. Plaintiff was served with the enclosed "Defendant's Notice of Suggestion of Bankruptcy and Application of Automatic Stay." As set forth in that notice, the act of filing of the complaint and effecting service, and any other act in that that lawsuit, was done in violation of federal bankruptcy law and orders issued by bankruptcy Judge Steven W. Rhodes.

The bankruptcy court set a deadline of February 21, 2014 for the filing of claims in bankruptcy by those who had a pre-petition claim against the City, including its officers and employees. Based upon out investigation, Helaina Perry did not file a timely bankruptcy claim [and did not seek relief from the bankruptcy stay to file the lawsuit] Having failed to file a claim in the bankruptcy, any action taken in furtherance of the continuation of the above lawsuit violates the Plan injunction and related bankruptcy court orders confirming the Plan. See the enclosed Order and Plan excerpts.

If you fail to sign and return the dismissal order as requested, or provide us with proof that the action is not subject to the Plan, we will file a motion with the bankruptcy court to enforce the Plan's injunction. If we must file such a motion we will seek costs and sanctions.

Mary Beth Cobbs

Mary Beth Cobbs
Encls.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

HELAINA PERRY,

Plaintiff,

Hon: John A. Murphy
Case No. 14-03963-NI

vs.

MICHAEL HARRIS and
CITY OF DETROIT, a Michigan
Municipal Corporation,

Defendants.
_______________________________________/

**ORDER DISMISSING ACTION AND CLOSING CASE**

This matter coming before the Court by agreement of the undersigned counsel for the parties, the parties stipulating to entry of this Order, the Court being advised in the premises,

**IT IS HEREBY ORDERED:**

1. This action is dismissed.

2. This is a final Order and closes the case.

/s/____________________________
JUDGE

Dated:

The undersigned stipulate to entry of the above order:

____________________
Attorney of Plaintiff

/s/ Mary Beth Cobbs-P40080
Attorney for Defendants