IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
------------------------------------------------------- x
                                                        :   Chapter 9
In re                                                   :
                                                        :   Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                              :
                                                        :   Hon. Thomas J. Tucker
                                        Debtor          :
------------------------------------------------------- x
```

## SUPPLEMENTAL BRIEF IN SUPPORT OF THE CITY OF DETROIT'S OBJECTION TO CLAIM NUMBERS 474 AND 1097 FILED BY RICHARD HALL

The City of Detroit (the "City"), by and through its undersigned counsel, at the request of the Court, and in further support of the City's Thirteenth Omnibus Objection to Certain No Basis Claims ("Thirteenth Omnibus Objection") [Dkt. No. 9568] regarding claim numbers 474 and 1097 (the "Claims"), files this supplemental brief and respectfully states as follows:

### INTRODUCTION

Mr. Hall filed his Claims in the City's bankruptcy case, but failed to take any action to preserve those claims as required prior to the expiration of the respective statutes of limitation. He received notice of the expiration of the automatic stay when he received notice of the occurrence of the Effective Date[1] under the City's Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (the "Plan") [Dkt. No. 8045]. The expiration of the automatic stay triggered the 30 day extension to file claims under Section 108(c) of the Bankruptcy Code for matters where the statute of limitations had expired during the case. Neither Section 524(a)(2) of the Bankruptcy Code nor the discharge injunction contained in the Plan overrides the provisions of Section 108(c). Mr. Hall failed to seek relief within the appropriate time period.

1

Therefore, Mr. Hall's Claims are barred by the applicable statutes of limitation and should be disallowed.

## BACKGROUND

### A. Plan Provisions At Issue

1. In addition to the Plan provisions already cited in the City's previous submissions, additional provisions of the Plan apply to Mr. Hall's Claims and the issues at hand.

2. Article VIII.K of the Plan, titled "Term of Existing Injunctions and Stays," states that "[a] injunctions or stays provided for in the Chapter 9 Case under sections 105, 362 or 922 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date." Plan, Art. VIII.K.

3. Article III.D.4 of the Plan states that, "[e]xcept as otherwise provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date." Plan, Art. III.D.4.

### B. Mr. Hall Received Notice Of The Plan, The Effective Date of the Plan And Expiration Of The Automatic Stay

4. As a holder of an alleged claim in this bankruptcy, Mr. Hall was given notice of the Plan and its provisions at all relevant times during the Chapter 9 bankruptcy case.

5. Mr. Hall received an opportunity to vote on the Plan, and received a copy of the Plan and Disclosure Statement. *See* Certificate of Service at Dkt. No. 6177, p. 31 of 1828, 44 of 1828. Mr. Hall did not return a voting ballot to KCC.

6. In the Order Approving the Proposed Disclosure Statement, the Court found that the Disclosure Statement contained "adequate information" as defined by Section 1125(a)(1) of

---

[1] All capitalized terms not defined herein have the definitions ascribed to them in Plan.

13-53846-tjt    Doc 9960    Filed 06/10/15    Entered 06/10/15 19:38:28    Page 2 of 10

the Bankruptcy Code. [Dkt. 4401, ¶ 3.] The Order further held that the Disclosure Statement provided "adequate notice of, and satisfies Federal Rule of Bankruptcy Procedure 3016(c) with respect to, the injunction provisions contained in Article III of the Plan." [Dkt. 4401, ¶ 4.]

7. After the Plan became effective on December 10, 2014, the City also provided Mr. Hall with the "Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date" [Dkt. No. 8649] (hereinafter, "<u>Notice of Effective Date</u>"), as demonstrated by the certificate of service of the Notice of Effective Date filed on December 29, 2014 [Dkt. No. 8970, p. 470 of 569].[2]

8. The Notice of Effective Date was in the form approved by Judge Rhodes in his Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit [Dkt. No. 8282, Appendix II].

9. In addition to the service by KCC, the Notice of Effective Date was also published in the Wall Street Journal [Dkt. No. 8973], USA Today [Dkt. No. 8972], and both the Detroit News and Detroit Free Press [Dkt. No. 8971] (collectively the "<u>Notices of Publication</u>").

### C. Objection History

10. On March 30, 2015, the City filed its Thirteenth Omnibus Objection to claims in which there was no basis for liability on the part of the City as stated in the respective proofs of claim.

