## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
|  | ) | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | ) |  |
|  | ) | Hon. Thomas J. Tucker |
|  | ) |  |
| Debtor. | ) |  |

**CORRECTED MOTION OF STEVEN WOLAK, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER
WOLAK, DECEASED, TO COMPEL PAYMENT BY DEBTOR
PURSUANT TO SETTLEMENT CONTRACT, OR
ALTERNATIVELY, VOID SETTLEMENT CONTRACT AND
REINSTATE CASE**

Now comes STEVEN WOLAK, as Personal Representative of the

Estate of CHRISTOPHER WOLAK, Deceased ("Claimant"), by and

through his undersigned counsel, and for his Corrected Motion to Compel

Payment by Debtor Pursuant to Settlement Contract, or Alternatively, Void

Settlement Contract and Reinstate Case, respectfully states as follows:

1.     Mr. Wolak's claim arises from the tragic death of his son,

Christopher Wolak, on December 24, 2011, when he was struck and killed

by a DDOT Bus owned by the City of Detroit and operated by its employee,

Audrian Hardy.

2. Claimant filed suit in the Circuit Court for the County of Wayne, State of Michigan, on January 25, 2012, against the City of Detroit, amending his Complaint on April 9, 2012, adding Audrian Hardy, the driver of the Bus, as a named Defendant.

3. The parties ultimately settled that action for the amount of $375,000.00. That settlement was placed on the record and an Order was entered by the Honorable Jeanne Stempien on May 12, 2013. (**See Exhibit 1**).

4. This settlement was further approved by the Detroit City Council, and an appropriate Release was signed on July 11, 2013. (**See Exhibit 2**).

5. Before payment was made, however, the City of Detroit filed its petition for bankruptcy protection on July 18, 2013.

6. The instant claim should not be subject to the Debtor's proposed distribution under the Plan. Claimant respectfully requests that this Court enforce the settlement agreement entered into *voluntarily* by both parties. This is the only equitable result, as payment in the amount of $375,000 by Debtor to Claimant, in full, is the bargained for consideration of this contract.

PIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

7.     The bankruptcy courts are entrusted with ***broad equitable powers*** to balance the interests of the affected parties. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984).  "Equitable determinations are within the sound discretion of the bankruptcy judge . . ." *In re M.J. Waterman & Associates, Inc.,* 227 F.3d 604, 607 (6 Cir. 2000).

8.     By way of example, in *In re Norman R. Hugues,* Case No. 06-14172, (E.D. Mich. 2006), Judge Cox noted that Judge Shapero in *Waterman, supra,* when determining the equities, properly considered that the existence of the claim was clear to both parties, and allowed a late-filed claim.

9.     Here, not only was the existence of the claim clear to both parties, the amount of the claim was ***voluntarily agreed to by the Debtor.***

10.     It is hornbook law that a court should determine what the agreement was and enforce it accordingly.  *Whitaker v Citizens Ins Co of America*, 190 Mich App 436; 476 NW2d 161 (1991).  A contract must be enforced in accordance with its terms.  *Upjohn Co. v. New Hampshire Ins. Co.,* 438 Mich. 197, 476 N.W.2d 392 (1991).

11.     A court cannot re-make a contract to find a meaning not intended.  *Matter of Estate of Seitz*, 142 Mich App 39, *Rev'd*, 426 Mich 30 (1985).  Even here, in this setting, such an action would be improper.  This is

3

not a case where Claimant seeks to enforce a pre-bankruptcy Judgment. This was a bargained for **agreement** by **both** parties. This Court should simply determine what the agreement was and enforce it accordingly. *Allstate Ins v Freeman* , 432 Mich 656, 662 (1989).

12.     The inequities of subjecting this bargained for agreement to the Plan is further revealed by the language of the Release entered into by the Parties, proposed and drafted by the Debtor.  The Release included the following language:

> Said parties understand that the Law Department will make reasonable efforts to achieve City Council approval and, subsequently, to promptly process an application for payment. Nevertheless, because these procedures take time (normally three to six months) it is hereby acknowledged that **Time is not of the Essence** and no day certain for the issuance of any check can be given.

