# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**STIPULATION REGARDING CITY OF DETROIT'S MOTION FOR (I) DETERMINATION THAT THE GOODMAN ACKER AND HAAS & GOLDSTEIN LAW FIRMS HAVE VIOLATED THE PLAN OF ADJUSTMENT BY (A) REFUSING TO HONOR AN ADR SETTLEMENT AND/OR (B) SEEKING RELIEF ON A PRE-PETITION CLAIM BEYOND THAT ALLOWED BY THE PLAN OF ADJUSTMENT AND (II) ORDER ENJOINING FURTHER VIOLATIONS**

The City of Detroit, Haas & Goldstein, and Goodman Acker, stipulate and agree to the entry of the order attached as Exhibit 1.

| ATTORNEYS FOR THE CITY | ATTORNEYS FOR GOODMAN ACKER |
|---|---|
| By: /s/ Marc N. Swanson<br>Jonathan S. Green (P33140)<br>Marc N. Swanson (P71149)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>Telephone: (313) 963-6420<br>Facsimile: (313) 496-7500<br>green@millercanfield.com<br>swansonm@millercanfield.com<br>-and-<br><br>Charles N. Raimi (P29746)<br>Deputy Corporation Counsel<br>City of Detroit Law Department<br>2 Woodward Avenue, Suite 500<br>Coleman A. Young Municipal Center<br>Detroit, Michigan 48226<br>Telephone: (313) 237-5037<br>Facsimile: (313) 224-5505<br>raimic@detroitmi.gov | By: /s/ Gerald H. Acker<br>Gerald H. Acker (P32973)<br>GOODMAN ACKER<br>17000 W. 10 Mile Road, 2nd Floor<br>Southfield, MI 48075<br>Telephone: (248) 483-5000<br>gacker@goodmanacker.com<br><br>ATTORNEYS FOR HAAS & GOLDSTEIN<br><br>By: /s/ Justin Haas<br>Justin Haas (P53153)<br>HAAS & GOLDSTEIN, P.C.<br>31275 Northwestern Highway, Suite 225<br>Farmington Hills, MI 48334<br>Telephone: (248) 702-6550<br>jhaas@haasgoldstein.com |

Dated: June 15, 2015

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

**ORDER ON STIPULATION REGARDING CITY OF DETROIT'S MOTION FOR (I) DETERMINATION THAT THE GOODMAN ACKER AND HAAS & GOLDSTEIN LAW FIRMS HAVE VIOLATED THE PLAN OF ADJUSTMENT BY (A) REFUSING TO HONOR AN ADR SETTLEMENT AND/OR (B) SEEKING RELIEF ON A PRE-PETITION CLAIM BEYOND THAT ALLOWED BY THE PLAN OF ADJUSTMENT AND (II) ORDER ENJOINING FURTHER VIOLATIONS**

The City of Detroit ("City") filed its Motion For (I) Determination That the Goodman Acker and Haas & Goldstein Law Firms Have Violated the Plan Of Adjustment By (A) Refusing To Honor An ADR Settlement and/or (B) Seeking Relief On a Pre-Petition Claim Beyond That Allowed By the Plan Of Adjustment and (II) Order Enjoining Further Violations. (Doc. No. 9893). Upon stipulation of the parties, the Court orders as follows:

1. This Order relates to pre-petition claims against the City of Detroit arising from pre-petition motor vehicle accidents, i.e., accidents occurring prior to July 18, 2013 ("Pre-Petition MVA claims").

2. Based on the agreement put on the record, the City dismisses its motion to enforce the settlement as to the Rosie Jones case.

3. Promptly after entry of this Order, Haas & Goldstein ("H&G") shall dismiss all motions filed in state courts seeking to enforce settlements of Pre-Petition MVA claims; except, however, as to the state court motion filed by H&G on the Summit Medical/Sheila Williams case (the "Sheila Williams case," Wayne County Circuit Court No. 14-010025-NF), the hearing on which shall be adjourned as set forth in paragraph 7 below.

1

4. This Court has exclusive jurisdiction over enforcement of Pre-Petition MVA claim settlements and such enforcement actions shall not be brought in state court.

5. The City shall submit settlements of Pre-Petition MVA claims to City Council for approval within thirty (30) days after the City's receipt of all fully executed settlement documents including, where applicable, Medicare affidavits. City Council shall act within 21 days of receipt of the documents. Upon approval by City Council, the City shall issue the settlement check within sixty (60) days after City Council approval. Provided, however, if settlement papers have been provided to the City prior to the date of this Order, the thirty (30) days for submission to City Council shall begin to run on the date of entry of this Order. H&G and Goodman Acker shall, within ten (10) days after this Order, submit to the City law department duplicate copies of any previously submitted settlement documents. In the event a settlement has been approved by City Council prior to entry of this Order, the 60 days for issuing payment will begin to run on entry of this Order.

6. H&G contends that City Council approval is not required for settlements of Pre-Petition MVA claims. In the event the City Council declines to approve settlement of a Pre-Petition MVA claim, any claimant or their counsel shall be free to pursue that issue with this Court.

7. The supplement to the City's motion in this matter (Doc. No. 9935) appended a state court motion filed by H&G on the Summit Medical/Sheila Williams case (the "Sheila Williams case," Wayne County Circuit Court No. 14-010025-NF). In that case, the motor vehicle accident occurred in 2012, and plaintiff is seeking recovery for medical services rendered post-petition, i.e., after July 18, 2013. The parties dispute whether plaintiff can seek to recover interest and attorney fees under the no-fault act and the confirmed Eighth Amended Plan of the

2

Adjustment of Debts of the City of Detroit (October 22, 2014) (Doc. No. 8045) ("Plan") in this fact pattern. The following schedule shall apply to resolve this dispute:

  A. H&G shall adjourn its state court motion and not re-notice it for hearing until thirty days after this Court has issued its decision on this matter.

  B. The City shall file its opening brief with this Court within three weeks after entry of this Order.

  C. H&G and Goodman Acker shall file their response briefs within four weeks thereafter. Michigan Association of Justice may file an amicus brief on or before the deadline in this paragraph.

  D. The City shall file its reply within two weeks thereafter.

  E. The Court shall hear argument on the motion on Wednesday, _____, at 1:30 p.m.

  For the avoidance of doubt, for pre-petition medical services (or other pre-petition no-fault claims such as wage loss or replacement services) arising from Pre-Petition MVA claims, claimants are not entitled to seek interest or attorney fees. Nothing in this Order shall be deemed to prejudice or impair the position of any party with respect to the issue to be briefed and decided as set forth above.

  8. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order and all proceedings relating thereto.

  9. Nothing in this Order modifies, or shall be construed as a modification of, the Plan or the order confirming the Plan (Doc. No. 8272).

3

13-53846-tjt  Doc 9968  Filed 06/15/15  Entered 06/15/15 15:51:38  Page 6 of 6