UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**ORDER ON STIPULATION REGARDING CITY OF DETROIT'S MOTION FOR (I) DETERMINATION THAT THE GOODMAN ACKER AND HAAS & GOLDSTEIN LAW FIRMS HAVE VIOLATED THE PLAN OF ADJUSTMENT BY (A) REFUSING TO HONOR AN ADR SETTLEMENT AND/OR (B) SEEKING RELIEF ON A PRE-PETITION CLAIM BEYOND THAT ALLOWED BY THE PLAN OF ADJUSTMENT AND (II) ORDER ENJOINING FURTHER VIOLATIONS**

The City of Detroit ("City") filed its Motion For (I) Determination That the Goodman Acker and Haas & Goldstein Law Firms Have Violated the Plan Of Adjustment By (A) Refusing To Honor An ADR Settlement and/or (B) Seeking Relief On a Pre-Petition Claim Beyond That Allowed By the Plan Of Adjustment and (II) Order Enjoining Further Violations. (Docket # 9893, the "Motion"). The Court held an expedited hearing on the Motion on June 10, 2015. Based on the stipulation of the parties, filed June 15, 2015 (Docket # 9968),

IT IS ORDERED that:

1. This Order relates to pre-petition claims against the City of Detroit arising from pre-petition motor vehicle accidents, *i.e.*, accidents occurring prior to July 18, 2013 ("Pre-Petition MVA claims"). *This Order fully resolves the Motion, except with respect to the "unresolved issue" as defined in paragraph 7 of this Order, below. As to that unresolved issue, this Order schedules further proceedings, as stated in paragraph 7 below.*

2. Based on the agreement put on the record during the June 10, 2015 hearing, the City dismisses the request contained in the Motion for an order to enforce the settlement as to the Rosie Jones case.

3. Promptly after entry of this Order, Haas & Goldstein ("H&G") must dismiss all motions filed in state courts seeking to enforce settlements of Pre-Petition MVA claims; except, however, as to the state court motion filed by H&G on the Summit Medical/Sheila Williams case (the "Sheila Williams case," Wayne County Circuit Court No. 14-010025-NF), the hearing on which will be adjourned as set forth in paragraph 7 below.

4. This Court has exclusive jurisdiction over enforcement of Pre-Petition MVA claim settlements, and any actions or motions to enforce any such settlements must be brought in this Court, and may not be brought in state court.

5. The City must submit settlements of Pre-Petition MVA claims to City Council for approval within thirty (30) days after the City's receipt of all fully executed settlement documents including, where applicable, Medicare affidavits. City Council must act within 21 days of receipt of the documents. Upon approval by City Council, the City must issue the settlement check within sixty (60) days after City Council approval. Provided, however, if settlement papers have been provided to the City prior to the date of this Order, the thirty (30) days for submission to City Council will begin to run on the date of entry of this Order. H&G and Goodman Acker must, within ten (10) days after entry of this Order, submit to the City law department duplicate copies of any previously submitted settlement documents. In the event a settlement has been approved by City Council prior to entry of this Order, the 60 days for issuing payment will begin to run on entry of this Order.

6. H&G contends that City Council approval is not required for settlements of Pre-Petition MVA claims. In the event the City Council declines to approve settlement of a Pre-Petition MVA claim, any claimant or their counsel will be free to pursue that issue with this Court.

7. The supplement to the City's Motion (Docket # 9935) appended a state court motion filed by H&G on the Summit Medical/Sheila Williams case (the "Sheila Williams case," Wayne County Circuit Court No. 14-010025-NF). In that case, the motor vehicle accident occurred in 2012, and plaintiff is seeking recovery for medical services rendered post-petition, *i.e.,* after July 18, 2013. The parties dispute whether plaintiff can seek to recover interest and attorney fees under the no-fault act and the confirmed Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014) (Doc. No. 8045) ("Plan") in this fact pattern (the "unresolved issue"). The following schedule of further proceedings will apply to resolve the dispute over the unresolved issue:

A. H&G will adjourn its state court motion and not re-notice it for hearing until thirty days after this Court has issued its decision on the unresolved issue.

B. The City must file its opening brief on the unresolved issue with this Court within three weeks after entry of this Order, *i.e.*, no later than July 6, 2015.

C. H&G and Goodman Acker must file their response briefs on the unresolved issue within four weeks thereafter, *i.e.*, no later than August 3, 2015. Michigan Association of Justice may file an amicus brief on the unresolved issue, also on or before August 3, 2015.

D. The City must file its reply on the unresolved issue within two weeks thereafter, *i.e.*, no later than August 17, 2015.

E. The Court will hold a further, non-evidentiary hearing, for the purpose of hearing oral argument on the unresolved issue, on **Wednesday, September 16, 2015 at 1:30 p.m.**

For the avoidance of doubt, for pre-petition medical services (or other pre-petition no-fault claims such as wage loss or replacement services) arising from Pre-Petition MVA claims,

claimants are not entitled to seek interest or attorney fees. Nothing in this Order shall be deemed to prejudice or impair the position of any party with respect to the unresolved issue.

8. This Court will retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order and all proceedings relating thereto.

9. Nothing in this Order modifies, or shall be construed as a modification of, the Plan or the order confirming the Plan (Docket # 8272).

.

**Signed on June 15, 2015**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge