UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:  CITY OF DETROIT,     .      Docket No. 13-53846
        MICHIGAN,             .
                             .      Detroit, Michigan
                             .      June 10, 2015
                 Debtor.      .      1:53 p.m.
.  .  .  .  .  .  .  .  .  .  .  .  .  .  .


EXPEDITED HEARING RE. MOTION TO ENFORCE CITY OF DETROIT'S
MOTION FOR (I) DETERMINATION THAT THE GOODMAN ACKER AND
HAAS & GOLDSTEIN LAW FIRMS HAVE VIOLATED THE PLAN OF
ADJUSTMENT BY (A) REFUSING TO HONOR AN ADR SETTLEMENT
AND/OR (B) SEEKING RELIEF ON A PRE-PETITION CLAIM BEYOND
THAT ALLOWED BY THE PLAN OF ADJUSTMENT AND (II)
ORDER ENJOINING FURTHER VIOLATIONS
BEFORE THE HONORABLE THOMAS J. TUCKER
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For the Debtor:      Miller, Canfield, Paddock & Stone, PLC
                     By:  MARC SWANSON
                     150 West Jefferson, Suite 2500
                     Detroit, MI  48226
                     (313) 496-7591

                     City of Detroit
                     By:  CHARLES RAIMI
                     2 Woodward Avenue
                     CAYMAC, Suite 500
                     Detroit, MI  48226
                     (313) 237-5037

For Haas Goldstein:  HS&A, P.C.
                     By:  MARGUERITE HAMMERSCHMIDT
                     123 South Main Street, Suite 110
                     Royal Oak, MI  48067
                     (248) 988-8335

                     Haas & Goldstein, PC
                     By:  JUSTIN HAAS
                     31275 Northwestern Highway, Suite 225
                     Farmington Hills, MI  48334
                     (248) 702-6550

APPEARANCES (continued):

For Goodman Acker:    Goodman Acker Law Firm
                      By:  GERALD H. ACKER
                      17000 West Ten Mile Road, 2nd Floor
                      Southfield, MI  48075
                      (248) 483-5000




Court Recorder:       Jamie Laskaska
                      United States Bankruptcy Court
                      211 West Fort Street
                      21st Floor
                      Detroit, MI  48226-3211
                      (313) 234-0068

Transcribed By:       Lois Garrett
                      1290 West Barnes Road
                      Leslie, MI  49251
                      (517) 676-5092


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

```
1          THE CLERK:  All rise.  This Court is now in session.
2    The Honorable Thomas J. Tucker is presiding.  You may be
3    seated.  The Court calls the case of the City of Detroit,
4    Michigan, Case Number 13-53846.
5          THE COURT:  Any attorneys in the courtroom for this
6    case?  Would you let them know if they're out there?  I
7    thought they were ready to go.
8          MR. RAIMI:  I apologize, your Honor.
9          THE COURT:  All right.  We called the case.  Let's
10   have appearances, please.
11         MR. RAIMI:  My name is Charles Raimi.  I'm the
12   deputy corporation counsel for the City of Detroit.
13         MR. SWANSON:  Marc Swanson on behalf of the City of
14   Detroit.
15         MS. HAMMERSCHMIDT:   Good afternoon, your Honor.
16   Marguerite Hammerschmidt on behalf of the Haas & Goldstein
17   law firm.
18         MR. HAAS:  Good afternoon, your Honor.  Justin Haas
19   also co-counsel on behalf of Haas & Goldstein.
20         MR. ACKER:  Good afternoon, your Honor.  Gerald
21   Acker on behalf of the Goodman Acker law firm.
22         THE COURT:  All right.  I understand there's some
23   sort of agreed resolution.
24         MR. ACKER:  Can we approach, your Honor?
25         THE COURT:  You can.  We're not going off the
```

1   record.  We can do a side bar, but it'll be on the record.

2   The audio recording will pick it up.

3          MR. ACKER:  We have a resolution, your Honor.

4          MR. RAIMI:  Let me try.  Charles Raimi, deputy

5   corporation counsel.

