UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

## CITY OF DETROIT'S OBJECTION TO SHEILA REED'S
## MOTION FOR/TO ALLOW LATE FILED CLAIM

The City of Detroit, Michigan ("City") objects to Ms. Sheila Reed's ("Reed") *Motion for/to Allow late filed claim* ("Motion," Doc. No. 9921) because it does not contain the affidavit or declaration required by the Court and thus is not sufficient to overcome the presumption that the *Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date* (Doc. No. 8649, "Notice") was properly served upon her. Thus, there is no basis for a finding of excusable neglect. Even if Reed had complied with the Court's directives, however, her late-filed application still would be futile, as she does not assert a proper administrative expense under chapter 9 of the Bankruptcy Code. In support of this Objection, the City respectfully states as follows.

### No showing of excusable neglect

The Court held a hearing on Reed's *Application for Administrative Expense Claim* ("Application," Doc. No. 9135) on June 3. *See* Transcript of hearing filed at Doc. No. 9939; *see also* Audio of hearing filed at Doc. No. 9924. At the hearing, the Court afforded Reed the opportunity to file a motion seeking retroactive extension of the January 26, 2015, deadline to file administrative expense applications. Transcript, 23:22-25:7; Audio 30:35-33:25; *see also Order Regarding Further Proceedings on the Administrative Expense Claim Filed by Sheila Reed* ("Order," Doc. No 9931.) The Court stated on the record and wrote in its Order that if

Reed should file such a motion, it "must be supported by an affidavit or a declaration under penalty of perjury, in which Ms. Reed swears that she did not actually receive the [Notice]." Order, ¶ 1; Transcript, 28:21-29:1; Audio, 39:50-40:35.

The Court asked Reed if she could file a motion with the required evidentiary support within seven days, and Reed acknowledged that she could do so. Transcript, 25:1-7; Audio, 33:00-33:25. The Court advised Reed that if she did not file a motion that complied with the Court's directions by June 10, the Court would sustain the City's objection to her Application.

> [THE COURT:] I will say in the order that I'm going to enter that if -- if Ms. Reed does not comply with the order by filing this motion to extend the deadline with an affidavit or declaration of penalty of perjury attached by the deadline of June 10, the Court will enter an order sustaining the city's objection on grounds of an untimely filing.
>
> So Ms. Reed, it is important that you get this motion filed by that deadline if you want to keep pursuing this claim, this administrative claim.
>
> MS. REED: Yes, Your Honor.
>
> THE COURT: All right. So Ms. Reed, any questions about what we're doing going forward with this?
>
> MS. REED: No, Your Honor.

Transcript, 28:21-29:1; Audio, 39:50-40:35. That afternoon, Reed filed her Motion. *See* Motion (filed June 3, 2:30 P.M.). Reed did not, however, include the affidavit or declaration the Court stated she must include if she wanted to controvert service of the Notice.[1] *See* Motion.

In contrast, the City has obtained the declaration of Michael J. Paque, Director of Corporate Restructuring Services for Kurtzman Carson Consultants ("KCC"), establishing that

---

[1] Reed was reluctant to state in court that she had not received the Notice. The most she would say at first was that she could not remember whether she had received it. However, when asked directly if she was stating she had not received the Notice, Reed affirmed this was her position. Transcript, 11:21-14:25; Audio 12:10-16:30.

Reed was properly served with the Notice. Ex. A. KCC also confirmed that Reed received and voted her ballot on the City's confirmed plan, further evidencing that Reed received and responded to City bankruptcy mailings. Ex. B.[2] Further, the Notice was published in the Wall Street Journal (Doc. No. 8973), USA Today (Doc. No. 8972), and both the Detroit News and Detroit Free Press (Doc. No. 8971).

The City has provided uncontroverted evidence that Reed received the Notice. Reed provides no evidence to the contrary despite clear instructions from the Court and confirmation on the record that she understood those instructions. The Court thus should sustain the City's objections to this Motion and the Application.

