## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION- DETROIT

In re:

CITY OF DETROIT, MICHIGAN

Debtor.

_____/

Chapter 9
Case No. 13-53846
Hon. Thomas J. Tucker

## SUPPLEMENTAL BRIEF IN SUPPORT OF THE CITY OF DETROIT WATER AND SEWERAGE DEPARTMENT'S OBJECTION TO CLAIM NUMBER 3451 FILED BY KIM SPICER

NOW COMES the City of Detroit Water and Sewerage Department ("DWSD"), by and through counsel, Kilpatrick & Associates, P.C., and for this Supplemental Brief in Support of Objection to Claim Number 3451 Filed by Kim Spicer [Docket No. 8990] states as follows:

## INTRODUCTION

On June 2, 2015, the Court entered an Order Adjourning June 3, 2015 Hearing on the City of Detroit Water and Sewerage Department's Objection to Claim Number 3451 filed by Kim Spicer, and for Further Briefing on Specified Issues, which required that DWSD file a supplemental brief in support of the arguments that were made in its Brief in Support of Objection Claim Number 3451 Filed by Kim Spicer [Docket No. 9734] addressing specific questions from this

Court outlined in the June 2, 2015 Order. DWSD files this Brief in accordance with the June 2, 2015 Order.

## ARGUMENT

### A. The Automatic Stay Under 11 U.S.C. §§362 and 922 Automatically Terminated On The Effective Date of the Plan of Adjustment

Article VIII.K of the Plan of Adjustment, titled "Term of Existing Injunctions and Stays," states that "injunctions or stays provided for in the chapter 9 case under sections 105, 362 or 922 of the Bankruptcy Code, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date."

Pursuant to Article VIII.K of the Plan of Adjustment, any applicable stay continued only until the Effective Date. The Effective Date of the Plan of Adjustment was December 10, 2014; therefore, the automatic stay expired/terminated on December 10, 2014.

### B. Mr. Spicer Was Provided Notice of the Termination of the Automatic Stay on Several Occasions

During the pendency of the case Mr. Spicer, as the holder of a claim against the City of Detroit, was given notice of the Plan of Adjustment, including Article VIII.K if the Plan of Adjustment which states that the automatic stay would expire/terminate as of the Effective Date. Mr. Spicer had the opportunity to vote on the Plan of Adjustment and Disclosure Statement. Prior to his receipt of the

Plan of Adjustment and Disclosure Statement, the Court determined that the Disclosure Statement provided proper notice of, among other things, the injunction provisions in Article II of the Plan of Adjustment.

After the Plan of Adjustment became effective on December 10, 2014, Mr. Spicer also received the Court-approved Notice of Effective Date. See Certificate of Service of the Notice of Effective Date filed on December 29, 2014 [Docket No. 8970, page 75 of 569]. In addition to service of the Notice of Effective Date on Mr. Spicer by Kurtzman Carson Consultants, LLC ("KCC") at the address provided in Claim Number 3451, the Notice of Effective Date was also published in both national and local newspapers, affording additional notice. *See* Notices of Publication [Docket Nos. 8971, 8972, 8973].[1]

In Article VIII.H of the Plan of Adjustment, the required Notice of Effective Date is specified as follows:

> On or before ten Business Days after occurrence of the Effective Date, the City shall mail or cause to be mailed to all Holders of Claims a notice that informs such Holders of (1) the entry of the Confirmation Order; (2) the occurrence of the Effective Date; (3) the assumption and rejection of Executory Contracts and Unexpired Leases pursuant to the Plan, as well as the deadline for the filing of Claims arising from such rejection; (4) the deadline for the filing of Administrative

---

[1] In its Brief in Support of Objection to Claim Number 3451 filed by Kim Spicer (Docket No. 9734), DWSD stated that Mr. Spicer had 30 days from the Effective Date to initiate a lawsuit based upon Claim Number 3451. DWSD has since learned that KCC did not serve the Notice of Effective Date until on or before December 16, 2014; therefore, the appropriate date for the running of the 30 day period outlined in 11 U.S.C. §108(c) was January 15, 2015, not January 9, 2015 as previously indicated. This is a distinction without a difference because Mr. Spicer did not initiate a lawsuit based upon his claim between December 16, 2014 and January 15, 2015.

Claims; and (5) such other matters as the City deems to be appropriate.

The Notice of Effective Date followed the required form set forth in the Plan of Adjustment approved by this Court. In addition to including all information specifically required by the Plan of Adjustment, one of the "other matters" the City deemed appropriate to include in the Notice of the Effective Date was that "Copies of the Plan, Confirmation Order and all other documents filed in the Chapter 9 Case may be obtained, free of charge, from the City's restructuring website at https://www.kccllc.net/detroit or from Kurtzman Carson Consultants, LLC by calling (877) 298-6234 (toll-free)." Both the Notice of Effective Date provided to Mr. Spicer directly by KCC and the Notice of Effective Date that was published included the availability of the Plan free of charge.

All of these efforts by the City provided good and sufficient notice of (1) the injunction provisions of the Plan; and (2) the expiration of the automatic stay as of the Effective Date. Mr. Spicer had every opportunity to review the Plan of Adjustment and its provisions- including the provision stating that the automatic stay would terminate on the Effective Date. Mr. Spicer was also put on notice of the December 10, 2014 Effective Date through the Court-approved Notice of Effective Date, both by direct service and publication notice. He did not take any action to initiate a lawsuit based upon his claim after the Effective Date; therefore, his claim should be disallowed.

