IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                         ) Chapter 9
                                               )
                                               ) Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                     )
                                               ) Hon. Thomas J. Tucker
                                               )
Debtor.                                        )

**REPLY BRIEF IN SUPPORT OF CORRECTED MOTION OF STEVEN WOLAK, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER WOLAK, DECEASED, TO COMPEL PAYMENT BY DEBTOR PURSUANT TO SETTLEMENT CONTRACT, OR ALTERNATIVELY, VOID SETTLEMENT CONTRACT AND REINSTATE CASE**

Adding insult to injury, the City of Detroit, Michigan ("Debtor") has filed an objection to Claimant's Corrected Motion ("Objection") with multiple inaccuracies and misrepresentations. Remarkably, Debtor relies upon the law of the case doctrine in its Objection; however, the Court *has not even heard* the arguments presented in Claimant's Corrected Motion, let alone ruled on them.

Claimant presumes that counsel who drafted and filed the Objection was not at the April 15, 2015 hearing on Debtor's Reserve Motion. At that hearing, as this Court will recall, this Court stated on the record that the sole purpose of the Reserve Motion was to establish a *total* reserve amount, and

that there was no challenge to *individual* amounts. *Any and all challenges concerning individual claims were reserved.*

Counsel for Debtor expressly agreed *on the record*, further acknowledging that the hearing on the Reserve Motion had no bearing on the arguments made within Claimant's objection to the Reserve Motion. Based upon counsel for Debtor's representations, and this Court's confirmation of same, Claimant expressly withdrew his objection to the Reserve Motion, and did so on the record.

Consistent with its pre-bankruptcy bad faith actions, Debtor is now misrepresenting facts, stating a position contrary to its own statements on the record in open court, and misrepresenting that this Court has rejected the arguments set forth in Claimant's Corrected Motion. Nothing could be further from the truth: (1) Claimant's objection to the Reserve Motion withdrawn so it could not possibly have been ruled on; (2) Debtor's counsel at that time agreed that the arguments made within Claimant's objections were expressly reserved; and (3) this Court, on the record, expressly asked Debtor's counsel to acknowledge the fact that Claimant's objections were reserved, which he did.

Claimant presumes that counsel who drafted Debtor's Objection was not at the April 15, 2015 hearing. Nevertheless, counsel certainly could

have confirmed with co-counsel who was present to confirm what occurred at that hearing concerning Claimant's objection, and determine exactly what this Court held on the record, and what his own co-counsel stated on the record when Claimant presented his objection to the Reserve Motion. He could have easily confirmed that Claimant's objection was expressly withdrawn following confirmation that Claimant's arguments were preserved. Instead, he has filed an Objection loaded with misrepresentations.

Claimant does not seek to elevate his claim above others simply because there was a prepetition settlement agreement. Claimant does not argue that Debtor filed bankruptcy to avoid its obligations to Claimant. What Claimant does argue is that Debtor negotiated the claim in bad faith, as set forth fully in Claimant's Corrected Motion (including settling the claim more than two months before filing for protection, and demanding execution of a release that included a "time is not of the essence" clause as to payment).

Neither is Claimant's proof of claim improper, as Debtor ignores the alternative relief sought within Claimant's Corrected Motion. Voiding the settlement agreement would obviously affect the value of this claim.

Claimant does not "ignore" bankruptcy law. Claimant simply requests that this Court apply its broad equitable powers, pursuant to bankruptcy law.

WHEREFORE, STEVEN WOLAK, as Personal Representative of the Estate of CHRISTOPHER WOLAK, Deceased, respectfully requests that this Honorable Court issue an Order compelling payment of $375,000 to Claimant, pursuant to the contract between those Parties.

Alternatively, this Court should issue an Order voiding the Release, and permitting the reinstatement of the Wayne County Circuit Court action between the Parties.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

_____
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
Attorneys for *Steven Wolak, as Personal Representative of the Estate of Christopher Wolak, Deceased*
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

July 10, 2015