# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO (A)(1) VOID THE CASE EVALUATION AWARD AND SCHEDULING ORDER OBTAINED BY PLAINTIFF CLARENCE HAYNES IN VIOLATION OF THE AUTOMATIC STAY; AND (2) REQUIRE ENTRY OF NEW SCHEDULING ORDER IN STATE COURT ACTION; OR, ALTERNATIVELY, (B) STAY STATE COURT ACTION PENDING RESOLUTION OF THIS MOTION IF THE COURT DETERMINES THAT FURTHER BRIEFING IS NECESSARY

The City of Detroit, Michigan ("City"), by its undersigned counsel, files this Motion to (A)(1) Void the Case Evaluation Award and Scheduling Order Obtained by Plaintiff Clarence Haynes in Violation of the Automatic Stay; and (2) Require Entry of New Scheduling Order in State Court Action; or, Alternatively, (B) Stay State Court Action Pending Resolution of this Motion if the Court Determines that Further Briefing is Necessary. In support of this Motion, the City states as follows:

## I.     Introduction

1.      On July 18, 2014, Clarence Haynes ("Plaintiff") filed his second lawsuit against the City alleging that he is entitled to no fault benefits due to a pre-petition injury that occurred on November 6, 2012. Plaintiff's first lawsuit – also based on the same November 2012 injury – was filed prior to the commencement of the City's bankruptcy case and settled as part of the claims resolution process. After the second lawsuit was filed, the City filed a notice of suggestion of bankruptcy and application of the automatic stay. Despite receiving this notice and the effect of the automatic stay, Plaintiff proceeded to obtain a case evaluation award against the City. In reliance on the automatic stay and later the plan injunction, the City did not file a case

evaluation summary or meaningfully participate in the case evaluation process.[1] The filing of

the second state court action and the case evaluation were actions taken in violation of the

automatic stay and thereafter, the permanent injunction imposed by the City's confirmed and

effective plan of adjustment. The City thus seeks to have this Court void the case evaluation

award and the scheduling order.

## II. Factual Background

### A. The City's Bankruptcy Case

2. On July 18, 2013 ("Petition Date"), the City commenced this chapter 9 case.

3. On July 25, 2013, this Court entered its Order Pursuant to Section 105(a) of the

Bankruptcy Code Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy

Code ("Stay Confirmation Order"). [Doc. No. 167]. The Stay Confirmation Order provided in

pertinent part:

> Pursuant to section 362 of the Bankruptcy Code, all persons (including individuals,
> partnerships, corporations, limited liability companies and those acting for or on their
> behalf), all foreign or domestic governmental units and all other entities (and all those
> acting for or on their behalf) are hereby stayed, restrained and enjoined from:
>
> …
>
> (e) taking any action to collect, assess or recover a claim against the City that
> arose before the commencement of its chapter 9 case

---

[1] One of the City's attorneys (and not the attorney assigned to the case) was present at the case
evaluation by mere happenstance. The City attorney handling the Haynes case, Calvert Bailey,
did not attend the case evaluation because the case was subject to the automatic stay as
evidenced by the notice of automatic stay and suggestion of bankruptcy that Mr. Bailey filed in
the case. *See* Ex. 6E. Coincidentally, another City attorney, Robyn Brooks, was sitting in the
case evaluation room waiting for another case to be called when the Haynes case was called.
Seeing that no attorney for the City was there for the Haynes case, Ms. Brooks sat in on the case
evaluation.

Stay Confirmation Order at 2. In other words, claimants could not sue to recover a pre-petition claim unless and until the automatic stay was lifted.[2] Here, not only was the stay not lifted, but the City filed a suggestion of bankruptcy to inform the parties and state court of the effect of the automatic stay and to avoid precisely what has happened in this case. Plaintiff did not seek to have the stay lifted or otherwise modified in this Court and, therefore, had no right to proceed with the state court action.

**B.    Plaintiff's State Court Actions**

4.      On June 4, 2013, Plaintiff filed a complaint in Wayne County Circuit Court against the City and Kavitaben Manishkumar Desai ("2013 Complaint"). The 2013 Complaint is attached as Exhibit 6A. Plaintiff alleges that on November 6, 2012, Plaintiff was a passenger on a bus owned and operated by the City. 2013 Complaint ¶ 5. Plaintiff further alleges that Defendant Desai caused his vehicle to collide with the bus and that as a result of the crash Plaintiff suffered severe and permanent injuries. *Id.* ¶¶ 6-7. Count II of the 2013 Complaint, entitled "No-Fault Claim – City of Detroit" sought a judgment against the City for personal protection insurance benefits, including medical expenses and attendant care services allegedly incurred by Plaintiff. *Id.* ¶ 14-17.

5.      On February 21, 2014, Plaintiff filed a proof of claim in this bankruptcy case. [Cl. No. 2158]. The amount listed on the proof of claim was $27,376.44 and the stated basis was "no-fault lawsuit." The proof of claim is attached as Exhibit 6B.

---

[2] As of the December 10, 2014 effective date of the City's plan of adjustment and the grant of a discharge to the City, the automatic stay terminated pursuant to section 362(c)(2)(C). However, at the same moment, the automatic stay was replaced by a permanent injunction under the plan and order confirming the plan. *See* Doc. No. 8272; p. 89, ¶ 32.

6.      On April 25, 2014, the City and Plaintiff entered into a settlement agreement resolving Plaintiff's claims. The settlement agreement is attached as Exhibit 6C.

7.      On July 18, 2014, Plaintiff filed another complaint in Wayne County Circuit Court against the City and Kavitaben Manishkumar Desai ("2014 Complaint"), commencing case number 14-009320 ("State Court Action"). The 2014 Complaint is attached as Exhibit 6D. The basis of the 2014 Complaint is the same alleged injury that occurred in November 2012. 2014 Complaint ¶¶ 6, 15. Plaintiff alleges that as a result of this injury, he incurred medical expenses, wage loss and household replacement services that the City has refused to pay. *Id.* at ¶¶ 14-19.

8.      On October 3, 2014, the City filed a Notice of Suggestion of Pendency of Bankruptcy Case and Application of the Automatic Stay ("Stay Notice and Suggestion of Bankruptcy") in the State Court Action. The Stay Notice and Suggestion of Bankruptcy is attached as Exhibit 6E. Thereafter, the City did not conduct discovery or otherwise participate in the State Court Action, except as noted below.

9.      On December 10, 2014, the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014) ("Plan") went effective and the permanent injunction in Article II.D.5 of the Plan and paragraph 32 of the order confirming the Plan went into effect, thereby replacing the automatic stay. *See* Doc. Nos. 8045, 8272, 8649.

10.     On April 22, 2015, Plaintiff filed a Motion to Lift Bankruptcy Stay in the State Court Action. The motion is attached as Exhibit 6F. The Wayne County Circuit Court has not ruled on this motion.[3]

---

[3] As noted, the automatic stay terminated on December 10, 2014, pursuant to section 362(c)(2)(C) of the Bankruptcy Code, but was simultaneously replaced by the permanent
*Continued on next page.*

11.     Plaintiff continued to ignore the Stay Notice and Suggestion of Bankruptcy (and the permanent injunction under the Plan) and proceeded to case evaluation against the City and Desai on May 5, 2015.  *See* City's Motion to Set Aside Case Evaluation ¶ 10, Exhibit 6G. Plaintiff received a case evaluation award against the City even though the City did not file a case evaluation summary and was only present at the case evaluation by mere happenstance.  *Id.* The City attorney handling the Haynes case, Calvert Bailey, did not attend the case evaluation because at all relevant times the case was subject to either the automatic stay (as evidenced by the Stay Notice and Suggestion of Bankruptcy) or the permanent Plan injunction.  *See* Ex. 6E. Coincidentally, another City attorney, Robyn Brooks, was sitting in the case evaluation room waiting for another case to be called when the Haynes case was called. Seeing that no attorney for the City was there for the Haynes case, Ms. Brooks sat in on the case evaluation.

12.     Case evaluation is highly significant in state court litigation.  Case evaluation occurs after the close of discovery.  Case evaluation is conducted by a panel of three lawyers. Prior to case evaluation, litigants present a case evaluation summary for the evaluators' review, and then orally present their case at the case evaluation session.  The evaluators then place a monetary value on the case.  MCR 2.403.

13.     If both parties accept the award, the case is settled in that amount.  If a litigant rejects the award, and then does not achieve a result at least 10% better than the award when the case is resolved, the litigant normally must pay the other side's actual costs and attorney fees incurred from and after case evaluation.  MCR 2.403 (K) – (O).  The fee shifting aspect of case evaluation makes the award highly significant.

---

*Continued from previous page.*
injunction under the Plan.  The Plaintiff is therefore barred from continuing to prosecute the State Court Action.

14.     The City moved to have the case evaluation award set aside.  *Id.*  Plaintiff responded to the City's motion alleging that the "Application of the Automatic Stay applied to debts incurred prior to the Petition Date of July 18, 2013.  Plaintiff's No-Fault claims that are the subject of the present litigation were incurred after July 18, 2013."  Plaintiff's response ¶ 5, Exhibit 6H.  The state court denied the City's motion on June 12, 2015.

## III.    Argument

15.     The case evaluation award and scheduling order should be voided because the State Court Action proceeded in violation of the automatic stay and later the permanent injunction under the Plan.  This Court should also require that a new scheduling order[4] be entered in the State Court Action.  Plaintiff's argument that his pre-petition claim is somehow transformed into a post-petition claim because Plaintiff received additional no-fault benefits after the Petition Date fails. A pre-petition claim is not rendered a post-petition claim because the time for payment is triggered by an event that happens after the filing of the petition.

16.     Under the Bankruptcy Code, "debt" is defined as "liability on a claim."  11 U.S.C. § 101(12). The term "claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured [.]"  11 U.S.C. § 105(5)(A).  "Congress gave these terms the broadest possible definitions so as to enable a debtor to deal with all legal obligations in a bankruptcy case." *In re Lipa*, 433 B.R. 668, 669-70 (Bankr. E.D. Mich. 2010) (*citing Pennsylvania Dept. of Public Welfare v. Davenport*, 495 U.S. 552, 558 (1990)).

---

[4] The previously entered scheduling order was attached by the Plaintiff as Exhibit D to his Response to the City's Motion to Set Aside Case Evaluation. *See* Ex. 6H.

17.     A prepetition claim is not transformed into a post-petition claim "simply because it is contingent, unliquidated or unmatured when the debtor's petition is filed."  *Braniff Airways, Inc. v. Exxon Co., U.S.A.,* 814 F.2d 1030, 1036 (5th Cir.1987); *Chiasson v. J. Louis Matherne & Assocs. (In re Oxford Management, Inc.),* 4 F.3d 1329, 1335 n. 7 (5th Cir.1993) ("A claim is not rendered a post-petition claim simply by the fact that time for payment is triggered by an event that happens after the filing of the petition."); *United States through Agricultural Stabilization & Conservation Serv. v. Gerth,* 991 F.2d 1428, 1433 (8th Cir.1993) ("[D]ependency on a postpetition event does not prevent a debt from arising prepetition."); *In re Stewart Foods, Inc.,* 64 F.3d 141, 146 (4th Cir. 1995)("…the fact that the payments became due after the bankruptcy filing does not alter the conclusion that the payments are pre-petition obligations.).

18.     In that regard, courts "have been careful to distinguish between when a right to payment arises for bankruptcy purposes, and when the cause of action accrues."  *In re Dixon*, 295 B.R. 226, 229-30 (Bankr. E.D. Mich. 2003) (*citing Kilbarr Corp. v. G.S.A. (In re Remington Rand Corp.),* 836 F.2d 825, 830–31 (3d Cir. 1988) ("recogniz[ing] that a party may have a bankruptcy claim and not possess a cause of action on that claim" and noting, for example, that "an indemnity or surety agreement creates a right to payment, albeit contingent, between the contracting parties immediately upon the signing of the agreement")).  As such, it is "well settled that federal law governs *when* a claim arises." *In re Parks*, 281 B.R. 899, 902 (Bankr. E.D. Mich. 2002) (emphasis supplied).

19.     For bankruptcy purposes, there are two approaches for determining when a claim arises.[5]  *In re Spencer*, 457 B.R. 601, 606 (E.D. Mich. 2011); *Parks*, 281 B.R. at 902.  Under the

---

[5] The Third Circuit had followed a third approach – the accrual approach – prior to its decision in *In re Grossman's Inc.*, 607 F.3d 114, 117 (3d Cir. 2010).  In *Grossman's*, the Third Circuit overruled its prior decision in *Avellino & Bienes v. M. Frenville Co. (Matter of M. Frenville*
*Continued on next page.*

"debtor's conduct" approach, a claim arises when the conduct by the debtor occurs, even if the actual injury is not suffered until much later. *Spencer*, 457 B.R. at 606; *Parks*, 281 B.R. at 903. The other approach looks at whether there was a prepetition relationship between the debtor and the creditor such that a possible claim is within the fair contemplation of the creditor at the time the petition is filed. *Id.* This has been alternately termed the "fair contemplation," "foreseeability," "pre-petition relationship," or "narrow conduct" test. *Id.* Although the Court of Appeals for the Sixth Circuit has yet to address the various tests, the emerging consensus appears to adopt some version of the "fair contemplation" approach. *Spencer*, 457 B.R. at 606 (*citing In re Huffy Corp.*, 424 B.R. 295, 305 (Bankr.S.D.Ohio 2010)).

20.     However, under either approach, Plaintiff's claim arose prior to the Petition Date. Under the debtor's conduct approach, the claim arose in 2012 when Plaintiff sat on a bus owned and operated by the City that was struck by Defendant Desai. Similarly, under the fair contemplation approach, Plaintiff's claim arose in 2012 because Plaintiff alleges that the post-petition no-fault benefits he incurred arose solely as a result of the 2012 accident. In the 2013 Complaint, Plaintiff alleged that he suffered "severe and permanent injuries" and the benefits sought in both the 2013 Complaint and the 2014 Complaint are the same. Thus, the Plaintiff's claim was within his fair contemplation well before the Petition Date.

21.     Finally, in the Sixth Circuit, actions taken in violation of the stay are "invalid and voidable and shall be voided absent limited equitable circumstances." *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 911 (6th Cir. 1993). The Sixth Circuit suggests that "only where

---

*Continued from previous page.*
*Co.)*, 744 F.2d 332 (3d Cir.1984), which employed the accrual approach. *Id.* The *Grossman's* court overruled *Frenville* because the decision had been "universally rejected" and the "courts of appeals that have considered *Frenville* have uniformly declined to follow it." *Id.* at 117-121.

the debtor unreasonably withholds notice of the stay and the creditor would be prejudiced if the debtor is able to raise the stay as a defense, or where the debtor is attempting to use the stay unfairly as a shield to avoid an unfavorable result, will the protections of section 362(a) be unavailable to the debtor." *Id.*

22. None of the limited equitable circumstances apply here. The City filed the Stay Notice and Suggestion of Bankruptcy in the State Court Action and thus it cannot be said that the City has unreasonably withheld notice. Further, the City is not unfairly seeking to use the stay as a shield to avoid an unfavorable result. The Plaintiff proceeded with the case evaluation while knowing that the City would not actively participate due to the Stay Notice and Suggestion of Bankruptcy. Finally, even though the City would be entitled to void the entire State Court Action because it was filed in violation of the automatic stay, the City is only seeking to have (1) a new scheduling order entered to allow the City to conduct reasonable discovery, and (2) the case evaluation award set aside.[6]

## IV. Conclusion

23. The City believes it is clear that the claim alleged in the 2014 Complaint arose prior to the Petition Date, and, therefore, is a pre-petition claim subject to the automatic stay and now the permanent Plan injunction. However, on July 6, 2015, the City filed a brief addressing the same issues that are raised here; namely, where the auto-accident occurred pre-petition, but claimant files a post-petition lawsuit seeking to recover for post-petition medical services, is the claimant's claim for post-petition medical services a pre-petition or post-petition claim? *See*

---

[6] The City will allow the State Court Action to proceed because it agreed to pay certain valid pre-petition first party no-fault claims. *See* Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014), Art. IV(S). [Doc. No. 8045]. The City reserves all rights and defenses in the State Court Action.

Doc. No. 10022. The City's brief was filed in response to paragraph seven of the Order entered by this Court on June 15, 2015. [Doc. No. 9969]. The City has no objection to having this Motion and the unresolved issue in paragraph seven of the order set on similar briefing schedules or having a combined oral argument.

24. For the reasons stated above, the City respectfully requests that this Court enter an order in substantially the same form as the one attached as Exhibit 1, (a) granting the Motion; (b) finding that Plaintiff violated the automatic stay by filing the 2014 Complaint and obtaining a scheduling order and the permanent Plan injunction by obtaining a case evaluation award against the City; (c) voiding the case evaluation award and scheduling order; (d) requiring the Plaintiff to stipulate to a new scheduling order in the State Court Action, which will allow the City a reasonable amount of time to conduct discovery and (e) requiring Plaintiff to set aside, or cause to be set aside, the case evaluation award in the State Court Action. Alternatively, if the Court determines that further briefing is required on this Motion, the City respectfully asks that the Court stay the State Court Action pending a substantive decision on this Motion.

July 20, 2015                    Respectfully submitted,


                                 By: /s/ Marc N. Swanson
                                     Jonathan S. Green (P33140)
                                     Marc N. Swanson (P71149)
                                     MILLER, CANFIELD, PADDOCK AND
                                     STONE, P.L.C.
                                     150 West Jefferson, Suite 2500
                                     Detroit, Michigan 48226
                                     Telephone: (313) 496-7591
                                     Facsimile: (313) 496-8451
                                     green@millercanfield.com
                                     swansonm@millercanfield.com

                                              and

                                     Charles N. Raimi (P29746)
                                     Deputy Corporation Counsel
                                     City of Detroit Law Department
                                     2 Woodward Avenue, Suite 500
                                     Coleman A. Young Municipal Center
                                     Detroit, Michigan  48226
                                     Telephone: (313) 237-5037
                                     Facsimile: (313) 224-5505
                                     raimic@detroitmi.gov


                                 ATTORNEYS FOR THE CITY OF DETROIT

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## EXHIBIT LIST

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6A | 2013 Complaint |
| Exhibit 6B | Proof of Claim |
| Exhibit 6C | Settlement Agreement |
| Exhibit 6D | 2014 Complaint |
| Exhibit 6E | Stay Notice |
| Exhibit 6F | Motion to Lift Bankruptcy Stay |
| Exhibit 6G | Motion to Set Aside Case Evaluation |
| Exhibit 6H | Plaintiff's Response to Motion to Set Aside Case Evaluation |

**EXHIBIT 1 – PROPOSED ORDER**

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CITY OF DETROIT'S MOTION TO (A)(1) VOID THE CASE EVALUATION AWARD AND SCHEDULING ORDER OBTAINED BY PLAINTIFF CLARENCE HAYNES IN VIOLATION OF THE AUTOMATIC STAY; AND (2) REQUIRE ENTRY OF NEW SCHEDULING ORDER IN STATE COURT ACTION; OR, ALTERNATIVELY, (B) STAY STATE COURT ACTION PENDING RESOLUTION OF THIS MOTION IF THE COURT DETERMINES THAT FURTHER BRIEFING IS NECESSARY**

This matter, having come before the court on the City of Detroit's Motion to (A)(1) Void the Case Evaluation Award and Scheduling Order Obtained by Plaintiff Clarence Haynes in Violation of the Automatic Stay; and (2) Require Entry of New Scheduling Order in State Court Action; or, Alternatively, (B) Stay State Court Action Pending Resolution of this Motion if the Court Determines that Further Briefing is Necessary ("Motion"), upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**IT IS HEREBY FOUND AND CONCLUDED THAT:**

A.     Clarence Haynes violated the automatic stay by filing a complaint and commencing case number 14-009320, in Wayne County Circuit Court, Michigan ("State Court Action").

B.     Clarence Haynes violated the automatic stay by obtaining a scheduling order in the State Court Action.

C.      Clarence Haynes violated the injunction set forth in the City of Detroit's Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014) by pursuing and obtaining a case evaluation award against the City in the State Court Action.

**ACCORDINGLY, THE COURT ORDERS THAT:**

1.      The Motion is granted.

2.      The case evaluation award obtained by Clarence Haynes in the State Court Action is void.

3.      The scheduling order entered in the State Court Action is void.

4.      Within five days of the entry of this Order, Clarence Haynes shall set aside, or cause to be set aside, the case evaluation award in the State Court Action.

5.      Within five days of the entry of this Order, Clarence Hayes shall stipulate to the entry of a new scheduling order in the State Court Action, which allows the City a reasonable amount of time to conduct discovery.

6.      The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

EXHIBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CITY OF DETROIT'S MOTION TO (A)(1) VOID THE CASE EVALUATION AWARD AND SCHEDULING ORDER OBTAINED BY PLAINTIFF CLARENCE HAYNES IN VIOLATION OF THE AUTOMATIC STAY; AND (2) REQUIRE ENTRY OF NEW SCHEDULING ORDER IN STATE COURT ACTION; OR, ALTERNATIVELY, (B) STAY STATE COURT ACTION PENDING RESOLUTION OF THIS MOTION IF THE COURT DETERMINES THAT FURTHER BRIEFING IS NECESSARY**

The City of Detroit has filed its Motion to (A)(1) Void the Case Evaluation Award and Scheduling Order Obtained by Plaintiff Clarence Haynes in Violation of the Automatic Stay; and (2) Require Entry of New Scheduling Order in State Court Action; or, Alternatively, (B) Stay State Court Action Pending Resolution of this Motion if the Court Determines that Further Briefing is Necessary.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the City of Detroit's Motion to (A)(1) Void the Case Evaluation Award and Scheduling Order Obtained by Plaintiff Clarence Haynes in Violation of the Automatic Stay; and (2) Require Entry of New Scheduling Order in State Court Action; or, Alternatively, (B) Stay State Court Action Pending Resolution of this Motion if the Court Determines that Further Briefing is Necessary, within 14 days, you or your attorney must:

1.  File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.  You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2.  If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
        Marc N. Swanson (P71149)
        150 West Jefferson, Suite 2500
        Detroit, Michigan 48226
        Telephone: (313) 496-7591
        Facsimile: (313) 496-8451
        swansonm@millercanfield.com

Dated:  July 20, 2015

---

[1]  Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

**EXHIBIT 3 – NONE**

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 20, 2015, the foregoing Motion to (A)(1) Void the Case Evaluation Award and Scheduling Order Obtained by Plaintiff Clarence Haynes in Violation of the Automatic Stay; and (2) Require Entry of New Scheduling Order in State Court Action; or, Alternatively, (B) Stay State Court Action Pending Resolution of this Motion if the Court Determines that Further Briefing is Necessary was filed and served via the Court's electronic case filing and notice system and upon counsel as listed below, via first class mail and electronic mail:

Scott R. Reizen
The Reizen Law Group
333 W. Seventh Street, Suite 360
Royal Oak, MI 48067
scott@reizenlaw.com

DATED: July 20, 2015

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

**EXHIBIT 5 – NONE**

**EXHIBIT 6A – 2013 COMPLAINT**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES,

    Plaintiff,                                    Case No: 13-      -NI
                                                   Hon:

v

CITY OF DETROIT, a municipal
coporation, and KAVITABEN MANISHKUMAR
DESAI, an individual,

    Defendants.

---

SCOTT R. REIZEN (P63724)
THE REIZEN LAW GROUP
Attorney for Plaintiff
333 W. 7th St, Suite 360
Royal Oak, MI 48067
(248) 554-3440/Fax: (248) 750-0790
scott@reizenlaw.com

---

There is no other civil action between these parties arising out of the same
transaction or occurrence as alleged in this Complaint pending in this Court; nor
has any such action been previously filed and dismissed or transferred after
having been assigned to a Judge; nor do I know of any other civil action, not
between these parties, arising out of the same transaction or occurrence as
alleged in this Complaint that is either pending or was previously filed and
dismissed, transferred, or otherwise disposed of after having been assigned to a
Judge in this Court.

            /s/ Scott R. Reizen
            SCOTT R. REIZEN P63724

## **COMPLAINT**

NOW COMES the Plaintiff, Clarence Haynes, by and through his attorney, Scott R.

Reizen of The Reizen Law Group, and for his Complaint against Defendants, City of Detroit and

Kavitaben Manishkumar Desai, states as follows:

## **GENERAL ALLEGATIONS**

1.    The Plaintiff is a resident of the City of Detroit, County of Wayne, and State of

Michigan.

2.    The Defendant, City of Detroit, is a municipal corporation located in the County of Wayne and State of Michigan.

3.    The Defendant, Kavitaben Manishkumar Desai (hereafter known as "Desai"), is a resident of the City of Newport, County of Monroe, State of Michigan.

4.    The amount in controversy is in excess of Twenty-Five Thousand ($25,000.00) dollars, exclusive of costs, interest and attorney fees.

5.    That on November 6, 2012, Plaintiff was a passenger owned and operated by the City of Detroit. The bus was traveling in the City of Detroit, County of Wayne, and State of Michigan, headed westbound on W. Grand Blvd., near its intersection with Lawton St., when Defendant, Desai, made an improper right turn in front of the bus causing the bus to collide with Defendant Desai's vehicle.

6.    On that date and at that time, Defendant Desai, failed to observe his surroundings in a careful and prudent manner, causing his vehicle to collide with another.

7.    Defendant, Desai's, contributory negligence regarding the referenced collision has inflicted upon Plaintiff severe and permanent injuries, serious impairment of body functions and serious injury and damages as alleged in this Complaint.

<u>**COUNT I**</u>
<u>**OPERATOR NEGLIGENCE - DEFENDANT DESAI**</u>

8.    Plaintiffs incorporate by reference Paragraphs 1-7, as though fully set forth herein.

9.    Defendant, Desai, was under a duty to obey the Statutes of the State of Michigan applicable to the operation of motor vehicles.

10.    Despite that duty, Defendant, Desai, breached it in the following manner:

   a.    in driving a motor vehicle upon the highway in a careless, negligent, reckless and wanton manner in total disregard of

the rights and safety of others lawfully upon the highway, in violation of MCL 257.626 and MCL 257.626(b);

b.  in failing to maintain a proper lookout and in otherwise negligently operating a motor vehicle upon the highway so as to cause a collision, injury and harm to the Plaintiff in violation of MCL 257.643;

c.  in driving a motor vehicle upon the highway at a rate of speed greater than would permit it to be stopped within the assured clear distance ahead in violation of MCL 257.627;

d.  in failing to make proper observations of the conditions of the highway and any others conditions then and there existing;

e.  in failing to apply her brakes to try to avoid the collision; in driving a motor vehicle in a reckless and erratic manner, in total disregard of the rights and safety of others, which conduct and state of mind under the facts and circumstances amounted to gross negligence, in violation of MCL 257.626;

f.  in delaying attempted activation of audible and visual emergency equipment until actually entering a controlled intersection and without slowing down as necessary for safe operation in violation of MCL 257.603;

g.  in performing other acts of negligence not yet known to plaintiff but which will be ascertained during the course of discovery in this litigation;

11.  As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries which have caused pain, suffering, disability and mental anguish and will in the future cause pain, suffering, disability, and mental anguish, permanently, and such other and further injuries and damages as may be disclosed through continuing course of treatment provided to her by her various medical providers.

