UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

### CITY OF DETROIT'S *EX PARTE* MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING ON THE MOTION FOR THE ENTRY OF AN ORDER (I) ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND (II) REQUIRING B&C LAND DEVELOPMENT CORPORATION TO (A) DISMISS WITH PREJUDICE ITS STATE COURT LAWSUIT AND (B) WITHDRAW ITS NOTICE OF LIS PENDENS

The City of Detroit ("City") moves for the entry of an *ex parte* order pursuant to Rules 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedures and Rule 9006-1(b) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Michigan (a) shortening the notice period with respect to the City's Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring B&C Land Development Corporation to (A) Dismiss with Prejudice its State Court Lawsuit and (B) Withdraw its Notice of Lis Pendens (Doc. No. 10087) ("Motion") and (b) scheduling a hearing on the Motion during the week of August 3, 2015. In support of this *Ex Parte* Motion, the City respectfully states as follows:

1. Cause exists to schedule an expedited hearing on the Motion. In violation of the injunction set forth in the City's confirmed plan, B&C Land Development Corporation ("B&C") filed a state court lawsuit against the City seeking monetary damages, specific performance and injunctive relief on account of an alleged real estate purchase agreement from 2006. The filing of the lawsuit has delayed and possibly endangered the City's sale of the properties subject to the state court complaint to separate purchasers. One day prior to the filing of the lawsuit, the

Detroit City Council approved both sales, which have an aggregate purchase price of $3,000,000. The City and the purchasers desire to complete the sale of these properties as soon as possible. The purchasers have informed the City that they have forgone several contracts that they otherwise could have secured due to the closing delays caused by the filing of the state court lawsuit. One of the purchasers also informed the City that it needs to have closing occur immediately in order to perform on certain of its existing contractual obligations. The City thus requests that the Court schedule an expedited hearing on the Motion.

2. Bankruptcy Rule 9006(c)(1) provides that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(b) further provides that "a party may file a motion for an *ex parte* order reducing or enlarging the time for a party to take any action or file any paper." E.D. Mich. LBR 9006-1(b).

3. In addition, pursuant to Bankruptcy Rule 9007, "[w]hen notice is to be given under the [Bankruptcy Rules], the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given." Fed. R. Bankr. P. 9007.

4. Together, these rules provide the Court with the authority to enter an *ex parte* order scheduling a hearing on shortened notice and approve the manner of notice of such hearing.

5. On July 1, 2015, B&C filed a complaint ("Complaint") against the City in Wayne County Circuit Court, Michigan, case number 15-008602 ("State Court Lawsuit"). The

Complaint is attached as Exhibit 6A to the Motion. A notice of lis pendens ("Lis Pendens") was attached to the complaint.

6. In the Complaint, B&C alleges that on April 14, 2006, its President, Mr. Robert Carmack, signed an offer to purchase approximately 29 acres of land from the City located at 5601, 5815 and 5861 W. Jefferson Ave., commonly known as Revere Copper & Brass ("Property"). Complaint ¶ 12.

7. In February, 2015, the City received two purchase offers for different portions of the Property. Waterfront Terminal Holdings II, LLC ("Waterfront") offered to purchase approximately 6 acres of the Property ("Waterfront Property") for $735,000. *See* Motion, Ex. 6-E, True Copy Certificate of Resolution Approving Waterfront Offer to Purchase at 2. The terms of the Waterfront offer are set forth in a Purchase Agreement dated February 17, 2015 ("Waterfront Offer to Purchase"). *See* Motion, Ex. 6F. Waterfront wishes to acquire the Waterfront Property to expand its vital marine liquid and bulk distribution operations. Motion, Ex. 6E at 2. Upon acquisition, Waterfront will remediate the Waterfront Property, dredge the riverfront, and improve the seawall and dock in order to grow its large vessel refueling operations. *Id.*

8. On June 30, 2015, the Detroit City Council passed a resolution approving the Waterfront Offer to Purchase and on July 7, 2015, Mayor Michael Duggan approved the resolution. Motion, Ex. 6E. Due to the filing of the State Court Lawsuit, on July 17, 2015, the sale closed in escrow. *See* Motion, Ex. 6G, Escrow Agreement.

