UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                    Case No. 13-53846
                                          Honorable Thomas J. Tucker
City of Detroit, Michigan,                Chapter 9

    Debtor,
_____

**B&C Land Development Corporation's Response to City of Detroit's Motion for Entry of an Order (I) Enforcing The Plan of Adjustment Injunction and (II) Requiring B&C Land Development to (A) Dismiss with Prejudice Its State Court Lawsuit and (B) Withdraw its Notice of Lis Pendens**

B&C Land Development Corporation by its undersigned counsel responds to the motion as follows:

1. B&C Land Development Corporation ("B&C") admits that it filed a state court lawsuit against the City on July 1, 2015 seeking monetary damages, specific performance and injunctive relief.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.
9. Admitted.
10. Admitted.

1

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Admitted.

28. B&C neither admits nor denies the allegations contained in paragraph 28 of the motion.

29. B&C neither admits nor denies the allegations contained in paragraph 29 of the motion.

30. B&C denies violating the Plan injunction and discharge provisions when it filed the State Court Lawsuit against the City of Detroit. The Offer to Purchase

between B&C and the City for the Revere Copper & Brass property is an executory contract that was not rejected by the City in The Plan. An unrejected executory contract survives confirmation of the Plan of Reorganization and becomes binding on the reorganized corporation. *Federal's Inc. v. Edmonton Investment Co.,* 404 F.Supp. 68, 71 (E.D.S.D.Mich., 1975), aff'd 555 F.2d 577 (CA 6, 1977) In his concurring and dissenting opinion in Bildisco, Justice Brennan wrote: "in the unlikely event that the contract is neither assumed nor rejected, it will 'ride through' the bankruptcy proceeding and be binding on the debtor even after a discharge is granted. The non-debtor party's claim will therefore survive the bankruptcy proceeding." *National Labor Relations Board v. Bildisco and Bildisco,* 465 U.S. 513, 546 n. 12, 104 S.Ct. 1188 [1206 n. 12], 1198 n. 12, 79 L.Ed. [2d] 482 (1984); see also *In re Greystone III Joint Venture,* 948 F.2d 134 (5th Cir.1991); *International Union v. Miles Machinery,* 34 B.R. 683, 687 (E.D.Mich.1982).

31. B&C was not required to file a proof of claim because the contract was executory, was neither rejected nor assumed by the City. Under the ride through case law, the consequences of a debtor's failure to assume or reject were (1) the non-debtor had no claim in the case because there was no breach and (2) discharge did not affect the enforceability of the contract against the debtor. See, e.g., *Federal's Inc. v. Edmonton Investment Company,* 555 F.2d 577 (6th Cir.1977); In re Alfar Dairy, Inc.,

32. B&C was not required to file a *Pioneer* Motion just as it was not required to file a proof of claim.

3

33. B&C respectfully requests that this Court deny this Motion.

          Respectfully submitted,

          /s/<u>Horace D. Cotton</u>
          Horace D. Cotton (P33268)
          Horace D. Cotton, PLLC
          Attorney for B&C Land
          Development Corporation
          P. O. Box 19520
          Detroit, MI 48226
          (313) 595-1517
          hdcotton@yahoo.com

Dated: July 30, 2015