UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**REPLY OF THE CITY OF DETROIT IN SUPPORT OF ITS MOTION FOR THE ENTRY OF AN ORDER (I) ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND (II) REQUIRING B&C LAND DEVELOPMENT CORPORATION TO (A) DISMISS WITH PREJUDICE ITS STATE COURT LAWSUIT AND (B) WITHDRAW ITS NOTICE OF LIS PENDENS**

The City of Detroit, Michigan ("City"), by its undersigned counsel, submits this reply in support of its Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring B&C Land Development Corporation to (A) Dismiss with Prejudice its State Court Lawsuit and (B) Withdraw its Notice of Lis Pendens ("Motion").[1]

**I.      Introduction**

For its response, B&C Land Development Corporation ("B&C") alleges that its offer to purchase in 2006 (1) created a binding contract that survived for nine or more years, (2) was an executory contract as of the City's bankruptcy filing, and (3) was unknowingly assumed by the City because it was not specifically identified as rejected under the City's confirmed *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)* (the "Plan," Doc. No. 8045).[2] Simply put, this argument fails because (1) no contract was ever formed and (2) even if a contract had been formed, the applicable statute of limitations expired prior to the commencement of the improperly filed State Court Lawsuit to enforce it. Thus, this Court

---

[1] Capitalized terms used but not otherwise defined herein will have the meanings ascribed to those terms in the Motion.

[2] Interestingly, even under B&C's own theory of "executory contract" the State Court Lawsuit violates the Plan injunction because this Court retained exclusive jurisdiction of the interpretation and enforcement of executory contracts pursuant to Article VII.C. of the Plan.

should enter an order requiring B&C to dismiss the State Court Lawsuit with prejudice and withdraw its Lis Pendens.

## II. Argument

### A. No contract was ever formed; therefore, there is nothing to assume or reject.

"It is elementary to observe that, before the Debtor can assume or reject a contract, or, for that matter, before [a purported counterparty] can seek to enforce a contract, there must be a contract to assume, reject, or enforce." *In re III Enters., Inc. V*, 163 B.R. 453, 459 (Bankr. E.D. Pa. 1994); *Nemko Inc. v. Motorola, Inc. (In re Nemko, Inc.)*, 163 B.R. 927, 935 (Bankr. E.D.N.Y. 1994) ("Generally, in order for section 365 to be applicable, the Code mandates the existence of an executory contract on the day the debtor files its petition for relief."). Obviously, the existence of a valid and binding contract is a necessary prerequisite to a contract that can be assumed, a prerequisite that is not satisfied here.

In Michigan, a municipal corporation cannot be bound to a contract by an officer of the corporation unless the officer is expressly authorized by law to do so. *Johnson v. City of Menominee*, 173 Mich. App. 690, 693-94 (1988); *see also Michigan Paytel Joint Venture v. City of Detroit*, 287 F.3d 527, 539-40 (6th Cir. 2002). Here, the City's Charter provides in section 4-112, styled Control of Property, that "Except as otherwise provided by this Charter, the City may not sell or in any way dispose of any property without the approval by resolution of the City Council." And, section 4-122 states that City contracts need to be approved by the City Council except as provided by ordinance.[3] B&C does not allege that its purported contract was approved by the City Council. In fact, B&C alleges the opposite. Complaint, ¶ 26. It alleges that the City breached a contract with B&C by "failing and refusing to present the development proposal to

---

[3] There is no applicable ordinance constituting an exception to section 4-122, s*ee* Exhibit 1, Declaration of James Noseda, nor has one been alleged by B&C.

City Council for final approval," admitting that final approval of its alleged contract never occurred. *Id.*; *see also* Exhibit 1, Declaration of James Noseda.

The "contract" attached to the complaint is simply titled "Offer to Purchase," not "Contract for Sale" or anything else that might suggest it purports to be a binding contract. *See* Motion, Ex. 6A, First exhibit. It appears that a City official may have signed the offer to acknowledge its receipt, but B&C does not explain (nor could it explain) how the signature of an official unable to bind the City to a contract as a matter of law somehow transformed its offer into a binding contract. *Johnson*, 173 Mich. App. at 693-94.

In fact, B&C knows that it has no contract. Attached to its Complaint is a letter from the City that explains that, on receipt of the Offer to Purchase, the City will review the proposed development package. *Id.* "If acceptable, we shall follow our Standard Procedure for Sale of Surplus Property to obtain City Council authorization to execute an Agreement to purchase and develop the property." *Id.* B&C does not allege that any of this occurred because, in fact, it did not. B&C's attachment of the letter to its Complaint shows that it <u>knows</u> that there can be no binding contract without City Council authorization and an executed Agreement to purchase. Consequently, its State Court Lawsuit is baseless in addition to being in violation of the Plan injunction.

    **B.**    **Even if a contract had been formed, the statute of limitations for enforcing it would have expired.**

Assuming *arguendo* that the City entered into a contract to sell property to B&C when it received B&C's offer to purchase, the time to bring an action on that contract has passed. In Michigan, actions for breach of contract are subject to a six-year statute of limitations. MCL § 600.5807(8). Actions seeking specific performance are subject to the same six-year limitation. *Steward v. Panek*, 251 Mich. App. 546, 551 (2002).

