**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

# HAAS & GOLDSTEIN, P.C.'S SUPPLEMENTAL RESPONSE TO THE CITY OF DETROIT'S BRIEF SUBMITTED PURSUANT TO COURT ORDER [D.E. 9969]

| | |
|---|---|
| HAAS & GOLDSTEIN, P.C. | HS&A, P.C. |
| Justin Haas (P53153) | Marguerite Hammerschmidt P53908 |
| Matthew S. Payne (P73982) | Attorney for Respondent |
| 31275 Northwestern Hwy, Ste 225 | 123 South Main Street, Suite 110 |
| Farmington Hills, MI 48334 | Royal Oak, MI 48067 |
| (248) 702-6550 | (248) 988-8335 |
| | admin@hammer-stick.com |

Dated: August 7, 2015

H&G submits this short supplement to note binding Michigan law ruling on the precise issue at bar. In *Karmol v. Encompass Property and Casualty Company*, 293 Mich.App. 382, 809 N.W.2d 631 (2011), the Court of Appeals interpreted the seminal case H&G did cite in its original Brief, but extrapolated that ruling in precisely the same manner as suggested by H&G. In *Karmol*, the court held, "Under the no-fault act, PIP benefits 'accrue not when the injury occurs but as the allowable expense…is incurred." MCL 500.3110(4)." *Id.* at 389. After discussing prior case law, the court went on to conclude, "Thus, a claimant's right to PIP benefits arises when the claimant finds himself or herself on the hook for an expense." *Id.* at 390. **Exhibit 1 – Full Opinion**.

To be clear, both the NFA and interpreting case law conclusively rule that a claim for PIP benefits (i.e. a right to payment) accrues at the time expenses are incurred, and expressly states that the claim *does not accrue at the time of the MVA***.**

                                                  Respectfully Submitted,

                                                  /s/Marguerite Hammerschmidt
Marguerite Hammerschmidt P53908
HS&A, P.C.
Attorney for Respondent
123 South Main Street, Suite 110
Royal Oak, MI 48067
(248) 988-8335
admin@hammer-stick.com


                                                  */s/ Justin Haas*_____

HAAS & GOLDSTEIN, P.C.
Justin Haas (P53153)
Matthew S. Payne (P73982)
31275 Northwestern Hwy, Ste. 225
Farmington Hills, MI 48334
(248) 702-6550

Dated: August 7, 2015

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## PROOF OF SERVICE

On the 7th of August, 2015 a copy of **HAAS & GOLDSTEIN, P.C.'S SUPPLEMENTAL RESPONSE TO THE CITY OF DETROIT'S BRIEF SUBMITTED PURSUANT TO COURT ORDER [D.E. 9969]** and this Proof of Service was served electronically or by regular first class mail to the following:

Miller, Canfield, Paddock and Stone, P.L.C., Attn: Marc N. Swanson, 150 West Jefferson, Suite 2500, Detroit, MI 48226

City of Detroit Law Department, Attn: Charles N. Raimi, Deputy Corporation Counsel, 2 Woodward Avenue, Suite 500, Coleman A. Young Municipal Center, Detroit, MI 48226

Goodman Acker, P.C., Attn: Gerald Acker, 17000 West Ten Mile Road, 2nd Floor, Southfield, MI 48075

                                           **/s/Karen Nowicki**
                                           Karen Nowicki
                                           Employee of HS&A, P.C.