UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

    Debtor.

_____/

Case No. 13-53846
Chapter 9
Hon. Thomas J. Tucker

## STIPULATION REGARDING CLAIMS OF, AND ASSUMPTION OF CONTRACTS WITH, BLUE CROSS BLUE SHIELD OF MICHIGAN AND BLUE CARE NETWORK OF MICHIGAN

Blue Cross Blue Shield of Michigan ("BCBSM"), Blue Care Network of Michigan ("BCN") and the City of Detroit, Michigan (the "City"), by and through their respective undersigned attorneys, stipulate as follows in support of the entry of the Order Regarding Claims of, and Assumption of Contracts with, Blue Cross Blue Shield of Michigan and Blue Care Network of Michigan attached as Exhibit 1:

1. The City filed a voluntary petition for relief under Chapter 9 of the United States Bankruptcy Code, 11 U.S.C. § 101, et seq., on July 18, 2013 (the "Petition Date").

2. BCBSM and the City are parties to an Administrative Services Contract dated January 1, 1997 (as amended, the "ASC"), under which BCBSM administers health care claims for eligible participants.

3. The ASC constitutes a self-insured plan. Under the ASC, the City is responsible for reimbursing BCBSM for any covered amounts paid by BCBSM on claims and also pays administration and processing fees to BCBSM.

4. BCBSM and the City are also parties to contracts governing plans referred to as Medicare Advantage and Experience Rated (36th District Court). These plans are not self-

funded; rather, the City or the 36th District Court, as applicable, pays insurance premiums to BCBSM in exchange for health insurance coverage for eligible participants.

5. BCN and the City are parties to contracts governing several different health insurance plans. Under the plans, the City pays insurance premiums to BCN in exchange for health insurance coverage for eligible participants.

6. On February 21, 2014, BCBSM filed a proof of claim [Claim No. 3469] in an unliquidated amount with respect to amounts owed by the City to BCBSM as of the Petition Date (the "BCBSM Proof of Claim").

7. On February 21, 2014, BCN filed a proof of claim [Claim No. 3088] in an unliquidated amount with respect to amounts owed by the City to BCN as of the Petition Date (the "BCN Proof of Claim").

8. In the ordinary course of its business, the City has paid BCBSM and BCN all of the amounts that were owed as of the Petition Date. Accordingly, (a) BCBSM has stipulated to the withdrawal of the BCBSM Proof of Claim in its entirety and (b) BCN has stipulated to the withdrawal of the BCN Proof of Claim in its entirety. The withdrawal of the BCBSM Proof of Claim and the BCN Proof of Claim does not address any postpetition claims which have arisen or which may arise between the City and BCBSM or BCN, respectively.

9. An Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (the "Plan") was entered by the Court on November 12, 2014. The effective date of the Plan was December 10, 2014 (the "Effective Date").

10. None of the City's contracts with BCBSM or BCN has been identified on any of the City's notices of executory contracts that it intends to reject. Accordingly, under the terms of the confirmed Plan, the City intends to assume all of its contracts with BCBSM and BCN.

-2-

Detroit_5233393_6_

13-53846-tjt    Doc 10132    Filed 08/14/15    Entered 08/14/15 12:02:12    Page 2 of 7

11. The City agreed to extend the deadline for BCBSM and BCM to object to the assumption of their respective contracts, or to the required cure amounts, through and including August 14, 2015.

12. Under the ASC (i.e., the self-insured plan), individual participants in the ASC (or health care providers to such participants) may not have yet submitted claims to BCBSM for all health services rendered prior to the Effective Date. As and to the extent that such claims are received and paid, the City will be obligated under the ASC to reimburse BCBSM for such claims in the ordinary course in accordance with the terms of the ASC.

13. As of the date of this stipulation, the parties agree that the City has paid all amounts that were due under the various contracts between the parties through the Effective Date, and that accordingly, no cure amounts are required to be paid at this time in order for the City to assume the contracts. To the extent that additional claims of participants in the ASC for health services rendered prior to the Effective Date are subsequently submitted to and processed by BCBSM, the City will remain obligated to reimburse BCBSM for such claims in the ordinary course, in accordance with the terms of the ASC. The parties reserve all of their respective rights with respect to any such additional claims.

14. By agreement of the parties, the following assumed contracts were terminated effective as of March 31, 2015: (a) Medicare Advantage benefit contract dated September 29, 2014 between BCBSM and the City; (b) Medicare Advantage Electronic Enrollment Agreement dated April 22, 2014 between BCBSM and the City; (c) Medicare Advantage Group Enrollment and Coverage Agreement dated October 16, 2013 between BCN and the City; (d) Letter Agreement dated September 17, 2013 between BCN and the City regarding alternative enrollment mechanism for the BCN Medicare Advantage program; and (e) Group Enrollment

and Coverage Agreement effective January 1, 2014 between BCBSM and the City for retiree dental coverage (the "Terminated Contracts").

WHEREFORE, the parties respectfully request that the Court enter an order in the form attached as Exhibit 1.

| BODMAN PLC | MILLER, CANFIELD, PADDOCK AND STONE, P.L.C. |
|---|---|
| By: *Brian R. Trumbauer* <br> Brian R. Trumbauer (P57747) <br> Attorneys for Blue Cross Blue Shield of <br> Michigan and Blue Care Network of Michigan <br> 1901 St. Antoine Street <br> 6th Floor at Ford Field <br> Detroit, Michigan 48226 <br> (313) 393-7554 <br> *btrumbauer@bodmanlaw.com* | By: *Eric D. Carlson /BRT w/ consent* <br> Eric D. Carlson (P60277) <br> Attorneys for the City of Detroit, Michigan <br> 99 Monroe Avenue N.W., Suite 1200 <br> Grand Rapids, Michigan 49503 <br> (616) 776-6355 <br> *carlson@millercanfield.com* |

August 14, 2015

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

Debtor.

Case No. 13-53846
Chapter 9
Hon. Thomas J. Tucker

_____/

# ORDER REGARDING CLAIMS OF, AND ASSUMPTION OF CONTRACTS WITH, BLUE CROSS BLUE SHIELD OF MICHIGAN AND BLUE CARE NETWORK OF MICHIGAN

This matter having come before the Court on the Stipulation Regarding Claims of, and Assumption of Contracts with, Blue Cross Blue Shield of Michigan and Blue Care Network of Michigan (the "Stipulation")[1]; and the Court being otherwise fully informed:

IT IS HEREBY ORDERED as follows:

1. Claim No. 3469 filed by BCBSM is withdrawn in its entirety.

2. Claim No. 3088 filed by BCN is withdrawn in its entirety.

3. The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4. Nothing in the Stipulation or this Order affects the rights of the City, BCBSM or BCN (collectively, the "Parties") with respect to any postpetition claims which have arisen or may arise between BCBSM or BCN, on the one hand, and the City, on the other hand. All Parties fully reserve all of their respective rights with respect to any postpetition claims.

---

[1] Undefined capitalized terms in this Order shall have the meaning given to them in the Stipulation.

5. All of the City's contracts with BCBSM and BCN are assumed as of the Effective Date of the Plan. No cure amounts are required to be paid in order for the City to assume the contracts.

6. To the extent that additional claims of participants in the ASC for health services rendered prior to the Effective Date of the Plan are subsequently submitted to and processed by BCBSM, the City will remain obligated to reimburse BCBSM for such claims in the ordinary course, in accordance with the terms of the ASC. The Parties reserve all of their respective rights with respect to any such additional claims.