IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Thomas J. Tucker
------------------------------------------------x

**STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND CANON FINANCIAL SERVICES, INC. REGARDING (A) CANON FINANCIAL SERVICES, INC.'S MOTION FOR ALLOWANCE AND PAYMENT OF ITS ADMINISTRATIVE EXPENSE, (B) PROOF OF CLAIM NUMBER 85 AND <u>(C) REJECTION OF CONTRACTS</u>**

The City of Detroit, Michigan ("City") and Canon Financial Services, Inc. ("CFS") stipulate and agree as follows:

WHEREAS, on August 4, 2014, the Court entered an order approving, among other things, certain procedures with respect to the proposed assumption and rejection of Executory Contracts and Unexpired Leases pursuant to the Plan (Doc. No. 6512) ("Contract Procedures Order").

WHEREAS, on October 22, 2014, the City filed its Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014) (Doc. No. 8045)

("Plan").[1]  Attached to the Plan as Exhibit II.D.6 are the executory contracts and unexpired leases to be rejected pursuant to the Plan ("Rejection Exhibit").

WHEREAS, on November 21, 2014, the City filed a list of Executory Contracts and Unexpired Leases that it intended to assume pursuant to the Plan (the "Non-Exclusive Plan Assumption List").  Pursuant to the applicable provisions of the Contract Procedures Order and the Plan, by identifying agreements on the Non-Exclusive Plan Assumption List, the City proposed to assume such Executory Contracts and Unexpired Leases effective as of the Effective Date.  The Effective Date of the Plan occurred on December 10, 2014. (Docket No. 8649).

WHEREAS, the City identified two contracts with Cannon Business Solutions, Inc. on the Non-Exclusive Plan Assumption List: contract number 2845487 ("Contract One") and contract number 2859290 ("Contract Two", and together with Contract One, the "Contracts"). The City listed a $0 cure amount for both Contracts.

WHEREAS, in an informal objection, CFS asserted that it did not receive notice of the Non-Exclusive Plan Assumption List and that there were cure amounts outstanding under both Contracts.

WHEREAS, Contract One expired pursuant to its terms on May 31, 2014.

---

[1] Capitalized terms not otherwise defined in this stipulation have the meanings given to them in the Plan.

WHEREAS, CFS filed a proof of claim on September 5, 2013, asserting a general unsecured claim and a secured claim in the amount of $43,366.38, appearing at claim number 85 on the City's claim register ("CFS Proof of Claim").

WHEREAS, on January 23, 2015, CFS filed its Application for Allowance and Payment of its Administrative Expense (Doc. No. 9099) ("Application").

WHEREAS, on July 29, 2015, the City filed its Notice of Amendment to Exhibit II.D.6 (Executory Contracts and Unexpired Leases to be Rejected) to Eighth Amended Plan of the Adjustment of Debts of the City of Detroit, identifying the Contracts on Annex A. [Doc. No. 10097].

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. Within 30 days of the entry of an order approving this stipulation, the City shall pay to CFS the amount of $33,050.96 for amounts due and owing under both Contracts.

2. The Application is withdrawn with prejudice. The City's claims agent is authorized to update the claims register accordingly.

3. As of August 31, 2015, Contract One is rejected pursuant to Section II.D.6 of the Plan.

4. As of August 31, 2015, Contract Two is rejected pursuant to Section II.D.6 of the Plan.

5. Any equipment provided by CFS to the City under the Contracts will be picked up and removed by CFS at no cost to the City at a time to be arranged between the parties during the month of August, 2015.

6. The CFS Proof of Claim shall be amended and Allowed as a Class 15 – Convenience Claim in the amount of $20,000.00. This amount includes rejection damages on account of the City's rejection of Contract Two. The remaining $23,366.38 and the security interest originally claimed in the CFS Proof of Claim are disallowed and expunged in their entirety, and the City's claims agent is authorized to update the claims register accordingly.

7. CFS does not hold any Claims other than the Claims identified in paragraphs 1 and 6 of this stipulation, nor has it assigned any Claims to any person or entity.

8. CFS agrees that this stipulation is sufficient notice of the actions provided for herein, and waives receipt of any notices that it may be entitled to receive under the Plan or the Contract Procedures Order regarding the Contracts.

