IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------x
: 
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Judge Thomas J. Tucker
------------------------------------------------x

**ORDER APPROVING STIPULATION BETWEEN THE CITY OF DETROIT, MICHIGAN AND CANON FINANCIAL SERVICES, INC. REGARDING (A) CANON FINANCIAL SERVICES, INC.'S MOTION FOR ALLOWANCE AND PAYMENT OF ITS ADMINISTRATIVE EXPENSE, (B) PROOF OF CLAIM NUMBER 85 AND (C) REJECTION OF CONTRACTS**

This case is before the Court on the Stipulation by and Between the City of Detroit, Michigan and Canon Financial Services, Inc. Resolving (A) Canon Financial Services, Inc.'s Motion for Allowance and Payment of its Administrative Expense, (B) Proof of Claim Number 85 and (C) Rejection of Contract (Docket # 10135, the "Stipulation"),[1] the Court having reviewed the stipulation and being otherwise apprised of the matter, and there being good cause,

IT IS ORDERED THAT:

1. Within 30 days of the entry of this Order, the City shall pay to CFS the amount of $33,050.96 for amounts due and owing under both Contracts.

---

[1] Capitalized terms not otherwise defined in this Order shall have the meaning given to them in the Stipulation.

2. The Application is withdrawn with prejudice. The City's claims agent is authorized to update the claims register accordingly.

3. As of August 31, 2015, Contract One is rejected pursuant to Section II.D.6 of the Plan.

4. As of August 31, 2015, Contract Two is rejected pursuant to Section II.D.6 of the Plan.

5. Any equipment provided by CFS to the City under the Contracts will be picked up and removed by CFS at no cost to the City at a time to be arranged between the parties during the month of August, 2015.

6. The CFS Proof of Claim shall be amended and Allowed as a Class 15 – Convenience Claim in the amount of $20,000.00. This amount includes rejection damages on account of the City's rejection of Contract Two. The remaining $23,366.38 and the security interest originally claimed in the CFS Proof of Claim are disallowed and expunged in their entirety, and the City's claims agent is authorized to update the claims register accordingly.

7. CFS does not hold any Claims other than the Claims identified in paragraphs 1 and 6 of this Order, nor has it assigned any Claims to any person or entity.

8. This Order is sufficient notice of the actions provided for herein, and CFS has waived receipt of any notices that it may be entitled to receive under the Plan or the Contract Procedures Order regarding the Contracts.

9. Nothing in this Order is to be construed or will operate as (a) a waiver of any of the City's rights to assert and pursue any claims against CFS, including, without limitation, claims under Chapter 5 of the Bankruptcy Code, or (b) a defense to any such claims.

10. Nothing in this Order is intended to or will revive, reinstate, or affirm any rights, remedies, claims, or defenses of either Party against the other that expired or were otherwise barred, satisfied, released, waived, or discharged as of, or upon the occurrence of, the Effective Date of the Plan. This stipulation is not a modification of the Plan.

.

**Signed on August 19, 2015**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge

3

13-53846-tjt    Doc 10137    Filed 08/19/15    Entered 08/19/15 15:21:02    Page 3 of 3