## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

------------------------------------------------------x
:
In re                                    :          Chapter 9
                                         :
CITY OF DETROIT, MICHIGAN,               :          Case No. 13-53846
                                         :
              Debtor.                    :          Hon. Thomas J. Tucker
------------------------------------------------------x

## STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND IRON MOUNTAIN INFORMATION MANAGEMENT, LLC REGARDING CONTRACTS, CLAIMS, AND ADMINISTRATIVE EXPENSE REQUEST

The City of Detroit, Michigan ("City") and Iron Mountain Information Management, LLC ("Iron Mountain"; and with the City, the "Parties"), file this Stipulation by and Between the City of Detroit, Michigan and Iron Mountain Information Management, LLC Regarding Contracts, Claims, and Administrative Expense Request.

WHEREAS, the Parties are party to contracts representing account numbers 03141.0L177D, 03141.0DM382, 03141.0DT443, 22123.001826, 22123.090710, 03141.0DM384, 03141.0DM237, 03141.0L287D, 03141.0DM581, 03141.0DM387, and 03141.0L165D (the "Rejected Contracts");

WHEREAS, the Parties are also party to contracts representing account numbers 03141.0DN445 and 03141.0L167D (the "Assumed Contracts"; and together with the Rejected Contracts, the "Contracts");

WHEREAS, on February 20, 2014, Iron Mountain filed claim number 1367, asserting a secured claim in the amount of $13,624.00 and an unsecured claim in the amount of $217,366.80 ("Claim 1367");

WHEREAS, on August 4, 2014, the Court entered the *Order, Pursuant to Sections 363, 901 and 1123 of the Bankruptcy Code, (A) Establishing Procedures With Respect to the Proposed Assumption and Rejection of Executory Contracts and Unexpired Leases and (B) Approving the Form and Manner of Notice Thereof* (Doc. No. 6512, "Contract Procedures Order,"), specifying the manner in which the City would designate contracts it wished to assume;

WHEREAS, on October 22, 2014, the City filed its *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* (the "Plan," Doc. No. 8045);

WHEREAS, the Plan became effective on December 10, 2014 (the "Effective Date");

WHEREAS, on January 26, 2015, Iron Mountain filed its *Iron Mountain Information Management LLC's Request for Payment of Administrative Expenses Pursuant to 11 U.S.C. §503(b)(1)* (Doc. No. 9106, "Administrative Expense Request") which asserts that Iron Mountain is entitled to an administrative expense claim in the amount of $134,508.32;

WHEREAS, the City's claim agent assigned claim number 3822 ("Claim 3822") to the Administrative Expense Request;

WHEREAS, on January 26, 2015, Iron Mountain filed its *Iron Mountain Information Management LLC's Reservation of Rights and Limited Objection to Assumption of Contracts and Proposed Cure Amounts* (Doc. No. 9105, "Objection"), asserting that it is owed a cure amount of $354,122.06;

WHEREAS, on January 27, 2015, Iron Mountain filed rejection damage claim number 3825, asserting a secured claim in the amount of $13,044.00 and an unliquidated unsecured claim for rejection damages (the "Rejection Claim"); and

WHEREAS, the Parties have been working toward a consensual resolution of all matters between them;

WHEREAS, capitalized terms not defined herein have the terms assigned to the in the Plan;

NOW, THEREFORE, the Parties stipulate and agree as follows:

1.    The Objection and the Administrative Expense Request are withdrawn with prejudice.

2.    Claim 1367 and Claim 3822 are disallowed and expunged.

3.    The Rejected Contracts are rejected pursuant to Article II.D.6 of the Plan as of the Effective Date of the Plan.

4.    By October 30, 2015, the City will pay Iron Mountain the sum of $250,670.46 to resolve all outstanding charges due under the Contracts through the Effective Date.

5.    By October 30, 2015, the City will pay Iron Mountain the sum of $61,627.32 in full satisfaction of all post-Effective Date ordinary course charges for the Rejected Contracts.

