# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Thomas J. Tucker |
| Debtor. | ) | |

---

## MOTION OF THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT TO APPROVE IMPLEMENTATION OF ASF RECOUPMENT CASH OPTION PROVISIONS OF THE EIGHTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT, MICHIGAN

The General Retirement System of the City of Detroit (the "GRS") submits this Motion ("Motion") for entry of an order, substantially in the form attached hereto as Exhibit 1, approving implementation of the ASF Recoupment Cash Option[1] provisions of the Plan, as follows: (i) the 51 ASF Distribution Recipients who timely signed and returned the ASF Cash Option Election Form, but who failed to check the election box, and who subsequently affirmed an intent to elect the ASF Recoupment Cash Option via the Questionnaire (defined below)[2] shall be

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, Michigan* [Dkt. No. 8045] (the "Plan").

[2] These ASF Distribution Recipients are identified on Exhibit 5-D to this Motion.

entitled make the ASF Recoupment Cash Payment (*i.e.*, to repay their ASF Recoupment amount in a lump-sum cash payment) in accordance with the procedures under the Plan; (ii) the 77 ASF Distribution Recipients who signed and returned an ASF Recoupment Cash Option Election Form which was received after the ASF Election Date[3] shall be authorized to make the ASF Recoupment Cash Payment in accordance with the procedures under the Plan; and, therefore, (iii) GRS shall be authorized and directed to: (a) mail ASF Final Cash Payment Notices to the ASF Distribution Recipients identified on Exhibit 5-B and Exhibit 5-D hereto, (b) accept the ASF Recoupment Cash Payments from the ASF Distribution Recipients identified on Exhibit 5-B and Exhibit 5-D hereto if said payments are received on or before the 50th day after the mailing of the ASF Final Cash Payment Notice to said ASF Distribution Recipients pursuant to this Motion, and, (c) if an ASF Recoupment Cash Payment is timely received by the GRS, credit the payor retiree's monthly benefit check for amounts deducted on account of ASF Recoupment since March 1, 2015, as soon as it is administratively feasible to do so. ***The City agrees with and has consented to the relief requested in this Motion.***

In support of this Motion, the GRS respectfully states as follows:

---

[3] These ASF Distribution Recipients are identified on Exhibit 5-B to this Motion.

202874746.10 14893/180067

## Jurisdiction, Venue, and Statutory Basis for Relief

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, Article VII of the Plan, and paragraph 92 of the Confirmation Order (defined below).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The statutory bases for the relief requested herein are sections 901(a), 945(a), and 1142(b) of the Bankruptcy Code.

## Background

**A.     Relevant Facts Establishing Jurisdiction**

3.     On July 18, 2013, the City of Detroit, Michigan (the "City") filed for protection under chapter 9 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Court").

4.     On October 22, 2014, the City filed the Plan.

5.     Under Article VII of the Plan, the Court retained jurisdiction to, among other things:

> F. Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents entered into or delivered in connection with the Plan, the Disclosure Statement or the Confirmation Order;

3

G. Resolve any . . . disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan or any contract, instrument, release or other agreement or document that is entered into or delivered pursuant to the Plan or any Entity's rights arising from or obligations incurred in connection with the Plan or such documents;

H. . . . [E]nter any order in aid of confirmation pursuant to sections 945 and 1142(b) of the Bankruptcy Code, in such manner as may be necessary or appropriate to consummate the Plan;

***

J. Adjudicate, decide or resolve any matters relating to the City's compliance with the Plan and the Confirmation Order consistent with section 945 of the Bankruptcy Code;

***

L. Determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order or any contract, instrument, release or other agreement or document entered into or delivered in connection with the Plan, the Disclosure Statement or the Confirmation Order[.]

Plan, Art. VII.F-H, J, and L.

6.     On November 12, 2014, the Court entered the Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, Michigan [Dkt. No. 8272] (the "Confirmation Order").

7.     Upon entry of the Confirmation Order, the Court retained jurisdiction, in relevant part, as follows:

The Court shall, and hereby does, retain such jurisdiction over the City and the Chapter 9 Case as is consistent with section 1334 of title 28 and title 11 of the United States Code until the Effective Date. Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 9 Case to the fullest extent permitted by law, including, among other things, jurisdiction over those matters and issues described in Article VII of the Plan, . . . .

Confirmation Order at ¶ 92.

8. The Plan went effective on December 10, 2014 (the "<u>Effective Date</u>").

## B. Pension Benefit Reductions and ASF Recoupment

9. With certain provisos not applicable here, the Plan provides that:

During the period that ends no earlier than June 30, 2023, the pension benefits payable to each Holder of a GRS Pension Claim shall be equal to the GRS Adjusted Pension Amount for such Holder, . . . .

Plan, § II.B.3.r.ii.C.

