# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST ANTOINETTE CUNNINGHAM AND WILLIE MAE HALL

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Antoinette Cunningham and Willie Mae Hall ("Motion"). In support of this Motion, the City respectfully states as follows:

## I.       Introduction

1.       Despite having failed to file a proof of claim in the City's bankruptcy case, Antoinette Cunningham and Willie Mae Hall (collectively, the "Plaintiffs") continue to prosecute their state court lawsuit seeking monetary damages on account of a pre-petition claim against the City. The City has informed the Plaintiffs that their actions violate the Bar Date Order (as defined below). The Plaintiffs, however, refuse to dismiss their claims against the City. Consequently, in accordance with the Bar Date Order, the City seeks an order barring and permanently enjoining the Plaintiffs from asserting the claims arising from or related to the state court action against the City or property of the City, and requiring the dismissal with prejudice of the state court action.

## II. Factual Background

### A. The Bar Date Order

2.      On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3.      On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Doc. No. 1782) ("Bar Date Order").

4.      The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City.  Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

5.      Paragraph 22 of the Bar Date Order also provided that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

6.     The Bar Date Order also approved the form and manner of notice of the Bar Dates.  *See e.g.* Bar Date Order ¶¶ 3, 23-26.   In accordance with the Bar Date Order, notice of the General Bar Date was published in several newspapers.  (Doc. Nos. 3007, 3008, 3009).

7.     The Bar Date Order provided that this Court retained "jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order."  Bar Date Order ¶ 29.

**B.     The Plaintiffs' State Court Action**

8.     On September 5, 2014, the Plaintiffs filed a complaint against the City of Detroit in the Circuit Court for the County of Wayne, case number 14-011459 ("State Court Action"). The complaint is attached as Exhibit 6A.

9.     The Plaintiffs allege that the City negligently operated a "motor vehicle so as to cause a collision with the vehicle of Plaintiffs, thereby causing and inflicting upon the Plaintiffs severe, numerous and permanent injuries." Complaint ¶ 3. The Plaintiffs allege damages in an amount that exceeds $25,000.00.  *Id.* ¶ 14.

10.     Although not identified in the Complaint, the date on which the alleged accident occurred was April 18, 2012.  *See* Exhibit 6B, July 23, 2015 letter from the City to the Plaintiffs.

11.     On September 25, 2014, the City filed a Notice of Suggestion of Pendency of Bankruptcy Case and Orders of Automatic Stay in the State Court Action.  *See* Exhibit 6C.

12.     On June 23, 2015, the City wrote to the Plaintiffs requesting that they dismiss the State Court Action due to their failure to file a proof of claim in the City's bankruptcy case.  *See* Ex. 6B.  The Plaintiffs did not respond to the June 23 letter. The City wrote to the Plaintiffs again on July 14, 2015, requesting that the Plaintiffs dismiss the action. *See* Ex. 6D. The Plaintiffs did not respond.

## III.    Argument

13.    The Plaintiffs did not file a proof of claim in this bankruptcy case. Thus, pursuant to the Bar Date Order, the Plaintiffs are "forever barred, estopped and enjoined from…asserting any claim against the City or property of the City." Bar Date Order ¶ 22. Through the State Court Action, however, the Plaintiffs are asserting a claim against the City. As the Plaintiffs' actions violate the Bar Date Order, the State Court Action should be dismissed with prejudice.

## IV.    Conclusion

14.    The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing the Plaintiffs to dismiss, or cause to be dismissed, with prejudice the State Court Action; (b) permanently barring, estopping and enjoining both Plaintiffs from asserting the claims arising from or related to the State Court Action against the City or property of the City; and (c) prohibiting both Plaintiffs from sharing in any distribution in this bankruptcy case. The City sought, but did not obtain, concurrence to the relief requested in the Motion.

