## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S CORRECTED MOTION FOR THE ENTRY OF AN ORDER (I) ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND (II) REQUIRING THE DISMISSAL WITH PREJUDICE OF THE FEDERAL COURT ACTION FILED BY JEROME COLLINS TO THE EXTENT IT SEEKS RELIEF AGAINST THE CITY OF DETROIT OR PROPERTY OF THE CITY OF DETROIT

The City of Detroit, Michigan ("City"), by its undersigned counsel, files its Corrected[1] Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring the Dismissal with Prejudice of the Federal Court Action filed by Jerome Collins to the extent it Seeks Relief against the City of Detroit or property of the City of Detroit ("Motion"). In support of this Motion, the City respectfully states as follows:

### I. Introduction

1. On May 15, 2015, Jerome Collins ("Collins") filed a federal court lawsuit against the City seeking monetary damages on account of a pre-petition claim. Filing of the lawsuit violates the discharge and injunction provisions in the City's confirmed Plan. The City informed Collins of these violations and asked Collins to voluntarily dismiss his federal court lawsuit, but to no avail. As a result, the City is left with no choice but to seek an order barring and permanently enjoining Collins from asserting and prosecuting the claims described in the federal court action against the City or property of the City and requiring him to dismiss the federal court action with prejudice to the extent it seeks any such relief.

---

[1] The filing of this corrected motion was permitted by this Court's order entered on August 20, 2015. *See* Doc. No. 10147.

## II.    Background

### A.    Collins is Disciplined and Discharged from the Police Department Prior to the Petition Date

2.      Collins joined the Detroit Police Department on September 20, 1993.  Opinion and Award at 6, Exhibit 6A. Collins worked at the Eastern District and was assigned to the Community Relations Section.  *Id.*  In November 2009, the then Chief of Police, Warren Evans, received a letter requesting an investigation into Collins' attendance.  *Id.* at 7. An internal affairs investigation revealed that Collins had two outside jobs during the period from November 2007 through November 2009 that overlapped with the time he was scheduled to work at the Police Department.  *Id.* at 8, 10.  The time records from his two outside jobs "clearly demonstrate that his outside employment overlapped in excess of 609 hours with the hours he claimed to have worked for the Department, from November 2007 through November 2009." *Id.* at 10.  Collins had not sought nor obtained permission to maintain these outside jobs as prescribed by Police Department's Manual Provision, Code of Conduct. *Id.*

3.      The Police Department requested that the Wayne County Prosecutor's Office issue a felony complaint and warrant against Office Collins on January 18, 2010.  *Id.* at 11. On January 21, 2010, the Board of Police Commissioners suspended Collins without pay.  *Id.*  Pursuant to MCL § 750.218 and MCL § 750.505, Collins was subsequently prosecuted for two counts of false pretenses and one count of common law offenses.  *Id.*  He was acquitted of the charges on December 8, 2011, following a jury trial in the Wayne County Circuit Court. *Id.*

4.      On December 12, 2012, Collins requested a reinstatement.  *See* Ex. 6B, Complaint (as defined below in paragraph 17) ¶ 26; Ex. 6C, Answer and Affirmative Defenses (as defined below in paragraph 21), pp. 4-5, ¶ 25.   In this instance, the collective bargaining agreement provides for a grievance arbitration.  Answer and Affirmative Defenses, p. 14, ¶ 9.  A

hearing on the grievance took place on February 8, 2012. Answer and Affirmative Defenses, pp. 4-5, ¶ 25. Collins failed to appear for the hearing. *Id.* Ultimately a grievance arbitration was held on June 12, 2013. Complaint ¶ 27, Answer and Affirmative Defenses, p. 15, ¶ 13. Closing arguments were due by July 26, 2013, through the submission of post-hearing briefs. Answer and Affirmative Defenses, p. 15 ¶ 13. Collins alleges that "on account of the City of Detroit's bankruptcy filing, the June 12, 2013 hearing was adjourned without a decision, which remains presently unresolved." Complaint ¶ 28.

5. A separate disciplinary hearing was held on July 8, 2013 through July 11, 2013. Answer and Affirmative Defenses, p. 15, ¶ 14. This hearing resulted in Collins being discharged from the Police Department. *Id.*; Opinion and Award at 1; Complaint ¶¶ 71, 73 (Collins alleges that he was terminated on July 6, 2013). Collins' discharge rendered his grievance moot pursuant to the collective bargaining agreement. Answer and Affirmative Defenses, p. 15, ¶ 13.

6. Collins, through his union, filed an appeal of the discharge. Answer and Affirmative Defenses, p. 15, ¶ 16; Opinion and Award at 1. The subsequent appeal of the discharge occurred on December 11, 2013. Opinion and Award at 3. The arbitrator issued her decision on February 7, 2014, upholding the termination. Opinion and Award at 21. A final letter of termination was issued from the Chief of Police's office, dated February 14, 2014. Answer and Affirmative Defenses, p. 15, ¶ 16.

**B. The City's Bankruptcy Case**

7. On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

8. On October 10, 2013, the City filed its Motion Pursuant to Section 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order

Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof ("<u>Bar Date Motion</u>"). [Doc. No. 1146].

9.      On November 21, 2013, this Court entered an order approving the Bar Date Motion ("<u>Bar Date Order</u>").  [Doc. No. 1782]. The Bar Date Order established February 21, 2014 ("<u>General Bar Date</u>") as the deadline for filing claims against the City.  Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

10.      Paragraph 22 of the Bar Date Order also provided that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "<u>Unscheduled Claim</u>"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

11.      On February 20, 2014, the Detroit Police Officers' Association filed claim number 1877 ("<u>Proof of Claim</u>").  The Proof of Claim is attached as Exhibit 6F.  The basis for the Proof of Claim is "Claims arising from discipline matters relative to DPOA members." Collins is identified on pages 6 and 15 of the Proof of Claim.  With respect to Collins, the Proof

of Claim identifies "November 2007 to November 2009" as the "date of incident." *Id.* The "date of charge sheet" is "Revised May 7, 2013" and the "charges" are "Conduct unbecoming an officer, willful disobedience of rules or orders, using authority or position for financial gain or obtaining privileges or favors, willfully making a false oral, written statement or report." *Id.* The "status" is listed as "pending arbitration." *Id.*

12.    On October 22, 2014, the City filed its Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014) ("Plan"). [Doc. No. 8045].

13.    On November 12, 2014, this Court entered an order confirming the Plan ("Confirmation Order"). [Doc. No. 8272].

14.    The discharge provision in the Plan provides

> Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date. Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, discharge the City from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (ii) the Holder of a Claim based on such debt has accepted the Plan.

Plan, Art. III.D.4.

15.    The Plan injunction set forth in Article III.D.5 provides in pertinent part:

> **Injunction**
>
> **On the Effective Date, except as otherwise provided herein or in the Confirmation Order,**
>
> **a.      all Entities that have been, are or may be holders of Claims against the City…shall be permanently enjoined from taking any of the following actions against or affecting the City or its property…**

**1.** commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affect the City of its property…

**5.** proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan or the settlements set forth herein to the extent such settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and

**6.** taking any actions to interfere with the implementation or consummation of the Plan.

Plan, Article III.D.5 (emphasis supplied).

16.     The Court also retained jurisdiction to enforce the Plan injunction and to resolve any suits that may arise in connection with the consummation, interpretation or enforcement of the Plan.  Plan, Art. VII. F, G, I.

**C.     Collins Files a Complaint in Federal Court in May 2015 Based on Pre-Petition Claims**

17.     On May 15, 2015, Collins filed a complaint ("Complaint") against the City, the Detroit Police Department, Ralph Godbee, former Police Chief, Mattie Lewis, former Police Office and John Does in the United States District Court for the Eastern District of Michigan, case number 15-11756 ("Federal Court Action"). The Complaint is attached as Exhibit 6B.

18.     The Complaint contains seven counts. Complaint, pp. 8-13.  Each count stems from events which occurred prior to the Petition Date.  *Id.*  None of the counts in the Complaint appear in the Proof of Claim.

19.     On May 22, 2015, the City sent a letter to Collins' counsel requesting that Collins agree to dismiss the Federal Court Action.  May 22 letter, Exhibit 6D. In its May 22 letter, the City explained that the Federal Court Action alleges due process/equal protection violations and discrimination claims based upon the suspension without pay and subsequent discharge of Police

Officer Jerome Collins, which occurred on January 21, 2010 and July 11, 2013 respectively." May 22 letter at 2.

20.     On June 9, 2015, Collins responded to the May 22 letter and refused to dismiss the Federal Court Action. June 9 letter, Exhibit 6E.

21.     On June 10, 2015, to avoid a default judgment, but not waive its rights under the Plan, Confirmation Order or Bar Date Order, the City filed an answer and affirmative defenses to the Complaint ("Answer and Affirmative Defenses").  The Answer and Affirmative Defenses is attached as Exhibit 6C.

## III.    Argument

22.     Collins violated the Plan's injunction and discharge provisions when he filed the Federal Court Action to assert claims and otherwise seek relief against the City.   And, he continues to violate them by continuing to prosecute, and refusing to voluntarily dismiss, the action.

23.     The Plan's discharge provision[2] states that the "…rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date." Plan Art. III.D.4. The Proof of Claim does not specifically assert any of the claims raised in the Federal Court Action.  Consequently, Collins does not have a right to a distribution or payment under the Plan on account of the claims asserted in the Federal Court Action.  Plan Art. I.A.19; Art. I.A.134; Art. VI.A.1. ("Notwithstanding any other provision of the Plan, no payments or Distributions

---

[2] Only "claims against officers or employees of the City *in their individual capacity* under 42 U.S.C. §1983" (emphasis added) are excepted from the discharge and injunction provisions of the Plan, pursuant to paragraphs 30 and 32 of the Confirmation Order.

shall be made on account of a Disputed Claim until such Claim becomes an Allowed Claim."). Those claims were discharged and the Plan enjoins Collins from pursuing them.

24. Even if this Court were to find that the Proof of Claim encompasses the claims asserted in the Federal Court Action (which it should not), as set forth in the Plan's discharge and injunction provisions, Collins' sole right is to pursue the Proof of Claim in this Bankruptcy Court. There is no set of circumstances under which Collins is or would have been permitted to commence and prosecute the Federal Court Action against the City or its property.

## IV.  <u>Conclusion</u>

25. As such, the City respectfully requests that this Court enter an order in substantially the same form as the one attached as Exhibit 1, (a) granting the Motion and (b) requiring Collins to dismiss, or cause to be dismissed, with prejudice the Federal Court Action to the extent it seeks relief against the City or property of the City. The City sought, but did not obtain, concurrence to the relief sought in the Motion.

September 11, 2015                    Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan  48226
    Telephone: (313) 237-5037
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov

    ATTORNEYS FOR THE CITY OF DETROIT

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## **EXHIBIT LIST**

Exhibit 1     Proposed Order
Exhibit 2     Notice
Exhibit 3     None
Exhibit 4     Certificate of Service
Exhibit 5     None
Exhibit 6A    Opinion and Award
Exhibit 6B    Complaint
Exhibit 6C    Answer and Affirmative Defenses
Exhibit 6D    May 22 Letter
Exhibit 6E    June 9 Letter
Exhibit 6F    Proof of Claim

<u>**EXHIBIT 1 – PROPOSED ORDER**</u>

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**[PROPOSED] ORDER GRANTING CITY OF DETROIT'S CORRECTED MOTION FOR THE ENTRY OF AN ORDER (I) ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND (II) REQUIRING THE DISMISSAL WITH PREJUDICE OF THE FEDERAL COURT ACTION FILED BY JEROME COLLINS TO THE EXTENT IT SEEKS RELIEF AGAINST THE CITY OF DETROIT OR PROPERTY OF THE CITY OF DETROIT**

This matter, having come before the court on the City of Detroit's Corrected Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring the Dismissal with Prejudice of the Federal Court Action filed by Jerome Collins to the Extent it Seeks Relief Against the City of Detroit or Property of the City of Detroit ("<u>Motion</u>"), upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1. The Motion is granted.

2. Within five days of the entry of this Order, Jerome Collins shall dismiss, or cause to be dismissed, with prejudice, Case No 15-11756 filed with the United States District Court for the Eastern District of Michigan, Southern Division, and captioned *Jerome Collins vs. City of Detroit, Detroit Police Department, Ralph Godbee, former Police Chief, Mattie Lewis, former Police Officer, and John Does, whose identities are presently unknown* ("<u>Federal Court Action</u>") to the extent it seeks any relief against the City of Detroit or property of the City of Detroit.

3.     The Federal Court Action was commenced and prosecuted in violation of the Plan injunction as it pertains to the City of Detroit and its property.

4.     The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

25134941.2\022765-00202

## EXHIBIT 2 – NOTICE

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

### NOTICE OF OPPORTUNITY TO RESPOND TO CITY OF DETROIT'S CORRECTED MOTION FOR THE ENTRY OF AN ORDER (I) ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND (II) REQUIRING THE DISMISSAL WITH PREJUDICE OF THE FEDERAL COURT ACTION FILED BY JEROME COLLINS TO THE EXTENT IT SEEKS RELIEF AGAINST THE CITY OF DETROIT OR PROPERTY OF THE CITY OF DETROIT

The City of Detroit has filed its Corrected Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring the Dismissal with Prejudice of the Federal Court Action filed by Jerome Collins to the extent it Seeks Relief against the City of Detroit or Property of the City of Detroit.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the City of Detroit's Corrected Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring the Dismissal with Prejudice of the Federal Court Action filed by Jerome Collins to the extent it Seeks Relief against the City of Detroit or Property of the City of Detroit, within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.  You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
        Marc N. Swanson (P71149)
        150 West Jefferson, Suite 2500
        Detroit, Michigan 48226
        Telephone: (313) 496-7591
        Facsimile: (313) 496-8451
        swansonm@millercanfield.com

Dated:  September 11, 2015

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

**EXHIBIT 3 – NONE**

<u>**EXHIBIT 4 – CERTIFICATE OF SERVICE**</u>

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that on September 11, 2015 the foregoing City of Detroit's Corrected Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring the Dismissal with Prejudice of the Federal Court Action filed by Jerome Collins to the extent it Seeks Relief against the City of Detroit or Property of the City of Detroit was filed and served via the Court's electronic case filing and notice system and served upon counsel as listed below, via first class mail and electronic mail:

Benjamin Whitfield, Jr
Benjamin Whitfield, Jr. & Associates, PC
547 East Jefferson Avenue
Detroit, MI 48226
Benwlaw123@aol.com

DATED: September 11, 2015

By: <u>/s/ Marc N. Swanson</u>
     Marc N. Swanson
     150 West Jefferson, Suite 2500
     Detroit, Michigan 48226
     Telephone: (313) 496-7591
     Facsimile: (313) 496-8451
     swansonm@millercanfield.com

**EXHIBIT 5 – NONE**

# **EXHIBIT 6A – OPINION AND AWARD**

# VOLUNTARY LABOR ARBITRATION TRIBUNAL
## CITY OF DETROIT AND DETROIT POLICE OFFICERS ASSOCIATION
## UMPIRE SYSTEM

In the Matter of the
Arbitration Between:

THE CITY OF DETROIT POLICE
DEPARTMENT

Grievance No. 12-0137

and

THE DETROIT POLICE OFFICERS
ASSOCIATION

_____/

# OPINION AND AWARD

Appearances

*For the City of Detroit Police Department:*

City of Detroit Law Department
By: Letitia C. Jones, Assistant Corporation Counsel
Sergeant Melissa Gardner, Labor Relations

*For Detroit Police Officers Association:*

Gregory, Moore, Jeakle & Brooks
By: Michael J. Akins
Officer Bernard Cybulski, DPOA Vice President
Officer Stacy Cavin, DPOA Grievance Committee
Police Officer Jerome Collins, Grievant



RECEIVED
FEB 1 0 2014
CITY OF DETROIT
LAW DEPARTMENT
LABOR EMPLOYMENT LAW DIVISION

## OPINION

The Detroit Police Officers Association appeals to arbitration an August 6, 2013-Trial Board decision recommending the dismissal of Police Officer Jerome Collins, badge number 1508, that was adopted by the Chief of Police. The question presented is whether there was just cause for dismissing the grievant based on findings of guilt on the following Charges and Specifications:

### I. CONDUCT UNBECOMING AN OFFICER

Specification 1: That he, POLICE OFFICER JEROME COLLINS, badge 1508, currently assigned to Eastern District, while on duty, did from November 2007 through November 2009, conduct himself in a manner unbecoming an officer by working two (2) unauthorized outside employments that overlapped his duties and responsibilities with the Detroit Police Department as a Community Relations Officer; THIS BEING IN VIOLATION OF THE DETROIT POLICE DEPARTMENT MANUAL SERIES 100, DIRECTIVE 102.3 -- 7.9, CONDUCT, UNPROFESSIONAL, COMMAND 1.

### II. WILLFUL DISOBEDIENCE OF RULES OR ORDERS

Specification 2: That he, POLICE OFFICER JEROME COLLINS, badge 1508, currently assigned to Eastern District, while on duty, did from November 2007 through November 2009, willfully disobey a direct order of the Department by working security at St. John's Hospital, without approval from the Chief of Police; THIS BEING IN VIOLATION OF THE DETROIT POLICE DEPARTMENT MANUAL SERIES 100, DIRECTIVE 102.3 --7.9, CONDUCT, UNPROFESSIONAL, COMMAND 8.

Specification 3: That he, POLICE OFFICER JEROME COLLINS, badge 1508, currently assigned to Eastern District, while on duty, did from April 2008 through November 2009, willfully disobey a direct order of the Department by working security and as a truancy officer at Allen Academy, without approval from the Chief of Police; THIS BEING IN VIOLATION OF

1

THE DETROIT POLICE DEPARTMENT MANUAL SERIES 100, DIRECTIVE 102.3--7.9, CONDUCT, UNPROFESSIONAL, COMMAND 8.

## IV. WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT

Specification 5: That he, POLICE OFFICER JEROME COLLINS, badge 1508, currently assigned to Eastern District, **did on January 5, 2009,** willfully make a false written report, when he completed and submitted an Activity Log that he knew contained false information, THIS BEING IN VIOLATION OF THE DETROIT POLICE DEPARTMENT MANUAL SERIES 100, DIRECTIVE 102.3--7.22 TRUTHFULNESS, COMMAND 1.[1]

[Specifications 6, 8 and 10 related to the following dates in January 2009: 6, 16, and 23]

[Specifications 12 through 21 related to the following dates in February 2009: 3, 4, 6, 11, 17, 18, 19, 20, 25 and 27]

[Specifications 22 through 28 related to the following dates in March 2009: 2, 3, 10, 11, 16, 20 and 23]

---

[1]The Trial Board found Officer Collins not guilty of the following charge and specification:

## III. USING AUTHORITY OR POSITION FOR FINANCIAL GAIN OR FOR OBTAINING PRIVILEGES OR FAVORS

Specification 4: That he, POLICE OFFICER JEROME COLLINS, badge 1508, currently assigned to Eastern District, while on duty, **on numerous dates between November 14, 2007 through November 25, 2009,** at St. John's Hospital, use his position for financial gain by working security, when in fact he was suppose to be working as a Community Relations Officer for the Eastern District, resulting in him being monetarily **compensated by the City of Detroit for time not worked;** THIS BEING IN VIOLATION OF THE DETROIT POLICE DEPARTMENT MANUAL SERIES 100, DIRECTIVE 102.3--7.6, AUTHORITY, MISUSE, COMMAND 9. [emphasis in original]

2

[Specifications 29 through 33 related to the following dates in April 2009: 20, 22, 24, 29 and 30]

[Specifications 34 through 37 and 39 through 41related to the following dates in May 2009: 4, 7, 8, 13, 15, 20 and 28]

[Specifications 42 through 44 related to the following dates in June 2009: 5, 29 and 30]

[Specifications 45 through 56 related to the following dates in July 2009: 1, 2, 8, 10, 14, 15, 17, 22, 23, 24, 29 and 30]

[Specifications 57 through 63 related to the following dates in August 2009: 3, 5, 7, 21, 25, 27 and 28]

[Specifications 64 through 71 related to the following dates in September 2009: 2, 14, 15, 21, 23, 24, 29 and 30]

[Specifications 72 through 77 related to the following dates in October 2009: 2, 22, 23, 27, 29 and 30]

[Specifications 78 through 85 related to the following dates in November 2009: 16, 17, 18, 19, 20, 23, 24 and 25]

The Arbitration Hearing was held on December 11, 2013. The parties called no witnesses to testify and stipulated to the admission of the following exhibits:

1. Joint Exhibit 1; Master Agreement Between the City of Detroit and the Detroit Police Officers Association and/or the City Employment Terms, whichever is appropriate

2. Charge Sheet, DA# 12-0137 dated May 7, 2013 (revised)

3

3. Disciplinary Chain, inclusive of the Request for Arbitration, Receipt of Recommendation of the Police Trial Board and the Decision at the Chief's Review, Internal Affairs Memorandum regarding Service of Termination Letter, September 27, 2013-Recommendation of the Police Trial Board and the Decision at the Chief's Review and August 6, 2013-Trial Board Findings and Recommendation

4. May 7, 2013, July 8, 9 and 11, 2013-Trial Board Transcripts in Case No. 12-0137, Exhibit List and Trial Board Exhibits 1 through 18:

    1. Police Officer Jerome Collins' *Garrity* Interview
    2. Daily Details for Eastern District, Platoon Two, Community Relations Section for the years 2007-2009
    3. Police Officer Jerome Collins' Activity Logs for 2007-2009
    4. Jerome Collins' Employee Time Records from St. John Detroit Riverview Center/St. John Health covering December 6, 2004 through January 8, 2010
    5. Jerome Collins' Employee Time Records from Allen Academy covering April 14, 2008 through February 26, 2010
    6. Jerome Collins' Detroit Police Department Attendance Cards for 2007-2009
    7. Spreadsheets comparing the time overlaps between Jerome Collins' employment with the Detroit Police Department, St. John Health and Allen Academy
    8. Jury Trial Excerpts-Testimony Only of *People v Jerome Collins,* Wayne County Circuit Case No. 11-2017
    9. Detroit Police Department Manual Provisions, Code of Conduct, 102.3-9.1 through 102.3-9.5, Off Duty Employment
    10. November 30, 2009-letter of complaint from Katherine Jones to former Chief of Police Warren Evans re: Officer Collins
    11. January 15, 2010-*Detroit Free Press* article captioned, "2 Detroit Cops are focus of time-card fraud investigation"
    12. Order of Acquittal by jury in *People v Jerome Collins,* Wayne County Circuit Case No. 11-2017

4

13. Testimony of former Chief of Police Ralph Godbee in Officer Collins' 9F Arbitration Hearing, Grievance No. 10-005

14. March 17, 2010-*Garrity* Interview of Commander Moore (Department Exhibit)

15. Sergeant Mattie Lewis' Compilation of the Eastern District's "Initiative Reports" dated November 29, 2010 (Association Exhibit)

16. 2008/2009-Flint Area Youth Football League Schedules (Association Exhibit)

17. Spreadsheets November 2007 to November 2009 showing overlapping work schedules (from Daily Details)

18. Transcript of Sergeant Mattie Lewis' March 4, 2010-Investigative Subpoena Interview

**5.** Officer Collins' Disciplinary History

**6.** Detroit Police Department Disciplinary Matrix

**7.** Chronology of investigation and disciplinary proceedings

The parties agreed that the record would be closed through the submission of post hearing briefs on or before January 31, 2014.

