IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------- x
                                                           :    Chapter 9
In re                                                      :
                                                           :    Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                                 :
                                                           :    Hon. Thomas J. Tucker
                                         Debtor            :
---------------------------------------------------------- x

# THE CITY OF DETROIT'S OBJECTION TO CLAIM NO. 3646 FILED BY CONSOLIDATED RAIL CORPORATION AS LATE-FILED, DUPLICATIVE, AND PARTIALLY SATISFIED

The City of Detroit (the "City"), by and through its undersigned counsel, for its objection to Claim No. 3646 (the "Claim") filed by Consolidated Rail Corporation ("Consolidated Rail") as a late-filed and duplicate claim, and to the extent certain invoices were paid, a satisfied claim (the "Objection") and its request for an order disallowing and expunging the Claim as late-filed, substantially in the form attached hereto as Exhibit 1, respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

2.      On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5. On November 12, 2014, this Court entered an Order Confirming the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Dkt. 8272) (the "Plan").

6. The Plan became effective on December 10, 2014 (the "Effective Date").

7. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

8. On or about November 29, 2013, the City's claims agent, mailed the documents approved by this Court in the Bar Date Order to the various claimants identified by the City. See Certificate of Service, dated December 27, 2013 [Dkt. No. 2337].

9. The City's claims agent served Norfolk Southern Corporation ("Norfolk Southern"), an entity which upon information and belief is related to Consolidated Rail, at its address in Roanoke, Virginia, (the "Roanoke Address"). *Id.* at p. 744. The Roanoke Address is

2

4833-6760-8360.1
13-53846-tjt    Doc 10202    Filed 09/24/15    Entered 09/24/15 15:23:25    Page 2 of 7

the same for both Norfolk Southern and Consolidated Rail, as demonstrated by the invoices attached to the Claim.

10. On or about November 21, 2013, Norfolk Southern filed two proofs of claim in the case, Claim Nos. 142 and 143 (collectively the "Norfolk Southern Claims", attached hereto as Exhibit 2). The Norfolk Southern Claims are for invoices attached to the proof of claim, issued by both Consolidated Rail and Norfolk Southern.

11. On March 17, 2014, approximately one month after the Bar Date, Consolidated Rail filed the Claim, and stated in its cover letter that its counsel "did not believe" that Consolidated Rail had been noticed in the bankruptcy. *See* Claim, attached hereto as Exhibit 3, p. 2.

12. Consolidated Rail attached the same invoices for both Norfolk Southern and Consolidated Rail to the Claim that Norfolk Southern had previously filed with its own claim. All of the invoices for both entities reflect the Roanoke Address.

13. In addition, certain of Consolidated Rail and Norfolk Southern's invoices have been paid in the ordinary course since the bankruptcy case was filed, in a total amount of $8,008.33. A list of the paid invoices is attached hereto as Exhibit 4.

## RELIEF REQUESTED

14. The City files this Objection pursuant to the Bar Date Order, section 502(b)(9) of the Bankruptcy Code[1], seeking entry of an order disallowing and expunging the Claim because it was filed after the applicable Bar Date of February 21, 2014.

15. The City also files this Objection pursuant to section 502(b)(1) of the Bankruptcy Code because the Claim is not enforceable against the City because Norfolk Southern has

---

[1] Section 502 is made applicable to Chapter 9 proceedings through Section 901(a) of the Bankruptcy Code.

4833-6760-8360.1
13-53846-tjt    Doc 10202    Filed 09/24/15    Entered 09/24/15 15:23:25    Page 3 of 7

already filed the Norfolk Southern Claims based on the same invoices and the City should not be obligated to pay the same invoices twice.

16. Furthermore, to the extent certain invoices have been paid, the City seeks an order disallowing that portion of the Claim which has been satisfied, pursuant to section 502(b)(1).

## BASIS FOR RELIEF REQUESTED

17. Bar dates are designed to promote finality and efficient administration of the bankruptcy process. *In re National Steel Corp.*, 316 B.R. 510, 514 (Bankr. N.D. Ill. 2004). Typically, claimants who do not timely file proofs of claim are barred from receiving distributions from the estate. *Id*. at 515. In *National Steel*, an entity affiliated with the debtors sought to file a claim seeking indemnification after the bar date. The court declined to allow the late-filed claim because of the negative impact it would have on the estate and other creditors. *Id*. at 521.

