## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-----------------------------------------------------------------x

In re

CITY OF DETROIT, MICHIGAN,

        Debtor

-----------------------------------------------------------------x

:  Chapter 9

:  Case No. 13-53846

:  Hon. Thomas J. Tucker

## THE CITY OF DETROIT'S OBJECTION TO CLAIM NO. 1288 FILED BY 36TH DISTRICT COURT AS A DUPLICATE CLAIM

The City of Detroit (the "City"), by and through its undersigned counsel, for objection to Claim No. 1288 filed by the 36th District Court, State of Michigan (the "Claim") as a duplicate claim (the "Objection") and its request for an order disallowing and expunging the Claim, substantially in the form attached hereto as Exhibit 1, respectfully states as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

2.  On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3.  Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Dkt. No. 11).

4.      On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Dkt. No. 1946).

5.      On November 12, 2014, this Court entered an Order Confirming the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Dkt. 8272) (the "Plan").

6.      The Plan became effective on December 10, 2014 (the "Effective Date").

7.      On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Dkt. No. 1782) (the "Bar Date Order") establishing deadlines to file proof of claims in this case.  The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m. Eastern Time (the "Bar Date").

8.      On February 20, 2014, the 36th District Court, State of Michigan (the "36th District Court") filed the Claim, seeking an unknown amount. The Claim is attached as Exhibit 2.

9.      On February 21, 2014, the 36th District Court also sent the same claim to the City's claims agent, Kurtzman Carson Consultants, LLC ("KCC"), which was entered on the Claims Register as Claim No. 2422. Claim No. 2422 is attached hereto as Exhibit 3.

10.      Claim No. 1288 and Claim No. 2422 are identical and cover certain employment-related claims.

11.      The City and the 36th District Court entered into a settlement of the employment-related claims in the Plan (the "Settlement"). See Plan, Exhibit I.A.9. The Settlement resolved the Claims of the 36th District Court.

12.     Pursuant to the Settlement, the City began to make payments to satisfy its obligations on the Effective Date.

## RELIEF REQUESTED

13.     The City files this Objection pursuant to section 502(b) of the Bankruptcy Code[1] and Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), seeking entry of an order disallowing and expunging Claim No. 1288, because it is duplicative of Claim No. 2422 filed against the City.

14.     Specifically, the City has reviewed Claim 1288 and determined that it duplicates Claim No. 2422.   Accordingly, the City requests that Claim No. 1288 be disallowed and expunged.

15.     This Objection does not affect Claim No. 2422 or the Settlement involving that Claim, and does not constitute any admission or determination as to any fact concerning Claim No. 2422.

## BASIS FOR RELIEF REQUESTED

16.     Section 502(b)(1) of the Bankruptcy Code provides that a claim asserted in a proof of claim shall be allowed, except to the extent "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  The City cannot be required to pay on the same claim more than once.  Moreover, allowing duplicative claims could inappropriately lead to multiple recoveries to a creditor on account of a single claim to the detriment of other creditors.

17.     This Court has the authority to enter an order approving this Objection.  In light of the interest that all creditors have in reducing the total amount of claims in the case where appropriate, the City believes that the relief sought by this Objection is in the best interests of the

---

[1] Section 502 is made applicable to Chapter 9 proceedings through Section 901(a) of the Bankruptcy Code.

4823-5675-4728.1

City and its creditors. Based upon the foregoing, to avoid the possibility of multiple recoveries by the same creditor on account of the same claim, the City seeks entry of an order, substantially in the form annexed hereto as Exhibit 1, disallowing Claim No. 1288 as duplicative. Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(d), the Court should grant the relief requested.

## RESERVATION OF RIGHTS

18.     The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

19.     The City has provided notice of this Objection to the 36th District Court through the address on the proof of claim, and all other parties who requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

20.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

4

Dated: September 24, 2015

FOLEY & LARDNER LLP

By: /s/ *Tamar N. Dolcourt*
John A. Simon (P61866)
Jeffrey S. Kopp (P59485)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
jsimon@foley.com
jkopp@foley.com
tdolcourt@foley.com

*Counsel for the Debtor, City of Detroit, Michigan*