UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:  CITY OF DETROIT,        .        Docket No. 13-53846
            MICHIGAN,            .
                                 .        Detroit, Michigan
                                 .        September 23, 2015
                    Debtor.      .        4:30 p.m.
. . . . . . . . . . . . . . .


        FURTHER HEARING RE. OBJECTION TO CLAIM NUMBER 3451
                         OF KIM SPICER
            BEFORE THE HONORABLE THOMAS J. TUCKER
            UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For City of Detroit   Kilpatrick & Associates
Water and Sewerage    By:  RICHARDO KILPATRICK
Department:           615 Griswold, Suite 1708
                      Detroit, MI  48226-3985
                      (313) 963-2581


For Kim Spicer:       KIM SPICER
                      In pro per
                      29375 Sandalwood
                      Roseville, MI  48066


Court Recorder:       Jamie Laskaska
                      United States Bankruptcy Court
                      211 West Fort Street
                      21st Floor
                      Detroit, MI  48226-3211
                      (313) 234-0068


Transcribed By:       Lois Garrett
                      1290 West Barnes Road
                      Leslie, MI  49251
                      (517) 676-5092


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

1    THE CLERK:  All rise.  This court is now in session.

2  The Honorable Thomas J. Tucker is presiding.  You may be

3  seated.  The Court calls the case of the City of Detroit,

4  Michigan, Case Number 13-53846.

5    THE COURT:  All right.  Good afternoon to everyone.

6  Let's have entries of appearance for this matter starting

7  with the city's counsel.

8    MR. KILPATRICK:  Good afternoon, your Honor.

9  Richardo Kilpatrick appearing on behalf of the City of

10  Detroit Water and Sewerage Department, DWSD.

11    THE COURT:  All right.  Good afternoon.

12    MS. SPICER:  Good afternoon.  Kim Spicer, City of

13  Detroit, DWSD.

14    THE COURT:  All right.  So good afternoon.  This is

15  a further hearing, as you both know, on the objection that

16  was filed by the Detroit Water and Sewer Department to the

17  claim filed by Mr. Spicer.  The matter number or docket

18  number is 8990.  It's Claim Number 3451 of Mr. Spicer.  We

19  had a hearing, as you'll recall, back on April 8, I believe

20  it was, initial hearing on this claim objection.  The Court

21  ordered some further briefing, a couple of rounds of it

22  actually, and that has occurred, and I have reviewed the

23  briefs and responses and various things filed after the April

24  8 hearing regarding this claim objection.  So let me begin by

25  calling on Mr. Kilpatrick.  What would you like to say?

1      MR. KILPATRICK:  Well, initially, your Honor, I'd

2  like to thank the Court for adjourning this matter over from

3  the prior date.  I apologize.  It was misdocketed by my

4  office, and I apologize to Mr. Spicer for any inconvenience

5  it may have occasioned as well.  I have nothing to add to the

6  briefing -- in addition to the supplemental briefing that was

7  done as requested by the Court in the April -- after the

8  April 8th hearing and then subsequently at the beginning of

9  June.  I think that the papers adequately set forth the

10  position of the department.

11      The last thing I would like to note is that even

12  though this matter has been pending before the Court, no

13  action has been taken by Mr. Spicer to date to further or

14  perfect this claim.  At minimum, we need a date certain for

15  him to do whatever he's going to do to liquidate the claim so

16  that there's some certainty before the distribution that's

17  going to be made from the pool of funds which is currently

18  being held for unsecured creditors as part of the plan of

19  adjustment.

20      THE COURT:  Well, I guess I'd like to get some

21  clarification from you at this point of exactly what it is

22  you're asking the Court to do with respect to your claim

23  objection at this point.  You saw, I'm sure -- I assume that

24  you saw what happened with the city's objection to the claim

25  of Richard Hall and the hearing -- the last hearing we had on

1  that and the settlement or the resolution of the claim

2  objection with Mr. Hall.  I assume you saw those things.

