## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## THE CITY OF DETROIT'S OBJECTION TO
## CLAIM NO. 1632 FILED BY YVETTE SPENCER

The City of Detroit ("Detroit"), by its undersigned counsel, files this Objection to Claim No. 1632 Filed by Yvette Spencer ("Objection"). In support of this Objection, the City states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

2.      On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court, commencing the largest chapter 9 bankruptcy case in history.

3.      On November 12, 2013, the City filed its Motion of Debtor Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims [Doc No. 1665] ("ADR Procedures Motion"). On December 24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc. No. 2302] ("ADR Order").

4.      The Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1 to the ADR Order permitted the City to serve on claimants a

notice that the Stay/Injunction is lifted to permit the underlying claim to be liquidated in a non-bankruptcy forum consistent with the terms, conditions and limitations of Section II.E. below (a "Stay Modification Notice").  In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction shall be deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum…

ADR Procedures, Section I.B, p. 4.

5.      On or about February 20, 2014, Yvette Spencer ("Spencer") filed claim number 1632 ("Claim") asserting a $300,000 claim due to a "personal injury."  The Claim is attached as Exhibit 2.

6.      On September 22, 2014, pursuant to the ADR Order and ADR Procedures, the City filed and served a Stay Modification Notice on Spencer [Doc. No. 7627] ("Stay Modification Notice").  The Stay Modification Notice is attached as Exhibit 3.  The first sentence of the Stay Modification Notice explains that "By this Stay Modification Notice, the City of Detroit ("the City") hereby provides notice that it has elected to permit the liquidation in a non-bankruptcy forum of the above-identified proof of claim…"  Stay Modification Notice at 2.  The Stay Modification further explains that

(a) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court ("the Stay");  or  (b)  any  similar  injunction  (together  with  the  Stay,  the "Stay/Injunction") that may be imposed upon the confirmation or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "Chapter 9 Plan") is deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.

Stay Modification Notice at 2.

7.      Finally, the Stay Modification Notice states in bold print  "**Note that, if you do not promptly proceed with the prosecution of the Claim in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum**

**or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim.**" Stay Modification Notice at 3 (emphasis supplied).

8.     On October 22, 2014, the City filed the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014) [Doc. No. 8045] ("Plan").  On November 12, 2014, this Court entered an order confirming the Plan [Doc. No. 8272] ("Confirmation Order"). The Effective Date of the Plan occurred on December 10, 2014. [Doc. No. 8649].

9.     On September 18, 2015, Spencer filed a complaint ("Complaint") against the City in Wayne County Circuit Court, case number 15-012135 ("State Court Lawsuit").  The Complaint is attached as Exhibit 4. The Complaint alleges that "on or about the 9th day of June, 2012, the Plaintiff was walking on the sidewalk in front of the residence located at 12714 Mendota in the City of Detroit when she fell due to the cracked, broken, uneven, raised, split pavement/asphalt/concrete/pothole on the sidewalk…" Complaint ¶ 4. The Complaint alleges that the City is liable for damages due to the fall.  Complaint ¶¶ 5-9.

## ARGUMENT

10.     The Claim should be disallowed and expunged because there is no basis for liability on the part of the City as Spencer failed to file the State Court Lawsuit until after the statute of limitations had run.   Further, the Court should order that the State Court Lawsuit be dismissed with prejudice.

11.     MCL 691.1402a[1] provides the legal basis for the claim alleged in the complaint. The statute of limitation for claims under MCL 691.1402a is 2 years.  MCL 691.1411(2).

---

[1] (1) A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair.

(2) A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal
*Continued on next page.*

12.     Had the City not filed for bankruptcy, the statute of limitations on Spencer's claim would have expired on June 9, 2014, because Spencer alleges that the incident occurred on June 9, 2012.  Complaint ¶ 4.  The automatic stay in the City's bankruptcy case was still in effect on June 9, 2014, however.   The statute of limitations thus expired "30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 of this title, as the case may be, with respect to such claim." Bankruptcy Code § 108(c)(2).  Here, through the Stay Modification Notice, the City terminated the automatic stay with respect to the Claim on September 22, 2014.  As a result, Spencer had until October 22, 2014, to file a complaint against the City.[2]  Spencer did not file the State Court Lawsuit until nearly a year later, in September 2015. Consequently, the Claim must be disallowed and expunged because it is barred by the

---

*Continued from previous page.*

corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk.

