IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
------------------------------------------------------- x
                                                        :    Chapter 9
In re                                                   :
                                                        :    Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                              :
                                                        :    Hon. Thomas J. Tucker
                                        Debtor          :
------------------------------------------------------- x
```

### THE CITY OF DETROIT'S NINETEENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

(Satisfied Claims)

> **THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

The City of Detroit (the "City"), by and through its undersigned counsel, for its objection to claims (the "Objection") and its request for an order disallowing and expunging certain satisfied claims, substantially in the form attached hereto as Exhibit 1, respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest Chapter 9 bankruptcy case in history.

1

3. Information regarding the City's economic challenges and the events leading up to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Dkt. No. 11).

4. On December 5, 2013, this Court held that the City was eligible for relief under Chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Dkt. No. 1946).

5. On November 12, 2014, this Court entered an Order Confirming the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Dkt. 8272) (the "Plan").

6. The Plan became effective on December 10, 2014 (the "Effective Date").

7. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Dkt. No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

8. Throughout the course of the case and since the confirmation of the Plan, the City has been paying a number of parties in the ordinary course of business, including the Claims objected to herein. These parties had also filed proofs of claim on or before the Bar Date, and such claims have now been satisfied by the City through the payments the claimants have received from the City, or through other means such as contract assumption.

4846-9254-8648.1

## RELIEF REQUESTED

9. The City files this Objection pursuant to Section 502(b) of the Bankruptcy Code[1], and Rule 3007(d)(5) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), seeking entry of an order disallowing and expunging the claims set forth in <u>Exhibit 2</u> annexed hereto (the "<u>Satisfied Claims</u>") because they have been satisfied by the City during this case.

## BASIS FOR RELIEF REQUESTED

10. The City has reviewed the Satisfied Claims and submits that each Satisfied Claim is no longer valid because it has been paid in the ordinary course or otherwise satisfied during the bankruptcy case.

11. John Naglick, one of the City's Finance Directors, submits a Declaration in support of this Objection, attached as <u>Exhibit 3</u>.

12. Bankruptcy Rule 3007(d)(5) expressly allows the City to object to multiple claims in an omnibus objection if the objections are based on the grounds that the claims "have been satisfied or released during the case in accordance with the Code, applicable rules or a court order[.]" Fed. R. Bankr. P. 3007(d)(5).

13. This Court has the authority to enter an order approving this Objection. Moreover, the streamlined process afforded by an omnibus objection (in lieu of individual objections to each Satisfied Claim), as well as the elimination of these Satisfied Claims, will result in material costs savings that will inure to the benefit of the estate. Accordingly, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors. Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed hereto as Exhibit 1, disallowing claims which have been satisfied by the City.

---

[1] Section 502 is made applicable to Chapter 9 proceedings through Section 901(a) of the Bankruptcy Code.

## SEPARATE CONTESTED MATTERS

14. To the extent that a response is filed regarding any claim listed in this Objection and the City is unable to resolve the response, each one of such claims, and the objection by the City to each one of such claims asserted, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

15. The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

16. The City has provided notice of this Objection to each of the claimants identified in Exhibit 2 at each address set forth in Exhibit 2, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002. Each address reflects the address set forth by each of the claimants on its respective proof of claim. Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Objection need be given.

## NO PRIOR REQUEST

17. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: October 29, 2015

    FOLEY & LARDNER LLP

    By: /s/ *Tamar N. Dolcourt*
    John A. Simon (P61866)
    Tamar N. Dolcourt (P73425)
    500 Woodward Ave., Ste. 2700
    Detroit, MI 48226
    313.234.7100
    jsimon@foley.com
    tdolcourt@foley.com

    *Counsel for the City of Detroit, Michigan*

5
4846-9254-8648.1
13-53846-tjt    Doc 10243    Filed 10/29/15    Entered 10/29/15 15:46:44    Page 5 of 5