# EXHIBIT 6D

# Barbara Patek

| | |
|---|---|
| **From:** | Barbara Patek |
| **Sent:** | Wednesday, October 07, 2015 10:33 AM |
| **To:** | 'Swanson, Marc N.'; Green, Jonathan S. |
| **Cc:** | 'Peter Sudnick'; psudnick@sudnicklaw.com |
| **Subject:** | FW: CORRESPONDENCE RE OPEN DPLSA MATTERS - (PROPOSED CLAIM MODIFICATION AND CORRESPONDENCE RE: DPLSA CBA AND SCRIPTS GUIDE SEND FOR SETTLEMENT ONLY - PURSUANT TO FRE 408) |
| **Attachments:** | stip and order re claim of dplas [no. 2 ].docx; DPLSA Claim 1881 - DROP.pdf; sudnick letter to foley re banked sick time.pdf; CBA Misc Sec 17 H.pdf; ScriptsGuideRX ltr2.pdf |

Marc and Jon,

The attached stipulation and order and email below were sent over in late April in an effort to resolve the DROP issue. The original transmission is below. My understanding is that there is now some confusion in the City human resources department on this issue when DPLSA members retire. The HR department apparently believes the DPLSA is trying to enforce the favorable arbitration ruling received prior to the bankruptcy/ As we previously discussed, this issue was resolved in the City's favor by the current CBA as part of the mediation/collective bargaining process.

In order to have clarity on this subject, labor counsel is preparing a motion that addresses the issue, which will be filed if we cannot reach agreement on the attached proposed stipulation. Please let me know whether the City consents to entry of the attached order and consider this email a request pursuant to LR 9014-1(g) for the concurrence in the relief sought by the attached stipulated order. We anticipate filing our motion tomorrow or Friday.

Thank you.

Barb

_____

Barbara A. Patek
Erman, Teicher, Zucker & Freedman, P.C.
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100 (phone)
248-827-4106 (fax)
bpatek@ermanteicher.com


**From:** Barbara Patek
**Sent:** Wednesday, April 29, 2015 6:04 PM
**To:** Swanson, Marc N.; Green, Jonathan S.
**Cc:** Peter Sudnick; psudnick@sudnicklaw.com; Julie Teicher
**Subject:** CORRESPONDENCE RE OPEN DPLSA MATTERS - (PROPOSED CLAIM MODIFICATION AND CORRESPONDENCE RE: DPLSA CBA AND SCRIPTS GUIDE SEND FOR SETTLEMENT ONLY - PURSUANT TO FRE 408)

Dear Marc and Jon.

Attached are a stipulation and order to modify the stay in place and to dismiss the removed adversary complaint seeking injunctive relief, only, *DPLSA v. City of Detroit*, Adv. Pro. 15-040207; a proposed stipulation and order regarding the DPLSA DROP/sick time payout claim; a copy of Claim 1881; a copy of Peter's letter to Foley regarding Kevin Gardner, the grievant whose sick time needs to be restored as a result of the CBA's resolution of the claim; a copy of Section 17.H of the DPLSA CBA which we believe moots the claim by giving the City the right (and obligation) to pay out the banked sick time at the time of actual retirement rather than at the officer's entry into the Deferred Retirement Option Plan ("DROP") and a copy of correspondence from Peter regarding the ScriptsGuide issue, which has not been addressed by the City.

1. STIPULATION AND ORDER TO DISMISS REMOVED STATE COMPLAINT – As previously discussed, the DPLSA has authorized me to agree to the voluntary dismissal without prejudice of the removed state complaint seeking injunctive relief. Please review the attached, and if it meets your approval, let us know and we will get it submitted promptly. Feel free to call or send back a markup if you have any comments or changes.

