# EXHIBIT 6E

# Barbara Patek

**From:** Barbara Patek
**Sent:** Wednesday, October 07, 2015 1:07 PM
**To:** 'Swanson, Marc N.'
**Cc:** 'Peter Sudnick'; psudnick@sudnicklaw.com
**Subject:** DPLSA Claim

Marc,

I happened to hear from Peter, and the situation was as I indicated. No one at the City ever disputed that DPLSA members were entitled to banked time on retirement—it was just a question of whether retirement meant when they "DROPPED" (stopped accruing retirement credits) or actually left the City's employment as a retiree. The concern at HR is that the City may somehow owe more with the claim hanging out there. As people retire under the terms of the DPLSA CBA, they get the banked time as the CBA provides (which includes spreading it out in installments now if it is over a certain amount). So you can let the City know that those who are entitled to the benefit of the favorable arbitration decision – which has only to do with the timing of the payment and potential interest owed from the date the office dropped—are prepared, as set forth in the stipulation, to modify their claim and be bound by the terms of the CBA. There is no pre-petition claim for the banked sick time. The right to that time is and was always a term of the DPLSA members' employment with the City, and it was always paid when a member actually retired, throughout the bankruptcy and prior (when the timing was disputed).

Barb

_____

Barbara A. Patek
Erman, Teicher, Zucker & Freedman, P.C.
400 Galleria Officentre, Suite 444
Southfield, MI 48034
248-827-4100 (phone)
248-827-4106 (fax)
bpatek@ermanteicher.com