UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                          Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                      Chapter 9

          Debtor.                           Judge Thomas J. Tucker
_____/

**ORDER SCHEDULING STATUS CONFERENCE
REGARDING PREFERENCE ACTIONS TO BE FILED**

    The Court has been informed that the Debtor, City of Detroit, Michigan (the "City") expects to file a large number of preference actions related to this case, on or before December 4, 2015.

    Accordingly,

    IT IS ORDERED that the Court will hold a status conference in this Chapter 9 bankruptcy case on **Monday, November 23, 2015 at 11:00 a.m.**, in Courtroom 1925 of the United States Bankruptcy Court, 211 W. Fort Street, Detroit, Michigan. Counsel for the Debtor must attend this conference, and may do so in person or by telephone (upon making the appropriate arrangements to attend by telephone). Other parties in interest may attend and participate, but are not required to do so. The purpose of the status conference is to discuss the preference actions to be filed, and related case management issues.

    IT IS FURTHER ORDERED that *no later than Thursday, November 19, 2015*, the City must file a status report, briefly addressing the following issues,[1] which the Court will discuss with counsel at the status conference:

1. How many adversary proceedings seeking to avoid and recover alleged preferential transfers, under 11 U.S.C. §§ 547 and 550, the City expects to file.

2. Whether one or more omnibus/blanket scheduling orders should be entered with respect to the preference actions to be filed.

3. What the form and specifics of any such omnibus/blanket scheduling order(s) should be.[2]

---

[1] Some of these issues were raised by the Court, and discussed by counsel for the City, in connection with the status conference held on March 4, 2015. *See* "Post-Confirmation Status Report of the City of Detroit, Michigan," filed February 26, 2015 (Docket # 9306) at 19-22, ¶¶ 25-31 (responding to the Court's "Order Scheduling Post-Confirmation Status Conference," filed February 19, 2015 (Docket # 9292) at 2, ¶¶ 4-6).

[2] For discussion purposes, and for any comment by the City's counsel, the Court attaches two sample orders that were used in a Chapter 11 case in this Court. And the Court invites counsel for the

4.  Whether and to what extent mediation orders, including orders for mediation under the procedures of L.B.R. 7016-2, are likely to be appropriate for the preference actions to be filed, and the best timing for any such orders.

5.  Any other subjects relating to the upcoming preference actions that the City wishes to discuss with the Court at the status conference.

**Signed on November 13, 2015**     **/s/ Thomas J. Tucker**
                                    **Thomas J. Tucker**
                                    **United States Bankruptcy Judge**

---

City to attach to its status report any similar type of scheduling order that the City proposes.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PLASTECH ENGINEERED PRODUCTS,
INC., et al.[1]

      Debtors.
_____/

Case No. 08-42417
Chapter 11
Hon. Phillip J. Shefferly

ORDER ESTABLISHING PROCEDURES AND
DEADLINES FOR "TRACK I" ADVERSARY PROCEEDINGS

This matter came before the Court on the *Liquidating Trustee's Motion for Orders Establishing Deadlines and Procedures for Certain Adversary Proceedings* (Docket No. 5068) (the "Motion"). Carroll Services LLC filed the Motion as Liquidating Trustee of the Plastech Liquidating Trust that was established December 21, 2008 by the *Plastech Engineered Products, Inc. et al. Liquidating Trust Agreement and Declaration of Trust*, as authorized by the *Fifth Amended Joint Plan of Liquidation Proposed by Plastech Engineered Products, Inc., Its Subsidiary Debtors and the Official Committee of Unsecured Creditors* confirmed by this Court on December 18, 2008.

