UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

-----------------------------------------------------------------x
                                                                 :
In re:                                                           :  Chapter 9
                                                                 :
CITY OF DETROIT, MICHIGAN,                                       :  Case No. 13-53846
                                                                 :
                              Debtor.                            :  Hon. Thomas J. Tucker
                                                                 :
-----------------------------------------------------------------x

## STATUS REPORT REGARDING PREFERENCE ACTIONS TO BE FILED

The City of Detroit, Michigan (the "City") hereby submits this Status Report (the "Status Report") pursuant to this Court's *Order Scheduling Status Conference Regarding Preference Actions To Be Filed* (Docket No. 10264) (the "Status Report Order"). For its Status Report, the City respectfully represents as follows:

## BACKGROUND

1. The City filed its petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") on July 18, 2013. On December 5, 2013, the Court entered an order for relief after finding that the City was eligible to be a debtor in a chapter 9 bankruptcy case (Docket No. 1946) (the "Order for Relief").

2. The City filed its first plan of adjustment and related disclosure statement on February 21, 2014. On October 22, 2014, the City filed the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* (the "Plan") reflecting negotiated resolutions with virtually all of the City's major creditor groups. After the conclusion of a 24-day evidentiary hearing, the Court announced confirmation of the Plan in a bench ruling on November 7, 2014. The Court subsequently issued an Order confirming the Plan on November 12, 2014 (Docket No. 8272) and, on December 31, 2014, entered the

*Supplemental Opinion Regarding Plan Confirmation, Approving Settlements, and Approving Exit Financing* (Docket No. 8993).

3. The Plan provided, among other things, that the City would retain and enforce claims, rights and Causes of Action (as defined in the Plan), including claims to recover transfers that are avoidable and recoverable pursuant to sections 547 and 550 of the Bankruptcy Code (collectively, the "Preferential Transfers"). *See* Plan, Article III(D)(2).

4. The Plan expressly preserved the City's rights to assert Causes of Action on account of Preferential Transfers against 324 parties identified in the City's nonexclusive schedule of parties against whom Causes of Action could be asserted. *See* Plan, Exhibit III.D.2 (Docket No. 8192).

5. On December 10, 2014 (the "Effective Date"), the Plan became effective in accordance with its terms. *See Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date* (Docket No. 8649).

6. On February 26, 2015, the City filed the Post-Confirmation Status Report of the City of Detroit Michigan (Docket No. 9306) (the "Post-Confirmation Status Report"), which is incorporated herein by reference.

7. The Post-Confirmation Status Report stated that: (i) the City deferred the analysis of potential Preferential Transfers until after the Effective Date; (ii) only after the Effective Date was the City been able to devote resources to its diligence regarding the Preferential Transfers; and (iii) as of February 26, 2015, the City had identified potential Preferential Transfers totaling approximately $110 million made to approximately 300 transferees.

## STATUS REGARDING PREFERENCE ACTIONS

8. As a result of diligence and work conducted to date, the City has further reduced the number of parties from whom Preferential Transfers may be recovered to approximately 185 transferees (the "Transferees") that received approximately $55 million.

9. The Preferential Transfers are an important source of recovery that was contemplated by the Plan, and the City must preserve its rights to achieve those recoveries. To do so, the City intends to file approximately 185 complaints asserting claims for Preferential Transfers (the "Avoidance Actions") on or before December 5, 2015.

10. The City recognizes that Plan confirmation and ongoing municipal operations are in many instances the result of compromises between the City and various constituents, including with certain of the Transferees. The City views an open dialogue with its constituents and the perpetuation of successful collaboration as important to the City's future. However, and as envisioned by the Plan, recoveries on account of the Preferential Transfers are also an important part of the City's financial ability to treat all stakeholders fairly.

11. For these reasons, the City respectfully requests entry of a scheduling order that permits and promotes settlements without initially requiring the expenditure of resources by the parties which might ordinarily be associated with formal litigation, unless and until necessary. The City respectfully submits that entry of a single scheduling order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), will promote the swift, amicable resolution of the Avoidance Actions.

12. The City retained Togut, Segal & Segal LLP (the "Togut Firm") to handle all aspects relating to the analysis and recovery of the Preferential Transfers because, among other reasons, the Togut Firm has extensive experience in the recovery of preferential transfers and a proven ability to achieve such recoveries without costly court intervention. The Togut Firm has pursued thousands of preference actions in various courts throughout the country -- including this Court. In all but a few instances, the Togut Firm has resolved those preference actions without judicial intervention. In fact, all of those preference actions, except one, were resolved without trial.

13. The Proposed Order would provide the City with an initial 90-day period (the "Negotiation Period") during which the City will attempt to negotiate with the Transferees and to conduct informal discovery and pursue amicable resolutions with such parties -- as opposed to requiring them to immediately embark on a course toward mediation and/or formal discovery. After the Negotiation Period, the City proposes to present the Court with a report on the status of the outstanding avoidance actions. At such time, the City will request the Court consider to what extent mediation, if any, including orders for mediation under the procedures of L.B.R. 7016-2, might be appropriate and the best process for any such orders.

14. The City is prepared to enforce its rights regarding the Preferential Transfers, and it intends to do so, in the first instance, by attempting to reach negotiated settlements with the Transferees. For this reason, the Proposed Order contains an initial 90-day stay of formal discovery and motion practice.

~ ~ ~ ~ ~

15. The City will be prepared to discuss the Avoidance Actions and the Proposed Order at the Status Conference set for November 23, 2015.

