# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ORDER, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS AGAINST GREGORY PHILLIPS AND/OR DOMINIQUE MCCARTHA AS PERSONAL <u>REPRESENTATIVE FOR THE ESTATE OF GREGORY PHILLIPS, DECEASED</u>

The City of Detroit ("<u>City</u>"), by its undersigned counsel, files this Motion to Enforce Settlement Agreement and Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims Against Gregory Phillips and/or Dominque McCartha as Personal Representative for the Estate of Gregory Phillips, Deceased ("<u>Motion</u>"). In support of this Motion, the City states as follows:

## I.    Introduction

1.    The Plaintiff's prepetition lawsuit against the City and a City police officer, Ian Severy ("<u>Severy</u>"), should be dismissed with prejudice. The Plaintiff filed a proof of claim in the City's bankruptcy case asserting a claim based on this prepetition lawsuit. The proof of claim was subsequently designated for resolution in accordance with the ADR Order (as defined in paragraph 8 below) entered by this Court. The parties then resolved their dispute and entered into a Settlement Agreement. The Settlement Agreement provides for the dismissal of the lawsuit with prejudice and the release of the City and Severy as required by the ADR Order.

2.    After the Settlement Agreement was executed, this Court confirmed the City's plan.  In confirming the City's plan, the Court held that the Bankruptcy Code does not provide for the discharge of 42 U.S.C. § 1983 claims against City officers in their individual capacity. As one of the claims asserted by the Plaintiff in the prepetition lawsuit was a § 1983 claim against Severy, the Plaintiff then sought to reinstate the prepetition lawsuit. A settlement may not be set aside, however, simply because a party second-guesses its prior decision or because there is a subsequent change in the law or a ruling that is perceived to be advantageous to the settling party.  The Court should enforce the Settlement Agreement as written and order the Plaintiff to dismiss the prepetition lawsuit in accordance with the ADR Order and the Settlement Agreement.

## II.    Background

### A.    The Plaintiff's Pre-Petition Lawsuit Against the City and Severy

3.    On October 7, 2011, Dominique McCartha, as Personal Representative for the Estate of Gregory Philips, deceased and Gregory Phillips ("Plaintiff") filed a complaint against the City and Severy, in his individual and official capacity as a City police officer, in the United States District Court for the Eastern District of Michigan ("District Court"), case number 11-14419 ("District Court Lawsuit"). The Complaint is attached as Exhibit 6A.

4.    The Complaint contains three counts: (1) Violation of the Fourth Amendment 42 U.S.C. § 1983 Excessive Force; (2) Gross Negligence; and (3) City of Detroit's Constitutional Violations.  On December 21, 2011 and February 14, 2012, the City and Severy filed answers to the Complaint [Doc. Nos 4 & 10 in District Court Lawsuit].[1]

---

[1] The City reserved its right to withdraw defense and/or indemnification for Severy in its answer if Severy's representation request was not approved by the Detroit City Council. The request was however approved.

**B.     The City Files for Bankruptcy and the Plaintiff's Lawsuit is Stayed**

5.      On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court,

commencing its chapter 9 bankruptcy case.

6.      On July 25, 2013, this Court entered (i) Order Pursuant to Section 105(a) of the

Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer

Employees and (C) Agents and Representatives of the Debtor [Doc. No. 166] ("Stay Extension

Order"), and (ii) Order Pursuant to Section 105(a) of the Bankruptcy Code Confirming the

Protections of Sections 362, 365 and 922 of the Bankruptcy Code [Doc. No. 167] ("Stay

Confirmation Order").

7.      On July 31, 2013, the District Court entered an Order Staying and

Administratively Closing Case [Doc. No. 24 in District Court Lawsuit] ("Order Staying Case").

The Order Staying Case provided

> On July 25, 2013, Judge Steven Rhodes entered an order confirming the
> automatic stay of all proceedings against the City imposed under section 922 of
> the bankruptcy Code upon the filing of the petition. *In re City of Detroit,*
> *Michigan*, No. 13-53846 [dkt. #167] (Bankr. E.D. Mich. July 25, 2013). The stay
> applies to "judicial, administrative or other action[s] or proceeding[s] against an
> officer or inhabitant of the City, including the issuance or employment of process,
> that seeks to enforce a claim against the City." *Id.* at 3.  The present action has
> been commenced by the plaintiff against the City of Detroit and officer of the City
> of Detroit seeking to recover damages by enforcing a claim against the City of
> Detroit, which by law may be obliged to satisfy a judgment rendered against such
> officer. Based on those orders, the Court will stay and administratively close this
> matter.

Order at 1.

**C.     This Court Enters the ADR Order**

8.      On November 12, 2013, the City filed its Motion of Debtor Pursuant to Sections

105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute

Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims [Doc No. 1665]

("ADR Procedures Motion"). On December 24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc. No. 2302] ("ADR Order").

9. Paragraph 20 of the ADR Order specifically provided for treatment of 42 U.S.C. § 1983 claims:

> Notwithstanding anything in this Order, the "ADR Procedures" that this Order approves (Annex 1), or in the ADR Procedures Motion, all lawsuits alleging claims against the City, its employees or both under 42 U.S.C. § 1983 that are pending in the United States District Court are referred to Chief United States District Judge Gerald Rosen for mediation under such procedures as he determines.

ADR Order, ¶ 20 (emphasis in original).

10. The Alternative Dispute Resolution Procedures ("ADR Procedures") were attached as Annex I to the ADR Order. Section II.A.7 of the ADR Procedures provided that "Nothing herein shall limit the ability of a Designated Claimant and the City to settle a Designated Claim by mutual consent at any time. **All such settlements shall be subject to the terms of Section II.D below**." ADR Procedures, II.A.7, p. 10 (emphasis added). One of the terms of Section II.D is that "All settlements shall include a release of all claims relating to the underlying occurrence, including the Designated Claim **and the Designated Claimant's claim against any other party with respect to whom the Stay/Injunction applies**." ADR Procedures II.D.2, p. 19 (emphasis added).[2]

11. The ADR Order further provides that the Bankruptcy Court retains jurisdiction to resolve disputes arising from the ADR process. ADR Order, ¶ 19 ("This Court shall retain

---

[2] Paragraph 10 of the ADR Order provided that the Stay/Injunction applied to defendants, such as Severy, who had indemnification claims against the City: "For the avoidance of doubt, all proceedings against the City or any Indemnification Claimant relating to an Initial Designated Claim following the liquidation of the Initial Designated Claim shall remain subject to the Stay/Injunction, absent further order of the Court." ADR Order ¶ 10. "Indemnification Claimant" is defined in paragraph 7 of the ADR Order.

jurisdiction for all purposes specified in the ADR Procedures and with respect to all disputes arising from or relating to the interpretation, implementation and/or enforcement of this Order and the ADR Procedures.").

**D.    The State Court Lawsuit is Resolved Pursuant to the ADR Procedures**

12.    On February 19, 2014, the Plaintiff filed claim number 1155 ("Proof of Claim"), attaching a copy of the Complaint. The Proof of Claim is attached as Exhibit 6B.

13.    On August 18, 2014, the City filed a Stay Modification Notice for the Proof of Claim to allow it to be liquidated in accordance with the ADR Procedures and the ADR Order [Doc. No. 6823] ("Stay Modification Notice").

