# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

------------------------------------------------------------X
:
In re: : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Judge Thomas J. Tucker
:
------------------------------------------------------------X

## ORDER APPROVING PROCEDURES FOR ADVERSARY PROCEEDINGS TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Upon consideration of the Status Report Regarding Preference Actions To Be Filed (Docket # 10270, the "Status Report")[1] filed by the City of Detroit, Michigan (the "City"); and upon the status conference held on November 23, 2015 (the "Status Conference"); and the Court having determined that the many unique circumstances arising in this Chapter 9 case warrant unique procedures governing the City's Avoidance Actions; and it appearing that proper and adequate notice of the Status Conference has been given and no other or further notice is necessary; and good and sufficient cause appearing under the relevant circumstances of this Chapter 9 case,

**IT IS ORDERED** that:

A. These procedures apply to all of the Avoidance Actions that the City files to avoid and recover Preferential Transfers.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Status Report.

B.	The time period under Federal Rule of Civil Procedure 4, made applicable to the Avoidance Actions by Federal Bankruptcy Rule 7004(e), by which the City must serve the Summonses and Complaints in the Avoidance Actions on defendants in the United States is extended to January 11, 2016, without prejudice to the City's right to seek further extensions of time for cause shown.

C.	Notwithstanding the form and wording of the summons that will be issued, and by virtue of this Order, each defendant is granted an extension of time, through February 10, 2016, to respond to the Complaint. The Court strongly discourages the filing of a motion to dismiss in lieu of an answer under Civil Rule 12(b)(6). Unless the Court orders otherwise, the City may not file a response to such a motion and no hearing will be held on such a motion.

D.	Without further order of the Court, the parties may stipulate to extensions of the time within which a defendant must respond to a Complaint, but in no event may such time be extended to a date that is later than April 15, 2016. No extensions of time beyond April 15, 2016 will be granted, whether requested by motion or by stipulation. The stipulation(s) must be in writing and filed in the applicable adversary proceeding to be effective and binding on the parties.

E.	The Clerk of the Court will promptly enter a default against any defendant who has been properly served but who has not timely filed an answer. Consistent with L.B.R. 7055-1 (E.D.M.), the City must file an application for default judgment, and submit a proposed default judgment to the order submission program in CM/ECF under "utilities," within 14 days after the default is entered. If the City fails to

-2-
13-53846-tjt    Doc 10280    Filed 11/24/15    Entered 11/24/15 15:07:15    Page 2 of 5

comply with these requirements within 14 days after the Clerk's entry of the default, the complaint will be dismissed without a hearing.

F.      Federal Rule of Civil Procedure 26(f), applicable to the Avoidance Actions under Federal Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), is stayed with respect to the Avoidance Actions until further order of the Court.

G.      The parties' obligations and ability to conduct formal discovery in each Avoidance Action is stayed until a discovery scheduling order is entered, provided that during the stay of discovery, the parties are directed and encouraged to informally exchange documents and information in an attempt to resolve an Avoidance Action.

H.      The Court may schedule regular Omnibus Hearing dates, on which dates status conferences in the Avoidance Actions will take place, if necessary. If the Court does schedule such regular Omnibus Hearing dates, any pretrial motions filed by the parties in the Avoidance Actions will be set for hearing on one of the Omnibus Hearing dates, unless otherwise ordered by the Court or noticed by the Clerk.

I.      Any motions filed by the City that affect all of the Avoidance Actions must be filed on the main docket of the Chapter 9 case, and not in each separately docketed Avoidance Action; provided, however, that each defendant must receive notice of the filing of the same.

J.      On or before April 29, 2016, the City must file a report to advise the Court of the status of the Avoidance Actions commenced in connection with the Preferential

Transfers, and the Court will conduct a status conference on **May 18, 2016 at 1:30 p.m.** during which the Court will consider, among other things:

    i.    Whether one or more further omnibus scheduling orders should be entered regarding the Avoidance Actions;

    ii.    Whether and to what extent mediation orders, including orders for mediation under the procedures of L.B.R. 7016-2, may be appropriate for certain of the Avoidance Actions; and the best timing for any such orders.

    K.    Immediately upon the settlement of an adversary proceeding, counsel for the City must file in the relevant adversary proceeding a notice of the settlement, and must file a dismissal notice, and must submit to the Court a proposed judgment or order, or other appropriate document resolving such Avoidance Action.

    L.    Only attorneys admitted to the bar of the United States District Court for the Eastern District of Michigan may represent a defendant in an Avoidance Action. *See* L.B.R. 9010-l(a)(l) (E.D. Mich.). *See also* L.R. 83.20 (E.D. Mich.) available at www.mieb.uscourts.gov.

    M.    "A corporation, partnership, or other entity other than an individual shall not file a . . . pleading, nor appear as a . . . defendant . . . [in an Avoidance Action] . . . unless it is represented by an attorney duly admitted to and in good standing with, the bar of the United States District Court of this district." L.B.R. 9010-l(a)(l) (E.D. Mich.). Any answer or other pleading filed in violation of this rule will be stricken.

    N.    All parties are required to comply with the Bankruptcy Court's Administrative Procedures for Electronic Case Filing, which can be found on the Bankruptcy Court's website at www.mieb.uscourts.gov.

O. All procedural matters not specifically addressed in this Order are governed by applicable provisions of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Eastern District of Michigan.

P. This Order does not shorten any applicable statute of limitations pertaining to the City's rights to bring avoidance actions.

Q. Nothing in this Order limits the City's ability to pursue avoidance actions against entities that are not subject to this order.

R. A copy of this Order must be served on each defendant with the Summons and Complaint in each Avoidance Action.

**Signed on November 24, 2015**    **/s/ Thomas J. Tucker**
**Thomas J. Tucker**
**United States Bankruptcy Judge**