THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

| | |
|---|---|
| In re: | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Thomas J. Tucker |
| CITY OF DETROIT, MICHIGAN, | Adv. Pro. No. 15-_____ (___) |
| Plaintiff, | |
| – against – | |
| CLAYTON INDUSTRIES INC, | |
| Defendant. | |

## COMPLAINT TO (I) AVOID AND RECOVER AVOIDABLE TRANSFERS AND (II) DISALLOW CLAIMS

The City of Detroit, Michigan (the "City" or "Plaintiff"), by and through its undersigned counsel, makes this Complaint to avoid and recover certain transfers made by Plaintiff to or for the benefit of Clayton Industries Inc ("Defendant"), and respectfully alleges:

### NATURE OF THE ACTION

1. This is an adversary proceeding to avoid and recover transfers made by the City prior to the commencement of the City's bankruptcy case and to disallow claims asserted against the City in favor of Defendant. Specifically, Plaintiff seeks entry of a judgment against Defendant: (i) avoiding transfers pursuant to 11 U.S.C. § 547(b); (ii) directing Defendant to pay an amount to be determined at trial that is not less than the amount of avoidable transfers, plus interest and costs, pursuant to 11 U.S.C. § 550(a); and (iii) disallowing any claims filed by Defendant against the City .

unless and until Defendant returns the avoidable transfers to Plaintiff pursuant to 11 U.S.C. § 502(d).

## JURISDICTION AND VENUE

2. This adversary proceeding relates to the Chapter 9 case of the City, Case No. 13-53846, pending in the United States Bankruptcy Court for the Eastern District of Michigan, Southern Division (the "Court").

3. This adversary proceeding is brought pursuant to Rule 7001 *et seq.* of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 502(d), 547(b) and 550(a).

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(F).

6. Plaintiff consents to entry of a final order by the Court in this adversary proceeding.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND AND THE PARTIES

8. On July 18, 2013 (the "Petition Date"), the City filed a voluntary petition for relief under Chapter 9 of title 11 of the United States Code (the "Bankruptcy Code").

9. On December 5, 2013, the Court determined that the City was eligible to be a debtor under Chapter 9 of the Bankruptcy Code and entered an Order for Relief under Chapter 9 of the Bankruptcy Code.

10. On October 22, 2014, the City filed the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* (the "Plan") [Docket No. 8045].

11. The Plan provided, among other things, that the City would retain and enforce all claims, rights and Causes of Action, as defined in the Plan, to include the causes of action set forth in this Complaint. *See* Plan, Article III(D)(2).

12. The City expressly preserved the right to assert any Cause of Action against Defendant by identifying Defendant in the City's nonexclusive schedule of parties against whom Causes of Action could be asserted. *See* Plan Exhibit III.D.2 [Docket No. 8192].

13. On November 12, 2014, the Court entered an Order confirming the Plan [Docket No. 8649].

14. The Effective Date of the Plan occurred on December 10, 2014 [Docket No. 8649].

15. Plaintiff is a Michigan municipal corporation located in Wayne County.

16. Defendant is an entity that supplied goods and/or services to Plaintiff.

17. Plaintiff and Defendant entered into agreements, evidenced by invoices, communications and other documents, pursuant to which Plaintiff and Defendant conducted business with one another.

18. During the 90-day period preceding the Petition Date, Plaintiff made one or more transfers to or for the benefit of Defendant (the "Transfers"), in the amounts set forth in the schedule which is attached hereto as Exhibit A and which is incorporated by reference herein.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### (Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))

19. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 18 of this Complaint as though set forth at length herein.

20. The Transfers were transfers of an interest in Plaintiff's property.

21. At the time each of the Transfers was made, Defendant was a creditor of Plaintiff by virtue of having supplied goods and/or services for which Plaintiff was obligated to pay.

22. The Transfers were made on account of one or more antecedent debts owed to Defendant by Plaintiff before such Transfers were made.

23. The Transfers were made by Plaintiff to, or for the benefit of, Defendant because each Transfer either reduced or fully satisfied a debt or debts then owed by Plaintiff to Defendant.

24. Plaintiff is entitled to the presumption of insolvency pursuant to section 547(f) of the Bankruptcy Code.

25. The Transfers were made while Plaintiff was insolvent.

26. Plaintiff estimates that its general unsecured creditors will recover less than the full value of their allowed claims under the Plan.

27. The Transfers enabled Defendant to receive more than Defendant would receive if (a) the Transfers had not been made, and (b) Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code and the Plan.

28. Defendant was the initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Transfers.

29. By reason of the foregoing, the Transfers are avoidable pursuant to section 547(b) of the Bankruptcy Code.

## SECOND CAUSE OF ACTION
### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550(a))

30. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 29 of this Complaint as though set forth at length herein.

31. Defendant was the initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or was the immediate or mediate transferee of the initial transferee receiving the Transfers.

32. The value of the Transfers, to the extent they are avoided pursuant to section 547(b) of the Bankruptcy Code, may be recovered by Plaintiff pursuant to section 550(a) of the Bankruptcy Code.

## THIRD CAUSE OF ACTION
### (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

33. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 32 of this Complaint as though set forth at length herein.

34. Defendant is the recipient of the Transfers, which are recoverable pursuant to sections 547 and 550 of the Bankruptcy Code, and Defendant has not returned the Transfers to Plaintiff.

35. Pursuant to section 502(d) of the Bankruptcy Code, the Court shall disallow any claims of any entity from which property is recoverable under section 550(a) of the Bankruptcy Code.

36. Because Defendant has not paid or returned the Transfers to Plaintiff, any and all claims of Defendant must be disallowed unless and until the amount of Transfers are returned to the City.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against the Defendant:

a. In favor of Plaintiff and against Defendant in an amount not less than the Transfers, plus interest from the date of such Transfers until full payment is made to Plaintiff, together with the costs and expenses of this action, including, without limitation, attorneys' fees, and directing Defendant to turnover such sum to Plaintiff pursuant to sections 547(b) and 550(a) of the Bankruptcy Code;

b. In favor of Plaintiff and against Defendant disallowing any claims filed by Defendant in the City's bankruptcy case unless and until Defendant returns the Transfers to Plaintiff pursuant to section 502(d) of the Bankruptcy Code; and

c. Granting such other and further relief as this Court may deem just and proper.

DATED: November 30, 2015

TOGUT, SEGAL & SEGAL LLP
By:

/s/ Albert Togut
ALBERT TOGUT (AT-9759)
NEIL BERGER (NB-3599)
Members of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

*Counsel for the City of Detroit, Michigan*

# EXHIBIT A
## CITY OF DETROIT, MICHIGAN
### vs.
## CLAYTON INDUSTRIES INC

| Date of Transfer | Check No. | Transfer Amount | Transfer Type |
|---|---|---|---|
| 5/6/2013 | 3265890 | $3,618.40 | CHECK |
| 7/1/2013 | 3271703 | $2,122.80 | CHECK |
| 7/8/2013 | 3272626 | $10,790.00 | CHECK |
| 7/8/2013 | 3272627 | $30,391.96 | CHECK |

**TOTAL:** $46,923.16

* Defendant's name in this Exhibit may differ than the Defendant's name in the caption of the Complaint as a result of how the Defendant's name may have been kept in the Plaintiff's books and records, and is provided above to assist Defendant in identifying transfers in Defendant's records. Any variance does not constitute a waiver or admission by Plaintiff.