UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED (I)

2015 DEC -9 P 3:19

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

In re:

CITY OF DETROIT, MICHIGAN,

Debtor

Bankruptcy Case No. 13-53846

Honorable Thomas J. Tucker

Chapter 9

**SUPPLEMENTAL BRIEF BY THE SENIOR ACCOUNTANTS, ANALYSTS AND APPRAISERS' ASSOCIATION (SAAA) IN OPPOSITION TO THE CITY OF DETROIT'S APPLICATION TO REQUIRE THE WITHDRAWAL OF A GRIEVANCE THE SAAA FILED FOR ITS MEMBER CEDRIC COOK**

As stated in the hearing, the SAAA denies that Cook or any other employee knowingly waived his right not to be discharged without just cause. But assuming *arguendo* that an individual employee had explicitly waived that right, he had no ability to do so.

In the leading case, the United States Supreme Court held that individual employees could not waive any rights that were incorporated in a collective bargaining agreement:

> It is equally clear since the collective trade agreement is to serve the purpose contemplated by the Act, the individual contract cannot be effective as a waiver of any benefit to which the employee otherwise would be entitled under the trade agreement. The very purpose of providing by statute for the collective agreement is to supersede the terms of separate agreements of employees with terms which reflect the strength and bargaining power and serve the welfare of the group. Its benefits and advantages are open to every employee of the represented unit, whatever the type or terms of his pre-existing contract of employment.

*J.I. Case Co. v NLRB*, 321 U.S. 332, 338 (1944)

The Taft-Hartley amendments, passed three years later, included a proviso that reaffirmed that basic principle:

> *Provided,* That any individual employee or a group of employees shall have the right at any time to present grievances to their employer and to have such grievances adjusted, without the intervention of the bargaining representative, as long as the adjustment is not inconsistent with the terms of a collective-bargaining contract or agreement then in effect…

1

29 U.S.C. s. 159(a).

In a variety of cases, the courts have enforced that rule. See, e.g., *DeLapp v Continental Can Company*, 868 F2d 1073 (9th Cir. 1989).

This case shows the reason for that rule. If City employees could waive protection against arbitrary discharge based on the ballots they cast in this case, a substantial section of the bargaining unit would be without job security—thus making it vulnerable to pressures to lower working standards in ways that would affect other employees.

The fact that the City Employment Terms (CET) was unilaterally promulgated is irrelevant. If the union worked under and filed grievances under the CET, it is an implied-in-fact collective bargaining contract. *United Paperworkers International v International Paper Company*, 920 F.2d 852 (11th Cir. 1991), adopted by Sixth Circuit in an unpublished opinion in *Beck v Gannett Satellite Informational Network, Inc.*, 124 Fed.Appx. 311 (6th Cir. 2005). Similarly, the fact that City employees' bargaining rights are covered by state, nor federal, law is irrelevant, because the state labor law is, with the exception of the right to strike, patterned on federal labor law. *DPOA v. City of Detroit*, 391 Mich 44, 53 (1974).

The right not to be disciplined or discharged except for just cause is a crucial right in any collective agreement. Just as an individual could not sign an individual agreement that waived that right, he or she cannot cast a ballot that supposedly waives that right.

By the SAAA's Attorneys,<br>
SCHEFF & WASHINGTON, P.C.<br>
<br>
BY: _____<br>
George B. Washington (P-26201)<br>
615 Griswold, Suite 910<br>
Detroit, Michigan 48226<br>
(313) 963-1921

Dated: December 9, 2015

# CERTIFICATE OF SERVICE

George B. Washington certifies that he served a copy of the foregoing Supplemental Brief on Behalf of the Senior Accountants, Analysts and Appraisers' Association in response to the City's request for an injunction to block an arbitration proceeding by emailing it and by mailing it to hand delivering it to counsel for the City of Detroit at the following address:

> Mark N. Swanson
> Miller, Canfield, Paddock and Stone, PLLC
> 150 West Jefferson, Suite 2500
> Detroit, MI 48226

George B. Washington (P-26201)

Dated: December 9, 2015