# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST BOBBY WATSON, GODFREY WALTERS, NADINE STALEY AND COURTNEY D. PAYTON

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton ("Motion"). In support of this Motion, the City respectfully states as follows:

## I.    Introduction

1.    Despite having not filed proofs of claim in the City's bankruptcy case, Plaintiffs Nadine Staley, Courtney D. Payton, Bobby Watson, and Godfrey Walters  (collectively, the "Plaintiffs") continue to prosecute their respective state court lawsuits seeking monetary damages on account of pre-petition claims against the City.  In accordance with the Bar Date Order, the City seeks an order barring and permanently enjoining the Plaintiffs from asserting their claims against the City or property of the City, and requiring that the Plaintiffs dismiss the City with prejudice from the state court lawsuits.

25566522.3\022765-00213

## II. Factual Background

### A. The Bar Date Order

2. On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3. On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Doc. No. 1782) ("Bar Date Order").

4. The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City. Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

5. Paragraph 22 of the Bar Date Order also provided that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

- 2 -

6. The Bar Date Order also approved the form and manner of notice of the Bar Dates. *See e.g.* Bar Date Order ¶¶ 3, 23-26. In accordance with the Bar Date Order, notice of the General Bar Date was published in several newspapers. (Doc. Nos. 3007, 3008, 3009).

7. The Bar Date Order also provided that this Court retained "jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order." Bar Date Order ¶ 29.

**B.    Staley's State Court Action**

8. On October 7, 2015, Nadine Staley ("Staley") filed a complaint ("Staley Complaint") against the City of Detroit in the Circuit Court for the County of Wayne, case number 15-013025 ("Staley State Court Action"). The Staley Complaint is attached as Exhibit 6A.

9. Staley alleges that on February 12, 2011, she was injured when the driver of a bus owned by the City of Detroit, on which she was a passenger, pulled away suddenly as she was in the process of disembarking from the bus. Staley Complaint ¶ 7. Staley has not filed a proof of claim in the City's bankruptcy case.

**C.    Payton's State Court Action**

10. On January 23, 2015, Courtney D. Payton ("Payton") filed a complaint ("Payton Complaint") against the City of Detroit in the Circuit Court for the County of Wayne, case number 15-000962. The Payton Complaint is attached as Exhibit 6B.

11. Payton alleges that on April 4, 2004, he was injured as a result of an automobile accident in the City, under circumstances as to make the City responsible for all medical

25566522.3\022765-00213

expenses reasonably incurred, loss of wages, attendant care and replacement services. Payton Complaint ¶ 7. Payton did not file a proof of claim in the City's bankruptcy case.[1]

**D.      Walters State Court Action**

12.      On October 20, 2015, Godfrey Walters ("Walters") filed a complaint ("Walters Complaint") against the City of Detroit and John Doe Driver, an employee of the City of Detroit, in the Circuit Court for the County of Wayne, case number 15-013571. Walters Complaint ¶¶ 2, 6. The Walters Complaint is attached as Exhibit 6C.

13.      Walters alleges that on April 22, 2013, he was injured while riding on a City bus. Walters did not file a proof of claim in the City's bankruptcy case.

**E.      Watson State Court Action**

14.      On July 9, 2015, Bobby Watson ("Watson") filed a complaint ("Watson Complaint") against the City of Detroit and John Doe, an employee of the City of Detroit, in the Circuit Court for the County of Wayne, case number 15-009009. Watson Complaint ¶¶ 2-3. The Watson Complaint is attached as Exhibit 6D.

15.      Watson alleges that on or about June 3, 2013, he was involved in an auto accident while he was a passenger on a City bus and that he was severely injured. Watson Complaint ¶ 4. Watson did not file a proof of claim in the City's bankruptcy case.

**III.      Argument**

16.      Pursuant to the Bar Date Order, Plaintiffs are "forever barred, estopped and enjoined from…asserting any claim against the City or property of the City." Bar Date Order ¶ 22. Through their respective state court lawsuits, however, the Plaintiffs are asserting claims

---

[1] Payton also received individualized notice of the Bar Date Order. *See* Doc. No. 2337-2 at page 72 of 134.

25566522.3\022765-00213

against the City.  As the Plaintiffs' actions violate the Bar Date Order, their claims against the City must be dismissed with prejudice.

**IV.    Conclusion**

17.    The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing each of the Plaintiffs to dismiss, or cause to be dismissed, the City with prejudice from the state court lawsuits; (b) permanently barring, estopping and enjoining the Plaintiffs from asserting the claims alleged in or claims related to the state court lawsuits against the City or property of the City; and (c) prohibiting the Plaintiffs from sharing in any distribution in this bankruptcy case.  The City sought, but did not obtain, concurrence to the relief requested in the Motion.

Dated: December 16, 2015

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

- and -

CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
James Noseda (P52563)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## EXHIBIT LIST

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice of Opportunity to Object |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6A | Staley Complaint |
| Exhibit 6B | Payton Complaint |
| Exhibit 6C | Walters Complaint |
| Exhibit 6D | Watson Complaint |

25566522.3\022765-00213

**EXHIBIT 1 – PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST BOBBY WATSON, GODFREY WALTERS, NADINE STALEY AND COURTNEY D. PAYTON**

This matter, having come before the Court on the Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton ("Motion")[2], upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.      The Motion is granted.

2.      Within five days of the entry of this Order:

(a)      Nadine Staley shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Nadine Staley, Plaintiff, v. City of Detroit, Defendant*, filed in the Wayne County Circuit Court and assigned Case No. 15-013025.

---

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Motion.

(b)      Courtney D. Payton shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Courtney D. Payton, Plaintiff, v. City of Detroit*, *Defendant*, filed in the Wayne County Circuit Court and assigned Case No. 15-000962.

(c)      Godfrey Walters shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Godfrey Walters, Plaintiff, vs. John Doe Driver, and City of Detroit, Defendants*, filed in the Wayne County Circuit Court and assigned Case No. 15-013571.

(d)      Bobby Watson shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Bobby Watson, Plaintiff, vs. City of Detroit, and John Doe*, filed in Wayne County Circuit Court and assigned Case No. 15-009009.

3.      Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton are permanently barred, estopped and enjoined from asserting the claims arising from or related to their State Court Actions against the City of Detroit or property of the City of Detroit.

4.      Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton are prohibited from sharing in any distribution in this bankruptcy case.

5.      The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

EXHIBIT 2 – NOTICE

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST BOBBY WATSON, GODFREY WALTERS, NADINE STALEY AND COURTNEY D. PAYTON**

The City of Detroit has filed papers with the Court requesting the Court to enforce the Order, Pursuant To Sections 105, 501, And 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the *City Of Detroit's Motion To Enforce Order, Pursuant To Sections 105, 501, and 503 Of The Bankruptcy Code and Bankruptcy Rules 2002 And 3003(C), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton*, within 14 days, you or your attorney must:

1.  File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.  You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2.  If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.


