# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

------------------------------------------------------x
:
In re : Chapter 9
:
CITY OF DETROIT, MICHIGAN, : Case No. 13-53846
:
Debtor. : Judge Thomas J. Tucker
------------------------------------------------------x

## ORDER APPROVING STIPULATION BETWEEN THE
## CITY OF DETROIT, MICHIGAN AND CELLCO PARTNERSHIP D/B/A
## VERIZON WIRELESS REGARDING CONTRACTS AND CLAIMS

This case is before the Court on the *Stipulation by and Between the City of Detroit, Michigan and Cellco Partnership d/b/a Verizon Wireless Regarding Contracts and Claim*; (Docket # 10713, the "Stipulation"). The Court having reviewed the Stipulation[1] and being otherwise apprised of the matter; and there being good cause;

IT IS ORDERED THAT:

1. The Stipulation is approved to the extent se forth in this Order.

2. The Verizon Claim is allowed under the Plan as a Class 14 Other Unsecured Claim in the reduced amount of $26,495.54; *provided, however*, that the allowance of this claim is not a waiver of the City's rights to assert and pursue any claims against Verizon, including, without limitation, claims under chapter 5 of the Bankruptcy Code, and to challenge the assertion of the Verizon Claim as a defense to such claims.

3. The Court finds that, by stipulation of the parties, the Post-Petition Contract is a post-petition contract and thus, under Article II.D.5 of the Plan, it is unaffected by the confirmation of the Plan and remains a valid and enforceable contract between the parties.

---

[1] Capitalized terms not defined in this Order have the meaning given to them in the Stipulation.

4. To the extent that the Prepetition Agreements may be deemed prepetition contracts, they are rejected as of the Effective Date, and Verizon waives any right to file a claim for damages arising from rejection of the Prepetition Agreements.

5. Other than the allowed Class 14 Other Unsecured Claim described in paragraph 2, Verizon has no further claims of any kind against the City as of the Effective Date. The City's claims agent is authorized to update the claims register accordingly.

6. No party may assert a claim against the City on the basis that it has been assigned a claim originally asserted by Verizon.

7. Neither the Stipulation nor this Order revives, reinstates, or affirms any rights, remedies, claims, or defenses of the City or Verizon against each other that expired or were otherwise barred, satisfied, released, waived, or discharged as of, or upon the occurrence of, the Effective Date of the Plan. Neither the Stipulation nor this Order modifies the Plan.

.

**Signed on December 18, 2015**

                                                 /s/ Thomas J. Tucker
                                                 Thomas J. Tucker
                                                 United States Bankruptcy Judge