# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>City of Detroit, Michigan,<br><br>Debtor. | Bankruptcy Case No. 13-53846<br><br>Honorable Thomas J. Tucker<br><br>Chapter 9 |

## CITY OF DETROIT'S OBJECTION TO M. DUJON JOHNSON'S MOTION TO REINSTATE SECURED CLAIM

The City of Detroit, Michigan ("City") by its undersigned counsel, files this Objection to M. Dujon Johnson's ("Johnson") *Motion to Reinstate Secured Claim* ("Motion," Doc. No. 10716). In support of this Objection, the City respectfully states as follows:

## I. Johnson's Claim

On October 29, 2013, Johnson filed a letter with the Court. **Exhibit 1.** In the letter, Johnson asserts that he currently has a "judgment against the City of Detroit (parking division) for $5.300.00 due to their illegally towing, and the auctioning, of my vehicle… I am asking the court to grant me the status of a secured creditor." Johnson did not identify any collateral securing his alleged claim. The Clerk of the Court treated the letter as a proof of claim which asserted a secured claim in the amount of $5,300. This letter was forwarded to the City's claims and noticing agent, Kurtzman Carson Consultants ("KCC"), and assigned claim number 117 ("Claim No. 117"). At the time of the filing of Claim No. 117, Johnson indicated that he was residing in the People's Republic of China.

The second claim filed by Johnson was filed on a Proof of Claim form with KCC on February 14, 2014 and was assigned claim number 1032 ("Claim No. 1032"). **Exhibit 2**. Claim No. 1032 is also in the amount of $5,300 but it does not assert a secured claim. On Claim No. 1032, Johnson lists his address as: 15474 Stoepel, Detroit, MI 48238 ("Stoepel Address").

Further, on October 3, 2014, Johnson filed a letter with the Court stating that he no longer resided in the People's Republic of China and that his mailing address was the Stoepel Address. (Doc. No. 7978).

## II. The City's Objection to the Duplicate Claim.

On February 13, 2015, the City filed its Eleventh Omnibus Objection to Certain Claims (Duplicate Claims) ("Eleventh Omnibus Objection," Doc. No. 9263), requesting that Claim No. 117 be expunged as a duplicative claim. On the same date, KCC filed a Certificate of Service ("Certificate of Service," Doc. No. 9281) stating that it served a copy of the Eleventh Omnibus Objection upon Johnson, via first class mail, at his Stoepel Address.

No response to the Eleventh Omnibus Objection was filed with the Court or received by the City. On April 7, 2015, the City filed the Certificate of No Response to Debtor's Eleventh Omnibus Objection to Certain Claims. (Doc. No. 9636). On April 10, 2015, this Court entered the Order Sustaining Debtor's Eleventh Omnibus Objection to Certain Claims which disallowed and expunged Claim No. 117 but left Claim No. 1032 as a surviving unsecured claim. (Doc. No. 9653)

## III. Johnson's Subsequent Letters and Motion

On August 19, 2015, Johnson filed a letter with the Court that is substantially identical to the letter attached to the Motion ("August 2015 Letter"). (Docket No. 10148). The August 2015 Letter is dated August 1, 2015, and asserts that Johnson did not receive notice of the Eleventh Omnibus Objection. On August 21, 2015, the Court issued a Notice of Deficient Filing with respect to the August 2015 Letter. (Docket No. 10151). The Notice of Deficient Filing stated the Court may strike the August 2015 Letter from the record if certain deficiencies with respect to the August 2015 Letter were not cured. The deficiencies were not cured.

On December 11, 2015, Johnson filed another letter with the Court that is substantially identical to the letter attached to the Motion. (Docket No. 10704). The Court again issued a Notice of Deficient Filing. (Docket No. 10706).

On December 18, 2015, Johnson filed his Motion with the Court, requesting that his alleged secured claim be reinstated. In the Motion, Johnson states that he would have responded to the City's objection to his Claim No 117, but did not, as he did not receive notice of the Eleventh Omnibus Objection.

