# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST DORETHA MASON, NORTHLAND RADIOLOGY, INC. AND AMERICAN ANESTHESIA ASSOCIATES, LLC

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Doretha Mason, Northland Radiology, Inc. and American Anesthesia Associates, LLC ("Motion"). In support of this Motion, the City respectfully states as follows:

## I. Introduction

1. Despite having not filed proofs of claim in the City's bankruptcy case, Plaintiffs Doretha Mason ("Mason"), Northland Radiology, Inc. ("Northland") and American Anesthesia Associates, LLC[1] ("Anesthesia Associates", and together with Mason and Northland, the "Plaintiffs") continue to prosecute a state court lawsuit seeking monetary damages on account of pre-petition claim against the City. In accordance with the Bar Date Order, the City seeks an order barring and permanently enjoining the Plaintiffs from asserting their claims against the

---

[1] Anesthesia Associates did file a proof of claim related to a patient named Patricia Edwards but it has not filed a claim related to Mason. [Cl. No. 983].

25927628.2\022765-00213

City or property of the City, and requiring that the Plaintiffs dismiss the City with prejudice from the state court lawsuit.

## II.     Factual Background

### A.     The Bar Date Order

2.     On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3.     On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Doc. No. 1782) ("Bar Date Order").

4.     The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City.  Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

5.     Paragraph 22 of the Bar Date Order also provided that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any

25927628.2\022765-00213

Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

6.     The Bar Date Order also approved the form and manner of notice of the Bar Dates.  *See e.g.* Bar Date Order ¶¶ 3, 23-26.  In accordance with the Bar Date Order, notice of the General Bar Date was published in several newspapers.  [Doc. Nos. 3007, 3008, 3009].

7.     The Bar Date Order also provided that this Court retained "jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order."  Bar Date Order ¶ 29.

### B.     The State Court Action

8.     In violation of the automatic stay and the Bar Date Order, on February 13, 2014, Mason filed a complaint ("Mason Complaint") against the City of Detroit in the Circuit Court for the County of Wayne, case number 14-001808 ("State Court Action").  The Mason Complaint is attached as Exhibit 6A.  Mason alleges the City is obligated to provide her certain benefits due to an accidental injury that on or about March 6, 2013.   Complaint ¶ 10. Five days after filing the Compaint, Mason was personally served with notice of the Bar Date Order.  *See* Doc. No. 2761 at page 5 of 24.  Mason did not, however, file a claim in the City's bankruptcy case.

9.     On July 18, 2014, Northland filed an intervening complaint against the City ("Northland Complaint").[2]  The Northland Complaint is attached as Exhibit 6B.  Northland asserts it provided Mason with services and products due to her alleged pre-petition injury. Northland Complaint ¶ 8.

10.     On or about October 7, 2015, Anesthesia Associates filed an intervening complaint against the City ("Anesthesia Associates Complaint").   The Anesthesia Associates

---

[2] The Northland Complaint mistakenly named Farm Bureau Insurance Company as a defendant.

Complaint is attached as Exhibit 6C. Anesthesia Associates alleges that on November 6, 2014, it provided medical treatment to Mason for injuries she suffered as a result of the March 6, 2013 accident. Anesthesia Associates Complaint ¶ 9.

### III. Argument

11.     Mason, and Northland failed to file a proof of claim in the City's bankruptcy case. And, the proof of claim filed by Anesthesia Associates is unrelated to the State Court Action. Consequently, pursuant to the Bar Date Order, Plaintiffs are "forever barred, estopped and enjoined from…asserting any claim against the City or property of the City." Bar Date Order ¶ 22. As the Plaintiffs' actions violate the Bar Date Order, their claims against the City must be dismissed with prejudice.

### IV. Conclusion

12.     The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing each of the Plaintiffs to dismiss, or cause to be dismissed, the State Court Action; and (b) permanently barring, estopping and enjoining the Plaintiffs from asserting the claims alleged in or claims related to the State Court Action against the City or property of the City. The City sought, but did not obtain, concurrence to the relief requested in the Motion.

