# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST JAMES WILLIAMS

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof Against James Williams ("Motion"). In support of this Motion, the City respectfully states as follows:

## I.    Introduction

1.    Despite having not filed a proof of claim in the City's bankruptcy case, Plaintiff James Williams, (the "Plaintiff") continues to prosecute his state court lawsuit seeking monetary damages on account of a pre-petition claim against the City.  In accordance with the Bar Date Order, the City seeks an order barring and permanently enjoining the Plaintiff from asserting his claim against the City or

property of the City, and requiring that the Plaintiff dismiss the City with prejudice from the state court lawsuit.

## II.     Factual Background

### A.     The Bar Date Order

2.     On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3.     On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Doc. No. 1782) ("Bar Date Order").

4.     The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City.  Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

5.     Paragraph 22 of the Bar Date Order also provided that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the**

- 2 -

**City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

6.     The Bar Date Order also approved the form and manner of notice of the Bar Dates.  *See e.g.* Bar Date Order ¶¶ 3, 23-26.  In accordance with the Bar Date Order, notice of the General Bar Date was published in several newspapers. (Doc. Nos. 3007, 3008, 3009).

7.     The Bar Date Order also provided that this Court retained "jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order."  Bar Date Order ¶ 29.

8.     The Plaintiff, through his counsel, was served with notice of the Bar Date Order.  [Doc. No. 2337].

26017055.2\022765-00213

### B. Williams's State Court Action

9. On April 2, 2013, Plaintiff filed a complaint ("Williams Complaint") against the City of Detroit and John Doe, A Currently Unidentified Individual, in the Circuit Court for the County of Wayne, case number 13-004381. The Williams Complaint is attached as Exhibit 6A.

10. Plaintiff alleges that on June 18, 2012, he sustained personal injuries when the City of Detroit bus he was riding on collided with another vehicle. Williams Complaint ¶ 5. Plaintiff did not file a proof of claim in the City's bankruptcy case.

### III. Argument

11. Pursuant to the Bar Date Order, Plaintiff is "forever barred, estopped and enjoined from…asserting any claim against the City or property of the City." Bar Date Order ¶ 22. Through his state court lawsuit, however, the Plaintiff is asserting a claim against the City. As the Plaintiff's actions violate the Bar Date Order, his claims against the City must be dismissed with prejudice.

### IV. Conclusion

12. The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing the Plaintiff to dismiss, or cause to be dismissed, the City with prejudice from the state court lawsuit; (b) permanently barring, estopping and enjoining the Plaintiff from

asserting the claims alleged in or claims related to the state court lawsuit against the City or property of the City; and (c) prohibiting the Plaintiff from sharing in any distribution in this bankruptcy case. The City sought, but did not obtain, concurrence to the relief requested in the Motion.

Dated: February 11, 2016      MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

- and -

CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
James Noseda (P52563)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## EXHIBIT LIST

Exhibit 1   Proposed Order

Exhibit 2   Notice of Opportunity to Object

Exhibit 3   None

Exhibit 4   Certificate of Service

Exhibit 5   None

Exhibit 6A   Williams Complaint

**EXHIBIT 1 – PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER GRANTING CITY OF DETROIT'S MOTION TO
ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND
3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM
AND APPROVING FORM AND MANNER OF NOTICE THEREOF
AGAINST JAMES WILLIAMS**

This matter, having come before the Court on the Motion to Enforce Order,
Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy
Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and
Approving Form and Manner of Notice Thereof Against James Williams
("Motion")[1], upon proper notice and a hearing, the Court being fully advised in the
premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.     The Motion is granted.

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to
them in the Motion.

2.      Within five days of the entry of this Order James Williams shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *James Williams, Plaintiff, vs. City of Detroit and John Doe, a Currently Unidentified Individual*, *Defendant*, filed in the Wayne County Circuit Court and assigned Case No. 13-004381.

3.      James Williams is permanently barred, estopped and enjoined from asserting the claim arising from or related to his state court action identified in paragraph 2 above against the City of Detroit or property of the City of Detroit.

4.      James Williams is prohibited from sharing in any distribution in this bankruptcy case.

5.      The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

# EXHIBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST JAMES WILLIAMS

The City of Detroit has filed papers with the Court requesting the Court to enforce the Order, Pursuant To Sections 105, 501, And 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against James Williams.

