# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST ABDUL AL-ATABI, QATAR AL-HACHAMI AND KARIEM FORD**

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Abdul Al-Atabi, Qatar Al-Hachami and Kariem Ford ("Motion"). In support of this Motion, the City respectfully states as follows:

## I.    Introduction

1.    Despite having not filed proofs of claim in the City's bankruptcy case, Plaintiffs Abdul Al-Atabi, Qatar Al-Hachami and Kariem Ford (collectively, the "Plaintiffs") continue to prosecute their respective state court lawsuits seeking monetary damages on account of pre-petition claims against the City. In

- 1 -

accordance with the Bar Date Order, the City seeks an order barring and permanently enjoining the Plaintiffs from asserting their claims against the City or property of the City, and requiring that the Plaintiffs dismiss the City with prejudice from the state court lawsuits.

## II. Factual Background

### A. The Bar Date Order

2. On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3. On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Doc. No. 1782) ("Bar Date Order").

4. The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City. Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

5. Paragraph 22 of the Bar Date Order also provided that:

Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

6.     The Bar Date Order also approved the form and manner of notice of the Bar Dates.  *See e.g.* Bar Date Order ¶¶ 3, 23-26.  In accordance with the Bar Date Order, notice of the General Bar Date was published in several newspapers. (Doc. Nos. 3007, 3008, 3009).

7.     The Bar Date Order also provided that this Court retained "jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order."  Bar Date Order ¶ 29.

**B.     Al-Atabi and Al-Hachami's State Court Action**

8.     In violation of the automatic stay, on November 9, 2015, Abdul Al-Atabi and Qatar Al-Hachami filed a complaint against Bernice Vance and City of

Detroit-DOT, in the Circuit Court for the County of Wayne, case number 15-014535("Al-Atabi/Al-Hachami Complaint"). The Al-Atabi/Al-Hahami Complaint is attached as Exhibit 6A.

9.    Messrs. Al-Atabi and Al-Hahami allege that on or about December 12, 2012, they were both riding in a vehicle that was involved in a collision with a City of Detroit passenger bus and that they both sustained personal injuries as a result of the accident. Al-Atabi/Al-Hahami Complaint ¶ 8. Neither filed a proof of claim in the City's bankruptcy case.

### C.    Ford's State Court Action

10.    On April 3, 2015, Kariem Ford filed a complaint ("Ford Complaint") against the City of Detroit and Dwain Williams, in the Circuit Court for the County of Wayne, case number 15-004533. The Ford Complaint is attached as Exhibit 6B.

11.    Kariem Ford alleges that on or approximately March 7, 2013, he sustained personal injuries when the vehicle he occupied was struck by a City of Detroit bus. Ford Complaint ¶ 7. Kariem Ford did not file a proof of claim in the City's bankruptcy case.

### III.    Argument

12.    Pursuant to the Bar Date Order, Plaintiffs are "forever barred, estopped and enjoined from…asserting any claim against the City or property of the City." Bar Date Order ¶ 22. Through their respective state court lawsuits,

26056265.1\022765-00213

however, the Plaintiffs are asserting claims against the City. As the Plaintiffs' actions violate the Bar Date Order, their claims against the City must be dismissed with prejudice.

**IV. Conclusion**

13.    The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing each of the Plaintiffs to dismiss, or cause to be dismissed, the City with prejudice from the state court lawsuits; (b) permanently barring, estopping and enjoining the Plaintiffs from asserting the claims alleged in or claims related to the state court lawsuits against the City or property of the City; and (c) prohibiting the Plaintiffs from sharing in any distribution in this bankruptcy case. The City sought, but did not obtain, concurrence to the relief requested in the Motion.

Dated: February 22, 2016          MILLER, CANFIELD, PADDOCK AND
                                                        STONE, P.L.C.

