# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DEBTOR'S TWENTIETH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (Failure to Specify Asserted Claim Amount and Insufficient Documentation)

> **THIS OBJECTION SEEKS TO MODIFY, DISALLOW AND/OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, files this ("Objection") requesting that the Court enter an order, substantially in the form attached as Exhibit 1, disallowing and expunging each of the claims identified on Exhibit 2 on the basis that each such claim fails to specify the asserted claim amount and fails to include sufficient documentation to ascertain its validity. In support of this Objection, the City respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII, Section A of the Plan (defined below). This is a

26158811.1\022765-00213

core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

2.     On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest Chapter 9 bankruptcy case in history.

3.     On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [Doc. No. 1782] ("Bar Date Order"), establishing deadlines to file certain proofs of claim in this case.  The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time ("Bar Date").

4.     On December 5, 2013, this Court held that the City was eligible for relief under Chapter 9 of the Bankruptcy Code.  *See Order for Relief Under Chapter 9 of the Bankruptcy Code.* [Doc. No. 1946].

5.     On July 9, 2014, this Court entered its *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* [Doc. No. 5872] ("Claims Procedures Order"), allowing the City to file omnibus objections with respect to claims that fail to specify the asserted claim amount and

2

do not include sufficient document to ascertain their validity. (Claim Procedures Order at 2.)

6.     On October 22, 2014, the City filed the *Eight Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045] ("Plan").

7.     On November 12, 2014, this Court entered an Order confirming the Plan [Doc. No. 8272] ("Confirmation Order").

8.     The Plan became effective on December 10, 2014 ("Effective Date").

9.     Each of the claims listed on Exhibit 2 fails to specify the asserted claim amount and fails to include sufficient documentation to ascertain its validity.

## RELIEF REQUESTED

10.    The City files this Objection pursuant to the Bar Date Order, Section 502(b) of the Bankruptcy Code,[1] Rule 3007(c) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and the Claims Procedures Order, seeking entry of an order disallowing and expunging each of the claims identified on Exhibit 2 because each claim fails specify the asserted claim amount and fails to include sufficient documentation to ascertain its validity.

---

[1] Section 502 of the Bankruptcy Code applies to Chapter 9 proceedings pursuant to Section 901(a) of the Bankruptcy Code.

11.     To the extent the Court does not expunge one or more of the claims identified on Exhibit 2, the City reserves all of its rights to object, on any basis, to any of the claims identified on Exhibit 2, including beyond those bases set forth in this Objection.

## BASIS FOR RELIEF REQUESTED

12.     The City has reviewed the claims identified on Exhibit 2 and submits that in each case the claim fails to specify the asserted claim amount and does not include sufficient documentation to ascertain its validity.

13.     The Declaration of Charles Raimi, Deputy Corporation Counsel, (the "Declaration") explains the process undertaken by the City and confirms that the claims identified on Exhibit 2 fail to specify the asserted claim amount and do not include sufficient documentation to ascertain their validity.  *See Declaration of Charles Raimi*, attached hereto as Exhibit 3.

14.     The Claims Procedures Order and Bankruptcy Rule 3007(c) allow the City to file this Objection as an omnibus objection.  Specifically, Bankruptcy Rule 3007(c) authorizes the Court to allow for omnibus objections beyond those circumstances itemized in Bankruptcy Rule 3007(d), and the Claims Procedures Order expressly permits the City to file an omnibus objection with respect to claims that fail to specify the asserted claim amount and do not include sufficient documentation to ascertain their validity.  (Claims Procedures Order at 2.)

4

15.     This Court has the authority to enter an order approving this Objection.  Moreover, the streamlined process afforded by an omnibus objection (in lieu of individual objections to each of the claims identified on Exhibit 2) will result in material costs savings that will inure to the benefit of the City.  Furthermore, an important goal of the Bankruptcy Code will be met: only valid and verifiable claims against the City will receive distributions under the Plan.  Accordingly, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors.

16.     Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed as Exhibit 1, expunging and disallowing each of the claims identified on Exhibit 2.  Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(c), the Court should grant the relief requested.

## SEPARATE CONTESTED MATTERS

17.     To the extent that a response is filed regarding any claim listed in this Objection and the City is unable to resolve the response, each one of those claims, and the objection by the City to each one of those claims asserted, should constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection should be deemed a separate order with respect to each such claim and, to the extent

5

necessary under Bankruptcy Rules 7054 and 9014, should constitute a final judgment with respect to such claim, and the Court should expressly determine that there is no just reason for delay of the entry of the final judgment with respect to such claim.

