In re:
City of Detroit, Michigan,
Debtor.

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

### JAMES WILLIAMS' RESPONSE TO THE CITY OF DETROIT'S MOTION TO ENFORCE ORDER PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUOTCY RULES 2002 AND 3003(C), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST JAMES WILLIAMS

**NOW COMES** JAMES WILLIAMS, by and through his undersigned counsel, ROMANO LAW, P.L.L.C. and for his Ex Parte Motion to File (his Response to the City of Detroit's Motion to Enforce in) Paper, posits as follows:

1. On April 2, 2013, James Williams filed a complaint against the city of Detroit under Michigan's no-fault laws, alleging entitlement to personal protection benefits stemming injuries inflicted whilst he was aboard its vehicle.

2. Thereafter, the city of Detroit filed for bankruptcy, and a stay was imposed on the case at the state court.

3. James Williams' attorneys – also the undersigned – had several cases for which they received claim forms or "proofs of claim" from the city of Detroit.

4. No proof of claim was ever received for James Williams, nor was there ever any communication from the city of Detroit that he needed to do anything to maintain a case that was already filed and flourishing in a state court before the stay was imposed.

1

5. There was much confusion surrounding the city's bankruptcy filing. This much was certain: James Williams' case was already ongoing at the Wayne County Circuit Court before the City filed for bankruptcy. Hence, the undersigned was certain that if the case was to be disposed of other than through the court wherein it was filed, notification would be provided.

6. There was no communication from the City after the stay was imposed, up until circa November 10, 2014, when it sent the James William's attorneys a letter informing him that York Risk Services had been approved as the Third Party Administrator for the City of Detroit, and that it looked forward to "bringing [this matter] to a prompt conclusion." (**Exhibit A**, Communication from the City of Detroit re New Administrator).

7. Nothing else was forthcoming until James Williams filed a motion to reinstate the case, at which time the city of Detroit filed a motion to dismiss. (**Exhibit B**, City of Detroit's Motion to Dismiss).

8. The Defendant's motion is naught but an effort to achieve a windfall through procedural machinations that involved not broaching the subject of a "Bar Date" with James Williams, and not sending him any paperwork regarding its bankruptcy.

**WHEREFORE**, James Williams respectfully prays that the Defendant's Motion to Dismiss be denied in its entirety.

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

                            **ROMANO LAW, P.L.L.C.**

By: *\[signature\]*

DANIEL G. ROMANO (P49117)
STANLEY I. OKOLI (P73722)
Attorney for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, Michigan  48069
(248) 750-0270 (Tel.)/(248) 936-2105 (Fax)
sokoli@romanolawpllc.com
dromano@romanolawpllc.com

Dated: February 29, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on **February 29, 2016** I emailed the foregoing paper to Gregory Paddison, the City's attorney at the Wayne County Circuit Court, as well as to Charles N. Raimi of the city of Detroit Law Department and Marc N. Swanson of Miller, Canfield, Paddock and Stone, P.L.C..

ROMANO LAW, P.L.L.C.

BY: *\[signature\]*

DANIEL G. ROMANO (P49117)
STANLEY I. OKOLI (P73722)
Attorneys for Plaintiff
23880 Woodward Ave
Pleasant Ridge, MI 48069
(248)750-0270  Fax: (248) 936-2105
sokoli@romanolawpllc.com

3

Dated: February 29, 2016

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

In re:  
City of Detroit, Michigan,  
    Debtor.

Bankruptcy Case No. 13-53846  
Honorable Thomas J. Tucker  
Chapter 9

## BRIEF IN SUPPORT OF JAMES WILLIAMS' RESPONSE TO THE CITY OF DETROIT'S MOTION TO ENFORCE ORDER

The facts are as outlined in the Plaintiff's response as cited in the Plaintiff's response to the Defendant's motion. The Defendant's motion referenced a "Bar Order" date, and makes much about it, citing its contents in its perfunctorily-filed motion. But the "Bar Date" is no good if the Plaintiff never received notification of such. James Williams properly filed suit at the Wayne County Circuit Court. His claim was thereafter interrupted when the city of Detroit pressed for bankruptcy. Because of the active status of the Plaintiff's suit in state court, the city of Detroit was well aware of the Plaintiff's claims.

Nevertheless, neither the Plaintiff nor his attorneys received any documents whatsoever pertaining to James Williams' claim. Nor has the city of Detroit attached any proof that Williams was notified of its bankruptcy, let alone supplied with information notifying him of the "Bar Order." The Plaintiff did everything right and ought not be penalized for the city of Detroit's failure to supply it with notification of anything pertaining to the bankruptcy court, including the "Bar Order" date. The Plaintiff could not comply with an order that it knew nothing of. The Defendants' Motion amounts no more to an attempt to achieve a windfall, when it was in full

cognizance of the Plaintiff's claims, and yet failed to apprise him of any actions mandated by this Honorable Court.

<div style="margin-left: 40%;">

ROMANO LAW, P.L.L.C.

BY: _/s/ Stanley Okoli_
DANIEL G. ROMANO (P49117)
STANLEY I. OKOLI (P73722)
Attorneys for Plaintiff
23880 Woodward Ave
Pleasant Ridge, MI 48069
(248)750-0270  Fax: (248) 936-2105
sokoli@romanolawpllc.com

</div>

Dated: February 29, 2016

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270