# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S *EX PARTE* MOTION FOR AN ORDER (I) ADJOURNING HEARING ON CERTAIN RESPONSES FILED TO THE CITY'S TWENTIETH AND TWENTY-EIGHTH THROUGH THIRTY-FOURTH OMNIBUS OBJECTIONS TO CLAIMS, AND (II) ESTABLISHING A PROCESS FOR HEARING THESE OBJECTIONS AND RESPONSES TO THEM

The City of Detroit ("City") moves for the entry of an *ex parte* order pursuant to Rule 5071-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Michigan and 11 U.S.C. § 105(a) providing for an orderly procedure by which the omnibus objections to claims filed by the City and creditor responses to these objections may be heard and resolved. In support of this *Ex Parte* Motion, the City respectfully states as follows:

## INTRODUCTION

1. On February 26, 2016, the City filed the Twentieth through the Thirty-Fourth Omnibus Objections (collectively, the "Objections"). The basis for the Twenty-Eighth through the Thirty-Fourth Objections was that the filing

creditor had not provided sufficient documentation for the City to ascertain the validity of the claimant's claim.

2.      Fifty-three responses to the Objections have been filed with the Court and not stricken for filing deficiencies as of this filing, though a number remain pending.  These responses are identified in the attached Exhibit 6-A.[1]  The deadline for filing additional responses has passed.  Most of the responses arrived recently.

3.      Currently, all 53 responses and the Objections to which they were made are scheduled for hearing in a single hearing, set for the afternoon of Wednesday, March 30, 2016.

4.      Approximately 38 of these 53 responses appear to raise a common issue, alleging that the City improperly breached employment obligations to these creditors, resulting in loss of wages and other monetary (and possibly non-monetary) benefits.  The responses that raise this common legal theme are identified in Exhibit 6-A by a checkmark in the column labeled "CET" (collectively, the "Employee Obligation Claimants") because the City believes they arise from the imposition of either a concessionary agreement with the unions or the City Employment Terms (upon expiration of the existing contract).  The City believes these responses, and the others, are not meritorious.

_____

[1] Some respondents filed responses for more than one proof of claim, and thus, Exhibit 6A shows more than 53 lines, even though only 53 distinct responses were filed.

5.      Consequently, the City believes that there may be economies for the Court, the City, and for creditors in addressing this apparent legal issue in a single hearing.

6.      The City believes that resolution of this issue up front, before delving into the individual factual issues posed by the various claims and supporting responses is likely to be more efficient for the Court and the parties.  Thus, the City proposes the following procedure to the Court, which it believes will streamline this process.[2]

(a)     The Court should adjourn the hearing on objections to, and responses timely and properly filed by, the Employee Obligation Claimants,[3] and require the City to serve the Order that accomplishes this on the Employee Obligation Claimants in such a fashion that the Order is actually received by the Employee Obligation Claimants no later than Monday, March 28.  The Employee Obligation Claimants would not need to attend the March 30 hearing.

(b)     The City should be required to file a brief explaining its position on this issue by April 21, 2016, and serve it on the Employee Obligation Claimants.

---

[2] This process is intended to be more efficient for the Court, the City, and creditors. The City invites the Court to amend, revise, or otherwise improve upon these suggestions as it deems appropriate.

[3] Four of the Employee Obligation Claimants – Eddie Greer, LaTonya Pennington, Shelia Bell, and Teulania Richardson – also filed responses to the City's Twenty-Third, Twenty-Fourth, or Twenty-Fifth Omnibus Objections, which dealt with pension claims.  The City is not proposing to adjourn the March 30 hearing on Eddie Greer, LaTonya Pennington, Shelia Bell, and Teulania Richardson's responses to the Twenty-Third, Twenty-Fourth, or Twenty-Fifth Omnibus Objections.

(c)     Employee Obligation Claimants may, but will not be required to, file an additional response, explaining their position to the Court on this issue by May 19, 2016.

(d)     The Court can schedule a hearing on this issue in June of 2016 at its convenience.  Should the Court decide in the City's favor, then the claims of the Employee Obligation Claimants will be expunged (or altered in whatever manner the Court should rule).   If the Court decides in favor of one or more of the Employee Obligation Claimants, further hearings can be held to determine the amount of such claims.

7.     The City believes that a hearing on the legal issue raised by the Employee Obligation Claimants can be held in a much more efficient manner, and thus this process should make better use of the time of the Court and the parties. The City believes that most, if not all, Employee Obligation Claims can be resolved in an orderly process in this fashion.  The alternative, attempting to hear 53 factual presentations during one afternoon, appears difficult, and may result in many of the respondents having their hearings adjourned.  The City has already heard from a number of respondents that making the time for a Court hearing is difficult; making time to attend a hearing, only to have it adjourned would appear likely to cause unnecessary hardship on many respondents.

