# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DEBTOR'S FORTY-SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (Bond Claims that Have Been Satisfied or Released)

> **THIS OBJECTION SEEKS TO MODIFY, DISALLOW AND/OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

The Debtor, the City of Detroit ("City"), by and through its undersigned counsel, files this objection ("Objection") requesting that the Court enter an order, substantially in the form attached as Exhibit 1, disallowing and expunging each of the claims identified on Exhibit 2 on the basis that each claim has been satisfied or released pursuant to the Plan and Confirmation Order (each, defined below). In support of this Objection, the City respectfully states as follows:

- 1 -

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII, Section A of the Plan . This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

2.     On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest Chapter 9 bankruptcy case in history.

3.     On October 10, 2013, the City filed its *Motion of Debtor, Pursuant to Section 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), For Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [Doc. No. 1146] ("Bar Date Motion").  On November 21, 2013, the Court entered an order granting the Bar Date Motion [Doc. No. 1782] ("Bar Date Order"), establishing deadlines to file proofs of certain types of claim in this case.  The Bar Date Order set the deadline to file such proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time ("Bar Date").

4. However, not all types of claims were subject to the Bar Date Order. The Bar Date Order expressly provided that entities holding the following claims "shall not be required" to file proofs of claim:

> (a) Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the bonds set forth on Exhibit 6.1 to the Bar Date Motion ("Secured Bonds") or (ii) certificates of participation issued by the City.

> (b) Any claim by a holder for the repayment of principal or interest on or under the City's unlimited tax general obligation bonds, limited tax general obligations bonds and general fund bonds (collectively, the "GO Bonds") to preserve its right to a *pro rata* share of distributions on account of the amount of principal and interest under such bonds listed in the City's List of Claims.

Bar Date Order ¶¶ 8(d) & (e).

5. The Bar Date Notice attached as Annex 1 to the Bar Date Order explained that holders of Secured Bonds did not have to file a proof of claim for repayment of principal, interest and/or other applicable fees and charges because the trustee or similar entity with respect to the Secured Bonds informed the City that consistent with Bankruptcy Rule 3003(c) it intended to file proofs of claim against the City on behalf of the holders of the Secured Bonds and provide notice to the holders of the Secured Bonds. Bar Date Notice, p. 4.

6. Indeed, as permitted by Bankruptcy Rule 3003(c)(1) and (5), U.S. Bank National Association, as Indenture Trustee, filed proofs of claim on behalf of

- 3 -

all known and unknown holders of the Secured Bonds. *See* Claim Numbers 1339, 1340, 1368, 1369, & 1370.

7.     Similarly, the Bar Date Order did not require that holders of GO Bonds file proofs of claim in order to preserve their rights to receive payments on account of principal or interest under the GO Bonds. Bar Date Notice, p. 4.[1]

The Bar Date Notice provided that the classification, priority and treatment of claims for *principal and interest* under the GO Bonds pursuant to any Chapter 9 Plan would not be affected by any provision in the Bar Date Order or by whether or not the holders of GO Bonds file or do not file proofs of claim.[2]

8.     Despite the express instructions in the Bar Date Order and the Bar Date Notice (which did not require but did not prohibit the filing of proofs of claim by the holders of Secured Bonds or GO Bonds),[3] hundreds of persons and other entities filed proofs of claims for repayment of principal or interest on or under the

---

[1] However, the holders of GO Bonds were required to file proofs of claim for "amounts beyond principal and interest" under the GO Bonds.

[2] The bond insurers of the GO Bonds were required to file proofs of claim relating to the GO Bonds. Bar Date Notice, p.4. As bond insurers of the unlimited tax GO Bonds, Assured Guaranty Municipal Corp. (Claim Numbers 1168 & 1169), National Public Finance Guarantee Corporation (Claim Number 1040), Ambac Assurance Corporation (Claim Numbers 1060, 1076, 1083, 1089, 1106, 1110), and Syncora Guarantee, Inc. and Syncora Capital Assurance, Inc. (Claim Numbers 1352 & 1354) filed proofs of claim. As a bond insurer of the limited tax GO Bonds, Ambac Assurance Corporation filed proofs of claim. *See* Claim Numbers 1147, 1149, 1118, 1119, 1121, 1122, 1050, 1134).

