# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION AGAINST EMMANUEL PALMER FOR (I) VIOLATION OF THE AUTOMATIC STAY, BAR DATE ORDER AND PLAN OF ADJUSTMENT AND (II) DISMISSAL OF HIS DISTRICT COURT LAWSUIT

The City of Detroit, Michigan ("City"), by its undersigned counsel, files its Motion Against Emmanuel Palmer for (I) Violation of the Automatic Stay, Bar Date Order and Plan of Adjustment and (II) Dismissal of His District Court Lawsuit ("Motion"). In support of this Motion, the City respectfully states as follows:

## I. Introduction

1. In violation of the automatic stay, on December 18, 2013, Emmanuel Palmer ("Plaintiff") filed a federal court lawsuit against the City seeking monetary damages on account of a pre-petition claim. This lawsuit should be dismissed with prejudice for several reasons. First, it is void because it was filed in violation of the automatic stay. Second, Plaintiff did not file a proof of claim in the City's bankruptcy case and is thus barred, estopped and enjoined from asserting any claim against the City or property of the City under the Bar Date Order (as defined

below).  Finally, Plaintiff's claims were discharged under the Plan (as defined below) and he is enjoined from continuing his lawsuit.  For these reasons, this Court should order that the Plaintiff's claims against the City be dismissed with prejudice.

## II.   <u>Background</u>

### A.   **The City's Bankruptcy Case**

2.     On July 18, 2013 ("<u>Petition Date</u>"), the City filed this chapter 9 case.

3.     On July 25, 2013, this Court entered its Order Pursuant to Section 105(a) of the Bankruptcy Code Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code ("<u>Stay Confirmation Order</u>"). [Doc. No. 167]. The Stay Confirmation Order provided in pertinent part:

> Pursuant to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, limited liability companies and those acting for or on their behalf), all foreign or domestic governmental units and all other entities (and all those acting for or on their behalf) are hereby stayed, restrained and enjoined from:
>
> …
>
> (e) taking any action to collect, assess or recover a claim against the City that arose before the commencement of its chapter 9 case

Stay Confirmation Order at 2.

4.     On October 10, 2013, the City filed its Motion Pursuant to Section 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and

3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof ("Bar Date Motion"). [Doc. No. 1146].

5.     On November 21, 2013, this Court entered an order approving the Bar Date Motion ("Bar Date Order"). [Doc. No. 1782]. The Bar Date Order established February 21, 2014 ("Bar Date") as the deadline for filing claims against the City. Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

6.     Paragraph 22 of the Bar Date Order also provided that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in

this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

7.    Finally, paragraph 26 of the Bar Date Order provided:

Pursuant to Bankruptcy Rule 2002(f), the City shall publish the Bar Date Notice, once, in the Detroit Free Press, The Detroit News and national editions of USA Today and The Wall Street Journal at least 28 days prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates. The City is authorized to modify the Bar Date Notice to the extent necessary or appropriate to conform the Bar Date Notice to publication and minimize expense.

Bar Date Order ¶ 26.[1]

8.    In accordance with the Bar Date Order, notice of the General Bar Date was published in the Detroit News, the Detroit Free Press, USA Today and the Wall Street Journal. [Doc. Nos. 3007, 3008, 3009].

**B.    Plaintiff Files His District Court Lawsuit**

9.    In violation of the automatic stay and the Stay Confirmation Order, on December 18, 2013, Plaintiff filed a complaint ("Complaint") against the Wayne County Sheriff's Department, the City and John Doe 1 in the United States District

---

[1] The City requested that the Court grant it the authority to publish the Bar Date Notice pursuant to Bankruptcy Rule 2002(l) because it was anticipated that there may be parties with potential claims against the City that the City was not able to identify. Bar Date Motion ¶ 34.

Court for the Eastern District of Michigan, ("District Court"), case number 13-15164 ("District Court Lawsuit"). The Complaint is attached as Exhibit 6A.

10.     Plaintiff alleges that on December 19, 2010, he was assaulted during a raid on an afterhours club. Complaint ¶ 3. Plaintiff further alleges that on that same date his van was illegally seized by the Wayne County Sheriff's Department after the raid. Complaint ¶ 9.

11.     Over five months after the General Bar Date, the City was served with the Complaint by the United States Marshall's office on or about July 24, 2014. Exhibit 6B, Process Receipt and Return. The City was not aware of Plaintiff's potential claims against it until it received the Complaint. Exhibit 5, Declaration of Michael M. Muller. Consequently, Plaintiff was not personally served with notice of the General Bar Date.

12.     On August 5, 2014, the City filed a Notice of Suggestion of Bankruptcy Case and Application of the Automatic Stay. [Doc. No. 20 in District Court Lawsuit], Exhibit 6C. On August 8, 2014, the District Court entered its Order (1) Staying and Administratively Closing Case and (2) Denying Without Prejudice Plaintiff's Motion to Appoint Counsel (DKT. 19). [Doc. No. 21 in District Court Lawsuit], Exhibit 6D.

## C.    The City's Confirmed Plan

13.    On October 22, 2014, the City filed its Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014) ("Plan"). [Doc. No. 8045].

14.    On November 12, 2014, this Court entered an order confirming the Plan ("Confirmation Order"). [Doc. No. 8272]. On December 10, 2014, the Plan became effective ("Effective Date"). [Doc. No. 8649]. After the Complaint was served on the City and it became aware of the Plaintiff's claims, the Plaintiff was added to the appropriate service list. As a result, Plaintiff was personally served with a notice of the Effective Date. [Doc. No. 9000-1 at Page 350 of 569].

15.    The discharge provision in the Plan provides

> Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date. Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, discharge the City from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (ii) the Holder of a Claim based on such debt has accepted the Plan.

Plan, Art. III.D.4.

16.    With certain exceptions not applicable here, the Plan does not afford any right to distributions or payments to claimants that did not timely file proofs of

claim. Plan Art. I.A.19; Art. I.A.134; Art. VI.A.1. Such claims are not Allowed

Claims under the Plan and thus are not entitled to distributions under the Plan. *Id.*

("Notwithstanding any other provision of the Plan, no payments or Distributions

shall be made on account of a Disputed Claim until such Claim becomes an

Allowed Claim.").

17. The Plan injunction set forth in Article III.D.5 also provides in

pertinent part:

**Injunction**

**On the Effective Date, except as otherwise provided herein or in the Confirmation Order,**

**a. all Entities that have been, are or may be holders of Claims against the City…shall be permanently enjoined from taking any of the following actions against or affecting the City or its property…**

**1. commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affect the City of its property…**

**5. proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan or the settlements set forth herein to the extent such settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and**

**6. taking any actions to interfere with the implementation or consummation of the Plan.**

Plan, Article III.D.5 (emphasis supplied).

18.     The Court also retained jurisdiction to enforce the Plan injunction and to resolve any suits that may arise in connection with the consummation, interpretation or enforcement of the Plan.  Plan, Art. VII. F, G, I.

**D.     The District Court Lawsuit is Reopened**

19.     On April 3, 2015, the District Court entered orders reopening the case and again referred it to a Magistrate Judge for all pretrial proceedings.  [Doc. Nos. 26 & 27 in District Court Lawsuit].    On May 15, 2015, the District Court ordered the City to file an answer to the complaint or otherwise respond.  [Doc. No. 28 in District Court Lawsuit].

20.     The City filed a motion to dismiss on September 24, 2015 ("Motion to Dismiss").  [Doc. No. 37 in District Court Lawsuit], Exhibit 6E.  In the Motion to Dismiss, the City asserted that the Plaintiff's claims should be dismissed with prejudice due to his failure to file a proof of claim in the City's bankruptcy case.

21.     Plaintiff filed a document labeled a response to the motion to dismiss, which merely indicated that he had no legal training and no knowledge of bankruptcy law.  [Doc. No. 40 in District Court Lawsuit].  On January 27, 2016, the Magistrate Judge issued a Report and Recommendation on the Motion to Dismiss.  [Doc. No. 53 in District Court Lawsuit], Exhibit 6F.

22.     The Report and Recommendation provided that

It is not clear from the record before the Court that plaintiff's claims were, in fact, unknown to the City at the time the bankruptcy petition

was filed or before the expiration of the claims bar date. While plaintiff has not provided a substantive response to the motion, the City has not proffered any evidence affirmatively establishing that it was unaware of plaintiff's claim before the lawsuit was filed and during the pertinent time. In the absence of such affirmative evidence, the undersigned is not inclined to recommend dismissal.

Report and Recommendation at 11. As a result, the Motion to Dismiss was denied without prejudice.

## III.   Argument

### A.   The District Court Lawsuit Was Filed in Violation of the Automatic Stay and is Void

23. The District Court Lawsuit was filed in violation of the automatic stay and is void.

24. In *Easley v. Pettibone*, the Sixth Circuit held that actions taken in violation of the stay are "invalid and voidable and shall be voided absent limited equitable circumstances." *Easley v. Pettibone Michigan Corp.*, 990 F.2d 905, 911 (6th Cir. 1993). Before *Easley*, the rule in the Sixth Circuit was that actions taken in violation of the automatic stay were void. *Id.* at 909 (*citing In re Potts,* 142 F.2d 883, 888, 890 (6th Cir.1944), *cert. denied,* 324 U.S. 868, 65 S.Ct. 910, 89 L.Ed. 1423 (1945), *but see In re Smith,* 876 F.2d 524 (6th Cir.1989)).

25. In *Easley*, the Sixth Circuit changed its position for two reasons: First, bankruptcy courts may annul the stay retroactively to validate actions taken by a party at a time when he or she was unaware of the stay. *Id.* at 909-10. The *Easley*

court reasoned that if it was to give effect to the statutory authority to annul a stay, such actions can only be described as invalid and voidable, since void actions are incapable of later cure of validation. *Id.* at 910.

26. The second reason for concluding that actions in violation of the automatic stay are voidable rather than void was the recognition by several circuits of a narrow equitable exception to the operation of the stay. *Easley*, 990 F.2d at 910 (*citing In re Calder*, 907 F.2d 953 (10th Cir. 1990); *Matthews v. Rosense*, 739 F.2d 249 (7th Cir. 1984); *In re Smith Corset Shops*, 636 F.2d 971 (1st Cir. 1982)). This equitable exception arises when debtors attempt to use the stay as a shield after an unreasonable delay in asserting the debtor's rights under section 362.

27. In *In re Calder,* the debtor failed to notify the creditor of his bankruptcy while actively participating in state court litigation. The Tenth Circuit held "where the debtor unreasonably withholds notice, and where the creditor would be prejudiced, the debtor cannot use the automatic stay provision 'a trump card played after an unfavorable result was reached in state court.'" *Easley*, 990 F.2d at 910 (*quoting In re Calder,* 907 F.2d at 956–57).

28. None of the limited equitable circumstances apply here. This case is unlike any of the cases examined by *Easley*, which permitted an equitable exception. First, the City's bankruptcy filing in July 2013 was massively publicized. Second, the City promptly notified the Plaintiff upon its receipt of the

Complaint that the automatic stay applied when it filed the Notice of Suggestion of Bankruptcy and Automatic Stay in August 2014, months before confirmation of the Plan and the Effective Date. As a result, the District Court Lawsuit was administratively closed. Nothing in this case justifies invoking the narrow exception in *Easley*.

### B. The District Court Lawsuit Violates the Plan and the Bar Date Order

29. The Plaintiff's claims against the City in the District Court Lawsuit should be dismissed with prejudice. Pursuant to the Plan, the Plaintiff's claims against the City are discharged and he is enjoined from, among other things, continuing any action against the City with respect to those claims. Plan, Art. III.D.4, p. 50; Plan, Art. III.D.5, p. 50. As such, Plaintiff violated the Plan injunction and discharge provisions by continuing to prosecute the District Court Lawsuit against the City.

30. Furthermore, Plaintiff did not file a proof of claim by the General Bar Date and has at no time after the General Bar Date filed an untimely proof of claim or a motion for permission to file an untimely proof of claim. Plaintiff was not a known creditor of the City until he served the City with the Complaint five months after the General Bar Date. The court in *In re Drexel Burnham* explained

> Known creditors are defined as creditors that a debtor knew of, or should have known of, when serving notice of the bar date. Among known creditors may be parties who have made a demand for

payment against a debtor in one form or another before the
compilation of a debtor's schedules. Typically, a known creditor may
have engaged in some communication with a debtor concerning the
existence of the creditor's claim. This communication by itself does
not necessarily make the creditor known. Direct knowledge based on
a demand for payment is not, however, required for a claim to be
considered "known." A known claim arises from facts that would alert
the reasonable debtor to the possibility that a claim might reasonably
be filed against it.

*In re Drexel Burnham Lambert Group, Inc.*, 151 B.R. 674, 681(Bankr. S.D.N.Y.

1993). There is no evidence that the Plaintiff communicated to the City the

existence of the alleged claim prior to service of the Complaint. Nor are there any

allegations in the Complaint or in the District Court record that would suggest the

City should have been aware of the possibility that a claim might reasonably be

filed against it prior to its receipt of the Complaint.

31. Consequently, the City could not have provided individualized notice

of the General Bar Date to the Plaintiff and the publication notice provided by the

City in both local and national newspapers was proper and sufficient notice of the

General Bar Date. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306,

317 (1950) ("…in the case of persons missing or unknown, employment of an

indirect and even a probably futile means of notification is all that the situation

permits and creates no constitutional bar to a final decree foreclosing their

rights."); *Wright v. Corning*, 679 F.3d 101, 107-08 (3d Cir. 2012) ("As the District

Court noted, we generally hold that for unknown claimants, like the Plaintiffs,

notice by publication in national newspapers is sufficient to satisfy the requirements of due process, particularly if it is supplemented by notice in local papers."); Bar Date Order ¶ 26.

32.    Plaintiff is thus barred, estopped and enjoined from asserting any claim against the City or property of the City under the Bar Date Order. Bar Date Order ¶ 22.

## IV.    Conclusion

33.    The City respectfully requests that this Court enter an order in substantially the same form as the one attached as Exhibit 1, (a) granting the Motion; (b) requiring the Plaintiff to dismiss, or cause to be dismissed, with prejudice the District Court Lawsuit; and (c) permanently barring, estopping and enjoining the Plaintiff from asserting any claims described in the District Court Lawsuit, or the alleged conduct forming the basis of the District Court Lawsuit, against the City or property of the City.  The City sought, but did not obtain, concurrence to the relief sought in the Motion.

March 29, 2016                          Respectfully submitted,

By: /s/ Marc N. Swanson
     Jonathan S. Green (P33140)
     Marc N. Swanson (P71149)
     MILLER, CANFIELD, PADDOCK AND
     STONE, P.L.C.
     150 West Jefferson, Suite 2500
     Detroit, Michigan 48226
     Telephone: (313) 496-7591
     Facsimile: (313) 496-8451
     green@millercanfield.com
     swansonm@millercanfield.com

     Charles N. Raimi (P29746)
     Deputy Corporation Counsel
     City of Detroit Law Department
     2 Woodward Avenue, Suite 500
     Coleman A. Young Municipal Center
     Detroit, Michigan  48226
     Telephone: (313) 237-5037
     Facsimile: (313) 224-5505
     raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT LIST

Exhibit 1      Proposed Order

Exhibit 2      Notice

Exhibit 3      None

Exhibit 4      Certificate of Service

Exhibit 5      Declaration of Michael S. Muller

Exhibit 6A    Complaint

Exhibit 6B    Process Receipt and Return

Exhibit 6C    Notice of Suggestion of Bankruptcy and Automatic Stay

Exhibit 6D    Order (1) Staying and Administratively Closing Case and (2) Denying
              Without Prejudice Plaintiff's Motion to Appoint Counsel (DKT. 19)

Exhibit 6E    Motion to Dismiss

Exhibit 6F    Report and Recommendation

<u>**EXHIBIT 1 – PROPOSED ORDER**</u>

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**[PROPOSED] ORDER GRANTING CITY OF DETROIT'S MOTION
AGAINST EMMANUEL PALMER FOR (I) VIOLATION OF THE
AUTOMATIC STAY, BAR DATE ORDER AND PLAN OF ADJUSTMENT
AND (II) DISMISSAL OF HIS DISTRICT COURT LAWSUIT**

This matter, having come before the court on the City of Detroit's Motion Against Emmanuel Palmer for (I) Violation of the Automatic Stay, Bar Date Order and Plan of Adjustment and (II) Dismissal of His District Court Lawsuit ("<u>Motion</u>"), upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.      The Motion is granted.

2.      Within five days of the entry of this Order, Emmanuel Palmer shall dismiss, or cause to be dismissed, with prejudice the City of Detroit from Case No. 13-15164 filed in the United States District Court for the Eastern District of Michigan ("<u>District Court Lawsuit</u>").

3.      Emmanuel Palmer is permanently barred, estopped and enjoined from asserting any claims described in the District Court Lawsuit, or the alleged conduct forming the basis of the District Court Lawsuit, against the City of Detroit or property of the City of Detroit, in the District Court Lawsuit or in any other action or proceeding.

4.      The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

EXHIBIT 2 – NOTICE

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OPPORTUNITY TO RESPOND TO CITY OF DETROIT'S MOTION AGAINST EMMANUEL PALMER FOR (I) VIOLATION OF THE AUTOMATIC STAY, BAR DATE ORDER AND PLAN OF ADJUSTMENT AND (II) DISMISSAL OF HIS DISTRICT COURT LAWSUIT**

The City of Detroit has filed its Motion Against Emmanuel Palmer for (I) Violation of the Automatic Stay, Bar Date Order and Plan of Adjustment and (II) Dismissal of His District Court Lawsuit.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the City of Detroit's Motion Against Emmanuel Palmer for (I) Violation of the Automatic Stay, Bar Date Order and Plan of Adjustment and (II) Dismissal of His District Court Lawsuit, within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

<div align="center">
United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226
</div>

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

<div align="center">
Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
</div>

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated: March 29, 2016

26059929.1\022765-00213

## EXHIBIT 3 – NONE

26059929.1\022765-00213

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>City of Detroit, Michigan,<br><br>Debtor. | Bankruptcy Case No. 13-53846<br><br>Honorable Thomas J. Tucker<br><br>Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 29, 2016 the foregoing City of Detroit's Motion Against Emmanuel Palmer for (I) Violation of the Automatic Stay, Bar Date Order and Plan of Adjustment and (II) Dismissal of His District Court Lawsuit was filed and served via the Court's electronic case filing and notice system and served upon the individual listed below via first class mail:

Emmanuel Palmer
3888 19th Street
Ecorse, MI 48229

DATED: March 29, 2016

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

**Exhibit 5 – Declaration of Michael S. Muller**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DECLARATION OF MICHAEL S. MULLER IN SUPPORT OF CITY OF DETROIT'S MOTION AGAINST EMMANUEL PALMER FOR (I) VIOLATION OF THE AUTOMATIC STAY, BAR DATE ORDER AND PLAN OF ADJUSTMENT AND (II) DISMISSAL OF HIS DISTRICT COURT LAWSUIT

1.     My name is Michael M. Muller. I am a Senior Assistant Corporation Counsel in the City of Detroit Law Department.

2.     I am lead counsel for the City of Detroit ("City") in the case of *Emmanuel Palmer, Plaintiff v. Wayne County Sheriff's Department, City of Detroit, and John Doe, Defendants*, filed in the United States District Court for the Eastern District of Michigan, case number 13-15164 ("District Court Lawsuit").

3.     The City was served with the Plaintiff's Complaint on or about July 30, 2014.

4.     I was not aware of the alleged claims set forth in the Complaint against the City until I was served with the Complaint.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

- 1 -

By:

Michael M. Muller
Senior Assistant Corporation Counsel
City of Detroit Law Department

Dated: March 21, 2016

**Exhibit 6A – Complaint**

United States District Court

Eastern District of Michigan

Emmanuel Palmer

Plaintiff

Vs.

Wayne County Sheriff's Department,

City of Detroit, John Doe 1

**Case:4:13-cv-15164**
**Judge: Goldsmith, Mark A.**
**MJ: Hluchaniuk, Michael J.**
**Filed: 12-18-2013 At 04:14 PM**
**CMP PALMER V WAYNE COUNTY SHERIFFS,**
**ET AL (EB)**

## COMPLAINT

PARTIES:

Plaintiff

Emmanuel Palmer, current address: 4111 16th St, Ecorse, Michigan, 48229

Defendents

1) Wayne County Sheriffs Department , located in the municipality of Wayne county in the State of Michigan
2) City of Detroit , located in the municipality of Detroit in the State of Michigan
3) John Doe , a police officer

All of the above defendants acted and continue to act under color of state law at all times relevant to this complaint.

PRELIMINARY STATEMENT:

This is a civil rights action filed by Emmanuel Palmer for damages relief under 42 USC sec. 1983 alleging excessive force, and deliberate indifference in violation of the Eighth amendment to the united states constitution, false arrest, false imprisonment, illegal seizure of a motor vehicle, illegal possession of a motor vehicle in violation of the 4th amendment to the united states constitution. The plaintiff also alleges torts of intentional infliction of emotional distress and negligence.

JURISDICTION:

1) The court has jurisdiction over the Plaintiffs claims of violations of Federal Constitutional rights under 42 U.S.C.A. sections 1983, 1331(a), and 1343.

2) The court has supplemental jurisdiction over the plaintiffs state law torts claims under 28 U.S.C.A. sec. 1367.

FACTS:

3) On 12/19/10 the Plaintiff was brutally assaulted by Defendant John Doe during a raid on an after hours club allegedly called "the jump off". Officers from the Wayne Countys Sheriffs Department, the Detroit Police Department and "other agencies"(to be named in complaint once discovered), all raided the club with guns drawn, unannounced, ordering all patrons to the floor including Plaintiff in which Plaintiff complied.

4) As the Plaintiff was laying on the floor of the the club as instructed by police all the Plaintiff could hear was screaming, crying, and police officers cussing and yelling. At one point the Plaintiff looked up and seen an officer yelling at a young lady saying "bitch lay down" while the girl was crying and saying that she was pregnant.

5) At the same time other officers were walking around kicking patrons of the club yelling "on the ground motherfuckers" and as Defendant John Doe got to the Plaintiff, Defendant John Doe kicked the Plaintiff in the shoulder as the Plaintiff was laying on the ground causing great pain. The Plaintiff after being kicked in the shoulder looked up at the officer and stated "im on the ground why did you just kick me", and that's when Defendant John Doe STOMPED THE PLAINTIFF IN THE FACE WITH HIS BOOT. The Plaintiff passed out and awoke sometime later with "zip tie handcuffs" tightly on his wrist causing the Plaintiffs wrist to go cold due to loss of blood in his hands.

6) The Plaintiff then loss conscious again and awoke to officers trying to sit the Plaintiff up. the Plaintiff told the officer that he had been brutally assaulted by being stomped in the face by Defendant John Doe, even showing the officers and other witnesses THE FOOTPRINT ON THE SIDE OF THE PLAINTIFFS FACE and told officers that the Plaintiff needed medical attention because the plaintiffs head was in great pain, the Plaintiff was dizzy and the Plaintiffs shoulder was injured but THE PLAINTIFF WAS DENIED MEDICAL CARE by all officers on duty.

7) About ten minutes later the plaintiff passed out again and awoke on the ground pleading for a doctor and Officer Robert Tourville yelled "leave him there fuck him". At that point the Plaintiff was left on the ground for close to an hour before an "officer" picked the Plaintiff up claiming to be a "doctor" but did nothing and minutes later the Plaintiff passed out again and fell over another patron.

8) After close to 5 hours the Plaintiff was finally release, and issued a ticket for loitering and given a "notice of seizure/intent to forfeit" for the Plaintiffs vehicle. The Plaintiff was finally helped down the street to a local MacDonald's by other patrons and AN AMBULANCE WAS CALLED AND THE PLAINTIFF WAS TAKEN TO THE HOSPITAL.

9) Also on 12/19/10 the Plaintiffs vehicle, a Ford 1999 Econoline van was illegally seized by the Wayne County Sheriff's Department after the raid on the alleged illegal after hours at which the Plaintiff was brutally assaulted. Multiple vehicles were forfeited and the owners of the vehicles received "notice of seizure/intent to forfeit" and all the patrons, including Plaintiff, were issued tickets for loitering.

10) The Plaintiff went to the Wayne County Procuters office to contest the illegal seizure of his motor vehicle within the 30 day timeline to contest in accordance with the "blind pig" law.

11) Sadly it took the Wayne county prosecutor's office 4 ½ months to even issue a summons to Plaintiff for his chance to contest the illegal seizure of his motor vehicle in court. The summons was issued 4/18/2011. The Plaintiff pleaded during the entire 4 ½ month wait with calls and visits to the Wayne county prosecutor's office to release his vehicle.

12) After receiving the summons, the Plaintiff received a complaint in which the Plaintiff learned that the alleged after hours club "the jump off" had been raided before 0n 8/21/10 by the Detroit Police Department and Wayne County Sheriffs. The Plaintiff also found out after the raid on 8/21/10 the club opened up once again and the Detroit Police department and the Wayne County Sheriffs conducted surveillance on several dates leading up to the raid in question on 12/19/10 but even after that raid the club was opened again and WAS RAIDED AGAIN on 3/27/11.

13) On 5/21/11 the Plaintiff filed and answer to the complaint filed by the Wayne county prosecutor's office in which the Plaintiff stated the case has no merit, and that his vehicle was illegally seized.

14) ON 8/10/11 THE TICKET FOR "LOITERING IN A PLACE OF ILLGAL OCCUPATION "WAS DISSMISSED!!!!

15) On 9/19/11, after 9 months, the Plaintiff finally had his day in court in front of the Honorable Judge Virgil C. Smith, in which the judge ordered that "THE PLANTIFFS VEHICLE BE RETURNED WITH NO STORING FEES OR COST", and the Plaintiff finally had his vehicle back in his possession.

CAUSE OF ACTION:

16) The actions of Defendant John Doe of brutally assaulting the Plaintiff by kicking the plaintiff in the shoulder then stomping the Plaintiff in the face with his boot , which resulted in the Plaintiff needing medical attention and emotional counseling, is a clear use of excessive force in violation to the Eighth Amendment to the United States Constitution.

17) The policy and/or custom of the Wayne County Sheriff's Department, the Detroit Police Department and yet unknown defendants of allowing and/or failing to stop the use of excessive force contributed to and/or proximately caused the Plaintiff to be brutally assaulted resulting in serious injury by its officer in violation of the Eighth Amendment to the United States Constitution and negligence.

18) The policy and/or custom of the Wayne County Sheriff's Department, the Detroit Police Department and yet unknown defendants of seizing the Plaintiff without probable cause caused the Plaintiff to be falsely arrested and/or falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

19) The policy and/or custom of the Wayne County Sheriff's Department, the Detroit Police Department and yet unknown defendants of being deliberately indifferent to the Plaintiffs serious medical needs after the Plaintiff was kicked in the shoulder and stomped in the face and after repeated request by the Plaintiff to see a doctor clearly contributed to and/or proximately caused the violation of the Plaintiffs Eighth Amendment rights and/or negligence.

20) The policy and/or custom of the Wayne County Sheriff's Department, the Detroit Police Department and yet unknown defendants of seizing the Plaintiffs vehicle, pursuant to M.C.L. 600.3801 et seq., without a violation of any ELEMENTS of M.C.L. 600.3801 et seq., resulted in the Plaintiffs vehicle being illegally seized without PROBABLE CAUSE , therefore contributed to and/or proximately caused the violation of the Plaintiffs right to be free from illegal government seizures in violation of the Fourth Amendment to the United States Constitution and/or negligence.

21) The policy and/or custom of the Wayne County Sheriffs, the Detroit Police Department and yet unknown defendants of knowingly allowing "the jump off" to continue to run as an alleged illegal "blind pig" and/or failing to stop "the jump off" from running as an alleged illegal "blind pig" in a conspiracy by the above defendants to forfeit vehicles to raise revenue , resulted in the Plaintiff being brutally assaulted and/or the Plaintiffs vehicle being seized without PROBABLE CAUSE in violation of the Eighth and Fourth Amendments to the United States Constitution, intentional infliction of emotional distress and/or negligence.

RELIEF:

22) $10,000,000 jointly and/or separately for the violation of the Eight Amendment by the Wayne County Sheriff's Department, the Detroit Police Department , yet unknown defendants and Defendant John Doe.

