# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER SUSTAINING DEBTOR'S TWENTY-NINTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**

**(Insufficient Documentation)**

Upon review of the twenty-ninth objection to claims (Docket # 10785, the "Objection"),[1] of the Debtor, City of Detroit, Michigan (the "City"), seeking entry of an order disallowing and expunging each of the claims listed on Exhibit 2 to the Objection; and it appearing that this Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court having found that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and a hearing on the Objection having been held by the Court on March 30, 2016; and any objections or other responses to the Objection having been overruled; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Objection.

IT IS ORDERED that:

1. The Objection is sustained, to the extent of the relief provided by this Order.

2. Each of the proofs of claim listed on Exhibit 2 annexed to the Objection is disallowed and expunged in its entirety, under Section 502(b) of the Bankruptcy Code, except for (a) claim number 2501 of Daris Howard; (b) claim number 3402 of Charles Huskey; (c) claim number 2536 of Eddie Greer; (d) claim numbers 3391 and 3443 of Damon L. Osley; (e) claim number 3411 of Craig Steele; (f) claim numbers 1894 and 1896 of Deirdre Green; (g) claim number 1898 of Denise Williams; (h) claim number 1829 of Corey Thomas; (i) claim numbers 1892 and 1893 of Harriet Cook; and (j) claim number 3212 of Chukwuma Udegbunam. The City's objections to the proofs of claim identified in subparagraphs (a) through (j) of this paragraph are adjourned for further hearing to be held on **June 15, 2016 at 1:30 p.m.**

3. The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4. The City is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Objection.

5. Each claim and the objections by the City to each claim as addressed in the Objection and set forth in Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed and constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to such claim, and the Court expressly determines that there is no just reason for delay of the entry of the final judgment with respect to such claim. Any stay of this Order will apply only to the contested matter that involves such creditor and for which such stay has been granted or may be in effect, and will not act to stay the applicability or finality of this Order with respect to the other contested matters covered, and further provided

that the City will have the right, but not the need, to submit a separate order with respect to contested matters or claims.

6. The City retains all of its rights to object, on any other basis, to any of the Claims identified on Exhibit 2.

7. Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

8. Nothing in this Order is intended to, will constitute or will be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

.

**Signed on April 05, 2016**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge