UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

**CITY OF DETROIT'S *EX PARTE* MOTION FOR AN ORDER (I) ADJOURNING HEARING ON CERTAIN RESPONSES FILED TO THE CITY'S THIRTY-SIXTH AND THIRTY-SEVENTH OMNIBUS OBJECTIONS TO CLAIMS, AND (II) ASSIGNING THEM TO BE HEARD AND RESOLVED UNDER THE ESTABLISHED PROCESS FOR HEARING AND RESOLVING EMPLOYEE OBLIGATION CLAIMS**

The City of Detroit ("City") moves for the entry of an *ex parte* order, pursuant to Rule 5071-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Michigan and 11 U.S.C. § 105(a), determining that certain objections to claims and the corresponding creditor responses will be heard and resolved pursuant to a procedure recently established by the Court for similar objections and responses. In support of its *Ex Parte* Motion, the City respectfully states as follows:

**INTRODUCTION**

1. Previously, the City moved for entry of an order to establish an orderly procedure by which omnibus objections to certain claims and creditor responses to these objections would be heard and resolved. The Court granted the relief requested on March 24, 2016 (Doc. No. 10941, the "Claim Objection Process

Order") by entry of an Order entitled "*Order Granting City of Detroit's Ex Parte Motion for an Order (I) Adjourning Hearing on Certain Responses Filed to the City's Twentieth and Twenty-Eighth Through Thirty-Fourth Omnibus Objections to Claims, and (II) Establishing a Process for Hearing These Objections and Responses to Them.*"[1] The Claim Objection Process Order deals with claims that appear to raise a common issue, alleging that the City improperly breached employment obligations to these creditors, resulting in loss of wages and other monetary (and possibly non-monetary) benefits (the "Employee Obligation Claims"). The City believes they arise from the imposition of either a concessionary agreement with the unions or the City Employment Terms (upon expiration of the existing contract).

2. On March 10, 2016, the City filed its Thirty-Sixth and Thirty-Seventh Omnibus Objections to Certain Claims (Doc. Nos. 10811 & 10812, the "Objections"). Similar to the City's 28th through 34th omnibus objections, the basis for the Objections was that certain claimants, listed on Exhibit 2 to the Objections, had not provided sufficient documentation for the City to ascertain the validity of their claims. The deadline to file responses to the Objections has passed. Some of the responses filed to the Objections appear to assert that the

---

[1] The Court entered a Supplemental Order on April 5, 2016, adding certain additional claims and objections to be governed by the Claim Objection Process Order. (Doc. No. 11035).

respective claimants have Employee Obligation Claims against the City. Claimants whose responses raise this common legal theme are identified in Exhibit 6 by a checkmark in the column labeled "CET" (collectively, the "<u>Additional Employee Obligation Claimants</u>").

3. As set forth on Exhibit 6, in its 36th Omnibus Objection, the City objected to two claims filed by Dwayne A. Brown. The City believes that claim number 2997 of Dwayne A. Brown raises the common legal issue to be heard on June 15 whereas claim number 2984 of Dwayne A. Brown does not. Consequently, the order attached as Exhibit 1 proposes that the City's objection to claim number 2984 of Dwayne A. Brown be heard on April 13, 2016 and the City's objection to claim number 2997 of Dwayne A. Brown be heard on June 15, 2016.

4. Currently, all such responses and the Objections to which they were made would be heard in a single hearing along with responses to other contemporaneous omnibus objections.

5. Given that the City has proposed, and the Court has approved, an orderly and economical procedure for hearing and resolving claims that raise similar issues, the City proposes that the Court should hear and resolve the claims of the Additional Employee Objection Claimants along with those claimants whose claims are already scheduled to be resolved by this procedure.

6. In short, the City proposes that

(a) The responses filed by the Additional Employee Obligation Claimants should be heard and resolved at the hearing established by the Claim Objection Process Order, currently set for June 15, 2016, at 1:30 p.m., in Courtroom 1925, 211 West Fort Street Bldg., Detroit, MI 48226. The Additional Employee Obligation Claimants would not need to attend the April 13 hearing.

