# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER (I) ADJOURNING HEARING ON CERTAIN RESPONSES FILED TO THE CITY'S THIRTY-SIXTH AND THIRTY-SEVENTH OMNIBUS OBJECTIONS TO CLAIMS, AND (II) ASSIGNING THEM TO BE HEARD AND RESOLVED UNDER THE ESTABLISHED PROCESS FOR HEARING AND RESOVLING EMPLOYEE OBLIGATION CLAIMS

This case is before the Court on the motion filed by the City of Detroit on April 7, 2016 (Docket # 11050, the "Ex Parte Motion") entitled *City of Detroit's Ex Parte Motion for an Order (I) Adjourning Hearing on Certain Responses Filed to the City's Thirty-Sixth and Thirty-Seventh Omnibus Objections to Claims, and (II) Assigning Them to Be Heard and Resolved Under the Established Process for Hearing and Resolving Employee Obligation Claims.* The Court, having granted similar relief on March 24, 2016 (Docket # 10941, the "Claim Objection Process Order") by entry of an Order entitled *Order Granting City of Detroit's Ex Parte Motion for an Order (I) Adjourning Hearing on Certain Responses Filed to the City's Twentieth and Twenty-Eighth Through Thirty-Fourth Omnibus Objections to Claims, and (II) Establishing a Process for Hearing These Objections and Responses to Them*"; the City having filed its "*Debtor's Thirty-Sixth Omnibus Objection to Certain Claims*" (Docket # 10811, the "36th Objection") and its

"*Debtor's Thirty-Seventh Omnibus Objection to Certain Claims* (Docket # 10812; "37th Objection", and together with the 36th Objection, the "Objections") certain respondents to the Objections having filed responses that raise issues similar to those raised by claimants whose claims are to be resolved by the Claim Objection Process Order; the Court having determined that these additional claims and objections should be governed by the Claim Objection Process Order as a matter of fairness and efficiency; and the Court finding that notice of the Ex Parte Motion was sufficient under the circumstances;

IT IS ORDERED THAT:

1. The hearing on the responses filed by the following individuals to the Objections (collectively, the "Additional Employee Obligation Claimants") will be held on **June 15, 2016 at 1:30 p.m.**, in Courtroom 1925, 211 West Fort Street Bldg., Detroit, MI 48226. These individuals, therefore, are not required to attend the hearing scheduled for April 13, 2016:

| Natalie Clemons | Francine Duncan-Martin | Aldrina Thomas |
|---|---|---|
| Dwayne A. Brown (claim number 2997) | JaJuan Moore | Lenetta Walker |
| Sarah McCrary | Janice Clark | Lucille Pasha |
| Ronald Branam Sr. | | |

2. A hearing on the City's objection to claim number 2984 of Dwayne A. Brown will be heard on April 13, 2016 at 11:00 a.m. in Courtroom 1925, 211 West Fort Street Bldg., Detroit, MI 48226.

3. The City must serve this Order on the Additional Employee Obligation Claimants in such a fashion that the Order is actually received by the Employee Obligation Claimants no later than Monday, April 11, 2016, and the City must file proof of such service no later than Monday, April 11, 2016.

4. The City must serve the brief that it will file under the Claim Objection Process Order[1] on the Additional Employee Obligation Claimants by April 21, 2016.

5. The Additional Employee Obligation Claimants may, but are not required to, file an additional response, explaining their position to the Court on this issue by May 19, 2016. The Court may set further hearings at its discretion to resolve the claims asserted by the Additional Employee Obligation Claimants.

6. The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

---

[1] The Claim Objection Process Order states that "No later than April 21, 2016, the City must file a brief explaining its position on why the issue collectively raised by the Employee Obligation Claimants (namely, that the City improperly breached employment obligations to the Employee Obligation Claimants) fails as a matter of law and serve it on the Employee Obligation Claimants."

**Signed on April 07, 2016**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge