# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| In re: | Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER SUSTAINING DEBTOR'S THIRTY-SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

**(Insufficient Documentation)**

Upon review of the thirty-sixth objection to claims (Docket # 10811, the "Objection"),[1] of the Debtor, City of Detroit, Michigan (the "City"), seeking entry of an order disallowing and expunging each of the claims listed on Exhibit 2 to the Objection; and it appearing that this Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court having found that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and a hearing on the Objection having been held by the Court on April 13, 2016; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Objection.

1. The Objection is sustained, to the extent of the relief provided in this Order. The response filed by Kendra McDonald at Docket # 11060 is overruled for the reasons stated on the record during the April 13, 2016 hearing.

2. Each of the proofs of claim listed on Exhibit 2 annexed to the Objection is disallowed and expunged in its entirety, under Section 502(b) of the Bankruptcy Code, except for (a) claim number 3292 of Cheryl Minniefield, (b) claim number 2984 of Dwayne A. Brown, (c) claim number 2319 of Aldrina Thomas, (d) claim numbers 2077 and 2084 of Lucille Pasha, (e) claim number 3144 of Francine Duncun-Martin, (f) claim numbers 1956 and 2079 of Natalie Clemons, (g) claim number 2098 of JaJuan Moore, (h) claim number 3467 of Janice Clark, (i) claim number 2898 of Lenetta Walker, and (j) claim number 2997 of Dwayne A. Brown. The City's objections to the proofs of claim identified in subparagraphs (c) through (j) of this paragraph are adjourned for further hearing to be held on **June 15, 2016 at 1:30 p.m.**

3. No later than April 20, 2016, Cheryl Minniefield must file with this Court any documents which she contends support claim number 3292 ("Minniefield Response"). No later than April 22, 2016, the City may file a reply to the Minniefield Response. A further hearing on claim number 3292 of Cheryl Minniefield will be held on **April 27, 2016 at 11:00 a.m.** in Courtroom 1925, 211 W. Fort Street, Detroit, MI 48226.

4. Claim number 2984 of Dwayne A. Brown is reclassified as a GRS Pension Claim in Class 11 of the Plan.

5. The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

6. The City is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Objection.

7. Each claim and the objections by the City to each claim as addressed in the Objection and set forth on Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed and constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to such claim, and the Court expressly determines that there is no just reason for delay of the entry of the final judgment with respect to such claim. Any stay of this Order will apply only to the contested matter that involves such creditor and for which such stay has been granted or may be in effect, and will not act to stay the applicability or finality of this Order with respect to the other contested matters covered, and further provided that the City will have the right, but not the need, to submit a separate order with respect to contested matters or claims.

8. The City retains all of its rights to object, on any other basis, to any of the Claims identified on Exhibit 2.

9. Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

10. Nothing in this Order is intended to, will constitute or will be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

**Signed on April 14, 2016**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge