B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

Name of Debtor: City of Detroit, Michigan          Case Number: 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
NATALIE CLEMONS

Name and address where notices should be sent:

NATALIE CLEMONS
18000 SANTA BARBARA
DETROIT, MI 48221

Telephone number: (313)964-9497     email: NCLEMONS@DWSD.ORG

**FILED**

FEB 2 0 2014
COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

US Bankruptcy Court
Court Claim Number: Eastern District
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:     email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

FEB 2 4 2014

KURTZMAN CARSON CONSULTANTS

1. Amount of Claim as of Date Case Filed:     $ $183.84

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: ELECTION DAY WORKED 8HRS WORKED @ $22.98/HR
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:   0328     3a. Debtor may have scheduled account as: _____
(See instruction #3a)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ _____

Annual Interest Rate (when case was filed) _____ % ☐ Fixed or ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:     $ _____

Basis for perfection: _____

Amount of Secured Claim:     $ _____

Amount Unsecured:     $ _____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).     $ _____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____     $ _____

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. Signature: (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.   ☐ I am the creditor's authorized agent.     ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)     ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):          *Natalie Clemons* 2-20-14
                                                                    (Signature)                    (Date)

Telephone number: _____     email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT     EASTERN DISTRICT of MICHIGAN | **FILED** CLERK'S OFFICE |
|---|---|

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
NATALIE CLEMONS

Name and address where notices should be sent:

NATALIE CLEMONS
18000 SANTA BARBARA
DETROIT, MI 48221

Telephone number: (313)964-9497     email:     NCLEMONS@DWSD.ORG

Name and address where payment should be sent (if different from above):

Telephone number:     email:

**FILED**
FEB 2 0 2014

COURT USE ONLY
☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
    *(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**
FEB 2 4 2014
KURTZMAN CARSON CONSULTANTS

1. Amount of Claim as of Date Case Filed:     $ $450.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a st...

2. Basis for Claim: LONGIVITY 3 YEARS
    (See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: 0328 | 3a. Debtor may have scheduled account as: _____ (See instruction #3a)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:     $ _____

Nature of property or right of setoff: ☐Real Estate ☐Motor Vehicle ☐Other
Describe:

Basis for perfection: _____

Value of Property: $ _____

Amount of Secured Claim:     $ _____

Annual Interest Rate (when case was filed)_____% ☐Fixed or ☐Variable

Amount Unsecured:     $ _____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).     $ _____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____ .     $ _____

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. Signature: (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.  ☐ I am the creditor's authorized agent.     ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)     ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):
_____
_____
_____

*Natalie Clemons*  2-20-14
(Signature)     (Date)

Telephone number:     email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

13538461402200000000000117

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT  EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

Name of Debtor: City of Detroit, Michigan    Case Number: 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
NATALIE CLEMONS

Name and address where notices should be sent:
NATALIE CLEMONS
18000 SANTA BARBARA
DETROIT, MI 48221

Telephone number: (313)964-9497    email: NCLEMONS@DWSD.ORG

**FILED**

FEB 2 0 2014

❏ Check this box if this claim amends a previously filed claim.

U.S. Bankruptcy Court
MI Eastern District

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

FEB 2 4 2014

KURTZMAN CARSON CONSULTANTS

1. Amount of Claim as of Date Case Filed:    $ $2,757.60

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a sta

2. Basis for Claim:    RESERVED SICK BANK 3YEARS @ 22.98
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:    0328    3a. Debtor may have scheduled account as: _____
(See instruction #3a)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:    $_____

Nature of property or right of setoff: ❏Real Estate  ❏Motor Vehicle  ❏Other
Describe:

Basis for perfection: _____

Value of Property: $_____
Annual Interest Rate (when case was filed) _____% ❏Fixed or ❏Variable

Amount of Secured Claim:    $_____
Amount Unsecured:    $_____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).    $_____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____    $_____

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. Signature: (See instruction # 8)
Check the appropriate box.

❏ I am the creditor.  ❏ I am the creditor's authorized agent.    ❏ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ❏ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):    *Natalie Clemons  2-20-14*
(Signature)    (Date)

Telephone number:    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT  EASTERN DISTRICT of MICHIGAN | CHAPTER 9 |
|---|---|

**PROOF OF CLAIM**

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
NATALIE CLEMONS

Name and address where notices should be sent:
NATALIE CLEMONS
18000 SANTA BARBARA
DETROIT, MI 48221

Telephone number: (313) 964-9497   email: NCLEMONS@DWSD.ORG

Name and address where payment should be sent (if different from above):

Telephone number:         email:

**FILED**

**FEB 2 0 2014**

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.
US Bankruptcy Court
MI Eastern District
Court Claim Number:
*(if known)*

Filed on:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

**FEB 2 4 2014**

KURTZMAN CARSON CONSULTANTS

1. Amount of Claim as of Date Case Filed:   $ 9,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: ANNUITY FREEZE (ACCUMULATED INTEREST)
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: 0328 | 3a. Debtor may have scheduled account as: _____ (See instruction #3a) |
|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $ _____

Annual Interest Rate (when case was filed) _____ % ☐ Fixed or ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:  $ _____

Basis for perfection: _____

Amount of Secured Claim:  $ _____

Amount Unsecured:  $ _____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).  $ _____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____   $ _____

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. Signature: (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):
_____

*Natalie Clemons* 2-20-14
(Signature)                    (Date)

Telephone number:         email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

13538461402200000000000113

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

Name of Debtor: City of Detroit, Michigan    Case Number: 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
NATALIE CLEMONS

Name and address where notices should be sent:
NATALIE CLEMONS
18000 SANTA BARBARA
DETROIT, MI 48221

Telephone number: (313)964-9497    email:    NCLEMONS@DWSD.ORG

**FILED**

FEB 2 0 2014

US Bankruptcy Court
Court MI Eastern District
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if this claim amends a previously filed claim.

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

FEB 2 4 2014

KURTZMAN CARSON CONSULTANTS

1. Amount of Claim as of Date Case Filed:    $ $551.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim:    SWING HOLIDAY HRS TAKEN 24HRS. @22.98/HR
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:    0328

3a. Debtor may have scheduled account as: _____
(See instruction #3a)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $ _____

Annual Interest Rate (when case was filed) _____ % ☐ Fixed or ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Basis for perfection: _____

Amount of Secured Claim:    $ _____

Amount Unsecured:    $ _____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____ .

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. Signature: (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.  ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):

(Signature) *Natalie Clemans*  2-20-14    (Date)

Telephone number:    email:

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | **FILED** |
|---|---|---|

**FEB 21 2014**

Name of Debtor: City of Detroit, Michigan     Case Number: 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

*Lenetta WALKER*

Name and address where notices should be sent:

*60 E Milwaukee #2714*
*Detroit, MI 48202*

Telephone number: *(313)467 2624*  email: *LJS WALKCR@NETZERO.NET*

□ Check this box if this claim amends a previously filed claim.

COURT USE ONLY

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

**RECEIVED**

Telephone number:  email:

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

*SAAA Union (Labor)*

**1. Amount of Claim as of Date Case Filed:** $ *25,223*  **FEB 24 2014**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.

**KURTZMAN CARSON CONSULTANTS**

□ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** *Services Performed City employee -Labor, Grantfunded 100%,*
(See instruction #2) *Non-Negotiated wages and benefits Lossed*

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a.** Debtor may have scheduled account as: *SAAA Union* (See instruction #3a) *Coalition Union*

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Nature of property or right of setoff: □ Real Estate  □ Motor Vehicle  □ Other
Describe:

Basis for perfection: _____

Value of Property: $ _____

Amount of Secured Claim: $ _____

Annual Interest Rate (when case was filed) _____ % □ Fixed  or  □ Variable

Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $ _____

**5b. Amount of Claim Otherwise Entitled to Priority.** Specify Applicable Section of 11 U.S.C. § _____ $ _____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☒ I am the creditor.  □ I am the creditor's authorized agent.  □ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  □ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *Lenetta WALKER*
Title: *Senior Accountant/Laid-off*
Company: *City of Detroit - Human Services*
Address and telephone number (if different from notice address above):

*Lenetta Walker*  *2/21/2014*
(Signature)  (Date)

Telephone number:  email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to

13-53846-tjt  Doc 11102-2  Filed 04/21/16  Entered 04/21/16 12:25:19  Page 1 of 63

1353846140221000000000296

**ATTACHMENT**

**Statement**
I am a SAAA Union member.  The Union is also a part of the Coalition of Unions.

Lenetta Walker
Claims Form

| Year | Rate | Hours | | Forced 10% Cut |
|------|------|-------|----|-----|
| 2009 | 2.32 | 2,080 | $ | 4,832 |
| 2010 | 2.24 | 2,080 | | 4,653 |
| 2011 | 2.37 | 2,080 | | 4,925 |
| 2012 | 2.41 | 1,560 | | 3,761 |
| | | 7,800 | $ | 18,171 |

**Bonus Vacation**

| Year | Rate | Hours | | |
|------|------|-------|----|-----|
| 2012 | 22.37 | 40 | $ | 895 |

**Longevity**

| | | | | |
|------|------|-------|----|-----|
| 2011 | | | | 450 |
| 2012 | | | | 450 |
| | | | $ | 900 |

**Reserve sick**

| 2012 | 22.37 | 40 | $ | 895 |
|------|------|-------|----|-----|

**Lunch**

| 2012 | 22.37 | 195 | $ | 4,362 |
|------|------|-------|----|-----|

| | | | Grand Total | $ | 25,223 |
|--|--|--|--|--|--|

In the matter of a fact finding between

SENIOR ACCOUNTANTS, ANALYSTS
AND APPRAISERS ASSOCIATION (SAAA),                    George Roumell

      Union,                                                    Fact Finder

      -- and --

CITY OF DETROIT,

      Employer.
_____/

## BRIEF ON BEHALF OF THE SENIOR ACCOUNTANTS, ANALYSTS AND APPRAISERS ASSOCIATION (SAAA)

### STATEMENT OF FACTS

The Senior Accountants, Analysts and Appraisers Association (SAAA) represents approximately 300 accountants, analysts, appraisers, information technicians, and similar professional and technical employees of the City of Detroit. Many of these employees, whose job titles are listed in the 2006-2008 contract that the City imposed on the SAAA (Ex 1, at 80-83), are required to have college degrees and professional licenses.

The Union begins with a brief statement of the events leading to this fact finding, of the issues that the parties have agreed to submit to fact finding, and of the criteria that fact finders have traditionally used. In the argument that follows, the Union addresses the City's core claim that it needs massive financial concessions due to its budget crisis. Following that discussion, the Union addresses the substantive merits of its proposals on each of the specific issues in dispute.

A.  The events leading to this fact finding.

The last true collective bargaining agreement between the City and the SAAA expired on June 30, 2005.   In July 2006, the City imposed the 2005-2008 contracts on the SAAA and other City unions.  The manner in which the City did that to the SAAA is subject to a pending unfair labor practice charge.

Even though unfair labor practice had not been decided, the SAAA began negotiations with the City for a new contract in a negotiation meeting on July 20, 2009. After a number of such meetings, the parties were not able to reach agreement and the SAAA requested mediation under the PERA.  In November and December 2009, the SAAA and the City of Detroit met on six occasions with the assistance of that mediator. Still without an agreement, the SAAA requested fact-finding pursuant to MCL 423.25 in a petition dated January 11, 2010 (Ex 2).

On March 22, 2010, the MERC appointed Professor Donald Burkholder of the University of Detroit as the fact finder (Ex 3).  The SAAA did not press for immediate hearings on the fact finding petition because it, like many other unions, was awaiting the report of the fact finder on the AFSCME Council 25—City of Detroit proceedings.  Nor did the City press for immediate hearings, presumably for the same reason.

After the AFSCME-City of Detroit report was issued, the City and the SAAA met for several sessions in an attempt to narrow the differences.  That resulted in some progress, but disputes still remained.  The SAAA thus asked Professor Burkholder for dates and a meeting was scheduled for October 5, 2010.

At that meeting, the parties and Professor Burkholder discussed the issues in dispute and he set hearing dates for October 29 and November 9, 2010.  The parties

2

agreed to continue negotiating on October 5 after Professor Burkholder left. In the evening of October 5, 2010, negotiators for the City of Detroit and the SAAA reached a tentative agreement to present to the SAAA membership (Ex 4).

On October 25, 2010, the membership of the SAAA duly debated and voted on the contract. By an overwhelming majority, the membership of the SAAA rejected the tentative agreement. The SAAA contacted the City and the fact finder and made clear that the Union was prepared to resume fact finding and negotiations.

On November 1, 2010, however, the Director of Labor Relations for the City of Detroit sent the SAAA declaring that on November 12, 2010, the City was unilaterally implementing its collective bargaining proposal, including a ten percent reduction in work hours and the elimination of the longevity pay that was due to be paid in early December 2010 (Ex 4). By letter of November 4, 2010, the SAAA advised the City that this action was unlawful, that it was ready to resume both negotiations and fact finding, and that it was filing an unfair labor practice charge with MERC over the proposed unilateral changes (Ex 5). On November 4, 2010, the SAAA also filed an unfair labor practice charge with the MERC (Ex 6).

