2007 WL 602591
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK
COURT RULES BEFORE CITING.

Court of Appeals of Michigan.

MICHIGAN EDUCATION
ASSOCIATION, Plaintiff-Appellee,
v.
MICHIGAN PUBLIC SCHOOL EMPLOYEES
RETIREMENT BOARD, Defendant-Appellant.

No. 269724.
|
Feb. 27, 2007.

Ingham Circuit Court; LC No. 05-001134-AA.

Before: WHITBECK, C.J., and BANDSTRA and SCHUETTE, JJ.

**Opinion**

PER CURIAM.

***1** Petitioner Michigan Education Association (the MEA) brought this action, by way of a petition for review, in the circuit court against respondent Michigan Public School Employees Retirement Board (the Board). The MEA sought a declaratory ruling from the circuit court that the promulgation of an amended administrative rule, 2004 MR 1, R 38.1205(1), was invalid. The circuit court declared Amended Rule 38.1205(1) invalid and ordered that the prior version of the rule, including an omitted portion, be reinstated. The Board appeals by leave granted. We reverse.

I. Basic Facts And Procedural History

A. Overview

The Public School Employees Retirement Act[1] (the Act) establishes a retirement system for public school employees. The Act governs disability benefits as well as retirement benefits.[2] The Board is the retirement board established by the Act to implement and administer the system.[3] The Board also has the authority to promulgate rules pursuant to the Administrative Procedures Act (the APA), MCL 24.201 et seq.[4] The MEA is the collective bargaining unit for "a substantial number of public school employees" who are members of the retirement system.

B. Original Rule 205

In 1985, the Board promulgated Original Rule 205, which expressly allocated the burden of proof to the Board in contested cases involving the denial of benefits or the termination or redetermination of benefits or rights. Original Rule 205(1) provided, in pertinent part:

> In a contested case involving the denial of benefits or the termination or redetermination of benefits or rights, the system shall have the burden of proving, by a preponderance of evidence that grounds exist for the denial or termination or redetermination of such benefits or rights.

Subsections (2) and (3) of Original Rule 205 required the Board to notify members of reductions or termination of benefits, and set forth the time periods for providing notice.

C. The 1996 Amendment To The Act

In 1996, the Legislature amended the Act by adding MCL 38.1303a, which defines the term "compensation" and identifies the forms of remuneration that are both included and not included in a member's compensation for purposes of calculating retirement and disability benefits. The amended statute states, in pertinent part:

> (5) Based upon information and documentation provided by the member, the retirement board shall determine both of the following:

> (a) Whether any form of remuneration paid to a member is identified in this section.

> (b) Whether any form of remuneration that is not identified in this section should be considered compensation reportable to the retirement system under this section.

(6) In any case where a petitioner seeks to have remuneration included in compensation reportable to the retirement system, *the petitioner shall have the burden of proof.* [Emphasis added.]

MCL 38.1303a(6) is the only provision in the Act that addresses the allocation of the burden of proof in disputes between the Board and members.

### D. Amended Rule 205

***2** Effective January 15, 2004, the Board amended Original Rule 205 by rescinding subparagraph (1). The amendment rescinded the allocation of the burden of proof, leaving the regulatory scheme silent with respect to the burden of proof in contested cases. However, the Board stated in its Regulatory Impact Statement that the purpose of the amendment was to shift the burden of proof to the member. The Board stated:

> This rule [Original Rule 205] is inconsistent with the practice used by other retirement systems, both in Michigan and nationally. Generally, the burden of proof rests with the individual who files an application for disability. As fiduciaries of retirement systems, boards and staff have an obligation to ensure that trust funds are not distributed to individuals who are not disabled, as determined by the retirement act. R 38.1205 impairs this fiduciary duty.

The Regulatory Impact Statement form required the Board to "[i]dentify the harm resulting from the conduct the rule is designed to change and the likelihood it will continue to occur if the rule is not changed." The Board gave the following response to this item:

> It is reasonable to require that a petitioner make a prima facie case supporting his/her application and thus file requisite medical information in support of the application for consideration by the State's independent medical examiner (IME). Because of this current rule, the petitioner does not need to provide such supporting medical information, [the Board] cannot subpoena it, and [the Board] must prove a negative without the ability to secure relevant medical information. The end results are disability pensions being paid to individuals who do not meet the statutory requirements of 1980 PA 300. Revocation will ensure that the fiduciary burden of due diligence can be met.

