**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 |
| Debtor. | : | Hon. Thomas J. Tucker |

**CITY OF DETROIT'S (I) MOTION FOR ORDER EXTENDING STAY OF DISCOVERY AND (II) STATUS REPORT WITH REGARD TO PREFERENCE ACTIONS**

The City of Detroit, Michigan (the "City") hereby submits its status motion and report (the "Motion and Report") pursuant to this Court's *Order Approving Procedures for Adversary Proceedings to Avoid and Recover Preferential Transfers* (Docket No. 10280) (the "Procedures Order") and, in that connection, requests that the Court enter an order permitting the process established by the Procedures Order to continue. For its Motion and Report, the City respectfully represents as follows:

**BACKGROUND**

1. The City filed its petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") on July 18, 2013 (Docket No. 1). On December 5, 2013, the Court entered an order for relief after finding that the City was eligible to be a debtor in a chapter 9 bankruptcy case (Docket No. 1946).

2. On November 12, 2014, the Court issued an Order confirming the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* (the "Plan") (Docket No. 8272). On December 31, 2014, the Court entered the *Supplemental Opinion Regarding Plan Confirmation, Approving Settlements, and Approving Exit Financing* (Docket No. 8993).

3. The Plan provided, among other things, that the City would retain and enforce claims, rights and Causes of Action (as defined in the Plan), including claims to recover transfers that are avoidable and recoverable pursuant to sections 547 and 550 of the Bankruptcy Code (collectively, the "Preferential Transfers"). *See* Plan, Article III(D)(2).

4. The Plan expressly preserved the City's right to assert Causes of Action on account of Preferential Transfers against 324 parties identified in the City's nonexclusive schedule of parties against whom Causes of Action could be asserted, which schedule was filed as an exhibit to the Plan. *See* Plan, Exhibit III.D.2 (Docket No. 8192).

5. On December 10, 2014 (the "Effective Date"), the Plan became effective in accordance with its terms. *See Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date* (Docket No. 8649).

6. On February 26, 2015, the City filed the Post-Confirmation Status Report of the City of Detroit Michigan (Docket No. 9306) (the "Post-Confirmation Status Report"), which is incorporated herein by reference.

7. The Post-Confirmation Status Report stated that: (i) the City deferred the analysis of potential Preferential Transfers until after the Effective Date; (ii) only after the Effective Date was the City able to devote resources to its diligence regarding the Preferential Transfers; and (iii) as of February 26, 2015, the City had identified potential Preferential Transfers made to approximately 300 transferees.

8. Thereafter, as a result of additional diligence, the City further reduced the number of parties from whom Preferential Transfers may be recovered to approximately 185 transferees (the "Transferees"), who received potential Preferential Transfers.

**STATUS REGARDING PREFERENCE ACTIONS**

9. On November 14, 2015, the Court entered the Procedures Order (Docket No. 10280), which had been sought at the City's request. The Procedures Order sets forth the process and procedures intended to promote amicable resolution of adversary proceedings brought by the City against the Transferees in connection with the Preferential Transfers.

10. In or about December 2015, the City commenced 185 proceedings against the Transferees (the "Preference Actions"), seeking the avoidance and recovery of the Preferential Transfers.

11. Since the Preference Actions were commenced, the City has resolved 105 out of the 185 proceedings, whether through settlement, discontinuance, or otherwise. Consequently, as of today, only 80 Preference

Actions remain unresolved, and the City and its counsel are working diligently with these remaining defendants to resolve the rapidly dwindling number of open cases as expeditiously as possible – all with virtually no need for judicial intervention or formal discovery.

12. Specifically, to date, the City has successfully achieved settlements in 59 of the Preference Actions. Attached as Exhibit "A" hereto is a schedule identifying the settled Preference Actions.

13. The City has also obtained default judgments in a further 18 actions and discontinued (with prejudice) an additional 28 actions. Attached as Exhibits "B" and "C" hereto are schedules identifying the Preference Actions where the City has obtained a default judgment or discontinued the action.

14. Currently, 80 Preference Actions remain open. Attached hereto as Exhibit "D" is a schedule identifying the open Preference Actions.

**MOTION FOR ENTRY OF AN ORDER TEMPORARILY STAYING DISCOVERY**

15. The City continues to work to resolve these Preference Actions on an amicable basis with the Transferees. As the City believes that the process established by the Procedures Order has been very effective so far in facilitating the resolution of the Preference Actions without the need for costly and time consuming litigation and/or third party mediation, the City believes that the Court should provide a further opportunity for the process the Court established to proceed. The City, therefore, respectfully requests entry of a further scheduling order (the "Second Procedures Order"), extending those

applicable terms and conditions as originally set forth in the Procedures Order. The City is cautiously optimistic that entry of the Second Procedures Order, substantially in the form annexed hereto as Exhibit "E," will facilitate the resolution of many of the remaining open Preference Actions.

