# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

-----------------------------------------------------------------X
:
In re:  :  Chapter 9
:
CITY OF DETROIT, MICHIGAN,  :  Case No. 13-53846
:
                     Debtor.  :  Hon. Thomas J. Tucker
:
-----------------------------------------------------------------X

## SECOND ORDER APPROVING PROCEDURES GOVERNING PROCEEDINGS TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

Upon consideration of the *City of Detroit's (I) Motion for Order Extending Stay of Discovery and (II) Status Report With Regard To Preference Actions* (Docket # \_\_\_\_, the "Motion and Report")[1] filed by the City of Detroit, Michigan (the "City"); and upon the status conference held on May 18, 2016 (the "Status Conference"); and the Court having determined that the special circumstances present in this Chapter 9 case warrant unique procedures governing the City's Preference Actions; and it appearing that proper and adequate notice of the Status Conference and the relief sought by the City in the Motion and Report has been given and

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to such terms in the Motion and Report.

no other or further notice is necessary; and good and sufficient cause appearing under the relevant circumstances of this Chapter 9 case,

**IT IS ORDERED** that:

A. These procedures apply to all of the remaining Preference Actions filed by the City to avoid and recover Preferential Transfers, as identified on Exhibit D to the Status Report.

B. Federal Rule of Civil Procedure 26(f), applicable to the Preference Actions under Federal Bankruptcy Rule 7026 (mandatory meeting before scheduling conference/discovery plan), is stayed with respect to the Preference Actions until August 18, 2016.

C. The parties' obligations and ability to conduct formal discovery in each Preference Action is stayed until August 18, 2016, provided that during the stay of discovery, the parties are directed and encouraged to informally exchange documents and information in an attempt to resolve an Preference Action.

D. The Court may schedule regular Omnibus Hearing dates, on which dates status conferences in the Preference Actions will take place, if necessary. If the Court does schedule such regular Omnibus Hearing dates, any pretrial motions filed by the parties in the Preference Actions

will be set for hearing on one of the Omnibus Hearing dates, unless otherwise ordered by the Court or noticed by the Clerk.

      E.      Any motions filed by the City that affect all of the Preference Actions must be filed on the main docket of the Chapter 9 case, and not in each separately docketed Preference Action; provided, however, that each defendant must receive notice of the filing of the same.

      F.      On or before July 19, 2016, the City must file a report to advise the Court of the status of the Preference Actions, and the Court will conduct a status conference on **August \_\_, 2016 at \_\_\_ \_.m.** during which the Court will consider, among other things:

      i.      Whether one or more further omnibus scheduling orders should be entered regarding the Preference Actions; and/or

      ii.      Whether and to what extent mediation orders, including orders for mediation under the procedures of L.B.R. 7016-2, may be appropriate for certain of the Preference Actions; and the best timing for any such orders.

      G.      Immediately upon the settlement of a Preference Action, counsel for the City must file in the relevant adversary proceeding a notice of the settlement, and must file a dismissal notice or other appropriate document resolving such Preference Action.

3
13-53846-tjt    Doc 11134-5    Filed 04/29/16    Entered 04/29/16 15:13:57    Page 3 of 5

H. Only attorneys admitted to the bar of the United States District Court for the Eastern District of Michigan may represent a defendant in an Preference Action. *See* L.B.R. 9010-l(a)(l) (E.D. Mich.). See also L.R. 83.20 (E.D. Mich.) available at www.mieb.uscourts.gov.

I. "A corporation, partnership, or other entity other than an individual shall not file a . . . pleading, nor appear as a . . . defendant . . . [in an Preference Action] . . . unless it is represented by an attorney duly admitted to and in good standing with, the bar of the United States District Court of this district." L.B.R. 9010-l(a)(l) (E.D. Mich.). Any answer or other pleading filed in violation of this rule will be stricken.

J. All parties are required to comply with the Bankruptcy Court's Administrative Procedures for Electronic Case Filing, which can be found on the Bankruptcy Court's website at www.mieb.uscourts.gov.

K. All procedural matters not specifically addressed in this Order are governed by applicable provisions of the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Eastern District of Michigan.

L. A copy of this Order must be served on each defendant in each remaining Preference Action, as identified on Exhibit D to the Status Report.