UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


IN RE:  CITY OF DETROIT,      .      Docket No. 13-53846
        MICHIGAN,             .
                              .      Detroit, Michigan
                              .      March 30, 2016
                  Debtor.     .      1:34 p.m.
. . . . . . . . . . . . . . . .


HEARING RE. MOTION TO REINSTATE SECURED CLAIM FILED BY
CREDITOR M. DUJON JOHNSON, TWENTIETH OMNIBUS OBJECTION TO
CERTAIN CLAIMS, TWENTY-SECOND OMNIBUS OBJECTION TO
CERTAIN CLAIMS, TWENTY-THIRD OMNIBUS OBJECTION TO CERTAIN
CLAIMS, TWENTY-FOURTH OMNIBUS OBJECTION TO CERTAIN
CLAIMS, TWENTY-FIFTH OMNIBUS OBJECTION TO CERTAIN
CLAIMS, TWENTY-EIGHTH OMNIBUS OBJECTION TO CERTAIN
CLAIMS, TWENTY-NINTH OMNIBUS OBJECTION TO CERTAIN
CLAIMS, THIRTIETH OMNIBUS OBJECTION TO CERTAIN
CLAIMS, THIRTY-FIRST OMNIBUS OBJECTION TO CERTAIN
CLAIMS, THIRTY-SECOND OMNIBUS OBJECTION TO CERTAIN
CLAIMS, THIRTY-THIRD OMNIBUS OBJECTION TO CERTAIN
CLAIMS, AND THIRTY-FOURTH OMNIBUS OBJECTION TO CERTAIN CLAIMS
BEFORE THE HONORABLE THOMAS J. TUCKER
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

For City of Detroit: Miller, Canfield, Paddock & Stone
                     By:  MARC SWANSON
                     150 West Jefferson
                     Detroit, MI 48226
                     (313) 496-7591

                     City of Detroit
                     By:  CHARLES RAIMI
                          REBECCA WILHELM, Project Manager
                     2 Woodward Avenue
                     CAYMC, Suite 500
                     Detroit, MI  48226
                     (313) 237-5037

For Claimant         Greene Law Group, PLC
Danean Brooks:       By:  ANTHONY GREENE
                     2232 South Main, Suite 438
                     Ann Arbor, MI  48103
                     (313) 410-3390

```
Claimants:              Dr. M. Dujon Johnson
                        Julius R. Collins
                        Devon L. Smith
                        Carol Jean Finley
                        Eddie Greer
                        Beverly A. Welch
                        Wanda Jan Hill
                        Robert A. Lukasik
                        Sheila Pennington
                        Samuel H. Owen
                        Sheila L. Bell
                        Mark Worde


Court Recorder:         Jamie Laskaska
                        United States Bankruptcy Court
                        211 West Fort Street
                        21st Floor
                        Detroit, MI  48226-3211
                        (313) 234-0068

Transcribed By:         Lois Garrett
                        1290 West Barnes Road
                        Leslie, MI  49251
                        (517) 676-5092
```

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

1    THE CLERK:  All rise.  This court is now in session.

2  The Honorable Thomas J. Tucker is presiding.  You may be

3  seated.  The Court calls the case of the City of Detroit,

4  Michigan, Case Number 13-53846.

5    THE COURT:  All right.  Good afternoon to everyone.

6  Let's have entries of appearances by counsel present.

7    MR. SWANSON:  Thank you, your Honor.  Marc Swanson

8  from Miller, Canfield, Paddock & Stone on behalf of the City

9  of Detroit.  Along with me is Rebecca Wilhelm, a project

10  manager from the City of Detroit.

11    MR. RAIMI:  Charles Raimi, deputy corporation

12  counsel for the city.

13    THE COURT:  All right.  Good afternoon.  For all of

14  those in the audience present, if you are here for a hearing

15  on one or more of the matters that were scheduled for hearing

16  today, I certainly want to give you a chance to come up and

17  be heard when the time comes.  We're going to handle these

18  matters probably one at a time and maybe in some cases in

19  groups, so we'll endeavor to have -- make sure everybody has

20  an opportunity to be heard if you -- certainly if you filed a

21  timely response to any of these claim objections.

22    Mr. Swanson, I think before we start on the hearing

23  on the -- and Mr. Raimi, before we start on the hearing on

24  the omnibus claim objections, of which we have 12 left, I

25  guess, for today, I'd like to first have a hearing on the

motion to reinstate secured claim that was filed by the

creditor M. Dujon Johnson.

DR. JOHNSON:  Am I to approach the podium?

THE COURT:  Mr. Johnson, you can stand at the

podium, please.  That would be fine.  Mr. Johnson, would you

identify yourself for the record, please?

DR. JOHNSON:  Yes.  I'm actually Dr. M. Dujon

Johnson.

THE COURT:  All right.  Good afternoon.  As I said,

this is a hearing on the motion that you filed to reinstate

your secured claim.  For the record, that's filed at Docket

Number 10716 on the court's docket in this case.  As I think

you're aware, the city filed a written response and objection

to your motion, and the Court scheduled it for a hearing

today, so we're going to hear that motion now.  I have read

the papers that were filed in connection with this motion of

yours, so let me give you first a chance to speak about the

motion.  What do you want to say about this?

DR. JOHNSON:  Yes.  The motion was, your Honor,

originally put in place by the Honorable Judge Rhodes at my

request.  It stood until the City of Detroit filed a motion.

There were two duplicate claims, one that was initially filed

for the same amount, and then Judge Rhodes said put a secured

claim.  Unbeknownst to me, the city filed a motion --

THE COURT:  I don't think Judge Rhodes said to do

1  anything about your claim, not that I can tell.

2          DR. JOHNSON:  Well, actually, he did.  The original

3  claim I wrote in from overseas, and he -- it turned from an

4  unsecured to a secured claim, so it originally was the

5  unsecured claim.  Judge Rhodes --

6          THE COURT:  I don't think that was done by the judge

7  is what I'm saying.

8          DR. JOHNSON:  Oh, okay.  I don't know who did it.

9  At the time, I was --

10         THE COURT:  The clerk who received it may have

11 classified it that way.

12         DR. JOHNSON:  Okay.

13         THE COURT:  I don't know.

14         DR. JOHNSON:  All right.

15         THE COURT:  But, anyway, go ahead.

16         DR. JOHNSON:  But it was a secured claim, and I

17 found out months later, a year later, year-and-a-half

18 later -- I'm not quite sure of the timeline -- that the City

19 of Detroit then filed a motion for an unsecured claim, and I

20 was notified after the action had been taken, not after they

21 made the motion, but after action had been taken.  So, in

22 other words, the Court granted their motion to make it an

23 unsecured claim because it was a duplicate claim, and I just

24 happened to find out because of me being diligent and calling

25 California saying I had not heard anything about the case

1    itself, and that's when I found out that the city had made a
2    motion and the Court had acted on it. I then, as you know,
3    then filed the motion to secure it for the reasons stated in
4    my motion.

5         THE COURT: Well, it seems clear -- and I think you
6    have acknowledged in your motion, I believe, here that these
7    two claims that were filed are duplication.

8         DR. JOHNSON: Yes.

9         THE COURT: It's the same debt, the same amount.
10   It's the same debt. The only issue is whether it's to be
11   classified as secured or unsecured; correct?

12        DR. JOHNSON: That's correct.

13        THE COURT: All right. So what the order did that
14   previously dealt with your duplication of claims, just for
15   the record, was the Court's order sustaining debtor's
16   eleventh omnibus objection to certain claims regarding
17   duplicate claims. That order was filed April 10, 2015, at
18   Docket Number 9653 on the Court's docket. That order had the
19   effect of disallowing your filed secured claim and leaving --
20   that's Claim Number 117 -- and leaving as the surviving claim
21   of yours Number 1032 in the same amount, but that was filed
22   as an unsecured claim.

23        DR. JOHNSON: Um-hmm.

24        THE COURT: Now, that claim was filed by you later,
25   and on the claim form you did not indicate at that time that

the debt was a secured debt.  There was a place on the form,
Item Number 4 on the first page, where you were to indicate
if it was a secured claim, and you didn't indicate that it
was there, but it's the same -- it was the same amount as
your earlier claim.  So as matters currently stand, you have
an allowed claim in the amount of the $5,300 subject to the
city's right to object at a later date on other grounds that
aren't before me now, if any, but it's to be treated as an
unsecured claim rather than a secured claim.  And your
motion -- I didn't understand from your motion and what you
said in your motion, which is in the form of this letter that
you wrote, which is attached to your motion, why you think
you have a secured claim in the first place.

DR. JOHNSON:  Because when I -- when the claim was
originally made, it was, indeed, an unsecured claim.  It was
my understanding, based on information that I've gotten --
received from the Court, which should be in the record, that
it was made by the Court a secured claim.  Had it not been a
secured claim, the city would not have made a motion a year
and a half later to make it unsecured.  Their basis for
making it unsecured was, hey, this is a duplicate claim.  One
is a secured claim.  One is an unsecured claim.  They do not
contest that fact, but they're saying let's strike the --
since they're duplicate claims, let's strike the secured one
and keep the unsecured one.  The city has not contested that

1   at all, and I'm simply saying, as you see in the letter,

2   well, no, if you're going to strike a claim -- the duplicate

3   claims, strike the unsecured claim.

4           THE COURT:  Well, in order to have a secured claim,

5   you would need to have a lien and/or a security interest in

6   some property of the city to secure payment of your claim.  I

7   didn't see anything in your motion that indicated that you

8   are arguing that.

9           DR. JOHNSON:  No.  It was property -- the property

10  interest was mine.

11          THE COURT:  In other words, you have a claim.

12  Apparently you filed a lawsuit.  You even got a judgment, I

13  guess --

14          DR. JOHNSON:  Yes, yes.

15          THE COURT:  -- against the city, which was later

16  vacated by the --

17          DR. JOHNSON:  Yes.

18          THE COURT:  -- issuing court and reset for further

19  proceedings, and then the city filed their bankruptcy case,

20  but --

21          DR. JOHNSON:  That's correct.

22          THE COURT:  -- I didn't see anything in any of the

23  papers filed by you or by the city relating to your motion

24  here to support the notion that you have a secured claim as

25  opposed to a general unsecured claim.  And what I'm -- I just

1  want to make sure I'm not missing something.  It sounds like

2  you're not saying that you have a lien or security interest

3  in any property of the city to secure your claim.

4          DR. JOHNSON:  That's correct.

5          THE COURT:  All right.  So it sounds -- it seems to

6  me from that that your claim belongs classified as an

7  unsecured claim rather than a secured claim, so there's no

8  point in giving you relief from the order that I referred to

9  earlier that had the effect of leaving you with a $5,300

10 claim that is an unsecured claim, is there?

