UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF,                    Case No. 13-53846
                                     Detroit, Michigan
CITY OF DETROIT, MICHIGAN            April 13, 2016
_____/         11:03 a.m.

    IN RE: THIRTY-SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS,
  THIRTY-SEVENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS, THIRTY-
        EIGHTH OMNIBUS OBJECTION TO CERTAIN CLAIMS
        BEFORE THE HONORABLE THOMAS J. TUCKER
          TRANSCRIPT ORDERED BY: ROBIN WYSOCKI

APPEARANCES:

For the City of Detroit, MI:    MARC SWANSON, ESQ. (P71149)
                                Miller, Canfield, Paddock &
                                Stone
                                150 West Jefferson
                                Suite 2500
                                Detroit, MI 48226
                                313-496-7591

Project Manager:                REBECCA WILHELM
                                2 Woodward Avenue
                                CA YMC
                                Suite 500
                                Detroit, MI 48226
                                313-237-5037

PRESENT:                        Dianne L. Thomas
                                Dwayne Brown
                                Cheryl Minniefield

Court Recorder:                 Jamie Laskaska

Transcriber:                    Deborah L. Kremlick

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

1     (Court in Session)

2          THE CLERK:  All rise.  This Court is now in session.

3  The Honorable Thomas J. Tucker is presiding.  You may be

4  seated.  The Court calls the case of the City of Detroit,

5  Michigan, case number 13-53846.

6          THE COURT:  All right.  Good morning.  Let's have

7  appearances for the record, please.

8          MR. SWANSON:  Thank you, Your Honor.  Marc Swanson

9  from Miller, Canfield, Paddock, and Stone on behalf of the

10  City of Detroit.  And with me is Rebecca Wilhelm the project

11  manager for the City of Detroit.

12          THE COURT:  All right.  Good morning.  For those who

13  are in the courtroom to be heard regarding the individual

14  claims in the hearings today regarding specific claims and

15  objections to claim by the city, unless you have your attorney

16  you can hold off entering your appearance.  Just do that,

17  enter your appearance by saying your name for the record when

18  you come up to be heard about your claim.  So, are there any

19  attorneys here, other attorneys?

20          MS. MINNIEFIELD:  Can we -- can we turn up the

21  volume, I can't hear.

22          MS. THOMAS:  I can't hear you, Your Honor.  I can't

23  hear you back here.

24          THE COURT:  You didn't hear what I just said?

25          MS. THOMAS:  No, I didn't.

1      MR. BROWN:  Just kind of then when you spoke then, I

2  heard you.

3      THE COURT:  I don't understand that.  We have --

4  we've been testing our sound.

5      MS. THOMAS:  I have -- I have a slight hearing loss

6  that's probably why couldn't hear you.

7      THE COURT:  What is your name, Ma'am?

8      MS. THOMAS:  I'm Dianne Thomas.

9      THE COURT:  Are you an attorney?

10     MS. THOMAS:  No, I'm just representing myself.

11     THE COURT:  All right.  If you want to be heard

12 about it -- your claim, wait until your claim comes up in the

13 hearings today is what I'm saying.  And then you can come up,

14 you can give your name and we can go from there.

15     MS. THOMAS:  Okay.

16     THE COURT:  Did you hear what I just said?

17     MS. THOMAS:  I just -- I did now.

18     THE COURT:  Can everybody else hear what I'm saying?

19     MR. BROWN:  Yes, sir.

20     THE COURT:  All right.  Thank you.  Mr. Swanson,

21 let's hear from you now first.  The case is here today on

22 three omnibus claim objections filed by the city for hearing.

23 And so let's talk about those, please.  Go ahead.  And I guess

24 I'll have to ask you to speak up and into the microphone,

25 please.

1          MR. SWANSON:  Certainly.  Thank you, Your Honor.

2     The first omnibus objection is a thirty-sixth omnibus

3     objection.  There are three responses that were filed which

4     I'm not subject to hearing on June 15th.  I have copies of the

5     order adjourning certain of the responses to June 15th if the

6     Court would like me to distribute those or identify the

7     individuals who are listed on that order.

8          THE COURT:  That's -- I don't think that's necessary

9     unless any of those individuals turn out to be here in the

10    courtroom and want to be heard.  Then we can -- we can deal

11    with that.  You did serve the order adjourning on those

12    individuals, so hopefully they got a copy of it no later than

13    Monday as designed, right?

14         MR. SWANSON:  Yes, Your Honor.

15         THE COURT:  All right.

16         MR. SWANSON:  So, Your Honor, the three --

17         THE COURT:  No, just a minute.  Perhaps -- perhaps

18    actually you should read the names.  What I'm going to do is

19    ask the attorney for the city, Mr. Swanson here to read off

20    the names of individuals whose claim -- claims which were

21    subject to objection in the debtor's -- the city's

22    thirty-sixth omnibus objection, those claims for which the

23    hearing has been adjourned to -- from today until a later

24    date, June 15 at 1:30 p.m. by an order that the Court entered

25    last week on April 7th.

