# EXHIBIT 1

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SUMMIT MEDICAL GROUP, PLLC
and SUMMIT PHYSICIANS GROUP, PLLC,
(Sheila Williams)

    Plaintiffs,

v.

CITY OF DETROIT,

    Defendant.

Case No. 14-    -NF
Hon. Patricia Fresard

14-010025-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
8/4/2014 3:16:56 PM
CATHY M. GARRETT

_____

HAAS & GOLDSTEIN, PC
JUSTIN HAAS (P53153)
Attorney for Plaintiffs
31275 Northwestern Hwy, Ste. 225
Farmington Hills, MI 48334
(248) 702-6550
(248) 538-9044 Fax
_____/

THIS IS TO CERTIFY THAT ANOTHER CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT HAD HERETOFORE BEEN COMMENCED IN THIS COURT AND WAS PENDING BEFORE JUDGE PATRICIA FRESARD AND WAS ASSIGNED CASE #13-006227-NF.

    *By: /s/JUSTIN HAAS*
    JUSTIN HAAS (P53153)

## COMPLAINT

NOW COMES Plaintiff by and through its attorneys, HAAS & GOLDSTEIN, P.C., and for its cause of action against Defendant, hereby says as follows:

1. Plaintiff, SUMMIT MEDICAL GROUP, PLLC, is a corporation licensed to conduct business under the laws of the State of Michigan and at all times pertinent herein was conducting business in the State of Michigan.

2. Plaintiff, SUMMIT PHYSICIANS GROUP, PLLC, is a corporation licensed to conduct business under the laws of the State of Michigan and at all times pertinent herein was conducting business in the State of Michigan.

3. Defendant is a governmental entity, duly organized and existing under the laws of the State of Michigan and conducting business in the County of Wayne, State of Michigan.

4. On May 10, 2012, Sheila Williams, (hereinafter "the injured party") sustained accidental bodily injuries within the meaning of the statutory provisions of MCL 500.3105.

5. Defendant is first in order of priority to pay for the injured party's claim for no fault personal protection insurance benefits in accordance with Chapter 31 of the Michigan Insurance Code, more commonly known as the "no-fault insurance law."

6. Defendant assigned claim number A32950-002704 to the injured party's claim.

7. Defendant became obligated to pay for certain expenses incurred for reasonably necessary products and services rendered for the injured party's care, recovery or rehabilitation from August 4, 2013 to the present and into the future as a result of the injured party's sustained accidental bodily injuries arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.

8. Plaintiffs timely submitted billings to Defendant for medical services that were rendered to the injured party from August 4, 2013 to the present and into the future and that were reasonably necessary for the care, recovery or rehabilitation of the

2

13-53846-tjt    Doc 11142-1    Filed 05/03/16    Entered 05/03/16 16:44:29    Page 3 of 5

injured party for her injuries.

9. Plaintiffs also submitted to Defendant supporting medical records and all other documentation and forms necessary for Defendant to determine the reasonableness, necessity and amount of the medical services rendered to the injured party.

10. Defendant was provided reasonable proof of the fact and of the amount of losses sustained and charges incurred.

11. To date, Defendant has unreasonably refused and/or delayed in making payment to Plaintiffs for the medical services rendered.

12. Pursuant to MCL 500.3157, Plaintiffs are entitled to recover the outstanding balances for the medical services rendered to the injured party from Defendant.

13. Plaintiffs have requested payment from Defendant for the amount of the bills due and owing and Defendant has refused and/or neglected to pay them.

14. Plaintiffs are entitled to reasonable and actual attorney fees incurred in this action pursuant to MCL 500.3148.

15. Plaintiffs are also entitled to costs and interest pursuant to MCL 500.3142 for the overdue bills that have not been paid by Defendant within 30 days after Defendant received reasonable proof of the fact and of the amount of loss sustained.

WHEREFORE, Plaintiffs claim as damages against Defendant in a sum more than Twenty Five Thousand ($25,000) Dollars, which the triers of fact deem reasonable, plus costs, attorney fees and interest most wrongly sustained.

Respectfully submitted,

                              */s/ JUSTIN HAAS*
                              HAAS & GOLDSTEIN, PC
                              JUSTIN HAAS (P53153)
                              Attorney for Plaintiffs
                              31275 Northwestern Highway, Ste 225
                              Farmington Hills, MI 48334
                              (248) 702-6550

Dated: August 4, 2014