UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
IN RE:  CITY OF DETROIT,      .      Docket No. 13-53846
        MICHIGAN,             .
                              .      Detroit, Michigan
                              .      April 27, 2016
                  Debtor.     .      11:14 a.m.
. . . . . . . . . . . . . . .
```

FURTHER HEARING RE. THIRTY-SIXTH OMNIBUS OBJECTION
TO CERTAIN CLAIMS
BEFORE THE HONORABLE THOMAS J. TUCKER
UNITED STATES BANKRUPTCY COURT JUDGE


APPEARANCES:

```
For the City of     Miller, Canfield, Paddock & Stone
Detroit:            By:  MARC SWANSON
                    150 West Jefferson
                    Detroit, MI  48226
                    (313) 496-7591


Court Recorder:     Jamie Laskaska
                    United States Bankruptcy Court
                    211 West Fort Street
                    21st Floor
                    Detroit, MI  48226-3211
                    (313) 234-0068


Transcribed By:     Lois Garrett
                    1290 West Barnes Road
                    Leslie, MI  49251
                    (517) 676-5092
```

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

1    THE CLERK: All rise. This court is now in session.

2 The Honorable Thomas J. Tucker is presiding. You may be

3 seated. The Court calls the case of the City of Detroit,

4 Michigan, Case Number 13-53846.

5    THE COURT: All right. Good morning.

6    MR. SWANSON: Good morning, your Honor. Marc

7 Swanson of Miller, Canfield, Paddock & Stone here on behalf

8 of the City of Detroit.

9    THE COURT: All right. Good morning. Mr. Swanson,

10 this, as you know, was scheduled for 11 o'clock today, a

11 further hearing regarding the city's objection to Claim 3292

12 of Cheryl Minniefield which is part of the debtor's thirty-

13 sixth omnibus objection to certain claims. I reviewed the --

14 after the April 13 hearing, each side was permitted to file

15 supplemental materials regarding this objection to claim. I

16 have reviewed the materials that have been filed both by Ms.

17 Minniefield and then by the city on this since then, and, of

18 course, today is the date for further hearing. I don't see

19 Ms. Minniefield here. Do you know why she's not here?

20    MR. SWANSON: I do not.

21    THE COURT: Well, she certainly knew what the

22 further hearing date would be. She was in court on April 13

23 when I set that date. Of course, the order setting the date

24 and the deadlines, which she did respond to by filing

25 supplemental materials, also provided the date. We've not

1    heard any reason why or any word from Ms. Minniefield, any

2    reason why she would not be or could not be here today, so

3    we'll proceed without her.  I will say, though, that her

4    failure to appear today, in my view, is a waiver and

5    abandonment of her opposition to the city's objection to her

6    Claim Number 3292, but what do you want to say about it?

7            MR. SWANSON:  Your Honor, the city would rely on the

8    reply that it filed on April 22nd at Docket 11121.  Ms.

9    Minniefield filed a grievance with respect to her termination

10   from the water department.  That grievance was denied.  There

11   was a very lengthy hearing that occurred over the course of

12   several months.  As I've mentioned, there was a lengthy

13   opinion issued, upheld the grievance, and pursuant to the

14   city's manual of standard personnel practice, the city denied

15   Ms. Minniefield her accumulated vacation time.  Accumulated

16   vacation time is the asserted basis in Claim 3292.

17   Consequently, 3292 should be disallowed and expunged.

18           THE COURT:  The proof of claim filed by Ms.

19   Minniefield, Claim Number 3292, a copy of which is attached

20   to your response -- pardon me -- the response you filed

21   regarding her claim on April 8 at Docket 11062, as the basis

22   for the claim, Ms. Minniefield there refers to, quote,

23   "unpaid time bank, i.e., vacation/swing holiday."  Is it your

24   view that this reference to swing holiday is also covered by

25   the manual that you referred to and what it says about

1  vacation time?

2          MR. SWANSON:  Yes, your Honor.

3          THE COURT:  All right.  Anything else you'd like to

4  say?

5          MR. SWANSON:  No, your Honor.

6          THE COURT:  The city's objection to the claim of

7  Cheryl Minniefield, Claim Number -- and this is limited to

8  Claim Number 3292 of the three claims that Ms. Minniefield

9  has filed, which was part of the thirty-Sixth omnibus

10  objection to certain claims filed by the city and which the

11  Court heard most recently on April 13, the city's objection

12  to that claim will be sustained on the merits; that is, the

13  merits being that the -- Ms. Minniefield was discharged for

14  cause.  And under the city's applicable manual of standard

15  personnel practices, excerpts of which are attached to the

16  city's response filed at Docket Number 11121, as referred to

17  in the city's response, give discretion to the department

18  head, the equitable department head, to deny payment for any

19  accrued vacation time for an employee discharged for cause,

20  so for those reasons, the objection to claim will be

21  sustained.  Mr. Swanson, I'll ask you to prepare an order and

22  submit that order, and I'll waive presentment of it.

23          MR. SWANSON:  Thank you, your Honor.

24          THE COURT:  Thank you.

25      (Proceedings concluded at 11:19 a.m.)

INDEX

<u>WITNESSES:</u>

    None

<u>EXHIBITS:</u>

    None

       I certify that the foregoing is a correct transcript from the sound recording of the proceedings in the above-entitled matter.

/s/ Lois Garrett          May 9, 2016
_____     _____
Lois Garrett