# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND THE BAR DATE ORDER AGAINST RODRICK SINER

The City of Detroit, Michigan ("City"), by its undersigned counsel, files its Motion for the Entry of an Order Enforcing the Plan of Adjustment Injunction and Bar Date Order Against Rodrick Siner ("Motion"). In support of this Motion, the City respectfully states as follows:

## I.     Introduction

1.     On October 8, 2015, Rodrick Siner ("Siner") filed a lawsuit in the United States District Court for the Eastern District of Michigan, against the City seeking monetary damages on account of a pre-petition claim (Case No. 2:15-cv-13532) ("District Court Lawsuit"). The filing and prosecution of the District Court Lawsuit violates both the Bar Date Order (as defined in paragraph 4 below) and the injunction set forth in the confirmed Plan (as defined in paragraph 7 below). Consequently, the City seeks an order barring and permanently enjoining Siner from asserting and prosecuting the claims described in the District Court Lawsuit against the City or property of the City.

## II. Background

### A. The City's Bankruptcy Case

2. On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3. On October 10, 2013, the City filed its Motion Pursuant to Section 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof ("Bar Date Motion"). [Doc. No. 1146].

4. On November 21, 2013, this Court entered an order approving the Bar Date Motion ("Bar Date Order"). [Doc. No. 1782]. The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City. Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

5. Paragraph 22 of the Bar Date Order also provided that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date,**

**shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

6.     In accordance with the Bar Date Order, notice of the General Bar Date was published in the Detroit News, the Detroit Free Press, USA Today and the Wall Street Journal.  [Doc. Nos. 3007, 3008, 3009].

7.     On October 22, 2014, the City filed its Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014) ("Plan").  [Doc. No. 8045].

8.     On November 12, 2014, this Court entered an order confirming the Plan ("Confirmation Order").  [Doc. No. 8272].

9.     The discharge provision in the Plan provides

Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date.  Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, discharge the City from all Claims or

other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (ii) the Holder of a Claim based on such debt has accepted the Plan.

Plan, Art. III.D.4.

10.    The Plan injunction set forth in Article III.D.5 also provides in

pertinent part:

> **Injunction**
>
> **On the Effective Date, except as otherwise provided herein or in the Confirmation Order,**
>
> **a.    all Entities that have been, are or may be holders of Claims against the City…shall be permanently enjoined from taking any of the following actions against or affecting the City or its property…**
>
> **1.    commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affect the City of its property…**
>
> **5.    proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan or the settlements set forth herein to the extent such settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and**
>
> **6.    taking any actions to interfere with the implementation or consummation of the Plan.**

Plan, Article III.D.5 (emphasis supplied).

11.     The Court retained jurisdiction to enforce the Plan injunction and to resolve any suits that may arise in connection with the consummation, interpretation or enforcement of the Plan.  Plan, Art. VII. F, G, I.

**B.      Siner Files a Complaint in District Court in 2015 Based on an Alleged Civil Rights Violation in 2010**

12.     On October 8, 2015, Siner filed a complaint, pro se, ("Complaint"), initiating the District Court Lawsuit against the City and four John Doe police officers in their individual and official capacity.  The Complaint is attached as Exhibit 6A.

13.     In the Complaint, Siner alleges he suffered a violation of his Constitutional rights related to filing of an arrest warrant by the Detroit Police Department on April 13, 2010 on criminal charges that were later dismissed. Complaint §§ II-III.

14.     The City has appeared in the District Court Lawsuit and has filed an answer to the Complaint. *See* Exhibits 6B and 6C.

## III.    Argument

15.     Siner violated the Plan injunction and discharge provisions when he filed the District Court Lawsuit asserting his claims against the City and the John Doe officers in their official capacity.  Pursuant to the Plan, Siner's claims against the City and the John Doe officers in their official capacity are discharged and he is

enjoined from, among other things, commencing any action against the City or the John Doe officers with respect to those claims. Plan, Art. III.D.4; Plan, Art. III.D.5.

