# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DEBTOR'S FORTY-FIFTH OMNIBUS
## OBJECTION TO CERTAIN CLAIMS

### (No Basis)

> **THIS OBJECTION SEEKS TO MODIFY, DISALLOW AND/OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

The Debtor, the City of Detroit ("City"), by and through its undersigned counsel, files this objection ("Objection") requesting that the Court enter an order, substantially in the form attached as Exhibit 1, disallowing and expunging each of the claims identified on Exhibit 2 (the "Claims") because each such claim does not identify a valid basis for any liability of the City.  In support of this Objection, the City respectfully states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII, Section A of the Plan (defined below).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

- 1 -

## BACKGROUND FACTS

2.      On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court, commencing the largest Chapter 9 bankruptcy case in history.

3.      On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [Doc. No. 1782] ("Bar Date Order"), establishing deadlines to file certain proofs of claim in this case.  The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time ("Bar Date").

4.      On December 5, 2013, this Court held that the City was eligible for relief under Chapter 9 of the Bankruptcy Code.  *See Order for Relief Under Chapter 9 of the Bankruptcy Code*. [Doc. No. 1946].

5.      On July 9, 2014, this Court entered its *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* [Doc. No. 5872] ("Claims Procedures Order"), allowing the City to file omnibus objections with respect to claims that do not identify a valid basis for any liability of the City.  (Claim Procedures Order at 2.)

6.      On October 22, 2014, the *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* was filed [Doc. No. 8045] ("Plan").

7. On November 12, 2014, this Court entered an Order confirming the Plan [Doc. No. 8272]. The Plan became effective December 10, 2014.

8. On March 24, April 5, and April 7, 2016, the City filed *ex parte* motions to establish an orderly process for hearing and determining claims filed by individual Detroit employees (the "Employee Obligation Claim"). [Doc. Nos. 10931, 11050.] The Court granted these *ex parte* motions (collectively, the "Employee Obligation Claims Process Orders," Doc. Nos. 10941, 11035, 11054).

9. The Employee Obligation Claims Process Orders afforded the City the right to explain why the Employee Obligation Claims fail as a matter of law. On April 21, the *City of Detroit's Supplemental Brief in Support of Expungement or Disallowance of Claims of "Employee Obligation Claimants"* (the "Employee Claims Brief," Doc. No. 11102, attached as Exhibit 4 without exhibits[1]) was filed.

10. As explicated in the Employee Claims Brief, each Employee Obligation Claim is invalid because it was filed in response to lawful actions taken

---

[1] The full brief, with exhibits, is 375 pages long. A copy of the Employee Claims Brief with exhibits may be accessed free of charge on the City's bankruptcy web page, http://www.kccllc.net/detroit, by clicking on "Court Documents" and searching for Docket Number 11102, or by directly navigating to http://www.kccllc.net/detroit/document/1353846160421000000000002 in a web browser. Alternately, a paper copy of the Employee Claims Brief with exhibits will be mailed to any claimant who either makes the request in a timely-filed reply to this Objection or calls Robin Wysocki at (313) 496-7631.

26726173.3\022765-00213

by the City, meaning that there is no basis for the City to have any liability regarding the actions.[2]

11.     Because each Claim that is the subject of this 45th Omnibus Objection asserts an Employee Obligation Claim like those claims that are the subject of the Employee Claims brief, and for the reasons asserted in that Brief, each Claim should be disallowed and expunged because it does not identify a valid basis for any liability of the City.

## RELIEF REQUESTED

12.     The City files this Objection pursuant to the Bar Date Order, Section 502(b) of the Bankruptcy Code,[3] Rule 3007(c) of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules"), and the Claims Procedures Order, seeking an order disallowing and expunging each Claim because each Claim fails to identify a valid basis for any liability of the City.

13.     To the extent the Court does not expunge one or more of the Claims on that basis, the City reserves all of its rights to object, on the merits and on any other basis, to any of the Claims.

---

[2] Additionally, as discussed in the Employee Claims Brief, several unions have filed claims on behalf of their members. Any Claim filed by a claimant who belongs to one of these unions is duplicative of the union's claim because union is the lawful bargaining unit for each such individual.

