# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------x
:
In re                                               :    Chapter 9
:
CITY OF DETROIT, MICHIGAN,                          :    Case No. 13-53846
:
                           Debtor.                  :    Hon. Thomas J. Tucker
:
---------------------------------------------------------------x

## AGREEMENT RESOLVING CLAIM OF DPOA MEMBER CHARLES BARNES

The City of Detroit (the "City"), the Detroit Police Officers Association (the "DPOA") and DPOA member Charles Barnes ("Barnes" or "Claimant")[1] agree as follows (the "Agreement"):

### RECITALS

A. On July 18, 2013, the City commenced the above-captioned case (the "Chapter 9 Case") by filing a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). On December 5, 2013, following its determination that the City met all of the applicable requirements and is eligible to be a debtor under chapter 9 of the Bankruptcy Code, the Bankruptcy Court entered the Order for Relief under Chapter 9 of the Bankruptcy Code (Docket No. 1946) with respect to the City.

B. On February 11, 2014, the Bankruptcy Court entered an order authorizing the DPOA to file certain omnibus claims, including grievance claims, on behalf of its members [Docket No. 2678], and on February 20, 2014, the DPOA filed Claim No. 1869. Claim No. 1869 is an omnibus claim which asserting certain pre-petition grievance claims on behalf of the DPOA and its members. The claims asserted by Claim No. 1869 includes grievance number 10-110, asserted on behalf of Barnes (the "Barnes

---

[1] The City, the DPOA and Barnes are, together, the "Parties," and each a "Party".

Claim"). The Barnes Claim asserted Barnes' rights with respect to the pre-petition relief awarded Barnes pursuant to the Opinion and Award of Umpire Edward J. Plawecki, Jr. dated November 6, 2012 ("Umpire Award").

C.     On October 1, 2014, the DPOA and the City entered into a collective bargaining agreement which was subsequently ratified by DPOA members (the "DPOA CBA").

D.     On November 12, 2014, this Court entered its Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit [Docket No. 8272] (the "Plan"). On December 10, 2014, the Effective Date of the Plan occurred, and the City of Detroit filed its Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date [Docket No. 8649].

E.     The Confirmation Order provides that, "[c]ontracts, leases and other agreements entered into after the Petition Date by the City, including . . . the [DPOA CBA] . . . , will be performed by the City in the ordinary course of its business. Accordingly, such contracts . . . will survive and remain unaffected by this Order." See Confirmation Order [Docket No. 8272, pp. 105-06].

F.     The DPOA and Barnes recognize that pursuant to the Plan and the Confirmation Order, the relief that might otherwise be available under the Umpire Award has been substantially limited and is governed by Claim No. 1869, the Plan's treatment of claims asserted by Claim No. 1869 and the DPOA CBA.

G.     The Parties have fully considered their positions and wishing to address and resolve the Barnes Claim on the terms set forth in this Agreement.

H.     The undersigned are each authorized to enter into this Agreement and have agreed to its terms, as indicated by the signatures of each Party or its respective authorized representatives below.

# AGREEMENT

1. Barnes represents and warrants to the City that he has not sold, assigned, factored or otherwise transferred any portion of or interest in the Barnes Claim and is the sole holder of the Barnes Claim, with full authority to enter into this Agreement. Barnes further agrees to indemnify and hold the City harmless for any damages, including without limitation actual and reasonable out of pocket costs, resulting from a breach of this representation and warranty.

2. Pursuant to this Agreement, Barnes is deemed to have an allowed, general unsecured, nonpriority claim (the "Settled Claim") in the amount of $25,000 and the City will promptly restore 24 days to his sick leave bank (the "Restored Banked Sick Leave"). Under the Plan, the Settled Claim will be treated as a Convenience Claim, and Barnes will receive a distribution in the amount of $6,250 in full satisfaction of the Settled Claim. The Restored Bank Sick Leave will be treated in accordance with the terms of the DPOA CBA.

3. Barnes and the DPOA represent and warrant that they have not filed any other proof of claim in connection with the Barnes Claim, nor have they taken any other legal action to assert the rights resolved by the Settled Claim.

4. Barnes agrees that he will not further amend the Settled Claim or file any additional proofs of claim with respect to the liabilities asserted by the Barnes Claim.

5. The DPOA agrees that it will modify Claim No. 1869 to withdraw the Barnes Claim from Claim No. 1869, and that the Settled Claim will replace the Barnes Claim. Any further assertion of or amendments to the Barnes Claim or the Settled Claim or any additional claims filed by Barnes or the DPOA with respect to the liabilities asserted by the Barnes Claim will be null, void and of no effect.

6. The City agrees that it will promptly submit this Agreement and any Bankruptcy Court order memorializing this Agreement and that City will pay the Settled Claim to Barnes in care of the DPOA, 1938 East Jefferson Avenue, Detroit MI 48207, as a Convenience Claim in accordance with the terms of the Plan. If Barnes or his successors or assigns receive payment of any portion of the Settled Claim from any source, including from the City, other than through the Plan, the portion of the Settled Claim equal to the amount of any such payment will be deemed fully satisfied, and Barnes, for himself, his heirs, successors or assigns, hereby prospectively waives and disclaims the right to receive payment of the Settled Claim on account of the portion of the Settled Claim satisfied by any such payment.

7. The City further agrees that it will promptly take any action necessary to insure that Barnes receives the Restored Banked Sick Leave.

8. Nothing in this Agreement will have any impact on any proof(s) of claim that the DPOA or Barnes have filed or hold other than the Barnes Claim asserted by DPOA Claim No. 1869. The Parties retain all of their respective claims, defenses, objections, counterclaims and any and all rights in respect of any proofs of claim that the DPOA or Barnes have filed or holds other than the Settled Claim and the Restored Banked Sick Leave.

9. As to the Settled Claim and the Restored Banked Sick Leave, except for the relief described in this Agreement, Barnes and the DPOA release the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that Barnes and/or the DPOA have or may have against the City related to the Barnes Claim and/or the Umpire's Award. Barnes and the DPOA acknowledge that this Agreement represents the compromise of a disputed claim and is not to be construed as an

admission of liability on the part of the City. As used in this Agreement, Barnes, the DPOA and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any. The City, Barnes and the DPOA agree that this Agreement does not require the execution of a Medicare Reporting and Indemnification Affidavit, which would, if required, be attached as Exhibit A.

10. As set forth in paragraph 3, Barnes and the DPOA represent and warrant that there is no pending civil action related to the Barnes Claim or the Settled Claim. Except as expressly set forth in this Agreement, this Agreement is without prejudice to the positions of the Parties that resulted in the Umpire's Award, and neither the Umpire's Award nor this Agreement may not be cited or relied on by any Party except to enforce its terms and neither sets any precedent for any other matter.

11. This Agreement may be executed in identical counterparts, and/or by facsimile or e-mail scan, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. This Agreement constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

WHEREFORE, the undersigned have executed this Agreement on behalf of the parties hereto.

**City of Detroit**

By: _____

Name: Jason McFarlane

Title: Assistant Corporation Counsel

Date: 5/10/16

**Claimants**

_____

Name: Charles Barnes

Date: 4/29/16

DPOA counsel: _____

Name: JAMES M. MOORE
(printed)

Date: April 29, 2016

**Exhibit A – Medicare Reporting and Indemnification Agreement[s] (N/A)**

**Exhibit B – Stipulated Order[s] To Dismiss (N/A)**