# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Thomas J. Tucker |

## CERTIFICATION OF NO RESPONSE OR OBJECTION REGARDING DEBTOR'S FORTY-THIRD OMNIBUS OBJECTION TO CERTAIN CLAIMS (NO BASIS)

On April 14, 2016, the City Of Detroit ("City") filed its Forty-Third Omnibus Objection to Certain Claims (No Basis) ("43rd Omnibus Objection"). [Doc. No. 11081]. The 43rd Omnibus Objection was served by the City's claims and noticing agent, Kurtzman Carson Consultants, upon the claimants identified in Exhibit 2 of the 43rd Omnibus Objection at the address set forth by each of the claimants on its respective proof of claim, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002. *See Certificate of Service* [Doc. No. 11110].

The only response to the Objection was filed by Benjamin F. Newkirt,, Jr. [Doc. No. 11147] ("Newkirt Response"). The Court entered a deficiency notice related to the Newkirt Response on May 6, 2016. [Doc. No. 11148]. The deficiency was not cured by the deadline set by the Court to do so and the Newkirt Response was stricken [Doc. No. 11166]. No other responses to the 43rd Omnibus Objection have been filed with the Court and the time to do so has passed. The City respectfully requests that the Court enter an order in substantially the same form as the one which was attached to the 43rd Omnibus Objection. *See Proposed Order* Exhibit A.

Dated: May 16, 2016

By: /s/ Ronald A. Spinner
 Jonathan S. Green (P33140)
 Marc N. Swanson (P71149)
 Ronald A. Spinner (P73198)
 MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
 150 West Jefferson, Suite 2500
 Detroit, Michigan 48226
 Telephone: (313) 496-7591
 Facsimile: (313) 496-8451
 green@millercanfield.com
 swansonm@millercanfield.com

 and

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313) 237-0470
Facsimile: (313) 224-5505
raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

# Exhibit A

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

## ORDER GRANTING DEBTOR'S FORTY-THIRD OMNIBUS OBJECTION TO CERTAIN CLAIMS

(**No Basis**)

Upon review of the forty-third objection to claims (the "Objection"),[1] of the Debtor, City of Detroit, Michigan (the "City"), seeking entry of an order disallowing and expunging each of the claims listed on Exhibit 2 to the Objection; and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and a hearing on the Objection having been held before the Court; and any

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

objections or other responses to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1. The Objection is sustained to the extent provided in this Order.

2. Each of the proofs of claim listed on <u>Exhibit</u> 2 annexed to the Objection is hereby disallowed and expunged in its entirety, pursuant to Section 502(b) of the Bankruptcy Code.

3. The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4. The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5. Each claim and the objections by the City to each claim as addressed in the Objection and set forth on Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed and shall constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to such claim, and the Court expressly determines that there is no just reason for delay of the entry of the final judgment with respect to such claim. Any

stay of this Order shall apply only to the contested matter that involves such creditor and for which such stay has been granted or may be in effect, and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby, and it is further provided that the City shall have the right, but not the need, to submit a separate order with respect to contested matters or claims.

6. The City retains all of its rights to object, on the merits or any other basis, to any of the claims identified on <u>Exhibit 2</u>.

7. Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

8. Nothing in this Order is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.