IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Hon. Thomas J. Tucker |

**STIPULATION FOR ENTRY OF AN ORDER RESOLVING THE DPLSA'S MOTION FOR ENTRY OF AN ORDER MODIFYING CLAIM NO. 1881 FILED BY THE DPLSA TO CLARIFY THAT THE SUBJECT MATTER OF THAT PORTION OF CLAIM NO. 1881 RELATED TO LUMP SUMPAYMENTS FOR BANKED SICK TIME FOR PARTICIPANTS IN THE DEFERRED RETIREMENT OPTION PLAN HAS BEEN RESOLVED AND RENDERED MOOT BY THE TERMS AS WRITTEN OF THE DPLSA CBA [DOCKET NO. 10247]**

The City of Detroit, Michigan ("City") and the Detroit Police Lieutenants and Sergeants Association ("DPLSA"), by and through their undersigned counsel, hereby stipulate the entry of an Order Resolving the DPLSA's Motion for Entry of an Order Modifying Claim No. 1881 to Clarify That The Subject Matter of That Portion of Claim No. 1881 Related to Lump Sum Payments for Banked Time for Participants in the Deferred Retirement Option Plan ("DROP") Has Been Resolved and Rendered Moot by the Terms as Written of the DPLSA Collective Bargaining Agreement As Adopted in the City's Plan of Adjustment (the "DROP Motion")

[Docket No. 10247] in the form attached hereto as Exhibit A on the following basis:

1. On February 20, 2014, the DPLSA filed Claim No. 1881.

2. Claim No. 1881 asserts DPLSA members' right to recovery for certain pre-petition grievances (the "Pre-Petition Grievances").

3. Among the Pre-Petition Grievances that are the subject of Claim No. 1881 are grievance nos.10-032 and 12-051 asserted by DPLSA participants in the City's Deferred Retirement Option Plan ("DROP") regarding the timing of certain lump sum payments (the "DROP Grievances").

4. The City and the DPLSA entered into a collective bargaining agreement (the "DPLSA CBA") that was ratified by its members on or about November 6, 2014, approved by the state and approved by this Court pursuant to its November 12, 2014 Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit [Docket No. 8272].

5. An issue arose between the City and the DPLSA as to whether Section 17.H of the DPLSA CBA, which is attached hereto as Exhibit B, fully resolved the dispute raised by the DROP Grievances, and on November 3, 2015, the DPLSA filed the DROP Motion.

6. The City filed its Objection to the DROP Motion on November 17, 2015 [Docket No. 10265].

7. The DROP Motion also raised the issue of the restoration of the banked sick time of Lieutenant Kenneth Gardner ("Gardner").[1] The City has provided the DPLSA with documentation that establishes that, as of the date this Stipulation is being submitted, Gardner will be credited with 1938.9 hours of banked sick time, 96.0 of bonus vacation time, 80 hours of furlough time, 1307.1 hours of compensatory time, 16 hours vacation time and 8 hours of swing holiday time, which the Parties agree is all of the banked time to which he is entitled.

8. The City and the DPLSA have now resolved the issue raised by the DROP Motion, including the issues of the Gardner banked sick time, and agree that the DROP Grievances moot.

9. As such, the DPLSA agrees to modify Claim No. 1881 to remove that portion of Claim No. 1881 that involves the DROP Grievances.

10. The City and the DPLSA request the Court enter an order of this Court that confirms that (i) DROP Grievances are resolved by the written terms of Section 17.H of the DPLSA CBA, and, (ii) as such, the DROP

---

[1] In the DROP Motion, Gardner was incorrectly identified as Sergeant Eric Gardner. The Parties agree that the individual whose banked sick time was in dispute is Lieutenant Kenneth Gardner.

Grievances are moot and may be withdrawn without prejudice to any DPLSA member's right to receive a DROP Lump Sum Payment in accordance with the written terms of the DPLSA CBA, with those rights to be addressed in the ordinary course of the City's business.

11. Because this matter involved the resolution of a contested issue between the parties, the undersigned believe that entry of an order is appropriate to avoid any future misunderstanding regarding the disposition of the DROP Grievances.

WHEREFORE, the parties request the Court enter the Order attached hereto as Exhibit A.

