UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

        Debtor.

_____/

Case No. 13-53846
Judge Thomas J. Tucker
Chapter 9

**ORDER RESOLVING THE DPLSA'S MOTION (DOCKET # 10247) FOR AN ORDER MODIFYING CLAIM NO. 1881 FILED BY THE DPLSA TO CLARIFY THAT THE SUBJECT MATTER OF THAT PORTION OF CLAIM NO. 1881 RELATED TO LUMP SUM PAYMENTS FOR BANKED SICK TIME FOR PARTICIPANTS IN THE DEFERRED RETIREMENT OPTION PLAN HAS
BEEN RESOLVED AND RENDERED MOOT BY THE TERMS AS WRITTEN OF THE DPLSA CBA**

This case is before the Court on the Detroit Police Lieutenants and Sergeants Association's Motion for Entry of an Order Modifying Claim No. 1881 to Clarify that the Subject Matter of that Portion of Claim No. 1881 Related to Lump Sum Payments for Banked Time for Participants in the Deferred Retirement Option Plan ("DROP") Has been Resolved and Rendered Moot by the Terms as Written of the DPLSA Collective Bargaining Agreement as Adopted in the City's Plan of Adjustment (Docket # 10247, the "DROP Motion"). On November 17, 2016, the City filed its Objection to the DROP Motion (Docket # 10265). The Parties have continued to negotiate during the pendency of the DROP Motion and have now agreed to resolve the DROP Motion. The Court has read the Parties' stipulation,

filed May 27, 2016 (Docket # 11201, the "Stipulation"), is fully advised in the premises, and makes the following findings:

1.  The matters raised in grievance numbers 10-032 and 12-051 as set forth in Claim No. 1881 filed by the Detroit Police Lieutenants and Sergeants Association ("DPLSA") ("the DROP Grievances") are addressed and resolved by the terms as written of Article 17, ¶H of the collective bargaining agreement between the City and the DPLSA (DPLSA CBA"), which is among the collective bargaining agreements identified by Exhibit II.D.5 to the Plan [Docket No. 8045-10] and incorporated into the Plan by Article VII, Section B of the Plan;

2.  The Court further finds that the City has been addressing the issues raised by the DROP Grievances in the ordinary course of its business and in accordance with the terms of the DPLSA CBA, and that, as of the date of the entry of this Order, any banked sick time at issue pursuant to the DROP Grievances has been properly credited.

The Court finds good cause for entry of this Order and is otherwise fully advised in the premises.

IT IS ORDERED that the matters raised by the DROP Grievances are moot.

IT IS FURTHER ORDERED that Claim No. 1881 is modified to remove grievance numbers 10-032 and 12-051 from said claim. Other than this modification, the remainder of Claim No. 1881 remains as filed.

IT IS FURTHER ORDERED that the DROP Motion is fully resolved by the Stipulation and this Order.

.

**Signed on May 27, 2016**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge