# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------------------------------------------------------------x
In re                              : Chapter 9
                                   :
CITY OF DETROIT, MICHIGAN,         : Case No. 13-53846
                                   :
                    Debtor.        : Hon. Thomas J. Tucker
                                   :
------------------------------------------------------------x

## AGREEMENT RESOLVING CLAIM OF DPOA MEMBER JUAN HALL

The City of Detroit (the "City"), the Detroit Police Officers Association (the "DPOA") and DPOA member Juan Hall ("Hall" or "Claimant")[1] agree as follows (the "Agreement"):

### RECITALS

A.  On July 18, 2013, the City commenced the above-captioned case (the "Chapter 9 Case") by filing a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). On December 5, 2013, following its determination that the City met all of the applicable requirements and is eligible to be a debtor under chapter 9 of the Bankruptcy Code, the Bankruptcy Court entered the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) with respect to the City.

B.  On February 11, 2014, the Bankruptcy Court entered an order authorizing the DPOA to file certain omnibus claims, including grievance claims, on behalf of its members [Docket No. 2678], and on February 20, 2014, the DPOA filed Claim No. 1869. Claim No. 1869 is an omnibus claim which asserted certain pre-petition grievance claims on behalf of the DPOA and its members. The claims asserted by Claim No. 1869 include grievance number 09-040, asserted on behalf of Hall (the "Hall Claim"). The Hall Claim asserted Hall's rights with respect to the pre-petition relief sought on behalf of Hall.

---

[1] The City, the DPOA and Hall are, together, the "Parties," and each a "Party".

C. On November 12, 2014, this Court entered its Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit [Docket No. 8272] (the "Plan"). On December 10, 2014, the Effective Date of the Plan occurred, and the City of Detroit filed its Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date [Docket No. 8649].

D. The DPOA and Hall recognize that pursuant to the Plan and the Confirmation Order, the relief that might otherwise be available under Grievance No. 09-040 has been substantially limited and is governed by Claim No. 1869, the Plan's treatment of claims asserted by Claim No. 1869 and the DPOA CBA.

E. The Parties have fully considered their positions and wishing to address and resolve the Hall Claim on the terms set forth in this Agreement.

F. The undersigned are each authorized to enter into this Agreement and have agreed to its terms, as indicated by the signatures of each Party or its respective authorized representatives below.

## AGREEMENT

1. Hall represents and warrants to the City that he has not sold, assigned, factored or otherwise transferred any portion of or interest in the Hall Claim and is the sole holder of the Hall Claim, with full authority to enter into this Agreement. Hall further agrees to indemnify and hold the City harmless for any damages, including without limitation actual and reasonable out of pocket costs, resulting from a breach of this representation and warranty.

2. Pursuant to the filed Stipulation for an Order Granting Juan Hall an Allowed Unsecured Convenience Claim in the Amount of $25,000, Hall is deemed to have an allowed, general unsecured, nonpriority claim (the "Settled Claim") in the amount of $25,000. Under the Plan, the Settled Claim will be treated as a Convenience Claim, and Hall will receive a distribution in the amount of $6,250 in full satisfaction of the Settled Claim.

3. Hall and the DPOA represent and warrant that they have not filed any other proof of claim in connection with the Hall Claim, nor have they taken any other legal action to assert the rights resolved by the Settled Claim.

4. Hall agrees that he will not further amend the Settled Claim or file any additional proofs of claim with respect to the liabilities asserted by the Hall Claim. Any further amendments to the Hall Claim or any additional claims filed by the Claimant or their successors or assigns with respect to the liabilities asserted in the Hall Claim shall be null, void and of no effect.

5. The DPOA agrees that it will modify Claim No. 1869 to withdraw the Hall Claim from Claim No. 1869, and that the Settled Claim will replace the Hall Claim. Any further assertion of or amendments to the Hall Claim or the Settled Claim or any additional claims filed by Hall or the DPOA with respect to the liabilities asserted by the Hall Claim will be null, void and of no effect.

6. The City agrees that it will promptly submit this Agreement and any Bankruptcy Court order memorializing this Agreement for payment and that City will pay the Settled Claim to Hall in care of the DPOA, 1938 East Jefferson Avenue, Detroit MI 48207, as a Convenience Claim in accordance with the terms of the Plan. If Hall or his successors or assigns receive payment of any portion of the Settled Claim from any source, including from the City, other than through the Plan, the portion of the Settled Claim equal to the amount of any such payment will be deemed fully satisfied, and Hall, for himself, his heirs, successors or assigns, hereby prospectively waives and disclaims the right to receive payment of the Settled Claim on account of the portion of the Settled Claim satisfied by any such payment.

7. Nothing in this Agreement will have any impact on any proof(s) of claim that the DPOA or Hall have filed or hold other than the Hall Claim asserted by DPOA Claim No. 1869. The Parties retain all of their respective claims, defenses, objections, counterclaims and any and all rights in respect of any proofs of claim that the DPOA or Hall have filed or holds other than the Settled Claim.

8. As to the Settled Claim, except for the relief described in this Agreement, Hall and the DPOA release the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that Hall and/or the DPOA have or may have against the City related to the Hall Claim and Hall and the DPOA acknowledge that this Agreement represents the compromise of a disputed claim and is not to be construed as an admission of liability on the part of the City. As used in this Agreement, Hall, the DPOA and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related

corporations, subsidiaries, divisions, affiliates, directors and officers, if any. The City, Hall and the DPOA agree that this Agreement does not require the execution of a Medicare Reporting and Indemnification Affidavit, which would, if required, be attached as Exhibit A.

9. As set forth in paragraph 3, Hall and the DPOA represent and warrant that there is no pending civil action related to the Hall Claim or the Settled Claim. Except as expressly set forth in this Agreement, this Agreement is without prejudice to the positions of the Parties and this Agreement may not be cited or relied on by any Party except to enforce its terms and neither sets any precedent for any other matter.

10. This Agreement may be executed in identical counterparts, and/or by facsimile or e-mail scan, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. This Agreement constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

WHEREFORE, the undersigned have executed this Agreement on behalf of the parties hereto.

**City of Detroit**

By: _/s/ Jason McFarlane_

Name: Jason McFarlane

Title: Assistant Corporation Counsel

Date: 5-27-2016

**Claimants**

_/s/ Juan Hall_

Name: Juan Hall

Date: 5/19/2016

DPOA counsel: _/s/ James M. Moore_

Name: JAMES M. MOORE
(printed)

Date: 5/19/2016

**Exhibit A – Medicare Reporting and Indemnification Agreement[s] (N/A)**

**Exhibit B – Stipulated Order[s] To Dismiss (N/A)**