UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re | ) ) | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | ) ) ) | Case No. 13-53846 |
| | ) ) | Hon. Steven W. Rhodes |
| | ) | |

**MICHIGAN AFSCME COUNCIL 25's RESPONSE TO MOTION FOR APPOINTMENT OF FACILITATOR TO ASSIST THE PARTIES IN IMPLEMENTING VEBA FOR INDIVIDUALS RETIRING FROM THE CITY OF DETROIT AFTER 1/1/2015**

NOW COMES Michigan AFSCME Council 25 with its Response to Motion for Appointment of Facilitator to Assist the Parties In Implementing VEBA for Individuals Retiring from the City of Detroit After 1/1/2015 ("City Motion"), and for its response AFSCME states as follows:

1. This Response will not respond to all aspects of the City Motion, given that the undersigned understands that this Court sought a response immediately.

2. AFSCME does not oppose the appointment of a facilitator. But given the claims in the City Motion, it does not appear the facilitator is necessary for the resolution of the health benefit package for retirees ("Side Letter"). Facilitation could be useful to establish certain procedures concerning the future operation of the VEBA.

1

3. During the spring/summer of 2015, the City and AFSCME finalized negotiations concerning the language of the benefit description for this "Side Letter". Both counsel communicated client approval with the end product. There was one item which the parties indicated had yet to be resolved: whether or not the new water authority (now known as the Great Lakes Water Authority) for the City was going to participate. That was left as an open item. In the agreement, the parties inserted into the Side Letter the phrase "newly-created water authority" as one of the potential entities which would participate, as a place holder for that open issue. At the time, the parties did not know whether or not the new water authority was going to participate – indeed the new authority had not yet been created.

4. Unfortunately after the language of the Side Letter was agreed upon, the City failed to comply with the Union's requests for a final, signed Side Letter. The Side Letter calls for the signature of Labor Relations Director Michael Hall.

5. Instead of signing the final product, in the fall of 2015 the City indicated a desire to make many changes to the Side Letter. These multiple changes went well beyond the issue of the "newly-created water authority". AFSCME opposed these multiple language changes, and even filed a grievance against the City which contended that the City was attempting to renege on its deal.

6. Throughout latter 2015 into early 2016, AFSCME repeatedly opposed multiple changes in the Side Letter as requested by the City. On several occasions

during this time, the City indicated that it no longer desired these newly-requested changes. After relying on these commitments, the City would, again, revert back to "slipping in" several changes. The email Side Letter drafts submitted between the City and AFSCME counsel confirm these efforts, and can be made available if necessary.

7. The City's Motion, in paragraph 6, falsely claims that "[t]he City has advised the Union that it is prepared to accept that Side Letter with one change." The Motion then claims that "the one remaining issue in dispute on the Side Letter which embodies the Medical Plan Design is whether there should be a reference to the 'newly-created water authority.'" This is a false statement, as the earlier drafts of the Side Letter from the City reflect. AFSCME learned for the first time, upon reading the City Motion, that the City now seeks no other change to the Side Letter than the removal of these four words.

8. Nonetheless, AFSCME does NOT oppose the removal of the four words "newly-created water authority" from the Side Letter. Removal of these four words does not preclude the Great Lakes Water Authority from participating in the VEBA in the future, if all parties so agree. Since this is now the only issue on the language of the Side Letter, AFSCME expects that the City will produce a signed version of the Side Letter – a document it has been seeking for many months.

9. There could be merit to facilitation of this matter, however, even if not for the language of the Side Letter itself. AFSCME has been seeking financial information from the City for many months, which relate the operation and financial stability of the VEBA. The City refuses to provide the information. Only recently did the City partially respond to the information requested. Even then, the City has not grated the Chairperson of the VEBA, Edward McNeil, with access to the records needed to effectively operate and manage the VEBA. Thus, having a facilitator could help iron out these procedural deficiencies that remain.

WHEREFORE, and for the above-stated reasons, AFSCME agrees with the appointment of a facilitator to address certain procedural issues concerning the operation of the VEBA, but not to finalize the language of the Side Letter which has now been finalized.

Dated: June 1, 2016         /s/ Richard G. Mack, Jr.
                            Richard G. Mack, Jr., Esq.
                            MILLER COHEN, P.L.C.
                            600 West Lafayette Blvd., 4th Fl.
                            Detroit, MI 48226-3191
                            (313) 964-4454/(313) 964-4490 (F)
                            richardmack@millercohen.com

                            *Counsel to Michigan Council 25 of the American Federation of State, County and Municipal Employees (AFSCME), AFL-CIO*

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Chapter 9 |
|  | ) |  |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
|  | ) |  |
|  | ) | Hon. Steven W. Rhodes |
|  | ) |  |

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 1, 2016, Michigan AFSCME Council 25 Responded to the City of Detroit's *Motion for Appointment of Facilitator to Assist the Parties In Implementing VEBA for Individuals Retiring from the City of Detroit After 1/1/2015*, with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically, also via electronic and U.S. Mail to:

Charles N. Raimi
The City of Detroit Law Department
2 Woodward Ave., Ste. 500
Detroit, MI 48226
raimic@detroitmi.gov

Marc Swanson
Miller Canfield Paddock & Stone PLC
150 W. Jefferson, Ste. 2500
Detroit, MI 48226
swansonm@millercanfield.com

/s/ Richard G. Mack, Jr.
Richard G. Mack, Jr., Esq.
Miller Cohen, P.L.C.
600 West Lafayette Blvd., 4th Fl.
Detroit, MI 48226-3191
(313) 964-4454/(313) 964-4490 (F)
richardmack@millercohen.com

5