UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

FILED

2016 JUN -7 P 12: 29

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

In re:   Bankruptcy Case No. 13-53846

City of Detroit, Michigan,   Honorable Thomas J. Tucker

Debtor:   Chapter 9

## CLAIMANT'S RESPONSE TO DEBTOR'S 44TH
## OMNIBUS OBJECTION TO CERTAIN CHANGES

Jacqueline M. Jackson (Claimant) hereby responds to the Debtor's Objection of Certain Claims filed by Claimant. In support hereof, Claimant respectfully states the following:

1. During the bankruptcy proceedings, Claimant properly filed her Proof of Claim with the Bankruptcy Court. (Claim #2414)

2. In the Proof of Claim, Claimant assessed a claim against the Debtor in the sum of $45,287.29. Amount claimed is the result of non-payment of employee wages due to her.

3. In the Objection, the Debtor seeks to disallow the Proof of Claims altogether, claiming that there is no basis for the Debtor to have liability. I disagree.

4. For the reasons set forth below, Claimant requests that the United States Bankruptcy Court, Eastern District of Michigan, Southern Division overrule the Objection of the Debtor to disallow her claim and allow the claim in the full amount of $45,287.29 set forth in her Proof of Claim.

### FACTUAL BACKGROUND

5. During the 2012 fiscal year, the Debtor instituted a 10% budget cut. As a result, claimant's salary was cut by 10% via furlough days in order to save General Fund dollars. At no time during the Claimant's tenure with the Debtor was her salary paid from the General fund.

6. The Claimant is an employee of the Housing and Revitalization Department, formerly the Planning and Development Department of the City of Detroit. As an employee of this Department, her salary was/is paid for with Federal Grant Funds, i.e. Community Block Grant Funds. As such, Claimant's salary would not impact the City of Detroit's General Fund or indebtedness.

7. The Grant funds retained by the Debtor because of the implemented furlough days, is still being retained and is in danger of being recaptured by the Housing and Urban Development Department due to the lack of expending the funds that were granted for salaries.

8. The Debtor bases his Objection on the implementation of CET's, Pursuant to a Financial Stability Agreement between the State and the City under Michigan's Local Government and School District Financial Accountability Act, however Claimant's claim has no relation to CETs.

9. The Objection of Debtor is grounded on the belief that there is no valid basis for liability to Claimant. However, as stated in #6, Claimant's salary was/is paid by Grant Funds; not from the Debtor's General Fund, thereby having no relation to the Bankruptcy.

10. Claimant, as a result of the imposed changes due to Debtor's Bankruptcy Granted, has also endured loss of wages due to the elimination of yearly Longevity Pay, loss of earning additional vacation days due to good attendance, a loss of earning reserve sick time and swing holiday time, increased medical payments, increased co-pays and loss of retirement wages due to recoupment from Annuity Fund.

11. Because the Claimant's claim has no relation to the Debtor's Bankruptcy, the claim should be allowed to proceed.

WHEREFORE, for all of the aforementioned reasons, Claimant, Jacqueline M. Jackson respectfully requests that the United States Bankruptcy Court, Eastern District of Michigan, Southern Division, overrule the Objection to the Claimant's claim and allow such claim in the full amount provided in the Claimant's Proof of Claim, and grant such other relief as the Court deems just and equitable.

Date: June 7, 2016
Detroit, Michigan

Respectfully submitted,

By: _Jacqueline M. Jackson_
Jacqueline M. Jackson
19451 Stephens Dr.
Eastpointe, Michigan 48021
(313) 722-6267

FILED
2016 JUN -7 P 12: 29
U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE: City of Detroit, Michigan

CASE NO: 13-53846
CHAPTER: 9

Debtor.
Jacqueline M. Jackson /

## CERTIFICATE OF SERVICE

I hereby certify that on ___June 7, 2016___ (date of mailing), I served copies as follows:

1. Document(s) served:

   Claimant's Response to Debtor's 44th Omnibus Objection to Certain Changes

2. Served upon [name and address of each person served]:

   Marc N. Swanson
   150 W. Jefferson, Suite 2500
   Detroit, MI 48226
   313-496-7591
   swansonm@millercanfield.com

3. By First Class Mail.

Dated: June 7, 2016

(Signature)
Print Name: JACQUELINE M. JACKSON