UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN MICHIGAN

2016 JUN -8 P 2: 42

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

In re:  
City of Detroit, Michigan  
Debtor

Bankruptcy Case No. 13-53846  
Honorable Thomas J. Tucker  
Chapter 9

## CLAIMANT'S RESPONSE TO DEBTOR'S 44th OMNIBUS OBJECTION TO CERTAIN CHANGES

I, Diana Lynn Patillo ("Claimant") hereby responds to the Debtor's Objection to Certain Claims filed by Claimant. In support thereof, Claimant respectfully states the following:

1. During the bankruptcy proceedings Claimant properly filed his Proof of Claim with the Court.

2. In the Proof of Claim, Claimant assessed a claim against the Debtor in the sum of $21,835.16 as a result of non-payment of employee wages due to his employment.

3. In the Objection, the Debtor seeks to disallow the Proof of Claims to zero claiming that there is no basis for the Debtor to have liability.

4. For the reasons set forth in detail below, Claimant requests that the Court overrule the Objection to his claim and allow the claim in the amount set forth in his Proof of Claim.

### Factual Background

5. During 2012, the Claimant was an employee of the Planning and Development Department, City of Detroit. While an employee of this department, his salary was paid for with and funded by federal grant funds, i.e. Community Development block Grant funds. At no time, was his salary paid using the Debtor's General Fund dollars.

6. Beginning 2012, the Debtor instituted a 10% budget cut instituted through

furlough days in order to save General Fund dollars. At no time, did Claimant's salary or benefits impact the General Fund.

7.  The grant funds retained by the Debtor through the implementation of the furlough days is still being retained by the Debtor and is in danger of being recaptured by the federal government.

8.  Because the Claimant's salary is funded by grant funds, it had no impact on the City's bankruptcy.

9.  The Debtor bases its Objection on the implementation of the Debtor's CETs. This claim has no relation to CETs.

10. The Objection is grounded on the belief that there is no valid basis for the liability of the City but, the liability exists because cuts sustained by Claimant had no relation to the General Fund and therefore, no relation to the bankruptcy.

11. Because the claims have no relation to the bankruptcy, the claims should be allowed to proceed.

THEREFORE, for all the foregoing reasons, Claimant, Diana Lynn Patillo Respectfully requests that the Court overrule the Objection to Claimant's claim and allow such claim in full in the amounts provided in Claimant's Proof of Claim, and grant such other relief as the Court deems just and equitable.

Date: June 8, 2016
Detroit, Michigan

Respectfully submitted,

By: _____
Diana Lynn Patillo

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN RE: CITY OF DETROIT, MICHIGAN

CASE NO: 13-53846
CHAPTER: 9

Debtor.
Diana Lynn Patillo
_____/

## CERTIFICATE OF SERVICE

I hereby certify that on   JUNE 8, 2016   (date of mailing), I served copies as follows:

1. Document(s) served:
   Claimant's Response to Debtor's 44th Omnibus Objection to Certain Changes

2. Served upon [name and address of each person served]:

   Marc N. Swanson
   150 W. Jefferson, Suite 2500
   Detroit, MI 48226
   313-496-7591
   swansonm@millercanfield.com

3. By First Class Mail.

Dated: 6/8/16

(Signature)

Print Name: Diana L. Patillo

FILED (I) 2016 JUN -8 P 2: 43 U.S. BANKRUPTCY COURT E.D. MICHIGAN-DETROIT