UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

### CITY OF DETROIT'S *EX PARTE* MOTION FOR AN ORDER ADJOURNING HEARING ON CERTAIN RESPONSES FILED TO THE CITY'S FORTY-FOURTH AND FORTY-FIFTH OMNIBUS OBJECTIONS TO CLAIMS

The City of Detroit ("City") moves for the entry of an *ex parte* order pursuant to Rule 5071-1(a) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of Michigan and 11 U.S.C. § 105(a) adjourning the hearing set for June 15, 2016, to August 31, 2016, as to certain of the creditors that filed responses. These creditors have filed responses which, while not sufficient in themselves to establish a right to a claim, do at least suggest to the City the specific basis the claimants assert. The City believes investigation and discussion with these claimants might resolve the disputes.

In support of this *Ex Parte* Motion, the City respectfully states as follows.

1. On May 12, 2016, the City filed its Forty-Fourth and Forty-Fifth Omnibus Objections (collectively, the "Objections"). The claimants whose claims are the subject of the Objections are former City employees who had filed claims

based on their employment and the imposition of City Employment Terms ("CETs"). The basis for the Objections was that the imposition of the CETs did not provide the creditor with a legal basis for a based.

2. Twenty-six responses to the Objections have been filed with the Court and not stricken for filing deficiencies as of this filing, though a number remain pending. These respondents are identified in Exhibit 6-A. The deadline for filing additional responses has passed.

3. Currently, the responses and the Objections to which they were made are scheduled for hearing on the afternoon of Wednesday, June 15, 2016.

4. Of the responses, twenty appear to raise a common issue, alleging that the claimant worked in a position funded by a grant provided by an organization outside of the City. These claimants (the "Grant Claimants") allege that, because of this circumstance, they were not subject to reductions in wages, bonuses, and the like.

5. The City's protocol for 100% grant-funded positions was to "tag" such positions, labeling them so that the employee's base pay would not be reduced. In the event base pay was reduced inadvertently, the reduction would be refunded.

6. The responses filed by the Grant Claimants do not contain sufficient information or documentation for the City to determine (i) whether each claimant's

position was 100% grant funded, and (ii) if so, whether the claimant's base pay was reduced and, (ii) if so, whether the reduction was later refunded to the claimant. The City believes the burden should be on the Claimant to prove those relevant facts. Nevertheless, if the Court will adjourn the hearing on the Grant Claimants' claims to August 31, 2016, the City will endeavor to investigate the facts behind each Grant Claimant's claim and attempt to resolve its dispute with each Grant Claimant.[1,2] If it is not possible to resolve the dispute, the dispute can still be heard on August 31.

WHEREFORE, the City respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this *Ex Parte* Motion and granting such further relief as the Court deems appropriate.

---

[1] Even when a position is 100% grant funded, grant funding does not apply to matters other than base pay (e.g., benefits, bonuses, and so forth). At most, a Grant Claimant could only have a claim to recover loss of base pay, if a loss were established. The City is prepared to investigate that issue and attempt to resolve it with each Grant Claimant.

[2] The City notes that a number of the responses are deficient, and thus reserves its rights with respect to those responses in the event the Court should strike them.

Dated: June 9, 2016

        By: /s/ Ronald A. Spinner
           Jonathan S. Green (P33140)
           Marc N. Swanson (P71149)
           Ronald A. Spinner (P73198)
           MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
           150 West Jefferson, Suite 2500
           Detroit, Michigan 48226
           Telephone: (313) 496-7591
           Facsimile: (313) 496-8451
           green@millercanfield.com
           swansonm@millercanfield.com
           spinner@millercanfield.com

           Charles N. Raimi (P29746)
           Deputy Corporation Counsel
           City of Detroit Law Department
           2 Woodward Avenue, Suite 500
           Coleman A. Young Municipal Center
           Detroit, Michigan 48226
           Telephone: (313) 237-0470
           Facsimile: (313) 224-5505
           raimic@detroitmi.gov

        ATTORNEYS FOR THE CITY OF DETROIT

## SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

Exhibit 1    Proposed Form of Order

Exhibit 2    None [Motion Seeks Ex Parte Relief]

Exhibit 3    None [Brief Not Required]

Exhibit 4    Certificate of Service [Motion Seeks Ex Parte Relief]

Exhibit 5    None [No Affidavits Filed Specific to This Motion]

Exhibit 6    List of Respondents

# **EXHIBIT 1**

Proposed Order

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>　　　　Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

**ORDER GRANTING CITY OF DETROIT'S *EX PARTE* MOTION FOR AN ORDER ADJOURNING HEARING ON CERTAIN RESPONSES FILED TO THE CITY'S FORTY-FOURTH AND FORTY-FIFTH OMNIBUS OBJECTIONS TO CLAIMS**

This matter comes before the Court on the *City of Detroit's* Ex Parte *Motion for an Order Adjourning Hearing on Certain Responses Filed to the City's Forty-Fourth and Forty-Fifth Omnibus Objections to Claims* (the "Ex Parte Motion"). The Court, having reviewed the *Ex Parte* Motion and having found that notice of the *Ex Parte* Motion was sufficient under the circumstances; having determined after due deliberation that the relief requested in the *Ex Parte* Motion is in the best interests of the Debtor and its creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1.　　The *Ex Parte* Motion is GRANTED.

2.　　To the extent that the responses filed by the following individuals (collectively, the "Grant Claimants") are not struck for uncured filing deficiencies,

the hearing on those responses, currently set for June 15, 2016, at 1:30 p.m. is adjourned to August 31, 2016 at 1:30 pm.:

| Dinah L. Bolton | Gerhard Eady | Marlene Y. Robinson |
| --- | --- | --- |
| Gueelma Brown | Jacqueline M. Jackson | Anthony Derrick Smith |
| Fern Clement | George A. Kaw | Hope Strange |
| Stephanie Crews | Kim McCoy | Randall Thomas |
| Brenda L. Davis | Sandra O'Neal | Ranna K. Trivedi |
| Michelle Duff | Diane L. Onuigbo | Darrell S. Carrington |
| Warren T. Duncan | Diana Lynn Patillo | |

3. The City must serve this Order on the Grant Claimants in such a fashion that the Order is actually received by the Employee Obligation Claimants no later than Monday, June 13.

4. The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

# **EXHIBIT 2**

Not Applicable

# **EXHIBIT 3**

Not Applicable

# **EXHIBIT 4 – CERTIFICATE OF SERVICE**

Not Applicable

# **EXHIBIT 5**

Not Applicable

# **EXHIBIT 6A**

Alleged Grant Claimants

| Dinah L. Bolton | Gerhard Eady | Marlene Y. Robinson |
|---|---|---|
| Gueelma Brown | Jacqueline M. Jackson | Anthony Derrick Smith |
| Fern Clement | George A. Kaw | Hope Strange |
| Stephanie Crews | Kim McCoy | Randall Thomas |
| Brenda L. Davis | Sandra O'Neal | Ranna K. Trivedi |
| Michelle Duff | Diane L. Onuigbo | Darrell S. Carrington |
| Warren T. Duncan | Diana Lynn Patillo | |