UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>    Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

**CITY OF DETROIT'S REPLY IN SUPPORT OF ITS
MOTION FOR THE ENTRY OF AN ORDER
ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND THE
BAR DATE ORDER AGAINST RODRICK SINER**

The City of Detroit, Michigan ("City"), by its undersigned counsel, files this Reply ("Reply") in support of the *City of Detroit's Motion for the Entry of an Order Enforcing the Plan of Adjustment Injunction and Bar Date Order Against Rodrick Siner* ("Motion," Doc. No. 11159).

The *Response to the City of Detroit's Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring Rodrick Siner to Dismiss with Prejudice His District Court Lawsuit* ("Response," Doc. No. 11175) only further explains why the relief the City seeks in its Motion should be granted. In his Response, Rodrick Siner ("Siner") sets forth facts that make it plain that his claim arose prepetition. It was thus discharged as to the City and as to its police officers acting in their official capacities by the City's confirmed *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)* (the "Plan," Doc. No. 8045) as discussed in the Motion.

As Siner explains in his Response, his claim arises out of the issuance of an April 13, 2010, arrest warrant (the "Warrant") and a subsequent arrest pursuant to that Warrant two years later on April 5, 2012 (the "Arrest"). Response, p. 2. He admits that "the incidents of his claim began on April 13, 2010," but that he did not file his complaint until October, 2015, when he claims the Warrant was treated as a parole violation in Alabama.[1] *Id.*, p. 3. Even though Siner contends that he "couldn't have foreseen the outcome of that hearing prior to October 13, 2015,"[2] his claim still arose pre-petition and is governed by the City's confirmed Plan. *Id.*

This Court recently visited the question of how one determines whether a claim arose pre- or post-petition in its Fair Contemplation Test Opinion.[3] In the

---

[1] Siner does not elaborate on why he happens to be on parole in Alabama.

[2] Although Siner states he could not have foreseen the outcome of his October 13, 2015, parole hearing before it concluded, Siner's complaint asserts that he discussed the matter with his parole officer around the time the Warrant was issued, and she warned him about this very outcome. Motion, Ex. 6A, first page of "Continue of Statement of Facts." Additionally, he mailed his complaint to the District Court on September 29, 2015, two weeks before the hearing took place. *Compare* Response, p. 3 *with* Motion, Ex. 6A, second to last page (postmark).

[3] *Opinion Regarding Motions Filed by the City of Detroit: 1) For the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring the Dismissal of the State Court Action Filed by Tanya Hughes (Docket # 9970); 2) For (I) Determination That the Goodman Acker and Haas & Goldstein Law Firms Have Violated the Plan of Adjustment By (A) Refusing to Honor an ADR Settlement And/Or (B) Seeking Relief on a Pre-Petition Claim Beyond That Allowed by the Plan of Adjustment and (II) Order Enjoining Further Violations (Docket # 9893); and 3) For Entry of an Order (I) Enforcing the Plan of Adjustment and (II) Requiring the Withdrawal with Prejudice of the August 2, 2013, Grievance Filed by the Senior Accountants, Analysts, and Appraisers Association on Behalf of Cedric Cook (Docket # 10183)*, Doc. No. 11089.

Fair Contemplation Test Opinion, the Court surveyed the applicable case law to determine which of the available tests was most appropriate, ultimately adopting the "fair contemplation test" for this purpose. *Id.*, pp. 19-22. Applying the test, a court "looks at whether there was a pre-petition relationship between the debtor and the creditor, such as contract, exposure, impact or privity, such that a possible claim is within the fair contemplation of the creditor at the time the petition is filed." *Id.* at 22 (quoting *In re Senczyszyn*, 426 B.R. 250, 257 (Bankr. E.D. Mich. 2010) (internal quotation marks omitted)). "Under this test, a claim is considered to have arisen pre-petition if the creditor could have ascertained through the exercise of reasonable due diligence that it had a claim at the time the petition is filed. *Id.* (quoting *Signature Combs, Inc. v. United States*, 253 F. Supp. 2d 1028, 1037 (W.D. Tenn. 2003) (internal quotation marks omitted)).

Here, Siner readily admits that the Warrant was issued in 2010 and the subsequent Arrest occurred in 2012, years prior to the City's bankruptcy filing. Response, p. 2. He belatedly asserts that he could not have foreseen the adverse effects these events allegedly have had. *Id.*, p.3. Under the fair contemplation test, however, the question is whether he <u>could</u> have foreseen them after reasonable due diligence. Assuming, for the sake of argument, that his claims have merit, reasonable due diligence would have informed Siner that a violation of his constitutional rights would give him a claim against the City for whatever harms

flowed from the violation, both initially and in his subsequent legal entanglements. Thus, Siner's claim arose pre-petition and it is governed by the Plan.

As the Motion explains, pre-petition claims may not be brought against the City or its officers in their official capacities. Siner's filing of a complaint in that regard violates the Plan Injunction, so the City respectfully requests that the Court enter the proposed order provided with the Motion.

DATED: June 10, 2016       Respectfully submitted,

By: /s/ Ronald A. Spinner
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    Ronald A. Spinner (P73198)
    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7829
    Facsimile: (313) 496-8451
    green@millercanfield.com
    spinner@millercanfield.com

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan 48226
    Telephone: (313) 237-5037
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov

    ATTORNEYS FOR THE CITY OF DETROIT

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 10, 2016, the foregoing *City of Detroit's Reply in Support of Its Motion for the Entry of an Order Enforcing the Plan of Adjustment Injunction and Bar Date Order Against Rodrick Siner* was filed and served via the Court's electronic case filing and notice system and served upon the person listed below, via first class mail:

Rodrick Siner
215956
Limestone Correctional Facility
28779 Nick Davis Road
Harvest, AL 35749


DATED: June 10, 2016

> By: /s/ Ronald A. Spinner
> Ronald A. Spinner
> 150 West Jefferson, Suite 2500
> Detroit, Michigan 48226
> Telephone: (313) 496-7829
> Facsimile: (313) 496-8451
> swansonm@millercanfield.com