UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN
RE:

Case No: 13-53846

Chapter: 9

City of Detroit, Debtor

CERTIFICATE OF SERVICE

I hereby certify that on the **June 28, 2016,** (date of mailing), I served copies as follows: (By Mail, and by Email)

1. Document(s) served: **Proof of Service and the following:**

Order of the Court Granting Motion For Re-Consideration (Docket # 11304) and Vacating Order of the Court to Strike (Docket # 11283) – as instructed by the Court (Amended Order Sustaining Debtor's Forty-Fourth Omnibus Objection to Certain Claims)

2. Served upon [name and address of each person served]:

   Marc N. Swanson, Miller, Canfield, Paddock and Stone, PLC
   150 West Jefferson, Suite 2500, Detroit, MI 48226

3. By First Class Mail.

Dated: 6/28/16

(Signature)

Print Name: Duval L. Bolton

```
MIME-Version:1.0
From:mieb_ecfadmin@mieb.uscourts.gov
To:mieb_ecfadmin@localhost.localdomain
Bcc: USTPRegion09.DE.ECF@usdoj.gov, ANHSOA@4stechnologies.com, anhsoa@gmail.cc
jstevens@mathesonparr.com, jtaub@pvschemicals.com, jteicher@ermanteicher.com,

Message-Id:<48056270@mieb.uscourts.gov>
Subject:13-53846-tjt
```

"Order Grant/Deny Motion (generic)" Ch 9 Content-Type: text/html

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.

## U.S. Bankruptcy Court

## Eastern District of Michigan

Notice of Electronic Filing

The following transaction was received from csiku entered on 6/23/2016 at 3:38 PM EDT and filed on 6/23/2016

**Case Name:** City of Detroit, Michigan
**Case Number:** 13-53846-tjt
**Document Number:** 11311

**Docket Text:**

ORDER OF THE COURT GRANTING MOTION FOR RECONSIDERATION (Docket # 11304) and VACATING ORDER OF THE COURT TO STRIKE (Docket # 11283): Upon review by the Court, IT IS ORDERED that the Request/Motion for Reconsideration of the Order to Strike the Response Filed by Creditor Dinah Lynn Bolton to the Debtor's Forty-Fourth Omnibus Objection to Certain Claims (Docket # 11304)is Granted, and the Order of the Court to Strike, entered on June 15, 2016 (Docket # 11283) is vacated. IT IS FURTHER ORDERED THAT *The Moving Party shall Serve a Notice of this Order on Parties Not Receiving Electronic Notice and File a Proof of Service.* So Ordered by /s/ Judge Thomas J. Tucker. (csiku)

*This Notice of Electronic Filing is the Official ORDER for this entry. No ORDER is attached.*

The following document(s) are associated with this transaction:

**13-53846-tjt Notice will be electronically mailed to:**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| In re: | Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## AMENDED ORDER SUSTAINING DEBTOR'S FORTY-FOURTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

Upon review of the forty-fourth objection to claims (Docket # 11162, the "Objection"),[1] of the Debtor, City of Detroit, Michigan (the "City"), seeking entry of an order disallowing and expunging each of the claims listed on Exhibit 2 to the Objection; and this Court having jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court finding that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court finding that venue of this proceeding and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409; and the relief requested in the Objection is in the best interests of the City and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and a hearing on the Objection having been held on June 15, 2016; and any objections or other responses to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted by this Order; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1. The Objection is sustained, to the extent of the relief provided in this Order.

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Objection.

2. Each of the proofs of claim listed on Exhibit 2 annexed to the Objection is disallowed and expunged in its entirety, under Section 502(b) of the Bankruptcy Code except for (a) claim number 3163 of Gerhard Eady; (b) claim number 3157 of Marlene Y. Robinson; (c) claim number 1794 of Gueelma Brown; (d) claim number 2414 of Jacqueline M. Jackson; (e) claim number 3213 of Fern Clement; (f) claim number 3091 of George A. Kaw; (g) claim number 3082 of Kim McCoy; (h) claim number 2455 of Brenda L. Davis; (i) claim number 2330 of Michelle Duff; (j) claim number 2440 of Darrell S. Carrington; (k) claim number 1476 of Diana Lynn Patillo; (l) claim number 2373 of Dinah Lynn Bolton;[2] (m) claim number 2258 of Henry Wolfe III; (n) claim number 3193 of James Capizzo; (o) claim number 2431 of Carla Smith; (p) claim number 1823 of Gladys M. Cannon; and (q) claim number 2831 of Gerald Moore. The City's objections to the proofs of claim identified in subparagraphs (a) – (l) of this paragraph were previously adjourned for further hearing to be held on August 31, 2016 at 1:30 p.m. by this Court's order at Docket # 11265. The City's objections to the proofs of claim identified in subparagraphs (m) – (q) of this paragraph are submitted for decision by the Court under the terms of this Court's Order filed on June 16, 2016, at Docket # 11291.

3. The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4. The City is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Objection.

---

[2] On June 15, 2016, the Court entered an order striking the response of Ms. Bolton for failure to cure a pleading deficiency. (Doc. No. 11283.) Ms. Bolton moved the Court to reconsider that order. (Doc. Nos. 11304, 11312.) On June 23, 2016, the Court granted the motion to reconsider and vacated its prior order to strike. (Doc. No. 11311.) Thus, Ms. Bolton's claim has been reinstated and the hearing on the objection to her claim will take place on August 31, 2016, if it is not resolved prior to that date.

5. Each claim and the objections by the City to each claim as addressed in the Objection and set forth on Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed and constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to such claim, and the Court expressly determines that there is no just reason for delay of the entry of the final judgment with respect to such claim. Any stay of this Order will apply only to the contested matter that involves such creditor and for which such stay has been granted or may be in effect, and will not act to stay the applicability or finality of this Order with respect to the other contested matters covered, and further provided that the City will have the right, but not the need, to submit a separate order with respect to contested matters or claims.

6. The City retains all of its rights to object, on the merits or any other basis, to any of the claims identified on Exhibit 2.

7. Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

8. Nothing in this Order is intended to, will constitute or will be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

**Signed on June 24, 2016**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge