# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST BETTY LETRICIA HAMBLIN

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Betty Letricia Hamblin ("Motion"). In support of this Motion, the City respectfully states as follows:

## I.      Introduction

1.      Despite having not filed a proof of claim in the City's bankruptcy case, Plaintiff Betty Letricia Hamblin ("Plaintiff") continues to prosecute her state court lawsuit seeking monetary damages on account of a pre-petition claim against the City.  In accordance with the Bar Date Order, the City seeks an order barring and permanently enjoining Plaintiff from asserting her claim against the City or

26982317.1\022765-00213

property of the City, and requiring that Plaintiff dismiss the City with prejudice from the state court lawsuit.

## II.     Factual Background

### A.     The Bar Date Order

2.     On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3.     On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Doc. No. 1782) ("Bar Date Order").

4.     The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City.  Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

5.     Paragraph 22 of the Bar Date Order also provided that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the**

- 2 -

**City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

6.     The Bar Date Order also approved the form and manner of notice of the Bar Dates.  *See e.g.* Bar Date Order ¶¶ 3, 23-26.  In accordance with the Bar Date Order, notice of the General Bar Date was published in several newspapers. (Doc. Nos. 3007, 3008, 3009).

7.     The Bar Date Order also provided that this Court retained "jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order."  Bar Date Order ¶ 29.

### B.     Plaintiff's State Court Action

8.     In violation of the automatic stay, on June 19, 2015, Betty Letricia Hamblin filed a complaint against the City of Detroit, in the Circuit Court for the County of Wayne, case number 15-008084-NF ("Complaint").  The Complaint is attached as Exhibit 6.

9.     Plaintiff alleges that on or about May 13, 2013, she was riding in a City of Detroit bus when she sustained personal injuries as a result of being struck by a foreign object.  Complaint ¶ 7.  Plaintiff did not file a proof of claim in the City's bankruptcy case.

## III.    Argument

10.     Pursuant to the Bar Date Order, Plaintiff is "forever barred, estopped and enjoined from…asserting any claim against the City or property of the City."  Bar Date Order ¶ 22.  Through her state court lawsuit, however, Plaintiff is asserting a claim against the City.  As Plaintiff's actions violate the Bar Date Order, her claim against the City must be dismissed with prejudice.

## IV.    Conclusion

11.     The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing Plaintiff to dismiss, or cause to be dismissed, the City with prejudice from the state court lawsuit; (b) permanently barring, estopping and enjoining Plaintiff from asserting the claim alleged in, or claim related to, the state court lawsuit against the City or property of the City; and (c) prohibiting Plaintiff from sharing in any distribution in this bankruptcy case.  The City sought, but did not obtain, concurrence to the relief requested in the Motion.

Dated: July 12, 2016

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.


By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

- and -


CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
James Noseda (P52563)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

26982317.1\022765-00213

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## EXHIBIT LIST

Exhibit 1          Proposed Order

Exhibit 2          Notice of Opportunity to Object

Exhibit 3          None

Exhibit 4          Certificate of Service

Exhibit 5          None

Exhibit 6          Complaint

26982317.1\022765-00213

**EXHIBIT 1 – PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER GRANTING CITY OF DETROIT'S MOTION TO
ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND
3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM
AND APPROVING FORM AND MANNER OF NOTICE THEREOF
AGAINST BETTY LETRICIA HAMBLIN**

This matter, having come before the Court on the Motion to Enforce Order,
Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy
Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and
Approving Form and Manner of Notice Thereof Against Betty Letricia Hamblin
("Motion")[1], upon proper notice and a hearing, the Court being fully advised in the
premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.     The Motion is granted.

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to
them in the Motion.

2.      Within five days of the entry of this Order Betty Letricia Hamblin shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Betty Letricia Hamblin, Plaintiff, vs. The City of Detroit, Defendant*, filed in the Wayne County Circuit Court and assigned Case No. 15-008084-NF.

3.      Betty Letricia Hamblin is permanently barred, estopped and enjoined from asserting the claim arising from or related to her state court action identified in paragraph 2 above against the City of Detroit or property of the City of Detroit.

4.      Betty Letricia Hamblin is prohibited from sharing in any distribution in this bankruptcy case.

5.      The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**EXHIBIT 2 – NOTICE**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST BETTY LETRICIA HAMBLIN**

The City of Detroit has filed papers with the Court requesting the Court to enforce the Order, Pursuant To Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against Betty Letricia Hamblin.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the *City Of Detroit's Motion To Enforce Order, Pursuant To Sections 105, 501, and 503 Of The Bankruptcy Code and Bankruptcy Rules 2002 and 3003(C), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice*

*Thereof Against Betty Letricia Hamblin,* within 14 days, you or your attorney must:

1.   File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2.   If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated:  July 12, 2016

# EXHIBIT 3 – NONE

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 12, 2016, he served a copy of the foregoing *CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST BETTY LETRICIA HAMBLIN* upon counsel for Betty Letricia Hamblin, in the manner described below:

