# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST DANNY CROWELL, LEOTA MURPHY AND JASMINE CROWELL

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Danny Crowell, Leota Murphy and Jasmine Crowell ("Motion"). In support of this Motion, the City respectfully states as follows:

## I.       Introduction

1.       Despite having not filed proofs of claim in the City's bankruptcy case, Plaintiffs Danny Crowell, Leota Murphy and Jasmine Crowell (collectively, the "Plaintiffs") continue to prosecute their state court lawsuit seeking monetary damages on account of pre-petition claims against the City. In accordance with the

26987812.1\022765-00213

Bar Date Order, the City seeks an order barring and permanently enjoining the Plaintiffs from asserting their claims against the City or property of the City, and requiring that the Plaintiffs dismiss the City with prejudice from the state court lawsuit.

## II.    Factual Background

### A.    The Bar Date Order

2.    On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3.    On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Doc. No. 1782) ("Bar Date Order").

4.    The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City.  Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

5.    Paragraph 22 of the Bar Date Order also provided that:

Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "<u>Unscheduled Claim</u>"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

6.     The Bar Date Order also approved the form and manner of notice of the Bar Dates. *See e.g.* Bar Date Order ¶¶ 3, 23-26.  In accordance with the Bar Date Order, notice of the General Bar Date was published in several newspapers. (Doc. Nos. 3007, 3008, 3009).

7.     The Bar Date Order also provided that this Court retained "jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order."  Bar Date Order ¶ 29.

## B.     Plaintiffs' State Court Action

8.     On May 20, 2016, the Plaintiffs filed a complaint against the City of Detroit and Raul Villanueva Perez, in the Circuit Court for the County of Wayne,

case number 16-006433-NI ("Complaint").  The Complaint is attached as Exhibit 6.

9.     Plaintiffs allege that on June 3, 2013, they were all riding in a vehicle that was involved in a collision with another vehicle being driven by Raul Villanueva Perez in the course of his employment with the City of Detroit. Complaint ¶ 7-11.  Plaintiffs allege that they each sustained personal injuries as a result of the accident.  Complaint ¶ 21, 27, 32.  None of the Plaintiffs filed a proof of claim in the City's bankruptcy case.

### III.    Argument

10.     Pursuant to the Bar Date Order, Plaintiffs are "forever barred, estopped and enjoined from…asserting any claim against the City or property of the City."  Bar Date Order ¶ 22.  Through their state court lawsuit, however, the Plaintiffs are asserting claims against the City.  As the Plaintiffs' actions violate the Bar Date Order, their claims against the City must be dismissed with prejudice.

### IV.    Conclusion

11.     The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing each of the Plaintiffs to dismiss, or cause to be dismissed, the City with prejudice from the state court lawsuit; (b) permanently barring, estopping and enjoining the Plaintiffs from asserting the claims alleged in, or claims related to, the state court lawsuit

26987812.1\022765-00213

against the City or property of the City; and (c) prohibiting the Plaintiffs from sharing in any distribution in this bankruptcy case. The City sought, but did not obtain, concurrence to the relief requested in the Motion.

Dated: July 12, 2016

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

- and -

CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

- 5 -

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## EXHIBIT LIST

Exhibit 1          Proposed Order

Exhibit 2          Notice of Opportunity to Object

Exhibit 3          None

Exhibit 4          Certificate of Service

Exhibit 5          None

Exhibit 6          Complaint

# EXHIBIT 1 – PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST DANNY CROWELL, LEOTA MURPHY AND JASMINE CROWELL

This matter, having come before the Court on the Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Danny Crowell, Leota Murphy and Jasmine Crowell ("Motion")[1], upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.      The Motion is granted.

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Motion.

2.    Within five days of the entry of this Order:

    (a)    Danny Crowell shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Danny Crowell, Leota Murphy and Jasmine Crowell vs. City of Detroit and Raul Villanueva Perez*, *Defendants*, filed in the Wayne County Circuit Court and assigned Case No. 16-006433-NI.

    (b)    Leota Murphy shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Danny Crowell, Leota Murphy and Jasmine Crowell vs. City of Detroit and Raul Villanueva Perez*, *Defendants*, filed in the Wayne County Circuit Court and assigned Case No. 16-006433-NI.

    (c)    Jasmine Crowell shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Danny Crowell, Leota Murphy and Jasmine Crowell vs. City of Detroit and Raul Villanueva Perez, Defendants, filed in the Wayne County Circuit Court* and assigned Case No. 16-006433-NI.

3.    Danny Crowell, Leota Murphy and Jasmine Crowell are permanently barred, estopped and enjoined from asserting the claims arising from or related to their state court action identified in paragraphs 2(a) – (c) above against the City of Detroit or property of the City of Detroit.

4.    Danny Crowell, Leota Murphy and Jasmine Crowell are prohibited from sharing in any distribution in this bankruptcy case.

