**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**REPLY IN SUPPORT OF DEBTOR'S**
**FORTY-SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**

**(No Basis – Expiration of Statute of Limitations)**

The City of Detroit ("City"), by its undersigned counsel, files this reply in support of its *Forty-Sixth Omnibus Objection to Certain Claims* ("Objection," Doc. No. 11294), stating as follows:

1.     On June 16, 2016, the City filed its Objection. The only response to the Objection was filed by Shante Gowens [Doc. No. 11367] ("Response"). Gowens's proof of claim and the Response are attached as Exhibits 1 and 2.

2.     The Response should be overruled. The City had objected to Gowens's proof of claim via the Objection because, no matter how one calculates the statute of limitations as regards her claim, the time for her to prosecute her claim has long passed.

- 1 -

## BACKGROUND

## The filed lawsuits

3.     On May 16, 2007, Gowens filed a lawsuit against Police Sergeant Roosevelt Tidwell ("Tidwell") and the City in the Circuit Court for the County of Wayne commencing case 07-713251-NO (the "State Case").

4.     In the State Case, Gowens alleged one count of sexual harassment based on incidents that she alleged occurred on February 7, 2007.

5.     On February 5, 2010, Gowens filed a lawsuit against Tidwell, the City, and a variety of other police officers in the District Court for the Eastern District of Michigan commencing case 2:10-cv-10518-DPH-RSW (the "Federal Case"; and with the State Case, the "Cases").

6.     In the Federal Case, Gowens alleged various counts under 42 U.S.C. § 1983 against the City and Tidwell and others.  She also alleged one claim of sexual harassment against the City and one claim of assault and battery against Tidwell.

7.     Summary judgment in favor of the City in the State Case was entered on October 12, 2011, and the matter was dismissed as to the City with prejudice. Judgment, Exhibit 3; *see also* Response, ¶ 5.

8.     The Federal Case was dismissed without prejudice as to the City on July 9, 2013.

## Bankruptcy-related actions

9. The City filed its bankruptcy petition on July 18, 2013 (the "Petition Date").

10. On September 9, 2014, the City filed a Stay Modification Notice (Doc. No. 7372), modifying the automatic stay and the subsequent plan injunction to permit Gowens to liquidate her claim in another forum.

11. Gowens took no action to liquidate her claim.

## ARGUMENT

## Michigan statutes of limitations

12. The statute of limitations for a sexual harassment claim in Michigan is three years, whether brought under state law or under 42 U.S.C. § 1983. *Hicks v. EPI Printers, Inc.*, 267 Mich. App. 79, 89 (2006) ("Typically, the applicable limitations for her sexual harassment claim is three years.") (citing M.C.L. § 600.5805(10)); *Kurzawa v. Mueller*, 545 F. Supp. 1254, 1259 (E.D. Mich. 1982) ("Congress, of course, did not provide a specific statute of limitations for s 1983. Therefore, the court must apply the most analogous state statute of limitations. Federal courts have held, almost unanimously, that Michigan's three-year catch-all personal injury statute of limitations.") (citations omitted).

13. M.C.L. § 600.5856 provides that a statute of limitations is tolled upon the filing of a lawsuit.

14.    Tolling only occurs, however, if the lawsuit is not decided against the plaintiff with prejudice, as the Sixth Circuit explained in *Wosniak v. Henderson*, 230 F.3d 1361 (6th Cir. 2000) (unpub. table dec'n) (attached as Exhibit 4).

15.    In *Wosniak*, James Wilkes, the boyfriend of plaintiff Nicole Wosniak, had been bound over for trial on criminal sexual conduct but released on bond on April 6, 1994. *Id.* at *1.  That evening, Wilkes abducted Wosniak, brought her to a hotel, and raped and brutalized her. *Id.*  Wosniak's sister filed a missing person report with the Dearborn Heights Police Department. *Id.*

16.    The next morning, a friend of Wosniak called 911 and told the dispatcher that Wilkes and Wosniak might be at Wilkes's trailer in Milford Township. *Id.*  The dispatcher and the friend went to the trailer, but Wilkes had already left, taking Wosniak to another hotel, where he again raped and brutalized Wosniak for another nine hours. *Id.*  Eventually, Wilkes was apprehended and convicted of crimes resulting from these acts. *Id.*

17.    Wosniak sued the City of Dearborn, the dispatcher, and others in Michigan state court, alleging gross negligence. *Id.*  Her amended complaint was eventually dismissed with prejudice under the public duty doctrine. *Id.* at *2.

18.    On February 24, 1999, Wosniak filed a new state court lawsuit alleging claims under 42 U.S.C. § 1983. *Id.*  The case was removed to the District Court for the Eastern District of Michigan. *Id.*  A motion to dismiss was filed on

the basis that the new suit was time barred. *Id.* The district court was concerned that "this is a terrible, terrible fact situation, which . . . may have no remedy now," but nonetheless granted the motion to dismiss with prejudice. *Id.*

19. The Sixth Circuit affirmed on appeal. *Id.* at *3. The court explained

> State law governs the question of whether an applicable state statute of limitations is tolled in a § 1983 action. The relevant state statute under Michigan law is Mich. Comp. Laws § 600.5856, which provides in pertinent part: The statutes of limitation or repose are tolled: (a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant . . . .

> [. . .]

> Appellant conceded before the district court, but contests here, that the tolling provision only applies where the prior adjudication was not adjudicated on the merits. Her earlier position was correct. Michigan courts interpret the tolling statute to cover instances where litigation was commenced but dismissed on grounds other than a determination of the merits. Tolling is triggered only when a prior action is dismissed for ministerial procedural flaws, not when, as here, the prior action was dismissed with prejudice for failure to state a claim.

> [. . .]

> Appellant's first action was dismissed because she failed to state a claim on which relief could be granted. Such decision was "on the merits," for both res judicata and tolling purposes. Therefore, the statute of limitations was not tolled and Appellant's second action is barred.

*Id.* at *3-4 (citations omitted).

20.     Thus, Michigan's tolling statute "does not apply if the prior dismissal was on the merits." *Patton v. Village of Cassopolis*, No. 1:13-CV-124, 2013 WL 3929989 at *2 (W.D. Mich. July 29, 2013) (attached as Exhibit 5).

## Application to Gowens's claim

21.     Gowens asserts that the incidents giving rise to her claims took place on February 7, 2007.  Response, ¶ 2.

22.     Absent any extenuating circumstance, the statute of limitations as to these claims would have expired on February 7, 2010.

23.     Although Gowens filed the State Case in May of 2007, the matter was decided against her on the merits as relates to the City.  Thus, the filing of the State Case did not toll the statute of limitations as to her claims against the City. *Wosniak*, 230 F.3d at 161; *Patton*, 2013 WL 3929989.

24.     The Federal Case was filed on February 5, 2010, just two days before the statute of limitations was set to expire.

25.     When the Federal Case was dismissed without prejudice as to the City on July 9, 2016, the limitations period began running again.[1]  It expired two days later on July 11, 2016, a week before the City filed its petition.

26.     Thus, the claims Gowens might have asserted against the City were time-barred as of the Petition Date and she had no basis to file a proof of claim.

[1] This assumes *arguendo* that any claims against the City survived the *res judicata* effect of the summary judgment and dismissal with prejudice of the State Case.

27.     Even if, for the sake of argument and contrary to case law, the State Case <u>did</u> somehow toll the statute of limitations, it would still not avail Gowens, as the time to prosecute her claim has expired.

28.     As of May 16, 2007, when Gowens filed the State Case, 99 days had elapsed from February 7, 2007, the date on which Gowens alleged that her claim arose.

29.     If, *arguendo*, the State Case tolled the statute of limitations, then Gowens would be deemed in litigation with the City from May 16, 2007, through March 9, 2012, via the State Case, and also from February 5, 2010, through July 9, 2013, via the Federal Case.

30.     Under this assumption, 108 days had run under the respective three-year statutes of limitation when the City filed its bankruptcy petition on July 18, 2013 (99 days from February 7, 2007, to May 16, 2007, plus 9 additional days from July 9 to July 18, 2013).

31.     As Gowens admits, 11 U.S.C. § 108(c) provides that the time for filing an action against the debtor provided by a statute of limitations applicable under nonbankruptcy law does not expire until the later of the time when (a) the period would normally expire or (b) 30 days "after notice of the termination or expiration of the stay . . . ." 11 U.S.C. § 108(c).

32.     A three-year statute of limitations runs for 1095 days (3 x 365).

27092364.2\022765-00213

33.     Because 108 days of the 1095 days had elapsed, 987 days remained under the statute as of July 18, 2013, the City's Petition Date.

34.     Adding 987 days to the Petition Date yields a date of March 31, 2016.

35.     Thus, under these assumptions, Gowens had to liquidate her claim by March 31, 2016.  She cannot argue that she was prevented from doing so because the Stay Modification Notice terminated they stay to the extent necessary for her to liquidate her claim.  *See Walker v. RDR Real Estate*, No. 14-2183, 2016 WL 123932 (6th Cir. Jan. 12, 2016) (interpreting City's Alternative Dispute Resolution Order and finding that a Stay Modification Notice terminates the automatic stay for purposes of 11 U.S.C. § 108(c) at most 35 days after it is filed).

36.     In sum, though the City does not believe the State Case could toll the statute of limitations since it was decided against Gowens on the merits, it does not really matter.  Under the most generous possible of interpretations, the three-year statute of limitations that began on February 7, 2007, expired by March 31, 2016.  Gowens cannot now argue that she still can assert this claim against the City.

### Gowens's assertion that the Stay Modification Notice made litigation of her claim "optional" is both incorrect and irrelevant

37.     Gowens responds that Bankruptcy Code § 108(c) is not applicable because the Stay Modification Notice permitted, but did not mandate, the liquidation of her claim in a non-bankruptcy forum.  This argument fails for a number of reasons.

- 8 -

38.     First, although relief from the automatic stay did not *require* Gowens to take any particular action, her failure to do anything to preserve her rights can have consequences, such as the running of the statute of limitations. A party may no more sleep on its rights in the bankruptcy setting than it can outside of it.

39.     Second, as noted above, the Sixth Circuit in *Walker* found that a stay modification notice in the City's bankruptcy case terminates the stay for purposes of Bankruptcy Code § 108(c). 2016 WL 123932. The stay is terminated 35 days after the stay modification notice is filed for Multiple-Party Tort Claims and immediately for all others.[2]

40.     Third, the *Shamus* case cited by Gowens has no application here. Response, ¶ 14; *In re Shamus Holdings, LLC*, 642 F.3d 263 (1st Cir. 2011).

41.     In *Shamus*, a mortgage creditor sought to enforce its liens after the automatic stay terminated. *Id.* at 265-66. Although the creditor may have been able to file an extension of the limitations period without violating the stay, the court held that the filing of an extension was an alternate remedy to the remedy of enforcing the lien under the Massachusetts Obsolete Mortgages Statute. *Id.* at 266. Because the enforcement of the lien was stayed, the creditor was permitted to

---

[2] Unlike in *Walker*, the claim here is not a Multiple-Party Tort Claim and thus the stay was terminated immediately upon filing of the Stay Modification Notice. *See* Stay Modification Notice at 2. As set forth below in paragraph 45, Tidwell's request for indemnification was rejected by the City Council years before the Petition Date.

choose that remedy and take advantage of the extension of the limitations period afforded by section 108(c). *Id.*

42.     No such issue is presented here. The statute of limitations had already run, so there was no claim for Gowens to assert in the City's bankruptcy case. But, assuming *arguendo* that it had *not* run as of the Petition Date, Gowen failed to take advantage of her only option to preserve her claim, which was to file an action to liquidate it. Her claim is thus barred by the statute of limitations. *See Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 912 (6th Cir. 1993) (holding that a claim is barred if not filed within the time prescribed by 11 U.S.C. § 108(c)).

### Gowens's plea for equitable relief is also misplaced

43.     Gowens then points to *In re Barker-Fowler Electric Company* in an attempt to plead for equitable relief. 141 B.R. 929 (Bankr. W.D. Mich. 1992). She claims that the *Barker-Fowler Electric Company* court "**retroactively modified an automatic stay to preserve a personal injury suit**" (emphasis in original). Response, ¶ 24. Of course, that court did no such thing. "Based on the discussion above, this court holds that although retroactive modification of the stay to a date certain beyond the filing date is authorized under § 362(d), it is not warranted under these facts." *Barker-Fowler Elec. Co.*, 141 B.R. at 938. Indeed, that Court found that annulment of the stay could only be done "in extreme or extraordinary circumstances" and that retroactive modification of the stay required circumstances

- 10 -

"even more extraordinary and limited than annulment." *Id.* at 937 n.15, 938. Gowens points to no such circumstances here. If the circumstances in *Wosniak* were insufficient to prevent the statute of limitations from running, they cannot be sufficient here for the Court to grant extraordinary relief in an attempt to resurrect a claim that has already been decided against Gowens on the merits in the State Case and where the statute of limitations expired pre-petition.

### Claim against Tidwell

44. Finally, Gowens asserts that "***At the very least, her claim against the City for enforcement of the judgment against Tidwell, certainly remains valid***" (emphasis in original). This is also incorrect, as Gowens cannot assert such a claim. To the extent that the City has an obligation to indemnify its employees, that right does not run to third party claimants, and thus is not a right that Gowens could assert against the City. Gowens points to no authority to the contrary.

45. In any event, the City Council voted *not* to indemnify Tidwell. On May 28, 2010, a resolution that would have authorized City representation and indemnification of Tidwell was brought before the City Council upon Tidwell's request. Corporation counsel recommended a "NO" vote on the resolution and the City Council did, in fact, reject the resolution by unanimous vote. *See* Record of 2010 City Counsel Actions, p. 1917 (Exhibit 6).

- 11 -

46.     Thus, even if Gowens were to prove that she could assert whatever right to indemnification Tidwell had, he no longer has one.  There is nothing for Gowen to claim she can enforce.

## CONCLUSION

For these reasons, the City asks the Court to overrule the Response and sustain the City's Objection to each of the claims objected to in the Objection.

Dated: July 15, 2016

<div style="margin-left:40%">

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    Ronald A. Spinner (P73198)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

    and

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan  48226
    Telephone: (313) 237-0470
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

</div>

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 15, 2016, he caused a copy of

the ***REPLY IN SUPPORT OF DEBTOR'S FORTY-SIXTH OMNIBUS***

***OBJECTION TO CERTAIN CLAIMS (No Basis – Expiration of Statute of***

***Limitations)*** to be served upon counsel for Shante Gowens, as listed below, via

first class mail and email:

David A. Dworetsky
Fieger Fieger Kenney & Harrington PC
19390 W 10 Mile Rd
Southfield, MI 48075-2458
Email: d.dworetsky@fiegerlaw.com


Dated: July 15, 2016

<div style="text-align:right">

By: /s/ Marc N. Swanson
   Marc N. Swanson (P71149)
   Ronald A. Spinner (P73198)
   150 West Jefferson, Suite 2500
   Detroit, Michigan 48226
   Telephone: (313) 496-7591
   Facsimile: (313) 496-8451
   swansonm@millercanfield.com

</div>

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT  EASTERN DISTRICT OF MICHIGAN | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br><br>City of Detroit, Michgian<br>Roosevelt Tidwell | Case Number:<br><br>13-53846 |
|---|---|

**FILED**

FEB 2 1 2014

US Bankruptcy Court
MI Eastern District ONLY

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Shante Gowens

Name and address where notices should be sent:
Fieger, Fieger, Kenney, Giroux & Harrington, P.C.
19390 West Ten Mile Road
Southfield, Michigan 48075

Telephone number:  (248) 355-5555    email:  m.ratton@fiegerlaw.com; b.craigo@fiegerlaw.com

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):




Telephone number:                email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

FEB 2 4 2014

KURTZMAN CARSON CONSULTANTS

**1. Amount of Claim as of Date Case Filed:**      $_____3,000,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  Personal Injury/Assault
(See instruction #2)

| **3. Last four digits of any number** by which creditor identifies debtor: | **3a. Debtor may have scheduled account as:**<br><br>_____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>_____<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❏ Real Estate  ❏ Motor Vehicle  ❏ Other
**Describe:**

**Value of Property: $**_____

**Annual Interest Rate**_____% ❏ Fixed  or  ❏ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

1353846140221000000000292

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**RECEIVED**

**FEB 2 4 2014**

**KURTZMAN CARSON CONSULTANTS**

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Michael T. Ratton
Title:  Attorney
Company:  Fieger, Fieger, Kenney, Giroux & Harrington
Address and telephone number (if different from notice address above):

(Signature)  2/20/14  (Date)

Telephone number:	email:

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing.  Follow the instructions concerning whether to complete items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.  You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.)  A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices.  If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**PROOF OF CLAIM**

**ADDENDUM**

TABLE OF CONTENTS

1. United States District Court for the Eastern District of Michigan Complaint, Case No. 2:10-cv-10518-DPH-RSW

2. Plaintiff's Case Evaluation Summary

3. Case Evaluation Award

1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SHANTE S. GOWENS,

    Plaintiff,

v.

