# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DEBTOR'S FORTY-EIGHTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (Pension Claims That Have Been Satisfied by the Plan)

> **THIS OBJECTION SEEKS TO MODIFY, DISALLOW AND/OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

The Debtor, the City of Detroit ("City"), by and through its undersigned counsel, files this objection ("Objection") requesting that the Court enter an order, substantially in the form attached as Exhibit 1, disallowing and expunging each of the claims identified on Exhibit 2 on the basis that each such claim has been satisfied pursuant to the Plan and Confirmation Order. In support of this Objection, the City respectfully states as follows:

27166648.4\022765-00213

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII, Section A of the Plan (defined below).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

2.     On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest Chapter 9 bankruptcy case in history.

3.     On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [Doc. No. 1782] ("Bar Date Order"), establishing deadlines to file proofs of certain types of claims in this case.  The Bar Date Order set the deadline to file those proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time ("Bar Date").

4.     The Bar Date Order provided in pertinent part that Entities holding the following claims (to the extent such claims would be subject to the General Bar Date) shall <u>not</u> be required to file proofs of claim in this chapter 9 case on account of such claims:

27166648.4\022765-00213

...

> (b) Any claim by present or potential future beneficiaries of the City's two pension systems, the General Retirement Systems and the Police and Fire Retirement System, for pension benefits or unfunded pension liabilities (any such claim, a "Pension Liability Claims").

Bar Date Order ¶8(a), p. 7.

5.      The motion seeking the entry of the Bar Date Order explained that proofs of Pension Liability Claims did not have to be filed because either the General Retirement System of the City of Detroit ("GRS") or the Police and Fire Retirement System of the City of Detroit ("PFRS") is the creditor of, and proper party to assert, Pension Liability Claims Against the City. *Motion of the Debtor, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* ¶ 23(b), p. 13 [Doc. No. 1146].

6.      Nevertheless, hundreds of individuals filed proofs of claims that appear to assert claims for pension benefits or unfunded pension liabilities that are Pension Liability Claims.

7.      On July 9, 2014, this Court entered its *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* [Doc. No. 5872] ("Claims Procedures Order"), allowing the City to file omnibus

objections with respect to claims that have been addressed by the Plan or otherwise are not subject to the claims process in this case.  (Claim Procedures Order at 2.)

8.      Furthermore, Bankruptcy Rule 3007(d)(5) permits omnibus objections on the ground that the claims should be disallowed because "they have been satisfied during the case in accordance with the Code, applicable rules, or a court order".

9.      On October 22, 2014, the City filed the Eight Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014) [Doc. No. 8045] ("Plan").

10.     On November 12, 2014, this Court entered an Order confirming the Plan [Doc. No. 8272] ("Confirmation Order").

11.     The Plan became effective on December 10, 2014 ("Effective Date").

12.     The Plan comprehensively resolved, classified and treated all Pension Liability Claims.

13.     Pension Liability Claims of the PFRS were classified in Class 10 under the Plan, entitled "PFRS Pension Claims."  Plan, Art. II.B.3.q, pp. 38-39.

14.     The Plan defined "PFRS Pension Claims" to mean

any Claim (other than an OPEB Claim), whether asserted by current of former employees of the City, theirs heirs or beneficiaries or by the PFRS or any trustee thereof or any other Entity acting on the PFRS's behalf, against the City or any fund managed by the City (including, but not limited to, the General Fund, the Police and Fire Retirement System Service Corporation fund or the pension funds) based upon,

- 4 -

arising under or related to any agreement, commitment or other obligation, whether evidenced by contract, agreement, rule, regulation, ordinance, statute or law for (a) any pension, disability, or other post-retirement payment or distribution in respect of the employment of such current or former employees or (b) the payment by the PFRS to persons who at any time participated in, were beneficiaries of or accrued post-retirement pension or financial benefits under the PFRS.

Plan, Art. I.A.271, pp. 22-23.

