UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

    Debtor,

Bankruptcy Case No:    13-53846
Honorable Thomas J. Tucker
Chapter 9

**RESPONSE IN OPPOSITION TO CITY OF DETROIT'S CORRECTED MOTION FOR THE ENTRY OF AN ORDER (1) ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND (II) REQUIRING THE DISMISSAL WITH PREJUDICE OF THE FEDERAL COURT ACTION FILED BY JEROME COLLINS TO THE EXTENT IT SEEKS RELIEF AGAINST THE CITY OF DETROIT OR PROPERTY OF THE CITY OF DETROIT**

Jerome Collins, by and through his attorney, Benjamin Whitfield, Jr., and for his response in opposition to the City of Detroit's Corrected Motion, states as follows:

**1.    Counter Introduction**

On May 15, 2015, Jerome Collins (hereinafter "Collins"), who had been wrongfully discharged and subjected to numerous and egregious violations of rights arising under the U.S. Constitution, *42 US § 1983*, Michigan common and statutory law, i.e., *Elliott Larsen Civil Rights Act, MCL 37.2101-2804*, his collective bargaining agreement, and *Art 1 § 17 (The Fair and Just Treatment Clause) of the State of Michigan's Constitution*, filed suit seeking redress. Since the factual predicate for all claims asserted in the filing of May 15, 2015 was preserved by his collective bargaining agent in a Proof of Claim, and there is no dispute regarding the validity of the action taken by his union, the issues are not as clear cut as the City suggests. Particularly, since some of the conduct by Defendant City of Detroit police officials of which Collins complained would not be protected by the *Michigan Governmental Tort Liability Act (MGTLA), MCL § 691.1407(2)*. Not yet plead, there are claims arising under *§362(h)* for willful post filing violations in pursuing termination procedures. The settled facts demonstrate that the named

1

Defendants, while acting under color of law, violated subsections (a) and (c) because the actions against Collins were taken in bad faith. That bad faith continued post filing in violation of *§362(a)* and exposed Defendants under *§362(h)* for willful violations. Even if the claims against the City are barred, claims against the officers in their individual capacities are not. Therefore said Defendants face considerable exposure, and are not immune under the *MGTLA*. Collins' claims asserted in his May 15th filing are not frivolous and must be resolved in order to liquidate the unliquidated claims preserve by the timely filed proof of claim.

## II. BACKGROUND

**2.** Collins joined DPD on September 20, 1993, opinion and award at 6, *Exhibit 6A*

**3.** Collins admits that the named Defendants knowingly elicited and relied upon falsified, coerced, or perjured testimony during in house disciplinary proceedings, and in criminal proceedings in Circuit Court. In further reply, after a jury trial in Wayne County Circuit Court despite the city's falsified evidence, and perjured testimony, all charges against Collins were dismissed.

**4.** Collins admits he requested reinstatement after the criminal charges were dismissed when the jury found him 'not guilty.' In further reply, the hearing mandated by the Collective Bargaining Agreement (CBA) never occurred as a matter of law because of the automatic stay that went into effect on July 18, 2013 barred any such proceeding unless permitted by Bankruptcy Court. Said proceedings were void *ab initio.*

**5.** That, although it honored the automatic stay, which held the reinstatement proceedings in abeyance, the city without leave from the bankruptcy court, circumvented the stay and convened a separate disciplinary proceeding from July 8, 2013 through July 11, 2013, which ratified his termination of July 6, 2013. In further reply, Collins contends that the

2

13-53846-tjt    Doc 11410    Filed 08/02/16    Entered 08/02/16 05:16:17    Page 2 of 6

separate July 2013 proceedings were null and void *ab initio* because they violated the stay. *In re: Best Payphones, Inc., 279 B.R. 92 (Bank'r S.D.N.Y. 2002)* If the stay caused the reinstatement proceedings to be adjourned without a decision, then all contractually based proceedings should have been stayed. But they were not. Accordingly, they were void *ab initio*. The separate disciplinary proceedings were nothing more than an attempt by the DPD officers/defendants to complete their mission to terminate Collins to satisfy personal grudges. In so doing, the DPD officers had been acting under color of law to punish Collins. Their conduct was an abuse of their power.

