In re:
City of Detroit, Michigan,
Debtor.

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

_____/

## CLAIMANT MICHAEL MCKAY'S MOTION TO ENFORCE AGREEMENT RESOLVING CLAIM OF MICHAEL MCKAY

Claimant Michael McKay, by and through his attorneys, Romano Law, PLLC hereby moves this Honorable Court to enter an order enforcing the Agreement Resolving Claim of Michael McKay, and in support thereof states:

1. On or about October 9, 2009, Michael McKay filed a Complaint in the Wayne County Circuit Court alleging violations of 42 USC 1983 by Detroit Police Officer Myron Watkins. The lawsuit was later amended to include claims against Detroit Police Officer Frederick Person and Detroit Police Officer Kevin Clark.

2. That matter dismissed in favor of binding arbitration, pursuant to a written arbitration agreement between the parties. *Exhibit 4*

3. The arbitration hearing on that matter was held on May 16, 2013.

4. On May 16, 2013, the arbitration panel returned an award in favor of Michael McKay against Detroit Police Officer Myron Watkins, Detroit Police Officer Frederick Person and Detroit Police Officer Kevin Clark. *Exhibit 5*

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

1

5. On July 18, 2013, prior to any payment on the arbitration award, the City of Detroit filed for Chapter 9 bankruptcy protection with this Court. As a result, Michael McKay's action in Wayne County Circuit Court, and any enforcement of the arbitration award, was stayed.

6. Michael McKay timely filed a Proof of Claim in this bankruptcy proceeding.

7. After the City of Detroit emerged from the bankruptcy proceedings, Michael McKay filed a Motion to Enforce the Arbitration Award in Wayne County Circuit Court. As a result of that Motion, the Circuit Judge entered an Order Enforcing Arbitration Award, ordering that the Defendants (Watkins, Person and Clark) pay to Plaintiff "the amounts due to Plaintiff under the Arbitration Award issued in this matter on May 16, 2013 within 60 days of the entry" of the Order. *Exhibit 6*

8. During the course of the bankruptcy proceedings, the City of Detroit sent a proposed Agreement Resolving Claim of Michael McKay. The proposed Agreement provided that the "Settled Claim Amount" would be $42,500.00 (the amount of the arbitration award).

9. Michael McKay signed the Agreement on June 23, 2014. The City of Detroit signed the Agreement on December 16, 2015. *Exhibit 7*

10. On March 23, 2016, the City of Detroit presented to counsel for Michael McKay a check in the amount of $10,625.00, which is a payment that is equal to 25% of the amount awarded by the arbitration panel on May 16, 2013. *Exhibit 8*

11. Upon information and belief, the City of Detroit argues that the Eighth Amended Plan approved by this Court somehow obligates it to pay only 25% of the Settled Claim Amount in this case.

2

13-53846-tjt    Doc 11489-4    Filed 08/03/16    Entered 08/03/16 16:55:45    Page 2 of 15

12. The Eighth Amended Plan, however, specifically provides, at page 62, Section O, that "nothing in the Plan shall discharge or impair the obligations of the City as provided in the City Charter of the City or other organizational documents, resolutions, employment contracts, applicable law or other applicable agreements as of the Petition Date to indemnify, defend, reimburse, exculpate, advance fees and expenses to, or limit the liability of officers and employees of the City...." *Exhibit 9* The arbitration award at issue in this case was against the individual police officers, not the City of Detroit. The payment from the City of Detroit was only as the result of its obligations to indemnify the officers under agreements between the officers and the City. Therefore, the plain language of the Plan obligates the City to pay the full amount of the award.

WHEREFORE, Claimant Michael McKay prays that this Honorable Court enter an order enforcing the arbitration award issued on May 16, 2013 and ordering the City of Detroit to pay the full $42,500.00 within 14 days of the entry of the order.

