# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

    Debtor.

_____/

Bankruptcy Case No. 13-53846

Honorable Thomas J. Tucker

Chapter 9

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

## CLAIMANT MICHAEL MCKAY'S MOTION TO ENFORCE AGREEMENT RESOLVING CLAIM OF MICHAEL MCKAY

Claimant Michael McKay, by and through his attorneys, Romano Law, PLLC hereby moves this Honorable Court to enter an order enforcing the Agreement Resolving Claim of Michael McKay, and in support thereof states:

1. On or about October 9, 2009, Michael McKay filed a Complaint in the Wayne County Circuit Court alleging violations of 42 USC 1983 by Detroit Police Officer Myron Watkins. The lawsuit was later amended to include claims against Detroit Police Officer Frederick Person and Detroit Police Officer Kevin Clark.

2. That matter dismissed in favor of binding arbitration, pursuant to a written arbitration agreement between the parties. *Exhibit 4*

3. The arbitration hearing on that matter was held on May 16, 2013.

4. On May 16, 2013, the arbitration panel returned an award in favor of Michael McKay against Detroit Police Officer Myron Watkins, Detroit Police Officer Frederick Person and Detroit Police Officer Kevin Clark. *Exhibit 5*

1

5. On July 18, 2013, prior to any payment on the arbitration award, the City of Detroit filed for Chapter 9 bankruptcy protection with this Court. As a result, Michael McKay's action in Wayne County Circuit Court, and any enforcement of the arbitration award, was stayed.

6. Michael McKay timely filed a Proof of Claim in this bankruptcy proceeding.

7. After the City of Detroit emerged from the bankruptcy proceedings, Michael McKay filed a Motion to Enforce the Arbitration Award in Wayne County Circuit Court. As a result of that Motion, the Circuit Judge entered an Order Enforcing Arbitration Award, ordering that the Defendants (Watkins, Person and Clark) pay to Plaintiff "the amounts due to Plaintiff under the Arbitration Award issued in this matter on May 16, 2013 within 60 days of the entry" of the Order. *Exhibit 6*

8. During the course of the bankruptcy proceedings, the City of Detroit sent a proposed Agreement Resolving Claim of Michael McKay. The proposed Agreement provided that the "Settled Claim Amount" would be $42,500.00 (the amount of the arbitration award).

9. Michael McKay signed the Agreement on June 23, 2014. The City of Detroit signed the Agreement on December 16, 2015. *Exhibit 7*

10. On March 23, 2016, the City of Detroit presented to counsel for Michael McKay a check in the amount of $10,625.00, which is a payment that is equal to 25% of the amount awarded by the arbitration panel on May 16, 2013. *Exhibit 8*

11. Upon information and belief, the City of Detroit argues that the Eighth Amended Plan approved by this Court somehow obligates it to pay only 25% of the Settled Claim Amount in this case.

2

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

12. The Eighth Amended Plan, however, specifically provides, at page 62, Section O, that "nothing in the Plan shall discharge or impair the obligations of the City as provided in the City Charter of the City or other organizational documents, resolutions, employment contracts, applicable law or other applicable agreements as of the Petition Date to indemnify, defend, reimburse, exculpate, advance fees and expenses to, or limit the liability of officers and employees of the City...." *Exhibit 9* The arbitration award at issue in this case was against the individual police officers, not the City of Detroit. The payment from the City of Detroit was only as the result of its obligations to indemnify the officers under agreements between the officers and the City. Therefore, the plain language of the Plan obligates the City to pay the full amount of the award.

WHEREFORE, Claimant Michael McKay prays that this Honorable Court enter an order enforcing the arbitration award issued on May 16, 2013 and ordering the City of Detroit to pay the full $42,500.00 within 14 days of the entry of the order.

