*original*

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: | Bankruptcy Case No. 13-538846 |
| City of Detroit, Michigan, | Honorable: Thomas J. Tucker |
| Debtor. | Chapter 9 |

### DANNY CROWELL, LEOTA MURPHY AND JASMINE CROWELL'S MOTION FOR RELIEF FROM THE ORDER DATED AUGUST 2, 2016 UNDER BANKRUPTCY RULE 9024 AND 3008

On August 2, 2016, this court entered the attached order granting the City of Detroit's Motion to Enforce Order, under sections 105, 501 and 503 of the bankruptcy code, apparently premised on **(EXHIBIT A)**:

"No separately filed response to the Motion properly signed by an attorney (or any pro se party), has been filed despite the Court's instructions contained in the Court's order to allow paper filings, etc. filed July 27, 2016 (Docket#11398). The deadline for filing a response to the Motion was July 29, 2016."

Contrary to the assertion in the order, counsel for Danny Crowell, Leota Murphy, and Jasmine Crowell actually filed a response attached hereto as **Exhibit B**. **Their response brief was time stamped and accepted by the clerk of the court on July 28, 2016**. Thus, Danny Crowell, Leota Murphy, and Jasmine Crowell are respectfully requesting that this Honorable Court decide the City of Detroit's motion on the merits.

Counsel for Danny Crowell, Leota Murphy, and Jasmine Crowell received a copy of the Court's order in the mail from City of Detroit's counsel on August 8, 2016. **(Exhibit C, See Miller Canfield Envelope).**

FILED 2016 AUG -9 P 2:28 U.S. BANKRUPTCY COURT E.D. MICHIGAN-DETROIT

Wherefore, Danny Crowell, Leota Murphy, and Jasmine Crowell will grant the motion for relief from the order dated August 2, 2016, pursuant to Bankruptcy Rule 9024, Fed.R.Bank.P. 3008 and decide the City of Detroit's motion on the merits.

Respectfully submitted,

By: /s/ Joseph Dedvukaj

Joseph Dedvukaj (P51335)

1277 West Square Lake Road

Bloomfield Hills, Michigan 48302

Dated: August 8, 2016

(248) 352-2110

Email: jdlawfirm@aol.com

## PROOF OF SERVICE

The undersigned certifies that on August 8, 2016, the foregoing motion has been served on counsel for the City of Detroit by first class mail addressed to Miller Canfield located at 150 West Jefferson, Ste 2500, Detroit, Michigan 48226

/s/ Joseph Dedvukaj

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE ORDER, UNDER SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST DANNY CROWELL, LEOTA MURPHY AND JASMINE CROWELL

This case is before the Court on the motion entitled "City of Detroit's Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Danny Crowell, Leota Murphy and Jasmine Crowell" (Docket # 11357, the "Motion"),[1] upon proper notice and no response having been timely filed,[2] the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**IT IS ORDERED THAT:**

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings given to them in the Motion.

[2] No separately-filed response to the Motion, properly signed by an attorney (or any *pro se* party), has been filed, despite the Court's instructions contained in the Court's Order to Allow Paper Filings, etc. filed July 27, 2016 (Docket # 11398). The deadline for filing a response to the Motion was July 29, 2016.

1. The Motion is granted.

2. No later than August 10, 2016:

    (a) Danny Crowell must dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Danny Crowell, Leota Murphy and Jasmine Crowell vs. City of Detroit and Raul Villanueva Perez, Defendants*, filed in the Wayne County Circuit Court and assigned Case No. 16-006433-NI.

    (b) Leota Murphy must dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Danny Crowell, Leota Murphy and Jasmine Crowell vs. City of Detroit and Raul Villanueva Perez, Defendants*, filed in the Wayne County Circuit Court and assigned Case No. 16-006433-NI.

    (c) Jasmine Crowell must dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Danny Crowell, Leota Murphy and Jasmine Crowell vs. City of Detroit and Raul Villanueva Perez, Defendants, filed in the Wayne County Circuit Court* and assigned Case No. 16-006433-NI.

3. Danny Crowell, Leota Murphy and Jasmine Crowell are permanently barred, estopped and enjoined from asserting the claims arising from or related to their state court action identified in paragraphs 2(a) – (c) above against the City of Detroit or property of the City of Detroit.

4. Danny Crowell, Leota Murphy and Jasmine Crowell are prohibited from sharing in any distribution in this bankruptcy case.

5. No later than August 3, 2016, the City of Detroit must serve this Order upon Danny Crowell, Leota Murphy and Jasmine Crowell, and file proof of such service.

