IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: CITY OF DETROIT,   Chapter 9 Case No.: 13-bk-53846
     Debtor   Judge Thomas J. Tucker

Adversary No.: 15-05299-tjt

CITY OF DETROIT,
     Plaintiff

v.

AGAR LAWN AND SPRINKLER SYSTEMS, INC.

     Defendant.
_____/

Togut, Segal, & Segal, LLP
Albert Togut (AT-9759)
Neil Berger (NB-3599)
Anthony F. Pirraglia
Counsel for the City of Detroit
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000 (Phone)
(212) 967-4258 (Fax)
apirraglia@teamtogut.com

The Law Office of John D. Mulvihill, PLLC
By: John D. Mulvihill P35637Counsel
Counsel forAgar Lawn Sprinkler Systems, Inc.
20 W. Washington
Clarkston, MI 48346
248-625-3131 (Phone)
248-625-3132 (Fax)
jdmulvihill@sbcglobal.net

_____/

**LAW OFFICE
OF
JOHN D. MULVIHILL
PLLC**

**20 W. Washington
Suite 2
Clarkston, Mi 48346**

**(248) 625-3131
(248) 625-3132 Fax**

**OBJECTION BY AGAR LAWN SPRINKLER SYSTEMS, INC.
TO DEBTOR'S FORTY-SEVENTH OMNIBUS OBJECTION
TO CERTAIN CLAIMS**

NOW COMES, the above named claimant Agar Lawn Sprinkler Systems, Inc. ("Agar") and

for its Objection To Debtor's Forty-Seventh Omnibus Objection To Certain Claims states as follows:

1. Debtor seeks to disallow and/or expunge certain filed Proofs of Claim, including the Proof of Claim filed by Agar.

2. The basis for seeking disallowance and/or to expunge Agar's claim is that:

    "The claimant overcharged the City and did not perform the represented services".

3. Agar takes great exception to the above since all of his work was approved and accepted without any claim of overcharging or that the work was not completed. Agar was simply another victim of the City's financial mess and who was not paid for work completed in good faith and on an emergency basis.

4. The work completed by Agar in part, was completed after the City's bankruptcy and on an emergency basis based on the representation from the City that it would be paid if Agar completed the emergency work and repairs and payment would not be effected by the City's bankruptcy.

5. Agar's work was provided and paid for in the ordinary course of business and it provided new value in exchange for any payments made.

WHERFORE, for the above stated reasons, the Claim of Agar should not be disallowed or expunged as requested by the Debtor.

/s/ John D. Mulvihill
By: John D. Mulvihill, (P35637)
Counsel for Agar
THE LAW OFFICE OF JOHN D. MULVIHILL, PLLC
20 W. Washington, Suite 2
Clarkston, MI 48346
(248) 625-3131

August 23, 2016

**CERTIFICATE OF SERVICE**

The undersigned certifies that on August 23, 2016, I electronically filed the foregoing document with the Clerk of the Court by using the ECF system, which will automatically send notice of such filing to Counsel of Record.

**I DECLARE THAT THE FOREGOING STATEMENT IS TRUE AND ACCURATE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.**

LAW OFFICE
OF
JOHN D. MULVIHILL
PLLC

20 W. Washington
Suite 2
Clarkston, Mi 48346

(248) 625-3131
(248) 625-3132 Fax