UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

CITY OF DETROIT, MICHIGAN,

Debtor.
_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

## CLAIMANT'S RESPONSE TO DETROIT WATER AND SEWERAGE DEPARTMENT'S MOTION FOR CLARIFICATION OF NOVEMBER 19, 2015 ORDER

Claimant Kim Spicer, by and through his attorney, Elizabeth A. Ferguson, responds to the Detroit Water and Sewerage Department's Motion for Clarification of November 19, 2015 Order as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.

9. Admitted, however Claimant Spicer believes this Court stated from the bench that the Detroit Water and Sewerage Department would be responsible for paying the costs of arbitration through the American Arbitration Association.

10. Claimant admits that such an order exists, but denies that it applies to Claimant's claim. Claimant rejected binding arbitration as provided by the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote Liquidation of Certain Prepetition Claims (the "ADR Order) **[See Doc. No. 3202].** The parties later entered into a Stipulation and Order for binding arbitration by an employment arbitrator through the American Arbitration Association. **[See Doc. No. 10269].** The arbitration ordered in Claimant's case is different from the arbitration process included in the ADR Order, which provided for arbitration through the Wayne County Mediation Tribunal Association (MTA). **[See Doc. No. 2302, ¶ C.2.(c)]**

11. Denied. The Stipulation **[See Doc. No. 10266]** and Order **[See Doc. No. 10269]** for arbitration in Claimant's case does not indicate the ADR Order **[See Doc. No. 3202]** applies, and it is Claimant's understanding from the Court's statements during the hearing on this matter that Claimant's case was to be handled as any other employment case under the American Arbitration Association's procedures and rules. In addition, the ADR Order states that the City shall serve on the Claimant notice of the arbitration substantially in the form of the notice in Annex IV **[See Doc. No. 2302, ¶ C.1]**, which includes language informing the parties that they are to share the administrative fees and costs as charged by the MTA. **[See Doc. No 2302, Annex IV]** Claimant was not provided with language substantially in the form of the notice in Annex IV, therefore it is reasonable to believe that Claimant's arbitration was being handled differently than what

was required for cases under the ADR Order. As a result, the cost of the arbitrator's fees and costs should be borne by the City pursuant to the American Arbitration Association's guidelines.

WHEREFORE, Claimant Kim Spicer requests that this Court deny Detroit Water and Sewerage Department's request for an Order directing the parties equally share the arbitrator's costs and fees. Claimant requests that this Court confirm that the arbitrator's costs and fees are the be allocated based on the rules of the American Arbitration Association. Claimant further requests any other relief that this Court deems just and proper.

Law Offices of Elizabeth A. Ferguson, PLLC

*Elizabeth A. Ferguson*

Elizabeth A. Ferguson (P53645)
Attorney for Claimant Kim Spicer
55 Southbound Gratiot
Mount Clemens, MI 48043
(586) 206-0157
lizferguson@lawofficeseaferguson.com

Dated: August 23, 2016