UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>　　　　　　Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**CITY OF DETROIT'S REPLY IN SUPPORT OF ITS MOTION FOR AN ORDER ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION**

The City of Detroit, Michigan ("City"), by its undersigned counsel, files this Reply in support of its motion for an order enforcing the plan of adjustment injunction ("Motion," Doc. No. 10182) and in reply to Jerome Collins's ("Collins") response to the Motion ("Response," Doc. No. 11410).

**I.　Introduction**

Collins misapprehends bankruptcy law. In his Response, he essentially makes three arguments: (1) although his claim arose prepetition, he can disregard the plan injunction because his union filed a proof of claim on his behalf; (2) the City somehow violated the automatic stay by continuing its disciplinary proceedings against him, thus exposing the City to punitive damages[1]; and (3) because he can sue police officers in their individual capacity, he need not dismiss his complaint as to the police officers in their official capacities or as to the City. None of these arguments is correct.

---

[1] Collins repeatedly refers to "*§362(h)*" as the basis for these damages. The City assumes he means § 362(k); by its terms, § 362(h) only applies to individuals.

## II. Review of the facts of the matter and subsequent developments

Because so much time has elapsed since the City filed its Motion, a brief factual recap is provided here, along with a summary of subsequent developments.

Collins, a former employee of the Detroit Police Department, was found to be working two outside jobs while employed by the City. These jobs spanned an approximately two-year period from November 2007 through November 2009. Because this was determined to be improper, the City suspended him and he was prosecuted for two counts of false pretenses and one count of common law offenses. Collins was later acquitted of the criminal charges after a trial.

On December 12, 2012, Collins requested reinstatement, triggering a grievance arbitration which was held on June 12, 2013. Separately, a disciplinary hearing was held on July 8, 2013 through July 11, 2013, following which, he was discharged from the Police Department. The discharge rendered the grievance moot. Collins, through his union, the Detroit Police Officers Association ("DPOA") appealed the discharge, but the discharge was upheld.

As a protective measure, the DPOA filed proof of claim number 1877 ("Claim 1877") to preserve his (and others') rights under the disciplinary process. The DPOA acknowledges, however, that Collins received both a hearing and an appeal before an arbitrator, both of which have been concluded and thus are now final and binding. Exhibit 2, DPOA Letter. The DPOA considers his matter closed. *Id.* Collins himself admits that the disciplinary hearing occurred, although

he persists in believing that it had no legal effect. Response, ¶ 6. Collins unsuccessfully attempted to vacate the arbitrator's decision. *See* Order, Exhibit 4.

On May 15, 2015, Collins filed a federal court lawsuit against the City seeking monetary damages on account of the events surrounding his discharge. Some of the claims assert violations of 42 U.S.C. § 1983, others do not. Notably, the suit names as defendants "CITY OF DETROIT, DETROIT POLICE DEPARTMENT, RALPH GODBEE, former Police Chief, MATTIE LEWIS, former Police Officer, and John Does, whose identities are presently unknown." Motion, Exhibit 6B. The police officers are not named in their individual capacities. Collins freely admits that the complaint is based on actions that occurred prepetition. Response, ¶ 18. He also admits that his case could proceed without naming the City as a defendant, even though he did, in fact, name the City as a defendant and refuses to dismiss the City as a defendant. *Id.*, ¶¶ 19, 22.

On September 23, 2015, the City filed a Suggestion of Bankruptcy with regard to the Motion because it had received notice of Jerome Collins's bankruptcy petition. (Doc. No. 10197.) That case terminated on December 28, 2015. *See* Case No. 15-53613-mar, Final Decree entered Dec. 28, 2018. The automatic stay thus is no longer in effect and the Motion may proceed. 11 U.S.C. § 362(c)(2)(A). To that end, Collins filed his Response to the Motion.

The City has proposed to Collins limited and specific relief, namely, dismissal of his complaint as to the City and as to the police officers in their

official capacity. *See* Exhibit 3, Email with proposed stipulation. Collins refused to agree to the stipulation.

## III. Argument

### A. The part of Claim 1877 that pertains to Collins is for a grievance that has already been resolved. In any event, the filing of a proof of claim does not, by itself, authorize a party to liquidate the claim in any forum he chooses.

As the DPOA acknowledges, the grievance issue on which Collins relies was resolved long ago. *See* Exhibit 2. Thus, Claim 1877 contains nothing for Collins to liquidate in this or in any forum. Collins's alleged basis for filing his complaint simply has no factual merit.

Even if Collins <u>had</u> some interest remaining in Claim 1877, he offers no support (nor can he) for why he may attempt to liquidate his interest in Claim 1877 in the District Court. As provided in Article VII.C of the confirmed plan, this Court retained exclusive jurisdiction to liquidate proofs of claim in the City's bankruptcy case.

