UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**THE CITY OF DETROIT'S OMNIBUS REPLY IN SUPPORT OF THE FORTY-SEVENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**

**(No Basis)**

The City of Detroit ("City"), by its undersigned counsel, files this Reply in Support of the Forth-Seventh Omnibus Objection to Certain Claims. In support of this Reply, the City states as follows:

1. On July 28, 2016, the City filed its Forty-Seventh Omnibus Objection to Certain Claims [Doc. No. 11399] ("Objection"). Two responses to the Objection were filed with the Court and not stricken for deficiencies or adjourned.[1] Each of these responses should be overruled.

*Response of Henry Wolfe III [Doc. No. 11435] ("Wolfe Response")*[2]

2. Wolfe filed proof of claim number 1821 on February 20, 2014 ("Wolfe Claim"). The Wolfe Claim asserts a claim for "payment of out of class for working as supervisor" in the amount of $36,607.50. The second page to the

---

[1] The Court entered an order on August 26, 2016, adjourning the hearing on the City's objection to the claim of Agar Lawn Sprinkler Systems, Inc. to October 19, 2016. [Doc. No. 11476.]

Wolfe Claim provides "The following claim of non-payment of Out of class pay, has also been filed by AFSCME Local 836." Wolfe Claim at 2.

3. On February 21, 2014, Michigan AFSCME Council 25 and its affiliated Detroit locals ("<u>AFSCME</u>") filed claim number 2958 ("<u>AFSCME Claim</u>"). The AFSCME Claim is attached as Exhibit 3. The AFSCME Claim is comprised of four parts: (1) the proof of claim form; (2) the addendum; (3) exhibit 1; and (4) exhibit 2, which identifies a list of grievances. Page 59 of 86 of the list of grievances identifies two grievances filed by Wolfe. The second grievance listed for Wolfe identifies the basis for claim as "Out of Class Payment" and a claim amount of $36,607.05. This is the same amount asserted in the Wolfe Claim.

4. The City and AFSCME entered into a Settlement Agreement on December 15, 2014 ("<u>Settlement Agreement</u>"). The Settlement Agreement is attached as Exhibit 4. The Settlement Agreement settled "all other Grievances arising prior to the Petition Date as listed on Exhibit 2 to Proof of Claim Number 2958 and any other versions of Exhibit 2 provided to the City by the Union, excluding the grievances on page 1 of Exhibit 2 filed by 'All City of Detroit Locals.'" Settlement Agreement, p. 1.

---

*Continued from previous page.*
[2] The Wolfe Response and Wolfe Claim are attached as Exhibits 1 and 2, respectively.

5. The Settlement Agreement further provided that the "City and the Union agree to . . . stipulate to the satisfaction of any proofs of claim filed in the Bankruptcy Court that are predicated on a Settled Grievance; file any related paperwork with the Bankruptcy Court regarding the satisfaction of such claims . . . ." *Id.* Consequently, the Wolfe Claim should be disallowed and expunged because it has been settled and resolved pursuant to the Settlement Agreement.

***Response of Beatrice McQueen [Doc. No. 11433] ("McQueen Response")*** [3]

6. McQueen filed proof of claim number 785 on February 5, 2014 ("McQueen Claim"). The McQueen Claim asserts a claim for "vacation pay that was retrieved in payroll error" in the amount of $3,968. A letter from the State of Michigan Department of Licensing and Regulatory Affairs was attached to the McQueen Claim. Based on this letter, it appears that McQueen filed a claim with the State of Michigan asserting that she was entitled to be paid for 320 hours of vacation time upon her retirement from the City. As set forth in the Declaration of Sharon Guillory ("Declaration"), the City continued its investigation of the McQueen Claim after receiving the McQueen Response and determined that McQueen is entitled to be paid for 40 hours of unused vacation, not 320 hours. Declaration ¶4, Exhibit 7. This results in an allowed class 15 convenience class

---

[3] The McQueen Response and the McQueen Claim are attached as Exhibits 5 and 6, respectively.

claim under the City's confirmed plan of adjustment [Doc. No. 8045] ("Plan") in the amount of $550.00, given McQueen's hourly rate of $13.75.[4] Consequently, the McQueen Claim should be allowed as a Class 15 Convenience Claim under the Plan in the reduced amount of $550.00.[5]

## Conclusion

The City respectfully requests that the Court enter an Order sustaining the Objection as set forth above.

August 26, 2016                    Respectfully submitted,

                                                   By: /s/ Marc N. Swanson
                                                       Jonathan S. Green (P33140)
                                                       Marc N. Swanson (P71149)
                                                       MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
                                                       150 West Jefferson, Suite 2500
                                                       Detroit, Michigan 48226
                                                       Telephone: (313) 496-7591
                                                       Facsimile: (313) 496-8451
                                                       green@millercanfield.com
                                                       swansonm@millercanfield.com

                                                   ATTORNEYS FOR THE CITY OF DETROIT

---

[4] 40 hours of unused vacation multiple by the hourly rate of $13.75 equals $550.00.

[5] As set forth in the Plan, a Class 15 Convenience Claim in the amount of $550.00 is entitled to a cash payment in the amount $137.50 to be paid in accordance with the Plan.

- 4 -
27351392.2\022765-00213
13-53846-tjt    Doc 11492    Filed 08/26/16    Entered 08/26/16 14:44:11    Page 4 of 6

## Exhibit List

Exhibit 1 – Wolfe Response

Exhibit 2 – Wolfe Claim

Exhibit 3 – AFSCME Claim

Exhibit 4 – Settlement Agreement

Exhibit 5 – McQueen Response

Exhibit 6 – McQueen Claim

Exhibit 7 – Declaration of Sharon Guillory

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>City of Detroit, Michigan,<br><br>Debtor. | Bankruptcy Case No. 13-53846<br><br>Honorable Thomas J. Tucker<br><br>Chapter 9 |

**CERTIFICATE OF SERVICE FOR THE CITY OF DETROIT'S OMNIBUS REPLY IN SUPPORT OF THE FORTY-SEVENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**

**(No Basis)**

The under signed hereby certifies that on August 26, 2016, he filed the foregoing *City of Detroit's Omnibus Reply in Support of the Forty-Seventh Omnibus Objection to Certain Claims (No Basis)* via first class mail upon the following parties:

Henry Wolfe III
18507 Ohio
Detroit, MI 48221

Beatrice McQueen
26533 Blumfield
Roseville, MI 48066

                                          By: /s/ Marc N. Swanson
                                               Marc N. Swanson
                                               150 West Jefferson, Suite 2500
                                               Detroit, Michigan 48226
                                               Telephone: (313) 496-7591
                                               Facsimile: (313) 496-8451
                                               swansonm@millercanfield.com

DATED: August 26, 2016

27351392.2\022765-00213

13-53846-tjt    Doc 11492    Filed 08/26/16    Entered 08/26/16 14:44:11    Page 6 of 6