# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

Debtor.

Bankruptcy Case No. 13-53846

Honorable Thomas J. Tucker

Chapter 9

## CITY OF DETROIT'S REPLY TO CERTAIN RESPONSES FILED TO THE CITY'S FORTY-FOURTH AND FORTY-FIFTH OMNIBUS OBJECTIONS TO CLAIMS

The City of Detroit ("City") hereby submits its reply to the responses of certain creditors to the City's Forty-Fourth and Forty-Fifth Omnibus Objections ("Objections") (Docket nos. 11162 and 11163, respectively).[1] These creditors are current and former City employees whose responses indicated that they may have worked in a position funded by a grant provided by an organization outside of the City and therefore should not have had their base salaries reduced by 10% in 2012 at the time the City imposed the City Employment Terms ("Grant Claimants").

The City's Objections and the responses were originally scheduled to be heard on June 16, 2016. On June 10, pursuant to the *City of Detroit's* Ex Parte

---

[1] The Objections were filed to the proofs of claim of a number of City employees whose claims were based on their employment and reductions in wages and benefits resulting from the imposition of City Employment Terms ("CETs") pursuant to Michigan's Local Government and School District Financial Accountability Act ("Act 4") MCL 141.1501, *et seq.*(Repealed) and/or its successor statute - Public Act 436 of 2012, MCL 141.1541, *et seq.* ("Act 436"). The basis for the Objections was that the CETs were lawfully imposed and therefore did not provide the creditor with a legal basis for claim.

*Motion for an Order Adjourning Hearing on Certain Responses Filed to the City's*

*Forty-Fourth and Forty-Fifth Omnibus Objections to Claims* (Docket # 11255, the

"*Ex Parte* Motion"), the Court entered its *Order Granting City Of Detroit's* Ex

Parte *Motion For An  Order Adjourning Hearing On Certain Responses Filed To

The City's Forty-Fourth And Forty-Fifth Omnibus Objections To Claims*

adjourning the June 16, 2016 hearing to August 31, 2016 at 1:30 PM

("Adjournment Order," Docket No. 11265).

The Adjournment Order applied to the following Grant Claimants "To the

extent that the responses … are not stricken for uncured filing deficiencies":

| | | |
|---|---|---|
| Dinah L. Bolton | Gerhard Eady | Marlene Y. Robinson |
| Gueelma Brown | Jacqueline M. Jackson | Anthony Derrick Smith |
| Fern Clement | George A. Kaw | Hope Strange |
| Stephanie Crews | Kim McCoy | Randall Thomas |
| Brenda L. Davis | Sandra O'Neal | Ranna K. Trivedi |
| Michelle Duff | Diane L. Onuigbo | Darrell S. Carrington |
| Warren T. Duncan | Diana Lynn Patillo | |

The Adjournment Order was timely served on the listed Grant Claimants.

Subsequently, the following persons were eliminated from the list of Grant

Claimants because their claims were stricken for uncured filing deficiencies: Diane

L. Onuigbo, Anthony Derrick Smith, Hope Strange and Randall Thomas.  *See*

Exhibit 6-A.

The purpose of the adjournment was to allow the City the opportunity to

investigate the claims and determine whether the disputes could be resolved. To that end, the City reviewed the payroll records of the remaining Grant Claimants,[2] along with related documentation regarding grant-funded status and determined that all but two were employed in grant-funded positions at the time the CETs were imposed on July 17, 2012. *See,* Exhibit 6-B, Declaration of Sharon D. Guillory and Exhibit 1 attached thereto.

The Grant Claimants asserted in their proofs of claim or responses to the Objections that they suffered wage and benefit reductions as a result of actions by the City, specifically, the imposition of CETs in July, 2012 by the City while it was operating under a Consent Agreement with the State of Michigan pursuant to Act 4. Among those actions was a ten per cent wage reduction imposed on most City employees, along with reductions in certain benefits.

