# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ORDER, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS AGAINST TAMMY HOWARD AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF SHELTON BELL, JR., DECEASED

The City of Detroit ("City"), by its undersigned counsel, files this Motion to Enforce Settlement Agreement and Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims Against Tammy Howard as Personal Representative for the Estate of Shelton Bell, Jr., Deceased ("Motion"). In support of this Motion, the City states as follows:

## I.    Introduction

1.    The Plaintiff's prepetition lawsuit against City police officer Alan Williams ("Williams") should be dismissed with prejudice. The Plaintiff filed a proof of claim in the City's bankruptcy case asserting a claim based on this prepetition lawsuit. The proof of claim was subsequently designated for resolution in accordance with the ADR Order (as defined in paragraph 8 below) entered by

- 1 -

this Court. The parties then resolved their dispute and entered into a Settlement Agreement. The Settlement Agreement provides for the dismissal of the lawsuit with prejudice and the release of the City and Williams as required by the ADR Order. It also provides the Plaintiff with a general unsecured claim in the amount of $75,000.

2. After the Settlement Agreement was executed, the Plaintiff returned to the state court seeking the entry of an order requiring the City to pay her a cash payment of $75,000 plus costs and fees, notwithstanding that the Settlement Agreement provides her with a general unsecured claim. The Court should enforce the Settlement Agreement as written and order the Plaintiff to dismiss the prepetition lawsuit in accordance with the ADR Order and the Settlement Agreement.

## II. Background

### A. The Plaintiff's Pre-Petition Lawsuit Against the City and Williams

3. On June 15, 2011, Tammy Howard, as Personal Representative for the Estate of Shelton Bell, Jr., deceased ("Plaintiff"), filed a complaint against the City and Williams in the Circuit Court for the County of Wayne, Michigan ("State Court"), case number 11-007122 CZ ("State Court Lawsuit"). The Complaint is attached as Exhibit 6A.

27448301.2\022765-00213

4.     The Complaint contains three counts:   (1) Wrongful Death, Gross Negligence, Willful and Wanton Misconduct, Intentional Infliction of Emotional Distress; (2) 42 U.S.C. Section 1983 Against Individuals (sic) Defendant Williams; and (3) 42 U.S.C. Section 1983 Against Municipality Defendant City of Detroit.[1] On August 12 and 22, 2011, the City and Williams filed answers to the Complaint.

**B.     The City Files for Bankruptcy and the Plaintiff's Lawsuit Is Stayed**

5.     On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court, commencing its chapter 9 bankruptcy case.

6.     On July 25, 2013, this Court entered its (i) *Order Pursuant to Section 105(a) of the Bankruptcy Code Extending the Chapter 9 Stay to Certain (A) State Entities, (B) Non Officer Employees and (C) Agents and Representatives of the Debtor* [Doc. No. 166] and its (ii) *Order Pursuant to Section 105(a) of the Bankruptcy Code Confirming the Protections of Sections 362, 365 and 922 of the Bankruptcy Code* [Doc. No. 167].

7.     On November 1, 2013, the State Court administratively closed the State Court Lawsuit.

**C.     This Court Enters the ADR Order**

8.     On November 12, 2013, the City filed its *Motion of Debtor Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving*

---

[1] The State Court Lawsuit initially named the City as an additional defendant.

*Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims* [Doc No. 1665] ("ADR Procedures Motion"). On December 24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc. No. 2302] ("ADR Order").

9.     The Alternative Dispute Resolution Procedures ("ADR Procedures") were attached as Annex I to the ADR Order. Section II.A.7 of the ADR Procedures provided that "Nothing herein shall limit the ability of a Designated Claimant and the City to settle a Designated Claim by mutual consent at any time. **All such settlements shall be subject to the terms of Section II.D below**." ADR Procedures, II.A.7, p. 10 (emphasis added). One of the terms of Section II.D is that "All settlements shall include a release of all claims relating to the underlying occurrence, including the Designated Claim **and the Designated Claimant's claim against any other party with respect to whom the Stay/Injunction applies**." ADR Procedures II.D.2, p. 19 (emphasis added).[2]

10.     The ADR Order further provides that the Bankruptcy Court retains jurisdiction to resolve disputes arising from the ADR process. ADR Order, ¶ 19

---

[2] Paragraph 10 of the ADR Order provided that the Stay/Injunction applied to defendants such as Williams who had indemnification claims against the City. "For the avoidance of doubt, all proceedings against the City or any Indemnification Claimant relating to an Initial Designated Claim following the liquidation of the Initial Designated Claim shall remain subject to the Stay/Injunction, absent further order of the Court." ADR Order, ¶ 10. "Indemnification Claimant" is defined in paragraph 7 of the ADR Order.

27448301.2\022765-00213

("This Court shall retain jurisdiction for all purposes specified in the ADR Procedures and with respect to all disputes arising from or relating to the interpretation, implementation and/or enforcement of this Order and the ADR Procedures.").

## D. The State Court Lawsuit Is Resolved Pursuant to the ADR Procedures

11. On February 20, 2014, the Plaintiff filed claim number 2260 ("Proof of Claim"), attaching a copy of a previously filed complaint. The Proof of Claim is attached as Exhibit 6B.

12. The parties subsequently resolved the Proof of Claim and the State Court Lawsuit. To document the resolution, the City and the Plaintiff entered into the *Agreement Resolving Claim of Tammy Howard (Estate of Shelton Bell)* ("Settlement Agreement"). The Settlement Agreement is attached as Exhibit 6C. The Settlement Agreement recites that (a) the Bankruptcy Court entered the ADR Order to promote the resolution of claims designated by the City and (b) the Proof of Claim was designated for resolution through the ADR Procedures. Settlement Agreement, ¶¶ C, E. The Settlement Agreement also states that it "terminates the ADR Procedures with respect to the Filed Claim pursuant to section II.A.7 of the ADR Procedures." *Id.*, ¶ F.

