UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**ORDER REGARDING DEBTOR'S FORTY-SEVENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**

This case is before the Court on the forty-seventh objection to claims (Docket # 11399, the "Objection"),[1] of the Debtor, City of Detroit, Michigan (the "City"), seeking entry of an order disallowing and expunging each of the claims listed on Exhibit 2 to the Objection. This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court finding that this is a core proceeding under 28 U.S.C. § 157(b)(2); and that venue of this proceeding and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409; and the Court finding that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and the Court finding that no other or further notice of the Objection need be given; and a hearing on the Objection having been held on August 31, 2016; and except as indicated in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

paragraph 2 of this Order below, any objections or other responses to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and for the reasons stated by the Court on the record during the August 31, 2016 hearing;

    IT IS ORDERED that:

    1.    The Objection is sustained to the extent set forth in this Order.

    2.    Each of the proofs of claim listed on Exhibit 2 annexed to the Objection is disallowed and expunged in its entirety, under Section 502(b) of the Bankruptcy Code except for (a) claim number 776 of Agar Lawn Sprinkler Systems Inc.; (b) claim number of 785 of Beatrice McQueen; and (c) claim number 1821 of Henry Wolfe III.

    3.    The hearing on the City's objection to claim number 776 of Agar Lawn Sprinkler Systems Inc. was adjourned to, and will be held on, **October 19, 2016 at 1:30 p.m.** under this Court's order entered on August 26, 2016 at Docket # 11476.

    4.    With respect to claim number 785 of Beatrice McQueen, Ms. McQueen must file as a supplement to her response to the Objection a copy of all emails that she contends are relevant to the Objection, no later than September 9,

2016. The City must file a supplementary reply to Ms. McQueen's supplementary response no later than October 12, 2016.

5.  With respect to the claim number 1821 of Henry Wolfe III, the City must file a supplemental brief no later than October 5, 2016, on the issue of whether a union member may bring a claim under a collective bargaining agreement against his or her employer following settlement of that claim through a grievance brought by the employee's union on behalf of the employee.

6.  The Court will conduct a further hearing on the City's objection to claim number 1821 of Henry Wolfe III, and on the City's objection to claim number 785 of Beatrice McQueen, on **October 19, 2016 at 1:30 p.m.**

7.  The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

8.  The City is authorized to take all actions necessary to effectuate the relief granted under this Order in accordance with the Objection.

9.  Each claim and the objections by the City to each claim as addressed in the Objection and set forth on Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed and constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to such claim, and the Court expressly determines that there is no just

reason for delay of the entry of the final judgment with respect to such claim. Any stay of this Order shall apply only to the contested matter that involves such creditor and for which such stay has been granted or may be in effect, and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby, and further provided that the City shall have the right, but not the need, to submit a separate order with respect to contested matters or claims.

10. The City retains all of its rights to object, on the merits or any other basis, to any of the claims identified on Exhibit 2.

11. Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

12. Nothing in this Order is intended to, shall constitute or shall be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

.

**Signed on September 09, 2016**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge