# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

In re:

CITY OF DETROIT, MICHIGAN

        Debtor.

_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

## CITY OF DETROIT WATER AND SEWERAGE DEPARTMENT'S OBJECTIONS TO CLAIM 3125 FILED BY THE ASSOCIATION OF MUNICIPAL ENGINEERS, CLAIM 3206 FILED BY THE ASSOCIATION OF DETROIT ENGINEERS AND CLAIM 2425 FILED BY THE SANITARY CHEMISTS AND TECHNICIANS ASSOCIATION

NOW COMES the City of Detroit Water and Sewerage Department ("DWSD"), by and through its attorneys Kilpatrick & Associates, P.C., and for its Objections to Claim Number 3125 filed by the Association of Municipal Engineers ("AME"), Claim Number 3206 filed by the Association of Detroit Engineers ("ADE") and Claim Number 2425 filed by the Sanitary Chemists and Technicians Association ("SCATA") states as follows:

## BACKGROUND

1. On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court, commencing a Chapter 9 bankruptcy case.

2.     On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof [See **Doc. No. 1782**]* ("Bar Date Order"), establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014, at 4:00 p.m., Eastern Time. ("Bar Date")

3.     On December 5, 2013, this Court found that the City was eligible for relief under Chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code. [See **Doc. No. 1946**].*

4.     On December 24, 2013, the Court issued an Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (the "ADR Order") *[See **Doc. No. 2302**]*

5.     On November 12, 2014, this Court entered an Order confirming the Plan *[See **Doc. No. 8272**]*. The Plan became effective December 10, 2014.

<u>OBJECTION TO CLAIM NUMBER 3125</u>

6.     On February 21, 2014, AME timely filed its proof of claim, asserting as the basis for its claim employee compensation and benefits for

2

which it had filed a grievance, pre-petition, with the Michigan Bureau of Employment Relations Commission, challenging DWSD's implementation of City Employment Terms for All Non-Uniform Employees ("CET"). *[See Claim Number 3125]*.

7. AME, however, neglected to include in its proof of claim two pending Unfair Labor Practice Charges (the "Charges") filed on behalf of AME with the Michigan Employment Relations Commission ("MERC"), Case Numbers C10 F-144 and C10 C-060.

8. Pursuant to the ADR Order, the grievance was submitted to binding arbitration. On February 19, 2016, the United States District Court for the Eastern District of Michigan, in accordance with the findings of arbitrator Paul Glendon, dismissed the grievance. A true and correct copy of the District Court's judgment and the arbitrator's decision are attached hereto as Exhibit A.

9. Because the grievance was resolved in DWSD's favor through binding arbitration, Claim No. 3125 should be disallowed.

10. After the entry of the judgment on February 19, 2016, by the District Court, an administrative law judge with the State of Michigan Administrative Hearing System issued Orders on July 29, 2016, related to the Charges gave the charging party, AME, twenty-one (21) days to notify

3

the judge that it wanted to proceed with the Charges. True and correct copies of the two orders are attached hereto as Exhibit B.

11.     On August 2, 2016, Partho Ghosh, the President of AME, notified the judge that AME wished to proceed with the Charges. A true and correct copy of the August 2, 2016, correspondence from Mr. Ghosh to Judge Peltz is attached hereto as Exhibit C.

12.     The continuing litigation of the MERC Unfair Labor Practice Charges arose from the same facts and circumstances are part of AME's proof of claim filed with the bankruptcy court that was resolved by arbitration on February 19, 2016.

13.     Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim and Fed. R. Bankr. P. 3002(a) provides that a proof of claim or interest must be filed for the claim or interest to be allowed.

14.     Because the Charges are a subset of AME's Claim, and because the arbitrator ruled in favor of DWSD on AME's claim, the liability for the Charges will be disallowed as result of the disallowance of Claim 3125.

<u>OBJECTION TO CLAIM NUMBER 3206</u>

15.     On February 21, 2014, ADE timely filed its proof of claim, asserting as the basis for its claim employee compensation and benefits. **[*See* Claim Number 3206].**

4

16.     Prior to the Petition Date, ADE filed a grievance with the Michigan Bureau of Employment Relations Commission challenging DWSD's implementation of CET.

