# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST NAJIB HODGE

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof Against Najib Hodge ("Motion"). In support of this Motion, the City respectfully states as follows:

## I.     Introduction

1.     Despite having not filed a proof of claim in the City's bankruptcy case, Plaintiff Najib Hodge ("Plaintiff") continues to prosecute his state court lawsuit seeking monetary damages on account of a pre-petition claim against the

27388539.1\022765-00213

City.[1]  In accordance with the Bar Date Order, the City seeks an order barring and permanently enjoining Plaintiff from asserting his claim against the City or property of the City, and requiring that Plaintiff dismiss the City with prejudice from the state court lawsuit.

## II.     Factual Background

### A.     The Bar Date Order

2.     On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3.     On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (Doc. No. 1782) ("Bar Date Order").

4.     The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City.  Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

---

[1] Najib Hodge filed one Proof of Claim in the City's bankruptcy case (Claim No. 3050) related to a separate pre-petition motor vehicle accident.  Najib Hodge did not file a proof of claim related to litigation at issue in this Motion.

27388539.1\022765-00213

5. Paragraph 22 of the Bar Date Order also provided that:

Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

6. The Bar Date Order also approved the form and manner of notice of the Bar Dates. *See e.g.* Bar Date Order ¶¶ 3, 23-26. In accordance with the Bar Date Order, notice of the General Bar Date was published in several newspapers. (Doc. Nos. 3007, 3008, 3009). Najib Hodge was also served with Information on Filing a Proof of Claim and with a Proof of Claim Form by the City's Claims and Noticing Agent, Kurtzman Carson Consultants, LLC, via first class mail, on November 29, 2013. *See* Certificate of Service, Doc. No. 2337-4, page 30 of 134.

27388539.1\022765-00213

7.     The Bar Date Order also provided that this Court retained "jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order."  Bar Date Order ¶ 29.

**B.     Plaintiff's State Court Action**

8.     On December 12, 2012, Najib Hodge filed a complaint against the City of Detroit, in the Circuit Court for the County of Wayne, case number 12-015563-NI ("Complaint").  The Complaint is attached as Exhibit 6.  In violation of the automatic stay, Plaintiff continues to prosecute his state court lawsuit.

9.     Plaintiff alleges that on or about August 17, 2012, he was riding in a City of Detroit bus when he sustained accidental personal injury.  Complaint ¶ 4.  Plaintiff did not file a proof of claim related to this claim in the City's bankruptcy case.

**III.     Argument**

10.     Pursuant to the Bar Date Order, Plaintiff is "forever barred, estopped and enjoined from…asserting any claim against the City or property of the City."  Bar Date Order ¶ 22.  Through his state court lawsuit, however, Plaintiff is asserting a claim against the City.  As Plaintiff's actions violate the Bar Date Order, his claim against the City must be dismissed with prejudice.

- 4 -

## IV.   Conclusion

11.   The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing Plaintiff to dismiss, or cause to be dismissed, the City with prejudice from the state court lawsuit; (b) permanently barring, estopping and enjoining Plaintiff from asserting the claim alleged in, or claim related to, the state court lawsuit against the City or property of the City; and (c) prohibiting Plaintiff from sharing in any distribution in this bankruptcy case.  The City sought, but did not obtain, concurrence to the relief requested in the Motion.

Dated: September 20, 2016

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

- and -

CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
James Noseda (P52563)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## EXHIBIT LIST

Exhibit 1          Proposed Order

Exhibit 2          Notice of Opportunity to Object

Exhibit 3          None

Exhibit 4          Certificate of Service

Exhibit 5          None

Exhibit 6          Complaint

27388539.1\022765-00213

**EXHIBIT 1 – PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER GRANTING CITY OF DETROIT'S MOTION TO
ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF
THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND
3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM
AND APPROVING FORM AND MANNER OF NOTICE THEREOF
AGAINST NAJIB HODGE**

This matter, having come before the Court on the Motion to Enforce Order,
Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy
Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and
Approving Form and Manner of Notice Thereof Against Najib Hodge ("<u>Motion</u>"),[1]
upon proper notice and a hearing, the Court being fully advised in the premises,
and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.    The Motion is granted.

