**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:  Bankruptcy Case No. 13-53846
City of Detroit, Michigan,  Honorable Thomas J. Tucker
    Debtor.  Chapter 9

_____/

**PLAINTIFF'S RESPONSE TO CITY OF DETROIT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ORDER, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS AGAINST TAMMY HOWARD AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF SHELTON BELL, JR., DECEASED**

NOW COMES Plaintiff, TAMMY HOWARD AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF SHELTON BELL, JR., DECEASED, by and through her undersigned counsel, ROMANO LAW, PLLC, and for her Response to the City of Detroit's Motion to Enforce states unto this Honorable Court as follows:

1. Denied. In further response, Plaintiff submits that, "The Eighth Amended Plan, however, specifically provides, at page 62, Section O, that "nothing in the Plan shall discharge or impair the obligations of the City as provided in the City Charter of the City or other organizational documents, resolutions, employment contracts, applicable law or other applicable agreements as of the Petition Date to indemnify, defend, reimburse, exculpate, advance fees and expenses to, or limit the liability of officers and employees of the City…." The settlement at issue in this case was against an individual police officer, not the City of Detroit. The payment from the City of Detroit was only as the result of its obligations to

LAW OFFICES
**ROMANO LAW, PLLC**
23880 Woodward Avenue • Pleasant Ridge. Michigan 48069 • (248) 750-0270

1

indemnify the officers under agreements between the officers and the City. Therefore, the plain language of the Plan obligates the City to pay the full amount of the award.

2. Admitted that the Plaintiff returned to state court seeking her case payment of $75,000.00 plus costs and fees. In further response, Plaintiff relies on the languge previously referenced in the Eighth Amended Plan. Further, at this time, the City of Detroit has paid two claims that were presviously settled under similar circumstances to the Shelton Bell matter, Shumithia Baker and David Booth.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted only that referenced Annex I was attached to the ADR Order.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Without knowledge, therefore denied.

15. Admitted.

16. Admitted only that the Confirmation Order speaks for itself.

17. Admitted.

LAW OFFICES
ROMANO LAW, PLLC
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270

18. Admitted.

19. Denied.

20. Denied.

21. Denied.

22. In response to the allegations contained in paragraph 22, Plaintiff admits that the ADR Agreement included Defendant Williams.  The relief that Plaintiff seeks is the payment of settlement in funds in full.

23. In response to the allegations contained in paragraph 23, Plaintiff is seeking payment for her claim in full.

Respectfully submitted,

*/s/ Stanley I. Okoli*
Stanley I. Okoli (P73722)
Romano Law PLLC
Attorneys for Plaintiff

Dated:  September 22, 2016

### **CERTIFICATE OF SERVICE**

I hereby certify that on September 23, I electronically filed the foregoing paper with the Court using the ECF system which will send notification of such filing to all parties of record.

*/s/ Melissa Coulter*

LAW OFFICES
**ROMANO LAW, PLLC**
23880 Woodward Avenue • Pleasant Ridge, Michigan 48069 • (248) 750-0270