UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>CITY OF DETROIT, MICHIGAN,<br><br>    Debtor. | Case No. 13-53846-tjt<br>Chapter 9<br>Hon. Thomas J. Tucker<br>(Jointly Administered) |
| CITY OF DETROIT, MICHIGAN,<br><br>    Plaintiff,<br><br>vs.<br><br>COLASANTI CORPORATION,<br><br>    Defendant. | Adv. Pro. No. 15-05199-tjt |

## COLASANTI CORPORATION'S
## RESPONSE TO DEBTOR'S STATUS REPORT

Colasanti Corporation, n/k/a The Colasanti Group, Inc. ("Colasanti"), through its attorneys, Clark Hill PLC, respectfully submits this memorandum for the Court's consideration in connection with the September 28, 2016 Status Conference.

Colasanti continues to believe that the adversary proceeding against it is without merit and that it should be dismissed without additional delay or expense. On May 17, 2016, Colasanti provided the City with its statement of position, including a detailed analysis of Colasanti's trust fund/earmarking and ordinary

course of business defenses. The City has never responded to Colasanti's statement of position or otherwise provided documents or information as directed by the Court in Paragraph G of the November 24, 2015 Order Approving Procedures for Adversary Proceedings to Avoid and Recover Preferential Transfers [Doc. #10280].

Nor does the City's Second Status Report accurately characterize Colasanti's position in its chart of "Open Preference Actions as of 9/16/16 with Defenses Asserted": in addition to a "critical vendor" and other defenses, Colasanti has asserted trust fund/earmarking and assumed contract defenses. *See* Colasanti's Affirmative Defenses 4, 7, 9 (Adv. Proc. 15-05199, Doc. # 8).

Because Colasanti believes the action against it should be dismissed without further delay or expense, and because the City has provided no response to Colasanti's detailed May 17, 2016 statement of position, Colasanti requests that the Court enter a scheduling order regarding the preference actions that (a) requires the City to consider defendants' written position statements and respond in writing to each defendant within 30 days; (b) allows any party to opt out of mediation; (c) requires the parties to provide initial disclosures as prescribed in Fed. R. Civ. P. 26(a) within 30 days; (d) permits proportionate and limited discovery[1] that will

---

[1] Colasanti suggests that for an initial period of 90 days, such discovery be limited to 15 requests for admissions, and interrogatories and document requests requiring detailed explanation and support for any denial of a request for admission.

sharpen the issues and enable the parties and, if necessary, the Court, to resolve the claims; and (e) schedules a follow-up status conference in approximately 120 days with similar reporting by the parties regarding the status of the preference actions.

WHEREFORE, Defendant Colasanti Corporation, n/k/a The Colasanti Group, Inc., respectfully requests that the Court enter a scheduling order in accordance with the above.

Respectfully submitted,

CLARK HILL PLC

By: /s/ Edward J. Hood
500 Woodward Avenue, Suite 3500
Detroit, MI 48226
313.965.8300
ehood@clarkhill.com
(P42953)
Attorneys For Defendant
Colasanti Corporation

Date: September 26, 2016