UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NAJIB HODGE'S OBJECTION AND RESPONSE TO
CITY OF DETROIT'S MOTION TO ENFORCE ORDER,
PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING
BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING
FORM AND MANNER OF NOTICE THEREOF AGAINST
NAJIB HODGE**

Najib Hodge ("Mr. Hodge") by his undersigned counsel, THE LAW OFFICES OF JOUMANA B. KAYROUZ, files this Objection and Response to City of Detroit's Motion to Enforce Order, Purusant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof against Najib Hodge. In support of this Objection and Response, Hodge respectfully responds as follows:

**I.     Introduction**

1.  Admitted that Mr. Hodge failed to file a proof of claim. However, Mr. Hodge asserts that his pre-petition claim for no-fault benefits was not barred by this failure under Paragraph 58 of the eighth-amended Plan for the Adjustment of Debts of the City of Detroit.

**II.    Factual Background**

    **A.    The Bar Date Order**

2.  Admitted.

1

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

**B.  Plaintiff's State Court Action**

8. Admitted that Mr. Hodge filed his complaint on December 12, 2012 and that provided information is the correct case information. However, Mr. Hodge has not violated the automatic stay as the only actions taken in the state court action were to file a Motion to List the Automatic Stay and contacting opposing counsel to seek a stipulated order reinstating the case.

9. Admitted.

**III.  Argument**

10. Denied. While Mr. Hodge failed to file a proof of claim prior to the Bar Date, his prepetition claim is not barred. Paragraph 58 of the Eighth-Amended Plan for the Adjustment of Debts of the City of Detroit, states:

> "58. <u>Claims Related to Operation of City Motor Vehicles.</u> From and after the Effective Date, the City shall continue to administer (either directly or through a third party administrator) and pay valid prepetition Claims for liabilities with respect to which the City is required to maintain insurance coverage pursuant to M.C.L. § 500.3101 in connection with the operation of the City's motor vehicles consistent with the terms of Section IV.S of the Plan. ***Nothing in the Plan or this Order shall discharge, release or relieve the City from any current or future liability with respect to Claims subject to insurance coverage pursuant to M.C.L. § 500.3101*** or Claims within the minimum coverage limits in M.C.L. § 500.3009(1);"(emphasis added).

2

The Eighth-Amended Plan specifically lists claims arising from the operation of City Motor Vehicles, such as a City of Detroit Bus, as City liabilities which will not be discharged by the Plan. Mr. Hodge is entitled to insurance benefits under M.C.L. § 500.3101 and his failure to adhere to the Bar Date does not discharge the City's liability to pay these benefits.

**IV.     Conclusion**

11.     Therefore, Mr. Hodge respectfully requests this Court Deny the City's Motion and allow Mr. Hodge to reinstate his State Court Action against the City of Detroit.

Respectfully Submitted,
LAW OFFICES OF JOUMANA B. KAYROUZ


/s/     Clifford Neubauer Jr.
Douglas A. Dempsey, P41532
Clifford Neubauer Jr. P70910
Attorney for Plaintiff Najib Hodge
1000 Town Center, Suite 800
Southfield, MI 48075
248-557-3645 / 248-200-0645 Fax

Dated: October 3, 2016