UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | Bankruptcy Case No. 13-53846 |
| --- | --- |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CITY OF DETROIT'S SUPPLEMENTAL REPLY TO RESPONSE OF CLAIMANTS BEATRICE MCQUEEN AND DINAH BOLTON TO THE CITY'S FORTY-FOURTH AND FORTY-SEVENTH OMNIBUS <u>OBJECTIONS TO CLAIMS</u>**

The City of Detroit ("City") hereby submits its supplemental brief as directed by this Court's Order of September 9, 2016 [Dkt No. 11536].

This matter involves proof of claim number 785 filed by Beatrice McQueen ("<u>McQueen Claim</u>"), and proof of claim number 2373 field by Dinah Bolton ("<u>Bolton Claim</u>").

The McQueen Claim asserts a claim for "vacation pay that was retrieved in payroll error" in the amount of $3,968. The City objected to the claim in its Forty-Seventh Omnibus Objection to Certain Claims [Doc. No. 11399] ("<u>Forty-Seventh Objection</u>") and Ms. McQueen responded [Doc. No. 11433] to which the City replied [Doc. No. 11492].

The Bolton Claim asserted wage and benefit reductions as a result of actions by the City, specifically, the imposition of CETs in July, 2012 by the City while it

Page 1

was operating under a Consent Agreement with the State of Michigan pursuant to Act 4. Among those actions was a ten per cent wage reduction imposed on most City employees, along with reductions in certain benefits. The City objected to the Bolton Claim in its Forty-Fourth Omnibus Objection ("Forty-Fourth Objection") [Docket No. 11162]. Ms. Bolton filed several responses [Docket nos. 11471, 11503, 11327, 10841], asserting that she was employed on a grant to the City and therefore should not have had the 2012 10% wage reduction applied to her. The City replied to Ms. Bolton's objections contending that Ms. Bolton's 2012 salary was paid from the City's General Fund and therefore subject to the reduction at issue. [Docket No. 11493].[1]

This Court held a hearing on the Forty-Fourth Objection and the Forty-Seventh Objection on August 31, 2016. Ms. McQueen and Ms. Bolton appeared at the hearing and offered additional evidence in support of their claims. Following the hearing, the Court ordered the City to file a supplemental reply to both the McQueen and Bolton claims [Docket Nos. 11536 and 11537, respectively]. At the hearing, the Court also urged the City to contact both Ms. McQueen and Ms. Bolton to attempt to resolve their claims if possible.

---

[1] The facts and the documents referenced herein were more fully set out in the cited City replies [Dkt No. 11492 and 11493].

On October 7, 2016, counsel for the City sent letters to both Ms. Bolton and Ms. McQueen. The letter to Ms. Bolton offered her an allowed Class 15 Convenience Claim. The letter explained that the City arrived at the proposed Allowed Amount by computing an amount equal to ten per cent of one year of s. Bolton's salary being earned at the time the CETs were imposed. The letter also explained that because the proposed Allowed Amount was under $25,000, the Plan provided for a cash payment equal to 25% of the proposed Allowed Amount. (Exhibit 1). The letter to Ms. McQueen also offered her an allowed Class 15 Convenience Claim, based on an Allowed Amount equal to her vacation pay claim and also explained that because the proposed Allowed Amount was under $25,000, the Plan provided for a cash payment equal to 25% of the proposed Allowed Amount. (Exhibit 2).

The letters to Ms. Bolton and Ms. McQueen were accompanied by a proposed Stipulation and Order resolving the Objection and explained that:

> If you are in agreement with the above amount, please sign the Stipulation and *have it notarized*. By signing the Stipulation, you are agreeing to the following: (1) the cash payment amount stated in this letter and in the Stipulation; (2) that the amount stated in this letter and the Stipulation fully and finally resolves your Proof of Claim, and (3) that an order may be entered by the Court approving the stipulation and full and final resolution of your claim by this amount. The proposed Order attached as Exhibit 1 to the stipulation will then be entered by the Court to resolve your Claim.

Finally, the letter advised Ms. Bolton and Ms. McQueen that, if they were in

agreement with the proposed resolution, to return the signed stipulation to counsel by Friday October 14, 2016 to be filed with the Court along with the included proposed Order.

## CONCLUSION AND RELIEF REQUESTED

In light of the foregoing, the City of Detroit respectfully requests that this Court enter an order allowing Ms. Bolton's and Ms. McQueen's proof of claims in the reduced amounts set forth in the stipulations and proposed Orders included in the attached correspondence.

