# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S OBJECTION TO CLAIM NUMBER 201

The City of Detroit, Michigan ("City") files its *City of Detroit's Objection to Claim Number 201* (the "Objection"). Proof of claim number 201 ("Claim 201," attached as Exhibit 6-1) is overstated because it claims post-petition interest to which the claimant is not entitled.

## BACKGROUND

1. Michael Beydoun was injured in an automobile accident which occurred on May 19, 2008. On April 26, 2011, a judgment was entered against the City in Wayne County Circuit Court case number 09-026647-NI in the amount of $2,056,998.50. Exhibit 6-1 (attached to proof of claim). This was a "third party" case brought under MCL 500.3135.

2. On June 3, 2011, the Wayne County Circuit Court further awarded $4,231.08 in costs, $25,560.00 in attorneys' fees, and $108,200.50 in interest up through June 30, 2011. Exhibit 6-1 (attached to proof of claim). This order closed the case, and the City appealed. The appeal was decided against the City well after the City had filed its bankruptcy petition.

- 1 -

3.     On December 11, 2013, Michael Beydoun and his attorney, Raymond Guzall III, filed Claim 201 in the amount of $2,334,113.50 based on the court judgment and subsequent award of fees and costs.  Claim 201, attached as Exhibit 6-1.  Beydoun calculates his claim as including post-petition interest, even though his claim is unsecured.

4.     "The general rule of actions in bankruptcy is that unsecured creditors are not entitled to postpetition interest upon their allowable claims."  *Thompson v. Ky. Lumber Co. (In re Ky. Lumber Co.)*, 860 F.2d 674, 676 (6th Cir. 1988).  Further, the City's confirmed *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)* (the "Plan," Doc. No. 8045) expressly states that there is to be no postpetition interest on unsecured claims.  Plan, Art. V.J.1.  Thus, Beydown is not entitled to post-petition interest on his unsecured claim.  Computing his claim using the formula provided by state law (M.C.L. 600.6013(8)) yields a claim as of the City's July 18, 2013, petition date of $2,293,293.06.  Calculation, Ex. 6-2; M.C.L. 600.6013, Ex. 6-3; Judgment Rates, Ex. 6-4.  Thus, Claim 201 should be reduced to $2,293,293.06.

5.     Claim 201 arises under MCL 500.3135.  Accordingly, under Article IV, Section S of the City's Plan, Claim 201 should be satisfied as follows:  $20,000 should be paid in cash, and the balance of $2,273,293.06 should be allowed as a Class 14 Other Unsecured Claim under Article II, Section B(3)(u) of the Plan.

6.    Several of Beydoun's creditors have submitted garnishments against his claim.   Thus, although the City seeks to establish the allowed amount of his claim through this objection, the City does not seek to immediately pay the cash portion of it until the competing rights of his creditors are established.

7.    Accordingly, the City asks that the Court enter the proposed order appended as Exhibit 1, reducing the amount of Claim 201.

October 13, 2016                    Respectfully submitted,

By: /s/ Marc N. Swanson
        Jonathan S. Green (P33140)
        Marc N. Swanson (P71149)
        MILLER, CANFIELD, PADDOCK AND
        STONE, P.L.C.
        150 West Jefferson, Suite 2500
        Detroit, Michigan 48226
        Telephone: (313) 496-7591
        Facsimile: (313) 496-8451
        green@millercanfield.com
        swansonm@millercanfield.com

                    and

        Charles N. Raimi (P29746)
        Deputy Corporation Counsel
        City of Detroit Law Department
        2 Woodward Avenue, Suite 500
        Coleman A. Young Municipal Center
        Detroit, Michigan  48226
        Telephone: (313) 237-0470
        Facsimile: (313) 224-5505
        raimic@detroitmi.gov

        ATTORNEYS FOR THE CITY OF DETROIT

- 3 -

# EXHIBIT LIST

Exhibit 1     Proposed Order

Exhibit 2     Notice of Objection

Exhibit 3     None

Exhibit 4     Certificate of Service

Exhibit 5     None

Exhibit 6-1  Claim 201

Exhibit 6-2  Interest Calculation

Exhibit 6-3  M.C.L. § 600.6013

Exhibit 6-4  Judgment Rates

## EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## [PROPOSED] ORDER SUSTAINING
## CITY OF DETROIT'S OBJECTIONS TO CLAIM NUMBER 201

This matter having come before the Court on the *City of Detroit's Objection to Claim Number 201* ("Objection"), upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.     The Objection is sustained.

