# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S OBJECTION TO CLAIM NUMBER 1075

The City of Detroit, Michigan ("City") files its *City of Detroit's Objection to Claim Number 1075* (the "Objection"). Proof of claim number 1075 ("Claim 1075," attached as Exhibit 6-1) is inappropriate because it does not claim that the City owes any money to General Shale Brick, Co. ("GSB"). Instead, GSB asserts an interest in money owed to Michael Beydoun ("Beydoun"), as asserted in Beydoun's Claim Number 201 ("Claim 201," attached as Exhibit 6-2). The City will address GSB's garnishment claim by asking the Court to determine the competing interests to Claim 201 via separate motion filed contemporaneously with this Objection. In the meantime, as the City owes no money to GSB directly, Claim 1075 should be disallowed.

## BACKGROUND

1.     Beydoun was injured in an automobile accident which occurred on May 19, 2008. On April 26, 2011, a judgment was entered against the City in Wayne County Circuit Court case number 09-026647-NI in the amount of

$2,056,998.50.  Exhibit 6-2 (attached to Claim 201).  This was a "third party" case brought under MCL 500.3135.

2.     On June 3, 2011, the Wayne County Circuit Court further awarded $4,231.08 in costs, $25,560.00 in attorneys' fees, and $108,200.50 in interest up through June 30, 2011.  Exhibit 6-2 (attached to Claim 201).  This order closed the case, and the City appealed.  The appeal was decided against the City well after the City had filed its bankruptcy petition.

3.     On December 11, 2013, Beydoun and his attorney, Raymond Guzall III, filed Claim 201 in the amount of $2,334,113.50 based on the court judgment and subsequent award of fees and costs.  Claim 201.  Beydoun calculates his claim as including post-petition interest, even though his claim is unsecured.

4.     As explained in the *City of Detroit's Objection to Claim Number 201* ("Claim 201 Objection," Doc. No. 11622), unsecured claims are not entitled to post-petition interest.  The City thus filed the Claim 201 Objection, seeking allowance of Claim 201 in the amount of $2,293,293.06, $20,000 to be paid in cash and $2,273,293.06 to be allowed as a general unsecured Class 14 claim.

5.     On February 18, 2014, GSB filed Claim 1075, asserting a $27,271.94 claim against the City.  Claim 1075 is based on a writ of garnishment issued on April 28, 2011, which is based on a judgment issued on June 28, 2007, in case 06-44397-GCT in the Twentieth Judicial District Court for the State of Michigan.

6.     In addition to GSB, Kajy Development, L.L.C. ("Kajy") also served a writ of garnishment for $168,017.21 on the City.  This writ was issued on May 20, 2011, and was based on a judgment issued on October 15, 2007, in Case Number 07-713584-C (*Kajy Development, LLC v. Michael Beydoun*) in the Third Judicial Circuit Court for the State of Michigan (attached as Exhibit 6-3).  To resolve these claims, the City will file a motion to determine the respective rights of Beydoun, GSB, Kajy, and others to Claim 201, once the objection to Claim 201 has been resolved so that the total amount to be apportioned is settled.

7.     GSB and Kajy each have an interest in Claim 201, not a direct claim against the City.  *See Brickell v. Dunn (In re Brickell)*, 142 Fed. Appx. 385 (11th Cir. 2005) (allowing garnishment of a creditor's claim in a bankruptcy case); *cf. Nvland, Inc. v. Vogel (In re Ocean Downs Racing Ass'n, Inc.)*, 164 B.R. 249 (Bankr. D. Md. 1993) (suggesting that the proper procedure to garnish a creditor's claim is to seek a transfer under Fed. R. Bank. P. 3001(e)(2)).  In other words, they each have an interest in collecting whatever Claim 201 may yield, rather than a direct claim based on a prepetition obligation incurred by the City.

8.     GSB's proof of claim, asserting a direct claim against the City, is thus improper.

9.     Accordingly, the City asks that the Court enter the proposed order appended as Exhibit 1.

October 13, 2016

Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

         and

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan  48226
    Telephone: (313) 237-0470
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT LIST

Exhibit 1     Proposed Order

Exhibit 2     Notice of Objection

Exhibit 3     None

Exhibit 4     Certificate of Service

Exhibit 5     None

Exhibit 6-1  Claim 1075

Exhibit 6-2  Claim 201

Exhibit 6-3  Kajy Development LLC Garnishment

## EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## [PROPOSED] ORDER SUSTAINING
## CITY OF DETROIT'S OBJECTION TO CLAIM NUMBER 1075

This matter having come before the Court on the *City of Detroit's Objection to Claim Number 1075* ("Objection"), upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.      The Objection is sustained.

