# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO DETERMINE RIGHTS TO CLAIM NUMBER 201

The City of Detroit, Michigan ("City") files its *City of Detroit's Motion to Determine Rights to Claim Number 201* (the "Motion"). Proof of claim number 201 ("Claim 201," attached as Exhibit 6-1) has several claimants who might have an interest in it: Michael Beydoun ("Beydoun"), the current claimant under Claim 201; General Shale Brick, Co. ("GSB"), a judgment creditor of Beydoun who has filed a garnishment against any moneys the City might pay to Beydoun; Kajy Development, L.L.C. ("Kajy"), another judgment creditor of Beydoun who has filed a garnishment against the City; and Barry Seifman ("Seifman") and Raymond Guzall, III ("Guzall"; and with Beydoun, GSB, Kajy, and Seifman, the "Claimants"), Beydoun's attorneys who later parted ways and disputed who had the right to collect the attorney's fees award in Beydoun's case. The City files this Motion to determine the respective rights of the Claimants to Claim 201. The City proposes here to distribute Claim 201 in a manner that it believes comports with the Claimants' respective rights; however, the City is willing to abide by any

decision the Court might make as to the Claimants' rights that does not result in the City paying more than the final allowed amount of Claim 201, as treated under the City's confirmed Plan of Adjustment.

## BACKGROUND

1. Beydoun was injured in an automobile accident which occurred on May 19, 2008. On April 26, 2011, a judgment was entered against the City in Wayne County Circuit Court case number 09-026647-NI in the amount of $2,056,998.50. Exhibit 6-1 (attached to Claim 201). This was a "third party" case brought under MCL 500.3135.

2. On June 3, 2011, the Wayne County Circuit Court further awarded $4,231.08 in costs, $25,560.00 in attorneys' fees, and $108,200.50 in interest up through June 30, 2011. Exhibit 6-1 (attached to Claim 201). This order closed the case, and the City appealed. The appeal was decided against the City well after the City had filed its bankruptcy petition.

3. On December 11, 2013, Beydoun and his attorney Guzall filed Claim 201 in the amount of $2,334,113.50 based on the court judgment and subsequent award of fees and costs. Claim 201. Beydoun calculated his claim as including post-petition interest, even though his claim is unsecured.

4. As explained in the *City of Detroit's Objection to Claim Number 201* ("Claim 201 Objection," Doc. No. 11622), unsecured claims are not entitled to

post-petition interest. The City thus filed the Claim 201 Objection, seeking allowance of Claim 201 in the amount of $2,293,293.06, $20,000 to be allowed in cash and $2,273,293.06 to be allowed as a general unsecured Class 14 claim. The objection to Claim 201 is scheduled to be heard on November 16, 2016.

5. On October 30, 2012, the City received notice that Guzall, Beydoun's attorney, was no longer associated with "Barry A. Siefman, P.C., formerly known as "Seifman and Guzall, P.C." ("Notice," attached as Exhibit 6-2). The Notice advised that Barry A. Siefman, P.C. ("Seifman Law Firm") claimed a lien against the proceeds of the Beydoun judgment, as part of an ongoing lawsuit between Siefman and Guzall over who was entitled to collect attorneys' fees in various cases, including Beydoun's case. The City contacted David Warren who represented Seifman and the Seifman Law firm in this dispute and requested documentation showing that this lien still exists, but received no documentation. A call to David Landry who was the named attorney for Guzall in this lawsuit revealed that his firm no longer represents Guzall. The City is thus unable to determine whether Seifman and Guzall ever resolved this dispute.

6. On February 18, 2014, GSB filed proof of claim number 1075, asserting a $27,271.94 claim against the City ("Claim 1075," attached as Exhibit 6-3). Claim 1075 is based on a writ of garnishment issued on April 28, 2011, which is in turn based on a judgment issued on June 28, 2007, in case 06-44397-GCT in

the Twentieth Judicial District Court for the State of Michigan ("GSB Writ," attached to Claim 1075). The City objected to Claim 1075 because GSB does not have a direct claim against the City. *See City of Detroit's Objection to Claim Number 1075* ("Claim 1075 Objection," Doc. No. 11623).

7.     In addition to GSB, Kajy Development, L.L.C. ("Kajy") also served a writ of garnishment for $168,017.21 on the City. This writ was issued on May 20, 2011, and was based on a judgment issued on October 15, 2007, in Case Number 07-713584-C (*Kajy Development, LLC v. Michael Beydoun*) in the Third Judicial Circuit Court for the State of Michigan (attached as Exhibit 6-4) (the "Kajy Writ").

8.     To resolve the rights of the Claimants to Claim 201, the City filed the instant Motion.

## ARGUMENT

9.     In general, garnishments are "first in time, first in right" under Michigan law. "Michigan follows the general rule that a garnishment lien attaches upon service of the writ." *Mich. Tractor & Mach. Co. v. Elsey*, 216 Mich. App. 94, 97 (1996); *see also* M.C.L. § 600.4012(2) (albeit applying to periodic garnishments); M.C.R. 3.101(B)(1)(c) (same).

10.     Here, the GSB Writ issued on April 28, 2011, and the Kajy Writ issued a month later on May 20, 2011. Thus, the City believes that the GSB Writ

has priority and should be entitled to claim the $20,000 in cash attributable to Claim 201.

11.    After application of the $20,000 in cash, there is still a claim of $7,271.94 under the GSB Writ.  The City proposes to allow GSB a Class 14 Other Unsecured Claim in the amount of $7,271.94 in full satisfaction of the GSB Writ.

12.    The Kajy Writ asserts a claim in the amount of $168,017.21.  The City proposes to provide Kajy a Class 14 Other Unsecured Claim in that amount in full satisfaction of the Kajy Writ.

13.    After satisfaction of the GSB and Kajy Writs, Claim 201 still would have $2,098,003.91 in face value remaining.  The City proposes to allow Claim 201 in this amount in favor of claimant Beydoun, unless Guzall, Seifman, or their respective attorneys file papers with the Court establishing that they have a claim to the $25,000 in attorneys' fees awarded to Beydoun or to any other portion of Claim 201.  Both Guzall and Seifman and their respective attorneys have been served with this Motion to ensure they have an opportunity to respond.

14.    Of course, if the Court believes a more equitable distribution exists, the City is willing to abide by it, so long as the City is not held liable for more than the allowed amount of Claim 201 as treated under the Plan.

15.    Because this Motion is related to the Claim 201 Objection and the Claim 1075 Objection, the City believes the matters should all be heard and determined concurrently.

16.    Accordingly, the City asks the Court (1) to hear this matter on November 16 along with the Claim 201 Objection and the Claim 1075 Objection and (2) enter the proposed order appended as Exhibit 1.

