UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                                  Chapter 9

            Debtor.                            Judge Thomas J. Tucker
_____/

**OPINION REGARDING CITY OF DETROIT'S MOTION TO ENFORCE
SETTLEMENT AGREEMENT [ETC.] AGAINST TAMMY HOWARD
AS PERSONAL REPRESENTATIVE FOR THE ESTATE OF
SHELDON BELL, JR., DECEASED (DOCKET # 11535);
AND ORDER CANCELLING OCTOBER 19, 2016 HEARING ON SUCH MOTION**

      This case is before the Court on the City of Detroit's motion, filed September 8, 2016, entitled "City of Detroit's Motion to Enforce Settlement Agreement and Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims Against Tammy Howard as Personal Representative for the Estate of Shelton Bell, Jr., Deceased" (Docket # 11535, the "Motion"). The respondent, Tammy Howard as Personal Representative for the Estate of Shelton Bell, Jr., Deceased ("Tammy Howard"), filed a response to the Motion, on September 23, 2016 (Docket # 11589). The City of Detroit (the "City") filed a reply in support of the Motion, on October 13, 2016 (Docket # 11621). The Court has reviewed all of these items, and all exhibits filed with these items.

      Currently there is a hearing on the Motion scheduled for October 19, 2016 at 1:30 p.m. The Court now concludes, however, that a hearing on the Motion is not necessary, and that the Motion must be granted for the following reasons.

      Based on the facts alleged in the Motion and admitted in Tammy Howard's response, the Motion must be granted. The City is clearly correct in its interpretation of the settlement agreement, a copy of which is attached as Exhibit 6C to the Motion (the "Settlement

Agreement"). Under the unambiguous terms of that Settlement Agreement, the parties agreed to a settlement of all claims by Tammy Howard against both the City and the City's employee, police officer Alan Williams, in exchange for Tammy Howard having an allowed nonpriority, unsecured claim in the City's bankruptcy case in the amount of $75,000. Such claim entitles Tammy Howard to the treatment given all other creditors who have allowed claims covered by Class 14 of the City's confirmed plan of adjustment, and nothing more. In exchange, Tammy Howard released all claims against both the City and Alan Williams, and agreed to the dismissal with prejudice of the state court action filed by Ms. Howard.

As the City correctly points out in its Motion and in its reply brief, this Court has twice before interpreted the same form of settlement agreement and language as that involved here, in similar disputes involving other parties. And twice before, the Court made the same ruling as it makes here. The Court reiterates and incorporates by reference the rulings and oral bench opinions that it gave in the prior two matters, in further support of the Court's ruling here. The prior matters are the motion filed by Michael McKay (Docket # 11157) and the motion involving Gregory Phillips and Dominique McCartha (Docket # 10272).

With respect to the Michael McKay motion,[1] *see* the Order entered on June 16, 2016 (Docket # 11289), and the transcript of the Court's June 15, 2016 bench opinion (Transcript at Docket # 11348 at pp. 34-39); regarding the settlement agreement at Docket # 11187, Exhibit B.[2]

With respect to the motion involving Gregory Phillips and Dominique McCartha, *see* the Order entered on January 14, 2016 (Docket # 10729), and the transcript of the Court's January

---

[1] The Court notes that the same law firm represented Michael McKay as is representing Tammy Howard.

[2] An appeal was filed by Michael McKay from the Court's June 16, 2016 Order, and that appeal remains pending in the district court, Case No. 16-cv-12407.

13, 2016 bench opinion (Transcript at Docket # 10731 at pp. 37-55); regarding the settlement agreement at Docket # 10272, Exhibit 6C.

For the reasons stated above, the Court will grant the City's Motion (Docket # 11535).

IT IS ORDERED that the City promptly submit a proposed order granting the Motion (Docket # 11535), in the same form as the proposed order that was attached to the Motion. The Court waives presentment of the proposed order.

IT IS FURTHER ORDERED that the hearing on the Motion, currently scheduled for October 19, 2016 at 1:30 p.m., is cancelled.

**Signed on October 18, 2016**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**