# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## SUPPLEMENTAL ORDER REGARDING DEBTOR'S FORTY-SEVENTH OMNIBUS OBJECTION TO CERTAIN CLAIMS, DISALLOWING CLAIM NUMBER 1821 OF HENRY WOLFE III, AND ADJOURNING FURTHER HEARING REGARDING CLAIM NUMBER 785 OF BEATRICE MCQUEEN

This case is before the Court on unresolved aspects of the forty-seventh objection to claims (Docket # 11399, the "Objection"),[1] filed by the Debtor, City of Detroit, Michigan (the "City"), seeking entry of an order disallowing and expunging each of the claims listed on Exhibit 2 to the Objection. The Court finding that the relief granted by this Order is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and the Court finding that no other or further notice of the Objection need be given; and the Court having held a hearing on the Objection on August 31, 2016 and then having entered an Order regarding the Objection on September 9, 2016 (Docket # 11537); and the Court having held a further hearing on the City's objection to claim number 1821 of Henry Wolfe III on October 19,

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Objection.

2016; and the Court finding that the legal and factual bases set forth in the Objection and at the hearings establish just cause for the relief granted by this Order; and for the reasons stated by the Court on the record during the October 19, 2016 hearing;

IT IS ORDERED that:

1. Claim number 1821 of Henry Wolfe III is disallowed and expunged in its entirety under Section 502(b) of the Bankruptcy Code.

2. The further hearing on the City's objection to claim number 785 of Beatrice McQueen, which had been scheduled for October 19, 2016, is adjourned to **November 16, 2016, at 1:30 p.m.,** for the reasons stated by the Court on the record during the October 19, 2016 hearing.

3. The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4. The City is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Objection.

5. Each claim and the objections by the City to each claim as addressed in the Objection and set forth on Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed and constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment

with respect to such claim, and the Court expressly determines that there is no just reason for delay of the entry of the final judgment with respect to such claim. Any stay of this Order will apply only to the contested matter that involves such creditor and for which such stay has been granted or may be in effect, and will not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby, and further provided that the City will have the right, but not the need, to submit a separate order with respect to contested matters or claims.

6.     Nothing in this Order is intended to, will constitute or will be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

.

**Signed on October 20, 2016**

                                    /s/ **Thomas J. Tucker**
                                **Thomas J. Tucker**
                                **United States Bankruptcy Judge**