# INDEX OF EXHIBITS

1. Siefman lawsuit against Guzall, without exhibits

2. Guzall lawsuit against Seifman, without exhibits

3. Order of dismissal of Seifman and Guzall lawsuits and subsequent order specifying payment

4. Proof of escrowed monies by Guzall

5. Case evaluation payment by Seifman to Guzall

6. Agreement between Michael Beydoun and Raymond Guzall III P. C.

7. April 17, 2012 excerpts of Barry Siefman's deposition testimony

8. December 23, 2014 excerpts of Barry Siefman's deposition testimony

9. *Grievance Administrator v Brent S. Hunt*, December 28, 2012 Opinion, Case No. 12-10-GA

10. Affidavits of Raymond Guzall III

11. Affidavit of Michael Beydoun

12. October 16, 2012 excerpts of Barry Seifman's deposition testimony

13. Deposition of Andrea McAnally

14. Documented proofs of Seifman's personal bills improperly paid by Seifman

15. January 25, 2008 document labeled shareholder minutes

16. Law Firm Profit Sharing

17. Payroll of Seifman & Guzall, PC

18. *Barth v Fieger*, No. 306078, 2013 WL 238532 (Mich Ct App Jan. 22, 2013)

# EXHIBIT 1

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COU

OAKLAND COUNTY    12-125053-CZ

JUDGE JAMES M. ALEXANDER
BARRY A SEIFM U GUZALL RAYMON

**BARRY A. SEIFMAN, P.C.,** a Michigan
Professional Corporation F/K/A **SEIFMAN &
GUZALL, P.C., SEIFMAN & ASSOCIATES, P.C.**
and **THE LAW ADVOCATE,** and **BARRY
A. SEIFMAN**

     Plaintiffs,

vs.

Case No.
Hon.

**RAYMOND GUZALL, III.,** an individual
and **THE LAW OFFICES OF RAYMOND
GUZALL III, P.C.,** a Michigan professional
Corporation, jointly and severally,

     Defendants.

JOELSON ROSENBERG PLC
David W. Warren (P32449)
Peter W. Joelson (P51468)
Attorneys for Plaintiffs
30665 Northwestern Highway, Suite 200
Farmington Hills, Michigan 48334
(248) 855-2233

2012 FEB 1 4 P 2 34
RECEIVED FOR FILING
OAKLAND COUNTY CLERK

/

## VERIFIED COMPLAINT

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Barry Seifman ("Seifman") is a licensed attorney in the State of
Michigan, resides in Oakland County, Michigan, and conducts business in Oakland County
Michigan.

2.    Plaintiff **BARRY A. SEIFMAN, P.C.,** a Michigan Professional Corporation
F/K/A **SEIFMAN & GUZALL, P.C., SEIFMAN & ASSOCIATES, P.C.** and **THE LAW
ADVOCATE** (the "Law Firm") is a Michigan professional services corporation with its
principal place of business in Oakland County, Michigan.

3.     Defendant Raymond Guzall III, is a licensed attorney in the State of Michigan and resides in Oakland County, Michigan and conducts business in Oakland County, Michigan.

4.     Defendant The Law Offices of Raymond Guzall III, P.C. is a Michigan professional corporation that conducts business in Oakland County, Michigan.

5.     The amount in controversy exceeds $25,000.00, exclusive of costs, interest and attorney fees and this Court has jurisdiction.

6.     This cause of action arose in Oakland County, and thus venue is proper in this Court.

### GENERAL ALLEGATIONS

7.     Plaintiff Law Firm that was formed on January 25, 1994 by Plaintiff Barry Seifman. (See Articles of Corporation attached hereto as Exhibit A).

8.     At the time of creation, Seifman owned all of the shares of common stock

9.     In or about, July 18, 2006, Plaintiff Law Firm added Defendant Raymond Guzall III. as a 5% shareholder and created the assumed name of 'Seifman and Guzall, P.C.

10.     A copy of the Shareholder Agreement dated July 18, 2006 is attached hereto as Exhibit B.

11.     Initially, Defendant Raymond Guzall III. owned 5% of the outstanding shares of common stock of the Law Firm. See Exhibit B.

12.     Over the course of the years, Defendant Raymond Guzall III.'s shareholder interest was increased to 25% of the outstanding shares of common stock of the Law Firm. See Exhibit B.

13. The shareholder agreement provides that Defendant Raymond Guzall III.'s shareholder interest be transferred back to in the Law Firm should Raymond Guzall III seeks to separate from said Law Firm. See Exhibit B.

14. The shareholder agreement further provides that all client files shall remain the property of the Law Firm.

15. Raymond Guzall was not only a shareholder of the law firm; he was also an officer (and as such had fiduciary obligations to the Law Firm, its other shareholders, employees, clients and creditors).

16. Unknown to Plaintiffs, in January of 2012, as part of his scheme to destroy the Law Firm, Guzall created a new law firm, Defendant The Law Offices of RAYMOND GUZALL III P.C. (See Exhibit C, Articles of Incorporation of The Law Offices of RAYMOND GUZALL III P.C.).

17. Shortly after to creating his new law firm, Guzall began diverting cases, case files and client matters that were formerly the property and assets of the Law Firm to his personal use, or for use by his new law firm. See Exhibit B.

18. Starting on or about January 2012, Guzall began to remove client files from the Law Firm and began to divert clients and client matters from the Law Firm for his own benefit.

19. In violation of the shareholder agreement, Guzall has taken pending client files from Plaintiffs prior to filing this litigation. See Exhibit B.

20. Guzall's diversion of clients and files rightfully belonging to Plaintiff Law Firm and by attribution belonging to Plaintiff Seifman, was not only fraudulent, but also a clear breach of Guzall's fiduciary duties.

21. These acts were taken by Guzall in his campaign to separate himself from the Law Firm and to destroy the other shareholders of the Law Firm.

22.     Also in February of 2012, Guzall sent out announcements to other law firms, clients and others announcing that the law firm of Seifman & Guzall no longer would be handling the client matters and the 'so called partnership was dissolved (See Exhibit D). This action was also taken without the knowledge or consent of the Law Firm or the Plaintiff Barry A. Seifman.

23.     This tortious interference by Guzall was taken without the knowledge or consent of any of the Plaintiffs, and was done with the obvious intention of enriching himself at the expense of his former law firm and his fellow shareholder.

24.     When the Plaintiffs belatedly learned of Guzall's misconduct, tortious interference, misappropriation and conversion, they confronted him.

25.     Guzall has refused to honor his obligations to the Law Firm and to his the shareholders of the Law Firm.

26.     Currently Guzall is operating his new law firm without constriction or restraint.

27.     Although Guzall has clearly resigned from the Law Firm of **BARRY A. SEIFMAN, P.C.**, a Michigan Professional Corporation F/K/A **SEIFMAN & GUZALL, P.C., SEIFMAN & ASSOCIATES, P.C.** and **THE LAW ADVOCATE**, technically he remains a shareholder of the Law Firm (as Defendant Guzall formally announced his resignation as an officer).

28.     Guzall has created his own law firm, has improperly taken, misappropriated, and converted clients, client files, client matters and pending litigation files, from Plaintiffs.

29.     Despite his misconduct, the Plaintiffs have not restricted Guzall's access to client information, client files and the like.

30.     Conversely, Defendant Guzall has prevented Plaintiffs from any access to any of the client files, client information and related documents and information that Guzall has taken from the Plaintiffs.

31.     The Plaintiff Law Firm has continued to maintain its corporate and financial information as it always has.

## COUNT I
## BREACH OF CONTRACT

32.     Plaintiffs restate and reallege the allegations and legal conclusions contained in the foregoing paragraphs as if the same were fully set forth herein.

33.     A contract or contracts existed by and between the parties hereto as described above. See Exhibit B.

34.     Defendant has breached those contractual obligations to Plaintiff as more fully described above.

35.     As a direct, natural and foreseeable consequence of Defendant's breaches, defaults, defalcations and wrongful conduct, Plaintiff has been damaged in an amount well in excess of $25,000.00, exclusive of interest, costs and attorneys fees.

WHEREFORE, Plaintiffs request this Court to enter a Judgment against Defendants, jointly and severally, in an amount in excess of $25,000 and award costs and attorney fees to Plaintiffs

## COUNT II
## VIOLATIONS UNDER MCLA 450.1489

36.     Plaintiffs restate and reallege the allegations and legal conclusions contained in the foregoing paragraphs as if the same were fully set forth herein.

37.     Defendants have willfully engaged in a campaign of harassment, oppression and unfair business practices directed toward Plaintiffs, including but not limited to:

      a.)     misappropriating clients and client files,

      b.)     misappropriation of fees,

      c.)     refusing to pay his shares of the company costs,

      d.)     usurping corporate opportunities,

e.)   exposing Plaintiffs and/or Law Firm to potential liability for unethical behavior,

f.)   conversion of Corporate assets,

g.)   other actions that might become known through discovery.

38.   Defendants' ethical violations, breach of fiduciary duty, and willfully, oppressive and abusive course of conduct has substantially interfered with Plaintiff's interests as a shareholder in violation of MCLA 450.1489.

WHEREFORE, Plaintiffs request this Court to enter a Judgment against Defendants, jointly and severally, in an amount in excess of $25,000 and award costs and attorney fees to Plaintiffs.

## COUNT III
## BREACH OF FIDUCIARY DUTIES BY GUZALL

39.   Plaintiffs restate and reallege the allegations and legal conclusions contained in the foregoing paragraphs as if the same were fully set forth herein.

40.   Defendant Guzall, as officer and shareholder of the Law Firm, owes a strict fiduciary duty and duty of loyalty to Plaintiffs.

