IN RE:                                                                   CASE NO. 13-53846
                                                                                HON. THOMAS J. TUCKER

CITY OF DETROIT, MICHIGAN,                    CHAPTER 9

         DEBTOR

_____/

## RESPONSE TO CITY
## OF DETROIT'S OBJECTION TO CLAIM No. 1075

General Shale Brick ("GSB"), by its undersigned attorneys and for its Response to City of Detroit's (the "City") Objection to Claim Number 1075 (the "Objection") states as follows:

1. GSB filed its claim against the City as a result of Michigan garnishment proceedings that resulted in order directing the City to pay GSB amounts that would otherwise be payable to a certain Mr. Michael Beydoun, the claimant, under Claim 201.

2. Mr. Beydoun's claim results from an auto accident for which the City was found liable in an amount in excess of $2,000,000.00.

3. GSB received a Judgment against Mr. Michael Beydoun on June 28, 2007 ( a copy of the Judgment is attached hereto as **Exhibit A**) and GSB served a writ of Garnishment on the City of Detroit on April 28, 2011. (The Garnishment is attached as **Exhibit B**).

4. After disputing liability in its Garnishee Disclosure, GSB filed its Motion to Strike Garnishee Disclosure and/or For Partial Summary Disposition as to Liability and after notice and a hearing, the City was ordered to pay GSB pursuant to the terms of a certain Order Regarding Payments by Garnishee Defendant City of Detroit (the "Garnishment Order"), entered on or about August 30, 2011. (A copy of the Garnishment Order is attached as **Exhibit C**).

5. GSB states that the entry of the Garnishment Order created an obligation to pay GSB in the manner set forth therein, thus constituting a "claim" within the meaning of 11 U.S.C. Sec. 101(5).

6. The City has filed a Motion to Determine Rights to Claim Number 201 ( the "Motion") seeking to: (a) allow GSB's claim (Claim 1075); (b) honor the priority of GSB's Garnishment by distributing to GSB the $20,000.00 cash element associated with Claim 201; and (c) provide GSB with a claim for the balance.

7. GSB generally concurs in the City's proposed distribution of Claim 201 as set forth in the Motion and seeks allowance of its claim as result of the facts outlined above.

WHEREFORE, General Shale Brick respectfully requests that the Court:

A. Allow the Claim (identified as Claim no. 1075) filed by General Shale Brick;

B. Adopt the proposed distribution method as set forth in the Motion and award General Shale Brick priority distribution up to the extent of its claim; and

C. Grant such other relief as may be just and appropriate be awarded to General Shale.

Respectfully Submitted,

By: /s/ John G. Colucci
John G. Colucci (P40716)
33659 Angeline
Livonia, MI 48150
(734) 956.0660
Fax (734) 956.0661
coluccilawfirm@gmail.com
Attorney for General Shale Brick, Inc.

# EXHIBIT A

Approved, SCAO

Original - Court
1st copy - Applicant
Copies - All appearing parties

| STATE OF MICHIGAN<br>20  JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | DEFAULT REQUEST, AFFIDAVIT,<br>ENTRY AND JUDGMENT<br>(SUM CERTAIN) | CASE NO.<br>06-44397-GCT |
|---|---|---|

**Court address**  
25637 Michigan Ave., Dearborn Heights, MI 48125

**Court telephone no.**  
(313) 277-7480

| Plaintiff name(s), address(es), and telephone no(s). | | Defendant name(s), address(es), and telephone no(s). |
|---|---|---|
| General Shale Brick, Inc.<br><br>c/o 10811 Farmington Rd., Livonia, MI 48150 | v | National Specialities Installation, Inc. and Michael Beydoun<br><br>6307 Heyden, Dearborn Heights, MI 48127 |
| Plaintiff attorney, bar no., address, and telephone no.<br>John Colucci P40716<br><br>10811 Farmington Rd., Livonia, MI 48150<br><br>(734) 261-1111 | | Defendant attorney, bar no., address, and telephone no.<br><br>A TRUE COPY<br>Court Clerk  6/28/07<br>Date |

