UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | : | |
|---|---|---|
| In re | : | Chapter 9 |
| | : | |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 |
| | : | |
| Debtor | : | Judge Thomas J. Tucker |

# *EX PARTE* MOTION OF THE THE CITY OF DETROIT FOR A FOURTH EXTENSION OF THE CLAIMS OBJECTION BAR DATE

The City of Detroit ("City") respectfully requests entry of an order extending the Claims Objection Bar Date (as defined herein), pursuant to section VI.C.3 of the City's chapter 9 plan, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"). The City files this Motion on an *ex parte* basis pursuant Local Rule 9006-1.

The City requests that the Claims Objection Bar Date be extended from December 7, 2016 to June 7, 2017.

In support of the Motion, the City respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court.

3. On November 21, 2013, this Court issued its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof [Doc. No. 1782] (the "Bar Date Order"). The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time.

4. On October 22, 2014, the City filed the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014) [Doc. No. 8045] ("Plan").

5. On November 12, 2014, this Court entered an Order Confirming the Plan. [Doc. No. 8272].

6. The Plan became effective on December 10, 2014 (the "Effective Date").

7. Over 3,900 proofs of claim were filed against the City. Of those claims, approximately 1,400 thus far have been classified as litigation claims, the review of which is being performed primarily by the City Law Department. The additional (roughly) 2,500 claims include, among other claims, trade claims, employee/labor/union claims and grievances, tax claims, and pension related claims.

8. Analyzing, reconciling and otherwise addressing the numerous and varied claims has been a huge undertaking. As discussed in some detail in the "Basis for Relief" section below, the City and its professionals have been working diligently to review, object to and negotiate claims, as appropriate, to ensure valid pre-petition claims will be allowed and the cash and non-cash components distributed as quickly as practicable. However, due to the number, variety and complexity of the claims, many claims remain outstanding.

9. The Plan established the initial "Claims Objection Bar Date," as defined in the Plan, as "the latest of (a) 180 days after the Effective Date, subject to extension by an order of the Bankruptcy Court, (b) 90 days after the Filing of a proof of Claim for such Claim and (c) such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court, which other period may be set without notice to Holders of Claims." Plan § I.A.62, p. 6. The Claims Objection Bar Date was initially set as June 8, 2015.

10. The Plan further provides that "[u]pon motion by the City to the Bankruptcy Court, the City may request, and the Bankruptcy Court may grant, an extension to the Claims Objection Bar Date generally or with respect to specific Claims. Any extension granted by the Bankruptcy Court shall not be considered to be a modification to the Plan under section 1127 of the Bankruptcy Code." Plan § VI.C.3, p. 69. Pursuant to that provision, the City previously requested in April 2015, and the Court granted, an extension of the deadline from June 8, 2015 to December 7, 2015. [Doc. Nos. 9748 & 9749]. The City further requested in October, 2015, and the Court granted, an extension of the deadline from December 7, 2015 to June 7, 2016. [Doc. Nos. 10229 & 10230]. In April, 2016, the City further requested, and the court granted, an extension of the deadline from June 7, 2016 to December 7, 2016. [Doc. Nos. 11135 & 11136]. This is the fourth request for an extension.

11. Since the Court granted the last extension, the City filed the Forty-Fourth through the Forty-Eighth Omnibus Objections and filed several objections to individual claims.[1] The Court has entered orders on the Forty-Fourth through the Forty-Eighth Omnibus Objections.[2] The City has also entered into stipulations

---

[1] *See* Forty-Fourth through Forty-Eighth Omnibus Objections. Doc. Nos. 11162, 11163, 11294, 11399, 11400. *See* objections to individual claims. Doc. Nos. 11541, 11620, 11622, 11623, 11644.

[2] *See* Orders Granting objections to certain claims in the Forty-Fourth through Forty-Eighth Omnibus Objection. Doc. Nos. 11172, 11300, 11301, 11316, 11391,

- 4 -

with numerous claimants resolving the City's claim objections and the Court has entered orders approving those stipulations.[3] Finally, the City filed its Designation of Certain Allowed Claims resolving another approximately 35 claims. *See* Doc. No. 11354.

12. The City has also settled or otherwise resolved a substantial number of the litigation claims. The City has entered into settlement agreements and paid approximately 549 litigation claims in accordance with the Plan (an increase of 125 since the last extension). There are an additional approximately 20 litigation claims that have been settled and are pending payment. Two hundred and sixty-one litigation claims have been expunged or withdrawn (an increase of 81 since the last extension). Despite this substantial progress, there are approximately 493 litigation claims remaining which the City is actively litigating in non-bankruptcy forums, attempting to resolve or scheduling for inclusion in future objections.

