# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**IN THE MATTER OF:**

    **City of Detroit, Michigan,**

        Debtor.

_____/

**BANKRUPTCY CASE NO: 13-53846**
**CHAPTER:** 9
**JUDGE:** Thomas J. Tucker

## RESPONSE TO CITY OF DETROIT'S MOTION TO DETERMINE RIGHTS TO CLAIM NUMBER 201

NOW COMES Kajy Development, L.L.C., by and through its attorney, DAVID W. YALDO, P.C., and in response to City of Detroit's Motion to Determine Rights to Claim Number 201 states as follows:

Kajy Development, L. L. C. (Hereinafter referred to as "Kajy") disagrees with the City of Detroit's position in their Motion to Determine Rights To Claim Number 201. Following the City of Detroit's Plan to include Michael Beydoun's (Hereinafter referred to as "Beydoun") creditors in the bankruptcy proceedings would dilute Kajy's funds. Most importantly, Beydoun's creditors do not belong in this bankruptcy proceeding because they are not a creditor to the City of Detroit; the creditors against Beydoun are merely stakeholders in collecting whatever funds Beydoun might be entitled to through the bankruptcy proceedings.

## BACKGROUND

1. On October 10, 2007, Michael Beydoun entered into a settlement agreement with Kajy Development for claims arising out of a fraudulent construction lien sworn statement submitted by Michael Beydoun's.

2. On October 15, 2007, a judgment was issued in the Third Judicial Circuit Court for the State of Michigan against Michael Beydoun in favor of Kajy.

3. General Shale Brick, Co. ("GSB") also had a judgment against Michael Beydoun in the amount of $27,271.94.

4. GSB filed its writ of garnishment on April 28, 2011 on the City of Detroit.

5. Kajy served a writ of garnishment for $168,017.21 on the City of Detroit on May 20, 2011.

## ARGUMENT

A. **Kajy, along with the other creditors, do not belong in these bankruptcy proceedings as they merely hold a claim against any funds to which Beydoun might recover from these proceedings.**

The City of Detroit's Motion to Determine Rights to Claim Number 201 improperly proposes to include the creditors of Beydoun in the bankruptcy proceedings when, in fact, they are not parties to these proceedings. The City of Detroit, through these proceedings, might be determined to owe money to Beydoun to which Kajy, along with other creditors of Beydoun, claims an interest. Kajy filed a writ of garnishment against the City of Detroit for funds that may be paid out to Beydoun from Beydoun's judgment against the City of Detroit.

The City of Detroit states in Paragraph 7 of its Objection to Claim Number 1075, "GSB and Kajy each have an interest in Claim 201, not a direct claim against the City... they each have an interest in collecting whatever Claim 201 may yield, rather than a direct claim based on a prepetition obligation incurred by the City."

As the City of Detroit declares in its own motion, Kajy does not have a direct claim against the City, rather an interest in collecting whatever is yielded from Claim 201. However, the City of Detroit proposes to distribute Claim 201 in a manner contradictory to its statement above. The City of Detroit proposes to include Kajy as a Class 14 Other Unsecured Claim as if Kajy has a direct claim against the City of Detroit. Improperly including Kajy as a Class 14 Other Unsecured Claim would dilute Kajy's claim against Beydoun.

Kajy should not be included as a Class 14 Other Unsecured Claim. Beydoun's creditors should be paid in priority of "first in time, first in right" after an amount is finally established for Claim 201. The City of Detroit, as garnishee, should pay out any funds from Beydoun's Claim 201 to Beydoun's creditors.

**B.    Kajy Development has a valid State Court Judgment against Beydoun.**

Beydoun's affidavit is dubious as well as the allegations made by Mr. Guzall in their response to the City of Detroit's Motion. The facts and history between Beydoun and Kajy are uncontroverted and will additionally explain why Guzall and Beydoun's statements have absolutely no merit.

In August 2006, Kajy entered into a construction contract with Beydoun. In November 2006, Beydoun submitted a construction draw together with a sworn statement for labor and materials supplied for the project in the amount of $148,000.00. Kajy paid

this amount to Beydoun. Shortly thereafter, Kajy learned that these materials and supplies were never delivered or incorporated into the construction project. Kajy began a lawsuit against Beydoun for his breach of contract based off of Beydoun's fraudulent sworn statements. The complaint was personally served on Beydoun (See Proof of Service attached as **Exhibit A**). After Beydoun was personally served with the complaint, Beydoun signed a settlement agreement on October 10, 2007 acknowledging that he never really used the $148,000.00 in materials and supplies in connection with the contract, which he obtained by making a fraudulent sworn statement (See Settlement Agreement attached as **Exhibit B**).

