UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Thomas J. Tucker |
| Debtor. | ) | |

**MOTION FOR COURT APPROVAL CONCERNING GENERAL RETIREMENT SYSTEM BENEFITS FOR CERTAIN CLASSES OF DETROIT PUBLIC LIBRARY RETIREES AND SURVIVING SPOUSES**

The parties to a Wayne County Circuit Court class action and the City of Detroit General Retirement System, through their respective attorneys, in accordance with Fed. R. Bankr. P. 9019 seek an order from this Court approving the General Retirement System Board of Trustees' approval of certain terms of a settlement between the parties to the Wayne County action. In support of their motion, the moving parties state as follows:

1. A proposed order granting the relief requested in this motion is attached as Exhibit 1 in accordance with Local Rule 9014-1(c)(1).

2. A Notice and Opportunity for Hearing is attached as Exhibit 2 in accordance with Local Rule 9014-1(c)(2).

3. A Certificate of Service is attached as Exhibit 3 in accordance with Local Rule 9014-1(c)(4).

4. The Detroit Public Library Commission and Detroit Public Library (jointly "DPL") filed a lawsuit on May 15, 2015 in Wayne County Circuit Court, Case No. 15-006495-CL (the "Wayne County Action"), seeking a declaratory judgment that the modification of pension and other post-retirement benefits provided to DPL employees and retirees in accordance with the City of Detroit's 2014 bankruptcy proceeding did not violate any collective bargaining agreements between DPL and its employee unions, the Michigan Public Employment Relations Act ("PERA"), the Michigan Constitution, or any other law.

5. The Defendant unions in that action, UAW, IUOE and AFSCME, had filed grievances or asserted objections claiming that DPL was independently obligated under the parties' collective bargaining agreements to provide the subject benefits, unmodified, to their DPL employees and retirees without modification.

6. DPL denied Defendants' allegations and claimed that under the parties' longstanding practice and course of conduct, they intended to treat DPL employees and retirees the same as their City of Detroit counterparts for all benefits.

7. The parties to the Wayne County Action entered a Settlement Agreement on July 1, 2016, subject to review and approval by the circuit court, and subject to approval of a defendant class comprised of four subclasses. Ex. 4, 7/1/16 Settlement Agreement. On November 7, 2016, the Wayne County Circuit

Court entered an order certifying the Class and preliminarily approving the Class action settlement subject to a notice and objection period and a fairness hearing scheduled for December 16, 2016. (Exhibit 5.)

8. The pertinent terms of the proposed settlement concerning the City of Detroit's General Retirement System ("GRS") are as follows:

(1) for certain DPL retirees and surviving spouses as of December 31, 2014 (the "Pre-2015 DPL Retirees"), DPL will make a $1,000 annual payment, through a GRS pension check, for each calendar year in which they qualify from 2016 to 2030. *See*, Ex. 4, Settlement Agreement, paragraph 7.1(a).

(2) for certain DPL employees who retire after December 31, 2014 and before June 30, 2017 and their surviving spouses (the "Post-2014 DPL Retirees"), DPL will make a $1,500 annual payment, through a GRS pension check, for each calendar year in which they qualify from 2016 to 2020. *See*, Settlement Agreement, paragraph 7.1(b) (attached to Exhibit 4).

(3) the settlement does not result in any liability or expense for GRS. DPL is required to fund the cost of both the annual payments and the administrative costs associated with GRS making those payments in the pension checks. *See*, Settlement Agreement, paragraph 7.1(c).

3

9. At its meeting on July 6, 2016, the GRS Board of Trustees approved the foregoing terms of the settlement.

10. The settlement received preliminary approval by the Wayne County Circuit Court, notice will be sent to the defendant class, and the Wayne County Circuit Court will conduct a fairness hearing for purposes of considering final approval of the settlement on December 16, 2016 (Exhibit 5).

11. Paragraph 9.2 of the Settlement Agreement requires approval by this Court of Sections 7.1(a) and (b) of the Settlement Agreement — i.e., allowing GRS to make the annual payments as funded by DPL.

