UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| | ) | Hon. Thomas J. Tucker |
| Debtor. | ) | |

**ORDER GRANTING APPROVAL CONCERNING GENERAL
RETIREMENT SYSTEM BENEFITS FOR CERTAIN CLASSES OF
DETROIT PUBLIC LIBRARY RETIREES AND SURVIVING SPOUSES**

A Motion for Court Approval Concerning General Retirement System Benefits for Certain Classes of Detroit Public Library Retirees and Surviving Spouses was filed and served in accordance with Local Rule 9014-1 and Fed. R. Bankr. Pro. 2002(a)(3) along with a Notice and Opportunity for Hearing. No objections to the Motion were timely filed and a Certification of No Response has been submitted. The Court has reviewed this matter and finds good cause to grant the relief requested.

1. The Detroit Public Library Commission and Detroit Public Library (jointly "DPL") filed a lawsuit on May 15, 2015 in Wayne County Circuit Court, Case No. 15-006495-CL (the "Wayne County Action"), seeking a declaratory judgment that the modification of pension and other post-retirement benefits

provided to DPL employees and retirees in accordance with the City of Detroit's 2014 bankruptcy proceeding did not violate any collective bargaining agreements between DPL and its employee unions, the Michigan Public Employment Relations Act ("PERA"), the Michigan Constitution, or any other law.

2. The Defendant unions in that action, UAW, IUOE and AFSCME, had filed grievances or asserted objections claiming that DPL was independently obligated under the parties' collective bargaining agreements to provide the subject benefits, unmodified, to their DPL employees and retirees without modification.

3. DPL denied Defendants' allegations and claimed that a longstanding practice and course of conduct existed between the parties. DPL claimed that it intended to treat DPL employees and retirees the same as their City of Detroit counterparts for all benefits.

4. The parties to the Wayne County Action entered a Settlement Agreement on July 1, 2016, subject to review and approval by the circuit court, and subject to approval of a defendant class comprised of four subclasses. *See,* Motion, Exhibit 4, July 1, 2016 Settlement Agreement.

5. The pertinent terms of the proposed settlement concerning the City of Detroit's General Retirement System ("GRS") are as follows:

(1) for certain DPL retirees and surviving spouses as of December 31,

2014 (the "Pre-2015 DPL Retirees")[1], DPL will make a $1,000 annual additional payment, through a GRS pension check, for each calendar year in which they qualify from 2016 to 2030.  *See*, Motion, Exhibit 4, July 1, 2016 Settlement Agreement, paragraph 7.1(a).

(2)  for certain DPL employees who retire after December 31, 2014 and before June 30, 2017 and their surviving spouses (the "Post-2014 DPL Retirees"), DPL will make a $1,500 annual payment, through a GRS pension check, for each calendar year in which they qualify from 2016 to 2020.  *See*, Motion, Exhibit 4, July 1, 2016 Settlement Agreement, paragraph 7.1(b).

(3)  the settlement does not result in any liability or expense for GRS. DPL is required to fund the cost of both the annual payments and the administrative costs associated with GRS making those payments in the pension checks.  *See*, Motion, Exhibit 4, July 1, 2016 Settlement Agreement, paragraph 7.1(c).

6.  At its meeting on July 6, 2016, the GRS Board of Trustees approved the foregoing terms of the settlement.

7.  The settlement received preliminary approval by the Wayne County Circuit Court, notice will be sent to the defendant class, and the Wayne County

---

[1] The category of "surviving spouses" includes spouses of employees who died while actively employed by the Library to the extent eligible for benefits pursuant to law or otherwise.

Circuit Court will conduct a fairness hearing for purposes of considering final approval of the settlement on December 16, 2016. *See* Motion Exhibit 5.

8. Paragraph 9.2 of the Settlement Agreement requires approval by this Court of Sections 7.1(a) and (b) of the Settlement Agreement — i.e., allowing GRS to make the annual payments as funded by DPL.

9. Accordingly, the parties sought approval from this Court for GRS to administer the benefits described in Sections 7.1(a) and (b) of the Settlement Agreement.

The Court, having reviewed this matter and being otherwise fully advised in the premises, the Court hereby approves Sections 7.1(a) and (b) of the Settlement Agreement reached by the parties in the Wayne County Circuit Court Class Action, Case No. 15-006495-CL.

IT IS SO ORDERED.

EXHIBIT 1