IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | ) | Chapter 9 |
|---|---|---|
| | ) | |
| | ) | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | ) | |
| | ) | Hon. Thomas J. Tucker |
| | ) | |
| Debtor. | ) | |

### RESPONSE OF STEVEN WOLAK, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER WOLAK, DECEASED, TO CITY OF DETROIT'S OBJECTION TO CLAIM NUMBER 3232

Now comes STEVEN WOLAK, as Personal Representative of the Estate of CHRISTOPHER WOLAK, Deceased ("Claimant"), by and through his undersigned counsel, and for his Response to City of Detroit's Objection to Claim Number 3232, respectfully states as follows:

**I.  Background.**

The City of Detroit correctly sets forth that Mr. Wolak's claim arises from the tragic death of his son, Christopher Wolak, on December 24, 2011, when he was struck and killed by a DDOT Bus owned by the City of Detroit and operated by its employee, Audrian Hardy. Claimant filed suit in the Circuit Court for the County of Wayne, State of Michigan, on January 25, 2012, against the City of Detroit, amending his Complaint on April 9, 2012,

**adding Audrian Hardy, the driver of the Bus, as a named Defendant**. (Exhibit 1 to Objection). The Amended Complaint contained negligence and gross negligence allegations against Audrian Hardy.

The parties ultimately settled that action for the amount of $375,000.00. That settlement was placed on the record and an Order was entered by the Honorable Jeanne Stempien on May 12, 2013. (**See Exhibit 1**). This settlement was further approved by the Detroit City Council, and an appropriate Release was signed on **July 11, 2013**. (**See Exhibit 2**). Before payment was made, however, only one week later, the City of Detroit filed its petition for bankruptcy protection on **July 18, 2013**.

This Court denied Mr. Wolak's motion to compel, which sought payment in full of the settlement, or alternatively, void the settlement agreement and allow reinstatement of the case; however, the Court expressly did so with prejudice, preserving Mr. Wolak's argument within, should the City of Detroit timely object to this claim.

## II.  Argument.

The instant claim should not be subject to the Debtor's proposed treatment under the Plan as a straightforward unsecured motor vehicle claim. Claimant respectfully requests that this Court enforce the settlement agreement entered into *voluntarily* by both parties. This is the only

equitable result, as payment in the amount of $375,000 by Debtor to Claimant, in full, is the bargained for consideration of this contract. The City acknowledges that the settlement agreement is a contract, and should be adjudicated accordingly. Alternatively, the Court should set aside the settlement agreement, for equitable reasons as set forth below, and further, because it is ambiguous as to how the settlement is allocated as to the City and Audrian Hardy, who is not protected by the Bankruptcy Code and/or Plan.

It is hornbook law that a court should determine what the agreement was and enforce it accordingly. *Whitaker v Citizens Ins Co of America*, 190 Mich App 436; 476 NW2d 161 (1991). A contract must be enforced in accordance with its terms. *Upjohn Co. v. New Hampshire Ins. Co.,* 438 Mich. 197, 476 N.W.2d 392 (1991).

A court cannot re-make a contract to find a meaning not intended. *Matter of Estate of Seitz*, 142 Mich App 39, *Rev'd*, 426 Mich 30 (1985). Even here, in this setting, such an action would be improper. This is not a case where Claimant seeks to enforce a pre-bankruptcy Judgment. This was a bargained for ***agreement*** by ***both*** parties. This Court should simply determine what the agreement was and enforce it. *Allstate Ins v Freeman*, 432 Mich 656, 662 (1989).

Moreover, the bankruptcy courts are entrusted with **broad equitable powers** to balance the interests of the affected parties. *NLRB v. Bildisco & Bildisco*, 465 U.S. 513 (1984). "Equitable determinations are within the sound discretion of the bankruptcy judge . . ." *In re M.J. Waterman & Associates, Inc.,* 227 F.3d 604, 607 (6 Cir. 2000).

By way of example, in *In re Norman R. Hugues,* Case No. 06-14172, (E.D. Mich. 2006), Judge Cox noted that Judge Shapero in *Waterman, supra,* when determining the equities, properly considered that the existence of the claim was clear to both parties, and allowed a late-filed claim.

Here, not only was the existence of the claim clear to both parties, the amount of the claim was *voluntarily agreed to by the Debtor.*

The inequities of subjecting this bargained for agreement to the Plan is further revealed by the language of the Release entered into by the Parties, proposed and drafted by the Debtor. The Release included the following language:

> Said parties understand that the Law Department will make reasonable efforts to achieve City Council approval and, subsequently, to promptly process an application for payment. Nevertheless, because these procedures take time (normally three to six months) it is hereby acknowledged that **Time is not of the Essence** and no day certain for the issuance of any check can be given.

