# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## REPLY IN SUPPORT OF CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST DANNY CROWELL, LEOTA MURPHY AND JASMINE CROWELL

The City of Detroit ("City"), by its counsel, Miller, Canfield, Paddock and Stone, P.L.C., states as follows in support of this reply:

1. The plaintiffs assert that they should be allowed to prosecute their state court lawsuits because (a) each of their claims arose post-petition and (b) the City's confirmed plan of adjustment [Doc. No. 8045] ("Plan") "explicitly allows for the Plaintiffs' claims…" Response, pp. 8-9 of 14 [Doc. No. 11426].

2. Both of these arguments should be rejected. Although the plaintiffs admit that the accident giving rise to their claims occurred one and a half months prior (June 3, 2013) to the City's bankruptcy filing (July 18, 2013), the plaintiffs assert that they hold post-petition claims because

> they did not know until recently that they satisfy the threshold for serious impairment under the Michigan no-fault act. Under Michigan law, Plaintiffs do not have a claim until they can satisfy the threshold

27852136.3\022765-00213

for serious impairment or an important body function that affects their general ability to lead a normal life.

Response, p. 8 of 14.

3.     The approach advanced by the plaintiffs is commonly referred to as the "right to payment" test  because the plaintiffs assert that they did not have a claim until they realized that they satisfied the statutory elements of MCL § 500.3135(1).[1]  (MCL § 500.3135(1) provides: "A person remains subject to tort liability for noneconomic loss caused by his or her ownership, maintenance, or use of a motor vehicle only if the injured person has suffered death, serious impairment of body function, or permanent serious disfigurement.")

4.     The "right to payment" test "provides that a claim arises only after each element of the claim has been established."   *In re City of Detroit, Michigan*, 548 B.R. 748, 762 (Bankr. E.D. Mich. 2016).   This Court rejected the "right to payment" test.  *Id.*  Instead, this Court adopted the "fair contemplation" test.  *Id.* at 763.  As this Court explained

> Under this test, a claim is considered to have arisen pre-petition if the creditor "could have ascertained through the exercise of reasonable due diligence that it had a claim" at the time the petition is filed. *Signature Combs,* 253 F.Supp.2d at 1037 (quotation & citations

---

[1] Plaintiffs are in fact advocating for a narrower test than the right to payment test. The plaintiffs here only allege that they did not subjectively *realize* that they satisfied the statutory elements until after the City's bankruptcy filing.  This is different than alleging that the statutory elements did not *exist* as of the City's bankruptcy filing.

27852136.3\022765-00213

omitted). This test, which the Court will refer to as the "fair contemplation test," has the advantage of allowing the Court to examine all of the circumstances surrounding a particular claim—the debtor's conduct, the parties' pre-petition relationship, the parties' knowledge, the elements of the underlying claim—and use its best judgment to determine what is fair to the parties, in context. As the *Huffy* court points out, "one approach may not fit all circumstances."

*Id*. at 763.

5.      In that same opinion, this Court considered when a claim arises from

an auto accident:

It is nevertheless clear that a significant pre-petition relationship between Ms. Williams and the City arose simply by operation of the No–Fault Insurance Act when the bus accident occurred, Ms. Williams was injured, and there were no higher priority no-fault insurers responsible for Ms. Williams' first party benefits. Ms. Williams was thereafter entitled to payment from the City for first party benefits, including reasonably necessary medical care. Of course, the City did not actually owe money until Ms. Williams sought out and received the medical care. But that does not mean Ms. Williams' claim did not arise for bankruptcy purposes until the moment she received the care. Rather, her claim arose when the accident occurred that gave rise to her pre-petition relationship with the City, although the claim was contingent on Ms. Williams receiving the medical care (and the care being reasonably necessary, *see* Mich. Comp. Laws § 500.3107).

*Id.* at 764.

6.      Here, as with Ms. Williams, the plaintiffs' claims arose on June 3,

2013 when the car accident occurred. It is irrelevant that the plaintiffs waited for

months or years after the accident to complete medical testing or that they did not

know the nature and extent of their injuries until May 20, 2016 when they filed the

complaint. Response, pp. 8-9, 11 of 14. Plaintiffs' claims were within their fair contemplation on June 3, 2013 when the alleged car accident occurred. Response, p. 8 of 14. It was on that date that the plaintiffs allegedly became injured and entitled to third party benefits under MCL § 500.3135(1). Consequently, plaintiffs' argument that their claims arose post-petition should be rejected.

7.     Plaintiffs' second argument should also be rejected because they are not entitled to a distribution under Article IV, paragraph S of the Plan due to their failure to file proofs of claim. Plan, Art. IV.S, p. 62 ("Motor Vehicle Plan Provision")

8.     Paragraph 6 of the Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof [Doc. No. 1782] ("Bar Date Order") states that the

> following entities **must** file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6 (emphasis added).

9.     Paragraph 22 of the Bar Date Order identifies the consequences for not filing a proof of claim:

Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

10.    The plaintiffs admit that they did not file a proof of claim in the City's bankruptcy case. Response, p. 8 of 14.

11.    The claims asserted by the plaintiffs in the state court lawsuit are "against the City or property of the City" because the plaintiffs seek a monetary judgment against the City. As such, under paragraph 22(a)(i) of the Bar Date Order and generally applicable bankruptcy law, the plaintiffs are barred, estopped and enjoined from asserting these claims because none of them filed a proof of claim nor were any of their claims identified on the Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code. [Doc. No. 1059].

12.     Plaintiffs are also prohibited from receiving a distribution under the Plan because they did not file a proof of claim.  The Plan, however, is the only document or law the plaintiffs point to in support of their argument that they are entitled to a distribution from the City.  The plaintiffs' argument should be rejected.

13.     Finally, the Motor Vehicle Plan Provision provides that the City will "pay *valid* prepetition Claims…"  Plan, Art. IV.S, pp. 62-63 (emphasis added).  The Plaintiffs do not have a valid claim because they never filed a proof of claim and the Bar Date Order stated that they *must* file a proof of claim.  Plaintiffs cannot credibly argue that their claims are "valid prepetition Claims" when they failed to comply with this Court's order regarding prepetition claims and, as a result, those claims are now barred as a matter of law.

14.     For the reasons stated above, the City respectfully requests that the Court grant its Motion. *See* Doc. No. 11357.

27852136.3\022765-00213

Dated: November 10, 2016         MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

- and -

CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 10, 2016, he caused a copy of the foregoing ***REPLY IN SUPPORT OF CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST DANNY CROWELL, LEOTA MURPHY AND JASMINE CROWELL*** to be served upon counsel, as listed below, via electronic mail and first class mail.

Joseph Dedvukaj
The Joseph Dedvukaj Firm PC
1277 W Square Lake Rd
Bloomfield Hills, MI 48302-0845
jdlawfirm@aol.com

By: /s/ Marc N. Swanson
Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Dated: November 10, 2016

- 1 -