# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## REPLY IN SUPPORT OF CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST NAJIB HODGE

The City of Detroit ("City"), by its counsel, Miller, Canfield, Paddock and Stone, P.L.C., states as follows in support of this reply:

1. Plaintiff Najib Hodge ("Hodge") asserts that he should be allowed to continue to prosecute his prepetition state court lawsuit even though he admittedly did not file a proof of claim. In support of his argument, Hodge relies solely on Article IV, paragraph S of the City's plan of adjustment ("Plan") and paragraph 58 of the order[1] confirming the Plan ("Confirmation Order") [Doc. Nos. 8045 & 8272]. Response ¶ 10 [Doc. No. 11604]. Hodge fails to address, however, the consequence of his failure to file a proof of claim under the Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002

---

[1] Paragraph 58 of the Confirmation Order and Article IV, paragraph S of the Plan shall be referred to collectively as the "Motor Vehicle Plan Provision."

- 1 -

and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving

Form and Manner of Notice Thereof [Doc. No. 1782] ("Bar Date Order").

2.      Paragraph 6 of the Bar Date Order states that the

following entities **must** file a proof of claim on or before the Bar
Date…any entity: (i) whose prepetition claim against the City is not
listed in the List of Claims or is listed as disputed, contingent or
unliquidated; and (ii) that desires to share in any distribution in this
bankruptcy case and/or otherwise participate in the proceedings in this
bankruptcy case associated with the confirmation of any chapter 9
plan of adjustment proposed by the City…

Bar Date Order ¶ 6 (emphasis added).

3.      Paragraph 22 of the Bar Date Order identifies the consequences for

not filing a proof of claim:

Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy
Rule 3003(c)(2), any entity that is required to file a proof of claim in
this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or
this Order with respect to a particular claim against the City, but that
fails properly to do so by the applicable Bar Date, shall be forever
barred, estopped and enjoined from: (a) asserting any claim against
the City or property of the City that (i) is in an amount that exceeds
the amount, if any, that is identified in the List of Claims on behalf of
such entity as undisputed, noncontingent and liquidated or (ii) is of a
different nature or a different classification or priority than any
Scheduled Claim identified in the List of Claims on behalf of such
entity (any such claim under subparagraph (a) of this paragraph being
referred to herein as an "Unscheduled Claim"); (b) voting upon, or
receiving distributions under any Chapter 9 Plan in this case in respect
of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim
or administrative priority claim component of any Rejection Damages
Claim, asserting any such priority claim against the City or property
of the City.

Bar Date Order ¶ 22 (emphasis added).

27852131.1\022765-00213

4.     Hodge admits that he did not file a proof of claim in the City's bankruptcy case.  Response ¶ 1.  The City did list Hodge's claim on Schedule H (Litigation and Similar Claims) of it Second Amended List of Creditors and Claims but the claim was marked as contingent, unliquidated and disputed.  *See* Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code ("List of Creditors and Claims"), Doc. No. 1059-2 at page 1116 of 1381.

5.     The claims asserted by Hodge in the state court lawsuit are "against the City or property of the City" because Hodge seeks a monetary judgment against the City.  As such, under paragraph 22(a)(i) of the Bar Date Order and generally applicable bankruptcy law, Hodge is forever barred, estopped and enjoined from asserting these claims  due to his failure to file a proof of claim and his claim being identified as contingent, unliquidated and disputed on the List of Creditors and Claims.

6.     Hodge is also prohibited from receiving a distribution under the Plan because he did not file a proof of claim.  The Plan, however, is the only document or law that Hodge points to in support of his argument that he is entitled to a distribution from the City.  Hodge's argument should be rejected.

7.     Finally, the Motor Vehicle Plan Provision provides that the City will "pay *valid* prepetition Claims…"  Plan, Art. IV.S, pp. 62-63 (emphasis added).

Hodge does not have a valid claim because he never filed a proof of claim and the Bar Date Order stated that he *must* file a proof of claim. Hodge cannot credibly argue that he has "valid prepetition Claims" when he failed to comply with this Court's order regarding prepetition claims and, as a result, those claims are now barred as a matter of law.

8. For the reasons stated above, the City respectfully requests that the Court grant its Motion. *See* Doc. No. 11583.

Dated: November 10, 2016

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

- and -

CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

Attorneys for the City of Detroit

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 10, 2016, he caused a copy of the foregoing ***REPLY IN SUPPORT OF CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST NAJIB HODGE*** to be served upon counsel, as listed below, via electronic mail and first class mail.

Clifford Neubauer, Jr.
Douglas A. Dempsey
Law Offices of Joumana B. Kayrouz
1000 Town Center, Suite 800
Southfield, MI 48075
cneubauer@joumanakayrouz.com

By: /s/ Marc N. Swanson
Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Dated: November 10, 2016

- 1 -