UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>    Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**CITY OF DETROIT'S REPLY IN SUPORT OF
MOTION TO DETERMINE RIGHTS TO CLAIM NUMBER 201**

The City of Detroit, Michigan ("City") files this reply ("Reply") in support of the *City of Detroit's Motion to Determine Rights to Claim Number 201* (the "Motion," Doc. No. 11624).

## BACKGROUND

In connection with the Motion, the City filed the *City of Detroit's Objection to Claim Number 201* ("Claim 201 Objection," Doc. No. 11622) and the *City of Detroit's Objection to Claim Number 1075* ("Claim 1075 Objection," Doc. No. 11623). No response to the Claim 201 Objection was filed. (Doc. No. 11663.) With respect to the Claim 1075 Objection, creditor General Shale Brick, Co. ("GSB") filed a response ("GSB Response," Doc. No. 11646). On review of the GSB Response and in speaking with GSB, however, the City believes that GSB's and the City's differences as regards claim number 1075 ("Claim 1075") are more a matter of semantics than actual disagreement. It makes no practical difference whether (1) Claim 1075 is expunged and a new claim is allowed as a result of the

Motion or (2) Claim 1075 is modified by the Motion. Thus, the City filed the *City of Detroit's Reply in Regard to its Objection to Claim Number 1075* (the "Objection," Doc. No. 11667) expressing this view.

With regard to the Motion itself, there appears to be only one dispute.[1] The dispute is between the current claimant for claim number 201 ("Claim 201"), Michael Beydoun ("Beydoun"), and Kajy Development, L.L.C. ("Kajy"), another judgment creditor of Beydoun who filed a garnishment against the City. Raymond Guzall, III ("Guzall") filed a response on behalf of Beydoun, asserting that Kajy's garnishment is improper ("Beydoun Response," Doc. No. 11642). The Beydoun Response also attaches a contingency fee agreement between Beydoun and Guzall, showing that Guzall has an interest in one-third of Beydoun's overall award, rather than an interest only in the $25,000 in legal fees that Beydoun was awarded. *See* Beydoun Response, Ex. 6. For its part, Kajy insists in its response to the Motion ("Kajy Response," Doc. No. 11657) that its garnishment is valid. Kajy also insists that it wants cash instead of a claim in the City's bankruptcy case, though it proffers no legal authority for why this outcome is warranted.

Based on these responses, and on case law, the City proposes an amended order to resolve the Motion to the extent possible at this time.

---

[1] No response was filed by the other possible claimant, attorney Barry Seifman. His potential interest was discussed in the Motion.

# ARGUMENT

1.  The City filed its Motion to help sort through the various claims to Claim 201. It was not obligated to do so. In fact, courts do not always allow garnishment of bankruptcy claims. *NVLand, Inc. v. Vogel (In re Ocean Downs Racing Ass'n, Inc.)*, 164 B.R. 249 (Bankr. D. Md. 1993); *see also Berman v. Nat'l Fin. Co. (In re Berman & Co., Inc.)*, 378 F.2d 252 (6th Cir. 1967) (holding that, under Bankruptcy Act, funds held by a bankruptcy trustee are deemed held *in custodia legis* and not subject to garnishment). The modern trend appears to allow garnishment of bankruptcy claims, but only when doing so does not unduly complicate the bankruptcy process. *In re Brickell*, 282 B.R. 705, 708 (Bankr. S.D. Fla. 2005) (focusing on "the impediment to efficiency which would result from the introduction of garnishment into the bankruptcy process."). Where "the sole burden on the trustee is the substitution of one creditor's name and address for that of another" and the trustee consents to garnishment, then bankruptcy courts will permit garnishment of a bankruptcy claim. *Id.* at 709. Indeed, the Eleventh Circuit adopted this view, allowing garnishment unless "it unnecessarily complicates the administration of the bankruptcy estate." *Brickell v. Dunn (In re Brickell)*, 142 Fed. Appx. 385, 390 (11th Cir. 2005).

2.  Thus, the City and this Court should be willing to honor garnishments—to a point. As long as a garnishing creditor has an undisputed right

to a claimant's claim and the creditor is willing to accept a transfer of all or portion of the claim to the creditor to satisfy the garnishment, case law permits (and the City is willing to allow and honor) garnishment of a claim. If a garnishment is likely to further complicate the City's already intricate bankruptcy case, however, case law strongly suggests that the garnishment should not be permitted.

3. For this reason, the City objects to Kajy's insistence on waiting until the cash value of Claim 201 is known before resolving its garnishment. That approach likely would require that Claim 201 be the last claim resolved, because the City would need to determine the full claim pool before it could determine Claim 201's *pro rata* share of the total amount to be paid to general unsecured creditors.

4. Likewise, this Court need not allow creditors to argue competing theories as to ownership of Claim 201. If ownership of Claim 201 is not readily obvious and cannot be determined without litigation, the Court is not obligated to permit filings and provide evidentiary hearings to sort ownership of the claim out. *Brickel*, 142 Fed. Appx. at 390.

5. Taking all this together, the City proposes the following approach for resolution of Claim 201.

6. Based on the unopposed Claim 201 Objection, Claim 201 is comprised of a claim for $20,000 in cash and a general unsecured claim in the

amount of $2,273,293.06. The City believes GSB is entitled to the $20,000 cash portion of Claim 201 and to an allowed Class 14 Other Unsecured Claim in the amount of $7,271.94 in full and final satisfaction of any claims GSB has against the City as a result of the garnishment it filed. GSB concurs in this result, and no other party has voiced an objection to this treatment. *See* GSB Response, ¶ 7. Resolving GSB's garnishment in this way does not burden the City because it is accomplished merely by the allowance of claims in the ordinary bankruptcy process. *Bricknell*, 142 Fed. Appx. at 390. The City proposes to modify and allow Claim 1075 in the amounts discussed above to provide for this treatment.

