# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S REPLY IN SUPPORT OF ITS OBJECTION TO CLAIM NUMBER 3232

The City of Detroit, Michigan ("City") replies ("Reply") to Response of Steven Wolak as Personal Representative of the Estate of Christopher Wolak, Deceased, to City of Detroit's Objection to Claim Number 3232 ("Response") in support of the City of Detroit's Objection to Claim Number 3232 ("Objection").

## INTRODUCTION

The Response lacks merit for at least two reasons. First, the attorneys who filed the Response do not appear to have had the authority to file it, as a result of the bankruptcy cases filed by Steven Wolak ("Steven") and Francine Wolak ("Francine," and with Steven, the "Wolaks"). Upon the Wolaks' filing, claim number 3232 ("Claim 3232") likely became property of their chapter 7 estates, and there is no evidence that the law firm of Fieger, Fieger, Kenney & Harrington, P.C. ("Law Firm") was retained to represent these estates.

Second, even if the Law Firm could legally file the Response, the Response itself lacks merit. Instead of challenging the City's objection as to the proper

- 1 -

allowed amount of Claim 3232, the Law Firm attempts to circumvent the City's confirmed plan of adjustment by asserting that Wolak is entitled to be paid in full. The Law Firm previously advanced this same argument and it was rejected by the Court. [Doc. Nos. 9967 & 10052]. The Law Firm also asserts that the settlement should be voided because it "appears to have been with fraudulent intent, or in the very least, bad faith" because the City filed for bankruptcy approximately one week later. Response, p. 5. This Court has repeatedly analyzed and discussed the City's reasons for filing. *E.g.*, Opinion Regarding Eligibility, Doc. No. 1945. Unsurprisingly, avoidance of a $375,000 settlement was not one of these reasons.

The Objection should be sustained because (a) the Law Firm likely lacked authority to file the Response and (b) the Response makes no legally cognizable arguments against the Objection.

## BACKGROUND

On June 10, 2015, the Law Firm filed the Motion of Steven Wolak, as Personal Representative of the Estate of Christopher Wolak, Deceased, to Compel Payment by Debtor Pursuant to Settlement Contract, or Alternatively, Void Settlement Contract and Reinstate Case [Doc. No. 9967] ("Motion"). On June 29, 2015, the City filed an objection to the Motion [Doc. No. 10002]. On July 15, 2015, the Court held a hearing on the Motion and entered an order denying the Motion [Doc. No. 10052] ("Order").

The Order further provided that it was without prejudice to the City filing an objection to Claim 3232 and Wolak defending against any such claim objection. The Order did not, however, state that Wolak could again argue as he did in the Motion that he should be paid in full. Nevertheless, that is what the Law Firm has done here.

On October 31, 2016, Karen Evangelista ("Chapter 7 Trustee") filed a notice in this bankruptcy case ("Notice," Doc. No. 11652) that the Wolaks had commenced bankruptcy case #15-53842, currently pending in front of the Honorable Phillip J. Shefferly (the "Chapter 7 Case"). Any claims the Wolaks held became property of the estates that were created when they commenced their Chapter 7 Case (collectively, the "Estates"). And indeed, the Notice explains that the Chapter 7 Trustee asserts an interest in Claim 3232. The Chapter 7 Trustee did not respond to the Objection.

The City confirmed that the Wolaks filed a bankruptcy petition on September 21, 2015. *See* Docket, attached as Exhibit A, Petition, attached as Exhibit B. The Wolaks did not schedule Claim 3232 as an asset, but they did list the law suit that led to the Settlement in their Statement of Financial Affairs. Petition, Q. 4, p. 34 of 42.

## ARGUMENT

**I. The Law Firm lacks authority to make representations regarding Claim 3232 because Claim 3232 is property of the Wolaks' Estates.**

1.     The settlement that the Law Firm attaches to its Response ("Settlement," Response, Ex. 1) shows that the Wolaks are the primary beneficiaries of the Settlement, and thus of Claim 3232.  Response, Ex. 1 (showing approximately one-third of the Settlement amount to be paid to Steven and approximately one-third of the Settlement amount to be paid to Francine).

2.     When a chapter 7 bankruptcy case is commenced, the debtors' interest in causes of action or settlements becomes estate property.

> The filing of a bankruptcy petition forms a debtor's bankruptcy estate, which consists of all legal and equitable interests of the debtor in property as of the commencement of the case.  This definition is intended to be broad and includes personal injury claims arising from a pre-petition automobile accident, regardless of whether the claim has been liquidated, legal action has been commenced, or settlement has been reached prior to the date the petition was filed.

*In re Chapman*, 424 B.R. 823, 826 (Bankr. E.D. Tenn. 2010); *Bauer v. Commerce Union Bank, Clarksville, Tenn.*, 859 F.2d 438, 440-41 (6th Cir. 1988).  Even if a tort claim is settled post-petition, it is still property of the estate if the underlying cause of action arose prepetition.  *In re Cupp*, 383 B.R. 84, 88 (Bankr. E.D. Tenn. 2008); *Sicherman v. Crosby (In re Rivera)*, 379 B.R. 728, x (Bankr. N.D. Ohio 2007).

- 4 -

3.    Accordingly, "[i]t is well settled that the right to pursue causes of action formerly belonging to the debtor—a form of property 'under the Bankruptcy Code'—vests in the trustee for the benefit of the estate." *Bauer*, 859 F.2d at 41.

4.    Here, the Law Firm provides no evidence that the Chapter 7 Trustee retained it to assert claims on behalf of the Estates.  Instead, the Docket of the Chapter 7 Case reflects that the Chapter 7 Trustee retained Kilpatrick & Associates as her counsel.  See Docket, #'s 16 and 20.

5.    The Law Firm should not have filed the Response because Claim 3232 is almost certainly property of the Estates and the Law Firm represents neither the Estates nor the Chapter 7 Trustee. [1]  The Response should be stricken.

