UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                                   Case No. 13-53846

CITY OF DETROIT, MICHIGAN,               Chapter 9

         Debtor.                                 Judge Thomas J. Tucker
_____/

**ORDER REGARDING FURTHER PROCEEDINGS ON THE
CITY OF DETROIT'S OBJECTION TO CLAIM NO. 3232
OF STEVEN WOLAK, AS PERSONAL REPRESENTATIVE
OF THE ESTATE OF CHRISTOPHER WOLAK, DECEASED**

This case came before the Court for a hearing on November 16, 2016, on the claim objection entitled "City of Detroit's Objection to Claim No. 3232" (Docket # 11620, the "Claim Objection"). For the reasons stated by the Court on the record during the hearing,

IT IS ORDERED that:

1. The Court will hold a further, non-evidentiary hearing on the Claim Objection on **January 25, 2017 at 1:30 p.m.**

2. The claimant, Steven Wolak, as Personal Representative of the Estate of Christopher Wolak, Deceased ("Wolak"), may file a supplement in support of his response to the Claim Objection, in the form of a supplemental brief and exhibits containing any evidentiary materials (affidavits, documentary evidence), no later than December 16, 2016. Wolak's supplement must be limited to any argument(s) Wolak wishes to make as to why the pre-petition settlement agreement between Wolak and the City should be avoided rather than enforced (*e.g.*, an argument that Wolak was fraudulently induced by the City to enter into the settlement agreement).[1]

3. Karen Evangelista, the Chapter 7 Trustee in the pending bankruptcy case filed by Steven Wolak and Francine Wolak (Case No. 15-58342), may file a response to any supplement filed by Steven Wolak. The Chapter 7 Trustee's response must be filed no later than December 27, 2016.

4. The City of Detroit may file a response to the supplement filed by Steven Wolak, and to the Chapter 7 Trustee's response to that supplement, including any supplemental brief and any exhibits, no later than January 17, 2017.

---

[1] During the November 16, 2016 hearing, the Court made a partial ruling on the merits of the Claim Objection and Wolak's response to the Claim Objection, by ruling that all of Wolak's arguments made in response to the Claim Objection that are premised upon enforcement of the settlement agreement, rather than avoidance of it, are without merit and are overruled.

As promised during the November 16, 2016 hearing, the Court attaches to this Order, for reference by the parties, excerpts from the transcript of the Court's April 29, 2015 bench opinion given in the case of *Collins v. Deshikachar*, Adv. No. 14-4318 (Docket # 133), relating to principles regarding enforcement and interpretation of settlement agreements, and possible grounds for avoiding enforcement of a settlement agreement, under Michigan law.


**Signed on November 18, 2016**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOYCE COLLINS,                    Adv. Case No. 14-04318-tjt

    Plaintiff,
                              Detroit, Michigan
  v.                         April 29, 2015

VASAN DESHIKACHAR,

    Defendant.
_____/

PLAINTIFF'S MOTION TO ENFORCE
BEFORE THE HONORABLE THOMAS J. TUCKER
TRANSCRIPT ORDERED BY: <u>KEITH FLYNN</u>

APPEARANCES:

For the Plaintiff:      Miller Cohen, PLC
                         By: KEITH FLYNN
                         600 W. Lafayette Blvd.
                         Fourth Floor
                         Detroit, Michigan  48226
                         (313) 964-4454

For the Defendant:     Law Offices of Quinn & Associates
                         By: CHRISTOPHER W. QUINN, II
                         719 Griswold, Suite 820
                         Detroit, Michigan  48226
                         (313) 967-7847

Court Recorder:        MS. JAMIE LASKASKA

Transcribed By:        MS. KRISTEN SHANKLETON


Proceedings recorded by electronic sound recording.
Transcript prepared by transcription service
_____
MODERN COURT REPORTING & VIDEO, LLC
101-A North Lewis Street
Saline, Michigan 48176
(734) 429-9143

