Dinah Lynn Bolton - #2373
20230 Fenelon Street
Detroit, MI 48234
313-893-3148
dinahtyus@sbcglobal.net

FILED

2016 DEC -2 P 3: 11

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street
Suite 2100
Detroit, MI 48226

August 29, 2016

RE: **Request/Motion for Submission of additional information for Bankruptcy Claim #2373 – Case No. 13-53846 – Claim No. 3522 – APTE (Coalition of Unions) for Dinah Lynn (Tyus) Bolton**

Dear United States Bankruptcy Court:

The Creditor would like to submit this Request/Motion for Submission of additional information for Bankruptcy Claim.

The Creditor is a member of the Association of Professional and Technical Employees (ATPE) which is a member of the Coalition of Detroit Unions.

The CET was imposed upon the Creditor by the City of Detroit.

The Coalition TA concessions and the CET regardless of which one was imposed/ applied, harmed and/or would have harmed the Creditor.

Unfair labor practices were imposed upon the Creditor by the City of Detroit.

The Creditor's issues involve furlough days being imposed in 2013, the imposition of the CET in April 2012, the loss of longevity pay in 2010-2016, as well as the 10% reduction in wages.

The Creditor asserts that the stipulation should go forward in its claim.

The Creditor asserts that its claim is not duplicative because all of the Creditor's individual grievances are not addressed.

The Creditor as well as its union should be able to fight against the grievances imposed upon it along with the Coalition of Unions to ensure all of its harms have been addressed.

The Creditor has the legal right to assert its rights to the additional years and losses that were not settled in the individual claim.

The Creditor has the right to amend its claim to include updated data and calculations.

The Creditor is asking the Court to review new evidence that was not included in the Creditor's previous bankruptcy claim.

The Creditor states that this additional information should be included to prevent the Debtor from claiming false pretenses, and not disclosing the new evidence that the Debtor had available, and to prevent the Debtor from not acting in good faith.

The Creditor asserts that it should be allowed include the new claim as part of its action.

The Creditor has discovered that the Creditor's Claim may and should include the fiscal years of 2013-14 and 2014-15.

The fiscal years of 2013-14 and 2014-15 should be included as part of the Creditor's claim since the Creditor has continued to be employed by the Debtor during this time of the bankruptcy court action.

The Creditor should have the opportunity to amend its claim calculation to include these years.

The Creditor has attached its amended claim calculation for the Court's review.

The Creditor would like to assert this need to correct and clear the error, and to prevent injustice on part of the Debtor.

The Creditor has been an employee of the Planning and Development Department (P&DD) / Housing and Revitalization Department (HRD) since 1998.

The Creditor has worked on various assignments at the City of Detroit which include:
*HUD Section 108 Loans – March 2008 to present (Classified as Federal Grant Funded);
*HUD Neighborhood Stabilization Program 1 – January 2011 to November 2015
    (Classified as Federal Grant Funded);
*HUD Neighborhood Stabilization Program 3 – January 2011 to November 2015
    (Classified as Federal Grant Funded);
*Community Development Block Grant Contracts (Public Facility Rehabilitation) –
    December 2013 to December 2014,   (Classified as Federal Grant Funded),
*Development Land Sales, Title Clearance, and
*Tax Abatements – January 2014 to present.

The Creditor has previously submitted her P&DD Personnel Activity Reports (PAR) for 2007 to 2015 to show the classification of her work assignments as Federal Grant Funded.

The City states that although our positions were Federal Grant funded this does not include the fringe benefits.

The Creditor has submitted documentation from the P&DD/ HRD Departments that shows that salaries/ wages, and fringe benefits were in fact paid with Federal Grant funds.

Since the Creditor's salary/wages were funded by Federal Grant funds, it had no impact on the City's bankruptcy.

The Debtor (City) bases its objection on the implementation of the Debtor's CETs. The Federal Grant Funding has no relation to the bankruptcy.

Based on these arguments, the Creditor should have opportunity to have its claim heard.

For these reasons the Creditor requests that this Honorable Court allow this information to be placed in the Court records.

