UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF:

CITY OF DETROIT, MICHIGAN,

Chapter 9
Case No. 13-53846
Hon. Thomas J. Tucker

Debtor.
_____/

**SUPPLEMENT TO MOTION FOR COURT APPROVAL CONCERNING GENERAL RETIREMENT SYSTEM BENEFITS FOR CERTAIN CLASSES OF DETROIT PUBLIC LIBRARY RETIREES AND SURVIVING SPOUSES**

In response to this Court's December 2, 2016 Order, the Movants supplement their Motion for Court Approval Concerning General Retirement System Benefits for Certain Classes of Detroit Public Library Retirees ("DPL") and Surviving Spouses (Docket #11659, the "Motion") as follows:

1. The Debtor filed for relief under Chapter 9 of the United States Bankruptcy Code on July 18, 2013.

2. At the time of its bankruptcy filing, the Debtor was the sponsor of the General Retirement System (GRS). Those receiving pension and other benefits through the GRS were substantially impaired by the Debtor's confirmed Chapter 9 plan of adjustment.

3. Even though DPL is a municipal corporation separate from the City of Detroit, DPL's employees and retirees were and still are participants in the Debtor's GRS. As a result of the Debtor's bankruptcy filing, those employees and retirees of the DPL were adversely impacted by the Debtor's plan of adjustment even though they are not employees or retirees of Debtor.

4. During the course of the Debtor's bankruptcy filing, the DPL was engaged with the Debtor, the GRS and various union representatives concerning the rights and interests of their employees and retirees, including their pension benefits under the GRS. (See ¶¶ 5 and 6 of initial motion.)

5. Under the auspices of the Bankruptcy Court, the parties spent substantial time and effort with Chief Judge Rosen, Judge Victoria Roberts and the Court's chief mediator Eugene Driker in mediation sessions to resolve the complex issues created by the Debtor's bankruptcy filing as they related to DPL and its employees and retirees. As part of that mediated resolution, a class settlement was negotiated regarding the GRS and other benefits of DPL employees and retirees, and it was agreed that approval of that settlement would be sought in litigation filed in Wayne County Circuit Court seeking a class-wide ruling affirming that settlement. That class litigation is now pending in Wayne County Circuit Court. (See ¶¶ 4, 7 and 8 of initial motion.)

6. A key provision of the final Settlement Agreement requires a yearly DPL-funded additional pension payment to various DPL retiree class members, in addition to the reduced GRS pension payments due these persons under the confirmed City of Detroit Chapter 9 Plan., Specifically, the settlement agreement -- which has been approved by all parties and has not been objected to by any person or entity -- requires this Court's approval because these additional DPL-funded annual GRS pension payments are to be administered by GRS, which, along with the City of Detroit as the sponsor of GRS, is obligated to comply with the Debtor's Chapter 9 Plan of Adjustment. Further, the GRS Board has identified the following relevant provisions of the Chapter 9 Plan of Adjustment which bear on the Movants' request for Bankruptcy Court approval of GRS administration of the DPL settlement's provisions for additional GRS pension

2

13-53846-tjt    Doc 11705    Filed 12/08/16    Entered 12/08/16 15:23:08    Page 2 of 5

payments to certain DPL class members and, GRS believes, require the approval of this Court as sought by the Movants herein:

- Article II, Section B.3.r.ii.C., provides in part that: "During the period that ends no earlier than June 30, 2023, the pension benefit payable to each Holder of a GRS Pension Claim shall be equal to the GRS Adjusted Pension Amount for such Holder, . . ."

- Article II, SectionB.3.r.ii.H., titled "No Changes in Terms for Ten Years" provides in part: "Except as may be required to maintain the tax-qualified status of the GRS or to comply with the terms of the Plan, the City, the trustees of the GRS and all other persons or entities shall be enjoined from and against the subsequent amendment of the terms, conditions and rules of operation of the GRS, or any successor plan or trust, that govern the calculation of pension benefits (including the GRS Adjusted Pension Amount, accrual of additional benefits, the DIA Proceeds Default Amount, the Prior GRS Pension Plan, the GRS Restoration Payment, the New GRS Active Pension Plan Formula and the terms of the New GRS Active Pension Plan) . . ."

- Section 1.3 of the Combined Plan Document for the GRS provides: "Component I and Component II of the Combined Plan shall be interpreted and construed by the City, the Board of Trustees and the Retirement System to give full effect to the Plan of Adjustment."

