UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NAJIB HODGE'S SUPPLEMENTAL BRIEF IN OBJECTION TO
CITY OF DETROIT'S MOTION TO ENFORCE ORDER,
PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY
CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING
BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING
FORM AND MANNER OF NOTICE THEREOF AGAINST
NAJIB HODGE**

Najib Hodge ("Mr. Hodge") by his undersigned counsel, THE LAW OFFICES OF JOUMANA B. KAYROUZ, files this Supplemental Brief in Objection to the City of Detroit's Motion to Enforce Order, Pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof against Najib Hodge. In support of this Objection and Response, Hodge respectfully responds as follows:

**I.    Factual Background**

Mr. Hodge filed his complaint against City of Detroit on December 12, 2012. On July 18, 2013 the City filed this Chapter 9 case. On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof ("Bar Date Order").

Mr. Hodge admits that he failed to file a Notice of Claim by the deadline of February 21, 2014. However, Mr. Hodge maintains that there is a direct conflict between

1

the Bar Date Order and Paragraph 58 of the Eighth-Amended Plan for Adjustment of Debts of the City of Detroit. ("the Plan").

The Bar Date Order states that any entity that fails to file a proof of claim, when it is required to do so, "shall be forever barred estopped and enjoined from: (a) asserting any claim against the City or Property of the City."

However, Paragraph 58 of the Plan states as follows:

> "58. <u>Claims Related to Operation of City Motor Vehicles.</u> From and after the Effective Date, the City shall continue to administer (either directly or through a third party administrator) and pay valid prepetition Claims for liabilities with respect to which the City is required to maintain insurance coverage pursuant to M.C.L. § 500.3101 in connection with the operation of the City's motor vehicles consistent with the terms of Section IV.S of the Plan. ***Nothing in the Plan or this Order shall discharge, release or relieve the City from any current or future liability with respect to Claims subject to insurance coverage pursuant to M.C.L. § 500.3101*** or Claims within the minimum coverage limits in M.C.L. § 500.3009(1);"(emphasis added).

The Plan specifically lists claims arising from the operation of City Motor Vehicles, such as a City of Detroit Bus, as City liabilities which will not be discharged by the Plan. According to its plain language there is "Nothing" in the Plan or the Order that will discharge the city from such claims. Based on a reading of Paragraph 58, there is nothing that will discharge the city's liability to a claim arising out of the operation of City Motor Vehicle.

## II.  LAW AND ARGUMENT

Based upon a reading of the Bar Date Order and Paragraph 58 of the Plan, there is a direct conflict as to how Mr. Hodge's claim should be handled. Additionally, there is no further mention in the Bar Date Order or in the Plan clarifying how to treat claims arising

out of City Motor Vehicles. This conflict between the Bar Date Order and the Plan, along with the lack of any clarifying language, exhibits clear ambiguity as to how the Plan is to treat claims such as Mr. Hodge's.

Under the Doctrine of Contra Proferentem any ambiguity in a written agreement is to be resolved against the drafter. *Raska v Farm Bureau Mut Ins Co*, 412 Mich 355, 370, 314 NW2d 440 (1982). Due to the fact that the Bar Date Order and Paragraph 58 of the Plan are in direct conflict of one another, the ambiguity should be read against the City, who was a party to the drafting of both documents.

### III. CONCLUSION

WHEREFORE, Mr. Hodge respectfully requests this Court Deny the City's Motion and allow Mr. Hodge to reinstate his State Court Action against the City of Detroit.

                Respectfully Submitted,
                LAW OFFICES OF JOUMANA B. KAYROUZ

                /s/ Clifford Neubauer Jr.
                Douglas A. Dempsey, P41532
                Clifford Neubauer Jr. P70910
                Attorney for Plaintiff Najib Hodge
                1000 Town Center, Suite 800
                Southfield, MI 48075
                248-557-3645 / 248-200-0645 Fax

Dated: December 15, 2016

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 15, 2016, he served a copy of the foregoing **NAJIB HODGE'S** *SUPPLEMENTAL BRIEF IN OBJECTION TO CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST NAJIB HODGE* upon counsel for the City of Detroit in the manner described below:

Via first class mail and email:

Marc N. Swanson, P71149
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson, Suite 2500
Detroit, MI 48226
Email: swansonm@millercanfield.com

    Respectfully Submitted,
    LAW OFFICES OF JOUMANA B. KAYROUZ

    /s/    Clifford Neubauer Jr.
    Clifford Neubauer Jr. P70910
    Attorney for Plaintiff Najib Hodge
    1000 Town Center, Suite 800
    Southfield, MI 48075
Dated: December 15, 2016    248-557-3645 / 248-200-0645 Fax

4

13-53846-tjt   Doc 11718   Filed 12/15/16   Entered 12/15/16 11:31:42   Page 4 of 4