UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**CITY OF DETROIT'S OBJECTION TO MOTION FOR ENTRY OF ORDER GRANTING COLLINS' VERIFIED MOTION FOR LEAVE TO FILE DELAYED PROOF OF CLAIM [DOC. NO. 11736] AND CORRECTED MOTION FOR ENTRY OF ORDER GRANTING COLLINS' VERIFIED MOTION FOR LEAVE TO FILE DELAYED PROOF OF CLAIM [DOC NO. 11743].**

The City of Detroit ("City"), by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this objection to the Motion for Entry of Order Granting Collins' Verified Motion for Leave to File Delayed Proof of Claim [Doc. No. 11736] and the [Corrected] Motion for Entry of Order Granting Collins' Verified Motion for Leave to File Delayed Proof of Claim [Doc. No. 11743]. In support of this objection, the City states as follows:

I.   **Introduction**

1.   The Motions should be denied. Collins may not amend a proof of claim that he did not file under any circumstances. The party that filed the proof of claim – the Detroit Police Officers Association ("DPOA") – considers the claim "closed" and is no longer pursuing it because it was resolved during a binding arbitration. However, even if Collins had filed the proof of claim that he now

seeks to amend, he has not offered any compelling reason for the amendment over two years after the City's chapter 9 plan was confirmed. Further, even if Collins could amend the proof of claim (which he cannot), he seemingly seeks to add new claims to the proof of claim which go far beyond the discipline claim originally asserted by the DPOA. Consequently, because Collins is asserting new claims as opposed to amending a claim (he did not file), the Court should consider the request under the "excusable neglect" standard for permitting the filing of a late claim pursuant to Fed. R. Civ. P. 9006(b)(1). Collins has not addressed, much less satisfied, the excusable neglect standard. For this same reason, Collins alternative request that the Court permit him to file a "delayed" proof of claim also fails. As a result, the City respectfully requests that the Court enter an order denying the Motions.

## II. Background

### A. The Bar Date Order

1. On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

2. On October 10, 2013, the City filed its Motion Pursuant to Section 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof ("Bar Date Motion"). [Doc. No. 1146].

3. On November 21, 2013, this Court entered an order approving the Bar Date Motion [Doc. No. 1782]. ("Bar Date Order"). The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City.

4. On February 20, 2014, the Detroit Police Officers' Association filed claim number 1877 ("Proof of Claim").[1] The basis for the Proof of Claim is "Claims arising from discipline matters relative to DPOA members." Collins is identified on pages 6 and 15 of the Proof of Claim. With respect to Collins, the Proof of Claim identifies "November 2007 to November 2009" as the "date of incident." *Id.* The "date of charge sheet" is "Revised May 7, 2013" and the "charges" are "Conduct unbecoming an officer, willful disobedience of rules or orders, using authority or position for financial gain or obtaining privileges or favors, willfully making a false oral, written statement or report." *Id.* The "status" is listed as "pending arbitration." *Id.*

5. The "pending arbitration" referenced in the Proof of Claim had actually been resolved in favor of the City approximately two weeks prior to the

---

[1] The Proof of Claim was attached as exhibit 6F to the City of Detroit's Corrected Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring the Dismissal with Prejudice of the Federal Court Action Filed by Jerome Collins to the Extent it Seeks Relief Against the City of Detroit or Property of the City of Detroit [Doc. No. 10182] ("Corrected Enforcement Motion").

- 3 -

filing of the Proof of Claim. *See* Corrected Enforcement Motion ¶ 6. Collins unsuccessfully attempted to vacate the arbitrator's decision in Wayne County Circuit Court. Reply (defined below in paragraph 11), Ex. 4.

**B.    The City Confirms its Plan**

6.    On November 12, 2014, the Bankruptcy Court entered the Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit [Doc. No. 8272] ("Confirmation Order").  The Eighth Amended Plan was attached as Appendix 1 to the Confirmation Order ("Plan") and became effective on December 10, 2014.

7.    On December 10, 2014, the City filed the Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date.  [Doc. No. 8649].

