# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 9 |
| | ) | |
| CITY OF DETROIT, MICHIGAN, | ) | Case No. 13-53846 |
| | ) | |
| Debtor. | ) | Judge Thomas J. Tucker |
| | ) | |
| _____ | ) | |

**STIPULATION FOR THE ENTRY OF AN ORDER ALLOWING CLAIMS OF AFSCME COUNCIL 25 AND ITS AFFILIATED DETROIT LOCALS (CLAIM NUMBER 2958) AND THE COALITION OF DETROIT UNIONS (CLAIM NUMBER 2851) AS CLASS 14 OTHER UNSECURED CLAIMS <u>IN REDUCED AMOUNTS</u>**

The City of Detroit, Michigan ("<u>City</u>"), AFSCME Council 25 and Its Affiliated Detroit Locals, on behalf of themselves and their affiliated locals, officers, agents, employees and members ("<u>AFSCME</u>") and the Coalition of Detroit Unions, on behalf of itself and its members and their officers, agents, employees and members ("<u>Coalition</u>") stipulate and agree as follows:

1. On February 21, 2014, AFSCME filed proof of claim 2958 ("<u>AFSCME Claim</u>") which was comprised of 20 separate sub-claims.[1]

---

[1] The 20 separate sub-claims were identified in pleadings filed with this Court, including the Joint Statement of the City of Detroit, AFSCME Council 25 and the Coalition of Detroit Unions Regarding Open Issues in Connection with Objections to Proofs of Claim Number 2958 and 2851. [Doc. No. 9001].

2. The following claims identified in subparagraphs (a) – (h) of this paragraph 2, have been previously withdrawn or otherwise resolved (collectively, the "Resolved Claims"):

 (a) Sub-claim number 1 (underfunded pension and post-employment benefit obligations) has been withdrawn by AFSCME. *See Order Dismissing Claims From Mediation* [Doc. No. 7877].

 (b) Sub-claim number 2 (violations of local, state or federal law) has been withdrawn by AFSCME. *See Order Dismissing Claim from Mediation* (undocketed), attached as Exhibit 1 to Doc. No. 8003. This withdrawal is without prejudice to any claims that AFSCME may have which arose after the filing of the City's bankruptcy case on July 18, 2013 and any and all defenses the City may have to such claims.

 (c) Sub-claim numbers 7 (13th Check Unfair Labor Practice Charge (MERC Case No. C12 E-092) and 17 (City of Detroit Retiree Health Care (Grievance No. 25-01-12 / COA: 12-0077708-CL) have been resolved by an order of the Court. *See Order Regarding City's Objection to Proof of Claim #2958*

[Doc. No. 8015]. The District Court affirmed this Court's order. [Doc. No. 10206].

(d) Sub-claim number 10 (DFFA Work Assignment Issues (MERC Case No. C11 K-201) has been withdrawn by AFSCME.

(e) Sub-claim number 12 has been withdrawn by AFSCME. *See Order Dismissing Claims From Mediation* [Doc. No. 7877].

(f) Sub-claim number 14 (Breach of Contract Claims) has been withdrawn by AFSCME. Sub-claim number 14 is not disposed of by order of this Court or by this stipulation but instead was resolved by the Settlement Agreement ("Grievance Settlement Agreement") between AFSCME and the City which settled and resolved all grievances identified on Exhibit 2 to the AFSCME Claim other than those grievances identified on Exhibit 2 that were filed on behalf of employees working in either the Detroit Water and Sewerage Department or the Detroit Department of Transportation ("Water and Transportation Grievances"). The Grievance Settlement Agreement is attached as Exhibit 1. The parties have not yet fully resolved the Water and Transportation Grievances.

(g) Sub-claim number 15 (Exhibit 2 to the AFSCME Claim Listing Specific Grievances) is not disposed of by order of this Court or by this stipulation but instead was resolved by the Grievance Settlement Agreement.

(h) Sub-claim number 18 (Payroll disputes) has been withdrawn by AFSCME.

3. The remaining sub-claims of the AFSCME Claim are identified in subparagraphs (a) – (k) of this paragraph 3 (collectively, the "<u>Settled Claims</u>"). The Settled Claims are being settled pursuant to this Stipulation. Indeed, on or about October 16, 2014, the below claims were the subject of a mediation recommendation by AFSCME, the Coalition and the City, before The Hon Victoria A. Roberts of the United States District Court, Eastern District of Michigan. The parties, in large part, adopted the mediation recommendation of Judge Roberts in fashioning the settlement of the below claims:

(a) Sub-claim number 3 (Refusal to Bargain Concerning AFSCME Local 1023 (MERC Case Number D13 C-0331)).

