UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                          Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                      Chapter 9

       Debtor.                                  Judge Thomas J. Tucker
_____ /

## OPINION AND ORDER SUSTAINING
## CITY OF DETROIT'S OBJECTION TO CLAIM NO. 3232
## OF STEVEN WOLAK, AS PERSONAL REPRESENTATIVE
## OF THE ESTATE OF CHRISTOPHER WOLAK, DECEASED,
## AND CANCELLING JANUARY 25, 2017 HEARING

This case came before the Court for a hearing on November 16, 2016 (the "November 16 hearing"), on the claim objection entitled "City of Detroit's Objection to Claim No. 3232" (Docket # 11620, the "Claim Objection").  For the reasons stated by the Court on the record during the November 16 hearing, the Court entered an order on November 18, 2016, allowing for certain supplemental briefs and exhibits to be filed, and scheduling a further hearing for January 25, 2017 on the Claim Objection.  (Docket # 11678, the "November 18, 2016 Order").

The November 18, 2016 Order permitted the claimant, Steven Wolak, as Personal Representative of the Estate of Christopher Wolak, Deceased ("Wolak"), to file a supplement in support of his response to the Claim Objection, in the form of a supplemental brief and exhibits containing any evidentiary materials (affidavits, documentary evidence), no later than December 16, 2016.

As the November 18, 2016 Order stated, Wolak's supplement was to be limited to "any argument(s) Wolak wishe[d] to make as to why the pre-petition settlement agreement between Wolak and the City should be avoided rather than enforced (*e.g.*, an argument that Wolak was fraudulently induced by the City to enter into the settlement agreement)."  As the November 18, 2016 Order noted, during the November 16 hearing, "the Court made a partial ruling on the merits of the Claim Objection and Wolak's response to the Claim Objection, by ruling that all of Wolak's arguments made in response to the Claim Objection that are premised upon enforcement of the settlement agreement, rather than avoidance of it, are without merit and are overruled. "

Wolak did not file any supplement, as permitted by the November 18, 2016 Order. Instead, Wolak only filed a letter, on December 16, 2016 (Docket # 11721, later stricken by the Court, *see* Order at Docket # 11724), stating that Wolak would not be filing any further briefing or evidence.  The letter asked the Court to rule on the City's Claim Objection "based on the evidence and arguments previously submitted."

The Court now concludes that a further hearing on the Claim Objection is not necessary, and that for the combination of reasons stated below and the reasons stated by the Court on the record during the November 16 hearing, the Claim Objection must be sustained.

First, for the reasons stated by the Court on the record during the November 16 hearing, the Court reiterates the partial ruling that it made orally during the November 16 hearing, namely, that all of Wolak's arguments made in response to the Claim Objection that are premised upon enforcement of the settlement agreement, rather than avoidance of it, are without merit and are overruled. *See* Transcript of November 16 hearing (Docket # 11685) at 91-92.[1]

Second, the Court finds and concludes that Wolak has not presented any facts or evidence sufficient to demonstrate any valid ground for avoidance of the settlement agreement at issue. This is so not only with respect to Wolak's argument that he was fraudulently induced by the City to enter into the settlement agreement, but also with respect to any other possible legal theory under Michigan law for avoiding/rescinding the settlement agreement, such as "duress, fraud, mutual mistake, severe stress, or unconscionable advantage taken by one party over the opposing party." *See* Transcript of November 16 hearing (Docket # 11685) at 85-87 and cases cited therein; *see also* the attachment to the November 18, 2016 Order (excerpts from this Court's April 29, 2015 bench opinion given in the case of *Collins v. Deshikachar*, Adv. No. 14-4318 (Docket # 133)), and cases cited therein.

For these reasons, the City's Claim Objection is well taken and must be sustained. Accordingly,

IT IS ORDERED that:

1. The City's Claim Objection (Docket # 11620) is sustained.

2. Proof of claim number 3232 is allowed as a cash claim for $20,000 and a Class 14 Other Unsecured Claim in the amount of $355,000.

3. The City's claims agent is authorized to update the claims register in accordance with the terms of this Order.

4. The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

5. This Order is without prejudice to any claim that Wolak may have against Audrian Hardy,

---

[1] In its oral ruling during the November 16 hearing, in turn, the Court included as its reasons the same reasons stated by the Court in ruling on an earlier motion filed by Wolak. Those reasons were given orally by the Court during a hearing held on July 15, 2015. They may be found in the transcript of the July 15, 2015 hearing that is on file at Docket # 10070, at pp. 54-60.

2

individually (rather than in his official capacity as an employee of the City of Detroit), based on the settlement agreement or otherwise. Any such claim(s) may and must be determined by an appropriate non-bankruptcy court, rather than by this bankruptcy court in this bankruptcy case.[2]

6. The further hearing on the Claim Objection, scheduled for January 25, 2017, is cancelled (as no longer necessary).


**Signed on January 20, 2017**       **/s/ Thomas J. Tucker**
                                          **Thomas J. Tucker**
                                          **United States Bankruptcy Judge**

---

[2] This paragraph of this Order is prompted by the discussion between the Court and Wolak's counsel during the November 16 hearing. *See* Transcript (Docket # 11685) at 72-79.

3