UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In re:**

**City of Detroit, Michigan**  Bankruptcy Case No: 13-53846
                     **Debtor**  Honorable Thomas J. Tucker
                           Chapter 9

RESPONSE TO CITY OF DETROIT'S OBJECTIONS TO MOTION
FOR ENTRY OF ORDER GRANTING COLLINS' VERIFIED MOTION
FOR LEAVE TO FILE DELAYED PROOF OF CLAIM

## Introduction

The motion addressed to the Court's equitable powers should be granted. The relief Collins seeks is nothing more than to be reinstated to his position as a Police Officer and any ancillary relief reinstatement would bring. In this regard, Collins seeks only to be treated the same as fellow officers, Charles Lynem and Chancellor Searcy, were treated by Chief Craig, when he reinstated both after their acquittal. *See attached Exhibit 1 -* [http://abcnews.go.com/US/wireStory/detroit-officers-acquitted-theft-case-return-work-44730071](http://abcnews.go.com/US/wireStory/detroit-officers-acquitted-theft-case-return-work-44730071)*,* Lynem and Searcy were charged with criminal conduct in the nature of extortion, or plain old fashioned armed robbery, while on duty. Both were recently acquitted at trial. Upon being informed of the verdicts, Chief James Craig, ordered them reinstated forthwith, pending recertification through the Academy.

Granting his motion will put Collins in a posture where Chief Craig would be able to accord him the same discretionary treatment he just accorded Lynem and Searcy, Detroit Police Officers, who were charged with extortion, and fraud, while on duty. *See, Exhibit 2 – Copy of Wayne County Prosecutor Press Release, date 10/25/15.* Both men, as was Collins, were

1

charged, criminally by the Wayne County Prosecutor tried in Wayne Court Circuit, and acquitted. Although he had earlier excoriated the two officers, and described their arrest as a *'dark day for the department,'* Chief Craig still exercised his discretion after their acquittal and ordered both officers reinstated, subject to requalifying through the Academy (because their certification had lapsed while the criminal charges were pending).

Despite the cumulative proceedings to date, relief is still available to Collins. The only issue, when all is said and done, is by what procedural route or vehicle? Detroit Police Officers Association's (DPOA) posture is not dispositive just because it decided it no longer wished to fight for Collins' rights. Defendant cited no law or rule preventing Plaintiff from fighting his own battle when his union refused further assistance, and in the vernacular, threw Collins under the bus. As a matter of law, Messrs. Collins, Lynem and Searcy present the exact same factual predicate, i.e., Detroit Police officers who were charged with a felony, or felonies, committed while on duty, went to trial and were acquitted. Lynem and Searcy were reinstated immediately; Colllins has been left to twist in the wind. Accordingly, their treatment by Chief Craig, and DPD should have been the same. Clearly, it was not. But on what basis or ground were they treated differently? Collins, after acquittal, has been denied reinstatement, and quite literally put through a terrible wringer while Lynem and Searcy, who were accused of thuggish, extortionate conduct on the street directed towards people stopped randomly, were immediately welcomed back with open arms. Yet, Collins, a man who helped to guide hundreds, if not thousands, of young men on a path towards responsible adulthood and citizenship through organized sports programs he organized and operated on behalf of DPD's outreach to young at-risk males continues to be treated like a pariah, it should be noted, at the cost of hundreds of thousands, of dollars in legal fees to Detroit's taxpayers.

2

13-53846-tjt    Doc 11774    Filed 02/03/17    Entered 02/03/17 10:13:01    Page 2 of 5

The welcoming manner in which Lynem and Searcy have been treated by DPDP presents a compelling reason, based solely upon Chief Craig's exercise of his discretion to accept the jury's verdict, and return the officers to work, once they have been recertified rather than bringing departmental charges. This compelling reason is not an abstraction. Rather, it is as direct a comparison as can be imagined, and one that must sound in equity. The inescapable fact is that three (3) similarly situated officers were treated very differently by Chief Craig. Two, i.e., Lynem and Searcy, who were accused of blatantly thuggish conduct towards random members of the public but who won acquittal at trial have clearly been treated better than Collins. How much more compelling a reason can be imagined? What better factual predicate can the Court envision for the exercise of its discretion to permit Collins to pursue the same remedy of reinstatement that Chief Craig has already afforded Lynem and Searcy?

**Whether Collins Has Demonstrated Excusable Neglect Must be Weighed Against the Blatantly Discriminatory Conduct of the Detroit Police Department or Arbitrary and Capricious Exercise of Discretion by Chief Craig**

The Court should recall that Collins has been without income since he was suspended without pay on January 1, 2010 Accordingly, his ability to prosecute any possible avenues of redress has been severely constrained by the simple facts that he was broke, and that DPD resisted, with the full resources of the City of Detroit, every effort he made to simply return to work after being acquitted. Contrast his treatment with that of his comparators. Lynem and Searcy, whose alleged conduct, if viewed objectively, was far more egregious than Collins' were reinstated almost immediately after being acquitted. Why was he treated worse than Officers Lynem and Searcy? Upon information and belief, Chief Craig has discretionary powers to reinstate Collins as he did Lynem and Searcy, and end this charade. On the facts presented by Chief Craig's immediate reinstatement of Lynem and Searcy, his continuing and obdurate refusal

without any distinguishing grounds to reinstate Collins, constitutes a clear abuse of discretion. Chief Craig welcomed Lynem and Searcy back immediately, but continues to deny reinstatement for Collins.

It is not at all unreasonable for this Court, exercising its equitable powers, to weigh Collins' alleged neglect (properly construed in part as financial difficulties) in pursuing his remedies in the context of maneuvering without resources through one of the most complex and massive bankruptcy proceedings in the history of the Republic, against the ongoing disparate treatment to which DPD has subjected him. What is there about Collins that makes Chief Craig continue to treat him like a pariah? How can his situation rationally be distinguished from that of Lynem and Searcy? Continued banishment after acquittal and continued resistance his reinstatement, contrasted against his welcome of Lynem and Searcy back into the Department with open arms is simply baffling. It is also an arbitrary an inconsistent exercise of power. The precedent set by Chief Craig's immediate reinstatement of Lynem and Searcy after acquittal established the benchmark to assess his exercise of discretion. Since Lynem and Searcy were reinstated after a jury acquitted them of felony charges, then Collins should also be reinstated.

The Court's equitable powers should be exercised so as to assure that the similarly situated officers should be treated the same under the law.

Since the Lynem and Searcy precedent was set this month by Chief Craig, i.e., upon acquittal of criminal charges, the officer(s) involved are reinstated 'instanter', then there is no basis for the City to suggest that permitting Collins to proceeds would be prejudicial. How could the City be prejudiced by consistent application of a precedent where Collins has two direct comparators in Lynem and Searcy, who were just ordered to be reinstated by Chief Craig.

## Conclusion

There is no sound reason why Collins should not be permitted to file a delayed Proof of Claim.

BENJAMIN WHITFIELD, JR & ASSOCIATES, P.C.

/s/ Benjamin Whitfield, Jr.
Benjamin Whitfield, Jr. (P23562)
613 Abbott Street
Detroit, Michigan 48226
(313) 961-1000
benwlaw4822@aol.com

**Dated:** February 3, 2017