UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:  CITY OF DETROIT,        .        Docket No. 13-53846
        MICHIGAN,               .
                                .        Detroit, Michigan
                                .        September 28, 2016
                Debtor.         .        2:56 p.m.
. . . . . . . . . . . . . . . . .

EXCERPT OF HEARING RE. (#10182) CORRECTED MOTION FOR THE
ENTRY OF AN ORDER (I) ENFORCING THE PLAN OF ADJUSTMENT
INJUNCTION AND (II) REQUIRING THE DISMISSAL WITH
PREJUDICE OF THE FEDERAL COURT ACTION FILED BY
JEROME COLLINS TO THE EXTENT IT SEEKS RELIEF AGAINST THE
CITY OF DETROIT OR PROPERTY OF THE CITY OF DETROIT FILED
BY DEBTOR CITY OF DETROIT, MICHIGAN
(MOTION REGARDING JEROME COLLINS -
2:56:48 P.M. - 3:58:38 P.M.)
BEFORE THE HONORABLE THOMAS J. TUCKER
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For the City of     Miller, Canfield, Paddock & Stone
Detroit:            By:  MARC SWANSON
                    150 West Jefferson
                    Detroit, MI  48226
                    (313) 496-7591

For Jerome Collins: Benjamin Whitfield, Jr., & Associates, PC
                    By:  BENJAMIN WHITFIELD, JR.
                    613 Abbott Street, 1st Floor
                    Detroit, MI  48226
                    (313) 961-1000

Court Recorder:     Jamie Laskaska
                    United States Bankruptcy Court
                    211 West Fort Street
                    21st Floor
                    Detroit, MI  48226-3211
                    (313) 234-0068

Transcribed By:     Lois Garrett
                    1290 West Barnes Road
                    Leslie, MI  49251
                    (517) 676-5092

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

1                           - - -

2          THE COURT:  All right.  The next matter then we'll

3   take up is the -- and the final matter scheduled for hearing

4   today is the City of Detroit's corrected motion for the entry

5   of an order enforcing the plan of adjustment injunction, et

6   cetera.  This relates to and is directed against Jerome

7   Collins.

8          MR. SWANSON:  Thank you, your Honor.  Marc Swanson

9   on behalf of the city.

10          MR. WHITFIELD:  Your Honor, for the record, Benjamin

11   Whitfield on behalf of Jerome Collins.

12          MR. SWANSON:  Your Honor --

13          THE COURT:  All right.  Go ahead, Mr. Swanson.  I'll

14   hear from you first.

15          MR. SWANSON:  On May 15th, 2015, Jerome Collins

16   filed a complaint in federal court against the city, a former

17   police chief and officer and John Does.  There's no dispute

18   that the complaint asserts claims against the city that arose

19   prior to the city's petition date, which was July 18th, 2013.

20   As a result, the city filed a motion to enforce the plan and

21   the bar date order against Collins with respect to the claims

22   that are asserted in the complaint against the city and any

23   claims against the chief, the officers, and the John Does in

24   their official capacity.

25          In response, Collins advanced two arguments, neither

1    of which have merit.  First, Collins asserts that because his

2    union filed a proof of claim which names him, he was not

3    required to file a proof of claim for the claims asserted in

4    the federal court complaint, and this argument, your Honor,

5    fails for two basic reasons.  First, Collins' union has

6    stated that it is not pursuing any claims on behalf of

7    Collins.  As set forth in Exhibit 2 to the city's reply,

8    Collins was one of numerous individuals that the union

9    included on a schedule that it attached to a proof of claim

10   that it filed to protect those individuals' rights with

11   respect to the disciplinary process and to make sure that

12   that process was carried out in accordance with the

13   collective bargaining agreement and the city employment

14   terms.  The process ran its course, and in accordance with

15   the established procedure, Collins was discharged.

16        And according to the union, as set forth on Exhibit

17   2 to our reply, quote, "As a result of the arbitrator's

18   decision, the claim filed by the association on behalf of

19   Officer Jerome Collins is deemed closed," so the union is not

20   pursuing that claim that it filed on behalf of Mr. Collins.

21        Second, your Honor, even if that claim was somehow

22   still alive, under no circumstance would Mr. Collins be

23   permitted to file a federal court lawsuit against the city

24   based on a pre-petition claim.  That action -- that type of

25   action is enjoined by the plan.

1    Next, Collins asserts that the bankruptcy automatic

2    stay which arose when the city filed for bankruptcy was

3    violated by the city's disciplinary proceedings against Mr.

4    Collins, and, your Honor, there are also a few reasons why

5    this argument fails.  Most basically, as Collins alleges in

6    his response, the disciplinary proceedings were conducted

7    between July 8th and July 11th, 2013.  The city did not file

8    for bankruptcy until July 18th, 2013, so the disciplinary

9    proceedings were finished one week prior to the city's

10   bankruptcy filing.  The city could not have violated the

11   automatic stay.  Even if what was asserted was legally

12   correct, which it isn't, it is factually incorrect.  And,

13   your Honor, even --

14        THE COURT:  Mr. Collins' complaint in the federal

15   court action, the complaint you're seeking to enjoin him from

16   pursuing against the city and the former city employees in

17   their official capacity, refers to his -- Mr. Collins'

18   termination as having occurred on July 5, 2013 -- on July 6,

19   2013; isn't that right?

20        MR. SWANSON:  That's correct, your Honor.

21        THE COURT:  The disciplinary proceedings that Mr.

22   Collins alleged and referred to as having occurred July 8 --

23   between July 8 and July 11, 2013, were, what, some sort of

24   appeal from that termination decision of July 5?  Is that

25   what that was?

1    MR. SWANSON:  I believe that's correct, your Honor,

2  yes.

3    THE COURT:  I'm sorry.  July 6 was the alleged

4  termination.

5    MR. SWANSON:  May I consult with my client to answer

6  that question, your Honor?

7    THE COURT:  Yeah, um-hmm.

8    MR. SWANSON:  Thanks.  Yes, your Honor.  I've

9  confirmed with my client that those proceedings occurred

10  after the discharge and upheld the discharge.

