# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST UNICA INSURANCE INCORPORATED F/K/A YORK FIRE AND CASUALTY INSURANCE COMPANY

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof Against Unica Insurance Incorporated F/K/A York Fire and Casualty Insurance Company ("Motion"). In support of this Motion, the City respectfully states as follows:

## I.    Introduction

1.    Unica Insurance Incorporated F/K/A York Fire and Casualty Insurance Company ("Unica") seeks to continue its pre-petition lawsuit against the City despite failing to file a proof of claim in the City's bankruptcy case as required by the Bar Date Order. In accordance with the Bar Date Order, the City

28549693.3\022765-00213

seeks an order barring and permanently enjoining Unica from asserting claims against the City or property of the City, and requiring Unica to dismiss its lawsuit with prejudice. Further, the claims asserted by Unica were previously settled pursuant to a settlement agreement executed by Unica's insured and should be dismissed with prejudice for this additional reason.

## II.    Factual Background

### A.    The Bar Date Order

2.     On July 18, 2013 ("<u>Petition Date</u>"), the City filed this chapter 9 case.

3.     On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof [Doc. No. 1782] ("<u>Bar Date Order</u>").

4.     The Bar Date Order established February 21, 2014 ("<u>General Bar Date</u>") as the deadline for filing claims against the City. Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

28549693.3\022765-00213

13-53846-tjt    Doc 11792    Filed 02/22/17    Entered 02/22/17 13:38:38    Page 2 of 69

5. The type of claim asserted by Unica in its pre-petition lawsuit was and remains subject to the General Bar Date.

6. Paragraph 22 of the Bar Date Order also provides that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

7. The Bar Date Order also approved the form and manner of notice of the Bar Dates. *See e.g.* Bar Date Order ¶¶ 3, 23-26. In accordance with the Bar Date Order, notice of the General Bar Date was published in several newspapers. [Doc. Nos. 3007, 3008, 3009].

8. The Bar Date Order provides that this Court retains "jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order." Bar Date Order ¶ 29.

### B. The Pre-Petition Lawsuit

9. In 2008, Shawntay Marlo Johnson ("Ms. Johnson"), Tamesha Scott, a minor by her litigation guardian Shawntay Marlo Johnson ("Ms. Scott"), and Terry Scott, a minor, by his litigation guardian, Shawntay Marlo Johnson ("Mr. Scott" and together with Ms. Scott and Ms. Johnson, the "Plaintiffs") filed a complaint ("Complaint") against Unica, Danon Bell and the City in the Ontario, Canada Superior Court of Justice, commencing case number 08-11700. The Complaint is attached as Exhibit 6A.

10. As set forth in the complaint, the Plaintiffs allege that on September 4, 2007, Ms. Johnson was driving on Jefferson Avenue in Detroit when

> an unidentified automobile, traveling at an excessive rate of speed in the lane of travel to her left, suddenly and without warning, entered her lane precipitously in front of her vehicle and created an emergency for her, causing her to apply her brakes quickly and swerve into the lane on her right to avoid a crash with the said unidentified automobile. Upon swerving into the said lane and slowing, the Plaintiff's Motor Vehicle was struck from the rear by the Defendant DETROIT's Motor Vehicle.

Complaint ¶ 10.

11. The Plaintiffs allege that defendant Danon Bell drove the City's motor vehicle. Complaint ¶¶ 6-7. Ms. Johnson further alleges that her insurance company, Unica, is liable to her for damages due to the actions of the unidentified automobile. Complaint ¶¶ 5, 13. Plaintiffs Mr. Scott and Ms. Scott allege that "as a result of the negligen[t] unknown motorist, the Defendant DANON BELL, and

the resultant injury to SHAWNTAY MARLO JOHNSON, that they have expended sums of money on her, have provided nursing, domestic, housekeeping, support services and transportation for her, have lost income and have lost the guidance, care and companionship reasonably expected from her, and the Plaintiffs claim damages…" Complaint ¶ 20.

12.     On or about February 9, 2009, Unica filed its statement of defence and crossclaim ("Crossclaim").  The Crossclaim is attached as Exhibit 6B.  As set forth in the Crossclaim, Unica asserted claims against Danon Bell and the City for, among other things, contribution and indemnity for any damages that Unica is ordered to pay to the Plaintiffs. Crossclaim ¶ 15.   Unica also asserted claims against Ms. Johnson. Crossclaim, p. 2.

### C.     The Plaintiffs' Proofs of Claim and Subsequent Settlement

13.     On February 18, 2014, each of the Plaintiffs filed proofs of claim in the City's bankruptcy case asserting claims related to the motor vehicle accident described in the Complaint ("Proofs of Claim").  The Proofs of Claim are attached as  Exhibits 6E-6G.[1]   Unica did not file a proof of claim in the City's bankruptcy case.

---

[1] The exhibits to Ms. Johnson's claim are over 600 pages.  As a result, the City did not include them with this filing.

14.     The City and the Plaintiffs entered into a settlement agreement with respect to the Proofs of Claim ("Settlement Agreement").   The Settlement Agreement is attached as Exhibit 6C.   The Settlement Agreement provides

> As to the Filed Claims and Settled MVA Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known or unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City; provided, however, for PPI Claims, Claimant does not release claims arising after July 18, 2013, except to the extent such claims have been paid.   The Claimant acknowledges that this Agreement represents the compromise of a disputed claim and is not to be construed as an admission of liability on the part of the City.  As used in this Agreement, the Claimant and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any.

Settlement Agreement ¶ 9.

15.     Consequently, the claims asserted in the Crossclaim by Unica were released pursuant to the Settlement Agreement.

## III.     Argument

16.     Unica did not file a proof of claim in the City's bankruptcy case for the claims asserted in the Crossclaim.   Consequently, pursuant to the Bar Date Order, Unica is "forever barred, estopped and enjoined from…asserting any claim against the City or property of the City."  Bar Date Order ¶ 22.  As Unica's actions violate the Bar Date Order, the Crossclaim must be dismissed with prejudice.

28549693.3\022765-00213

17.    Furthermore, the claims asserted in the Crossclaim were released pursuant to paragraph 9 of the Settlement Agreement.  Here, the Plaintiffs released the City from "any and all liability, actions, damages and claims…known or unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City." Settlement Agreement ¶ 9. Consequently, Unica cannot recover on the claims asserted in the Crossclaim because the Plaintiffs released the City from those claims. *See  Auto-Owners Ins. Co. v. Edward D. Jones & Co. Employee Health & Welfare Program*, 759 F. Supp. 2d 895, 900 (W.D. Mich. 2010) (An insurer suing for reimbursement steps into the shoes of the insured and may sue on the same claim that would have been available to the insured. Under Michigan law, it is well-established that the subrogee acquires no greater rights than those possessed by the subrogor.). For this additional reason, the Crossclaim should be dismissed with prejudice.

**IV.    Conclusion**

18.    The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing Unica to dismiss, or cause to be dismissed, with prejudice the Crossclaim; and (b) permanently barring, estopping and enjoining Unica from asserting the claim alleged in or claims related to the Crossclaim against the City or property of the

City. The City sought, but did not obtain, concurrence to the relief requested in the Motion. *See* Exhibit 6D.

