UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

                                          Bankruptcy Case No. 13-53846

City of Detroit, Michigan,                Honorable Thomas J. Tucker

                                          Chapter 9

            Debtor.

_____/

## MOTION OF THE DETROIT FIRE FIGHTERS ASSOCIATION, IAFF LOCAL 344 ("DFFA") FOR ENTRY OF AN ORDER ENFORCING THE NOVEMBER 30, 2015 GLOBAL SETTLEMENT BETWEEN THE DFFA AND THE CITY OF DETROIT RESOLVING THAT PORTION OF DFFA CLAIM NO. 2812 RELATED TO THE GRIEVANCE FILED ON BEHALF OF OF FIRE FIGHTER BRADLEY SMOLA AND REQUIRING SMOLA'S REINSTATMENT AND FOR RELATED RELIEF

The Detroit Fire Fighters Association, IAFF Local 344 ("DFFA"), through

its counsel, Law Office of Barbara A. Patek, PLC and Sachs Waldman, P.C., files

this Motion for Entry of an Order Enforcing the November 30, 2015 Global

Settlement Between the DFFA and the City of Detroit Resolving That Portion of

DFFA Claim No. 2812 Related to the Grievance Filed on Behalf of Detroit Fire

Fighter Bradley Smola and Requiring Smola's Reinstatement and for Related

Relief (the "Motion"). In support of their Motion, the DFFA states the following:

## JURISDICTION

1.     The Motion seeks to enforce a binding settlement agreement between the

City of Detroit (the "City") and the DFFA that resolved a portion of DFFA Claim

No. 2812. Pursuant to LBR 9014-1(g), the DFFA sought the City's concurrence in the relief sought by the Motion on November 21, 2016, December 6, 2016 and on January 19, 2017, and that concurrence has been denied. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## INTRODUCTION

2.     The DFFA is the exclusive bargaining representative of the City's fire fighters. Brad Smola, a City fire fighter ("Smola"), was discharged by the City in 2011. As more fully set forth herein, the DFFA filed a timely proof of claim that asserted a claim on Smola's behalf (the "Smola Claim").

3.     The DFFA subsequently settled the Smola Claim in a November 30, 2015 Global Settlement (the "Global Settlement"), which resolved DFFA Claim No. 2812. See Global Settlement, **Exhibit 6A**.

4.     Through this Motion, DFFA seeks entry of an order, in the form attached as **Exhibit 1**, which (a) confirms the terms of the Global Settlement; (b) confirms that the Global Settlement resolved the Smola Claim as of November 30, 2015; (c) confirms Smola's right to reinstatement as of November 30, 2015 pursuant to the terms of the Global Settlement; (d) grants Smola an allowed Class 14 for his back pay through November 30, 2015, the date of the Global Settlement (the "Pre-Petition Back Pay"), which right to Pre-Petition Back Pay may, at Smola's sole

election, be treated as a Convenience Claim; (e) orders the City to (i) immediately reinstate Smola and (ii) make Smola whole through an award of back pay and such other monetary relief as is appropriate to compensate him for its breach of the Global Settlement; and (f) confirms that Smola's post-Effective date contractual rights under the Global Settlement are unaffected by the Plan's Injunction.

## BACKGROUND

5.     Following Smola's discharge, the DFFA filed a grievance on Smola's behalf, and the matter proceeded to arbitration.  In an arbitration award dated April 26, 2012, Arbitrator Stan Dobry ordered that Smola be reinstated and made whole. See **Exhibit 6B**, Dobry Arbitration Award.

6.     The City refused to comply with the award, and filed suit on May 14, 2012 to vacate the award in the Wayne County Circuit Court.  *City of Detroit v. DFFA*, WCCC No. 12-006507.   On June 19, 2012, the DFFA filed a counter-suit to enforce the award.  On May 2, 2013, the circuit court entered an order that remanded the matter back to the arbitrator (the "Remand Order").  See **Exhibit 6C**, Remand Order.

7.     The DFFA filed a timely claim of appeal from the Remand Order on May 21, 2013 (the "DFFA Appeal").  See **Exhibit 6D**, Claim of Appeal.

8.     On July 18, 2013, the City filed a petition for relief under chapter 9 of the Bankruptcy Code in this Court, staying the DFFA Appeal.

9.     On August 13, 2013, this Court issued its initial Mediation Order, appointing then Chief Judge Gerald Rosen as Mediator [Docket No. 322]. On August 16, 2013, this Court issued its Order to Certain Parties to Appear for First Mediation Session, which required the DFFA, among other parties to these proceedings, to appear for an initial mediation session on September 17, 2013. Among the matters addressed in the ongoing court-ordered mediation process were the DFFA's pre-petition grievance claims against the City.  Through late 2014, Judge Victoria Roberts served as the judicial mediator in these matters between the DFFA and the City.

10.    On November 21, 2013, this Court issued its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof (the "Bar Date Order") setting the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m. Eastern time. [Docket No. 1782]. Pursuant to the Bar Date Order, each of the Public Safety Unions, [1] including the DFFA, was granted "the right to file . . . omnibus claims on behalf its respective members . . .[for] claims related to grievances ('Grievance Claims')."

