# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

    Debtor.

Bankruptcy Case No. 13-53846

Honorable Thomas J. Tucker

Chapter 9

## <u>EXHIBIT LIST</u>

Exhibit 1    Proposed Order

Exhibit 2    Notice of Objection

Exhibit 3    None

Exhibit 4    Certificate of Service

Exhibit 5    None

Exhibit 6-1  Claim 2374

Exhibit 6-2  State Court Discovery Requests

Exhibit 6-3  *In Re W. R. Grace & Co.*

Exhibit 6-4  *In Re F & C Int'l*

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## EXHIBIT 1

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

<table>
<tr><td>In re:<br><br>City of Detroit, Michigan,<br><br>     Debtor.</td><td>Bankruptcy Case No. 13-53846<br><br>Honorable Thomas J. Tucker<br><br>Chapter 9</td></tr>
</table>

## [PROPOSED] ORDER SUSTAINING
## CITY OF DETROIT'S OBJECTION TO CLAIMS 2374

This matter having come before the Court on the *City of Detroit's Objection to Claim Numbers 2374* ("Objection") upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.      The Objection is sustained.

2.      Proof of claim number 2374 is disallowed and expunged.

3.      The City's claims agent is authorized to update the claims register in accordance with the terms of this Order.

4.      The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## EXHIBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>City of Detroit, Michigan,<br><br>    Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

## NOTICE OF OBJECTION TO CLAIM

The City of Detroit has filed an objection to a claim in this bankruptcy case which may affect you.

**The claim may be reduced, modified, or denied. You should read these papers carefully and discuss them with your attorney, if you have one.**

If you do not want the Court to deny or change your claim, then on or before May 17, 2017, you or your attorney must:

1.    File with the court a written response to the objection, explaining your position at:

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

You must also mail a copy to:

DYKEMA GOSSETT PLLC
Attn: Kathryn J. Humphrey
400 Renaissance Center, 37th Floor
Detroit, Michigan 48243

2.     Attend the hearing on the objection, scheduled to be held on **May 24, 2017,** at **1:30 p.m.** in Courtroom 1925, United States Bankruptcy Court, 211 W. Fort Street, Detroit, Michigan, unless your attendance is excused by mutual agreement between yourself and the City's attorney. (Unless the matter is disposed of summarily as a matter of law, the hearing shall be a pre-trial conference only; neither testimony nor other evidence will be received.  A pre-trial scheduling order may be issued as a result of the pre-trial conference.)

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

DYKEMA GOSSETT PLLC


By:  */s/ Kelly R. Houk*
       Kelly R. Houk (P77666)
       Kathryn J. Humphrey (P32351)
       Samuel R. Simkins (P81210)
       Attorneys for City of Detroit
       400 Renaissance Center, 37th Floor
       Detroit, MI  48243
       (313) 568-6848
       khouk@dykema.com
       khumphrey@dykema.com
       ssimkins@dykema.com

Dated: April 19, 2017

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>City of Detroit, Michigan,<br><br>    Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

The undersigned hereby certified that on April 19, 2017, she caused a copy of the *City of Detroit's Objection to Claim Numbers 2374* to be served upon all parties registered for ECF service and by first class mail to the following parties:

LIDDLE & DUBIN, P.C.
Laura L. Sheets
975 E. Jefferson Ave.
Detroit, Michigan 48207

Dated: April 19, 2017

DYKEMA GOSSETT PLLC

By: */s/Kelly R. Houk*
     Kelly R. Houk (P77666)
     Kathryn J. Humphrey (P32351)
     Samuel R. Simkins (P81210)
     Attorneys for City of Detroit
     400 Renaissance Center, 37th Floor
     Detroit, MI 48243
     (313) 568-6848
     khouk@dykema.com
     khumphrey@dykema.com
     ssimkins@dykema.com

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**EXHIBIT 6-1**

**CLAIM 2374**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT    EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 | |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Cas No: 13-CC9226-NZ            RECEIVED

Name and address where notices should be sent:
Macuga, Liddle, and Dubin P.C.
975 East Jefferson Ave
Detroit, MI 48207            FEB 24 2014
                            KURTZMAN CARSON CONSULTANTS

Telephone number: 313-342-0015   email: LSHEETS@mldclassaction.com

□ **COURT USE ONLY**

□ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):
    "                    "

    "            "

Telephone number:   "      "   email:   "      "

□ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:**            $ 520,357.82

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
□ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** Prepetition Claim for pending lawsuit
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** ___   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a)

4. **Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** □ Real Estate  □ Motor Vehicle  □ Other
Describe:

**Value of Property:** $ _____

**Annual Interest Rate (when case was filed)** _____% □ Fixed  or  □ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ _____

**Basis for perfection:** _____

**Amount of Secured Claim:** $ _____

**Amount Unsecured:** $ _____

5. **Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**   $ _____

5b. **Amount of Claim Otherwise Entitled to Priority.** Specify Applicable Section of 11 U.S.C. § _____.   $ _____

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: SEE ATTACHED

8. **Signature:** (See instruction # 8)
Check the appropriate box.

