# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>　　Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

## DEBTOR CITY OF DETROIT'S OBJECTION TO CLAIM 3067

The Debtor, the City of Detroit ("City"), files this objection ("Objection") requesting that the Court enter an order, substantially in the form attached as Exhibit 1, disallowing and expunging the claim identified on Exhibit 6-1 for failing to comply with Federal Bankruptcy Rules of Procedure ("FBRP" or "Rules") 3001 and 2019.

The claim objected to here arises out of pre-petition litigation that is pending in state circuit court. The pending suit has several plaintiffs, and all plaintiffs allege property damage from a purported sewer system overflow event on May 25, 2011. In support of this Objection, the City respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII, Section A of the Plan (defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

2. On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest Chapter 9 bankruptcy case in history.

3. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [Doc. No. 1782] ("Bar Date Order"), establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time ("Bar Date").

4. On December 5, 2013, this Court held that the City was eligible for relief under Chapter 9 of the Bankruptcy Code. *See Order for Relief Under Chapter 9 of the Bankruptcy Code*. [Doc. No. 1946].

5. On February 21, 2014, attorney Ms. Laura Sheets of the law firm Liddle & Dubin, P.C. (formally Macuga, Liddle, & Dubin, P.C.) filed three proofs of claim with this court. [Proof of Claim form, attached as <u>Exhibit 6-1</u>]. Each of these claims named a different lawsuit – each of which was pending in state circuit court – as the creditor. This Objection is for Claim 3067, named

*Bakowski, et. al. v. City of Detroit*, Case No. 13-009225-NZ. The City objects to the two other related claims in separate filings.

6. Ms. Sheets signed the proof of claim as the purported authorized agent of the creditors.

7. On October 22, 2014, the City filed the *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045] ("Plan").

8. On November 12, 2014, this Court entered an Order confirming the Plan [Doc. No. 8272] ("Confirmation Order").

9. The Plan became effective on December 10, 2014 ("Effective Date").

10. On August 2 and 3, 2016, the City of Detroit sent three Stay Modification Notices – one for each claim – to the Macuga, Liddle, & Dubin, P.C. law firm.

11. On August 10 and 11, 2016, Ms. Sheets refiled the complaint in state circuit court.

12. On November 1, 2016, this Court entered an Order extending the Claims Objection Bar Date through June 7, 2017. [Doc. No. 11654].

Claim 3067 should be disallowed and expunged because the creditors and their purported agent have failed to adhere to the requirements of Rules 3001 and 2019.

**<u>INTRODUCTION</u>**

Rule 3001(b) requires that a proof of claim be executed "by the creditor or the creditor's authorized agent." Rule 2019(b) requires that any agent or representative of a group (not composed entirely of affiliates) must file a verified statement listing the information described in Rule 2019(c).

For a proof of claim filed by an entity other than the creditor to be valid, that entity must demonstrate that is was expressly and properly authorized to execute that proof of claim. Rule 3001(b); *See also Manville Forest Prods. Corp. v. Manville Forest Prods. Corp.*, 89 B.R. 358, 376 (Bankr. S.D.N.Y. 1988). No such express authority existed here. That authority must have existed when the proof of claim was filed, or at least have been conferred prior to the passing of the Bar Date. *In re W. R. Grace & Co.*, 316 F. App'x 134, 136 (3d Cir. 2009). The creditors here did not ratify the purported agent's unauthorized actions prior to the Bar Date.

Even if the purported agent is now able to show that the proof of claim was filed with authorization, she is still bound by the requirements of Rule 2019 because she purports to represent multiple creditors in this proceeding. Ms. Sheets

4

13-53846-tjt    Doc 11852    Filed 04/19/17    Entered 04/19/17 16:58:29    Page 4 of 15

did not submit the required verified statement. Failing to comply with Rule 2019 is a fatal defect which ought to result in the claim being disallowed and expunged. *Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir. 1989).

I.  **EACH CREDITOR MUST FILE A PROOF OF CLAIM**

As a general rule, a creditor must file a proof of claim to be eligible for a share in the bankruptcy estate. 11 USC § 501. In a Chapter 9 bankruptcy case, a proof of claim is deemed filed under section 501 for any claim that appears filed under the debtor's list of creditors, "except a claim that is listed as disputed, contingent, or unliquidated." 11 USC § 925. If the debtor contests the "validity of a claim … in this manner, then the potential claimant must physically file a proof of claim." *In re Dow Corning Corp.*, 211 B.R. 545, 560 (Bankr. E.D. Mich., 1997).

