UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

CITY OF DETROIT, MICHIGAN

Debtor.
_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

# CITY OF DETROIT WATER AND SEWERAGE DEPARTMENT'S MOTION FOR ORDER TO SHOW CAUSE AGAINST THE ASSOCIATION OF MUNICIPAL ENGINEERS, THE ASSOCIATION OF DETROIT ENGINEERS, THE SANITARY CHEMISTS AND TECHNICIANS ASSOCIATION AND JOHN RUNYAN AND MOTION FOR SANCTIONS AGAINST THE ASSOCIATION OF MUNICIPAL ENGINEERS AND JOHN RUNYAN FOR VIOLATION OF THE DISCHARGE INJUNCTION

NOW COMES the City of Detroit Water and Sewerage Department ("DWSD"), by and through its attorneys Kilpatrick & Associates, P.C., and for its Motion for an Order to Show Cause Against the Association of Municipal Engineers ("AME"), the Association of Detroit Engineers ("ADE") and the Sanitary Chemists and Technicians Association ("SCATA") and John Runyan and its Motion for Sanctions Against the Association of Municipal Engineers ("AME"), and John Runyan for Violation of the Discharge Injunction states as follows:

1. On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court, commencing a Chapter 9 bankruptcy case.

2. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* **[*See* Doc. No. 1782]** ("Bar Date Order"), establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014, at 4:00 p.m., Eastern Time.

3. On December 24, 2013, the Court issued an Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (the "ADR Order") **[*See* Doc. No. 2302]**

4. The City's Plan of Adjustment was confirmed on November 7, 2014; the Order confirming the Plan of Adjustment (the "Plan") was entered on November 12, 2014. **[*See* Doc. No. 8272]** The Plan became effective December 10, 2014.

BACKGROUND ON AME CLAIM

5. On February 21, 2014, AME timely filed its proof of claim pursuant to the Bar Date Order, asserting as the basis for its claim employee compensation and benefits for which it had filed a pre-petition grievance with the Michigan Bureau of Employment Relations Commission ("MERC"), challenging DWSD's implementation of City Employment Terms for All Non-Uniform Employees ("CET"). **[*See* Claim Number 3125]**. Although it filed its grievance prior to the

Debtor's bankruptcy case, however, AME neglected to include in its proof of claim two pending Unfair Labor Practice Charges (the "Charges") filed on behalf of AME with the MERC, Case Numbers C10 F-144 and C10 C-060.

6. Pursuant to the ADR Order, the grievance was submitted to binding arbitration and on February 19, 2016, the United States District Court for the Eastern District of Michigan, in accordance with the findings of arbitrator Paul Glendon, dismissed the grievance. A true and correct copy of the District Court's judgment and the arbitrator's decision are attached hereto as Exhibit A.

7. On July 29, 2016, an administrative law judge issued orders related to the Charges and gave the charging party, AME, twenty-one (21) days to notify the judge that it wanted to proceed with the Charges. True and correct copies of the two orders are attached hereto as Exhibit B.

8. On August 2, 2016, Partho Ghosh, the President of AME, notified the judge that it wished to proceed with the Charges. A true and correct copy of the August 2, 2016, correspondence from Mr. Ghosh to Judge Peltz is attached hereto as Exhibit C.

9. The MERC Unfair Labor Practice Charges were resolved by binding arbitration on February 19, 2016 (*see*, paragraph 6, *supra*) and arose from the same facts and circumstances that are part of AME's proof of claim.

10. On October 14, 2016, this Court entered an Order disallowing Claim 3125 filed by the AME. **[*See* Doc. Number 11627]**

11. Despite the various court rulings disallowing AME's claims and charges, AME persists in prosecuting pre-petition claims before MERC.

12. AME has exchanged correspondence with an Administrative Law Judge in which it continues to prosecute pre-petition charges rather than dismiss the charges in light of this Court's October 14, 2016, Order disallowing Claim 3125. True and correct copies of correspondence from Administrative Law Judge Julia C. Stern to Mr. Runyan on January 9, 2017 and to Mr. Ghosh on January 30, 2017 are attached hereto as Exhibit D.

