# EXHIBIT D



STATE OF MICHIGAN
RICK SNYDER    DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS    CHRIS SEPPANEN
GOVERNOR    MICHIGAN ADMINISTRATIVE HEARING SYSTEM    DIRECTOR

January 9, 2017

John R. Runyan
Sachs Waldman
2211 E Jefferson Ave Ste 200
Detroit, MI 48207-4160

Re:    City of Detroit -and- Association of Municipal Engineers
        Case No. C11 E-111; Docket No. 11-000837-MERC

To the Parties:

     The above unfair labor practice charge was filed on July 14, 2011, by the Association of Municipal Engineers against the City of Detroit. The charge was assigned to me. At the time the charge was filed, Charging Party represented a bargaining unit of engineering employees employed in several City of Detroit departments, including the Department of Water & Sewerage (DWSD). The parties were attempting to negotiate a new collective bargaining agreement and Respondent was demanding that Charging Party agree to certain concessions that had been accepted or imposed upon other bargaining units of City employees. Charging Party was resisting concessions, arguing, among other things, that its situation was different because the DWSD's revenues came from fees charged for its services rather than taxes. The charge in Case No. C11 E-111/ Docket No. 11-000837-MERC alleged that Respondent violated its duty to bargain by failing to respond to Charging Party's information requests. I have attached a copy of the charge and its attachments to this letter.

     At the time this charge was filed, the parties were awaiting decision on another unfair labor practice charge filed by Charging Party against Respondent, Case No. C10 A-012, which also alleged that Respondent had unlawfully failed to provide Charging Party with information. This charge was assigned to and had been heard by Administrative Law Judge (ALJ) David Peltz. Because the information requests attached to the charge in Case No. C11 E-111/ Docket No. 11-000837-MERC were similar to some of the information requests at issue in Case No. C10 A-012, I did not schedule a hearing on the new charge. On September 9, 2011, ALJ Peltz issued a Decision and Recommended Order in Case No. C10 A-012 in which he recommended that the charge be dismissed. The ALJ based his decision on several grounds, including that Charging Party had not established that any of the information that it had not received was relevant to collective bargaining or contract administration. On October 11, 2011, Charging Party filed exceptions to this decision with the Commission.

That charge was still pending before the Commission, and I had not yet scheduled a hearing for C11 E-111/ Docket No. 11-000837-MERC, in July 2013, when Respondent filed a petition for bankruptcy. Both charges were then put on hold pending completion of the bankruptcy proceeding.

On August 26, 2015, I wrote to the parties notifying them the charge in Case No. C11 E-111/ Docket No. 11-000837-MERC, like other charges pending before me that had been in adjourned without date because of the bankruptcy proceeding, were being returned to active status. This letter stated:

> If any party believes that placing this case back on our active docket would be in contravention of an order issued by the U.S. Bankruptcy Court or any other lawfully issued order, that party shall notify the ALJ assigned to the case of its position in writing and provide supporting documentation no later than twenty-eight days from [the date of the letter.] . . . If there is no response to this order, the ALJ will schedule an evidentiary hearing or a prehearing conference, or, if applicable, place this matter on the decisional docket.

Although there was no response to this order, I did not schedule a hearing or conference because Case No. C10 A-012 was still pending. However, on December 15, 2016, the Commission issued an order dismissing that charge. A copy of that order and ALJ Peltz's Decision and Recommended Order is also attached to this charge.

Although there are several charges currently pending involving these parties, it appears to me that subsequent events and the passage of time have likely made this particular charge moot. If Charging Party wants to proceed with the charge, it should notify me in writing, along with an explanation of why the charge in Case No. C11 E-111/ Docket No. 11-000837-MERC is not moot, within twenty days of the date of this letter. If I do not receive a response to this letter, the charge will be closed as withdrawn.

*Julia C. Stern*

Julia C. Stern
Administrative Law Judge
Michigan Administrative Hearing System

cc: Partho Gosh
Steven Schwartz
Michael Hall, Director

LARA is an equal opportunity employer

Auxiliary aids, services and other reasonable accommodations are available upon request to individuals with disabilities.

3026 W. Grand Blvd., Ste 2-700, Detroit, Michigan, 48202
www.michigan.gov/lara • (313) 456-2713 Fax: (313) 456-3681



**STATE OF MICHIGAN**
RICK SNYDER  DEPARTMENT OF LICENSING AND REGULATORY AFFAIRS  CHRIS SEPPANEN
GOVERNOR  MICHIGAN ADMINISTRATIVE HEARING SYSTEM  DIRECTOR

January 30, 2017

Partho Ghosh, President
Association of Municipal Engineers
WWTP, NAB, Room #420
9300 W. Jefferson
Detroit, MI 48209

Re: City of Detroit (Department of Water & Sewerage) -and- Association of Municipal Engineers
Case No. C11 E-111; Docket No. 11-000837-MERC

Dear Mr. Ghosh:

I received your response to my January 9, 2017, letter asking if Charging Party still wanted to proceed with this charge and, if so, why the charge was not moot. Your response identifies some of the information initially requested as relevant to a pending charge "regarding imposition of furloughs." It appears that AME has a pending charge on this subject of which I was not aware. According to ALJ Peltz, the charge is Case No. C10 C-60; Docket No. 10-000074-MERC, was initially assigned to ALJ O'Connor, and was reassigned to him after ALJ O'Connor left State employment. According to ALJ Peltz, during a telephone conference he held in August 2016, the parties to Case No. C10 C-60 asked him to put the charge in adjourned without date status pending a ruling by the Bankruptcy court on the scope of the proof of claims the AME filed with the Court during the City's bankruptcy. I believe that Mr. Runyan represented the AME during this conference. Since ALJ Peltz has not received any further communication about Case No. C10 C-60, that charge remains open but adjourned without date. Given these circumstances, I will keep Case No. C11 E-111; Docket No. 11-000837-MERC open but adjourned without date until Case No. C10 C-60 is either closed or reactivated.

*Julia C. Stern*

Julia C. Stern
Administrative Law Judge
Michigan Administrative Hearing System

CC: Steven Schwartz
Michael Hall
Case file in Case No. C10 C-60; Docket No. 10-000074-MERC

FEB 0 1 2017