# EXHIBIT F

STATE OF MICHIGAN
STATE OFFICE OF ADMINISTRATIVE HEARINGS AND RULES
EMPLOYMENT RELATIONS COMMISSION

In the Matter of:

DETROIT WATER AND SEWERAGE DEPARTMENT,
    Respondent-Public Employer,

-and-                                                         ALJ Travis Calderwood

SANITARY CHEMISTS AND TECHNICIANS
ASSOCIATION, Charging Party-Labor Organization,
Case No. C16 F-068; Docket No. 16-018889-MERC

-and-

ASSOCIATION OF DETROIT ENGINEERS, Charging
Party-Labor Organization, Case No. C16 F-070;
Docket No. 16-018890-MERC.
_____/

APPEARANCES:

Steven H. Schwartz & Associates, P.L.C., by
Steven H. Schwartz for Respondent

Sachs Waldman, P.C. by
John R. Runyan for Charging Parties
_____/

## WRITTEN EXCEPTIONS OF CHARGING PARTIES TO DECISION AND RECOMMENDED ORDER OF ADMINISTRATIVE LAW JUDGE ON MOTIONS FOR SUMMARY DISPOSITION

Charging Parties Sanitary Chemists and Technicians Association (SCATA) and Association of Detroit Engineers (ADE) file these written exceptions pursuant to Rule 423.176 of the General Rules of the Department of Licensing and Regulatory Affairs, Employment Relations Commission; to the Decision and Recommended Order of the Administrative Law Judge dated February 3, 2017 on Motions for Summary Disposition.

1

As explained in more detail in the attached brief, which is incorporated herein by reference, Charging Parties except to the Decision and Recommended Order of the Administrative Law Judge on the following grounds:

1. The Administrative Law Judge erred in deciding Charging Parties' unfair labor practice charges on Respondent's Motions for Summary Disposition instead of conducting a full hearing on the charges;

2. The Administrative Law Judge erred in concluding that the " only exception to the strict six month statute of limitations as set forth in Section 16(1) of the Act, is to allow a public employee who is prevented from filing a charge because of service in the armed forces, six months from the date of discharge from service and not from (the) date that the public employee knew or should have known (of) the acts giving rise to the charge." (Decision and Recommended Order, p. 6).

3. The Administrative Law Judge erred in concluding that the six months statute of limitations for filing an unfair labor charge was unaffected by United States District Judge Sean F. Cox's November 4, 2011 Order, enjoining "the Michigan Employment Relations Commission from exercising jurisdiction over disputes arising from the changes ordered by this Court." (Exhibit C to Brief, p. 7).

4. The Administrative Law Judge erred in concluding that the six months statute of limitations for filing an unfair labor practice charge was unaffected by United States District Judge Sean F. Cox's November 4, 2011 Order which "enjoins the unions from filing any . . . unfair labor practice (charges) . . . over disputes arising from the changes ordered by this Court." (Exhibit C to Brief, p. 7).

5. The Administrative Law Judge erred in concluding that the six months statute of

2

limitations for filing unfair labor practice charges was unaffected by the July 25, 2013 Order of United States Bankruptcy Judge Steven W. Rhodes which stayed any judicial, administrative or other proceeding against the City of Detroit.

6. The Administrative Law Judge erred in concluding that the six month statute of limitations for filing unfair labor practice charges was unaffected by Respondent DWSD's consistent position that its unilateral implementation of the City of Detroit Employment Terms (CET) was pursuant to Judge Cox's Order and that Charging Parties Association of Detroit Engineers (ADE) and Sanitary Chemists and Technicians Association (SCATA) were enjoined from challenging the same.

7. The Administrative Law Judge erred in replying upon the Local Government and School District Fiscal Accountability Act, MCLA §141.1501 *et seq.* [Public Act 4] and the Local Financial Stability and Choice Act, Public 436 of 2012 (PA 436).

8. The Administrative Law Judge erred in relying upon the fact that the Charging Parties had filed fact finding petitions with MERC during the time that Judge Cox injunction remained in effect – suggesting that this action undermined their claim for tolling the six month statute of limitations for filing unfair labor practice charges (Decision and Recommended Order, p. 6) – because fact finding is an integral part of the collective bargaining process which was ordered by rather than enjoined by Judge Cox.

SACHS WALDMAN, P.C.

BY: _____
JOHN R. RUNYAN (P19763)
Attorneys for Charging Parties-Labor Organizations
2211 E. Jefferson Ave., Ste. 200
Detroit, Michigan 48207
(313) 496-9435

Dated: February 25, 2017

3