# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## THE CITY OF DETROIT'S OBJECTION TO CLAIM NO. 3618 FILED BY ARCHIE MCCLAIN

The City of Detroit ("Detroit"), by its undersigned counsel, files this Objection to Claim No. 3618 Filed by Archie McClain ("Objection"). In support of this Objection, the City states as follows:

### JURISDICTION AND VENUE

This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court, commencing the largest chapter 9 bankruptcy case in history.

On November 12, 2013, the City filed its Motion of Debtor Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims [Doc No. 1665] ("ADR Procedures Motion"). On December

29076156.1\022765-00213

24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc. No. 2302] ("ADR Order").

The Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1 to the ADR Order permitted the City to serve on claimants a

> notice that the Stay/Injunction is lifted to permit the underlying claim to be liquidated in a non-bankruptcy forum consistent with the terms, conditions and limitations of Section II.E. below (a "Stay Modification Notice"). In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction shall be deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum…

ADR Procedures, Section I.B, p. 4.

On or about February 28, 2014, Archie McClain ("McClain") filed claim number 3618 ("Claim") asserting a $50,000 general unsecured non-priority claim because he allegedly sustained personal injuries while he was a passenger in a motor vehicle which was struck by another vehicle, operated and insured by the City. The Claim is attached as Exhibit 2.

On March 25, 2015, pursuant to the ADR Order and ADR Procedures, the City filed and served a Stay Modification Notice on McClain [Doc. No. 9504] ("Stay Modification Notice"). The Stay Modification Notice is attached as Exhibit 3. The first sentence of the Stay Modification Notice explains that "By this Stay Modification Notice, the City of Detroit ("the City") hereby provides notice that it has elected to permit the liquidation in a non-bankruptcy forum of the above-

2

identified proof of claim(s)…" Stay Modification Notice at 2. The Stay Modification Notice identified the case number for a lawsuit pending in the Wayne County Circuit Court where McClain was suing the City for the claims asserted in the Claim ("State Court Case").

On October 22, 2014, the City filed the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014) [Doc. No. 8045] ("Plan"). On November 12, 2014, this Court entered an order confirming the Plan [Doc. No. 8272] ("Confirmation Order"). The Effective Date of the Plan occurred on December 10, 2014. [Doc. No. 8649].

The State Court Case has been dismissed pursuant to an order entered on May 5, 2017. *See* Exhibit 4.

## ARGUMENT

Bankruptcy Code section 502(b)(1) provides

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

11 U.S.C. § 502(b)(1).

29076156.1\022765-00213

The Claim should be disallowed and expunged pursuant to Bankruptcy Code section 502(b)(1) because there is no basis for liability on the part of the City as the underlying State Court Case has been dismissed.

## RESERVATION OF RIGHTS

The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to the Court's interference with (a) any of the political or governmental powers of the City, (b) of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

The City expressly reserves the right to amend, modify, or supplement this Objection. Should the Court dismiss or overrule one or more grounds of objection stated in this Objection, the City reserves its right to object to the Claim on other procedural and substantive grounds, and on the merits of the underlying claim. The City also expressly reserves any and all rights, claims, defenses and objections it may have against McClain in the State Court Lawsuit.

## NOTICE

The City has provided notice of this Objection to the attorney whose name appears on the Claim. In light of the nature of the relief requested, the City

4

29076156.1\022765-00213

respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully requests that this Court enter an order in substantially the same form as the one attached as Exhibit 1, granting the relief requested in this Objection and further relief as this Court may deem just and proper.

Dated: May 10, 2017


MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

5

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF THE CITY OF DETROIT'S OBJECTION TO CLAIM NO. 3618 FILED BY ARCHIE MCCLAIN

**PLEASE TAKE NOTICE THAT** the City of Detroit ("City") has filed an objection to claim number 3618 ("Claim") filed by Archie McClain because there is no basis for liability on the part of the City ("Objection").

