# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>    Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## STIPULATION BY AND BETWEEN THE CITY OF DETROIT AND CITIMORTGAGE, INC. REGARDING RELIEF FROM THE PLAN INJUNCTION

The City of Detroit ("City") and CitiMortgage, Inc. ("Citi") stipulate and agree as follows:

A. Citi alleges that Raymone Hayman ("Hayman") is the fee simple owner of the real property commonly known as 4674 Neff Avenue, Detroit, Michigan 48224 ("Property"), pursuant to a Warranty Deed executed on June 3, 1999 and recorded July 14, 1999, in Liber 30248, Page 6748 of the Wayne County Records.

B. Citi further alleges that on June 3, 1999, Hayman obtained a loan from General Mortgage Corporation in the amount of $55,930.00. The loan was evidenced by a promissory note dated June 3, 1999 ("Note"). Hayman executed a Mortgage dated June 3, 1999 ("Security Instrument"), and recorded it on June 23, 1999, in Liber 30236, Page 3835, of the Wayne County Records, conveying to General Mortgage Corporation a lien on the Property.

C. Citi further alleges that the Security Instrument was transferred to Citi, by assignment on June 3, 2014, and recorded on September 12, 2014, in Liber 51756, Page 214, of the Wayne County Records.

D. Citi further alleges that the legal description of the Property has changed since Hayman executed the Security Instrument. Namely, the legal description of the Property now incorporates a part of an adjoining alley. Citi believes that the part of the adjoining alley included in the legal description ("Alley") was vacated by the City. Citi asserts, however, that no formal action was filed by the City to properly vacate the Alley.

E. Citi further alleges that due to the addition of the Alley into the legal description for the Property, the Property is unmarketable with the legal description as it currently stands under the Security Instrument.

F. Citi further alleges it intends to file a state court action pursuant to MCL §§ 560.221 and 560.224a ("State Court Action"), which provide that a circuit court may vacate, correct, or revise all or part of a recorded plat, but that a party filing a complaint for vacation must join as a defendant the municipality in which the subdivision covered by the plat is located. The municipality in this case is the City. Consequently, Citi asserts that the City is a necessary party to the State Court Action to address the Alley.

G. Citi further alleges that the only relief that it will seek in the State Court Action is an order requiring that the Alley be vacated pursuant to MCL §§ 560.221 and 560.224a ("Requested Relief"). Citi will not seek any money damages or other legal or equitable relief against the City or its property.

H. The City reserves all rights, claims and defenses in the State Court Action.

I. On October 22, 2014, the City filed the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit [Doc. No. 8045] ("Plan"). This Court subsequently issued an Order confirming the Plan on November 12, 2014 [Doc. No. 8272].

J. Section III.D.5 of the Plan provides for an injunction against certain lawsuits ("Plan Injunction").

NOW, THEREFORE, Citi and the City stipulate and agree as follows:

1. To the extent the Plan Injunction would prohibit Citi from filing the State Court Action, it is modified solely to allow Citi to initiate the State Court Action; provided, however, and based on Citi's representations to the City, that (a) the only relief Citi will request against the City in the State Court Action (or otherwise) is the entry of an order vacating the Alley pursuant to MCL § 560.221 and 560.224a, and (b) Citi will not seek any monetary damages or other legal or

equitable relief against the City or its property in the State Court Action or otherwise.

2. The City reserves all rights, claims and defenses in the State Court Action.

3. This Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Stipulation.

STIPULATED AND AGREED:

| ATTORNEY FOR THE CITY<br><br>By: /s/ Marc N. Swanson<br>Marc N. Swanson (P71149)<br>Miller, Canfield, Paddock and Stone, PLC<br>150 West Jefferson, Suite 2500<br>Detroit, Michigan 48226<br>Telephone: (313) 496-7591<br>Facsimile: (313) 496-8451<br>swansonm@millercanfield.com | ATTORNEYS FOR CITIMORTGAGE, INC.<br>By: /s/ Mary K. Atallah<br>Mary K. Atallah (P75273)<br>Potestivo & Associates, P.C.<br>251 Diversion Street<br>Rochester, MI 48307<br>Telephone: (248) 853-4400<br>Facsimile: (248) 267-3024<br>matallah@potestivolaw.com |
|---|---|

DATED: May 19, 2017

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

# ORDER GRANTING STIPULATION BY AND BETWEEN THE CITY OF DETROIT AND CITIMORTGAGE, INC. REGARDING RELIEF FROM THE PLAN INJUNCTION

Upon the review and consideration of the Stipulation by and between the City of Detroit and CitiMortgage, Inc. Regarding Relief from the Plan Injunction (Docket # [ ], the "Stipulation");[1] and the Court being otherwise advised in the premises;

IT IS ORDERED THAT:

1. To the extent the Plan Injunction prohibits Citi from filing the State Court Action, it is modified solely to permit Citi to initiate the State Court Action naming the City as a defendant; provided, however, and based on Citi's representations to the City, that (a) the only relief Citi will request against the City in the State Court Action (or otherwise) is the entry of an order vacating the Alley pursuant to MCL § 560.221 and 560.224a, and (b) Citi will not seek any monetary

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Stipulation.

damages or other legal or equitable relief against the City or its property in the State Court Action or otherwise.

2. The City reserves all rights, claims and defenses in the State Court Action.

3. This Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.