# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION FOR (I) DETERMINATION THAT COURTNEY D. PAYTON WILLFULLY VIOLATED THIS COURT'S ORDER GRANTING MOTION TO ENFORCE, ENTERED AT DOCKET NUMBER 10743, AND (II) AWARDING COMPENSATORY AND PUNITIVE SANCTIONS

The City of Detroit ("City"), by its undersigned counsel, files the *City of Detroit's Motion for (I) Determination that Courtney D. Payton Willfully Violated This Court's Order Granting Motion to Enforce, Entered at Docket Number 10743, and (II) Awarding Compensatory and Punitive Sanctions* ("Motion"). In support of this Motion, the City respectfully states as follows:

## I. Introduction

A little over a year ago, this Court ordered Courtney D. Payton ("Payton") and others to dismiss state court lawsuits they had filed against the City and enjoined them from ever again filing lawsuits against the City related to those dismissed suits. Payton dismissed her lawsuit with prejudice as ordered. Payton has now filed a new state court lawsuit against the City, repeating the same allegations she made previously. When the City asked Payton's counsel why he

thought he could file this lawsuit, he responded that, because the new lawsuit had a different case number, it was not subject to this Court's injunction.

Although this is a particularly egregious example, it is not an isolated event. The City has had to contend with numerous litigants who believe it is permissible to evade or openly defy this Court's orders. Their actions cost the City time and money. They must stop. For this reason, the City moves this Court to enter an order requiring Payton to dismiss her latest lawsuit, holding her accountable for the expense she has cost the City, and awarding the City punitive damages to deter her and others from flouting this Court's directives.

## II.    Background

On December 16, 2015, the City filed its *Motion to Enforce Order, Pursuant to Section 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates For Filing Proof of Claim and Approving Form and Manner Notice Thereof against Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton* [Doc. No. 10710] ("Motion to Enforce").

As set forth in the Motion to Enforce:

> On January 23, 2015, Courtney D. Payton ("Payton") filed a complaint ("Payton Complaint") against the City of Detroit in the Circuit Court for the County of Wayne, case number 15-000962. The Payton Complaint is attached as Exhibit 6B.
>
> Payton alleges that on April 4, 2004, he was injured as a result of an automobile accident in the City, under

circumstances as to make the City responsible for all medical expenses reasonably incurred, loss of wages, attendant care and replacement services. Payton Complaint ¶ 7. Payton did not file a proof of claim in the City's bankruptcy case.

Motion to Enforce, ¶¶ 10-11.

The City sought an order requiring the dismissal with prejudice of case number 15-000962 ("2015 Lawsuit") and barring Payton from pursuing any claims arising from or related to case number 15-000962 against the City. A copy of the Payton's complaint in case number 15-000962 ("2015 Complaint") is attached as **Exhibit 6A.**

No response or objection to the Motion to Enforce was timely filed. As such, on January 27, 2016, the City filed a Certificate of No Response. [Doc. No. 10738].

On January 29, 2016, the Court entered an order granting the Motion to Enforce [Doc. No. 10743] ("Order to Enforce"). The Order to Enforce is attached as **Exhibit 6B**.

Paragraph 1(b) of the Order to Enforce provides that no later than February 3, 2016,

Courtney D. Payton must dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as Courtney D. Payton, Plaintiff, v. City of Detroit, Defendant, filed in the Wayne County Circuit Court and assigned Case No. 15-000962.

29276213.3\022765-00213

Order to Enforce, ¶ 1(b).

Paragraph 3 of the Order to Enforce provides

> Bobby Watson, Godfrey Walters, Nadine Staley and
> Courtney D. Payton are permanently barred, estopped
> and enjoined from asserting the claims arising from or
> related to their State Court Actions against the City of
> Detroit or property of the City of Detroit.

Order to Enforce, ¶ 3.

The Court retained jurisdiction over any and all matters arising from the interpretation or implementation of the Order to Enforce. Order to Enforce, ¶ 5.

The Order to Enforce was served on Payton's counsel via first class mail the same day it was entered. ("Service," Doc. No. 10744.)

On February 8, 2016, a stipulated order of dismissal with prejudice was entered in the 2015 Lawsuit. The stipulated order is attached as **Exhibit 6C.**

On April 18, 2017, Payton filed a complaint ("2017 Complaint") against the City in Wayne County Circuit Court, case number 17-05922 ("2017 Lawsuit"). The 2017 Complaint is attached as **Exhibit 6D.**

Both the 2015 Complaint and the 2017 Complaint are based on the same 2004 accident[1] and seek no-fault benefits.

---

[1] The 2017 Complaint and 2015 Complaint allege different dates for the accident. As shown in the 2017 Complaint and the case evaluation summary related to the 2015 Complaint, the accident occurred June 8, 2004. *See* **Exhibit 6E;** *see also* **Exhibit 6F** (City of Detroit Department of Transportation report). Plaintiff's
*Continued on next page.*

- 4 -

Order to Enforce, ¶ 1(b).

Paragraph 3 of the Order to Enforce provides

> Bobby Watson, Godfrey Walters, Nadine Staley and
> Courtney D. Payton are permanently barred, estopped
> and enjoined from asserting the claims arising from or
> related to their State Court Actions against the City of
> Detroit or property of the City of Detroit.

Order to Enforce, ¶ 3.

The Court retained jurisdiction over any and all matters arising from the interpretation or implementation of the Order to Enforce. Order to Enforce, ¶ 5.

The Order to Enforce was served on Payton's counsel via first class mail the same day it was entered. ("Service," Doc. No. 10744.)

On February 8, 2016, a stipulated order of dismissal with prejudice was entered in the 2015 Lawsuit. The stipulated order is attached as **Exhibit 6C.**

On April 18, 2017, Payton filed a complaint ("2017 Complaint") against the City in Wayne County Circuit Court, case number 17-05922 ("2017 Lawsuit"). The 2017 Complaint is attached as **Exhibit 6D.**

Both the 2015 Complaint and the 2017 Complaint are based on the same 2004 accident[1] and seek no-fault benefits.

---

[1] The 2017 Complaint and 2015 Complaint allege different dates for the accident. As shown in the 2017 Complaint and the case evaluation summary related to the 2015 Complaint, the accident occurred June 8, 2004. *See* **Exhibit 6E;** *see also* **Exhibit 6F** (City of Detroit Department of Transportation report). Plaintiff's
*Continued on next page.*

The City's counsel provided Payton's counsel with a copy of the Order to Enforce and requested that Payton's counsel dismiss the 2017 Complaint. **Exhibit 6G**. Payton's counsel refused to dismiss the 2017 complaint because "The case listed in that order is a different case number than our case." *Id.* Thus, the City was unable to obtain concurrence for the relief requested in this Motion.

