UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                Case No. 13-53846

CITY OF DETROIT, MICHIGAN,                            Chapter 9

          Debtor.                                    Judge Thomas J. Tucker
_____/

**OPINION AND ORDER SUSTAINING THE CITY OF DETROIT'S OBJECTIONS
TO THE CLAIMS OF "EMPLOYEE OBLIGATION CLAIMANTS"**

This case came before the Court for hearings, beginning with a hearing held on June 15, 2016, regarding numerous objections to claims filed by the City of Detroit. The claims relevant to this Opinion and Order include the claims of numerous specific individuals (the "Adjourned Claims"), the hearings on which were adjourned to June 15, 2016 by previous orders of the Court (Docket ## 10941, 11035, 11054, the "Adjournment Orders"). The names of the claimants involved are listed in the Court's Adjournment Orders. The City's objections to these Adjourned Claims are contained in the following numbered omnibus claim objections filed by the City:

1. Debtor's Twentieth Omnibus Objections to Certain Claims (Docket # 10776)

2. Debtor's Twenty-Third Omnibus Objections to Certain Claims (Docket # 10779)

3. Debtor's Twenty-Fifth Omnibus Objections to Certain Claims (Docket # 10781)

4. Debtor's Twenty-Eighth Omnibus Objections to Certain Claims (Docket # 10784)

5. Debtor's Twenty-Ninth Omnibus Objections to Certain Claims (Docket # 10785)

6. Debtor's Thirtieth Omnibus Objections to Certain Claims (Docket # 10786)

7. Debtor's Thirty-First Omnibus Objections to Certain Claims (Docket # 10787)

8. Debtor's Thirty-Second Omnibus Objections to Certain Claims (Docket # 10788)

9. Debtor's Thirty-Third Omnibus Objections to Certain Claims (Docket # 10789)

10. Debtor's Thirty-Fourth Omnibus Objections to Certain Claims (Docket # 10790)

11. Debtor's Thirty-Sixth Omnibus Objections to Certain Claims (Docket # 10811)

12. Debtor's Thirty-Seventh Omnibus Objections to Certain Claims (Docket # 10812)

(These claim objections are collectively referred to in this Opinion and Order below as the

"City's Omnibus Claim Objections").

Confirming certain action taken during the June 15, 2016 hearing, and for reasons stated

by the Court on the record during the hearing, the Court entered an Order on June 16, 2016

(Docket # 11293, the "June 16 Order"), stating that with respect to the Adjourned Claims, the

City's Omnibus Claim Objections were then submitted for decision by the Court.  The June 16

Order also stated that:

> The Court intends to issue a written ruling after the Court learns
> whether or not the pending proposed settlement is finalized of the
> City's objections to the omnibus claims filed by the American
> Federation of State and County Municipal Employees and the
> Detroit Coalition of Unions.

(June 16 Order at 2.)

Certain additional claims were added to the list of claims to be treated in the same way as

the Adjourned Claims, in two other orders entered by the Court on June 16, 2016 (Docket

## 11291, 11292).  These concerned certain claims covered by the City's Forty-Fourth and Forty-

Fifth Omnibus Objections to Claims (Docket ## 11162, 11163).  Another claim (that of Renee

Tillman, Claim number 2482, whose claim was objected to as part of the City's Forty-Fifth

Omnibus Objections) was added to the list by the Court's Order filed June 20, 2016 (Docket

# 11301 at ¶ 2).  Another claim (that of Stephanie Crews, Claim number 3072) was added to the

list by the Court's Order filed September 9, 2016 (Docket # 11536 at ¶ 6).  Additional claims

were added to the list by the Court's Order filed June 24, 2016 (Docket # 11316 at ¶ 2.)

All of these unresolved claims fall under the label of claims of "Employee Obligation

Claimants," as that term is used in the City's Supplemental Brief filed on April 21, 2016 (Docket # 11102). This Opinion and Order will refer to these claims in the same way, below. This Opinion and Order constitutes the Court's written ruling regarding the City's objections to these unresolved claims.

For reasons the Court explained in detail during the June 15, 2016 hearing, and as reflected in the Court's June 16 Order quoted above, the Court deferred ruling on the City's objections to the claims of the Employee Obligation Claimants, until the settlement was finalized "of the City's objections to the omnibus claims filed by the American Federation of State and County Municipal Employees and the Detroit Coalition of Unions." That settlement was finalized in January 2017, as reflected by the Court's Order filed on January 9, 2017, entitled "Order Approving Stipulation Allowing Claims of AFSCME Council 25 and its Affiliated Detroit Locals (Claim Number 2958) and the Coalition of Detroit Unions (Claim Number 2851) as Class 14 Other Unsecured Claims in Reduced Amounts" (Docket # 11754, the "January 9 Settlement Order").

To facilitate the Court's consideration and preparation of this written ruling, and to help make sure the Court has a single, up to date list of all unresolved claims of such Employee Obligation Claimants, the Court entered an Order on April 14, 2017 (Docket # 11849), requiring the City to file such a list. The City timely filed such list, on April 28, 2017 (Docket # 11854). A copy of that list is attached as Exhibit 1 to this Opinion and Order.

The Court has considered all the written arguments and other papers filed by the City and by the Employee Obligation Claimants, and the oral arguments of these parties. The Court finds and concludes as follows.