11. The Claims were included on the Thirteenth Omnibus Objection because the statutes of limitation had run on both underlying causes of action.

---

[2] The certificate of service of the Notice of Effective Date lists redacted addresses of the claimants, including Mr. Hall. The City has confirmed with its noticing agent, Kurtzman Carson Consultants, LLC ("KCC"), that Mr. Hall was served at the address he provided on his proof of claim forms, and at the updated address he provided to KCC for service. Mr. Hall has since changed his notice address and KCC and the City are using his updated address.

12. Specifically, as to Claim No. 474, the statute of limitations on the underlying personal injury claim expired as of June 28, 2014, and as to Claim No. 1097, the statute of limitations on the underlying Section 1983 claim expired as of October 28, 2014.

13. On April 20, 2015, Mr. Hall filed two letters with the Court, arguing that his Claims should not be expunged.

14. On May 21, 2015, the City filed two separate replies to Mr. Hall's letters and in further support of its objection to Mr. Hall's Claims. Therein, the City argued that the statute of limitations on both of Mr. Hall's underlying claims had expired, and that Mr. Hall did not take advantage of the 30 day window provided for in Section 108(c) in which he could have filed his claim after the Effective Date.[3]

15. The Court held a hearing on the objection to Mr. Hall's Claims on May 27, 2015. At that hearing, the Court requested that the City brief additional issues. The Court issued an Order on May 29, 2015 [Dkt. No. 9898], requesting briefing on the following issues:

> (a) When and how did the automatic stay under 11 U.S.C. §§ 362 and 922 terminate or expire with respect to Richard Hall's claims against the City?
>
> (b) When and how was Richard Hall given "notice of the termination or expiration of the stay under section 362 [and] 922" within the meaning of 11 U.S.C. § 108(c)(2)?
>
> (c) If the 30-day period of 11 U.S.C. § 108(c)(2) did begin to run on Richard Hall's claims against the City, as the City contends, at that time, and at all times from then through the present, was Richard Hall precluded by the discharge injunction under 11 U.S.C. § 524(a)(2) and/or the injunction provisions of the confirmed Chapter 9 plan of adjustment from filing suit on his claims (e.g., because Hall's claims were discharged)? If so, what is the impact of that fact on the City's

---

[3] Stay modification notices were filed as to Mr. Hall's Claims on February 4, 2015 [Dkt Nos. 9161; 9162]. The City filed such notices as to all claims which were not otherwise liquidated, allowed, or disallowed after the Effective Date. However, because the statutes of limitation on Mr. Hall's Claims had already passed, the stay modification notices had no practical effect on Mr. Hall's right to bring a claim. Had Mr. Hall filed suit in response to the stay modification notice (he did not), the City would have objected on statute of limitation grounds.

4

argument that Richard Hall's claims filed in this bankruptcy case must be disallowed as time-barred?

The City will address each of the Court's questions in turn.

## ARGUMENT

### A. The Automatic Stay Under 11 U.S.C. §§ 362 And 922 Expired On The Effective Date

Article VIII.K of the Plan, titled "Term of Existing Injunctions and Stays," states that "injunctions or stays provided for in the Chapter 9 Case under sections 105, 362 or 922 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect <u>until the Effective Date</u>." Plan, Art. VIII.K (emphasis added). As such, under the express terms of the Plan, any applicable stay continued until the Effective Date only and expired on such date. The automatic stay thus expired on December 10, 2014.

### B. Mr. Hall Was Given Notice Of The Termination Of The Stay On Several Occasions

Throughout all relevant times during the Chapter 9 bankruptcy case, the City gave Mr. Hall, as a holder of a claim in this bankruptcy, notice of the Plan and its provisions, including Article VIII.K of the Plan which stated that the stay would expire or terminate as of the Effective Date. Mr. Hall had an opportunity to vote on the Plan, and received a copy of the Plan and Disclosure Statement. Prior to his receipt of the Plan and Disclosure Statement, the Court determined that the Disclosure Statement provided proper notice of, among other things, the injunction provisions in Article III of the Plan.