**(See Exhibit 2)**.

13.     Negotiating this contract with Claimant in what appears to be bad faith given the filing of the Petition one week later, essentially having him concede his claim to a reduced amount, and now seeking to avoid this contractual obligation and subject his claim to a substantial additional reduction, cannot be permitted in this court of equity.  A balance of the equities can yield only one result --- the settlement must be enforced in full,

PIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

4

and this Court should Order the Debtor to promptly pay Claimant the $375,000 he is due, and for which he has patiently waited.

14.     As Claimant's Proof of Claim amount of $3,000,000 has been reserved, there will be no prejudice to any party, let alone Debtor.

15.     Alternatively, the settlement should be voided for lack of bargained for consideration, and Claimant should be permitted to further prosecute his claim in a reinstated action.

WHEREFORE, STEVEN WOLAK, as Personal Representative of the Estate of CHRISTOPHER WOLAK, Deceased, respectfully requests that this Honorable Court issue an Order compelling payment of $375,000 to Claimant, pursuant to the contract between those Parties.

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

5

Alternatively, this Court should issue an Order voiding the Release, and permitting the reinstatement of the Wayne County Circuit Court action between the Parties.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
Attorneys for *Steven Wolak, as Personal Representative of the Estate of Christopher Wolak, Deceased*
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

June 15, 2015

In re:                                    )      Chapter 9
                                          )
                                          )      Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                )
                                          )      Hon. Thomas J. Tucker
                                          )
Debtor.                                   )

### BRIEF IN SUPPORT OF MOTION OF STEVEN WOLAK, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER WOLAK, DECEASED, TO COMPEL PAYMENT BY DEBTOR PURSUANT TO SETTLEMENT CONTRACT, OR ALTERNATIVELY, VOID SETTLEMENT CONTRACT AND REINSTATE CASE

Claimant relies upon the facts and law set forth in his Motion to Compel Payment by Debtor Pursuant to Settlement Contract, or Alternatively, Void Settlement Contract and Reinstate Case, and this Court's broad equitable powers and discretion regarding the application of same, in support of his Motion.

WHEREFORE, STEVEN WOLAK, as Personal Representative of the Estate of CHRISTOPHER WOLAK, Deceased, respectfully requests that this Honorable Court issue an Order compelling payment of $375,000 to Claimant, pursuant to the contract between those Parties.

7

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Alternatively, this Court should issue an Order voiding the Release, and permitting the reinstatement of the Wayne County Circuit Court action between the Parties.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
Attorneys for *Steven Wolak, as Personal Representative of the Estate of Christopher Wolak, Deceased*
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

June 15, 2015

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                          )        Chapter 9
                                                )
                                                )        Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                      )
                                                )        Hon. Thomas J. Tucker
                                                )
Debtor.                                         )

## NOTICE TO RESPONDENT

TO:   Heather Lennox, Esq.
      Jones Day
      North Point
      901 Lakeside Avenue
      Cleveland, OH 44114

      Attorney for City of Detroit

**PLEASE TAKE NOTICE** that the attached Corrected Motion and

Order to Compel Payment by Debtor Pursuant to Settlement Contract has

been submitted to the Clerk for the Honorable Thomas J. Tucker. You have

14 days to oppose, in writing, the proposed Order. You must file your

objections within 14 days at:

Clerk
US Bankruptcy Court
Eastern District of Michigan
211 W. Fort Street, #2100
Detroit, MI 48226

FILED

20 JUN 15 A 11: 18

U.S. BANKRUPTCY COURT
EASTERN MICHIGAN-DETROIT

You must also mail a copy of your objections to:

David A. Dworetsky
19390 W. Ten Mile Road
Southfield, MI 48075

If you do not take these steps the Court may decide that you do not oppose the relief requested and may enter an Order granting that relief.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
Attorneys for *Steven Wolak, as Personal Representative of the Estate of Christopher Wolak, Deceased*
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

June 15, 2015

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                          ) Chapter 9
                                                )
                                                ) Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                      )
                                                ) Hon. Thomas J. Tucker
                                                )
Debtor.                                         )

## ORDER GRANTING CORRECTED MOTION OF STEVEN WOLAK, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER WOLAK, DECEASED, TO COMPEL PAYMENT BY DEBTOR PURSUANT TO SETTLEMENT CONTRACT, OR ALTERNATIVELY, VOID SETTLEMENT CONTRACT AND REINSTATE CASE

At a session of said Court, held in the
City of Detroit, County of Wayne, State of
Michigan, on _____.