6          THE COURT:  Mr. Raimi and other counsel, if there's

7   something particularly sensitive that any of the parties want

8   to file under seal in connection with this matter or if

9   there's any reason why you would like the Court not to follow

10   its usual practice of posting automatically today -- later

11   today the audio of today's hearing on the website for all the

12   public to easily access, you know, you can tell me that and

13   you can ask for permission to do these things, but otherwise,

14   you know, everything is on the record and open to the public.

15   So, Mr. Raimi, you were saying?

16          MR. RAIMI:  Here's my understanding of what the

17   parties have agreed to, your Honor.  As far as the dispute

18   between the city and the Goodman Acker law firm, we have

19   worked that out.  The city had asked to enforce the $40,000

20   settlement.  That has been agreed to, and there's a motion up

21   on Friday before the Circuit Court judge, and we're all of

22   the assumption that when the judge knows there is a

23   settlement, the trial date will be adjourned so that we can

24   make the payment, so we'll be dismissing the issue with

25   Goodman Acker.

1          With respect to the Haas & Goldstein firm, the

2    settlement envisions that from dismissing all of their state

3    court motions seeking to enforce settlements on pre-petition

4    claims.  The settlement further envisions that the parties

5    will agree that the state courts do not have jurisdiction

6    over petitions to enforce settlements of pre-petition claims.

7    The city will agree to pay settlements on pre-petition claims

8    within 60 days -- I'm sorry -- that the city will agree to

9    submit to City Council for approval settlements on pre-

10   petition claims within 30 days after receipt of the signed

11   settlement documents and payments to issue approving --

12   assuming city council approval, payments to issue within 60

13   days thereafter.

14          THE COURT:  Within 60 days after council approval?

15          MR. RAIMI:  Council approval.  The Bankruptcy Court

16   will retain jurisdiction over the provisions of this order.

17   And then the final issue, your Honor, is this, and it's

18   raised by the paper that was attached to the city's

19   supplemental filing.  It's a motion filed by the Haas &

20   Goldstein firm to enforce a settlement in a case where the

21   medical provider provided services for Sheila Williams.  And

22   the wrinkle there, your Honor, is that the auto accident

23   occurred pre-petition, but the medical services for which the

24   suit seeks payment occurred post-petition.  And it's the

25   city's position that the provisions of the plan of adjustment

1    barring collection of interest and attorney fees applies in
2    that situation.  It is the position of Goodman Acker and Haas
3    & Goldstein and I presume most of the rest of the plaintiff's
4    bar that the provisions on interest and attorney fees do not
5    apply, and so what we're respectfully suggesting is that that
6    one issue would need to be briefed for the Court.
7              THE COURT:  In connection with the present motion --
8              MR. RAIMI:  That's correct.
9              THE COURT:  -- further proceedings on the present
10   motion?
11             MR. RAIMI:  That's correct, your Honor.
12             THE COURT:  So the idea, if I understand you
13   correctly, is -- of the agreed settlements here is that
14   everything relating to your motion that's before me today,
15   including the motion, as supplemented by your June 5
16   supplement, is going to be resolved by this order, the agreed
17   order the parties are going to prepare and submit that
18   you've -- the terms of which you've described, with the
19   exception of this last issue that you have just described,
20   which the parties want to -- what?  You want a briefing
21   schedule on that, a further hearing or what?
22             MR. RAIMI:  I think a briefing schedule, and if your
23   Honor believes oral argument would be helpful, we're, of
24   course, happy to do that.
25             MR. ACKER:  Your Honor, if I --

1          THE COURT:  Okay.  All right.  I think -- anything

2    else, Mr. Raimi, before we hear from the others?