### **Futility**

Even if Reed had complied with the Order, Reed's Application would have been futile, given that it is prima facie invalid. The Application is nothing more than a statement that she is owed over $11,000 because of alleged sexual discrimination. *See* Application. It is devoid of any factual support whatsoever. *National Union Fire Insurance Co. v. VP Buildings, Inc.,* 606 F.3d 835, 838 (6th Cir. 2010) (internal citations and quotations omitted) ("[Administrative expense claims] under § 503(b) are strictly construed because priority claims reduce the funds available for creditors and other claimants…. The party seeking the priority has the burden of proving that his claim constitutes an administrative expense.") Moreover, even if Reed could prove every word stated in the Application were true, the Application would still not set forth a valid chapter 9 administrative expense, because the Application has nothing at all to do with the administration of the City's bankruptcy case. *See Memorandum Regarding the Administrative Expense Claims Field by Sheila Reed and Sherell Stanley*, Doc. No. 9934; *see also In re N.Y.C. Off-Track Betting Corp.*, 434 B.R. 131,141-42 (Bankr. S.D.N.Y. 2010). The Court thus should

---

[2] Reed's email address, phone number, and the last four digits of her Social Security number are redacted.

sustain the City's objections to this Motion and the Application, because extending the deadline to allow consideration of Reed's Application would be futile.

## Conclusion

For these reasons, both the Motion and the underlying Application should be denied.

June 17, 2015                 Respectfully submitted,

                                    By: /s/ Marc N. Swanson
                                              Jonathan S. Green (P33140)
                                              Marc N. Swanson (P71149)
                                              MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
                                              150 West Jefferson, Suite 2500
                                              Detroit, Michigan 48226
                                              Telephone: (313) 496-7591
                                              Facsimile: (313) 496-8451
                                              green@millercanfield.com
                                              swansonm@millercanfield.com

                                              ATTORNEYS FOR THE CITY OF DETROIT

**EXHIBIT 1 – CERTIFICATE OF SERVICE**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 17, 2015, he served a copy of the foregoing *City of Detroit's Objection to Sheila Reed's Motion for/to Allow Late Filed Claim* as listed below, via First Class United States Mail:

Ms. Sheila Reed
336 Pinecrest Drive
Ferndale, MI 48220-2382


DATED: June 17, 2015

        By: /s/ Marc N. Swanson
            Marc N. Swanson
            150 West Jefferson, Suite 2500
            Detroit, Michigan 48226
            Telephone: (313) 496-7591
            Facsimile: (313) 496-8451
            swansonm@millercanfield.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**DECLARATION OF MICHAEL J. PAQUE IN SUPPORT OF**
**CITY OF DETROIT'S OBJECTION TO SHEILA REED'S MOTION**
**FOR THE EXTENSION OF TIME/LATE-FILING OF HER**
**APPLICATION FOR ADMINISTRATIVE EXPENSE CLAIM**
**IN RESPONSE TO THE CITY OF DETROIT'S OBJECTION**

1. I am Michael J. Paque, Director of Corporate Restructuring Services for Kurtzman Carson Consultants ("KCC").

2. I am over the age of 18 years old, have personal knowledge of the facts contained in this declaration, and if called as a witness, can competently testify to the facts it contains.

3. KCC was engaged by the City of Detroit to provide services to the City in connection with its bankruptcy cases, including providing service of certain documents filed in the City's bankruptcy case.

4. In particular, the City asked KCC to serve its *Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date* filed at docket number 8649 (the "Notice") in the City's bankruptcy case.

5. I worked with Lydia Pastor Nino in serving the Notice. I personally oversaw the mailing of the Notice.

6. In preparing the certificate of service, I directed that many of the residential addresses be redacted to protect the privacy of recipients. KCC retained the unredacted list, however, so that it could provide the addresses served if necessary.