**C.** **Mr. Spicer Was Not Precluded By The Discharge Injunction Under 11 U.S.C. §524(a)(2) and/or the Injunction Provisions of the Plan of Adjustment From Filing Suit**

Mr. Spicer was served with an ADR Notice[2] on April 11, 2014 with respect to Claim Number 3451, which subjected the claim to the Order, Pursuant to Section 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Pre-Petition Claims ("ADR Order") and the Alternative Dispute Resolution Procedures ("ADR Procedures"). As required by Section II(A)(1) of the ADR Procedures, the ADR Notice that was served upon Mr. Spicer included a copy of the ADR Order and ADR Procedures.

Pursuant to the ADR Procedures, the Stay/Injunction referred to in the ADR Procedures and the ADR Order consists of "(1) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court ("the Stay"), or (2) any similar injunction (together with the Stay, the "Stay/Injunction") that may be imposed upon the confirmation or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case." The term Stay/Injunction as used in the ADR Order and ADR Procedures

---

[2] Capitalized terms not otherwise defined in this section of the brief have the meaning given to them in the ADR Order and ADR Procedures.

clearly and unambiguously includes the discharge injunction under 11 U.S.C. §524(a)(2) and the discharge injunction provisions of the Plan of Adjustment.

Under the ADR Order, the Stay/Injunction is deemed modified with respect to any Non-Bankruptcy Claim within 35 days after the ADR Completion Date for the sole purpose of liquidating a Non-Bankruptcy Claim in an appropriate non-bankruptcy forum. *See* Paragraphs 14 and 15 of the ADR Order. The ADR Completion Date for Unresolved Designated Claims, like Kim Spicer's claim, is the Case Evaluation Termination Date.

As explained in detail in DWSD's Brief in Support of Objection to Claim Number 3451 Filed by Kim Spicer, the Case Evaluation Termination Date for Kim Spicer's claim was November 25, 2014. Pursuant to the ADR Order, the discharge injunction and the injunction provisions of the Plan of Adjustment that were in place as of December 10, 2014 were modified in accordance with the ADR Order to permit liquidation of the claim in a non-bankruptcy forum.

Even if it is assumed *arguendo* that the provisions of the ADR Order and ADR Procedures somehow do not provide for the modification of the discharge injunction and/or the injunction provisions of the Plan of Adjustment to allow Unresolved Designated Claims to be liquidated in a non-bankruptcy forum after the ADR Completion Date, nothing prevented Mr. Spicer from seeking relief from the discharge injunction or injunction provisions of the Plan of Adjustment.

In addition to the arguments above, DWSD incorporates herein by reference the arguments made by the City of Detroit in Section C in its Supplemental Brief in Support of the City of Detroit's Objection to Claim Number 474 and 1097 Filed by Richard Hall [Docket No. 9960] to the extent that such arguments may be relevant to this matter.[3]

## D.    Mr. Spicer Was Not Personally Served With the Notice of Case Evaluation

It was Steven H. Schwartz and Associates, P.C.'s understanding after being notified that the United State Equal Employment Opportunity Commission filed a claim on behalf of Kim Spicer based upon the same claim filed by Kim Spicer that Dale Price was counsel of record for Kim Spicer; therefore, the Notice of Case Evaluation was only served on Dale Price.

## CONCLUSION

For the foregoing reasons, DWSD respectfully requests that this Honorable Court enter an order disallowing Claim Number 3451 filed by Kim Spicer and grant such other and further relief as this Court may deem just and proper considering the facts and circumstances of this case.

---

[3] It is DWSD's position that the discharge injunction and injunction provisions of the Plan of Adjustment were modified to permit Mr. Spicer to liquidate his claim in a non-bankruptcy forum in accordance with the ADR Order and ADR Procedures; therefore, Mr. Spicer was not precluded from initiating a lawsuit based upon his claim by the discharge injunction or the injunction provisions of the Plan of Adjustment and a discussion of the impact of the discharge injunction on the applicability of 11 U.S.C. §108(c) is unnecessary.

Respectfully Submitted,

KILPATRICK & ASSOCIATES, P.C.

  */s/ Richardo I. Kilpatrick*
RICHARDO I. KILPATRICK (P35275)
SHANNA M. KAMINSKI (P74013)
Attorneys for the City of Detroit
Water and Sewerage Department
615 Griswold, Ste. 1305
Detroit, Michigan 48226
(313) 963-2581
ecf@kaalaw.com

Dated: June 17, 2015

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-DETROIT**

In re:

|  | Chapter 9 |
|---|---|

CITY OF DETROIT, MICHIGAN                    Case No. 13-53846
                                             Hon. Thomas J. Tucker

       Debtor.

_____/

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2015, I electronically filed, the City of

Detroit Water and Sewerage Department's Supplemental Brief in Support of

Objection to Claim Number 3451 Filed by Kim Spicer, which sends notice by

operation of the Court's electronic filing service to all ECF participants registered

to receive notice in this case, and mailed a copy of the City of Detroit Water and

Sewerage Department's Supplemental Brief in Support of Objection to Claim

Number 3451 Filed by Kim Spicer via first class mail to the following:


Kim Spicer
29357 Sandalwood
Roseville, Michigan 48066


                       _/s/ Shanna M. Kaminski_____
                       Shanna M. Kaminski (P74013)