12.  As a further direct and proximate result of the automobile collision, Plaintiff sustained the following damages:

a.  economic damages past and future;

b.  pain and suffering, past and future, including, but not limited to:
    1)  physical pain and suffering;
    2)  mental anguish;
    3)  fright and shock;
    4)  denial of social pleasure, enjoyment; and
    5)  embarrassment, humiliation and mortification.

c.  loss of some or all enjoyment of life; and

d. such other damages as may be allowed by the common law of the State of Michigan and/or the Michigan No-Fault Act.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in his favor and against Defendant, Kavitaben Manishkumar Desai, in an amount determined to be fair, just and adequate compensation for the injuries and damages sustained by the him, plus interest, costs and attorney fees in pursuing this action.

## COUNT II
## NO-FAULT CLAIM – CITY OF DETROIT

13. Plaintiff incorporates by reference Paragraphs 1-12 as though fully set forth herein.

14. That relevant proofs of Personal Protection Insurance Benefits due and owing to the Plaintiff, including, but not limited to medical expenses and attendant care services were submitted to the Defendant City of Detroit on or around April 22, 2013, along with a demand that Plaintiff be reimbursed for said amounts. However, despite that demand, the Defendant has refused and to this date has neglected to pay Plaintiff the benefits, thereby causing a breach of the contract of insurance.

15. That the Defendant's denial or refusal to pay Personal Protection Insurance benefits due to the Plaintiff has been arbitrary and without justification.

16. That as a direct and proximate result of the Defendant's arbitrary refusal and outrageous conduct in failing to pay said No-Fault benefits to the Plaintiff, the Plaintiff has been compelled to hire an attorney to pursue his civil remedies and accordingly, the Plaintiff hereby demands the additional benefits for said overdue payments pursuant to the Michigan No-Fault Law.

17. The motor vehicle operated in the accident at issue was owned by the City of Detroit.

WHEREFORE, Plaintiff requests this Honorable Court to enter a judgment in his favor

and against Defendant, the City of Detroit, in an amount determined to be fair, just and adequate compensation for the injuries and damages sustained by his, plus interest, costs and attorneys' fees incurred in pursuing this action.

Respectfully submitted,

THE REIZEN LAW GROUP

/s/ Scott R. Reizen
SCOTT R. REIZEN (P63724)
Attorney for Plaintiff
333 W. 7th St, Suite 360
Royal Oak, MI 48067
(248) 554-3440/(248) 750-0790 – Fax
sreizen@thereizenlawgroup.com

Dated: June 4, 2013

# EXHIBIT 6B – PROOF OF CLAIM

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | **FILED** PROOF OF CLAIM |
|---|---|---|

**FILED** CHAPTER 9

**PROOF OF CLAIM**

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

**FEB 2 1 2014**

US Bankruptcy Court
MI Eastern District

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Clarence Haynes

Name and address where notices should be sent:

The Reizen Law Group
333 West 7th Street, Suite 360
Royal Oak, MI 48067
248-554-3440
scott@reizenlaw.com

RECEIVED

FEB 2 4 2014

KURTZMAN CARSON CONSULTANTS

nt from above):

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
   (*If known*)

Filed on: _____

Telephone number:                    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**   $ 27,376.74

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** No-Fault Lawsuit
   (See instruction #2)

**3.** Last four digits of any number by which creditor identifies debtor: ___   **3a.** Debtor may have scheduled account as: _____
   (See instruction #3a)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____

**Annual Interest Rate** (when case was filed)_____% ☐ Fixed or ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim:   $_____

Amount Unsecured:   $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**   $_____

**5b. Amount of Claim Otherwise Entitled to Priority.** Specify Applicable Section of 11 U.S.C. § _____.   $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #7, and the definition of "redacted".*) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature:** (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Scott R. Reizen
Title: Attorney
Company: The Reizen Law Group
Address and telephone number (if different from notice address above):

(Signature)                    (Date) 2/20/14

1353846140221000000000341

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment

# Clarence Haynes v City of Detroit
## Proof of Claim (Attachment #7)

I.  **CLAIM SUMMARY**

| | |
|---|---|
| Replacement Services | $ 2540.00 |
| Medical | $ 16,297.00 |
| Sub-Total | $ 18,837.00 |
| No Fault Interest | $ 2260.44 |
| Attorney Fees | $ 6279.00 |
| **Total Outstanding Benefits** | **$ 27,376.44** |

II.  **FACTS:**

The City of Detroit has no defense to this claim. The City never bothered to send Clarence Hayes for an independent medical evaluation until these bills/treatment were incurred rendering the City with no defense to this claim.

III.  **SUPPORTING DOCUMENTS:**

Included within this attachment are:

1) Plaintiff's Complaint
2) Supporting Medical Documents Evidencing Amounts Owed Including Disability Certificates

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES,

       Plaintiff,

                                  Case No: 13-    -NI
                                  Hon:

v

CITY OF DETROIT, a municipal
coporation, and KAVITABEN MANISHKUMAR
DESAI, an individual,

       Defendants.

---

SCOTT R. REIZEN (P63724)
THE REIZEN LAW GROUP
Attorney for Plaintiff
333 W. 7th St, Suite 360
Royal Oak, MI 48067
(248) 554-3440/Fax: (248) 750-0790
scott@reizenlaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court; nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge; nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.

                   _____/s/ Scott R. Reizen_____
                     SCOTT R. REIZEN P63724

## **COMPLAINT**

    NOW COMES the Plaintiff, Clarence Haynes, by and through his attorney, Scott R.

Reizen of The Reizen Law Group, and for his Complaint against Defendants, City of Detroit and

Kavitaben Manishkumar Desai, states as follows:

## **GENERAL ALLEGATIONS**

1.    The Plaintiff is a resident of the City of Detroit, County of Wayne, and State of

Michigan.

2.      The Defendant, City of Detroit, is a municipal corporation located in the County of Wayne and State of Michigan.

3.      The Defendant, Kavitaben Manishkumar Desai (hereafter known as "Desai"), is a resident of the City of Newport, County of Monroe, State of Michigan.

4.      The amount in controversy is in excess of Twenty-Five Thousand ($25,000.00) dollars, exclusive of costs, interest and attorney fees.

5.      That on November 6, 2012, Plaintiff was a passenger owned and operated by the City of Detroit. The bus was traveling in the City of Detroit, County of Wayne, and State of Michigan, headed westbound on W. Grand Blvd., near its intersection with Lawton St., when Defendant, Desai, made an improper right turn in front of the bus causing the bus to collide with Defendant Desai's vehicle.

6.      On that date and at that time, Defendant Desai, failed to observe his surroundings in a careful and prudent manner, causing his vehicle to collide with another.

7.      Defendant, Desai's, contributory negligence regarding the referenced collision has inflicted upon Plaintiff severe and permanent injuries, serious impairment of body functions and serious injury and damages as alleged in this Complaint.

<u>COUNT I</u>
<u>OPERATOR NEGLIGENCE - DEFENDANT DESAI</u>

8.      Plaintiffs incorporate by reference Paragraphs 1-7, as though fully set forth herein.

9.      Defendant, Desai, was under a duty to obey the Statutes of the State of Michigan applicable to the operation of motor vehicles.

10.     Despite that duty, Defendant, Desai, breached it in the following manner:

      a.      in driving a motor vehicle upon the highway in a careless, negligent, reckless and wanton manner in total disregard of

the rights and safety of others lawfully upon the highway, in violation of MCL 257.626 and MCL 257.626(b);

b. in failing to maintain a proper lookout and in otherwise negligently operating a motor vehicle upon the highway so as to cause a collision, injury and harm to the Plaintiff in violation of MCL 257.643;

c. in driving a motor vehicle upon the highway at a rate of speed greater than would permit it to be stopped within the assured clear distance ahead in violation of MCL 257.627;

d. in failing to make proper observations of the conditions of the highway and any others conditions then and there existing;

e. in failing to apply her brakes to try to avoid the collision; in driving a motor vehicle in a reckless and erratic manner, in total disregard of the rights and safety of others, which conduct and state of mind under the facts and circumstances amounted to gross negligence, in violation of MCL 257.626;

f. in delaying attempted activation of audible and visual emergency equipment until actually entering a controlled intersection and without slowing down as necessary for safe operation in violation of MCL 257.603;

g. in performing other acts of negligence not yet known to plaintiff but which will be ascertained during the course of discovery in this litigation;

11. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries which have caused pain, suffering, disability and mental anguish and will in the future cause pain, suffering, disability, and mental anguish, permanently, and such other and further injuries and damages as may be disclosed through continuing course of treatment provided to her by her various medical providers.

12. As a further direct and proximate result of the automobile collision, Plaintiff sustained the following damages:

a. economic damages past and future;

b. pain and suffering, past and future, including, but not limited to:
1) physical pain and suffering;
2) mental anguish;
3) fright and shock;
4) denial of social pleasure, enjoyment; and
5) embarrassment, humiliation and mortification.

c. loss of some or all enjoyment of life; and

d.   such other damages as may be allowed by the common law of the State of Michigan and/or the Michigan No-Fault Act.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in his favor and against Defendant, Kavitaben Manishkumar Desai, in an amount determined to be fair, just and adequate compensation for the injuries and damages sustained by the him, plus interest, costs and attorney fees in pursuing this action.

## COUNT II
## NO-FAULT CLAIM – CITY OF DETROIT

13.   Plaintiff incorporates by reference Paragraphs 1-12 as though fully set forth herein.

14.   That relevant proofs of Personal Protection Insurance Benefits due and owing to the Plaintiff, including, but not limited to medical expenses and attendant care services were submitted to the Defendant City of Detroit on or around April 22, 2013, along with a demand that Plaintiff be reimbursed for said amounts. However, despite that demand, the Defendant has refused and to this date has neglected to pay Plaintiff the benefits, thereby causing a breach of the contract of insurance.

15.   That the Defendant's denial or refusal to pay Personal Protection Insurance benefits due to the Plaintiff has been arbitrary and without justification.

16.   That as a direct and proximate result of the Defendant's arbitrary refusal and outrageous conduct in failing to pay said No-Fault benefits to the Plaintiff, the Plaintiff has been compelled to hire an attorney to pursue his civil remedies and accordingly, the Plaintiff hereby demands the additional benefits for said overdue payments pursuant to the Michigan No-Fault Law.

17.   The motor vehicle operated in the accident at issue was owned by the City of Detroit.

WHEREFORE, Plaintiff requests this Honorable Court to enter a judgment in his favor

and against Defendant, the City of Detroit, in an amount determined to be fair, just and adequate compensation for the injuries and damages sustained by his, plus interest, costs and attorneys' fees incurred in pursuing this action.

Respectfully submitted,

THE REIZEN LAW GROUP

/s/ Scott R. Reizen
SCOTT R. REIZEN (P63724)
Attorney for Plaintiff
333 W. 7th St, Suite 360
Royal Oak, MI 48067
(248) 554-3440/(248) 750-0790 – Fax
sreizen@thereizenlawgroup.com

Dated: June 4, 2013

**Patient:** CLARENCE HAYNES
6450 HEYDEN
DETROIT, MI 48228

**Chart #:** HAYCL000
**Case #:** 1580

**Instructions:**
Complete the patient information portion of your insurance claim form. Attach this bill, signed and dated, and all other bills pertaining to the claim. If you have a deductible policy, hold your claim forms until you have met your deductible. Mail directly to your insurance carrier.

| Date | Description | Procedure | Modify | Dx 1 | Dx 2 | Dx 3 | Dx 4 | Units | Charge |
|------|-------------|-----------|--------|------|------|------|------|-------|--------|
| 11/12/2012 | EVALUATION | 97001 | | 845.10 | 845.00 | 846.0 | | 1 | 200.00 |
| 11/12/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/12/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 11/12/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/12/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/12/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/13/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/13/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 11/13/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/13/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/13/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/15/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 11/15/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/15/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 11/15/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/15/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/15/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/21/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 11/21/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/21/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 11/21/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/21/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/21/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/26/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 2 | 130.00 |
| 11/26/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/26/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 11/26/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |

**Provider Information**

Provider Name: T.H. RIZVI (RPT)
License:
Commercial PIN:
SSN or EIN: 38-3528664

| | |
|---|---|
| Total Charges: | $ 1865.00 |
| Total Payments: | $ 0.00 |
| Total Adjustments: | $ 0.00 |
| **Total Due This Visit:** | **$ 1865.00** |
| Total Account Balance: | $ 13,755.00 |

**Assign and Release:** I hereby authorize payment of medical benefits to this physician for the services described above. I also authorize the release of any information necessary to process this claim.

Patient Signature: _____     Date: _____

# PROGRESSIVE & REHAB CENTER
P.O.BOX 721006
BERKLEY, MI 48072
(313)852-3200

7/29/2013

| Patient: | CLARENCE HAYNES |
| | 6450 HEYDEN |
| | DETROIT, MI 48228 |
| Chart #: | HAYCL000 |
| Case #: | 1580 |

**Instructions:**
Complete the patient information portion of your insurance claim form. Attach this bill, signed and dated, and all other bills pertaining to the claim. If you have a deductible policy, hold your claim forms until you have met your deductible. Mail directly to your insurance carrier.

| Date | Description | Procedure | Modify | Dx 1 | Dx 2 | Dx 3 | Dx 4 | Units | Charge |
|------|-------------|-----------|--------|------|------|------|------|-------|--------|
| 11/26/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/26/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/27/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 2 | 130.00 |
| 11/27/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/27/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 11/27/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/27/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/27/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/29/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 11/29/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/29/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 11/29/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/29/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 11/29/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/3/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/3/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/3/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/3/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/3/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/3/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/5/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/5/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/5/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/5/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/5/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/5/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/6/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |

**Provider Information**

| Provider Name: | T.H. RIZVI (RPT) |
| License: | |
| Commercial PIN: | |
| SSN or EIN: | 38-3528664 |

| | |
|---|---|
| Total Charges: | $ 1730.00 |
| Total Payments: | $ 0.00 |
| Total Adjustments: | $ 0.00 |
| **Total Due This Visit:** | **$ 1730.00** |
| Total Account Balance: | $ 13,755.00 |

Assign and Release: I hereby authorize payment of medical benefits to this physician for the services described above. I also authorize the release of any information necessary to process this claim.

Patient Signature: _____ Date: _____

# PROGRESSIVE & REHAB CENTER
## P.O.BOX 721006
## BERKLEY, MI 48072
## (313)852-3200

7/29/2013

| Patient: | CLARENCE HAYNES |
| | 6450 HEYDEN |
| | DETROIT, MI 48228 |
| Chart #: | HAYCL000 |
| Case #: | 1580 |

**Instructions:**

Complete the patient information portion of your insurance claim form. Attach this bill, signed and dated, and all other bills pertaining to the claim. If you have a deductible policy, hold your claim forms until you have met your deductible. Mail directly to your insurance carrier.

| Date | Description | Procedure | Modify | Dx 1 | Dx 2 | Dx 3 | Dx 4 | Units | Charge |
|------|-------------|-----------|--------|------|------|------|------|-------|--------|
| 12/6/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/6/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/6/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/6/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/6/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/10/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/10/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/10/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/10/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/10/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/10/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/11/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/11/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/11/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/11/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/11/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/11/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/14/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/14/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/14/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/14/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/14/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/14/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/18/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/18/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/18/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/18/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |

**Provider Information**

| Provider Name: | T.H. RIZVI (RPT) |
| License: | |
| Commercial PIN: | |
| SSN or EIN: | 38-3528664 |

| | |
|---|---|
| Total Charges: | $ 1665.00 |
| Total Payments: | $ 0.00 |
| Total Adjustments: | $ 0.00 |
| **Total Due This Visit:** | **$ 1665.00** |
| Total Account Balance: | $ 13,755.00 |

Assign and Release: I hereby authorize payment of medical benefits to this physician for the services described above. I also authorize the release of any information necessary to process this claim.

Patient Signature: _____  Date: _____

# PROGRESSIVE & REHAB CENTER
### P.O.BOX 721006
### BERKLEY, MI 48072
### (313)852-3200

7/29/2013

**Patient:** CLARENCE HAYNES
6450 HEYDEN
DETROIT, MI 48228

**Chart #:** HAYCL000
**Case #:** 1580

**Instructions:**
Complete the patient information portion of your insurance claim form. Attach this bill, signed and dated, and all other bills pertaining to the claim. If you have a deductible policy, hold your claim forms until you have met your deductible. Mail directly to your insurance carrier.

| Date | Description | Procedure | Modify | Dx 1 | Dx 2 | Dx 3 | Dx 4 | Units | Charge |
|---|---|---|---|---|---|---|---|---|---|
| 12/18/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/18/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/19/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/19/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/19/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/19/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/19/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/19/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/21/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/21/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/21/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/21/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/21/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/21/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/24/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/24/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/24/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/24/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/24/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/24/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/27/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/27/2012 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/27/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/27/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/27/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/27/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/28/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |

**Provider Information**
Provider Name: T.H. RIZVI (RPT)
License:
Commercial PIN:
SSN or EIN: 38-3528664

| | |
|---|---|
| Total Charges: | $ 1665.00 |
| Total Payments: | $ 0.00 |
| Total Adjustments: | $ 0.00 |
| **Total Due This Visit:** | **$ 1665.00** |
| Total Account Balance: | $ 13,755.00 |

**Assign and Release:** I hereby authorize payment of medical benefits to this physician for the services described above. I also authorize the release of any information necessary to process this claim.

Patient Signature: _____

Date: _____

# PROGRESSIVE & REHAB CENTER
### P.O.BOX 721006
### BERKLEY, MI 48072
### (313)852-3200

7/29/2013

| Patient: | CLARENCE HAYNES |
|---|---|
| | 6450 HEYDEN |
| | DETROIT, MI 48228 |
| Chart #: | HAYCL000 |
| Case #: | 1580 |

**Instructions:**

Complete the patient information portion of your insurance claim form. Attach this bill, signed and dated, and all other bills pertaining to the claim. If you have a deductible policy, hold your claim forms until you have met your deductible. Mail directly to your insurance carrier.

| Date | Description | Procedure | Modify | Dx 1 | Dx 2 | Dx 3 | Dx 4 | Units | Charge |
|---|---|---|---|---|---|---|---|---|---|
| 12/28/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/28/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/28/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/28/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/31/2012 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/31/2012 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 12/31/2012 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/31/2012 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 12/31/2012 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/2/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/2/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/2/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/2/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/2/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/3/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/3/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/3/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/3/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/3/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/7/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/7/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/7/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/7/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/7/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/10/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/10/2013 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/10/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |

**Provider Information**

| Provider Name: | T.H. RIZVI (RPT) |
|---|---|
| License: | |
| Commercial PIN: | |
| SSN or EIN: | 38-3528664 |

| | |
|---|---|
| Total Charges: | $ 1675.00 |
| Total Payments: | $ 0.00 |
| Total Adjustments: | $ 0.00 |
| **Total Due This Visit:** | **$ 1675.00** |
| Total Account Balance: | $ 13,755.00 |

Assign and Release: I hereby authorize payment of medical benefits to this physician for the services described above. I also authorize the release of any information necessary to process this claim.

Patient Signature: _____

Date: _____

# PROGRESSIVE & REHAB CENTER
P.O.BOX 721006
BERKLEY, MI 48072
(313)852-3200

| Patient: | CLARENCE HAYNES |
| | 6450 HEYDEN |
| | DETROIT, MI 48228 |

Chart #: HAYCL000
Case #: 1580

**Instructions:**

Complete the patient information portion of your insurance claim form. Attach this bill, signed and dated, and all other bills pertaining to the claim. If you have a deductible policy, hold your claim forms until you have met your deductible. Mail directly to your insurance carrier.

| Date | Description | Procedure | Modify | Dx 1 | Dx 2 | Dx 3 | Dx 4 | Units | Charge |
|------|-------------|-----------|--------|------|------|------|------|-------|--------|
| 1/10/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/10/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/10/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/11/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/11/2013 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/11/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/11/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/11/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/11/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/14/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/14/2013 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/14/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/14/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/14/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/15/2013 | RE-EVAL | 97002 | | 845.10 | 845.00 | 846.0 | | 1 | 100.00 |
| 1/15/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/15/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/15/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/15/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/16/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/16/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/16/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/16/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/16/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/21/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/21/2013 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/21/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |

**Provider Information**

Provider Name: T.H. RIZVI (RPT)
License:
Commercial PIN:
SSN or EIN: 38-3528664

| | |
|---|---|
| Total Charges: | $ 1705.00 |
| Total Payments: | $ 0.00 |
| Total Adjustments: | $ 0.00 |
| **Total Due This Visit:** | **$ 1705.00** |
| Total Account Balance: | $ 13,755.00 |

Assign and Release: I hereby authorize payment of medical benefits to this physician for the services described above. I also authorize the release of any information necessary to process this claim.

Patient Signature: _____ Date: _____

# PROGRESSIVE & REHAB CENTER
P.O.BOX  721006
BERKLEY, MI 48072
(313)852-3200

**Patient:**  CLARENCE HAYNES
6450 HEYDEN
DETROIT, MI 48228

**Chart #:**  HAYCL000
**Case #:**  1580

**Instructions:**
Complete the patient information portion of your insurance claim form. Attach this bill, signed and dated, and all other bills pertaining to the claim. If you have a deductible policy, hold your claim forms until you have met your deductible. Mail directly to your insurance carrier.

| Date | Description | Procedure | Modify | Dx 1 | Dx 2 | Dx 3 | Dx 4 | Units | Charge |
|------|-------------|-----------|--------|------|------|------|------|-------|--------|
| 1/21/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/21/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/21/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/23/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/23/2013 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/23/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/23/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/23/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/23/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/24/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/24/2013 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/24/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/24/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/24/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/24/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/28/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/28/2013 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/28/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/28/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/28/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/28/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/30/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/30/2013 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/30/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/30/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/30/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/30/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |

**Provider Information**
Provider Name:  T.H. RIZVI (RPT)
License:
Commercial PIN:
SSN or EIN:  38-3528664

| | |
|---|---|
| Total Charges: | $ 1660.00 |
| Total Payments: | $ 0.00 |
| Total Adjustments: | $ 0.00 |
| **Total Due This Visit:** | **$ 1660.00** |
| Total Account Balance: | $ 13,755.00 |

Assign and Release:  I hereby authorize payment of medical benefits to this physician for the services described above. I also authorize the release of any information necessary to process this claim.

Patient Signature: _____  Date: _____

# PROGRESSIVE & REHAB CENTER
### P.O.BOX 721006
### BERKLEY, MI 48072
### (313)852-3200

7/29/2013

| | |
|---|---|
| **Patient:** | CLARENCE HAYNES |
| | 6450 HEYDEN |
| | DETROIT, MI 48228 |
| **Chart #:** | HAYCL000 |
| **Case #:** | 1580 |

**Instructions:**

Complete the patient information portion of your insurance claim form. Attach this bill, signed and dated, and all other bills pertaining to the claim. If you have a deductible policy, hold your claim forms until you have met your deductible. Mail directly to your insurance carrier.

| Date | Description | Procedure | Modify | Dx 1 | Dx 2 | Dx 3 | Dx 4 | Units | Charge |
|---|---|---|---|---|---|---|---|---|---|
| 1/31/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/31/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 1/31/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/31/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 1/31/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/5/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 2/5/2013 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/5/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 2/5/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/5/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/5/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/6/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 2/6/2013 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/6/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 2/6/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/6/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/6/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/7/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 2/7/2013 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/7/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 2/7/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/7/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/7/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 2/11/2013 | TH . EXERCISE | 97110 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/11/2013 | MANUAL THERAPY | 97140 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/11/2013 | MASSAGE | 97124 | | 845.10 | 845.00 | 846.0 | | 1 | 65.00 |
| 2/11/2013 | ULTRASOUND | 97035 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |

**Provider Information**

| | |
|---|---|
| Provider Name: | T.H. RIZVI (RPT) |
| License: | |
| Commercial PIN: | |
| SSN or EIN: | 38-3528664 |

| | |
|---|---|
| Total Charges: | $ 1670.00 |
| Total Payments: | $ 0.00 |
| Total Adjustments: | $ 0.00 |
| **Total Due This Visit:** | **$ 1670.00** |
| Total Account Balance: | $ 13,755.00 |

Assign and Release: I hereby authorize payment of medical benefits to this physician for the services described above. I also authorize the release of any information necessary to process this claim.

Patient Signature: _____

Date: _____

# PROGRESSIVE & REHAB CENTER
### P.O.BOX 721006
### BERKLEY, MI 48072
### (313)852-3200

7/29/2013

| Patient: | CLARENCE HAYNES |
| | 6450 HEYDEN |
| | DETROIT, MI 48228 |

**Chart #:** HAYCL000
**Case #:** 1580

**Instructions:**

Complete the patient information portion of your insurance claim form. Attach this bill, signed and dated, and all other bills pertaining to the claim. If you have a deductible policy, hold your claim forms until you have met your deductible. Mail directly to your insurance carrier.

| Date | Description | Procedure | Modify | Dx 1 | Dx 2 | Dx 3 | Dx 4 | Units | Charge |
|------|-------------|-----------|--------|------|------|------|------|-------|--------|
| 2/11/2013 | HOT/COLD PACK | 97010 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |
| 2/11/2013 | ELECTRICAL STIMULATION | 97032 | | 845.10 | 845.00 | 846.0 | | 1 | 60.00 |

**Provider Information**

| Provider Name: | T.H. RIZVI (RPT) |
| License: | |
| Commercial PIN: | |
| SSN or EIN: | 38-3528664 |

| | |
|---|---|
| Total Charges: | $ 120.00 |
| Total Payments: | $ 0.00 |
| Total Adjustments: | $ 0.00 |
| **Total Due This Visit:** | **$ 120.00** |
| Total Account Balance: | $ 13,755.00 |

Assign and Release: I hereby authorize payment of medical benefits to this physician for the services described above. I also authorize the release of any information necessary to process this claim.