9. A separate purchaser, Revere Dock, LLC ("Revere Dock"), offered to purchase approximately 17 acres of the Property ("Revere Dock Property") for $2,280,000.00. *See* Motion, Ex. 6H, True Copy Certificate of Resolution Approving Revere Dock Offer to Purchase

at 2. The terms of the Revere Dock offer are set forth in a Purchase Agreement dated February 17, 2015 ("Revere Dock Offer to Purchase"). *See* Motion, Ex. 6I. Under the terms of the Revere Dock Offer to Purchase, the Revere Dock Property would be conveyed to Revere Dock under a development agreement by quit claim deed. *See* Motion, Ex. 6H at 2. Pursuant to the development agreement, Revere Dock's construction contracts will provide that Detroit residents must constitute at least 51% of the workforce and perform 51% of the hours worked on the project. *Id.* Revere Dock will also establish the goal of contracting with at least 30% of Detroit-based Businesses, Detroit-headquartered Businesses or Detroit Emerging Businesses. *Id.* Revere Dock's development of the Revere Dock Property will bring new heavy lift marine and transport capacity to Detroit, supporting manufacturing and fabricating companies with project equipment of oversize dimension and weight, while providing on-site staging and storage of critical equipment. *Id.*

10. On June 30, 2015, the Detroit City Council passed a resolution approving the Revere Dock Offer to Purchase and on July 7, 2015, Mayor Michael Duggan approved the resolution. Motion, Ex. 6H.

11. The City and the purchasers desire to complete the sale of these properties as soon as possible. Consummating these transactions will immediately remove the properties from the City's maintenance responsibilities, relieving the City of the commensurate costs. Because these properties are owned by the City, the properties are currently tax-exempt but will be returned to the tax rolls after the sales. The improvements to be made by the purchasers will create construction jobs, and the business operations will create permanent jobs. The purchasers have also informed the City that they have forgone several contracts that they otherwise could have secured due to the closing delays caused by the filing of the State Court Lawsuit. Further, one of

4

13-53846-tjt    Doc 10088    Filed 07/27/15    Entered 07/27/15 13:30:19    Page 4 of 14

the purchasers informed the City that it needs to have closing occur immediately in order to perform on certain of its existing contractual obligations.

12. For these reasons, the City submits that cause exists to schedule the hearing on the Motion during the week of August 3, 2015.

WHEREFORE, the City respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this *Ex Parte* Motion and granting such further relief as the Court deems appropriate.

Dated: July 27, 2015

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
laplante@millercanfield.com
swansonm@millercanfield.com

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan  48226
Telephone: (313) 237-5037
Facsimile: (313) 224-5505
raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

Exhibit 1    Proposed Form of Order

Exhibit 2    None [Motion Seeks Ex Parte Relief]

Exhibit 3    None [Brief Not Required]

Exhibit 4    Certificate of Service

Exhibit 5    None [No Affidavits Filed Specific to This Motion]

Exhibit 6    None [No Documentary Exhibits Filed Specific to This Motion]

6

13-53846-tjt    Doc 10088    Filed 07/27/15    Entered 07/27/15 13:30:19    Page 6 of 14

# **EXHIBIT 1**

Proposed Order

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

### ORDER GRANTING CITY OF DETROIT'S *EX PARTE* MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING ON THE MOTION FOR THE ENTRY OF AN ORDER (I) ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND (II) REQUIRING B&C LAND DEVELOPMENT CORPORATION TO (A) DISMISS WITH PREJUDICE ITS STATE COURT LAWSUIT AND (B) WITHDRAW ITS NOTICE OF LIS PENDENS

This matter coming before the Court on City of Detroit's *Ex Parte* City's Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring B&C Land Development Corporation to (A) Dismiss with Prejudice its State Court Lawsuit and (B) Withdraw its Notice of Lis Pendens (Doc. No. 10087). The Court having reviewed the *Ex Parte* Motion and having found that notice of the *Ex Parte* Motion was sufficient under the circumstances; having determined after due deliberation that the relief requested in the *Ex Parte* Motion is in the best interests of the Debtor and its creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The *Ex Parte* Motion is GRANTED.

2. A hearing with respect to the Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring B&C Land Development Corporation to (A) Dismiss with Prejudice its State Court Lawsuit and (B) Withdraw its Notice of Lis Pendens (Doc. No. 10087) ("Motion") shall be held on August _____, 2015, at ___ :___ ___.m.

3. B&C Land Development Corporation must file a response to the Motion on or before July \_\_\_\_\_, 2015.

4. The City of Detroit may file a reply to any response filed by B&C Land Development Corporation on or before August _____, 2015.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

# **EXHIBIT 2**

Not Applicable

# **EXHIBIT 3**

Not Applicable

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 27, 2015, he served a copy of the foregoing City of Detroit's *Ex Parte* Motion for an Order Shortening Notice and Scheduling an Expedited Hearing on the Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring B&C Land Development Corporation to (A) Dismiss with Prejudice its State Court Lawsuit and (B) Withdraw its Notice of Lis Pendens*,* upon the persons listed below, via electronic mail and first class mail.

Horace D. Cotton
P.O. Box 19520
Detroit, MI 48219
hdcotton@yahoo.com

Dated: July 27, 2015

By: /s/ Marc N. Swanson
Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

# **EXHIBIT 5**

Not Applicable

# **EXHIBIT 6**

Not Applicable