"In Michigan, 'a cause of action for breach of contract accrues when a contracting party fails to do what he is obligated to do under the contract.' Accordingly, 'a breach of contract claim accrues on the date of the breach, not on the date the breach is discovered.'" *Sunseri v. Proctor*, 487 F. Supp. 2d 905, 909 (E.D. Mich. 2007) (citing *Jacobs v. Detroit Auto. Inter-Insurance Exch.*, 107 Mich. App. 424, 431 (1981) and *Isely v. Capuchin Province*, 880 F. Supp. 1138, 1145 (E.D. Mich. 1995)). Here, the "breach" would have accrued no later than the date on which it became apparent that the City was not going to perform.

Paragraphs 13 and 14 of the Complaint allege that Mr. Carmack's[4] development proposal was "killed" sometime between April 14, 2005, and May 21, 2008. Paragraph 15 of the Complaint alleges that on May 21, 2008, "City Council, without benefit of the history of this property and pending sale to B&C approved the sale for $5,000,000.00 to DWSD with no appraisal or due diligence." Thus, "breach" of the purported contract could not have occurred any later than May 21, 2008 (and likely occurred much earlier by B&C's own admission). Assuming the breach occurred on the last day of that period, the statute of limitations would have expired May 21, 2014. However, the City's bankruptcy filing would have extended that date to January 9, 2015 as a result of Bankruptcy Code § 108(c)(2).[5] MCL § 600.5807(8) (providing for six year statute of limitations); 11 U.S.C. § 108(c)(2) (extending statute of limitations to a period 30 days after the stay in the City's bankruptcy case expired); Plan, Art. VIII-K (providing that all stays in the City's bankruptcy case terminate on the Effective Date, Dec. 10, 2014); Doc. No. 8649 (noting occurrence of effective date). Thus, the last possible date for B&C to file an action to enforce its purported contract was January 9, 2015.

---

[4] Mr. Carmack is B&C's president. Complaint, ¶ 6.

[5] Note, the cause of action, if it existed, likely arose much earlier. If it arose before July 18, 2007, then the statute of limitations would have expired prepetition, and 11 U.S.C. § 108 would not be implicated.

B&C did not file an action by that date. The Complaint was not filed until July 1, 2015. Thus, even had a contract been formed between the City and B&C by B&C's offer to purchase, that contract would no longer be enforceable. *III Enters., Inc. V*, 163 B.R. at 459; *Nemko*, 163 B.R. at 935.[6]

## III. Conclusion

For these reasons, the City respectfully requests that this Court enter an order in substantially the same form as the one attached as Exhibit 1 to its Motion.

August 3, 2015  Respectfully submitted,

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
green@millercanfield.com
swansonm@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

---

[6] Further, even if there had been a contract between the City and B&C and even if the enforcement of that contract was not barred by the applicable statute of limitations (and, of course, assuming that contract is an executory contract), the failure to designate the contract for rejection was an omission under the Plan which, to the extent necessary, this Court has exclusive jurisdiction to remedy. *See* Plan, Art. VII, Section H (This Court retained exclusive jurisdiction to "remedy any defect or omission [in] the Plan."). If this Court were to deny the Motion, the City will ask this Court to permit it to amend Exhibit II.D.6 to include the contract in the list of rejected contracts in order to remedy this omission to the extent this Court believes that the City does not already have the authority to do so under its Plan or otherwise.

EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DECLARATION OF JAMES NOSEDA IN SUPPORT OF THE CITY OF DETROIT'S REPLY OF THE CITY OF DETROIT IN SUPPORT OF ITS MOTION FOR THE ENTRY OF AN ORDER (I) ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND (II) REQUIRING B&C LAND DEVELOPMENT CORPORATION TO (A) DISMISS WITH PREJUDICE ITS STATE COURT LAWSUIT AND (B) WITHDRAW ITS NOTICE OF LIS PENDENS

1. My name is James D. Noseda. I am a Supervising Assistant Corporation Counsel in the City of Detroit Law Department. I have worked in the City of Detroit Law Department since May 1, 1995.

2. For many decades, the Detroit City Charter has: (a) required the City Council to keep a journal of its proceedings ("Official Journal"), which shall be a public record, and (b) required the City Clerk to keep a record of all City Council ordinances, proceedings and resolutions. Those provisions are found in the 2012 Charter at sections 4-105 and 3.5-102, respectively. The Official Journal has indices for resolutions, including contract approvals.

3. I have searched the Official Journal going back to the year 2004 and have found no resolution approving a contract to sell any part of the subject real property to B&C Land Development Corporation or its president, Mr. Robert Carmack.

4. As the Detroit City Council must pass a resolution to approve a contract for the sale of real property, it is not possible for B&C Land Development Corporation or its president, Mr. Robert Carmack to have a contract with the City of Detroit to purchase the subject real property.

5. Furthermore, there is no City ordinance constituting an exception to section 4-122 of the City Charter that would make the passing of a resolution to approve a contract for the sale of real property unnecessary as a matter of law.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

By: _____
James Noseda
Supervising Assistant Corporation Counsel
City of Detroit Law Department

Dated: August 3, 2015

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 3, 2015, he served a copy of the *Reply Of The City Of Detroit In Support Of Its Motion For The Entry Of An Order (I) Enforcing The Plan Of Adjustment Injunction And (II) Requiring B&C Land Development Corporation To (A) Dismiss With Prejudice Its State Court Lawsuit And (B) Withdraw Its Notice Of Lis Pendens*, upon the persons listed below, as follows:

Via first class mail:

B&C Land Development Corporation
c/o Robert Lee Carmack
8711 Michigan Ave.
Detroit, MI 48210

Via electronic mail and first class mail:

Horace D. Cotton
P.O. Box 19520
Detroit, MI 48219
hdcotton@yahoo.com

Dated: August 3, 2015

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com