9. Nothing in this stipulation is intended or will be construed as (a) a waiver of any of the City's rights to assert and pursue any claims against CFS, including, without limitation, claims under Chapter 5 of the Bankruptcy Code, or (b) a defense to any such claims.

10. Nothing in this stipulation is intended to or will revive, reinstate, or affirm any rights, remedies, claims, or defenses of either Party against the other that expired or were otherwise barred, satisfied, released, waived, or discharged as of, or upon the occurrence of, the Effective Date of the Plan. This stipulation is not a modification of the Plan.

**SO STIPULATED,**
**APPROVED AS TO FORM AND CONTENT:**

August 18, 2015

| For the City of Detroit, Michigan<br>By Miller, Canfield, Paddock & Stone, PLC<br><br>By: /s/ Marc N. Swanson<br>　　Jonathan S. Green (P33140)<br>　　Marc N. Swanson (P71149)<br>　　150 West Jefferson, Suite 2500<br>　　Detroit, MI 48226<br>　　(313) 496-7591<br>　　swansonm@millercanfield.com | For CFS<br>By: Jaffe Raitt Heuer & Weiss, P.C.<br><br>By: /s/ Paul R. Hage<br>　　Jay L. Welford (P34471)<br>　　Paul R. Hage (P70460)<br>　　27777 Franklin Road, Suite 2500<br>　　Southfield, MI 48034<br>　　(248) 351-3000<br>　　Phage@jaffelaw.com |

5

# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Hon. Thomas J. Tucker
------------------------------------------------x

## ORDER APPROVING STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND CANON FINANCIAL SERVICES, INC. REGARDING (A) CANON FINANCIAL SERVICES, INC.'S MOTION FOR ALLOWANCE AND PAYMENT OF ITS ADMINISTRATIVE EXPENSE, (B) PROOF OF CLAIM NUMBER 85 AND (C) REJECTION OF CONTRACTS

This matter having come before the Court on the Stipulation by and Between the City of Detroit, Michigan and Canon Financial Services, Inc. Resolving (A) Canon Financial Services, Inc.'s Motion for Allowance and Payment of its Administrative Expense, (B) Proof of Claim Number 85 and (C) Rejection of Contract ("Stipulation"),[2] the Court having reviewed the stipulation and being otherwise apprised of the matter, and there being good cause,

NOW THEREFORE IT IS ORDERED THAT

1. Within 30 days of the entry of this Order, the City shall pay to CFS the amount of $33,050.96 for amounts due and owing under both Contracts.

---

[2] Capitalized terms not otherwise defined in this Order shall have the meaning given to them in the Stipulation.

2. The Application is withdrawn with prejudice. The City's claims agent is authorized to update the claims register accordingly.

3. As of August 31, 2015, Contract One is rejected pursuant to Section II.D.6 of the Plan.

4. As of August 31, 2015, Contract Two is rejected pursuant to Section II.D.6 of the Plan.

5. Any equipment provided by CFS to the City under the Contracts will be picked up and removed by CFS at no cost to the City at a time to be arranged between the parties during the month of August, 2015.

6. The CFS Proof of Claim shall be amended and Allowed as a Class 15 – Convenience Claim in the amount of $20,000.00. This amount includes rejection damages on account of the City's rejection of Contract Two. The remaining $23,366.38 and the security interest originally claimed in the CFS Proof of Claim are disallowed and expunged in their entirety, and the City's claims agent is authorized to update the claims register accordingly.

7. CFS does not hold any Claims other than the Claims identified in paragraphs 1 and 6 of this Order, nor has it assigned any Claims to any person or entity.

8. This Order is sufficient notice of the actions provided for herein, and CFS has waived receipt of any notices that it may be entitled to receive under the Plan or the Contract Procedures Order regarding the Contracts.

9. Nothing in this Order is to be construed or will operate as (a) a waiver of any of the City's rights to assert and pursue any claims against CFS, including, without limitation, claims under Chapter 5 of the Bankruptcy Code, or (b) a defense to any such claims.

10. Nothing in this Order is intended to or will revive, reinstate, or affirm any rights, remedies, claims, or defenses of either Party against the other that expired or were otherwise barred, satisfied, released, waived, or discharged as of, or upon the occurrence of, the Effective Date of the Plan. This stipulation is not a modification of the Plan.