6.    The Rejection Claim is allowed as a Class 14 Other Unsecured Claim in the amount of $86,908.96.

7.    The Parties will use commercially reasonable efforts to have the City retrieve from Iron Mountain the City's documents that Iron Mountain is storing pursuant to contracts 03141.0DM237, 03141.0L287D, and 03141.0DM581 by August 31, 2015.  The Parties will use commercially reasonable efforts to have the City retrieve from Iron Mountain the City's documents that Iron Mountain is storing pursuant to contracts 03141.0L177D, 03141.0DM382, 22123.090710, 03141.0DM384, 03141.0DM387, and 03141.0L165D by September 30, 2015. Iron Mountain and the City will determine dates that are mutually convenient in arranging for the City to retrieve its documents.  Iron Mountain is authorized to and will destroy the documents it is storing pursuant to contracts 03141.0DT443 and 22123.001826 and will use commercially

reasonable efforts to do so by September 30, 2015. Iron Mountain and the City stipulate that the amounts the City is to pay Iron Mountain pursuant to paragraphs 4 and 5 of this Stipulation, along with the Rejection Claim allowed by paragraph 6 of this Stipulation, are sufficient compensation for Iron Mountain's costs in closing out these contracts, including without limitation, making the documents available for pickup by the City. The dates set in this paragraph may be extended by agreement between the City and Iron Mountain without need for further Court order or payments.

8.    The Assumed Contracts are assumed in accordance with the Plan as of the Effective Date. Iron Mountain agrees that this Stipulation is sufficient notice of the actions provided for herein, and waives receipt of any notices that it may be entitled to receive under the Plan or the Contract Procedures Order regarding the Assumed Contracts. No other cure amounts, payment, compensation or other performance is necessary to satisfy the requirements relating to the City's assumption of the Assumed Contracts under section 365 of the Bankruptcy Code or otherwise.

9.    Other than the allowed Class 14 Other Unsecured Claim described in paragraph 6 and the ordinary course expenses described in paragraphs 4 and 5, Iron Mountain has no further Claims of any kind against the City as of the Effective Date. The City's claim's agent is authorized to update the claims register accordingly.

10.    Iron Mountain has not transferred or assigned any Claims of any kind it has against the City.

11.    Nothing in this stipulation is intended to or will revive, reinstate, or affirm any rights, remedies, claims, or defenses of either Party against the other that expired or were

otherwise barred, satisfied, released, waived, or discharged as of, or upon the occurrence of, the

Effective Date of the Plan. This stipulation is not a modification of the Plan.


STIPULATED AND AGREED TO ON AUGUST 25, 2015 BY:

By: /s/ Ronald A. Spinner
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
Ronald A. Spinner (P73198)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
(313) 963-6420
spinner@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT


By: /s/ Frank F. McGinn
Frank F. McGinn (Mass. BBO # 564729)
HACKETT FEINBERG P.C.
155 Federal Street, 9th Floor
Boston, MA 02110
(617) 422-0200
FFM@bostonbusinesslaw.com

ATTORNEYS FOR IRON MOUNTAIN INFORMATION MANAGEMENT, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

-------------------------------------------------------x
           :
In re           :          Chapter 9
           :
CITY OF DETROIT, MICHIGAN,   :        Case No. 13-53846
           :
       Debtor.      :        Hon. Thomas J. Tucker
-------------------------------------------------------x

**ORDER APPROVING STIPULATION BY AND BETWEEN THE**
**CITY OF DETROIT, MICHIGAN AND IRON MOUNTAIN**
**INFORMATION MANAGEMENT, LLC REGARDING**
**CONTRACTS, CLAIMS, AND ADMINISTRATIVE EXPENSE REQUEST**

This matter having come before the Court on the *Stipulation by and Between the City of Detroit, Michigan and Iron Mountain Information Management, LLC Regarding Contracts, Claims, and Administrative Expense Request*; the Court having reviewed the Stipulation[1] and being otherwise apprised of the matter; and there being good cause; NOW THEREFORE IT IS ORDERED THAT

1.     The stipulation is approved to the extent set forth in this Order.

2.     Claim number 3825 is allowed as a Class 14 Other Unsecured Claim in the amount of $86,908.96.

3.     Iron Mountain Information Management, LLC ("Iron Mountain") has a claim for ordinary course expenses, as defined in Article II, Section A.2.b of the Plan, for $250,670.46.