10. Under the Plan:

"GRS Adjusted Pension Amount" means, with respect to a Holder of a GRS Pension Claim, the Current Accrued Annual Pension payable to such Holder as adjusted in accordance with the following formulas:

(a) If Classes 10 and 11 vote to accept the Plan, and funding is received from the DIA Settlement and the State Contribution Agreement: for a Holder of a GRS Pension Claim who is (i) either retired and receiving a monthly pension or a surviving beneficiary or (ii) an Active Employee or a terminated employee with a right to receive a GRS pension in the future, elimination of the right to supplemental pension benefits to be paid after July 1, 2014 in respect of COLAs, plus an additional

5

4.5% reduction in the Current Accrued Annual Pension amount, plus the ASF Recoupment, provided that ASF Recoupment shall not apply to a surviving beneficiary of a retiree who died prior to June 30, 2014[.]

Plan, § I.A.211.

11. "ASF Recoupment" is defined in the Plan as "the amount to be deducted from an ASF Current Participant's Annuity Savings Fund account or an ASF Distribution Recipient's monthly pension check, as applicable, pursuant to the formulae set forth in Section II.B.3.r.ii.D." Plan, § I.A.31. "ASF Distribution Recipient" is defined in the Plan as "a person who (a) participates in the GRS, (b) participated in the Annuity Savings Fund at any time during the ASF Recoupment Period and (c) has received a total distribution from the Annuity Savings Fund." Plan, § I.A.25.

12. ASF Recoupment is first calculated by determining the Annuity Savings Fund Excess Amount, defined, in relevant part, for an ASF Distribution Recipient as follows:

[…] the difference between (i) the value of such ASF Distribution Recipient's Annuity Savings Fund account as of the date of distribution from the Annuity Savings Fund, provided such date falls within the ASF Recoupment Period, and (ii) the value of such participant's Annuity Savings Fund account as of such date, calculated using the Actual Return. For purposes of this definition, the value of a participant's Annuity Savings Fund account as of any date will include the principal amount of any loans to the participant from his Annuity Savings Fund account that are outstanding as of such date or that were defaulted during the ASF Recoupment Period.

6

Plan, § II.B.3.r.ii.D.2.i and § I.A.22.

## C. ASF Recoupment Cash Option Election

13.     Under the Plan, a retired ASF Distribution Recipient is entitled to elect the ASF Recoupment Cash Option.   Plan, § II.B.3.r.ii.D.2.ii.   "ASF Recoupment Cash Option" means "an election that may be exercised by an ASF Distribution Recipient to pay the total amount of such ASF Distribution Recipient's ASF Recoupment in a single lump sum."  Plan, § I.A.33.

14.     ASF Distribution Recipients were required to return the completed ASF Recoupment Cash Option Election Form (the "Cash Option Form") by January 21, 2015 in order to elect to repay the ASF Recoupment amount by a lump-sum ASF Recoupment Cash Payment.[4]

15.     An ASF Distribution Recipient electing the ASF Recoupment Cash Option must timely deliver the ASF Recoupment Cash Payment to the GRS by the ASF Final Cash Payment Date.   Plan, §§ II.B.3.r.ii.D.2.i and II.B.3.r.ii.D.2.ii; Confirmation Order at ¶ 42.

16.     "ASF Final Cash Payment Date" means the later of (a) 90 days after the Effective Date or (b) 50 days after the date of mailing of an ASF Final Cash Payment Notice.  Plan at § I.29.  For ASF Distribution Recipients whose Cash

---

[4]     The original balloting deadline provided under the Plan fell on January 19, 2015, a federal holiday.  In consultation with the GRS, the City agreed to extend the deadline to January 21, 2015.

7

Option Forms were timely received without issue by the City and upon whom an ASF Cash Option Notice was duly served in accordance with the Plan, the ASF Final Cash Payment Date was March 24, 2015.

17.     The Plan provides that if a retired ASF Distribution Recipient does not timely elect the ASF Recoupment Cash Option or fails to timely deliver the ASF Recoupment Cash Payment to the GRS, the ASF Recoupment will be converted into monthly annuity amounts based on common actuarial assumptions and amortized using a 6.75% interest rate, and deducted from the ASF Distribution Recipient's monthly pension check.  Plan, § II.B.3.r.ii.D.2.i; Confirmation Order at ¶ 42.  The amount deducted from an ASF Distribution Recipient's monthly pension check will be limited by the ASF Recoupment Cap and/or the Current GRS Retiree Adjustment Cap, if applicable.  *Id.*; Confirmation Order at ¶¶ 39-40.

18.     The Plan caps at $30 million the aggregate amount that may be paid back by ASF Distribution Recipients via the ASF Recoupment Cash Option.  Plan, § II.B.3.r.ii.D.2.ii.  If the aggregate value for all those ASF Distribution Recipients electing the ASF Recoupment Cash Option exceeds $30 million, then the ASF Recoupment Cash Payment for each ASF Distribution Recipient is limited to its pro rata portion of $30 million, and the remaining ASF Recoupment amount will be annuitized at 6.75% per year and deducted from the ASF Distribution

8

Recipient's pension check, as provided for in section II.B.3.r.ii.D.2.i. Plan, § II.B.3.r.ii.D.2.ii; Confirmation Order at ¶ 41.

## D. Implementation of the Terms of the Plan and the ASF Recoupment Cash Option

19. Since the Effective Date, the City and the GRS have undertaken substantial efforts to implement the terms of the Plan.