Dated:  September 4, 2015          Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## EXHIBIT LIST

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice of Opportunity to Object |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6A | Complaint |
| Exhibit 6B | June 23, 2015 Letter |
| Exhibit 6C | Notice of Suggestion of Bankruptcy Case and Orders of Automatic Stay |
| Exhibit 6D | July 14, 2015, Email to Plaintiffs |

**EXHIBIT 1 – PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE ORDER,**
**PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND**
**BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING**
**PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE**
**THEREOF AGAINST ANTOINETTE CUNNINGHAM AND WILLIE MAE HALL**

This matter, having come before the Court on the Motion to Enforce Order, Pursuant to

Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c),

Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice

Thereof against Antoinette Cunningham and Willie Mae Hall ("Motion"), upon proper notice

and a hearing, the Court being fully advised in the premises, and there being good cause to grant

the relief requested,

    **THE COURT ORDERS THAT:**

1.    The Motion is granted.

2.    Within five days of the entry of this Order, Antoinette Cunningham and Willie

Mae Hall shall dismiss, or cause to be dismissed, with prejudice the action captioned as

*Antoinette Cunningham and Willie Mae Hall, Plaintiffs, v. City of Detroit, Defendant*, filed in the

Wayne County Circuit Court and assigned Case No. 14-011459 ("State Court Action").

3.     Antoinette Cunningham and Willie Mae Hall are both permanently barred, estopped and enjoined from asserting the claims arising from or related to the State Court Action against the City of Detroit or property of the City of Detroit.

4.     Antoinette Cunningham and Willie Mae Hall are both prohibited from sharing in any distribution in this bankruptcy case.

5.     The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**EXHIBIT 2 – NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST ANTOINETTE CUNNINGHAM AND WILLIE MAE HALL**

The City of Detroit has filed papers with the Court requesting the Court to enforce the Order, Pursuant To Sections 105, 501, And 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against Antoinette Cunningham and Willie Mae Hall.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the *City Of Detroit's Motion To Enforce Order, Pursuant To Sections 105, 501, and 503 Of The Bankruptcy Code and Bankruptcy Rules 2002 And 3003(C), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form And Manner Of Notice Thereof Against Antoinette Cunningham and Willie Mae Hall*, within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

Dated: September 4, 2015

**EXHIBIT 3 – NONE**

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

The undersigned hereby certifies that on September 4, 2015, the foregoing *CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST ANTOINETTE CUNNINGHAM AND WILLIE MAE HALL* was filed and served via the Court's electronic case filing and notice system and served via first class mail and email upon counsel to the Plaintiffs:

Kevin W. Geer, Esq.
Law Offices of Kevin W. Geer
15008 Kercheval
Grosse Pointe Park, MI 48230
Lawofficeofkwgeer@comcast.net

DATED: September 4, 2015

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

**EXHIBIT 5 – NONE**

**EXHIBIT 6A – COMPLAINT**

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ANTOINETTE CUNNINGHAM and WILLIE MAE HALL,

     Plaintiffs,

vs.                          Case No: 14-       -NI
                                HON:

CITY OF DETROIT,

                                   14-011459-NI

     Defendant.

FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/5/2014 4:11:23 PM
CATHY M. GARRETT

_____/
LAW OFFICES OF KEVIN W. GEER
BY: KEVIN W. GEER (P30571)
GUY D. SILVASI (P77099)
Attorneys for Plaintiffs
15008 Kercheval
Grosse Pointe Park, MI  48230
(313) 824-9672
lawofficeofkwgeer@comcast.net
_____/

There is another civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court before the Honorable Robert Ziolkowski as Case Number 13-005099-NF.

/s/ Kevin W. Geer
KEVIN W. GEER (P30571)

## COMPLAINT

NOW COMES the Plaintiffs, ANTOINETTE CUNNINGHAM and WILLIE MAE HALL, by and through their attorneys, LAW OFFICES OF KEVIN W. GEER, and for their complaint against the Defendant, represents unto this Honorable Court as follows:

    1.    That the Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

    2.    That the Defendant, CITY OF DETROIT, is a corporation existing under and by virtue of the laws and statutes of the State of Michigan and did at all times pertinent hereto do business in the City of Detroit, County of Wayne, State of Michigan.

3.   That the above named Defendant was the owner and operator of a 2004 motor vehicle bearing Michigan license plate BYF6490 which vehicle was being driven by Defendant in a Westbound direction on Seven Mile Road at or near the intersection of Southfield in the City of Detroit, County of Wayne, State of Michigan, when the Defendant did then and there negligently operate a motor vehicle so as to cause a collision with the vehicle of Plaintiffs thereby causing and inflicting upon the Plaintiffs severe, numerous and permanent injuries and damages.