5

## FINDINGS OF FACT

Commanders Steven Dolunt and James Moore were assigned to the Detroit Police Department's Eastern District during the relevant time period, beginning in 2007. The Grievant, Officer Jerome Collins, joined the Detroit Police Department on September 20, 1993. He worked at the Eastern District, assigned to the Community Relations Section at all relevant times.

The Commanders grew increasingly concerned about Officer Collins' whereabouts because they rarely saw him at the Eastern District. They decided to raise the matter with then-Deputy Chief Joyce Motley. Deputy Chief Motley told Dolunt and Moore "to let it go. . . . Community Relations was . . . under her, don't worry about it." Commander Dolunt said that he interpreted this response to mean that Officer Collins had a flexible work schedule and that he could do outside work.[2]

Deputy Chief Motley left the Department in September 2008 and her position was not filled.[3] After Motley's departure, the Commanders received a letter from Officer Collins' wife or ex wife asserting that he was working at his personally-owned sports arena in Canton. The letter was referred to Internal Affairs for investigation.[4] As Commander Moore

---

[2]July 9, 2013-Trial Board Transcript, pp. 75, 125.

[3]July 9, 2013-Trial Board Transcript, pp. 124.

[4]July 9, 2013-Trial Board Transcript, pp. 76, 96-97, 100.

6

explained the circumstances, the request for investigation was prompted by their ongoing questions regarding Officer Collins' whereabouts:

> We didn't see him, and we wanted to know what was going on. . . . But the bottom line is that we didn't see him the way we felt we should. We made inquiries. We didn't get answers that satisfied us. Therefore, we asked those people whose responsibility it is to take a deeper dive.[5]

Commander Dolunt said he probably discussed the allegations with Officer Collins after Internal Affairs was notified. Collins then became more visible, "He made a point to see me," he said.[6] Internal Affairs subsequently reported that its investigation had yielded nothing. They put a surveillance team on Collins, followed him for a period of time and did not see anything out of the ordinary.[7]

About a year later, another letter was sent to then-Chief of Police Warren Evans requesting an investigation into Officer Collins' attendance:

---

[5]July 9, 2013-Trial Board Transcript, pp. 151

[6]July 9, 2013-Trial Board Transcript, p. 81

[7]July 9, 2013-Trial Board Transcript, p. 129

7

November 30, 2009

\*      \*      \*

Dear Chief of Police:

I am a concerned citizen living within the Eastern District boundaries and very close to some of the officers working there. It has come to my attention that one of the officers, Jerome Collins, works there, but no one ever sees him. He is suppose to be assigned to Community Relations but never reports to work.

I know that you said you want more officers on the street. I think it's time someone looks into what this officer is doing or not doing.

Sincerely,

Katherine Jones [8]

The second Internal Affairs investigation focused on the manner in which the Eastern District's Community Relations Section was managed, the conduct of its Sergeant, Mattie Lewis, and Officers Collins and Borden. The investigation revealed that Officer Collins held two outside jobs that overlapped with the time he was scheduled to work at the Department. Further, that he had not sought or obtained permission from the Chief of Police to maintain these outside jobs, as prescribed by Manual Provision, Code of Conduct, 102.3-9.3:

102.3 - 9.3 Authorization

1. *The member shall submit an Inter-Office Memorandum requesting outside employment, through channels, to his or her commanding officer. The requesting member shall also submit a completed* application for Authorization for Outside Employment or Business Activity (DPD 525), with the memorandum.

2. The *requesting member's immediate supervisor shall submit a DPD 568, through channels, to the commanding officer regarding the member's sick time*

---

[8]Trial Board Exhibit 10; November 30, 2009-letter of complaint from Katherine Jones to former Chief of Police Warren Evans re: Officer Collins

8

*usage and duty status. Two (2) years of the requesting member's Police Attendance Cards (DPD 350C) shall be submitted with the DPD 568.*

3. The *entire request package shall be* distributed as follows: the original and one (1)copy to the Chief of Police (through channels); one (1) copy in the member's file at his/her command; and one (1) copy to be retained by the member.

4. Once authorization has been granted, it shall remain in effect for a period of one (1) year unless the member terminates the business or employment activity or the department for cause terminates the authorization.[9]

Officer Collins worked at St. John Hospital as a contingent security officer from 2005 to 2010. Juan Rogers, Collins' supervisor, testified that full time officers were required to work from 7:00 a.m. to 3:00 p.m., while contingent officers were allowed flexible hours, if they had to leave to go to another job. Officer Collins usually reported to the hospital around 7:00 a.m. He left, however, at varying times that usually overlapped three or more hours with his departmental-duties.

Rogers said Collins was always accessible via surveillance camera and/or prep radio during his work hours at the hospital.[10] The hospital used swipe cards to clock in and out, and employees were paid according to the hours recorded. Given the intricacies of the attendance-recording system, Rogers opined that Collins had to have been actually present

---

[9]Trial Board Exhibit 9; Detroit Police Department Manual Provisions, Code of Conduct, 102.3-9.1 through 102.3-9.5, Off Duty Employment [italics in original]

[10]Trial Board Exhibit 8; December 5, 2011-Jury Trial Excerpt, *People v Jerome Collins,* Wayne County Circuit Case No. 11-2017, pp. 7, 9-10.

9

at the hospital as reflected in his time records.[11] Officer Collins admitted the accuracy of his hospital time-records in his *Garrity* interview.

Aside from his outside employment with the hospital, Officer Collins worked as a Security and Truancy Officer at Allen Academy. His weekly time records from the Academy indicated that he typically worked two to three weekdays from 9:00 a.m. to 3:00 p.m., in addition to working security in the nighttime.[12] However, Collins said in his *Garrity* interview that these time records were not accurate because he did not work at the Academy in the daytime. He said his duties as a Truancy Officer involved delivering letters to parents; a job he often did on the weekends. The nighttime security job at the Academy was from 11:00 p.m. to 4:00 or 5:00 a.m., he said.

Officer Collins' shift at the Detroit Police Department was generally on weekdays from 11:00 a.m. to 7:00 p.m., as documented by the Department's time records, activity logs, and daily details. His St. John Hospital and Allen Academy-time records clearly demonstrate that his outside employment overlapped in excess of 609 hours with the hours he claimed to have worked for the Department, from November 2007 through November 2009. Further, when his time records from his various employments with the Police Department, St. John

---

[11]Trial Board Exhibit 8; December 5, 2011-Jury Trial Excerpt, *People v Jerome Collins*, Wayne County Circuit Case No. 11-2017, p. 12.

[12]Trial Board Exhibit 7B; Spreadsheet comparing the time overlaps between Jerome Collins' employment with the Detroit Police Department, St. John Health and Allen Academy

Hospital and Allen Academy are juxtaposed to one another, his claimed workdays often exceeded 27 hours.[13]

The Department requested that the Wayne County Prosecutor's Office issue a felony complaint and warrant against Officer Collins on January 18, 2010. On January 21, 2010, the Board of Police Commissioners suspended Officer Collins without pay.[14] Pursuant to MCL § 750.218 and MCL § 750.505, Officer Collins was subsequently prosecuted for two counts of false pretenses ($1,000.00 or more but less than $20,000.00) and one count of common law offenses. He was acquitted of all charges on December 8, 2011 following a jury trial in the Wayne County Circuit Court.

Other facts will be raised in the relevant discussion.

## DISCUSSION

This is a discharge case for which the Detroit Police Department bears the burden of proving just cause–not simply for imposing some discipline, but just cause for the ultimate sanction of discharge. Article 9.E.3. of the Collective Bargaining Agreement provides that where the penalty of discharge has been imposed, the standard of review in an appeal of a Trial Board decision to arbitration is *de novo*:

---

[13]Trial Board Exhibit 7A; Spreadsheet comparing the time overlaps between Jerome Collins' employment with the Detroit Police Department, St. John Health and Allen Academy

[14]Exhibit 7; Chronology of investigation and disciplinary proceedings

3. An appeal of a Trial Board decision to arbitration under this section shall be subject to the arbitration procedure of Article 8, insofar as they are specifically applicable to discipline arbitration, subject to the following provisions:

> a. Any disciplinary matter brought to arbitration shall be limited to the issue of the severity of the penalty except discharges and suspensions of six (6) months or more in which cases the employee shall be entitled to a de novo hearing on all issues.

*   *   *

> c. The umpire shall have the authority to affirm the Trial Board penalty, to reverse the Trial Board penalty, to set aside or to modify it in any way. In no event shall the umpire increase the penalty rendered by the Trial Board.

The Association notes that the Trial Board applied the preponderance of the evidence standard while making its findings. On *de novo* review, it urges the application of the criminal standard of beyond a reasonable doubt with respect to Counts I and IV. The Umpire agrees that where the basis for dismissal is criminal in nature or involves moral turpitude, the Department bears the burden of proving the misconduct beyond a reasonable doubt. See, for example, *P.O. Tara Lawson,* 01-0585 (Alexander, 2003). However, the Umpire rejects the notion advanced by the Association that this "quantum of proof . . . requires that the Employer establish *without a doubt* that Mr. Collins is guilty. . . " [15]

---

[15] Association's Post-Hearing Brief, pp. 7-8 [italics supplied by the Association].

Employing a "without a doubt" standard would indeed impose a higher standard on the Department than what is known in the criminal law.[16]

**Conduct Unbecoming an Officer**

The Department maintains that the Trial Board's guilty-finding on Count I should be affirmed because Officer Collins conducted "himself in a manner unbecoming an officer by working two (2) unauthorized outside employments that overlapped his duties and responsibilities with the Detroit Police Department as a Community Relations Officer." The Association counters that though "Collins' various employers show overlapping work times . . . it does not prove that he was not working for the Department the total number of hours for which he was compensated."[17] This argument however misapprehends the gravamen of the misconduct alleged in Count 1.

Conduct unbecoming a police officer includes conduct which brings or may bring, the Police Department into disrepute or reflects discredit upon the officer or the department, thereby impairing efficient departmental operations. It is an honor and privilege to be employed as a police officer, and attached to that honor come certain expectations and a sacrifice of individual rights. Police officers must therefore conduct both their professional

---

[16]Michigan's Standard Criminal Jury Instruction, CJI 2d 3.2 states, in part, that "A reasonable doubt is a fair, honest doubt growing out of the evidence or lack of evidence, it is not merely an imaginary or possible doubt, but a doubt based on reason and common sense. A reasonable doubt is just that, a doubt that is reasonable after a careful and considered examination of the facts and circumstances of this case."

[17]Association's Post-Hearing Brief, p. 8.

and personal lives in accordance with the higher standards and expectations of their department, eschewing dishonest acts and unfair dealing.

In his *Garrity* interview, Officer Collins said that the information *he* furnished to support *his* Allen Academy time-records and payroll was inaccurate, but "confirmed that [his] time records from St. John's Hospital were correct."[18] Further, Collins' Allen Academy time-records for 2009 show that this outside employment overlapped more than one thousand (1,000) hours with the time he was charged with performing his duties and responsibilities as a police officer.[19]

Because it is impossible for one to be in two and three places at the same time, or to work a 27-hour plus workday, Collins' actions raised the specter of unfair dealing and dishonesty. This conduct clearly reflected discredit upon Officer Collins and brought the Department into disrepute, as demonstrated by the January 15, 2010-*Detroit Free Press* article captioned, "2 Detroit Cops are focus of time-card fraud investigation."[20]

For the above reasons, the evidence supports the Trial Board's finding of guilt on Count I, Specification 1, *viz.*, Officer Collins conducted "himself in a manner unbecoming

---

[18]Association's Post-Hearing Brief, p. 5.

[19]Trial Board Exhibit 7C; Spreadsheet comparing the time overlaps between Jerome Collins' employment with the Detroit Police Department, St. John Health and Allen Academy

[20]Trial Board Exhibit 11.

14

an officer by working two (2) unauthorized outside employments that overlapped his duties and responsibilities with the Detroit Police Department as a Community Relations Officer."

**Willful Disobedience of Rules or Orders**

In Count II, Specifications 2 and 3, the Trial Board found Officer Collins guilty of willfully disobeying a direct order of the Department by working at St. John Hospital from November 2007 through November 2009, and Allen Academy from April 2008 through November 2009, without approval from the Chief of Police.

There can be no doubt that Officer Collins was working two outside jobs during the relevant periods, based on the voluminous attendance records and his own admissions during his *Garrity* interview.[21] There similarly is no question that Collins sought permission, or obtained approval from the Chief of Police to hold these outside employment positions during the relevant time-periods.

The evidence therefore clearly supports the Trial Board's finding of guilt on Count II, Specifications 2 and 3, *viz.*, willfully disobeying a direct order of the Department by working at St. John Hospital from November 2007 through November 2009, and Allen

---

[21]Trial Board Exhibits 4-6; Jerome Collins' Employee Time Records from St. John Detroit Riverview Center/St. John Health covering December 6, 2004 through January 8, 2010; Jerome Collins' Employee Time Records from Allen Academy covering April 14, 2008 through February 26, 2010; Jerome Collins' Employee Time Detroit Police Department Attendance Cards for 2007-2009, respectively.

Academy from April 2008 through November 2009, without approval from the Chief of Police.

**Willfully Making a False Oral, Written Statement or Report**

The Trial Board found Officer Collins guilty of making a false written report, when he completed and submitted Activity Logs that he knew contained false information on 77 various dates. (He was found not guilty on Specification 7 for January 12, 2009; Specification 9 for January 21, 2009; Specification 11, for January 28, 2009 and Specification 38 for May 14, 2009.)

Officer Collins' shift at the Detroit Police Department was generally on weekdays from 11:00 a.m. to 7:00 p.m. He also worked at St. John Hospital, reporting usually around 7:00 a.m., and leaving at varying times which typically overlapped three or more hours with his departmental-duties. Further, according to the Allen Academy's time records, his typical weekly schedule consisted of two to three *weekdays* from 9:00 a.m. to 3:00 p.m.

During his *Garrity* interview, Officer Collins admitted that all of the 2009-Activity Logs that he completed were inaccurate because he consistently misrepresented that he began his police duties at 11:00 a.m. However, he asserted that his shift was, instead, from 2:00 p.m. to 10:00 p.m. or 1:30 p.m. to 9:30 p.m.

He said the Eastern District Command had given him "flex" time because he ran daily department-sponsored sports programming from 4:00 p.m. to 10:30 p.m. or 11:00 p.m., and

16

on the weekends. He further claimed that despite misrepresenting the time-periods when he conducted the more routine police activities that were listed in his Activity Logs, he did, in fact, perform them. The times were misrepresented, he said, because Sergeant Lewis instructed him to complete the logs in a manner consistent with the time sheets and daily details that she had completed.

It must be recalled that the allegations in Count IV relate only to Officer Collins' conduct in 2009 and that Officer Collins agreed to the accuracy of his hospital time-records. Furthermore that none of his command officers confirmed that his shift was, in fact, from 2:00 p.m. to 10:00 p.m. or 1:30 p.m. to 9:30 p.m.

Parenthetically, even if his "flex" shift-claim carried any validity, the Umpire notes that of the 77 guilty-findings in Count IV, Collins clocked out from the hospital on 54 occasions *at 2:00 p.m., and afterwards*. In six (6) other instances, he clocked out only a few minutes before 2:00 p.m., making it virtually impossible for him to reach the Eastern District by 2:00 p.m.[22] Thus, Officer Collins effectively admitted that his outside employment with the hospital overlapped most time-periods that he was charged with performing his duties and responsibilities as a Community Relations Police Officer; by his own admissions, on 60 occasions he willfully made a false written report when he completed and submitted an Activity Log that he knew contained false information.

--------

[22]Trial Board Exhibit 7C; Spreadsheet comparing the time overlaps between Jerome Collins' employment with the Detroit Police Department, St. John Health and Allen Academy

17

The documentary evidence, coupled with Officer Collins' own admissions, support the Trial Board's findings of guilt with respect to Count IV, Specifications 5-6, 8 , 10, 12-37, 39- 85, *viz.,* Officer Collins willfully made a false written report when he completed and submitted an Activity Log that he knew contained false information.

## The Penalty

"Just cause is a flexible concept, embodying notions of equity and fairness." *Arch of Illinois, Div of Apogee Coal Corp v District 12, United Mine Workers*, 85 F3d 1289, 1294 (7th Cir. 1996). However, properly understood:

> Where an employee has violated a rule or engaged in conduct meriting disciplinary action, it is primarily the function of management to decide upon the proper penalty. If management acts in good faith upon a fair investigation and fixes a penalty not inconsistent with that imposed in other like cases, an arbitrator should not disturb it. . . The only circumstances under which a penalty imposed by management can be rightfully set aside by an arbitrator are those where discrimination, unfairness, or capricious and arbitrary action are proved–in other words, where there has been abuse of discretion.

*Stockham Pipe Fittings Co,* 1 LA 160, 162 (McCoy, 1945).

In recommending the penalty of dismissal, the Trial Board considered the nature of the charges, along with the absence of disciplinary sanctions during Officer Collins' 17-plus years of active service with the Department. The Association argues that the penalty is too harsh considering that this case represents Officer Collins' "first offense." Officer Collins' misconduct was protracted and premeditated. He willfully disobeyed the department's rules regarding outside employment over the course of two years and made false entries on his

18

Activity Logs for almost one year. His willful disobedience and fraudulent scheme ultimately brought the department into disrepute and reflected discredit upon him as an officer.

In other cases involving far less egregious misconduct than this case, members of this panel have upheld dismissals. *See, Wade Griffin,* Gr. No. 98-0100, (Brown, 1999) (affirming departmental dismissal where officer pled no contest to willfully submitting false medical excuses, with 13 specifications, and to conduct unbecoming an officer); *Rial Parsons,* 2 DPD Lab. Arb. 283 (Roumell, 1981) (affirming departmental dismissal where officer intentionally altered timekeeping record for his own benefit on at least seven different occasions for almost a one year period); *Renois Tompkins,* 4 DPD Lab. Arb. 482 (Chiesa, 1986) (affirming departmental dismissal where officer falsified court appearance records to increase his earnings and defrauded the MESC).

The Association also argues that the fact that Sergeant Lewis was not terminated for approving Officer Collins' inaccurate activity logs proves he is being subjected to disparate treatment. The claim of disparate treatment goes wanting for the reasons articulated by the Department:

> While true, Sgt. Mattie Lewis . . . received [a] lesser penalt[y]; the circumstances are distinguishable such that it is not disparate treatment, nor is it arbitrary or capricious. First, Lewis received a forty-five day suspension for failing to supervise and false statement. She acknowledged her wrongdoing when she pled guilty and accepted a plea offer for the forty five-day suspension. The Department would distinguish by (1) the underlying conduct and charges were not similar, (2) different bargaining units; (3) the penalty was

19

issued under a negotiated plea agreement, not by a trial board; and (4) plea agreements have no precedential value and cannot be used for any other case.[23]

It is difficult to see how the Department could be expected to "correct" the behavior here. This was not an isolated instance of misconduct, but a dishonest and fraudulent course of conduct that the Grievant engaged in day after day, for months and months. Considering the seriousness of these offenses, this Umpire cannot find that the Department violated concepts of reasonableness while imposing dismissal, notwithstanding the Grievant's lack of prior discipline.

The Award to follow will affirm the Department's guilty findings with respect to:

Count I, Specification 1, *viz.*, Officer Collins conducted "himself in a manner unbecoming an officer by working two (2) unauthorized outside employments that overlapped his duties and responsibilities with the Detroit Police Department as a Community Relations Officer."

Count II, Specifications 2 and 3, *viz.*, Officer Collins willfully disobeyed a direct order of the Department by working at St. John Hospital from November 2007 through November 2009, and Allen Academy from April 2008 through November 2009, without approval from the Chief of Police.

---

[23]Department's Post-Hearing Brief, p. 25.

20

Count IV, Specifications 5-6, 8, 10, 12-37, 39- 85, *viz.,* Officer Collins willfully made a false written report, when he completed and submitted an Activity Log that he knew contained false information.

## AWARD

The Trial Board's findings of guilt are affirmed with respect to: Count I, Specification 1; Count II, Specifications 2 and 3 and Count IV, Specifications 5-6, 8, 10, 12-37, 39-85.

The dismissal of Officer Jerome Collins from the Detroit Police Department is affirmed.

LINDA D. ASHFORD
UMPIRE

Dated: February 7, 2014

**EXHIBIT 6B – COMPLAINT**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JEROME COLLINS,

      Plaintiff,

vs.                                                                  Case No:

CITY OF DETROIT, DETROIT POLICE DEPARTMENT,
RALPH GODBEE, former Police Chief, MATTIE LEWIS,
former Police Officer, and John Does, whose identities are
presently unknown,

      Defendant.

---

BENJAMIN WHITFIELD, JR. (P23562)
Benjamin Whitfield, Jr. & Associates, PC
Attorneys for Plaintiff
547 East Jefferson Avenue
Detroit, MI 48226
Phone: (313) 961-1000
Email: benwlaw123@aol.com

---

## COMPLAINT AND JURY DEMAND

    Now comes Jerome Collins, Plaintiff in the above-captioned matter, by and through his

attorneys, Whitfield and Associates, PC, to complain as follows:

    1.    This action is for damages brought pursuant to 42 USC section 1983 and 1998,

Fourth, Sixth and Fourteenth Amendments to the United States Constitution and under the

statutory and common law if the State of Michigan, against the above-named individual

defendants, in their Individual capacities and the City of Detroit. Jurisdiction is founded upon 28

USC section 1331 and 28 USC section 1343 and upon the pendent jurisdiction of this Court to

adjudicate claims under Michigan law.

1 | P a g e

2.       Venue is proper based on the situs of the incidents that occurred in the City of Detroit.

3.       That at all times pertinent hereto, Plaintiff Jerome Collins was a resident of the City of Detroit, County of Wayne, State of Michigan.

4.       That at all times pertinent hereto, Defendant City of Detroit was a municipal corporation, and was the employer of the named individual defendants.

5.       That at all times pertinent hereto, Defendant Detroit Police Department ("DPD") was an agency of Defendant City of Detroit.

6.       That at all times pertinent hereto, Defendant Ralph Godbee was, upon information and belief, a resident of Defendant City of Detroit and served as either Assistant Chief or Chief of Defendant Detroit Police Department, and at all times acting in his individual capacity and within the scope of his employment as a police officer employed by the City of Detroit and under Color of Law.

7.       That at all times pertinent hereto, Defendant Mattie Lewis was, upon information and belief, a resident of Defendant City of Detroit and employed as a police officer for the Defendant Detroit Police Department, and at all times acting in her individual capacity and within the scope of her employment as a police officer employed by the City of Detroit and under Color of Law.