18. Here, the Claim should be disallowed and expunged because it was not timely filed, and because the delay in filing was solely in Consolidated Rail's control. Allowance of the Claim, despite Consolidated Rail's failure to adhere to the Bar Date Order, is unfair to the thousands of other claimants who did follow the Bar Date Order and did timely file their claims. It is also harmful to the efficient administration of bankruptcy cases. Bar Dates are strict deadlines which allow debtors finality and certainty during the case. They should not be disregarded because a Claim was received a month late. Debtors will not be able to determine the amount of claims at issue when they cannot be sure which late-filed claims will be allowed. In this case, the Claim was received a month after the Bar Date. Rather than allow such a late-filed claim, and introduce uncertainty into the system, all participants in the bankruptcy process are better served by a strict adherence to the Bar Date.

19. Here, the Bar Date Notice clearly stated that claims had to be <u>received</u> at KCC's facility on or before the Bar Date. *See* Bar Date Order, Annex 1, pp. 1; 8. The Bar Date Notice also states that any claimant whose claim was not received by the Bar Date would be unable to recover on account of such claim from the City. *See Id.*, Annex 1, p. 9.

20. Consolidated Rail's affiliated entity, Norfolk Southern, received notice of the Bar Date pursuant to the Bar Date Order at the Roanoke Address which it apparently shares with Consolidated Rail. *See* Certificate of Service, p. 744 dated December 27, 2013 [Dkt. No. 2337]; *see also* Claim, pp. 4-29 (invoices for both Consolidated Rail and Norfolk Southern which were included in the Claim, each showing the Roanoke Address). In addition, the City also published notice of the Bar Date in newspapers, as required by the Bar Date Order. Bar Date Order ¶ 26 (permitting notice by publication).

21. Based on the proper service of Norfolk Southern at the Roanoke Address, Consolidated Rail had notice of the Bar Date, and failed to file its proof of claim timely. Therefore the Claim should be disallowed to the extent it has not been paid. *See In re Sunland, Inc.*, 534 B.R. 793, 799 (Bankr. D.N.M. 2015) (disallowing claim of individual as late-filed when he had actually notice of bar date through service on his corporation at its proper address).

22. No cause exists to overrule the Court's own prior order and allow Consolidated Rail's untimely Claim when it received notice of the Bar Date and failed to follow the terms of the Bar Date Order.

23. In addition to the foregoing, the Claim is also duplicative of the Norfolk Southern Claim and should be disallowed on that ground as well. The City should not be required to pay the same claim twice.

4833-6760-8360.1

13-53846-tjt    Doc 10202    Filed 09/24/15    Entered 09/24/15 15:23:25    Page 5 of 7

24. Certain Consolidated Rail and Norfolk Southern invoices were paid in the ordinary course of business after the bankruptcy case was filed, as detailed on Exhibit 4. The City also seeks an order disallowing the Claim in the amount of the paid invoices as having been satisfied, even if it does not disallow the remainder of the Claim as late-filed and/or duplicative.

25. To the extent the Court does not disallow the unpaid portion of the Claim as late-filed or duplicative; the City reserves all of its rights to object to the Claim on any other grounds.

## **RESERVATION OF RIGHTS**

26. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## **NOTICE**

27. The City has provided notice of this Objection to each of Consolidated Rail at the address on its proof of claim form, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## **NO PRIOR REQUEST**

28. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: September 24, 2015

        FOLEY & LARDNER LLP

        By: /s/ *Tamar N. Dolcourt*
        John A. Simon (P61866)
        Jeffrey S. Kopp (P59485)
        Tamar N. Dolcourt (P73425)
        Leah R. Imbrogno (P79384)
        500 Woodward Ave., Ste. 2700
        Detroit, MI 48226
        313.234.7100
        jsimon@foley.com
        jkopp@foley.com
        tdolcourt@foley.com
        limbrogno@foley.com

        *Counsel for the Debtor, City of Detroit, Michigan*