3  You've not chosen to go down that path, and that's fine.

4  There's no reason you need to in terms of settling this

5  matter with Mr. Spicer in a similar way, but the issues

6  there -- some of the issues were similar involving the claim

7  of Mr. Hall.  But with respect to your objection to the claim

8  of Mr. Spicer here, as I recall from the April 8 hearing, you

9  agreed during that hearing, I think correctly so, that your

10  argument about timeliness -- the argument that you make that

11  Mr. Spicer has failed to file a lawsuit within the required

12  90 days after getting a right to sue letter from the EOC

13  essentially means that his claim is time-barred.  And I think

14  you acknowledged in the April 8 hearing that would apply only

15  to any federal claims, discrimination claims, a Title VII

16  claim, and not to any state law claims that Mr. Spicer may

17  have filed or want to pursue under Michigan's Elliott-Larsen

18  Act or Michigan law, so if I'm recalling right, we have that

19  sort of point that even if all your other arguments are well-

20  taken, Mr. Spicer still has -- is not going to be barred by a

21  favorable outcome on your claim objection from pursuing

22  his -- filing suit on his Elliott-Larsen Act claim or claims

23  to the extent he contends that he has any, so this wouldn't

24  fully resolve the claim objection -- or the claim, in any

25  event, necessarily.  And you mentioned just a minute ago that

1    at a minimum you need a date certain for Mr. Spicer to do

2    whatever he's going to do.  I assume that if the -- what the

3    city is looking -- or what the department is looking for here

4    is -- among other things maybe, is some date certain by which

5    Mr. Spicer must file a lawsuit in an appropriate

6    nonbankruptcy court on whatever discrimination claims he

7    wants to pursue, and -- for the purpose of liquidating those

8    claims, and your position is that as we sit here today even

9    that Mr. Spicer is not barred by the -- not by the automatic

10   stay in the case but also not by the discharge injunction or

11   the -- that's in the confirmed plan or in the statute from

12   filing such a suit for the purpose of liquidating the claim

13   only, not for the purpose of trying to enforce it against

14   property of the city if he gets a judgment.  So what exactly

15   is it you want the Court to do today on this?

16           MR. KILPATRICK:  I would like disallowance of the

17   $200,000-plus claim because it is not based upon anything in

18   reality.  I would suggest to the Court a practical resolution

19   to this issue, that being to set a date certain for Mr.

20   Spicer to do whatever he's going to do so that we can come up

21   with an ascertainable amount, I mean with some certainty, of

22   what his entitlement is to participate in the pool of -- the

23   distribution from the estate.

24           THE COURT:  Well --

25           MR. KILPATRICK:  We are also resolving many issues

1    with AFSCME and a number of other employees, and if he wants

2    to participate in that with Mr. Schwartz, that would be fine

3    as well.

4         THE COURT:  Well, let me hand you and Mr. -- for you

5    and Mr. Spicer a copy of this to -- I'll be sure that you're

6    both looking at the same thing when I ask you about this.

7    This is a copy I'm giving to each of you that I printed up of

8    the stipulation and the resulting order that was entered in

9    July regarding the claim of Richard Hall and how that matter

10   was -- the timeliness issue in that matter was resolved, and

11   it's not exactly the same situation.  I understand that.  But

12   in terms of this date certain point that you're making, is

13   this the kind of thing you want the Court to order; that is,

14   to rule that Mr. Spicer may file in an appropriate

15   nonbankruptcy court any lawsuit in order to liquidate his

16   claim -- his discrimination retaliation claim that's in his

17   proof of claim and then setting a deadline, whether it's 45

18   days or 30 days or whatever it may be, for him to do so or

19   the consequence would be that his claim will be deemed time-

20   barred with respect to the federal claims and perhaps even

21   disallowed as to all the claims?  Is that the idea?

22         MR. KILPATRICK:  Yes, it is, your Honor.

23         THE COURT:  So when you -- you said a minute ago you

24   want disallowance of his claim because the 200,000-plus

25   amount of his claim doesn't have any basis in reality.