(3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:

(a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

(b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity.

(4) Whether a presumption under subsection (3) has been rebutted is a question of law for the court.

(5) A municipal corporation's liability under subsection (1) is limited by section 81131 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.81131.

[2] The filing of a bankruptcy proof of claim is not equivalent to the filing of a complaint against the City. *See Easley v. Pettibone Mich. Corp.*, 990 F.2d 905 (6th Cir. 1993).  The filing of a bankruptcy proof of claim does not constitute "commencement of an action" and thus does not prevent the running of the statute of limitations on the underlying claim. *Id.* at 912. *See also Linders v. MN Airlines, LLC*, No. 05-1489, 2006 WL 167611 at *2 (Bankr. E.D. Mo. Jan. 23, 2006) (filing a proof of claim does not toll the statute of limitations); *In re C & G Excavating, Inc.*, 217 B.R. 64, 66, *aff'd Rhodes v. C&G Excavating, Inc.*, No. 98-6274, 1999 WL 820204 (E.D. Pa. 1999) (finding that the statute of limitations was not satisfied by filing a proof of claim in bankruptcy).

statute of limitations and is unenforceable against the City. Further, the State Court Lawsuit must be dismissed with prejudice.

### RESERVATION OF RIGHTS

13.     The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to the Court's interference with (a) any of the political or governmental powers of the City, (b) of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

14.     The City expressly reserves the right to amend, modify, or supplement this Objection. Should the Court dismiss or overrule one or more grounds of objection stated in this Objection, the City reserves its right to object to the Claim on other procedural and substantive grounds, and on the merits of the underlying claim. The City also expressly reserves any and all rights, claims, defenses and objections it may have against Spencer in the State Court Lawsuit.

### NOTICE

15.     The City has provided notice of this Objection to Spencer's attorney, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

### NO PRIOR REQUEST

16.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order in substantially the same form as the one attached as Exhibit 1, granting the relief requested in this Objection and further relief as this Court may deem just and proper.

Dated: October 27, 2015

CITY OF DETROIT LAW DEPARTMENT

By: /s/ Charles N. Raimi
Charles N. Raimi (P29746)
Eric Gaabo (P39213)
Mary Beth Cobb (P40080)

Attorneys for the City of Detroit
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Co-Counsel for the City of Detroit

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF THE CITY OF DETROIT'S OBJECTION TO CLAIM NO. 1632 FILED BY YVETTE SPENCER

**PLEASE TAKE NOTICE THAT** the City of Detroit ("City") has filed an objection to claim number 1632 ("Claim") filed by Yvette Spencer because there is no basis for liability on the part of the City as it is barred by the applicable statute of limitations ("Objection").

If you do not want the court to change your claim, or grant the relief requested in the Objection, then on or before November 25, 2015, you or your lawyer must:

1.       File with the court, at the address below, a written response to the objection. Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

2.       A copy of your response must also be mailed to counsel for the City:

Marc N. Swanson
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson Ave., Ste. 2500
Detroit, MI 48226

3.      You must also attend the hearing on the objection scheduled to be held on

**December 2, 2015** at 1:30 p.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 28226

unless your attendance is excused by mutual agreement between yourself and the objector's

attorney.

**If you or your attorney do not take these steps, the court may decide that you do not**

**oppose the objection to your claim, in which event the hearing will be canceled and the**

**objection sustained.**

Dated: October 27, 2015

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.


By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

**EXHIBIT 1 -- PROPOSED ORDER**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER GRANTING THE CITY OF DETROIT'S OBJECTION TO CLAIM NO. 1632 FILED BY YVETTE SPENCER

Upon the City of Detroit's Objection to Claim No. 1632 Filed by Yvette Spencer ("Objection") seeking entry of an order disallowing Claim No. 1632, and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and a hearing on the Objection having been held before the Court; and any objections to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore; it is hereby

ORDERED, DECREED AND ADJUDGED that:

1. The Objection is granted.

2. Claim No. 1632 is hereby disallowed and expunged, pursuant to section 502(b)(1) of the Bankruptcy Code.

3.	Within five days of the entry of this Order, Yvette Spencer shall dismiss, or cause to be dismissed, with prejudice, Case No. 15-012135 filed with the Wayne County Circuit Court, Michigan, and captioned *Yvette Spencer, Plaintiff vs. The City of Detroit, a municipal corporation*, *Defendant*.