2. STIPULATION AND ORDER TO MODIFY CLAIM WITH REGARD TO DROP/SICK TIME PAYOUT (CLAIM 1881)- FOR SETTLEMENT ONLY- Attached is our proposed stipulation and order modifying the claim and seeking an order confirming that aspect of the claim is moot and that any further dispute regarding DROP sick time payout will be resolved in the ordinary course, under applicable state law and CBA procedures. Please note that, as previously discussed, before this order can be entered, we need confirmation that Sergeant Kevin Gardner's sick time has been returned to his sick bank. I've attached Peter's letter to John Simon at Foley regarding this matter. It is my understanding that the sick time was removed from Sgt. Gardner's bank pursuant to the successful arbitration of the issue, but has not been returned since the DPLSA agreed, in its recently approved CBA, to defer payment until actual retirement from the DPD. As set forth in the stipulation and order, we believe section 17H disposes of and moots this aspect of Claim 1881, and the DPLSA would like to modify the claim to reflect that, but would also like an order confirming that it is moot and governed by the CBA to insure no future misunderstanding on this issue. The DPLSA informs me that to even prior to the ratification of the CBA, the City was treating the banked sick time as set forth in the CBA and paying it in the ordinary course when an officer actually retired (rather than when he or she entered DROP as required by the arbitration award. Please review the attached and let us know if the City is agreeable to this approach, if you can facilitate the restoration of Sgt. Gardner's sick bank time, and/or if you have any comments to the proposed stipulation and order.

3. CORRESPONDENCE RE SCRIPTS GUIDE – FOR SETTLEMENT ONLY – Please see attached correspondence from Peter seeking to meet with the City in an effort to resolve the Scripts Guide issue. The section of the DPLSA CBA to which it refers is Section 43.A.1 (the same section that is the subject of the pending motion).

Please let us know the City's position with regard to each of the above items. Thank you in advance for your consideration. We look forward to hearing from you in regard to the above-noted matters.

Barb

_____

Barbara A. Patek
Erman, Teicher, Zucker & Freedman, P.C.
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100 (phone)
248-827-4106 (fax)
bpatek@ermanteicher.com

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

    Debtor.

Chapter 9

Case No. 13-53846

Hon. Thomas J. Tucker

---

DETROIT POLICE LIEUTENANTS
AND SERGEANTS ASSOCIATION,

    Plaintiff,

v.

CITY OF DETROIT, MICHIGAN

    Defendant.

---

**STIPULATION FOR ENTRY OF AN ORDER MODIFYING CLAIM NO. 1881 FILED
BY THE DETROIT POLICE LIEUTENANTS AND SERGEANTS ASSOCIATION
<u>AND FOR RELATED RELIEF</u>**

The City of Detroit, Michigan ("<u>City</u>") and the Detroit Police Lieutenants and Sergeants Association ("<u>DPLSA</u>"), by and through their undersigned counsel, hereby stipulate the entry of the Order Modifying Claim No. 1881 filed by DPLSA as follows:

1. On February 20, 2014, the DPLSA filed Claim No. 1881.

2. Claim No. 1881 asserts DPLSA members' right to recovery for certain pre-petition grievances (the "Pre-Petition Grievances").

3. Among the Pre-Petition Grievances that are the subject of Claim No. 1881 are grievance nos.10-032 and 12-051 asserted by DPLSA participants in the City's Deferred Retirement Option Plan ("DROP") regarding the timing of certain lump sum payments (the "DROP Grievances").

4. The City and the DPLSA entered into a collective bargaining agreement (the "DPLSA CBA") that was ratified by its members on or about November 6, 2014, approved by the state and approved by this Court pursuant to its November 12, 2014 Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit [Docket No. 8272].

5. Section 17.H of the DPLSA CBA, which is attached hereto as Exhibit B, resolves the dispute raised by DROP Grievances.

6. Furthermore, the City has been making the lump sum payments that are the subject of the DROP Grievances in the ordinary course and pursuant to the terms of the DPLSA CBA, rendering the DROP Grievances moot.

7. As such, the DPLSA agrees to modify Claim No. 1881 to remove that portion of Claim No. 1881 that involves the DROP Grievances.

8. The City and the DPLSA request the Court enter an order of this Court that confirms that (i) DROP Grievances are resolved by the written terms of Section 17.H of the DPLSA CBA, (ii) as such, the DROP Grievances are moot and may be withdrawn without prejudice to any DPLSA member's right to receive a DROP Lump Sum Payment in accordance with the written terms of the DPLSA CBA, and (iii) confirming that, pursuant to this Court's Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit [Docket No. 8272], any further disputes involving the application of Section 17.H of the DPLSA CBA shall be addressed in the ordinary course of the City's business under applicable state law and procedures provided by the DPLSA CBA.

9. Because this matter involved the resolution of a contested issue between the parties, the undersigned believe that entry of an order is appropriate to avoid any future misunderstanding regarding the disposition of the DROP Grievances.