The Motion stated the Liquidating Trustee's intent to commence up to 300 adversary proceedings to avoid and recover transfers made by the Debtors within 90 days of the February 1, 2008 petition date. The Motion requested entry of two separate administrative orders, one governing adversary proceedings in which the defendant is to be served in the United States and in which the complaint seeks to recover less than $100,000 ("Track I Proceedings"), and one governing adversary proceedings in which the defendant is to be served in the United States and

---

[1] The Debtors in this jointly administered bankruptcy proceeding are: Plastech Engineered Products, Inc., LDM Technologies, Inc., Plastech Frenchtown, Inc., Plastech Decorating Systems, Inc., Plastech Exterior Systems, Inc., Plastech Romulus, Inc., MBS Polymet, Inc., LDM Holding Canada, Inc., and LDM Holding Mexico, Inc.

5825722.3 31796/126027

08-53846-tjt Doc 10264 Filed 11/13/15 Entered 11/13/15 10:10:15 Page 3 of 14
08-42417-pjs Doc 5142 Filed 09/29/09 Entered 09/30/09 16:15:35 Page 1 of 14

in which the complaint seeks to recover $100,000 or more. (Adversary proceedings in which the defendant is to be served outside the United States are not governed by this order, and a separate order may be entered in such an adversary proceeding.)

On September 17, 2009, the Court held a hearing on the Motion. At the conclusion of the hearing, the Court granted the Motion. This order sets forth the Court's ruling with respect to Track I Proceedings. Accordingly, in the interest of justice and to facilitate efficient administration of Track I Proceedings as required by Fed. R. Bank. P. 1001, it is ordered that:

1. Each Track I complaint shall be labeled "Track I."

2. The Liquidating Trustee shall serve a copy of this order with each Track I summons and complaint.

3. The Liquidating Trustee shall serve all Track I summonses and complaints on or before **October 12, 2009**. (If, for any reason, the Liquidating Trustee is required to re-serve a summons and complaint, or commences an adversary proceeding after October 12, 2009, that adversary proceeding will not be subject to this order unless a separate order so providing is entered in that adversary proceeding.)

4. Answers or other responses permitted by the Federal Rules of Bankruptcy Procedure shall be filed by **December 10, 2009**. This deadline is fixed by the Court under Fed. R. Bankr. P. 7012(a). No extensions of this deadline will be granted on stipulation of the parties. Because this deadline already extends the deadline for filing an answer in the Track I Proceedings under applicable bankruptcy rules, any motion by any defendant to further extend the deadline to answer a complaint must be supported by an affidavit establishing extraordinary circumstances.

2

5825722.3 31796/126027
18-53846-tjt  Doc 10264  Filed 11/13/15  Entered 11/13/15 10:10:15  Page 4 of 14
08-52417-tjs  Doc 5142  Filed 09/29/09  Entered 09/30/09 16:10:35  Page 2 of 6

5. The Bankruptcy Court Clerk will promptly enter a default against any defendant who has been properly served but has not timely filed an answer in a Track I Proceeding. Local Bankruptcy Rule 7055-1(e) (E.D.Mich.) requires the plaintiff to file an application for default judgment, and submit a proposed default judgment to the Court's electronic order signing program, within 15 days after the Clerk's default is entered. If the Liquidating Trustee fails to file an application for default judgment within 30 days of the entry of a default in a Track I Proceeding, the complaint will be dismissed without a hearing.

6. The Court will not conduct an initial scheduling conference in any Track I Proceeding. However, a Fed. R. Civ. P. 26(f) report must be filed in each Track I Proceeding. The parties shall schedule a Rule 26(f) conference for a date between **December 28, 2009** and **January 11, 2010**. The deadline to file Rule 26(f) reports is **January 19, 2010**. A copy of the Court's Rule 26(f) form report is available in portable document format (pdf) on the Court's website at www.mieb.uscourts.gov (go to "Bankruptcy Forms," then to "Local Bankruptcy Forms"). In the interest of efficient administration of its docket, the Court has determined that the following dates and deadlines must be included in all Rule 26(f) reports filed in Track I Proceedings:

(a) The parties shall exchange initial disclosures as required by Fed. R. Civ. P. 26(a)(l) on or before **February 15, 2010**.

(b) Any motion for leave to amend the pleadings to join additional parties or on any other grounds must be filed on or before **March 1, 2010**.