Dated:  November 19, 2015

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP
By:

/s/ Albert Togut
ALBERT TOGUT (AT-9759)
NEIL BERGER (NB-3599)
Members of the Firm
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 594-5000

ATTORNEYS FOR THE CITY

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------X
: 
In re: : Chapter 9
: 
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
: 
Debtor. : Hon. Thomas J. Tucker
: 
---------------------------------------------------------------X

## ORDER APPROVING PROCEDURES FOR ADVERSARY PROCEEDINGS TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Upon consideration of the Status Report Regarding Preference Actions To Be Filed (the "Status Report")[1] filed by the City of Detroit, Michigan (the "City"); and upon the status conference held on November 23, 2015 (the "Status Conference"); and the Court having determined that the many unique circumstances arising in this Chapter 9 case warrant unique procedures governing the City's Avoidance Actions; and it appearing proper and adequate notice of the Status Conference has been given and no other or further notice is necessary; and good and sufficient cause appearing under the relevant circumstances of this Chapter 9 case,

**IT IS HEREBY ORDERED** that:

A. These procedures apply to all of the Avoidance Actions that the City files to avoid and recover Preferential Transfers.

B. The summons issued for each Avoidance Action will vary from the Court's standard form and will be an "Answer Only" summons. The Summons will inform the defendant that it has thirty (30) days from the date of service of the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Status Report.

Summons (rather than the date of issuance) to respond to the Complaint. The Summons will not set a pretrial conference date; any pretrial or other scheduling conference will be set only upon further order of the Court. Additionally, no dispositive motion may be made in any Avoidance Action without prior Court approval, which approval must be sought on notice to the City.

C. The time period under Federal Rule of Civil Procedure 4, made applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7004(e), by which the City must serve the Summonses and Complaints in the Avoidance Actions on defendants in the United States is extended by thirty (30) days, without prejudice to the City's right to seek further extensions of time for cause shown.

D. Without further order of the Court, the parties may stipulate to extensions of the time within which a defendant must respond to a Complaint by no more than sixty (60) days. The stipulation(s) must be in writing to be binding on the City and the Stipulations can be documented via email. Any further or longer extensions of time will require Court approval.

E. Federal Rule of Civil Procedure 26(f), applicable to the Avoidance Actions pursuant to Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), is stayed with respect to the Avoidance Actions until further order of the Court.

F. The parties' obligations to conduct formal discovery in each Avoidance Action is stayed until a discovery scheduling order is entered, provided that the stay of discovery shall in no way preclude the parties from informally exchanging documents and information in an attempt to resolve an Avoidance Action.

G. The Court may schedule regular Omnibus Hearing dates, on which dates status conferences in the Avoidance Actions will take place, if necessary. Any

pretrial motions filed by the parties in the Avoidance Actions must be set for hearing on one of the Omnibus Hearing dates, unless otherwise ordered by the Court.

H.  Any motions filed by the City that affect all of the Avoidance Actions may and should be filed on the main docket of the Chapter 9 case, and not in each separately docketed Avoidance Action; provided, however, that each defendant shall receive notice of the filing of the same.

I.  On or before March 31, 2016, the City shall file a report to advise the Court of the status of the Avoidance Actions commenced in connection with the Preferential Transfers, and the Court will schedule a status conference during which the Court will consider, among other things:

　　i. Whether one or more further omnibus scheduling orders should be entered regarding the Avoidance Actions;

　　ii. Whether and to what extent mediation orders, including orders for mediation under the procedures of L.B.R. 7016-2, may be appropriate for certain of the Avoidance Actions; and the best timing for any such orders.

J.  "Counsel shall notify the Court immediately upon the settlement of an adversary proceeding[.]" L.B.R. 9019-1 (E.D. Mich.).  Upon such notification, the Court will enter an order requiring the parties to the settled Avoidance Action to submit a dismissal notice, proposed judgment or order, or other appropriate document resolving such Avoidance Action within forty-five (45) days thereafter.  If no document is submitted within the forty-five (45) days, the Court will dismiss the settled Avoidance Action without further notice or hearing unless a written request for additional time to submit an appropriate document is filed within the forty-five (45) period.

-3-
13-53846-tjt    Doc 10270    Filed 11/19/15    Entered 11/19/15 15:02:45    Page 8 of 10

K. Only attorneys admitted to the bar of the United States District Court for the Eastern District of Michigan may represent a defendant in an Avoidance Action. *See* L.B.R. 9010-l(a)(l) (E.D. Mich.). However, the Court will permit an attorney who is not a member of the Eastern District of Michigan Bar to sign and file an answer if the attorney (a) concurrently applies for admission to such bar and pays the required admission fee, and (b) is admitted to such bar prior to any appearance by such attorney before the Court. *See also* L.R. 83.20(f) (E.D. Mich.) available at www.mieb.uscourts.gov.

L. "A corporation, partnership, or other entity other than an individual shall not file a . . . pleading, nor appear as a . . . defendant . . . [in an Avoidance Action] . . . unless it is represented by an attorney duly admitted to and in good standing with, the bar of the United States District Court of this district." L.B.R. 9010-l(a)(l) (E.D. Mich.). Any answer or other pleading filed in violation of this rule will be stricken.

M. All parties are required to comply with the Bankruptcy Court's Administrative Procedures for Electronic Case Filing which can be found on the Bankruptcy Court's website at www.mieb.uscourts.gov.

N. All procedural matters not specifically addressed in this order are governed by applicable provisions of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Eastern District of Michigan.

O. This order does not shorten any applicable statute of limitations pertaining to the City's rights to bring avoidance actions.

P. Nothing in this order limits the City's ability to pursue avoidance actions against entities that are not subject to this order.

Q. A copy of this Order will be served on each defendant with the Summons and Complaint in each Avoidance Action.

Signed on November __, 2015

Thomas J. Tucker
United States Bankruptcy Judge

PROPOSED ORDER