14.    The Proof of Claim proceeded to facilitation with Judge Lawson. Although facilitation was initially unsuccessful, the parties subsequently resolved the Proof of Claim and the District Court Lawsuit.

15.    To document the resolution, the City and the Plaintiff entered into the *Agreement Resolving Claims of Dominique McCartha, as Personal Representative of Estate of Gregory Phillips* ("Settlement Agreement"). The Settlement Agreement is attached as Exhibit 6C. The Settlement Agreement recites that the (a) Bankruptcy Court entered the ADR Order to promote the resolution of claims designated by the City through the ADR Procedures and (b) Proof of Claim was designated for resolution through the ADR Procedures. Settlement Agreement, ¶¶ C, E. The Settlement Agreement also states that it "terminates the ADR Procedures with respect to the Filed Claim pursuant to section II.A.7 of the ADR Procedures." Settlement Agreement ¶ F.

16.    As required by the ADR Procedures, the Plaintiff released the City and Severy in the Settlement Agreement. Settlement Agreement ¶ 8. The release in the Settlement Agreement provides:

As to the Filed Claims and Settled Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City…As used in this Agreement, the Claimant and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any…

Settlement Agreement ¶ 8.

17.    The Plaintiff also stipulated to the "dismissal with prejudice of the civil action[s] related to the Filed Claims or Settled Claim in the form attached hereto as Exhibit B."[3]

### E.    The City Confirms its Plan

18.    On October 22, 2014, the City filed the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014) [Doc. No. 8045] ("Plan").  On November 12, 2014, this Court entered an order confirming the Plan [Doc. No. 8272] ("Confirmation Order").

19.    The Confirmation Order permanently enjoined Entities that hold Indirect Employee Indemnity Claims[4] from

(a) commencing, conducting or continuing in any manner, directly, or indirectly, any suit, action or other proceeding of any kind against or affecting the City or its property (including (i) all suits, actions and proceedings that are pending as of the Effective Date, which must be withdrawn or dismissed with prejudice, (ii) Indirect 36th District Court Claims and (iii) Indirect Employee Indemnity Claims asserted against officers or employees of the City in their official capacity)…

Confirmation Order ¶ H.32, pp. 89-90.

---

[3] The City cannot locate Exhibit B.

[4] As set forth in the Plan, "Indirect Employee Indemnity Claim" means any claim against an employee or former employee of the City with respect to which such employee has an Allowed Claim against the City for indemnification or payment or advancement of defense costs based upon, arising under or related to any agreement, commitment or other obligation, whether evidenced by contract, agreement, rule, regulation, ordinance, statute or law.  Plan, Art. I.A.224, pp. 18-19.

20.     The Confirmation Order also provides that all prior orders entered in the City's bankruptcy case shall be binding upon and shall inure to the benefit of the City and any other parties expressly subject thereto.  Confirmation Order, ¶ T.69, p. 114. The Plan further provides that this Court "will retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 9 Case and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction to…Enforce or clarify any orders previously entered by the Bankruptcy Court in the Chapter 9 Case." Plan, Art. VII.O pp. 69-70.

21.     The Effective Date of the Plan occurred on December 10, 2014. [Doc. No. 8649].

**F.     Plaintiff Moves to Reopen the District Court Lawsuit**

22.     On July 2, 2015, the Plaintiff filed his Motion to Vacate Stay and Reinstate Case in the District Court ("Motion to Vacate Stay").  [Doc. No. 27 in District Court Lawsuit].  The Plaintiff asserted that because Judge Rhodes held that section 1983 claims against individuals in their personal capacity could not be discharged under the City's plan, "at the absolute minimum the stay must be lifted and allowed to proceed at least as to Defendant Severy, who was sued in his individual and official capacities."  Motion to Vacate Stay ¶¶ 5-6.   The City objected to the Motion.  [Doc. No.  28 in District Court Lawsuit].   The District Court conducted two status conferences on the Motion to Vacate Stay but it has not entered an order.

**III.    Argument**

23.     This Court should order that the Plaintiff dismiss the District Court Lawsuit with prejudice. The Plaintiff released Severy from all claims asserted in the Complaint pursuant to the plain language of the release contained in paragraph 8 of the Settlement Agreement.   Plaintiff also agreed to the stipulated dismissal with prejudice of the District Court Lawsuit in paragraph 9 of the Settlement Agreement.   Finally, the Confirmation Order enjoins the Plaintiff from pursuing the claims asserted in the Complaint against Severy in his official capacity.

24.    The "Filed Claim" and "Settled Claim" identified in paragraph 8 of the Settlement Agreement is the Proof of Claim. The Proof of Claim asserted a claim based on the Complaint and attached the Complaint as support for the Proof of Claim. Proof of Claim at 2. The claims asserted in the Complaint against Severy constitute "liability, actions, damages and claims, known and unknown, arising or accuring at any time prior to the date and after the date of this Agreement." Settlement Agreement ¶ 8. Finally, Severy is an agent and employee of the City because he is a City police officer. Thus, pursuant to paragraph 8 of the Settlement Agreement, Plaintiff released Severy from the claims asserted in the Complaint.

25.    This plain reading of paragraph 8 of the Settlement Agreement is reinforced by Section II.D.2 of the ADR Procedures which states that "All settlements shall include a release of all claims relating to the underlying occurrence, including the Designated Claim and the Designated Claimant's claim against any other party with respect to whom the Stay/Injunction applies." ADR Procedures II.D.2. As set forth in the Stay Modification Notice and the Settlement Agreement, the Proof of Claim had been designated for resolution through the ADR Procedures. Settlement Agreement ¶¶ C, E. The Settlement Agreement also provided that "this Agreement terminates the ADR Procedures with respect to the Filed Claim pursuant to section II.A.7 of the ADR Procedures." Section II.A.7 of the ADR Procedures, in turn, provides that all "settlements shall be subject to the terms of Section II.D below." One of the terms of Section II.D is that "All settlements shall include a release of all claims relating to the underlying occurrence, including the Designated Claim **and the Designated Claimant's claim against any other party with respect to whom the Stay/Injunction applies**." ADR Procedures II.D.2, p. 19 (emphasis added). As the District Court concluded and as set forth in the ADR Order, the

"Stay/Injunction"[5] applies to the Plaintiff's claims against Severy. Order Staying Case at 1; ADR Order ¶ 10. Thus, the ADR Order mandated that the Settlement Agreement include a release of the Plaintiff's claims against Severy.

26.     Finally, the Confirmation Order permanently enjoined the Plaintiff from pursuing the claims asserted in the Complaint against Severy in his official capacity. These claims against Severy constitute Indirect Employee Indemnity Claims because Severy has an Allowed Claim against the City for indemnification or payment or advancement of defense costs. *See* Plan Art. I.A.19, p. 3 (defining "Allowed Claim" to include "(c) a Claim allowed pursuant to the Plan or a Final Order of the Bankruptcy Court"); Plan, Art. IV.O, p. 62 ("Assumption of Indemnification Obligations"); Confirmation Order ¶ L.43, p. 99 ("Survival of Indemnities").