**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**


MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

Dated:  December 16, 2015

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

**EXHIBIT 3 – NONE**

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

The undersigned hereby certifies that on December 16, 2015, he served a copy of the foregoing *CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST BOBBY WATSON, GODFREY WALTERS, NADINE STALEY AND COURTNEY D. PAYTON* upon the persons listed below, and in the manner described below:

Sent to Counsel to Courtney Payton and Nadine Staley via first class mail:

Ernest F. Friedman
Law Office of Ernest Friedman
24567 Northwestern Hwy., #500


Sent to Counsel to Bobby Watson via first class mail and email:

Daniel G. Romano
23880 Woodward Avenue
Pleasant Ridge, MI 48069
Email: dromano@romanolawpllc.com

Sent to Counsel to Godfrey Walters via first class mail and email:

Kimberly Koester
Christopher Trainor & Associates
9750 Highland Road
White Lake, MI 48386
Email: kimberley.koester@cjtrainor.com


DATED: December 16, 2015

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

**EXHIBIT 5 – NONE**

**EXHIBIT 6A – Staley Complaint**

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-4679

| Plaintiff STALEY, NADINE | v | Defendant CITY OF DETROIT |
|---|---|---|
| Plaintiff's Attorney Ernest F. Friedman, P-26642 24567 Northwestern Hwy Fl 5 Southfield, MI 48075-2421 | | Defendant's Attorney |



RECEIVED
OCT 09 2015
Mail 1:58 pm
CITY OF DETROIT
LAW DEPARTMENT

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 10/ 7/2015 | This summons expires 1/ 6/2016 | Court clerk File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☒ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) CITY OF DETROIT, WAYNE COUNTY, MICHIGAN | Defendant(s) residence (include city, township, or village) CITY OF DETROIT, WAYNE COUNTY, MICHIGAN |
|---|---|
| Place where action arose or business conducted CITY OF DETROIT, COUNTY OF WAYNE, STATE OF MICHIGAN | |

October 7, 2015 /s/ERNEST F. FRIEDMAN
_____
Date    Signature of attorney/plaintiff    ERNEST F. FRIEDMAN (P26642)

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/13) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | PROOF OF SERVICE | CASE NO.<br>15-013025-NF |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE** OR ☒ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,

☒ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _Request for Production of Documents and Request for Admissions of Fact_
List all documents served with the Summons and Complaint

on the defendant(s):

| Defendant's name<br>CITY OF DETROIT | Complete address(es) of service<br>Two Woodward Avenue #500, Detroit, MI 48226 | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee<br>$ | Miles traveled<br>$ | Mileage fee<br>$ | Total fee<br>$ | Signature<br>LINDA R. KUNIN |
|---|---|---|---|---|

Name (type or print)
LEGAL SECRETARY
Title

Subscribed and sworn to before me on _____, Oakland _____ County, Michigan.

My commission expires: 02/03/2018  Signature: _____

Notary public, State of Michigan, County of Oakland  Deputy clerk/Notary public ROBERT R. GOTZ, JR.

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

NADINE STALEY,                              Case No. 15-          NF
                                            Hon.
        Plaintiff,

vs.

CITY OF DETROIT,                                              15-013025-NF

        Defendant.                                    FILED IN MY OFFICE
                                                    WAYNE COUNTY CLERK
_____          10/7/2015 1:57:30 PM
ERNEST F. FRIEDMAN (P26642)                          CATHY M. GARRETT
Attorney for Plaintiff
24567 Northwestern Highway #500
Southfield, MI  48075
(248) 350-9440 ~ (248) 469-4365 (FAX)                                    /
_____

> There is no other civil action between these
> parties arising out of the same transaction or
> occurrence as alleged in this Complaint pending
> in this Court, nor has any such action been
> previously filed and dismissed or transferred after
> having been assigned to a judge.

## PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff NADINE STALEY, by and through her attorney, Ernest F.

Friedman, and complaining against Defendant, states as follows:

## GENERAL ALLEGATIONS

1.      That Plaintiff is a resident of the City of Detroit, County of Wayne, State of

Michigan.

2.      That Defendant is a municipal corporation licensed to do business in the State of

Michigan and has offices handling claims in the City of Detroit, County of Wayne, State of

Michigan.

1

3. That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00), and that jurisdiction and venue are otherwise proper in this matter.

## COUNT I - COMPLAINT FOR PIP BENEFITS

4. That, on the date of accident herein, your Plaintiff was a passenger in a bus owned, operated, controlled by and insured with Defendant.

5. That included in the No-Fault Act is the right to recover from Defendant and to obtain reimbursement for all medical expenses incurred, loss of wages, attendant care and replacement services as a result of any automobile accident resulting in injuries to the insured, as prescribed by the terms of the insurance policy.

6. That the No-Fault Act provides that, if Plaintiff submits reasonable proofs of losses, the Defendant will pay the Plaintiff for medical expenses, loss of wages, attendant care or replacement services under the appropriate personal injury protection benefits and that person would be paid promptly (within 30 days after giving notice and proof) and would not have to retain an attorney to obtain those benefits due and owing by Defendant.

7. That, on February 12, 2011, Plaintiff was injured when the driver of a bus owned by the City of Detroit, on which Plaintiff was a passenger, pulled away suddenly as Plaintiff was in the process of disembarking said bus, in the course of travel in the City of Detroit, Michigan, under circumstances as to make Defendant responsible for all medical expenses reasonably incurred, loss of wages, attendant care and replacement services as aforementioned.

8. That Defendant has refused and neglected to make proper payment in accordance with Public Act 294 of Michigan No-Fault Legislation.

2

9. That Defendant owes to Plaintiff all medical bills reasonably incurred as well as loss of wages, attendant care and replacement services, but that the Defendant has wrongfully refused and neglected to pay the same.

WHEREFORE, Plaintiff NADINE STALEY prays for a judgment in an amount to fairly and adequately compensate the Plaintiff for the amounts due and owing under the insurance policy with Defendant, CITY OF DETROIT, plus actual attorney fees and interest at one percent (1%) per month as provided by Public Act 294, Michigan No Fault Legislation, and Court costs and award damages in the sum greater than Twenty-Five Thousand Dollars ($25,000.00).

Respectfully submitted,

LAW OFFICE OF ERNEST FRIEDMAN

BY: /s/ERNEST F. FRIEDMAN
ERNEST F. FRIEDMAN (P26642)
Attorney for Plaintiff
24567 Northwestern Highway #500
Southfield, MI 48075
(248) 350-9440 ~ (248) 469-4365 (FAX)

DATED: October 7, 2015

3

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

NADINE STALEY,

        Plaintiff,

vs.

CITY OF DETROIT,

        Defendant.