## ARGUMENT

The Court should deny the Motion because Johnson has failed to establish excusable neglect. As set forth in *Pioneer*, the Court should consider the following factors to determine whether a party's neglect is excusable: (1) the danger of prejudice to the debtor, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship,* 507 U.S. 380 (1993)

### I. The Danger of Prejudice to the Debtor

Deadlines and bar dates are designed to promote finality and efficient administration of the bankruptcy process. *In re Nat'l Steel Corp.*, 316 B.R. 510, 514 (Bankr. N.D. Ill. 2004). "Case administration in large bankruptcy cases such as this one is more often than not a long and complex road to travel. For this reason, fixing a bar date is not merely a routine step, but rather it promotes efficiency in the reorganization process by promptly identifying claims that the plan must consider for the Debtor and other plan proponents." *Id.* (citations and internal quotation marks omitted). Although a court may extend a bar date or deadline for "excusable neglect," a "*pro se* litigant[']s failure to timely meet a deadline because of '[i]nadvertence, ignorance of the rules, or mistakes construing the rules do[es] not usually constitute "excusable neglect."'" *In re*

*Settlement Facility Dow Corning Trust*, No. 08-12019, 2009 WL 4506433 at *2 (E.D. Mich. Nov. 25, 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)). And, even when a court considers extending a bar date or deadline after it has passed, it will only do so if, in addition to not being prejudicial to the debtor and its bankruptcy case, there is no prejudice on other timely or late filed claims that remain barred. *Settlement Facility Dow Corning Trust*, 2009 WL 4506433 at *2-3.

Over 3,900 proofs of claim were filed against the City. Analyzing, reconciling and otherwise addressing this enormous volume of varied claims has been an overwhelming undertaking for the City. This task will become even more difficult if parties are allowed relief from orders previously entered by this Court. The danger of prejudice to the City is that other parties will seek similar relief if the Motion is granted.

II. **The length of the delay and its potential impact on judicial proceedings and whether the Movant acted in good faith**

The length of the delay is substantial. The Motion was filed over ten months after the Eleventh Omnibus Objection and over eight months after an order was entered granting the Eleventh Omnibus Objection. Johnson provides no reason for the delay. Johnson was aware of the Eleventh Omnibus Objection no later than August 1, 2015, because that is the date of the August 2015 Letter. Yet, Johnson waited for over four months after he was aware that his claim had been expunged to file the Motion.

III. **The reason for the delay, including whether it was within the reasonable control of the movant**

The Certificate of Service provides that the Eleventh Omnibus Objection was mailed to Johnson at the Stoepel Address. As the Sixth Circuit Court of Appeals held in *Yoder*, "The common law has long recognized a presumption that an item properly mailed was received by

the addressee. The presumption arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail." *In re Yoder*, 758 F.2d 1114, 1116-1118 (6th Cir. 1985). The presumption is rebutted upon the introduction of evidence which would support a finding of the nonexistence of the presumed fact. *Id.* Johnson has not provided any evidence to support his assertion that he did not receive the Eleventh Omnibus Objection. Thus, the Court should conclude that the Eleventh Omnibus Objection was received by Johnson and that the reason for the delay for was within Johnson's reasonable control.

## **CONCLUSION**

The City respectfully requests that the Motion be denied.

DATED: January 4, 2016

Respectfully submitted,

By: /s/ Marc N. Swanson
   Jonathan S. Green (P33140)
   Marc N. Swanson (P71149)
   MILLER, CANFIELD, PADDOCK AND
   STONE, P.L.C.
   150 West Jefferson, Suite 2500
   Detroit, Michigan 48226
   Telephone: (313) 496-7591
   Facsimile: (313) 496-8451
   green@millercanfield.com
   swansonm@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT 1 – CERTIFICATE OF SERVICE

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 4, 2016, he served a copy of the foregoing *City Of Detroit's Objection to M. Dujon Johnson's Motion To Reinstate Secured Claim* as listed below, via First Class United States Mail:

M. Dujon Johnson
15474 Stoepel
Detroit, MI 48238


DATED: January 4, 2016

                                                        By: /s/ Marc N. Swanson
                                                        Marc N. Swanson
                                                        150 West Jefferson, Suite 2500
                                                        Detroit, Michigan 48226
                                                        Telephone: (313) 496-7591
                                                        Facsimile: (313) 496-8451
                                                        swansonm@millercanfield.com

Hon. Stephen J. Rhodes
Theodore Levin Building
231 W. Lafayette
Detroit, Michigan  48224

September 23, 2013

Dear Honorable Rhodes:

I have recently become aware that a deadline recently passed for those opposing the bankruptcy filing by the City of Detroit. I do not oppose such a filing by the City of Detroit but I currently have a judgment against the City of Detroit (parking division) for $5,300.00 due to their illegally towing, and the auctioning, of my vehicle. The City of Detroit's position (pre bankruptcy) was that they did not believe that I knew how to collect so their attitude was 'catch us if you can.' Now the City of Detroit stated position to me is 'now we are in bankruptcy…too bad!' The City of Detroit has filed a stay with the 36th district court regarding this judgment against them due to the bankruptcy filing and it has been granted by that court.