Dated: January 26, 2016

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

- and -

CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
James Noseda (P52563)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## EXHIBIT LIST

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice of Opportunity to Object |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6A | Mason Complaint |
| Exhibit 6B | Northland Complaint |
| Exhibit 6C | Anesthesia Associates Complaint |

- 6 -

**EXHIBIT 1 – PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST DORETHA MASON, NORTHLAND RADIOLOGY, INC. AND AMERICAN ANESTHESIA ASSOCIATES, LLC**

This matter, having come before the Court on the Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Doretha Mason, Northland Radiology, Inc. and American Anesthesia Associates, LLC ("<u>Motion</u>")[3], upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.      The Motion is granted.

2.      Within five days of the entry of this Order, Doretha Mason, Northland Radiology, Inc. and American Anesthesia Associates, LLC will dismiss, or cause to be dismissed, with prejudice the lawsuit captioned as Doretha Mason, Plaintiff, Northland Radiology, Inc.,

---

[3] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Motion.

Intervening Plaintiff, American Anesthesia Associates, LLC, Proposed Intervening Plaintiff vs. City of Detroit, Defendant, case number 14-0001808, filed in the Wayne County Circuit Court.

3.      Doretha Mason, Northland Radiology, Inc. and American Anesthesia Associates, LLC are permanently barred, estopped and enjoined from asserting the claims arising from or related to their State Court Actions against the City of Detroit or property of the City of Detroit.

4.      The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**EXHIBIT 2 – NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST DORETHA MASON, NORTHLAND RADIOLOGY, INC. AND AMERICAN ANESTHESIA ASSOCIATES, LLC**

The City of Detroit has filed its Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Doretha Mason, Northland Radiology, Inc. and American Anesthesia Associates, LLC.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Doretha Mason, Northland Radiology, Inc. and American Anesthesia Associates, LLC, within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

Dated: January 26, 2016

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

**EXHIBIT 3 – NONE**

# EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

The undersigned hereby certifies that on January 26, 2016, he served a copy of the foregoing **CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST DORETHA MASON, NORTHLAND RADIOLOGY, INC. AND AMERICAN ANESTHESIA ASSOCIATES, LLC** upon the persons listed below via first class mail and email:

Counsel to Doretha Mason:

Carl Collins
Law Office of Carl Collins III PLC
20755 Greenfield Rd., Ste. 1100
Southfield, MI 48075
carlcollins3@attycarlcollins.com

Counsel to America Anesthesia Associates, LLC

Gerald Paulovich
Anthony Litigation, PLLC
2000 Town Center, Ste. 1900
Southfield, MI 48075
gp@anthonylitigation.com

Counsel to Northland Radiology, Inc.

Lukasz Wietrzynski
Buckfire & Buckfire, P.C.
25800 Northwestern Highway, Ste. 890
Southfield, MI 48075
luke@buckfirelaw.com

DATED:  January 26, 2016

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

**EXHIBIT 5 – NONE**

**EXHIBIT 6A – Mason Complaint**

DORETHA MASON,
    Plaintiff,

v.

                                  Case No.       NF
                                  Hon.

CITY OF DETROIT, AND,
MICHIGAN ASSIGNED CLAIMS PLAN
    Defendants,

                                        /

LAW OFFICE OF CARL L. COLLINS III
Carl L. Collins, III (P55982)
Attorneys for Plaintiff
20755 Greenfield Road, Suite 1100
Southfield, MI 48075
(313) 341-4100

                                        /

**14-001808-NF**
FILED IN MY OFFICE
WAYNE COUNTY CLERK
2/13/2014 10:28:15 AM
CATHY M. GARRETT

---

There are no other pending or resolved civil actions arising out
of the transaction or occurrence alleged in the complaint

---

## COMPLAINT

NOW COMES the Plaintiff, DORETHA MASON, by and through the Plaintiff's attorneys,

LAW OFFICE OF CARL L. COLLINS III, and in the Plaintiff's Complaint against the

Defendants, CITY OF DETROIT AND MICHIGAN ASSIGNED CLAIMS PLAN, states the

following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action as the amount in controversy, exclusive of interest

   and costs, exceeds the sum of $25,000.00. MCL 600.605.

2. Venue is proper in this Circuit, pursuant to MCL 600.1621(a), because the Defendant resides

   or conducts business in Wayne County, in the State of Michigan.

3. The acts by the Defendants that form the basis of this legal action all occurred in Wayne County, in the State of Michigan.