**<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the *City Of Detroit's Motion To Enforce Order, Pursuant To Sections 105, 501, and 503 Of The Bankruptcy Code and Bankruptcy Rules 2002 and 3003(C), Establishing Bar*

*Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against James Williams,* within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[2]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

---

[2] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated: February 11, 2016

# EXHIBIT 3 – NONE

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 11, 2016, he served a copy of the foregoing *CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST JAMES WILLIAMS* upon counsel as listed below:

Daniel G. Romano
Romano Law, PLLC
26555 Evergreen Road
Southfield, MI 48076
dromano@romanolawpllc.com

DATED:  February 11, 2016

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

# **EXHIBIT 5 – NONE**

# EXHIBIT 6A – Williams Complaint

JAMES WILLIAMS

Case No. -     -NF
Hon.

Plaintiff,

vs.

CITY OF DETROIT AND JOHN DOE,
A CURRENTLY UNIDENTIFIED INDIVIDUAL
Defendant.

13-004381-NF

FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/2/2013 8:48:13 AM
CATHY M. GARRETT

_____/

DANIEL G. ROMANO (P49117)
ROMANO LAW, PLLC
Attorney for Plaintiffs
26555 Evergreen Road, Suite 1500
Southfield, MI 48076
(248) 750-0270

_____/

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** Plaintiff, JAMES WILLIAMS, by and through their attorneys, ROMANO LAW, PLLC, and complaining against the above-named Defendants, their agents, servants, and/or employees, either real or ostensible, respectfully represent unto this Honorable Court as follows:

### GENERAL ALLEGATIONS

1.    That Plaintiff JAMES WILLIAMS is a resident of Wayne County, state of Michigan.

2.    That at all times pertinent hereto, the Defendant, CITY OF DETROIT, (hereinafter "DETROIT") is a municipal corporation conducting business in the County of Wayne and is otherwise doing business and/or established in the County of Wayne, State of Michigan.

1

3. That Defendant CITY OF DETROIT'S bus driver Defendant JOHN DOE is believed to be a resident of Wayne County, state of Michigan.

4. That the accident giving rise to this matter occurred on June 18, 2012 in Detroit, county of Wayne, state of Michigan.

5. That on or about June 18, 2012 Plaintiff JAMES WILLIAMS was traveling on Defendant CITY OF DETROIT'S bus when it collided into another vehicle due to the negligence of Defendants CITY OF DETROIT AND JOHN DOE causing numerous severe and permanent injuries and damages to Plaintiff constituting a serious impairment of a body function and Defendant CITY OF DETROIT is liable to him for all No-Fault/PIP benefits.

6. Plaintiff sustained personal injuries as a direct and proximate result of the motor vehicle accident.

## COUNT I: NO-FAULT/PERSONAL INJURY PROTECTION BENEFITS

7. That Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though more fully set forth herein.

8. That on said dates and at all times material herein, pursuant to MCLA Sec. 500.3101 et seq., there was an insurance policy in full force and effect, which provided Personal Protection Benefits to Plaintiffs including the following

    a. Loss of income for the first three (3) years after the date of accident.

    b. Expenses (maximum $20 per day) reasonably incurred for necessary services in lieu of those the injured Plaintiff would have performed for the benefit of Plaintiff or Plaintiff's dependents, including replacement services.

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

2

c. For all reasonable charges, unlimited in amount, for medical and/or rehabilitative expenses and hospital charges, including attendant care services.

d. Reasonable and necessary travel expenses to obtain medical care or attention, including mileage reimbursement.

e. Others to be determined as discovery reveals.

9. That as a result of said automobile accident, the Plaintiff incurred:

a. Medical expenses.

b. Hospital expenses.

c. Lost earnings.

d. Lost services, including attendant care and other expenses which Defendants are obligated to pay.

e. Others to be determined as discovery reveals.

10. Although demand for payment of the same has been made, Defendants unreasonably and unlawfully refuse or neglect to pay Plaintiffs all Personal Protection Benefits in accordance with MCLA 500.3101 *et seq.*

11. Although reasonable proof has been supplied, Defendants have unreasonably refused to make payment in accordance with MCLA 500.3101, *et seq.* -- although more than thirty (30) days have passed since supplying Defendants with same.