                                        By: /s/ Marc N. Swanson
                                        Jonathan S. Green (P33140)
                                        Marc N. Swanson (P71149)
                                        150 West Jefferson, Suite 2500
                                        Detroit, Michigan 48226
                                        Telephone: (313) 496-7591
                                        Facsimile: (313) 496-8451
                                        swansonm@millercanfield.com

                                                    - and -

CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
James Noseda (P52563)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

26056265.1\022765-00213

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## EXHIBIT LIST

Exhibit 1        Proposed Order

Exhibit 2        Notice of Opportunity to Object

Exhibit 3        None

Exhibit 4        Certificate of Service

Exhibit 5        None

Exhibit 6A       Al-Atabi/Al-Hachami Complaint

Exhibit 6B       Ford Complaint

26056265.1\022765-00213

# EXHIBIT 1 – PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST ABDUL AL-ATABI, QATAR AL-HACHAMI AND KARIEM FORD

This matter, having come before the Court on the Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Abdul Al-Atabi, Qatar Al-Hachami and Kariem Ford ("Motion")[1], upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.      The Motion is granted.

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Motion.

2. Within five days of the entry of this Order:

    (a)    Abdul Al-Atabi shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Abdul Al-Atabi & Qatar Al-Hachami, Plaintiffs, vs. Bernice Vance & City of Detroit-DOT, Defendants*, filed in the Wayne County Circuit Court and assigned Case No. 15-014535.

    (b)    Qatar Al-Hachami shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Abdul Al-Atabi & Qatar Al-Hachami, Plaintiffs, vs. Bernice Vance & City of Detroit-DOT, Defendants*, filed in the Wayne County Circuit Court and assigned Case No. 15-014535.

    (c)    Kariem Ford shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Kariem Ford, Plaintiff, vs. City of Detroit and Dwain Williams, Defendants*, filed in the Wayne County Circuit Court and assigned Case No. 15-004533.

3. Abdul Al-Atabi, Qatar Al-Hachami and Kariem Ford are permanently barred, estopped and enjoined from asserting the claims arising from or related to their respective state court actions identified in paragraphs 2(a) – (c) above against the City of Detroit or property of the City of Detroit.

4. Abdul Al-Atabi, Qatar Al-Hachami and Kariem Ford are prohibited from sharing in any distribution in this bankruptcy case.

5. The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**EXHIBIT 2 – NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST ABDUL AL-ATABI, QATAR AL-HACHAMI AND KARIEM FORD**

The City of Detroit has filed papers with the Court requesting the Court to enforce the Order, Pursuant To Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against Abdul Al-Atabi, Qatar Al-Hachami and Kariem Ford.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the *City Of Detroit's Motion To Enforce Order, Pursuant To Sections 105, 501, and 503 Of The Bankruptcy Code and Bankruptcy Rules 2002 and 3003(C), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice*

*Thereof Against Abdul Al-Atabi, Qatar Al-Hachami and Kariem Ford,* within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

Dated:  February 22, 2016

## EXHIBIT 3 – NONE

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 22, 2016, he served a copy of the foregoing *CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST ABDUL AL-ATABI, QATAR AL-HACHAMI AND KARIEM FORD* upon the persons listed below, and in the manner described below:

Counsel to Abdul Al-Atabi and Qatar Al-Hachami, via first class mail and email:

Danielle S. Yatooma
Paul J. Wayner
Yatooma & Associates P.C.
29777 Telegraph Road Ste. 2400
Southfield, MI 48034
yatoomalaw@ gmail.com
pyatoomad@gmail.com

Counsel to Kariem Ford, via first class mail and email:

Carl L. Collins, III
Law Office of Carl L. Collins, III
20755 Greenfield Road, Suite 1100
Southfield, MI 48075
carlcollins3@attycarlcollins.com


DATED:  February 22, 2016

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

# EXHIBIT 5 – NONE

**EXHIBIT 6A – Al-Atabi/Al-Hachami Complaint**

db

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

ABDUL AL-ATABI & QATAR AL-HACHAMI,

    Plaintiffs,

Vs.