## RESERVATION OF RIGHTS

18.     The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

19.     The City has provided notice of this Objection to each of the claimants identified in Exhibit 2 at the address set forth by each of the claimants on its respective proof of claim, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002.  Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Objection need be given.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form attached as <u>Exhibit 1</u>, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: February 26, 2016

Respectfully submitted,

By: <u>/s/ Marc N. Swanson</u>
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
green@millercanfield.com
swansonm@millercanfield.com

and

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313) 237-5037
Facsimile: (313) 224-5505
raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF DEBTOR'S TWENTIETH OMNIBUS OBJECTION TO CERTAIN CLAIMS

**(Failure to Specify Asserted Claim Amount and Insufficient Documentation)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS(S).**

     **PLEASE TAKE NOTICE THAT** the City of Detroit ("<u>City</u>") has filed an objection to your claim because it fails to specify the asserted claim amount and fails to include sufficient documentation to ascertain its validity ("<u>Twentieth Omnibus Objection</u>") and, therefore, should be disallowed and expunged.

     <u>**YOUR CLAIM MAY BE REDUCED, MODIFIED OR ELIMINATED PURSUANT TO FED. R. BANKR. P. 3007(e)(1) AND PRIOR ORDERS OF THIS COURT. YOU SHOULD CAREFULLY REVIEW EXHIBIT 2 OF THE TWENTIETH OMNIBUS OBJECTION TO FIND YOUR NAME AND CLAIM. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.**</u>

If you do not want the court to eliminate or change your claim, or grant the relief requested in the Twentieth Omnibus Objection, then on or before **March 23, 2016**, you or your lawyer must:

1.     File with the court, at the address below, a written response to the objection.  Unless a written response is filed and served by the date stated above, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

2.     A copy of your response must also be mailed to counsel for the City:

Marc N. Swanson
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson, Suite 2500
Detroit, MI 48226

3.     You must also attend the hearing on the objection scheduled to be held on **March 30, 2016, at 1:30 p.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 48226** unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the objection to your claim, in which event the hearing will be cancelled and the objection sustained.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Dated: February 26, 2016

# EXHIBIT 1: PROPOSED ORDER

26158811.1\022765-00213

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER GRANTING DEBTOR'S
## TWENTIETH OMNIBUS OBJECTION TO CERTAIN CLAIMS
### (Failure to Specify Asserted Claim Amount and Insufficient Documentation)

Upon review of the twentieth omnibus objection to claims (the "Objection"),[1] of the Debtor, City of Detroit, Michigan (the "City"), seeking entry of an order disallowing and expunging each of the claims listed on Exhibit 2 to the Objection; and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and a hearing on the Objection having been held before the Court; and any objections or other responses to the Objection having been

1

overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1.      The Objection is sustained.

2.      Each of the proofs of claim listed on Exhibit 2 annexed to the Objection is hereby disallowed and expunged in its entirety, pursuant to Section 502(b) of the Bankruptcy Code.

3.      The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4.      The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5.      Each claim and the objections by the City to each claim as addressed in the Objection and set forth in Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.   This Order shall be deemed and constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to such claim, and the Court expressly determines that there is no just reason for delay of the entry of the final judgment with respect to such claim.  Any

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

stay of this Order shall apply only to the contested matter that involves such creditor and for which such stay has been granted or may be in effect, and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby, and further provided that the City shall have the right, but not the need, to submit a separate order with respect to contested matters or claims.

6. The City retains all of its rights to object, on any other basis, to any of the Claims identified on Exhibit 2.

7. Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

8. Nothing in this Order is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

3

# EXHIBIT 2: CLAIMS

The grounds for objection to each claim listed below are failure to specify asserted claim amount and failure to include sufficient documentation to ascertain the validity of the claim. Each of the pages in the omnibus objection is pertinent to the stated grounds for objection.

| Claim Number | Name | Claim Amount | Nature |
|---|---|---|---|
| 29 | Abdulqadir, Abdul | BLANK | General Unsecured |
| 301 | Aikens, Laverne | BLANK | General Unsecured |
| 61 | Akinmusuru, Joseph | BLANK | General Unsecured |
| 35 | Ali, Charles | BLANK | General Unsecured |
| 30 | Allen, Timothy | BLANK | General Unsecured |
| 3531 | Attwell, George | BLANK | General Unsecured |
| 74 | Belen, Benjamin | BLANK | General Unsecured |
| 60 | Benson, Erica | BLANK | General Unsecured |
| 2529 | Bey, Michelle | BLANK | General Unsecured |
| 73 | Boyd, Lemont | BLANK | General Unsecured |
| 33 | Bradley, Bernard | BLANK | General Unsecured |
| 31 | Brent, Wesley | BLANK | General Unsecured |
| 65 | Brock, Cheval | BLANK | General Unsecured |
| 49 | Brown, Tai | BLANK | General Unsecured |
| 76 | Calhoun, George | BLANK | General Unsecured |
| 32 | Carey, Christie | BLANK | General Unsecured |
| 40 | Clark, John | BLANK | General Unsecured |
| 67 | Collins, Julius | BLANK | General Unsecured |
| 34 | Daniels, Cyril | BLANK | General Unsecured |
| 325 | Dorsey-Hawkins, Pa | BLANK | General Unsecured |
| 68 | Dowdell, Janice | BLANK | General Unsecured |
| 38 | Elmore, Lynwood | BLANK | General Unsecured |