WHEREFORE, the City respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this *Ex Parte* Motion and granting such further relief as the Court deems appropriate.

Dated: March 24, 2016

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan 48226
    Telephone: (313) 237-5037
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

## <u>SUMMARY OF ATTACHMENTS</u>

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).


Exhibit 1     Proposed Form of Order

Exhibit 2     None [Motion Seeks Ex Parte Relief]

Exhibit 3     None [Brief Not Required]

Exhibit 4     Certificate of Service [Motion Seeks Ex Parte Relief]

Exhibit 5     None [No Affidavits Filed Specific to This Motion]

Exhibit 6     List of Respondents

# EXHIBIT 1

Proposed Order

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER GRANTING CITY OF DETROIT'S *EX PARTE* MOTION FOR AN ORDER (I) ADJOURNING HEARING ON CERTAIN RESPONSES FILED TO THE CITY'S TWENTIETH AND TWENTY-EIGHTH THROUGH THIRTY-FOURTH OMNIBUS OBJECTIONS TO CLAIMS, AND (II) ESTABLISHING A PROCESS FOR HEARING THESE OBJECTIONS AND RESPONSES TO THEM**

This matter coming before the Court on *City of Detroit's Ex Parte Motion for an Order (I) Adjourning Hearing on Certain Responses Filed to the City's Twentieth and Twenty-Eighth Through Thirty-Fourth Omnibus Objections to Claims, and (II) Establishing a Process for Hearing These Objections and Responses to Them.* The Court, having reviewed the *Ex Parte* Motion and having found that notice of the *Ex Parte* Motion was sufficient under the circumstances; having determined after due deliberation that the relief requested in the *Ex Parte* Motion is in the best interests of the Debtor and its creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.      The *Ex Parte* Motion is GRANTED.

2.      The hearing on the responses filed by the following individuals to the City of Detroit's Twentieth and Twenty-Eighth through Thirty-Fourth Omnibus Objections (collectively, the "Employee Obligation Claimants"), currently set for March 30, 2016, at 1:30 p.m. is adjourned to June __, 2016 at __:__ _m., in Courtroom 1925, 211 West Fort Street Bldg., Detroit, MI 48226:

| | | |
|---|---|---|
| Althea F. Phillips | Dinah Bolton | Natalie Clemons |
| Andre R. Canty | Eddie Greer | Otis Butler |
| Antonio Domingo Ratliff | Enos P. Walker | Patrick Chlosta |
| Benjamin Hogue | Gerald Murphy | Roderick French |
| Carmelita Brown Bullock | Harriett Cook | Ronnie Jordan |
| Charles Huskey | John Johnson | Sharon K. Jordan |
| Chukwuma Udegbunam | Joseph Fields | Shelia Bell |
| Corey Thomas | Kahlil Felder | Stephanie Hogue |
| Craig Steele | Kanard McClain | Teulaina Richardson |
| Damon Osley | Kathy L McCaskill | Toni Baldwin |
| Daris Howard | Kevin Washington | Vetonia Dorch |
| Deirdre Green | LaTonya Pennington | Wanda Beckom White |
| Denise Williams | Michael Cooper | |

3.      The City must serve this Order on the Employee Obligation Claimants in such a fashion that the Order is actually received by the Employee Obligation Claimants no later than Monday, March 28.

4.      The City must file a brief explaining its position on why the issue collectively raised by the Employee Obligation Claimants (namely, that the City improperly breached employment obligations to the Employee Obligation

Claimants) fails as a matter of law by April 21, 2016, and serve it on the Employee Obligation Claimants.

5.      Employee Obligation Claimants may, but are not required to, file an additional response, explaining their position to the Court on this issue by May 19, 2016.  The Court may set further hearings at its discretion to resolve the claims asserted by Employee Obligation Claimants.

**6.      A hearing on the responses filed by Eddie Greer, LaTonya Pennington, Shelia Bell, and Teulaina Richardson to the City's Twenty-Third, Twenty-Fourth, or Twenty-Fifth Omnibus Objections will still be held on March 30, 2016 at 1:30 p.m. in Courtroom 1925, 211 West Fort Street Bldg., Detroit, MI 48226.**