[3] Although not required to file such proofs of claim, nothing in the Bar Date Order or the Bar Date Notice prohibited the filing proofs of claim by the holders of the Secured Bonds or GO Bonds. Apparently, although unnecessary, many holders elected to do so in an abundance of caution.

26321775.1\022765-00213

GO Bonds or the Secured Bonds (*see* <u>Exhibit 2</u>), necessitating the filing of this Objection.

9.    On July 9, 2014, this Court entered its *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* [Doc. No. 5872] ("<u>Claims Procedures Order</u>"), allowing the City to file omnibus objections with respect to claims that have been addressed by the Plan or otherwise are not subject to the claims process in this case.  (Claim Procedures Order at 2.)

10.    Furthermore, Bankruptcy Rule 3007(d)(5) permits omnibus objections on the grounds that the claims should be disallowed because "they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order".

11.    On October 22, 2014, the City filed the *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045] ("<u>Plan</u>").

12.    On November 12, 2014, this Court entered an Order confirming the Plan [Doc. No. 8272] ("<u>Confirmation Order</u>").  On December 31, 2014, this Court entered its Supplemental Opinion Regarding Plan Confirmation, Approving Settlements, and Approving Exit Financing [Doc. No. 8993] ("<u>Confirmation Opinion</u>").

13.    The Plan became effective on December 10, 2014 ("Effective Date").

26321775.1\022765-00213

14. The Plan comprehensively resolved, classified and treated all claims for principal, interest, and/or other applicable fees and charges under the Secured Bonds and the GO Bonds.

15. Claims for the Secured Bonds were unimpaired, classified and reinstated in Classes 1A – 1C and 2A – 2F of the Plan. Plan, Article II.B.1, p. 32. Consequently, claims evidenced by the Secured Bonds have been satisfied.

16. Claims for the GO Bonds were settled. Confirmation Opinion, pp. 51 – 58. These claims were classified and allowed in certain aggregate amounts in Classes 7 and 8 of the Plan. Plan, Article II.B.1, p. 32. On or about the Effective Date, the treatment to be afforded to the holders of claims in Classes 7 and 8 of the Plan, was consummated and satisfied under the Plan. On the Effective Date, the remaining portion of any claim in Class 7 or 8 was released and discharged under the Plan. Plan, Article III.D.4.

17. In sum, all claims for repayment of principal, interest and/or other applicable fees and charges on or under the Secured Bonds or the GO Bonds were satisfied by their treatment under the Plan and, in the case of the GO Bonds, to the extent not so satisfied, released and discharged under the Plan.

18. Each of the claims listed on Exhibit 2 asserts a bond claim that has been satisfied under the Plan (or released and discharged) and should be disallowed and expunged.

26321775.1\022765-00213

## RELIEF REQUESTED

19.     The City files this Objection pursuant to the Bar Date Order, Section 502(b) of the Bankruptcy Code,[4] Bankruptcy Rule 3007(d), and the Claims Procedures Order, seeking entry of an order disallowing and expunging each of the claims identified on Exhibit 2 because each such claim asserts a bond claim that has been satisfied (or released) pursuant to the terms of the Plan and the Confirmation Order.

20.     To the extent the Court does not disallow and expunge one or more of the claims identified on Exhibit 2, the City reserves all of its rights to object, on any basis, to any of the claims identified on Exhibit 2.

## BASIS FOR RELIEF REQUESTED

21.     The City has reviewed the claims identified on Exhibit 2 and submits that that each such claim is a bond claim that has been satisfied or released by the Plan.

22.     The Declaration of Charles Raimi, Deputy Corporation Counsel, (the "Declaration") explains the process undertaken by the City and confirms that the claims identified on Exhibit 2 are bond claims that have been satisfied or released under the Plan. *See Declaration of Charles Raimi*, attached hereto as Exhibit 3.