23) $10,000,000 jointly and/or separately for the Fourth Amendment violations by the Wayne County Sheriff's Department, the Detroit Police Department and yet unknown defendants.

24) $10,000,000 jointly and/or separately for the intentional infliction of emotional distress and/or negligence by the Wayne County Sheriff's Department, the Detroit Police Department and yet unknown defendants.

Respecfully Submitted ,

Emanuel C. Palmer

4111 16th St.

Ecorse , Mi 48229

# New Lawsuit Check List

**Instructions: Put a check mark in the box next to each appropriate entry to be sure you have all the required documents.**

| | |
|---|---|
| ☑ | Two (2) completed **Civil Cover Sheets**. |

| | | |
|---|---|---|
| ☑ | Enter the number **of defendants named in your lawsuit** in the blank below, add 2 and then enter the total in the blank.  ___3___ + 2 = ___✓___ **Complaints**. <br># of Defendants      Total <br><br>Received by Clerk: ___ Addresses are complete: ___ | Case:4:13-cv-15164 <br>Judge: Goldsmith, Mark A. <br>MJ: Hluchaniuk, Michael J. <br>Filed: 12-18-2013 At 04:14 PM <br>CMP PALMER V WAYNE COUNTY SHERIFFS, ET AL (EB) |

| | |
|---|---|
| ☐ | If any of your defendants are **government agencies**: <br>Provide two (2) extra copies of the **complaint** for the U.S. Attorney and the Attorney General. |

| **If Paying the Filing Fee** | **If Asking That The Filing Fee Be Waived** |
|---|---|
| ☐ Current new civil action filing fee is attached. <br><br>Fees may be paid by check or money order made out to: <br><br>*Clerk, U.S. District Court* <br><br>Received by Clerk: ___ Receipt #: ___ | ☑ Two (2) completed **Application to Proceed in District Court without Prepaying Fees or Costs** forms. <br><br><br>Received by Clerk: ___ |

**Select the Method of Service you will employ to notify your defendants:**

| **Service via Summons by Self** | **Service by U.S. Marshal** <br>(Only available if fee is waived) | **Service via Waiver of Summons** <br>(U.S. Government cannot be a defendant) |
|---|---|---|
| ☐ Two (2) completed **summonses** for each defendant including each defendant's name and address. <br><br><br><br><br><br>Received by Clerk: ___ <br>*NO* | ☐ Two (2) completed **USM – 285 Forms** per defendant, if you are requesting the U.S. Marshal conduct service of your complaint. <br><br>☐ Two (2) completed **Request for Service by U.S. Marshal form**. <br><br>Received by Clerk: ___ <br>*NO* | You need not submit any forms regarding the Waiver of Summons to the Clerk. <br><br>Once your case has been filed, or the Application to Proceed without Prepaying Fees and Costs has been granted, you will need: <br>• One (1) **Notice of a Lawsuit and Request to Waive Service of a Summons** form per defendant. <br>• Two (2) **Waiver of the Service of Summons** forms per defendant. <br><br>Send these forms along with your filed complaint and a self-addressed stamped envelope to each of your defendants. |

**Clerk's Office Use Only**

Note any deficiencies here:

Rev. 4/13

(Rev. 12/12)

# CIVIL COVER SHEET

County in which action arose _____

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS** Emmanuel C. Palmer
4111 16th St. Ecorse, Michigan
48229

**(b)** County of Residence of First Listed Plaintiff  Wayne
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS** Wayne County Sheriffs, Detroit
Police Department, and John Doe 1

County of Residence of First Listed Defendant  Wayne
*(IN U.S. PLAINTIFF CASES ONLY)*

Case: 4:13-cv-15164
Judge: Goldsmith, Mark A.
MJ: Hluchaniuk, Michael J.
Filed: 12-18-2013 At 04:14 PM
CMP PALMER V WAYNE COUNTY SHERIFFS, ET AL (EB)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only)* and One Box for Defendant

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☒ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1983 Civil Rights
Brief description of cause: Police Misconduct

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 10,000 USC

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE 12/17/13    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?                    ☐ Yes
                                                                                  ☑ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____


2.          Other than stated above, are there any pending or previously
            discontinued or dismissed companion cases in this or any other       ☐ Yes
            court, including state court? (Companion cases are matters in which   ☑ No
            it appears substantially similar evidence will be offered or the same
            or related parties are present and the cases arise out of the same
            transaction or occurrence.)

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____


Notes :
_____

**Exhibit 6B – Process Receipt and Return**

MIED (Rev. 12/13/10) Acknowledgment of Receipt of Documents – Non-Prisoner – Summons

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Emmanuel Palmer,

           Plaintiff(s),

v.

Wayne County Sheriff's Department, et al,

           Defendant(s).

_____/

Case No.  13-15164

Judge  Mark A. Goldsmith

Magistrate Judge  Michael J. Hluchaniuk

**ACKNOWLEDGMENT OF RECEIPT OF DOCUMENTS**

The following documents were delivered to the United States Marshals for service of process:

1) Order Directing Service/Reservice dated 7/24/2014              ;

2) USM 285 and Summons form(s);

3)  2  copy(ies) of Complaint.

Date:  July 25, 2014                                 s/  T McGovern
                                                                    Deputy Clerk

**ACKNOWLEDGMENT**

UNITED STATES MARSHAL SERVICE

Date:  7/30/14                                 _Tanya Miller_
                                                              Signature or Stamp

**U.S. Department of Justice**
United States Marshals Service

# PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Emmanuel Palmer | 13-15164 |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| Wayne County Sheriff's Department, et al | summons and complaint |

**SERVE AT** {

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
Wayne County Sheriff Department

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
3100 S Henry Ruff Rd, Westland, MI 48186

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Emmanuel Palmer<br>3888 19th Street<br>Ecorse, MI 48229 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 2 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                                 Fold

| Signature of Attorney other Originator requesting service on behalf of: | [X] PLAINTIFF<br>[ ] DEFENDANT | TELEPHONE NUMBER | DATE<br>7/25/14 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I [ ] have personally served , [ ] have legal evidence of service, [ ] have executed  as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

[ ] I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | | | |
|---|---|---|---|
| | [ ] A person of suitable age and discretion then residing in defendant's usual place of abode | | |
| Address *(complete only different than shown above)* | Date | Time | [ ] am<br>[ ] pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | **$0.00** |

REMARKS:

| **PRINT 5 COPIES:** | 1. CLERK OF THE COURT<br>2. USMS RECORD<br>3. NOTICE OF SERVICE<br>4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,<br>if any amount is owed. Please remit promptly payable to U.S. Marshal.<br>5. ACKNOWLEDGEMENT OF RECEIPT | PRIOR EDITIONS MAY BE USED |
|---|---|---|

Form USM-285
Rev. 12/80

| U.S. Department of Justice<br>United States Marshals Service | PROCESS RECEIPT AND RETURN<br>*See "Instructions for Service of Process by U.S. Marshal"* |
|---|---|

| PLAINTIFF<br>Emmanuel Palmer | COURT CASE NUMBER<br>13-15164 |
|---|---|
| DEFENDANT<br>Wayne County Sheriff's Department, et al | TYPE OF PROCESS<br>summons and complaint |

**SERVE AT** {

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
City of Detroit

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
Coleman A. Young Municipal Center 2 Woodward Avenue - 5th floor Detroit, MI 48226

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Emmanuel Palmer<br>3888 19th Street<br>Ecorse, MI 48229 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 2 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (*Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service*):

Fold                                                                                      Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE<br>7/25/14 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin<br>No. | District to Serve<br>No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed  as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode |
|---|---|
| Address *(complete only different than shown above)* | Date | Time | ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | | |

| Service Fee | Total Mileage Charges including *endeavors)* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*)<br>**$0.00** |
|---|---|---|---|---|---|

REMARKS:

| **PRINT 5 COPIES:** | 1. CLERK OF THE COURT<br>2. USMS RECORD<br>3. NOTICE OF SERVICE<br>4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,<br>if any amount is owed. Please remit promptly payable to U.S. Marshal.<br>5. ACKNOWLEDGMENT OF RECEIPT | PRIOR EDITIONS MAY BE USED<br><br>Form USM-285<br>Rev. 12/80 |
|---|---|---|

**<u>Exhibit 6C – Notice of Suggestion of Bankruptcy and Automatic Stay</u>**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EMMANUEL PALMER,

      Plaintiff,

v

                                   Honorable: Mark A. Goldsmith
                                   Magistrate: Michael J. Hluchaniuk

WAYNE COUNTY SHERIFF'S          Case No. 4:13-cv-15164
DEPARTMENT;  CITY OF
DETROIT;  JOHN DOE 1,

      Defendants.

---

Emmanuel Palmer                      Michael M. Muller (P-38070)
In Pro Per                            Attorney for City of Detroit
3888 19th Street                    2 Woodward Avenue, Ste. 500
Ecorse, MI 48229                 Detroit, MI 48226
                                        (313) 237-5052

---

## NOTICE OF SUGGESTION OF BANKRUPTCY CASE AND APPLICATION OF THE AUTOMATIC STAY

    **PLEASE TAKE NOTICE THAT**, on July 18, 2013 (the "Petition Date"),

the City of Detroit, Michigan (the "City") filed a petition for relief under chapter 9

of title 11 of the United States Code (the "Bankruptcy Code"). The City's bankruptcy

case is captioned *In re City of Detroit, Michigan*, Case No. 13-53846, (Bankr. E.D.

Mich.) (the "Chapter 9 Case"), and is pending in the United States Bankruptcy Court

for the Eastern District of Michigan (the "Bankruptcy Court"). A copy of the voluntary petition filed with the Bankruptcy Court commencing the Chapter 9 Case is attached hereto as Exhibit A.

      **PLEASE TAKE FURTHER NOTICE THAT**, in accordance with the automatic stay imposed by operation of sections 362 and 922 of the Bankruptcy Code (the "Stay"), from and after the Petition Date, no act to (i) exercise control over property of the City or (ii) collect, assess or recover a claim against the City that arose before the commencement of the Chapter 9 Case may be commenced or continued against the City without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose. Also, see Stay Order dated July 25, 2013, entered by Judge Steven Rhodes attached hereto and marked as Exhibit B.

      **PLEASE TAKE FURTHER NOTICE THAT**, in accordance with the Stay, from and after the Petition Date, no cause of action arising prior to, or relating to the period prior to, the Petition Date may be commenced or continued against (i) the City, in any judicial, administrative or other action or proceeding, or (ii) an officer or inhabitant of the City, in any judicial, administrative or other action or proceeding that seeks to enforce a claim against the City, and no related judgment or order may be entered or enforced against the City outside of the Bankruptcy Court without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

**PLEASE TAKE FURTHER NOTICE THAT** actions taken in violation of the Stay, and judgments or orders entered or enforced against the City, or its officers or inhabitants to enforce a claim against the City, while the Stay is in effect, are void and without effect.

**PLEASE TAKE FURTHER NOTICE THAT** neither the Bankruptcy Court nor the United States District Court for the Eastern District of Michigan has issued an order lifting or modifying the Stay for the specific purpose of allowing any party to the above-captioned proceeding to commence or continue any cause of action against the City or its officers or inhabitants. As such, the above-captioned proceeding may not be prosecuted, and no valid judgment or order may be entered or enforced against the City or its officers or inhabitants.

**PLEASE TAKE FURTHER NOTICE THAT**, in light of the foregoing, the City will not defend against, or take any other action with respect to, the above-captioned proceeding while the Stay remains in effect.

**PLEASE TAKE FURTHER NOTICE THAT** the City hereby expressly reserves all rights with respect to the above-captioned proceeding, including, but not limited to, the right to move to vacate any judgment entered in the above-captioned proceeding as void.

Respectfully submitted,

/s/Michael M. Muller
**MICHAEL M. MULLER (P-38070)**
**Senior Assistant Corporation Counsel**
2 Woodward Avenue, Suite 500
Detroit, MI 48226
Dated: August 5, 2014                (313) 237-5052

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EMMANUEL PALMER,

        Plaintiff,

v

                              Honorable: Mark A. Goldsmith
                              Magistrate: Michael J. Hluchaniuk

WAYNE COUNTY SHERIFF'S      Case No. 4:13-cv-15164
DEPARTMENT;  CITY OF
DETROIT;  JOHN DOE 1,

        Defendants.

---

Emmanuel Palmer                      Michael M. Muller (P-38070)
In Pro Per                               Attorney for City of Detroit
3888 19th Street                    2 Woodward Avenue, Ste. 500
Ecorse, MI 48229                  Detroit, MI 48226
                                       (313) 237-5052

---

## <u>PROOF OF SERVICE</u>

      The undersigned certifies that a copy of **Notice of Suggestion of Bankruptcy Case and Application of the Automatic Stay** and this **Proof of Service** was served on the attorneys of record to the above cause by mailing the same to him at the address set forth in his complaint on **August 5, 2014.**

      I declare that the statements above are true to the best of my information, knowledge and belief.

                        /s/ **Michael M. Muller**

Revised 05/08

# UNITED STATES BANKRUPTCY COURT
### Eastern District of Michigan

In re:

**City of Detroit, Michigan,**

Case No. 13-_____

_____ Debtor. _____/

## BANKRUPTCY PETITION COVER SHEET

(The debtor must complete and file this form with the petition in every bankruptcy case. Instead of filling in the boxes on the petition requiring information on prior and pending cases, the debtor may refer to this form.)

### Part 1

"Companion cases," as defined in L.B.R. 1073-1(b), are cases involving any of the following: (1) The same debtor; (2) A corporation and any majority shareholder thereof; (3) Affiliated corporations; (4) A partnership and any of its general partners; (5) An individual and his or her general partner; (6) An individual and his or her spouse; or (7) Individuals or entities with any substantial identity of financial interest or assets.

Has a "companion case" to this case ever been filed at any time in this district or any other district?  Yes ___   No **X**
**(If yes, complete Part 2.)**

### Part 2

For each companion case, state in chronological order of cases:

*Not applicable*

If the present case is a Chapter 13 case, state for each companion case:

*Not applicable*

### Part 3 - In a Chapter 13 Case Only

The Debtor(s) certify, re: 11 U.S.C. § 1328(f):          *Not Applicable*
   **[indicate which]**

    ☐ Debtor(s) received a discharge issued in a case filed under Chapter 7, 11, or 12 during the 4-years before filing this case.

    ☐ Debtor(s) did **not** receive a discharge issued in a case filed under Chapter 7, 11, or 12 during the 4-years before filing this case.

    ☐ Debtor(s) received a discharge in a Chapter 13 case filed during the 2-years before filing this case.

    ☐ Debtor(s) did **not** receive a discharge in a Chapter 13 case filed during the 2-years before filing this case.

I declare under penalty of perjury that I have read this form and that it is true and correct to the best of my information and belief.

| | | |
|---|---|---|
| Kevyn D. Orr | David G. Heiman (OH 0038271) | Jonathan S. Green (MI P33140) |
| Emergency Manager | Heather Lennox (OH 0059649) | Stephen S. LaPlante (MI P48063) |
| City of Detroit | JONES DAY | MILLER, CANFIELD, PADDOCK |
| | North Point | AND STONE, P.L.C. |
| | 901 Lakeside Avenue | 150 West Jefferson |
| | Cleveland, OH 44114 | Suite 2500 |
| | Telephone: (216) 586-3939 | Detroit, MI 48226 |
| | Facsimile: (216) 579-0212 | Telephone: (313) 963-6420 |
| | dgheiman@jonesday.com | Facsimile: (313) 496-7500 |
| | hlennox@jonesday.com | green@millercanfield.com |
| | | laplante@millercanfield.com |
| | Bruce Bennett (CA 105430) | |
| | JONES DAY | |
| | 555 South Flower Street | |
| | Fiftieth Floor | |
| | Los Angeles, CA 90071 | |
| | Telephone: (213) 243-2382 | |
| | Facsimile: (213) 243-2539 | |
| | bbennett@jonesday.com | |

Date: July 18, 2013

ATTORNEYS FOR THE CITY OF DETROIT, MICHIGAN

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF MICHIGAN | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**City of Detroit, Michigan** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>38-6004606 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**2 Woodward Avenue**<br>**Suite 1126**<br>**Detroit, Michigan**<br>ZIP CODE 48226 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Wayne** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☒ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>**Municipality** | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7<br>☒ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13<br>☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."<br>☒ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☒ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>**City of Detroit, Michigan** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐  Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☒  Yes, and Exhibit C is attached and made a part of this petition.

☐  No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)                                                                                                          Page 3

| Voluntary Petition _(This page must be completed and filed in every case.)_ | Name of Debtor(s): **City of Detroit, Michigan** |
|---|---|

### Signatures

<table>
<tr>
<td>

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition signer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Debtor

X _____
   Signature of Joint Debtor

   Telephone Number (if not represented by attorney)

   Date

</td>
<td>

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐   I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐   Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

   (Printed Name of Foreign Representative)

</td>
</tr>
<tr>
<td>

**Signature of Attorney***

X _~~Signature~~_ 
   Signature of Attorney for Debtor(s)

David G. Heiman   Bruce Bennett   Jonathan S. Green
Heather Lennox   JONES DAY   Stephen S. LaPlante
JONES DAY   555 South Flower Street   MILLER, CANFIELD
North Point   Fiftieth Floor   PADDOCK AND STONE,
901 Lakeside Avenue   Los Angeles, CA 90071   P.L.C.
Cleveland, OH 44114   Tel: (213) 243-2382   150 West Jefferson
Tel: (216) 586-3939   Fax: (213) 243-2539   Suite 2500
Fax: (216) 579-0212   bbennett@jonesday.com   Detroit, MI 48226
dgheiman@jonesday.com      Tel: (313) 963-6420
hlennox@jonesday.com      Fax: (313) 496-7500
      green@millercanfield.com
      laplante@millercanfield.com

_July 18, 2013_
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

</td>
<td rowspan="2">

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

Printed Name and title, if any, of Bankruptcy Petition Preparer

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

Address

X _____
   Signature

   Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

_A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156._

</td>
</tr>
<tr>
<td>

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _~~Signature~~_
   Signature of Authorized Individual

   Kevyn D. Orr
   Printed Name of Authorized Individual

   Emergency Manager, City of Detroit
   Title of Authorized Individual

   July 18, 2013
   Date

</td>
</tr>
</table>

B 1C (Official Form 1, Exhibit C) (9/01)

*[If, to the best of the debtor's knowledge, the debtor owns or has possession of property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety, attach this Exhibit "C" to the petition.]*

# UNITED STATES BANKRUPTCY COURT

### Eastern District of Michigan

| | | | |
|---|---|---|---|
| In re | City of Detroit, Michigan,_____ , | ) | Case No.  13-_____ |
| | Debtor. | ) | |
| | | )· | |
| | | ) | Chapter  9 |

## EXHIBIT "C" TO VOLUNTARY PETITION

1. Identify and briefly describe all real or personal property owned by or in possession of the debtor that, to the best of the debtor's knowledge, poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

Certain properties owned by City of Detroit, Michigan (the "City") have been (a) identified by the City as being structurally unsound and in danger of collapse and (b) scheduled for demolition (collectively, the "Demolition Properties"). The Demolition Properties may pose a threat of imminent harm to public health and/or safety. A list of the Demolition Properties is attached hereto as Schedule 1.

To its knowledge, the City currently does not own any property that is a Superfund Site as designated by the United States Environmental Protection Agency. The City currently owns (in whole or in part) various so-called "Brownfields properties" (collectively, the "Brownfields Properties") regulated by the Michigan Department of Environmental Quality. Currently, one or more private parties (rather than the City) are addressing any identified environmental conditions that might be present at the Brownfields Properties. To the City's knowledge, none of the Brownfields Properties are alleged to pose a threat of imminent and identifiable harm to the public health or safety. A representative list of certain Brownfields Properties is attached hereto as Schedule 2.

In addition to the foregoing, the City owns or is possession of approximately 60,000 parcels of land within the City's geographic boundaries and more than 7,000 vacant structures that are not designated as Demolition Properties or Brownfields Properties (collectively, the "Blighted Properties"). It is possible that some of the Blighted Properties could pose a threat to public health or safety. Although the City is not aware of any Blighted Properties currently posing a threat of "imminent and identifiable harm," the City notes the existence of these properties on this Exhibit C out of an abundance of caution.

2. With respect to each parcel of real property or item of personal property identified in question 1, describe the nature and location of the dangerous condition, whether environmental or otherwise, that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety (attach additional sheets if necessary):

See attached Schedule 1 with respect to the Demolition Properties and the attached Schedule 2 with respect to the Brownfields Properties.

## SCHEDULE 1

### City of Detroit, Michigan Demolition Properties

| Street Address | Property Type | | Street Address | Property Type |
|---|---|---|---|---|
| 3922 14th | Residential | | 20245 Derby | Residential |
| 3654 30th | Residential | | 125 Dey | Residential |
| 12032 Abington | Residential | | 14190 Dolphin | Residential |
| 2668 Anderdon | Residential | | 229 Edmund Pl. | Commercial |
| 821 Anderson | Commercial | | 3333 Edsel | Residential |
| 13501 Appoline | Residential | | 203 Erskine | Residential |
| 7593 Arcola | Residential | | 209 Erskine | Residential |
| 14125 Ardmore | Residential | | 4417 Ewers | Residential |
| 13476 Arlington | Residential | | 19332 Exeter | Residential |
| 13544 Arlington | Residential | | 19339 Exeter | Residential |
| 10384 Aurora | Residential | | 20467 Exeter | Residential |
| 2457 Beaubien | Commercial | | 1731 Fischer | Residential |
| 2486 Beaubien | Residential | | 13556 Fleming | Residential |
| 14371 Bentler | Residential | | 7666 W. Fort | Commercial |
| 5317 Bewick | Residential | | 5334 French Rd. | Residential |
| 19411 Blake | Residential | | 6007 Frontenac | Commercial |
| 19700 Bloom | Residential | | 18627 Gable | Residential |
| 6072 Braden | Residential | | 3727 Garland | Residential |
| 9665 Broadstreet | Residential | | 3917 Garland | Residential |
| 9616 Bryden | Residential | | 4466 Garland | Residential |
| 6810 Bulwer | Commercial | | 4470 Garland | Residential |
| 1454 Burlingame | Residential | | 4003 Gilbert | Residential |
| 13469 Caldwell | Residential | | 12511 Glenfield | Residential |
| 2009 Campbell | Residential | | 14232 Goddard | Residential |
| 14203 E. Canfield | Residential | | 14239 Goddard | Residential |
| 19221 Cardoni | Residential | | 11648 Grandmont | Residential |
| 19324 Carrie | Residential | | 5801 Grandy [1] | Commercial |
| 7626 Central | Residential | | 5801 Grandy [2] | Commercial |
| 2535 Chalmers | Residential | | 2937 Grant | Residential |
| 8115 Chamberlain | Residential | | 5589 Guilford | Residential |
| 13199 Charest | Residential | | 222 S. Harbaugh | Residential |
| 20190 Charleston | Residential | | 2900 Harding | Residential |
| 3164 Charlevoix | Commercial | | 8815 Harper | Commercial |
| 5083 Chatsworth | Residential | | 17226 Hasse | Residential |
| 5717 Chene | Commercial | | 7975 Hathon | Residential |
| 3636 Cicotte | Residential | | 19227 Havana | Residential |
| 3032 Clements | Residential | | 19309 Havana | Residential |
| 1117 Concord | Residential | | 19321 Havana | Residential |
| 6628 Crane | Residential | | 19397 Havana | Residential |
| 1243 Crawford | Residential | | 7886 Helen | Residential |
| 2012 Dalzelle | Residential | | 6200 Hereford | Residential |
| 20258 Danbury | Residential | | 9905 Herkimer | Residential |
| 7787 Dayton | Residential | | 1955 Highland | Residential |
| 8475 Dearborn | Residential | | 1778 Holcomb | Residential |
| 1950 Dearing | Residential | | 4407 Holcomb | Residential |
| 1956 Dearing | Residential | | 4412 Holcomb | Residential |
| 1960 Dearing | Residential | | 7202 Holmes | Residential |
| 2027 Dearing | Residential | | 9278 Holmur | Residential |
| 8839 Dennison | Residential | | 19925 Hoover | Commercial |

| Street Address | Property Type |
|---|---|
| 6360  Horatio | Residential |
| 15518  Idaho [1] | Commercial |
| 15518  Idaho [2] | Commercial |
| 12748  Ilene | Residential |
| 20136  Ilene | Residential |
| 15778  Iliad | Residential |
| 5290  Ivanhoe | Residential |
| 6435  Julian | Commercial |
| 8545  Kenney | Residential |
| 13989  Kentucky | Residential |
| 13301  Kercheval | Commercial |
| 5925  Kopernick | Residential |
| 17137  Lamont | Residential |
| 17208  Lamont | Residential |
| 3839  Lanman | Residential |
| 5206  Lawndale | Residential |
| 2194  Lemay | Residential |
| 3958  Lemay | Residential |
| 1601  Liddesdale | Residential |
| 1029  Liebold | Residential |
| 5065  Lillibridge | Residential |
| 15744  Livernois | Commercial |
| 12558  Longview | Residential |
| 12767  Loretto | Residential |
| 8881  Louis | Residential |
| 13441  Lumpkin | Residential |
| 14242  Mack (a/k/a 3181 Lakewood) | Commercial |
| 12368  MacKay | Residential |
| 12393  MacKay | Residential |
| 12398  MacKay | Residential |
| 13569  MacKay | Residential |
| 13909  MacKay | Residential |
| 13927  MacKay | Residential |
| 13952  MacKay | Residential |
| 13977  MacKay | Residential |
| 13983  MacKay | Residential |
| 459  Manistique | Residential |
| 12000  Mansfield | Residential |
| 8129  Marcus | Residential |
| 4588  Marseilles | Residential |
| 9343  N. Martindale | Residential |
| 8320  Maxwell | Residential |
| 8326  Maxwell | Residential |
| 4766  McDougall | Commercial |
| 2122  Meade | Residential |
| 2420  Meade | Residential |
| 3697  Medbury | Residential |
| 11654  Meyers | Residential |
| 8911  Milner | Residential |
| 2652  Norman | Residential |
| 10002  Nottingham | Residential |

| Street Address | Property Type |
|---|---|
| 5115  Nottingham | Residential |
| 8811  Olivet | Residential |
| 8917  Otsego | Residential |
| 15799  Parkside | Residential |
| 18401  Pembroke | Residential |
| 11172  Promenade | Residential |
| 2101  Puritan | Commercial |
| 5807  Renville | Residential |
| 1957  Richton | Residential |
| 534  W. Robinwood | Residential |
| 6119  Rohns | Residential |
| 14381  Rosa Parks Blvd. | Unknown |
| 11735  Rutherford | Residential |
| 6835  Seminole | Residential |
| 5737  E. Seven Mile | Commercial |
| 2008  Sharon | Residential |
| 13422  Shields | Residential |
| 10201  Shoemaker | Commercial |
| 10956  Shoemaker | Commercial |
| 6750  Sparta | Residential |
| 14291  Spring Garden | Commercial |
| 4467  St. Clair | Residential |
| 6915  St. John | Residential |
| 7180  St. John | Residential |
| 18805  St. Louis | Commercial |
| 1928  Stanley | Residential |
| 12746  Strasburg | Residential |
| 8104  Thaddeus | Residential |
| 4832  Toledo | Residential |
| 6195  Townsend | Residential |
| 9778  Traverse | Residential |
| 17231  Trinity | Residential |
| 2634  Tuxedo | Residential |
| 2522-4  Tyler | Residential |
| 2660  Tyler | Residential |
| 9526  Van Dyke | Commercial |
| 2030  Vinewood | Residential |
| 5757  Vinewood | Commercial |
| 15451  Virgil | Residential |
| 15300  E. Warren (Bldgs. 101 & 102) | Commercial |
| 64  Watson | Commercial |
| 6414  Willette | Unknown |
| 4364  Woodhall | Residential |
| 11640  Woodmont | Residential |
| 12075  Woodmont | Residential |
| 12136  Woodmont | Residential |
| 12153  Woodmont | Residential |
| 11365  Yosemite | Residential |
| 11402  Yosemite | Residential |

-3-

## SCHEDULE 2

### City of Detroit, Michigan Brownfields Properties

| Name of Site | Description |
|---|---|
| Former Detroit Coke Site | 7819 West Jefferson Avenue |
| Belleview Development (Uniroyal) Site | 600 East Jefferson.  43-acre former Uniroyal site located in the East Riverfront District, bounded by Jefferson  Avenue (to the north), MacArthur Bridge (to the east), Detroit River (to the south) and Meldrum Street (to the west). |
| Riverside Park Site | 3085 West Jefferson Avenue.  West Grand Boulevard and 24th Street along the Detroit River. |



# EMERGENCY MANAGER
# CITY OF DETROIT

### ORDER No. 13

### FILING OF A PETITION UNDER CHAPTER 9
### OF TITLE 11 OF THE UNITED STATES CODE

BY THE AUTHORITY VESTED IN THE EMERGENCY MANAGER
FOR THE CITY OF DETROIT
PURSUANT TO MICHIGAN'S PUBLIC ACT 436 OF 2012,
KEVYN D. ORR, THE EMERGENCY MANAGER,
ISSUES THE FOLLOWING ORDER:

*Whereas*, on March 28, 2013, Michigan Public Act 436 of 2012 ("PA 436") became effective and Kevyn D. Orr became the Emergency Manager (the "EM") for the City of Detroit (the "City") with all the powers and duties provided under PA 436; and

Pursuant to section 9(2) of PA 436, the EM "shall act for and in the place and stead of" the Detroit Mayor and City Council; and

Section 9(2) of PA 436 also grants the EM "broad powers in receivership to rectify the financial emergency and to assure the fiscal accountability of the [City] and the [City's] capacity to provide or cause to be provided necessary governmental services essential to the public health, safety, and welfare;" and

Pursuant to section 10(1) of PA 436, the EM may "issue to the appropriate local elected and appointed officials and employees, agents, and contractors of the local government the orders the [EM] considers necessary to accomplish the purposes of this act;" and

Section 18(1) of PA 436 provides that "[i]f, in the judgment of the [EM], no reasonable alternative to rectifying the financial emergency of the local government which is in receivership exists, then the [EM] may recommend to the governor and the

state treasurer that the local government be authorized to proceed under chapter 9" of title 11 of the United States Code (the "Bankruptcy Code"); and

Section 18(1) of PA 436 further provides that "[i]f the governor approves of the [EM's] recommendation, the governor shall inform the state treasurer and the emergency manager in writing of the decision.... Upon receipt of the written approval, the emergency manager is authorized to proceed under chapter 9 [of the Bankruptcy Code]. This section empowers the local government for which an emergency manager has been appointed to become a debtor under [the Bankruptcy Code], as required by section 109 of [the Bankruptcy Code], and empowers the emergency manager to act exclusively on the local government's behalf in any such case under chapter 9" of the Bankruptcy Code; and

In accordance with section 18 of PA 436, the EM has recommended to the Governor of Michigan (the "Governor") and the Michigan State Treasurer (the "State Treasurer") that the City be authorized to proceed under chapter 9 of the Bankruptcy Code (the "Recommendation"); and

The Governor has provided the State Treasurer and the EM with his written approval of the Recommendation, a true and correct copy of which is attached hereto as Exhibit A, thereby authorizing the City to proceed under chapter 9.