(b) The City should serve the Court's Order granting this Ex Parte Motion on the Additional Employee Obligation Claimants in such a fashion that the Order is actually received by the Additional Employee Obligation Claimants no later than Monday, April 11, 2016.

(c) The City should serve the brief that it will file pursuant to the Claim Objection Process Order on the Additional Employee Obligation Claimants by April 21, 2016.

(d) The Additional Employee Obligation Claimants should have the right, but not the obligation, to file an additional response, explaining their position to the Court on this issue by May 19, 2016. The Court can set further hearings at its discretion to resolve the claims asserted by the Additional Employee Obligation Claimants.

7. As before, the City believes that having the claims and the issues raised by the Additional Employee Obligation Claimants heard and resolved together with those already scheduled to be resolved pursuant to the Claim Objection Process Order makes the best use of the time of the Court and the parties.

WHEREFORE, the City respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this *Ex Parte* Motion and granting such further relief as the Court deems appropriate.

Dated: April 7, 2016

>By: /s/ Marc N. Swanson
>Jonathan S. Green (P33140)
>Marc N. Swanson (P71149)
>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
>150 West Jefferson, Suite 2500
>Detroit, Michigan 48226
>Telephone: (313) 496-7591
>Facsimile: (313) 496-8451
>green@millercanfield.com
>swansonm@millercanfield.com
>
>Charles N. Raimi (P29746)
>Deputy Corporation Counsel
>City of Detroit Law Department
>2 Woodward Avenue, Suite 500
>Coleman A. Young Municipal Center
>Detroit, Michigan 48226
>Telephone: (313) 237-5037
>Facsimile: (313) 224-5505
>raimic@detroitmi.gov
>
>ATTORNEYS FOR THE CITY OF DETROIT

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

Exhibit 1   Proposed Form of Order

Exhibit 2   None [Motion Seeks Ex Parte Relief]

Exhibit 3   None [Brief Not Required]

Exhibit 4   Certificate of Service [Motion Seeks Ex Parte Relief]

Exhibit 5   None [No Affidavits Filed Specific to This Motion]

Exhibit 6   List of Respondents

# **EXHIBIT 1**

Proposed Order

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER (I) ADJOURNING HEARING ON CERTAIN RESPONSES FILED TO THE CITY'S THIRTY-SIXTH AND THIRTY-SEVENTH OMNIBUS OBJECTIONS TO CLAIMS, AND (II) ASSIGNING THEM TO BE HEARD AND RESOLVED UNDER THE ESTABLISHED PROCESS FOR HEARING AND RESOVLING EMPLOYEE OBLIGATION CLAIMS

This case is before the Court on the motion filed by the City of Detroit on April 7, 2016 (Docket # _____, the "Ex Parte Motion") entitled "*City of Detroit's Ex Parte Motion for an Order (I) Adjourning Hearing on Certain Responses Filed to the City's Thirty-Sixth and Thirty-Seventh Omnibus Objections to Claims, and (II) Assigning Them to Be Heard and Resolved Under the Established Process for Hearing and Resolving Employee Obligation Claims.*" The Court, having granted similar relief on March 24, 2016 (Docket # 10941, the "Claim Objection Process Order") by entry of an Order entitled "*Order Granting City of Detroit's Ex Parte Motion for an Order (I) Adjourning Hearing on Certain Responses Filed to the City's Twentieth and Twenty-Eighth Through Thirty-Fourth Omnibus Objections to Claims, and (II) Establishing a Process for Hearing These Objections and Responses to Them*"; the City having filed its "*Debtor's Thirty-Sixth Omnibus