The fact finder announced that he was prepared to hold a fact-finding hearing on November 9. The City of Detroit declared, however, that it was not willing to participate in that hearing.

On December 2, 2010, the SAAA and the City appeared for a hearing before MERC on the SAAA's charge. Before the hearing began, the City proposed a settlement of the unfair labor practice charge. After some negotiations, the SAAA agreed to a

3

modification of the City proposal. As reflected in the attached transcript (Ex 7), the City and the Union agreed as follows:

1. They would proceed to expedited fact finding before George Roumell, Jr.

2. Only briefs would be submitted.

3. The parties would request an award by January 10, 2011.

4. The Union would waive the 60-day cooling-off period with the proviso that there would be no unilateral changes before February 1, 2011.

5. The City, if it unilaterally implemented any changes on or after February 1, would implement the terms contained in the tentative agreement the parties reached on October 5, 2010.

6. The Union would withdraw its unfair labor practice charge.


B. <u>The issues to be submitted to fact finding.</u>

Subsequent to the hearing before MERC, the City and the Union agreed that they would submit the following issues for a proposed resolution by the fact finder:

1. Budgeted furlough days, especially for grant and enterprise funded areas;

2. The 35 hour workweek;

3. Longevity pay;

4. Tuition reimbursement;

5. A 3-step grievance procedure;

6. A me-too clause.

4

C. <u>The criteria for fact finding</u>.

The Labor Mediation Act provides no explicit criteria for evaluating the City's claimed inability to pay and its bargaining proposals generally. But as this fact finder knows, fact finders frequently refer to the criteria specified by statute in the police and fire arbitration statute as guidelines for the voluntary awards for other public employees. Those criteria are as follows:

(a)    The lawful authority of the employer.

(b)    Stipulations of the parties.

(c)    The interests and welfare of the public and the financial ability of the unit of government to meet those costs.

(d)    Comparison of the wages, hours and conditions of employment of the employees involved in the arbitration proceeding with the wages, hours and conditions of employment of other employees performing similar services and with other employees generally:

   (*i*) In public employment in comparable communities.

   (*ii*) In private employment in comparable communities.

(e)    The average consumer prices for goods and services, commonly known as the cost of living.

(f)    The overall compensation presently received by the employees, including direct wage compensation, vacations, holidays and other excused time, insurance and pensions, medical and hospitalization benefits, the continuity and stability of employment, and all other benefits received.

(g)    Changes in any of the foregoing circumstances during the pendency of the arbitration proceedings.

(h)    Such other factors, not confined to the foregoing, which are normally or traditionally taken into consideration in the determination of wages, hours and conditions of employment through voluntary collective bargaining, mediation, fact-finding, arbitration or otherwise between the parties, in the public service or in private employment.

MCL 423.239.

5

The SAAA has addressed those factors as appropriate below. The City and the Union have agreed that the Fact Finder may refer to those aspects of the transcript of the AFSCME-City of Detroit fact finding proceeding as may be relevant.

## ARGUMENT

### A. THE CITY'S FINANCIAL CRISIS AND ITS SIGNIFICANCE FOR THIS FACT FINDING.

The Union begins with the overarching issue in these proceedings—the City's financial crisis and its demand that employees help solve that crisis by agreeing to yet another round of concessions.

To begin with the obvious, by any conventional measure, there is no question that the City has a large deficit in its general fund. The facts of that deficit are set forth in the fact finders' reports for AFSCME and for the building trades. Those reports also set forth the decline in the City's population, its economic base, and its tax revenues—and in the funds the City general fund has received from the state and federal governments. Borrowing at one time lessened the deficit—but in recent years, repayment obligations increased the general fund deficit.

The general fund deficit is, of course, only part of the immediate financial story. Many areas of City government administer national or state programs that are not paid for out of the general fund. Other areas of the City, including, in particular, the Water Department, provide services to entire region and are financed by payments for the services provided. For those programs—which represent a considerable portion of the SAAA's membership—the general fund deficit is irrelevant. More concessions by City employees in those areas will not decrease the general fund deficit at all.

6

But even in the areas covered by the general fund, the new and draconian wage and benefit concessions demanded by the City will not reduce the deficit in any long-term sense. For many years, the City and, behind it, the state and federal governments and the bondholders, have demanded and won concessions from City employees and cuts in City services as the supposed means for resolving the general fund deficit. But it has not worked.

In July 2006, the City imposed a three-year contract on the SAAA and on other City employees. That agreement imposed a ten percent cut in the 2006-2007 contract year, cut health benefits substantially for all three years, and provided for only a four percent wage increase for the entire period from July 1, 2005 through June 30, 2008 (Ex 1). From July 1, 2008, forward, wages have been frozen. Even assuming that the All Urban Consumers price index (as opposed to the Urban Wage Earner and Clerical index) is the appropriate standard for the professional and technical employees at issue here, prices have increased 12.6 percent during the period from June 2005 through November 2010 (BLS Statistics, available on line).[1] With nominal wages having only increased only four percent during this period--the SAAA' employees' real, base-wage rate has dropped by 8.6 percent in four years. With the health concessions and the ten percent reduction for 2006-2007 included, the SAAA's members' loss in real wages is already well 15 percent in the last four years.

The City's core proposal is for a *further* 10 percent cut in weekly wages, accomplished by means of 26 forced days off (budgeted furlough days) for each of the next three years. *Plus* the City demands more cuts in health care. *Plus* it demands

---

[1] The all urban consumer index stood at 194.4 in June 2005. In November 2010, it was 218.8, which is a 12.6 percent increase.

lengthening the standard work week from 35, where it has been for a half century, to 40 hours per week. Even assuming that prices are stable over the next three years—which may actually occur—over two contracts, the City demands that employees work 14 percent more every day for real wages that have dropped over 20 percent and real total compensation that has dropped by close to 30 percent.

These enormous cuts have not solved the budget crisis. Indeed, by lowering living standards for City employees, by cutting services, and by ensuring that Detroit's youth will have no jobs in the City, these cuts have contributed to a downward spiral in which the decline in the residents' incomes leads to less tax revenues, more flight (and thus even less revenues), and then to demands for further cuts.

In addition to destroying the economic base of the City, these cuts have destroyed its social fabric as well. At the same time that the former administration demanded sacrifices from employees for the "common good," it looted the City in what the federal government has now called a criminal enterprise. The current administration has apparently ended many aspects of the criminal enterprise, but it has continued and proposed increases in doling out huge contracts for City construction and for City services (including information technology) to private companies. And the tax breaks given to every major corporation located in the City have, of course, continued.

The City is, of course, not alone in its one-sided demands. At the state level, the single business tax has been cut and will now apparently be eliminated—at the same time that aid to Detroit declines. At the federal level, major banks, financial institutions and corporations, including the auto companies and their suppliers, have received hundreds of billions from the federal government and trillions from the Federal Reserve—and the

8

wealthiest Americans are now set to receive two more years of tax cuts, at the same time that they demand that City and other public workers sacrifice for the "common good."

Under the criteria in the compulsory arbitration statute that are quoted above, the fact finder must consider more than the raw numbers of the City's general fund deficit. He must consider past concessions, the "interests and welfare of the public," and "other factors ...which are normally or traditionally taken into consideration in the determination of wages, hours and conditions of employment..." MCL 423.239(h). Equality of sacrifice is and has always been a factor in determining wages—and imposing a 20 and 30 percent real reduction in living standards at the same time that contracts, tax cuts, and direct payments to the wealthiest citizens of the country and of the State continue is the exact opposite of equality of sacrifice.

Under extreme pressure, a few unions have ratified contracts containing the City's proposals. But most have not because the members see the City's proposals as blatant inequality and as leading not to saving the City but to its further degradation. Nowhere is the social fabric more vulnerable than in Detroit; nowhere is the demand for equality more important; and nowhere are those factors more relevant in wage decisions than here.

The SAAA asks this fact finder to consider those realities in assessing both the areas outside the general fund and those inside the general fund. If that is done, the City's proposals cannot be sustained.

B. THE SPECIFIC ISSUES AT STAKE.

1. Budgeted furlough days.

The City has proposed requiring each employee represented by the SAAA to accept 26 days off without pay over each of the next three years. Because employees

9

cannot obtain replacement jobs for single days every other week, the City's proposal amounts to a demand for a 10 percent pay cut. Moreover, given the companion demand for an increase in the work week from 35 to 40 hours—which will affect every member of the SAAA—employees will, on balance, work the same number of hours for 10-percent less money. For those reasons, the SAAA objects to this proposal in general and to its application in the grant and enterprise funded areas in particular.

On a general basis, the SAAA objects for the reasons set forth above. The employees have already suffered huge real pay cuts—with no discernible reduction in the City budget deficit. Moreover, unlike some City employees, who work in 7-day, 24-hour operations, the members of the SAAA work almost entirely in positions that work a more normal work schedule. They thus will in fact suffer a ten percent reduction in wages with little benefit or relief in sight.

On a specific basis, the SAAA has a large number of employees who work in the Water Department, Neighborhood Services and other areas that are 100 percent federally funded or 100 percent funded by enterprise operations. In those areas, the concessions will force the employees to suffer a huge decrease in real living standards—with no benefit at all to the City general fund deficit.

In some areas, the cuts in compensation for grant funded employees violate the relevant federal statutes or contracts. In the Head Start program, for example, the City receives two million dollars in federal funds for wages and another $1.6 million for fringe benefits (Ex 8). By statute, these funds must be used for personnel purposes and will be returned to the federal government if not so used. Indeed, in the case of Head Start, there is a specific federal mandate that the funds be used for improving (or maintaining)

10

the wages and benefits of the employees receiving them *even if there are not funds for increasing other employees' salaries:*

> Any agency that receives financial assistance under this subchapter to improve the compensation of staff who provide services under this subchapter shall use the financial assistance to improve the compensation of such staff, regardless of whether the agency has the ability to improve the compensation of staff employed by the agency who do not provide Head Start services.

42 USC 9835(j).

The City receives substantial funds from the federal Department of Housing and Urban Development (HUD) for community service block grants, weatherization and other programs. The City has not yet provided the grants and contracts for these funds. But the funds are 100 percent federal—and in those areas, as well as in enterprise-funded areas, it makes no sense to impose a reduction in the workweek where it will not aid the City deficit at all.

Traditionally, the City (and sometimes the unions) has asserted that it did not want to pay different wages based on the source of the funds. But as applied to the budgeted furloughs, that assertion is irrelevant. Base wage rates are not affected—only hours are affected. And as the City has already reserved the right to exempt certain employees from the budgeted furlough days for operational needs, it makes no sense to say that it cannot exempt employees from the furloughs where there would be no savings to the City and the only result would be a return of funds to the federal government or to enterprise operations.

2.  <u>Imposition of a 40 Hour Work Week.</u>

As the Arbitrator knows, when what was once called the City County Building was first constructed in the 1950s, those City employees who were in that building

received a paid lunch hour (and thus a 35 hour work week) to match the County employees who worked in the same building. The 35 hour work week has remained for 50 years—and has been applied not only to the City employees stationed in that building but also to those who had once been stationed there and had since been transferred to some other location.

The City now proposes ending this benefit. Ostensibly, it is for three years. In reality, it is likely to be for far longer than that. The City demand amounts to a 14 percent increase in work time with no additional increase in compensation. And of course, it amounts to a 14 percent increase at the same time that managers and officials continue to set their own schedules—thus avoiding any increase in work time if they so choose.

The SAAA asks this Fact Finder to recommend that the above increase be rejected.

3. <u>Longevity pay.</u>

The City has for over a half century paid longevity pay to all City employees based on their years of service under the following schedule:

| | |
|---|---|
| Five—ten years | $150 |
| Eleven—fifteen years | 300 |
| Sixteen—twenty years | 450 |
| Twenty-one—twenty-five years | 600 |
| Twenty-six years and above | 750 |

(Ex 1, at 31).

The City paid this amount to SAAA employees in 2010. It also signed contracts with the Teamsters, the Amalgamated Transit Union (ATU), and the Principal Clerks agreeing to pay these amounts to current employees for 2011 and 2012 (Ex's 9, 10, 11). The City position is that it wants to punish the SAAA, AFSCME, and the unions that did not accept its overall contract demands by fall 2009.

The City cannot have it both ways. It cannot say that it wants equal wages and benefits—except where the City wants to make a point by punishing those who have not agreed with it.

4.   Tuition reimbursement.

The City has, for many years, paid employees up to $2000 in a fiscal year to reimburse them for course work towards an undergraduate or graduate degree (Ex 1, 50). For the employees in the SAAA, that has been a particularly important benefit. For the City as well—especially in information technology and computer operations—it has been extremely important.

The SAAA today faces many claims by the City that it must subcontract work in those areas because the City employees supposedly lack the requisite skills. It pays premium prices to outside vendors. But it makes no sense to say that City employees lack the requisite skills—and then deny them the ability to acquire those skills.

The SAAA requests that the fact finder sustain the SAAA position on this issue.

5.   A 3-step grievance procedure.

The imposed contract has three-steps in the grievance procedure prior to arbitration in every department except Finance, Health, and Water and Sewerage (Ex 1, at

13

5-8). In those departments, the imposed contract has an intermediate Step 2 with an official lower than the department director or his designee.