### E. The MEA's Petition For Declaratory Ruling

On May 13, 2005, pursuant to § 63 of the APA,[5] the MEA presented a petition for declaratory ruling to the Board. The MEA alleged:

> Amended Rule 205, which no longer places the burden of proof on the Public School Employees' Retirement System, is: (a) inconsistent with the subject matter of the Retirement Act; (b) no longer in compliance with the legislative intent underlying the Retirement Act; and (c) arbitrary and capricious, and violates the rights of members and retirees under art 9, § 24 of Mich. Const 1963.
>
> The MEA requested a declaratory ruling that Amended Rule 205 was invalid and that Original Rule 205 be reinstated. In addition to seeking a declaratory ruling from the Board under § 63, of the APA, the MEA also cited § 64,[6] which requires a petitioner to petition a respondent agency as a prerequisite to seeking a declaratory judgment from the circuit court.

The MEA contended that it had standing to challenge the validity of Amended Rule 205 because it was "the sole and exclusive bargaining representative under Michigan law for over 100,000 public school employees in Michigan, essentially all of whom are 'members' of the Retirement System...." The MEA maintained that the "intent and practical effect of the rule change is to switch the burden of proof from the Retirement System to the challenging party, or petitioner, in all cases presented to it for determination." The MEA argued that Amended Rule 205 was invalid because shifting the burden of proof was contrary to the subject matter and underlying legislative intent of the Act. The MEA also averred that the reallocation of the burden of proof was arbitrary and capricious, and violated its members' rights under the Michigan Constitution.

### F. The Board's Decision

**\*3** In a decision dated July 7, 2005, the Board determined that the MEA was not an "interested person" within the meaning of § 63 of the APA because it was not a member or a retiree of the retirement system, and it had no legally protected interests that would be directly affected by the declaratory ruling it sought. Therefore, the Board concluded that the MEA lacked standing to seek a declaratory ruling under § 63 of the APA. The Board also found that the MEA could not seek a declaratory ruling under § 63 because that section of the APA only permits the agency to issue a declaratory ruling "as to the applicability to an actual state of facts of a statute administered by the agency or of a rule or order of the agency." The Board stated that this statute did not authorize it to grant the relief that the MEA sought, that is, a declaration that Amended Rule 205 was invalid. The Board declined to address the substantive issues the MEA raised regarding the burden of proof under Amended Rule 205.

### G. The MEA's Petition For Review Of Declaratory Ruling

On September 21, 2005, the MEA filed a "Petition For Review Of Declaratory Ruling" in the circuit court. The MEA reiterated its argument that its status as a certified collective bargaining representative for members gave it standing to challenge the validity of Amended Rule 205. The MEA also argued that the Board misconstrued the nature of its petition for declaratory ruling, alleging that it was not claiming that the new Rule 205 was invalid because it does not address who has the burden of proof, rather, it was claiming that the new Rule 205 was invalid because it removed the burden of proof from the retirement system.

In response, the Board stated that it correctly denied the MEA's request because the MEA was not an interested person and because a declaratory ruling was not appropriate with respect to the validity of an agency's rescission of a rule. The Board stated that the MEA's legally protected rights would not be affected by the declaratory ruling and that there was no evidence supporting its claim that it represented interested persons. The Board also argued that the circuit court lacked jurisdiction to determine the validity of Amended Rule 205 because the court was "limited to a review of the Board's decision and the Board only had the authority to determine the applicability of the rule under MCL 24.263." The Board contended that the MEA had the option either of appealing the Board's denial of a declaratory ruling under § 63 of the APA, or of filing an original action seeking a declaratory judgment under § 64 of the APA. The Board maintained that the MEA chose the former option and, therefore, the circuit court lacked jurisdiction to grant relief under the latter option. The Board argued that it did not err in denying declaratory relief under § 63 of the APA because the MEA lacked standing and because its requested relief was not available under § 63.