16. Further, the City submits that the Court has broad discretion to enter an order to aid in the administration of discovery in the Preference Actions:

> the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy or time and effort for itself, for counsel, and for litigants.

*See Schroeder v. Hess Indus., Inc.*, No. 12-668, 2013 WL 2389489, at *1 (W.D. Mich. May 30, 2013), *quoting Landis v. North Am. Co.*, 299 U.S. 248 (1936) (Cardozo, J.). Likewise, the Bankruptcy Rules, which should be construed to "secure the just, speedy, and inexpensive determination of every case and proceeding," provide the Court with authority to issue a temporary stay of discovery as requested here. FED. R. BANKR. P. 1001; *see* FED. R. BANKR. P. 7016 & 7026; *Anti-Monopoly, Inc. v. Hasbro, Inc.*, 1996 WL 101277 at *2 (S.D.N.Y., March 7, 1996) ("Pursuant to Rule 26(c), it is clear the Court has discretion to stay discovery for 'good cause'"); *see also Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 1722224, at *1 (E.D. Mich. June 19, 2006) (staying discovery pending consideration of dispositive motion); *In re Collins & Aikman Corp.*, 376 B.R. 815, 818 (Bankr. E.D. Mich. 2007) (staying discovery to facilitate mediation).

17. In deciding whether entry of a temporary discovery stay is appropriate in a particular case, courts generally consider the burden of the requested discovery and the potential prejudice to any party opposing the stay. *See Bowens v. Columbus Metropolitan Library Bd. of Trustees*, No. 10-00219, 2010 WL 3719245, at *1 (S.D. OH. Sept. 16, 2010) (considering burden). In particular, courts have exercised discretion to stay discovery when the requested stay is for a short period of time and the opposing parties will not be prejudiced. *Anti-Monopoly, Inc.*, 1996 WL 101277 at *2.

18. With respect to the Preference Actions, a further stay of formal discovery would facilitate the amicable resolution of these proceedings. In addition, a further stay would not prejudice any Preference Action defendant as such a minimal delay is insufficient to show prejudice. *In re AOL Time Warner, Inc. Securities and "ERISA" Litigation*, No. 02-8853, 2003 WL 22227945 at *2 (S.D.N.Y., Sept. 26, 2003) (refusing to find prejudice when opposing parties claim that they "should not have to wait such a long period of time to obtain" discovery). Further, the requested temporary stay would bring efficiency to the Avoidance Action discovery process by preserving City resources and facilitating the Court's management of discovery in the Preference Actions. *See In re AOL Time Warner, Inc.*, 2003 WL 22227945 at *1.

19. For these reasons, the City asks the Court to enter the proposed Second Procedures Order. The proposed order stays Federal Rule of Civil Procedure 26(f), applicable to the Preference Actions under Federal

Bankruptcy Rule 7026, for an additional 90-days. In addition, the proposed Second Procedures Order stays the parties' obligations and ability to conduct formal discovery in each Preference Action, pursuant to Federal Rules of Civil Procedures 26 through 37, applicable herein pursuant to Federal Bankruptcy Rule 7026 through 7037, for an additional 90-days, provided that during the stay of discovery, the parties are directed and encouraged to informally exchange documents and information in an attempt to resolve the Preference Action, as the parties have been doing to date.

20. The City will be prepared to discuss the Preference Actions and the proposed Second Procedures Order at the Status Conference set for May 18, 2015.

**WAIVER OF MEMORANDUM OF LAW**

21. This Motion and Report does not raise any novel issues of law and the legal basis for the requested relief is set forth above. Accordingly, the City requests that the Court waive the requirement contained in Rule 9014 of the Local Bankruptcy rules for the Eastern District of Michigan that a separate memorandum of law be submitted.

**NOTICE**

22. Notice of this Motion and Report has been served on all Transferees listed on Exhibit "D" hereto, including their respective counsel, to the extent known. The City submits that no further notice need be given.

## CONCLUSION

**WHEREFORE,** the City requests entry of the proposed Second Procedures Order: (i) staying Federal Rule of Civil Procedure 26(f), applicable herein under Federal Bankruptcy Rule 7026, through August 18, 2016; (ii) staying the parties' obligations and ability to conduct formal discovery in each Avoidance Action, pursuant to Federal Bankruptcy Rule 7026 through 7037, through August 18, 2016; and (iii) granting the City such other and further relief as is just.

Dated: April 29, 2016
New York, New York

Respectfully submitted,

TOGUT, SEGAL & SEGAL LLP
By:

/s/Scott E. Ratner
ALBERT TOGUT (AT-9759)
SCOTT E. RATNER (SER-0015)
Members of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

*Counsel for the City of Detroit, Michigan*