11         DR. JOHNSON:  Well, in following your rationale,

12 your Honor -- I mean please forgive me if I don't -- there's

13 a gap there.  If there were not a secured claim -- I want to

14 make sure I understand you -- then, hence, the city would not

15 have filed the motion to strike the duplicate claim, which

16 was secured, which means it shouldn't have been there in the

17 first place.  That's what you're saying.  But, hence, it was.

18         THE COURT:  Well, I think what the city was doing

19 with the claim objection dealing with duplicate claims is

20 there were a number of creditors, including yourself, that

21 had filed two different proofs of claim at different times in

22 the case, which seemed to be the same debt, and the city was

23 trying to clean up the record and make clear if it's a

24 duplication, they want to get rid of that duplication so that

25 you're not essentially credited with having two claims each

1　for $5,300 but, rather, a single claim for $5,300, so that's

2　what that's about.

3　　　　DR. JOHNSON:  Well, I think you're giving, with all

4　due respect, the City of Detroit far too much credit.  Now,

5　this has transpired, as you know, of course, over a number of

6　years now, and, as you probably do understand, I have a legal

7　background as well.  That's not what the city was doing.

8　They were not cleaning the record.  And I have been in

9　correspondences about this with the City of Detroit, and they

10　were willing to discuss maybe kind of ameliorating the claim

11　itself if I would kind have taken an offer, but we could not

12　come to an understanding on that.

13　　　　THE COURT:  Well, let's -- focusing on your motion

14　that we're hearing today, is there anything else you want to

15　say about that motion before I hear from the attorneys for

16　the city?

17　　　　DR. JOHNSON:  Not at this time, your Honor.

18　　　　THE COURT:  Counsel for the city, Mr. Swanson.

19　　　　MR. SWANSON:  Thank you, your Honor.  As your Honor

20　indicated, there's nothing in anything Mr. Johnson filed

21　which indicates he has a secured claim.  When Mr. Johnson

22　filed the original claim, which wasn't even on the proof of

23　claim form, he requested that the Court grant him secured

24　status, so I assume that the clerk after that was received

25　classified it as a secured claim, but there is nothing Judge

1   Rhodes did and nothing we've heard today or anything in the

2   record which indicates that Mr. Johnson has anything other

3   than a general unsecured claim, which is the surviving claim

4   at Claim Number 1032. So on that basis, I think the motion

5   to reinstate the secured claim should be denied.

6         There's further bases in that the city mailed the

7   claim objection to Mr. Johnson at his address of record. We

8   refer to it in our papers as the Stoepel address.

9   Mr. Johnson did not respond to the objection, and it was

10   granted by the Court on April 10th of 2015. Four months

11   later Mr. Johnson filed a letter with the Court that was

12   deficient in August of 2015, and it wasn't until December

13   18th, 2015, roughly eight months after the order was entered,

14   that Mr. Johnson filed his motion. And the motion is

15   essentially -- even though it says to reinstate secured

16   claim, it's essentially seeking relief from an order under

17   Rule 60(b), and the city doesn't believe there's any grounds

18   to provide Mr. Johnson relief from that order, as outlined in

19   our papers, based on the Pioneer factors. I could get into

20   those if your Honor would like, but we think it was well-

21   briefed, and we'll rely on our brief.

22         THE COURT: All right. Well, thank you both. I'm

23   going to rule on this motion now. The motion of Mr. -- Dr.

24   Johnson here seeks an order from the Court essentially

25   changing the classification of his $5,300 claim that he filed

1  in this bankruptcy case from unsecured, which it currently is

2  classified as -- it's Claim Number 1032, which was filed by

3  Mr. Johnson as an unsecured claim -- to a secured claim.

4  While Mr. Johnson -- Dr. Johnson argues that he did not

5  receive notice of the city's objection to his first filed

6  claim, Claim Number 117, which was classified as a secured

7  claim, and, therefore, didn't have an opportunity to be heard

8  and respond before the Court entered its order on April 10,

9  2015, that reclassified or that expunged and disallowed his

10  first claim as a duplicate claim and left standing his

11  unsecured claim, even if he -- Dr. Johnson did not receive

12  notice -- proper notice of that claim objection and might

13  otherwise have valid grounds for seeking relief from the

14  April 10, 2015, order, it's clear that he cannot obtain

15  relief from that order because he acknowledges -- and the

16  record is consistent with this -- that Dr. Johnson does not,

17  in fact, have a secured claim against the city.  His claim,

18  at most, is a general unsecured claim, which is the way it is

19  currently classified and left because the April 10, 2015,

20  order of the Court left in place and did not disallow or

21  eliminate Dr. Johnson's Claim Number 1032, general unsecured

22  claim, in the amount of $5,300, and so the relief that was

23  granted by the April 10, 2015, order was absolutely correct

24  with respect to Dr. Johnson's two duplicate claims, and

25  there's no error in that order.  There's no basis or purpose

1  to be served by the Court now granting relief from the April

2  10, 2015, order because, upon further consideration of Dr.

3  Johnson's claims in this case, the result, after doing that,

4  would be the same as it is right now, that Dr. Johnson would

5  be left with a general unsecured claim in the amount of

6  $5,300 and not a secured claim.  There simply is no security

7  interest or lien that Dr. Johnson has identified -- and he

8  acknowledges this -- that he has in any property of the city

9  that could support the contention that he has a secured claim

10  to any extent in this bankruptcy case, and so for those

11  reasons I must deny Dr. Johnson's motion, and I will do that

12  by a text order.  Thank you.

13       Now we come to the omnibus objections to claims.

14  Mr. Swanson, are you going to speak for the city on those?

15       MR. SWANSON:  Yes, your Honor.

16       THE COURT:  All right.  Go ahead.

17       MR. SWANSON:  Thank you, your Honor.  The first

18  omnibus objection up for hearing today is the twentieth

19  omnibus objection.  It appears at Docket Number 10776.  There

20  were two responses that were timely filed to the twentieth

21  omnibus objection.  The first response was that of Enos

22  Walker, and Mr. Walker's claim the Court granted ex parte

23  relief in order to have it heard at a later date.  The second

24  claim -- or the second response was that of Julius Collins.

25  It appears at Docket Number 10952.  That was not a timely

1  filed response, and the city would ask the Court to overrule

2  that response and grant the twentieth omnibus objection.

3  Thank you.

4        THE COURT:  One second.  All right.  So -- I'm

5  sorry, Mr. Swanson.  What's the docket number of that

6  response, please?

7        MR. SWANSON:  10952.

8        THE COURT:  Hold on.

9        UNIDENTIFIED SPEAKER:  Did you say Julius Collins?

10  I'm sorry.  I can hardly hear you, your Honor.

11        UNIDENTIFIED SPEAKER:  Yeah.  We can't hear you back

12  here.

13        UNIDENTIFIED SPEAKER:  Yeah.  We can't hear.

14        THE COURT:  Mr. Swanson, state the name --

15        UNIDENTIFIED SPEAKER:  I thought you said Julius

16  Collins.

17        THE COURT:  Excuse me.  Sit down.  State the name,

18  please, for every one of the creditors whose claims are

19  involved in this twentieth omnibus claim objection who filed

20  responses, please.

21        MR. SWANSON:  Sure.  The first is --

22        THE COURT:  And speak up.

23        MR. SWANSON:  Yep.  Enos Walker and Julius Collins.

24        UNIDENTIFIED SPEAKER:  Excuse me.  Julius Collins.

25        MR. SWANSON:  Enos Walker, the hearing on --

1          THE COURT:  All right.  Just a minute.

2          MR. SWANSON:  Sure.

3          THE COURT:  If either of these persons is in the

4     courtroom and wants to be heard, come on up.

5          MR. SWANSON:  Your Honor, if I may --

6          THE COURT:  Just a minute.

7          MR. SWANSON:  Sure.

8          THE COURT:  Sir, who are you?

9          MR. COLLINS:  I'm Julius Collins.

10          THE COURT:  All right.  Is Enos Walker present?  I

11     hear nothing.  Mr. Swanson, back to you for a moment.  Mr.

12     Collins then is present.  Mr. Collins, apparently you had

13     trouble hearing in the back.  Mr. Swanson, let me ask you,

14     speaking up, to say what -- this might be repetition, but say

15     what you wanted to say about Mr. Collins' claim.

16          MR. SWANSON:  Certainly, your Honor.  The response

17     was filed at Docket 10952.  It was filed after the deadline

18     to file a response, and the city would ask that the Court

19     overrule the response because it was not timely filed.

20          THE COURT:  Mr. Collins, your written response to

21     the claim objection was filed on March 25, 2016, last Friday.

22     The deadline for filing responses to these claim objections

23     was a week ago today, March 23, last -- Wednesday of last

24     week.  The city wants me to overrule your response and

25     sustain their objection to your claim because they're arguing

1  that your response was filed late.  What do you want to say

2  about that?

3         MR. COLLINS:  Your Honor, I had a misunderstanding

4  of the date.  I filed -- did mail everything in on the 23rd,

5  which I -- was the date that -- I had a misunderstanding of

6  what date everything is supposed to be in, and I mailed it.

7  I mailed it on the 23rd.  And that's the reason why my

8  offer -- I mean my motion -- I think they received it on

9  Friday, and --

10        THE COURT:  Our clerk's office --

11        MR. COLLINS:  -- but only because of --

12        THE COURT:  Excuse me.  Excuse me.  Our clerk's

13 office must have received it on Friday because that's when it

14 was filed with our clerk.  Anyway, go ahead.

15        MR. COLLINS:  So that's the purpose of -- that's the

16 reason why I -- misunderstanding, misreading of the paper --

17 the claim that -- the form that came to me was I had thought

18 a misunderstanding, but then I -- that's why I was late

19 preparing my objection because I am an objection to the order

20 granting the debt, you know, to the debt.  I am an objection

21 to the city.

22        THE COURT:  Mr. Swanson, let me ask you, had Mr.

23 Collins filed his response on a timely basis, would he be in

24 the same group as Mr. Walker and others who were the subject

25 of the procedure and adjournment -- briefing and adjournment

1    order?

2        MR. SWANSON:  Yes, your Honor.

3        THE COURT:  And, Mr. Swanson, for the record, would

4    you briefly describe for the benefit of those present and for

5    the record what the Court ordered with respect to the claim

6    of Mr. Collins and why and what that's about?  I don't mean

7    Collins.  I'm sorry.  Mr. Walker.

8        MR. SWANSON:  Your Honor, the city would consent to

9    placing Mr. Collins in that same group.

10        THE COURT:  Well, that's what I was getting to --

11        MR. SWANSON:  Sure.  I'll let the --

12        THE COURT:  -- and so I think that's appropriate,

13    and so I'll excuse his two-day-late filing, and he will be

14    treated the same as Mr. Walker in terms of his claim and the

15    further procedures.  I would like you, though, because we may

16    have a number of people here -- I can do it or you can do it,

17    but we may have a number of people here for this hearing who

18    are also the subject of that order that I entered on March 24

19    which set a briefing schedule and adjourned today's hearing

20    with respect to some of these claims that were otherwise up

21    for hearing today, so did you want to briefly describe what's

22    going on with those?