1    And if any of the individuals whose names are now going

2  to be read are in the courtroom, please come forward, we'll

3  make sure that you are aware of the adjournment order and if

4  necessary, have a copy of it.  So please listen for your name.

5  Now, Mr. Swanson, go ahead.  Which are the -- read off please

6  the names of those creditors who have claims objected to by

7  the thirty-sixth omnibus objection whose hearing on which is

8  being adjourned to June 15th.

9         MR. SWANSON:  Thank you, Your Honor.  Aldrina

10  Thomas, Lucille Pasha, Francine Duncan-Martin, Natalie

11  Clemons, JaJuan Moore, Janice Clarke, Lenetta Walker, and --

12  and one of the two claims filed by Dwayne A. Brown, the second

13  claim will be heard today.

14         THE COURT:  All right.  So are any of the

15  individuals whose names have just been read present?  Sir, you

16  are?

17         MR. BROWN:  Dwayne Brown.

18         THE COURT:  All right.  Mr. Brown, you can wait

19  until we get to your claim that's being heard today.  You

20  understand, I hope, that the hearing on one of your two

21  claims, the objection to one of your two claims has been

22  adjourned.  Do you -- do you -- did you get the adjournment

23  order?

24         MR. BROWN:  No, I didn't.

25         THE COURT:  All right.  We'll print you a copy of

1  that order.  Or do you have extras?

2          MR. SWANSON:  I have ten copies, Your Honor.

3          THE COURT:  Would you hand a copy of that order to

4  Mr. Brown, please?

5          MR. SWANSON:  Sure.  Thank you, Your Honor.

6          THE COURT:  All right.  Thank you.  Go ahead.

7          MR. SWANSON:  Cheryl Minniefield, Dwayne A. Brown,

8  and Kendra McDonald filed responses to the thirty-sixth

9  omnibus objection that are scheduled to be heard today.

10         Your Honor, I will begin with the response filed by

11  Cheryl Minniefield.  That response, corrected response,

12  appears at docket number 11040.

13         Ms. Minniefield filed three claims in the city's

14  bankruptcy case 3289, 3292, and 3294.  Claim 3292 was listed

15  on Exhibit 2 to the thirty-sixth omnibus objection.  The other

16  two claims, 3289 and 3294 were not.

17         The stated basis for those other two claims related to

18  litigation.  Minniefield's response, however, addresses those

19  two claims that were not listed on Exhibit 2 and fails to

20  address the one claim that was listed on Exhibit 2 or provide

21  any documentation in support of claim 3292 which was the claim

22  listed on Exhibit 2 to the thirty-sixth omnibus objection.

23         Consequently the city's objection to claim 3292 should be

24  sustained.  For these reasons the city asks that the Court

25  sustain the objection to claim 3292.  Thank you.

1          THE COURT:  Is the creditor Cheryl Minniefield

2    present?

3          MS. MINNIEFIELD:  Yes.

4          THE COURT:  Would you come up, please, to the

5    podium?  All right.  Good morning.  Would you state your name

6    for the record, please?

7          MS. MINNIEFIELD:  Cheryl Minniefield.

8          THE COURT:  All right.  Ms. Minniefield, good

9    morning.  And you've heard what Mr. Swanson just had to say

10   about the objection that's being heard today to one of your

11   three filed claims.  What do you want to say about this?  And

12   by the way I did review the response and -- and corrected

13   response that you filed to the objection.  Go ahead.

14         MS. MINNIEFIELD:  Okay.  What I want to say is that

15   in my response I did not indicate by documentation that I have

16   that supports my -- my claims, but I do have documentation to

17   support my claims.  And if I may I can indicate them at this

18   time.  And I --

19         THE COURT:  Well, you've got three claims that you

20   filed.

21         MS. MINNIEFIELD:  Uh-huh.

22         THE COURT:  There's one that's for it looks like

23   it's claim 3289 it's for $2,000,000.  And the basis for claim

24   on the proof of claim form it says discrimination (EEOC).

25         MS. MINNIEFIELD:  Uh-huh.

1          THE COURT:  Case number, civil number 12-13479.

2          MS. MINNIEFIELD:  Uh-huh.

3          THE COURT:  You got another claim 32 -- number 3294.

4          MS. MINNIEFIELD:  Uh-huh.

5          THE COURT:  Proof of claim filed and that's in the

6   amount of $500,000.

7          MS. MINNIEFIELD:  Uh-huh.

8          THE COURT:  The basis stated for that claim is,

9   "unjust discharge-civil service case number 2011-5".  So

10  you've got those two claims.  Just let's be clear that those

11  two claims are not the subject of the city's thirty-sixth

12  omnibus objection to claims.  For purposes of today's hearing

13  we're not hearing any objections to those two claims.