16. Siner is also barred, estopped and enjoined from asserting any claim against the City or property of the City under the Bar Date Order because he did not file a proof of claim. Bar Date Order ¶ 22. Consequently, this Court should enter an order requiring the dismissal with prejudice Siner's claims against the City and the John Doe officers in their official capacity.

## IV. Conclusion

17. The City respectfully requests that this Court enter an order in substantially the same form as the one attached as Exhibit 1, (a) granting the Motion; (b) requiring Siner to dismiss, or cause to be dismissed, with prejudice his claims against the City and the John Doe officers in their official capacity in the District Court Lawsuit; and (d) permanently barring, estopping and enjoining Siner from asserting any claims described in the District Court Lawsuit, or the alleged conduct forming the basis of the District Court Lawsuit, against the City or property of the City or the John Doe officers in their official capacity. The City sought, but did not obtain, concurrence to the relief sought in the Motion.

DATED: May 11, 2016                     Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan  48226
    Telephone: (313) 237-5037
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov


    ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT LIST

Exhibit 1      Proposed Order

Exhibit 2      Notice

Exhibit 3      None

Exhibit 4      Certificate of Service

Exhibit 5      None

Exhibit 6A   Complaint

Exhibit 6B   City Appearance in Siner Case

Exhibit 6C   City's Answer to Complaint

## EXHIBIT 1 – PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## [PROPOSED] ORDER GRANTING CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND THE BAR DATE ORDER AGAINST RODRICK SINER

This matter, having come before the court on the City of Motion for the Entry of an Order Enforcing the Plan of Adjustment Injunction and Bar Date Order Against Rodrick Siner ("Motion"), upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.     The Motion is granted.

2.     Within five days of the entry of this Order, Rodrick Siner shall dismiss, or cause to be dismissed, with prejudice his claims against the City of Detroit and the John Doe officers in their official capacity in Case No. 2:15-cv-13532 filed with the United States District Court for the Eastern District of

Michigan and captioned *Rodrick Siner v. City of Detroit and John Doe* ("District Court Lawsuit").

3.  Rodrick Siner is permanently barred, estopped and enjoined from asserting any claims described in the District Court Lawsuit, or the alleged conduct forming the basis of the Lawsuit, against the City of Detroit or property of the City of Detroit, in the District Court Lawsuit or in any other action or proceeding.

4.  The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

## EXHIBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>City of Detroit, Michigan,<br><br>Debtor. | Bankruptcy Case No. 13-53846<br><br>Honorable Thomas J. Tucker<br><br>Chapter 9 |

**NOTICE OF OPPORTUNITY TO RESPOND TO CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND THE BAR DATE ORDER AGAINST RODRICK SINER**

The City of Detroit has filed its Motion for the Entry of an Order Enforcing the Plan of Adjustment Injunction and Bar Date Order Against Rodrick Siner

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the City of Detroit's Motion for the Entry of an Order Enforcing the Plan of Adjustment Injunction and Bar Date Order Against Rodrick Siner, within 14 days, you or your attorney must:

1.    File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

---

[1]  Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated: May 11, 2016

**EXHIBIT 3 – NONE**

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 11, 2016 the foregoing City of Detroit's Motion for the Entry of an Order Enforcing the Plan of Adjustment Injunction and Bar Date Order Against Rodrick Siner was filed and served via the Court's electronic case filing and notice system and served upon the person listed below, via first class mail:

Rodrick Siner
215956
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749


DATED: May 11, 2016

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

# EXHIBIT 5 – NONE

# EXHIBIT 6A – COMPLAINT

# UNITED STATES DISTRICT COURT

for the

Eastern District of Michigan

| | | |
|---|---|---|
| Rodrick Siner, | ) | |
| | ) | |
| | ) | |
| *Plaintiff,* | ) | Civil Action No.  15-13532 |
| | ) | |
| v. | ) | |
| | ) | Hon.  Gershwin A. Drain |
| Detroit, City of, et al, | ) | |
| | ) | |
| *Defendant.* | ) | |

## SUMMONS IN A CIVIL ACTION

To:  **Detroit, City of,
One Woodward Avenue
Detroit, MI  48226**

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default may be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