[3] Section 502 of the Bankruptcy Code applies to Chapter 9 proceedings pursuant to Section 901(a) of the Bankruptcy Code.

26726173.3\022765-00213

## BASIS FOR RELIEF REQUESTED

14.     The City has reviewed the Claims and submits that, in each case, the Claim does not identify a valid basis for any liability of the City.

15.     The Declaration of Charles Raimi, Deputy Corporation Counsel, (the "Declaration") explains the process undertaken by the City and confirms that the Claims do not identify a valid basis for any liability of the City. *See Declaration of Charles Raimi*, attached hereto as Exhibit 3.

16.     The Claims Procedures Order and Bankruptcy Rule 3007(c) allow the City to file this Objection as an omnibus objection.  Specifically, Bankruptcy Rule 3007(c) authorizes the Court to allow for omnibus objections beyond those circumstances itemized in Bankruptcy Rule 3007(d), and the Claims Procedures Order expressly permits the City to file omnibus objections with respect to claims that do not identify a valid basis for any liability of the City.  (Claims Procedures Order at 2.)

17.     The Court has the authority to enter an order approving this Objection. Moreover, the streamlined process afforded by an omnibus objection (in lieu of individual objections to each of the Claims) will result in material costs savings that will inure to the benefit of the City.  Accordingly, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors.

26726173.3\022765-00213

18.     Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed as <u>Exhibit 1</u>, expunging and disallowing each of the Claims.  Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(c), the Court should grant the relief requested.

## **SEPARATE CONTESTED MATTERS**

19.     To the extent that a response is filed regarding any Claim listed in this Objection and the City is unable to resolve the response, each Claim, and the objection by the City to each Claim, should constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.    Any order entered by the Court regarding an objection asserted in this Objection should be deemed a separate order with respect to each such Claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, should constitute a final judgment with respect to such claim, and the Court should expressly determine that there is no just reason for delay of the entry of the final judgment with respect to such Claim.

20.     The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute, or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property

26726173.3\022765-00213

or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

21.     The City has provided notice of this Objection to each claimant identified on Exhibit 2 at the address set forth by each claimant on its respective proof of claim and to all other parties who have requested notice pursuant to Bankruptcy Rule 2002.   Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Objection need be given.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: May 12, 2016

Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 963-6420
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

        and

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan  48226
    Telephone: (313) 237-0470
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

### NOTICE OF DEBTOR'S FORTY-FIFTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

**(No Basis)**

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIM(S).**

**PLEASE TAKE NOTICE THAT** the City of Detroit ("City") has filed an objection to your claim because it does not identify a valid basis for any liability of the City ("Forty-Fifth Omnibus Objection") and, therefore, should be disallowed and expunged.

**YOUR CLAIM MAY BE REDUCED, MODIFIED OR ELIMINATED PURSUANT TO FEDERAL RULE OF BANKRUTPCY PROCEDURE 3007(e)(1) AND PRIOR ORDERS OF THIS COURT. YOU SHOULD CAREFULLY REVIEW EXHIBIT 2 OF THIS FORTY-FIFTH OMNIBUS OBJECTION TO FIND YOUR NAME AND CLAIM. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.**

If you do not want the court to eliminate or change your claim, or grant the relief requested in the Forty-Fifth Omnibus Objection, then on or before **June 8, 2016**, you or your lawyer must:

1.    File with the court, at the address below, a written response to the objection.  Unless a written response is filed and served by the date stated above, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

2.    A copy of your response must also be mailed to counsel for the City:

Marc N. Swanson
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson, Suite 2500
Detroit, MI 48226

3.    You must also attend the hearing on the objection scheduled to be held on **June 15, 2016, at 1:30 p.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 48226** unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the objection to your claim, in which event the hearing will be cancelled and the objection sustained.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
        Marc N. Swanson (P71149)
        150 West Jefferson, Suite 2500
        Detroit, Michigan 48226
        Telephone: (313) 963-6420
        Facsimile: (313) 496-8451
        swansonm@millercanfield.com

Dated:  May 12, 2016

- 2 -

# EXHIBIT 1: PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER GRANTING DEBTOR'S FORTY-FIFTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (No Basis)

Upon review of the forty-fifth objection to claims (the "<u>Objection</u>"),[1] of the Debtor, City of Detroit, Michigan (the "<u>City</u>"), seeking entry of an order disallowing and expunging each of the claims listed on Exhibit 2 to the Objection; and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

given; and a hearing on the Objection having been held before the Court; and any objections or other responses to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1. The Objection is sustained to the extent provided in this Order.