*~Signatures on following page~*

STIPULATED AND AGREED:

| ATTORNEYS FOR THE CITY | ATTORNEYS FOR DETROIT POLICE LIEUTENANTS AND SERGEANTS ASSOCIATION |
|---|---|
| By: /s/ Marc N. Swanson<br>Jonathan S. Green (P33140)<br>Marc N. Swanson (P71149)<br>MILLER, CANFIELD, PADDOCK AND<br>STONE, P.L.C.<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>Telephone: (313) 963-6420<br>Facsimile: (313) 496-7500<br>green@millercanfield.com<br>swansonm@millercanfield.com<br><br>-and-<br><br>Charles N. Raimi (P29746)<br>Deputy Corporation Counsel<br>City of Detroit Law Department<br>2 Woodward Avenue, Suite 500<br>Coleman A. Young Municipal Center<br>Detroit, Michigan 48226<br>Telephone: (313) 237-5037<br>Facsimile: (313) 224-5505<br>raimic@detroitmi.gov | By: /s/ Barbara A. Patek<br>Barbara A. Patek (P34666)<br>Law Office of Barbara A. Patek, PLC<br>27 E. Flint Street, Suite 2<br>Lake Orion, MI 48362-3220<br>Telephone: 248-814-9470<br>Facsimile: 248-814-8231<br>pateklaw@gmail.com<br><br>-and-<br><br>Peter P. Sudnick (P30768)<br>SUDNICK LAW, P.C.<br>2555 Crooks Road, Suite 150<br>Troy, Michigan 48084<br>Telephone: (248) 643-8533<br>psudnick@sudnicklaw.com |

DATED: May __, 2016

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

Debtor.
_____/

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker

Chapter 9

**ORDER MODIFYING CLAIM NO. 1881 FILED BY THE DPLSA TO CLARIFY THAT THE SUBJECT MATTER OF THAT PORTION OF CLAIM NO. 1881 RELATED TO LUMP SUMPAYMENTS FOR BANKED SICK TIME FOR PARTICIPANTS IN THE DEFERRED RETIREMENT OPTION PLAN HAS BEEN RESOLVED AND RENDERED MOOT BY THE TERMS AS WRITTEN OF THE DPLSA CBA [DOCKET NO. 10247]**

This matter is before the Court on the Detroit Police Lieutenants and Sergeants Association's Motion for Entry of an Order Modifying Claim No. 1881 to Clarify that the Subject Matter of that Portion of Claim No. 1881 Related to Lump Sum Payments for Banked Time for Participants in the Deferred Retirement Option Plan ("DROP") Has been Resolved and Rendered Moot by the Terms as Written of the DPLSA Collective Bargaining Agreement as Adopted in the City's Plan of Adjustment (the "DROP Motion") [Docket No. 10247]. On November 17, 2016, the City filed its Objection to the DROP Motion [Docket No. 10265]. The Parties have continued to negotiate during the pendency of the DROP Motion and have now

agreed to resolve the DROP Motion. The Court has read the Parties' Stipulation, is fully advised in the premises and makes the following findings:

1. The matters raised in grievance numbers 10-032 and 12-051 as set forth in Claim No. 1881 filed by the Detroit Police Lieutenants and Sergeants Association ("DPLSA") ("the DROP Grievances") are addressed and resolved by the terms as written of Article 17, ¶H of the collective bargaining agreement between the City and the DPLSA (DPLSA CBA"), which is among the collective bargaining agreements identified by Exhibit II.D.5 to the Plan [Docket No. 8045-10] and incorporated into the Plan by Article VII, Section B of the Plan;

2. The Court further finds that the City has been addressing the issues raised by the DROP Grievances in the ordinary course of its business and in accordance with the terms of the DPLSA CBA, and that, as of the date of the entry of this Order, any banked sick time at issue pursuant to the DROP Grievances has been properly credited.

The Court finds good cause for entry of this Order and is otherwise fully advised in the premises.

NOW THEREFORE,

IT IS HEREBY ORDERED that the matters raised by the DROP Grievances are moot.

IT IS FURTHER ORDERED that Claim No. 1881 is modified to remove grievance numbers 10-032 and 12-051 from said claim. Other than this modification, the remainder of Claim No. 1881 remains as filed.