Via first class mail and email:

L. Louie Andreopoulos
Andreopoulos & Hill PLLC
28900 Woodward Ave
Royal Oak, MI 48067-0942
andhilllaw@sbcglobal.net

DATED:  July 12, 2016

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

## EXHIBIT 5 – NONE

# EXHIBIT 6 – Complaint

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO.<br>15-008084-NF<br>Hon. Muriel Hughes |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-2415

| **Plaintiff**<br><br>HAMBLIN, BETTY LETRICIA | v | **Defendant**<br><br>THE CITY OF DETROIT |
|---|---|---|
| **Plaintiff's Attorney**<br><br>Lambros L. Andreopoulos, P-45136<br>28900 Woodward Ave<br>Royal Oak, MI 48067-0942 | | **Defendant's Attorney**<br><br>*mail*<br><br>*LP* |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.11[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>6/19/2015 | This summons expires<br>9/18/2015 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**

☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

_____     _____

Date                              Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.



Law Offices of Andreopoulos & Hill, PLLC
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991 : Fax 248-399-9996

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

BETTY LETRICIA HAMBLIN

       Plaintiff,

vs.

THE CITY OF DETROIT,

       Defendant.

_____/

L. LOUIE ANDREOPOULOS (P45136)
DAVID T. HILL (P48771)
Attorneys for Plaintiff
Andreopoulos & Hill, PLLC
28900 Woodward Ave.
Royal Oak, MI 48067
(248) 399-9991 / (248) 399-9996 (fax)

_____/

Case No. 15-     NF
Hon.

15-008084-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
6/19/2015 11:42:36 AM
CATHY M. GARRETT

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, BETTY LETRICIA HAMBLIN, by and through her attorneys, ANDREOPOULOS & HILL, PLLC, and complaining against the above-named Defendant, respectfully represents to this Honorable Court, as follows:

### COUNT I – GENERAL AVERMENTS

1.    Plaintiff, at all times relevant hereto, is and was a resident of the County of Wayne, State of Michigan.

2.    Defendant, THE CITY OF DETROIT, is an entity licensed to conduct business in the County of Wayne and State of Michigan, and at all times relevant hereto was

regularly doing business and/or established in the County of Wayne and State of Michigan.

3. The incident complained of herein occurred on May 13, 2013 in the County of Wayne and State of Michigan.

4. The amount in controversy herein exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

## COUNT II – NO-FAULT CLAIM AS TO DEFENDANT

5. Plaintiff re-alleges and incorporates by reference all the preceding paragraphs of this Complaint, as though more fully set forth herein.

6. Defendant is in the business of selling automobile insurance and/or is otherwise authorized to conduct business in the County of Wayne and State of Michigan, and/or are otherwise doing business and/or established in the County of Wayne and State of Michigan, and/or are otherwise charged with the responsibility for prompt payment of no fault claims, in such case made and provided.

7. On or about the date and time aforesaid, the Plaintiff was a passenger on a City of Detroit bus, and while in the course and scope of occupying the City of Detroit bus, during said time when the bus was being used and/or operated as a motor vehicle, the Plaintiff was caused to sustain and suffer various disabling personal injuries, as the result of the bus being struck by a foreign object.

8. During the time the Plaintiff sustained injury, Plaintiff was in the course and scope of using and occupying the bus, as a motor vehicle, while said bus was being used and/or operated as a motor vehicle.

Law Offices of Andreopoulos & Hill, PLLC
28900 Woodward Avenue
Royal Oak, MI 48967
(248) 399-9991: Fax 248-399-9996

Law Offices of Andreopoulos & Hill, PLLC
28900 Woodward Avenue
Royal Oak, MI 48967
(248) 399-9991; Fax 248-399-9996

9. On said date and at all times material herein, pursuant to MCLA Sec. 500.3101 et seq., there was an insurance policy in full force and effect which provided Personal Protection Benefits to Plaintiff including, but not limited to:

A. Loss of income for the first three (3) years after the date of accident.

B. Expenses (maximum $20 per day) reasonably incurred for necessary services in lieu of those the injured Plaintiff would have performed for the benefit of Plaintiff or Plaintiff's dependents, including replacement services.

C. All reasonable charges, unlimited in amount, for medical and/or rehabilitative expenses and hospital charges, including attendant care services.

D. Reasonable and necessary travel expenses to obtain medical care or attention, including mileage reimbursement.

E. Others to be determined as discovery reveals.

10. As a result of said automobile accident, Plaintiff incurred:

A. Medical expenses.

B. Hospital expenses.

C. Lost earnings.

D. Lost services, including attendant care and other expenses for which Defendant is obligated to pay.

E. Others to be determined as discovery reveals.

11. Although demand for payment of the same has been made, Defendant unreasonably and unlawfully refuses or neglects to pay Plaintiff all Personal Protection Benefits in accordance with MCLA 500.3101 et seq.