5.    The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

## EXHIBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST DANNY CROWELL, LEOTA MURPHY AND JASMINE CROWELL**

The City of Detroit has filed papers with the Court requesting the Court to enforce the Order, Pursuant To Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against Danny Crowell, Leota Murphy and Jasmine Crowell.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the *City Of Detroit's Motion To Enforce Order, Pursuant To Sections 105, 501, and 503 Of The Bankruptcy Code and Bankruptcy Rules 2002 and 3003(C), Establishing Bar*

*Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against Danny Crowell, Leota Murphy and Jasmine Crowell,* within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated: July 12, 2016

# EXHIBIT 3 – NONE

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 12, 2016, he served a copy of the foregoing *CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST DANNY CROWELL, LEOTA MURPHY AND JASMINE CROWELL* upon the person listed below, and in the manner described below:

Counsel to Danny Crowell, Leota Murphy and Jasmine Crowell, via first class mail and email:

Joseph Dedvukaj
The Joseph Dedvukaj Firm PC
1277 W Square Lake Rd
Bloomfield Hills, MI 48302-0845
jdlawfirm@aol.com

DATED:  July 12, 2016

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

# EXHIBIT 5 – NONE

26987812.1\022765-00213

# **EXHIBIT 6 – Complaint**

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO.<br>16-006433-NI<br>Hon. Muriel Hughes |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-2415

| Plaintiff<br>CROWELL, DANNY | v | Defendant<br>CITY OF DETROIT |
|---|---|---|
| **Plaintiff's Attorney**<br>Joseph Dedvukaj, P-51335<br>1277 W Square Lake Rd<br>Bloomfield Hills, MI 48302-0845 | | **Defendant's Attorney** |

RECEIVED
MAY 25 2016
CITY OF DETROIT
LAW DEPARTMENT

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>5/20/2016 | This summons expires<br>8/19/2016 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☒ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☒ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no.<br>15-008010-NF | Judge<br>Muriel Hughes | Bar no.<br>36362 |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

4-20-16
_____
Date     Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.



MC 01 (5/15) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

jp

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DANNY CROWELL, LEOTA MURPHY, AND JASMINE CROWELL,

Plaintiffs,                                        16-              -NI

Vs.

CITY OF DETROIT AND RAUL VILLANUEVA PEREZ., Jointly or Severally,

Defendants.

16-006433-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
5/20/2016 8:43:10 AM
CATHY M. GARRETT

JOSEPH DEDVUKAJ (P51335)

Attorney for Plaintiffs

1277 West Square Lake Road

Bloomfield Hills, Michigan 48302

(248) 352-2110

Email: jdlawfirm@aol.com

_____/

There was a previous lawsuit assigned to Judge Muriel Hughes, Case#15-008010-NF.

## COMPLAINT

Now Come the Plaintiff, Danny Crowell, Leota Murphy, and Jasmine Crowell, by and through their attorneys The Joseph Dedvukaj Firm, P.C., by Joseph Dedvukaj and for their complaint against the defendants, states:

1. Plaintiffs are all residents of the County of Wayne, State of Michigan.

2. Defendant, City of Detroit, conducts a regular and systematic part of its business in Wayne County, State Of Michigan.

1

3. Defendant, Raul Villanueva Perez, is upon information and belief a resident of Wayne County, Michigan.

4. Defendant, Raul Villanueva Perez, was in the course and scope of his employment driving a City of Detroit bus at the time of the negligent acts.

5. The amount in controversy exceeds $25,000.

## COUNT I – NEGLIGENCE

6. Plaintiff incorporates by reference paragraph 1 – 5.

7. On June 3, 2013, at approximately 11:20 a.m., the plaintiffs' Danny Crowell, Leota Murphy, and Jasmine Crowell were passenger of Ford vehicle being driven by Beverly A. Crowell.

8. Defendant Raul Villanueva Perez was the operator of a Ford F-150 Pick-up truck bearing Plate#089X3331 and VIN#1FTRF12W09KB16040.

9. Defendant Raul Villanueva Perez was acting within the course and scope of his employment with the City of Detroit.

10. Plaintiffs' were stopped on Cadillac Square at the Randolph intersection, waiting for the red light to change.

11. Defendant Raul Villanueva Perez was heading eastbound behind the Plaintiffs' on Cadillac Square, when he suddenly and without warning struck the plaintiffs' in the rear.

12. At the time of the collision, Defendant Raul Villanueva Perez was found to be at fault by City of Detroit investigating police Willie Johnson (Badge#154).

13. At the time of the accident the defendant was driving too fast for the road conditions.

14. Plaintiffs are free of any fault.

2

15. On said date, the Defendant, Raul Villanueva Perez, committed acts and omissions of negligence, which are based upon a violation of the statutes of the State of Michigan, in the following manner:

    A. Defendant failed to keep an assured clear distance;

    B. Defendant failed to maintain control of his vehicle at all times;

    C. Defendant was driving too fast to maintain control of the vehicle;

    D. Defendant failed to maintain an assured clear distance from other vehicles lawfully using the roadway;

    E. Defendant was going too fast for the road conditions to maintain control of the vehicle;

    F. Defendant failed to keep a proper lookout and otherwise pay attention to the road ahead; and

    G. Defendant may have been negligent in some other manner which discovery may show.

16. Discovery will show that defendants City of Detroit owned the subject bus and is liable on the basis of the owner's liability statute, respondeate superior, and negligent entrustment.