                                Case No:

Sgt. ROOSEVELT TIDWELL, THE CITY OF    Hon:
DETROIT, Lt. REGINA ALLEN, Cmr. BRIAN
ASTERE, SGT. PAMELA BOLDIN, Sgt. ERIC BUCY,
Chief ELLA BULLY-CUMMINGS, Sgt. MARK
CAMPEAU, Sgt. DURELLE COOPER, Sgt.
KIMBERLY GABRIEL, Sgt. STEVIE HAYES, Ofr
JAMAL HAMOOD, Sgt. HELEN HUNTER, Cmr.
HERBERT MOORLAND, Deputy Chief JOYCE
MOTLEY, Sgt. NAPOLEON, Lt. GASPER ROSSI, Sgt.
MICHAEL SCHMIT, Cmr. SERDA, Cmr. BRIAN R.
STAIR, Inv. SHEILA STALLINGS, Sgt. LAURA
STANTON, Lt. PASTELLA WILLIAMS,
Jointly and Severally,

    Defendants.

                                                     /

GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI  48075
(248) 355-5555
(248) 355-5148 (fax)
t.weglarz@fiegerlaw.com

                                                     /

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

## COMPLAINT AND DEMAND FOR JURY TRIAL

Another civil action between these parties and/or arising out of
the same transaction or occurrence as alleged in this Complaint
was previously filed in the Wayne County Circuit Court, in
Detroit, MI - *Gowens v City of Detroit, et al,* Case No. 07-
713261-NO – and was assigned to the Honorable Wendy M.
Baxter. The action remains pending.

                      */s/ Todd J. Weglarz*
                    Todd J. Weglarz (P48035)

1

1.      At all times relevant, Plaintiff SHANTE S. GOWENS was a resident of the City of Detroit, County of Wayne, State of Michigan.

2.      At all times relevant, Defendant Sgt. ROOSEVELT TIDWELL (hereinafter "TIDWELL") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a "policy maker" having the high supervisory rank of "Sergeant", and was acting in the course and scope of his employment with the Detroit Police Department.

3.      At all times relevant to this litigation, Defendant CITY OF DETROIT was and is a municipal corporation, duly organized and carrying on governmental functions in the City of Detroit, County of Wayne, State of Michigan.

4.      At all times relevant, Defendant Lt. REGINA ALLEN (hereinafter "ALLEN") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of her employment with the Detroit Police Department.

5.      At all times relevant, Defendant Cmr. BRIAN ASTERE (hereinafter "ASTERE") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a "policy maker" having the high supervisory rank of "Commander", and further acting as supervisor over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

6.      At all times relevant, Defendant Sgt. PAMELA BOLDIN (hereinafter "BOLDIN") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of her employment with the Detroit Police Department.

2

7.     At all times relevant, Defendant Sgt. ERIC BUCY (hereinafter "BUCY") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

8.     At all times relevant, Defendant Police Chief ELLA BULLY-CUMMINGS (hereinafter "BULLY-CUMMINGS) was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a "policy maker" having the high supervisory rank of "Chief of Police", and was acting in the course and scope of her employment with the Detroit Police Department.

9.     At all times relevant, Defendant Sgt. MARK CAMPEAU (hereinafter "CAMPEAU") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

10.     At all times relevant, Defendant Sgt. DURELLE COOPER (hereinafter "COOPER") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

11.     At all times relevant, Defendant Sgt. KIMBERLY GABRIEL (hereinafter "GABRIEL") was an employee of Defendant CITY OF DETROIT via its police department, working in the DPD "Internal Affairs" Department / Unit, and was acting under color of state law, and in the course and scope of her employment with the Detroit Police Department.

12.     At all times relevant, Defendant Ofr JAMAL HAMOOD (hereinafter "HAMOOD") was an employee of Defendant CITY OF DETROIT via its police department,

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

3

and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

13.     At all times relevant, Defendant Sgt. STEVEI HAYES (hereinafter "HAYES") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

14.     At all times relevant, Defendant Sgt. HELEN HUNTER (hereinafter "HUNTER") was an employee of Defendant CITY OF DETROIT via its police department, working in the DPD "Internal Affairs" Department / Unit, and was acting under color of state law, and in the course and scope of her employment with the Detroit Police Department.

15.     At all times relevant, Defendant Cmr. HERBERT MOORLAND (hereinafter "MOORLAND") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

16.     At all times relevant, Defendant Deputy Chief JOYCE MOTLEY (hereinafter "MOTLEY") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of her employment with the Detroit Police Department.

17.     At all times relevant, Defendant Sgt. NAPOLEON (hereinafter "NAPOLEON") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

4

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

18.    At all times relevant, Defendant Lt. GASPER ROSSI (hereinafter "ROSSI") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

19.    At all times relevant, Defendant Sgt. MICHAEL SCHMIT (hereinafter "SCHMIT") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

20.    At all times relevant, Defendant Cmr. SERDA (hereinafter "SERDA") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

21.    At all times relevant, Defendant Cmr. BRIAN R. STAIR (hereinafter "STAIR") was an employee of Defendant CITY OF DETROIT via its police department, working in the DPD "Internal Affairs" Department / Unit, and was acting under color of state law, and in the course and scope of her employment with the Detroit Police Department.

22.    At all times relevant, Defendant Inv. SHEILA STALLINGS (hereinafter "STALLINGS") was an employee of Defendant CITY OF DETROIT via its police department, working in the DPD "Internal Affairs" Department / Unit, and was acting under color of state law, and in the course and scope of her employment with the Detroit Police Department.

23.    At all times relevant, Defendant Sgt. LAURA STANTON (hereinafter "STANTON") was an employee of Defendant CITY OF DETROIT via its police department,

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

5

and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

24.    That all individual Defendants identified above acted in concert with Defendant TIDWELL and that hereinafter all allegations against TIDWELL are equally applicable to these Defendants.

25.    That Plaintiff brings this suit against each and every Defendant in both their individual and official capacities.

## JURISDICTION AND VENUE

26.    That this action arises under the United States Constitution, particularly under the provisions of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

27.    That this Court has jurisdiction of this action under the provisions of Title 28 of the United States Code, Sections 1331 and 1343, and also has pendent jurisdiction over all state claims that arise out of the nucleus of operative facts common to Plaintiff's federal claims.

28.    That each and every act of Defendants, as set forth herein, were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the County of Wayne, City of Detroit, State of Michigan, and by virtue of, and under the authority of, each individual Defendant's employment with Defendant CITY OF DETROIT's Police Department.

29.    The amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, and is otherwise within the jurisdiction of this Court.

6

30.    That during the early morning hours of February 7, 2007, Plaintiff - a twenty-one (21) year old female - and a male acquaintance, were lawfully driving their motor vehicle near Chandler Park in the City of Detroit.

31.    That at this time, Defendant Sgt. TIDWELL was working his shift as an employed City of Detroit police officer / sergeant, driving a marked City of Detroit Police Department scout car as he engaged in performing police patrol services near said Chandler Park.

32.    That at this time, Defendant TIDWELL spotted and observed Plaintiff and her acquaintance in their motor vehicle, at which time Defendant TIDWELL maneuvered his scout car behind Plaintiff's car and activated its flashers to engage in a police stop of Plaintiff and her acquaintance.

33.    After pulling over and stopping Plaintiff's vehicle, Defendant TIDWELL, in full police uniform, existed his flasher activated scout car and approached Plaintiff's vehicle with a flashlight shining into the faces of Plaintiff, her acquaintance, and the vehicle in which they were seated.

34.    That Defendant TIDWELL then announced he was a police officer and demanded Plaintiff and her acquaintance produce identification.

35.    After taking and inspecting the requested identification, Defendant TIDWELL then ordered Plaintiff and her male acquaintance to move their vehicle into Chandler Park, specifically directing them to a dark, secluded area.

36.    That Plaintiff and her male acquaintance, both of whom were seated in the front seats of their vehicle, asked Defendant TIDWELL the reason they were stopped, pulled over, and

7

now directed into Chandler Park, to which Defendant TIDWELL responded "do as I say or you will go to jail or be issued a $500 ticket".

37.    Defendant TIDWELL then opened one of the rear passenger doors of Plaintiff's vehicle and seated himself in the back seat of Plaintiff's vehicle.

38.    From his position in the back seat, Defendant TIDWELL then ordered Plaintiff and Plaintiff's male acquaintance to perform sexual acts in the front seat of the vehicle. Specifically, Defendant TIDWELL ordered Plaintiff's male acquaintance to perform oral sex upon Plaintiff; and specifically, Defendant TIDWELL ordered Plaintiff to subject herself to sexual acts upon her person to be performed by her male acquaintance.

39.    That Defendant TIDWELL made it very clear that the sexual acts ordered by him needed to be performed as a pre-condition to avoid going to jail, and as a pre-condition to avoid receiving a $500 ticket.

40.    That Defendant TIDWELL forced Plaintiff to engage in unconsented to sexual acts - and therefore sexual assaults - for a period of thirty to forty five minutes, as Defendant TIDWELL watched from the back seat of Plaintiff's vehicle, in full uniform armed with his City of Detroit Police Department issued badge and firearm.

41.    That while being forced to the submission of the sexual assaults as described above, Defendant TIDWELL physically fondled Plaintiff's private areas with his hands / fingers.

42.    That after Plaintiff was sexually assaulted as described above, Defendant TIDWELL ordered Plaintiff to provide him with her telephone number.

43.    That after Plaintiff and her male acquaintance were finally released by Defendant TIDWELL (with no ticket, citation, or even a write up being issued to them), Defendant

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

8

TIDWELL continued to intimidate, harass, and violate Plaintiff's privacy and other rights secured by law by constantly calling Plaintiff on her private telephone line.

44.     That Plaintiff reported the incident to the Defendant CITY OF DETROIT's Police Department's Internal Affairs Division.

45.     That Plaintiff's harassment, assault, and intimidation by Defendant TIDWELL continued as Defendant CITY OF DETROIT compelled Plaintiff to continue submitting herself to contacts with defendant TIDWELL under the pretense of "catching him in the act" before they would take any action to stop, arrest, and/or otherwise prevent Defendant TIDWELL from his continued assaults against the public, including Plaintiff.

46.     That only after Defendant TIDWELL's similar sexual assaults committed against two other couples during the month of April of 2007 were made public did Defendant CITY OF DETROIT finally take action against defendant TIDWELL so as to remove him from the force – temporarily – and initiate law enforcement actions to ensure criminal charges were finally pursued and filed.

47.     That as a direct and proximate result of the above and below described actions, Plaintiff did and will continue to suffer damages, including, but not limited to:

  a.   Subjected to various sex assaults;

  b.   Reasonable medical and hospital expenses;

  c.   Pain and suffering, including physical and emotional distress;

  d.   Loss of wages;

  e.   Loss of earning capacity;

  f.   Any other damages properly recoverable under Michigan law, including exemplary damages;

  g.   Any and all punitive damages allowed under Federal law

9

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

h. Any other damages ascertained during discovery on this matter.

## COUNT I

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC §1983

### DEFENDANTS TIDWELL, ALLEN, ASTERE, BOLDIN, BUCY, BULLY-CUMMINGS, CAMPEAU, COOPER, GASPEROSSI, HAYES, HAMOOD, MOORLAND, MOTLEY, NAPOLEON, ROSSI, SCHMIT, SERDA, STAIR, STANTON, and WILLIAMS

48.    Plaintiff hereby reasserts and re-alleges Paragraphs 1 thru 28 as if fully set forth herein.

49.    That pursuant to 42 USC §1983, as well as the 4th, 8th, and 14th Amendments to the United States Constitution, Defendant TIDWELL owed Plaintiff the duty to act prudently, with reasonable care, and to otherwise avoid engaging in a False Arrest, the use of unnecessary, unreasonable, excessive force, and certainly to refrain from engaging in extortion, sexual assault, and other unlawful acts.

50.    That after engaging in an unlawful, false arrest, the use of unnecessary, unreasonable, excessive force, and engaging in extortion, sexual assault, and other unlawful acts, Defendant TIDWELL thus violated the plaintiff's rights under 42 USC §1983 as well as the 4th, 8th, and 14th Amendments to the United States Constitution.

51.    That the remaining individual Defendants identified in this count implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of Defendant TIDWELL.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

($75,000.00) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages.

## COUNT II

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC §1983
### DEFENDANTS CITY OF DETROIT & BULLY-CUMMINGS

52.     Plaintiff hereby reasserts and re-alleges Paragraphs 1 thru 31 as if fully set forth herein.

53.     That at all times relevant, to this Complaint, Defendant CITY OF DETROIT, through its police department, Chief of Police, including Chief of Police Defendant BULLY-CUMMINGS, Chief Deputy, Commander in Chief, supervisors, and other policymakers, pursued policies, practices, and customs that were the direct, motivating force, and proximate cause of, Defendant TIDWELL's unconstitutional False Arrest, sex assault and other unlawful actions as described above, committed against Plaintiff, said actions not only violating Plaintiff's Constitutional rights, but were done with deliberate indifference and/or in a manner which shocks the conscience of an ordinary person.

54.     That these policies, practices, and customs include, but are not limited to:

a.  Failing to properly screen, train, supervise, discipline, in-service, transfer, counsel, or otherwise control police officers, including Defendant TIDWELL, who are / were known, or should have been known, to be engaging in unconstitutional conduct directed toward civilians and prisoners alike, including conduct amounting to excessive force, sexual assault, and / or extortion;

b.  Ratification of acts of unconstitutional conduct directed toward civilians and prisoners alike, including conduct amounting to excessive force, sexual assault, and / or extortion;

c.  A police code of silence wherein other officers and supervisors habitually cover up acts of unconstitutional conduct directed toward civilians and prisoners alike, including conduct amounting to excessive force, sexual assault, and / or extortion, by fabricating accounts to the media and in official reports and internal affairs

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

11

investigations, all of which are designed to falsely exonerate officers from potential civil, and criminal, liability;

d. Failing to properly train supervisors on the specific matters to review or monitor, which would be a "red flag" for an officer engaging in such unconstitutional conduct.

55.   That the *defendant facto* policy which has been created as a result of the above is evidenced by the following:

a. The City of Detroit police department leads the nation's largest cities in the rate of fatal police shootings;

b. The City of Detroit has failed to conduct thorough investigations in allegations of unjustified and/or excessive use of force, many and/or most of those investigations being mere superficial investigations;

c. The City of Detroit having had prior night patrol Sergeants utilize his / their position as a supervisory police officer to pull over members of the public and compel these civilians to engage in sexual acts with the officer or be issued a citation, with sufficient evidence showing that such conduct was caused by / a result of Defendant CITY OF DETROIT's unconstitutional custom, policies, and practices, per a prior order from this Court;

d. The City of Detroit having permitted a custom within the department such that officers were under the impression they could engage in unconstitutional conduct and "away with it" because of the above;

e. Defendant TIDWELL having engaged in the same type of unconstitutional conduct on multiple other occasions, including incidents which occurred in November of 2006, and April of 2007;

56.   That as a direct and proximate result of the Defendant CITY OF DETROIT'S unconstitutional policies, practices, and customs, and its deliberate indifference, as more fully described above, Plaintiff suffered injuries and damages as more specifically described above.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages.

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

## COUNT III

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC §1983 - DEFENDANTS ASTERE, GABRIEL, HUNTER, STAIR, & STALLINGS

57.    Plaintiff hereby reasserts and re-alleges Paragraphs 1 thru 41 as if fully set forth herein.

58.    That pursuant to 42 USC §1983, as well as the 4th, 8th, and 14th Amendments to the United States Constitution, Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS owed Plaintiff the duty to act prudently, with reasonable care, with Due Process, and to otherwise avoid engaging in a False Arrest, False Imprisonment, the use of unnecessary, unreasonable, excessive force, and certainly to refrain from pushing / coercing Plaintiff into a situation whereby she would be subjected to further unlawful and improper conduct by her assailant Defendant TIDWELL.