15.     Class 10 provided that "PFRS Pension Claims shall be allowed in an aggregate amount equal to the sum of approximately $1,250,000,000." Plan, Art. II.B.3.q.i, pp. 38-39.

16.     Similarly, Pension Liability Claims of the GRS were classified in Class 11 under the Plan, entitled "GRS Pension Claims." Plan, Art. II.B.3.r, pp. 39-42.

17.     The Plan defined GRS Pension Claim to mean

any Claim (other than an OPEB Claim), whether asserted by current or former employees of the City or any participants in GRS, their heirs or beneficiaries or by the GRS or any trustee thereof or any other Entity acting on the GRS's behalf, against the City or any fund managed by the City (including, but not limited to, the General Fund, the water fund, the sewage disposal fund, the Detroit General Retirement System Service Corporation fund or the pension funds) based upon, arising under or related to any agreement, commitment or other obligation, whether evidenced by contract, agreement, rule, regulation, ordinance, statute or law for (a) any pension, disability or other post-retirement payment or distribution in respect of the employment of current or former employees or (b) the payment by the GRS to persons who at any time participated in, were beneficiaries of or accrued post-retirement pension or financial benefits under the GRS.

27166648.4\022765-00213

Plan, Art. I.A.212, pp. 17-18.

18.     Class 11 provided "GRS Pension Claims shall be allowed in the aggregate amount equal to the sum of approximately $1,879,000,000." Plan, Art.II.B.3.r.i., p. 39.

19.     As such, Classes 10 and 11 govern the treatment of all claims falling within the definitions of GRS Pension Claims and PFRS Pension Claims. Consequently, the Plan comprehensively resolved, classified and treated all GRS Pension Claims and PFRS Pension Claims. On or about the Effective Date, the treatment to be afforded under the Plan to holders of claims in Classes 10 and 11 of the Plan was consummated and satisfied under the Plan.

20.     Each of the claims listed on Exhibit 2[1] asserts a pension claim that is classified under the Plan as a GRS Pension Claim or a PFRS Pension Claim. Because each of the claims listed on Exhibit 2 is a GRS Pension Claim or PFRS Pension Claim, it is included in the treatment provided to all such claims in Classes 10 or 11 of the Plan.  Each of the claims listed on Exhibit 2 asserts a GRS Pension Claim or a PFRS Pension Claim that has been satisfied under the Plan and should be disallowed and expunged.

---

[1] Claim 3689 of the Detroit Public Library may also assert a claim for other post-employment benefits. To the extent that it does, those claims were satisfied pursuant to the treatment afforded to such claims under Class 12 of the Plan. Plan, Art. I.A.107 & 259, Art. II.B.3.s  pp. 9, 21, 42-43.

27166648.4\022765-00213

## RELIEF REQUESTED

21.    The City files this Objection pursuant to the Bar Date Order, Section 502(b) of the Bankruptcy Code,[2] Rule 3007(d) of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules"), the Claims Procedures Order, and the Plan seeking entry of an order disallowing and expunging each of the claims identified on Exhibit 2 because each such claim asserts a GRS Pension Claim or a PFRS Pension Claim that has been satisfied pursuant to the terms of the Plan and Confirmation Order.

22.    To the extent the Court does not expunge one or more of the claims identified on Exhibit 2, the City reserves all of its rights to object, on any basis, to any of the claims identified on Exhibit 2.

## BASIS FOR RELIEF REQUESTED

23.    The City has reviewed the claims identified on Exhibit 2 and submits that each such claim is a GRS Pension Claim or a PFRS Pension Claim that has been satisfied by the Plan and Confirmation Order.

24.    The Declaration of Charles Raimi, Deputy Corporation Counsel, (the "Declaration") explains the process undertaken by the City and confirms that the claims identified on Exhibit 2 are pension claims that have been addressed and

---

[2] Section 502 of the Bankruptcy Code applies to Chapter 9 proceedings pursuant to Section 901(a) of the Bankruptcy Code.