**6.** Collins admits that what purported to be a disciplinary proceedings occurred and that a decision purporting to fire him was rendered. Collins asserts, however, that the proceedings were null and void *ab* initio because they violated the stay. *See, e.g., Kalb v Fuerstein, 308 US 433 (1940).* Respondent, therefore denies that the purported discharge resulting from the void termination proceedings rendered his grievance moot. Since the proceedings were void *ab initio*, any outcomes were absolute null and void. Upon closer scrutiny, those proceedings clearly violated *§362(a)* and, pursuant to *§ 362(h),* created exposure as to the named Defendants for actual damages, including attorney's fees and possibly punitive damages for their willful violation of the stay. Arguably, continuation of termination proceedings was a willful violation supporting punitive damages pursuant to *11 USC 362(h)*.

B. **The City's Bankruptcy Case**

**7.** Admitted

**8.** Admitted

**9.** Admitted

3

10. Admitted

11. Admitted

12. Admitted

13. Admitted

14. Admitted

15. Admitted

16. Admitted

C. **In Order to Liquidate Unliquidated Claims Preserved by his Union's Timely Filing of his Pending Grievance before the City Filed Bankruptcy, Collins filed a Complaint in Federal Court in May of 2015**

17. Admitted

18. Admitted that the complaint contains seven counts, the factual predicate of which occurred pre-filing, and was preserved by the Proof of Claim filed by his union. Under a notice pleading standard, the Proof of Claim subsumed all facts, with respect to the named Defendants' violations of Collins rights that form the factual predicate for proceedings Collins now seeks to pursue in order to liquidate his claim.

19. Admitted – the letter speaks for itself. In further reply, the pleadings allege claims against the individual Defendants, in their individual capacities, and will sound under *42 USC § 1983*. Accordingly, said claims which were preserved by the Proof of Claim are not barred by paragraphs 30 and 32 of the Confirmation Order. Defendants' exposure, which is personal, can be satisfied from pension accounts or personal assets. And since Defendants are not immune under the *MGTLA*, they must satisfy any judgment Collins might obtain. This case can proceed without the City.

20. Admitted – however, Collins' intent was to prosecute claims preserved by his union in the Proof of Claim timely filed.

21. Admits that the City filed an Answer and Affirmative Defenses.

### III. Argument

22. Denied – the Proof of Claim preserved an unliquidated claim against the individual Defendants who, while acting under color of law under circumstances that denied them immunity under the *Michigan Governmental Tort Liability Act*, violated rights arising under the U.S. Constitution, federal statutes, Michigan statutory and common law, and also *Art 1, § 17 of the State of Michigan Constitution* that guaranteed Collins the right to fair and just treatment in the proceedings conducted by the City, and its officials. *See, Jo-Dan Ltd v Detroit Bd of Education, COA #201406 (7/14/2000)* That, while an amendment might be in order, dismissal is not.

23. The plan should be construed so as to preserve Collins' unliquidated claim and to enable him, through appropriate proceedings, to liquidate his claims. If the claims were liquidated and a sum certain determined, the discharge provision might be a bar. However, it is illogical to assert that an unliquidated claim can be barred. What is the point of filing a Proof of Claim if the claim cannot be liquidated? And equally illogical to assert that all claims arising from the same factual predicate cannot be liquidated. There is no sound reason why Collins cannot pursue, in the appropriate forum, all unliquidated claims sharing the same factual predicate.

24. Collins suggests this Court has the power to determine that the Proof of Claim subsumes all claims, whether state or federal, sharing the factual predicate preserved by the Proof of Claim. And further suggests that all post filing proceedings against Collins were void *ab*

*initio* under *Kalb* and *In re Best Payphones, supra*. Finally, under *§362(h)*, Collins has claims arising from Defendant's willful violation of *§362(a)*.

WHEREFORE, Collins requests this Honorable Court deny the City's corrected Motion to the extent it might be construed as denying Collins any and all relief as to claims preserved by the timely filed Proof of Claim.

Respectfully Submitted,

BENJAMIN WHITFIELD, JR & ASSOCIATES

/s/ Benjamin Whitfield, Jr.
Benjamin Whitfield, Jr.  (P23562)
613 Abbott
Detroit, MI 48226
(313) 961-1000

Dated:  July 29, 2016

6

13-53846-tjt    Doc 11410    Filed 08/02/16    Entered 08/02/16 05:16:17    Page 6 of 6