## BRIEF IN SUPPORT OF MOTION

On or about October 9, 2009, Michael McKay ("McKay") filed a Complaint in the Wayne County Circuit Court alleging violations of 42 USC 1983 by Detroit Police Officer Myron Watkins. The lawsuit was later amended to include claims against Detroit Police Officer Frederick Person and Detroit Police Officer Kevin Clark. That matter dismissed in favor of binding arbitration, pursuant to a written arbitration agreement between the parties. *Exhibit 4*

The arbitration hearing was held on May 16, 2013. At the conclusion of the hearing, the arbitration panel issued an arbitration award in favor of Michael McKay, against Detroit Police

3

Officers Watkins, Person and Clark in the total amount of $42,500.00. Prior to paying the arbitration award, the City of Detroit filed for Chapter 9 bankruptcy protection on July 18, 2013. As a result, McKay's action in Wayne County Circuit Court, and any enforcement of the arbitration award, was stayed. McKay timely filed a Proof of Claim with this Court.

During the course of the bankruptcy proceedings, the City of Detroit sent a proposed Agreement Resolving Claim of Michael McKay. The Agreement provided that the claimed amount was $42,500.00 and that the Settled Claim Amount would be $42,500.00. The Agreement further provides that:

> The Parties agree that any Settled Claim is a general, unsecured, nonpriority claim, subject to the treatment provided for such claims under any Chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan").

*Exhibit 7, p. 3, paragraph 5*

McKay signed the Agreement on June 23, 2014. The City of Detroit signed the Agreement on December 16, 2015. *Exhibit 7*

Following the City of Detroit's emergence from bankruptcy protection, McKay filed a motion in Wayne County Circuit Court seeking enforcement of the arbitration award. On March 14, 2016, the circuit judge presiding over the matter issued an Order Enforcing Arbitration Award and ordering that "Defendants pay the amounts due to Plaintiff under the Arbitration Award issued in this matter on May 16, 2013 within 60 days of the date of entry of this order". *Exhibit 6* Instead, on March 23, 2016, the City of Detroit tendered to McKay's counsel a check in the amount of $10,625.00 which represents 25% of the amount awarded to McKay by the arbitration panel. *Exhibit 8* Counsel for McKay refused the tender of the partial payment.

4

Upon information and belief, the City of Detroit is relying on paragraph 5 of the Agreement (quoted above) to justify its refusal to pay the amount awarded by the arbitration panel and ordered to be paid by the circuit judge. However, the Plan approved by this Court does not provide for the City of Detroit to reduce the amount paid by 75%.

First, the arbitration award and the Order Enforcing Arbitration Award were not against the City of Detroit, they were against the individual officers. The Plan entered by this Court only addresses claims against the individual officers, who were not subject of the bankruptcy petition filed in this case.

Therefore, the only obligation that the City has with regard to the payment of the arbitration award would be as indemnitor on behalf of Officers Watkins, Person and Clark. The Eighth Amended Plan, which was confirmed by this Court (See Docket #8272), provides specific instruction with regard to the City's obligations with regard to claims of indemnity:

> ....nothing in the Plan shall discharge or impair the obligations of the City as provided in the City Charter of the City or other organizational documents, resolutions, employment contracts, applicable law or other applicable agreements as of the Petition Date to indemnify, defend, reimburse, exculpate, advance fees and expenses to, or limit the liability of officers and employees of the City....

*Exhibit 9*

The language of the Plan is clear that the City's indemnity obligations are not affected by the bankruptcy. Therefore, if the City is paying the arbitration award pursuant to its indemnity obligations pursuant to its collective bargaining agreement with the police officers' union (or any other agreement), then it is obligated to pay it in full.

This is further made clear by the statements by Judge Steven Rhodes' in his Oral Opinion approving the Plan. It is important to note that the underlying claim was a claim against the

5

individual officers pursuant to 42 USC §1983, alleging violations of McKay's civil rights under the United States Constitution. The Opinion specifically addressed these types of claims:

### THE CONSTITUTIONAL CLAIMS AGAINST THE CITY

> The Court will now state its resolution of the objections that creditors with constitutional claims against the City filed...
>
> The Court further concludes that section 1983 claims against individuals in their personal capacity are not claims against the City. Accordingly, the bankruptcy code does not permit a chapter 9 plan to treat those claims, nor does it provide for their discharge.
>
> If a collective bargaining agreement or other contract obligates the City to defend and indemnify its officers on these claims in their personal capacity and that contract is assumed in this bankruptcy, then that contractual obligation survives the discharge and remains fully enforceable post-confirmation...