## BRIEF IN SUPPORT OF MOTION

On or about October 9, 2009, Michael McKay ("McKay") filed a Complaint in the Wayne County Circuit Court alleging violations of 42 USC 1983 by Detroit Police Officer Myron Watkins. The lawsuit was later amended to include claims against Detroit Police Officer Frederick Person and Detroit Police Officer Kevin Clark. That matter dismissed in favor of binding arbitration, pursuant to a written arbitration agreement between the parties. *Exhibit 4*

The arbitration hearing was held on May 16, 2013. At the conclusion of the hearing, the arbitration panel issued an arbitration award in favor of Michael McKay, against Detroit Police

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

3

Officers Watkins, Person and Clark in the total amount of $42,500.00. Prior to paying the arbitration award, the City of Detroit filed for Chapter 9 bankruptcy protection on July 18, 2013. As a result, McKay's action in Wayne County Circuit Court, and any enforcement of the arbitration award, was stayed. McKay timely filed a Proof of Claim with this Court.

During the course of the bankruptcy proceedings, the City of Detroit sent a proposed Agreement Resolving Claim of Michael McKay. The Agreement provided that the claimed amount was $42,500.00 and that the Settled Claim Amount would be $42,500.00. The Agreement further provides that:

> The Parties agree that any Settled Claim is a general, unsecured, nonpriority claim, subject to the treatment provided for such claims under any Chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan").

*Exhibit 7, p. 3, paragraph 5*

McKay signed the Agreement on June 23, 2014. The City of Detroit signed the Agreement on December 16, 2015. *Exhibit 7*

Following the City of Detroit's emergence from bankruptcy protection, McKay filed a motion in Wayne County Circuit Court seeking enforcement of the arbitration award. On March 14, 2016, the circuit judge presiding over the matter issued an Order Enforcing Arbitration Award and ordering that "Defendants pay the amounts due to Plaintiff under the Arbitration Award issued in this matter on May 16, 2013 within 60 days of the date of entry of this order". *Exhibit 6* Instead, on March 23, 2016, the City of Detroit tendered to McKay's counsel a check in the amount of $10,625.00 which represents 25% of the amount awarded to McKay by the arbitration panel. *Exhibit 8* Counsel for McKay refused the tender of the partial payment.

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

4

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

Upon information and belief, the City of Detroit is relying on paragraph 5 of the Agreement (quoted above) to justify its refusal to pay the amount awarded by the arbitration panel and ordered to be paid by the circuit judge. However, the Plan approved by this Court does not provide for the City of Detroit to reduce the amount paid by 75%.

First, the arbitration award and the Order Enforcing Arbitration Award were not against the City of Detroit, they were against the individual officers. The Plan entered by this Court only addresses claims against the individual officers, who were not subject of the bankruptcy petition filed in this case.

Therefore, the only obligation that the City has with regard to the payment of the arbitration award would be as indemnitor on behalf of Officers Watkins, Person and Clark. The Eighth Amended Plan, which was confirmed by this Court (See Docket #8272), provides specific instruction with regard to the City's obligations with regard to claims of indemnity:

> ....nothing in the Plan shall discharge or impair the obligations of the City as provided in the City Charter of the City or other organizational documents, resolutions, employment contracts, applicable law or other applicable agreements as of the Petition Date to indemnify, defend, reimburse, exculpate, advance fees and expenses to, or limit the liability of officers and employees of the City....

*Exhibit 9*

The language of the Plan is clear that the City's indemnity obligations are not affected by the bankruptcy. Therefore, if the City is paying the arbitration award pursuant to its indemnity obligations pursuant to its collective bargaining agreement with the police officers' union (or any other agreement), then it is obligated to pay it in full.

This is further made clear by the statements by Judge Steven Rhodes' in his Oral Opinion approving the Plan. It is important to note that the underlying claim was a claim against the

5

individual officers pursuant to 42 USC §1983, alleging violations of McKay's civil rights under the United States Constitution. The Opinion specifically addressed these types of claims:

## THE CONSTITUTIONAL CLAIMS AGAINST THE CITY

The Court will now state its resolution of the objections that creditors with constitutional claims against the City filed...

The Court further concludes that section 1983 claims against individuals in their personal capacity are not claims against the City. Accordingly, the bankruptcy code does not permit a chapter 9 plan to treat those claims, nor does it provide for their discharge.

If a collective bargaining agreement or other contract obligates the City to defend and indemnify its officers on these claims in their personal capacity and that contract is assumed in this bankruptcy, then that contractual obligation survives the discharge and remains fully enforceable post-confirmation...