6. The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**Signed on August 02, 2016**

> /s/ Thomas J. Tucker
> Thomas J. Tucker
> United States Bankruptcy Judge

# EXHIBIT B

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: | Bankruptcy Case No. 13-538846 |
| City of Detroit, Michigan, | Honorable: Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DANNY CROWELL, LEOTA MURPHY AND JASMINE CROWELL'S RESPONSE OPPOSING THE CITY OF DETROIT'S MOTION TO ENFORCE ORDER

On May 20, 2016, the Plaintiffs Danny Crowell, Leota Murphy and Jasmine Crowell filed a lawsuit against the City of Detroit and Raul Villanueva Perez. In the underlying lawsuit no discovery has been had. Mr. Perez was the driver of a vehicle which is believed to owned by the City of Detroit. It has not been established whether or not Mr. Perez was in the course and scope of his employment with the City of Detroit at the time of June 3, 2013 car accident.

Plaintiffs' Danny Crowell, Leota Murphy and Jasmine Crowell did not file a claim in bankruptcy because they not know until recently that they satisfy the threshold for serious impairment under the Michigan no-fault act. Under Michigan law, Plaintiffs do not have a claim until they can satisfy the threshold for serious impairment of an important body function that affects their general ability to lead a normal life.

The City of Detroit, not Mr. Perez, filed for protection under Chapter 9 of the Bankruptcy Code on July 18, 2013. On December 10, 2014, claimants holding pre-petition claims were enjoined from pursuing a recovery beyond what is provided for in the Plan. See 11 U.S.C. 524(a)(2), 901(a), 944.[1] It was made clear that claimants holding post-petition claims may be entitled to pursue other remedies, as the claimants involved here are doing. Clearly, these are not

---

[1] See also Plan, Article III, Section D.3-5 at 49-50 (Docket #8045).

1

RECEIVED JUL 2 8 2016 CLERK U.S. BANKRUPTCY COURT EASTERN DISTRICT OF MICHIGAN

pre-petition claims since no claim could have been made before the Plaintiffs could satisfy the serious impairment threshold.

The dispute herein is of the type that this Court retained jurisdiction under the confirmed Plan. Article VII, Sections G and I of the confirmed Plan state:

> Pursuant to sections 105(c), 945 and 1142(b) of the Bankruptcy Code and notwithstanding entry of the Confirmation order and the occurrence of the Effective Date, the Bankruptcy Court will retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 9 Case and the Plan to the fullest extent permitted by law, including, among other things jurisdiction to:
> ...
> G. Resolve any cases, controversies, suits or disputes that may arise in connection with the consummation, interpretation or enforcement of the Plan or any contract, instrument, release or other agreement or document that is entered into or delivered pursuant to the Plan or any Entity's rights arising from or obligations incurred in connection with the Plan or such documents;
> ....
> I.  Issue injunctions, enforce the injunctions contained in the Plan and the Confirmation Order, enter and implement other orders or take such other actions as may be necessary or appropriate to restrain interference by any Entity with consummation, implementation or enforcement of the Plan or the Confirmation Order [.][2]

Plaintiffs' filed suit on May 20, 2016, because prior to that date they did not know the nature and extent of their injuries. Nor did they know enough about their injuries to establish a claim under the no-fault act.

The Michigan No-fault Insurance Act requires owners of motor vehicles to maintain insurance to provide for compensation to victims of car accidents that sustain a serious impairment of an important body function that affects their general ability to lead a normal life. The City if self-insured for its fleet of vehicles.

---

[2] Docket # 8045 at 69-70.

The City negotiated with the State of Michigan over how to treat these claims while maintaining the ability to self-insure its vehicles. The provision of the Plan incorporating the settlement provides:

**"S. Payment of Certain Claims Relating to the Operation of City Motor Vehicles**

From and after the Effective Date, the City will continue to administer (either directly or through a third party administrator) and pay valid prepetition Claims for liabilities with respect to which the City is required to maintain insurance coverage pursuant to MCL § 500.3101 in connection with the operation of the City's motor vehicles, as follows: (1) Claims for personal protection benefits as provided by MCL § 500.3107 and MCL § 500.3108, for which insurance coverage is required by MCL § 500.3101(1), shall be paid in full, to the extent valid, provided, however, that the City will not be liable for or pay interest or attorneys' fees under MCL § 500.3142 or MCL § 500.3148 on prepetition Claims for personal protection benefits; (2) tort claims permitted by MCL § 500.3135, **for which residual liability insurance coverage is required by MCL § 500.3101(1) and MCL § 500.3131, shall be paid, to the extent valid, only up to the minimum coverages specified by MCL § 500.3009(1), i.e., up to a maximum of (a) $20,000 because of bodily injury to or death of one person in any one accident, and subject to that limit for one person, (b) $40,000 because of bodily injury to or death of two or more persons in any one accident** and (c) $10,000 because of injury to or destruction of property of others in any accident; and (3) Claims for property protection benefits under MCL § 500.3121 and MCL § 500.3123 shall be paid, to the extent valid, only up to the maximum benefits specified in MCL § 500.3121; provided, however, for the avoidance of doubt, to the extent any valid Claim subject to subsections 2 and 3 above exceeds the applicable payment limits, the excess claim amount shall be treated as an Other Unsecured Claim or a Convenience Claim (as applicable). Nothing in the Plan shall discharge, release or relieve the City from any current or future liability with respect to Claims subject to insurance coverage pursuant to MCL § 500.3101 or Claims within the minimum coverage limits in MCL § 500.3009(1). The City expressly reserves the right to challenge the validity of any Claim subject to this Section IV.S, and nothing herein shall be deemed to expand the City's obligations or claimants' rights with respect to these Claims under State law."

The Plan explicitly allows for the Plaintiffs' claims under the statute referenced, MCL 500.3101, which provides for compensation for Plaintiffs' claims for up to the State of Michigan minimum of $20,000/$40,000. MCL 500.3101 states:

**500.3101 Security for payment of benefits required; period security required to be in effect; deletion of coverages; definitions; policy of insurance or other method of providing security; filing proof of security; "insurer" defined.**
Sec. 3101.

(1) The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, **and residual liability insurance**. Security is only required to be in effect during the period the motor vehicle is driven or moved on a highway. Notwithstanding any other provision in this act, an insurer that has issued an automobile insurance policy on a motor vehicle that is not driven or moved on a highway may allow the insured owner or registrant of the motor vehicle to delete a portion of the coverages under the policy and maintain the comprehensive coverage portion of the policy in effect.

Plaintiffs' qualify under the provision for two reasons, (1) Plaintiffs claim is under the residual liability insurance coverage, which the City self-insured and agreed to pay; and (2) Plaintiffs claim is post-petition because their claims arose when they met the serious impairment of an important body function that affected their general ability to lead a normal life, which was May 20, 2016, when the complaint was filed claiming they had sustained a serious impairment of an important body function that affected their general ability to lead a normal life. In the case of In Re Senczyszyn, 426 B.R. 50 (Bankr. E.D. Mich. 2010), aff'd, 440 B.R. 750 (E.D. Mich 2011):

The most widely adopted test, followed Parks and Dixon, has been alternatively termed the "fair contemplation," "foreseeability," "pre-petition relationship", or "narrow conduct" test. It looks at whether there was a pre-petition relationship between the debtor and the creditor, "such as contract, exposure, impact or privity," such that a possible claim is within the fair contemplation of the creditor at the time the petition is filed." Id at 257 (quoting Dixon, 295 B.R. at 230)(other citations omitted).

Plaintiffs' could not have ascertained they sustained a serious impairment of an important body function within three days of their accident because no medical testing had occurred and the nature and extent of their injuries was not established. Plaintiffs had their treatment post-petition. The Plaintiffs claims herein were not in fair contemplation prior to the City filing its bankruptcy petition.

Wherefore the Plaintiffs, Danny Crowell, Leota Murphy, and Jasmine Crowell pray this Honorable Court will allow their claims to proceed as contemplated by the Bankruptcy Plan for the self-insured City of Detroit for the reasons stated herein, and allow for attorney fees, and costs for having to respond to the City's frivolous motion, which violates the Plan agreement.

Respectfully submitted,

THE JOSEPH DEDVUKAJ FIRM, P.C.

By: _____

Attorney for the Plaintiffs

1277 West Square Lake Road

Bloomfield Hills, Michigan 48302

Dated: July 26, 2016　　　　　　　　　　(248) 352-2110

## PROOF OF SERVICE

The foregoing has been served on counsel for the City of Detroit through the court's e-file. and serve system on the date of filing.

By: /s/ Joseph Dedvukaj

# EXHIBIT C



Miller Canfield
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

4830230845 0031

Joseph Dedvukaj
The Joseph Dedvukaj Firm PC
1277 W Square Lake Rd
Bloomfield Hills, MI 48302-0845





US POSTAGE >> PITNEY BOWES
ZIP 48226
02 1W
0001978384 AUG 03 2016
$ 000.46⁵