> [T]he Bankruptcy Court will retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 9 Case and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction to . . . hear, determine and, if necessary, liquidate any Claims arising therefrom, including claims for payment of any cure amount . . . .

Plan, Art. VII.C. Thus, to the extent that Collins believes he has any amount in Claim 1877 to liquidate (and, as the DPOA states, he does not), he would have to proceed in this Court, not the District Court.

### B. The City did not violate the automatic stay by disciplining Collins.

Collins alleges that the City violated the automatic stay by initiating disciplinary proceedings against him, but this is patently impossible because, as he admits, the proceedings about which he complains occurred July 8 through July 11, 2013, a week prior to the City's bankruptcy filing. Response, ¶¶ 4-5. The City cannot violate the stay before the stay comes into being.

To the extent that any proceedings occurred post-petition, Collins gets the concept of the automatic stay backwards. He cites section 362 of the Bankruptcy Code, but that section protects <u>the debtor</u>, in this case the City, not him. The language of section 362 is clear in that regard, acting as a stay of the commencement or continuation of proceedings "against the debtor" (§ 362(a)), "the enforcement against the debtor or against property of the estate" of pre-petition judgments (§ 362(b)), attempts to obtain "possession of property of the estate or of property from the estate" (§ 362(c)), and so forth. Collins cannot credibly assert that the City violated section 362 by disciplining him for holding two jobs in addition to his employment with the City.

Collins might have had a better argument under section 922, had this Court not already considered the argument and determined that section 922 does not bar disciplinary actions, either. Section 922 of the Bankruptcy Code extends the section 362 automatic stay to prohibit commencement or continuation of actions "against an officer or inhabitant of the debtor that seeks to enforce a claim against

the debtor." Thus, at least one arbitrator had raised the question of whether this might prohibit disciplinary actions against City employees. To resolve any doubts, the City filed its *Motion of the City of Detroit, Pursuant to Section 105(A) of the Bankruptcy Code, for an Order Confirming That the Automatic Stay Does Not Apply to Disciplinary Proceedings Initiated by the City Against City Officers and Employees* ("Stay Motion," Doc. No 8060). The Court considered the matter and determined that disciplinary matters were not stayed. (Doc. No. 8256.) Thus, the specific question Collins wishes to raise had already been considered and adjudicated. Collins cannot attempt to reargue this matter. His assertion that the City somehow violated the automatic stay by disciplining him has no legal basis.

> **C. The fact that the Plan allows Collins to prosecute 42 U.S.C. § 1983 claims against officers in their individual capacity does not give him authority to sue them in their official capacity, nor does it permit him to sue the City.**

The order that confirmed the City's plan explains clearly that Collins may only prosecute actions against police officers in their individual capacity under 42 U.S.C. § 1983. *See Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* ("Confirmation Order", Doc. No. 8272). The Confirmation Order discharges claims against the City and its police officers in their official capacity,[2] although it specifically exempts from discharge "claims

---

[2] For the City's discharge to be effective, official capacity suits must also be discharged. This is because a suit against a police officer in his or her official capacity is essentially a suit against the City itself. *Jorg v. City of Cincinnati*, 145 Fed. Appx. 143, 146 (6th Cir. 2005) ("We treat an official capacity suit as a suit against the municipality itself.").

against officers or employees of the City in their individual capacity under 42 U.S.C. § 1983." Confirmation Order, ¶ 29. It also enjoins actions against the City or its police officers in their official capacity, again noting that "claims against officers or employees of the City <u>in their individual capacity</u> under 42 U.S.C. § 1983 shall not be enjoined." *Id.*, ¶ 32. The Court could not have made it clearer that only actions against officers in their individual capacities are allowed.

Collins was thus enjoined from suing the City or the police officers in their official capacities. He identifies no basis for his assertion to the contrary, underscoring the point that this assertion is meritless.

## IV. <u>Conclusion</u>

The Response does not identify any cognizable reason for allowing Collins to file suit against the City in the District Court. The City respectfully requests that the Court grant its Motion and provide such further relief as may be just.

| | |
|---|---|
| August 26, 2016 | Respectfully submitted, |
| | By: <u>/s/ Marc N. Swanson</u><br>Jonathan S. Green (P33140)<br>Marc N. Swanson (P71149)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>Telephone: (313) 496-7591<br>Facsimile: (313) 496-8451<br>green@millercanfield.com<br>swansonm@millercanfield.com |
| | ATTORNEYS FOR THE CITY OF DETROIT |

# EXHIBIT 1 – CERTIFICATE OF SERVICE

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 26, 2016, the foregoing *City of Detroit's Reply in Support of Its Motion for an Order Enforcing the Plan of Adjustment Injunction* was filed and served via the Court's electronic case filing and notice system and served upon counsel as listed below, via first class mail and electronic mail:

Benjamin Whitfield, Jr
Benjamin Whitfield, Jr. & Associates, PC
547 East Jefferson Avenue
Detroit, MI 48226
Benwlaw123@aol.com

DATED: August 26, 2016     By: /s/ Marc N. Swanson
                               Marc N. Swanson
                               150 West Jefferson, Suite 2500
                               Detroit, Michigan 48226
                               Telephone: (313) 496-7591
                               Facsimile: (313) 496-8451
                               swansonm@millercanfield.com

**EXHIBIT 2 – Letter from Detroit Police Officer's Association**

## LAW OFFICES OF
## GREGORY, MOORE, JEAKLE & BROOKS, P.C.

THE CADILLAC TOWER
65 CADILLAC SQUARE - SUITE 3727
DETROIT, MICHIGAN 48226-2893
TELEPHONE (313) 964-5600
FAX (313) 964-2125

GORDON A. GREGORY
JAMES M. MOORE
SCOTT A. BROOKS
MICHAEL J. AKINS
MATTHEW J. CLARK

W. GLEN JEAKLE II
RETIRED

RACHEL N. HELTON
OF COUNSEL

August 22, 2016

**Advance copy via email**
Letitia C. Jones, Esq.
Senior Assistant Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue Suite 500
Detroit MI 48226

Re: **City of Detroit**
**Bankruptcy Case No. 13-53846**
**Hon. Thomas J. Tucker**
**DPOA Claim No. 1877**

Dear Ms. Jones:

This is written to confirm that the Detroit Police Officers Association acknowledges that the disciplinary matter involving former Officer Jerome Collins was part of bankruptcy claim No. 1877 which was filed by the Association in order to preserve his rights under the disciplinary process in accordance with the provisions of the collective bargaining agreement and city employment terms between the City and the Association. A disciplinary hearing took place discharging him from the City. The City's discharge decision was appealed to arbitration wherein the discharge was upheld in a final and binding decision rendered by an impartial arbitrator under the provisions of the collective bargaining agreement and city employment terms. As a result of the arbitrator's decision the claim filed by the Association on behalf of Officer Jerome Collins is deemed closed.

Very truly yours,

James M. Moore
jim@unionlaw.net

JMM/mtt
c: Mark Diaz
Barbara A. Patek, Esq.
Marc N. Swanson, Esq.

# **EXHIBIT 3 – Email with proposed stipulation**

# Spinner, Ronald A.

| | |
|---|---|
| **From:** | Swanson, Marc N. |
| **Sent:** | Thursday, July 7, 2016 11:16 AM |
| **To:** | Benjamin Whitfield |
| **Cc:** | Letitia Jones; Heidi Junttila; Swanson, Marc N. |
| **Subject:** | City of Detroit/Jerome Collins |
| **Attachments:** | Stipulation for dismissal of City in Jerome Collins district court suit(....docx |

Mr. Whitfield –

Attached please find a proposed stipulation to be filed in the district court action. Upon receiving your approval to s/slash your name and file the stipulation, we will file the stipulation in the district court action and I will then file a notice of withdrawal of my motion [doc. no. 10182] in the bankruptcy court.  Please let me know by Monday, July 11, whether you consent to the filing of the stipulation in the district court.  If we cannot agree on a stipulation to be filed in the district court, you will need to respond to the motion in the bankruptcy court on or before Friday, July 15 and the bankruptcy court will set a hearing upon the filing the response.   Please call or email if you would like to discuss.

Thanks,

Marc


Marc N. Swanson | Principal
Miller Canfield
Office +1.313.496.7591
Mobile +1.248.766.7159
swansonm@millercanfield.com
http://www.millercanfield.com/MarcSwanson

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| **Jerome Collins**,<br><br>    Plaintiff,<br><br>v.<br><br>**City of Detroit**, **Detroit Police Department**, **Ralph Godbee**, former Police Chief, **Mattie Lewis**, former Police Officer, and **John Does,** whose identities are presently unknown,<br><br>    Defendants. | Civil Action No. 15-cv-11756<br><br>Honorable Bernard A. Friedman |
| Attorney for Plaintiff<br><u>Benjamin Whitfield Jr & Assoc., PC</u><br><br>Benjamin Whitfield Jr. (P-23562)<br>547 East Jefferson Ave, #102<br>Detroit, MI 48226<br>Tel. (313) 961-1000<br>Fax. (313) 961-3110<br>benwlaw123@aol.com | Attorneys for Defendants<br><u>City of Detroit Law Department</u><br>Letitia C. Jones (P-52136)<br>Heidi Junttila (P-72610)<br>Deputy Corporation Counsel<br>2 Woodward Avenue, Suite 500<br>Coleman A. Young Municipal Center<br>Detroit, Michigan 48226<br>Tel. (313) 237-0470<br>Fax. (313) 224-5505<br>jonelc@detroitmi.gov<br>junttilah@detroitmi.gov |