The purpose of the review and analysis was to determine whether the Grant Claimants were employed in positions funded by grants awarded the City rather than positions funded from the City's general fund, and whether the Grant Claimants had in fact been subject to a 10% wage reduction. As a result of the review, the City determined that all but two of the remaining Grant Claimants (Bolton and Crews) were in positions that paid from grant monies, and their base

---

[2] Dinah Bolton, Gueelma Brown, Darrell Carrington, Gladys Cannon, Fern Clement, Stephanie Crews, Brenda Davis, Michelle Duff, Warren Duncan, Gerhard Eady, Jaqueline Jackson, George Kaw, Kim McCoy, Sandra O'Neal, Diana Lynn Patillo, Marlene Robinson, Carla Smith and Ranna K. Trivedi.

3

wages were reduced by 10% as a result of the CETs. Bolton and Crews' positions were paid for from the City's general fund (Guillory Dec. ¶ 7) and they therefore have no claim because their respective positions were not grant funded.

The City reviewed the payroll and related position records for each of the Grant Claimants (other than Bolton and Crews) to determine the amount of the 10% reduction for the period of August 6, 2012 (the first pay period after the reduction went into effect) to July 30, 2013 (covering the last pay period prior the filing of the City's bankruptcy) ("relevant time period"), and rounding that amount up to the nearest dollar.

Based on that review and formula, a reduction amount was established for each Grant Claimant. The grants in question cover only the base pay and do not cover benefits, bonuses or other compensation. Therefore, the reduction amount consists only of the 10% wage loss for the period of the imposition of the reduction to the filing of the bankruptcy case.

The Grant Claimants, the amount asserted in their proofs of claim, their respective salaries and the computed ten percent of their salaries for the relevant time period is set out in Exhibit 1 to the Declaration (Exhibit 6-B).

Ten percent of each Grant Claimant's salary for the relevant time period is the amount the City believes should be the allowed amount for each such Grant Claimant's claim ("Allowed Amount"). Each of the proposed Allowed Amounts

4

is under $25,000 and would thus be treated as a Class 15 Convenience Claim under the City's confirmed plan of adjustment (Docket No. 8045) ("Plan"). Holders of Class 15 Convenience Claims are to "receive Cash equal to the amount of 25% of such Allowed Claim…on or as soon as reasonably practicable after the Effective Date, unless such Holder agrees to a different treatment of such Claim." Plan, p. 44. In accordance with this treatment, the City calculated the proposed cash payment amount to each Grant Claimant ("Payment Amount").

On August 10, 2016, counsel for the City sent letters to those Claimants whose Claims the City proposed to treat as Class 15 Convenience Claims: Gueelma Brown, Darrell Carrington, Gladys Cannon, Fern Clement, Brenda Davis, Michelle Duff, Warren Duncan, Gerhard Eady, Jaqueline Jackson, George Kaw, Kim McCoy, Sandra O'Neal, Diana Lynn Patillo, Marlene Robinson, Carla Smith and Ranna K. Trivedi.

The letter advised the Grant Claimants of the August 31, 2016 hearing and offered each an allowed Class 15 Convenience Claim. The letter explained that the City arrived at the proposed Allowed Amount by computing an amount equal to ten per cent of one year of such Grant Claimant's salary then being earned at the time the CETs were imposed. The letter also explained that because each such proposed Allowed Amount was under $25,000, the Plan provided for a cash payment equal to 25% of the proposed Allowed Amount.

5

The letters were accompanied by a proposed Stipulation and Order resolving the Objection and explained that:

> If you are in agreement with the above amount, please sign the Stipulation and *have it notarized*. By signing the Stipulation, you are agreeing to the following: (1) the cash payment amount stated in this letter and in the Stipulation; (2) that the amount stated in this letter and the Stipulation fully and finally resolves your Proof of Claim, and (3) that an order may be entered by the Court approving the stipulation and full and final resolution of your claim by this amount. The proposed Order attached as Exhibit 1 to the stipulation will then be entered by the Court to resolve your Claim.

*See, e.g.*, Exhibit 6-C Letter to George Kaw and enclosures.

Finally, the letter advised the Grant Claimants that, if they were in agreement with the proposed resolution, to return the signed stipulation by Wednesday August 24, 2016 to be filed with the Court along with the included proposed Order.

The two individuals who were not employed in grant-funded positions during the relevant time period, Dinah Bolton and Stephanie Crews, were so advised by letter and direct telephone contact, respectively, and further advised that the City would stand by its Objection to their claims.