13.     As required by the ADR Procedures, the Plaintiff released the City

and Williams in the Settlement Agreement. *Id.*, ¶ 8. The release in the Settlement

Agreement provides:

> As to the Filed Claims and Settled Claims described
> herein, the Claimant releases the City from any and all
> liability, actions, damages and claims (including claims
> for attorney fees, expert fees or court costs), known and
> unknown, arising or accruing at any time prior to and
> after the date of this Agreement, that the Claimant has or
> may have against the City . . . .  As used in this
> Agreement, the Claimant and the City include each of
> their respective servants, agents, contractors, attorneys,
> employees, representatives, family members, heirs,
> elected officials, appointed officials, related corporations,
> subsidiaries, divisions, affiliates, directors and officers, if
> any.

*Id.*, ¶ 8.

14.     The Plaintiff also stipulated to the "dismissal with prejudice of the

civil action[s] related to the Filed Claims or Settled Claim in the form attached

hereto as Exhibit B."[3]

## E.     The City Confirms Its Plan

15.     On October 22, 2014, the City filed the *Eighth Amended Plan for the*

*Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045]

("Plan").  On November 12, 2014, this Court entered an order confirming the Plan

[Doc. No. 8272] ("Confirmation Order").

---

[3] The City cannot locate Exhibit B.

16.    The Confirmation Order also provides that all prior orders entered in the City's bankruptcy case shall be binding upon and shall inure to the benefit of the City and any other parties expressly subject thereto.  Confirmation Order, ¶ T.69, p. 114.  The Plan further provides that this Court "will retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 9 Case and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction to . . . Enforce or clarify any orders previously entered by the Bankruptcy Court in the Chapter 9 Case."  Plan, Art. VII.O pp. 69-70.

17.    The Effective Date of the Plan occurred on December 10, 2014. [Doc. No. 8649].

### F.    Plaintiff Moves to Reopen the State Court Lawsuit

18.    On August 8, 2016, the Plaintiff filed her *Plaintiff's Motion to Reinstate and Enforce Settlement* ("Motion to Reinstate," attached as Exhibit 6D). The Plaintiff asserted that the City agreed to pay her $75,000 but had not provided her with a settlement agreement or tendered the settlement funds.  The City objected to the Motion on the basis that the State Court lacks jurisdiction over the matter and that the matter has been settled pursuant to the Settlement Agreement. The State Court has held a hearing on the Motion to Reinstate but has not entered an order.

## III. Argument

19.     This Court should order that the Plaintiff dismiss the State Court Lawsuit with prejudice.  The Plaintiff released the City and Williams from all claims asserted in the Complaint pursuant to the plain language of the release contained in paragraph 8 of the Settlement Agreement.  Plaintiff also agreed to the stipulated dismissal with prejudice of the State Court Lawsuit in paragraph 9 of the Settlement Agreement.

20.     The "Filed Claim" and "Settled Claim" identified in paragraph 8 of the Settlement Agreement is the Proof of Claim.  The Proof of Claim asserted a claim based on the Complaint and attached the Complaint as support for the Proof of Claim.  Proof of Claim at 3.  The claims asserted in the Complaint against Williams constitute "liability, actions, damages and claims . . ., known and unknown, arising or accruing at any time prior to and after the date of this Agreement . . . ."  Settlement Agreement, ¶ 8.  Finally, Williams is an agent and employee of the City because he is a City police officer.  Thus, pursuant to paragraph 8 of the Settlement Agreement, Plaintiff released Williams from the claims asserted in the Complaint.

21.     This plain reading of paragraph 8 of the Settlement Agreement is reinforced by Section II.D.2 of the ADR Procedures which states that "All settlements shall include a release of all claims relating to the underlying

occurrence, including the Designated Claim and the Designated Claimant's claim against any other party with respect to whom the Stay/Injunction applies." ADR Procedures II.D.2. As set forth in the Settlement Agreement, the Proof of Claim had been designated for resolution through the ADR Procedures. Settlement Agreement ¶¶ C, E. The Settlement Agreement also provided that "this Agreement terminates the ADR Procedures with respect to the Filed Claim pursuant to section II.A.7 of the ADR Procedures." Section II.A.7 of the ADR Procedures, in turn, provides that all "settlements shall be subject to the terms of Section II.D below." One of the terms of Section II.D is that "All settlements shall include a release of all claims relating to the underlying occurrence, including the Designated Claim **and the Designated Claimant's claim against any other party with respect to whom the Stay/Injunction applies**." ADR Procedures II.D.2, p. 19 (emphasis added). As set forth in the ADR Order, the "Stay/Injunction"[4] applies to the

---

[4] The term "Stay/Injunction" is defined in Section I.B of the ADR Procedures:

> For the period commencing on the date of entry of the ADR Order until the date that is 119 days after the General Bar Date (the "Initial Designation Period"), any Designated Claimant holding an Initial Designated Claim (and any other person or entity asserting an interest in such claim) shall be enjoined (the "Initial Injunction") from filing or prosecuting, with respect to such Initial Designated Claim, any motion (a "Stay Motion") for relief from either (1) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court (the "Stay"), or (2) any similar injunction (together with the Stay, the "Stay/Injunction") that may be imposed upon the confirmation

*Continued on next page.*

27448301.2\022765-00213

Plaintiff's claims against Williams. ADR Order, ¶ 10. Thus, the ADR Order mandated that the Settlement Agreement include a release of the Plaintiff's claims against Williams.