17.     Pursuant to the ADR Order, the grievance was submitted to binding arbitration. On February 19, 2016, the United States District Court for the Eastern District of Michigan, in accordance with the findings of arbitrator Paul Glendon, dismissed the grievances. *See* Exhibit A, *supra*.

18.     Because the grievance was resolved in DWSD's favor through binding arbitration, Claim No. 3206 should be disallowed.

## OBJECTION TO CLAIM NUMBER 2425

19.     On February 21, 2014, SCATA timely filed its proof of claim, asserting as the basis for its claim employee compensation and benefits. [*See* **Claim Number 2425**].

20.     Prior to the Petition Date, SCATA had filed a grievance with the Michigan Bureau of Employment Relations Commission challenging DWSD's implementation of CET.

21.     Pursuant to the ADR Order, the grievance was submitted to binding arbitration. On February 19, 2016, the United States District Court for the Eastern District of Michigan, in accordance with the findings of arbitrator Paul Glendon, dismissed the grievances. *See* Exhibit A, *supra*.

5

22. Because the grievance was resolved in DWSD's favor through binding arbitration, Claim No. 2425 should be disallowed.

**WHEREFORE** Detroit Water and Sewerage Department requests that this Court enter an Order disallowing Claim Number 3125 filed by the Association of Municipal Engineers, Claim Number 3206 filed by the Association of Detroit Engineers and Claim Number 2425 filed by the Sanitary Chemists and Technicians Association, an Order barring the Association of Municipal Engineers asserting a claim based on the outstanding charges pending before the administrative law judge and that it grant such further relief as this Court deems just and proper.

**KILPATRICK & ASSOCIATES, P.C.**

*/s/ Richardo I. Kilpatrick*
RICHARDO I. KILPATRICK (P35275)
Attorney for City of Detroit Water
      and Sewerage Department
615 Griswold, Suite 1305
Detroit, MI 48226
(313) 963-2581
ecf@kaalaw.com

Dated: September 1, 2016

6

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

In re:

CITY OF DETROIT, MICHIGAN

         Debtor.

_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

## ORDER DISALLOWING CLAIM 3125 FILED BY THE ASSOCIATION OF MUNICIPAL ENGINEERS, CLAIM 3206 FILED BY THE ASSOCIATION OF DETROIT ENGINEERS AND CLAIM 2425 FILED BY THE SANITARY CHEMISTS AND TECHNICIANS ASSOCIATION

This matter having come before the Court on the Objection of Detroit Water and Sewerage Department to Claim Number 3125 filed by the Association of Municipal Engineers, Claim Number 3206 filed by the Association of Detroit Engineers and Claim Number 2425 filed by the Sanitary Chemists and Technicians Association, due notice having been provided and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that Claim Number 3125 together with related Unfair Labor Practice Charges that should have been included in the Claim filed by the Association of Municipal Engineers, Claim Number 3206 filed by the Association of Detroit Engineers and Claim Number 2425 filed by the Sanitary Chemists and Technicians Association are disallowed.

7

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HAYES,

    Plaintiff,

v.

CITY OF DETROIT WATER &
SEWERAGE DEPARTMENT,

    Defendant.

Case No. 14-14622
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

---

## JUDGMENT

In accordance with the Court's Order dated February 19, 2016, the Court hereby

DISMISSES WITHOUT PREJUDICE the claims remaining in this case following this

Court's November 25, 2015 opinion. The case is DISMISSED.


s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: February 19, 2016


CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys
and/or parties of record by electronic means or U.S. Mail on February 19, 2016.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

# ARBITRATION

DETROIT WATER AND
SEWERAGE DEPARTMENT

    -and-

ASSOCIATION OF DETROIT
ENGINEERS (ADE), ASSOCIATION
OF MUNICIPAL ENGINEERS (AME),
SANITARY CHEMISTS AND
TECHNICIANS ASSOCIATION (SCATA)

Consolidated FMCS
Cases No. 15-00471,
15-00488 and 15-00492

---

## SUBJECT

Arbitrability of grievances challenging imposition of City Employment Terms.