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Motion.

2.      Within five days of the entry of this Order Najib Hodge shall dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Najib Hodge, Plaintiff, vs. John Doe and City of Detroit Department of Transportation*, *Defendants*, filed in the Wayne County Circuit Court and assigned Case No. 12-015563-NI.

3.      Najib Hodge is permanently barred, estopped and enjoined from asserting the claim arising from or related to his state court action identified in paragraph 2 above against the City of Detroit or property of the City of Detroit.

4.      Najib Hodge is prohibited from sharing in any distribution in this bankruptcy case.

5.      The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**EXHIBIT 2 – NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST NAJIB HODGE**

The City of Detroit has filed papers with the Court requesting the Court to enforce the Order, Pursuant To Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against Najib Hodge .

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the *City Of Detroit's Motion To Enforce Order, Pursuant To Sections 105, 501, and 503 Of The Bankruptcy Code and Bankruptcy Rules 2002 and 3003(C), Establishing Bar*

*Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against Najib Hodge,* within 14 days, you or your attorney must:

1.    File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.  You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2.   If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated: September 20, 2016

## EXHIBIT 3 – NONE

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 20, 2016, he served a copy of the foregoing *CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST NAJIB HODGE* upon counsel for Najib Hodge, in the manner described below:

Via first class mail and email:

Mark J. Gaugier
Associate Attorney
The Law Offices of Joumana Kayrouz, P.L.L.C.
1000 Town Center, Suite 800
Southfield, Michigan 48075
Email: mgaugier@joumanakayrouz.com

DATED:  September 20, 2016

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

# EXHIBIT 5 – NONE

# EXHIBIT 6 – COMPLAINT

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND<br>RETURN OF SERVICE | CASE NO.<br>12-015563-NI |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-2953

**THIS CASE IS ASSIGNED TO JUDGE**    Lita Masini Popke    **Bar Number: 35686**

| Plaintiff<br><br>Hodge, Najib | v | Defendant<br><br>City of Detroit Department of Transportation |
|---|---|---|
| **Plaintiff's Attorney**<br><br>Joumana Boutros Kayrouz, P-58883<br>1000 Town Ctr Ste 780<br>Southfield, MI 48075-1223 | | **Defendant's Attorney**<br><br>RECEIVED<br>DEC 0 4 2012<br>CITY OF DETROIT<br>LAW DEPARTMENT |

| CASE FILING FEE | | JURY FEE | |
|---|---|---|---|
| [X] | Case Filing Fee - $150.00 | [X] | Jury Fee - $85.00 |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 11/26/2012 | 2/25/2013 | Deborah Bynum |

*This summons is invalid unless served on or before its expiration date.

CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X   There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

___   A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

___   There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

___   An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
| | | |

The action [ ] remains [ ] is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

_11/26/12_
Date

_____
Signature of attorney/plaintiff

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | **RETURN OF SERVICE** | CASE NO. 12-015563-NI |
|---|---|---|

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party [MCR 2.104(A)(2)], and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization not required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____

_____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of me information, knowledge and belief.

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature _____ |
|---|---|---|---|---|

Name (type or print) _____

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____

Attachments

_____ on _____
Day, date, time

on behalf of _____

Signature

MC 01 SCC (09/2008) SUMMONS AND RETURN OF SERVICE
MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

NAJIB HODGE,

    Plaintiff,

-vs-

JOHN DOE and CITY OF DETROIT DEPARTMENT
OF TRANSPORTATION,

    Defendants.

_____/

Case No. 12      NI
HON.

12-015563-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
11/26/2012 2:16:48 PM
CATHY M. GARRETT

JOUMANA B KAYROUZ P58883
DANIEL KOESTER P58605
Attorneys for Plaintiff
1000 Town Center, Suite 780
Southfield MI 48075
248-557-3645

_____/

*There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in the Complaint.*

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, Najib Hodge, by and through his attorneys, LAW
OFFICES OF JOUMANA B. KAYROUZ, by Daniel Koester, and complaining against the
above-named Defendants, respectfully represent unto this Honorable Court, as follows:

    1.     That Plaintiff, Najib Hodge, is a resident of the City of Detroit, County of
Wayne State of Michigan.

    2.     That Defendant John Doe is of unknown residence.

    3.     That Defendant, City of Detroit Department of Transportation, is in the
business of providing services to the public in the County of Wayne, State of Michigan and

whose resident agent is the City of Detroit Law Department, 660 Woodward Ave, Suite 1650, Detroit MI 48226.