                Respectfully submitted,

                By: /s/ John H. Willems (P31861)
                    Marc N. Swanson (P71149)
                    Jonathan S. Green (P33140)
                    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
                    150 West Jefferson, Suite 2500
                    Detroit, Michigan 48226
                    Telephone: (313) 496-7591
                    Facsimile: (313) 496-8451
                    green@millercanfield.com
                    swansonm@millercanfield.com
                    Attorneys the City Of Detroit

October 12, 2016

# EXHIBIT 1

Founded in 1852
by Sidney Davy Miller

JOHN H. WILLEMS
TEL (313) 496-7544
FAX (313) 496-8453
E-MAIL willems@millercanfield.com

# MILLER
# CANFIELD

Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Kalamazoo • Lansing • Troy
FLORIDA: Tampa
ILLINOIS: Chicago
NEW YORK: New York
OHIO: Cincinnati
CANADA: Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wrocław

October 7, 2016

Dinah Bolton
20230 Fenelon Street
Detroit, MI 48234

    Re:   City of Detroit Bankruptcy Case No: 13-53846
              Your Proof Of Claim No: 2373

Dear Ms. Bolton:

    As you are aware, your Proof Of Claim as indicated above is currently pending before the Bankruptcy Court.

    The salary and benefit reductions alleged in your Claim resulted from the lawful imposition of City Employment Terms ("CETs"). The City has objected to all Claims based on losses incurred as a result of CETs because the City was legally authorized to impose the CETs. The City has determined, however, that because your Claim is based on a reduction in a grant-funded salary, an appropriate amount may be allowed on your Claim.

    The City's review of your Claim indicates a 10% salary reduction for one year prior to the bankruptcy, or $5,370.00. This is therefore the "allowed amount" of your Claim. Under the Plan of Adjustment, such allowed amounts are not paid out in cash, but are paid in "B Notes". The Plan of Adjustment Disclosure Statement estimates the percentage recovery in B Notes on allowed amounts under claims such as yours at 10-13%. However, because the allowed amount on your Claim is less than $25,000.00, the Plan of Adjustment treats your Claim as a "Class 15 Convenience Claim," under which the City may offer a cash payment of 25% of the allowed amount. The City therefore offers the amount of $1,343.00, which is 25% of your allowed amount, in full and final resolution of your Claim.

    This letter also includes a Stipulation for Resolution of Objection to your claim and a proposed Order to be filed with the Court (attached as Exhibit 1 to the Stipulation). If you are in agreement with the above amount, please sign the Stipulation and *have it notarized*. By signing the Stipulation, you are agreeing to the following: (1) the cash payment amount stated in this letter and in the Stipulation; (2) that the amount stated in this letter and the Stipulation fully and finally resolves your Proof of Claim, and (3) that an order may be entered by the Court

approving the stipulation and full and final resolution of your claim by this amount. The proposed Order attached as Exhibit 1 to the stipulation will then be entered by the Court to resolve your Claim.

       If you are in agreement with this resolution, please return the signed stipulation to me at the above address no later than October 14, 2016.

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By: _____
John H. Willems

JHW/rw

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>    Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## STIPULATION FOR RESOLUTION OF OBJECTION TO CLAIM NUMBER 2373 FILED BY DINAH BOLTON AND ALLOWANCE OF CLAIM NUMBER 2373 IN A REDUCED AMOUNT

Dinah Bolton("Claimant"), and the City of Detroit, Michigan ("City," and with Claimant, the "Parties"), by and through its undersigned counsel, state as follows in support of the entry of the *Order Approving Stipulation Resolving Objection to Claim Number 2373 filed by Dinah Bolton and Allowing Claim Number 2373 in a Reduced Amount* attached hereto as Exhibit 1.

1. On February 21, 2014, Claimant filed proof of claim number 2373 (the "Claim") in the amount of $49,793.19 ("Bolton Claim").

2. On May 12, 2016, the City filed its *Debtor's Forty-Fourth Omnibus Objection to Certain Claims (No Basis) (the "Objection," Doc. No. 11162).*

3. The Parties have reached a resolution regarding the Bolton Claim and the City's Objection to the Claim. The Parties agree that the Bolton Claim should be allowed in the amount of $5,370.00 as a Class 15 Convenience Claim. As provided by the terms of Class 15 of the City's confirmed *Eighth Amended Plan*

*for the Adjustment of Debts of the City of Detroit (October 22, 2014)* (Doc. No. 8045), Bolton will receive a cash payment of $1,343.00, which is 25% of the allowed amount referenced above, in full and final satisfaction of the Bolton Claim.