2.     Proof of claim number 201 is allowed as a cash claim for $20,000 and an unsecured class 14 claim in the amount of $2,273,293.06.

3.     The City's claims agent is authorized to update the claims register in accordance with the terms of this Order.

4.     Nothing in this Order in any way restricts the City's right or ability to seek a ruling determining the rights of Michael Beydoun (current claimant under

proof of claim 201) and his garnishing creditors as to the amounts to be paid out under proof of claim number 201.

5. The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

## EXHBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF OBJECTION TO CLAIM

The City of Detroit has filed an objection to a claim in this bankruptcy case which may affect you.

**The claim may be reduced, modified, or denied.  You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to deny or change your claim, then on or before November 9, 2016, you or your attorney must:

1.   File with the court a written response to the objection, explaining your position at:

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. Attend the hearing on the objection, scheduled to be held on **November 16, 2016**, at **1:30 p.m.** in Courtroom 1925, United States Bankruptcy Court, 211 W. Fort Street, Detroit, Michigan, unless your attendance is excused by mutual agreement between yourself and the City's attorney. (Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received. A pre-trial scheduling order may be issued as a result of the pre-trial conference.)

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated: October 13, 2016

## EXHIBIT 4 – CERTIFICATE OF SERVICE

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

The undersigned hereby certifies that on October 13, 2016, he caused a copy of the *City of Detroit's Objection to Claim Number 201* to be served upon all parties registered for ECF service and by first class mail to the following parties:

Raymond Guzall III, P.C.
31555 West Fourteen Mile Road
Suite 320
Farmington Hills, MI 48334

Barry A. Seifman
Barry A. Seifman, P.C.
30445 Northwestern Hwy, #310fc
Farmington Hills, MI 48334

David W. Warren
Joelson Rosenberg, PLC
30665 Northwestern Hwy, #200
Farmington Hills, MI 48334

Michael Beydoun
6307 Heyen
Dearborn Heights, MI 48127

David B. Landry
Nancy Vayda Dembinski
Landry, Mazzeo & Dembinski PC
37000 Grand River, Ste 200
Farmington Hills, MI 48335

General Shale Brick, Inc.
c/o John Colucci
33659 Angeline
Livonia, MI 48150

Kajy Development, L.L.C.
c/o David W. Yaldo
4036 Telegraph Road, Suite 204
Bloomfield Hills, MI 48302

Dated: October 13, 2016

By: /s/ Marc N. Swanson
   Marc N. Swanson (P71149)
   150 West Jefferson, Suite 2500
   Detroit, Michigan 48226
   Telephone: (313) 496-7591
   Facsimile: (313) 496-8451
   swansonm@millercanfield.com

**EXHIBIT 6-1**

**<u>Claim 201</u>**

B10 (Official Form 10) (04/13) (Modified)

**FILED**

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9<br>PROOF OF CLAIM |
|---|---|---|

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

**2013 DEC 11 A H: 03**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

**U.S. BANKRUPTCY COURT**
**E. DIST. MICHIGAN-DETROIT**

Name of Creditor (the person or other entity to whom the debtor owes money or property):
*Michael Bey Durn & his attorney - Raymond Guzall III*

Name and address where notices should be sent:
*Raymond Guzall III P.C.*
*31555 West Fourteen Mile Rd., Suite 320*
*Farmington Hills, MI 48334*

Telephone number: *248 702-6122* email: *RAY GUZALL @ Attorney guzall.com*

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number: _____ email: _____

**1. Amount of Claim as of Date Case Filed:** $ *2,334,113.50 Through Dec. 31, 2013, and interest is still accruing*

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** *Judgment AND Court Order*
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** *Court Case # 09-026647 NI*

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$ _____

**Nature of property or right of setoff:** ☐Real Estate ☐Motor Vehicle ☐Other
Describe:

**Basis for perfection:** _____

**Value of Property:** $ _____

**Amount of Secured Claim:** $ _____

**Annual Interest Rate (when case was filed)** _____ % ☐Fixed or ☐Variable

**Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $ _____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** _____ $ _____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted".) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☒ I am the creditor. *As to attorney fees and costs*
☒ I am the creditor's authorized agent. *As to Judgment*
☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)
☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *Raymond Guzall III*
Title: *Attorney*
Company: *Raymond Guzall III P.C.*
Address and telephone number (if different from notice address above):
_____
_____