2.      Proof of claim number 1075 is disallowed and expunged.

3.      The City's claims agent is authorized to update the claims register in accordance with the terms of this Order.

4.      The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**EXHBIT 2 – NOTICE**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OBJECTION TO CLAIM**

The City of Detroit has filed an objection to a claim in this bankruptcy case which may affect you.

**The claim may be reduced, modified, or denied.  You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to deny or change your claim, then on or before November 9, 2016, you or your attorney must:

1.  File with the court a written response to the objection, explaining your position at:

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2.  Attend the hearing on the objection, scheduled to be held on **November 16, 2016**, at **1:30 p.m.** in Courtroom 1925, United States Bankruptcy Court, 211 W. Fort Street, Detroit, Michigan, unless your attendance is excused by mutual agreement between yourself and the City's attorney.  (Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received.  A pre-trial scheduling order may be issued as a result of the pre-trial conference.)

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated:  October 13, 2016

# EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

The undersigned hereby certifies that on October 13, 2016, he caused a copy of the *City of Detroit's Objection to Claim Number 1075* to be served upon all parties registered for ECF service and by first class mail to the following parties:

Raymond Guzall III, P.C.
31555 West Fourteen Mile Road
Suite 320
Farmington Hills, MI 48334

Barry A. Seifman
Barry A. Seifman, P.C.
30445 Northwestern Hwy, #310
Farmington Hills, MI 48334

David W. Warren
Joelson Rosenberg, PLC
30665 Northwestern Hwy, #200
Farmington Hills, MI 48334

Michael Beydoun
6307 Heyen
Dearborn Heights, MI 48127

David B. Landry
Nancy Vayda Dembinski
Landry, Mazzeo & Dembinski PC
37000 Grand River, Ste 200
Farmington Hills, MI 48335

General Shale Brick, Inc.
c/o John Colucci
33659 Angeline
Livonia, MI 48150

Kajy Development, L.L.C.
c/o David W. Yaldo
4036 Telegraph Road, Suite 204
Bloomfield Hills, MI 48302

Dated: October 13, 2016

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

**EXHIBIT 6-1**

**Claim 1075**

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT     EASTERN DISTRICT of MICHIGAN | PROOF OF CLAIM RECEIVED |
|---|---|

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 | FEB 18 2014 |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**General Shale Brick Company**

KURTZMAN CARSON CONSULTANTS
COURT USE ONLY

Name and address where notices should be sent:
General Shale Brick Company
C/O John Colucci, Esq.
33659 Angeline, Livonia, MI 48150
734.956.0660       coluccilawfirm@gmail.com

Telephone number:           email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:           email:

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $ $27,271.94

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

**2. Basis for Claim:**  See Attached.
(See instruction #2)

**3.** Last four digits of any number by which creditor identifies debtor:
n/a

**3a.** Debtor may have scheduled account as:_____
(See instruction #3a)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate  ☐Motor Vehicle  ☐Other
Describe:

Value of Property: $_____

Annual Interest Rate (when case was filed)_____% ☐Fixed  or  ☐Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____

Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**     $_____

**5b. Amount of Claim Otherwise Entitled to Priority.  Specify Applicable Section of 11 U.S.C. § _____.**     $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature:** (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.  ☒ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  John Colucci
Title:  Attorney and Agent
Company:  Law Offices of John Colucci
Address and telephone number (if different from notice address above):
33659 Angeline, Livonia, MI  48150

(Signature)            2/4/14  (Date)

734.956.0660      coluccilawfirm@gmail.com
Telephone number:           email:

1353846140218000000000019

*Law Offices of*

## John Colucci, PLC

*33659 Angeline*
*Livonia, MI 48150*
*Telephone (734) 956-0660*
*Fax (734) 956-0661*
*coluccilawfirm@gmail.com*

February 14, 2014

Via Priority Mail
City of Detroit Claims Processing Center
C/O KCC
2335 Alaska Ave.
El Segundo, CA 90245

Re: In Re City of Detroit, Ch 9, Case No. 13-53846

To Whom it May Concern:

Please find enclosed and original and copy of the Proof of Claim of General Shale Brick Company. Please file in your usual manner and return a time stamped copy in the enclosed return mailer.

Please call with any questions.

Sincerely,

John Colucci

Enc.