October 13, 2016                 Respectfully submitted,

                                 By: /s/ Marc N. Swanson
                                     Jonathan S. Green (P33140)
                                     Marc N. Swanson (P71149)
                                     MILLER, CANFIELD, PADDOCK AND
                                     STONE, P.L.C.
                                     150 West Jefferson, Suite 2500
                                     Detroit, Michigan 48226
                                     Telephone: (313) 496-7591
                                     Facsimile: (313) 496-8451
                                     green@millercanfield.com
                                     swansonm@millercanfield.com

                                           and

                                     Charles N. Raimi (P29746)
                                     Deputy Corporation Counsel
                                     City of Detroit Law Department
                                     2 Woodward Avenue, Suite 500
                                     Coleman A. Young Municipal Center
                                     Detroit, Michigan  48226
                                     Telephone: (313) 237-0470
                                     Facsimile: (313) 224-5505
                                     raimic@detroitmi.gov

                                 ATTORNEYS FOR THE CITY OF DETROIT

## EXHIBIT LIST

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice of Objection |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6-1 | Claim 201 |
| Exhibit 6-2 | Notice of Attorney's Lien |
| Exhibit 6-3 | Claim 1075 |
| Exhibit 6-4 | Kajy Development LLC Garnishment |

## EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## [PROPOSED] ORDER GRANTING CITY OF DETROIT'S
## MOTION TO DETERMINE RIGHTS TO CLAIM NUMBER 201

This matter having come before the Court on the *City of Detroit's Motion to Determine Rights to Claim Number 201* ("Motion"), upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.     The Motion is granted.

2.     The City will pay to General Shale Brick, Co., the amount of $20,000.

3.     General Shale Brick, Co. is allowed a Class 14 Other Unsecured Claim in the City's bankruptcy case in the amount of $7,271.94.

4.     The actions in paragraphs 2 and 3 of this Order satisfy all claims General Shale Brick, Co. may have against the City or against property the City may hold that would be payable or otherwise deliverable to Michael Beydoun.

5.     Kajy Development, L.L.C. is allowed a Class 14 Other Unsecured Claim in the City's bankruptcy case in the amount of $168,017.21.

6.     Paragraph 5 of this Order satisfies all claims Kajy Development, L.L.C. may have against the City or against property the City may hold that would be payable or otherwise deliverable to Michael Beydoun.

7.     Claim 201 is allowed as a Class 14 Other Unsecured Claim in the reduced amount of $2,098,003.91 to claimant Michael Beydoun.

8.     The City's claims agent is authorized to update the claims register in accordance with the terms of this Order.

9.     The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

## EXIHBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF OPPORTUNITY TO RESPOND TO
## CITY OF DETROIT'S (I) OBJECTIONS TO CLAIMS NUMBERS
## 201 AND 1075 AND (II) MOTION FOR DECLARATORY RULING
## AS TO THE RESPECTIVE RIGHTS OF CLAIMANTS

The City of Detroit has filed its *City of Detroit's Motion to Determine Rights*

*to Claim Number 201* (the "Motion").

**Your rights may be affected.  You should read these papers carefully**

**and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the Motion, within

14 days, you or your attorney must:

1.   File with the court a written response or an answer, explaining your

position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

---

[1]   Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated: October 13, 2016

# EXHIBIT 4 – CERTIFICATE OF SERVICE
## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

The undersigned hereby certifies that on October 13, 2016, he caused a copy of the *City of Detroit's Motion to Determine Rights to Claim Number 201* to be served upon all parties registered for ECF service and by first class mail to the following parties:

Raymond Guzall III, P.C.
31555 West Fourteen Mile Road
Suite 320
Farmington Hills, MI 48334

Barry A. Seifman
Barry A. Seifman, P.C.
30445 Northwestern Hwy, #310
Farmington Hills, MI 48334

David W. Warren
Joelson Rosenberg, PLC
30665 Northwestern Hwy, #200
Farmington Hills, MI 48334

Michael Beydoun
6307 Heyen
Dearborn Heights, MI 48127

David B. Landry
Nancy Vayda Dembinski
Landry, Mazzeo & Dembinski PC
37000 Grand River, Ste 200
Farmington Hills, MI 48335

General Shale Brick, Inc.
c/o John Colucci
33659 Angeline
Livonia, MI 48150

Kajy Development, L.L.C.
c/o David W. Yaldo
4036 Telegraph Road, Suite 204
Bloomfield Hills, MI 48302

Dated: October 13, 2016

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

**EXHIBIT 6-1**

**Claim 201**

B10 (Official Form 10) (04/13) (Modified)

**FILED**

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

Name of Debtor: **City of Detroit, Michigan**          Case Number: **13-53846**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

2013 DEC 11 A 11: 03

U.S. BANKRUPTCY COURT
E. DIST. MICHIGAN-DETROIT

Name of Creditor (the person or other entity to whom the debtor owes money or property):
*Michael Bey Dorn & his attorney - Raymond Guzall IV*

Name and address where notices should be sent:
*Raymond Guzall III P.C.*
*31555 West Fourteen Mile Rd, Suite 320*
*Farmington Hills, MI 48334*
Telephone number: *248 702-6122* email: *RAYGUZAIL@attorneyguzall.com*

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:          email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:**          $ *2,334,113.50  Through Dec. 31, 2013, and*
   *interest is still accruing*

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** *Judgment and Court Order*
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** *Court case # 09-026647 NI*
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a)

4. **Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate ☐Motor Vehicle ☐Other
Describe:

**Value of Property:** $_____

**Annual Interest Rate (when case was filed)** _____% ☐Fixed or ☐Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**          $_____

5b. **Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C.** § _____          $_____

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted".) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:** (See instruction # 8)
Check the appropriate box.

☒ I am the creditor.   ☒ I am the creditor's authorized agent.          ☐ I am the trustee, or the debtor,
*as to attorney fees*          *as to Judgment*          or their authorized agent.
*and costs*          (See Bankruptcy Rule 3004.)

☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *Raymond Guzall III*
Title:          *Attorney*
Company: *Raymond Guzall III P.C.*
Address and telephone number (if different from notice address above):

_____          (Signature)          *12-9-13*          (Date) **RECEIVED**

Telephone number:          email:

**DEC 16 2013**

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**KURTZMAN CARSON CONSULTANTS**

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHAEL BEYDOUN,

Plaintiff,

v

CHARLES BENJAMIN WILLS JR.
and CITY OF DETROIT,
jointly and severally,

Defendants.

Beydoun, Michael v Wills, Charles
Hon. Robert J Colombo, Jr.          10/29/2009

09-026647-NI

_____/

Barry A. Seifman (P20197)
Raymond Guzall III (P60980)
SEIFMAN & GUZALL, P.C.
Attorney for Plaintiff
30665 Northwestern Hwy. #255
Farmington Hills, MI 48334
(248)538-0711

Marion R. Jenkins (P26257)
Assistant Corporation Counsel
Attorney for Defendant City of Detroit
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3032

_____/

## ORDER OF JUDGMENT AGAINST CITY OF DETROIT
## IN FAVOR OF PLAINTIFF MICHAEL BEYDOUN

At a session of said Court, held in the City of
Detroit, County of Wayne, State of Michigan,
on _____ APR 26 2011 _____

PRESENT: HON._____ ROBERT J. COLOMBO, JR
HON. ROBERT J. COLOMBO, JR.