41.   Defendant Guzall breached his duties to the Plaintiffs by his actions as alleged above.

42.   Plaintiffs have been damaged as a result of Defendant's breach of his duties.

WHEREFORE, Plaintiffs request this Court to enter a Judgment against Defendants, jointly and severally, in an amount in excess of $25,000 and award costs and attorney fees to Plaintiffs.

## COUNT IV
## UNJUST ENRICHMENT

43.   Plaintiffs restate and reallege the allegations and legal conclusions contained in the foregoing paragraphs as if the same were fully set forth herein.

44.     Defendants have been unjustly enriched at the expense of Plaintiffs as more fully set forth herein.

WHEREFORE, Plaintiffs request this Court to enter a Judgment against Defendants, jointly and severally, in an amount in excess of $25,000 and award costs and attorney fees to Plaintiffs.

### COUNT V
### CONVERSION

45.     Plaintiffs restate and reallege the allegations and legal conclusions contained in the foregoing paragraphs as if the same were fully set forth herein.

46.     Defendant Guzall has wrongfully converted corporate assets of the Law Firm to his own personal use to the detriment of Plaintiffs, including but not limited to client files, client matters, client lists, potential settlement proceeds and other similar property and assets.

47.     Defendant Guzall knew these assets belonged to the Law Firm. (See Exhibit B).

48.     As a direct result of this conversion, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs request this Court to enter a Judgment against Defendants, jointly and severally, in an amount in excess of $25,000 and award costs and attorney fees to Plaintiffs.

### COUNT VI
### UNFAIR COMPETITION

49.     Plaintiffs restate and reallege the allegations and legal conclusions contained in the foregoing paragraphs as if the same were fully set forth herein.

50.     Defendants' improper and illegal conduct related to the Law Firm as set forth above results in unfair competition and confusion of clients regarding Plaintiff's law practice and the Raymond Guzall Law Firm, PC.

51.     As a proximate cause of said unfair competition, Plaintiffs have suffered and continue to suffer irreparable harm, including loss of goodwill and reputation.

WHEREFORE, Plaintiffs request this Court to enter a Judgment against Defendants, jointly and severally, in an amount in excess of $25,000 and award costs and attorney fees to Plaintiffs.

## COUNT VII
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

52.     Plaintiffs restate and reallege the allegations and legal conclusions contained in the foregoing paragraphs as if the same were fully set forth herein.

53.     Defendant Guzall was and is aware of Plaintiffs' relationship with their clients, referral sources, experts, opposing counsel and vendors and expressly agreed that such clients were the property of the Law Firm. (See Exhibit B).

54.     Defendant Guzall has intentionally and maliciously interfered with these business relationships by his actions, including, but not limited to:

        a.)     sending out announcements verbal or otherwise.

        b.)     Soliciting clients away from the Law Firm.

55.     As a direct and proximate result of Defendant's conduct, Plaintiffs have sustained both irreparable damage and money damages related to loss of goodwill and reputation, as well as property and assets.

WHEREFORE, Plaintiffs request this Court to enter a Judgment against Defendants, jointly and severally, in an amount in excess of $25,000 and award costs and attorney fees to Plaintiffs.

## COUNT VIII
## BREACH OF FIDUCIARY DUTIES/USURPATION OF
## CORPORATE OPPORTUNITY

56.     Plaintiffs restate and reallege the allegations and legal conclusions contained in the foregoing paragraphs as if the same were fully set forth herein.

57.     Guzall was, at all relevant times hereto, an officer and remains a shareholder of the Law Firm and, as such, owed fiduciary duties to the other shareholders.

58.     The opportunity to provide legal services to clients and potential clients is a valuable part of the business of the Plaintiff Law Firm.

59.     The Plaintiff Law Firm had the financial and professional ability to perform legal services for clients and potential clients, and the acquisition of those clients and the performance of those services is and would be of practical advantage to Law Firm and its other shareholders.

60.     The Law Firm had a reasonable expectation that it would be retained to perform such legal services.

61.     Guzall, individually and through his newly created business entity, wrongfully seized the opportunities to perform legal services for others, to the harm and detriment of Plaintiffs.

62.     Guzall's actions and usurpations were taken in secret, and without the knowledge or consent of the Plaintiffs.

63.     Guzall, as a shareholder, principal and former officer of Plaintiff Law Firm is and was at all times a fiduciary, and owed to Plaintiffs a duty to communicate all the opportunities to be retained to perform legal services for clients and potential clients, and to disclose all acts of self dealing, such as the actions described herein.

64.     Guzall breached that fiduciary duty to the harm and detriment of Plaintiffs.

WHEREFORE, Plaintiffs request this Court to enter a Judgment against Defendants, jointly and severally, in an amount in excess of $25,000 and award costs and attorney fees to Plaintiffs.

## COUNT IX
## ACTION FOR ACCOUNTING

65.     Plaintiffs restate and reallege the allegations and legal conclusions contained in the foregoing paragraphs as if the same were fully set forth herein.

66.     Plaintiffs are entitled to share in the profits and costs advanced derived from by Defendants as a result of their actions set forth above, including their unjust enrichment, usurpation of opportunities, conversion, misappropriation, breaches and defaults, and are entitled to receive financial reports and other information concerning the financial activities of Defendants.

WHEREFORE, Plaintiffs prays this Honorable Court order Defendants, to provide a full and complete accounting of all of their financials activities, and such other and further relief as is consistent with equity and good conscience.

## COUNT X
## CONSTRUCTIVE TRUST

67.     Plaintiffs restate and reallege the allegations and legal conclusions contained in the foregoing paragraphs as if the same were fully set forth herein.

68.     That all monies earned by the Defendants are and should have been paid to Plaintiff Law Firm, and its shareholders, and Defendants were only able to acquire those funds via a scheme and plan to defraud Plaintiffs.

69.     That this Court must impose a constructive trust upon all such funds and monies acquired by Defendants, and must thereupon order that Defendants deliver to Plaintiff Law Firm all such funds.

WHEREFORE, Plaintiffs request this Court to enter an order requiring that any funds received by Defendants which properly belong to Plaintiffs be held in trust for the benefit of Plaintiffs and such other and further relief as is consistent with equity and good conscience .

## COUNT XI
## REQUEST FOR PRELIMINARY INJUNCTION

70.    Plaintiffs restate and reallege the allegations and legal conclusions contained in the foregoing paragraphs as if the same were fully set forth herein.

71.    Defendants' wrongful removal of client files and other breaches of the shareholder agreement demonstrates a complete disregard for its obligations to Plaintiff Law Firm and has created the reasonable apprehension that Defendants intend to disregard the clear and unequivocal language of such agreements.

72.    It is necessary for the Court to issue a preliminary injunction to protect and preserve the Plaintiff Law Firm's interest in the client files and fees wrongfully taken by Defendants, and to permit Plaintiff Law Firm to enforce its rights under the shareholder agreement.

73.    It is further necessary for the Court to issue a preliminary injunction to avoid irreparable harm to Plaintiffs.

74.    Plaintiff Law Firm's claims have a strong likelihood of success on the merits.

75.    The harm to the Plaintiff Law Firm from the failure of the Court to issue an injunction greatly exceeds the harm to Defendants, if any, related to issuance of an injunction.

76.    The public interest favors issuance of an injunction.

WHEREFORE, Plaintiffs request that the Court issue a preliminary injunction against Defendants, their agents, and employees, barring them from transferring, expending, concealing, destroying, damaging, or otherwise diminishing the wrongfully removed client files, or any part thereof, or any proceeds of the same, including fees and advanced costs, until the above captioned matter is resolved.

## COUNT XII
## SPECIFIC PERFORMANCE

77.     Plaintiffs restate and reallege the allegations and legal conclusions contained in the foregoing paragraphs as if the same were fully set forth herein.

78.     The shareholder agreement requires that Defendant Guzall sell, transfer and/or convey his shareholder interest in the Law Firm upon his separation. See Exhibit B.

79.     Plaintiffs stand ready, willing and able to honor the shareholder agreement and provide the remuneration to Defendant Guzall for his shareholder interest as set forth therein. See Exhibit B.

80.     The shareholder agreement also requires that all client files are the property of the Law Firm. See Exhibit B.

81.     Defendant Guzall has voluntarily separated from the Law Firm and improperly taken client files (most likely under the misgiven belief that such removal will entitle him to all of the attorney fees and costs advanced associated with such files).

82.     Pursuant to the shareholder agreement, Defendant Guzall is required to sell, transfer and convey his shareholder interest to the Law Firm and return the client files he wrongfully removed.

WHEREFORE, Plaintiffs request this Court to enter a Judgment requiring Defendant Guzall to sell, transfer and/or convey his shareholder interest in **BARRY A. SEIFMAN, P.C.**, a Michigan Professional Corporation F/K/A **SEIFMAN & GUZALL, P.C., SEIFMAN & ASSOCIATES, P.C.** and **THE LAW ADVOCATE** (the "Law Firm") as required pursuant to the shareholder agreement and return all the property of the Law Firm he wrongfully removed (Exhibit B) and award costs and attorney fees to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, as a direct result of the Defendants actions Plaintiffs have suffered and will continue to suffer damages and seek the following relief:

12

(a).    Order Defendant Guzall to sell, transfer and/or convey his shareholder interest in **BARRY A. SEIFMAN, P.C.,** a Michigan Professional Corporation F/K/A **SEIFMAN & GUZALL, P.C., SEIFMAN & ASSOCIATES, P.C.** and **THE LAW ADVOCATE** (the "Law Firm") as required pursuant to the shareholder agreement.

(b).    Order Defendant Guzall to return all the property of the Law Firm he wrongfully removed as required pursuant to the shareholder agreement.