**Party in default:** National Specialities Installation, Inc. and Michael Beydoun, Jointly and Severally,

### REQUEST AND AFFIDAVIT

1. According to court rule, I request the clerk to enter the default of the party named above for failure to appear.
2. The claim against the defaulted party is for a sum certain or for a sum which by computation can be made certain, and plaintiff requests judgment of the amount due from the defaulted party. Amount due plus costs are:

| Damages | Interest | Costs | Other* | Total |
|---|---|---|---|---|
| $ 24,890.07 | $ | $ 250.00 | $ | $ 25,140.07 |

*Attach bill of costs

3. The defaulted party is not an infant or incompetent person.
4. The defaulted party ☑ is not in the military service. ☐ is in the military service but there has been notice of the pendency of the action and adequate time and opportunity to appear and defend.
5. The claim ☐ is ☑ is not based on a note or other written evidence (if so, evidence is attached for filing and cancellation by clerk).

Applicant/Attorney signature       Bar no. P40716

Subscribed and sworn to before me on 6/28/07, Wayne County, Michigan.

My commission expires: _____  Signature: _____ Deputy court clerk/Notary public

John N. Colucci, Notary Public
State of Michigan, County of Wayne
My Commission Expires 12/24/2013
Acting in the County of Wayne

### DEFAULT ENTRY AND JUDGMENT

The default of the party named above for failure to appear is entered.

For: GENERAL SHALE BRICK, INC    Against: MICHAEL BEYDOUN AND NATIONAL SPECIALITIES INSTALLATION, I. JOINTLY AND SEVERALLY

☐ A note or other written evidence of indebtedness has been filed for cancellation.
**IT IS ORDERED** that this judgment is granted. This judgment will earn interest at current statutory rates.

Date 6/28/07         Court clerk/Judge: Nicole Mitchell

Judgment has been entered and will be final unless within 21 days of default judgment date a motion to set aside default is filed.

### CERTIFICATE OF MAILING

I certify that a copy of this judgment was served on the other party(ies) or their attorney(s) by ordinary mail at the above address(es).

Date 6/28/07        Signature: Nicole Mitchell

MC 07a (6/99) DEFAULT REQUEST, AFFIDAVIT, ENTRY, AND JUDGMENT (SUM CERTAIN) MCL 32.17; MSA 4.609, MCL 600.6013; MSA 27A.6013, MCR 2.603(B)(2), 50 USC 520

13-53846-tjt  Doc 11646  Filed 10/27/16  Entered 10/27/16 16:13:00  Page 4 of 11

# EXHIBIT B

| Approved, SCAO | Original - Court<br>1st copy - Garnishee<br>2nd copy - Defendant | 3rd copy - Return (proof of service)<br>4th copy - Plaintiff/Attorney (proof) |
|---|---|---|
| **STATE OF MICHIGAN**<br>20 **JUDICIAL DISTRICT**<br>___ **JUDICIAL CIRCUIT** | **REQUEST AND WRIT FOR GARNISHMENT**<br>**(NON-PERIODIC)** | **CASE NO.**<br>06-44397-GCT |

| Court address | Zip code | Court telephone no. |
|---|---|---|
| 25637 Michigan Ave., Dearborn Heights, MI | 48125 | (313) 277-7840 |

| Plaintiff name and address | Defendant name and address |
|---|---|
| General Shale Brick, Inc.<br>c/o John Colucci<br>33659 Angeline, Livonia, MI 48150 | Michael Beydoun<br>6307 Heyden<br>Dearborn Heights, MI 48127 |

v

| Plaintiff's attorney, bar no., and address | Social security no. | Account no. |
|---|---|---|
| John Colucci P40716<br>33659 Angeline<br>Livonia, MI 48150 | | |
| Telephone no.<br>734.956.0660 | Garnishee name and address<br>City of Detroit<br>C/O Law Dept. 660 Woodward Ave., Ste 1650<br>First National Building, Detroit, MI 48226 | |

**REQUEST**

1. Plaintiff received judgment against defendant for $ 25,140.07 on June 28, 2007.
2. The amount of the unsatisfied judgment now due (including interest and costs) is •$ 27,271.94.
3. Plaintiff knows or with good reason believes that the garnishee is indebted to or possesses or controls property belonging to the defendant.
4. **Plaintiff requests** a writ of non-periodic garnishment.