13. The City is negotiating in good faith in an attempt to resolve the very large claims, including *Brown v. City of Detroit*, a class action involving alleged constitutional claims (claim number 3667, stated claim amount $14,266,440 for certified Class I and $129,171,000 for certified Class II), AFSCME Council 25 and Its Affiliated Detroit Locals (claim number 2958, stated claim amount

---

11487, 11536, 11537.
[3] *See* Orders approving stipulations resolving individual claims. Doc. Nos. 11374, 11477, 11478, 11479, 11480, 11481, 11482, 11483, 11484, 11485, 11486, 11488,

$8,718,697,854.82) and Coalition of Detroit Unions (claim number 2851, stated claim amount $242,586,116.50).

## RELIEF REQUESTED

14. In accordance with section VI.C.3 of the Plan, section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b), and Local Rule 9006-1, the City respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, extending the Claims Objection Bar Date, as defined in the Plan and including the deadline for the City to object to proofs of claim, for approximately 180 days, through and including June 7, 2017. The City further requests an expedited review of this Motion so that the City may have as much advance notice as possible in the event this Motion is for any reason not granted.

## BASIS FOR RELIEF

15. The Court has the authority under the Plan and applicable rules to extend the Claims Objection Bar Date pursuant to this Motion, and cause exists for the Court to do so.

16. Section VI.C.3 of the Plan provides that the Court may grant an extension to the Claims Objection Bar Date. Plan § VI.C.3, p. 69.

17. In addition, Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or Order of the Court.

---

11498, 11538, 11630.

*See* Fed. R. Bankr. P. 9006(b). Local Rule 9006-1(b) also provides that a party may file a motion for an *ex parte* order extending time.

18. Furthermore, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19. Cause exists for the Court to extend the time to object to the claims.

20. As stated above, over 3,900 proofs of claim were filed against the City. Approximately 1,400 thus far have been classified as litigation claims, the review of which is being performed primarily by the City's law department. The additional (roughly) 2,500 claims include, among other claims, trade claims, employee/labor/union claims and grievances, tax claims, workers compensation claims, and pension related claims. These additional claims are being addressed by the City's law department in conjunction with the City's labor relations department, and retained professionals from Ernst & Young and Miller Canfield.

21. Although the City has made tremendous progress since the last extension, the enormity of the claim objection process is underscored by the motion filed by the City to establish a reserve for anticipated B-note payments. [Doc. No. 9351]. The reserve was intended to approximate a maximum amount for the total of all pre-petition claims that will share in the B-note payments. The Court approved a reserve of roughly **$2 billion**, representing approved claims, plus

27681059.4\022765-00213
13-53846-tjt    Doc 11653    Filed 11/01/16    Entered 11/01/16 15:15:32    Page 7 of 17

open claims with stated dollar amounts and estimates of other claims. [Doc. No. 9701]

22. The 3,900 pre-petition claims, including the roughly 1,400 litigation claims, are varied and complex. Many of the pre-petition litigation claims are motor vehicle accident claims involving 1st party (no-fault) and/or 3rd party (serious impairment) cases. Others include 42 U.S.C. 1983 claims (civil rights), inverse condemnation claims, highway defect cases (mostly sidewalk trip and fall), contract and business cases.

23. For many of the pre-petition litigation claims, the claimant filed only a proof of claim without more. There is no pending lawsuit or other reasonable or practical way for the City to ascertain or determine the basis for the claim. As a result, the City had no information whatsoever concerning the basis for the claim, and the City has had to start from square one to investigate. Even where a lawsuit had been initiated, many cases were filed shortly before the bankruptcy filing and little or no discovery had been conducted.

24. Under the Plan, the City is required to deal individually with each and every one of the roughly 3,900 pre-petition claims – by either negotiating a resolution, seeking a dismissal or expungement by this Court or litigating the claim in an appropriate forum.

- 8 -
27681059.4\022765-00213
13-53846-tjt   Doc 11653   Filed 11/01/16   Entered 11/01/16 15:15:32   Page 8 of 17

25. The City's priority has been to resolve and pay pre-petition claims for which the payment includes a cash component. Different types of claims include differing cash payouts; for example, first party motor vehicle claims require payment in full except as to interest and attorney fees. Claims that generally do not require any cash payout, such as highway defect claims, will in fact require a cash payout if they qualify as a "convenience claim." Specifically, the Plan provides that claims which would otherwise be subject to B-note treatment, if they are $25,000 or less (or voluntarily reduced to $25,000 or less), will be paid at 25% in cash as a "convenience claim." The City's Corporation Counsel has worked cooperatively with the Detroit City Council to expedite, to the extent reasonably practicable, payment of cash portions of pre-petition settled claims.

26. To date, the City has issued or is in the process of issuing cash payments on hundreds of pre-petition litigation claims.

27. In addition, in an effort to expedite resolution of pre-petition litigation claims, the City's lawyers have served (pursuant to the Court's ADR Order) "stay modification notices" for more than 600 pre-petition litigation claims. [Doc. No. 2302]. These stay modification notices require the claimant to promptly liquidate the claim in an appropriate forum. These notices have prompted the reopening of many lawsuits that were administratively closed during the bankruptcy; however,

many claimants and/or their attorneys have not taken steps yet to pursue these cases.