Moreover, Guzall, Beydoun's attorney, contends in their motion that Beydoun does not owe any money to Kajy because Beydoun did not receive the garnishment request until it was submitted to this Court. How could this allegation be true? On May 20, 2011 a Request and Writ for Garnishment was issued to both of Beydouns attorneys, Guzall, and Seifman (See Request and Writ for Garnishment attached as **Exhibit C**). Guzall, and Seifman received notice of this Request and Writ for Garnishment and filed written garnishee disclosures (**Exhibit D**).

Next, Beydoun contends that David Yaldo (Hereinafter referred to as "Yaldo") represented both Kajy and Beydoun. Yaldo only represented Kajy and has never represented Beydoun (See affidavit of David Yaldo as **Exhibit E**). Beydoun states in his affidavit to this Court "My Company had already performed a great deal of the work." If Beydoun's Company did a great deal of work then why did Beydoun sign a settlement agreement (**Exhibit A**) that states the exact opposite? Yet again, it seems that Beydoun has provided a court with statements that have many conflictions and in fact holds no truth.

WHEREFORE, it is requested that this Honorable Court deny Beydoun's request to eliminate Kajy's claim from the proceeds for all the reasons set forth above.

Respectfully Submitted,

DAVID W. YALDO, P.C.

By: /s/ David Yaldo
David W. Yaldo (P36817)
Attorney for Kajy Development
4036 Telegraph Road, Suite 204
Bloomfield Hills, Michigan 48302
(248) 645-1500

The Law Office of Afan Bapacker, P.C.

/s/ Afan Bapacker
Afan Bapacker (P70885)
16030 Michigan Avenue, Ste 220
Dearborn, MI 48126
afan@bapackerlaw.ocm
Fax: 313-447-3014
313-646-8070

Dated: November 4, 2016

# EXHIBIT A

DEMAND FOR JURY TRIAL, LABELS AND EXHIBITS

Michael Beydoun                13031 W. 7 Mile RD.                    Thursday
                               Detroit, MI 48235                     July 19, 2007
                                                                     2:02 PM

PROCESS SERVER
July 24, 2007          Macomb
Feb. 18, 2008          Christine S. Brown
                       Christine S. Brown

**EXHIBIT B**

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (this "Agreement") is made and entered effective as of this _10th_ day of October, 2007, by and between Kajy Development, Inc., a Michigan corporation having its principal place of business at 805 Baldwin Avenue, Pontiac, Michigan 48340 ("Kajy"), and National Specialties Installation, Inc. d/b/a National Specialties, Inc., a Michigan corporation with its registered office located at 6307 Heyden, Dearborn Heights, Michigan 48127 ("NSI"), and Michael Beydoun ("Beydoun ") (NSI and Beydoun shall sometimes be collectively referred to herein as "Defendants").

## RECITALS

A.      On August 5, 2006, NSI and Kajy entered into a construction contract wherein NSI agreed to provide a "turnkey" building for a Family Dollar Store ("Project") located on property owned by Kajy located in the City of Pontiac, County of Oakland, Michigan (the "Contract"). A deposit of $20,000 was paid to NSI soon after the Contract was executed.

B.      Beydoun submitted a construction draw together with a sworn statement for labor and materials supplied for the Project in the amount of $148,000 on November 13, 2006. Based upon the construction draw and sworn statement, NSI was paid $148,000.

C.      A portion of the funds was used by NSI to purchase certain material and supplies to be used for the Project. The material and supplies ("Material") were never delivered or incorporated into the project and are currently in the possession of NSI and Beydoun.

D.      Kajy commenced the lawsuit above against Defendants for claims relating to breach of contract (the "Lawsuit").

**NOW, THEREFORE,** for and in consideration of the mutual covenants and promises set forth in this Contract, the adequacy and receipt of which are hereby acknowledged, the parties hereby hereto agree as follows:

1.      **Acknowledgment of Defaults and Breaches by Defendants.** Each Defendant hereby acknowledges and agrees that it is in material breach and default under the Contract beyond any applicable cure period and that they have received all required and desired notices of such breach and defaults from Kajy but that such breaches and defaults have continued to be uncured (the "Defaults").

**No default or breach by Kajy.** Each Defendant hereby acknowledges and admits that all of their Defaults and failures in connection with the Contract were due solely to their failures and that none of their Defaults or failures were due to or caused by any action or inaction by Kajy or any failure by Kajy to meet any of its obligations under the Contract.

2.      **Assets.** Defendants desire and intend to, of their own free and independent will, and do hereby, fully and irrevocably transfer, and assign all of the Material to Kajy and for Kajy to hold and own forever and without any future claim by Defendants. The assignment of the Material from Defendants to Kajy under this Contract is intended to be and is acknowledged by Defendants to be an absolute conveyance and an unconditional transfer of the Material.