12. The Sixth Circuit Court of Appeals has explained that the bankruptcy court may approve a settlement if it is fair and equitable. *Papas v. Buchwald Capital Advisors, LLC (In re: Greektown Holdings, LLC)*, 728 F3d 567, 575 (6th Cir. 2013).

13. The Sixth Circuit Court of Appeals has set forth four (4) factors that a bankruptcy court should consider when evaluating the fairness of a settlement as follows:

    a. The probability of success in the litigation;

    b. The difficulties, if any, to be encountered in the matter of collection;

    c. The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

14. The proposed settlement of this matter is in the best interest of the debtor and the creditors because it seeks to end the litigation, thus obviating the need to incur additional attorneys' fees.  Furthermore, the terms of the settlement will have no negative impact on the debtor and the creditors.

15.   Accordingly, the parties below request approval from this Court for GRS to administer the benefits described in Sections 7.1(a) and (b) of the Settlement Agreement.

WHEREFORE, the parties request that the Court enter an Order approving Sections 7.1(a) and (b) of the Settlement Agreement reached by the parties in the Wayne County Circuit Court Class Action, Case No. 15-006495-CL.

Respectfully submitted,

| KIENBAUM OPPERWALL HARDY & PELTON, P.L.C. | GOLD LANGE MAJOROS, P.C. |
|---|---|
| By: /s/ Eric J. Pelton<br>Eric J. Pelton (P40635)<br>William B. Forrest III (P60311)<br>Attorneys for Plaintiffs<br>280 N. Old Woodward Ave., Ste. 400<br>Birmingham, MI  48009<br>(248) 645-0000<br>epelton@kohp.com<br>wforrest@kohp.com | By: /s/ Stuart A. Gold<br>Stuart A. Gold (P27766)<br>Attorneys for Plaintiffs<br>24901 Northwestern Hwy, Ste 444<br>Southfield, MI 48075<br>(248) 350-8220<br>sgold@glmpc.com |
| Dated:  November 7, 2016 | Dated:  November 7. 2016 |

| | |
|---|---|
| VANOVERBEKE, MICHAUD & TIMMONY, PC | MILLER COHEN PC |
| By: /s/ Michael J. Van Overbeke<br>Michael J. Van Overbeke (P42641)<br>Attorney for City of Detroit General Retirement System<br>79 Alfred St.<br>Detroit, MI 48201-3120<br>(313) 578-1200<br>mvanoverbeke@vmtlaw.com<br><br>Dated: November 7, 2016 | By: /s/ Richard G. Mack, Jr.<br>Richard G. Mack, Jr. (P58657)<br>Attorneys for AFSCME Defendants<br>600 W. Layafette Blvd., Fourth Floor<br>Detroit, MI 48226<br>(313) 964-4454<br>richardmack@millercohen.com<br><br>Dated: November 7, 2016 |
| SACHS WALDMAN PC | NICHOLSON FELDMAN LLP |
| By: /s/ Andrew Nickelhoff<br>Andrew Nickelhoff (P37990)<br>Marshall J. Widick (P53942)<br>Mami Kato (P74237)<br>Attorneys for IUOE Defendants<br>2211 E. Jefferson Avenue, Ste. 200<br>Detroit, Michigan 48207-4160<br>(313) 496-9420<br>mwidick@sachswaldman.com<br>anickelhoff@sachswaldman.com<br>mkato@sachswaldman.com<br><br>Dated: November 7, 2016 | By: /s/ Michael B. Nicholson<br>Michael B. Nicholson (P33421)<br>Attorneys for UAW Defendants<br>232 Nickel Arcade<br>Ann Arbor, MI 48104<br>(734) 719-0850<br>mnicholson@nichfeld.com<br><br>Dated: November 7, 2016 |

LAW OFFICE OF
FRANK W. JACKSON III PLLC

By: <u>/s/ Frank W. Jackson, III</u>
Frank W. Jackson III (P23164)
Attorney for Non-Union Class Defendants
19401 W. McNichols, Ste. E
Detroit, MI 48219
(313) 766-7019
fjackson@westley3lawoffice.com

Dated: November 7, 2016