(**See Exhibit 2**).

Equitable relief is further appropriate because Debtor's negotiation of this contract with Claimant appears to have been with fraudulent intent, or in the very least, bad faith. Debtor assuredly knew it was about to file for bankruptcy protection. The filing of the Petition one week later, essentially having him concede his claim to a reduced amount, and now seeking to avoid this contractual obligation and subject his claim to a substantial additional reduction, cannot be permitted in this court of equity. A balance of the equities can yield only one result --- the settlement must be enforced in full, and this Court should Order the Debtor to promptly pay Claimant the $375,000 he is due, and for which he has patiently waited. Claimant's Proof of Claim amount of $3,000,000 was reserved; there will be no prejudice to any party, let alone Debtor.

Additionally, the Amended Complaint was based heavily upon the negligence and/or gross negligence of Audrian Hardy, the operator of the bus involved. Audrian Hardy struck and killed Mr. Wolak's son as he was crossing Woodward Avenue in a well-lit, clearly marked crosswalk. Audrian Hardy was not a party to this Bankruptcy Proceeding.

As in *V. W. ex rel. Barber v. City of Vallejo*, 2013 WL 3992403, at *4-*7 (E.D. Cal.) (**Exhibit 3**), and as this Court has previously recognized, individually named defendants should not be protected by the provisions of

the Bankruptcy Code or Plan. The settlement agreement should be enforced in its entirety and not subject to the Plan.

Alternatively, the settlement should be voided, not only for lack of bargained for consideration as set forth above, but for the further reason that, as also noted above, it is ambiguous in that it does not set forth how the settlement should be allocated as to Debtor and Audrian Hardy, who is not subject to the Plan. Claimant should be permitted to further prosecute his claim in a reinstated action.

When contract provisions are capable of conflicting interpretations, they are to be considered ambiguous. *Pioneer State Mutual Ins. Co. v. Dells,* 301 Mich. App. 368, 378; 836 N.W.2d 257 (2013). But courts are not to create ambiguity where none exists. *Sal–Mar Royal Village, L.L.C. v. Macomb County Treasurer,* 301 Mich. App. 234, 245; 836 N.W.2d 236 (2013) (internal quotation marks and citations omitted). A contract is ambiguous when two provisions "irreconcilably conflict with each other," or "when [a term] is equally susceptible to more than a single meaning." *Holland v. Trinity Health Care Corp*, 287 Mich. App. 524, 527; 791 N.W.2d 724 (2010).

While a contract should be read in its entirety, a term ambiguous or unambiguous on its own can become unambiguous or ambiguous in context.

*Wilkie v. Auto-Owners Ins. Co*., 664 N.W.2d 776, 781-782 (Mich. 2003). This is the case here, where the settlement agreement is ambiguous in its application, as it is silent as to the allocation of the settlement amount as to the City and Audrian Hardy. This Court should void the settlement agreement and permit Claimant to reinstate his case.

### III. Conclusion.

WHEREFORE, STEVEN WOLAK, as Personal Representative of the Estate of CHRISTOPHER WOLAK, Deceased, respectfully requests that this Honorable Court issue an Order compelling payment of $375,000 to Claimant, pursuant to the contract between those Parties.

Alternatively, this Court should issue an Order voiding the Release, and permitting the reinstatement of the Wayne County Circuit Court action between the Parties.

Respectfully submitted,

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.

  /s/ Stephanie L. Arndt
GEOFFREY N. FIEGER (P30441)
DAVID A. DWORETSKY (P67026)
STEPHANIE L. ARNDT (P66870)
Attorneys for *Steven Wolak, as Personal Representative of the Estate of Christopher Wolak, Deceased*
19390 W. Ten Mile Road
Southfield, MI 48075
(248) 355-5555

November 9, 2016

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| | ) | Case No. 13-53846 |
| CITY OF DETROIT, MICHIGAN, | ) | |
| | ) | Hon. Thomas J. Tucker |
| | ) | |
| Debtor. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2016, I electronically filed the below-listed documents with the Clerk of the Court using the ECF system, which sent notification of such filings to all participating attorneys:

- Response of Steve Wolak, As Personal Representative of the Estate of Christopher Wolak, deceased, to City of Detroit's Objection to Claim Number 3232
- Certificate of Service

A paper copy of these documents was also served by first-class mail postage prepaid to:

Marc N. Swanson
Miller Canfield Paddock & Stone, PLC
150 West Jefferson, Ste 2500
Detroit, MI 48226

Dated: November 9, 2016      __/s/Stephanie L Arndt_____
                              STEPHANIE L. ARNDT (P66870)