7. Following allowance of Claim 1075 in this manner, Claim 201 remains a general unsecured claim in the amount of $2,266,021.12.[2] The remaining claimants for Claim 201 are Beydoun, Guzall (through Beydoun for attorneys' fees), and Kajy. Beydoun and Kajy dispute the validity of Kajy's garnishment and thus disagree as to how the remainder of Claim 201 should be distributed. As this is a private dispute between these parties that does not affect the overall amount of Claim 201, the City proposes that the Court provide Beydoun and Kajy an opportunity to confer to see if they can jointly propose an allowance of up to three Class 14 Other Unsecured Claims in an amount totaling

---

[2] $2,273,293.06 less $7,271.94 equals $2,266,021.12, which is the new face value of Claim 201 once GSB's garnishment is resolved.

no more than $2,266,021.12 to replace Claim 201. To allow adequate time for this conference, but still ensure that Claim 201 is resolved in a timely fashion, the City asks that the Court require that any such proposal be filed with the Court by November 30, 2016.

8. If Beydoun and Kajy are unable to come to an agreement on the resolution of Claim 201, then the City asserts that no further proceedings are warranted. At that point, the dispute caused by the Kajy garnishment would exceed the "burden" threshold permitted in a bankruptcy court. *Bricknell*, 142 Fed. App. at 390; *Ocean Downs Racing Ass'n*, 164 B.R. at 249; *see also Berman & Co.*, 378 F.2d at 252. Thus, if Beydoun and Kajy do not file a joint proposal by November 30, 2016, the City proposes that Claim 201 be allowed as a Class 14 Other Unsecured Claim in the amount of $2,266,021.12 and that it remain owned by Beydoun. Kajy and Beydoun's other creditors can resolve their issues with Beydoun or pursue state court remedies after Claim 201 is ultimately determined in a fixed amount and paid out.

9. Accordingly, the City asks the Court to enter the proposed order appended as Exhibit 1.

November 10, 2016 Respectfully submitted,

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
green@millercanfield.com
swansonm@millercanfield.com

and

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313) 237-0470
Facsimile: (313) 224-5505
raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## [PROPOSED] ORDER GRANTING CITY OF DETROIT'S MOTION TO DETERMINE RIGHTS TO CLAIM NUMBER 201

This matter having come before the Court on the *City of Detroit's Motion to Determine Rights to Claim Number 201* ("Motion"), upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1. The Motion is granted.

2. The City will pay to General Shale Brick, Co., the amount of $20,000.

3. General Shale Brick, Co.'s claim number 1075 is allowed a Class 14 Other Unsecured Claim in the City's bankruptcy case in the amount of $7,271.94.

4. The actions in paragraphs 2 and 3 of this Order satisfy all claims General Shale Brick, Co. may have against the City or against property the City may hold that would be payable or otherwise deliverable to Michael Beydoun.

5. Kajy Development, L.L.C. and Michael Beydoun may file a joint proposal and serve it on the City's counsel no later than November 30, 2016, for allowance of up to three Class 14 Other Unsecured Claims in the City's bankruptcy case, provided that the total of the claims requested may not exceed $2,266,021.12.

6. If Kajy Development, L.L.C. and Michael Beydoun timely file a joint proposal, the City will have 14 days to object to the proposal. If the City does not timely object, (1) the claims proposed will be allowed as requested (as long as the claims requested comply with the restrictions of the previous paragraph of this Order); (2) claim number 201 will be disallowed and expunged; and (3) the garnishment filed by Kajy Development, L.L.C. against the City will be deemed satisfied and the City will have no further obligation to Kajy Development, L.L.C., Michael Beydoun, or Raymond Guzall, III. Should the City timely file an objection to the joint proposal, the Court will schedule a hearing at its convenience to hear the objection.

7. If Kajy Development, L.L.C. and Michael Beydoun do not file a joint proposal by November 30, 2016, then (1) Claim 201 will be allowed as a Class 14 Other Unsecured Claim in the amount of $2,266,021.12, owned by Michael Beydoun; and (2) the garnishment filed by Kajy Development, L.L.C. against the City will be void and of no further effect.

8.  The City's claims agent is authorized to update the claims register in accordance with the terms of this Order.

9.  The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

# EXHIBIT 2 – CERTIFICATE OF SERVICE

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

The undersigned hereby certifies that on November 10, 2016, he caused a copy of the *City of Detroit's Reply in Support of Motion to Determine Rights to Claim Number 201* to be served upon all parties registered for ECF service and by first class mail to the following parties:

Raymond Guzall III, P.C.
31555 West Fourteen Mile Road
Suite 320
Farmington Hills, MI 48334

Barry A. Seifman
Barry A. Seifman, P.C.
30445 Northwestern Hwy, #310
Farmington Hills, MI 48334

David W. Warren
Joelson Rosenberg, PLC
30665 Northwestern Hwy, #200
Farmington Hills, MI 48334

Michael Beydoun
6307 Heyen
Dearborn Heights, MI 48127

David B. Landry
Nancy Vayda Dembinski
Landry, Mazzeo & Dembinski PC
37000 Grand River, Ste 200
Farmington Hills, MI 48335

General Shale Brick, Inc.
c/o John Colucci
33659 Angeline
Livonia, MI 48150

Kajy Development, L.L.C.
c/o David W. Yaldo
4036 Telegraph Road, Suite 204
Bloomfield Hills, MI 48302

Dated: November 10, 2016

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com