**II.    Even if the Law Firm was legally permitted to file the Response, the arguments advanced in the Response are not legally cognizable and one has been previously overruled.**

6.    In the Objection, the City requested an order reducing the amount of Claim 3232 from $3,000,000 to $375,000, consisting of a cash claim of $20,000 and a Class 14 Other Unsecured Claim in the amount of $355,000, in accordance with the City's confirmed plan of adjustment ("Plan").  [Doc. No. 8045].    Instead of responding to the relief requested in the Objection, the Law Firm again asserts

---

[1] To the extent that the Law Firm or others assert independent rights to portions of Claim 3232, that would be an issue to be resolved with the Chapter 7 Trustee in the Chapter 7 Case, not here in the City's bankruptcy case.  *See, e.g.,. Tyler v. DH Capital Mgmt.*, 736 F.3d 455, 461-62 (6th Cir. 2013) (noting that "'[p]roperty" is construed 'generously' under the Bankruptcy Code).

that Wolak should be paid in full or, alternatively, that Wolak should be able to void the Release and reinstate the underlying state court case. What the Law Firm does not argue is that Wolak's proof of claim should be allowed in the asserted amount of $3,000,000.

7.  The Law Firm again attacks the treatment afforded to Wolak's $375,000 claim under the Plan. As this Court held at the July 15, 2015, hearing, pursuant to Bankruptcy Code § 944(a), the Court could not order the City to pay Wolak in full because Wolak is bound by the City's confirmed plan. July 15, 2015, Hearing Transcript, p. 47, lines 10-19; p. 55-56. [Doc. No. 10070] ("I agree with the city's argument that there is no valid basis under the Bankruptcy Code, or bankruptcy law, or – or otherwise, no valid legal basis for the city – for the Court to order that relief.")

8.  The Law Firm also asserts that the state court action should be reinstated to allow Wolak to pursue claims against City employee Audrian Hardy. The Law Firm admits that the actions of the Wolak's son (Christopher Wolak) and the City's employee (Audrian Hardy) that led to the lawsuit Steven filed against the City arose prepetition, that the parties entered into the Settlement prepetition, and that Steven signed "an appropriate Release" prepetition. Response, pp. 1 and 2. This "appropriate" Release is attached to the Response as Exhibit 2, and it contains the following language in the first paragraph:

> STEVEN WOLAK, personal representative of the Estate of Christopher Wolak . . . hereby releases the CITY OF DETROIT, a Michigan municipal corporation, and each employee, agent, officer, and representative . . . from all liability, actions, fees, claims and consequences of any kind . . . that may, shall or can arise . . . related to any loss or damages from a bus/pedestrian accident that occurred on or about December 24, 2011 at or near Woodward Avenue near Montcalm, in Detroit, Michigan.

Settlement (boldface emphasis omitted). This Court has repeatedly held that releases will be enforced as written, and when a release extends to City employees, that release will be enforced. *E.g.*, Doc. No. 11631 (enforcing similar, albeit slightly different settlement language, where a release of City employees was provided). Thus, the argument that the Settlement should be set aside as regards City employee Audrian Hardy is improper. Response, pp. 3, 5-6.

9. The Law Firm states that "Debtor assuredly knew it was about to file for bankruptcy protection" (Response, p. 5), but does not explain how it concludes this must be so. To the extent the Law Firm means that the City's law department negotiated in bad faith, the Law Firm proffers no evidence of this other than its own assertions. If the Law Firm instead means to imply that it was completely unaware of the City's financial situation at the time the Law Firm negotiated the Settlement, again, no evidence is proffered to support this claim and further, the notion itself defies common sense, given the press coverage of the City's condition at the time.

10.     As a final try, the Law Firm attempts to create ambiguity, asserting that the Settlement "is silent as to the allocation of the settlement amount as to the City and Adrian Hardy." Response, p. 7. Aside from being illogical on its face, it is repudiated by the Law Firm's representation to this Court at the July 15 hearing and the Settlement language, which states that the state court approved it as being in the best interest of the Estate of Christopher Wolak and the City. Settlement, p. 1; July 15 Hearing Tr., p. 44, lines 10-11 ("Mr. Dworestky: Understood, however, the city was the one that was making the payment."). No mention of Ms. Hardy appears.

## III.    Conclusion.

11.     In short, all available information shows that the Estates now own Claim 3232, and the Law Firm has not shown that it has authority to speak on behalf of the Estates regarding Claim 3232. Even if the Law Firm could speak on this issue, it does not offer legally cognizable arguments, recognizable in a bankruptcy context, that would support payment of the Settlement in full or the reinstatement of the state court action.

12.     Accordingly, the City asks the Court to sustain its Objection.

27866129.3\022765-00213

November 10, 2016

Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

and

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan  48226
Telephone: (313) 237-0470
Facsimile: (313) 224-5505
raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

## <u>**EXHIBIT LIST**</u>

Exhibit A   Docket of Chapter 7 Case

Exhibit B   Petition filed in Chapter 7 Case

Exhibit C   Certificate of Service

27866129.3\022765-00213

13-53846-tjt  Doc 11669  Filed 11/10/16  Entered 11/10/16 19:20:00  Page 10 of 60

# EXHIBIT A

## Docket of Chapter 7 Case

**CASECHECKED, 341held, BTHDISCHARGED**

# U.S. Bankruptcy Court
## Eastern District of Michigan (Detroit)
### Bankruptcy Petition #: 15-53842-pjs

|  |  |
|---|---|
| | *Date filed:* 09/21/2015 |
| *Assigned to:* Judge Phillip J Shefferly | *Debtor discharged:* 12/29/2015 |
| Chapter 7 | *Joint debtor discharged:* 12/29/2015 |
| Voluntary | *341 meeting:* 10/28/2015 |
| Asset | *Deadline for filing claims:* 01/30/2017 |
| | *Deadline for objecting to discharge:* 12/28/2015 |
| | *Deadline for financial mgmt. course (db):* 12/28/2015 |
| *Debtor disposition:* Standard Discharge | |
| *Joint debtor disposition:* Standard Discharge | *Deadline for financial mgmt. course (jdb):* 12/28/2015 |