1    The Plaintiff contends that the -- there is a
2 valid enforceable settlement agreement, which this Court
3 should enforce, between the Plaintiff and the Defendant,
4 which the material terms of which are all stated, according
5 to Plaintiff, in the terms sheet, Docket 83, Exhibit B.
6    The Defendant disagrees with that argument and
7 disputes that. And there are a number of issues to be
8 discussed on that with respect to that dispute between
9 these parties.
10    The -- I'm going to talk a little bit about the
11 law that applies to the issues at hand with respect to this
12 motion and the dispute between the parties reading this
13 motion.
14    First of all, some general principles that apply
15 here. As stated by the United States District Court for
16 this District in the 2010 decision of McCormick v.
17 Brzezinski, B-r-z-e-z-i-n-s-k-i, a decision of the District
18 Court for this District from April 13, 2010 that is
19 reported at 2010 WL 1463176, the Court stated the following
20 principles, all of which I agree with and apply to this
21 case regarding enforcement of settlement agreements. First
22 the Court said:
23    "It is well established that courts retain the
24       inherent power to enforce agreements entered into in
25       settlement of litigation pending before them."

1    And by the way, in quoting from this opinion and
2 other opinions, I'm omitting citations.  There are numerous
3 citations to case laws cited in these opinions that I'm
4 going to be quoting from supporting the propositions
5 stated.
6    The Court went on in the McCormick case to say
7 that, and this is at West Law page 2, by the way, all of
8 this, the Court went on to say that, quote:
9        "The district court's power to summarily enforce
10       settlements extends to cases where the parties have
11       not reduced their agreements to writing.  This
12       inherent power derives from 'the policy favoring the
13       settlement of disputes and the avoidance of costly and
14       time-consuming litigation.'"
15       A little later on page 2 in the McCormick opinion,
16 the District Court stated, quote:
17       "'To enforce a settlement, a district court must
18       conclude that agreement has been reached on all
19       material terms.  [W]hether [a settlement agreement] is
20       a valid contract between the parties is determined by
21       reference to state substantive law governing contracts
22       generally.'  Thus, the court will apply Michigan
23       contract law to determine whether a valid settlement
24       agreement was reached."
25       A little later in the opinion the Court went on to

1 say the following, quote:

2     "Under Michigan law, in order to form a valid
3     contract, there must be a meeting of the minds, or
4     mutual assent, with respect to all material terms of
5     the contract.  Further, '[a] meeting of the minds is
6     judged by an objective standard, looking to the
7     express words of the parties and their visible acts,
8     not their subjective states of mind.'"

9     Again, that's from West Law page 2 of the
10 McCormick opinion.

11     A further statement of some general principles
12 that apply here was stated by the Michigan Court of Appeals
13 in the case of Dezaak, D-e-z-a-a-k, Management, Inc. v.
14 Auto Owners Insurance Company, reported at 2012 WL 5258304,
15 a decision of the Michigan Court of Appeals from October
16 23, 2012.  At West Law page 2 the Michigan Court of Appeals
17 stated the following propositions of Michigan law, quote:

18     "An agreement between parties to settle a pending
19     lawsuit constitutes a contract and is governed by the
20     legal principles that are applicable to the
21     interpretation of contracts.  Unambiguous agreements
22     must be enforced according to their plain terms.  In
23     the absence of duress, fraud, mutual mistake, severe
24     stress, or unconscionable advantage taken by one party
25     over the opposing party, courts are bound to enforce