For these reasons, the City of Detroit should not be allowed to disallow and / or expunge the Creditor's claim, or zero out its claim.

Wherefore, for these proofs, the Creditor honorably requests that the Court consider this information in its case (Related document(s) [11230, 11231, 11255, 11283, 11287 and 11288])

Sincerely,

*Dinah L. Bolton* (signature)

Dinah L. Bolton

cc:   Marc N. Swanson, Miller, Canfield, Paddock and Stone, PLC

## Attachment

## Calculation for 2013-14 and 2014-15 fiscal years

**Dinah Lynn Bolton**

City of Detroit

Planning & Development Department / Housing and Revitalization Department

| | |
|---|---:|
| Forced 10% reduction in pay for 2 additional years ($54,000.00 annually) - | $10,800.00 |
| Denied 4% pay increase with other City employees - | $   432.00 |
| Elimination of Longevity for 2 additional years @ $300/year - | $   600.00 |
| Election Day (16 hours) - @ $13.50/hour - | $   216.00 |
| Swing Holiday hours taken 24 hours @ $27/hour - | $   648.00 |
| Hour lunch eliminated 196 hours @ $27/hour - | $ 5,292.00 |
| Health Care Expenses (increased premiums and co-pays) - | $ 2,000.00 |
| **Total Claim for additional fiscal years 2013-14 and 2014-15 :** | **$ 19,988.00** |

| | |
|---|---|
| **Initial Claim Amount:** | $49,793.19 |
| **2 years since claim filed:** | <u>$19,998.00</u> |
| **Total Amended Claim amount:** | $69,791.19 |

| Dinah Lynn Bolton |
| Principal Development Specialist |
| City of Detroit |
| Planning & Development Department |
| Real Estate Development Division |

Non-negotiated Reduction in Wages and Election Holidays taken away. Also Elimination of Longevity Payout and Swing Holidays Vacation Days added.

| | |
|---|---|
| Forced 10% reduction in pay for 5 years ($54,000.00 annually) | $ 27,000.00 |
| Denied 4% pay increase with other City employees | $ 2,160.00 |
| Elimination of longevity 2 yrs @ $300.00/yr | $ 600.00 |
| Swing Holiday hrs taken 64 hrs @ 27/hr | $ 1,661.44 |
| Election Day worked 8.5 hrs worked @ $13.50/hr | $ 114.75 |
| Hour lunch eliminated 490hr @ 27/hr | $ 13,230.00 |
| Health Care Expenses | $ 5,000.00 |
| Jury Duty loss of pay 8 hours @ $27/ hr | $ 27.00 |
| TOTAL CLAIM: | $ 49,793.19 |

I am an APTE Union member. The Union is also a part of the Coalition of Unions.

# Attachment

Dinah Lynn Bolton

## 2. Basis for Claim:

10% pay cut, loss of 4% pay increase, loss of merit pay, loss of tuition reimbursement, forced vacation time for Jury Duty days, loss of Election Day pay, loss of health care, increased costs of health care, loss of longevity, loss of sick time, cuts in annuity premiums, loss of pension benefits, loss of swing holidays, and loss of out of class pay.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

IN
RE:

Case No: 13-53846

Chapter: 9

City of Detroit, Debtor

CERTIFICATE OF SERVICE

I hereby certify that on the **November 30, 2016**, (date of mailing), I served copies as follows: (By Mail)

1. Document(s) served: **Proof of Service and the following:**

**Request/Motion for Submission of additional information for Bankruptcy Claim #2373 – Case No. 13-53846 – Claim No. 3522 – APTE (Coalition of Unions) for Dinah Lynn (Tyus) Bolton**

   2. Served upon [name and address of each person served]:

Atty. John Willems
150 W. Jefferson, Ste. 2500
Detroit, MI 48226

Atty. Richard G. Mack, Jr.
600 W. Lafayette, 4th Floor
Detroit, MI 48226

   3. By First Class Mail.

Dated: 11/30/16

(Signature)

Print Name: Dinah L. Bolton