- Section 6 of the State Contribution Agreement contemplates a default by GRS "if the System has not materially complied with any of the terms and conditions set forth in (i) the Plan [of Adjustment], (ii) the Governing Documents, or (iii) this Agreement . . . ."

7. The parties and the Debtor and GRS do not believe the Wayne County Circuit Court settlement violates any of these terms or any other terms of the Plan of Adjustment because the additional GRS pension payments that are to be provided under that settlement to certain DPL retiree class members are to be funded in full by DPL.

8. All parties and the Wayne County Circuit Court are therefore in need of an Order of this Court in order to finalize the settlement of the parties, which was reached through the efforts of this Court's mediators, then Chief Judge Rosen, District Court Judge Victoria Roberts and attorney Eugene Driker, in order to protect the GRS Board against any claim that its

administration of the GRS pension plan in accordance with the DPL settlement is contrary to the terms set forth in the Debtor's plan of adjustment.

9. The final fairness hearing in the Wayne County Circuit Court action is scheduled for December 16, 2016. Objections to the settlement are due by December 9, 2016. To date, no objections have been filed in either the Wayne County Circuit Court or this Court.

10. If necessary, the Movants and GRS are prepared to appear before the Bankruptcy Court on an emergency basis in advance of the December 16, 2016 Wayne County Circuit Court fairness hearing, in order to answer any questions this Court may have.

WHEREFORE, the parties once again respectfully request that the Court enter an Order approving the parties' mediated settlement agreement as set forth in the Wayne County Circuit Court settlement agreement.

Dated: December 7, 2016

GOLD, LANGE & MAJOROS, P.C.

By: /s/ Stuart A. Gold
STUART A. GOLD (P27766)
Attorneys for Detroit Public Library
24901 Northwestern Highway
Suite 444
Southfield, Michigan 48075
(248) 350-8220
sgold@glmpc.com

KIENBAUM OPPERWALL HARDY
 & PELTON, P.L.C.

By: /s/ Eric J. Pelton
   Eric J. Pelton (P40635)
   William B. Forrest III (P60311)
Attorneys for Detroit Public Library
280 N. Old Woodward Ave., Ste. 400
Birmingham, MI 48009
(248) 645-0000
epelton@kohp.com
wforrest@kohp.com

VANOVERBEKE, MICHAUD &
TIMMONY, PC

By: /s/ Aaron L. Castle
   Michael J. Van Overbeke (P42641)
   Aaron L. Castle (P70960)
Attorneys for City of Detroit General Retirement System
79 Alfred St.
Detroit, MI 48201-3120
(313) 578-1200
mvanoverbeke@vmtlaw.com
acastle@vmtlaw.com

4

13-53846-tjt    Doc 11705    Filed 12/08/16    Entered 12/08/16 15:23:08    Page 4 of 5

| | |
|---|---|
| MILLER COHEN PC | NICHOLSON FELDMAN LLP |
| By: /s/ Richard G. Mack, Jr.<br>    Richard G. Mack, Jr. (P58657)<br>Attorneys for AFSCME<br>600 W. Layafette Blvd., Fourth Floor<br>Detroit, MI  48226<br>(313) 964-4454<br>richardmack@millercohen.com | By: /s/ Michael B. Nicholson<br>    Michael B. Nicholson (P33421)<br>Attorneys for UAW<br>232 Nickel Arcade<br>Ann Arbor, MI  48104<br>(734) 719-0850<br>mnicholson@nichfeld.com |
| SACHS WALDMAN PC | LAW OFFICE OF<br>FRANK W. JACKSON III PLLC |
| By: /s/ Mami Kato<br>    Andrew Nickelhoff (P37990)<br>    Marshall J. Widick (P53942)<br>    Mami Kato (P74237)<br>Attorneys for IUOE<br>2211 E. Jefferson Avenue, Ste. 200<br>Detroit, Michigan 48207-4160<br>(313) 496-9420<br>mwidick@sacshwaldman.com<br>anickelhoff@sachswaldman.com<br>mkato@sachswaldman.com | By: /s/ Frank W. Jackson, III<br>    Frank W. Jackson III (P23164)<br>Attorney for Non-Union Class<br>19401 W. McNichols, Ste. E<br>Detroit, MI  48219<br>(313) 766-7019<br>fjackson@westley3lawoffice.com |

Supplement to motion for court approval FINAL VERSION