**C.    Collins' Federal Court Lawsuit**

8.    On May 15, 2015, Collins filed a complaint ("Complaint") against the City, the Detroit Police Department, Ralph Godbee, former Police Chief, Mattie Lewis, former Police Office, and John Does in the United States District Court for the Eastern District of Michigan, case number 15-11756 ("Federal Court Action"). The Complaint contains seven counts:

- Count I – Violation of Due Process Rights and Equal Protection Under the Fourteenth Amendment of the United States Constitution & 42 U.S.C. ¶ 1983

- Count II – Due Process and Equal Protection Violations Under Article I, Sections 2 and 17 of the 1963 Michigan Constitution as to Defendants Godbee, Lewis, and John Doe Defendants

- Count III – Sex Discrimination Under 42 U.S.C. § 1983 as to All Defendants

- Count IV – Gross Negligence as to All Defendants

- Count V – Tortious Interference with the Collective Bargaining Agreement as to All Individual Defendants

- Count VI – Violations of the Elliott-Larsen Civil Rights Laws – Sexual Discrimination

- Count VII -- Intentional Infliction of Mental and Emotion Distress as to All Defendants

9. On May 22, 2015, the City sent a letter to Collins' counsel requesting that Collins agree to dismiss the Federal Court Action. *See* Corrected Enforcement Motion, Exhibit 6D. In this letter, the City explained that Collins failed to file a proof of claim and that the deadline to do so was February 21, 2014. May 22 letter at 2.

10. On June 9, 2015, Collins responded to the May 22 letter and refused to dismiss the Federal Court Action. *See* Corrected Enforcement Motion, Exhibit 6E.

**D.    The City's Motion to Enforce**

11. On September 11, 2015, the City filed the Corrected Enforcement Motion. After the City filed the Corrected Enforcement Motion, Collins filed for

personal bankruptcy. Once Collins' personal bankruptcy was resolved, Collins responded to the Corrected Enforcement Motion and the City filed a reply in support of the Corrected Enforcement Motion ("Reply"). [Doc. Nos. 11410 & 11474].

12. As set forth on Exhibit 2 to the Reply, the DPOA is no longer pursuing the portion of the Proof of Claim relating to Collins:

> …The City's discharge decision was appealed to arbitration wherein the discharge was upheld in a final and binding decision rendered by an impartial arbitrator under the provisions of the collective bargaining agreement and city employment terms. As a result of the arbitrator's decision the claim filed by the Association on behalf of Officer Jerome Collins is deemed closed.

Reply, Exhibit 2.

13. The Court held a hearing on the Corrected Motion on September 28, 2016. The following day the Court entered an order providing in pertinent part:

> No later than October 5, 2016, Jerome Collins must dismiss, or cause to be dismissed, Case No 15-11756 filed with the United States District Court for the Eastern District of Michigan, Southern Division, and captioned *Jerome Collins vs. City of Detroit, Detroit Police Department, Ralph Godbee, former Police Chief, Mattie Lewis, former Police Officer, and John Does, whose identities are presently unknown* to the extent it seeks any relief against the City of Detroit or property of the City of Detroit, including to the extent it seeks any relief against any current or former employee of the City of Detroit in his/her official capacity.

Order Granting, in Part, the Corrected Motion ¶ 2 [Doc. No. 11597].

14. Collins has not complied with the Order because he has yet to dismiss any claims or parties from the lawsuit.[2]

**E.     The Motions to File a Delayed Proof of Claim**

15. On December 9, 2016, Collins filed his first Verified Motion for Leave to File a Delayed Proof of Claim. [Doc. No. 11710]. This motion was stricken per order of the Court dated December 12, 2016.

16. On December 17, 2016, Collins filed his second Verified Motion for Leave to File Delayed Proof of Claim [Doc. No. 11722]. This motion was stricken per order of the Court dated December 28, 2016.

17. On December 21, 2016, Collins filed his third Verified Motion for Leave to File Delayed Proof of Claim. [Doc. No. 11730]. This motion was stricken per order of the Court dated December 21, 2016.