(b) Sub-claim number 4 (Refusal to Bargain Concerning AFSCME Locals 207, 2394 and 2920 (DWSD) (MERC Case Number C13 D-069)).

(c) Sub-claim number 5 (Imposition of Furlough Days in February 2013).

(d) Sub-claim number 6 (Refusal to Bargain Concerning Transportation Locals (Case Number C12 H-157)).

(e) Sub-claim number 8 (Negotiations and Implementation of Tentative Labor Agreement with the Coalition in 2012 (MERC Case No. C12 D-065, C12 F-125, C13 G-129)).

(f) Sub-claim number 9 (Violation of Privatization Ordinance).

(g) Sub-claim number 11 (Longevity Claim for AFSCME Employees (State of Michigan Department of Licensing and Regulatory Affairs, Wage and Hour Division, Claim No. 12-000522 and 12-000523; Wayne County Circuit Court Case No. 13-003430-AA)).

(h) Sub-claim number 13 (Health Department Layoffs (MERC Case No. C05 H-194).

(i) Sub-claim number 16 (Human Services Department (Grievance No. 25-01-12 / COA: 12-0077708-CL)).

(j) Sub-claim number 19 (Detroit Service and Maintenance Outsourcing in Downtown Detroit (Grievance No. C09-078)).

(k) Sub-claim number 20 (Tree Artisan Failure to Secure License: Grievance Number 727 May 08).

4. On February 21, 2014, the Coalition filed proof of claim 2851 ("Coalition Claim"). The Coalition Claim provides that the Detroit Coalition of Unions includes: (a) Michigan AFSCME Council 25 and its affiliated Detroit local unions; (b) Association of Professional and Technical Employees; (c) Detroit Police Detention Officers Association; (d) Senior Accountants, Analysts and Appraisers Association; (e) Teamsters, Local 214; (f) Association of Municipal Inspectors; (g) Michigan Building Trades Council and its affiliated unions; (h) International Union of Operating Engineers, Local 324; (i) UAW PAA Local 2211; (j) Association of City of Detroit Supervisors; (k) Detroit Income Tax Investigators Association; (l) SEIU Local 517M; (m) UAW Local 412; and (n) UAW Local 212. Each of the unions identified in (a) through (n) above is referenced herein as a "Member", and collectively, as the "Members".

5. The City objected to both the AFSCME Claim and the Coalition Claim. [Doc. Nos. 4874 & 4876].

6. On October 22, 2014, the City filed the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit [Doc. No. 8045] ("Plan"). This Court subsequently issued an Order confirming the Plan on November 12, 2014 [Doc. No. 8272] ("Confirmation Order").

7. The City has identified a number of claims filed separately by a Member or Members of the Coalition and/or their individual employee members, as well as AFSCME and/or its individual employee members ("Additional Claims"). The Additional Claims are identified on Exhibit 2 to this Stipulation. To the extent the Court finds that any of the Additional Claims are duplicative of the claims and relief sought by AFSCME or the Coalition in the Settled Claims or the Coalition Claim, AFSCME and the Coalition do not oppose the disallowance and expungement of such claims. The City has filed objections to the individual employee Additional Claims listed on Exhibit 2 in its Twentieth Omnibus Objection, Twenty-Third Omnibus Objection, Twenty-Fifth Omnibus Objection, Twenty-Eight through Thirty-Fourth Omnibus Objections, Thirty-Sixth Omnibus Objection and Thirty-Seventh Omnibus Objection. The Coalition Member claims on Exhibit 2 will either be withdrawn or objected to by the City in compliance with this Court's Orders.

8. AFSCME and the Coalition have provided each individual and union listed on Exhibit 2 with a copy of this Stipulation and Proposed Order.

9. This settlement has been approved by AFSCME, the Coalition and the Detroit City Council.

NOW, THEREFORE, the City, AFSCME and the Coalition stipulate and agree as follows and request that the Court enter the proposed Order attached as Exhibit 3 ("Order") containing the following terms:

A. The AFSCME Claim is allowed as a Class 14 Other Unsecured Claim under the Plan in the reduced aggregate amount of $95,380,410.00.

B. The Coalition Claim is allowed as a Class 14 Other Unsecured Claim under the Plan in the reduced aggregate amount of $14,771,270.00.