11    THE COURT:  The discharge -- the July 6, 2013,

12  discharge was upheld when and how?

13    MR. SWANSON:  The arbitrator issued her decision on

14  February 7, 2014, upholding the termination.  The opinion and

15  award is attached as Exhibit 6(a), I believe, to the

16  corrected motion appearing at Docket 10182.

17    THE COURT:  So that arbitration decision was -- that

18  was for an -- I'm sorry -- for a -- it was an arbitration

19  that occurred when?  Is that the arbitration -- an

20  arbitration that occurred between July 8 and July 11, 2013,

21  or when, or is that referring to the arbitration -- the other

22  proceeding relating to Mr. Collins' request for

23  reinstatement?  I'm just making sure -- trying to make sure I

24  understand the difference between the two proceedings.  Your

25  motion says Mr. Collins -- paragraph 4, motion, Mr. Collins

1    requested reinstatement on December 12, 2012.  The

2    grievance -- there was a grievance arbitration relating to

3    that, according to the -- per the collective bargaining

4    agreement.  It said a hearing on the grievance took place on

5    February 8, 2012.  Mr. Collins failed to appear.  Ultimately

6    a grievance arbitration was held on June 12, 2013.  Closing

7    arguments were due by July 6, 2013, through the submission of

8    post-hearing briefs.  Collins alleges that because of the

9    bankruptcy filing, the June 12, 2013, hearing was adjourned

10   without a decision and remains presently unresolved.  You're

11   saying this arbitration now that you're referring to that was

12   decided February 7, 2014, does that concern that

13   reinstatement request or the appeal from the termination that

14   occurred July 6, 2013, or is it both?

15             MR. SWANSON:  To answer one of the first questions

16   you raised, I see that the arbitration hearing occurred on

17   December 11th, 2013.  Now let me try to answer your next --

18             THE COURT:  December 11 of what year?

19             MR. SWANSON:  Of 2013.  Page 3 of the opinion and

20   award provides that --

21             THE COURT:  All right.

22             MR. SWANSON:  Yeah.  And the next question is

23   whether the arbitration pertained to the discipline or the

24   grievance.

25             THE COURT:  That sounds like something different

than the disciplinary hearing that you say in paragraph 5 of
your motion occurred between July 8 through July 11, 2013,
and Mr. Collins agrees with that in his response to the
motion apparently.

MR. SWANSON: Okay. What my client has indicated is
that the suspension without pay was never finally determined
because, as a result of the discipline appeal and the
arbitrator's ruling, that that was rendered moot pursuant to
the collective bargaining agreement.

THE COURT: That relates to the restitution request
from 2012? In other words, the problems for Mr. Collins
started with a suspension without pay --

MR. SWANSON: Um-hmm.

THE COURT: -- several years before the bankruptcy
filing; right?

MR. SWANSON: Yes.

THE COURT: Then there was this criminal case that
resulted in acquittal, and then Mr. Collins requested
reinstatement, and that then led to a grievance proceeding
apparently --

MR. SWANSON: Yes.

THE COURT: -- right?

MR. SWANSON: And that grievance proceeding was
rendered moot due to the issuance of the arbitration award.

THE COURT: So the arbitration award -- let me --

1    hold on one second.  Let me grab that.  One second, please.

2    We need to keep the whispering down a little bit, please.  I

3    don't want to -- I don't want your whispering to be on the

4    record.  Maybe if you could back away from the microphone a

5    little bit and talk, that's fine.

6            MR. WHITFIELD:  I apologize, Judge.

7            THE COURT:  That's fine.  Everything you say is

8    going to be on the audio record if you get too close to the

9    microphone when you whisper.  That's all I'm saying.  All

10   right.  One minute.  Okay.  So thanks for bearing with me

11   here.  The opinion and award, which is Exhibit 6-A to the

12   motion, the city's motion, which is -- that was issued, you

13   said, in February of 2014 -- that upheld the termination of

14   Mr. Collins; is that right?

15           MR. SWANSON:  Yes, your Honor.

16           THE COURT:  All right.  The termination that had

17   occurred pre-petition on July 6 --

18           MR. SWANSON:  Right.

19           THE COURT:  -- 2013, is the termination you're

20   talking about; right?

21           MR. SWANSON:  Yes.

22           THE COURT:  Okay.  One second.  Does the

23   arbitration -- the opinion and award, Exhibit 6-A, where does

24   it refer to the date of the hearing?

25           MR. SWANSON:  On page 3, your Honor, page -- that's

1   the doc stamp page 22 of 117, and it's a --

2          THE COURT: Okay. Go on.

3          MR. SWANSON: The final full paragraph toward the

4   bottom of the page, the arbitration hearing was held on

5   December 11, 2013.

6          THE COURT: All right. So, anyway, I interrupted

7   you with a bunch of questions. Why don't you go ahead?

8   Continue.

9          MR. SWANSON: The city requests that the Court grant

10   the motion and enter an order requiring Collins to dismiss

11   his federal court lawsuit against the city and any claims

12   that he has against the officers or the chief in their

13   official capacity. The union is not pursuing this claim, and

14   even if the union was pursuing this claim, Mr. Collins is not

15   permitted to file a federal court lawsuit against the city

16   based on a pre-petition claim because the plan enjoins him

17   from that conduct. Thank you.

18          THE COURT: All right. Thank you. Mr. Whitfield.

19          MR. WHITFIELD: Judge, from the outset what is

20   troublesome here is that after the conclusion of the criminal

21   case where Mr. Collins was acquitted, under the CBA agreement

22   Collins filed a motion or petition requesting reinstatement.

23   He had one hearing on that reinstatement, and the matter was

24   adjourned, and the automatic stay kicked in. Even as I stand

25   here today, with respect to the reinstatement proceeding,

1  that has not been finally adjudicated.