Dated: February 22, 2017

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

- and -

CITY OF DETROIT LAW DEPARTMENT

Charles N. Raimi (P29746)
James Noseda (P52563)
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone: (313) 237-5037
Email: raimic@detroitmi.gov

28549693.3\022765-00213

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**EXHIBIT LIST**

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice of Opportunity to Object |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6A | Complaint |
| Exhibit 6B | Crossclaim |
| Exhibit 6C | Settlement Agreement |
| Exhibit 6D | Letter to Unica's Counsel |
| Exhibit 6E | Ms. Johnson's Proof of Claim |
| Exhibit 6F | Ms. Scott's Proof of Claim |
| Exhibit 6G | Mr. Scott's Proof of Claim |

# EXHIBIT 1 – PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST UNICA INSURANCE INCORPORATED F/K/A YORK FIRE AND CASUALTY INSURANCE COMPANY

This matter, having come before the Court on the Motion to Enforce Order,

Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy

Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and

Approving Form and Manner of Notice Thereof Against Unica Insurance

Incorporated F/K/A York Fire and Casualty Insurance Company ("Motion")[2], upon

proper notice and a hearing, the Court being fully advised in the premises, and

there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

---

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Motion.

1.     The Motion is granted.

2.     Within five days of the entry of this Order, Unica Insurance Incorporated F/K/A York Fire and Casualty Insurance Company ("Unica") will dismiss, or cause to be dismissed, with prejudice the Crossclaim it filed on or about February 9, 2009, in the Ontario Superior Court of Justice, Court File Number 08-11700 CM ("Unica Lawsuit").

3.     Unica is permanently barred, estopped and enjoined from asserting any claims arising from or related to the Unica Lawsuit against the City of Detroit or property of the City of Detroit.

4.     The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

## EXHIBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST UNICA INSURANCE INCORPORATED F/K/A YORK FIRE AND CASUALTY INSURANCE COMPANY

The City of Detroit has filed its Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof Against Unica Insurance Incorporated F/K/A York Fire and Casualty Insurance Company.

**Your rights may be affected.  You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of

Claim and Approving Form and Manner of Notice Thereof Against Unica Insurance Incorporated F/K/A York Fire and Casualty Insurance Company, within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
　　　Marc N. Swanson (P71149)
　　　150 West Jefferson, Suite 2500
　　　Detroit, Michigan 48226
　　　Telephone: (313) 496-7591
　　　Facsimile: (313) 496-8451
　　　swansonm@millercanfield.com

Dated: February 22, 2017

# EXHIBIT 3 – NONE

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 22, 2017, he served a copy of the foregoing **CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST UNICA INSURANCE INCORPORATED F/K/A YORK FIRE AND CASUALTY INSURANCE COMPANY** upon the persons listed below via international registered mail:

Unica's Counsel:
Mr. Bruce R. Mitchell
Mitchell & Associates
Barristers & Solicitors
201-1922 Wyandotte Street East
Windsor, Ontario N8Y 1E4
Canada

Unica Insurance Inc.
7150 Derrycrest Drive
Mississauga, Ontario, L5W 0E5
Canada

Unica Insurance Inc.
Pierre Marc Bellavance
625 Jacques-Parizeau
Quebec Qc G1R 2G5
Canada

DATED:  February 22, 2017

<div style="margin-left: 40%;">
By: /s/ Marc N. Swanson<br>
Marc N. Swanson (P71149)<br>
150 West Jefferson, Suite 2500<br>
Detroit, Michigan 48226<br>
Telephone: (313) 496-7591<br>
Facsimile: (313) 496-8451<br>
swansonm@millercanfield.com
</div>

# EXHIBIT 5 – NONE

# EXHIBIT 6A – COMPLAINT

*City of DTW*

# ONTARIO
## SUPERIOR COURT OF JUSTICE

**B E T W E E N :**

SHAWNTAY MARLO JOHNSON, TAMESHA SCOTT, a minor, by
her litigation guardian SHAWNTAY MARLO JOHNSON, and
TERRY SCOTT, a minor, by his litigation guardian,
SHAWNTAY MARLO JOHNSON

Plaintiffs

--CITY CLERK-

- and -

15 DEC 03  8 : 49

YORK FIRE AND CASUALTY INSURANCE COMPANY, DANON BELL
and THE CITY OF DETROIT

*Amended*

Defendant

## STATEMENT OF CLAIM

TO THE DEFENDANT(S)

A LEGAL PROCEEDING HAS BEEN FILED AGAINST YOU by the
plaintiff(s). The claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario
lawyer acting for you must prepare a statement of defence in Form 18A prescribed by
the Rules of Civil Procedure, serve it on the plaintiff(s), lawyers(s) or, where the
plaintiff(s) do(es) not have a lawyer, serve it on the plaintiff(s), and file it, with proof of
service, in this court office, WITHIN TWENTY DAYS after this statement of claim is
served on you, if you are served in Ontario.

If you are served in another province or territory in Canada or in the United
States of America, the period for serving and filing your statement of defence is forty
days. If you are served outside Canada and the United States of America, the period is
sixty days.

Instead of serving and filing a statement of defence, you may serve and
file a notice of intent to defend in Form 18B prescribed by the Rules of Civil Procedure.

Amended this 22nd day of October 2008 as pursuant
to rule 26:02 (q) .                    registrar at Windsor per: *Karen Bisso*

This will entitle you to ten more days within which to serve and file your statement of defence.

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU. IF YOU WISH TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

Date: SEP 0 2 2009          Issued By: _____

Registrar
245 Windsor Avenue
Windsor, Ontario
N9A 1J2

**TO:**

YORK FIRE AND CASUALTY INSURANCE COMPANY
Suite 400-7120 Hurontario Street
Mississauga, Ontario
L5W 0B2

Danon Bell
c/o Detroit Police Department
20 Atwater
Detroit, Michigan
48226

City of Detroit
c/o City Clerk
Janice M. Winfrey
200 Coleman A. Young Municipal Center
Two Woodward Avenue
Detroit, MI 48226

C L A I M

1.          The Plaintiff, SHAWNTAY MARLO JOHNSON, claims:

(a)      Special Damages in an amount which is presently unascertained, together with such further and other Special Damages as may arise between the date hereof and the date of trial herein, or other disposition of this matter, the amount of which will be furnished to the Defendant;

(b)      General Damages in the aggregate amount of ONE MILLION DOLLARS ($1,000,000.00);

(c)      Pre–judgment interest in accordance with the Courts of Justice Act, R.S.O. 1990, Chapter C.43, Section 128 and amendments thereto;

(d)      Costs of this action, together with a sum equal to the Canadian Goods and Services Tax (GST) thereon;

(e)      Such further and other relief as to this Court may seem just.

2.       The Plaintiffs, TAMESHA SCOTT and TERRY SCOTT, claim:

(a)      Special Damages in an amount which is presently unascertained, together with such further and other Special Damages as may arise between the date hereof and the date of trial herein, or other disposition of this matter, the amount of which will be furnished to the Defendant;

(b)      General Damages in the aggregate amount of One Hundred and Fifty Thousand Dollars ($150,000.00);

(c)      Pre–judgment interest in accordance with the Courts of Justice Act, R.S.O. 1990, Chapter C.43, Section 128 and amendments thereto;

(d)                Costs of this action, together with a sum equal to the Canadian Goods and Services Tax (GST) thereon;

(e)                Such further and other relief as to this Court may seem just.

3.               The Plaintiff, SHAWNTAY MARLO JOHNSON, resides in the Town of Amherstburg, County of Essex and Province of Ontario, and was at all material times:

        a) the owner and operator of a 1999 Chevrolet Motor Vehicle, hereinafter called the Plaintiff's Motor Vehicle,

        b) an 'eligible claimant' within the meaning of the Family Protection Endorsement, OPCF 44R, in connection with the policy of insurance referred to in paragraph 3 hereof, and

        c) 'a person insured under the contract' within the meaning of section 265 of the Insurance Act, R.S.O. 1990, C. I. 8, in connection with the policy of insurance referred to in paragraph 3 hereof.

4.               The Plaintiffs, TAMESHA SCOTT and TERRY SCOTT are children of the Plaintiff, SHAWNTAY MARLO JOHNSON, and reside with the Plaintiff.