---

[1] The Detroit Public Safety Unions consisted of the DFFA, the Detroit Police Officers Association, the Detroit Police Lieutenants and Sergeants Association and the Detroit Command Officers Association.  See Docket No. 1782, p.2.

11.     On February 7, 2014, the City and the DFFA, as one of the Public Safety

Unions, filed their Stipulation by and Between the City of Detroit and the Public

Safety Unions Regarding Claims to be Filed by Public Safety Unions [Docket No.

2667], and on February 11, 2014, this Court entered its Order Approving

Stipulation by and Between the City of Detroit and the Public Safety Unions (the

"February 11, 2014 Order Approving Stipulation") [Docket No. 2678]. The

February 11, 2014 Order Approving Stipulation allowed the DFFA, as one of the

Public Safety Unions, to file a protective grievance claim on behalf of its members

and extending the Bar Date for identifying specific pre-petition grievances to May

30, 2014.

12.     The DFFA timely filed its amended omnibus Grievance Claim asserting,

among other Grievance Claims, the Smola Claim, on April 17, 2014 (Claim No.

2812). A copy of Claim No. 2812 and the supporting documentation for the Smola

Claim that was attached to Claim No. 2812[2] is attached hereto as **Exhibit 6E**.

13.     In November of  2014, the DFFA and the City agreed to terms on a

collective bargaining agreement (the "DFFA CBA") which was ratified by the

DFFA membership prior to confirmation.

---

[2] The voluminous additional supporting documentation related to other DFFA
Grievance Claims is not attached, as it does not affect the resolution of the Smola
Claim.  Copies of this information is in the possession of the Parties and can be
made available for review by the Court.

14. On November 12, 2014, this Court entered its Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (the "Confirmation Order") [Docket No. 8272], and on December 10, 2014, this Court issued its Notice of (I) Entry of Order Confirming Eight Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of the Effective Date [Docket No. 8649]. Pursuant to the Confirmation Order, as of the Effective Date[3], "[c]ontracts, leases and other agreements entered into after the Petition Date by the City, including . . . the collective bargaining agreements identified on Exhibit II.D.5 to the Plan, will be performed by the City in the ordinary course of its business. Accordingly, such contracts . . . will survive and remain unaffected by this Order." See Confirmation Order [Docket No. 8272, pp. 105-06]. The DFFA CBA is among the collective bargaining agreements identified on Plan Exhibit II.D.5 [Docket No. 8045-10, p.30].

15. As of the Effective Date, mediation between the City and the DFFA continued in an effort to resolve all of the DFFA's Grievance Claims, including the Smola Claim.

16. On September 4, 2015, the City sent then DFFA president, Jeff Pegg, a letter agreeing to lift the stay with regard to certain DFFA litigation, including the

---

[3] Unless otherwise indicated, capitalized terms not defined by the Motion are as defined by the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (the "Plan") and the Confirmation Order.

6

pending appeal and litigation underlying the Smola Claim.  **Exhibit 6A**,

Attachment H, p. 2.

17.    Subsequently, on November 30, 2015, the City and the DFFA entered into

and executed the Global Settlement.  The Global Settlement unequivocally

resolved, among other pre-petition disputes, the Smola Claim as of November 30,

2015.  See **Exhibit 6A**.

18.    The Global Settlement states that:

   A.    Between 2008 and 2013, the DFFA timely filed grievances,
         lawsuits, Unfair Labor Practice Charges and Arbitration and Act
         312 Interest Arbitration demands against the City of Detroit.
         These cases involved alleged violations of the collective
         bargaining agreement; alleged violations of Michigan's Public
         Employment Relations Act; **the City's alleged failure to abide
         by arbitration awards** and settlement agreements; and alleged
         violations of the Detroit City Charter.  (Emphasis added.)
         . . .

   D.    The DFFA and the City now wish to settle these disputes
         according to the terms detailed below.  Specifically, the DFFA
         and the City desire to resolve, settle, compromise and **reach
         accord and satisfaction upon each and every claim of any
         nature whatsoever** which the DFFA has or may have related to
         matters asserted in these grievances, arbitrations, lawsuits and
         MERC charges.

   E.    In consideration of the mutual promises herein set forth, the City
         and the DFFA state and agree as follows:

         The City and the Union agree to settle these grievances;
         withdraw any related pending arbitration demands, stipulate to
         the satisfaction of any proofs of claims filed in the Bankruptcy
         Court that are part of this settlement; file any related paperwork
         with the Bankruptcy Court regarding the satisfaction of such

7

claims; and settle any disputes between the parties arising out of or relating to the settled grievances.

See **Exhibit 6A,** p. 2 (emphasis added)**.**

19.     With respect to the Smola Claim, the Global Settlement unequivocally provides:

> **City of Detroit v. DFFA; WCCC No. 12-006507, Court of Appeals No. 316319—Brad Smola**
>
> The City agrees, per Arbitrator Dobry's April 26, 2012 award, to reinstate Brad Smola and make whole with all lost pay and benefits.

See **Exhibit 6A,** p. 12.