□ I am the creditor.  ☑ I am the creditor's authorized agent.   □ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   □ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Laura Sheets
Title: Attorney
Company: Macuga, Liddle + Dubin P.C.
Address and telephone number (if different from notice address above):
975. E. Jefferson
Detroit, MI
Telephone number: 313.392.0015  email: lsheets@mldclassaction.com

(Signature)            2-18-14            (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment

**EXHIBIT 6-2**

**STATE COURT DISCOVERY REQUESTS**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT OF THE COUNTY OF WAYNE**

VALERIE ABERNATHY, et al,

      Plaintiffs,                        Case No. 16-010128-NZ

v.

                                              Hon. John H. Gillis, Jr.

CITY OF DETROIT,

      Defendant.

---

| LIDDLE & DUBIN, P.C. | DYKEMA GOSSETT PLLC |
|---|---|
| Laura L. Sheets (P63270) | Kathryn J. Humphrey (P32351) |
| Brandon T. Brown (P79470) | Attorneys for Defendant DWSD |
| Attorney for Plaintiffs | 400 Renaissance Center |
| 975 E. Jefferson Ave. | Detroit, MI 48243 |
| Detroit, Michigan 48207 | (313) 568-6800 |
| (313) 392-0015 | khumphrey@dykema.com |

---

**DEFENDANT'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

      Defendant, City of Detroit Water and Sewerage Department ("DWSD"), through its attorneys, Dykema Gossett PLLC, submits these Requests for Production of Documents and Second Set of Interrogatories ("Discovery Requests") to Plaintiffs.

**INSTRUCTIONS**

      Pursuant to MCR 2.309, Defendant requests that Plaintiffs prepare and file answers, separately and fully, in writing and under oath, to the following interrogatories and serve a copy of the answers on the undersigned attorneys for Defendant within 28 days from the date these interrogatories are served. Pursuant to MCR 2.310, Defendant requests that Plaintiffs produce each document identified in answer to any interrogatory, or separately requested herein, within 28 days from the date the request is served.

## DISCOVERY REQUESTS

### Interrogatories

**Interrogatory No. 1:** How many Proofs of Claim were filed with the Bankruptcy Court, in connection with the allegations of Plaintiffs in this lawsuit?

**Response:**

**Interrogatory No. 2:** How many Proofs of Claim were filed with the State Circuit Court, in connection with the allegations of Plaintiffs in this lawsuit?

**Response:**

**Interrogatory No. 3:** How many Proofs of Claim were filed with the City of Detroit Claims Processing Center, Kurtzman Carson Consultants LLC, in connection with the allegations of Plaintiffs in this lawsuit?

**Response:**

**Interrogatory No. 4:** Who prepared each of the Proofs of Claim, referred to in your responses to Interrogatories 1, 2, and 3? If more than one person was involved, list the claim number, and the corresponding preparer's name and address.

**Response:**

2

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**Interrogatory No. 5:** Was the preparer, in each instance, also the filer? If not, identify the filer's name and address for each claim.

**Response:**

**Interrogatory No. 6:** Identify the documentation, if any, that was submitted with the Proofs of Claim in connection with the allegations of Plaintiffs in this lawsuit.

**Response:**

**Interrogatory No. 7:** Were any of the Proofs of Claim filed by a purported Rule 2019 authorized agent on behalf of an alleged creditor? If so, list each such claim number, the corresponding alleged creditor's name and address, and the name and address of the purported authorized agent.

**Response:**

**Interrogatory No. 8:** For each Proof of Claim that was filed by a purported Rule 2019 authorized agent on behalf of an alleged creditor, state whether a verified statement was prepared for each alleged creditor and submitted with the Proof of Claim, pursuant to Rule 2019 of the Federal Rules of Bankruptcy Procedure.

**Response:**

3

**Interrogatory No. 9:**    For each Proof of Claim that was filed by a purported Rule 2019 authorized agent on behalf of an alleged creditor, state how authorization was allegedly granted to the purported agent from the represented creditor.

**Response:**

**Interrogatory No. 10:**    For each Proof of Claim filed in connection with the allegations of the Plaintiffs in this lawsuit, state whether any person or entity requested confirmation that those Proofs of Claim had been received. If so, who? Was any such confirmation received?