In conjunction with the Bankruptcy Code, the Rules further provide that "[a]ny creditor or equity security holder whose claim or interest is not scheduled or is scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by [this rule]; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution." FRBP 3003(c)(2); *see also Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 383; 113 S. Ct. 1489 (1993) ("all

5

such creditors are required to file a proof of claim with the bankruptcy court before the deadline, or 'bar date,' established by the court").

If a creditor chooses to not submit a proof of claim, the claim will be disallowed. FRBP 3002(a); *see also Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 447; 124 S. Ct. 1905 (2004) ("If a creditor chooses not to submit a proof of claim, … the creditor will be unable to collect").

With respect to the claims at issue in this Objection, and the companion objections for the two other related claims, roughly two-thirds of the home owners were listed in the debtor's List of Creditors. [First Amended List, Doc. No. 258; Second Amended List, Doc. No. 1059]. Every one of those scheduled creditors was listed as disputed, contingent, and unliquidated. [Doc. No. 1059].

The Rules provide that a "proof of claim shall be executed by the creditor or the creditor's authorized agent." Rule 3001(b). On its face, "this rule does not permit an individual to file a proof of claim" unless it falls into one of those two categories. *In re Associated Cmty. Servs.*, 520 B.R. 650, 652 (Bankr. E.D. Mich., 2014). All of the individual creditors were required to file a proof of claim, either directly, or through a properly authorized agent, if they intended to preserve any alleged claim against the City. They did not do so.

II. **THE PURPORTED AGENT LACKED AUTHORIZATION**

The Rules do allow a proof of claim to be executed by someone other than the creditor itself, but that entity must be an "authorized agent." Rule 3001(b). Only one proof of claim was filed in connection with the underlying pending lawsuit at issue in this Objection. That proof was signed and submitted by Ms. Laura Sheets, the attorney representing the creditors in the underlying state court action, who purports to be the creditors' authorized agent. The creditors are unable to show that Ms. Sheets had the necessary authority to file the proof of claim on the creditors' behalf.

A. **Authority Is Necessary**

A proof of claim that is filed by a purported agent lacking actual authority is "flawed in a similar fashion as one that is filed by a noncreditor." *Kahler v. FirstPlus Fin., Inc. (In re FirstPlus Fin., Inc.)*, 248 B.R. 60, 70 (Bankr. N.D. Tex., 2000). Proofs of claim filed by an improper party in this manner are invalid "on their face and [are] not prima facie evidence of anything." *Id.* at 70-71. The importance of Rule 3001 is the requirement that "each individual claimant … must file a proof of claim, or expressly authorize an agent to do so on its behalf." *Manville Forest Prods. Corp. v. Manville Forest Prods. Corp.*, 89 B.R. 358, 376 (Bankr. S.D.N.Y. 1988).

### B. Authority Must Be Explicit

In promulgating the Bankruptcy Rules, the Supreme Court chose to use the term "authorized agent" in Rule 3001(b). The adjective "authorized" signals the Supreme Court's desire that an entity "have express – and not merely implied – permission" to file a proof of claim on another's behalf. *In re N. Bay Gen. Hosp., Inc.*, 404 B.R. 443, 459 (Bankr. S.D. Tex. 2009) (objection to proof of claim sustained and claim denied because purported agent lacked express authority). In *In re W. R. Grace & Co.*, the Third Circuit upheld the bankruptcy court's opinion disallowing and expunging 44 asbestos property damage claims because the law firm that signed the proofs of claim was not *expressly* authorized to do so under Rule 3001(b). *In re W. R. Grace & Co.*, 316 F. App'x 134, 136 (3d Cir. 2009).

In the context of class actions, some courts have allowed an attorney to file a proof of claim on behalf of the class, if that class was previously certified, without any additional documentation of authority. Still, many other courts have held that the authority to represent the class in district court does not authorize that entity to execute a proof of claim without additional express consent do to so. *In re Baldwin-United Corp.*, 52 B.R. 146, (Bankr. S.D. Ohio 1985); *In re Arrow, Inc.*, 75 B.R. 372 (Bankr. S.D. Fla. 1987), *rev'd on other grounds*, *United States v. Arrow Air (In re Arrow Air)*, 101 B.R. 332 (S.D. Fla. 1989). Regardless, that area of case law will not serve as a safety net for the creditors here. The underlying

8

pending lawsuit is not a certified class action, the creditors have not sought certification in state court or bankruptcy court, and the time for seeking certification has long since passed.