13. By refusing to dismiss the charges before MERC, AME and its attorney, John Runyan ("Mr. Runyan") are forcing DWSD to spend time and money responding to the ongoing litigation before MERC.

14. On February 8, 2017, DWSD's co-counsel, Steven H. Schwartz ("Mr. Schwartz"), sent an email to both Partho Ghosh, AME's President, and Mr. Runyan, giving them until February 15, 2017, to dismiss the pending charges before MERC. As of the date of this Motion, neither DWSD nor its attorneys have received a dismissal of the MERC charges. A true and correct copy of the email sent by Mr. Schwartz to Partho Ghosh and John Runyan is attached hereto as Exhibit E.

15. Pursuant to section 524(a) of the Bankruptcy Code:

> (a) A discharge in a case under this title – …
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and

11 U.S.C. §524(a)(2).

16. The ongoing prosecution by AME of the charges before MERC is unwarranted because this Court disallowed AME's claim on October 14, 2016; any potential pre-petition cause of action held by AME for unfair labor practices that existed or could have existed was extinguished by that Order.

17. As a result of AME's continued litigation before MERC, Mr. Schwartz has had to defend DWSD's interests, unnecessarily and at increased cost to DWSD, in the MERC litigation. Likewise, the undersigned counsel has worked with Mr. Schwartz and has filed the instant Motion to protect DWSD's interests.

WHEREFORE, the Detroit Water Sewerage Department prays that this Court enter an Order granting its Motion, enter an Order to Show Cause against the Association of Municipal Engineers and John Runyan as to why they should not be held in contempt, enter an Order for Sanctions for violation of the discharge injunction of section 524(a)(2) against the Association of Municipal Engineers and John Runyan and grant such other relief as this Court deems just and proper.

## BACKGROUND OF ADE AND SCATA CLAIMS

18. DWSD repeats paragraphs 1 through 17 and incorporates them by reference hereinbelow.

19. On February 21, 2014, both ADE and SCATA timely filed their proofs of claim pursuant to the Bar Date Order, asserting as the basis for their claims employee compensation and benefits. **[*See* Claim Numbers 3206 and 2425]**.

20. Pursuant to the ADR Order, the grievances were submitted to binding arbitration. On February 19, 2016, the United States District Court for the Eastern District of Michigan, in accordance with the findings of arbitrator Paul Glendon, dismissed the grievances. *See* Exhibit A, *supra*.

21. On October 14, 2016, this Court entered an Order disallowing Claim 3206 filed by the ADE and disallowing Claim 2425 filed by the SCATA. **[*See* Doc. Number 11627]**

22. SCATA subsequently filed a motion for reconsideration of the Court's October 14, 2016, Order disallowing its claim. **[*See* Doc. Number 11633]**

23. The Court denied SCATA's motion for reconsideration on October 24, 2016. **[*See* Doc. Number 11640]**

24. Undaunted, SCATA returned to MERC with ADE and with Mr. Runyan's assistance on February 25, 2017, filed Written Exceptions to the Decision and Recommended Order of Administrative Law Judge on Motions for Summary Disposition (the "Written Exceptions") regarding unfair labor practices. A true and correct copy of the Written Exceptions is attached hereto as Exhibit F.

25. As with AME's potential cause of action that existed or could have existed pre-petition, both ADE's and SCATA's potential causes of action for unfair labor practices that existed or could have existed pre-petition were extinguished by the Court's October 14, 2016, Order disallowing their claims.

26. The stubborn and willful refusal by ADE and SCATA to dismiss their charges before MERC is costing DWSD time and money to defend.

27. Although Mr. Schwartz's February 8, 2017, email to Partho Ghosh and John Runyan specifically references AME's ongoing litigation before MERC, Mr. Runyan certainly was put on notice that claims that had been adjudicated by this Court should not be subsequently prosecuted in another forum.

28. Mr. Runyan knew or should have known that the continued prosecution of the charges held by ADE and SCATA before MERC were in defiance of this Court's October 14, 2016, Order disallowing their claims as well as the discharge injunction of section 524(a)(2).