If you do not want the court to change your claim, or grant the relief requested in the Objection, then on or before **June 14, 2017**, you or your lawyer must:

1.      File with the court, at the address below, a written response to the objection. Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

2.    A copy of your response must also be mailed to counsel for the City:

Marc N. Swanson
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson Ave., Ste. 2500
Detroit, MI 48226

3.    You must also attend the hearing on the objection scheduled to be held on **June 21, 2017** at 1:30 p.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 28226 unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim, in which event the hearing will be canceled and the objection sustained.**

Dated: May 10, 2017

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

# EXHIBIT 1 -- PROPOSED ORDER

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER GRANTING THE CITY OF DETROIT'S OBJECTION TO CLAIM NO. 3618 FILED BY ARCHIE MCCLAIN

Upon the City of Detroit's Objection to Claim No. 3618 filed by Archie McClain ("Objection") seeking entry of an order disallowing Claim No. 3618, and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and a hearing on the Objection having been held before the Court; and any objections to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for

the relief granted; and after due deliberation and good and sufficient cause appearing therefore; it is hereby

ORDERED, DECREED AND ADJUDGED that:

1.     The Objection is sustained.

2.     Claim No. 3618 is hereby disallowed and expunged, pursuant to section 502(b)(1) of the Bankruptcy Code.

3.     The City's claims agent is hereby authorized to update the claims register to reflect the relief granted in this order.

4.     The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the Objection.

5.     Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Federal Rule of Bankruptcy Procedure 3007(a) and the local rules of the Court are satisfied by such notice.

# EXHIBIT 2 – CLAIM

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT     EASTERN DISTRICT of MICHIGAN | PRO̶O̶F̶ ̶O̶F̶ ̶C̶L̶A̶I̶M̶ RECEIVED |
|---|---|

Name of Debtor: **City of Detroit, Michigan**      Case Number: **13-53846**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

**FEB 2 4 2014**

KURTZMAN CARSON CONSULTANTS

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Archie McClain

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:

Christopher Trainor + Associates
9750 Highland Rd.
White Lake, MI 48386

Telephone number: 248-886-8650   email: andrew.barrett@cjtrainor.com

Court Claim Number:_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above):


Telephone number:         email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ ~~XXXXXXXX~~ $50,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** 3rd Party ~~No Fault Benefits~~ - Auto Accident - Pain + Suffering
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** _____     **3a. Debtor may have scheduled account as:**_____
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate (when case was filed)_____% ☐ Fixed  or  ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim: $_____

Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**   $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____.**   $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)
☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Andrew Barrett
Title: Attorney
Company: Christopher Trainor + Assoc.
Address and telephone number (if different from notice address above):


Telephone number:         email:

(Signature)        2.13.14        (Date)

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or*
13-53846-tjt   Doc 11866   Filed 05/10/17   Entered 05/10/17 10:11:08   Page 12 of 29

1335384614022400000000000099



LAW OFFICES OF

# CHRISTOPHER TRAINOR
## & ASSOCIATES

Andrew E. Barrett
Shawn C. Cabot
Amy J. DeRouin
Ryan A. Ford
Timothy M. Hartner
Thomas F. Norton
Gary B. Perkins
Christopher J. Trainor
Of Counsel:
Shawn J. Coppins
Vincent M. Farougi

9750 Highland Road
White Lake, Michigan 48386

Tel (248) 886-8650
Toll Free (800) 961-8477
Fax (248) 698-3321
MichiganLegalCenter.com

February 13, 2014

City of Detroit Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

**Re: Archie McClain v. City of Detroit**
**B-10 Claim Form**

Dear Sir/Madam:

Our firm represents Mr. Archie McClain in a pending lawsuit against the City of Detroit. At the time the City of Detroit filed for Bankruptcy, Mr. McClaim was preparing to file a lawsuit against City of Detroit in Wayne County Circuit Court that arose from an accident that occurred May 4, 2011 for 3rd party pain and suffering damages. Mr. McClain has not filed a complaint due to the pending bankruptcy.

On May 4, 2011, Mr. McClain was a passenger in a vehicle when it was struck from behind by a vehicle insured by City of Detroit causing injuries to his neck and back. Mr. McClain required extensive medical treatment for his injuries.

Attached are copies of the police report which shows the city vehicle was at fault, along with excerpts of his medical records which objectively demonstrate the severity of his injuries.

**PAIN AND SUFFERING DAMAGES**

    $50,000.00

    **Total**       **$50,000.00**

If any questions or concerns arise, please feel free to contact our office. Thank you for your time and kind attention with this matter.

Respectfully,
CHRISTOPHER TRAINOR & ASSOCIATES

*s/ Andrew E. Barrett, Esq.*

ANDREW E. BARRETT, ESQ.