## III. Argument

### A. Peyton's argument, that she may file the 2017 Complaint because it has a different case number, is simply outrageous.

The Court should require the dismissal with prejudice of the 2017 Complaint for three reasons.

First, Payton's filing of the 2017 Complaint violates the Order to Enforce. The Order to Enforce states that the 2015 Complaint was to be dismissed with prejudice. Filing a new complaint with the same allegations treats that portion of the Order to Enforce as a legal nullity. Further, it expressly enjoined Payton from "asserting the claims arising from or related to" the 2015 Complaint in another action, which is precisely what the 2017 Complaint does.

Second, filing the 2017 Complaint violates the injunction in the City's confirmed plan of adjustment, upon which the Order to Enforce was based.

*Continued from previous page.*

counsel has not claimed that the complaints are based on two different accidents. Even if they were, the 2017 Complaint must still be dismissed with prejudice for the reasons identified in the Motion to Enforce.

29276213.3\022765-00213

Third, filing the 2017 Complaint violates state law. *E.g.*, *Limbach v. Oakland Cnty. Bd. of Cnty. Rd. Comm'rs*, 226 Mich. App. 389, 395 (1997) ("This Court has held that a voluntary dismissal with prejudice acts as an adjudication on the merits for res judicata purposes.").

Payton's response that the 2017 Complaint has been assigned a new case number addresses none of these issues.

**B.    Peyton's actions warrant compensatory and punitive sanctions, both of which are within this Court's power to award.**

The City has had to file a large number of "motions to enforce" in its case.[2]

Even motions granted without objection or by stipulation reflect significant costs,

---

[2] *See* Motion to enforce against Helaina Perry and order granting motion (Doc. Nos. 9954, 10032); motion to enforce against the Goodman Acker and Haas & Goldstein Law Firms and order granting in part (Doc. No. 9893, 11091); motion to enforce against Tanya Hughes and order granting in part (Doc. No. 9970, 11090); motion to enforce against B&C Land Development Corporation and order granting motion (Doc. Nos. 10087, 10119); motion to enforce against Antoinette Cunningham and Willie Mae Hall and order granting motion (Doc. Nos. 10177, 10196); motion to enforce against Jerome Collins and order granting motion in part (Doc. Nos. 10182, 11597); motion to enforce against Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton and order granting motion (Doc. Nos. 10710, 10743); motion to enforce against Doretha Mason, Northland Radiology, Inc. and American Anesthesia Associates, LLC and order granting motion (Doc. Nos. 10737, 10768); motion to enforce against Abdul Al-Atabi, Qatar Al-Hachami and Kariem Ford and order granting motion (Doc. Nos. 10775, 10828); motion to enforce against Horizon Imaging, LLC and order granting motion (Doc. Nos. 10846, 11053); motion to enforce against Rodrick Siner and order granting motion (Doc. Nos. 11159, 11296); motion to enforce against Betty Leticia Hamblin and order granting motion (Doc. Nos. 11356, 11416); motion to enforce against Danny Crowell, Leota Murphy, and Jasmine Crowell and order
*Continued on next page.*

as most are filed in response to one or more parties taking legal action against the City in another forum. The fact that most of the City's motions are granted shows that the vast majority of these legal actions should never have been taken.

1. **Sixth Circuit law allows for the award of both compensatory and punitive damages when a creditor willfully violates a bankruptcy court order.**

The Court may award compensatory damages, including attorneys' fees and costs, when a creditor violates a court order or discharge injunction despite having knowledge of it. *Holley v. Oliver, PLLC*, 473 B.R. 212, 215-16 (Bankr. E.D. Mich. 2012). Compensatory sanctions "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *In re Moohaven Dairy LLC*, 461 B.R. 22, 27 (Bankr. E.D. Mich. 2011) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) (internal quotation marks omitted)). All that is necessary to satisfy Due Process is that the party facing sanctions be given advance notice of the purpose of the hearing so that it has a full and fair

---

*Continued from previous page.*

granting motion (Doc. Nos. 11357, 11819); motion to enforce against A.B.E. Associates, Inc. and order granting motion (Doc. Nos. 11439, 11534); motion to enforce against Najib Hodge and order granting motion (Doc. Nos. 11583, 11818); motion to enforce against Unica Insurance Incorporated f/k/a York Fire and Casualty Insurance Company and order granting motion (Doc. Nos. 11792, 11824). This list focuses only on motions to enforce the bar date or plan terms that were granted completely or in large part; it does not include motions settled by stipulation or motions to enforce settlement agreements or other court orders.

29276213.3\022765-00213

opportunity to defend itself. *Edmondson v. Gordon (In re Gordon)*, No. 16-8014 at p. 9 (B.A.P. 6th Cir. May 18, 2017).

For a court to impose compensatory sanctions, it must be shown by clear and convincing evidence that the creditor had knowledge of a definite and specific order yet still violated it. *Holley*, 473 B.R. at 215; *Gordon*, No. 16-8014 at p. 8. An intention to disobey the order is not required. *Gordon*, No. 16-8014 at p. 8. Once a knowing violation of an order by a creditor has been shown, to avoid the imposition of sanctions, the creditor must show that it "took all reasonable steps within [its] power to comply with the court's order." *Holley*, 473 B.R. at 215 (quoting *Glover*, 138 F.3d at 244 (internal quotation marks omitted)).

After *Holley* was decided, the Sixth Circuit confirmed that bankruptcy courts also have the power to order "mild" noncompensatory punitive damages where necessary. *Adell v. John Richards Homes Bldg. Co., L.L.C. (In re Adell v. John Richards Homes Bldg. Co., L.L.C.)*, 552 Fed. Appx. 401, 415 (6th Cir. 2013).[3] The power to impose noncompensatory sanctions arises both from section 105(a) of the Bankruptcy Code and from the court's inherent power to prevent abuse of process. *Id.* at 413-14. Because section 105(a) is "prospective rather retrospective," noncompensatory sanctions are best used to deter improper behavior in the future.

---

[3] *Holley*, which held that bankruptcy courts lacked this power, was decided before the *John Richards Homes Building* opinion was issued. Thus, the *Holley* court did not have the benefit of the Sixth Circuit's view when deciding its case.