The City's objections to the claims of the Employee Obligation Claimants are well-taken,

and must be sustained.  For the reasons argued by the City in Sections IV-A, IV-B, and IV-C (pages 6-11) of the City's April 21, 2016 Supplemental Brief (Docket # 11102), the Court finds and concludes that the changes in employment terms made by the City and by the Emergency Manager, upon which the claims are based, were all changes that were lawfully done.  For this reason, the Employee Obligation Claimants have no valid claims based on such changes having been made.  And to the extent the claims present claims that are treated under the confirmed plan of adjustment, as PFRS Pension Claims or GRS Pension Claims, the claims are duplicative and the claimants have only the rights given them by the confirmed plan with respect to such claims.

In addition, the claim of Da'Nean Brooks (Claim No. 3383) will be disallowed, not only for the above reasons, but also in part for the reasons stated by the Court on the record during the June 15, 2016 hearing (Transcript (Docket # 11348) at p. 81).  And the claim of JaJuan Moore (Claim No. 2098) will be disallowed, not only for the above reasons, but also in part for the reasons argued by the City in its supplemental brief filed July 15, 2016 (Docket # 11372).

Accordingly,

IT IS ORDERED that the claims of all the Employee Obligation Claimants, which are listed on Exhibit 1 attached to this Opinion and Order, are disallowed in their entirety.

IT IS FURTHER ORDERED that the City's claims agent is authorized to update the claims register in accordance with the terms of this Order.

IT IS FURTHER ORDERED that this Order is without prejudice to, and does not affect or impair, any rights or benefits that any of the Employee Obligation Claimants may have under or because of the January 9 Settlement Order.

IT IS FURTHER ORDERED that this Order is without prejudice to, and does not affect or impair, any rights or benefits that any of the Employee Obligation Claimants may have under

the confirmed plan of adjustment, as holders of PFRS Pension Claims or GRS Pension Claims.

IT IS FURTHER ORDERED that the Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

IT IS FURTHER ORDERED that no later than June 6, 2017, counsel for the City must: (1) serve, by first-class mail, a copy of this Opinion and Order (with its Exhibit 1 attached) on all claimants listed on Exhibit 1, and on Anthony Greene, attorney for claimants Da'Nean Brooks and JaJuan Moore; and (2) file proof of such service.

**Signed on June 2, 2017**                    /s/ Thomas J. Tucker
                                              **Thomas J. Tucker**
                                              **United States Bankruptcy Judge**

# EXHIBIT 1

| Claimant | Claim No(s). | Omnibus Objection No. |
|---|---|---|
| Enos P. Walker | 2610 | 20 |
| | | |
| Sheila Pennington | 3249 | 25 |
| | | |
| Althea F. Phillips | 2325 | 28 |
| Dinah Bolton | 3522 | 28 |
| Andre R. Canty | 2096 | 28 |
| Antonio Domingo Ratliff | 3131 | 28 |
| Benjamin Hogue | 2598 | 28 |
| Carmelita Brown Bullock | 1654 | 28 |
| Da'Nean Brooks | 3383 | 28 |
| | | |
| Eddie Greer | 2536 | 29 |
| Harriett Cook | 1893 | 29 |
| Charles Huskey | 3402 | 29 |
| Corey Thomas | 1829 | 29 |
| Craig Steele | 3411 | 29 |
| Damon Osley | 3391, 3443 | 29 |
| Daris Howard | 2501 | 29 |
| Deirdre Green | 1894, 1896 | 29 |
| | | |
| John Johnson | 1686 | 30 |
| Joseph Fields | 3482 | 30 |
| Kahlil Felder | 2743 | 30 |
| Kanard McClain | 3379 | 30 |
| Kathy L McCaskill | 1809 | 30 |
| | | |
| Kevin Washington | 1996 | 31 |
| LaTonya Pennington | 2738, 2749, 2741, 2745 | 31 |
| | | |
| Natalie Clemons | 1741, 2102, 2060, 2061, 2074 | 32 |
| Michael Cooper | 1979 | 32 |

| Claimant | Claim No(s). | Omnibus Objection No. |
|---|---|---|
| Roderick French | 2842 | 33 |
| Stephanie Hogue | 3215, 3216, 3168 | 33 |
| Vetonia Dorch | 1985 | 33 |
| Ronald Leapheart | 2001 | 33 |
| Sharon K. Jordan | 1817 | 33 |
| | | |
| Teulaina Richardson | 3214 | 34 |
| | | |
| Natalie Clemons | 1956, 2079 | 36 |
| Francine Duncan-Martin | 3144 | 36 |
| Aldrina Thomas | 2319 | 36 |
| Dwayne A. Brown | 2997 | 36 |
| JaJuan Moore | 2098 | 36 |
| Lenetta Walker | 2898 | 36 |
| Janice Clarke | 3467 | 36 |
| Lucille Pasha | 2077, 2084 | 36 |
| | | |
| Sarah McCrary | 3122 | 37 |
| Ronald Branam Sr. | 3438 | 37 |
| | | |
| Henry Wolfe III | 2258 | 44 |
| James Capizzo | 3193 | 44 |
| Gerald Moore | 2831 | 44 |
| | | |
| Renee Tillman | 2482 | 45 |
| Stephanie Crews | 3072 | 45 |