After the Plan became effective on December 10, 2014, Mr. Hall also received the Court-approved Notice of Effective Date. *See* Certificate of Service of the Notice of Effective Date filed on December 29, 2014 [Dkt. No. 8970, p. 470 of 569].[4] In addition to the service by KCC,

---

[4] The certificate of service of the Notice of Effective Date lists redacted addresses of the claimants, including Mr. Hall. The City has confirmed with its noticing agent, Kurtzman Carson Consultants, LLC ("KCC"), that Mr. Hall

5
4824-6356-2788.4
13-53846-tjt    Doc 9960    Filed 06/10/15    Entered 06/10/15 19:38:28    Page 5 of 10

the Notice of Effective Date was also published in both national and local newspapers, affording additional notice. *See* Notices of Publication, [Dkt. Nos. 8971; 8972; 8973].

In the City's reply brief, the City stated that Mr. Hall had 30 days from the Effective Date to file suit regarding his claims. The City has since learned that KCC did not serve the Notice of Effective Date on the claimants until on or before December 16, 2014. Therefore, the appropriate date for the running of the 30 day period in Section 108 would be January 15, 2015. This is a distinction without a difference, however, because Mr. Hall did not file any suit regarding his underlying claims between December 16, 2014 and January 15, 2015.

In Article VIII.H of the Plan, the required Notice of Effective Date is specified as follows:

> On or before ten Business Days after occurrence of the Effective Date, the City shall mail or cause to be mailed to all Holders of Claims a notice that informs such Holders of (1) the entry of the Confirmation Order; (2) the occurrence of the Effective Date; (3) the assumption and rejection of Executory Contracts and Unexpired Leases pursuant to the Plan, as well as the deadline for the filing of Claims arising from such rejection; (4) the deadline for the filing of Administrative Claims; and (5) such other matters as the City deems to be appropriate.

Plan Art. VIII.H.

The Notice of Effective Date followed the required form set forth in the Plan and approved by this Court. In addition to those requirements, one of the "other matters" the City deemed to be appropriate to include in the Notice of Effective Date was that "Copies of the Plan, Confirmation Order and all other documents Filed in the Chapter 9 Case may be obtained, free of charge, from the City's restructuring website at https://www.kccllc.net/detroit or from Kurtzman Carson Consultants LLC by calling (877) 298-6236 (toll-free)." As such, both the notice

---

was served at the address he provided on his proof of claim forms, and at the updated address he provided to KCC for service. Mr. Hall has since changed his notice address and KCC and the City are using his updated address.

6

provided to Mr. Hall by KCC and the notice by publication included the availability of the Plan free of charge.

All of these efforts by the City provided good and sufficient notice of (1) the injunction provisions of the Plan; and (2) the expiration of the stay as of the Effective Date. Mr. Hall had every opportunity to review the Plan and its provisions – including the provision stating that the stay would last only until the Effective Date. Mr. Hall was also put on notice of the December 10, 2014 Effective Date through the court-approved Notice of Effective Date, both by direct service and publication notice. However, he did not take any action to preserve his Claims, before the statutes of limitation expired. Therefore, his Claims should now be disallowed.

### C. Section 524(a)(2) of the Bankruptcy Code and the Plan Injunction Did Not Affect The Application of Section 108(c) to the Statute of Limitations for Mr. Hall's Claims, Provided Mr. Hall Had to Obtain Relief From the Court to File Suit.

Section 524(a)(2) contains an injunction which arises upon the debtor receiving a discharge of its debts.[5] In addition, as is common in reorganizing chapter 11 plans and chapter 9 plans, the City's Plan contains a discharge injunction provision.

In a similar case, a district court affirmed a bankruptcy court's finding that even when a personal injury claimant files a proof of claim in the bankruptcy, his failure to file a lawsuit on that claim within the statute of limitations, including the 30 day extension provided by Section 108(c), results in disallowance of the claim. *See Rhodes v. C&G Excavating, Inc.*, 1999 U.S. Dist. LEXIS 15828, *3-4 (E.D. Pa. Sept. 28, 1999). Just as in *Rhodes*, Mr. Hall did not file an action within the allowed statutes of limitation, and therefore, the City is no longer liable on the Claims. The *Rhodes* court noted that "if . . . a complaint is irrelevant following the filling of a proof of claim, then § 108(c) is purely statutory surplusage . . . The Court is not free to so lightly disregard the plain language of a statute." *Id*. at *4. Furthermore, the *Rhodes* court declined to

7

4824-6356-2788.4

13-53846-tjt    Doc 9960    Filed 06/10/15    Entered 06/10/15 19:38:28    Page 7 of 10

address the Section 524(a)(2) discharge in connection with the requirements under Section 108(c) where the parties had not raised the issue in the bankruptcy court. *Id*. at *4. The court found that no gross miscarriage of justice would occur if it did not consider the effect of Section 524(a)(2) where it was "far from clear that Section 524(a)(2) would control a claim addressed in a debtor's discharge and plan…" *Id*.