PRESENT: HONORABLE _____

This matter coming before the Court on the Corrected Mo tion of
STEVEN WOLAK, as Personal Representative of the Estate of
CHRISTOPHER WOLAK, Deceased, to Compel Payment by Debtor
Pursuant to Settlement Contract, or Alternatively, Void Settlement Contract
and Reinstate Case, and the Court being fully advised in the premises;

1

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**IT IS HEREBY ORDERED** that the Corrected Motion of STEVEN WOLAK, as Personal Representative of the Estate of CHRISTOPHER WOLAK, Deceased, to Compel Payment by Debtor Pursuant to Settlement Contract, or Alternatively, Void Settlement Contract and Reinstate Case, is granted.

**IT IS HEREBY FURTHER ORDERED** that Debtor shall tender payment of $375,000 to Claimant within 14 days, pursuant to the contract between those Parties.

---

UNITED STATES BANKRUPTCY JUDGE

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

1

# EXHIBIT

# 1

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

STEVEN WOLAK, as Personal Representative
of the Estate of CHRISTOPHER WOLAK,
Deceased,

        Plaintiff,

-vs-

CITY OF DETROIT, a Municipal Corporation
and AUDRIAN HARDY,

        Defendants.

Case No: 2012-001060-NI
HON. Jeanne Stempien

12-001060-NI

FILED IN MY OFFICE
WAYNE COUNTY CLERK
5/13/2013 3:21:51 PM
CATHY M. GARRETT
/s/ Angela Strong-Cooper

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | JERRY ASHFORD (P47402) |
| MICHAEL T. RATTON (P42399) | Attorney for Defendants |
| Attorneys for Plaintiff | *CITY OF DETROIT LAW DEPARTMENT* |
| *FIEGER, FIEGER, KENNEY, GIROUX* | 2 Woodward Avenue |
| *& DANZIG, P.C.* | Suite 500 |
| 19390 W. 10 Mile Road | Detroit, MI 48226 |
| Southfield, MI 48075 | (313) 237-3089 |
| (248) 355-5555 | |

## ORDER APPROVING PLAINTIFF'S MOTION TO APPROVE SETTLEMENT AND FOR AUTHORITY TO DISTRIBUTE PROCEEDS PENDING DETROIT CITY COUNCIL APPROVAL AND REQUEST FOR EVIDENTIARY HEARING REGARDING ATTORNEYS LIEN

At a session of said Court held in the City of
Detroit, County of Wayne and State of
Michigan on  5/13/2013

PRESENT: HON.     Jeanne Stempien
                CIRCUIT COURT JUDGE

This matter having come before the Court on Plaintiff's Motion to Approve Settlement

and for Authority to Distribute Proceeds Pending Detroit City Council Approval and the Court

being fully advised in the premises;

IT IS HEREBY ORDERED that the proposed settlement of Three Hundred Seventy-

Five Thousand Dollars and 00/100 ($375,000) is approved after having determined that the

settlement is in the best interest of the Estate of Christopher Wolak, Deceased and Detroit City

Council Approval.

IT IS FURTHER ORDERED that the settlement proceeds from the above approved settlement of Three Hundred Seventy-Five Thousand Dollars and 00/100 ($375,000) shall be distributed as follows:

(a) That the Court authorize distribution of $8,081.95 to Fieger, Fieger, Kenney, Giroux, Danzig & Harrington, P.C., said sum representing costs expended in pursuing this matter.

(b) That the Court authorize distribution of $1,489.84 to the Law Offices of Richard R. Mannausa, said sum representing costs expended by Plaintiff's prior counsel.