3          MR. RAIMI:  No, no.  That was it.

4          THE COURT:  Go ahead.  Mr. Acker.

5          MR. ACKER:  Yes, your Honor.  That comports with our

6    understanding.  The purpose of this whole exercise by both

7    the Haas & Goldstein firm and my firm is to compel payment of

8    the cases that have been settled that the city has

9    documentation on and simply can't get checks out of them, and

10   the question is whether the city is going to be the old city

11   or the new city, and that's what we're trying to work

12   through.  I think we have today.

13         On the Williams issue, it seems to me that the Court

14   is going to enforce that globally not just to the Williams

15   claim but to all of the claims, and the Court has then -- I

16   think there's an obligation to provide notice to all parties

17   that are going to be affected by that and resolve that

18   briefing schedule that way as well, your Honor.

19         THE COURT:  Well, what is the universe of such

20   parties?

21         MR. ACKER:  Well, there's 1,400 claims against the

22   City of Detroit right now.  I would imagine that there's

23   somewhere in the area of 60 or 70 plaintiff counsels.

24         MR. RAIMI:  But I think there's about 320 first

25   party -- pre-petition first party, so I think if notice is --

1  and you know every one of them, Mr. Acker, so you can notify
2  them and they can file something.

3        MR. HAAS:  And if I may, your Honor, Justin Haas.
4  Whether or not any of those pre-petition claims for first
5  party cases were settled, if the city was put on notice at
6  one point in time, even though there might have not been a
7  settlement for that particular claim, no-fault does provide
8  lifelong benefits.  The issue may come up on other cases
9  later on as well, so the pool may actually even be bigger
10  than that depending on -- it could essentially be all of the
11  individuals that were injured where the City of Detroit was
12  responsible to pay first party benefits prior to July 18th of
13  '13 or whatever the day of the filing of the bankruptcy was.

14        THE COURT:  So the ramification of that is what?

15        MR. HAAS:  Well, the question was how big was the
16  pool of people or individuals.  I mean the representatives
17  are probably essentially going to be the same anyways.  It
18  would be the plaintiff's bar that represent those individuals
19  in the Detroit metropolitan area.

20        THE COURT:  Well, if the parties want to agree to
21  give notice to a larger pool than just the ones that are
22  represented by your two firms relating to this present
23  motion, you can agree on that, and that's fine with me, but,
24  you know, on the other hand, this is perhaps not unlike just
25  about any other issue in the bankruptcy case.  A decision by

1   this Court about, for example, what some particular provision
2   in the confirmed plan means decided in the context of an
3   individual dispute between the city and some individual
4   creditor, you know, is going to be decided in that context,
5   and it may impact, as a practical matter, at least, other
6   parties, but that doesn't mean that for every one of these
7   issues that comes up we're going to have to notice the entire
8   creditor body.

9           MR. HAAS:  I agree, your Honor, and I guess my only
10  point in asking that other people may be given the
11  opportunity to brief if need be is only because their rights
12  might be affected in some way.  And even though I believe
13  that between my firm and Mr. Acker's firm that we have a
14  pretty strong hold on the no-fault law and can brief
15  appropriately for this Court, someone else may be compelled
16  or feel that they have a -- can offer a greater knowledge
17  base to allow this Court to make an informed decision.

18          THE COURT:  Okay.  So the parties -- it sounds like
19  you've reached a resolution on everything except this last
20  piece and the details of it.

21          MR. HAAS:  Yeah, I think we have, and the only
22  other --

23          THE COURT:  The details of how it's going to be
24  briefed, notice, and so forth?

25          MR. HAAS:  Yes.

1      MR. RAIMI:  Can I address that point, your Honor?

2      THE COURT:  Sure, yeah.

3      MR. RAIMI:  And I agree completely with your Honor

4  that this is exactly like other situations, and the city does

5  not want to have to respond to, you know, ten different

6  briefs on this issue, so, you know, it would seem to me that

7  the plaintiff's bar can coordinate and come up with a brief

8  that embodies everybody's thoughts so that we don't have to

9  respond to more than one brief.  That's my only concern.

10      THE COURT:  Well, it may not -- on the other hand,

11  it may not be that big of a burden if you're responding to

12  ten briefs that all say the same thing.