7. The City has asked me to provide the addresses for Sheila Reed to which KCC mailed the Notice. On due inspection of KCC's records, I have confirmed that, on or before December 16, 2014, KCC mailed the Notice to the following address by First Class mail, postage prepaid:

REED, SHEILA
336 PINECREST DR
FERNDALE, MI 48220-2382

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

By: _____
Michael J. Paque
Director of Corporate Restructuring Services for
Kurtzman Carson Consultants

Executed on June 12, 2015

## PLEASE READ THE VOTING INFORMATION AND INSTRUCTIONS ATTACHED BEFORE COMPLETING THIS BALLOT.

PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.

IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES ON THE NEXT PAGE, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, an active or former employee of the City who was not yet receiving a pension and is a PFRS Pension Claim Holder in Class 10 as of March 1, 2014 against the City of Detroit, Michigan, votes to (check one box):

☐ ACCEPT the Plan.          ☒ REJECT the Plan.

If you accept the Plan, you are voting to approve a release of any claims that you may have against the State, the City, and other entities in connection with the loss of part of your pension.

If you vote to accept the Plan, you are also voting to approve certain other cancellation, discharge, exculpation, expungement, injunction and release provisions contained in the Plan. Such provisions include, but are not limited to, the provisions contained in Article III.D, Article IV.J, Article IV.K and Article V.C of the Plan. These provisions include the release of claims against the State of Michigan and may affect your rights and interests regarding certain other nondebtor parties, but only if the Initial Funding Conditions are met or waived by the Confirmation Hearing. By accepting the Plan AND if the Initial Funding Conditions are satisfied or waived, you will be forever releasing any rights you may have against the State and other nondebtor parties for matters described in the Plan and you will be forever barred from suing the State or other nondebtor parties for matters described in the Plan. Specifically, this release would release all claims and liabilities arising from or related to the City, the chapter 9 case (including the authorization given to file the chapter 9 case), the Plan and exhibits thereto, the Disclosure Statement, PA 436 and its predecessor or replacement statutes, and Article IX, § 24 of the Michigan Constitution.

If you vote to accept the Plan and the Initial Funding Conditions are NOT satisfied or waived before the Confirmation Hearing, your vote will be deemed to be a vote to reject the Plan.

Creditor **[Name/Identifier]**: REED, SHEILA / ███

Amount of Pension Claim: ███

**PLEASE COMPLETE ITEM 2 ON THE NEXT PAGE**

RECEIVED
JUL 0 9 2014
KURTZMAN CARSON CONSULTANTS
07-09-14P01:40 RCVD

**Item 2. Certifications.** By signing this Ballot, the undersigned certifies that he or she:

 i. was an active or former employee of the City as of March 1, 2014;

 ii. was not receiving pension payments from the PFRS as of March 1, 2014;

 iii. is the Holder of a PFRS Pension Claim in Class 10 to which this Ballot pertains, or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan with respect to such Claim;

 iv. received a copy of the solicitation package consisting of: (a) a notice regarding the time and place of a hearing to consider confirmation of the Plan, (b) a CD-ROM including the Plan, Disclosure Statement and the exhibits to each filed to date, (c) a Ballot and a ballot return envelope, (d) a copy of certain rules governing the tabulation of ballots, (e) a plain language description of the Plan, (f) a cover letter and (g) letters from PFRS, the Retired Detroit Police and Fire Fighters Association and, possibly, from other parties;

 v. has not submitted any other Ballots for Class 10 that are inconsistent with the vote to accept or reject the Plan set forth in this Ballot, or if such other ballots were previously submitted, they have been revoked or changed to reflect the vote of this Ballot; and

 vi. understands that a vote to accept the Plan is a vote to accept certain cancellation, discharge, exculpation, expungement, injunction and release provisions contained in the Plan.

REED, SHEILA
Name

Fed. Tax I.D. No. or Last 4 Digits of Social Sec. No. (optional)

*Sheila Reed*
Signature

If by Authorized Agent, Name and Title

336 PINECREST DR
FERNDALE, MI 48220-2382

Telephone Number

7/4/14

Email Address