Patient Signature: _____     Date: _____

# TRANSPORT US, LLC
## 31201 CHICAGO ROAD
## WARREN, MI 48093
## (586)795-3900

7/29/2013

| Patient: | CLARENCE HAYNES<br>6450 HAYDEN ST<br>DETROIT, MI 48228 | **Instructions:**<br>Complete the patient information portion of your insurance claim form. Attach this bill, signed and dated, and all other bills pertaining to the claim. If you have a deductible policy, hold your claim forms until you have met your deductible. Mail directly to your insurance carrier. |
|---|---|---|
| Chart #: | HAYCL001 | |
| Case #: | 3224 | |

| Date | Description | Procedure | Modify | Dx 1 | Dx 2 | Dx 3 | Dx 4 | Units | Charge |
|---|---|---|---|---|---|---|---|---|---|
| 11/8/2012 | MEDICAL TRANSPORTATION | TRANSPOR | | 1 | | | | 1 | 90.00 |

| Provider Information | | | |
|---|---|---|---|
| Provider Name: | TRANSPORT US, LLC | Total Charges: | $ 90.00 |
| License: | | Total Payments: | $ 0.00 |
| Commercial PIN: | | Total Adjustments: | $ 0.00 |
| SSN or EIN: | 261678733 | **Total Due This Visit:** | **$ 90.00** |
| | | Total Account Balance: | $ 90.00 |

Assign and Release:  I hereby authorize payment of medical benefits to this physician for the services described above. I also authorize the release of any information necessary to process this claim.

Patient Signature: _____    Date: _____

SAFE-T Transportation
P.O. Box 28
Fraser, MI  48026
Tax ID # 45-2410442
*Office: (586) 498-8500*
Fax: (586) 498-5800

Number          3644

Date          12/18/2013

Client:                                         Bill To:
Clarence Haynes                                 Clarence Haynes
Claim #                                         Claim #
7420 Rutherford                                 7420 Rutherford
Detroit, MI                                     Detroit, MI

| Pick Up Fee | Per Mile Fee | Wait Time Per Hou |
|---|---|---|
| $ 25.00 | $ 2.50 | $ 30.00 |

| Date | Pick Up Location | Drop Off Location | PickUp Fee | Miles/WaitTim | Amount |
|---|---|---|---|---|---|
| 12/16/13 | 7420 Rutherford-Home | 5130 Coolidge-Theramedic Rehab | 25.00 | 17 | $67.50 |
| 12/16/13 | 5130 Coolidge-Theramedic Re | 7420 Rutherford-Home | 25.00 | 17 | $67.50 |
| 12/18/13 | 7420 Rutherford-Home | 5130 Coolidge-Theramedic Rehab | 25.00 | 17 | $67.50 |
| 12/18/13 | 5130 Coolidge-Theramedic Re | 7420 Rutherford-Home | 25.00 | 17 | $67.50 |

| Amount Paid | $0.00 | Discount | $0.00 |
|---|---|---|---|
| Amount Due | $270.00 | | |
| | | Sub Total  | $270.00 |
| | | Total | $270.00 |

| 0 - 30 days | 31 - 60 days | 61 - 90 days | > 90 days | Total |
|---|---|---|---|---|
| $270.00 | $540.00 | $0.00 | $0.00 | $810.00 |

# Henry Ford Hospital

**2799 W. Grand Blvd.**
**Detroit, MI 48202**
**(313) 916-1545**

### Take-Home Instructions for the Patient

**Patient's Name: Haynes, Clarence**          Date of Service: 11/07/2012
**Medical Record Number: 24896091**
**Medical Provider: MD EM Staff Dan Morris**
**Primary Medical Provider: MD EM Staff Dan Morris**
**Primary Diagnosis: Sprain/Strain - Ankle Calcaneofibular**
**Additional Diagnoses:**

PLEASE NOTE: The examination and treatment that you have received in the Emergency Department have been rendered on an emergency basis only and are not intended to be a substitute for or an effort to provide complete medical service. A follow-up doctor or facility is named below. It is important that you be checked again as recommended below and report any new or remaining problems at that time, because it is impossible to recognize and treat all elements of injury or illness in a single Emergency Department visit.

Call to arrange an appointment to see the following physician for follow-up care.
Referral:

## ADDITIONAL FOLLOW-UP INSTRUCTIONS

1. **If you have a physician at Henry Ford Hospital,** call that physician's office directly for an appointment. If you don't know your doctor's telephone number, call 1-800-HENRYFORD for assistance.
2. **If you don't have a physician at Henry Ford Hospital, but would like one,** contact your health insurer first to be sure they will cover your visit (telephone number is on your health card). If approved, call at 1-800-HENRYFORD for an appointment. If your health insurer will not authorize an appointment at Henry Ford Hospital ask for a physician within your health plan.
3. **If you have a physician outside of Henry Ford Hospital,** call your physician's office directly for an appointment.
4. **If you have health insurance but no physician,** call your insurance company for a referral to a physician in your health plan (telephone number is on your health card). If you are unable to get an appointment, ask which hospital emergency rooms participate in your health plan so that you will not incur any out of pocket expense should you require further care.
5. **If you are uninsured,** and do not have a primary care physician, you can call to schedule a follow-up appointment at one of our affiliated health care clinic - CHASS Midtown. CHASS Midtown is located at 7436 Woodward, telephone number - 313-556-9907. Hours of operation: (Wed and Fri - 8:30am - 5:00pm) and (Mon, Tues and Thu - 12:00 noon - 8:00pm).
6. **If you have Medicaid or a Medicaid HMO,** please call 313-876-3810 for any follow up appointments you may need with the Henry Ford Health System.

When you call for an appointment, say that you were referred from this Emergency Department. Take all papers and prescriptions (be sure to get your prescriptions filled) given to you in the Emergency Department with you when you go to see the doctor.
If you cannot see the above doctor and your condition worsens so that you require emergency treatment, come back to this department.

## PLEASE TAKE THIS WITH YOU WHEN YOU SEE THE DOCTOR LISTED ABOVE

# Henry Ford Hospital
## 2799 W. Grand Blvd.
## Detroit, MI 48202
## (313) 916-1545

ankle sprain - airsplint

ANKLE SPRAIN:
You have been diagnosed with an ankle sprain.

A sprain is an injury to a ligament, usually a tear or partial tear. Sprains can often be as painful as a broken bone. Sprains can be classified by the degree of injury; a first-degree sprain is considered a minor tear whereas, a second-degree sprain is a partial tear of the ligament, and a third-degree sprain often involves a small fracture, or break, of the bone that the ligament is attached to.

The general care of a sprain includes the use of a medication to reduce pain, the use of a splint to reduce movement and Resting, Icing, Compressing and Elevating the injured area. Remember this as "RICE."

· REST: Limit the use of the injured body part.
· ICE: By applying ice to the affected area, swelling and pain can be reduced. Place some ice cubes in a re-sealable (Ziploc) bag and add some water. Put a thin washcloth between the bag and your skin. Apply the ice bag to the area for at least 20 minutes. Do this at least 4 times per day. Using the ice for longer times and more frequently is OK. NEVER APPLY ICE DIRECTLY TO THE SKIN.
· COMPRESS: Compression means to apply pressure around the injured area such as with a splint, cast or an ace bandage. Compression decreases swelling and improves comfort. Compression should be tight enough to relieve swelling but not so tight as to decrease circulation. Increasing pain, numbness, tingling, or change in skin color, are all signs of decreased circulation.
· ELEVATE: Elevate the injured part. For example, a sprained ankle can be placed up on a chair while sitting and propped up on pillows while lying down.
You have been given an AIR / GEL SPLINT to use. Wear the splint on your ankle for the next 2 weeks. You may remove it to sleep and bathe. For the next 2 months, use the air/gel splint for any strenuous activity in which you might re-injure your ankle--playing sports, running/jogging, hiking, walking on uneven ground, etc.

Begin ankle exercises as soon after your injury as tolerated. The exercises are used to strengthen the ankle and reduce the chances of repeat injury. The exercises should be repeated 5-10 times throughout the day.

· Moving from the ankle joint, use your big toe to draw out the letters of the alphabet on the ground.
· Sit with your leg straight out in front of you. Loop a towel around the ball of your foot and pull back. Pull hard enough to cause mild to moderate stretch, but not pain. Hold the stretch for 30 seconds and then release. Repeat 5 times per day.
· From a standing position, rock onto your tiptoes on the injured foot and then return to the flat position. Repeat in sets of 10.
· Rotate your foot at the ankle joint in a large circle clock-wise and counter-clockwise 10 times in a row.
YOU SHOULD SEEK MEDICAL ATTENTION IMMEDIATELY, EITHER HERE OR AT THE NEAREST EMERGENCY DEPARTMENT, IF ANY OF THE FOLLOWING OCCURS:

· You experience a severe increase in pain in the affected area.
· You develop new numbness and tingling in or below the affected area.
· You develop a cold, pale foot that appears to have a problem with its blood supply.

# Summit Physicians Group

8560 Silvery Lane, Suite 202
Dearborn Heights, MI 48127
Phone: 313.581.3255
Fax: 313.581.3755

# Disability Certificate

Patient Name: _Haynes, Clarence_     Date of Injury: _4/16/12_

Diagnosis: _____
_____ (L) ankle   (L) Hand _____
_____ L/S _____

I have examined and or treated the above named patient for injuries sustained in the aforementioned accident. As a result of the injuries, I have disabled the person from those activities that are marked with an "X" below.

_____ It is my opinion that the patient is disabled from work / other from _____ to _____

__✓__ The patient is able to return to employment at this time, but is restricted from regular work duties
from the date of the injury until _7·10·15_ The restrictions include:

____✓__ Lifting objects that weigh more than _____ pounds

____✓__ Excessive bending

____✓__ Excessive twisting

____✓__ Prolonged Standing

_____ Other: _____

_____ HOUSEWORK; some housework may involve bending, lifting, twisting and prolonged standing as required by vacuuming, making beds, washing floors, sinks, bathtubs

_____ CARING FOR PATIENTS'S PERSONAL NEEDS / ATTENDANT CARE; which may involve bending, lifting and prolonged standing as required by bathing the patient, dressing the patient and lifting objects. _Number of Hours per Day:_ _____ _Number of Days per Week_ _____

_____ CARING FOR THE PATIENTS'S CHILDREN; which may involve bending, lifting, and prolonged standing as required by changing children's clothes, bathing children, cooking for the children, watching the children, feeding the children, cleaning and straightening up after the children.

__✓__ DRIVING; _____

SIGNITURE OF PHYSICIAN: _____     DATE: _6·18·13_



8560 Silvery Lane, Suite 202
Dearborn Heights, MI 48127
Phone: 313.581.3255
Fax: 313.581.3755

# Disability Certificate

Patient Name: Haynes, Clarence.          Date of Injury: 11/16/12

Diagnosis: _____

_____ L/S _____

_____ ① Ankle          ① Heel _____

I have examined and or treated the above named patient for injuries sustained in the aforementioned accident. As a result of the injuries, I have disabled the person from those activities that are marked with an "X" below.

_____ It is my opinion that the patient is disabled from work / other from 5/13/13 to 6/13/13

___✓___ The patient is able to return to employment at this time, but is restricted from regular work duties from the date of the injury until _____. The restrictions include:

    ___✓___ Lifting objects that weigh more than _____ pounds

    _____ Excessive bending

    ___✓___ Excessive twisting

    ___✓___ Prolonged Standing

    _____ Other: _____

_____ HOUSEWORK; some housework may involve bending, lifting, twisting and prolonged standing as required by vacuuming, making beds, washing floors, sinks, bathtubs

_____ CARING FOR PATIENTS'S PERSONAL NEEDS / ATTENDANT CARE; which may involve bending, lifting and prolonged standing as required by bathing the patient, dressing the patient and lifting objects. *Number of Hours per Day:* _____ *Number of Days per Week.* _____

_____ CARING FOR THE PATIENTS'S CHILDREN; which may involve bending, lifting and prolonged standing as required by changing children's clothes, bathing children, cooking for the children, watching the children, feeding the children, cleaning and straightening up after the children.

___✓___ DRIVING; _____

SIGNITURE OF PHYSICIAN: _____  DATE: 5/13/13

PHYSICIANS'S NAME: Emmitt Spradlin _____



15100 19 Mile Road, Suite 200
Clinton Twp, MI 48038
Phone: (586) 263 1133
Fax: (586) 263 1166

5245 Schaefer Road, Suite A
Dearborn, MI 48126
Phone: (313) 581 3255
Fax: (313) 581 3755

# Disability Certificate

Patient Name: _Haynes, Clarence_          Date of Injury: _11-6-12_

Diagnosis: _____ LVS _____          (1) Head

_____ (2) Ambre

_____

I have examined and or treated the above named patient for injuries sustained in the aforementioned accident. As a result of the injuries, I have disabled the person from those activities that are marked with an "X" below.

_____ It is my opinion that the patient is disabled from work / other from _____ to _____

_α_ The patient is able to return to employment at this time, but is restricted from regular work duties from the date of the injury until _4.13.13_. The restrictions include:

    _α_ Lifting objects that weigh more than _25_ pounds

    _X_ Excessive bending

    _α_ Excessive twisting

    _X_ Prolonged Standing

    _____ Other: _____

_____ HOUSEWORK; some housework may involve bending, lifting, twisting and prolonged standing as required by vacuuming, making beds, washing floors, sinks, bathtubs

_____ CARING FOR PATIENTS'S PERSONAL NEEDS / ATTENDANT CARE; which may involve bending, lifting and prolonged standing as required by bathing the patient, dressing the patient and lifting objects.

_____ CARING FOR THE PATIENTS'S CHILDREN; which may involve bending, lifting, and prolonged standing as required by changing children's clothes, bathing children, cooking for the children, watching the children, feeding the children, cleaning and straightening up after the children.

_α_ DRIVING; _____

SIGNITURE OF PHYSICIAN: _____          DATE: _2.13.13_

PHYSICIANS'S NAME: _Emmi H Spann_

## Disability Certificate

*Self employed*
*Land scar*

Patient Name: _Clarence Haynes_   Date Of Injury: _11 , 6 , 12_

Diagnosis: _Left foot + ankle strain_

I have examined and/ or treated the above mentioned patient for injuries sustained in the aforementioned accident. As result of the injuries, I have disabled this patient from those activities marked with a check mark .

_A.K_

___ If is my opinion that the patient is disabled from work/ other from ___/___/___ to ___/___/___

X The patient is able to return to his/her employment at this time with restrictions from regular work duties from the date of the accident until _12/6/12_ The restrictions include:

    X Lifting objects that weigh more than _15_ pounds.

    X Excessive bending

    X Excessive twisting

    X Prolonged standing

    ___ Other: _prolonged walking_

*ever the day*
*2 hrs -*

✓ Housework: As some housework may involve bending, lifting, twisting, and prolonged standing as required by vacuuming, making beds, washing floors, sinks, bathtubs, and toilets, moving furniture, picking up objects on the floor, carrying groceries or garbage.

___ Attending Care: bathing, toileting (Bladder and bowel requirements, bed pan routines, movement to and from the bathroom) transferring from a bed, chair or other structure and moving about indoors and outdoors, moving, turning and positioning the body while in bed or in a wheelchair, eating, and preparing meals, dressing and changing clothes and taking medications or other remedies that are ordinarily self – administered.

___ Caring for patient's children: which may involve bending, lifting, and prolonged standing as required by changing children's clothes, bathing children, cooking for the children, watching the children, feeding the children, cleaning up after the children.

X Driving

Physician Name: _Dr. Khalil_   Date: _1/8/12_

Physician Signature : _Aiel Nirl MD_

# SUMMIT PHYSICIANS GROUP PLLC

# INDIVIDUAL PATIENT DETAIL REPORT

Date From 01/01/2001 To 02/20/2014

*(handwritten: 1677)*

## General Information

| Name HAYNES, CLARENCE | | Acct# | 2580 | Phone 313-828-3359 | Cash Bal | 0.00 |
|---|---|---|---|---|---|---|
| Title | DR01 | Ref JANKOWSK | Marital Unknown | SSN ▇▇▇ | Work | Ins Bal | ~~2,042.00~~ |
| Address 8554 PREST   DETROIT, MI 48228 | | | | | Birthday ▇▇▇ | |
| Alert   HAVE LIEN 2/20/13 | | | | | First Visit | 06/10/2013 |
| Note   CLAIM# 364842446 | | | | | Last Date | 08/13/2013 |

## Policy Information

| Financial Code | AA | Ins Code CITY | | Insured's Name HAYNES, CLARENCE | | Relation Self | |
|---|---|---|---|---|---|---|---|
| ID No# 364842446 | | | Group Number | | Phone 313-828-3359 | Participate | Yes |
| Address  8554 PREST   DETROIT, MI 48228 | | | | | | Assignment | Yes |
| INS Name & Address DO NOT USE , FIRST NATIONAL BUILDING , DETROIT, MI 48226 | | | | | | | |
| Financial Code LG | | Ins Code REI | | Insured's Name HAYNES, CLARENCE | | Relation Self | |
| ID No# | | | Group Number | | Phone 313-828-3359 | Participate | Yes |
| Address  8554 PREST   DETROIT, MI 48228 | | | | | | Assignment | Yes |
| INS Name & Address THE REIZEN LAW GROUP , 333 W. 7TH STREET , ROYAL OAK, MI 48067 | | | | | | | |

Diagnosis Information: 7245  / 71947  / 7295  / E9290  / 72981  / 7291  / 7222  /

## Transactions

| Claim No | Service Date | Proc Code | DX | DR | Service Charge | Expect Ins | Pat Charge | Cash Paid | Ins Paid | Participat Adjust | Adjust | Balance Cash | Balance Ins | RefID |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 389 | 06/10/2013 | 99214 | 7245 | 01 | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 400.00 | 694 |
| 1067 | 07/15/2013 | 20605 | 72981 | 01 | 410.00 | 410.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 410.00 | 2075 |
| 1067 | 07/15/2013 | 77002 | 72981 | 01 | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 400.00 | 2076 |
| 1067 | 07/15/2013 | J0702 | 72981 | 01 | 16.00 | 16.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.00 | 2077 |
| 1067 | 07/15/2013 | J2001 | 72981 | 01 | 16.00 | 16.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.00 | 2078 |
| 1551 | 07/15/2013 | 99214 | 7245 | 01 | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 400.00 | 3074 |
| 1696 | 08/13/2013 | 99214 | 7245 | 01 | 400.00 | 400.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 400.00 | 3407 |

*(handwritten notation across transactions)*

Note: DX - Diagnosis
      DR - Doctor

# EXHIBIT 6C – SETTLEMENT AGREMENT

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

------------------------------------------------------------ x

In re                              :     Chapter 9

                                  :

CITY OF DETROIT, MICHIGAN,     :     Case No. 13-53846

                                  :     Claim No. 2158

                    Debtor.     :     Hon. Steven W. Rhodes

                                  :

------------------------------------------------------------ x

## AGREEMENT RESOLVING CLAIM OF CLARENCE HAYNES

The City of Detroit (the "City") and the claimant identified in paragraph 2 below (the "Claimant"

and, together with the City, the "Parties"), by and through their respective authorized representatives, do

hereby agree as follows:

### RECITALS

A.          On July 18, 2013, the City commenced the above-captioned case (the "Chapter 9 Case") by filing a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). On December 5, 2013, following its determination that the City met all of the applicable requirements and is eligible to be a debtor under chapter 9 of the Bankruptcy Code, the Bankruptcy Court entered the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) with respect to the City.

B.          Pursuant to section 904 of the Bankruptcy Code, the City may continue to exercise its political and governmental powers, manage its property and revenues and use and enjoy its income-producing property without interference from the Bankruptcy Court.

C.          On December 24, 2013, the Bankruptcy Court entered the Order, Pursuant

to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution

Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302)

(the "ADR Order") establishing certain alternative dispute resolution procedures (collectively,

the "ADR Procedures") to promote the resolution of certain claims designated by the City.

D.                        The Claimant is the current record holder of the proof of claim identified under the heading "Filed Claim Number" in the table in paragraph 2 below (the "Filed Claim").

E.                        The City (i) reviewed the Filed Claim and the facts and circumstances of the alleged liabilities asserted therein and (ii) designated the Filed Claim for potential resolution through the ADR Procedures.

F.                        The City believes that the resolution of the Filed Claim as set forth in this Agreement is fair, reasonable and appropriate and will allow the Parties to avoid the cost, delay and burden of litigating potential disputes related to the Filed Claim.  In accordance with the ADR Order, the resolution of the Filed Claim set forth in this Agreement terminates the ADR Procedures with respect to the Filed Claim pursuant to section II.A.7 of the ADR Procedures.

G.                        Pursuant to section 904 of the Bankruptcy Code, the City is authorized to propose and enter into this Agreement without further order of the Bankruptcy Court.

H.                        The undersigned is authorized to enter into this Agreement on behalf of the City pursuant to a confidential memorandum dated March 25, 2014 that was issued to the City of Detroit Corporation Counsel by Kevyn Orr, Emergency Manager for the City of Detroit, entitled Litigation Claim Settlement Authority.

I.                        The Parties have agreed to the terms set forth in this Agreement, as indicated by the signatures of their respective authorized representatives below.

### AGREEMENT

1.                        The Claimant represents and warrants to the City that it has not sold, assigned, factored or otherwise transferred any portion of or interest in the Filed Claim and is the sole holder of the Filed Claim, with full authority to enter into this Agreement. The Claimant further agrees to indemnify and hold the City harmless for any damages, including without limitation actual and reasonable out of pocket costs, resulting from a breach of its representations and warranties set forth in this paragraph.

2.                    The Filed Claim is deemed amended, modified and allowed as a general unsecured, nonpriority claim (any such claim, a "Settled Claim") in the corresponding amount set forth in the table below under the heading "Settled Claim Amount":

| Claimant | Filed Claim Number | Filed Claim Amount | Filed Claim Priority | Settled Claim Amount | Settled Claim Priority |
|----------|-------------------|--------------------|--------------------|---------------------|----------------------|
| Clarence Haynes | 2158 | $27,376.44 | e.g., General unsecured, nonpriority | $27,376.44 | General unsecured, nonpriority |

3.                    The Parties agree that any Filed Claim identified in paragraph 2 above for which there is no corresponding Settled Claim (or such amount is listed as $0.00) is hereby withdrawn and deemed disallowed and expunged, pursuant to section 502 of the Bankruptcy Code.

4.                    The Claimant will not further amend the Filed Claim or the Settled Claim or file any additional proofs of claim with respect to the liabilities asserted in the Filed Claim. Any further amendments to the Filed Claim or the Settled Claim or any additional claims filed by the Claimant or their successors or assigns with respect to the liabilities asserted in the Filed Claim shall be null, void and of no effect.

5.                    The Parties agree that any Settled Claim is a general unsecured, nonpriority claim, subject to the treatment provided for such claims under any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan").

6.                    Any distribution made to the Claimant pursuant to a Plan is referred to herein as a "Plan Distribution." If the Claimant or its successors or assigns receive

payment of any portion of the Settled Claims from any source, including from the City, other than through the Plan (a "Non-Plan Payment"), the portion of the Settled Claim[s] equal to the amount of the Non-Plan Payments shall be deemed fully satisfied, and the Claimant, for itself and any successors or assigns, hereby prospectively waives and disclaims the right to receive Plan Distributions on account of the portion of the Settled Claim[s] satisfied by any Non-Plan Payments.

7.        Nothing in this Agreement will have any impact on any proof(s) of claim that the Claimant has filed or holds other than the Filed Claim. The Parties retain all of their respective claims, defenses, objections, counterclaims and any and all rights in respect of any proofs of claim that the Claimant has filed or holds other than the Filed Claim.

8.        As to the Filed Claims and Settled Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City. The Claimant acknowledges that this Agreement represents the compromise of a disputed claim and is not to be construed as an admission of liability on the part of the City. As used in this Agreement, the Claimant and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any. Where required by the City,

the Claimant has executed the Medicare Reporting and Indemnification Affidavit[s], if any, attached as Exhibit A.

9.               The Claimant stipulates to dismissal with prejudice of the civil action related to the Filed Claims or Settled Claim in the form attached hereto as Exhibit B.

10.             This Agreement may be executed in identical counterparts, and/or by facsimile or e-mail scan, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. This Agreement constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

WHEREFORE, the undersigned have executed this Agreement on behalf of the parties hereto.

City of Detroit

By: Krystal Crittendon

Name: _____
        (Signature)

Name: _____
        (Print Name

Title: _____

Date: _____

Clarence Haynes

_Clar____Hay_____
        (Signature)

Date: _4-25-14_____

Claimant(s) counsel:

Scott Reizen

Name:___Scott Rei. 2__
        (printed)

Date:_____4/22/14_____

# MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT

_Clarence Haynes_, being first duly sworn, deposes and says that I have filed a claim and/or lawsuit against the City of Detroit:

1. I certify under penalty of law that this Affidavit and all attachments were prepared with my knowledge and were reviewed by me. The information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of a fine and/or imprisonment for known violations. I hereby state under oath and subject to any penalties for perjury that the information contained in this Affidavit is true, correct and accurate.

2. I hereby understand that the City of Detroit will be relying upon this information in order to provide all of the required information to the United States Government, Department of Health and Human Services, Center for Medicare and Medicaid Services or their Medicare contractor in accordance with the Medicare, Medicaid and SCHIP Extension Act of 2007 and to be in compliance with the Medicare Secondary Payer Laws.

Circle One

3. I am currently receiving Medicare Benefits................................... yes or (no)

4. I will be Sixty Five years old within three years........................... yes or (no)

4a. I have applied for Social Security Disability Benefits.................. yes or (no)

5. I have received a Social Security Disability Award Letter and attached a copy hereto.................................................................yes or (no)

6. Attached is a copy of my Social Security Disability Application.....yes or (no)

7. Attached is a copy of my Social Security denial letter and my appeal of said denial.................................................................. yes or (no)

Page 1 of 5

8. I have End Stage Renal Disease ............................................... yes or (no)

9. That my full name and all aliases are:

*Clarence Donnie Haynes*

10. That my City of Detroit File/Matter Number is:

11. That my address is:

*7420 Rutherford Det. MI 48228*

12. That my Attorney's Name, Address and Contact Numbers are:

*Scott R. Reizen 333 W 4th St. Suite 300 Royal Oak, MI 48067*

*(248) 554-3440*

13. That my Date of Birth is:

14. That my Social Security Number is:

15. That my Medicare HIC Number, if applicable is:

16. That I am attaching copies of the following information:

   a. Copy of the Judgment ........................................... yes or (no)

   b. Medical Records ................................................. yes or (no)

   c. Specific Description of my injuries

17.   Has anyone ever prepared for you:

a. A Life Care Plan.................................................................. yes or no

b. Medicare Set Aside Cost Projections .....................................yes or no

c. Life expectancy projection .....................................................yes or no

If yes to any questions above in #17, submit a copy to the City of Detroit.