4.     The City will pay Iron Mountain the sum of $61,627.32 in full satisfaction of all post-Effective Date ordinary course charges for the Rejected Contracts.

5.     By October 30, 2015, the City will make the payments set forth in paragraphs 3 and 4.

---

[1] Capitalized terms not defined in this Order have the meaning given to them in the Stipulation.

6.      Claim numbers 1367 and 3822 are disallowed.

7.      *Iron Mountain Information Management LLC's Reservation of Rights and Limited Objection to Assumption of Contracts and Proposed Cure Amounts* at Docket Number 9105 and *Iron Mountain Information Management LLC's Request for Payment of Administrative Expenses Pursuant to 11 U.S.C. §503(b)(1)* at Docket Number 9106 are withdrawn with prejudice.

8.      The contracts between Iron Mountain and the City of Detroit ("City") representing account numbers 03141.0L177D, 03141.0DM382, 03141.0DT443, 22123.001826, 22123.090710, 03141.0DM384, 03141.0DM237, 03141.0L287D, 03141.0DM581, 03141.0DM387, and 03141.0L165D are rejected as of the Effective Date pursuant to Article II.D.6 of the Plan.

9.      The contracts between Iron Mountain and the City representing account numbers 03141.0DN445 and 03141.0L167D (the "Assumed Contracts") are assumed in accordance with the Plan as of the Effective Date. The Order is sufficient notice of the actions provided for herein, and Iron Mountain has waived receipt of any notices that it may be entitled to receive under the Plan or the Contract Procedures Order regarding the Assumed Contracts. No other cure amounts, payment, compensation or other performance is necessary to satisfy the requirements relating to the City's assumption of the Assumed Contracts under section 365 of the Bankruptcy Code or otherwise.

10.      The Parties will use commercially reasonable efforts to have the City retrieve from Iron Mountain the City's documents that Iron Mountain is storing pursuant to contracts 03141.0DM237, 03141.0L287D, and 03141.0DM581 by August 31, 2015. The Parties will use commercially reasonable efforts to have the City retrieve from Iron Mountain the City's

documents that Iron Mountain is storing pursuant to contracts 03141.0L177D, 03141.0DM382, 22123.090710, 03141.0DM384, 03141.0DM387, and 03141.0L165D by September 30, 2015. Iron Mountain and the City will determine dates that are mutually convenient in arranging for the City to retrieve its documents. Iron Mountain is authorized to and will destroy the documents it is storing pursuant to contracts 03141.0DT443 and 22123.001826 and will use commercially reasonable efforts to do so by September 30, 2015. The amounts the City is to pay Iron Mountain pursuant to paragraphs 3 and 4 of this Order, along with the Claim allowed pursuant to paragraph 2 of this Order, are sufficient compensation for Iron Mountain's costs in closing out these contracts, including without limitation, making the documents available for pickup by the City. The dates set in this paragraph may be extended by agreement between the City and Iron Mountain without need for further Court order or payment.

11. Other than the allowed Class 14 Other Unsecured Claim described in paragraph 2 and the ordinary course expenses described in paragraphs 3 and 4 of this Order, Iron Mountain has no further claims of any kind against the City as of the Effective Date. The City's claim's agent is authorized to update the claims register accordingly.

12. No party may assert a claim against the City on the basis that it has been assigned a claim originally asserted by Iron Mountain.

13. Neither the stipulation nor this Order revives, reinstates, or affirms any rights, remedies, claims, or defenses of the City or Iron Mountain against each other that expired or were otherwise barred, satisfied, released, waived, or discharged as of, or upon the occurrence of, the Effective Date of the Plan. Neither the stipulation nor this Order modifies the Plan.