20. On December 15, 2014, Kurtzman Carson Consultants, the City's Balloting Agent ("KCC"), timely mailed the Cash Option Forms to ASF Distribution Recipients and responses were solicited and tabulated.

21. On February 2, 2015, KCC, after consultation with the GRS and the City, timely mailed the ASF Final Cash Payment Notices to those ASF Distribution Recipients who the City deemed at that time to have correctly completed and returned the Cash Option Form.

22. In accordance with the terms of the Plan and Confirmation Order, the GRS has reduced the monthly pension benefits of its retirees, including reductions to monthly pension benefits on account of ASF Recoupment.[5]

---

[5] Reductions to monthly pension benefits were implemented in the March 1, 2015 pension checks.

202874746.10 14893/180067

**(i)     Timely Submitted Forms**

23.     KCC has advised the GRS that of the 1,054 ASF Distribution Recipients who timely returned the Cash Option Form, 815 of them elected the ASF Recoupment Cash Option.

24.     Of the 815 individuals who timely returned the Cash Option Form and elected the ASF Recoupment Cash Option, 613 submitted their ASF Recoupment Cash Payment to the GRS by the ASF Final Cash Payment Date.

25.     The 613 individuals that timely submitted the ASF Recoupment Cash Payment to the GRS represent $21,494,539.42 of ASF Recoupment.

26.     Accordingly, $ 8,505,460.85 remains under the $30 million cap.

**(ii)     Timely Submitted Forms With Unchecked Election Boxes**

27.     KCC has advised the GRS that of the 1,054 ASF Distribution Recipients who timely returned the Cash Option Form, 239 of them (*i.e.*, 22.7% of such Recipients) completed, signed, and returned the Cash Option Form but failed to check the box on the form next to the words "ASF Recoupment Cash Option Repayment Election."   A copy of the Cash Option Form is attached hereto as Exhibit 5-A.

**(iii)  Completed But Untimely Received Forms**

28.     KCC has also advised the GRS that 77 Cash Option Forms were received by KCC after the balloting deadline of January 21, 2015.   A list

identifying the 77 ASF Distribution Recipients whose Cash Option Forms were received by KCC after January 21, 2015 is attached hereto as <u>Exhibit 5-B</u>.

29.     KCC has also reported that the aggregate ASF Recoupment amount of the 77 Cash Option Forms that were received after the balloting deadline is $1,863,158.53.

30.     Several of the GRS' members have informed the GRS that they believed that they mailed the Cash Option Form in time for the form to be received by the ASF Election Date.

31.     Upon information and belief, the intervening federal holiday appears to have delayed timely receipt by KCC of some Cash Option Forms.

**E.     Status Conference and Post-Status Conference Inquiry Made by GRS**

32.     On February 26, 2015, the GRS filed its Status Report on Implementation of the Plan [Dkt. No. 9307] describing the issues that had arisen with respect to implementation of the ASF Recoupment Cash Option, among others.

33.     On March 4, 2015, the Court conducted a post-confirmation status conference at which these issues were discussed.

34.     On Monday, March 16, 2015, having duly advised the City of its intentions, the GRS mailed, to the 239 affected individuals described in paragraph 27 above, a simple questionnaire (the "<u>Questionnaire</u>") designed to determine

11

whether the 239 ASF Distribution Recipients who returned the Cash Option Form but failed to check the election box intended to elect the ASF Recoupment Cash Option. A copy of the Questionnaire is attached hereto as <u>Exhibit 5-C</u>. The deadline for returning the Questionnaire to the GRS was April 6, 2015.

35. From the 239 Questionnaires mailed, the GRS received 51 completed Questionnaires from ASF Distribution Recipients which indicated that those ASF Distribution Recipients intended to elect the ASF Recoupment Cash Option and want to repay the ASF Recoupment in one lump-sum cash payment (payable by cashier's check or wire transfer only). These 51 Questionnaires represent $1,560,941.15 of ASF Recoupment to be repaid.

36. A list identifying the 51 ASF Distribution Recipients who confirmed an intent to elect the ASF Recoupment Cash Option is attached as <u>Exhibit 5-D</u> to the Motion.

## F. The City Has Agreed to and Concurs in the Relief Requested in the Motion.

37. The City has agreed, subject to the Court's approval of this Motion, that it will treat as timely effective elections of the ASF Recoupment Cash Payment Option (a) the Cash Option Forms received from the 51 ASF Distribution Recipients that confirmed on the Questionnaire an intent to elect the ASF Recoupment Cash Payment Option and (b) the 77 Cash Option Forms received

12

after January 21, 2015, as long as doing so does not result in the total ASF Recoupment Cash Option payments exceeding the $30 million cap.

## G. The $30 Million Cap Will Not Be Impacted by Granting the Relief Requested in the Motion.

38.     If each of (a) the 51 ASF Distribution Recipients who confirmed their original intention to elect the ASF Recoupment Cash Option (representing $1,560,941.15 in the aggregate) and (b) the 77 ASF Distribution Recipients whose Cash Option Forms were not timely received (representing $1,863,158.53 in the aggregate) are permitted to exercise the ASF Recoupment Cash Option and, in fact, make the required payments, the $30 million cap will not be exceeded because the total cash received, $24,918,638.83, would still be more than $5 million under the $30 million cap.