3.   That the Defendant herein, each and any of them, were under a duty to obey the statutes of the State of Michigan applicable to the operation of motor vehicles; that notwithstanding said duty, the Defendant, violated same as expressed in the following particulars:

(a)   In driving a motor vehicle upon the highway in a careless, reckless and wanton manner in total disregard of the rights and safety of others lawfully upon the highway in violation of 9.2326, 9.2342 and 9.2327 M.S.A. and appropriate amendments thereto;

(b)   In failing to maintain a proper lookout and in otherwise negligently operating a motor vehicle upon the highway so as to cause a collision, injury and harm to your Plaintiff in violation of 9.2102, 9.2342 and 9.2327 M.S.A. and appropriate amendments thereto;

(c)   In driving a motor vehicle upon the highway at a rate of speed greater than would permit it to be stopped within the assured clear distance ahead:

(d)   In failing to make proper observations of the conditions of the highway and any other conditions then and there existing;

(e)   In driving a motor vehicle in a reckless and erratic manner in total disregard of the rights and safety of others which conduct and state of mind under the facts and circumstances amount to gross negligence and violation of M. S. A. 9.2326;

(f)   In the Defendant driving a motor vehicle at a rate of speed in excess of the posted speed law;

(g)   In other ways as will become more obvious through discovery;

2

4.   That as a result of the Defendant's negligence, the Plaintiffs sustained permanent injuries which injuries have caused pain, suffering, disability, and mental anguish and will in the future cause pain, suffering, disability and mental anguish and which have caused the Plaintiffs to sustain a serious impairment of body function.

7.   That as a result of the injuries sustained by the Plaintiffs, the Plaintiffs have suffered a severe loss of mobility and will be unable to engage in those activities which an individual of the Plaintiffs' age is accustomed to engage in and the Plaintiffs are hereby claiming damages for said deprivation and loss.

14.   That this Court has jurisdiction as a result of the injuries and damages sustained by the Plaintiffs and the amount in controversy exceeds TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, exclusive of interest and costs.

WHEREFORE, Plaintiffs, ANTOINETTE CUNNINGHAM and WILLIE MAE HALL, pray for judgment against the Defendant, in whatever amount the jury or Court determines to be fair, just and adequate compensation for the injuries and damages sustained by the Plaintiffs.

LAW OFFICES OF KEVIN W. GEER

BY: /s/ Kevin W. Geer
KEVIN W. GEER (P30571)
Attorney for Plaintiff
15008 Kercheval
Grosse Pointe Park, MI 48230
(313) 824-9672

Dated: 09/04/2014
KWG/pb

3

**EXHIBIT 6B – JUNE 23, 2015 LETTER**



**Mary Beth Cobbs**
**Assistant Corporation Counsel**
**Direct Tel. (313) 237-3075_**
**E-Mail: cobbm@detroitmi.gov**

CITY OF DETROIT
LAW DEPARTMENT

COLEMAN A. YOUNG MUNICIPAL CENTER
2 WOODWARD AVENUE, SUITE 500
DETROIT, MICHIGAN 48226-3535
PHONE 313•224•4550
FAX 313•224•5505
WWW.DETROITMI.GOV

June 23, 2015

Kevin W. Greer, Esq.
Law Offices of Kevin W. Greer
15008 Kercheval
Grosse Pointe Park, MI 48230

      Antoinette Cunningham and Willie Mae Hall vs City of Detroit
      Case No. 14-011459-NI

Re: Notice of violation of federal bankruptcy plan injunction and demand to dismiss.

Counselor Kevin W. Greer:

Demand is hereby made that you sign and return by July 10, 2015 the enclosed stipulated order to dismiss the above referenced action ("the Lawsuit"). The Lawsuit is premised upon a claim that arose prior to the July 18, 2013 filing by the City of Detroit of a petition under Chapter 9 of the U.S. Bankruptcy Code, *In re City of Detroit, Michigan*, Case No. 13-53846, United States Bankruptcy Court, Eastern District of Michigan. Under federal law and orders entered in the City's bankruptcy, the claim alleged in the Lawsuit was subject to the bankruptcy stay. The Bankruptcy Court approved the Eight Amended Plan for the Adjustment of Debts of the City of Detroit ("the Plan"), by order dated November 12, 2014, and the Plan became effective on December 10, 2014. The Plan, and orders entered along with the Plan, include an injunction against commencing or continuing any actions except as allowed for or provided in the Plan.