8.       That at all times pertinent hereto, the various persons identified as John Doe were, upon information and belief, residents of Defendant City of Detroit and employed as police officers with Defendant Detroit Police Department, and at all times acting in their individual capacities and within the scope of their employment as a police officer employed by the City of Detroit and under Color of Law.

2 | P a g e

## COMMON ALLEGATIONS

9.      Plaintiff hereby incorporates and repeats Paragraphs 1-8, as though stated in their entirety.

10.     That, on September 20, 1993, Defendant City of Detroit hired Plaintiff to work as a law enforcement officer, and vested him with all the powers, duties, obligations and responsibilities attendant to the position of officers of the Detroit Police Department.

11.     That Plaintiff performed his assigned duties as well or better than others in the same position.

12.     That, prior to commencing said employment with Defendant, Plaintiff, among other things, coached and played semi-professional softball.

13.     That, as Plaintiff listed on his employment application, his coaching and athletic background, DPD officials, near the beginning of September 2004, assigned Plaintiff to the Ninth Precinct, where he worked in the Community Relations unit under the supervision of Commander Vivian Talbert.

14.     That, near mid-September 2004, Talbert instructed Plaintiff that his primary task in Community Relations was to develop after-school sports programs for youth in the community as part of an on-going crime fighting initiative.

15.     That Talbert further advised Plaintiff that, to achieve his Community Relations goal of working with such adolescents, he was required to work each day from 2:00 PM to 10:00 PM, five days a week.

16.     That, in early 2006, the Ninth Precinct merged with the Fifth Precinct to form the Eastern District, where DPD assigned Plaintiff to work under the supervision of Defendant Mattie Lewis, a sergeant who headed the Community Relations unit of the newly created district.

17.     That, following the merger, Sergeant Lewis ordered Plaintiff to continue to perform his community relations duties from 2:00-10:00, even though DPD's official records and logs would show that he was scheduled to work from 12:00 AM to 8:00 PM.

18.     That, consistent with the goals of the Community Relations detail, Plaintiff organized youths from the community into competitive football, bowling, baseball, and basketball teams.

19.     That, in furtherance of his community relations duties, Plaintiff organized regular after-school practice sessions that included teams from Detroit and surrounding municipalities.

20.     That, when he arrived at work each day, Plaintiff checked in with Defendant Lewis, who posted Plaintiff's weekly schedules in the Eastern District's Community Relations office, and, further, provided copies of these schedules to Defendant Deputy Chief Godbee and the Eastern District's two Commanders.

21.     That Plaintiff continued this schedule with the knowledge, support, and approval of Plaintiff's supervisory officers until Plaintiff's estranged wife inquired as to Plaintiff's hours in a September 2008 letter to Defendant DPD and an anonymous letter sent to Defendant DPD raised similar inquiries in November 2009.

22.     That DPD's Internal Affairs unit reviewed the September 2008 letter from Plaintiff's estranged wife, investigated it and found that it was of no moment.

23.     That an Internal Affairs investigation of the November 2009 letter found that Plaintiff had committed larceny by false pretense, for an amount in excess of hundred dollars ($100.00), based on hours he allegedly had not worked.

24.  In defense against the above findings:

   a.  Plaintiff repeatedly explained that he had not committed larceny, since his actual hours worked were in excess of those DPD paid him for, based on his activity logs.
   b.  Plaintiff repeatedly explained that his supervisor had only approved his 2:00 PM-10:00 PM work schedule, but, in fact, had ordered him to work those hours.
   c.  Plaintiff advised Internal Affairs that Deputy Chief Godbee and the two commanders, not only had full knowledge of his schedule, but had approved it and had also attended Plaintiff's teams sporting events.
   d.  in spite of the fact that Plaintiff explained that it was improbable that a Community Relations outreach initiative such as DPD sought could have functioned within the time listed on the daily logs, given that all sports programs generally lasted until 9:00 PM or 9:30 PM.

25.  That, in spite of Plaintiff's explanations, DPD issued a directive that:

   a.  caused Plaintiff to be suspended from his position as a law enforcement officer and his paychecks to be suspended;
   b.  caused felony criminal charges to be initiated against him.
   c.  caused Plaintiff to lose certification as a law enforcement officer, and, thus, his ability to find law enforcement work elsewhere.

26.  That after his December 8, 2011, acquittal in the above criminal court trial, Plaintiff initiated a grievance proceeding to challenge the DPD's administrative action that suspended him without pay.

27.  That, on June 12, 2013, a hearing convened on Plaintiff's grievance for back pay and reinstatement based on his acquittal of all charges in the criminal court proceedings.

28.  That, on account of the City of Detroit's bankruptcy filing, the June 12, 2013 hearing was adjourned without a decision, which remains presently unresolved.

29.  That, consistent with DPD's policy manuals, Plaintiff, made a March 15, 2012, request for all pertinent records, documents, and notes that related to his grievance; but, while

Defendants provided certain records and documents, they secretly withheld Sergeant Lewis's July 6, 2010 Garrity.

30.     That Plaintiff did not learn of the existence of Sergeant Lewis's Garrity, until his July 6, 2013, trial board hearing, when Internal Affairs investigator Donald Svenkesen testified that DPD had taken Lewis's Garrity.

31.     That, in the face of Plaintiff's repeated requests for Lewis's Garrity, Defendants, in intentional and reckless disregard of Plaintiff's due process rights, withheld this document and other information, including initiative reports, showing his community relations activity.

32.     That, since Lewis's records provided the alleged basis for DPD's decision to bring criminal proceedings against Plaintiff, to discipline him and terminate his employment, her Garrity, which indicated her purposeful or inadvertent failure to keep accurate activity logs, would have undermined the stated basis for DPD's discharge decision.

33.     That after completion of the trial board hearing, the Detroit Police Officers' Association (DPOA) acted pursuant to the Collective Bargaining Agreement and appealed Plaintiff's termination to an arbitrator.

34.     That Plaintiff, in preparation for his arbitration hearing, once more requested Lewis's Garrity, but DPD continued to withhold that Garrity in violation of Plaintiff's due process rights.

35.     That having access to the police files and police witnesses on the case, Defendants intentionally failed to provide Sergeant Lewis's Garrity, either at the prosecutorial stage, at the disciplinary hearing, at the trial board stage and at the arbitration phase, even though it contained information material to DPD's charges and to any defenses that Plaintiff might have established.

36.     That, as Defendant City of Detroit is a governmental unit, the improper, and unlawful withholding of Lewis's Garrity was so prejudicial, so injurious and so wanton as to constitute a failure of Due Process, under the State and federal constitutions.

37.     That, inasmuch as Lewis's Garrity contained highly probative and material information, Defendant's repeated and willful failure to produce it not only materially impacted Plaintiff's litigation strategies, but also demonstrated a fraudulent intent to conceal its existence.

38.     That DPD also subjected Plaintiff to a difference in treatment based on sex, as shown by the following facts:

     a.  DPD initiated similar administrative charges against Plaintiff and Sergeant Mattie Lewis and Officer Kenyetta Borden, both African-American females, as a result of the same investigation;
     b.  DPD suspended each female officer with pay;
     c.  At the trial board each female officer was given a lesser form of punishment than Plaintiff and, afterwards, returned to work.

39.     That due to Defendants' conduct, as set forth above, Plaintiff suffered the following injuries and damages:

     a.  Being wrongfully suspended from his job without pay, de-certified as a law enforcement officer, arrested and, thereafter, prosecuted;
     b.  Severe emotional distress from the period of his suspension to the present;
     c.  Physical manifestations of emotional distress, including, but not limited to, sleeplessness, irritability, loss of appetite, headaches and other symptoms;
     d.  Fright, shock, indignity, humiliation and embarrassment of being wrongfully charged, suspended, arrested and prosecuted.
     e.  Loss of enjoyment of daily activities;
     f.  Loss of employment opportunity;
     g.  Payment of significant attorney fees;
     h.  Many of Plaintiff's injuries and damages are likely to be permanent
     i.  Other damages which may be revealed through discovery.

**COUNT I - VIOLATION OF DUE PROCESS RIGHTS AND EQUAL PROTECTION
UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES
CONSTITUTION & 42 U.S. C & 1983**

40.   Plaintiff hereby incorporates and repeats Paragraphs 1-39, as though stated in their entirety.

41.   Defendants acted under Color of Law and pursuant to and pursuant to statute, custom, usage, or practice, individually and in concert with one another, unlawfully, maliciously, and intentionally and with deliberate indifference and callous disregard of Plaintiff's rights and deprived Plaintiff of his liberty and property interests without due process of law and denied Plaintiff equal protection of the law, in violation of the Fourteenth Amendment to the Constitution of the United States and in violation of 42 USC, Section 1983.

42.   The Section 1983 Defendants are liable to Plaintiff for violating his Constitutional rights with the following:

      a. The policies, procedures, and the statutes of the Detroit Police Rules and Policies embody property and liberty interests for the Plaintiff that are protected by the United States Constitution, which the §1983 Defendants violated, among other things, by withholding material evidence, and, which they, thereby, also deprived Plaintiff of his right to due process and liberty;

      b. Plaintiff's good name and reputation, honor, and integrity, were connected with and inseparable from his employment status as a Detroit Police Officer, his certification from the police academy, and his ability to pursue his law enforcement career, and his income, and each constituted an enforceable liberty and property interest protected by the due process clause of the fourteenth amendment; the procedure employed or ignored by the §1983 Defendants deprived Plaintiff of his liberty and property interests and violated his right to due process and to liberty.

43.   Plaintiff had a substantive right to equal treatment without regard to sex, and the §1983 Defendants violated plaintiff's right to equal protection under the law;

8 | P a g e

44.     Plaintiff had a substantive right to equal protection, and the §1983 defendants, in their arbitrary and capricious actions, treated plaintiff differently than other persons who were similarly situated and deprived plaintiff of his right to equal protection under the law.

45.     The Defendants liable under §1983 acted in clear violation of established constitutional rights that a reasonable person would have known were applicable, and the §1983 defendants were so obviously unlawful that only unknowledgeable person or a person who knowingly violated the law would have behaved towards plaintiff as they did. In any regard, a competent public official would have recognized that plaintiff's rights were being breached.

46.     The Defendants liable under section 1983 inflicted such measures upon plaintiff as to forthwith cause monetary damages, past, present and future, as to inflict reputational damage, and to hinder and impede his earning potential, to inflict grievous emotional suffering, including embarrassment, outrage, severe and grievous emotional anguish, pain, humiliation, anxiety and injury.

## COUNT II - DUE PROCESS AND EQUAL PROTECTION VIOLATIONS UNDER ARTICLE I, SECTIONS 2 AND 17 OF THE 1963 MICHIGAN CONSTITUTION AS TO DEFENDANTS GODBEE, LEWIS, AND JOHN DOE DEFENDANTS

47.     Plaintiff hereby incorporates and repeats Paragraphs 1-46, as though stated in their entirety.

48.     Defendants Godbee, Lewis and John Doe acted under color of law and pursuant to statute, custom, usage or practice, individually and in concert with one another, when they unlawfully, maliciously, and intentionally, and with regard deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his liberty and property interests without due process of law and denied Plaintiff equal protection under the law, in violation of Article 1, Section 2 and 17 of the Michigan Constitutions.

9 | P a g e

49.    The aforementioned defendants, (to the extent that any other Constitutional remedies are deemed unavailable) are liable to Plaintiff for violating his constitutional rights under the Michigan Constitution of 1963, constituent with and provided in the allegation set forth herein.

50.    These acts, as well as others, were in violation of defendants' affirmative duties to secure Plaintiff's constitutionally protected rights.

### COUNT III - SEX DISCRIMINATION UNDER 42 USC §1983 AS TO ALL DEFENDANTS

51.    Plaintiff hereby incorporates and repeats Paragraphs 1-50, as though stated in their entirety.

52.    Plaintiff has a constitutionally protected right to fair and    equal    treatment regardless of his sex. This right is protected by the Equal Protection Clause of the Fourteenth Amendment.

53.    Defendants, without conducting the required investigation, discriminatorily determined that unlawful discrepancies existed between Plaintiff's daily activity logs and his official schedule.

54.    Further, Defendants, without conducting the required investigation, discriminatorily revoked Plaintiff's law enforcement certification as a police officer and refused his request for re-certification.

55.    These acts, as well as others, were in violation of Defendants' affirmative duties to secure Plaintiff's constitutionally protected rights.

56.    Defendants and their agents, acting under color of state law and in concert with one another, by their conduct, showed intentional, outrageous, and reckless disregard for Plaintiff's constitutionally protected rights.

10 | P a g e

57.    As a direct and proximate result of Defendants' policies, practices, customs, failure to train or improperly-provided training, Plaintiff was deprived of his constitutionally protected rights, suffered damages, including, but not limited to, loss earnings, mental anguish, physical and emotional distress, humiliation and embarrassment, and loss of reputation.

## COUNT IV - GROSS NEGLIGENCE AS TO ALL DEFENDANTS

58.    Plaintiff hereby incorporates and repeats Paragraphs 1-57, as though stated in their entirety.

59.    Defendants were, at all times, under a duty to act reasonably to avoid causing injury with respect to Plaintiff's constitutional rights.

60.    Defendants breached their duties, at each stage of the disciplinary proceedings, including arbitration, they refused to provide to Plaintiff or his attorneys copies of all documents, records, notes and memoranda that were pertinent to the disciplinary charges against him.

61.    Defendants' conduct, by deliberately concealing and failing to disclose the above-captioned material and exculpatory evidence, breached that duty.

62.    Defendants' conduct constituted gross negligence and is an exception to the defense of governmental immunity.

63.    Defendants' breaches were the direct and proximate cause of Plaintiff's damages.

## COUNT V - TORTIOUS INTERFERENCE WITH THE COLLECTIVE BARGAINING AGREEMENT AS TO ALL INDIVIDUAL DEFENDANTS

64.    Plaintiff hereby incorporates and repeats Paragraphs 1-63, as though stated in their entirety.

65.    Plaintiff was a member of the Detroit Police Officers ("DPOA"), a union for law enforcement officers, which was the exclusive bargaining agent for non-supervisory Detroit Police Officers.

11 | P a g e

66.     Godbee, Lewis, and all John Doe defendants, acting with intentional and willful malice and bad faith, with deliberate indifference for the consequences of their actions, and outside the scope of any legitimate governmental function, and in complete failure to follow DPD's policies and procedures unjustly instigated DPD's breach of its contract with Plaintiff, when they caused DPD to terminate Plaintiff, based on allegations that they knew to be false and on investigatory/hearing procedures they knew to be *partisan and inadequate.*

67.     As a direct and proximate result of the actions of Godbee, Lewis, and the John Doe defendants, Plaintiff suffered monetary damages, impairment of his professional reputation, severe and grievous emotional suffering, embarrassment and outrage.

## COUNT VI - VIOLATIONS OF ELLIOTT-LARSEN CIVIL RIGHTS LAWS – SEXUAL DISCRIMINATION

68.     Plaintiff hereby incorporates and repeats Paragraphs 1-67, as though stated in their entirety.

69.     Plaintiff is an "employee" within the meaning of the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws Ann. Section 37.2201, et. seq. (the "Act").

70.     Plaintiff, an African-American male, is a member of a protected class.

71.     DPD, on July 6, 2013, terminated Plaintiff from employment as a law enforcement officer.

72.     This termination resulted from Plaintiff's gender. Specifically, DPD, through its employees, treated similarly situated female employees Police Officers Lewis and Bordee differently by according them lesser punishments for similar infractions and failing to provide Plaintiff due process rights.

73.     Prior to his July 6, 2013 termination, Plaintiff was a certified law enforcement officer, who performed the duties as well or better than other similarly situated employees.

## COUNT VII - INTENTIONAL INFLICTION OF MENTAL AND EMOTIONAL DISTRESS AS TO ALL DEFENDANTS

74. Plaintiff hereby incorporates and repeats Paragraphs 1-73, as though stated in their entirety.

75. Defendants acted in an extreme and outrageous manner when they, acting under color of state law, haphazardly and without adequate investigation, imposed on Plaintiff a series of disciplinary measures that culminated in discharge.

76. That Defendants, thereby, intended to or recklessly inflicted severe emotional distress upon Plaintiff by terminating him from his position.

77. That Defendants' actions caused Plaintiff severe emotional distress.

78. As a direct and proximate result of Defendants' actions, Plaintiff suffered injury and damages, including, but not limited to, loss of earnings, mental anguish, physical and emotional distress, humiliation, embarrassment, needless notoriety in the media, and an irreparable loss of reputation.

**Wherefore,** Plaintiff requests that this Court enter judgment in his favor and against Defendants, for the following relief:

1. **Legal Relief:**

   a. a judgment for lost wages, including back-pay and front-pay, in whatever amount he is found to be entitled;
   b. compensatory damages in whatever amount he is found to be entitled;
   c. punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay;
   d. an award of interest, costs and reasonable attorney fees.

13 | P a g e

## 2. Equitable Relief

    a. an injunction barring Defendants from taking further adverse action against Plaintiff relative to requests for job references, or through continued notoriety in the media, press releases or statements of a defamatory nature with regard to the issues herein litigated or reasonably related thereto;

    b. an injunction that requires Defendant to offer Plaintiff employment, or in the alternative, to take such steps necessary to re-certify him as a law enforcement officer, that he may continue his chosen career elsewhere;

    c. an award of interest, costs, and reasonable attorney fees;

    d. Any other equitable relief that appears appropriate at the time of trial.

## 3. Damages for Mental and Emotional Distress

    a. an award for Plaintiff's emotional injury and suffering, his shock, fright, outrage, humiliation, un-justified publicity;

    b. an award for punitive and exemplary damages, attorney fees, costs and interest, as may be allowed under law;

    c. such other relief as the court may find equitable and just.

Respectfully Submitted,

**Benjamin Whitfield, Jr. & Associates, P.C.**

By: ___ /s/ Benjamin Whitfield, Jr. ___
Benjamin Whitfield, Jr. (P23562)
Attorney for Plaintiff
547 East Jefferson Ave
Detroit, MI 48226
**Phone:** (313) 961-1000
**Email:** benwlaw123@aol.com

Dated: May 15, 2015

*14 | P a g e*

## EXHIBIT 6C – ANSWER AND AFFIRMATIVE DEFENSES

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JEROME COLLINS,

        Civil Action No. 15-cv-11756

      Plaintiff,

        Hon. Bernard A. Friedman

v.

CITY OF DETROIT et al,

      Defendants.

| BENJAMIN WHITFIELD JR & ASSOC., PC | CITY OF DETROIT LAW DEPT. |
|---|---|
| BY: Benjamin Whitfield Jr. (P-23562) | Letitia C. Jones (P-52136) |
| Attorney for Plaintiff | Heidi Junttila (P-72610) |
| 547 East Jefferson Ave, #102 | 2 Woodward, Suite 500 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| p. (313) 961-1000 | p. (313) 237-3002 |
| f. (313) 961-3110 | p. (313) 237-0451 |
| e. benwlaw123@aol.com | f. (313) 224-5505 |
| | e. jonelc@detroitmi.gov |
| | junttilah@detroitmi.gov |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants, by and through the undersigned attorneys, pursuant to the Federal Rules of Civil Procedure, do submit their answer and affirmative defenses in response to Plaintiff's Complaint that was filed on May 15, 2015, and state as follows:

## RESERVATION OF RIGHT TO WITHDRAW DEFENSE
## AND/OR INDEMNIFICATION FOR INDIVIDUAL DEFENDANTS

*The undersigned attorneys LETITIA C. JONES and HEIDI JUNTTILA pursuant to Section 13-11-1 of the Detroit City Code reserve the right to withdraw as counsel for the individually named Defendants in the event Defendants' representation request is not approved by the Detroit City Council.*

1. Defendants neither admit nor deny because the allegation seeks a legal conclusion for which no response is required.

2. Defendants admit.

3. Upon information and belief, Defendants admit that at one time he lived in the City of Detroit. His file lists a Farmington Hills address.

4. Defendants admit.

5. Defendants admit, although the Detroit Police Department is not a legal entity that can be sued. A caption change is required/requested.

6. Defendants admit in part, deny in part. Upon information and belief, Godbee was a resident of the City of Detroit and served as Assistant Chief or Chief during some of the relevant times; he was replaced by Interim Chief Chester Logan, who was replaced by the current Chief, James Craig.

Without further discovery, Defendants can neither admit nor deny the remainder of the allegations in paragraph no. 6.

7. Defendants admit in part, deny in part. Upon information and belief, Mattie Lewis was a resident of the City of Detroit. Lewis was a Sergeant for the City of Detroit and has since retired. Without further discovery, Defendants can neither admit nor deny the remainder of the allegations in paragraph no. 7.

8. Defendants can neither admit nor deny this allegation as it is vague and fails to identify the party that the allegations applies to.

## COMMON ALLEGATIONS

9. Defendants repeat and incorporate their answers to paragraphs 1 through 8 as if fully restated herein.

10. Defendants admit.

11. Without further discovery, Defendants neither admit nor deny the allegations of paragraph 11, leaving Plaintiff to his proofs.

12. Without further discovery, Defendants neither admit nor deny the allegation of paragraph 12.

13. Without further discovery, Defendants neither admit nor deny the allegation of paragraph 13.

14. Defendants neither admit nor deny the allegation of paragraph 14 for lack of knowledge. Talbert retired from the Detroit Police Department in January 2006.

15. Defendants neither admit nor deny the allegation of paragraph 15 for lack of knowledge. Talbert retired from the Detroit Police Department in January 2006.

16. Defendants admit.

17. Defendants deny

18. Defendants deny.

19. Defendants deny.

20. Defendants deny.

21. Defendants deny.

22. Without further discovery, Defendants neither admit nor deny the allegation in paragraph 22.

23. Defendants admit.

24. Without further discovery, Defendants can neither admit nor deny the allegations set forth within paragraph 24.

25. Defendants admit in part, deny in part. Plaintiff's actions in having three jobs

overlapping hours led to criminal charges being filed against him. Because of those charges, Plaintiff was suspended without pay on January 21, 2010. On December 12, 2011, Plaintiff requested a reinstatement hearing on December 12, 2011. The earliest scheduled opportunity for hearing took place on February 8, 2012.  Plaintiff failed to appear for the hearing. He avoided service of process for the reinstatement and disciplinary hearings – thus causing further delay.  His actions causing the delay, led to the expiration of his certification as an officer.

26. Defendants admit that Plaintiff, through his union, submitted a letter requesting reinstatement.

27. Defendants admit that the 9F hearing convened on June 12, 2013 relating to Plaintiff's grievance for back pay and reinstatement, but denies the remaining allegation in paragraph 27 as to the basis of the grievance.

28. Defendants deny, as it is not unresolved.  The discharge of Officer Collins renders the results from the 9F hearing moot.

29. Defendants deny.

30. Defendants can neither admit nor deny the allegations in paragraph 30, as to when Plaintiff learned of Lewis' Garrity.

31. Defendants deny. Defendant Mattie Lewis' Garrity statement had been misplaced and could not be located; however, Lewis' testimony at the investigative interview, at the preliminary exam and at the trial were made available.  She was unavailable for the disciplinary hearing, so her trial testimony and the investigative interview testimony was used for her testimony at the disciplinary hearing. His attorneys at the criminal hearing had ample opportunity to cross-examine Lewis at trial. Plaintiff's due process rights were not violated.