1  That's really for -- to be determined in this process by

2  which his claim is going to be liquidated through litigation,

3  I guess, isn't it, unless it's settled by the parties?

4         MR. KILPATRICK:  That's correct, your Honor.

5         THE COURT:  Is that the idea?  Okay.  All right.

6         MR. KILPATRICK:  But in any event, I don't want

7  allowance of that claim as for participation purposes in the

8  distributions.

9         THE COURT:  Sure.  Yeah.  And I guess --

10        MR. KILPATRICK:  Those distributions are in

11 prospects at the beginning of next year, so, again, for all

12 purposes, I don't want that to be allowed at this point until

13 there is a determination of the actual amounts.

14        THE COURT:  Sure.  Well, okay.  So what would you --

15 what would you ask that I set as a date certain for Mr.

16 Spicer to file his lawsuit for this purpose?

17        MR. KILPATRICK:  Forty --

18        THE COURT:  How much time do you want me to -- I can

19 ask him what he wants, but how much time do you want me to

20 give him?

21        MR. KILPATRICK:  Forty-five days, your Honor.

22        THE COURT:  Forty-five?  So that's the amount of

23 time Mr. Hall got in this order that I handed you both.

24 Well, let me hear from Mr. Spicer for a moment about all

25 this.  Mr. Spicer, basically the situation is you have

1    this -- based on what -- as I understand it now at this point
2    is you have -- you filed this proof of claim in the
3    bankruptcy case.  The department has objected to it.  The
4    procedure by which you need to -- you and the department need
5    to litigate the claim in order -- we call it liquidating the
6    claim; that is, to reduce it to a judgment.  If you can't
7    agree on a settlement of the claim between you and the
8    department, you have to litigate it for the purpose of
9    resolving, you know, who's right and how much -- and how much
10   the claim is, so the idea is you would have to file a lawsuit
11   in an appropriate nonbankruptcy court on your discrimination
12   claim for the purpose of obtaining a determination -- a
13   judicial determination in that lawsuit -- a judgment
14   determining whether your claim is valid and, if so, the
15   amount of your claim.  And once you have done that, then your
16   claim would be allowed in the bankruptcy case in whatever
17   amount that nonbankruptcy court litigation determined the
18   claim was valid in.  If that litigation determines that the
19   claim is not valid and you lose completely, then your claim
20   would be disallowed in its entirety here, so that's the idea.
21   There has to be a place and a process for you and the
22   department to litigate this claim for purposes of fixing the
23   claim.  Is it a valid claim or isn't it, and, if so, what's
24   the amount by which the claim would be allowed?  And if you
25   get your claim allowed in a specific amount, some specific

1   amount, at some point through that process, then it would be

2   allowed in that amount in your bankruptcy case, and you would

3   get a distribution, according to the confirmed plan, pro rata

4   along with everybody else in your class, which I think is

5   Class 14, based on the allowed amount of your claim compared

6   to the allowed amount of all the other allowed claims.

7          Now, I know you're not represented by an attorney at

8   least in this bankruptcy case, and I don't know if you've

9   taken advantage of an opportunity you've had for many months

10  now to get some legal advice from an attorney about all this,

11  but I want to give you an opportunity to speak and say what

12  you would like to say here.  I am inclined to enter an order

13  of the type that Mr. Kilpatrick has described in the hearing

14  today, not one that disallows your claim at this point or

15  allows it but, rather, one that sets the process and a

16  deadline for you to file a lawsuit to get this claim

17  litigated, so what do you want to say about this?