4.	The City's claims agent is hereby authorized to updated the claims register to reflect the relief granted in this order.

5.	The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Objection.

6.	Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Federal Rule of Bankruptcy Procedure 3007(a) and the local rules of the Court are satisfied by such notice.

**EXHIBIT 2 – CLAIM**



Claim #1632 Date Filed: 2/20/2014

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | **FILED** CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

Name of Debtor: **City of Detroit, Michigan** | Case Number: **13-53846**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Spencer, Yvette**

**FEB 20 2014**

Name and address where notices should be sent:
**ROMANO LAW, PLLC**
**23880 WOODWARD AVE**
**PLEASANT RIDGE MI 48069**
Telephone number: **248-750-0270** email:

COURT USE ONLY
☐ Check this box if this claim amends a previously filed claim. Eastern District

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):



Telephone number: _____ email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

**1. Amount of Claim as of Date Case Filed:** $ **300,000.00**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**FEB 24 2014**

KURTZMAN CARSON CONSULTANTS

**2. Basis for Claim:** **Personal Injury**
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** _____ | **3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Basis for perfection: _____

Value of Property: $ _____

Amount of Secured Claim: $ _____

Annual Interest Rate (when case was filed) _____ % ☐ Fixed or ☐ Variable

Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** | $ _____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** _____ | $ _____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted".) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☐ I am the creditor. ☒ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **DANIEL ROMANO**
Title: **OWNER**
Company: **ROMANO LAW PLLC**
Address and telephone number (if different from notice address above):

(Signature) _____ (Date) **2/19/14**

Telephone number: **(248) 750 0270** email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for u



1353846140220000000000365

# <span></span>ROMANO LAW

"JUSTICE IS OUR BUSINESS"

**Daniel G. Romano**
23800-23880 Woodward Avenue
Pleasant Ridge, MI 48069
P(248) 750-0270 F(248) 936-2105
www.danielromanolaw.com

| | | |
|---|---|---|
| Christina D. Davis | David G. Blake | Eric Stempien |
| Katrina A. Murrel | Lauren N. Brezenski | Matthew Nikkila |
| Stanley I. Okoli | Mark E. Sisson | Trevor J. Zamborsky |

February 19, 2014

United States Bankruptcy Court
Eastern District of Michigan
211 W Fort St
Detroit, MI 48226

### In Re: City of Detroit Case Number 13-53846

To whom it may concern:

    This instant claim against the city of Detroit was in pre-litigation status with our firm at the time of the city's claim for bankruptcy. Therefore, no supporting documentation can be provided at this time.

    If you have any questions, comments, or need any further assistance, please do not hesitate to contact the office at 248-750-0270.

        Thank you for your attention in this matter.

**EXHIBIT 3 – STAY MODIFICATION NOTICE**

```
-------------------------------------------------  x
                                                   :
In re                                              :        Chapter 9
                                                   :
CITY OF DETROIT, MICHIGAN,                          :        Case No. 13-53846
                                                   :
                              Debtor.              :        Hon. Steven W. Rhodes
                                                   :
------------------------------------------------   :
                                                   x
```

## STAY MODIFICATION NOTICE

| | |
|---|---|
| Date Proof of Claim Filed: | 2/20/2014 |
| Designated Claimant: | Yvette Spencer |
| Address: | c/o Daniel Romano<br>Romano Law, PLLC<br>23880 Woodward Avenue<br>Pleasant Ridge, MI 48069 |
| Proof of Claim Number: | 1632 |
| Caption of Any Pending Related Lawsuit: | None |
| Case Number: | None |
| Court: | None |
| Co-Defendants (if any): | None |

{K:\DOCS\LIT\GAABE\A13000\FORM\EG6534.DOC}

13-53846-tjt Doc 10287 Filed 10/27/15 Entered 10/27/15 13:24:53 Page 16 of 26
13-53846-swr Doc 7827 Filed 09/22/14 Entered 09/22/14 12:55:36 Page 1 of 2