WHEREFORE, the parties request the Court enter the Order attached hereto as Exhibit A.

STIPULATED AND AGREED:

| ATTORNEYS FOR THE CITY | ATTORNEYS FOR DETROIT POLICE LIEUTENANTS AND SERGEANTS ASSOCIATION |
|---|---|
| By: /s/ Marc N. Swanson<br>Jonathan S. Green (P33140)<br>Marc N. Swanson (P71149)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>Telephone: (313) 963-6420<br>Facsimile: (313) 496-7500<br>green@millercanfield.com<br>swansonm@millercanfield.com | By: /s/ Barbara A. Patek<br>Barbara A. Patek (P34666)<br>ERMAN, TEICHER, MILLER, ZUCKER & FREEDMAN, P.C.<br>400 Galleria Officentre, Suite 444<br>Southfield, MI 48034<br>Telephone: (248) 827-4100<br>Facsimile: (248) 827-4106<br>bpatek@ermanteicher.com |
| -and- | -and- |
| Charles N. Raimi (P29746)<br>Deputy Corporation Counsel<br>City of Detroit Law Department<br>2 Woodward Avenue, Suite 500<br>Coleman A. Young Municipal Center<br>Detroit, Michigan 48226<br>Telephone: (313) 237-5037<br>Facsimile: (313) 224-5505<br>raimic@detroitmi.gov | Peter P. Sudnick (P30768)<br>SUDNICK LAW, P.C.<br>2555 Crooks Road, Suite 150<br>Troy, Michigan 48084<br>Telephone: (248) 643-8533<br>psudnick@sudnicklaw.com |

DATED: April ___, 2015

EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Thomas J. Tucker |
| DETROIT POLICE LIEUTENANTS AND SERGEANTS ASSOCIATION, | |
| Plaintiff, | Adv. Case No. 15-04209 |
| v. | |
| CITY OF DETROIT, MICHIGAN | |
| Defendant. | |

**ORDER MODIFYING CLAIM NO. 1881 FILED THE DETROIT POLICE LIEUTENANTS AND SERGEANTS ASSOCIATION AND FOR RELATED RELIEF**

This matter is before the Court on the Stipulation for Entry of an Order Modifying Claim No. 1881 filed by the Detroit Police Lieutenants and Sergeants Association and for Related Relief [Docket No. _____] (the "Stipulation"). The Court has read the Stipulation and finds as follows:

(1) The Court finds that the matters raised grievance numbers 10-032 and 12-051 as set forth in Claim No. 1881 filed by the Detroit Police Lieutenants and Sergeants Association (the "DPLSA") ("Claim No. 1881") are addressed and resolved by Section 17.H of the terms as written of the collective bargaining agreement between the City and the DPLSA ("DPLSA CBA"), which DPLSA CBA is among the collective bargaining agreements identified by Exhibit

II.D.5 to the Plan [Docket No. 8045-10] and incorporated into the Plan by Article VII, Section B of the Plan.

(2) The Court further finds that the City has been addressing the issues raised by grievance numbers 10-032 and 12-051 as set forth in Claim No.1881 in the ordinary course of its business and in accordance with the terms of the DPLSA CBA, and that the City and DPLSA agree that any accrued sick time of any DPLSA member affected by grievance numbers 10-032 and 12-051 as set forth Claim 1881 has been and/or shall be restored.

The Court finds good cause for entry of this Order and is otherwise fully advised in the premises.

NOW THEREFORE,

IT IS HEREBY ORDERED that this Order shall serve as confirmation that the matters addressed by grievance numbers 10-032 and 12-051 as set forth Claim No. 1881 are addressed and controlled by the terms as written of the DPLSA CBA.

IT IS FURTHER ORDERED that any further disputes regarding the matters addressed by grievance numbers 10-032 and 12-051 as set forth Claim No. 1881 shall be resolved by the parties in accordance with applicable state law and the procedures established by the DPLSA CBA.

IT IS FURTHER ORDERED that the matters raised by grievance numbers 10-032 and 12-051 as set forth Claim No. 1881 are moot.  Claim No. 1881 is hereby modified to remove grievance numbers 10-032 and 12-051 from said claim.  Other than this modification, the remainder of Claim No. 1881 remains as filed.