(c) Reports from retained experts under Rule 26(a)(2), other than expert rebuttal reports, are due on **March 25, 2010**.

3

5825722.3 31796/126027
08-53846-tjt Doc 10264 Filed 11/13/15 Entered 11/13/15 10:10:15 Page 5 of 14
08-52417-pjs Doc 5142 Filed 09/29/09 Entered 09/30/09 10:15:35 Page 3 of 6

(d) All discovery must be concluded by **May 19, 2010** absent an order from the Court extending such discovery deadline upon a motion showing good cause and filed in advance of such deadline. The Court discourages requests to extend the discovery deadline unless the specific Track I Proceeding involves complex factual matters or some other compelling reason exists to extend such date.

(e) All potentially dispositive motions must be filed on or before **June 18, 2010**.

7. No later than **February 3, 2010**, the Court will enter a scheduling order in each Track I Proceeding in which a Rule 26(f) report has been timely filed. The scheduling order will incorporate the Rule 26(f) report as an order of the Court and will either (i) schedule a final pre-trial conference and trial no sooner than **August 27, 2010**; or (ii) schedule a separate conference with the Court to further discuss setting a final pre-trial conference and trial.

8. All motions and other matters concerning Track I Proceedings will be heard only at 9:30 a.m. on one of the following days (a "Pre-Set Hearing"):

> November 20, 2009
> December 18, 2009
> January 22, 2010
> February 26, 2010
> March 26, 2010
> April 30, 2010
> May 28, 2010
> June 25, 2010
> July 30, 2010
> August 27, 2010
> September 24, 2010
> October 29, 2010

The Court will determine which matters will be set for hearing on each Pre-Set Hearing date consistent with its ordinary scheduling practices. The Court will not take testimony nor otherwise

4

use the Pre-Set Hearings as evidentiary hearings. A party to a Track I Proceeding should not appear at a Pre-Set Hearing unless (a) the Court issues a notice of hearing for the date of the Pre-Set Hearing in connection with a motion or matter pertaining to such party; or (b) the Court has directed the party to appear.

9. The Court has determined that each Track I Proceeding should be mediated. The Liquidating Trustee is directed to file a motion no later than **June 18, 2010**, in the main bankruptcy case, with notice to all Track I Proceeding parties, proposing uniform procedures and deadlines for mediation of all Track I Proceedings. After proper notice and opportunity to be heard with respect to such motion, the Court will enter a separate order providing for uniform procedures and deadlines for mediation of all Track I Proceedings.

10. "Counsel shall notify the Court immediately upon the settlement of an adversary proceeding[.]" L.B.R. 9019-1 (E.D.Mich.). Upon such notification, the Court will enter an order requiring the parties to the settled Track I Proceeding to submit a dismissal notice, proposed judgment or order, or other appropriate document resolving such Track I Proceeding within 45 days thereafter. If no document is submitted within the 45 days, the Court will dismiss the settled Track I Proceeding without further notice or hearing unless a written request for additional time to submit an appropriate document is filed within the 45 day period.

11. Only attorneys admitted to the bar of the United States District Court for the Eastern District of Michigan may represent a defendant in a Track I Proceeding. See L.B.R. 9010-l(a)(l) (E.D.Mich.). However, the Court will permit an attorney who is not a member of the Eastern District of Michigan Bar to sign and file an answer if the attorney (a) concurrently applies for admission to such bar and pays the required admission fee, and (b) is admitted to such

5825722.3 31796/126027

18-53846-tjt js Doc 10264 Filed 11/13/15 Entered 11/13/15 10:10:15 Page 7 of 14
08-42417-tjt Doc 5142 Filed 09/29/09 Entered 09/30/09 16:10:35 Page 5 of 6

bar prior to any appearance by such attorney before the Court. See also, L.R. 83.20(f) (E.D. Mich.) available at www.mieb.uscourts.gov.