## IV.     Conclusion

27.     Consequently, all of the claims in the District Court Lawsuit have been settled and released by the Settlement Agreement.  No later change in the law or subsequent ruling changed that fact or revived the claims.  The claims against Severy in his official capacity must also be dismissed for the additional reason that they are enjoined by the Confirmation Order. The City thus respectfully requests that the Court enter an order in substantially the same form as the one

---

[5] The term "Stay/Injunction" is defined in Section I.B of the ADR Procedures:

> For the period commencing on the date of entry of the ADR Order until the date that is 119 days after the General Bar Date (the "Initial Designation Period"), any Designated Claimant holding an Initial Designated Claim (and any other person or entity asserting an interest in such claim) shall be enjoined (the "Initial Injunction") from filing or prosecuting, with respect to such Initial Designated Claim, any motion (a "Stay Motion") for relief from either (1) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court (the "Stay"), or (2) any similar injunction (together with the Stay, the "Stay/Injunction") that may be imposed upon the confirmation or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "Chapter 9 Plan").

attached as Exhibit 1, requiring that the Plaintiff dismiss, or cause to be dismissed, with prejudice, the District Court Lawsuit.

Dated: November 20, 2015

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Co-Counsel for the City of Detroit

CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
James Noseda (P52563)
Jerry L. Ashford (P47402)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

## <u>EXHIBIT LIST</u>

Exhibit 1              Proposed Order

Exhibit 2              Notice of Opportunity to Respond

Exhibit 3              None

Exhibit 4              Certificate of Service

Exhibit 5              None

Exhibit 6A           Complaint

Exhibit 6B           Proof of Claim

Exhibit 6C           Settlement Agreement

EXHIBIT 1 – PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**[PROPOSED] ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ORDER, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS AGAINST GREGORY PHILLIPS AND/OR DOMINIQUE MCCARTHA AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF GREGORY PHILLIPS, DECEASED**

This matter came before the Court on City Of Detroit's Motion To Enforce Settlement Agreement and Order, Pursuant To Sections 105 And 502 Of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures To Promote the Liquidation Of Certain Prepetition Claims Against Gregory Phillips and/or Dominique McCartha As Personal Representative For the Estate Of Gregory Phillips, Deceased ("Motion"); and the Court being fully advised in the premises;

IT IS HEREBY ORDERED:

1.      The Motion is granted.

2.      Within five days of the entry of this Order, Dominique McCartha, as Personal Representative for the Estate of Gregory Phillips, deceased and Gregory Phillips shall dismiss, or cause to be dismissed, with prejudice Case No. 11-14419 filed with the United States District Court for the Eastern District of Michigan, Southern Division, and captioned *Dominique McCartha, as Personal Representative for the Estate of Gregory Phillips, deceased and Gregory Phillips, Plaintiff v. City of Detroit and Ian Severy, in his individual and official capacity*.

3.      The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

25350389.1\022765-00213

**EXHIBIT 2 – NOTICE**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OPPORTUNITY TO RESPOND TO
CITY OF DETROIT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND
ORDER, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE,
APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO
PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS AGAINST
GREGORY PHILLIPS AND/OR DOMINIQUE MCCARTHA AS PERSONAL
REPRESENTATIVE FOR THE ESTATE OF GREGORY PHILLIPS, DECEASED**

The City of Detroit has filed papers with the Court, asking the Court to grant its Motion

To Enforce Settlement Agreement and Order, Pursuant To Sections 105 And 502 Of the

Bankruptcy Code, Approving Alternative Dispute Resolution Procedures To Promote the

Liquidation Of Certain Prepetition Claims Against Gregory Phillips and/or Dominique Mccartha

As Personal Representative For the Estate Of Gregory Phillips, Deceased ("Motion").

**Your rights may be affected.  You should read these papers carefully and discuss

them with your attorney, if you have one in this bankruptcy case.  (If you do not have an

attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion To Enforce Settlement Agreement and

Order, Pursuant To Sections 105 And 502 Of the Bankruptcy Code, Approving Alternative

Dispute Resolution Procedures To Promote the Liquidation Of Certain Prepetition Claims

Against Gregory Phillips and/or Dominique Mccartha As Personal Representative For the Estate

Of Gregory Phillips, Deceased, or if you want the court to consider your views on the Motion, within fourteen (14) days, you or your attorney must:

1.      File with the court a written response or an answer, explaining your position at:[6]

> United States Bankruptcy Court
> 211 West Fort Street
> Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.  All attorneys are required to file pleadings electronically.

You must also mail a copy to:

> Marc N. Swanson
> Miller, Canfield, Paddock & Stone, PLC
> 150 W. Jefferson, Suite 2500
> Detroit, MI 48226

2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

---

[6] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

Dated: November 20, 2015

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Co-Counsel for the City of Detroit


CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
James Noseda (P52563)
Jerry L. Ashford (P47402)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

**EXHIBIT 3 – NONE**

25350389.1\022765-00213

# EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 20, 2015, he caused a copy of the foregoing ***CITY OF DETROIT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ORDER, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS AGAINST GREGORY PHILLIPS AND/OR DOMINIQUE MCCARTHA AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF GREGORY PHILLIPS, DECEASED*** to be served upon counsel via electronic mail and first class mail as follows:

Shawn C. Cabot
Christopher Trainor & Associates
9750 Highland Road
White Lake, MI 48386

shawn.cabot@cjtrainor.com

Dated: November 20, 2015

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

25350389.1\022765-00213

**EXHIBIT 5 – NONE**

25350389.1\022765-00213

**EXHIBIT 6A – COMPLAINT**

25350389.1\022765-00213

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DOMINIQUE McCARTHA, as Personal Representative for
the ESTATE OF GREGORY PHILLIPS, deceased and
GREGORY PHILLIPS,

      Plaintiff,

v.                                                                                      CASE NO:
                                                                                        HONORABLE:

CITY OF DETROIT and IAN SEVERY,
in his individual and official capacity,

      Defendants.
_____/
CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/

<u>**COMPLAINT AND JURY DEMAND**</u>

     **NOW COMES** Plaintiff, by and through her attorneys, CHRISTOPHER TRAINOR &

ASSOCIATES, and for her Complaint against the above-named Defendants, states as follows:

1.    Dominique McCartha is the appointed, qualified, and acting Personal Representative

     of the Estate of Gregory Phillips and currently resides in the City of Detroit, County

     of Wayne, State of Michigan.

2.    Defendant City of Detroit is a municipal corporation and governmental subdivision

     which is organized and existing under the laws of the State of Michigan.

1

3.     Defendant Ian Severy is and/or was a police officer employed by the Detroit Police Department and was acting under color of law, in his individual and official capacity, and in the course and scope of his employment at all times mentioned herein.

4.     All events giving rise to this lawsuit occurred in the City of Detroit, County of Wayne, State of Michigan.

5.     This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.  Plaintiff also has viable state law claims.

6.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7.     That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8.     Plaintiff alleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9.     On or about October 9, 2008, Gregory Phillips was shot and killed by Defendant Ian Severy in the area of 5333 McDougall, in the City of Detroit.

10.    On October 9, 2008, Gregory Phillips left his home to meet an acquaintance to buy a cell phone.

11.    Gregory Phillips met the seller of the cell phone and Detroit police officers approached them in an unmarked car and in plain clothes.

12.    The officers never once identified themselves as police officers.

13.     Because they did not know they were police officers, Gregory Phillips and his friend fled the scene on foot.

14.     As Gregory fled on foot, Defendant Severy fired multiple shots at Gregory Phillips and then told him to "Get his fucking hands up."