Case No. 15-013025 NF
Hon. Annette J. Berry

_____/

ERNEST F. FRIEDMAN (P26642)
Attorney for Plaintiff
24567 Northwestern Highway #500
Southfield, MI 48075
(248) 350-9440 ~ (248) 469-4365 (FAX)

_____/

## **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

TO:    DEFENDANT CITY OF DETROIT

You are hereby requested to produce the following described documents and things in the office of Ernest F. Friedman, Attorney for Plaintiff NADINE STALEY, 24567 Northwestern Highway #500, Southfield, MI 48075 within twenty-eight (28) days of service or if served with a Summons and Complaint or forty-two (42) days of service of this request if served otherwise, for the purposes of visual inspection, photographing or copying, pursuant to MCR 2.310.

In lieu of producing the documents described below on the date and at the time and place indicated, you may send legible copies of those documents to the attorneys submitting this request at the office address indicated above prior to the date indicated above.

1

This Request shall be deemed continuing and supplementation shall be required immediately when you have received, directly or indirectly, further or different information or documents from the time the documents are produced until the time of trial.

## REQUESTS

1. Please produce Defendant's entire PIP, SIU and Litigation files (including any and all pay logs) relating to the motor vehicle collision in question.

**RESPONSE:**

2. Please produce any and all information responsive to discovery requests, whether or not already produced.

**RESPONSE:**

3. Please produce any and all documents and things referenced, relied upon or discussed regarding this claim as documented in the claim activity log.

**RESPONSE:**

4. Please produce any other documents or things pertaining, in any way, to Plaintiff or Defendant's insured that affected Defendant's decision to deny payment of Plaintiff's billings.

**RESPONSE:**

5. Please produce any other documents or things Defendant utilized or relied upon as a basis to pay less than the entire amount billed by Plaintiff for services.

**RESPONSE:**

2

6. Please produce any and all policies of insurance held by the above-noted Plaintiff on the date of the automobile accident giving rise to this cause of action (with regard to each individual insurer) as noted in Request No. 5, including but not limited to legible copies of any and all declaration sheets of said policies of insurance.

**RESPONSE:**

7. Please produce the complete claims file, including all documentation, correspondence, medical reports, payment vouchers or the like regarding Plaintiff as a result of the incident which is the subject of this lawsuit.

**RESPONSE:**

8. Please produce a complete, legible copy of the payment log in connection with the accident which is the subject of this lawsuit.

**RESPONSE:**

9. Please produce complete, legible copies of any and all videotapes, audio tapes, written reports, notes, or other documents relative to any surveillance conducted on Plaintiff from the date of the accident giving rise to this cause of action to the present time, in the current or future possession of this Defendant or Defendant's attorneys.

**RESPONSE:**

10. Please produce complete, legible copies of any and all reports of Independent Medical Examinations performed on Plaintiff at the request of Defendant.

**RESPONSE:**

3

11.     Please produce legible copies of any and all records and other documentation sent to any doctor performing Independent Medical Examinations on Plaintiff.

**RESPONSE:**

                                    Respectfully submitted,

                                    LAW OFFICE OF ERNEST FRIEDMAN


                                    BY: /s/ERNEST F. FRIEDMAN
                                        ERNEST F. FRIEDMAN (P26642)
                                        Attorney for Plaintiff
                                        24567 Northwestern Highway #500
                                        Southfield, MI 48075
                                        (248) 350-9440 ~ (248) 469-4365 (FAX)

DATED:   October 7, 2015

4

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

NADINE STALEY,

       Plaintiff,

vs.

CITY OF DETROIT,

       Defendant.

Case No. 15-013025 NF
Hon. Annette J. Berry

_____/

ERNEST F. FRIEDMAN (P26642)
Attorney for Plaintiff
24567 Northwestern Highway #500
Southfield, MI 48075
(248) 350-9440 ~ (248) 469-4365 (FAX)

_____/

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS OF FACT

    TO:    DEFENDANT CITY OF DETROIT

NOW COMES Plaintiff, by and through his attorneys, LAW OFFICE OF ERNEST FRIEDMAN, and pursuant to MCR 2.312, submits these Requests for Admission of Fact to the above-named Defendant. You have twenty-eight (28) days from the date of service as noted below to serve your responses upon Plaintiff. If written answers or objections are not received by Plaintiff within this time period, each request shall be deemed to be admitted.

Your response to each request may be in the form of an admission, a specific denial, an objection (with the reason[s] for said objection clearly stated therein) or a statement that the request cannot be either admitted or denied. You may use a lack of information or knowledge as a reason for failure to admit or deny any request unless you clearly state that you have made a reasonable inquiry and that the information known or readily available to you was insufficient to

1

enable you to admit or deny said Request.

## REQUEST FOR ADMISSION NO. 1

Please admit that Defendant's policy with regard to this cause of action contains provisions for Uninsured Motorist coverage. If denied, state the specific provisions indicated and attach all relevant documentation supporting your denial.

## RESPONSE:

## REQUEST FOR ADMISSION NO. 2

Please admit that Defendant is willing to submit Plaintiff's claims with regard to this cause of action to binding Arbitration. If denied, state the specific reasons for said denial and attach all relevant documentation supporting your denial.

## RESPONSE:

Respectfully submitted,

LAW OFFICE OF ERNEST FRIEDMAN

BY: /s/ERNEST F. FRIEDMAN
    ERNEST F. FRIEDMAN (P26642)
    Attorney for Plaintiff
    24567 Northwestern Highway #500
    Southfield, MI 48075
    (248) 350-9440 ~ (248) 469-4365 (FAX)

DATED: October 7, 2015

2

Law Offices of
## ERNEST F. FRIEDMAN
24567 Northwestern Highway      Suite 500      Southfield, Michigan 48075

Telephone (248) 350-9440
Fax (248) 469-4365

Ernest F. Friedman
Nancy L. Safie
Jordan M. Lebowitz
Charles H. Chomet

ernest@friedmanlaw.co
nancy@friedmanlaw.co
jordan@friedmanlaw.co
chuck@friedmanlaw.co

October 7, 2015

City of Detroit
Legal Department
Two Woodward Avenue #500
Detroit, MI   48226

RE:   **Staley vs. City of Detroit**
      **Case No. 15-013025 NF – Wayne County Circuit Court**

To Whom It May Concern:

With regard to the above-noted matter, enclosed please find a Summons, Complaint, Request for Production of Documents and Request for Admissions of Fact.   Please forward these documents to the appropriate legal representative.   Your cooperation is appreciated.

Sincerely,

Ernest F. Friedman

EFF/rrg
Enclosures

**EXHIBIT 6B – Payton Complaint**

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND RETURN OF SERVICE | CASE NO. 15-000962-NF |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-4679

| THIS CASE IS ASSIGNED TO JUDGE | Annette J. Berry | Bar Number: 42275 |
|---|---|---|

| Plaintiff PAYTON, COURTNEY D. | v | Defendant CITY OF DETROIT |
|---|---|---|
| Plaintiff's Attorney Ernest F. Friedman, P-26642 24567 Northwestern Hwy Fl 5 Southfield, MI 48075-2421 | | Defendant's Attorney |

RECEIVED
FEB 03 2015
CITY OF DETROIT
LAW DEPARTMENT

| CASE FILING FEE | JURY FEE |
|---|---|
| [X] Case Filing Fee - $150.00 | [ ] Jury Fee - $85.00 |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 1/23/2015 | 4/24/2015 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.

CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X   There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

___ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

___ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

___ An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
| | | |

The action  [ ] remains  [ ] is no longer  pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

| January 23, 2015 | /s/ERNEST F. FRIEDMAN |
|---|---|
| Date | Signature of attorney/plaintiff   ERNEST F. FRIEDMAN (P26642) |

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

RECEIVED
FEB 03 2015
CITY OF DETROIT
LAW DEPARTMENT

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE

kp

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

COURTNEY D. PAYTON,

      Plaintiff,

vs.

CITY OF DETROIT,

      Defendant.

Case No. 15-      -NF
Hon.

15-000962-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
1/23/2015 10:17:52 AM
CATHY M. GARRETT

ERNEST F. FRIEDMAN (P26642)
Attorney for Plaintiff
24567 Northwestern Highway #500
Southfield, MI 48075
(248) 350-9440 ~ (248) 469-4365 (FAX)

> There is no other civil action between these
> parties arising out of the same transaction or
> occurrence as alleged in this Complaint pending
> in this Court, nor has any such action been
> previously filed and dismissed or transferred after
> having been assigned to a judge.

# PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff COURTNEY D. PAYTON, by and through her attorney, Ernest F.

Friedman, and complaining against Defendant, states as follows:

## GENERAL ALLEGATIONS

1.      That Plaintiff is a resident of the City of Detroit, County of Wayne, State of

Michigan.

2.      That Defendant is a municipal corporation licensed to do business in the State of

Michigan and has offices handling claims in the City of Detroit, County of Wayne, State of

Michigan.

1

3.    That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00), and that jurisdiction and venue are otherwise proper in this matter.

## COUNT I - COMPLAINT FOR PIP BENEFITS

4.    That, on the date of accident herein, Plaintiff did not have auto insurance, nor did she reside with any relative who had auto insurance; the priority rules dictate that Defendant is responsible for coverage.

5.    That included in the No-Fault Act is the right to recover from Defendant and to obtain reimbursement for all medical expenses incurred, loss of wages, attendant care and replacement services as a result of any automobile accident resulting in injuries to the insured, as prescribed by the terms of the insurance policy.

6.    That the No-Fault Act provides that, if Plaintiff submits reasonable proofs of losses, the Defendant will pay the Plaintiff for medical expenses, loss of wages, attendant care or replacement services under the appropriate personal injury protection benefits and that person would be paid promptly (within 30 days after giving notice and proof) and would not have to retain an attorney to obtain those benefits due and owing by Defendant.

7.    That, on April 4, 2004, Plaintiff was injured as a result of an automobile accident in the City of Detroit, Michigan, under circumstances as to make Defendant responsible for all medical expenses reasonably incurred, loss of wages, attendant care and replacement services as aforementioned.

8.    That Defendant has refused and neglected to make proper payment in accordance with Public Act 294 of Michigan No-Fault Legislation.

2

9. That Defendant owes to Plaintiff all medical bills reasonably incurred as well as loss of wages, attendant care and replacement services, but that the Defendant has wrongfully refused and neglected to pay the same.

WHEREFORE, Plaintiff COURTNEY D. PAYTON prays for a judgment in an amount to fairly and adequately compensate the Plaintiff for the amounts due and owing under the insurance policy with Defendant, CITY OF DETROIT, plus actual attorney fees and interest at one percent (1%) per month as provided by Public Act 294, Michigan No Fault Legislation, and Court costs and award damages in the sum greater than Twenty-Five Thousand Dollars ($25,000.00).

## COUNT II - BREACH OF CONTRACT

10. Plaintiff herein repeats and re-alleges each and every paragraph contained in Paragraphs 1 through 9 of this Complaint as if set forth fully herein.

11. That, pursuant to the policy of insurance, there existed uninsured motorist coverage.

12. The individual involved in the accident with Plaintiff was uninsured as set forth within the policy terms.

13. Demand has been made for payment under the terms of policy and Defendant has not made payment as required.

14. That Defendant is in breach of the contract.

WHEREFORE, Plaintiff prays for a judgment in an amount to fairly and adequately compensate the Plaintiff for the amounts due and owing under the insurance policy with Defendant CITY OF DETROIT, plus actual attorney fees and interest at one percent (1%) per month as provided by Public Act 294, Michigan No Fault Legislation, and Court costs and award damages in the sum greater than Twenty-Five Thousand Dollars ($25,000.00).

3

## COUNT III - DECLARATORY ACTION

14.    Plaintiff herein repeats and re-alleges each and every paragraph contained in Paragraphs 1 through 13 of this Complaint as if set forth fully herein.

15.    That Plaintiff respectfully requests that this Honorable Court issue a Declaratory Judgment, ordering Defendant to pay uninsured motorist benefits.

16.    That Plaintiff further requests that this Honorable Court issue a Declaratory Judgment ordering Defendant to Arbitrate Plaintiff's uninsured motorist claim.

WHEREFORE, Plaintiff prays for a judgment in an amount to fairly and adequately compensate the Plaintiff for the amounts due and owing under the insurance policy with Defendant, CITY OF DETROIT , plus actual attorney fees and interest at one percent (1%) per month as provided by Public Act 294, Michigan No-Fault Legislation, and Court costs and COURTNEY D. PAYTON, prays that this Honorable Court issue a Declaratory Judgment, ordering Defendant, CITY OF DETROIT, to pay uninsured motorist benefits and ordering Defendant to Arbitrate Plaintiff's uninsured motorist claim.

Respectfully submitted,

LAW OFFICE OF ERNEST FRIEDMAN

BY: /s/ERNEST F. FRIEDMAN
ERNEST F. FRIEDMAN (P26642)
Attorney for Plaintiff
24567 Northwestern Highway #500
Southfield, MI 48075
(248) 350-9440 ~ (248) 469-4365 (FAX)

DATED:    January 23, 2015

4

**EXHIBIT 6C – Walters Complaint**

STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

GODFREY WALTERS,

    Plaintiff,

-vs-

CASE NO. 15-    -NI
HON.

JOHN DOE DRIVER,
and CITY OF DETROIT,

    Defendants.

15-013571-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/20/2015 11:52:26 AM
CATHY M. GARRETT

CHRISTOPHER TRAINOR & ASSOCIATES
CHRISTOPHER J. TRAINOR (P42449)
TIMOTHY M. HARTNER (P66237)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650

A civil action arising from the same transaction
or occurrence which is the subject matter of this
lawsuit was previously filed in Wayne
County Circuit Court and assigned to Hon.
Leslie Kim Smith, Docket 14-004655-NF.
This case is stayed.

## COMPLAINT AND JURY DEMAND

    **NOW COMES** Plaintiff, GODFREY WALTERS, by and through his attorney CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint states the following:

### GENERAL ALLEGATIONS

1.    Plaintiff, GODFREY WALTERS, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.    Defendant, JOHN DOE DRIVER, is a resident, or is believed to be a resident, of the City of Detroit, County of Wayne, State of Michigan.