The towing of my personal vehicle has caused me great hardship and I know of at least two positions of employment that I could not accept due to my lack of transportation. The hardship has been so severe that I have had to take a job in the People's Republic of China teaching English for $913.00 per month just to support my family. <u>I am asking this court to grant me the status of a secured creditor</u>. Because I am currently residing in China it is most likely that this letter will be screened and there will be a delay in your office receiving it; I ask for your forgiveness for the delay in this matter.

Sincerely,

M. Dujon Johnson
mdujon@gmail.com
Chongqing University of Technology
No. 69, Hongguang Avenue, Banan District
Chongqing 400054
PR of China

FILED
2013 OCT 29 P 12:05
U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

# Eastern District of Michigan
# Claims Register

[13-53846-swr City of Detroit, Michigan](#)

**Judge:** Steven W. Rhodes    **Chapter:** 9
**Office:** Detroit    **Last Date to file claims:**
**Trustee:**    **Last Date to file (Govt):**

| Creditor: (22470512)<br>M. Dujon Johnson<br>Chongqing University of Technology<br>No. 69, Hongguang Avenue, Banan District<br>Chongqing 400054<br>PR of China | Claim No: 23<br>Original Filed Date: 10/29/2013<br>Original Entered Date: 11/04/2013 | Status:<br>Filed by: CR<br>Entered by: ckata<br>Modified: |
|---|---|---|

| Amount | claimed: | $5300.00 | |
|---|---|---|---|
| Secured | claimed: | $5300.00 | |

History:

| Details | 23-1 | 10/29/2013 | Claim #23 filed by M. Dujon Johnson, Amount claimed: $5300.00 (ckata) |
|---|---|---|---|

Description:
Remarks:

## Claims Register Summary

**Case Name:** City of Detroit, Michigan
**Case Number:** 13-53846-swr
**Chapter:** 9
**Date Filed:** 07/18/2013
**Total Number Of Claims:** 1

| Total Amount Claimed* | $5300.00 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

**The values are reflective of the data entered. Always refer to claim documents for actual amounts.**

| | Claimed | Allowed |
|---|---|---|
| Secured | $5300.00 | |
| Priority | | |
| Administrative | | |

**PACER Service Center**
**Transaction Receipt**

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT  EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

Name of Debtor: **City of Detroit, Michigan**   Case Number: **13-53846**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**M. DUJON JOHNSON**

Name and address where notices should be sent:
**15474 STOEPEL**
**DETROIT, MICHIGAN 48238**

Telephone number:          email: **mdujon@gmail.com**

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:          email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED FEB 20 2014 KURTZMAN CARSON CONSULTANTS**

1. **Amount of Claim as of Date Case Filed:** $ **5300.00**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** **Judgement for illegal tow of car and auction of it.**
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** ___
   **3a. Debtor may have scheduled account as:** ___
   (See instruction #3a)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate (when case was filed) ___% ☐ Fixed  or  ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____
Amount Unsecured: $_____

**FILED 2014 FEB 14 U.S. BANKRUPTCY COURT**

5. **Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**

5b. **Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____.**

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted".) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. **Signature:** (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **M. DUJON JOHNSON**
Title:
Company:
Address and telephone number (if different from notice address above):

(Signature) **M. D—**   (Date) **2/14/14**

Telephone number:          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

Approved, SCAO

| STATE OF MICHIGAN<br>36th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | ORDER FOR<br>ADMINISTRATIVE CLOSING<br>DUE TO BANKRUPTCY STAY | CASE NO.<br>12-202678-GC |
|---|---|---|
| Court address<br>421 Madison Ave, Detroit, MI 48226 | | Court telephone no.<br>(313) 965-6098 |

**NOTE: Do not use this form in domestic relations cases.**

| Plaintiff name(s) and address(es)<br>M. Dujon Johnson<br>15474 Stoepel<br>Detroit, MI 48238 | v | Defendant name(s) and address(es)<br>CITY OF DETROIT<br>2 Woodward Ave, Suite 500<br>Detroit, MI 48226 |
|---|---|---|
| Plaintiff(s) attorney, bar no., address, and telephone no.<br>M. DuJon Johnson, In Pro Per<br>15474 Stoepel<br>Detroit, MI 48238 | | Defendant(s) attorney, bar no., address, and telephone no.<br>MARY BETH COBBS (P40080)<br>2 WOODWARD AVE, STE. 500<br>DETROIT, MI 48226<br>313.237.3075 |

This case has been stayed in bankruptcy.