## PARTIES

4. The Plaintiff, DORETHA MASON, at all times relevant to the claim brought herein resided in the City of Detroit, Wayne County, Michigan.

5. The Defendant, CITY OF DETROIT, at all times relevant to the claim brought herein has a place of business or conducts business in Wayne County, Michigan.

6. The Defendant, MICHIGAN ASSIGNED CLAIMS PLAN, at all times relevant to the claim brought herein has a place of business or conducts business in Wayne County, Michigan.

## COUNT I: BREACH OF CONTRACT

7. The Plaintiff incorporates all paragraphs by reference as though fully set forth herein.

8. That on or about March 6, 2013, DORETHA MASON, was insured under the provisions of an automobile insurance policy issued by the Defendants, CITY OF DETROIT AND MICHIGAN ASSIGNED CLAIMS PLAN, then in effect in accordance with the provisions of the No-Fault Insurance Act (No-Fault), MCL 500.3101 *et seq.*

9. That pursuant to the No-Fault Act MCL 500.3114, the Defendants are the insurer having the highest order of priority to provide the Plaintiff personal injury protection (PIP) benefits coverage.

10. That on or about March 6, 2013, upon the accidental injury of the Plaintiff, DORETHA MASON, the Defendant, CITY OF DETROIT AND MICHIGAN ASSIGNED CLAIMS PLAN, became obligated to provide the Plaintiff personal injury protection (PIP) benefits coverage, including, but not limited to medical bills, attendant care, replacement services and lost wages in accordance with the applicable No-Fault provisions.

11. That the Plaintiff, DORETHA MASON, has submitted notice of the Plaintiff's personal injury protection (PIP) benefits claim to the Defendants, CITY OF DETROIT AND MICHIGAN ASSIGNED CLAIMS PLAN, and the Defendants have refused and/or ignored same.

12. That the Defendants, CITY OF DETROIT AND MICHIGAN ASSIGNED CLAIMS PLAN have failed and/or refused to pay or even acknowledge the Plaintiff's personal injury protection (PIP) benefits claim.

13. That the Defendants have breached the automobile insurance contract and the Defendants' statutory obligation to provide personal injury protection (PIP) benefits coverage to the Plaintiff.

14. That as a result of the Defendants' failure and refusal to provide personal injury protection (PIP) benefits, the Plaintiff has sustained financial harm.

15. The Plaintiff requests that this Honorable Court enter an order compelling the Defendants to meet the Defendants' contractual and statutory obligation and award the Plaintiff damages of an amount to exceed the jurisdictional amount of this Court, plus interest, penalty interest, attorney fees, costs and any other relief this Honorable Court deems appropriate for the Defendants' unreasonable refusal to pay personal injury protection (PIP) benefits.

## COUNT II:DECLARATORY RELIEF

16. The Plaintiff incorporates all paragraphs by reference as though fully set forth herein.

17. An actual controversy exists between the Plaintiff and the Defendants.

18. That the Court must determine the following:

    a.  The applicability of the No-Fault Act to the Plaintiff's claim;

    b.  The amount of wage loss benefits, replacement service expenses, medical expenses, no-

fault interest, actual attorney fees or other benefits owed to the Plaintiff;

c. Any coverage or policy disputes between the Plaintiff and the Defendants; and

d. Other determinations, orders and judgments necessary to fully adjudicate the rights of the parties.

19. The Plaintiff requests that this Honorable Court enter judgment against the Defendants in an amount to exceed the jurisdictional amount of this Court, plus interest, penalty interest, attorney fees, costs, any other relief this Honorable Court deems appropriate, as well as all past, present and future personal injury protection (PIP) insurance benefits so wrongfully denied.

WHEREFORE, the Plaintiff prays that this Honorable Court enter judgment against the Defendants in an amount to exceed the jurisdictional amount of this Court, plus interest, penalty interest, attorney fees, costs and any other relief that this Honorable Court deems appropriate for the Defendants' unreasonable refusal to pay personal injury protection (PIP) benefits.

Respectfully Submitted,
LAW OFFICE OF CARL L. COLLINS III
By: /s/ Carl L. Collins, III
Carl L. Collins, III (P55982)
Attorneys for Plaintiff

Date: February 13, 2014

**EXHIBIT 6B – Northland Complaint**

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DORETHA MASON,

        Plaintiff,

NORTHLAND RADIOLOGY, INC.,

        Intervening-Plaintiff

vs.