12. All conditions precedent to recovery have been performed or have occurred.

13. Although requested to do so, Defendants have failed or refuses and/or neglected to pay benefits provided in accordance with MCLA 500.3101 *et seq.*, under said policy of insurance and as of this date. Defendants owe Plaintiff for:

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

3

a. Loss of income.

b. Medical and/or hospital expenses and/or medical supplies and attention.

c. Necessary replacement services.

d. Reasonable and necessary travel expenses.

e. Attendant care services.

f. Others to be determined as discovery reveals.

14. Plaintiff has suffered and continues to suffer dire and imminent financial hardship by Defendant's wrongful acts and in this regard is without adequate remedy at law.

15. That the insurance policy above referred to under which Plaintiff bring this action is:

a. Claim Number: A32950-002698-06

16. That the amount in controversy herein exceeds the sum of Twenty Five Thousand ($25,000.00) Dollars and that declaratory and/or equitable relief is sought.

**WHEREFORE,** Plaintiff demands the following relief:

a. That this Court grant judgment against the Defendants in whatever amount Plaintiffs are found to be entitled, together with interest, costs and actual attorney fees for Defendants' unreasonable and unlawful failure to pay said no-fault benefits;

b. That the Court order the speedy hearing of this action and advance it on the calendar as made and provided in MCR 2.605(D);

c. That this Court issue an Order to Show Cause;

d. That the Court grant such further relief as is necessary and proper in the above cause.

<u>COUNT I</u>
<u>NEGLIGENCE</u>

4

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

17.　　Plaintiff incorporates allegations 1-5 as if restated fully herein.

18.　　On the 18th day of June, 2012, Plaintiff was a passenger on a CITY OF DETROIT bus when it collided into another vehicle.

19.　　That as a direct and proximate result of the negligence of Defendant CITY OF DETROIT'S negligence and the resulting injuries to Plaintiff, said Plaintiff sustained serious impairments of a bodily function and/or permanent serious disfigurement and his general ability to conduct the course of his normal life has been affected.

20.　　That on the date and time aforesaid, Defendant CITY OF DETROIT, its agents, servants and/or employees owed duties to Plaintiff to operate said motor vehicle with reasonable care and caution under the Motor Vehicle Code of the State of Michigan, being MSA 9.2101 et seq., and the common law in such case made and provided, but breached said duties in at least one or more of the following particulars, so far as it is presently known:

　　　　a.　　Operated said vehicle without having it under constant control;

　　　　b.　　Failed to make proper observation and failed to observe the presence of other users of the road and/or failed to take timely or proper action on such observation as was made in order to avoid a collision;

　　　　c.　　Operated said vehicle in a careless and heedless manner, without due regard for the rights and safety of others, particularly the Plaintiff herein, and operated said vehicle without due care and circumspection and at a speed and in a manner so as to endanger or be likely to endanger persons and property in violation of MSA 9.2326;

　　　　d.　　Failed to maintain the horn, brakes and other equipment of its motor vehicle in good working order as required by MSA 9.2405 and MSA 9.2406, and/or failed to sound the horn of his vehicle or to apply the brakes, when in sufficient time to

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

5

take such action, he saw or should have seen that it was necessary to avoid a collision;

e.     Operated said vehicle at a speed in excess of the legal rate of speed posted or otherwise provided;

f.     Overtook and struck the rear of said vehicle proceeding in the same direction as it was lawfully parked;

g.     Operated said vehicle at a careless and imprudent rate of speed greater than was reasonable and proper, having due regard to the traffic, surface and width of said highway and of other conditions then existing, and operated the aforesaid vehicle at a speed greater than would permit it be brought to a stop within the assured clear distance ahead, and failed to bring the vehicle to a stop within the assured clear distance ahead, in violation of MSA 9.2327;

h.     Defendant owner is guilty of independent negligence to Plaintiff by carelessly entrusting the operation of said motor vehicle to a person who was unfit to operate a vehicle on the highway of this state by reason of his inexperience and/or habitually negligent driving which was known to Defendant owner or in the exercise of reasonable care, should have been known to Defendant owner.

21.  That Plaintiff sustained personal injuries as a direct and proximate result of the negligence of Defendant as herein alleged, which have affected Plaintiff's ability to conduct the course of his normal life.