BERNICE VANCE, &
CITY OF DETROIT - DOT,

    Defendant(s).

Case No: 15-    -NI
Hon.

15-014535-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
11/9/2015 9:46:58 AM
CATHY M. GARRETT

YATOOMA & ASSOCIATES, P.C.
DANIELLE S. YATOOMA (P48979)
PAUL J. WAYNER (P73129)
Attorneys for Plaintiff
29777 Telegraph Rd., Ste. 2400
Southfield, MI 48034
(248) 353-8885 Telephone
(248) 353-1326 Facsimile
yatoomalaw@gmail.com
pyatoomad@gmail.com

## COMPLAINT

There is a previous civil action arising out of the transaction or occurrence alleged in this Complaint which was filed in the Wayne County Circuit Court, and captioned as Case No. 13-013309-NF before the Honorable Muriel D. Hughes. The case is closed at this time.

NOW COMES Plaintiffs, ABDUL AL-ATABI & QATAR AL-HACHAMI, by and

through their attorneys, YATOOMA & ASSOCIATES, P.C., and hereby make their

Complaint against Defendant(s) as follows:

YATOOMA &
ASSOCIATES PC

Danielle S. Yatooma
29777 Telegraph Rd.
Suite 2400
Southfield, MI 48034
(248) 353-8885
(248) 353-1326 Fax
yatoomalaw@gmail.com

1. That Plaintiffs, ABDUL AL-ATABI & QATAR AL-HACHAMI, were and continue

to be residents of the City of Dearborn, County of Wayne and State of Michigan, since

the date of the automobile collision which is the subject matter of this lawsuit.

1

2. That Defendant, **BERNICE VANCE**, was and continues to be a resident of the City of Southfield, County of Oakland, and State of Michigan, since the date of the automobile collision which is the subject matter of this lawsuit.

3. That Defendant, **CITY OF DETROIT - DOT**, was and continues to be licensed to do business in the City of Detroit, County of Wayne, State of Michigan since the date of the automobile collision which is the subject matter of this lawsuit.

4. That the amount in controversy exceeds the sum of $25,000.00, exclusive of costs, interest and attorney fees.

5. That on or about December 12, 2012, at approximately 10:45 a.m., Plaintiff, **ABDUL AL-ATABI** was the restrained driver of a 2003 Chevrolet automobile bearing Michigan license plate number 5832E2 and Plaintiff, **QATAR AL-HACHAMI** was the restrained passenger in Plaintiff's vehicle, when Defendant, **BERNICE VANCE**, rear ended Plaintiff's vehicle in the City of Detroit, County of Wayne, and State of Michigan.

### COUNT I
### NEGLIGENCE OF BERNICE VANCE

6. Plaintiffs, **ABDUL AL-ATABI & QATAR AL-HACHAMI**, incorporate paragraphs 1 through 5 as though set forth herein in full.

7. That on said date and time, Defendant, **BERNICE VANCE**, was acting in the course of her employment operating a 2005 New Flyer Passenger Bus bearing Michigan license plate number 082X856.

8. That as a direct and proximate cause of the collision, Plaintiffs sustained serious

2

impairments of important bodily functions resulting from the following injuries and

losses:

Injuries sustained by Plaintiff, Abdul Al-Atabi:

a.  Injuries to head;
b.  Injuries to neck, including spinal stenosis at C5/C6 and C6/C7;
c.  Injuries to back, including disc protrusion L3/L4 and spinal
    stenosis from L3 through S1;
d.  Injuries to shoulders, elbows, arms and hands, including right
    shoulder full thickness tear of the supraspinatus and
    infraspinatus tendon and medial dislocation of the long head of
    the bicep;
e.  Injuries to knees;
f.  Injuries to legs and feet;
g.  Pain and suffering, past, present and future;
h.  Humiliation, past, present and future;
i.  Emotional distress, past, present and future;
j.  Loss of vitality of life, past, present and future;
k.  Other damages, injuries, and consequences that are
    found to be related to the automobile accident that
    developed during the course of discovery, to the extent
    that the damages are recoverable under the Michigan
    No-Fault Insurance Act.