| | | | |
|---|---|---|---|
| 41 | Estes, Dominica | BLANK | General Unsecured |
| 2753 | Fulks, Arthur | BLANK | General Unsecured |
| 2756 | Fulks, Arthur | BLANK | General Unsecured |
| 2758 | Fulks, Arthur | BLANK | General Unsecured |
| 43 | Gaines, Tamika | BLANK | General Unsecured |
| 78 | Griffin, Joan | BLANK | General Unsecured |
| 47 | Hamilton, RogeLio | BLANK | General Unsecured |
| 66 | Houston, Dwight | BLANK | General Unsecured |
| 50 | Hudson, Eddie | BLANK | General Unsecured |
| 59 | Hurling, Earl | BLANK | General Unsecured |
| 2913 | Jones, Christopher | BLANK | General Unsecured |
| 2550 | Kelly, Mark | BLANK | General Unsecured |
| 42 | Legreair, April | BLANK | General Unsecured |
| 268 | Loretta, Spivey | BLANK | General Unsecured |
| 62 | McKelly, Therron | BLANK | General Unsecured |
| 26 | McTaw, Christopher | BLANK | General Unsecured |
| 27 | McTaw, LaTanya | BLANK | General Unsecured |
| 2613 | Michael,  Gray | BLANK | General Unsecured |
| 36 | Morris, Donna | BLANK | General Unsecured |
| 72 | Muntz, Richard | BLANK | General Unsecured |
| 212 | Peery, Lucile D | BLANK | General Unsecured |
| 71 | Reese, Angela | BLANK | General Unsecured |
| 2612 | Stewart, Carine M. | BLANK | General Unsecured |
| 46 | Stewart, LaNeta | BLANK | General Unsecured |
| 1082 | Stewart, Salene | BLANK | General Unsecured |
| 75 | Stewart, Zanetta | BLANK | General Unsecured |

| | | | |
|---|---|---|---|
| 69 | Stillwell, Danni | BLANK | General Unsecured |
| 39 | Stokes, Cynthia | BLANK | General Unsecured |
| 63 | Strickland, Amber | BLANK | General Unsecured |
| 37 | Strokes, Booker | BLANK | General Unsecured |
| 58 | Udeozor, Clement | BLANK | General Unsecured |
| 55 | Udeozor, Sheila | BLANK | General Unsecured |
| 2610 | Walker, Enos | BLANK | General Unsecured |
| 28 | Weber, Michael | BLANK | General Unsecured |
| 77 | Whitfield, LaKisha | BLANK | General Unsecured |
| 48 | Williams, Delbert | BLANK | General Unsecured |

**EXHIBIT 3: DECLARATION OF CHARLES RAIMI**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DECLARATION OF CHARLES RAIMI IN SUPPORT OF DEBTOR'S TWENTIETH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (Failure to Specify Asserted Claim Amount)

I, Charles Raimi, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.     I am a Deputy Corporation Counsel for the City of Detroit.  Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2.     The City's ongoing claims reconciliation process involves the collective effort of a team of employees assembled from personnel specifically familiar with the operations and liabilities of the City. This team works together and in conjunction with City's counsel, the City's financial advisor, and the City's claims agent, to review proofs of claim filed against the City.

3.     In connection with the preparation of the Twentieth Omnibus Objection to Certain Claims (Failure to Specify Asserted Claim Amount and

26158811.1\022765-00213

Insufficient Documentation) (the "Twentieth Omnibus Objection"), the City reviewed the claims at issue, as described on Exhibit 2 of the Twentieth Omnibus Objection.

4.     The City believes that each of the claims on Exhibit 2 should disallowed and expunged because they fail to specify the asserted claim amount and do not include sufficient documentation to ascertain their validity.

5.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: _____2/25/_____, 2016

By: /s/ _C ~ R_____

Charles Raimi

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 26, 2016, he electronically filed the foregoing Omnibus Objection to Certain Claims (the "Omnibus Objection") with the Clerk of the Court which sends notice by operation of the court's electronic filing service to all ECF participants registered to receive notice in this case. The City has engaged a Noticing Agent, which will serve the Omnibus Objection on the Claimants listed therein at the address set forth by each of the claimants on its respective proof of claim and on all parties requesting notices listed on the Master Service List, and file a subsequent Proof of Service after it has performed the service.

DATED: February 26, 2016

By: /s/ Marc N. Swanson
Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com