7.      The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

# **EXHIBIT 2**

Not Applicable

# **EXHIBIT 3**

Not Applicable

# EXHIBIT 4 – CERTIFICATE OF SERVICE

Not Applicable

## **EXHIBIT 5**

Not Applicable

## EXHIBIT 6A

Respondents to Omnibus Objections

| Claimant | Claim No. | Doc. No. | Objection No. | CET |
|---|---|---|---|---|
| Enos P. Walker | 2610 | 10907 | 20th | X |
| Devon Smith | 963 | 10839 | 22nd | |
| Annie J. Kuykendall | 3380 | 10904 | 23rd | |
| Beverly Welch | 3616 | 10805 | 23rd | |
| Carol Jean Finley | 2359 | 10881 | 23rd | |
| Dennis E. Nessel | 3564 | 10898 | 23rd | |
| Eddie Greer | 2538 | 10852 | 23rd | |
| Wanda Jan Hill | 1851 | 10905 | 23rd | |
| LaTonya Pennington | 2744 | 10865 | 24th | |
| Shelia Bell | 2995 | 10874 | 25th | |
| Teulaina Richardson | 3334 | 10795 | 25th | |
| Althea F. Phillips | 2325 | 10860 | 28th | X |
| Andre R. Canty | 2096 | 10821 | 28th | X |
| Antonio Domingo Ratliff | 3131 | 10910 | 28th | X |
| Belinda Ellis | 1963 | 10864 | 28th | |
| Benjamin Hogue | 2598 | 10837 | 28th | X |
| Bradford Comit Jr. | 1211 | 10849 | 28th | |
| Carmelita Brown Bullock | 1654 | 10885 | 28th | X |
| Da'Nean Brooks | 3383 | 10897 | 28th | |
| Dinah Bolton | 3522 | 10841 | 28th | X |
| Charles Huskey | 3402 | 10847 | 29th | X |
| Chukwuma Udegbunam | 3212 | 10859 | 29th | X |
| Corey Thomas | 1829 | 10911 | 29th | X |
| Craig Steele | 3411 | 10899 | 29th | X |
| Damon Osley | 3391 | 10879 | 29th | X |
| Damon Osley | 3443 | 10879 | 29th | X |
| Daris Howard | 2501 | 10824 | 29th | X |
| Deirdre Green | 1894 | 10902 | 29th | X |
| Deirdre Green | 1896 | 10902 | 29th | X |
| Denise Williams | 1898 | 10909 | 29th | X |
| Eddie Greer | 2536 | 10852 | 29th | X |
| Harriett Cook | 1892 | 10919 | 29th | X |
| Harriett Cook | 1893 | 10919 | 29th | X |

| Claimant | Claim No. | Doc. No. | Objection No. | CET |
|---|---|---|---|---|
| George Pieprzyk | 1906 | 10903 | 30th | |
| Gerald Murphy | 3442 | 10894 | 30th | X |
| Jacqueline Knowles | 1918 | 10863 | 30th | |
| John Johnson | 1686 | 10884 | 30th | X |
| Joseph Fields | 3482 | 10920 | 30th | X |
| Kahlil Felder | 2743 | 10883 | 30th | X |
| Kanard McClain | 3379 | 10814 | 30th | X |
| Kathy L McCaskill | 1809 | 10901 | 30th | X |
| Kevin Washington | 1996 | 10886 | 31st | X |
| LaTonya Pennington | 2738 | 10865 | 31st | X |
| Debra Ann Martin | 1016 | 10848 | 32nd | |
| Michael Cooper | 1891 | 10908 | 32nd | X |
| Michael Cooper | 1979 | 10908 | 32nd | X |
| Natalie Clemons | 1741 | 10892 | 32nd | X |
| Natalie Clemons | 2060 | 10892 | 32nd | X |
| Natalie Clemons | 2061 | 10892 | 32nd | X |
| Natalie Clemons | 2074 | 10892 | 32nd | X |
| Natalie Clemons | 2102 | 10892 | 32nd | X |
| Otis Butler | 1999 | 10896 | 32nd | X |
| Patrick Chlosta | 2010 | 10895 | 32nd | X |
| Shelia Bell | 2893 | 10872 | 32nd | X |
| Raju K. Markose | 3272 | 10861 | 33rd | |
| Robert A. Lukasik | 1482 | 10900 | 33rd | |
| Roderick French | 2842 | 10912 | 33rd | X |
| Ronnie Jordan | 3417 | 10906 | 33rd | X |
| Sharon K. Jordan | 1817 | 10891 | 33rd | X |
| Stephanie Hogue | 3168 | 10838 | 33rd | X |
| Stephanie Hogue | 3215 | 10838 | 33rd | X |
| Stephanie Hogue | 3216 | 10838 | 33rd | X |
| Vetonia Dorch | 1985 | 10836 | 33rd | X |
| Wanda Beckom White | 3397 | 10882 | 33rd | X |
| Teulaina Richardson | 3214 | 10795 | 34th | X |
| Toni Baldwin | 3452 | 10887 | 34th | X |