---

[4] Section 502 of the Bankruptcy Code applies to Chapter 9 proceedings pursuant to Section 901(a) of the Bankruptcy Code.

23.     The Claims Procedures Order and Bankruptcy Rule 3007(c) allow the City to file this Objection as an omnibus objection.  Specifically, Bankruptcy Rule 3007(c) authorizes the Court to allow for omnibus objections beyond those circumstances itemized in Bankruptcy Rule 3007(d), and the Claims Procedures Order expressly permits the City to file an omnibus objection with respect to claims that have been satisfied by the Plan.  (Claims Procedures Order at 2.).  This is further supported by the authority granted in Bankruptcy Rule 3007(d)(5).

24.     This Court has the authority to enter an order approving this Objection.  Moreover, the streamlined process afforded by an omnibus objection (in lieu of individual objections to each of the claims identified on Exhibit 2) will result in material costs savings that will inure to the benefit of the City. Accordingly, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors.

25.     Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed as Exhibit 1, expunging and disallowing each of the claims identified on Exhibit 2. Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(d)(5), the Court should grant the relief requested.

## SEPARATE CONTESTED MATTERS

26.     To the extent that a response is filed regarding any claim listed in this Objection and the City is unable to resolve the response, each one of those claims, and the objection by the City to each one of those claims asserted, should constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  Any order entered by the Court regarding an objection asserted in this Objection should be deemed a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, should constitute a final judgment with respect to such claim, and the Court should expressly determine that there is no just reason for delay of the entry of the final judgment with respect to such claim.

27.     The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

26321775.1\022765-00213

## NOTICE

28.    The City has provided notice of this Objection to each of the claimants identified on Exhibit 2 at the address set forth by each of the claimants on its respective proof of claim, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002.  Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Objection need be given.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as the Court may deem just and proper.

Dated: March 24, 2016

Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 963-6420
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

and

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan 48226
    Telephone: (313)-237-0470
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

### NOTICE OF DEBTOR'S FORTY-SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS

**(Bond Claims that Have Been Satisfied or Released)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS(S).**

      **PLEASE TAKE NOTICE THAT** the City of Detroit ("City") has filed an objection to your claim because it asserts a bond claim that has been satisfied or released under the City's Plan ("Forty-Second Omnibus Objection") and, therefore, should be disallowed and expunged.

      **YOUR CLAIM MAY BE REDUCED, MODIFIED OR ELIMINATED PURSUANT TO FED. R. BANKR. P. 3007(e)(1) AND PRIOR ORDERS OF THIS COURT. YOU SHOULD CAREFULLY REVIEW EXHIBIT 2 OF THE FORTY-SECOND OMNIBUS OBJECTION TO FIND YOUR NAME AND CLAIM. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.**

If you do not want the court to eliminate or change your claim, or grant the relief requested in the Forty-Second Omnibus Objection, then on or before **April 20, 2016**, you or your lawyer must:

1.     File with the court, at the address below, a written response to the objection.  Unless a written response is filed and served by the date stated above, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court

United States Bankruptcy Court

211 W. Fort Street, Suite 2100

Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

2.     A copy of your response must also be mailed to counsel for the City:

Marc N. Swanson

Miller, Canfield, Paddock and Stone, PLC

150 West Jefferson, Suite 2500

Detroit, MI 48226

3.     You must also attend the hearing on the objection scheduled to be held on **April 27, 2016, at 11:00 a.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 48226** unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the objection to your claim, in which event the hearing will be cancelled and the objection sustained.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 963-6420
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated:  March 24, 2016

# EXHIBIT 1: PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

### ORDER GRANTING DEBTOR'S FORTY-SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (Bond Claims that Have Been Satisfied or Released)

Upon review of the forty-second objection to claims (the "Objection"),[5] of

the Debtor, City of Detroit, Michigan (the "City"), seeking entry of an order

disallowing and expunging each of the claims listed on Exhibit 2 to the Objection;

and it appearing that this Court has jurisdiction over the Objection pursuant to 28

U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court having found

that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court

having found that venue of this proceeding and the Objection in this District is

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief

requested in the Objection is in the best interests of the City, and its creditors; and

due and proper notice of the Objection having been given as provided in the

Objection; and it appearing that no other or further notice of the Objection need be

---

[5] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

26321775.1\022765-00213

given; and a hearing on the Objection having been held before the Court; and any objections or other responses to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1.      The Objection is sustained to the extent set forth herein.