**It is hereby ordered that:**

1. The City shall file a petition for relief under chapter 9 of the Bankruptcy Code (the "Petition") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court").

2. The City's Corporation Counsel, financial advisors, outside legal advisors and other officers and employees of the City, as applicable, are hereby authorized and directed, on behalf of and in the name of the City, to execute and verify the Petition and related Bankruptcy Court filings and perform any and all such acts as are reasonable, appropriate, advisable, expedient, convenient, proper or necessary to carry out this Order, as and to the extent directed by the EM or his designee.

3. If any component of this Order is declared illegal, unenforceable or ineffective in a legal or other forum or proceeding such component shall be deemed severable so that all other components contained in this Order shall remain valid and effective.

4. This Order is effective immediately upon the date of execution below.

5. This Order shall be distributed to the Mayor, City Council members and all department heads.

6. The EM may modify, rescind, or replace this Order at any time.

Dated:   July 18, 2013                By: _____
                                           Kevyn D. Orr
                                           Emergency Manager
                                           City of Detroit

cc:      State of Michigan Department of Treasury
         Mayor David Bing
         Members of Detroit City Council

3

# EXHIBIT A

## Governor's Written Approval of Recommendation



STATE OF MICHIGAN
EXECUTIVE OFFICE
LANSING

RICK SNYDER
GOVERNOR

BRIAN CALLEY
LT. GOVERNOR

VIA HAND AND ELECTRONIC DELIVERY

July 18, 2013

Kevyn D. Orr
Emergency Manager
City of Detroit
Coleman A. Young Municipal Center
2 Woodward Ave., Suite 1126
Detroit, MI 48226

Andrew Dillon
State Treasurer
Michigan Department of Treasury
4th Floor Treasury Building
430 W. Allegan Street
Lansing, MI 48992

Re: Authorization to Commence Chapter 9 Bankruptcy Proceeding

Dear Mr. Orr and Mr. Dillon,

I have reviewed Mr. Orr's letter of July 16, 2013, requesting my approval of his recommendation to commence a bankruptcy proceeding for the City of Detroit under Chapter 9 of title 11 of the United States Code. As you know, state law requires that any such recommendation must first be approved by the Governor before the emergency manager may take that step. MCL 141.1558. For the reasons discussed below, I hereby approve that recommendation and authorize Mr. Orr to make such a filing.

## Current Financial Emergency

In reviewing Mr. Orr's letter, his Financial and Operating Plan, and his report to creditors, it is clear that the financial emergency in Detroit cannot be successfully addressed outside of such a filing, and it is the only reasonable alternative that is available. In other words, the City's financial emergency cannot be satisfactorily rectified in a reasonable period of time absent this filing.

I have reached the conclusion that this step is necessary after a thorough review of all the available alternatives, and I authorize this necessary step as a last resort to return this great City to financial and civic health for its residents and taxpayers. This decision comes in the wake of 60 years of decline for the City, a period in which reality was often

GEORGE W. ROMNEY BUILDING • 111 SOUTH CAPITOL AVENUE • LANSING, MICHIGAN 48909
www.michigan.gov
13-53846-tjt Doc 10988 Filed 08/29/16 Entered 08/29/16 06:27:21 Page 57 of 166
13-53846 Doc 0988 Filed 07/18/13 Entered 07/18/13 06:22:21 Page 57 of 166

July 18, 2013

ignored. I know many will see this as a low point in the City's history. If so, I think it will also be the foundation of the City's future – a statement I cannot make in confidence absent giving the City a chance for a fresh start, without burdens of debt it cannot hope to fully pay. Without this decision, the City's condition would only worsen. With this decision, we begin to provide a foundation to rebuild and grow Detroit.

Both before and after the appointment of an emergency manager, many talented individuals have put enormous energy into attempting to avoid this outcome. I knew from the outset that it would be difficult to reverse 60 years of decline in which promises were made that did not reflect the reality of the ability to deliver on those promises. I very much hoped those efforts would succeed without resorting to bankruptcy. Unfortunately, they have not. We must face the fact that the City cannot and is not paying its debts as they become due, and is insolvent.

After reading Mr. Orr's letter, the Financial and Operating Plan, and the report to creditors, I have come to four conclusions.

1. Right now, the City cannot meet its basic obligations to its citizens.

2. Right now, the City cannot meet its basic obligations to its creditors.

3. The failure of the City to meet its obligations to its citizens is the primary cause of its inability to meet its obligations to its creditors.

4. The only feasible path to ensuring the City will be able to meet obligations in the future is to have a successful restructuring via the bankruptcy process that recognizes the fundamental importance of ensuring the City can meet its basic obligations to its citizens.

I will explain how I came to each conclusion.

**Inability to Meet Obligations to Its Citizens.** As Mr. Orr's Financial and Operating Plan and the June 14 Creditor Proposal have noted, the scale and depth of Detroit's problems are unique. The City's unemployment rate has nearly tripled since 2000 and is more than double the national average. Detroit's homicide rate is at the highest level in nearly 40 years, and it has been named as one of the most dangerous cities in America for more than 20 years. Its citizens wait an average of 58 minutes for the police to respond to their calls, compared to a national average of 11 minutes. Only 8.7% of cases are solved, compared to a statewide average of 30.5%. The City's police cars, fire trucks, and ambulances are so old that breakdowns make it impossible to keep up the fleet or properly carry out their roles. For instance, only a third of the City's ambulances were in service in the first quarter of 2013. Similarly, approximately 40% of the City's street lights were not functioning in that quarter and the backlog of complaints is more than 3,300 long. Having large swaths of largely abandoned structures -- approximately 78,000 -- creates additional public safety problems and reduces the quality of life in the City. Mr. Orr is correct that meeting the obligations the City has to

its citizens to provide basic services requires more revenue devoted to services, not less.

**Inability to Meet Obligations to Its Creditors.** The City has more than $18 billion in accrued obligations. A vital point in Mr. Orr's letter is that Detroit tax rates are at their current legal limits, and that even if the City was legally able to raise taxes, its residents cannot afford to pay additional taxes. Detroiters already have a higher tax rate than anywhere in Michigan, and even with that revenue the City has not been able to keep up with its basic obligations, both to its citizens and creditors. Detroit simply cannot raise enough revenue to meet its current obligations, and that is a situation that is only projected to get worse absent a bankruptcy filing.

**Failure to Meet Obligations to Citizens Creates Failure to Meet Obligations to Creditors.** Mr. Orr's letter and prior report put in stark reality the dramatic impact of the City's plummeting population. While many who love Detroit still live there, many other Detroiters at heart could not justify the sacrifice of adequate services. The City's population has declined 63% from its peak, including a 28% decline since 2000. That exodus has brought Detroit to the point that it cannot satisfy promises it made in the past. A decreasing tax base has made meeting obligations to creditors impossible. Mr. Orr is correct when he says the City cannot raise the necessary revenue through tax increases, and it cannot save the necessary revenue through reducing spending on basic services. Attempts to do so would only decrease the population and tax base further, making a new round of promises unfulfillable.

**Only One Feasible Path Offers a Way Out.** The citizens of Detroit need and deserve a clear road out of the cycle of ever-decreasing services. The City's creditors, as well as its many dedicated public servants, deserve to know what promises the City can and will keep. The only way to do those things is to radically restructure the City and allow it to reinvent itself without the burden of impossible obligations. Despite Mr. Orr's best efforts, he has been unable to reach a restructuring plan with the City's creditors. I therefore agree that the only feasible path to a stable and solid Detroit is to file for bankruptcy protection.

The past weeks have reaffirmed my confidence that Mr. Orr has the right priorities when it comes to the City of Detroit. I am reassured to see his prioritization of the needs of citizens to have improved services. I know we share a concern for the public employees who gave years of service to the City and now fear for their financial future in retirement, and I am confident that all of the City's creditors will be treated fairly in this process. We all believe that the City's future must allow it to make the investment it needs in talent and in infrastructure, all while making only the promises it can keep. Let us remain in close communication regarding measures Mr. Orr might take so we can discuss the possible impacts that might occur both within and outside of the City.

Page 4 of 4

July 18, 2013

## Contingencies

2012 PA 436 provides that my approval of the recommendation to commence a Chapter 9 proceeding may place contingencies on such a filing. MCL 141.1558(1). I am choosing not to impose any such contingencies today. Federal law already contains the most important contingency – a requirement that the plan be legally executable. 11 USC 943(b)(4).

## Conclusion

In conclusion, I find Mr. Orr's Recommendation Letter to be persuasive, especially in conjunction with his prior reports laying out the level of services the City can provide and its financial ability to meet its obligations to creditors. I am also convinced that Mr. Orr has exercised his best efforts to arrive at a restructuring plan with the City's creditors outside of bankruptcy, to no avail. Given these facts, the only feasible path to sustainability for the City of Detroit is a filing under chapter 9 of the bankruptcy code. Therefore, I hereby approve Mr. Orr's recommendation and authorize the emergency manager to make such a filing on behalf of the City of Detroit and to take all actions that are necessary and appropriate toward that end.

Sincerely,

Richard D. Snyder
Governor
State of Michigan

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

------------------------------------------------------x
                                           :
In re                                      :        Chapter 9
                                           :
CITY OF DETROIT, MICHIGAN,                 :        Case No. 13-53846
                                           :
                        Debtor.            :        Hon. Steven W. Rhodes
                                           :
                                           :
                                           :
------------------------------------------------------x

### ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE EXTENDING THE CHAPTER 9 STAY TO CERTAIN (A) STATE ENTITIES, (B) NON OFFICER EMPLOYEES AND (C) AGENTS AND REPRESENTATIVES OF THE DEBTOR

This matter coming before the Court on the Motion of Debtor,

Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order,

Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer

Employees and (C) Agents and Representatives of the Debtor (the "Motion"),[1]

filed by the City of Detroit, Michigan (the "City"); the Court having reviewed the

Motion and the Orr Declaration and having considered the statements of counsel

and the evidence adduced with respect to the Motion at a hearing before the Court

(the "Hearing"); and the Court finding that:  (a) the Court has jurisdiction over this

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding

pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was

sufficient under the circumstances, (d) the unusual circumstances present in this

chapter 9 case warrant extending the Chapter 9 Stay to the State Entities, the

Non-Officer Employees and the City Agents and Representatives; and the Court

having determined that the legal and factual bases set forth in the Motion and the

Orr Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to section 105(a) of the Bankruptcy Code, the

Chapter 9 Stay hereby is extended to apply in all respects (to the extent not

otherwise applicable) to the State Entities (defined as the Governor, the State

Treasurer and the members of the Loan Board, collectively with the State

Treasurer and the Governor, and together with each entity's staff, agents and

representatives), the Non-Officer Employees and the City Agents and

Representatives.

3.      For the avoidance of doubt, each of the Prepetition Lawsuits

hereby is stayed, pursuant to section 105(a) of the Bankruptcy Code, pending

further order of this Court.

-2-

13-53846-tjt  Doc 10988  Filed 03/29/16  Entered 03/29/16 14:37:21  Page 62 of 166
13-53846-swr   Doc 166   Filed 07/25/13   Entered 07/25/13 13:37:18   Page 2 of 3

4.      This order is entered without prejudice to the right of any
creditor to file a motion for relief from the stay imposed by this order using the
procedures of and under the standards of 11 U.S.C. § 362(d)-(g).

.

**Signed on July 25, 2013**

                **/s/ Steven Rhodes**
               **Steven Rhodes**
               **United States Bankruptcy Judge**

**Exhibit 6D – Order (1) Staying and Administratively Closing Case and (2) Denying Without Prejudice Plaintiff's Motion to Appoint Counsel (DKT. 19)**

26059929.1\022765-00213

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL PALMER,

       Plaintiff,

v.                                    Case No. 13-cv-15164
                                    HON. MARK A. GOLDSMITH

WAYNE COUNTY SHERIFF'S
DEPARTMENT, et al.,

       Defendants.
_____/

## ORDER (1) STAYING AND ADMINISTRATIVELY CLOSING CASE and (2) DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. 19)

On August 5, 2014, Defendant City of Detroit filed a "Notice of Suggestion of Bankruptcy Case and Application of the Automatic Stay" (Dkt. 20). Because of the bankruptcy filing by the City of Detroit and the July 25, 2013 stay order issued by the Bankruptcy Court, it is ORDERED that the instant action is stayed until further order of the Court.

It is further ORDERED that this case is CLOSED for administrative and statistical purposes without prejudice. This closing does not constitute a decision on the merits.

It is further ORDERED that if the bankruptcy stay is removed, or a party obtains relief from the stay, then the case may be reopened upon the motion of any party.

It is further ORDERED that this Order does not bar any party from applying to the bankruptcy court for appropriate relief as permitted by law.

Currently pending on the docket is Plaintiff's motion for appointment of counsel (Dkt. 19). Because the case is presently stayed and administratively closed, the Court denies without

prejudice Plaintiff's motion for appointment of counsel.  In the event the case is reopened and

the stay lifted, Plaintiff would be free to refile his motion for appointment of counsel.

       SO ORDERED.

Dated:  August 8, 2014                       s/Mark A. Goldsmith
      Flint, Michigan                   MARK A. GOLDSMITH
                                  United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 8, 2014.

                      s/Deborah J. Goltz
                      DEBORAH J. GOLTZ
                      Case Manager

**Exhibit 6E – Motion to Dismiss**

26059929.1\022765-00213

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**EMMANUEL PALMER,**

      **Plaintiff,**

**v.**

                                        **Honorable: Mark A. Goldsmith**
                                        **Magistrate: Michael J. Hluchaniuk**

**WAYNE COUNTY SHERIFF'S**     **Case No. 4:13-cv-15164**
**DEPARTMENT; CITY OF**
**DETROIT; JOHN DOE 1,**

      **Defendants.**

---

| | |
|---|---|
| **Emmanuel Palmer** | **Michael M. Muller (P-38070)** |
| In Pro Per | Attorney for City of Detroit |
| 3888 19th Street | 2 Woodward Avenue, Ste. 500 |
| Ecorse, MI 48229 | Detroit, MI 48226 |
| | (313) 237-5052 |
| | |
| | **Sue Hammoud (P-64542)** |
| | Attorney for Sheriff' Dept. |
| | 500 Griswold Street, 11th Floor |
| | Detroit, MI 48226 |
| | (313) 224-6669 |

---

## CITY OF DETROIT'S MOTION TO DISMISS

    NOW COMES defendant, City of Detroit, and for its motion to dismiss,

states as follows:

1. That on December 18, 2013, plaintiff filed the instant lawsuit naming City of Detroit and Wayne County Sheriff's Department as party defendants.

2. That plaintiff asserts he was at an after-hours club which was raided by Wayne County deputies and Detroit police officers, and that he was the victim of a wrongful arrest through the use of excessive force.

3. That on July 18, 2013, the City of Detroit filed a petition for relief under Chapter 9 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Michigan (Case No. 13-53846).

4. That on November 21, 2013, the Bankruptcy Court entered an order pursuant to sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c) establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof ("Bar Date Order").

5. The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City.

6. That at no time did plaintiff file a Proof of Claim with the Bankruptcy Court relative to the instant lawsuit.

7. That plaintiff's claims are discharged pursuant to the Eighth Amended Plan of Adjustment of Debts of the City of Detroit. (as more fully set forth in the brief attached hereto).

WHEREFORE, defendant, City of Detroit respectfully requests this

honorable court enter an order dismissing plaintiff claims against the City of

Detroit, with prejudice and without costs.

Respectfully submitted,

/s/Michael M. Muller
**MICHAEL M. MULLER (P-38070)**
**Senior Assistant Corporation Counsel**
2 Woodward Avenue, Suite 500
Detroit, MI 48226
Dated: September 24, 2015          (313) 237-5052

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**EMMANUEL PALMER,**

      **Plaintiff,**

**v.**

                                    **Honorable: Mark A. Goldsmith**
                                    **Magistrate: Michael J. Hluchaniuk**

**WAYNE COUNTY SHERIFF'S**       **Case No. 4:13-cv-15164**
**DEPARTMENT; CITY OF**
**DETROIT; JOHN DOE 1,**

      **Defendants.**

---

Emmanuel Palmer
In Pro Per
3888 19th Street
Ecorse, MI 48229

**Michael M. Muller (P-38070)**
Attorney for City of Detroit
2 Woodward Avenue, Ste. 500
Detroit, MI 48226
(313) 237-5052

**Sue Hammoud (P-64542)**
Attorney for Sheriff' Dept.
500 Griswold Street, 11th Floor
Detroit, MI 48226
(313) 224-6669

---

# BRIEF IN SUPPORT OF
# CITY OF DETROIT'S MOTION TO DISMISS

## **STATEMENT OF FACTS**

On July 18, 2013, the City of Detroit filed a petition for relief under Chapter 9 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Michigan (Case No. 13-53846).     By Court Orders dated July 25, 2013, Judge Steven Rhodes stayed all existing and future lawsuits during the pendency of the bankruptcy. (Exhibit A). In direct violation of Judge Rhodes' stay orders, on December 18, 2013, plaintiff filed the above captioned lawsuit naming the Wayne County Sheriff's Department and the City of Detroit as party defendants. (Exhibit B). Plaintiff asserts that on December 19, 2010 he was falsely arrested through the use of excessive force while attending an after-hours club. The City of Detroit was served with summons and complaint by the United States Marshall's office on July 30, 2014. (Exhibit C).

On December 10, 2014 the Eighth Amended Plan for the Adjustment of Debts for the City of Detroit became effective. (Exhibit D). On April 3, 2015, this honorable court entered an order reopening the subject case, and by order dated May 15, 2015, the court ordered the City of Detroit to respond to plaintiff's complaint. On May 15, 2015, the City filed an answer to plaintiff's complaint and a notice of injunction barring plaintiff from the continued prosecution of the instant lawsuit, and the documents were served on plaintiff. However, plaintiff has failed to voluntarily

Dismiss the above captioned matter. It is the City's position that plaintiff's claims against the City must be dismissed with prejudice.

## LAW AND ARGUMENT

Plaintiff did not make a creditor's claim with the Bankruptcy Court, and as such, his claims in the instant lawsuit against the City for injuries arising out of pre-petition events which allegedly transpired December 19, 2010 are discharged. (Exhibit D, pp 1-2). In addition, plaintiff is enjoined from continuing in any manner, directly or indirectly, any suit pending on the plan's effective date, and such suits must be withdrawn or dismissed with prejudice. (Exhibit D, pp3-4).

On July 18, 2013, the City filed a petition for relief under Chapter 9 if Title 11 of the United States Code captioned *In re City of Detroit, Michigan,* Case No. 13-53846 (Bankr. E.D. Mich.). On November 21, 2013, the Bankruptcy Court entered an order pursuant to sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c) establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof ("Bar Date Order"). (Exhibit E). The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City. Paragraph 6 of the Bar Date Order states that the:

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not

listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…(Exhibit E, ¶ 6).

Paragraph 22 provides as follows:

Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, non-contingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City. (emphasis added) (Exhibit E, ¶ 22).

The General Bar Date of February 21, 2014 was then published in local and national newspapers.  (Exhibit F).

In the instant case, plaintiff failed to file a Proof of Claim with the Bankruptcy Court by the February 21, 2014 General Bar Date.  Accordingly, all plaintiff's pre-petition claims are discharged.

The Eighth Amended Plan of Adjustment was confirmed on November 12, 2014, and became effective December 10, 2014. (Exhibit D). The discharge provision in the Plan, in pertinent part, provides as follows:

Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date. Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, discharge the City from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (ii) the Holder of a Claim based on such debt has accepted the Plan. (Exhibit D, §2).

The Plan enjoins parties that did not timely file proofs of claim from taking actions that are contrary to the Plan. The injunction, in pertinent part, provides as follows:

On the Effective Date, except as otherwise provided herein or in the Confirmation Order,

a. All Entities that have been, are or may be holders of Claims against the City…are permanently enjoined from taking any of the following actions against or affecting the City or its property…

(i). ***commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affecting the City or its property (including all suits, actions and proceedings that are pending as of the Effective Date, which must be withdrawn or dismissed with prejudice…*** (emphasis added) (Exhibit D, p.3).

## CONCLUSION

For all the foregoing reasons, defendant, City of Detroit respectfully requests that the court enter an order dismissing plaintiff's claims with prejudice and without costs to any party.

Respectfully submitted,


/s/Michael M. Muller
**MICHAEL M. MULLER (P-38070)**
**Senior Assistant Corporation Counsel**
2 Woodward Avenue, Suite 500
Detroit, MI 48226
Dated: September 24, 2015          (313) 237-5052

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**EMMANUEL PALMER,**

       **Plaintiff,**

**v.**

|  |  |
|---|---|
|  | **Honorable: Mark A. Goldsmith** |
|  | **Magistrate: Michael J. Hluchaniuk** |
| **WAYNE COUNTY SHERIFF'S** | **Case No. 4:13-cv-15164** |
| **DEPARTMENT; CITY OF** | |
| **DETROIT; JOHN DOE 1,** | |

       **Defendants.**

---

| | |
|---|---|
| **Emmanuel Palmer** | **Michael M. Muller (P-38070)** |
| In Pro Per | Attorney for City of Detroit |
| 3888 19th Street | 2 Woodward Avenue, Ste. 500 |
| Ecorse, MI 48229 | Detroit, MI 48226 |
| | (313) 237-5052 |
| | |
| | **Sue Hammoud (P-64542)** |
| | Attorney for Sheriff' Dept. |
| | 500 Griswold Street, 11th Floor |
| | Detroit, MI 48226 |
| | (313) 224-6669 |

---

## PROOF OF SERVICE

    I hereby certify that on September 24, 2015, I electronically filed the foregoing papers with the Clerk of the Court using the ECF, and served a copy of such papers on Emmanuel Palmer by mailing the same to him at the address set forth in his complaint on September 24, 2015.

        **/s/Michael M. Muller**

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------x
                            :

In re                            :        Chapter 9

                              :

CITY OF DETROIT, MICHIGAN,    :        Case No. 13-53846

                              :

             Debtor.     :        Hon. Steven W. Rhodes

                              :

                              :

------------------------------------------------------x

## ORDER PURSUANT TO SECTION 105(a) OF THE BANKRUPTCY CODE CONFIRMING THE PROTECTIONS OF SECTIONS 362, 365 AND 922 OF THE BANKRUPTCY CODE

This matter coming before the Court on the Motion of Debtor,

Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order

Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code

(the "Motion"),[1] filed by the City of Detroit, Michigan (the "City"); the Court

having reviewed the Motion and the Orr Declaration and having considered the

statements of counsel and the evidence adduced with respect to the Motion at a

hearing before the Court (the "Hearing"); and the Court finding that: (a) the Court

has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is

a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

Hearing was sufficient under the circumstances, (d) among other things, the requested relief confirms the protections of sections 362, 365 and 922 of the Bankruptcy Code and (e) the Emergency Manager is an officer of the City as that term is used in section 922(a)(1) of the Bankruptcy Code; and the Court having determined that the legal and factual bases set forth in the Motion and the Orr Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to section 362 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, limited liability companies and all those acting for or on their behalf), all foreign or domestic governmental units and all other entities (and all those acting for or on their behalf) are hereby stayed, restrained and enjoined from:

(a)     commencing or continuing any judicial, administrative or other proceeding against the City, including the issuance or employment of process, that was or could have been commenced before the City's chapter 9 case was commenced;

(b)     recovering a claim against the City that arose before the commencement of its chapter 9 case;

(c)     taking any action to obtain possession of property of or from the City;

(d)     taking any action to create, perfect or enforce any lien against property of the City, to the extent that such lien secures a claim that arose before the commencement of the City's chapter 9 case;

-2-

13-53846-swr   Doc 167   Filed 07/25/13   Entered 07/25/13 13:52:58   Page 2 of 5
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 80 of 166

(e)     taking any action to collect, assess or recover a claim against the City that arose before the commencement of its chapter 9 case; and

(f)     offsetting any debt owing to the City that arose before the commencement of its chapter 9 case against any claim against the City.

3.      All entities, including all persons and foreign and domestic governmental units, and all those acting on their behalf, including sheriffs, marshals, constables and other or similar law enforcement officers and officials are stayed, restrained and enjoined from in any way seizing, attaching, foreclosing upon, levying against or in any other way interfering with any and all property of the City, wherever located.

4.      Pursuant to section 922(a) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, limited liability companies and all those acting for or on their behalf), all foreign or domestic governmental units and all other entities (and all those acting for or on their behalf) are hereby stayed, restrained and enjoined from:

(a)     commencing or continuing a judicial, administrative, or other action or proceeding against an officer or inhabitant of the City, including the issuance or employment of process, that seeks to enforce a claim against the City; and

(b)     enforcing a lien on or arising out of taxes or assessments owed to the City.

5.      For the avoidance of doubt, the protections of section 922(a)(1) of the Bankruptcy Code with respect to officers and inhabitants of the City, as set

-3-

13-53846-swr   Doc 167   Filed 07/25/13   Entered 07/25/13 13:52:58   Page 3 of 5
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 81 of 166

forth in paragraph 4(a) above, apply in all respects to: (a) the Emergency Manager; and (b) the City Officers, in whatever capacity each of them may serve.