*Objection to Certain Claims*" (Docket # 10811, the "36th Objection") and its "*Debtor's Thirty-Seventh Omnibus Objection to Certain Claims* (Docket # 10812; "37th Objection", and together with the 36th Objection, the "Objections") certain respondents to the Objections having filed responses that raise issues similar to those raised by claimants whose claims are to be resolved by the Claim Objection Process Order; the Court having determined that these additional claims and objections should be governed by the Claim Objection Process Order as a matter of fairness and efficiency; and the Court finding that notice of the Ex Parte Motion was sufficient under the circumstances;

IT IS HEREBY ORDERED THAT:

1. The hearing on the responses filed by the following individuals to the Objections (collectively, the "Additional Employee Obligation Claimants") will be held on **June 15, 2016 at 1:30 p.m.**, in Courtroom 1925, 211 West Fort Street Bldg., Detroit, MI 48226. These individuals, therefore, are not required to attend the hearing scheduled for April 13, 2016:

| Natalie Clemons | Francine Duncan-Martin | Aldrina Thomas |
|---|---|---|
| Dwayne A. Brown (claim number 2997) | JaJuan Moore | Lenetta Walker |
| Sarah McCrary | Janice Clark | Lucille Pasha |
| Ronald Branam Sr. | | |

2. A hearing on the City's objection to claim number 2984 of Dwayne A. Brown will be heard on April 13, 2016 at 11:00 a.m. in Courtroom 1925, 211 West Fort Street Bldg., Detroit, MI 48226.

3. The City must serve this Order on the Additional Employee Obligation Claimants in such a fashion that the Order is actually received by the Employee Obligation Claimants no later than Monday, April 11, 2016, and the City must file proof of such service no later than Monday, April 11, 2016.

4. The City must serve the brief that it will file pursuant to the Claim Objection Process Order[1] on the Additional Employee Obligation Claimants by April 21, 2016.

5. The Additional Employee Obligation Claimants may, but are not required to, file an additional response, explaining their position to the Court on this issue by May 19, 2016. The Court may set further hearings at its discretion to resolve the claims asserted by the Additional Employee Obligation Claimants.

6. The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

---

[1] The Claim Objection Process Order states that "No later than April 21, 2016, the City must file a brief explaining its position on why the issue collectively raised by the Employee Obligation Claimants (namely, that the City improperly breached employment obligations to the Employee Obligation Claimants) fails as a matter of law and serve it on the Employee Obligation Claimants."

# **EXHIBIT 2**

Not Applicable

# **EXHIBIT 3**

Not Applicable

# **EXHIBIT 4 – CERTIFICATE OF SERVICE**

Not Applicable

# **EXHIBIT 5**

Not Applicable

# **EXHIBIT 6**

| Claimant | Claim No. | Doc. No. | Objection No. | CET |
|---|---|---|---|---|
| Aldrina Thomas | 2319 | 10935 | 36th | X |
| Cheryl Minniefield | 3292 | 11040 | 36th | |
| Lucille Pasha | 2077 | 11021 | 36th | X |
| Lucille Pasha | 2084 | 11021 | 36th | X |
| Francine Duncan-Martin | 3144 | 10914 | 36th | X |
| Natalie Clemons | 1956 | 10934 | 36th | X |
| Natalie Clemons | 2079 | 10934 | 36th | X |
| JaLuan Moore | 2098 | 11016 | 36th | X |
| Janice Clarke | 3467 | 11044 | 36th | X |
| Lenetta Walker | 2898 | 11045 | 36th | X |
| Dwayne A. Brown | 2984 | 11022 | 36th | |
| Dwayne A. Brown | 2997 | 11022 | 36th | X |
| Sarah McCrary | 3122 | 11043 | 37th | X |
| Ronald Branam Sr. | 3438 | 11036 | 37th | X |
| Theresa Hall | 1958 | 11018 | 37th | |
| Dianne L. Thomas | 2648 | 11037 | 38th | |
| Eric C. Heckmann | 2024 | 11013 | 38th | |