The SAAA formerly did not have this step in its contract. It was included at City request in order to make the SAAA procedure the same as the AFSCME procedure. But it has been a complete waste of time, resulting in grievances piling up before officials who never do anything to resolve those cases.

The overwhelming majority of the grievances filed by the SAAA involve claims of discipline without just cause. The Step 2 meetings are almost always with the officials who approved the discipline in the first place—and those officials never change their minds. The meetings are a waste of time—and simply delay the time when the grievances can be addressed by the department head or by labor relations, who sometimes do grant relief.

Given that the division head or his representative decide on or approve the discipline, the SAAA asks that the procedure be the same in all departments—three steps before arbitration, with the first step being with the department head or his designee on discipline case. The proposed procedure is faster, more efficient, and can provide at least some help in ending the backlog that is of no assistance to either party or to the affected employees.

The City has offered no reason for rejecting this proposal. If cooperation is not to be a one-way street, it should be adopted.

6. <u>Me-too clause</u>.

The Union has, in the past, had a clause in its contract providing that if any other union obtained a more favorable settlement, the SAAA would receive the benefits of that

14

settlement. That clause has been an incentive for unions to settle even when there was uncertainty as to what other unions would receive.

The City proposed it to the SAAA, but when the SAAA refused to accept it at the time, the City withdrew the proposal. Apart from an attempt at retroactively vindicating its negotiating position, the City has offered no reason for not following the traditional pattern bargaining on this. The SAAA would accordingly request that a "me-too" clause be included in the final agreement recommended by the fact finder.

## CONCLUSION

For the reasons stated, the SAAA requests that the fact finder sustain its position on the issues listed above.

By the SAAA's attorneys,

SCHEFF, WASHINGTON & DRIVER, PC

By:    George B. Washington
       645 Griswold--Suite 1817
       Detroit, MI 48226
       313-963-1921

Dated:

The definition set forth above shall generally apply absent specific provisions to the contrary for particular benefits.

## 35. LONGEVITY PAY

A.  Employees shall qualify for longevity pay as follows:

1.  Employees may qualify for the first step of longevity pay, provided they have served as City employees for an accumulated period of five (5) years.

2.  Employees may qualify for the second step of longevity pay, inclusive of the first step provided, they have served as City employees for an accumulated period of eleven (11) years.

3.  Employees may qualify for the third step of longevity pay, inclusive of the first and second steps, provided they have served as City employees for an accumulated period of sixteen (16) years.

4.  Employees may qualify for the fourth step of longevity pay, inclusive of the first, second and third steps, provided they have served as City employees for an accumulated period of twenty-one (21) years.

5.  Employees may qualify for the fifth step of longevity pay, inclusive of the first, second, third and fourth steps, provided they have served as City employees for an accumulated period of twenty-six (26) years.

6.  The first step of longevity increment shall be one hundred fifty dollars ($150). The second step of longevity increment inclusive of the first step, shall be three-hundred dollars ($300). The third step of longevity increment, inclusive of the first and second steps, shall be four-hundred and fifty dollars ($450). The fourth step of longevity increment, inclusive of the first, second and third steps, shall be six hundred dollars ($600). The fifth step of longevity increment, inclusive of the first, second, third and fourth steps, shall be seven hundred and fifty dollars ($750).

B.  Employees who have qualified for longevity pay and have accumulated at least eighteen hundred (1,800) hours of straight time Regular Payroll hours of paid time during the year immediately preceding any December 1 date or other day of payment will qualify for a full longevity payment provided they are on the payroll on the December 1 date or any other date of qualification. Except for employees first qualifying for increments, the payment will be made in a lump sum annually on the first pay date after December 1st.

33

# 34. SICK LEAVE

A.  All employees hired prior to the effective date of approval by City Council who shall have completed three (3) months of continuous service shall be granted one (1) day of sick leave for every service month in which they have worked eighty percent (80%) of their scheduled hours, not to exceed twelve (12) sick leave days in any one fiscal year. Those employees hired on or after effective date of approval by City Council who shall have completed three (3) months of continuous service shall be granted one (1) sick leave for every service month in which they have worked 80% of their scheduled hours, not to exceed ten (10) sick leave days in any one fiscal year. Sick leave earned after July 1, 1971, may accumulate without limitation. These days shall be known as current sick leave and shall be kept in the Current Sick Leave Bank.

The service month shall be in accordance with City payroll practices. All employees must be on the payroll for the entire month to be eligible for sick leave.

B.  Reserve sick leave of five (5) service days shall be granted on July 1 to each employee hired prior to effective date of approval by City Council who was on the payroll the preceding July 1 and who has earned at least sixteen hundred (1600) hours of straight time pay during the fiscal year. Reserve sick leave shall be kept in the Reserve Sick Leave Bank. Those employees hired on or after effective date of approval by City Council shall not be eligible for reserve sick leave.

C.  Sick leave may not be granted in anticipation of future service.

D.  Sick leave balances shall be expressed in terms of hours and shall be posted on the employee's check stub.

E.  **QUALIFIERS FOR BONUS VACATION DAYS:**

1.  **Fifty Day Qualifier:** Employees hired prior to effective date of approval by City Council who have accumulated a total of fifty (50) or more days on July 1 shall receive up to six (6) bonus vacation days based upon their sick leave usage in the previous fiscal year. Such time shall be credited according to the following table:

| Sick Leave Days Used In Previous Fiscal Year | Bonus Vacation Days To Be Credited on July 1 |
|---|---|
| 0 | 6 |
| ½ to 1 day | 5 ½ |
| 1 ½ to 2 | 5 |
| 2 ½ or 3 | 4 ½ |
| 3 ½ or 4 | 4 |
| 4 ½ or 5 | 3 ½ |
| 5 ½ or 6 | 3 |
| 6 ½ or 7 | 2 ½ |
| 7 ½ or 8 | 2 |
| 8 ½ or 9 | 1 ½ |

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9<br>**PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Corey Thomas

Name and address where notices should be sent:
Corey Thomas
14715 murthum Ave Warren MI 48088

**FILED**

**FEB 20 2014**

COURT USE ONLY
☐ Check this box if this claim amends a previously filed claim.
US Bankruptcy Court
MI Eastern District

Court Claim Number:_____
(If known)

Telephone number: (313) 268-2724  email: Codthomas520@yahoo.com

Filed on:_____

Name and address where payment should be sent (if different from above):
N/A

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

Telephone number:_____  email:_____

**FEB 24 2014**

**KURTZMAN CARSON CONSULTANTS**

1. Amount of Claim as of Date Case Filed:  $ 11,783

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: 10% Pay cut Longevity swing Holiday, election Day Lunch Hour, Annuity Freeze
(See instruction #2)  and reserved sick bank

3. Last four digits of any number by which creditor identifies debtor:_____   3a. Debtor may have scheduled account as:_____
(See instruction #3a)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:  $_____

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Basis for perfection:_____

Value of Property: $_____

Amount of Secured Claim:  $_____

Annual Interest Rate (when case was filed)_____%  ☐ Fixed or ☐ Variable

Amount Unsecured:  $_____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).  $_____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §_____  $_____

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted".) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING
If the documents are not available, please explain:

8. Signature: (See instruction #8)
Check the appropriate box.

☐ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:_____
Title:_____
Company:_____
Address and telephone number (if different from notice address above):_____

*Corey Thomas*  2/20/14
(Signature)  (Date)

Telephone number:_____  email:_____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to

13538461402200000000000475

NAME: Corey Thomas

Title: SR. Governmental Analyst

City of Detroit
Water & Sewerage Dept.

Non negotiated reductions in wages and Election
Day, Holiday taken Away. Also Elimination of
Longevity Payout, Reserved Sick Bank and swing
holidays vacation days added.

— Forced 10% reduction in pay ~~this~~ Day $2.29 pay cut
~~Hydransti~~ $1 000.⁰⁰

— Elimination of Longevity 2 yrs 500⁰⁰ _____ $1 000.⁰⁰

— Swing Holiday _____ $551.52

— Election Day worked 8hrs @ 22.⁹⁸ _____ $183.⁸⁴

— Lunch Hour eliminated _____ $5,630.¹⁰

— Annuity Freeze _____ $2500.⁰⁰

(Grand Total 11,783)

5. Employees may qualify for the fifth step of longevity pay, inclusive of the first, second, third and fourth steps, provided they have served as City employees for an accumulated period of twenty-six (26) years.

6. The first step of longevity increment shall be one hundred fifty dollars ($150). The second step of longevity increment inclusive of the first step, shall be three-hundred dollars ($300). The third step of longevity increment, inclusive of the first and second steps, shall be four-hundred and fifty dollars ($450). The fourth step of longevity increment, inclusive of the first, second and third steps, shall be six hundred dollars ($600). The fifth step of longevity increment, inclusive of the first, second, third and fourth steps, shall be seven hundred and fifty dollars ($750).

B. Employees who have qualified for longevity pay and have accumulated at least eighteen hundred (1800) hours of straight time regular payroll hours of paid time during the year immediately preceding any December 1 date or other day of payment will qualify for a full longevity payment provided they are on the payroll on the December 1 date or any other date of qualification. Except for employees first qualifying for increments, the payment will be made in a lump sum annually on the first pay date after December 1.

No employee will be denied a full longevity payment on December 1 because of a temporary unpaid absence of twenty (20) continuous days or less extending through the December 1 date in question.

C. Employees who first qualify for longevity pay increments in any month after any December 1 date shall be paid such increment on a pro-rata basis upon attaining such qualification the amount of a full increment less one-twelfth (1/12) thereof for each calendar month or fraction thereof from the previous December 1 date to date of such qualification.

D. Promoted longevity payments may be made between December 1 dates to qualified employees and officers who separate or take leave from City service, excluding those who are discharged, those who resign and those who resign with a vested pension. Such promoted longevity increment shall be paid for time served on a full calendar month basis since the date of their last longevity payment; provided, that each month shall contain at least one hundred sixty (160) straight time regular payroll hours of service.

E. All of the above provisions except as modified herein shall be in accordance with Chapter 13, Article 7 of the Municipal Code of the City of Detroit.

## 35. SICK LEAVE

A. All employees who shall have completed three (3) months of continuous service shall be granted one (1) day of sick leave for every service month in which they have worked eighty percent (80%) of their scheduled hours, not to exceed twelve (12) sick leave days in any one fiscal year. Sick leave earned after July 1, 1971, may accumulate without limitation. These days shall be known as current sick leave and shall be kept in the Current Sick Leave Bank.

31

The service month shall be in accordance with City payroll practices. All employees must be on the payroll for the entire month to be eligible for sick leave.

B. Reserve sick leave of five (5) service days shall be granted on July 1 to each employee who was on the payroll the preceding July 1 and who has earned at least sixteen hundred (1600) hours of straight time pay during the fiscal year. Reserve sick leave shall be kept in the Reserve Sick Leave Bank.

C. Sick leave may not be granted in anticipation of future service.

D. Sick leave balances shall be expressed in terms of hours and shall be posted on the employee's check stub.

E. QUALIFIERS FOR BONUS VACATION DAYS:

1. **Fifty Day Qualifier:** Employees who have accumulated a total of fifty (50) or more days on July 1 shall receive up to six (6) bonus vacation days based upon their sick leave usage in the previous fiscal year. Such time shall be credited according to the following table:

| Sick Leave Days Used In Previous Fiscal Year | Bonus Vacation Days To Be Credited on July 1 |
| --- | --- |
| 0 | 6 |
| ½ to 1 day | 5 ½ |
| 1 ½ to 2 | 5 |
| 2 ½ or 3 | 4 ½ |
| 3 ½ or 4 | 4 |
| 4 ½ or 5 | 3 ½ |
| 5 ½ or 6 | 3 |
| 6 ½ or 7 | 2 ½ |
| 7 ½ or 8 | 2 |
| 8 ½ or 9 | 1 ½ |
| 9 ½ or 10 | 1 |
| 10 ½ or 11 | ½ |
| 11 ½ or more | 0 |

2. **Twenty-five Day Qualifier:** Employees who have accumulated a total of at least twenty-five (25) but less than fifty (50) or more unused sick days on July 1 shall receive up to three (3) bonus vacation days based upon their sick leave usage in the previous fiscal year. Such time shall be credited according to the following table:

| Total Sick Leave Days Used In Previous Fiscal Year | Bonus Vacation Days To Be Credited on July 1 |
| --- | --- |
| 0 to 2 days | 3 |
| 2 ½ or 3 | 2 ½ |
| 3 ½ or 4 | 2 |
| 4 ½ or 5 | 1 ½ |
| 5 ½ or 6 | 1 |
| More than 6 | 0 |

32

days off during this period. If an employee has none of the above listed accrued time, departmental leave may be used if available. If an employee has no paid time accrued, and wishes to work, the City will make every attempt to place an employee in his/her department on a job assignment consistent with their job classification and ability to perform the work.

In the event a department requires additional personnel during the period, the Human Resources Department will be so advised. Employees who are without accrued time and are desirous of working during this period will contact their department Human Resources Officer for available placement in another department.