### H. The Circuit Court's Opinion And Order

**\*4** The circuit court issued its Opinion and Order on March 24, 2006. The circuit court rejected the Board's argument that the circuit court was limited to a review of the Board's decision pursuant to § 63 of the APA and that it lacked jurisdiction to issue a declaratory judgment pursuant to § 64 of the APA and MCR 2.605. The circuit court also determined that the MEA had standing to seek relief under either § 63 or § 64 of the APA. The circuit court noted that the MEA "identifies itself as the 'sole and exclusive bargaining representative ...' " for more than 100,000 members of the retirement system. The circuit court also found that these members might suffer financial injury if the burden were shifted to them in cases involving denial of benefits or the termination or redetermination of benefits.

The circuit court agreed with the Board that the MEA improperly sought a declaratory ruling pursuant to § 63 of the APA. The circuit court explained:

> [The MEA] has explicitly challenged the Amended Rule on the premise that the omission of the burden of proof to the Retirement System was *invalid.* As MCL 24.263 clearly identifies that declaratory ruling can only be granted by an administrative agency as to the *"applicability"* of a rule, the Court finds that [the Board] properly denied [the MEA's] Request for a Declaratory Ruling on the validity of the amended rule. Even as an interested person within MCL 24.263, [the MEA] could not be granted a declaratory ruling as this request was clearly outside the scope of [the Board's] authority designated by the Legislature as [the

MEA] was contesting the validity rather than the applicability.

The circuit court reiterated that the MEA was entitled to seek a declaratory judgment under § 64 of the APA and addressed the substantive question regarding the validity of Amended Rule 205. The circuit court noted that MCL 38.1303a(6) was the only instance in which the Legislature clearly intended to impose the burden of proof on petitioning members in a contested case before the Board.

The circuit court ordered relief as follows:

> IT IS HEREBY ORDERED that Amended Rule 38.1205(1) of the Michigan Public School Employees' Retirement Board is invalid as to the omission of the disputed provision;
>
> IT IS HEREBY ORDERED that the Court finds that it was the intent of the Legislature to leave the burden of proof on the Retirement System in contested cases challenging the denial, termination, or redetermination of benefits under the Retirement Act;
>
> IT IS HEREBY ORDERED that Amended Rule 38.1205(1) is revoked and the prior version, including the portion omitted by the amendment, is reinstated.

On May 12, 2006, this Court granted the Board's application for leave to appeal.

## II. Standing

### A. Standard Of Review

The Board argues that the MEA is not an interested person and, therefore, lacks standing to challenge Amended Rule 205. The question whether a party has standing is a question of law that this Court reviews de novo.[7]

### B. Interested Persons; *Associated Builders & Contractors*

**\*5** MCR 2.605(A)(1) provides that a court may issue a declaratory judgment that determines "the rights and legal relations of an interested person." In *Associated Builders & Contractors,* the Michigan Supreme Court held that a plaintiff seeking a declaratory judgment under MCR 2.605 must satisfy three requirements to establish that it is an interested person.[8] First, the plaintiff must have suffered an injury in fact, which is concrete and particularized, and actual or imminent, and not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of. Third, it must be likely, and not merely speculative, that the injury will be redressed by a favorable decision.[9] Although the Board contends that the "interested party" requirement in MCR 2.605(A)(1) is distinct from the doctrine of standing, the Court held in *Associated Builders* that the " 'actual controversy' and the 'interested party' requirements of MCR 2.605(A)(1) subsume the limitations on litigants' access to the courts imposed by this Court's standing doctrine."[10]

### C. The Parties' Arguments

The Board contends that the MEA is not an interested person because there is no evidence that it is aggrieved, or that it has any legally protected interests that would be directly affected by a declaratory judgment. The MEA does not refute this argument, but it relies on *Associated Builders, supra* and *Higgins Lake Prop Owners Ass'n v. Gerrish Twp* to contend that it has standing because it is acting on behalf of its members, whose interests are impaired by the rescission of Original Rule 205(1). In *Higgins Lake,* this Court recognized that " '[a] nonprofit corporation has standing to advocate interests of its members where the members themselves have a sufficient stake or have sufficiently adverse and real interests in the matter being litigated.' "[11]