23        MR. SWANSON:  Yes, your Honor.  Approximately 38 of

24    the responses that the city received raise a common legal

25    issue, namely that the city improperly breached employment

1  obligations to those creditors resulting in loss of wages and
2  other monetary and possibly nonmonetary benefits.  The city
3  believes that these claims arise from the imposition of
4  either a concessionary agreement with the unions or the city
5  employment terms.  The city requested, since many parties
6  raised a common legal issue, to adjourn the hearings on those
7  claims and set them for further briefing and further hearing
8  dates.  The Court granted that motion and adjourned the
9  hearing date on those claims to June 15th, 2016, at 1:30.
10 The city must file its brief by April 21st, 2016, and any of
11 those claimants may file a response to the city's brief on or
12 before May 19th, 2016.
13          THE COURT:  All right.  Thank you for the
14 information.
15          MR. RAIMI:  Your Honor --
16          THE COURT:  Mr. Collins --
17          MR. COLLINS:  Yes, yes.
18          MR. RAIMI:  -- I just don't know if it might be
19 helpful to read the names of those people in case they happen
20 to be in the court.
21          THE COURT:  Yeah, I think it will be, but in a
22 minute.
23          MR. RAIMI:  Okay.
24          THE COURT:  Mr. Collins --
25          MR. COLLINS:  Yes, sir.

1    THE COURT:  -- I am excusing the fact that you filed

2  your response two days late, so I'm not going to overrule

3  your response to the objection to your claim --

4    MR. COLLINS:  Thank you, your Honor.

5    THE COURT:  -- for that reason.

6    MR. COLLINS:  Yes.

7    THE COURT:  Instead, I'm putting -- I'm grouping

8  your response and your claim with a group of numerous other

9  claimants --

10    MR. COLLINS:  Yes.

11    THE COURT:  -- who are the subject of one or more of

12  these claim objections that we're hearing today, including

13  Mr. Walker, Enos Walker, who was one of the creditors named

14  in the objection, this twentieth omnibus objection, along

15  with you.

16    MR. COLLINS:  Yes, yes.

17    THE COURT:  And there's a procedure -- a specific

18  procedure order for further proceedings on the claims of

19  those individuals which will now include you and your claim

20  that the Court entered on March 24, 2016, at Docket Number

21  10941.  It sets a deadline for briefs to be filed by the city

22  and then by the creditors and sets a further hearing -- or

23  adjourns the hearing from today to June 15 at 1:30, as Mr.

24  Swanson said.  I think what might be helpful -- Mr. Raimi

25  suggested that we read the names of all the persons who

1    are -- whose claims are being treated in that way in case

2    anyone is present who didn't get yet a copy of the order

3    served by the city by mail on them --

4            MR. COLLINS: Yes.

5            THE COURT: -- and aren't aware of this. Might save

6    some time, so that's a good suggestion, Mr. Raimi. And I

7    think also what I'd like to do is for those who are present

8    who do not have a copy of the Court's March 24 order, perhaps

9    we can print copies of those orders before those folks leave

10   today so they'll have the order in hand. So, Mr. Raimi or

11   Mr. Swanson, would you do the honor of -- do me the honor of

12   reading the names?

13          MR. SWANSON: Certainly, your Honor.

14          THE COURT: And these, for the record, are the names

15   of creditors who are listed in paragraph 2 on page 2 of the

16   Court's March 24 order at Docket 10941. Go ahead.

17          MR. SWANSON: Althea Phillips, Andre Canty, Antonio

18   Ratliff, Benjamin Hogue, Carmelita Bullock, Charles Huskey,

19   Chukwuma Udegbunam, Corey Thomas, Craig Steele, Damon Osley,

20   Daris Howard, Deirdre Green, Denise Williams, Dinah Bolton,

21   Eddie Greer, Enos Walker, Gerald Murphy, Harriett Cook, John

22   Johnson, Joseph Fields, Kahlil Felder, Kanard McClain, Kathy

23   McCaskell, Kevin Washington, LaTonya Pennington, Michael

24   Cooper, Natalie Clemons, Otis Butler, Patrick Chlosta,

25   Roderick French, Ronnie Jordan, Sharon Jordan, Sheila Bell,

1 Stephanie Hogue, Teulaina Richardson, Toni Baldwin, Vetonia

2 Dorch, Wanda White. Those are the names, your Honor. There

3 was some overlap with four names that are still subject for

4 hearing today, and those four individuals are Eddie Greer,

5 LaTonya Pennington, Sheila Bell, and Teulaina Richardson as

6 set forth in paragraph 6 of the order.

7 THE COURT: All right. So of those persons, Eddie

8 Greer, LaTonya Pennington, Sheila Bell, and Teulaina

9 Richardson, if you are here for this hearing today, don't

10 leave thinking that we're not having any hearing on your

11 claims today. We are. The others on the list, however, just

12 be aware that the hearing that was scheduled for today

13 regarding the claims and the city's objection to your claims

14 has been adjourned to the June 15 date. Now, if any of the

15 persons who were just read off -- whose names were just read

16 off from this list other than Mr. Collins, who we'll cover

17 here, do not have a copy of the Court's March 24 order, raise

18 your hand, please. How many we got there? Let's count them.

19 Keep your hands up, please. We're going to print copies of

20 the orders for each of you. Chris, count them up and ask

21 Mary to print the orders, would you? All right. We are

22 printing now copies of the June -- the March 24 order, and we

23 will hand those to each of you in a little bit, so stand by

24 for that, Mr. Collins, including you. So, Mr. Swanson, with

25 respect to the creditors who were the subject -- whose claims

1  were the subject of the 20th omnibus objection but who did

2  not file any responses, do you want the Court to enter an

3  order sustaining your objection?

4       MR. SWANSON:  Yes, your Honor.

5       THE COURT:  All right.  Now, on that subject, we

6  have -- I want you to tell me about these several

7  supplemental certificates of service that you filed after the

8  initial service and whether any of the creditors in the

9  twentieth omnibus objections are affected by that.

10       MR. SWANSON:  No, your Honor.  None of the creditors

11  of the twentieth omnibus are affected by that.  The city

12  filed two supplemental certificates of service, Docket Number

13  10878 and Docket Number 10989, after it first served the

14  omnibus objections.  And the reason behind those two

15  supplemental certificates of service was the --

16       THE COURT:  Just a minute.

17       MR. SWANSON:  I'm sorry.

18       THE COURT:  Go ahead.

19       MR. SWANSON:  Sure.  The city's noticing agent,

20  Kurtzman Carson, mailed all of the objections to the

21  creditors' addresses on the proof of claim or, if they had

22  filed a notice of change of address, to the updated address.

23  There were, I think, about 11 or 12 where Kurtzman mailed to

24  the current address that they'd had on file, and the Post

25  Office returned to Kurtzman the envelope with a forwarding

1 address, so those individuals had forwarding addresses on

2 file with the Post Office, but the Post Office was no longer

3 forwarding their mail and, as such, returned to Kurtzman the

4 envelope with the new forwarding address. The city then

5 remailed those omnibus objections to the new address.

6 THE COURT: So with respect to these persons, the

7 city -- the notice and copy of the city's omnibus claim

8 objection that applied to the person was mailed by the

9 servicing agent to the address of record, most recent address

10 and address of record that the creditor had given the court.

11 MR. SWANSON: That's correct.

12 THE COURT: All right. Thank you. So with respect

13 to the twentieth omnibus objection to claim -- sir, why are

14 you raising your hand?

15 MR. SMITH: I didn't hear my name called on that

16 list.

17 THE COURT: What's your name?

18 MR. SMITH: Devon Smith.

19 MR. SWANSON: His name is not on that list.

20 THE COURT: So your name is not on the list, so have

21 a seat.

22 MR. SWANSON: Okay.

23 THE COURT: Mr. Swanson, as I was saying, I will

24 sustain the city's objection to the twentieth -- with respect

25 to the claims of the twentieth omnibus objection for all

1  those who did not file a response, which means all but two of

2  the creditors whose claims are on the list, and then with

3  respect to Mr. Walker, Enos Walker, we've already covered him

4  with the March 24 order.  We'll need an order with respect to

5  Mr. Collins that places him in the group that's covered by

6  that order, so I'll ask you to prepare that order.  Prepare a

7  proposed order that does that and submit that to the Court,

8  please.  Any question about that?

9          MR. SWANSON:  No, your Honor.

10          THE COURT:  And then you'll submit also an order

11  that sustains the objection with respect to the others other

12  than Mr. Walker and Mr. Collins.

13          MR. SWANSON:  Certainly, your Honor.  And would the

14  Court want the city to carve out those two individuals from

15  that order, or does it think the other orders are

16  sufficiently clear?

17          THE COURT:  Well, in some way the order needs to be

18  clear whose claims are being --

19          MR. SWANSON:  Yes.

20          THE COURT:  -- disallowed because of the order, so

21  one way or another it needs to be clear about that.

22          MR. SWANSON:  We will do that, your Honor.

23          THE COURT:  So I'll waive any presentment, you

24  know --

25          MR. SWANSON:  Thank you.

1          THE COURT:  -- of that order, ask you to submit it.

2    We'll get it -- I'll review it.  We'll get it entered.

3          MR. SWANSON:  Thank you, your Honor.

4          THE COURT:  All right.  Do we have the copies of the

5    March 24 order?

6          THE CLERK:  Yes, your Honor.

7          MR. COLLINS:  Your Honor --

8          THE COURT:  Where did you put them?

9          THE CLERK:  In the back row.

10          THE COURT:  All right.

11          THE CLERK:  If anyone else needs one, I have a

12    couple copies.

13          THE COURT:  If anyone who is on the list of names

14    that were read off a minute ago doesn't have a copy of the

15    March 24 order, be sure to get one.  Where are they?

16          THE CLERK:  Right in the back row.

17          THE COURT:  Back row.  Anybody that didn't get one?

18    All right.  So, anyway, Mr. Swanson -- Mr. Collins, I think

19    we're done with the twentieth omnibus objections now.  Mr.

20    Swanson, what's next?

21          MR. COLLINS:  Okay, your Honor.  Thank you, your

22    Honor.

23          THE COURT:  Yes, sir.  Mr. Collins,  did you get a

24    copy of that March 24 order?