14         MS. MINNIEFIELD:  Uh-huh.

15         THE COURT:  So what we're doing today on this

16  thirty-sixth omnibus objection has no effect on those.

17         MS. MINNIEFIELD:  Uh-huh.

18         THE COURT:  What's -- what we are talking about is

19  the city's objection to your other -- your third claim, claim

20  3292.

21         MS. MINNIEFIELD:  Uh-huh.

22         THE COURT:  The proof of claim form that you filed

23  on that says the amount of the claim is $5,000.  Basis for

24  claim it says, "unpaid time bank, i.e. vacation/swing

25  holiday".

1      MS. MINNIEFIELD:  Uh-huh.

2      THE COURT:  So that's the proof of claim and the

3  claim that we're talking about today.  Do you understand what

4  I've just said about that?

5      MS. MINNIEFIELD:  Yes.

6      THE COURT:  All right.  So what do you want to say

7  about the city's objection to that claim?

8      MS. MINNIEFIELD:  Well, I want to indicate that I do

9  have support -- supporting documentation for that claim which

10  was not indicated on the response.  And as -- as the support

11  for that claim, is --

12      THE COURT:  Well, why didn't you file the

13  documentation when you responded to the objection to claim or

14  with your proof of claim?

15      MS. MINNIEFIELD:  I did not -- I did not realize

16  that that particular claim number was assigned to that -- that

17  -- to that issue, okay.  Once I did get a hold of my the --

18  the document -- the claim that was filed, I indicate -- I saw

19  where that particular claim number was assigned to that issue.

20  So, you know, so I did not -- that's how I -- I did not have

21  the information at hand to respond to it correct.

22      THE COURT:  Well, what do you want to say about the

23  documentation that you say you have and about this claim,

24  then?

25      MS. MINNIEFIELD:  I want to say that I do have

1  documentation to support that that is owed to me.  My

2  documentation, I filed a claim with the City of Detroit

3  ombudsman's office and I got a letter -- they investigated and

4  I got a letter back from the ombudsman's office regarding that

5  issue, that that -- that I was denied my bank -- the vacation

6  time, swing holiday time per the director and the assistant

7  director.  Per the -- because due to the unjust discharge that

8  I -- I received.  And that's the answer -- that's the proof

9  that I have that I am owed that and that I was denied that.

10        THE COURT:  Well, is this $5,000 claim then that

11  we're talking about part of the -- the relief that you're

12  seeking in either your civil service case or your lawsuit?

13  You filed a lawsuit in a civil service case apparently about

14  discrimination and unlawful discharge, is that right?

15        MS. MINNIEFIELD:  Right.

16        THE COURT:  Is the 5,000 that you're talking about

17  here, the claim relating to the unpaid vacation time and the

18  swing holiday part of the -- the relief that you're already

19  seeking --

20        MS. MINNIEFIELD:  No.

21        THE COURT:  -- in connection with your other claims,

22  that's what I'm asking.

23        MS. MINNIEFIELD:  No.

24        THE COURT:  No?

25        MS. MINNIEFIELD:  No.

1    THE COURT:  Well, go on, what else did you want to

2  say about it?

3    MS. MINNIEFIELD:  That's a separate issue.  Because

4  the other claims -- my other case, the unjust discharge is --

5  well, I guess the only thing that -- the -- the unjust

6  discharge is what is -- what is stated that is denying me my

7  bank -- my on time that I earned, you know, doing working.

8  And they're saying no, we're not going to give it to you

9  because you know, of this, the unjust discharge.

10    THE COURT:  Well, are you contending that even if

11  the discharge is not found to be wrongful.

12    MS. MINNIEFIELD:  Uh-huh.

13    THE COURT:  You're still entitled to this $5,000, is

14  that what you're saying or not?  Or that that's part of it.

15    MS. MINNIEFIELD:  Yes, I am. I am.  I am entitled to

16  it.

17    THE COURT:  You are.  Okay.  Why is it you're

18  entitled to that even if your discharge was proper?

19    MS. MINNIEFIELD:  Well, because I -- I earned it.

20  It's in my bank that I got paid my sick time out of the bank,

21  the sick time, the vacation time, the swing holiday.  They --

22  I got paid my sick -- my sick time, but I don't see why I

23  earned the sick time, I got paid that.  Why I earned the

24  vacation and the swing holiday time.  So why -- why -- why do

25  I not get that.

 1          THE COURT:  All right.  What documentation is it

 2   that you have for this claim that you referred to?  What --

 3   what documentation do you have?  This -- this exchange of

 4   letters with the ombudsman, is that what you're talking about?

 5          MS. MINNIEFIELD:  I have the letter from the -- the

 6   -- the documentation from the ombudsman.  At this time I don't

 7   have -- I had a print out of my bank, okay, that I was denied.