*DAVID J. WEAVER, CLERK OF COURT*

By: _____

  *Signature of Clerk or Deputy Clerk*

Date of Issuance: _____

# Summons and Complaint Return of Service

Case No.    15-13532

Hon.    Gershwin A. Drain

A copy of the Summons and Complaint has been served in the manner indicated below:

Name of Party Served:    Detroit, City of

Date of Service:    _____

## Method of Service

____  Personally served at this address:

_____
_____
_____

____  Left copies at the usual place of abode with (name of person):

_____
_____
_____

____  Other (specify):

_____
_____
_____

____  Returned unexecuted (reason):

_____
_____
_____

## Service Fees:    Travel $_____    Service $_____    Total $_____

## Declaration of Server

I declare under the penalty of perjury that the information contained in this Return of Service is true and correct.

Name of Server:    _____

Signature of Server:    _____

Date:    _____

Server's Address:    _____
_____
_____



MIED (Rev. 03/11) Prisoner Civil Rights Complaint

| Official Use Only | | |
|---|---|---|
| Case Number | Judge | Magistrate Judge |
| | | |

Case:2:15-cv-13532
Judge: Drain, Gershwin A.
MJ: Majzoub, Mona K.
Filed: 10-08-2015 At 09:43 AM
PRIS SINER V. CITY OF DETROIT (DA)

# PRISONER CIVIL RIGHTS COMPLAINT

*This form is for use by state prisoners filing under 42 U.S.C. § 1983 and federal prisoners filing pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).*

## Plaintiff's Information

| Name  215956 Rodrick Siner /A.K.A. Robert Whitman | | Prisoner No. 215956 |
|---|---|---|
| **Place of Confinement**  Kilby Correctional Facility | | |

| Street P.O. BOX 150 | City Mt. Meigs | State AL | Zip Code 36057 |
|---|---|---|---|

| Are there additional plaintiffs? ☑ Yes   ☐ No | | | |

*If yes, any additional plaintiffs to this action should be listed on a separate 8½" x 11" sheet of paper and securely attached to the back of this complaint. You must provide names, prisoner numbers and addresses for all plaintiffs.*

## Defendant's Information

| Name City of Detroit | Position Municipal |
|---|---|

| Street/P.O. Box 2 Woodward Ave. | City Detroit | State MI | Zip Code 48226 |
|---|---|---|---|

| Are you suing this defendant in his/her: ☐ Personal Capacity   ☐ Official Capacity   ☑ Both Capacities |
|---|

| Are you suing more than one defendant? ☑ Yes   ☐ No |
|---|

*If yes, any additional defendants to this action should be listed on a separate 8½" x 11" sheet of paper and securely attached to the back of this complaint. You must provide their names, positions, current addresses and the capacity (personal, official or both) in which you are suing them.*

1

MIED (Rev. 03/11) Prisoner Civil Rights Complaint

## I. PREVIOUS LAWSUITS

Have you filed any other lawsuits in state or federal court relating to your imprisonment?

☐ Yes        ☑ No

If "Yes," complete the following section. If "No," proceed to Part II.

Please list all prior civil actions or appeals that you have filed in federal court while you have been incarcerated.

| |
|---|
| **Docket or Case Number:** |
| **Name of Court:** |
| **Parties (Caption or Name of Case):** |
| **Disposition:** |

| |
|---|
| **Docket or Case Number:** |
| **Name of Court:** |
| **Parties (Caption or Name of Case):** |
| **Disposition:** |

| |
|---|
| **Docket or Case Number:** |
| **Name of Court:** |
| **Parties (Caption or Name of Case):** |
| **Disposition:** |

*Any additional civil actions should be listed on a separate sheet of 8½" x11" paper and securely attached to the back of this complaint.*

2

MIED (Rev. 03/11) Prisoner Civil Rights Complaint

## II.  STATEMENT OF FACTS

**State here, as briefly as possible, the facts of your case. Describe how each defendant is involved. Include the names of other people, dates and places involved in the incident. Do not give any legal arguments or cite any cases or statutes.**