2. Each of the proofs of claim listed on <u>Exhibit</u> 2 annexed to the Objection is hereby disallowed and expunged in its entirety, pursuant to Section 502(b) of the Bankruptcy Code.

3. The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4. The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5. Each claim and the objections by the City to each claim as addressed in the Objection and set forth on Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed and constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to such claim, and the Court expressly determines that there is no just

reason for delay of the entry of the final judgment with respect to such claim. Any stay of this Order shall apply only to the contested matter that involves such creditor and for which such stay has been granted or may be in effect, and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby, and further provided that the City shall have the right, but not the need, to submit a separate order with respect to contested matters or claims.

6. The City retains all of its rights to object, on the merits or any other basis, to any of the claims identified on Exhibit 2.

7. Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

8. Nothing in this Order is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

26726173.3\022765-00213

# EXHIBIT 2: CLAIMS

Each claim below is objectionable because it asserts an employee obligation claim against the City, which does not provide a valid basis for City liability. Each page in this objection is pertinent to this ground for objection.

| Claim Number | Name | Claim Amount | Nature |
|---|---|---|---|
| 1820 | Nikole Howard-Whitsett | $8,824.92 | General Unsecured |
| 2295 | Onuigbo, Diane L | $60,805.40 | General Unsecured |
| 3477 | Patricia Trammell | $16,000.00 | Priority |
| 3123 | Phyllis McMillon | $33,971.13 | General Unsecured |
| 2323 | Randall Thomas | $39,997.10 | General Unsecured |
| 3154 | Ranna K. Trivedi | $27,437.00 | General Unsecured |
| 2482 | Renee Tillman | $21,685.14 | General Unsecured |
| 2909 | Rhonda Ervin | $600.00 | General Unsecured |
| 3145 | Robert Wells Jr | $20,163.60 | General Unsecured |
| 2408 | Roger Willingham JR. | $17,765.41 | General Unsecured |
| 2477 | Sadie M. Harrell | $14,055.90 | General Unsecured |
| 3190 | Sakinah Hanifa | $15,753.98 | General Unsecured |
| 3203 | Sandra R. ONeal | $56,685.84 | General Unsecured |
| 2951 | Sarah Louise Snow | UNLIQUIDATED | General Unsecured |
| 3117 | Sharon L Johnson | $19,566.55 | General Unsecured |
| 3251 | Sheila Pennington | $750.00 | General Unsecured |
| 2775 | Shirley J. Walker | $17,438.04 | General Unsecured |
| 3072 | Stephanie D. Crews | $40,032.67 | Priority |
| 2782 | Stephen C. Weaver | $3,000.00 | General Unsecured |
| 1478 | Stevie Freeman | UNLIQUIDATED | General Unsecured |
| 2837 | Tamika Roselle Dixon | $17,948.35 | General Unsecured |
| 3160 | Tarek Malek | $14,452.97 | General Unsecured |
| 2816 | Tashia Kelly | $11,787.90 | General Unsecured |
| 1792 | Teresa Pembroke-Brown | $40,298.06 | General Unsecured |
| 2395 | Terrence Watters | $16,351.64 | Secured |
| 1779 | Tina Lynn Sumner | $10,848.39 | General Unsecured |
| 3079 | Vivian S. Perry | $33,695.76 | General Unsecured |
| 3085 | Wanda Jackson | $37,294.90 | Priority |
| 3345 | Warren T. Duncan | $33,074.05 | General Unsecured |
| 3149 | Williams, Dionne L. | $6,651.00 | General Unsecured |
| 1769 | Yolanda Pippen | $6,758.79 | General Unsecured |
| 3143 | Yolanda Wyche | $500.00 | General Unsecured |
| 2624 | Yvonne Ross | $150.00 | General Unsecured |

## EXHIBIT 3: DECLARATION OF CHARLES RAIMI

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

### DECLARATION OF CHARLES RAIMI IN SUPPORT OF DEBTOR'S
### FORTY-FIFTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

**(No Basis)**

I, Charles Raimi, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am Deputy Corporation Counsel for the City of Detroit ("City"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2. The City's ongoing claims reconciliation process involves the collective effort of a team of employees assembled from personnel specifically familiar with the operations and liabilities of the City. This team works together and in conjunction with City's counsel, the City's financial advisor, and the City's claims agent, to review proofs of claim filed against the City.