12. Although reasonable proof has been supplied, and proper notice under the no fault act, and under all other applicable acts, was given to Defendant regarding the claims made for no fault benefits, Defendant has unreasonably refused to

make payment in accordance with MCLA 500.3101, et seq., although more than thirty (30) days have passed since supplying Defendant with same.

13. All conditions precedent to recovery have been performed or have occurred.

14. Although requested to do so, Defendant has failed or refuses and/or neglected to pay Plaintiff benefits provided in accordance with MCLA 500.3101 et seq., under said policy of insurance and as of this date, the Defendant owes Plaintiff:

    A. Loss of income.

    B. Medical and/or hospital expenses and/or medical supplies and attention.

    C. Necessary replacement services.

    D. Reasonable and necessary travel expenses.

    E. Attendant care services.

    F. Others to be determined as discovery reveals.

15. Plaintiff has suffered and continues to suffer dire and imminent financial hardship by Defendant's wrongful acts and in this regard is without an adequate remedy at law.

16. The insurance policy above-referred under which Plaintiff brings this action is:

    A. Claimant:                  Betty Letricia Hamblin

17. The amount in controversy herein exceeds the sum of Twenty-Five Thousand Dollars ($25,000).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award damages in Plaintiff's favor and against Defendant in whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

Respectfully submitted,

ANDREOPOULOS & HILL, PLLC

/s/ *Louie Andreopoulos*

L. LOUIE ANDREOPOULOS (P45136)
DAVID T. HILL (P48771)
Attorneys for Plaintiff
28900 Woodward Ave.
Royal Oak, MI 48067
(248) 399-9991

Dated: June 17, 2015

Law Offices of Andreopoulos & Hill, PLLC
28900 Woodward Avenue
Royal Oak, MI 48967
(248) 399-9991: Fax 248-399-9996

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

BETTY LETRICIA HAMBLIN

        Plaintiff,               Case No. 15-    NF
                                     Hon.

vs.

THE CITY OF DETROIT,

        Defendant.
_____/

L. LOUIE ANDREOPOULOS (P45136)
DAVID T. HILL (P48771)
Attorneys for Plaintiff
Andreopoulos & Hill, PLLC
28900 Woodward Ave.
Royal Oak, MI 48067
(248) 399-9991 / (248) 399-9996 (fax)
_____/

*(left margin, vertical)* Law Offices of Andreopoulos & Hill, PLLC / 28900 Woodward Avenue / Royal Oak, MI 48967 / (248) 399-9991: Fax 248-399-9996

## DEMAND FOR JURY TRIAL

    NOW COMES the Plaintiff, by and through Plaintiff's attorneys, ANDREOPOULOS

& HILL, PLLC, and hereby demands a trial by jury of the within cause.

                   Respectfully submitted,

                   ANDREOPOULOS & HILL, PLLC

                   /s/ *Louie Andreopoulos*
                   L. LOUIE ANDREOPOULOS (P45136)
                   DAVID T. HILL (P48771)
                   Attorneys for Plaintiff
                   28900 Woodward Ave.
                   Royal Oak, MI 48067
Dated: June 17, 2015        (248) 399-9991

LAW OFFICES OF

# ANDREOPOULOS & HILL, PLLC

*Attorneys & Counselors*

L. LOUIS ANDREOPOULOS
DAVID T. HILL
TODD P. RUTLEDGE
BRIAN J. WAGNER
FANCY YALDO
MEGAN MULDER

28900 Woodward Avenue
Royal Oak, MI 48067

TELEPHONE: (248) 399-9991
FACSIMILE: 248-399-9996
E-MAIL: andhilllaw@sbcglobal.net

SUPPORT STAFF

AMANDA ARAFAT
SALLYKAYE RAHN
JULES PALM
MICHELLE HUNTOON
KYLE BRYANT
JONATHON COSTIGAN
LYNN CZUBAY

August 12, 2015

**VIA CERTIFIED MAIL 7014 1200 0001 8119 4953**
**RETURN RECEIPT REQUESTED**

City of Detroit
Law Department
2 Woodward Ave., Ste. 500
Detroit, MI 48226

      RE:   Betty Jean Hamblin vs. The City of Detroit
             Wayne County Circuit Court Case No.: 15-008084-NF

Dear Sir/Madam:

      Enclosed is a Summons and Complaint and Demand for Jury Trial, in a matter in which you are the Defendant. It is recommended that you provide these documents to your attorney and/or insurance carrier and have them contact this office immediately.

      If you chose to not hire an attorney or provide your [insurance carrier/legal counsel] with these documents, please be advised that you have 28 days in which to respond to this Complaint. If no response is received by you or your representative within that time period, we will be forced to enter a Default Judgment.

      If you have any questions and/or concerns, please do not hesitate to call this office at your earliest convenience.

                  Sincerely,

                Andreopoulos & Hill, PLLC

                L. Louie Andreopoulos

/mlh
Encls.