17. Defendant City of Detroit is not immune from suit because plaintiffs' claim negligent operation of a government owned vehicle.

## DAMAGES

18. Plaintiff incorporates by reference paragraph 1 – 17.

19. Defendants acts and omissions of negligence were a proximate cause of the plaintiffs' injuries.

20. At the time of the motor vehicle collision, the plaintiff Danny Crowell was 52 years old and in good general health.

3

21. Plaintiff Danny Crowell's injuries constitute a serious impairment of an important bodily function which affected and continues to affect his ability to lead a normal life and serious permanent disfigurement within the meaning of the no-fault act.

22. Plaintiff's injuries, include but are not limited to, his headache; dizziness; low back; neck; vestibular dysfunction; C3-4 spondylosis; cervical disc herniation; myeloradicular syndrome; anterior spondylolisthesis of L5 in relation to S1 with bilateral spondylolysis in L5; lumbar radiculopathy right L5 and bilateral S1; post-traumtic cephalgia; ; underwent facet nerve rhizotomy; underwent transforaminal epidural injections; cervical myofascitis; post-traumatic cephalgia; bilateral sacrolitis; and injuries to other parts of his body as well as other related and appreciable difficulties, injuries, or consequences that have occurred, developed, or aggravated any pre-existing problem which might existed.

23. Plaintiff Danny Crowell has lost wage and her earning capacity in the past, present and future.

24. Plaintiff Danny Crowell has also incurred economic expenses which exceed no-fault insurance reimbursement and defendant is responsible to pay ay differential in medical expenses, replacement services and wages loss. Plaintiff is also seeking past, present, and future economic losses consisting of same.

25. At the time of the motor vehicle collision, the plaintiff Leota Murphy was 60 years old and in good general health.

26. Plaintiff's injuries constitute a serious impairment of an important bodily function which affected and continues to affect her ability to lead a normal life and serious permanent disfigurement within the meaning of the no-fault act.

4

27. Plaintiff Leota Murphy's injuries, include but are not limited to, her low back; neck; right shoulder rotator cuff tear; right C5-6 radiculopathy; left carpal tunnel syndrome; herniated disc C4-7 with cord compression; neck; cervical myofascitis; post-traumatic cephalgia; anxiety; depression; cognitive deficits; right shoulder infraspinatus tendon partial thickness articular surface tear; right radiculopathy; and injuries to other parts of her body as well as other related and appreciable difficulties, injuries, or consequences that have occurred, developed, or aggravated any pre-existing problem which might existed.

28. Plaintiff Leota Murphy has lost wage and her earning capacity in the past, present and future.

29. Plaintiff Leota Murphy has also incurred economic expenses which exceed no-fault insurance reimbursement and defendant is responsible to pay ay differential in medical expenses, replacement services and wages loss. Plaintiff is also seeking past, present, and future economic losses consisting of same.

30. At the time of the motor vehicle collision, the plaintiff Jasmine Crowell was 22 years old and in good general health.

31. Plaintiff's injuries constitute a serious impairment of an important bodily function which affected and continues to affect her ability to lead a normal life and serious permanent disfigurement within the meaning of the no-fault act.

32. Plaintiff Jasmine Crowell's injuries, include but are not limited to, her low back; neck; disc bulges at C6-7; right C8-T1 radiculopathy; right S1 radiculopathy; right wrist; L4-5 disc bulge; cervical myofascitis; post-traumatic cephalgia; anxiety; depression; and injuries to other parts of her body as well as other related and appreciable difficulties, injuries, or consequences that have occurred, developed, or aggravated any pre-existing problem which might existed.

5

33. Plaintiff Jasmine Crowell has lost wage and her earning capacity in the past, present and future.

34. Plaintiff Jasmine Crowell has also incurred economic expenses which exceed no-fault insurance reimbursement and defendant is responsible to pay ay differential in medical expenses, replacement services and wages loss. Plaintiff is also seeking past, present, and future economic losses consisting of same.

Wherefore, the Plaintiffs, Danny Crowell, Leota Murphy, and Jasmine Crowell pray this Honorable Court will enter judgment against the Defendants, jointly or severally, and in favor of each of the plaintiffs' for an amount in excess of $25,000, deemed fair and just, and award attorney fees, costs, and interest so wrongfully incurred.

Respectfully submitted,

THE JOSEPH DEDVUKAJ FIRM, P.C.
By:/s/ Joseph Dedvukaj
 Joseph Dedvukaj (P51335)
 Attorney for Plaintiffs
 1277 West Square Lake Road
 Bloomfield Hills, Michigan 48302
Dated: May 19, 2016. (248) 352-2110

6