59.    After Plaintiff reported Defendant TIDWELL's conduct to the Detroit Police Department, from which Defendants already determined that Plaintiff's likely assailant was Defendant TIDWELL, Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS pushed, coerced, and/or forced Plaintiff into engaging in further contact with her assailant Defendant TIDWELL, by having her engage in repeated phone discussions with Defendant TIDWELL which she was told to record, and to listen and go along with Defendant TIDWELL's improper and unlawful sexual comments and discussions.

60.    That Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS conduct violated Plaintiff's Constitutional rights, as said conduct amounted to an unlawful, false imprisonment, the use of unnecessary and unreasonable force, cruel and unusual punishment, and further violated Plaintiff's Due Process rights under the 4th, 5th, 8th, and 14th amendments to the United States Constitution.

13

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

61.    That as a direct and proximate result of Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS conduct as described above, Plaintiff suffered injuries and damages as more specifically described above, including further emotional distress, fright, and upset as a result of having to be mistreated by her assailant – unnecessarily – on multiple other occasions following her initial assault and extortion committed by Defendant TIDWELL.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars, and award costs, interest, and attorney fees, as well as punitive and/or exemplary damages.

## COUNT IV

### STATE LAW CLAIM FOR GROSS NEGLIGENCE
### DEFENDANTS ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS

62.    Plaintiff hereby reasserts and re-alleges Paragraphs 1 thru 46 as if fully set forth herein.

63.    At all times relevant, Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS owed Plaintiff the duty to act prudently, with reasonable care, with Due Process, to otherwise avoid engaging in a False Arrest, False Imprisonment, and/or the use of unnecessary, unreasonable, excessive force, and certainly to refrain from pushing / coercing Plaintiff into a situation whereby she would be subjected to further unlawful and improper conduct by her assailant Defendant TIDWELL.

64.    After Plaintiff reported Defendant TIDWELL's conduct to the Detroit Police Department, from which Defendants already determined that Plaintiff's likely assailant was Defendant TIDWELL, Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS

14

pushed, coerced, and/or forced Plaintiff into engaging in further contact with her assailant Defendant TIDWELL, by having her engage in repeated phone discussions with Defendant TIDWELL which she was told to record, and to listen and go along with, Defendant TIDWELL's improper and unlawful sexual comments and discussions.

65.    That Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS conduct violated Plaintiff's Constitutional rights, as said conduct amounted to an unlawful, false imprisonment, the use of unnecessary and unreasonable force, cruel and unusual punishment, and further violated Plaintiff's Due Process rights under the 4th, 5th, 8th, and 14th amendments to the United States Constitution.

66.    That Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS above described conduct breached the above duties, said conduct rising to the level of gross negligence as defined under MCL 691.1407, such that Defendants exhibited a reckless disregard for whether and injury resulted to Plaintiff.

67.    That as a direct and proximate result of Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS conduct as described above, Plaintiff suffered injuries and damages as more specifically described above, including further emotional distress, fright, and upset as a result of having to be mistreated by her assailant – unnecessarily – on multiple other occasions following her initial assault and extortion committed by Defendant TIDWELL.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars, and award costs, interest, and attorney fees, as well as punitive and/or exemplary damages.

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

15

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

## COUNT V

### SEXUAL HARASSMENT (VIOLATION OF MCLA 37.2101, *et seq*) DEFENDANTS ASTERE, GABRIEL, HUNTER, STAIR, STALLINGS, and CITY OF DETROIT

68.    Plaintiff hereby reasserts and re-alleges Paragraphs 1 thru 51 as if fully set forth herein.

69.    That under the State of Michigan Elliot-Larson Civil Rights Act (CRA), MCL 37.2101 *et seq*, the Defendants are precluded from denying Plaintiff the full and equal enjoyment of the "goods, services, facilities, privileges, advantages, or accommodations of a *public service*" on account of Plaintiff's sex.

70.    That Plaintiff was denied public services because of her sex, and was subjected to unlawful "quid pro quo" sexual harassment as defined under MCL 37.2103(i), in direct violation of the Michigan CRA by way of illustration and not limitation:

> a. Essentially forcing / coercing Plaintiff to engage in further contact / discussions with Defendant TIDWELL, knowing full well the discussions would be of an unwelcomed sexual nature, as a condition to receiving further police services in the form of investigation / prosecution of Defendant TIDWELL;
>
> b. Other actions revealed during the course of discovery;

71.    That as a direct and proximate result of the conduct of Defendants, Plaintiff suffered the injuries and damages enumerated above.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars, and award costs, interest, and attorney fees, as well as punitive and/or exemplary damages.

16

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

## COUNT VI

### ASSAULT AND BATTERY - DEFENDANT TIDWELL

72.     Plaintiff hereby reasserts and re-alleges Paragraphs 1 thru 56 as if fully set forth herein.

73.     That at the time of the above incident, Defendant TIDWELL intentionally and unlawfully threatened, and did do, an unconsented to touching of the bodily person of Plaintiff, under circumstances which created a well founded fear of imminent peril, coupled with the apparent present ability to carry out the act.

74.     That the above actions perpetrated against Plaintiff's person amount to common law and statutory assault and battery under Michigan law.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages allowed by law.

Respectfully submitted,

Fieger, Fieger, Kenney, Johnson & Giroux, P.C.

/s/ Todd J. Weglarz
GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

Dated: February 5, 2010

17

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANTE S. GOWENS,

     Plaintiff,

v.
                           Case No:

Sgt. ROOSEVELT TIDWELL, THE CITY OF    Hon:
DETROIT, Lt. REGINA ALLEN, Cmr. BRIAN
ASTERE, SGT. PAMELA BOLDIN, Sgt. ERIC BUCY,
Chief ELLA BULLY-CUMMINGS, Sgt. MARK
CAMPEAU, Sgt. DURELLE COOPER, Sgt.
KIMBERLY GABRIEL, Sgt. STEVIE HAYES, Ofr
JAMAL HAMOOD, Sgt. HELEN HUNTER, Cmr.
HERBERT MOORLAND, Deputy Chief JOYCE
MOTLEY, Sgt. NAPOLEON, Lt. GASPER ROSSI, Sgt.
MICHAEL SCHMIT, Cmr. SERDA, Cmr. BRIAN R.
STAIR, Inv. SHEILA STALLINGS, Sgt. LAURA
STANTON, Lt. PASTELLA WILLIAMS,
Jointly and Severally,

     Defendants.

_____/

GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
(248) 355-5148 (fax)
t.weglarz@fiegerlaw.com

_____

### **DEMAND FOR JURY TRIAL**

NOW COMES Plaintiff, SHANTE S. GOWENS, by and through her attorneys, FIEGER,

FIEGER, KENNEY & JOHNSON, P.C., who hereby requests a trial by jury in the above-

captioned matter.

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

18

Respectfully submitted,

/s/ Todd J. Weglarz
GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI  48075-2463
(248) 355-5555

Dated: February 5, 2010

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX  ·  A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

19

2

SHANTE GOWENS

    Plaintiff,

v.

SGT. ROOSEVELT TIDWELL and THE CITY OF
DETROIT, Jointly and Severally,

    Defendants.

07-713261 NO 5/16/2007
JDG:WENDY M BAXTER
GOWENS SHANTE S
    vs
TIDWELL ROOSEVELT SGT

/

GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
(248) 355-5148 (fax)
t.weglarz@fiegerlaw.com

SUE HAMMOUD (P64542)
City of Detroit Law Dept
Attorney for Defendant City
1650 First National Bldg.
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

JOHN A. SCHAPKA (P36731)
Attorney for Defendant Tidwell
City of Detroit Law Department
1650 First National Building
Detroit, MI 48226
(313) 237-3062
(313) 224-5505 (fax)
Schaj@detroitmi.gov

/

## PLAINTIFF'S CASE EVALUATION SUMMARY

**I.**    **INTRODUCTION**

    This case arises out of the infamous Chandler Park sex abuse cases involving DPD Sgt. Roosevelt Tidwell. For months, Sgt. Tidwell preyed upon vulnerable couples, who were in or near the Chandler Park late at night. Defendant Tidwell's usual "shtick" was to threaten the young couple with a loitering ticket and a trip to the precinct jail ....***unless*** ... the couple

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

1

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

agreed to perform sexual acts in front of the 6 foot, 230 pound, visibly armed, DPD Sergeant.

Defendant Tidwell was finally "busted" in April of 2007, and was charged with 16 felonies in six separate criminal cases. Defendant Tidwell pled "No Contest" to two counts of CSC 3rd Degree, and is currently serving his 7 – 15 year sentence at the Oaks Correctional Facility. [**Ex A,** News Article; **Ex B** MDOC Offender Site].



**Figure 1 Sgt. Roosevelt Tidwell receives his sentence.**

Plaintiff Shante Gowens - twenty-one years old at the time - was one of Sgt. Tidwell's victims. On February 7, 2007, while sitting in a car parked in Chandler Park, Ms. Gowens was forced to perform sexual acts with her male partner while Sgt. Tidwell watched from the back seat. Notwithstanding the Defendant City of Detroit's refusal to indemnify Sgt. Tidwell, the City of Detroit is directly liable for Sgt. Tidwell's actions under Michigan's Elliot Larsen Civil Rights Act (ELCRA), as Ms. Gowens was denied the right to receive public services (ie, police services)    without    discrimination    on    account    of    his    sex.[1]

---

[1] The panel may recall Amos Williams receiving a $7.5 million dollar verdict on a virtually identical claim against the City of Detroit and its sexual assailant employee, Sgt. Witherspoon (after pulling women over for traffic stops, Sgt. Witherspoon threatened a ticket and jail time unless the motorist agreed to pose for topless photographs). [**Ex C,** *Diamond v City of Detroit,* 265 Mich App 673 (2005)].

2

## II. FACTS

Plaintiff spent most of the late afternoon and evening of February 6, 2007, babysitting at a friend's house (on Cadieux). Babysitting was officially over at 7pm, once Plaintiff's friend returned home. Though Ms. Gowens intended to spend the night, she later changed her mind when her friend started to throw a party later that evening (Ms. Gowens did not consume any alcohol this evening). After making a few calls to find a ride, she reached her friend David Brown, a married man with children. Mr. Brown picked up Plaintiff at approximately 12:30 am in a burgundy, four door SUV.

To get to Plaintiff's home, Mr. Brown travelled on the service drive near Chandler Park, at which time Mr. Brown & Ms. Gowens were suddenly "pulled over" by a blue and white police care which abruptly activated its lights and sirens. The late dark night could be heard whistling as the frigid February winds gusted by. The 6 foot, 230 pound, fully uniformed, and visible armed, Sgt. Tidwell slowly strutted toward the stopped and helpless four door burgundy vehicle. When he approached the driver's side window, Sgt. Tidwell ordered both occupants to produce identification. Confused and scared, since neither Mr. Brown nor Ms. Gowens did anything wrong to warrant a traffic stop, the frightened occupants nervously handed over their ID's. While still standing at the side window, Sgt. Tidwell quickly glanced at the identification cards, then matter-of-factly handed them back (he didn't even run them through the LIEN scanner in his patrol car).

Sgt. Tidwell paused for a moment, then ordered Mr. Brown and Ms. Gowens to pull into the park. Concerned and scared, Mr. Brown found the courage to ask the Sgt. why they were pulled over. Tidwell yelled "pull in the park and I will tell you." Mr. Brown complied with the armed officer's orders and pulled into the off road, dark, isolated park, as Sgt. Tidwell pulled up

3

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

behind them.

Sgt. Tidwell again strutted toward the old, burgundy vehicle, holding his flashlight which beamed through Plaintiff's parked vehicle. When Sgt. Tidwell reached the side window, Mr. Brown again asked why they were pulled over. The now angry Tidwell yelled out "I want to see you perform oral sex,, or both of you will get a $500 fine or go to jail" [Dep Gowens, p. 72, 77]. Sgt. Tidwell then quickly jumped into the back seat of the burgundy vehicle, through the rear passenger door.

While perched in the backseat, Sgt. Tidwell ordered Mr. Brown, several times, to perform oral sex on Ms. Gowens. Both Mr. Brown and Ms.Gowens were scared, and did not want to got to jail. Sadly, Ms. Gowens complied with the Sergeant's order as she slowly removed her pants while seated on the front seat bench of the car. With one leg down on the floor board, and the other leg lifted up on the front seat, Mr. Brown licked Shante's vagina for the sheer amusement of Sgt. Tidwell, who was enjoying his "back row" seat, aided by the bright light of his industrial strength, DPD issued, flashlight.

Not only did Sgt. Tidwell enjoy "watching" the pornography show he just choreographed, but he also made himself a main player by reaching over the seat, and grabbing Shante's breast with his hand, while at the same time grabbing Shante's hand and making her rub / touch his penis (outside of clothing). All of this occurred while Ms. Gowens was also being forced to have her vagina licked by Mr. Brown. Becoming extremely uncomfortable, Ms. Gowens garnered the courage in front of her armed assailant DPD Sergeant to push Mr. Brown away from her vagina, and abruptly start pulling up her pants.

Not happy, Defendant Sgt. Tidwell ordered Shante to get out of the car. Shante actually considered not listening to the officer, however, she was very afraid Tidwell may shoot her if she

4

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

did not. She then nervously complied with the order and saw that Tidwell immediately approached and confronted her. Having no shame or remorse whatsoever, Tidwell asked Shante if "she gave good oral". Shante said "no". Not discouraged with the power of his nag, Sgt. Tidwell then "asked" for Shante's phone number, followed by the warning "it better be the right number". Plaintiff begrudgingly complied, but was thankful that Tidwell finally let her leave. Shante was finally at her home at 2:30 am.

Several hours later, Sgt. Tidwell started to call and harass Plaintiff. His phone calls continued throughout the morning. Shante presented to the 9th precinct to file a report, but was turned away. After Tidwell called her again that morning, she called the precinct to again make a report, and was told someone would be out to her house to get her statement. No one ever arrived. Several hours later, Shante decided to call Internal Affairs directly, and finally someone was receptive to Shante's pleas for help.

The following day, Tidwell called Plaintiff again, and during their conversation, Defendant revealed his name, and IA was fingered Sgt. Tidwell as the assailant within a day or two after the incident. However, IA coerced Ms. Gowens into wearing a wire so that she could continue receiving Tidwell's telephone calls & engaging in discussions with her assailant, with the hop that they could capture even more incriminating evidence. Though uncomfortable with doing this, Plaintiff agreed, and had at least 4 more discussions with Tidwell, all of which were sexually deviant in nature.

Though the DPD had multiple recordings of Tidwell's conversations, phone records matching up Tidwell's calls with Plaintiff's phone number, the DPD failed to act upon this information and allowed Tidwell to roam the streets of Detroit a couple more months. In April of 2007, Tidwell was busted doing the exact same thing a group of motor vehicle occupants in

5

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

Chandler Park (he was caught only because the victims were courageous enough to report the incident to the DPD). Tidwell was finally arrested and charged with 16 different felonies related to the assaults. He pled guilty to at least two counts, and is currently in prison serving out his 14 year sentence.

## III.  LIABILITY

Plaintiff's claims against Defendant City of Detroit and its employee / supervisor, Defendant Sgt. Tidwell, arise out of Michigan's Elliot Larsen Civil Rights Act. Plaintiff asserts that her right to receive public services under the act was violated when said services (police services) were denied to Plaintiff on account of sex. Though Defendant City of Detroit will argue it is neither liable nor obligated to indemnify for, the actions of Defendant Tidwell since his conduct was outside the course and scope of his employment, this very same argument, applied to virtually identical facts, was denied by the Michigan Court of Appeals in the *Diamond v City of Detroit* case.