27166648.4\022765-00213

satisfied by the Plan. *See Declaration of Charles Raimi*, attached hereto as <u>Exhibit 3</u>.

25.     The Claims Procedures Order and Bankruptcy Rule 3007(c) allow the City to file this Objection as an omnibus objection. Specifically, Bankruptcy Rule 3007(c) authorizes the Court to allow for omnibus objections beyond those circumstances itemized in Bankruptcy Rule 3007(d), and the Claims Procedures Order expressly permits the City to file an omnibus objection with respect to claims that have been satisfied or addressed by the Plan or otherwise are not subject to the claims process in this case. (Claims Procedures Order at 2.). This is further supported by the authority granted in Bankruptcy Rule 3007(d)(5).

26.     This Court has the authority to enter an order approving this Objection. Moreover, the streamlined process afforded by an omnibus objection (in lieu of individual objections to each of the claims identified on <u>Exhibit 2</u>) will result in material costs savings that will inure to the benefit of the City. Accordingly, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors.

27.     Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed as <u>Exhibit 1</u>, expunging and disallowing each of the claims identified on <u>Exhibit 2</u>. Accordingly, pursuant to section 502(b) of the

27166648.4\022765-00213

Bankruptcy Code and Bankruptcy Rule 3007(c), the Court should grant the relief requested.

**SEPARATE CONTESTED MATTERS**

28.     To the extent that a response is filed regarding any claim listed in this Objection and the City is unable to resolve the response, each one of those claims, and the objection by the City to each one of those claims asserted, should constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection should be deemed a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, should constitute a final judgment with respect to such claim, and the Court should expressly determine that there is no just reason for delay of the entry of the final judgment with respect to such claim.

29.     The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## NOTICE

30.     The City has provided notice of this Objection to each of the claimants identified in Exhibit 2 at the address set forth by each of the claimants on its respective proof of claim, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002.  Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Objection need be given.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as the Court may deem just and proper.

27166648.4\022765-00213

Dated: July 28, 2016

Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

        and

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan  48226
    Telephone: (313) 237-5037
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

<u>**NOTICE OF DEBTOR'S FORTY-EIGHTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**</u>

**(Pension Claims That Have Been Satisfied by the Plan)**

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS(S).**

**PLEASE TAKE NOTICE THAT** the City of Detroit ("<u>City</u>") has filed an objection to your claim because you assert a GRS Pension Claim or a PFRS Pension Claim that has been satisfied under the City's Plan ("<u>Forty-Eighth Omnibus Objection</u>") and, therefore, should be disallowed and expunged.

<u>**YOUR CLAIM MAY BE REDUCED, MODIFIED OR ELIMINATED PURSUANT TO FED. R. BANKR. P. 3007(e)(1) AND PRIOR ORDERS OF THIS COURT. YOU SHOULD CAREFULLY REVIEW EXHIBIT 2 OF THE FORTY-EIGHTH OMNIBUS OBJECTION TO FIND YOUR NAME AND CLAIM. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.**</u>

If you do not want the court to eliminate or change your claim, or grant the relief requested in the Forty-Eighth Omnibus Objection, then on or before **August 24, 2016**, you or your lawyer must:

1.      File with the court, at the address below, a written response to the objection.  Unless a written response is filed and served by the date stated above, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

2.      A copy of your response must also be mailed to counsel for the City:

Marc N. Swanson
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson, Suite 2500
Detroit, MI 48226

3.      You must also attend the hearing on the objection scheduled to be held on **August 31, 2016, at 1:30 p.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 48226** unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the objection to your claim, in which event the hearing will be cancelled and the objection sustained.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
     Marc N. Swanson (P71149)
     150 West Jefferson, Suite 2500
     Detroit, Michigan 48226
     Telephone: (313) 496-7591
     Facsimile: (313) 496-8451
     swansonm@millercanfield.com