*Exhibit 10, p. 36*

Judge Rhodes went on to state that releasing the City from these obligations "would deny injured parties their just relief". *Exhibit 10*

Therefore, the City is obligated to pay the full amount of the arbitration award, $42,500.00, pursuant to the circuit court's March 14, 2103 Order and its indemnity obligations. Michael McKay respectfully requests that this Court enter an order requiring the City of Detroit to pay $42,500.00 to Michael McKay and his counsel within fourteen (14) days.

ROMANO LAW, PLLC

By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: May 6, 2016

6

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

    Debtor.

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

_____/

## ORDER ENFORCING AGREEMENT

At a session of said Court, held in the
U.S. Bankruptcy Court for the Eastern District,
on this _____

PRESENT: HON._____
                  BANKRUPTCY COURT JUDGE

This matter having come before this Honorable Court on Michael McKay's Motion to Enforce Agreement Resolving Claim, and the Court being otherwise advised on the premises;

**IT IS HEREBY ORDERED** that the Michael McKay's Motion to Enforce Agreement is granted.

**IT IS FURTHER HEREBY ORDERED** that the City shall pay the full arbitration award amount of $42,500.00 to Michael McKay and his counsel within fourteen (14) days.

**IT IS FURTHER HEREBY ORDERED** that the amounts due hereunder shall earn statutory interest beginning 14 days from the date of entry of this Order until fully paid.

                                                   _____
                                                   BANKRUPTCY COURT JUDGE

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

2

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

    Debtor.

_____/

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

## NOTICE OF CLAIMANT MICHAEL MCKAY'S MOTION TO ENFORCE AGREEMENT RESOLVING CLAIM OF MICHAEL MCKAY

Claimant Michael McKay, by and through his attorneys, Romano Law, PLLC has filed papers with the court to enter an order enforcing the Agreement Resolving Claim of Michael McKay.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to enter an order enforcing the Agreement Resolving Claim of Michael McKay, or if you want the court to consider your views on the Motion, within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:

    **United States Bankruptcy Court**
    **Eastern District of Michigan**
    **211 West Fort Street**
    **Detroit, Michigan 48226**

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Eric Stempien, Esq.
Romano Law, PLLC
23880 Woodward Avenue
Pleasant Ridge, MI 48069



1

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

                                                       ROMANO LAW, PLLC

                                                       By: Eric Stempien (P58703)
                                                       Attorney for Plaintiff

Dated: May 5, 2016

2

In re:
City of Detroit, Michigan,
    Debtor.
_____/

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2016, I mailed a copy of the following documents in the above-captioned matter by then and there depositing said document in an envelope with sufficient first-class postage prepaid thereon, in a United States mail box, located in the City of Pleasant Ridge, Oakland County addressed as follows:

DOCUMENTS: **Claimant Michael McKay's Motion to Enforce Agreement Resolving Claim of Michael McKay;**

**Notice and Opportunity to Object to Claimant Michael McKay's Motion to Enforce Agreement Resolving Claim of Michael McKay; and**

**Certificate of Service**

DATE MAILED: May 6, 2016

MAILED TO: Krystal Crittendon, Esq.
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226

City of Detroit
c/o City of Detroit Law Department
2 Woodward Avenue, Suite 500
Detroit, MI 48226

Marc N. Swanson, Esq.
Miller Canfield Paddock and Stone, P.L.C
150 W. Jefferson Ave., Suite 2500
Detroit, MI 48226

1

Timothy A. Fusco, Esq.
Miller Canfield Paddock and Stone, P.L.C
150 W. Jefferson Ave., Suite 2500
Detroit, MI 48226-4415

Jonathan S. Green, Esq.
Miller Canfield Paddock and Stone, P.L.C
150 W. Jefferson Ave., Ste. 2500
Detroit, MI 48226

Stephen S. LaPlante, Esq.
Miller Canfield Paddock and Stone, P.L.C
150 W. Jefferson Ave., Suite 2500
Detroit, MI 48226

Ronald A. Spinner, Esq.
Miller Canfield Paddock and Stone, P.L.C
150 W. Jefferson Ave., Suite 2500
Detroit, MI 48226

_____
NANE' ROSOLINO

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270