*Exhibit 10, p. 36*

Judge Rhodes went on to state that releasing the City from these obligations "would deny injured parties their just relief". *Exhibit 10*

Therefore, the City is obligated to pay the full amount of the arbitration award, $42,500.00, pursuant to the circuit court's March 14, 2103 Order and its indemnity obligations. Michael McKay respectfully requests that this Court enter an order requiring the City of Detroit to pay $42,500.00 to Michael McKay and his counsel within fourteen (14) days.

ROMANO LAW, PLLC

By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: May 6, 2016

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

6

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

      Debtor.

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

_____/

## ORDER ENFORCING AGREEMENT

At a session of said Court, held in the
U.S. Bankruptcy Court for the Eastern District,
on this _____

PRESENT: HON._____
               BANKRUPTCY COURT JUDGE

This matter having come before this Honorable Court on Michael McKay's Motion to Enforce Agreement Resolving Claim, and the Court being otherwise advised on the premises;

**IT IS HEREBY ORDERED** that the Michael McKay's Motion to Enforce Agreement is granted.

**IT IS FURTHER HEREBY ORDERED** that the City shall pay the full arbitration award amount of $42,500.00 to Michael McKay and his counsel within fourteen (14) days.

**IT IS FURTHER HEREBY ORDERED** that the amounts due hereunder shall earn statutory interest beginning 14 days from the date of entry of this Order until fully paid.

_____
BANKRUPTCY COURT JUDGE

LAW OFFICES
ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

1

# EXHIBIT 2

In re:

City of Detroit, Michigan,

    Debtor.

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

_____/

## NOTICE OF CLAIMANT MICHAEL MCKAY'S MOTION TO ENFORCE AGREEMENT RESOLVING CLAIM OF MICHAEL MCKAY

Claimant Michael McKay, by and through his attorneys, Romano Law, PLLC has filed papers with the court to enter an order enforcing the Agreement Resolving Claim of Michael McKay.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to enter an order enforcing the Agreement Resolving Claim of Michael McKay, or if you want the court to consider your views on the Motion, within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:

**United States Bankruptcy Court
Eastern District of Michigan
211 West Fort Street
Detroit, Michigan 48226**

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Eric Stempien, Esq.
Romano Law, PLLC
23880 Woodward Avenue
Pleasant Ridge, MI 48069

1

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.**

ROMANO LAW, PLLC

By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: May 5, 2016

2

# EXHIBIT 3

# EXHIBIT 4

# AGREEMENT TO ARBITRATE

The parties, by their attorneys, agree to submit the case of **Michael McKay v Detroit Police Officers Myron Watkins, Frederick Person, and Sgt. Kevin Clark,** Wayne County Circuit Court Case No. 09-025 035 NO, to arbitration on the following terms and conditions:

1.    The parties shall submit to arbitration all matters in controversy raised in the above-named lawsuit.

2.    Arbitration shall be conducted in accordance with the Michigan Rules of Evidence, except as may be modified by stipulation of the parties.

3.    The matter shall be arbitrated by a panel of three arbitrators, all of whom shall be practicing Michigan Attorneys.   The Plaintiff shall select one arbitrator, the Defendants shall select one arbitrator, and the Plaintiff and Defendants shall jointly select the neutral arbitrator.  Plaintiff shall pay all fees and costs associated with the arbitrator that he selects.  Defendants shall pay all fees and costs associated with the arbitrator that they selects.  All fees and costs of the neutral arbitrator shall be paid fifty percent (50%) by Plaintiff and fifty percent (50%) by Defendants.

      All other costs and fees, including attorney fees, shall be borne by the party which incurs them.

4.    In the event that the neutral arbitrator is unavailable for a hearing on the date set by the parties, either by failure to accept appointment, disqualification, withdrawal, or incapacity, the position shall be filled by agreement of the parties.

5.    Pre-hearing briefs shall be required of Plaintiff and Defendants, and shall be submitted to the arbitration panel prior to commencement of the arbitration.

      Medical records and reports may be used at the hearing in lieu of the personal appearance of physicians, medical care providers or record custodians.

6.    The maximum amount of any award to the Plaintiff shall be in the amount of **Fifty Thousand Dollars ($50,000.00).**

7.    A decision of two of the three arbitrators shall be binding.

      Any award in excess of **$50,000.00** shall be interpreted to be in the amount of **$50,000.00**.