**STIPULATION OF DISMISSAL WITH PREJUDICE AS TO THE CITY OF DETROIT, DETROIT POLICE DEPARTMENT, RALPH GODBEE (OFFICIAL CAPACITY), MATTIE LEWIS (OFFICIAL CAPACITY), AND JOHN DOES (OFFICIAL CAPACITY)**

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Voluntary Dismissal by the Plaintiff Without a Court Order, Jerome Collins, Plaintiff in the above-captioned proceeding, and Defendants City of Detroit, Detroit Police

Department, Ralph Godbee, and Mattie Lewis, hereby stipulate to the dismissal of this action with prejudice, and without costs or fees to either party, as to Defendants the City of Detroit and Detroit Police Department, and as to Defendants Ralph Godbee and Mattie Lewis, in their official capacity as former Detroit police officers. This stipulation does not dismiss Defendants Ralph Godbee and Mattie Lewis in their individual capacities from the above-captioned action. If a John Doe should be subsequently identified as a former or current City employee or officer, he or she may only be sued solely in his or her individual capacity in the above-captioned action and any claims against such City employee or officer are in their official capacity are dismissed with prejudice. The City reserves all rights, claims and defenses with respect to the remaining claims in the above-captioned action.

So stipulated.

Dated: July ___, 2016

| Benjamin Whitfield Jr & Assoc., PC | City of Detroit Law Department |
|---|---|
| By: /s/ Benjamin Whitfield Jr. <br> Benjamin Whitfield Jr. (P23562) <br> 547 East Jefferson Ave, #102 <br> Detroit, MI 48226 <br> Tel. (313) 961-1000 <br> Fax. (313) 961-3110 <br> benwlaw123@aol.com <br><br> Attorney for Plaintiff | /s/ Letitia C. Jones <br> Letitia C. Jones (P52136) <br> 2 Woodward, Suite 500 <br> Detroit, Michigan 48226 <br> Tel. (313) 237-3002 <br> Fax. (313) 224-5505 <br> jonelc@detroitmi.gov <br><br> Attorney for Defendants |

# **EXHIBIT 4 – Order**

Original – Court entering dismissal
1st copy – Court receiving notice of dismissal
2nd copy - Appellant
3rd copy - Appellee

Approved, SCAO

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | ORDER DISMISSING APPLICATION FOR LEAVE TO FILE APPEAL | CASE NO. Hon. Lita M. popke 14-010135-AV |
|---|---|---|

Court address: 2 Woodward Avenue, Detroit, MI 48226     Courtroom 913     Court telephone no. 313-224-2953

## Collins, Jerome v City of Detroit Department of Police

**Defendant /Appellant**
Jerome Collins

**Plaintiff(s) attorney, bar no., address, and telephone no.**
Delphia J. Burton (P-47688)
547 E Jefferson Ave
Detroit, MI 48226
(313) 963-1960

v

**Plaintiff/Appellee**
CITY OF DETROIT DEPARTMENT OF POLICE

**Defendant(s) attorney, bar no., address, and telephone no.**
Leticia C. Jones (P-52136)
Two Woodward Ave, Ste 500
Detroit, MI 48226
(313) 237-3002

14-010135-AV
FILED IN MY OFFICE
WAYNE COUNTY CLERK
10/9/2014 12:34:16 PM
CATHY M. GARRETT

/s/ Belinda Roberts

**THE COURT FINDS:**
☐ 1. The appellant was sent a notice of deficiency on _____ Date _____ and did not remedy the deficiency within 14 days after the notice was served.
☐ 2. The parties stipulated to dismissal of the appeal.
☐ 3. The appellant filed an unopposed motion to withdraw the appeal.
☐ 4. The appellant failed to pursue the appeal in conformity with the Michigan Court Rules.
☐ 5. The appeal was vexatious.
☒ 6. The court does not have jurisdiction.
☒ 7. Other: The Application was brought under the incorrect Court Rules and is untimely under MCR 3.602(J)(1)

**IT IS ORDERED:**
☒ 8. The application is dismissed.
☐ 9. Damages are assessed as follows:

**10/9/2014**
~~10/9/2014~~
Date

/s/ Lita M. Popke       35686
Judge Lita Masini Popke    Bar No.

**CERTIFICATE OF MAILING**

I certify that on this date I served a copy of this order on the parties or their attorneys and on the trial court or agency by first-class mail addressed to their last-known addresses as defined in MCR 2.107(C)(3).

_____ Date _____        _____ Signature _____

CC 61 (05/12) ORDER DISMISSING APPEAL          MCR 7.112, MCR 7.113