To date, the City has received executed stipulations from Darrell Carrington, Fern Clement, Brenda Davis, Warren Duncan, Gerhard Eady, George Kaw, Kim McCoy, Marlene Robinson, Ranna K. Trivedi, Sandra O'Neal and Gladys

6

Cannon.[3] Each of these stipulations has been filed with the Court.

## CONCLUSION AND RELIEF REQUESTED

As to the Grant Claimants who have not signed a stipulation to resolve their claims, the City requests that the Court allow such claims in the reduced amount identified on Exhibit 6-A. The City also requests that the claims of Dinah Bolton and Stephanie Crews be disallowed and expunged for the reasons set forth in the *City Of Detroit's Supplemental Brief In Support Of Expungement Or Disallowance Of Claims Of "Employee Obligation Claimants.* (Docket No. 11102)

Dated: August 26, 2016

/s/ Marc N. Swanson
John H. Willems (P31861)
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-7500
willems@millercanfield.com

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313) 2370470

---

[3] The City received a notarized, but unexecuted stipulation, from Carla Smith. The City mailed Carla Smith a letter requesting that she sign the stipulation.

7

Facsimile: (313) 224-5505
raimic@detroitmi.gov
ATTORNEYS FOR THE CITY OF
DETROIT

27383863.3\022765-00213

## <u>EXHIBIT LIST</u>

Exhibit 1     None

Exhibit 2     None

Exhibit 3     None

Exhibit 4     Certificate of Service

Exhibit 5     None

Exhibit 6-A  Claimant Status List

Exhibit 6-B  Declaration of Sharon D. Guillory

Exhibit 6-C  Letter to George Kaw and enclosures

**EXHIBIT 1-NONE**

**EXHIBIT 2-NONE**

**EXHIBIT 3-NONE**

**EXHIBIT 4-CERTIFICATE OF SERVICE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 26, 2016, he caused a copy of the foregoing *CITY OF DETROIT'S REPLY TO CERTAIN RESPONSES FILED TO THE CITY'S FORTY-FOURTH AND FORTY-FIFTH OMNIBUS OBJECTIONS TO CLAIMS* to be served upon the following parties, via first class mail:

Dinah Bolton
20230 Fenelon Street
Detroit, MI 48234

Jacqueline Jackson
19451 Stephens Dr.
Eastpointe, MI 48021

Gueelma Brown
19350 Orleans Street
Detroit, MI 48203

Diana Lynn Patillo
5330 Burns St.
Detroit, MI 48213-2912

Michelle Duff
322 Kerby
Grosse Pointe Farms, MI 48236

Stephanie Crews
22201 Marlow Ct
Oak Park, MI 48237-2669

Carla Smith
321 Lakewood St.
Detroit, MI 48215

By: /s/ Marc N. Swanson
Marc N. Swanson
150 West Jefferson
Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8452
swansonm@millercanfield.com

DATED: August 26, 2016

# EXHIBIT 5-NONE

# EXHIBIT 6-A-CLAIMANT STATUS LIST

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

City of Detroit, Michigan, Debtor.

Bankruptcy Case No. 13-53846

Judge Thomas J. Tucker Chapter 9

## EXHIBIT 6-A

### STATUS OF CLAIMANTS SCHEDULED FOR HEARING AUGUST 31, 2016

| Name/Claim No. | City Omnibus Objection | POC Amount (Includes amounts other than Salary) | Annual Salary At Time Of Reduction | 10% Of Salary | Class 15 Settlement Amount Offered | Status |
|---|---|---|---|---|---|---|
| Bolton, Dinah 2373 | 44 | $49,793.19 | N/A | N/A | N/A | Not grant funded during relevant period |
| Brown, Gueelma 1794 | 44 | $22,576.06 | $47,799.99 | $4,780.00 | $1,195.00 | No response |
| Cannon, Gladys[4] 1823 | 44 | $27,481.72 | $44,070.00 | $4,407.00 | $1,101.75 | Signed Class 15 Settlement Stipulation [Doc. No. 11470] |
| Carrington, Darrell 2440 | 44 | $11,697.98 | $47,799.99 | $4,780.00 | $1,195.00 | Signed Class 15 Settlement Stipulation [Doc. No. 11453] |
| Clement, Fern 3213 | 44 | $41,128.50 | $61,432.99 | $6,143.20 | $1,535.80 | Signed Class 15 Settlement Stipulation [Doc. No. 11454] |
| Crews, Stephanie 3072 | 45 | $40,032.67 | N/A | N/A | N/A | Not grant funded during relevant period |