22.     Indeed, the Court has twice reviewed and construed the language of the release included in the Settlement Agreement and concluded that it releases all City employees such as Williams.[5]

## IV.     Conclusion

23.     The claims in the State Court Lawsuit were settled and released by the Settlement Agreement. The City respectfully requests that the Court enter an order

---

*Continued from previous page.*

or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "Chapter 9 Plan").

[5] See the *City of Detroit's Motion to Enforce Settlement Agreement and Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims Against Gregory Phillips and/or Dominique McCartha as Personal Representative for the Estate of Gregory Phillips, Deceased* (Doc. No. 10272), Phillips's response (Doc. No. 10685), the City's reply (Doc. No. 10723), and the Court's order granting the City's motion (Doc. No. 10729). See also *Claimant Michael McKay's Motion to Enforce Agreement Resolving Claim of Michael McKay* (Doc. No. 11157), the City's Response (Doc. No. 11181), and the Court's order denying McKay's motion (Doc. No. 11289). The Plaintiff should be aware of this because the law firm representing her was involved in the McKay matter. *Compare* signature block of Doc. No. 11157 (McKay motion, listing attorney Eric Stempien of Romano Law, PLLC) *with* signature block of Motion to Reinstate (listing attorney David G. Blake of Romano Law, PLLC). The decision to proceed in the State Court is thus surprising; counsel should be aware that the Court has already construed the language in the release in the Settlement Agreement.

- 10 -

in substantially the same form as the one attached as Exhibit 1, requiring that the

Plaintiff dismiss, or cause to be dismissed, with prejudice, the State Court Lawsuit.

Dated: September 8, 2016

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Co-Counsel for the City of Detroit

- and -

CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
James Noseda (P52563)
Jerry L. Ashford (P47402)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-0470
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

27448301.2\022765-00213

## EXHIBIT LIST

Exhibit 1        Proposed Order

Exhibit 2        Notice of Opportunity to Respond

Exhibit 3        None

Exhibit 4        Certificate of Service

Exhibit 5        None

Exhibit 6A       Proof of Claim with Complaint attached

Exhibit 6B       Settlement Agreement

Exhibit 6C       Motion to Reinstate

# EXHIBIT 1 – PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## [PROPOSED] ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ORDER, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS AGAINST TAMMY HOWARD AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF SHELTON BELL, JR., DECEASED

This matter came before the Court on City Of Detroit's Motion to Enforce Settlement Agreement and Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims Against Tammy Howard as Personal Representative for the Estate of Shelton Bell, Jr., Deceased ("Motion"); and the Court being fully advised in the premises;

IT IS HEREBY ORDERED:

1.      The Motion is granted.

2.      Within five days of the entry of this Order, Tammy Howard, as Personal Representative for the Estate of Shelton Bell, Jr., deceased, will dismiss,

or cause to be dismissed, with prejudice Case Number 11-007122 CZ filed with the Circuit Court for the County of Wayne, Michigan, and captioned *The Estate of Shelton Bell, Jr., by His Personal Representative, Tammy Howard v. Detroit Police Officer Alan Williams*.

      3.    The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

## EXHIBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF OPPORTUNITY TO RESPOND TO
## CITY OF DETROIT'S MOTION TO ENFORCE SETTLEMENT
## AGREEMENT AND ORDER, PURSUANT TO SECTIONS 105 AND 502 OF
## THE BANKRUPTCY CODE, APPROVING ALTERNATIVE DISPUTE
## RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF
## CERTAIN PREPETITION CLAIMS AGAINST TAMMY HOWARD AS
## PERSONAL REPRESENTATIVE FOR THE ESTATE
## OF SHELTON BELL, JR., DECEASED

The City of Detroit has filed papers with the Court, asking the Court to grant

its *Motion to Enforce Settlement Agreement and Order, Pursuant to Sections 105*

*and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution*

*Procedures to Promote the Liquidation of Certain Prepetition Claims Against*

*Tammy Howard as Personal Representative for the Estate Of Shelton Bell, Jr.,*

*Deceased* ("Motion").

**Your rights may be affected.  You should read these papers carefully**

**and discuss them with your attorney, if you have one in this bankruptcy case.**

**(If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the Motion, or if you want the court to consider your views on the Motion, within fourteen (14) days, you or your attorney must:

1.      File with the court a written response or an answer, explaining your position at:[1]

>   United States Bankruptcy Court
>   211 West Fort Street
>   Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.  All attorneys are required to file pleadings electronically.

>   You must also mail a copy to:

>   Marc N. Swanson
>   Miller, Canfield, Paddock & Stone, PLC
>   150 W. Jefferson, Suite 2500
>   Detroit, MI 48226

2.      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e)

Dated:  September 8, 2016

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Co-Counsel for the City of Detroit


CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
James Noseda (P52563)
Jerry L. Ashford (P47402)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-0470
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

# EXHIBIT 3 – NONE

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 8, 2016, he caused a copy of the foregoing *CITY OF DETROIT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ORDER, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS AGAINST TAMMY HOWARD AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF SHELTON BELL, JR., DECEASED* to be served upon counsel via electronic mail and first class mail as follows:

David Blake
Romano Law PLLC
23880 Woodward Avenue
Pleasant Ridge, MI 48069
dblake@romanolawpllc.com

Dated: September 8, 2016

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

**EXHIBIT 5 – NONE**

# EXHIBIT 6A – COMPLAINT



JURY FEE PAID

JUN 15 2011

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

THE ESTATE OF SHELON BELL, JR,
by His Personal representatives,
TAMMY HOWARD,

      Plaintiff,

vs.

                            Case No. 11     CZ
                            Hon.

DETROIT POLICE OFFICER ALAN WILLIAMS,
Badge number 5161,and THE CITY OF DETROIT, a municipal
corporation, jointly and severally,

      Defendants.