## ISSUE

Are the Unions' grievances challenging DWSD's imposition of City Employment Terms upon their members in October 2012 arbitrable?

## CHRONOLOGY

Grievances submitted: October 24 and November 9, 2012
Stipulated facts, exhibits and briefs received: November 24, 2015
Decision issued: January 27, 2016

## APPEARANCES

For the Employer: Steven H. Schwartz, Attorney
For the Unions: John R. Runyan, Attorney

## SUMMARY OF FINDINGS

The grievances are not arbitrable, because the Master Agreements from which the arbitrator derives his authority limit it to "interpretation, application or enforcement of [their] provisions" and the issue the grievances present is whether it was *unlawful* for DWSD to impose City Employment Terms in these bargaining units, which is not a matter that can be decided in this forum.

**EVIDENCE AND ARGUMENT**

The Unions involved in this matter are three among more than twenty representing different groups of employees of the Detroit Water and Sewerage Department (DWSD), a "unitary department" of the City of Detroit that is funded (per City Charter) not by the City's general fund but by fees for services paid by Detroit residents and businesses and other municipalities that purchase them. The last Master Agreements between the City and these Unions were for original terms of 2001-2005 (ADE and AME) and 2005-2008 (SCATA), but they continued to govern the parties' relationships and terms and conditions of bargaining unit members' employment, pending negotiation of successor agreements, until the complicated series of events that led to this arbitration.

As a result of decades-long litigation related to DWSD violation of the federal Clean Water Act, the Department operated under supervision of the U. S. District Court, first for many years by Judge John Feikens, then, during times relevant to this matter, Judge Sean Cox. On November 4, 2011, Judge Cox issued an order imposing certain "labor terms" on DWSD and the various unions representing its employees to provide operational relief from "certain CBA provisions and work rules [that] have limited DWSD from maintaining long-term environmental compliance." Judge Cox's order kept all current (or, in these cases, rather ancient but still effective) CBAs covering DWSD employee in place but it struck and enjoined any of their provisions and work rules "that threaten short-term compliance," ordered DWSD thenceforth to "negotiate and sign its own CBAs that cover only DWSD employees," and prohibited "future DWSD CBAs from containing certain provisions that threaten long-term compliance." It also contained thirteen specific orders, the last of which was this:

> The Court enjoins the Wayne County Circuit Court and the Michigan Employment Relations Commission from exercising jurisdiction over disputes arising from the changes ordered by this Court. The Court also enjoins the unions from filing any grievances, unfair labor practices, or arbitration demands over disputes arising from the changes ordered by this Court.

Confusion and disagreement ensued about the scope of such injunctions after the City and Michigan Treasury Department entered into a Financial Stability Agreement based on recommendations from a review team appointed by the governor under authority of the

Local Government and School District Fiscal Accountability Act (Public Act 4, 2011, MCL 141.1501). Pursuant to that Agreement and failure to negotiate or impose new labor agreements with unions that had expired contracts by July 16, 2012, the City adopted new "City Employment Terms for All Non-Uniform Employees" (CET), which included major economic downgrades including 10% wage reduction, elimination of merit and step increases, and health care plan design changes.

Before the City imposed the CET on any employee group, the Board of Water Commissions (BOWC) passed certain resolutions on June 27, 2012, including this one that in effect prospectively adopted the CET for the Unions involved in this arbitration:

> . . . the Board of Water Commissioners acknowledges that for any union whose contract has expired without having a new ratified collective bargaining agreement, that union's terms and conditions of employment shall be deemed to include all terms and conditions of employment imposed by the City of Detroit pursuant to applicable laws and the Financial Stability Agreement including Annex D [addressing the CET] and with the addition of terms required and/or prohibited by the November 4, 2011 order of the Honorable Sean F. Cox until such time as either (1) a new Collective Bargaining Agreement is ratified for that union or (2) DWSD reaches impasse and imposes its own terms and conditions of employment upon that union.