## COUNT I

4.    That on or about August 17, 2012, at approximately 12:50 p.m., Defendant John Doe was operating City of Detroit Bus #29 at the intersection of Puritan and Linwood and while operating the bus in a reckless fashion, caused the back tire of the bus to run up on the curb, causing injury to the plaintiff who was a passenger on the bus.

5.    That on that date and time aforesaid, Defendants owed a duty to Plaintiff to operate their motor vehicle with reasonable care and caution under the Motor Vehicle Code of the State of Michigan, and the common law in such cases made and provided, but breached said duties in at least one or more of the following particulars, so far as it is presently known:

A.    Operated said vehicle without having it under constant control.

B.    Failed to make proper observations and failed to observe the presence of other users of the road and/or failed to take timely or proper action based on such observation as was made in order to avoid a collision, including failing to travel in the proper and posted direction of the road.

C.    Operated said vehicle in a careless and heedless manner, without due regard for the rights and safety of others, particularly the Plaintiff herein, and operated said vehicle without due care and circumspection and at a speed and in a manner so as to endanger or be likely to endanger persons and property in violation of MCLA § 257.626, et seq.

D.    Operated said vehicle in a careless and imprudent manner so as to cause a collision. MCLA § 257.402, et seq.

E.    Operated said vehicle at a careless and imprudent rate of speed greater than was reasonable and proper, without due regard to the traffic, surface and width of said highway and of other conditions then existing, and operated the aforesaid vehicle at a speed greater

than would permit it to be brought to a stop within the assured clear distance ahead, and failed to bring the vehicle to a stop within the assured clear distance ahead, in violation of MCLA § 257.627, et seq.

F.    Operated said vehicle in reckless disregard for other users on the road, including, among others, failure to maintain proper lookout for other users on the road, and failure to yield, in violation of MCLA § 257.611, et seq.

G.    Failed to obtain and maintain a policy of adequate and proper motor vehicle insurance coverage, in violation of the laws in such case made and provided, including MCLA § 500.3101, et seq.

H.    Defendant owner, City of Detroit Department of Transportation, is guilty of independent negligence to Plaintiff, by carelessly entrusting the operation of said motor vehicle, and by reason of said owner's express or implied consent or knowledge in allowing a person who was unfit to operate a vehicle on the highways of this State by reason of his inexperience and/or habitually negligent driving which was known to Defendants owner or, in the exercise of reasonable care, should have been known to Defendants owner.

I.    Others to be determined as discovery reveals.

6.  As a direct and proximate result of the negligence of Defendants, their agents, servants and/or employees either real or ostensible, as aforesaid, the Plaintiff sustained and suffered:

a.  Severe bodily injuries which were painful, disabling, and necessitated medical care.

b.  Shock and emotional damage.

c.  Possible aggravation of preexisting conditions and/or reactivation of dormant conditions.

d.  Inability to attend to usual affairs.

e.  Hamperment in the enjoyment of the normal pursuit of life, as before.

f.  Others to be determined as discovery reveals.

7. Said injuries are permanent, to the degree that Plaintiff suffered a loss in ability to earn money as before, and will have impaired earning capacity in the future.

8. Plaintiff will continue to have pain and suffering as well as permanency, all as a result of Defendants' negligence, as hereinbefore alleged.

9. As a direct and proximate result of the negligence of Defendants and the resulting injuries to Plaintiff, the Plaintiff sustained a serious impairment of a bodily function as an objectively manifested impairment of an important body function that affects the person's general ability to lead a normal life and/or a permanent, serious disfigurement.