WHEREFORE the Parties respectfully request that the Court enter an order in the form attached as Exhibit 1, resolving the Objection as regards the Bolton Claim and allowing the Bolton Claim in a reduced amount as a Class 15 Convenience Claim.

| |
|---|
| Stipulated and agreed to on _____ \_\_\_, 2016: |
| MILLER CANFIELD PADDOCK & STONE, PLC<br><br>By: /s/ John H. Willems<br>John H. Willems (P31861)<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>Telephone: (313) 496-7544<br>Facsimile: (313) 496-8451<br>willems@millercanfield.com<br>Counsel for the City of Detroit, Michigan |
| Claimant for Claim 2373<br><br>_____<br>Dinah Bolton<br>20230 Fenelon Street<br>Detroit, MI 48234<br><br>The foregoing instrument was acknowledged before me this \_\_\_\_ day of _____, 2016, by _____, who is personally known to me or who produced a driver's license as identification.<br>Notary Stamp:           Notary's Signature: _____ |

Notary's Name:_____
Notary Public, State of _____, County of _____
My commission Expires:_____
Acting in the County of: _____

# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER APPROVING STIPULATION RESOLVING OBJECTION TO CLAIM NUMBER 2373 FILED BY DINAH BOLTON AND ALLOWING CLAIM NUMBER 2373 IN A REDUCED AMOUNT

This matter having come before the Court on the *Stipulation for Resolution of Objection to Claim Number 2373 filed by Dinah Bolton and Allowance of Claim Number 2373 in a Reduced Amount* (the "Stipulation"); the parties having stipulated to the allowance of claim number 2373 in a reduced amount and the resolution of the *Debtor's Forty-Fourth Omnibus Objection to Certain Claims (No Basis)* (the "Objection," Doc. No. 11162) as to claim number 2373; and the Court being otherwise fully informed:

**IT IS HEREBY ORDERED THAT:**

1. The Objection is resolved as to proof of claim number 2373 filed by Dinah Bolton (the "Bolton Claim").

2. The Bolton Claim is allowed as a Class 15 Convenience Claim in the amount of $5,370.00. As provided by the terms of Class 15 of the City's confirmed *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit*

*(October 22, 2014)* (Doc. No. 8045), Bolton will receive a cash payment of $1,343.00 in full and final satisfaction of the Bolton Claim.

3. The City's claims and noticing agent, Kurtzman Carson Consultants, is authorized to update the claims register to reflect the terms of this order.

# EXHIBIT 2

Founded in 1852
by Sidney Davy Miller

JOHN H. WILLEMS
TEL (313) 496-7544
FAX (313) 496-8453
E-MAIL willems@millercanfield.com

## MILLER CANFIELD

Miller, Canfield, Paddock and Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Kalamazoo • Lansing • Troy
FLORIDA: Tampa
ILLINOIS: Chicago
NEW YORK: New York
OHIO: Cincinnati
CANADA: Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wrocław

October 7, 2016

Beatrice McQueen
26533 Blumfield
Roseville, MI 48066

Re: City of Detroit Bankruptcy Case No: 13-53846
Your Proof Of Claim No: 785

Dear Ms. McQueen:

As you are aware, your Proof Of Claim as indicated above is currently pending before the Bankruptcy Court

The City's review of your Claim indicates that it is for unpaid vacation time in the amount of $3,968.00. The City has determined to resolve your claim by agreeing to treat the $3,968.00 as an "allowed amount." Under the Plan of Adjustment, such allowed amounts are not paid out in cash, but are paid in "B Notes". The Plan of Adjustment Disclosure Statement estimates the percentage recovery in B Notes on allowed amounts under claims such as yours at 10-13%. However, because the allowed amount on your Claim is less than $25,000.00, the Plan of Adjustment treats your Claim as a "Class 15 Convenience Claim," under which the City may offer a cash payment of 25% of the allowed amount. The City therefore offers the amount of $998.00, which is 25% of your allowed amount, in full and final resolution of your Claim.