(Signature) *R* (Date) *12-9-13*

**RECEIVED**

**DEC 16 2013**

Telephone number: _____ email: _____

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

**KURTZMAN CARSON CONSULTANTS**

MICHAEL BEYDOUN,

                    Plaintiff,

v

CHARLES BENJAMIN WILLS JR.
and CITY OF DETROIT,
jointly and severally,

                    Defendants.

Beydoun, Michael v Wills, Charles
Hon. Robert J Colombo, Jr.          10/29/2009

09-026647-NI

_____/

| | |
|---|---|
| Barry A. Seifman (P20197) | Marion R. Jenkins (P26257) |
| Raymond Guzall III (P60980) | Assistant Corporation Counsel |
| SEIFMAN & GUZALL, P.C. | Attorney for Defendant City of Detroit |
| Attorney for Plaintiff | 660 Woodward Avenue, Suite 1650 |
| 30665 Northwestern Hwy. #255 | Detroit, Michigan 48226 |
| Farmington Hills, MI 48334 | (313) 237-3032 |
| (248)538-0711 | |

_____/

## ORDER OF JUDGMENT AGAINST CITY OF DETROIT
## IN FAVOR OF PLAINTIFF MICHAEL BEYDOUN

At a session of said Court, held in the City of
Detroit, County of Wayne, State of Michigan,
on _____ APR 26 2011

PRESENT: HON._____ ROBERT J. COLOMBO, JR
                    HON. ROBERT J. COLOMBO, JR.

This matter having come before the Court, and tried before a jury, and the

jury rendering a verdict on April 8, 2011, and the Court being fully advised in the

premises:

IT IS HEREBY ORDERED that judgment is entered in favor of Plaintiff in the

amount of $125,000.00 for non-economic damages from the date of Plaintiff's injury

to the date of the jury verdict and $125,000.00 for future non-economic damages,

against the Defendant, City of Detroit.

IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff in the amount of $542,405.00 from the date of Plaintiff's injury to the date of the jury verdict as economic damages against the City of Detroit, and $1,493,250.00 in future economic damages against the Defendant, the City of Detroit.

IT IS FURTHER ORDERED that the above judgment amounts against the Defendant, City of Detroit, are reduced by 10% for comparative negligence pursuant to the jury's verdict. Therefore, it is ordered that the total jury verdict amount of $2,285,655.00 is reduced by 10%, which equates to $228,565.50.

Therefore, IT IS ORDERED that the total judgment in favor of Plaintiff, Michael Beydoun, and against Defendant, the City of Detroit, is $2,056,998.50.

IT IS FURTHER ORDERED that Defendant, Charles Benjamin Wills Jr., is dismissed from the case as of April 7, 2011, as ordered by the Court, after hearing oral arguments from both attorneys in open Court.

IT IS FURTHER ORDERED that Plaintiff, Michael Beydoun, shall be awarded costs and interest as provided by law, and that case evaluation sanctions shall be awarded upon presentment of such proofs to the Court after entry of this Order of Judgment, in accord with the law. This does not close the case because costs, interest and case evaluation sanctions will remain outstanding after entry of this Order.

ROBERT J. COLOMBO, JR.

HONORABLE ROBERT J. COLOMBO, JR.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHAEL BEYDOUN,

Plaintiff,

v

Case No. 09-026647- NI

Hon. Robert J. Colombo, Jr.
Bar No. P25806

CHARLES BENJAMIN WILLS JR.
and CITY OF DETROIT,
jointly and severally,

Defendants.
_____/

Barry A. Seifman (P20197)
Raymond Guzall III (P60980)
SEIFMAN & GUZALL, P.C.
Attorney for Plaintiff
30665 Northwestern Hwy. #255
Farmington Hills, MI 48334
(248)538-0711

Marion R. Jenkins (P26257)
Assistant Corporation Counsel
Attorney for Defendant City of Detroit
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3032

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR COSTS, ATTORNEY FEES AND STATUTORY INTEREST

At a session of said Court, held in the City of
Detroit, County of Wayne, State of Michigan,
on _____ JUN - 3 2011

PRESENT: HON._____ ROBERT J. COLOMBO, JR.
HON. ROBERT J. COLOMBO, JR.