**Supplement to General Shale Brick Proof of Claim**

A.  General Shale served a pre-petition Writ of Garnishment (the "Garnishment") on the City of Detroit in connection with certain litigation styled **Beydoun v. City of Detroit** (a copy of which is attached as **Exhibit A**);

B.  Prior to service of the Garnishment, a jury verdict was returned in favor of Beydoun and against the City of Detroit in the proceedings styled Beydoun v. City of Detroit, et. al., Wayne County Circuit Court, Case No. 09-026647-NI in an amount exceeding $2,000,000.00 (the "Verdict") (a copy of which is attached as **Exhibit B**);

C.  Judgment has been entered on the Verdict and affirmed by the Michigan Court of Appeals, in the proceedings styled Michael Beydoun v. Charles Benjamin Wills, Jr., et. al., Court of Appeals No. 304729 (the "Appeal");

D.  The City of Detroit sought leave to appeal to the Michigan Supreme Court, but on information and belief, further review has been stayed as a result of these Chapter 9 proceedings.

E.  Mr. Beydoun and/or his authorized agent has filed a claim in these Chapter 9 proceedings, with said claim being identified as Claim No. 201 (the "Beydoun Claim").

F.  On or about August 30, 2011, an Order was entered directing the City of Detroit to pay General Shale the sum of ($27,271.94) (a true copy of the Order is attached as Exhibit C).

G.  General Shale has a right to payment from the City of Detroit on account of the Beydoun Claim and therefore has filed this Claim.

By: _____
John G. Colucci (P40716)
33659 Angeline
Livonia, MI 48150
(734) 956.0660
Attorney for General Shale Brick, Inc.
734.956.0660

# EXHIBIT A

Approved, SCAO

| • STATE OF MICHIGAN<br>_20_ JUDICIAL DISTRICT<br>_____ JUDICIAL CIRCUIT | REQUEST AND WRIT FOR GARNISHMENT<br>(NON-PERIODIC) | • CASE NO.<br>06-44397-GCT |
|---|---|---|

| Court address | • Zip code | Court telephone no. |
|---|---|---|
| 25637 Michigan Ave., Dearborn Heights, MI | 48125 | (313) 277-7840 |

| Plaintiff name and address<br>General Shale Brick, Inc.<br>c/o John Colucci<br>33659 Angeline, Livonia, MI 48150 | v | • Defendant name and address<br>Michael Beydoun<br>6307 Heyden<br>Dearborn Heights, MI 48127 |
|---|---|---|
| Plaintiff's attorney, bar no., and address<br>John Colucci P40716<br>33659 Angeline<br>Livonia, MI 48150 | | Social security no.      Account no. |
| Telephone no.<br>    734.956.0660 | | Garnishee name and address<br>City of Detroit<br>C/O Law Dept. 660 Woodward Ave., Ste 1650<br>First National Building, Detroit, MI 48226 |

## REQUEST

1. Plaintiff received judgment against defendant for $ 25,140.07 on June 28, 2007
2. The amount of the unsatisfied judgment now due (including interest and costs) is • $ 27,271.94
3. Plaintiff knows or with good reason believes that the garnishee is indebted to or possesses or controls property belonging to the defendant.
4. **Plaintiff requests** a writ of non-periodic garnishment.

I declare that the statements above are true to the best of my information, knowledge, and belief.

7/28/2011
Date                         Plaintiff/Agent/Attorney signature

## WRIT OF GARNISHMENT    To be completed by the court. See other side for additional information and instructions.

**TO THE PLAINTIFF:** You must provide all copies of the disclosure form (MC 14), 2 copies of this writ for serving on the garnishee, and any applicable disclosure fee. You are responsible for having these documents served on the garnishee within 91 days. If the disclosure states that the garnishee holds property **other than money** belonging to the defendant, you must motion the court within 56 days after the disclosure is filed for an order to apply the property toward the judgment.

**TO THE DEFENDANT:**

1. Do not dispose of any negotiable instrument representing a debt of the garnishee or any negotiable instrument of title representing property in which you claim an interest held in the possession or control of the garnishee.
2. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, the property or debt held under this writ may be applied to the judgment **28 days** after this writ was mailed or delivered to the garnishee.

**TO THE GARNISHEE:**

1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last known address by first class mail.
2. Deliver no tangible or intangible property and pay no obligation to the defendant unless allowed by statute or court rule.
3. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure (form MC 14) to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this order.
4. If indebted to the defendant, you must withhold an amount not to exceed the amount of the judgment stated in item 2. of the request. Payment of withheld funds must be made **28 days** after you are served with this writ unless notified that an objection has been filed.