This matter having come before the Court, and tried before a jury, and the

jury rendering a verdict on April 8, 2011, and the Court being fully advised in the

premises:

IT IS HEREBY ORDERED that judgment is entered in favor of Plaintiff in the

amount of $125,000.00 for non-economic damages from the date of Plaintiff's injury

to the date of the jury verdict and $125,000.00 for future non-economic damages,

against the Defendant, City of Detroit.

IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff in the amount of $542,405.00 from the date of Plaintiff's injury to the date of the jury verdict as economic damages against the City of Detroit, and $1,493,250.00 in future economic damages against the Defendant, the City of Detroit.

IT IS FURTHER ORDERED that the above judgment amounts against the Defendant, City of Detroit, are reduced by 10% for comparative negligence pursuant to the jury's verdict. Therefore, it is ordered that the total jury verdict amount of $2,285,655.00 is reduced by 10%, which equates to $228,565.50.

Therefore, IT IS ORDERED that the total judgment in favor of Plaintiff, Michael Beydoun, and against Defendant, the City of Detroit, is $2,056,998.50.

IT IS FURTHER ORDERED that Defendant, Charles Benjamin Wills Jr., is dismissed from the case as of April 7, 2011, as ordered by the Court, after hearing oral arguments from both attorneys in open Court.

IT IS FURTHER ORDERED that Plaintiff, Michael Beydoun, shall be awarded costs and interest as provided by law, and that case evaluation sanctions shall be awarded upon presentment of such proofs to the Court after entry of this Order of Judgment, in accord with the law. This does not close the case because costs, interest and case evaluation sanctions will remain outstanding after entry of this Order.

ROBERT J. COLOMBO, JR.

---
HONORABLE ROBERT J. COLOMBO, JR.

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MICHAEL BEYDOUN,

Plaintiff,

v

Case No. 09-026647- NI

Hon. Robert J. Colombo, Jr.
Bar No. P25806

CHARLES BENJAMIN WILLS JR.
and CITY OF DETROIT,
jointly and severally,

Defendants.
_____/

Barry A. Seifman (P20197)
Raymond Guzall III (P60980)
SEIFMAN & GUZALL, P.C.
Attorney for Plaintiff
30665 Northwestern Hwy. #255
Farmington Hills, MI 48334
(248)538-0711

Marion R. Jenkins (P26257)
Assistant Corporation Counsel
Attorney for Defendant City of Detroit
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-3032
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR COSTS, ATTORNEY FEES AND STATUTORY INTEREST

At a session of said Court, held in the City of
Detroit, County of Wayne, State of Michigan,
on _____ JUN - 3 2011 _____

PRESENT: HON._____ ROBERT J. COLOMBO, JR.
HON. ROBERT J. COLOMBO, JR.


This parties having appeared before the Court through their counsel upon

Plaintiff's Motion for Costs and Attorney Fees Pursuant to Case Evaluation

Sanctions under MCR 2.403 and other applicable law and for statutory interest,

arguments having been heard and the Court being otherwise advised in the

premises:

IT IS HEREBY ORDERED that costs are awarded to Plaintiff in the amount

of $ 4,231.08 , up to the date of this Order.

IT IS FURTHER ORDERED that attorney fees are awarded to Plaintiff's attorneys in the amount of $ $25,650.00 for the reasons stated on the record.

IT IS ALSO FURTHER ORDERED that statutory interest is awarded in the amount of $ 108,200.25 up to the date of June 30, 2011, and that statutory interest will continue to accrue according to law until the judgment and all outstanding monies owed are paid in full by Defendant City of Detroit.

IT IS FURTHER ORDERED THAT DEFENDANTS MOTION FOR New Trial is Denied. This order closes The Case.

ROBERT J. COLOMBO, JR.

_____
HONORABLE ROBERT J. COLOMBO, JR.

A TRUE COPY
CATHY M. GARRETT
WAYNE COUNTY CLERK
BY _____

_____
Raymond Guzall III

_____
MARION R. JENKINS

## INTEREST UPON JUDGEMENT, FEES AND COSTS
## BEYDOUN V CITY OF DETROIT 09-026647-NI

$2,056,998.50 Judgment on April 26, 2011

Interest upon the Judgment through June 30, 2011 = $108,200.25

Attorney fee ordered on June 3, 2011 = $25,650.00

Costs ordered on June 3, 2011 = $4,231.08

October 29, 2009 date of complaint filed

---

## JUDGMENT INTEREST

July 1, 2011 – 3.007%
($2,056,998.50 + interest through June 30, 2011 $108,200.25 = $2,184,600.00  x
.03007 = $65,690.92 / 365 days = $179.97 per day)

184 days x $179.97 per day = $33,115.42

$2,184,600.00 +  $33,115.42 = $2,217,715.40

$2,217,715.40 = amount owed on judgment up to December 31, 2011.

January 1, 2012 - 2.083%
($2,217,715.40 x .02083 = $46,195.01 / 366 days = $126.21 per day)

181 days x $126.21 per day = $22,844.01 (interest from 1-1-12 to 6-30-12)

July 1, 2012 - 1.871%
($2,217,715.40 x .01871 = $41,493.45 / 366 days = $113.37 per day)

185 days x $113.37 per day = $20,973.45 (interest from 7-1-12 to 12-31-12)

compounding $22,844.01 + $20,973.45 = $43,817.46

$2,217,715.40 + $43,817.46 = $2,261,532.80 amount owed on judgment up to
December 31, 2012.

January 1, 2013 - 1.687%
($2,261,532.80 x .01687 = $38,152.05 / 365 = $104.52 per day).

181 days x $104.52 per day = $18,918.12 (interest from 1-1-13 to 6-30-13)

July 1, 2013 - 1.944%
($2,261,532.80 x .01944 = $43,964.19 / 365 = $120.44 per day).

184 days x $120.44 per day = $22,160.96 (interest from 7-1-13 to 12-31-13)

compounding $18,918.12 + $22,160.96 = $41,079.08

$2,261,532.80 + $41,079.08 = **$2,302,611.80** (Total Judgment and interest upon judgment through December 31, 2013).

## INTEREST ON ATTORNEY FEES

$25,650.00

July 1, 2011 – 3.007%
($25,650.00 x .03007 = $771.29 / 365 days = $2.113 per day)

184 days x $2.113 per day = $388.81

January 1, 2012 - 2.083%
($25,650.00 x .02083 = $551.99 / 366 days = $1.508 per day)

181 days x $1.508 per day = $272.97 (interest from 1-1-12 to 6-30-12)

compound $388.81 + $272.97 = $661.78

$25,650.00 + $661.78 = **$26,311.78**

July 1, 2012 - 1.871%
(**$26,311.78** x .01871 = $492.29 / 366 days = $1.345 per day)

185 days x $1.345 per day = $248.83 (interest from 7-1-12 to 12-31-12)

January 1, 2013 - 1.687%
(**$26,311.78** x .01687 = $443.87 / 365 = $1.216 per day).