(c).    Issue a preliminary injunction against Defendants, their agents, and employees, barring them from transferring, expending, concealing, destroying, damaging, or otherwise diminishing the wrongfully removed client files, or any part thereof, or any proceeds of the same, including fees and advanced costs, until the above captioned matter is resolved; and

(d).    Order that Defendants deliver to Plaintiff **BARRY A. SEIFMAN, P.C.,** a Michigan Professional Corporation F/K/A **SEIFMAN & GUZALL, P.C., SEIFMAN & ASSOCIATES, P.C.** and **THE LAW ADVOCATE** (the "Law Firm") all funds and monies acquired by Defendants from the clients which were property of Plaintiffs, to be held in trust and distributed as may be further ordered by this Court.

(e).    An award of actual damages in excess of $25,000.00, exclusive of costs, interests and attorney fees, including but not limited to an award of lost profits and monetary damages compensating Plaintiffs for all monetary losses suffered;

(f)    An award compensating Plaintiffs for their costs and reasonable attorneys' fees incurred in the handling of this matter

(g).    Such other and further relief as is consistent with equity and good conscience.

Respectfully Submitted
JOELSON ROSENBERG, PLC

By: _____
DAVID W. WARREN (P32449)
Attorneys for Plaintiffs
30665 Northwestern Hwy., #200
Farmington hills, Michigan 48334
(248) 855-2233

Dated: 2/16/12

STATE OF MICHIGAN
IN THE OAKLAND COUNTY CIRCUIT COURT

**BARRY A. SEIFMAN, P.C.**, a Michigan
Professional Corporation F/K/A **SEIFMAN &**
**GUZALL, P.C., SEIFMAN & ASSOCIATES, P.C.**
and **THE LAW ADVOCATE**, and **BARRY**
**A. SEIFMAN**

    Plaintiffs,

vs.                                    Case No.
                                       Hon.

**RAYMOND GUZALL, III.**, an individual
and **THE LAW OFFICES OF RAYMOND**
**GUZALL III, P.C.**, a Michigan professional
Corporation, jointly and severally,

        Defendants.

_____/

## Verification

The undersigned, being first duly sworn deposes and states as follows:

1.      I am an authorized representative of Plaintiff named above and have personal knowledge of the facts and circumstances herein and am competent to so testify.

2.      Defendants are in default of the shareholder agreement, as such term is defined in the above captioned complaint.

3.      I have read the foregoing Complaint and that the same is true and accurate to the best of my knowledge, information, and belief.

**BARRY A. SEIFMAN, P.C.**, a Michigan Professional
Corporation

By: _____
        Barry A. Seifman
Its: / President

Subscribed and sworn to before me this 16th
day of February, 2011.

_Andrea McAnally_
                    Notary Public

                                    ANDREA McANALLY
                                    Notary Public, State of Michigan
                                    County of Wayne
                                    My Commission Expires Sep. 3, 2012
                                    Acting in the County of Oakland

# EXHIBIT 2

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

BARRY A. SEIFMAN PC, a Mich. Professional Corp.,     Case No. 12-125053-CZ
f/k/a SEIFMAN & GUZALL PC, SEIFMAN & ASSOCIATES     Hon. James M. Alexander
PC and THE LAW ADVOCATE, and BARRY A. SEIFMAN,

      Plaintiffs/Counter-Defendants,

v.

RAYMOND GUZALL III, an individual and THE LAW OFFICES OF RAYMOND GUZALL
III PC, a Mich. Professional Corp., Jointly and Severally,

      Defendants/Counter-Plaintiffs.

David W. Warren (P32449)
Peter W. Joelson (P51468)
Attorneys for Plaintiffs/Counter-Defendants
JOELSON ROSENBERG PLC
30665 NORTHWESTERN HIGHWAY SUITE 200
FARMINGTON HILLS MI 48334
(248) 855-2233

David B. Landry (P32055)
Nancy Vayda Dembinski (P54144)
Attorneys for Defendants/Counter-Plaintiffs
LANDRY, MAZZEO & DEMBINSKI
37000 GRAND RIVER AVE SUITE 200
FARMINGTON HILLS MI 48335
(248) 476-6900

## COUNTER-PLAINTIFF/DEFENDANT RAYMOND GUZALL III'S
## VERIFIED COUNTER-COMPLAINT

NOW COMES Counter-Plaintiff/Defendant RAYMOND GUZALL III, by his attorneys,

LANDRY, MAZZEO & DEMBINSKI, PC, and states the following for his Counter-Complaint

against Counter-Defendants/Plaintiffs BARRY A. SEIFMAN, and BARRY A. SEIFMAN, PC,

a Michigan professional corporation f/k/a SEIFMAN & GUZALL, PC, SEIFMAN &

ASSOCIATES, PC and THE LAW ADVOCATE:

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6564 FAX

## PARTIES, JURISDICTION AND VENUE

1.     Raymond Guzall III is a licensed Michigan attorney and is a resident of Oakland County, Michigan.

2.     Barry A. Seifman is a licensed Michigan attorney and is a resident of Oakland County, Michigan.

3.     Barry A. Seifman, PC is a Michigan professional corporation, and closely-held private business, with its principal place of business in Oakland County, Michigan.

4.     Barry A. Seifman, PC is or was formally known as, and/or maintained the following assumed names: Seifman & Guzall, PC; Seifman & Associates, PC; and The Law Advocate (collectively referred to herein as "the Counter-Defendant law firm").

5.     Since at least July 2000, Barry A. Seifman has been the majority shareholder, as well as an officer and director, of the Counter-Defendant law firm.

6.     Since July 2006, Raymond Guzall was and is a minority shareholder of the Counter-Defendant law firm.

7.     The amount in controversy exceeds the jurisdictional amount of $25,000, exclusive of costs, interest, or attorney fees, and jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

8.     Raymond Guzall III began employment with the Counter-Defendant law firm in July 2000.

9.     In 2004, Raymond Guzall III was successful in litigating an employment discrimination matter that resulted in a jury verdict of over $4 Million Dollars.

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 478-6900
(248) 476-6564 FAX

10. In recognition of Raymond Guzall III's history of good faith service and performance to the Counter-Defendant law firm, Barry A. Seifman, the Counter-Defendant law firm, and Raymond Guzall III entered into a "Stockholder Agreement" dated July 18, 2006, whereby he became a 5% shareholder in the Counter-Defendant law firm. Upon information and belief, the original "Stockholder Agreement," and corporate minutes of the Counter-Defendant law firm, is in Counter-Defendants' possession.

11. Between July 2006 and July 2009, Raymond Guzall III and Barry A. Seifman agreed to increases in Guzall's percentage ownership of the Counter-Defendant law firm from 5% to 7% to 9%.

12. Raymond Guzall III was never given a writing confirming those increases, but he trusted Seifman to honor their agreements, and told Seifman so, and Guzall witnessed Seifman make those changes in writing.

13. In July 2008, Raymond Guzall III was elected vice president of the Counter-Defendant law firm by Barry A. Seifman.

14. Even after Raymond Guzall III was made a shareholder, and elected vice president of the Counter-Defendant law firm, Barry A. Seifman continued to hold shareholder meetings without providing any notice beforehand to Guzall.

15. Barry A. Seifman would present meeting minutes to Raymond Guzall III for signature, which sometimes were for a shareholder meeting held by Seifman, alone, a year prior.

16. By and/or before July 2009, Raymond Guzall III's ownership interest in the Counter-Defendant law firm was increased to 10%.

17. In August 2009, Raymond Guzall III's ownership interest in the Counter

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6584 FAX

13-53846-tjt    Doc 11642-1    Filed 10/26/16    Entered 10/26/16 15:41:45    Page 21 of 57

Defendant law firm was increased to 20%.

18. In August 2010, Raymond Guzall III's ownership interest in the Counter-Defendant law firm was increased to 25%.

19. Some time after becoming a 5% shareholder of the Counter-Defendant law firm in July 2006, Raymond Guzall III inquired about having the Counter-Defendant law firm purchase vehicles for use by the law firm's shareholder employees.

20. At that time, and on several occasions thereafter, Barry A. Seifman advised Raymond Guzall III that he would not agree to have the Counter-Defendant law firm purchase vehicles, because he preferred to own his own personal vehicle.

21. In or about June or July 2010, Raymond Guzall III discussed with Barry A. Seifman that Guzall was looking to buy a new vehicle for his use.

22. At that time, Barry A. Seifman mentioned that the Counter-Defendant law firm had been paying for the vehicle used by Barry A. Seifman.

23. Raymond Guzall III was never informed of Barry A. Seifman's decision that the Counter-Defendant law firm paid for Seifman's vehicle.

24. To the contrary, Barry A. Seifman intentionally misled Raymond Guzall III into believing that Seifman, as majority shareholder, director, and officer of the Counter-Defendant law firm, would not agree to allow the Counter-Defendant law firm to own or pay for any vehicles used by the shareholder employees.

25. Upon learning in June or July 2010 that Barry A. Seifman had, unbeknownst to Raymond Guzall III, decided that the Counter-Defendant law firm would pay for Seifman's vehicle, or vehicles, Guzall was immediately shocked, upset, and disappointed.

26. At that point, seeing the dismay on the face of Raymond Guzall III, Barry A.

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6584 FAX

Seifman stated that he would agree to have the Counter-Defendant law firm pay for one-half of the payments on Guzall's vehicle.

27. Thereafter, Barry A. Seifman and Raymond Guzall III had discussions, in July and August of 2010, about increasing Guzall's percentage of ownership in the Counter-Defendant law firm.

28. During that time, Raymond Guzall III questioned Barry A. Seifman about a note he made in the year 2008, that Seifman had Guzall acknowledge on or about May 22, 2009.

29. Barry A. Seifman responded to Raymond Guzall III's question by stating that Seifman had borrowed funds from another account he had, in order to pay profit-sharing for the Counter-Defendant law firm.

30. Upon learning in July or August 2010 that Barry A. Seifman had, unbeknownst to Raymond Guzall III, decided that the Counter-Defendant law firm would borrow funds from Seifman to pay profit-sharing for the Counter-Defendant law firm, Guzall was immediately shocked, upset, and disappointed.