I declare that the statements above are true to the best of my information, knowledge, and belief.

4/28/2011
Date                                Plaintiff/Agent/Attorney signature

**WRIT OF GARNISHMENT**   To be completed by the court. See other side for additional information and instructions.

**TO THE PLAINTIFF:** You must provide all copies of the disclosure form (MC 14), 2 copies of this writ for serving on the garnishee, and any applicable disclosure fee. You are responsible for having these documents served on the garnishee within 91 days. If the disclosure states that the garnishee holds property **other than money** belonging to the defendant, you must motion the court within 56 days after the disclosure is filed for an order to apply the property toward the judgment.

**TO THE DEFENDANT:**
1. Do not dispose of any negotiable instrument representing a debt of the garnishee or any negotiable instrument of title representing property in which you claim an interest held in the possession or control of the garnishee.
2. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, the property or debt held under this writ may be applied to the judgment **28 days** after this writ was mailed or delivered to the garnishee.

**TO THE GARNISHEE:**
1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last known address by first class mail.
2. Deliver no tangible or intangible property and pay no obligation to the defendant unless allowed by statute or court rule.
3. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure (form MC 14) to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this order.
4. If indebted to the defendant, you must withhold an amount not to exceed the amount of the judgment stated in item 2. of the request. Payment of withheld funds must be made **28 days** after you are served with this writ unless notified that an objection has been filed.

You are ordered to make the payment withheld under this writ payable to
☐ the plaintiff   ☒ the plaintiff's attorney   ☐ the court
and mail it to: ☐ the plaintiff.   ☒ the plaintiff's attorney.   ☐ the court.

5. If you hold property other than money belonging to the defendant, do not transfer it until further order of the court.

| Date of issue | Expiration date | Deputy court clerk |
|---|---|---|
| 4/28/11 | 7/28/11 | |

MC 13 REQUEST AND WRIT FOR GARNISHMENT (NON-PERIODIC) MCL 600.4011 et seq.; MSA 27A.4011 et seq., MCR 3.101

# EXHIBIT C

STATE OF MICHIGAN
IN THE 20th DISTRICT COURT

GENERAL SHALE BRICK, INC.

    PLAINTIFF,

CASE NO. 06-44397-GCT

V.

NATIONAL SPECIALITIES INSTALLATION, INC.
and MICHAEL BEYDOUN, Jointly and Severally,

    DEFENDANTS.

V.

CITY OF DETROIT,

    GARNISHEE DEFENDANT.

_____/

| | |
|---|---|
| John G. Colucci (P40716)<br>33659 Angeline<br>Livonia, MI 48150<br>(734) 956.0660<br>Attorney for General Shale Brick, Inc.<br>734.956.0660 | Mary Beth Cobb (P40080)<br>City of Detroit Law Dept.<br>660 Woodward Ave., Ste 1650<br>First National Building<br>Detroit, MI 48226<br>313-237-3075 |

**ORDER REGARDING PAYMENT BY
GARNISHEE DEFENDANT
CITY OF DETROIT**

At a Session of Said Court
Held on **AUG 30 2011**

PRESENT: **DAVID D. TURFE**

Plaintiff General Shale Brick, Inc. ("General Shale"), by its undersigned attorneys, pursuant to the Michigan Rules of Court ("MRCP") and Garnishee Defendant City of Detroit ("Detroit") stipulate and agree as follows:

    A. General Shale served a Writ of Garnishment (the "Garnishment") on the City of Detroit in connection with the above captioned matter (a copy of which is attached as **Exhibit A**);

    B. The City of Detroit acknowledged service of process;

C. The City of Detroit filed its Garnishee Disclosure denying liability to Defendant Beydoun.

D. Prior to service of the Garnishment, a jury verdict was returned in favor of Beydoun and against the City of Detroit in the proceedings styled <u>Beydoun v. City of Detroit, et. al.</u>, Wayne County Circuit Court, Case No. 09-026647-NI in an amount exceeding $2,000,000.00 (the "Verdict") (a copy of which is attached as **Exhibit B**);

E. Judgment has been entered on the Verdict and the City of Detroit has appealed the Judgment, in the proceedings styled <u>Michael Beydoun v. Charles Benjamin Wills, Jr., et. al.</u>, Court of Appeals No. 304729 (the "Appeal");

F. General Shale served interrogatories and discovery requests within the time permitted under MCR 3.101(L);

G. A copy of the Garnishment has been served on Mr. Beydoun and no objections have been filed or served;

H. The Court being otherwise advised in the premises.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT, upon the conclusion of the Appeal filed by the City of Detroit, whether by dismissal, stipulation, *settlement* or other order of the Court of Appeals, the City of Detroit shall pay to General Shale Brick, from amounts otherwise due Beydoun under the Judgment as entered or modified, the amount due under the Garnishment ($27,271.94) by check payable to the Colucci Client Trust Account and delivered to attorney John Colucci, 33659 Angeline, Livonia MI 48150, 734.956.0660.

IT IS FURTHER ORDERED THAT pursuant to Michigan Rule of Court 3.101, the garnishment served on the City of Detroit shall remain in full force and effect until further order of the Court and the City of Detroit shall pay no obligation to the Defendant Beydoun until further order of the Court, *or payment to General Shale Brick in accordance with the paragraph immediately above.*

IT IS FURTHER ORDERED THAT the Court shall retain jurisdiction to enforce this Order.

By: _____   8/30/11
   District Court Judge

| By: _____ | By: _____ |
| John G. Colucci (P40716) | Mary Beth Cobb (P40080) |
| 33659 Angeline | City of Detroit Law Dept. |
| Livonia, MI 48150 | 660 Woodward Ave., Ste 1650 |
| (734) 956.0660 | First National Building |
| Attorney for General Shale Brick, Inc. | Detroit, MI 48226 |
| 734.956.0660 | 313-237-3075 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

CITY OF DETROIT, MICHIGAN,

    DEBTOR
_____/

CASE NO. 13-53846
HON. THOMAS J. TUCKER
CHAPTER 9

## CERTIFICATE OF SERVICE

I certify that the foregoing was served on all counsel of record on October 27, 2016 through the Electronic Filing System and on the additional parties listed below by first class mail, postage pre-paid.

Raymond Guzall III, P.C.
31555 West Fourteen Mile Road
Suite 320
Farmington Hills, MI 48334

Barry A. Seifman
Barry A. Seifman, P.C.
30445 Northwestern Hwy, #310
Farmington Hills, MI 48334

David W. Warren
Joelson Rosenberg, PLC
30665 Northwestern Hwy, #200
Farmington Hills, MI 48334

Michael Beydoun
6307 Heyen
Dearborn Heights, MI 48127

David B. Landry
Nancy Vayda Dembinski
Landry, Mazzeo & Dembinski PC
37000 Grand River, Ste 200
Farmington Hills, MI 48335

Kajy Development, L.L.C.
c/o David W. Yaldo
4036 Telegraph Road, Suite 204
Bloomfield Hills, MI 48302

Respectfully Submitted,

By: /s/ John G. Colucci
John G. Colucci (P40716)
33659 Angeline
Livonia, MI 48150
(734) 956.0660
Fax (734) 956.0661
coluccilawfirm@gmail.com
Attorney for General Shale Brick, Inc.