28. The City received hundreds of pre-petition workers compensation claims. Those claims, pursuant to the Plan, are being dealt with in the ordinary course and paid as appropriate. The City's lawyers have worked hard to successfully eliminate the backlog of those cases before the Workers Compensation Bureau.

29. The City is required to deal with numerous employee/union/labor claims which include hundreds of pre-petition grievances. These grievances and numerous other union disputes were not resolved in connection with negotiation of CBAs during the bankruptcy process and, instead, were left for the City to deal with after the Effective Date. As the Court knows, some of the union pre-petition claims seek hundreds of millions of dollars. The City's law and labor relations departments have resolved hundreds of grievance claims and are working diligently to resolve all such claims that are outstanding. The City's outside counsel is working cooperatively with AFSCME counsel in an effort to resolve the largest of the Union's claims without further litigation.

30. The City, with assistance of accounting professionals and outside counsel, has resolved the vast majority of the administrative and trade claims. The City is currently negotiating with several significant claimants with complex pre-

27681059.4\022765-00213
13-53846-tjt    Doc 11653    Filed 11/01/16    Entered 11/01/16 15:15:32    Page 10 of 17

petition claims, including Wayne County and the State of Michigan, in an effort to resolve claims without the necessity of litigation.

31. In addition to the some 3,900 pre-petition claims, the City's law department has received (and continues to receive) hundreds of post-petition claims to be handled in the ordinary course.

32. The extension of the Claims Objection Bar Date was already contemplated by the Plan, and will not prejudice any interested party. Instead, the extension will ensure that the City has sufficient time to limit or obtain disallowance of those Claims (or the appropriate portion thereof) for which the City is not liable, thereby preserving and maximizing value for creditors holding valid and allowed claims. The extension of the Claims Objection Bar Date will also enable the City to engage in meaningful negotiations to resolve claims consensually, thus avoiding unnecessary objections. Absent an extension, to avoid a deemed allowance of inappropriate and invalid claims, the City could be required to file protective objections to many claims that otherwise might be resolved consensually.

33. Accordingly, an extension of the Claims Objection Bar Date is warranted and appropriate under the circumstances.

34. The City reserves its rights to seek additional extensions of the Claims Objection Bar Date if necessary or appropriate.

## NOTICE

35. The City has filed this Motion on an e*x parte* basis in accordance with Local Rule 9006-1. Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Motion need be given.

## THREE PRIOR REQUESTS FOR EXTENSION

36. As set forth above, the City has previously submitted, and been granted, three prior requests for extensions of the Claims Objection Bar Date.

WHEREFORE, the City respectfully requests that this Court enter an Order, substantially in the form annexed as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: November 1, 2016

CITY OF DETROIT LAW DEPARTMENT

By: */s/ Charles N. Raimi*
Charles N. Raimi (P29746)
Mary Beth Cobb (P40080)
James Noseda (P52563)
Attorneys for the City of Detroit
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ *Marc N. Swanson*
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Co-Counsel for the City of Detroit, Michigan

# **EXHIBIT 1: PROPOSED ORDER**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | : | |
|---|---|---|
| In re | : | Chapter 9 |
| | : | |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 |
| | : | |
| Debtor | : | Judge Thomas J. Tucker |

## ORDER GRANTING THE *EX PARTE* MOTION OF THE CITY OF DETROIT FOR A FOURTH EXTENSION OF THE CLAIMS OBJECTION BAR DATE

Upon consideration of the City's *Ex Parte* Motion for a Fourth Extension of the Claims Objection Bar Date, dated November 1, 2016 (Docket # [   ], the "Motion"),[4] seeking entry of an order extending the Claims Objection Bar Date through and including June 7, 2017; and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the City, and its creditors; and it appearing that the Motion can be considered and this Order

---

[4] Capitalized terms used but not otherwise defined herein shall have the meaning

1

granted on an *ex parte* basis pursuant to Local Rule 9006-1 and that no prior notice of the Motion or the entry of this Order need be given; and the Court finding that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1. The Motion is granted.

2. The Claims Objection Bar Date, as set forth in the Plan, including the deadline for the City to object to claims, is hereby extended from December 7, 2016 through and including June 7, 2017.

3. This Order is entered without prejudice to the rights of the City to request a further extension of the Claims Objection Bar Date.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order.

---

ascribed to them in the Motion.

2

# CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2016, I electronically filed *The City of Detroit's Ex Parte Motion for Fourth Extension of the Claims Objection Bar Date* (the "<u>Motion</u>") with the Clerk of the Court via the Court's ECF electronic filing system. The electronic filing system will serve notice to all ECF participants.

                                                          /s/ Marc N. Swanson
                                                          Marc N. Swanson