Each of Defendants hereby appoints Kajy as their respective true and lawful attorney-in-fact to duly execute and deliver any and all further documents and to take such further action as may be necessary, proper, convenient or desirable to (a) enable Kajy to reduce to possession,

collect, enforce, own or enjoy any and all rights and benefits in, to, with respect to, or in connection with, the Material, (b) to file a lien under the Uniform Commercial Code to perfect a security interest in and to the Material, and (c) take, in Defendants' name, any and all steps and to do any and all things that may be or become lawful and necessary, proper, convenient or desirable to enable Kajy to reduce to possession, collect, enforce, own and enjoy any and all rights and benefits in, to, with respect to, or in connection with, the Material. Such power granted to Kajy by each of Defendants is a special power of attorney coupled with an interest, is irrevocable and shall survive death or a disability. Each of Defendants will execute a power of attorney reflecting this grant, in any form submitted by Kajy.

3. **Materials.** Defendants acknowledge and agree the funds received constitute a trust fund, as that term is defined by the Michigan Building Contract Fund Act, that act being MCL 570.151 et seq. The Defendants further acknowledge and agree that the trust funds were converted into the Material to be incorporated into the Project, and that said Material constitutes a part of the trust funds. The Material include all of the assets and properties, wherever situated, acquired by NSI or in which NSI has any right or interest or used or useable in connection with the Project, including, without limitation, the following, free and clear of all liens, security interests, encumbrances, charges, agreements, restrictions and claims of any kind whatsoever, whether legal or equitable:

> Structural steel
> Sanitary and storm pipe
> Brick
> Metal decking

4. **No Assumption of Liabilities.** Kajy shall not assume and shall not be liable for any liabilities of any Defendants, of whatever type or nature, other than as may specifically be assumed by Kajy pursuant to written agreement signed by Kajy.

5. **Judgment.** Defendants shall also enter into a Consent Judgment in the form attached hereto, and shall remain liable for any deficiency.

6. **Free Act.** Each Defendant acknowledges that it is entering into this Agreement freely and voluntarily and to avoid future losses and expenses of continued litigation. Each Defendant acknowledges that this Agreement and all other documents referred to herein have been executed freely and voluntarily after consultation with legal counsel and with full knowledge relating to the laws of the State of Michigan, if at all applicable.

7. **Entire Understanding.** All negotiations, understandings and discussions the parties have had culminating in this Agreement are merged into this Agreement which constitutes the entire agreement among the parties. This Agreement may be modified only by a written instrument executed by each party hereto.

8. **Choice of Law.** This Agreement shall be governed by the laws of the State of Michigan and shall be binding upon the parties and their respective heirs, personal representatives, successors and assigns.

9. **Captions.** All titles and captions of the various sections and subsections of this Agreement have been inserted only for convenience and are not part of this Agreement and shall not be deemed in any manner to modify, explain, enlarge or restrict any of the provisions of this Agreement.

2

10. **Binding Effect; Assignment.** This Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, successors and assigns.

11. **Rights Cumulative.** All of Kajy's rights and remedies under this Agreement and the Contract are cumulative and non-exclusive.

12. **Severability.** If any provision of this Agreement or of the application thereof to any person or circumstance is held invalid or unenforceable, and if Kajy so agrees, the remainder of this Agreement and the application of such provision to other persons or circumstances shall not be affected hereby and the provision of this Agreement shall be severable in any such instance.

13. **Counterparts.** This Agreement may be signed in counterparts and all of such counterparts when property executed by the appropriate parties thereto together shall serve as a fully executed document, binding upon the parties.

14. **Notices.** Any and all notices given hereunder shall be sent to the parties at the addresses set forth above.

15. **Legal Fees and Costs.** In the event any legal proceedings are commenced to enforce any provision of this Agreement, the non-prevailing party shall pay the prevailing party its reasonable attorney's fees and costs.

16. **No Assignment.** Each party to this Agreement warrants and represents that it has not assigned, transferred, or purported to assign or transfer, to any person, partnership, corporation or other entity whatsoever any claims, rights or damages released herein. Each party agrees to indemnify, defend, and save harmless the other parties to this Agreement from all claims, expenses and liabilities arising from any prior assignment or transfer subject to this paragraph.

17. **No Third Party Beneficiary.** The obligations undertaken by the parties executing this Agreement are for their benefit only, and no other party, person or entity shall have the right to rely on or attempt to enforce any provision of this Agreement as a third-party beneficiary or otherwise.

18. **Neutral Construction.** This Agreement has been negotiated by all the parties and shall be construed as if all parties had equal responsibility in the drafting hereof. This Agreement is freely and voluntarily executed by all of the parties having been apprised of all relevant information by their respective legal counsel.