| | |
|---|---|
| **Debtor** | represented by **Scott L. Mazey** |
| **Steven Anthony Wolak,** *Debtor* | 26645 W. 12 Mile Road |
| 70379 Nature's Way | Suite 207 |
| Richmond, MI 48062 | Southfield, MI 48034 |
| MACOMB-MI | (248) 352-4580 |
| SSN / ITIN: xxx-xx-7221 | Email: attorneymazey@aol.com |
| | |
| **Joint Debtor** | represented by **Scott L. Mazey** |
| **Francine Wolak,** *Joint Debtor* | (See above for address) |
| 70379 Nature's Way | |
| Richmond, MI 48062 | |
| MACOMB-MI | |
| SSN / ITIN: xxx-xx-1761 | |
| | |
| **Trustee** | represented by **Richardo I. Kilpatrick** |
| **Karen E. Evangelista** | 903 N. Opdyke Rd. |
| 439 South Main | Suite C |
| Suite 250 | Auburn Hills, MI 48326 |
| Rochester, MI 48307 | (248) 377-0700 |
| 248-652-7992 | Email: ecf@kaalaw.com |

| Filing Date | # | Docket Text |
|---|---|---|
| 09/21/2015 | 1 (42 pgs) | Chapter 7 Voluntary Petition : Fee Amount $335. Filed by Steven Anthony Wolak, Francine Wolak (Mazey, Scott) (Entered: 09/21/2015) |
| 09/21/2015 | 2 (1 pg) | Bankruptcy Petition Cover Sheet Filed by Joint Debtor Francine Wolak, Debtor Steven Anthony Wolak. (Mazey, Scott) (Entered: 09/21/2015) |

| | | |
|---|---|---|
| 09/21/2015 | [3](#) | Statement of Social Security Number Filed by Joint Debtor Francine Wolak, Debtor Steven Anthony Wolak. (Mazey, Scott) (Entered: 09/21/2015) |
| 09/21/2015 | [4](#)<br>(1 pg) | Disclosure of Compensation as Attorney for the Debtor Filed by Joint Debtor Francine Wolak, Debtor Steven Anthony Wolak. (Mazey, Scott) (Entered: 09/21/2015) |
| 09/21/2015 | [5](#)<br>(2 pgs) | Chapter 7 Statement of Your Current Monthly Income Form 22A-1 Filed by Joint Debtor Francine Wolak, Debtor Steven Anthony Wolak. (Mazey, Scott) (Entered: 09/21/2015) |
| 09/21/2015 | [6](#)<br>(2 pgs) | Statement of Intent. Filed by Joint Debtor Francine Wolak, Debtor Steven Anthony Wolak. (Mazey, Scott) (Entered: 09/21/2015) |
| 09/21/2015 | [7](#)<br>(1 pg) | Certificate of Budget and Credit Counseling Course Filed by Debtor Steven Anthony Wolak. (Mazey, Scott) (Entered: 09/21/2015) |
| 09/21/2015 | [8](#)<br>(1 pg) | Certificate of Budget and Credit Counseling Course Filed by Joint Debtor Francine Wolak. (Mazey, Scott) (Entered: 09/21/2015) |
| 09/21/2015 | | Receipt of Voluntary Petition (Chapter 7)(15-53842) [misc,volp7at] ( 335.00) filing fee. Receipt number 26015191, amount . (U.S. Treasury) (Entered: 09/21/2015) |
| 09/21/2015 | [9](#)<br>(2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 10/28/2015 at 09:30 AM at Room 315, 211 W. Fort St. Bldg., Detroit 341. Objections for Discharge due by 12/28/2015. Financial Management Course for the Debtor is due on 12/28/2015. Financial Management Course for the Joint Debtor is due on 12/28/2015. (admin, ) (Entered: 09/21/2015) |
| 09/22/2015 | | Flags Set CASECHECKED. (MMS) (Entered: 09/22/2015) |
| 09/23/2015 | [10](#)<br>(3 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s)[9](#) Meeting (Chapter 7)) No. of Notices: 9. Notice Date 09/23/2015. (Admin.) (Entered: 09/24/2015) |

| 09/29/2015 | 11<br>(1 pg) | Notice of Appearance and Request for Notice Filed by Creditor Ditech Financial, LLC f/k/a Green Tree Servicing, LLC. (Drummond, Shawn) (Entered: 09/29/2015) |
|---|---|---|
| 10/21/2015 | 12<br>(5 pgs) | Cover Sheet for Amendments to Schedules and or Statements filed Re: **, Schedule F, , *List of Creditors, Fee Amount $30 Filed by Joint Debtor Francine Wolak, Debtor Steven Anthony Wolak. (Mazey, Scott) (Entered: 10/21/2015)*** |
| 10/21/2015 |  | Receipt of Cover Sheet for Amendments to Schedules and or Statements(15-53842-pjs) [misc,amdsch] ( 30.00) filing fee. Receipt number 26213151, amount . (U.S. Treasury) (Entered: 10/21/2015) |
| 10/21/2015 | 13<br>(1 pg) | Certificate of Service Filed by Joint Debtor Francine Wolak, Debtor Steven Anthony Wolak. (Mazey, Scott) (Entered: 10/21/2015) |
| 10/29/2015 |  | Trustee's Initial Report & First Meeting Held **10/28/2015** (Evangelista, Karen) (Entered: 10/29/2015) |
| 11/07/2015 | 14<br>(1 pg) | Notice of Requirement to Complete Course in Financial Management. (ADI) (Entered: 11/07/2015) |
| 11/09/2015 | 15<br>(2 pgs) | Certification of Completion of Financial Management Course of Both Debtors Filed by Joint Debtor Francine Wolak, Debtor Steven Anthony Wolak (RE: related document(s)9 Meeting (Chapter 7)). (Mazey, Scott) (Entered: 11/09/2015) |
| 11/09/2015 | 16<br>(12 pgs) | Application to Employ Richardo I. Kilpatrick and the firm of Kilpatrick & Associates as Counsel for Trustee , *Proposed Order,Notice, Proof of Service, Affidavit of Disinterestedness, Exhibit "B"* Filed by Trustee Karen E. Evangelista (Evangelista, Karen) (Entered: 11/09/2015) |
| 11/11/2015 | 17<br>(2 pgs) | BNC Certificate of Mailing. (RE: related document(s) 14 Notice of Requirement to Complete Course in Financial Management) No. of Notices: 1. Notice Date 11/11/2015. (Admin.) (Entered: 11/12/2015) |
| 11/13/2015 | 18<br>(1 pg) | Trustee's Interim Report for the Period Ending 11/13/2015 , Filed by Trustee Karen E. Evangelista. (Evangelista, Karen) (Entered: 11/13/2015) |