1     settlement agreements." Unquote.
2         And again, I'm omitting citations to authorities
3 that appear in the Michigan Court of Appeals opinion when
4 I'm quoting from it.
5         A little bit later in the opinion, still at West
6 Law page 2, the Michigan Court of Appeals went on to say,
7 quote:
8     "[S]ettlement agreements should not normally be
9     set aside and...once a settlement agreement is reached
10    a party cannot disavow it merely because he has had a
11    'change of heart.'" Unquote.
12        Next, I want to note a holding of the Michigan
13 Court of Appeals in the case of Shuster, S-h-u-s-t-e-r, v.
14 Daimler Chrysler Corporation, a decision from March 1, 2005
15 in the Michigan Court of Appeals, which is reported at 2005
16 WL 474009, and this is from West Law page 1 of the Court's
17 opinion. There the Michigan Court of Appeals said, quote:
18    "An agreement to settle a pending lawsuit is a
19    contract governed by the legal principles applicable
20    to the construction and interpretation of contracts.
21    There must be a meeting of the minds, i.e. mutual
22    assent, on all the material facts in order to form a
23    valid agreement, and whether such a meeting of the
24    minds occurred is judged by an objective, rather than
25    subjective, standard, looking to the express words of

the parties and their visible acts." Unquote.

Similar principles were stated and held to apply to request to enforce the settlement agreement by the United States Court of Appeals for the Sixth Circuit in three cases that I will cite, and the first of those is, and these were all cited in the Plaintiff's brief, by the way, the first of which is Re/Max International, Inc. v. Realty One, Inc., a Sixth Circuit decision from 2001 reported at 271 F.3d 633. In there the Sixth Circuit noted the following at pages 645, 646, and again I'm omitting citations. Quote:

> "Before enforcing a settlement, a district court must conclude that agreement has been reached on all material terms."

The Court went on to say a little bit later at page 646 that, quote:

> "No evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present. Thus, summary enforcement of a settlement agreement has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement." Unquote.

A little bit later on page 646, the Sixth Circuit went on to say, quote:

> "The existence of a valid agreement is not

1   diminished by the fact that the parties have yet to
2   memorialize the agreement.  When parties have agreed
3   on the essential terms of a settlement, and all that
4   remains is to memorialize the agreement in writing,
5   the parties are bound by the terms of the oral
6   agreement."
7          The Sixth Circuit held these same things in the
8   case of Michigan Regional Council of Carpenters v. New
9   Century Bancorp, Inc., reported at 99 Fed.Appx 15 2004 WL
10  771255.  The United States Court of Appeals for the Sixth
11  Circuit decision from April 8, 2004, in particular at West
12  Law pages 7 and 8.
13         And finally the Sixth Circuit, I would cite the
14  Sixth Circuit case of Brock v. Scheuner, S-c-h-e-u-n-e-r,
15  Corporation, 841 F.2d 151 at page 154, a Sixth Circuit
16  decision from 1988 in which the Sixth Circuit held as
17  follows, and again, I'm omitting citations.  This is at
18  page 154.  Quote:
19      "It is well established that courts retain the
20      inherent power to enforce agreements entered into in
21      settlement of litigation pending before them.  A
22      federal court possesses this power 'even if that
23      agreement has not been reduced to writing.'  Before
24      enforcing settlement, the district court must conclude
25      that agreement has been reached on all material terms.

63

1       The court must enforce the settlement as agreed to by
2       the parties and is not permitted to alter the terms of
3       the agreement." Unquote.

4       Now, in this case, the terms sheet, what I've been
5 referring to as the terms sheet, that was signed by the
6 Plaintiff and the Defendant on January 30, on its face is
7 complete. It contains all the material terms of the
8 parties' agreement to settle this adversary proceeding,
9 such that in the Court's view there can be no genuine
10 dispute that the terms sheet. The terms stated in the
11 terms sheet constitute an enforceable settlement agreement
12 between the parties as a written signed agreement
13 containing all the material terms of the parties' agreed
14 settlement, unless one of the defenses, arguments in the
15 nature of a defense that the Defendant has made, such as
16 duress or mistake of fact, which I'll talk about a little
17 bit more in a minute, has been -- is demonstrated.