18. On December 23, 2016, Collins filed his fourth Verified Motion for Leave to File Delayed Proof of Claim [Doc. No. 11736] ("<u>Verified Motion #4</u>"). On December 28, 2016, the Court issued a notice of deficient pleading with respect to Verified Motion #4, setting a deadline of January 4, 2017, to cure certain deficiencies. [Doc. No. 11741]. Those deficiencies were not cured.

---

[2] The City reserves any right it may have to seek contempt and other sanctions against Mr. Collins for failing to comply with this Court's final order entered more than three months ago with a mandated compliance date of October 5, 2016.

19. On December 30, 2016, Collins filed his [Corrected] Motion for Entry of Order Granting Collins' Verified Motion for Leave to File Delayed Proof of Claim [Doc. No. 11743] ("<u>Verified Motion #5</u>" and, together with Verified Motion #4, the "<u>Motion</u>"). Verified Motion #4 and Verified Motion #5 appear to be identical except that no proposed order was attached to Verified Motion #5.

20. The Motion requests that the Court grant Collins "leave to file a delayed or amended POC." Motion ¶ 2. The Motion does not identify with any specificity the claims that Collins seeks to add nor does it attach a proposed amended proof of claim as an exhibit.[3]

## III. Argument

21. Federal Rule of Bankruptcy Procedure 7015 expressly adopts Federal Rule of Civil Procedure 15, which sets out the standards for allowing amendments to pleadings in adversary proceedings. Courts have applied that standard to requests to amend proofs of claim. "Those standards apply to amendments to a proof of claim." *In re G–I Holdings, Inc.,* 514 B.R. 720, 754 (Bankr. D.N.J. 2014), *subsequently aff'd sub nom. In re G–I Holdings Inc*, 654 F. App'x 571 (3d Cir. 2016) (*quoting In re Brown*, 159 B.R. 710, 714 (Bankr. D. N.J. 1993)).[4]

---

[3] In paragraph 8, the Motion suggests that Collins may want to amend the Proof of Claim by adding some or all of the counts set forth in the Complaint.

[4] Although an objection to a proof of claim under Bankruptcy Rule 3007 commences a contested matter, the court has the authority to apply Bankruptcy
*Continued on next page.*

22. Federal Rule of Civil Procedure 15 provides that a "party may amend **its** pleading" under certain circumstances. Fed. R. Civ. P. 15(a)(1) & (a)(2) (emphasis added). The rule does not identify any circumstances under which a party may amend a third party's pleading.

23. Further, as the court explained in *G-I Holdings*:

> Two rationales for allowing amendments to proofs of claim are that (1) bankruptcy courts are courts of equity, and (2) amendment of a claim [is] likened to an amendment of a pleading." *In re Orion Ref. Corp.,* 317 B.R. 660, 664 (Bankr.D.Del.2004). In determining whether to allow an amendment to a proof of claim, courts look to the language in Fed.R.Civ.P. 15(c) to determine whether "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...." Fed.R.Civ.P. 15(c). "Generally, amendments are allowed when the original claim provides notice of the existence, nature, and amount of the claim. Amendments are generally used to cure obvious defects, describe the claim with greater specificity or plead a new theory of recovery on facts of the original proof of claim." *Orion,* 317 at 664 (internal citations omitted). Stated another way, the amendment must relate back to the initial filing pursuant to Fed.R.Civ.P. 15(c) if filed after the bar date; "otherwise, it will be deemed a 'new' claim and will not be permitted." *In re MK Lombard Group I, Ltd.,* 301 B.R. 812, 816 (Bankr.E.D.Pa.2003).
>
> "Where the proposed amendment is more than just a correction of an error or involves something beyond the original claim, courts will generally apply an equitable test to determine whether to allow the amendment anyway." *Brown,* 159 B.R. at 715. The equitable test focuses on the issues of prejudice, delay, and bad faith. *Id.* at 716. "In reviewing these equitable concerns, this court places greatest weight

---

*Continued from previous page.*
Rule 7015 to a request for permission to amend pursuant to Bankruptcy Rule 9014(c).

on whether any prejudice would result to other parties from allowing the amendments." *Id.*

*G–I Holdings*, 514 B.R. at 755 (Bankr. D. N.J. 2014).