C. To the extent the Court finds that any of the Additional Claims are duplicative of the claims and relief sought by AFSCME or the Coalition in the Settled Claims or Coalition Claim, such claims may be disallowed and expunged by order of this Court.

D. AFSCME and the Coalition will dismiss the following causes of action with prejudice promptly upon entry of the Order:

  1. MERC Case No. D13 C-0331 (AFSCME Local 1023 claim, Claim #3 on AFSCME Proof of Claim);

  2. MERC Case Number C13 D-069 (AFSCME Local 207, 2394, & 2920, Claim #4 on AFSCME Proof of Claim);

  3. MERC Case Number C13 B-025 (AFSCME Council 25 furlough day claim, Claim #5 on AFSCME Proof of Claim);

  4. MERC Case Number C12 H-157 (AFSCME Local 214 & 312, Claim #6 on AFSCME Proof of Claim);

  5. MERC Case No. C12 D-065, C12 F-125, C13 G-129 (AFSCME & Coalition Claims, Claim #8 on AFSCME Proof of Claim and the entirety of the Coalition Proof of Claim);

- 8 -

13-53846-tjt    Doc 11753    Filed 01/09/17    Entered 01/09/17 10:47:15    Page 8 of 20

6. MERC Case No. C11 K-201 (AFSCME Local 542, Claim #10 on AFSCME Proof of Claim);

7. MERC Case No. C07 L-033 (AFSCME Local 542, Claim #12 on AFSCME Proof of Claim);

8. Wage and Hour Division, Claim No. 12-000522 and 12-000523; Wayne County Circuit Court Case No. 13-003430-AA, Claim #16 on AFSCME Proof of Claim;

9. MERC Case No. C05 H-194 (AFSCME Local 457, Claim #13 on AFSCME Proof of Claim);

10. Grievance No. 25-01-12 / Court of Appeals Case No. 12-0077708-CL (AFSCME Locals 457, 1642, Claim #16 of AFSCME Proof of Claim);

11. MERC Case No. C09-078 (AFSCME Local 542, Claim #19 of AFSCME Proof of Claim); and

12. MERC Cases No C12 G-133 (AFSCME Council 25).

E. This Stipulation is without prejudice to any objections the City has or may have to any proofs of claim filed in this bankruptcy, other than the AFSCME Claim and the Coalition Claim, or to any defenses by claimants to such objections.

F. The City's claims agent is authorized to update the claims register in accordance with the terms of this Stipulation and the Order.

G. The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Stipulation and the Order.

SO STIPULATED:

| | |
|---|---|
| /s/ Richard G. Mack | /s/ Marc N. Swanson |
| Richard G. Mack, Jr. | John H. Willems (P31861) |
| Adam Graham | Jonathan S. Green (P33140) |
| MILLER COHEN PLC | Marc N. Swanson (P71149) |
| 600 West Lafayette Boulevard | MILLER, CANFIELD, PADDOCK |
| 4th Floor | AND STONE, P.L.C. |
| Detroit, MI 48226 | 150 West Jefferson |
| Telephone: (313) 566-4787 | Suite 2500 |
| Facsimile: (313) 964-4490 | Detroit, Michigan 48226 |
| richardmack@millercohen.com | Telephone: (313) 963-6420 |
| | Facsimile: (313) 496-7500 |
| | swansonm@millercanfield.com |
| | |
| ATTORNEYS FOR AFSCME AND THE COALITION | ATTORNEYS FOR THE CITY |

DATED: January 9, 2017

Exhibit 1

# SETTLEMENT AGREEMENT

This SETTLEMENT AGREEMENT ("Agreement") is made and entered into on this 15th day of December, 2014, by and between THE CITY OF DETROIT (the "City") and MICHIGAN COUNCIL 25 OF THE AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO (the "Union"), on behalf of itself and its affiliated Detroit locals, officers, agents, employees and members (collectively, the "Parties").