2  What the city did was in an attempt to circumvent

3  the reinstatement proceeding internally they lodged 11 claims

4  of discipline against Mr. Collins in contravention of the

5  bankruptcy act. That was our contention. The union did file

6  a proof of claim.

7  THE COURT: Wait a minute. Wait a minute. You said

8  the city lodged 11 counts of a disciplinary claim against Mr.

9  Collins.

10  MR. WHITFIELD: Right.

11  THE COURT: Is that what led to the termination of

12  Mr. Collins by the city on July 6, 2013?

13  MR. WHITFIELD: That's correct.

14  THE COURT: And that was -- July 6, 2013, was the

15  termination, and is it correct -- it looks like the parties

16  agree that there was some sort of disciplinary hearing on

17  this -- these disciplinary claims held between July 8 and

18  July 11, 2013; is that correct?

19  MR. WHITFIELD: That's correct.

20  THE COURT: Okay.

21  MR. WHITFIELD: It's my understanding in talking

22  with Mr. Collins that that hearing or disciplinary hearing

23  wasn't finally adjudicated until February 7th of 2014.

24  THE COURT: Well, I want to understand what happened

25  and when in relation to the bankruptcy petition date.

1    MR. WHITFIELD:  Right.

2    THE COURT:  That's part of what I'm asking about.

3    So we have July 8 to July 11, 2013, there was a disciplinary

4    hearing on these claims of -- 11 claims of discipline or

5    counts of discipline against Mr. Collins that the city filed.

6    July 6 -- but there was on July 6, 2013, a decision by the

7    city to terminate Mr. Collins.  And then the city filed its

8    bankruptcy petition in this Chapter 9 case, of course, on

9    July 18, 2013.

10    MR. WHITFIELD:  Right.

11    THE COURT:  So after the city terminated Mr. Collins

12    on July 6, 2013, what exactly were the further proceedings?

13    He made some sort of effort to appeal that decision.  What

14    were precisely the proceedings that happened after that --

15    MR. WHITFIELD:  There was an --

16    THE COURT:  -- leading to the termination decision?

17    MR. WHITFIELD:  There was an arbitration, as I

18    understand it, and that decision was rendered on February

19    7th, 2014.

20    THE COURT:  Well, that's the arbitration hearing

21    that was held on December 11, 2013?

22    MR. WHITFIELD:  Right.

23    THE COURT:  Okay.  But at some point after he

24    learned that he had been terminated, I assume that Mr.

25    Collins initiated some sort of appeal that led to this

1  arbitration proceeding --

2          MR. WHITFIELD:  Right.

3          THE COURT:  -- right?  Is that right?

4          MR. WHITFIELD:  Right.

5          THE COURT:  So what was this proceeding that

6  happened?  It's referred to in the city's motion in paragraph

7  5 as a separate disciplinary hearing that was held July 8

8  through July 11, 2013, but what was that?  Was that a step in

9  the appeal process from the termination decision?

10          MR. WHITFIELD:  No.

11          THE COURT:  Well, what was that?

12          MR. WHITFIELD:  That was the city's levying this

13  disciplinary internal charges against Mr. Collins.

14          THE COURT:  Which led to his termination --

15          MR. WHITFIELD:  Correct.

16          THE COURT:  -- which he then appealed --

17          MR. WHITFIELD:  Right.

18          THE COURT:  -- which appeal ultimately led to an

19  arbitration hearing and an arbitration decision.  The

20  arbitration hearing and the arbitration decision occurred

21  well after the filing of the bankruptcy --

22          MR. WHITFIELD:  Exactly.

23          THE COURT:  -- right?  But the decision to

24  terminate -- the termination of Mr. Collins that he then

25  appealed, that occurred before the filing of the bankruptcy

1  case; right?

2       MR. WHITFIELD:  That occurred before the filing.

3       THE COURT:  Before the bankruptcy case was filed?

4       MR. WHITFIELD:  Yes.

5       THE COURT:  Okay.  All right.  So go on.

6       MR. WHITFIELD:  Yeah.

7       THE COURT:  I interrupted you with questions.  Go

8  ahead with what you wanted to say.

9       MR. WHITFIELD:  Well, I want to point out and I want

10 the Court to understand with respect to his rights under the

11 CBA contract for reinstatement, that was placed -- or that

12 was stayed pending the outcome of the bankruptcy, and what

13 I'm telling the Court is there was never an adjudication with

14 respect to that matter.  The union filed a proof of claim to

15 protect Mr. Collins' rights, unliquidated claim.  What I'm

16 asking the Court to do is to grant us an evidentiary hearing

17 to convert that unliquidated claim to a liquidated claim

18 based on his allegations based on the fact that he was denied

19 the reinstatement or the hearing with respect to the

20 reinstatement.

21       THE COURT:  Well, the union filed a proof of claim.

22       MR. WHITFIELD:  Correct.

23       THE COURT:  Before the deadline for filing proofs of

24 claim expired in this bankruptcy case, they filed this proof

25 of claim, which included -- was on behalf of grievances by

1   several people, including Mr. Collins --

2           MR. WHITFIELD:  All right.

3           THE COURT:  -- right?

4           MR. WHITFIELD:  Correct.  But at that time they

5   filed a proof of claim --

6           THE COURT:  Now, that, though, is a different

7   proceeding.  A proof of claim filed in the bankruptcy case is

8   a different proceeding than filing a federal court lawsuit in

9   U.S. District Court, which Mr. Collins, with your help, did

10  on May 15, 2015.

11          MR. WHITFIELD:  I see.

12          THE COURT:  The motion that's before me today for

13  hearing asks me to basically put an end to that federal

14  district lawsuit as it concerns claims against the city or

15  any city employees in their official capacity, which is

16  equivalent to claims against the city.  It doesn't really --

17  I didn't perceive that the motion really deals with -- or

18  asked the Court to do anything with or about the claim filed

19  by the union on behalf of Mr. Collins, and I don't have

20  before me now any sort of motion by Mr. Collins asking to be

21  allowed to file late a claim on his own behalf based on

22  anything in the bankruptcy case, so really none of that stuff

23  is before me, as I understand it, right now.  What's before

24  me now is just this -- is limited to the issue of whether the

25  Court should grant the city's request in their motion to

order Mr. Collins to dismiss those parts of his federal

district court lawsuit that apply to -- that are brought

against the city and any employees of the city in their

official capacity.  That's it.  And so the question is why

shouldn't the Court order that on the grounds that the claims

asserted against the city and the former city employees in

their official capacity, at least, in that federal court

lawsuit arose before the filing of the bankruptcy petition on

July 18, 2013?