5.               The Defendant, YORK FIRE AND CASUALTY INSURANCE COMPANY, is a general insurance company, organized under the laws of Canada, licensed to write automobile insurance policies in the Province of Ontario, and was at all material times the insurer of the Plaintiff, pursuant to a policy of automobile insurance, being policy number YFHOAP148350, in force at all material times herein.

6.	The Defendant, CITY OF DETROIT, is a municipal corporation, incorporated under the Laws of the State of Michigan, United States of America, and was at all material times, the owner of the vehicle operated by its co-defendant, DANON BELL.

7.	The Defendant, DANON BELL, resides in the City of Detroit, State of Michigan and United States of America, and was at all material times, the operator of a Ford Motor Vehicle, bearing Michigan licence 087X200, hereinafter called the Defendant DETROIT's Motor Vehicle.

8.	The Plaintiff states that at all material times, the Defendant, YORK FIRE AND CASUALTY INSURANCE COMPANY, insured her, pursuant to the said policy of automobile insurance, referred to in paragraph 3, above, and in particular:

a)	the Limited Accident Insurances, Uninsured Automobile Coverage, legislated by s. 265 of the Ontario Insurance Act, R.S.O. 1990, c I.8, and amendments thereto, and

b)	Family Protection Endorsement, OPCF 44R, for damages caused by an unidentified automobile and for damages sustained by her in excess of that provided by the S.5 of the said policy and Section 265 insurance hereinbefore referred to, as calculated in accordance with the provisions of the said Endorsement.

9.	On or about the 4th day of September, 2007, at or about the hour of 12:20 o'clock in the forenoon, the Plaintiff, SHAWNTAY MARLO JOHNSON, was operating the Plaintiff's Motor Vehicle in an easterly direction on Jefferson Avenue East, approximately 60 feet east of its intersection with Jefferson Avenue, in the City of Detroit, State of Michigan, one of the United States of America, when an unidentified

automobile, traveling at an excessive rate of speed in the lane of travel to her left, suddenly and without warning, entered her lane precipitously in front of her vehicle and created an emergency for her, causing her to apply her brakes quickly and swerve into the lane on her right to avoid a crash with the said unidentified automobile. Upon swerving into the said lane and slowing, the Plaintiff's Motor Vehicle was struck from the rear by the Defendant DETROIT's Motor Vehicle.

10.     The Plaintiff states and the fact is that the aforesaid striking and collision resulted in injuries to the Plaintiff, SHAWNTAY MARLO JOHNSON, as hereinafter more particularly set forth, which injuries were caused exclusively by the negligence and gross negligence of either or both the operator of the unidentified automobile, for whom the Defendant YORK FIRE AND CASUALTY INSURANCE COMPANY is legally liable, and the Defendant DANON BELL, for whom the Defendant CITY OF DETROIT is legally liable.

11.     The Plaintiff allege that the particulars of the negligence of the operator of the unidentified automobile consisted of:

a)      failing to keep a proper or any lookout;

b)      failing to apply the brakes of the said unidentified automobile in time or at all, or in the alternative, operating or continuing to operate a motor vehicle with defective brakes;

c)      on the occasion in question, being an incompetent driver owing to fatigue, emotional upset, lack of appreciation of the rules of the road, or the ingestion of drugs or alcohol;

d) failing to keep the said unidentified automobile under proper control;

e) driving at an excessive and immoderate rate of speed under the circumstances;

f) being lacking in reasonable skill and self–command, taking and remaining in charge of a motor vehicle;

g) upon seeing or becoming aware of factors capable of demonstrating an accident was likely to occur, failing to take reasonable steps to avoid it;

h) operating and driving a motor vehicle which the said operator of the unidentified automobile knew or ought to have known was in a faulty state of repair and not in safe operating condition;

i) having the last clear chance of avoiding the said collision, but failing so to do;

j) making or attempting an illegal or improper pass;

k) passing or attempting to pass, or turning at a time when it was unsafe to do so;

l) moving from a place of safety to a place of danger and failing to give the JOHNSON Motor Vehicle the right of way to which it was entitled;

m)      creating an emergency from which the Plaintiff was unable to extricate herself;

n)      failing to see the Plaintiff's Motor Vehicle, or having seen it, failing to take steps to avoid colliding with it;

o)      failing to drive and operate the unidentified automobile on a highway in a careful and prudent manner, having regard to all the circumstances, including the nature and use of the highway, and the traffic which might reasonably be expected to be thereon;

p)      driving the unidentified automobile in a wanton and reckless manner;

q)      being in an unfit and improper condition to be operating a motor vehicle.

12.      As to the Defendant, DANON BELL, the Plaintiff alleges that his negligence consisted of:

a)      failing to keep a proper or any lookout;

b)      failing to apply the brakes of the said Defendant's Motor Vehicle in time or at all, or in the alternative, operating or continuing to operate a motor vehicle which he knew or ought to have known, had defective brakes;

c)      on the occasion in question, being an incompetent driver owing to fatigue, emotional upset, lack of appreciation of the rules of the road, or the ingestion of drugs or alcohol;

d)      failing to keep the said Defendant's Motor Vehicle under proper control;

e)      driving at an excessive and immoderate rate of speed under the circumstances;

f)      being lacking in reasonable skill and self—command, taking and remaining in charge of a motor vehicle;

g)      upon seeing or becoming aware of factors capable of demonstrating an accident was likely to occur, failing to take reasonable steps to avoid it;

h)      operating and driving a motor vehicle which the said Defendant knew or ought to have known was in a faulty state of repair and not in safe operating condition;

i)      having the last clear chance of avoiding the said collision, but failing so to do;

j)      making an improper turn;

k)   failing to see the Plaintiff's Motor Vehicle, or having seen it, failing to take steps to avoid colliding with it;

l)   failing to drive and operate the Defendant's Motor Vehicle on a highway in a careful and prudent manner, having regard to all the circumstances, including the nature and use of the highway, and the traffic which might reasonably be expected to be thereon;

m)   driving the Defendant's Motor Vehicle in a wanton and reckless manner;

n)   being in an unfit and improper condition to be operating a motor vehicle;

o)   attempting to overtake and pass the Plaintiff's Motor Vehicle, without first being certain that the same could be done in safety;

p)   following the Plaintiff's Motor Vehicle more closely than was reasonable or prudent, having due regard for the speed of such vehicle, and the traffic on and the conditions of the highway.

13.   The Plaintiff states that the unidentified automobile is an 'unidentified automobile', within the meaning of the said Section 265 of The Insurance Act, R.S.O. 1990, Chapter I.8, and that YORK FIRE AND CASUALTY INSURANCE COMPANY, is therefore liable to the Plaintiff for damages sustained by her, as a result of the aforesaid collision.

14.	Further, by reason of the extent of the Plaintiff's claims, and by reason of the absence of applicable and collectible bodily injury liability and property damage liability insurance for the ownership, use or operation of the unidentified automobile, available to the Plaintiff, in the circumstances, the said unidentified automobile is an uninsured motor vehicle as defined in S.5 of the said policy issued by YORK FIRE AND CASUALTY INSURANCE COMPANY, and the said section 265, and further the owner and/or driver of the unidentified automobile is 'an inadequately insured motorist' within the meaning of the Family Protection Endorsement, OPCF 44R, which forms a part of the Plaintiff's insurance policy. In that regard, the Defendant, YORK FIRE AND CASUALTY INSURANCE COMPANY, is liable to the Plaintiff, within the limits of the endorsement, to that extent.