20.     The Global Settlement Agreement further contains an integration clause that provides that, "[t]his agreement sets forth the parties' sole, entire, complete and comprehensive agreement and understanding.  It cancels and supersedes any prior agreement(s) or understanding(s) between the parties, whether written or oral." See **Exhibit 6A**, p. 14.

21.     By its plain terms, the Global Settlement resolved the Smola Claim as of November 30, 2015.  **Exhibit 6A,** p. 12.

22.     Although, to date, the City has complied with virtually all of the other terms of the Global Settlement, including making payments required by the Global Settlement to other DFFA members, the City has failed and refused to reinstate Smola.  The City's refusal to reinstate Smola is a breach of the terms of the post-

Effective Date Global Settlement. As a result of the City's breach, Smola continues to accrue lost wages and benefits.

23. The Global Settlement is authorized by the Plan. Pursuant to the Plan, the City retained ". . . the authority to File, settle, compromise, withdraw or litigate to judgment objections to Claims," and, "[o]n and after the Effective Date the City may settle or compromise and Disputed Claim or any objection or controversy relating to any Claim without any further notice or any action, order or approval of the Bankruptcy Court." [Docket No. 8045, p. 76].

24. As of the date of this Motion, Claim No. 2812, the DFFA's omnibus Grievance Claim remains pending, and, to date, the City has not filed any objection to it.

25. The Smola Claim is a pre-petition matter that falls squarely within 11 U.S.C. § 101(5)'s definition of a "claim" as it involved both Smola's "right to payment" under Section 101(5)(A) and a "right to an equitable remedy for breach of performance if such breach gives rise to a right to payment . . ." under Section 101(5)(B). It seeks both Smola's reinstatement and back pay and benefits for his wrongful discharge.

26. Pursuant to the Global Settlement, Smola's right to reinstatement and his right to wages and benefits pursuant to Claim No. 2812 were established on November 30, 2015 upon execution of the Global Settlement. As of November 30,

9

2015, Smola's pre-petition right to reinstatement and his right to recover his pre-petition back pay under the Plan, pursuant to the Smola Claim, were fixed, and the City was obliged to honor them.

27.    To date, in spite of multiple requests, the City has refused to reinstate Smola and has continued to maintain that the Global Settlement is not enforceable as to Smola.

28.    The Plan defines an Allowed Claim to include ". . . a Claim designated as allowed in a stipulation or agreement between the City and the Holder of the Claim that is Filed." [Docket No. 8045, p. 10].  The Global Settlement is an enforceable, post-petition, post-Effective Date agreement between the City and the DFFA, and it grants Smola an Allowed Claim which is to be treated in accordance with the terms of the Global Settlement.  The monetary relief to which Smola's Allowed Claim entitles him is subject to treatment at Smola's election, as either a Class 14 ("other unsecured") claim or as a Class 15 ("convenience claim.")  See Plan, Art. II.B.3.u. and v [Docket No. 8045, p. 51].

29.    Based on its communications with the City, the DFFA is concerned that the City may attempt to claim that any effort by the DFFA to enforce the Global Settlement, and Smola's rights thereunder, as determined by this Court, is subject to the Plan's discharge injunction.  However, as an Allowed Claim, the Smola Claim gives Smola rights under the plan, and this Motion, as an action "brought to

enforce any rights or obligations under the Plan" is expressly exempted from the Plan's injunction. See Confirmation Order, [Docket No. 8272, p. 94].

30.     Therefore, the DFFA also seeks an order that confirms that this Motion and any other action necessary to enforce the terms of the Global Settlement can proceed unaffected by the Plan's Injunction.

## **RELIEF REQUESTED**

In view of the above, the DFFA requests that the Court enter an order in the form attached as **Exhibit 1,** which (a) confirms the terms of the Global Settlement; (b) confirms that the Global Settlement resolved the Smola Claim as of November 30, 2015; (c) confirms Smola's right to reinstatement as of November 30, 2015 pursuant to the terms of the Global Settlement; (d) grants Smola an allowed Class 14 for his back pay through November 30, 2015, the date of the Global Settlement (the "Pre-Petition Back Pay"), which right to Pre-Petition Back Pay may, at Smola's sole election, be treated as a Convenience Claim; (e) orders the City to (i) immediately reinstate Smola and (ii) make Smola whole through an award of back pay and such other monetary relief as is appropriate to compensate him for its breach of the Global Settlement; and (f) confirms that Smola's post-Effective date contractual rights under the Global Settlement are unaffected by the Plan's Injunction.   Accordingly, the DFFA requests the Court enter the Order attached hereto as **Exhibit 1**.

Respectfully submitted by,

LAW OFFICE OF BARBARA A, PATEK, P.L.C.

By:   */s/ Barbara A. Patek*
    Barbara A. Patek (P34666)
    Co-Counsel for the Detroit Fire Fighters
    Association, IAFF Local 344
    27 E. Flint St., Suite 2
    Lake Orion, MI  48362
    Telephone: (248) 814-9470
    Facsimile: (248) 814-8231
    E-mail:  pateklaw@gmail.com

and

By:   */s/ Andrew Nickelhoff*
    Andrew Nickelhoff, Esq. (P37990)
    Mami Kato, Esq. (P74237)
    Co-Counsel for the Detroit Fire Fighters
    Association, IAFF Local 344
    Sachs Waldman, P.C.
    2211 E. Jefferson Avenue
    Detroit, Michigan 48207
    (313) 496-9429
    anickelhoff@sachswaldman.com
    mkato@sachswaldman.com

DATED: March 15, 2017

<u>**EXHIBIT 1**</u>

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

           Debtor.