**Response:**

## Requests To Produce

**Request to Produce No. 1:**    Produce each Proof of Claim, formal or informal, filed in connection with the allegations of the Plaintiffs in this lawsuit.

**Response:**

**Request to Produce No. 2:**    Produce    all    documentation,    information,    reports, correspondence, or memoranda that were prepared for or related to filing the Proofs of Claim, in

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

4

connection with the allegations of the Plaintiffs in this lawsuit.

**Response:**

**Request to Produce No. 3:** Produce all verified statements that were prepared in accordance with Rule 2019 for or related to filing the Proofs of Claim, in connection with the allegations of the Plaintiffs in this lawsuit.

**Response:**

**Request to Produce No. 4:** Produce all instruments, documentation, information, reports, correspondence, or memoranda that allegedly authorized the purported agent under Rule 2019 to file a Proof of Claim on a creditor's behalf, in connection with the allegations of the Plaintiffs in this lawsuit.

**Response:**

**Request to Produce No. 5:** Produce all documentation, information, reports, correspondence, or memoranda that purportedly served as confirmation that the Proofs of Claim were received.

**Response:**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

5

**Request to Produce No. 6:** Produce all correspondence to or from the Bankruptcy Court, State Circuit Court, or Claims Processing Center, accompanying the filing of the Proofs of Claim, or following up with, or relating to that filing, in connection with the allegations of the Plaintiffs in this lawsuit.

**Response:**

**Request to Produce No. 7:** Produce all documents, information, reports, correspondence, or memoranda supporting your answers or referred to in responses to the Interrogatories here.

**Response:**

DYKEMA GOSSETT PLLC

By: */s/ Kathryn J. Humphrey*
    Kathryn J. Humphrey (P32351)
    Attorney for Defendant
    400 Renaissance Center
    Detroit, Michigan  48243
    313-568-6848
    khumphrey@dykema.com

Date:  February 6, 2017

6

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN  48243

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on February 6, 2017, my assistant electronically served the foregoing document via U.S. Mail to counsel for Plaintiff.


DYKEMA GOSSETT PLLC


By: *<u>/s/ Kathryn J. Humphrey</u>*
     Kathryn J. Humphrey (P32351)
     Attorney for Defendant
     400 Renaissance Center
     Detroit, Michigan 48243
     313-568-6848
     khumphrey@dykema.com

4816-5261-8305.1
014201\000034

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

**EXHIBIT 6-3**

**<u>In Re W. R. Grace & Co., 316 F. App'x 134 (3d Cir. 2009)</u>**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

# In re W. R. Grace & Co.

United States Court of Appeals for the Third Circuit

December 12, 2008, Submitted under Third circuit LAR 34.1(a); March 11, 2009, Opinion Filed

No. 08-1044

## Reporter

316 Fed. Appx. 134 *; 2009 U.S. App. LEXIS 5281 **

RE: W. R. GRACE & CO., ET AL, DEBTORS. MISSION TOWERS, a/k/a Foxridge Towers Office Building; BETHESDA REHABILITATION HOSPITAL; FIRST TENNESSEE BANK, f/k/a National Bank Building; FIRST TENNESSEE BANK, f/k/a Hamilton National Bank; WASHINGTON TOWNSHIP HEALTH CARE DISTRICT, f/k/a Washington Hospital; NEW HANOVER REGIONAL MEDICAL CENTER, f/ka/ New Hanover Memorial Hospital; FIRST HEALTH MONTGOMERY MEMORIAL HOSPITAL, f/k/a Montgomery Memorial Hospital; PIERRE LACLEDE CENTER NOS. 1 and 2, f/k/a Pierre Laclede Buildings; ST. JOSEPH'S HILL INFIRMARY NURSING HOME; IBM METRO EMPLOYEES FEDERAL CREDIT UNION, f/k/a Manufacturers Hanover Trust; PALOS COMMUNITY HOSPITAL, f/k/a Palos Hospital, IL; ST MARY'S MEDICAL CENTER, f/k/a St. Mary's Hospital; FRIENDLY HOME NURSING CARE & REHABILITATION, f/k/a Deaf Hard of Hearing & Speech Impaired Building; 99 FOUNDERS PLAZA; ONEIDA COUNTY OFFICE BUILDING; MANOR OAK TWO; CAYUGA COUNTY OFFICE BUILDING, f/k/a Cayuga Company Office Building; ST. LUKE'S HOSPITAL; SCHUYLER HOSPITAL; SANTA TERESA MEDICAL OFFICE BUILDING; NEBRASKA SKILLED NURSING AND REHABILITATION; VIRTUA HEALTH WEST JERSEY HOSPITAL VOORHEES; TITUSVILLE AREA HOSPITAL, f/k/a Titusville/Farrell Hospital; HOTEL CAPTAIN COOK Tower # 2; GUNDERSEN LUTHERAN MEDICAL CENTER, f/k/a Lacrosse Lutheran Hospital Addition; BAPTIST HEALTH MEDICAL CENTER LITTLE ROCK, f/k/a Arkansas Baptist Medical Center; ABBEVILLE GENERAL HOSPITAL, f/k/a Abbeville Hospital; ST. ANTHONY'S REGIONAL HOSPITAL AND NURSING HOME, f/k/a St. Anthony's Hospital and Hospital in Carroll, IA; FULTON COUNTY HEALTH CENTER; OHIO SAVINGS PLAZA, f/k/a Penton & Park Plaza Investment Tower; YWCA of GREATER DES MOINES, f/k/a YMCA Building; SCOTTISH RITE CATHEDRAL; FIRST TENNESSEE BANK-COURT THOMAS COMPUTER CENTER, f/k/a National Bank Building; PANDA PRINTS, f/k/a Lehigh Tile/Marble