The creditors are unable to demonstrate that Ms. Sheets was expressly authorized by each creditor to file a proof of claim on their behalf. This deficiency invalidates the proof of claim.

### C. Ratification Of Authority Is Ineffective Here

In response to this objection, the creditors may attempt to proffer express consent after the fact, stating that they now authorize Ms. Sheets to have filed the proof of claim. This post hoc ratification would be wholly ineffective in curing the defects that exist.

The Rules specifically allow a creditor to grant an agent authority to file a claim on its behalf, but this does not allow a hopeful agent to file a proof of claim and "subsequently inform the creditor of that fact." *Manville Forest Prods. Corp. v. Manville Forest Prods. Corp.*, 89 B.R. 358, 376 (Bankr. S.D.N.Y. 1988). The Rule is structured such that an agent's actions are valid only insofar as she possessed the appropriate authority <u>at the time when the actions were performed</u>. *See Kahler v FirstPlus Fin, Inc. (In re FirstPlus Fin, Inc.)*, 248 B.R. 60, 70 (Bankr. N.D. Tex., 2000) ("There should be no retroactivity" to agent's authorized status

9

under Rule 3001(b) and, "a proof of claim filed by an inappropriate party is so flawed that even amendment is impossible.").

In some instances, creditors have attempted to cure the defects in the proof of claim by extending express authority to and affirmation of the agent's prior conduct. This method of ratification may be effective in some circumstances, but is fruitless here because the Bar Date has already passed. [Doc. No. 1782]. An "intervening bar date vitiates [such attempts] because ratifications are deemed ineffective in the face of an intervening deadline." *In re W. R. Grace & Co.*, 316 F. App'x 134, 136 (3d Cir. 2009) citing *Fed. Elect. Comm'n v. NRA Political Victory Fund*, 513 U.S. 88, 98, 115 S. Ct. 537, 130 L. Ed. 2d 439 (1994) ("It is essential that the party ratifying should be able not only to do that act ratified at the time the act was done, but also at the time the ratification was made.").

### III. **THE PROOF OF CLAIM DID NOT COMPLY WITH RULE 2019**

Even if the creditors were able to present evidence that express authority was conferred by each creditor prior to the Bar Date expiration, there are additional fatal deficiencies with the proof of claim. When an entity purports to be the authorized agent of multiple creditors, it must file a "verified statement" with the court. Rule 2019(b)(1). Based on the subsections relevant to this objection, the verified statement must include:

- The pertinent facts and circumstances concerning the employment of the entity. (c)(1)(B)

10

- The name and address of the entity. (c)(2)(A)

- With respect to the entity, the nature and amount of each disclosable economic interest held in relation to the debtor as of the date the entity was employed. (c)(2)(B)

- The name and address of each creditor. (c)(3)(A)

- With respect to each creditor, the nature and amount of each disclosable economic interest held in relation to the debtor as of the date of the verified statement. (c)(3)(B)

- A copy of the instrument authorizing the entity to act on behalf of the creditors. (c)(4)

The City has requested (in discovery in the state court litigation) that the creditors or their purported authorized agent produce these verified statements, if they exist, but there has been no response to those requests. Exhibit 6-2. Failing to comply with the requirements of Rule 2019 is a fatal defect. This Court should reject the proof of claim and disallow the underlying claim. *See Reid v. White Motor Corp.*, 886 F.2d 1462 (6th Cir. 1989); *Manville Forest Prods. Corp. v. Manville Forest Prods. Corp.*, 89 B.R. 358, 376 (Bankr. S.D.N.Y. 1988); *In re Elec. Theatre Rests. Corp.*, 57 B.R. 147, 149 (Bankr. N.D. Ohio 1986).