29. Although made aware of the Court's rulings on ADE's and SCATA's claims and the Court's denial of SCATA's motion for reconsideration on October 24, 2016, Mr. Runyan continues to collaterally attack the Court's rulings by prosecuting ADE's and SCATA's charges before MERC.

30. Due to Mr. Runyan's assistance with the Written Exceptions of ADE and SCATA filed with MERC on February 25, 2017, DWSD has had to spend time and money defending its position before MERC.

31. "The purpose of the permanent injunction is to effectuate one of the primary purposes of the Bankruptcy Code: to afford the debtor a financial 'fresh start.'" *In re Miller*, 247 B.R. 224, 228 (Bankr. E.D. Mich. 2000). "Any civil court action that is intended to further the collection of pre-petition debt, or whose legal or practical result will be to accomplish such collection, is enjoined. This is so regardless of how the action is styled in terms of substance, and regardless of its posture as to procedure; regardless of the nominal alignment of the initiating and responding parties, and regardless of the specificity or vagueness of the relief requested in the pleadings or papers that commence the proceeding." *In re Borowski*, 216 B.R. 922, 924 (Bankr. E.D. Mich 1998) (quoting *In re Atkins*, 176 B.R. 998 (Bankr. D. Minn 1994)). *See also*, *Lassiter v. Moser*, 2010 Bankr. LEXIS 3996 (6th Cir. 2010); *Vazquez v. Sears, Roebuck & Co.*, 221 B.R. 222 (N.D.Ill. 1998).

32. Concurrence was not sought in this matter because it was impractical.

**WHEREFORE** the Detroit Water Sewerage Department prays that this Court enter an Order granting its Motion, enter an Order to Show Cause against the Association of Detroit Engineers, the Sanitary Chemists and Technicians Association and John Runyan as to why they should not be held in contempt, enter an Order for Sanctions pursuant to the discharge injunction of 11 U.S.C. §524(a)(2) against John Runyan and grant such other relief as this Court deems just and proper.

**KILPATRICK & ASSOCIATES, P.C.**

/s/ *Richardo I. Kilpatrick*
RICHARDO I. KILPATRICK (P35275)
JAMES M. McARDLE (ARDC 6203305)
Attorney for City of Detroit Water
    and Sewerage Department
615 Griswold, Suite 1305
Detroit, MI 48226
(313) 963-2581

Dated: April 19, 2017      ecf@kaalaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

CITY OF DETROIT, MICHIGAN

Debtor.
_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

**ORDER GRANTING MOTION FOR ORDER TO SHOW CAUSE AGAINST THE ASSOCIATION OF MUNICIPAL ENGINEERS, THE ASSOCIATION OF DETROIT ENGINEERS, THE SANITARY CHEMISTS AND TECHNICIANS ASSOCIATION AND JOHN RUNYAN AND MOTION FOR SANCTIONS AGAINST THE ASSOCIATION OF MUNICIPAL ENGINEERS AND JOHN RUNYAN FOR VIOLATION OF THE DISCHARGE INJUNCTION**

This matter having come before the Court on the Motion for an Order to Show Cause Against the Association of Municipal Engineers ("AME"), the Association of Detroit Engineers ("ADE") and the Sanitary Chemists and Technicians Association ("SCATA") and John Runyan and its Motion for Sanctions Against the Association of Municipal Engineers ("AME"), and John Runyan, due notice having been provided and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that the Motion is granted;

**IT IS FURTHER ORDERED** that an order to show cause why they should not be held in contempt is issued to the Association of Michigan Engineers, the

Association of Detroit Engineers, the Sanitary Chemists and Technicians Association and John Runyan; and

**IT IS FURTHER ORDERED** that sanctions are awarded to the Detroit Water and Sewerage Department and against the Association of Michigan Engineers and John Runyan in the amount of $_____.

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

In re:

CITY OF DETROIT, MICHIGAN

    Debtor.