Authority: 1949 PA 300, Sec. 257.622
Compliance: Required    MSP UD-10
Penalty: $100 and/or 90 days   (Rev 5/09)

Do Not Use

# STATE OF MICHIGAN TRAFFIC CRASH REPORT

ORI: MI- 8934906    Department Name: *CITY OF DETROIT*

Incident Disposition: ○ Open  ○ Closed    Reviewer ___

| Crash Date | Crash Time | No. of Units | Crash Type | Special Circumstances | Special Checks |
|---|---|---|---|---|---|
| 05/04/20N | 1530 | 02 | | | |

**Crash Type:**
○ Single Motor Vehicle
○ Head On
○ Head On-Left Turn
○ Angle
● Rear End
○ Rear End-Left Turn
○ Rear End-Right Turn
○ Sideswipe-Same
○ Sideswipe-Opposite
○ Other/Unknown

**Special Circumstances:** ● None ○ Deer
○ School Bus ○ Hit and Run ○ Parking Police
**Special Study:** ○ Local ○ State
**Weather** (Select Only One): ○ Clear ○ Severe Wind
○ Cloudy ○ Snow/Blowing Snow
○ Fog/Smoke ○ Sleet/Hail
○ Rain ○ Other/Unknown

**Light** (Mark Only One): ● Daylight ○ Dark-Lighted
○ Dawn ○ Dark-Unlighted
○ Dusk ○ Other/Unknown

**Road Condition** (Mark Only One): ● Dry ○ Snowy ○ Debris
○ Wet ○ Muddy ○ Other
○ Icy ○ Slushy ○ Unknown

**Special Checks:**
○ Fatal (Report All)
○ Corrected Copy
○ Replace (Entire Report)
○ Delete (Entire Report)
○ Non-Traffic Area
○ ORV/Snowmobile

| County | Traffic Control | Relation to Roadway | Construction Zone (if applicable) | Area | Total Lanes |
|---|---|---|---|---|---|
| 82 | | | | 04 | |
| City/Twp 99 | | | | Speed Limit 35 | Posted |

**Traffic Control:**
○ None of These
● Signal
○ Stop Sign
○ Yield Sign

**Relation to Roadway:**
Location of First Impact:
● On Road
○ Median
○ Shoulder
○ Outside of Shoulder/Curb
○ Gore
○ Other/Unknown

**Construction Zone (if applicable):** Mark Only From Each Circle
Type: ○ Construction ○ Utility
Lane Closed: ○ Yes ○ No
Activity: ○ On Road ○ Off Road ○ None

| Prefix | Road Name | | | | | Divided Roadway | Road Type | Suffix |
|---|---|---|---|---|---|---|---|---|
| NB | GREENFIELD | | | | | (1) (2) (3) (4) (5) (6) | (1) (2) (3) (4) | |

Distance: 160   ● FT ○ North ● East ○ Beginning of Ramp
○ MI ● South ○ West ○ End of Ramp
Trafficway: (1) (2) (3) (4)   Access Control: (1) (2) (3)

| Prefix | Intersecting Road | Divided Roadway | Road Type | Suffix |
|---|---|---|---|---|
| | PLYMOUTH RD. | (1) (2) (3) (4) (5) (6) | (1) (2) (3) (4) | |

| Unit Number | State | Driver License No. | Date of Birth | License Type | Sex | Total Occup. | Hazard Action |
|---|---|---|---|---|---|---|---|
| 1 | MI | [redacted] 2706 | [redacted] | ○ D ○ CY ○ CDL ○ CM ● M | ● M ○ F | 01 | 13 |

**Unit Type:** JOHNNIE EARL LAW
19504 SHAFTSBURY
DETROIT, MI 4829[redacted]

| | Injury | Position | Restraint | Hazmat |
|---|---|---|---|---|
| | 01 | 09 | | REF |
| | | | Ambulance | REF |

**Driver Condition:** ● No ○ Yes
Interlock: ○ Yes ● No
Alcohol: ○ Yes ● No  Test Type ○ Field ○ PBT ○ Breath ○ Blood ○ Urine  Test Results ___

Injury: (O) (A) (B) (C) (K)
Ejected: ○ Yes ○ No
Airbag Deployed: ○ Yes ● No   Not Equipped