*See id.* at 415. That said, the Sixth Circuit, along with the Fifth, Eighth, and Ninth,[4] allows its bankruptcy courts to "award relatively minor noncompensatory fines" on a punitive basis when justice so requires. *Id.*

The procedure to award noncompensatory sanctions is the same as that for an award of compensatory sanctions but for two differences. First, the court must apply the "beyond a reasonable doubt" standard. *Id.* at 416. Second, noncompensatory sanctions are limited in amount. The Sixth Circuit has not stated exactly what the limit is, though it did clarify that "A $5,000 sanction is not considered a serious punitive sanction." *Id.* at 415.

At least one court in this Circuit applied *John Richards Homes Building* to award noncompensatory sanctions when appropriate. The *Biery* court recently examined the state of the law and concluded that punitive damages, in the form of a continuing award of attorneys' fees against a contemnor, was clearly within the court's power. *In re Biery*, 543 B.R. 267, 298-300 (Bankr. E.D. Ky. 2015).

### 2. Payton's willful violation of the Order to Enforce merits sanctions.

Here, Payton knew about the Order to Enforce, having been served with it. *See* Service. The City recently reminded her of the Order to Enforce. *See* Exhibit 6G. Undeterred, Payton continues with her 2017 Complaint.

---

[4] The Third Circuit does also. *Lansaw v. Zokaites (In re Lansaw)*, 853 F.3d 657 (3d Cir. 2017) (upholding punitive damages for willful stay violations).

29276213.3\022765-00213

Payton simply has no excuse for violating the Order to Enforce. Like others before her, she chooses to disregard this Court's orders. This must stop. The City hopes that the Court's granting of this Motion will help creditors understand that there are consequences for blithely disobeying a court order. This, in turn, should reduce the City's need to ask the Court to enforce its orders, saving the City money and the Court time.

The City requests that it recover its costs in having to participate in the state court litigation and to file this Motion. Additionally, the City believes that noncompensatory sanctions, in an amount of two or three times the City's costs, will serve as a deterrent to others.

## IV. Conclusion

Since the Effective Date, the City has been forced to file over a dozen motions to enforce, diverting resources from the City's revitalization to instead fight off creditors who, despite awareness of the City's discharge, refuse to accept that the City's Plan is as binding on them as it is on all the others who play by the rules. It is time to end these abuses. The City respectfully requests that this Court enter an order in substantially the form as the one attached as Exhibit 1, (a) granting the Motion; (b) requiring the Plaintiff to dismiss, or cause to be dismissed, with prejudice the State Court Lawsuit; (c) permanently barring, estopping, and enjoining the Plaintiff from asserting any claims described in the

- 10 -

State Court Lawsuit against the City or property of the City; and (d) awarding compensatory and deterrent sanctions against Plaintiff.

Dated: June 1, 2017

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
Ronald A. Spinner (P73198)
MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
laplante@millercanfield.com
swansonm@millercanfield.com
spinner@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

# SUMMARY OF ATTACHMENTS

The following documents are attached to this Motion, labeled in accordance with Local Rule 9014-1(b).

Exhibit 1     Proposed Form of Order

Exhibit 2     Notice and Opportunity to be Heard

Exhibit 3     None [Brief Not Required]

Exhibit 4     Certificate of Service

Exhibit 5     None [No Affidavits Filed Specific to This Motion]

Exhibit 6A    2015 Complaint

Exhibit 6B    Order to Enforce

Exhibit 6C    Stipulated Dismissal with Prejudice in State Court Action

Exhibit 6D    2017 Complaint

Exhibit 6E    Case Evaluation Summary

Exhibit 6F    Department of Transportation Report

Exhibit 6G    Email to Payton

# EXHIBIT 1 – PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## [PROPOSED] ORDER GRANTING CITY OF DETROIT'S MOTION FOR (I) DETERMINATION THAT COURTNEY D. PAYTON WILLFULLY VIOLATED THIS COURT'S ORDER GRANTING MOTION TO ENFORCE, ENTERED AT DOCKET NUMBER 10743, AND (II) AWARDING COMPENSATORY AND PUNITIVE SANCTIONS

This matter, having come before the court on the *City of Detroit's Motion for (I) Determination that Courtney D. Payton Willfully Violated This Court's Order Granting Motion to Enforce, Entered at Docket Number 10743, and (II) Awarding Compensatory and Punitive Sanctions* ("Motion"), upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT FINDS THAT**, beyond a reasonable doubt, Courtney D. Payton has violated this Court's *Order Granting City of Detroit's Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(C), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof Against Bobby*

*Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton*, filed at Docket

Number 10743 and served upon her as shown at Docket Number 10744

**NOW, THEREFORE, THE COURT ORDERS THAT:**

**1.**     The Motion is granted.

**2.**     Within five days of the entry of this Order, Courtney D. Payton will

dismiss, or cause to be dismissed, with prejudice the City of Detroit from Case No.

17-05922 filed in the Circuit Court for the County of Wayne, Michigan ("State

Court Lawsuit").

**3.**     Courtney D. Payton is permanently barred, estopped, and enjoined

from asserting any claims described in the State Court Lawsuit against the City of

Detroit or property of the City of Detroit, in the State Court Lawsuit or in any other

action or proceeding.

**4.**     The City is directed to file a statement of all costs it has incurred in all

aspects of defending against the State Court Lawsuit, including but not limited to

(a) attorneys' fees billed to the City for defense of the State Court Lawsuit and in

preparing and filing the City's Motion and (b) costs incurred by City due to the

necessity of devoting the time of City-employed attorneys to these matters ("Bill of

Costs").

**5.** Courtney D. Payton, the Mike Morse Law Firm, and Donald J. Cummings will be held jointly and severally liable to the City for compensatory damages in the amount stated in the Bill of Costs.

**6.** In addition to the amount stated in the previous paragraph, Courtney D. Payton, the Mike Morse Law Firm, and Donald J. Cummings will be held jointly and severally liable to the City for noncompensatory damages in an amount that equals twice the amount stated in the Bill of Costs.

**7.** If the State Court Lawsuit is not timely dismissed as provided in this Order, the City may apply to this Court for additional sanctions.