Here, nothing prevented Mr. Hall from seeking relief from this Court from either section 524 or the discharge injunction. As in *Rhodes*, the City intended parties holding tort claims to be able to liquidate their claims by filing suit under certain circumstances. Therefore, the City did not intend to use the provisions of Section 524(a)(2) to block timely actions to liquidate properly-filed tort claims. Nonetheless, as the court determined in *Rhodes*, Section 108(c) controls the time during which such actions may be filed, and those actions not filed before the statute of limitations expires are barred.

In addition, the Plan's discharge injunction does not conflict with or otherwise affect the grace period which extends statutes of limitation by a 30 day period under Section 108(c), because a party may move for relief from the injunction if it needs to file an action under that section. *See In re WorldCom*, Inc., 362 B.R. 96, 110 (Bankr. S.D.N.Y. 2007). In *WorldCom*, the holder of a mechanic's lien did not file a foreclosure action within the appropriate statute of limitations provided under state law, including the 30 day extension provided by Section 108(c) and, therefore, was barred from bringing a later foreclosure action. *Id*. The lienholder argued that Section 108(c) should be read to suspend the statute of limitations for the entire time the Plan's discharge injunction was in effect. *Id*. The Court disagreed, holding that an injunction in a Plan, based on Sections 1141 and 524, did not affect the grace period under Section 108(c), which only applied to the expiration of the stay under the specific provisions in that section *Id*.

---

[5] Section 524(a)(2) is made applicable to Chapter 9 proceedings through Section 901.

The Court found that the 30 day grace period applied and the lienholder would have had to file the foreclosure action within that period. *Id*. The court also noted that, in that case, the discharge injunction hypothetically would have barred the foreclosure action, but that the lienholder could have moved for relief from the discharge injunction in order to be allowed to file the foreclosure. *Id*. at 111. Because he did not do so, the foreclosure action was barred and the lienholder's claim became an unsecured claim. *Id*.

In this case, Mr. Hall was obligated to file suit on his Claims before the later of (1) the expiration of the statutes of limitation on his claims or (2) the expiration of the 30 day grace period in Section 108(c). In order to do so, he would have needed to seek modification of the discharge injunction, just as he would have had to seek relief from the automatic stay if he had filed suit before the Effective Date. Mr. Hall failed to do so, and therefore the statutes of limitation on the Claims have run, and he is barred from recovering on those claims.

The short grace period provided by Section 108(c) is designed to balance (1) the needs of parties who find themselves unable to file suit during a bankruptcy with (2) the needs of the debtor to fairly and expeditiously administer the bankruptcy case. *Aslanidis v. United States Lines, Inc.*, 7 F.3d 1067, 1073 (2d Cir. 1993). The City has properly relied on the 30 day period in Section 108(c) to evaluate the claims filed in the case thus far. The fact that Mr. Hall is a *pro se* party does not mean he can ignore the applicable statutes of limitation, or that such statutes do not apply to his Claims. *See Liddell v. Bock*, 01-10192, 2008 U.S. Dist. LEXIS 121895, *11 (E.D. Mich. Jan. 22, 2010); *see also Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) ("The law is replete with instances which firmly establish that ignorance of the law, despite a litigant's *pro se* status, is no excuse for failure to follow established legal requirements."); *Holloway v. Jones,* 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) ("Claims that

4824-6356-2788.4

13-53846-tjt    Doc 9960    Filed 06/10/15    Entered 06/10/15 19:38:28    Page 9 of 10

a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations."). Mr. Hall failed to take actions to preserve his Claims through the pendency of the case as required under the Bankruptcy Code. If his Claims are not barred by the statute of limitations, section 108(c) of the Bankruptcy Code would be meaningless.

## **CONCLUSION**

For the foregoing reasons, the City respectfully requests that this Court enter an order disallowing and expunging the Claims, and granting the City such other and further relief as this Court may deem just and proper.

Dated: June 10, 2015

FOLEY & LARDNER LLP

By: /s/ *John A. Simon*
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
Leah R. Imbrogno (P79384)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
tdolcourt@foley.com
limbrogno@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*