(c) That the Court authorize distribution of $5,000 to the law firm of Fieger, Fieger, Kenney, Giroux, Danzig & Harrington, P.C., to be held in escrow for a period of thirty (30) days pending future costs. All sums remaining after payment shall be refunded to the client on a pro-rated basis of two-thirds (2/3) to the client, one-third (1/3) to Fieger, Fieger, Kenney, Giroux & Danzig, P.C.;

(d) That the Court authorize the distribution of $120,142.74 to Fieger, Fieger, Kenney, Giroux & Danzig, P.C., said sum representing attorney fees (one-third, 1/3) payable pursuant to the agreement between Fieger, Fieger, Kenney, Giroux, Danzig & Harrington, P.C., and Plaintiff;

(e) That the Court authorize the distribution of $2,250 to Hainer & Berman, P.C,, said sum representing fees to date for probate services to the Estate;

(f) That the Court authorize distribution of the net proceeds herein, which after deduction of the above-cited costs and fees, total as follows:

| | | |
|---|---|---|
| a. | Steve Wolak (father of the deceased): | $ 119,017.35 |
| b. | Francine Wolak (mother of the deceased): | $ 119,017.35 |
| c. | Samantha Wolak | $ 0.00 |
| d. | Geraldine Marini (maternal grandmother of the deceased); | $ 0.00 |
| e. | Rose Ann Wolak (paternal grandmother of the deceased); | $ 0.00 |
| f. | Stanley C. Wolak (paternal grandfather of the deceased). | $ 0.00 |

IT IS FURTHER ORDERED that Plaintiff's Request for an Evidentiary Hearing regarding the excessive lien asserted by Plaintiff's former counsel shall be heard by this Honorable Court on June 28,2013 at 2:00 p.m.

IT IS FURTHER ORDERED that $43,850 of Plaintiff's Approved Attorney Fees be held in escrow until the lien issue is resolved.

IT IF FURTHER ORDERED that the settlement draft be made payable to Steven Wolak as Personal Representative of the Estate of Christopher Wolak, Deceased and Fieger, Fieger, Kenney, Giroux, Danzig & Harrington, P.C.

IT IS FURTHER ORDERED that the Personal Representative of the Estate is authorized to execute all documents necessary to effectuate the settlement, including a release, hold harmless and indemnity agreements.

/s/ Jeanne Stempien
CIRCUIT COURT JUDGE

**2**

# EXHIBIT

# 2

# RELEASE
### (without Medicare Affidavit)

Matter No: A20000-003328

Case. No: **12-001060 NI**

**STEVEN WOLAK, personal representative of the Estate of Christopher Wolak** (hereinafter "Plaintiff"), in consideration of the sum of **Three Hundred Seventy-five Thousand Dollars and No Cents ($375,000.00)** and an entry of an order dismissing the underlying civil action referenced above entitled **Steven Wolak, as Personal Representative of the Estate of Christopher Wolak v City Of Detroit and Audrian Hardy,** hereby releases the **CITY OF DETROIT,** a Michigan municipal corporation, and each employee, agent, officer and representative, (hereinafter Collectively the "Defendant"), from all liability, actions, fees, claims and consequences of every kind which the undersigned may have against the Defendant for any loss or damages, whether presently known or unknown, that may, shall or can arise, including aggravation of any pre-existing physical or mental condition, related to any loss or damages from a bus/pedestrian accident that occurred on or about **December 24, 2011** at or near **Woodward Avenue near Montcalm,** in Detroit, Michigan.

Payment of the above amount shall not be construed as an admission of liability by the Defendant as such payment is in compromise and settlement of liability disputed by the Defendant. This Release is not given because of any representations or statements made by anyone as to the merits, legal liability or value of the claims being released.

This RELEASE constitutes the entire understanding between the Plaintiff and Defendant. Any other agreements made by them at any time prior hereto with respect to the foregoing shall not be of any force or effect and the provisions hereof are and shall be binding upon the respective heirs, executors, affiliates, administrators, or successors of the Plaintiff forever.