13      MR. RAIMI:  That's true.  You're correct.

14      THE COURT:  There's only so many things you can say

15  about this issue, I think.

16      MR. RAIMI:  I think you're right.  Okay.  Very well.

17      THE COURT:  I mean --

18      MR. RAIMI:  Yeah.

19      THE COURT:  But, you know, I'm open to anything the

20  parties might agree to that's reasonable on the details of

21  this.

22      MR. RAIMI:  Okay.  Well, we can --

23      THE COURT:  You guys want to talk about it some

24  more, or you want me to just set something up here?

25      MR. HAAS:  I'm okay to have your Honor set something

1   up.  There is one other caveat to the agreement that was put
2   on the record by Mr. Raimi that I just wanted to add is I
3   think that we had some arguments that maybe that these pre-
4   petition settlements that were reached did not require city
5   council approval.  However, in light of the agreed upon terms
6   that Mr. Raimi put on the record, I don't feel compelled to
7   argue those now only because the whole intent of this is to
8   try to put some type of time frame where everybody can get
9   paid and put this issue to bed.  However, I would like the
10  order to indicate -- and I don't think there's an
11  objection -- that if it does turn out that city council does
12  not approve any of these claims or some of them that the
13  plaintiff -- that I reserve the right to argue whether or not
14  the city council approval was even required.  And without
15  going into detail, I think that some of the bankruptcy
16  decrees or orders indicated that those cases could be settled
17  without further approval of the Bankruptcy Court and
18  entrusted the power to the EFM to go ahead and resolve those
19  cases, which we did at that time.  I'm willing to put those
20  arguments on hold and hopefully that these time lines can be
21  met and approval, but I do want to reserve that argument in
22  case the city council fails to approve any of these claims.
23          MR. RAIMI:  I have no objection to that.
24          THE COURT:  I presume, Mr. Haas, if that
25  developed -- that issued developed, city council declines to

1　approve some given particular settlement, the way you would

2　seek to make this argument is by raising it in this Court --

3　　　　　　MR. HAAS:  Oh, that's what I mean.

4　　　　　　THE COURT:  -- not in some state court proceeding.

5　　　　　　MR. HAAS:  We've waiving the state -- we will -- I'm

6　totally comfortable in showing up here on these pre-petition

7　bankruptcy issues.  I have no issue with that at all.

8　　　　　　THE COURT:  All right.  So, Mr. Acker, I assume you

9　have no problem with this wrinkle that Mr. Haas has just

10　asked for.

11　　　　　　MR. ACKER:  No.  I have no objection to that, your

12　Honor.

13　　　　　　THE COURT:  Okay.  So back -- I guess we're back to

14　this issue of briefing and -- on this Williams -- what you

15　referred to as this Williams issue.

16　　　　　　MR. ACKER:  Your Honor, if I might suggest to the

17　Court that if the Court gives the city three weeks to brief

18　this issue and gives the plaintiff's bar four weeks after

19　that to respond, and then we could set that up for hearing, I

20　think that's more than sufficient time to --

21　　　　　　THE COURT:  Well, the briefing schedule is going to

22　be in the order.  I guess before we get to the details of the

23　briefing schedule, first question is who's to be sent a copy

24　of this order and, therefore, to be given notice of this?

25　　　　　　MR. ACKER:  Do you have the list?

1    THE COURT:  And who's to be allowed to file briefs?

2    MR. RAIMI:  My understanding -- Marc, how does

3  the -- if we file electronically, does that go to all

4  creditors?

5    MR. SWANSON:  Yes.  That would go to all creditors.

6  I would propose we'll file the brief electronically.  The

7  order will be filed electronically.  We'd also provide copies

8  to both of the firms here, and I think that's sufficient

9  notice under the circumstances.

10    THE COURT:  Well, that's not going to necessarily

11  get notice to all of the creditors who might be affected;

12  right?  Not everybody is getting notices of electronic

13  filing.