18.   What specific body parts were impacted by the Injury/illness:

_____

_____

19. That my Gender is: ___✓___ Male        _____ Female

20. That the accident which gave rise to this Claim/Lawsuit occurred on:

_Nov. 2012_____ (Date)

21. On _4-25-14_ (Date), a Settlement or Judgement of my

Claim/Lawsuit was agreed to/rendered for the total amount of

_Twenty Seven Thousand_ Dollars ($_27,376.44_ ).
three hundred Seventy six and 44/100

22.   On the date of the accident/event, did any household family

member own an automobile with valid No Fault Insurance

coverage............................................................................. yes or no

Page 3 of 5

I, *Clarence Haynes* HAVE READ THE ABOVE MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT AND STATE THAT THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT AND THAT IN THE EVENT THAT THE CITY OF DETROIT IS HELD LIABLE DUE TO ANY MISINFORMATION OR OMISSION OF INFORMATION BY AFFIANT IN THIS AFFIDAVIT, AFFIANT SHALL INDEMNIFY, HOLD HARMLESS AND REIMBURSE THE CITY OF DETROIT FOR ALL PAYMENTS, DAMAGES, MONIES, COSTS, ATTORNEY'S FEES, EXPENSES, MEDICARE LIENS, MEDICARE DEMANDS FOR REIMBURSEMENT, MEDICARE OFFSETS , MEDICARE FINES, MEDICARE PENALTIES AND ANY MEDICARE PAYMENTS INCURRED BY THE CITY OF DETROIT RESULTING FROM SAID OMISSION OR MISINFORMATION. FURTHER, I SHALL FULLY COOPERATE WITH THE CITY OF DETROIT IN ANY DISPUTE OR MATTERS RELATED TO THIS INCIDENT INVOLVING MEDICARE AND SHALL EXECUTE ALL DOCUMENTS REQUIRED OR REQUESTED BY THE CITY OF DETROIT, MEDICARE OR ITS AGENTS THAT MAY BE REQUIRED OR NECESSARY TO RESOLVE ANY SAID DISPUTE OR MATTER.

Page 4 of 5

FURTHER AFFIANT SAITH NOT.

_Clarence Haynes_
SIGNATURE OF THE CLAIMANT/PLAINTIFF


STATE OF MICHIGAN        )
                               )SS
COUNTY OF _Oakland_      )

This Medicare Reporting and Indemnification Affidavit was acknowledged, subscribed and sworn to before me this _25th_ day of _April_, 2014, by _Clarence Haynes_ _____, who hereby declares under penalty of perjury under the laws of the State of Michigan that he or she is authorized in fact and law to execute this Medicare Reporting and Indemnification Affidavit.

_Catherine Farmer_
Notary Public, _____ County,MI
My Commission Expires: _____

CATHERINE FARMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES May 18, 2020
ACTING IN COUNTY OF _Oakland_

Notary, Please ensure you use your notarial stamp or seal.

**EXHIBIT 6D – 2014 COMPLAINT**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES,

        Plaintiff,

v

CITY OF DETROIT, and KAVITABEN
MANISHKUMAR DESAI,

        Defendants.

Case No.: 14      NI
Honorable

14-009320-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
7/18/2014 3:48:47 PM
CATHY M. GARRETT

SCOTT R. REIZEN (P 63724)
MELISSA A. PODE (P 76551)
The Reizen Law Group
Attorneys for the Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI 48067
248/554-3440 // 248/750-0790 fax
scott@reizenlaw.com

> A civil action between these parties arising out of the same transaction or occurrence as
> alleged in this Complaint has been previously filed in the Wayne County Circuit Court.
> The action against this individual is no longer pending under docket number is 13-
> 007308-NI and was assigned to the Honorable Patricia P. Presard.

## COMPLAINT

NOW COMES PLAINTIFF, Clarence Haynes, by and through his attorneys, The Reizen

Law Group, and for his Complaint against Defendants, City of Detroit and Kavitaben

Manishkumar Desai, states as follows:

### GENERAL ALLEGATIONS

1.    Plaintiff, Clarence Haynes, is a resident of the City of Detroit, County of Wayne,

and State of Michigan.

2.    Defendant, City of Detroit, is a municipal corporation located in the County of

Wayne, State of Michigan.

3.    Defendant, Kavitaben Manishkumar Desai (Desai), is believed to be a resident of the City of Newport, County of Monroe, and State of Michigan.

4.    The amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000) Dollars, exclusive of costs, interest and attorney fees.

<div align="center">

**COUNT I**
**OPERATOR NEGLIGENCE – DEFENDANT, KAVITABEN MANISHKUMAR DESAI**

</div>

5.    Plaintiffs incorporate by reference paragraphs one through four of this Complaint as if specifically set forth herein, paragraph by paragraph, word for word.

6.    On or about November 6, 2012, Plaintiff, Clarence Haynes, was a passenger on a bus on westbound Grand Boulevard at or near its intersection with Lawton Street, County of Wayne, when it was struck by the vehicle driven by Defendant Desai.

7.    On that date and time, Defendant Desai was the owner operator of a Toyota Camry bearing Michigan license plate number CFZ1630, travelling westbound on Grand Boulevard at or near its intersection with Lawton Street when he failed to observe his surroundings in a careful and prudent manner, thereby striking Plaintiff's vehicle, causing the vehicles to collide with one another.

8.    Defendants Desai's negligence regarding the collision has inflicted severe and permanent injuries upon Plaintiff, resulting in serious impairments of body functions and serious injuries and damages as alleged in this Complaint.

9.    Defendant Desai had to obey the statutes and laws of the State of Michigan applicable to the operation of motor vehicles.

10.    The sole, direct and proximate cause of the aforesaid accident was because Defendant Desai was operating his vehicle in a negligent, careless and reckless manner, contrary to the Motor Vehicle Act of the State of Michigan in one or more of the following ways:

2

a) driving said motor vehicle upon the highway in a careless, negligent, reckless and wanton manner in total disregard of the rights and safety of others lawfully upon the highway, and Plaintiff in particular, in violation of MCL 257.626 and MCL 257.626(b);

b) failing to maintain a proper lookout and otherwise negligently operating a motor vehicle upon the highway so as to cause a collision, injury and harm to others and Plaintiff in particular, in violation of MCL 257.643;

c) failing to make proper observations of the conditions of the highway and any other conditions then and there existing;

d) failing to make proper observation of the traffic and conditions then and there existing in total disregard of the rights and safety of others and Plaintiff in particular in violation of MCL 257.647;

e) driving said motor vehicle in a reckless and erratic manner in disregard of the rights and safety of others and Plaintiff in particular, which conduct and state of mind under the facts and circumstances amount to gross negligence in violation of MCL 257.626; and

f) performing other acts of negligence not yet known to Plaintiff, but which will be ascertained during the course of discovery.

11. As a direct and proximate result of the acts and omissions of Desai's, constituting negligence, gross negligence and unlawful conduct, Plaintiff Clarence Haynes sustained injuries which have caused pain, suffering, disability and mental anguish and will in the future cause pain, suffering, disability and mental anguish, permanently, and such other and further injuries, including but not limited to:

a) severely sprained ankle and lower back pain;

b) economic damages past and future;

c) pain and suffering, past and future, including, but not limited to:
1. physical pain and suffering;
2. mental anguish;

3

3.  fright and shock;
4.  denial of social pleasure, enjoyment; and
5.  embarrassment, humiliation and mortification;

d)  loss of some or all enjoyment of life; and

e)  such other damages as may be allowed by the common law of the State of Michigan and/or the Michigan No-Fault Act.

12.  None of the alleged negligent acts or omissions by Defendant Desai were intentional within the meaning of MCLA 500.3135(3)(a).

13.  If it is discovered that Plaintiff was suffering from any medical conditions prior to this collision, then and in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing collision.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant, Kavitaben Manishkumar Desai, in an amount determined to be fair, just and adequate compensation for the injuries and damages sustained by him, plus interest, costs and attorney fees in pursuing this action.

## COUNT II - NO-FAULT CLAIM
## CITY OF DETROIT

14.  Plaintiff incorporates by reference paragraphs one through four of the General Allegations and paragraphs five through 15 of Count I of this Complaint as if specifically set forth herein, paragraph by paragraph, word for word.

15.  On or about November 6, 2012, Plaintiff was involved in an automobile accident and sustained accidental bodily injuries for which he had to spend money for medical care and treatment, medication, incurred expenses from others in lieu of those services he would have performed for the benefit of himself had he not been injured and transportation expenses.

4

16.    As a provision of the policy of insurance issued by City of Detroit, Plaintiff became entitled to receive various benefits pursuant to the Michigan No-Fault Law.

17.    Plaintiff gave the Defendant City of Detroit due notice, in writing, of said accident and requested payments under the Michigan No-Fault Law for medical expenses, lost wages and expenses incurred in obtaining ordinary and necessary services for Twenty ($20) Dollars per day.

18.    Plaintiff complied with and performed all of the terms and provisions of said policy of insurance upon his part to be so kept and performed.

19.    Defendant City of Detroit has wholly neglected and unreasonably refused to pay for medical expenses, wage loss, household replacement services and other benefits provided under the Michigan No-Fault Law.

WHEREFORE, Plaintiff requests this Honorable Court to enter a judgment in his favor and against Defendant, City of Detroit, in an amount determined to be fair, just and adequate compensation for the injuries and damages sustained by him, plus interest, costs and attorney fees incurred in pursuing this action.

THE REIZEN LAW GROUP

/s/ Scott R. Reizen
SCOTT R. REIZEN  (P 63724)
Attorney for Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI  48067
248/554-3440//248/750-0790 fax
scott@reizenlaw.com

DATED:      July 18, 2014

5

# **EXHIBIT 6E – STAY NOTICE**

.kp

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES

     Plaintiff,

                                     Case No.14-009320 NI

v                                    Hon. Patricia P. Fresard

CITY OF DETROIT,
     Defendant

                                       /

SCOTT R. REIZEN  (P-63724)
Attorney For Plaintiff
333 W. 7th St., Ste. 360
Royal Oak, MI 48067
(248) 350-3700
sreizen@thereizenlawgroup.com

CALVERT BAILEY (P-42409)
Attorney for Defendant City
2 Woodward Ave., Ste. 500
Detroit, Michigan 48226
(313) 237-3004
bailc@detroitmi.gov

                                     /

<div align="right">

14-009320-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/3/2014 3:38:39 PM
CATHY M. GARRETT

</div>

## NOTICE OF SUGGESTION OF PENDENCY OF
## BANKRUPTCY CASE AND APPLICATION OF THE AUTOMATIC STAY

     PLEASE TAKE NOTICE THAT, on July 18, 2013 (the "Petition Date"),  the

City of Detroit, Michigan (the "City") filed a petition for relief under chapter 9 of title 11 of the

United States Code (the "Bankruptcy Code").  The City's bankruptcy case is captioned *In re City*

*of Detroit, Michigan*, Case No. 13-53846, (Bankr. E.D. Mich.) (the "Chapter 9 Case"), and is

pending in the United States Bankruptcy Court for the Eastern District of Michigan

(the "Bankruptcy Court").  A copy of the voluntary petition filed with the Bankruptcy Court

commencing the Chapter 9 Case is attached hereto as Exhibit A.

K:\DOCS\LIT\BAILC\a24000\misc\CB2600.WPD

**PLEASE TAKE FURTHER NOTICE THAT**, in accordance with the automatic stay imposed by operation of sections 362 and 922 of the Bankruptcy Code (the "Stay"), from and after the Petition Date, no act to (i) exercise control over property of the City or (ii) collect, assess or recover a claim against the City that arose before the commencement of the Chapter 9 Case may be commenced or continued against the City without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

**PLEASE TAKE FURTHER NOTICE THAT**, in accordance with the Stay, from and after the Petition Date, no cause of action arising prior to, or relating to the period prior to, the Petition Date may be commenced or continued against (i) the City, in any judicial, administrative or other action or proceeding, or (ii) an officer or inhabitant of the City, in any judicial, administrative or other action or proceeding that seeks to enforce a claim against the City, and no related judgment or order may be entered or enforced against the City outside of the Bankruptcy Court without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

**PLEASE TAKE FURTHER NOTICE THAT** actions taken in violation of the Stay, and judgments or orders entered or enforced against the City, or its officers or inhabitants to enforce a claim against the City, while the Stay is in effect, are void and without effect.

**PLEASE TAKE FURTHER NOTICE THAT** neither the Bankruptcy Court nor the United States District Court for the Eastern District of Michigan has issued an order lifting or modifying the Stay for the specific purpose of allowing any party to the above-captioned proceeding to commence or continue any cause of action against the City or its officers or inhabitants. As such, the above-captioned proceeding may not be prosecuted, and no valid

K:\DOCS\LIT\BAILC\a24000\misc\CB2600.WPD

judgment or order may be entered or enforced against the City or its officers or inhabitants.

PLEASE TAKE FURTHER NOTICE THAT, in light of the foregoing, the City will not defend against, or take any other action with respect to, the above-captioned proceeding while the Stay remains in effect.

K:\DOCS\LIT\BAILC\a24000\misc\CB2600.WPD

**PLEASE TAKE FURTHER NOTICE THAT** the City hereby expressly reserves all rights with respect to the above-captioned proceeding, including, but not limited to, the right to move to vacate any judgment entered in the above-captioned proceeding as void.

Respectfully submitted,

/s/ Calvert Bailey
**CALVERT BAILEY (P-42409)**
Attorney for Defendant City of Detroit
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-3004

Dated: October 3, 2014

---

**An e-File Certificate of Service**

On October 2, 2014 I certify that a copy of Notice of Suggestion was e-filed to the attorney of record via the Odyssey Electronic Court e-Filing System, which notifies the attorney of same via e-mail a notification of the court accepted e-filed document.

The statement above is true to the best of my knowledge, information and belief.

/s/ Joanne Robinson

---

K:\DOCS\LIT\BAILC\a24000\misc\CB2600.WPD

**EXHIBIT 6F – MOTION TO LIFT BANKRUPTCY STAY**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES,

        Plaintiff,

v

CITY OF DETROIT and KAVITABEN
MANISHKUMAR DESAI,

        Defendants.

Case No.: 14 009320 NI
Honorable Patricia Fresard

14-009320-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/22/2015 2:49:22 PM
CATHY M. GARRETT

SCOTT R. REIZEN  (P 63724)
MELISSA A. PODE (P 76551)
The Reizen Law Group
Attorney for the Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI  48067
248/554-3440 // 248/750-0790 fax
scott@reizenlaw.com / melissa@reizenlaw.com

THOMAS R. CHARBONEAU, JR.  (P 31837)
Sills, Charboneau & Barnett, P.C.
Attorney for Defendant Desai
2041 E. Square Lake Road, Suite 100
Troy, MI  48085
248/644-3600 // 248/901-4842 fax
tcharblaw@gmail.com

CALVERT BAILEY  (P 42409)
City of Detroit Law Department
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI  48226
313/237-3004 // 313/224-5505 fax
bailc@detroitmi.gov

---

**PLAINTIFF'S MOTION TO LIFT BANKRUPTCY STAY**

    NOW COMES PLAINTFF, Clarence Haynes, by and through his attorneys, The Reizen

Law Group, and for his motion to lift the City of Detroit bankruptcy stay states as follows:

    1.    This matter arises out of an accident that occurred on November 6, 2012,

involving a City of Detroit bus on which Plaintiff was a passenger (**Exhibit A**).

2. Plaintiff sustained injury in said accident and filed his original Complaint against the City of Detroit and the driver of the other vehicle on June 4, 2013 (**Exhibit B**).

3. Defendant, City of Detroit, filed its Answer and other responsive pleadings on July 8, 2013 (**Exhibit C**); on July 18, 2013, Defendant filed a Bankruptcy Petition (**Exhibit D**).

4. Plaintiff received a Proof of Bankruptcy Claim dated February 21, 2014 (**Exhibit E**), and signed an Agreement to Resolve Bankruptcy Claim on April 25, 2014 (**Exhibit F**), and the case was dismissed.

5. Plaintiff refiled his Complaint against Defendants on July 18, 2014 (**Exhibit G**); Defendant, City of Detroit, was served on September 4, 2014 (**Exhibit H**).

7. The City of Detroit emerged from bankruptcy on or about December 10, 2014.

8. On or about December 23, 2014, Plaintiff received Notice of Entry of Order Confirming Amended Bankruptcy Plan (**Exhibit I**).

9. Plaintiff believes that the bankruptcy stay should now be lifted so this matter can proceed to conclusion.

WHEREFORE, Plaintiff requests that this Honorable Court lift the bankruptcy stay and allow this matter to proceed to conclusion.

THE REIZEN LAW GROUP

/s/ Scott R. Reizen

SCOTT R. REIZEN (P 63724)
Attorney for Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI 48067
248/554-3440//248/750-0790 fax
scott@reizenlaw.com

DATED: April 22, 2015

2

## BRIEF IN SUPPORT OF MOTION

Plaintiff relies on all applicable Court Rules and case law in support of his motion, as well as the facts set forth in the foregoing motion.

THE REIZEN LAW GROUP

*/s/ Scott R. Reizen*

SCOTT R. REIZEN  (P 63724)
Attorney for Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI  48067
248/554-3440//248/750-0790 fax
scott@reizenlaw.com

DATED:      April 22, 2015

### PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing document(s) was/were served upon all parties to the above cause of action by way of the Court's efiling system on April 22, 2015.

*/s/ Lenore Donnelly*

Lenore Donnelly

3

# Exhibit A

| Authority: 1949 PA 300, Sec.257.622<br>Compliance: Required        MSP UD-10E<br>Penalty: $100 and/or 90 days (Rev 11/2006) | External #<br>265095 | Crash ID | Page 1 |
|---|---|---|---|

Incident # 7571106    File Class :

# STATE OF MICHIGAN TRAFFIC CRASH REPORT

Incident Disposition: **Open**

| ORI:<br>MI8234910 | Department Name<br>Detroit Police Department | Reviewer<br>CHARLES EDWARDS (S482) |
|---|---|---|

| Crash Date<br>11/08/2012 | Crash Time<br>14:45 | No. of Units<br>02 | Crash Type<br>Rear End Right Turn | Special Circumstances<br>○School Bus | ● None<br>○Hit and Run | ○Deer<br>○Fleeing Police | Special Checks<br>○ Fatal   ○ Non-Traffic Area   ○ ORV/Snowmobile |
|---|---|---|---|---|---|---|---|

| County<br>82 - WAYNE | Traffic Control<br>None | Relation to Roadway<br>On Road | Special Study<br>None | Weather<br>Clear | Area<br>07 - NON-FRWY in Intersection |
|---|---|---|---|---|---|

| City/Twsp<br>99 - DETROIT | Construction Zone (if applicable)<br>Type | Lane Closed | Activity | Light<br>Daylight | Road Condition<br>Dry | Total Lanes<br>02 | Speed Limit<br>35 | Posted<br>Yes |
|---|---|---|---|---|---|---|---|---|

## Location

| Prefix<br>W | Road Name<br>GRAND | Road Type<br>BLVD | Suffix | Divided Roadway |
|---|---|---|---|---|

| Distance (ft.)<br>50.0 Feet W | Traffic Way<br>02 - Divided Hwy w/o/barrier | Access Control<br>02 - Full access control |
|---|---|---|

| Prefix | Intersecting Road<br>LAWTON | Road Type<br>ST | Suffix | Divided Roadway |
|---|---|---|---|---|

## Unit / Driver

| Unit Number<br>01 | Unit Known<br>No | State<br>MI | Driver License Number<br>D200461581832 | Date of Birth (Age) | License Type<br>● Operator  ○Chauffeur  ○Moped | Endorsements<br>○Cycle  ○Farm  ○Recreation | Sex<br>F | Total Occupants<br>01 | Hazardous Action<br>09 - Improper turn |
|---|---|---|---|---|---|---|---|---|---|

| Unit Type<br>MV | Driver Information<br>KAVITABEN MANISHKUMAR DESAI<br>4040 W SHORE CT<br>NEWPORT MI 48166 (313)790-2739 | Injury<br>0 | Position<br>00 | Restraint<br>00 | Hospital<br>None |
|---|---|---|---|---|---|

| Driver Condition<br>● 1  ○2  ○3  ○4  ○5  ○6  ○7  ○8  ○9  ○99 | Interlock<br>No | Ejected | Trapped | Airbag Deployed | Ambulance<br>None |
|---|---|---|---|---|---|

| Alcohol<br>○Yes  ● No | Test Type<br>○Field  ○PBT | ○Refused<br>○Breath | ○Not Offered<br>○Blood | ○Urine | Test Results | Drugs<br>○Yes  ● No | Test Type<br>○Blood  ○Urine | Test Results | Citation Issued<br>○Hazardous  ○Other |
|---|---|---|---|---|---|---|---|---|---|

| Vehicle Registration<br>CFZ1630 | State<br>MI | Insurance/Policy #<br>FARM BUREAU #10530T11-10 | Towed To/By #<br>DRIVABLE | Special Vehicles | Private Trailer Type | Vehicle Defect |
|---|---|---|---|---|---|---|

| VIN<br>4T4BF3EK7BR155371 | Vehicle Description | Make<br>TOYOTA | Model<br>CAMRY | Color<br>BLK | Year<br>2011 | Vehicle Type<br>Passenger Car |
|---|---|---|---|---|---|---|

| Location of Greatest Damage<br>04 | First Impact<br>04 | Extent of Damage<br>02 | Drivable<br>Yes | Vehicle Direction<br>W | Vehicle Use<br>01 - Private | Action Prior<br>03 - Turning right |
|---|---|---|---|---|---|---|

| Sequence of Events<br>(● indicates MOST harmful event) | First<br>● 17 - Motor veh in transport | Second | Third | Fourth |
|---|---|---|---|---|

## Passengers

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
|  | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|  | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|  | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|  | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|  | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|  | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |

## Carrier

| Carrier Information | Carrier Source | GVWR | ICCMC | USDOT | MPSC |
|---|---|---|---|---|---|

| Driver's CDL Type | Endorsements<br>○H  ○P  ○T<br>○N  ○S  ○X | CDL Exempt<br>○Farm  ○Other | CDL Restrictions<br>○28  ○29  ○30  ○35  ○36 |
|---|---|---|---|

| Interstate/Intrastate | Vehicle Type | Type and Axle Per Unit<br>First   Second   Third   Fourth | Cargo Body Type | Medical Card | Hazardous Material<br>○Placard  ○Cargo Spill | ID # | Class # |
|---|---|---|---|---|---|---|---|

## Owner

| Owner Information | Owner Information |
|---|---|

| Person Advised of Damaged Traffic Control<br>Contact Name :<br>Contact Date :<br>Contact Time : | Damaged Property | Public |
|---|---|---|
|  | Owner and Phone |  |

| Unit Number | Unit Known | State | Driver License Number | Date of Birth(Age) | License Type | Endorsements | Sex | Total Occupants | Hazardous Action |
|---|---|---|---|---|---|---|---|---|---|
| 02 | Yes | MI | O242067729579 | | ○ Operator<br>○ Chauffer<br>○ Moped | ● Cycle<br>○ Farm<br>○ Recreation | M | 18 | 00 - None |

| Unit Type | Driver Information | | Injury | Position | Restraint | Hospital |
|---|---|---|---|---|---|---|
| MV | CITY OF DETROIT<br>1301 E WARREN<br>DETROIT MI 48207    (313)674-9911 | | O | 01 | 03 | None |

| Driver Condition | | Interlock | Ejected | Trapped | Airbag Deployed | Ambulance |
|---|---|---|---|---|---|---|
| ●1  ○2  ○3  ○4  ○5  ○8  ○7  ○8  ○9  ○99 | | No | | No | | 821064 |

| Alcohol | | Test Results | Drugs | | Test Results | Citation Issued |
|---|---|---|---|---|---|---|
| ○Yes  ●No<br>Test Type  ○PBT | ○Refused  ○Not Offered<br>○Breath  ○Blood  Urine | | ○Yes  ●No<br>Test Type  ○Blood  ○Urine | | | ○Hazardous  ○Other |

| Vehicle Registration | State | Insurance/Policy # | Towed To/By # | | Special Vehicles | Private Trailer Type | Vehicle Defect |
|---|---|---|---|---|---|---|---|
| 093X662 | MI | MUNICIPAL INSURANCE | DRIVABLE | | 3 | | |

| VIN | Vehicle Description | Make | Model | Color | Year | Vehicle Type |
|---|---|---|---|---|---|---|
| 1241 | | | | | | Passenger Car |

| Location of Greatest Damage | First Impact | Extent of Damage | Driveable | Vehicle Direction | Vehicle Use | Action Prior |
|---|---|---|---|---|---|---|
| 01 | 01 | 01 | Yes | W | 02 - Commercial | 01 - Going Straight Ahead |

| Sequence of Events | First | Second | Third | Fourth |
|---|---|---|---|---|
| ( ● indicates MOST harmful event) | ● 17 - Motor veh in transport | | | |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| LLYOD LETT<br>2915 CARTER<br>DETROIT MI 48206    (313)659-1470 | | M | 06 | 01 | 830190 |
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
| | C | No | | | 821064 |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| CHARLES WESLEY<br>1174 DEXTER<br>DETROIT MI 48206    (313)360-1147 | | M | 06 | 01 | 830190 |
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
| | C | No | | | 821065 |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| KYRON COOPER<br>7427 DEXTER<br>DETROIT MI 48206 | | M | 04 | 01 | 830190 |
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
| | C | No | | | 821064 |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| ROSEMARY MANNS<br>19435 WESTBROOK<br>DETROIT MI 48207    (313)594-1682 | | F | 07 | 01 | 830190 |
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
| | C | No | | | 821064 |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| | | | | | |
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
| | | | | | |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| | | | | | |
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
| | | | | | |

| Carrier Information | Carrier Source | GVWR | ICCMC | USDOT | MPSC |
|---|---|---|---|---|---|
| | | | | | |

| | Driver's CDL Type | Endorsements | CDL Exempt | CDL Restrictions |
|---|---|---|---|---|
| | | ○H  ○P  ○T<br>○N  ○S  ○X | ○Farm<br>○Other | ○28  ○29  ○30  ○35  ○38 |

| Interstate/Intrastate | Vehicle Type | Type and Axle Per Unit | | | | Cargo Body Type | Medical Card | Hazardous Material | ID # | Class # |
|---|---|---|---|---|---|---|---|---|---|---|
| | | First | Second | Third | Fourth | | | ○Placard  ○Cargo Spill | | |

| Owner Information | Owner Information |
|---|---|
| | |

| Witness Information | Witness Information |
|---|---|
| | |

| Investigated at Scene. | Reported Date (Time) | 1st Investigator Name (Badge) | 2nd Investigator Name (Badge) | Photo By |
|---|---|---|---|---|
| Yes | 11/06/2012 (16:17) | LETO | | |

| Narrative | Diagram |
|---|---|
| Both Vehicles were traveling westbound on W. Grand Blvd. Vehicle 1 then proceeded to make a improper right turn in front of moving Vehicle 2 ( DDOT BUS# 1241), causing the driver of Vehicle 2 (Anthony Oglesby b/m-07-23-1981) to come to an abrupt stop causing damage to Vehicle 1's passenger rear bumper and minor physical injuries to four passengers inside the bus.No visible damages were observed on Vehicle 2 ( DDOT BUS# 1241). Medic 1 and 9 made location and transported Lloyd Lett b/m-12-5-1966 Chart#128296302311 Temp Serious Dr. Roland, Rosemary Manns b/f-9-9-1957 Chart# 069264122311 Temp Serious Dr. Roland, Charles Wesley b/m-02-20-1976 Temp Serious Dr. Roland, Kyron Cooper b/m-12-4-1982 Temp Serious Dr. Roland to Henry Ford Hospital. Both vehicles were drivable at scene. |  |

External #: 255095
Incident #: 7571106

# Exhibit B

# REGISTER OF ACTIONS
## CASE NO. 13-007308-NI

| RELATED CASE INFORMATION |
|---|

**Related Cases**
13-013706-NF (Prior Action)
14-009320-NI (Prior Action)

| PARTY INFORMATION |
|---|

Defendant    CITY OF DETROIT

Lead Attorneys
Calvert A. Bailey
*Retained*
(313) 224-4550(W)

Defendant    DESAI, KAVITABEN MANISHKUMAR

Plaintiff    HAYNES, CLARENCE

Scott Robert Reizen
*Retained*
(248) 554-3440(W)

| EVENTS & ORDERS OF THE COURT |
|---|

OTHER EVENTS AND HEARINGS
06/04/2013 | Service Review Scheduled
06/04/2013 | Status Conference Scheduled
06/04/2013 | Complaint, Filed
06/04/2013 | Case Filing Fee - Paid
07/08/2013 | Return of Service, Filed
07/08/2013 | Default, Request, Affidavit and Entry Filed
07/08/2013 | Default, Request, Affidavit and Entry Filed
07/08/2013 | Answer to Complaint, Filed
08/21/2013 | Closed/Final - Admin Clsng Due to Bankrpty, Signed and Filed (Judicial Officer: Fresard, Patricia Perez )
09/06/2013 | CANCELED Status Conference (8:15 AM) (Judicial Officer: Fresard, Patricia Perez)
Case Disposed/Order Previously Entered
09/03/2013 Reset by Court to 09/06/2013

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES,

                Plaintiff,

v

CITY OF DETROIT, a municipal
coporation, and KAVITABEN MANISHKUMAR
DESAI, an individual,

                Defendants.