## Relief Requested

39.     To clarify and confirm the implementation of the ASF Cash Option program under the Plan, the GRS seeks the relief requested herein.

40.     The GRS requests that the ASF Distribution Recipients identified on Exhibit 5-D that simply failed to check the election box on the Cash Option Form, but timely completed the Questionnaire and affirmed their intent to elect the ASF Recoupment Cash Payment Option, be deemed to have timely and correctly

13

completed the Cash Option Form. These individuals substantially completed the Cash Option Form, and KCC received them on or before January 21, 2015.

41.     The GRS also requests that the ASF Distribution Recipients identified on Exhibit 5-B whose Cash Option Forms were untimely received be allowed to make the ASF Recoupment Cash Payment, since doing so will not impact the $30 million cap.

42.     The GRS also requests that it be authorized and directed to send to the ASF Distribution Recipients identified on Exhibit 5-B and Exhibit 5-D hereto Final Cash Payment Notices (a) identifying the amount of their ASF Recoupment Cash Payment and (b) instructing them to remit their ASF Recoupment Cash Payment so that it is received within 50 days of service of the Notice.

43.     Upon timely receipt of the ASF Recoupment Cash Payment from any one of the identified ASF Distribution Recipients, the GRS requests that, with respect to that individual, the GRS be authorized and directed to credit back to the individual's monthly pension benefit check the amounts deducted on account of ASF Recoupment since March 1, 2015, as soon as it is administratively feasible to do so.

44.     Monthly pension benefit reductions on account of ASF Recoupment will not be credited back for: (a) any ASF Distribution Recipient identified on Exhibit 5-B and Exhibit 5-D who fails to timely make the ASF Recoupment Cash

202874746.10 14893/180067

Payment or (b) any other ASF Distribution Recipient not identified on <u>Exhibit 5-B</u> or <u>Exhibit 5-D</u> to this Motion.

## **Basis for Relief Requested**

45.     The Court has the authority to allow the ASF Distribution Recipients identified on <u>Exhibit 5-B</u> and <u>Exhibit 5-D</u> to exercise the ASF Cash Option Election.  *See* Plan, Art. VII.F-H, J, and L; Confirmation Order at ¶ 92; and Bankruptcy Code sections 945(a) ("[t]he court may retain jurisdiction over the case for such period of time as is necessary for the successful implementation of the plan") and 1142(b) ("[t]he court may direct the debtor and any other necessary party … to perform any other act, . . . , that is necessary for the consummation of the plan"), each of which is made applicable to this chapter 9 case by Bankruptcy Code section 901(a).

46.     To the extent that the relief requested herein is deemed an enlargement of a time period, the Court also has the authority to enlarge the time for the GRS to mail the ASF Final Cash Payment Notices to the ASF Distribution Recipients identified on <u>Exhibit 5-B</u> and <u>Exhibit 5-D</u> and to enlarge the time for them to make the ASF Recoupment Cash Payment because the need for the extension is the result of so-called "excusable neglect" under Bankruptcy Rule 9006.  Fed. R. Bankr. P. 9006(b)(1)(2) (sic).

47.     Federal Rule of Bankruptcy Procedure 9006(b)(1) provides, in relevant part, that "… when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."

48.     In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489 (1993) the Supreme Court affirmed a decision of the United States Court of Appeals for the Sixth Circuit and held that "an attorney's inadvertent failure to file a proof of claim within the deadline set by the court can constitute 'excusable neglect' within the meaning of [Bankruptcy Rule 9006(b)(1)]. *Pioneer*, 507 U.S. at 383. In so doing, the Supreme Court noted that " 'excusable neglect' … is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* at 392.

49.     The *Pioneer* Court concluded:

> With regard to determining whether a party's neglect of a deadline is excusable, we are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered 'excusable,' we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These

16

include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395.

## A.    ASF Distribution Recipients Failing to Check the Election Box

50.    To the extent that the relief requested herein is deemed an enlargement of a time period, this Court should allow the ASF Distribution Recipients identified on Exhibit 5-D whose Cash Option Forms were received timely but without the election box checked to make the ASF Recoupment Cash Payment because the delay in making such payment is the result of excusable neglect.  It does not appear that there would be any reason why an ASF Distribution Recipient would remit the Cash Option Form except to *exercise* the lump-sum cash payment option; an ASF Distribution Recipient not wishing to make the cash payment need do *nothing* in order to have the ASF Recoupment implemented through monthly deductions from his/her pension benefit payment. As such, the requirement to check the box indicating the ASF Distribution Recipient's intent to exercise the option is arguably an unnecessary, surplus requirement, and the failure to check the box does not necessarily indicate a desire to reject the option.  Under these circumstances, the failure to check the election box should constitute excusable neglect.