The above lawsuit alleges a third party motor vehicle claim based upon a April 18, 2012, incident. On September 25, 2014, plaintiff was served with the enclosed "Defendant's Notice of Suggestion of Bankruptcy and Application of Automatic Stay." As set forth in that notice, the act of filing of the complaint and effecting service, and any other act in that that lawsuit, was done in violation of federal bankruptcy law and orders issued by bankruptcy Judge Steven W. Rhodes.

The bankruptcy court set a deadline of February 21, 2014 for the filing of claims in bankruptcy by those who had a pre-petition claim against the City, including its officers and employees. Based upon out investigation, (Antoinette Cunningham and Willie Mae Hall) did not file a timely bankruptcy claim [and did not seek relief from the bankruptcy stay to file the lawsuit] Having failed to file a claim in the bankruptcy, any action taken in furtherance of the continuation of the above lawsuit violates the Plan injunction and related bankruptcy court orders confirming the Plan. See the enclosed Order and Plan excerpts.



Page 2
Antoinette Cunningham and Willie Mae Hall

If you fail to sign and return the dismissal order as requested, or provided us with proof that the action is not subject to the Plan, we will file a motion with the bankruptcy court to enforce the Plan's injunction. If we must file such a motion we will seek costs and sanctions.

Sincerely,

Mary Beth Cobbs
Assistant Corporation Counsel

MBC/mw

Enclosure

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ANTOINETTE CUNNINGHAM and
WILLIE MAE HALL,

Plaintiffs,

Case No. 14-011459-NI
Hon: Daniel A. Hathaway

v

CITY OF DETROIT,

Defendant.

| | |
|---|---|
| Law Offices of Kevin Geer | City of Detroit Law Department |
| Kevin W. Greer (P30571) | Mary Beth Cobbs (P40080) |
| Guy D. Silvasi (P77099) | Attorney for Defendant |
| Attorneys for Plaintiff | 2 Woodward Avenue, Suite 500 |
| 15008 Kercheval Avenue | Detroit, MI 48226 |
| Grosse Pointe Park, MI 48230 | (313) 237-3075 |
| (313) 824-9672 | cobbm@detroitmi.gov |
| lawofficeofkwgeer@comcast.net | |

## ORDER DISMISSING ACTION AND CLOSING CASE

This matter coming before the Court by agreement of the undersigned counsel for the

parties, the parties stipulating to entry of this order, the Court being advised in the premises.

IT IS HEREBY ORDERED

1.     This action is dismissed.

2.     This is a final order and closes the case.

The undersigned stipulate to entry of the above order:

_____
Kevin W. Greer (P30571)

_____
Mary Beth Cobbs (P40080)

## EXHIBIT 6C – NOTICE OF SUGGESTION OF PENDENCY OF BANRKUPTCY CASE AND ORDERS OF AUTOMATIC STAY

STATE OF MICHIGAN

IN THE CIRCUIT FOR THE COUNTY OF WAYNE

ANTOINETTE CUNNINGHAM
and WILLIE MAE HALL,

Plaintiffs,

Case No: 14-011459-NI
Hon. Robert L. Ziolkowski

v

CITY OF DETROIT

Defendant.

14-011459-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/25/2014 3:18:57 PM
CATHY M. GARRETT

LAW OFFICES OF KEVIN W. GEER
BY: KEVIN W. GEER (P30571)
BY: GUY D. SILVASI (P77099)
Attorneys for Plaintiff
15008 Kercheval Avenue
Grosse Pointe Park, MI 48230
(313) 824-9672
lawofficeofkwgeer@comcast.net

CITY OF DETROIT LAW DEPARTMENT
BY: CELESTA CAMPBELL (P54382)
Attorneys for Defendant
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3068
campc@detroitmi.gov

/

## NOTICE OF SUGGESTION OF PENDENCY OF BANKRUPTCY CASE AND ORDERS OF AUTOMATIC STAY

PLEASE TAKE NOTICE THAT, on July 18, 2013 (the "Petition Date"), the City of Detroit, Michigan (the "City") filed a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code"). The City's bankruptcy case is captioned *In re City of Detroit, Michigan*, Case No. 13-53846, (Bankr. E.D. Mich.) (the "Chapter 9 Case"), and is pending in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). A copy of the voluntary petition filed with the Bankruptcy Court commencing the Chapter 9 Case is attached hereto as Exhibit A. A copy of the Orders regarding Stay are also attached hereto. Exhibits B and C.