32. Defendants deny. While Lewis' testimony was considered, there were over 9 other witnesses who testified and 16 other items entered into evidence that were also considered.

33. Defendants admit.

34.  Defendants can neither admit nor deny the allegations in paragraph 34, as the City is not privy to his preparations for defending the matter.

35. Defendants deny that there was any intent to prevent Plaintiff from obtaining Lewis' Garrity. It was misplaced and neither Plaintiff's attorney, nor the City's attorney, had a copy.

36. Defendants deny. See response 31.

37. Defendants deny. See response 31.

38. Defendants deny this allegation that Plaintiff was treated differently because of his sex; denies that the individuals listed in the subparts were similarly situated.

39. Defendants deny the allegations listed in paragraph 39, to include all subparts.

**COUNT I: VIOLATION OF DUE PROCESS RIGHTS AND EQUAL PROTECTION UNDER THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION & 42 U.S.C. §1983**

40. Defendants hereby repeat and incorporate their response to paragraphs 1-39 as though fully restated herein.

41. Defendants deny.

42. Defendants deny.

43. Defendants deny.

44. Defendants deny.

45. Defendants deny.

46. Defendants deny.

**COUNT II: DUE PROCESS RIGHTS AND EQUAL PROTECTION UNDER THE ARTICLE I, SECTIONS 2 AND 17 OF THE 1963 MICHIGAN CONSTITUTION AS TO DEFENDANTS GODBEE, LEWIS AND JOHN DOE, DEFENDANTS**

47. Defendants hereby repeat and incorporate their response to 1-46 as though fully restated herein.

48. Defendants deny.

49. Defendants deny.

50. Defendants deny.

**COUNT III: SEX DISCRIMINATION UNDER 42 U.S.C. §1983 AS TO ALL DEFENDANTS**

51. Defendants hereby repeat and incorporate their response to 1-50 as though fully restated herein.

52. Defendant neither admits nor denies as it calls for a legal conclusion.

53. Defendants deny.

54. Defendants deny.

55. Defendants deny.

56. Defendants deny.

57. Defendants deny.

**COUNT IV – GROSS NEGLIGENCE AS TO ALL DEFENDANTS**

58. Defendants hereby repeat and incorporate their response to 1-57 as

though fully restated herein.

59. Defendant neither admits nor denies as it calls for a legal conclusion.

60. Defendants deny.

61. Defendants deny.

62. Defendants deny any gross negligence, and neither admit nor deny the remainder as it calls for legal conclusion.

63. Defendants deny.

## COUNT V – TORTIOUS INTERFERENCE WITH THE COLLECTIVE BARGAINING AGREEMENT AS TO ALL INDIVIDUAL DEFENDANTS

64. Defendants hereby repeat and incorporate their response to 1-63 as though fully restated herein.

65. Defendants admit.

66. Defendants deny.

67. Defendants deny.

## COUNT VI – VIOLATIONS OF ELLIOTT-LARSEN CIVIL RIGHTS LAW – SEXUAL DISCRIMINATION

68. Defendants hereby repeat and incorporate their response to 1-67 as though fully restated herein.

69. Defendants neither admit nor deny, as the allegation calls for a legal

conclusion.

70. Defendants admit Plaintiff is an African-American, but neither admits nor denies the remainder as it calls for a legal conclusion.

71. Defendants admits that Plaintiff was discharged by trial board on or around July 11, 2013. His termination was upheld by an arbitrator on February 7, 2014.

72. Defendants deny.

73. Without further discovery, Defendants neither admit nor deny the allegations of paragraph 11, leaving Plaintiff to his proofs.

**COUNT VII – INTENTIONAL INFLICTION OF MENTAL AND EMOTIONAL DISTRESS AS TO ALL DEFENDANTS**

74. Defendants hereby repeat and incorporate their response to 1-73 as though fully restated herein.

75. Defendants deny.

76. Defendants deny.

77. Defendants deny.

78. Defendants deny.

WHEREFORE, Defendants request that this Honorable Court dismiss Plaintiff's Complaint with prejudice; that this Court deny to Plaintiff his relief requested; and that this Court enter an Order **awarding attorney fees and costs** to Defendants for having to defend this frivolous action and for what further relief this Court determines to be fair and equitable.

Respectfully,
CITY OF DETROIT LAW DEPT.
Attorneys for Defendants


*/s/ Heidi Junttila*          */s/Letitia C. Jones*
**Heidi Junttila** [P-72610]   **Letitia C. Jones** [P-52136]

Date: June 10, 2015

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JEROME COLLINS,

                            Civil Action No. 15-cv-11756

       Plaintiff,                Hon. Bernard A. Friedman

v.

CITY OF DETROIT et al,

     Defendants.

| | |
|---|---|
| BENJAMIN WHITFIELD JR & ASSOC., PC | CITY OF DETROIT LAW DEPT. |
| BY: Benjamin Whitfield Jr. (P-23562) | Letitia C. Jones (P-52136) |
| Attorney for Plaintiff | Heidi Junttila (P-72610) |
| 547 East Jefferson Ave, #102 | 2 Woodward, Suite 500 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| p. (313) 961-1000 | p. (313) 237-3002 |
| f. (313) 961-3110 | p. (313) 237-0451 |
| e. benwlaw123@aol.com | f. (313) 224-5505 |
| | e. jonelc@detroitmi.gov |
| | junttilah@detroitmi.gov |

## DEFENDANTS' SPECIAL AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

In further answer, and by way of special and affirmative defenses (in addition to or in conjunction with the defenses set forth in the foregoing Answer) Defendants, by and through the undersigned attorneys, state that they will rely upon the following special and affirmative defenses, if applicable, and if supported by facts to be determined through appropriate discovery:

1. Defendant Detroit Police Department is not a separate legal entity from Defendant City of Detroit, as such the caption should be revised to reflect the correct entity being sued. Any responses given in the aforementioned answer and these affirmative defenses apply as to both *(i.e., City of Detroit and Detroit Police Department)* until such time as the correction is made.

2. Any responses given in the aforementioned answer and these affirmative defenses applies to Mattie Lewis, who was served on June 8, 2015.

3. Defendant City of Detroit is not responding to claims alleged against Ralph Godbee as he is no longer an employee of the City, the City has not accepted service on their behalf and  is unaware whether he has been properly served.

4. It is impossible to respond to claims alleged against John Doe, for the reasons that (s)he has not yet been properly identified or served.

5. The underlying misconduct that led to the criminal and departmental charges occurred between November 2007 and November 2009,

where it was found that Collins was working three jobs, which resulted in overlapping of hours worked and time fraud.

6. On January 21, 2010, he was suspended without pay during the pendency of the criminal investigation and trial. This is done when any member has serious criminal charges pending.

7. The jury found him not guilty of the criminal charges.

8. The Department proceeded with finalizing its internal investigation, which resulted in departmental charges.

9. On December 12, 2011, he requested to be reinstated. The collective bargaining agreement provides for a 9F grievance arbitration, which was scheduled for February 8, 2012.

10. He failed to appear at the February 8, 2012 hearing to address that issue.

11. The disciplinary hearing was initially scheduled for April 24, 2012. Plaintiff's attorney requested an adjournment until August. It was rescheduled numerous times, during which time Collins evaded service. On May 7, 2013, he appeared without attorney. The union's attorney was present and took over the case. At which point, it was rescheduled for July 8 through 11, 2013.

12. Members off more than 2 years must reapply for certification to be a licensed officer in the State of Michigan. [Pub. Act 203 (9)]

13. Ultimately, a grievance arbitration was held on June 12, 2013 to resolve the issue of reinstatement and possibility of back pay. Closing arguments were due July 26, 2013, through the submission of post-hearing briefs.  A decision was to be issued within two months of the filing of briefs.

14. A disciplinary hearing was held on July 8, 2013 through July 11, 2013, wherein he was discharged from the department. The discharge rendered the suspension without pay issue moot, pursuant to the language in Section 9(f) of the collective bargaining agreement.

15. Subsequently, the City filed for bankruptcy on July 18, 2013, which resulted in an automatic stay of all proceedings, to include arbitrations.  Notice to file a bankruptcy claim by November 29, 2013 was issued, with a deadline of February 21, 2014.

16. Collins, through his union, filed an appeal of the discharge.  The subsequent appeal of the discharge occurred on December 11, 2013, with closing arguments through briefs to be submitted by January 30, 2014.  A decision would be issued within 60 days. After petitioning the

bankruptcy court to allow the decision to be issued, the arbitrator issued her decision on February 7, 2014, upholding the termination. A final letter of termination was issued from the Chief's office, dated February 14, 2014.

17. As of February 21, 2014, Collins had not filed a claim. Collins sought to vacate the arbitration decision, which was denied as untimely on October 9, 2014 in Wayne County Circuit Court.

18. The above lawsuit was filed on May 5, 2015, and the summons and complaint served on the City on May 21, 2015.

19. Plaintiff's claims are barred by the doctrine of Res Judicata, as the underlying discipline action was heard and appealed to final and binding arbitration.

20. Plaintiff's claims occurred prior to the City filing for bankruptcy.

21. Plaintiff failed to file a bankruptcy claim to preserve his right to any monetary damages believed owed on the counts now alleged in the instant Complaint.

22. Plaintiff's claims are hereby barred by the bankruptcy injunction of the 8th Amended Plan, as he failed to file a claim with the bankruptcy court within the deadline set by the bankruptcy court.

23. By filing a §1983 action, Plaintiff appears to be seeking to bypass the provisions of bankruptcy relating to any relief to be granted.

24. Plaintiff's claims are barred as he fails to state a claim upon which relief can be granted, as the relationship between the parties was that of employer-employee, thereby no need to act under color of law.

25. Plaintiff appears to be seeking to bypass the statutory requirements of Title VII actions by alleging §1983 claims.

26. Plaintiff is further barred from bringing a Title VII action, as he failed to follow the statutory requirements (i.e., filing a Complaint with the EEOC).

27. Plaintiff is further barred from bringing a Title VII action, as the statute of limitations has run.

28. Plaintiff's claims are barred by governmental immunity.

29. Plaintiff's claims should fail as he cannot show any violation of due process, given he exhausted all his internal administrative remedies in his attempt to be reinstated with back pay, to include an unsuccessful attempt to vacate the final and binding arbitration decision.

30. Plaintiff's claims should fail as he cannot show any violation of equal protection, given his case is not similarly situated to the two he seeks to use as a comparison. Discipline is determined on a case-by-case basis, and both Borden and Lewis accepted plea agreements in lieu of a hearing, and as such those agreements do not set precedence for any other matter.

31. Further, the disciplinary actions against Borden and Lewis were not as egregious, given Plaintiff's misconduct was over a number of years, where Borden was a one-time 3-day incident, for which she received a suspension without pay for three days.

32. Plaintiff has no standing to bring Count V: Tortious interference with the Collective Bargaining Agreement, as the agreement is between the City and the Union (not the individual member).

33. Plaintiff is unable to show a prima facie case of sex discrimination under the ELCRA.  They are unable to show by direct or indirect evidence that sex was a factor in the discipline process.

34. Defendants' actions were in all respects legal, reasonable and non-discriminatory. At all times, the City acted properly, and in compliance with the cited statutes (e.g., 42 USC 1983, ELCRA) in the investigation and disciplinary process.

35. Plaintiff is requested to file a response addressing each of the special and affirmative defenses listed above within 30 days. Failure to deny any of the abovementioned defenses will act as an admission by the Plaintiff.

36. Reservation to amend, supplement or otherwise modify its answer and affirmative defenses pending completion of discovery is hereby made.

WHEREFORE, Defendants deny any liability to Plaintiff and would respectfully request this Honorable Court enter a judgment in favor of Defendants; dismissing all of Plaintiff's claims with prejudice, and awarding Defendants with costs and attorney's fees incurred by reason of the necessity to defend against Plaintiff's claims.

Respectfully,
CITY OF DETROIT LAW DEPT.
Attorneys for Defendants


/s/ Heidi Junttila        /s/Letitia C. Jones
**Heidi Junttila** [P-72610]   **Letitia C. Jones** [P-52136]


Date: June 10, 2015

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JEROME COLLINS,

                                        Civil Action No. 15-cv-11756

         Plaintiff,                     Hon. Bernard A. Friedman

v.

CITY OF DETROIT et al,

         Defendants.

| | |
|---|---|
| BENJAMIN WHITFIELD JR & ASSOC., PC | CITY OF DETROIT LAW DEPT. |
| BY: Benjamin Whitfield Jr. (P-23562) | Letitia C. Jones (P-52136) |
| Attorney for Plaintiff | Heidi Junttila (P-72610) |
| 547 East Jefferson Ave, #102 | 2 Woodward, Suite 500 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| p. (313) 961-1000 | p. (313) 237-3002 |
| f. (313) 961-3110 | p. (313) 237-0451 |
| e. benwlaw123@aol.com | f. (313) 224-5505 |
| | e. jonelc@detroitmi.gov |
| | junttilah@detroitmi.gov |

## DEFENDANTS' RELIANCE ON PLAINTIFF'S JURY DEMAND

To:     All Attorneys of Record, Clerk of the Court

        NOW COMES Defendants, by and through the undersigned attorneys, in reliance

of Plaintiff's Demand for Jury Trial.

                    Respectfully,

                    CITY OF DETROIT LAW DEPT.

                    Attorneys for Defendants


                    /s/ Heidi Junttila        /s/Letitia C. Jones
Date: June 10, 2015  **Heidi Junttila** [P-72610]  **Letitia C. Jones** [P-52136]

## **CERTIFICATE OF SERVICE**

*The undersigned attorneys certify that on* **Wednesday, June 10, 2015**, *the City's Answer, Reliance on Plaintiff's Jury Demand, and Affirmative Defenses to Plaintiff's Complaint was electronically served upon the Court and Plaintiff's Counsel through the E-file system.*

*/s/ Heidi Junttila, Letitia C. Jones*

**Heidi Junttila, Letitia C. Jones**

**<u>EXHIBIT 6D – MAY 22 LETTER</u>**



CITY OF DETROIT LAW DEPARTMENT
2 WOODWARD AVE., SUITE 500
DETROIT, MICHIGAN 48226
PHONE: 313.224.4550
FAX: 313.224.5505
www.detroitmi.gov

May 22, 2015

Benjamin Whitfield, Jr.
Benjamin Whitfield Jr & Associates, PC
547 E. Jefferson Ave, Suite 102
Detroit, MI 48226

Counselor:

Please see the attached Notice of Violation of Federal Bankruptcy Plan Injunction and Demand to Dismiss, along with a copy of the certificate of service that Plaintiff received notice to file a claim. I have also attached the injunction language, and an Order to Dismiss for your stipulation and signature.

Please sign and return the Order for filing with the Circuit Court. If I have not received this by the June 12, 2015, I will be forced to file a motion with the U.S. Bankruptcy Court, and seek sanctions.

Should you have any questions, please contact my office.

Sincerely,

Letitia C. Jones
Assistant Corporation Counsel
Labor & Employment Law Group
jonelc@detroitmi.gov : email
(313) 237-3002: phone
(313) 224-5505: fax

Enclosures\ 8 pages.

May 22, 2015

## NOTICE OF VIOLATION OF FEDERAL BANKRUPTCY PLAN INJUNCTION AND DEMAND TO DISMISS

Counselor:

Demand is hereby made that you **sign and return by June 15, 2015** the enclosed stipulated order to dismiss the above referenced action ("the Lawsuit"). The Lawsuit is premised upon a claim that arose prior to the July 18, 2013 filing by the City of Detroit of a petition under Chapter 9 of the U.S. Bankruptcy Code, *In re City of Detroit, Michigan*, Case No. 13-53846, United States Bankruptcy Court, Eastern District of Michigan. Under federal law and orders entered in the City's bankruptcy, the claim alleged in the Lawsuit was subject to the bankruptcy stay. The Bankruptcy Court approved the Eight Amended Plan for the Adjustment of Debts of the City of Detroit ("the Plan"), by order dated November 12, 2014, and the Plan became effective on December 10, 2014. The Plan, and orders entered along with the Plan, include an injunction against commencing or continuing any actions except as allowed for or provided in the Plan.

The above captioned lawsuit alleges due process/equal protection violations and discrimination claims based upon the suspension without pay and subsequent discharge of Police Officer Jerome Collins, which occurred on January 21, 2010 and July 11, 2013 respectively. The discharge rendered the suspension without pay issue moot. Subsequently, the City filed for bankruptcy on June 18, 2013, which resulted in an automatic stay of all proceedings. The subsequent appeal of the discharge occurred on December 11, 2013, with the decision to uphold the termination issued on February 7, 2014. A final letter of termination was issued from the Chief's office, dated February 14, 2014. Collins sought to vacate the arbitration decision, which was denied on October 9, 2014. The above lawsuit was filed on May 5, 2015, and the summons and complaint served on the City on May 21, 2015.

On November 29, 2013, Plaintiff was served with the "Information about Deadlines to File Claims, along with a Proof of Claims form. As set forth in that notice, the act of filing of the complaint and effecting service, and any other act in that lawsuit, was done in violation of federal bankruptcy law and orders issued by bankruptcy Judge Steven W. Rhodes.

The bankruptcy court set a <u>deadline of February 21, 2014</u> for the filing of claims in bankruptcy by those who had a pre-petition claim against the City, including its officers and employees. Based upon our investigation, Jerome Collins did not file a timely bankruptcy claim and did not seek relief from the bankruptcy stay to file the lawsuit. Having failed to file a claim in the bankruptcy, any action taken in furtherance of the continuation of the above lawsuit violates the Plan injunction and related bankruptcy court orders confirming the Plan. See the enclosed Order and Plan excerpts.

If you fail to sign and return the dismissal order as requested, or provided us with proof that the action is not subject to the Plan, we will file a motion with the bankruptcy court to enforce the Plan's injunction. If we must file such a motion we will seek costs and sanctions.

_/s/ Letitia C. Jones_

**Letitia C. Jones** [P-52136]
Sr. Assistant Corporation Counsel
**Direct Tel. (313) 237-3002**
**E-Mail:  jonelc@detroitmi.gov**