18         MR. SPICER:  Well, all I can say is I got paperwork

19  saying that it was going to go to the ADR process.  Other

20  claimants have gotten their okay for ADR process.  Even in

21  counsel's objection he writes that Mr. Schwartz and the City

22  of Detroit purposely didn't send me one, so I don't know how

23  it works, but if that's how it has to go, that's how it has

24  to go.  I was inclined that -- to believe that legally and

25  morally and most of all ethically that they would have -- by

1  the attorney that they would have contacted me about these
2  situations, which they failed to do so, and it's in his own
3  write-up that they did fail to do so.
4          THE COURT:  Well, I think what you're saying is that
5  when this ADR process went forward, you weren't given notice
6  of the ADR evaluation hearing --
7          MR. SPICER:  Yes.
8          THE COURT:  -- so you didn't attend because you
9  didn't know about it --
10         MR. SPICER:  The date.
11         THE COURT:  -- I assume is what you're saying.
12         MR. SPICER:  Right.
13         THE COURT:  And the process went ahead without your
14 input, and you would have liked to have been there and
15 participated in that.  Are you saying that you want some sort
16 of ADR process to go forward on your claim now that would
17 include your participation?
18         MR. SPICER:  Yes.  Yes, sir, I do, because it was
19 omitted by counsel.  Like I said.  It's in his paperwork that
20 they omitted to notify me of any of these processes.
21         THE COURT:  All right.  Now, let's assume that
22 happens.  And I'm going to ask Mr. Kilpatrick if he -- what
23 he thinks about that, doing that again now essentially, but
24 assuming either that doesn't happen or it happens and you
25 don't settle, you're going to have to file a lawsuit --

1      MR. SPICER: Yes, sir.

2      THE COURT: -- against the city in order to

3 liquidate the amount of the claim, as I said, unless at some

4 point you and the department reach a settlement -- an agreed

5 settlement that would settle the amount of the claim --

6      MR. SPICER: Yes, sir.

7      THE COURT: -- to be allowed. So you're going to --

8 you may have to at some point file suit, and it may be fairly

9 soon, file a lawsuit. Whether you do that with the help of

10 an attorney or not is going to be up to you. You have a

11 right, of course, to hire any attorney of your choosing to

12 represent you not only in this bankruptcy case but in filing

13 such a lawsuit -- a discrimination lawsuit, but you also have

14 a right to do that without an attorney. It's going to be up

15 to you how you do that. All right. Anything else you want

16 to say before I ask further questions of Mr. Kilpatrick?

17      MR. SPICER: No, sir, your Honor.

18      THE COURT: Mr. Kilpatrick, what about this ADR

19 process? I hear Mr. Spicer saying he'd like to go through

20 that and participate in it. Is that something that's

21 possible at this point, feasible, worth doing?

22      MR. KILPATRICK: Your Honor, I don't think that it's

23 feasible at this point, and I really don't have authorization

24 from the department to agree to that type of resolution. I

25 know that Mr. Schwartz is in the process, again, of

1  negotiating with various parties.  There were a number of

2  claims that weren't addressed as part of the plan that belong

3  specifically to the department, and he's trying to liquidate

4  those claims.  I can -- I'm willing to find out if the

5  department is willing to include this claim as part of that

6  claims resolution process, but, again, I cannot agree to and

7  I don't think that it's practical to do the ADR.

8          THE COURT:  This claims resolution process that's

9  going on now, is that something different than the ADR

10 procedures under the ADR order?

11         MR. KILPATRICK:  Yes, it is.  Yes, it is.

12         THE COURT:  Okay.

13         MR. KILPATRICK:  It's actually a sort of mediation

14 facilitation type process just to work through the claims

15 quickly.  People know that they're going to get pennies on a

16 dollar, and rather than waste more money, people are taking

17 very practical -- and as you see, I'm taking a very practical

18 approach to this rather than making legal arguments today.

19 Let's set a time certain.  Let's get it moving so that

20 whatever small amount is paid out of the pool is paid and get

21 the claim allowed.  That's what Mr. Schwartz is doing.