By this Stay Modification Notice, the City of Detroit ("the City") hereby provides notice that it has elected to permit the liquidation in a non-bankruptcy forum of the above-identified proof of claim ("the Claim") in the City's case ('the Chapter 9 Case") under chapter 9 of title 11 of the United States Code ('the Bankruptcy Code"), pursuant to the procedures ('the ADR Procedures") established by the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) ('the ADR Order"), entered by the United States Bankruptcy Court for the Eastern District of Michigan ('the Bankruptcy Court") on December 24, 2013.[1]

Section I.A of the ADR Procedures provides that the City may designate any proof of claim timely filed in the Chapter 9 Case (other than certain "Excluded Claims") for liquidation pursuant to the ADR Procedures by serving an ADR Notice on the applicable claimant.  Any proof of claim designated for liquidation through the ADR Procedures is referred to as a "Designated Claim." Section I.A of the ADR Procedures further provides that certain timely filed proofs of claim (other than Excluded Claims) (collectively, 'the Initial Designated Claims") shall be deemed to be Designated Claims subject to the ADR Procedures prior to the City serving an ADR Notice on the applicable claimant.

Paragraph 9 of the ADR Order provides, however, that the City in its sole discretion (a) may elect not to send an ADR Notice to any holder of an Initial Designated Claim and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice with respect to the Initial Designated Claim. In that event, except as provided below with respect to Multi-Party Tort Claims, immediately upon the filing of the Stay Modification Notice:  (a) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court ("the Stay"); or (b) any similar injunction (together with the Stay, "the Stay/Injunction") that may be imposed upon the confirmation or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "Chapter 9 Plan") is deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.

Certain Designated Claims (each, a "Multi-Party Tort Claim") arise out of personal injury actions (a) asserted concurrently against the City and one or more current or former members of the Detroit Fire Fighters Association, the

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the ADR Order.

Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association or the Detroit Police Command Officers Association (each such member, a "Public Safety Union Member") and (b) with respect to which, the applicable Public Safety Union Member seeks related defense costs and/or an indemnification claim from the City (any such Public Safety Union Member, an "Indemnification Claimant," and any such claim, an "Indemnification Claim"). Concurrently with the filing of a Stay Modification Notice for a Multi-Party Tort Claim, the City shall serve a copy of the ADR Notice of the Public Safety Unions and on any related Indemnification Claimant known to the City. Pursuant to paragraph 9 of the ADR Order, solely in the case of Multi-Party Tort Claims, the Stay/Injunction is not deemed modified immediately upon the filing of the Stay Modification Notice. Instead, the Stay/Injunction is deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claims 35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) file a Stay Preservation Motion. If a Stay Preservation Motion is filed, then the Court will determine whether relief from the Stay/Injunction is appropriate with respect to the Multi-Party Tort Claim pursuant to the standards set forth in section 362(d) of the Bankruptcy Code. The City believes that the Claim **does not constitute** a Multi-Party Tort Claim.

Upon modification of the Stay/Injunction as a result of the filing and service of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in either: (a) the non-bankruptcy forum in which the Initial Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal or transfer of venue or other procedural relief; or (b) if the Initial Designated Claim was not pending in any forum on the Petition Date, then in the United States District Court for the Eastern District of Michigan or such other non-bankruptcy forum selected by you that (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim, (iii) has in rem jurisdiction over the property involved in the Initial Designated Claim (if applicable) and (iv) is a proper venue.

**The City has reviewed the Claim and has elected, pursuant to paragraph 9 of the ADR Procedures, to permit the liquidation of the Claim in a non-bankruptcy forum. Note that, if you do not promptly proceed with the prosecution of the Claim in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim.** A copy of this Stay Modification Notice may be filed with the non-bankruptcy court in which the Claim is to be liquidated as notice of

{K:\DOCS\LIT\GAABE\A13000\FORM\EG6534.DOC}-3-

13-53846-tjt Doc 10789 Filed 10/27/15 Entered 10/27/15 13:24:58 Page 3 of 26
13-53846-swr Doc 7827 Filed 09/22/14 Entered 09/22/14 12:59:36 Page 3 of 26

the lifting of the Stay/Injunction to permit the applicable non-bankruptcy forum to adjudicate the liquidation of the Claim for purposes of the Chapter 9 Case.