12. "A corporation, partnership, or other entity other than an individual shall not file a . . . pleading, nor appear as a . . . defendant . . . [in a Track I Proceeding] . . . unless it is represented by an attorney duly admitted to and in good standing with, the bar of the United States District Court of this district." L.B.R. 9010-l(a)(l) (E.D.Mich.). Any answer or other pleading filed in violation of this rule will be stricken.

13. All parties are required to comply with the Bankruptcy Court's Administrative Procedures for Electronic Case Filing which can be found on the Bankruptcy Court's website at www.mieb.uscourts.gov.

14. All procedural matters in Track I Proceedings not specifically addressed in this order are governed by applicable provisions of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Eastern District of Michigan.

15. This order does not shorten any applicable statute of limitations pertaining to the Liquidating Trustee's rights to bring avoidance actions.

16. Nothing in this order limits the Liquidating Trustee's ability to pursue avoidance actions against entities that are not subject to this order.

.

**Signed on September 29, 2009**
             **_/s/ Phillip J. Shefferly_**
             **Phillip J. Shefferly**
             **United States Bankruptcy Judge**

17.

6

5825722.3 31796/126027

08-53246-tjt   Doc 10264   Filed 11/13/15   Entered 11/13/15 10:10:15   Page 8 of 14
08-42417-pjs   Doc 5142   Filed 09/29/09   Entered 09/30/09 16:05:35   Page 6 of 6

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

PLASTECH ENGINEERED PRODUCTS, INC., et al.[1]

     Debtors.
_____/

Case No. 08-42417
Chapter 11
Hon. Phillip J. Shefferly

ORDER ESTABLISHING PROCEDURES AND
DEADLINES FOR "TRACK II" ADVERSARY PROCEEDINGS

This matter came before the Court on the *Liquidating Trustee's Motion for Orders Establishing Deadlines and Procedures for Certain Adversary Proceedings* (Docket No. 5068) (the "Motion"). Carroll Services LLC filed the Motion as Liquidating Trustee of the Plastech Liquidating Trust that was established December 21, 2008 by the *Plastech Engineered Products, Inc. et al. Liquidating Trust Agreement and Declaration of Trust*, as authorized by the *Fifth Amended Joint Plan of Liquidation Proposed by Plastech Engineered Products, Inc., Its Subsidiary Debtors and the Official Committee of Unsecured Creditors* confirmed by this Court on December 18, 2008.

The Motion stated the Liquidating Trustee's intent to commence up to 300 adversary proceedings to avoid and recover transfers made by the Debtors within 90 days of the February 1, 2008 petition date. The Motion requested entry of two separate administrative orders, one governing adversary proceedings in which the defendant is to be served in the United States and in which the complaint seeks to recover less than $100,000, and one governing adversary proceedings in which the defendant is to be served in the United States and in which the

---

[1] The Debtors in this jointly administered bankruptcy proceeding are: Plastech Engineered Products, Inc., LDM Technologies, Inc., Plastech Frenchtown, Inc., Plastech Decorating Systems, Inc., Plastech Exterior Systems, Inc., Plastech Romulus, Inc., MBS Polymet, Inc., LDM Holding Canada, Inc., and LDM Holding Mexico, Inc.

complaint seeks to recover $100,000 or more ("Track II Proceedings"). (Adversary proceedings in which the defendant is to be served outside the United States are not governed by this order, and a separate scheduling order may be entered in such an adversary proceeding.)

On September 17, 2009 the Court held a hearing on the Motion. At the conclusion of the hearing, the Court granted the Motion. This order sets forth the Court's ruling with respect to Track II Proceedings. Accordingly, in the interest of justice and to facilitate efficient administration of Track II Proceedings as required by Fed. R. Bank. P. 1001, it is ordered that:

1. Each Track II complaint shall be labeled "Track II."

2. The Liquidating Trustee shall serve a copy of this order with each Track II summons and complaint.

3. The Liquidating Trustee shall serve all Track II summonses and complaints on or before **October 12, 2009**. (If, for any reason, the Liquidating Trustee is required to re-serve a summons and complaint, or commences an adversary proceeding after October 12, 2009, that adversary proceeding will not be subject to this order unless a separate order so providing is entered in that adversary proceeding.)