15.     Gregory Phillips was shot in the left chest and left flank.

16.     After Gregory Phillips had been shot, Defendant Severy repeatedly asked Gregory Phillips where the gun was at; however Gregory Phillips told the officer that he did not have a gun.

17.     The dying Gregory Phillips repeatedly asked for help, but Defendant Severy refused to render any aid to him, but instead handcuffed him.

18.     No weapons were found on Gregory Phillips or by him.

19.     At no time during the killing did Defendant Severy have a justifiable reason to use the deadly force that he employed.

20.     Defendants are not entitled to immunity protection.

21.     As a result of Defendants' unlawful actions, Plaintiff suffered injuries and damages.

## COUNT I
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 EXCESSIVE FORCE

22.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

23.     That Defendant Severy was at all times acting under color of law, within the course and scope of his employment, and in his individual and official capacities.

24.    Defendants violated Gregory Phillips' right to be free from punishment and deprivation of life and liberty without due process of law under the Fourteenth Amendment to the United States Constitution.

25.    That Defendants violated Gregory Phillips' clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable excessive and deadly force which resulted in Gregory Phillips' untimely death.

26.    Defendants' acts were at all times objectively unreasonable in violation of Gregory Phillips' clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution which proximately resulted in Gregory Phillips' untimely demise.

27.    As a proximate result of Defendants' violation and/or deprivation of Gregory Phillips' constitutional rights, Gregory Phillips and/or his estate have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees as well as an award of punitive damages.

## COUNT II
## GROSS NEGLIGENCE

28.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

29.     The governmental agency that employed Defendant Severy was engaged in the exercise or discharge of a governmental function.

30.     Defendant's conduct amounted to gross negligence that was the proximate cause of Gregory Phillips' injuries and damages.

31.     Defendant Severy was working for the Detroit Police Department at the time of the incident complained of herein and had a duty to perform his employment activities so as not to endanger or cause harm to Gregory Phillips.

32.     Notwithstanding these duties, Defendant Severy breached his duty with deliberate indifference and gross negligence and without regard to Gregory Phillips' rights and welfare, which caused serious injuries and damages to Gregory Phillips.

33.     Defendant Severy knew or should have known that by breaching these duties, harm would come to Gregory Phillips.

34.     That according to MCL 691.1407(2), the breach of Defendants' duty to exercise reasonable care was reckless and amounts to gross negligence.

35.     That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Gregory Phillips suffered damages and injuries.

36.     Defendants' actions were so egregious and so outrageous that Gregory Phillips' damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

<u>**COUNT III**</u>
<u>**CITY OF DETROIT'S CONSTITUTIONAL VIOLATIONS**</u>

37.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

38.    Defendant City of Detroit acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Gregory Phillips.

39.    That these customs and/or policies and/or practices included, but were not limited to:

    a.  Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b.  Failing to adequately train and/or supervise police officers regarding the proper use of force;

    c.  Failing to supervise, review, and/or discipline police officers whom Defendant City of Detroit knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    d.  Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive and/or deadly force.

40.     Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

41.     Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Gregory Phillips' injuries.

42.     The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and Fourteenth Amendment rights and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  October 7, 2011
SCC/rrw

## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DOMINIQUE McCARTHA, as Personal Representative for
the ESTATE OF GREGORY PHILLIPS, deceased and
GREGORY PHILLIPS,

     Plaintiff,

v.                                   CASE NO:
                                        HONORABLE:

CITY OF DETROIT and IAN SEVERY,
in his individual and official capacity,

     Defendants.

_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

_____/

**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, by and through the attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES


**s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  October 7, 2011
SCC/rrw

**EXHIBIT 6B – PROOF OF CLAIM**

25350389.1\022765-00213

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 ~~PROCEEDING~~ RECEIVED |
|---|---|---|

Name of Debtor: City of Detroit, Michigan   Case Number: 13-53846

FEB 1 9 2014

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

KURTZMAN CARSON CONSULTANTS
COURT USE ONLY

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Dominique McCartha for Estate of Gregory Phillips
Christopher Trainor & Assoc
Christopher J. Trainor & Shawn C. Cabot
9750 Highland Road
White Lake, MI 48386

Telephone number: 248-886-8650 email: shawn.cabot@cjtrainor.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:                    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $4,500,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Personal Injury / Civil Rights / Police Misconduct
(See instruction #2)

**3.** Last four digits of any number by which creditor identifies debtor: _____    **3a.** Debtor may have scheduled account as: _____
(See instruction #3a)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $_____

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Basis for perfection: _____

Value of Property: $_____

Amount of Secured Claim: $_____

**Annual Interest Rate** (when case was filed) _____% ☐ Fixed  or  ☐ Variable

Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____.** $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, evidence of perfection of a security interest are attached. (See instruction #7, and the definitio
ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

1353846140219000000000062

**8. Signature:** (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Shawn C. Cabot
Title: Attorney
Company: Christopher Trainor + Assoc
Address and telephone number (if different from notice address above):
9750 Highland Road
White Lake, MI 48386

(Signature)                         2-16-14
                                    (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Andrew E. Barrett
Shawn C. Cabot
Amy J. DeRouin
Ryan A. Ford
Timothy M. Hartner
Thomas F. Norton
Christopher J. Trainor

Of Counsel:
Shawn J. Coppins
Vincent M. Farougi



LAW OFFICES OF
# CHRISTOPHER TRAINOR
## & ASSOCIATES



9750 Highland Road
White Lake, Michigan 48386

Tel (248) 886-8650
Toll Free (800) 961-8477
Fax (248) 698-3321
MichiganLegalCenter.com

February 18, 2014
**Via Hand Delivery**

Office of the Clerk of Court
United States Bankruptcy Court
For the Eastern District of Michigan
211 West Fort Street
Suite 1700
Detroit, MI 48226

Re:     **Dominique McCartha as Per. Rep. for Estate of Gregory Phillips v. City of Detroit, et al**
        **United States District Court—E.D. Michigan Case No: 11-14419**

Dear Sir/Madam:

In reference to the above-referenced matter, enclosed please find the creditor's B10 form and supporting documentation.

At the time of the bankruptcy, a police misconduct case was pending in the United States District Court—Eastern District of Michigan. Mr. Phillips, who was unarmed, was shot and killed by a City of Detroit police officer for no legal or justifiable reason whatsoever.

Attached are copies of the filed Court Complaint and a Facilitation Summary (without exhibits) which support the claimant's position.

If any questions or concerns arise, please feel free to contact our office.

Very Truly Yours,
CHRISTOPHER TRAINOR & ASSOCIATES

Shawn C. Cabot, Esq.

SCC/
Enclosures

cc:     City of Detroit Claims Processing Center
        c/o Kurtzman Carson Consultants, LLC
        2335 Alaska Avenue
        El Segundo, CA 90245

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOMINIQUE McCARTHA, as Personal Representative for
the ESTATE OF GREGORY PHILLIPS, deceased and
GREGORY PHILLIPS,

      Plaintiff,

v.

                                      CASE NO: 11-14419
                                      HONORABLE:
                                          Avern Cohn

CITY OF DETROIT and IAN SEVERY,
in his individual and official capacity,

      Defendants.