3.    Defendant, CITY OF DETROIT, is a self-insured municipality authorized to operate city buses, and does so throughout the City of Detroit, County of Wayne, State of Michigan.

1

4. The amount in controversy in this cause exceeds Twenty Five Thousand ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

5. This lawsuit arises out of a bus related accident, which occurred at approximately 9:00 a.m., near the intersection of Puritan and Asbury Park, in the City of Detroit, County of Wayne, State of Michigan.

6. On April 22, 2013, at the time and place indicated in the above paragraphs of this Complaint, Defendant, JOHN DOE DRIVER, was employed by Defendant, CITY OF DETROIT, as a bus driver and was operating a bus owned by Defendant, CITY OF DETROIT, with Plaintiff as a passenger.

7. On the above date, time, and place, Plaintiff was a passenger on a DDOT bus, approaching the intersection of Puritan and Asbury Park, in the City of Detroit, County of Wayne, State of Michigan.

8. On the above date, time, and place, while Plaintiff was a passenger on a DDOT bus, Plaintiff's arm was stuck in the door and dragged by the bus while attempting to exit, causing grievous injuries to Plaintiff.

## COUNT I - NEGLIGENCE OF DEFENDANT JOHN DOE DRIVER

9. Plaintiff incorporates by reference the preceding paragraphs 1-8.

10. Defendant, JOHN DOE DRIVER, owed to the Plaintiff certain duties which the Defendant, JOHN DOE DRIVER, violated, and that the violation of these duties and obligations consisted of the following acts of negligence and breaches of duties owed to Plaintiff:

   a. Violation of Section 9.2327 of the Michigan Statutes Annotated, as amended, which provides that any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed, not greater than, nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and of any other conditions then existing, and no person shall drive any vehicle on a highway at a greater speed within the assured clear distance ahead.

2

b. Violation of the duty to exercise reasonable care and caution, and to observe other vehicles and pedestrians lawfully upon the roadway, particularly to the Plaintiff.

c. Violation of the duty to operate a motor vehicle so that collision with other vehicles or pedestrians would not ensue, particularly to Plaintiff.

d. Violation of the duty to operate a motor vehicle in such a manner as to maintain the same under control, taking into account the grade of highway, general conditions then existing, and to maintain the said vehicle so that it could be safely halted.

e. Violation of the duty to keep said motor vehicle under control at all times.

f. Violation of Section 9.2405 of the Michigan Statutes Annotated, as amended, which provides that a person driving a vehicle on a highway shall equip his vehicle with brakes adequate to control the movement of, and to stop and hold the said vehicle.

g. Violation of the duty to keep a proper lookout for traffic conditions then and there existing, or while keeping said lookout, and failing to heed such conditions.

h. Violation of other duties not heretofore mentioned.

11. Plaintiff further states and alleges that at the time and place herein before set forth the Defendant, JOHN DOE DRIVER, did then and there negligently, carelessly, and without due regard for the rights of Plaintiff fail and neglect to operate his motor vehicle, as required, and as specifically set forth in the preceding paragraph of this Complaint.

12. As a consequence of Defendant, JOHN DOE DRIVER, negligence herein set forth, Plaintiff sustained serious and grievous injuries.

13. Plaintiff further sustained injuries generally throughout his entire body, and sustained injuries and aggravations to pre-existing conditions whether known or unknown at the time.

14. In addition to the physical and mental injuries suffered by Plaintiff, he has also incurred damages both economic and non-economic in nature, including but not limited to lost earnings, and non-economic damages including but not limited to pain, suffering, and loss of normal function.

3

15. The injuries sustained by Plaintiff constitute a serious impairment of body function, and serious and permanent disfigurement.

## COUNT II - OWNER'S LIABILITY AS TO DEFENDANT CITY OF DETROIT

16. Plaintiff incorporates by reference the preceding paragraphs 1-15.

17. That Defendant, CITY OF DETROIT, owed a duty to Plaintiff to entrust the vehicle titled in their name to a reasonably prudent person who would drive with care and circumspection so as to reasonably protect the safety, health, life and property of Plaintiff, and further owed a duty to Plaintiff, and others similarly situated, to act with due and reasonable care under all the circumstances.

18. That contrary to said duties owed to Plaintiff, Defendant, CITY OF DETROIT, was negligent in that they permitted Defendant, JOHN DOE DRIVER, to operate their motor vehicle with their express or implied consent and/or knowledge.

19. Further, Defendant, CITY OF DETROIT, actually or implicitly entrusted the vehicle involved in this accident to Defendant, JOHN DOE DRIVER, who, as Defendant, CITY OF DETROIT, knew or should have known, was a negligent driver, by reason or lack of skill and judgment; and/or was not qualified to operate said motor vehicle in a wise and prudent manner.

20. As a consequence of Defendant, JOHN DOE DRIVER, aforementioned negligence of Michigan Statutes in operating Defendant, CITY OF DETROIT'S automobile with their express or implied consent, Defendant, CITY OF DETROIT, as owner of said automobile is liable for Plaintiff's injuries pursuant to MCL 257.401.

21. As a direct and proximate result of the carelessness and negligence of Defendant, CITY OF DETROIT, Plaintiff sustained the injuries as are more particularly described herein.

4

## COUNT III - BREACH OF CONTRACT

22. Plaintiff incorporates by reference paragraphs 1 through 21.

23. On April 22, 2013, Plaintiff was a passenger on a DDOT bus in the City of Detroit, County of Wayne, State of Michigan, and that by reason of said incident, Plaintiff sustained personal injuries.

24. As a provision of the policy of insurance issued by Defendant, Plaintiff became entitled to receive various benefits pursuant to the Michigan No-Fault Law.

25. Following the incident, the Plaintiff notified Defendant of the incident and completed various forms and reports and otherwise cooperated with Defendant and supplied the Defendant with the terms as requested relating to damages sustained, and which included medical information and Defendant is aware of all the circumstances surrounding the collision and the nature of the injuries sustained by Plaintiff and has been supplied with documentary evidence.

26. That Plaintiff became available for benefits under the policy and demand for payment of such benefits has been made.

27. By reason of the incident, Plaintiff sustained injuries which required medical treatment, rehabilitation treatment, nursing/attendant care, household replacement services, prescription items and medical appliance, wage loss benefits, and other benefits under said policy, and the Plaintiff remains so disabled and unable to perform his normal duties and normal functions in a manner that he could prior to the incident.

5

28. Under the terms of the policy issued by Defendant, it became the obligation of Defendant to pay all the necessary medical and hospital expenses, including prescriptions and medical appliance and reimburse Plaintiff for all loss of wages less fifteen (15%) percent and to make payment for personal services and household services rendered on behalf of Plaintiff, and to pay any attendant/nursing care for the benefit of Plaintiff and to pay for all other medical rehabilitation expenses incurred as a result of the collision.