| Bankruptcy petition no.<br>13-53846 SWR | United States District Court<br>EASTERN DISTRICT OF MICHIGAN |
|---|---|

**IT IS ORDERED:**

1. This case is closed for administrative purposes without prejudice.

2. This closing does not constitute a dismissal or a decision on the merits.

3. When the bankruptcy stay has been removed this case may be reopened on motion of any party.

Date: 6/26/13

Judge signature, Bar no. P39900

ORIGINAL FILED
**A TRUE COPY**
DEPUTY CLERK
36TH DISTRICT COURT

| STATE OF MICHIGAN | | CASE NO: **12202678GC** GC |
| 36TH JUDICIAL DISTRICT | **REGISTER OF ACTIONS** | STATUS: CLSD |

Court Address 421 MADISON AVENUE  
                DETROIT        MI  48226  
        Court Telephone (313) 965-5794

JUDGE OF RECORD: COLEMAN,DONALD,    P-39982

                                                Attorney

P01    PLAINTIFF                      (CLSD)  
        **JOHNSON/M/DUJON**  
        15474 STOPEL  
        DETROIT          MI 48238

D01    DEFENDANT                  (CLSD)        P-40080  
        **CITY OF DETROIT PARKING//**        COBBS,MARY BETH,  
        1600 W. LAFAYETTE                660 WOODWARD AVE  
        DETROIT          MI 48216        STE 1800  
                                                    DETROIT          MI 48226  
                                                    (313) 237-3075

| DATE | | ACTIONS, JUDGMENTS, CASE NOTES | | INITIALS |
|---|---|---|---|---|
| 12/18/12 | | | | |
| | P01 | AFFDV & CLM FILED | $5,000.00 | 658 |
| | D01 | AFFDV & CLM CERTIFIED MAIL - ISSUED | | 658 |
| | ALL | HEARING SMALL CLAIMS SCHEDULED | | 658 |
| | |           01/28/13  08:30A | | |
| | | FILING FEE PAID     $65.00  RCPT # CH57225 | | 658 |
| | | CERTIF. MAIL PAID   $10.30  RCPT # CH57225 | | 658 |
| | | CREDIT CARD TENDERED | | 658 |
| 12/20/12 | | | | |
| | | P01 ADDRESS ADDED | | 794 |
| | | D01 ADDRESS ADDED | | 794 |
| 01/17/13 | | | | |
| | D01 | AFFDV & CLM CERTIFIED MAIL - SERVED | | 794 |
| 01/28/13 | | | | |
| | ALL | HEARING HELD | | 047 |
| | ALL | HEARING ADJOURNED | | 047 |
| | ALL | HEARING SMALL CLAIMS SCHEDULED | | 047 |
| | |           04/10/13  08:30A | | |
| | | CASE CALLED. PARTIES IN COURT. COPIES GIVEN. | | 047 |
| | | PARTIES TO GET ADD'L DOC.S FOR THEIR POSITIONS | | 047 |
| | | PLAINTIFF TO FILE BRIEF BY END OF FEB. 2013. | | 047 |
| | | DEFENDANT TO SUBMIT BY MARCH 22, 2013. | | 047 |
| | | MAGISTRATE LAURA A. ECHARTEA/APAYTON   FILE | | 047 |
| | | RETURNED TO SMALL CLAIMS | | 047 |
| 01/29/13 | | | | |
| | | JUDGE OF RECORD/MAGISTRATE CHANGED | | 047 |
| | |   FROM: 00997 SMALL CLAIMS, SC | | 047 |
| | |     TO: 41489 ECHARTEA,LAURA A | | 047 |
| 04/09/13 | | | | |
| | D01 | JUDGMENT SMALL CLAIMS ISSUED | | 001 |
| 04/10/13 | | | | |
| | | D01 PREV.  1600 W. LAFAYETTE | | 078 |
| | |   ADDR: | | 078 |
| | ALL | ORDER FOR REMOVAL TO GEN CIVIL ENTERED | | 078 |
| | | CASE CALLED, BOTH PARTIES APPEARED. | | 078 |