FARM BUREAU INSURANCE COMPANY,

        Defendant.

_____/

Case No.: 14-001808-NF

Hon.: KATHLEEN MACDONALD

14-001808-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
7/18/2014 11:56:34 AM
CATHY M. GARRETT

CARL COLLINS, III (P55982)
Attorney for Plaintiff
20755 Greenfield Rd Ste 1100
Southfield, MI 48075

MARK CHRISTOPHER VANNESTE (P73001)
Attorney for Defendant
2600 Troy Center Dr., PO BOX 5025
Troy, MI 48007
(248) 539-2852

_____/

LUKASZ WIETRZYNSKI (P77039)
Buckfire & Buckfire, P.C.
Attorneys for Intervening-Plaintiff
NORTHLAND RADIOLOGY, INC.
25800 Northwestern Highway, Ste. 890
Southfield, MI 48075
(248) 569-4646

## INTERVENING-PLAINTIFF'S COMPLAINT AND RELIANCE UPON JURY DEMAND

**NOW COMES** the Intervening-Plaintiff NORTHLAND RADIOLOGY, INC.,

("Intervening-Plaintiff") by and through its attorneys, BUCKFIRE & BUCKFIRE, PC, and for its

cause of action against the Defendant FARM BUREAU INSURANCE COMPANY

("Defendant") states as follows:

    1.    That Intervening-Plaintiff is a corporation licensed to conduct business under the

laws of the State of Michigan and at all times pertinent herein was conducting business in the

County of OAKLAND, State of Michigan.

00188733

1

2. That Defendant, at all times pertinent herein, systematically and regularly conducted business in the County of WAYNE, State of Michigan.

3. As of the date of this complaint, Intervening-Plaintiff is due and owed the sum of at least $7,600, not including interest at a rate of 12%, costs, and attorney fees.

4. That the medical treatment and expenses that are at issue in this litigation occurred in the County of OAKLAND, State of Michigan.

### GENERAL ALLEGATIONS

5. Intervening-Plaintiff restates and re-alleges paragraphs 1-4 as though fully restated herein.

6. That DORETHA MASON (hereinafter "the injured party") sustained accidental bodily injuries within the meaning of the statutory provisions of MCL 500.3105.

7. That Defendant is first in order of priority to pay for the injured party's claim for no fault personal protection insurance benefits in accordance with Chapter 31 of the Michigan Insurance Code, more commonly known as the "no-fault insurance law."

### STATUTORY VIOLATIONS OF THE MICHIGAN NO-FAULT ACT

8. That as a result of the aforementioned injuries, Intervening-Plaintiff provided reasonably necessary products and services to aid in the injured party's care, recovery and/or rehabilitation.

9. That under the terms of the Michigan No-Fault Statute MCL 500.3101 et seq., Defendant became obligated to pay for certain expenses incurred for reasonably necessary products and services rendered for the injured party's care, recovery or rehabilitation resulting from the injured party's bodily injuries that arose out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.

00188733

2

10. That Intervening-Plaintiff timely submitted billings to Defendant for medical services that were rendered to the injured party and that were reasonably necessary for the care, recovery or rehabilitation of the injured party for his or her injuries. (See Exhibit 1).

11. That Intervening-Plaintiff also submitted to Defendant supporting documentation and forms necessary for Defendant to determine the reasonableness, necessity and amount of the medical services rendered to the injured party.

12. That Defendant was provided reasonable proof of the fact and of the amount of losses sustained and charges incurred.

13. That to date, Defendant has unreasonably refused and/or delayed in making payment to Intervening-Plaintiff for the medical services rendered.

14. That Pursuant to MCL 500.3157, Intervening-Plaintiff is entitled to recover from the Defendant the outstanding balance for the medical services rendered to the injured party.

15. That Intervening-Plaintiff has requested payment from Defendant for the amount of the bills due and owing and Defendant has refused and/or neglected to pay them.

16. That Intervening-Plaintiff is entitled to reasonable and actual attorney fees incurred in this action pursuant to MCL 500.3148.