22.  That as a direct and proximate result of negligence of Defendant, its agents, servants and/or employees either real or ostensible, as aforesaid, the Plaintiff:

a.     sustained severe bodily injuries, which were painful, disabling, and necessitated medical care;

b.     suffered shock and emotional damage;

c.     was unable to attend to his usual affairs;

d.     was unable to render services as formerly;

6

LAW OFFICES
ROMANO LAW, PLLC
28555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

e.  hampered said Plaintiff in the enjoyment of the normal pursuit of life as before;

f.  said injuries are permanent to the degree that Plaintiff suffered a loss in ability to earn money as before, and will have impaired earning capacity in the future; and,

g.  said Plaintiff will continue to have pain and suffering as well as permanency, all as a result of Defendant's negligence as hereinbefore alleged.

23.  That the amount in controversy herein exceeds the sum of Twenty Five Thousand Dollars ($25,000.00).

24.  That  as a direct and proximate result of the negligence of the Defendant and the resulting injuries to Plaintiff, said Plaintiff sustained a serious impairment of a bodily function and said injuries have affected Plaintiff's general ability to conduct the course of his normal life.

WHEREFORE, your Plaintiff asks  for damages in his favor and against the Defendant  in whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney's fees.

## COUNT II

### GROSS NEGLIGENCE

25.  Plaintiff incorporates allegations 1-13 as if restated fully herein

26.  That at the aforementioned time and place, the Defendant JOHN DOE, was driving a CITY OF DETROIT bus, with the express and implied consent and knowledge of its owner, CITY OF DETROIT and was in the course and scope of his employment with CITY OF DETROIT, said company being liable under the doctrine of Respondeat Superior and the Owners Liability Act when JOHN DOE failed to stop and rear ended another vehicle thereby leading to numerous and severe injuries to Plaintiff constituting a serious impairment of a body function that impairs his ability to live his normal life.

7

27. As a direct and proximate result of the gross negligence of Defendant JOHN DOE, SMART, their agents, servants and/or employees either real or ostensible, as aforesaid, Plaintiff:

    a.    Sustained severe bodily injuries which were painful, disabling and necessitated medical care, including, but not limited to neck and back injuries and severe emotional distress.

    b.    Suffered shock and emotional damage.

    c.    Sustained possible aggravation of preexisting conditions and/or reactivation of dormant conditions.

    d.    Was unable to attend to his/her usual affairs.

    e.    Was unable to render services, as formerly.

    f.    Hampered Plaintiff in the enjoyment of the normal pursuit of life, as before.

    g.    Said injuries are permanent, to the degree that Plaintiff suffered a loss in ability to earn money as before, and will have impaired earning capacity in the future.

    h.    Plaintiff will continue to have pain and suffering as well as permanency, all as a result of Defendant's conduct, as herein before alleged.

    i.    Plaintiff's injuries include, but are not limited to: rib fracture, injuries to the head, neck, shoulders, arms, knees, back, chest and others to be revealed through discovery.

28. As a direct and proximate result of the negligence of Defendant JOHN DOE and the resulting injuries to Plaintiff, Plaintiff sustained a serious impairment of a body function.

**WHEREFORE**, the Plaintiff herein prays for a judgment in whatever amount above Twenty-Five Thousand Dollars ($25,000.00) the Plaintiff is found entitled in addition to all other statutory damages including interest, costs, and attorney fees.

8

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

Respectfully submitted,

ROMANO LAW, PLLC

By: /s/ Daniel G. Romano
DANIEL G. ROMANO (P49117)
Attorneys for Plaintiff
26555 Evergreen Road, Suite 1500
Southfield, MI 48076
(248) 750-0270

Dated: April 1, 2013

## DEMAND FOR JURY

**NOW COMES** Plaintiff, JAMES WILLIAMS, by and through his attorneys, ROMANO LAW, and hereby demands a trial by jury of the within cause.

Respectfully submitted,

ROMANO LAW, PLLC

By: /s/ Daniel G. Romano
DANIEL G. ROMANO (P49117)
Attorneys for Plaintiff
26555 Evergreen Road, Suite 1500
Southfield, MI 48076
(248) 750-0270

Dated: April 1, 2013

9

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270