Injuries sustained by Plaintiff, Qatar Al-Hachami:

a.  Injuries to head;
b.  Injuries to neck;
c.  Injuries to back;
d.  Injuries to shoulders, left shoulder intra-substance tearing with
    surface fraying & tearing, elbows, arms and hands;
e.  Injuries to knees including left knee complex medial meniscal tear;
f.  Injuries to legs and feet;
g.  Pain and suffering, past, present and future;
h.  Humiliation, past, present and future;
i.  Emotional distress, past, present and future;
j.  Loss of vitality of life, past, present and future;
k.  Other damages, injuries, and consequences that are
    found to be related to the automobile accident that
    developed during the course of discovery, to the extent
    that the damages are recoverable under the Michigan
    No-Fault Insurance Act.

3

9. That Defendant owed a duty to Plaintiffs to drive with due care and caution in the operation and control of her vehicle, and was required to drive with care and circumspection so as to reasonably protect the safety, health, life and property of Plaintiffs, and to obey the Motor Vehicle Code of the State of Michigan, and the rules of common law.

10. That contrary to the duties owed to Plaintiffs, Defendant was negligent and breached said duties in that Defendant, BERNICE VANCE:

   a. Drove a motor vehicle upon the highway in a careless, reckless and wanton manner, in total disregard of the rights and safety of others lawfully upon the highway in violation of MSA 9.2326, and appropriate amendments thereto;

   b. Failed to maintain a proper lookout and in otherwise negligently operating a motor vehicle upon the highway, so as to cause a collision, injury and harm to Plaintiff, in violation of MSA 9.2102, 9.2343 and 9.2327, and appropriate amendments thereto;

   c. Drove a motor vehicle upon the highway at a rate of speed greater than would permit it to be stopped within the assured clear distance ahead;

   d. Failed to make proper observations of the conditions of the highway and any other conditions then and there existing;

   e. In Defendant owner entrusted his/her motor vehicle to Defendant driver, when Defendant owner knew, or in the exercise of reasonable care should have known, Defendant had a bad driving record;

   f. Drove a motor vehicle while under the influence of intoxicating beverages and/or drugs;

   g. Failed to yield the right-of-way to the vehicle of Plaintiff

4

which was proceeding in his own lane of traffic;

h.   Drove an automobile in a grossly negligent manner;

i.   Started up from a stopped position before seeing that
     such movement could be made in safety;

j.   Failed to sound a horn to give warning of an impending
     peril to Plaintiff;

k.   Saw Plaintiff to be in a position of peril from which
     he/she could not extract himself/herself, and striking
     Plaintiff when he/she had the last clear chance to avoid
     doing so;

l.   Drove a motor vehicle at a rate of speed in excess of the
     posted speed law;

m.   Drove a motor vehicle in an erratic manner so as to
     cause Plaintiffs to be thrown to about the vehicle causing
     injury and harm to Plaintiffs;

n.   Drove a motor vehicle at an excessive rate of speed
     considering the weather conditions then and there
     existing;

o.   Improperly changing lanes before seeing that such
     movement could be made in safety;

p.   Drove a motor vehicle in a reckless and erratic manner
     in total disregard of the rights and safety of others, which
     conduct and state of mind, under the facts and
     circumstances, amounted to gross negligence and in
     violation of MSA 9.2326;

q.   Failed to have his/her motor vehicle equipped with brakes
     adequate to control the movement of, and to stop and
     hold such vehicle, including two separate means of
     applying the brakes to at least two wheels, in violation
     of MSA 9.2405;

r.   Failed to use the available brakes with which the car
     was equipped;

5

s.   Any other acts and/or omissions of Defendant, not
     presently known to Plaintiff, but which may become
     known during the discovery phase of this lawsuit.