2.      Each of the proofs of claim listed on <u>Exhibit 2</u> annexed to the Objection is hereby disallowed and expunged in its entirety, pursuant to Section 502(b) of the Bankruptcy Code.

3.      The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4.      The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5.      Each claim and the objections by the City to each claim as addressed in the Objection and set forth in <u>Exhibit 2</u> constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.   This Order shall be deemed and constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to such claim, and the Court expressly determines that there is no just

reason for delay of the entry of the final judgment with respect to such claim. Any stay of this Order shall apply only to the contested matter that involves such creditor and for which such stay has been granted or may be in effect, and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby, and further provided that the City shall have the right, but not the need, to submit a separate order with respect to contested matters or claims.

6.      The City retains all of its rights to object, on any other basis, to any of the Claims identified on Exhibit 2.

7.      Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

8.      Nothing in this Order is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

# EXHIBIT 2: CLAIMS

The ground for objection to each claim listed below is that it is a bond claim that has been satisfied or released. Each of the pages in the omnibus objection is pertinent to the stated ground for objection.

| Claim No. | Creditor Name and Address | Claim Amount | Classification | Date Filed |
|---|---|---|---|---|
| 962 | Michael D and Deborah D Thompson<br>5222 Sunlyn<br>Grand Blanc, MI, 48439 | 5,605.40 | Secured | 02/13/2014 |
| 962 | Michael D and Deborah D Thompson<br>5222 Sunlyn<br>Grand Blanc, MI, 48439 | 14,394.60 | General Unsecured | 02/13/2014 |
| 251 | Mitchell & Phyllis Hill<br>1794 Fox Hill Drive<br>Lakeland, FL, 33810 | 10,000.00 | Secured | 12/16/2013 |
| 271 | Mitchell E Hersh<br>6 Western Dr<br>Colts Neck, NJ, 07722-1271 | 100,000.00 | General Unsecured | 12/17/2013 |
| 442 | Murray and Renee Nadel<br>12 Island Drive<br>Boynton Beach, IL, 33436 | 45,000.00 | General Unsecured | 01/06/2014 |
| 459 | Murray Spitzer Trust<br>Murray Spitzer<br>12622 Via Lucia<br>Boyton Beach, FL, 33436 | 15,000.00 | General Unsecured | 12/30/2013 |
| 430 | Nancy Gross Revocable Trust TR UA 04-19-2011<br>Nancy Gross<br>11909 SE Indiana River Dr N<br>Hobe Sound, FL, 33455 | 10,000.00 | General Unsecured | 01/02/2014 |
| 584 | Nancy Irene Koenig & Lawrence T Koenig Jr JTWROS<br>16129 Dewey Ave<br>Omaha, NE, 68118 | 25,000.00 | General Unsecured | 01/22/2014 |
| 663 | Nancy S. Granborg TTEE, Granborg Family Trust<br>Nancy S. Granborg, TTEE<br>P.O. Box 6695<br>Incline Village, NV, 89450 | 19,364.90 | General Unsecured | 01/30/2014 |
| 3198 | Nedi Telvi<br>635 West 42nd St 33D<br>New York, NY, 10036 | 15,300.00 | General Unsecured | 02/21/2014 |
| 447 | Neil Dicker<br>1616 Borkwood Dr<br>Orefield, PA, 18069-8923 | 20,000.00 | General Unsecured | 01/07/2014 |
| 1053 | Neil James Peterson Trustee, Peterson Revocable Living Trust<br>6800 Liberty Rd<br>Galt, CA, 95632 | 5,000.00 | General Unsecured | 02/18/2014 |