      6.    Pursuant to section 365 of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, limited liability companies and all those acting for or on their behalf), all foreign or domestic governmental units and all other entities (and all those acting for or on their behalf) are hereby prohibited from modifying or terminating any executory contract or unexpired lease, or any right or obligation under such contract or lease, at any time after the commencement of the City's chapter 9 case solely because of a provision in such contract or lease that is conditioned on:

      (a)    the insolvency or financial condition of the City at any time before the closing of the City's chapter 9 case; or

      (b)    the commencement of the City's chapter 9 case.

      7.    Pursuant to sections 362 and 365 of the Bankruptcy Code, all parties to an executory contract or unexpired lease with the City shall continue to perform their obligations under such contract or lease until such contract or lease is assumed or rejected by the City or otherwise expires by its own terms.

Signed on July 25, 2013

                                /s/ Steven Rhodes
                                Steven Rhodes
                                United States Bankruptcy Judge

-4-

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------x
                     :

In re                          :          Chapter 9
                     :

CITY OF DETROIT, MICHIGAN,  :          Case No. 13-53846
                     :

          Debtor.        :          Hon. Steven W. Rhodes
                     :
                     :
---------------------------------------------------x

ORDER PURSUANT TO SECTION 105(a) OF THE
BANKRUPTCY CODE EXTENDING THE CHAPTER 9 STAY TO
CERTAIN (A) STATE ENTITIES, (B) NON OFFICER EMPLOYEES
AND (C) AGENTS AND REPRESENTATIVES OF THE DEBTOR

This matter coming before the Court on the Motion of Debtor,

Pursuant to Section 105(a) of the Bankruptcy Code, for Entry of an Order,

Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non-Officer

Employees and (C) Agents and Representatives of the Debtor (the "Motion"),[1]

filed by the City of Detroit, Michigan (the "City"); the Court having reviewed the

Motion and the Orr Declaration and having considered the statements of counsel

and the evidence adduced with respect to the Motion at a hearing before the Court

(the "Hearing"); and the Court finding that: (a) the Court has jurisdiction over this

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to
them in the Motion.

matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, (d) the unusual circumstances present in this chapter 9 case warrant extending the Chapter 9 Stay to the State Entities, the Non-Officer Employees and the City Agents and Representatives; and the Court having determined that the legal and factual bases set forth in the Motion and the Orr Declaration and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED.

2.      Pursuant to section 105(a) of the Bankruptcy Code, the Chapter 9 Stay hereby is extended to apply in all respects (to the extent not otherwise applicable) to the State Entities (defined as the Governor, the State Treasurer and the members of the Loan Board, collectively with the State Treasurer and the Governor, and together with each entity's staff, agents and representatives), the Non-Officer Employees and the City Agents and Representatives.

3.      For the avoidance of doubt, each of the Prepetition Lawsuits hereby is stayed, pursuant to section 105(a) of the Bankruptcy Code, pending further order of this Court.

-2-

13-53846-swr   Doc 166   Filed 07/25/13   Entered 07/25/13 13:37:18   Page 2 of 3
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 84 of 166

4.    This order is entered without prejudice to the right of any creditor to file a motion for relief from the stay imposed by this order using the procedures of and under the standards of 11 U.S.C. § 362(d)-(g).

Signed on July 25, 2013

/s/ Steven Rhodes
Steven Rhodes
United States Bankruptcy Judge

-3-

# EXHIBIT B

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

Emmanuel Palmer,

*Plaintiff,*

v.

Wayne County Sheriff's Department, et al.,

*Defendant.*

Case No. 4:13–cv–15164–MAG–MJH

Hon. Mark A. Goldsmith

## SUMMONS IN A CIVIL ACTION

To: Detroit, City of

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) - or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) - you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Emmanuel Palmer
> 3888 19th Street
> Ecorse, MI 48229

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*DAVID J. WEAVER, CLERK OF COURT*



By: s/ T McGovern

*Signature of Clerk or Deputy Clerk*

Date of Issuance: July 25, 2014

AO 440 (Rev. 12/09) Summons in a Civil Action

## Summons and Complaint Return of Service

Case No. 4:13–cv–15164–MAG–MJH
Hon. Mark A. Goldsmith

A copy of the Summons and Complaint has been served in the manner indicated below:

Name of Defendant Served:     Detroit, City of

Date of Service:     _____

## Method of Service

_____ Personally served at this address:

_____ Left copies at defendant's usual place of abode with (name of person):

_____ Other (specify):

_____ Returned unexecuted (reason):

**Service Fees:**    Travel $_____    Service $_____    Total $_____

## Declaration of Server

I declare under the penalty of perjury that the information contained in this Return of Service is true and correct.

Name of Server:     _____

Signature of Server:     _____

Date:     _____

Server's Address:     _____

United States District Court

Eastern District of Michigan

Emmanuel Palmer

Plaintiff

Vs.

Wayne County Sheriff's Department,

City of Detroit, John Doe 1

Case:4:13-cv-15164
Judge: Goldsmith, Mark A.
MJ: Hluchaniuk, Michael J.
Filed: 12-18-2013 At 04:14 PM
CMP PALMER V WAYNE COUNTY SHERIFFS,
ET AL (EB)

## COMPLAINT

PARTIES:

Plaintiff

Emmanuel Palmer, current address: 4111 16th St, Ecorse, Michigan, 48229

Defendents

1) Wayne County Sheriffs Department , located in the municipality of Wayne county in the State of Michigan
2) City of Detroit , located in the municipality of Detroit in the State of Michigan
3) John Doe , a police officer

All of the above defendants acted and continue to act under color of state law at all times relevant to this complaint.

PRELIMINARY STATEMENT:

This is a civil rights action filed by Emmanuel Palmer for damages relief under 42 USC sec. 1983 alleging excessive force, and deliberate indifference in violation of the Eighth amendment to the united states constitution, false arrest, false imprisonment, illegal seizure of a motor vehicle, illegal possession of a motor vehicle in violation of the 4th amendment to the united states constitution. The plaintiff also alleges torts of intentional infliction of emotional distress and negligence.

JURISDICTION:

1) The court has jurisdiction over the Plaintiffs claims of violations of Federal Constitutional rights under 42 U.S.C.A. sections 1983, 1331(a), and 1343.

2) The court has supplemental jurisdiction over the plaintiffs state law torts claims under 28 U.S.C.A. sec. 1367.

FACTS:

3) On 12/19/10 the Plaintiff was brutally assaulted by Defendant John Doe during a raid on an after hours club allegedly called "the jump off". Officers from the Wayne Countys Sheriffs Department, the Detroit Police Department and "other agencies"(to be named in complaint once discovered), all raided the club with guns drawn, unannounced, ordering all patrons to the floor including Plaintiff in which Plaintiff complied.

4) As the Plaintiff was laying on the floor of the the club as instructed by police all the Plaintiff could hear was screaming, crying, and police officers cussing and yelling. At one point the Plaintiff looked up and seen an officer yelling at a young lady saying "bitch lay down" while the girl was crying and saying that she was pregnant.

5) At the same time other officers were walking around kicking patrons of the club yelling "on the ground motherfuckers" and as Defendant John Doe got to the Plaintiff, Defendant John Doe kicked the Plaintiff in the shoulder as the Plaintiff was laying on the ground causing great pain. The Plaintiff after being kicked in the shoulder looked up at the officer and stated "im on the ground why did you just kick me", and that's when Defendant John Doe STOMPED THE PLAINTIFF IN THE FACE WITH HIS BOOT. The Plaintiff passed out and awoke sometime later with "zip tie handcuffs" tightly on his wrist causing the Plaintiffs wrist to go cold due to loss of blood in his hands.

6) The Plaintiff then loss conscious again and awoke to officers trying to sit the Plaintiff up. the Plaintiff told the officer that he had been brutally assaulted by being stomped in the face by Defendant John Doe, even showing the officers and other witnesses THE FOOTPRINT ON THE SIDE OF THE PLAINTIFFS FACE and told officers that the Plaintiff needed medical attention because the plaintiffs head was in great pain, the Plaintiff was dizzy and the Plaintiffs shoulder was injured but THE PLAINTIFF WAS DENIED MEDICAL CARE by all officers on duty.

7) About ten minutes later the plaintiff passed out again and awoke on the ground pleading for a doctor and Officer Robert Tourville yelled "leave him there fuck him". At that point the Plaintiff was left on the ground for close to an hour before an "officer" picked the Plaintiff up claiming to be a "doctor" but did nothing and minutes later the Plaintiff passed out again and fell over another patron.

8) After close to 5 hours the Plaintiff was finally release, and issued a ticket for loitering and given a "notice of seizure/intent to forfeit" for the Plaintiffs vehicle. The Plaintiff was finally helped down the street to a local MacDonald's by other patrons and AN AMBULANCE WAS CALLED AND THE PLAINTIFF WAS TAKEN TO THE HOSPITAL.

9) Also on 12/19/10 the Plaintiffs vehicle, a Ford 1999 Econoline van was illegally seized by the Wayne County Sheriff's Department after the raid on the alleged illegal after hours at which the Plaintiff was brutally assaulted. Multiple vehicles were forfeited and the owners of the vehicles received "notice of seizure/intent to forfeit" and all the patrons, including Plaintiff, were issued tickets for loitering.

10) The Plaintiff went to the Wayne County Procuters office to contest the illegal seizure of his motor vehicle within the 30 day timeline to contest in accordance with the "blind pig" law.

11) Sadly it took the Wayne county prosecutor's office 4 ½ months to even issue a summons to Plaintiff for his chance to contest the illegal seizure of his motor vehicle in court. The summons was issued 4/18/2011. The Plaintiff pleaded during the entire 4 ½ month wait with calls and visits to the Wayne county prosecutor's office to release his vehicle.

12) After receiving the summons, the Plaintiff received a complaint in which the Plaintiff learned that the alleged after hours club "the jump off" had been raided before On 8/21/10 by the Detroit Police Department and Wayne County Sheriffs. The Plaintiff also found out after the raid on 8/21/10 the club opened up once again and the Detroit Police department and the Wayne County Sheriffs conducted surveillance on several dates leading up to the raid in question on 12/19/10 but even after that raid the club was opened again and WAS RAIDED AGAIN on 3/27/11.

13) On 5/21/11 the Plaintiff filed and answer to the complaint filed by the Wayne county prosecutor's office in which the Plaintiff stated the case has no merit, and that his vehicle was illegally seized.

14) ON 8/10/11 THE TICKET FOR "LOITERING IN A PLACE OF ILLGAL OCCUPATION "WAS DISSMISSED!!!!

15) On 9/19/11, after 9 months, the Plaintiff finally had his day in court in front of the Honorable Judge Virgil C. Smith, in which the judge ordered that "THE PLANTIFFS VEHICLE BE RETURNED WITH NO STORING FEES OR COST", and the Plaintiff finally had his vehicle back in his possession.

CAUSE OF ACTION:

16) The actions of Defendant John Doe of brutally assaulting the Plaintiff by kicking the plaintiff in the shoulder then stomping the Plaintiff in the face with his boot, which resulted in the Plaintiff needing medical attention and emotional counseling, is a clear use of excessive force in violation to the Eighth Amendment to the United States Constitution.

17) The policy and/or custom of the Wayne County Sheriff's Department, the Detroit Police Department and yet unknown defendants of allowing and/or failing to stop the use of excessive force contributed to and/or proximately caused the Plaintiff to be brutally assaulted resulting in serious injury by its officer in violation of the Eighth Amendment to the United States Constitution and negligence.

18) The policy and/or custom of the Wayne County Sheriff's Department, the Detroit Police Department and yet unknown defendants of seizing the Plaintiff without probable cause caused the Plaintiff to be falsely arrested and/or falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

19) The policy and/or custom of the Wayne County Sheriff's Department, the Detroit Police Department and yet unknown defendants of being deliberately indifferent to the Plaintiffs serious medical needs after the Plaintiff was kicked in the shoulder and stomped in the face and after repeated request by the Plaintiff to see a doctor clearly contributed to and/or proximately caused the violation of the Plaintiffs Eighth Amendment rights and/or negligence.

20) The policy and/or custom of the Wayne County Sheriff's Department, the Detroit Police Department and yet unknown defendants of seizing the Plaintiffs vehicle, pursuant to M.C.L. 600.3801 et seq., without a violation of any ELEMENTS of M.C.L. 600.3801 et seq., resulted in the Plaintiffs vehicle being illegally seized without PROBABLE CAUSE, therefore contributed to and/or proximately caused the violation of the Plaintiffs right to be free from illegal government seizures in violation of the Fourth Amendment to the United States Constitution and/or negligence.

21) The policy and/or custom of the Wayne County Sheriffs, the Detroit Police Department and yet unknown defendants of knowingly allowing "the jump off" to continue to run as an alleged illegal "blind pig" and/or failing to stop "the jump off" from running as an alleged illegal "blind pig" in a conspiracy by the above defendants to forfeit vehicles to raise revenue, resulted in the Plaintiff being brutally assaulted and/or the Plaintiffs vehicle being seized without PROBABLE CAUSE in violation of the Eighth and Fourth Amendments to the United States Constitution, intentional infliction of emotional distress and/or negligence.

RELIEF:

22) $10,000,000 jointly and/or separately for the violation of the Eight Amendment by the Wayne County Sheriff's Department, the Detroit Police Department , yet unknown defendants and Defendant John Doe.

23) $10,000,000 jointly and/or separately for the Fourth Amendment violations by the Wayne County Sheriff's Department, the Detroit Police Department and yet unknown defendants.

24) $10,000,000 jointly and/or separately for the intentional infliction of emotional distress and/or negligence by the Wayne County Sheriff's Department, the Detroit Police Department and yet unknown defendants.

Respecfully Submitted ,

Emanuel C. Palmer

4111 16th St.

Ecorse , Mi 48229

# EXHIBIT C

U.S. Department of Justice
United States Marshals Service

## PROCESS RECEIPT AND RETURN
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF Emmanuel Palmer | COURT CASE NUMBER 13-15164 |
|---|---|
| DEFENDANT Wayne County Sheriff's Department, et al | TYPE OF PROCESS summons and complaint |

**SERVE AT**

NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
City of Detroit

ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*
Coleman A. Young Municipal Center 2 Woodward Avenue - 5th floor Detroit, MI 48226

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Emmanuel Palmer 3888 19th Street Ecorse, MI 48229 | Number of process to be served with this Form 285 | 1 |
| | Number of parties to be served in this case | 2 |
| | Check for service on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available for Service):*

Fold                                                                                      Fold

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE 7/25/14 |
|---|---|---|---|

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY-- DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. *(Sign only for USM 285 if more than one USM 285 is submitted)* | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk *Tonya Miller* | Date 7/30/14 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc. shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)* | ☐ A person of suitable age and discretion then residing in defendant's usual place of abode | |
|---|---|---|
| Address *(complete only different than shown above)* | Date | Time ☐ am ☐ pm |
| | Signature of U.S. Marshal or Deputy | |

| Service Fee | Total Mileage Charges including *endeavors* | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or (Amount of Refund*) $0.00 |
|---|---|---|---|---|---|

REMARKS:

**PRINT 5 COPIES:**
1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 12/80

# EXHIBIT D

Docket #8649  Date Filed: 12/10/2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------- x
                                        :

In re                              :        Chapter 9
                                          :

CITY OF DETROIT, MICHIGAN,      :        Case No. 13-53846
                                          :

                Debtor.       :        Hon. Steven W. Rhodes
                                          :

                                          :
---------------------------------------------------------- x

## NOTICE OF (I) ENTRY OF ORDER CONFIRMING EIGHTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT AND (II) OCCURRENCE OF EFFECTIVE DATE

### PLEASE TAKE NOTICE OF THE FOLLOWING:

1.      **Confirmation of the Plan and Occurrence of the Effective Date.**

                On November 12, 2014, the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") entered an order (Docket No. 8272) (the "Confirmation Order") confirming the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (as it may have been amended, supplemented or modified, the "Plan"), in the above-captioned chapter 9 case of the City of Detroit, Michigan (the "City"). The Effective Date of the Plan occurred on December 10, 2014. Unless otherwise defined in this Notice, capitalized terms and phrases used herein have the meanings given to them in the Plan and the Confirmation Order.

2.      **Discharge of Claims.**

                a.      Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan are in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date, including any interest accrued on Claims from and after the Petition Date. Except as provided in the Plan or in the Confirmation Order, as of the Effective Date, the City is discharged from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of Claim based on such debt was Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt was allowed pursuant to section 502 of the Bankruptcy Code or (iii) the Holder of a Claim based on such debt accepted the Plan.

                b.      In accordance with the foregoing, except as expressly provided otherwise in the Plan or the Confirmation Order, the Confirmation Order is a judicial determination, as of the Effective Date, of a discharge of all debts of the City, pursuant to sections 524(a)(1), 524(a)(2) and 944(b) of the Bankruptcy Code, and such discharge voids any judgment obtained against the City at any time, to the extent that such judgment relates to a discharged debt; provided that, in accordance with section

944(c)(1) of the Bankruptcy Code, such discharge does not apply to (i) debts specifically exempted from discharge under the Plan; (ii) debts held by an Entity that, before the Confirmation Date, had neither notice nor actual knowledge of the Chapter 9 Case; (iii) claims against officers or employees of the City in their individual capacity under 42 U.S.C. § 1983; or (iv) Claims of (A) T&T Management, Inc., (B) HRT Enterprises and (C) the John W. and Vivian M. Denis Trust related to condemnation or inverse condemnation actions against the City alleging that the City has taken private property without just compensation in violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

> 3.   **Releases.**
>
> a.   General Releases by Holders of Claims. Without limiting any other applicable provisions of, or releases contained in, the Plan or any contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan, as of the Effective Date, in consideration for the obligations of the City under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan (including the State Contribution Agreement), each holder of a Claim that voted in favor of the Plan, to the fullest extent permissible under law, is deemed to forever release, waive and discharge (which release will be in addition to the release and discharge of Claims otherwise provided herein and under the Confirmation Order and the Bankruptcy Code):

> i.   all Liabilities in any way relating to the City, the Chapter 9 Case (including the authorization given to file the Chapter 9 Case), the Plan, the Exhibits or the Disclosure Statement, in each case that such holder has, had or may have against the City or its current and former officials, officers, directors, employees, managers, attorneys, advisors and professionals, each acting in such capacity (and, in addition to and without limiting the foregoing, in the case of any Emergency Manager, in such Emergency Manager's capacity as an appointee under PA 436); provided further, for the avoidance of doubt, that any person or entity designated to manage the Chapter 9 Case for the City after the Emergency Manager's term is terminated, whether such person or entity acts as an employee, advisor or contractor to the City or acts as an employee, agent, contractor or appointee of the State under any applicable state law, shall be treated the same as an employee of the City hereunder; and

> ii.   all Liabilities in any way relating to (A) Claims that are compromised, settled or discharged under or in connection with the Plan, (B) the Chapter 9 Case (including the authorization given to file the Chapter 9 Case), (C) the Plan, (D) the Exhibits, (E) the Disclosure Statement or (F) the DIA Settlement, in each case that such holder has, had or may have against the City's Related Entities, the State, the State Related Entities and the Released Parties; provided, however, that any such Liability of the Foundations, the DIA Funders and the CFSEM Supporting Organization and their Related Entities are released only to the extent that such Liability, if any, arises from any such entity's participation in the DIA Settlement;

provided, however, that the foregoing provisions shall not affect the liability of the City, its Related Entities and the Released Parties that otherwise would result from any act or omission to the extent that act or omission subsequently is determined in a Final Order to have constituted gross negligence or willful misconduct; provided, further, that nothing in Section III.D.7.a of the Plan shall release (i) the City's obligations under the Plan or (ii) any defenses that any party may have against the City, its Related Entities, the State, the State Related Entities or the Released Parties. Notwithstanding anything in the Plan or the Confirmation Order to the contrary, claims against officers or employees of the City in their individual capacity under 42 U.S.C. § 1983 shall not be released.

> b.   Release by Holders of Pension Claims. Without limiting any other applicable provisions of, or releases contained in, the Plan or any contracts, instruments, releases,

agreements or documents entered into or delivered in connection with the Plan, as of the Effective Date, in consideration for the obligations of the City under the Plan and the consideration and other contracts, instruments, releases, agreements or documents to be entered into or delivered in connection with the Plan (including the State Contribution Agreement), if the State Contribution Agreement is consummated, each holder of a Pension Claim is deemed to forever release, waive and discharge all Liabilities arising from or related to the City, the Chapter 9 Case, including the authorization given to file the Chapter 9 Case, the Plan, all Exhibits, the Disclosure Statement, PA 436 and its predecessor or replacement statutes, and Article IX, Section 24 of the Michigan Constitution that such party has, had or may have against the State and any State Related Entities. For the avoidance of doubt, the Plan does not release, waive or discharge obligations of the City that are established in the Plan or that arise from and after the Effective Date with respect to (i) pensions as modified by the Plan or (ii) labor-related obligations. Such post-Effective Date obligations shall be enforceable against the City or its representatives by active or retired employees or their collective bargaining representatives to the extent permitted by applicable non-bankruptcy law or the Plan, or, with respect to pensions only, GRS or PFRS.

Notwithstanding Sections III.D.5-7 and IV.L of the Plan, except as set forth in the COP Swap Settlement, nothing in the Plan or the Confirmation Order shall or shall be deemed to provide a release by the COP Swap Counterparties of any Liabilities related to the COPs, the COP Service Corporations, the Transaction Documents (as defined in the COP Swap Settlement), the COP Swap Settlement or the COP Swap Settlement Approval Order. For the avoidance of doubt, notwithstanding Section III.D.6 of the Plan, a vote of DWSD Bond Claims or DWSD Revolving Bond Claims in favor of the Plan shall not, and shall not be deemed to, effect a release pursuant to Section III.D.7 of the Plan by a Holder of any such DWSD Bond Claims, a Holder of any such DWSD Revolving Bond Claims or the Bond Insurer insuring any such Claims of any Liabilities against the City or its Related Entities that do not arise in connection with the DWSD Bonds or the DWSD Revolving Bonds. For the further avoidance of doubt, notwithstanding anything in the Plan to the contrary, a vote of a Claim other than a DWSD Bond Claim or DWSD Revolving Bond Claim in favor of the Plan shall not, and shall not be deemed to, effect a release pursuant to Section III.D.7 of the Plan by a Holder of any such voted Claim or the Bond Insurer insuring such voted Claim of any Liabilities against the City or any other Entity arising in connection with the DWSD Bonds or DWSD Revolving Bonds.

4.      Injunctions.

On the Effective Date, except as otherwise provided in the Plan or in the Confirmation Order:

a.      All Entities that have been, are or may be holders of Claims against the City, Indirect 36th District Court Claims or Indirect Employee Indemnity Claims asserted against officers or employees of the City in their official capacity, along with their Related Entities, are permanently enjoined from taking any of the following actions against or affecting the City or its property, DIA Corp. or its property, the DIA Assets, the Released Parties or their respective property and the Related Entities of each of the foregoing, with respect to such claims (other than actions brought to enforce any rights or obligations under the Plan and appeals, if any, from the Confirmation Order): (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affecting the City or its property (including (A) all suits, actions and proceedings that are pending as of the Effective Date, which must be withdrawn or dismissed with prejudice, (B) Indirect 36th District Court Claims and (C) Indirect Employee Indemnity Claims asserted against officers or employees of the City in their official capacity); (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order against the City or its property; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly,

any encumbrance of any kind against the City or its property; (iv) asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the City or its property; (v) proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan or the settlements set forth therein to the extent such settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and (vi) taking any actions to interfere with the implementation or consummation of the Plan. Notwithstanding anything in the Plan or the Confirmation Order to the contrary, claims against officers or employees of the City in their individual capacity under 42 U.S.C. § 1983 are not enjoined. In addition, all individuals affected by the ASF Recoupment are enjoined from commencing any proceeding against the GRS and its trustees, officers, employees or professionals arising from the GRS's compliance with the Plan or the Confirmation Order.

b.      All Entities that have held, currently hold or may hold any Liabilities released pursuant to the Plan are permanently enjoined from taking any of the following actions against the State, the State Related Entities, the officers, board of trustees/directors, attorneys, advisors and professionals of the RDPFFA or the DRCEA, and the Released Parties or any of their respective property on account of such released Liabilities: (i) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind; (ii) enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree or order; (iii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien; (iv) asserting any setoff, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation due the State, a State Related Entity, the officers, board of trustees/directors, attorneys, advisors and professionals of the RDPFFA or the DRCEA, or a Released Party; and (v) commencing or continuing any action, in any manner, in any place that does not comply with or is inconsistent with the provisions of the Plan. Notwithstanding the foregoing and without limiting the injunctions in sub-paragraph 4(a) above, the Holders of Indirect 36th District Court Claims shall not be enjoined from taking any of the foregoing actions against the State or the State Related Entities with respect to Indirect 36th District Court Claims to the extent such Claims are not satisfied pursuant to the Plan.

5.      Treatment of Executory Contracts and Unexpired Leases.

a.      Assumption. Except for Executory Contracts and Unexpired Leases rejected in the Plan or by other court order, or as requested in any motion Filed by the City on or prior to the Effective Date, as of the Effective Date, pursuant to section 365 of the Bankruptcy Code, the City has been deemed to assume all Executory Contracts and Unexpired Leases to which it is a party. Notwithstanding the foregoing, Retirement System Indemnity Obligations have not been assumed under the Plan and have been discharged. For the avoidance of doubt, the City has assumed the Tunnel Lease pursuant to Section II.D.1 of the Plan.

b.      Assumption of Ancillary Agreements. Each Executory Contract and Unexpired Lease assumed pursuant to Section II.D.1 of the Plan includes any modifications, amendments, supplements, restatements or other agreements made directly or indirectly by any agreement, instrument or other document that in any manner affects such Executory Contract or Unexpired Lease, unless any such modification, amendment, supplement, restatement or other agreement is rejected pursuant to Section II.D.6 of the Plan or designated for rejection in accordance with Section II.D.3 of the Plan.

c.      Approval of Assumptions and Assignments. The Confirmation Order constitutes an order of the Bankruptcy Court approving the assumption of Executory Contracts and Unexpired Leases pursuant to Sections II.D.1 and II.D.2 of the Plan (and any related assignment) as of the

Effective Date, except for Executory Contracts or Unexpired Leases that (a) have been rejected pursuant to a Final Order of the Bankruptcy Court, (b) are subject to a pending motion for reconsideration or appeal of an order authorizing the rejection of such Executory Contract or Unexpired Lease, (c) are subject to a motion to reject such Executory Contract or Unexpired Lease Filed on or prior to the Effective Date, (d) are rejected pursuant to Section II.D.6 of the Plan or (e) are designated for rejection in accordance with the last sentence of this paragraph. On November 21, 2014, in accordance with the Contract Procedures Order, the City filed with the Bankruptcy Court a non-exclusive list (Docket No. 8387) (the "Non-Exclusive Plan Assumption List") of Executory Contracts and Unexpired Leases to be assumed pursuant to the Plan. On December 5, 2014, the City filed a notice of amendment to the Non-Exclusive Plan Assumption List (Docket No. 8573). The City has provided separate notice to each party whose Executory Contract or Unexpired Lease is identified on the Non-Exclusive Plan Assumption List of: (a) the Executory Contract or Unexpired Lease being assumed; (b) the Cure Amount Claim, if any, that the City believes it would be obligated to pay in connection with such assumption; (c) any assignment of an Executory Contract or Unexpired Lease; and (d) the procedures for such party to object to the assumption of the applicable Executory Contract or Unexpired Lease, the amount of the proposed Cure Amount Claim or any assignment of an Executory Contract or Unexpired Lease are set forth in the Contract Procedures Order (Docket No. 6512). **For Executory Contracts or Unexpired Leases assumed under the Plan but not identified in the Non-Exclusive Plan Assumption List, the counterparty to such an agreement must file any written objection, setting forth the basis for opposing assumption or assignment of the applicable agreement or the proposed Cure Amount Claim, no later than 20 days after the Effective Date of the Plan, i.e., December 30, 2014.** If an objection to a proposed assumption, assumption and assignment or Cure Amount Claim is not resolved in favor of the City, the applicable Executory Contract or Unexpired Lease may be designated by the City for rejection, which shall be deemed effective as of the Effective Date.

          d.      Payments Related to the Assumption of Executory Contracts and Unexpired Leases. To the extent that such Claims constitute monetary defaults, the Cure Amount Claims associated with each Executory Contract or Unexpired Lease to be assumed pursuant to the Plan will be satisfied, pursuant to section 365(b)(1) of the Bankruptcy Code, at the option of the City: (a) by payment of the Cure Amount Claim in Cash on the Effective Date or (b) on such other terms as are agreed to by the parties to such Executory Contract or Unexpired Lease. If there is a dispute regarding: (a) the amount of any Cure Amount Claim, (b) the ability of the City or any assignee to provide "adequate assurance of future performance" (within the meaning of section 365 of the Bankruptcy Code) under the contract or lease to be assumed or (c) any other matter pertaining to the assumption of such contract or lease, the payment of any Cure Amount Claim required by section 365(b)(1) of the Bankruptcy Code will be made within 30 days following the entry of a Final Order resolving the dispute and approving the assumption.

          e.      Contracts and Leases Entered Into After the Petition Date. Contracts, leases and other agreements entered into after the Petition Date by the City, including (a) any Executory Contracts or Unexpired Leases assumed by the City and (b) the collective bargaining agreements identified on Exhibit II.D.5 to the Plan, will be performed by the City in the ordinary course of its business. Accordingly, such contracts and leases (including any assumed Executory Contracts or Unexpired Leases) will survive and remain unaffected by entry of the Confirmation Order.

          f.      Rejection of Executory Contracts and Unexpired Leases. Each Executory Contract and Unexpired Lease that is listed on Exhibit II.D.6 to the Plan was deemed rejected as of the Effective Date pursuant to section 365 of the Bankruptcy Code. The Confirmation Order constitutes an order of the Bankruptcy Court approving such rejections, pursuant to section 365 of the Bankruptcy Code, as of the later of: (a) the Effective Date or (b) the resolution of any objection to the proposed rejection of an Executory Contract or Unexpired Lease. Each contract or lease listed on Exhibit II.D.6 to the Plan is rejected only to the extent that any such contract or lease constitutes an

Executory Contract or Unexpired Lease. Listing a contract or lease on Exhibit II.D.6 to the Plan does not constitute an admission by the City that such contract or lease is an Executory Contract or Unexpired Lease or that the City has any liability thereunder. Any Claims arising from the rejection of an Executory Contract or Unexpired Lease pursuant to the Plan shall be treated as Class 14 Claims (Other Unsecured Claims), subject to the provisions of section 502 of the Bankruptcy Code.