The optional holiday season closing dates during the period of this Agreement shall be:

**December 23, 24, 27, 30, 2002**
**December 29, 30, 2003, and January 2, 2004**
**December 28, 29, 30, 2004**

Any scheduled time off or uses of department leave days during these periods shall not be counted against the employees' attendance records nor (except for bonus vacation) adversely affect their benefits.

The Holiday Schedule during the term of this Agreement is set forth in Schedule C.

## 33. MISCELLANEOUS

A. All salaried employees will have their hourly rates computed by dividing their annual salary by two thousand eighty (2080) hours.

B. Deferred Compensation Plan: Employees shall be eligible for a Deferred Compensation Plan made available by the City. Participation in the plan shall be optional with each employee.

C. The basic step increment schedule for salary classifications shall be five percent (5%) of the employee's salary as of the date the increment is normally paid, not to exceed the maximum rate for the classification. Beginning January 1, 2004, and thereafter, an employee may be denied his/her annual step increment for failure to receive a rating of at least "Meets Expectations" on the most recent evaluation on the Service Improvement Process (SIP) program administered by the Human Resources Department.

D. Effective July 1, 1980, employee benefits for those employees sixty-five (65) years of age and older may be modified as permitted by law but shall not result in any additional cost to the employee, (e.g. coordination of Medicare/Medicaid coverage with City hospitalization coverage.)

E. Where by payroll error an employee is underpaid or overpaid, the City is expressly authorized to correct the underpayment or overpayment by payroll adjustment. The City shall notify an employee in writing fourteen (14) days prior to making any overpayment recovery.

29

The correction of the underpayment shall be made within 60 days after notification to the department Human Resources officer.

For overpayment recoveries the City is authorized to deduct up to fifty dollars ($50) weekly or one hundred dollars ($100) bi-weekly. If the employee separates from City service, the entire unpaid balance shall be recoverable immediately.

If the amount owed by the employee is over $2,600, the City reserves the right to seek immediate recovery through the appropriate legal proceedings.

F. In order to be eligible for some economic benefits under this Agreement, employees must be on the payroll as of a certain date. For the purposes of this Agreement, "on the payroll" shall mean that the employee was receiving regular pay in a classification covered by this Agreement as of the qualifying date. Employees are on the payroll when absences are charged against sick leave, jury duty, funeral leave, vacation, C-time, holidays and other absences which are paid for under this Agreement. Employees are considered "off the payroll" if they have resigned, are discharged, are laid off, are on workers' compensation without supplementation, are suspended for more than thirty days, or are on an unpaid absence from leaves of absence, AWOL, etc. Such unpaid absences include work from which they do not return within thirty (30) days. Being returned to the payroll for the sole purpose of receiving a lump-sum payment for vacation, C-time, retroactive pay adjustments, etc. shall not constitute being "on the payroll."

The definition set forth above shall generally apply absent specific provisions to the contrary for particular benefits.

## 34. LONGEVITY PAY

A. Employees shall qualify for longevity pay as follows:

1. Employees may qualify for the first step of longevity pay, provided they have served as City employees for an accumulated period of five (5) years.

2. Employees may qualify for the second step of longevity pay, inclusive of the first step provided, they have served as City employees for an accumulated period of eleven (11) years.

3. Employees may qualify for the third step of longevity pay, inclusive of the first and second steps, provided they have served as City employees for an accumulated period of sixteen (16) years.

4. Employees may qualify for the fourth step of longevity pay, inclusive of the first, second and third steps, provided they have served as City employees for an accumulated period of twenty-one (21) years.

30

B. The payments will be made as part of the Employee's Pension Program, or the Employee's Benefit Plan, or through the Finance Department.

C. At the employee's option, he/she can elect to have up to the amount permitted by law of his/her unused sick leave payment deposited in his/her deferred compensation account with the balance paid to the employee.

**Note:** * This increase to 60% of the unused sick leave on retirement payment (previously was one-half (½) of an employee's unused sick leave bank), does not increase the one-quarter 1/4) amount that can be included in the average final compensation used to compute the service pension portion of a retirement allowance. (See Article 41. Retirement Provisions, paragraph J.)

## 32. HOLIDAYS AND EXCUSED TIME OFF

A. Employees shall be entitled to the following seven (7) holidays: New Year's Day, Martin Luther King's Birthday, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day.

Employees shall be entitled to three (3) swing holidays in each fiscal year. New employees shall be entitled to the first swing holiday after ninety (90) calendar days and the second swing holiday after one hundred eighty (180) calendar days and the third swing holiday after two hundred seventy (270) calendar days.

B. Employees shall receive eight (8) hours straight time pay for the above mentioned holidays. Where a holiday is concurrent with the employee's sixth or seventh work day, the department head shall have the option of paying for the holiday or granting equivalent time off with pay. When the City elects to give the employee time off, said time shall be granted at the request of the employee with the approval of the department head.

C. An employee shall be eligible for Holiday Pay or excused time day pay provided he/she shall have received at least eight (8) hours of pay exclusive of overtime in the calendar week prior to, during or after the holiday or excused time day; provided the employee continues on the payroll through the holiday or excused time day in question and would otherwise be qualified for the holiday or excused time day.

For the purpose of this section, an employee shall be considered off the payroll if he/she is fired, quits, is on a formal leave of absence granted by the Human Resources Department (generally over thirty [30] days), is on workers' compensation, or is laid off. An employee's payroll status not covered by the above shall be used to determine payroll status will be if the absence of the employee shall be for more than thirty (30) days.

D. If an employee is absent without just cause on a holiday or excused time day on which he/she is scheduled to work, he/she shall receive no pay for the holiday.

E. Double time will be paid for all hours worked on a holiday in addition to the straight time holiday pay due for a holiday as such.

F. Premium payments shall not be duplicated for the same hours worked.

G. Employees shall be granted eight (8) hours of excused time on Good Friday effective in the year 2004 and thereafter or the last eight (8) hours on the last scheduled paid day prior to Good Friday, and eight (8) hours of excused time on the last scheduled paid day before Christmas Day and before New Year's Day and for Veteran's Day, and the day after Thanksgiving, and Election Day as designated by the City Council, or an additional Swing Holiday in the event there is no designated Election Day, provided they are on the payroll through the excused time day in question. Employees required to work any portion of the pay at straight time for such hours at the option of the department head. No holiday premium will be paid for work done on these days. When an employee is absent without good cause for the non-excused portion of the day, he/she shall forfeit this excused time for the day.

H. For the purpose of this Article, an employee shall be considered off the payroll if he/she engages in a work stoppage which extends through a holiday or excused time day. All benefits under this Article will be forfeited for the holiday or excused time in question.

I. If a holiday or excused time day falls on Saturday it shall be observed on the preceding Friday, and if a holiday or excused time day falls on Sunday it shall be observed on the following Monday for all employees except those assigned to six and seven day operations. Should two (2) consecutive holidays or excused time days occur on a Friday and Saturday, or on a Sunday and Monday, Friday and Monday, respectively, shall be designated as the official holidays.

J. If an employee engaged in six or seven day operations works either the actual calendar holiday or the substitute holiday, he/she shall receive the holiday premium, but he/she will not be allowed to pyramid holiday premium for working both days.

1. An employee assigned to a six or seven day operation may be scheduled off for the holiday on either the calendar holiday or the substitute holiday.

2. When an employee works both the calendar holiday and the substitute holiday, the day selected as a holiday for pay purposes shall be the day which allows the employee the maximum pay credit for working both days.

3. If an employee works either the calendar holiday or the substitute holiday, but not both, he/she shall be paid holiday premium for the day worked.

4. If an employee is off sick on the calendar holiday, or the substitute holiday, or both, he/she shall receive holiday pay in lieu of sick pay on one of the two days. If he/she works either of the two days he/she shall receive holiday premium.

5. If an employee is AWOL on the actual calendar holiday, but works the substitute holiday, he/she shall not be entitled to holiday pay or holiday premium.

K. The City shall have the option to close all or part of its facilities for the Christmas and New Year's holiday season consistent with operating needs and the public service. Employees shall have the option of using vacation, swing holidays, compensatory time or no-pay for any

## 28. HOLIDAYS AND EXCUSED TIME OFF

A. Employees shall be entitled to the following seven (7) holidays: New Years's Day, Martin Luther King's Birthday, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day.

Employees shall be entitled to three (3) swing holidays in each fiscal year. New employees shall be entitled to the first swing holiday after ninety (90) calendar days and the second swing holiday after one hundred eighty (180) calendar days and the third swing holiday after two hundred and seventy (270) calendar days.

B. Employees shall receive eight (8) hours straight time pay for the above mentioned holidays. Were a holiday is concurrent with the employee's sixth or seventh work day, the Department Head shall have the option of paying for the holiday or granting equivalent time off with pay. When the City elects to give the employee time off, said time shall be granted at the request of the employee with the approval of the Department Head.

C. An employee shall be eligible for Holiday Pay or Excused Time Day Pay provided he/she shall have received at least eight (8) hours of pay exclusive of overtime in the calendar week prior to, during or after the holiday or excused time day; provided the employee continues on the payroll through the holiday or excused time day in question and would otherwise be qualified for the holiday or excused time day.

For the purpose of this section, an employee shall be considered off the payroll if he/she is fired, quits, is on a formal leave of absence granted by the Personnel Department (generally over 30 days) or is laid off. An employee's payroll status not covered by the above shall be subject to a Special Conference. Criteria to be used to determine payroll status will be if the absence of the employee shall be for more than thirty (30) days.

D. If an employee is absent without just cause on a holiday or excused time day on which he/she is scheduled to work, he/she shall receive no pay for the holiday.

66

Class Title:     Admin Asst Gd II City Elect Exmpt

Bargaining Unit:     Association of Professional & Technical Employees

Class Code:     012242

Salary:

# City Employees Benefits Summary

## EMPLOYMENT BENEFITS

The City of Detroit offers a competitive and comprehensive employee benefit package. We pride ourselves on the longevity of our employees. Part of the reason for the low turnover rate is the exceptional benefit package listed below. Benefits include, but are not limited to the following:

**Medical**
Eligible for hospital, surgical, and prescription drug benefits at the time of employment. Employees may select from several medical plans, currently two (2) Blue Cross/Blue Shields Plans and three (3) HMO plans.

**Dental**
Eligible for dental care after sixth (6) months of employment. Employees may select from three dental plans; Blue Cross Blue Shield "Traditional Plus Plan", DENCAP Network-Based Plan and Golden Dental Network-Based Dental Plan.

**Vision**
Eligible for eye care after two-months of employment. Employees may select from two vision plans; Co/op Optical and Heritage Optical.

**Life Insurance**
Optional group insurance available to employee and their family. The City pays 60% of premium for first $12,500 of employee life insurance. Employee may purchase, at own expense, life insurance for spouse and each dependent.

**Long-Term Disability Insurance (Income Protection Plan)**
The City offers disability insurance through payroll deductions for persons who become disabled and who are not yet eligible for a service retirement.

**VACATION and LEAVE**

**Holidays**

New Year's Day
Martin Luther King's Birthday
Good Friday
Memorial Day
Independence Day
Labor Day
Election Day
Veterans Day
Thanksgiving Day
Day after Thanksgiving
Christmas Eve
Christmas Day
New Year's Eve
Swing Holiday

**Sick Leave**

City employees accrue sick leave based on the number of regular hours worked. Full-time employees earn ninety-six (96) hours in sick leave per year. You may carry over your unused sick leave; there is no maximum accumulation. Employees receive an additional forty (40) hours "Reserve Bank" days after one thousand & six hundred (1,600) hours worked during the previous year.

**Other Leave Policies**

The City also has the following paid and unpaid leaves: funeral leave, Family and Medical Leave, jury duty, military duty leave, voting/personal leave.

## RETIREMENT BENEFITS

**City Employees Retirement System**

As a regular City employee you automatically become a member of the General Retirement System. This entitles you to a retirement allowance after:

- Completion of thirty (30) years of service.

- At age sixty (60) if you have at least ten (10) years of service.

or

- At age sixty-five (65) with eight (8) years of service. (In the event of disability, other eligibility rules apply).

- An early, actuarially reduced, retirement is offered after you have attained at least twenty-five (25) years of service.

- Employees are vested after ten (10) years of service, regardless of age

**Defined Contribution Plan (Annuity Savings Fund)**

The Plan is an optional program which permits you to contribute toward an annuity, which can be used to enhance your retirement. As a City employee you have the option of contributing 0%, 3%, 5%, 5% or 7% of your gross earnings to your account in the Annuity Savings Fund. At retirement, your annuity fund may be transferred into monthly annuity payments or withdrawn in the form of a lump sum payment at the time you

retire, or leave City employment before reaching retirement age.

**1998 Defined Contribution Plan**
This Plan is a self directed 401-a plan with the City contributing 6% of gross pay and matching the first 3% of the employee's contributions. The employee will be able to contribute up to 75 percent of pay. The City's contributions will be fifty percent (50%) after two years of service and one hundred percent (100%) after four years of service.