The Board acknowledges that the MEA is the exclusive bargaining representative for public school employees who are members of the retirement system but contends that it lacks standing because "there is no evidence that the MEA is frequently involved in hearings before the Board nor is there any evidence in the record that the MEA is registered as a non-profit corporation." We conclude that the MEA's status as the collective bargaining agent for retirement system members is the salient fact here and that neither its involvement in hearings nor its non-profit registration detract from this fact. Accordingly, the MEA can establish standing if it otherwise satisfies the three requirements set forth in *Associated Builders.*

### D. The First Requirement

We conclude that the MEA has not satisfied the first requirement of *Associated Builders.* It is not evident that the MEA members will suffer an actual or imminent injury that is not conjectural or hypothetical. The absence of an express allocation of the burden of proof in contested actions, and even a reallocation of the burden of proof, will not affect the MEA's members unless they become a party in a contested action. Unlike the *Associated Builders* members, who were *all* required to comply with the prevailing wage law, it is not evident that any significant number of the MEA's members will ever appear before the Board in a contested action over benefit determinations. The Court in *Associated Builders* determined that the plaintiff's members suffered "a concrete, rather than a hypothetical, injury because they either face criminal prosecution for a violation of the statute or must avoid state-funded work entirely."[12] Similarly, in *Higgins Lake,* this Court concluded that the plaintiff association had standing where it was alleged that its members' enjoyment of the lake and property values were *actively* being affected by overuse, and the concentration of persons and watercraft.[13]

**\*6** Here, the MEA's members do not face such an actual or imminent dilemma, nor does the elimination of the express allocation of the burden of proof affect how they perform their jobs. As in *Mich Educ Ass'n v Superintendent of Pub Instruction,* "[w]hile we can envision a scenario in the abstract where" the rescission of Original Rule 205(1) could affect the MEA's members' rights in a contested action, "it takes more than imagination to establish the required causation element of standing."[14] It is not evident that the MEA's members must make imminent decisions that are affected by the validity of the Board's actions, or that members will be prejudiced if the uncertainty created by the rescission of Original Rule 205(1) is not resolved before any of them have occasion to appear in a contested action. Accordingly, we conclude that the circuit court erred in determining that the MEA was an interested party under MCR 2.605. Therefore, the MEA was not a proper plaintiff to bring an action for declaratory judgment in the circuit court.

The Board advances other arguments in favor of a reversal of the circuit court's decision but, given our ruling on the standing issue, we need not address them here.

Reversed.

**All Citations**

Not Reported in N.W.2d, 2007 WL 602591

---

Footnotes

| | |
|---|---|
| 1 | MCL 38.1301 *et seq.* |
| 2 | See MCL 38.1368. |
| 3 | MCL 38.1322. |
| 4 | MCL 38.1352(2). |
| 5 | MCL 24.263. |
| 6 | MCL 24.264. |
| 7 | *Higgins Lake Prop Owners Ass'n v. Gerrish Twp,* 255 Mich.App 83, 89; 662 NW2d 387 (2003). |
| 8 | *Associated Builders & Contractors v. Wilbur,* 472 Mich. 117, 126-127; 693 NW2d 374 (2005). |
| 9 | *Id.;* see also *Mich Educ Ass'n v. Superintendent of Pub Instruction,* 272 Mich.App 1, 5; 724 NW2d 478 (2006). |
| 10 | *Associated Builders, supra* at 126. |
| 11 | *Higgins Lake, supra* at 91, quoting *Trout Unlimited, Muskegon White River Chapter v. White Cloud,* 195 Mich.App 343, 348; 489 NW2d 188 (1992). |
| 12 | *Associated Builders, supra* at 128. The *Associated Builders* Court also commented that a declaratory action was the suitable remedy where the validity of a penal statute affected a person's business or occupation. *Id.* |
| 13 | *Higgins Lake, supra* at 91. |
| 14 | *Mich Educ Ass'n, supra* at 6. |

---

**End of Document**         © 2016 Thomson Reuters. No claim to original U.S. Government Works.