25          MR. COLLINS:  Yes, sir.

1          THE COURT:  You need to have that, too.

2          THE CLERK:  Here it is.

3          MR. COLLINS:  Thank you.

4          THE CLERK:  You're welcome.

5          THE COURT:  Okay.  Back to you, Mr. Swanson.

6          MR. SWANSON:  The twenty-first omnibus objection,

7  your Honor entered an order this morning, so that's no longer

8  up for hearing.  The next omnibus objection is the twenty-

9  second omnibus objection, and the one party that filed a

10 response to that omnibus objection is Mr. Devon Smith.  The

11 city -- the basis of --

12         THE COURT:  Is Devon Smith present?

13         MR. SMITH:  Devon Smith, yes.  Devon Smith.

14         THE COURT:  Devon Smith.  Come up, please.

15         MR. SWANSON:  The original basis for the twenty-

16 second omnibus objection was that these were Workers'

17 Compensation claims that were not subject to the claims

18 process in the bankruptcy case because they had essentially

19 been carved out of the plan or carved out of the discharge

20 through the plan.  The city reviewed Mr. Smith's response,

21 does not believe that he asserted a Workers' Compensation

22 claim as he set forth in his response, so the city would

23 carve Mr. Johnson out from the twenty-second omnibus

24 objection with preservation of rights that I could further

25 object to his claim.

1          THE COURT:  In other words, you're withdrawing the

2 city's objection to the claim of Mr. Smith, which is stated

3 in the twenty-second omnibus objection?

4          MR. SWANSON:  Yes, your Honor.

5          THE COURT:  All right.  Mr. Smith, that means that

6 the city is no longer objecting to your claim as part of its

7 twenty-second omnibus objection.  Do you understand that?

8          MR. SMITH:  Yes.

9          THE COURT:  All right.  So, Mr. Swanson, with

10 respect to the remaining claims, you want an order, I

11 assume --

12          MR. SWANSON:  Yes, your Honor.

13          THE COURT:  -- sustaining the city's objections.

14          MR. SWANSON:  Yes, your Honor.

15          THE COURT:  And that's fine.  I'll ask you -- I'll

16 grant that.  I'll ask you to submit that order, which then

17 will say within it that the city's objection to the claim of

18 Mr. Smith is withdrawn without prejudice to the city's right

19 to object at a later date on any other grounds.

20          MR. SWANSON:  Thank you, your Honor.

21          THE COURT:  All right.  Thank you.

22          MR. SWANSON:  Thank you, your Honor.  The next

23 omnibus objection is the twenty-third omnibus objection, and

24 the twenty-third, twenty-fourth, and twenty-fifth omnibus

25 objection were all objections to police and fire retirement

1  system pension claims and general retirement system pension

2  claims.  These claims were classified, treated, and allowed

3  in certain aggregate amounts under the plan and as a class

4  are subject to the treatment provided for in Classes 10 and

5  11 of the plan respectively.  The city filed the objection to

6  provide each claimant with an opportunity to assert that his

7  or her claim should not be classified, treated, and subsumed

8  within the aggregate allowed amount specified in Classes 10

9  and 11 of the plan or, as importantly, was filed and asserted

10  a different type of claim to be treated differently.  None of

11  the claimants appear to argue that his or her proof of claim

12  is anything other than a PFRS pension claim or a GRS pension

13  claim, and, as such, each of the responses should be

14  overruled and the objections granted.

15          THE COURT:  Well, let's have a list, please.  Give

16  us a list of those who filed responses --

17          MR. SWANSON:  Certainly.

18          THE COURT:  -- to each of these.  We're dealing with

19  the twenty-third, twenty-fourth, and twenty-fifth together

20  because of their common issues.  Give the list for each one,

21  please, and then if any of those individuals are present in

22  the court today and want to be heard, please come forward

23  when you hear your name.

24          MR. SWANSON:  Annie Kuykendall, Beverly Welch, Carol

25  Finley, Dennis Nessel, Eddie Greer, Wanda Hill, LaTonya

1    Pennington, Sheila Bell, Teulaina Richardson.  And I would

2    note, your Honor, the Court struck the response of Carol

3    Finley either this morning or yesterday because no

4    certificate of service was filed.

5           THE COURT:  Now, are these all claims under the

6    twenty-third omnibus objection?

7           MR. SWANSON:  Twenty-third through twenty-fifth.

8           THE COURT:  All right.  That's fine.  So of those

9    individuals, if they wish to be heard today, I'll let them be

10   heard, including Ms. Finley, so come on up.  If you want to

11   be heard, come on up.  Sir, why are you raising your hand?

12          MR. OWEN:  My name wasn't called, and I filed.

13          THE COURT:  What is your name?

14          MR. OWEN:  Samuel Owen.

15          THE COURT:  Samuel what?

16          MR. OWEN:  Owen.

17          THE COURT:  Owen?

18          MR. OWEN:  Yes, sir.

19          MR. SWANSON:  Your Honor, Mr. Owen's response was

20   stricken by the Court.

21          THE COURT:  Which objection was he part of?

22          MR. SWANSON:  The twenty-fourth, your Honor.

23          THE COURT:  Mr. Owen, because I'm at least letting

24   Ms. Finley be heard after her response was stricken, I'll let

25   you be heard also, so be sure you come up and speak if you

1   want to about this before we finish on these.  Now, ma'am,

2   we'll let you go first.  Your name is?

3            MR. FINLEY:  Carol Finley.  Your Honor, I didn't

4   understand why it was striked or something.  I'm sorry.

5            MR. RAIMI:  Your Honor, we can't deal with the Court

6   and with people from the audience.

7            THE COURT:  We're not dealing with people from the

8   audience.

9            MR. RAIMI:  Okay.

10           THE COURT:  They're coming up to the podium one at a

11  time to speak.

12           MR. RAIMI:  Okay.

13           THE COURT:  Have a seat.

14           MR. RAIMI:  So if you want to come up, you come up.

15           THE COURT:  Have a seat, and just be sure to come up

16  to the podium before we finish this.  Ms. Finley, we're

17  hearing from you now.  Your response was stricken, I believe,

18  because you did not file a proof of service with your

19  response, and there was a notice of deficiency issued

20  requiring you to cure that deficiency within seven days, and

21  you did not do so, and so your response was stricken.  Now,

22  having said that, you're here, and I'm here.  We're all here.

23  I'll let you speak, and I'll decide what we do from there

24  about your claim, so go ahead.

25           MR. FINLEY:  Your Honor, I got the letter Monday,

1  and I brought it with me today, about the missing service.  I
2  didn't know anything about that.  I was going to have the
3  form filled out today and drop it off today.  Like I said, I
4  just got it Monday.  Your Honor, sir, I don't know much about
5  courts.  I'm sorry about that.  I just am totally a little
6  blinded by it, but I guess after 30 -- almost 32 years with
7  the city working at the fire department and being a good
8  employee, I just wasn't going to just sit back and not do
9  anything, so I was asked at our union to fill out a form.  We
10 had like two days to turn it in the best we could, but my
11 concern right now is, I guess, the longevity.  I was at the
12 point where I was going to receive it, and then the
13 bankruptcy happened, and I think that was the highest amount,
14 so I didn't get that.  And some of the annuity -- they were
15 going to take some funding from there, so those are the two I
16 was kind of questioning about.
17          THE COURT:  Mr. Swanson, you want to reply?
18          MR. SWANSON:  Certainly, your Honor.  If Ms.
19 Finley's claim is for the annuity, we're happy to add her to
20 the order that the Court mentioned, and she can be heard at a
21 later date.
22          THE COURT:  Well, be more specific.  What annuity?
23 What are you talking about?
24          MR. SWANSON:  One of the claims related to the
25 imposition of the city employment terms and the concessionary

1  agreements with the unions was that -- Ms. Finley mentioned

2  she was up for longevity pay.  Under the new terms of the

3  city employment terms or the new collective bargaining

4  agreement, city employees were no longer eligible for

5  longevity pay.  And I believe there's a similar exclusion

6  with respect to annuities, so to the extent --

7          MR. RAIMI:  I think the annuity is separate, Marc.

8  Annuity is a separate issue.

9          MR. SWANSON:  Is it a separate issue?  Okay.  Well,

10  at least with respect to the longevity pay, we would be

11  willing to add Ms. Finley to the June 15th order.

12          THE COURT:  Your objection to her claim is within

13  the twenty-third omnibus objection, I think.

14          MR. SWANSON:  That's correct.

15          THE COURT:  All right.  What about the rest of it?

16  Anything else you want to be done with -- you're asking me to

17  do with Ms. Finley's claim other than add her to that order?

18          MR. RAIMI:  Charles Raimi, your Honor, deputy

19  corporation counsel.  To the extent that there's an issue

20  raised about the clawback of the annuity, that was actually

21  part of the plan of adjustment, and so that would not be

22  properly asserted as a claim.  Is that what you're -- I'm

23  sorry.

24          THE COURT:  You're not making yourselves clear, you

25  and Mr. Swanson, about this to me.

1    MR. RAIMI:  Okay.  As part of the plan of
2  adjustment, there was an annuity plan at the city, and pre-
3  bankruptcy there was interest when --

4    THE COURT:  This is the AFS clawback?

5    MR. RAIMI:  Yes.

6    THE COURT:  Yes.  All right.  I understand about
7  that.  That's what you're referring to.

8    MR. RAIMI:  That's exactly what I'm referring to.

9    THE COURT:  Well, that's a different omnibus
10  objection, I think.  That's part of what we're hearing today
11  as a group --

12    MR. RAIMI:  Do we have a --

13    THE COURT:  -- I believe.

14    MR. RAIMI:  Do we have a -- I'm sorry, your Honor.
15  Go ahead.

16    THE COURT:  Is Ms. Finley in that group, Mr.
17  Swanson?

18    MR. SWANSON:  She is not in that group.  Maybe Ms.
19  Finley can explain what she means with respect to the
20  annuity.

21    THE COURT:  Ms. Finley.

22    MR. FINLEY:  It was a percentage that they were -- I
23  guess the City of Detroit was taking away, and I guess I was
24  just -- wanted it back, I guess.  I don't really --

25    THE COURT:  Percentage of what?

1    MR. FINLEY:  Percentage of what our total retirement

2  package was.  They took a percentage of it out, and I think

3  they did it for everybody.  And I was just speaking on my

4  behalf.  I think it was about -- maybe about 34,000 or

5  something like that for me, and --

6    MR. SWANSON:  If I may, was this before the

7  bankruptcy?

8    MR. FINLEY:  During, during.  I'm sorry.  During.

9  During the bankruptcy.

10    MR. SWANSON:  It's not clear to the city what the

11  claim is for.  To the extent Ms. Finley wants to raise a

12  claim about longevity, we're happy to put her in the separate

13  group.  That would be heard on June 15th.

14    THE COURT:  We're going to do that.  Ms. Finley,

15  we're going to put your claim in that group, and so if you

16  don't have it yet, you need a copy of the March 24 order.