 8   Okay.  I don't have -- I'm sorry, but I don't have that bank

 9   -- that here with me.  But I have a print out of that.

10      And but -- and when I could not get that I went to the

11   ombudsman and filed a complaint that they -- they were not

12   paying me that.  And that's why they -- that's, you know, so

13   that's where that stopped at.

14          THE COURT:  So you wrote a letter to the ombudsman

15   and you got a reply back?

16          MS. MINNIEFIELD:  Yes.

17          THE COURT:  Do you have those documents?

18          MS. MINNIEFIELD:  Yes.

19          THE COURT:  Well, you need to share those with the

20   attorney for the city here, Mr. Swanson.

21          MS. MINNIEFIELD:  Okay.

22          THE COURT:  Do you have extra copies?

23          MS. MINNIEFIELD:  No, not of that.  I have --

24          THE COURT:  Well, you know, the city's counsel needs

25   to see the documentation.  They need to have it.

1          MS. MINNIEFIELD:  Okay.  I'm sorry.

2          THE COURT:  That's the whole point of their

3  objection to -- to your claim.

4          MS. MINNIEFIELD:  Okay.  Well, I apologize to the

5  Court because I did not really totally understand those --

6  that that was the -- that was it of the -- the only objection

7  was to that particular claim.  And I prepared, you know,

8  information to -- that would -- you know, would support my

9  other -- all of these claims, the documents that I do have and

10 I did bring copies of all those other -- everything.  But I

11 didn't have the -- I didn't bring copies of that particular

12 document, the -- the letter.  I do have the letter, but I

13 don't have copies.

14         THE COURT:  All right.  Anything else you want to

15 say before we hear again from Mr. Swanson about this?

16         MS. MINNIEFIELD:  On that, no.

17         THE COURT:  Mr. Swanson, what do you want to say

18 about this?  Obviously you haven't seen this documentation

19 yet.

20         MR. SWANSON:  No, Your Honor, we haven't seen the

21 documentation yet.  I guess on one hand the deadline to file

22 the documentation with the Court has passed.  It wasn't

23 presented.  If -- if the Court's so inclined, I guess the city

24 would allow Ms. Minniefield seven days to file the

25 documentation with the Court and we could set this for hearing

1  on April 27th.  If -- and if the Court would permit the city to

2  file an additional reply based on the documentation.

3         THE COURT:  All right.  I'm going to take that

4  approach to this.  Rather than sustaining the objection to Ms.

5  Minniefield's claim number 3292 at this time, we're going to

6  continue it for further hearing to be held on Wednesday, April

7  27th at 11:00 a.m.  We're having a hearing on other claim

8  objections that day, April 27, 11:00 a.m.

9         MS. MINNIE FIELD:  Uh-huh.

10        THE COURT:  Which is two weeks from today.  In the

11  meantime, I will require Ms. Minniefield that you must file

12  with the Court in the City of Detroit bankruptcy case, a copy

13  of all documentation that you contend supports your claim

14  number 3292.

15        MS. MINNIEFIELD:  Uh-huh.

16        THE COURT:  Just that claim.

17        MS. MINNIEFIELD:  Uh-huh.

18        THE COURT:  The $5,000 claim.

19        MS. MINNIEFIELD:  Uh-huh.

20        THE COURT:  If it says unpaid time bank, i.e.

21  vacation/swing holiday, that claim.

22        MS. MINNIEFIELD:  Uh-huh.

23        THE COURT:  And I need you to -- you're going to

24  need to file that no later than one week from today.

25        MS. MINNIEFIELD:  Uh-huh.

1        THE COURT:  April 20, 2016.  Then the city may file

2   a response, a further response regarding your claim.

3        MS. MINNIEFIELD:  Uh-huh.

4        THE COURT:  Mr. Swanson, what sort of deadline do

5   you want for that?  Is -- is Friday the 22nd sufficient time

6   for that?

7        MR. SWANSON:  Yes, Your Honor.  Thank you.

8        THE COURT:  All right.  April 22, will be the city's

9   deadline to file any response, further response regarding your

10  claim number 3292.

11       MS. MINNIEFIELD:  Uh-huh.

12       THE COURT:  And then we'll have a further hearing on

13  the 27th at 11:00 a.m.  You'll need to be here for that.

14       MS. MINNIEFIELD:  Uh-huh.

15       THE COURT:  Unless the city and you reach some sort

16  of agreement before then --

17       MS. MINNIEFIELD:  Uh-huh.

18       THE COURT:  -- resolving this dispute about your

19  claim number 3292.

20       MS. MINNIEFIELD:  Uh-huh.

21       THE COURT:  Otherwise you'll need to be here for

22  that further hearing.  So I will include -- we will include in

23  the order that is going to be entered relating to this

24  thirty-sixth omnibus objection to claims, provisions

25  reflecting what I just said about the further proceedings

1   we're having regarding your claim.