On 4/13/2010 officer John Doe of the Detroit Police Department Eastern District, who name is currently unknown to the Plaintiff. Filed for an arrest warrant either Knowingly or in reckless disregard for the truth, causing the Plaintiff to be arrested for Assault with Intent to Murder, Weapons-Firearms-Possession by Felon, Assault with a Dangerous Weapon (Felonies Assault) and Weapons Felony Firearm, in case No. 12-007235-01-FC. When Officer John Doe filed for an arrest warrant, he was a person who was acting under color of state law.
(Continue attached)

## III.  STATEMENT OF CLAIMS

**State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific.  Set forth each claim in a separate paragraph.  If you intend to allege several related claims, number and set forth each claim on a separate 8½" x 11" sheet of paper and securely attach the papers to the back of this complaint.**

Claim (1) Violation of Fourth Amendment for Malicious Prosecution.
(a). A criminal prosecution was initiated against Plaintiff for Assault with Intent to Murder, Weapons Firearms - Possession by Felon, Assault with a Dangerous Weapon (Felonies Assault) and Weapons Felony Firearms. Which Detective John Doe Caused a warrant to be issued for the arrest of Plaintiff. Detective John Doe initiated, influence, or participated in the decision to prosecute Plaintiff.
(b) There was no probable cause to arrest the Plaintiff. There was no investigation of any crime scene or the alleged car that was allegedly involved in the crime. Detective John Doe, nor the Detroit Police Department Eastern District conduct a
( Continue attached)

## IV.  RELIEF

**State briefly and exactly what you want the Court to do for you.**

Order the Defendants to reimburse Plaintiff for bond fees 10% percent of $100,000 thousand dollars,

3

MIED (Rev. 03/11) Prisoner Civil Rights Complaint

$3,500 hundred dollars for attorney fees, and a additional 1,000,000 million dollars for defamation of character, emotional, mental and ~~my~~ Pyscological stress and damage and suffering, compensatory and punitive damages.

What ever other relief this court deems necessary.

**I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.**

Executed (signed) on ___9 - 28 - 2015___ (date).

___Rodrick Sims___
Signature of Plaintiff
(A.K.A. Robert Whitman #215956)

4

CONTINUE OF
STATEMENT OF FACTS

Plaintiff, who is on parole in the state of Alabama, and was residing in the state of Alabama at the time the complaint and warrant was filed for his arrest. Defendant John Doe contacted Plaintiff parole officer Rikard), and advised the parole officer about the complaint made against Plaintiff. When Plaintiff reported for his monthly visit with his parole officer, who advised Plaintiff about the complaint made against him in Detroit. Which was Plaintiff first time being aware of complaint. Plaintiff denied the allegations, and told his parole officer that he was not in Detroit at the time of the alleged complaint. Karen Rikard (Parole officer) gave Plaintiff the phone number of Detective John Doe, then told Plaintiff to contact the detective. Plaintiff parole officer warned him, that if the detective put out a warrant for his arrest, that she will have to violate Plaintiff's parole.

Plaintiff, contacted Detective John Doe,

(i)

who informed Plaintiff that a Rolando Farris had made a complaint against him, and advise plaintiff of the allegations contained in the complaint. Plaintiff denied the allegations contained in the complaint, and advise Detective John Doe that he was not even in Detroit, that Rolando Farris had filed a false report. Plaintiff informed the Detective John Doe, that Rolando Farris is his (Plaintiff's) cousin boyfriend. That Rolando Farris and Ebony Cunningham (Plaintiff's cousin), are angry with Plaintiff because he refuse to sign over his share of property that Plaintiff and Ebony inherent, giving Ebony full ownership. Because Ebony and Rolando have been living in the property, maintaining it, and paying the property taxes. Detective John Doe the stated.

> "That he was waiting on Rolando Farris to bring him the evidence to support the complaint, but it all sound like some bullshit, but if Rolando produce the evidence, he will be putting out a warrant for my arrest."