- 1 -

3.    In connection with the preparation of the Forty-Fifth Omnibus Objection to Certain Claims (No Basis) (the "Forty-Fifth Omnibus Objection"), the City reviewed the claims at issue, as described on Exhibit 2 of the Forty-Forth Omnibus Objection (the "Claims").

4.    Each Claim has been asserted by an "Employee Obligation Claimant," as that term is described in the *City of Detroit's Supplemental Brief in Support of Expungement or Disallowance of Claims of "Employee Obligation Claimants,"* filed at Docket Number 11102 in the City's bankruptcy case (the "Supplemental Brief"). Thus, for the reasons asserted in the Supplemental Brief, the City believes that each Claim should be disallowed and expunged because it does not identify a valid basis for any liability of the City.

5.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: ___May 10___, 2016

By: /s/ _____
Charles Raimi

26726173.2\022765-00213

# EXHIBIT 4:  CITY OF DETROIT'S EMPLOYEE CLAIMS BRIEF

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

### CITY OF DETROIT'S SUPPLEMENTAL BRIEF IN SUPPORT OF EXPUNGEMENT OR DISALLOWANCE OF CLAIMS OF "EMPLOYEE OBLIGATION CLAIMANTS"

The City of Detroit, Michigan ("<u>City</u>"), by its undersigned counsel, hereby submits to this Honorable Court its Supplemental Brief for Entry of an Order expunging or disallowing the claims of certain current or former City of Detroit employees as further set out below.

### I.     INTRODUCTION

The City challenges the validity of 54 Proofs of Claim filed by individual City of Detroit employees - the majority of whom are Union members - who are claiming similar loss of wages and benefits resulting from actions uniformly taken by the City with respect to all its employees, union and non-union.  At various times, commencing July 27, 2012 and into 2013, the City, acting pursuant to a Financial Stability Agreement under 2011 PA 4, imposed the same reductions in economic and non-economic employment terms across the board on all employees. Additional reductions relating to pension and annuities were subsequently imposed on all City employees in 2013 by the City's then Emergency Manager while the

- 1 -

City was in receivership under the successor statute to Act 4, 2012 PA 436. Other concessionary terms were mediated during this bankruptcy.

As will be shown, the Proofs of Claim of these individual Employees are invalid as a matter of law because they arise out of lawful actions taken by the City. Both Act 4 and Act 436 conferred on the City the authority to impose terms and conditions because they suspended the City's duty to bargain with the unions who are the collective bargaining representatives of its employees. While many of the claims do not expressly reference Act 4 and Act 436 or the 2012 and 2013 events, the uniformity of the claimed losses allow for a more than reasonable inference that they arise out of the City's 2012 and 2013 imposition of terms.

These claims are also duplicative of and subsumed in omnibus Proofs of Claim filed by the American Federation of State and County Municipal Employees ("AFSCME") and the Detroit Coalition of Unions ("Coalition). The AFSCME and Coalition Claims are based on the same City actions and are brought on behalf of all their members including these individual employees. Both the individual and union Claims are for the same alleged loss of wages and benefits under the unilaterally imposed terms and conditions of employment. Under well-established principles of Michigan public sector labor law under the Public Employment Relations Act ("PERA"), the City must deal exclusively with the collective bargaining representatives of its individual employees. Employees collectively act

26507658.2\022765-00213

through unions in establishing terms and conditions of employment. Where reductions in previously bargained for employment terms are at issue, it is within the union's sole province – indeed their statutory duty - to pursue such claims, if any, against the employer. These labor law principles govern the union Claims; the duplicative Proofs of Claim by individual union members, claiming the same bargaining related losses, should not be permitted.