In *Diamond,* the City of Detroit was held directly liable, on a quid pro quo sexual harassment claim under ELCRA, for Defendant Sgt. Witherspoon's similar criminal actions, which included pulling over female motorists and forcing them to pose for topless pictures under the threat of receiving a ticket or going to jail. The relevant analysis in *Diamond* is as follows:

> The instant case is easily distinguishable because plaintiffs had public police services imposed on them by defendant, and they were not free to leave the public services environment created when Witherspoon stopped and detained each plaintiff. Witherspoon used his position as a uniformed police officer in a marked police car to stop each plaintiff, detain her against her will, exert authority over her, and finally humiliate and sexually assault her. In fact, Witherspoon made plaintiffs' compliance with his sexual advances a condition of releasing them from his police authority. Plaintiffs argue, and this Court agrees that unlike *Dockweiler,* plaintiffs were not free to "walk away" from Witherspoon, an on-

6

duty, uniformed police officer exerting apparent authority over plaintiffs. Moreover, in this case, plaintiffs alleged that Witherspoon stopped them for no legitimate public service reason, that Witherspoon required sexual favors as a quid pro quo for not arresting or ticketing them, that submission to Witherspoon's conduct was made a condition of obtaining police services, e.g., release from police custody, and that Witherspoon's actions had the effect of substantially interfering with the public services rendered to them, services to which they were entitled without regard to sex or sexuality.

To establish a claim of quid pro quo sexual harassment in the provision of public services, a plaintiff must demonstrate, by a preponderance of the evidence, that (1) he or she was subjected to unwelcome sexual conduct or communications as described in the statute, and (2) that the public service provider or the public service provider's agent used submission to or rejection of the proscribed conduct as a factor in a decision affecting the decision to provide public services. MCL 37.2103(i)

Plaintiffs were denied access to public accommodations or public services when Witherspoon committed the sex-based offenses. All three plaintiffs were subjected to unwelcome sexual conduct or communications as described in the statute when Witherspoon sexually propositioned, groped, and photographed them during what plaintiffs' believed was an authorized police stop of their respective vehicles. And Witherspoon, as a public service provider's agent, used plaintiffs' submission to or rejection of his advances as a factor in his decision to provide public services, i.e., to treat plaintiffs in the manner expected during an ordinary police stop and to properly terminate the stop rather than ask plaintiffs to submit to a sexual act in exchange for termination of the stop. MCL 37.2103(i); see also *Chambers, supra*, at 310. There is ample record evidence that plaintiffs' sex and submission to or rejection of sexual advances played the singular role in Witherspoon's decision to deny public services to plaintiffs. Defendant's argument that each of the three plaintiffs stated that she did not "make a deal" with Witherspoon to avoid being ticketed or arrested and that this undermines a claim for quid pro quo sexual harassment is without merit. The elements of a claim of quid pro quo sexual harassment do not require the victim to intend to bargain, or believe that he or she is bargaining, for a certain result when the victim makes the decision to submit to, or reject, the sexual advances. All that is required is that Witherspoon, as a public service provider's agent, used plaintiffs' submission to or rejection of his advances as a factor in his decision to provide or deny public services, which the record evidence shows he did. Plaintiffs established a sufficient case of quid pro quo sexual harassment to allow the cause of action to proceed to a jury determination.

*Diamond,* at 688-690.

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

The facts of this case are dead on with those in *Diamond* [see Ex C, full Mich App Opinion], and the City is likewise directly liable for Sgt. Witherspoon's virtually identical criminal actions committed against Plaintiff Shante Gowens.

## DAMAGES

Suffering a sexual assault by anyone is devastating, but at the hands and direction of an armed officer of the law, sworn to protect and serve the public, is debilitating. Since the incident, 21 year old Shante Gowens (now 25) has suffered from and struggled with Depression and Post Traumatic Stress Disorder. The incident has certainly compounded and opened up the issues she struggled with for years relating to her father having assaulted her as a young child (between the ages of 4 and 16).

Shante has been examined by The DPD's very own psychiatrist, Gerald Shiener, MD, who has opined that because of this traumatic / sexual abuse event, Plaintiff has a DSM IV Diagnosis of Posttraumatic Stress Disorder with secondary Depression; Rape with Compromise in Emotional Capacity; and a Global Access Functioning Score of only 45 (such a low score essentially precludes Plaintiff from any independence or obtaining gainful employment). [**Ex D**, Shiener Report].

It is estimated Shante's psychiatric treatment needs alone amount to at least **$234,000** (calculated by multiplying 30 years by an annual cost of $200/psychotherapy session x 24 sessions; medications $250/month). Loss of earning capacity, even if just straight-lined at $25k/year for 40 years (through age of 61 yo), amounts to **$1 million**. ***Thus, Plaintiff's very conservatively calculated economic damages total $1.24 million***.

8

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Plaintiff's <u>non-economic damages</u> caused by the assault related PTSD and depression, causing a GAF score of 45, and essentially ensuring Plaintiff will never be able to trust another male or authority figure again, easily amounts to **several million dollars** (in the above referenced *Diamond v City of Detroit* case, which had far less damages and far less egregious conduct that that involved herein, each Plaintiff was awarded $2.5 million dollars, for being photographed bare breasted).

For the reasons stated above, Plaintiff requests an award of **$4.25 million**.

Respectfully submitted,

Fieger, Fieger, Kenney, & Giroux, P.C.

GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

Dated: May 27, 2011

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

9

# 3

# Third Judicial Circuit of Michigan

**Case Title**
GOWENS SHANTE S v TIDWELL ROOSEVELT SGT

| Panel Date | Panel | Time | Case | Type |
|---|---|---|---|---|
| 05/31/2011 | 3 | 11:30 AM | 07 - 713 261 | NO |

| P48035 | Weglarz, Todd Joseph | (248) 355-5555 |
|---|---|---|
| P64542 | Hammoud, Souriana | (313) 237-5064 |
| P36731 | Schapka, John A. | (313) 237-3062 |

PL 1   **Gowens Shante S**
DF 2   **DETROIT CITY OF**
DF 3   **TIDWELL ROOSEVELT SGT**

## Case Evaluation Awards

**Award**
Amount: 150,000
☒ Unanimous
☒ Frivolous
Comment:
Dissenter:
For Party: 1
Against Party: 3
Parties: _____
☐ Accept ☐ Reject ☐ Limited Acceptance

**Award**
Amount: 1 Million
☒ Unanimous
☒ Frivolous
Comment:
Dissenter:
For Party: 1
Against Party: 2
Parties: _____
☐ Accept ☐ Reject ☐ Limited Acceptance

**Award**
Amount:
☐ Unanimous
☐ Frivolous
Comment:
Dissenter:
For Party:
Against Party:
Parties: _____
☐ Accept ☐ Reject ☐ Limited Acceptance

**Award**
Amount:
☐ Unanimous
☐ Frivolous
Comment:
Dissenter:
For Party:
Against Party:
Parties: _____
☐ Accept ☐ Reject ☐ Limited Acceptance

**ALL PARTIES NOT MENTIONED IN THE ABOVE AWARD(S) WERE NOT EVALUATED.**

MCR 2.403L (2)
THERE MAY BE NO DISCLOSURE OF A PARTY'S ACCEPTANCE OR REJECTION OF THE PANEL'S EVALUATION UNTIL THE EXPIRATION OF THE 28-DAY PERIOD.

PLEASE SIGN BELOW. THE ADR CLERK MUST BE NOTIFIED IN WRITING OF ACCEPTANCE OR REJECTION OF THIS EVALUATION MCR 2.403 L(1) **ON OR BEFORE: 06/28/2011**

Bar# _____ Signature: _____

PLEASE RETURN A SIGNED COPY TO THE MEDIATION TRIBUNAL ASSOCIATION
333 W. FORT SUITE 1500 DETROIT, MI 48226   PH 313-224-5606   FAX 313-967-3623

**Evaluators:**
Warfield Moore, Jr.
Emma Stephens
Jacob Schwartzberg   Nathan J. Caezel

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| | ) | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | ) | |
| | ) | Hon. Thomas J. Tucker |
| | ) | |
| Debtor. | ) | |

## RESPONSE OF SHANTE GOWENS TO DEBTOR'S FORTY-SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

Now comes SHANTE GOWENS ("Claimant"), by and through her undersigned counsel, and for her Response to Debtor's Forty-Sixth Omnibus Objection to Certain Claims, respectfully states as follows:

1.    This claim arises out of a case involving DPD Sgt. Roosevelt Tidwell.  For months, Sgt. Tidwell preyed upon vulnerable couples late at night, threatening young couples with a loitering ticket and a trip to the precinct jail, unless they would perform sexual acts in front of the 6 foot, 230 pound, visibly armed, DPD Sergeant.

2.    Claimant, 21 years old at the time, was one of his victims, on February 7, 2007.  She originally filed suit in Wayne County Circuit Court on May 16, 2007.  **(Exhibit 1)**.

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| | ) | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | ) | |
| | ) | Hon. Thomas J. Tucker |
| | ) | |
| Debtor. | ) | |

## RESPONSE OF SHANTE GOWENS TO DEBTOR'S FORTY-SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

Now comes SHANTE GOWENS ("Claimant"), by and through her undersigned counsel, and for her Response to Debtor's Forty-Sixth Omnibus Objection to Certain Claims, respectfully states as follows:

1.      This claim arises out of a case involving DPD Sgt. Roosevelt Tidwell. For months, Sgt. Tidwell preyed upon vulnerable couples late at night, threatening young couples with a loitering ticket and a trip to the precinct jail, unless they would perform sexual acts in front of the 6 foot, 230 pound, visibly armed, DPD Sergeant.

2.      Claimant, 21 years old at the time, was one of his victims, on February 7, 2007. She originally filed suit in Wayne County Circuit Court on May 16, 2007. (**Exhibit 1**).

3. While that action was still pending, she filed suit in the United States District Court for the Eastern District of Michigan. (**Exhibit 2**).

4. Both suits named the City of Detroit and Tidwell as Defendants.

5. While the City was eventually granted dispositive relief in the State Court action, the City was dismissed *without prejudice* from the Federal suit on July 9, 2013. (**Exhibit 3**). Claimant and Tidwell entered into a Consent Judgment for $300,000.00, entered by Order on July 9, 2013. (**Exhibit 4**).

6. The City of Detroit filed its petition for bankruptcy protection on July 18, 2013.

7. The instant claim should not be disallowed based upon an application of a limitations period.

8. Litigation was filed against the City of Detroit and Tidwell just over three months following the date of incident, tolling any statute of limitations.

9. Litigation continued against the City and Tidwell, with no interruptions, through July 9, 2013, during which time the statute of limitations continued to be tolled.

2

10.    The City of Detroit filed its petition for bankruptcy, triggering an automatic stay, only nine days later.

11.    At the time of this petition, the statute of limitations period against the City of Detroit had not expired.

12.    Pursuant to Section 108, if non-bankruptcy law sets a limitations period on a claim against a debtor, and such limitation period has not expired before the debtor filed his bankruptcy case, then such period does not expire until the later of (a) the end of such period; or (b) 30 days after notice of the termination or expiration of the stay.

13.    The Stay Modification of September 9, 2014, modified the stay solely to <u>permit</u> the liquidation of the claim in a non-bankruptcy forum.

14.    This option was voluntary, not mandatory, and has no effect on the automatic stay otherwise, and the statute of limitations expires pursuant to Section 108 accordingly. *See e.g., In re Shamus Holdings, LLC,* 642 F.3d 263 (1st Cir. 2011).  In that case, the First Circuit held that the automatic stay and tolling provision tolled the limitations period set by state law regardless of whether the creditor may have been able to extend the limitations period by recording an extension, an act that is excepted from the automatic stay by Section 262(b)(3).

3

15.     A creditor's rights temporarily restricted by the automatic stay continue to be tolled, regardless of whether there is an action the creditor *could* take.   Here, claimant's rights are protected throughout the claims process.

16.     Therefore, the earliest the statute of limitations could possibly expire for claimant to re-file suit against the City of Detroit for its own liability is 30 days after the expiration of the automatic stay.

17.     Moreover, Debtor's Objection ignores an additional aspect of her claim, which is enforcement against the City of the $300,000 Tidwell Consent Judgment.

18.     The Statute of Limitations as to this aspect of the claim, regardless of the above argument as to the claim directly against the City, does not expire until July 9, 2023.  MCL 600.5809(3).

19.     Therefore, the Debtor's instant objection to Claimant's claim should be denied, for the reason that the statute of limitations as to all aspects of Claimant's claim has not expired.  *At the very least, her claim against the City for enforcement of the judgment against Tidwell, certainly remains valid.*

20.     Alternatively, Claimant requests that this Honorable Court modify the Stay Modification such that it is clear that it has no effect on the

4

FEIGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

tolling of the limitations period caused by the automatic stay, and that Section 108 indeed controls.

21.     Claimant maintains that the ONLY effect the Stay Modification has is that it <u>permits</u> non-bankruptcy liquidation of her claim; it has no effect on the limitations period as controlled by Section 108.

22.     Nevertheless, to the extent this Court should disagree, Claimant respectfully requests that this Honorable Court retroactively modify the Stay Modification so that it is clear that it is to have no effect on limitations periods.

23.     The bankruptcy courts are entrusted with ***broad equitable powers*** to balance the interests of the affected parties. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984). "Equitable determinations are within the sound discretion of the bankruptcy judge . . ." *In re M.J. Waterman & Associates, Inc.*, 227 F.3d 604, 607 (6th Cir. 2000). *See e.g. In re Norman R. Hugues,* Case No. 06-14172, (E.D. Mich. 2006), allowing a late-filed claim.

24.     In *In the Matter of Barker-Fowler Electric Co., Debtor,* 141 B.R. 929 (1992), the Court refused to resolve whether the statute of limitations in that case had been tolled, and **retroactively modified an automatic stay to preserve a personal injury suit.** Claimant, herein, requests the same relief.

5

25. As Claimant's Proof of Claim amount of $3,000,000 has been reserved, there will be no prejudice to any party, let alone Debtor.

WHEREFORE, Claimant respectfully requests that this Honorable Court issue an Order DENYING Debtor's Forty-Sixth Omnibus Objection to Certain Claims as to Claimant's Claim.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
Attorneys for Claimant
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

July 13, 2016

FIEGER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

6

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:                                          )        Chapter 9
                                                )
                                                )        Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                      )
                                                )        Hon. Thomas J. Tucker
                                                )
Debtor.                                         )

## BRIEF IN SUPPORT OF RESPONSE OF
## SHANTE GOWENS TO DEBTOR'S FORTY-SIXTH
## OMNIBUS OBJECTION TO CERTAIN CLAIMS

Claimant relies upon the facts and law set forth in her Response to

Debtor's Forty-Sixth Omnibus Objection to Certain Claims, in support of

her Response.   Claimant respectfully requests that this Honorable Court

issue an Order DENYING Debtor's Forty-Sixth Omnibus Objection to

Certain Claims as to Claimant's Claim.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON,
P.C.

GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
Attorneys for *Claimant*
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

July 13, 2016

7

JURY FEE PAID
MAY 16 2007

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SHANTE S. GOWENS,

      Plaintiff,

v.

Sgt. ROOSEVELT TIDWELL and THE CITY OF DETROIT,

Jointly and Severally,

      Defendants.

_____/

07-713261 NO 5/16/2007
JDG:WENDY M BAXTER
GOWENS SHANTE S
vs
TIDWELL ROOSEVELT SGT

GEOFFREY N. FIEGER (P30441)
ROBERT M. GIROUX (P47966)
TODD J. WEGLARZ (P48035)
Fieger, Fieger, Kenney, Johnson & Giroux, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
(248) 355-5148 (fax)
t.weglarz@fiegerlaw.com

_____/

## COMPLAINT AND DEMAND FOR JURY

There is no other pending or resolved civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint.

_____
Todd J. Weglarz (P48035)

NOW COMES Plaintiff, SHANTE S. GOWENS, by and through her attorneys, FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX, P.C., and for her Complaint against the above named Defendants, states as follows:

    1.    That at all times relevant, Plaintiff SHANTE S. GOWENS was a resident of the City of Detroit, County of Wayne, State of Michigan.

FIEGER, FIEGER, KENNEY & JOHNSON • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

2.    That at all times relevant, Defendant Sgt. ROOSEVELT TIDWELL (hereinafter "TIDWELL"), was employed by Defendant CITY OF DETROIT, and was acting under color of state law as a police officer with the high supervisory rank of "Sergeant"within the City of Detroit, State of Michigan.

3.    That the amount in controversy exceeds twenty-five thousand ($25,000) Dollars, exclusive of costs, interest, and attorney fees, and this matter is otherwise within the jurisdiction of this Court.