Dated: July 28, 2016

# EXHIBIT 1: PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER SUSTAINING DEBTOR'S FORTY-EIGHTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (Pension Claims That Have Been Satisfied by the Plan)

Upon review of the forty-eighth objection to claims (the "Objection"),[3] of the Debtor, City of Detroit, Michigan (the "City"), seeking entry of an order disallowing and expunging each of the claims listed on Exhibit 2 to the Objection because the proof of claim asserts a claim that is a GRS Pension Claim or a PFRS Pension Claim; and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court finding that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court finding that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the

---

[3] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

Objection; and it appearing that no other or further notice of the Objection need be given; and a hearing on the Objection having been held before the Court; and any objections or other responses to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual basis set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1.      The Objection is sustained.

2.      Each of the proofs of claim listed on Exhibit 2 annexed to the Objection is hereby disallowed and expunged in its entirety pursuant to Section 502(b) of the Bankruptcy Code.

3.      The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4.      The City is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Objection.

5.      Each claim and the objections by the City to each claim as addressed in the Objection and set forth on Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, shall constitute a final judgment with respect to

such claim, and the Court expressly determines that there is no just reason for delay of the entry of the final judgment with respect to such claim. Any stay of this Order shall apply only to the contested matter that involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby, and further provided that the City shall have the right to submit a separate order with respect to contested matters or claims.

6.     The City retains all of its rights to object, on any other basis, to any of the Claims identified on Exhibit 2.

7.     Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

8.     Nothing in this Order is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

# EXHIBIT 2: CLAIMS

The ground for objection to each claim listed below is that it is a pension claim that has been satisfied by the City's Plan. Each of the pages in the omnibus objection is pertinent to the stated ground for objection.

| Claim Number | Name | Claim Amount | Nature |
|:---:|:---:|:---:|:---:|
| 2252 | Laurence Woody White | UNLIQUIDATED | Secured |
| 3689 | Detroit Public Library | UNLIQUIDATED | General Unsecured |
| 3295 | Nelda McCaskill | $854,880.00 | General Unsecured |

# EXHIBIT 3: DECLARATION OF CHARLES RAIMI

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DECLARATION OF CHARLES RAIMI IN SUPPORT OF DEBTOR'S FORTY-EIGHTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (Pension Claims That Have Been Satisfied by the Plan)

I, Charles Raimi, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am Deputy Corporation Counsel for the City of Detroit. Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2. The City's ongoing claims reconciliation process involves the collective effort of a team of employees assembled from personnel specifically familiar with the operations and liabilities of the City. This team works together and in conjunction with City's counsel, the City's financial advisor, and the City's claims agent, to review proofs of claim filed against the City.

3. In connection with the preparation of the Forty-Eighth Omnibus Objection to Certain Claims (Pension Claims That Have Been Satisfied by the

Plan) (the "Forty-Eighth Omnibus Objection"), the City reviewed the claims at issue, as described on Exhibit 2 of the Forty-Eighth Omnibus Objection.

4.     The City believes that each of the claims on Exhibit 2 should be disallowed and expunged because each such claim asserts a GRS Pension Claim or a PFRS Pension Claim that has been satisfied by the *Eighth Amended Plan of Adjustment of Debts of the City of Detroit (October 22, 2014)*.

[SIGNATURE PAGE FOLLOWS]

5. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: _July 28_, 2016

By: /s/ _____
    Charles Raimi

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 28, 2016, he electronically filed the foregoing Omnibus Objection to Certain Claims (the "Omnibus Objection") with the Clerk of the Court which sends notice by operation of the court's electronic filing service to all ECF participants registered to receive notice in this case. The City has engaged a Noticing Agent, which will serve the Omnibus Objection on the Claimants listed therein at the address set forth by each of the claimants on its respective proof of claim and on all parties requesting notices listed on the Master Service List, and file a subsequent Proof of Service after it has performed the service.

DATED:  July 28, 2016

By: /s/ Marc N. Swanson
Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com