There shall be no costs, fees, attorney fees or interest taxable with respect to the award rendered by the arbitrators.

The award of the arbitrators shall represent a full and final settlement of any amounts due and owing to Plaintiff for any and all claims arising out of the incident which occurred on or about July 24, 2009 at or near 19996 Irving; however, limited judicial review may be obtained in a Michigan Federal District Court or Michigan Circuit Court of competent jurisdiction (*a*) in accordance with the standards for review of arbitration awards as established by law; or (*b*) on the ground that the arbitrators committed an error of law..

8. Neither the "high-low" amounts, nor the mediation award shall be disclosed to the arbitrators. Disclosure of the "high-low" amounts or the mediation award to the arbitrators shall render the arbitration agreement voidable by any non-disclosing party.

9. Discovery proceedings may continue, and each party shall have the opportunity to take "discovery only" depositions of the opponent's experts, to the extent that such depositions have not already been completed. The parties shall be able to take depositions of parties or witnesses for use as evidence at arbitration, without regard to witness availability.

10. The parties agree that they will faithfully observe the Agreement to Arbitrate and that they will abide by and satisfy the award rendered by the arbitrators. In the event that any party refuses to abide by the arbitrators' decision, the other party may petition the Court to confirm the award and enter judgment thereon.

11. The proceedings convened by the arbitrators need not be recorded. However, if any party wishes to have the proceedings recorded, then any costs incurred shall be borne exclusively by said party.

ROMANO LAW, P.C.

BY: _____
DAN ROMANO (P49117)
Attorneys for Plaintiff
26555 Evergreen
Southfield, MI 48076

CITY OF DETROIT - LAW DEPARTMENT

BY: _____
KRYSTAL A. CRITTENDON (P49981)
Attorney for Defendants
1650 First National Building
Detroit, Michigan 48226

K:\DOCS\LIT\BURND\A37000\ARB\db2377.rtf

2

**Agreement To Arbitrate**
**RE:  MICHAEL MCKAY**
**Page 3**

_signature_

MICHAEL MCKAY, Plaintiff

Subscribed and sworn to before me
this _7th_ day of _May_ , 2013

_signature_

Notary Public, _Oakland_ County, MI
My Commission expires: _12-17-2014_

# EXHIBIT 5

MICHAEL McKAY,

        Claimant,

-vs-

DETROIT POLICE OFFICER MYRON WATKINS,
DETROIT POLICE OFFICER FREDERICK PERSON
and DETROIT POLICE OFFICER KEVIN CLARK,

        Respondents.

_____/

Daniel G. Romano    P 49117
Attorney for Claimant

Dennis Burnett    P 27099
Attorney for Respondent

_____/

## ARBITRATION AWARD

Michael McKay, Claimant is hereby awarded $42,500 00 or his claims against

Detroit Police Officer Myron Watkins, Detroit Police Officer Frederick Person and Detroit

Police Officer Kevin Clark, Respondents, arising out of an incident that occurred on July

24, 2009.

This award is inclusive of any/all interest, costs, attorney fees and set-offs.

_____
David T. Hill

_____
Daniel P. Makarski

_____
Joyce E. Parker

Date: May 16, 2013
2246192_1

# EXHIBIT 6

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHAEL MCKAY,

        Plaintiff,

Case No. 09-025035-NO
Hon. Sheila Ann Gibson

vs.

DETROIT POLICE OFFICER MYRON WATKINS,
And DETROIT POLICE OFFICER JOHN DOE

        Defendants.