---

[4] Submitted for Decision – Amended Order Sustaining 44th Omnibus Objection (Docket No. 11316)

| Name/Claim No. | City Omnibus Objection | POC Amount (Includes amounts other than Salary) | Annual Salary At Time Of Reduction | 10% Of Salary | Class 15 Settlement Amount Offered | Status |
|---|---|---|---|---|---|---|
| Davis, Brenda 2455 | 44 | $22,038.54 | $47,799.99 | $4,780.00 | $1,195.00 | Signed Class 15 Settlement Stipulation [Doc. No. 11455] |
| Duff, Michelle 2330 | 44 | $39,997.50 | $47,799.99 | $4,780.00 | $1,195.00 | No response |
| Duncan, Warren 3345 | 45 | $33,074.05 | $53,700.00 | $5,370.00 | $1,342.50 | Signed Class 15 Settlement Stipulation [Doc. No. 11456] |
| Eady, Gerhard 3163 | 44 | $32,981.44 | $53,700.00 | $5,370.00 | $1,342.50 | Signed Class 15 Settlement Stipulation [Doc. No.11457] |
| Jackson, Jacqueline 2414 | 44 | $45,287.29 | $47,799.99 | $4,780.00 | $1,195.00 | No response |
| Kaw, George A. 3091 | 44 | $33,481.44 | $53,700.00 | $5,370.00 | $1,342.50 | Signed Class 15 Settlement Stipulation [Doc. No. 11458] |
| McCoy, Kim R 3082 | 44 | $20,590.27 | $47,799.99 | $4,780.00 | $1,195.00 | Signed Class 15 Settlement Stipulation [Doc. No.11459] |
| O'Neal, Sandra 3203 | 45 | $56,685.84 | $47,799.99 | $4,780.00 | $1,195.00 | Signed Class 15 Settlement Stipulation [Doc. No. 11464] |
| Patillo, Diana Lynn 1476 | 44 | $21,835.16 | $47,799.99 | $4,780.00 | $1,195.00 | No response |
| Robinson, Marlene 3157 | 44 | $23,005.95 | $53,700.00 | $5,370.00 | $1,342.50 | Signed Class 15 Settlement Stipulation. [Doc. No. 11461] |
| Smith, Carla[5] 2431 | | $30,045.37 | $53,700.00 | $5,370.00 | $1,342.50 | Class 15 Settlement Stipulation[6] |

---

[5] Submitted for Decision – Amended Order Sustaining 44th Omnibus Objection (Docket No. 11316)

[6] Carla Smith returned an unsigned but notarized Stipulation. The City's counsel returned the Stipulation to Ms. Smith with a letter requesting that she sign the Stipulation and send it back to counsel as soon as possible.

| Name/Claim No. | City Omnibus Objection | POC Amount (Includes amounts other than Salary) | Annual Salary At Time Of Reduction | 10% Of Salary | Class 15 Settlement Amount Offered | Status |
|---|---|---|---|---|---|---|
| Trivedi, Ranna K. 3154 | 45 | $27,437.00 | $75,600.00 | $7,560.00 | $1,890.00 | Signed Class 15 Settlement Stipulation [Doc. No. 11460] |
| Strange, Hope 1772 | 44 | N/A | | N/A | N/A | Response Stricken Docket No. 11263 |
| Thomas, Randall 2323 | 44 | N/A | | N/A | N/A | Response Stricken Docket No. 11264 |
| Smith, Anthony 1775 | 44 | N/A | | N/A | N/A | Response stricken Docket No. 11262 |
| Onuigbo, Diane 2295 | 44 | N/A | | N/A | N/A | Response stricken Docket No. 11260 |

# EXHIBIT 6-B-DECLARATION OF SHARON D. GUILLORY

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

Debtor.