_____/

DANIEL G. ROMANO (P49117)
CHRISTINA D. DAVIS (P65098)
ROMANO LAW, P.L.L.C.
Attorney for Plaintiff
26555 Evergreen, Suite 1500
Southfield, MI 48076
(248) 750-0270

_____/

*There was a previous civil action arising out of the transaction or occurrence alleged in the complaint – to wit: Case No. 08-126473CZ before the Honorable Robert Ziolkowski in Wayne County Circuit Court.*

## COMPLAINT FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL

NOW COMES the above-named Plaintiff, by and through his attorneys, ROMANO LAW, P.L.L.C., complaining against the above-named Defendants states as follows:

1.    That Plaintiff was a resident of the County of Wayne, State of Michigan.

2.    That on July 1, 2008, Defendant ALAN WILLIAMS was a Detroit police officer.

3.    That the amount in controversy exceeds $25,000.00 exclusive of costs, interest and attorney fees.

1

4. That on July 1, 2008, the Defendant police officer WILLIAMS for the City of Detroit police department shot and killed Shelton Bell, Jr.

5. That the Defendant, City of Detroit Police Officer WILLIAMS shot Plaintiff 3 times in the back, five times in the chest, once in the arm, and once in the head firing his gun indiscriminately, recklessly, and without regard to person or property.

6. That Defendant Officer WILLIAMS fired 10 shots as Decedent Plaintiff ran from him.

7. That Defendant WILLIAMS fired multiple shots while behind the Plaintiff; indeed three shots entered Plaintiff's back, five shots entered his chest from a downward angle, one shot entered his head in a downward angle and one shot hit his arm from behind.

8. That as a result of Defendant WILLIAMS intentionally, recklessly, and negligently discharging his firearm with a certainty that an injury would result, Plaintiff was mortally wounded by the Defendants.

9. That as a direct and proximate cause of the excessive and deadly force used on Plaintiff, Plaintiff suffered severe injuries, which resulted in the painful and lingering suffering in Plaintiff's death.

10. That Plaintiff now seeks compensation for damages as recoverable under Michigan Law.

## COUNT I
## WRONGFUL DEATH, GROSS NEGLIGENCE, WILLFUL AND WANTON MISCONDUCT, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS-ALL DEFENDANTS

11. Plaintiff incorporates each of the foregoing allegations as though fully stated herein.

12. That as a direct and proximate result of the wrongful acts of Defendant as aforesaid, that Plaintiff:

   a. Sustained severe injuries and death;

2

ROMANO LAW, PLLC
28555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

b.      In addition thereto said Plaintiff suffered shock and emotional damage;

c.      Possible aggravation of pre-existing conditions or re-aggravation of dormant conditions;

d.      Was unable to attend to his usual affairs, render services as formerly;

e.      Hampered said Plaintiff in the enjoyment of the normal pursuit of life as before;

f.      Said injuries are permanent to the degree that Plaintiff suffered a loss and the ability to earn money as before and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of Defendants acts as of here and in before alleged.

12.      That Shelton Bell, Jr. left surviving as his heirs at law next of kin, the following persons with the following relations:

a.      Shelton Bell, Sr., Father

b.      Tammy Howard, Mother

c.      Myrick Bell, Son

d.      Daughter of Jasmine Calhoun, daughter

13.      That as a direct and proximate result of the actions of the Defendant in total and individually as alleged herein, Plaintiff's decedent, Shelton Bell, Jr. sustained personal injuries and death.

14.      That the within cause is brought on behalf of said estate and the heirs and next of kin of said decedent to recover for conscience pain and suffering suffered by Plaintiff decedent prior to his death, loss of love, affection, companionship, and income services sustained by Plaintiff decedent's heirs' at law and next of kin, as a

3

26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270
ROMANO LAW, PLLC

result of the death of Plaintiff decedent Shelton Bell Jr., the funeral, burial expense, and any and all amounts recoverable under the statutes and case law of the State of Michigan, next of kin in our state of said deceased.

15.     That as a direct and proximate result of the acts of the Defendant, their agents, their servants, and/or their employees as aforesaid, the Plaintiff did incur expenses for hospitals, doctors, diagnostic tests, x-rays, machines, medical procedures, therapies, and other medical supplies and attention.

16.     That Plaintiff's Estate and heirs of Plaintiff decedent, Shelton Bell Jr. as a direct and proximate result of the acts alleged herein were damaged by a loss of love, services, society, affection, advise, consortium, and earnings by reason of the injuries to their said relative.

17.     That as a direct and proximate result of the acts alleged herein, Plaintiff Estate extended or became liable for various sums of money in and about securing medical supplies and attention for said decedent and will be liable for any such bills.

18.     That Defendants intentionally and without provocation or justification did assault, battery and molest Plaintiff Shelton Bell, Jr. causing him severe and debilitating injury to his chest and other body parts.

19.     The Defendants intentionally and without provocation or justification did use excessive force on Plaintiff, Shelton Bell, Jr.

**WHEREFORE**, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled together with exemplary and punitive damages, plus interest, costs, and attorney fees.

4

ROMANO LAW, PLLC
26555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

## COUNT II
## 42 U.S.C. SECTION 1983 AGAINST INDIVIDUALS
## DEFENDANT WILLIAMS

20.  Plaintiff incorporates each of the foregoing allegations as though fully stated herein.

21.  That 42 USC Section 1983 provides for civil liability for deprivation of any right, Privilege and immunities carried by the constitution and laws of the United States and the State of Michigan.

22.  That at all times material herein, Defendant was acting under color of law.

23.  That at all times material herein, said Defendant subjected Plaintiff to depravation of his rights, privileges and immunity secured by the Constitution of the United States and, more specifically, Amendments 4 and 14 of the laws of the United States and the State of Michigan.