In July the City imposed the CET on non-DWSD bargaining units, but despite the BOWC resolution prospectively adopting them for the DWSD, it did not impose them on DWSD units due to uncertainty about whether such action would violate Judge Cox's labor terms injunction. Judge Cox eliminated that uncertainty in a lengthy opinion and order issued on October 5, 2012 that included this declaration: the Court "DECLARES that the BOWC's June 26 [sic], 2012 Resolution is in accordance with this Court's November 4th Order and shall be effective and controlling until this Court orders otherwise." The City then imposed the CET on the DWSD unions still without new settled CBAs, including these three, which filed grievances challenging that action.

Judge Cox further clarified his October 5 declaration in an Opinion and Order issued on December 4, 2012. By then there had been other complicating legal developments: most significantly a referendum to repeal Public Act 4 had been certified for inclusion on the November 2012 general election ballot by the Board of State Canvassers on August 8, 2012, pursuant to an August 3, 2012 order by the Michigan Supreme Court. That suspended Public Act 4 pending the result of the referendum, and voters approved its repeal on November 6. Judge Cox took note of those developments in his December 4 order

3

clarifying his October 5 declaration that the BOWC resolution for prospective CET implementation was "in accordance with" his November 2011 order and "effective and controlling until this Court orders otherwise," as follows:

> In so declaring, this Court's intent was to confirm that this Court's November 4, 2011, Order does not stand as an obstacle to the DWSD implementing the CETs for DWSD employees — if permitted to do so under otherwise applicable law. The Court's intent was to confirm that if the City of Detroit may impose the CETs on unions with CBAs with the City, pursuant to Public Act 4, the City's Financial Stability Agreement with the State of Michigan, or some other authority, then the DWSD is not prohibited from doing so by virtue of this Court's November 4, 2011 Order. In other words, the Court's intent was to rule that, with respect to the ability to impose CETs, the DWSD-specific unions stand in the same shoes as other unions that have CBAs with the City of Detroit. At the time that the Court issued its October 5, 2012, Opinion and Order, there appeared to be no dispute that the City could impose its CETs.
>
> After this Court's October 5, 2012 Opinion & Order was issued, however, Public Act 4 was repealed by voter referendum. As the RCC notes in its Plan of Clarification, "the repeal of Public Act 4 and some Charter amendments in the City of Detroit lead to some uncertainty over the future of the City's financial stability agreement and the potential impacts on imposed terms and conditions of employment that may take substantial time to resolve."
>
> This Court believes that it is now appropriate to clarify its ruling and shall declare that this Court's November 4, 2011 Order does not stand as an obstacle to the DWSD implementing the CETs for DWSD employees — if permitted to do so under otherwise applicable law. As to this issue, the DWSD-unions stand in the same shoes as other unions with CBAs with the City of Detroit.

Also in December 2012, the legislature enacted Public Act 436, the Local Financial Stability and Choice Act, effective in March 2013. It created a new statutory structure for municipal financial emergency management and provided that actions of the state treasurer, governor and review teams taken under PA 4 were effective under the new statute and "need not be reenacted or reaffirmed in any manner to be effective under this act."

The Unions' challenge to CET imposition in October 2012 was that such action was taken without legal authority. That was explicit in SCATA's grievance, which said "The imposition is unlawful, since there was no impasse in negotiations." The AME grievance made the same point, albeit somewhat differently, claiming DWSD violated the Master Agreement "by unilaterally implementing changes in [its] terms and conditions . . . pursuant to City Employment Terms promulgated by the City . . . pursuant to PA 4 [and] this unilateral action is not excused by the provisions of [PA 4] or other state or federal laws." For some reason the ADE grievance only addressed a single issue, cancellation of election day as a holiday, but that action was part of CET imposition and when the cases were

4

consolidated for arbitration that complaint became part of the broader argument that the wholesale reduction of benefits embodied in the CET was unlawful.