10. That Plaintiff is also entitled to excess economic damages under MCL § 500.3135(3)(c).

11. The amount in controversy herein exceeds the sum of Twenty-five Thousand Dollars ($25,000).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court award damages in her favor and against Defendants in whatever amount Plaintiff is found to be entitled, together with interest, costs, and attorney fees.

## COUNT II

12. Plaintiff realleges and incorporates by reference all the paragraphs of Count I as more fully set forth herein.

13. Defendant, City of Detroit Department of Transportation, is in the business of providing services to the public in the County of Wayne, State of Michigan.

14. On or about August 17, 2012, Plaintiff was involved in a collision wherein Plaintiff suffered injuries.

15. On said date and at all times material herein, pursuant to MCLA § 500.3101 *et*

*seq.*, there was an insurance policy in full force and effect which provided Personal Protection Benefits to Plaintiff including, but not limited to, the following:

    a. Loss of income for the first three (3) years after the date of accident.

    b. Expenses (maximum $20 per day) reasonably incurred for necessary services in lieu of those the injured Plaintiff would have performed for the benefit of Plaintiff or Plaintiff's dependents, including replacement services.

    c. For all reasonable charges, unlimited in amount, for medical and/or rehabilitative expenses and hospital charges, including attendant care services.

    d. Reasonable and necessary travel expenses to obtain medical care or attention, including mileage reimbursement.

    e. Others to be determined as discovery reveals.

16. As a result of said automobile accident, Plaintiff incurred:

    a. Medical expenses.

    b. Hospital expenses.

    c. Lost earnings.

    d. Lost services, including attendant care and other expenses which Defendant is obligated to pay.

    e. Inability to recover part or all of the monetary damages from responsible tortfeasors, thereby requiring resort to the uninsured / underinsured motorist benefits as provided in the applicable insurance policy.

    f. Others to be determined as discovery reveals.

17. Although demand for payment of the same has been made, Defendant unreasonably and unlawfully refuses or neglects to pay Plaintiff all Personal Protection Benefits in accordance with MCLA § 500.3101 *et seq.*

18. Although reasonable proof has been supplied, Defendant have unreasonably refused to make payment in accordance with MCLA § 500.3101, *et seq.* – although more than thirty (30) days have passed since supplying Defendant with same.

19. All conditions precedent to recovery have been performed or have occurred.

20. Although requested to do so, Defendant have failed or refuses and/or neglected to pay Plaintiff's benefits provided in accordance with MCLA § 500.3101 *et seq.*, under said policy of insurance and as of this date. Defendant owes Plaintiff for:

    a.  Loss of income.

    b.  Medical and/or hospital expenses and/or medical supplies and attention.

    c.  Necessary replacement services.

    d.  Reasonable and necessary travel expenses.

    e.  Attendant care services.

    f.  Others to be determined as discovery reveals.

21. Plaintiff has suffered and continues to suffer dire and imminent financial hardship by Defendants' wrongful acts, and in this regard is without adequate remedy at law.

22. Pursuant to MCLA § 500.3142 Defendant owes Plaintiff 12% penalty interest on all overdue personal protection benefits.

23. The amount in controversy herein exceeds the sum of Twenty-five Thousand ($25,000) Dollars.

WHEREFORE, Plaintiff demands the following relief:

    a.  This Court grant a Judgment against Defendant in whatever amount Plaintiff are found to be entitled, together with interest, costs

and actual attorney fees for Defendant's unreasonable and unlawful failure to pay said No-Fault benefits.

b. The Court order the speedy hearing of this action and advance it on the calendar, as made and provided in MCR 2.605(D).

c. This Court issue an Order to Show Cause.

d. This Court grant such other and further relief as is necessary and proper in the above cause.

Respectfully submitted,

LAW OFFICES OF JOUMANA B. KAYROUZ

/s/Daniel Koester
Daniel Koester P58605
Attorney for Plaintiff

Dated: November 26, 2012

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his attorneys, Law Offices of Joumana B. Kayrouz, by Daniel Koester, hereby demands a trial by jury of the within cause.

Respectfully submitted,

Law Offices of Joumana B. Kayrouz

/s/Daniel Koester
Daniel Koester P58605
Attorney for Plaintiff

Dated: November 26, 2012