This letter also includes a Stipulation For Resolution Of Objection to your claim and a proposed Order to be filed with the Court (attached as Exhibit 1 to the Stipulation). If you are in agreement with the above amount, please sign the Stipulation and *have it notarized*. By signing the Stipulation, you are agreeing to the following: (1) the cash payment amount stated in this letter and in the Stipulation; (2) that the amount stated in this letter and the Stipulation fully and finally resolves your Proof of Claim, and (3) that an order may be entered by the Court approving the stipulation and full and final resolution of your claim by this amount. The proposed Order attached as Exhibit 1 to the stipulation will then be entered by the Court to resolve your Claim.

If you are in agreement with this resolution, please return the signed stipulation to me at the above address no later than October 14, 2016.

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By: _____
    John H. Willems

JHW/rw

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>    Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## STIPULATION FOR RESOLUTION OF OBJECTION TO CLAIM NUMBER 785 FILED BY BEATRICE MCQUEEN AND ALLOWANCE OF CLAIM NUMBER 785 IN A REDUCED AMOUNT

The City of Detroit ("City") and Beatrice McQueen ("McQueen", and together with the City, the "Parties")) state as follows in support of the entry of the *Order Approving Stipulation Resolving Objection to Claim Number 785 filed by Beatrice McQueen and Allowing Claim Number 785 in a Reduced Amount* attached hereto as Exhibit 1.

1. On February 5, 2014, McQueen filed proof of claim number 785 in the amount of $3,968.00 ("McQueen Claim.").

2. The City objected to the McQueen Claim in its Forty-Seventh Omnibus Objection ("Objection").

3. The Parties have reached a resolution regarding the McQueen Claim and the Objection. The Parties agree that the McQueen Claim should be allowed in the amount of $3,968.00 as a Class 15 Convenience Claim. As provided by the terms of Class 15 of the City's confirmed *Eighth Amended Plan for the Adjustment*

*of Debts of the City of Detroit (October 22, 2014)* (Doc. No. 8045), McQueen will receive a cash payment of $992.50 in full and final satisfaction of the McQueen Claim.

WHEREFORE the Parties respectfully request that the Court enter an order in the form attached as Exhibit 1, resolving the Objection as regards the McQueen Claim and allowing the McQueen Claim in a reduced amount as a Class 15 Convenience Claim.

| Stipulated and agreed to on _____ \_\_\_, 2016: |
|---|
| MILLER CANFIELD PADDOCK & STONE, PLC<br><br>By: /s/ Marc N. Swanson<br>Marc N. Swanson (P71149)<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>Telephone: (313) 496-7591<br>Facsimile: (313) 496-8451<br>swansonm@millercanfield.com |
| Counsel for the City of Detroit, Michigan |
| Claimant for Claim 785<br><br>_____<br>Beatrice McQueen<br>26533 Blumfield<br>Roseville, MI 48066<br><br>The foregoing instrument was acknowledged before me this \_\_\_\_ day of _____, 2016, by _____, who is personally known to me or who produced a driver's license as identification.<br>Notary Stamp:         Notary's Signature: _____<br>                    Notary's Name:_____<br>                    Notary Public, State of _____, County of _____<br>                    My commission Expires:_____<br>                 Acting in the County of: _____ |

# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**ORDER APPROVING STIPULATION RESOLVING OBJECTION TO CLAIM NUMBER 785 FILED BY BEATRICE MCQUEEN AND ALLOWING CLAIM NUMBER 785 IN A REDUCED AMOUNT**

This matter having come before the Court on the *Stipulation for Resolution of Objection to Claim Number 785 filed by Beatrice McQueen and Allowance of Claim Number 785 in a Reduced Amount* (the "Stipulation"); the parties having stipulated to the allowance of claim number 785 in a reduced amount and the resolution of the *Debtor's Forty-Seventh Omnibus Objection* (the "Objection," Doc. No. 11399) as to claim number 785; and the Court being otherwise fully informed:

**IT IS HEREBY ORDERED THAT:**

1. The Objection is resolved as to proof of claim number 785 filed by *Beatrice McQueen* (the "McQueen Claim").

2. The McQueen Claim is allowed as a Class 15 Convenience Claim in the amount of $3,968.00. As provided by the terms of Class 15 of the City's confirmed *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit*

*(October 22, 2014)* (Doc. No. 8045), McQueen will receive a cash payment of $992.00 in full and final satisfaction of the McQueen Claim.

3. The City's claims and noticing agent, Kurtzman Carson Consultants, is authorized to update the claims register to reflect the terms of this order.