This parties having appeared before the Court through their counsel upon
Plaintiff's Motion for Costs and Attorney Fees Pursuant to Case Evaluation
Sanctions under MCR 2.403 and other applicable law and for statutory interest,
arguments having been heard and the Court being otherwise advised in the
premises:

IT IS HEREBY ORDERED that costs are awarded to Plaintiff in the amount

of $ _4,231.08_ , up to the date of this Order.

IT IS FURTHER ORDERED that attorney fees are awarded to Plaintiff's attorneys in the amount of $ _$25,650.00_ for the reasons stated on the record.

IT IS ALSO FURTHER ORDERED that statutory interest is awarded in the amount of $ _108,200.25_ up to the date of June _30_, 2011, and that statutory interest will continue to accrue according to law until the judgment and all outstanding monies owed are paid in full by Defendant City of Detroit.

*IT IS FURTHER ordered THAT DEFENDANTS MOTION FOR New TRIAL IS DENIED. This ORDER closes The CASE.*

ROBERT J. COLOMBO, JR.
_____
HONORABLE ROBERT J. COLOMBO, JR.

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK
BY_____

*Raymond Guzall III*

*Marion R. Jenkins*
_____
MARION R. JENKINS

## INTEREST UPON JUDGEMENT, FEES AND COSTS
## BEYDOUN V CITY OF DETROIT 09-026647-NI

$2,056,998.50 Judgment on April 26, 2011

Interest upon the Judgment through June 30, 2011 = $108,200.25

Attorney fee ordered on June 3, 2011 = $25,650.00

Costs ordered on June 3, 2011 = $4,231.08

October 29, 2009 date of complaint filed

---

**JUDGMENT INTEREST**

July 1, 2011 – 3.007%
($2,056,998.50 + interest through June 30, 2011 $108,200.25 = $2,184,600.00  x
.03007 = $65,690.92 / 365 days = $179.97 per day)

184 days x $179.97 per day = $33,115.42

$2,184,600.00 +  $33,115.42 = $2,217,715.40

$2,217,715.40 = amount owed on judgment up to December 31, 2011.

January 1, 2012 - 2.083%
($2,217,715.40 x .02083 = $46,195.01 / 366 days = $126.21 per day)

181 days x $126.21 per day = $22,844.01 (interest from 1-1-12 to 6-30-12)

July 1, 2012 - 1.871%
($2,217,715.40 x .01871 = $41,493.45 / 366 days = $113.37 per day)

185 days x $113.37 per day = $20,973.45 (interest from 7-1-12 to 12-31-12)

compounding $22,844.01 + $20,973.45 = $43,817.46

$2,217,715.40 + $43,817.46 = $2,261,532.80 amount owed on judgment up to
December 31, 2012.

January 1, 2013 - 1.687%
($2,261,532.80 x .01687 = $38,152.05 / 365 = $104.52 per day).

181 days x $104.52 per day = $18,918.12 (interest from 1-1-13 to 6-30-13)

July 1, 2013 - 1.944%
($2,261,532.80 x .01944 = $43,964.19 / 365 = $120.44 per day).

184 days x $120.44 per day = $22,160.96 (interest from 7-1-13 to 12-31-13)

compounding $18,918.12 + $22,160.96 = $41,079.08

$2,261,532.80 + $41,079.08 = **$2,302,611.80** (Total Judgment and interest upon judgment through December 31, 2013).

## INTEREST ON ATTORNEY FEES

$25,650.00

July 1, 2011 – 3.007%
($25,650.00 x .03007 = $771.29 / 365 days = $2.113 per day)

184 days x $2.113 per day = $388.81

January 1, 2012 - 2.083%
($25,650.00 x .02083 = $551.99 / 366 days = $1.508 per day)

181 days x $1.508 per day = $272.97 (interest from 1-1-12 to 6-30-12)

compound $388.81 + $272.97 = $661.78

$25,650.00 + $661.78 = **$26,311.78**

July 1, 2012 - 1.871%
(**$26,311.78** x .01871 = $492.29 / 366 days = $1.345 per day)

185 days x $1.345 per day = $248.83 (interest from 7-1-12 to 12-31-12)

January 1, 2013 - 1.687%
(**$26,311.78** x .01687 = $443.87 / 365 = $1.216 per day).