You are ordered to make the payment withheld under this writ payable to ☐ the plaintiff ☒ the plaintiff's attorney ☐ the court and mail it to: ☐ the plaintiff. ☒ the plaintiff's attorney. ☐ the court.

5. If you hold property other than money belonging to the defendant, do not transfer it until further order of the court.

| 4/28/11 | 7/28/11 | |
|---|---|---|
| Date of issue | Expiration date | Deputy court clerk |

MC 13 (3/01)   **REQUEST AND WRIT FOR GARNISHMENT (NON-PERIODIC)**   MCL 600.4011 et seq., MSA 27A.4011 et seq., MCR 3.101

*RECEIVED* (watermark)

# EXHIBIT B

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHAEL BEYDOUN,

Plaintiff,

v

CHARLES BENJAMIN WILLS JR.
and CITY OF DETROIT,
jointly and severally,

Defendants.

Case No. 09-026647- NI

Hon. Robert J. Colombo, Jr.
Bar No. P25806



FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
APR - 8 2011
BY

**VERDICT FORM**

 We, the jury, make the following answers to the questions submitted by the Court:

QUESTION NO. 1: Was Police Officer Wills negligent?

Answer: Yes (yes or no)

If your answer is "no," do not answer any further questions.

--------

 QUESTION NO. 2: Was the Police Officer Wills' negligence a proximate cause of the injury or damage to the plaintiff?

 Answer: Yes (yes or no)

If your answer is "no," do not answer any further questions.

QUESTION NO. 3: What is the total amount of plaintiff's <u>non-economic</u> damages for physical pain and suffering, mental anguish, denial of social pleasure and enjoyments, and/or disability including loss of impairment of neck and left arm?

Answer: To today's date $ _125,000._

Future $ _125,000._

QUESTION NO. 4: What is the total amount of plaintiff's <u>economic</u> damages for income loss?

Answer: To today's date $ _542,405._

Future $ _1,493,250._

QUESTION NO. 5: Was the plaintiff negligent?

Answer: _Yes_ (yes or no)

If your answer is "no," do not answer any further questions.

QUESTION NO. 6: Was the plaintiff's negligence a proximate cause of the injury or damage to the plaintiff?

Answer: Yes (yes or no)

If your answer is "no," do not answer any further questions.

QUESTION NO. 7: Using 100 percent as the total combined negligence which proximately caused the injury or damage to the plaintiff, what percentage of such negligence is attributable to the plaintiff?

Answer: _10._ percent

Please note that the Court will reduce the total amount of plaintiff's damages entered in Questions No. 3 and 4 by the percentage of negligence attributable to plaintiff, if any, entered in Question No. 7. However, Plaintiff is not entitled to non-economic damages (Question 3) if more than 50% at fault for his injuries.

Signed,

_Annette M Chao_
Foreperson

Date: _Ap 8. 2011_

# EXHIBIT C

GENERAL SHALE BRICK, INC.

      PLAINTIFF,                         CASE NO. 06-44397-GCT

V.

NATIONAL SPECIALITIES INSTALLATION, INC.
and MICHAEL BEYDOUN, Jointly and Severally,

      DEFENDANTS.

v.

CITY OF DETROIT,

      GARNISHEE DEFENDANT.

_____/

**A TRUE COPY**
Court Clerk
Date 8-30-11

| John G. Colucci (P40716) | Mary Beth Cobb (P40080) |
|---|---|
| 33659 Angeline | City of Detroit Law Dept. |
| Livonia, MI 48150 | 660 Woodward Ave., Ste 1650 |
| (734) 956.0660 | First National Building |
| Attorney for General Shale Brick, Inc. | Detroit, MI 48226 |
| 734.956.0660 | 313-237-3075 |

### ORDER REGARDING PAYMENT BY
### GARNISHEE DEFENDANT
### CITY OF DETROIT

At a Session of Said Court
Held on _____ AUG 30 2011

PRESENT: _____ DAVID D. TURFE

Plaintiff General Shale Brick, Inc. ("General Shale"), by its undersigned attorneys, pursuant to

the Michigan Rules of Court ("MRCP") and Garnishee Defendant City of Detroit ("Detroit")

stipulate and agree as follows:

    A.  General Shale served a Writ of Garnishment (the "Garnishment") on the City of Detroit in

          connection with the above captioned matter (a copy of which is attached as **Exhibit A**);