181 days x $1.216 per day = $220.11 (interest from 1-1-13 to 6-30-13)

compound $248.83 + $220.11 = $468.94

July 1, 2013 - 1.944%
($26,780.07 x .01944 = $520.61 / 365 = $1.426 per day).

184 days x $1.426 per day = $262.44 (interest from 7-1-13 to 12-31-13)

$26,780.07 + $262.44 = **$27,042.51** (Total attorney fees and interest upon attorney fees through December 31, 2013).

## INTEREST ON COSTS

$4,231.08

July 1, 2011 – 3.007%
($4,231.08 x .03007 = $127.22 / 365 days = $.348 per day)

184 days x $.348 per day = $64.13

January 1, 2012 - 2.083%
($4,231.08 x .02083 = $88.13 / 366 days = $.24 per day)

181 days x $.24 per day = $43.44 (interest from 1-1-12 to 6-30-12)

compound   $64.13 + $43.44 = $107.57

$4,231.08 + $107.57 = **$4,338.65**

July 1, 2012 - 1.871%
(**$4,338.65** x .01871 = $81.17 / 366 days = $.22 per day)

185 days x $.22 per day = $41.03 (interest from 7-1-12 to 12-31-12)

January 1, 2013 - 1.687%
(**$4,338.65** x .01687 = $73.19 / 365 days = $.20 per day).

181 days x $.20 per day = $36.29 (interest from 1-1-13 to 6-30-13)

compound $41.03 + $36.29 = $77.32


July 1, 2013 - 1.944%
($4415.97 x .01944 = $85.84  / 365 days = $.235 per day).

184 days x $.235 per day = $43.27 (interest from 7-1-13 to 12-31-13)

$4,415.97 + $43.27 = **$4,459.24** (Total costs and interest upon costs through December 31, 2013).

$2,302,611.80 + $27,042.51 + $4,459.24 = **_$2,334,113.50_** total owed through 12-31-13

**EXHIBIT 6-2**

**<u>Notice of Attorney's Lien</u>**




*Law Offices of*
**Barry A. Seifman, P.C.**
*Attorneys and Counselors*

Barry A. Seifman
Of Counsel:
Kevin J. Watts
Dale T. McPherson

30665 Northwestern Hwy. #255
Farmington Hills, MI 48334
(248) 538-0711
Fax: (248) 932-1112
E-mail: www.seifmanlaw.com

March 8, 2012

Marion R. Jenkins, Esq.
City of Detroit Law Department
First National Building
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226-3535

Re:    Michael Beydoun v Wills, et al.
       Wayne County Circuit Court Case No. 09-026647-NI

Dear Mr. Jenkins:

Please find enclosed recent Orders issued in the Oakland County Circuit Court matter of *Seifman v Guzall* relevant to the escrowing of any costs and/or attorney fees.

Respectfully,

Barry A. Seifman

/am

| STATE OF MICHIGAN OAKLAND COUNTY | ORDER | CASE NO. |
|---|---|---|
| ☒ CIRCUIT ☐ PROBATE<br>☐ General ☒ Family | | 12-125053 CZ |

Court address: 1200 N TELEGRAPH RD DEPT 404 PONTIAC MI 48341-0404

Court telephone no. (248) 858-035

ORI –

| PLAINTIFF | | DEFENDANT |
|---|---|---|
| SEIFMAN et Al | V | GUZAll et Al |

In the matter of: _____

| ATTORNEY | ATTORNEY |
|---|---|
| | |

DEFENdANts shall Hot Distribute Any
Attorney's Fees or costs on Any CASES *PENDING*
of clients That were Formerly
clients of SEIFMAN & GUZAll P.C
until FURTHER ORDER of The
court. Any such Fees shall Be
Held in The Trust Account
OF DAVID LANDRY, ESQ

THE PARTIES AGREE THAT THE CASE OF HANKINS V. CITY OF INKSTER
IS A "PENDING CASE" but THE QUESTION OF JURISDICTION between Federal or State
COURT IS STILL IN ISSUE. 3-7-12

FOR TRUE COPY STAMP ONLY

Date

_____ M Alexander Circuit Judge

STATE OF MICHIGAN
IN THE OAKLAND COUNTY CIRCUIT COURT

BARRY A. SEIFMAN, P.C., a Michigan
Professional Corporation F/K/A SEIFMAN &
GUZALL, P.C., SEIFMAN & ASSOCIATES, P.C.
and THE LAW ADVOCATE, and BARRY
A. SEIFMAN

      Plaintiffs,

vs.

RAYMOND GUZALL, III., an individual
and THE LAW OFFICES OF RAYMOND
GUZALL III, P.C., a Michigan professional
Corporation, jointly and severally,

      Defendants.

Case No. 12-125053 CZ
Hon. James M. Alexander

/

## ORDER TO SHOW CAUSE

At a session of said Court held in the Courthouse, County of Oakland
State of Michigan

On:          FEB 29 2012

PRESENT:   JUDGE JAMES M ALEXANDER
               Circuit Court Judge

The Plaintiffs' Motion for Temporary Restraining Order, Preliminary Injunction

and Order to Show Cause having come before this Honorable Court, and the Court

noting that Plaintiff seeks to preserve the status quo and to prevent the Defendants

from taking, concealing or otherwise disposing of certain of Plaintiff's assets, client

files, clients and client matters and from disposing of the attorney's fees derived

there from, and have requested this Court to issue an Order enjoining Defendants

from disposing of said assets, and to Order Defendants to appear before this Court

and to show cause why such an Order should not be issued, and that an emergency

exists, and that therefore this Order must be issued ex parte, as prayed for, and the Court being fully advised in the premises,

IT IS HEREBY ORDERED that the Defendants named above, appear before this Honorable Court on ___3-21-12___, the _____ day of _____ 2012, at __8:30 a.m.__ o'clock __.m., and show cause why this Court should not issue an Order as requested by Plaintiffs.

IT IS FURTHER ORDERED that the Plaintiffs provide the Defendants with a true copy of this Order within ___7___ (_) days of the date of the entry of this Order.