31. Raymond Guzall III asked Barry A. Seifman how or why Seifman decided, unbeknownst to Guzall, to have the Counter-Defendant law firm borrow funds from Seifman to pay profit-sharing when there were not profits to share, and asked that Seifman not do so again.

32. In late 2009 or early 2010, Barry A. Seifman told Raymond Guzall III that Seifman's spouse, Marcia Seifman, was going to be learning some of the Counter-Defendant law firm's computer systems just in case her knowledge was needed as back-up support for the Counter-Defendant law firm, and that Seifman would pay his spouse for her

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6594 FAX

time from funds that Seifman had set aside for such purpose.

33.  Barry A. Seifman intentionally led Raymond Guzall III to believe that Marcia Seifman's work for the Counter-Defendant law firm would be limited to learning the computer systems, which amounted to a few weeks at most.

34.  Thereafter, in July and/or August 2011, Barry A. Seifman and Raymond Guzall III had discussions about increasing Guzall's percentage of ownership in the Counter-Defendant law firm.

35.  On or about August 7, 2011, Raymond Guzall III presented Barry A. Seifman with a written proposal for salary and percentage increases.

36.  Just months before that, Raymond Guzall III had, in April 2011, obtained a jury verdict of over $2 Million Dollars for a client of the Counter-Defendant law firm, which had appeared to very much please Barry A. Seifman.

37.  After the jury verdict, Fox 2 News interviewed Raymond Guzall III, Barry A. Seifman, and their client.

38.  During the interview, Barry A. Seifman commented that he was proud of Raymond Guzall III for *holding his temper* on the auto accident case.

39.  Raymond Guzall III was shocked, mortified, and upset at Seifman's comment about him, because there was no basis for it to be said, especially on television.

40.  Raymond Guzall III remained bewildered as to why Barry A. Seifman would make such a baseless comment about him on television, and pondered whether Seifman's comment was intended to harm Guzall's professional reputation.

41.  Thereafter, in August 2011, after being presented with Raymond Guzall III's written proposal for an increase in ownership of the Counter-Defendant law firm, Barry A.

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6584 FAX

Seifman told Guzall that he did not agree to Guzall's written proposal, and that Seifman was upset by the written proposal.

42. Barry A. Seifman later presented Raymond Guzall III with a written counter-proposal for Guzall's review and consideration.

43. Thereafter, in August or September 2011, Barry A. Seifman mentioned to Raymond Guzall III that the Counter-Defendant law firm would have to cut down on his wife's pay (Marcia Seifman) because she was ill and was being treated for her illness by physicians.

44. In that same conversation, directly following the statement by Barry A. Seifman that he had to cut down his wife's pay, Seifman then stated to Raymond Guzall III that he only paid her to "bump up her social security."

45. To the best of Raymond Guzall III's knowledge, Marcia Seifman had only appeared in the Counter-Defendant law firm once every 2 or 3 years, and Guzall never saw Marcia Seifman do any work shadowing or training with the firm's staff.

46. Raymond Guzall III also learned after that conversation with Barry A. Seifman in 2011 about paying his wife to "bump up her social security," that, previously unbeknownst to Guzall, and upon information, knowledge, and belief, Marcia Seifman had been paid profit-sharing through the Counter-Defendant law firm.

47. Raymond Guzall III also learned after that conversation with Barry A. Seifman in 2011 about paying his wife to "bump up her social security," that, previously unbeknownst to Guzall, and upon information, knowledge, and belief, Barry A. Seifman had also been using fund from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's personal non-business related expenses.

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6864 FAX

48.     Raymond Guzall III also learned after that conversation with Barry A. Seifman in 2011 about paying his wife to "bump up her social security," that, previously unbeknownst to Guzall, and upon information, knowledge, and belief, Barry A. Seifman had also been using fund from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's fitness club membership dues.

49.     Raymond Guzall III also learned after that conversation with Barry A. Seifman in 2011 about paying his wife to "bump up her social security," that, previously unbeknownst to Guzall, and upon information, knowledge, and belief, Barry A. Seifman had also been using fund from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's prescription medications.

50.     Raymond Guzall III also learned after that conversation with Barry A. Seifman in 2011 about paying his wife to "bump up her social security," that, previously unbeknownst to Guzall, and upon information, knowledge, and belief, Barry A. Seifman had also been using fund from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's cable and/or satellite TV bills.

51.     Raymond Guzall III also learned after that conversation with Barry A. Seifman in 2011 about paying his wife to "bump up her social security," that, previously unbeknownst to Guzall, and upon information, knowledge, and belief, Barry A. Seifman had also been using fund from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's dental work.

52.     Raymond Guzall III also learned after that conversation with Barry A. Seifman in 2011 about paying his wife to "bump up her social security," that, previously unbeknownst to Guzall, and upon information, knowledge, and belief, Barry A. Seifman

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-8900
(248) 476-8564 FAX

had also been using fund from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's home telephone bills.

53.     Raymond Guzall III also learned after that conversation with Barry A. Seifman in 2011 about paying his wife to "bump up her social security," that, previously unbeknownst to Guzall, and upon information, knowledge, and belief, Barry A. Seifman had also been using fund from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's newspaper to their home.

54.     During the time that Raymond Guzall III was a shareholder of the Counter-Defendant law firm, upon information, knowledge and belief, Barry A. Seifman was using funds from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's personal non-business related expenses.

55.     During the time that Raymond Guzall III was a shareholder of the Counter-Defendant law firm, upon information, knowledge and belief, Barry A. Seifman was using funds from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's fitness club membership dues.

56.     During the time that Raymond Guzall III was a shareholder of the Counter-Defendant law firm, upon information, knowledge and belief, Barry A. Seifman was using funds from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's prescription medications.

57.     During the time that Raymond Guzall III was a shareholder of the Counter-Defendant law firm, upon information, knowledge and belief, Barry A. Seifman was using funds from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's cable and/or satellite TV bills.

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6564 FAX

58.     During the time that Raymond Guzall III was a shareholder of the Counter-Defendant law firm, upon information, knowledge and belief, Barry A. Seifman was using funds from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's dental work.

59.     During the time that Raymond Guzall III was a shareholder of the Counter-Defendant law firm, upon information, knowledge and belief, Barry A. Seifman was using funds from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's home telephone bills.

60.     During the time that Raymond Guzall III was a shareholder of the Counter-Defendant law firm, upon information, knowledge and belief, Barry A. Seifman was using funds from, or the credit of, the Counter-Defendant law firm to pay for Barry A. Seifman's and/or Marcia Seifman's newspaper to their home.

61.     Upon learning in August or September 2011 that Barry A. Seifman had, unbeknownst to Raymond Guzall III, decided that the Counter-Defendant law firm had been continuing to pay Marcia Seifman to "bump up her social security," and that Marcia Seifman was receiving profit-sharing from the Counter-Defendant law firm, and that Seifman was using the law firm's funds and/or credit to pay for personal non-business related expenses, Guzall was immediately shocked, upset, and disappointed.

62.     Raymond Guzall III had trusted Barry A. Seifman and treated him like family.

63.     Raymond Guzall III had told Barry A. Seifman on several occasions over the years that he hoped to continue to work with Seifman until Seifman retired.

64.     After Barry A. Seifman told Raymond Guzall III in 2001 that Seifman was paying his wife (Marcia Seifman) to "bump up her social security," Guzall told Seifman that

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6584 FAX

he was miserable on three separate occasions.

65.  Thereafter, Barry A. Seifman continued to pressure Raymond Guzall III to sign the written proposal drafted by Seifman for an increase in ownership of the Counter-Defendant law firm by Guzall, without further discussing it and resolving it with Guzall as Seifman had done in the past.

66.  Raymond Guzall III told Barry A. Seifman that he was not comfortable signing the written proposal drafted by Seifman; thus, Guzall refused to sign it, and Seifman refused to discuss it any further with Guzall.

67.  In the fall of 2011, after learning of Barry A. Seifman's aforementioned conduct and actions, Raymond Guzall III began to suffer emotional distress, increased stress, and have anxiety and chest pains for which he was seen and treated by several physicians.

68.  On November 3, 2011, Raymond Guzall III was taken by EMS to the hospital at about 1:16am after experiencing anxiety and chest pain and becoming unconscious.

69.  This condition resulted in Raymond Guzall III being hospitalized for 2 nights.

70.  Raymond Guzall III continues to suffer from increased stress, emotional distress, anxiety, and chest pains as a result of the aforementioned actions and conduct of Barry A. Seifman, individually and as majority shareholder, officer, and director of the Counter-Defendant law firm.

71.  Because of his lost trust in Barry A. Seifman, and the resulting physical and emotional toll on Raymond Guzall III, the potential harm to the Counter-Defendant law firm due to Seifman's actions and statements as stated herein, the potential harm to the clients of the Counter-Defendant law firm due to Seifman's actions and statements as stated

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 478-6900
(248) 476-6584 FAX

herein, and the potential harm to Guzall personally and professionally due to Seifman's actions and statements as stated herein, Guzall resigned from his employment and position as vice president of the Counter-Defendant law firm on February 6, 2012.

72.     Further, within the past year, Raymond Guzall III first learned of past possible improper conduct by one of the Counter-Defendant law firm's hourly clients. Guzall confronted Barry A. Seifman with this information to no avail. As a result of this and other events, Guzall felt compelled to resign his employment with the Counter-Defendant law firm.

## COUNT I - MINORITY SHAREHOLDER OPPRESSION UNDER MCL 450.1489

73.     Counter-Plaintiff/Defendant RAYMOND GUZALL III repeats the allegations contained in Paragraphs 1 through 72 above, as if stated herein verbatim.