19. **WAIVER OF JURY TRIAL.** EACH DEFENDANT ACKNOWLEDGES AND AGREES THAT THERE MAY BE A CONSTITUTIONAL RIGHT TO A JURY TRIAL IN CONNECTION WITH ANY CLAIM, DISPUTE OR LAWSUIT ARISING BETWEEN ANY DEFENDANT AND KAJY, BUT THAT SUCH RIGHT MAY BE WAIVED. ACCORDINGLY, THE PARTIES AGREE THAT NOTWITHSTANDING SUCH CONSTITUTIONAL RIGHT, IN THIS COMMERCIAL MATTER THE PARTIES BELIEVE AND AGREE THAT IT SHALL BE IN THEIR BEST INTEREST TO WAIVE SUCH RIGHT, AND, ACCORDINGLY, HEREBY WAIVE SUCH RIGHT TO A JURY TRIAL, AND FURTHER AGREE THAT THE BEST FORUM FOR HEARING ANY CLAIM, DISPUTE OR LAWSUIT, IF ANY, ARISING IN CONNECTION WITH THIS AGREEMENT OR THE RELATIONSHIP BETWEEN THE PARTIES HERETO, SHALL BE A COURT OF COMPETENT JURISDICTION SITTING WITHOUT A JURY.

3

**20.** **Further Assurances**. At any time and from time to time at or after the date of this Agreement, the parties agree to cooperate with each other, to execute and deliver such other documents, instruments of transfer or assignment, files, books and records and do all such further acts and things as may be reasonably required to carry out the transactions contemplated hereby and to make available to each other and their respective accountants, attorneys, officers and other representatives, all records, books of account, documents and information which they may from time to time request for purposes of income tax preparation and reporting and other governmental and regulatory requirements.

**IN WITNESS WHEREOF,** the undersigned have executed this Contract as of the Effective Date first written above.

KAJY DEVELOPMENT, INC.,
a Michigan corporation

By: _Yousif KAJY_

Its: _Managing member_

NATIONAL SPECIALTIES
INSTALLATION, INC.,
a Michigan corporation

By: _____
        Michael Beydoun

Its: President

MICHAEL BEYDOUN, individually

STATE OF MICHIGAN    )
                                        ) SS
COUNTY OF OAKLAND    )

On this _10th_ day of _October_, 2007, before me, a Notary Public in and for said County, personally appeared _Yousif Kajy managing member_ of Kajy Development, Inc., known to me to be the person described in and who executed the foregoing instrument on behalf of said company and that he did so as his free act and deed.

_____
David Yaldo
Notary Public, State of Michigan,
County of _Oakland_
My Commission Expires: _3/1/08_
Acting in Oakland County

4

STATE OF MICHIGAN )
                     ) SS
COUNTY OF OAKLAND )

On this _1st_ day of _October_, 2007, before me, a Notary Public in and for said County, personally appeared Michael Beydoun, _President_ of National Specialties Installation, Inc., known to me to be the person described in and who executed the foregoing instrument both individually and on behalf of said company, and that he did so as his free act and deed.

_n ful_
David Yuldo
Notary Public, State of Michigan,
County of _Oakland_
My Commission Expires: _3/1/08_
Acting in Oakland County

5

**EXHIBIT C**

Original - Court (Part 1)
1st copy - Garnishee (Part 2)
2nd copy - Defendant (Part 2)
3rd copy - Return (proof of service) (Part 1)
4th copy - Plaintiff/Attorney (proof) (Part 2)

Approved, SCAO

| • **STATE OF MICHIGAN** | **REQUEST AND WRIT FOR GARNISHMENT** | • **CASE NO.** |
|---|---|---|
| _____ **JUDICIAL DISTRICT** | **(NONPERIODIC)** | 07-713584-C |
| **3rd** **JUDICIAL CIRCUIT** | | Hon. Prentis Edwards |

| Court address | • Zip code | Court telephone no. |
|---|---|---|
| 201 CAYMC, Two Woodward Avenue, Detroit, MI 48226 | | (313) 224-5510 |

| Plaintiff name and address (judgment creditor) | | Defendant name and address (judgment debtor) |
|---|---|---|
| Kajy Development, L.L.C. 805 Baldwin Avenue Pontiac, MI 48340 | v | Michael Beydoun 6307 Heyden Dearborn Heights, MI 48127 |

Social security no.          Account no.

| Plaintiff's attorney, bar no., and address |
|---|
| David W. Yaldo (P36817) 4036 Telegraph Road, Suite 204 Bloomfield Hills, MI 48302 |
| Telephone no. (248) 645-1500 |

Garnishee name and address
Barry A. Seifman
30665 Northwestern Highway, Suite 255
Farmington Hills, MI 48334

---

**REQUEST**   **See instructions for item 2 on other side.**

1. Plaintiff received judgment against defendant for $ 148,000.00 _____ on October 15, 2007 _____.
2. The total amount of judgment interest accrued to date is $ 20,017.21 _____ . The total amount of postjudgment costs accrued to date is $ 0.00 _____ . The total amount of postjudgment payments and credits made to date is $ 0.00 _____ . The amount of the unsatisfied judgment now due (including interest and costs) is • $ 168,017.21 _____
3. Plaintiff knows or with good reason believes the garnishee is indebted to or possesses or controls property belonging to defendant.
4. **Plaintiff requests** a writ of nonperiodic garnishment.