| | | |
|---|---|---|
| 12/09/2015 | <u>19</u><br>(6 pgs) | Certification of Non-Response Filed by Trustee Karen E. Evangelista (RE: related document(s)<u>16</u> Application to Employ Richardo I. Kilpatrick and the firm of Kilpatrick & Associates as Counsel for Trustee , *Proposed Order,Notice, Proof of Service, Affidavit of Disinterestedness, Exhibit "B"*). (Kilpatrick, Richardo) (Entered: 12/09/2015) |
| 12/09/2015 | <u>20</u><br>(1 pg) | Order Approving Trustee's Employment of Counsel. (Related Doc # <u>16</u>). (slh) (Entered: 12/09/2015) |
| 12/17/2015 | <u>21</u><br>(2 pgs) | Certificate of Service Filed by Trustee Karen E. Evangelista (RE: related document(s)<u>20</u> Order on Application to Employ). (Kilpatrick, Richardo) (Entered: 12/17/2015) |
| 12/29/2015 | <u>22</u><br>(2 pgs) | Order Discharging **Both Debtors** Steven Anthony Wolak, Francine Wolak. (slh) (Entered: 12/29/2015) |
| 12/31/2015 | <u>23</u><br>(3 pgs) | BNC Certificate of Mailing - Order of Discharge. No. of Notices: 10. Notice Date 12/31/2015. (Admin.) (Entered: 01/01/2016) |
| 01/20/2016 | <u>24</u><br>(1 pg) | Annual Trustee's Report for the period ending: 12/31/2015. (Evangelista, Karen) (Entered: 01/20/2016) |
| 01/27/2016 | <u>25</u><br>(3 pgs) | Adversary case 16-04120. (63 (Dischargeability - 523 (a)(8), student loan)): Complaint by Steven Anthony Wolak, Francine Wolak against U.S. Dept. of Education, Navient Department of Education Loan Servicing, Nelnet. Fee Amount $350. (Mazey, Scott) (Entered: 01/27/2016) |
| 01/27/2016 | 26 | Complaint by Steven Anthony Wolak ; Francine Wolak against U.S. Dept. of Education ; Navient Department of Education Loan Servicing ; Nelnet <u>16-04120-pjs</u>; Nature of Suit(s): 63 (Dischargeability - 523(a)(8), student loan) , Fee Amount $ 350. Filed by Steven Anthony Wolak ; Francine Wolak . (Mazey, Scott) (Entered: 01/27/2016) |
| 03/07/2016 | | Disposition of Adversary 2:16-ap-4120 : Dismissed by Stipulation. (Mum, J) (Entered: 03/07/2016) |
| 03/07/2016 | | Adversary Case 2:16-ap-4120 Closed. (Mum, J) (Entered: 03/07/2016) |

| | | |
|---|---|---|
| 11/01/2016 | [27](#)<br>(2 pgs; 2 docs) | Trustee's Notice of Assets and Notice to Creditors Filed by Trustee Karen E. Evangelista. Proofs of Claims due by 1/30/2017. (Evangelista, Karen) (Entered: 11/01/2016) |
| 11/04/2016 | [28](#)<br>(3 pgs) | Notice to File Proof of Claim Due to Recovery of Assets with BNC Certificate of Mailing (RE: related document(s)[27](#) Trustee's Notice of Assets filed by Trustee Karen E. Evangelista) No. of Notices: 9. Notice Date 11/04/2016. (Admin.) (Entered: 11/05/2016) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/09/2016 17:44:01 | | |
| **PACER Login:** | mc3037:2884939:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 15-53842-pjs Fil or Ent: filed From: 7/12/2011 To: 11/9/2016 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |

**EXHBIT B**

**Petition filed in Chapter 7 Case**

**UNITED STATES BANKRUPTCY COURT**

Eastern District of Michigan

**VOLUNTARY PETITION**

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| Wolak, Steven, Anthony | Wolak, Francine |

| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
|---|---|
| No | No |

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
|---|---|
| 7221 | 1761 |

| Street Address of Debtor (No. and Street, City, and State): | Street Address of Joint Debtor (No. and Street, City, and State): |
|---|---|
| 70379 Nature's Way Richmond, MI 48062      ZIP CODE | 70379 Nature's Way Richmond, MI 48062      ZIP CODE |

| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
|---|---|
| Macomb | Macomb |

| Mailing Address of Debtor (if different from street address): Same | Mailing Address of Joint Debtor (if different from street address): Same |
|---|---|
| ZIP CODE | ZIP CODE |

| Location of Principal Assets of Business Debtor (if different from street address above): |
|---|
| ZIP CODE |

| **Type of Debtor** (Form of Organization) (Check one box.) | **Nature of Business** (Check one box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12  ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

| **Chapter 15 Debtors** | **Tax-Exempt Entity** (Check box, if applicable.) | **Nature of Debts** (Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."  ☐ Debts are primarily business debts. |

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

**Estimated Number of Creditors**

| ☑ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Assets**

| ☑ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

**Estimated Liabilities**

| ☐ $0 to $50,000 | ☑ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (04/13) Page 2

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case.)* | Steven and Francine Wolak |

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.) |
| | I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | X   /S/ Scott L. Mazey          9 - 16 - 15 |
| | Signature of Attorney for Debtor(s)        (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☑   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case.)* | Steven and Francine Wolak |

Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only **one** box.) |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |
| X  /S/ Steven Wolak | X |
| _Signature of Debtor_ | (Signature of Foreign Representative) |
| X  /S/ Francine Wolak | |
| _Signature of Joint Debtor_ | (Printed Name of Foreign Representative) |
| Telephone Number (if not represented by attorney)  9 - 16 - 15 | |
| _Date_ | Date |

| **Signature of Attorney\*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X  /S/ Scott L. Mazey | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. |
| Signature of Attorney for Debtor(s)  Scott L. Mazey | |
| Printed Name of Attorney for Debtor(s)  Rothe, Mazey & Mazey, P.C. | |
| Firm Name | |
| 26645 W. 12 Mile Road, Suite 207, Southfield, MI 48034 | |
| Address  (248) 352-4580 | |
| Telephone Number  9 - 16 - 15 | Printed Name and title, if any, of Bankruptcy Petition Preparer |
| Date | |
| \*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. | Address |
| The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. | X |
| | Signature |
| X | |
| _Signature of Authorized Individual_ | Date |
| _Printed Name of Authorized Individual_ | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. |
| _Title of Authorized Individual_ | Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. |
| _Date_ | |
| | If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. |
| | *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

# UNITED STATES BANKRUPTCY COURT

Eastern District of Michigan

In re Steven Wolak                          Case No._____

Debtor                                          (if known)

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

B 1D (Official Form 1, Exh. D) (12/09) – Cont.