18       The Defendant's arguments that the terms sheet
19 does not contain all the material or essential elements,
20 material elements of the settlement of a settlement between
21 the parties, which the Defendant's counsel has -- has
22 stated today essentially as an argument that the terms
23 sheet contains some of the terms but not all the material
24 terms of the settlement, is in my view without merit as a
25 matter of law based on the undisputed facts and the content

75

1 amount to or demonstrate, even if accepted as true, any
2 proper or valid defense to against enforcement of the
3 settlement agreement that I have found was made by the
4 parties in the terms sheet.
5     As I noted earlier in quoting from the Michigan
6 Court of Appeals decision in Dezaak Management v. Auto
7 Owners Insurance Company case, under Michigan law:
8     "A settlement agreement must be enforced in the
9     absence of duress, fraud, mutual mistake, severe
10     stress, or unconscionable advantage taken by one party
11     over the opposing party."
12     Absent those things, courts are bound to enforce
13 settlement agreements between the parties.
14     With respect to this concept of unconscionability,
15 I want to talk about that first. Unconscionable advantage
16 taken by one party over the opposing party, that's one of
17 the exceptions in the Dezaak Management case. Michigan law
18 makes clear that unconscionability is something far more
19 severe than what has been alleged, the facts that have been
20 alleged by the Defendant here.
21     In the case of Majestic Golf, LLC v. Lake Walden
22 Country Club, Inc., a Michigan Court of Appeals decision
23 from 2012, reported at 823 N.W.2d. at page 610, which I'll
24 note for the record was reversed on other grounds other
25 than the ones I'm relying on here by this Michigan Supreme

1  Court in 2013 at 840 N.W.2d. 305, the Michigan Court of
2  Appeals said at page 623, that is 823 N.W.2d. at page 623
3  regarding unconscionability, the following, quote:
4      "[i]n order for a contract or contract provision
5      to be considered unconscionable, both procedural and
6      substantive unconscionability must be present."
7      I'm omitting citations here. The Court goes on to
8  quote a case, an earlier Michigan Court of Appeals case,
9  Clark v. DaimlerChrysler Corp., as saying the following,
10 quote:
11     "Procedural unconsionability exists where the
12     weaker party had no realistic alternative to
13     acceptance of the term. If, under a fair appraisal of
14     the circumstances, the weaker party was free to accept
15     or reject the term, there was no procedural
16     unconscionability. Substantive unconscionability
17     exists where the challenged term is not substantively
18     reasonable. However, a contract or contract provision
19     is not invariably substantively unconscionable simply
20     because it is foolish for one party and very
21     advantageous to the other. Instead, a term is
22     substantively unreasonable where the inequity of the
23     term is so extreme as to shock the conscience."
24     Unquote.
25     The facts alleged by the Defendant including what

1  he has alleged and argued regarding his IRS debt
2  potentially impairing his ability to pay settlement terms,
3  if true might show that the Defendant -- the Defendant was
4  guilty of perhaps even of being foolish in agreeing to the
5  payment terms if he thought the IRS was going to prevent
6  him from making the payments required by the settlement
7  here with Ms. Collins, but it does not amount to
8  unconscionability as defined by Michigan law in this case
9  I've just quoted from.
10       There's no procedural unconscionability because
11 Mr. Deshikachar, the Defendant, was free to reject the
12 terms of this settlement terms sheet and not agree to them
13 and not sign the settlement terms sheet and, in fact,
14 refused to agree to any settlement because of his concern
15 if he had it at the time about the Internal Revenue Service
16 debt or for any other reason.  So there was no procedural
17 unconscionability here; that's clear.  And the facts he's
18 alleged do not show otherwise, even accepted as true and
19 admissible.
20       Further, there's no substantive unconscionability
21 because the terms of this terms sheet that the Defendant
22 agreed to and signed, this settlement, were not such as to
23 be inequitable in such an extreme as to shock the
24 conscience.  So there is no unconscionability on the facts,
25 even if we accept as true and admissible all of the facts