24. After confirmation of a bankruptcy plan, however, a court will only permit an amendment to a proof of claim for "compelling reasons." *Id. (citing Holstein v. Brill*, 987 F.2d 1268 (7th Cir. 1993)).

25. As the *Holstein* court stated "We asked the parties whether any other court ever had allowed a claim to be increased, for *any* reasons, after confirmation of a plan of reorganization. Neither side could find such a decision under the 1978 Code or for that matter under the 1898 Act during its final 50 years. Our search was equally fruitless." *Id.* at 1271. The *Holstein* court explained that

> Post-confirmation amendments make an end run around these provisions and may throw monkey wrenches into the proceedings, making the plan infeasible or altering the distributions to remaining creditors.... And whether or not late-breaking claims affect third parties' entitlements, they assuredly disrupt the orderly process of adjudication. To every thing there is a season, and the season for stating the amount of a debt is before the confirmation of a plan of reorganization.

*Id.* at 1270–71.

26. Similarly, the Eleventh Circuit in *In re Winn–Dixie Stores, Inc.* also considered the issue of post-confirmation amendment of claims and found that "post-confirmation amendment—while not prohibited—is not favored, and only the most compelling circumstances justify it. In the absence of such compelling reasons, a confirmed reorganization plan should be accorded *res judicata* effect on

a creditor's subsequent attempt to amend his claim." 639 F.3d 1053, 1056–57 (11th Cir. 2011); *see also In re Nextmedia Group Inc.,* 2011 WL 4711997, at *3 (D. Del. Oct. 6, 2011) (the court found that "[w]hile it is not impossible to amend a claim after a plan of organization has been confirmed and rendered effective, a party must generally show good cause to do so."). The law has not changed since *Holstein* and *Winn-Dixie*.

27. If a court determines that the party is not truly seeking to amend the timely filed claim but rather is asserting a *new* claim or if a party expressly seeks to file a late claim, the court must consider such motions under the standards for filing a late claim pursuant to Bankruptcy Rule 9006(b)(1), which provides in relevant part: "[w]hen an act is required or allowed to be done at or within a specified period ... the court for cause shown may at any time ... permit the act to be done where the failure to act was the result of excusable neglect." Fed. R. Bankr.P. 9006(b)(1).

28. Accordingly, Rule 9006(b)(1) allows a court to permit late filings in a Chapter 9 case where the failure to file was the result of excusable neglect.

29. The *G-I Holdings* court explained that:

The United States Supreme Court discussed what constitutes "excusable neglect" under Rule 9006(b)(1) in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership,* 507 U.S. 380 (1993). In *Pioneer,* the Court first considered the meaning of the term "neglect" and determined that the term's natural meaning, which "encompasses both simple, faultless omissions to act and ...

omissions caused by carelessness" should be applied. *Id.* at 388, 113 S.Ct. 1489. Next, in considering "excusable neglect," the Supreme Court in *Pioneer* concluded that such a determination is "an equitable one" and endorsed a balancing of the following factors: "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395, 113 S.Ct. 1489. "These factors focus on three issues: the conduct of the claimant; prejudice to the other parties; and the interests of efficient judicial administration." *Brown,* 159 B.R. at 718. The claimant has the burden of proving the existence of excusable neglect. *Jones v. Chemetron Corp.,* 212 F.3d 199, 205 (3d Cir.2000).

*G–I Holdings*, 514 B.R. at 756 (Bankr. D. N.J. 2014).

### A. Collins May Not Amend the DPOA's Proof of Claim

30. Collins request to amend the Proof of Claim should be denied for several reasons.

31. First, Federal Rule of Civil Procedure 15 provides that a party may amend "its" pleading. There is no mention in the rule of a party being allowed to amend a third party's pleading or amend a pleading which mentions such party by name. Collins has cited no authority for this proposition because none exists.

32. Second, the party that filed the proof of claim – the DPOA – considers the claim "closed" and it is no longer pursuing it because it was resolved during a binding arbitration in favor of the City.