WHEREAS, pursuant to the August 16, 2013 order issued by the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") in the City's chapter 9 Bankruptcy Case captioned *In re City of Detroit, Michigan*, Case No. 13-53846 (the "Bankruptcy Case"), the Parties have engaged in facilitative mediation with respect to certain of the Union's grievances arising during the period prior to the commencement of the Bankruptcy Case on July 18, 2013 (the "Petition Date") that are pending under either the City Employment Terms ("CETs") between the Union and the City or the Union's prior collective bargaining agreement ("CBA") with the City, excluding grievances filed on behalf of employees working in either the Detroit Water and Sewerage Department or the Detroit Department of Transportation (collectively, the "Grievances");

WHEREAS, the Grievances addressed herein (collectively, the "Settled Grievances") are those outstanding Grievances listed in Attachment A hereto and all other Grievances arising prior to the Petition Date as listed on Exhibit 2 to Proof of Claim Number 2958 and any other versions of Exhibit 2 provided to the City by the Union, excluding the grievances on page 1 of Exhibit 2 filed by "All City of Detroit Locals";

WHEREAS, the Parties have resolved all Settled Grievances pursuant to the terms outlined in this Agreement;

WHEREAS, the City and the Union agree to settle the Settled Grievances; withdraw any related pending arbitration demands; stipulate to the satisfaction of any proofs of claims filed in the Bankruptcy Court that are predicated on a Settled Grievance; file any related paperwork with the Bankruptcy Court regarding the satisfaction of such claims; and settle any other disputes between the Parties arising out of, or relating to, the Settled Grievances; and

WHEREAS, the consideration set forth in this Agreement satisfies in full any claims (or portions thereof) predicated on a Settled Grievance that the Union or an individual grievant filed in the Bankruptcy Case and the Union represents that it is authorized and empowered to act on behalf of itself, its affiliated Detroit locals, and the individual grievants affected hereby.

NOW, THEREFORE, based upon the foregoing recitals, and in consideration for the mutual promises and covenants herein, the Parties agree as follows:

1. <u>Grievances</u>: The Parties have agreed to settle the Settled Grievances. The Parties agree that the Settlement Payments identified in Attachment A, totaling $27,368.09, and the other relief identified therein, fully and finally resolve any and all disputes between the Parties (and any applicable grievants, of affiliated Detroit Locals of AFSCME Council 25) with respect to the Settled Grievances. For the avoidance of doubt, any Settled Grievances not listed on Attachment A shall not be entitled to any payment from the City. The Union agrees to (a) withdraw with prejudice each of the Settled Grievances, to the extent it has not already done so, in writing addressed to

Michael A. Hall, Director, Labor Relations and Human Resources, and (b) file the appropriate paperwork with the Bankruptcy Court indicating satisfaction in full of any pending claims (or portions thereof) that are predicated on a Settled Grievance, as set forth in paragraph 4 below.

2. The City will issue the Settlement Payments, respectively, on the next administratively feasible payroll date after the both parties execute this Agreement.

3. The Parties acknowledge and agree that this Agreement shall fully and finally resolve any and all disputes between the Parties arising out of or relating to the Settled Grievances. By executing this Agreement, the Union, on behalf of itself, its officers, agents, employees and members, agrees to release, hold harmless and forever discharge the City, as well as the City's current and former attorneys, agents, and/or employees, in their individual and business capacities, from any and all claims and/or damages, arising from any act or omission that forms the basis of the Grievances, or any other disputes with respect to the grievants' employment, or termination from employment, with the City.

4. The Union agrees that the Settlement Payments satisfy in full any claims (or portions thereof) that it may have against the City with respect to the Grievances, and that the Union will not pursue claims for any such Settled Grievances in the Bankruptcy Case. Promptly, and in no event later than two business days after payment of the Settlement Payments hereunder, the Union shall file a notice of withdrawal with prejudice (the "Notice") of proof of claim numbers 2958 and 2851 (collectively the "Proofs of Claims") filed in the Bankruptcy Case, or the relevant portion(s) thereof relating to Settled Grievances, to eliminate any assertion of claims relating to a Settled Grievance. If the Proofs of Claim contain claims based on any other asserted liability other than the Settled Grievances, the Proofs of Claim shall be deemed amended to eliminate claims relating to the Settled Grievances without further action of any Party or the Bankruptcy Court..

5. The Parties acknowledge and agree that nothing in this Agreement constitutes an admission of liability by either Party.

6. This Agreement shall have no precedential value with respect to any grievances filed by the Union on or after the Effective Date. This Agreement may not be offered as evidence or referred to in any way in any future proceeding of any kind between the Parties except in an action by either Party seeking enforcement of the Agreement, or as required by law in connection with Bankruptcy Case No. 13-53846.