MR. WHITFIELD:  And my rebuttal would be, again,

that Collins was denied his due process rights with respect

to the reinstatement procedure.  There was a list of

elements.

THE COURT:  Is that because the city's action in

filing these 11 disciplinary charges against Mr. Collins that

led to his termination was an improper circumvention of the

grievance proceedings under the collective bargaining

agreement?

MR. WHITFIELD:  I would say that, yeah, because

there's never been an adjudication as to his right to

reinstatement.  That's just hanging out there, and that was

adjourned based upon the filing of the bankruptcy by the

city.

THE COURT:  Well, the actions, though, that are

being complained of, as I understand it, have their roots in

1   actions done by the city that occurred before the city filed

2   their Chapter 9 bankruptcy case on July 18, 2013, and,

3   therefore, it appears to me pretty clear and actually not

4   really disputed that the claims Mr. Collins made -- is

5   asserting against the city in this federal court lawsuit are

6   claims that arose before the filing of the bankruptcy case.

7   If they are, if they are -- sometimes referred to as pre-

8   petition claims -- the claims --

9           MR. WHITFIELD:  Right, um-hmm.

10          THE COURT:  -- that arose before the filing of a

11  bankruptcy petition are called pre-petition claims.  If

12  they're pre-petition claims, under the city's confirmed plan

13  it's clear to me that Mr. Collins is enjoined from pursuing

14  them by any means outside of the bankruptcy case.  Now, to

15  what extent he might be able to pursue a claim against the

16  city as part of a late filed proof of claim or based upon the

17  claim filed by the union that included his name and his

18  grievance is to me -- it's a different issue.  It's not an

19  issue that is before me for a decision on this motion.  This

20  motion is limited, as I view it, to this issue about this

21  federal court lawsuit that you filed and whether I should

22  basically put a stop to that based upon the injunction in the

23  confirmed plan against pursuing pre-petition claims in other

24  courts.  You see what I'm asking you about?

25          MR. WHITFIELD:  Yes, sir.

1          THE COURT:  So what do you want to say about that?

2          MR. WHITFIELD:  Well, again, after the disciplinary

3   hearing, as I understand it, there were other post-petition

4   hearings related to Collins' employment that violated the

5   bankruptcy act, that violated the Bankruptcy Code.  And it's

6   our position that everything -- well, yeah.

7          THE COURT:  Are you referring to the -- what are you

8   referring to exactly there?

9          MR. WHITFIELD:  I'm referring to the arbitration

10  hearings.

11         THE COURT:  The December 11, 2013, arbitration

12  hearing?

13         MR. WHITFIELD:  Right.

14         THE COURT:  And then the arbitrator's decision

15  from --

16         MR. WHITFIELD:  Decision.

17         THE COURT:  -- February 2014 --

18         MR. WHITFIELD:  Right.

19         THE COURT:  -- all of which concerned and ultimately

20  upheld the July 6, 2013, termination of Mr. Collins; is that

21  right?

22         MR. WHITFIELD:  That's correct.

23         THE COURT:  So what about those events?

24         MR. WHITFIELD:  Well, they were post-bankruptcy, and

25  they should have been stayed.  All that should have been

1   stayed during the pendency of the bankruptcy hearing.

2           THE COURT:  What do you say -- on that subject, what

3   do you say to the city's response in their reply brief in

4   part was that the Bankruptcy Court in its order filed

5   November 12, 2014, said that the -- ruled that the city was

6   authorized to continue disciplinary proceedings initiated by

7   the city against city employees?  You saw that argument in

8   the city's reply.

9           MR. WHITFIELD:  I saw that argument in --

10          THE COURT:  What do you want to say about that?

11  Now, for one thing, that order was issued November 12, 2014,

12  by this court by my predecessor judge in this case.  That was

13  well after the events that you're complaining about --

14          MR. WHITFIELD:  That's correct.

15          THE COURT:  -- that you say violated the automatic

16  stay I think is what you're saying; that is, the city going

17  forward with the December 11, 2013, arbitration hearing and

18  then the arbitrator making it the arbitrator's February 7,

19  2014, decision.

20          MR. WHITFIELD:  Um-hmm.

21          THE COURT:  All of those events occurred before the

22  Court's order of November 12, 2014.  That's, I suppose, one

23  argument about the timing there of that order, but what

24  you're saying is there was a violation of the automatic stay

25  by the continuation of these arbitration proceedings, the

1    arbitration hearing and the arbitration decision. That was a

2    violation of the automatic stay under Section 362(a).

3            MR. WHITFIELD: And also --

4            THE COURT: What about that? What do you want to

5    say about that argument?

6            MR. WHITFIELD: And also the fact that the

7    reinstatement hearing was not granted to him. I'm throwing

8    that in because his due process rights were violated. He has

9    not had an adjudication on the reinstatement, and this

10    decision predates -- the action taken predates -- the action

11    taken by the city predates the motion that was granted by

12    this Court.

13            THE COURT: Go ahead.

14            MR. WHITFIELD: All I'm saying, your Honor, is that

15    the decision that was rendered as it relates to the action

16    taken by the city, the action taken by the city as to Collins

17    predates that order, predates the order, so I would think

18    that Collins would have standing to make his arguments

19    because it predates the decision by this Court, and I don't

20    know if that decision was retroactive.

21            THE COURT: Well, let's assume for a minute it

22    wasn't. How is the automatic stay of Section 362(a) or

23    Section 922 violated by anything the city did after the

24    filing of the bankruptcy case relating to Mr. Collins?