15.	As a result of the said collision, the Plaintiff, SHAWNTAY MARLO JOHNSON, has suffered and will continue to suffer permanent serious impairment of important physical, mental or psychological function or functions, and permanent serious disfigurement, the particulars of which include but are not limited to the following:

Injury to the right shoulder, neck, head, jaw, right arm, right hand and fingers, right leg and knee, including herniated discs of the cervical and thoracic areas including C5-6, C6-7, C7-T1, T-2-T3, hypertrophy of the AcromioClavicular joint with impingement.

16.	As a result of the said collision, the said Plaintiff has experienced and will continue to experience continuous pronounced pain and suffering and marked limitation of motion and function, in the affected areas, which has required and will

continue to require further medical and hospital treatment. In addition, the said Plaintiff has been and will be in the future physically unable to enjoy and pursue various activities, educational undertakings and employment in which she was accustomed to participating previously.

17.        Further, the Plaintiff, SHAWNTAY MARLO JOHNSON, has been and will be totally disabled from working by reason of her injuries and their sequelae, and claims therefor from the Defendants for the lost income on that account.

18.        Further, and for greater certainty, the Plaintiff, SHAWNTAY MARLO JOHNSON, pleads that, by reason of the injuries sustained in the said motor vehicle accident, she will in the future be unable to educate herself, maintain steady employment, her position in the labour force has been severely compromised, her career path will become frustrated and she will, as a result, be economically prejudiced by reason of the same.

19.        As a result of the said striking and resultant injury, the Plaintiff, SHAWNTAY MARLO JOHNSON, has suffered and will in the future suffer economic loss, full particulars of which will be furnished to the Defendants.

20. ·        · The Plaintiffs, TAMESHA SCOTT, born the 11th day of December, 1990, and TERRY SCOTT, born the 26th day of August, 1992, state and the fact is that as a result of the negligence of the unknown motorist, the Defendant DANON BELL, and the resultant injury to SHAWNTAY MARLO JOHNSON, that they have expended sums of money on her, have provided nursing, domestic, housekeeping, support services, and transportation for her, have lost income and have lost the guidance, care and

companionship reasonably expected from her, and the said Plaintiffs claim damages and plead and rely upon The Family Law Act, R.S.O. 1990, Chapter F.3, Section 61 and amendments thereto.

The Plaintiffs propose that this action be tried at Windsor, Ontario.

Sept 2 | 08

STEPHEN L. SHANFIELD
LAW OFFICE OF STEPHEN SHANFIELD
880 Ouellette Avenue, Suite 333
Windsor, Ontario - N9A 1C7
LSUC #: 14541T
(519) 258-3338
(519) 258-3335 (Fax)
Lawyer for the Plaintiffs.

companionship reasonably expected from her, and the said Plaintiffs claim damages and plead and rely upon The Family Law Act, R.S.O. 1990, Chapter F.3, Section 61 and amendments thereto.

21.          The Plaintiffs rely upon the provisions of Rule 17.02 (o) and 17.02 (h) of the Rules of Civil Procedure in support of service of this originating process out of Ontario, on the basis that, because of the facts hereinbefore pleaded, the Defendants DANON BELL and the CITY OF DETROIT are necessary and proper parties to these proceedings against the Defendant, YORK FIRE AND CASUALTY INSURANCE COMPANY, and by reason of the damage sustained in Ontario arising from the Tort committed by DANON BELL and the CITY OF DETROIT.

The Plaintiffs propose that this action be tried at Windsor, Ontario.

*Spt 2/08*

STEPHEN L. SHANFIELD
LAW OFFICE OF STEPHEN SHANFIELD
880 Ouellette Avenue, Suite 333
Windsor, Ontario - N9A 1C7
LSUC #: 14541T
(519) 258-3338
(519) 258-3335 (Fax)
Lawyer for the Plaintiffs.

SHAWNTAY MARLO JOHNSON et al     -and-     YORK FIRE AND CASUALTY INSURANCE COMPANY et al

Court file no. CV-08- $1\mathord{\mid}7\bigcirc\bigcirc$  CM

**ONTARIO
SUPERIOR COURT OF JUSTICE**

Proceedings commenced at Windsor

*Amended*

**STATEMENT OF CLAIM**

LAW OFFICE OF STEPHEN SHANFIELD
880 Ouellette Avenue, Suite 333
Windsor, Ontario
N9A 1C7
(519) 258-3338
(519) 258-3335 (Fax)
LSUC #: 14541T
LAWYER FOR THE PLAINTIFFS.

# EXHIBIT 6B – CROSSCLAIM

Court File No. CV-08-11700 CM

*ONTARIO*
SUPERIOR COURT OF JUSTICE

BETWEEN:

SHAWNTAY MARLO JOHNSON,
TAMESHA SCOTT, a minor,
by her litigation guardian Shawntay Marlo Johnson, and
TERRY SCOTT, a minor
by his litigation guardian, Shawntay Marlo Johnson

Plaintiffs

-and-

YORK FIRE AND CASUALTY INSURANCE COMPANY,
DANON BELL and THE CITY OF DETROIT

Defendants

## STATEMENT OF DEFENCE AND CROSSCLAIM
## OF THE DEFENDANT YORK FIRE AND CASUALTY
## INSURANCE COMPANY

1.      The Defendant, York Fire & Casualty Insurance Company (hereinafter referred to as "York Fire") admits the allegations contained in paragraphs 3, 4, 5, 6, 7, 8, and 12 of the Amended Statement of Claim.

2.      The Defendant, York Fire denies the allegations contained in paragraphs 1, 2, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20 and 21 of the Amended Statement of Claim.

3.      The Defendant, York Fire, denies that this motor vehicle accident occurred as a result of

2

the negligence of an uninsured and/or unidentified motor vehicle, as those terms are defined in the *Insurance Act*, R.S.O., c. I.9, as amended, and the regulations thereunder, and the OPCF 44R endorsement that was in force at the time of the motor vehicle accident. The Defendant York Fire pleads that this accident was caused by the negligence of the plaintiff, Shawntay Marlo Johnson, and/or the defendant, Danon Bell, for whose negligence the City of Detroit is liable, the particulars of which are as follows:

AS AGAINST THE PLAINTIFF, SHAWNTAY MARLO JOHNSON:

(a)   being an incompetent driver on the occasion in question, lacking in reasonable skill and self-command, who ought not to have attempted to operate a motor vehicle;

(b)   driving without maintaining a proper or any lookout;

(c)   failing to have the motor vehicle she was operating under proper control;

(d)   driving at a high and excessive rate of speed having regard to the road, weather, and traffic conditions;

(e)   driving a motor vehicle with defective brakes, windshield, headlights, and steering equipment;

(f)   failing to apply her brakes in time to avoid a collision;

(g)   applying her brakes improperly, suddenly and without affording the Defendant, Bell, and/or the unidentified motor vehicle a reasonable opportunity to avoid her;

(h)   failing to yield the right-of-way to the motor vehicle of the Defendant, Bell, or the

3

unidentified motor vehicle;

(i)    operating a motor vehicle when her ability to do so was affected by fatigue; and

(j)    operating a motor vehicle while under the influence of intoxicants or drugs.


AS AGAINST THE DEFENDANT, DANON BELL:

(a)    being an incompetent driver on the occasion in question, lacking in reasonable skill and self-command, who ought not to have attempted to operate a motor vehicle;

(b)    driving without maintaining a proper or any lookout;

(c)    failing to have the motor vehicle he was operating under proper control;

(d)    driving at a high and excessive rate of speed having regard to the road, weather, and traffic conditions;

(e)    driving a motor vehicle with defective brakes, windshield, headlights, and steering equipment;

(f)    failing to apply his brakes in time to avoid a collision;

(g)    applying his brakes improperly, suddenly and without affording the Plaintiff, Johnson, a reasonable opportunity to avoid him;

(h)    failing to yield the right-of-way to the motor vehicle of the Plaintiff, Johnson;

(i)    operating a motor vehicle when his ability to do so was affected by fatigue; and

4

(j)      operating a motor vehicle while under the influence of intoxicants or drugs.