_____/

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

**<u>ORDER GRANTING RELIEF SOUGHT BY
MOTION OF THE DETROIT FIRE FIGHTERS
ASSOCIATION, IAFF LOCAL 344 ("DFFA") FOR ENTRY
OF AN ORDER ENFORCING THE NOVEMBER 30, 2015 GLOBAL
SETTLEMENT BETWEEN THE DFFA AND THE CITY OF DETROIT
RESOLVING THAT PORTION OF DFFA CLAIM NO. 2812 RELATED TO
THE GRIEVANCE FILED ON BEHALF OF FIRE FIGHTER BRADLEY
SMOLA AND REQUIRING SMOLA'S REINSTATMENT
AND FOR RELATED RELIEF</u>**

This matter is before the Court on the Motion of the Detroit Fire Fighters

Association, IAFF Local 344 (the "DFFA") Motion for Entry of an Enforcing the

November 30, 2015 Global Settlement Between the DFFA and the City of Detroit

Resolving That Portion of DFFA Claim No. 2812 Related to the Grievance Filed on

Behalf of Fire Fighter Bradley Smola and Requiring Smola's Reinstatement and for

Related Relief (the "Motion") [Docket No. _____] and the Brief in Support of the

Motion, proper notice of the Motion has been given, the Court is fully advised in the

premises, and there is good cause to grant the relief requested by the Motion and the

Court makes the following findings:

1

1. The matters raised by Claim No. 2812, including the Smola Claim,[4] are pre-petition claims as defined by 11 U.S.C. §§101(5)(A) and (B).

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157, 1334. 11 U.S.C. §§105(c), 945 and 1142(b), the Plan and the Confirmation Order.

3. The November 30, 2015 Global Settlement Agreement entered into by and between the City and the DFFA (the "Global Settlement") is authorized by the Plan.

4. The Global Settlement is an enforceable, binding agreement under applicable Michigan law.

5. The Global Settlement requires the reinstatement of fire fighter Bradley Smola ("Smola").

6. The Global Settlement entitles Smola to a claim for the full amount of his back pay and wages through the date of the Global Settlement.

7. The City's failure to reinstate Smola on or about November 30, 2015 breached the Global Settlement.

8. The Court further finds that the enforcement of the Global Settlement is unaffected by the Plan's Injunction.

---

[4] Unless otherwise indicated, capitalized terms are as used and/or defined in the Motion.

The Court finds good cause for entry of this Order and is otherwise fully advised in the premises.

NOW THEREFORE,

IT IS HEREBY ORDERED that the terms and enforceability of the Global Settlement are confirmed.

IT IS FURTHER ORDERED that pursuant to the terms of the Global Settlement, the City was required to reinstate Smola as of November 30, 2015.

IT IS FURTHER ORDERED that the City is to reinstate Smola immediately.

IT IS FURTHER ORDERED that Smola shall have an Allowed Claim for the full amount of his back pay and benefits through November 30, 2015, which claim is to be treated as a Class 14 claim or, at Smola's sole election, as an allowed Convenience Claim. To the extent that the DFFA and the City cannot agree as to the amount of the Allowed Claim, the amount shall be determined under applicable state law.

IT IS FURTHER ORDERED that Smola's right to monetary relief for any post-Global Settlement wage loss is a post-petition matter, the enforcement of which shall proceed in the ordinary course under applicable state law unaffected by the Plan's Injunction.

# EXHIBIT 2

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

                                                Bankruptcy Case No. 13-53846

City of Detroit, Michigan,                  Honorable Thomas J. Tucker

                                                Chapter 9

               Debtor.

_____/

## NOTICE OF OPPORTUNITY RESPOND OR REQUEST HEARING ON MOTION OF THE DETROIT FIRE FIGHTERS ASSOCIATION, IAFF LOCAL 344 ("DFFA") FOR ENTRY OF AN ORDER ENFORCING THE NOVEMBER 30, 2015 GLOBAL SETTLEMENT BETWEEN THE DFFA AND THE CITY OF DETROIT RESOLVING THAT PORTION OF DFFA CLAIM NO. 2812 RELATED TO THE GRIEVANCE FILED ON BEHALF OF FIRE FIGHTER BRADLEY SMOLA AND REQUIRING SMOLA'S REINSTATMENT AND FOR RELATED RELIEF

      The Law Office of Barbara A. Patek, P.L.C. has filed papers with the court to seek and Order Enforcing the November 30, 2015 Global Settlement Between the DFA and the City of Detroit Resolving That Portion of DFFA Claim No. 2812 Related to the Grievance Filed on Behalf of Firefighter Bradley Smola and Requiring Smola's Reinstatement and for Related Relief (the Motion").