Warehouse; MCKENZIE WILLIAMETTE MEDICAL CENTER, f/k/a McKenzie Hospital; KELLER BUILDING, f/k/a ALBERT KELLER MEMORIAL HOSPITAL; VIRTUA WEST JERSEY HOSPITAL MARLTON, f/k/a Garden State Hospital; THE HOMEPLACE OF MONDOVI HOSPITAL, f/k/a Buffalo Memorial Hospital; DODGE COUNTY HOSPITAL; CARSON PIRIE SCOTT STORE # 537, f/k/a Saks Fifth Avenue; HARRY C. LEVY GARDENS-HOUSING AUTHORITY OF THE CITY OF LAS VEGAS; JORDAN HOSPITAL, INC.; UNIVERSITY OF NEW ENGLAND-WESTBROOK COLLEGE, f/k/a Webber Hospital; 1199 SEIU, f/k/a 310 West 43rd Street Building, Appellants

**Notice:** NOT PRECEDENTIAL OPINION UNDER THIRD CIRCUIT INTERNAL OPERATING PROCEDURE RULE 5.7. SUCH OPINIONS ARE NOT REGARDED AS PRECEDENTS WHICH BIND THE COURT.

PLEASE REFER TO FEDERAL RULES OF APPELLATE PROCEDURE RULE 32.1 GOVERNING THE CITATION TO UNPUBLISHED OPINIONS.

**Prior History:** [**1] On Appeal from the United States District Court for the District of Delaware. (D. C. Nos. 07-cv-00287-00330). District Judge: Hon. Ronald L. Buckwalter.
Mission Towers v. Grace, 2007 U.S. Dist. LEXIS 89913 (D. Del., Dec. 6, 2007)

**Counsel:** For In the Matter of: WR GRACE & CO, Debtor - Appellee: Janet S. Baer,

Esq., Lisa G. Esayian, Esq., Kirkland & Ellis, Chicago, IL; David M. Bernick, Esq., Kirkland & Ellis, New York, NY; Christopher Landau, Esq., Gregory L. Skidmore, Esq., Kirkland & Ellis, Washington, DC; James E. O'Neill, III, Esq., Pachulski Stang Ziehl & Jones, Wilmington, DE.

For MISSION TOWERS, AKA Foxridge Towers Ofc, BETHESDA REHAB HOSP, FIRST TN BANK, FKA Hamilton Natl Bank, FKA Natl Bank Bldg, WASHINGTON TOWNSHIP HEALTH CARE DISTRICT, FKA Washington Hospital, NEW HANOVER REGIONAL, FKA New Hanover Memorial Hospital, FIRST HEALTH MONTGOMERY MEMORIAL HOSPITAL, FKA Montgomery Memorial Hospital, PIERRE LACLEDE CENTER NOS. 1 AND 2, FKA Pierre Laclede Bldgs, ST. JOSEPH'S HILL INFIRMARY NURSING HOME, IBM METRO EMPLOYEES FEDERAL CREDIT UNION, FKA Mfg Hanover Trust, PALOS COMM HOSP, FKA Palos Hosp IL, ST MARYS MED CTR, FKA St Marys Hosp, FRIENDLY HOME NURSING CARE & REHABILITATION, FKA Deaf Hard of Hearing & Speech Impaired Building, 99 FOUNDERS PLAZA, ONEIDA CTY OFC [**2] BLDG, MANOR OAK TWO, CAYUGA CTY OFC BLDG, FKA Cayuga Co Ofc Bldg, ST LUKE HOSP, SCHUYLER HOSP, SANTA TERESA MED OFC, NE SKILLED NURSING, VIRTUA HEALTH WEST JERSEY HOSPITAL VOORHEES, TITUSVILLE AREA HOSP, FKA Titusville/Farrell Hosp, HOTEL CAPT