In *Reid v. White Motor Corp.*, the Sixth Circuit affirmed the district court's rejection of a proof of claim that had been filed on behalf of a group of creditors. 886 F.2d 1462 (6th Cir. 1989). The plaintiff, Patrick Reid, was the attorney for a class of claimants who were all former employees of the debtor, White Motor Corp. ("WMC"). *Id.* at 1463. Prior to WMC's bankruptcy, Reid had initiated a

11

suit against WMC, seeking class certification. In 1977, a Michigan circuit court certified the case as a class action (the "*Burch*" class). *Id.* Once the bankruptcy proceeding commenced, Reid, as the purported agent of the *Burch* class, filed a proof of claim seeking severance pay for his clients. *Id.* However, the Sixth Circuit noted that Reid "provided no confirmation of his agency or authority to act on behalf of the members of the *Burch* class in the WMC bankruptcy proceeding." *Id.*

Reid argued that he was the authorized agent of the class and had thereby filed the proof of claim in accordance with Rule 3001(b). *Id.* at 1471. The Sixth Circuit held that, pursuant to Rule 2019, "a purported agent must file a verified statement with the clerk of the bankruptcy court." *Id.*; *see also In re F & C Int'l*, No. 93-11688, 1994 Bankr. LEXIS 274, at *7 (Bankr. S.D. Ohio, Feb. 18, 1994) (disallowing two claims, the court stated, "[u]nder Bankruptcy Rule 3001, a proof of claim may be executed by a creditor's authorized agent. With no evidence of such authorization, however, the claim is invalid."). Reid filed no such statement and the court held that his failure to comply with Rule 2019 was "cause for denial of the proof of claim." *Id.* S*ee also In re North Bay General Hospital, Inc.*, 404 B.R. 443, 458 (Bankr. S.D. Tex. 2009) (agent's failure to comply with bankruptcy rules concerning representation of unsecured creditors in Chapter 11 case was cause for sustaining debtor's objection to proof of claim). The fact that Reid

12

merely made a "unilateral assertion of fiduciary status in his proof of claim was insufficient to satisfy the formal requirements of Rule 2019." *Id.*

Reid further argued that his authorization to represent the *Burch* class in the Michigan circuit court extended him the authority as an agent in the bankruptcy proceeding. *Id*. The court rejected this argument, stating the "well-settled" rule that consent to representation "in one piece of litigation is not tantamount to a blanket consent to any litigation the class counsel may wish to pursue." Id. at 1471-72; citing *In re Standard Metals Corp.*, 817 F.2d 625, 631 (10th Cir. 1987), *vacated on other grounds*, 839 F.2d 1383 (10th Cir. 1987); (internal quotes omitted); *see also In re W. R. Grace & Co.*, 316 F. App'x 134, 136 (3rd Cir. 2009) (claim expunged where proof was filed by attorney without authorization, even though attorney represented claimant in underlying state court action); *In re F & C Int'l*, No. 93-11688, 1994 Bankr. LEXIS 274, at *8 (Bankr SD Ohio, Feb. 18, 1994) ("The fact that counsel may be authorized to represent a particular class in District Court litigation does not excuse his failure to comply with Rule 2019.").

The initial burden for establishing agency is on the party claiming to be an agent for several claimants. *In re Ionosphere Clubs*, 101 B.R. 844, 852 (Bankr. S.D.N.Y., 1989) (required filing in Rule 2019(b) places burden on the party claiming agency). The creditors here have made little to no effort toward carrying that burden. The *Reid* court specifically held that it was within the bankruptcy

13

court's discretion not to extend the bar date to allow the class members to file individual proofs, even where the creditors relied on the proof of claim filed by their attorney. *Id.* at 1472, n 14. The claim was rejected in *Reid* and should be rejected here for the same reason.

IV. **CONCLUSION**

The creditors in Claim 3067 have not complied with the necessary procedures for having their alleged claim against the City allowed by this Court. The individual creditors did not file any proof of claim themselves. The entity purporting to be the creditors' authorized agent did not have express authority to act in that capacity, and has made no attempt to demonstrate express authority. Nor did that entity make any effort to comply with the requirements of Rule 2019. These deficiencies in the filing of the proof of claim require that the proof be rejected and the claim disallowed.

The City has provided notice of this Objection at the address set forth by the claimants on its proof of claim. Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Objection need be given.

The City respectfully requests that this Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as the Court may deem just and proper.

DYKEMA GOSSETT PLLC

Dated: April 19, 2017						By:	*/s/Kelly R. Houk*
								Kelly R. Houk (P77666)
								Kathryn J. Humphrey (P32351)
								Samuel R. Simkins (P81210)
								Attorneys for City of Detroit
								400 Renaissance Center, 37th Floor
								Detroit, MI  48243
								(313) 568-6848
								khouk@dykema.com
								khumphrey@dykema.com
								ssimkins@dykema.com

4846-8401-1079.1
ID\ 014201\000043

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243