_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

## NOTICE OF CITY OF DETROIT WATER AND SEWERAGE DEPARTMENT'S MOTION FOR ORDER TO SHOW CAUSE AGAINST THE ASSOCIATION OF MUNICIPAL ENGINEERS, THE ASSOCIATION OF DETROIT ENGINEERS, THE SANITARY CHEMISTS AND TECHNICIANS ASSOCIATION AND JOHN RUNYAN AND MOTION FOR SANCTIONS AGAINST THE ASSOCIATION OF MUNICIPAL ENGINEERS AND JOHN RUNYAN FOR VIOLATION OF THE DISCHARGE INJUNCTION

**PLEASE TAKE NOTICE THAT** the City of Detroit Water and Sewerage Department, by and through its undersigned counsel, has filed its Motion for an Order to Show Cause Against the Association of Municipal Engineers, the Association of Detroit Engineers and the Sanitary Chemists and Technicians Association and John Runyan and its Motion for Sanctions Against the Association of Municipal Engineers and John Runyan for failing to dismiss charges and written exceptions presently pending before the Michigan Employment Relations Commission.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you have any objections to the relief sought in the Motion, within fourteen (14) days, or on or before May 3, 2017 you or your attorney must:

1. File with the Court a written response or an answer, explaining your position at:[1] United States Bankruptcy Court, 211 W. Fort Street, Detroit, Michigan 48226.

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above. You must also mail a copy to:

Richardo I. Kilpatrick, Attorney for Detroit Water and Sewerage Department, Kilpatrick & Associates P.C., 615 Griswold, Suite 1305, Detroit, Michigan 48226

United States Trustee, 211 W. Fort Street, Suite 700, Detroit, Michigan 48226

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

Respectfully submitted;

KILPATRICK & ASSOCIATES, P.C.

*/s/ Richardo I. Kilpatrick*
RICHARDO I. KILPATRICK (P35275)
JAMES M. McARDLE (ARDC 6203305)
Attorneys for Detroit Water and Sewerage Department
615 Griswold, Suite 1305
Detroit, Michigan 48226

Dated: April 19, 2017
(313) 963-2581
ecf@kaalaw.com

---

[1] Response or answer must comply with Fed. R. Civ. P. 8(b), (c) and (e).

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

IN THE MATTER OF:

CITY OF DETROIT, MICHIGAN

        Debtor.

_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

## PROOF OF SERVICE

**Kelisha Smith** states that on this 19th day of April 2017 she served a copy of the DETROIT WATER AND SEWERAGE DEPARTMENT'S MOTION FOR ORDER TO SHOW CAUSE AGAINST THE ASSOCIATION OF MUNICIPAL ENGINEERS, THE ASSOCIATION OF DETROIT ENGINEERS, THE SANITARY CHEMISTS AND TECHNICIANS ASSOCIATION AND JOHN RUNYAN AND MOTION FOR SANCTIONS AGAINST THE ASSOCIATION OF MUNICIPAL ENGINEERS AND JOHN RUNYAN FOR VIOLATION OF THE DISCHARGE INJUNCTION, the PROPOSED ORDER and this PROOF OF SERVICE upon the following parties with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Richardo I. Kilptrick      ecf@kaalaw.com

Office of the U.S. Trustee      via ecf email

And by depositing same in a United States postal box located in Detroit, Michigan, with the lawful amount of postage affixed thereto and addressed to:

Association of Municipal Engineers
Detroit Water & Sewerage Department,
New Administration Building, Room 420
9300 West Jefferson
Detroit, Michigan 48209
Attn: Partho Ghosh

John Runyan
Sachs, Waldman, P.C.
2211 East Jefferson, Suite 200
Detroit, Michigan 48207

| | |
|---|---|
| Sanitary Chemists and Technicians Association<br>P.O. Box 530353<br>Livonia, Michigan 48153<br>Attn: Saullius Simoliunas | Association of Detroit Engineers<br>P.O. Box 2241<br>Detroit, Michigan 48321<br>Attn: Sanjay Patel |

 

Dated: April 11, 2017

/s/ Kelisha Smith_____
**Kelisha Smith,** an employee of
KILPATRICK & ASSOCIATES, P.C.
Attorneys for Detroit Water and Sewerage
Department
615 Griswold, Suite 1305
Detroit, Michigan 48226
(313) 963-2581
ecf@kaalaw.com