Drugs: ○ Yes ● No  Test Type ___  Test Results ___

Citation Issued:
Hazardous: ○
○

| Vehicle Registration | State | Insurance | Towed To/By |
|---|---|---|---|
| 030X049 | MI | *CITY OF DETROIT* | N/A |

**VIN:** 4V5JCBHE4YN3N669   **Vehicle Make:** VOLVO   **Model:** ___   **Color:** BLUE   **Year:** 2000

**Location of Greatest Damage:** (1) (2) (3) (4) (5) (6) (7) (8) (9) (10) (11) (12)
First Impact: 08
Extent of Damage: 0
Driveable: ● Yes ○ No

**Vehicle Type:** ○ PA ○ CY ○ OB
○ VA ○ BU
○ PU ○ SV TruckVUse
○ ST ○ SV Complete Truck/Bus Sections

**Vehicle Direction:** ○ North
● South
○ East
○ West

**Special Vehicles:** (1) (2) (3) (4) (5) (6) (7) (8) (9)
Vehicle Use: (1) (2) (3) (4) (5) (6) (7) (8) (9) (10)

**Private Trailer Type:** (1) (2) (3) (4) (5) (6) (7)
Vehicle Defect: (1) (2) (3) (4) (5) (6) (7) (8) (9) (10) (11)

| First Name | | Date of Birth | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|---|
| Middle | | Street Address | | | Ambulance | |
| Last | | City | | | Ejected ○ Yes ○ No | Trapped ○ Yes ○ No |
| Injury (O) (A) (B) (C) (K) | Airbag Deployed ○ Yes ○ No ○ Not Expected | State  Zip  Phone Number | | | | |

| First Name | | Date of Birth | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|---|
| Middle | | Street Address | | | Ambulance | |
| Last | | City | | | Ejected ○ Yes ○ No | Trapped ○ Yes ○ No |
| Injury (O) (A) (B) (C) (K) | Airbag Deployed ○ Yes ○ No ○ Not Expected | State  Zip  Phone Number | | | | |

| Name | | Address | |
|---|---|---|---|
| Phone Number | Apt. | Pos. | Rest. |
| Name | | Address | |
| Phone Number | Apt. | Pos. | Rest. |

Person Advised of Damaged Traffic Control: ___
Damaged Property: ___
Owner & Phone: ___
Public: ○ Yes ○ No

394788    Sequence Number ___

Do Not Write or Mark in This Area
Do Not Write or Mark Below This Line
Do Not Write or Mark On This Side of The Line

| Unit Number | State | Driver License Number | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 2 | MI | ████████0108 | | | | | | | | |

Date of Birth ████████

NCS

License Type: O 0 O Cd / O 1 O D / O S O F
Sex: O M / O F — 01
Total Occup: 00
Hazard Action

Unit Type
JAMES CROWDER
1146 ORANGE BLOSSOM DR
MOUNT MORRIS MI 48458 ████████

Injury Position Restraint: N/A
E — 01 — 09
Hospital N/A
Ambulance N/A

Driver Condition
Interlock
Alcohol — Test Type — Test Results

Ejected: O Yes
Trapped: O Yes
Airbag Displayed: O Yes
Citation Issued
Hazardous O
G O

Drugs — Test Type — Test Results
Vehicle Registration | State | Insurance
CEL2693 | MI | WR
Towed To By N/A

VIN 4A3AA46A03EN18507
Make MITSUBISHI
Model GALANT 2003

Location of Greatest Damage
First Impact: 06 | Extent of Damage: 7

Vehicle Type
Vehicle Direction: O North O South O East O West
Special Vehicles
Private Trailer Type
Vehicle Defect
Vehicle Use

Date of Birth | Sex | Position | Restraint | Hospital
First Name
Middle
Ambulance
Last
Street Address
Injury
First Name
City
State Zip Phone Number
Ejected Trapped

Date of Birth | Sex | Position | Restraint | Hospital
Middle
Street Address
Ambulance
Last
City
Injury
State Zip Phone Number
Ejected Trapped
Name Address Phone Number Age Pos. Rest.
Name Address Phone Number Age Pos. Rest.

| ◄ Unit Reported on Front | ⚠ Unit Reported Above | Crash Diagram and Remarks |
|---|---|---|
| Action Prior: 017 | Action Prior: 0817 | |
| Sequence of Events | Sequence of Events | |
| Most Harmful: | Most Harmful: | |

#2 WAS COMING TO A STOP ON ROADWAY WHEN #1 VEH STRUCK BACK REAR TAIL LIGHT OF #2. NO INJURY TO EITHER PARTY.