**8.** The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

# EXHIBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OPPORTUNITY TO RESPOND TO CITY OF DETROIT'S MOTION FOR (I) DETERMINATION THAT COURTNEY D. PAYTON WILLFULLY VIOLATED THIS COURT'S ORDER GRANTING MOTION TO ENFORCE, ENTERED AT DOCKET NUMBER 10743, AND (II) AWARDING COMPENSATORY AND PUNITIVE SANCTIONS**

The City has filed its *City of Detroit's Motion for (I) Determination that Courtney D. Payton Willfully Violated This Court's Order Granting Motion to Enforce, Entered at Docket Number 10743, and (II) Awarding Compensatory and Punitive Sanctions* (the "Motion"). **Your rights may be affected. You should read these papers carefully and discuss them with your attorney.** If you do not want the Court to enter an Order granting the Motion, **by June 15, 2017, or such other date as the Court may set**, you or your attorney must:

1. File with the court a written response or an answer explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above.  You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2.   If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated:  June 1, 2017

## EXHIBIT 3 – NONE

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 1, 2017, he served the *City of Detroit's Motion for (I) Determination that Courtney D. Payton Willfully Violated This Court's Order Granting Motion to Enforce, Entered at Docket Number 10743, and (II) Awarding Compensatory and Punitive Sanctions* upon the individual listed below via first class mail and email.

Marc J. Mendelson
Donald J. Cummings
MIKE MORSE LAW FIRM
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-1816
marc@855mikewins.com
don@855mikewins.com
jtremblay@855mikewins.com

DATED: June 1, 2017          By: /s/ Marc N. Swanson
                                 Marc N. Swanson
                                 150 West Jefferson, Suite 2500
                                 Detroit, Michigan 48226
                                 Telephone: (313) 496-7591
                                 Facsimile: (313) 496-8451
                                 swansonm@millercanfield.com

**EXHIBIT 5 – NONE**

**Exhibit 6A –  2015 Complaint**

| STATE OF MICHIGAN<br>·THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND<br>RETURN OF SERVICE | CASE NO.<br>15-000962-NF |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-4679

| THIS CASE IS ASSIGNED TO JUDGE | Annette J. Berry | Bar Number: 42275 |
|---|---|---|

| Plaintiff<br><br>PAYTON, COURTNEY D. | v | Defendant<br><br>CITY OF DETROIT |
|---|---|---|
| Plaintiff's Attorney<br><br>Ernest F. Friedman, P-26642<br>24567 Northwestern Hwy Fl 5<br>Southfield, MI 48075-2421 | | Defendant's Attorney<br><br>RECEIVED<br>FEB 03 2015<br>CITY OF DETROIT<br>LAW DEPARTMENT |

| CASE FILING FEE | | JURY FEE | |
|---|---|---|---|
| X | Case Filing Fee - $150.00 | ☐ Jury Fee - $85.00 | |

| ISSUED | THIS SUMMONS EXPIRES | DEPUTY COUNTY CLERK |
|---|---|---|
| 1/23/2015 | 4/24/2015 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date.

CATHY M. GARRETT - WAYNE COUNTY CLERK

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.

2. YOU HAVE 21 DAYS after receiving this summons to file an answer with the court and serve a copy on the other party or take other lawful action (28 days if you were served by mail or you were served outside this state).

3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

X    There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

__    A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

__    There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

__    An action within the jurisdiction of the family division of circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The docket number and assigned judge of the civil/domestic relations action are:

| Docket No. | Judge | Bar No. |
|---|---|---|
| | | |

The action   ☐ remains   ☐ is no longer   pending.

I declare that the complaint information above and attached is true to the best of my information, knowledge, and belief.

| January 23, 2015 | /s/ERNEST F. FRIEDMAN |
|---|---|
| Date | Signature of attorney/plaintiff   ERNEST F. FRIEDMAN (P26642) |

**COMPLAINT IS STATED ON ATTACHED PAGES. EXHIBITS ARE ATTACHED IF REQUIRED BY COURT RULE.**
If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you to fully participate in court proceedings, please contact the court immediately to make arrangements.

RECEIVED
FEB 03 2015
CITY OF DETROIT
LAW DEPARTMENT

MC 01-3CC (09/2008) SUMMONS AND RETURN OF SERVICE

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

COURTNEY D. PAYTON,

      Plaintiff,

vs.

CITY OF DETROIT,

      Defendant.

Case No. 15-    -NF
Hon.

15-000962-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
1/23/2015 10:17:52 AM
CATHY M. GARRETT

ERNEST F. FRIEDMAN (P26642)
Attorney for Plaintiff
24567 Northwestern Highway #500
Southfield, MI 48075
(248) 350-9440 ~ (248) 469-4365 (FAX)

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge.

# PLAINTIFF'S COMPLAINT

NOW COMES Plaintiff COURTNEY D. PAYTON, by and through her attorney, Ernest F. Friedman, and complaining against Defendant, states as follows:

## GENERAL ALLEGATIONS

1.      That Plaintiff is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.      That Defendant is a municipal corporation licensed to do business in the State of Michigan and has offices handling claims in the City of Detroit, County of Wayne, State of Michigan.

1

3.     That the amount in controversy exceeds Twenty-Five Thousand Dollars ($25,000.00), and that jurisdiction and venue are otherwise proper in this matter.

### COUNT I - COMPLAINT FOR PIP BENEFITS

4.     That, on the date of accident herein, Plaintiff did not have auto insurance, nor did she reside with any relative who had auto insurance; the priority rules dictate that Defendant is responsible for coverage.

5.     That included in the No-Fault Act is the right to recover from Defendant and to obtain reimbursement for all medical expenses incurred, loss of wages, attendant care and replacement services as a result of any automobile accident resulting in injuries to the insured, as prescribed by the terms of the insurance policy.

6.     That the No-Fault Act provides that, if Plaintiff submits reasonable proofs of losses, the Defendant will pay the Plaintiff for medical expenses, loss of wages, attendant care or replacement services under the appropriate personal injury protection benefits and that person would be paid promptly (within 30 days after giving notice and proof) and would not have to retain an attorney to obtain those benefits due and owing by Defendant.

7.     That, on April 4, 2004, Plaintiff was injured as a result of an automobile accident in the City of Detroit, Michigan, under circumstances as to make Defendant responsible for all medical expenses reasonably incurred, loss of wages, attendant care and replacement services as aforementioned.

8.     That Defendant has refused and neglected to make proper payment in accordance with Public Act 294 of Michigan No-Fault Legislation.

2

9. That Defendant owes to Plaintiff all medical bills reasonably incurred as well as loss of wages, attendant care and replacement services, but that the Defendant has wrongfully refused and neglected to pay the same.