The parties hereto acknowledge that receipt of the aforementioned sum is conditioned upon the approval of the Detroit City Council. Said parties understand that the Law Department will make reasonable efforts to achieve City Council approval and, subsequently, to promptly process an application for payment. Nevertheless, because these procedures take time (normally three to six months) it is hereby acknowledged that Time is not of the Essence and no day certain for the issuance of any check can be given.

**IN WITNESS WHEREOF**, the Plaintiff has affixed his/her signature appearing below at

_____, Michigan, on _____, 2013.

Witnessed By:

_____
Signature
Print Name: MICHAEL FARROW

_____
Signature
Print Name: DAVID C. SAVAGEAU

_____

**STEVEN WOLAK**, as Personal Representative
of the Estate of **CHRISTOPHER WOLAK**
Plaintiff's Signature

_____
Address

Attorney's Federal ID Number    38-2270062

STATE OF MICHIGAN            )
                            )SS
COUNTY OF _____            )

    This Release was acknowledged before me this ___11th___ day of ___JULY___, 2013, by
**STEVEN WOLAK**, as personal representative of the Estate of Christopher Wolak, who hereby declares
under penalty of perjury under the laws of the State of Michigan that he or she is authorized in fact and law
to execute this Release, and that all necessary approvals, if any are required, have been obtained beforehand.

_____
NOTARY PUBLIC, _____ COUNTY, MI
Print Name:
My Commission Expires:

> ELIZBETH K. DODSON
> Notary Public, State of Michigan
> County of Wayne
> My Commission Expires Dec. 01, 2014
> Acting in the County of Oakland

**Note:** Should this release be signed by the Plaintiff outside of the State of Michigan that fact must
be noted in the appropriate area above and the out of state notary must attach a certificate of notarial
authority from the state he or she is authorized to act as a notary.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                              )       Chapter 9
                                    )
                                    )       Case No. 13-53846
CITY OF DETROIT, MICHIGAN,          )
                                    )       Hon. Thomas J. Tucker
                                    )
Debtor.                             )

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 10, 2015, she hand delivered Motion of Steven Wolak, As Personal Representative of the Estate of Christopher Wolak, Deceased, to Compel Payment by Debtor Pursuant to Settlement Contract, or Alternatively, Void Settlement Contract and Reinstate Case, Ex Parte Motion of Steven Wolak, As Personal Representative of the Estate of Christopher Wolak, Deceased, For Leave to File In the Traditional Manner and Proposed Order with the Clerk of the Court, and emailed and mailed via First Class Mail said documents to Heather Lennox, Esq., Jones Day, North Point, 901 Lakeside Avenue, Cleveland, OH 44114, and hlennox@jonesday.com.

Marlena M. Habel

Marlena M. Habel

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                              )     Chapter 9
                                    )
                                    )     Case No. 13-53846
CITY OF DETROIT, MICHIGAN,          )
                                    )     Hon. Thomas J. Tucker
                                    )
Debtor.                             )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 15, 2015, she hand delivered Corrected Motion of Steven Wolak, As Personal Representative of the Estate of Christopher Wolak, Deceased, to Compel Payment by Debtor Pursuant to Settlement Contract, or Alternatively, Void Settlement Contract and Reinstate Case, Notice to Respondent, and Proposed Order; and Ex Parte Motion of Steven Wolak, As Personal Representative of the Estate of Christopher Wolak, Deceased, For Leave to File In the Traditional Manner and Proposed Order with the Clerk of the Court, and emailed and mailed via First Class Mail said documents to Heather Lennox, Esq., Jones Day, North Point, 901 Lakeside Avenue, Cleveland, OH 44114, and hlennox@jonesday.com.

**Marlena M. Habel**

2015 JUN 15 A 11: 18
U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT
FILED

FIEGER LAW · A PROFESSIONAL CORPORATION · ATTORNEYS AND COUNSELORS AT LAW · 19390 WEST TEN MILE ROAD · SOUTHFIELD, MICHIGAN 48075-2463 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148