14    MR. SWANSON:  I think your Honor is right.  It may

15  not, but as your Honor stated previously, there's lots of

16  issues that affect lots of creditors that are decided without

17  providing notice to those specific creditors.

18    THE COURT:  Well --

19    MR. RAIMI:  You know --

20    THE COURT:  -- I guess, you know, if either of the

21  law firms here -- Mr. Acker, your firm; Mr. Haas, your

22  firm -- if either of you want something in particular in

23  terms of who else, if anyone, will be allowed to brief and

24  who else will get notice of this order, tell me now what you

25  want specifically.

1    MR. HAAS:  I think that if it goes out to all the

2 creditors because some of these other claims, which kind of

3 goes to the point of the argument, might not even be incurred

4 yet or be actuated in any way yet, so I feel comfortable that

5 if the city files a brief and it goes out to all the listed

6 creditors, myself and Mr. Acker can disseminate the

7 information to the --

8    MR. SWANSON:  That would be -- that would place an

9 undue burden on the -- I'm sorry -- placing -- providing this

10 to all of the city's creditors would be thousands and

11 thousands of people, and that would place an undue burden on

12 the city.

13    MR. HAAS:  No.  I just -- I meant by e-filing, but I

14 think what I was going to say is that if it's e-filed and

15 then myself and Mr. Acker and the amicus committee --

16    MR. HAAS:  -- from the Michigan Association of

17 Justice be allowed to file a brief, I think that's

18 sufficient, your Honor.

19    MR. HAAS:  Yes.

20    MR. ACKER:  We will, in our infinite wisdom, figure

21 out who to do it, how to get it there and make sure it's

22 adequately briefed and noticed.

23    THE COURT:  So you want -- besides your two firms

24 who are involved directly in this motion, you want the order

25 to say that the Michigan Association of Justice can file an

1   amicus brief?

2           MR. ACKER:  Yes, your Honor.

3           THE COURT:  I presume same time as your briefs --

4           MR. ACKER:  Yes, your Honor.

5           MR. HAAS:  Yes.

6           THE COURT:  -- in the briefing schedule, and that'll

7   take care of it, you think.

8           MR. HAAS:  Yes, your Honor.

9           MR. ACKER:  I believe so.

10          THE COURT:  And they're going to get notice of this

11  how?  From Mr. Acker or Mr. Haas, one of you?

12          MR. ACKER:  I will take care of it, your Honor.

13          THE COURT:  Does that make sense then, Mr. Raimi and

14  Mr. Swanson?

15          MR. RAIMI:  Yes.

16          MR. SWANSON:  Yes.

17          MR. RAIMI:  That's fine.  That's fine.

18          THE COURT:  Okay.  So -- go ahead.

19          MR. RAIMI:  It just occurred to me that there's one

20  loose end, if I could, and that is on the Haas & Goldstein

21  Sheila Williams motion that's been filed in Circuit Court

22  that raises this issue of pre-petition -- of interest and

23  attorney fees.  It seems to me that should be dismissed

24  without prejudice pending this Court's decision on the

25  question of whether they're entitled to recover.

1       MR. HAAS:  I've already indicated to Mr. Raimi

2  that -- before we came in here that I would be happy to

3  adjourn that motion to take place at some point after, and

4  I'm not going to -- if they need more time after this Court

5  makes a ruling, I've never been one to push the city or hold

6  their feet to the fire as far as time frames.  Every time

7  they asked me to adjourn any of my motions I had in state

8  court, I've been agreeable.  I don't want it dismissed

9  because there are time frames to file those motions with the

10  Circuit Courts.  I think it's properly filed there, but I

11  have no issue with adjourning it until we get a ruling from

12  this Court.

13       THE COURT:  Does that sufficiently address your

14  concern on that, Mr. Raimi?

15       MR. RAIMI:  Yes, it does, your Honor.

16       THE COURT:  Okay.  So briefing schedule then.  And,

17  by the way, who's going to prepare this -- the order?