Case No: 13-   -NI
Hon:

---

SCOTT R. REIZEN (P63724)
THE REIZEN LAW GROUP
Attorney for Plaintiff
333 W. 7th St, Suite 360
Royal Oak, MI 48067
(248) 554-3440/Fax: (248) 750-0790
scott@reizenlaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court; nor has any such action been previously filed and dismissed or transferred after having been assigned to a Judge; nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.

                /s/ Scott R. Reizen
              SCOTT R. REIZEN P63724

## **COMPLAINT**

NOW COMES the Plaintiff, Clarence Haynes, by and through his attorney, Scott R. Reizen of The Reizen Law Group, and for his Complaint against Defendants, City of Detroit and Kavitaben Manishkumar Desai, states as follows:

## **GENERAL ALLEGATIONS**

1.    The Plaintiff is a resident of the City of Detroit, County of Wayne, and State of

Michigan.

2.  The Defendant, City of Detroit, is a municipal corporation located in the County of Wayne and State of Michigan.

3.  The Defendant, Kavitaben Manishkumar Desai (hereafter known as "Desai"), is a resident of the City of Newport, County of Monroe, State of Michigan.

4.  The amount in controversy is in excess of Twenty-Five Thousand ($25,000.00) dollars, exclusive of costs, interest and attorney fees.

5.  That on November 6, 2012, Plaintiff was a passenger owned and operated by the City of Detroit. The bus was traveling in the City of Detroit, County of Wayne, and State of Michigan, headed westbound on W. Grand Blvd., near its intersection with Lawton St., when Defendant, Desai, made an improper right turn in front of the bus causing the bus to collide with Defendant Desai's vehicle.

6.  On that date and at that time, Defendant Desai, failed to observe his surroundings in a careful and prudent manner, causing his vehicle to collide with another.

7.  Defendant, Desai's, contributory negligence regarding the referenced collision has inflicted upon Plaintiff severe and permanent injuries, serious impairment of body functions and serious injury and damages as alleged in this Complaint.

### COUNT I
### OPERATOR NEGLIGENCE - DEFENDANT DESAI

8.  Plaintiffs incorporate by reference Paragraphs 1-7, as though fully set forth herein.

9.  Defendant, Desai, was under a duty to obey the Statutes of the State of Michigan applicable to the operation of motor vehicles.

10.  Despite that duty, Defendant, Desai, breached it in the following manner:

    a.  in driving a motor vehicle upon the highway in a careless, negligent, reckless and wanton manner in total disregard of

the rights and safety of others lawfully upon the highway, in violation of MCL 257.626 and MCL 257.626(b);

b.  in failing to maintain a proper lookout and in otherwise negligently operating a motor vehicle upon the highway so as to cause a collision, injury and harm to the Plaintiff in violation of MCL 257.643;

c.  in driving a motor vehicle upon the highway at a rate of speed greater than would permit it to be stopped within the assured clear distance ahead in violation of MCL 257.627;

d.  in failing to make proper observations of the conditions of the highway and any others conditions then and there existing;

e.  in failing to apply her brakes to try to avoid the collision; in driving a motor vehicle in a reckless and erratic manner, in total disregard of the rights and safety of others, which conduct and state of mind under the facts and circumstances amounted to gross negligence, in violation of MCL 257.626;

f.  in delaying attempted activation of audible and visual emergency equipment until actually entering a controlled intersection and without slowing down as necessary for safe operation in violation of MCL 257.603;

g.  in performing other acts of negligence not yet known to plaintiff but which will be ascertained during the course of discovery in this litigation;

11.    As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries which have caused pain, suffering, disability and mental anguish and will in the future cause pain, suffering, disability, and mental anguish, permanently, and such other and further injuries and damages as may be disclosed through continuing course of treatment provided to her by her various medical providers.

12.    As a further direct and proximate result of the automobile collision, Plaintiff sustained the following damages:

a.  economic damages past and future;

b.  pain and suffering, past and future, including, but not limited to:
    1)  physical pain and suffering;
    2)  mental anguish;
    3)  fright and shock;
    4)  denial of social pleasure, enjoyment; and
    5)  embarrassment, humiliation and mortification.

c.  loss of some or all enjoyment of life; and

d.   such other damages as may be allowed by the common law
of the State of Michigan and/or the Michigan No-Fault Act.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in his favor

and against Defendant, Kavitaben Manishkumar Desai, in an amount determined to be fair, just

and adequate compensation for the injuries and damages sustained by the him, plus interest, costs

and attorney fees in pursuing this action.

## COUNT II
## NO-FAULT CLAIM – CITY OF DETROIT

13.   Plaintiff incorporates by reference Paragraphs 1-12 as though fully set forth

herein.

14.   That relevant proofs of Personal Protection Insurance Benefits due and owing to

the Plaintiff, including, but not limited to medical expenses and attendant care services were

submitted to the Defendant City of Detroit on or around April 22, 2013, along with a demand

that Plaintiff be reimbursed for said amounts. However, despite that demand, the Defendant has

refused and to this date has neglected to pay Plaintiff the benefits, thereby causing a breach of

the contract of insurance.

15.   That the Defendant's denial or refusal to pay Personal Protection Insurance

benefits due to the Plaintiff has been arbitrary and without justification.

16.   That as a direct and proximate result of the Defendant's arbitrary refusal and

outrageous conduct in failing to pay said No-Fault benefits to the Plaintiff, the Plaintiff has been

compelled to hire an attorney to pursue his civil remedies and accordingly, the Plaintiff hereby

demands the additional benefits for said overdue payments pursuant to the Michigan No-Fault

Law.

17.   The motor vehicle operated in the accident at issue was owned by the City of

Detroit.

WHEREFORE, Plaintiff requests this Honorable Court to enter a judgment in his favor

and against Defendant, the City of Detroit, in an amount determined to be fair, just and adequate compensation for the injuries and damages sustained by his, plus interest, costs and attorneys' fees incurred in pursuing this action.

Respectfully submitted,

THE REIZEN LAW GROUP

/s/ Scott R. Reizen
SCOTT R. REIZEN (P63724)
Attorney for Plaintiff
333 W. 7th St, Suite 360
Royal Oak, MI 48067
(248) 554-3440/(248) 750-0790 – Fax
sreizen@thereizenlawgroup.com

Dated: June 4, 2013

# Exhibit C

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**CLARENCE HAYNES**
      Plaintiff,

**v**

Case No.13-007308 NI
Hon. Patricia P. Fresard

**CITY OF DETROIT,**
      Defendant

_____/

**SCOTT R. REIZEN (P-63724)**
Attorney For Plaintiff
333 W. 7th St., Ste. 360
Royal Oak, MI 48067
(248) 350-3700
sreizen@thereizenlawgroup.com

**CALVERT BAILEY (P-42409)**
Attorney for Defendant City
2 Woodward Ave., Ste. 500
Detroit, Michigan 48226
(313) 237-3004
bailc@detroitmi.gov

_____/

13-007308-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
7/8/2013 2:52:43 PM
CATHY M. GARRETT

## DEFENDANT CITY OF DETROIT'S ANSWER TO COMPLAINT

**NOW COMES,** Defendant City of Detroit, by and through its undersigned attorney and in response to Plaintiff's Complaint responds as follows:

1.    Having insufficient information or knowledge of the allegations of the paragraph thereof corresponding hereto, Defendant neither admits nor denies the allegations included therein.

2.    The paragraph thereof corresponding hereto is admitted..

3.    The paragraph thereof corresponding hereto is not applicable to this Defendant.

4.    Having insufficient information or knowledge of the allegations of the

K:\DOCS\LIT\BAILC\A20000\ANSWER\CB2582.WPD

16. Having insufficient information or knowledge of the factual allegations of the paragraph thereof corresponding hereto, Defendant denies same and leaves Plaintiff to proof thereof.

17. Having insufficient information or knowledge of the allegations of the paragraph thereof corresponding hereto, Defendant neither admits nor denies the allegations included therein.

**WHEREFORE, IT IS RESPECTFULLY** demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to the Defendant.

Respectfully submitted,

/s/ Calvert Bailey
**CALVERT BAILEY (P-42409)**
Attorney for Defendant City of Detroit
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-3004
bailc@detroitmi.gov

Dated: July 8, 2013

## SPECIAL AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to set forth a cause of action upon which relief can be granted.

2. The Defendant in the above-entitled cause, by and through the undersigned attorney, not waiving any deficiency or omission in any pleadings heretofore or hereafter filed by any other party hereto, hereby reserves the right to assert and file any affirmative and special defense as may become known by discovery proceedings in accordance with the rules and practices of this Court in such case made and provided, or otherwise.

3. Plaintiff is not entitled to any benefits from defendant for the reason that it has not

K:\DOCS\LIT\BAILC\A20000\ANSWER\CB2582.WPD

supplied to defendant reasonable proof of its claim, including the fact and amount of the loss sustained as required by Michigan's No-Fault Act.

4.   All or part of plaintiff's claim is barred by the terms and/or conditions of the insurance policy and/or Michigan's No-Fault Act, MCLA 300.3101 et. seq.

5.   If Plaintiff is entitled to no-fault benefits from defendant, defendant is entitled to a set off for benefits provided or required to be provided under the laws of any state or federal government.

6.   All or part of plaintiff's claim is barred by the statute of limitations of Michigan's No-Fault Act, MCLA 500.3145(1).

7.   Plaintiff's claim for personal protection insurance benefits is in some respect fraudulent or so excessive as to have no reasonable foundation and defendant is allowed an award of reasonable foundation and defendant is allowed an award of reasonable attorney's fees for having to defend against said claim.

8.   All benefits properly owing to plaintiff have been paid and plaintiff is not entitled to any benefits from defendant for the reason that any medical treatment rendered is not reasonable and necessary.

<div style="margin-left: 40%;">

Respectfully submitted,

   /s/ Calvert Bailey
**CALVERT BAILEY (P-42409)**
Attorney for Defendant City of Detroit
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-3004
bailc@detroitmi.gov

</div>

Dated: July 8, 2013

K:\DOCS\LIT\BAILC\A20000\ANSWER\CB25R2.WPD

**PROOF OF SERVICE**

On **July 8, 2013,** the undersigned certifies that a copy of **Defendant City of Detroit's Answer to Complaint** and **Affirmative Defenses** were e-filed to the attorney of record via the Odyssey Electronic Court e-Filing System, which will notify the attorney of same via e-mail a notification of the court accepted e-filed document.

The statement above is true to the best of my knowledge, information and belief.

*Shawntese Beacham*
_____
Shawntese Beacham

# Exhibit D

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF MICHIGAN | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>City of Detroit, Michigan | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>38-6004606 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>2 Woodward Avenue<br>Suite 1126<br>Detroit, Michigan       ZIP CODE 48226 | Street Address of Joint Debtor (No. and Street, City, and State):<br>      ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Wayne | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>      ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>      ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>      ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☒ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>    Municipality | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7    ☐ Chapter 15 Petition for<br>☐ Chapter 9       Recognition of a Foreign<br>☒ Chapter 9       Main Proceeding<br>☐ Chapter 11<br>☐ Chapter 12    ☐ Chapter 15 Petition for<br>☐ Chapter 13      Recognition of a Foreign<br>             Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☒ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

13-53846   Doc 1   Filed 07/18/13   Entered 07/18/13 16:06:22   Page 1 of 16

# Exhibit E

City of Detroit Claims Processing
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

FIRST CLASS
US POSTAGE PAID
EL SEGUNDO CA
PERMIT NO. 45049

**Clarence Haynes**
**The Reizen Law Group**
**333 West 7th Street, Suite 360**
**Royal Oak, MI 48067**

## PROOF OF CLAIM CONFIRMATION
Your proof of claim filed against City of Detroit, Michigan,
case no 13-53846 was received on 2/21/2014
and assigned claim number 2158

For more information, please visit http://www.kccllc.net/Detroit or call 1(877) 298-6236

# Exhibit F

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

```
------------------------------------------------------------ x
                                      :
In re                                 :   Chapter 9
                                      :
CITY OF DETROIT, MICHIGAN,            :   Case No. 13-53846
                                      :   Claim No. 2158
              Debtor.                 :   Hon. Steven W. Rhodes
                                      :
------------------------------------------------------------ x
```

## AGREEMENT RESOLVING CLAIM OF CLARENCE HAYNES

The City of Detroit (the "City") and the claimant identified in paragraph 2 below (the "Claimant"

and, together with the City, the "Parties"), by and through their respective authorized representatives, do

hereby agree as follows:

### RECITALS

A.              On July 18, 2013, the City commenced the above-captioned case (the "Chapter 9 Case") by filing a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). On December 5, 2013, following its determination that the City met all of the applicable requirements and is eligible to be a debtor under chapter 9 of the Bankruptcy Code, the Bankruptcy Court entered the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) with respect to the City.

B.              Pursuant to section 904 of the Bankruptcy Code, the City may continue to exercise its political and governmental powers, manage its property and revenues and use and enjoy its income-producing property without interference from the Bankruptcy Court.

C.              On December 24, 2013, the Bankruptcy Court entered the Order, Pursuant

to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution

Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302)

(the "ADR Order") establishing certain alternative dispute resolution procedures (collectively,

the "ADR Procedures") to promote the resolution of certain claims designated by the City.

D.                The Claimant is the current record holder of the proof of claim identified under the heading "Filed Claim Number" in the table in paragraph 2 below (the "Filed Claim").

E.                The City (i) reviewed the Filed Claim and the facts and circumstances of the alleged liabilities asserted therein and (ii) designated the Filed Claim for potential resolution through the ADR Procedures.

F.                The City believes that the resolution of the Filed Claim as set forth in this Agreement is fair, reasonable and appropriate and will allow the Parties to avoid the cost, delay and burden of litigating potential disputes related to the Filed Claim. In accordance with the ADR Order, the resolution of the Filed Claim set forth in this Agreement terminates the ADR Procedures with respect to the Filed Claim pursuant to section II.A.7 of the ADR Procedures.

G.                Pursuant to section 904 of the Bankruptcy Code, the City is authorized to propose and enter into this Agreement without further order of the Bankruptcy Court.

H.                The undersigned is authorized to enter into this Agreement on behalf of the City pursuant to a confidential memorandum dated March 25, 2014 that was issued to the City of Detroit Corporation Counsel by Kevyn Orr, Emergency Manager for the City of Detroit, entitled Litigation Claim Settlement Authority.

I.                The Parties have agreed to the terms set forth in this Agreement, as indicated by the signatures of their respective authorized representatives below.

## AGREEMENT

1.                The Claimant represents and warrants to the City that it has not sold, assigned, factored or otherwise transferred any portion of or interest in the Filed Claim and is the sole holder of the Filed Claim, with full authority to enter into this Agreement. The Claimant further agrees to indemnify and hold the City harmless for any damages, including without limitation actual and reasonable out of pocket costs, resulting from a breach of its representations and warranties set forth in this paragraph.

2.         The Filed Claim is deemed amended, modified and allowed as a general unsecured, nonpriority claim (any such claim, a "Settled Claim") in the corresponding amount set forth in the table below under the heading "Settled Claim Amount":

| Claimant | Filed Claim Number | Filed Claim Amount | Filed Claim Priority | Settled Claim Amount | Settled Claim Priority |
|----------|-------------------|--------------------|--------------------|----------------------|------------------------|
| Clarence Haynes | 2158 | $27,376.44 | e.g., General unsecured, nonpriority | $27,376.44 | General unsecured, nonpriority |

3.         The Parties agree that any Filed Claim identified in paragraph 2 above for which there is no corresponding Settled Claim (or such amount is listed as $0.00) is hereby withdrawn and deemed disallowed and expunged, pursuant to section 502 of the Bankruptcy Code.

4.         The Claimant will not further amend the Filed Claim or the Settled Claim or file any additional proofs of claim with respect to the liabilities asserted in the Filed Claim. Any further amendments to the Filed Claim or the Settled Claim or any additional claims filed by the Claimant or their successors or assigns with respect to the liabilities asserted in the Filed Claim shall be null, void and of no effect.

5.         The Parties agree that any Settled Claim is a general unsecured, nonpriority claim, subject to the treatment provided for such claims under any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan").

6.         Any distribution made to the Claimant pursuant to a Plan is referred to herein as a "Plan Distribution." If the Claimant or its successors or assigns receive

payment of any portion of the Settled Claims from any source, including from the City, other than through the Plan (a "Non-Plan Payment"), the portion of the Settled Claim[s] equal to the amount of the Non-Plan Payments shall be deemed fully satisfied, and the Claimant, for itself and any successors or assigns, hereby prospectively waives and disclaims the right to receive Plan Distributions on account of the portion of the Settled Claim[s] satisfied by any Non-Plan Payments.

7.          Nothing in this Agreement will have any impact on any proof(s) of claim that the Claimant has filed or holds other than the Filed Claim. The Parties retain all of their respective claims, defenses, objections, counterclaims and any and all rights in respect of any proofs of claim that the Claimant has filed or holds other than the Filed Claim.

8.          As to the Filed Claims and Settled Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City. The Claimant acknowledges that this Agreement represents the compromise of a disputed claim and is not to be construed as an admission of liability on the part of the City. As used in this Agreement, the Claimant and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any. Where required by the City,

the Claimant has executed the Medicare Reporting and Indemnification Affidavit[s], if any, attached as Exhibit A.

9.            The Claimant stipulates to dismissal with prejudice of the civil action related to the Filed Claims or Settled Claim in the form attached hereto as Exhibit B.

10.           This Agreement may be executed in identical counterparts, and/or by facsimile or e-mail scan, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. This Agreement constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

WHEREFORE, the undersigned have executed this Agreement on behalf of the parties hereto.

City of Detroit                          Clarence Haynes

By: Krystal Crittendon                   _Cla___Hay____ (Signature)

Name: _____                  Date: _4-25-14_____
         (Signature)

Name: _____
         (Print Name

Title: _____

Date: _____                  Claimant(s) counsel:

                                         Scott Reizen

                                         Name: _____Scott Re.Z____
                                                  (printed)

                                         Date: _____4/22/14_____

# MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT

*Clarence Haynes*, being first duly sworn, deposes and says that I have filed a claim and/or lawsuit against the City of Detroit:

1. I certify under penalty of law that this Affidavit and all attachments were prepared with my knowledge and were reviewed by me. The information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of a fine and/or imprisonment for known violations. **I hereby state under oath and subject to any penalties for perjury that the information contained in this Affidavit is true, correct and accurate.**

2. I hereby understand that the City of Detroit will be relying upon this information in order to provide all of the required information to the United States Government, Department of Health and Human Services, Center for Medicare and Medicaid Services or their Medicare contractor in accordance with the Medicare, Medicaid and SCHIP Extension Act of 2007 and to be in compliance with the Medicare Secondary Payer Laws.

                                                                                Circle One

3. I am currently receiving Medicare Benefits............................. yes  or  (no)

4. I will be Sixty Five years old within three years............................. yes  or  (no)

4a. I have applied for Social Security Disability Benefits................... yes  or  (no)

5. I have received a Social Security Disability Award Letter and
    attached a copy hereto.................................................................yes  or  (no)

6. Attached is a copy of my Social Security Disability Application.....yes  or  (no)

7. Attached is a copy of my Social Security denial letter and my
    appeal of said denial........................................................... yes  or  (no)

8. I have End Stage Renal Disease ..................................................yes or (no)

9. That my full name and all aliases are:

*Clarence Donnie Haynes*

10. That my City of Detroit File/Matter Number is:

11. That my address is:

*7420 Rutherford   Det. Mi. 48228*

12. That my Attorney's Name, Address and Contact Numbers are:

*Scott R. Reizen 333 W. 4 St. Suite 300 Royal Oak, Mi*
*48067*

*(248) 554-3440*

13. That my Date of Birth is:

███████████

14. That my Social Security Number is:

███████████

15. That my Medicare HIC Number, if applicable is:

16. That I am attaching copies of the following information:

  a. Copy of the Judgment ..........................................yes or (no)

  b. Medical Records ..........................................yes or (no)

  c. Specific Description of my injuries

Page 2 of 5

17. Has anyone ever prepared for you:

    a. A Life Care Plan.................................................................... yes or (no)

    b. Medicare Set Aside Cost Projections .....................................yes or (no)

    c. Life expectancy projection ...................................................yes or (no)

If yes to any questions above in #17, submit a copy to the City of Detroit.

18. What specific body parts were impacted by the Injury/illness:

_____

_____

19. That my Gender is: ___✓___ Male       _____ Female

20. That the accident which gave rise to this Claim/Lawsuit occurred on:

    _Nov. 2012_____ (Date)

21. On _4-25-14__ (Date), a Settlement or Judgement of my

    Claim/Lawsuit was agreed to/rendered for the total amount of

    _Twenty Seven Thousand_ Dollars ($_27,376.44_ ).
    three hundred Seventy Six +44/100

22. On the date of the accident/event, did any household family

    member own an automobile with valid No Fault Insurance

    coverage................................................................................. yes or (no)

Page 3 of 5

I, _Clarence Haynes_, HAVE READ THE ABOVE MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT AND STATE THAT THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT AND THAT IN THE EVENT THAT THE CITY OF DETROIT IS HELD LIABLE DUE TO ANY MISINFORMATION OR OMISSION OF INFORMATION BY AFFIANT IN THIS AFFIDAVIT, AFFIANT SHALL INDEMNIFY, HOLD HARMLESS AND REIMBURSE THE CITY OF DETROIT FOR ALL PAYMENTS, DAMAGES, MONIES, COSTS, ATTORNEY'S FEES, EXPENSES, MEDICARE LIENS, MEDICARE DEMANDS FOR REIMBURSEMENT, MEDICARE OFFSETS , MEDICARE FINES, MEDICARE PENALTIES AND ANY MEDICARE PAYMENTS INCURRED BY THE CITY OF DETROIT RESULTING FROM SAID OMISSION OR MISINFORMATION. FURTHER, I SHALL FULLY COOPERATE WITH THE CITY OF DETROIT IN ANY DISPUTE OR MATTERS RELATED TO THIS INCIDENT INVOLVING MEDICARE AND SHALL EXECUTE ALL DOCUMENTS REQUIRED OR REQUESTED BY THE CITY OF DETROIT, MEDICARE OR ITS AGENTS THAT MAY BE REQUIRED OR NECESSARY TO RESOLVE ANY SAID DISPUTE OR MATTER.

Page 4 of 5

FURTHER AFFIANT SAITH NOT.

_Cla____ Hay____

SIGNATURE OF THE CLAIMANT/PLAINTIFF


STATE OF MICHIGAN        )
                                   )SS
COUNTY OF _Oakland___ )

This Medicare Reporting and Indemnification Affidavit was acknowledged, subscribed and sworn to before me this _25th_ day of _April_, 2014, by _Clarence Haynes_

_____, who hereby declares under penalty of perjury under the laws of the State of Michigan that he or she is authorized in fact and law to execute this Medicare Reporting and Indemnification Affidavit.

_Catherine Farmer_

Notary Public, _____ County,MI

My Commission Expires: _____

CATHERINE FARMER
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES May 18, 2020
ACTING IN COUNTY OF _Oakland_

Notary, Please ensure you use your notarial stamp or seal.

# Exhibit G

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES,

Plaintiff,

v

CITY OF DETROIT, and KAVITABEN
MANISHKUMAR DESAI,

Defendants.

Case No.: 14     NI
Honorable

14-009320-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
7/18/2014 3:48:47 PM
CATHY M. GARRETT

SCOTT R. REIZEN (P 63724)
MELISSA A. PODE (P 76551)
The Reizen Law Group
Attorneys for the Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI 48067
248/554-3440 // 248/750-0790 fax
scott@reizenlaw.com

A civil action between these parties arising out of the same transaction or occurrence as
alleged in this Complaint has been previously filed in the Wayne County Circuit Court.
The action against this individual is no longer pending under docket number is 13-
007308-NI and was assigned to the Honorable Patricia P. Presard.