17

51.     Moreover, had the City been able to timely determine at the outset that the 239 ASF Distribution Recipients that failed to check the election box had effectively made the ASF Recoupment Cash Option Election and given those ASF Distribution Recipients the opportunity to make the ASF Recoupment Cash Payment, the GRS could have served them with ASF Final Cash Payment Notices, and this Motion would have been unnecessary as to them.  However, the City likely needed time to analyze the impact of deeming these elections timely and proper.  And, upon learning of this category of ASF Distribution Recipients, the GRS did not view itself as being clearly authorized to proceed unilaterally with sending such Recipients the ASF Final Cash Payment Notices.

## B.     Untimely Cash Option Election Forms

52.     Similarly, to the extent that the relief requested herein is deemed an enlargement of a time period, this Court should allow the ASF Distribution Recipients identified on Exhibit 5-B, whose Cash Option Forms were received after the ASF Election Date, to make the ASF Recoupment Cash Payment because the lateness appears to have been the result of excusable neglect and the equities of the situation warrant that such elections be allowed.  Several of the GRS' members have informed the GRS that they believe that they returned the Cash Option Form in sufficient time for the form to be timely received, manifesting their good-faith intentions.  Also, the intervening federal holiday appears to have impeded timely

18

receipt of the Cash Option Forms.  Finally, the GRS notes that granting the relief requested herein will not prejudice the City or delay or impact any proceedings before this Court.

## C.     Harm to the ASF Distribution Recipients Described in the Motion

53.     There will not be any harm to the City if the relief requested in this Motion is granted.  The Plan provides that ASF Distribution Recipients will be entitled to elect to make the ASF Recoupment Cash Payment on the terms set forth therein, subject to the $30 million cap.  Even if all of the ASF Distribution Recipients identified on Exhibit 5-B and Exhibit 5-D elect to make the ASF Recoupment Cash Payment on the terms provided herein, the $30 million cap will not be exceeded.  The amounts that the City will be required to contribute to fund GRS pensions will not be increased on account of the relief requested in this Motion because the Plan already contemplates that up to $30 million in ASF Recoupment will be repaid through the ASF Recoupment Cash Option Election.

54.     On the other hand, the ASF Distribution Recipients identified on Exhibit 5-B and Exhibit 5-D may experience harm if the Motion is denied because their ASF Recoupment repayment has been essentially annuitized over their lifetimes with 6.75% interest and their monthly pension checks have been reduced as a result.

202874746.10 14893/180067

55.     The GRS submits that the relief requested is consistent with and successfully implements the terms of the Plan pertaining to the ASF Recoupment Cash Option Election.

## Statement of Concurrence Sought

56.     Pursuant to E.D. Mich. LBR 9014-1(g), on September 2, 2015, the GRS sought by email the City's concurrence in the relief requested in this Motion, and the concurrence was granted by email by the City on September 3, 2015.

WHEREFORE, for the reasons set forth above, the GRS respectfully requests that this Court enter an order substantially in the form attached hereto as Exhibit 1.


Dated:  September 4, 2015                    Respectfully submitted,

                                            CLARK HILL PLC

                                             /s/   Robert D. Gordon
                                            Robert D. Gordon (P48627)
                                            Shannon L. Deeby (P60242)
                                            151 South Old Woodward Avenue
                                            Suite 200
                                            Birmingham, Michigan  48009
                                            Telephone: (248) 988-5882
                                            Facsimile: (248) 988-2502
                                            rgordon@clarkhill.com

                                            *Counsel to the General Retirement System of the City of Detroit*

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
|  | ) | Hon. Thomas J. Tucker |
| Debtor. | ) |  |

## ORDER GRANTING MOTION OF THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT TO APPROVE IMPLEMENTATION OF ASF RECOUPMENT CASH OPTION PROVISIONS OF THE EIGHTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT, MICHIGAN

This matter having come before the Court upon the Motion of the General Retirement System of the City of Detroit to Approve Implementation of ASF Recoupment Cash Option Provisions of the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, Michigan (the "Motion"); and the City having consented to the relief requested in the Motion; and the Court having considered the Motion and finding that good cause exists for granting the relief requested therein;

IT IS HEREBY ADJUDGED AND ORDERED THAT:

1.     The Motion is granted.

2. The ASF Distribution Recipients[1] identified on Exhibit 5-D to the Motion, who timely signed and returned the ASF Recoupment Cash Option Election Form but who failed to check the election box and who confirmed on the Questionnaire their intent to make the election, are deemed to have effectively made the ASF Recoupment Cash Option Election and are authorized to make the ASF Recoupment Cash Payment on the terms set forth in this Order and the Plan.

3. The ASF Distribution Recipients identified on Exhibit 5-B to the Motion, whose Cash Option Forms were untimely received, are authorized to make the ASF Recoupment Cash Payment on the terms set forth in this Order and the Plan.

4. The GRS is authorized and directed to: (a) mail ASF Final Cash Payment Notices to the ASF Distribution Recipients identified on Exhibit 5-B and Exhibit 5-D to the Motion; (b) accept ASF Recoupment Cash Payments from the ASF Distribution Recipients identified on Exhibit 5-B and Exhibit 5-D to the Motion if said payments are received on or before the 50th day after service of the ASF Final Cash Payment Notices; and (c) if an ASF Recoupment Cash Payment is timely received by the GRS, credit the payor retiree's monthly benefit check for

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, Michigan* [Dkt. No. 8045] (the "Plan").

amounts deducted on account of ASF Recoupment since March 1, 2015, as soon as it is administratively feasible to do so.