PLEASE TAKE FURTHER NOTICE THAT, in accordance with the automatic stay imposed by operation of sections 362 and 922 of the Bankruptcy Code (the "Stay"), from and after the Petition Date, no act to (i) commence or continue any judicial, administrative or other proceeding against the City that was or could have been commenced before the City's chapter 9 was commenced; (ii) recovering a claim against the City that arose before the commencement of the chapter 9 case; (iii) taking any action to obtain possession of property of or from the City; (iv) taking any action to create, perfect or enforce any lien against the property of the City; (v) taking any action to collect, assess or recover a claim against the City that arose before the commencement of the chapter 9 case; and (vi) offsetting any debt owing to the City that arose before the commencement of the chapter 9 case against any claim against the City.

PLEASE TAKE FURTHER NOTICE THAT, in accordance with the Stay, from and after the Petition Date, no cause of action arising prior to, or relating to the period prior to, the Petition Date may be commenced or continued against (i) the City, in any judicial, administrative or other action or proceeding, or (ii) an officer or inhabitant of the City, in any judicial, administrative or other action or proceeding that seeks to enforce a claim against the City, and no related judgment or order may be entered or enforced against the City outside of the Bankruptcy Court without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

PLEASE TAKE FURTHER NOTICE THAT actions taken in violation of the Stay, and judgments or orders entered or enforced against the City, its officers, inhabitants, state entities, or non-officer employees and agents and representatives to enforce a claim against the City, its officers, inhabitants, state entities, or non-officer employees and agents and representatives, while the Stay is in effect, are void and without effect.

PLEASE TAKE FURTHER NOTICE THAT neither the Bankruptcy Court nor the United States District Court for the Eastern District of Michigan has issued an order lifting or modifying the Stay for the specific purpose of allowing any party to the above-captioned proceeding to commence or continue any cause of action against the City, its officers, inhabitants, state entities, or non-officer employees and agents and representatives. As such, the above-captioned proceeding may not be prosecuted, and no valid judgment or order may be entered or enforced against the City or its officers, its officers, inhabitants, state entities, or non-officer employees and agents and representatives.

PLEASE TAKE FURTHER NOTICE THAT, in light of the foregoing, the City, its officers, inhabitants, state entities, or non-officer employees and agents and representatives will not defend against, or take any other action with respect to, the above-captioned proceeding while the Stay remains in effect.

PLEASE TAKE FURTHER NOTICE THAT the City and its officers, inhabitants, state entities, or non-officer employees and agents and representatives hereby expressly reserve all rights with respect to the above-captioned proceeding, including, but not limited to, the right to move to vacate any judgment or order, including default, entered in the above-captioned proceeding after commencement of the chapter 9 filing, as void.

Dated: September 25, 2014

Respectfully submitted,

/s/ Celesta Campbell
Celesta Campbell (P54382)
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3068
campc@detroitmi.gov

**EXHIBIT 6D – JULY 14, 2015 EMAIL TO PLAINTIFFS**

**From:** Mary Beth Cobbs
**To:** lawofficeofkwgeer@comcast.net
**Date:** 7/14/2015 3:40 PM
**Subject:** Request for Dismissal of   Antoinette Cunningham v COD  ( Pre- Petition Claims)
**Attachments:** sharp copier_20150714_160106.pdf; Plan.Notice.pdf

Mr. Geer,

I am attaching a copy of a letter which was mailed to your firm last month.

Please advise as to your position regarding voluntarily dismissing this action. If you can not sign the
Order of Dismissal, this matter will be referred to Judge Thomas Tucker for a determination that the
action is barred for failure to timely file a proof of claim.

Regards,

Mary Beth Cobbs


COBBM@detroitmi.gov
Please consider the environment before printing my e-mail

Mary Beth Cobbs
Assistant Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue
Suite 500
Detroit, MI 48226

313.237.3075 Phone
313.224.5505 Fax


The information contained in this electronic message is privileged and/or confidential information intended
only for the use of the individual or entity named above. If the reader of this message is not the intended
recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby
notified that any dissemination, distribution or copying of the communication is neither allowed nor
intended. If you have received
this communication in error, please immediately notify us by reply email or telephone at the above
number and return the original message to the sender. Thank you


>