Encls.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
--------------------------------------------------x
                                            :
In re                                       :        Chapter 9
                                            :
CITY OF DETROIT, MICHIGAN,                  :        Case No. 13-53846
                                            :
                       Debtor.              :        Hon. Steven W. Rhodes
                                            :
                                            :
--------------------------------------------------x
```

## ORDER CONFIRMING EIGHTH AMENDED PLAN FOR
## <u>THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT</u>

may be requested by the City to evidence the release of such Lien, including (i) the execution, delivery, filing or recording of appropriate releases and (ii) the taking of any action necessary to implement, consummate and otherwise effect the Plan in accordance with its terms, and (b) the City shall be authorized to execute and file on behalf of creditors such forms as may be necessary or appropriate to implement the provisions of Section IV.M of the Plan and this paragraph. All entities holding Claims against the City shall be, and hereby are, bound by the terms and provisions of all documents executed and delivered by them in connection with the Plan. Upon the entry of this Order, all entities holding Claims against the City that are treated under the Plan, and other parties in interest, along with their respective present or former employees, agents, officers, directors or principals, shall be, and hereby are, enjoined from taking any actions to interfere with the implementation and consummation of the Plan.

**H.    Injunction**

32.    On the Effective Date, except as otherwise provided in the Plan or in this Order, all Entities that have been, are or may be holders of Claims against the City, Indirect 36th District Court Claims or Indirect Employee Indemnity Claims asserted against officers or employees of the City in their official capacity, along with their Related Entities, shall be, and hereby are, permanently enjoined from taking any of the following actions against or affecting the City or its

-89-

property, DIA Corp. or its property, the DIA Assets, the Released Parties or their respective property and the Related Entities of each of the foregoing, with respect to such Claims (other than actions brought to enforce any rights or obligations under the Plan and appeals, if any, from this Order): (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affecting the City or its property (including (i) all suits, actions and proceedings that are pending as of the Effective Date, which must be withdrawn or dismissed with prejudice, (ii) Indirect 36th District Court Claims and (iii) Indirect Employee Indemnity Claims asserted against officers or employees of the City in their official capacity); (b) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order against the City or its property; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the City or its property; (d) asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the City or its property; (e) proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of this Order, the Plan or the Settlements (to the extent such Settlements have been approved by the Court herein); and (f) taking any actions to interfere with the implementation or consummation of the Plan. For the avoidance of doubt, notwithstanding anything

-90-

in the Plan or this Order (including this paragraph) to the contrary, claims against officers or employees of the City in their individual capacity under 42 U.S.C. § 1983 shall not be enjoined. In addition, all individuals affected by the AFS Recoupment are enjoined from commencing any proceeding against the GRS and its trustees, officers, employees or professionals arising from GRS's compliance with the Plan or this Order.

33. All Entities that have held, currently hold or may hold any Liabilities released pursuant to the Plan shall be, and hereby are, permanently enjoined from taking any of the following actions against the State, the State Related Entities, the officers, board of trustees/directors, attorneys, advisors and professionals of the RDPFFA or the DRCEA, and the Released Parties or any of their respective property on account of such released Liabilities: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind; (b) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien; (d) asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the State, a State Related Entity, the officers, board of trustees/directors, attorneys, advisors and professionals of the RDPFFA or the

-91-

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

----------------------------------------------- x
                  :

In re                        :      Chapter 9

CITY OF DETROIT, MICHIGAN,    :      Case No. 13-53846

       Debtor.            :      Hon. Steven W. Rhodes

----------------------------------------------- x

---

## EIGHTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT
### (October 22, 2014)

---

DAVID G. HEIMAN
HEATHER LENNOX
THOMAS A. WILSON
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

BRUCE BENNETT
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
bbennett@jonesday.com

JONATHAN S. GREEN
STEPHEN S. LAPLANTE
MILLER, CANFIELD,
   PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

### ATTORNEYS FOR THE DEBTOR

## 4. Discharge of Claims.

### a. Complete Satisfaction, Discharge and Release.

Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date, including any Interest accrued on Claims from and after the Petition Date. Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, discharge the City from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (iii) the Holder of a Claim based on such debt has accepted the Plan.

### b. Discharge.

In accordance with Section III.D.4.a, except as expressly provided otherwise in the Plan or the Confirmation Order, the Confirmation Order will be a judicial determination, as of the Effective Date, of a discharge of all debts of the City, pursuant to sections 524(a)(1), 524(a)(2) and 944(b) of the Bankruptcy Code, and such discharge will void any judgment obtained against the City at any time, to the extent that such judgment relates to a discharged debt; provided that such discharge will not apply to (i) debts specifically exempted from discharge under the Plan; and (ii) debts held by an Entity that, before the Confirmation Date, had neither notice nor actual knowledge of the Chapter 9 Case.

## 5. Injunction.

On the Effective Date, except as otherwise provided herein or in the Confirmation Order,

a. all Entities that have been, are or may be holders of Claims against the City, Indirect 36th District Court Claims or Indirect Employee Indemnity Claims, along with their Related Entities, shall be permanently enjoined from taking any of the following actions against or affecting the City or its property, DIA Corp. or its property, the DIA Assets, the Released Parties or their respective property and the Related Entities of each of the foregoing, with respect to such claims (other than actions brought to enforce any rights or obligations under the Plan and appeals, if any, from the Confirmation Order):

1. commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affecting the City or its property (including (A) all suits, actions and proceedings that are pending as of the Effective Date, which must be withdrawn or dismissed with prejudice, (B) Indirect 36th District Court Claims and (C) Indirect Employee Indemnity Claims);

2. enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order against the City or its property;

3. creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the City or its property;

4. asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the City or its property;

5. proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan or the settlements set forth herein to the extent such settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and

-50-

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                          Chapter 9

City of Detroit, Michigan,                      Case No. 13-53846

    Debtor.                                Hon. Steve W. Rhodes

_____/

## CERTIFICATE OF SERVICE

I, Lydia Pastor Nino, certify and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the proposed claims and noticing agent for the Debtor in the above-captioned case.

On November 26, 2013, at my direction and under my supervision, employees of KCC caused the following documents to be served via Overnight mail on the service list attached hereto as **Exhibit A**, for subsequent distribution to beneficial holders of the securities listed on **Exhibit B**; via First Class mail to the parties on the service list attached hereto as **Exhibit C**; and via Email on the service list attached hereto as **Exhibit D**:

- **Information About Deadlines to File Claims** [attached hereto as **Exhibit M**]

- **B10 Proof of Claim Form** [attached hereto as **Exhibit N**]

- **Schedule of GO Bonds** [attached hereto as **Exhibit O**]

Furthermore, on November 29, 2013, at my direction and under my supervision, employees of KCC caused to be served the following documents via First Class Mail on the service lists attached hereto as **Exhibit E**:

- **Information About Deadlines to File Claims** [attached hereto as **Exhibit M**]

- (Customized) **B10 Proof of Claim Form** [attached hereto as **Exhibit N**]

- **Schedule of GO Bonds** [attached hereto as **Exhibit O**]

Furthermore, on November 29, 2013, at my direction and under my supervision, employees of KCC caused to be served the following documents via First Class Mail on the service list attached hereto as **Exhibit F** and **Exhibit G**:

- **Information About Deadlines to File Claims** [attached hereto as **Exhibit M**]

- (Customized) **B10 Proof of Claim Form** [attached he

Furthermore, on or before December 17, 2013, at my direction and under my supervision, employees of KCC caused to be served the following documents via First Class Mail on the service lists attached hereto as **Exhibit H, Exhibit I, Exhibit J, Exhibit K, Exhibit L**:

- **Information About Deadlines to File Claims** [attached hereto as **Exhibit M**]

- **B10 Proof of Claim Form** [attached hereto as **Exhibit N**]

Dated: December 27, 2013

/s/ Lydia Pastor Nino
Lydia Pastor Nino
KCC
2335 Alaska Ave
El Segundo, CA 90245
Tel 310.776.7386

13-53846-swr    Doc 2337    Filed 12/27/13    Entered 12/27/13 13:56:47    Page 2 of 27

# **EXHIBIT G**

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| Collins, Barbara | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Barbara-r | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Barbara-Rose | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Barbara-Rose | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Betty | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Betty J | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Bruce A | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Byron | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Carla | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Carlos F | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Carlotta | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Carlotta | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Chester J | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Clarence E | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Cornell A | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Curtis | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Curtis James | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Cynthia | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Dale E | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Dale E | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Dana | REDACTED | REDACTED | REDACTED | REDACTED | Detroit | MI | 48228-3520 | REDACTED |
| Collins, David K | REDACTED | 7469 Memorial St | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Dedra | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, E J | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Ethel L | REDACTED | 18415 Coyle St | REDACTED | REDACTED | Detroit | MI | REDACTED | REDACTED |
| Collins, Fatima | REDACTED | REDACTED | REDACTED | REDACTED | Detroit | MI | 48235-2829 | REDACTED |
| Collins, Frank L | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Gary J | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Gary J | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Harold W | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Harold W | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Henry | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Henry | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Jack D | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Jacqueline | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Jeremah | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Jerome R | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, John | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, John | Romano, Daniel G. | Romano Law PLLC | 23980 | Woodward Ave | Pleasant Ridge | MI | 48069 | REDACTED |
| Collins, John R | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, John R | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Johnny C | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Jonathan | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Julius | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Justine | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Karen L | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Leonard | REDACTED | 16077 Edmore Dr | REDACTED | REDACTED | Detroit | MI | 48205-1432 | REDACTED |
| Collins, Lisa C | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | MI | REDACTED | REDACTED |
| Collins, Lisa C | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Lois E | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| Collins, Lonnie J | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |

In re City of Detroit, Michigan
Case No. 13-53846

13-53846-swr    Doc 2337-2    Filed 12/27/13    Entered 12/27/13 13:56:47    Page 59 of
Page 192 of 2427
134

13-53846-tjt    Doc 10182    Filed 09/11/15    Entered 09/11/15 09:35:40    Page 92 of 117

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JEROME COLLINS,

Civil Action No. 15-cv-11756

Plaintiff,

Hon. Bernard A. Friedman

v.

CITY OF DETROIT et al,

Defendants.

| | |
|---|---|
| BENJAMIN WHITFIELD JR & ASSOC., PC | CITY OF DETROIT LAW DEPT. |
| BY: Benjamin Whitfield Jr. (P-23562) | Letitia C. Jones (P-52136) |
| Attorney for Plaintiff | Attorney for Defendant City of Detroit |
| 547 East Jefferson Ave, #102 | 2 Woodward, Suite 500 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| p. (313) 961-1000 | p. (313) 237-3002 |
| f. (313) 961-3110 | f. (313) 224-5505 |
| e. benwlaw4822@aol.com | e. jonelc@detroitmi.gov |

### ORDER DISMISSING ACTION AND CLOSING CASE

This matter comes before this Court by agreement of the undersigned counsel for

the parties. The parties stipulate to the entry of this order, the Court being fully advised in

the premises, **IT IS HEREBY ORDERED**:

1. This action is dismissed, with prejudice.

2. This is a final order and closes the case.

Date: _____     /s/ _____

**Judge Bernard Friedman**

The undersigned stipulate to entry of the above order:

/s/ Benjamin Whitfield, Jr              /s/ Letitia C. Jones
**Benjamin Whitfield** [P-23562]        **Letitia C. Jones** [P-52136]
Attorney for Plaintiff                  Attorney for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

JEROME COLLINS,

      Plaintiff,

v.

CITY OF DETROIT et al,

      Defendants.

Civil Action No. 15-cv-11756

Hon. Bernard A. Friedman

| BENJAMIN WHITFIELD JR & ASSOC., PC | CITY OF DETROIT LAW DEPT. |
|---|---|
| BY: Benjamin Whitfield Jr. (P-23562) | Letitia C. Jones (P-52136) |
| Attorney for Plaintiff | Attorney for Defendant City of Detroit |
| 547 East Jefferson Ave, #102 | 2 Woodward, Suite 500 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| p. (313) 961-1000 | p. (313) 237-3002 |
| f. (313) 961-3110 | f. (313) 224-5505 |
| e. benwlaw4822@aol.com | e. jonelc@detroitmi.gov |

### CERTIFICATE OF SERVICE

THE UNDERSIGNED CERTIFIES THAT ON **FRIDAY, MAY 22, 2015**, THE CITY'S NOTICE OF VIOLATION OF FEDERAL BANKRUPTCY PLAN INJUNCTION AND DEMAND TO DISMISS, WITH SUPPORTING DOCUMENTATION (i.e., Certificate of Service to Tanya Hughes from the Bankruptcy Administrator, the Bankruptcy Court Injunction), ALONG WITH AN ORDER TO DISMISSED (to be approved as to form) WERE SERVED UPON THE ATTORNEY OF RECORD BY ELECTRONIC TRANSMISSION.

        /s/ Letitia C. Jones
        **Letitia C. Jones [P-52136]**
        **Sr. Asst. Corp. Counsel**
        **City of Detroit Law Department**

**EXHIBIT 6E – JUNE 9 LETTER**

Letitia C. Jones
Assistant Corporation Counsel
City of Detroit Law Department
2 Woodward, Suite 500
Detroit, MI 48226

Subject: Jerome Collins -v- COD et al 15-CV-11756

Dear Ms. Jones:

We reviewed your May 25, 2015 correspondence concerning the above-captioned matter. Perhaps needless to add, it leaves us with a great many concerns relative to the ongoing violations of our client's contractual, civil and constitutional rights.

Our first concern relative to the bankruptcy itself is that Mr. Collins never received official notice of Defendant City of Detroit's bankruptcy filing, nor of the imposition of the automatic stay, nor of his right to file a proof of claim, nor of the deadline for filing a proof of claim. The documents that you provided us to establish that Mr. Collins was notified of his right to file a proof of claim, in fact, contained a redacted blank instead of the actual address of service. However, even with the redaction, Mr. Collins asserts that he never received notice of the claim from your client or from the US Bankruptcy Court.

These concerns come in the wake of the numerous and wanton violations of procedural and substantive due process that Mr. Collins endured *ab initio* -- that is, since the early investigations into the matters at hand. To be more precise, after being acquitted in a criminal proceeding that your client should never have forced Mr. Collins to endure, Mr. Collins applied for reinstatement with the Detroit Police Department (DPD). As you may know, former Chief Godbee denied that request.

Mr. Collins grieved Chief Godbee's request to an arbitrator, who convened a hearing, heard testimony and then halted proceedings, based on the bankruptcy filing. Either the arbitrator or the City of Detroit ignored the fact that Mr. Collins had a due process right to have his request for reinstatement fully adjudicated: he never received notice of a decision on his grievance.

Your client applied the stay to Mr. Collins's grievance process, and, in fact, the arbitrator failed to decide his grievance. Even though the arbitrator failed, refused or neglected to issue a decision in that matter, she - incredibly enough! - opened proceedings to hear the City's case for terminating Mr. Collins's employment. The upshot is that the City has handled the bankruptcy stay in a manner that is not only slanted and partial, but absolutely prejudicial to Mr. Collins's due process rights.

Mr. Collins sought recourse by filing a complaint with Defendant City's Office of Inspector General. Not surprisingly, Inspector General Heath, in a February 15, 2015 letter, found that, while the DPD had made errors in failing to provide evidence, the evidence was not overwhelmingly exculpatory and that those making the error had offered a plausible excuse. These findings, however, accompanied Mr. Heath's admission that his office operates in a very narrow scope.

It is my understanding that Mr. Collins will look into the possibility of filing a delayed proof of claim. However, at this moment, we are unable to accede to your request that we dismiss the complaint in the above-captioned matter.