22 Again, I will make the inquiry and encourage both Mr. Spicer

23 and Mr. Schwartz to work together to come to -- to have

24 whoever is working with him to facilitate those claims

25 facilitate this one as well, but I --

1    THE COURT:  I guess the idea is -- perhaps what

2  you're -- part of what you're thinking is if we just -- if I

3  just enter an order today that requires Mr. Spicer to file

4  suit within 30 -- within 45 days, as you've suggested, you

5  still have the question, well, if he files suit or even

6  before he has to file suit, what are the parties going to do

7  to try to talk to each other to try to resolve this without a

8  lot of litigation expense?  And you're saying that sort of

9  consideration will happen whether the Court orders some sort

10  of mediation or ADR process now or doesn't --

11    MR. KILPATRICK:  Correct.

12    THE COURT:  -- right?  And so you're suggesting that

13  the Court should just leave that piece of it alone and at

14  this point just order this 45-day deadline for filing suit.

15    MR. KILPATRICK:  That's correct.

16    THE COURT:  Is that the idea?

17    MR. KILPATRICK:  That's correct, your Honor.

18    THE COURT:  So I'm just kind of looking at this

19  order involving Richard Hall as a sort of blueprint for the

20  kind of order that you're suggesting today.  Again, it's not

21  exactly the same, but should we follow that pattern, or would

22  you want to say something different in the order other

23  than -- I mean you've got, for example, in this Richard Hall

24  order, which, for the record, is on the file -- in the file

25  at Docket Number 10102 in this case -- I guess would you want

1  this pattern, paragraphs one through three, something like

2  this or parallel to this said regarding Mr. Spicer's claim?

3  MR. KILPATRICK: Paragraph one is sort of difficult.

4  I would like it to read that the Court is going to hold its

5  ruling in abeyance pending actions to be brought by Mr.

6  Spicer.

7  THE COURT: So hold it in abeyance?

8  MR. KILPATRICK: Yes.

9  THE COURT: You mean what? Set it -- see, if you

10  want to keep it pending, I guess the -- I would -- instead of

11  just adjourning it without date, I would want to adjourn it

12  to a date specific. It can be one --

13  MR. KILPATRICK: In six months. Six months.

14  THE COURT: -- quite a way down the road, but we

15  could do that rather than withdraw it at this point if that's

16  what you're saying.

17  MR. KILPATRICK: That's correct, your Honor.

18  THE COURT: So something like adjourn it for further

19  hearing to be held -- you said six months.

20  MR. KILPATRICK: Yes.

21  THE COURT: So something like that for the paragraph

22  one concept. What about two and three?

23  MR. KILPATRICK: Two I cannot agree to. Whatever

24  the time limits are that exist are the time limits that

25  exist, and if they've expired, they've expired. I do not

1  have authority from the client to waive any applicable

2  statutes of limitation because, in essence, what that would

3  do would give the ability to, once again, visit the Title VII

4  action.  If, indeed, those have expired, those -- again, Mr.

5  Spicer was aware as of April that we had an argument, and the

6  Court sua sponte raised the issue of 108(c) which gave

7  additional time to bring that action even while this was

8  pending.  I simply am without authority.  I can check with

9  the client, but -- to see if they would be willing to do

10 that.

11        THE COURT:  Well, where do you want the Title VII

12 federal discrimination claims statute of limitations issue to

13 be litigated?  You don't want that litigated in this court?

14 You want to litigate that in some state court?  And is that

15 going to be a problem for the state court saying, "Well, hey,

16 you know, this is bound up in the effect of -- I mean this

17 ought to be decided by the bankruptcy judge," is what that

18 judge is going to say --

19        MR. KILPATRICK:  Well --

20        THE COURT:  -- right?

21        MR. KILPATRICK:  Why don't we reserve the issue if

22 there is a -- I think that any action that should -- that

23 would be brought would be brought under the Elliott-Larsen

24 Act in state court.  Reserve the issue of the Title VII

25 action until the adjourned date for the hearing on this claim

1   objection.

2           THE COURT:  So the debtor would go forward only on

3   an Elliott-Larsen Act claim in litigation and --

4           MR. KILPATRICK:  Or if he wants to file -- if he

5   wants to file suit here on the Title VII action, that'll be

6   fine.  Again, I don't have -- again, I'm without authority.

7   I'm without authority to waive statutes of limitation, and

8   that's something that I would have to get client consent on.