Following liquidation of the Claim, whether by settlement or final judgment, you will receive an allowed general unsecured non-priority claim against the City, in the liquidated amount of the claim, that will be treated in accordance with the terms of any Chapter 9 Plan, and not a full cash payment of the liquidated amount of the Claim. For the avoidance of doubt, pursuant to paragraph 10 of the ADR Order, all proceedings against the City (or any Indemnification Claimant) relating to the Claim following the liquidation of the Claim shall remain subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms, conditions and limitations, the ADR Procedures or the ADR Order shall be determined by the Bankruptcy Court; provided that disputes about the jurisdiction of a matter presented to a non-bankruptcy court may be determined by such court.

City of Detroit Law Department

By:      */s/ Eric B. Gaabo*
Eric B. Gaabo (P39213)
Coleman A. Young Municipal Center
2 Woodward Ave, Suite 500
Detroit, MI 48226
Phone: (313) 237-3052
E-mail: gaabe@detrotimi.gov

Dated: September 22, 2014

**PROOF OF SERVICE**

I certify that on September 22, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing and a copy of the pleading to all counsel of record through e-mail correspondence, and I also e-mailed this Stay Modification Notice to Claimant's counsel, Daniel Romano, at dromano@romanolawpllc.com, and mailed this notice to Mr. Romano at 23880 Woodward Avenue, Pleasant Ridge, MI 48069.

/s/ *Eric B. Gaabo*
Eric B. Gaabo (P39213)

**EXHIBIT 4 – COMPLAINT**

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

YVETTE SPENCER,

                Plaintiff,                Case No.: -   NO

vs.                                   Hon.

THE CITY OF DETROIT, a municipal
corporation,

                Defendant.

                                     /

DANIEL G. ROMANO (P49117)
ERIC STEMPIEN (P58703)
ROMANO LAW, P.L.L.C.
Attorney for Plaintiff
23880 Woodward Ave.
Pleasant Ridge, MI 48069
(248) 750-0270

                                     /

15-012135-NO
FILED IN MY OFFICE
WAYNE COUNTY CLERK
9/18/2015 9:41:16 AM
CATHY M. GARRETT

*THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF
THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THE COMPLAINT.*

**COMPLAINT AND JURY DEMAND**

    **NOW COMES** the above-named Plaintiff herein, YVETTE SPENCER, by and through

her attorneys, ROMANO LAW, P.L.L.C., and for her cause of action against the Defendant,

says:

    1.    That the Plaintiff Yvette Spencer is a resident of the City of Detroit, Wayne

County, Michigan.

    2.    That the Defendant is a municipal corporation existing under and by virtue of the

laws and the statutes of the State of Michigan.

1

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

3.     That at all times pertinent hereto, the Defendant, City of Detroit, has the duty to keep streets and sidewalks under its jurisdiction in reasonable repair and condition reasonably safe, fit and convenient for public travel.

4.     That on or about the 9th day of June, 2012, the Plaintiff was walking on the sidewalk in front of the residence located at 12714 Mendota in the City of Detroit when she fell due to cracked, broken, uneven, raised, split pavement/asphalt/concrete/pothole on the sidewalk; as a result of the defective and dangerous condition of said street, broken and raised which was greater than two inches the Plaintiff sustained severe, numerous and permanent injuries and damages: including injuries to her shoulder, arm, head and back.

5.     That at all times pertinent hereto, the subject street where the Plaintiff fell was under the jurisdiction of the Defendant, City of Detroit, and was not in reasonable repair and not in condition reasonably safe and fit for travel.

6.     That at all times pertinent hereto, the Defendant municipality failed to inspect the subject area, failed to warn of the dangerous and defective condition existing within the subject area, failed to properly repair the subject area, and failed to take any and all other action that would be required to keep the subject street reasonably safe and fit for travel and in reasonable repair.

7.     That the defect in the street within the improved portion of the roadway was in disrepair and the defective condition existed for a period of excess of 30 days and/or the Defendant had knowledge of same.

8.     That as a result of Defendant's breach of duties, as heretofore expressed the Plaintiff sustained serious, numerous and permanent injuries including, but not limited to a

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

2

fractured foot and/or ankle necessitating extensive medical treatment and damages including, but not limited to: pain, suffering, disability, mental anguish and lost wages and will in the future cause her pain, suffering, disability, mental anguish and lost wages.