4. Answers or other responses permitted by the Federal Rules of Bankruptcy Procedure shall be filed by **December 10, 2009**. This deadline is fixed by the Court under Fed. R. Bankr. P. 7012(a). No extensions of this deadline will be granted on stipulation of the parties. Because this deadline already extends the deadline for filing an answer in the Track II Proceedings under applicable bankruptcy rules, any motion by any defendant to further extend the deadline to answer a complaint must be supported by an affidavit establishing extraordinary circumstances.

2

5825626.3 31796/126027
08-42417-jpjs Doc 3146 Filed 09/30/09 Entered 10/01/09 08:07:46 Page 2 of 4
13-53846-tjt Doc 10264 Filed 10/30/15 Entered 10/30/15 10:10:15 Page 10 of 14

5. The Bankruptcy Court Clerk will promptly enter a default against any defendant who has been properly served but has not timely filed an answer in a Track II Proceeding. Local Bankruptcy Rule 7055-1(e) (E.D.Mich.) requires the plaintiff to file an application for default judgment, and submit a proposed default judgment to the Court's electronic order signing program, within 15 days after the Clerk's default is entered. If the Liquidating Trustee fails to file an application for default judgment within 30 days of the entry of a default in a Track II Proceeding, the complaint will be dismissed without a hearing.

6. The Court will not conduct an initial scheduling conference in any Track II Proceeding. However, a Fed. R. Civ. P. 26(f) report must be filed in each Track II Proceeding. The parties shall schedule a Rule 26(f) conference for a date between **February 8, 2010** and **February 23, 2010**. The deadline to file Rule 26(f) reports is **March 5, 2010.** A copy of the Court's Rule 26(f) form report is available in portable document format (pdf) on the Court's website at www.mieb.uscourts.gov (go to "Bankruptcy Forms," then to "Local Bankruptcy Forms"). In the interest of efficient administration of its docket, the Court has determined that the following dates and deadlines must be included in all Rule 26(f) reports filed in Track II Proceedings:

(a) The parties shall exchange initial disclosures as required by Fed. R. Civ. P. 26(a)(l) on or before **March 30, 2010**.

(b) Any motion for leave to amend the pleadings to join additional parties or on any other grounds must be filed on or before **April 14, 2010**.

(c) Reports from retained experts under Rule 26(a)(2), other than expert rebuttal reports, are due on **May 10, 2010**.

3

5825626.3 31796/126027
13-53846-tjt Doc 10264 Filed 10/30/15 Entered 11/03/15 10:07:15 Page 11 of 14
08-42417-pjs Doc 3146 Filed 09/30/09 Entered 10/01/09 08:07:46 Page 3 of 6

(d) All discovery must be concluded by **July 19, 2010** absent an order from the Court extending such discovery deadline upon a motion showing good cause and filed in advance of such deadline. The Court discourages requests to extend the discovery deadline unless the specific Track II Proceeding involves complex factual matters or some other compelling reason exists to extend such date.

(e) All potentially dispositive motions must be filed on or before **August 17, 2010**.

7. No later than **March 22, 2010**, the Court will enter a scheduling order in each Track II Proceeding in which a Rule 26(f) report has been timely filed. The scheduling order will incorporate the Rule 26(f) report as an order of the Court and will either (i) schedule a final pre-trial conference and trial no sooner than **October 26, 2010**; or (ii) schedule a separate conference with the Court to further discuss setting a final pre-trial conference and trial.