_____/

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
_____/

## COMPLAINT AND JURY DEMAND

    **NOW COMES** Plaintiff, by and through her attorneys, CHRISTOPHER TRAINOR &

ASSOCIATES, and for her Complaint against the above-named Defendants, states as follows:

1.    Dominique McCartha is the appointed, qualified, and acting Personal Representative

      of the Estate of Gregory Phillips and currently resides in the City of Detroit, County

      of Wayne, State of Michigan.

2.    Defendant City of Detroit is a municipal corporation and governmental subdivision

      which is organized and existing under the laws of the State of Michigan.

3.    Defendant Ian Severy is and/or was a police officer employed by the Detroit Police Department and was acting under color of law, in his individual and official capacity, and in the course and scope of his employment at all times mentioned herein.

4.    All events giving rise to this lawsuit occurred in the City of Detroit, County of Wayne, State of Michigan.

5.    This lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and Fourteenth Amendments to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983. Plaintiff also has viable state law claims.

6.    Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7.    That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8.    Plaintiff alleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9.    On or about October 9, 2008, Gregory Phillips was shot and killed by Defendant Ian Severy in the area of 5333 McDougall, in the City of Detroit.

10.   On October 9, 2008, Gregory Phillips left his home to meet an acquaintance to buy a cell phone.

11.   Gregory Phillips met the seller of the cell phone and Detroit police officers approached them in an unmarked car and in plain clothes.

12.   The officers never once identified themselves as police officers.

13. Because they did not know they were police officers, Gregory Phillips and his friend fled the scene on foot.

14. As Gregory fled on foot, Defendant Severy fired multiple shots at Gregory Phillips and then told him to "Get his fucking hands up."

15. Gregory Phillips was shot in the left chest and left flank.

16. After Gregory Phillips had been shot, Defendant Severy repeatedly asked Gregory Phillips where the gun was at; however Gregory Phillips told the officer that he did not have a gun.

17. The dying Gregory Phillips repeatedly asked for help, but Defendant Severy refused to render any aid to him, but instead handcuffed him.

18. No weapons were found on Gregory Phillips or by him.

19. At no time during the killing did Defendant Severy have a justifiable reason to use the deadly force that he employed.

20. Defendants are not entitled to immunity protection.

21. As a result of Defendants' unlawful actions, Plaintiff suffered injuries and damages.

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983 EXCESSIVE FORCE**

22. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

23. That Defendant Severy was at all times acting under color of law, within the course and scope of his employment, and in his individual and official capacities.

24.     Defendants violated Gregory Phillips' right to be free from punishment and deprivation of life and liberty without due process of law under the Fourteenth Amendment to the United States Constitution.

25.     That Defendants violated Gregory Phillips' clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable excessive and deadly force which resulted in Gregory Phillips' untimely death.

26.     Defendants' acts were at all times objectively unreasonable in violation of Gregory Phillips' clearly established rights under the Fourth and Fourteenth Amendments to the United States Constitution which proximately resulted in Gregory Phillips' untimely demise.

27.     As a proximate result of Defendants' violation and/or deprivation of Gregory Phillips' constitutional rights, Gregory Phillips and/or his estate have a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interest and attorney fees pursuant to 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in her favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees as well as an award of punitive damages.

## COUNT II
## GROSS NEGLIGENCE

28. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

29. The governmental agency that employed Defendant Severy was engaged in the exercise or discharge of a governmental function.

30. Defendant's conduct amounted to gross negligence that was the proximate cause of Gregory Phillips' injuries and damages.

31. Defendant Severy was working for the Detroit Police Department at the time of the incident complained of herein and had a duty to perform his employment activities so as not to endanger or cause harm to Gregory Phillips.

32. Notwithstanding these duties, Defendant Severy breached his duty with deliberate indifference and gross negligence and without regard to Gregory Phillips' rights and welfare, which caused serious injuries and damages to Gregory Phillips.

33. Defendant Severy knew or should have known that by breaching these duties, harm would come to Gregory Phillips.

34. That according to MCL 691.1407(2), the breach of Defendants' duty to exercise reasonable care was reckless and amounts to gross negligence.

35. That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Gregory Phillips suffered damages and injuries.

36. Defendants' actions were so egregious and so outrageous that Gregory Phillips' damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

## COUNT III
## CITY OF DETROIT'S CONSTITUTIONAL VIOLATIONS

37.  Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

38.  Defendant City of Detroit acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Gregory Phillips.

39.  That these customs and/or policies and/or practices included, but were not limited to:

   a.  Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

   b.  Failing to adequately train and/or supervise police officers regarding the proper use of force;

   c.  Failing to supervise, review, and/or discipline police officers whom Defendant City of Detroit knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

   d.  Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest and the proper policies and procedures for effectuating an arrest without the use of excessive and/or deadly force.

40. Defendants' conduct demonstrated a substantial lack of concern for whether an injury resulted.

41. Defendants' acts and/or indifference and/or omissions were the direct and proximate cause of Gregory Phillips' injuries.

42. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and Fourteenth Amendment rights and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter an award in Plaintiff's favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

_s/ Shawn C. Cabot_
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated: October 7, 2011
SCC/rrw

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DOMINIQUE McCARTHA, as Personal Representative for
the ESTATE OF GREGORY PHILLIPS, deceased and
GREGORY PHILLIPS,

     Plaintiff,

v.                                     CASE NO:
                                        HONORABLE:

CITY OF DETROIT and IAN SEVERY,
in his individual and official capacity,

     Defendants.

                                                    /

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com
                                                      /

**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, by and through the attorneys, CHRISTOPHER TRAINOR &

ASSOCIATES, and hereby makes a Demand for Trial by Jury.

Respectfully Submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

**s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
SHAWN C. CABOT (P64021)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
shawn.cabot@cjtrainor.com

Dated:  October 7, 2011
SCC/rrw

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY PHILLIPS and/or DOMINIQUE
McCARTHA as Personal Representative for
the Estate of GREGORY PHILLIPS, deceased,

     Plaintiff,

v.

     CASE NO:   11-14419
     HONORABLE:  AVERN COHN

CITY OF DETROIT and IAN SEVERY,
in his individual and official capacity,

     Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES | CITY OF DETROIT LAW DEPARTMENT |
|---|---|
| CHRISTOPHER J. TRAINOR (P42449) | JERRY L. ASHFORD (P47402) |
| AMY J. DEROUIN (P70514) | Attorneys for Defendants |
| Attorneys for Plaintiff | 660 Woodward Avenue, Suite 1800 |
| 9750 Highland Road | Detroit, Michigan 48226 |
| White Lake, MI 48386 | (313) 237-3062 |
| (248) 886-8650 | ashfj@detroitmi.gov |
| (248) 698-3321 | |
| amy.derouin@cjtrainor.com | |

## PLAINTIFF'S FACILITATION SUMMARY

     **Date:**       **June 27, 2013**
     **Time:**       **2:00 p.m.**
     **Facilitator:**  **Allan Charlton**

### I.   OVERVIEW:

This case involves the unjustified and indefensible killing of Mr. Gregory Phillips by a

Defendant City of Detroit police officer. Defendant Ian Severy murdered Mr. Phillips, after he

cornered him in a dark alley. While the officers allege that Plaintiff was posing a threat to them

by waving around a gun, tales of this phantom gun have been greatly exaggerated and there is

zero evidence to substantiate said allegations. As a matter of fact, the physical evidence does not

support that Mr. Phillips even had any weapon on his person at the time that he was fatally shot, let alone a gun. As a result of Defendants' unlawful actions, Plaintiff will not settle for less than $4,500,000.00.