29. Plaintiff has requested payment for all these expenses and Defendant has denied payment in spite of numerous demands. The monies are due and owing to Plaintiff from Defendant.

30. Defendant's refusal to make payment and to pay benefits under the terms of the No-Fault policy is unwarranted and unreasonable, and in violation of the terms of the contract, and the applicable statutes, and the Plaintiff requests reimbursement for the expenses and items set forth herein, and further, requests payment of actual attorney fees as may be allocated under the Michigan No-Fault Statutes, and further requests payment for statutory interest as provided by the No-Fault Statute.

## COUNT IV DECLARATORY RELIEF

31. Plaintiff incorporates by reference paragraphs 1 through 30.

32. An actual controversy exists between Plaintiff and Defendant, CITY OF DETROIT.

33. The Court must determine the following:

    a. The applicability of the No-Fault Act to the Plaintiff's claims.

    b. The amount of wage-loss benefits, replacement services expenses, medical expenses, No Fault interest, actual attorneys fees, or other benefits owed to Plaintiff.

6

c. Whether, and in what amount any reduction set-offs, or reimbursements may be claimed by Defendant, CITY OF DETROIT.

d. Other determinations, orders and judgments necessary to fully adjudicate the rights of the parties.

**WHEREFORE**, Plaintiff, GODFREY WALTERS, requests judgment against each Defendant in whatever amount in excess of Twenty five Thousand ($25,000.00) Dollars as is found to be reasonable and just, plus interest, costs and attorney fees so wrongfully sustained.

Respectfully submitted,

CHRISTOPHER TRAINOR & ASSOCIATES

/s/ Timothy M. Hartner
CHRISTOPHER J. TRAINOR (P42449)
TIMOTHY M. HARTNER (P66237)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI 48386
(248) 886-8650

Dated: October 19, 2015
TMH/kmm

7

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**GODFREY WALTERS,**

     Plaintiff,

-vs-                            CASE NO. 15-       -NI
                                     HON.

**JOHN DOE DRIVER,**
**and CITY OF DETROIT,**

     Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>TIMOTHY M. HARTNER (P66237)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650 | |

## DEMAND FOR TRIAL BY JURY

**NOW COMES** Plaintiff, GODFREY WALTERS, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-entitled cause.

                                   Respectfully submitted,

                                   CHRISTOPHER TRAINOR & ASSOCIATES

                                   /s/ Timothy M. Hartner
                                   CHRISTOPHER J. TRAINOR (P42449)
                                   TIMOTHY M. HARTNER (P66237)
                                   Attorneys for Plaintiff
                                   9750 Highland Road
                                   White Lake, MI 48386
                                   (248) 886-8650

Dated: October 19, 2015
TMH/kmm

**EXHIBIT 6D – Watson Complaint**

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO.<br>15-009009-NI<br>Hon. Daphne Means Curtis |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-2240

| Plaintiff<br>Watson, Bobby | v | Defendant<br>City of Detroit |
|---|---|---|
| Plaintiff's Attorney<br><br>Daniel G. Romano, P-49117<br>23880 Woodward Ave<br>Pleasant Ridge, MI 48069-1133 | | Defendant's Attorney |

RECEIVED
JUL 17 2015
CITY OF DETROIT
LAW DEPARTMENT

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>7/ 9/2015 | This summons expires<br>10/ 8/2015 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

7·9·15

Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | PROOF OF SERVICE | CASE NO. 15-009009-NI |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
      List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____ , _____ County, Michigan.
      Date

My commission expires: _____ Signature: _____
      Date             Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                             Attachments

_____ on _____
              Day, date, time

_____ on behalf of _____
Signature

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BOBBY WATSON,

           Plaintiff,

vs.

CITY OF DETROIT, a municipal
corporation, and JOHN DOE, an unidentified individual

           Defendants.

Case No         -NI
Hon.

15-009009-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
7/9/2015 1:03:29 PM
CATHY M. GARRETT

/

DANIEL G. ROMANO (P49117)
MARK E. SISSON (P75250)
ROMANO LAW, P.L.L.C.
Attorneys for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, Michigan 48069
(248) 750-0270 - Fax: (248) 936-2105
dromano@romanolawpllc.com
msisson@romanolawpllc.com

/

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.*

## COMPLAINT AND JURY DEMAND

### COUNT I

**NOW COMES** the above-named Plaintiff herein, BOBBY WATSON, by and through his attorneys, ROMANO LAW, P.L.L.C., and for her cause of action against the Defendants, states:

    1.    That the Plaintiff, BOBBY WATSON, is a resident of the County of Wayne, State

1

of Michigan.

2.    That the Defendant CITY OF DETROIT is a Municipal Corporation that conducts business in the County of WAYNE and is otherwise doing business and/or established in the County of WAYNE.

3.    That the Defendant JOHN DOE was at all times material hereto an employee of Defendant CITY OF DETROIT, but is an unidentified individual.

4.    That on or about June 3, 2013, Plaintiff was involved in an auto accident while he was a passenger within Defendant CITY OF DETROIT'S bus and Plaintiff was severely injured.

5.    That on said date and at all times material herein, pursuant to MCLA Sec. 500.3101 et seq., there was an insurance policy in full force and effect, which provided Personal Protection Benefits to Plaintiff including the following:

a.    Expenses (maximum $20.00 per day) reasonably incurred for necessary services in lieu of those the injured Plaintiffs would have performed for the benefit of Plaintiffs or Plaintiffs' dependents;

b.    For all reasonable charges, unlimited in amount, for medical and/or rehabilitative expenses and hospital charges;

c.    Reasonable and necessary travel expenses to obtain medical care or attention.

d.    Attendant Care;

e.    Wage loss

6.    That as a result of said automobile accident, the Plaintiff incurred:

a.    medical;

b.    hospital expenses;

c.    Services, including attendant care

2

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

d.      Wage loss

7.      That although demand for payment of the same has been made, Defendant unreasonably and unlawfully refuses or neglects to pay Plaintiff all Personal Protection Benefits in accordance with MCLA 500.3101 et seq.

8.      That although reasonable proof has been supplied, the Defendant unreasonably refused to make payment in accordance with MCLA 500.3101, et seq. although more than thirty (30) days has passed since supplying Defendant with same.

9.      That all conditions precedent to recovery has been performed or has occurred.

10.      That although requested to do so, Defendant has failed or refuses and/or neglected to pay Plaintiff benefits provided in accordance with MCLA 500.3101 et seq., under said policy of insurance and as of this date, Defendant owes Plaintiff for:

a.   Medical and/or hospital expenses and/or medical supplies and attention.

b.   Necessary replacement services.

c.   Reasonable and necessary attendant care

d.   Wage loss.

e.   Any and all expenses and damages allowable under the No-Fault statute

11.      That Plaintiff has suffered and continues to suffer dire and imminent financial hardship by Defendant's wrongful acts and in this regard is without an adequate remedy at law.