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | | INITIALS |
|---|---|---|---|
| | THIS DEMAND IS MADE BY THE PLAINTIFF. IT IS | | 078 |
| | ORDERED: THIS CASE IS REMOVED TO THE GENERAL | | 078 |
| | CIVIL DIVISION OF THE COURT FOR FURTHER | | 078 |
| | PROCEEDINGS. THE DEFENDANT SHALL FILE A | | 078 |
| | WRITTEN ANSWER ANS SERVE IT WITHIN 14 DAYS | | 078 |
| | FROM THE DATE OF THIS ORDER AS PROVIDED IN THE | | 078 |
| | COURT RULE. COPIES GIVEN TO ALL PARTIES. | | 078 |
| | MAGISTRATE SIDNEY BARTHWELL JR./TRACIE CHANEY | | 078 |
| 04/11/13 | | | |
| | JUDGE OF RECORD/MAGISTRATE CHANGED | | 078 |
| |   FROM: 41489 ECHARTEA,LAURA A | | 078 |
| |     TO: 44450 BARTHWELL,SIDNEY | | 078 |
| | FILE RETURNED TO SMALL CLAIMS. TRACIE CHANEY | | 078 |
| 04/12/13 | | | |
| | TRANSFERRED FROM CASE # 12202678 | | 788 |
| | CASE CHANGED TO 12-202678GC | | 788 |
| | ANSWER DUE BY 04/25/13/ KARISSA SMITH | | 788 |
| 04/29/13 | | | |
| D01 | DEFAULT ISSUED | | 788 |
| | NO RESPONSE FROM DEFENDANT. DEFAULT MAILED OUT | | 788 |
| | AND THE FILE IS RETURNED TO THE RECORDS ROOM/ | | 788 |
| | KARISSA SMITH | | 788 |
| 05/10/13 | | | |
| P01 | DEFAULT FILED | | 727 |
| 05/14/13 | | | |
| | DEFAULT JUDGMENT SENT TO JUDGE COLEMAN FOR | | 788 |
| | REVIEW. DEFENDANT FAILED TO RESPOND/ | | 788 |
| | KARISSA SMITH | | 788 |
| 05/17/13 | | | |
| D01 | JUDGMENT BY DEFAULT ENTERED | $5,300.00 | 057 |
| | COPIES MAILED. JUDGE DONALD COLEMAN/TRICE | | 057 |
| | FILE SENT TO FILE ROOM. | | 057 |
| 06/26/13 | | | |
| D01 | MOTION TO SET ASIDE DEFAULT JUD ENTERED | | 785 |
| D01 | MOTION TO SET ASIDE DEFAULT JUD REQUESTED | | 785 |
| | BRUCE CLINTON | | 785 |
| 07/16/13 | | | |
| | MOTION TO SET ASIDE DEFAULT JUDGMENT | | 785 |
| | (DATED 6/26/13) SENT TO JUDGE COLEMAN WITH | | 785 |
| | FILE.BRUCE CLINTON | | 785 |
| 07/25/13 | | | |
| | ORDER FOR BANKRUPTCY FILED.        C.LYONS | | 869 |
| 08/21/13 | | | |
| D01 | MOTION TO SET ASIDE DEFAULT JUD GRANTED | | 057 |
| D01 | ORDER TO SET ASIDE DEFAULT JUD ENTERED | | 057 |
| | THE MOTION TO SET ASIDE DEFAULT JUDGMENT IS | | 057 |
| | GRANTED AND THIS MATTER IS SET FOR A HEARING | | 057 |
| | ON THE MOTION TO DISMISS. | | 057 |
| ALL | HEARING TO DISMISS SCHEDULED | | 057 |
| |                09/09/13  10:00A | | |
| ALL | NOTICE TO APPEAR ISSUED | | 057 |
| | COPIES MAILED. JUDGE DONALD COLEMAN/TRICE | | 057 |
| | FILE IN 436. | | 057 |
| D01 | APPEARANCE FILED | COBBS,MARY BETH P-40080 | 057 |
| | D01 PREV.  1600 W. LAFAYETTE | | 057 |

| DATE | ACTIONS, JUDGMENTS, CASE NOTES | INITIALS |
|---|---|---|
|  | ADDR: | 057 |
| 08/23/13 |  |  |
|  | ORDER FOR ADMINISTRATIVE CLOSING DUE TO | 869 |
|  | BANKRUPTCY STAY SENT TO JUDGE. CARL LYONS | 869 |
| 08/26/13 |  |  |
|  | ORDER FOR ADMINISTRATIVE CLOSING DUE TO | 057 |
|  | BANKRUPTCY STAY | 057 |
| D01 | ORDER FOR BANKRUPTCY STAY RECEIVED | 057 |
|  | AND SIGNED. COPIES MAILED. JUDGE DONALD | 057 |
|  | COLEMAN/TRICE. FILE SENT TO DOCKET DEPARTMENT. | 057 |
| 09/04/13 |  |  |
|  | FUTURE CALENDAR DATE(S) REMOVED | 057 |