17. That Intervening-Plaintiff is also entitled to costs and interest pursuant to MCL 500.3142 for the overdue bills that have not been paid by Defendant within 30 days after Defendant received reasonable proof of the fact and of the amount of loss sustained.

## ACCOUNT STATED

18. Intervening-Plaintiff restates and re-alleges paragraphs 1-17 as though fully restated herein.

00188733

3

19.     That Intervening-Plaintiff sent to Defendant statements of account reflecting the services provided to the injured party, which were received and retained by the Defendant.

20.     That Defendant has unreasonably refused to tender the balances owed to the Intervening-Plaintiff.

21.     As of the date of this complaint, Intervening-Plaintiff is due and owed the sum of at least $7,600, not including interest at a rate of 12%, costs, and attorney fees.

**WHEREFORE**, the Intervening-Plaintiff requests a judgment be entered against Defendant in the amount of $7,600, plus interest, no-fault penalty interest, costs, attorney fees, and such other relief as this Court may deem appropriate in equity or otherwise.

## QUANTUM MERUIT

22.     Intervening-Plaintiff restates and re-alleges paragraphs 1-21 as though fully restated herein.

23.     That Intervening-Plaintiff has completed performance under the terms of the contract of insurance and obligations imposed upon Defendant by the Michigan No-Fault Act.

24.     That Intervening-Plaintiff has conferred a benefit upon Defendant in providing reasonable and necessary medical services, for the care, recovery and rehabilitation of Defendant's insured.

25.     That the Intervening-Plaintiff has not been compensated for its performance.

**WHEREFORE**, the Intervening-Plaintiff requests a judgment be entered against Defendant in the amount of $7,600, plus interest, no-fault penalty interest, costs, attorney fees, and such other relief as this Court may deem appropriate in equity or otherwise.

## BREACH OF CONTRACT

00188733

4

26.     Intervening-Plaintiff restates and re-alleges paragraphs 1-25 as though fully restated herein.

27.     That Intervening-Plaintiff provided reasonable and necessary medical services for the care, recovery and rehabilitation of Defendant's insured.

28.     That the Intervening-Plaintiff is a claimant within the meaning of MCL 500.3112, and 500.3148(1).

29.     That Defendant received reasonable proof of the fact and the amount for services provided by Intervening-Plaintiff.

30.     That Defendant has unreasonably refused to pay Intervening-Plaintiff's claims and said failure constitutes a breach of contract.

31.     As of the date of this complaint, Intervening-Plaintiff is due and owed the sum of at least $7,600, not including interest at a rate of 12%, costs, and attorney fees.

**WHEREFORE**, the Intervening-Plaintiff requests a judgment be entered against Defendant in the amount of $7,600, plus interest, no-fault penalty interest, costs, attorney fees, and such other relief as this Court may deem appropriate in equity or otherwise.

**INTRERVENING-PLAINTIFF HEREBY RELIES UPON THE JURY DEMAND PREVIOUSLY FILED AS TO EACH AND EVERY ISSUE IN SAID CASE**

Respectfully submitted,

/s/ Lukasz Wietrzynski
LUKASZ WIETRZYNSKI (P77039)
BUCKFIRE & BUCKFIRE, P.C.
Attorneys for Intervening-Plaintiff
25800 Northwestern Highway, Suite 890
Southfield, Michigan 48075
(248) 569-4646

Dated: July 17, 2014

00188733

**EXHIBIT 6C – Anesthesia Associates Complaint**

DORETHA MASON,

      Plaintiff,

NORTHLAND RADIOLOGY, INC.         Case No. 14-001808-NF

      Intervening Plaintiff         Hon. Kathleen MacDonald

AMERICAN ANESTHESIA ASSOCIATES,
LLC,

      Proposed Intervening Plaintiff

-VS-

CITY OF DETROIT,

      Defendants.