11. That the Plaintiffs are entitled to recover damages from and be made whole by

Defendant.

**COUNT II**<br>**STATUTORY LIABILITY OF CITY OF DETROIT - DOT**

12. Plaintiffs, **ABDUL AL-ATABI & QATAR AL-HACHAMI**, incorporates paragraphs

1 through 11 as though set forth herein in full.

13. At all relevant times, Defendant, **CITY OF DETROIT - DOT** was the owner within

the meaning of MCL 257.401 of a 2005 New Flyer Passenger Bus which Defendant,

**BERNICE VANCE**, was driving with the express and implied consent of Defendant,

**CITY OF DETROIT - DOT**, at the time of the collision.

14. Defendant, **CITY OF DETROIT - DOT**, has a civil liability to Plaintiffs for the

negligent operation of their vehicle driven by Defendant, **BERNICE VANCE**.

15. At said time and place, Defendant, **BERNICE VANCE**, was negligent when she

struck Plaintiffs causing them grievous injuries resulting in serious impairment of body

function, permanent serious disfigurement, hereinafter complained of and demanded as

damages.

16. That on said date and time, Defendant, **BERNICE VANCE**, was operating a 2005

New Flyer Passenger Bus owned and/or leased by Defendant, **CITY OF DETROIT -

DOT**, with the expressed or implied approval, and, as such, Defendant, **CITY OF

DETROIT - DOT**, is responsible for the negligent acts of the Defendant, driver,

6

BERNICE VANCE.

17. That Plaintiff's injuries and losses, as described above, are caused, directly and proximately, by Defendant, ~~BERNICE VANCE, negligence, willful, wanton, and~~ gross negligence.

18. That the Plaintiffs are entitled to recover damages from and be made whole by Defendant.

WHEREFORE Plaintiffs request damages against all Defendant(s) in whatever amount they are found to be entitled to in excess of $25,000.00, plus interest, costs, and attorney fees.

Respectfully Submitted:

Dated: November 9, 2015

/s/ *Danielle S. Yatooma*

DANIELLE S. YATOOMA (P48979)
PAUL J. WAYNER (P73129)
YATOOMA & ASSOCIATES, P.C.
Attorneys for Plaintiffs
29777 Telegraph Rd., Ste. 2400
Southfield, Michigan 48034
(248) 353-8885 Telephone
(248) 353-1326 Facsimile
yatoomalaw@gmail.com

## **EXHIBIT 6B – Ford Complaint**

KARIEM FORD,
    Plaintiff,

                                Case No.   NI

v.                                 Hon.

CITY OF DETROIT and
DWAIN WILLIAMS,
    Defendants,

LAW OFFICE OF CARL L. COLLINS III
Carl L. Collins III (P55982)
Attorneys for Plaintiff
20755 Greenfield Road, Suite 1100
Southfield, MI 48075
(313) 341-4100

carl collins 3 @ atty carl collins. com

Case No. 13-014977-NF
Hon. Robert L. Ziolkowski

NOW COMES the Plaintiff, KARIEM FORD, by and through the Plaintiff's attorneys, LAW

OFFICE OF CARL L. COLLINS III, and in the Plaintiff's Complaint against the Defendant

CITY OF DETROIT and DWAIN WILLIAMS, states the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action as the amount in controversy, exclusive of

    interest and costs, exceeds the sum of $25,000.00. MCL 600.605.

2. Venue is proper in this Circuit, pursuant to MCL 600.1621(a), because the Defendant

    resides and conducts business in Wayne County, in the State of Michigan.

3. The acts by the Defendant that form the basis of this legal action all occurred in Wayne County, in the State of Michigan.