The ground for objection to each claim listed below is that it is a bond claim that has been satisfied or released. Each of the pages in the omnibus objection is pertinent to the stated ground for objection.

| Claim No. | Creditor Name and Address | Claim Amount | Classification | Date Filed |
|---|---|---|---|---|
| 1055 | Neil James Peterson Trustee, Peterson Revocable Living Trust<br>6800 Liberty Rd<br>Galt, CA, 95632 | 5,000.00 | General Unsecured | 02/18/2014 |
| 1056 | Neil James Peterson Trustee, Peterson Revocable Living Trust<br>6800 Liberty Rd<br>Galt, CA, 95632 | 5,000.00 | General Unsecured | 02/18/2014 |
| 1044 | Nicholas G. Spanos<br>108 Ross Creek Lane<br>Venetia, PA, 15367 | 6,375.00 | General Unsecured | 02/18/2014 |
| 255 | Pamela Ann Foster<br>829 Country Club Cir<br>Venice, FL, 34293 | 10,000.00 | Secured | 12/16/2013 |
| 689 | Patricia B. Lantis<br>13510 Hollow Cv<br>Tampa, FL, 33613-4128 | 9,568.20 | General Unsecured | 02/03/2014 |
| 339 | Patti M. Dickinson<br>10851 Grant Rd.<br>Montgomery, MI, 49255 | 41,418.18 | Secured | 12/23/2013 |
| 1023 | Paul S Dennis, TTEE Paul S. Dennis Trust Agreement as Modified UAD 8/9/83<br>16330 Vintage Oaks Lane<br>Delray Beach, FL, 33484-6430 | 325,000.00 | Priority | 02/14/2014 |
| 1057 | Paul S Dennis, TTEE Paul S. Dennis Trust Agreement as Modified UAD 8/9/83<br>16330 Vintage Oaks Lane<br>Delray Beach, FL, 33484-6430 | 325,000.00 | General Unsecured | 02/18/2014 |
| 209 | Peter J & Pamela A Gadzinski JT TEN/WROS<br>1075 Riverview Drive<br>Ishpeming, MI, 49849 | 15,000.00 | General Unsecured | 12/12/2013 |
| 207 | Peter J & Pamela Gadzinski JT TEN/ WROS<br>1075 Riverview Drive<br>Ishpeming, MI, 49849 | 10,000.00 | General Unsecured | 12/12/2013 |
| 878 | Philip R. Ober<br>4254 Echo Rd<br>Bloomfield, MI, 48302-1943 | UNLIQUIDATED | General Unsecured | 02/12/2014 |

The ground for objection to each claim listed below is that it is a bond claim that has been satisfied or released. Each of the pages in the omnibus objection is pertinent to the stated ground for objection.