**g.     Rejection Damages Bar Date. Except as otherwise provided in a Final Order of the Bankruptcy Court approving the rejection of an Executory Contract or Unexpired Lease, Claims arising out of the rejection of an Executory Contract or Unexpired Lease must be Filed with the Bankruptcy Court and served upon counsel to the City on or before the later of: (a) 45 days after the Effective Date, i.e., January 26, 2015; or (b) 45 days after such Executory Contract or Unexpired Lease is rejected pursuant to a Final Order or designated for rejection in accordance with Section II.D.3 of the Plan. Any Claims not Filed within such applicable time periods will be forever barred from receiving a Distribution from, and shall not be enforceable against, the City. Proof of claim forms and instructions for filing claims can be found at the City's restructuring website,** https://www.kccllc.net/detroit.

h.     Preexisting Obligations to the City Under Rejected Executory Contracts and Unexpired Leases. Pursuant to section 365(g) of the Bankruptcy Code, rejection of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall constitute a breach of such contract or lease and not a termination thereof, and all obligations owing to the City under such contract or lease as of the date of such breach shall remain owing to the City upon rejection. Notwithstanding any applicable non-bankruptcy law to the contrary, the City expressly reserves and does not waive any right to receive, or any continuing obligation of a non-City party to provide, warranties, indemnifications or continued maintenance obligations on goods previously purchased, or services previously received, by the City from non-City parties to rejected Executory Contracts or Unexpired Leases, and any such rights shall remain vested in the City as of the Effective Date.

i.     Insurance Policies. From and after the Effective Date, each of the City's insurance policies (other than welfare benefits insurance policies) in existence as of or prior to the Effective Date are reinstated and continue in full force and effect in accordance with their terms and, to the extent applicable, are deemed assumed by the City pursuant to section 365 of the Bankruptcy Code and Section II.D.1 of the Plan. Nothing contained in the Plan shall constitute or be deemed a waiver of any Causes of Action that the City may hold against any Entity, including any insurer under any of the City's insurance policies. For the avoidance of doubt, nothing contained in Section II.D.9 of the Plan shall apply to reinstate or continue any obligation of the City or any fund thereof to any Bond Insurer.

**6.     Payment of Administrative Claims.**

a.     Administrative Claims in General. Except as specified in Section II.A.1 of the Plan, and subject to the bar date provisions therein, unless otherwise agreed by the Holder of an Administrative Claim and the City, or ordered by the Bankruptcy Court, each Holder of an Allowed Administrative Claim will receive, in full satisfaction of such Allowed Administrative Claim, Cash in an amount equal to such Allowed Administrative Claim either: (1) on the Effective Date or as soon as reasonably practicable thereafter; or (2) if the Administrative Claim is not Allowed as of the Effective Date, 30 days after the date on which such Administrative Claim becomes an Allowed Claim. No Claim of any official or unofficial creditors' committee or any member thereof for professionals' fees or other costs and expenses incurred by such creditors' committee or by a member of such creditors' committee shall constitute an Allowed Administrative Claim, except that the Retiree Committee's members and the Retiree Committee Professionals shall be entitled to payment in accordance with the Fee Review Order and any additional fee process established by the Court.

7.     **Bar Dates for Administrative Claims.**

a.     <u>General Bar Date Provisions</u>. Except as otherwise provided in subparagraphs 7(b) or 7(c) below or in a Bar Date Order or other order of the Bankruptcy Court, unless previously Filed, requests for payment of Administrative Claims must be Filed and served on the City no later than 45 days after the Effective Date, i.e., January 26, 2015. Holders of Administrative Claims that are required to File and serve a request for payment of such Administrative Claims and that do not File and serve such a request by the applicable Bar Date will be forever barred from asserting such Administrative Claims against the City or its property, and such Administrative Claims will be deemed discharged as of the Effective Date. Objections to such requests must be Filed and served on the City and the requesting party by the later of (i) 150 days after the Effective Date, i.e., May 11, 2015, (ii) 60 days after the Filing of the applicable request for payment of Administrative Claims or (iii) such other period of limitation as may be specifically fixed by a Final Order for objecting to such Administrative Claims.

b.     <u>Ordinary Course Claims</u>. Holders of Claims based on Liabilities incurred by the City after the Petition Date in the ordinary course of its operations are not required to File or serve any request for payment or application for allowance of such Claims. Such Claims will be paid by the City, pursuant to the terms and conditions of the particular transaction giving rise to such Claims, without further action by the Holders of such Claims or further action or approval of the Bankruptcy Court.

c.     <u>Claims Under the Postpetition Financing Agreement</u>. Holders of Administrative Claims that are Postpetition Financing Claims are not required to File or serve any request for payment or application for allowance of such Claims. Such Administrative Claims will be satisfied as set forth in subparagraph 7(b) above.

d.     <u>No Modification of Bar Date Order</u>. The Plan does not modify any other Bar Date Order, including Bar Dates for Claims entitled to administrative priority under section 503(b)(9) of the Bankruptcy Code.

8.     **ASF Recoupment Cash Option.**

a.     <u>ASF Recoupment Cash Option Election</u>. No later than seven days following the Effective Date, i.e., December 17, 2014, the City, through its Claims and Balloting Agent, will send the ASF Election Notice and the ASF Election Form by first-class U.S. mail to each ASF Distribution Recipient. The ASF Election Notice will notify ASF Distribution Recipients that each ASF Distribution Recipient may elect to pay the total amount of his or her ASF Recoupment in a single lump sum by timely returning a properly-completed ASF Election Form. The ASF Election Form will explain that the amount of the ASF Recoupment Cash Payment shall be equal to the total amount of ASF Recoupment shown on the ASF Distribution Recipient's Ballot, unless the aggregate amount of ASF Recoupment for all ASF Distribution Recipients electing the ASF Recoupment Cash Option exceeds $30,000,000, in which case (i) the ASF Recoupment Cash Payment will be the ASF Distribution Recipient's Pro Rata portion of $30,000,000, and (ii) the remaining portion of the ASF Distribution Recipient's ASF Recoupment will be annuitized and deducted from the ASF Distribution Recipient's monthly pension check, as provided for in Section II.B.3.r.ii.D.2.i of the Plan. *An ASF Distribution Recipient must return his or her ASF Election Form to the Claims and Balloting Agent so that it is actually received by the Claims and Balloting Agent by the ASF Election Date, i.e., 35 days after the date on which the ASF Election Form is mailed.*

b.     <u>ASF Recoupment Cash Payment</u>. GRS will mail the ASF Final Cash Payment Notice no later than 14 days after the ASF Election Date. The ASF Final Cash Payment Notice

-7-

is a notice that will be sent to each ASF Distribution Recipient who timely elects the ASF Recoupment Cash Option, and will indicate the amount of such ASF Distribution Recipient's ASF Recoupment Cash Payment. *ASF Distribution Recipients shall have until the ASF Final Cash Payment Date – i.e., the later of (i) 90 days after the Effective Date, i.e., March 10, 2015 or (ii) 50 days after the date of mailing of an ASF Final Cash Payment Notice – to make the ASF Recoupment Cash Payment, which payment must be made by cashier's check or wire transfer and may not be made by personal check. If an ASF Distribution Recipient's ASF Recoupment Cash Payment is not received by the ASF Final Cash Payment Date, GRS will notify the ASF Distribution Recipient of the failure to timely pay, and ASF Recoupment will be effected through diminution of such recipient's monthly pension check, as provided for in Section II.B.3.r.ii.D.2.i of the Plan.* The calculation of each electing ASF Distribution Recipient's ASF Recoupment Cash Payment shall not be adjusted under any circumstances, including as a result of default by any other electing ASF Distribution Recipient to remit his or her ASF Recoupment Cash Payment by the ASF Final Cash Payment Date.

        9.     **Copies of the Plan and Confirmation Order.** Copies of the Plan, Confirmation Order and all other documents Filed in the Chapter 9 Case may be obtained, free of charge, from the City's restructuring website at https://www.kccllc.net/detroit or from Kurtzman Carson Consultants LLC by calling (877) 298-6236 (toll-free).

<div align="center">BY ORDER OF THE COURT</div>

David G. Heiman (OH 0038271)  
Heather Lennox (OH 0059649)  
Thomas A. Wilson (OH 0077047)  
JONES DAY  
North Point  
901 Lakeside Avenue  
Cleveland, Ohio 44114  
Telephone: (216) 586-3939  
Facsimile: (216) 579-0212  
dgheiman@jonesday.com  
hlennox@jonesday.com  
tawilson@jonesday.com  

Bruce Bennett (CA 105430)  
JONES DAY  
555 South Flower Street  
Fiftieth Floor  
Los Angeles, California 90071  
Telephone: (213) 243-2382  
Facsimile: (213) 243-2539  
bbennett@jonesday.com  

Jonathan S. Green (MI P33140)  
Stephen S. LaPlante (MI P48063)  
MILLER, CANFIELD, PADDOCK AND  
   STONE, P.L.C.  
150 West Jefferson  
Suite 2500  
Detroit, Michigan 48226  
Telephone: (313) 963-6420  
Facsimile: (313) 496-7500  
green@millercanfield.com  
laplante@millercanfield.com  

<div align="center">ATTORNEYS FOR THE CITY</div>

## CERTIFICATE OF SERVICE

I, Heather Lennox, hereby certify that the foregoing Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date was filed and served via the Court's electronic case filing and noticing system on this 10th day of December, 2014.