## CAREER OPPORTUNITIES

**Advancement Opportunities**
Employees have many opportunities for growth and career advancement throughout all City departments and divisions

*Have a successful career with the City of Detroit. Always remember that you are a part of a team with a common Vision of delivering excellent service to the citizens of the City of Detroit.*

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | **FILED** |

PROOF OF CLAIM

Name of Debtor: City of Detroit, Michigan     Case Number: 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

FEB 21 2014

US Bankruptcy Court Eastern District

Name of Creditor (the person or other entity to whom the debtor owes money or property):
LaTonya Pennington

Name and address where notices should be sent:
LaTonya Pennington
23901 W. Chicago
Redford, MI 48239

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Telephone number: 313 399-2734   email: Lpennin662@aol.com

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:     email:

**RECEIVED**

FEB 24 2014

KURTZMAN CARSON CONSULTANTS

**1. Amount of Claim as of Date Case Filed:** $ 551.52

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Swing Holidays hours taken
(See instruction #2)

**3.** Last four digits of any number by which creditor identifies debtor: _____    **3a.** Debtor may have scheduled account as: _____
(See instruction #3a)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

**Value of Property:** $_____

**Annual Interest Rate (when case was filed)** _____% ☐ Fixed or ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $_____

**5b. Amount of Claim Otherwise Entitled to Priority.** Specify Applicable Section of 11 U.S.C. § _____ . $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are *redacted* copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature:** (See instruction # 8)
Check the appropriate box.

☒ I am the creditor. ☐ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: LaTonya Pennington
Title: Senior Accountant
Company: DWSD - City of Detroit
Address and telephone number (if different from notice address above):

*LaTonya Pennington*    2-21-14
(Signature)       (Date)

Telephone number:    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for

13-53846-tjt   Doc 11102-2   Filed 04/21/16   Entered 04/21/16 12:24:18   Page 36 of 63

1353846140221000000000459

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

**Name of Debtor:** *City of Detroit, Michigan*     **Case Number:** 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

**FILED**

**FEB 21 2014**

Name of Creditor (the person or other entity to whom the debtor owes money or property):
La Tonya Pennington

**RECEIVED**

**FEB 2 4 2014**

**KURTZMAN CARSON CONSULTANTS**

Name and address where notices should be sent:
La Tonya Pennington
23901 W. Chicago
Redford, MI 48239

Telephone number: 313 399-2734 email: Lpennin662@aol.com

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

US Bankruptcy Court MI Eastern District

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**FILED**

**FEB 21 2014**

US Bankruptcy Court
MI Eastern District

Telephone number: _____ email: _____

**1. Amount of Claim as of Date Case Filed:** $ 5,630.10

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Hour lunch eliminated
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** _____  
**3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

**Basis for perfection:** _____

**Value of Property:** $ _____

**Amount of Secured Claim:** $ _____

**Annual Interest Rate** (when case was filed) _____% ☐ Fixed or ☐ Variable

**Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $ _____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** _____ $ _____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted".) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction # 8)
Check the appropriate box.

☑ I am the creditor. ☐ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: La Tonya Pennington
Title: Senior Accountant
Company: DWSD - City of Detroit
Address and telephone number (if different from notice address above):

_____

_____

*La Tonya Pennington*    2-21-14
(Signature)      (Date)

Telephone number: _____ email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.

1353846140221000000000457

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | **FILED** |

Name of Debtor: City of Detroit, Michigan

Case Number: 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

**FEB 21 2014**

Name of Creditor (the person or other entity to whom the debtor owes money or property):
LaTonya Pennington

Name and address where notices should be sent:
LaTonya Pennington
23901 W. Chicago
Redford, MI 48239

Telephone number: 313 399-2734 email: Lpenninb62@aol.com

US Bankruptcy Court
Eastern District

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
  *(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number: _____ email: _____

**RECEIVED**

**FEB 24 2014**

**KURTZMAN CARSON CONSULTANTS**

1. Amount of Claim as of Date Case Filed:  $ 4568.55

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: Forced 10% Paycut
   (See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $ _____
Annual Interest Rate (when case was filed) _____% ☐ Fixed or ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____
Basis for perfection: _____
Amount of Secured Claim: $ _____
Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).  $ _____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____  $ _____

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. Signature: (See instruction # 8)
Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: LaTonya Pennington
Title: Senior Accountant
Company: DWSD - city of Detroit
Address and telephone number (if different from notice address above):

_LaTonya Pennington_  2-21-14
(Signature)  (Date)

Telephone number: _____  email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up

1353846140221000000000461

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT    EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

**Name of Debtor:** City of Detroit, Michigan

**Case Number:** 13-53846

**FILED**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

**FEB 21 2014**

Name of Creditor (the person or other entity to whom the debtor owes money or property):
LaTonya Pennington

Name and address where notices should be sent:
LaTonya Pennington
23901 W. Chicago
Redford, MI 48239

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

U.S. Bankruptcy Court
MI Eastern District

Court Claim Number: _____
*(If known)*

Telephone number: 313 399-2734 email: LPennin662@aol.com

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

Telephone number:          email:

**FEB 24 2014**

**1. Amount of Claim as of Date Case Filed:** $ 367.68

KURTZMAN CARSON CONSULTANTS

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Election Day 16 Hrs
(See instruction #2)

**3.** Last four digits of any number by which creditor identifies debtor: _____    **3a.** Debtor may have scheduled account as: _____
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Basis for perfection: _____

**Value of Property:** $ _____

**Amount of Secured Claim:** $ _____

**Annual Interest Rate (when case was filed)** _____ % ☐ Fixed  or  ☐ Variable

**Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**

**5b. Amount of Claim Otherwise Entitled to Priority.** Specify Applicable Section of 11 U.S.C. § _____    $ _____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: LaTonya Pennington
Title: Senior Accountant
Company: DWSD - City of Detroit
Address and telephone number (if different from notice address above):

*La Tonya Pennington* 2-21-14
(Signature)          (Date)

Telephone number:          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years _____

1353846140221000000000458

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT  EASTERN DISTRICT of MICHIGAN | CHAPTER 9 **PROOF OF CLAIM** |
|---|---|

**FILED**

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

**FEB 20 2014**

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Sharon K. Jordan

Name and address where notices should be sent:

Sharon K. Jordan
P.O. Box 8270
Eastpointe, MI 48021-8270

Telephone number: 313-964-9817  email: Jordanmissmba@aol.com

COURT USE ONLY

☐ US Bankruptcy Court Check this box if this claim amends a previously filed claim.
MI Eastern District

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

N/A

Telephone number:  email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

**1. Amount of Claim as of Date Case Filed:**  $29,039.40 est.

**FEB 24 2014**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**KURTZMAN CARSON CONSULTANTS**

**2. Basis for Claim:** 10% pAycut, Longevity, Swing holidays, Election Day Lunch
(See instruction #2)  hours, Annuity Freeze, Reserved Sick Bank, Budget Furlough days.

**3. Last four digits of any number by which creditor identifies debtor:** _____  **3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Nature of property or right of setoff: ☐Real Estate ☐Motor Vehicle ☐Other
**Describe:**

Basis for perfection: _____

Value of Property: $_____

Amount of Secured Claim: $_____

Annual Interest Rate (when case was filed)_____% ☐Fixed or ☐Variable

Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**  $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____.**  $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Sharon K. Jordan
Title: Senior Governmental Analyst
Company: City of Detroit Water & Sewerage
Address and telephone number (if different from notice address above):

_____
_____

Signature: *Sharon Jordan*  Date: 2/18/2014

Telephone number:  email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for

13538461402200000000000536

Name    SHARON K. JORDAN
Title    SENIOR GOVERNMENTAL ANALYST
CITY OF DETROIT
Water and Sewerage Department


*Non-Negotiated Reductions in Wages, Budgeted Furlough Days and Election Day Holiday taken away. Also elimination of longevity payout, Reserved Sick Bank and swing holiday, bonus vacation days added.*


Forced 10% reduction in pay for 1,995 hours ($2.29 pay cut 8/6/12-7/18/13............................ $4,568.55

Elimination of longevity 2yr@ $750.00/yr ...................................................................................$1,500.00

Swing Holiday hrs taken 24hrs@ $22.98/hr..................................................................................$551.52

Election Day worked 8hrs worked @ $22.98/hr............................................................................$183.84

Hour lunch eliminated 245hr@ $22.98/.......................................................................................$5,630.10

Annuity Freeze (accumulated interest)........................................................................................$12,561.00

Reserved Sick Bank (40 Hours)......................................................................................................$919.20

Budgeted Furlough Days (17 days X 183.84/day)........................................................................$3,125.28

GRAND TOTAL:..............................................................................................................................$29,039.49

**Class Title:** Admin Asst Gd II City Elect Exmpt

**Bargaining Unit:** Association of Professional & Technical Employees

**Class Code:** 012242

**Salary:**

Print Job Information

Email me when jobs like this become available

**Description** **Benefits**

# City Employees Benefits Summary

**EMPLOYMENT BENEFITS**

The City of Detroit offers a competitive and comprehensive employee benefit package. We pride ourselves on the longevity of our employees. Part of the reason for the low turnover rate is the exceptional benefit package listed below. Benefits include, but are not limited to the following:

**Medical**
Eligible for hospital, surgical, and prescription drug benefits at the time of employment. Employees may select from several medical plans, currently two (2) Blue Cross/Blue Shields Plans and three (3) HMO plans.

**Dental**
Eligible for dental care after sixth (6) months of employment. Employees may select from three dental plans; Blue Cross Blue Shield "Traditional Plus Plan", DENCAP Network-Based Plan and Golden Dental Network-Based Dental Plan.

**Vision**
Eligible for eye care after two-months of employment. Employees may select from two vision plans; Co/op Optical and Heritage Optical.

**Life Insurance**
Optional group insurance available to employee and their family. The City pays 60% of premium for first $12,500 of employee life insurance. Employee may purchase, at own expense, life insurance for spouse and each dependent.

**Long-Term Disability Insurance (Income Protection Plan)**
The City offers disability insurance through payroll deductions for persons who become disabled and who are not yet eligible for a service retirement.

**VACATION and LEAVE**

**Holidays**
New Year's Day
Martin Luther King's Birthday
Good Friday
Memorial Day
Independence Day
Labor Day
Election Day
Veterans Day
Thanksgiving Day
Day after Thanksgiving
Christmas Eve
Christmas Day
New Year's Eve
Swing Holiday

**Sick Leave**
City employees accrue sick leave based on the number of regular hours worked. Full time employees earn ninety-six (96) hours of sick leave per year. You may carry over your unused sick leave, there is not a maximum accumulation. Employees receive an additional forty (40) hours "Reserve Bank" days after one thousand & six hundred (1600) hours worked during the previous year.

**Other Leave Policies**
The City also has the following paid and unpaid leaves; funeral leave, Family and Medical Leave, jury duty, military duty leave, unpaid personal leave.

**RETIREMENT BENEFITS**

**City Employees Retirement System**
As a regular City employee you automatically become a member of the General Retirement System. This entitles you to a retirement allowance after:

• Completion of thirty (30) years of service;

- At age sixty (60) if you have at least ten (10) years of service,

or

- At age sixty-five (65) with eight (8) years of service. (In the event of disability, other eligibility rules apply);

• An early, actuarially reduced, retirement is offered after you have attained at least twenty-five (25) years of service;

• Employees are vested after ten (10) years of service, regardless of age.

**Defined Contribution Plan (Annuity Savings Fund)**
The Plan is an optional program which permits you to contribute toward an annuity, which can be used to enhance your retirement. As a City employee you have the option of contributing 0%, 3%, 5% or 7% of your gross earnings to your account in the Annuity Savings Fund. At retirement, your annuity fund may be transferred into monthly annuity payments or withdrawn in the form of a lump sum payment at the time you

retire, or leave City employment before reaching retirement age.

**1998 Defined Contribution Plan**
This Plan is a self directed 401-a plan with the City contributing 6% of gross pay and matching the first 3% of the employee's contributions. The employee will be able to contribute from 0% to 6%. Vesting for the City's contributions will be fifty percent (50%) after two years of service and one hundred percent (100%) after four years of service.

**CAREER OPPORTUNITIES**

**Advancement Opportunities**
Employees have many opportunities for growth and career advancement throughout all City departments and divisions.

*Have a successful career with the City of Detroit. Always remember that you are a part of a team with a common Vision of delivering excellent service to the citizens of the City of Detroit.*

## 28. HOLIDAYS AND EXCUSED TIME OFF

A. Employees shall be entitled to the following seven (7) holidays: New Years' Day, Martin Luther King's Birthday, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day.

Employees shall be entitled to three (3) swing holidays in each fiscal year. New employees shall be entitled to the first swing holiday after ninety (90) calendar days and the second swing holiday after one hundred eighty (180) calendar days and the third swing holiday after two hundred and seventy (270) calendar days.

B. Employees shall receive eight (8) hours straight time pay for the above mentioned holidays. Were a holiday is concurrent with the employee's sixth or seventh work day, the Department Head shall have the option of paying for the holiday or granting equivalent time off with pay. When the City elects to give the employee time off, said time shall be granted at the request of the employee with the approval of the Department Head.