17  We're going to add your claim to that.  Now, to the extent

18  there are other issues and other components to your claim

19  other than what the city will be talking about in the brief

20  they filed under that order, you should respond by clearly

21  stating what those are in a written response.  And there's a

22  deadline in that March 24 order for the city to file their

23  brief -- that's first -- and then for the creditors, which

24  would include you now, to file a written response.  The

25  city's brief is due April 21, and your response -- the other

1  creditors' response would be due May 19.  You'll see that

2  when you read through this order.  So with respect to the

3  twenty-third omnibus objection to claim, Ms. Finley's claim

4  in its entirety is being put into the basket of the claims

5  that were dealt with by the March 24 order.  Thank you, Ms.

6  Finley.

7          MR. FINLEY:  Thank you, your Honor.  Thank you.

8          THE COURT:  All right.  Who wants to be heard next

9  of this group that was read off most recently?  Sir?

10          MR. GREER:  Yes.

11          THE COURT:  Come on up.

12          MR. GREER:  How you all doing?  My name is Eddie

13  Greer.

14          THE COURT:  Mr. Greer, good afternoon.  What do you

15  want to say?

16          MR. GREER:  I'm really trying to find out

17  information on -- I just got out of hospital yesterday, so I

18  may stutter a little bit.  Had to come out to come to court,

19  but I'm try to find information on what is the omnibus

20  objection about because they took -- we conceded the 4.5-

21  percent cutbacks before the judge ruling.  Now they're coming

22  back saying that they want to take more money back.  They

23  took part of the annuity money out.  They made -- some people

24  took their money out, and they made them pay -- after they

25  invested and got caught in the 2006 crash, they got people

1  out there trying to pay that amount back out of their checks

2  now.  They pulled the pension out -- the annuity out, and

3  they invested into the market and lost the amount.  So the

4  city came back and made people pay -- I think one of may

5  pals, he got to pay till he's 88 years old on the money that

6  he lost during the crash, and I'm just trying to get a

7  clarification on what they're trying to do.

8      THE COURT:  Well, I'll hear from city counsel on

9  this -- the city's counsel on this, but, Mr. Greer, from what

10  you've said the city is properly objecting to your claim if

11  your claim is to recover some or all of what you had -- what

12  you've lost because of the city's confirmed plan of

13  adjustment --

14      MR. GREER:  Right.

15      THE COURT:  -- and what it -- how it treated

16  pensions and annuities.  Mr. Swanson, did you want to say

17  anything?

18      MR. GREER:  Can I say one more thing, please?  The

19  city leading to believe that the money that was put into

20  annuity was money that they put into -- it was back in 1974.

21  All the way to about '90 the money market was doing pretty

22  good.  They were paying like 18-percent interest, and so they

23  paid interest on that money.  Then as time went by, the city

24  assumed that that money was their money and they should take

25  part of that percent.  So in my account, my personal account,

1  they came up -- I was at work at that time, so they came up,

2  went into my account, pulled out the interest they paid, and

3  readjusted my account all the way through. And I came out

4  with like $350,000 less. They came through, and they took

5  the money out of the account before the bankruptcy started.

6  And then after the bankruptcy started, they took 4.5 percent

7  from most everybody, took longevity pay from everybody, and

8  then now they come back and said they don't want to pay the

9  longevity or the pension. They have a name for it, but they

10  have a pension that you earn as you work. Like I did 40

11  years there. I did 40 year, from 1974 all the way through.

12  For 40 years I paid into the pension plan, and then later on

13  they told me it was a loan, and they made me into a creditor,

14  but at the time they started taking the money out, it was

15  mine. They were supposed to have been holding it for me.

16  They didn't make no thing about borrowing money from me while

17  I loaning them some money. And they said, "We'll hold this

18  money to you, and we'll make sure it's in a safe account."

19  Then later on they came up and said that was a -- oh, that

20  was the loan. You're a creditor now. We took your money.

21  We borrowed against the pension, your annuity. We lost. We

22  helped build all these places in the city. They lost money.

23  The money got stolen. Now we want to come back now and take

24  your pension. I'm 63 years old. I can't get a job nowhere

25  else. And if I knew it at that time, I wouldn't have put the

1  money into the bank.  It seemed like it was just like a -- I

2  could have went to the stock market.  I could have went

3  straight to the stock market --

4        THE COURT:  All right.

5        MR. GREER:  -- and took chances out there.

6        THE COURT:  All right.  Mr. Swanson.

7        MR. SWANSON:  Sure, your Honor.  I think Mr. Greer

8  raises one of two things, neither of which should cause the

9  Court to not grant the objection.  One is that he has a

10  pension claim under the plan, and the city is certainly not

11  trying to take away any pension payment under the plan, or

12  he's making a collateral attack on the plan, and the deadline

13  obviously to object to the plan was long ago.  It's

14  confirmed, and, thus, the city requests that the Court grant

15  its objection.

16        THE COURT:  Well, the relief you're seeking in

17  this -- Mr. Swanson, in this twenty-third omnibus objection,

18  which, I believe, is the one that covers Mr. Greer's claim,

19  as well as the other two we're talking about at the same

20  time, is in your order the order says that the claim --

21  claims involved are disallowed to the extent that they assert

22  a claim that is not a GRS pension claim or a PFRS pension

23  claim.  In other words, upon entry of this order, to the

24  extent the claim does assert such a pension claim, it's not

25  being disallowed.

```
1              MR. SWANSON:  Exactly.
2              THE COURT:  It's not being affected by this.
3              MR. SWANSON:  Exactly.
4              THE COURT:  All right.
5              MR. SWANSON:  So to the extent people are asserting
6    pension claims, we're not -- those have been classified and
7    treated by the plan, and that's --
8              THE COURT:  And so those claims will be treated
9    according to the terms of the confirmed Chapter 9 plan.
10             MR. SWANSON:  Exactly.
11             THE COURT:  And this order won't affect that.
12             MR. SWANSON:  Exactly.
13             THE COURT:  That's the idea of this; right?
14             MR. SWANSON:  Exactly.
15             THE COURT:  All right.  Thank you.  Mr. Greer, I
16   hope you understand that.  That's my best effort at
17   explaining it, and through questioning of Mr. Swanson I'm
18   trying to make clear that these -- this claim objection, this
19   objection to your claim, does not -- will not affect your
20   pension claim to the extent that your claim -- your pension
21   claim will be paid according to the terms of the city's
22   confirmed plan --
23             MR. GREER:  Good.
24             THE COURT:  -- in the Chapter 9 case.  Now, to the
25   extent you're complaining about what the city's plan --
```

```
1   confirmed plan did to your pension, the effect that it had on

2   it or -- then, you know, your objection and your response has

3   to be overruled because the plan is confirmed, and it is what

4   it is.  And the effect that it has on pension claims it's

5   going to have, and there's no basis for challenging what the

6   plan does on that subject.  Now, whether people like that or

7   not, basically it's water under the bridge.

8               MR. GREER:  Okay.

9               THE COURT:  And so the objection -- the twenty-third

10  omnibus objection of the city to the claims, which includes

11  your claim, is going to be sustained as to your claim

12  because, again, what it's disallowing is any claim of yours

13  that is not a pension claim to the extent your claim is not a

14  pension claim, so that's the ruling on your claim.  Who wants

15  to speak next?

16              MR. GREER:  Okay.  I want to --

17              THE COURT:  No.  We're through with you, Mr. Greer.

18              MR. GREER:  Okay.

19              THE COURT:  I'm sorry.  We have to hear others now.

20              MR. GREER:  Okay.

21              THE COURT:  Next.  Who wants to speak next?

22              MS. WELCH:  Good afternoon, your Honor.

23              THE COURT:  Yes.  You are?

24              MS. WELCH:  My name is Beverly Welch.

25              THE COURT:  All right.  Go ahead, Ms. Welch.
```

1      MS. WELCH:  I am a City of Detroit retiree, and I

2  have opposed the inclusion of my pension in the bankruptcy

3  action of the City of Detroit.  My opposition is based solely

4  upon the fact that state and its political subdivision

5  pensions are protected under the Michigan constitution,

6  Article IX, Section 24, as of 1963.  It was initiated for

7  discussion among delegates to the 1961 constitutional

8  convention as Proposal 40.  As introduced to the convention

9  and debated on February 6 --

10      THE COURT:  Ms. Welch, I'm going to stop you.  I'm

11  going to stop you.  We're not going to hear objections to the

12  plan.  It's much too late.  It's over.  It's confirmed.  This

13  is not a proper response to this claim objection.

14      MS. WELCH:  Okay.

15      THE COURT:  That's it.

16      MS. WELCH:  Will you let me -- can I finish, your

17  Honor?  Can I at least be heard?

18      THE COURT:  No.  To the extent you are attacking and

19  challenging the validity -- the correctness, the validity of

20  the Chapter 9 plan that was confirmed in this case, I will

21  not hear it --

22      MS. WELCH:  Okay.

23      THE COURT:  -- because that is not up for debate

24  today.

25      MS. WELCH:  Okay.  Okay.  Well --

1          THE COURT:  If you had anything else to say --

2          MS. WELCH:  Yes, I do have some other things I'd

3     like to say.

4          THE COURT:  If you had anything else to say, go

5     ahead.

6          MS. WELCH:  Yes, I do.

7          THE COURT:  Go ahead.

8          MS. WELCH:  Thank you very much.  Further, according

9     to the right of the protection granted to me, I voted "no" to

10    the plan of adjustment presented to my peers.  I have

11    objected, but obviously I've stated my objection why.  And by

12    voting "no," I feel that my -- I did not sign away my right

13    for protection.  Additionally, Mayor Duggan recent State of

14    the City address firmly stated that with a team of high-

15    priced lawyers and consultants gone on their merry way, the

16    city has discovered a 491 million pension shortfall the city

17    will have to pay over 30 years starting in 2024 to shore up

18    the police and fire retirement system and the general

19    retirement system.  Mayor Duggan was quoted as saying, "We

20    failed our retirees once.  We cannot fail them again."  His

21    administration said it is working now to prepare for the

22    unexpected extra expense and will look into trying to recoup

23    the 171 million paid to consultants who wrongly advised the

24    city in this matter.  This proclamation --

25          THE COURT:  Ms. Welch, I'm going to stop you now.

1   Everything you've said since I gave you another chance to

2   speak has nothing to do with the issues before me today, and

3   it is complaints about the plan that was confirmed in this

4   case and complaints about -- perhaps also about attorney fees

5   and consulting fees that were paid and approved by this

6   court, Judge Rhodes, my predecessor judge in this case, more

7   than a year ago, and we're not hearing that today, so that's

8   it.  You're done.  Who's next?

9           MS. WELCH:  Okay.  That was not fair, your Honor.

10          THE COURT:  Your objection -- your response to the

11  objection to claim is overruled.  I'm sorry that that's the

12  way it is.  Ma'am, you are?

13          MS. HILL:  Wanda Hill, and I'm a City of Detroit

14  retiree also.