2           MS. MINNIEFIELD: Uh-huh.

3           THE COURT: I guess Mr. Swanson, we can do that as

4   as separate order, or we can do it in the -- in the other

5   order, in the main order. It's up -- I don't care how we do

6   it.  What do you prefer?

7           MR. SWANSON: I can draft it into the main order,

8   Your Honor.

9           THE COURT: All right. So we'll put that in the

10  order. And of course a copy of that order after it gets

11  docketed, the city will mail a copy of that order to Ms.

12  Minniefield. And Ms. Minniefield, you understand what needs

13  to be done?

14          MS. MINNIEFIELD: Yes. I mean a week to send --

15  respond. I send my copies to the Court and to -- and to the

16  city.

17          THE COURT: Yes. You need to --

18          MS. MINNIEFIELD: And I need to --

19          THE COURT: And you need to file your documentation

20  in support of your claim.

21          MS. MINNIEFIELD: Yeah, uh-huh.

22          THE COURT: No later than one week from today.

23          MS. MINNIEFIELD: One week, uh-huh.

24          THE COURT: April 20.

25          MS. MINNIEFIELD: Uh-huh.

1          THE COURT:  Don't miss that deadline.

2          MS. MINNIEFIELD:  Okay.

3          THE COURT:  If you do, your claim -- these claim

4  objections will be sustained.

5          MS. MINNIEFIELD:  Uh-huh.

6          THE COURT:  So be sure to make that deadline.

7          MS. MINNIEFIELD:  Okay.

8          THE COURT:  Get that actually filed with the Court

9  in the case no later than that day, April 20.

10          MS. MINNIEFIELD:  Okay.  April 20.

11          THE COURT:  Do you have any other questions about

12  what's -- what the further proceedings are going to be on

13  this?

14          MS. MINNIEFIELD:  No, no.

15          THE COURT:  All right.  Thank you.

16          MS. MINNIEFIELD:  Okay.

17          THE COURT:  Mr. Swanson, back to you then.  Other

18  claims.

19          MS. MINNIEFIELD:  Can I have one -- can I ask you

20  one thing?  These other claims I have they're not -- they're

21  not involved in anything?

22          THE COURT:  They're not part of this -- the

23  objections to claim that we're hearing today.

24          MS. MINNIEFIELD:  Okay.  Uh-huh.

25          THE COURT:  All right.  Back to you, Mr. Swanson.

1          MS. MINNIEFIELD:  Uh-huh.

2          MR. SWANSON:  Thank you, Your Honor.  Kendra

3     McDonald filed a untimely response on April 8th and the city

4     would ask that the Court overrule that response as untimely.

5          THE COURT:  Is Kendra McDonald here or is anyone

6     here on behalf of Kendra McDonald?  I hear nothing.  Ms.

7     McDonald has failed to appear today despite having received

8     notice of today's hearing and the requirement that she appear

9     today.  For that reason and also because Ms. McDonald's only

10    response to the thirty-sixth omnibus claim objection was filed

11    untimely.  It was filed April 8 at docket 11060 whereas

12    responses were due to be filed no later than April 6th.  For

13    those reasons, the Court will sustain the city's objection to

14    the claim of Kendra McDonald.

15         MR. SWANSON:  Thank you, Your Honor.

16         THE COURT:  And you can of course include that in

17    the order that you're going to prepare.

18         MR. SWANSON:  Thank you, Your Honor.  The final

19    claim to be heard with respect to the thirty-sixth omnibus

20    objection is a claim filed by Dwayne A. Brown.  The city

21    included two claims with Mr. Brown on his thirty-sixth omnibus

22    objection.

23         One of those claims as we stated earlier will be heard on

24    June 15th, 2016 at 1:30.  The second claim filed by Mr. Brown

25    was a claim for a pension in the amount of $1,311,190.40.  The

1  city has conducted some further due diligence on this claim.

2  Mr. Brown is a member of the general retirement services and

3  -- and the city would propose classifying this claim as a

4  Class 11 GRS pension claim, or if Mr. Brown would not agree to

5  that today the city would withdraw its objection with respect

6  to this claim.

7          THE COURT:  Mr. Brown.

8          MR. BROWN:  Yes.

9          THE COURT:  Please come up.

10          MR. BROWN:  Good morning, Your Honor.

11          THE COURT:  Good morning.  Mr. -- say your name for

12  the record, please.

13          MR. BROWN:  Dwayne Brown.

14          THE COURT:  All right.  Good morning, Mr. Brown.  As

15  I understand it Mr. Swanson, the claim of Mr. Brown of the two

16  claims he filed, the claim being heard today is claim -- is --

17  concerns the city's objection regarding claim number 2984.