Detective John Doe let Rolando Farris fabricate his own evidence to support the

(2)

Complaint. Detective John Doe let Rolando Farris return said evidence to the Police Department on a later date. However, said evidence that Rolando Farris provided Detective John Doe, was from another crime scene and investigation that Rolando Farris was involved in, that happen in Savannah, Tennessee. Detective John Doe, or the Detroit Police Department Eastern District, did not conduct a independant investigation. Detective John Doe let Rolando Farris fabricate his own evidence with disregard for the truth and failure to adequately investigate, causing a warrant to be issued for the arrest of Plaintiff for the charges mention in this complaint, causing Plaintiff to be falsely arrested, false imprisonment, malicious prosecution, and defamation of character.

Detective John Doe who is a employee of the City of Detroit Police Department in which municipal custom, policy, and inadequacy of police training contribute to the deliberate indifference of federal rights of Plaintiff. Plaintiff attributes the

alleged failings of Detective John Doe to insufficient supervision and training. Defendants John Doe 2 (commander), John Doe 3 (Deputy chief), and John Doe 4 (chief of Police) acted in accordance with the City's custom, policy, and practice of (1) "not engaging in any systematic supervision or review of detectives or their investigations," and (2) "allowing detectives to investigate crimes, make arrest, prepare reports and to handle evidence without appropriate supervision. As a result, the Plaintiff was wrongfully arrested.

As of April 13, 2010, the city was not in full compliance with the Consent Judgment entered prior to the incidents giving rise to this claim. The Consent Judgment required that the Detroit Police Department 1) "revise it's arrest policies to define arrest and probable cause" in accordance with the Judgments; 2) review the merits of all arrests within a certain time after the arrest to ensure that there was probable cause to support it; and 3) provide annual training to officers on arrests which addresses, among other things, the

Fourth Amendment's requirements.

## CONTINUE OF
## STATEMENT OF CLAIMS

independant investigation into the alleged allegations contained in the complaint. Detective John Doe allowed Rolando Farris to fabricate his own evidence and return it to the police department on a later date, from when the allege incident was suppose to occurred. An independant investigation would have revealed that Rolando Farris was filing a false report, that said evidence he provided John Doe was from a prior incident under investigation that occurred in Savannah, Tennessee. That there was no probable cause to arrest Plaintiff. (c) As a consequence of a legal proceeding initiated by John Doe, Plaintiff was deprived of liberty and property. Plaintiff was arrested and held in the 9th Precinct, until he was arraigned on the charges, then transferred to Wayne County Jail and posted 10% percent

(5)

of a $100,000 thousand dollar bond. (d)The
Criminal proceedings was resolved in the
Plaintiff's favor. Prosecutor (shannon N.Walker)
abandon the charges on 10/04/2012 by
filing "Prosecution's Motion To Dismiss". Therefore,
the charges was Dismissed by the court
on 10/04/2012

Claim (2) Violation of 4th Amendment Right
to be Free From Unreasonable Seizures.

There was no probable cause to arrest
the Plaintiff. John Doe or Detroit Police
Department Eastern District never conducted
an independant investigation to establish
if there was probable cause for the
arrest of Plaintiff. Detective John Doe used
a false statement by (Rolando Farris) for a
finding of probable cause with reckless
disregard for the truth. Detective John
Doe allow Rolando Farris to fabricate his own
evidence, which Detective John Doe
used for a finding of probable
cause to arrest the plaintiff for the
charges listed in this complaint.

Claim (3) Violation of 4th Amendment to be Free From Unlawful Imprisonment.

Plaintiff was arrested for the crimes mention in this complaint, which he is innocent of. The arrest and imprisonment was instigated by defendant John Doe without legal justification.

Claim (4) Violation of 14th Amendment due process and Equal Protection of the Laws.

Plaintiff was not afforded due process and equal protection of the laws. When he was arrested without probable cause for the charges mention in this complaint. The arrest of Plaintiff abridge the privileges or immunities of Plaintiff afforded to him by the United States Constitution when he was falsely arrested, unlawfully imprisonment, malicious prosecution, and defamation of character in violation of his Fourth Amendment Rights.

Claim (5) Defamation of Character

The charges against Plaintiff were dismissed, however the charges continue to follow and affect the Plaintiff in a negative way. Plaintiff has to continue to defend himself and answer to the dismissed charges upon the running of a background check on Plaintiff. The dismissed charges were contained in Plaintiff's Presentence Investigation Report, Plaintiff was question about the dismissed charges at his parole hearing in Michigan and had to defend himself against the dismiss charges. Plaintiff will have to defend himself against the dismissed charges at his Parole Revocation Hearing on October 13, 2015 in Alabama, as they are alleged as a violation of his parole in Alabama, Charge No.5.