## II.    PROCEDURAL BACKGROUND

This matter is before the Court pursuant to the following Orders: the Court's *Order Granting City of Detroit's Ex Parte Motion for an Order (I) Adjourning Hearing on Certain Responses Filed to the City's Twentieth and Twenty-Eighth Through Thirty-Fourth Omnibus Objections to Claims, and (II) Establishing a Process for Hearing These Objections and Responses to Them*" (Docket # 10941, March 24, 2016); *Supplemental Order Regarding City Of Detroit's Ex Parte Motion For An Order (I) Adjourning Hearing On Certain Responses Filed To The City's Twentieth And Twenty-Eighth Through Thirty-Fourth Omnibus Objections To Claims, And (II) Establishing A Process For Hearing These Objections And Responses To Them* (Docket # 11035, April 5, 2016) and, the Court's *Order (I) Adjourning Hearing on Certain Responses Filed to the City's Thirty-Sixth and Thirty-Seventh Omnibus Objections to Claims, and (II) Assigning Them to Be*

*Heard and Resolved Under the Established Process for Hearing and Resolving Employee Obligation Claims*" (Docket # 11054, April 7, 2016).

The Orders referenced above were entered granting the City's *ex parte* motions (Docket # 10931, 11050) requesting that the City be afforded the opportunity to show that a number of claims filed by individual Detroit employees (the "Employee Obligation Claimants" ) fail as a matter of law.

Having received and reviewed the Responses from the Employee Obligation Claimants, the City's position remains that these Claims are subject to expungement or disallowance as a matter of law.

## III.   FACTUAL BACKGROUND

The City attaches as Exhibit 1 a chart setting forth the Employee Obligation Claimants who are the subject of this motion.  The Chart identifies the name and claim number of each claimant, a summary of the statements in the claim, and a summary of each Claimant's response to the Objections. The City has also added the union affiliation of the individuals, which was not referenced on the majority of Claims.  These affiliations include: various locals of the American Federation of State, County and Municipal Employees (AFSCME), Senior Accountants, Appraisers and Analysts (SAAA), Association of Professional and Technical Employees (APTE), United Auto Workers (UAW), Teamsters, as well as several non-affiliated Detroit employees.  Attached to the Chart are the individual Proofs

of Claims filed by the Employee Obligation Claimants. The Chart also identifies by docket number the responses filed by each of the Claimants.

Almost uniformly, the original Proofs of Claim generally contained little more than a statement that the claimant had received one or more of the following: 10% wage decrease; elimination of certain benefits, such as longevity, bonus vacation days, swing and election holidays, holiday pay, paid lunch hour, out of class pay; reduction in health care benefits or increased health care costs, freezing of reserve sick banks; freezing of annuity and pension plans. In most cases there was no reference to the source or timing of these reductions and no way to ascertain their veracity. The amounts cited by the various claimants were stated in lump sums with no attribution to specific claims or presentation of other evidence to support the alleged losses.

While almost all the Claimants responded to the objections, the majority provided no additional information. Exhibit 1, items 2-17, 19-36, 39, 41, 48, 51-52. In some cases, the Claimants provided pay stubs or payroll histories, but no other information; determining the specific amounts of the claimed losses from this pay information is not possible. Exhibit 1, items 2, 10, 14, 16, 17, 21-22.

Several of the responses, primarily those by AFSCME and SAAA members, expressly cited the imposition of the "City Employment Terms" or "CETs" by the City in 2012 as the source of the claimed losses, or provided some information

from which this imposition could be inferred. Exhibit 1, items 18, 23, 37, 38, 40, 43, 44, 47, 49 and 50. Of these, items 37, 38, 44, 47, 49 and 50 also cite to the Proof of Claim No. 2851 of the Coalition of Detroit Unions, of which AFSCME, APTE, SAAA, Teamsters and the UAW are members. The Coalition Proof of Claim No. 2851 is attached as Exhibit 2, and expressly alleges losses resulting from the imposition of the CETs. The AFSCME Proof of Claim No. 2958 is attached as Exhibit 3.