4.    That during the early morning hours of February 7, 2007, Plaintiff - a twenty-one (21) year old female - and a male acquaintance were lawfully driving their motor vehicle near Chandler Park in the City of Detroit.

5.    That at this time, Defendant Sgt. TIDWELL was working his shift as an employed City of Detroit police officer / sergeant, driving a marked City of Detroit Police Department scout car as he engaged in performing police patrol services near said Chandler Park.

6.    That at this time, Defendant TIDWELL spotted and observed Plaintiff and her acquaintance in their motor vehicle, at which time Defendant TIDWELL maneuvered his scout car behind Plaintiff's car and activated its flashers to enage in a police stop of Plaintiff and her acquaintance.

7.    After pulling over and stopping Plaintiff's vehicle, Defendant TIDWELL, in full police uniform, existed his flasher activated scout car and approached Plaintiff's vehicle with a flashlight shining into the faces of Plaintiff, her acquaintance , and the vehicle in which they were seated.

2

FIEGER, FIEGER, KENNEY & JOHNSON • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

8.	That Defendant TIDWELL then announced he was a police officer and demanded Plaintiff and her acquaintance produce identification.

9.	After taking and inspecting the requested identification, Defendant TIDWELL then ordered Plaintiff and her male acquaintance to move their vehicle into Chandler Park, specifically directing them to a dark, secluded area.

10.	That Plaintiff and her male acquaintance, both of whom were seated in the front seats of their vehicle, asked Defendant TIDWELL the reason they were stopped, pulled over, and now directed into Chandler Park, to which Defendant TIDWELL responded "do as I say or you will go to jail or be issued a $500 ticket".

11.	Defendant TIDWELL then opened one of the rear passenger doors of Plaintiff's vehicle and seated himself in the back seat of Plaintiff's vehicle.

12.	From his position in the back seat, Defendant TIDWELL then ordered Plaintiff and Plaintiff's male acquaintance to perform sexual acts in the front seat of the vehicle. Specifically, Defendant TIDWELL ordered Plaintiff's male acquaintance to perform oral sex upon Plaintiff; and specifically, Defendant TIDWELL ordered Plaintiff to subject herself to sexual acts upon her person to be performed by her male acquaintance.

13.	That Defendant TIDWELL made it very clear that the sexual acts ordered by him needed to be performed as a pre-condition to avoid going to jail, and as a pre-condition to avoid receiving a $500 ticket.

14.	That Defendant TIDWELL forced Plaintiff to engage in unconsented to sexual acts - and therefore sexual assaults - for a period of thirty to forty five minutes, as Defendant TIDWELL watched from the back seat of Plaintiff's vehicle, in full uniform armed with his City of Detroit Police Department issued badge and firearm.

3

FIEGER, FIEGER, KENNEY & JOHNSON • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

15. That while being forced to the submission of the sexual assaults as described above, Defendant TIDWELL physically fondled Plaintiff's private areas with his hands / fingers.

16. That after Plaintiff was sexually assaulted as described above, Defendant TIDWELL ordered Plaintiff to provide him with her telephone number.

17. That after Plaintiff and her male acquaintance were finally released by Defendant TIDWELL (with no ticket, citation, or even a write up being issued to them), Defendant TIDWELL continued to intimidate, harass, and violate Plaintiff's privacy and other rights secured by law by constantly calling Plaintiff on her private telephone line.

18. That Plaintiff reported the incident to the Defendant CITY OF DETROIT's Police Department's Internal Affairs Division.

19. That Plaintiff's harassment, assault, and intimidation by Defendant TIDWELL continued as Defendant CITY OF DETROIT compelled Plaintiff to continue submitting herself to contacts with defendant TIDWELL under the pretense of "catching him in the act" before they would take any action to stop, arrest, and/or otherwise prevent Defendant TIDWELL from his continued assaults against the public, including Plaintiff.

20. That only after Defendant TIDWELL's similar sexual assaults committed against two other couples during the month of April of 2007 were made public did Defendant CITY OF DETROIT finally take action against defendant TIDWELL so as to remove him from the force – temporarily – and initiate law enforcement actions to ensure criminal charges were finally pursued and filed.

4

FIEGER, FIEGER, KENNEY & JOHNSON · A PROFESSIONAL CORPORATION · ATTORNEYS AND COUNSELORS AT LAW · 19390 WEST TEN MILE ROAD · SOUTHFIELD, MICHIGAN 48075-2463 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

21.    That as a direct and proximate result of the above and below described actions, Plaintiff did and will continue to suffer damages, including, but not limited to:

a.    Subjected to various sex assaults;

b.    Reasonable medical and hospital expenses;

c.    Pain and suffering, including physical and emotional distress;

d.    Loss of wages;

e.    Loss of earning capacity;

f.    Any other damages properly recoverable under Michigan law, including exemplary damages;

g.    Any other damages ascertained during discovery on this matter.

## COUNT I

### SEXUAL HARASSMENT (VIOLATION OF MCLA 37.2101, *et seq*) DEFENDANTS CITY OF DETROIT and TIDWELL

22.    Plaintiff hereby reasserts and realleges the above paragraphs as if fully set forth herein.

23.    That under the State of Michigan Elliot-Larson Civil Rights Act (CRA), MCL 37.2101 *et seq*, the Defendants are precluded from denying Plaintiff the full and equal enjoyment of the "goods, services, facilities, privileges, advantages, or accommodations of a *public service*" on account of Plaintiff's sex.

24.    That Plaintiff was denied public services because of her sex, and was subjected to unlawful "quid pro quo" sexual harassment as defined under MCL 37.2103(i), in direct violation of the Michigan CRA by way of illustration and not limitation:

5

FIEGER, FIEGER, KENNEY & JOHNSON · A PROFESSIONAL CORPORATION · ATTORNEYS AND COUNSELORS AT LAW · 19390 WEST TEN MILE ROAD · SOUTHFIELD, MICHIGAN 48075-2463 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

a. Defendant TIDWELL stopped and detained Plaintiff for no legitimate public service reason;

b. Plaintiff had public police services imposed on her by Defendant TIDWELL and Defendant CITY OF DETROIT, and she was not free to leave the public services environment created when Defendant TIDWELL stopped and detained Plaintiff and her acquaintance;

c. Defendant TIDWELL used his position as a uniformed police officer in a marked police car to stop Plaintiff, detain her against her will, exert authority over her, and finally humiliate and sexually assault her;

d. Defendant TIDWELL made Plaintiff's compliance with his sexual advances / demands / orders / requests a condition of releasing her from his police authority;

e. Defendant TIDWELL required sexual favors as a "quid pro quo" for not arresting or ticketing Plaintiff, and that submission to Defendant TIDWELL's conduct was made a condition of obtaining police services, e.g., release from police custody;

f. Defendant TIDWELL's actions had the effect of substantially interfering with the public services rendered to Plaintiff, services to which Plaintiff was entitled without regard to sex or sexuality;

g. Plaintiff was denied access to public accommodations and/or public services when Defendant TIDWELL committed the above mentioned sex-based offenses;

h. Plaintiff was subjected to unwelcome sexual conduct or communications as described in the CRA when Defendant TIDWELL sexually propositioned, groped, fondled, and assaulted Plaintiff during what Plaintiff believed was an authorized police stop of her vehicle;

i. Defendant TIDWELL, as a public service provider's (Defendant CITY OF DETROIT's) agent, used Plaintiff's submission to or rejection of his advances as a factor in his decision to provide public services, i.e. to treat Plaintiff in the manner expected during an ordinary police stop and to properly terminate the stop rather than ask / demand Plaintiff to submit to a sexual act in exchange for termination of the stop;

25. That as a direct and proximate result of the conduct of Defendants, Plaintiff suffered the injuries and damages enumerated above.

6

FIEGER, FIEGER, KENNEY & JOHNSON · A PROFESSIONAL CORPORATION · ATTORNEYS AND COUNSELORS AT LAW · 19390 WEST TEN MILE ROAD · SOUTHFIELD, MICHIGAN 48075-2463 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter a judgment in her favor and against the Defendants, jointly and severally, in excess of Twenty-Five Thousand ($25,000) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages.

Respectfully submitted,

Fieger, Fieger, Kenney Johnson & Giroux, P.C.

GEOFFREY NELS FIEGER (P30441)
ROBERT M. GIROUX (P47966)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555

Dated: May 16, 2007

7

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SHANTE S. GOWENS,

        Plaintiff,

v.

Sgt. ROOSEVELT TIDWELL and THE CITY OF DETROIT,

Jointly and Severally,

        Defendants.

Case No.:    NO
Hon.

/

GEOFFREY N. FIEGER (P30441)
ROBERT M. GIROUX (P47966)
TODD J. WEGLARZ (P48035)
Fieger, Fieger, Kenney, Johnson & Giroux, P.C.
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
(248) 355-5148 (fax)
t.weglarz@fiegerlaw.com

    /

## DEMAND FOR TRIAL BY JURY

    NOW COMES the Plaintiff MARK MAJORS, by and through his attorneys, FIEGER,
FIEGER, KENNEY, JOHNSON & GIROUX, P.C., and hereby respectfully demands a Trial
by Jury on all the issues within the above cause of action.

    Respectfully submitted,

    **Fieger, Fieger, Kenney, Johnson & Giroux, P.C.**

    GEOFFREY NELS FIEGER (P30441)
    TODD J. WEGLARZ (P48035)
    Attorneys for Plaintiff
    19390 W. Ten Mile Road
    Southfield, MI 48075-2463
    (248) 355-5555

Dated: May 16, 2007

8

**2**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SHANTE S. GOWENS,

    Plaintiff,

v.

                                  Case No:

Sgt. ROOSEVELT TIDWELL, THE CITY OF    Hon:
DETROIT, Lt. REGINA ALLEN, Cmr. BRIAN
ASTERE, SGT. PAMELA BOLDIN, Sgt. ERIC BUCY,
Chief ELLA BULLY-CUMMINGS, Sgt. MARK
CAMPEAU, Sgt. DURELLE COOPER, Sgt.
KIMBERLY GABRIEL, Sgt. STEVIE HAYES, Ofr
JAMAL HAMOOD, Sgt. HELEN HUNTER, Cmr.
HERBERT MOORLAND, Deputy Chief JOYCE
MOTLEY, Sgt. NAPOLEON, Lt. GASPER ROSSI, Sgt.
MICHAEL SCHMIT, Cmr. SERDA, Cmr. BRIAN R.
STAIR, Inv. SHEILA STALLINGS, Sgt. LAURA
STANTON, Lt. PASTELLA WILLIAMS,
Jointly and Severally,

    Defendants.

_____/

GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
(248) 355-5148 (fax)
t.weglarz@fiegerlaw.com

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Another civil action between these parties and/or arising out of the same transaction or occurrence as alleged in this Complaint was previously filed in the Wayne County Circuit Court, in Detroit, MI - *Gowens v City of Detroit, et al,* Case No. 07-713261-NO – and was assigned to the Honorable Wendy M. Baxter. The action remains pending.

                */s/ Todd J. Weglarz*
                Todd J. Weglarz (P48035)

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

1

1.      At all times relevant, Plaintiff SHANTE S. GOWENS was a resident of the City of Detroit, County of Wayne, State of Michigan.

2.      At all times relevant, Defendant Sgt. ROOSEVELT TIDWELL (hereinafter "TIDWELL") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a "policy maker" having the high supervisory rank of "Sergeant", and was acting in the course and scope of his employment with the Detroit Police Department.

3.      At all times relevant to this litigation, Defendant CITY OF DETROIT was and is a municipal corporation, duly organized and carrying on governmental functions in the City of Detroit, County of Wayne, State of Michigan.

4.      At all times relevant, Defendant Lt. REGINA ALLEN (hereinafter "ALLEN") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of her employment with the Detroit Police Department.

5.      At all times relevant, Defendant Cmr. BRIAN ASTERE (hereinafter "ASTERE") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a "policy maker" having the high supervisory rank of "Commander", and further acting as supervisor over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

6.      At all times relevant, Defendant Sgt. PAMELA BOLDIN (hereinafter "BOLDIN") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of her employment with the Detroit Police Department.

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

2

7.    At all times relevant, Defendant Sgt. ERIC BUCY (hereinafter "BUCY") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

8.    At all times relevant, Defendant Police Chief ELLA BULLY-CUMMINGS (hereinafter "BULLY-CUMMINGS) was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a "policy maker" having the high supervisory rank of "Chief of Police", and was acting in the course and scope of her employment with the Detroit Police Department.

9.    At all times relevant, Defendant Sgt. MARK CAMPEAU (hereinafter "CAMPEAU") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

10.    At all times relevant, Defendant Sgt. DURELLE COOPER (hereinafter "COOPER") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

11.    At all times relevant, Defendant Sgt. KIMBERLY GABRIEL (hereinafter "GABRIEL") was an employee of Defendant CITY OF DETROIT via its police department, working in the DPD "Internal Affairs" Department / Unit, and was acting under color of state law, and in the course and scope of her employment with the Detroit Police Department.

12.    At all times relevant, Defendant Ofr JAMAL HAMOOD (hereinafter "HAMOOD") was an employee of Defendant CITY OF DETROIT via its police department,

and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

13.    At all times relevant, Defendant Sgt. STEVEI HAYES (hereinafter "HAYES") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

14.    At all times relevant, Defendant Sgt. HELEN HUNTER (hereinafter "HUNTER") was an employee of Defendant CITY OF DETROIT via its police department, working in the DPD "Internal Affairs" Department / Unit, and was acting under color of state law, and in the course and scope of her employment with the Detroit Police Department.

15.    At all times relevant, Defendant Cmr. HERBERT MOORLAND (hereinafter "MOORLAND") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

16.    At all times relevant, Defendant Deputy Chief JOYCE MOTLEY (hereinafter "MOTLEY") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of her employment with the Detroit Police Department.

17.    At all times relevant, Defendant Sgt. NAPOLEON (hereinafter "NAPOLEON") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

4

18.     At all times relevant, Defendant Lt. GASPER ROSSI (hereinafter "ROSSI") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

19.     At all times relevant, Defendant Sgt. MICHAEL SCHMIT (hereinafter "SCHMIT") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

20.     At all times relevant, Defendant Cmr. SERDA (hereinafter "SERDA") was an employee of Defendant CITY OF DETROIT via its police department, and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

21.     At all times relevant, Defendant Cmr. BRIAN R. STAIR (hereinafter "STAIR") was an employee of Defendant CITY OF DETROIT via its police department, working in the DPD "Internal Affairs" Department / Unit, and was acting under color of state law, and in the course and scope of her employment with the Detroit Police Department.

22.     At all times relevant, Defendant Inv. SHEILA STALLINGS (hereinafter "STALLINGS") was an employee of Defendant CITY OF DETROIT via its police department, working in the DPD "Internal Affairs" Department / Unit, and was acting under color of state law, and in the course and scope of her employment with the Detroit Police Department.

23.     At all times relevant, Defendant Sgt. LAURA STANTON (hereinafter "STANTON") was an employee of Defendant CITY OF DETROIT via its police department,

and was acting under color of state law as a supervisory official over Defendant TIDWELL, and was acting in the course and scope of his employment with the Detroit Police Department.

24.    That all individual Defendants identified above acted in concert with Defendant TIDWELL and that hereinafter all allegations against TIDWELL are equally applicable to these Defendants.

25.    That Plaintiff brings this suit against each and every Defendant in both their individual and official capacities.

## JURISDICTION AND VENUE

26.    That this action arises under the United States Constitution, particularly under the provisions of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988.

27.    That this Court has jurisdiction of this action under the provisions of Title 28 of the United States Code, Sections 1331 and 1343, and also has pendent jurisdiction over all state claims that arise out of the nucleus of operative facts common to Plaintiff's federal claims.

28.    That each and every act of Defendants, as set forth herein, were done by those Defendants under the color and pretense of the statutes, ordinances, regulations, laws, customs, and usages of the County of Wayne, City of Detroit, State of Michigan, and by virtue of, and under the authority of, each individual Defendant's employment with Defendant CITY OF DETROIT's Police Department.

29.    The amount in controversy exceeds Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, and is otherwise within the jurisdiction of this Court.

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

6

30.    That during the early morning hours of February 7, 2007, Plaintiff - a twenty-one (21) year old female - and a male acquaintance, were lawfully driving their motor vehicle near Chandler Park in the City of Detroit.