09-025035-NO
FILED IN MY OFFICE
WAYNE COUNTY CLERK
3/14/2016 9:27:12 AM
CATHY M. GARRETT
/s/ Kimberly Clifton

ROMANO LAW, P.L.L.C.
DANIEL G. ROMANO (P49117)
ERIC STEMPIEN (P58703)
Attorney for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, Michigan 48069
(248) 750-0270

DENNIS BURNETT (P27099)
Attorney for Defendants
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
(313) 237-3013

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

## ORDER ENFORCING ARBITRATION AWARD

At a session of said Court held in the
City of Detroit, County of Wayne,
State of Michigan, On:   3/14/2016
PRESENT:   Sheila A. Gibson
CIRCUIT JUDGE

This matter having come on for hearing on Plaintiff's Motion to Confirm the Arbitration

Award, the parties having appeared through their respective counsel, and the Court being

otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** Defendants pay the amounts due to Plaintiff under the

Arbitration Award issued in this matter on May 16, 2013 within 60 days of entry of this order;

/s/ Sheila A. Gibson
**CIRCUIT COURT JUDGE**

1

# EXHIBIT 7

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RECEIVED

DEC 16 2015

CITY OF DETROIT
LAW DEPARTMENT
LITIGATION DIVISION

-------------------------------------------------------- x

In re                                              :        Chapter 9
                                                   :
CITY OF DETROIT, MICHIGAN,                          :        Case No. 13-53846
                                                   :
                        Debtor.                     :        Hon. Steven W. Rhodes
                                                   :
-------------------------------------------------------- x

## AGREEMENT RESOLVING CLAIM OF MICHAEL MCKAY

The City of Detroit (the "City") and the claimant identified in paragraph 2 below (the "Claimant"

and, together with the City, the "Parties"), by and through their respective authorized representatives, do

hereby agree as follows:

### RECITALS

A.     On July 18, 2013, the City commenced the above-captioned case (the "Chapter 9 Case") by

filing a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy

Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the

"Bankruptcy Court"). On December 5, 2013, following its determination that the City met all of

the applicable requirements and is eligible to be a debtor under chapter 9 of the Bankruptcy

Code, the Bankruptcy Court entered the Order for Relief Under Chapter 9 of the Bankruptcy

Code (Docket No. 1946) with respect to the City.

B.     Pursuant to section 904 of the Bankruptcy Code, the City may continue to exercise its

political and governmental powers, manage its property and revenues and use and enjoy its

income-producing property without interference from the Bankruptcy Court.

C. On December 24, 2013, the Bankruptcy Court entered the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "ADR Order") establishing certain alternative dispute resolution procedures (collectively, the "ADR Procedures") to promote the resolution of certain claims designated by the City.

D. The Claimant is the current record holder of the proof[s] of claim identified under the heading "Filed Claim Number" in the table in paragraph 2 below (the "Filed Claim[s]").

E. The City (i) reviewed the Filed Claim[s] and the facts and circumstances of the alleged liabilities asserted therein and (ii) designated the Filed Claim[s] for potential resolution through the ADR Procedures.

F. The City believes that the resolution of the Filed Claim[s] as set forth in this Agreement is fair, reasonable and appropriate and will allow the Parties to avoid the cost, delay and burden of litigating potential disputes related to the Filed Claim[s]. In accordance with the ADR Order, the resolution of the Filed Claim[s] set forth in this Agreement terminates the ADR Procedures with respect to the Filed Claim[s] pursuant to section II.A.7 of the ADR Procedures.

G. Pursuant to section 904 of the Bankruptcy Code, the City is authorized to propose and enter into this Agreement without further order of the Bankruptcy Court.

H. The undersigned is authorized to enter into this Agreement on behalf of the City pursuant to a confidential memorandum dated March 25, 2014 that was issued to the City of Detroit Corporation Counsel by Kevyn Orr, Emergency Manager for the City of Detroit, entitled Litigation Claim Settlement Authority.

I. The Parties have agreed to the terms set forth in this Agreement, as indicated by the signatures of their respective authorized representatives below.

## AGREEMENT

1.    The Claimant represents and warrants to the City that it has not sold, assigned, factored or otherwise transferred any portion of or interest in the Filed Claim[s] and is the sole holder of the Filed Claim[s], with full authority to enter into this Agreement. The Claimant further agrees to indemnify and hold the City harmless for any damages, including without limitation actual and reasonable out of pocket costs, resulting from a breach of its representations and warranties set forth in this paragraph.