Bankruptcy Case No. 13-53846

Judge Thomas J. Tucker Chapter 9

## DECLARATION OF SHARON D. GUILLORY IN SUPPORT OF THE CITY OF DETROIT'S REPLY

I, Sharon D. Guillory, Legal Assistant to the City of Detroit Law Department, submit this declaration in support of the City of Detroit's ("City") Reply to the responses of certain City employees to the City's 44th and 45th Omnibus Objections ("Omnibus Objections") and state as follows:

1.    Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge or are based upon information provided to me in my capacity as Legal Assistant by the City's employees and professionals. If I were called to testify, I could and would testify to the facts set forth in this declaration.

2.    I am familiar with and was involved in reviewing the proofs of claim and responses of the following individuals filed in the above captioned matter with respect to the City's 44th and 45th Omnibus Objections (Docket Nos. 11162 and 11163): Dinah Bolton, Gueelma Brown, Gladys Cannon, Darrell Carrington, Fern Clement, Stephanie Crews, Brenda Davis, Michelle Duff, Warren Duncan, Gerhard Eady, Jaqueline Jackson, George Kaw, Kim McCoy, Sandra O'Neal, Diana Lynn Patillo, Marlene Robinson, Carla Smith and Ranna K. Trivedi (collectively, the "Grant Claimants").

3.    The Grant Claimants asserted in their proofs of claim or responses to the City's Omnibus Objections that they suffered wage and benefit reductions as a result of actions by the City, specifically, the imposition of City Employment Terms ("CETs") in 2012 by the City while it was operating under a Consent Agreement with the State of Michigan pursuant to Act 4. Among those actions was a 10% wage reduction imposed on most City employees, along with reductions in certain benefits.

4.    The purpose of the review and analysis was to determine whether the Grant Claimants were employed in positions that were funded by various grants awarded the City rather than positions that were funded from the City's general fund, and whether they had in fact been subject to a 10% wage reduction.  In the review it was found that all but two of the individuals listed above were in positions that were paid for from grant monies at the time the CETs were imposed, and their base wages were reduced by 10%.

5.    The City reviewed the payroll and related position records for each of these individuals to determine the amount of the 10% reduction for the period of August 6, 2012 (the first pay period after the reduction went into effect) to July 30, 2013 (covering the last pay period prior the filing of the City's bankruptcy), and rounding that amount up to the nearest dollar.

6.    Based on that review and formula, a reduction amount was established for each individual listed above. If a position is 100% grant funded, the grant covers only the base pay and does not cover benefits, bonuses or other compensation. The reduction amount consists only of the 10% wage loss for the period of the imposition of the reduction to the filing of the bankruptcy case.

7.    The Grant Claimants, the amount of their claims and the computed 10% of salary are set out in Exhibit 1 to this affidavit. With respect to the claims of Dinah Bolton and Stephanie Crews, our review determined that the positions in which they were employed during the relevant time period were not paid from grant monies and so no amount was calculated.  Upon information and belief, funding for these positions was disallowed by the granting federal agency and they were paid for from the City's General Fund.

8.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

By: _Sharon D. Guillory_
    Sharon Guillory
    Legal Assistant
    City of Detroit Law Department

Executed on August 26, 2016

_Monica R. Parent_

MONICA R. PARENT
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF WAYNE
My Commission Expires June 28, 2022
Acting in the County of _____