24.  That the above referred actions subjected Plaintiff to an unlawful seizure, excessive force and humiliation and degradation in depravation of his Constitutional rights which include but are not limited to liberty and freedom from unlawful seizure by Defendant proximately caused the injuries and losses to Plaintiff as alleged herein thereby depriving Plaintiff of his rights, privileges and immunities secured by the United States Constitution and Amendments 4 and 14.

**WHEREFORE**, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled together with exemplary and punitive damages, plus interest, costs, and attorney fees.

5

## COUNT III - 42 USC § 1983 AGAINST MUNICIPALITY

## DEFENDANT CITY OF DETROIT

25.     Plaintiff incorporates each of the foregoing allegations as though fully stated herein.

26.     That 42 USC Section 1983 provides for civil liability for deprivation of any right, privilege and immunities carried by the constitution and laws of the United States and the State of Michigan.

27.     That Section 42 USC 1983 provides for civil liability of government units for depravation of any right, privileged and immunity secured by the United States Constitution pursuant to the carrying of custom and/or practice of said governmental unit.

28.     That at all time's material hereto, the above-noted Detroit Police Officers were acting under the color of law in the custom and practice of the City of Detroit and its police department.

29.     Prior to December 25, 2007 and at all times pertinent hereto, the Defendant City of Detroit developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of person in the City of Detroit, which caused the violation of Plaintiff's rights.

30.     Prior to December 25, 2007 and at all times pertinent hereto, the Defendant City of Detroit and its police department did implement unconstitutional customs and practices, including the following:

   a.      Failed to adequately screen, hire, train and employ capable and professional officers;

6

26556 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270
ROMANO LAW, PLLC

ROMANO LAW, PLLC
28555 EVERGREEN, SUITE 1500 • SOUTHFIELD, MICHIGAN 48076 • (248) 750-0270

b.     Knew or should have known of previous use of excessive and/or deadly force by its Officers and failed to adequately sanction said police officers;

c.     Failed to adequately supervise, monitor and train its police officers, including the officers involved in this instant matter, thereby failing to adequately discourage further constitutional violations on the part of its police officers;

d.     Failed to implement appropriate in-service training or re-training of officers who were known to engage in police misconduct;

e.     Failed to adequately and properly investigate complaints of police misconduct and acts of misconduct were instead tolerated by the City of Detroit.

f.     Deliberately destroying and/or failing to retain police in-car videos and other evidence regarding this incident even though there was an ongoing investigation - in violation of the DOJ Consent Decree;

c.     To do other customs and practices, which are more specifically alleged in the foregoing sections of this complaint.

31.    That the above referred to customs and practices implemented by Defendant proximately caused the injuries and losses to Plaintiff as alleged herein thereby depriving Plaintiff of his rights, privileges and immunities secured by the United States Constitution; specifically, the Fourth and Fourteenth Amendment of the Constitution.

7

**WHEREFORE**, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled together with exemplary and punitive damages, plus interest, costs, and attorney fees.

Respectfully submitted,
ROMANO LAW, P.L.L.C.

By: _____

DANIEL G. ROMANO (P49117)
CHRISTINA D. DAVIS (P65098)
Attorney for Plaintiff
26555 Evergreen Road, Suite 1500
Southfield, MI 48075
248/750-0270

DATED: June 14, 2011

8

## DEMAND FOR JURY TRIAL

NOW COMES, the above-named Plaintiff, by and through his attorneys, ROMANO LAW,

PLLC, and hereby makes formal demand for a trial by jury of the facts and issues involved in this

cause of action.

ROMANO LAW, PLLC

By: _____
DANIEL G. ROMANO (P49117)
CHRISTINA D. DAVIS (P65098)
ROMANO LAW, P.L.L.C.
Attorney for Plaintiff
26555 Evergreen, Suite 1500
Southfield, MI 48076
(248) 750-0270

Dated: June 14, 2011

9

# EXHIBIT 6B – PROOF OF CLAIM

In its List of Claims, the City listed your claim as a contingent, unliquidated, and disputed unsecured claim in an unknown amount. To determine if you need to file a claim, please refer to the enclosed Information About Deadlines to File Claims.

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | **FILED** CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

**FILED**

**FEB 2 0 2014**

US Bankruptcy Court
Eastern District

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Bell, Shelton (estate Of) P/r, Tammy Howard**

Name and address where notices should be sent:    NameID: 11701816
Bell, Shelton (estate Of) P/r, Tammy Howard
Romano, Daniel G.
Romano Law PLLC
23880 Woodward Ave
Pleasant Ridge, MI 48069
Telephone number:        email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
    *(If known)*

Filed on:_____

RECEIVED

FEB 2 4 2014

KURTZMAN CARSON CONSULTANTS

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

Telephone number:        email:

**1. Amount of Claim as of Date Case Filed:**   $ ~~XXXXXX~~ # 1,000,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  Police Misconduct
    (See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 0868

**3a. Debtor may have scheduled account as:**_____
    (See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate (when case was filed)**_____% ☐ Fixed  or  ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:  $ n/a

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**  $ n/a

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** _____.  $ n/a

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☐ I am the creditor.  ☒ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  David G. Blake
Title:  Attorney
Company:  Romano Law PLLC
Address and telephone number (if different from notice address above):

(Signature)          (Date) 7-18-14

248 750 0270  dblake@romanolawpllc.com
Telephone number:        email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1335846131125134026034230

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT   EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

Name of Debtor: **City of Detroit, Michigan**     Case Number: **13-53846**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Howard, Tammy (estate)**

Name and address where notices should be sent:   NameID: 11701817
Howard, Tammy (estate)
Romano, Daniel G.
Romano Law PLLC
23880 Woodward Ave
Pleasant Ridge, MI 48069
Telephone number:          email:

Name and address where payment should be sent (if different from above):

Telephone number:          email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
   (*If known*)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**      $_____

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** _____
   (See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**    **3a. Debtor may have scheduled account as:**_____
   (See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

**Basis for perfection:** _____

**Value of Property: $**_____

**Amount of Secured Claim:** $_____

**Annual Interest Rate (when case was filed)**_____% ☐ Fixed  or  ☐ Variable

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**   $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** _____   $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☐ I am the creditor.  ☐ I am the creditor's authorized agent.     ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)     ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _____
Title: _____
Company: _____
Address and telephone number (if different from notice address above):          (Signature)          (Date)

Telephone number:          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

THE ESTATE OF SHELON BELL, JR,
by His Personal representatives,
TAMMY HOWARD,

      Plaintiff,

                                        Case No. 08      CZ
vs.                                        Hon.