The Unions filed separate requests for FMCS arbitration panels for their grievances, which DWSD opposed, but after lengthy back-and-forth among the parties and FMCS, the parties agreed to consolidate the three grievances for decision by one arbitrator, but with DWSD reserving the right to contest arbitrability "either in court or before the arbitrator." It has done the latter, arguing the grievances are not arbitrable because the arbitrator lacks authority to rule on the issues they present, which are entirely *legal,* not contractual, in nature and thus should be adjudicated by MERC or a court. It bases this argument on these identical provisions in all the Master Agreements:

> The arbitrator shall limit his/her decision strictly to the interpretation, application or enforcement of the provisions of this Agreement and shall be without power and authority to make any decision:
> a.  Contrary to, or inconsistent with or modifying in any way, the terms of this Agreement [or doing several other things, none involved in this case] . . .
>
> In the event a case is appealed to an arbitrator and he/she finds that he/she has no power or authority to rule on such case, the matter shall be referred back to the parties without decision or recommendation on the merits of the case.

The Unions' opposition to DWSD's challenge to arbitrability is three-fold, but ignores the contractual crux of that challenge in these Master Agreement provisions. First, they argue there is no basis for such a challenge in Judge Cox's various orders. Second, they argue there is no support for it in 2012 PA 436, because it was not intended to and could not retroactively validate actions purportedly taken pursuant to PA 4 *after that statute had been suspended* pending the November 2012 election. Third, they argue the right to arbitrate grievances under the Master Agreements was not eliminated by termination of those agreements upon CET imposition. The Union also presented thorough, erudite arguments about why such imposition was unlawful, and DWSD counter-argued that even though there should be no ruling on that issue, it *was* lawful under the Financial Stability Agreement and Public Acts 4 (2011) and 436 (2012). It is not necessary to further describe or analyze the parties' arguments on the merits, however, for the following reasons.

5

## DISCUSSION AND FINDINGS

As noted earlier, Judge Cox eventually clarified that his labor orders were not meant to preclude adjudication of *other* labor matters in other forums, including arbitration. He clarified that point again in a Final Stipulated Order Regarding Labor Matters issued on December 14, 2015, after that case finally was closed in other respects, as follows: "the injunction previously issued is modified to return jurisdiction to Wayne County Circuit Court, MERC and grievance arbitrators for those claims challenging DWSD actions which were neither ordered nor specifically permitted by Labor Orders." Judge Cox's orders did not endow this arbitrator with jurisdiction or authority beyond that conferred upon him by the CBAs that are the sole source of his authority, however, so DWSD's focus on the power and authority of arbitrators under the three Master Agreements involved in this arbitration is entirely appropriate.

Its reading of the limits of that authority also is entirely correct. The Agreements say "the arbitrator shall limit his/her decision strictly to the interpretation, application or enforcement of the provisions of this Agreement," has no power or authority to make any decision contrary to its terms, and shall refer back to the parties any case on which he finds has "no power or authority to rule." Only by disregarding and acting in contravention of that limitation could I decide anything other than a dispute about the meaning and application of *the provisions of the Master Agreement*.

The Unions argue these grievances *are* about interpretation, application or enforcement of contract provisions, in that since CET imposition the DWSD has violated scores of such provisions that were eliminated or modified to employees' disadvantage by the CET. Even approaching it that way does not make this a case of contract interpretation or application, however, because there is no dispute about the *meaning* of any provision of any of the Master Agreements, and whether or not all of their provisions should continue to *apply* to bargaining unit employees is a legal, not contractual, issue. DWSD unilaterally ceased compliance with many aspects of the Master Agreements when it imposed the CET. That is not in dispute, but it would be a pointless exercise for the arbitrator to rule that such action violated each of the affected provisions, because the real issue presented,

6

as stated explicitly in the SCATA grievance and only slightly less explicitly in the AME grievance, is whether imposition of the CET that replaced or significantly modified such contract provisions was *unlawful*.

That simply is not an issue the arbitrator has *contractual* power and authority to decide, so the grievances must be and hereby are referred back to the parties without decision or recommendation on their merits.

Paul Glendon, Arbitrator
January 27, 2016

# EXHIBIT B

| | |
|---|---|
| **IN THE MATTER OF:** | **Docket No.: 10-000075-MERC** |
| **Detroit, City of,** **Respondent** | **Case No.: C10 F-144** |
| **v** | **Agency: Michigan Employment Relations Commission** |
| **Association of Municipal Engineers,** **Charging Party** | **Case Type: MERC Unfair Labor Practice** |

## ORDER REGARDING INACTIVE CASE FILE

TO: Association of Municipal Engineers

Our records indicate that this case has been in inactive status for some time. As Charging Party, if you wish to proceed with this matter, please notify the Administrative Law Judge in writing within twenty-one (21) days. If you want the matter to remain in inactive status, you must provide a specific reason in writing and contact the other side and indicate whether or not they agree with your request.