181 days x $1.216 per day = $220.11 (interest from 1-1-13 to 6-30-13)

compound $248.83 + $220.11 = $468.94

July 1, 2013 - 1.944%
(**$26,780.07** x .01944 = $520.61 / 365 = $1.426 per day).

184 days x $1.426 per day = $262.44 (interest from 7-1-13 to 12-31-13)

$26,780.07 + $262.44 = **$27,042.51** (Total attorney fees and interest upon attorney fees through December 31, 2013).

## INTEREST ON COSTS

$4,231.08

July 1, 2011 – 3.007%
($4,231.08 x .03007 = $127.22 / 365 days = $.348 per day)

184 days x $.348 per day = $64.13

January 1, 2012 - 2.083%
($4,231.08 x .02083 = $88.13 / 366 days = $.24 per day)

181 days x $.24 per day = $43.44 (interest from 1-1-12 to 6-30-12)

compound   $64.13 + $43.44 = $107.57

$4,231.08 + $107.57 = **$4,338.65**

July 1, 2012 - 1.871%
(**$4,338.65** x .01871 = $81.17 / 366 days = $.22 per day)

185 days x $.22 per day = $41.03 (interest from 7-1-12 to 12-31-12)

January 1, 2013 - 1.687%
(**$4,338.65** x .01687 = $73.19 / 365 = $.20 per day).

181 days x $.20 per day = $36.29 (interest from 1-1-13 to 6-30-13)

compound $41.03 + $36.29 = $77.32


July 1, 2013 - 1.944%
($4415.97 x .01944 = $85.84 / 365 = $.235 per day).

184 days x $.235 per day = $43.27 (interest from 7-1-13 to 12-31-13)

$4,415.97 + $43.27 = **$4,459.24** (Total costs and interest upon costs through December 31, 2013).

$2,302,611.80 + $27,042.51 + $4,459.24 = ***$2,334,113.50*** total owed through 12-31-13

**EXHIBIT 6-2**

**<u>Interest Calculation</u>**

## Beydoun claim and interest calculation

| | |
|---|---:|
| Award | $2,056,998.50 |
| Costs | $4,231.08 |
| Fees | $25,650.00 |
| Interest (thru 6/30/11) | $108,200.50 |

| Rate Date | Claim Face Value | Interest Rate | Per Day | Days | Interest |
|---|---:|---:|---:|---:|---:|
| 7/1/2011 | $2,195,080.08 | 3.007% | $180.84 | 184 | $33,274.29 |
| 1/1/2012 | | 2.083% | $125.27 | 182 | $22,799.12 |
| 7/1/2012 | $2,251,153.49 | 1.871% | $115.39 | 184 | $21,232.63 |
| 1/1/2013 | | 1.687% | $104.05 | 181 | $18,832.41 |
| 7/1/2013 | $2,291,218.53 | 1.944% | $122.03 | 17 | $2,074.53 |
| 7/18/2013 | **$2,293,293.06** | | | | |

**Claim = $2,293,293.06 as of the Petition Date**

**EXHIBIT 6-3**

**MCL 600.6013**

Michigan Compiled Laws Annotated
   Chapter 600. Revised Judicature Act of 1961 (Refs & Annos)
     Revised Judicature Act of 1961 (Refs & Annos)
      Chapter 60. Enforcement of Judgments (Refs & Annos)

M.C.L.A. 600.6013

600.6013. Interest rate on judgment; settlement

Effective: March 28, 2013

Currentness

Sec. 6013. (1) Interest is allowed on a money judgment recovered in a civil action, as provided in this section. However, for complaints filed on or after October 1, 1986, interest is not allowed on future damages from the date of filing the complaint to the date of entry of the judgment. As used in this subsection, "future damages" means that term as defined in section 6301. [1]

(2) For complaints filed before June 1, 1980, in an action involving other than a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment is calculated from the date of filing the complaint to June 1, 1980, at the rate of 6% per year and on and after June 1, 1980, to the date of satisfaction of the judgment at the rate of 12% per year compounded annually.