    B.  The City of Detroit acknowledged service of process;

C. The City of Detroit filed its Garnishee Disclosure denying liability to Defendant Beydoun.

D. Prior to service of the Garnishment, a jury verdict was returned in favor of Beydoun and against the City of Detroit in the proceedings styled <u>Beydoun v. City of Detroit, et. al.</u>, Wayne County Circuit Court, Case No. 09-026647-NI in an amount exceeding $2,000,000.00 (the "Verdict") (a copy of which is attached as **Exhibit B**);

E. Judgment has been entered on the Verdict and the City of Detroit has appealed the Judgment, in the proceedings styled <u>Michael Beydoun v. Charles Benjamin Wills, Jr., et. al.</u>, Court of Appeals No. 304729 (the "Appeal");

F. General Shale served interrogatories and discovery requests within the time permitted under MCR 3.101(L);

G. A copy of the Garnishment has been served on Mr. Beydoun and no objections have been filed or served;

H. The Court being otherwise advised in the premises.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT, upon the conclusion of the Appeal filed by the City of Detroit, whether by dismissal, stipulation, *settlement* or other order of the Court of Appeals, the City of Detroit shall pay to General Shale Brick, from amounts otherwise due Beydoun under the Judgment as entered or modified, the amount due under the Garnishment ($27,271.94) by check payable to the Colucci Client Trust Account and delivered to attorney John Colucci, 33659 Angeline, Livonia MI 48150, 734.956.0660.

IT IS FURTHER ORDERED THAT pursuant to Michigan Rule of Court 3.101, the garnishment served on the City of Detroit shall remain in full force and effect until further order of the Court and the City of Detroit shall pay no obligation to the Defendant Beydoun until further order of the Court, *OR PAYMENT to GENERAL SHALE BRICK iN ACCORDANCE WITH the PARAGRAPH IMMEDIATELY ABOVE.*

IT IS FURTHER ORDERED THAT the Court shall retain jurisdiction to enforce this Order.

By: _____   8/30/16
      District Court Judge

| | |
|---|---|
| By: _____<br>John G. Colucci (P40716)<br>33659 Angeline<br>Livonia, MI 48150<br>(734) 956.0660<br>Attorney for General Shale Brick, Inc.<br>734.956.0660 | By: _____<br>Mary Beth Cobb (P40080)<br>City of Detroit Law Dept.<br>660 Woodward Ave., Ste 1650<br>First National Building<br>Detroit, MI 48226<br>313-237-3075 |

**EXHIBIT 6-2**

**<u>Claim 201</u>**

B10 (Official Form 10) (04/13) (Modified)

**FILED**

| UNITED STATES BANKRUPTCY COURT     EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
*Michael Bey Dunn & his attorney - Raymond Guzall IV*

Name and address where notices should be sent:
*Raymond Guzall III P.C.*
*31555 West Fourteen Mile Road, Suite 320*
*Farmington Hills, MI 48334*

Telephone number: *248 702-6122* email: *RAYGUZALL @ attorneyguzall.com*

Name and address where payment should be sent (if different from above):

Telephone number:     email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
   *(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ *2,334,113.50  Through Dec. 31, 2013, and interest is still accruing*

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** *Judgment and Court Order*
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** *Court Case # 09-026647 NI*

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $_____

**Nature of property or right of setoff:** ☐Real Estate ☐Motor Vehicle ☐Other
Describe:

**Basis for perfection:** _____

**Value of Property:** $_____

**Amount of Secured Claim:** $_____

**Annual Interest Rate (when case was filed)** _____% ☐Fixed or ☐Variable

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** _____ $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☒ I am the creditor. ☒ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

*as to attorney fees and costs*     *as to Judgment*

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *Raymond Guzall III*
Title: *Attorney*
Company: *Raymond Guzall III P.C.*
Address and telephone number (if different from notice address above):

_____
_____

Telephone number: _____ email: _____

(Signature)     *12-9-13* (Date)

**RECEIVED**

**DEC 16 2013**

KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

13538461312110000000000038

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHAEL BEYDOUN,

Plaintiff,

v

CHARLES BENJAMIN WILLS JR.
and CITY OF DETROIT,
jointly and severally,

Defendants.

Beydoun, Michael v Wills, Charles
Hon. Robert J Colombo, Jr.          10/29/2009

09-026647-NI

_____/

Barry A. Seifman (P20197)
Raymond Guzall III (P60980)
SEIFMAN & GUZALL, P.C.
Attorney for Plaintiff
30665 Northwestern Hwy. #255
Farmington Hills, MI 48334
(248)538-0711

Marion R. Jenkins (P26257)
Assistant Corporation Counsel
Attorney for Defendant City of Detroit
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3032

_____/

## ORDER OF JUDGMENT AGAINST CITY OF DETROIT
## IN FAVOR OF PLAINTIFF MICHAEL BEYDOUN

At a session of said Court, held in the City of
Detroit, County of Wayne, State of Michigan,
on _____ APR 26 2011 _____

PRESENT: HON._____ ROBERT J. COLOMBO, JR
HON. ROBERT J. COLOMBO, JR.