         __/s/James M. Alexander__
         Circuit Court Judge
                     BD

Status quo shall be maintained until hearing


NOTICE, THIS ORDER CONTAINS DATES SET BY THE COURT
YOU WILL NOT RECEIVE FURTHER NOTICE OF THIS DATE.
JUDGE'S CHAMBERS

LAW OFFICES OF

HARLAND E. COHEN
Managing Partner

PAUL F. JOELSON
HOWARD ROSENBERG
DANIEL H. MOSS
DAVID W. WARREN
MARC N. DRASNIN
RACHEL H. TUCKER
PETER W. JOELSON, LL.M

## JOELSON ROSENBERG, PLC

30665 NORTHWESTERN HWY., SUITE 200
FARMINGTON HILLS, MI 48334

TELEPHONE (248) 855-2233
Facsimile (248) 855-2388

OF COUNSEL
DIXON & MacDONALD, P.C.
------------------
MICHAEL H. FEILER
(1939-1993)

DONALD I. LAKIND
(1932-1999)

October 30, 2012

Ms. Sheri L. Whyte, Esq.
City of Detroit Law Department
660 Woodward Ave., Ste. 1800
Detroit, MI 48326

**Re:** **Michael Beydoun v Charles Benjamin Wills**
**Michigan Court of Appeals Case No. 304729**

Dear Ms. Whyte,

Please find enclosed copies of the following regarding the above matter:

- Notice of Claim of Lien, and
- Certificate of Service.

Upon receipt, please contact Mr. Warren to confirm.

Thank you for your assistance.

Please do not hesitate to contact our office with any questions or comments.

Sincerely,

**JOELSON ROSENBERG, PLC**

Susan C Brohman

Susan C. Brohman
Legal Assistant to David W. Warren

Enclosures

**MICHAEL BEYDOUN**
     Plaintiff-Appellee,

Court of Appeals No. 304729

Wayne County Circuit Court

v

Case No. 09-026647 NI
Hon. Robert J. Colombo, Jr.

**CHARLES BENJAMIN WILLS, JR.,**
     Defendant, and

**CITY OF DETROIT,**
     Defendant-Appellant.

_____/

## NOTICE OF CLAIM OF LIEN

To: The Clerk of the Court and all counsel of record.

Please take notice that an attorney's lien is hereby asserted by the law firm of Barry A. Seifman P.C., (f/k/a Seifman & Guzall P.C.) on any proceeds to be awarded to, paid to or received by Plaintiff relative to the above captioned matter.

The basis for this claim of lien is more fully described in the attached Stipulated Mutual Order, which as been entered in by the Circuit Court for Oakland County, Michigan, which is attached hereto as Exhibit A.

Respectfully submitted,
JOELSON ROSENBERG, PLC

By: _____
DAVID W. WARREN (P32449)
Attorney for Plaintiff
30665 Northwestern Hwy., #200
Farmington Hills, MI 48334
(248) 855-2233

Dated: 10/30/12

**BARRY A. SEIFMAN, P.C.**, a Michigan
Professional Corporation F/K/A **SEIFMAN &
GUZALL, P.C., SEIFMAN & ASSOCIATES, P.C.**
and **THE LAW ADVOCATE**, and **BARRY
A. SEIFMAN**

        Plaintiffs,

vs.

**RAYMOND GUZALL, III.**, an individual
and **THE LAW OFFICES OF RAYMOND
GUZALL III, P.C.**, a Michigan professional
Corporation, jointly and severally,

        Defendants.

Case No. 12-125053 CZ
Hon. James M. Alexander

_____/

| | |
|---|---|
| JOELSON ROSENBERG PLC | LANDRY, MAZZEO & DEMBINSKI PC |
| David W. Warren (P32449) | David B. Landry (P32055) |
| Peter W. Joelson (P51468) | Nancy Vayda Dembinski (P54144) |
| Attorneys for Plaintiffs | Attorneys for Defendants |
| 30665 Northwestern Hwy, Ste 200 | 37000 Grand River, Ste 200 |
| Farmington Hills, MI 48334 | Farmington Hills, MI 48335 |
| (248) 855-2233 | (248) 476-6900 |

RAYMOND GUZALL III
Raymond Guzall III (P60980)
Attorney for Defendants
31555 W. Fourteen Mile Rd., Ste 320
Farmington Hills, MI 48334
(248) 702-6122

## <u>STIPULATED MUTUAL ORDER</u>

At a session of said Court held in the Courthouse,
County of Oakland, State of Michigan

On:       MAR 22 2012
_____

Present:    JUDGE JAMES M ALEXANDER
_____

This matter having come before this Court on a Complaint filed by the Plaintiffs along

with a Motion for Preliminary Injunction, an Answer being filed by Defendant and a Counter

1

13-53846-tjt    Doc 11624    Filed 10/13/16    Entered 10/13/16 14:30:49    Page 29 of 49

Received for Filing Oakland County Clerk 2012 MAR 23 AM 11:12

Complaint being filed by Defendant and the parties having submitted this stipulated Injunctive Order:

NOW THEREFORE IT IS ORDERED that:

1. Any attorney fees and or cost reimbursements, including any contingency fees, hourly fees or fixed fees, paid to Plaintiffs or Defendants, whether directly or indirectly, from or on behalf of any of the following clients, shall be deposited into an interest bearing escrow account maintained by the Court. The clients are identified as follows:

a. Steffan Gaydos v City of Allen Park, Wayne County Circuit Court Case No. 10-013834-CK

b. Greg Eusani v Keith Bowers, Wayne County Circuit Court Case No. 11-010029-CK

c. California Charley's and Gerard Trudel v John Ciotti, et al., Michigan Court of Appeals No. 295575 (consolidated with 295579 and 295659)

d. California Charley's, Gerard Trudel, Patroske Enterprises, Inc. v John Ciotti, et al., Michigan Court of Appeals No. 297008

e. California Charley's, Gerard Trudel, Patroske Enterprises, Inc. v John Ciotti, et al., Michigan Court of Appeals Case No. 299199

f. Pamela Lumetta v US Foodservice, Inc., Michigan Court of Appeals Case No. 306224

g. Maurice Gholston and Ernest Moore v Minority Autohandling Specialist, Michigan Court of Appeals Case No. 305442

h. Paul Mellinger v Midwestern Audit Services, USDC Eastern District of Michigan Case No. 2:11-cv-11326

i. Noah Reyff v Midwestern Audit Services, USDC Eastern District of Michigan Case No. 2:11-cv-10941

j. Michael Beydoun v City of Detroit, Michigan Court of Appeals Case No. 304729

k. Michael Beydoun v Vaughn's Plaza, 3rd Circuit Court Case No. 10-004424-CZ

l. Terrell James, EEOC Case No. 471-011-03322 and 471-010-01802

m. Harry G. Rogers v GM Refrigerated Systems, Inc., Michigan Department of Licensing and Regulatory Affairs Case No. 163542 (appeal of determination)

n. Paul Francart (grievance against Michigan Civil Service Commission)

o. Belleville Exchange and Nidal D. Nawwas v Steven James Villneff, Wayne County Circuit Court Case No. 10-005667-CZ (tried, no cause verdict – owe $25,354.15 in fees and costs)

p. Patrick Beyer (claim against City of Allen Park re: pension benefits) – no lawsuit filed as of Ray's departure, 2/6/12

q. Cassandra Parks v City of Allen Park, 3rd Circuit Court Case No.11-009060-CZ

2.    The case of Hankins v City of Inkster, USDC ED Mich Case No. 2:09-cv-13395 shall be excluded from this Order. Should Federal Judge Tarnow refuse to exercise jurisdiction over the issue of the fee distribution then the issue shall return to this Court.