74.     Barry A. Seifman, individually and as an officer, director, and the majority shareholder of the Counter-Defendant law firm, owed common law and statutory fiduciary duties to the minority shareholder, Raymond Guzall III, including refraining from engaging in illegal, fraudulent, or willfully unfair and oppressive conduct that substantially interferes with the interests of a shareholder as a shareholder.

75.     Under Michigan law, as the controlling majority shareholder, officer, and director of the Counter-Defendant law firm, Barry A. Seifman owed Raymond Guzall III a special duty of care which requires a higher standard of fiduciary responsibility, a standard more akin to partnership law. *See, Estes v Idea Engineering & Fabrications, Inc,* 250 Mich App 270, 281, n1 (2002).

76.     By virtue of his continuing course of conduct and series of actions described above, Barry A. Seifman acted in his own self-interest, which was in conflict with the

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6584 FAX

12

fiduciary duties owed to Raymond Guzall III as a minority shareholder of the Counter-Defendant law firm.

77. Barry A. Seifman's continuing course of conduct, personally and as majority shareholder, director, and officer of the Counter-Defendant law firm, constitutes a breach of his fiduciaries duties owed to Raymond Guzall III, and gives rise to a cause of action for minority shareholder oppression under MCL 450.1489.

78. Barry A. Seifman's continuing course of conduct, personally and as majority shareholder, director, and officer of the Counter-Defendant law firm, has substantially interfered with Raymond Guzall III's interests as a minority shareholder in the Counter-Defendant law firm, in violation of MCL 450.1489.

79. As a direct and proximate result of Barry A. Seifman's continuing course of conduct, Raymond Guzall III has sustained damages as a minority shareholder of the Counter-Defendant law firm, including but not limited to, lost income, compensation, profit-sharing, dividends, distributions, and value of shares in the Counter-Defendant law firm, as well as physical, mental and emotional distress.

WHEREFORE, Counter-Plaintiff/Defendant RAYMOND GUZALL III respectfully requests that this Honorable Court award a Judgment in his favor in an amount that is sufficient to compensate him for all actual, consequential and incidental losses and damages sustained, plus interest, costs and reasonable attorney fees, in addition to all other relief to which he may be entitled under MCL 450.1489, including but not limited to:

(a) The dissolution and liquidation of some or all of the assets and business of the Counter-Defendant law firm;

(b) The cancellation or alteration of a provision contained in the articles of incorporation, an amendment of the articles of incorporation, or the bylaws of the

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6564 FAX

Counter-Defendant law firm;

(c) The cancellation, alteration, or injunction against a resolution or other act of the Counter-Defendant law firm;

(d) The direction or prohibition of an act of the Counter-Defendant law firm or of Barry A. Seifman;

(e) The purchase at fair value of the shares of Raymond Guzall III, either by the Counter-Defendant law firm or by Barry A. Seifman; and

(f) An award of damages to Raymond Guzall III.

## COUNT II - VIOLATIONS OF THE BUSINESS CORPORATIONS ACT

80.     Counter-Plaintiff/Defendant RAYMOND GUZALL III repeats the allegations contained in Paragraphs 1 through 79 above, as if stated herein verbatim.

81.     Barry A. Seifman, individually and as majority shareholder, officer, and director of the Counter-Defendant law firm, owed a duty to the Counter-Defendant law firm, and particularly to Raymond Guzall III as a shareholder and officer in the Counter-Defendant law firm, to act in good faith in the discharge of Seifman's duties pursuant to MCL 450.1541a.

82.     Barry A. Seifman, individually and as majority shareholder, officer, and director of the Counter-Defendant law firm, owed a duty to the Counter-Defendant law firm, and particularly to Raymond Guzall III as a shareholder and officer in the Counter-Defendant law firm, to act with the care an ordinarily prudent person in a like position would exercise under similar circumstances, in the discharge of Seifman's duties pursuant to MCL 450.1541a.

83.     Barry A. Seifman, individually and as majority shareholder, officer, and director of the Counter-Defendant law firm, owed a duty to the Counter-Defendant law firm,

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6554 FAX

and particularly to Raymond Guzall III as a shareholder and officer in the Counter-Defendant law firm, to act in a manner he reasonably believed to be in the best interests of the Counter-Defendant law firm, in the discharge of Seifman's duties pursuant to MCL 450.1541a.

84.　Barry A. Seifman violated his duties pursuant to MCL 450.1541a, as stated within this Counter-Complaint.

85.　Upon information, knowledge and belief, Barry A. Seifman purposefully withheld monies that should have been paid before the end of certain calendar years, and carried that money over into the next calendar year in the Counter-Defendant law firm's client IOLTA trust account.

86.　Upon information, knowledge and belief, Barry A. Seifman's purposeful withholding of monies that should have been paid before the end of certain calendar years, and carried that money over into the next calendar year in the Counter-Defendant law firm's client IOLTA trust account, violated Seifman's duties owed a duty to the Counter-Defendant law firm, and particularly to Raymond Guzall III as a shareholder and officer in the Counter-Defendant law firm, as stated herein.

87.　Upon information, knowledge and belief, Barry A. Seifman purposefully withheld monies to be paid before the end of the calendar year 2006 and carried that money over into the next calendar year, 2007, in the Counter-Defendant law firm's client IOLTA trust account.

88.　Upon information, knowledge and belief, Barry A. Seifman purposefully withheld monies to be paid before the end of the calendar year 2007 and carried that money over into the next calendar year, 2008, in the Counter-Defendant law firm's client

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6584 FAX

IOLTA trust account.

89.    Upon information, knowledge and belief, Barry A. Seifman purposefully withheld monies to be paid before the end of the calendar year 2008 and carried that money over into the next calendar year, 2009, in the Counter-Defendant law firm's client IOLTA trust account.

90.    Upon information, knowledge and belief, Barry A. Seifman purposefully withheld monies to be paid before the end of the calendar year 2009 and carried that money over into the next calendar year, 2010, in the Counter-Defendant law firm's client IOLTA trust account.

91.    Upon information, knowledge and belief, Barry A. Seifman purposefully withheld monies to be paid before the end of the calendar year 2010 and carried that money over into the next calendar year, 2011, in the Counter-Defendant law firm's client IOLTA trust account.

92.    Upon information, knowledge and belief, Barry A. Seifman purposefully withheld monies to be paid before the end of the calendar year 2011 and carried that money over into the next calendar year, 2012, in the Counter-Defendant law firm's client IOLTA trust account.

WHEREFORE, Counter-Plaintiff/Defendant RAYMOND GUZALL III respectfully requests that this Honorable Court award a Judgment in his favor as to the Counter-Defendants' violations of MCL 450.1541a, in an amount that is sufficient to compensate him for all actual, consequential and incidental losses and damages sustained, plus interest, costs and reasonable attorney fees, including but not limited to contribution and indemnity for any taxes, fines, penalties or interest which may be assessed to RAYMOND

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-8900
(248) 476-6564 FAX

GUZALL III personally for Barry A. Seifman's improper or unlawful actions as director and officer of the Counter-Defendant law firm, and in addition to all other relief to which GUZALL may be entitled under MCL 450.1489, including but not limited to:

(a) The dissolution and liquidation of some or all of the assets and business of the Counter-Defendant law firm;

(b) The cancellation or alteration of a provision contained in the articles of incorporation, an amendment of the articles of incorporation, or the bylaws of the Counter-Defendant law firm;

(c) The cancellation, alteration, or injunction against a resolution or other act of the Counter-Defendant law firm;

(d) The direction or prohibition of an act of the Counter-Defendant law firm or of Barry A. Seifman;

(e) The purchase at fair value of the shares of Raymond Guzall III, either by the Counter-Defendant law firm or by Barry A. Seifman; and

(f) An award of damages to Raymond Guzall III.

### COUNT III - BREACH OF COMMON LAW FIDUCIARY DUTIES

93.     Counter-Plaintiff/Defendant RAYMOND GUZALL III repeats the allegations contained in Paragraphs 1 through 92 above, as if stated herein verbatim.

94.     Barry A. Seifman, as an officer, director, and the majority shareholder of the Counter-Defendant law firm, owed common law fiduciary duties of loyalty, honesty, due care, and good faith and fair dealing to the minority shareholder, Raymond Guzall III.

95.     By virtue of his continuous course of conduct and series of actions described above, Barry A. Seifman acted in his own self-interest, which was in conflict with the fiduciary duties owed to Raymond Guzall III as a minority shareholder of the Counter-Defendant law firm.

96.     Barry A. Seifman's continuing course of conduct, personally and as majority

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900 FAX
(248) 476-6564 FAX

2:13-cv-53846-tjt   Doc 11642-1   Filed 10/26/16   Entered 10/26/16 15:41:45   Page 35 of 57

57

shareholder, director, and officer of the Counter-Defendant law firm, constitutes a breach of his fiduciaries duties owed to Raymond Guzall III under Michigan common law.

97.     Barry A. Seifman's continuing course of conduct, personally and as majority shareholder, director, and officer of the Counter-Defendant law firm, has substantially interfered with Raymond Guzall III's interests as a minority shareholder in the Counter-Defendant law firm, in violation of Michigan common law.

98.     As a direct and proximate result of Barry A. Seifman's continuing course of conduct, Raymond Guzall III has sustained damages as a minority shareholder of the Counter-Defendant law firm, including but not limited to, lost income, compensation, profit-sharing, dividends, distributions, and value of shares in the Counter-Defendant law firm, as well as physical, mental and emotional distress.

WHEREFORE, Counter-Plaintiff/Defendant RAYMOND GUZALL III respectfully requests that this Honorable Court award a Judgment in his favor in an amount that is sufficient to compensate him for all actual, consequential and incidental losses and damages sustained, plus interest, costs and reasonable attorney fees, in addition to all other relief to which he may be entitled under Michigan common law.

## COUNT IV - STATUTORY CONVERSION

99.     Counter-Plaintiff/Defendant RAYMOND GUZALL III repeats the allegations contained in Paragraphs 1 through 98 above, as if stated herein verbatim.