I declare that the statements above are true to the best of my information, knowledge, and belief.

05/18/2011
_____
Date

_____
Plaintiff/Agent/Attorney signature

---

**WRIT OF GARNISHMENT**   **To be completed by the court. See other side for additional information and instructions.**

**TO THE PLAINTIFF:** You must provide all copies of the disclosure form (MC 14), two copies of this writ for serving on the garnishee, and $1.00 disclosure fee. You are responsible for having these documents served on the garnishee within 91 days. If the disclosure states that the garnishee holds property **other than money** belonging to the defendant, you must motion the court within 56 days after the disclosure is filed for an order to apply the property toward the judgment. **NOTE:** The social security number field is blacked out on the court copies for security reasons, but will appear on the garnishee, defendant, and plaintiff copies.

**TO THE DEFENDANT:**
1. Do not dispose of any negotiable instrument representing a debt of the garnishee or any negotiable instrument of title representing property in which you claim an interest held in the possession or control of the garnishee.
2. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, the property or debt held under this writ may be applied to the judgment **28 days** after this writ was mailed or delivered to the garnishee.

**TO THE GARNISHEE:**
1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last-known address by first-class mail.
2. Deliver no tangible or intangible property and pay no obligation to the defendant unless allowed by statute or court rule.
3. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure (form MC 14) to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this writ.
4. If indebted to the defendant, you must withhold an amount not to exceed the amount of the judgment stated in item 2 of the request. Payment of withheld funds must be made **28 days** after you are served with this writ unless notified that an objection has been filed.
   You are ordered to make the payment withheld under this writ payable to ☑ the plaintiff ☐ the plaintiff's attorney ☐ the court
   and mail it to: ☐ the plaintiff ☑ the plaintiff's attorney ☐ the court
5. If you hold property other than money belonging to the defendant, do not transfer it until further order of the court.

MAY 20 2011          AUG 19 2011                          Deputy court clerk
_____          _____
Date of issue       Expiration date for service

MC 13 (6/09) **REQUEST AND WRIT FOR GARNISHMENT (NONPERIODIC) (Part 2)**          MCL 600.4011 et seq., MCR 3.101

Original - Court (Part 1)
1st copy - Garnishee (Part 2)     3rd copy - Return (proof of service) (Part 1)
2nd copy - Defendant (Part 2)     4th copy - Plaintiff/Attorney (proof) (Part 2)

Approved, SCAO

| • STATE OF MICHIGAN<br>_____ JUDICIAL DISTRICT<br>3rd  JUDICIAL CIRCUIT | REQUEST AND WRIT FOR GARNISHMENT<br>(NONPERIODIC) | • CASE NO.<br><br>07-713584-C<br>Hon. Prentis Edwards |

| Court address                                        • Zip code | Court telephone no. |
| 201 CAYMC, Two Woodward Avenue, Detroit, MI 48226 | (313) 224-5510 |

| Plaintiff name and address (Judgment creditor)<br>Kajy Development, L.L.C.<br>805 Baldwin Avenue<br>Pontiac, MI 48340 | v | Defendant name and address (Judgment debtor)<br>Michael Beydoun<br>6307 Heyden<br>Dearborn Heights, MI 48127 |

| Plaintiff's attorney, bar no., and address<br>David W. Yaldo (P36817)<br>4036 Telegraph Road, Suite 204<br>Bloomfield Hills, MI 48302 | Social security no. | Account no. |
| Telephone no.<br>(248) 645-1500 | Garnishee name and address<br>Raymond Guzall III<br>30665 Northwestern Highway, Suite 255<br>Farmington Hills, MI 48334 |

**REQUEST**    **See instructions for item 2 on other side.**

1. Plaintiff received judgment against defendant for $ 148,000.00 _____ on October 15, 2007 .
2. The total amount of judgment interest accrued to date is $ 20,017.21 . The total amount of postjudgment costs accrued to date is $ 0.00 . The total amount of postjudgment payments and credits made to date is $ 0.00 . The amount of the unsatisfied judgment now due (including interest and costs) is • $ 168,017.21 .
3. Plaintiff knows or with good reason believes the garnishee is indebted to or possesses or controls property belonging to defendant.
4. **Plaintiff requests** a writ of nonperiodic garnishment.