❐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

    ❐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ❐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
    ❐ Active military duty in a military combat zone.

❐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: /S/ Steven Wolak

Date: 09/16/2015

Certificate Number: 01401-MIE-CC-026138729



01401-MIE-CC-026138729

# CERTIFICATE OF COUNSELING

I CERTIFY that on September 1, 2015, at 3:38 o'clock PM EDT, Steven A Wolak received from GreenPath, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Eastern District of Michigan, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet.

Date:   September 1, 2015 _____     By:    /s/Jeremy  Lark for Pam Poole _____

                                            Name:  Pam Poole _____

                                            Title:   Counselor _____

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

# UNITED STATES BANKRUPTCY COURT

Eastern District of Michigan

In re **Francine Wolak**    Case No._____
Debtor        (if known)

### EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☑ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

❏ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❏ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

❏ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

❏ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

❏ Active military duty in a military combat zone.

❏ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: /S/ Francine Wolak

Date: 09/16/2015

Certificate Number: 01401-MIE-CC-026138730



01401-MIE-CC-026138730

# CERTIFICATE OF COUNSELING

I CERTIFY that on September 1, 2015, at 3:38 o'clock PM EDT, Francine Wolak received from GreenPath, Inc., an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling in the Eastern District of Michigan, an individual [or group] briefing that complied with the provisions of 11 U.S.C. §§ 109(h) and 111.

A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate.

This counseling session was conducted by internet.

Date:   September 1, 2015                    By:    /s/Jeremy Lark for Pam Poole

Name:   Pam Poole

Title:   Counselor

* Individuals who wish to file a bankruptcy case under title 11 of the United States Bankruptcy Code are required to file with the United States Bankruptcy Court a completed certificate of counseling from the nonprofit budget and credit counseling agency that provided the individual the counseling services and a copy of the debt repayment plan, if any, developed through the credit counseling agency. *See* 11 U.S.C. §§ 109(h) and 521(b).

# UNITED STATES BANKRUPTCY COURT

Eastern District of Michigan

In re Steven and Francine Wolak ,
*Debtor*

Case No. _____

Chapter 7 _____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $ 139,500.00 | | |
| B - Personal Property | Yes | 3 | $ 28,647.85 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $ 120,228.26 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 3 | | $ 91,789.27 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | $ 3,195.00 |
| J - Current Expenditures of Individual Debtors(s) | Yes | 3 | | | $ 4,098.00 |
| **TOTAL** | | 19 | $ 168,147.85 | $ 212,017.53 | |

# UNITED STATES BANKRUPTCY COURT

In re  Steven and Francine Wolak _____ ,
*Debtor*

Case No. _____ _____ _____

Chapter  7 _____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount | |
|---|---|---|
| Domestic Support Obligations (from Schedule E) | $ | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ | 0.00 |
| Student Loan Obligations (from Schedule F) | $ | 29,177.13 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ | 0.00 |
| TOTAL | $ | 29,177.13 |

**State the following:**

| | | |
|---|---|---|
| Average Income  (from Schedule I, Line 12) | $ | 3,195.00 |
| Average Expenses (from Schedule J, Line 22) | $ | 4,098.00 |
| Current Monthly Income (from Form 22A-1 Line 11; **OR**, Form 22B Line 14; **OR**, Form 22C-1 Line 14) | $ | 0.00 |

**State the following:**

| | | | |
|---|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $ 0.00 | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ | 0.00 |
| 4. Total from Schedule F | | $ | 91,789.27 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ | 91,789.27 |

B6A (Official Form 6A) (12/07)

In re  Steven and Francine Wolak                         ,          Case No. _____
                    **Debtor**                                                            **(If known)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 70379 Nature's Way Richmond, MI 48062 | Fee Simple<br><br>SEV is $77,500 x 2 = $155,000.00 less 10% cost<br><br>of sale - $15,500.00 net value = $139,500.00 | J | 139,500.00 | 120,228.26 |
| | | Total▶ | 139,500.00 | |

(Report also on Summary of Schedules.)

B 6B (Official Form 6B) (12/07)

In re <u>Steven and Francine Wolak</u> ,                    Case No. _____
                 **Debtor**                                                          **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

  Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

  **Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | | $10,000.00 cash on hand | J | 10,000.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | Savings 5/3 Bank $1637.50 Checking 5/3 Bank $168.35 Savings 5/3 Bank $17.00 Savings 5/3 Bank $-0- | J | 1,822.85 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Couches, tables, televisions, bedroom set, appliances, computer desk, misc. HHG and furn. | J | 4,000.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | Clothing H $250.00 / W $300.00 | J | 550.00 |
| 7. Furs and jewelry. | | Wedding ring W $1400.00 / H wed. ring $600.00 | J | 2,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Golf clubs | H | 75.00 |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |

In re <u>Steven and Francine Wolak</u>,                    Case No. _____

          **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | Potential interest in Estate of Christopher Wolak that had a lawsuit against the City of Detroit before the City filed for Bankruptcy (unknown $ if any) | J | 0.00 |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

In re <u>Steven and Francine Wolak</u>,        Case No. _____

         **Debtor**                         **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 Mercedes E Class (W) $6000.00 2008 Ford Fusion (H) $4000.00 | J | 10,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | Weed whacker, shovels, rakes, misc. tools | H | 200.00 |

                   <u> 0 </u> continuation sheets attached   Total➤   $    28,647.85

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6C (Official Form 6C) (04/13)

In re  Steven Wolak                                    ,        Case No. _____
            *Debtor*                                                    *(If known)*