1 alleged by the Defendant here in opposing this motion to
2 enforce the settlement as that term is defined by Michigan
3 law.
4 　　　　With respect to the argument, and this is a
5 similar argument, the argument the Defendant has made that
6 the settlement agreement should not be enforced because the
7 Defendant was subject to duress or coercion that led him to
8 sign that terms sheet and agree to that, those terms, when
9 Michigan case law refers to duress or coercion, in order to
10 show duress or coercion as the Dezaak case that I cited
11 earlier, Dezaak Management, Inc. v. Auto Owners Insurance
12 Company, Michigan Court of Appeals decision says, and this
13 is at 2012 WL 5258304 at WL page 2, footnote 1, the Court
14 there says, quote:
15 　　　"A settlement agreement generally cannot be set
16 　　　　aside on the basis of a unilateral mistake."
17 　　　　And I'll talk about mistake a little bit more.
18 　　　　And then the Court says, quote:
19 　　　"To establish a claim of duress, a party must show
20 　　　　that he or she was illegally compelled or coerced to
21 　　　　engage in an act under fear of serious injury to his
22 　　　　or her person, reputation, or fortune."　Unquote.
23 　　　　And I'm omitting citations here.　Certainly duress
24 as defined by the Michigan Courts in the Dezaak case is not
25 shown under the facts alleged, even if all facts alleged by

 1  the Defendant are accepted as true and admissible and
 2  admitted into evidence.
 3          The U.S. District Court in the McCormick case that
 4  I cited earlier similarly talks about duress and coercion
 5  under Michigan law, and this is at 2010 WL 1463176 at WL
 6  page 4, and I'm omitting citations.  The Court says the
 7  following, quote:
 8      "Courts generally agree that to prove duress, a
 9      party must show 'first, that one side involuntarily
10      accepted the terms of another; second, that
11      circumstances permitted no other alternative; and
12      third, that the opposite party's coercive acts caused
13      those circumstances.'  Specifically, under Michigan
14      law, the touchstone of coercion and duress is that the
15      victim is deprived of his or her 'unfettered will.'"
16      Unquote.
17          Defendant has presented and alleged no facts that
18  would show duress or coercion under this definition.  It's
19  clear and it's undisputed and it's admitted in the hearing
20  today by the Defendant's counsel on behalf of the
21  Defendant, the Defendant was free and had freedom here to
22  refuse to agree to any settlement or to the particular
23  settlement terms that he signed off on in signing the terms
24  sheet at issue.  He was free not to agree to those things,
25  but he agreed to them and signed the terms sheet anyway,