33. Third, even if Collins had actually filed the proof of claim that he seeks to amend, Collins has not offered any "compelling reason" to justify allowing an amendment. The Plan was confirmed over two years ago, is binding

28146939.3\022765-00213
13-53846-tjt    Doc 11752    Filed 01/06/17    Entered 01/06/17 12:07:49    Page 12 of 16

on Collins under the principle of *res judicata*, and Collins was notified in writing over a year and half ago by the City that he failed to file a proof of claim. Yet, Collins did not seek this Court's permission to file a late proof of claim until months after the Corrected Enforcement Motion was resolved in the City's favor and an order compelling certain action of him entered by this Court (a resolution and a Court order which he has elected to ignore). Instead of offering a "compelling reason" for this inexcusable delay, the Motion merely recites many of the unsubstantiated and untrue allegations contained in the Complaint. This falls far short of the high and heightened standard courts enforce when a creditor tries to amend a proof of claim after confirmation of a bankruptcy plan.

34. Finally, Collins seemingly seeks to amend the Proof of Claim by adding all of the counts that are in the Complaint. The Proof of Claim mentions none of these claims. Nor does it provide notice of the existence, nature or amount of these new claims. Consequently, the proposed amendment is "more than just a correction of an error" and does not relate back to the Proof of Claim. As Collins is not amending the Proof of Claim but is instead asserting new claims, he must demonstrate "excusable neglect."

### B. Collins Has Not Demonstrated Excusable Neglect

35. Collins has not addressed, much less satisfied, the excusable neglect standard. The delay here was within the reasonable control of Collins. The City

notified him over a year and a half ago that he failed to file a proof of claim by the General Bar Date (which is approaching its third anniversary). Yet, Collins did nothing and offers no reason to explain his delay.

36. There is also a danger of prejudice to the City. Bar dates are designed to promote finality and efficient administration of the bankruptcy process. *In re Nat'l Steel Corp.*, 316 B.R. 510, 514 (Bankr. N.D. Ill. 2004). "Case administration in large bankruptcy cases such as this one is more often than not a long and complex road to travel. For this reason, fixing a bar date is not merely a routine step, but rather it promotes efficiency in the reorganization process by promptly identifying claims that the plan must consider for the Debtor and other plan proponents." *Id.* (citations and internal quotation marks omitted). Here, allowing Collins to file a new proof of claim almost three years after the General Bar Date would undermine these important goals and likely encourage others to file similar motions prejudicing the City.

## IV. Conclusion

For these reasons, the City respectfully requests that the Court deny the Motion.

Dated: January 6, 2017

        Respectfully submitted,

        MILLER CANFIELD PADDOCK
        & STONE, PLC

        By: /s/ Marc N. Swanson
            Jonathan S. Green (P33140)
            Marc N. Swanson (P71149)
            150 West Jefferson, Suite 2500
            Detroit, Michigan 48226
            Telephone: (313) 963-6420
            Facsimile: (313) 496-8451
            green@millercanfield.com
            swansonm@millercanfield.com

        ATTORNEYS FOR THE CITY OF DETROIT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 6, 2017 the foregoing *City of Detroit's Objection to the Motion for Entry of Order Granting Collins' Verified Motion for Leave to File Delayed Proof of Claim [Doc. No. 11736] and the [Corrected] Motion for Entry of Order Granting Collins' Verified Motion for Leave to File Delayed Proof of Claim [Doc. No. 11743]* was filed and served via the Court's electronic case filing and notice system and served upon counsel as listed below, via first class mail and electronic mail:

Benjamin Whitfield, Jr
Benjamin Whitfield, Jr. & Associates, PC
613 Abbott St.
Detroit, MI 48226
benwlaw4822@aol.com

DATED: January 6, 2017

> By: /s/ Marc N. Swanson
> Marc N. Swanson
> 150 West Jefferson, Suite 2500
> Detroit, Michigan 48226
> Telephone: (313) 496-7591
> Facsimile: (313) 496-8451
> swansonm@millercanfield.com