7. This Agreement will be effective upon execution by all Parties (the "Effective Date").

CITY OF DETROIT

Date: 12-15-14

By: *Michael G. Hall*

Michael A. Hall, Director,
Labor Relations

2

Date: 12-15-14

AFSCME COUNCIL 25
By: _____
Catherine Phillips, Staff Representative

3

13-53846-tjt    Doc 11753    Filed 01/09/17    Entered 01/09/17 10:47:15    Page 13 of 20

**EXHIBIT 2**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ADDITIONAL CLAIMS**

## INDIVIDUAL UNION MEMBER CLAIMS (AFSCME AND COALITION)

| Claimant Name | Claim Number(s) | Union | Omnibus Objection Number |
|---|---|---|---|
| Baldwin, Toni | 3452 | AFSCME 207 | 34 |
| Bell, Shelia | 2893 | AFSCME 214 | 32 |
| Bolton, Dinah Lynn | 3522 | APTE | 28 |
| Branam Sr., Ronald | 3438 | AFSCME 2920 | 37 |
| Brooks, Da'Nean M. | 3383 | UAW 2200 | 28 |
| Brown, Carmelita, | 1654 | SAAA | 28 |
| Brown, Dwayne A. | 2997 | AFSCME 214 | 36 |
| Butler, Otis | 1999 | AFSCME 207 | 32 |
| Canty, Andre, | 2096 | AFSCME 207 | 28 |
| Chlosta, Patrick H. | 2010 | AFSCME 207 | 32 |
| Clarke, Janice | 3467 | SAAA | 36 |
| Clemons, Natalie | 1741, 2060, 2061, 2074, 2102 | SAAA | 32 |
| Clemons, Natalie | 1956, 2079 | SAAA | 36 |
| Collins, Julius | 67 | non-union | 20 |
| Cook, Harriet | 1892, 1893 | AFSCME 2394 | 29 |
| Cooper, Michael | 1891, 1979 | AFSCME 2394 | 32 |
| Dorch, Vetonia | 1985 | AFSCME 207 | 33 |
| Duncan-Martin, Francine | 3144 | APTE | 36 |
| Felder, Kahlil | 2743 | AFSCME 207 | 30 |
| Fields, Joseph | 3482 | AFSCME 207 | 30 |
| Finley, Carol Jean | 2359 | non-union | 23 |
| French, Roderick | 2842 | APTE | 33 |
| Green, Deirdre | 1894, 1896 | TEAMSTERS 214 | 29 |
| Greer, Eddie | 2536 | AFSCME 214 | 29 |
| Hogue, Benjamin | 2598 | AFSCME 229 | 28 |
| Hogue, Stephanie | 3168, 3215, 3216 | AFSCME 2920 | 33 |
| Howard, Daris | 2501 | AFSCME 207 | 29 |
| Huskey, Charles | 3402 | AFSCME 207 | 29 |
| Johnson, John | 1686 | AFSCME 207 | 30 |

| Claimant Name | Claim Number(s) | Union | Omnibus Objection Number |
|---|---|---|---|
| Jordan, Ronnie | 3417 | AFSCME 207 | 33 |
| Jordan, Sharon K. | 1817 | SAAA | 33 |
| Leapheart, Ronald | 2001 | AFSCME 207 | 33 |
| McCaskill, Kathy L. | 1809 | AFSCME 207 | 30 |
| McClain, Kanard | 3379 | AFSCME 207 | 30 |
| McCrary, Sarah | 3122 | non-union | 37 |
| Moore, JaJuan | 2098 | AFSCME 207 | 36 |
| Murphy, Gerald | 3442 | AFSCME 207 | 30 |
| Osley, Damon L. | 3391, 3443 | AFSCME 207 | 29 |
| Pasha, Lucille | 2077, 2084 | AFSCME 2920 | 36 |
| Pennington, LaTonya | 2738, 2741, 2745, 2749 | SAAA | 31 |
| Pennington. Sheila | 3249 | AFSCME 1023 | 25 |
| Phillips, Althea F. | 2325 | AFSCME 2799 | 28 |
| Ratliff, Antonio Domingo | 3131 | AFSCME 207 | 28 |
| Richardson, Teulaina | 3214 | AFSCME 62 | 34 |
| Steele, Craig | 3411 | AFSCME 207 | 29 |
| Thomas, Aldrina | 2319 | SAAA | 36 |
| Thomas, Corey | 1829 | SAAA | 29 |
| Udegbunam, Chukwuma | 3212 | SAAA | 29 |
| Walker, Enos | 2610 | AFSCME 207 | 20 |
| Walker, Lenetta | 2898 | SAAA | 36 |
| Washington, Kevin | 1996 | AFSCME 207 | **31** |
| White, Wanda Beckom | 3397 | AFSCME 207 | **33** |
| Williams, Denise | 1898 | AFSCME 2394 | **29** |