25            MR. WHITFIELD: My argument would be clearly it

1    violated his due process rights, fair and impartiality.  I

2    mean they knew that this -- they were aware of the discipline

3    and how it was levied against Collins, and they were aware of

4    the fact that Collins had sought reinstatement, but to

5    circumvent all that they had these disciplinary hearings

6    denying Collins his employment.

7           THE COURT:  I'm trying to understand why it's --

8    what provision of Section 362(a)'s automatic stay was

9    violated or if Section 922(a) was violated by the city taking

10   the actions that it took after the filing of the petition.

11          MR. WHITFIELD:  I had --

12          THE COURT:  The city argued in their reply brief

13   that there was no violation of the automatic stay.

14          MR. WHITFIELD:  I saw that.

15          THE COURT:  You saw that argument, so what's your

16   response to that?

17          MR. WHITFIELD:  My argument was clearly that certain

18   due process rights had been violated.  What I'm saying to the

19   Court is that with respect to the Court's determination --

20   the Court had indicated there was an opinion on this issue,

21   and with respect to that, the action had been taken -- the

22   action against Collins had been taken prior to the opinion

23   rendered by this Court or that motion.  And what I'm

24   referring to is Section 362(a).

25          THE COURT:  Yeah.  What part of 362(a)?

1          MR. WHITFIELD:  Well, my interpretation of it was

2     that the stay would apply to both the debtor and the creditor

3     under that section.

4          THE COURT:  Well, there you're referring to the

5     language that says that the filing of a petition operates as

6     a stay applicable to all entities; right?

7          MR. WHITFIELD:  Right.

8          THE COURT:  Yeah.  Of what?  Then you have a list of

9     sub-items one through eight, the things that are stayed.

10    Which of those items apply here?

11         MR. WHITFIELD:  I don't have that in front of me,

12    your Honor.  I don't have the list of those items.

13         THE COURT:  Well, but you -- all right.  You saw the

14    city's argument, though, in their reply about this.

15         MR. WHITFIELD:  Right.

16         THE COURT:  Basically they're saying it's --

17         MR. WHITFIELD:  The city says that 362 exempts the

18    city from the stay.  They didn't have to stay.  They could

19    have proceeded with the disciplinary action.  And all I'm

20    saying is that with respect to -- with respect to that, it's

21    my understanding in reading 362 the stay would apply not only

22    to Collins but to the city.  I don't see any language in here

23    that says it has no application to the city.

24         THE COURT:  If it did, then what's the consequence

25    of that?

1          MR. WHITFIELD:  Well, if it did, the consequence of
2   it would be that they made a ruling just like they did to
3   separate Mr. Collins from employment.  That was the
4   consequence in this case.  And all I'm saying to the Court is
5   that when you go back and look at the CBA agreement, Collins'
6   rights were violated, his due process rights.  The city
7   cannot -- the city has not addressed this issue of
8   reinstatement.  There's an agreement here between the union
9   and the city.  You've got the CBA agreement.  The city has
10  not said why they had -- why they didn't pursue Collins'
11  right in terms of the reinstatement.  There's nothing there.
12  I have nothing else, your Honor.
13          THE COURT:  So let's go back to the federal court
14  action.
15          MR. WHITFIELD:  All right.
16          THE COURT:  What about that action?
17          MR. WHITFIELD:  Which one?
18          THE COURT:  This motion.
19          MR. WHITFIELD:  Against the individuals?
20          THE COURT:  The action you filed on May 15, 2015, in
21  U.S. District Court.
22          MR. WHITFIELD:  I filed a joint action against the
23  city, against the City of Detroit --
24          THE COURT:  Yeah.
25          MR. WHITFIELD:  -- and its employees in their

1  official capacity, and then I filed one in their individual

2  capacity.

3          THE COURT:  Separate suit?

4          MR. WHITFIELD:  Yeah, separate suit.  No, no.  It

5  was the same suit.

6          THE COURT:  Okay.

7          MR. WHITFIELD:  Same suit.  And the action started

8  before Judge Friedman.

9          THE COURT:  The city is not asking for any sort of

10  injunction or bar or dismissal regarding -- as I understand

11  it, regarding Mr. Collins' lawsuit in U.S. District Court

12  against city employees or former employees in their

13  individual capacity.

14          MR. WHITFIELD:  Right.

15          THE COURT:  So that's not part of this motion.

16  That's not going to be affected by any ruling on this

17  motion --

18          MR. WHITFIELD:  I understand that.

19          THE COURT:  -- I don't think.

20          MR. WHITFIELD:  No.

21          THE COURT:  So, you know, we're talking about what

22  becomes of the federal court lawsuit against the city and

23  against the employees in their official capacity.

24          MR. WHITFIELD:  I think since the proof of claim was

25  filed and it was unliquidated, I believe that Collins still

1  has some constitutional civil rights violations pending

2  against the city and these individuals.  I'm asking the

3  Court, Judge --

4        THE COURT:  Through the grievance -- through the

5  claim that was filed by the union?

6        MR. WHITFIELD:  No.  These are exceptions to the

7  claims filed by the union.  I'm talking about some civil

8  rights claims here, and the union designated this proof of

9  claim as being unliquidated.  All I'm asking the Court to do

10  is allow us an evidentiary hearing and to convert that

11  unliquidated to liquidated based upon allegations that

12  Collins has raised against the City of Detroit and these

13  individuals in their official capacity.

14        THE COURT:  When you say convert that claim from

15  unliquidated to liquidated, you're referring to converting

16  the claim filed by the union?  That was the only proof of

17  claim filed in the case.

18        MR. WHITFIELD:  Yeah.  That was the only proof of

19  claim filed, yes.

20        THE COURT:  Mr. Collins didn't file one separately

21  and individually in the case.

22        MR. WHITFIELD:  The union was representing Mr.

23  Collins in his capacity as an employee for the City of

24  Detroit, and they filed a claim.  And the claim was

25  unliquidated to preserve Collins' rights, and that's what

1   they did.