4.    The Defendant, York Fire, pleads that the extent of its liability is limited to the minimum limits of the State of Michigan and pleads and relies upon subsection 2(1) of *Ontario Regulation* 676, R.R.O. 1990, as amended.

5.    The Defendant, York Fire pleads that if the defendants, Danon Bell and/or the City of Detroit, are found to be at least 1% liable for this accident, then York Fire is not obligated to pay any amount to the Plaintiffs. The Defendant, York Fire pleads and relies upon subsection 2(1) of *Ontario Regulation* 676, R.R.O. 1990, as amended.

6.    The Defendant, York Fire pleads that the plaintiff is unable to recover any damages under the OPCF 44R endorsement on the basis of the involvement of an unidentified automobile unless the plaintiff can corroborate the involvement of such automobile by other material evidence, as defined by the OPCF 44R endorsement. The Defendant, York Fire, pleads and relies upon section 1.5 of the OPCF 44 R endorsement.

7.    The Defendant, York Fire pleads that the plaintiff is unable to recover any damages under the OPCF 44 R endorsement because the amount of insurance available to the defendants, Bell and The City of Detroit, exceed the policy limits available under the OPCF 44R and that the defendant Bell is at least 1% liable for this accident.

8.    The Defendant, York Fire, denies that the Plaintiff sustained the damages and injuries as

alleged and pleads that same are a result of a pre-existing condition and unrelated to any act or neglect on the part of the Defendants and or an unidentified motor vehicle.

9.     The Defendant, York Fire, pleads that it has been released to the extent of all insurance benefits received or available to the Plaintiff pursuant to the provisions of the *Insurance Act*, R.S.O. 1990, c. I. 8, as amended.

10.     The Defendant, York Fire, pleads that the Plaintiff contributed to her own injuries by her failure to wear the available seat-belt restraint and relies upon the provisions of the *Negligence Act*, R.S.O. 1990, c. N. 1 and amendments thereto.

11.     The Defendant, York Fire, pleads that the Plaintiff does not suffer a permanent and serious impairment of an important physical, mental or psychological function or a permanent and serious disfigurement and denies that the Plaintiff is entitled to maintain this action. The Defendant relies upon section 267.5 of the *Insurance Act, supra*.

12.     The Defendant, York Fire, pleads that the Plaintiff is unable to maintain this action and has failed to provide the Defendant with the information set out in section 258.3 of the *Insurance Act, supra* or any notice that is required pursuant to the provisions of the OPCF 44 Endorsement, section 265 of the Insurance Act or the Uninsured Provisions of the Automobile Insurance Policy.

13.     The Defendant, York Fire, pleads that the *Family Law Act* claims are not recoverable pursuant to the laws of Michigan and are not recoverable in this action.

6

14.    The Defendants therefore plead that this action be dismissed with costs.


## CROSSCLAIM


15.    The Defendant, York Fire, claims from the Defendants, Danon Bell and The City of Detroit:

   (a)    contribution and indemnity for any damages that the Defendant, York Fire, is ordered to pay to the plaintiffs;

   (a)    interest pursuant to the *Courts of Justice Act*, R.S.O. 1990, c. C. 43 and amendments thereto;

   (b)    its costs of this action and the crossclaim.


16.    The Defendant, York Fire, repeats the allegations contained in the Statement of Defence and pleads that if the defendant Danon Bell is 1% liable for this action, he or the City of Detroit is liable to reimburse the Defendant York Fire for their costs of this action.


DATE:        February 9, 2009              NICHOLSON, SMITH & PARTNERS
                                           Barristers and Solicitors
                                           295 Central Avenue
                                           London, Ontario  N6B 2C9

                                           **Spencer S. Nicholson**
                                           **LSUC No. 42571A**
                                           Tel: 519-679-3366
                                           Fax: 519-679-0958
                                           Solicitors for the Defendant York Fire

TO:          STEPHEN L. SHANFIELD
             LAW OFFICE OF STEPHEN SHANFIELD
             880 Ouellette Avenue, Suite 333
             Windsor, Ontario, N9A 1C7

             **LSUC#: 14541T**
             Tel: 519-258-3338
             Fax: 519-258-3335
             Lawyer for the plaintiffs

AND TO:      DANON BELL
             c/o Detroit Police Department
             20 Atwater
             Detroit, Michigan

AND TO:      THE CITY OF DETROIT
             c/o City Clerk
             Janice M. Winfrey
             200 Coleman A. Young Municipal Center
             Two Woodward Avenue
             Detroit, MI
             48226

Court File No. CV-08-11700 CM

*ONTARIO*
SUPERIOR COURT OF JUSTICE

Proceeding commenced at Windsor

**STATEMENT OF DEFENCE AND**
**CROSSCLAIM OF THE DFENDANT**
**YORK FIRE AND CASUALTY**
**INSURANCE COMPANY**

NICHOLSON SMITH & PARTNERS LLP
Barristers and Solicitors
295 Central Avenue
London, Ontario N6B 2C9

Spencer S. Nicholson
LSUC No. 42571A
Tel: 519-679-3366
Fax: 519-679-0958
Solicitors for the defendant York Fire

SSN
#08:5495

11-20-09 11:39    Pg: 9/12    NICHOLSON SMITH    5196798958    Fax sent by :

# **EXHIBIT 6C – SETTLEMENT AGREEMENT**



**GOLDSTEIN DEBIASE**
SERIOUS INJURY LAWYERS

William C. Goldstein, B.A., LL.B.
Michael DeBiase, LL.B.
Eddy D. Manzocco, B.A., M.B.A., LL.B. (1992 - 2011)
Colleen M. Caza, B.A., LL.B.
Monica Pathak, B.Sc/B.Ed., OCT, LL.B.

475 Devonshire Road · Windsor, Ontario N8Y 2L5 · Tel: (519) 253-5242 · Fax: (519) 253-0218 · www.gdmlawyers.com · gdm@gdmlawyers.com

November 24, 2015

*Via Fax & A-1 Courier*

Mr. Richard A. Dinham
Mousseau DeLuca McPherson Prince LLP
Barristers & Solicitors
500 – 251 Goyeau Street
Windsor, Ontario
N9A 6V2

| *Facsimile Transmission* | | |
|---|---|---|
| Fax Number: | R. Dinham | 519-258-6833 |
| | B. Mitchell | 519-263-6941 |
| Total Pages: | 13 | |
| If all pages not received, please call: | | |
| Sandra Dupuis at 519-253-5242 | | |

This fax transmittal may be solicitor-client privileged and contains confidential information intended only for the person(s) named in the letter. If you receive this transmission in error, please notify us at once and return the transmittal immediately without making a copy.

Dear Sirs:

RE: **Johnson v. York Fire, Bell and City of Detroit**
    Date of Loss:    **September 4, 2007**
    Our File No.:    7689001

Further to your correspondence of July 29, 2015, we are returning to you herewith the ADR Agreement and Medicare Affidavit duly executed by the plaintiffs.

We look forward to receiving the funds payable to *Goldstein DeBiase in trust* at your earliest opportunity.