      **<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

      If you do not want the Court to grant the relief sought in the Motion, or if you want the court to consider your view on the Motion, within 14 days you or your attorney must:

1. File with the court a written response or an answer explaining your position at:[5]

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Ste. 2100
Detroit, Michigan 48226.

If you mail your response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also send a copy to:

Barbara A. Patek, Esq.
Law Office of Barbara A. Patek, P.L.C.
27 E. Flint Street, Suite 2
Lake Orion, Michigan 48362
(248) 814-9470
pateklaw@gmail.com

and

Andrew Nickelhoff, Esq.
Mami Kato, Esq.
Sachs Waldman, P.C.
2211 E. Jefferson Avenue
Detroit, Michigan 48207
(313) 496-9429
anickelhoff@sachswaldman.com
mkato@sachswaldman.com

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

---

[5] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

Respectfully submitted,

LAW OFFICE OF BARBARA A, PATEK, P.L.C.

By:  */s/ Barbara A. Patek*
       Barbara A. Patek (P34666)
       Co-Counsel for the Detroit Fire Fighters
       Association, IAFF Local 344
       27 E. Flint St., Suite 2
       Lake Orion, MI  48362
       Telephone: (248) 814-9470
       Facsimile: (248) 814-4106
       E-mail:  pateklaw@gmail.com

and

By:  */s/ Andrew Nickelhoff*
       Andrew Nickelhoff, Esq. (P37990)
       Mami Kato, Esq. (P74237)
       Co-Counsel for the Detroit Fire Fighters
       Association, IAFF Local 344
       Sachs Waldman, P.C.
       2211 E. Jefferson Avenue
       Detroit, Michigan 48207
       (313) 496-9429
       anickelhoff@sachswaldman.com
       mkato@sachswaldman.com

DATED: March 15, 2017

**EXHIBIT 3**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

                Debtor.

_____/

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

**BRIEF IN SUPPORT OF THE MOTION OF THE DETROIT FIRE
FIGHTERS ASSOCIATION, IAFF LOCAL 344 ("DFFA") FOR ENTRY
OF AN ORDER ENFORCING THE NOVEMBER 30, 2015 GLOBAL
SETTLEMENT BETWEEN THE DFFA AND THE CITY OF DETROIT
RESOLVING THAT PORTION OF DFFA CLAIM NO. 2812 RELATED TO
THE GRIEVANCE FILED ON BEHALF OF AND REQUIRING THE
REINSTATMENT OF FIREFIGHTER BRADLEY SMOLA
AND FOR RELATED RELIEF**

**INTRODUCTION**

Through this Motion[6], DFFA seeks entry of an order, in the form attached as

**Exhibit 1**, which (a) confirms the terms of the Global Settlement; (b) confirms that

the Global Settlement resolved the Smola Claim as of November 30, 2015; (c)

confirms Smola's right to reinstatement as of November 30, 2015 pursuant to the

terms of the Global Settlement; (d) grants Smola an allowed Class 14 claim for his

back pay through November 30, 2015, the date of the Global Settlement (the "Pre-

---

[6] Unless otherwise indicated, all capitalized terms in the Brief have the meanings
ascribed to them by the Motion.

1

Petition Back Pay"), which right to Pre-Petition Back Pay may, at Smola's sole election, be treated as a Convenience Claim; (e) orders the City to (i) immediately reinstate Smola and (ii) make Smola whole through an award of back pay and such other monetary relief as is appropriate to compensate him for its breach of the Global Settlement; and (f) confirms that Smola's post-Effective date contractual rights under the Global Settlement are unaffected by the Plan's Injunction.

In support of the arguments set forth herein, the DFFA relies on the facts set forth therein and Exhibits 6A -E.

## **ARGUMENT**

This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Pursuant to the Plan, the Confirmation Order and sections 105(c), 945 and 1142(b) of the Bankruptcy Code, the Court retained jurisdiction over and is authorized to enforce the Global Settlement as it pertains to the Smola Claim.

The DFFA, as one of the Detroit Public Safety Unions, sought and obtained the right to file certain omnibus claims to preserve their rights with regard to open disputes with the City. See Docket No. 2678. This included the right to file an omnibus Grievance Claim. Claim No. 2812, which includes the Smola Claim, is the DFFA's Grievance Claim.

2

Through its assertion of the Smola Claim, the DFFA sought to preserve the rights granted the DFFA by the Dobry Arbitration Award, Exhibit 6B. The Global Settlement resolved the Smola Claim as of November 30, 2015. To date, the City has refused to abide by the terms of the Global Settlement with regard to the Smola Claim. The Motion asks this Court to enforce the Global Settlement.

**I.  The Smola Claim is a claim within the meaning of Section 101(5) of the Bankruptcy Code.**

The Bankruptcy Code defines "claim" as:

> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

The Smola Claim is a pre-petition matter that falls squarely within 11 U.S.C. § 101(5)'s definition of a claim. It asserts both Smola's "right to payment" under Section 101(5)(A) and his "right to an equitable remedy for breach of performance," i.e., reinstatement "if such breach gives rise to a right to payment…" under Section 101(5)(B). The Smola Claim asserted both Smola's reinstatement and back pay and benefits for his wrongful discharge.