COOK, Tower # 2, GUNDERSEN LUTHERAN, FKA Lacrosse Luthern Hospital Addition, BAPTIST HEALTH MEDICAL CENTER LITTLE ROCK, FKA AR Baptist Med Ctr, ABBEVILLE GEN HOSP, FKA Abbeville Hosp, ST. ANTHONY'S REGIONAL HOSPITAL AND NURSING HOME, FKA Anthony's Hospital and Hospital in Carroll, IA, FULTON CTY HEALTH, OH SAV PLAZA, FKA Penton & Park Plaza Investment Tower, YWCA OF GREATER DES MOINES, FKA YWCA Bldg, SCOTTISH RITE CATHEDRAL, FIRST TENNESSEE BANK-COURT THOMAS COMPUTER CENTER, FKA Natl Bank Bldg, PANDA PRINTS, FKA Lehigh Tile/Marble Warehouse, MCKENZIE WILLIAMETTE MEDICAL CENTER, FKA McKenzie Hosp, KELLER BLDG, FKA Albert Keller Memorial Hospital, VIRTUA WEST JERSEY HOSPITAL MARLTON, FKA Garden State Hosp, HOMPLACE OF MONDOVI HOSPITAL, FKA Buffalo Memorial Hospital, DODGE CTY HOSP, CARSON PIRIE SCOTT STORE # 537, FKA Saks Fifth Avenue, HARRY C. LEVY GARDENS-HOUSING AUTHORITY OF THE CITY OF LAS VEGAS, JORDAN HOSP INC, UNIVERSITY OF NEW ENGLAND-WESTBROOK [**3] COLLEGE, FKA Webber Hosp, 1199 SEIU, FKA 310 West 43rd Street Building, Plaintiff - Appellants: Marion C. Fairey, Jr., Esq., Speights & Runyan, Hampton, SC; Christopher D. Loizides, Esq., Loizides & Associates, Wilmington, DE; Daniel A. Speights, Esq., Law Office of Daniel A. Speights, Hampton, SC.

**Judges:** Before: McKEE, SMITH and ROTH, Circuit Judges.

**Opinion by:** ROTH

**Opinion**

[*135]  **ROTH,** <u>Circuit Judge:</u>

Forty-four claimants in the bankruptcy proceeding of W.R. Grace & Company appeal the judgment of the United States District Court for the District of Delaware affirming the Bankruptcy Court's Order [*136] disallowing their asbestos property damage claims against W.R. Grace, et. al. (Grace). For the reasons discussed below, we will affirm.

Because the facts are well known to the parties, we will discuss them only briefly here.

Grace filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the District of Delaware on April 2, 2001. In April 2002, the Bankruptcy Court entered an order that established March 31, 2003 as the "bar date"--the date by which proofs or claims must be filed. After the bar date the law firm of Speights & Runyan (S&R) nevertheless filed 2,938 asbestos property damage claims against [**4] Grace. None were personally signed by the claimants. Instead, either Daniel Speights or Amanda Steinmeyer, both of S&R, signed the claims. This prompted the Bankruptcy Court to order S&R to categorize all of its asbestos property damage claims based "upon the authority by which it had filed the claims."

For the forty-four claims at issue here,

claimants conceded that they authorized S&R to bring their claims after the bar date. The Bankruptcy Court thus entered the Order disallowing and expunging the claims. Claimants appealed, and the District Court affirmed. Claimants now appeal the District Court's Order.

The Bankruptcy Court had jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. The District Court appropriately exercised its appellate jurisdiction pursuant to 28 U.S.C. § 158(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the District Court sat as an appellate court reviewing a final order of the Bankruptcy Court, our review of its decision is plenary. *E.g., In re O'Brien Envtl. Energy, Inc.,* 188 F.3d 116, 122 (3d Cir. 1999).

Claimants first argue that the Bankruptcy Court erred in disallowing their claims because S&R had authority to file individual claims on claimants' [**5] behalf by virtue of its role as class counsel in a South Carolina class action. We review the Bankruptcy Court's legal determination *de novo. In re Myers,* 491 F.3d 120, 125 (3d Cir. 2007). Claimants' argument fails because the authority to act for a class pursuant to Rule 23 does not imply any authorization to file a proof of claim for an individual in bankruptcy proceedings. *See In re Standard Metals Corp.,* 817 F.2d 625, 631 n.10 (10th Cir. 1987), *vacated in part on other grounds,* 839 F.2d 1383 (10th Cir. 1988).