Unit Number Carrier Name
CITY OF DETROIT
Address
City DETROIT | State MI
Carrier Source
Zip 48233
GVWR/GCWR
ICCMC
Driver's CDL Type
USDOT
CDL Restrictions
MPSC
CDL Exempt
Vehicle Type
Type & Axles Per Unit: 02
Medical Card
Cargo Body Type
Hazardous Material
Class #

GREENFIELD
PLYMOUTH

[diagram with crossroads and vehicles labeled 1 and 2]

| 394788 | Investigated at Scene | Reported Date/Time 5/15/11 1030 | Photos By |
|---|---|---|---|
| | Investigators Name & Badge # and Dept | P.O. TOWN #326 06XB | |

Forward Original To: Michigan State Police, Traffic Crash Reporting, P.O. Box 30634, Lansing, MI 48913

Do Not Write or Mark On This Side of The Line

Archie McClain

*AUTO ACCIDENT INITIAL EXAMINATION*

RE: Archie McClain

DOI: 05-04-2011
Claim #: 9204085

      In reply to your recent correspondence, the following report is submitted regarding injuries which were received by the above captioned individual when he was involved in an automobile accident on 05-04-2011. The patient presented to our office on 07-01-2011 for examination and treatment of injuries sustained in said accident.

## MECHANISM OF INJURY:

At the time of Mr. McClain's initial visit, he complained of frequent low back pain that was dull, sharp, achy, stiff, throbbing, numbing and tingling and rated it a 10.* He stated the problem is aggravated by all normal daily activities and movements. He also complained of frequent thoracic pain that was dull, sharp, achy, stiff, throbbing, numbing, burning and tingling and rated it a 10.* Mr. McClain stated the problem is aggravated by all normal daily activities and movements. Mr. McClain further complained of frequent neck pain that radiated down to his right hand. The pain was dull, sharp, achy, stiff, throbbing, numbing, burning and tingling and rated it a 10.* He stated the problem is aggravated by all normal daily activities and movements. Mr. McClain stated that he was thrown violently forward, snapping his neck back and forth and then jerked back into his seat as a result of the impact. The patient states that he was taken a few days later by ambulance to Hurley Medical Center. He also denies any of the previous symptoms prior to the accident.

Mr. McClain was the passenger in the automobile that was hit on the rear side of his vehicle with the front of a City Sewer truck. Patient was wearing a full lap and shoulder restraint at the time of the accident. Air bags were not deployed as a result of the impact. At Hurley Medical Center, the patient stated that he received X-Rays to his low back that were negative for fracture, given morphine and was discharged with no restrictions.

*Scale of 1 to 10 where 1 is mild and 10 is extreme*

## PAST HISTORY

Prior musculoskeletal problems were unremarkable.
The patient states that he has had prior surgical procedures on his ulcers in 1991.

## STRUCTURAL EXAMINATION:

Inspection of the cervical spine, with reference to range of motion studies, demonstrated severe reduction to the normal range of motion in the cervical flexion, extension, as well as left and right lateral flexion. There is objective muscle spasm noted accompanied by pain on palpation over the paraspinal musculature throughout the cervical spine, as well as the trapezius bilaterally. There is pain on deep palpation over the suboccipital muscles bilaterally. Shoulder shrugging is painful and is restricted.

With the patient in the upright position, examination of the dorsal and lumbar spine, with reference to range of motion studies, shows pain and decrease rotation. There is objective muscle spasm throughout entire paravertebral muscle groups of the dorsal spine.

There is palpation tenderness, accompanied by objective muscle spasm over the scapulocostal muscle groups and quadratus lumborum bilaterally. There is localization of pain on percussion over the spinous processes of C2 - C6, T2 - T5, T7 - T12 and L3 - L5.