WHEREFORE, Plaintiff COURTNEY D. PAYTON prays for a judgment in an amount to fairly and adequately compensate the Plaintiff for the amounts due and owing under the insurance policy with Defendant, CITY OF DETROIT, plus actual attorney fees and interest at one percent (1%) per month as provided by Public Act 294, Michigan No Fault Legislation, and Court costs and award damages in the sum greater than Twenty-Five Thousand Dollars ($25,000.00).

## COUNT II - BREACH OF CONTRACT

10. Plaintiff herein repeats and re-alleges each and every paragraph contained in Paragraphs 1 through 9 of this Complaint as if set forth fully herein.

11. That, pursuant to the policy of insurance, there existed uninsured motorist coverage.

12. The individual involved in the accident with Plaintiff was uninsured as set forth within the policy terms.

13. Demand has been made for payment under the terms of policy and Defendant has not made payment as required.

14. That Defendant is in breach of the contract.

WHEREFORE, Plaintiff prays for a judgment in an amount to fairly and adequately compensate the Plaintiff for the amounts due and owing under the insurance policy with Defendant CITY OF DETROIT, plus actual attorney fees and interest at one percent (1%) per month as provided by Public Act 294, Michigan No Fault Legislation, and Court costs and award damages in the sum greater than Twenty-Five Thousand Dollars ($25,000.00).

3

## COUNT III - DECLARATORY ACTION

14.    Plaintiff herein repeats and re-alleges each and every paragraph contained in Paragraphs 1 through 13 of this Complaint as if set forth fully herein.

15.    That Plaintiff respectfully requests that this Honorable Court issue a Declaratory Judgment, ordering Defendant to pay uninsured motorist benefits.

16.    That Plaintiff further requests that this Honorable Court issue a Declaratory Judgment ordering Defendant to Arbitrate Plaintiff's uninsured motorist claim.

WHEREFORE, Plaintiff prays for a judgment in an amount to fairly and adequately compensate the Plaintiff for the amounts due and owing under the insurance policy with Defendant, CITY OF DETROIT , plus actual attorney fees and interest at one percent (1%) per month as provided by Public Act 294, Michigan No-Fault Legislation, and Court costs and COURTNEY D. PAYTON, prays that this Honorable Court issue a Declaratory Judgment, ordering Defendant, CITY OF DETROIT, to pay uninsured motorist benefits and ordering Defendant to Arbitrate Plaintiff's uninsured motorist claim.

Respectfully submitted,

LAW OFFICE OF ERNEST FRIEDMAN

BY: /s/ERNEST F. FRIEDMAN
ERNEST F. FRIEDMAN (P26642)
Attorney for Plaintiff
24567 Northwestern Highway #500
Southfield, MI  48075
(248) 350-9440 ~ (248) 469-4365 (FAX)

DATED:   January 23, 2015

4

**<u>Exhibit 6B – Order to Enforce</u>**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

### ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST BOBBY WATSON, GODFREY WALTERS, NADINE STALEY AND COURTNEY D. PAYTON

This case is before the Court on the Motion to Enforce Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton (Docket # 10710, the "Motion")[1], upon proper notice, and no timely response having been filed to the Motion, and there being good cause to enter this Order,

**IT IS ORDERED THAT:**

1.     The Motion is granted.

2.     No later than February 3, 2016:

(a)     Nadine Staley must dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Nadine Staley, Plaintiff, v. City of Detroit, Defendant*, filed in the Wayne County Circuit Court and assigned Case No. 15-013025.

(b)     Courtney D. Payton must dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Courtney D. Payton, Plaintiff, v. City of Detroit, Defendant*, filed in the Wayne County Circuit Court and assigned Case No. 15-000962.

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Motion.

(c)     Godfrey Walters must dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Godfrey Walters, Plaintiff, vs. John Doe Driver, and City of Detroit, Defendants*, filed in the Wayne County Circuit Court and assigned Case No. 15-013571.

(d)     Bobby Watson must dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Bobby Watson, Plaintiff, vs. City of Detroit, and John Doe*, filed in Wayne County Circuit Court and assigned Case No. 15-009009.

3.     Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton are permanently barred, estopped and enjoined from asserting the claims arising from or related to their State Court Actions against the City of Detroit or property of the City of Detroit.

4.     Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton are prohibited from sharing in any distribution in this bankruptcy case.

5.     The Court will retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

6.     The City must immediately serve a copy of this Order upon Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton, and then file proof of such service.

.

**Signed on January 29, 2016**

                 _____/s/ **Thomas J. Tucker**_____
                    **Thomas J. Tucker**
                    **United States Bankruptcy Judge**

**Exhibit 6C – Stipulated Dismissal with Prejudice in State Court Action**

**STATE OF MICHIGAN**
**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

COURTNEY D. PAYTON,

                    Plaintiff,

  -vs-

CITY OF DETROIT,

                    Defendant.

Case No. 15-000962-NF
HON. ANNETTE J. BERRY

ERNEST F. FRIEDMAN (P26642)
LAW OFFICE OF ERNEST FRIEDMAN
Attorneys for Plaintiff
24567 Northwestern Hwy., Suite 500
Southfield, MI 48075
(248) 350-9440

GRANT J. HA, P53403
CITY OF DETROIT LAW DEPARTMENT
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313)237-5039

15-000962-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
2/8/2016 11:58:58 AM
CATHY M. GARRETT

/s/ Cheryl Bascomb

**STIPULATED ORDER OF DISMISSAL WITH PREJUDICE**

At a session of said Court, held in the City County
Building, City of Detroit, County of Wayne, State
of Michigan on: _____2/8/2016_____.

              Annette J. Berry
PRESENT: _____
              HON. ANNETTE J. BERRY
              CIRCUIT COURT JUDGE

Upon the reading of this above Stipulated Order of Dismissal with Prejudice, and the court being

fully advised in the premises;

     **IT IS HEREBY ORDERED** that the above-entitled cause be dismissed with prejudice.

     This order resolves the last pending claim and closes the case.

                            /s/ Annette J. Berry

                          _____
                          HON. ANNETTE J. BERRY
                          CIRCUIT COURT JUDGE

The parties hereby agree as to form and substance.