18       MR. RAIMI:  I'll take the laboring or -- and then

19  circulate it to all the counsel so we make sure we are in

20  agreement as to the form of the order.

21       THE COURT:  All right.  So you'll prepare -- you'll

22  draft the order and circulate it.  Ultimately the goal will

23  be and the game plan would be for the parties -- that's the

24  city and the two law firms here -- who are respondents to

25  this motion to file a stipulation stipulating to the entry of

1    the order.  Attach the order.  Submit the order.  I'll review

2    it, and, you know, assuming I have no major problem with it,

3    I'll enter it, and then we'll proceed from there.

4              MR. RAIMI:  Okay.

5              THE COURT:  So the motion before me today then is --

6    I'll deem it settled in part and in part to -- for there to

7    be further proceedings with an order regarding those

8    proceedings to follow.

9              MR. RAIMI:  Oh, so you'd like two different orders?

10             THE COURT:  No.  You can put it all in one order.

11             MR. RAIMI:  Put it all in one?  Okay.  Very well.

12             THE COURT:  I mean if you want to split it up,

13   that's okay, too, but -- so in terms of briefing schedules,

14   somebody mentioned three weeks for the first brief.

15             MR. RAIMI:  I'm happy with what Mr. Acker proposed,

16   three weeks and then four weeks.

17             THE COURT:  Three weeks for the city to go first?

18             MR. RAIMI:  Yes.

19             THE COURT:  Then four weeks for the respondents and

20   the amicus?

21             MR. ACKER:  Yes.

22             MR. HAAS:  Yes.

23             MR. RAIMI:  And then we'd like the opportunity for a

24   brief reply.

25             THE COURT:  And a reply by the city.  How long after

1  the --

2          MR. RAIMI:  Two weeks, your Honor.

3          THE COURT:  Two weeks?  All right.  Hold on.  We're

4  looking at a hearing -- I will have a further hearing to give

5  parties an opportunity for oral argument on this subject to

6  cancellation if I decide to rule on the motion without a

7  hearing, and sometimes that happens.  Sometimes I do that by

8  concluding that a hearing isn't necessary on a matter, but

9  otherwise we'll leave a space in the order -- a line in the

10  order to say the Court will hold a hearing to hear oral

11  arguments on this issue on blank 2015 at 1:30 p.m., and

12  that's going to be on a Wednesday afternoon at 1:30 p.m.

13          MR. RAIMI:  Okay.

14          THE COURT:  It looks like we're looking at something

15  in August or September given the briefing schedule.

16          MR. RAIMI:  Okay.

17          THE COURT:  But I'll fill that in once I actually --

18          MR. RAIMI:  Sure.

19          THE COURT:  -- have the order and I know when the

20  order is going to be entered.  Then I can figure out when the

21  briefs are going to be filed and when we can have a hearing.

22  Does that make sense to everyone?

23          MR. RAIMI:  It does.

24          MR. ACKER:  Yes, your Honor.

25          MR. RAIMI:  It does, your Honor.  Thank you.

1          THE COURT:  So -- all right.  So how soon do you
2     think you'll be able to get this order --
3          MR. RAIMI:  Well, I'm hoping to circulate it
4     hopefully tomorrow, and assuming no problems in getting
5     agreement, I would think by the first of next week we can get
6     it in.
7          THE COURT:  All right.  Is there anything else we
8     need to talk about today then on this motion?
9          MR. RAIMI:  No.
10          THE COURT:  No?
11          MR. ACKER:  No, your Honor.
12          THE COURT:  All right.  Well, thank you all, and
13     we'll see you again.
14          MR. ACKER:  Thanks, Judge.
15          THE CLERK:  Please rise.  Court is adjourned.
16        (Proceedings concluded at 2:16 p.m.)

INDEX


<u>WITNESSES:</u>

    None

<u>EXHIBITS:</u>

    None


       I certify that the foregoing is a correct transcript from the sound recording of the proceedings in the above-entitled matter.


/s/ Lois Garrett          June 16, 2015
_____    _____
Lois Garrett