**COMPLAINT**

NOW COMES PLAINTIFF, Clarence Haynes, by and through his attorneys, The Reizen

Law Group, and for his Complaint against Defendants, City of Detroit and Kavitaben

Manishkumar Desai, states as follows:

**GENERAL ALLEGATIONS**

1.    Plaintiff, Clarence Haynes, is a resident of the City of Detroit, County of Wayne,

and State of Michigan.

2.    Defendant, City of Detroit, is a municipal corporation located in the County of

Wayne, State of Michigan.

3.    Defendant, Kavitaben Manishkumar Desai (Desai), is believed to be a resident of the City of Newport, County of Monroe, and State of Michigan.

4.    The amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000) Dollars, exclusive of costs, interest and attorney fees.

<div align="center">

**COUNT I**
**OPERATOR NEGLIGENCE – DEFENDANT, KAVITABEN MANISHKUMAR DESAI**

</div>

5.    Plaintiffs incorporate by reference paragraphs one through four of this Complaint as if specifically set forth herein, paragraph by paragraph, word for word.

6.    On or about November 6, 2012, Plaintiff, Clarence Haynes, was a passenger on a bus on westbound Grand Boulevard at or near its intersection with Lawton Street, County of Wayne, when it was struck by the vehicle driven by Defendant Desai.

7.    On that date and time, Defendant Desai was the owner operator of a Toyota Camry bearing Michigan license plate number CFZ1630, travelling westbound on Grand Boulevard at or near its intersection with Lawton Street when he failed to observe his surroundings in a careful and prudent manner, thereby striking Plaintiff's vehicle, causing the vehicles to collide with one another.

8.    Defendants Desai's negligence regarding the collision has inflicted severe and permanent injuries upon Plaintiff, resulting in serious impairments of body functions and serious injuries and damages as alleged in this Complaint.

9.    Defendant Desai had to obey the statutes and laws of the State of Michigan applicable to the operation of motor vehicles.

10.    The sole, direct and proximate cause of the aforesaid accident was because Defendant Desai was operating his vehicle in a negligent, careless and reckless manner, contrary to the Motor Vehicle Act of the State of Michigan in one or more of the following ways:

<div align="center">2</div>

a)  driving said motor vehicle upon the highway in a careless, negligent, reckless and wanton manner in total disregard of the rights and safety of others lawfully upon the highway, and Plaintiff in particular, in violation of MCL 257.626 and MCL 257.626(b);

b)  failing to maintain a proper lookout and otherwise negligently operating a motor vehicle upon the highway so as to cause a collision, injury and harm to others and Plaintiff in particular, in violation of MCL 257.643;

c)  failing to make proper observations of the conditions of the highway and any other conditions then and there existing;

d)  failing to make proper observation of the traffic and conditions then and there existing in total disregard of the rights and safety of others and Plaintiff in particular in violation of MCL 257.647;

e)  driving said motor vehicle in a reckless and erratic manner in disregard of the rights and safety of others and Plaintiff in particular, which conduct and state of mind under the facts and circumstances amount to gross negligence in violation of MCL 257.626; and

f)  performing other acts of negligence not yet known to Plaintiff, but which will be ascertained during the course of discovery.

11.   As a direct and proximate result of the acts and omissions of Desai's, constituting negligence, gross negligence and unlawful conduct, Plaintiff Clarence Haynes sustained injuries which have caused pain, suffering, disability and mental anguish and will in the future cause pain, suffering, disability and mental anguish, permanently, and such other and further injuries, including but not limited to:

a)  severely sprained ankle and lower back pain;

b)  economic damages past and future;

c)  pain and suffering, past and future, including, but not limited to:
1.   physical pain and suffering;
2.   mental anguish;

3

3.    fright and shock;

4.    denial of social pleasure, enjoyment; and

5.    embarrassment, humiliation and mortification;

d)    loss of some or all enjoyment of life; and

e)    such other damages as may be allowed by the common law of the State of Michigan and/or the Michigan No-Fault Act.

12.    None of the alleged negligent acts or omissions by Defendant Desai were intentional within the meaning of MCLA 500.3135(3)(a).

13.    If it is discovered that Plaintiff was suffering from any medical conditions prior to this collision, then and in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing collision.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant, Kavitaben Manishkumar Desai, in an amount determined to be fair, just and adequate compensation for the injuries and damages sustained by him, plus interest, costs and attorney fees in pursuing this action.

## COUNT II - NO-FAULT CLAIM
## CITY OF DETROIT

14.    Plaintiff incorporates by reference paragraphs one through four of the General Allegations and paragraphs five through 15 of Count I of this Complaint as if specifically set forth herein, paragraph by paragraph, word for word.

15.    On or about November 6, 2012, Plaintiff was involved in an automobile accident and sustained accidental bodily injuries for which he had to spend money for medical care and treatment, medication, incurred expenses from others in lieu of those services he would have performed for the benefit of himself had he not been injured and transportation expenses.

4

16.     As a provision of the policy of insurance issued by City of Detroit, Plaintiff became entitled to receive various benefits pursuant to the Michigan No-Fault Law.

17.     Plaintiff gave the Defendant City of Detroit due notice, in writing, of said accident and requested payments under the Michigan No-Fault Law for medical expenses, lost wages and expenses incurred in obtaining ordinary and necessary services for Twenty ($20) Dollars per day.

18.     Plaintiff complied with and performed all of the terms and provisions of said policy of insurance upon his part to be so kept and performed.

19.     Defendant City of Detroit has wholly neglected and unreasonably refused to pay for medical expenses, wage loss, household replacement services and other benefits provided under the Michigan No-Fault Law.

WHEREFORE, Plaintiff requests this Honorable Court to enter a judgment in his favor and against Defendant, City of Detroit, in an amount determined to be fair, just and adequate compensation for the injuries and damages sustained by him, plus interest, costs and attorney fees incurred in pursuing this action.

THE REIZEN LAW GROUP

/s/ Scott R. Reizen
SCOTT R. REIZEN (P 63724)
Attorney for Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI 48067
248/554-3440//248/750-0790 fax
scott@reizenlaw.com

DATED:     July 18, 2014

5

# Exhibit H

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

The Reizen Law Group
333 W. Seventh Street, Suite 360
Royal Oak, MI 48067

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

CITY OF DETROIT LAW DEPT
OFFICE OF CORP COUNSEL
660 WOODWARD AVENUE
DETROIT, MI 48226

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
x *McCutchen*
☐ Agent
☐ Addressee

B. Received by (Printed Name)
*TMcCutchen*
C. Date of Delivery
9/5/14

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered        ☑ Return Receipt for Merchandise
☐ Insured Mail       ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)
7014 0510 0000 3733 1652