5. Monthly pension benefit reductions on account of ASF Recoupment will <u>not</u> be credited back for: (a) any individual ASF Distribution Recipient identified on <u>Exhibit 5-B</u> or <u>Exhibit 5-D</u> to the Motion who fails to timely make the ASF Recoupment Cash Payment; or (b) any other ASF Distribution Recipient not identified on <u>Exhibit 5-B</u> or <u>Exhibit 5-D</u> to the Motion.

6. Nothing in this Order shall be deemed to modify or amend the terms of the Plan or the Confirmation Order.

202874746.10 14893/180067

# EXHIBIT 2

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Thomas J. Tucker |
| Debtor. | ) | |

## NOTICE OF AND OPPORTUNITY TO OBJECT TO:

## MOTION OF THE GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT TO APPROVE IMPLEMENTATION OF ASF RECOUPMENT CASH OPTION PROVISIONS OF THE EIGHTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT, MICHIGAN

**Please take notice that** on September 4, 2015, the Motion of the General Retirement System of the City of Detroit to Approve Implementation of ASF Recoupment Cash Option Provisions of the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, Michigan (the "Motion") was filed.

**Your rights may be affected. Please take further notice that your rights may be affected by the relief sought in the Motion. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, by **September 21, 2015**, you or your attorney must:

1.       File with the court a written response or an answer, explaining your position at: [1]

---

[1]     Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

**United States Bankruptcy Court**
**Theodore Levin Courthouse**
**231 West Lafayette Street**
**Detroit, MI 48226**

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Robert D. Gordon
Shannon L. Deeby
Clark Hill PLC
151 S. Old Woodward, Suite 200
Birmingham, Michigan 48009

2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

2

Dated: September 4, 2015  Respectfully submitted,

        CLARK HILL PLC

         /s/  Robert D. Gordon
        Robert D. Gordon (P48627)
        Shannon L. Deeby (P60242)
        151 South Old Woodward Avenue
        Suite 200
        Birmingham, Michigan  48009
        Telephone: (248) 988-5882
        Facsimile: (248) 988-2502
        rgordon@clarkhill.com
        sdeeby@clarkhill.com

        *Counsel to the General Retirement System of*
        *the City of Detroit*

202874746.10 14893/180067

13-53846-tjt  Doc 10176  Filed 09/04/15  Entered 09/04/15 12:26:14  Page 28 of 44

# EXHIBIT 3

(Brief in Support – None Required)

# EXHIBIT 4

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Thomas J. Tucker |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 4, 2015, Motion of the General Retirement System of the City of Detroit to Approve Implementation of ASF Recoupment Cash Option Provisions of the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, Michigan (the "Motion"), Notice of and Opportunity to Object to the Motion, and this Certificate of Service were filed using the Court's CM/ECF system, which CM/ECF system will send notification of such filing to all parties of record.

CLARK HILL PLC

/s/ Robert D. Gordon
Robert D. Gordon (P48627)
Shannon L. Deeby (P60242)
151 S. Old Woodward Avenue, Suite 200
Birmingham, Michigan 48009
Telephone: (248) 988-5882
rgordon@clarkhill.com

*Counsel to the General Retirement System of the*
*City of Detroit*

Dated: September 4, 2015

# EXHIBIT 5

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Thomas J. Tucker |
| Debtor. | ) | |

## EXHIBIT LIST

| Exhibit No. | Description |
|---|---|
| 5-A | Cash Option Form |
| 5-B | List of ASF Distribution Recipients Whose Cash Option Forms Were Not Timely Received |
| 5-C | Questionnaire |
| 5-D | List of ASF Distribution Recipients Failing to Check Election Box But Affirming Intent to Elect Cash Option Via Questionnaire |

# EXHIBIT 5-A

(Cash Option Form)

## INSTRUCTIONS FOR COMPLETING THE ASF RECOUPMENT CASH OPTION ELECTION FORM

1.      In the box provided in Item 1 of the Form, please check the box to indicate your election to repay your ASF Recoupment amount under the ASF Recoupment Cash Option.

2.      Please complete Item 2 of the Election Form.

3.      Sign, date and return the Election Form to:

Kurtzman Carson Consultants, LLC ("KCC")
2335 Alaska Avenue
El Segundo, CA 90245

KCC must <u>actually receive</u> your properly completed Election Form by **5:00 P.M. P.S.T. on January 19, 2015** (the "Election Deadline"). If your Election Form is received after the Election Deadline, it will not be valid and will not be given any effect. KCC will not accept Election Forms received after the Election Deadline, or Election Forms delivered by email, fax or any other electronic method. Election Forms should not be sent directly to the General Retirement System of the City of Detroit ("GRSD"), the City, the Bankruptcy Court or any entity other than KCC. Any Election Forms received by GRSD, the City or the Bankruptcy Court will not be valid and will not be given any effect.