Benjamin Whitfield, Jr., Esq.
Cynthia J. Gaither, Esq., Of Counsel
Benjamin Whitfield, Jr. & Associates, P.C.

547 East Jefferson Ave
Detroit, MI 48226
(313) 961-1000 / (313) 961-3110 - Fax
Alternative Email: benwlaw4822@aol.com


-----Original Message-----
From: Letitia Jones <JoneLC@detroitmi.gov>
To: benwlaw123 <benwlaw123@aol.com>
Sent: Fri, May 22, 2015 2:11 pm
Subject: Jerome Collins -v- COD et al 15-CV-11756

Mr. Whitfield:

I am in receipt of the summons/complaint filed on behalf of your client, Jerome Collins.  I will file my
appearance notice on Tuesday - as Monday is a holiday.   Please be advised that you are currently in
violation of the bankruptcy injunction, and I am electronically serving you with the attached demand
notice for dismissal of this matter, along with the relevant attachments.  I am also forwarding a copy of
this via the US Postal Service.

If you elect to approve your signature on the order, I will correct the email address before filing. If you
elect not to approve your signature on the order to dismiss, the City will be forced to file a motion with
the bankruptcy court seeking sanctions.

If you have any questions, please contact me at (313) 237-3002.

Respectfully,


Letitia C. Jones
Assistant Corporation Counsel
City of Detroit Law Department
2 Woodward, Suite 500
Detroit, MI 48226
phone: (313) 237-3002
fax: (313) 224-5505
email: jonelc@detroitmi.gov
NOTE:  Letitia C. Jones is an attorney for the City of Detroit.  This communication may include, in whole or
in part, information protected by the attorney-client privilege, the attorney work product doctrine, the
deliberative process privilege, or by other privilege.  This communication is intended solely for receipt and
use by the individual or entity to whom it was addressed. If you are not the intended recipient, you are
notified that any use, dissemination, duplication, or retention of the communication is neither allowed nor
intended.  If you are not the intended recipient, please return the communication immediately to Letitia C.
Jones and notify her at the above e-mail address or telephone number.

**EXHIBIT 6F – PROOF OF CLAIM**

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

**FILED**

**FEB 2 0 2014**

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Detroit Police Officers' Association ("DPOA")

**RECEIVED**
**FEB 2 4 2014**
**KURTZMAN CARSON CONSULTANTS**

Name and address where notices should be sent:
Julie Beth Teicher
Erman, Teicher, Zucker & Freedman, P.C.
400 Galleria Officentre, Suite 444
Southfield, MI  48034
Telephone number: 248/827-4100 email: jteicher@ermanteicher.com

Name and address where payment should be sent (if different from above):
James M. Moore
Gregory, Moore, Jeakle & Brooks, P.C.
65 Cadillac Square, #3727, Detroit, MI  48226-2843
Telephone number: 313/964-5600 email: jim@unionlaw.net

☐ Check this box if this claim amends a previously filed claim.

COURT USE ONLY

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

US Bankruptcy Court
MI Eastern District

**1. Amount of Claim as of Date Case Filed:** $ <u>Amount of claim is presently unliquidated.</u>

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Claims arising from discipline matters relative to DPOA members – see
(See instruction #2)  attached list.

**3. Last four digits of any number by which creditor identifies debtor:** _____  **3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate (when case was filed)_____% ☐ Fixed  or  ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____

Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** _____. $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING. The underlying documents relative to this
If the documents are not available, please explain:  claim are in the City's possession.

**8. Signature:** (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.  ☒ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Julie Beth Teicher
Title: Attorney and Authorized Agent
Company: Erman, Teicher, et al
Address and telephone number (if different from notice address above):
_____
_____

*Julie Beth Teicher* 2-19-2014
(Signature)  (Date)

Telephone number: _____  email: _____

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

13-53846-1402200000000000302

# DPOA PROOF OF CLAIM ATTACHMENT

Pursuant to the Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof [Doc. No. 1782] (the "Bar Date Order"), the DPOA is authorized to file this Proof of Claim on behalf of its members. The DPOA and its members are referred to hereinafter as "Claimants" or any individual as a "Claimant".

This Proof of Claim and Attachment are filed to preserve the rights of Claimants. The filing of this Proof of claim is not intended to be, and should not be construed as:

    1)    An election of remedies;

    2)    A waiver of any past, present or future defaults by the City or any third party;

    3)    A waiver of Claimants' claims against any other parties liable to Claimants;

    4)    A waiver or limitation of any rights, claims or defenses of Claimants, including, but not limited to, the right to challenge the Court's jurisdiction to hear disputes arising out of the claims set forth in this Proof of Claim or to make any motion to have such dispute resolved in a forum other that the Court;

    5)    A waiver of Claimants' rights to amend this Proof of Claim for any purpose;

    6)    A limitation on the number or type of claims filed by Claimants.


The filing of this Proof of Claim is not intended to and should not be construed to be a consent to or submission to the jurisdiction of the Court for any reason. Claimant has challenged the City's eligibility for relief under chapter 9 of the Bankruptcy Code. Claimant has appealed the Court's Opinion Regarding Eligibility dated December 5, 2013 [Doc. No. 1945] (the "Eligibility Opinion") and the Order for Relief dated December 5, 2013 [Doc. No. 1946] and moved for certification for direct appeal to the United States Court of Appeals for the Sixth Circuit pursuant to 29 U.S.C. §158(d)(2) and Fed. R. Bankr. Pro. 8001(f). The filing of this Proof of Claim is not a waiver of Claimants' continuing challenge to the eligibility of the City.

Pursuant to the Bar Date Order, individual members of the DPOA have the right to file a Proof of Claim on their own behalf.

## EXHIBIT 1 TO DPOA PROOF OF CLAIM

## DISCIPLINE CLAIMS

Attached hereto is a list of pending Discipline Claims[1] as of the Chapter 9 petition date. Claimant has made a diligent search of available information to compile the list attached hereto. Claimant reserves the right to amend this Proof of Claim in the event additional pre-petition Discipline Claims are discovered or brought to its attention. In accordance with the Claims Bar Date Order, the filing of this Proof of Claim is without prejudice to the rights of individual DPOA members to assert claims on their own behalf.

This Claim is filed as a protective measure in the event that any of the Claimants on the list attached hereto have monetary claims against the City arising from resolution of the disciplinary action.

This Proof of Claim is filed without prejudice to Claimants' ability to resolve any of the Discipline Claims listed in the attachments in the ordinary course of the City's affairs.

**Exhibit 1A**—Alphabetical list of Claimants

**Exhibit 1B**—List of Claimants by Discipline File Number

The underlying documents in support of each particular Discipline File are in the City's possession.

---

[1] Discipline Claims are initiated by the City. Resolution of a disciplinary action may result in the DPOA member having a claim against the City.

# Exhibit 1A—Alphabetical list of Claimants

| NAME AND BADGE NO. | DISCIPLINE FILE NO. | DATE OF INCIDENT | | DATE OF CHARGE SHEET | | CHARGES | | STATUS |
|---|---|---|---|---|---|---|---|---|
| ALAM, GEORGE 205 | 130242-A | FEBRUARY 10, 2013 AND MAY 21, 2013 | | DECEMBER 5, 2013 | | STRIKING A PERSON WHO IS RESTRAINED, MISTREATMENT OF ANY PERSON, WILLFULLY MAKING A FALSE, ORAL WRITTEN STATEMENT OR REPORT | | TRIAL BOARD IS SCHEDULED |
| ATKINS, WALTER 2804 | 130242-C | FEBRUARY 10, 2013 AND APRIL 24, 2013 | | DECEMBER 5, 2013 | | MISTREATMENT OF ANY PERSON, WILLFULLY MAKING A FALSE, ORAL WRITTEN STATEMENT OR REPORT | | TRIAL BOARD IS SCHEDULED |
| AUSTIN, DANIEL 701 | 130088-A | MARCH 31, 2012 | | JUNE 18, 2013 | | ################################## | | PENDING TRIAL BOARD DECISION |
| BARNETT, LASHAWN 4934 | 130147-B | JANUARY 16, 2013; JANUARY 22, 2013 | | OCTOBER 5, 2013 | | EXHIBIT INSUBORDINATION, DISRESPECT, GESTURES OR LANGUAGE OF A COARSE, PROFANE OR INSOLENT NATURE TO ANY RANKING OFFICER, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | | TRIAL BOARD IS SCHEDULED |
| BARRICK, SCOTT 4219 | 130109 | JANUARY 1, 2013 TO MARCH 31, 2013 | | MAY 23, 2013 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | | TRIAL BOARD IS SCHEDULED |
| BARRICK, SCOTT 4219 | 130115 | OCTOBER 1, 2012 TO DECEMBER 31, 2012 | | MAY 28, 2013 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | | TRIAL BOARD IS SCHEDULED |
| BARRICK, SCOTT 4219 | 130260 | APRIL 1, 2013 TO JUNE 30, 2013 | | NOVEMBER 10, 2013 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | | TRIAL BOARD IS SCHEDULED |
| BARRICK, SCOTT 4219 | 140010 | JULY 1, 2013 TO SEPTEMBER 30, 2013 | | JANUARY 28, 2014 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | | TRIAL BOARD IS SCHEDULED |
| BELL, EDWARD 3753 | 080490-B | JANUARY 21, 2008 | | OCTOBER 28, 2008 | | VIOLATION OF ANY TRAFFIC LAW, LEAVING POST WITHOUT PROPER RELIEF OR PURPOSE | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| BLACKBURN, LAWRENCE 4719 | 120054-B | JUNE 26, 2011 | | SEPTEMBER 17, 2012 | | FAILURE TO REPORT THE MISCONDUCT OF ANY MEMBER, FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARD A PRISONER, FAIL TO COOPERATE FULLY IN ANY INTERNAL OR ADMINISTRATIVE INVESTIGATION | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| BOWLING, JAMES 4017 | 060106 | JANUARY 1, 2005 TO OCTOBER 13, 2005 | | MARCH 2, 2006 | | FAILURE TO PROVIDE DEPT. WITH MAXIMUM ATTENDANCE, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| BRADFORD, DARICK 3810 | 120234 | JANUARY 5, 2012 | | NOVEMBER 15, [2011] | | MISTREATMENT OF ANY PERSON | | TRIAL BOARD IS SCHEDULED |
| BRADFORD, JASON 2808 | 120318 | JANUARY 1, 2012 TO MARCH 31, 2012 | | JUNE 30, 2012 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | | APPEALED TO ARBITRATION |
| BRISTOL, CHAD 1320 | 130189-B | DECEMBER 10, 2009; SEPTEMBER 10, 2010; MAY 10, 2013 | | JUNE 24, 2013 | | CONDUCT UNBECOMING AN OFFICER, AIDING OR ABETTING IN CRIMINAL MISCONDUCT, FAILURE TO REPORT THE MISCONDUCT OF ANY MEMBER AND/OR TAKE APPROPRIATE ACTION, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | | TRIAL BOARD IS SCHEDULED |
| BRYSON, LISA 707 | 100029-A | AUGUST 30, 2009 & NOVEMBER 24, 2009 | | JANUARY 18, 2010 | | CONDUCT UNBECOMING AN OFFICER, FAILURE TO SECURE AND/OR CONTROL PROPERTY AS REQUIRED, NEGLECT OF DUTY, INCOMPETE CE | | APPEALED TO ARBITRATION |
| CARRUTHERS, RYAN 617 | | JANUARY, 2012 | | | | SUSPENDED WITHOUT PAY 9/27/2011 CRIMINAL CHARGES DISMISSED - MONEY LAUNDERING, ET AL. | | PENDING DISCIPLINE CHARGES |
| CARTER, ERIC 230 | 120578 | SEPTEMBER 24, 2012 | | MAY 17, 2013 | | FAILURE TO APPEAR AT SCHEDULED TRAINING, COURT APPEARANCES OR BI-ANNUAL FIREARMS QUALIFICATION PROGRAM | | APPEALED TO ARBITRATION |
| CARTER, ERIC 230 | 130325 | FEBRUARY 25, 2013; JUNE 10, 2013; JUNE 30, 2013 | | OCTOBER 12, 2013 | | FAILURE TO APPEAR AT SCHEDULED TRAINING, COURT APPEARANCES OR BI-ANNUAL FIREARMS QUALIFICATION PROGRAM | | TRIAL BOARD IS SCHEDULED |
| CARTER, RHEUTELIA 4873 | 130022 | AUGUST 15, 2012 | | MARCH 12, 2013 | | FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARDS ANY PERSON | | PENDING APPEAL OF TRIAL BOARD DECISION |

DISCIPLINE MATTERS

| NAME AND BADGE NO. | DISCIPLINE FILE NO. | DATE OF INCIDENT | DATE OF CHARGE SHEET | CHARGES | STATUS |
|---|---|---|---|---|---|
| COLEMAN, LANETHA 286 | 130324 | JUNE 26, 2013 | OCTOBER 29, 2013 | NEGLECT OF DUTY, MISTREATMENT OF ANY PERSON, UNNECESSARY USE OF FOCE, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | TRIAL BOARD IS SCHEDULED |
| COLLINS, JEROME 1508 | 120137 | NOVEMBER 2007 TO NOVEMBER, 2009 | REVISED MAY 7, 2013 | CONDUCT UNBECOMING AN OFFICER, WILLFUL DISOBEDIENCE OF RULES OR ORDERS, USING AUTHORITY OR POSITION FOR FINANCIAL GAIN OR FOR OBTAINING PRIVILEGES OR FAVORS, WILLFULLY MAKING A FALSE ORAL WRITTEN STATEMENT OR REPORT | PENDING ARBITRATION |
| COLLRIN, ALEXANDER 713 | 140014 | APRIL 29, 2013 | FEBRUARY 6, 2013 | ################################ | TRIAL BOARD IS SCHEDULED |
| COVINGSTON, DONALD 423 | 130242-B | FEBRUARY 10, 2013 AND APRIL 24, 2013 | DECEMBER 5, 2013 | MISTREATMENT OF ANY PERSON, WILLFULLY MAKING A FALSE, ORAL WRITTEN STATEMENT OR REPORT | TRIAL BOARD IS SCHEDULED |
| DAINES, JARED | | DECEMBER 23, 2012 | | CRIMINAL SEXUAL CONDUCT | PENDING DISCIPLINARY CHARGES |
| DURANT, JEREMIAH 440 | 100464 | MAY 8, 2010 | JULY 6, 2010 | BEING UNFIT FOR DUTY, REPORTING FOR DUTY OR BEING ON DUTY WITH ODOR OF INTOXICANTS, FAILURE TO REPORT THE USE OF ANY SUBSTANCE PRIOR TO REPORTING TO DUTY THAT IMPAIRS AN OFFICER'S ABILITY | PENDING RECEIPT OF DULY EXECUTED PLEA AGREEMENT |
| FARRELL, RICHARD 4172 | 120366 | APRIL 3, 2013 | OCTOBER 9, 2012 | NEGLECT OF DUTY - FAIL TO INVESTIGATE CRIME SCENE, FAIL TO SUBMIT CRISNET, LOUNGING IN VEHICLE, AND USING CELLULAR PHONE FOR NON-DEPARTMENT RELATED CALLS WHILE AT CRIME SCENE | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| FEISNER, MICHAEL 4175 | 120179-A | NOVEMBER 27, 2011 | MARCH 20, 2013 | LEAVING POST WITHOUT PROPER RELIEF OR PURPOSE, PERMITTING UNAUTHORIZED PERSONS TO RIDE IN POLICE VEHICLE | PENDING APPEAL OF TRIAL BOARD DECISION |
| FOUNTAIN, MICHAEL 2789 | 120302 | OCTOBER 22, 2011 | JULY 5, 2012 | WILFUL DISOBEDIENCE OF RULES OR ORDERS, EXHIBIT INSUBORDINATION, DISRESPECT OR GESTURES OR LANGUAGE OF A COARSE, PROFANE, INCOLENT NATURE TO ANY RANKING OFFICER, FAILURE TO RESPOND IMMEDIATELY UPON NOTICE THAT SERVICES ARE REQUIRED | PENDING FOR SETTLEMENT AGREEMENT TO BE PREPARED BY DEPARTMENT |
| FULLER, CHARISSE 4527 | 120173 | JANUARY 1, 2012 TO MARCH 31, 2012 | NOVEMBER 5, 2012 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| FULLILOVE, LAWRENCE 83 | 070340 | JANUARY 15, 2005 AND JANUARY 26, 2006 | OCTOBER 4, 2007 | MISREATMENT OF ANY PERSON OR PRISONER, FAILURE TO EXHIBIT A POLITE, DIGNIFIED, COURTEOUS MANNER TOWARDS ANY PERSON, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | PENDING RECEIPT OF TRIAL BOARD DECISION |
| FULLILOVE, LAWRENCE 83 | 120289 | JANUARY 25, 2012 | JUNE 23, 2012 | BEING ABSENT WITHOUT PERMISSION, NEGLECT OF DUTY | PENDING FOR SIGNED PLEA AGREEMENT FROM OFFICER |
| GAINES, CONRAD 3627 | 120128 | NOVEMBER 23, 2011 | FEBRUARY 22, 2012 | ################################ | PENDING TRIAL BOARD |
| GARRISON, MICHAEL 4185 | 130189-A | DECEMBER 10, 2009; SEPTEMBER 10 2010; MAY 10, 2013 | JUNE 24, 2013 | CONDUCT UNBECOMING AN OFFICER, UNJUSTIFIED OR CARELESS USE OF A FIREARM OR WEAPON, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT; | TRIAL BOARD IS SCHEDULED |
| GIATTINO, STEVEN 3649 | 130223-A | JANUARY 1, 2008 TO JANUARY 20, 2011 | JULY 1, 2013 | ################################ | TRIAL BOARD IS SCHEDULED |
| GORE, TIMOTHY 4132 | 050085 | MAY 30, 2003 | MAY 4, 2005 | LEAVING POST WITHOUT PROPER RELIEF OR PURPOSE | PENDING FOR SIGNED PLEA AGREEMENT FROM OFFICER |
| GRIFFIN, RAHSZENE 1090 | 100194 | DECEMBER 31, 2009 | APRIL 13, 2010 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | APPEALED TO ARBITRATION |

DISCIPLINE MATTERS

| NAME AND BADGE NO. | DISCIPLINE FILE NO. | DATE OF INCIDENT | | DATE OF CHARGE SHEET | | CHARGES | | STATUS |
|---|---|---|---|---|---|---|---|---|
| GRZYWACZ, THOMAS 768 | 130081 | OCTOBER 28, 2012 TO DECEMBER 17, 2012; JANUARY 14, 2013 | | MAY 18, 2013 | | ################################### | | APPEALED TO BOARD OF POLICE COMMISSIONERS |
| GUY, SAMUEL 5013 | 130128 & 120535 | DECEMBER 12, 2012 | | JUNE 7, 2013 | | FAILURE TO EXERCISE CARE OR PRACTICE ECONOMY IN THE USE OF DEPARTMENT EQUIPMENT, MATERIAL, FORMS AND FACILITIES; FAILURE TO APPEAR AT SCHEDULED TRAINING, COURT APPEARANCE OR BI-ANNUAL FIREARMS QUALIFICATION PROGRAM | | PENDING FOR SIGNED PLEA AGREEMENT FROM OFFICER |
| HARRIS, JOHNNIE 546 | 090051-C | SEPTEMBER 22, 2008 | | JULY 20, 2009 | | FAILURE TO PROVIDE THE PROPER CARE TO ANY PERSONS IN THE CUSTODY OF THE JPD, NEGLECT OF DUTY | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| HARRIS, SEAN 4960 | | NOVEMBER OF 2009 | | | | OBSTRUCTION OF JUSTICE | | PENDING DISCIPLINARY CHARGES |
| HEWSTON, SYLVESTER 4597 | 120306-A | SEPTEMBER 17, 2011 | | JUNE 30, 2012 | | UNNECESSARY USE OF FORCE, FAILURE TO REPORT ANY USE OF FORCE OR COMPLETE USE OF FORCE REPORT, MISTREATMENT OF ANY PERSON, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| HUGHES, NEVIN 3248 | | NOVEMBER OF 2009 | | | | OBSTRUCTION OF JUSTICE, MISCONDUCT IN OFFICE, ETC. | | PENDING DISCIPLINARY CHARGES |
| JACKSON, DARRYL 772 | 070100-A | JULY 1, 2005 | | MARCH 26, 2007 | | WILFUL DISOBEDIENCE OF RULES OR ORDERS, EXHIBIT INSUBORDINATION, DISRESPECT, GESTURES OR LANGUAGE OF A COARSE, PROFANE OR INSOLENT NATURE TO ANY RANKING OFFICER | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| JACKSON, HENRY 3829 | 130374 | APRIL 1, 2013 THROUGH OCTOBER 9, 2013 | | NOVEMBER 26, 2013 | | FAILURE TO REPORT LOST, STOLEN, MISPLACED OR DAMAGED DEPARTMENT EQUIPMENT TO THOE OFFICER IN CHARGE OF THE COMMAND TO WHICH THE MEMBER IS ASSIGNED, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | | TRIAL BOARD IS SCHEDULED |
| JACKSON, MARCUS 2713 | 130088-C | MARCH 31, 2012 | | JUNE 18, 2013 | | VIOLATION OF ANY TRAFFIC LAW, FAILURE TO REPORT THE MISCONDUCT OF ANY MEMBER AND/OR TAKE APPROPRIATE ACTION | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| JACKSON, TAMBOURA 477 | 020490-B | DECEMBER, 2001 | | JUNE 8, 2001 | | NEGLECT OF DUTY, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | | PENDING TRIAL BOARD |
| JACKSON, TAMBOURA 477 | 060100 | JULY 1, 2005 TO SEPTEMBER 30, 2005 | | MARCH 1, 2006 | | FAILURE TO PROVIDE DEPT. WITH MAXIMUM ATTENDANCE | | PENDING TRIAL BOARD |
| JACKSON, TAMBOURA 477 | | SEPTEMBER, 2009 | | | | SUSPENDED WITHOUT PAY 9/1/2011 CRIMINAL CHARGES DISMISSED - UTTERING AND PUBLISHING | | PENDING DISCIPLINE CHARGES |
| JAMES, JASON 3887 | 120417 | JANUARY 1, 2012 TO MARCH 31, 2012 | | NOVEMBER 16, 2012 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| JONES, DARRELL 1015 | 110409 | DECEMBER 12, 2010 | | AUGUST 2, 2011 | | ENGAGING OR ATTEMPTING TO TAKE POLICE ACTION IN A PERSONAL CONTROVERSY OR CONTROVERSES ARISING BETWEEN FRIENDS, RELATIVES, AND/OR NEIGHBORS | | APPEALED TO ARBITRATION |
| JONES, EUGENE 293 | 060278 | OCTOBER 1, 2005 | | JUNE 9, 2006 | | NEGLECT OF DUTY | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| JONES, GREGORY 4785 | 0602757 | SEPTEMBER 3, 2006 | | NONE | | SUSPENDED WITHOUT PAY | | PENDING DISCIPLINE CHARGES |
| JORDAN, ERICA 1343 | | SEPTEMBER, 2012 | | | | | | PENDING DISCIPLINARY CHARGES |
| KILE, JASON 549 | 080054-B | AUGUST 4, 2006 | | NOVEMBER 24, 2008 | | VIOLATION OF THIS DEPARTMENT'S VEHICULAR PURSIT POLICY, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |

| NAME AND BADGE NO. | DISCIPLINE FILE NO. | DATE OF INCIDENT | DATE OF CHARGE SHEET | CHARGES | STATUS |
|---|---|---|---|---|---|
| KIMBROUGH, JAMES 3999 | 120502 | APRIL 3, 2012 | OCTOBER 9, 2012 | NEGLECT OF DUTY, DIVULGING OFFICIAL CONFIDENTIAL INFORMATION TO ANY EXCEPT THE PERSWON FOR WHOM IT IS INTENDED OR AS DIRECTED BY THE COMMANDING OFFICER OR UNDER DUE PROCESS OF LAW | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| KIMBROUGH, JAMES 3999 | 120782-A | MAY 8, 2011 | MARCH 23, 2013 | FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARDS ANY PERSON, NEGLECT OF DUTY | PENDING APPEAL OF TRIAL BOARD DECISION |
| KIMBROUGH, JAMES 3999 | 130266 | MAY 31, 2013 | JANUARY 14, 2014 | SLEEPING OR LOUNGING, NOT PROPERLY PATROLLING OR GUARDING A POST, NEGLECT OF DUTY, FAILURE TO NOTIFY THE COMMANDING OFFICER OF ANY CIRCUMSTANCE THAT AFFECTS THE MEMBER'S ABILITY TO PERFORM THEIR DUTIES | TRIAL BOARD IS SCHEDULED |