9   Otherwise I'd be in trouble.

10          THE COURT:  Well, it seems to me this Court needs to

11  decide --

12          MR. KILPATRICK:  The Title VII action?

13          THE COURT:  -- the statute of limitations issues

14  that you have argued in your briefs --

15          MR. KILPATRICK:  That's correct.

16          THE COURT:  -- because they are bound up and

17  affected by issues of federal bankruptcy law and federal law,

18  including the federal law regarding tolling that may come up

19  that I was going to ask you about if this went forward on a

20  disputed basis today not too much unlike what -- the

21  discussion I had with Mr. Simon when he was representing the

22  city in the last hearing that we had on the objection to the

23  city's claim -- the city's objection to claim of Richard

24  Hall.  I don't know if you've read the transcript of that

25  hearing or not, but it was -- some of the same questions or

1    issues arise.  It's a little different in this matter.  I
2    understand that.  You've got an argument that Mr. Simon did
3    not have in the Richard Hall matter that you're making as to
4    why you think the discharge injunction under the confirmed
5    plan under the statute was modified to permit Mr. Spicer here
6    to file his Title VII claim long ago, and he hasn't done it.
7    In the Hall situation the city didn't really have an
8    argument.  They weren't making an argument to that effect
9    because I think Hall had not gone through this ADR procedure,
10   which is sort of the basis for you arguing about this
11   discharge injunction here, but it seems to me this Court
12   needs to decide that issue rather than some nonbankruptcy
13   court, so -- if it's to be ruled on rather than resolved by
14   some sort of agreement here between the parties, so I guess
15   perhaps what that means is that you can see whether you or
16   your client wants to waive that argument and that issue or
17   not, and if they don't, then we'll tee it up, and I'll rule
18   on it.  Perhaps you should see about that -- have a chance to
19   see about that before we tee it up and I rule on it rather
20   than trying to do that today, but I don't know.  Did you want
21   to say anything else about that piece of this?
22          MR. KILPATRICK:  No.  No, your Honor.  Again, that's
23   one part that I do have to get client consent on, and I
24   will --
25          THE COURT:  All right.

1    MR. KILPATRICK:  And I'm aware of the Hall

2  proceeding and the discussions, and I will share those with

3  the client as well.

4    THE COURT:  Okay.  As I said, there's a transcript

5  even of the hearing -- the last hearing I had with -- on the

6  Hall matter in July on file, and I didn't get to the point of

7  ruling.  I think I was going to rule on the Hall matter in a

8  bench opinion on August 5, but before we got to that, the

9  stipulation was entered and the order was entered resolving

10  the Hall piece of -- issues, so I didn't rule on that issue.

11  Well, and then I assumed you would like something like

12  paragraph three in the Hall order put in any order that's --

13  regarding Mr. Spicer.

14    MR. KILPATRICK:  Correct.

15    THE COURT:  Well, so is this something that I should

16  give you an opportunity to talk to your client about and you

17  and Mr. Spicer to talk about, see if you can work out an

18  agreed order on this?

19    MR. KILPATRICK:  Yes, your Honor.  I think that

20  would probably be the best thing.

21    THE COURT:  You know, I don't like to keep --

22    MR. KILPATRICK:  I don't --

23    THE COURT:  -- dragging this out, but, you know, we

24  might be on the verge of some sort of --

25    MR. KILPATRICK:  Resolution.

1        THE COURT:  -- agreed resolution of this -- of where
2   this should go exactly.  Well, so I think I'll do that.  How
3   much time?  That means I'm going to have to set an
4   adjourned -- another adjourned -- or a further hearing on
5   this.
6        MR. KILPATRICK:  My October is horrible.  I'm at the
7   Advisory Committee on Bankruptcy Rules, the National
8   Bankruptcy Conference, and three meetings in Washington in
9   October.  The next time I'm back will be the beginning of
10  November.
11       THE COURT:  Well, although you can see if you can
12  get this resolved much sooner than that, of course.
13       MR. KILPATRICK:  I'm going to try to.  I'm going to
14  try to resolve it as we walk out of here.
15       THE COURT:  Okay.  Subject to you getting authority
16  from your client; right?
17       MR. KILPATRICK:  That's correct, your Honor.
18       THE COURT:  Well, if I even try to adjourn it a
19  week, you'd probably be at the NCBJ meeting next Wednesday.
20       MR. KILPATRICK:  The NCBJ and then the Federal Rules
21  Committee.  The Advisory Committee on Bankruptcy Rules meets
22  the end of next week.
23       THE COURT:  So the 30th, a week from today, you're
24  not available?
25       MR. KILPATRICK:  I'm not, your Honor.