9.     That as a result of the injuries sustained by the Plaintiff, the Plaintiff has suffered a severe loss of mobility and will be unable to engage in those activities which an individual of the Plaintiff's age is accustomed to engage in.

10.     That as a result of the injuries inflicted upon the Plaintiff, the Plaintiff has been compelled to expend large sums of money for medical care and treatment and in the future will be compelled to expend large sums of money for medical care and treatment.

11.     That the Plaintiff herein who was gainfully employed was compelled to lose time from employment and in the future will be compelled to lose time from employment and will thereby suffer a loss of employability

12.     That as a result of the injuries inflicted upon the Plaintiff, the Plaintiff has had mobility and range of motion severely restricted and will be hindered from engaging in any future occupation as a result of the aforementioned accident.

13.     That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest, costs, and attorney fees, and is otherwise within the jurisdiction of this Court.

**WHEREFORE,** the Plaintiff herein prays for a judgment in whatever amount above Twenty-Five Thousand Dollars ($25,000.00) the Plaintiff is found entitled in addition to all other statutory damages including interest, costs, and attorney fees.

3

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

## JURY DEMAND

**NOW COMES** Plaintiff, YVETTE SPENCER, by and through her attorneys, ROMANO LAW, P.L.L.C., and hereby demands trial by jury.

ROMANO LAW, P.L.L.C.

By */s/ Eric Stempien*
DANIEL G. ROMANO (P49117)
ERIC STEMPIEN (P58703)
Attorney for Plaintiff
23880 Woodward Ave.
Pleasant Ridge, MI 48069

Dated: September 18, 2015

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

4

<table>
<tr><td>STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY</td><td>SUMMONS AND COMPLAINT</td><td>CASE NO.<br>15-012135-NO<br>Hon. Susan L. Hubbard</td></tr>
</table>

2 Woodward Ave., Detroit MI 48226                              Court Telephone No. 313-224-5183

<table>
<tr><td><b>Plaintiff</b><br><br>SPENCER, YVETTE</td><td>v</td><td><b>Defendant</b><br><br>CITY OF DETROIT</td></tr>
<tr><td><b>Plaintiff's Attorney</b><br><br>Eric Stempien, P-58703<br>23880 Woodward Ave<br>Pleasant Ridge, MI 48069-1133</td><td></td><td><b>Defendant's Attorney</b><br><br>RECEIVED<br>Mail<br>SEP 21 2015<br>CITY OF DETROIT<br>LAW DEPARTMENT</td></tr>
</table>

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1.  You are being sued.
2.  **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3.  If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

<table>
<tr><td>Issued<br>9/18/2015</td><td>This summons expires<br>12/18/2015</td><td>Court clerk<br>File & Serve Tyler</td></tr>
</table>

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

<table>
<tr><td>Docket no.</td><td>Judge</td><td>Bar no.</td></tr>
</table>

**General Civil Cases**

☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

<table>
<tr><td>Docket no.</td><td>Judge</td><td>Bar no.</td></tr>
</table>

**VENUE**

<table>
<tr><td>Plaintiff(s) residence (include city, township, or village)</td><td>Defendant(s) residence (include city, township, or village)</td></tr>
<tr><td>Place where action arose or business conducted</td><td></td></tr>
</table>

9/18/15
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

      I hereby certify that on October 27, 2015, I electronically filed *The City of Detroit's Objection to Claim No. 1632 Filed by Yvette Spencer* ("Objection") with the Clerk of the Court which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this Case. The City has engaged a Noticing Agent, which will serve the Objection to its Master Service List and file a subsequent Proof of Service after it has performed the service. In addition, I hereby certify that on October 27, 2015, we have served a copy of the Objection to Yvette Spencer's attorney via First Class US Mail at the address below:

Daniel G. Romano
Romano Law, P.L.L.C.
23880 Woodward Ave.
Pleasant Ridge, MI 48069

Dated: October 27, 2015

                          MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

                          By: /s/ Marc N. Swanson
                          Marc N. Swanson (P71149)
                          150 West Jefferson, Suite 2500
                          Detroit, Michigan 48226
                          Telephone: (313) 496-7591
                          Facsimile: (313) 496-8451
                          swansonm@millercanfield.com