8. All motions and other matters concerning Track II Proceedings will be heard only at 9:30 a.m. on one of the following days (a "Pre-Set Hearing"):

> November 20, 2009
> December 18, 2009
> January 22, 2010
> February 26, 2010
> March 26, 2010
> April 30, 2010
> May 28, 2010
> June 25, 2010
> July 30, 2010
> August 27, 2010
> September 24, 2010
> October 29, 2010

The Court will determine which matters will be set for hearing on each Pre-Set Hearing date consistent with its ordinary scheduling practices. The Court will not take testimony nor otherwise

5825626.3 31796/126027
13-53846-tjp Doc 10264 Filed 11/03/15 Entered 11/03/15 10:07:15 Page 12 of 14
08-42417-jpjs Doc 5146 Filed 09/30/09 Entered 10/01/09 08:07:46 Page 4 of 6

use the Pre-Set Hearings as evidentiary hearings. A party to a Track II Proceeding should not appear at a Pre-Set Hearing unless (a) the Court issues a notice of hearing for the date of the Pre-Set Hearing in connection with a motion pertaining to such party; or (b) the Court has directed the party to appear.

9. The Court has determined that each Track II Proceeding should be mediated. The Liquidating Trustee is directed to file a motion no later than **July 23, 2010**, in the main bankruptcy case, with notice to all Track II Proceeding parties, proposing uniform procedures and deadlines for mediation of all Track II Proceedings. After proper notice and opportunity to be heard with respect to such motion, the Court will enter a separate order providing for uniform procedures and deadlines for mediation of all Track II Proceedings.

10. "Counsel shall notify the Court immediately upon the settlement of an adversary proceeding[.]" L.B.R. 9019-1 (E.D.Mich.). Upon such notification, the Court will enter an order requiring the parties to the settled Track II Proceeding to submit a dismissal notice, proposed judgment or order, or other appropriate document resolving such Track II Proceeding within 45 days thereafter. If no document is submitted within the 45 days, the Court will dismiss the settled Track II Proceeding without further notice or hearing unless a written request for additional time to submit an appropriate document is filed within the 45 day period.

11. Only attorneys admitted to the bar of the United States District Court for the Eastern District of Michigan may represent a defendant in a Track II Proceeding. See L.B.R. 9010-l(a)(l) (E.D.Mich.). However, the Court will permit an attorney who is not a member of the Eastern District of Michigan Bar to sign and file an answer if the attorney (a) concurrently applies for admission to such bar and pays the required admission fee, and (b) is admitted to such

5

5825626.3 31796/126027

13-53846-tjt Doc 10264 Filed 10/30/15 Entered 11/03/15 10:10:15 Page 13 of 14
08-42417-tjs Doc 3146 Filed 09/30/09 Entered 10/01/09 08:07:46 Page 5 of 6

bar prior to any appearance by such attorney before the Court.  See also, L.R. 83.20(f) (E.D. Mich.) available at www.mieb.uscourts.gov.

12. "A corporation, partnership, or other entity other than an individual shall not file a . . . pleading, nor appear as a . . . defendant . . . [in a Track II Proceeding] . . . unless it is represented by an attorney duly admitted to and in good standing with, the bar of the United States District Court of this district."  L.B.R. 9010-l(a)(l) (E.D.Mich.).  Any answer or other pleading filed in violation of this rule will be stricken.

13. All parties are required to comply with the Bankruptcy Court's Administrative Procedures for Electronic Case Filing which can be found on the Bankruptcy Court's website at www.mieb.uscourts.gov.

14. All procedural matters in Track II Proceedings not specifically addressed in this order are governed by applicable provisions of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Eastern District of Michigan.

15. This order does not shorten any applicable statute of limitations pertaining to the Liquidating Trustee's rights to bring avoidance actions.

16. Nothing in this order limits the Liquidating Trustee's ability to pursue avoidance actions against entities that are not subject to this order.

.

**Signed on September 29, 2009**

                                         **_/s/ Phillip J. Shefferly**
                                         **Phillip J. Shefferly**
                                         **United States Bankruptcy Judge**

6

5825626.3 31796/126027
13-53846-tjt  Doc 10264  Filed 10/30/15  Entered 11/03/15 10:07:15  Page 14 of 14
08-42417-pjs  Doc 3146  Filed 09/30/09  Entered 10/01/09 08:07:46  Page 6 of 6