## II.   STATEMENT OF FACTS:

This case involves the murder of Gregory Phillips, in violation of his rights as secured by the Fourth Amendment of the United States Constitution and state law. On October 9, 2008, Mr. Phillips was visiting with his friends before returning home with his five-year-old son. As Mr. Phillips stood near his vehicle, an unmarked Detroit Police Department patrol car stopped near him and out sprung three plainclothes police officers, which included Defendant Severy. Officers Brian Laperrierre, John Mitchell, and Defendant Ian Severy began chasing Mr. Phillips and his friends as Officer David Pomeroy pursued them in the police vehicle. According to the testimony of Defendant Severy and Officer Mitchell, who chased Mr. Phillips, at some point during the foot chase Mr. Phillips pulled a gun from inside his coat, ran with the gun in his hand until he reached a gate, then turned and pointed the gun at Defendant Severy. However, their suspicious testimony is completely unsubstantiated by any physical evidence.

Specifically, all photographic evidence from the scene show Mr. Phillips' body, covered in blood, sprawled on the ground within a few feet of a small black object. **(See Crime Scene Photos, attached as Exhibit F.)** That object, as reflected in photographs taken at the scene of the homicide, was a cell phone. Moreover, none of the photographic evidence reflects that Mr. Phillips had a gun.

Defendant Severy, who fired the shots that killed Mr. Phillips, testified that the alleged gun that Mr. Phillips aimed at him was removed from the scene to ensure the safety of the police

officers. **(See Deposition Transcript of Defendant Ian Severy attached as Exhibit A, p. 26).**
However, Defendant Severy also testified that he knew that Mr. Phillips was dead the moment he approached the body. **(Exhibit A, p. 27).** Defendant Severy's partner, Office Mitchell, was the next officer to arrive on the scene. In his deposition, Officer Mitchell's testimony is wildly different from that of Defendant Severy. Officer Mitchell testified that Mr. Phillips was still breathing immediately after the shooting, and he was alive until the moment before EMS arrived on the scene. **(See Deposition Transcript of John Mitchell attached as Exhibit B, pp. 30-31).** Although Mr. Phillips was still alive, according to Officer Mitchell, Officer Mitchell took no action to save Mr. Phillips' life and instead spent those precious few minutes securing the alleged gun and handcuffing Mr. Phillips. **(Exhibit B, pp. 30-31).** Officer Mitchell testified that he took pains to preserve any fingerprints on this gun, and picked it up carefully with his thumb and forefinger to avoid compromising the evidence. **(Exhibit B, p. 27).** Shockingly, Officer Mitchell's next action taken with this evidence, that he was so concerned with preserving, was to stick the gun into his pocket! **(Exhibit B, p. 28).** As it turned out, Officer Mitchell did not need to be concerned at all with preserving fingerprints on the gun, because Defendant City of Detroit never ordered, and *to this very day* had not ordered, any fingerprint analysis of the alleged gun carried by Mr. Phillips submitted into evidence.

Although Officer Pomeroy, who was Officer Mitchell's supervisor, testified that it was Officer Mitchell's responsibility to inform the evidence tech, Thomas Smith, of any gun recovered from the scene Officer Mitchell shirked that responsibility and passed it along to the other officers. **(Exhibit B, p. 33; See Deposition Transcript of David Pomeroy attached as Exhibit C, pp. 28-29, 31).** While who retains ultimate responsibility remains a mystery, the fact

is that none of the responding officers reported to Mr. Smith where the alleged gun was found – that's because Mr. Phillips did not have a gun.

Notably, Officer Pomeroy testified that he never saw the gun while it was on the ground. (Exhibit C, p. 22). Defendant Severy then testified that Officer Mitchell took the gun to the trunk of the scout car. (Exhibit A, p. 25). However, and as previously mentioned, Officer Mitchell testified that he put the gun in his pocket. (Exhibit B, p. 28). Mr. Smith's report reflects, and his deposition testimony details, that the item that was found at the scene and marked with evidence tag number three was a cell phone. (See Deposition Transcript of Thomas Smith attached as Exhibit D, p. 19). Mr. Smith, a retired evidence technician without an interest in this case, acknowledged that he could not make a representation of the location of the gun because he never saw the weapon and Officer Mitchell never provided this information to him. (Exhibit D, pp. 8-10, 19). Officer Laperrierre, who arrived on the scene within minutes after the shooting, never even saw the gun allegedly dropped by Mr. Phillips, nor did he ever see Mr. Phillips pull a weapon at all. (See Deposition Transcript of Brian Laperrierre attached as Exhibit E, pp. 18, 24). This mystery gun, with its unclear and problematic journey through the chain of custody and nonexistent relationship to Mr. Phillips, is the crux of any defense to this unjustified homicide. Unfortunately for the Defendants, no photographic or forensic evidence support the allegation that Mr. Phillips had a gun. Instead, the same such evidence lends its credence to the most apparent answer which is that Mr. Phillips was gunned down in a dark alley on a dark night for no justification whatsoever. As stated above, Mr. Smith, the evidence technician who conducted a thorough and complete accounting of the scene of the homicide shortly after it occurred, testified that he *never* saw a gun that was alleged to have been the

property of Mr. Phillips. The only personal effect of Mr. Phillips that was on the ground near his fallen body was his cell phone. **(Exhibit D, pp. 20, 24).**

Mr. Phillips, father of two small children who were dependent upon him, is survived by those children. Mr. Phillips was an employee of Two Men and a Truck prior to his murder. Consequently, Plaintiff filed the instant lawsuit against Defendants City of Detroit and Ian Severy alleging the following claims: (1) excessive use of force in violation of the Fourth Amendment under 42 U.S.C. § 1983; (2) assault and battery; (3) gross negligence; and (4) a *Monell* claim against the City of Detroit.

## III. CORROBORATING FACTS:

### A. DEPOSITION TRANSCRIPT OF DEFENDANT IAN SEVERY (EXHIBIT A):

- Officer Mitchell moved the gun out of concern for the safety of the officers after the shooting. **(p. 26)**
- Immediately after the shooting, he was aware that Mr. Phillips was dead. **(p. 27)**
- After Officer Mitchell picked up the gun, Officer Mitchell put it in the trunk of the patrol car. **(p. 25)**

### B. DEPOSITION TRANSCRIPT OF JOHN MITCHELL (EXHIBIT B):

- Mr. Phillips was alive immediately following the shooting and until just before EMS arrived. **(pp. 30-31)**
- He secured the gun and handcuffed Mr. Phillips before EMS arrived. **(p. 30-31)**
- He picked up the gun with his thumb and forefinger. **(p. 27)**
- He put the gun in his pocket. **(p. 28)**

### C. DEPOSITION TRANSCRIPT OF DAVID POMEROY (EXHIBIT C):

- Officer Mitchell was responsible for reporting the gun to the evidence tech. **(pp. 28-31)**
- He never saw the alleged gun on the ground. **(p. 22)**

### D. DEPOSITION TRANSCRIPT OF THOMAS SMITH (EXHIBIT D):

- He marked the cell phone found on the ground as Exhibit 3. **(p. 19)**
- As the officer recovering evidence, it was Officer Mitchell's responsibility to report any removed evidence to him in preparation of his report of the scene. **(pp. 8-10)**
- Mr. Phillips' cell phone was on the ground near his body when Mr. Smith arrived at the scene. **(p. 20)**