12.      That the insurance policy above referred to under which Plaintiff brings this action is:

b.      Claim number: A32950-002825

13.      That the amount in controversy herein exceeds the sum of Twenty Five Thousand ($25,000.00) Dollars and that declaratory and/or equitable relief is sought.

3

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

**WHEREFORE,** Plaintiff demands the following relief:

a.  That this Court grant judgment against the Defendant in whatever amount Plaintiff is found to be entitled, together with interest, costs and actual attorney fees for Defendant's unreasonable and unlawful failure to pay said no-fault benefits;

b.  That the Court order the speedy hearing of this action and advance it on the calendar as made and provided in MCR 2.605(D);

c.  That this Court issue an Order to Show Cause;

d   That the Court grant such further relief as is necessary and proper in the above cause.

**COUNT II and COUNT III**
**MOTOR VEHILE EXCEPTION TO GOVERMENTAL IMMUNITY**
**And GROSS NEGLIGENCE AGAINST DEFENDANT DRIVER**

Plaintiff reincorporates all of the Allegations, as though fully stated herein.

14.  On the date of loss, Defendants breached their duties to Plaintiff. Defendant City of Detroit breached its duty by allowing the negligent operation of the motor vehicle under the Motor Vehicle Code, (and Defendant DOE breached his/her duties by grossly negligent operation of the bus) being MSA 9.2101 *et seq.*, Ordinances of the City of Detroit, and the laws of the State of Michigan including the Exceptions to Government Immunity at MCLA 691.1401 et seq, specifically the Motor Vehicle Exception (691.1405), and the common law in at least one or more of the following ways:

A.  In driving at an excessive rate of speed, under the conditions then and there existing;

B.  In failing to yield the right of way;

4

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

C.  In driving in such a manner as to be unable to stop within the assured clear distance ahead;

D.  In failing to keep a reasonable lookout for other persons and vehicles using said highway;

E.  In failing to have the vehicle equipped with proper brakes and/or failing to apply said brakes in time;

F.  In failing to drive with due care and caution;

G.  In failing to take all possible precautions to avoid any collision with other motor vehicles;

H.  In failing to make and/or renew observations of the conditions of traffic on the highway; and

I.  In driving while under the influence of intoxicating liquors.

15.  That among those Statutes Defendants JOHN DOE and CITY OF DETROIT violated are:

| M.C.L. | 257.401 | Owner liability; |
| M.C.L. | 257.402 | Vehicle struck from rear; |
| M.C.L. | 257.601(b) | Moving Violations in Construction Zones |
| M.C.L. | 257.603 | Exemptions for Government and Authorized Emergency vehicles |
| M.C.L. | 257.611 | Avoiding Traffic Control Devices by driving through or upon property |
| M.C.L. | 257.612 | Obedience to traffic control devices; |
| M.C.L. | 257.613 | Pedestrians; |
| M.C.L. | 257.614 | Flashing red or yellow signals; |

5

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

| | | |
|---|---|---|
| M.C.L. | 257.617 and | |
| M.C.L. | 257.617(a) | Stopping after accident; |
| M.C.L. | 257.618 | Stopping - damage to vehicle; |
| M.C.L. | 257.619 | Giving information; |
| M.C.L. | 257.622 | Damages - must make police report; |
| M.C.L. | 257.625 | Driving while intoxicated; |
| M.C.L. | 257.626 | Reckless driving; |
| M.C.L. | 257.626(a) | Drag racing; |
| M.C.L. | 257.626(b) | Careless or negligent driving; |
| M.C.L. | 257.627 | General restrictions as to speed - assured clear distance ahead; |
| M.C.L. | 257.627(a) | Speed limit in school zones; |
| M.C.L. | 257.628 | Failure to observe a speed limit or traffic control sign or signal; |
| M.C.L. | 257.632 | Vehicles under police direction in emergencies; exemptions |
| M.C.L. | 257.634 | Overtaking and passing on left of vehicle; |
| M.C.L. | 257.635 | Passing oncoming vehicles; |
| M.C.L. | 257.636 | Passing on left side of vehicle; |
| M.C.L. | 257.637 | Passing on right side of vehicle; |
| M.C.L. | 257.638 | Limitations on passing; |
| M.C.L. | 257.639 | Unlawful driving on left side of roadway; |
| M.C.L. | 257.640 | No passing zones; |
| M.C.L. | 257.641 | Driving in direction designated; |
| M.C.L. | 257.642 | Roadway with two or more marked lanes; |
| M.C.L. | 257.643 | Following too closely; |

6

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

LAW OFFICES
ROMANO LAW, PLLC
23980 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

| M.C.L. | 257.644 | Divided highway - crossing; |
|--------|---------|------------------------------|
| M.C.L. | 257.645 | Limited access - roadway; |
| M.C.L. | 257.647 | Turning at intersection; |
| M.C.L. | 257.648 | Stopping or turning and signals; |
| M.C.L. | 257.649 | Right-of-way; stop signs; merging; |
| M.C.L. | 257.650 | Turning left at intersection; |
| M.C.L. | 257.652 | Stopping before entering highway from alley or private driveway; |
| M.C.L. | 257.653 | Emergency vehicles; |
| M.C.L. | 257.654 | Funeral procession; right of way; |
| M.C.L. | 257.655 | Pedestrian on highway; |
| M.C.L. | 257.657 | Bicycle or moped riders, rights and duties |
| M.C.L. | 257.674 | Prohibited parking; |
| M.C.L. | 257.674(a) | Clear vision area; prohibited parking; |
| M.C.L. | 257.675 | Parking Regulations |
| M.C.L. | 257.675(a) | Unlawful Standing or Parking; Presumptions as to Owner's Guilt |
| M.C.L. | 257.676b | Interference with flow of traffic; |
| M.C.L. | 257.677 | View or control of driver; |
| M.C.L. | 257.683 | Unlawful to drive or, as owner, permit to be driven or moved unsafe vehicle; |
| M.C.L. | 257.684 | Head lights; |
| M.C.L. | 257.686 | Tail lights; |
| M.C.L. | 257.694 | Parked vehicles; lighting; |
| M.C.L. | 257.697 | Signal devices; |

7

| | | |
|---|---|---|
| M.C.L. | 257.698 | Flashing, oscillating or rotating lights; |
| M.C.L. | 257.699 | Multiple beam head lights; |
| M.C.L. | 257.700 | Use of head lights; |
| M.C.L. | 257.703 | Speed requirements in connection with lights; |
| M.C.L. | 257.705 | Brakes; |
| M.C.L. | 257.706 | Horns and warning devices; |
| M.C.L. | 257.708 | View of rear; mirrors; |
| M.C.L. | 257.709 | Unobstructed windshield and        windows; |
| M.C.L. | 257.713 | Flares and other warning devices - display of disabled vehicles; |
| M.C.L. | 257.720 | Spilling load on highway; |
| M.C.L. | 480.11, et seq. | Motor Carrier Safety Act of 1963; |
| M.C.L. | 691.1405 | Government owned vehicles; liability for negligent operation; |
| 49 C.F.R. | | Motor Carrier Safety Act Code of Federal Regulations. |

16.    Plaintiff sustained injuries as a direct and proximate result of the Defendants' negligent and grossly negligent operation of a government owned vehicle, as herein alleged.