| | |
|---|---|
| **Carl Collins (P55982)**<br>**Richard G. Brewer (P31124)**<br>Law Office of Carl Collins III PLC<br>Attorneys for Plaintiff<br>20755 Greenfield Rd., Ste. 1100<br>Southfield, MI 48075<br>(313) 341-4100 | **Michael Muller (P38070)**<br>**James Noseda (P52563)**<br>City of Detroit Law Dept.<br>Attorneys for Defendant<br>2 Woodward Ave., Ste. 500<br>Detroit, MI 48226<br>(313) 237-3057 |
| **Lukasz Wietrzynski (P77039)**<br>Buckfire & Buckfire PC<br>Attorneys for Int. Pl. Northland<br>25800 Northwestern Hwy, Ste. 890<br>Southfield, MI 48075<br>(248) 569-4646 | **Gerald Paulovich (P77535)**<br>Anthony Litigation, PLLC<br>Attorneys for Proposed Intervening Plaintiff<br>2000 Town Center, Ste. 1900,<br>Southfield, MI 48075<br>(248) 351-1747 |

## INTERVENING PLAINTIFF, AMERICAN ANESTHESIA ASSOCIATES, LLC'S COMPLAINT AGAINST DEFENDANT CITY OF DETROIT

NOW COMES Plaintiff, AMERICAN ANESTHESIA ASSOCIATES, LLC, by and

through their attorneys, Anthony Litigation, P.L.L.C., through undersigned counsel, Gerald K. Paulovich, and for their Complaint states:

**JURISDICTION / VENUE ALLEGATIONS**

1.    Plaintiff, AMERICAN ANESTHESIA ASSOCIATES, LLC, (hereinafter 'American Anesthesia Associates, LLC) is a Michigan Corporation whose principal place of business is in the City of Southfield, County of Oakland.

2.    Defendant, CITY OF DETROIT, is an insurance company licensed to do business in the State of Michigan, and conducting a regular, systematic and continuous part of its business in Wayne County, State of Michigan.

3.    The amount in controversy herein exceeds $25,000 and is otherwise within the jurisdiction of this Honorable Court.

**COUNT I - STATUTORY VIOLATIONS OF THE MICHIGAN NO-FAULT ACT**

4.    Plaintiff hereby incorporates by reference each and every allegation contained in paragraphs 1 through 3 as though fully stated herein.

5.    On March 6, 2013, Doretha Mason sustained accidental bodily injuries in an accident arising out of the ownership, operation, maintenance, or use of a motor vehicle.

6.    Defendant is first in order of priority to pay for Doretha Mason's claim for no fault personal protection insurance benefits in accordance with Chapter 31 of the Michigan Insurance Code, more commonly known as the "no fault insurance law".

7.    Defendant became obligated to pay for certain expenses incurred for reasonably necessary products and services rendered for the injured party's care, recovery or rehabilitation as a result of the injured party's sustained accidental bodily injuries arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.

9. On November 6, 2014, Intervening Plaintiff provided medical treatment to Defendant's insured, Doretha Mason, for injuries she suffered as a result of the March 6, 2013, accident.

10. Intervening Plaintiff sought recovery from Defendant for the above stated personal protection benefits pursuant to the No-Fault Act.

11. Intervening Plaintiff has fully complied with the requirements of the applicable contract of insurance and the No-Fault Act, and has provided Defendant with reasonable proof of all outstanding medical expense benefits owed at this time.

12. Defendant has refused to pay Intervening Plaintiff necessary and incurred expenses related to claimant Doretha Mason's medical care in accordance with the contract provisions and the No-Fault Act.

13. By wrongfully denying Plaintiff's claims, Defendant breached its statutory duty and is liable for that amount of coverage to which Intervening Plaintiff is rightfully entitled.

**WHEREFORE,** Intervening Plaintiff, AMERICAN ANESTHESIA ASSOCIATES, LLC, prays for a Judgment against Defendant, CITY OF DETROIT, in such an amount as the trier of fact shall determine to be fair and just, together with all past and presently owed no-fault benefits, interest, costs, no-fault penalty interest and no-fault penalty attorney fees.

Respectfully submitted,
ANTHONY LITIGATION, PLLC


___ /s/ Gerald K. Paulovich ___
Gerald K. Paulovich P77535
Attorney for Int. Pl. Amer. Anesthesia Assoc., LLC

Dated: October 7, 2015

## RELIANCE ON PREVIOUSLY FILED JURY DEMAND

Plaintiff hereby relies on the jury demand previously filed in this case.

Respectfully submitted,
ANTHONY LITIGATION, PLLC


_/s/ Gerald K. Paulovich_____
Gerald K. Paulovich P77535
Attorney for Int. Pl. Amer. Anesthesia Assoc., LLC

Dated: October 7, 2015