4. The Plaintiff, KARIEM FORD, at all times relevant to the claim brought herein resided in the City of Detroit, Wayne County, Michigan.

5. The Defendants, CITY OF DETROIT and DWAIN WILLIAMS, at all times relevant to the claim brought herein has a place of business or conducts business in Wayne County, Michigan.

## COUNT I: GROSS NEGLIGENCE

6. That Plaintiff incorporates all paragraphs into this count.

7. That on or approximately March 7, 2013, DWAIN WILLIAMS, was operating the coach bus on behalf of Defendant CITY OF DETROIT, in a careless, reckless, and grossly negligent manner, in total disregard for the rights and safety of others and more specifically the Plaintiff, KARIEM FORD, when Defendant DWAIN WILLIAMS failed yield upon entering an intersection and struck a vehicle occupying KARIEM FORD who was properly positioned and visible within the intersection of Dequindre and Davison Service Dr.

8. That DWAIN WILLIAMS, in a high rate of speed, and under the scope of employment with the Defendant CITY OF DETROIT was traveling westbound on Davison Service Drive, as in his normal course of travel with knowledge of posted stop signs and Dequindre being a heavily traveled road, entered said intersection in a carless, reckless, and grossly negligent disregard for his passengers and other vehicles and struck

Plaintiff's vehicle resulting in serious injuries to KARIEM FORD, not limited to pain and suffering, mental and emotional distress.

9. That the Defendants, owed the general public, and more specifically, the Plaintiff, the duty to operate the vehicle at a speed and in a manner to enable the Defendants to remain in control of the vehicle, the duty not to drive the vehicle in a careless or reckless manner likely to endanger any person or property, the duty to obey the rules of the road, the statutes of the State of Michigan and the common law.

10. That the Defendants breached these duties by not operating the vehicle properly, failing to keep the vehicle from crashing, failing to operate the vehicle at a speed and in a manner that would allow Defendants to stop the vehicle and not strike the Plaintiff, failing to maintain control of the vehicle at all times, failing to adhere to traffic laws and causing a collision.

11. That as a direct and proximate result of the aforementioned breaches of duties by the Defendants, the Plaintiff KARIEM FORD suffered great physical and emotional injuries, not limited to serious impairment of body function, permanent disfigurement, permanent injuries, aggravation of preexisting injuries, physical and emotional, pain and suffering, mental anguish, a loss of the ability to enjoy the normal pleasures of life, burdened with the inconvenience of physical rehabilitation treatment, other medical treatment, other inconveniences incident to treatment and coping with the injuries sustained.

12. That the above said actions of the Defendants are properly characterized as negligent.

13. That Defendants breached this duty by starting to move the bus while the Plaintiff was still standing in the stair well of the bus, and causing the Plaintiff to fall on the stairs of the bus.

14. That this actions by Defendant DWAIN WILLIAMS are grossly negligent as it is conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

## COUNT II: NEGLIGENT OPERATION OF A GOVERNMENTAL VEHICLE

15. That Plaintiff incorporates all paragraphs into this count.
16. That CITY OF DETROIT and DWAIN WILLIAMS are liable for the operation of its vehicles in a negligent manner, as plead in this complaint; and more importantly the same is outside of the shield of governmental immunity.
17. That this action is not barred by governmental immunity because MCL 691.1405 provides that "[g]overnmental agencies shall be liable for bodily injury and property damage resulting from the negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is owner."
18. That the bus driven by DWAIN WILLIAMS was owned by Defendant CITY OF DETROIT a governmental agency.

WHEREFORE Plaintiff prays that this Honorable Court enter judgment against each Defendant in an amount to exceed the jurisdictional limits of this Honorable Court, plus interest, costs, damages and attorney fees.

Respectfully submitted,

LAW OFFICE OF CARL L. COLLINS, III

By:/S/ Carl L. Collins III
Carl L. Collins III (P55982)

Dated: March 29, 2015