| Claim No. | Creditor Name and Address | Claim Amount | Classification | Date Filed |
|---|---|---|---|---|
| 2219 | Prides Crossing Foundation<br>Daniel R. Irvin<br>27 Paine Avenue<br>PO Box 252<br>Prides Crossing, MA, 01965 | 515,000.00 | General Unsecured | 02/20/2014 |
| 389 | Rae Thaler, Irrevocable Trust, Amy E. Schultz, Trustee<br>Amy E. Schultz, Trustee<br>Rae Thaler Irrevocable Trust<br>2214 Genevieve Ct<br>Tallahassee, FL, 32312 | UNLIQUIDATED | General Unsecured | 12/23/2013 |
| 480 | Reddington Village Condo Owners Association<br>Judith Beery<br>175 Reddington Village Ln<br>Newark, OH, 43055 | 5,000.00 | General Unsecured | 01/08/2014 |
| 237 | Rhonda Feltman<br>Stephen Feltman<br>PO Box 1311<br>Sonoita, AZ, 35637 | 25,000.00 | General Unsecured | 12/16/2013 |
| 450 | Richard B Decker<br>1351 McCormicks Cir<br>Danville, IN, 46122 | 25,000.00 | Secured | 01/02/2014 |
| 451 | Richard B Decker<br>1351 McCormicks Cir<br>Danville, IN, 46122 | 10,000.00 | Secured | 01/02/2014 |
| 452 | Richard B Decker<br>1351 McCormicks Cir<br>Danville, IN, 46122 | 25,000.00 | Secured | 01/02/2014 |
| 241 | Richard T. Shaw<br>62 Oakmont Lane<br>Jackson, NJ, 08527-4019 | 10,870.00 | General Unsecured | 12/16/2013 |
| 649 | Richard W. Van Saun<br>15812 75th Pl. W.<br>Edmonds, WA, 98026 | 30,000.00 | General Unsecured | 01/27/2014 |
| 215 | Robert & Patricia Taylor<br>3805 Quail Covey Dr<br>Valparaiso, IN, 46383 | 10,000.00 | General Unsecured | 12/13/2013 |
| 512 | Robert A Imparato Jr.<br>583 Ramona Ave<br>Staten Island, NY, 10309 | 5,000.00 | General Unsecured | 01/13/2014 |

The ground for objection to each claim listed below is that it is a bond claim that has been satisfied or released. Each of the pages in the omnibus objection is pertinent to the stated ground for objection.

| Claim No. | Creditor Name and Address | Claim Amount | Classification | Date Filed |
|---|---|---|---|---|
| 400 | Robert Alan Neidorff<br>Robert Neidorff<br>39 Stowell Rd<br>Bedford, NH, 03110-4714 | 20,247.22 | General Unsecured | 12/23/2013 |
| 696 | Robert B. Faber<br>19 Robin Circle<br>Stoughton, MA, 02072 | UNLIQUIDATED | Secured | 02/03/2014 |
| 463 | Robert Bofenkamp<br>2808 E Orchard Place #203<br>Sioux Falls, SD, 57103 | UNLIQUIDATED | Priority | 12/31/2013 |
| 318 | Robert Branch, Sr. Trustee<br>Robert Branch, Sr.<br>2401 Pruetts Chapel Road<br>Paragould, AR, 72450 | 10,000.00 | General Unsecured | 12/20/2013 |
| 2369 | Robert Gutman 1999 Family Trust FBO John A Gutman Part A<br>John Gutman, Trustee<br>PO Box 6067<br>Lawrenceville, NJ, 08698-0067 | 15,000.00 | General Unsecured | 02/21/2014 |
| 595 | Robert K DeVries & Nancy L. DeVries<br>63 Lake End Road<br>Newfoundland, NJ, 07435 | 19,638.74 | General Unsecured | 01/24/2014 |
| 524 | Robert N. Radunzel, FBO Robert N. Radunzel Revocable Trust, UAD 2-24-95<br>Robert N. Radunzel<br>10181 S. Lakeside Ridge Road<br>Baldwin, MI, 49304-8463 | 20,000.00 | Secured | 01/13/2014 |
| 401 | Rod C. Parsons<br>PO Box 528<br>Shelbyville, TN, 37162 | 20,000.00 | General Unsecured | 12/23/2013 |
| 502 | Sami Y Kalliney and Elizabeth E Kalliney<br>15430 Almaco Circ<br>Bonita Springs, FL, 34135-8391 | 10,000.00 | General Unsecured | 01/10/2014 |
| 577 | Samuel Shniper<br>40 Seir Hill Road<br>Wilton, CT, 06897 | 15,000.00 | General Unsecured | 01/21/2014 |
| 839 | Sandra B DuPont Living Trust UAD 1-7-1983<br>Kent G & Sandra B DuPont Co-Trustees<br>5500 Blood Rd.<br>Metamora, MI, 48455 | 25,000.00 | General Unsecured | 02/06/2014 |