/s/  Heather Lennox

# EXHIBIT E

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
-----------------------------------------------------x
                                        :
In re                                   : Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              : Case No. 13-53846
                                        :
                     Debtor.            : Hon. Steven W. Rhodes
                                        :
                                        :
                                        :
-----------------------------------------------------x
```

## ORDER, PURSUANT TO SECTIONS 105, 501 AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

This matter coming before the Court on the Motion of Debtor,

Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy

Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing

Proofs of Claim and Approving Form and Manner of Notice Thereof

(the "Motion"),[1] filed by the City of Detroit (the "City"); the City having filed the

Notice of Filing of Amended Exhibits 6.1 and 6.2 to Motion of Debtor, Pursuant to

Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002

and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

Claim and Approving Form and Manner of Notice Thereof (Docket No. 1330)

(the "Amended Exhibits"); the following responses to the Motion (collectively,

the "Responses") having been filed:

(a)  The Response (Docket No. 1360) of the Michigan Council 25 of the American Federation of State, County & Municipal Employees, AFL-CIO and Sub-Chapter 98, City of Detroit Retirees ("AFSCME");

(b)  The Response (Docket No. 1365) of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association and the Detroit Police Command Officers Association (collectively, the "Public Safety Unions");

(c)  The Response (Docket No. 1372) of the Police and Fire Retirement System of the City of Detroit and the General Retirement System of the City of Detroit;

(d)  The Response (Docket No. 1424) (the "Retiree Committee Response") of the Official Committee of Retirees (the "Retiree Committee");

(e)  The Response (Docket No. 1432) of the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW");

(f)  The Response (Docket No. 1438) of the Retired Detroit Police Members Association, concurring in the Retiree Committee Response;

(g)  The Response (Docket No. 1442) (the "Retiree Association Response") of the Retired Detroit Police & Fire Fighters Association, Donald Taylor, the Detroit Retired City Employees Association and Shirley V. Lightsey (collectively, the "Retiree Association Parties");[2]

(h)  The Response (Docket No. 1460) (the "Assured Response") of Assured Guaranty Municipal Corp.;

---

[2]  The Retiree Association Response corrected an earlier Response (Docket No. 1430), filed by the Retiree Association Parties.

     (i)     The Response (Docket No. 1461) of National Public Finance Guarantee Corporation joining in the Assured Response;

     (j)     The Response (Docket No. 1465) of Ambac Assurance Corporation joining in the Assured Response; and

     (k)     The supplemental Response (Docket No. 1523) of the Public Safety Unions.

The City having filed the Reply in Support of Motion of Debtor, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Reply"); the Court having reviewed the Motion, the Amended Exhibits, the Responses and the Reply and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court finding that:  (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b); and (c) notice of the Motion and the Hearing was sufficient under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion, the Amended Exhibits, the Reply and at the Hearing establish just cause for the relief granted herein;

ATI 28393467
-3-
13-53846-swr   Doc 1782   Filed 11/21/13   Entered 11/21/13 09:24:03   Page 3 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 109 of 166

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED, as set forth herein, and the
Responses are resolved or addressed by the terms of this Order or as set forth on
the record of the Hearing.

2.      As used herein, (a) the term "claim" has the meaning given to
such term in section 101(5) of the Bankruptcy Code, (b) the term "entity" has the
meaning given to such term in section 101(15) of the Bankruptcy Code and (c) the
term "governmental unit" has the meaning given to such term in section 101(27) of
the Bankruptcy Code.

3.      The form of (a) Notice of Deadlines for Filing of Proofs of
Claim attached as Exhibit B to the Reply and attached hereto as <u>Annex I</u> (the "<u>Bar
Date Notice</u>") and (b) the proof of claim form attached as Exhibit 6.3 to the Motion
and attached hereto as <u>Annex II</u> (the "<u>Proof of Claim Form</u>" and, together with the
Bar Date Notice, the "<u>Bar Date Notice Package</u>"), and the manner of providing
notice of the Bar Dates proposed in the Motion, are approved in all respects
pursuant to Bankruptcy Rules 2002(a)(7) and 2002(l).  The form and manner of
notice of the Bar Dates approved herein are deemed to fulfill the notice
requirements of the Bankruptcy Code and the Bankruptcy Rules.  As such, the
Debtors are authorized to serve the Bar Date Notice Package in the manner
described in paragraphs 23 through 26 below.  In addition, the City is authorized to

ATI-2583914v7                                                           -4-
13-53846-swr   Doc 1782   Filed 11/21/13   Entered 11/21/13 09:24:03   Page 4 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 110 of
166

make non-substantive edits or corrections to the Bar Date Notice and the Proof of Claim form, consistent with the terms of this Order.

    4.  Except as otherwise provided in this Order, all entities (including, without limitation, individuals, partnerships, corporations, joint ventures and trusts) that assert claims against the City that arose (or are deemed to have arisen) prior to July 18, 2013 (any such claim, a "Prepetition Claim") must file a proof of claim in writing in accordance with the procedures described herein by 4:00 p.m., Eastern Time, on February 21, 2014 (the "General Bar Date").

    5.  Except as otherwise provided in this Order, the General Bar Date applies to all types of Prepetition Claims, including secured claims, unsecured priority claims and unsecured nonpriority claims. For the avoidance of doubt, the General Bar Date shall apply to claims asserting administrative expense priority under section 503(b)(9) of the Bankruptcy Code ("503(b)(9) Claims"). The filing of a proof of claim form shall satisfy the procedural requirements for the assertion of 503(b)(9) Claims. All administrative claims under section 503(b) of the Bankruptcy Code, other than 503(b)(9) Claims and the administrative portions of Rejection Damages Claims (as defined below), shall not be deemed proper if asserted by proof of claim.

    6.  Subject to the provisions of paragraphs 16 through 19 of this Order with respect to holders of claims subject to the Rejection Damages Bar Date,

ATI-2585361v17

-5-

13-53846-swr   Doc 1782   Filed 11/21/13   Entered 11/21/13 09:24:03   Page 5 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 111 of 166

the Amended Claims List Bar Date and the Governmental Bar Date, and the

exceptions described in paragraph 8 below, the following entities must file a proof

of claim on or before the General Bar Date:

>    (a)    Any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City (a "Chapter 9 Plan"); and

>    (b)    Any entity that believes that its prepetition claim is improperly classified in the List of Claims or is listed in an incorrect amount or priority and that desires to have its claim allowed in a classification, priority or amount other than that identified in the List of Claims, *provided that* any holder of GO Bonds (as defined below) asserting a claim solely for principal and interest in connection with such bonds is not required to file a proof of claim to preserve its right to a *pro rata* share of distributions on account of the amount of principal and interest under such bonds listed in the City's List of Claims.

>    7.    The following procedures for the filing of proofs of claim shall

apply:

>    (a)    Proofs of claim must be on the Proof of Claim Form or otherwise conform substantially to Official Bankruptcy Form No. 10;

>    (b)    Proofs of claim must be filed by mailing the original proof of claim or delivering the original proof of claim by hand or overnight courier either to: (a) the City of Detroit Claims Processing Center c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245; or (b) the Clerk of the Court, United States Bankruptcy Court for the Eastern District of Michigan, 211 West Fort Street, Suite 1700, Detroit, Michigan 48226. Proofs of claim submitted by facsimile, electronic mail or electronic (ECF) court filing shall not be accepted and shall not be deemed properly filed;

ATI-2880301v17
13-53846-swr   Doc 1782   Filed 11/21/13   -6-   Entered 11/21/13 09:24:03   Page 6 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 112 of 166

(c)     Proofs of claim will be deemed timely filed only if underline{actually received} by the City's claims agent, Kurtzman Carson Consultants LLC ("KCC"), or the Court at the addresses set forth in the foregoing subparagraph on or before the applicable Bar Date. If a creditor wishes to receive acknowledgement of receipt of a proof of claim by KCC or the Clerk of this Court (the "Clerk's Office"), the creditor also must submit to KCC or Clerk's Office by the applicable Bar Date and concurrently with submitting its original proof of claim: (i) a copy of the original proof of claim; and (ii) for claims submitted to KCC or by mail to the Clerk's Office, a self-addressed, postage prepaid return envelope; and

(d)     Proofs of claim must (i) be signed by the claimant or by an authorized agent of the claimant; (ii) include any documents upon which the claim is based (or, if such documents are voluminous, a summary) or an explanation as to why the documents are not available; (iii) be written in the English language; and (iv) be denominated in United States currency. Any claimant that provides a summary in lieu of the documentation required by Bankruptcy Rule 3001 shall transmit the documents in support of its claim to KCC and the City within ten days after the date of any written request by the City for such documents.

8.     Entities holding the following claims (to the extent such claims would be subject to the General Bar Date) shall underline{not} be required to file proofs of claim in this chapter 9 case on account of such claims:

(a)     Any claim for liabilities associated with post-employment benefits under the City's Health and Life Insurance Benefit Plan, the Supplemental Death Benefit Plan or other non-pension post-employment welfare benefits, including unfunded actuarially accrued liabilities (any such claim, a "Healthcare Liability Claim").

(b)     Any claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement System and the Police and Fire Retirement System, for pension benefits or unfunded pension liabilities (any such claim, a "Pension Liability Claim").

(c)     Any claim of (or on behalf of) an active employee for ordinary course compensation and employment benefits, including, without limitation, wages, salaries, employee medical benefits and/or insurance

-7-

ATI-2858301v47
13-53846-swr    Doc 1782    Filed 11/21/13    Entered 11/21/13 09:24:03    Page 7 of 35
13-53846-tjt    Doc 10988    Filed 03/29/16    Entered 03/29/16 14:47:21    Page 113 of 166

benefits ("Ordinary Course Compensation Claims"), *provided, however*, that Ordinary Course Compensation Claims shall not include claims asserted or to be asserted in any lawsuit or similar proceeding even where such claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits.

(d)     Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the Secured Bonds or (ii) the COPs.

(e)     Any claim by a holder for the repayment of principal or interest on or under the City's unlimited tax general obligation bonds, limited tax general obligation bonds and general fund bonds (collectively, the "GO Bonds") to preserve its right to a *pro rata* share of distributions on account of the amount of principal and interest under such bonds listed in the City's List of Claims.

(f)     Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures, *provided, however*, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(g)     Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk's Office or KCC in a form substantially similar to Official Bankruptcy Form No. 10;

(h)     Any claim that is listed on the List of Claims if (i) the claim is not listed as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims;

(i)     Any claim that previously has been allowed by order of the Court;

(j)     Any claim that has been paid in full by the City; and

(k)     Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any

-8-

13-53846-swr   Doc 1782   Filed 11/21/13   Entered 11/21/13 09:24:03   Page 8 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 114 of 166

503(b)(9) Claim or any portion of a Rejection Damages Claim asserting administrative priority under section 503(b) of the Bankruptcy Code).

9.      Nothing herein shall operate to limit or deny the right of: (a) any employee or retiree to vote on any Chapter 9 Plan proposed by the City in this case with respect to Healthcare Liability Claims or Pension Liability Claims that they may possess; or (b) any entity to file any proof of claim that such entity deems necessary or appropriate, subject to any rights the City or other parties in interest may have to object to any such proof of claim.

10.      For the avoidance of doubt, the following entities should file proofs of claim to the extent the filing of such claim is not otherwise made unnecessary by the terms of the foregoing paragraph 8:  (a) employees and retirees asserting Prepetition Claims *other than* Healthcare Liability Claims, Pension Liability Claims or Ordinary Course Compensation Claims and (b) insurers of the GO Bonds asserting claims in connection with such bonds.

11.      Each of the Public Safety Unions may file one or more omnibus proofs of claim by the General Bar Date for its members with respect to (a) claims related to grievances for its respective members and/or (b) defense and indemnification claims arising from tort claims asserted or that may be asserted by third parties against the City and/or such Public Safety Union member(s), subject to the City's right to object to any such claims.  The filing of any such omnibus

-9-

13-53846-swr   Doc 1782   Filed 11/21/13   Entered 11/21/13 09:24:03   Page 9 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 115 of 166

proof of claim is without prejudice to the right of any Public Safety Union member to file a claim on his or her own behalf.

12.     The Retiree Committee may file one or more protective proofs of claim on behalf of retirees and their beneficiaries on account of Healthcare Liability Claims and Pension Liability Claims, subject to the City's rights to object to such claims.  For the avoidance of doubt, it is not necessary for the Retiree Committee to file any such proof of claim:  (a) to preserve the rights of retirees and their beneficiaries to receive any distributions from the City to which they may be entitled; or (b) to vote on any Chapter 9 Plan, to the extent such retirees and beneficiaries otherwise would be entitled to do so.  In addition, nothing herein shall preclude the Retirement Systems from filing proofs of claim on behalf of retirees and beneficiaries on account of Pension Liability Claims, nor shall this Order constitute a judicial determination of the proper party or parties to assert any claim.

13.     UAW may file one or more omnibus proofs of claim on behalf of UAW-represented employees and former employees, regardless of the nature of such claims, including, without limitation, claims for post-retirement health obligations, pension obligations (whether benefits, underfunding or otherwise) or other compensation, subject to the City's right to object to any such claims. The City shall reasonably cooperate with UAW in providing names and addresses of City retirees who are former employees of UAW-represented City bargaining

units to the extent the City has such information. The filing of any such omnibus proof of claim is without prejudice to the right of any UAW-represented employee or former employee to file a claim on his or her own behalf.

14.    AFSCME may file one or more omnibus proofs of claim on behalf of AFSCME-represented employees and former employees, regardless of the nature of such claims, including, without limitation, claims for post-retirement health obligations, pension obligations (whether benefits, underfunding or otherwise) or other compensation, subject to the City's right to object to any such claims. The City shall reasonably cooperate with AFSCME in providing names and addresses of City retirees who are former employees of AFSCME-represented City bargaining units to the extent the City has such information. The filing of any such omnibus proof of claim is without prejudice to the right of any AFSCME-represented employee or former employee to file a claim on his or her own behalf.

15.    For the avoidance of doubt, the classification, priority and treatment of claims for principal and interest under the GO Bonds pursuant to any Chapter 9 Plan shall not be affected by any provision of this Order or by whether or not the holders of GO Bonds file or do not file proofs of claim.

16.    Any entities asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with

section 365 of the Bankruptcy Code and pursuant to an order of this Court entered

prior to the confirmation of the City's Chapter 9 Plan (a "Rejection Order"), or

claims otherwise related to such rejected agreements, including (a) secured claims,

unsecured priority claims and unsecured nonpriority claims that arose or are

deemed to have arisen prior to the Petition Date and (b) administrative claims

under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damages

Claims") are required to file proofs of claim by the later of (a) the General Bar

Date and (b) 4:00 p.m., Eastern Time, on the first business day that is at least

30 days after the entry of the applicable Rejection Order (the "Rejection Damages

Bar Date"). For the avoidance of doubt, all prepetition and postpetition claims of

any kind or nature relating to executory contacts or unexpired leases rejected by a

Rejection Order must be filed by the Rejection Damages Bar Date. Rejection

Orders entered after the date of entry of this Order shall include a description of the

Rejection Damages Bar Date in the text of the Rejection Order.

      17.    Each entity asserting a Rejection Damages Claim with an

administrative claim component must file, along with its proof of claim, a detailed

statement describing the nature and basis of the portion of the Rejection Damages

Claim asserting an administrative priority under section 503(b) of the Bankruptcy

Code (the "Administrative Claim Supplement"). The filing of a proof of claim

form, along with an attached Administrative Claim Supplement, if applicable, shall

satisfy the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein).

18.    The City shall retain the right to:  (a) dispute, or assert offsets or defenses against, any Filed Claim or any Scheduled Claim as to nature, amount, liability, classification, priority or otherwise; (b) subsequently designate any Scheduled Claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the List of Claims.  If the City amends or supplements the List of Claims after the Service Date, the City shall give notice of any such amendment or supplement to the holders of claims affected thereby, including notice of the applicable Amended Claims List Bar Date to file proofs of claim in response to the amendment or supplement to the List of Claims.

19.    In particular, if the City amends or supplements its List of Claims to:  (a) reduce the undisputed, noncontingent and liquidated amount of a claim; (b) change the nature, classification or priority of a Scheduled Claim in a manner adverse to the listed creditor; or (c) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the Bar Dates (in each case, a "Modified Claim"), the affected claimant shall be permitted to file a proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim in accordance with the procedures described herein by the later of (a) the General Bar Date; and (b) 4:00 p.m., Eastern Time, on the

13-53846-swr   Doc 1782   Filed 11/21/13   Entered 11/21/13 09:24:03   Page 13 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 119 of 166

13

first business day that is at least 30 days after the date that notice of the applicable

amendment to the List of Claims is served on the claimant (the "Amended Claims

List Bar Date"). By contrast, if the amendment to the List of Claims improves the

amount or treatment of a previously listed or filed claim, a claimant that previously

was served with a notice of the Bar Dates is not permitted to file additional claims

by the Amended Claims List Bar Date; *provided, however*, that nothing contained

herein shall be construed to limit, enhance or otherwise affect a claimant's right to

amend a timely filed proof of claim.

20.    Nothing contained in this Order shall preclude the City from

objecting to any claim, whether listed or filed, on any grounds. In addition,

nothing herein limits, or is intended to limit, any claimant's rights to defend against

any objection.

21.    Pursuant to Bankruptcy Rule 3002(c)(1), the date by which

governmental units shall file proofs of claim in this case shall be the later of:

(a) the first business day that is at least 180 days following the date of the entry of

an order for relief in this case; and (b) any Rejection Damages Bar Date or

Amended Claims List Bar Date applicable to the governmental unit.

22.    Pursuant to section 105(a) of the Bankruptcy Code and

Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in

this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order

14

13-53846-swr    Doc 1782    Filed 11/21/13    Entered 11/21/13 09:24:03    Page 14 of 35
13-53846-tjt    Doc 10988    Filed 03/29/16    Entered 03/29/16 14:47:21    Page 120 of
166

with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

23.    Within five business days after the entry of this Order or as soon as practicable thereafter, the City, through KCC or otherwise, shall serve the Bar Date Notice Package by first class mail, postage prepaid (or equivalent service), on:

      (a)    all known potential claimants (or their counsel, if known), including all entities identified as potential claim holders in the List of Claims;

      (b)    the Trustees;

      (c)    counsel to the Official Committee of Retirees appointed in this case;

ATI-2585634v17
13-53846-swr   Doc 1782   Filed 11/21/13   Entered 11/21/13 09:24:03   Page 15 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 121 of 166

(d)     all parties that have requested notice of the proceedings in this case as of the date of this Order;

(e)     all parties that have filed proofs of claim in this case as of the date of this Order;

(f)     all known parties to executory contracts and unexpired leases with the City, including all parties to executory contracts and unexpired leases rejected by a Rejection Order, if any, as of the date of this Order;

(g)     all known parties to pending litigation with the City;

(h)     the United States Attorney for this District; and

(i)     all federal and state environmental protection agencies for this jurisdiction.

24.     The City also shall serve the Bar Date Notice on the holders of the GO Bonds. If DTC has not already provided the Institutional Nominee List to the City as of the date of this Order, DTC is directed to provide the City with the Institutional Nominee List within three business days of this date or as soon as practicable thereafter. Service of the Bar Date Notice by electronic mail on those holders of the GO Bonds that previously consented in writing to receive notices regarding the GO Bonds by electronic mail shall constitute adequate notice of the Bar Dates on such holders.

25.     As part of the Bar Date Package, the City shall mail one or more Proof of Claim Forms (as appropriate) to the parties receiving the Bar Date Notice. Except with respect to holders of GO Bonds, for holders of Scheduled Claims listed in the List of Claims, the Proof of Claim Form mailed to such entities

shall indicate how the City has listed the creditor's claim in the List of Claims, including: (a) the amount of the claim, if any; (b) whether the claim is listed as disputed, contingent or unliquidated; and (c) whether the claim is listed as a secured claim or an unsecured nonpriority claim. Along with Proof of Claim Forms distributed to the holders of GO Bonds, the City will provide a schedule identifying the amount listed in the List of Claims for each series of GO Bonds.

26.    Pursuant to Bankruptcy Rule 2002(f), the City shall publish the Bar Date Notice, once, in the *Detroit Free Press*, *The Detroit News* and national editions of *USA Today* and *The Wall Street Journal* at least 28 days prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates. The City is authorized to modify the Bar Date Notice to the extent necessary or appropriate to conform the Bar Date Notice to publication and minimize expense.

27.    The City and KCC are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

28.    The entry of this Order is without prejudice to the right of the City to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

13-53846-swr    Doc 1782    Filed 11/21/13    Entered 11/21/13 09:24:03    Page 17 of 35
13-53846-tjt    Doc 10988    Filed 03/29/16    Entered 03/29/16 14:47:21    Page 123 of 166

17

29.    The Court retains jurisdiction with respect to all matters arising

from or related to the interpretation, implementation and/or enforcement of this

Order.

Signed on November 21, 2013

                                            /s/ Steven Rhodes
                                        Steven Rhodes
                                        United States Bankruptcy Judge

13-53846-swr    Doc 1782    Filed 11/21/13    18    Entered 11/21/13 09:24:03    Page 18 of 35
13-53846-tjt    Doc 10988    Filed 03/29/16    Entered 03/29/16 14:47:21    Page 124 of
166

# ANNEX I

13-53846-swr   Doc 1782   Filed 11/21/13   Entered 11/21/13 09:24:03   Page 19 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 125 of
166

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

------------------------------------------------------------x
                      :

In re                        :       Chapter 9
                      :

CITY OF DETROIT, MICHIGAN,    :       Case No. 13-53846
                      :

             Debtor.    :       Hon. Steven W. Rhodes
                      :
                      :
------------------------------------------------------------x

## INFORMATION ABOUT DEADLINES TO FILE CLAIMS

### OVERVIEW – KEY POINTS

- This document is a legal notice concerning the bankruptcy case of the City of Detroit, Michigan. This document is being sent to all parties that may be owed money by the City (known as "creditors").

- **The Overview on this page describes the key terms of this document. Please read the entire document carefully for further details. On the following pages, each section of this document includes a summary of the main points, followed by more detailed information.**

- In bankruptcy, creditors may be required to file claim forms stating the amount of money owed to them as of the day the bankruptcy was filed. This document explains how to file claims.

- **Many creditors in the City's bankruptcy case are not required to file a claim**. This document explains who is required to file a claim and who is not required to file a claim. If you are not required to file a claim, then you do not need to take any action at this time to preserve your right to vote on or receive payments under a restructuring plan.

- **The following parties are not required to file a claim** *(for further information, see Section 1 of this document)*:

  o **City retirees and their beneficiaries** are not required to file claims for pension or healthcare benefits or other post-employment welfare benefits.

  o **City employees and their beneficiaries** are not required to file claims for pension or healthcare benefits, routine wages or other employment benefits.

  o **Taxpayers** are not required to file claims for routine income tax refunds.

  o **Bondholders** holding any of the bonds identified on the "Schedule of Secured Bonds" on the last two pages of this document and **holders of Certificates of Participation** issued by the City are not required to file claims for the repayment of principal, interest and/or other applicable fees and charges.

  o **Other bondholders** holding general obligation bonds are not required to file claims to receive their *pro rata* share of distributions on account of the amount of principal and interest calculated by the City.

- If you are required to file a claim against the City, you must do so by **February 21, 2014 at 4:00 p.m., Eastern Time**. A form that you may use to file your claim is provided with this document. *For further information, and other special deadlines for certain creditors, see Sections 3 and 4 of this document.*

- Claims may be mailed or hand delivered to the City's agent (Kurtzman Carson Consultants) or to the Court at the addresses provided in Section 5 of this document.

- After reading this document, if you have any questions regarding the filing of a claim, you may contact the City of Detroit Claims Hotline toll-free during normal business hours at **(877) 298-6236**. Please note that the people answering the hotline phone number are not able to provide legal advice. If you have questions about your legal rights, including whether you need to file a claim, you should talk to a lawyer.

**[Note: This Overview and the Summaries herein are for the service version, not the publication version, of this Notice.]**

NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM
(GENERAL BAR DATE IS FEBRUARY 21, 2014
AT 4:00 P.M., EASTERN TIME)

**TO ALL PERSONS AND ENTITIES WITH CLAIMS
AGAINST THE CITY OF DETROIT, MICHIGAN (THE "CITY"):**

On [_____], 2013, the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") entered an order (Docket No. [____]) (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the chapter 9 bankruptcy case of the City.

By the Bar Date Order, the Court established **February 21, 2014 at 4:00 p.m., Eastern Time** (the "General Bar Date"), as the general claims bar date for filing proofs of claim in the City's case. As described below, certain claimants are not required to file proofs of claim with respect to their claims, and the Bar Date Order also establishes different bar dates with respect to certain categories of claims. See Section 1 for more information. *To determine if you need to file a proof of claim in this case and the applicable deadline and instructions for filing a proof of claim, please read this Notice carefully.*

*List of Claims*

On September 30, 2013, the City filed its Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), which constitutes the City's list of claims (as amended or supplemented from time to time, the "List of Claims") under section 925 of title 11 the United States Code (the "Bankruptcy Code"). Any claim identified on the List of Claims is referred to herein as a "Scheduled Claim."

*Proof of Claim Form*

For your convenience, enclosed with this Notice is a proof of claim form (the "Claim Form"), which identifies on its face the amount, nature and classification of your claim(s), if any, listed in the City's List of Claims. *If you are the holder of a general obligation bond (defined in Section 1 as GO Bonds), please note that the List of Claims identifies the City's calculation of the total bond debt by series as of commencement of the City's bankruptcy case on July 18, 2013, and the List of Claims does not identify the amount owed to any particular bondholder. If you are a holder of a GO Bond, the amount listed by the City in the List of Claims for each series of GO Bonds is provided with your Claim Form.*

A blank copy of the Claim Form is available on the City's restructuring website at www.kccllc.net/detroit, along with all other documents filed in the City's bankruptcy case. **[Note: The preceding two paragraphs are for the service version, not the publication version, of this Notice.]**

For the convenience of potential claimants, a proof of claim form prepared for use in the City's chapter 9 case (the "Claim Form"), along with all other documents filed in the City's bankruptcy case, is available on the City's restructuring website at www.kccllc.net/detroit. **[Note: This paragraph is for the publication version of this Notice.]**

*Certain Definitions*

The following definitions come from the Bankruptcy Code and are provided for your convenience.

As used in this Notice the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes, among other things, individuals, partnerships, corporations, joint ventures and trusts.

As used in this Notice, the term "claim" means, as to or against the City and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

-2-

## SECTION 1 — WHO IS NOT REQUIRED TO FILE A PROOF OF CLAIM

---

**SUMMARY**

- **Section 1 describes which of the City's creditors are not required to file a claim. It states that the following creditors, among others, are not required to file a claim:**

  o **City retirees and their beneficiaries** are not required to file claims for pension or healthcare benefits or other post-employment welfare benefits. *The City will work with retiree representatives to establish an appropriate process for retirees and their beneficiaries to vote on and receive payments under any restructuring plan.*

  o **City employees and their beneficiaries** are not required to file claims for pension or healthcare benefits, routine wages or other employment benefits. *The City will work with employee representatives to establish an appropriate process for employees to vote on and receive payments under any restructuring plan.*

  o **Taxpayers** are not required to file claims for routine income tax refunds. *The City will continue to process routine income tax refunds according to its usual procedures.*

  o **Bondholders** holding any of the bonds identified on the "Schedule of Secured Bonds" on the last two pages of this Notice and **holders of Certificates of Participation** issued by the City are not required to file claims for the repayment of principal, interest and/or other applicable fees and charges. *In each case, the applicable trustee or other agent has agreed to file the claim on behalf of the holders.*

  o **Other bondholders** holding general obligation bonds are not required to file claims to receive their *pro rata* share of distributions on account of the amount of principal and interest listed on the City's list of claims. *See Section 8 for more details about the list of claims.*

- A restructuring plan is a document that explains how the City proposes to pay the amounts it owes to its creditors. Once filed, this plan will be available for creditors to review. **If you are not required to file a claim, you do not need to complete and return a claim form, and you will still keep your rights to vote on a restructuring plan and receive payments under the plan.** Who gets to vote on the plan will be determined at a later date. The amount you may receive under the plan also will be determined later. The plan may propose that you receive less than the amount you are owed.

- **Even if you are not required to file a claim form, you are permitted to do so.**

---

        The Bar Date Order provides that entities holding the following claims **are not required** to file proofs of claim on account of such claims to preserve any right they may have to receive distributions from the City and vote on any chapter 9 plan of adjustment (a "<u>Plan</u>") proposed by the City:

    (a)      Claims of retirees, employees or other beneficiaries for (a) post-employment benefits under the City's Health and Life Insurance Benefit Plan, the Supplemental Death Benefit Plan or other non-pension post-employment welfare benefits, including unfunded actuarially accrued liabilities (any such claim, a "<u>Retirement Healthcare Claim</u>") and (b) pension benefits (any such claim, a "<u>Pension Claim</u>") under the City's two retirement systems, the General Retirement System and the Police and Fire Retirement System (together, the "<u>Retirement Systems</u>"). In consultation with the Official Committee of Retirees appointed in the Chapter 9 Case (the "<u>Retiree Committee</u>"), other groups representing the interests of current and future recipients of post-employment healthcare and pension benefits and, in the case of Pension Claims, the Retirement Systems, the City intends to establish an appropriate mechanism for such retirees, employees or other beneficiaries to vote on any Plan with respect to any pension and healthcare claims they may possess.

    (b)      Claims of active employees for ordinary course compensation and employment benefits including, without limitation, wages, salaries, employee medical benefits and insurance benefits ("<u>Ordinary Course Compensation Claims</u>"). The City intends to continue to pay Ordinary Course Compensation Claims in the normal course. Accordingly, active employees need not file proofs of claim on account of Ordinary Course Compensation Claims. For the avoidance of doubt, claims asserted or to be asserted in any lawsuit or similar proceeding are not Ordinary Course

-3-

13-53846-swr   Doc 1782   Filed 11/21/13   Entered 11/21/13 09:24:03   Page 22 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 128 of 166

Compensation Claims even where the claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits.

(c)     Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the bonds identified on the "Schedule of Secured Bonds" on the last two pages of this Notice (collectively, the "Secured Bonds") or (ii) any certificates of participation issued by the City (collectively, the "COPs"). In each case, the trustee or similar entity with respect to the applicable series of Secured Bonds or COPs has informed the City that, consistent with Bankruptcy Rule 3003(c), it intends to: (i) file any proofs of claim against the City on behalf of the holders of the Secured Bonds and the COPs; and (ii) provide notice to the holders of the Secured Bonds and the COPs.

(d)     Any claim by a holder for the repayment of principal or interest on or under the City's unlimited tax general obligation bonds, limited tax general obligation bonds and general fund bonds (collectively, the "GO Bonds" or "general obligations bonds") to preserve its right to a *pro rata* share of payments on account of the amount of principal and interest under such bonds listed in the List of Claims. Holders of GO Bonds with claims for amounts beyond principal and interest under these bonds are required to file claims for those additional amounts unless another exception applies. Also, the insurers of the GO Bonds must file any claims relating to the GO Bonds by the General Bar Date. The classification, priority and treatment of claims for principal and interest under the GO Bonds pursuant to any Chapter 9 Plan shall not be affected by any provision of the Bar Date Order or by whether or not the holders of GO Bonds file or do not file proofs of claim.

(e)     Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures, provided, however, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(f)     Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk of this Court in a form substantially similar to Official Bankruptcy Form No. 10.

(g)     Any claim that is listed on the List of Claims if (i) the claim is not listed as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims.

(h)     Any claim that previously has been allowed by order of the Court.

(i)     Any claim that has been paid in full by the City.

(j)     Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than any 503(b)(9) Claim or any portion of a Rejection Damages Claim asserting administrative priority under section 503(b) of the Bankruptcy Code).

*For the avoidance of doubt, nothing herein or in the Bar Date Order affects any right that the claimants identified in subsections (a) through (h) of this Section 1 may have to vote on and receive distributions under any Plan proposed by the City. Further, nothing herein or in the Bar Date Order should be construed as an agreement by the City or a determination by the Court that any particular party is the proper holder of any specific claim against the City with the right to vote on any Plan proposed by the City and receive distributions from the City on account of such claim.*

*Nothing in this Section 1 limits the right of any entity (including, without limitation, the City, the Retiree Committee, the Retirement Systems or the City's unions, employees, retirees, bondholders, bond insurers, trustees, paying agents or any other entity) to (a) assert any proof of claim authorized under the Bankruptcy Code or (b) object to any proof of claim on any grounds to the extent permitted under the Bankruptcy Code.*

-4-

13-53846-swr   Doc 1782    Filed 11/21/13   Entered 11/21/13 09:24:03   Page 23 of 35
13-53846-tjt    Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 129 of
166

## SECTION 2 — WHO MUST FILE A PROOF OF CLAIM

---

### SUMMARY

- **Section 2 explains who must file a claim. If none of the exceptions in Section 1 apply to you, then you must file a claim.**

- Note that the instructions in this document are for filing claims for any amounts owed to you by the City that "arose" before July 18, 2013, when this bankruptcy case was filed. That may include amounts promised to you before July 18, 2013, even if they were not due until later.

- If you are the holder of a bond listed at the end of this document, or the holder of a Certificate of Participation, a trustee or agent has indicated that it will file a claim on your behalf.

- If you hold general obligation bonds, you are not required to file claims for your *pro rata* share of distributions on account of the amount of principal and interest listed on the City's list of claims. *See Section 8 for more details about the list of claims.* Claims for other amounts should be filed by the deadline.

- **Even if you are not required to file a claim form, you are permitted to do so.**

---

If none of the exceptions described in Section 1 applies, and if you have a claim that arose or is deemed to have arisen prior to the Filing Date (any such claim, a "Prepetition Claim"), you MUST file a proof of claim to share in distributions from the City's bankruptcy case and to vote on a Plan. Claims based on acts or omissions of the City that occurred before the Filing Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Except where one of the exceptions described in Section 1 applies (or where the Rejection Damages Bar Date, the Amended Claims List Bar Date or the Governmental Bar Date applies to establish a different deadline), the following entities must file proofs of claim on or before the General Bar Date:

(a)     any entity (i) whose Prepetition Claim against the City is not listed in the City's List of Claims or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any Plan; and

(b)     any entity that believes its Prepetition Claim is improperly classified in the List of Claims or is listed in an incorrect amount or priority and that desires to have its claim allowed in a classification, priority or amount other than that identified in the List of Claims, *provided that* any holder of GO Bonds asserting a claim for principal and interest in connection with such bonds is not required to file a proof of claim to preserve its right to a *pro rata* share of distributions on account of the amount of principal and interest under such bonds listed in the City's List of Claims.

*Note that the Bar Date Order should not be construed as an agreement by the City or a determination by the Court that any particular party is the proper holder of any specific claim against the City with the right to vote on any Plan proposed by the City and receive distributions from the City on account of such claim.*

-5-

13-53846-swr   Doc 1782   Filed 11/21/13   Entered 11/21/13 09:24:03   Page 24 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 130 of 166

## SECTION 3 — THE BAR DATES