C. An employee shall be eligible for Holiday Pay or Excused Time Day Pay provided he/she shall have received at least eight (8) hours of pay exclusive of overtime in the calendar week prior to, during or after the holiday or excused time day; provided the employee continues on the payroll through the holiday or excused time day in question and would otherwise be qualified for the holiday or excused time day.

For the purpose of this section, an employee shall be considered off the payroll if he/she is fired, quits, is on a formal leave of absence granted by the Personnel Department (generally over 30 days) or is laid off. An employee's payroll status not covered by the above shall be subject to a Special Conference. Criteria to be used to determine payroll status will be if the absence of the employee shall be for more than thirty (30) days.

D. If an employee is absent without just cause on a holiday or excused time day on which he/she is scheduled to work, he/she shall receive no pay for the holiday.

66

B. The payments will be made as part of the Employee's Pension Program, or the Employee's Benefit Plan, or through the Finance Department.

C. At the employee's option, he/she can elect to have up to the amount permitted by law of his/her unused sick leave payment deposited in his/her deferred compensation account with the balance paid to the employee.

**Note:** * This increase to 60% of the unused sick leave on retirement payment (previously was one-half (½) of an employee's unused sick leave banks, does not increase the one-quarter (1/4) amount that can be included in the average final compensation used to compute the service pension portion of a retirement allowance. (See Article 41. Retirement Provisions, paragraph J.)

## 32. HOLIDAYS AND EXCUSED TIME OFF

A. Employees shall be entitled to the following seven (7) holidays: New Year's Day, Martin Luther King's Birthday, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day.

Employees shall be entitled to three (3) swing holidays in each fiscal year. New employees shall be entitled to the first swing holiday after ninety (90) calendar days and the second swing holiday after one hundred eighty (180) calendar days and the third swing holiday after two hundred seventy (270) calendar days.

B. Employees shall receive eight (8) hours straight time pay for the above mentioned holidays. Where a holiday is concurrent with the employee's sixth or seventh work day, the department head shall have the option of paying for the holiday or granting equivalent time off with pay. When the City elects to give the employee time off, said time shall be granted at the request of the employee with the approval of the department head.

C. An employee shall be eligible for Holiday Pay or excused time day pay provided he/she shall have received at least eight (8) hours of pay exclusive of overtime in the calendar week prior to, during or after the holiday or excused time day; provided the employee continues on the payroll through the holiday or excused time day in question and would otherwise be qualified for the holiday or excused time day.

For the purpose of this section, an employee shall be considered off the payroll if he/she is fired, quits, is on a formal leave of absence granted by the Human Resources Department (generally over thirty [30] days), is on workers' compensation, or is laid off. An employee's payroll status not covered by the above shall be subject to a Special Conference. Criteria to be used to determine payroll status will be if the absence of the employee shall be for more than thirty (30) days.

D. If an employee is absent without just cause on a holiday or excused time day on which he/she is scheduled to work, he/she shall receive no pay for the holiday.

E. Double time will be paid for all hours worked on a holiday in addition to the straight time holiday pay due for a holiday as such.

F. Premium payments shall not be duplicated for the same hours worked.

G. Employees shall be granted eight (8) hours of excused time on Good Friday effective in the year 2004 and thereafter or the last eight (8) hours on the last scheduled paid day prior to Good Friday, and eight (8) hours of excused time on the last scheduled paid day before Christmas Day and before New Year's Day and for Veteran's Day, and the day after Thanksgiving, and Election Day as designated by the City Council, or an additional Swing Holiday in the event there is no designated Election Day, provided they are on the payroll through the excused time day in question. Employees required to work any portion of the excused time on these days will receive either equal time off for hours worked or additional pay at straight time for such hours at the option of the department head. No holiday premium will be paid for work on these days. When an employee is absent without good cause for the non-excused portion of the day, he/she shall forfeit this excused time for the day.

H. For the purpose of this Article, an employee shall be considered off the payroll if he/she engages in a work stoppage which extends through a holiday or excused time day. All benefits under this Article will be forfeited for the holiday or excused time in question.

I. If a holiday or excused time day falls on Saturday it shall be observed on the preceding Friday, and if a holiday or excused time day falls on Sunday it shall be observed on the following Monday for all employees except those assigned to six and seven day operations. Should two (2) consecutive holidays or excused time days occur on a Friday and Saturday, or on a Sunday and Monday, Friday and Monday, respectively, shall be designated as the official holidays.

J. If an employee engaged in six or seven day operations works either the actual calendar holiday or the substitute holiday, he/she shall receive the holiday premium, but he/she will not be allowed to pyramid holiday premium for working both days.

1. An employee assigned to a six or seven day operation may be scheduled off for the holiday on either the calendar holiday or the substitute holiday.

2. When an employee works both the calendar holiday and the substitute holiday, the day selected as a holiday for pay purposes shall be the day which allows the employee the maximum pay credit for working both days.

3. If an employee works either the calendar holiday or the substitute holiday, but not both, he/she shall be paid holiday premium for the day worked.

4. If an employee is off sick on the calendar holiday, or the substitute holiday, or both, he/she shall receive holiday pay in lieu of sick pay on one of the two days. If he/she works either of the two days he/she shall receive holiday premium.

5. If an employee is AWOL on the actual calendar holiday, but works the substitute holiday, he/she shall not be entitled to holiday pay or holiday premium.

K. The City shall have the option to close all or part of its facilities for the Christmas and New Year's holiday season consistent with operating needs and the public service. Employees shall have the option of using vacation, swing holidays, compensatory time or no-pay for any

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

Name of Debtor: City of Detroit, Michigan     Case Number: 13-53846

**FILED**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Aldrina Thomas

**FEB 20 2014**

COURT USE ONLY

Name and address where notices should be sent:

Mrs Aldrina Thomas
18906 GAINSBOROUGH Road
Detroit, MI 48223

Telephone number:     email: HBTHOMAS022@yahoo.com

☐ Check this box if this claim amends a previously filed claim.
US Bankruptcy Court
MI Eastern District
Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

313-272-0305

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

Telephone number:     email:

1. Amount of Claim as of Date Case Filed:     $ 15,228.56

**FEB 24 2014**

**KURTZMAN CARSON CONSULTANTS**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: 10% paycut, longevity, swing holiday, bonus vacation days, election Day, Lunch hour,
(See instruction #2)  Annuity freeze and reserved sick bank

3. Last four digits of any number by which creditor identifies debtor: _____   3a. Debtor may have scheduled account as: _____
(See instruction #3a)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:  $ _____

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other   Basis for perfection: _____
Describe:

**See attachment**

Value of Property: $ _____     Amount of Secured Claim:  $ _____

Annual Interest Rate (when case was filed) ____% ☐ Fixed or ☐ Variable     Amount Unsecured:  $ _____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).  $ _____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____.  $ _____

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted copies of documents** providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. **Signature:** (See instruction # 8)
Check the appropriate box.

☒ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Aldrina Thomas
Title: Senior Govt. Analyst
Company: City of Detroit Water Dept.     *(Signature)* Aldrina Thomas     2-18-14  *(Date)*
Address and telephone number (if different from notice address above):

Telephone number:     email:

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

13538461402200000000000589

Name: Aldrina Thomas

Title: Senior Governmental Analyst (Rate of Pay: $20.72 an hour)

City of Detroit

Water and Sewerage Department

| | |
|---|---|
| Forced 10% reduction in pay for 1992 hours ($2.07) | $5,418.24 |
| 4 Bonus Vacation Days | $663.08 |
| Elimination of Longevity 2 years at $750. | $1,500.00 |
| 3 Swing holidays hours taken 24 hours at $20.72 | $497.31 |
| Election Day worked 8 hours worked at $20.72 hr. | $165.77 |
| Hour lunch eliminated 245 hours at $20.72 | $5,076.68 |
| 7.99 % Annuity Freeze (accumulated interest) | $1,078.65 |
| Reserved sick bank (40 hours) | $828.85 |
| **Grand total** | **$15,228.56** |

5. Employees may qualify for the fifth step of longevity pay, inclusive of the first, second, third and fourth steps, provided they have served as City employees for an accumulated period of twenty-six (26) years.

6. The first step of longevity increment shall be one hundred fifty dollars ($150). The second step of longevity increment inclusive of the first step, shall be three-hundred dollars ($300). The third step of longevity increment, inclusive of the first and second steps, shall be four-hundred and fifty dollars ($450). The fourth step of longevity increment, inclusive of the first, second and third steps, shall be six hundred dollars ($600). The fifth step of longevity increment, inclusive of the first, second, third and fourth steps, shall be seven hundred and fifty dollars ($750).

B. Employees who have qualified for longevity pay and have accumulated at least eighteen hundred (1800) hours of straight time regular payroll hours of paid time during the year immediately preceding any December 1 date or other day of payment will qualify for a full longevity payment provided they are on the payroll on the December 1 date or any other date of qualification. Except for employees first qualifying for increments, the payment will be made in a lump sum annually on the first pay date after December 1.

No employee will be denied a full longevity payment on December 1 because of a temporary unpaid absence of twenty (20) continuous days or less extending through the December 1 date in question.

C. Employees who first qualify for longevity pay increments in any month after any December 1 date shall be paid such increment on a pro-rata basis upon attaining such qualification in the amount of a full increment less one-twelfth (1/12) thereof for each calendar month or fraction thereof from the previous December 1 date to date of such qualification.

D. Promoted longevity payments may be made between December 1 dates to qualified employees and officers who separate or take leave from City service, excluding those who are discharged, those who resign and those who resign with a vested pension. Such prorated longevity increment shall be paid for time served on a full calendar month basis since the date of their last longevity payment; provided, that each month shall contain at least one hundred sixty (160) straight time regular payroll hours of service.

E. All of the above provisions except as modified herein shall be in accordance with Chapter 13, Article 7 of the Municipal Code of the City of Detroit.

## 35. SICK LEAVE

A. All employees who shall have completed three (3) months of continuous service shall be granted one (1) day of sick leave for every service month in which they have worked eighty percent (80%) of their scheduled hours, not to exceed twelve (12) sick leave days in any one fiscal year. Sick leave earned after July 1, 1971, may accumulate without limitation. These days shall be known as current sick leave and shall be kept in the Current Sick Leave Bank.

The service month shall be in accordance with City payroll practices. All employees must be on the payroll for the entire month to be eligible for sick leave.

B. Reserve sick leave of five (5) service days shall be granted on July 1 to each employee who was on the payroll the preceding July 1 and who has earned at least sixteen hundred (1600) hours of straight time pay during the fiscal year. Reserve sick leave shall be kept in the Reserve Sick Leave Bank.

C. Sick leave may not be granted in anticipation of future service.

D. Sick leave balances shall be expressed in terms of hours and shall be posted on the employee's check stub.

E. QUALIFIERS FOR BONUS VACATION DAYS:

1. Fifty Day Qualifier: Employees who have accumulated a total of fifty (50) or more days on July 1 shall receive up to six (6) bonus vacation days based upon their sick leave usage in the previous fiscal year. Such time shall be credited according to the following table:

| Sick Leave Days Used In Previous Fiscal Year | Bonus Vacation Days To Be Credited on July 1 |
| --- | --- |
| 0 | 6 |
| ½ to 1 day | 5 ½ |
| 1 ½ to 2 | 5 |
| 2 ½ or 3 | 4 ½ |
| 3 ½ or 4 | 4 |
| 4 ½ or 5 | 3 ½ |
| 5 ½ or 6 | 3 |
| 6 ½ or 7 | 2 ½ |
| 7 ½ or 8 | 2 |
| 8 ¼ or 9 | 1 ½ |
| 9 ½ or 10 | 1 |
| 10 ½ or 11 | ½ |
| 11 ½ or more | 0 |

2. Twenty-five Day Qualifier: Employees who have accumulated a total of at least twenty-five (25) but less than fifty (50) or more unused sick days on July 1 shall receive up to three (3) bonus vacation days based upon their sick leave usage in the previous fiscal year. Such time shall be credited according to the following table:

| Total Sick Leave Days Used In Previous Fiscal Year | Bonus Vacation Days To Be Credited on July 1 |
| --- | --- |
| 0 to 2 days | 3 |
| 2 ½ or 3 | 2 ½ |
| 3 ½ or 4 | 2 |
| 4 ½ or 5 | 1 ½ |
| 5 ½ or 6 | 1 |
| More than 6 | 0 |

days off during this period. If an employee has none of the above listed accrued time, departmental leave may be used if available. If an employee has no paid time accrued, and wishes to work, the City will make every attempt to place an employee in his/her department on a job assignment consistent with their job classification and ability to perform the work.

In the event a department requires additional personnel during the period, the Human Resources Department will be so advised. Employees who are without accrued time and are desirous of working during this period will contact their department Human Resources Officer for available placement in another department.

The optional holiday season closing dates during the period of this Agreement shall be:

**December 23, 26, 27, 30, 2002**
**December 26, 29, 30, 2003, and January 2, 2004**
**December 28, 29, 30, 2004**

Any scheduled time off or uses of department leave days during these periods shall not be counted against the employees' attendance records nor (except for bonus vacation) adversely affect their benefits.

L. The Holiday Schedule during the term of this Agreement is set forth in Schedule C.

## 33. MISCELLANEOUS

A. All salaried employees will have their hourly rates computed by dividing their annual salary by two thousand eighty (2080) hours.