15          THE COURT:  Ms. Hill, go ahead.

16          MS. HILL:  I'm going to ditto what Ms. Welch talked

17  about, but my claim was set -- was put into motion prior to

18  the bankruptcy decision, prior to the exit date, and I would

19  like to be able to receive benefits that my claim asked for

20  because this was asked for before the decision was made for

21  the bankruptcy and not afterwards.  I can understand if I'm

22  coming to you afterwards, but my claim was submitted prior

23  to, so I want the records to state that I'm asking for the

24  reversal of the bankruptcy relative to my claim before you

25  all made that decision to take money from the retirees.

1          THE COURT:  That's denied, and your objection or

2    your response to the objection to claim is overruled for the

3    same reason I had to overrule the response of Ms. Welch.

4    You're complaining about the confirmation of the plan --

5          MS. HILL:  I have a --

6          THE COURT:  -- and its effect, and that is not up

7    for debate today.

8          MS. HILL:  Okay.  I have a question.

9          THE COURT:  That's it.

10          MS. HILL:  Right.  I just have a question.

11          THE COURT:  You're done.  You're done.  Next.

12          MS. HILL:  This is a kangaroo court.

13          THE COURT:  You're next.  Next.  Everyone here needs

14    to understand we're not revisiting whether or not this plan

15    should have been confirmed or whether or not there's a good

16    valid challenge to the plan or whether it was a good idea or

17    whether it's a bad idea, whether it's terrible.  That's not

18    an issue up for debate in this court today.  That's not

19    what's before the Court today.  Sir, you are?

20          MR. LUKASIK:  Robert Lukasik.

21          THE COURT:  I'm sorry.

22          MR. LUKASIK:  Lukasik, L-u-k-a-s-i-k.

23          THE COURT:  All right.  Good afternoon.  Go ahead,

24    sir.

25          MR. LUKASIK:  I mailed my letter -- I believe it was

1  the 19th, and I got a letter here that they received it the

2  23rd, but it wasn't notarized, so I'm -- anyway, so I came

3  yesterday and I got it notarized, you know, here, and so

4  that's -- I just want to know where I stand at.

5         MR. SWANSON:  Your Honor, Mr. Lukasik is not subject

6  to the twenty-third through twenty-fifth.  He's part of the

7  twenty-eighth through the thirty-fourth.  I don't remember

8  which one, but he's not part of the twenty-third through the

9  twenty-fifth.

10         THE COURT:  All right.  Mr. Lukasik, you're standing

11  up to speak a bit early.  We have not gotten to the claim

12  objection that deals with your claim yet.

13         MR. LUKASIK:  Okay.  I'll wait.

14         THE COURT:  We will, so stick around, and you'll

15  have a chance to speak then --

16         MR. LUKASIK:  Thank you.

17         THE COURT:  -- when we get to that one.  Anybody

18  else whose name was called earlier who wants to be heard

19  about the twenty-third, twenty-fourth, or twenty-fifth

20  omnibus claim objections?  Yes.  You are?

21         MS. PENNINGTON:  Good afternoon.  My name is Sheila

22  Pennington, Claim 3249.  He did not call my name earlier, but

23  I just moved into a new construction site, and I've been

24  having difficulty receiving mail, so I didn't receive the

25  letter until after the deadline to submit written protests.

1          THE COURT:  I thought your name was called, ma'am.

2    Just a minute.

3          MS. PENNINGTON:  LaTonya Pennington was called.

4          THE COURT:  I see.  That's -- okay.  You're a

5    different person.  Have you filed a written response to the

6    city's claim objection?

7          MS. PENNINGTON:  I received a letter after the 23rd,

8    so it said that I could -- for you to file the written and

9    then show up, but since I didn't receive it until afterwards

10   due to me moving into the new construction site, the Post

11   Office didn't get it rerouted from my old address to the new

12   address until after the fact, but my name was on the list for

13   Claim 3249.

14         THE COURT:  Which ones?  Twenty-third or what?  What

15   is it?  Mr. Swanson, do you know?

16         MR. SWANSON:  Yeah.  I can look it up.  The twenty-

17   fifth, your Honor.

18         THE COURT:  All right.  One second here.  I see you

19   on the list for that twenty-fifth omnibus objections.  What

20   do you want to say, Ms. Pennington?

21         MS. PENNINGTON:  I have a couple of claims that are

22   outside of the pension and the healthcare that I think should

23   still be honored.  One was the longevity, and another was for

24   a grievance that I had won and was supposed to have been

25   awarded for but never received payment for.  And at the time

1  my contract was not terminated.  I was protected under a 312

2  arbitration.  And I felt that it should have been paid to me

3  because the bankruptcy had not went into effect at the point

4  of when I had been awarded and should have received the

5  longevity as well at that time.

6          THE COURT:  Mr. Swanson.

7          MR. SWANSON:  Your Honor, we're happy to add Ms.

8  Pennington to the June 15th hearing.

9          THE COURT:  Ms. Pennington, that's what we're going

10  to do with your claim.  Did you get a copy of the March 24

11  order when it was --

12          MS. PENNINGTON:  No.

13          THE COURT:  All right.  We'll hand you one.  So

14  we're adjourning the hearing of today to the further hearing

15  on June 15th with respect to the city's objection to your

16  claim, the twenty-fifth omnibus objection.  The city will

17  have the briefing deadline that's in that order.  Then you'll

18  have a deadline that I mentioned earlier in May -- it's in

19  the order -- to file a response, and then we'll have the

20  further hearing, so that will be the way in which you're

21  dealing with your claim.  Thank you.

22          MS. PENNINGTON:  Thank you.

23          THE COURT:  Who's next?  Anyone next want to speak?

24  Again, we're talking twenty-third, twenty-fourth, twenty-

25  fifth omnibus objections.  Yes, sir.  Your name is?

1          MR. OWEN:  Samuel Owen.  I'm a retiree of the City

2  of Detroit, and my name was not called in the list.

3          THE COURT:  Mr. Swanson.

4          MR. OWEN:  Owen.

5          MR. SWANSON:  Mr. Owen's response was stricken, your

6  Honor.

7          THE COURT:  Oh, it was?

8          MR. SWANSON:  Yeah.

9          THE COURT:  Which one is -- which claim objection is

10  he in?  The twenty-fourth?

11          MR. SWANSON:  The twenty-fourth at Docket 10824.

12          THE COURT:  Mr. Owen, your written response to the

13  claim objection was stricken by the Court.  Do you have the

14  docket number handy, Mr. Swanson, for that?

15          MR. SWANSON:  Yes.  Docket 10824.

16          THE COURT:  All right.  Hold on.  All right.  Mr.

17  Owen, your response to the city's objection to your claim was

18  stricken because you did not file a proof of service.  There

19  was a notice of deficiency issued and mailed to you on March

20  14 that told you of that deficiency and gave you seven days

21  to fix it.  You didn't fix it.  You never did file a proof of

22  service apparently, and so that the response was stricken.

23  Now, as I said earlier and with, I think, one of the other

24  people here whose -- Ms. Finley -- you're here.  I'll let you

25  speak.  What do you want to say?

1     MR. OWEN:  Well, first of all, I want to say that I

2  followed the instructions of the omnibus twenty-four that

3  told me to mail it to the court.  I mailed it certified.  I

4  have a certified copy of the mailing stating that the court

5  as well as Mr. Swanson received it prior to the deadline

6  date.

7          THE COURT:  It was filed on March 14th --

8          MR. OWEN:  Yes.

9          THE COURT:  -- which is well before the deadline.

10          MR. OWEN:  Yeah.

11          THE COURT:  The problem is it didn't have a proof of

12  service, but, anyway, I pulled up your response, and I see

13  what it says.  It doesn't really say anything other than you

14  don't want the Court to eliminate or change your claim.

15          MR. OWEN:  Correct.

16          THE COURT:  Did you want to say anything else?

17          MR. OWEN:  Well, I was denied due process in this

18  whole process of bankruptcy, so I don't know if that's

19  sufficient.

20          THE COURT:  How so?

21          MR. OWEN:  I had no representation.

22          THE COURT:  Pardon me?

23          MR. OWEN:  I had no representation legally.

24          THE COURT:  Anything else you want to say?

25          MR. OWEN:  No.

1      THE COURT:  All right.  As I said earlier, Mr.

2   Owen's claim -- response to the claim objection, which is the

3   twenty-fourth omnibus claim objection, was stricken, but even

4   if it had not been stricken, I would have to overrule the

5   response and do overrule the response because -- on the

6   merits because it does not respond -- is not responsive in

7   any way to the ground for the objection to the claim, which

8   is that to the extent Mr. Owen has made a claim that is not a

9   GRS pension claim or a PFRS pension claim, which claims of

10  that type are being treated by the confirmed plan, it must be

11  disallowed, so the claim will be disallowed to the extent

12  requested by the city in the twenty-fourth omnibus objection.

13  Who's next?  Anyone next want to speak?

14      MS. BELL:  Good afternoon.  My name is Sheila Bell.

15  I am a retiree of the City of Detroit, thank God.

16      THE COURT:  I'm sorry.  I'm sorry.  Sheila what?

17      MS. BELL:  Bell, B-e-l-l.

18      THE COURT:  Okay.  All right.  Thank you.  Go ahead.

19      MS. BELL:  I just wanted to reiterate I do oppose

20  the -- you know, to the objection of these cases that the

21  city had just to make sure they don't take nothing extra from

22  me.  And, yes, they did take money out of our annuities.

23  They took $20,000 of mine.  I wish I can get it back.  I do

24  have several cases.  I just wanted to, you know, put that out

25  there.

1    THE COURT:  Thank you.  Mr. Swanson, did you want to

2  say anything?

3    MR. SWANSON:  No, your Honor.

4    THE COURT:  All right.  Thank you.  Ms. Bell's --

5  thank you, Ms. Bell.  Your response, both written response

6  and oral argument in the hearing today, is a response that I

7  must overrule for purposes of ruling on the city's objection

8  to your claim here, which, as I've described earlier, is that

9  your claim must be disallowed to the extent it is not a

10 pension claim of the type that is being treated by the plan.

11 And to the extent you're objecting to what the plan -- the

12 confirmed plan in this case did to your pension and any

13 effect that it had on your pension, that must be -- that

14 argument must be overruled because the plan is confirmed, and

15 that's that.  Thank you.  Next.  Anyone else on these

16 objections to claim?  All right.  Thank you.  Mr. Swanson.

17    MR. SWANSON:  Thank you, your Honor.

18    THE COURT:  So, with respect to the twenty-third,

19 twenty-fourth, and twenty-fifth omnibus objections,

20 consistent with my rulings, you want to -- you'll submit a

21 proposed order for each omnibus claim objection; right?

22    MR. SWANSON:  Yes, your Honor.

23    THE COURT:  Hold on.  Now, on those the order

24 will -- I think with respect to the twenty-third, Ms.