18  That's the pension claim you've described, is that correct?

19          MR. SWANSON:  Yes, Your Honor.

20          THE COURT:  All right.  So Mr. Brown, with respect

21  to that claim, the city's attorney is proposing that the Court

22  order that that claim be classified as a Class 11 GRS -- GRS

23  pension claim.  Do you have any objection to that?

24          MR. BROWN:  What is that?  What is it, I don't know

25  what it --

1          THE COURT:  That means it will be classified in

2    Class 11 and given the treatment of claims in Class 11,

3    pension claims in Class 11 which if you want a description of

4    what that treatment is, you can talk to your own attorney.

5          MR. BROWN:  Uh-huh.

6          THE COURT:   Mr. Swanson can describe it briefly,

7    but that's -- you know, I'm not going to go through all that.

8    So what do you want to say?

9          MR. BROWN:  Yes, I agree.

10         THE COURT:  Pardon me?

11         MR. BROWN:  I will, I agree.

12         THE COURT:  All right.  So Mr. Swanson, you'll

13   include in the order to be entered a provision that says that

14   Mr. Brown's claim number 2984 is reclassified as a Class 11

15   GRS pension claim?

16         MR. SWANSON:  Yes, Your Honor.

17         THE COURT:  All right.  Thank you, Mr. Brown.

18         MR. BROWN:  Can I say something, Your Honor?

19         THE COURT:  Yes.

20         MR. BROWN:  I don't have any information on the

21   original filings.  It was -- I think under a class action, but

22   with my union or something.

23         THE COURT:  I don't know what you're talking about,

24   Mr. Brown, but it's not a matter that's up for hearing today.

25   The only thing that's left of your claims that the city has

1   objected to as I understand it is the claim -- your other

2   claim.  It's -- which is being adjourned for hearing to be

3   held June 15.  That is claim number 2997 for $750.00.  That's

4   being adjourned.  And the order that Mr. Swanson gave you a

5   copy of earlier is the order that adjourns the hearing on that

6   to June 15th and it sets out procedures regarding that claim

7   along with the others.  So read that order and that hopefully

8   will answer your questions.

9           MR. BROWN:  Okay.

10          THE COURT:  Anyway, thank you.

11          MR. BROWN:  Okay.  Thank you.

12          THE COURT:  So Mr. Swanson, back to the thirty-sixth

13  omnibus objection.  That deals with everything then, is that

14  correct?

15          MR. SWANSON:  That's correct, Your Honor.

16          THE COURT:  With respect to all of the other claims

17  that are the subject of that objection that were not -- that

18  -- which have not been adjourned by the prior order that we

19  haven't talked about today you're asking for an order

20  sustaining the city's objection to the claim.

21          MR. SWANSON:  Yes, Your Honor.

22          THE COURT:  And that will be granted.  There was no

23  timely response filed by the other creditors with respect to

24  the city's objection and it will be -- and it will be

25  sustained.  So you'll prepare a proposed order reflecting all

1  of this regarding the thirty-sixth omnibus objection?

2          MR. SWANSON:  Yes, Your Honor.

3          THE COURT:  Thank you.

4          MR. SWANSON:  Your Honor, the next objection set for

5  hearing today is the thirty-seventh omnibus objection.  If the

6  Court would like, I can read the names of the individuals who

7  filed responses to the thirty-seventh omnibus objection whose

8  hearing will be adjourned to June 15th.

9          THE COURT:  One moment.  Yes, please do that.

10          MR. SWANSON:  Thank you, Your Honor.

11          THE COURT:  And again for the benefit of those who

12  are present, Mr. Swanson is going to read the names of those

13  persons whose claims -- the hearing of which have been

14  adjourned to June 15th by the adjournment order that was

15  entered last week.  And if any of you are here when you hear

16  your name called, if you hear your name called, and you don't

17  have a copy of the Court's adjournment order filed April 7th

18  yet, Mr. Swanson can give you a copy.  Mr. Swanson, go ahead.

19  What are the names?

20          MR. SWANSON:  Sarah McCrary and Ronald Branam, Sr.

21          THE COURT:  And also Janice Clarke, is she also --

22          MR. SWANSON:  Janice Clarke, Your Honor, I believe

23  she was the thirty-sixth omnibus objection.

24          THE COURT:  Oh, she was.

25          MR. SWANSON:  Yeah.

1    THE COURT:  Oh, I see, you're right, you're right.

2  Okay.  All right.  So is Sarah McCrary present or is Ronald

3  Branam, Sr. present?  I hear nothing so those individuals

4  whose claims objections -- whose claims are being adjourned

5  are not here and I assume they got the word about the

6  adjournment and that's why they're not here.  So anyway, go

7  ahead.  What -- what next?

8    MR. SWANSON:  Your Honor, the sole remaining

9  response to the thirty-seventh omnibus objection was a letter

10  filed by Theresa Hall.  It was docketed by the Court as a

11  letter and not as a response.  And the city agrees with that

12  characterization.