The charges will continue to follow Plaintiff and affect him. Because they are contain on file and upon the running of a background check they will show,

(8)

which may or will hender Plantiff from gaining certain employment opportunities. The dismissed charges casts a negative sterotype upon the Plantiff.

Plantiff requests a Jury Trial in this matter.

Defendant's Information

John Doe                (Position) Police Officer for
                                  the city of Detroit

(Address) 11187 Gratiot Ave.
          Detroit, Michigan 48213

(sueing this defendant in) both Capacities


Defendant's Information

John Doe #2 (Commander)     (Position) Commander of
                                       Police for Detroit
                                       City

(Address) 11187 Gratiot Ave
          Detroit, MI 48213

Defendant's Information

John Doe 3 (Deputy Chief)   (Position) Deputy Chief
for the City
of Detroit

(Address) 11187 Gratiot Ave
Detroit, MI 48213

(Suing this defendant in) both Capacities

Defendant's Information

John Doe 4 (Chief of Police)   (Position) Chief of Police
for the City
of Detroit

(Address) 11187 Gratiot Ave
Detroit, MI 48213

(Suing this defendant in) both Capacities

A.K.A. ROBERT W/HITMAN 215954
P.O. BOX 150
Mt. MEIGS, ALABAMA
36057

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
231 W. LAFAYETTE BLVD, FIFTH FLOOR
DETROIT, MICHIGAN
48226

RECEIVED
OCT 6, 2015
CLERK'S OFFICE
DETROIT

Montgomery Prok
TUE 29 SEP 2015

# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 15-13532 | Judge: Gershwin A. Drain | Magistrate Judge: Mona K. Majzoub |
|---|---|---|

| Name of 1st Listed Plaintiff/Petitioner: | Name of 1st Listed Defendant/Respondent: |
|---|---|
| RODRICK SINER AKA ROBERT ~~Whitman~~ *Whitman* | CITY OF DETROIT ET AL |
| **Inmate Number:** 215956 | **Additional Information:** |
| | DM NO IFP APP |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| | |
| **Correctional Facility:** | |
| KILBY CORRECTIONAL FACILITY<br>P.O. BOX 150<br>MT. MEIGS, AL 36057 | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

## PURSUANT TO LOCAL RULE 83.11

1. **Is this a case that has been previously dismissed?**
   ☐ Yes    ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes    ☒ No
   ➢ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

# EXHIBIT 6B – CITY APPEARANCE

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---

RODRICK SINER,

       Plaintiff,

v.

CITY OF DETROIT,
JOHN DOE, JOHN DOE,
JOHN DOE, and JOHN DOE,

       Defendants.

Case No. 2:15-cv-13532
Hon. Gershwin A. Drain
Mag. Mona K. Majzoub

---

## **APPEARANCE**

    Veronica R. Ibrahim enters her appearance on behalf of the Defendant, City of Detroit, in the above captioned case.

Respectfully Submitted By,


/s/ *Veronica Ibrahim*
VERONICA R. IBRAHIM (P79922)
City of Detroit Law Department
Attorneys for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, MI  48226
(313) 237-6667

Dated: March 17, 2016       ibrahimv@detroitmi.gov

**Certificate of Service**

I hereby certify that on **March 17, 2016,** I electronically filed the foregoing

papers with the Court Clerk using ECF system and served a copy by U.S. Mail,

addressed to Plaintiff in Pro Se at his last known address.


/s/ *Veronica Ibrahim*

# EXHIBIT 6C – CITY'S ANSWER TO COMPLAINT

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

RODRICK SINER,

        Plaintiff,

v.

        Case No. 2:15-cv-13532
        Hon. Gershwin A. Drain
        Mag. Mona K. Majzoub

CITY OF DETROIT,
JOHN DOE, JOHN DOE,
JOHN DOE, and JOHN DOE,

        Defendants.