## IV.  ARGUMENT

**A.  The Proof of Claims Filed By The Employee Obligation Claimants Are Based On The City Employment Terms Imposed On City Employees Affiliated With AFSCME, SAAA, APTE, Teamsters And UAW.**

There is little doubt that all of the Claims set forth in Exhibit 1 are based on the CETs. Numerous Employee Obligation Claimants expressly refer to their claims as based on alleged losses incurred as a result of the City's imposition of CETs. The other Employee Obligation Claimants assert claims for precisely the concessionary terms imposed by the City on July 27, 2012 and at various points thereafter pursuant to the CET: - 10% wage decrease; elimination of certain benefits, such as longevity, bonus vacation days, swing and election holidays, holiday pay, paid lunch hour, out of class pay, reduction in health care benefits or increased health care costs, freezing of reserve sick banks, freezing of annuity and pension plans. *See, e.g.*,  various items of correspondence from Lamont Satchel,

- 6 -

26507658.2\022765-00213
13-53846-tjt   Doc 11168   Filed 04/22/16   Entered 04/22/16 15:35:21   Page 23 of 32

the Detroit Director of Labor Relations: July 27, 2012 (reviewing the terms of the

CETs and itemizing reductions imposed); November 8, 2012 (implementation of

overtime reduction, reduction in holiday premium pay, reduction in shift premium,

elimination of longevity); November 28, 2012 (announcement of reduction in

pension multiplier, elimination of annual escalator, freeze on pay out of unused

sick leave on retirement, elimination of sick time inclusion in Final Average

Compensation); June 24, 2013 (vacation hours cap, elimination of swing holidays

and election day, elimination of bonus vacation days, discontinuance of accruals

to Reserve and seniority sick banks).  This correspondence is attached hereto as

Exhibit 4.[1]

**B.     The City Lawfully Imposed The CETs, Pursuant To A Financial
        Stability Agreement Between The State And The City Under
        Michigan's Local Government and School District Financial
        Accountability Act**

Michigan's Local Government and School District Financial Accountability

Act ("Act 4") MCL 141.1501, *et seq.*(Repealed), was enacted in 2011 by the

Legislature to protect the ability of municipalities and school districts to provide

the core services such local governments were created to provide. MCL 141.1503.

Financial stability agreements were one tool provided by Act 4 to resolve financial

---

[1] This correspondence is attached to several Responses to the City's Objections
filed by Claimants, see. e.g., *Response of Janice Clark*, Exhibit 1, item 43 (Docket
# 11044).  Some or all of this correspondence is also found in Responses cited in
Exhibit 1, Items 18, 23, 37, 38, 40, 44, 47, 49 and 50.

crises; these agreements would include remedial measures to address the local financial challenges. MCL 141.1514.

Early in 2012, the City's dire financial straits triggered a state review under Act 4 and the City was determined to be in a state of financial stress. After an arduous review and negotiation process, the City entered into a Financial Stability Agreement ("FSA" or "consent agreement") with the Michigan Department of Treasury pursuant to §14a of Act 4, MCL 141.1514a. The FSA provided for an operational reform plan requiring certain reform initiatives with respect to labor agreements and labor costs. The FSA was effective as of April 4, 2012.

Pursuant to §14a(10) of Act 4, the FSA provided that the City was exempt from the duty to bargain with respect to expired collective bargaining agreements as otherwise required under §15(1) of the Public Employment Relations Act ("PERA"), MCL 423.15(1). [2]

On July 17, 2012, and at various times thereafter in 2012, the City lawfully imposed employment terms on those Unions and non-union personnel whose

---

[2] PERA, MCL 423.201 *et seq.,* governs public labor relations in Michigan. *Detroit Fire Fighters' Ass'n IAFF Local 344 v City of Detroit*, 482 Mich 18, 28; 753 NW 2d 579 (2008); *Rockwell v Bd of Ed of Sch Dist of Crestwood*, 393 Mich 616, 629; 227 NW 2d 736 (1975). Section 15(1) of PERA establishes the employer's duty to bargain. That duty extends to "mandatory" subjects of bargaining; that is, those subjects within the scope of "wages, hours, and other terms and conditions of employment." MCL 423.215(1).

26507658.2\022765-00213

collective bargaining agreements had expired June 30, 2012, including those of AFSCME, SAAA, APTE, Teamsters and UAW.  *See* Exhibit 4.