31.    That at this time, Defendant Sgt. TIDWELL was working his shift as an employed City of Detroit police officer / sergeant, driving a marked City of Detroit Police Department scout car as he engaged in performing police patrol services near said Chandler Park.

32.    That at this time, Defendant TIDWELL spotted and observed Plaintiff and her acquaintance in their motor vehicle, at which time Defendant TIDWELL maneuvered his scout car behind Plaintiff's car and activated its flashers to engage in a police stop of Plaintiff and her acquaintance.

33.    After pulling over and stopping Plaintiff's vehicle, Defendant TIDWELL, in full police uniform, existed his flasher activated scout car and approached Plaintiff's vehicle with a flashlight shining into the faces of Plaintiff, her acquaintance, and the vehicle in which they were seated.

34.    That Defendant TIDWELL then announced he was a police officer and demanded Plaintiff and her acquaintance produce identification.

35.    After taking and inspecting the requested identification, Defendant TIDWELL then ordered Plaintiff and her male acquaintance to move their vehicle into Chandler Park, specifically directing them to a dark, secluded area.

36.    That Plaintiff and her male acquaintance, both of whom were seated in the front seats of their vehicle, asked Defendant TIDWELL the reason they were stopped, pulled over, and

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

7

now directed into Chandler Park, to which Defendant TIDWELL responded "do as I say or you will go to jail or be issued a $500 ticket".

37.    Defendant TIDWELL then opened one of the rear passenger doors of Plaintiff's vehicle and seated himself in the back seat of Plaintiff's vehicle.

38.    From his position in the back seat, Defendant TIDWELL then ordered Plaintiff and Plaintiff's male acquaintance to perform sexual acts in the front seat of the vehicle. Specifically, Defendant TIDWELL ordered Plaintiff's male acquaintance to perform oral sex upon Plaintiff; and specifically, Defendant TIDWELL ordered Plaintiff to subject herself to sexual acts upon her person to be performed by her male acquaintance.

39.    That Defendant TIDWELL made it very clear that the sexual acts ordered by him needed to be performed as a pre-condition to avoid going to jail, and as a pre-condition to avoid receiving a $500 ticket.

40.    That Defendant TIDWELL forced Plaintiff to engage in unconsented to sexual acts - and therefore sexual assaults - for a period of thirty to forty five minutes, as Defendant TIDWELL watched from the back seat of Plaintiff's vehicle, in full uniform armed with his City of Detroit Police Department issued badge and firearm.

41.    That while being forced to the submission of the sexual assaults as described above, Defendant TIDWELL physically fondled Plaintiff's private areas with his hands / fingers.

42.    That after Plaintiff was sexually assaulted as described above, Defendant TIDWELL ordered Plaintiff to provide him with her telephone number.

43.    That after Plaintiff and her male acquaintance were finally released by Defendant TIDWELL (with no ticket, citation, or even a write up being issued to them), Defendant

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

8

TIDWELL continued to intimidate, harass, and violate Plaintiff's privacy and other rights secured by law by constantly calling Plaintiff on her private telephone line.

44.    That Plaintiff reported the incident to the Defendant CITY OF DETROIT's Police Department's Internal Affairs Division.

45.    That Plaintiff's harassment, assault, and intimidation by Defendant TIDWELL continued as Defendant CITY OF DETROIT compelled Plaintiff to continue submitting herself to contacts with defendant TIDWELL under the pretense of "catching him in the act" before they would take any action to stop, arrest, and/or otherwise prevent Defendant TIDWELL from his continued assaults against the public, including Plaintiff.

46.    That only after Defendant TIDWELL's similar sexual assaults committed against two other couples during the month of April of 2007 were made public did Defendant CITY OF DETROIT finally take action against defendant TIDWELL so as to remove him from the force – temporarily – and initiate law enforcement actions to ensure criminal charges were finally pursued and filed.

47.    That as a direct and proximate result of the above and below described actions, Plaintiff did and will continue to suffer damages, including, but not limited to:

      a.  Subjected to various sex assaults;

      b.  Reasonable medical and hospital expenses;

      c.  Pain and suffering, including physical and emotional distress;

      d.  Loss of wages;

      e.  Loss of earning capacity;

      f.  Any other damages properly recoverable under Michigan law, including exemplary damages;

      g.  Any and all punitive damages allowed under Federal law

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

h. Any other damages ascertained during discovery on this matter.

## COUNT I

### VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC §1983

### DEFENDANTS TIDWELL, ALLEN, ASTERE, BOLDIN, BUCY, BULLY-CUMMINGS, CAMPEAU, COOPER, GASPEROSSI, HAYES, HAMOOD, MOORLAND, MOTLEY, NAPOLEON, ROSSI, SCHMIT, SERDA, STAIR, STANTON, and WILLIAMS

48.     Plaintiff hereby reasserts and re-alleges Paragraphs 1 thru 28 as if fully set forth herein.

49.     That pursuant to 42 USC §1983, as well as the 4th, 8th, and 14th Amendments to the United States Constitution, Defendant TIDWELL owed Plaintiff the duty to act prudently, with reasonable care, and to otherwise avoid engaging in a False Arrest, the use of unnecessary, unreasonable, excessive force, and certainly to refrain from engaging in extortion, sexual assault, and other unlawful acts.

50.     That after engaging in an unlawful, false arrest, the use of unnecessary, unreasonable, excessive force, and engaging in extortion, sexual assault, and other unlawful acts, Defendant TIDWELL thus violated the plaintiff's rights under 42 USC §1983 as well as the 4th, 8th, and 14th Amendments to the United States Constitution.

51.     That the remaining individual Defendants identified in this count implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of Defendant TIDWELL.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

10

($75,000.00) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages.

## COUNT II

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC §1983 DEFENDANTS CITY OF DETROIT & BULLY-CUMMINGS

52.    Plaintiff hereby reasserts and re-alleges Paragraphs 1 thru 31 as if fully set forth herein.

53.    That at all times relevant, to this Complaint, Defendant CITY OF DETROIT, through its police department, Chief of Police, including Chief of Police Defendant BULLY-CUMMINGS, Chief Deputy, Commander in Chief, supervisors, and other policymakers, pursued policies, practices, and customs that were the direct, motivating force, and proximate cause of, Defendant TIDWELL's unconstitutional False Arrest, sex assault and other unlawful actions as described above, committed against Plaintiff, said actions not only violating Plaintiff's Constitutional rights, but were done with deliberate indifference and/or in a manner which shocks the conscience of an ordinary person.

54.    That these policies, practices, and customs include, but are not limited to:

  a.  Failing to properly screen, train, supervise, discipline, in-service, transfer, counsel, or otherwise control police officers, including Defendant TIDWELL, who are / were known, or should have been known, to be engaging in unconstitutional conduct directed toward civilians and prisoners alike, including conduct amounting to excessive force, sexual assault, and / or extortion;

  b.  Ratification of acts of unconstitutional conduct directed toward civilians and prisoners alike, including conduct amounting to excessive force, sexual assault, and / or extortion;

  c.  A police code of silence wherein other officers and supervisors habitually cover up acts of unconstitutional conduct directed toward civilians and prisoners alike, including conduct amounting to excessive force, sexual assault, and / or extortion, by fabricating accounts to the media and in official reports and internal affairs

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

11

investigations, all of which are designed to falsely exonerate officers from potential civil, and criminal, liability;

d. Failing to properly train supervisors on the specific matters to review or monitor, which would be a "red flag" for an officer engaging in such unconstitutional conduct.

55.    That the *defendant facto* policy which has been created as a result of the above is evidenced by the following:

a. The City of Detroit police department leads the nation's largest cities in the rate of fatal police shootings;

b. The City of Detroit has failed to conduct thorough investigations in allegations of unjustified and/or excessive use of force, many and/or most of those investigations being mere superficial investigations;

c. The City of Detroit having had prior night patrol Sergeants utilize his / their position as a supervisory police officer to pull over members of the public and compel these civilians to engage in sexual acts with the officer or be issued a citation, with sufficient evidence showing that such conduct was caused by / a result of Defendant CITY OF DETROIT's unconstitutional custom, policies, and practices, per a prior order from this Court;

d. The City of Detroit having permitted a custom within the department such that officers were under the impression they could engage in unconstitutional conduct and "away with it" because of the above;

e. Defendant TIDWELL having engaged in the same type of unconstitutional conduct on multiple other occasions, including incidents which occurred in November of 2006, and April of 2007;

56.    That as a direct and proximate result of the Defendant CITY OF DETROIT'S unconstitutional policies, practices, and customs, and its deliberate indifference, as more fully described above, Plaintiff suffered injuries and damages as more specifically described above.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages.

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

12

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

## COUNT III

## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC §1983 - DEFENDANTS ASTERE, GABRIEL, HUNTER, STAIR, & STALLINGS

57.    Plaintiff hereby reasserts and re-alleges Paragraphs 1 thru 41 as if fully set forth herein.

58.    That pursuant to 42 USC §1983, as well as the 4th, 8th, and 14th Amendments to the United States Constitution, Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS owed Plaintiff the duty to act prudently, with reasonable care, with Due Process, and to otherwise avoid engaging in a False Arrest, False Imprisonment, the use of unnecessary, unreasonable, excessive force, and certainly to refrain from pushing / coercing Plaintiff into a situation whereby she would be subjected to further unlawful and improper conduct by her assailant Defendant TIDWELL.

59.    After Plaintiff reported Defendant TIDWELL's conduct to the Detroit Police Department, from which Defendants already determined that Plaintiff's likely assailant was Defendant TIDWELL, Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS pushed, coerced, and/or forced Plaintiff into engaging in further contact with her assailant Defendant TIDWELL, by having her engage in repeated phone discussions with Defendant TIDWELL which she was told to record, and to listen and go along with Defendant TIDWELL's improper and unlawful sexual comments and discussions.

60.    That Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS conduct violated Plaintiff's Constitutional rights, as said conduct amounted to an unlawful, false imprisonment, the use of unnecessary and unreasonable force, cruel and unusual punishment, and further violated Plaintiff's Due Process rights under the 4th, 5th, 8th, and 14th amendments to the United States Constitution.

13

61.    That as a direct and proximate result of Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS conduct as described above, Plaintiff suffered injuries and damages as more specifically described above, including further emotional distress, fright, and upset as a result of having to be mistreated by her assailant – unnecessarily – on multiple other occasions following her initial assault and extortion committed by Defendant TIDWELL.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars, and award costs, interest, and attorney fees, as well as punitive and/or exemplary damages.

## COUNT IV

### STATE LAW CLAIM FOR GROSS NEGLIGENCE
### DEFENDANTS ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS

62.    Plaintiff hereby reasserts and re-alleges Paragraphs 1 thru 46 as if fully set forth herein.

63.    At all times relevant, Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS owed Plaintiff the duty to act prudently, with reasonable care, with Due Process, to otherwise avoid engaging in a False Arrest, False Imprisonment, and/or the use of unnecessary, unreasonable, excessive force, and certainly to refrain from pushing / coercing Plaintiff into a situation whereby she would be subjected to further unlawful and improper conduct by her assailant Defendant TIDWELL.

64.    After Plaintiff reported Defendant TIDWELL's conduct to the Detroit Police Department, from which Defendants already determined that Plaintiff's likely assailant was Defendant TIDWELL, Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS

14

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

pushed, coerced, and/or forced Plaintiff into engaging in further contact with her assailant Defendant TIDWELL, by having her engage in repeated phone discussions with Defendant TIDWELL which she was told to record, and to listen and go along with, Defendant TIDWELL's improper and unlawful sexual comments and discussions.

     65.    That Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS conduct violated Plaintiff's Constitutional rights, as said conduct amounted to an unlawful, false imprisonment, the use of unnecessary and unreasonable force, cruel and unusual punishment, and further violated Plaintiff's Due Process rights under the 4th, 5th, 8th, and 14th amendments to the United States Constitution.

     66.    That Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS above described conduct breached the above duties, said conduct rising to the level of gross negligence as defined under MCL 691.1407, such that Defendants exhibited a reckless disregard for whether and injury resulted to Plaintiff.

     67.    That as a direct and proximate result of Defendants ASTERE, GABRIEL, HUNTER, STAIR, and STALLINGS conduct as described above, Plaintiff suffered injuries and damages as more specifically described above, including further emotional distress, fright, and upset as a result of having to be mistreated by her assailant – unnecessarily – on multiple other occasions following her initial assault and extortion committed by Defendant TIDWELL.

     WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars, and award costs, interest, and attorney fees, as well as punitive and/or exemplary damages.

## COUNT V

### SEXUAL HARASSMENT (VIOLATION OF MCLA 37.2101, *et seq*)
### DEFENDANTS ASTERE, GABRIEL, HUNTER, STAIR,
### STALLINGS, and CITY OF DETROIT

68.    Plaintiff hereby reasserts and re-alleges Paragraphs 1 thru 51 as if fully set forth herein.

69.    That under the State of Michigan Elliot-Larson Civil Rights Act (CRA), MCL 37.2101 *et seq*, the Defendants are precluded from denying Plaintiff the full and equal enjoyment of the "goods, services, facilities, privileges, advantages, or accommodations of a *public service*" on account of Plaintiff's sex.

70.    That Plaintiff was denied public services because of her sex, and was subjected to unlawful "quid pro quo" sexual harassment as defined under MCL 37.2103(i), in direct violation of the Michigan CRA by way of illustration and not limitation:

   a. Essentially forcing / coercing Plaintiff to engage in further contact / discussions with Defendant TIDWELL, knowing full well the discussions would be of an unwelcomed sexual nature, as a condition to receiving further police services in the form of investigation / prosecution of Defendant TIDWELL;

   b. Other actions revealed during the course of discovery;

71.    That as a direct and proximate result of the conduct of Defendants, Plaintiff suffered the injuries and damages enumerated above.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in excess of Seventy-Five Thousand ($75,000.00) Dollars, and award costs, interest, and attorney fees, as well as punitive and/or exemplary damages.

16

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

## COUNT VI

### ASSAULT AND BATTERY - DEFENDANT TIDWELL

72.    Plaintiff hereby reasserts and re-alleges Paragraphs 1 thru 56 as if fully set forth herein.

73.    That at the time of the above incident, Defendant TIDWELL intentionally and unlawfully threatened, and did do, an unconsented to touching of the bodily person of Plaintiff, under circumstances which created a well founded fear of imminent peril, coupled with the apparent present ability to carry out the act.

74.    That the above actions perpetrated against Plaintiff's person amount to common law and statutory assault and battery under Michigan law.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment in their favor and against Defendants, jointly and severally, in excess of  Seventy-Five Thousand ($75,000.00) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages allowed by law.

Respectfully submitted,

Fieger, Fieger, Kenney, Johnson & Giroux, P.C.

/s/ Todd J. Weglarz
GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555

Dated: February 5, 2010

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

SHANTE S. GOWENS,

     Plaintiff,

v.
                             Case No:

Sgt. ROOSEVELT TIDWELL, THE CITY OF    Hon:
DETROIT, Lt. REGINA ALLEN, Cmr. BRIAN
ASTERE, SGT. PAMELA BOLDIN, Sgt. ERIC BUCY,
Chief ELLA BULLY-CUMMINGS, Sgt. MARK
CAMPEAU, Sgt. DURELLE COOPER, Sgt.
KIMBERLY GABRIEL, Sgt. STEVIE HAYES, Ofr
JAMAL HAMOOD, Sgt. HELEN HUNTER, Cmr.
HERBERT MOORLAND, Deputy Chief JOYCE
MOTLEY, Sgt. NAPOLEON, Lt. GASPER ROSSI, Sgt.
MICHAEL SCHMIT, Cmr. SERDA, Cmr. BRIAN R.
STAIR, Inv. SHEILA STALLINGS, Sgt. LAURA
STANTON, Lt. PASTELLA WILLIAMS,
Jointly and Severally,

     Defendants.
_____/

GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
(248) 355-5148 (fax)
t.weglarz@fiegerlaw.com
_____

**DEMAND FOR JURY TRIAL**

    NOW COMES Plaintiff, SHANTE S. GOWENS, by and through her attorneys, FIEGER,

FIEGER, KENNEY & JOHNSON, P.C., who hereby requests a trial by jury in the above-

captioned matter.