2.    The Filed Claim[s] is deemed amended, modified and allowed as a general unsecured, nonpriority claim (any such claim, a "Settled Claim") in the corresponding amount set forth in the table below under the heading "Settled Claim Amount":

| Claimant | Filed Claim Number | Filed Claim Amount | Filed Claim Priority | Settled Claim Amount | Settled Claim Priority |
|---|---|---|---|---|---|
| Michael McKay | 1573 | $42,500.00 | General unsecured, nonpriority | $42,500.00 *1983* | General unsecured, nonpriority |

3.    The Parties agree that any Filed Claim identified in paragraph 2 above for which there is no corresponding Settled Claim (or such amount is listed as $0.00) is hereby withdrawn and deemed disallowed and expunged, pursuant to section 502 of the Bankruptcy Code.

4.    The Claimant will not further amend the Filed Claim[s] (or the Settled Claim[s]) or file any additional proofs of claim with respect to the liabilities asserted in the Filed Claim[s]. Any further amendments to the Filed Claim[s] (or the Settled Claim[s]) or any additional claims filed by the Claimant or their successors or assigns with respect to the liabilities asserted in the Filed Claim[s] shall be null, void and of no effect.

5.    The Parties agree that any Settled Claim is a general unsecured, nonpriority claim, subject to the treatment provided for such claims under any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan").

6. Any distribution made to the Claimant pursuant to a Plan is referred to herein as a "Plan Distribution." If the Claimant or its successors or assigns receive payment of any portion of the Settled Claims from any source, including from the City, other than through the Plan (a "Non-Plan Payment"), the portion of the Settled Claim[s] equal to the amount of the Non-Plan Payments shall be deemed fully satisfied, and the Claimant, for itself and any successors or assigns, hereby prospectively waives and disclaims the right to receive Plan Distributions on account of the portion of the Settled Claim[s] satisfied by any Non-Plan Payments.

7. Nothing in this Agreement will have any impact on any proof(s) of claim that the Claimant has filed or holds other than the Filed Claim[s]. The Parties retain all of their respective claims, defenses, objections, counterclaims and any and all rights in respect of any proofs of claim that the Claimant has filed or holds other than the Filed Claim[s].

8. As to the Filed Claims and Settled Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City. The Claimant acknowledges that this Agreement represents the compromise of a disputed claim and is not to be construed as an admission of liability on the part of the City. As used in this Agreement, the Claimant and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any. Where required by the City, the Claimant has executed the Medicare Reporting and Indemnification Affidavit[s], if any, attached as Exhibit A.

9. The Claimant stipulates to dismissal with prejudice of the civil action[s] related to the Filed Claims or Settled Claim[s] in the form attached hereto as Exhibit B.

10. This Agreement may be executed in identical counterparts, and/or by facsimile or e-mail scan, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. This Agreement constitutes the entire agreement between the

Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

WHEREFORE, the undersigned have executed this Agreement on behalf of the parties hereto.

CITY OF DETROIT                                    MICHAEL McKAY

By: KRYSTAL A. CRITTENDON

_____
(signature)

Name: _____          Date: _____
        (Signature)

Name: _____
        (Print Name)

Title: _____

Date: _____

Date: _____

                                                   Claimant(s) counsel:

                                                   DANIEL G. ROMANO

                                                   _____
                                                     (signature)

                                                   Name: _____
                                                            (printed)
                                                   Date: _____

# EXHIBIT 8

| INVOICE NUM | INVOICE DATE | DESCRIPTION | DISCOUNT | AMOUNT |
|---|---|---|---|---|
| 13538461573 | 10-MAR-16 | POST/LAW/KAC/MB/A37000/LE-016146/CC/APPR | 0.00 | 10,625.00 |

SETTLEMENT CHECK AFFIDAVIT

I, _Eric Stempien_ _____ being first duly sworn,

deposes and says that on _March 23, 2016_, I received this settlement

check as resolution for Michael McKay, Case No. 13-53846, Chapter 9,

Bankruptcy Court Order, Claim 1573

_____
SIGNATURE

This Settlement Check Affidavit was acknowledge before me on this 23rd

day of March, 2016, by City of Detroit Mitigation Settlement Clerk.

Notary Public Wayne County, Michigan, My Commission Expires _October 19, 2018_

NET TOTAL            10,625.00

## ATTENTION
### NO INVOICE WILL BE HONORED WITHOUT A VALID CONTRACT OR PURCHASE ORDER.
### ALL INVOICES MUST GO DIRECTLY TO ACCOUNTS PAYABLE OR YOUR INVOICE WILL NOT BE HONORED

↕ REMOVE DOCUMENT ALONG THIS PERFORATION ↕

THIS DOCUMENT IS PRINTED IN TWO COLORS. DO NOT ACCEPT UNLESS BLUE AND GREEN ARE PRESENT.