# DECLARATION OF SHARON GUILLORY
## EXHIBIT 1

| Name/Claim No. | POC Amount (Includes non-reimbursed amounts other than Salary) | Annual Salary At Time Of Reduction | 10% Of Salary |
|---|---|---|---|
| Bolton, Dinah 2373 | $49,793.19 | N/A | Not grant funded during relevant period |
| Brown, Gueelma 1794 | $22,576.06 | $47,799.99 | $4,780.00 |
| Cannon, Gladys[7] 1823 | $27,481.72 | $44,070.00 | $4,407.00 |
| Carrington, Darrell 2440 | $11,697.98 | $47,799.99 | $4,780.00 |
| Clement, Fern 3213 | $41,128.50 | $61,432.99 | $6,143.20 |
| Crews, Stephanie 3072 | $40,032.67 | N/A | Not grant funded during relevant period |
| Davis, Brenda 2455 | $22,038.54 | $47,799.99 | $4,780.00 |
| Duff, Michelle 2330 | $39,997.50 | $47,799.99 | $4,780.00 |
| Duncan, Warren 3345 | $33,074.05 | $53,700.00 | $5,370.00 |
| Eady, Gerhard 3163 | $32,981.44 | $53,700.00 | $5,370.00 |
| Jackson, Jacqueline 2414 | $45,287.29 | $47,799.99 | $4,780.00 |
| Kaw, George A. 3091 | $33,481.44 | $53,700.00 | $5,370.00 |
| McCoy, Kim R 3082 | $20,590.27 | $47,799.99 | $4,780.00 |
| O'Neal, Sandra 3203 | $56,685.84 | $47,799.99 | $4,780.00 |
| Patillo, Diana Lynn 1476 | $21,835.16 | $47,799.99 | $4,780.00 |
| Robinson, Marlene 3157 | $23,005.95 | $53,700.00 | $5,370.00 |
| Smith, Carla[8] 2431 | $30,045.37 | $53,700.00 | $5,370.00 |
| Trivedi, Ranna K. 3154 | $27,437.00 | $75,600.00 | $7,560.00 |

[7] Submitted for Decision – Amended Order Sustaining 44th Omnibus Objection (Docket No. 11316)

[8] Submitted for Decision – Amended Order Sustaining 44th Omnibus Objection (Docket No. 11316)

# EXHIBIT 6-C-LETTER TO GEORGE KAW AND ENCLOSURES



MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Kalamazoo • Lansing • Troy

FLORIDA: Tampa
ILLINOIS: Chicago
NEW YORK: New York
OHIO: Cincinnati

CANADA: Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wrocław

JOHN H. WILLEMS
TEL (313) 496-7544
FAX (313) 496-8453
E-MAIL willems@millercanfield.com

**Miller, Canfield, Paddock and Stone, P.L.C.**
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

August 10, 2016

George A. Kaw
1843 Delta Dr.
Troy, MI 48085

> Re: City of Detroit Bankruptcy Case No: 13-53846
> Your Proof Of Claim No: 3091

Dear Mr. Kaw:

As you are aware, your Proof Of Claim as indicated above is currently pending before the Bankruptcy Court. As stated in Paragraph 2 of the Court's Order of June 24, 2016, the Court has set a hearing for August 31, 2016 on the City's objections to your Claim. A copy of that Order was previously sent to you and is enclosed for your convenience.

In advance of the August 31, 2016 hearing, we are authorized to resolve your Claim in the amount $1,342.50, which you will receive as a cash payment as permitted by the confirmed Plan of Adjustment in this matter dated October 22, 2014.

The City has arrived at this figure as follows: Your Claim asserts a 10% reduction to your salary covered by a grant as well as other losses or reductions in benefits. However, the grant under which you were employed covered only your salary. All other parts of your compensation, such as benefits, were at the City's cost.

The salary and benefit reductions alleged in your Claim resulted from the lawful imposition of City Employment Terms ("CETs"). The City has objected to all Claims based on losses incurred as a result of CETs because the City was legally authorized to impose the CETs. The City has determined, however, that because your Claim is based on a reduction in a grant-funded salary, an appropriate amount may be allowed on your Claim.

The City's review of your Claim indicates a 10% salary reduction for one year prior to the bankruptcy, or $5,370.00. This is therefore the "allowed amount" of your Claim. Under the Plan of Adjustment, such allowed amounts are not paid out in cash, but are paid in "B Notes". The Plan of Adjustment Disclosure Statement estimates the percentage recovery in B Notes on allowed amounts under claims such as yours at 10-13%. However, because the allowed amount on your Claim is less than $25,000.00, the Plan of Adjustment treats your Claim as a "Class 15

Convenience Claim," under which the City may offer a cash payment of 25% of the allowed amount. The City therefore offers the amount of $1,342.50, which is 25% of your allowed amount, in full and final resolution of your Claim.

This letter also includes a Stipulation For Resolution Of Objection to your claim and a proposed Order to be filed with the Court (attached as Exhibit 1 to the Stipulation). If you are in agreement with the above amount, please sign the Stipulation and *have it notarized*. By signing the Stipulation, you are agreeing to the following: (1) the cash payment amount stated in this letter and in the Stipulation; (2) that the amount stated in this letter and the Stipulation fully and finally resolves your Proof of Claim, and (3) that an order may be entered by the Court approving the stipulation and full and final resolution of your claim by this amount. The proposed Order attached as Exhibit 1 to the stipulation will then be entered by the Court to resolve your Claim.