DETROIT POLICE OFFICER ALAN WILLIAMS,
Badge number 5161,and THE CITY OF DETROIT, a municipal
corporation, jointly and severally,

      Defendants.

_____/

DANIEL G. ROMANO (P49117)
DRAZIN & ROMANO
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 746-45

_____/

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the complaint.*

## COMPLAINT FOR WRONGFUL DEATH AND DEMAND FOR JURY TRIAL

Now comes the above-named Plaintiff, by and through his attorneys, DRAZIN AND ROMANO, complaining against the above-named Defendants states as follows:

1.      That Plaintiff was a resident of the County of Wayne, State of Michigan.

2.      That on July 1, 2008, Defendant ALAN WILLIAMS was a Detroit police officer.

3.      That the amount in controversy exceeds $25,000.00 exclusive of costs, interest and attorney fees.

4.      That on July 1, 2008, the Defendant police officer for the City of Detroit police department shot and killed Shelton Bell, Jr.

1

LAW OFFICES
DRAZIN & ROMANO, PLLC (Non-Partnership)
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 746-4594

5.      That the Defendant, City of Detroit Police Officer John Doe shot Plaintiff 3 times in the back, five times in the chest, once in the arm, and once in the head firing his gun indiscriminately, recklessly, and without regard to person or property.

6.      That Defendant Officer fired 10 shots as Decedent Plaintiff ran from him.

7.      That Defendant fired multiple shots while behind the Plaintiff; indeed three shots entered Plaintiff's back, five shots entered his chest from a downward angle, one shot entered his head in a downward angle and one shot hit his arm from behind.

8.      That as a result of Defendant ALAN WILLIAMS intentionally, recklessly, and negligently discharging his firearm with a certainty that an injury would result, Plaintiff was mortally wounded by the Defendants.

9.      That as a direct and proximate cause of the assault and battery on Plaintiff, Plaintiff suffered severe injuries, which resulted in the painful and lingering suffering in Plaintiff's death.

10.     That Plaintiff now seeks compensation for damages as recoverable under Michigan Law.

11.     That as a direct and proximate result of the wrongful acts of Defendant as aforesaid, that Plaintiff :

    a.      Sustained severe injuries and death;

    b.      In addition thereto said Plaintiff suffered
            shock and emotional damage;

    c.      Possible aggravation of pre-existing conditions
            or re-aggravation of dormant conditions;

    d.      Was unable to attend to his usual affairs, render
            services as formerly;

    e.      Hampered said Plaintiff in the enjoyment of the
            normal pursuit of life as before;

2

LAW OFFICES
DRAZIN & ROMANO, PLLC (Non-Partnership)
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 746-4594

f.     Said injuries are permanent to the degree that Plaintiff suffered a loss and the ability to earn money as before and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of Defendants acts as of here and in before alleged.

12.     That Shelton Bell, Jr. left surviving as his heirs at law next of kin, the following persons with the following relations:

a.     Shelton Bell, Sr., Father

b.     Tammy Howard, Mother

c.     Myrick Bell, Son

d.     Daughter of Jasmine Calhoun, daughter

13.     That as a direct and proximate result of the actions of the Defendant in total and individually as alleged herein, Plaintiff's decedent, Shelton Bell, Jr. sustained personal injuries and death.

14.     That the within cause is brought on behalf of said estate and the heirs and next of kin of said decedent to recover for conscience pain and suffering suffered by Plaintiff decedent prior to his death, loss of love, affection, companionship, and income services sustained by Plaintiff decedent's heirs' at law and next of kin, as a result of the death of Plaintiff decedent Shelton Bell Jr., the funeral, burial expense, and any and all amounts recoverable under the statutes and case law of the State of Michigan, next of kin in our state of said deceased.

15.     That as a direct and proximate result of the acts of the Defendant, their agents, their servants, and/or their employees as aforesaid, the Plaintiff did incur expenses for hospitals, doctors, diagnostic tests, x-rays, machines, medical procedures, therapies, and other medical supplies and attention.

3

LAW OFFICES
DRAZIN & ROMANO, PLLC (Non-Partnership)
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 746-4594

16.     That Plaintiff's Estate and heirs of Plaintiff decedent, Shelton Bell Jr. as a direct and proximate result of the acts alleged herein were damaged by a loss of love, services, society, affection, advise, consortium, and earnings by reason of the injuries to their said relative.

17.     That as a direct and proximate result of the acts alleged herein, Plaintiff Estate extended or became liable for various sums of money in and about securing medical supplies and attention for said decedent and will be liable for any such bills.

18.     That Defendants intentionally and without provocation or justification did assault, battery and molest Plaintiff Shelton Bell, Jr. causing him severe and debilitating injury to his chest and other body parts.

19.     The Defendants intentionally and without provocation or justification did use excessive force on Plaintiff, Shelton Bell, Jr..

**WHEREFORE,** Plaintiff Shelton Bell, Jr. demands judgment in favor of him and against Defendants in whatever amount the Plaintiff is found to be entitled together with exemplary and punitive damages, plus interest, costs and attorney fees.