If our office does not receive a written response by August 19, 2016, an Order closing the case will be issued.

DATED: 7/29/2016

*David H. Peltz*

David M. Peltz
**ADMINISTRATIVE LAW JUDGE**
Direct correspondence to the ALJ at:
Michigan Administrative Hearing System
3026 W. Grand Boulevard
2nd Floor Annex, Suite 2-700
Detroit, Michigan 48202
Phone: 313.456.2713
FAX: 313.456.3681

COPY TO:
Partho Ghosh
John R. Runyan
Lamont Satchel
Steven Schwartz

10-000075

**STATE OF MICHIGAN**
**MICHIGAN ADMINISTRATIVE HEARING SYSTEM**

| | |
|---|---|
| IN THE MATTER OF: | Docket No.: 10-000074-MERC |
| Detroit, City of,<br>　　　　Respondent | Case No.: C10 C-060 |
| v | Agency: Michigan Employment<br>Relations Commission |
| Association of Municipal Engineers,<br>　　　　Charging Party | Case Type: MERC Unfair Labor<br>Practice |

## ORDER REGARDING INACTIVE CASE FILE

TO: Association of Municipal Engineers

Our records indicate that this case has been in inactive status for some time. As Charging Party, if you wish to proceed with this matter, please notify the Administrative Law Judge in writing within twenty-one (21) days. If you want the matter to remain in inactive status, you must provide a specific reason in writing and contact the other side and indicate whether or not they agree with your request.

If our office does not receive a written response by August 19, 2016, an Order closing the case will be issued.

DATED: 7/29/2016

*David M. Peltz*
_____
　　　　　　　　　　　　　David M. Peltz
　　　　　　　**ADMINISTRATIVE LAW JUDGE**
　　　　　　Direct correspondence to the ALJ at:
　　　　Michigan Administrative Hearing System
　　　　　　　3026 W. Grand Boulevard
　　　　　2nd Floor Annex, Suite 2-700
　　　　　　　Detroit, Michigan 48202
　　　　　　　Phone: 313.456.2713
　　　　　　　FAX: 313.456.3681

COPY TO:
　John R. Runyan
　Lamont Satchel
　Steven Schwartz
　Partho Ghosh

10-000074

# EXHIBIT C

August 2, 2016

Honorable David M. Peltz
Administrative Law Judge
Michigan Administrative Hearing System
Michigan Employment Relations Commission (MERC)
3026 W. Grand Blvd., Suite 2-700
Detroit, MI 48202

RE:     Case No.: C10 F-144
        Case No.: C10 C-060

Dear Judge Peltz:

Association of Municipal Engineers (AME) has received the subject documents (attached). Please be advised that AME wish to proceed with both the subject matters.

Sincerely,

Partho Ghosh, MS, PE
President
Association of Municipal Engineers (AME)
WWTP, NAB, Room # 420
9300 W. Jefferson
Detroit, MI 48209

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

In re:

CITY OF DETROIT, MICHIGAN

Debtor.

_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

## CORRECTED NOTICE OF DETROIT WATER AND SEWERAGE DEPARTMENT'S OBJECTIONS TO CLAIM 3125 FILED BY THE ASSOCIATION OF MUNICIPAL ENGINEERS, CLAIM 3206 FILED BY THE ASSOCIATION OF DETROIT ENGINEERS AND CLAIM 2425 FILED BY THE SANITARY CHEMISTS AND TECHNICIANS ASSOCIATION

**PLEASE TAKE NOTICE THAT** the City of Detroit Water and Sewerage Department, by and through its undersigned counsel, has filed Objections to Claim Number 3125 filed by the Association of Municipal Engineers ("AME"), Claim Number 3206 filed by the Association of Detroit Engineers ("ADE") and Claim Number 2425 filed by the Sanitary Chemists and Technicians Association ("SCATA") and asks the Court to disallow these Claims.