(3) For a complaint filed before June 1, 1980, in an action involving a written instrument having a rate of interest exceeding 6% per year, the interest on the judgment is calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate specified in the instrument if the rate was legal at the time the instrument was executed. However, the rate after the date judgment is entered shall not exceed either of the following:

(a) Seven percent per year compounded annually for a period of time between the date judgment is entered and the date of satisfaction of the judgment that elapses before June 1, 1980.

(b) Thirteen percent per year compounded annually for a period of time between the date judgment is entered and the date of satisfaction of the judgment that elapses after May 31, 1980.

(4) For a complaint filed on or after June 1, 1980, but before January 1, 1987, interest is calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually unless the judgment is rendered on a written instrument having a higher rate of interest. In that case, interest is calculated at the rate specified in the instrument if the rate was legal at the time the instrument was executed. The rate under this subsection shall not exceed 13% per year compounded annually after the date judgment is entered.

(5) Except as provided in subsection (6), for a complaint filed on or after January 1, 1987, but before July 1, 2002, if a judgment is rendered on a written instrument, interest is calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually, unless the instrument has a higher rate of interest. In that case, interest shall be calculated at the rate specified in the instrument if the rate was legal at the

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works.

time the instrument was executed. The rate under this subsection shall not exceed 13% per year compounded annually after the date judgment is entered.

(6) For a complaint filed on or after January 1, 1987, but before July 1, 2002, if the civil action has not resulted in a final, nonappealable judgment as of July 1, 2002, and if a judgment is or has been rendered on a written instrument that does not evidence indebtedness with a specified interest rate, interest is calculated as provided in subsection (8).

(7) For a complaint filed on or after July 1, 2002, if a judgment is rendered on a written instrument evidencing indebtedness with a specified interest rate, interest is calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate specified in the instrument if the rate was legal at the time the instrument was executed. If the rate in the written instrument is a variable rate, interest shall be fixed at the rate in effect under the instrument at the time the complaint is filed. The rate under this subsection shall not exceed 13% per year compounded annually.

(8) Except as otherwise provided in subsections (5) and (7) and subject to subsection (13), for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section. Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs. In an action for medical malpractice, interest under this subsection on costs or attorney fees awarded under a statute or court rule is not calculated for any period before the entry of the judgment. The amount of interest attributable to that part of the money judgment from which attorney fees are paid is retained by the plaintiff, and not paid to the plaintiff's attorney.

(9) If a bona fide, reasonable written offer of settlement in a civil action based on tort is made by the party against whom the judgment is subsequently rendered and is rejected by the plaintiff, the court shall order that interest is not allowed beyond the date the bona fide, reasonable written offer of settlement is filed with the court.

(10) Except as otherwise provided in subsection (1) and subject to subsections (11) and (12), if a bona fide, reasonable written offer of settlement in a civil action based on tort is not made by the party against whom the judgment is subsequently rendered, or is made and is not filed with the court, the court shall order that interest be calculated from the date of filing the complaint to the date of satisfaction of the judgment.

(11) If a civil action is based on medical malpractice and the defendant in the medical malpractice action failed to allow access to medical records as required under section 2912b(5),[2] the court shall order that interest be calculated from the date notice was given in compliance with section 2912b to the date of satisfaction of the judgment.

(12) If a civil action is based on medical malpractice and the plaintiff in the medical malpractice action failed to allow access to medical records as required under section 2912b(5), the court shall order that interest be calculated from 182 days after the date the complaint was filed to the date of satisfaction of the judgment.

(13) Except as otherwise provided in subsection (1), if a bona fide, reasonable written offer of settlement in a civil action based on tort is made by a plaintiff for whom the judgment is subsequently rendered and that offer is rejected and the offer

WESTLAW   © 2016 Thomson Reuters. No claim to original U.S. Government Works.

is filed with the court, the court shall order that interest be calculated from the date of the rejection of the offer to the date of satisfaction of the judgment at a rate of interest equal to 2% plus the rate of interest calculated under subsection (8).

(14) A bona fide, reasonable written offer of settlement made according to this section that is not accepted within 21 days after the offer is made is rejected. A rejection under this subsection or otherwise does not preclude a later offer by either party.

(15) As used in this section:

(a) "Bona fide, reasonable written offer of settlement" means either of the following:

(*i*) With respect to an offer of settlement made by a defendant against whom judgment is subsequently rendered, a written offer of settlement that is not less than 90% of the amount actually received by the plaintiff in the action through judgment.