This matter having come before the Court, and tried before a jury, and the

jury rendering a verdict on April 8, 2011, and the Court being fully advised in the

premises:

IT IS HEREBY ORDERED that judgment is entered in favor of Plaintiff in the

amount of $125,000.00 for non-economic damages from the date of Plaintiff's injury

to the date of the jury verdict and $125,000.00 for future non-economic damages,

against the Defendant, City of Detroit.

IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff in the amount of $542,405.00 from the date of Plaintiff's injury to the date of the jury verdict as economic damages against the City of Detroit, and $1,493,250.00 in future economic damages against the Defendant, the City of Detroit.

IT IS FURTHER ORDERED that the above judgment amounts against the Defendant, City of Detroit, are reduced by 10% for comparative negligence pursuant to the jury's verdict. Therefore, it is ordered that the total jury verdict amount of $2,285,655.00 is reduced by 10%, which equates to $228,565.50.

Therefore, IT IS ORDERED that the total judgment in favor of Plaintiff, Michael Beydoun, and against Defendant, the City of Detroit, is $2,056,998.50.

IT IS FURTHER ORDERED that Defendant, Charles Benjamin Wills Jr., is dismissed from the case as of April 7, 2011, as ordered by the Court, after hearing oral arguments from both attorneys in open Court.

IT IS FURTHER ORDERED that Plaintiff, Michael Beydoun, shall be awarded costs and interest as provided by law, and that case evaluation sanctions shall be awarded upon presentment of such proofs to the Court after entry of this Order of Judgment, in accord with the law. This does not close the case because costs, interest and case evaluation sanctions will remain outstanding after entry of this Order.

ROBERT J. COLOMBO, JR.

_____

HONORABLE ROBERT J. COLOMBO, JR.

MICHAEL BEYDOUN,

      Plaintiff,

v                     Case No. 09-026647- NI

CHARLES BENJAMIN WILLS JR.    Hon. Robert J. Colombo, Jr.
and CITY OF DETROIT,           Bar No. P25806
jointly and severally,

      Defendants.

_____/

Barry A. Seifman (P20197)       Marion R. Jenkins (P26257)
Raymond Guzall III (P60980)     Assistant Corporation Counsel
SEIFMAN & GUZALL, P.C.        Attorney for Defendant City of Detroit
Attorney for Plaintiff           660 Woodward Avenue, Suite 1650
30665 Northwestern Hwy. #255   Detroit, Michigan 48226
Farmington Hills, MI 48334     (313) 237-3032
(248)538-0711

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR COSTS, ATTORNEY FEES AND STATUTORY INTEREST

At a session of said Court, held in the City of
Detroit, County of Wayne, State of Michigan,
on _____ JUN - 3 2011

PRESENT: HON._____ ROBERT J. COLOMBO, JR.
           HON. ROBERT J. COLOMBO, JR.

This parties having appeared before the Court through their counsel upon
Plaintiff's Motion for Costs and Attorney Fees Pursuant to Case Evaluation
Sanctions under MCR 2.403 and other applicable law and for statutory interest,
arguments having been heard and the Court being otherwise advised in the
premises:

IT IS HEREBY ORDERED that costs are awarded to Plaintiff in the amount

of $ _4,231.08_ , up to the date of this Order.

IT IS FURTHER ORDERED that attorney fees are awarded to Plaintiff's

attorneys in the amount of $ _$25,650.00_ for the reasons stated on

the record.

IT IS ALSO FURTHER ORDERED that statutory interest is awarded in the

amount of $ _108,200.25_ up to the date of June _30_, 2011, and

that statutory interest will continue to accrue according to law until the judgment and

all outstanding monies owed are paid in full by Defendant City of Detroit.

_IT IS FURTHER ordered THAT DEFENDANTS MOTION FOR
New TRIAL is DENIED. This ORDER closes The CASE._

ROBERT J. COLOMBO, JR.
_____
HONORABLE ROBERT J. COLOMBO, JR.