3.    These attorney's fees and costs shall be held by this Court in said Court's interest bearing escrow account until further Order of this Court.

4. Defendants shall provide an accounting of any attorney's fees or other costs they may have received from January 1, 2012 to the present in those cases listed in paragraph 1 of this Order.

5.    Plaintiffs shall provide to Defendants' Attorneys by 4/15/12 a list and breakdown of all outstanding costs advanced by Seifman & Guzall PC on each file listed in Paragraph 1 of this Order.

6.    Plaintiffs shall provide to Defendants' Attorneys by 4/15/12 a list of all outstanding unpaid hourly fees known to Plaintiff, owing to Seifman & Guzall in each file listed in Paragraph 1 of this Order.

7.    Plaintiffs shall return to the respective clients listed in Paragraph 1 of this Order, by 4/25/12 any and all unearned retainer fees and/or unused costs held in escrow by Seifman & Guzall with a copy of same provided to defendants' Attorneys.

3

8.  Plaintiffs shall maintain the status quo in the operation of Plaintiff law firm and not engage in any action to deplete the assets of the firm other than in the usual and customary course of its business, pending a resolution of this case or further order of this Court.

9.  This order supersedes the Stipulated Order of this Court dated March 7, 2012.

IT IS SO ORDERED

/s/James M. Alexander
Circuit Court Judge

BD

I stipulate to the entry of this order

David W. Warren (P32449)
Attorney for Plaintiffs

David B. Landry (32055)
Attorney for Defendants

4

Received for Filing Oakland County Clerk 2012 MAR 23 AM 11:12

**MICHAEL BEYDOUN**
    Plaintiff-Appellee,

v

**CHARLES BENJAMIN WILLS, JR.,**
    Defendant, and

**CITY OF DETROIT,**
    Defendant-Appellant.

Court of Appeals No. 304729

Wayne County Circuit Court

Case No. 09-026647 NI
Hon. Robert J. Colombo, Jr.

_____/

## <u>CERTIFICATE OF SERVICE</u>

NOW COMES Susan C. Brohman and hereby states that October 30, 2012, **Notice Of Claim Of Lien** and this **Certificate of Service** were served via mail by placing same in a United States postal receptacle, postage prepaid, addressed to:

Ms. Sheri L. Whyte, Esq.
City of Detroit Law Department
660 Woodward Ave., Ste. 1800
Detroit, MI 48326

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

                              *Susan C Brohman*
                              Susan C. Brohman

**EXHIBIT 6-3**

**<u>Claim 1075</u>**

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | PROOF OF CLAIM RECEIVED |
|---|---|---|

**RECEIVED**

**FEB 1 8 2014**

**KURTZMAN CARSON CONSULTANTS**

Name of Debtor: **City of Detroit, Michigan**     Case Number: **13-53846**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**General Shale Brick Company**

Name and address where notices should be sent:
General Shale Brick Company
C/O John Colucci, Esq.
33659 Angeline, Livonia, MI 48150
734.956.0660        coluccilawfirm@gmail.com

Telephone number:            email:

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above):

☒ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:            email:

**1. Amount of Claim as of Date Case Filed:**     $ **$27,271.94**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

**2. Basis for Claim:** See Attached.
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** n/a

**3a. Debtor may have scheduled account as:**_____
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $_____

Nature of property or right of setoff: ☐Real Estate  ☐Motor Vehicle  ☐Other
Describe:

**Basis for perfection:**_____

**Value of Property:** $_____

**Amount of Secured Claim:** $_____

**Annual Interest Rate (when case was filed)**_____% ☐Fixed or ☐Variable

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**     $_____

**5b. Amount of Claim Otherwise Entitled to Priority.  Specify Applicable Section of 11 U.S.C. §** _____.     $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☐ I am the creditor.  ☒ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **John Colucci**
Title: **Attorney and Agent**
Company: **Law Offices of John Colucci**
Address and telephone number (if different from notice address above):
**33659 Angeline, Livonia, MI 48150**

(Signature)                    (Date) 2/4/14

**734.956.0660**        coluccilawfirm@gmail.com
Telephone number:            email:

*Law Offices of*

## John Colucci, PLC

*33659 Angeline*
*Livonia, MI 48150*
*Telephone (734) 956-0660*
*Fax (734) 956-0661*
*coluccilawfirm@gmail.com*

February 14, 2014

Via Priority Mail
City of Detroit Claims Processing Center
C/O KCC
2335 Alaska Ave.
El Segundo, CA 90245

Re: In Re City of Detroit, Ch 9, Case No. 13-53846

To Whom it May Concern:

Please find enclosed and original and copy of the Proof of Claim of General Shale Brick Company. Please file in your usual manner and return a time stamped copy in the enclosed return mailer.

Please call with any questions.

Sincerely,

John Colucci

Enc.

## Supplement to General Shale Brick Proof of Claim

A. General Shale served a pre-petition Writ of Garnishment (the "Garnishment") on the City of Detroit in connection with certain litigation styled **Beydoun v. City of Detroit** (a copy of which is attached as **Exhibit A**);

B. Prior to service of the Garnishment, a jury verdict was returned in favor of Beydoun and against the City of Detroit in the proceedings styled <u>Beydoun v. City of Detroit, et. al.</u>, Wayne County Circuit Court, Case No. 09-026647-NI in an amount exceeding $2,000,000.00 (the "Verdict") (a copy of which is attached as **Exhibit B**);

C. Judgment has been entered on the Verdict and affirmed by the Michigan Court of Appeals, in the proceedings styled <u>Michael Beydoun v. Charles Benjamin Wills, Jr., et. al.</u>, Court of Appeals No. 304729 (the "Appeal");

D. The City of Detroit sought leave to appeal to the Michigan Supreme Court, but on information and belief, further review has been stayed as a result of these Chapter 9 proceedings.

E. Mr. Beydoun and/or his authorized agent has filed a claim in these Chapter 9 proceedings, with said claim being identified as Claim No. 201 (the "Beydoun Claim").

F. On or about August 30, 2011, an Order was entered directing the City of Detroit to pay General Shale the sum of ($27,271.94) (a true copy of the Order is attached as Exhibit C).

G. General Shale has a right to payment from the City of Detroit on account of the Beydoun Claim and therefore has filed this Claim.