100.    Unbeknownst to Raymond Guzall III, and upon information and belief since July 2006 or thereafter, Barry A. Seifman has inappropriately and intentionally used corporate assets in which Raymond Guzall III has a minority shareholder interest, to:

a.      Pay wages to Marcia Seifman that she has not earned

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6564 FAX

b.  Pay profit-sharing to Marcia Seifman that she has not earned

c.  Pay for Barry A. Seifman's, or Marcia Seifman's, personal expenses, including but not limited to fitness club membership dues, cable or satellite TV services, dental services, medical or health care services, and prescription expenses

d.  Pay for other personal items, services, or expenses of Barry A. Seifman's, Marcia Seifman's, self-interest that might become known through discovery.

101.  By engaging in such continuous course of inappropriate and intentional conduct, Barry A. Seifman has wrongfully and wilfully converted corporate assets of the Counter-Defendant law firm, in which Raymond Guzall III has a minority shareholder interest, to his own personal use to the detriment of Raymond Guzall III's minority shareholder interest in those corporate assets.

102.  As a direct and proximate result of Barry A. Seifman's conduct, personally and as majority shareholder, director, and officer of the Counter-Defendant law firm, Raymond Guzall III has sustained damages, including but not limited to, lost income, compensation, profit-sharing, dividends, and value of shares in the Counter-Defendant law firm, as well as physical, mental and emotional distress.

WHEREFORE, Counter-Plaintiff/Defendant RAYMOND GUZALL III respectfully requests that this Honorable Court award a Judgment in his favor in an amount that is sufficient to compensate him for all actual, consequential and incidental losses and damages sustained, plus interest, costs and reasonable attorney fees, in addition to all other relief to which he may be entitled, including treble damages.

## COUNT V - COMMON LAW CONVERSION

103.  Counter-Plaintiff/Defendant RAYMOND GUZALL III repeats the allegations

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-9900
(248) 476-6584 FAX

contained in Paragraphs 1 through 102 above, as if stated herein verbatim.

104. Unbeknownst to Raymond Guzall III, and upon information and belief since July 2006 or thereafter, Barry A. Seifman has inappropriately and intentionally used corporate assets in which Raymond Guzall III has a minority shareholder interest, to:

    a.    Pay wages to Marcia Seifman that she has not earned

    b.    Pay profit-sharing to Marcia Seifman that she has not earned

    c.    Pay for Barry A. Seifman's, or Marcia Seifman's, personal expenses, including but not limited to fitness club membership dues, cable or satellite TV services, dental services, medical or health care services, and prescription expenses

    d.    Pay for other personal items, services, or expenses of Barry A. Seifman's, Marcia Seifman's, self-interest that might become known through discovery.

105. By engaging in such continuous course of inappropriate and intentional conduct, Barry A. Seifman has wrongfully and wilfully converted corporate assets of the Counter-Defendant law firm, in which Raymond Guzall III has a minority shareholder interest, to his own personal use to the detriment of Raymond Guzall III's minority shareholder interest in those corporate assets.

106. As a direct and proximate result of Barry A. Seifman's conduct, personally and as majority shareholder, director, and officer of the Counter-Defendant law firm, Raymond Guzall III has sustained damages, including but not limited to, lost income, compensation, profit-sharing, dividends, and value of shares in the Counter-Defendant law firm, as well as physical, mental and emotional distress.

WHEREFORE, Counter-Plaintiff/Defendant RAYMOND GUZALL III respectfully requests that this Honorable Court award a Judgment in his favor in an amount that is sufficient to compensate him for all actual, consequential and incidental losses and

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-8999
(248) 476-6564 FAX

damages sustained, plus interest, costs and reasonable attorney fees, in addition to all other relief to which he may be entitled.

### COUNT VI - UNJUST ENRICHMENT

107. Counter-Plaintiff/Defendant RAYMOND GUZALL III repeats the allegations contained in Paragraphs 1 through 106 above, as if stated herein verbatim.

108. Barry A. Seifman's continuous course of conduct and series of inappropriate actions as set forth above, both individually and as majority shareholder, director, and officer of the Counter-Defendant law firm, have unjustly enriched him to the detriment of Raymond Guzall III.

109. Barry A. Seifman's benefit from his conduct and actions as set forth above, both individually and as majority shareholder, director, and officer of the Counter-Defendant law firm, results in an inequity to Raymond Guzall III because of Barry A. Seifman's illegal, fraudulent, or willfully unfair and oppressive actions, and/or his conversion of the corporate assets of the Counter-Defendant law firm, in which Raymond Guzall III has a minority shareholder interest, to the detriment of Raymond Guzall III's minority shareholder interest in those corporate assets.

110. Barry A. Seifman and/or the Counter-Defendant law firm, under a theory of unjust enrichment, should be forced to disgorge such enrichment and make restitution to Raymond Guzall III.

WHEREFORE, Counter-Plaintiff/Defendant RAYMOND GUZALL III respectfully requests that this Honorable Court award a Judgment in his favor in an amount that is sufficient to compensate him for all actual, consequential and incidental losses and damages sustained, plus interest, costs and reasonable attorney fees, in addition to all

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6584 FAX

other relief to which he may be entitled under the common law.

## COUNT VII - ACTION FOR ACCOUNTING

111.    Counter-Plaintiff/Defendant RAYMOND GUZALL III repeats the allegations contained in Paragraphs 1 through 110 above, as if stated herein verbatim.

112.    Barry A. Seifman, personally and as majority shareholder, director, and officer of the Counter-Defendant law firm, has control of money and property belonging, in whole or in part, to Raymond Guzall III.

113.    The determination of what is justly due to Raymond Guzall III necessarily involves lengthy and technically detailed inquiries into information in the possession of Barry A. Seifman and the Counter-Defendant law firm, and not Guzall.

114.    Raymond Guzall III cannot, even with liberal discovery, reasonably be expected to ascertain the amount due to him.

115.    The issues are so numerous and distinct and the evidence that would be needed to sustain them so variant, technical, and voluminous that a jury would be incompetent to deal with them intelligently and come to a just conclusion.

116.    At this time, Raymond Guzall III does not know what amounts may be revealed by such accounting as being owed to him, and therefore, at this time, makes no specific demand for a monetary amount in relief in this regard.

WHEREFORE, Counter-Plaintiff/Defendant RAYMOND GUZALL III respectfully requests that this Honorable Court enter judgment compelling the Plaintiffs/Counter-Defendants to prepare, at their sole expense, a true and accurate accounting of all of the activities and assets of the Counter-Defendant law firm and to award Raymond Guzall III other and different relief as the Court deems warranted.

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6584 FAX

## COUNT VIII - BREACH OF CONTRACT

117.    Counter-Plaintiff/Defendant RAYMOND GUZALL III repeats the allegations contained in Paragraphs 1 through 116 above, as if stated herein verbatim.

118.    Per the "Minutes of Meeting of Shareholders and Directors of Barry A. Seifman, PC aka SEIFMAN & GUZALL, PC held January 25, 2008," attached to the Plaintiffs' verified complaint as Exhibit B, Barry A. Seifman and the Counter-Defendant law firm agreed that Seifman would continue to make all economic decisions for the firm, including salaries, "and shall keep Raymond Guzall III informed."

119.    Pursuant to a "Stockholder Agreement" executed on or about July 18, 2006, a copy of which is attached to Plaintiff's verified Complaint as part of Exhibit B thereof, Plaintiff agreed that " all matters involving the practice of law shall be handled as a Company matter."

120.    Despite these agreements and obligation to do so, Barry A. Seifman did not, however, handle the practice of law as a Company matter but rather handled matters in his own self interest and did not keep Raymond Guzall III informed of the salary paid to Marcia Seifman, or other economic decisions for the Counter-Defendant law firm, as set forth above.

121.    Barry A. Seifman and the Counter-Defendant law firm have failed to provide Raymond Guzall III with information, including financial information, about the Counter-Defendant law firm's income, expenses, salaries paid, spending, borrowing, lending, and investment activities.

122.    Barry A. Seifman, individually and as majority shareholder, officer, and director of the Counter-Defendant law firm, breached his obligation to handle matters in the

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6584 FAX

best interest of the Company and keep Raymond Guzall III informed of all economic decisions for the firm, including salaries, as set forth above.

123. As a direct and proximate result of Barry A. Seifman's breach, Raymond Guzall III has sustained damages, including but not limited to, lost income, compensation, profit-sharing, dividends, and value of shares in the Counter-Defendant law firm.

WHEREFORE, Counter-Plaintiff/Defendant RAYMOND GUZALL III respectfully requests that this Honorable Court award a Judgment in his favor in an amount that is sufficient to compensate him for all actual, consequential and incidental losses and damages sustained, plus interest, costs and reasonable attorney fees, in addition to all other relief to which he may be entitled.

### COUNT IX - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

124. Counter-Plaintiff/Defendant RAYMOND GUZALL III repeats the allegations contained in Paragraphs 1 through 123 above, as if stated herein verbatim.

125. Barry A. Seifman intentionally and/or recklessly engaged in a continuous course of extreme and outrageous conduct and series of actions, as described above, both individually and as majority shareholder, officer, and director of the Counter-Defendant law firm.

126. As a direct and proximate result of Barry A. Seifman's intentional and/or reckless extreme and outrageous conduct, Raymond Guzall III has sustained damages, including but not limited to, physical, mental and severe emotional distress requiring medical treatment and hospitalization.

WHEREFORE, Counter-Plaintiff/Defendant RAYMOND GUZALL III respectfully requests that this Honorable Court award a Judgment in his favor in an amount that is

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6564 FAX

sufficient to compensate him for all actual, consequential and incidental losses and damages sustained, plus interest, costs and reasonable attorney fees, in addition to all other relief to which he may be entitled.