I declare that the statements above are true to the best of my information, knowledge, and belief.

05/18/2011
Date                                              Plaintiff/Agent/Attorney signature

**WRIT OF GARNISHMENT**    **To be completed by the court. See other side for additional information and instructions.**

**TO THE PLAINTIFF:** You must provide all copies of the disclosure form (MC 14), two copies of this writ for serving on the garnishee, and $1.00 disclosure fee. You are responsible for having these documents served on the garnishee within 91 days. If the disclosure states that the garnishee holds property **other than money** belonging to the defendant, you must motion the court within 56 days after the disclosure is filed for an order to apply the property toward the judgment. NOTE: The social security number field is blacked out on the court copies for security reasons, but will appear on the garnishee, defendant, and plaintiff copies.

**TO THE DEFENDANT:**
1. Do not dispose of any negotiable instrument representing a debt of the garnishee or any negotiable instrument of title representing property in which you claim an interest held in the possession or control of the garnishee.
2. You have **14 days** after this writ is mailed or delivered to you to file objections with the court. If you do not take this action within this time, without further notice, the property or debt held under this writ may be applied to the judgment **28 days** after this writ was mailed or delivered to the garnishee.

**TO THE GARNISHEE:**
1. Within **7 days** after you are served with this writ, you must deliver a copy of this writ to the defendant in person or mail a copy to his or her last-known address by first-class mail.
2. Deliver no tangible or intangible property and pay no obligation to the defendant unless allowed by statute or court rule.
3. Within **14 days** after you are served with this writ, you must deliver or mail copies of your verified disclosure (form MC 14) to the court, plaintiff/attorney, and defendant. A default may be entered against you for failure to comply with this order.
4. If indebted to the defendant, you must withhold an amount not to exceed the amount of the judgment stated in item 2 of the request. Payment of withheld funds must be made **28 days** after you are served with this writ unless notified that an objection has been filed.
   **You are ordered to make the payment withheld under this writ payable to** : 
   ☑ the plaintiff      ☑ the plaintiff's attorney      ☐ the court
   **and mail it to:** ☐ the plaintiff.   ☑ the plaintiff's attorney.   ☐ the court.
5. If you hold property other than money belonging to the defendant, do not transfer it until further order of the court.

MAY 2 0 2011     AUG 1 9 2011
Date of issue          Expiration date for service          Deputy court clerk

MC 13 (6/09)  REQUEST AND WRIT FOR GARNISHMENT (NONPERIODIC) (Part 2)          MCL 600.4011 et seq., MCR 3.101

**EXHIBIT D**



*Law Offices of*
# Seifman & Guzall, P.C.
*Attorneys and Counselors*



30665 Northwestern Hwy. #255
Farmington Hills, MI 48334
(248) 538-0711
Fax: (248) 932-1112
E-mail: www.seifmanlaw.com

Barry A. Seifman
Raymond Guzall III
Of Counsel:
Kevin J. Watts

June 9, 2011

Clerk, Wayne County Circuit Court
201 CAYMC
2 Woodward Avenue
Detroit, Michigan 48226

     Re:   Kajy Development LLC v Michael Beydoun
           Case No.:  07-713854-CK

Dear Clerk:

    Enclosed herein please find two (2) Garnishee Disclosures relevant to the above matter. Please file them in your usual manner. Thank you.

                    Respectfully,

                    *Barry A. Seifman*
                       (AM)

                  Barry A. Seifman

/am
Enclosures
cc:   David W. Yaldo, Esq.

Approved, SCAO

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT | GARNISHEE DISCLOSURE | CASE NO.<br>07-713584-CK<br>Hon. Prentis Edwards |
|---|---|---|

3rd

Court telephone no.

**Court address**
201 CAYMC, 2 Woodward Avenue, Detroit, MI 48226

(313) 224-5510

| Plaintiff name, address, and telephone no. (judgment creditor)<br>Kajy Development, L.L.C.<br>805 Baldwin Avenue<br>Pontiac, MI 48340 | v | Defendant name, address, and telephone no. (judgment debtor)<br>Michael Beydoun<br>6307 Heyden<br>Dearborn Heights, MI 48127 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>David W. Yaldo (P36817)<br>4036 Telegraph Road, Suite 204<br>Bloomfield Hills, MI 48302<br>(248) 645-1500 | | Garnishee name and address<br>Raymond Guzall III<br>Seifman & Guzall, P.C.<br>30665 Northwestern Highway, Suite 255<br>Farmington Hills, MI 48334<br>(248) 538-0711 |

**SEE INSTRUCTIONS ON OTHER SIDE**

1. This disclosure is for a writ of garnishment issued on <u>May 20, 2011</u> and received by garnishee on <u>June 8, 2011</u>.
   - ☑ a. The garnishee mailed or delivered a copy of the writ of garnishment to the defendant on <u>June 9, 2011</u>.
   - ☐ b. The garnishee was unable to mail or deliver a copy of the writ of garnishment to the defendant.