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                $155,675.*
☑  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 1/2 equity 70379 Nature's Way, Richmond, MI 48062 | 11 USC 522(d)(1) | 9,635.87 | 9,635.87 |
| 1/2 cash on hand | 11 USC 522(d)(5) | 5,000.00 | 5,000.00 |
| 1/2 bank account balances at 5/3 Bank | 11 USC 522(d)(5) | 911.43 | 911.43 |
| 1/2 household goods and furnishings | 11 USC 522(d)(3) | 2,000.00 | 2,000.00 |
| Clothing/Wearing Apparel | 11 USC 522(d)(3) | 250.00 | 250.00 |
| Wedding ring | 11 USC 522(d)(4) | 600.00 | 600.00 |
| Golf clubs | 11 USC 522(d)(3) | 75.00 | 75.00 |
| Potential interest in estate of Christopher Wolak | 11 USC 522(d)(5) | 6,488.57 | 6,488.57 |
| Weed whacker, shovels, rakes, misc. tools | 11 USC 522(d)(3) | 200.00 | 200.00 |
| 2008 Ford Fusion | 11 USC 522(d)(2) and (d)(5) | 4,000.00 | 4,000.00 |

\* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re  Francine Wolak                                      ,       Case No. _____
               *Debtor*                                                              *(If known)*

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐  Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                              $155,675.*
☑  11 U.S.C. § 522(b)(2)
☐  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 1/2 equity 70379 Nature's Way, Richmond, MI 48062 | 11 USC 522(d)(1) | 9,635.87 | 9,635.87 |
| 1/2 cash on hand | 11 USC 522(d)(5) | 5,000.00 | 5,000.00 |
| 1/2 bank account balances at 5/3 Bank | 11 USC 522(d)(5) | 911.43 | 911.43 |
| 1/2 household goods and furnishings | 11 USC 522(d)(3) | 2,000.00 | 2,000.00 |
| Clothing/Wearing Apparel | 11 USC 522(d)(3) | 300.00 | 300.00 |
| Wedding ring | 11 USC 522(d)(4) | 1,400.00 | 1,400.00 |
| 2006 Mercedes E Class | 11 USC 522(d)(2),(d)(5) | 6,000.00 | 6,000.00 |
| Potential interest in estate of Christopher Wolak | 11 USC 522(d)(5) | 4,488.57 | 4,488.57 |
|  |  |  |  |

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

In re  Steven and Francine Wolak     ,      Case No. _____
         **Debtor**                          **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

    If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 504212213 <br><br>Flagstar Bank <br>c/o Ditech Financial LLC <br>P.O. Box 6172 <br>Rapid City, SD 57709 | | J | Mortgage lien on 70379 Nature's Way, Richmond, MI 48062 2015 <br><br>VALUE $ 139,500.00 | | X | | 120,228.26 | 0.00 |
| ACCOUNT NO. <br><br><br><br> | | | <br><br>VALUE $ | | | | | |
| ACCOUNT NO. <br><br><br><br> | | | <br><br>VALUE $ | | | | | |

| | | |
|---|---|---|
| 0  continuation sheets attached | Subtotal ▶ (Total of this page) | $ | $ |
| | Total ▶ (Use only on last page) | $     120,228.26 | $     0.00 |

(Report also on Summary of Schedules.)    (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.)

In re <u>Steven and Francine Wolak</u> ,                    Case No. _____
              *Debtor*                                                                                                                  *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."     If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

### ☐ Domestic Support Obligations

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

### ☐ Extensions of credit in an involuntary case

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

### ☐ Wages, salaries, and commissions

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

### ☐ Contributions to employee benefit plans

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

In re <u>Steven and Francine Wolak</u> ,      Case No._____
          *Debtor*                                          *(if known)*

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐ **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

<u>0</u>  continuation sheets attached

B 6F (Official Form 6F) (12/07)

In re  Steven and Christine Wolak                    ,          Case No. _____
                    **Debtor**                                                      **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. 42668412104065 | | | Credit Card 2013 | | | | |
| Chase Visa P.O. Box 15298 Wilmington, DE 19850-5298 | | W | | | X | | 19,200.58 |
| ACCOUNT NO. 2 accounts | | | Ambulance bills 19383534, 18757978 $395.66, $700.25 | | | | |
| Collier County EMS 8075 Lely Cultural Parkway #267 Naples, FL 34113 | | H | | | X | | 1,095.91 |
| ACCOUNT NO. 2880 | | | Credit card 2009 | | | | |
| Fifth Third Bank Mastercard 5050 Kingsley Dr., MD #1MOCOP Cincinnati, OH 45263 | | W | | | X | | 9,446.85 |
| ACCOUNT NO. 0006 | | | Credit card 2014 | | | | |
| Home Depot Credit Services P.O. Box 790328 St. Louis, MO 63179 | | W | | | X | | 6,024.26 |

Subtotal➤  $  35,767.60

__2__ continuation sheets attached

Total➤  $ _____

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)

In re <u>Steven and Christine Wolak</u> ,    Case No. _____
                **Debtor**                                              **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.058-4784-458<br>Kohl's<br>P.O. Box 2983<br>Milwaukee, WI 53201-2983 | | W | Credit card 2014 | | X | | 375.08 |
| ACCOUNT NO. 13-48186<br>Medstar Ambulance<br>380 N. Gratiot<br>Clinton Twp., MI 48036 | | H | Ambulance bill 2013 | | X | | 281.55 |
| ACCOUNT NO.1286328<br>NCH Healthcare System<br>Lockbox Processing Center<br>P.O. Box 404903<br>Atlanta, GA 30384-4903 | | H | Medical bill 2014 | | X | | 350.00 |
| ACCOUNT NO.17263668<br>Physicians Regional Hospital<br>c/o Paragon Revenue Group<br>216 LePhillip Court<br>Concord, NC 28025-2954 | | H | Medical bill 2014 | | X | | 4,455.49 |
| ACCOUNT NO. 9905024431-1<br>Sallie Mae/U.S. Dept. of Ed.<br>PO Box 9635<br>Wilkes-Barre, PA 18773 | | W | 2011-2012 student loans | | X | | 14,179.13 |

Sheet no. <u>1</u> of <u>2</u> continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ | $ 19,641.25

Total▶ | $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re Steven and Francine Wolak                    ,          Case No. _____