1  and he was not coerced or guilty -- or the victim of duress
2  as those terms are defined by Michigan law in the McCormick
3  case and under the Dezaak case that I have quoted from.
4         In the, applying Michigan law in discussing duress
5  in this kind of context, the U.S. District Court for the
6  Eastern District of Michigan in a 1991 case, Cochran, C-o-
7  c-h-r-a-n v. Ernst & Young, 758 F.Supp. 1548 at page 1556,
8  the District Court stated that in the absence of physical
9  intimidation or coercion there can only be a claim of
10 economic duress, and that concept is defined this way,
11 quote:
12     "Fear of financial ruin or economic hardship,
13      alone, is not a legally sufficient basis for claiming
14      coercion or economic duress. To maintain a claim of
15      economic duress or coercion in Michigan, serious
16      financial harm must be threatened, and the person
17      allegedly applying the coercion must act unlawfully."
18         There's no allegation of any unlawful actions or -
19 - by any participant in the mediation made against the
20 Defendant here, nor do the facts amount to, even if
21 accepted as true, amount to any sort of threat that's --
22 could be considered by any stretch of the imagination to be
23 duress or coercion that would permit the Defendant to avoid
24 an enforcement of the settlement agreement here.
25         Similar authority for this concept is the Michigan

```
 1  Supreme Court's decision from 1963 in the Beachlawn
 2  Building Corporation v. City of St. Clair Shores case,
 3  reported at 121 N.W.2d 427 at page 429 to 430 where the
 4  Court said, quote:
 5       "Duress exists when one by the unlawful act of
 6        another is induced to make a contract or perform such
 7        act under circumstances which deprive him of the
 8        exercise of free will."  Unquote.
 9            Such an extreme situation clearly is not
10  demonstrated by the facts even as alleged by the Defendant
11  here in this case.
12            With respect to mistake, whether the Defendant's
13  argument is properly characterized as Defendant does in the
14  brief at Docket 91 as mistake of fact, or as Plaintiff's
15  counsel argued in today's hearing mistake of law, in either
16  case under the facts alleged by the Defendant as a matter
17  of law, there was no -- there was no mistake, mutual
18  mistake that would justify the Court's refusing to enforce
19  this settlement agreement.
20            As the Michigan Court of Appeals in the Dezaak
21  Management case that I've quoted from earlier, stated, and
22  this is 2012 WL 5258304 at West Law page 2, footnote 1, the
23  Michigan Court of Appeals said that, quoting:
24       " A mutual mistake may be one of fact or one of
25  law. A mutual mistake of fact means 'an erroneous belief,
```

1  which is shared and relied on by both parties, about a
2  material fact that affects the substance of the
3  transaction.' A settlement agreement generally cannot be
4  set aside on the basis of a unilateral mistake."
5  That's in footnote 1, and further on West Law at
6  page 3 in that opinion, the Michigan Court of Appeals went
7  on to say, quote:
8  "We will not find duress or undue influence where
9  a trial court has voiced its position on a legal issue
10  during trial that strongly motivates, or even
11  pressures, a party to settle an action; this is not an
12  uncommon occurrence." Unquote.
13  Similarly, any pressure applied by the mediator in
14  a mediation session, like the mediation in this case, even
15  if it were admissible in evidence that that had occurred,
16  would not be considered duress or undue influence, nor is
17  there any showing under the facts alleged by the Defendant
18  that there was a mutual mistake of fact that the Plaintiff
19  and the Defendant shared and both relied on a mistake,
20  mutual mistake of fact, nor a mistake of law in agreeing to
21  the settlement that they agreed to.
22  In addition, under Michigan law, if there had been
23  a mutual mistake of fact or law, that mistake would have to
24  be material in order to provide a defense to enforcement of
25  a settlement agreement. The Michigan Court of Appeals held

in the Shuster v. Daimler Chrysler Corp. case that I cited earlier, and this is 2005 WL 474009, at West Law page 2, the Court held that:

> "To establish a mutual mistake of fact, a plaintiff must show that both parties were mistaken concerning an existing fact that was material to the agreement." Unquote.

The Court in that case also held, by the way, that mistake of law as opposed to a mistake of fact, does not justify relief from a contract.

So, the Defendant's alleged -- facts alleged and arguments here do not amount, as a matter of law, even if accepted and could be considered by the Court, and all the facts alleged by the Defendant could be considered by the Court and deemed as true, do not amount, as a matter of law, do not amount to any of the types of concepts or defenses that might permit the Defendant to escape enforcement of the settlement agreement that he made with the Plaintiff. That is, there was no duress, coercion, mutual mistake of fact or law, mutual; no unconscionability; and nor was there any fraud or material misrepresentation or undue stress or pressure placed upon the Defendant alleged here.

Defendant was free to refuse to accept the settlement on the terms agreed to, that he ultimately

```
 1
 2
 3
 4
 5
 6  We certify that the foregoing is a correct transcript from
 7  the electronic sound recording of the proceedings in the
 8  above-entitled matter.
 9
10  /s/Kristen Shankleton, CER-6785      Dated: 06/16/15
11  Jamie Laskaska
```