## COALITION OF DETROIT UNIONS CLAIMS

| Claimant, (Claim Number(s)) | Claim Number(s) | Union | Omnibus Objection Number |
|---|---|---|---|
| Association of Detroit Engineers (ADE) | 3206 | | n/a |
| Association of Municipal Engineers | 3125 | | n/a |
| Association of Professional and Technical Employees | 2735 | | n/a |
| Michigan Building And Construction Trades Council, AFL-CIO | 2585 | | n/a |
| Senior Accountants, Analysts and Appraisers Association (SAAA) | 2935 | | n/a |
| Senior Accountants, Analysts and Appraisers Association (SAAA) | 2859 | | n/a |
| Service Employees International Union (SEIU) Local 517M | 2442 | | n/a |

**EXHIBIT 3**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**ORDER APPROVING STIPULATION ALLOWING CLAIMS OF AFSCME COUNCIL 25 AND ITS AFFILIATED DETROIT LOCALS (CLAIM NUMBER 2958) AND THE COALITION OF DETROIT UNIONS (CLAIM NUMBER 2851) AS CLASS 14 OTHER UNSECURED CLAIMS IN REDUCED AMOUNTS**

This matter having come before the Court on the Stipulation Between the City of Detroit, AFSCME Council 25 and Its Affiliated Detroit Locals, and the Coalition of Detroit Unions for Entry of an Order Approving Settlement of Proofs of Claim Nos. 2958, 2851 and Related Claims ("Stipulation"),[2] the Court being fully advised in the premises, and there being good cause to grant the relief requested, and the Court finding that the proposed settlement is fair and equitable and is in the best interest of the City, AFSCME and the Coalition, and other creditors of the City,

**IT IS HEREBY ORDERED THAT:**

A. The Stipulation is approved.

---

[2] Capitalized terms not otherwise defined in this Order shall have the meaning ascribed to them in the Stipulation.

B. The AFSCME Claim is allowed as a Class 14 Other Unsecured Claim under the Plan in the reduced aggregate amount of $95,380,410.00.

C. The Coalition Claim is allowed as a Class 14 Other Unsecured Claim under the Plan in the reduced aggregate amount of $14,771,270.00.

D. To the extent the Court finds that any of the Additional Claims are duplicative of the claims and relief sought by AFSCME or the Coalition in the Settled Claims or in the Coalition Claim, such claims may be disallowed and expunged by order of this Court.

E. AFSCME and the Coalition will dismiss the following causes of action with prejudice promptly upon entry of the Order:

1. MERC Case No. D13 C-0331 (AFSCME Local 1023 claim, Claim #3 on AFSCME Proof of Claim);

2. MERC Case Number C13 D-069 (AFSCME Local 207, 2394, & 2920, Claim #4 on AFSCME Proof of Claim);

3. MERC Case Number C-13 B-025 (AFSCME Council 25 furlough day claim, Claim #5 on AFSCME Proof of Claim);

4. MERC Case Number C12 H-157 (AFSCME Local 214 & 312, Claim #6 on AFSCME Proof of Claim);

5. MERC Case No. C12 D-065, C12 F-125, C13 G-129 (AFSCME & Coalition Claims, Claim #8 on AFSCME Proof of Claim and the entirety of the Coalition Proof of Claim);

6. MERC Case No. C11 K-201 (AFSCME Local 542, Claim #10 on AFSCME Proof of Claim);

7. MERC Case No. C07 L-033 (AFSCME Local 542, Claim #12 on AFSCME Proof of Claim);

8. Wage and Hour Division, Claim No. 12-000522 and 12-000523; Wayne County Circuit Court Case No. 13-003430-AA, Claim #16 on AFSCME Proof of Claim;

9. MERC Case No. C05 H-194 (AFSCME Local 457, Claim #13 on AFSCME Proof of Claim);

10. Grievance No. 25-01-12 / Court of Appeals Case No. 12-0077708-CL (AFSCME Locals 457, 1642, Claim #16 of AFSCME Proof of Claim);

11. MERC Case No. C09-078 (AFSCME Local 542, Claim #19 of AFSCME Proof of Claim); and

12. MERC Cases No. C12 G-133 (AFSCME Council 25).

F. This Order is without prejudice to any objections the City has or may have to any proofs of claim filed in this bankruptcy, other than the AFSCME Claim and the Coalition Claim, or to any defenses by claimants to such objections.

G. The City's claims agent is authorized to update the claims register in accordance with the terms of this Order

H. The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.