2           THE COURT:  What do we do then, Mr. Whitfield, about

3   the fact that the union who filed the claim takes the

4   position that there's nothing left of the claim that they

5   filed on behalf of Mr. Collins?

6           MR. WHITFIELD:  I saw their writing, but if there

7   was nothing left there --

8           THE COURT:  This is Exhibit 2 to the city's reply --

9           MR. WHITFIELD:  I saw it.  I saw that.

10          THE COURT:  -- August 22, 2016.

11          MR. WHITFIELD:  Why would they file a claim?

12          THE COURT:  Excuse me.  Excuse me.  Excuse me.

13  Don't interrupt.

14          MR. WHITFIELD:  All right.  I'm sorry.

15          THE COURT:  The August 22, 2016, letter from James

16  Moore -- and you saw that.  You saw what it said, so what

17  about that?

18          MR. WHITFIELD:  Well, first of all, they filed a

19  claim.  They filed a claim, and if they felt that Collins had

20  absorbed all of his rights -- exhausted all of his rights,

21  why was the claim filed?  The claim was filed indicating that

22  Collins' rights -- when I look at the document itself, it's

23  an unliquidated proof of claim.  That tells me somebody

24  preserved some rights for Mr. Collins.  And I'm going back to

25  look at the denial of the reinstatement hearing.  That may be

1   the thought pattern that went into that because Collins did
2   not get or receive a full adjudication of his rights to
3   reinstatement under that union agreement, so that may well be
4   why the claim was filed as an unliquidated proof of claim.
5   That's my argument on that, Judge.
6           THE COURT:  All right.  Anything else then,
7   Mr. Whitfield?
8           MR. WHITFIELD:  I have nothing else.
9           THE COURT:  All right.  As counsel for the moving
10  party, the city, I'll allow them, since they're the moving
11  party, a brief reply opportunity if they want to briefly
12  reply, Mr. Swanson.
13          MR. SWANSON:  Thank you, your Honor.  There's no
14  possible scenario here where the filing of this federal court
15  lawsuit was proper.  The discharge occurred prior to the
16  bankruptcy.  I consulted a little more with my client.  It's
17  not clear to us whether it was July 6th or July 11th, but
18  under any circumstance it occurred prior to the bankruptcy.
19  And although Mr. Collins didn't raise this in his response,
20  the Court has inquired into the -- whether this claim was in
21  his fair contemplation, and this has a long history here.  He
22  was suspended without pay in 2010.  Then the city brought
23  criminal charges against him in 2010, and this -- all of the
24  conduct which led to this alleged claim occurred many, many
25  years before the city's bankruptcy case.

1    And your Honor also raised a point of the order. It

2  was an order confirming that the automatic stay does not

3  apply to disciplinary proceedings. That was not entered

4  until November of 2014, which was after the arbitration

5  hearing, which was after the arbitration award entered by the

6  arbitrator. But the city here was not seeking any sort of

7  novel or contested relief. This was a motion for an order

8  confirming that the automatic stay didn't apply as set forth

9  in the motion at Docket Number 86. There were at least one

10  arbitrator presiding over a pending disciplinary hearing that

11  wasn't sure if the automatic stay applied or not, so in order

12  to allow that arbitration to go forward, the city requested

13  this order, which just confirmed then. Then the city cited

14  numerous cases which all hold that the automatic stay,

15  although it's very broad, it does not apply to claims

16  asserted by the debtor against other parties.

17    THE COURT: Well, but the -- I guess the point of my

18  question about the timing of the order, the November 12,

19  2014, order, Docket 8256, is that I didn't see anywhere in

20  that order where the Court ruled or held that the automatic

21  stay does not apply to disciplinary proceedings initiated by

22  the city or disciplinary proceedings involving city

23  employees. Rather, it said the motion is granted as set

24  forth herein, and what's set forth herein is simply -- in

25  substance, it says the city is authorized to continue to

1 prosecute disciplinary proceedings, including the pending

2 arbitration that had been initiated by the city against city

3 employees.  Similarly, applicable defendants are permitted to

4 defend against such disciplinary proceedings, et cetera --

5          MR. SWANSON:  Sure.

6          THE COURT:  -- and that's what it said, so it didn't

7 really rule that -- make a ruling or holding that the

8 automatic stay does not apply to disciplinary proceedings at

9 all, as I read it.  I mean you may have argued that in your

10 motion, but that's not what the order says; right?

11          MR. SWANSON:  I agree with that, your Honor.

12          THE COURT:  Okay.

13          MR. SWANSON:  I mean that's not what the order says,

14 but that wasn't in dispute.  I mean no --

15          THE COURT:  To the extent --

16          MR. SWANSON:  Yeah.

17          THE COURT:  To the extent Mr. Collins wants to make

18 an argument that post-petition the city violated the

19 automatic stay in a way that violated his due process rights,

20 I mean part of your argument is the federal District Court

21 action across the street is not a permitted way to try to

22 raise that issue and pursue that; right?

23          MR. SWANSON:  Fair enough.

24          THE COURT:  It sounds like Mr. Collins may want to

25 argue or may be arguing that the proof of claim that was

1  timely filed by the union on his behalf and on behalf of
2  several other employees should not be viewed as dead.  He
3  ought to be able to pursue it if the union doesn't want to,
4  and that would be part of the claims objection, claims
5  allowance process.  I don't view that as before me today
6  given what your motion asks for to begin with, which is
7  basically dismissal of the action -- the federal District
8  Court action against -- that's against the city on the
9  grounds that it's pre-petition claims; right?
10           MR. SWANSON:  I agree, your Honor, and I have
11 nothing further unless the Court has questions for me.
12           THE COURT:  Well, so if I grant your motion --
13 obviously there may continue to be a continuing dispute
14 between Mr. Collins and the city having to do with -- which
15 would basically shift over into the claims allowance -- proof
16 of claim issue area; right?
17           MR. SWANSON:  It's possible.  We don't believe there
18 is any, but --
19           THE COURT:  You don't think there is anything,
20 but --
21           MR. SWANSON:  Yeah.
22           THE COURT:  -- if that's where it goes, it's going
23 to be litigated within the confines of this bankruptcy case
24 and in this court --
25           MR. SWANSON:  Yes, your Honor.