Yours truly,

GOLDSTEIN DEBIASE

WILLIAM C. GOLDSTEIN

WCG*sd
encl.

cc:   Mr. Bruce R. Mitchell
      Mitchell & Associates

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
------------------------------------------------x
                                        :
In re                                   :   Chapter 9
                                        :
CITY OF DETROIT, MICHIGAN,              :   Case No. 13-53846
                                        :
                Debtor.                 :   Hon. Thomas Tucker
                                        :
------------------------------------------------x
```

## AGREEMENT RESOLVING CLAIM(S) OF SHAWNTAY MARLO JOHNSON

## THIS FORM IS FOR MOTOR VEHICLE CLAIMS ONLY

The City of Detroit (the "City") and the claimant(s) identified in paragraph 3 below (the "Claimant" and, together with the City, the "Parties"), by and through their respective authorized representatives, do hereby agree as follows:

### RECITALS

A.    On July 18, 2013, the City commenced the above-captioned case (the "Chapter 9 Case") by filing a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). On December 5, 2013, following its determination that the City met all of the applicable requirements and is eligible to be a debtor under chapter 9 of the Bankruptcy Code, the Bankruptcy Court entered the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) with respect to the City.

B.    Pursuant to section 904 of the Bankruptcy Code, the City may continue to exercise its political and governmental powers, manage its property and revenues and use and enjoy its income-producing property without interference from the Bankruptcy Court.

{K:\DOCS\LIT\NOSE\A32000\form\N3098.DOC}

C.    On December 24, 2013, the Bankruptcy Court entered the Order, Pursuant
to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution
Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302)
(the "ADR Order") establishing certain alternative dispute resolution procedures (collectively,
the "ADR Procedures") to promote the resolution of certain claims designated by the City.

D.    The Claimant is the current record holder of the proof[s] of claim
identified under the heading "Filed Claim Number" in the table in paragraph 3 below (the "Filed
Claim[s]").

E.    The City (i) reviewed the Filed Claim[s] and the facts and circumstances
of the alleged liabilities asserted therein and (ii) designated the Filed Claim[s] for potential
resolution through the ADR Procedures.

F.    The City believes that the resolution of the Filed Claim[s] as set forth in
this Agreement is fair, reasonable and appropriate and will allow the Parties to avoid the cost,
delay and burden of litigating potential disputes related to the Filed Claim[s]. In accordance with
the ADR Order, the resolution of the Filed Claim[s] set forth in this Agreement terminates the
ADR Procedures with respect to the Filed Claim[s] pursuant to section II.A.7 of the ADR
Procedures.

G.    Pursuant to section 904 of the Bankruptcy Code, the City is authorized to
propose and enter into this Agreement without further order of the Bankruptcy Court.

H.    The Parties have agreed to the terms set forth in this Agreement, as
indicated by the signatures of their respective authorized representatives below.

## AGREEMENT

1. The Claimant represents and warrants to the City that it has not sold, assigned, factored or otherwise transferred any portion of or interest in the Filed Claim[s] and is the sole holder of the Filed Claim[s], with full authority to enter into this Agreement. The Claimant further agrees to indemnify and hold the City harmless for any damages, including without limitation actual and reasonable out of pocket costs, resulting from a breach of its representations and warranties set forth in this paragraph.

2. The Eighth Amended Plan for the Adjustment of Debts Of The City of Detroit, approved by the Bankruptcy Court on November 12, 2014, provides different payment provisions for each of the three following category of claims arising from operation of City motor vehicles: (1) claims for personal protection benefits as provided by MCL 500.3107 and MCL 500.3108, for which insurance coverage is required by MCL 500.3101(1), ("PPI Claims"); (2) tort claims permitted by MCL 500.3135, for which residual liability insurance coverage is required by MCL 500.3101(1) and MCL 500.3135, ("Tort Claims"); and (3) claims for property protection benefits under MCL 500.3121 and MCL 500.3123 ("Property Claims"). Accordingly, it is necessary that this Settlement Agreement properly identify each type of claim.

3. Each of the Filed Claim[s] is deemed amended, modified and allowed, and to be paid as a PPI Claim, a Tort Claim or a Property Claim, as the case may be, in accordance with, and subject to the treatment provided for claims of that type under, any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan"), (any such claim, a "Settled MVA Claim"), in the corresponding amount set forth in the table below under the heading "Settled MVA Claim Amount." NOTE – if any bankruptcy claim combines two or more types of claims, the claims must be separated in the chart below:

| Claimant | Filed Claim Number | Filed Claim Amount | Filed MVA Claim Type- identify as a PPI, Tort or Property Claim | Settled MVA Claim Amount | Settled MVA Claim Type- identify as a PPI, Tort or Property Claim |
|---|---|---|---|---|---|
| Terry Scott | 1395 | 75,000.00 | MVA | 0.00 | Tort |
| Tamesha Scott | 1397 | 75,000.00 | MVA | 0.00 | Tort |
| Shawntay Marlo Johnson | 1412 | 1,000,000.00 | MVA | 45,000.00 | Tort |

For any Tort claims listed, identify all other bankruptcy claims that arise out of the same motor

vehicle accident: _____

_____

_____:

4. The Parties agree that any Filed Claim identified in paragraph 3 above for which there is no

corresponding Settled Claim (or such amount is listed as $0.00) is hereby withdrawn and deemed

disallowed and expunged, pursuant to section 502 of the Bankruptcy Code.

5. The Claimant will not further amend the Filed Claim [s] (or the Settled MVA[s]) or file any

additional proofs of claim with respect to the liabilities asserted in the Filed Claim[s]. any further

amendments to the Filed Claim[s] or any additional claims filed by the Claimant or their successors

or assigns with respect to the liabilities asserted in the Filed Claim[s] shall be null, void and of no

effect.

6. The Parties agree that any Settled MVA Claim shall be paid in accordance with, and subject to

the treatment provided for claims of that type under, any chapter 9 plan for the adjournment of debts

confirmed by the Bankruptcy Court (a "Plan").

-4-

7. Any distribution made to the Claimant pursuant to a Plan is referred to herein as a "Plan Distribution." If the Claimant or its successors or assigns receive payment of any portion of the Settled Claims from any source, including from the City, other than through the Plan (a "Non-Plan Payment"), the portion of the Settled MVA Claim[s] equal to the amount of the Non-Plan Payments shall be deemed fully satisfied, and the Claimant, for itself and any successors or assigns, hereby prospectively waives and disclaims the right to receive Plan Distributions on account of the portion of the Settled MVA Claim[s] satisfied by any Non-Plan Payments.

8. Nothing in this Agreement will have any impact on any proof(s) of claim that the Claimant has filed or holds other than the Filed Claim[s]. The Parties retain all of their respective claims, defenses, objections, counterclaims and any and all rights in respect of any proofs of claim that the Claimant has filed or holds other than the Filed Claim[s].

9. As to the Filed Claims and Settled MVA Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City; provided, however, for PPI Claims, Claimant does not release claims arising after July 18, 2013, except to the extent such claims have been paid. The Claimant acknowledges that this Agreement represents the compromise of a disputed claim and is not to be construed as an admission of liability on the part of the City. As used in this Agreement, the Claimant and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any. Where required by the City, the Claimant has executed the Medicare Reporting and Indemnification Affidavit[s], if any, attached as Exhibit A.