Bankruptcy courts have repeatedly held that allegations related to the

3

improper termination of employment are claims within the meaning of Section 101(5). *See, e.g. Rederford v. U.S. Airways,* 586 F. Supp. 2d 47, 51-52 (D. R. I. 2008).

*Rederford* found that an employee's pre-petition suit for wrongful termination that sought both reinstatement and money damages was a claim within the meaning of Section 101(5). *Id.  Rederford* recognized that an action for reinstatement is exactly the kind of equitable claim whose breach gives rise to "'a right to payment.'" *Id.* at 52 (citations omitted).  *See also, In re Kilpatrick,* 160 B.R. 560 (E.D. Mich. 1993)(finding that a non-debtor's rights under a non-compete agreement constituted a claim because breach of the agreement resulted in a right to payment.)

The Smola Claim is part of the DFFA's Grievance Claim, which was resolved pursuant to the Global Settlement.  The terms of the Global Settlement gave Smola the right to reinstatement as well as a right to be made whole for lost wages and benefits. See Exhibit 6A, p.12.  As a result, Smola has an Allowed Claim, as defined by the Plan and as set forth below, is entitled to have this Court enforce it.

**II. This Court has jurisdiction over and the authority to enforce the Global Settlement as it pertains to the Smola Claim, including Smola's right to reinstatement.**

Pursuant to the Article VII of the Plan and to "sections 105(c), 945 and 1142(b) of the Bankruptcy Code and notwithstanding entry of the Confirmation Order and the occurrence of the Effective Date, the Bankruptcy Court will retain

4

exclusive jurisdiction over all matters arising out of, and related to, the Chapter 9 Case and the Plan to the fullest extent permitted by law, including, among other things, jurisdiction to:

> A. Allow, disallow, estimate, determine, liquidate, reduce, classify, re-classify, estimate or establish the priority or secured or unsecured status of any Claim, including the resolution of any request for payment of any Administrative Claim and the resolution of any and all objections to the amount, allowance, priority or classification of Claims;

> …

> F. Enter such orders as may be necessary or appropriate to implement or consummate the provisions of the Plan and all contracts, instruments, releases and other agreements or documents entered into or delivered in connection with the Plan, the Disclosure Statement or the Confirmation Order."

[Docket No. 8045, p. 76].

Furthermore, pursuant to Article VI.C.1 of the Plan, the City retained "…the authority to File, settle, compromise, withdraw or litigate to judgment objections to Claims, including pursuant to the ADR Procedures or any similar procedures approved by the Bankruptcy Court.…On and after the Effective Date the City may settle or compromise and Disputed Claim or any objection or controversy relating to

any Claim without any further notice or any action, order or approval of the Bankruptcy Court." [Docket No. 8045, p.76]. Through the ongoing mediation process, the City elected to settle Claim No. 2812, the DFFA's omnibus grievance claim, including the Smola Claim.

Through the Global Settlement, Smola has an Allowed Claim—i.e., a Claim designated as allowed in a stipulation or agreement between the City and the Holder of the Claim. See Plan, Docket No. 8045, p. 10.

Consistent with the authority granted by sections 105(c), 945 and 1142(b) of the Bankruptcy Code, Articles VII.A. and F. of the Plan and the Confirmation Order, this Court retains jurisdiction over and is authorized to enforce the Allowed Claim granted Smola by the Global Settlement.

## III. The Global Settlement is an enforceable agreement which the City has breached.

The Confirmation Order and the Plan specifically authorize the City to settle claims without further approval of this Court. See Plan, Art. VII.A. They further authorizes this Court to enforce any contract that results from such a settlement. On November 30, 2015, consistent with the Confirmation Order and the Plan, the City and the DFFA executed the Global Settlement, which unambiguously settled the Smola Claim.

### A. The Global Settlement is unambiguous and must be enforced according to its terms.

6

Under well-settled principles of Michigan law, an unambiguous contract must be enforced according to its terms. *Wilkie v. Auto-Owners Insurance Company*, 469 Mich. 41, 51-52; 664 N.W.2d 776 (2003). An agreement to settle a pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts *Walbridge Aldinger Co. v. Walcon Corp.,* 207 Mich.App. 566, 571; 525 N.W.2d 489 (1994).

In *UAW-GM Human Resource Center v. KSL Recreation Corporation*, the Michigan Court of Appeals reaffirmed the long-standing principle that an unambiguous contract is enforceable as written, noting that, "[t]he initial question whether contract language is ambiguous is a question of law. If the contract language is clear and unambiguous, its meaning is a question of law." 228 Mich. App. 486 (1998), *lv den*, 459 Mich. 945 (1999).

In resolving the Smola Claim and the other DFFA grievance claims, the Global Settlement unambiguously provides:

> D.  The DFFA and the City now wish to settle these disputes according to the terms detailed below.  Specifically, the DFFA and the City desire to resolve, settle, compromise and **reach accord and satisfaction upon each and every claim of any nature whatsoever** which the DFFA has or may have related to matters asserted in these grievances, arbitrations, lawsuits and MERC charges.