Claimants next argue that the Bankruptcy Court erred in disallowing their claims because each claimant retroactively ratified

S&R's filings after the bar date. We review this legal determination *de novo. In re Myers,* 491 F.3d at 125. Ratification results when a principal affirms a previously unauthorized act by her agent. *In re Packer Ave. Assocs.,* 1 B.R. 286, 292 (Bankr. E.D. Pa. 1979). The effect of ratification is to give the agent the authority to perform the unauthorized act as of the time the agent performed the unauthorized act. *Id.* But the intervening bar date vitiates claimants' argument because ratifications are deemed ineffective in the face of an intervening deadline. [**6] *See, e.g., Fed. Elect. Comm'n v. NRA Political Victory Fund,* 513 U.S. 88, 98, 115 S. Ct. 537, 130 L. Ed. 2d 439 (1994) ("[I]t is essential that the party ratifying should be able not only to do that act ratified at the time the act was done, but also at the time the ratification was made.") (internal quotation marks removed) (emphasis removed). Claimants' attempted ratifications were thus ineffective ratifications.

Claimants finally argue that the Bankruptcy Court erred in disallowing their claims because they should have been allowed to conduct discovery and present evidence that they were "known creditors" [*137] who did not receive actual notice of the bar date. We review the Bankruptcy Court's discovery rulings for abuse of discretion. *In re Kiwi Intern. Air Lines, Inc.,* 344 F.3d 311, 323 (3d Cir. 2003). An abuse of discretion occurs "if a discovery ruling is seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *Public Loan Co. v. Fed. Deposit Ins. Corp.,* 803 F.2d 82, 86 (3d Cir.

1986) (internal quotation marks omitted).

Known creditors must be provided with actual written notice of a debtor's bankruptcy filing. *Chemetron Corp. v. Jones,* 72 F.3d 341, 346 (3d Cir. 1995). A known **[**7]** creditor is one "whose identity is either known or 'reasonably ascertainable by the debtor.'" *Id.* (quoting *Tulsa Prof'l Collection Serv., Inc. v. Pope,* 485 U.S. 478, 490, 108 S. Ct. 1340, 99 L. Ed. 2d 565 (1988). A creditor's identity "is reasonably ascertainable if that creditor can be identified through reasonably diligent efforts." *Id.* (internal quotation marks and citations omitted). Reasonable diligence does not require impracticable and extended searches. *Id.* The requisite search for a known creditor, instead, usually requires only a careful examination of a debtor's books and records. *See id.* at 347.

Here, claimants argue that their identities were reasonably ascertainable from a review of Grace's records. For Grace to notify claimants, it would have to (1) conduct searches for thousands of buildings where Grace asbestos-containing product was installed and (2) search those title records to locate the current owners of those buildings. We have held that debtors are not required to conduct title searches to locate prospective claimants because it is beyond the reasonably ascertainable standard. *See id.* at 348. The Bankruptcy Court thus acted well within its discretion.

The Bankruptcy Court did not err in disallowing **[**8]** claimants' claims as untimely, and the District Court did not err in affirming the Bankruptcy Court's

decision. For the reasons set forth above, we will affirm the judgment of the District Court.

---

*End of Document*

**EXHIBIT 6-4**

**In Re F & C Int'l, No. 93-11688 (Bankr. S.D. Ohio, Feb. 18, 1994)**

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243

4836-2751-0855.1
ID\ 014201\000042

# In re F & C Int'l

United States Bankruptcy Court for the Southern District of Ohio, Western Division

February 18, 1994, Filed, Entered

Case No. 93-11688 Chapter 11

## Reporter

1994 Bankr. LEXIS 274 *

IN THE MATTER OF F & C
INTERNATIONAL, INC., Debtor

**Judges:** [*1] AUG, JR.

**Opinion by:** J. VINCENT AUG, JR.

## Opinion

ORDER DISALLOWING PROOFS OF
CLAIM NO. 662 and 673 (Class Proof of
Claim)

This Chapter 11 case is before the Court on
the Motion of Debtor F & C International,
Inc. ("F&C" or "Debtor") for Disallowance
of Proofs of Claim Nos. 1299 and 1334 [1]
("Motion") (Doc. 427) and the
Memorandum in Opposition
("Memorandum") (Doc. 519) filed by the
shareholder plaintiffs in the F&C securities
litigation pending in the U.S. District Court
for this District. Today's Order deals only
with Claim Nos. 662 and 673 (the Sheppard
claim). Claim No. 658 (the Gilder claim)
will be dealt with at a later time.