## DEEP TENDON REFLEXES:

All DTRs normal

## CRANIAL NERVE EVALUATION:

The following cranial nerves were found to be normal - III, IV, VI and VII

## Cervical ROM:

- 1 -

Archie McClain

Flexion (N=50°)                5
Extension (N=60°)              10
Left Lat. Flexion (N=45°)      10
Right Lat. Flexn (N=45°)        5
Left Rotation (N=80°)          10
Right Rotation (N=80°)          5

Lumbar ROM:
Flexion (N=60°)                20
Extension (N=25°)              15
Left Lat. Flexion (N=25°)      10
Right Lat. Flexn (N=25°)       15
Left Rotation (N=30°)          10
Right Rotation (N=30°)         10

ORTHOPEDIC TESTS
(+) Maximum Cervical Compression on Right
(+) Maximum Cervical Compression on Left
(+) Jackson's on Right
(+) Jackson's on Left
(+) Shoulder Depression Test on Right
(+) Shoulder Depression Test on Left
(-) VAS B/L
(+) Kemp's on Right
(+) Kemp's on Left
(+) Gaenslen on Right
(+) Gaenslen on Left
(+) SLR at 60° on Right
(+) SLR at 60° on Left
(+) Iliac Compression Test on Right
(+) Iliac Compression Test on Left
Cervical distraction in so

X-RAY DATE AND VIEWS TAKEN:
APOM, Lateral Cervical, Left/Right cervical oblique, Anterior/Posterior Thoracic, Anterior/Posterior Lumbar, Lateral
Thoracic, Lateral Lumbar, Right and Left Lumbar Bending, Anterior/Posterior Pelvis were taken on 07-01-2011.

X-RAYS REVEALED:
Decrease cervical lordotic curve.
Normal thoracic kyphotic curve.
Normal lumbar lordotic curve.
Also viewed is an inability to flex the cervical and lumbar spine the proper manner.
No apparent fractures, no gross soft tissue pathology, no gross osseous pathology.   Also noted were multiple levels of
vertebral body rotation.  Vertebral subluxations at C2, C5, T2, T5, T10 and L4.
DJD noted at: C3 - C6, T1 - T2, T12 - L1 and L1 - S1.

DIAGNOSIS
Based on history, structural examination and x-ray findings, the patient has the following diagnosis.
1) 739.3
2) 739.2
3) 739.1
4) 729.2

DISPOSITION

- 2 -

Archie McClain

In view of the findings the patient demonstrated, he is being treated with corrective manipulation to the cervical, dorsal and lumbar spine. Procedures in preparation to manipulation consist of mechanical traction, manual traction, heat and massage.

**RECOMMENDATIONS:**
Mr. McClain is advised by this office to be treated six times a week for one week, five times a week for one week and four times a week for three weeks, pending re-examination to determine further treatment. Mr. McClain is also advised by this office to abstain from any activities that require twisting, turning, bending or lifting more than ten pounds for one month pending re-evaluation.

Mr. McClain is referred to an internist for further evaluation.

**PROGNOSIS**
At this time, Mr. McClain's prognosis is guarded.

If I can be of further assistance in this matter, please feel free to contact this office.