*/s/Ernest F. Friedman*
ERNEST F. FRIEDMAN (P26642)
Attorney for Plaintiff

*/s/Grant Ha*
GRANT HA (P53403)
Attorney for Defendant

# Exhibit 6D – 2017 Complaint

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO.<br>17-005922-NF<br>Hon. Annette J. Berry |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-4679

| Plaintiff | | Defendant |
|---|---|---|
| Payton, Courtney | v | City of Detroit |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Donald John Cummings, P-70969<br>24901 Northwestern Hwy Ste 700<br>Southfield, MI 48075-2210 | |

RECEIVED
MAY 18 2017
CITY OF DETROIT
LAW DEPARTMENT

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 4/18/2017 | 7/18/2017 | File & Serve Tyler |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☒ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☒ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| 15-000962-NF | Annette J. Berry | 42275 |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Detroit, Wayne County, Michigan | Detroit, Wayne County, Michigan |

| Place where action arose or business conducted |
|---|
| State of Michigan |

5/2/17

Date                    Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (5/15) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

JP

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

COURTNEY PAYTON,

Case No: 17          NF

Plaintiff,

Hon.

v.

CITY OF DETROIT,

Defendant.

_____/

**Marc J. Mendelson P-52798**
**Donald J. Cummings P-70969**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l816
(248) 350-9050
don@855mikewins.com;
jtremblay@855mikewins.com

_____/

17-005922-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/18/2017 1:18:43 PM
CATHY M. GARRETT

## **COMPLAINT AND JURY DEMAND**

A civil action between these parties or other parties arising out of the transaction or
occurrence alleged in the Complaint was previously filed in the Wayne County Circuit
Court, where it was given docket number 15-000962-NF, and was assigned to Hon.
Annette J. Berry P-42275. This action is no longer pending.

*/s/ Donald J. Cummings*

_____

Marc J. Mendelson P-52798
Donald J. Cummings P-70969

NOW COMES Plaintiff, Courtney Payton, by and through his attorneys, Mike Morse Law Firm,

and for his complaint against the above named Defendant, City of Detroit, states the following:

## COMMON ALLEGATIONS

1.      Plaintiff, Courtney Payton, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.      Defendant, City of Detroit, is a self-insured municipal corporation, organized and existing in accordance with Michigan law, with its principal place of business in the County of Wayne, State of Michigan.

3.      The amount in controversy is in excess of $25,000.00 and is otherwise in the jurisdiction of this Honorable Court.

## COUNT I
## CLAIM FOR FIRST PARTY BENEFITS AS TO DEFENDANT, CITY OF DETROIT

4.      That Plaintiff hereby adopts and incorporates by reference each and every allegation contained in paragraphs 1 through 3 of this Complaint as if more specifically set forth herein word for word and paragraph by paragraph.

5.      Prior to and including June 8, 2004, Defendant, City of Detroit, issued a policy of no-fault insurance, which policy continued in effect during all times relevant and pertinent to the issues for this Court. Claim Number CDMI-002A63 was assigned by Defendant and Plaintiff is entitled to benefits under this policy.

6.      On June 8, 2004, Plaintiff was involved in a motor vehicle collision which took place in the State of Michigan. The collision caused him accidental bodily injuries within the meaning of Defendant's policy and the statutory provision of MCL 500.3105.

7.      As a result of the collision, Plaintiff has incurred:

      a.      Reasonable and necessary expenses for care, recovery, or rehabilitation,

- 2 -

pursuant to MCL 500.3107(1)(a);

b.   Reasonable and necessary replacement services pursuant to MCL 500.3107(1)(c); and

c.   Other personal protection benefits in accordance with the applicable no-fault provisions.

8.   Reasonable proof for full payment of all personal protection insurance benefits has been or will be supplied, but Defendant has refused to pay or is expected to refuse to pay in the future.

9.   Defendant has unreasonably refused to pay or has unreasonably delayed making proper payments to Plaintiff contrary to MCL 500.3142 and .3148 and continues to do so.

10.   Defendant has wrongfully withheld payment of allowable expenses forcing Plaintiff to incur other expenses connected with the subject matter of this action, all of which expenses have been needlessly placed upon Plaintiff by the wrongful actions of Defendant. As such, Plaintiff is entitled to obtain from Defendant interest, costs and a reasonable attorney fee pursuant to the provisions of the no-fault statute.

11.   That in the event it should be determined that Plaintiff was suffering from any pre-existing conditions on the day and date of the incidents set forth in this Complaint, then, and in such event, it is averred that the aforementioned accident exacerbated, precipitated and aggravated any such pre-existing conditions, and Defendant is responsible for all no-fault benefits arising there from.

12.   Defendant has had sufficient information to pay all claims, and did not do so within the statutory 30 day time period, set forth under the Michigan No-Fault Act. Therefore, Plaintiff is entitled to attorney fees, costs and interest due to this breach. Plaintiff only seeks no-fault benefits that are past due and presently owed, and this Complaint does not seek future no-fault benefits.

- 3 -

WHEREFORE, Plaintiff, Courtney Payton, seeks judgment against Defendant, City of Detroit, in an amount in excess of $25,000.00 that is fair, just and reasonable, and which sums include all past-due and presently-owed No-Fault benefits together with interest, costs and no-fault attorney fees. This Complaint does not seek future no-fault benefits past the date that this lawsuit resolves by settlement or trial.

## JURY DEMAND

Plaintiff, Courtney Payton, by and through his attorneys, Mike Morse Law Firm, hereby respectfully demands a trial by jury on all issues in this cause of action.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

*/s/ Donald J. Cummings*

Marc J. Mendelson P-52798
Donald J. Cummings P-70969
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated: April 18, 2017

- 4 -

# Exhibit 6E – Case Evaluation Summary

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

COURTNEY D. PAYTON,

Case No. 15-000962-NF
Hon. Annette J. Berry

Plaintiff,

vs.

CITY OF DETROIT,

Defendant.

**PROOF OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing instrument was served upon all parties hereto, through the respective attorney(s) business address(es) as disclosed by the pleadings of record herein, on the 2nd day of February, 2016, via:

| ___ U.S. Mail | ___ Hand Delivery | X Email |
| ___ Facsimile | ___ Overnight Mail | ___ Odyssey E-File |
| | | E-Service |

Robert R. Goty Jr.

Signature

---

**ERNEST F. FRIEDMAN (P26642)**
Attorney for Plaintiff
24567 Northwestern Highway #500
Southfield, MI 48075
(248) 350-9440 ~ (248) 469-4365 (tel/fax)

**GRANT J. HA (P53403)**
Attorney for Defendant
Two Woodward Avenue #500
Detroit, MI 48226
(313) 237-5039 ~ (313) 224-5505 (tel/fax)

---

## PLAINTIFF'S CASE EVALUATION SUMMARY

*Date/Time of Hearing:    Wednesday, February 17, 2016  at  2:30 p.m.*

### I.

### STATEMENT OF FACTS

This is a first party cause of action against Defendant City of Detroit for an accident on a city bus on June 8, 2004 when Mr. Payton was a backseat passenger and the city bus driver was speeding on Woodward Avenue in the City of Detroit trying to beat a red light.   As the light changed red, the driver slammed on his brakes veering to the right and crashing into a parked car parked on the side of the road which was then thrown onto the sidewalk from the impact of the speeding bus.