PS Form 3811, July 2013          Domestic Return Receipt

# Exhibit I

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
------------------------------------------- x
                                            :
In re                                       :     Chapter 9
                                            :
CITY OF DETROIT, MICHIGAN,                  :     Case No. 13-53846
                                            :
                          Debtor.           :     Hon. Steven W. Rhodes
                                            :
                                            :
------------------------------------------- x
```

## NOTICE OF (I) ENTRY OF ORDER CONFIRMING EIGHTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT AND (II) OCCURRENCE OF EFFECTIVE DATE

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    **1.**    **Confirmation of the Plan and Occurrence of the Effective Date.**

        On November 12, 2014, the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") entered an order (Docket No. 8272) (the "Confirmation Order") confirming the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (as it may have been amended, supplemented or modified, the "Plan"), in the above-captioned chapter 9 case of the City of Detroit, Michigan (the "City"). The Effective Date of the Plan occurred on December 10, 2014. Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Plan and the Confirmation Order.

    **2.**    **Discharge of Claims.**

        **a.**    Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan are in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date, including any interest accrued on Claims from and after the Petition Date. Except as provided in the Plan or in the Confirmation Order, as of the Effective Date, the City is discharged from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of Claim based on such debt was Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt was allowed pursuant to section 502 of the Bankruptcy Code or (iii) the Holder of a Claim based on such debt accepted the Plan.

        **b.**    In accordance with the foregoing, except as expressly provided otherwise in the Plan or the Confirmation Order, the Confirmation Order is a judicial determination, as of the Effective Date, of a discharge of all debts of the City, pursuant to sections 524(a)(1), 524(a)(2) and 944(b) of the Bankruptcy Code, and such discharge voids any judgment obtained against the City at any time, to the extent that such judgment relates to a discharged debt; _provided_ that, in accordance with section

944(c)(1) of the Bankruptcy Code, such discharge does not apply to (i) debts specifically exempted from discharge under the Plan; (ii) debts held by an Entity that, before the Confirmation Date, had neither notice nor actual knowledge of the Chapter 9 Case; (iii) claims against officers or employees of the City in their individual capacity under 42 U.S.C. § 1983; or (iv) Claims of (A) T&T Management, Inc., (B) HRT Enterprises and (C) the John W. and Vivian M. Denis Trust related to condemnation or inverse condemnation actions against the City alleging that the City has taken private property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

3.    Releases.

a.    General Releases by Holders of Claims. Without limiting any other applicable provisions of, or releases contained in, the Plan or any contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, as of the Effective Date, in consideration for the obligations of the City under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan (including the State Contribution Agreement), each holder of a Claim that voted in favor of the Plan, to the fullest extent permissible under law, is deemed to forever release, waive and discharge (which release will be in addition to the release and discharge of Claims otherwise provided herein and under the Confirmation Order and the Bankruptcy Code):

i.    all Liabilities in any way relating to the City, the Chapter 9 Case (including the authorization given to file the Chapter 9 Case), the Plan, the Exhibits or the Disclosure Statement, in each case that such holder has, had or may have against the City or its current and former officials, officers, directors, employees, managers, attorneys, advisors and professionals, each acting in such capacity (and, in addition to and without limiting the foregoing, in the case of any Emergency Manager, in such Emergency Manager's capacity as an appointee under PA 436); provided further, for the avoidance of doubt, that any person or entity designated to manage the Chapter 9 Case for the City after the Emergency Manager's term is terminated, whether such person or entity acts as an employee, advisor or contractor to the City or acts as an employee, agent, contractor or appointee of the State under any applicable state law, shall be treated the same as an employee of the City hereunder; and

ii.    all Liabilities in any way relating to (A) Claims that are compromised, settled or discharged under or in connection with the Plan, (B) the Chapter 9 Case (including the authorization given to file the Chapter 9 Case), (C) the Plan, (D) the Exhibits, (E) the Disclosure Statement or (F) the DIA Settlement, in each case that such holder has, had or may have against the City's Related Entities, the State, the State Related Entities and the Released Parties; provided, however, that such Liability of the Foundations, the DIA Funders and the CFSEM Supporting Organization and their Related Entities are released only to the extent that such Liability, if any, arises from any such entity's participation in the DIA Settlement;

provided, however, that the foregoing provisions shall not affect the liability of the City, its Related Entities and the Released Parties that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct; provided, further, that nothing in Section III.D.7.a of the Plan shall release (i) the City's obligations under the Plan or (ii) any defenses that any party may have against the City, its Related Entities, the State, the State Related Entities or the Released Parties. Notwithstanding anything in the Plan or the Confirmation Order to the contrary, claims against officers or employees of the City in their individual capacity under 42 U.S.C. § 1983 shall not be released.

b.    Release by Holders of Pension Claims. Without limiting any other applicable provisions of, or releases contained in, the Plan or any contracts, instruments, releases,

-2-

agreements or documents entered into or delivered in connection with the Plan, as of the Effective Date, in consideration for the obligations of the City under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan (including the State Contribution Agreement), if the State Contribution Agreement is consummated, each holder of a Pension Claim is deemed to forever release, waive and discharge all Liabilities arising from or related to the City, the Chapter 9 Case, including the authorization given to file the Chapter 9 Case, the Plan, all Exhibits, the Disclosure Statement, PA 436 and its predecessor or replacement statutes, and Article IX, Section 24 of the Michigan Constitution that such party has, had or may have against the State and any State Related Entities. For the avoidance of doubt, the Plan does not release, waive or discharge obligations of the City that are established in the Plan or that arise from and after the Effective Date with respect to (i) pensions as modified by the Plan or (ii) labor-related obligations. Such post-Effective Date obligations shall be enforceable against the City or its representatives by active or retired employees or their collective bargaining representatives to the extent permitted by applicable non-bankruptcy law or the Plan, or, with respect to pensions only, GRS or PFRS.

Notwithstanding Sections III.D.5-7 and IV.L of the Plan, except as set forth in the COP Swap Settlement, nothing in the Plan or the Confirmation Order shall or shall be deemed to provide a release by the COP Swap Counterparties of any Liabilities related to the COPs, the COP Service Corporations, the Transaction Documents (as defined in the COP Swap Settlement), the COP Swap Settlement or the COP Swap Settlement Approval Order. For the avoidance of doubt, notwithstanding Section III.D.6 of the Plan, a vote of DWSD Bond Claims or DWSD Revolving Bond Claims in favor of the Plan shall not, and shall not be deemed to, effect a release pursuant to Section III.D.7 of the Plan by a Holder of any such DWSD Bond Claims, a Holder of any such DWSD Revolving Bond Claims or the Bond Insurer insuring any such Claims of any Liabilities against the City or its Related Entities that do not arise in connection with the DWSD Bonds or the DWSD Revolving Bonds. For the further avoidance of doubt, notwithstanding anything in the Plan to the contrary, a vote of a Claim other than a DWSD Bond Claim or DWSD Revolving Bond Claim in favor of the Plan shall not, and shall not be deemed to, effect a release pursuant to Section III.D.7 of the Plan by a Holder of any such voted Claim or the Bond Insurer insuring such voted Claim of any Liabilities against the City or any other Entity arising in connection with the DWSD Bonds or DWSD Revolving Bonds.

    4.    **Injunctions.**

On the Effective Date, except as otherwise provided in the Plan or in the **Confirmation Order:**

    **a.**    **All Entities that have been, are or may be holders of Claims against the City, Indirect 36th District Court Claims or Indirect Employee Indemnity Claims asserted against officers or employees of the City in their official capacity, along with their Related Entities, are permanently enjoined from taking any of the following actions against or affecting the City or its property, DIA Corp. or its property, the DIA Assets, the Released Parties or their respective property and the Related Entities of each of the foregoing, with respect to such claims (other than actions brought to enforce any rights or obligations under the Plan and appeals, if any, from the Confirmation Order): (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affecting the City or its property (including (A) all suits, actions and proceedings that are pending as of the Effective Date, which must be withdrawn or dismissed with prejudice, (B) Indirect 36th District Court Claims and (C) Indirect Employee Indemnity Claims asserted against officers or employees of the City in their official capacity); (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order against the City or its property; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly,**

-3-

any encumbrance of any kind against the City or its property; (iv) asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the City or its property; (v) proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan or the settlements set forth therein to the extent such settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and (vi) taking any actions to interfere with the implementation or consummation of the Plan. Notwithstanding anything in the Plan or the Confirmation Order to the contrary, claims against officers or employees of the City in their individual capacity under 42 U.S.C. § 1983 are not enjoined. In addition, all individuals affected by the ASF Recoupment are enjoined from commencing any proceeding against the GRS and its trustees, officers, employees or professionals arising from the GRS's compliance with the Plan or the Confirmation Order.

     **b.**   All Entities that have held, currently hold or may hold any Liabilities released pursuant to the Plan are permanently enjoined from taking any of the following actions against the State, the State Related Entities, the officers, board of trustees/directors, attorneys, advisors and professionals of the RDPFFA or the DRCEA, and the Released Parties or any of their respective property on account of such released Liabilities: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind; (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien; (iv) asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the State, a State Related Entity, the officers, board of trustees/directors, attorneys, advisors and professionals of the RDPFFA or the DRCEA, or a Released Party; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan. Notwithstanding the foregoing and without limiting the injunctions in sub-paragraph 4(a) above, the Holders of Indirect 36th District Court Claims shall not be enjoined from taking any of the foregoing actions against the State or the State Related Entities with respect to Indirect 36th District Court Claims to the extent such Claims are not satisfied pursuant to the Plan.

    **5.**   Treatment of Executory Contracts and Unexpired Leases.

     **a.**   Assumption. Except for Executory Contracts and Unexpired Leases rejected in the Plan or by other court order, or as requested in any motion Filed by the City on or prior to the Effective Date, as of the Effective Date, pursuant to section 365 of the Bankruptcy Code, the City has been deemed to assume all Executory Contracts and Unexpired Leases to which it is a party. Notwithstanding the foregoing, Retirement System Indemnity Obligations have not been assumed under the Plan and have been discharged. For the avoidance of doubt, the City has assumed the Tunnel Lease pursuant to Section II.D.1 of the Plan.

     **b.**   Assumption of Ancillary Agreements. Each Executory Contract and Unexpired Lease assumed pursuant to Section II.D.1 of the Plan includes any modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Executory Contract or Unexpired Lease, unless any such modification, amendment, supplement, restatement or other agreement is rejected pursuant to Section II.D.6 of the Plan or designated for rejection in accordance with Section II.D.3 of the Plan.

     **c.**   Approval of Assumptions and Assignments. The Confirmation Order constitutes an order of the Bankruptcy Court approving the assumption of Executory Contracts and Unexpired Leases pursuant to Sections II.D.1 and II.D.2 of the Plan (and any related assignment) as of the

-4-

Effective Date, except for Executory Contracts or Unexpired Leases that (a) have been rejected pursuant to a Final Order of the Bankruptcy Court, (b) are subject to a pending motion for reconsideration or appeal of an order authorizing the rejection of such Executory Contract or Unexpired Lease, (c) are subject to a motion to reject such Executory Contract or Unexpired Lease Filed on or prior to the Effective Date, (d) are rejected pursuant to Section II.D.6 of the Plan or (e) are designated for rejection in accordance with the last sentence of this paragraph. On November 21, 2014, in accordance with the Contract Procedures Order, the City filed with the Bankruptcy Court a non-exclusive list (Docket No. 8387) (the "Non-Exclusive Plan Assumption List") of Executory Contracts and Unexpired Leases to be assumed pursuant to the Plan. On December 5, 2014, the City filed a notice of amendment to the Non-Exclusive Plan Assumption List (Docket No. 8573). The City has provided separate notice to each party whose Executory Contract or Unexpired Lease is identified on the Non-Exclusive Plan Assumption List of: (a) the Executory Contract or Unexpired Lease being assumed; (b) the Cure Amount Claim, if any, that the City believes it would be obligated to pay in connection with such assumption; (c) any assignment of an Executory Contract or Unexpired Lease; and (d) the procedures for such party to object to the assumption of the applicable Executory Contract or Unexpired Lease, the amount of the proposed Cure Amount Claim or any assignment of an Executory Contract or Unexpired Lease are set forth in the Contract Procedures Order (Docket No. 6512). For Executory Contracts or Unexpired Leases assumed under the Plan but not identified in the Non-Exclusive Plan Assumption List, the counterparty to such an agreement must file any written objection, setting forth the basis for opposing assumption or assignment of the applicable agreement or the proposed Cure Amount Claim, no later than 20 days after the Effective Date of the Plan, i.e., December 30, 2014. If an objection to a proposed assumption, assignment and assignment or Cure Amount Claim is not resolved in favor of the City, the applicable Executory Contract or Unexpired Lease may be designated by the City for rejection, which shall be deemed effective as of the Effective Date.

      d.     Payments Related to the Assumption of Executory Contracts and Unexpired Leases. To the extent that such Claims constitute monetary defaults, the Cure Amount Claims associated with each Executory Contract or Unexpired Lease to be assumed pursuant to the Plan will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, at the option of the City: (a) by payment of the Cure Amount Claim in Cash on the Effective Date or (b) on such other terms as are agreed to by the parties to such Executory Contract or Unexpired Lease. If there is a dispute regarding: (a) the amount of any Cure Amount Claim, (b) the ability of the City or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed or (c) any other matter pertaining to the assumption of such contract or lease, the payment of any Cure Amount Claim required by section 365(b)(1) of the Bankruptcy Code will be made within 30 days following the entry of a Final Order resolving the dispute and approving the assumption.

      e.     Contracts and Leases Entered Into After the Petition Date. Contracts, leases and other agreements entered into after the Petition Date by the City, including (a) any Executory Contracts or Unexpired Leases assumed by the City and (b) the collective bargaining agreements identified on Exhibit II.D.5 to the Plan, will be performed by the City in the ordinary course of its business. Accordingly, such contracts and leases (including any assumed Executory Contracts or Unexpired Leases) will survive and remain unaffected by entry of the Confirmation Order.

      f.     Rejection of Executory Contracts and Unexpired Leases. Each Executory Contract and Unexpired Lease that is listed on Exhibit II.D.6 to the Plan was deemed rejected as of the Effective Date pursuant to section 365 of the Bankruptcy Code. The Confirmation Order constitutes an order of the Bankruptcy Court approving such rejections, pursuant to section 365 of the Bankruptcy Code, as of the later of: (a) the Effective Date or (b) the resolution of any objection to the proposed rejection of an Executory Contract or Unexpired Lease. Each contract or lease listed on Exhibit II.D.6 to the Plan is rejected only to the extent that any such contract or lease constitutes an

-5-

Executory Contract or Unexpired Lease. Listing a contract or lease on Exhibit II.D.6 to the Plan does not constitute an admission by the City that such contract or lease is an Executory Contract or Unexpired Lease or that the City has any liability thereunder. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan shall be treated as Class 14 Claims (Other Unsecured Claims), subject to the provisions of section 502 of the Bankruptcy Code.

g.    Rejection Damages Bar Date. Except as otherwise provided in a **Final Order of the Bankruptcy Court approving the rejection of an Executory Contract or Unexpired Lease, Claims arising out of the rejection of an Executory Contract or Unexpired Lease must be Filed with the Bankruptcy Court and served upon counsel to the City on or before the later of: (a) 45 days after the Effective Date, i.e., January 26, 2015; or (b) 45 days after such Executory Contract or Unexpired Lease is rejected pursuant to a Final Order or designated for rejection in accordance with Section II.D.3 of the Plan. Any Claims not Filed within such applicable time periods will be forever barred from receiving a Distribution from, and shall not be enforceable against, the City. Proof of claim forms and instructions for filing claims can be found at the City's restructuring website, https://www.kccllc.net/detroit.**

h.    Preexisting Obligations to the City Under Rejected Executory Contracts and Unexpired Leases. Pursuant to section 365(g) of the Bankruptcy Code, rejection of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall constitute a breach of such contract or lease and not a termination thereof, and all obligations owing to the City under such contract or lease as of the date of such breach shall remain owing to the City upon rejection. Notwithstanding any applicable non-bankruptcy law to the contrary, the City expressly reserves and does not waive any right to receive, or any continuing obligation of a non-City party to provide, warranties, indemnifications or continued maintenance obligations on goods previously purchased, or services previously received, by the City from non-City parties to rejected Executory Contracts or Unexpired Leases, and any such rights shall remain vested in the City as of the Effective Date.

i.    Insurance Policies. From and after the Effective Date, each of the City's insurance policies (other than welfare benefits insurance policies) in existence as of or prior to the Effective Date are reinstated and continue in full force and effect in accordance with their terms and, to the extent applicable, are deemed assumed by the City pursuant to section 365 of the Bankruptcy Code and Section II.D.1 of the Plan. Nothing contained in the Plan shall constitute or be deemed a waiver of any Causes of Action that the City may hold against any Entity, including any insurer under any of the City's insurance policies. For the avoidance of doubt, nothing contained in Section II.D.9 of the Plan shall apply to reinstate or continue any obligation of the City or any fund thereof to any Bond Insurer.

6.    Payment of Administrative Claims.

a.    Administrative Claims in General. Except as specified in Section II.A.1 of the Plan, and subject to the bar date provisions therein, unless otherwise agreed by the Holder of an Administrative Claim and the City, or ordered by the Bankruptcy Court, each Holder of an Allowed Administrative Claim will receive, in full satisfaction of such Allowed Administrative Claim, Cash in an amount equal to such Allowed Administrative Claim either: (1) on the Effective Date or as soon as reasonably practicable thereafter; or (2) if the Administrative Claim is not Allowed as of the Effective Date, 30 days after the date on which such Administrative Claim becomes an Allowed Claim. No Claim of any official or unofficial creditors' committee or any member thereof for professionals' fees or other costs and expenses incurred by such creditors' committee or by a member of such creditors' committee shall constitute an Allowed Administrative Claim, except that the Retiree Committee's members and the Retiree Committee Professionals shall be entitled to payment in accordance with the Fee Review Order and any additional fee process established by the Court.

-6-

7. **Bar Dates for Administrative Claims.**

　　a. 　　_General Bar Date Provisions._ Except as otherwise provided in subparagraphs 7(b) or 7(c) below or in a Bar Date Order or other order of the Bankruptcy Court, unless previously Filed, requests for payment of Administrative Claims must be Filed and served on the City no later than 45 days after the Effective Date, _i.e._, January 26, 2015. Holders of Administrative Claims that are required to File and serve a request for payment of such Administrative Claims and that do not File and serve such a request by the applicable Bar Date will be forever barred from asserting such Administrative Claims against the City or its property, and such Administrative Claims will be deemed discharged as of the Effective Date. Objections to such requests must be Filed and served on the City and the requesting party by the later of (i) 150 days after the Effective Date, _i.e._, May 11, 2015, (ii) 60 days after the Filing of the applicable request for payment of Administrative Claims or (iii) such other period of limitation as may be specifically fixed by a Final Order for objecting to such Administrative Claims.

　　b. 　　_Ordinary Course Claims._ Holders of Claims based on Liabilities incurred by the City after the Petition Date in the ordinary course of its operations are not required to File or serve a request for payment or application for allowance of such Claims. Such Claims will be paid by the City, pursuant to the terms and conditions of the particular transaction giving rise to such Claims, without further action by the Holders of such Claims or further action or approval of the Bankruptcy Court.

　　c. 　　_Claims Under the Postpetition Financing Agreement._ Holders of Administrative Claims that are Postpetition Financing Claims are not required to File or serve any request for payment or application for allowance of such Claims. Such Administrative Claims will be satisfied as set forth in subparagraph 7(b) above.

　　d. 　　_No Modification of Bar Date Order._ The Plan does not modify any other Bar Date Order, including Bar Dates for Claims entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code.

8. **ASF Recoupment Cash Option.**

　　a. 　　_ASF Recoupment Cash Option Election._ No later than seven days following the Effective Date, _i.e._, December 17, 2014, the City, through its Claims and Balloting Agent, will send the ASF Election Notice and the ASF Election Form by first-class U.S. mail to each ASF Distribution Recipient. The ASF Election Notice will notify ASF Distribution Recipients that each ASF Distribution Recipient may elect to pay the total amount of his or her ASF Recoupment in a single lump sum by timely returning a properly-completed ASF Election Form. The ASF Election Form will explain that the amount of the ASF Recoupment Cash Payment shall be equal to the total amount of ASF Recoupment shown on the ASF Distribution Recipient's Ballot, unless the aggregate amount of ASF Recoupment for all ASF Distribution Recipients electing the ASF Recoupment Cash Option exceeds $30,000,000, in which case (i) the ASF Recoupment Cash Payment will be the ASF Distribution Recipient's Pro Rata portion of $30,000,000, and (ii) the remaining portion of the ASF Distribution Recipient's ASF Recoupment will be annuitized and deducted from the ASF Distribution Recipient's monthly pension check, as provided for in Section II.B.3.r.ii.D.2.i of the Plan. _An ASF Distribution Recipient must return his or her ASF Election Form to the Claims and Balloting Agent so that it is actually received by the Claims and Balloting Agent by the ASF Election Date, i.e., 35 days after the date on which the ASF Election Form is mailed._

　　b. 　　_ASF Recoupment Cash Payment._ GRS will mail the ASF Final Cash Payment Notice no later than 14 days after the ASF Election Date. The ASF Final Cash Payment Notice

-7-

is a notice that will be sent to each ASF Distribution Recipient who timely elects the ASF Recoupment Cash Option, and will indicate the amount of such ASF Distribution Recipient's ASF Recoupment Cash Payment. *ASF Distribution Recipients shall have until the ASF Final Cash Payment Date – i.e., the later of (i) 90 days after the Effective Date, i.e., March 10, 2015 or (ii) 30 days after the date of mailing of an ASF Final Cash Payment Notice – to make the ASF Recoupment Cash Payment, which payment must be made by cashier's check or wire transfer and may not be made by personal check. If an ASF Distribution Recipient's ASF Recoupment Cash Payment is not received by the ASF Final Cash Payment Date, GRS will notify the ASF Distribution Recipient of the failure to timely pay, and ASF Recoupment will be effected through diminution of such recipient's monthly pension check, as provided for in Section II.B.3.r.ii.D.2.i of the Plan.* The calculation of each electing ASF Distribution Recipient's ASF Recoupment Cash Payment shall not be adjusted under any circumstances, including as a result of default by any other electing ASF Distribution Recipient to remit his or her ASF Recoupment Cash Payment by the ASF Final Cash Payment Date.

9.    **Copies of the Plan and Confirmation Order.** Copies of the Plan, Confirmation Order and all other documents Filed in the Chapter 9 Case may be obtained, free of charge, from the City's restructuring website at https://www.kccllc.net/detroit or from Kurtzman Carson Consultants LLC by calling (877) 298-6236 (toll-free).

<center>BY ORDER OF THE COURT</center>

David G. Heiman (OH 0038271)
Heather Lennox (OH 0059649)
Thomas A. Wilson (OH 0077047)
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

Bruce Bennett (CA 105430)
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 243-2382
Facsimile: (213) 243-2539
bbennett@jonesday.com

Jonathan S. Green (MI P33140)
Stephen S. LaPlante (MI P48063)
MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

<center>ATTORNEYS FOR THE CITY</center>

<center>-8-</center>

City of Detroit, Michigan
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

PRF 69221    11748984                    014352

Clarence Haynes
The Reizen Law Group
333 West 7th Street, Suite 360
Royal Oak MI 48067

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES,

          Plaintiff,

v

CITY OF DETROIT and KAVITABEN
MANISHKUMAR DESAI,

          Defendants.

Case No.: 14 009320 NI
Honorable Patricia Fresard

14-009320-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/22/2015 2:49:22 PM
CATHY M. GARRETT

SCOTT R. REIZEN (P 63724)
MELISSA A. PODE (P 76551)
The Reizen Law Group
Attorney for the Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI 48067
248/554-3440 // 248/750-0790 fax
scott@reizenlaw.com / melissa@reizenlaw.com

THOMAS R. CHARBONEAU, JR. (P 51831)
Sills, Charboneau & Barnett, P.C.
Attorney for Defendant Desai
2041 E. Square Lake Road, Suite 100
Troy, MI 48085
248/644-3600 // 248/901-4842 fax
tcharblaw@gmail.com

CALVERT BAILEY (P 42409)
City of Detroit Law Department
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
313/237-3004 // 313/224-5505 fax
bailc@detroitmi.gov

## NOTICE OF HEARING

    PLEASE TAKE NOTICE that on Friday, May 1, 2015, at 9:00 a.m., Plaintiff's Motion to

Lift Bankruptcy Stay will be brought for hearing before the Honorable Patricia Fresard in her

courtroom at the Wayne County Circuit Court, or as soon thereafter as counsel may be heard.

          THE REIZEN LAW GROUP

          /s/ Scott R. Reizen
          SCOTT R. REIZEN (P 63724)
          Attorney for Plaintiff
          333 W. Seventh Street, Suite 360
          Royal Oak, MI 48067
          248/554-3440//248/750-0790 fax

DATED:    April 22, 2015    scott@reizenlaw.com

**EXHIBIT 6G – MOTION TO SET ASIDE CASE EVALUATION**

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**CLARENCE HAYNES**

      Plaintiff,

      v

      Case No.14-009320 NI
      Hon. Patricia P. Fresard

**CITY OF DETROIT and
KAVITABEN MANISHKUMAR DESAI,**
      Defendants,

_____/

**SCOTT R. REIZEN** (P-63724)
**MELISSA A. PODEN**(P-76551)
Attorneys For Plaintiff
333 W. 7th St., Ste. 360
Royal Oak, MI 48067
(248) 350-3700
scott@reizenlaw.com
mellisa@reizenlaw.com

**CALVERT BAILEY** (P-42409)
Attorney for Defendant City
2 Woodward Ave., Ste. 500
Detroit, Michigan 48226
(313) 237-3004
bailc@detroitmi.gov

_____/

14-009320-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/1/2015 8:53:39 AM
CATHY M. GARRETT

## DEFENDANT CITY OF DETROIT'S MOTION TO SET ASIDE CASE EVALUATION

      **NOW COME** Defendant City of Detroit, by and through its undersigned attorney and moves this Honorable Court for an Order To Set Aside Case Evaluation and in support of states the following:

    1.    That Plaintiff filed a Complaint against Defendant City on July 18, 2015.

    2.    That Plaintiff seeks damages for first-party No-Fault Benefits against Defendant City.

    3.    That Defendant City of Detroit filed a Notice of Suggestion of Pendency of

Bankruptcy Case and Application of the Automatic Stay on October 3, 2014, (See attached).

5.    That the case against Defendant City was administratively closed by Application of the Automatic Stay.

6.    That the case proceeded against Defendant Desai.

7.    That Plaintiff filed a Motion To Lift Bankruptcy Stay.

8.    That this Court did not rule on Plaintiff's Motion.

9.    That Defendant Desai was dismissed from the case on April 24, 2014.

10.   That Plaintiff proceeded to Case Evaluation against Defendant City on May 5, 2015 even though the case had not been reopened as to Defendant City.

11.   That Plaintiff received a case evaluation award against Defendant City even though Defendant City has not participated in the case due to the bankruptcy stay.

12.   That the award against Defendant City is improper and should be set aside.

13.   That Plaintiff's concurrence was sought on May 28, 2015 and was denied.

    **WHEREFORE,** Defendant City of Detroit respectfully request this Honorable Court grant their Motion To Set Aside Case Evaluation Award rule on Plaintiff's Motion To Lift Bankruptcy Stay.

                        Respectfully Submitted,

                        /s/ Calvert Bailey
                        **CALVERT BAILEY (P-42409)**
                        Attorney for Defendant City
                        2 Woodward Ave., Ste. 500
                        Detroit, MI 48226
                        (313) 237-3004

Dated: May 28, 2015

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**CLARENCE HAYNES**

     Plaintiff,

                                       Case No.13-007308 NI
                                       Hon. Patricia P. Fresard

v

**CITY OF DETROIT,**
     Defendant

_____/

**SCOTT R. REIZEN (P-63724)**
**MELISSA A. PODEN(P-76551)**
Attorneys For Plaintiff
333 W. 7th St., Ste. 360
Royal Oak, MI 48067
(248) 350-3700
scott@reizenlaw.com
mellisa@reizenlaw.com

**CALVERT BAILEY (P-42409)**
Attorney for Defendant City
2 Woodward Ave., Ste. 500
Detroit, Michigan 48226
(313) 237-3004
bailc@detroitmi.gov

_____/

## MEMORANDUM OF AUTHORITIES

    **NOW COMES,** Defendant City of Detroit, by and through its undersigned attorney and in support of its Motion To Set Aside Case Evaluation relies upon the attached Notice of Suggestion of Pendency Of Bankruptcy Case And Application of Automatic Stay.

    **WHEREFORE,** Defendant City of Detroit respectfully request this Honorable Court grant their Motion To Set Aside Case Evaluation Award rule on Plaintiff's Motion To Lift

Bankruptcy Stay.

Respectfully Submitted,

/s/ Calvert Bailey
**CALVERT BAILEY (P-42409)**
Attorney for Defendant City
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-3004

Dated: May 28, 2015

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES

  Plaintiff,

  v

CITY OF DETROIT,
  Defendant

_____/

SCOTT R. REIZEN (P-63724)
Attorney For Plaintiff
333 W. 7th St., Ste. 360
Royal Oak, MI 48067
(248) 350-3700
sreizen@thereizenlawgroup.com

CALVERT BAILEY (P-42409)
Attorney for Defendant City
2 Woodward Ave., Ste. 500
Detroit, Michigan 48226
(313) 237-3004
bailc@detroitmi.gov

_____/

Case No.14-009320 NI
Hon. Patricia P. Fresard

14-009320-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/3/2014 3:38:39 PM
CATHY M. GARRETT

## NOTICE OF SUGGESTION OF PENDENCY OF
## BANKRUPTCY CASE AND APPLICATION OF THE AUTOMATIC STAY

  PLEASE TAKE NOTICE THAT, on July 18, 2013 (the "Petition Date"), the

City of Detroit, Michigan (the "City") filed a petition for relief under chapter 9 of title 11 of the

United States Code (the "Bankruptcy Code"). The City's bankruptcy case is captioned *In re City*

*of Detroit, Michigan*, Case No. 13-53846, (Bankr. E.D. Mich.) (the "Chapter 9 Case"), and is

pending in the United States Bankruptcy Court for the Eastern District of Michigan

(the "Bankruptcy Court"). A copy of the voluntary petition filed with the Bankruptcy Court

commencing the Chapter 9 Case is attached hereto as Exhibit A.

K:\DOCS\LIT\BAILC\n24000\misc\CB2600.WPD

PLEASE TAKE FURTHER NOTICE THAT, in accordance with the automatic stay imposed by operation of sections 362 and 922 of the Bankruptcy Code (the "Stay"), from and after the Petition Date, no act to (i) exercise control over property of the City or (ii) collect, assess or recover a claim against the City that arose before the commencement of the Chapter 9 Case may be commenced or continued against the City without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

PLEASE TAKE FURTHER NOTICE THAT, in accordance with the Stay, from and after the Petition Date, no cause of action arising prior to, or relating to the period prior to, the Petition Date may be commenced or continued against (i) the City, in any judicial, administrative or other action or proceeding, or (ii) an officer or inhabitant of the City, in any judicial, administrative or other action or proceeding that seeks to enforce a claim against the City, and no related judgment or order may be entered or enforced against the City outside of the Bankruptcy Court without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

PLEASE TAKE FURTHER NOTICE THAT actions taken in violation of the Stay, and judgments or orders entered or enforced against the City, or its officers or inhabitants to enforce a claim against the City, while the Stay is in effect, are void and without effect.

PLEASE TAKE FURTHER NOTICE THAT neither the Bankruptcy Court nor the United States District Court for the Eastern District of Michigan has issued an order lifting or modifying the Stay for the specific purpose of allowing any party to the above-captioned proceeding to commence or continue any cause of action against the City or its officers or inhabitants. As such, the above-captioned proceeding may not be prosecuted, and no valid

K:\DOCS\LIT\BAILCA\24000\mlso\CB2600.WPD

judgment or order may be entered or enforced against the City or its officers or inhabitants.

PLEASE TAKE FURTHER NOTICE THAT, in light of the foregoing, the City will not defend against, or take any other action with respect to, the above-captioned proceeding while the Stay remains in effect.

K:\DOCS\LIT\BAILC\a24000\miso\CB2600.WPD

**PLEASE TAKE FURTHER NOTICE THAT** the City hereby expressly reserves all rights with respect to the above-captioned proceeding, including, but not limited to, the right to move to vacate any judgment entered in the above-captioned proceeding as void.

Respectfully submitted,

_/s/ Calvert Bailey_
**CALVERT BAILEY (P-42409)**
Attorney for Defendant City of Detroit
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-3004

Dated: October 3, 2014

---

### An e-File Certificate of Service

On October 2, 2014 I certify that a copy of Notice of Suggestion was e-filed to the attorney of record via the Odyssey Electronic Court e-Filing System, which notifies the attorney of same via e-mail a notification of the court accepted e-filed document.

The statement above is true to the best of my knowledge, information and belief.

_/s/ Joanne Robinson_

---

K:\DOCS\LIT\BAILC\a24000\mlsa\CB2600.WPD

**CLARENCE HAYNES**

        Plaintiff,

vs.

**CITY OF DETROIT and
KAVITABEN MASNISHKUMAR DESAI,**

        Defendants.

Hon. Patricia P. Fresard

Case No. 14-009320-NI

14-009320-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/1/2015 8:53:39 AM
CATHY M. GARRETT

| | |
|---|---|
| SCOTT R. REIZEN (P-63724) | CALVERT BAILEY (P-42409) |