4.      If you believe that you are not subject to ASF Recoupment or that you are receiving this election in error, please contact KCC immediately at (877) 298-6236 or via email at detroitinfo@kccllc.com.

**PLEASE READ THE INSTRUCTIONS CAREFULLY
BEFORE FILLING OUT AND MAILING THE ELECTION FORM.**

## ASF RECOUPMENT CASH OPTION ELECTION FORM

**PLEASE READ THE ASF RECOUPMENT CASH OPTION INFORMATION AND
INSTRUCTIONS ATTACHED BEFORE COMPLETING THIS ELECTION FORM.**

---

IF YOU WISH TO TAKE THE ASF RECOUPMENT CASH OPTION, PLEASE CHECK THE BOX IN ITEM 1 AND COMPLETE THE SIGNATURE LINES AFTER ITEM 2 BELOW.

IF THIS ELECTION FORM IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS ELECTION FORM WILL NOT BE VALID AND YOUR MONTHLY PENSION BENEFIT WILL BE REDUCED AS PROVIDED IN THE ATTACHED ASF RECOUPMENT CASH OPTION ELECTION NOTICE.

---

**Item 1. ☐ ASF Recoupment Cash Option Repayment Election.** The undersigned, an ASF Distribution Recipient, elects to **ACCEPT** the ASF Recoupment Cash Option and agrees to make a lump sum cash payment to the General Retirement System of the City of Detroit ("GRSD") in the amount set forth on the Final Cash Payment Notice which I will receive approximately two weeks after the Election Deadline.

**Item 2. Certifications.** By signing this Election Form, the undersigned certifies that he or she:

i.      Is an ASF Distribution Recipient as of December 10 , 2014;

ii.      Received a copy of the ASF Recoupment Cash Option Election Notice, an ASF Recoupment Cash Option Election Form and an addressed  return envelope;

iii.      Understands that the ASF Recoupment Cash Option is capped at $30 million, and if the cash option elections returned by ASF Distribution Recipients exceed $30 million, he or she will be permitted to make a lump sum cash payment of his or her PRO RATA share of the $30 million cap; and

iv.      Further understands that if this Election Form is returned to KCC after the Election Deadline, if this Election Form is not signed on the appropriate lines below, or if a lump sum cash payment of the ASF Recoupment amount is not made to GRSD by the date set forth on the Final Cash Payment Notice, this election will not be valid and will not be given effect.

_____
Printed Name

_____
Signature

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

_____
Last Four Digits of  Social Security Number

# EXHIBIT 5-B

(List of ASF Distribution Recipients Whose
Cash Option Forms Were Not Timely Received)

| Creditor Name |
| --- |
| ABBO, JOHN M |
| Ayers-Johnson, Lolita C |
| Bennett, George H III |
| Berdijo, Marilyn R |
| BRADLEY, CAROLYN A |
| BRIDGES, WILLIE |
| BROWN, TERESA |
| Caldwell, Henry J |
| CALLAWAY, JOHN C |
| CASON, WILLIAM D |
| CHOPRA, RAJIV |
| Clark, James R |
| Collins, Lonnie J |
| Colston, Keith L |
| DICKENS, J D |
| DONALD, DEBORAH |
| DUDLEY, TERRY J |
| DUKES, ALLEN G |
| EDWARD, VALERIE C |
| FARHAT, BELINDA |
| Fields, Mario Dejuan |
| GARRETT, JACQUELINE N |
| GORDY, MAURICE W |
| HARRELL, MICHAEL A |
| Hoggatt, Lyall T |
| HOWARD, ROGER K |
| HUGHES, CLYDE A |
| JACOB, JESSY S |
| KAZDA, DAVID |
| LANDINGIN, IRENE |
| LANDINGIN, RICARDO A |
| LAWRENCE, TERRIE D |
| LEWIS, GLORIA |
| Lewis-Davis, Victoria |
| Lijana, Thomas |
| LORD, LESLIE |
| LOTT, CASANOVA C |
| MADYNSKI, JOHN |
| MARSH, VICTOR SR. |
| MCCARTY, RALPH |
| MCGEE, ENNIS |
| MIGUEL, ABELARDO D |

| |
|---|
| MOON, JOAN A |
| MORRISON, CHARLES |
| PATEL, HASUMATI |
| PATEL, KAMALESH S |
| PATEL, PARUL |
| Perkins, Don D |
| QURESHI, MUHAMMAD S |
| Ramsey, Carl M |
| ROBINSON, ARTHUR |
| SAMAAN, FARIS Y |
| SCHULTZ, RONALD R |
| SEAGRAVES, VIKKI |
| SEMEGEN, MARY LYNN |
| SHARMA, GAIL |
| SHORT, ROGER |
| SMITH, BERNICE |
| SMITH, JESSIE M |
| SPRAGINS, ERIC M |
| STEPHENS, SYLVIA A |
| STEWART, SHIRLEY |
| Sulecki, Michelle |
| TATE, LAMONT A |
| TERRY, SANDRA |
| THOMAS, LEKITA |
| Thomas, Michael H |
| THOMPKINS, TORY D |
| THOMPSON, DONNA |
| TUNSTALL, SYNEA |
| TUSKEY, THOMAS P |
| VANDERVOORT, ROBERT A |
| WATSON, LAWRENCE |
| WATSON, VICTORIA |
| WEBB, ROSE M |
| WILLIAMS, REGINALD |
| WOZNIAK, MITCHELL J |