| KING, DELSHAWN 5083 | 100596 | MAY 13, 2010 & JULY 29, 2010 | OCTOBER 26 2010 | FAILURE TO PROPERLY SECURE A DEPARTMENT WEAPON, FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARDS ANY PERSON, NEGLECT OF DUTY | APPEALED TO ARBITRATION |
| KING, KEVIN 989 | 130239 | APRIL 2, 2012 | OCTOBER 3, 2013 | UNNECESSARY USE OF FORCE, STRIKING A PERSON WHO IS RESTRAINED, FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARDS ANY PERSON, FAILURE TO REPORT ANY USE OF FORCE OR COMPLETE A USE OF FORCE REPORT FORM | APPEALED TO ARBITRATION |
| KITCHEN, SYLVESTER 1342 | 140001-B | MAY 12, 2013 | JANUARY 2, 2014 | NEGLECT OF DUTY FOR FAILING TO DISPATCH SCOUT CAR | TRIAL BOARD IS SCHEDULED |
| KUSCHMANN, MICHAEL 163 | 120519 | MAY 2012 & JULY 13, 2012 | MARCH 7, 2013 | BEING ABSENT FROM DUTY WITHOUT PERMISSION, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | PENDING TRIAL BOARD |
| LEWIS, HAROLD 595 | 1000705 | JUNE 11, 2010 | NOVEMBER 17, 2010 | STRIKING A PERSON WHO IS RESTRAINED, MISTREATMENT OF ANY PERSON | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| LITTLE, WILLIAM 1726 | | NOVEMBER OF 2009 | | OBSTRUCTION OF JUSTICE | PENDING DISCIPLINARY CHARGES |
| LONAKER, CANDY 3729 | 120057 | JULY 1, 2011 TO SEPTEMBER 30, 2011 | FEBRUARY 16, 2012 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| LONAKER, CANDY 3729 | 120189 | OCTOBER 1, 2011 TO DECEMBER 3, 2011 | MARCH 16, 2012 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| LONAKER, CANDY 3729 | 120246 | | NO CHARGE SHEET | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| MACNICOL, JEREMY 2669 | 120667 | MAY 20, 2012 | APRIL 21, 2013 | UNNECESSARY USE OF FORCE, FAILURE TO REPORT ANY USE OF FORCE OR COMPLETE A USE OF FORCE REPORT FORM | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| MARTIN, JAMIL 5008 | 130270 | JULY 14, 2013 AND OCTOBER 24, 2013 | NOVEMBER 23, 2013 | CONDUCT UNBECOMING AN OFFICER, BEING UNFIT FOR DUTY, CONVICTION IN ANY COURT OF CRIMINAL JURISDICTION | TRIAL BOARD IS SCHEDULED |
| MCCLEAN, MICHAEL 231 | 130183 | AUGUST 8, 2012; OCTOBER 24, 2012; NOVEMBER 8, 2012; DECEMBER 1, 2012; AUGUST 2012 TO NOVEMBER 9, 2012 | DECEMBER 6, 2013 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | TRIAL BOARD IS SCHEDULED |
| MIMNANO, JAMES 3766 | 130223-B | JANUARY 1, 2008 TO JANUARY 20, 2011 | JULY 1, 2013 | ############################## | TRIAL BOARD IS SCHEDULED |

DISCIPLINE MATTERS

| NAME AND BADGE NO. | DISCIPLINE FILE NO. | DATE OF INCIDENT | | DATE OF CHARGE SHEET | | CHARGES | STATUS |
|---|---|---|---|---|---|---|---|
| MITCHELL, LAWRENCE 1005 | 130393-A | FEBRUARY 27, 2013 AND NOVEMBER 12, 2013 | | DECEMBER 14, 2013 | | CONDUCT UBECOMING AN OFFICER, ACTING OFFICIOUSLY OR FAILURE TO PERFORM DUTIES IN AN IMPARTIAL MANNER, FAILURE TO SECURE AND/OR CONTROL PROPERTY AS REQUIRED, NEGLECT OF DUTY, IGNORANCE OF RULES OR ORDERS | TRIAL BOARD IS SCHEDULED |
| STEINEHEGEN, MATTHEW 2641 | | MARCH 27, 2012 | | MARCH 27, 2012 | | SHOOTING | PENDING DISCIPLINARY CHARGES |
| ORANGE, CARLTON 4440 | 120329 | JULY 1, 2011 TO SEPTEMBER 30, 2011 | | JULY 1, 2012 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | PENDING RECEIPT OF WRITTEN DECISION ON PLEA |
| PADRON, PETER 1143 | 080872-B | JANUARY 27, 2008 | | JANUARY 8, 2009 | | NEGLECT OF DUTY, FAILURE TO PROVIDE THE PROPER CARE TO ANY PERSON IN THE CUSTODY OF THE DPD, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| PARKER, CHARLOTTE 4479 | 130348 | MAY 10, 2013 | | OCTOBER 29, 2013 | | FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARDS ANY PERSON | TRIAL BOARD IS SCHEDULED |
| PARKER, STEVEN 4389 | 120190 | NOVEMBER 28, 2011 | | APRIL 4, 2012 | | FAILURE TO BE PUNCTUAL IN ATTENDANCE TO ALL DUTIES, FAILURE TO NOTIFY THE OFFICER IN CHARGE OF ANTICIPATED TARDINESS | PENDING RECEIPT OF WRITTEN DECISION ON PLEA |
| PASSMORE, JIMMY 180 | 100299-A | FEBRUARY 18, 2009 | | JUNE 2, 2010 | | CONDUCT UNBECOMING AN OFFICER, FAILURE TO REPORT THE MISCONDUCT OF ANY MEMBER AND/OR TAKE APPROPRIATE ACTION | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| PAYTON, DEVON 2122 | | APRIL, 2013 | | | | SUSPENDED WITHOUT PAY 11/12/13 CRIMINAL CHARGES DISMISSED - CONSPIRACY TO OPERATE A CHOP SHOP, ETC | PENDING DISCIPLINE CHARGES |
| PERKINS, VINCESON ? | 130227 | UNKNOWN | | UNKNOWN | | UNKNOWN | OFFICER REJECTED PLEA ARRANGEMENT AT PRE-PHASE MEETING; PENDING TRIAL BOARD |
| PRATER, TISHA 3907 | 130340 | APRIL 1, 2013 TO JUNE 30, 2013 | | OCTOBER 18, 2013 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | PENDING APPEAL OF TRIAL BOARD DECISION |
| PRETTIG, ALVIN 791 | 130134 | NOVEMBER 2, 2012 | | SEPTEMBER 11, 2013 | | ######################### | TRIAL BOARD IS SCHEDULED |
| ROBERSON, EMANUEL 246 | 130082 | SEPTEMBER 5, 2012; APRIL 15, 2011; MARCH 25, 2009; OCTOBER 29, 2012 | | MAY 18, 2013 | | CONDUCT UNBECOMING AN OFFICER, WILFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | APPEALED TO ARBITRATION |
| ROBINSON, DORETHY 4168 | 080509 | AUGUST 1, 2006 TO NOVEMBER 30, 2007 | | SEPTEMBER 19, 2008 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | APPEALED TO ARBITRATION |
| ROBINSON, DORETHY 4168 | 080682 | SEPTEMBER 19, 2007; DECEMBER 31, 2007; FEBRUARY 7, 2008; MAY 29, 2008; JUNE 2, 2008 | | SEPTEMBER 23, 2008 | | NEGLECT OF DUTY | APPEALED TO ARBITRATION |
| ROBINSON, DORETHY 4168 | 080712 | JULY 31, 2008 | | NOVEMBER 6, 2008 | | LEAVING POST WITHOUT PROPER RELIEF OR PURPOSE, USING, OPERATING OR TRAVELING IN A PRIVATELY-OWNED VEHICLE WHILE ON DUTY OR TO GO TO AND FROM POST WITHOUT PROPER AUTHORIZATION, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | APPEALED TO ARBITRATION |
| ROBINSON, DORETHY 4168 | 080920 | SEPTEMBER 3, 2008 | | JANUARY 27, 2009 | | WILLFULLY OR KNOWINGLY DEPART FROM THE TRUTH, IN GIVING TESTIMONY OR IN CONNECTION WITH ANY OFFICIAL DUTIES | APPEALED TO ARBITRATION |
| ROBINSON, DORETHY 4168 | 080957 | JULY 1, 2008 TO SEPTEMBER 31, 2008 | | FEBRUARY 10, 2009 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | APPEALED TO ARBITRATION |
| RODMAN, PATRICE 3583 | 020836 | OCTOBER 9, 2002 | | DECEMBER 20, 2002 | | WILLFUL DISOBEDIENCE OF RULES OR ORDERS, NEGLECT OF DUTY | HEARING NEVER HELD - NO RESOLUTION IN FILE |
| RONDO, KATHLEEN 2212 | 090307 | APRIL 21, 2009 & DECEMBER 25, 2008 | | JUNE 18, 2009 | | CONVICTION IN ANY COURT OF CRIMINAL JURISDICTION, BEING UNFIT FOR DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |

DISCIPLINE MATTERS

| NAME AND BADGE NO. | DISCIPLINE FILE NO. | DATE OF INCIDENT | DATE OF CHARGE SHEET | CHARGES | STATUS |
|---|---|---|---|---|---|
| SAFFOLD, CASSANDRA 370 | 020782-C | JUNE 3, 2002 | DECEMBER 28, 2003 | IGNORANCE OF RULES OR ORDERS, WILLFULLY MAKING A FALSOR ORAL OR WRITTEN STATEMENT OR REPORT | HEARING NEVER HELD - NO RESOLUTION IN FILE |
| SMITH, JOHN 228 | 130024 | MAY 12, 2012 | MARCH 20, 2013 | ######## SUSPENDED WITHOUT PAY - POSITIVE DRUG TEST SECOND OFFENSE | APPEALED TO ARBITRATION |
| SMITH, MELVIN 5037 | | JANUARY 29, 2008 | | | POSSIBLY RESIGNED FROM DEPARTMENT |
| STARKS, ROY 4022 | 120580 | APRIL 9, 2012 & APRIL 13, 2012 | MAY 12, 2013 | FAILURE TO APPEAR AT SCHEDULED TRAINING, COURT APPEARANCES OR BI-ANNUAL FIREARMS QUALIFICATION PROGRAM | PENDING TRIAL BOARD |
| STEPHENS, CECIL 122 | 100499-A | OCTOBER 4, 2009 | AUGUST 6, 2010 | FAILURE TO REPORT ANY USE OF FORCE OR COMPLETE A USE OF FORCE REPORT FORM, FAILURE TO REPORT THE MISCONDUCT OF ANY MEMBER AND/OR TAKE APPROPRIATE ACTION | APPEALED TO ARBITRATION |
| TERECHENOK, BRIAN 881 | 090040 | JUNE 14, 2007 | MARCH 25, 2009 | DISPARAGING OR DEMEANING THE RACE, NATIONALITY OR PERSONAL CHARACTERISTICS OF ANY PERSON | APPEALED TO ARBITRATION |
| THOMAS, CHRISTINE 3880 | 120649-B | MAY 13, 2012 | JANUARY 19, 2013 | NEGLECT OF DUTY, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | PENDING APPEAL OF TRIAL BOARD DECISION |
| THOMAS, RONALD 3722 | 120571-A | MAY 23, 2012; JULY 2, 2012 | APRIL 16, 2013 | ######## | TRIAL BOARD IS SCHEDULED |
| TORRES, ROBERT 2337 | 130074 | JULY 1, 2012 TO SEPTEMBER 30, 2012 | MAY 17, 2013 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| TOWNSEND, STEVEN 4180 | 140002 | JUNE 1, 2013 | NOT YET RECEIVED | CONDUCT UNBECOMING AN OFFICER | PENDING TRIAL BOARD |
| TUCKER, ANTHONY 5155 | 080740 | JULY 16, 2008 | DECEMBER 10, 2008 | FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARDS ANY PERSON | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| TUCKER, ANTHONY 5155 | 090028 | AUGUST 22, 2008 & OCTOBER 3, 2008 | APRIL 29, 2009 | NEGLECT OF DUTY, LEAVING POST WITHOUT PROPER RELIEF OR PURPOSE, WILLFULLY MAKIG A FALSE ORAL, WRITTEN STATEMENT OR REPORT | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| TUTT, MARTY 4547 | 130343 | APRIL 4, 2013 AND SEPTEMBER 8, 2013 | OCTOBER 30, 2013 | CONDUCT UNBECOMING AN OFFICER, MISTREATMENT OF ANY PERSON, WILLFULLY MAKING A FALSE, ORAL WRITTEN STATEMENT OR REPORT | TRIAL BOARD IS SCHEDULED |
| VAUGHN, KATHRYN 3734 | 130310 | JUNE 1, 2013 | NOVEMBER 1, 2013 | ######## | TRIAL BOARD IS SCHEDULED |
| VERNON, HARRY 919 | 120514 | JANUARY 1, 2012 TO JUNE 30, 2012 | DECEMBER 13, 2012 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | PENDING TRIAL BOARD |
| WADE, AUBREY 5146 | 120649-A | MAY 13 2012 | JANUARY 19, 2013 | NEGLECT OF DUTY, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | PENDING APPEAL OF TRIAL BOARD DECISION |
| WARD, TODD 3757 | 040225-B | FEBRUARY 4 & FEBRUARY 9, 2004 | JUNE 9, 2004 | NEGLECT OF DUTY, INSUBORDINATION | HEARING NEVER HELD - NO RESOLUTION IN FILE |
| WASHINGTON, TERRENCE 216 | 100029-B | AUGUST 30, 2009 & NOVEMBER 24, 2009 | JANUARY 18, 2010 | CONDUCT UNBECOMING AN OFFICER, FAILURE TO SECURE AND/OR CONTROL PROPERTY AS REQUIRED, NEGLECT OF DUTY, INCOMPETE CE | APPEALED TO ARBITRATION |
| WATTERS, JEREMY 922 | 100500-A | APRIL 17, 2010 | AUGUST 10, 2010 | NEGLECT OF DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| WATS, MARCUS 899 | 130243 | JULY 16, 2013; SEPTEMBER 26, 2007 TO FEBRUARY | OCTOBER 6, 2013 | ######## | PENDING TRIAL BOARD DECISION |
| WEEKLEY, JOSEPH 3929 | | MAY 16, 2010 | | SUSPENDED 10/5/2011 - FATAL SHOOTING | PENDING DISCIPLINE CHARGES |
| WHITE DAVID 203 | 130344 | APRIL 3, 2007 TO AUGUST 10, 2012 | NOVEMBER 1, 2013 | CONDUCT UNBECOMING AN OFFICER, WILLFULLY MAKING A FALSE ORAL WRITTEN STATEMENT OR REPORT USING AUTHORITY OR POSITION FOR FINANCIAL GAIN OR FOR OBTAINING PRIVILEGES - FALSE DOCTORS' NOTES | TRIAL BOARD IS SCHEDULED |

DISCIPLINE MATTERS

| NAME AND BADGE NO. | DISCIPLINE FILE NO. | DATE OF INCIDENT | DATE OF CHARGE SHEET | CHARGES | STATUS |
|---|---|---|---|---|---|
| WHITE, DAVID 203 | 130068 | JULY 1, 2012 TO SEPTEMBER 30, 2012 | MAY 17, 2013 | FAILURE TO PROVIDE DEPT. WITH MAXIMUM ATTENDANCE | PENDING TRIAL BOARD |
| WHITE, DAVID 203 | 130068 | JULY 1, 2012 & SEPTEMBR 30, 2012 | MAY 17, 2013 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | TRIAL BOARD IS SCHEDULED |
| WHITEHEAD, LAWANDA 1162 | | 2006 TO 2009 | | SUSPENDED WITHOUT PAY JANUARY, 2010 FEDERAL CHARGES OF CONSPIRACY TO COMMIT MAIL FRAUD AND MAIL FRAUD | PENDING DISCIPLINE CHARGES |
| WILLIAMS, HOLLY 4380 | 140001-A | MAY 12, 2013 | JANUARY 2, 2014 | NEGLECT OF DUTY FOR FAILING TO DISPATCH SCOUT CAR | PENDING TRIAL BOARD DECISION |
| WILLS, MARC 655 | 080019 | SEPTEMBER 7, 2006 AN FEBRUARY 20, 2007 | MARCH 10, 2008 | FAILURE TO NOTIFY THE COMMANDING OFFICER WHEN KNOWINGLY UNDER INVESTIGATION FOR ANY CRIMINAL OFFENSE IN THIS OR ANY OTHER JURISDICTION AS SOON AS POSIBLE AND IGNORANCE OF RULES OR ORDERS | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| WINDHAM, JUAN 1306 | 080072 | SEPTEMBER 14, 2007 | JUNE 30, 2008 | NEGLECT OF DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| WINDHAM, JUAN 1306 | 080106-B | OCTOBER 6, 2007 | JUNE 20, 2008 | UNJUSTIFIED OR CARELESS USE OF FIREARM OR WEAPON, IGNORANCE OF RULES OR ORDERS | APPEALED TO ARBITRATION |
| WOODBERRY, LAJEFF 322 | 120191 | JANUARY 1, 2011 TO DECEMBER 31, 2011 | SEPTEMBER 18, 2012 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY, BEING ABSENT FROM DUTY WITHOUT PERMISSION, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | APPEALED TO ARBITRATION |
| WOODBERRY, LAJEFF 322 | 120414 | JANUARY 1, 2012 TO MARCH 31, 2012 | OCTOBER 21, 2012 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, BEING ABSENT FROM DUTY WITHOUT PERMISSION, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | APPEALED TO ARBITRATION |
| WOODBERRY, LAJEFF 322 | 120508 | MAY 25, 2012 & MAY 29, 2012 | NOVEMBER 6, 2012 | BEING ABSENT FROM DUTY WITHOUT PERMISSION, FAILURE TO BE PUNCTUAL IN ATTENDANCE TO ALL DUTIES, FAILURE TO NOTIFY THE OFFICER IN CHARGE OF ANTICIPATED TARDINESS, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | APPEALED TO ARBITRATION |
| WOODBERRY, LAJEFF 322 | 120509 | JULY 2, 2012 | NOVEMBER 12, 2012 | NEGLECT OF DUTY | APPEAL TO BOARD OF POLICE COMMISSIONERS WAS FILED ON JULY 12, 2013 |
| WOODBERRY, LAJEFF 322 | 120522 | APRIL 1, 2012; JUNE 30, 2012; MAY 16, 2012; JUNE 28, 2012 | DECEMBER 1, 2012 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, BEING ABSENT FROM DUTY WITHOUT PERMISSION, WILLFUL DISOBEDIENCE OF RULES OR ORDERS, NEGLECT OF DUTY | APPEALED TO ARBITRATION |
| WOODBERRY, LAJEFF 322 | 130002 | JULY 13, 2012; AUGUST 14, 2012 | FEBRUARY 28, 2013 | NOT PROPERLY PATROLLING OR GUARDING POST, LEAVING POST WITHOUT PROPER RELIEF OR PURPOSE, NEGLECT OF DUTY, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | APPEALED TO ARBITRATION |
| WOODCUM, OSCAR 3146 | 130100 | JANUARY 21, 2013 | JULY 18, 2013 | UNNECESSARY USE OF FORCE, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| WROBLEWSKI, THOMAS 3091 | 130073 | JULY 1 2012 TO SEPTEMBER 30, 2012 | MAY 17, 2013 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |

**Exhibit 1B—List of Claimants by Discipline File Number**

| DISCIPLINE FILE NO. | NAME AND BADGE NO. | DATE OF INCIDENT | | DATE OF CHARGE SHEET | | CHARGES | STATUS | |
|---|---|---|---|---|---|---|---|---|
| 020490-B | JACKSON, TAMBOURA 477 | DECEMBER, 2001 | | JUNE 8, 2001 | | NEGLECT OF DUTY, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | PENDING TRIAL BOARD | |
| 020782-C | SAFFOLD, CASSANDRA 370 | JUNE 3, 2002 | | DECEMBER 28, 2003 | | IGNORANCE OF RULES OR ORDERS, WILLFULLY MAKING A FALSOR ORAL OR WRITTEN STATEMENT OR REPORT | HEARING NEVER HELD - NO RESOLUTION IN FILE | |
| 020836 | ROMAN, PATRICE 3583 | OCTOBER 9, 2002 | | DECEMBER 20, 2002 | | WILLFUL DISOBEDICE OF RULES OR ORDERS, NEGLECT OF DUTY | HEARING NEVER HELD - NO RESOLUTION IN FILE | |
| 040225-B | WARD, TODD 3757 | FEBRUARY 4 & FEBRUARY 9, 2004 | | JUNE 9, 2004 | | NEGLECT OF DUTY, INSUBORDINATION | HEARING NEVER HELD - NO RESOLUTION IN FILE | |
| 050085 | GORE, TIMOTHY 4132 | MAY 30, 2003 | | MAY 4, 2005 | | LEAVING POST WITHOUT PROPER RELIEF OR PURPOSE | PENDING FOR SIGNED PLEA AGREEMENT FROM OFFICER | |
| 060100 | JACKSON, TAMBOURA 477 | JULY 1, 2005 TO SEPTEMBER 30, 2005 | | MARCH 1, 2006 | | FAILURE TO PROVIDE DEPT. WITH MAXIMUM ATTENDANCE | PENDING TRIAL BOARD | |
| 060106 | BOWLING, JAMES 4017 | JANUARY 1, 2005 TO OCTOBER 13, 2005 | | MARCH 2, 2006 | | FAILURE TO PROVIDE DEPT. WITH MAXIMUM ATTENDANCE, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 0602757 | JONES, GREGORY 4785 | SEPTEMBER 3, 2006 | | NONE | | SUSPENDED WITHOUT PAY | PENDING DISCIPLINE CHARGES | |
| 060278 | JONES, EUGENE 293 | OCTOBER 1, 2005 | | JUNE 9, 2006 | | NEGLECT OF DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 070100-A | JACKSON, DARRYL 772 | JULY 1, 2005 | | MARCH 26, 2007 | | WILFUL DISOBEDIENCE OF RULES OR ORDERS, EXHIBIT INSUBORDINATION, DISRESPECT, GESTURES OR LANGUAGE OF A COARSE, PROFANE OR INSOLENT NATURE TO ANY RANKING OFFICER | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 070340 | FULLILOVE, LAWRENCE 83 | JANUARY 15, 2005 AND JANUARY 26, 2006 | | OCTOBER 4, 2007 | | MISREATMENT OF ANY PERSON OR PRISONER, FAILURE TO EXHIBIT A POLITE, DIGNIFIED, COURTEOUS MANNER TOWARDS ANY PERSON, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | PENDING RECEIPT OF TRIAL BOARD DECISION | |
| 080019 | WILLS, MARC 655 | SEPTEMBER 7, 2006 AN FEBRUARY 20, 2007 | | MARCH 10, 2008 | | FAILURE TO NOTIFY THE COMMANDING OFFICER WHEN KNOWINGLY UNDER INVESTIGATION FOR ANY CRIMINAL OFFENSE IN THIS OR ANY OTHER JURISDICTION AS SOON AS POSIBLE AND IGNORANCE OF RULES OR ORDERS | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 080054-B | KILE, JASON 549 | AUGUST 4, 2006 | | NOVEMBER 24, 2008 | | VIOLATION OF THIS DEPARTMENT'S VEHICULAR PURSUIT POLICY, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 080072 | WINDHAM, JUAN 1306 | SEPTEMBER 14, 2007 | | JUNE 30, 2008 | | NEGLECT OF DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 080106-B | WINDHAM, JUAN 1306 | OCTOBER 6, 2007 | | JUNE 20, 2008 | | UNJUSTIFIED OR CARELESS USE OF FIREARM OR WEAPON, IGNORANCE OF RULES OR ORDERS | APPEALED TO ARBITRATION | |
| 080490-B | BELL, EDWARD 3753 | JANUARY 21, 2008 | | OCTOBER 28, 2008 | | VIOLATION OF ANY TRAFFIC LAW, LEAVING POST WITHOUT PROPER RELIEF OR PURPOSE | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 080509 | ROBINSON, DOROTHY 4168 | AUGUST 1, 2006 TO NOVEMBER 30, 2007 | | SEPTEMBER 19, 2008 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | APPEALED TO ARBITRATION | |
| 080682 | ROBINSON, DOROTHY 4168 | SEPTEMBER 19, 2007; DECEMBER 31, 2007; FEBRUARY 7, 2008; MAY 29, 2008; JUNE 2, 2008 | | SEPTEMBER 23, 2008 | | NEGLECT OF DUTY | APPEALED TO ARBITRATION | |
| 080712 | ROBINSON, DOROTHY 4168 | JULY 31, 2008 | | NOVEMBER 6, 2008 | | LEAVING POST WITHOUT PROPER RELIEF OR PURPOSE, USING, OPERATING OR TRAVELING IN A PRIVATELY-OWNED VEHICLE WHILE ON DUTY OR TO GO TO AND FROM POST WITHOUT PROPER AUTHORIZATION, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | APPEALED TO ARBITRATION | |

| DISCIPLINE FILE NO. | NAME AND BADGE NO. | DATE OF INCIDENT | | DATE OF CHARGE SHEET | | CHARGES | STATUS | |
|---|---|---|---|---|---|---|---|---|
| 080740 | TUCKER, ANTHONY 5155 | JULY 16, 2008 | | DECEMBER 10, 2008 | | FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARDS ANY PERSON | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 080872-B | PADRON, PETER 1143 | JANUARY 27, 2008 | | JANUARY 8, 2009 | | NEGLECT OF DUTY, FAILURE TO PROVIDE THE PROPER CARE TO ANY PERSON IN THE CUSTODY OF THE DPD, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 080920 | ROBINSON, DORETHY 4168 | SEPTEMBER 3, 2008 | | JANUARY 27, 2009 | | WILLFULLY OR KNOWINGLY DEPART FROM THE TRUTH, IN GIVING TESTIMONY OR IN CONNECTION WITH ANY OFFICIAL DUTIES | APPEALED TO ARBITRATION | |
| 080957 | ROBINSON, DORETHY 4168 | JULY 1, 2008 TO SEPTEMBER 31, 2008 | | FEBRUARY 10, 2009 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | APPEALED TO ARBITRATION | |
| 090028 | TUCKER, ANTHONY 5155 | AUGUST 22, 2008 & OCTOBER 3, 2008 | | APRIL 29, 2009 | | NEGLECT OF DUTY, LEAVING POST WITHOUT PROPER RELIEF OR PURPOSE, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 090040 | TERECHENOK, BRIAN 881 | JUNE 14, 2007 | | MARCH 25, 2009 | | DISPARAGING OR DEMEANING THE RACE, NATIONALITY OR PERSONAL CHARACTERISTICS OF ANY PERSON | APPEALED TO ARBITRATION | |
| 090051-C | HARRIS, JOHNNIE 546 | SEPTEMBER 22, 2008 | | JULY 20, 2009 | | FAILURE TO PROVIDE THE PROPER CARE TO ANY PERSONS IN THE CUSTODY OF THE DPD, NEGLECT OF DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 090307 | RONDO, KATHLEEN 2212 | APRIL 21, 2009 & DECEMBER 25, 2008 | | JUNE 18, 2009 | | CONVICTION IN ANY COURT OF CRIMINAL JURISDICTION, BEING UNFIT FOR DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 100029-A | BRYSON, LISA 707 | AUGUST 30, 2009 & NOVEMBER 24, 2009 | | JANUARY 18, 2010 | | CONDUCT UNBECOMING AN OFFICER, FAILURE TO SECURE AND/OR CONTROL PROPERTY AS REQUIRED, NEGLECT OF DUTY, INCOMPLETE CE | APPEALED TO ARBITRATION | |
| 100029-B | WASHINGTON, TERRENCE 216 | AUGUST 30, 2009 & NOVEMBER 24, 2009 | | JANUARY 18, 2010 | | CONDUCT UNBECOMING AN OFFICER, FAILURE TO SECURE AND/OR CONTROL PROPERTY AS REQUIRED, NEGLECT OF DUTY, INCOMPLETE CE | APPEALED TO ARBITRATION | |