1      THE COURT:  No.  All right.  So then you're saying

2  you jump in -- we jump into November?

3      MR. KILPATRICK:  Please.

4      THE COURT:  November 4 is the first Wednesday in

5  November.  Are you available that day for a hearing at -- I

6  guess we would make this 1:30 p.m. on -- well, actually, we'd

7  need to make this later in the day for Mr. Spicer's benefit

8  probably again for another 4:30 deal.

9      MR. KILPATRICK:  Your Honor, I'm the chair of the

10  Merit Selection Committee, and those are the days for our

11  interviews, the 3rd and the 4th.

12      THE COURT:  Oh, okay.  The 11th is the next

13  Wednesday.  That's the Veterans Day holiday, so there's no

14  court that day.  The 18th at 1:30 --

15      MR. KILPATRICK:  That would be fine.

16      THE COURT:  -- of November?

17      MR. KILPATRICK:  That would be fine, your Honor.

18      THE COURT:  At 4:30, rather.  I'm sorry.  4:30.  Mr.

19  Spicer, you heard the discussion.  I'm going to set a further

20  hearing date but with the hope that you and Mr. Kilpatrick

21  and his client will be able to work out a resolution that

22  will make it unnecessary for you to come back for this

23  further hearing, but in case you're not able -- the parties

24  are not able to do that, then we're going to need to have a

25  further hearing.  I've suggested November 18 at -- if you

1  still need a late in the afternoon time like we did today --

2          MR. SPICER:  I would, your Honor.

3          THE COURT:  -- because of your work schedule, I can

4  do that.  We can make it 4:30 p.m. again.  Does that work?

5          MR. SPICER:  Yes, sir.

6          THE COURT:  So if a further hearing does have to go

7  forward, you can make it on November 18 at 4:30?

8          MR. SPICER:  Yes, sir.

9          THE COURT:  All right.  We'll do that November 18 at

10  4:30, but, you know, again, with the hope that the parties

11  can reach a resolution -- an agreed resolution as to exactly

12  how they're going to go forward to liquidate this claim, so

13  is there anything else that we need to talk about today then

14  on this, Mr. Kilpatrick?

15          MR. KILPATRICK:  No, your Honor.

16          THE COURT:  Mr. Spicer, did you want to say anything

17  further?

18          MR. SPICER:  No, sir, your Honor.

19          THE COURT:  All right.  Well, I will -- we'll do

20  that.  We'll proceed on this basis, and, you know, if the

21  parties can reach an agreement to whatever extent, you'll

22  file a stipulation and submit an order as soon as possible,

23  and I'll --

24          MR. KILPATRICK:  I will work to get --

25          THE COURT:  -- be happy to look at it.

1          MR. KILPATRICK:  I'll work to get this resolved,

2    your Honor.

3          THE COURT:  Great.  Okay.  Well, thank you.  Thank

4    you both.

5          MR. SPICER:  Thank you.

6          MR. KILPATRICK:  Thank you, your Honor.

7          THE COURT:  All rise.  Court is adjourned.

8       (Proceedings concluded at 4:59 p.m.)

INDEX


<u>WITNESSES:</u>

    None

<u>EXHIBITS:</u>

    None


       I certify that the foregoing is a correct transcript from the sound recording of the proceedings in the above-entitled matter.


/s/ Lois Garrett          September 28, 2015
_____      _____
Lois Garrett