- He never saw the gun. **(p. 24)**

## E.  DEPOSITION TRANSCRIPT OF BRIAN LAPERRIERRE (EXHIBIT E):

- He never saw the gun on the ground. **(p. 18)**
- He never saw Mr. Phillips pull a gun from inside his coat. **(p. 24)**

## F.  CRIME SCENE PHOTOS (EXHIBIT F):

## V.  LEGAL ARGUMENT:

## A.  DEFENDANTS ARE LIABLE FOR ASSAULTING AND BATTERING MR. PHILLIPS.

Under Michigan law, an assault is an intentional and unlawful threat of offensive physical contact to another person which under the circumstances creates in the victim a well-founded fear of imminent physical contact coupled with the ability of the assailant to accomplish the contact. *VanVorous v. Burmeister*, 262 Mich. App. 467 (2004). *See also Espinoza v. Thomas*, 189 Mich. App. 110, 119 (1991). A battery is defined as "a willful and harmful or offensive touching of another person which results from an act intended to cause such a contact." A police officer may use force when making an arrest, **but only that level of necessary force** that an ordinary person would have deemed necessary given the knowledge of the arresting officer and the situation in which the arrest occurred. *Brewer v. Perrin*, 132 Mich. App. 520, 528 (1984). To find that a government actor is liable for the aforementioned torts, a Court must determine that "the officers' actions were not justified because they were not objectively reasonable under the circumstances." *Id.*

In the present case, Defendant Severy's actions against Mr. Phillips were absolutely unjustifiable, unreasonable, and absolutely malicious. As a result of Defendant Severy's intentional and unlawful actions, Mr. Phillips lost his life. Therefore, Defendant Severy is unmistakably liable for assaulting and battering Mr. Phillips.

**B.  DEFENDANT SEVERY'S CONDUCT WAS GROSSLY NEGLIGENT AND GOVERNMENTAL IMMUNITY DOES NOT APPLY.**

In Michigan, governmental employees acting within the scope of their employment are immune from tort liability **unless** their conduct amounts to gross negligence. MCL 691.1407(2); *Poppen v. Tovey*, 256 Mich. App. 351, 356 (2003). Gross negligence is statutorily defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCLA 691.1407(a); *Oliver v. Smith*, 269 Mich. App. 560, 565 (2006). Moreover, the definition of gross negligence "suggests almost a willful disregard of precautions or measures to attend to safety and a singular disregard for substantial risks. It is as though, if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Tarlea v. Crabtree*, 263 Mich. App. 80, 87 (2004).

The senseless and unlawful actions taken by Defendant Severy illustrate a wanton disregard for Mr. Phillips' welfare and safety. As such, Defendant Severy is clearly liable for gross negligence because his unlawful and disturbing actions clearly demonstrate a substantial lack of concern for whether an injury or death resulted to Mr. Phillips, and he is certainly not entitled to governmental immunity.

**C.  DEFENDANT SEVERY'S USE OF FORCE AGAINST MR. PHILLIPS WAS EXCESSIVE IN VIOLATION OF THE FOURTH AMENDMENT AND DEFENDANT SEVERY IS NOT ENTITLED TO QUALIFIED IMMUNITY**

The Fourth Amendment to the United States Constitution guarantees that "the right of the people to be secure in their person...against unreasonable searches and seizures, shall not be violated...." U.S. CONST. AMEND. IV. The reasonableness of a seizure "depends not only on *when* it is made, but also on *how* it is carried out." *Graham v. Connor*, 490 U.S. 386, 395 (1989) (emphasis in original) (citing *Tennessee v. Garner*, 471 U.S. 1, 7-8 (1985). Thus, pursuant to 42

U.S.C. § 1983, a cause of action exists for the excessive use of force during an arrest. As will be explained below, Defendant Severy violated Plaintiff's Fourth Amendment rights by use of excessive force and he is not entitled to qualified immunity for his actions.

The Fourth Amendment's prohibition of unreasonable seizures strictly limits the amount of force a police officer may use. *Graham* at 394. Specifically, **a police officer may only use that degree of force necessary to complete the arrest.** *Monday v. Oullette,* 118 F.3d 1099, 1102 (6th Cir. 1997) (emphasis added). When reviewing a police officer's use of force, the Court asks whether a reasonable officer on the scene would have employed a similar degree of force. *Smith v. Freland,* 954 F.2d 343, 345-347 (6th Cir. 1992); see also *Graham* at 396. A court must consider the facts and circumstances surrounding the arrest or seizure, including "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the citizen is actively resisting arrest or attempting to evade arrest by flight." *Graham* at 396-97. An objective standard must be used to determine the reasonableness of the particular force used in light of the facts and circumstances confronting a reasonable officer on the scene. *Graham* at 396-97. Applying this standard to the facts of this case leaves only one conclusion: Defendants used excessive force against Plaintiff.

Cases within the Sixth Circuit "clearly establish the right of people who pose no safety risk to the police to be free from gratuitous violence...." *Shreve v. Jessamine County Fiscal Court,* 453 F.3d 681, 688 (6th Cir. 2006). In the instant case, even though Mr. Phillips was completely compliant and posed no threat whatsoever to any of the officers, he was fatally shot. Clearly, Defendant Severy's actions were certainly unreasonable and excessive and he is not entitled to qualified immunity.

## D. PLAINTIFF HAS VALID CLAIMS AGAINST DEFENDANT CITY OF DETROIT

In *Monell v Dept. of Social Services of the City of New York*, 436 US 658, 690-691(1978), the United States Supreme Court held that local governments "may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." While a municipality cannot be held liable solely because it employs a tortfeasor, liability can be imposed when an employee adheres to an official policy which causes another's constitutional rights to be violated.

A municipality will be held liable for inadequately training its officers when it "evidences a 'deliberate indifference' to the rights of its inhabitants...such a shortcoming [can] be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton v. Harris*, 489 US 378, 389 (1989). Defendant City of Detroit has clearly failed to train and supervise its police officers as to the proper use of force to employ while arresting a citizen. This failure to train and supervise the police officers regarding the use of force makes Defendant City of Detroit liable for Mr. Phillips' death and damages.

## VI.  Conclusion

In light of the evidence and caselaw set forth above, Plaintiff will not settle for less than

$4,500,000.00.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY: _____

CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650

Dated:  June 25, 2013
AJD/gcj

## PROOF OF SERVICE

The undersigned certified that on the 26th day of June, 2013
a copy of the foregoing document was served upon the attorney (s)
of record by e-mailing a copy of same to said attorney(s) only.
I declare under the penalty of perjury that the foregoing statement is
true to the best of my information, knowledge and belief.

_____
*DANIELLE NOWICKI*

# EXHIBIT 6C – SETTLEMENT AGREEMENT

25350389.1\022765-00213

Shawn C. Cabot
Amy J. DeRouin
Ryan A. Ford
Timothy M. Hartner
Thomas F. Norton
Christopher J. Trainor

Of Counsel:
Shawn J. Coppins
Vincent M. Farougi



LAW OFFICES OF
# CHRISTOPHER TRAINOR
## & ASSOCIATES

9750 Highland Road
White Lake, Michigan 48386

Tel (248) 886-8650
Toll Free (800) 961-8477
Fax (248) 698-3321
MichiganLegalCenter.com

October 22, 2014

Krystal A. Crittendon, Esq.
City of Detroit Law Department
2 Woodward Avenue
Detroit, MI 48226

**RE:** **Estate of Gregory Phillips bnf Dominique McCartha v City of Detroit, et al
11-14419**

Dear Ms. Crittendon:

Relative to the above-referenced matter, enclosed please find the signed *Agreement Resolving Claim* along with *Medicare report and Indemnification Affidavit*. Please file in your usual manner.