17.    As a direct and proximate result of the gross negligence of Defendant DOE, and Defendant City of Detroit's negligence pursuant to the Motor Vehicle Exception to Government Immunity, their agents, servants and/or employees either real or ostensible, as aforesaid, Plaintiff:

　　　　　　　　a.    Sustained severe bodily injuries which were painful, disabling and necessitated medical care, including, but not limited to neck, back, shoulders, knees, and severe emotional distress.

8

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

b.   Suffered shock and emotional damage.

c.   Sustained possible aggravation of preexisting conditions and/or reactivation of dormant conditions.

d.   Was unable to attend to his/her usual affairs.

e.   Was unable to render services, as formerly.

f.   Hampered Plaintiff in the enjoyment of the normal pursuit of life, as before.

g.   Said injuries are permanent, to the degree that Plaintiff suffered a loss in ability to earn money as before, and will have impaired earning capacity in the future.

h.   Plaintiff will continue to have pain and suffering as well as permanency, all as a result of Defendant's conduct, as herein before alleged.

i.   Plaintiff's injuries include, but are not limited to: neck, back, shoulders and others to be revealed through discovery.

18.   As a direct and proximate result of the negligence of Defendants, Plaintiff sustained a serious impairment of a body function and/or permanent serious disfigurement, including but not limited to: neck, back, shoulders, knees, and other parts of his body, externally and internally, and some or all of which interferes with his enjoyment of life and causes him great pain and suffering.

19.   That should it be determined at the time of trial that said Plaintiff BOBBY WATSON was suffering from any pre-existing conditions, at the time of the aforesaid collision, then and in such event, it is averred that the negligence of Defendant precipitated, exacerbated and aggravated any such pre-existing conditions.

20.   That the Plaintiff BOBBY WATSON has had to incur expenses for hospital, doctor, domestic and other miscellaneous expenses and will incur more such expenses in the future and has suffered a loss of income, past, present and future, as a proximate result of Defendants negligence.

9

LAW OFFICES
ROMANO LAW, PLLC
Pleasant Ridge, Michigan 48069 • (248) 750-0270
23880 Woodward Avenue •

21.     That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00), exclusive of interest, costs, and attorney fees, and is otherwise within the jurisdiction of this Court.

**WHEREFORE**, the Plaintiff herein prays for a judgment in whatever amount above Twenty-Five Thousand Dollars ($25,000.00) the Plaintiff is found entitled in addition to all other statutory damages including interest, costs, and attorney fees.

## COUNT IV

Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-21.

22.     Plaintiff hereby claims damages for allowable expenses and work loss in excess of the daily, monthly, and three (3) year limitations plus all other economic damages allowable under the Michigan No-Fault Law.

23.     Plaintiff hereby claims all non-economic damages for the serious impairment of body function and/or permanent serious disfigurement as more clearly set out in the injuries listed in Count I.

**WHEREFORE**, the Plaintiff, BOBBY WATSON, now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this Complaint.

## COUNT V

Plaintiff hereby realleges, reaffirms and incorporate herein by reference all allegations in paragraphs numbered 1-23.

24.     CITY OF DETROIT is the employer of JOHN DOE who was acting within the course and scope of his/her employment with Defendant CITY OF DETROIT at the

10

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

time of the accident herein.

25.     That in addition to the allegations set out in the previous counts, Defendant JOHN DOE'S employer, CITY OF DETROIT is liable for Defendant DOE'S negligence under the doctrine of Respondeat Superior.

26.     That as a proximate cause of Defendant JOHN DOE'S negligence, Plaintiff BOBBY WATSON was seriously injured and suffered additional injuries and damages as set out in the previous counts.

WHEREFORE, the Plaintiff BOBBY WATSON now claims judgment for whatever amount he is found to be entitled, plus court costs, attorney fees and interest from the date of filing this complaint.

## COUNT VI

Plaintiff hereby realleges, reaffirms and incorporates herein by reference all allegations in paragraphs numbered 1-26.

27.     That the defendant-owners, carelessly, recklessly and negligently entrusted said motor vehicle and the operation thereof to the defendant-driver, the latter being a person incompetent and unfit to drive a motor vehicle upon the roads and highways of the State of Michigan by reason of inability, inexperience, and consistently negligent driving, all of which were known by the defendant-owners, or should have been known in the exercise of reasonable care and caution by the defendant-owners, that the defendant-owners are hereby guilty of negligence, independent of defendant-driver.

WHEREFORE, the Plaintiff, BOBBY WATSON, now claims judgment for whatever amount he is found to be entitled, plus costs, attorney fees and interest from the date of filing this Complaint.

11

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

ROMANO LAW, P.L.L.C.

BY:    */s/ Daniel G. Romano*
       DANIEL G. ROMANO (P49117)
       MARK E. SISSON (P75250)
       ROMANO LAW, P.L.L.C.
       Attorneys for Plaintiff
       23880 Woodward Avenue
       Pleasant Ridge, Michigan 48069
       (248) 750-0270 - Fax: (248) 936-2105
       dromano@romanolawpllc.com
       msisson@romanolawpllc.com

Dated: July 9, 2015

## DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff BOBBY WATSON by and through his attorneys, and hereby make a formal demand for a trial by jury.

ROMANO LAW, P.L.L.C.

BY:    */s/ Daniel G. Romano*
       DANIEL G. ROMANO (P49117)
       MARK E. SISSON (P75250)
       ROMANO LAW, P.L.L.C.
       Attorneys for Plaintiff
       23880 Woodward Avenue
       Pleasant Ridge, Michigan 48069
       (248) 750-0270 - Fax: (248) 936-2105
       dromano@romanolawpllc.com
       msisson@romanolawpllc.com

Dated: July 9, 2015

12

LAW OFFICES
ROMANO LAW, P.L.L.C.
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

# ROMANO LAW

## "JUSTICE IS OUR BUSINESS"

Daniel G. Romano
23800-23880 Woodward Avenue
Pleasant Ridge, MI 48069
P(248) 750-0270  F(248) 936-2105
www.danielromanolaw.com

| | | |
|---|---|---|
| Stanley I. Okoli | Eric Stempien | Raffi J. Bush |
| David G. Blake | Trevor J. Zamborsky | Zachary D. Gwinn |
| Mark E. Sisson | | Arsiola Vasha |

July 9, 2015

**CERTIFIED-RETURN RECEIPT REQUESTED**
The City of Detroit
C/O The City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226

RE:    **Bobby Watson v The City of Detroit, et al**
          **Our Fil No. 351769**

To Whom It May Concern:

Enclosed please find a Complaint and Summons relative to the above-captioned matter.

Thank you for your kind attention to this matter.

Very truly yours,
**ROMANO LAW, P.L.L.C.**

Mark E. Sisson

MES/mc