The ground for objection to each claim listed below is that it is a bond claim that has been satisfied or released. Each of the pages in the omnibus objection is pertinent to the stated ground for objection.

| Claim No. | Creditor Name and Address | Claim Amount | Classification | Date Filed |
|---|---|---|---|---|
| 583 | Sandra LeGunn Kasten Trust dtd 10/18/1989 - Sandra LeGunn TTEE 7280 Amberly Lane - Apt. 206 Delray Beach, FL, 33446-2958 | 15,000.00 | General Unsecured | 01/22/2014 |
| 217 | Scott Muma 120 Holley Ridge Road Aiken, SC, 29803 | 67,892.03 | Secured | 12/13/2013 |
| 347 | Selig C. Eidelberg and Bayla Eidelberg, JT 50 Bristol Green San Antonio, TX, 78209-1848 | 20,000.00 | Secured | 12/24/2013 |
| 507 | Sheldon Borgen & Carol Borgen JT Ten 184-44 Midland Parkway Jamaica Estates, NY, 11432 | 20,000.00 | General Unsecured | 01/13/2014 |
| 432 | Stuart Gross & Nancy Gross TR UA 04-19-2011 Stuart Gross Revocable Trust Stuart Gross 11909 SE Indiana River Dr N Hole Sound, FL, 33455 | 30,000.00 | General Unsecured | 01/02/2014 |
| 1054 | Susan A. Johnston and Forrest R. Johnston 318 Grandview Dr Verona, PA, 15147-3898 | UNLIQUIDATED | General Unsecured | 02/18/2014 |
| 3592 | Susan Fitzgerald 494 N Meadow Cr Rd Pomeroy, WA, 99347 | 50,000.00 | General Unsecured | 02/25/2014 |
| 574 | Sussman Family Trust Marvin Sussman, Trustee 1191 NW 89th Terrace Pembroke Pines, FL, 33024-4634 | 50,000.00 | General Unsecured | 01/17/2014 |
| 1328 | The Barbara L. Schuman Trust co Marc Schuman Trustee 15 Bank St Apt 121A White Plains, NY, 10606 | 45,000.00 | Secured | 02/20/2014 |
| 172 | The Virgil L Burns Living Trust Virgil L Burns 785 Poseidon Ct Lake Havasu City, AZ, 86404 | 10,000.00 | General Unsecured | 12/10/2013 |
| 518 | Thomas & Donna Leiting 844 Stonebridge Circle Eldridge, IA, 52748 | 25,000.00 | General Unsecured | 01/16/2014 |

The ground for objection to each claim listed below is that it is a bond claim that has been satisfied or released. Each of the pages in the omnibus objection is pertinent to the stated ground for objection.

| Claim No. | Creditor Name and Address | Claim Amount | Classification | Date Filed |
|---|---|---|---|---|
| 302 | Thomas and Linda Simmons<br>2020 Windsor Pl<br>Forth Worth, TX, 76110 | 25,000.00 | General Unsecured | 12/19/2013 |
| 613 | Tim A. Geffert and Bobbie D. Geffert<br>Tim Geffert<br>801 Airline Rd<br>Corpus Christi, TX, 78412-3159 | 5,000.00 | General Unsecured | 01/22/2014 |
| 850 | Tracy Andersen<br>416 Boutell Drive<br>Grand Blanc, MI, 48439 | 8,408.10 | Secured | 02/07/2014 |
| 850 | Tracy Andersen<br>416 Boutell Drive<br>Grand Blanc, MI, 48439 | 21,591.90 | General Unsecured | 02/07/2014 |
| 881 | Vittorio Gimelli<br>218 Highland Avenue<br>Montclair, NJ, 07043 | 5,066.67 | General Unsecured | 02/12/2014 |
| 296 | Walter C. Shepard, Trustee of the Walter C. Shepard Revocable Trust Under Agreement Dated 10/05/1992, As Amended<br>Walter C. Shepard, Trustee<br>PO Box 68<br>Cocoa, FL, 32923-0068 | 150,000.00 | General Unsecured | 12/18/2013 |
| 171 | Walter Cholewa Jr<br>1328 Sierry Peaks Dr<br>Prescott, AZ, 86305 | 9,200.81 | General Unsecured | 12/10/2013 |
| 510 | Walter J Cavanaugh Jr<br>306 Tahiti Rd<br>Galveston, TX, 77554-9185 | 30,000.00 | General Unsecured | 01/13/2014 |
| 410 | William Boyd Bailey, Tte, Bailey Rev Liv Trust Uad 7/25/2007<br>16247 East Bajada Drive<br>Scottsdale, AZ, 85262-7771 | UNLIQUIDATED | Secured | 12/27/2013 |
| 1111 | William Foggle Trust<br>7170 Woodbridge Circle<br>Boca Raton, FL, 33434 | 30,000.00 | General Unsecured | 02/19/2014 |
| 1112 | William Foggle Trust<br>7170 Woodbridge Circle<br>Boca Raton, FL, 33434 | 25,000.00 | General Unsecured | 02/19/2014 |
| 406 | William J. Schoen Revocable Trust<br>5801 Pelican Bay Blvd Suite 502<br>Naples, FL, 34108 | 400,000.00 | General Unsecured | 12/23/2013 |