```
┌──────────────────────────────────────────────────────────────────────────────┐
│                                   SUMMARY                                      │
│                                                                                │
│  •  Section 3 states that the general deadline for creditors to file claims is │
│     February 21, 2014 at 4:00 p.m., Eastern Time.                              │
│                                                                                │
│  •  "Bar date" is the legal term for the deadline to file a claim form.        │
│                                                                                │
│  •  There are other later deadlines for filing claims that apply to certain    │
│     parties. Additional information about these deadlines will be sent to      │
│     those parties. These deadlines also are explained in Section 3.            │
└──────────────────────────────────────────────────────────────────────────────┘
```

The Bar Date Order establishes the following bar dates for filing proofs of claim in this case (collectively, the "Bar Dates"):

(a)     The General Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the City that arose (or are deemed to have arisen) prior to the commencement of this case are required to file proofs of claim by the General Bar Date (i.e., by February 21, 2014 at 4:00 p.m., Eastern Time). This case was commenced on July 18, 2013 (the "Filing Date"). The General Bar Date applies to all types of claims against the City that arose prior to the Filing Date, including secured claims, unsecured priority claims and unsecured nonpriority claims. For the avoidance of doubt, the General Bar Date applies to all claims asserting administrative expense priority under section 503(b)(9) of the Bankruptcy Code, subject to Section 4 below.

(b)     The Rejection Damages Bar Date. Pursuant to the Bar Date Order, any entity asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation and effectiveness of a Plan (any such order, a "Rejection Order"), or claims otherwise related to such rejected agreements, including (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Filing Date and (ii) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damages Claims") are required to file proofs of claim by the later of (a) the General Bar Date and (b) 4:00 p.m., Eastern Time, on the first business day that is at least 30 days after the entry of the relevant Rejection Order. The later of these dates is referred to in this Notice as the "Rejection Damages Bar Date." *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to executory contacts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Damages Bar Date.* In accordance with the Bar Date Order, any Rejection Order entered by the Bankruptcy Court will specify the Rejection Damages Bar Date applicable to any executory contracts or unexpired leases rejected thereunder.

(c)     The Amended Claims List Bar Date. Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, the City amends or supplements its List of Claims to: (i) reduce the undisputed, noncontingent and liquidated amount of a claim; (ii) change the nature, classification or priority of a Scheduled Claim in a manner adverse to the listed creditor; or (iii) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the Bar Dates (in each case, a "Modified Claim"), the affected claimant shall be permitted to file a proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim in accordance with the procedures described herein by the later of (i) the General Bar Date and (ii) 4:00 p.m., Eastern Time, on the first business day that is at least 30 days after the date that notice of the applicable amendment to the List of Claims is served on the claimant (the "Amended Claims List Bar Date"). The City will provide notice of any Amended Claims List Bar Date to affected claimants. Affected claimants that previously filed a proof of claim (any such claim, a "Filed Claim") with respect to the liabilities giving rise to any Modified Claim need not refile their proof of claim because the Filed Claim is deemed to supersede and replace the original Scheduled Claim and the Modified Claim. In addition, if the City's amendment to the List of Claims improves the amount or treatment of a Scheduled Claim or a Filed Claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by

-6-

13-53846-swr   Doc 1782   Filed 11/21/13   Entered 11/21/13 09:24:03   Page 25 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 131 of 166

the Amended Claims List Bar Date; provided, however, that nothing contained in the Bar Date Order shall be construed to limit, enhance or otherwise affect a claimant's right to amend a timely filed proof of claim. In addition, notwithstanding the foregoing, nothing contained herein precludes the City from objecting to any Scheduled Claim or Filed Claim on any grounds.

(d)    The Governmental Bar Date. Governmental units (as defined in section 101(27) of the Bankruptcy Code) are not subject to the General Bar Date. Pursuant to Bankruptcy Rule 3002(c)(1), the date by which governmental units must file proofs of claim in this case (the "Governmental Unit Bar Date") is the later of: (i) the first business day that is at least 180 days following the date of the entry of an order for relief in this case; and (ii) any Rejection Damages Bar Date or Amended Claims List Bar Date applicable to the governmental unit. No order for relief has yet been entered in the City's chapter 9 case, and proceedings to establish the City's eligibility to be a chapter 9 debtor are ongoing at this time. If the City prevails in establishing eligibility, the Court will enter an order for relief consistent with section 921(d) of the Bankruptcy Code. **[Update as appropriate at time that this Notice is finalized.]** The City will provide notice of the entry of an order for relief to all known creditors that are governmental units of the Court's entry of an order for relief and the resulting Governmental Bar Date.

## SECTION 4 — WHAT TO FILE

---

**SUMMARY**

- Section 4 explains the paperwork for filing a claim.

- The claim form is sometimes called a "proof of claim."

- You must complete and sign the claim form and provide all necessary supporting documentation or a summary of this documentation.

- The amount owed to you must be listed in U.S. dollars, and the form must be filled out in English.

- The claim form includes instructions and explanations to assist you.

- A claim form is enclosed. Extra copies are available for free on the internet at www.kccllc.net/detroit.

---

As noted above, the City is enclosing a Claim Form for use in this case, or you may use another proof of claim form that conforms substantially to Official Bankruptcy Form No. 10. If your claim is listed by the City on its List of Claims (other than claims arising from GO Bonds), the attached Claim Form sets forth: (a) the amount of your claim (if any) as listed by the City; (b) whether your claim is listed as disputed, contingent or unliquidated; and (c) whether your claim is listed as a secured claim or an unsecured nonpriority claim. *If you are the holder of a GO Bond, please note that the List of Claims identifies the City's calculation of the total bond debt by series as of the Filing Date, and the List of Claims does not identify the amount owed to any particular bondholder. If you are a holder of a GO Bond, the amount listed by the City in the List of Claims for each series of GO Bonds is provided with your Claim Form.*

You will receive a different Claim Form for each claim listed in your name by the City. You may utilize the Claim Form(s) provided by the City to file your claim. Additional proof of claim forms may be obtained at the following websites: (a) www.kccllc.net/detroit for a blank Claim Form designed specifically for this case or (b) www.uscourts.gov/bkforms for a copy of Official Bankruptcy Form No. 10. **[Note: The preceding two paragraphs are for the service version, not the publication version, of this Notice.]**

To file your claim, you may use (a) the Claim Form specifically prepared for this chapter 9 case, which is available at www.kccllc.net/detroit or (b) another proof of claim form that conforms substantially to Official Bankruptcy Form No. 10 (which form is available at www.uscourts.gov/bkforms). **[Note: This paragraph is for the publication version of this Notice.]**

-7-

13-53846-swr   Doc 1782   Filed 11/21/13   Entered 11/21/13 09:24:03   Page 26 of 35
13-53846-tjt   Doc 10988   Filed 03/29/16   Entered 03/29/16 14:47:21   Page 132 of 166

All proof of claim forms must be **signed** by the claimant or by an authorized agent of the claimant. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim form any documents on which the claim is based (the "Supporting Documents") (or, if the Supporting Documents are voluminous, you may attach a summary) or an explanation as to why the documents are not available. If you file a summary of the Supporting Documents because they are voluminous, you must transmit the Supporting Documents to (a) the City of Detroit Claims Processing Center (as defined below) and (b) the City within ten days after the date of a written request by the City for such documents.

Each entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of the portion of the Rejection Damages Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement").

Under the Bar Date Order, the filing of a proof of claim form satisfies the procedural requirements for the assertion of any administrative priority claims under section 503(b)(9) of the Bankruptcy Code. Likewise, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, satisfies the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein). Claims asserting administrative expense priority (a) under section 503(b)(9) of the Bankruptcy Code or (b) as a portion of a Rejection Damages Claim must be filed by the General Bar Date and the Rejection Damages Bar Date, respectively.

*All other administrative claims under sections 503(b) and 507(a)(2) of the Bankruptcy Code will not be deemed proper if asserted by proof of claim. The City intends to establish a process for the assertion of such claims at a future date if and to the extent necessary or appropriate. Note that the claim priorities provided under subsections (a)(1) and (a)(3) through (a)(10) of section 507 of the Bankruptcy Code are inapplicable in chapter 9 pursuant to section 901(a) of the Bankruptcy Code.*

## SECTION 5 — WHEN AND WHERE TO FILE

### SUMMARY

- Section 5 explains that claims may be mailed or hand delivered to *either:* (a) the City's Claims Processing Center in California or (b) the Clerk's Office at the Bankruptcy Court in Detroit, Michigan.

- The addresses for filing are listed in Section 5 below.

- All claims must be received by **February 21, 2014 at 4:00 p.m., Eastern Time**, if that deadline applies to you.

- **All claims must be mailed or delivered by hand. Fax and e-mail submissions are not allowed. Also, electronic filing of claims on the Court's docketing system is not permitted.**

- If you would like to receive an acknowledgment of your filing, you must provide an extra copy of your claim. If you are filing your claim by mail, or delivering it to the claims center in California, you also must provide a self-addressed, postage prepaid return envelope.

All proofs of claim must be mailed or delivered so as to be received **on or before the applicable Bar Date**, at either one of the following two locations:

     (a)     the City of Detroit Claims Processing Center at the following address:

**City of Detroit Claims Processing Center**
**c/o Kurtzman Carson Consultants, LLC**
**2335 Alaska Avenue**
**El Segundo, CA 90245**

-8-

(b)    the Clerk's office at the Court (the "Clerk's Office") at the following address:

**Office of the Clerk of Court**
**United States Bankruptcy Court**
**for the Eastern District of Michigan**
**211 West Fort Street**
**Suite 1700**
**Detroit, MI  48226**

Proofs of claim will be deemed filed only when **actually received** by the City of Detroit Claims Processing Center or the Clerk's Office on or before the applicable Bar Date. **Proofs of claim may NOT be delivered by facsimile or electronic mail transmission.** Any submissions by facsimile, electronic mail or electronic (ECF) court filing will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the methods described above.

Proof of claim forms will be collected from the City of Detroit Claims Processing Center and the Clerk's Office, docketed and maintained by the City's claims agent, KCC. If you wish to receive acknowledgement of receipt of a proof of claim, you must submit by the applicable Bar Date and concurrently with submitting your original proof of claim (a) a copy of the original proof of claim and (b) for claims submitted to KCC or by mail to the Clerk's Office, a self-addressed, postage prepaid return envelope.

## SECTION 6 — EXECUTORY CONTRACTS AND UNEXPIRED LEASES

### SUMMARY

- Section 6 provides special rules for creditors asserting claims arising from contracts that the City rejects during its bankruptcy case.
- "Rejecting" a contract is a special bankruptcy power that allows the City to stop performing certain agreements upon approval of the Bankruptcy Court.

As described in Section 3 above, any entity wishing to assert a Rejection Damages Claim must file a proof of claim for any prepetition or postpetition damages caused by such rejection, or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement, by the Rejection Damages Bar Date.

## SECTION 7 — CONSEQUENCES OF FAILURE TO FILE
## A PROOF OF CLAIM BY THE APPLICABLE BAR DATE

### SUMMARY

- Section 7 explains what happens if you are required to file a claim by the deadline, but do not.
- In that case, you will lose the right to vote on or receive payments under the City's restructuring plan.

ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE CITY, BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM THE FOLLOWING: (A) ASSERTING ANY CLAIM AGAINST THE CITY OR PROPERTY OF THE CITY THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE LIST OF CLAIMS ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND

-9-

LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR A DIFFERENT CLASSIFICATION OR PRIORITY THAN ANY CLAIM IDENTIFIED IN THE LIST OF CLAIMS ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM BEING REFERRED TO IN THIS NOTICE AS AN "<u>UNSCHEDULED CLAIM</u>"); (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN IN THIS CHAPTER 9 CASE IN RESPECT OF AN UNSCHEDULED CLAIM; OR (C) WITH RESPECT TO ANY 503(B)(9) CLAIM OR ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE CITY OR PROPERTY OF THE CITY.

<div align="center">

## SECTION 8 — THE CITY'S LIST OF CLAIMS

</div>

---

**SUMMARY**

- Section 8 explains that the City filed a list of the claims that it believes it owes.

- The enclosed claim form will show how the City listed your claim. A copy of the claim list also is available on the internet at www.kccllc.net/detroit.

- Note that the City's bond debt was listed by bond series. Individual bondholders were not listed. The claim form sent to holders of general obligation bonds will include a list of all series of general obligation bonds, showing the City's calculation of the total principal and interest as of the date the bankruptcy was filed.

- If your claim is on the claim list, that means the City may have filed a claim for you. Please review the information carefully. If the City listed your claim with any of these labels, you cannot rely on the City's claim: "contingent" or "unliquidated" or "disputed." If you see any of these words next to your claim, you must file the claim form by the deadline if the claim deadline applies to you. *The parties listed in Section 1 do <u>not</u> have to file a claim form by the deadline.*

---

You may be listed as the holder of a claim against the City in the City's List of Claims. To determine if and how you are listed on the List of Claims, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount and status of your claim(s). See Section 10 below for instructions regarding how to access the List of Claims. If you received postpetition payments from the City on account of your claim, the information on the enclosed proof of claim form may reflect the net remaining amount of your claims.

If you rely on the City's List of Claims, it is your responsibility to determine that the claim is accurately listed in the List of Claims. However, you may rely on the enclosed form, which sets forth (a) the amount of your claim (if any) as listed; (b) specifies whether your claim is listed in the List of Claims as disputed, contingent or unliquidated; and (c) identifies whether your claim is listed as a secured, unsecured priority or unsecured nonpriority claim. *If you are the holder of a GO Bond, please note that the List of Claims identifies the City's calculation of the total bond debt by series as of the Filing Date, and the List of Claims does not identify the amount owed to any particular bondholder. If you are a holder of a GO Bond, the amount listed by the City in the List of Claims for each series of GO Bonds is provided with your Claim Form.*

As described above, if you agree with the nature, amount and priority of your claim as listed in the City's List of Claims, and if your claim is not described in the Schedules as "disputed," "contingent" or "unliquidated," you do not need to file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice. **[Note:  This Section 8 is for the service version, not the publication version, of this Notice.]**

## SECTION 9 — RESERVATION OF RIGHTS

---

### SUMMARY

- Section 9 explains that the City has the right to "object" to any claim you may file.

- This means that the City can challenge your claim in Court. If the City challenges your claim, you will be notified.

---

The City reserves the right to (a) dispute, or to assert offsets or defenses against, any filed claim or any claim listed or reflected in the List of Claims as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any listed claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the List of Claims. Nothing contained in this Notice shall preclude the City from objecting to any claim, whether listed or filed, on any grounds. Nothing herein or in the Bar Date Order limits, or is intended to limit, any claimant's rights to defend against any objection.

## SECTION 10 — ADDITIONAL INFORMATION

---

### SUMMARY

- Section 10 explains how you can get more information.

- If you have questions, you can call the **City of Detroit Claims Hotline toll-free at (877) 298-6236** between 9:00 a.m. and 5:00 p.m., Eastern Time, Monday through Friday. Or you can write to the address below.

- Information also will be available on the internet at www.kccllc.net/detroit.

- The people at the hotline cannot give you legal advice. Legal advice cannot be provided through the mailing address below or the City's website. If you want legal advice, you must contact a lawyer.

---

Copies of the City's List of Claims, the Bar Date Order and other information and documents regarding the City's chapter 9 case are available free of charge on KCC's website at www.kccllc.net/detroit or for a fee at the Court's website at https://ecf.mieb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information through the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. The List of Claims and other documents filed in this case may be accessed electronically, between the hours of 8:30 a.m. and 4:00 p.m., Eastern Time, Monday through Friday, at the public access terminals located in the Clerk's Office on the 17th Floor of the courthouse at 211 West Fort Street, Detroit, Michigan 48226. Copies of documents may be printed at the Clerk's Office for a charge.

If you require additional information regarding the filing of a proof of claim, you may contact the City of Detroit Claims Hotline toll-free at **(877) 298-6236** between 9:00 a.m. and 5:00 p.m., Eastern Time, Monday through Friday. You also may contact the City's claims agent, KCC, directly by writing to:

City of Detroit Claims Processing Center
c/o Kurtzman Carson Consultants, LLC
2335 Alaska Avenue
El Segundo, CA 90245

**PLEASE NOTE THAT KCC IS NOT PERMITTED TO PROVIDE LEGAL ADVICE. YOU CANNOT GET LEGAL ADVICE BY CALLING THE CITY OF DETROIT CLAIM HOTLINE OR BY WRITING TO THE CITY OF DETROIT CLAIMS PROCESSING CENTER. YOU SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE OR FOR ANY LEGAL ADVICE, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

Dated: [_____], 2013          BY ORDER OF THE COURT

-11-

## SCHEDULE OF SECURED BONDS

The applicable trustee or similar entity with respect to the following series of bonds has informed the City that it intends to: (a) file any proofs of claim against the City on behalf of the holders of these bonds; and (b) provide notice to the holders of the bonds.

| Secured Bond | Trustee or Similar Entity | Secured Bond | Trustee or Similar Entity |
|---|---|---|---|
| Sewage Disposal System Revenue Bond Series 1998-A | U.S. Bank National Association ("U.S. Bank") | Sewage Disposal System State Revolving Fund Revenue Bonds Series 2004-SRF2 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 1998-B | U.S. Bank | Sewage Disposal System State Revolving Fund Revenue Bonds Series 2004-SRF3 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 1999-A | U.S. Bank | Sewage Disposal System State Revolving Fund Revenue Bonds Series 2007-SRF1 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2001-B | U.S. Bank | Sewage Disposal System State Revolving Fund Revenue Bonds Series 2009-SRF1 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2001(C)(1) | U.S. Bank | Sewage Disposal System State Revolving Fund Revenue Bonds Series 2010-SRF1 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2001(C)(2) | U.S. Bank | Sewage Disposal System State Revolving Fund Revenue Bonds Series 2012-SRF1 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2001-D | U.S. Bank | | |
| Sewage Disposal System Revenue Bond Series 2001-E | U.S. Bank | Water Supply System Revenue Bond Series 1993 | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2003-A | U.S. Bank | Water Supply System Revenue Bond Series 1997-A | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2003-B | U.S. Bank | Water Supply System Revenue Bond Series 2001-A | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2004-A | U.S. Bank | Water Supply System Revenue Bond Series 2001-C | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2005-A | U.S. Bank | Water Supply System Revenue Bond Series 2003-A | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2005-B | U.S. Bank | Water Supply System Revenue Bond Series 2003-B | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2005-C | U.S. Bank | Water Supply System Revenue Bond Series 2003-C | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2006-A | U.S. Bank | Water Supply System Revenue Bond Series 2003-D | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2006-B | U.S. Bank | Water Supply System Revenue Bond Series 2004-A | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2006-C | U.S. Bank | Water Supply System Revenue Bond Series 2004-B | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2006-D | U.S. Bank | Water Supply System Revenue Bond Series 2005-A | U.S. Bank |
| Sewage Disposal System Revenue Bond Series 2012-A | U.S. Bank | Water Supply System Revenue Bond Series 2005-B | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1992-B SRF | U.S. Bank | Water Supply System Revenue Bond Series 2005-C | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1993-B SRF | U.S. Bank | Water Supply System Revenue Bond Series 2006-A | U.S. Bank |

| Secured Bond | Trustee or Similar Entity | Secured Bond | Trustee or Similar Entity |
|---|---|---|---|
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1997-B SRF | U.S. Bank | Water Supply System Revenue Bond Series 2006-B | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF1 | U.S. Bank | Water Supply System Revenue Bond Series 2006-C | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF2 | U.S. Bank | Water Supply System Revenue Bond Series 2006-D | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF3 | U.S. Bank | Water Supply System Revenue Bond Series 2011-A | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF4 | U.S. Bank | Water Supply System Revenue Bond Series 2011-B | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2000-SRF1 | U.S. Bank | Water Supply System Revenue Bond Series 2011-C | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2000-SRF2 | U.S. Bank | Water Supply System State Revolving Fund Revenue Bonds Series 2005-SRF1 | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2001-SRF1 | U.S. Bank | Water Supply System State Revolving Fund Revenue Bonds Series 2005-SRF2 | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2001-SRF2 | U.S. Bank | Water Supply System State Revolving Fund Revenue Bonds Series 2006-SRF1 | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2002-SRF1 | U.S. Bank | Water Supply System State Revolving Fund Revenue Bonds Series 2008-SRF1 | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2002-SRF2 | U.S. Bank | | |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2002-SRF3 | U.S. Bank | Distributable State Aid Second Lien Bonds (Unlimited Tax General Obligation) Series 2010-A | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2003-SRF1 | U.S. Bank | Distributable State Aid General Obligation Limited Tax Bonds Series 2010 | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2003-SRF2 | U.S. Bank | Distributable State Aid Third Lien Bonds (Limited Tax General Obligation) Series 2012-A(2), (A2-B), (B) & (B)(2) | U.S. Bank |
| Sewage Disposal System State Revolving Fund Revenue Bonds Series 2004-SRF1 | U.S. Bank | | |
| | | Detroit Building Authority Bonds: Revenue Refunding Bonds Parking System-Series 1998-A | The Bank of New York Mellon Trust Company, National Association |

# ANNEX II

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT    EASTERN DISTRICT of MICHIGAN | | CHAPTER 9<br>PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

| Name and address where notices should be sent: | COURT USE ONLY<br>❐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:**_____<br>(*If known*) |
|---|---|
| Telephone number:                 email: | Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number:                 email: | ❐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**      $_____

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
❐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
   (See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:**_____<br>(See instruction #3a) |
|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
   $_____

Nature of property or right of setoff: ❐ Real Estate  ❐ Motor Vehicle  ❐ Other
Describe:

Basis for perfection: _____

Value of Property: $_____          Amount of Secured Claim:   $_____

Annual Interest Rate (when case was filed)_____% ❐ Fixed  or  ❐ Variable    Amount Unsecured:   $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**   $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____.**   $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
   Check the appropriate box.

❐ I am the creditor.  ❐ I am the creditor's authorized agent.      ❐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)      ❐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):          (Signature)                    (Date)
_____
_____
_____
Telephone number:            email:

B10 (Official Form 10) (04/13) (Modified)

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
For the convenience of creditors, the Court, Name of Debtor and Case Number already have been completed on this modified proof of claim form.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:** State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as listed by the debtor on the Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), as it may be amended or supplemented from time to time.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority as a Administrative Expense Under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**
If any portion of the claim is entitled to priority under U.S.C. §§ 503(b)(9) and 507(a)(2), state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

_____ DEFINITIONS _____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form by sending or delivering the form to one of the addresses provided below.

**Secured Claim Under 11 U.S.C. § 506 (a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority as an Administrative Expense Under 11 U.S.C. §§ 503(b)(9) and 507(a)(2)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims. In a chapter 9 case, 11 U.S.C. § 503(b)(9) may provide priority status to claims for "the value of goods received by the debtor within 20 days before the date of commencement of a case … in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

Pursuant to 11 U.S.C. § 901(a), the priorities accorded certain claims under 11 U.S.C. § 507(a)(1) and (a)(3-10) are inapplicable in a chapter 9 case.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

_____ INFORMATION _____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.kccllc.net/Detroit

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

PLEASE SEND OR DELIVER COMPLETED
PROOFS OF CLAIM TO:
City of Detroit Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245
-or-
Office of the Clerk of Court
United States Bankruptcy Court
for the Eastern District of Michigan
211 West Fort Street, Suite 1700
Detroit, MI 48226

# EXHIBIT F

Docket #3007  Date Filed: 3/13/2014

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                           Chapter 9

City of Detroit, Michigan,                       Case No. 13-53846

      Debtor.                                Hon. Steve W. Rhodes

_____/

## AFFIDAVIT OF PUBLICATION OF THE NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM IN THE DETROIT NEWS AND DETROIT FREE PRESS

# AFFIDAVIT OF DISTRIBUTION

STATE OF _MI_

COUNTY OF _Wayne_

I, _Shana Harman_ being duly sworn on oath say he/she is and during all times herein stated has been the publisher of the publisher's designated agent in charge of the publication known as

_The Detroit News / Free Press_ ("Publisher")

And has full knowledge of the facts herein stated as follows:

The Insert for _City of Detroit_ ("Advertiser") was distributed to Publisher's full circulation on the _23_ day of _January_, 20_14_

By _Shana Harman_

Subscribed and sworn to before me
this _24th_ day of _January_, 20_14_

_Marcia L. Younglove_

Notary Public

Notary Seal:

```
MARCIA L YOUNGLOVE
Notary Public - Michigan
Wayne County
My Commission Expires Aug 1, 2016
Acting in the County of _Wayne_
```

1-13-br-53846-tjt-Doc-10164-MAG-SDL

Docket #3008  Date Filed: 3/13/2014

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:                                             Chapter 9

City of Detroit, Michigan,                         Case No. 13-53846

      Debtor.                                    Hon. Steve W. Rhodes

_____/

**AFFIDAVIT OF PUBLICATION OF THE NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM IN USA TODAY**



## VERIFICATION OF PUBLICATION

**COMMONWEALTH OF VIRGINIA**
**COUNTY OF FAIRFAX**

Being duly sworn, Toussaint Hutchinson says that he is the principal clerk of
USA TODAY, and is duly authorized by USA TODAY to make this affidavit, and is
fully acquainted with the facts stated herein: on **Wednesday, January 22, 2014** the
following legal advertisement – **In re: CITY OF DETROIT, MICHIGAN** -  was
published in the national edition of **USA TODAY**.

Principal Clerk of USA TODAY
January 28, 2014

This _08th_ day of _January_ month
_2014_ year.

Notary Public

JULIE ROTH
NOTARY PUBLIC
REG. #7573317
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES DECEMBER 31, 2017

USA TODAY   •   7950 Jones Branch Drive, McLean, VA 22108   •   www.usatoday.com

LEGAL NOTICE

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

In re CITY OF DETROIT, MICHIGAN, Debtor. | Chapter 9 Case No. 13-53846 | Hon. Steven W. Rhodes

**NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM**
**(GENERAL BAR DATE IS FEBRUARY 21, 2014 AT 4:00 P.M., EASTERN TIME)**

**TO ALL PERSONS AND OTHER ENTITIES WITH CLAIMS AGAINST THE CITY OF DETROIT, MICHIGAN (THE "CITY"):**

On November 21, 2013, the United States Bankruptcy Court for the Eastern District of Michigan (the "Court") entered an order (Docket No. 1782) (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in the chapter 9 bankruptcy case of the City.

By the Bar Date Order, the Court established February 21, 2014 at 4:00 p.m., Eastern Time (the "General Bar Date"), as the general claims bar date for filing proofs of claim in the City's case. As described below, certain claimants are not required to file proofs of claim with respect to their claims, and the Bar Date Order also establishes different bar dates with respect to certain categories of claims. See Section 1 for more information. *To determine if you need to file a proof of claim in this case and the applicable deadline and instructions for filing a proof of claim, please read this Notice carefully.*

*List of Claims.* On September 30, 2013, the City filed its Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code (Docket No. 1059), which constitutes the City's list of claims (as amended or supplemented from time to time, the "List of Claims") under section 925 of title 11 the United States Code (the "Bankruptcy Code"). Any claim identified on the List of Claims is referred to herein as a "Scheduled Claim."

*Proof of Claim Form.* For the convenience of potential claimants, a proof of claim form prepared for use in the City's chapter 9 case (the "Claim Form"), along with all other documents filed in the City's bankruptcy case, is available on the City's restructuring website at www.kccllc.net/detroit.

*Certain Definitions.* The following definitions come from the Bankruptcy Code and are provided for your convenience.

As used in this Notice the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code and includes, among other things, individuals, partnerships, corporations, joint ventures and trusts.

As used in this Notice, the term "claim" means, as to or against the City and in accordance with section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

SECTION 1 — WHO IS NOT REQUIRED TO FILE A PROOF OF CLAIM. The Bar Date Order provides that entities holding the following claims are not required to file proofs of claim on account of such claims to preserve any right they may have to receive distributions from the City and vote on any chapter 9 plan of adjustment (a "Plan") proposed by the City:

(a) Claims of retirees, employees or other beneficiaries for (a) post-employment benefits under the City's Health and Life Insurance Benefit Plan, the Supplemental Death Benefit Plan or other non-pension post-employment welfare benefits, including unfunded actuarially accrued liabilities (any such claim, a "Retirement Healthcare Claim") and (b) pension benefits (any such claim, a "Pension Claim") under the City's two retirement systems, the General Retirement System and the Police and Fire Retirement System (together, the "Retirement Systems"). In consultation with the Official Committee of Retirees appointed in the Chapter 9 Case (the "Retiree Committee"), other groups representing the interests of current and future recipients of post-employment healthcare and pension benefits and, in the case of Pension Claims, the Retirement Systems, the City intends to establish an appropriate mechanism for such retirees, employees or other beneficiaries to vote on any Plan with respect to any Pension Claims and Retirement Healthcare Claims they may possess.

(b) Claims of active employees for ordinary course compensation and employment benefits including, without limitation, wages, salaries, employee medical benefits and insurance benefits ("Ordinary Course Compensation Claims"). The City intends to continue to pay Ordinary Course Compensation Claims in the normal course. Accordingly, active employees need not file proofs of claim on account of Ordinary Course Compensation Claims. For the avoidance of doubt, claims asserted or to be asserted in any lawsuit or similar proceeding are not Ordinary Course Compensation Claims even where the claims assert as damages an entitlement to wages, salaries, employee medical benefits and/or insurance benefits.

(c) Any claim by a holder for the repayment of principal, interest and/or other applicable fees and charges on or under (i) the bonds identified on the "Schedule of Secured Bonds" at the end of this Notice (collectively, the "Secured Bonds") or (ii) any certificates of participation issued by the City (collectively, the "COPs"). In each case, the trustee or similar entity with respect to the applicable series of Secured Bonds or COPs has informed the City that, consistent with Bankruptcy Rule 3003(c), it intends to: (i) file any proofs of claim against the City on behalf of the holders of the Secured Bonds and the COPs; and (ii) provide notice to the holders of the Secured Bonds and the COPs.

(d) Any claim by a holder for the repayment of principal or interest on or under the City's unlimited tax general obligation bonds, limited tax general obligation bonds and general fund bonds (collectively, the "GO Bonds") to preserve its right to a *pro rata* share of payments on account of the amount of principal and interest under such bonds listed in the List of Claims. Holders of GO Bonds with claims for amounts beyond principal and interest under these bonds are required to file claims for those additional amounts unless another exception applies. Also, the insurers of the GO Bonds must file any claims relating to the GO Bonds by the General Bar Date. The classification, priority and treatment of claims for principal and interest under the GO Bonds pursuant to any Plan shall not be affected by any provision of the Bar Date Order or by whether or not the holders of GO Bonds file or do not file proofs of claim.

(e) Any claim arising from an ordinary course entitlement to an income tax refund (to the extent of such claimed entitlement) asserted through the City's established income tax refund procedures, provided, however, that entities holding any other Prepetition Claims or causes of action related to income tax matters that are not properly asserted through the City's established income tax refund procedures must file a proof of claim by the General Bar Date.

(f) Any claim with respect to which the holder already has filed a signed proof of claim against the City with the Clerk of this Court in a form substantially similar to Official Bankruptcy Form No. 10.

(g) Any claim that is listed on the List of Claims if (i) the claim is not listed as "disputed," "contingent" or "unliquidated;" and (ii) such entity agrees with the amount, nature and priority of the claim as set forth in the List of Claims.

(h) Any claim that previously has been allowed by order of the Court.

(i) Any claim that has been paid in full by the City.

(j) Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration, other than claims asserting administrative expense priority (a) under section 503(b)(9) of the Bankruptcy Code ("503(b)(9) Claims") or (b) as a portion of a Rejection Damages Claim (as defined below).

*For the avoidance of doubt, nothing herein or in the Bar Date Order affects any right that the claimants identified in subsections (a) through (h) of this Section 1 may have to vote on and receive distributions under any Plan proposed by the City. Further, nothing herein or in the Bar Date Order should be construed as an agreement by the City or a determination by the Court that any particular party is the proper holder of any specific claim against the City with the right to vote on any Plan proposed by the City and receive distributions from the City on account of such claim.*

*Nothing in this Section 1 limits the right of any entity (including, without limitation, the City, the Retiree Committee, the Retirement Systems or the City's unions, employees, retirees, bondholders, bond insurers, trustees, paying agents or any other entity) to (a) assert any proof of claim authorized under the Bankruptcy Code or (b) object to any proof of claim on any grounds to the extent permitted under the Bankruptcy Code.*

SECTION 2 — WHO MUST FILE A PROOF OF CLAIM. If none of the exceptions described in Section 1 applies and if you have a claim that arose or is deemed to have arisen prior to the commencement of the City's bankruptcy case on July 18, 2013 (any such claim, a "Prepetition Claim"), you MUST file a proof of claim to share in distributions from the City's bankruptcy case and to vote on a Plan. Claims based on acts or omissions of the City that occurred before the Filing Date must be filed on or prior to the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Filing Date.

Except where one of the exceptions described in Section 1 applies (or when the Rejection Damages Bar Date, the Amended Claims List Bar Date or the Governmental Bar Date applies to establish a different deadline), the following entities must file proofs of claim on or before the General Bar Date:

(a) any entity (i) whose Prepetition Claim against the City is not listed in the City's List of Claims or is listed as "disputed," "contingent" or "unliquidated" and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any Plan; and

(b) any entity that believes its Prepetition Claim is improperly classified in the List of Claims or is listed in an incorrect amount or priority and that desires to have its claim allowed in a classification, priority or amount other than that identified in the List of Claims; *provided* that any holder of GO Bonds asserting a claim for principal and interest in connection with such bonds is not required to file a proof of claim to preserve its right to a *pro rata* share of distributions on account of the amount of principal and interest under such bonds listed in the City's List of Claims.

*Note that the Bar Date Order should not be construed as an agreement by the City or a determination by the Court that any particular party is the proper holder of any specific claim against the City with the right to vote on any Plan proposed by the City and receive distributions from the City on account of such claim.*

SECTION 3 — THE BAR DATES. The Bar Date Order establishes the following bar dates for filing proofs of claim in this case (collectively, the "Bar Dates"):

(a) The General Bar Date. Pursuant to the Bar Date Order, except as described below, all entities holding claims against the City that arose (or are deemed to have arisen) prior to the commencement of this case are required to file proofs of claim by the General Bar Date (i.e., by February 21, 2014 at 4:00 p.m., Eastern Time). This case was commenced on July 18, 2013 (the "Filing Date"). The General Bar Date applies to all types of claims against the City that arose prior to the Filing Date, including secured claims, unsecured priority claims and unsecured nonpriority claims. For the avoidance of doubt, the General Bar Date applies to all 503(b)(9) Claims, subject to Section 4 below.

(b) The Rejection Damages Bar Date. Pursuant to the Bar Date Order, any entity asserting claims arising from or relating to the rejection of executory contracts or unexpired leases, in accordance with section 365 of the Bankruptcy Code and pursuant to an order entered prior to the confirmation and effectiveness of a Plan (any such order, a "Rejection Order"), or claims otherwise related to such rejected agreements, including: (i) secured claims, unsecured priority claims and unsecured nonpriority claims that arose or are deemed to have arisen prior to the Filing Date; and (ii) administrative claims under section 503(b) of the Bankruptcy Code (collectively, "Rejection Damages Claims") are required to file proofs of claim by the later of (a) the General Bar Date and (b) 4:00 p.m., Eastern Time, on the first business day that is at least 30 days after the entry of the relevant Rejection Order. The later of these dates is referred to in this Notice as the "Rejection Damages Bar Date." *For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature arising from or relating to executory contracts or unexpired leases rejected by a Rejection Order must be filed by the Rejection Damages Bar Date.* In accordance with the Bar Date Order, any Rejection Order entered by the Bankruptcy Court will specify the Rejection Damages Bar Date applicable to any executory contracts or unexpired leases rejected thereunder.

(c) The Amended Claims List Bar Date. Pursuant to the Bar Date Order, if, subsequent to the date of this Notice, the City amends or supplements its List of Claims to: (i) reduce the undisputed, noncontingent and liquidated amount of a claim; (ii) change the nature, classification or priority of a Scheduled Claim in a manner adverse to the listed creditor; or (iii) add a new Scheduled Claim to the List of Claims with respect to a party that was not previously served with notice of the Bar Dates (in each case, a "Modified Claim"), the affected claimant shall be permitted to file a proof of claim, or amend any previously filed proof of claim, in respect of the Modified Claim in accordance with the procedures described herein by the later of (i) the General Bar Date; and (ii) 4:00 p.m., Eastern Time, on the first business day that is at least 30 days after the date that notice of the applicable amendment to the List of Claims is served on the claimant (the "Amended Claims List Bar Date"). The City will provide notice of any Amended Claims List Bar Date to affected claimants. Affected claimants that previously filed a proof of claim (any such claim, a "Filed Claim") with respect the liabilities giving rise to any Modified Claim need not refile their proof of claim because the Filed Claim is deemed to supersede and replace the original Scheduled Claim and the Modified Claim. In addition, if the City's amendment to the List of Claims improves the amount or treatment of a Scheduled Claim or a Filed Claim, a claimant that previously was served with a notice of the Bar Dates is not permitted to file additional claims by the Amended Claims List Bar Date; provided, however, that nothing contained in the Bar Date Order shall be construed to limit, enhance or otherwise affect a claimant's right to amend a timely filed proof of claim. In addition, notwithstanding the foregoing, nothing contained herein precludes the City from objecting to any Scheduled Claim or Filed Claim on any grounds.

(d) The Governmental Bar Date. On December 5, 2013, the Court entered the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) (the "Order for Relief"). Governmental units (as defined in section 101(27) of the Bankruptcy Code) are not subject to the General Bar Date. Pursuant to Bankruptcy Rule 3002(c)(1), the date by which governmental units must file proofs of claim in this case (the "Governmental Unit Bar Date") is the later of: (i) June 4, 2014 (i.e., the first business day that is at least 180 days following the date of the entry of the Order for Relief); and (ii) any Rejection Damages Bar Date or Amended Claims List Bar Date applicable to the governmental unit.

SECTION 4 — WHAT TO FILE. To file your claim, you may use (a) the Claim Form specifically prepared for this chapter 9 case, which is available at www.kccllc.net/detroit or (b) another proof of claim form that conforms substantially to Official Bankruptcy Form No. 10 (which form is available at www.uscourts.gov/bkforms).

All proof of claim forms must be signed by the claimant or by an authorized agent of the claimant. The proof of claim form must be written in English and be denominated in United States currency. You should attach to your completed proof of claim form any documents on which the claim is based (the "Supporting Documents") (or, if the Supporting Documents are voluminous, you may attach a summary) or an explanation as to why the documents are not available. If you file a summary of the Supporting Documents because they are voluminous, you must transmit the Supporting Documents to (a) the City of Detroit Claims Processing Center (as defined below) and (b) the City within ten days after the date of a written request by the City for such documents.

Each entity asserting a Rejection Damages Claim with an administrative claim component must file, along with its proof of claim, a detailed statement describing the nature and basis of the portion of the Rejection Damages Claim asserting an administrative priority under section 503(b) of the Bankruptcy Code (the "Administrative Claim Supplement").

Under the Bar Date Order, the filing of a proof of claim form satisfies the procedural requirements for the assertion of any 503(b)(9) Claims. Likewise, the filing of a proof of claim form, along with an attached Administrative Claim Supplement, if applicable, satisfies the procedural requirements for the assertion of a Rejection Damages Claim (including any administrative claim included therein). All 503(b)(9) Claims and claims asserting administrative expense priority as a portion of a Rejection Damages Claim must be filed by the General Bar Date and the Rejection Damages Bar Date, respectively.

*All other administrative claims under sections 503(b) and 507(a)(2) of the Bankruptcy Code will not be deemed proper if asserted by proof of claim. The City intends to establish a process for the assertion of such claims at a future date if and to the extent necessary or appropriate. Note that the claim priorities provided under subsections (a)(1) and (a)(3) through (a)(10) of section 507 of the Bankruptcy Code are inapplicable in chapter 9 pursuant to section 901(a) of the Bankruptcy Code.*

SECTION 5 — WHEN AND WHERE TO FILE. All proofs of claim must be mailed or delivered so as to be received on or before the applicable Bar Date, at either one of the following two locations: (a) the City of Detroit Claims Processing Center at the following address: City of Detroit Claims Processing Center, c/o Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, CA 90245; or (b) the Clerk's office at the Court (the "Clerk's Office") at the following address: Office of the Clerk of Court, United States Bankruptcy Court for the Eastern District of Michigan, 211 West Fort Street, Suite 1700, Detroit, MI 48226.

Proofs of claim will be deemed filed only when actually received by the City of Detroit Claims Processing Center or the Clerk's Office on or before the applicable Bar Date. Proofs of claim may NOT be delivered by facsimile or electronic mail transmission. Any submissions by facsimile, electronic mail or electronic (ECF) court filing will not be accepted and will not be deemed filed until a proof of claim is submitted by one of the methods described above.

Proof of claim forms will be collected from the City of Detroit Claims Processing Center and the Clerk's Office, docketed and maintained by the City's claims agent, KCC. If you wish to receive acknowledgement of receipt of a proof of claim, you must submit by the applicable Bar Date and concurrently with submitting your original proof of claim: (a) a copy of the original proof of claim; and (b) for claims submitted to KCC or by mail to the Clerk's Office, a self-addressed, postage prepaid return envelope.

SECTION 6 — EXECUTORY CONTRACTS AND UNEXPIRED LEASES. As described in Section 3 above, any entity wishing to assert a Rejection Damages Claim must file a proof of claim for any prepetition or postpetition damages caused by such rejection, or any other prepetition or postpetition claims of any kind or nature whatsoever relating to the rejected agreement, by the Rejection Damages Bar Date.

SECTION 7 — CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE. ANY ENTITY THAT IS REQUIRED TO FILE A PROOF OF CLAIM WITH RESPECT TO A PARTICULAR CLAIM AGAINST THE CITY, BUT THAT FAILS TO DO SO BY THE APPLICABLE BAR DATE DESCRIBED IN THIS NOTICE, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM THE FOLLOWING: (A) ASSERTING ANY CLAIM AGAINST THE CITY OR PROPERTY OF THE CITY THAT (I) IS IN AN AMOUNT THAT EXCEEDS THE AMOUNT, IF ANY, THAT IS IDENTIFIED IN THE LIST OF CLAIMS ON BEHALF OF SUCH ENTITY AS UNDISPUTED, NONCONTINGENT AND LIQUIDATED OR (II) IS OF A DIFFERENT NATURE OR A DIFFERENT CLASSIFICATION OR PRIORITY THAN ANY CLAIM IDENTIFIED IN THE LIST OF CLAIMS ON BEHALF OF SUCH ENTITY (ANY SUCH CLAIM BEING REFERRED TO IN THIS NOTICE AS AN "UNSCHEDULED CLAIM"); (B) VOTING UPON, OR RECEIVING DISTRIBUTIONS UNDER, ANY PLAN IN THIS CHAPTER 9 CASE IN RESPECT OF AN UNSCHEDULED CLAIM; OR (C) WITH RESPECT TO ANY 503(B)(9) CLAIM OR ADMINISTRATIVE PRIORITY CLAIM COMPONENT OF ANY REJECTION DAMAGES CLAIM, ASSERTING ANY SUCH PRIORITY CLAIM AGAINST THE CITY OR PROPERTY OF THE CITY.

SECTION 8 — RESERVATION OF RIGHTS. The City reserves the right to: (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the List of Claims as to nature, amount, liability, priority, classification or otherwise; (b) subsequently designate any listed claim as disputed, contingent or unliquidated; and (c) otherwise amend or supplement the List of Claims. Nothing contained in this Notice shall preclude the City from objecting to any claim, whether listed or filed, on any grounds. Nothing herein or in the Bar Date Order limits, or is intended to limit, any claimant's rights to defend against any objection.

SECTION 9 — ADDITIONAL INFORMATION. Copies of the City's List of Claims, the Bar Date Order and other information and documents regarding the City's chapter 9 case are available free of charge on KCC's website at www.kccllc.net/detroit or for a fee at the Court's website at https://ecf.mieb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information through the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov. The List of Claims and other documents filed in this case may be accessed electronically, between the hours of 8:30 a.m. and 4:00 p.m., Eastern Time, Monday through Friday, at the public access terminals located in the Clerk's Office on the 17th Floor of the courthouse at 211 West Fort Street, Detroit, Michigan 48226. Copies of documents may be printed at the Clerk's Office for a charge.

If you require additional information regarding the filing of a proof of claim, you may contact the City of Detroit Claims Hotline toll-free at (877) 298-6236 between 10:00 a.m. and 6:00 p.m., Eastern Time, Monday through Friday. You also may contact the City's claims agent, KCC, directly by writing to: City of Detroit Claims Processing Center, c/o Kurtzman Carson Consultants, LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

**PLEASE NOTE THAT KCC IS NOT PERMITTED TO PROVIDE LEGAL ADVICE. YOU CANNOT GET LEGAL ADVICE BY CALLING THE CITY OF DETROIT CLAIM HOTLINE OR BY WRITING TO THE CITY OF DETROIT CLAIMS PROCESSING CENTER. YOU SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE OR FOR ANY LEGAL ADVICE, SUCH AS WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

BY ORDER OF THE COURT

SCHEDULE OF SECURED BONDS. The applicable trustee or similar entity with respect to the following series of bonds has informed the City that it intends to: (a) file any proofs of claim against the City on behalf of the holders of these bonds; and (b) provide notice to the holders of the bonds.

Sewage Disposal System Revenue Bond Series 1998-A; Sewage Disposal System Revenue Bond Series 1998-B; Sewage Disposal System Revenue Bond Series 1999-A; Sewage Disposal System Revenue Bond Series 2001-B; Sewage Disposal System Revenue Bond Series 2001(C)(1); Sewage Disposal System Revenue Bond Series 2001(C)(2); Sewage Disposal System Revenue Bond Series 2001-D; Sewage Disposal System Revenue Bond Series 2001-E; Sewage Disposal System Revenue Bond Series 2003-A; Sewage Disposal System Revenue Bond Series 2003-B; Sewage Disposal System Revenue Bond Series 2004-A; Sewage Disposal System Revenue Bond Series 2005-A; Sewage Disposal System Revenue Bond Series 2005-B; Sewage Disposal System Revenue Bond Series 2005-C; Sewage Disposal System Revenue Bond Series 2006-A; Sewage Disposal System Revenue Bond Series 2006-B; Sewage Disposal System Revenue Bond Series 2006-C; Sewage Disposal System Revenue Bond Series 2006-D; Sewage Disposal System Revenue Bond Series 2012-A; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1992-B SRF; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1993-B SRF; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1997-B SRF; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF2; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF3; Sewage Disposal System State Revolving Fund Revenue Bonds Series 1999-SRF4; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2000-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2000-SRF2; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2001-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2001-SRF2; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2002-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2002-SRF2; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2002-SRF3; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2003-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2003-SRF2; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2004-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2004-SRF2; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2004-SRF3; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2007-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2009-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2010-SRF1; Sewage Disposal System State Revolving Fund Revenue Bonds Series 2012-SRF1; Water Supply System Revenue Bond Series 1993; Water Supply System Revenue Bond Series 1997-A; Water Supply System Revenue Bond Series 2001-A; Water Supply System Revenue Bond Series 2001-C; Water Supply System Revenue Bond Series 2003-A; Water Supply System Revenue Bond Series 2003-B; Water Supply System Revenue Bond Series 2003-C; Water Supply System Revenue Bond Series 2003-D; Water Supply System Revenue Bond Series 2004-A; Water Supply System Revenue Bond Series 2004-B; Water Supply System Revenue Bond Series 2005-A; Water Supply System Revenue Bond Series 2005-B; Water Supply System Revenue Bond Series 2005-C; Water Supply System Revenue Bond Series 2006-A; Water Supply System Revenue Bond Series 2006-B; Water Supply System Revenue Bond Series 2006-C; Water Supply System Revenue Bond Series 2006-D; Water Supply System Revenue Bond Series 2011-A; Water Supply System Revenue Bond Series 2011-B; Water Supply System Revenue Bond Series 2011-C; Water Supply System State Revolving Fund Revenue Bonds Series 2005-SRF1; Water Supply System State Revolving Fund Revenue Bonds Series 2005-SRF2; Water Supply System State Revolving Fund Revenue Bonds Series 2006-SRF1; Water Supply System State Revolving Fund Revenue Bonds Series 2008-SRF1; Distributable State Aid Second Lien Bonds (Unlimited Tax General Obligation) Series 2010; Distributable State Aid Third Lien Bonds (Limited Tax General Obligation) Series 2012-A(2), (A2-B), (B) & (B)(2); Detroit Building Authority Bonds: Revenue Refunding Bonds Parking System-Series 1998-A.

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

      Debtor.

_____/

Chapter 9

Case No. 13-53846

Hon. Steve W. Rhodes

**AFFIDAVIT OF PUBLICATION OF THE NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM IN THE WALL STREET JOURNAL**

## AFFIDAVIT

STATE OF TEXAS                    )
                                 )  ss:
CITY AND COUNTY OF DALLAS)

I, Jeff Aldridge, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

the United States, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for National distribution for

 1   insertion(s) on the following date(s):

JAN-22-2014;

ADVERTISER: City of Detroit;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
22  day of   January      2014

(Notary Public)

JENNIFER KAY WATSON LAWS
Notary Public, State of Texas
My Commission Expires
November 03, 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

In re CITY OF DETROIT, MICHIGAN,

Debtor.

Case No. 13-53846
Chapter 9
Hon. Steven W. Rhodes

GENERAL NOTICE OF DEADLINES FOR FILING OF PROOFS OF CLAIM
(SPECIAL BAR DATE NOTICE FOR CERTAIN HOLDERS OF CLAIMS AGAINST TIME)
TO ALL PERSONS AND OTHER ENTITIES WITH CLAIMS AGAINST THE CITY
OF DETROIT, MICHIGAN ("THE CITY"):

SECTION 1 — BAR DATES.

SECTION 2 — WHO MUST FILE A PROOF OF CLAIM.

SECTION 3 — WHAT TO FILE.

SECTION 4 — WHEN AND WHERE TO FILE.

SECTION 5 — EXECUTORY CONTRACTS AND UNEXPIRED LEASES.

SECTION 6 — CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE APPLICABLE BAR DATE.

SECTION 7 — ADDITIONAL INFORMATION.

BY ORDER OF THE COURT

SCHEDULE OF SECURED BONDS.

SECTION 8 — RESERVATION OF RIGHTS.

**<u>Exhibit 6F – Report and Recommendation</u>**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMMANUEL PALMER,                          Case No. 13-15164

               Plaintiff,                Mark A. Goldsmith
v.                                        United States District Judge

WAYNE COUNTY SHERIFF'S                    Stephanie Dawkins Davis
DEPARTMENT, *et al*,                      United States Magistrate Judge

               Defendants.
_____/

## REPORT AND RECOMMENDATION
## MOTION TO DISMISS (Dkt. 37)

## I.   PROCEDURAL HISTORY

Plaintiff filed this civil rights lawsuit on December 18, 2013 against the

Wayne County Sheriff's Department, the City of Detroit, and John Doe.  (Dkt. 1).

On July 24, 2014, this matter was referred to Magistrate Judge Michael

Hluchaniuk for all pretrial proceedings.  (Dkt. 15).  On July 25, 2014, a summons

was issued for defendant City of Detroit.  On August 5, 2014, defendant City of

Detroit filed a Suggestion of Bankruptcy and Automatic Stay.  (Dkt. 20).  The

district court entered an order staying the case and it was administratively closed.

(Dkt. 21).  On April 3, 2015, the district court entered orders reopening the case

and again referred it to Magistrate Judge Hluchaniuk for all pretrial proceedings.

(Dkt. 26, 27).  On January 5, 2016, this matter was reassigned to the undersigned

1

Magistrate Judge.  (*See* Text-Only Order dated January 5, 2016).  District Judge Mark A. Goldsmith then referred this matter for all pretrial proceedings to the undersigned on January 6, 2016.  (Dkt. 48).

On May 15, 2015, the Court ordered the City of Detroit to file an answer to the complaint or otherwise respond.  (Dkt. 28).  The City filed an answer on that same day.  (Dkt. 29).  Plaintiff filed a motion for discovery and a motion for default judgment based on the City's purportedly belated answer to the complaint. (Dkt. 32, 33).  The City filed a response to these motions, suggesting that plaintiff's claims, which are based on pre-bankruptcy petition events, were discharged based on the City of Detroit's bankruptcy proceedings and requesting dismissal.  (Dkt. 35).  The City subsequently filed a separate motion to dismiss on September 24, 2015.  (Dkt. 37).  The Court ordered plaintiff to respond by November 9, 2015, warning plaintiff that a failure to respond could result in dismissal of his lawsuit.  (Dkt. 38).

Plaintiff then filed a motion to appoint counsel and a motion to stay the case until after counsel was appointed.  (Dkt. 39).  He also filed a document labeled a response to the motion to dismiss, which merely indicated that he has no legal training and no knowledge of bankruptcy law.  (Dkt. 40).  On November 20, 2015, the Court denied his motion to appoint counsel and his motion to stay the case. (Dkt. 41).  In addition, the Court directed plaintiff to file a substantive response to

the motion to dismiss by December 11, 2015 or face a Rule 41(b) dismissal. (Dkt. 41). Instead, on December 15, 2015, plaintiff filed another motion to appoint counsel and a motion for extension of time to file a response to the City's motion to dismiss. (Dkt. 42, 43).[1]

As discussed in more detail below, the undersigned concludes that the record before the Court is insufficient to determine whether plaintiff's claims against the City of Detroit are barred by the discharge in bankruptcy and **RECOMMENDS** that the motion to dismiss be **DENIED** without prejudice.

## II.    THE BANKRUPTCY AND DEFENDANT CITY'S ARGUMENTS

On July 18, 2013, the City of Detroit filed a petition for relief under Chapter 9 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Michigan. (*In re City of Detroit*, *Michigan*, Case No. 13-53846, Bankr. E.D. Mich.). As the City points out, by Court orders dated July 25, 2013, Bankruptcy Judge Steven Rhodes stayed all existing and future lawsuits during the pendency of the bankruptcy. (Dkt. 37, Ex. A). Approximately, five months after entry of the stay by the Bankruptcy Court, on December 18, 2013, plaintiff filed this lawsuit. In his complaint, plaintiff asserts that on December 19, 2010, he was falsely arrested through the use of excessive force while attending an

---

[1] These motions, along with other non-dispositive matters, will be addressed by separate order.

after-hours club.  The United States Marshals Service served the City of Detroit with the summons and complaint on July 30, 2014.  (Dkt. 37, Ex. C).  As explained by the City, a little over four months later - on December 10, 2014, the Eighth Amended Plan for the Adjustment of Debts for the City of Detroit became effective.  (Dkt. 37, Ex. D).

According to the City, plaintiff did not make a creditor's claim with the Bankruptcy Court, and as such, his claims in the instant lawsuit against the City for injuries arising out of pre-petition events, which allegedly transpired December 19, 2010, are discharged.  (Dkt. 37, Ex. D, pp 1-2).  In addition, the City argues that plaintiff is enjoined from continuing in any manner, directly or indirectly, any suit pending on the plan's effective date, and such suits must be withdrawn or dismissed with prejudice.  (Dkt. 37, Ex. D, pp. 3-4).

On November 21, 2013, the Bankruptcy Court entered an order pursuant to §§ 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c) establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Bar Date Order).  (Dkt. 37, Ex. E).  The Bar Date Order established February 21, 2014 (General Bar Date) as the deadline for filing claims against the City.  Paragraph 6 of the Bar Date Order states that the:

> following entities must file a proof of claim on or before
> the Bar Date…any entity: (i) whose prepetition claim

against the City is not listed in the List of Claims[2] or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

(Dkt. 37, Ex. E, ¶ 6).  Paragraph 22 provides as follows:

Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), ***any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City*** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, non-contingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

(Dkt. 37, Ex. E, ¶ 22) (emphasis added).  The General Bar Date of February 21, 2014 was then published in local and national newspapers.  (Dkt. 37, Ex. F).

---

[2]  The Court has reviewed the List of Claims on the bankruptcy court docket and could not locate plaintiff's claim anywhere on this list.

According to the City, plaintiff failed to file a Proof of Claim with the

Bankruptcy Court by the February 21, 2014 General Bar Date.  Thus, the City

maintains that all of plaintiff's pre-petition claims are discharged.  The Eighth

Amended Plan of Adjustment was confirmed on November 12, 2014, and became

effective December 10, 2014.  (Dkt. 37, Ex. D).  The discharge provision in the

Plan, in pertinent part, provides as follows:

> Except as provided in the Plan or in the Confirmation
> Order, the rights afforded under the Plan and the
> treatment of Claims under the Plan will be in exchange
> for and in complete satisfaction, discharge and release of
> all Claims arising on or before the Effective Date. Except
> as provided in the Plan or in the Confirmation Order,
> Confirmation will, as of the Effective Date, discharge the
> City from all Claims or other debts that arose on or
> before the Effective Date, and all debts of the kind
> specified in section 502(g), 502(h) or 502(i) of the
> Bankruptcy Code, whether or not (i) proof of Claim
> based on such debt is Filed or deemed Filed pursuant to
> section 501 of the Bankruptcy Code, (ii) a Claim based
> on such debt is allowed pursuant to section 502 of the
> Bankruptcy Code or (ii) the Holder of a Claim based on
> such debt has accepted the Plan.

(Dkt. 37, Ex. D, § 2).  The Plan enjoins parties who did not timely file proofs of

claim from taking actions that are contrary to the Plan.  The injunction, in

pertinent part, provides as follows:

> On the Effective Date, except as otherwise provided
> herein or in the Confirmation Order,
>
> a. All Entities that have been, are or may be holders of

6

Claims against the City…are permanently enjoined from
taking any of the following actions against or affecting
the City or its property…

(i) *commencing, conducting or continuing in any
manner, directly or indirectly, any suit, action or other
proceeding of any kind against or affecting the City or
its property (including all suits, actions and
proceedings that are pending as of the Effective Date,
which must be withdrawn or dismissed with
prejudice*…

(Dkt. 37, Ex. D, p. 3) (emphasis added).  Based on the foregoing provisions of the

Eighth Amended Plan of Adjustment, the City maintains that plaintiff's claims

against it and its employees are barred.  As indicated above, plaintiff has not

provided any substantive response to the City's motion to dismiss.

## III.    ANALYSIS AND CONCLUSION

Except in chapter 9 and chapter 11 cases – in which certain claims are

deemed filed if listed on the debtor's schedules – a creditor desiring to receive

distributions in a bankruptcy case must file a proof of claim.  *In re Rowe*

*Furniture*, *Inc.*, 384 B.R. 732, 735 (E.D. Va. 2008) (citing 11 U.S.C. § 501(a);

Fed.R.Bankr.P. 3002(a)).  A claim not filed by the claims bar date is subject to

disallowance on that basis.  *Id.* (citing 11 U.S.C. § 502(b)(9)).

In the bankruptcy court order establishing bar dates for the filing of proofs

of claims (dated November 21, 2013), the City was required to serve the Bar Date

Notice Package by first class mail on "all known parties to pending litigation with

7

the City." (Dkt. 37-5, Pg ID 215). However, plaintiff's litigation matter was not filed until approximately four (4) weeks after this order was issued, and the complaint in this case was not served on the City until long after the claims bar date of February 21, 2014 had passed. (Dkt. 20). In addition, the bankruptcy court ordered the City to publish the claims bar date notice in the Detroit News, the Detroit Free Press, and national editions of USA Today and the Wall Street Journal at least 28 days before the General Bar Date, "which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates." (Dkt. 37-5, Pg ID 216). As set forth above, the City maintains that plaintiff's claims are barred because the publication notice was sufficient and because he failed to file a timely claim in the bankruptcy court.

The inquiry does not end here, however. Rather, the Court must ensure that the notice given is sufficient to satisfy due process. *In re Talon Automotive Group, Inc*. 284 B.R. 622, 625 (Bankr. E.D. Mich. 2002) (J. Rhodes) (quoting *Broussard v. First Am. Health Care of Georgia, Inc.* (*In re First Am. Health Care of Georgia*, *Inc.*), 220 B.R. 720, 723 (Bankr. S.D. Ga. 1998)) ("Discharge under the Code, however, presumes that all creditors bound by the plan have been given notice sufficient to satisfy due process."). Due process is satisfied if notice is reasonably calculated to reach all interested parties, reasonably conveys all of the required information, and permits a reasonable amount of time for response.

8

*Talon*, 284 B.R. at 625 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Thus, if a creditor is not given reasonable notice of the bankruptcy proceeding, its claim cannot be constitutionally discharged.  *Talon*, 284 B.R. at 625 (citing *In re Longardner & Assocs.*, *Inc.*, 855 F.2d 455, 465 (7th Cir. 1988)).

   As explained by Judge Rhodes in *Talon*, what constitutes reasonable notice varies according to the knowledge of the parties.  When a creditor is *unknown* to the debtor, publication notice of the claims bar date may satisfy the requirements of due process.  *Id.* (citing *Mullane*, 339 U.S. at 317-18).  However, if a creditor is *known* to the debtor, notice by publication is not constitutionally reasonable, and actual notice of the relevant bar dates must be afforded to the creditor.  *Id.* (citing *City of New York v. New York N.H. & H.R. Co.*, 344 U.S. 293, 296 (1953)).  "[T]he term 'creditor' in bankruptcy law is sufficiently broad to include a potential creditor[.]"  *Id.* (citing *In re Chicago, Rock Island & Pacific R.R. Co.*, 788 F.2d 1280, 1283 (7th Cir. 1986)).  Judge Rhodes, in *Talon*, turned to *In re Drexel Burnham Lambert Group, Inc.*, 151 B.R. 674 (Bankr. S.D.N.Y. 1993), for the definition of "known" creditors:

> Known creditors are defined as creditors that a debtor
> knew of, or should have known of, when serving notice
> of the bar date. Among known creditors may be parties
> who have made a demand for payment against a debtor
> in one form or another before the compilation of a

> debtor's schedules. Typically, a known creditor may
> have engaged in some communication with a debtor
> concerning the existence of the creditor's claim. This
> communication by itself does not necessarily make the
> creditor known. Direct knowledge based on a demand
> for payment is not, however, required for a claim to be
> considered "known." ***A known claim arises from facts
> that would alert the reasonable debtor to the possibility
> that a claim might reasonably be filed against it.***

*Talon*, 284 B.R. at 625-626 (quoting *Drexel*, 151 B.R. at 681 (emphasis added)).

In *Talon*, the creditor/former employee contended that she was a known

creditor because Talon knew she had a claim against it as early as November of

2000, when she filed a grievance with her union steward challenging her

suspension.  Talon contended that the creditor's grievance was subsequently

resolved, but it apparently did not provide any evidence of such resolution.  Judge

Rhodes concluded that, based on the evidence provided, the creditor's grievance

was still pending when the debtor filed its bankruptcy petition in June 2001.  Thus,

the creditor was a known creditor and should have been provided with actual

notice of the debtor's bankruptcy and notice by publication was insufficient.  In

that case, because Talon failed to provide actual notice to this creditor, "due

process considerations mandate the conclusion that her claim was not discharged

and she is not bound by the terms of the confirmed plan."  *Talon*, 284 B.R. at 626

(citing *Reliable Elec. Co. v. Olson Constr. Co.*, 726 F.2d 620, 622-23 (10th Cir.

1984)) (A creditor who does not receive proper notice of the confirmation process

10

cannot constitutionally be bound to the resulting confirmed chapter 11 plan.).

In this case, the City's motion and argument assume (without any supporting evidence) that plaintiff was an *unknown* creditor and thus, the newspaper publication notices were sufficient to satisfy due process. *In re ATD Corporation*, 278 B.R. 758 (Bankr. N.D. Ohio 2002) ("A known creditor must receive proper, adequate and constitutional notice of relevant dates before its claim is forever barred.") (citing *City of N.Y. v. N.Y., N.H. & H.R. Co.*, 344 U.S. 293, 297 (1953) (publication of bar order in newspaper failing to satisfy due process as required by Fifth Amendment of United States Constitution)). It is not clear from the record before this Court that plaintiff's claims were, in fact, unknown to the City at the time the bankruptcy petition was filed or before the expiration of the claims bar date. While plaintiff has not provided a substantive response to the motion, the City has not proffered any evidence affirmatively establishing that it was unaware of plaintiff's claim before the lawsuit was filed and during the pertinent time. In the absence of such affirmative evidence, the undersigned is not inclined to recommend dismissal.

Thus, in the view of the undersigned, defendant's motion to dismiss should be denied without prejudice at this juncture. The parties should be given the opportunity to supplement the record regarding any evidence that the City was either aware or not aware of plaintiff's claim before filing bankruptcy or before

11

expiration of the claims bar date.  Such evidence may be submitted as a supplement with any objections and responses to objections filed with respect to this report and recommendation pursuant to 28 U.S.C. §636(b)(1)[3] or may be submitted in a subsequent motion to dismiss filed by the City and the response thereto.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned concludes that the record before the Court is insufficient to determine whether plaintiff's claims against the City of Detroit are barred by the discharge in bankruptcy and **RECOMMENDS** that the motion to dismiss be **DENIED** without prejudice.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health*

---

[3] "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

*and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 27, 2016                    s/Stephanie Dawkins Davis
                                          Stephanie Dawkins Davis
                                          United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

     I certify that on <u>January 27, 2016</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ecf participant: <u>Emmanuel Palmer, 3888 19th Street, Ecorse, MI 48229.</u>

                             <u>s/Tammy Hallwood</u>
                             Case Manager
                             (810) 341-7887
                             tammy_hallwood@mied.uscourts.gov