B. Deferred Compensation Plan: Employees shall be eligible for a Deferred Compensation Plan made available by the City. Participation in the plan shall be optional with each employee.

C. The basic step increment schedule for salary classifications shall be five percent (5%) of the employee's salary as of the date the increment is normally paid, not to exceed the maximum rate for the classification. Beginning January 1, 2004, and thereafter, an employee may be denied his/her annual step increment for failure to receive a rating of at least "Meets Expectations" on the most recent evaluation on the Service Improvement Process (SIP) program administered by the Human Resources Department.

D. Effective July 1, 1980, employee benefits for those employees sixty-five (65) years of age and older may be modified as permitted by law but shall not result in any additional cost to the employee, (e.g. coordination of Medicare/Medicaid coverage with City hospitalization coverage.)

E. Where by payroll error an employee is underpaid or overpaid, the City is expressly authorized to correct the underpayment or overpayment by payroll adjustment. The City shall notify an employee in writing fourteen (14) days prior to making any overpayment recovery.

29

The correction of the underpayment shall be made within 60 days after notification to the department Human Resources officer.

For overpayment recoveries the City is authorized to deduct up to fifty dollars ($50) weekly or one hundred dollars ($100) bi-weekly. If the employee separates from City service, the entire unpaid balance shall be recoverable immediately.

If the amount owed by the employee is over $2,600, the City reserves the right to seek immediate recovery through the appropriate legal proceedings.

F. In order to be eligible for some economic benefits under this Agreement, employees must be on the payroll as of a certain date. For the purposes of this Agreement, "on the payroll" shall mean that the employee was receiving regular pay in a classification covered by this Agreement as of the qualifying date. Employees are on the payroll when absences are charged which are paid for under this Agreement. Employees are considered "off the payroll" if they have resigned, are discharged, are laid off, are on workers' compensation without supplementation, are suspended for more than thirty (30) days. Such unpaid absences include leaves of absence, AWOL, etc. Being returned to the payroll for the sole purpose of receiving a lump-sum payment for vacation, C-time, retroactive pay adjustments, etc. shall not constitute being "on the payroll."

The definition set forth above shall generally apply absent specific provisions to the contrary for particular benefits.

## 34. LONGEVITY PAY

A. Employees shall qualify for longevity pay as follows:

1. Employees may qualify for the first step of longevity pay, provided they have served as City employees for an accumulated period of five (5) years.

2. Employees may qualify for the second step of longevity pay, inclusive of the first step provided, they have served as City employees for an accumulated period of eleven (11) years.

3. Employees may qualify for the third step of longevity pay, inclusive of the first and second steps, provided they have served as City employees for an accumulated period of sixteen (16) years.

4. Employees may qualify for the fourth step of longevity pay, inclusive of the first, second and third steps, provided they have served as City employees for an accumulated period of twenty-one (21) years.

30

B. The payments will be made as part of the Employee's Pension Program, or the Employee's Benefit Plan, or through the Finance Department.

C. At the employee's option, he/she can elect to have up to 60% of his/her unused sick leave payment deposited in his/her deferred compensation account with the balance paid to the employee.

**Note:** * This increase to 60% of the unused sick leave on retirement payment (previously was one-half (½) of an employee's unused sick leave banks, does not increase the one-quarter (¼) amount that can be included in the average final compensation used to compute the service pension portion of a retirement allowance. (See Article 41. Retirement Provisions, paragraph J.)

## 32. HOLIDAYS AND EXCUSED TIME OFF

A. Employees shall be entitled to the following seven (7) holidays: New Year's Day, Martin Luther King's Birthday, Memorial Day, Independence Day, Labor Day, Thanksgiving Day, and Christmas Day.

Employees shall be entitled to three (3) swing holidays in each fiscal year. New employees shall be entitled to the first swing holiday after ninety (90) calendar days and the second swing holiday after one hundred eighty (180) calendar days and the third swing holiday after two hundred seventy (270) calendar days.

B. Employees shall receive eight (8) hours straight time pay for the above mentioned holidays. Where a holiday is concurrent with the employee's sixth or seventh work day, the department head shall have the option of paying for the holiday or granting equivalent time off with pay. When the City elects to give the employee time off, said time shall be granted at the request of the employee with the approval of the department head.

C. An employee shall be eligible for Holiday Pay or excused time day pay provided he/she shall have received at least eight (8) hours of pay exclusive of overtime in the calendar week prior to, during or after the holiday or excused time day; provided the employee continues on the payroll through the holiday or excused time day in question and would otherwise be qualified for the holiday or excused time day.

For the purpose of this section, an employee shall be considered off the payroll if he/she is fired, quits, is on a formal leave of absence granted by the Human Resources Department (generally over thirty [30] days), is on workers' compensation, or is laid off. An employee's payroll status not covered by the above shall be subject to a Special Conference. Criteria to be used to determine payroll status will be if the absence of the employee shall be for more than thirty (30) days.

D. If an employee is absent without just cause on a holiday or excused time day on which he/she is scheduled to work, he/she shall receive no pay for the holiday.

E. Double time will be paid for all hours worked on a holiday in addition to the straight time holiday pay due for a holiday as such.

F. Premium payments shall not be duplicated for the same hours worked.

G. Employees shall be granted eight (8) hours of excused time on Good Friday effective in the year 2004 and thereafter or the last eight (8) hours on the last scheduled paid day prior to Good Friday; and eight (8) hours of excused time on the last scheduled paid day before Christmas Day and before New Year's Day and for Veteran's Day, and the day after Thanksgiving, and Election Day as designated by the City Council, or an additional Swing Holiday in the event there is no designated Election Day, provided they are on the payroll through the excused time day in question. Employees required to work any portion of the excused time on these days will receive either equal time off for hours worked or additional pay at straight time for such hours at the option of the department head. No holiday premium will be paid for work on these days. When an employee is absent without good cause for the non-excused portion of the day, he/she shall forfeit this excused time for the day.

H. For the purpose of this Article, an employee shall be considered off the payroll if he/she engages in a work stoppage which extends through a holiday or excused time day. All benefits under this Article will be forfeited for the holiday or excused time in question.

I. If a holiday or excused time day falls on Saturday it shall be observed on the preceding Friday, and if a holiday or excused time day falls on Sunday it shall be observed on the following Monday for all employees except those assigned to six and seven day operations. Should two (2) consecutive holidays or excused time days occur on a Friday and Saturday, or on a Sunday and Monday, Friday and Monday, respectively, shall be designated as the official holidays.

J. If an employee engaged in six or seven day operations works either the actual calendar holiday or the substitute holiday, he/she shall receive the holiday premium, but he/she will not be allowed to pyramid holiday premium for working both days.

1. An employee assigned to a six or seven day operation may be scheduled off for the holiday on either the calendar holiday or the substitute holiday.

2. When an employee works both the calendar holiday and the substitute holiday, the day selected as a holiday for pay purposes shall be the day which allows the employee the maximum pay credit for working both days.

3. If an employee works either the calendar holiday or the substitute holiday, but not both, he/she shall be paid holiday premium for the day worked.

4. If an employee is off sick on the calendar holiday, or the substitute holiday, or both, he/she shall receive holiday pay in lieu of sick pay on one of the two days. If he/she works either of the two days he/she shall receive holiday premium.

5. If an employee is AWOL on the actual calendar holiday, but works the substitute holiday, he/she shall not be entitled to holiday pay or holiday premium.

K. The City shall have the option to close all or part of its facilities for the Christmas and New Year's holiday season consistent with operating needs and the public service. Employees shall have the option of using vacation, swing holidays, compensatory time or no-pay for any

Detroit, Michigan, Code of Ordinances >> **Part III - CITY CODE** >> **Chapter 13 - CIVIL SERVICE AND PERSONNEL REGULATIONS** >> **ARTICLE VII. - LONGEVITY PAY** >>

# ARTICLE VII. - LONGEVITY PAY

Sec. 13-7-1. - Definitions.
Sec. 13-7-2. - Qualifications of employees; amounts.
Sec. 13-7-3. - List of eligible employees to be furnished finance director annually.
Sec. 13-7-4. - Prorated payments.
Sec. 13-7-5. - Service not required to be consecutive.
Sec. 13-7-6. - Requests for and payment of increments when employee does not qualify.

## Sec. 13-7-1. - Definitions.

For the purposes of this article, the following words and phrases shall have the meanings respectively ascribed to them by this section:

*City employees and officers* shall include all city employees and officers, except contractual part-time employees, elected officers, members of part-time boards and commissions, consultants and, unless otherwise provided by resolution of the following authorities, employees and officers of the public library commission and the recorder's court of the city, except those employees of the traffic court division thereof who are under the classified service of the city.

*Longevity pay* shall mean such pay, within the meaning of this article, is not a part of and shall not become a part of an employee's base pay. It is a reward based on length of service.

*Part-time employees* shall include those who are hired for periods of either less than forty (40) hours per week or less than one year.

*Service* shall be construed to mean payroll time, exclusive of overtime or premium time. It shall include time spent on duty disability pension only for the purpose of computing the years of service for qualifying, and not for the purpose of continuing annual longevity payments. It shall include all time spent on military leave but shall not include absence due to layoff or leaves of absence requiring approval of the civil service commission, nor time served prior to any resignation or discharge. For the purpose of this article, service while under the status of special service or part-time employment may be credited and accumulated only if and when an employee or officer shall have become a permanent employee.

*(Code 1964, § 16-11-1)*
Cross reference— *Definitions and rules of construction generally, § 1-1-2.*

## Sec. 13-7-2. - Qualifications of employees; amounts.

(a) All employees and officers may qualify for the first step of longevity pay, provided they have served for an accumulated period of eleven (11) years, and for the second step of longevity pay inclusive of the first step, provided they have served for an accumulated period of sixteen (16) years. All employees and officers, except noncivilian employees of the police and fire departments and members of collective bargaining units, unless included by contract, shall be eligible for the third step of longevity pay inclusive of the first and second steps, effective December 1, 1973, provided they have served for an accumulated period of twenty-one (21) years.

(b) The first step of longevity increment shall be one hundred fifty dollars ($150.00). The second step of longevity increment, inclusive of the first step, shall be three hundred dollars ($300.00). The third step of longevity increment, inclusive of the first and second step, shall be four hundred and fifty dollars ($450.00).

(c) Employees who have qualified for longevity pay and have accumulated at least two hundred sixteen (216) days of paid time (two hundred ninety-two (292) calendar days for fire fighters) exclusive of overtime or premium time during the year immediately preceding any December first date or any other date of qualification; except, that for employees first qualifying for increments, the payment will be made in a lump sum annually on the first pay date after December first.

(d)    No employee will be denied a full longevity payment on December first because of a temporary unpaid absence of thirty (30) continuous days or less extending through the December first date in question.

*(Code 1964, § 16-11-2)*

### Sec. 13-7-3. - List of eligible employees to be furnished finance director annually.

All department heads and commissions, on November fifteenth of each year, shall furnish the finance director a list of employees who will have become eligible for longevity increment pay on December first of each year. He shall indicate, in the manner prescribed by the finance director the amount of longevity pay due each such employee, and the finance director may then authorize payment as of December first of each year.

*(Code 1964, § 16-11-3)*

### Sec. 13-7-4. - Prorated payments.

(a)    Employees who first qualify for longevity pay increments in any month after any December first date shall be paid such increment on a prorata basis upon attaining such qualification, in the amount of a full increment less one-twelfth thereof for each calendar month or fraction thereof from the previous December first date to the date of such qualification.

(b)    Prorated longevity payments may be made between December first dates to qualified employees and officers who separate or take leave from city service, excluding those who are discharged, those who resign and those who resign with a vested pension. Such prorated longevity increment shall be paid for time served on a full calendar month basis since the date of their last longevity payment; provided, that each month shall contain at least eighteen (18) days of service (twenty-four (24) calendar days for fire fighters).

(c)    In the case of employees who have otherwise qualified for longevity pay, according to the provisions of this article, but who fail to retain status by reason of death, a prorated longevity payment shall be made to their beneficiaries.

*(Code 1964, § 16-11-4)*

### Sec. 13-7-5. - Service not required to be consecutive.

The years of required service, as provided in section 13-7-2, need not be consecutive or uninterrupted. Service, for the purpose of qualifying for longevity pay, may be accumulated in terms of years equivalent to three hundred sixty-five (365) calendar days, according to the best city records available; provided, that during such years of required service, there shall have been accumulated an average of two hundred sixteen (216) days per year of paid time (two hundred ninety-two (292) calendar days for fire fighters), exclusive of overtime and premium time.

*(Code 1964, § 16-11-5)*

### Sec. 13-7-6. - Requests for and payment of increments when employee does not qualify.

When an interpretation of the provisions of this article would, in the opinion of the department head, violate the general intent thereof, a longevity increment may yet be requested by the department head or commission and paid upon the approval of the city council; provided, that the proposed recipient of such increment must comply with the basic definition of the term "service," as indicated in this article, and all other sections of this chapter.