25 Finley's claim will be added to the June -- pardon me --

1  group, and you'll put that in the order, as will be Ms.

2  Sheila Pennington's claim.

3        MR. SWANSON:  On the twenty --

4        THE COURT:  Other than that, the omnibus claim

5  objections will be sustained.

6        MR. SWANSON:  Thank you, your Honor.  The next two

7  omnibus objections, the Court entered orders on those this

8  morning, the twenty-sixth and twenty-seventh omnibus

9  objections, and that brings us to the twenty-eighth omnibus

10  objection, insufficient documentation.  There were two

11  docketed and timely filed responses.  One, Brenda Ellis, was

12  stricken by the Court on March 29th.  That leaves us with one

13  response, Mr. Bradford Comit, Jr., at Docket Number 10849.

14  Your Honor --

15        THE COURT:  All right.  Again, just to be clear,

16  let's say -- speak up and just name the --

17        MR. SWANSON:  Sure.

18        THE COURT:  Actually, hold on.

19        MR. SWANSON:  Oh, I'm sorry.  There were three.  Mr.

20  Danean Brooks, who --

21        THE COURT:  Let's go through the names again.

22        MR. SWANSON:  Sorry.

23        THE COURT:  The people who have filed responses,

24  whether they're stricken or not, who filed responses to the

25  city's twenty-eighth omnibus objections, give us the names

1  again, Mr. Swanson.

2          MR. SWANSON:  Brenda Ellis, Bradford Comit, and

3  Danean Brooks.

4          THE COURT:  Hold on.  I see more than that, Mr.

5  Swanson.

6          MR. SWANSON:  Okay.

7          THE COURT:  Hold on.  Some of these may have been

8  linked to the wrong objection, but the ones I have, in

9  addition to the names you've just read, are -- include

10  Bethany Batie, Dinah or Dena Bolton, Andre Canty, C-a-n-t-y.

11          MR. SWANSON:  Oh, some of these were included on

12  the -- for the June 15th order.

13          THE COURT:  Oh, okay.

14          MR. SWANSON:  I was just reading the one --

15          THE COURT:  That explains it.

16          MR. SWANSON:  Yeah.

17          THE COURT:  All right.

18          MR. SWANSON:  Yeah.

19          THE COURT:  That explains it.  Hold on.

20          MR. SWANSON:  Yeah.

21          THE COURT:  Hold on.  I see.  One minute.  Okay.

22  Hold on.  Hold on.  Yes.  The names that are included in the

23  June 15 order are Althea Phillips, Andre Canty, Antonio

24  Ratliff, Benjamin Hogue, Carmelita Bullock, and Dinah or Dena

25  Bolton; right?  That's the list I have.  So those responses

1  have been dealt with already by the adjournment order. If
2  any of those individuals are here and did not get a copy of
3  the Court's March 24 order, please get a copy and be aware of
4  that. Anyone not get a copy of the order? All right. Okay.
5  So hold on a minute. One second. All right. Mr. Swanson,
6  I've pulled out the ones that were the subject of the March
7  24 order, the adjournment order, and on the -- with respect
8  to the twenty-eighth omnibus objections, in addition to the
9  names you listed, Brenda Ellis -- hold on -- I'm sorry --
10 Belinda Ellis, Bradford Comit, Jr., and Danean Brooks, I have
11 that there were two other responses, both of which were
12 stricken, one by Bethany Batie, B-a-t-i-e, and one by
13 Stephanie Hogue. You have Benjamin Hogue on your -- on the
14 list of the adjourned ones but not Stephanie Hogue.

15          MR. SWANSON: Yes, your Honor. If a response was
16 stricken --

17          THE COURT: Yes.

18          MR. SWANSON: -- we're not treating that as being a
19 live response.

20          THE COURT: All right. So Batie and Stephanie
21 Hogue. All right. Are either of those individuals present,
22 Bethany Batie or Stephanie Hogue? No? All right. Their
23 responses -- written responses were stricken previously by
24 orders of the Court. The claim objection -- the twenty-
25 eighth omnibus claim objection will be sustained as to them

1 and their claims, rather, so that leaves then the three

2 individuals that you named, Mr. Swanson; that is, Ellis,

3 Comit and Brooks.  So, Mr. Swanson, go ahead.  What do you

4 want to say, first of all?

5 MR. SWANSON:  Thank you, your Honor.  Beginning with

6 Mr. Comit, the Comit response should be overruled.  The

7 objection to Comit's claim was that it lacked any

8 documentation regarding why the city owed him $1 million for

9 services performed.  The response contained no documentation,

10 and, as such, the city asks that the Court grant the

11 objection.

12 THE COURT:  Mr. Comit -- is Mr. Comit here, Bradford

13 Comit?  All right.  Mr. Comit has failed to appear at this

14 hearing.  Based on your argument, Mr. Swanson, and the

15 failure of Mr. Comit to appear at today's hearing, I will

16 overrule his response and sustain the city objection to this

17 claim.  One second.  All right.  Go ahead, Mr. Swanson.

18 MR. SWANSON:  Thank you, your Honor.  The next

19 response was Ms. Brooks.  Your Honor, the city also believes

20 that this response should be overruled.  The claim was for

21 $2.2 million.  There was no documentation provided in

22 response to the city's objection.  Instead, the objection

23 attacked the confirmation order and the plan.  The response

24 simply states, "I believe I have sufficient documentation for

25 my claim.  If you should require additional documentation,

1   please contact me."  This was the opportunity to provide the

2   documentation.  None was provided.  The city asks that the

3   claim be expunged.  Thank you.

4          MR. GREENE:  Your Honor, I am appearing here with

5   Ms. Brooks.  She indicated to me that --

6          THE COURT:  And you are who?

7          MR. GREENE:  Anthony Greene.  I electronically filed

8   an appearance.

9          THE COURT:  All right.  So you're the attorney for

10  Ms. Brooks?

11         MR. GREENE:  Yeah.  And we're here.  She just

12  retained me, and I indicated that I would assist her with

13  this.  She indicated that 20 percent was taken out of her

14  annuity, not a pension, and I believe that allows her to at

15  least preserve some claim, but she does not have

16  documentation today.  I was going to ask that the Court allow

17  an adjournment just so that she could obtain the appropriate

18  documents.

19         THE COURT:  Mr. Swanson.

20         MR. SWANSON:  Your Honor, we'll agree to include Ms.

21  Brooks in the June 15th hearing.

22         MR. GREENE:  Thank you.

23         THE COURT:  All right.  I will then agree with that,

24  and Ms. Brooks' claim here will be part of the further

25  proceedings that are dealt with in the March 24 order.  Mr.

1  Greene, did you get a copy of that order?

2          MR. GREENE:  I do not have a copy of that, your

3  Honor.

4          THE COURT:  All right.  We'll get you one.  Get one?

5          MR. GREENE:  Thank you.

6          THE COURT:  So an order that's going to be entered

7  now will put Ms. Brooks' claim in with those others --

8          MR. GREENE:  Yes.

9          THE COURT:  -- and be treated that way and be

10  subject to and further heard and adjourned to the June 15

11  hearing date that's in that order.

12          MR. GREENE:  Yeah.

13          THE COURT:  All right.

14          MS. BROOKS:  Thank you, your Honor.

15          MR. GREENE:  Thank you very much.

16          MS. BROOKS:  Thank you.

17          THE COURT:  All right.  All right.  Anyone else?  I

18  guess that's it for this twenty-eighth omnibus objection.

19  Mr. Swanson, I'll sustain this twenty-eighth omnibus

20  objection subject to putting Ms. Brooks' claim in with the

21  adjourned claims, so you'll prepare and submit a proposed

22  order.  Thank you.

23          MR. SWANSON:  Thank you.  Your Honor, the next

24  omnibus objection is the twenty-ninth omnibus objection at

25  Docket Number 10785.  Other than responses that will be heard

1    at June 15th -- on June 15th, as set forth in the order,

2    there were no docketed and timely responses filed with

3    respect to the twenty-ninth omnibus objection.  The city

4    requests that the Court enter an order sustaining the

5    objection.  Thank you.

6          THE COURT:  All right.  I'll sustain the objection

7    to claim on this twenty-ninth omnibus objection with respect

8    to all of those creditor -- those claims that are not the

9    subject of the March 24 adjournment order.  You'll prepare

10   and submit an order to that effect.

11         MR. SWANSON:  Thank you, your Honor.

12         THE COURT:  Thank you.

13         MR. SWANSON:  The thirtieth omnibus objection, we

14   had two that were docketed.

15         THE COURT:  Hold on.  Hold on one second.

16         MR. SWANSON:  I'm sorry.

17         THE COURT:  One second, please.

18         MR. SWANSON:  Sure.

19         THE COURT:  All right.  Sorry for the interruption.

20   We're on the thirtieth, you say?

21         MR. SWANSON:  Thirtieth, yep, Docket Number 10786.

22   There were two responses that were docketed and that are

23   scheduled for argument today.  There are others that will be

24   heard on June 15th.  The two that were docketed and that will

25   be heard today are George Pieprzyk and Jacqueline Knowles.

1          THE COURT:  I'm sorry.  The second one was what?

2          MR. SWANSON:  Jacqueline Knowles, Docket Number

3    10863.

4          THE COURT:  All right.  One moment.  All right.

5    Thank you.  Is Jacqueline Knowles present?  Is George -- and

6    I hope I don't mispronounce it -- George Pieprzyk present?  I

7    believe it's spelled P-i-e-p-s-z-y-k.  I hear nothing.  These

8    two individuals have not appeared at today's hearing.  I did

9    see and review their written responses to the claim

10   objection.  What do you want to say, Mr. Swanson?

11         MR. SWANSON:  Nothing further.  The city will stand

12   on its reply.

13         THE COURT:  Based on the failure of each of these

14   individuals to appear at today's hearing, as required, to

15   prosecute their response to the city's objection and based on

16   the arguments and merits of the city's thirtieth omnibus

17   claim objection, I will sustain the city's objection as to

18   these claims and as to all other claims in the thirtieth

19   omnibus objection of those who did not file written responses

20   except for, of course, the ones that were -- that are covered

21   by the March 24 adjournment order, so you'll submit an order,

22   Mr. Swanson.

23         MR. SWANSON:  Yes, your Honor.  Thank you.

24         THE COURT:  Thank you.

25         MR. SWANSON:  The thirty-first omnibus objection,

1   your Honor, I don't believe we have any responses that were

2   docketed other than those that will appear on June 15th.  The

3   city would ask that the Court sustain the objection.

4          THE COURT:  I believe you are correct about the

5   responses filed, and I will sustain the city's thirty-first

6   omnibus objection as to all claims other than the two claims

7   that are the subject of the March 24 adjournment order.