13    Ms. Hall requested that any further correspondence be

14  sent to her address which is the same address that was listed

15  on the proof of claim and the same address that the

16  thirty-seventh omnibus objection was mailed to.  The letter

17  does not reply to the objection nor does it provide any

18  additional documentation.  Consequently the city asks that the

19  letter be overruled.

20    THE COURT:  Is Theresa Hall present or is anyone

21  here on behalf of Theresa Hall?  I hear nothing.  Ms. Hall has

22  not appeared at today's hearing.  Based on that, as well as

23  based on the fact that Ms. Hall did not file a timely response

24  to the claim objection in the thirty-seventh omnibus claim

25  objection which provided any documentation regarding her claim

1  at issue or was otherwise responsive to the substance of the

2  city's objection to claim, the city's objection to her claim

3  will be sustained as part of the order to be entered on the

4  thirty-seventh omnibus objection to claims.

5      So Mr. Swanson, you'll include that in the order you're

6  going to prepare on the thirty-seventh omnibus objection and

7  you're also going to include in the order a provision

8  sustaining the objection to all the other claims that have not

9  been adjourned.

10      MR. SWANSON:  Certainly, Your Honor.  One question.

11      THE COURT:  And I'll grant that.  Yes.

12      MR. SWANSON:  Thank you.  One question for the

13  Court.  When the Court stated that it would like us to --

14  would it like us to specifically address the letter filed by

15  Ms. Hall?  We have a provision in the order which says all

16  responses have been overruled.

17      THE COURT:  I would like you to mention her

18  specifically in the order.

19      MR. SWANSON:  Okay.

20      THE COURT:  So when she receives the order she'll

21  understand what happened specifically regarding her claim.

22      MR. SWANSON:  Certainly.

23      THE COURT:  So just do a little separate provision

24  regarding her, please.

25      MR. SWANSON:  Thank you.  And -- and we'll address

1   the responses to the thirty-sixth in the same manner.

2          THE COURT:  That's fine.

3          MR. SWANSON:  Thank you.  Your Honor, the last

4   omnibus objection set for hearing today is the thirty-eighth

5   omnibus objection.

6       These are tax refund claims not subject to the claims

7   process on this bankruptcy case.  Your Honor, on October 22nd,

8   the city filed its eighth amended plan.  That plan was

9   confirmed on November 12th.

10      With respect to tax refund claims, the plan provides that

11  from and after the effective date, the city will continue to

12  administer either directly or through a third party administer

13  and pay all valid claims for income tax refunds and property

14  tax refunds for which the city is responsible under applicable

15  law regardless of when the applicable right to a refund arose

16  in accordance with the city's pre-petition practices and

17  procedures.  The city expressly reserves the right to

18  challenge the validity of any claim for an income tax refund

19  or a property tax refund.

20      Thus tax refund claims are not subject to the claims

21  process in this bankruptcy case because they are to be

22  administered by the city in accordance with the city's

23  pre-petition practices and procedures.  We received --

24          THE COURT:  It's fair to say, isn't it, Mr. Swanson,

25  that such tax refund claims are not adversely affected or

1  impaired in any way by the confirmed Chapter 9 plan.

2          MR. SWANSON:  That is correct, Your Honor, yeah.

3          THE COURT:  And partly for that reason there is no

4  need for creditors to file tax refund claims as proofs of

5  claim in the bankruptcy case.

6          MR. SWANSON:  That's correct, Your Honor.

7          THE COURT:  All right.  Go on.

8          MR. SWANSON:  Your Honor, the city received two

9  responses to the thirty-eighth omnibus objection.  The first

10 was a response by Eric Heckmann at docket number 11013.  The

11 second was a response by Dianne Thomas at docket 11037.

12     Your Honor, both claimants assert that they are entitled

13 to a tax refund due to the alleged over payment of property

14 taxes.  As such both claims -- as such the claims of both

15 claimants fall squarely within the provision of the plan that

16 I just quoted.  And both responses should thus be overruled

17 and the claims disallowed for purposes of this bankruptcy

18 case.  Thank you.

19         THE COURT:  All right.  Is Eric Heckmann present, or

20 is there anyone here on behalf of Eric Heckmann?  I hear

21 nothing.  Is Dianne Thomas present?  Ms. Thomas, please come

22 on up.

23         MS. THOMAS:  Good morning.

24         THE COURT:  Good morning, Ms. Thomas.  For the

25 record you are Dianne Thomas?

1          MS. THOMAS:  Yes, I am.

2          THE COURT:  All right.  Good morning.  Ms. Thomas,

3   you've heard -- I hope -- hope you heard what Mr. Swanson has

4   just said in the hearing and what I've said about this

5   thirty-eighth omnibus objection to claims and about your

6   response.  But what would you like to say about this?