Rodrick Siner
*In propria persona*
Prisoner No. 215956
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749

Veronica R. Ibrahim P-79922
City of Detroit Law Department
Attorneys for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-6667
ibrahimv@detroitmi.gov

## CITY OF DETROIT'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, City of Detroit, in answer to the complaint says:

## II.   STATEMENT OF FACTS

Defendant, City of Detroit, lacks knowledge or information sufficient to form a belief about the truth of the factual allegations contained in the corresponding paragraph.

1

## III.   STATEMENT OF CLAIMS

**Claim I      Violation of Fourth Amendment for Malicious Prosecution**

a.      Defendant, City of Detroit, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the corresponding paragraph.

b.      Defendant, City of Detroit, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the corresponding paragraph.

**Claim II     Violation of Fourth Amendment Right to be Free From Unreasonable Seizures.**

Defendant, City of Detroit, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the corresponding paragraph.

**Claim III    Violation of Fourth Amendment to be Free From Unlawful Imprisonment.**

Defendant, City of Detroit, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the corresponding paragraph.

**Claim IV    Violation of Fourteenth Amendment Due Process and Equal Protection of the Laws.**

Defendant, City of Detroit, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the corresponding paragraph.

**Claim V      Defamation of Character.**

Defendant, City of Detroit, lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in the corresponding paragraph.

2

To the extent that any other portion of Plaintiffs' complaint may be interpreted as a claim or allegation against Defendant, such claim or allegation is denied as untrue in the manner and form alleged.

**WHEREFORE**, Defendant requests that this Honorable Court dismiss the Plaintiff's complaint with prejudice and enter any other relief this court deems reasonable and appropriate.

## <u>AFFIRMATIVE DEFENSES</u>

Defendant, City of Detroit, states the following affirmative defenses.

1. Plaintiff's claims are barred by governmental immunity.

2. The plaintiff has failed to state a claim against defendant upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, by the lapsing of the applicable statute(s) of limitations.

4. Plaintiff's claims against the City of Detroit are stayed, discharged, enjoined or otherwise limited by the City of Detroit's bankruptcy case in the United States Bankruptcy Court for the Eastern District of Michigan, Case No. 13-53846 and the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit, and the bankruptcy court's Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit.

3

5.      The Adjusted Plan of Bankruptcy discharged all pre-petition claims against the City of Detroit whereas here, plaintiff failed to make a claim with the Bankruptcy court against the City.

6.      Plaintiff failed to mitigate his damages.

7.      Any injury suffered by the plaintiff was proximately caused by his own conduct and/or the conduct of third parties.

8.      Defendant City did not have or otherwise adopt any customs, policies and/or procedures which caused or otherwise were the moving force behind any constitutional violations alleged in plaintiff's complaint, nor did any such alleged customs, policies and/or procedures originate from a decision maker with final policy making authority.  Further, defendant did not ratify, accept and/otherwise condone any constitutional violations alleged in plaintiff's complaint.  Finally, defendant did not act with deliberate indifference as to known or obvious consequences with respect to the activities alleged in plaintiff's complaint and/or as to any constitutional violations, nor is there any widespread practice of constitutional violations and/or failure to take corrective action regarding the same.

9.      Governmental immunity and or qualified immunity renders defendants immune to plaintiff's claims.

10.      The arrest of the plaintiff was supported by probable cause, exigent

4

circumstances and/or a valid warrant.

11.   Plaintiff's malicious prosecution claim fails because there was probable cause

for plaintiff's arrest and prosecution.


Respectfully submitted By,


/s/ *Veronica Ibrahim*
VERONICA R. IBRAHIM P-79922
City of Detroit Law Department
Attorneys for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI  48226
(313) 237-6667
Dated: March 17, 2016          ibrahimv@detroitmi.gov

5

**<u>Certificate of Service</u>**

I hereby certify that on **March 17, 2016,** I electronically filed the foregoing Answer and Affirmative Defenses with the Court Clerk using ECF system and served a copy by U.S. Mail, addressed to Plaintiff at his last known address.

<u>/s/ *Veronica Ibrahim*</u>

6