The CETs were imposed pursuant to a lawful Financial Stability Agreement between the City and the State entered into under Act 4.  There is no extant judicial or administrative finding that the CETs were not lawfully implemented.  To the extent legal challenges were brought against the FSA on other grounds, they were not successful.[3]

## C.  Those Proofs Of Claim That Appear To Advance Claims Brought Under Detroit Emergency Manager's Orders Are Also Legally Invalid.

Several of the Responses also referenced Emergency Manager Order 21, dated December 2013, freezing Detroit pensions and annuities, attached as Exhibit 5.  See Exhibit 1, items 37, 38, 44, 47, 49 and 50.  Any Claims based on this Order, or any other actions taken by the Detroit Emergency Manager, also have no basis in law and are invalid claims subject to disallowance and expungement.  Order 21 was entered pursuant to the authority conferred on the Emergency Manager by the successor statute to Act 4, the Local Financial Stability and Choice Act, Public Act 436 of 2012, MCL 141.1541, *et seq.* ("Act 436").

On March 28, 2013, the City was placed under receivership pursuant to MCL 141.1549.  Kevyn Orr assumed the role and authority of Emergency Manager under Act 436. Section 27(3) of Act 436, states that:

---

[3] See, orders entered in various matters challenging the FSA, attached as Exhibit 6.

A local government placed in receivership under this act is not subject to Section 15(1) of 1947 PA 336, MCL 423.215 for a period of 5 years from the date the local government is placed in receivership or until the time the receivership is terminated, whichever comes first.  MCL 141.1567(3).

The suspension of the City's duty to bargain with respect to changes in terms and conditions of employment was upheld by the Michigan Employment Relations Commission in: *City of Detroit – and – Detroit Police Lieutenants & Sergeants Association*, MERC Case No:  D13 A-0005 (2013); *City of Detroit – and – Detroit Police Command Officers Association*, MERC Case no. D11 J-1169 (2013); and *City of Detroit – and – Police Officers Association of Michigan (Emergency Medical Technician Unit)*, MERC Case No. D09 F-0703 (2013).  (See, Ex. 7, MERC Decision date June 21, 2013).  The MERC Decision was not appealed, and no other challenges to the suspension of the duty to bargain under Act 436 receivership have been brought.

These claims are also invalid for the additional reason that they are classified under the City's Eighth Amended Plan (Docket # 8045) ("Plan") as either PFRS Pension Claims or GRS Pension Claims (as each such term is defined by the Plan). These claims are classified in Classes 10 or 11 of the Plan and are subject to the treatment provided to claims in those classes.

- 10 -

**D.     Individual Employee Union Members' Claims Should Be DisAllowed And Expunged Because They Are Duplicative Of The Proofs Of Claim Pending For AFSCME And The Coalition.**

As indicated above, the Coalition has pending a Proof of Claim (Exhibit 2) that expressly alleges losses resulting from the imposition of the CETs.  The Coalition claims includes all the unions whose members are Obligation Employee Claimants.  AFSCME additionally has pending a Proof of Claim (Exhibit 3) that includes multiple sub-claims, including the reduction in longevity and imposition of CETs on AFSCME members employed by the Detroit Water And Sewerage Department ("DWSD").[4]  Exhibit 1 to AFSCME's Proof of Claim sets out the sub-claims.

The individual employee claims address the same across-the-board actions taken by the City as set out in the AFSCME and Coalition Claims and should be disallowed and expunged in favor of the Union's claims. In Michigan, public employees act through their collective bargaining representatives.  The right to organize and act collectively is embedded in § 9 of PERA, MCL 423.209.  Once employees have formed a union, the public employer may not refuse to bargain collectively with the union, MCL 423.210(1) (c), and the union becomes the *exclusive* representative of *all* employees who are members of that union, MCL 423.211.

---

[4] See, Exhibit 1, Items 6-23, which identify those AFSCME employees at DWSD.