Respectfully submitted,

/s/ Todd J. Weglarz
GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
Attorneys for Plaintiff
19390 W. Ten Mile Road
Southfield, MI 48075-2463
(248) 355-5555

Dated: February 5, 2010

FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX · A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD · SOUTHFIELD MICHIGAN 48075 · TELEPHONE (248) 355-5555 · FAX (248) 355-5148

19

**3**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

SHANTE S. GOWENS,

      Plaintiff,

v.

Sgt. ROOSEVELT TIDWELL, THE CITY OF
DETROIT, Sgt.KIMBERLY GABRIEL,
Sgt. HELEN HUNTER, Lt. Cmr. BRIAN R.
STAIR, Inv. SHEILA STALLINGS,
Jointly and Severally,

      Defendants.

Case No.  10-cv-10518

Hon. Denise Page Hood

_____/

| | |
|---|---|
| MICHAEL T. RATTON (P-42399)<br>ROBERT M. GIROUX (P-47966)<br>GEOFFREY N. FIEGER (P-30441)<br>*Fieger, Fieger, Kenney, Giroux & Danzig P.C.*<br>Attorneys for Plaintiff<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248) 355-5555<br>mratton@fiegerlaw.com | ERIC B. GAABO (P-32913)<br>*City of Detroit Law Department*<br>Attorney for Defendants City of<br>Detroit, Gabriel, Hunter, Stair, Stallings<br>2 Woodward Avenue, 5th Floor<br>Detroit, MI 48226<br>(313) 237-3052<br>gaabe@detroitmi.gov |

Jeffrey Z. Dworin (P-53481)
Attorney for Defendant, Roosevelt Tidwell
7 W. Square Lake Road
Bloomfield Hills, MI 48302
(248) 322-9900
dworinlaw@comcast.net

_____/

## ORDER DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANTS CITY OF DETROIT, SGT. KIMBERLY GABRIEL, SGT. HELEN HUNTER, LT. CMDR. BRIAN R. STAIR AND INVESTIGATOR SHEILA STALLINGS

Upon reading and filing of the above Stipulation, and this Court being otherwise fully

advised in the premises;

IT IS HEREBY ORDERED that Plaintiff's claims against DEFENDANTS CITY OF

DETROIT, SGT. KIMBERLY GABRIEL, SGT. HELEN HUNTER, LT. CMR. BRIAN R. STAIR

AND INV. SHEILA STALLINGS in the above-captioned matter are dismissed in their entirety

without prejudice and without costs or attorney fees.

This resolves the last pending claim in this matter.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 9, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 9, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager

**4**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHANTE S. GOWENS,

      Plaintiff,

v.

Sgt. ROOSEVELT TIDWELL, THE CITY OF
DETROIT, Sgt. KIMBERLY GABRIEL,
Sgt. HELEN HUNTER, Lt. Cmr. BRIAN R.
STAIR, Inv. SHEILA STALLINGS,
Jointly and Severally,

      Defendants.

Case No. 10-cv-10518

Hon. Denise Page Hood

---

MICHAEL T. RATTON (P42399)
GEOFFREY N. FIEGER (P30441)
*Fieger, Fieger, Kenney, Giroux & Danizg, P.C.*
Attorneys for Plaintiff
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
mratton@fiegerlaw.com

Jeffrey Z. Dworin (P53481)
Attorney for Defendant, Roosevelt Tidwell
7 W. Square Lake Road
Bloomfield Hills, MI 48302
(248) 322-9900
dworinlaw@comcast.net

ERIC B. GAABO (P32913)
*City of Detroit Law Department*
Attorney for Defendants City of
Detroit, Gabriel, Hunter, Stair,
and Stallings
660 Woodward Ave., Suite 1800
(313) 237-3052
gaabe@detroitmi.gov

---

## STIPULATED ORDER ENTERING CONSENT JUDGMENT AGAINST DEFENDANT TIDWELL

The parties having so stipulated and the Court being otherwise advised in the

matter, IT IS ORDERED THAT:

1. Judgment is entered in favor of Plaintiff and against Defendant Tidwell in the amount of $300,000.00.

2. Entry of this judgment does not in any way impact Plaintiff's rights against any other defendants.

3. This is a final order and resolves the last pending claim against Defendant Tidwell.

Dated:  July 9, 2013                          s/Denise Page Hood
                                              DENISE PAGE HOOD
                                              U.S. DISTRICT COURTJUDGE

I hereby certify that a copy of this order was served upon the attorneys of record on this date, July 9, 2013, by electronic and/or ordinary mail.

                                              s/LaShawn R. Saulsberry
                                              Case Manager

Stipulated and agreed to:

/s/ Michael T Ratton                          /s/ Jeffrey Z Dworin
Michael T Ratton                              Jeffrey Z Dworin
Attorney for  Plaintiff                       Attorney for Defendant Tidwell

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re: )       Chapter 9

)

)       Case No. 13-53846

CITY OF DETROIT, MICHIGAN, )

)       Hon. Thomas J. Tucker

)

Debtor. )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 13, 2016, she hand delivered Response of Shante Gowens to Debtor's Forty-Sixth Omnibus Objection with the Clerk of the Court, and hand delivered said documents to Marc N. Swanson; Miller, Canfield, Paddock and Stone PLC, 150 West Jefferson, Suite 2500, Detroit, MI 48226.



RECEIVED
JUL 1 3 2016
CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

FISHER LAW • A PROFESSIONAL CORPORATION • ATTORNEYS AND COUNSELORS AT LAW • 19390 WEST TEN MILE ROAD • SOUTHFIELD, MICHIGAN 48075-2463 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

SHANTE S. GOWENS,

      Plaintiff,

-vs-

Sgt. ROOSEVELT TIDWELL and
THE CITY OF DETROIT,
Jointly and Severally,

      Defendants.

> 07-713261-NO    5/16/2007
> JDG: WENDY M BAXTER
> GOWENS SHANTE S
>      VS
> TIDWELL ROOSEVELT SGT

---

### ORDER GRANTING DEFENDANT CITY OF DETROIT'S
### MOTION FOR SUMMARY DISPOSITION

**At a session of the said Court held
in the Courthouse, City of Detroit,
County of Wayne, Michigan on**

OCT 12 2011

WENDY M. BAXTER

      Present: Honorable _____
                **Circuit Court Judge**

This matter having come before the Court on Defendant City of Detroit's Motion for Summary Disposition, and the Court being fully advised in the premises;

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Disposition is **GRANTED** for the reasons stated on the record and that the City of Detroit, only is hereby **DISMISSED** from the within matter with prejudice.

This Order does not resolve all matters and does not close the file.

WENDY M. BAXTER

_____
**Circuit Court Judge**

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK

BY_____
                DEPUTY CLERK

K:\DOCS\LIT\hamms\a37000\order\SH3062.WPD

230 F.3d 1361
Unpublished Disposition
NOTICE: THIS IS AN UNPUBLISHED OPINION.
(The Court's decision is referenced in a "Table
of Decisions Without Reported Opinions"
appearing in the Federal Reporter. Use FI
CTA6 Rule 28 and FI CTA6 IOP 206 for rules
regarding the citation of unpublished opinions.)
United States Court of Appeals, Sixth Circuit.

Nicole WOSNIAK, Plaintiff-Appellant,

v.

Pauline HENDERSON, Defendant-Appellee.

No. 99-1916.
|
Sept. 19, 2000.

On Appeal from the United States District Court for the
Eastern District of Michigan.

Before KEITH, COLE, and GILMAN, Circuit Judges.

OPINION

PER CURIAM.

**\*1** Plaintiff-Appellant Nicole Wosniak appeals from the
order of the district court dismissing her civil rights action
based on failure to comply with the statute of limitations.
Because we find that Appellant failed to file her complaint
within the applicable statutory period, we affirm the order
of the district court.

I. BACKGROUND

A. Factual History
At approximately 9:00 p.m. on April 6, 1994, Appellant
was abducted from her home in Dearborn Heights,
Michigan by her ex-boyfriend, David James Wilkes. As
Appellant was about to enter her home, Wilkes struck
her head with a gun and dragged her to a vehicle.
Earlier that day, Appellant had testified against Wilkes
at a preliminary hearing on charges of criminal sexual
conduct. Wilkes was bound over for trial, but freed on
bond. Wilkes brought Appellant to a local hotel, where he
raped and brutalized her overnight.

Just before midnight on April 6, Appellant's sister filed a
missing person report with the Dearborn Heights Police
Department. That police department issued a bulletin
to area police departments over the Law Enforcement
Information Network regarding Appellant's possible
abduction.

On April 7, 1994, Appellee Pauline Henderson, a
dispatcher employed in the communications Department
of the City of Dearborn, was assigned to work
the telephone and fire-dispatch radio positions. At
approximately 9:30 a.m. that day, Appellee received a
telephone call at work from Kathy Kondzer, Appellee's
best friend and the mother of David Wilkes. Kondzer
informed Appellee that Wilkes was missing, along with her
van and gun, and that a missing person report had been
filed for Appellant. Appellee spoke to Kondzer again at
approximately 11:00 a.m., when the former suggested that
Wilkes might be at Kondzer's trailer at Camp Dearborn
in Milford Township, Michigan. Appellee called Camp
Dearborn to ascertain whether Kondzer's van was parked
at the trailer site. She learned that the van was indeed at the
camp, and that one person sat motionless in the front seat.
Thereafter, Appellee relayed this information to Kondzer,
and the two concluded that Wilkes had committed suicide.
Appellee received permission to leave work, and drove
Kondzer to Camp Dearborn. When they arrived the van
was gone. Wilkes had taken Appellant from the Camp
to another hotel, where he raped and brutalized her for
another nine hours. Wilkes was eventually apprehended
by police, and has been convicted of several crimes arising
from the incident.

B. Procedural History
Appellant filed suit alleging gross negligence against
Appellee Henderson, the City of Dearborn (the "City"),
and the Dearborn Police Department (the "DPD") in
Wayne County Circuit Court on March 22, 1996. On
December 17, 1996, after the parties completed discovery,
the defendants filed a motion for summary disposition
pursuant to Mich. Ct. R. 2.116(C)(8). The City and
the DPD asserted the protection afforded by Michigan's
governmental immunity statute, Mich. Comp. Laws. §
691.1407(1). Henderson asserted the protection afforded
by Michigan's public duty doctrine.[1] Appellant requested
and received permission to amend her complaint. The
trial court dismissed the City and the DPD on immunity

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works.    1

grounds, but denied Appellee's motion for dismissal. Appellant filed the first amended complaint on February 11, 1997, alleging gross negligence on the part of Appellee.

[1]   Michigan's public duty doctrine provides that a public official's duty is owed to the public as opposed to a particular individual, except when the public official has a "special relationship" with the individual. *See White v. Beasley,* 552 N.W.2d 1, 4 (Mich.1996).

**\*2**   On March 5, 1997, Appellee moved again for summary disposition, invoking the protection of Michigan's public duty doctrine. The trial court denied her motion on April 2, 1997, and the Michigan Court of Appeals granted Appellee leave to file an interlocutory appeal. On December 4, 1998, the appellate court reversed and remanded for entry of an order granting summary disposition in favor of Appellee. A majority of the appellate court held that Michigan's public duty doctrine prevented the creation of an actionable duty to Appellant under state law.

Appellant alleges that on December 18, 1998, she filed a motion for leave to file a second amended complaint, for the first time attempting to assert a § 1983 claim. The state trial court never addressed Appellant's motion as the matter was on appeal. On February 22, 1999, the appellate court denied Appellant's motion for rehearing. The trial court entered an order granting Appellee's motion for summary disposition on February 26, 1999. On March 15, 1999, Appellant filed leave to appeal to the Michigan Supreme Court.

On February 24, 1999, Appellant filed a new lawsuit in the Wayne County Circuit Court against Appellee. The second lawsuit had a new caption and a new case number, was assigned to a different judge, and asserted a new cause of action, i.e., violation of 42 U.S.C. § 1983. On April 1, 1999, Appellee removed the lawsuit to the United States District Court for the Eastern District of Michigan. On April 29, 1999, Appellee filed a Rule 12(b)(6) motion to dismiss the lawsuit, alleging that Appellant's suit was time barred by the applicable statute of limitations. In her response brief, Appellant countered that the new lawsuit was not barred because the applicable period had been tolled during the pendency of the first action pursuant to Mich. Comp. Laws § 600.5856. Appellee then filed a reply brief to Appellant's response, which raised laches and res judicata affirmative defenses for the first time.

On July 1, 1999, the district judge conducted a hearing respecting Appellee's motion to dismiss, and both parties rested on their briefs. During the hearing, the district judge asked the Appellant's attorney why a § 1983 claim was not asserted in the first complaint or in the first amended complaint. The attorney answered honestly: "[W]e wanted to avoid being removed to federal court, and we felt that if we had alleged a[§ ] 1983 claim at that time, that we would have been removed to federal court. So as a strategy at that time, we decided we would prefer to make the state law claims." The district court judge observed that "this is a terrible, terrible fact situation, which depending on what the Michigan Supreme Court does, may have no remedy now."[2] The district judge granted Appellee's motion to dismiss with prejudice, concluding that the § 1983 action should have been included in the original or first amended complaint in state court.

[2]   The Michigan Supreme Court has since affirmed the order dismissing Appellant's first action.

The transcript of the hearing and the district court's order granting Appellee's motion to dismiss fail to make clear the ground relied upon by the district judge for the order. Before this Court, both parties have addressed issues of laches, res judicata and statute of limitations. Additionally, the parties contest the propriety of Appellee's having raised new defenses in her reply brief in the district court, and of the district court judge considering those defenses at the hearing. We need address only the statute of limitations issue, however, as that issue is dispositive of this appeal.

## II. ANALYSIS

**\*3**   A district court's decision to dismiss on a Rule 12(b)(6) motion is reviewed de novo. *See Southwest Williamson County Community Ass'n v. Slater,* 173 F.3d 1033, 1035 (6th Cir.1999); *Tolbert v. State of Ohio Dep't of Transp.,* 172 F.3d 934, 938 (6th Cir.1999).

The parties do not dispute the applicable statute of limitations. In *Wilson v. Garcia,* 471 U.S. 261, 268-79 (1985), the Supreme Court held that all actions brought under § 1983 shall be subject to a state's statute of limitations governing actions for personal injuries. *See also Moore v. City of Harriman,* 218 F.3d 551, 553 n. 2 (6th Cir.2000). Here, the applicable Michigan statute

WESTLAW   © 2016 Thomson Reuters. No claim to original U.S. Government Works.

of limitations, Mich. Comp. Laws § 600.5805(7), is three years. *See Carroll v. Wilkerson,* 782 F.2d 44, 44 (6th Cir.1986)(per curiam). Appellant's injury occurred on April 7, 1994, and she filed the instant complaint on February 24, 1999. Therefore Appellant's claim is barred by the Michigan statute unless the period of limitations was tolled during the pendency of the first action.

State law governs the question of whether an applicable state statute of limitations is tolled in a § 1983 action. *See Board of Regents v. Tomanio,* 446 U.S. 478, 484 (1980). The relevant state statute under Michigan law is Mich. Comp. Laws § 600.5856, which provides in pertinent part:

The statutes of limitation or repose are tolled:

> (a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant...

Appellant contends that the filing of the first lawsuit against Appellee in state court triggered the tolling of the three-year statute of limitations, and thus the period of limitations was tolled while her first suit was pending. Appellant conceded before the district court, but contests here, that the tolling provision only applies where the prior adjudication was not adjudicated on the merits. Her earlier position was correct. Michigan courts interpret the tolling statute to cover instances where litigation was commenced but dismissed on grounds other than a determination of the merits. *See Buscaino v. Rhodes,* 189 N.W.2d 202, 205 (Mich.1971)(concluding that Mich. Comp. Laws § 600.5856 "deals only with prior lawsuits between the parties which have not adjudicated the merits of the action"); *Sherrell v. Bugaski,* 425 N.W.2d 707, 710 (Mich.App.1988); *Federal Kemper Ins. Co. v. Isaacson,* 377 N.W.2d 379 (Mich.App.1985); *Annabel v. C.J. Link Lumber Co.,* 320 N.W.2d 64, 66 (Mich.App.1982). Tolling is triggered only when a prior action is dismissed for ministerial procedural flaws, not when, as here, the prior

action was dismissed with prejudice for failure to state a claim.