# CITY OF DETROIT

| CHECK TYPE | CHECK DATE | CHECK NUMBER | CHECK AMOUNT |
|---|---|---|---|
| ACCOUNTS PAYABLES | 03-18-2016 | 2080071 | *****10,625.00 |

PAY EXACTLY    Ten Thousand Six Hundred Twenty-Five Dollars And Zero Cents*****

PAY TO THE
ORDER OF:
ROMANO LAW PLLC
AND MICHAEL MCKAY
26555 EVERGREEN RD STE 15000
SOUTHFIELD, MI 48076
UNITED STATES

VOID UNLESS
PRESENTED
WITHIN 90 DAYS

_John Naglick_
TREASURER

COMERICA BANK
Detroit, Michigan

⑈208007⑈ ⑆072000096⑈ 185227568 2⑈

# EXHIBIT 9

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

------------------------------------------------------------ x
                          :

In re                         :        Chapter 9

                          :

CITY OF DETROIT, MICHIGAN,     :        Case No. 13-53846

                          :

        Debtor.                :        Hon. Steven W. Rhodes

                          :

                          :

------------------------------------------------------------ x

---

## EIGHTH AMENDED PLAN FOR THE ADJUSTMENT OF DEBTS OF THE CITY OF DETROIT
### (October 22, 2014)

---

DAVID G. HEIMAN
HEATHER LENNOX
THOMAS A. WILSON
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212
dgheiman@jonesday.com
hlennox@jonesday.com
tawilson@jonesday.com

BRUCE BENNETT
JONES DAY
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539
bbennett@jonesday.com

JONATHAN S. GREEN
STEPHEN S. LAPLANTE
MILLER, CANFIELD,
    PADDOCK AND STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
green@millercanfield.com
laplante@millercanfield.com

ATTORNEYS FOR THE DEBTOR

5.     **Court-Appointed Expert**

      The Court-appointed expert, Martha E. M. Kopacz of Phoenix Management Services, and her counsel shall be compensated for any reasonable fees and expenses incurred through the Confirmation Date in accordance with the terms of the Court's Order Appointing Expert Witness (Docket No. 4215), entered on April 22, 2014, as amended.

O.     **Assumption of Indemnification Obligations.**

      Notwithstanding anything otherwise to the contrary in the Plan, nothing in the Plan shall discharge or impair the obligations of the City as provided in the City Charter of the City or other organizational documents, resolutions, employment contracts, applicable law or other applicable agreements as of the Petition Date to indemnify, defend, reimburse, exculpate, advance fees and expenses to, or limit the liability of officers and employees of the City (consistent with the injunction provisions of Section III.D.5 and including the members of the City Council, the Mayor and the Emergency Manager) and their Related Entities, in each case to the extent such Entities were acting in such capacity, against any claims or causes of action whether direct or derivative, liquidated or unliquidated, foreseen or unforeseen, asserted or unasserted; provided that this Section IV.O shall be read in conjunction with the provisions for Indirect Employee Indemnity Claims set forth in Section III.D.5. Notwithstanding the foregoing, Retirement System Indemnity Obligations shall not be assumed under the Plan and shall be discharged. For the avoidance of doubt, no indemnification provision in any loan document, bond document, Bond Insurance Policy or other agreement with a Bond Insurer is exempted from discharge by reason of this Section IV.O.

P.     **Incorporation of Retiree Health Care Settlement Agreement.**

      The terms of the Retiree Health Care Settlement Agreement resolving the Retiree Health Care Litigation, which agreement is attached hereto as Exhibit I.A.298, are incorporated herein by reference and shall be binding upon the parties thereto.