If you are in agreement with this resolution, please return the signed stipulation to me at the above address no later than Wednesday, August 24, 2016.

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By: _____
       John H. Willems

JHW/jw

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## STIPULATION FOR RESOLUTION OF OBJECTION TO CLAIM NUMBER 3091 FILED BY GEORGE A. KAW AND ALLOWANCE OF CLAIM NUMBER 3091 IN A REDUCED AMOUNT

George A. Kaw ("Claimant"), and the City of Detroit, Michigan ("City," and with Claimant, the "Parties"), by and through its undersigned counsel, state as follows in support of the entry of the *Order Approving Stipulation Resolving Objection to Claim Number 3091 filed by George A. Kaw and Allowing Claim Number 3091 in a Reduced Amount* attached hereto as Exhibit 1.

1. On February 21, 2014, Claimant filed proof of claim number 3091 (the "Claim") in the amount of $33,481.44.

2. On May 12, 2016, the City filed its *Debtor's Forty-Fourth Omnibus Objection to Certain Claims (No Basis) (the "Objection," Doc. No. 11162).*

3. The Parties have reached a resolution regarding the Claim and the City's Objection to the Claim. The Parties agree that the Claim should be allowed in the amount of $5,370.00 as a Class 15 Convenience Claim. As provided by the terms of Class 15 of the City's confirmed *Eighth Amended Plan for the Adjustment*

*of Debts of the City of Detroit (October 22, 2014)* (Doc. No. 8045), the Claimant will receive a cash payment of $1,342.50, which is 25% of the allowed amount referenced above, in full and final satisfaction of the Claim.

WHEREFORE the Parties respectfully request that the Court enter an order in the form attached as Exhibit 1, resolving the Objection as regards the Claim and allowing the Claim in a reduced amount as a Class 15 Convenience Claim.

| |
|---|
| Stipulated and agreed to on August ___, 2016: |
| MILLER CANFIELD PADDOCK & STONE, PLC<br><br>By: /s/ Marc N. Swanson<br>Marc N. Swanson (P71149)<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>Telephone: (313) 496-7591<br>Facsimile: (313) 496-8451<br>swansonm@millercanfield.com<br>Counsel for the City of Detroit, Michigan |
| Claimant for Claim 3091<br><br>_____<br>George A. Kaw<br>1843 Delta Dr.<br>Troy, MI 48085<br><br>The foregoing instrument was acknowledged before me this ____ day of August, 2016, by _____, who is personally known to me or who produced a driver's license as identification.<br><br>Notary Stamp:           Notary's Signature: _____<br>                              Notary's Name:_____<br>                              Notary Public, State of _____, County of _____<br>                              My commission Expires:_____<br>                              Acting in the County of: _____ |

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER APPROVING STIPULATION RESOLVING OBJECTION TO
CLAIM NUMBER 3091 FILED BY GEORGE A. KAW AND
ALLOWING CLAIM NUMBER 3091 IN A REDUCED AMOUNT**

This matter having come before the Court on the *Stipulation for Resolution of Objection to Claim Number 3091 filed by George A. Kaw and Allowance of Claim Number 3091 in a Reduced Amount* (the "Stipulation"); the parties having stipulated to the allowance of claim number 3091 in a reduced amount and the resolution of the *Debtor's Forty-Fourth Omnibus Objection to Certain Claims (No Basis)* (the "Objection," Doc. No. 11162) as to claim number 3091; and the Court being otherwise fully informed:

**IT IS HEREBY ORDERED THAT:**

1. The Objection is resolved as to proof of claim number 3091 filed by George A. Kaw (the "Claim").

2. The Claim is allowed as a Class 15 Convenience Claim in the amount of $5,370.00 and will be paid in a cash payment of $1,342.50, which is 25% of the allowed amount, according to the terms of the City's confirmed *Eighth Amended*

*Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)* (Doc. No. 8045).

3. The City's claims and noticing agent, Kurtzman Carson Consultants, is authorized to update the claims register to reflect the terms of this order.