Respectfully submitted,

DRAZIN & ROMANO, P.L.L.C.

By:
Daniel G. Romano (P49117)
Attorney for Plaintiff
2000 Town Center
Suite 900
Southfield, MI. 48075

Dated: October 14, 2008

4

LAW OFFICES
DRAZIN & ROMANO, PLLC (Non-Partnership)
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 746-4594



# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

THE ESTATE OF SHELON BELL, JR,
by His Personal representatives,
TAMMY HOWARD,

     Plaintiff,

                                    Case No. 08    CZ
vs.                                    Hon.

DETROIT POLICE OFFICER ALAN WILLIAMS,
Badge number 5161,and THE CITY OF DETROIT, a municipal
corporation, jointly and severally,

     Defendants.

_____/

DANIEL G. ROMANO (P49117)
DRAZIN & ROMANO
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 746-45

_____/

## DEMAND FOR JURY TRIAL

    NOW COMES, the above-named Plaintiff, by and through his attorneys, DRAZIN AND

ROMANO, and hereby makes formal demand for a trial by jury of the facts and issues involved

in this cause of action.

                           Respectfully submitted,

                           DRAZIN & ROMANO, P.L.L.C.

                           By: _____

                              Daniel G. Romano (P49117)
                              Attorney for Plaintiff

Dated: October 14, 2008

LAW OFFICES
DRAZIN & ROMANO, PLLC (Non-Partnership)
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 746-4594

# **EXHIBIT 6C – SETTLEMENT AGREEMENT**

```
------------------------------------------------- x
                                                   :
In re                                              :    Chapter 9
                                                   :
CITY OF DETROIT, MICHIGAN,                          :    Case No. 13-53846
                                                   :
                Debtor.                             :    Hon. Steven W. Rhodes
                                                   :
------------------------------------------------- x
```

## AGREEMENT RESOLVING CLAIM OF TAMMY HOWARD
### (ESTATE OF SHELTON BELL)

The City of Detroit (the "City") and the claimant identified in paragraph 2 below (the "Claimant" and, together with the City, the "Parties"), by and through their respective authorized representatives, do hereby agree as follows:

### RECITALS

A.    On July 18, 2013, the City commenced the above-captioned case (the "Chapter 9 Case") by filing a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). On December 5, 2013, following its determination that the City met all of the applicable requirements and is eligible to be a debtor under chapter 9 of the Bankruptcy Code, the Bankruptcy Court entered the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) with respect to the City.

B.    Pursuant to section 904 of the Bankruptcy Code, the City may continue to exercise its political and governmental powers, manage its property and revenues and use and enjoy its income-producing property without interference from the Bankruptcy Court.

C.   On December 24, 2013, the Bankruptcy Court entered the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "ADR Order") establishing certain alternative dispute resolution procedures (collectively, the "ADR Procedures") to promote the resolution of certain claims designated by the City.

D.   The Claimant is the current record holder of the proof[s] of claim identified under the heading "Filed Claim Number" in the table in paragraph 2 below (the "Filed Claim[s]").

E.   The City (i) reviewed the Filed Claim[s] and the facts and circumstances of the alleged liabilities asserted therein and (ii) designated the Filed Claim[s] for potential resolution through the ADR Procedures.

F.   The City believes that the resolution of the Filed Claim[s] as set forth in this Agreement is fair, reasonable and appropriate and will allow the Parties to avoid the cost, delay and burden of litigating potential disputes related to the Filed Claim[s]. In accordance with the ADR Order, the resolution of the Filed Claim[s] set forth in this Agreement terminates the ADR Procedures with respect to the Filed Claim[s] pursuant to section II.A.7 of the ADR Procedures.

G.   Pursuant to section 904 of the Bankruptcy Code, the City is authorized to propose and enter into this Agreement without further order of the Bankruptcy Court.

H.   The undersigned is authorized to enter into this Agreement on behalf of the City pursuant to a confidential memorandum dated March 25, 2014 that was issued to the City of Detroit Corporation Counsel by Kevyn Orr, Emergency Manager for the City of Detroit, entitled Litigation Claim Settlement Authority.

I.   The Parties have agreed to the terms set forth in this Agreement, as indicated by the signatures of their respective authorized representatives below.

## AGREEMENT

1.  The Claimant represents and warrants to the City that it has not sold, assigned, factored or otherwise transferred any portion of or interest in the Filed Claim[s] and is the sole holder of the Filed Claim[s], with full authority to enter into this Agreement. The Claimant further agrees to indemnify and hold the City harmless for any damages, including without limitation actual and reasonable out of pocket costs, resulting from a breach of its representations and warranties set forth in this paragraph.

2.  The Filed Claim[s] is deemed amended, modified and allowed as a general unsecured, nonpriority claim (any such claim, a "Settled Claim") in the corresponding amount set forth in the table below under the heading "Settled Claim Amount":

| Claimant | Filed Claim Number | Filed Claim Amount | Filed Claim Priority | Settled Claim Amount | Settled Claim Priority |
|---|---|---|---|---|---|
| **Tammy Moore (Estate of Shelton Bell)** | 2260 | $1,000,000.00 | **General unsecured, nonpriority** | $75,000.00 ~~other~~ | General unsecured, nonpriority |

3.  The Parties agree that any Filed Claim identified in paragraph 2 above for which there is no corresponding Settled Claim (or such amount is listed as $0.00) is hereby withdrawn and deemed disallowed and expunged, pursuant to section 502 of the Bankruptcy Code.

4.  The Claimant will not further amend the Filed Claim[s] (or the Settled Claim[s]) or file any additional proofs of claim with respect to the liabilities asserted in the Filed Claim[s]. Any further amendments to the Filed Claim[s] (or the Settled Claim[s]) or any additional claims filed by the Claimant or their successors or assigns with respect to the liabilities asserted in the Filed Claim[s] shall be null, void and of no effect.