<u>**Your rights may be affected.**</u>  **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you have any objections to the relief sought in the Motion, within thirty (30) days, or on or before October 12, 2016 you or your attorney must:

1.      File with the Court a written response or an answer, explaining your position at:[1]    United States Bankruptcy Court, 211 W. Fort Street, Detroit, Michigan 48226.

---

[1] Response or answer must comply with Fed. R. Civ. P. 8(b), (c) and (e).

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above. You must also mail a copy to:

Richardo I. Kilpatrick, Attorney for Detroit Water and Sewerage Department, Kilpatrick & Associates P.C., 615 Griswold, Suite 1305, Detroit, Michigan 48226

United States Trustee, 211 W. Fort Street, Suite 700, Detroit, Michigan 48226

If you have any objections to the relief sought in the Motion, within thirty (30) days, or on or before October 12, 2016, you or your attorney must:

1.     File with the Court a written response or an answer, explaining your position at:[2] United States Bankruptcy Court, 211 W. Fort Street, Detroit, Michigan 48226.

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above. You must also mail a copy to:

Richardo I. Kilpatrick, Attorney for Detroit Water and Sewerage Department, Kilpatrick & Associates P.C., 615 Griswold, Suite 1305, Detroit, Michigan 48226

2.     <u>Attend the hearing on the Objection</u>, scheduled to be held on October 19, 2016, at 1:30 p.m. in Courtroom 1925 located on the 19th Floor of United States Bankruptcy Court, 211 West Fort St. Detroit, MI 48226, unless your attendance is excused by mutual agreement between yourself and the objector's attorney. (Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received. A pre-trial scheduling order may be issued as a result of the pre-trial conference.)

---

[2] Response or answer must comply with Fed. R. Civ. P. 8(b), (c) and (e).

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

Respectfully submitted;

KILPATRICK & ASSOCIATES, P.C.

*/s/ Richardo I. Kilpatrick*
RICHARDO I. KILPATRICK (P35275)
JAMES M. McARDLE (ARDC 6203305)
Attorneys for Detroit Water and Sewerage
        Department
615 Griswold, Suite 1305,
Detroit, Michigan 48226

Dated: September 12, 2016
(313) 963-2581
ecf@kaalaw.com

10

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

CITY OF DETROIT, MICHIGAN

           Debtor.

_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

## CORRECTED PROOF OF SERVICE

**Karen O'Nail** states that on this 12th day of September 2016 she served a copy of the DETROIT WATER AND SEWERAGE DEPARTMENT'S OBJECTIONS TO CLAIM 3125 FILED BY THE ASSOCIATION OF MUNICIPAL ENGINEERS, CLAIM 3206 FILED BY THE ASSOCIATION OF DETROIT ENGINEERS AND CLAIM 2425 FILED BY THE SANITARY CHEMISTS AND TECHNICIANS ASSOCIATION and this PROOF OF SERVICE upon the following parties with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Richardo I. Kilptrick        ecf@kaalaw.com

Office of the U.S. Trustee       via ecf email

And by depositing same in a United States postal box located in Detroit, Michigan, with the lawful amount of postage affixed thereto and addressed to:

Association of Municipal Engineers
Detroit Water & Sewerage Department,
New Administration Building, Room 420
9300 West Jefferson
Detroit, Michigan 48209
Attn: Partho Ghosh

John Runyan
Sachs, Waldman, P.C.
2211 East Jefferson, Suite 200
Detroit, Michigan 48207

11

Sanitary Chemists and Technicians
Association
P.O. Box 530353
Livonia, Michigan 48153
Attn: Saullius Simoliunas

Association of Detroit
Engineers
P.O. Box 2241
Detroit, Michigan 48321
Attn: Sanjay Patel

*/s/Karen O'Nail*
**Karen O'Nail,** an employee of
KILPATRICK & ASSOCIATES, P.C.
Attorneys for Detroit Water and Sewerage Department
615 Griswold, Suite 1305
Detroit, Michigan 48226
(313) 963-2581
ecf@kaalaw.com

Dated: September 12, 2016

12