(*ii*) With respect to an offer of settlement made by a plaintiff, a written offer of settlement that is not more than 110% of the amount actually received by the plaintiff in the action through judgment.

(b) "Defendant" means a defendant, a counter-defendant, or a cross-defendant.

(c) "Party" means a plaintiff or a defendant.

(d) "Plaintiff" means a plaintiff, a counter-plaintiff, or a cross-plaintiff.

**Credits**
Amended by P.A.1980, No. 134, § 1, Eff. June 1; P.A.1986, No. 178, § 1, Eff. Oct. 1; P.A.1987, No. 50, § 1, Imd. Eff. June 22; P.A.1993, No. 78, § 1, Eff. April 1, 1994; P.A.2001, No. 175, Eff. March 22, 2002; P.A.2002, No. 77, Imd. Eff. March 21, 2002; P.A.2012, No. 609, Eff. March 28, 2013.

**Editors' Notes**

**APPLICATION**

<This section, as amended by P.A.2012, No. 609, applies only to actions in which the cause of action arose on or after March 28, 2013.>

Notes of Decisions (378)

Footnotes

1     M.C.L.A. § 600.6301.

WESTLAW © 2016 Thomson Reuters. No claim to original U.S. Government Works.

2    M.C.L.A. § 600.2912.

M. C. L. A. 600.6013, MI ST 600.6013

The statutes are current through P.A.2016, No. 185, 187, 190, 193, 195, 196, 197 of the 2016 Regular Session, 98th Legislature.

---

**End of Document**                                   © 2016 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2016 Thomson Reuters. No claim to original U.S. Government Works.                4

**EXHIBIT 6-4**

**Judgment Rates**

# INTEREST RATES FOR MONEY JUDGMENTS
## UNDER MCL 600.6013
### Revised January 1, 2016

**I.**     **[MCL 600.6013(8)] FOR ALL COMPLAINTS FILED ON OR AFTER JANUARY 1, 1987 UNLESS SECTION II, III, or IV APPLIES:**

Interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section. Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs. See interest rate chart below.

**II.**     **[MCL 600. 6013(7)] FOR COMPLAINTS FILED ON OR AFTER JULY 1, 2002 THAT ARE BASED ON A WRITTEN INSTRUMENT WITH A SPECIFIED INTEREST RATE:**

Interest is calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate specified in the instrument if the rate was legal at the time the instrument was executed. If the rate in the written instrument is a variable rate, interest shall be fixed at the rate in effect under the instrument at the time the complaint is filed. The rate under this subsection shall not exceed 13% per year compounded annually.

**III.**     **[MCL 600. 6013(5 and 6)] FOR COMPLAINTS FILED ON OR AFTER JANUARY 1, 1987, BUT BEFORE JULY 1, 2002 THAT ARE BASED ON A WRITTEN INSTRUMENT:**

Interest is calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually, unless the instrument has a higher rate of interest. In that case, interest shall be calculated at the rate specified in the instrument if the rate was legal at the time the instrument was executed. The rate shall not exceed 13% per year compounded annually after the date judgment is entered.

Notwithstanding the prior paragraph, if the civil action has not resulted in a final, nonappealable judgment as of July 1, 2002, and if a judgment is or has been rendered on a written instrument that does not evidence indebtedness with a specified interest rate, interest is calculated as provided in Section I above.

**IV.**     **ADDITIONAL CONSIDERATIONS:**

If the complaint was filed before January 1, 1987, refer to MCL 600.6013(2)–(4).

Interest is not allowed on future damages from the date of filing the complaint to the date of entry of the judgment. [MCL 600.6013(1)]

The amount of allowable interest may be different in certain settlement and medical malpractice case scenarios. [MCL 600.6013(9-13)