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK
BY _____

_____
_Raymond Guzall III_

_____
MARION R. JENKINS

## INTEREST UPON JUDGEMENT, FEES AND COSTS
## BEYDOUN V CITY OF DETROIT 09-026647-NI

$2,056,998.50 Judgment on April 26, 2011

Interest upon the Judgment through June 30, 2011 = $108,200.25

Attorney fee ordered on June 3, 2011 = $25,650.00

Costs ordered on June 3, 2011 = $4,231.08

October 29, 2009 date of complaint filed

---

## JUDGMENT INTEREST

July 1, 2011 – 3.007%
($2,056,998.50 + interest through June 30, 2011 $108,200.25 = $2,184,600.00  x
.03007 = $65,690.92 / 365 days = $179.97 per day)

184 days x $179.97 per day = $33,115.42

$2,184,600.00 +  $33,115.42 = $2,217,715.40

$2,217,715.40 = amount owed on judgment up to December 31, 2011.

January 1, 2012 - 2.083%
($2,217,715.40 x .02083 = $46,195.01 / 366 days = $126.21 per day)

181 days x $126.21 per day = $22,844.01 (interest from 1-1-12 to 6-30-12)

July 1, 2012 - 1.871%
($2,217,715.40 x .01871 = $41,493.45 / 366 days = $113.37 per day)

185 days x $113.37 per day = $20,973.45 (interest from 7-1-12 to 12-31-12)

compounding $22,844.01 + $20,973.45 = $43,817.46

$2,217,715.40 + $43,817.46 = $2,261,532.80 amount owed on judgment up to
December 31, 2012.

January 1, 2013 - 1.687%
($2,261,532.80 x .01687 = $38,152.05 / 365 = $104.52 per day).

181 days x $104.52 per day = $18,918.12 (interest from 1-1-13 to 6-30-13)

July 1, 2013 - 1.944%
($2,261,532.80 x .01944 = $43,964.19 / 365 = $120.44 per day).

184 days x $120.44 per day = $22,160.96 (interest from 7-1-13 to 12-31-13)

compounding $18,918.12 + $22,160.96 = $41,079.08

$2,261,532.80 + $41,079.08 = **$2,302,611.80** (Total Judgment and interest upon judgment through December 31, 2013).

## INTEREST ON ATTORNEY FEES

$25,650.00

July 1, 2011 – 3.007%
($25,650.00 x .03007 = $771.29 / 365 days = $2.113 per day)

184 days x $2.113 per day = $388.81

January 1, 2012 - 2.083%
($25,650.00 x .02083 = $551.99 / 366 days = $1.508 per day)

181 days x $1.508 per day = $272.97 (interest from 1-1-12 to 6-30-12)

compound $388.81 + $272.97 = $661.78

$25,650.00 + $661.78 = **$26,311.78**

July 1, 2012 - 1.871%
(**$26,311.78** x .01871 = $492.29 / 366 days = $1.345 per day)

185 days x $1.345 per day = $248.83 (interest from 7-1-12 to 12-31-12)

January 1, 2013 - 1.687%
(**$26,311.78** x .01687 = $443.87 / 365 = $1.216 per day).

181 days x $1.216 per day = $220.11 (interest from 1-1-13 to 6-30-13)

compound $248.83 + $220.11 = $468.94

July 1, 2013 - 1.944%
(**$26,780.07** x .01944 = $520.61 / 365 = $1.426 per day).

184 days x $1.426 per day = $262.44 (interest from 7-1-13 to 12-31-13)

$26,780.07 + $262.44 = **$27,042.51** (Total attorney fees and interest upon attorney fees through December 31, 2013).

## INTEREST ON COSTS

$4,231.08

July 1, 2011 – 3.007%
($4,231.08 x .03007 = $127.22 / 365 days = $.348 per day)

184 days x $.348 per day = $64.13

January 1, 2012 - 2.083%
($4,231.08 x .02083 = $88.13 / 366 days = $.24 per day)

181 days x $.24 per day = $43.44 (interest from 1-1-12 to 6-30-12)

compound   $64.13 + $43.44 = $107.57

$4,231.08 + $107.57 = **$4,338.65**

July 1, 2012 - 1.871%
(**$4,338.65** x .01871 = $81.17 / 366 days = $.22 per day)

185 days x $.22 per day = $41.03 (interest from 7-1-12 to 12-31-12)

January 1, 2013 - 1.687%
(**$4,338.65** x .01687 = $73.19 / 365 days = $.20 per day).

181 days x $.20 per day = $36.29 (interest from 1-1-13 to 6-30-13)

compound $41.03 + $36.29 = $77.32


July 1, 2013 - 1.944%
($4415.97 x .01944 = $85.84 / 365 = $.235 per day).