By: _____
John G. Colucci (P40716)
33659 Angeline
Livonia, MI 48150
(734) 956.0660
Attorney for General Shale Brick, Inc.
734.956.0660

# EXHIBIT A

| Original - Court | 3rd copy - Return (proof of service) |
|---|---|
| 1st copy - Garnishee | 4th copy - Plaintiff/Attorney (proof) |
| 2nd copy - Defendant | |

| STATE OF MICHIGAN | REQUEST AND WRIT FOR GARNISHMENT (NON-PERIODIC) | CASE NO. |
|---|---|---|
| __20__ JUDICIAL DISTRICT<br>_____ JUDICIAL CIRCUIT | | 06-44397-GCT |

| Court address | • Zip code | Court telephone no. |
|---|---|---|
| 25637 Michigan Ave., Dearborn Heights, MI | 48125 | (313) 277-7840 |

| Plaintiff name and address | | Defendant name and address |
|---|---|---|
| General Shale Brick, Inc.<br>c/o John Colucci<br>33659 Angeline, Livonia, MI 48150 | v | Michael Beydoun<br>6307 Heyden<br>Dearborn Heights, MI 48127 |

Plaintiff's attorney, bar no., and address
John Colucci P40716
33659 Angeline
Livonia, MI 48150
Telephone no.
734.956.0660

| Social security no. | Account no. |
|---|---|

Garnishee name and address
City of Detroit
C/O Law Dept. 660 Woodward Ave., Ste 1650
First National Building, Detroit, MI 48226

## REQUEST

1. Plaintiff received judgment against defendant for $ 25,140.07 on June 28, 2007
2. The amount of the unsatisfied judgment now due (including interest and costs) is • $ 27,271.94
3. Plaintiff knows or with good reason believes that the garnishee is indebted to or possesses or controls property belonging to the defendant.
4. **Plaintiff requests** a writ of non-periodic garnishment.
I declare that the statements above are true to the best of my information, knowledge, and belief.

4/28/2011
Date                                   Plaintiff/Agent/Attorney signature

## WRIT OF GARNISHMENT    To be completed by the court. See other side for additional information and instructions.

**TO THE PLAINTIFF:** You must provide all copies of the disclosure form (MC 14), 2 copies of this writ for serving on the garnishee, and any applicable disclosure fee. You are responsible for having these documents served on the garnishee within 91 days. If the disclosure states that the garnishee holds property **other than money** belonging to the defendant, you must motion the court within 56 days after the disclosure is filed for an order to apply the property toward the judgment.

**TO THE DEFENDANT:**
1. Do not dispose of any negotiable instrument representing a debt of the garnishee or any negotiable instrument of title representing property in which you claim an interest held in the possession or control of the garnishee.
2. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, the property or debt held under this writ may be applied to the judgment **28 days** after this writ was mailed or delivered to the garnishee.

**TO THE GARNISHEE:**
1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last known address by first class mail.
2. Deliver no tangible or intangible property and pay no obligation to the defendant unless allowed by statute or court rule.
3. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure (form MC 14) to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this order.
4. If indebted to the defendant, you must withhold an amount not to exceed the amount of the judgment stated in item 2. of the request. Payment of withheld funds must be made **28 days** after you are served with this writ unless notified that an objection has been filed.

You are ordered to make the payment withheld under this writ payable to ☐ the plaintiff ☒ the plaintiff's attorney ☐ the court

and mail it to: ☐ the plaintiff. ☒ the plaintiff's attorney. ☐ the court.

5. If you hold property other than money belonging to the defendant, do not transfer it until further order of the court.

| 4/28/11 | 7/28/11 | |
|---|---|---|
| Date of issue | Expiration date | Deputy court clerk |

MC 13 (3/01) **REQUEST AND WRIT FOR GARNISHMENT (NON-PERIODIC)** MCL 600.4011 et seq., MSA 27A.4011 et seq., MCR 3.101

# EXHIBIT B

MICHAEL BEYDOUN,

    Plaintiff,

v

CHARLES BENJAMIN WILLS JR.
and CITY OF DETROIT,
jointly and severally,

    Defendants.

Case No. 09-026647- NI

Hon. Robert J. Colombo, Jr.
Bar No. P25806

FILED
CATHY M. GARRETT
WAYNE COUNTY CLERK
APR - 8 2011
BY _____

### VERDICT FORM

We, the jury, make the following answers to the questions submitted by the Court:

QUESTION NO. 1:  Was Police Officer Wills negligent?

Answer: Yes  (yes or no)

If your answer is "no," do not answer any further questions.

---

QUESTION NO. 2:  Was the Police Officer Wills' negligence a proximate cause of the injury or damage to the plaintiff?

Answer: Yes  (yes or no)

If your answer is "no," do not answer any further questions.

QUESTION NO. 3: What is the total amount of plaintiff's <u>non-economic</u> damages for physical pain and suffering, mental anguish, denial of social pleasure and enjoyments, and/or disability including loss of impairment of neck and left arm?

Answer: To today's date $ _125,000.—_

Future $ _125,000.—_

QUESTION NO. 4: What is the total amount of plaintiff's <u>economic</u> damages for income loss?

Answer: To today's date $ _542,405.—_

Future $ _1,493,250.—_

QUESTION NO. 5: Was the plaintiff negligent?

Answer: _Yes_ (yes or no)

If your answer is "no," do not answer any further questions.

QUESTION NO. 6:   Was the plaintiff's negligence a proximate cause of the injury or damage to the plaintiff?

Answer: Yes (yes or no)

If your answer is "no," do not answer any further questions.

QUESTION NO. 7:   Using 100 percent as the total combined negligence which proximately caused the injury or damage to the plaintiff, what percentage of such negligence is attributable to the plaintiff?

Answer:  10. percent

Please note that the Court will reduce the total amount of plaintiff's damages entered in Questions No. 3 and 4 by the percentage of negligence attributable to plaintiff, if any, entered in Question No. 7.  However, Plaintiff is not entitled to non-economic damages (Question 3) if more than 50% at fault for his injuries.

Signed,

*Annette M Chao*
Foreperson

Date: Ap 8. 2011

# EXHIBIT C

GENERAL SHALE BRICK, INC.

     PLAINTIFF,                          CASE NO. 06-44397-GCT

V.

NATIONAL SPECIALITIES INSTALLATION, INC.
and MICHAEL BEYDOUN, Jointly and Severally,

     DEFENDANTS.

v.

CITY OF DETROIT,

     GARNISHEE DEFENDANT.