## COUNT X - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

127.    Counter-Plaintiff/Defendant RAYMOND GUZALL III repeats the allegations contained in Paragraphs 1 through 126 above, as if stated herein verbatim.

128.    Barry A. Seifman negligently or carelessly engaged in a continuous course of conduct and series of actions, as described above, both individually and as majority shareholder, officer, and director of the Counter-Defendant law firm.

129.    As a direct and proximate result of Barry A. Seifman's negligent or careless conduct, Raymond Guzall III has sustained damages, including but not limited to, mental and severe emotional distress, with physical manifestations including but not limited to chest pains and loss of consciousness/black out, requiring medical treatment and hospitalization.

WHEREFORE, Counter-Plaintiff/Defendant RAYMOND GUZALL III respectfully requests that this Honorable Court award a Judgment in his favor in an amount that is sufficient to compensate him for all actual, consequential and incidental losses and damages sustained, plus interest, costs and reasonable attorney fees, in addition to all other relief to which he may be entitled.

## COUNT XI - FRAUD AND MISREPRESENTATION

130.    Counter-Plaintiff/Defendant RAYMOND GUZALL III repeats the allegations contained in Paragraphs 1 through 129 above, as if stated herein verbatim.

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6584 FAX

131. Barry A. Seifman, individually and as majority shareholder, officer, and director of the Counter-Defendant law firm, made material representations of material fact to Raymond Guzall III that the Counter-Defendant law firm would not pay for employee shareholder vehicles, that Seifman would pay Marcia Seifman from a separate fund to learn the computer software systems at the Counter-Defendant law firm, and that Seifman would keep Raymond Guzall III informed of all economic decisions made by Seifman for and on behalf of the Counter-Defendant law firm.

132. These representations were false when they were made.

133. Barry A. Seifman knew these representations were false when they were made or made them recklessly as a positive assertion.

134. Barry A. Seifman made these false representations to Raymond Guzall III with the intention of inducing Guzall's reliance.

135. Raymond Guzall III relied on Barry A. Seifman's false representations and, as a direct and proximate result, sustained damages, including but not limited to, lost income, compensation, profit-sharing, dividends, and value of shares in the Counter-Defendant law firm, as well as physical, mental and emotional distress.

WHEREFORE, Counter-Plaintiff/Defendant RAYMOND GUZALL III respectfully requests that this Honorable Court award a Judgment in his favor in an amount in excess of $25,000 that is sufficient to compensate him for all actual, consequential and incidental losses and damages sustained, plus interest, costs and reasonable attorney fees, in addition to all other relief to which he may be entitled.

## COUNT XII - REQUEST FOR PRELIMINARY INJUNCTION

136. Counter-Plaintiff/Defendant RAYMOND GUZALL III repeats the allegations

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6584 FAX

contained in Paragraphs 1 through 135 above, as if stated herein verbatim.

137.    Based on the conduct and actions of Barry A. Seifman, individually and as majority shareholder, officer, and director of the Counter-Defendant law firm, as asserted in this Counter-Complaint upon information, knowledge and belief, demonstrate a complete disregard for Seifman's obligations to the Counter-Defendant law firm and, particularly, the minority shareholder Raymond Guzall III, which have created the reasonable apprehension that Counter-Defendants intend to continue disregard their duties owed to Guzall, as set forth in this Counter-Complaint.

138.    It is necessary for the Court to issue a preliminary injunction to protect and preserve Raymond Guzall III's minority shareholder interest in the Counter-Defendant law firm, and the Counter-Defendant law firm's financial and other documentary information regarding the pending files and cases of the Counter-Defendant law firm's former clients who have now retained Guzall's services.

139.    It is further necessary for the Court to enter a preliminary injunction to avoid irreparable harm to Raymond Guzall III.

140.    Raymond Guzall III's counter-claims have a strong likelihood of success on the merits.

141.    The harm to Raymond Guzall III from the failure of the Court to issue an injunction greatly exceeds the harm to Counter-Defendants, if any, related to issuance of an injunction.

142.    The public interest favors issuance of an injunction.

WHEREFORE, Counter-Plaintiff/Defendant RAYMOND GUZALL III respectfully requests that this Honorable Court issue a preliminary injunction against Counter-

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6564 FAX

Defendants, their agents and employees, ordering that:

a.  Counter-Defendants shall immediately provide to Raymond Guzall III a list of all outstanding costs advanced by the Counter-Defendant law firm for those clients who had cases pending and terminated the Counter-Defendant law firm and retained Raymond Guzall III;

b.  Counter-Defendants shall immediately provide to Raymond Guzall III a list of all outstanding unpaid hourly fees owing the Counter-Defendant law firm for those clients who had cases pending and terminated the Counter-Defendant law firm and retained Raymond Guzall III;

c.  Counter-Defendants shall immediately return any and all unearned retainer fees and/or costs held in escrow by the Counter-Defendant law firm to those clients who had cases pending and terminated the Counter-Defendant law firm and retained Raymond Guzall III;

d.  Counter-Defendants shall immediately provide to Raymond Guzall III a list of all hours spent by the Counter-Defendant law firm in the representation of those clients who had cases pending and terminated the Counter-Defendant law firm and retained Raymond Guzall III;

e.  Counter-Defendants shall maintain the status quo in operation of the Counter-Defendant law firm and not engage in any action to deplete the assets of the Counter-Defendant law firm other than in the usual course of business, pending resolution of this case.

Respectfully submitted by:
/s/ DAVID B. LANDRY (P32055)
/s/ NANCY VAYDA DEMBINSKI (P54144)
LANDRY MAZZEO & DEMBINSKI, PC
Attorneys for Counter-Plaintiffs/Defendants
37000 Grand River Avenue, Ste. 200
Farmington Hills, MI 48335
(248) 476-6900
dlandry@lmdlaw.com
Dated: March 8, 2012          ndembinski@lmdlaw.com

[Verification and Certificate of Service on next page]

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-8584 FAX

13-53846-tjt    Doc 11642-1    Filed 10/26/16    Entered 10/26/16 15:41:45    Page 46 of 57

## VERIFICATION

Raymond Guzall III, being duly sworn says:

1.     I am a Defendant and the Counter-Plaintiff in the above-encaptioned lawsuit.

2.     I have read the above Verified Counter-Complaint and the factual statements contained therein, and know the contents to be true of my own knowledge, except those matters stated to be on information and belief, which I believe to be true.

_Raymond Guzall III_

Subscribed and sworn to before me
this ⌂ day of March, 2012.

_Stephanie B Allard_

NOTARY PUBLIC:
WAYNE County, Michigan
Acting in OAKLAND County, Michigan
My Commission Expires: 08/21/2012

Notary P::    ANIE B. ALLARD
        .ic of Michigan, County of Wayne
My Commission Expires August 21, 2012
Acting in the County of OAKLAND

## CERTIFICATE OF SERVICE

I hereby certify that on _3-8-12_ , I electronically filed the foregoing documents, and this Certificate of Service, with the Clerk of the Court using the WizNet e-file & serve e-filing tool system, which will send notification of such filing to the following:

    David W. Warren (P32449)
    Attorney for Plaintiff
    dwwarren@joelsonrosenberg.com

    Peter W. Joelson (P51468)
    Attorney for Plaintiff
    pjoelson@joelsonrosenberg.com

                /s/Stephanie B. Allard
                LANDRY MAZZEO & DEMBINSKI, PC
                37000 Grand River Avenue, Suite 200
                Farmington Hills, MI 48335
                (248) 476-6900
                sallard@lmdlaw.com

LAW OFFICES
LANDRY, MAZZEO &
DEMBINSKI, P.C.
37000 GRAND RIVER AVE.
SUITE 200
FARMINGTON HILLS,
MICHIGAN 48335

(248) 476-6900
(248) 476-6564 FAX

# EXHIBIT 3

Received for Filing Oakland County Clerk 2015 JUL 14 AM 09:53

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

BARRY A. SEIFMAN PC, a Mich. Professional Corp.,
f/k/a SEIFMAN & GUZALL PC, SEIFMAN & ASSOCIATES
PC and THE LAW ADVOCATE, and BARRY A. SEIFMAN,
Jointly and Severally,

        Plaintiffs-Counter Defendants,

                                        Case No. 12-125053-CZ
v.                                       Hon. Daniel P. O'Brien

RAYMOND GUZALL III, an individual and
THE LAW OFFICES OF RAYMOND GUZALL III PC,
a Michigan Professional Corporation,
Jointly and Severally,

        Defendants-Counter Plaintiffs.

_____/

David W. Warren (P32449)
Peter W. Joelson (P51468)
Attorneys for Plaintiffs-Counter Defendants
JOELSON ROSENBERG PLC
30665 NORTHWESTERN HIGHWAY SUITE 200
FARMINGTON HILLS MI 48334
(248) 855-2233

Nicolas Camargo (P66385)             Raymond Guzall III (P 60980)
Mathew Fedor (P57688)               Attorney for Defendants-Counter Plaint.
Attorneys for Defendants-Counter Plaintiffs   RAYMOND GUZALL III P. C.
FEDOR, CAMARGO & WESTON, PLC       31555 W. Fourteen Mile Rd., Suite 320
401 S. Old Woodward Ave. Suite 410       Farmington Hills, MI 48390
Birmingham, MI 48009               (248) 702-6122
(248) 822-7160

_____/

**ORDER**
**TO RETURN FUNDS TO THE PARTIES AND CLOSE THE CASE**

At a session of said Court held in the Courthouse,
County of Oakland, State of Michigan

On: _____ 13 JULY 2015 _____

_____
Circuit Court Judge Daniel P. O'Brien

1

Case Evaluation having been accepted by the parties, and funds having been escrowed by each party with this Court pursuant to this Court's March 22, 2012 order, and the court being advised in the premises:

IT IS HEREBY ORDERED that the Oakland County Circuit Court Clerk's Office shall return all monies and interest earned thereupon to each Party who paid those monies into the court's escrow account set up in this case. (In other words, if the Party Guzall paid into escrow $25,000.00 and Party Seifman paid into escrow $5,000.00, Party Guzall would be paid back that $25,000.00 and the interest that accrued on those monies, and the Party Seifman would be paid back that $5,000.00 and the interest that accrued on those monies.)