2. At the time of service of the writ:
   **Nonperiodic Garnishments**
   - ☑ a. The garnishee is not indebted to the defendant for any amount and does not possess or control the defendant's property, money, etc. Reason: <u>Defendant has an uncollected judgment and the appeal time has not run w/$4089 in costs</u>
   - ☐ b. The garnishee is indebted to the defendant for nonperiodic payments as follows:
     Description of property, money, negotiable instruments, etc. under garnishee's control _____ Type of account and account number, if applicable _____
     The amount to be withheld is $ _____ and does not exceed the amount stated in item 2 of the writ.
   - ☐ c. Withholding is exempt because _____ State the exemption and legal authority
   
   **Periodic Garnishments**
   - ☐ d. The garnishee is not obligated to make periodic payments to the defendant during the 91-day period.
     Reason: ☐ not employed.  ☐ other _____
   - ☐ e. The garnishee is obligated to make periodic payments to the defendant during the 91-day period as follows:
     Payments are for ☐ earnings.  ☐ nonearnings _____ Specify nature of payment (see instructions on other side)
     Payments are made ☐ weekly.  ☐ biweekly.  ☐ semimonthly.  ☐ monthly.  ☐ other: _____ frequency of payment
     A higher priority writ/order ☐ is  ☐ is not  currently in effect.  If a higher priority writ/order is in effect, complete the following.
     _____ Name of court that issued higher priority writ/order _____ Case number _____ Date issued _____ Date served
     Withholding under this writ
     ☐ will begin immediately if sufficient funds are available.
     ☑ will not begin immediately because defendant is ☐ laid off.  ☐ sick.  ☐ on leave.  ☑ other: <u>Not indebted to pltf</u>. specify

I declare that the statements above are true to the best of my information, knowledge, and belief.

<u>06/09/2011</u>
Date

Garnishee/Agent/Attorney signature

**I certify that:**
on <u>June 9, 2011</u> _____ I mailed or personally delivered the original of this disclosure to the court.
on <u>June 9, 2011</u> _____ I mailed or personally delivered a copy of this disclosure to the plaintiff/attorney.
on <u>June 9, 2011</u> _____ I mailed or personally delivered a copy of this disclosure to the defendant.

<u>06/09/2011</u>
Date

Garnishee/Agent/Attorney signature

**DO NOT Include Your Payment With This Disclosure. See item 3 of the instructions for details.**

MC 14  (5/09)  GARNISHEE DISCLOSURE

15 USC 1672, 15 USC 1673, MCR 3.101

Approved, SCAO

| | | CASE NO. |
|---|---|---|
| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>3rd JUDICIAL CIRCUIT | GARNISHEE DISCLOSURE | 07-713584-CK<br>Hon. Prentis Edwards |

Court telephone no.

Court address
201 CAYMC, 2 Woodward Avenue, Detroit, MI 48226

(313) 224-5510

Plaintiff name, address, and telephone no. (Judgment creditor)
Kajy Development, L.L.C.
805 Baldwin Avenue
Pontiac, MI 48340

Defendant name, address, and telephone no. (Judgment debtor)
Michael Beydoun
6307 Heyden
Dearborn Heights, MI 48127

v

Plaintiff's attorney, bar no., address, and telephone no.
David W. Yaldo (P36817)
4036 Telegraph Road, Suite 204
Bloomfield Hills, MI 48302
(248) 645-1500

Garnishee name and address
Barry A. Seifman
Seifman & Guzall, P.C.
30665 Northwestern Highway, Suite 255
Farmington Hills, MI 48334
(248) 538-0711

SEE INSTRUCTIONS ON OTHER SIDE

1. This disclosure is for a writ of garnishment issued on May 20, 2011 ___ and received by garnishee on June 8, 2011 ___.
   ☑ a. The garnishee mailed or delivered a copy of the writ of garnishment to the defendant on June 9, 2011 ___.
   ☐ b. The garnishee was unable to mail or deliver a copy of the writ of garnishment to the defendant.