　　　　　　**Debtor**                                                    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO., 040047212 <br> St. John Providence Health System <br> 22101 Moross <br> Detroit, MI 48236 | | H | 2013 medical bill | | X | | 17,674.70 |
| ACCOUNT NO. 5120 <br> Synchrony Bank (Art Van) <br> P.O. Box 965061 <br> Orlando, FL 32896-5061 | | W | 2015 credit card | | X | | 2,123.75 |
| ACCOUNT NO. SSN <br> U.S. Dept. of Education <br> Direct Parent Plus Loan <br> P.O. Box 9635 <br> Wilkes-Barre, PA 18773-9635 | | H | 2015 student loan | | X | | 14,998.00 |
| ACCOUNT NO.WCA11652 <br> Woods Cardiovascular <br> 27550 Schoenherr Rd. #200 <br> Warren, MI 48088 | | H | 2014 medical bill | | X | | 1,583.97 |
| ACCOUNT NO. | | | | | | | |

Sheet no. _2_ of _2_ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ | $ 36,380.42

Total▶ | $ 91,789.27
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re <u>Steven and Francine Wolak</u> ,          Case No._____
                 **Debtor**                                           **(if known)**

## SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

  Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |
| | |
| | |
| | |
| | |
| | |

**In re** Steven and Francine Wolak                    ,                    **Case No.** _____

                    **Debtor**                                                                                      **(if known)**

## SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☑  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Steven Anthony Wolak | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Francine Wolak | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: Eastern District of Michigan

Case number
(If known) _____

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition
chapter 13 income as of the following date:

_____
MM / DD / YYYY

Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

   | | | Debtor 1 | Debtor 2 or non-filing spouse |
   |---|---|---|---|
   | **Employment status** | | ☐ Employed<br>☑ Not employed | ☐ Employed<br>☑ Not employed |
   | **Occupation** | | Disabled | Disabled |
   | **Employer's name** | | _____ | _____ |
   | **Employer's address** | | _____<br>Number  Street | _____<br>Number  Street |
   | | | _____<br>_____<br>City       State  ZIP Code | _____<br>_____<br>City       State  ZIP Code |
   | **How long employed there?** | | _____ | _____ |

## Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $_____ | $_____ |
| 3. **Estimate and list monthly overtime pay.** | 3. + $_____ | + $_____ |
| 4. **Calculate gross income.** Add line 2 + line 3. | 4. $_____ | $_____ |

|  | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here ........................................................................ → 4. | | $_____ | $_____ |

5. **List all payroll deductions:**

| | | | |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $_____ | $_____ |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $_____ | $_____ |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $_____ | $_____ |
| 5d. **Required repayments of retirement fund loans** | 5d. | $_____ | $_____ |
| 5e. **Insurance** | 5e. | $_____ | $_____ |
| 5f. **Domestic support obligations** | 5f. | $_____ | $_____ |
| 5g. **Union dues** | 5g. | $_____ | $_____ |
| 5h. **Other deductions.** Specify: _____ | 5h. | + $_____ | + $_____ |

6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h.    6.    $_____    $_____

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.    7.    $_____    $_____

8. **List all other income regularly received:**

8a. **Net income from rental property and from operating a business, profession, or farm**

     Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.    8a.    $_____    $_____

8b. **Interest and dividends**    8b.    $_____    $_____

8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**

     Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.    8c.    $_____    $_____

8d. **Unemployment compensation**    8d.    $_____    $_____

8e. **Social Security**    8e.    $ 1,872.00    $ 1,323.00

8f. **Other government assistance that you regularly receive**

     Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.

     Specify: _____    8f.    $_____    $_____

8g. **Pension or retirement income**    8g.    $_____    $_____

8h. **Other monthly income.** Specify: _____    8h.    + $_____    + $_____

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.    9.    $ 1,872.00    $ 1,323.00

10. **Calculate monthly income.** Add line 7 + line 9.
     Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.    10.    $ 1,872.00    +    $ 1,323.00    =    $ 3,195.00

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**

     Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

     Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.

     Specify: _____    11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data*, if it applies    12.    $ 3,195.00

     **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
     [✓] No.
     [ ] Yes. Explain:

**Fill in this information to identify your case:**

Debtor 1    Steven Anthony Wolak
            First Name              Middle Name          Last Name

Debtor 2    Francine Wolak
(Spouse, if filing) First Name     Middle Name          Last Name

United States Bankruptcy Court for the:    Eastern District of Michigan

Case number
(If known)    _____

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13
   expenses as of the following date:

   _____
   MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2
   maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses                                    12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct
information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number
(if known). Answer every question.

## Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.
   ☑ Yes. **Does Debtor 2 live in a separate household?**

      ☑ No
      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**          ☐ No

   Do not list Debtor 1 and             ☑ Yes. Fill out this information for
   Debtor 2.                                 each dependent..........................

   Do not state the dependents'
   names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Daughter | 22 | ☐ No  ☑ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |
| | | ☐ No  ☐ Yes |

3. **Do your expenses include**        ☑ No
   **expenses of people other than**   ☐ Yes
   **yourself and your dependents?**

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report
expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the
applicable date.

Include expenses paid for with non-cash government assistance if you know the value
of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I.)

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and
   any rent for the ground or lot.                                                            4.    $_____917.00

   If not included in line 4:

   4a. Real estate taxes                                                                      4a.   $_____0.00

   4b. Property, homeowner's, or renter's insurance                                           4b.   $_____0.00

   4c. Home maintenance, repair, and upkeep expenses                                          4c.   $_____50.00

   4d. Homeowner's association or condominium dues                                            4d.   $_____71.00

Official Form B 6J                          Schedule J: Your Expenses                                       page **1**

**Your expenses**

| | | | |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence**, such as home equity loans | 5. | $ 0.00 |
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $ 265.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $ 85.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 156.00 |
| | 6d. Other. Specify: Cellular telephones | 6d. | $ 177.00 |
| 7. | **Food and housekeeping supplies** | 7. | $ 700.00 |
| 8. | **Childcare and children's education costs** | 8. | $ |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $ 75.00 |
| 10. | **Personal care products and services** | 10. | $ 120.00 |
| 11. | **Medical and dental expenses** | 11. | $ 120.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ 175.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ 100.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $ 40.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $ 0.00 |
| | 15b. Health insurance | 15b. | $ 314.00 |
| | 15c. Vehicle insurance | 15c. | $ 235.00 |
| | 15d. Other insurance. Specify:_____ | 15d. | $ 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $ 0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1 | 17a. | $ 0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $ 0.00 |
| | 17c. Other. Specify: Parent Plus Student Loan | 17c. | $ 218.00 |
| | 17d. Other. Specify:_____ | 17d. | $ 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).** | 18. | $ 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify:_____ | 19. | $ 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.** | | |
| | 20a. Mortgages on other property | 20a. | $ 0.00 |
| | 20b. Real estate taxes | 20b. | $ 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $ 0.00 |