1          THE COURT: -- right?  All right.  Anything else,

2    Mr. Swanson?

3          MR. SWANSON:  No, your Honor.  Thank you.

4          THE COURT:  All right.  Well, thank you both.  As I

5    have said, I do view the motion that's before me for hearing

6    today, the City of Detroit's motion that's before me for

7    hearing today, as more limited in scope and nature than what

8    may be continuing disputes between Mr. Collins and the city

9    regarding Mr. Collins' rights and the city's alleged

10   violation of his rights under the collective bargaining

11   agreement and otherwise.  The specific relief sought by the

12   motion before me today is limited to what the city proposes

13   in the order that was -- proposed order that was attached to

14   its motion, which, as I have discussed and mentioned during

15   this hearing, is that the city wants the Court to order Mr.

16   Collins to dismiss or cause to be dismissed with prejudice it

17   says, the order says, Case Number 15-11756 -- that's the case

18   filed in the U.S. District Court across the street, which

19   I'll refer to as the federal court action -- to the extent it

20   seeks any relief against the City of Detroit or property of

21   the City of Detroit and a finding in the order that the

22   federal court action was commenced and prosecuted in

23   violation of the plan injunction as it pertains to the City

24   of Detroit and its property.

25          Now, with respect to all aspects of the substance of

1   the proposed order that the city asked the Court to enter

2   that's attached to the city's motion, Docket 101(a)(2), I'm

3   going to grant the motion except with respect to the "with

4   prejudice" language in paragraph 2 of the proposed order that

5   requires that Mr. Collins dismiss with prejudice the federal

6   court action.  In my view, there is no good reason for the

7   Court to include that language in the order.  It doesn't

8   serve any useful purpose requested -- of the relief requested

9   in the substance of the motion, which is simply to relieve

10  the city of continuing pendency against the city of

11  individuals in the official capacity -- employees in their

12  individual capacity, which means the city, of this federal

13  court lawsuit by Mr. Collins.  A dismissal with prejudice --

14  it doesn't have to say that in order to relieve the city of

15  that burden, which I do think is appropriate.  The

16  continuing -- I'm concerned by this "with prejudice" language

17  given what's been argued in the papers of the parties and in

18  the hearing today that there is or may be a continuing

19  dispute that is not really ready and ripe for a determination

20  by this Court at this point between Mr. Collins and the city

21  which ought to be litigated, if anywhere, in the -- within

22  the claims objection and claims allowance process in this

23  bankruptcy case and in this bankruptcy court.  These involve

24  issues such as the extent to which Mr. Collins has an

25  allowable claim based upon the claim filed on his behalf by

his union, which was a timely filed proof of claim,
notwithstanding what the union has said in its recent letter
to the city that's attached to the city's reply brief here,
Docket 11474, of taking the position that that claim as to
Mr. Collins is now closed and basically done and, further,
the issues that may exist regarding Mr. Collins' claim that
the city violated the automatic stay in taking actions after
the filing of the bankruptcy petition that deprived him of
his rights or certain rights he may have had.  These things
are matters that, if they're going to be asserted by Mr.
Collins today in defending against this motion, is not the
time and place to properly assert those and for the Court to
determine those, and I'm concerned that if I require
dismissal of the federal court action with prejudice, as the
city requests, that it might have unintended -- at least
unintended by the Court -- consequences toward prejudicing
Mr. Collins' right to attempt in one fashion or another or
one ground or another to assert and pursue a claim, a proof
of claim or a claim in the bankruptcy case against the city,
and so I'm going to -- I'm not going to require dismissal
with prejudice of the federal court action as that proposed
order proposes.

         The basis for my granting the city's motion
otherwise, however, is that the claims asserted by Mr.
Collins in his complaint filed in the federal court action --

1   a copy of his complaint is attached as Exhibit 6(b) to the

2   motion -- clearly are claims -- to the extent they're claims

3   against the city and city employees in their former -- in

4   their official capacity are claims that arose before the

5   filing of the city's Chapter 9 bankruptcy case on July 18,

6   2013, and, therefore, are what are commonly referred to as

7   pre-petition claims.  As such, Mr. Collins is enjoined and

8   barred by the confirmed plan of adjustment in this Chapter 9

9   case, the specific provisions of which the city has cited in

10  their motion in detail, from pursuing such claims in the

11  federal court action, and so it is proper and appropriate for

12  the Court to enforce the confirmed plan of adjustment by

13  granting the motion to the extent I'm going to do so.

14          Now, the claims asserted are clearly pre-petition

15  claims, in my view, because they have their roots in --

16  substantially in conduct that occurred and actions that

17  occurred before the filing of the city's bankruptcy case on

18  July 18, 2013, and are, therefore, subject -- clearly subject

19  to the discharge and injunction provisions -- the injunction

20  provisions, the discharge provisions of the city's confirmed

21  plan of adjustment, such that Mr. Collins may not pursue the

22  federal court action that he is pursuing against the city or

23  against its employees or former employees in their official

24  capacity.