{K:\DOCS\LIT\NOSE\JA32000\form\UN3098.DOC}                -5-

10. The claimant stipulates to the entry of an order dismissing with prejudice, and without costs or fees, any civil action [s] related to the Filed Claims[s] or Settled Claims[s].

11. This Agreement may be executed in identical counterparts, and/or by facsimile or e-mail scan, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. This Agreement constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

WHEREFORE, the undersigned have executed this Agreement on behalf of the parties hereto.

City of Detroit

By: _____
    James D. Noseda,
    Supervising Asst. Corp. Counsel

Date: 1-12-16

Shawntay Marlo Johnson

_____
Claimant

Date: 15/11/15

Terry Scott

_____
Claimant

Date: 5/11/15

Tamesha Scott

_____
Claimant

Date: 5/11/15

Claimants counsel:

_____
Signature
Name: _____
              (printed)
Date: _____

-6-

**Exhibit A – Medicare Reporting and Indemnification Agreement[s]**

# MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT

_Shawonel Lott_ being first duly sworn, deposes and says that I have filed a claim and/or lawsuit against the City of Detroit:

1. I certify under penalty of law that this Affidavit and all attachments were prepared with my knowledge and were reviewed by me. The information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of a fine and/or imprisonment for known violations. I hereby state under oath and subject to any penalties for perjury that the information contained in this Affidavit is true, correct and accurate.

2. I hereby understand that the City of Detroit will be relying upon this information in order to provide all of the required information to the United States Government, Department of Health and Human Services, Center for Medicare and Medicaid Services or their Medicare contractor in accordance with the Medicare, Medicaid and SCHIP Extension Act of 2007 and to be in compliance with the Medicare Secondary Payer Laws.

Circle One

3. I am currently receiving Medicare Benefits.............................. yes  or  (no)

4. I will be Sixty Five years old within three years........................... yes  or  (no)

4a. I have applied for Social Security Disability Benefits................... yes  or  (no)

5. I have received a Social Security Disability Award Letter and attached a copy hereto.........................................................yes  or  (no)

6. Attached is a copy of my Social Security Disability Application.....yes  or  (no)

7. Attached is a copy of my Social Security denial letter and my appeal of said denial............................................................. yes  or  (no)

Page 1 of 5

8. I have End Stage Renal Disease.................................................yes or (no)

9. That my full name and all aliases are:
   Shawntay Marlo Johnson

10. That my City of Detroit File/Matter Number is:
    7689001

11. That my address is:
    4730 Druid Hills Drive Apt #303

12. That my Attorney's Name, Address and Contact Numbers are:
    Goldstein Debiase Manzocco
    176 University Ave West, Suite 900 Windsor, Ontario
    N9A 5P1

13. That my Date of Birth is:
    ███████████████

14. That my Social Security Number is:
    N/A

15. That my Medicare HIC Number, if applicable is:
    N/A

16. That I am attaching copies of the following information:

    a. Copy of the Judgment ...............................................(yes) or  no

    b. Medical Records ....................................................(yes) or  no

    c. Specific Description of my injuries  Neck, Back, Shoulder,
       Head, Legs:

Page 2 of 5

17.  Has anyone ever prepared for you:

    a. A Life Care Plan..................................................................... yes or (no)

    b. Medicare Set Aside Cost Projections ...........................yes or (no)

    c. Life expectancy projection ............................................yes or (no)

If yes to any questions above in #17, submit a copy to the City of Detroit.

18.  What specific body parts were impacted by the injury/illness:

    Neck, back, shoulder, head, legs

19. That my Gender is: _____  Male      ✓  Female

20. That the accident which gave rise to this Claim/Lawsuit occurred on:

    September 4/2007 (Date)

21. On _____ (Date), a Settlement or Judgement of my

    Claim/Lawsuit was agreed to/rendered for the total amount of

Twenty six thousand two hundred and fifty dollars Dollars ($26,250.00).

22.  On the date of the accident/event, did any household family

    member own an automobile with valid No Fault Insurance

    coverage...............................................................(yes) or    no

Page 3 of 5

I, _Shawanna Putney_ HAVE READ THE ABOVE MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT AND STATE THAT THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT AND THAT IN THE EVENT THAT THE CITY OF DETROIT IS HELD LIABLE DUE TO ANY MISINFORMATION OR OMISSION OF INFORMATION BY AFFIANT IN THIS AFFIDAVIT, AFFIANT SHALL INDEMNIFY, HOLD HARMLESS AND REIMBURSE THE CITY OF DETROIT FOR ALL PAYMENTS, DAMAGES, MONIES,  COSTS, ATTORNEY'S FEES, EXPENSES, MEDICARE LIENS, MEDICARE DEMANDS FOR REIMBURSEMENT, MEDICARE OFFSETS , MEDICARE FINES, MEDICARE PENALTIES AND ANY MEDICARE PAYMENTS INCURRED BY THE CITY OF DETROIT RESULTING FROM SAID OMISSION OR MISINFORMATION. FURTHER, I SHALL FULLY COOPERATE WITH THE CITY OF DETROIT IN ANY DISPUTE OR MATTERS RELATED TO THIS INCIDENT INVOLVING MEDICARE AND SHALL EXECUTE ALL DOCUMENTS REQUIRED OR REQUESTED BY THE CITY OF DETROIT, MEDICARE OR ITS AGENTS THAT MAY BE REQUIRED OR NECESSARY TO RESOLVE ANY SAID DISPUTE OR MATTER.

FURTHER AFFIANT SAITH NOT.

SIGNATURE OF THE CLAIMANT/PLAINTIFF

Joey Gallagher  11/15/2015

Comm Exp 7/28/2016

Notary Public, ALLEN, IN.

Page 4 of 5

~~INDIANA~~
STATE OF ~~MICHIGAN~~         )
                             )SS
COUNTY OF _ALLEN_____)

This Medicare Reporting and Indemnification Affidavit was acknowledged, subscribed and
sworn to before me this __15__ day of __11__, 2015 by _Shawney Sit_
_Shawnny Sit_ who hereby declares under penalty of perjury under the laws of the
State of Michigan that he or she is authorized in fact and law to execute this Medicare Reporting
and Indemnification Affidavit.

_Joel Galbgh_
Notary Public, _Allen___ County, ~~MI~~ _IN_
My Commission Expires: _7/28/2016_

Notary, Please ensure you use your notarial stamp or seal.

Page 5 of 5

# EXHIBIT 6D – LETTER TO UNICA'S COUNSEL

MOUSSEAU DeLUCA
McPHERSON PRINCE LLP
BARRISTERS & SOLICITORS

LEON Z. McPHERSON, Q.C. (1934-1989)
WALTER H. PRINCE, LL.D., Q.C. (1955-2005)
RICHARD A. DINHAM, B.COMM., LL.B.
EDWARD J. POSLIFF, B.A.(HON.), LL.B., LL.M.*
ILIAS KIRITSIS, LL.B., J.D.
JEFFREY W. NANSON, B.SC.(HON.), LL.B.
ZUZANA (SUE) SZASZ, B.A. (HON.), J.D.
CAROLYN E. FILGIANO, J.D.

MAX N. MOUSSEAU, Q.C. (1949-1988)
ARMANDO F. DELUCA, O.ONT., Q.C. (1965-2011)
THOMAS R. PORTER, B.A., LL.B.
RICHARD LEE POLLOCK, B.P.A., LL.B.
CHRISTINE JAHNS MALOTT, B.A. (HON.), LL.B.
JENNIFER SIMPSON ROOKE, B.A.(HON.), LL.B.
ANDREA M. HARRIS, B.A.(HON.), B.ED., OCT, J.D.
FABIO COSTANTE, B.COMM.(HON.), M.B.A., J.D.
CHARNAHA (BILL) KIM, B.SC., B.A., B.COMM., J.D.
*CERTIFIED SPECIALIST (CIVIL LITIGATION)

February 3, 2017

**Via Fax: 519-253-6941**

**Mr. Bruce R. Mitchell**
**Mitchell & Associates**
Barristers & Solicitors
201-1922 Wyandotte Street East
WINDSOR, ON N8Y 1E4

Dear Mr. Mitchell:

**Re: Johnson et al v. York Fire**
**Court File No: CV-08-11700 CM**
**Our File No: 41778**

I believe your client's claim should be dismissed prior to the pre-trial based on the following:

1.     The claim by Ms. Johnson has been settled and paid in bankruptcy and York stands in the shoes of its insured; and,

2.     York failed to file a claim in the City's bankruptcy.

I look forward to hearing from you.

Yours very truly,

MOUSSEAU DeLUCA McPHERSON PRINCE

Per: *Richard Dinham*
        RICHARD A. DINHAM

RAD/p
*(Dictated by Richard A. Dinham,
but not read and signed in his absence)*
c.c.  Will Goldstein
b.c.c.  James Noseda (via e-mail)

SUITE 500 WESTCOURT PLACE ⋅ 251 GOYEAU STREET ⋅ WINDSOR, ONTARIO N9A 6V2 ⋅ TELEPHONE (519) 258-0615 ⋅ FAX (519) 258-6833