> E.  In consideration of the mutual promises herein set forth, the City and the DFFA state and agree as follows:

7

> The City and the Union agree to settle these grievances; withdraw any related pending arbitration demands, stipulate to the satisfaction of any proofs of claims filed in the Bankruptcy Court that are part of this settlement; file any related paperwork with the Bankruptcy Court regarding the satisfaction of such claims; and settle any disputes between the parties arising out of or relating to the settled grievances.

See **Exhibit 6A,** p. 2 (emphasis added).

With respect to the Smola Claim, the Global Settlement unequivocally provides:

> **City of Detroit v. DFFA; WCCC No. 12-006507, Court of Appeals No. 316319—Brad Smola**
>
> The City agrees, per Arbitrator Dobry's April 26, 2012 award, to reinstate Brad Smola and make whole with all lost pay and benefits.

See **Exhibit 6A,** p. 12

The Global Settlement Agreement further contains an integration clause that provides:

> This agreement sets forth the parties' sole, entire, complete and comprehensive agreement and understanding. It cancels and supersedes any prior agreement(s) or understanding(s) between the parties, whether written or oral.
>
> This agreement may be modified only by a signed, written agreement of the parties."

See **Exhibit 6A**, p. 14.

Under "applicable…[Michigan contract]…law," *Wilkie, supra,* at 51-52; *Walbridge Aldinger, supra* at 571, the Global Settlement, including the

unambiguous resolution of the Smola Claim, must be enforced according to its terms.

**B.    The Global Settlement's integration clause precludes the introduction of parol evidence to vary the contracts' plain terms.**

In *UAW-GM Human Resource Center, supra,* at 494-97, the court found that where parties have included an express integration clause in their contract, parol evidence cannot be used to vary the terms of the contract.  The court rejected the UAW's efforts to present parol evidence of a prior agreement between the parties to contradict the express terms of a settlement agreement that contained an integration clause.

In rejecting those efforts, the court summarized the rule as follows: "'[p]arol evidence of contract negotiations, or of prior or contemporaneous agreements that contradict or vary the written contract, is not admissible to vary the terms of a contract which is clear and unambiguous.'…This rule recognizes that in '[b]ack of nearly every written instrument lies a parol agreement, merged therein.'." *Id.* at 492 (citations omitted).

The court went on to rule specifically that, "[w]hen the parties choose to include an integration clause, they clearly indicate that the written agreement is integrated; accordingly, there is no longer any 'threshold issue' whether the agreement is integrated and, correspondingly, no need to resort to parol evidence to resolve this issue." *Id.* at 495.

9

The Global settlement expressly provides that it "…sets forth the parties' sole, entire, complete and comprehensive agreement and understanding. It cancels and supersedes any prior agreement(s) or understanding(s) between the parties, whether written or oral." **Exhibit** 6A, p. 14. This precludes the City from presenting parol evidence that varies the plain terms of the resolution of the Smola Claim.

### C. Attachment H to the Global Settlement does not create an ambiguity as to the terms of the settlement of the Smola Claim.

Based upon its communications with the City, the DFFA anticipates that the City may argue that the attachments to the Global Settlement, including attachment H, create an ambiguity as to the parties' intent in resolving the Smola Claim. This argument must be rejected, as the attachments to the settlement are simply documents which identify the claims being resolved by the Global Settlement, and they do not create an ambiguity as to the terms of the settlement of the Smola Claim. Furthermore, Attachment H to the Global Settlement is a September 4, 2015 letter from the City containing the City's settlement proposal on a number of pending pre-petition litigation, including the Smola Claim. See **Exhibit 6A**, Attachment H. Simply put, a settlement proposal that predates the Global Settlement by nearly three (3) months cannot create an ambiguity just because the terms of the final settlement agreement are different from the City's initial proposal.

The initial question is whether a contract is ambiguous is a question of law. *UAW Human Resources Center, supra* at 491, *quoting Port Huron Education*

*Association, v. Port Huron Area School District*, 452 Mich. 309, 323; 550 N.W.2d 228 (1996). For a contract to be ambiguous, its terms must "'reasonably be understood in different ways,'" and this court must construe the Global Settlement according to the plain meaning of its terms and avoid "'technical or constrained constructions.'" *Id.* at 491-92.

The first paragraph of the Global Settlement states: "THIS GLOBAL SETTLEMENT AGREEMENT (Agreement), which includes attachments A, B, C, D, E, F, G and H is made as this 30th of November 2015, by and between the [DFFA] and the City of Detroit." See **Exhibit 6A,** p. 1. Attachments A through H consist of supporting documentation which identifies the claims being settled and their status, *prior* to the Global Settlement. The Global Settlement references attachment H as follows: "E. LITIGATION (SEE ATTACHMENT H)."

Attachment H is a letter from the City, dated September 4, 2015, which responds to a request from the DFFA to lift the stay with regard to certain pending litigation between the City and the DFFA. In Attachment H, the City agrees to lift the stay as to the Smola Claim and three other pending lawsuits. The Global Settlement goes on to describe the resolution of each of those pending lawsuits. Nothing in the Global Settlement suggests that, by referring to Attachment H, the City or the DFFA intended to vary the plain language of the resolution of any of those pending lawsuits.