This contested matter questions [*2] the
propriety of a purported class proof of claim
filed on behalf of all persons who suffered
fraud damages by virtue of the purchase of
F&C's common stock between December
13, 1991 and April 2, 1993 (the "Class
Claimants"). The Debtor has objected to the
proof of claim on the bases of timeliness,
failure to comply with Bankr. R. 2019,
failure to obtain class certification from the
Bankruptcy Court, and failure of the claim
to assert adequate factual support. The Class
Claimants dispute the Debtor's position and
ask that the Motion be denied and the claim
allowed.

The Court has jurisdiction over this matter
pursuant to 29 U.S.C. §§ 157 and 1334.
This is a core proceeding under 28 U.S.C. §
157(b)(2). A hearing was conducted on
February 11, 1994.

I. CLASS PROOFS OF CLAIM

Both sides to this dispute rely on the case of
*Reid v. White Motor Corp.,* 886 F.2d 1462
(6th Cir. 1989), *cert. denied,* 494 U.S. 1080,
108 L. Ed. 2d 939, 110 S. Ct. 1809 (1990)
as support for their positions. The Class
Claimants assert that *Reid* clearly [*3]
stands for the proposition that there is no

---

[1] The Court's Claims Docket reflects that the claims in question are
actually Claim Nos. 662, 673 and 658. We believe the numbers 1299
and 1334 are creditor numbers assigned to the claimants by Debtor's
claims manager. Claim 673 appears to be an amendment of 662, with
the attachment of Official Form No. 10 and a copy of the amended
class action complaint as the only differences.

statutory authority to preclude class proofs of claim. Although a split of authority exists on the question of the propriety of class claims in bankruptcy, Class Claimants argue that *Reid* follows the more equitable path, as set forth in the Seventh Circuit decision of *Matter of American Reserve Corp.,* 840 F.2d 487 (7th Cir. 1988), of allowing class claims. The Debtor argues that *Reid* and *American Reserve* do not necessarily endorse the use or class claims, but merely permit a bankruptcy judge, if he is so inclined and if all proper procedural steps are taken, to allow a class claim. Here, Debtor argues, the proper procedure has not been followed and the claim should be disallowed.

We agree with the Debtor's interpretation of *Reid* and *American Reserve.* It is within the Bankruptcy Court's discretion to allow a class claim after balancing the benefits to be derived and the burdens imposed. Class proofs of claim are fraught with difficult issues in the best of circumstances and are not to be allowed nonchalantly. This Court can, nonetheless, imagine times when a class claim is a logical and efficient **[*4]** vehicle for resolving issues of liability and compensation. The claim before us, however, does not fall in that category. Instead we are faced with a procedurally deficient and late-filed document asserting a massive claim, the liquidation of which would be a difficult and time-consuming distraction on the eve of confirmation of the Debtor's plan, and would quite likely delay confirmation and distribution.

## II. TIMELINESS

The F&C securities class action litigation was commenced by the filing of a complaint in the U.S. District Court for the Southern District of Ohio on November 19, 1992. F&C's Chapter 11 petition was filed on April 19, 1993. The name and address of Richard Wayne, counsel for the Class Claimants, was listed on Master Service List No. 1 (Doc. 88), filed with the Court on May 17, 1993, and has remained on every subsequent updated list that has been filed.

On August 3, 1993, Debtor filed its Notice of Deadline for Filing Proofs of Claim and Procedure Therefor (Doc. 222), fixing September 9, 1993, as the bar date for filing proofs of claim in this case. According to its certificate of service, that Notice was served on all persons and entities on the Equity Holders' List, **[*5]** the Creditors' Matrix and the Master Service List No. 3. Mr. Wayne's name and address appeared on Master Service List No. 3. Class Claimants' counsel does not dispute that his office received the bar date notice.

On or about November 9, 1993, Class Claimants filed a proof of claim "by and through Co-Lead Counsel," in the amount of not less than $ 30 million. The basis of the claim is alleged to be "damages for violations of the federal securities laws, applicable state laws and common law in connection with the purchases by Claimants and the Class of the common stock of through the initial public offering and open market transactions during the Class Period," as set forth in the District Court complaint.

Class Claimants argue that they are not yet

under any deadline to file a claim because the individual class members were not scheduled by the Debtor as holding contingent, unliquidated or disputed claims as required by Bankr. R. 1007(a)(1) and L.B.R. 3.12. This argument is without merit. While individual representative shareholders are named in the proof of claim at issue here, they did not file the claim. [2] The class attorney did. That same attorney had notice of the bankruptcy [*6] case from its inception and notice of the bar date as soon as that notice was served. Under Bankruptcy Rule 9006(d)(2), once the bar date has passed, permission to file a late claim may only be given upon motion and a finding or excusable neglect. Class Claimants did not file a motion seeking an enlargement of the time to file a claim, nor have they made any showing of excusable neglect as required by Bankr. R. 9006(d)(2) nor has any other justification been given for their failure to file a claim within the deadline. The claim is time-barred.