Sincerely,

_____
Joseph E. Bernard, D.C.

# EXHIBIT 3 – STAY MODIFICATION NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------- x
                                             :
In re                                        :     Chapter 9
                                             :
City of Detroit, Michigan,                   :     Case No. 13-53846
                                             :
                Debtor.                       :     Hon. Thomas J. Tucker
                                             :
-------------------------------------------- x
```

## STAY MODIFICATION NOTICE FOR

## CLAIMANT ARCHIE McCLAIN

Designated Claimants(s):      Archie McClain

Designated Claim Number(s):   3618

Address for Notices Provided
By Claimant:

Christopher Trainor & Associates
9750 White Lake Rd.
White Lake , MI 48386
Email: andrew.barrett@cjtrainor.com

IF A LAWSUIT IS PENDING FOR THE ABOVE CLAIM(S), STATE:

- Caption:   Archie McClain v Johnnie Earl Law and City of Detroit
- Case No.:  14-005606-NI
- Court:     Wayne County Circuit Court

By this Stay Modification Notice, the City of Detroit (the "City") hereby provides notice that it has elected to permit the liquidation in a non-bankruptcy forum of the above-identified proofs of claim(s) (the "Claim(s)") in the City's case (the "Chapter 9 Case") under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code"), pursuant to the procedures (the "ADR Procedures") established by the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedur

of Certain Pre-Petition Claims (Docket No. 2302) (the "<u>ADR Order</u>"), entered by the United States Bankruptcy Court for the Eastern District of Michigan (the "<u>Bankruptcy Court</u>") on December 24, 2013.[1]

Section I.A of the ADR Procedures provides that the City may designate any proof of claim timely filed in the Chapter 9 Case (other than certain "Excluded Claims") for liquidation pursuant to the ADR Procedures by serving an ADR Notice on the applicable claimant. Any proof of claim designated for liquidation through the ADR Procedures is referred to as a "Designated Claim." Section I.A of the ADR Procedures further provides that certain timely filed proofs of claim (other than Excluded Claims) (collectively, the "<u>Initial Designated Claims</u>") shall be deemed to be Designated Claims subject to the ADR Procedures prior to the City serving an ADR Notice on the applicable claimant.

Paragraph 9 of the ADR Order provides, however, that the City in its sole discretion (a) may elect not to send an ADR Notice to any holder of an Initial Designated Claim and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice with respect to the Initial Designated Claim. In that event, except as provided below with respect to Multi-Party Tort Claims, immediately upon the filing of the Stay Modification Notice: (a) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court (the "<u>Stay</u>"); or (b) any similar injunction (together with the Stay, the "<u>Stay/Injunction</u>") that may be imposed upon the confirmation or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "<u>Chapter 9 Plan</u>") is deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.

Certain Designated Claims (each, a "<u>Multi-Party Tort Claim</u>") arise out of personal injury actions (a) asserted concurrently against the City and one or more current or former members of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association or the Detroit Police Command Officers Association (each such member, a "<u>Public Safety Union Member</u>") and (b) with respect to which, the applicable Public Safety Union Member seeks related defense costs and/or an indemnification claim from the

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the ADR Order.

City (any such Public Safety Union Member, an "Indemnification Claimant," and any such claim, an "Indemnification Claim").

Concurrent with the filing of a Stay Modification Notice for a Multi-Party Tort Claim, the City shall serve a copy of the Stay Modification Notice on the Public Safety Union(s) and on any related Indemnification Claimant known to the City. Pursuant to paragraph 9 of the ADR Order, solely in the case of Multi-Party Tort Claims, the Stay/Injunction is not deemed modified immediately upon the filing of the Stay Modification Notice. Instead, the Stay/Injunction is deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claims 35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) file a Stay Preservation Motion. If a Stay Preservation Motion is filed, then the Court will determine whether relief from the Stay/Injunction is appropriate with respect to the Multi-Party Tort Claim pursuant to the standards set forth in section 362(d) of the Bankruptcy Code. The City believes that the Claim(s) constitutes Multi-Party Tort Claims.

Upon modification of the Stay/Injunction as a result of the filing and service of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in either: (a) the non-bankruptcy forum in which the Initial Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal or transfer of venue or other procedural relief; or (b) if the Initial Designated Claim was not pending in any forum on the Petition Date, then in the United States District Court for the Eastern District of Michigan or such other non-bankruptcy forum selected by you that (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim, (iii) has in rem jurisdiction over the property involved in the Initial Designated Claim (if applicable) and (iv) is a proper venue.