**<u>Exhibit 6F – Department of Transportation Report</u>**



# CITY OF DETROIT
## DEPARTMENT OF TRANSPORTATION
### TRANSPORTATION OPERATIONS DIVISION

# SERVICE INSPECTOR ACCIDENT REPORT



OPERATOR NAME _Charles Bowers_  BADGE _1654_  DATE _6 , 8 , 08_

COACH _3605_  RUN _82_  LINE _25_  LOCATION _Woodward + Michigan_

---

**WHAT DRIVERS WERE DOING**

Vehicle                                           Coach

| 1 | 2 | 3 | | |
|---|---|---|---|---|
| ☒ | ☐ | ☐ | Making Right Turn | ☒ |
| ☐ | ☐ | ☐ | Making Left Turn | ☐ |
| ☐ | ☐ | ☐ | Making U-Turn | ☐ |
| ☐ | ☐ | ☐ | Going Straight Ahead | ☐ |
| ☐ | ☐ | ☐ | Slowing Down or Stopping | ☐ |
| ☐ | ☐ | ☐ | Leaving Curb | ☐ |
| ☐ | ☐ | ☐ | Stopped for Traffic | ☐ |
| ☐ | ☐ | ☐ | Parked | ☐ |
| ☐ | ☐ | ☐ | Backing | ☐ |
| ☐ | ☐ | ☐ | Other_____ | ☐ |

Point of Impact Other Vehicle

Damage to Other Property _Entire Left Side_

Indicate North by Arrow ◯

_Shepard_
SERVICE INSPECTOR'S SIGNATURE

---

(intersection diagram with streets labeled "coach", "bus", "Michigan")

---

## TRAFFIC CONTROL

| | | | |
|---|---|---|---|
| ☒ SIGNAL LIGHT | | ☐ OPEN INTERSECTION | |
| ☐ STOP SIGN | | ☐ NONE | |
| ☐ RAILROAD LIGHTS | | ☐ OTHER_____ | |



658042

# CITY OF DETROIT
# DEPARTMENT OF TRANSPORTATION
## TRANSPORTATION SERVICE INSPECTOR
### Accident Report



| rator Name | Chanks Bowers | Badge 1654 | Sex ☒M ☐F | Terminal Shoe | Day Tue | Date 6/18/04 | Time 910 ☒am ☐pm |
|---|---|---|---|---|---|---|---|

| ch | Run | Line | Location |
|---|---|---|---|
| 505 | 62 | 25 | Woodward + Michigan |

| WEATHER | LIGHT CONDITIONS | ROAD SURFACE | TOTAL LANES | DIRECTION OF COACH | DIRECTION OF AUTO |
|---|---|---|---|---|---|
| ☒ Clear<br>☐ Cloudy<br>☐ Rain<br>☐ Snow<br>☐ Fog | ☒ Day<br>☐ Night<br>☐ Dusk/Dawn<br>☐ Street Lights<br>☐ Other ___ | ☒ Dry<br>☐ Wet<br>☐ Snow<br>☐ Icy<br>☐ Other ___ | 2 | ☒ North ☐ East<br>☐ South ☐ West<br><br>TYPE OF ACCIDENT<br>☐ Boarding<br>☐ Alighting<br>☒ Collision | ☒ North ☐ East<br>☐ South ☐ West<br><br>OPERATOR PULLED<br>☒ Yes ☐ No<br>CLINIC ☒Yes ☐No |

| | STATE D.C | Date of Birth | Driver Name Jay Emerson Gazlay |
|---|---|---|---|

| Address | | City or County | State | Zip | Phone |
|---|---|---|---|---|---|
| | Owner of Car Briget Rohn | Address | | City | State | Zip |

| Driver License | | State | Date of Birth | Driver Name |
|---|---|---|---|---|
| Address | | | | City or County | State | Zip | Phone ( ) |
| License Plate | Owner of Car | | | Address | | City | State | Zip |

| Driver License | | State | Date of Birth | Driver Name |
|---|---|---|---|---|
| Address | | | | City or County | State | Zip | Phone ( ) |
| License Plate | Owner of Car | | | Address | | City | State | Zip |

| No. of Passengers in Auto | 1 | No. Passengers Injured in Auto | 0 | No. of Passengers on Coach | 15 |
|---|---|---|---|---|---|
| | | No. of Passengers Injured on Coach | 1 | No. of Pictures Taken | 10 |
| Sex M☒ F☐ Age 22 | | Total No. Injured Auto/Coach | 1 | Was Blue Card Signed ☐Yes ☒No | |
| | | Was Auto Insured ☒Yes ☐No | Company State Farm | | |

| Police on Scene: Badge No. 5161 | Car No. 7X-A | EMS No. Medic 3 | Hospital Detroit Receiving | Total Conveyed 1 |
|---|---|---|---|---|

| Witness Information (use back if necessary) | Number of Witnesses 0 | Information Of Injured (use back if necessary) |
|---|---|---|

| Name | | Name Courtney Payton |
|---|---|---|
| Address | Phone | Address | Phone |
| Name | | Alleged Injury |
| Address | Phone | Name |
| Name | | Address | Phone |
| Address | Phone | Alleged Injury |

Time Notified __912 Am__  Time Arrived __920 Am__

| Call by Radio ☐ Yes ☒ No | EXHIBIT 2 |
|---|---|
| Superintendent Action: | WIT: Bowers<br>DATE: 10-10-05<br>SABINA SMITH CSR |

Accident Description and Remarks: Operator C. Bowers, Badge 1654, working

25/02 with Coach 3605 was turning into a merging

curve on WB N/A at MN when a Blue 1997 Chevrolet

Cavalier came in between the Coach and curb

causing the Coach to make contact with the entire

Left Side of Auto. Major damage to Auto and

moderate damage to the Coach. No injuries in Auto,

One injury on Coach, Courtney Payton Address

_____, Phone _____, Passenger

On Coach was conveyed by Medic #3 to Detroit

Receiving. Operator pulled and taken to Concentra

for D+A Testing. Cleared at 10:40 A.M.

---

Indicate North by Arrow

↑

Point of Impact Other Vehicle
Damage to Other Property _____
Entire Left Side.