| MELISSA A. PODE (P-76551) | CITY OF DETROIT LAW DEPARTMENT |
| Attorneys for Plaintiff | Attorney for Defendant City of Detroit |
| 333 W. 7th St., Ste. 360 | 2 Woodward Ave. Ste. 500 |
| Royal Oak, MI 48067 | Detroit, MI 48226 |
| (248) 350-3700 | bailc@detroitmi.gov |
| scott@reizenlaw.com | |
| melissa@reizenlaw.com | |

## AN EFILE CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the Defendant City of Detroit's Motion to Set Aside Case Evaluation and this Proof of Service was served on the attorney(s) of record of all parties to the above cause via Odyssey Electronic Court E-Filing System, which notifies the attorney of the same via e-mail a notification of the court accepted e-filed document and mailing same to them at their respective addresses as disclosed by the pleading of record herein, with postage fully prepaid thereon May 28, 2015.

The statement above is true to the best of my knowledge, information and belief.

/s/ *Alondra L. Myles*

.

 

### Third Judicial Circuit of Michigan

Home   Make a Payment   General Information   Administration   Divisions   Forms   Publications   Press Releases   Programs & Services

## Electronic Praecipe

**STEP 4: Verify and Submit**

Title: Haynes, Clarence v City of Detroit

Case Number: 14-009320-NI     Judge: Patricia Perez Fresard

Attorney: Calvert A. Bailey     Email Address: bailc@detroitmi.gov

Motion Date: 6/12/2015     Motion Time: 9:00 AM

Motion Title: Motion to Set Aside Case Evaluation

Moving Party: Calvert Bailey     Phone Number: (313) 237-3004

I certify that I have had personal contact with Plaintiff via e-mail on 6/1/2015 regarding concurrence in the relief sought in this motion and that concurrence has been denied or that I have made responsible and diligent attempts to contact counsel requesting concurrence with motion.

Adjournment Request

[ Back ]   [ Cancel ]   [ Submit ]

About Us  |  Privacy Policy  | © 2015 Third Judicial Circuit Court   

https://www.3rdcc.org/ePraecipe/ePraecipe.aspx                6/1/2015

# STATE OF MICHIGAN

# IN THE WAYNE COUNTY CIRCUIT COURT

**CLARENCE HAYNES**

      Plaintiff,

Hon. Patricia P. Fresard

Case No. 14-009320-NI

vs.

**CITY OF DETROIT and
KAVITABEN MASNISHKUMAR DESAI,**

      Defendants.

14-009320-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/1/2015 11:54:30 AM
CATHY M. GARRETT

---

| | |
|---|---|
| SCOTT R. REIZEN (P-63724)<br>MELISSA A. PODE (P-76551)<br>Attorneys for Plaintiff<br>333 W. 7th St., Ste. 360<br>Royal Oak, MI 48067<br>(248) 350-3700<br>scott@reizenlaw.com<br>melissa@reizenlaw.com | CALVERT BAILEY (P-42409)<br>CITY OF DETROIT LAW DEPARTMENT<br>Attorney for Defendant City of Detroit<br>2 Woodward Ave. Ste. 500<br>Detroit, MI 48226<br>bailc@detroitmi.gov |

---

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that a hearing on **Plaintiff's Motion To Set Aside Case Evaluation** will be scheduled for hearing by the undersigned in the Circuit Court before the Honorable Patricia P. Fresard, Court Room 1707 of the Coleman A. Young Municipal Center in Detroit, MI 48226, on Friday, June 12, 2015 at 9:00 a.m.

 

                    */s/ Calvert Bailey*
                    Calvert Bailey
                    Attorney for City of Detroit

# STATE OF MICHIGAN

## IN THE WAYNE COUNTY CIRCUIT COURT

**CLARENCE HAYNES**

     Plaintiff,

          Hon. Patricia P. Fresard

          Case No. 14-009320-NI

vs.

**CITY OF DETROIT and**
**KAVITABEN MASNISHKUMAR DESAI,**

     Defendants.

---

| | |
|---|---|
| SCOTT R. REIZEN (P-63724) | CALVERT BAILEY (P-42409) |
| MELISSA A. PODE (P-76551) | CITY OF DETROIT LAW DEPARTMENT |
| Attorneys for Plaintiff | Attorney for Defendant City of Detroit |
| 333 W. 7th St., Ste. 360 | 2 Woodward Ave. Ste. 500 |
| Royal Oak, MI 48067 | Detroit, MI 48226 |
| (248) 350-3700 | bailc@detroitmi.gov |
| scott@reizenlaw.com | |
| melissa@reizenlaw.com | |

---

## PROOF OF SERVICE

The undersigned certifies that a copy of the Notice of Hearing and this Proof of Service was served on the attorney(s) of record of all parties to the above cause by mailing same to them at their respective addresses as disclosed by the pleading of record herein, with postage fully prepaid thereon June 1, 2015.

The statement above is true to the best of my knowledge, information and belief.

*/s/ Alondra L. Myles*

# EXHIBIT 6H – PLAINTIFF'S RESPONSE TO MOTION TO SET ASIDE CASE EVALUATION

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES,

        Plaintiff,

v

                                    Case No.: 14 009320 NI
                                    Honorable Patricia Fresard

CITY OF DETROIT and KAVITABEN
MANISHKUMAR DESAI,

        Defendants.

14-009320-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/8/2015 10:47:03 AM
CATHY M. GARRETT

SCOTT R. REIZEN  (P 63724)
MELISSA A. PODE (P 76551)
The Reizen Law Group
Attorney for the Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI  48067
248/554-3440 // 248/750-0790 fax
scott@reizenlaw.com / melissa@reizenlaw.com

THOMAS R. CHARBONEAU, JR. (P 31837)
Sills, Charboneau & Barnett, P.C.
Attorney for Defendant Desai
2041 E. Square Lake Road, Suite 100
Troy, MI  48085
248/644-3600 // 248/901-4842 fax
tcharblaw@gmail.com

CALVERT BAILEY  (P 42409)
City of Detroit Law Department
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI  48226
313/237-3004 // 313/224-5505 fax
bailc@detroitmi.gov

## PLAINTIFF'S RESPONSE TO DEFENDANT, CITY OF DETROIT'S, MOTION TO SET ASIDE CASE EVALUATION

      NOW COMES Plaintiff, Clarence Haynes, by and through his attorneys, The Reizen Law

Group, and for Plaintiff's Response to Defendant, City of Detroit's, Motion to Set Aside Case

Evaluation, states as follows:

    1. Admitted

    2. Admitted

<div align="center">1</div>

3. Admitted

4. Defendant did not have a paragraph 4; therefore, no response necessary.

5. Denied. The Application of the Automatic Stay applied to debts incurred prior to the Petition Date of July 18, 2013. Plaintiff's No-Fault claims that are the subject of the present litigation were incurred after July 18, 2013. See Plaintiff's First Amended Complaint attached as Exhibit A.

6. Admitted.

7. Admitted to the extent that Plaintiff filed a Motion to Lift the Bankruptcy Stay in an effort to demonstrate to Defendant, City of Detroit, that no stay had been placed on the proceedings. Defendant, City of Detroit, failed to participate in the litigation process. At each stage Plaintiff's counsel was informed that Defendant, City of Detroit, would not be appearing as the case was stayed.

8. Denied. This Honorable Court dismissed Plaintiff's Motion as there was no Stay to be lifted.

9. Admitted.

10. Admitted that Case Evaluation proceeded on May 5, 2015. Denied that the case had not been reopened as the case was never closed or stayed.

11. Admitted that Plaintiff received a Case Evaluation Award. Denied that there was a Stay of Proceedings. Plaintiff is not responsible to manage both Plaintiff's and Defendant's case. Defendant has failed to participate in litigation despite Plaintiff's counsel adamantly denying any Stay throughout the proceedings.

12. Denied. Defendant had every opportunity to appear. Plaintiff's counsel waited over an hour past the scheduled time for Case Evaluation before having an award entered.

2

Furthermore, another Counsel from The City of Detroit Legal Department was present for the Case Evaluation. Therefore, Defendant was afforded the opportunity to have Counsel present.

13. Plaintiff will not concur as the relief sought is improper.

**WHEREFORE**, Plaintiff respectfully request that this Honorable Court Deny Defendant's Motion with prejudice.

Respectfully Submitted,

THE REIZEN LAW GROUP

/s/ *Melissa A. Pode*

SCOTT R. REIZEN (P 63724)
MELISSA A. PODE (P76551)
Attorneys for Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI 48067
248/554-3440//248/750-0790 fax
melissa@reizenlaw.com

DATED:       June 8, 2015

3

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES,

        Plaintiff,

v

CITY OF DETROIT and KAVITABEN
MANISHKUMAR DESAI,

        Defendants.

Case No.: 14 009320 NI
Honorable Patricia Fresard

---

SCOTT R. REIZEN  (P 63724)
MELISSA A. PODE (P 76551)
The Reizen Law Group
Attorney for the Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI 48067
248/554-3440 // 248/750-0790 fax
scott@reizenlaw.com / melissa@reizenlaw.com

THOMAS R. CHARBONEAU, JR.  (P 31837)
Sills, Charboneau & Barnett, P.C.
Attorney for Defendant Desai
2041 E. Square Lake Road, Suite 100
Troy, MI 48085
248/644-3600 // 248/901-4842 fax
tcharblaw@gmail.com

CALVERT BAILEY  (P 42409)
City of Detroit Law Department
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
313/237-3004 // 313/224-5505 fax
bailc@detroitmi.gov

---

## BRIEF IN OPPOSITION

The present lawsuit is for No Fault benefits incurred after July 18, 2013 and arising out of a motor vehicle accident on November 6, 2012 accident. Plaintiff filed a previous lawsuit against Defendant, City of Detroit, and was assigned the case number 13-007308-NI. **Exhibit B.** The prior case included No-Fault Benefits incurred prior to the July 18, 2013 the proceedings were administratively closed on September 6, 2013 due and the claims submitted to the Bankruptcy Court. **Exhibit C Register of Action.** On July 18, 2014 Plaintiff filed a subsequent lawsuit against

1

Defendant, City of Detroit, for No-Fault benefits that were not a part of the Bankruptcy Proceedings as the benefits accrued after July 18, 2013. The case was assigned the case number 14-009320-NI. **Exhibit D.** Due to a clerical error, Plaintiff did not include in his complaint the language that would reflect that claims included only benefits accrued after July 18, 2013 (the Bankruptcy Petition Date). On or about December 3, 2014, the Parties agreed by stipulation to allow Plaintiff to amend his complaint. **Exhibit E.** On December 3, 2014 Plaintiff filed an amended Complaint alleging outstanding No-Fault Benefits against Defendant, City of Detroit, "accrued after July 18, 2013." **See Exhibit A paragraph 18.**

Defendant has failed to participate in the litigation process. Defendant Desai noticed the deposition of Plaintiff for February 23, 2015. Plaintiff's counsel's office called Defendant, City of Detroit's, counsel on the date of the deposition and was informed that Defendant did not intend to be present as there was a stay on the proceeding. Plaintiff's counsel's office stated that the case was not stayed and that the deposition would go forward. Defendant, City of Detroit, continued to insist there was a stay of proceedings so on April 22, 2015 Plaintiff filed a Motion to Lift Bankruptcy Stay. Plaintiff's motion was dismissed by the Court as there was no Stay to lift. Defendant still insisted that the case had been stayed.

Case Evaluation was set for May 5, 2015. Defendant did not file a summary. Plaintiff appeared on the date of Case Evaluation and called Defendant's counsel to obtain status of his appearance to no avail. Plaintiff's counsel waited over an hour for Defendant's counsel to return a call. Thankfully, Plaintiff had another case with the City of Detroit set for Case Evaluation on the same date. The attorney representing the City of Detroit in that matter agreed to appear on behalf to the City of Detroit in the present matter.

2

Defendant, City of Detroit, no seeks to have the Case Evaluation set aside. Defendant admits in its own motion that it has not participated in the case. (See Paragraph 11 of Defendant's Motion). Defendant argues that the case has been stayed; however, the case against the City of Detroit was never stayed in this matter. **Exhibit F.** It is not Plaintiff's counsel's job to manage Defendant's case. Defendant has been served with the Pleadings in this matter and at no time did this Honorable Court enter a Stay. **Exhibit F.**

Defendant has not sited any legal authority for its position. The Case Evaluation Award in this matter was not improper as the case was not stayed.

**WHEREFORE,** Plaintiff respectfully request that this Honorable Court Deny Defendant's Motion with prejudice.

Respectfully Submitted,

THE REIZEN LAW GROUP

/s/ *Melissa A. Pode*

SCOTT R. REIZEN (P 63724)
MELISSA A. PODE (P76551)
Attorneys for Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI 48067
248/554-3440//248/750-0790 fax
melissa@reizenlaw.com

DATED: June 8, 2015

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing document(s) was/were served upon all parties to the above cause of action by way of the Court's efiling system on June 8, 2015.

/s/ *Melissa A. Pode*
Melissa A. Pode

3

# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES,

Plaintiff,

v

Case No.: 14 009320 NI
Honorable Patricia Fresard

CITY OF DETROIT and KAVITABEN
MANISHKUMAR DESAI,

Defendants.

---

SCOTT R. REIZEN (P 63724)
MELISSA A. PODE (P 76551)
The Reizen Law Group
Attorney for the Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI 48067
248/554-3440 // 248/750-0790 fax
scott@reizenlaw.com / melissa@reizenlaw.com

THOMAS R. CHARBONEAU, JR. (P 31837)
Sills, Charboneau & Barnett, P.C.
Attorney for Defendant Desai
2041 E. Square Lake Road, Suite 100
Troy, MI 48085
248/644-3600 // 248/901-4842 fax
tcharblaw@gmail.com

CALVERT BAILEY (P 42409)
City of Detroit Law Department
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
313/237-3004 // 313/224-5505 fax
bailc@detroitmi.gov

---

A civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint has been previously filed in the Wayne County Circuit Court. The action against this individual is no longer pending under docket number is 13-007308-NI and was assigned to the Honorable Patricia P. Fresard.

## FIRST AMENDED COMPLAINT

NOW COMES PLAINTIFF, Clarence Haynes, by and through his attorneys, The Reizen Law Group, and for his First Amended Complaint against Defendants, City of Detroit and Kavitaben Manishkumar Desai, states as follows:

## GENERAL ALLEGATIONS

1.     Plaintiff, Clarence Haynes, is a resident of the City of Detroit, County of Wayne, and State of Michigan.

2.     Defendant, City of Detroit, is a municipal corporation located in the County of Wayne, State of Michigan.

3.     Defendant, Kavitaben Manishkumar Desai (Desai), is believed to be a resident of the City of Newport, County of Monroe, and State of Michigan.

4.     The amount in controversy exceeds the sum of Twenty-Five Thousand ($25,000) Dollars, exclusive of costs, interest and attorney fees.

## COUNT I
## OPERATOR NEGLIGENCE – DEFENDANT, KAVITABEN MANISHKUMAR DESAI

5.     Plaintiffs incorporate by reference paragraphs one through four of this Complaint as if specifically set forth herein, paragraph by paragraph, word for word.

6.     On or about November 6, 2012, Plaintiff, Clarence Haynes, was a passenger on a bus on westbound Grand Boulevard at or near its intersection with Lawton Street, County of Wayne, when it was struck by the vehicle driven by Defendant Desai.

7.     On that date and time, Defendant Desai was the owner operator of a Toyota Camry bearing Michigan license plate number CFZ1630, travelling westbound on Grand Boulevard at or near its intersection with Lawton Street when he failed to observe his surroundings in a careful and prudent manner, thereby striking Plaintiff's vehicle, causing the vehicles to collide with one another.

2

8.   Defendants Desai's negligence regarding the collision has inflicted severe and permanent injuries upon Plaintiff, resulting in serious impairments of body functions and serious injuries and damages as alleged in this Complaint.

9.   Defendant Desai had to obey the statutes and laws of the State of Michigan applicable to the operation of motor vehicles.

10.   The sole, direct and proximate cause of the aforesaid accident was because Defendant Desai was operating his vehicle in a negligent, careless and reckless manner, contrary to the Motor Vehicle Act of the State of Michigan in one or more of the following ways:

a)   driving said motor vehicle upon the highway in a careless, negligent, reckless and wanton manner in total disregard of the rights and safety of others lawfully upon the highway, and Plaintiff in particular, in violation of MCL 257.626 and MCL 257.626(b);

b)   failing to maintain a proper lookout and otherwise negligently operating a motor vehicle upon the highway so as to cause a collision, injury and harm to others and Plaintiff in particular, in violation of MCL 257.643;

c)   failing to make proper observations of the conditions of the highway and any other conditions then and there existing;

d)   failing to make proper observation of the traffic and conditions then and there existing in total disregard of the rights and safety of others and Plaintiff in particular in violation of MCL 257.647;

e)   driving said motor vehicle in a reckless and erratic manner in disregard of the rights and safety of others and Plaintiff in particular, which conduct and state of mind under the facts and circumstances amount to gross negligence in violation of MCL 257.626; and

f)   performing other acts of negligence not yet known to Plaintiff, but which will be ascertained during the course of discovery.

3

11.     As a direct and proximate result of the acts and omissions of Desai's, constituting negligence, gross negligence and unlawful conduct, Plaintiff Clarence Haynes sustained injuries which have caused pain, suffering, disability and mental anguish and will in the future cause pain, suffering, disability and mental anguish, permanently, and such other and further injuries, including but not limited to:

     a)   severely sprained ankle and lower back pain;

     b)   economic damages past and future;

     c)   pain and suffering, past and future, including, but not limited to:
         1.   physical pain and suffering;
         2.   mental anguish;
         3.   fright and shock;
         4.   denial of social pleasure, enjoyment; and
         5.   embarrassment, humiliation and mortification;

     d)   loss of some or all enjoyment of life; and

     e)   such other damages as may be allowed by the common law of the State of Michigan and/or the Michigan No-Fault Act.

12.     None of the alleged negligent acts or omissions by Defendant Desai were intentional within the meaning of MCLA 500.3135(3)(a).

13.     If it is discovered that Plaintiff was suffering from any medical conditions prior to this collision, then and in that event, Plaintiff claims that those conditions were precipitated, aggravated and/or accelerated by reason of the foregoing collision.

WHEREFORE, Plaintiff requests this Honorable Court enter judgment in his favor and against Defendant, Kavitaben Manishkumar Desai, in an amount determined to be fair, just and adequate compensation for the injuries and damages sustained by him, plus interest, costs and attorney fees in pursuing this action.

4

## COUNT II - NO-FAULT CLAIM
## CITY OF DETROIT

14.    Plaintiff incorporates by reference paragraphs one through four of the General Allegations and paragraphs five through 15 of Count I of this Complaint as if specifically set forth herein, paragraph by paragraph, word for word.

15.    On or about November 6, 2012, Plaintiff was involved in an automobile accident and sustained accidental bodily injuries for which he had to spend money for medical care and treatment, medication, incurred expenses from others in lieu of those services he would have performed for the benefit of himself had he not been injured and transportation expenses.

16.    As a provision of the policy of insurance issued by City of Detroit, Plaintiff became entitled to receive various benefits pursuant to the Michigan No-Fault Law.

17.    Plaintiff gave the Defendant City of Detroit due notice, in writing, of said accident and requested payments under the Michigan No-Fault Law for medical expenses, lost wages and expenses incurred in obtaining ordinary and necessary services for Twenty ($20) Dollars per day.

18.    Plaintiff is seeking benefits accrued after July 18, 2013.

19.    Plaintiff complied with and performed all of the terms and provisions of said policy of insurance upon his part to be so kept and performed.

20.    Defendant City of Detroit has wholly neglected and unreasonably refused to pay for medical expenses, wage loss, household replacement services and other benefits provided under the Michigan No-Fault Law.

WHEREFORE, Plaintiff requests this Honorable Court to enter a judgment in his favor and against Defendant, City of Detroit, in an amount determined to be fair, just and adequate

5

compensation for the injuries and damages sustained by him, plus interest, costs and attorney fees incurred in pursuing this action.

THE REIZEN LAW GROUP

/s/ *Scott R. Reizen*

SCOTT R. REIZEN  (P 63724)
Attorney for Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI  48067
248/554-3440//248/750-0790 fax
scott@reizenlaw.com

DATED:       December 3, 2014

6

# EXHIBIT B

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES,

      Plaintiff,

v

CITY OF DETROIT, a municipal
coporation, and KAVITABEN MANISHKUMAR
DESAI, an individual,

      Defendants.

Case No: 13-    -NI
Hon:

---

SCOTT R. REIZEN (P63724)
THE REIZEN LAW GROUP
Attorney for Plaintiff
333 W. 7th St, Suite 360
Royal Oak, MI 48067
(248) 554-3440/Fax: (248) 750-0790
scott@reizenlaw.com

---

There is no other civil action between these parties arising out of the same
transaction or occurrence as alleged in this Complaint pending in this Court; nor
has any such action been previously filed and dismissed or transferred after
having been assigned to a Judge; nor do I know of any other civil action, not
between these parties, arising out of the same transaction or occurrence as
alleged in this Complaint that is either pending or was previously filed and
dismissed, transferred, or otherwise disposed of after having been assigned to a
Judge in this Court.

          /s/ Scott R. Reizen
          SCOTT R. REIZEN P63724

## COMPLAINT

    NOW COMES the Plaintiff, Clarence Haynes, by and through his attorney, Scott R.

Reizen of The Reizen Law Group, and for his Complaint against Defendants, City of Detroit and

Kavitaben Manishkumar Desai, states as follows:

## GENERAL ALLEGATIONS

    1.      The Plaintiff is a resident of the City of Detroit, County of Wayne, and State of

Michigan.

2.    The Defendant, City of Detroit, is a municipal corporation located in the County of Wayne and State of Michigan.

3.    The Defendant, Kavitaben Manishkumar Desai (hereafter known as "Desai"), is a resident of the City of Newport, County of Monroe, State of Michigan.

4.    The amount in controversy is in excess of Twenty-Five Thousand ($25,000.00) dollars, exclusive of costs, interest and attorney fees.

5.    That on November 6, 2012, Plaintiff was a passenger owned and operated by the City of Detroit. The bus was traveling in the City of Detroit, County of Wayne, and State of Michigan, headed westbound on W. Grand Blvd., near its intersection with Lawton St., when Defendant, Desai, made an improper right turn in front of the bus causing the bus to collide with Defendant Desai's vehicle.

6.    On that date and at that time, Defendant Desai, failed to observe his surroundings in a careful and prudent manner, causing his vehicle to collide with another.

7.    Defendant, Desai's, contributory negligence regarding the referenced collision has inflicted upon Plaintiff severe and permanent injuries, serious impairment of body functions and serious injury and damages as alleged in this Complaint.

### COUNT I
### OPERATOR NEGLIGENCE - DEFENDANT DESAI

8.    Plaintiffs incorporate by reference Paragraphs 1-7, as though fully set forth herein.

9.    Defendant, Desai, was under a duty to obey the Statutes of the State of Michigan applicable to the operation of motor vehicles.

10.    Despite that duty, Defendant, Desai, breached it in the following manner:

   a.    in driving a motor vehicle upon the highway in a careless, negligent, reckless and wanton manner in total disregard of

the rights and safety of others lawfully upon the highway, in violation of MCL 257.626 and MCL 257.626(b);

b. in failing to maintain a proper lookout and in otherwise negligently operating a motor vehicle upon the highway so as to cause a collision, injury and harm to the Plaintiff in violation of MCL 257.643;

c. in driving a motor vehicle upon the highway at a rate of speed greater than would permit it to be stopped within the assured clear distance ahead in violation of MCL 257.627;

d. in failing to make proper observations of the conditions of the highway and any others conditions then and there existing;

e. in failing to apply her brakes to try to avoid the collision; in driving a motor vehicle in a reckless and erratic manner, in total disregard of the rights and safety of others, which conduct and state of mind under the facts and circumstances amounted to gross negligence, in violation of MCL 257.626;

f. in delaying attempted activation of audible and visual emergency equipment until actually entering a controlled intersection and without slowing down as necessary for safe operation in violation of MCL 257.603;

g. in performing other acts of negligence not yet known to plaintiff but which will be ascertained during the course of discovery in this litigation;

11. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries which have caused pain, suffering, disability and mental anguish and will in the future cause pain, suffering, disability, and mental anguish, permanently, and such other and further injuries and damages as may be disclosed through continuing course of treatment provided to her by her various medical providers.

12. As a further direct and proximate result of the automobile collision, Plaintiff sustained the following damages:

a. economic damages past and future;

b. pain and suffering, past and future, including, but not limited to:
1) physical pain and suffering;
2) mental anguish;
3) fright and shock;
4) denial of social pleasure, enjoyment; and
5) embarrassment, humiliation and mortification.

c. loss of some or all enjoyment of life; and

d.     such other damages as may be allowed by the common law
       of the State of Michigan and/or the Michigan No-Fault Act.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in his favor

and against Defendant, Kavitaben Manishkumar Desai, in an amount determined to be fair, just

and adequate compensation for the injuries and damages sustained by the him, plus interest, costs

and attorney fees in pursuing this action.

## COUNT II
## NO-FAULT CLAIM – CITY OF DETROIT

13.    Plaintiff incorporates by reference Paragraphs 1-12 as though fully set forth

herein.

14.    That relevant proofs of Personal Protection Insurance Benefits due and owing to

the Plaintiff, including, but not limited to medical expenses and attendant care services were

submitted to the Defendant City of Detroit on or around April 22, 2013, along with a demand

that Plaintiff be reimbursed for said amounts. However, despite that demand, the Defendant has

refused and to this date has neglected to pay Plaintiff the benefits, thereby causing a breach of

the contract of insurance.

15.    That the Defendant's denial or refusal to pay Personal Protection Insurance

benefits due to the Plaintiff has been arbitrary and without justification.

16.    That as a direct and proximate result of the Defendant's arbitrary refusal and

outrageous conduct in failing to pay said No-Fault benefits to the Plaintiff, the Plaintiff has been

compelled to hire an attorney to pursue his civil remedies and accordingly, the Plaintiff hereby

demands the additional benefits for said overdue payments pursuant to the Michigan No-Fault

Law.

17.    The motor vehicle operated in the accident at issue was owned by the City of

Detroit.

WHEREFORE, Plaintiff requests this Honorable Court to enter a judgment in his favor

and against Defendant, the City of Detroit, in an amount determined to be fair, just and adequate compensation for the injuries and damages sustained by his, plus interest, costs and attorneys' fees incurred in pursuing this action.

Respectfully submitted,

THE REIZEN LAW GROUP

/s/ Scott R. Reizen_____
SCOTT R. REIZEN (P63724)
Attorney for Plaintiff
333 W. 7th St, Suite 360
Royal Oak, MI 48067
(248) 554-3440/(248) 750-0790 – Fax
sreizen@thereizenlawgroup.com

Dated: June 4, 2013

# EXHIBIT C

Skip to Main Content Logout My Account Search Menu New Case Search Refine Search Back     Location : Non-Criminal Cases   Images   Web Access Instruction Manual

# REGISTER OF ACTIONS
## CASE NO. 13-007308-NI

| RELATED CASE INFORMATION |
|---|

**Related Cases**
13-013706-NF (Prior Action)
14-009320-NI (Prior Action)

| PARTY INFORMATION |
|---|

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | CITY OF DETROIT | Calvert A. Bailey *Retained* (313) 224-4550(W) |
| **Defendant** | DESAI, KAVITABEN MANISHKUMAR | |
| **Plaintiff** | HAYNES, CLARENCE | Scott Robert Reizen *Retained* (248) 554-3440(W) |

| EVENTS & ORDERS OF THE COURT |
|---|

| | **OTHER EVENTS AND HEARINGS** |
|---|---|
| 06/04/2013 | **Service Review Scheduled** |
| 06/04/2013 | **Status Conference Scheduled** |
| 06/04/2013 | **Complaint, Filed** |
| 06/04/2013 | **Case Filing Fee - Paid** |
| 07/08/2013 | **Return of Service, Filed** |
| 07/08/2013 | **Default, Request, Affidavit and Entry Filed** |
| 07/08/2013 | **Default, Request, Affidavit and Entry Filed** |
| 07/08/2013 | **Answer to Complaint, Filed** |
| 08/21/2013 | **Closed/Final - Admin Clsng Due to Bankrpty, Signed and Filed** (Judicial Officer: Fresard, Patricia Perez ) |
| 09/06/2013 | *CANCELED* **Status Conference** (8:15 AM) (Judicial Officer Fresard, Patricia Perez) *Case Disposed/Order Previously Entered* |
| | *09/03/2013 Reset by Court to 09/06/2013* |

13-53846-tjt   Doc 10073   Filed 07/20/15   Entered 07/20/15 14:13:11   Page 163 of 171

# EXHIBIT D

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | STATUS CONFERENCE SCHEDULING ORDER<br><br>☐ AMENDED ORDER | CASE NO.<br>**14-009320-NI** |
|---|---|---|

Haynes, Clarence v City of Detroit , et al.
Hon. Patricia Perez Fresard

Case Status:     Open Active
Status Conference Date:     10/01/2014
Filed Date:     07/18/2014

| PL | Haynes, Clarence | 63724 | Scott Robert Reizen | (248) 554-3440 |
|---|---|---|---|---|
| DF | City of Detroit | | | |
| DF | Desai, Kavitaben Manishkumar | 31837 | Thomas R. Charboneau | (248) 644-3600 |

1.   ☐ Service has been obtained and time for filing of the answer has not lapsed. IT IS ORDERED THAT:
      ☐ An adjourned Status Conference is to be held on: .
      ☐ PLAINTIFF IS ORDERED to notify all parties of this conference, and file proof of service with Clerk of the Court
        (Room 201 Coleman A. Young Municipal Center).
      ☐ The Court has established the schedule of events noted below and PLAINTIFF IS ORDERED to serve a copy of
        this Scheduling Order on all parties and file proof of service with the Clerk of the Court.

                                                  14-009320-NI
                                           FILED IN MY OFFICE
                                      WAYNE COUNTY CLERK

2.   ☐ Service has been obtained, time for filing an answer has lapsed and no answer has been filed by Defendant .
      Default shall be filed and served, and motion for entry of default judgment shall be filed and heard no later than .

                                           10/1/2014 12:18:01PM
                                       CATHY M. GARRETT
                                      /s/ Angela Strong-Cooper

3.   ☒ The following schedule of events is ordered:

Please check ( x ) Track Selection     ☒ Track #1     ☐ Track #2     ☐ Track #3     ☐ Other

| | Track #1 | Track #2 | Track #3 | Other |
|---|---|---|---|---|
| Witness Exchange Filing | 01/09/2015 | 03/27/2015 | 06/26/2015 | |
| Discovery Cutoff | 02/27/2015 | 05/29/2015 | 08/28/2015 | |
| Case Evaluation Month | 05/2015 | 07/2015 | 10/2015 | |
| Settlement Conference<br>(Case Evaluation date Plus 42 days) | 42 Days | 42 Days | 42 Days | |
| Other Conference | | | | |

Comments:   (1) All summary disposition motions must be scheduled in advance with the law clerk and filed no later than 28 days prior to the hearing date.

        Summary Disposition motions may not be heard less than sixty (60) days prior to trial.

      (2) All responses to be filed fourteen (14) days prior to motion date.

      (3) All pleadings should include fax numbers.

☐ ARISING OUT OF CASE #
Please check ( x ) if special case evaluation panel is applicable:
☐ COMMERICAL PANEL       ☐ EMPLOYMENT/DISCRIMINATION PANEL       ☐ BUSINESS COURT PANEL

NOTE:     **The specific trial attorneys, parties, lienholders and insurance representatives or other persons with authority to make a final**
          **decision as to settlement are required to appear at the Settlement Conference, unless excused by the assigned judge.**
NOTICE:   **This constitutes a duly entered Order of this Court, and failure to comply strictly with all its terms, may result in sanctions.**

| Attorney for Plaintiff | Bar No. | Attorney for Defendant | Bar No. |
|---|---|---|---|
| | | | |
| Attorney for Plaintiff | Bar No. | Attorney for Defendant | Bar No. |
| | | /s/ Patricia Perez Fresard | 10/1/2014 |
| | | Circuit Court Judge | (Date) |

# EXHIBIT E

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CLARENCE HAYNES,

          Plaintiff,

v

CITY OF DETROIT and KAVITABEN
MANISHKUMAR DESAI,

          Defendants.

Case No.: 14 009320 NI
Honorable Patricia Fresard

---

SCOTT R. REIZEN (P 63724)
MELISSA A. PODE (P 76551)
The Reizen Law Group
Attorney for the Plaintiff
333 W. Seventh Street, Suite 360
Royal Oak, MI 48067
248/554-3440 // 248/750-0790 fax
scott@reizenlaw.com / melissa@reizenlaw.com

THOMAS R. CHARBONEAU, JR. (P 31837)
Sills, Charboneau & Barnett, P.C.
Attorney for Defendant Desai
2041 E. Square Lake Road, Suite 100
Troy, MI 48085
248/644-3600 // 248/901-4842 fax
tcharblaw@gmail.com

CALVERT BAILEY (P 42409)
City of Detroit Law Department
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
313/237-3004 // 313/224-5505 fax
bailc@detroitmi.gov

---

## STIPULATED ORDER TO FILE AMENDED COMPLAINT

        At a session of said Court held in the CAYMC in
the City of Detroit, County of Wayne, State of
Michigan on _____.

PRESENT: HONORABLE _____
                                 CIRCUIT COURT JUDGE

      This matter having come before the Court by stipulation of the parties and the Court

being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that Plaintiff may amend his Complaint to reflect that he is seeking benefits accrued after July 18, 2013, the City of Detroit bankruptcy filing date.

_____
CIRCUIT COURT JUDGE

I hereby stipulate to entry of the above Order:

/s/ Scott R. Reizen
SCOTT R. REIZEN (P 63724)
Attorneys for Plaintiff
248/554-3440 // 248/750-0790 fax
scott@reizenlaw.com / melissa@reizenlaw.com

/s/ Calvert Bailey (w/permission)
CALVERT BAILEY (P 42409)
Attorney for Defendant
313/237-3004 // 313/224-5505 fax
bailc@detroitmi.gov

/s/ Thomas Charboneau, Jr. (w/permission)
THOMAS R. CHARBONEAU, JR. (P 31837)
Attorney for Defendant Desai
248/644-3600 // 248/901-4842 fax
tcharblaw@gmail.com

2

# EXHIBIT F

Skip to Main Content  Logout  My Account  Search  Menu  New Case  Search  Refine
Search  Back                                      Location . Non-Criminal Cases   Images   Web Access Instruction
                                                                                          Manual

# REGISTER OF ACTIONS
## CASE NO. 14-009320-NI

| RELATED CASE INFORMATION |
|---|

**Related Cases**
13-007308-NI (Prior Action)

| PARTY INFORMATION |
|---|

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **City of Detroit** | Calvert A. Bailey |
| | | *Retained* |
| | | (313) 224-4550(W) |
| **Plaintiff** | **Haynes, Clarence** | Scott Robert Reizen |
| | | *Retained* |
| | | (248) 554-3440(W) |

| EVENTS & ORDERS OF THE COURT |
|---|

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 07/18/2014 | **Service Review Scheduled** |
| 07/18/2014 | **Status Conference Scheduled** |
| 07/18/2014 | **Complaint, Filed** |
| 07/18/2014 | **Case Filing Fee - Paid** |
| 09/25/2014 | **Appearance of Attorney, Filed** |
| 09/29/2014 | **Answer to Complaint-with Jury Demand, Filed** |
| 09/29/2014 | **Proof of Service, Filed** |
| 10/01/2014 | **Status Conference** (9:15 AM) (Judicial Officer Fresard, Patricia Perez) |
| | *10/17/2014 Reset by Court to 10/01/2014* |
| | Result: Reviewed by Court |
| 10/01/2014 | **Status Conference Scheduling Order, Signed and Filed** (Judicial Officer: Fresard, Patricia Perez ) |
| 10/03/2014 | **Miscellaneous Pleadings, Filed** |
| 12/16/2014 | **Order Compelling Action, Signed and Filed** (Judicial Officer: Fresard, Patricia Perez ) |
| 01/08/2015 | **Witness List, Filed** |
| 01/12/2015 | **Witness List, Filed** |
| 01/28/2015 | **Motion to Extend Time, Filed** |
| 01/29/2015 | **Praecipe, Filed** (Judicial Officer: Fresard, Patricia Perez) |
| 02/20/2015 | *CANCELED* **Motion Hearing** (9:00 AM) (Judicial Officer Fresard, Patricia Perez) |
| | *Dismiss Non-Appearance* |
| 02/25/2015 | **Proof of Service, Filed** |
| 02/25/2015 | **Praecipe, Filed** (Judicial Officer: Fresard, Patricia Perez ) |
| 03/13/2015 | *CANCELED* **Motion Hearing** (9:00 AM) (Judicial Officer Fresard, Patricia Perez) |
| | *Dismiss Hearing or Injunction* |
| 04/22/2015 | **Miscellaneous Motion, Filed** |
| 04/22/2015 | **Notice of Hearing, Filed** |
| 04/24/2015 | **Party Final - Order Dismissing Party, Signed and Filed** (Judicial Officer: Fresard, Patricia Perez ) |
| 05/05/2015 | **Case Evaluation - General Civil** |
| 06/01/2015 | **Motion to Set Aside** |
| 06/01/2015 | **Notice of Hearing, Filed** |
| 06/02/2015 | **Case Evaluation - No Acceptance** |
| 06/03/2015 | **Praecipe, Filed** (Judicial Officer: Fresard, Patricia Perez ) |
| 06/12/2015 | **Motion Hearing** (9:00 AM) (Judicial Officer Fresard, Patricia Perez) |
| 06/15/2015 | **Settlement Conference** (9:00 AM) (Judicial Officer Fresard, Patricia Perez) |

| FINANCIAL INFORMATION |
|---|

| | | | |
|---|---|---|---|
| | **Defendant City of Detroit** | | |
| | **Total Financial Assessment** | | 20.00 |
| | **Total Payments and Credits** | | 20.00 |
| | **Balance Due as of 06/08/2015** | | **0.00** |
| 06/01/2015 | Transaction Assessment | | 20.00 |
| 06/01/2015 | Civil File & Serve Payment   Receipt # 2015-47197 | City of Detroit | (20.00) |
| | **Defendant Desai, Kavitaben Manishkumar** | | |
| | **Total Financial Assessment** | | 20.00 |

|            | Total Payments and Credits | | 20.00 |
|            | Balance Due as of 06/08/2015 | | 0.00 |
| 01/26/2015 | Transaction Assessment | | 20.00 |
| 01/26/2015 | Civil File & Serve Payment   Receipt # 2015-07914 | Desai, Kavitaben Manishkumar | (20.00) |

| | **Plaintiff Haynes, Clarence** | | |
| | Total Financial Assessment | | 20.00 |
| | Total Payments and Credits | | 20.00 |
| | **Balance Due as of 06/08/2015** | | **0.00** |
| 04/22/2015 | Transaction Assessment | | 20.00 |
| 04/22/2015 | Civil File & Serve Payment   Receipt # 2015-35366 | Haynes, Clarence | (20.00) |

13-53846-tjt    Doc 10073    Filed 07/20/15    Entered 07/20/15 14:13:11    Page 171 of 171