# EXHIBIT 5-C

## (Questionnaire)



RETIREMENT SYSTEMS
OF THE
CITY OF DETROIT

500 WOODWARD AVE. STE. 3000
DETROIT, MICHIGAN 48226
PHONE 313•224•3362
TOLL FREE 800•339•8344
FAX 313•224•3522

From:   The Board of Trustees of the General Retirement System of the City of Detroit

Date:   March 16, 2015
RE:     Cash Option Election to Repay ASF Recoupment

You are receiving this letter because you signed and timely returned the ASF Recoupment Cash Option Election Form (the "Election Form") to the City of Detroit's Claims and Noticing Agent, Kurtzman Carson Consultants, LLC ("KCC").   KCC has reviewed your Election Form and determined that you did not check the ASF Recoupment Cash Option Repayment Election box next to Item 1 on the Election Form.  It is possible that your failure to check the Election box may be deemed by the City and the Bankruptcy Court to be a rejection of the ASF Recoupment Cash Option (the "Cash Option").

The General Retirement System of the City of Detroit (the "GRS") is trying to confirm whether you intended to elect the Cash Option and repay your ASF Recoupment in a lump-sum cash payment or whether you intended to repay your ASF Recoupment through reductions in your monthly pension benefit.

Please complete the questionnaire below and return it to the GRS so that it will be **received by the GRS by April 6, 2015**.  Mail the form to:

The General Retirement System of the City of Detroit
500 Woodward Ave., Suite 3000
Detroit, Michigan 48226

Please be advised that, if you check the box below next to "Yes", this does not necessarily mean that you will be deemed by the City and the Bankruptcy Court to have properly exercised the Cash Option to repay your ASF Recoupment in one cash payment.  The questionnaire is only designed to determine your original intent in returning the Election Form to KCC and may provide assistance to the City, the Bankruptcy Court, and the GRS in addressing this issue.

---

**Check the box** of the statement that applies to you:

☐   **YES**, I intended to elect the ASF Recoupment Cash Option and want to repay my ASF Recoupment in one lump-sum cash payment (payable by cashier's check or wire transfer only).

☐   **NO**, I do not want to repay my ASF Recoupment in one cash payment.  I want my ASF Recoupment, including applicable interest, deducted from my monthly pension benefit.

I understand that this form is for informational purposes only and that, if I check the box next to "Yes", this does not necessarily mean that I will be allowed to pay my ASF Recoupment in one lump-sum cash payment.

Signed_____

Print Name:_____     Phone:_____
Address:_____

_____          Email:_____

Please mail this completed questionnaire so that it will be **received by the GRS by April 6, 2015**.

# EXHIBIT 5-D

(List of ASF Distribution Recipients Failing to
Check Election Box But Affirming Intent to
Elect Cash Option Via Questionnaire)

## ASF Recoupment Cash Option Election - Confirmed Intent to Elect Cash Option

| Name |
| --- |
| Adamaszek, Clifford M. |
| Baltimore, Joseph |
| Bond, Jacqueline D. |
| Brackett, Lynne |
| Brand, Joan |
| Brooks, Loretta D. |
| Brosowski, Robert B. |
| Burton, Sandra |
| Carmona, Judy A. |
| D'Angelo, Todd |
| Dennis, Alford |
| Dennis, Timothy F. |
| Garcia, Johnny E. |
| Gilbert, Joanna R. |
| Hare, Peggy |
| Hodges, William R. |
| Jackson, Romona |
| Jamison-King, Brenda |
| Kaw, George A. |
| Keyes, Deborah |
| Krieger, Howard J. |
| Lopez, Daniel |
| Louie, Barbara |
| Malone, Will |
| Manikowski, Richard C. |
| Mitchell, Eleanor E. |
| Modi, Mitalben |
| Mosley, Allen |
| Mulholland, Michael R. |
| Neal, Daniel C. |
| Nowak, Richard J. |
| Owens, Ernest J. |
| Ozment, Ivan R. |
| Patel, Balchand P. |
| Patti, Michael G. |
| Scott Jr., Joshua |
| Seecharan, Bonita |
| Segatti, Joseph M. |
| Shultz, Raymond V. |
| Solomon, Mary J. |
| Swilley, Sherman |
| Terrell, Terry J. |

## ASF Recoupment Cash Option Election - Confirmed Intent to Elect Cash Option

| Name |
| --- |
| Thomas, James |
| Tillman, Alan V. |
| Walker, Lenetta |
| Waters, Delores R. |
| Weaver, Charles |
| Williams III, David |
| Williams, Donald |
| Williams,Walter L. |
| Windfrey, Lottie J. |
| Young, Ethelene B. |