| 100705 | LEWIS, HAROLD 595 | JUNE 11, 2010 | | NOVEMBER 17, 2010 | | STRIKING A PERSON WHO IS RESTRAINED, MISTREATMENT OF ANY PERSON | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 100194 | GRIFFIN, RAHSZENE 1090 | DECEMBER 31, 2009 | | APRIL 13, 2010 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | APPEALED TO ARBITRATION | |
| 100029-A | PASSMORE, JIMMY 180 | FEBRUARY 18, 2009 | | JUNE 2, 2010 | | CONDUCT UNBECOMING AN OFFICER, FAILURE TO REPORT THE MISCONDUCT OF ANY MEMBER AND/OR TAKE APPROPRIATE ACTION | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 100464 | DURANT, JEREMIAH 440 | MAY 8, 2010 | | JULY 6, 2010 | | BEING UNFIT FOR DUTY, REPORTING FOR DUTY OR BEING ON DUTY WITH ODOR OF INTOXICANTS, FAILURE TO REPORT THE USE OF ANY SUBSTANCE PRIOR TO REPORTING TO DUTY THAT IMPAIRS AN OFFICER'S ABILITY | PENDING RECEIPT OF DULY EXECUTED PLEA AGREEMENT | |
| 100499-A | STEPHENS, CECIL 122 | OCTOBER 4, 2009 | | AUGUST 6, 2010 | | FAILURE TO REPORT ANY USE OF FORCE OR COMPLETE A USE OF FORCE REPORT FORM, FAILURE TO REPORT THE MISCONDUCT OF ANY MEMBER AND/OR TAKE APPROPRIATE ACTION | APPEALED TO ARBITRATION | |
| 100500-A | WATTERS, JEREMY 922 | APRIL 17, 2010 | | AUGUST 10, 2010 | | NEGLECT OF DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT | |
| 100596 | KING, DELSHAWN 5083 | MAY 13, 2010 & JULY 29, 2010 | | OCTOBER 26 2010 | | FAILURE TO PROPERLY SECURE A DEPARTMENT WEAPON, FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARDS ANY PERSON, NEGLECT OF DUTY | APPEALED TO ARBITRATION | |
| 110409 | JONES, DARRELL 1015 | DECEMBER 12, 2010 | | AUGUST 2, 2011 | | ENGAGING OR ATTEMPTING TO TAKE POLICE ACTION IN A PERSONAL CONTROVERSY OR CONTROVERSIES ARISING BETWEEN FRIENDS, RELATIVES, AND/OR NEIGHBORS | APPEALED TO ARBITRATION | |

DISCIPLINE MATTERS

| DISCIPLINE FILE NO. | NAME AND BADGE NO. | DATE OF INCIDENT | | DATE OF CHARGE SHEET | | CHARGES | STATUS |
|---|---|---|---|---|---|---|---|
| 120054-B | BLACKBURN, LAWRENCE 4719 | JUNE 26, 2011 | | SEPTEMBER 17, 2012 | | FAILURE TO REPORT THE MISCONDUCT OF ANY MEMBER, FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARD A PRISONER, FAIL TO COOPERATE FULLY IN ANY INTERNAL OR ADMINISTRATIVE INVESTIGATION | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 120057 | LONAKER, CANDY 3729 | JULY 1, 2011 TO SEPTEMBER 30, 2011 | | FEBRUARY 16, 2012 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 120128 | GAINES, CONRAD 3627 | NOVEMBER 23, 2011 | | FEBRUARY 22, 2012 | | ###################################### | PENDING TRIAL BOARD |
| 120137 | COLLINS, JEROME 1508 | NOVEMBER 2007 TO NOVEMBER, 2009 | | REVISED MAY 7, 2013 | | CONDUCT UNBECOMING AN OFFICER, WILLFUL DISOBEDIENCE OF RULES OR ORDERS, USING AUTHORITY OR POSITION FOR FINANCIAL GAIN OR FOR OBTAINING PRIVILEGES OR FAVORS, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | PENDING ARBITRATION |
| 120173 | FULLER, CHARISSE 4527 | JANUARY 1, 2012 TO MARCH 31, 2012 | | NOVEMBER 5, 2012 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 120179-A | FELSNER, MICHAEL 4175 | NOVEMBER 27, 2011 | | MARCH 20, 2013 | | LEAVING POST WITHOUT PROPER RELIEF OR PURPOSE, PERMITTING UNAUTHORIZED PERSONS TO RIDE IN POLICE VEHICLE | PENDING APPEAL OF TRIAL BOARD DECISION |
| 120189 | LONAKER, CANDY 3729 | OCTOBER 1, 2011 TO DECEMBER 3, 2011 | | MARCH 16, 2012 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 120190 | PARKER, STEVEN 4389 | NOVEMBER 28, 2011 | | APRIL 4, 2012 | | FAILURE TO BE PUNCTUAL IN ATTENDANCE TO ALL DUTIES, FAILURE TO NOTIFY THE OFFICER IN CHARGE OF ANTICIPATED TARDINESS | PENDING RECEIPT OF WRITTEN DECISION ON PLEA |
| 120191 | WOODBERRY, LAIEFF 322 | JANUARY 1, 2011 TO DECEMBER 31, 2011 | | SEPTEMBER 18, 2012 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY, BEING ABSENT FROM DUTY WITHOUT PERMISSION, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | APPEALED TO ARBITRATION |
| 120234 | BRADFORD, DARICK 3810 | JANUARY 5, 2012 | | NOVEMBER 15, [2011] | | MISTREATMENT OF ANY PERSON | TRIAL BOARD IS SCHEDULED |
| 120246 | LONAKER, CANDY 3729 | | | NO CHARGE SHEET | | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 120289 | FULLILOVE, CARLTON 83 | JANUARY 25, 2012 | | JUNE 23, 2012 | | BEING ABSENT WITHOUT PERMISSION, NEGLECT OF DUTY | PENDING FOR SIGNED PLEA AGREEMENT FROM OFFICER |
| 120302 | FOUNTAIN, MICHAEL 2789 | OCTOBER 22, 2011 | | JULY 5, 2012 | | WILFUL DISOBEDIENCE OF RULES OR ORDERS, EXHIBIT INSUBORDINATION, DISRESPECT OR GESTURES OR LANGUAGE OF A COARSE, PROFANE, INSOLENT NATURE TO ANY RANKING OFFICER, FAILURE TO RESPOND IMMEDIATELY UPON NOTICE THAT SERVICES ARE REQUIRED | PENDING FOR SETTLEMENT AGREEMENT TO BE PREPARED BY DEPARTMENT |
| 120306-A | HEWSTON, SYLVESTER 4597 | SEPTEMBER 17, 2011 | | JUNE 30, 2012 | | UNNECESSARY USE OF FORCE, FAILURE TO REPORT ANY USE OF FORCE OR COMPLETE USE OF FORCE REPORT, MISTREATMENT OF ANY PERSON, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 120318 | BRADFORD, JASON 2808 | JANUARY 1, 2012 TO MARCH 31, 2012 | | JUNE 30, 2012 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | APPEALED TO ARBITRATION |
| 120329 | ORANGE, CARLTON 4440 | JULY 1, 2011 TO SEPTEMBER 30, 2011 | | JULY 1, 2012 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | PENDING RECEIPT OF WRITTEN DECISION ON PLEA |
| 120366 | FARRELL, RICHARD 4172 | APRIL 3, 2013 | | OCTOBER 9, 2012 | | NEGLECT OF DUTY - FAIL TO INVESTIGATE CRIME SCENE, FAIL TO SUBMIT CRIMNET, LOUNGING IN VEHICLE, AND USING CELLULAR PHONE FOR NON-DEPARTMENT RELATED CALLS WHILE AT CRIME SCENE | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |

DISCIPLINE MATTERS

13-53846-tjt    Doc 10182    Filed 09/11/15    Entered 09/11/15 09:25:40    Page 114 of 117

| DISCIPLINE FILE NO. | NAME AND BADGE NO. | DATE OF INCIDENT | DATE OF CHARGE SHEET | CHARGES | STATUS |
|---|---|---|---|---|---|
| 120414 | WOODBERRY, LAEFF 322 | JANUARY 1, 2012 TO MARCH 31, 2012 | OCTOBER 21, 2012 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, BEING ABSENT FROM DUTY WITHOUT PERMISSION, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | APPEALED TO ARBITRATION |
| 120417 | JAMES, JASON 3887 | JANUARY 1, 2012 TO MARCH 31, 2012 | NOVEMBER 16, 2012 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 120502 | KIMBROUGH, JAMES 3999 | APRIL 3, 2012 | OCTOBER 9, 2012 | NEGLECT OF DUTY, DIVULGING OFFICIAL CONFIDENTIAL INFORMATION TO ANY EXCEPT THE PERSON FOR WHOM IT IS INTENDED OR AS DIRECTED BY THE COMMANDING OFFICER OR UNDER DUE PROCESS OF LAW | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 120508 | WOODBERRY, LAEFF 322 | MAY 25, 2012 & MAY 29, 2012 | NOVEMBER 6, 2012 | BEING ABSENT FROM DUTY WITHOUT PERMISSION, FAILURE TO BE PUNCTUAL IN ATTENDANCE TO ALL DUTIES, FAILURE TO NOTIFY THE OFFICER IN CHARGE OF ANTICIPATED TARDINESS, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | APPEALED TO ARBITRATION |
| 120509 | WOODBERRY, LAEFF 322 | JULY 2, 2012 | NOVEMBER 12, 2012 | NEGLECT OF DUTY | APPEAL TO BOARD OF POLICE COMMISSIONERS WAS FILED ON JULY 12, 2013 |
| 120514 | VERNON, HARRY 919 | JANUARY 1, 2012 TO JUNE 30, 2012 | DECEMBER 13, 2012 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | PENDING TRIAL BOARD |
| 120519 | KUSCHMANN, MICHAEL 163 | MAY 2012 & JULY 13, 2012 | MARCH 7, 2013 | BEING ABSENT FROM DUTY WITHOUT PERMISSION, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | PENDING TRIAL BOARD |
| 120522 | WOODBERRY, LAEFF 322 | APRIL 1, 2012; JUNE 30, 2012; MAY 16, 2012; JUNE 28, 2012 | DECEMBER 1, 2012 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, BEING ABSENT FROM DUTY WITHOUT PERMISSION, WILLFUL DISOBEDIENCE OF RULES OR ORDERS, NEGLECT OF DUTY | APPEALED TO ARBITRATION |
| 120571-A | THOMAS, RONALD 3722 | MAY 23, 2012; JULY 2, 2012 | APRIL 16, 2013 | ############################ | TRIAL BOARD IS SCHEDULED |
| 120578 | CARTER, ERIC 230 | SEPTEMBER 24, 2012 | MAY 17, 2013 | FAILURE TO APPEAR AT SCHEDULED TRAINING, COURT APPEARANCES OR BI-ANNUAL FIREARMS QUALIFICATION PROGRAM | APPEALED TO ARBITRATION |
| 120580 | STARKS, ROY 4022 | APRIL 9, 2012 & APRIL 13, 2012 | MAY 12, 2013 | FAILURE TO APPEAR AT SCHEDULED TRAINING, COURT APPEARANCES OR BI-ANNUAL FIREARMS QUALIFICATION PROGRAM | PENDING TRIAL BOARD |
| 120649-A | WADE, AUBREY 5146 | MAY 13, 2012 | JANUARY 19, 2013 | NEGLECT OF DUTY, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | PENDING APPEAL OF TRIAL BOARD DECISION |
| 120649-B | THOMAS, CHRISTINE 3880 | MAY 13, 2012 | JANUARY 19, 2013 | NEGLECT OF DUTY, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | PENDING APPEAL OF TRIAL BOARD DECISION |
| 120667 | MACNICOL, JEREMY 2669 | MAY 20, 2012 | APRIL 21, 2013 | UNNECESSARY USE OF FORCE, FAILURE TO REPORT ANY USE OF FORCE OR COMPLETE A USE OF FORCE REPORT FORM | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 120782-A | KIMBROUGH, JAMES 3999 | MAY 8, 2011 | MARCH 23, 2013 | FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARDS ANY PERSON, NEGLECT OF DUTY | PENDING APPEAL OF TRIAL BOARD DECISION |
| 130002 | WOODBERRY, LAEFF 322 | JULY 13, 2012; AUGUST 14, 2012 | FEBRUARY 28, 2013 | NOT PROPERLY PATROLLING OR GUARDING POST, LEAVING POST WITHOUT PROPER RELIEF OR PURPOSE, NEGLECT OF DUTY, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | APPEALED TO ARBITRATION |
| 130022 | CARTER, RHEUTEUA 4873 | AUGUST 15, 2012 | MARCH 12, 2013 | FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARDS ANY PERSON | PENDING APPEAL OF TRIAL BOARD DECISION |
| 130024 | SMITH, JOHN 228 | MAY 12, 2012 | MARCH 20, 2013 | ############################ | APPEALED TO ARBITRATION |

| DISCIPLINE FILE NO. | NAME AND BADGE NO. | DATE OF INCIDENT | | DATE OF CHARGE SHEET | | CHARGES | | STATUS |
|---|---|---|---|---|---|---|---|---|
| 130068 | WHITE, DAVID 203 | JULY 1, 2012 TO SEPTEMBER 30, 2012 | | MAY 17, 2013 | | FAILURE TO PROVIDE DEPT. WITH MAXIMUM ATTENDANCE | | PENDING TRIAL BOARD |
| 130068 | WHITE, DAVID 203 | JULY 1, 2012 & SEPTEMBR 30,2012 | | MAY 17, 2013 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | | TRIAL BOARD IS SCHEDULED |
| 130073 | WROBLEWSKI, THOMAS 3091 | JULY 1 2012 TO SEPTEMBER 30, 2012 | | MAY 17, 2013 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 130074 | TORRES, ROBERT 2337 | JULY 1, 2012 TO SEPTEMBER 30, 2012 | | MAY 17, 2013 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 130081 | GRZYWACZ, THOMAS 768 | OCTOBER 28, 2012 TO DECEMBER 17, 2012; JANUARY 14, 2013 | | MAY 18, 2013 | | ############################ | | APPEALED TO BOARD OF POLICE COMMISSIONERS |
| 130082 | ROBERSON, EMANUEL 246 | SEPTEMBER 5, 2012; APRIL 15, 2011; MARCH 25, 2009; OCTOBER 29, 2012 | | MAY 18, 2013 | | CONDUCT UNBECOMING AN OFFICER, WILFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | | APPEALED TO ARBITRATION |
| 130088-A | AUSTIN, DANIEL 701 | MARCH 31, 2012 | | JUNE 18, 2013 | | ############################ | | PENDING TRIAL BOARD DECISION |
| 130088-C | JACKSON, MARCUS 2713 | MARCH 31, 2012 | | JUNE 18, 2013 | | VIOLATION OF ANY TRAFFIC LAW, FAILURE TO REPORT THE MISCONDUCT OF ANY MEMBER AND/OR TAKE APPROPRIATE ACTION | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 130100 | WOODCUM, OSCAR 3146 | JANUARY 21, 2013 | | JULY 18, 2013 | | UNNECESSARY USE OF FORCE, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | | PENDING RECEIPT OF DULY-EXECUTED PLEA AGREEMENT |
| 130109 | BARRICK, SCOTT 4219 | JANUARY 1, 2013 TO MARCH 31, 2013 | | MAY 23, 2013 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | | PENDING DECISION |
| 130115 | BARRICK, SCOTT 4219 | OCTOBER 1, 2012 TO DECEMBER 31, 2012 | | MAY 28, 2013 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | | PENDING DECISION |
| 130128 & 120535 | GUY, SAMUEL 5013 | DECEMBER 12, 2012 | | JUNE 7, 2013 | | FAILURE TO EXERCISE CARE OR PRACTICE ECONOMY IN THE USE OF DEPARTMENT EQUIPMENT, MATERIAL, FORMS AND FACILITIES; FAILURE TO APPEAR AT SCHEDULED TRAINING, COURT APPEARANCE OR BI-ANNUAL FIREARMS QUALIFICATION PROGRAM | | PENDING FOR SIGNED PLEA AGREEMENT FROM OFFICER |
| 130134 | RETTIG, ALVIN 791 | NOVEMBER 2, 2012 | | SEPTEMBER 11, 2013 | | ############################ | | TRIAL BOARD IS SCHEDULED |
| 130147-B | BARNETT, LASHAWN 4934 | JANUARY 16, 2013; JANUARY 22, 2013 | | OCTOBER 5, 2013 | | EXHIBIT INSUBORDINATION, DISRESPECT, GESTURES OR LANGUAGE OF A COARSE, PROFANE OR INSOLENT NATURE TO ANY RANKING OFFICER, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT, | | TRIAL BOARD IS SCHEDULED |
| 130183 | MCCLEAN, MICHAEL 231 | AUGUST 8, 2012; OCTOBER 24, 2012; NOVEMBER 8, 2012; DECEMBER 1, 2012; AUGUST 2012 TO NOVEMBER 9, 2012 | | DECEMBER 6, 2013 | | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | | TRIAL BOARD IS SCHEDULED |
| 130189-A | GARRISON, MICHAEL 4185 | DECEMBER 10, 2009; SEPTEMBER 10 2010; MAY 10, 2013 | | JUNE 24, 2013 | | CONDUCT UNBECOMING AN OFFICER, UNJUSTIFIED OR CARELESS USE OF A FIREARM OR WEAPON; WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT; | | TRIAL BOARD IS SCHEDULED |
| 130189-B | BRISTOL, CHAD 1320 | DECEMBER 10, 2009; SEPTEMBER 10, 2010; MAY 10, 2013 | | JUNE 24, 2013 | | CONDUCT UNBECOMING AN OFFICER, AIDING OR ABETTING IN CRIMINAL MISCONDUCT, FAILURE TO REPORT THE MISCONDUCT OF ANY MEMBER AND/OR TAKE APPROPRIATE ACTION, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | | TRIAL BOARD IS SCHEDULED |
| 130223-A | GIATTINO, STEVEN 3649 | JANUARY 1, 2008 TO JANUARY 20, 2011 | | JULY 1, 2013 | | ############################ | | TRIAL BOARD IS SCHEDULED |

| DISCIPLINE FILE NO. | NAME AND BADGE NO. | DATE OF INCIDENT | DATE OF CHARGE SHEET | CHARGES | STATUS |
|---|---|---|---|---|---|
| 130223-B | MINANO, JAMES 3766 | JANUARY 1, 2008 TO JANUARY 20, 2011 | JULY 1, 2013 | ################# | TRIAL BOARD IS SCHEDULED |
| 130227 | PERKINS, VINCESON ? | UNKNOWN | UNKNOWN | UNKNOWN | OFFICER REJECTED PLEA ARRANGEMENT AT PRE-PHASE MEETING; PENDING TRIAL BOARD |
| 130239 | KING, KEVIN 989 | APRIL 2, 2012 | OCTOBER 3, 2013 | UNNECESSARY USE OF FORCE, STRIKING A PERSON WHO IS RESTRAINED, FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARDS ANY PERSON, FAILURE TO REPORT ANY USE OF FORCE OR COMPLETE A USE OF FORCE REPORT FORM | APPEALED TO ARBITRATION |
| 130242-A | ALAM, GEORGE 205 | FEBRUARY 10, 2013 AND MAY 21, 2013 | DECEMBER 5, 2013 | STRIKING A PERSON WHO IS RESTRAINED, MISTREATMENT OF ANY PERSON, WILLFULLY MAKING A FALSE, ORAL WRITTEN STATEMENT OR REPORT | TRIAL BOARD IS SCHEDULED |
| 130242-B | COVINGTON, DONALD 423 | FEBRUARY 10, 2013 AND APRIL 24, 2013 | DECEMBER 5, 2013 | MISTREATMENT OF ANY PERSON, WILLFULLY MAKING A FALSE, ORAL WRITTEN STATEMENT OR REPORT | TRIAL BOARD IS SCHEDULED |
| 130242-C | ATKINS, WALTER 2804 | FEBRUARY 10, 2013 AND APRIL 24, 2013 | DECEMBER 5, 2013 | MISTREATMENT OF ANY PERSON, WILLFULLY MAKING A FALSE, ORAL WRITTEN STATEMENT OR REPORT | TRIAL BOARD IS SCHEDULED |
| 130243 | WAYS, MARCUS 899 | JULY 16, 2013; SEPTEMBER 26, 2007 TO FEBRUARY 2013 | OCTOBER 6, 2013 | ################# | PENDING TRIAL BOARD DECISION |
| 130260 | BARRICK, SCOTT 4219 | APRIL 1, 2013 TO JUNE 30, 2013 | NOVEMBER 10, 2013 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | PENDING DECISION |
| 130266 | KIMBROUGH, JAMES 3999 | MAY 31, 2013 | JANUARY 14, 2014 | SLEEPING OR LONGING, NOT PROPERLY PATROLLIN OR GUARDING POST, NEGLECT OF DUTY, FAILURE TO NOTIFY THE COMMANDING OFFICER OF ANY CIRCUMSTANCE THAT AFFECTS THE MEMBER'S ABILITY TO PERFORM THEIR DUTIES | TRIAL BOARD IS SCHEDULED |
| 130310 | VAUGHIN, KATHRYN 3734 | JUNE 1, 2013 | NOVEMBER 1, 2013 | ################# | TRIAL BOARD IS SCHEDULED |
| 130324 | COLEMAN, LANETH 286 | JUNE 26, 2013 | OCTOBER 29, 2013 | NEGLECT OF DUTY, MISTREATMENT OF ANY PERSON, UNNECESSARY USE OF FORCE, MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT | TRIAL BOARD IS SCHEDULED |
| 130325 | CARTER, ERIC 230 | FEBRUARY 25, 2013; JUNE 10, 2013; JUNE 30, 2013 | OCTOBER 12, 2013 | FAILURE TO APPEAR AT SCHEDULED TRAINING, COURT APPEARANCES OR BI-ANNUAL FIREARMS QUALIFICATION PROGRAM | TRIAL BOARD IS SCHEDULED |
| 130340 | PRATER, TISHA 3907 | APRIL 1, 2013 TO JUNE 30, 2013 | OCTOBER 18, 2013 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE, NEGLECT OF DUTY | PENDING APPEAL OF TRIAL BOARD DECISION |
| 130343 | TUTT, MARTY 4547 | APRIL 4, 2013 AND SEPTEMBER 8, 2013 | OCTOBER 30, 2013 | CONDUCT UNBECOMING AN OFFICER, MISTREATMENT OF ANY PERSON, WILLFULLY MAKING A FALSE, ORAL WRITTEN STATEMENT OR REPORT | TRIAL BOARD IS SCHEDULED |
| 130344 | WHITE DAVID 203 | APRIL 3, 2007 TO AUGUST 10, 2012 | NOVEMBER 1, 2013 | CONDUCT UNBECOMING AN OFFICER, WILLFULLY MAKING A FALSE ORAL, WRITTEN STATEMENT OR REPORT, USING AUTHORITY OR POSITION FOR FINANCIAL GAIN OR FOR OBTAINING PRIVILEGES - FALSE DOCTORS NOTES | TRIAL BOARD IS SCHEDULED |
| 130348 | PARKER, CHARLOTTE 4479 | MAY 10, 2013 | OCTOBER 29, 2013 | FAILURE TO EXHIBIT A POLITE, DIGNIFIED AND COURTEOUS MANNER TOWARDS ANY PERSON | TRIAL BOARD IS SCHEDULED |

# DISCIPLINE MATTERS

| DISCIPLINE FILE NO. | NAME AND BADGE NO. | DATE OF INCIDENT | DATE OF CHARGE SHEET | CHARGES | STATUS |
|---|---|---|---|---|---|
| 130370 | MARTIN, JAMIL 5008 | JULY 14, 2013 AND OCTOBER 24, 2013 | NOVEMBER 23, 2013 | CONDUCT UNBECOMING AN OFFICER, BEING UNFIT FOR DUTY, CONVICTION IN ANY COURT OF CRIMINAL JURISDICTION | TRIAL BOARD IS SCHEDULED |
| 130374 | JACKSON, HENRY 3829 | APRIL 1, 2013 THROUGH OCTOBER 9, 2013 | NOVEMBER 26, 2013 | FAILURE TO REPORT LOST, STOLEN, MISPLACED OR DAMAGED DEPARTMENT EQUIPMENT TO THOSE OFFICER IN CHARGE OF THE COMMAND TO WHICH THE MEMBER IS ASSIGNED, WILLFUL DISOBEDIENCE OF RULES OR ORDERS | TRIAL BOARD IS SCHEDULED |
| 130393-A | MITCHELL, LAWRENCE 1005 | FEBRUARY 27, 2013 AND NOVEMBER 12, 2013 | DECEMBER 14, 2013 | CONDUCT UBECOMING AN OFFICER, ACTING OFFICIOUSLY OR FAILURE TO PERFORM DUTIES IN AN IMPARTIAL MANNER, FAILURE TO SECURE AND/OR CONTROL PROPERTY AS REQUIRED, NEGLECT OF DUTY, IGNORANCE OF RULES OR ORDERS | TRIAL BOARD IS SCHEDULED |
| 140001-A | WILLIAMS, HOLLY 4380 | MAY 12, 2013 | JANUARY 2, 2014 | NEGLECT OF DUTY FOR FAILING TO DISPATCH SCOUT CAR | PENDING TRIAL BOARD DECISION |
| 140001-B | KITCHEN, SYLVESTER 1342 | MAY 12, 2013 | JANUARY 2, 2014 | NEGLECT OF DUTY FOR FAILING TO DISPATCH SCOUT CAR | TRIAL BOARD IS SCHEDULED |
| 140002 | TOWNSEND, STEVEN 4180 | JUNE 1, 2013 | NOT YET RECEIVED | CONDUCT UNBECOMING AN OFFICER | PENDING TRIAL BOARD |
| 140010 | BARRICK, SCOTT 4219 | JULY 1, 2013 THROUGH SEPTEMBER 30 2013 | JANUARY 28, 2014 | FAILURE TO PROVIDE THE DEPARTMENT WITH MAXIMUM ATTENDANCE | TRIAL BOARD IS SCHEDULED |
| 140014 | COLRIN, ALEXANDER 713 | APRIL 29, 2013 AND JANUARY 28, 2014 | FEBRUARY 6, 2014 | ######################################## | TRIAL BOARD IS SCHEDULED |
| | CARRUTHERS, RYAN 617 | JANUARY, 2012 | | SUSPENDED WITHOUT PAY 9/27/2011 CRIMINAL CHARGES DISMISSED - MONEY LAUNDERING, ET AL. | PENDING DISCIPLINE CHARGES |
| | DAINES, JARED | DECEMBER 21, 2012 | | CRIMINAL SEXUAL CONDUCT | PENDING DISCIPLINARY CHARGES |
| | HARRIS, SEAN 4960 | NOVEMBER OF 2009 | | OBSTRUCTION OF JUSTICE | PENDING DISCIPLINARY CHARGES |
| | HUGHES, NEVIN 3248 | NOVEMBER OF 2009 | | OBSTRUCTION OF JUSTICE, MISCONDUCT IN OFFICE, ETC. | PENDING DISCIPLINARY CHARGES |
| | JACKSON, TAMBOURA 477 | SEPTEMBER, 2009 | | SUSPENDED WITHOUT PAY 9/1/2011 CRIMINAL CHARGES DISMISSED - UTTERING AND PUBLISHING | PENDING DISCIPLINE CHARGES |
| | JORDAN, ERICA 1343 | SEPTEMBER, 2012 | | OBSTRUCTION OF JUSTICE | PENDING DISCIPLINARY CHARGES |
| | LITTLE, WILLIAM 1726 | NOVEMBER OF 2009 | | SHOOTING | PENDING DISCIPLINARY CHARGES |
| | NEINHEGEN, MATTHEW 2641 | MARCH 27, 2012 | | | PENDING DISCIPLINARY CHARGES |
| | PAYTON, DEVON 2122 | APRIL, 2013 | | SUSPENDED WITHOUT PAY 11/12/13 CRIMINAL CHARGES DISMISSED - CONSPIRACY TO OPERATE A CHOP SHOP, ETC | PENDING DISCIPLINE CHARGES |
| | SMITH, MELVIN 5037 | JANUARY 29, 2008 | | SUSPENDED WITHOUT PAY - POSITIVE DRUG TEST SECOND OFFENSE | POSSIBLY RESIGNED FROM DEPARTMENT |
| | WEEKLEY, JOSEPH 3929 | MAY 16, 2010 | | SUSPENDED 10/5/2011 - FATAL SHOOTING | PENDING DISCIPLINE CHARGES |
| | WHITEHEAD, LAWANDA 1162 | 2006 TO 2009 | | SUSPENDED WITHOUT PAY JANUARY, 2010 FEDERAL CHARGES OF CONSPIRACY TO COMMIT MAIL FRAUD AND MAIL FRAUD | PENDING DISCIPLINE CHARGES |