Should you have any questions or concerns, please feel free to contact my office. Thank you for your time and prompt attention with this matter.

Very truly yours,
CHRISTOPHER TRAINOR & ASSOCIATES

*Caleena Cortes*

Caleena Cortes
*Legal Assistant to Amy J. DeRouin, ESQ.*

*AJD/cc*
*Enclosures (6 pages)*

PO26716 C002830

## UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-------------------------------------------------------------- x
                                     :

In re                              :    Chapter 9

CITY OF DETROIT, MICHIGAN,    :    Case No. 13-53846

                Debtor.    :    Hon. Steven W. Rhodes    *SEP 2 9 2014*

-------------------------------------------------------------- :
                                       x

## AGREEMENT RESOLVING CLAIMS OF DOMINIQUE MCCARTHA, AS PERSONAL REPRESENTATIVE OF ESTATE OF GREGORY PHILLIPS

The City of Detroit (the "City") and the claimant identified in paragraph 2 below (the "Claimant" and, together with the City, the "Parties"), by and through their respective authorized representatives, do hereby agree as follows:

### RECITALS

A.    On July 18, 2013, the City commenced the above-captioned case (the "Chapter 9 Case") by filing a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). On December 5, 2013, following its determination that the City met all of the applicable requirements and is eligible to be a debtor under chapter 9 of the Bankruptcy Code, the Bankruptcy Court entered the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) with respect to the City.

B. Pursuant to section 904 of the Bankruptcy Code, the City may continue to exercise its political and governmental powers, manage its property and revenues and use and enjoy its income-producing property without interference from the Bankruptcy Court.

C. On December 24, 2013, the Bankruptcy Court entered the Order, pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "ADR Order") establishing certain alternative dispute resolution procedures (collectively, the "ADR Procedures") to promote the resolution of certain claims designated by the City.

D. The Claimant is the current record holder of the proof of claim identified under the heading "Filed Claim Number" in the table in paragraph 2 below (the "Filed Claim").

E. The City (i) reviewed the Filed Claim and the facts and circumstances of the alleged liabilities asserted therein and (ii) designated the Filed Claim for potential resolution through the ADR Procedures.

F. The City believes that the resolution of the Filed Claim as set forth in this Agreement is fair, reasonable and appropriate and will allow the Parties to avoid the cost, delay and burden of litigating potential disputes related to the Filed Claim. In accordance with the ADR Order, the resolution of the Filed Claim set forth in this Agreement terminates the ADR Procedures with respect to the Filed Claim pursuant to section II.A.7 of the ADR Procedures.

G.     Pursuant to section 904 of the Bankruptcy Code, the City is authorized to propose and enter into this Agreement without further order of the Bankruptcy Court.

H.     The undersigned is authorized to enter into this Agreement on behalf of the City pursuant to a confidential memorandum dated March 25, 2014 that was issued to the City of Detroit Corporation Counsel by Kevyn Orr, Emergency Manager for the City of Detroit, entitled Litigation Claim Settlement Authority.

I.     The Parties have agreed to the terms set forth in this Agreement, as indicated by the signatures of their respective authorized representatives below.

## AGREEMENT

1.     The Claimant represents and warrants to the City that it has not sold, assigned, factored or otherwise transferred any portion of or interest in the Filed Claim and is the sole holder of the Filed Claim, with full authority to enter into this Agreement.   The Claimant further agrees to indemnify and hold the City harmless for any damages, including without limitation actual and reasonable out of pocket costs, resulting from a breach of its representations and warranties set forth in this paragraph.

2.     The Filed Claim is deemed amended, modified and allowed   as a general unsecured, nonpriority claim (any such claim, a "Settled Claim") in the corresponding amount set forth in the table below under the heading "Settled Claim Amount":

| Claimant | Filed Claim Number | Filed Claim Amount | Filed Claim Priority | Settled Claim Amount | Settled Claim Priority |
|---|---|---|---|---|---|
| DOMINIQUE MCCARTHA Personal Rep of Estate of Gregory Phillips | 1155 | $25,000.00 | General unsecured, nonpriority | $25,000.00 | General unsecured, nonpriority |

3.　　The Parties agree that any Filed Claim identified in paragraph 2 above for which there is no corresponding Settled Claim (or such amount is listed as $0.00) is hereby withdrawn and deemed disallowed and expunged, pursuant to section 502 of the Bankruptcy Code.

4.　　The Claimant will not further amend the Filed Claim (or the Settled Claim) or file any additional proofs of claim with respect to the liabilities asserted in the Filed Claim. Any further amendments to the Filed Claim (or the Settled Claim) or any additional claims filed by the Claimant or their successors or assigns with respect to the liabilities asserted in the Filed Claim shall be null, void and of no effect.

5.　　The Parties agree that any Settled Claim is a general unsecured, nonpriority claim, subject to the treatment provided for such claims under any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan").

6.　　Any distribution made to the Claimant pursuant to a Plan is referred to herein as a "Plan Distribution." If the Claimant or its successors or assigns receive payment of any portion of the Settled Claims from any source, including from the City, other than through the Plan (a

"Non-Plan Payment"), the portion of the Settled Claim equal to the amount of the Non-Plan Payments shall be deemed fully satisfied, and the Claimant, for itself and any successors or assigns, hereby prospectively waives and disclaims the right to receive Plan Distributions on account of the portion of the Settled Claim satisfied by any Non-Plan Payments.

7.      Nothing in this Agreement will have any impact on any proof(s) of claim that the Claimant has filed or holds other than the Filed Claim. The Parties retain all of their respective claims, defenses, objections, counterclaims and any and all rights in respect of any proofs of claim that the Claimant has filed or holds other than the Filed Claim.

8.      As to the Filed Claims and Settled Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City. The Claimant acknowledges that this Agreement represents the compromise of a disputed claim and is not to be construed as an admission of liability on the part of the City. As used in this Agreement, the Claimant and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any. Where required by the City, the Claimant has executed the Medicare Reporting and Indemnification Affidavit[s], if any, attached as Exhibit A.

9.      The Claimant stipulates to dismissal with prejudice of the civil action[s] related to the Filed Claims or Settled Claim in the form attached hereto as Exhibit B.

10.     This Agreement may be executed in identical counterparts, and/or by facsimile or e-mail scan, each of which when so executed and delivered will constitute an original, but all of

which taken together will constitute one and the same instrument. This Agreement constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

WHEREFORE, the undersigned have executed this Agreement on behalf of the parties hereto.

CITY OF DETROIT

By: _____
KRYSTAL A. CRITTENDON
Supervising Assistant Corporation Counsel

Date: 9/26/14

DOMINIQUE MCCARTHA, As Personal
Representative of Estate of Gregory Phillips

_____

Date: 9/26/14

Claimant's counsel:

_____
CHRISTOPHER J. TRAINOR   Shawn C. Cabot

Date: 10-13-14