The ground for objection to each claim listed below is that it is a bond claim that has been satisfied or released. Each of the pages in the omnibus objection is pertinent to the stated ground for objection.

| Claim No. | Creditor Name and Address | Claim Amount | Classification | Date Filed |
|---|---|---|---|---|
| 332 | William L Sundy<br>4825 S.W. 170 Ave<br>Southwest Ranches, FL, 33331 | 10,000.00 | General Unsecured | 12/23/2013 |
| 631 | William R. Goodall & Carol Ann Goodall<br>12706 Moorestown Rd SE<br>Fife Lake, MI, 49633 | 50,000.00 | General Unsecured | 01/27/2014 |
| 84 | William R. Harter<br>5196 Coventry Lane<br>Fort Wayne, IN, 46804 | UNLIQUIDATED | General Unsecured | 09/10/2013 |
| 3348 | William S. Shingler Trustee u/a DTD 12/20/2001<br>3557 Carnoustie Ct.<br>Augusta, GA, 30907 | 23,466.75 | General Unsecured | 02/21/2014 |

# EXHIBIT 3: DECLARATION OF CHARLES RAIMI

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DECLARATION OF CHARLES RAIMI IN SUPPORT OF DEBTOR'S FORTY-SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (Bond Claims that Have Been Satisfied or Released)

I, Charles Raimi, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.      I am a Deputy Corporation Counsel for the City of Detroit. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2.      The City's ongoing claims reconciliation process involves the collective effort of a team of employees assembled from personnel specifically familiar with the operations and liabilities of the City. This team works together and in conjunction with City's counsel, the City's financial advisor, and the City's claims agent, to review proofs of claim filed against the City.

3.      In connection with the preparation of the Forty-Second Omnibus Objection to Certain Claims (Bond Claims that Have Been Satisfied or Released)

(the "Forty-Second Omnibus Objection"), the City reviewed the claims at issue, as described on Exhibit 2 of the Forty-Second Omnibus Objection.

4.    The City believes that each of the claims on Exhibit 2 should be disallowed and expunged because each such claim asserts a bond claim that has been satisfied or released by the *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)*.

5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: **3/23/16** , 2016

By: /s/ _CN_ _____
Charles Raimi

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on March 24, 2016, he electronically filed the foregoing Omnibus Objection to Certain Claims (the "Omnibus Objection") with the Clerk of the Court which sends notice by operation of the court's electronic filing service to all ECF participants registered to receive notice in this case. The City has engaged a Noticing Agent, which will serve the Omnibus Objection on the Claimants listed therein at the address set forth by each of the claimants on its respective proof of claim and on all parties requesting notices listed on the Master Service List, and file a subsequent Proof of Service after it has performed the service.

DATED: March 24, 2016

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com