*(Code 1964, § 16-11-6)*

A.  Employees shall qualify for longevity pay as follows:

1.  Employees may qualify for the first step of longevity pay, provided they have served as City employees for an accumulated period of five (5) years.

2.  Employees may qualify for the second step of longevity pay, inclusive of the first step provided they have served as City employees for an accumulated period of eleven (11) years.

3.  Employees may qualify for the third step of longevity pay, inclusive of the first and second steps, provided they have served as City employees for an accumulated period of sixteen (16) years.

4.  Employees may qualify for the fourth step of longevity pay, inclusive of the first, second and third steps, provided they have served as City employees for an accumulated period of twenty-one (21) years.

5.  Employees may qualify for the fifth step of longevity pay, inclusive of the first, second, third and fourth steps, provided they have served as City employees for an accumulated period of twenty-six (26) years.

6.  The first step of longevity increment shall be one hundred and fifty dollars ($150). The second step of longevity increment inclusive of the first step, shall be three hundred dollars ($300). The third step of longevity increment, inclusive of the first and second steps, shall be four hundred and fifty dollars ($450). The fourth step of longevity increment, inclusive of the first, second and third steps, shall be six hundred dollars ($600). The fifth step of longevity increment, inclusive of the first, second, third and fourth steps, shall be seven hundred and fifty dollars ($750).

B.  Employees who have qualified for longevity pay and have accumulated at least eighteen hundred (1800) hours of straight time regular payroll hours of paid time during the year immediately preceding any December 1 date or other day of payment will qualify for a full longevity payment provided they are on the payroll on the December 1 date or any other date of qualification. Except for employees first qualifying for increments, the payment will be made in a lump sum annually on the first pay date after December 1st.

No employee will be denied a full longevity payment on December 1st because of a temporary unpaid absence of twenty (20) continuous days or less extending through the December 1st date in question.

C.  Employees who first qualify for longevity pay increments in any month after any December 1st date shall be paid such increment on a pro-rata basis upon attaining such qualification in the amount of a full increment less one-twelfth (1/12) thereof for each calendar month or fraction thereof from the previous December 1st date to date of such qualification.

D.  Prorated longevity payments may be made between December 1 dates to qualified employees and officers who separate or take leave from City service, excluding those who are discharged, those who resign and those who resign with a vested pension. Such prorated longevity increment shall be paid for time served on a full calendar month basis since the date of their last longevity payment; provided, that each month shall contain at least 160 straight time regular payroll hours of service.

E.  All of the above provisions except as modified herein shall be in accordance with Chapter 13, Article 7 of the Municipal Code of the City of Detroit.

**Class Title:** Admin Asst Gd II City Elect Exmpt

**Bargaining Unit:** Association of Professional & Technical Employees

**Class Code:** 012242

**Salary:**

Print Job Information

Email me when jobs like this become available

**Description  Benefits**

# City Employees Benefits Summary

**EMPLOYMENT BENEFITS**

The City of Detroit offers a competitive and comprehensive employee benefit package. We pride ourselves on the longevity of our employees. Part of the reason for the low turnover rate is the exceptional benefit package listed below. Benefits include, but are not limited to the following:

**Medical**
Eligible for hospital, surgical, and prescription drug benefits at the time of employment. Employees may select from several medical plans, currently two (2) Blue Cross/Blue Shields Plans and three (3) HMO plans.

**Dental**
Eligible for dental care after sixth (6) months of employment. Employees may select from three dental plans; Blue Cross Blue Shield "Traditional Plus Plan", DENCAP Network-Based Plan and Golden Dental Network-Based Dental Plan.

**Vision**
Eligible for eye care after two-months of employment. Employees may select from two vision plans; Co/op Optical and Heritage Optical.

**Life Insurance**
Optional group insurance available to employee and their family. The City pays 60% of premium for first $12,500 of employee life insurance. Employee may purchase, at own expense, life insurance for spouse and each dependent.

**Long-Term Disability Insurance (Income Protection Plan)**
The City offers disability insurance through payroll deductions for persons who become disabled and who are not yet eligible for a service retirement.

**VACATION and LEAVE**

**Holidays**

New Year's Day
Martin Luther King's Birthday
Good Friday
Memorial Day
Independence Day
Labor Day
Election Day
Veterans Day
Thanksgiving Day
Day after Thanksgiving
Christmas Eve
Christmas Day
New Year's Eve
Swing Holiday

**Sick Leave**

City employees accrue sick leave based on the number of regular hours worked. Full time employees earn ninety-six (96) hours of sick leave per year. You may carry over your unused sick leave, there is not a maximum accumulation. Employees receive an additional forty (40) hours "Reserve Bank" days after one thousand & six hundred (1600) hours worked during the previous year.

**Other Leave Policies**

The City also has the following paid and unpaid leaves; funeral leave, Family and Medical Leave, jury duty, military duty leave, unpaid personal leave.

**RETIREMENT BENEFITS**

**City Employees Retirement System**

As a regular City employee you automatically become a member of the General Retirement System. This entitles you to a retirement allowance after:

- Completion of thirty (30) years of service;

- At age sixty (60) if you have at least ten (10) years of service,

or

- At age sixty-five (65) with eight (8) years of service. (In the event of disability, other eligibility rules apply);

- An early, actuarially reduced, retirement is offered after you have attained at least twenty-five (25) years of service;

- Employees are vested after ten (10) years of service, regardless of age.

**Defined Contribution Plan (Annuity Savings Fund)**

The Plan is an optional program which permits you to contribute toward an annuity, which can be used to enhance your retirement. As a City employee you have the option of contributing 0%, 3%, 5% or 7% of your gross earnings to your account in the Annuity Savings Fund. At retirement, your annuity fund may be transferred into monthly annuity payments or withdrawn in the form of a lump sum payment at the time you



retire, or leave City employment before reaching retirement age.

**1998 Defined Contribution Plan**
This Plan is a self directed 401-a plan with the City contributing 6% of gross pay and matching the first 3% of the employee's contributions. The employee will be able to contribute from 0% to 6%. Vesting for the City's contributions will be fifty percent (50%) after two years of service and one hundred percent (100%) after four years of service.

**CAREER OPPORTUNITIES**

**Advancement Opportunities**
Employees have many opportunities for growth and career advancement throughout all City departments and divisions.

*Have a successful career with the City of Detroit. Always remember that you are a part of a team with a common Vision of delivering excellent service to the citizens of the City of Detroit.*

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT | | **PROOF OF CLAIM** |
|---|---|---|

**FILED**

FEB 2 1 2014

US Bankruptcy Court
MI Eastern District

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Name and address where notices should be sent:

CHUKWUMA C UDEGBUNAM

Telephone number:                    email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
   *(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

1800 CRESTVIEW DR CANTON MI 48188

Telephone number: 213-460-0683    email: CHUXIEN1@yahoo.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

FEB 2 4 2014

KURTZMAN CARSON CONSULTANTS

**1. Amount of Claim as of Date Case Filed:**    $32,981.44

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Services
   (See instruction #2)

| **3. Last four digits of any number** by which creditor identifies debtor: _____ | **3a.** Debtor may have scheduled account as: _____ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate ☐Motor Vehicle ☐Other
**Describe:**

**Value of Property: $**_____

**Annual Interest Rate**_____% ☐Fixed or ☐Variable
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$32,981.44

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of mak

B10 (Official Form 10) (04/13)

2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

**RECEIVED**

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

FEB 2 4 2014

KURTZMAN CARSON CONSULTANTS

**8. Signature:** (See instruction #8)

Check the appropriate box.

☒ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Chukwuma C. Udegbunam
Title:
Company:
Address and telephone number (if different from notice address above):

_(Signature)_          2/21/14 _(Date)_

Telephone number:                 email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**City of Detroit**
**Proof of Claim  Case# 13-53846**
**Name: Chukwuma Udegbunam**
**Title: Principal Accountant**

| | |
|---|---:|
| 1. Forced 10% reduction in pay for 31 months;  $53,700/12x10%x31mths | $13,872.50 |
| 2. Elimination of Longevity 2yrs @ $450.00 | $900.00 |
| 3. Swing Holiday hrs taken 56hrs @ $25.82 | $1,445.92 |
| 4. Election day worked 16hrs @ $25.82 | $413.12 |
| 5. Hour Lunch eliminated 245hrs @ $25.82 | $6,325.90 |
| 6. Furlough Days $25.82x4% /12 x56mths | $10,024.00 |
| **Total** | **$32,981.44** |

2/21/14

B10 (Offical Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 OF DETROIT |
|---|---|---|

**FILED**

Name of Debtor: City of Detroit, Michigan    Case Number: 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Deirdre Green

Name and address where notices should be sent:

29662 Clarita St.
Livonia Michigan 48152

Telephone number: 313 898 7760    email:

Name and address where payment should be sent (if different from above):

3856 Rivard
Detroit Mi 48207
Telephone number: 313 898 7760   email: ynotjake123+email.phoenix.edu

**FEB 20 2014**

US Bankruptcy Court
MI Eastern District

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:    $ 1,800 for the last 3 yrs

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: Longevity
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: _____    3a. Debtor may have scheduled account as: _____
(See instruction #3a)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Basis for perfection: _____

Value of Property: $ _____

Amount of Secured Claim:    $ _____

Annual Interest Rate (when case was filed) _____% ☐ Fixed or ☐ Variable

Amount Unsecured:    $ _____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).    $ _____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____    $ _____

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**RECEIVED**

**FEB 24 2014**

KURTZMAN CARSON CONSULTANTS

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purch-running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted.") DO NOT ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. Signature: (See instruction # 8)
Check the appropriate box.

☑ I am the creditor. ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Deirdre Green
Title: Parking Enforcement Officer
Company: Municipal Parking
Address and telephone number (if different from notice address above): _____

(Signature) Deirdre Green   2/18/14   (Date)

Telephone number: _____    email: _____

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | **FILED** |

Name of Debtor: **City of Detroit, Michigan**  Case Number: **13-53846**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
*Deirdre Green*

Name and address where notices should be sent:
*29662 Clarita St.*
*Livonia MI 48152*

Telephone number: (313) 898-1760  email: *VAotJAke123+email. phoenix. edu*

Name and address where payment should be sent (if different from above):
*3856 Rivard*
*Detroit MI 48207*

Telephone number:  email:

FEB 20 2014

U.S. COURT USE ONLY
☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
*(if known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**
**FEB 2 4 2014**
KURTZMAN CARSON CONSULTANTS

1. Amount of Claim as of Date Case Filed:  $ *10% of wages*

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach

2. Basis for Claim: *Loss 10% income  9,000 for 3 yrs.*
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: *1958*

3a. Debtor may have scheduled account as: _____
(See instruction #3a)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:  $ _____

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Basis for perfection: _____

Value of Property: $ _____

Amount of Secured Claim:  $ _____

Annual Interest Rate (when case was filed) _____% ☐ Fixed  or  ☐ Variable

Amount Unsecured:  $ _____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).  $ _____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §  $ _____

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim (See instruction #6)

7. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted".) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. Signature: (See instruction # 8)
Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *Deirdre Green*
Title: *Parking Enforcement Officer*
Company: *Municipal Parking*
Address and telephone number (if different from notice address above): _____

*Deirdre Green*  2/18/14
(Signature)  (Date)

Telephone number: _____  email: _____

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C §§ 152 and 3571.

In its List of Claim
unknown amount. To determine if you need to file a claim, please refer to the enclosed Information About
Deadlines to File Claims.

Claim #3383  Date Filed: 2/21/2014

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | FILED |
|---|---|---|

CHAPTER 9
PROOF OF CLAIM

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

**FEB 21 2014**

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Brooks, Danean**

US Bankruptcy Court
COURT USE ONLY
MI Eastern District

Name and address where notices should be sent:     NameID: 11529743

Brooks, Danean
1403 18Th Street
Detroit, MI 48216
(313) 469-2748
Telephone number:     email: dbrooks@dwsd.org

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:     email:

**RECEIVED**

**FEB 24 2014**

**KURTZMAN CARSON CONSULTANTS**

1. Amount of Claim as of Date Case Filed:     $ 2,200,000 Estimated Amt.

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** ① LOST WAGES IN INTEREST DUE TO NON FUNDING/FREEZE OF PENSION.
(See instruction #2) ② LOST WAGES / INTEREST OF 7.9 % OR GREATER ON ANNUITY. ③ POSSIBLE LOSS OF
TOTAL PENSION AND ANNUITY EARNED. ④ INCREASE IN HEALTHCARE EXPENSES.

3. **Last four digits of any number by which creditor identifies debtor:** 4606

3a. **Debtor may have scheduled account as:** _____
(See instruction #3a)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

**Basis for perfection:** _____

Value of Property: $ _____

**Amount of Secured Claim:** $ _____

**Annual Interest Rate** (when case was filed) _____ % ☐ Fixed  or ☐ Variable

**Amount Unsecured:** $ _____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).     $ _____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____ .     $ _____

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. **Signature:** (See instruction # 8)
Check the appropriate box.

☒ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: DANEAN M. BROOKS
Title: EMPLOYEE VESTED WITH CITY OF DETROIT
Company:
Address and telephone number (if different from notice address above):     (Signature) Danean M. Brooks     (Date) 2-19-14

Telephone number:     email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.