8          MR. SWANSON:  Thank you, your Honor.  The next

9   omnibus objection was the thirty-second omnibus objection

10  appearing at Docket Number 10788.  There were -- there was

11  one docketed response that is set for argument today.  The

12  claimant's name is Debra Ann Martin.  Her response appears at

13  Docket Number 10848.

14         THE COURT:  Stand by one moment.  Yes.  All the

15  other written responses are claims that are subject to the

16  March 24 adjournment order; right?

17         MR. SWANSON:  Yes, your Honor.

18         THE COURT:  All right.  With respect to the claim of

19  Debra Martin, is Debra Martin present?  I hear nothing.

20  Debra Martin has failed to appear at this hearing.  For that

21  reason, I will overrule her response and sustain the city's

22  objection, omnibus objection to her claim as well as sustain

23  the omnibus -- thirty-second omnibus objection as to all

24  other claims for which written responses were not filed, so

25  you'll prepare an order on that.

1          MR. SWANSON:  Thank you, your Honor.

2          THE COURT:  Thank you.  Go on.

3          MR. SWANSON:  The next omnibus objection is the

4    thirty-third omnibus objection.

5          MR. RAIMI:  Marc, there's a gentleman here on the

6    thirty-second.

7          MR. WORDE:  I didn't file it on time, but I have my

8    claim number.

9          THE COURT:  What is your name, sir?

10          MR. WORDE:  Mark Worde, W-o-r-d-e.

11          THE COURT:  Mark what?

12          MR. WORDE:  W-o-r-d-e.

13          THE COURT:  W-o-r-d-e?

14          MR. WORDE:  Yep.

15          THE COURT:  And you're saying you did not file a

16    written response.

17          MR. WORDE:  Right, but I had the claim number

18    listed.

19          THE COURT:  Why didn't you file a written

20    response --

21          MR. WORDE:  I didn't --

22          THE COURT:  Excuse me.  Excuse me.

23          MR. WORDE:  I was trying to get a --

24          THE COURT:  Excuse me.  Don't interrupt me.  Let me

25    finish.  I'm asking you why did you not file a written

1  response by the March 23rd deadline to the claim objection?

2         MR. WORDE:  Okay.  I was trying to get ahold of some

3  AFSCME representatives to get a list of what we was all

4  trying to get back and this documentation.  Just didn't have

5  enough time.

6         THE COURT:  Mr. Swanson, you want to say anything

7  about this?

8         MR. SWANSON:  The notice and the local rules require

9  a written response by March 23rd.  We would ask the Court to

10 overrule the response.

11        THE COURT:  Mr. Worde here did not file a written

12 response either by the March 23rd deadline for doing so to

13 the claim objection or at all, and based on that, it's not

14 sufficient for Mr. Worde to appear at today's hearing and

15 just say what he has just said, and so the objection to his

16 claim, as I said before in my ruling, will be among those

17 that are -- for which the claim objection is sustained.

18 Thank you.  Mr. Swanson --

19        MR. SWANSON:  Thank you, your Honor.

20        THE COURT:  -- we're now on number thirty-three.

21        MR. SWANSON:  Thirty-three, Docket Number 10789.  We

22 have two docketed responses that are set for argument today.

23 The first response is Raju Markose, and the second response

24 was Robert Lukasik.

25        THE COURT:  All right.  Mr. Lukasik, come on up.

1  And is Raju Markose present?

2          MR. LUKASIK:  I'm sorry.  I'm sorry.  I can't hear

3  very good.  I'm sorry.

4          THE COURT:  Is Raju Markose present?  I hear

5  nothing.  Mr. Markose has failed to appear.  For that reason,

6  his response will be overruled, and the objection to his

7  claim will be sustained.  Mr. Lukasik is here.  Mr. Swanson,

8  what do you want to say about Mr. Lukasik's claim?

9          MR. SWANSON:  Thank you, your Honor.  One second.

10 Thank you.  Your Honor, the Lukasik response should be

11 overruled.  The claim was for $32,000 for services performed

12 without any supporting documentation attached to the claim.

13 The only response was that Mr. Lukasik opposed the objection.

14 He didn't attach any documentation; thus, the objection

15 should be sustained.

16         THE COURT:  Mr. Lukasik, what do you want to say?

17         MR. LUKASIK:  I mailed it the 19th.  I have a thing

18 that said they received it the 23rd, but they said that I

19 didn't notarize -- it wasn't notarized, so I got here as soon

20 as I could, and I got it stamped yesterday, the 27th.

21         THE COURT:  Well, excuse me.  What it is you filed,

22 I believe, if we're talking about the same thing, on March

23 23rd you filed in this court -- for the record, it's at

24 Docket Number 10900 -- a letter dated March 11, 2016, one-

25 page letter.  Is that what you're talking about?

1       MR. LUKASIK:  Yeah, I believe so.

2       THE COURT:  Yeah.  And I believe our clerk issued a

3   notice of deficiency, which I believe said that you did not

4   file a proof of service.

5       MR. LUKASIK:  Okay.  And I have --

6       THE COURT:  Is that what you're talking about?

7       MR. LUKASIK:  Yeah.  I do have a --

8       THE COURT:  Yeah.  It's not that it wasn't

9   notarized.  I don't think that was the reason.

10      MR. LUKASIK:  It wasn't.

11      THE COURT:  All right.  In any case, you filed this

12  one-page response.  I have read this.  Did you want to say

13  anything else?

14      MR. LUKASIK:  Not really.  I mean my health and

15  stuff -- I'm just saying I didn't understand, and people I

16  talked to, anyway, they said mail it, so I mailed it.  And

17  when I got -- I have a thing here that they received it.

18  Probably you have the same thing that they received it the

19  23rd.

20      THE COURT:  Well, Mr. Lukasik, you did not file with

21  your March 23rd response any documentation or explanation in

22  support of your claim.  Your letter doesn't explain anything

23  about that claim and what it's based on and how you get to

24  the number that you claim, does it?

25      MR. LUKASIK:  I don't believe -- I could show you

1  what -- you know, what was filed yesterday because I, you
2  know, timely got here and stuff.  I mean they sent me a
3  letter, said they didn't receive it, so I did the best I
4  could.

5          THE COURT:  You filed something yesterday?

6          MR. LUKASIK:  Yes, because Saturday the Post Office
7  was closed, and -- but I'm saying this shows that they
8  received it the 23rd, and then I got a letter that says it
9  wasn't -- you know, it wasn't notarized, and I have it here
10  what was notarized.

11         THE COURT:  What did you file yesterday?

12         MR. LUKASIK:  This form right here.

13         THE COURT:  Would you hand that up?  I'll just take
14  a quick look at it.  All right.  That's a certificate of
15  service.

16         MR. LUKASIK:  Okay.

17         THE COURT:  I see that.  Thank you.  I'll hand this
18  back to you.  That was filed March 28, so that was two days
19  ago.

20         MR. LUKASIK:  Okay.

21         THE COURT:  Certificate of service regarding your --
22  well, I guess you're intending to say your response that we
23  talked about earlier, so --

24         MR. LUKASIK:  Correct.

25         THE COURT:  All right.  So you've got that back.

1    Hold on.  Mr. Lukasik, did you want to say anything else

2    about what your claim is based on or how you get this

3    32,218.82 number for the amount of your claim?  And it says

4    "services performed."  Doesn't give any other explanation in

5    your proof of claim.  Did you want to add anything to that to

6    explain this?

7             MR. LUKASIK:  Basically, the city owed me money that

8    they reduced on my -- let's see.  I retired in 2000, I

9    believe 2000, so --

10            THE COURT:  So they reduced what?  They reduced your

11   pension?

12            MR. LUKASIK:  Yes.

13            THE COURT:  And that's what your claim is based on?

14            MR. LUKASIK:  I believe so.  I don't have my

15   attorney with me.  I, you know, can't really afford one.

16            THE COURT:  All right.  Anything else you want to

17   say about this?

18            MR. LUKASIK:  Ain't much I can say.  I mean I don't,

19   you know --

20            THE COURT:  All right.  Mr. Swanson, did you want to

21   say anything on this?

22            MR. SWANSON:  We'd ask that the Court sustain the

23   objection, your Honor.

24            THE COURT:  Well, Mr. Lukasik, I will sustain the

25   city's objection to your claim because not only did you not

1    attach to the claim or file in response to the claim

2    objection any documentation supporting the claim, but your

3    explanation of what the claim is or what it's based on in

4    today's hearing is -- really indicates just that your claim

5    is essentially seeking payment for money that you claim to

6    have lost because of what the confirmed plan in this

7    bankruptcy case did to your pension.  That's not a valid

8    claim.  You know, it's unfortunate.  A lot of people

9    obviously are unhappy about what the plan did to their

10    pensions, but the confirmed plan is what it is, and everyone

11    is bound by it.  And so a claim that seeks basically to undo

12    or reverse what the confirmed plan did is not a valid claim,

13    so the city's objection to your claim must be sustained.

14    Thank you.

15        So, Mr. Swanson, then -- hold on.  Other than the

16    claims that have been adjourned then, the city's thirty-third

17    omnibus objections to claim will be sustained.  You'll submit

18    an order.

19        MR. SWANSON:  Thank you, your Honor.

20        THE COURT:  Thank you.

21        MR. SWANSON:  The final omnibus objection up for

22    hearing today is the thirty-fourth omnibus objection.  There

23    were no docketed responses other than those which will be

24    heard on June 15th.  The city asks the Court to sustain the

25    objection.

1      THE COURT:  Thank you.  I will do that.

2      MR. SWANSON:  Thank you, your Honor.

3      THE COURT:  All right.  I believe that concludes

4  matters for today's hearing.

5      MR. SWANSON:  Yes, your Honor.  Two minor points I

6  wanted to alert the Court to.  On the twenty-second omnibus

7  objection, the city withdrew its objection to one claim of

8  Warren Chiropractic.  The notice of withdrawal is at Docket

9  10890.  And on the twenty-third omnibus objection, the city

10  withdrew its objection to the claim of Jamie Fields.  The

11  notice of withdrawal is at Docket 10833, so I'm going to --

12      THE COURT:  Jamie what?

13      MR. SWANSON:  Jamie Fields.

14      THE COURT:  All right.

15      MR. SWANSON:  I'm going to carve those two claims

16  out of the order.

17      THE COURT:  All right.  Thank you.  Anything else?

18      MR. SWANSON:  That's it, your Honor.

19      THE COURT:  All right.  Thank you all.

20      THE CLERK:  All rise.  Court is adjourned.

21      (Proceedings concluded at 3:15 p.m.)

INDEX


<u>WITNESSES:</u>

    None

<u>EXHIBITS:</u>

    None


        I certify that the foregoing is a correct transcript
from the sound recording of the proceedings in the above-
entitled matter.


/s/ Lois Garrett                    May 1, 2016
_____             _____
Lois Garrett