7          MS. THOMAS:  Well, Your Honor, I received my first

8   tax bill from the city sometime in 2008 in response to a

9   millage for garbage and trash pickup in the city to, you know,

10  increase the effectiveness and the millage was passed.  And

11  the city sent me my first bill and I paid it.

12         And they continued to send two bills a year against the

13  spring and winter bill.  And I continued to write the checks

14  myself, but at the same time, and I didn't find this out until

15  year four, my mortgage company was also sending that same

16  amount to the city.  So they were receiving that double

17  supplementary amount for four and a half years.  And I just

18  only discovered it when I was talking to an office in Lansing

19  about my property.

20         And then they were the ones that told me that I had been

21  double billed.  So I -- in my mind this should have been

22  something that they should have caught if not immediately, at

23  least after year one or year two and I shouldn't even be

24  caught up in this bankruptcy proceeding.

25         It's just $1,517.  It's not a lot but it's meaningful to

1   me.  I'm retired and I did the right thing by the city, but

2   the city did not do the right thing by me because they

3   evidently were not efficient or effective in keeping good

4   books as far as, you know, the property taxes were concerned.

5   So I just really do think that I am entitled to this amount

6   and I -- I should never have been caught up as a creditor.

7           THE COURT:  All right.  Well, Ms. Thomas, the -- the

8   point of the city's objection is in effect that you have not

9   been caught up.  And were not intended to be caught up and in

10  fact were not caught up as you -- as you put it in the city's

11  bankruptcy case with respect to this -- this tax refund claim

12  that you've made.

13      That claim is not adversely affected, it's not impaired

14  in any way by the city's bankruptcy case or anything that's

15  happened in the city's bankruptcy case.  The confirmed plan,

16  Chapter 9 plan in the city's bankruptcy case has a provision

17  that makes that clear.  That is that the city would continue

18  to administer and pay all claims, valid claims for income tax

19  refunds and property tax refunds and regardless of when the

20  right to a refund accrued.

21      And so there's nothing in the plan that limits your

22  claim, or proposes a specific treatment of your claim other

23  than to say it will be administered and paid according to law

24  essentially as if no bankruptcy had been filed.  That's the

25  idea.

1    And so the purpose of the city's objection to -- to your

2   claim here in the thirty-eighth omnibus objection as with the

3   other tax refund claims is, to make clear that these claims

4   are not being allowed and treated in the bankruptcy case under

5   the terms of the confirmed plan.  But rather are treated

6   separately outside of the bankruptcy case entirely.

7    Now that -- that objection is going to be sustained

8   because that's an -- that's accurate.  Your claim -- you did

9   not need to file a proof of claim in the bankruptcy case and

10   your proof of claim in the bankruptcy case is not going to

11   result in any payment or other result with respect to your tax

12   refund claim.

13    That's going to be dealt with entirely outside the

14   bankruptcy process.  So if you believe you have a claim and

15   that claim has not been paid the way it should have been, or

16   should have been paid a long time ago, whatever the case may

17   be regarding this tax refund claim you have, you need to

18   pursue that outside the bankruptcy case by whatever other

19   non-bankruptcy procedures and means and litigation if

20   necessary that you need to pursue.

21    And I understand you -- you may be -- since you don't

22   have an attorney and the amount at stake is not so large that

23   it -- it might be worthwhile getting an attorney --

24        MS. THOMAS:  Right.

25        THE COURT:  -- pursuing, but it's not a matter for

1  the Bankruptcy Court or the bankruptcy case.  That's the point

2  of the city's objection and I agree with them on that.  So

3  this Court is not going to either help or hinder you in

4  pursuing that claim and the city's objection to your claim --

5  to your claim will be sustained for the reasons that the city

6  has described and that I've described.

7      So, thank you.  With respect to Eric Heckmann who did not

8  appear today, the city's objection to his claim will be

9  sustained as well on the merits and because of Mr. Heckmann's

10 failure to appear.

11     So Mr. Swanson, the thirty-eighth omnibus objection will

12 be sustained in -- in its entirety.  And you'll prepare an

13 order -- submit an order reflecting that.

14         MR. SWANSON:  Yes, Your Honor.

15         THE COURT:  All right.  That concludes matters for

16 today doesn't it?

17         MR. SWANSON:  Yes, it does, Your Honor.

18         THE COURT:  All right.  Thank you.

19         MR. SWANSON:  Thank you.

20         THE CLERK:  All rise.  Court is adjourned.

21     (Court Adjourned at 11:41 a.m.)

22

23

24

25

1

2

3

4

5

6

7   We certify that the foregoing is a correct transcript from the

8   electronic sound recording of the proceedings in the

9   above-entitled matter.

10

11  /s/Deborah L. Kremlick, CER-4872          Dated: 5-2-16
    Jamie Laskaska

12

13

14

15

16

17

18

19

20

21

22

23

24

25