26507658.2\022765-00213

Under MCL 423.210(1)(a), an employer may not interfere with their
employees' rights under §9 of the act and may not engage in individual bargaining
on mandatory subjects. *In re Bangor Twp. Bd. of Ed.,* 1984 MERC Lab.Op. 274,
387–388; *NLRB v. Gissel Packing Co.,* 395 U.S. 575, 617–618, 89 S.Ct. 1918,
1942–1943, 23 L.Ed.2d 547 (1969). *Michigan Ed Ass'n v N Dearborn Hts Sch
Dist*, 169 Mich App 39, 46; 425 NW2d 503, 507 (1988); Direct dealing with
employees constitutes an unfair labor practice. *Southfield Ed Ass'n v Southfield
Pub Sch,* No. 240050, 2004 WL 225059, at *3 (Mich Ct App February 5, 2004).[5]

Under §10(2)(a) of PERA, unions have a corresponding obligation to refrain
from restraining or coercing employees in the exercise of their §9 rights. Unions in
their role as exclusive agent for bargaining unit employees, have a duty to fairly
represent all members of the unit. *Vaca v. Sipes,* 386 U.S. 171, 176–177; 87 S Ct
903; 17 L.Ed.2d 842 (1967). The Michigan Courts also recognize the public sector
union's duty to fairly represent members: "[a] breach of the statutory duty of fair
representation occurs only when a union's conduct toward a member of the
collective-bargaining unit is arbitrary, discriminatory, or in bad faith." *Goolsby v.
Detroit,* 419 Mich. 651, 661; 358 NW2d 856 (1984); *Martin v. East Lansing*

---

[5] Status as exclusive bargaining representative allows Unions to represent their
members in actions where members' interests are at issue, *see, e.g. Michigan Ed
Ass'n v Michigan Pub Sch Employees Ret Bd,* No. 269724, 2007 WL 602591, at *5
*rev'd on other grounds* (Mich Ct App February 27, 2007) (Union as exclusive
bargaining representative can represent members before state retirement board if it
otherwise satisfied standing requirements). Attached as Exh. 8.

26507658.2\022765-00213

*School Dist.,* 193 Mich.App. 166, 180-181, 483 N.W.2d 656 (1992). The MERC and state circuit courts have concurrent jurisdiction over fair representation claims brought under the PERA. *Demings v. City of Ecorse,* 423 Mich. 49, 53, 377 N.W.2d 275 (1985). *Adair v Utica Cmty Sch*, No. 288286, 2010 WL 1924868, at *3 (Mich Ct App May 13, 2010). (Attached as Exhibit 9).

Allowing the individual employee Claims to go forward while their unions pursue the same Claims as exclusive bargaining representative of these employees is contrary to PERA and Michigan case law interpreting that statute. The purpose of these statutes – to protect individual employees' interests through their labor organization - is best served here, where the unions are represented by competent counsel who can advance the employees' claims as they are required to do under the law. Allowing the duplicate claims is also inefficient and a waste of judicial resources, and could result in inconsistent adjudications.

## V.    CONCLUSION

In light of the foregoing arguments and authorities, each Proof of Claim listed on Exhibit 1 should be disallowed and expunged because they fail to show a valid claim.

Respectfully submitted,

By: /s/ Marc N. Swanson
     Marc N. Swanson (P71149)
     John H. Willems (P31861)
     MILLER, CANFIELD, PADDOCK AND
     STONE, P.L.C.
     150 West Jefferson, Suite 2500
     Detroit, Michigan 48226
     Telephone: (313) 496-7591
     Facsimile: (313) 496-8451
     swansonm@millercanfield.com
     willems@millercanfield.com


     Charles N. Raimi (P29746)
     Deputy Corporation Counsel
     City of Detroit Law Department
     2 Woodward Avenue, Suite 500
     Coleman A. Young Municipal Center
     Detroit, Michigan  48226
     Telephone: (313) 237-5037
     Facsimile: (313) 224-5505
     raimic@detroitmi.gov

     ATTORNEYS FOR THE CITY OF DETROIT

DATED: April 21, 2016

26507658.2\022765-00213

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 12, 2016 he electronically filed the foregoing Omnibus Objection to Certain Claims (the "Omnibus Objection") with the Clerk of the Court which sends notice by operation of the court's electronic filing service to all ECF participants registered to receive notice in this case. The City has engaged a Noticing Agent, which will serve the Omnibus Objection on the Claimants listed therein at the address set forth by each of the claimants on its respective proof of claim and on all parties requesting notices listed on the Master Service List, and file a subsequent Proof of Service after it has performed the service.

DATED:  May 12, 2016

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com