Appellant contends that, assuming Mich. Comp. Laws § 600.5856 applies only to prior suits between the parties where the prior action was not adjudicated on the merits, the summary disposition of Appellant's first lawsuit was not "on the merits" for tolling purposes. Appellant argues that there is a distinction between adjudication "on the merits" for res judicata purposes and adjudication "on the merits" for tolling purposes. Appellant, however, can offer no caselaw to support her argument. The cases she cites in her brief are inapposite, as they reflect merely that tolling is triggered when a case is dismissed without prejudice for technical procedural reasons. Appellant has attempted to liken the dismissal of her first case to dismissals based on ministerial procedural flaws. That is not the case.

 **\*4** Appellant acknowledges that a dismissal pursuant to Mich. Ct.R. 2 .116(C)(8) is a decision on the merits for res judicata purposes. Cases cited by Appellant that permitted tolling during a first action involve actions that were dismissed for procedural reason flaws and without prejudice. Here, Appellant's first action was dismissed because she failed to state a claim on which relief could be granted. Such decision was "on the merits," for both res judicata and tolling purposes. Therefore, the statute of limitations was not tolled and Appellant's second action is barred.

### III. CONCLUSION

Accordingly, the order of the Honorable Arthur J. Tarnow, District Judge for the Eastern District of Michigan, granting Appellee's motion to dismiss, is AFFIRMED.

**All Citations**

230 F.3d 1361 (Table), 2000 WL 1434698

---

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2016 Thomson Reuters. No claim to original U.S. Government Works.

2013 WL 3929989
Only the Westlaw citation is currently available.
United States District Court,
W.D. Michigan,
Southern Division.

George H. PATTON, Plaintiff,
v.
VILLAGE OF CASSOPOLIS
and Kevin Gillette, Defendants.

No. 1:13–CV–124.
|
July 29, 2013.

**Attorneys and Law Firms**

George H. Patton, Dowagiac, MI, pro se.

Paul E. Tower, Garan Lucow Miller PC, Lansing, MI, for Defendants.

*OPINION*

GORDON J. QUIST, District Judge.

**\*1** *Pro se* Plaintiff George H. Patton has sued Defendants, the Village of Cassopolis and Village Manager Kevin Gillette, alleging under 42 U.S.C. § 1983 that Defendants violated his due process rights by demolishing his property without a pre-demolition hearing. Patton also alleges that Defendants engaged in "ethnic intimidation" in violation of 42 U.S.C. § 1982. Defendants have filed a motion to dismiss, and Patton has responded. For the reasons set forth below, the Court will grant Defendants' motion and dismiss the Complaint with prejudice.

**I. BACKGROUND**

On May 21, 2009, Defendants demolished Patton's real property. (Compl., Docket no. 1, Page ID 5.) On September 28, 2010, Patton filed a lawsuit alleging various state claims against Defendants in Cass County Circuit Court. (Defs.' Br. Supp. Mot. Dismiss, Ex. 1, Docket no. 6–1, Page ID 53.) Defendants filed a motion for summary disposition. (*Id.* at Ex. 8, Docket no. 7–3, Page

ID 86.) The circuit court granted Defendants' motion and dismissed Patton's claims on December 6, 2010. (*Id.*) Patton appealed. (*Id.* at Ex. 9, Page ID 88.) The Michigan Court of Appeals affirmed the circuit court decision on January 24, 2012. *Patton v. Village of Cassopolis,* No. 301754, 2012 WL 205832, at \*4 (Mich.Ct.App. Jan.24, 2012) (per curiam). In its opinion, the court of appeals suggested that Patton may seek money damages under 42 U.S.C. § 1983. (*Id.*) Patton filed an application for leave to appeal the judgment of the court of appeals. (Defs.' Br. Supp. Mot. Dismiss, Ex. 10, Docket no. 7–3, Page ID 91.) The Michigan Supreme Court denied the application on December 26, 2012. (*Id.*) On February 5, 2013, Patton filed this action.

**II. DISCUSSION**

**A. Patton's Claims are Time Barred by the Three–Year Statute of Limitations**

Defendants argue that Patton's claims are barred by the statute of limitations. Although an affirmative defense is generally not the proper subject of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "[a]n affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint." *Pani v. Empire Blue Cross Blue Shield,* 152 F.3d 67, 74 (2d Cir.1998) (citing *ALA, Inc. v. CCAIR, Inc.,* 29 F.3d 855, 859 (3d Cir.1994)); *see also Songbyrd, Inc. v. Bearsville Records, Inc.,* 104 F.3d 773, 775 n. 3 (5th Cir.1997) (stating that "certain affirmative defenses that clearly appear on the face of the plaintiff's complaint— most commonly that the statute of limitations has run— may properly be asserted in a Rule 12(b)(6) motion"). The Sixth Circuit adheres to this rule as well. *See Pierce v. Oakland Cnty.,* 652 F.2d 671, 672 (6th Cir.1981) (holding that an affirmative defense is not waived even if not pled where it appears on the face of the complaint and is asserted by the defendant in a Rule 12(b)(6) motion to dismiss). Here, the statute of limitations defense is clear from the face of the Complaint.

**\*2** Claims under § 1983 arising in Michigan have a statute of limitations period of three years from the date of injury. *Carroll v. Wilkerson,* 782 F.2d 44, 44 (6th Cir.1986) (per curiam). Claims under § 1982 arising in Michigan also have a statute of limitations period of three years. *Bygrave v. Van Reken,* No. 99–1702, 2000 WL 1769587, at \*2 (6th

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works. 1

Cir. Nov.14, 2000) (per curiam). The statute of limitations period begins "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir.1984). In this case, the three-year limitations period began to run on May 21, 2009, when Defendants demolished Patton's real property, and expired three years later, on May 21, 2012—more than nine months before Patton initiated the instant case. Thus, absent tolling, Patton's claims are barred.

The Sixth Circuit has noted that the mere filing of a prior state court action does not toll the statute of limitations for a subsequent § 1983 federal action. *Huntsman v. Perry Local Sch. Bd. of Educ.,* 379 F. App'x 456, 461 (6th Cir. May 28, 2010) (stating that "there is no requirement of exhaustion in state court for § 1983 actions, nor does litigating first in state court toll the statute of limitations for § 1983 claims"); *See also Ramirez de Arrellano v. Alvarez de Choudens,* 575 F.2d 315, 319 (1st Cir.1978) ("Federal courts have applied to § 1983 suits in particular a rule that prior actions in the state courts do not toll the applicable state statute of limitations." (citing *Willams v. Walsh,* 558 F.2d 667 (2d Cir.1977), and *Ammlung v. City of Chester,* 494 F.2d 811 (3d Cir.1974)). However, where, as here, a federal court "borrows" a state statute of limitations, state law also governs questions of tolling. *Bd. of Regents v. Tomanio,* 446 U.S. 478, 484, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980); *see also Wosniak v. Henderson,* No. 99–1916, 2000 WL 1434698, at *3 (6th Cir. Sept.19, 2000) (per curiam). Under the applicable Michigan tolling statute, M.C.L. § 600.5856, "[t]olling is triggered only when a prior [state] action is dismissed for ministerial procedural flaws." *Wosniak,* 2000 WL 1434698, at *3. In other words, the statute does not apply if the prior dismissal was on the merits. *See, e.g., Roberts v. City of Troy,* 170 Mich.App. 567, 581, 429 N.W.2d 206, 213 (1988); *Yeo v. State Farm Fire & Cas. Ins. Co.,* 242 Mich.App. 483, 484, 618 N.W.2d 916, 916 (2000). Patton's state-court case was dismissed on the merits. *See Patton v. Village of Cassopolis,* No. 301754, 2012 WL 205832 at * 3–4 (Mich.Ct.App. Jan.24, 2012) (affirming summary disposition on the alternate ground that Patton failed to state a claim upon which relief could be granted because Defendants were entitled to absolute immunity under MCL § 691.1407). Thus, Patton's claims are time barred.

Patton argues, however, that his claims are timely for several reasons. First, he argues that the applicable statutes of limitation are longer than three years. (Pl.'s Br. Obj. Defs.' Mot. Dismiss, Docket no. 9, Page ID 103.) Patton's argument lacks merit because the Sixth Circuit has already held in *Carroll,* 782 F.2d at 44, *Bygrave,* 2000 WL 1769587, at *2, and numerous other cases that the § 1982 and § 1983 claims are subject to a three-year statute of limitations.

**\*3** Second, Patton alleges that regardless of the statute of limitations, a claim with a "genuine issue of material fact" cannot be waived. (Pl.'s Br. Obj. Defs.' Mot. Dismiss, Docket no. 9, Page ID 101.) Therefore, he contends that because his claims raise genuine issues of material fact, the Court cannot dismiss them. (*Id.*) Patton is wrong. Patton cites *Cooper v. James,* 2001 SD 59, ¶ 7, 627 N.W.2d 784, 787 (S.D.2001), but that case is neither binding on this Court nor applicable to the instant case. The court in *Cooper* was addressing a motion for summary judgment. In contrast, this Court is addressing a motion to dismiss based on facts that Patton admits in his Complaint.

Finally, Patton argues that the statutes of limitation should be equitably tolled for the period of Patton's state court appeal because Defendants "fraudulently misrepresented" a Michigan statute to the circuit court. (Pl.'s Br. Obj. Defs.' Mot. Dismiss, Docket no. 9, Page ID 107.) In Michigan, equitable tolling typically applies "to a specific extraordinary situation in which it would be unfair to allow a statute of limitations defense to prevail because of [either a] defendant's bad faith or other particular and unusual inequalities." *Ward v. Siano,* 272 Mich.App. 715, 718, 730 N.W.2d 1, 2 (2006), *rev'd on other grounds,* 480 Mich. 979, 741 N.W.2d 836 (2007). Further, any "[i]nequality justify[ing] equitable] tolling must arise independently of the plaintiff's failure to diligently pursue [his or her] claim." *Id.* For example, in *Cincinnati Insurance Co. v. Citizens, Insurance Co.,* 454 Mich. 263, 270, 562 N.W.2d 648, 651 (1997), the court tolled the statute of limitations because the plaintiff's delayed filing resulted from its decision to engage in negotiations initiated by the defendant and for the defendant's benefit. In *Bryant v. Oakpoint Villa Nursing Center,* 471 Mich. 411, 432–433, 684 N.W.2d 864, 876, (2004), the plaintiff delayed filing her claim due to the court's own confusion between medical malpractice and negligence claims, which qualified as an "unusual inequality" that supported equitable tolling.

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works.

2

It is difficult to comprehend how, as Patton alleges, a party could commit fraud on a court by misrepresenting a statute. Assuming that such fraud occurred, however, Patton fails to explain how the alleged fraud on the court—not Patton—prevented him from timely asserting his current claims in federal court. In short, Patton has shown no "extraordinary situation" beyond his control, *see Ward,* 272 Mich.App. at 718, 730 N.W.2d at 2, that prevented him from filing timely claims.

### B. Patton's Claims are also Barred by the Doctrine of Res Judicata

Res judicata bars re-litigation of all previously litigated claims and every claim arising from the same transaction that parties exercising "reasonable diligence" could have raised but did not. *Buck v. Thomas M. Cooley Law Sch.,* 597 F.3d 812, 817 (6th Cir.2010). "Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state." *Id.* (quoting *Abbott v. Michigan,* 474 F.3d 324, 330 (6th Cir.2007)). Michigan bars a second, a subsequent action when "(1) the prior action was decided on the merits, (2) both actions involve the same parties ... and (3) the matter in the second case was, or could have been, resolved in the first." *Id.* (quoting *Abbott,* 474 F.3d 324 at 331 (quoting *Adair v. State,,* 470 Mich. 105, 121, 680 N.W.2d 386, 396 (2004))) (internal quotation marks omitted).

**\*4** The claims at issue are barred by the doctrine of res judicata because they arise from the same transaction as the claims in the prior state-court case. First, as discussed above, Patton's state action was resolved on the merits. Second, Patton's state action and the present action involve the same parties: Patton, the Village of Cassopolis, and Kevin Gillette. Finally, Patton could have asserted his instant claims in the state-court case. Patton offers his fraud on the court argument as a reason for not applying res judicata, but the argument fares no better here. That is, Patton fails to explain how such fraud prevented Patton from asserting the instant claims. Thus, res judicata bars Patton's federal claims.

## III. CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion to Dismiss and dismiss Patton's Complaint with prejudice.

An Order consistent with this Opinion will be entered.

### All Citations

Not Reported in F.Supp.2d, 2013 WL 3929989

© 2016 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2016 Thomson Reuters. No claim to original U.S. Government Works.    3

Copies of the relevant documents are submitted under separate cover.

Employee or Officer requesting representation: Sgt. Roosevelt Tidwell, Badge S-878.

Respectfully submitted,
VALERIE A. COLBERT-OSAMUEDE
Chief Assistant
Corporation Counsel
Approved:
KRYSTAL A. CRITTENDON
Corporation Counsel
By Council Member Jones:

Resolved, That the Law Department is hereby authorized under Section 13-11-1 et. seq. of the Municipal Code of the City of Detroit and in accordance with the foregoing communication to provide legal representation and indemnification to the following Employee or Officer: Sgt. Roosevelt Tidwell, Badge S-878.
Approved:
KRYSTAL A. CRITTENDON
Corporation Counsel
Not adopted as follows:
Yeas — None.
Nays — Council Members Brown, Cockrel, Jr., Jenkins, Jones, Kenyatta, Spivey, Tate, Watson, and President Pugh — 9.

———

### Law Department
May 28, 2010

Honorable City Council:
Re: Shante Gowens vs. City of Detroit, et al. United States District Court Case No. 10-10518.

Representation by the Law Department of the City employee or officer listed below is hereby recommended, as we concur with the recommendation of the Head of the Department and believe that the City Council should find and determine that the suit against the Defendant arises out of or involves the performance in good faith of the official duties of such Defendant. We further recommend that the City undertake to indemnify the Defendant if there is an adverse judgment. We therefore, recommend a "NO" vote on the attached resolution.

Copies of the relevant documents are submitted under separate cover.

Employee or Officer requesting representation: Sgt. Roosevelt Tidwell, Badge S-878.

Respectfully submitted,
VALERIE A. COLBERT-OSAMUEDE
Chief Assistant
Corporation Counsel
Approved:
KRYSTAL A. CRITTENDON
Corporation Counsel
By Council Member Jones:

Resolved, That the Law Department is hereby authorized under Section 13-11-1 et. seq. of the Municipal Code of the City

of Detroit and in accordance with the foregoing communication to provide legal representation and indemnification to the following Employee or Officer: Sgt. Roosevelt Tidwell, Badge S-878.
Approved:
KRYSTAL A. CRITTENDON
Corporation Counsel
Not adopted as follows:
Yeas — None.
Nays — Council Members Brown, Cockrel, Jr., Jenkins, Jones, Kenyatta, Spivey, Tate, Watson, and President Pugh — 9.

———

### Law Department
May 28, 2010

Honorable City Council:
Re: Hamzah Nasser vs. City of Detroit, Brandon Allen and Aaron Scott. Wayne County Circuiut Court Case No. 09-023594-CZ.

Representation by the Law Department of the City employees or officers listed below is hereby recommended, as we concur with the recommendation of the Head of the Department and believe that the City Council should find and determine that the suit against the Defendants arises out of or involves the performance in good faith of the official duties of such Defendants. We further recommend that the City undertake to indemnify the Defendants if there is an adverse judgment. We therefore, recommend a "NO" vote on the attached resolution.

Copies of the relevant documents are submitted under separate cover.

Employees or Officers requesting representation: P.O. Brandon Allen, Badge 2502; P.O. Aaron Scott, Badge 2536.

Respectfully submitted,
VALERIE A. COLBERT-OSAMUEDE
Chief Assistant
Corporation Counsel
Approved:
KRYSTAL A. CRITTENDON
Corporation Counsel
By Council Member Jones:

Resolved, That the Law Department is hereby authorized under Section 13-11-1 et. seq. of the Municipal Code of the City of Detroit and in accordance with the foregoing communication to provide legal representation and indemnification to the following Employees or Officers: P.O. Brandon Allen, Badge 2502; P.O. Aaron Scott, Badge 2536.
Approved:
KRYSTAL A. CRITTENDON
Corporation Counsel
Not adopted as follows:
Yeas — None.
Nays — Council Members Brown, Cockrel, Jr., Jenkins, Jones, Kenyatta, Spivey, Tate, Watson, and President Pugh — 9.