Q.     **Payment of Workers' Compensation Claims.**

      From and after the Effective Date, (a) the City will continue to administer (either directly or through a third party administrator) and pay all valid claims for benefits and liabilities for which the City is responsible under applicable State workers' compensation law, regardless of when the applicable injuries were incurred, in accordance with the City's prepetition practices and procedures and governing State workers' compensation law, and (b) nothing in the Plan shall discharge, release or relieve the City from any current or future liability under applicable State workers' compensation law. The City expressly reserves the right to challenge the validity of any claim for benefits or liabilities arising under applicable State workers' compensation law.

R.     **36th District Court Settlement.**

      The City and the Settling 36th District Court Claimants have reached a settlement related to (1) the allowance of certain of the Settling 36th District Court Claimants' Claims and (2) the treatment of Allowed Indirect 36th District Court Claims under the Plan substantially on the terms attached hereto as Exhibit I.A.9. The 36th District Court Settlement is incorporated into the Plan, which shall be construed as a motion for approval of, and the Confirmation Order shall constitute an order approving, such settlement pursuant to Bankruptcy Rule 9019.

S.     **Payment of Certain Claims Relating to the Operation of City Motor Vehicles.**

      From and after the Effective Date, the City will continue to administer (either directly or through a third party administrator) and pay valid prepetition Claims for liabilities with respect to which the City is required to maintain insurance coverage pursuant to MCL § 500.3101 in connection with the operation of the City's motor vehicles, as follows: (1) Claims for personal protection benefits as provided by MCL § 500.3107 and MCL § 500.3108, for which insurance coverage is required by MCL § 500.3101(1), shall be paid in full, to the extent valid, provided, however, that the City will not be liable for or pay interest or attorneys' fees under MCL § 500.3142

-62-

# EXHIBIT 10

A large number of people in this City are suffering hardship because of what we have antiseptically called service delivery insolvency. What this means is that the City is unable to provide basic municipal services such as police, fire and EMS services to protect the health and safety of the people here. Detroit's inability to provide adequate municipal services runs deep and has for years. It is inhumane and intolerable, and it must be fixed. This plan can fix these problems and the City is committed to it. So if to fix this problem, the Court must require these few creditors that rejected the plan to nevertheless share in the sacrifice that the other creditors have agreed to endure, then so be it.

There is really no choice here. There are no viable alternatives to this plan that will solve the City's problems and at the same time pay more to classes 14 and 15 to get their support.

To revitalize itself for the good of all, the City and its people desperately need the shared sacrifice that this plan will impose on all of its creditors, even these few rejecting creditors, and the City and its people need it now.

Accordingly, the Court concludes that it should exercise its power under the bankruptcy code to impose the plan of adjustment on classes 14 and 15 despite their dissenting votes. The Court finds that the plan is fair and equitable as to them.


## THE CONSTITUTIONAL CLAIMS AGAINST THE CITY

The Court will now state its resolution of the objections that creditors with constitutional claims against the City filed. The written opinion will explain in depth the Court's reasons for these conclusions.

35

The Court first concludes that the Fourteenth Amendment does not provide a constitutional right to damages for a constitutional violation. Accordingly, the Court overrules the claimants' objection that chapter 9 cannot provide for the discharge of a claim under 42 U.S.C section 1983.

The Court further concludes that section 1983 claims against individuals in their personal capacity are not claims against the City. Accordingly, the bankruptcy code does not permit a chapter 9 plan to treat those claims, nor does it provide for their discharge.

If a collective bargaining agreement or other contract obligates the City to defend and indemnify its officers on these claims in their personal capacity and that contract is assumed in this bankruptcy, then that contractual obligation survives the discharge and remains fully enforceable post-confirmation. Otherwise, the City's contractual indemnification obligation is discharged in this bankruptcy.

To the extent that the City seeks to release its officers from liability under the standards in the *Dow Corning* case, the Court denies that. The City certainly has a strong interest in the efficient and effective functioning of the police department. The Court accepts that protecting its officers from personal liability for section 1983 claims is necessary to that mission. However, the record is barren of any evidence suggesting that the contractual indemnity obligations that the City is assuming are inadequate to accomplish that purpose. A third party release would deny injured parties their just relief. There is no evidence that the protection of a third party release for these officers, in addition to their indemnity, is also necessary for the proper functioning of the police department.

Finally, the Court concludes that the Fifth Amendment does establish a right to just compensation when a municipality takes private property for public use. Chapter 9 would violate

36