5.   The Parties agree that any Settled Claim is a general unsecured, nonpriority claim, subject to the treatment provided for such claims under any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan").

6.   Any distribution made to the Claimant pursuant to a Plan is referred to herein as a "Plan Distribution." If the Claimant or its successors or assigns receive payment of any portion of the Settled Claims from any source, including from the City, other than through the Plan (a "Non-Plan Payment"), the portion of the Settled Claim[s] equal to the amount of the Non-Plan Payments shall be deemed fully satisfied, and the Claimant, for itself and any successors or assigns, hereby prospectively waives and disclaims the right to receive Plan Distributions on account of the portion of the Settled Claim[s] satisfied by any Non-Plan Payments.

7.   Nothing in this Agreement will have any impact on any proof(s) of claim that the Claimant has filed or holds other than the Filed Claim[s]. The Parties retain all of their respective claims, defenses, objections, counterclaims and any and all rights in respect of any proofs of claim that the Claimant has filed or holds other than the Filed Claim[s].

8.   As to the Filed Claims and Settled Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City. The Claimant acknowledges that this Agreement represents the compromise of a disputed claim and is not to be construed as an admission of liability on the part of the City.  As used in this Agreement, the Claimant and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any.   Where required by the City, the Claimant has executed the Medicare Reporting and Indemnification Affidavit[s], if any, attached as Exhibit A.

9.   The Claimant stipulates to dismissal with prejudice of the civil action[s] related to the Filed Claims or Settled Claim[s] in the form attached hereto as Exhibit B.

10. This Agreement may be executed in identical counterparts, and/or by facsimile or e-mail scan, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. This Agreement constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

      **WHEREFORE**, the undersigned have executed this Agreement on behalf of the parties hereto.

**CITY OF DETROIT**

~~TAMMY MOORE (P.R. for Estate of Shelton Bell)~~ *KRYSTAL A. CRITTENDON*

*TAMMY MOORE (P.R. For Estate of SHELTON BELL)*

By: ~~KRYSTAL A. CRITTENDON~~

*Krystal A Crittendon*
(signature) *KRYSTAL A. CRITTENDON*

Name: _____
(Signature)

Date: _____9-29-15_____
*Supervising Asst. Corp Counsel*

Name: *Tammey Howard*
(Print Name)

Title: _____

Date: _7 - 12 - 14___

Date: _____

Claimant(s) counsel:

**DAN ROMANO**

_____
(signature)

Name: _____
         (printed)

Date: _____

# EXHIBIT 6D– MOTION TO REINSTATE

## STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

THE ESTATE OF SHELTON BELL, JR,
by His Personal representative,
TAMMY HOWARD,

               Plaintiff,

vs.

DETROIT POLICE OFFICER ALAN WILLIAMS,
Badge number 5161, and THE CITY OF DETROIT, a municipal
corporation, jointly and severally,

               Defendants.

_____/

Case No. 11-007122-CZ
Hon. Daniel Hathaway

11-007122-CZ
FILED IN MY OFFICE
WAYNE COUNTY CLERK
8/8/2016 3:43:52 PM
CATHY M. GARRETT

DANIEL G. ROMANO (P49117)
DAVID G. BLAKE (P73544)
ROMANO LAW, P.L.L.C.
Attorneys for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, MI 48069
(248) 750-0270

CALVERT A. BAILEY (P42409)
CITY OF DETROIT LAW DEPARTMENT
Attorney for Defendants
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 224-4550

_____/

## PLAINTIFF'S MOTION TO REINSTATE AND ENFORCE SETTLEMENT

**NOW COMES** Plaintiff, THE ESTATE OF SHELTON BELL, JR, by His Personal

Representative, TAMMY HOWARD, by and through her attorneys, ROMANO LAW, P.L.L.C.,

under MCR 2.502, and in support of her Motion to Enforce Delivery of Settlement Agreement

and to Compel Check, Plaintiff states as follows:

1

1.  That this cause of action arises from an incident which occurred on July 1, 2008.

2.  On the aforesaid date, Defendant Alan Williams of the City of Detroit police department shot Mr. Bell three times in the back, five times in the chest, once in the arm, and once in the head, and killed him.

3.  Following, discharge of the City of Detroit bankruptcy proceeds, Defendants agreed to pay Plaintiff the sum of $75,000.00.

4.  That although – as of the date of the filing of this motion – more than 90 days have elapsed since the parties' settlement, Defendants have failed, refused or neglected to provide Plaintiff with a settlement agreement and tender the settlement draft.

5.  That this Honorable Court is vested with the authority to enter an Order enforcing the delivery of the settlement agreement and to Order delivery of the settlement check along with payment of costs and fees.

6.  This Court also has authority to assess costs against Defendants for their failure to provide Plaintiff with a settlement agreement and pay the settlement draft within a reasonable time, thereby necessitating this motion.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an Order compelling Defendants to the settlement draft to Plaintiff in the amount of $75,000.00, plus interest, and award Plaintiff's counsel further relief as this Court deems appropriate.

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

2

ROMANO LAW, P.L.L.C.

By:     */s/ David G. Blake*
        DANIEL G. ROMANO (P49117)
        DAVID G. BLAKE (P73544)
        ROMANO LAW, P.L.L.C.
        Attorneys for Plaintiff
        23880 Woodward Avenue
        Pleasant Ridge, MI 48069
        (248) 750-0270

Dated: August 8, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2016, I electronically filed the foregoing paper with the Court using the Odyssey File & Serve system which will send notification of such filing to all parties of record.

*/s/ Melissa Coulter*

3

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270