# INTEREST RATES FOR MONEY JUDGMENTS

| Effective Date | Average Certified by State Treasurer | Statutory 1% | Interest Rate |
|---|---|---|---|
| January 1, 1987 | 6.66 | 1% | 7.666 |
| July 1, 1987 | 7.50 | 1% | 8.50 |
| January 1, 1988 | 8.39 | 1% | 9.39 |
| July 1, 1988 | 8.21 | 1% | 9.21 |
| January 1, 1989 | 9.005 | 1% | 10.005 |
| July 1, 1989 | 9.105 | 1% | 10.105 |
| January 1, 1990 | 8.015 | 1% | 9.015 |
| July 1, 1990 | 8.535 | 1% | 9.535 |
| January 1, 1991 | 8.26 | 1% | 9.26 |
| July 1, 1991 | 7.715 | 1% | 8.715 |
| January 1, 1992 | 7.002 | 1% | 8.002 |
| July 1, 1992 | 6.68 | 1% | 7.68 |
| January 1, 1993 | 5.797 | 1% | 6.797 |
| July 1, 1993 | 5.313 | 1% | 6.313 |
| January 1, 1994 | 5.025 | 1% | 6.025 |
| July 1, 1994 | 6.128 | 1% | 7.128 |
| January 1, 1995 | 7.38 | 1% | 8.38 |
| July 1, 1995 | 6.813 | 1% | 7.813 |
| January 1, 1996 | 5.953 | 1% | 6.953 |
| July 1, 1996 | 6.162 | 1% | 7.162 |
| January 1, 1997 | 6.340 | 1% | 7.340 |
| July 1, 1997 | 6.497 | 1% | 7.497 |
| January 1, 1998 | 5.920 | 1% | 6.920 |
| Jul7 1998 | 5.601 | 1% | 6.601 |
| January 1, 1999 | 4.8335 | 1% | 5.8335 |
| July 1, 1999 | 5.067 | 1% | 6.067 |
| January 1, 2000 | 5.7563 | 1% | 6.7563 |
| July 1, 2000 | 6.473 | 1% | 7.473 |
| January 1, 2001 | 5.965 | 1% | 6.965 |
| July 1, 2001 | 4.782 | 1% | 5.782 |
| January 1, 2002 | 4.14 | 1% | 5.14 |
| July 1, 2002 | 4.36 | 1% | 5.36 |
| January 1, 2003 | 3.189 | 1% | 4.189 |
| July 1, 2003 | 2.603 | 1% | 3.603 |
| January 1, 2004 | 3.295 | 1% | 4.295 |
| July 1, 2004 | 3.357 | 1% | 4.357 |
| January 1, 2005 | 3.529 | 1% | 4.529 |
| July 1, 2005 | 3.845 | 1% | 4.845 |
| January 1, 2006 | 4.221 | 1% | 5.221 |
| July 1, 2006 | 4.815 | 1% | 5.815 |
| January 1, 2007 | 4.701 | 1% | 5.701 |
| July 1, 2007 | 4.741 | 1% | 5.741 |
| January 1, 2008 | 4.033 | 1% | 5.033 |
| July 1, 2008 | 3.063 | 1% | 4.063 |
| January 1, 2009 | 2.695 | 1% | 3.695 |
| July 1, 2009 | 2.101 | 1% | 3.101 |
| January 1, 2010 | 2.480 | 1% | 3.480 |
| July 1, 2010 | 2.339 | 1% | 3.339 |
| January 1, 2011 | 1.553 | 1% | 2.553 |
| July 1, 2011 | 2.007 | 1% | 3.007 |

| Effective Date | Average Certified by State Treasurer | Statutory 1% | Interest Rate |
|---|---|---|---|
| January 1, 2012 | 1.083 | 1% | 2.083 |
| July 1, 2012 | 0.871 | 1% | 1.871 |
| January 1, 2013 | 0.687 | 1% | 1.687 |
| July 1, 2013 | 0.944 | 1% | 1.944 |
| January 1, 2014 | 1.452 | 1% | 2.452 |
| July 1, 2014 | 1.622 | 1% | 2.622 |
| January 1, 2015 | 1.678 | 1% | 2.678 |
| July 1, 2015 | 1.468 | 1% | 2.468 |
| January 1, 2016 | 1.571 | 1% | 2.571 |

**This information is also available at http://www.michigan.gov/treasury**
(click on the Treasury Quick Link entitled *Revenue, Economic & Budget Data*, then scroll to *Economic Reports*)
and at http://courts.mi.gov/Administration/admin/Pages/Fines,-Fees,-Costs,-and-Rates.aspx

**State Court Administrative Office, P.O. Box 30048, Lansing, Michigan 48909 (517-373-4835)**