184 days x $.235 per day = $43.27 (interest from 7-1-13 to 12-31-13)

$4,415.97 + $43.27 = **$4,459.24** (Total costs and interest upon costs through December 31, 2013).

$2,302,611.80 + $27,042.51 + $4,459.24 = ***$2,334,113.50*** total owed through 12-31-13

**EXHIBIT 6-3**

**<u>Kajy Development, L.L.C. Garnishment</u>**

Approved, SCAO

Original - Court (Part 1)
1st copy - Garnishee (Part 2)
2nd copy - Defendant (Part 2)

3rd copy - Return (proof of service) (Part 1)
4th copy - Plaintiff/Attorney (proof) (Part 2)

| STATE OF MICHIGAN | REQUEST AND WRIT FOR GARNISHMENT (NONPERIODIC) | CASE NO. |
|---|---|---|
| **3rd** JUDICIAL DISTRICT / JUDICIAL CIRCUIT | | 07-713584-C<br>Hon. Prentis Edwards |

| Court address | • Zip code | Court telephone no. |
|---|---|---|
| 201 CAYMC, Two Woodward Avenue, Detroit, MI 48226 | | (313) 224-5510 |

Plaintiff name and address (judgment creditor)
Kajy Development, L.L.C.
805 Baldwin Avenue
Pontiac, MI 48340

Plaintiff's attorney, bar no., and address
David W. Yaldo (P36817)
4036 Telegraph Road, Suite 204
Bloomfield Hills, MI 48302
Telephone no.
(248) 645-1500

v

Defendant name and address (judgment debtor)
Michael Beydoun
6307 Heyden
Dearborn Heights, MI 48127

Social security no.         Account no.

Garnishee name and address

City of Detroit, Attn: Law Department
660 Woodward Avenue, Suite 1650
Detroit, MI 48226

---

**REQUEST**     See instructions for item 2 on other side.

1. Plaintiff received judgment against defendant for $ 148,000.00 _____ on October 15, 2007 _____.
2. The total amount of judgment interest accrued to date is $ 20,017.21 _____. The total amount of postjudgment costs accrued to date is $ 0.00 _____. The total amount of postjudgment payments and credits made to date is $ 0.00 _____. The **amount of the unsatisfied judgment now due (including interest and costs) is** • $ 168,017.21 _____.
3. Plaintiff knows or with good reason believes the garnishee is indebted to or possesses or controls property belonging to defendant.
4. **Plaintiff requests** a writ of nonperiodic garnishment.

I declare that the statements above are true to the best of my information, knowledge, and belief.

05/18/2011
Date

Plaintiff/Agent/Attorney signature

---

**WRIT OF GARNISHMENT**     To be completed by the court. See other side for additional information and instructions.

**TO THE PLAINTIFF:** You must provide all copies of the disclosure form (MC 14), two copies of this writ for serving on the garnishee, and $1.00 disclosure fee. You are responsible for having these documents served on the garnishee within 91 days. If the disclosure states that the garnishee holds property **other than money** belonging to the defendant, you must motion the court within 56 days after the disclosure is filed for an order to apply the property toward the judgment. NOTE: The social security number field is blacked out on the court copies for security reasons, but will appear on the garnishee, defendant, and plaintiff copies.

**TO THE DEFENDANT:**
1. Do not dispose of any negotiable instrument representing a debt of the garnishee or any negotiable instrument of title representing property in which you claim an interest held in the possession or control of the garnishee.
2. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, the property or debt held under this writ may be applied to the judgment **28 days** after this writ was mailed or delivered to the garnishee.

**TO THE GARNISHEE:**
1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last-known address by first-class mail.
2. Deliver no tangible or intangible property and pay no obligation to the defendant unless allowed by statute or court rule.
3. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure (form MC 14) to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this order.
4. If indebted to the defendant, you must withhold an amount not to exceed the amount of the judgment stated in item 2 of the request. Payment of withheld funds must be made **28 days** after you are served with this writ unless notified that an objection has been filed.
   **You are ordered to make the payment withheld under this writ payable to**
   ☑ the plaintiff        ☐ the plaintiff's attorney                    ☐ the court
   **and mail it to:** ☐ the plaintiff.    ☑ the plaintiff's attorney.    ☐ the court.
5. If you hold property other than money belonging to the defendant, do not transfer it until further order of the court.

MAY 20 2011
Date of issue

AUG 19 2011
Expiration date for service

Deputy court clerk

MC 13 (3/09)   REQUEST AND WRIT FOR GARNISHMENT (NONPERIODIC) (Part 2)     MCL 600.4011 et seq., MCR 3.101