_____/

| | |
|---|---|
| John G. Colucci (P40716)<br>33659 Angeline<br>Livonia, MI 48150<br>(734) 956.0660<br>Attorney for General Shale Brick, Inc.<br>734.956.0660 | Mary Beth Cobb (P40080)<br>City of Detroit Law Dept.<br>660 Woodward Ave., Ste 1650<br>First National Building<br>Detroit, MI 48226<br>313-237-3075 |

**ORDER REGARDING PAYMENT BY
GARNISHEE DEFENDANT
CITY OF DETROIT**

At a Session of Said Court
Held on _____ AUG 30 2011

PRESENT: DAVID D. TURFE
_____

Plaintiff General Shale Brick, Inc. ("General Shale"), by its undersigned attorneys, pursuant to

the Michigan Rules of Court ("MRCP") and Garnishee Defendant City of Detroit ("Detroit")

stipulate and agree as follows:

    A.  General Shale served a Writ of Garnishment (the "Garnishment") on the City of Detroit in

        connection with the above captioned matter (a copy of which is attached as **Exhibit A**);

    B.  The City of Detroit acknowledged service of process;

A TRUE COPY
Court Clerk
Date 8-30-11

C. The City of Detroit filed its Garnishee Disclosure denying liability to Defendant Beydoun.

D. Prior to service of the Garnishment, a jury verdict was returned in favor of Beydoun and against the City of Detroit in the proceedings styled <u>Beydoun v. City of Detroit, et. al.</u>, Wayne County Circuit Court, Case No. 09-026647-NI in an amount exceeding $2,000,000.00 (the "Verdict") (a copy of which is attached as **Exhibit B**);

E. Judgment has been entered on the Verdict and the City of Detroit has appealed the Judgment, in the proceedings styled <u>Michael Beydoun v. Charles Benjamin Wills, Jr., et. al.</u>, Court of Appeals No. 304729 (the "Appeal");

F. General Shale served interrogatories and discovery requests within the time permitted under MCR 3.101(L);

G. A copy of the Garnishment has been served on Mr. Beydoun and no objections have been filed or served;

H. The Court being otherwise advised in the premises.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT, upon the conclusion of the Appeal filed by the City of Detroit, whether by dismissal, stipulation ~~settlement~~ or other order of the Court of Appeals, the City of Detroit shall pay to General Shale Brick, from amounts otherwise due Beydoun under the Judgment as entered or modified, the amount due under the Garnishment ($27,271.94) by check payable to the Colucci Client Trust Account and delivered to attorney John Colucci, 33659 Angeline, Livonia MI 48150, 734.956.0660.

IT IS FURTHER ORDERED THAT pursuant to Michigan Rule of Court 3.101, the garnishment served on the City of Detroit shall remain in full force and effect until further order of the Court and the City of Detroit shall pay no obligation to the Defendant Beydoun until further order of the Court, OR PAYMENT to GENERAL SHALE BRICK IN ACCORDANCE with the PARAGRAPH Immediately Above.

IT IS FURTHER ORDERED THAT the Court shall retain jurisdiction to enforce this Order.

By: _____  8/30/14

District Court Judge

| By: _____ | By: _____ |
|---|---|
| John G. Colucci (P40716) | Mary Beth Cobb (P40080) |
| 33659 Angeline | City of Detroit Law Dept. |
| Livonia, MI 48150 | 660 Woodward Ave., Ste 1650 |
| (734) 956.0660 | First National Building |
| Attorney for General Shale Brick, Inc. | Detroit, MI 48226 |
| 734.956.0660 | 313-237-3075 |

# EXHIBIT 6-4

## <u>Kajy Development, L.L.C. Garnishment</u>

Original - Court (Part 1)
1st copy - Garnishee (Part 2)      3rd copy - Return (proof of service) (Part 1)
2nd copy - Defendant (Part 2)      4th copy - Plaintiff/Attorney (proof) (Part 2)

Approved, SCAO

| STATE OF MICHIGAN | | REQUEST AND WRIT FOR GARNISHMENT (NONPERIODIC) | • CASE NO. |
|---|---|---|---|
| ____ JUDICIAL DISTRICT | | | 07-713584-C |
| 3rd JUDICIAL CIRCUIT | | | Hon. Prentis Edwards |

Court address     • Zip code                    Court telephone no.

201 CAYMC, Two Woodward Avenue, Detroit, MI 48226        (313) 224-5510

Plaintiff name and address (judgment creditor)
Kajy Development, L.L.C.
805 Baldwin Avenue
Pontiac, MI 48340

     v

Defendant name and address (judgment debtor)
Michael Beydoun
6307 Heyden
Dearborn Heights, MI 48127

Plaintiff's attorney, bar no., and address
David W. Yaldo (P36817)
4036 Telegraph Road, Suite 204
Bloomfield Hills, MI 48302
Telephone no.
(248) 645-1500

Social security no.            Account no.

Garnishee name and address

City of Detroit, Attn: Law Department
660 Woodward Avenue, Suite 1650
Detroit, MI 48226

---

**REQUEST**    **See instructions for item 2 on other side.**

1. Plaintiff received judgment against defendant for $ 148,000.00 _____ on October 15, 2007 _____.
2. The total amount of judgment interest accrued to date is $ 20,017.21 ____. The total amount of postjudgment costs accrued to date is $ 0.00 ____. The total amount of postjudgment payments and credits made to date is $ 0.00 ____. The **amount of the unsatisfied judgment now due (including interest and costs) is** • $ 168,017.21 ____.
3. Plaintiff knows or with good reason believes the garnishee is indebted to or possesses or controls property belonging to defendant.
4. **Plaintiff requests** a writ of nonperiodic garnishment.

I declare that the statements above are true to the best of my information, knowledge, and belief.

05/18/2011
Date

Plaintiff/Agent/Attorney signature

---

**WRIT OF GARNISHMENT**    **To be completed by the court. See other side for additional information and instructions.**

**TO THE PLAINTIFF:** You must provide all copies of the disclosure form (MC 14), two copies of this writ for serving on the garnishee, and $1.00 disclosure fee. You are responsible for having these documents served on the garnishee within 91 days. If the disclosure states that the garnishee holds property **other than money** belonging to the defendant, you must motion the court within 56 days after the disclosure is filed for an order to apply the property toward the judgment. **NOTE:** The social security number field is blacked out on the court copies for security reasons, but will appear on the garnishee, defendant, and plaintiff copies.

**TO THE DEFENDANT:**
1. Do not dispose of any negotiable instrument representing a debt of the garnishee or any negotiable instrument of title representing property in which you claim an interest held in the possession or control of the garnishee.
2. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, the property or debt held under this writ may be applied to the judgment **28 days** after this writ was mailed or delivered to the garnishee.

**TO THE GARNISHEE:**
1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last-known address by first-class mail.
2. Deliver no tangible or intangible property and pay no obligation to the defendant unless allowed by statute or court rule.
3. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure (form MC 14) to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this order.
4. If indebted to the defendant, you must withhold an amount not to exceed the amount of the judgment stated in item 2 of the request. Payment of withheld funds must be made **28 days** after you are served with this writ unless notified that an objection has been filed.
   **You are ordered to make the payment withheld under this writ payable to**
   [✓] the plaintiff    [ ] the plaintiff's attorney    [ ] the court
   **and mail it to:** [ ] the plaintiff.    [✓] the plaintiff's attorney.    [ ] the court.
5. If you hold property other than money belonging to the defendant, do not transfer it until further order of the court.

MAY 20 2011      AUG 19 2011
Date of issue      Expiration date for service      Deputy court clerk

MC 13 (3/08) REQUEST AND WRIT FOR GARNISHMENT (NONPERIODIC) (Part 2)      MCL 600.4011 et seq., MCR 3.101