IT IS FURTHER ORDERED that all pending claims have been resolved by the Parties acceptance of their applicable case evaluations and this order resolves the last pending claim and closes this case.

_____
Circuit Court Judge Daniel P. O'Brien

Received for Filing Oakland County Clerk 2015 SEP 29 PM 02:02

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

SEIFMAN, BARRY

V,                                                    Case No. 12-125053-CZ

GUZALL, RAYMOND

_____/

ORDER
At a Session of this Court
County of Oakland
State of Michigan
September 29, 2015
Present: Hon. Daniel Patrick O'Brien

The court's July 13, 2015 order did not account for all depositors into the court's escrow account. This order is issued to account for them.

The court understands that there are four depositors who have deposited money into the courts interest bearing escrow account. This account has accrued interest and the court orders the money to be returned immediately as it was deposited as follows:

Raymond Guzall III, P.C.: $28,998.49

Barry Seifman: $478.09

Paul Frankfurt: $2,100.00

Michigan Municipal League: $3,189.43

Any interest accrued in the escrow account shall be placed into the county general fund on October 30, 2015 unless, following a motion, the court orders otherwise.

It is so ordered.

_____
Honorable Daniel Patrick O'Brien

| COUNTY OF OAKLAND | | 1200 N. TELEGRAPH | | PONTIAC, MI 48341 |
|---|---|---|---|---|

| Invoice No. | Amount | Description |
|---|---|---|
| 165584 | 28,998.49 | COURT CASE REFUND PER COURT ORDER 12-125053-CZ SEIFMAN VS GUZALL |

ANDREW E. MEISNER, TREASURER

VENDOR NO. 777777777
VENDOR NAME RAYMOND GUZALL III PC
PAYMENT NO. 20057806

DATE 10/09/2015
TOTAL ******************$28,998.49

REFER QUESTIONS TO (248) 858-5211

PLEASE SUBMIT ALL INVOICES TO:
**** ACCOUNTS PAYABLE*****
2100 PONTIAC LAKE RD WATERFORD MI 48328-0403

TO AVOID PAYMENT DELAY, YOUR INVOICE MUST INCLUDE
THE REQUESTING DEPT, CONTACT PERSON & P.O. NUMBER.
IF YOU HAVEN'T SIGNED UP FOR DIRECT DEPOSIT WITH
E-MAIL NOTIFICATION, PLEASE CONSIDER IT.

— — — — — — — PLEASE FOLD AND DETACH ALONG THIS PERFORATION

# EXHIBIT 4

✔ Track Your Expenses...

☐ Auto/Travel ☐ Education ☐ Medical/Dental
☐ Business ☐ Entertainment ☐ Savings
☐ Charities ☐ Food ☐ Taxes
☐ Clothing ☐ Home ☐ Utilities
☐ Dependent Care ☑ Insurance ☐ Other

10-9-12

BAL. FOR'D —
ITEM AMOUNT 16,666.66/100
BALANCE
DEPOSIT
FOR'D

Oakland County Circuit Court

Sixteen Thousand Six hundred Sixty +

☐ TAX DEDUCTIBLE ITEM

Memo Escrow AcT 12505-CZ
case number

For enhanced security your account number will not be printed on this copy

NOT NEGOTIABLE

---

Case # 12 12505-3 CZ

✔ Track Your Expenses...

☐ Auto/Travel ☐ Education ☐ Medical/Dental
☐ Business ☐ Entertainment ☐ Savings
☐ Charities ☐ Food ☐ Taxes
☐ Clothing ☐ Home ☑ Utilities
☐ Dependent Care ☐ Insurance ☑ Other

4/25/12

BAL. FOR'D
ITEM AMOUNT 5,833.33/100
BALANCE
DEPOSIT
FOR'D

Oakland County Circuit Court

Five Thousand Eighthundred Thirty Three

☐ TAX DEDUCTIBLE ITEM

Memo Settlement of Trishill Taxes (escrow
Case

For enhanced security your account number will not be printed on this copy

NOT NEGOTIABLE

---

✔ Track Your Expenses...

☐ Auto/Travel ☐ Education ☐ Medical/Dental
☐ Business ☐ Entertainment ☐ Savings
☐ Charities ☐ Food ☐ Taxes
☐ Clothing ☐ Home ☐ Utilities
☐ Dependent Care ☐ Insurance ☐ Other

4-12-12

BAL. FOR'D
ITEM AMOUNT 3908.00/100
BALANCE
DEPOSIT
FOR'D

Oakland County Circuit Court

Thirty Nine hundred and eight

☐ TAX DEDUCTIBLE ITEM

Memo escrow For Financial, E.J.Appel
parties, escrow

For enhanced security your account number will not be printed on this copy

NOT NEGOTIABLE

---

✔ Track Your Expenses...

☐ Auto/Travel ☐ Education ☐ Medical/Dental
☐ Business ☐ Entertainment ☐ Savings
☐ Charities ☐ Food ☐ Taxes
☐ Clothing ☐ Home ☐ Utilities
☐ Dependent Care ☐ Insurance ☐ Other

4/30/12

BAL. FOR'D
ITEM AMOUNT 200.00/100
BALANCE
FOR'D

Oakland County Circuit Court

Two hundred

☐ TAX DEDUCTIBLE ITEM

**251**

✓ Track Your Expenses...
- ☐ Auto/Travel  ☐ Education  ☐ Medical/Dental
- ☐ Business  ☐ Entertainment  ☐ Savings
- ☐ Charities  ☐ Food  ☐ Taxes
- ☐ Clothing  ☐ Home  ☐ Utilities
- ☐ Dependent Care  ☐ Insurance  ☐ Other

2-1-13

Oakland County Circuit Court

BAL FOR'D

ITEM AMOUNT  256.78

Two hundred Fifty 54

BALANCE

DEPOSIT

☐ TAX DEDUCTIBLE ITEM

FOR'D

Memo Gillian Bush -12-125053

For enhanced security your account number will not be printed on this copy

**NOT NEGOTIABLE**

---

**220**

✓ Track Your Expenses...
- ☐ Auto/Travel  ☐ Education  ☐ Medical/Dental
- ☐ Business  ☐ Entertainment  ☐ Savings
- ☐ Charities  ☐ Food  ☐ Taxes
- ☐ Clothing  ☐ Home  ☐ Utilities
- ☐ Dependent Care  ☐ Insurance  ☐ Other

8/9/12

Oakland County Circuit Court

BAL FOR'D

ITEM AMOUNT  434.87

Four hundred Thirty Four

BALANCE

DEPOSIT

☐ TAX DEDUCTIBLE ITEM

FOR'D

Memo Escrow Acct 125053CZ

For enhanced security your account number will not be printed on this copy

**NOT NEGOTIABLE**

---

**214**

✓ Track Your Expenses...
- ☐ Auto/Travel  ☐ Education  ☐ Medical/Dental
- ☐ Business  ☐ Entertainment  ☐ Savings
- ☐ Charities  ☐ Food  ☐ Taxes
- ☐ Clothing  ☐ Home  ☐ Utilities
- ☐ Dependent Care  ☐ Insurance  ☐ Other

7-6-12

Oakland County Circuit Court

BAL FOR'D

ITEM AMOUNT  1698.78

Sixteen hundred Ninety eight

BALANCE

DEPOSIT

☐ TAX DEDUCTIBLE ITEM

FOR'D

Memo ESCROW ACCT 125053CZ

For enhanced security your account number will not be printed on this copy

**NOT NEGOTIABLE**

---

# EXHIBIT 5

HARLAND E. COHEN
Managing Partner

PAUL I. JOELSON
HOWARD ROSENBERG
DANIEL H. MOSS
DAVID W. WARREN
MARC N. DRASNIN
RACHEL H. TUCKER
PETER W. JOELSON, LL.M

# JOELSON ROSENBERG, PLC

30665 NORTHWESTERN HWY., SUITE 200
FARMINGTON HILLS, MI 48334

TELEPHONE (248) 855-2233
Facsimile (248) 855-2388

OF COUNSEL
DIXON & MacDONALD, P.C.
------------------
MICHAEL H. FEILER
(1930-1993)
DONALD I. LARIND
(1932-1989)

July 14, 2015

Mr. Nicolas Camargo, Esq.
401 S. Old Woodward Ave., Ste 410
Birmingham, MI 48009

Re:    Seifman v Guzall
        Oakland County Case No. 12-125053-CZ

Dear Mr. Camargo:

Regarding the above matter, please find enclosed the following:

- A check for $14,000 to Raymond Guzall III and The Law Offices of Raymond Guzall, P.C.
- A Receipt of Case Evaluation Award

Please sign the Receipt of Case Evaluation Award and scan the signed copy to our office upon receiving the same.

Thank you for your assistance.

Please do not hesitate to contact our office with any questions.

Sincerely,

JOELSON ROSENBERG, PLC

Susan C. Brohman

Susan C. Brohman
Legal Assistant to David W. Warren

---

**2387**

BARRY A. SEIFMAN PC
30665 NORTHWESTERN HWY., STE 255
FARMINGTON HILLS, MI 48334
(248) 538-0711

DATE 7-1-15

PAY TO THE ORDER OF _Raymond Guzall III, Law Offices of Raymond Guzall III_    $14,000.00

_Fourteen Thousand_ DOLLARS

CHASE ◯
JPMorgan Chase Bank, N.A.

FOR _Full Satisfaction Case Evaluation award & difference CMEN 12-125053_