2. At the time of service of the writ:
   **Nonperiodic Garnishments**
   ☑ a. The garnishee is not indebted to the defendant for any amount and does not possess or control the defendant's property, money, etc. Reason: Defendant has an uncollected judgment and the appeal time has not run w/$4089 in costs
   ☐ b. The garnishee is indebted to the defendant for nonperiodic payments as follows:

   _____ _____
   Description of property, money, negotiable instruments, etc. under garnishee's control       Type of account and account number, if applicable
   The amount to be withheld is $ _____ and does not exceed the amount stated in item 2 of the writ.
   ☐ c. Withholding is exempt because _____
                                      State the exemption and legal authority
   **Periodic Garnishments**
   ☐ d. The garnishee is not obligated to make periodic payments to the defendant during the 91-day period.
        Reason:  ☐ not employed.       ☐ other _____
   ☐ e. The garnishee is obligated to make periodic payments to the defendant during the 91-day period as follows.
        Payments are for  ☐ earnings.  ☐ nonearnings _____
                                                       Specify nature of payment (see instructions on other side)
        Payments are made  ☐ weekly.  ☐ biweekly.  ☐ semimonthly.  ☐ monthly.  ☐ other: _____
                                                                                          frequency of payment
        A higher priority writ/order  ☐ is  ☐ is not  currently in effect. If a higher priority writ/order is in effect, complete the following.

   _____ _____ _____ _____
   Name of court that issued higher priority writ/order     Case number       Date issued       Date served

   Withholding under this writ
   ☐ will begin immediately if sufficient funds are available.
   ☑ will not begin immediately because defendant is  ☐ laid off.  ☐ sick.  ☐ on leave.  ☑ other: Not indebted to pltf .
                                                                                               specify

   I declare that the statements above are true to the best of my information, knowledge, and belief.

   06/09/2011                                              _____
   Date                                                    Garnishee/Agent/Attorney signature

   I certify that:
   on June 9, 2011 ___ I mailed or personally delivered the original of this disclosure to the court.
   on June 9, 2011 ___ I mailed or personally delivered a copy of this disclosure to the plaintiff/attorney.
   on June 9, 2011 ___ I mailed or personally delivered a copy of this disclosure to the defendant.

   06/09/2011                                              _____
   Date                                                    Garnishee/Agent/Attorney signature

   **DO NOT Include Your Payment With This Disclosure. See item 3 of the instructions for details.**

MC 14  (5/09)  GARNISHEE DISCLOSURE                        15 USC 1672, 15 USC 1673, MCR 3.101

**EXHIBIT E**

# AFFIDAVIT OF DAVID YALDO

STATE OF MICHIGAN )
                    ) SS.
COUNTY OF _Oakland_ )

David Yaldo, being duly sworn, deposes and says:

1. That I have personal knowledge of the facts recited in the foregoing Response to the City of Detroit's Motion to Determine Rights to Claim 201, except as to matters stated to be upon information and belief which I believe to be true, and if sworn as a witness in the within cause, I would be competent to testify thereto.

2. That I am an attorney, licensed to practice law in the State of Michigan.

3. That I have never represented Michael Beydoun or National Specialty Installation, Inc.

4. That I have only represented the interests of Kajy Developments, LLC in any of the proceeding and matters involving Michael Beydoun and National Specialty Installation, Inc.

Further deponent sayeth not.

_____
David Yaldo

Subscribed and sworn to before
me this _1st_ day of November, 2016

_Christine S. Brown_
Christine S. Brown
Notary Public, _Macomb County, Michigan_
My Commission Expires: _2-18-20_

CHRISTINE S. BROWN
Notary Public, State of Michigan
County of Macomb
My Commission Expires Feb 18, 2020
Acting In the County of _Oakland_

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**IN THE MATTER OF:**

**City of Detroit, Michigan,**

Debtor.

**BANKRUPTCY CASE NO: 13-53846**
**CHAPTER: 9**
**JUDGE: Thomas J. Tucker**

_____/

## CERTIFICATE OF SERVICE

I certify that Kajy Development, L.L.C.'s Response to City of Detroit's Motion to Determine Rights to Claim Number 201 was served on all counsel of record on November 2, 2016 through the Electronic Filing System and on the additional parties listed below by first class mail, postage prepaid:

Raymond Guzall III, P.C.
31555 West Fourteen Mile Road
Suite 320
Farmington Hills, MI 48334

David B. Landry
Nancy Vayda Dembinski
Landry, Mazzeo & Dembinski PC
37000 Grand River, Suite 200
Farmington Hills, MI 48335

John G. Colucci
33659 Angeline
Livonia, MI 48150

Barry A. Seifman
Barry A. Seifman, P.C.
30445 Northwestern Highway, Suite 310
Farmington Hills, MI 48334

David W. Warren
Joelson Rosenberg, PLC
30665 Northwestern Highway, Suite 200
Farmington Hills, MI 48334

Michael Beydoun
6307 Heyden
Dearborn Heights, MI 48127

DAVID W. YALDO, P.C.


/s/David W. Yaldo
David W. Yaldo (P36817)
Attorney for Kajy Development, L.L.C.
4036 Telegraph Road, Suite 204
Bloomfield Hills, Michigan 48302
(248) 645-1500
dyaldo@sypclaw.com