21.  **Other.** Specify: Cigarettes and pet care                    21.  **+**$_____280.00

22.  **Your monthly expenses.** Add lines 4 through 21.
     The result is your monthly expenses.                          22.  $_____4,098.00

23. **Calculate your monthly net income.**

23a.  Copy line 12 (*your combined monthly income*) from *Schedule I.*       23a.  $_____3,195.00

23b.  Copy your monthly expenses from line 22 above.               23b.  **–** $_____4,098.00

23c.  Subtract your monthly expenses from your monthly income.
      The result is your *monthly net income.*                     23c.  $_____-903.00

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your
    mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ☑ No.
    ☐ Yes.    Explain here:

In re ___Steven and Francine Wolak___ ,     Case No. _____

Debtor                                                      (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __21__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date __09/16/2015__                         Signature: __/S/ Steven Wolak__

                                                                    Debtor

Date __09/16/2015__                         Signature: __/S/ Francine Wolak__

                                                            (Joint Debtor, if any)

[If joint case, both spouses must sign.]

-------------------------------------------------------------------------------------------------------
### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____         _____
Printed or Typed Name and Title, if any,                    Social Security No.
of Bankruptcy Petition Preparer                               *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____

_____

_____
Address

X _____                    _____
Signature of Bankruptcy Petition Preparer                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*
-------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets *(Total shown on summary page plus 1)*, and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                    Signature: _____        _____

                                    _____
                                    [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
-------------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT

## Eastern District of Michigan

In re: Steven and Francine Wolak _____,  Case No. _____

               Debtor                                                          (if known)

## STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

      *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any persons in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(2), (31).

---

    1.  **Income from employment or operation of business**

None
☐

      State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

    AMOUNT                           SOURCE

    6846.00                July, 2014 Steven Wolak tried to go back to work at McGarvey Construction but it only lasted about five (5) weeks

**2.   Income other than from employment or operation of business**

None

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

      AMOUNT                                                            SOURCE
                                     Monthly social security benefits for both debtors and lawsuit settlement in
                                      2014 for a gross of $71,325.00 (1099 Misc income) less taxes

---

**3.   Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
✓

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

None
[✓]

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
[ ]

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| 12-1060-NI Estate/Christopher Wolak v City of Detroit | Wrongful death negligence | Wayne County Circuit Court | City filed for bankruptcy |

None
[✓]

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and **a** joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None
[✓]

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☐

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|
| $5000.00 | Gambling by debtors at MGM Detroit Casino on various dates over the last year | |

**9.  Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Greenpath, Attorney Scott Mazey | 09/01/2015 | $25.00, $1235.00 |

**10.  Other transfers**

None ☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑

b.  List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11.  Closed financial accounts**

None ☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
[✓]

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
[✓]

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None
[✓]

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None
[ ]

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| 9243 Tesoro Lane, Naples, FL 34113 | Same | 06/14 to 11/14 |
| 1804 Cambria Circle #8989 Naples, FL | | 08/13 to 06/14 |
| 49675 Crystalline Dr, Macomb, MI 48042 | | Prior to 8/13 |

**16. Spouses and Former Spouses**



If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.



a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|



b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|



c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**



a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or

other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None

b.  Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                                        ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.  A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19.  Books, records and financial statements

None

a.  List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                                DATES SERVICES RENDERED

None

b.  List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                                        ADDRESS                        DATES SERVICES RENDERED

None

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                ADDRESS

None

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                    DATE ISSUED

### 20. Inventories

None

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY            INVENTORY SUPERVISOR            DOLLAR AMOUNT
                                                             OF INVENTORY
                                                             (Specify cost, market or other basis)

None

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

DATE OF INVENTORY                                   NAME AND ADDRESSES
                                                    OF CUSTODIAN
                                                    OF INVENTORY RECORDS

### 21 . Current Partners, Officers, Directors and Shareholders

None

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS            NATURE OF INTEREST            PERCENTAGE OF INTEREST

None

b.     If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

                                                    NATURE AND PERCENTAGE
NAME AND ADDRESS                        TITLE        OF STOCK OWNERSHIP

**22 . Former partners, officers, directors and shareholders**

None ☐   a.    If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                              ADDRESS                          DATE OF WITHDRAWAL

None ☐   b.    If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS                  TITLE                            DATE OF TERMINATION

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☐   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS                    DATE AND PURPOSE                 AMOUNT OF MONEY
OF RECIPIENT,                     OF WITHDRAWAL                    OR DESCRIPTION
RELATIONSHIP TO DEBTOR                                             AND VALUE OF PROPERTY

**24. Tax Consolidation Group.**

None ☐   If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION              TAXPAYER-IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None ☐   If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                    TAXPAYER-IDENTIFICATION NUMBER (EIN)

*  *  *  *  *  *

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date   09/16/2015              Signature of Debtor   /S/ Steven Wolak

Date   09/16/2015              Signature of Joint Debtor (if any)   /S/ Francine Wolak

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____              Signature _____

                                       Print Name and Title _____

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

____continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____              _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer         Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____

Address

_____              _____
Signature of Bankruptcy Petition Preparer                                  Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

# EXHIBIT C – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

The undersigned hereby certifies that on November 10, 2016, he caused a copy of the *City of Detroit's Reply in Support of Its Objection to Claim Number 3232* to be served upon all parties registered for ECF service and by e-mail to the following parties:

FIEGER, FIEGER, KENNEY & HARRINGTON, P.C.
Stephanie L. Arndt
13930 W. Ten Mile Road
Southfield, MI 48075

s.arndt@fiegerlaw.com, v.botz@fiegerlaw.com

Dated: November 10, 2016      By: /s/ Marc N. Swanson
                                      Marc N. Swanson (P71149)
                                      150 West Jefferson, Suite 2500
                                      Detroit, Michigan 48226
                                      Telephone: (313) 496-7591
                                      Facsimile: (313) 496-8451
                                      swansonm@millercanfield.co