25          On the subject of whether a claim arises before or

1  after the filing of a bankruptcy petition, the Court has
2  written at some length in a published opinion in this very
3  case a few months ago, and I'm going to cite that in a
4  minute, but I want to point out the basis for the Court's
5  conclusion that the claims involved are pre-petition claims
6  here by Mr. Collins.  It is undisputed and clear that -- from
7  the parties' respective positions, and the parties
8  essentially agree, that Mr. Collins was terminated from his
9  employment with the city on July 6, 2013.  The city now says
10  in the hearing today that the termination may have occurred
11  as late as July 11, 2013, but, in any event, that occurred
12  before the filing of the bankruptcy petition on July 18,
13  2013.  It's undisputed that the grievance -- or, rather, the
14  disciplinary charges that were filed -- Mr. Collins' attorney
15  referred to them as 11 claims of discipline that were lodged
16  against Mr. Collins by the city -- were done and were
17  asserted and lodged by the city before the filing of the
18  bankruptcy -- this bankruptcy case, and there was a
19  disciplinary proceeding on those charges between July 8 and
20  July 11, 2013, which was, again, before the petition --
21  bankruptcy petition was filed.  While it is true that Mr. --
22  that there were further proceedings after the termination and
23  the disciplinary proceedings that occurred and that ended
24  July 11, 2013, by Mr. Collins seeking to appeal his
25  termination, which led to an arbitration hearing in

December -- on December 11, 2013, and an arbitration decision
on December -- February 7, 2014, both dates of which are
after the filing of the bankruptcy case, the pendency of
pursuit of such appeals by Mr. Collins after the filing of
the bankruptcy case does not convert his claims from pre-
petition claims into post-petition claims.  The claims arose
and had their roots in his termination by the city, which
occurred before the filing of the bankruptcy case.  Mr.
Collins also has argued that the city, in filing the 11
claims or charges of discipline against him and pursuing the
disciplinary proceedings that led to his termination on July
6, 2013, and the disciplinary proceedings that occurred
between July 8 and July 11, 2013, all pre-petition actions
and events, were part of an effort by the city to deprive Mr.
Collins of his rights under the collective bargaining
agreement and otherwise by essentially circumventing the
grievance process that had been going on relating to Mr.
Collins' request for reinstatement to his position after he
was acquitted of the criminal charges brought against him.
That conduct by the city, however, an attempted -- what Mr.
Collins described as an attempted circumvention of the
grievance process that the city engaged in, according to Mr.
Collins, also occurred before the filing of the city's
bankruptcy case.

          All of these undisputed facts, in my view, make it

very clear under the law that Mr. Collins' claims that are
asserted in the federal court action against the city must be
deemed to be pre-petition claims, and, therefore, Mr. Collins
is barred and enjoined by the confirmed plan of adjustment
from pursuing them in the federal court action that he filed.

The published opinion of mine that I referred to and
which I entered in this bankruptcy case on April 19, 2016,
dealt at some length with the whole issue about what is a
pre-petition as opposed to a post-petition claim and dealt
with three different types of claims brought against the city
by different people and persons and entities and made rulings
about which of those claims were pre-petition claims and
barred by -- and enjoined by the plan of adjustment and which
were not.  The opinion is -- and I'm going to just -- I'm
relying on this opinion and incorporating and reiterating
what it says regarding the law on this subject of what's a
pre-petition claim and so forth -- is published at 548
Bankruptcy Reporter 748, 548 Bankruptcy Reporter 748.  It's
an opinion of the Court filed April 19, 2016, and it
discusses particularly at 548 Bankruptcy Reporter, pages 761
through 763, the law and the standards of what applies --
what a pre-petition claim is and how the Court determines
whether a claim is pre-petition that arose before the filing
of the bankruptcy petition and adopts what is sometimes
referred to as the fair contemplation test.  I won't go into

1   great detail about what that test is and what it means and

2   how it's applied because I'm just incorporating by reference

3   the lengthy discussion of that in the pages of the opinion

4   that I just cited.  I do cite, though -- also cite as an

5   analogy to the situation and the claims of Mr. Collins the

6   claims of Tanya Hughes that are discussed at length beginning

7   at page -- 548 Bankruptcy Reporter at page 765 of the Court's

8   prior opinion and concluded that Ms. Hughes had -- who had

9   asserted employment discrimination against the city, had a

10  claim that the Court deemed to have arisen before the filing

11  of the bankruptcy petition.  The reasoning of the Court and

12  the application of the fair contemplation test to Ms. Hughes

13  and her factual situation, in my view, which I reiterate and

14  still believe is correct under the law, supports and I think

15  strongly supports my analogy, what I have said and what I'm

16  ruling and what I have held and found in this bench opinion

17  regarding Mr. Collins' claims and how they are claims that

18  arose before the filing of the bankruptcy petition, so the

19  city's motion must and will be granted to the extent I have

20  described.  I will ask Mr. Swanson, on behalf of the city, to

21  please submit the proposed order to the Court that was

22  attached to the motion.  I will take care of revising it to

23  conform to my ruling today, and so, Mr. Swanson, don't make

24  any changes to the order.  Just submit it as is, and I'll

25  waive presentment of that order.

1    The Court does not intend to rule now or at least
2 not expressly rule regarding -- or express a detailed final
3 ultimate opinion regarding any issues that may arise if and
4 when Mr. Collins seeks to assert on his own behalf the claim
5 that was filed in the city's bankruptcy case by the union,
6 which was filed on a timely basis and which listed Mr.
7 Collins as one of the individuals whose claims the claim --
8 proof of claim was designed to be on behalf of and to protect
9 nor does the Court express any final or ultimate view or
10 opinion -- and I'm not making an ultimate final ruling
11 today -- as to whether or to what extent Mr. Collins may have
12 a basis for otherwise asserting his own claim against the
13 city in the bankruptcy case here, although I do note that the
14 deadline for filing proofs of claim in this bankruptcy case
15 has long ago passed, and that's just a matter of record
16 within the case.  It was February of 2014, I believe, was the
17 date when that deadline fell.  So these issues are issues
18 that the Court is not expressing a final view or ruling on
19 because I don't think it's necessary to do so in order to
20 rule on this motion and the relief sought by the city in this
21 motion, so I'm going to grant the motion to the extent I've
22 indicated, and I'll revise the order that's going to be
23 submitted by the city and get that entered.  Thank you all.
24    THE CLERK:  All rise.  Court is adjourned.
25    (Proceedings concluded at 3:58 p.m.)

INDEX

<u>WITNESSES:</u>

    None

<u>EXHIBITS:</u>

    None


     I certify that the foregoing is a correct transcript from the sound recording of the proceedings in the above-entitled matter.


/s/ Lois Garrett                          February 7, 2017
_____          _____
Lois Garrett