BELLE RIVER OFFICE ⋅ 467 NOTRE DAME ⋅ P.O. BOX 279 ⋅ BELLE RIVER, ONTARIO N0R 1A0 ⋅ TELEPHONE (519) 728-2912
lawyers@mousseaulaw.com ⋅ www.mousseaulaw.com

13-53846-tjt    Doc 11792    Filed 02/22/17    Entered 02/22/17 13:38:38    Page 59 of 69

# EXHIBIT 6E – MS. JOHNSON'S PROOF OF CLAIM

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

**FILED**

**FEB 18 2014**

| Name of Debtor: **City of Detroit, Michigan** | Case Number: **13-53846** |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
*Shawntay Marlo Johnson*

Name and address where notices should be sent:
*William C. Goldstein*
*Goldstein DeBiase Manzocco*
*900-176 University Avenue West*
*Windsor, Ontario, Canada  N9A 5P1*

Telephone number: *519-253-5242*  email: *wgoldstein@gdmlawyers.com*

**COURT USE ONLY**

U.S. Bankruptcy Court  Check this box if this claim amends a previously filed claim.
Eastern District of Michigan

Court Claim Number: *CV-08-11700 cm*
*(If known)*

Filed on: *September 2, 2008*

Name and address where payment should be sent (if different from above):

Telephone number:  email:

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

**FEB 24 2014**

KURTZMAN CARSON CONSULTANTS

**1. Amount of Claim as of Date Case Filed:** $1,000,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** *Personal Injury*
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** ____  **3a. Debtor may have scheduled account as:** ____
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:  $____

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

**Basis for perfection:** ____

**Value of Property:** $____

**Amount of Secured Claim:**  $____

**Annual Interest Rate (when case was filed)** ____% ☐ Fixed or ☐ Variable

**Amount Unsecured:**  $____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**  $____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** ____  $____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature:** (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *William C. Goldstein*
Title: *Lawyer*
Company: *Goldstein DeBiase Manzocco*
Address and telephone number (if different from notice address above):

(Signature)  *February 17, 2014*
(Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment

1353846140218000000000082

# STATEMENT

## Name of Creditor:  Shawntay Marlo Johnson

I am aware that the following persons have also filed a proof of claim relating to this claim. These claims are related as they arise from the same motor vehicle accident:

(1)  Name of Creditor:   Tamesha Scott,
                         a minor by her litigation guardian Shawntay Marlo Johnson

(2)  Name of Creditor:   Terry Scott,
                         a minor by his litigation guardian Shawntay Marlo Johnson

**Name of Creditor:  Shawntay Marlo Johnson**

**Proof of Claim**
**Supporting Documentation**

**Volume 1 of 2**

**TAB**

**A**       **Economic Loss Report prepared by JK Economics Inc. dated July 12, 2013**

**B**       **Medical Brief**

# EXHIBIT 6F – MS. SCOTT'S PROOF OF CLAIM

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT    EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

**Name of Debtor:** City of Detroit, Michigan     **Case Number:** 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

**FILED**

Name of Creditor (the person or other entity to whom the debtor owes money or property):
*Tamesha Scott, a minor by her litigation guardian, Shawntay Marie Johnson*

**FEB 18 2014**

US Bankruptcy Court
MI Eastern District

Name and address where notices should be sent:
*William C. Goldstein*
*Goldstein DeBiase Manzocco*
*900-176 University Avenue West*
*Windsor, Ontario, Canada N9A5P1*
Telephone number: *579-253-5242* email: *wgoldstein@gdmlawyers.com*

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: 08-11700cm
*(If known)*

Filed on: *September 2, 2008*

Name and address where payment should be sent (if different from above):

Telephone number:     email:

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

**1. Amount of Claim as of Date Case Filed:** $ *75,000.00*

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**FEB 24 2014**

**KURTZMAN CARSON CONSULTANTS**

**2. Basis for Claim:** *Personal Injury*
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**    **3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $_____

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Basis for perfection:** _____

**Value of Property:** $_____

**Amount of Secured Claim:** $_____

**Annual Interest Rate (when case was filed)** _____% ☐ Fixed or ☐ Variable

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § ____.** $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: *William C. Goldstein*
Title: *Lawyer*
Company: *Goldstein DeBiase Manzocco*
Address and telephone number (if different from notice address above):

(Signature)      *February 17, 2014* (Date)

Telephone: 13-53846-tjt   Doc 11792   Filed 02/22/17   Entered 02/22/17 13:38:58

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment

1353846140218000000000084

# STATEMENT

### Name of Creditor:
### Tamesha Scott, a minor by her litigation guardian Shawntay Marlo Johnson

I am aware that the following persons have also filed a proof of claim relating to this claim. These claims are related as they arise from the same motor vehicle accident:

(1) Name of Creditor:   Shawntay Marlo Johnson

(2) Name of Creditor:   Terry Scott,
                                  a minor by his litigation guardian Shawntay Marlo Johnson

# EXHIBIT 6G – MR. SCOTT'S PROOF OF CLAIM

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT   EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

**Name of Debtor:** City of Detroit, Michigan        **Case Number:** 13-53846

**FILED**

**FEB 1 8 2014**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Terry Scott, a minor by his litigation guardian Shawntay Marie Johnson

Name and address where notices should be sent:
William C. Goldstein
Goldstein DeBiase Manzocco
900-176 University Avenue West
Windsor, Ontario, Canada N9A 5P1
Telephone number: 579-253-5242 email: wgoldstein@gdmlawyers.com

Name and address where payment should be sent (if different from above):

Telephone number:          email:

US Bankruptcy Court
MI Eastern District

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: CV-08-11700CM
(If known)

Filed on: September 2, 2008

☑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

**FEB 2 4 2014**

**KURTZMAN CARSON CONSULTANTS**

**1. Amount of Claim as of Date Case Filed:** $ 75,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Personal Injury
(See instruction #2)

**3.** Last four digits of any number by which creditor identifies debtor: _____    **3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:   $ _____

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other    **Basis for perfection:** _____
Describe:

**Value of Property:** $ _____                **Amount of Secured Claim:** $ _____

**Annual Interest Rate (when case was filed)** _____% ☐ Fixed or ☐ Variable    **Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**   $ _____

**5b. Amount of Claim Otherwise Entitled to Priority.** Specify Applicable Section of 11 U.S.C. § _____   $ _____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are *redacted* copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.
☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
**Print Name:** William C. Goldstein
**Title:** Lawyer
**Company:** Goldstein DeBiase Manzocco        (Signature)        February 17, 2014 (Date)
**Address and telephone number (if different from notice address above):**

Telephone: _____    email: _____

13-53846-tjt   Doc 11792   Filed 02/22/17   Entered 02/22/17 13:38:38   Page 68 of 69

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonme

1353846140218000000000083

# STATEMENT

**Name of Creditor:**
**Terry Scott, a minor by her litigation guardian Shawntay Marlo Johnson**

I am aware that the following persons have also filed a proof of claim relating to this claim. These claims are related as they arise from the same motor vehicle accident:

(1) Name of Creditor:    Shawntay Marlo Johnson

(2) Name of Creditor:    Tamesha Scott,
                               a minor by her litigation guardian Shawntay Marlo Johnson