Indeed, where the City and the DFFA sought to incorporate the terms of an attachment, the Global Settlement says so. For example, with respect to item 1 under "Litigation," WCCC No. 98-810350, the Global Settlement states that, "The City agrees …to the language in ***Attachment G***." **Exhibit 6A**, p. 12 (emphasis in original). Nothing in the Global Settlement suggests that, by referencing Attachment H, the City was entitled to renege on the agreed terms of its settlement of a particular piece of litigation. The City cannot credibly argue that it can use attachment H to vary the express terms of the settlement of the Smola Claim.

**IV.   To the extent that the City's breach of the Global Settlement has resulted in Smola's right to additional lost wages, that wage loss is a post-petition matter, which is unaffected by the Plan's Injunction.**

The DFFA anticipates that the City may argue that the DFFA's efforts to obtain a determination of the amount of Smola's post-Global Settlement wage loss violates the Plan's Injunction. This Motion, however, is an action to enforce Smola's rights under the Plan as a result of the City's breach of its agreement to settle his claim and reinstate him. Such actions are specifically excluded from the Plan's Injunction. See Plan, Art. III.D.5 [Docket 8045, p. 50]

However, the Global Settlement is a post-petition contract, entered into by the City pursuant to Article VI.C.1 of the Plan, through which, the City retained "…the authority to File, settle, compromise, withdraw or litigate to judgment objections to Claims, including pursuant to the ADR Procedures or any similar procedures

approved by the Bankruptcy Court.…On and after the Effective Date the City may settle or compromise and Disputed Claim or any objection or controversy relating to any Claim without any further notice or any action, order or approval of the Bankruptcy Court." [Docket No. 8045, p.76].

## RELIEF REQUESTED

In view of the above, the DFFA requests that the Court enter an order in the form attached as **Exhibit 1,** which (a) confirms the terms of the Global Settlement; (b) confirms that the Global Settlement resolved the Smola Claim as of November 30, 2015; (c) confirms Smola's right to reinstatement as of November 30, 2015 pursuant to the terms of the Global Settlement; (d) grants Smola an allowed Class 14 for his back pay through November 30, 2015, the date of the Global Settlement (the "Pre-Petition Back Pay"), which right to Pre-Petition Back Pay may, at Smola's sole election, be treated as a Convenience Claim; (e) orders the City to (i) immediately reinstate Smola and (ii) make Smola whole through an award of back pay and such other monetary relief as is appropriate to compensate him for its breach of the Global Settlement; and (f) confirms that Smola's post-Effective date contractual rights under the Global Settlement are unaffected by the Plan's Injunction.  Accordingly, the DFFA requests the Court enter the Order attached hereto as **Exhibit 1**.

Respectfully submitted,

13

LAW OFFICE OF BARBARA A, PATEK, P.L.C.

By: */s/ Barbara A. Patek*
    Barbara A. Patek (P34666)
    Co-Counsel for the Detroit Fire Fighters
    Association, IAFF Local 344
    27 E. Flint St., Suite 2
    Lake Orion, MI 48362
    Telephone: (248) 814-9470
    Facsimile: (248) 814-8231
    E-mail: pateklaw@gmail.com

and

By: */s/ Andrew Nickelhoff*
    Andrew Nickelhoff, Esq. (P37990)
    Mami Kato, Esq. (P74237)
    Co-Counsel for the Detroit Fire Fighters
    Association, IAFF Local 344
    Sachs Waldman, P.C.
    2211 E. Jefferson Avenue
    Detroit, Michigan 48207
    (313) 496-9429
    anickelhoff@sachswaldman.com
    mkato@sachswaldman.com

DATED: March 15, 2017

# EXHIBIT 4

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

                Debtor.

_____/

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

## CERTIFICATE OF SERVICE

The undersigned certifies that on March 15, 2017, the Motion for Entry of an Order Enforcing the November 30, 2015 Global Settlement Between the DFFA and the City of Detroit Resolving That Portion of DFFA Claim No. 2812 Related to the Grievance Filed on Behalf of Detroit Fire Fighter Bradley Smola and Requiring Smola's Reinstatement and for Related Relief, Brief in Support, Notice of Opportunity to Respond or Request Hearing and Certificate of Service were electronically filed with the Clerk of the Court for the United States Bankruptcy Court, Eastern District of Michigan, Southern Division using the CM/ECF System, which will send notification of such filing to all attorneys and parties of record registered electronically and by serving a copy of the these papers on counsel for the City via regular mail as follows:

Marc Nicholas Swanson, Esq.

Miller Canfield Paddock and Stone
150 W. Jefferson Avenue, Ste. 2500
Detroit, MI  48226-4415


Charles N. Raimi
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
CAYMC
Detroit, MI  48226-3437.

Respectfully submitted,

LAW OFFICE OF BARBARA A, PATEK, P.L.C.

By: __/s/ Barbara A. Patek_____
        Barbara A. Patek (P34666)
        Co-Counsel for the Detroit Fire Fighters
        Association, IAFF Local 344
        27 E. Flint St., Suite 2
        Lake Orion, MI  48362
        Telephone: (248) 814-9470
        Facsimile: (248) 814-8231
        E-mail:  pateklaw@gmail.com

DATED:   March 15, 2017