## III. PROCEDURAL INADEQUACY

The Debtor alleges that the Class Claimants have failed to follow the procedures as set forth in the Bankruptcy Code and Rules for filing a class claim. [*7] Specifically, Debtor argues, the Class Claimants have failed to comply with Bankruptcy Rule 2019 [Representation of Creditors and Equity Security Holders in Chapter 9 Municipality and Chapter 11 Reorganization Cases), which requires that any entity or committee purporting to represent more than one creditor or equity security holder must file a verified statement with the clerk setting forth the names and addresses of the creditors, the nature and amount of the claims, the facts and circumstances surrounding the employment of the agent, and a copy of any instrument whereby the agent is empowered to act on behalf of the creditors he is representing.

Counsel signed the proof of claim as Co-Lead Counsel for Claimants, but has filed nothing in the way of a Rule 2019 verification that would substantiate his authority to act on behalf of shareholders in the Bankruptcy Court. Under Bankruptcy Rule 3001, a proof of claim may be executed by a creditor's authorized agent. With no evidence Of such authorization, however, the claim is invalid. This Court is charged with overseeing the reorganization or the Debtor and the eventual distribution to creditors under the Debtors' plan. The safeguards [*8] of Rule 2019 are in place to assist the Court and Debtors in assuring that distributions are made in the proper amount to the proper creditor, and that conflicts of interest are avoided. Without the verification, Debtors and the Court run the risk that parties purporting to act on another's behalf may not be authorized to do so and may receive distributions to which they are not entitled.

The fact that counsel may be authorized to represent a particular class in District Court litigation does not excuse his failure to comply with Rule 2019. "Consent to being a

---

[2] In the event individual shareholders file post-bar date proofs of claim asserting fraud damages, they will have every opportunity to raise and argue questions of proper notice and excusable neglect. We see no prejudice to individual shareholders from disallowance of this purported class claim.

member of a class in one piece of litigation is not tantamount to a blanket consent to any litigation the class counsel may wish to pursue." *In re Baldwin-United Corp.,* 52 Bankr. 146, 148-148 (Bankr. S.D. Ohio 1985); *see also, Reid v. White Motor Corp.,* 886 F.2d 1462, 1471-72 (6th Cir. 1989); *In re Standard Metals Corp.,* 817 F.2d 625, 631 (10th Cir. 1987), modified on other grounds, 839 F.2d 1383 (1988), *cert. dismissed,* 488 U.S. 881 (1988); *In re Manville Forest Products Corp.,* 89 Bankr. 358, 376-77 (Bankr. S.D.N.Y. 1988). **[*9]**

Class Claimants reply that they do not need to provide evidence in accordance with Rule 2019(a) that they represent the Claimants because on February 4, 1994 they filed a motion for class certification pursuant to Bankruptcy Rules 9014 and 7023. Further, they assert that the motion for certification was timely because they had to wait until the Debtors filed an objection to their claim, thus creating a contested matter, before they could move under Rule 9014 for application of Rule 7023. The claimants cite in support *In re Charter Co.,* 876 F.2d 866, 874 (11th Cir. 1989), *cert. dismissed,* 496 U.S. 944 (1990).

We believe the Class Claimants are mistaken as to their options. There is nothing in the Code or Rules that would have prevented the Class Claimants from filing a motion, thus creating a contested matter, at the beginning of this case seeking allowance of a class proof of claim. The claimants could have asked for application of Rule 7023 and certification of a class at that time. Issues surrounding the propriety and scope of the representation would then have been addressed at an early stage of this case. While we recognize **[*10]** that this case has moved quickly, we are not inclined, less than a month from the confirmation hearing, to bollix up the works with issues that could have come before the Court at the outset, particularly where class counsel, experienced in both securities and bankruptcy law, were active from the start. An eleventh-hour motion for certification will not excuse the failure to comply with Rule 2019. Likewise, as our colleague Judge Newsome noted, "we do not believe, and have found no authority for the proposition that by triggering a contested matter, the Debtor's objections to claims can serve to retroactively legitimize an otherwise unauthorized proof of claim." *In re Baldwin-United,* 52 Bankr. 146, 149-50 (Bankr. S.D. Ohio 1985).

For the reasons set forth above, Claim Nos. 662 and 673 are hereby DISALLOWED in their entirety.

IT IS SO ORDERED.

J. VINCENT AUG, JR.

United States Bankruptcy Judge

---

End of Document