**The City has reviewed the Claim(s) and has elected, pursuant to paragraph 9 of the ADR Procedures, to permit the liquidation of the Claim(s) in a non-bankruptcy forum. Note that, if you do not promptly proceed with the prosecution of the Claim(s) in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim(s).** A copy of this Stay Modification Notice may be filed with the non-bankruptcy court in which the Claim(s) is to be liquidated as notice of the lifting of the Stay/Injunction to permit the applicable non-bankruptcy forum to adjudicate the liquidation of the Claim(s) for purposes of the Chapter 9 Case.

Following liquidation of the Claim(s), whether by settlement or final judgment, you will receive an allowed general unsecured non-priority claim against the City, in the liquidated amount of the claim, that will be treated in accordance with the terms of any Chapter 9 Plan, and not a full cash payment of the liquidated amount of the Claim(s). For the avoidance of doubt, pursuant to paragraph 10 of the ADR Order, all proceedings against the City (or any Indemnification Claimant) relating to the Claim(s) following the liquidation of the Claim(s) shall remain subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms, conditions and limitations, the ADR Procedures or the ADR Order shall be determined by the Bankruptcy Court; provided that disputes about the jurisdiction of a matter presented to a non-bankruptcy court may be determined by such court.

City of Detroit

By: /s/ Eric B. Gaabo
Eric B. Gaabo P-39213
James D. Noseda P-52563
City of Detroit Law Department
Coleman A. Young Municipal Center
2 Woodward Ave, Suite 500
Detroit, MI 48226
Phone: (313) 237-5032 / 237-3057
Email: gaabe@detroitmi.gov
          nosej@detroitmi.gov

Dated:    March 25, 2015

## CERTIFICATE OF SERVICE

I certify that the foregoing Stay Modification Notice was filed and served on March 25, 2015 using the Court's electronic case filing and noticing system. A copy of this Stay Modification Notice was sent by e-mail and by U.S mail to the address(es) provided for notices in the Designated Claimant's Proof of Claim.

/s/ Eric B. Gaabo

-5-

13-53846-tjt Doc 11866 Filed 05/28/15 Entered 05/28/15 09:59:33 Page 24 of 29
13-53846-tjt Doc 9564 Filed 03/25/15 Entered 03/25/15 21:30:56 Page 24 of 29

**EXHIBIT 4 – ORDER OF DISMISSAL**

State of Michigan
Third Circuit Court

---

Archie McClain,

      Plaintiff,

                                    No. 14-005606-NI

v                                 Judge Daniel A. Hathaway

Johnnie Earl Ray and City of Detroit,

      Defendants.

---

James D. Noseda P-52563
City of Detroit Law Department
Attorney for City of Detroit
500 Woodward, 5th Floor
Coleman A. Young Municipal Center
Detroit, MI 48226
313-237-3057
nosej@detroitmi.gov

---

### Proof of Service

    The undersigned certifies that on April 27, 2017 he served the attached "Order Reinstating Case, Dismissing Action and Closing Case", dated May 5, 2017 by U.S. Mail upon **Archie McClain, 1013 E. Baltimore Blvd., Flint, MI 48505**

    I declare that the statements above are true to the best of my information, knowledge and belief.

/s/ James D. Noseda

State of Michigan
Third Circuit Court

Archie McClain,

      Plaintiff,

v

Johnnie Earl Ray and City of Detroit,

      Defendants.

No. 14-005606-NI
Judge Daniel A. Hathaway

14-005606-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
5/5/2017 2:47:24 PM
CATHY M. GARRETT
Precious Smith

James D. Noseda P-52563
City of Detroit Law Department
Attorney for City of Detroit
500 Woodward, 5th Floor
Coleman A. Young Municipal Center
Detroit, MI 48226
313-237-3057
nosej@detroitmi.gov

**Order Reinstating Case, Dismissing Action And Closing Case**

At a session of the Court in the City of Detroit,
Wayne County, Michigan on   5/5/2017  

Present: Honorable   Daniel A. Hathaway  

This Court having entered an Order on February 2, 2016 that granted

plaintiff's counsel's motion to withdraw and required Plaintiff Archie McClain to

appear within 30 days either on his own or by new counsel, more than one year

having passed since entry of the Order and no appearance having been filed, this matter having been stayed by the City's bankruptcy filing and said stay having been lifted by the December 2014 order of the bankruptcy court approving the City's Plan of Adjustment, the Court otherwise being advised in the premises,

IT IS HEREBY ORDERED:

1. The bankruptcy stay is lifted and this case is reinstated.

2. This action is dismissed based upon plaintiff's failure to appear on his own or by new counsel as required by this Court's order dated February 2, 2016.

3. This order resolves the last pending claim and closes the case.

/s/ Daniel A. Hathaway
_____

Circuit Court Judge

Date:

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2017, I electronically filed *The City of Detroit's Objection to Claim No. 3618 Filed by Archie McClain* ("Objection") with the Clerk of the Court which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this Case. The City has engaged a Noticing Agent, which will serve the Objection to its Master Service List and file a subsequent Proof of Service after it has performed the service. In addition, I hereby certify that on May 10, 2017, we have served a copy of the Objection upon the following persons via First Class US Mail at the addresses below:

Andrew E. Barrett
Christopher Trainor & Associates
9750 Highland Rd.
White Lake, MI 48386

Andrew E. Barrett
Vandeveer Garzia
840 W Long Lake Rd., Ste. 600
Troy, MI 48098-6340

Archie McClain
1013 E. Baltimore Blvd.
Flint, MI 48505

Dated: May 10, 2017

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com