Coach 3605
Woodward
Michigan

TRAFFIC CONTROL

nal Light ☐ Open Intersection
p Sign ☐ None
lroad Lights ☐ Other

## WHAT DRIVERS WERE DOING

| | Vehicle 1 | 2 | 3 | | Coach |
|---|---|---|---|---|---|
| Making Right Turn | ☒ | ☐ | ☐ | | ☒ |
| Making Left Turn | ☐ | ☐ | ☐ | | ☐ |
| Making U Turn | ☐ | ☐ | ☐ | | ☐ |
| Going Straight Ahead | ☐ | ☐ | ☐ | | ☐ |
| Slowing Down or Stopping | ☐ | ☐ | ☐ | | ☐ |
| Leaving Curb | ☐ | ☐ | ☐ | | ☐ |
| Stopped for Traffic | ☐ | ☐ | ☐ | | ☐ |
| Parked | ☐ | ☐ | ☐ | | ☐ |
| Backing | ☐ | ☐ | ☐ | | ☐ |
| Other | ☐ | ☐ | ☐ | | ☐ |

**CITY OF DETROIT**
**DEPARTMENT OF TRANSPORTATION**
1301 E. Warren Ave., Detroit, Michigan 48207
**LEGAL DIVISION OFFICE** (313) 224-1350

68214

## MICHIGAN MOTOR VEHICLE NO-FAULT INSURANCE LAW — ATTENDING PHYSICIAN'S REPORT

| DATE | OUR POLICYHOLDER | DATE OF ACCIDENT |
|---|---|---|
| 10/11/04 | DOT | 6/8/04 |

TO ASSIST US IN DETERMINING BENEFITS DUE UNDER THE MICHIGAN MOTOR VEHICLE NO-FAULT INSURANCE LAW, THE ATTENDING PHYSICIAN MUST COMPLETE THIS REPORT. YOU ARE REQUIRED TO PROVIDE THIS INFORMATION IN ACCORDANCE WITH THE MICHIGAN MOTOR VEHICLE NO-FAULT INSURANCE LAW, PA 294 OF THE PUBLIC ACTS OF 1972.

MEDICAL RECORDS DEPARTMENT
DETROIT RECEIVING HOSPITAL
4201 ST. ANTOINE
DETROIT, MI 48201

DOB:

1. PATIENT'S NAME AND ADDRESS
COURTNEY PAYTON,      SSN:

2. AGE   3. SEX   4. OCCUPATION (IF KNOWN)

5. HISTORY OF OCCURRENCE AS DESCRIBED BY PATIENT

6. DIAGNOSIS AND CONCURRENT CONDITIONS *

7. WHEN DID SYMPTOMS FIRST APPEAR   DATE:

8. WHEN DID PATIENT FIRST CONSULT YOU FOR THIS CONDITION?   DATE:

9. HAS PATIENT EVER HAD SAME OR SIMILAR CONDITION?
YES ☐ NO ☐   IF "YES" STATE WHEN AND DESCRIBE *

10. IS CONDITION SOLELY A RESULT OF THIS ACCIDENT?
YES ☐ NO ☐   IF "NO", EXPLAIN *

11. IS CONDITION DUE TO INJURY OR SICKNESS ARISING OUT OF PATIENT'S EMPLOYMENT?
YES ☐ NO ☐

12. WILL INJURY RESULT IN PERMANENT DISFIGUREMENT OR PERMANENT DISABILITY?
YES ☐ NO ☐   IF "YES", DESCRIBE

13. PATIENT WAS DISABLED (UNABLE TO WORK)   FROM:   THROUGH:

14. IF STILL DISABLED THE PATIENT SHOULD BE ABLE TO RETURN TO WORK ON: DATE:

15. IF PATIENT WAS HOSPITALIZED, NAME OF HOSPITAL:   PERIOD OF HOSPITALIZATION FROM   TO

16. REPORT OF SERVICES AND ATTACH ITEMIZED BILL

| DATE OF SERVICE | PLACE OF SERVICE | DESCRIPTION OF SURGICAL OR MEDICAL SERVICE RENDERED | CHARGES |
|---|---|---|---|
| | | | $ |
| | | | $ |
| | | | $ |
| | | TOTAL CHARGE TO DATE | $ |

17. IS PATIENT STILL UNDER YOUR CARE FOR THIS CONDITION?
YES ☐ NO ☐

DATE   PHYSICIAN'S NAME (PRINT)   PHYSICIAN'S SIGNATURE   IRS/TIN IDENTIFICATION NO.

NO.   STREET   CITY OR TOWN   STATE   ZIP CODE

* USE REVERSE SIDE IF ADDITIONAL SPACE IS NEEDED

**Exhibit 6G – Email to Payton**

**Swanson, Marc N.**

| | |
|---|---|
| **From:** | Grant Ha <haG@detroitmi.gov> |
| **Sent:** | Wednesday, May 31, 2017 11:59 AM |
| **To:** | don@855mikewins.com |
| **Cc:** | Swanson, Marc N. |
| **Subject:** | RE: Payton:  Motion for Summary Disposition Concurrence |

Don,
Look at paragraph 3 of the order.  Judge Tucker's order was not just for Case No. 15-000962, it was for any and all claims arising from or related to the State Court Action against the City.  Just filing a new lawsuit does not get around his order.

Again, please voluntarily dismiss your suit.  If you will not, I will have our bankruptcy attorney file the appropriate motion and ask for sanctions.


Grant Ha

Supervising Assistant Corporation Counsel

City of Detroit Law Department

313-237-5039

>>> Don Cummings <don@855mikewins.com> 5/31/2017 11:18 AM >>>
Grant:

I looked over everything.  The case listed in that order is a different case number than our case.  Why do you believe our case is barred?  Do you have any docs related to that?  Thanks.

Don

**From:** Grant Ha [mailto:haG@detroitmi.gov]
**Sent:** Tuesday, May 30, 2017 10:41 AM
**To:** Don Cummings <don@855mikewins.com>
**Cc:** swansonm@MillerCanfield.com
**Subject:** Payton: Motion for Summary Disposition Concurrence

Don,
Please see the order from the US Bankruptcy Court permanently which permanently barred, estopped, and enjoined Mr. Payton to pursue State Court Actions against the City.

Please let me know if you will voluntarily withdraw your complaint by end of business on Thursday; otherwise, we will have to pursue motions in the US Bankruptcy Court and the Circuit Court for sanctions, costs, and attorney fees.

Thanks, Grant