# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION UNDER THE ORDER, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN PREPETITION CLAIMS AGAINST THOMAS MCCRACKEN, MICHAEL KEARNS, AND RICHARD CADOURA

The City of Detroit, Michigan ("City"), by its undersigned counsel, files its *City of Detroit's Motion Under the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims Against Thomas McCracken, Michael Kearns, and Richard Cadoura* ("Motion"). In support, the City respectfully states as follows.

## I.      Introduction

Three years ago, the City designated for liquidation the claims of claimants Thomas McCracken, Michael Kearns, and Richard Cadoura ("Claimants," and with the City, the "Parties") by filing stay modification notices. Under the terms of the *Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain*

*Prepetition Claims* ("ADR Order," Doc. No. 2302), Claimants were required to liquidate their claims reasonably promptly after designation. Three years later, Claimants have done nothing. Claimants' inaction indicates that they have abandoned their claims.

The ADR Order provides that if a claimant fails to comply with the ADR Order or cooperate in liquidation of its claim, the Court may disallow and expunge the claim. The City asks the Court to enter an order to do just that, disallowing and expunging Claimants' claims for failure to comply with the ADR Order.

## II.    Background

### A.    Key points from the City's Bankruptcy Case and the ADR Order.

On July 18, 2013, the City commenced this chapter 9 case ("Bankruptcy Case"). On December 24, 2013, the Court entered the ADR Order. The ADR Procedures are attached to the ADR Order as Annex I. The ADR Order explicitly approves the ADR Procedures. ADR Order, ¶ 2 ("For the avoidance of doubt, all of the terms and provisions of the ADR Procedures are approved, whether or not such terms and provisions are restated below.")

Section I.A of the ADR Procedures states that, with limited exceptions, "[t]he City may designate for liquidation pursuant to the ADR Procedures any proof of claim . . . by serving a notice (the 'ADR Notice') on the applicable claimant . . . ." Paragraph 9 of the ADR Order provides an alternative:

The City in its sole discretion (a) may elect not to send an ADR Notice to the holder of an Initial Designated Claim and (b) instead file and serve on the applicable Designated Claimant a notice (a 'Stay Modification Notice') that the Stay/Injunction is lifted to permit the underlying claim to be liquidated in an appropriate non-bankruptcy forum. In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction shall be deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum [. . . .]

Paragraph 10 of the ADR Order states

If the Stay/Injunction is modified as a result of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in [. . .] such other non-bankruptcy forum selected by the Designated Claimant . . . .

Although the ADR Order does not express a strict time frame for liquidation, the ADR Order almost certainly contemplates that liquidation should begin within a "reasonable" time. *See Zevitz v. Zevitz (In re Zevitz)*, 230 F.3d 1361 (6th Cir. 2000) (table dec'n) ("In construing a court order, the most important factor in determining the meaning is the intention of the judge who entered the order.").

The ADR Procedures contain a procedure for their enforcement:

If a Designated Claimant fails to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or an abandonment of or failure to prosecute the Designated Claim, or both. Upon such findings, the

> Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees and costs to the City.

ADR Procedures, Section II.G.

## B. The City's confirmed Plan reaffirmed the use of the ADR Procedures to resolve claims post-confirmation.

In late 2014, the City filed its *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* ("Plan," Doc. No. 8045). The Plan was confirmed and subsequently became effective on December 10, 2014 ("Effective Date") (Doc. No. 8649). The Plan provides that the City will continue using the ADR Procedures to resolve claims after the Effective Date. Plan, Art. VI.A.2. The Court retained jurisdiction to allow or disallow claims and to enforce orders it had previously entered. Plan, Art. VII. A, O.

## C. Factual background regarding the Claimants

In 2009, the Claimants sued the City in state court asserting various claims.[1] The City succeeded in having the lawsuit dismissed, but the lawsuit was reinstated on appeal. After that, the lawsuit stalled for seven months. Eventually, Claimants retained a new attorney who began to move the matter forward again.

---

[1] Essentially, the three Claimants claimed that they had unfairly been passed over for promotion or otherwise discriminated against because of their race. *See* **Exhibit 6-1**. The City vigorously disputes these allegations.

A trial was scheduled. On the first day of the trial, however, rather than proceed, Claimants' new counsel proposed that the matter be sent to binding arbitration. Although the City had prepared for trial, the City consented to this proposal. The judge ordered the Parties to binding arbitration and dismissed the matter. The parties selected Warfield Moore to arbitrate their dispute.

Arbitration was delayed several times at Claimants' request, and then was stayed indefinitely when the City filed for bankruptcy protection.

On February 21, 2014, Claimants filed claim numbers 682, 683, and 685, asserting claims for $100,000 on behalf of Cadoura, Kearns, and McCracken, respectively (collectively, the "Claims").[2] The City attempted to negotiate a settlement of the Claims, but negotiations broke down and the Claimants' second attorney withdrew. Thus, on May 2, 2014, the City filed and served Stay Modification Notices on each of the Claimants. ("Stay Modification Notices," Doc. Nos. 4379-81.) Each Stay Modification Notice included a statement in bold:

> **Note that, if you do not promptly proceed with the prosecution of the Claim(s) in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim(s).**

---

[2] As the Claims are substantially similar to each other, only Claim 682 is attached as **Exhibit 6-1** as an example).

29313960.2\022765-00213

*E.g.*, Stay Modification Notice, Doc. No. 4379, p. 5. On the same day it filed the Stay Modification Notices, the City mailed a letter to the Claimants. <u>Claimants Letter</u>, attached as **Exhibit 6-2**. In its Claimants Letter, the City advised Claimants that Stay Modification Notices enabled the agreed-upon arbitration to proceed. The Claimants Letter asked the Claimants to provide available dates in August 2014 for the arbitration. Finally, it advised Claimants that if they did not respond promptly, the City would move to disallow their Claims. The City sent Arbitrator Moore a letter contemporaneously with the Claimants Letter, briefly summarizing the Claimants Letter for him. <u>Arbitrator Letter</u>, attached as **Exhibit 6-3.**

It has been three years. Claimants have yet to take any action to liquidate their Claims.

## III.    <u>Argument</u>

Claimants have abandoned their Claims. They have been given three years to liquidate their Claims. Instead, they chose to abandon them.

Once a claimant has been served with a Stay Modification Notice, the ADR Order mandates that the claimant must proceed to liquidate his or her claim. ADR Order, ¶ 10 (noting that liquidation "shall proceed"). Although the ADR Order does not specify when the liquidation must begin, it is unlikely that the Court intended to allow claimants months or years to begin the process. *Id.*; *Zevitz*, 230 F.3d 1361. After three years of waiting, it is fair to say that the Claimants "[have]

fail[ed] to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures . . . ." ADR Procedures, Section II.G. As such, the Court "may, among other things, disallow and expunge the [Claimants'] Claim[s] . . . . or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees and costs to the City." *Id.*

The Stay Modification Notices expressly warned Claimants that failure to prosecute their Claims could result in disallowance and expungement of the Claims. *E.g.*, Stay Modification Notice, Doc. No. 4379, p. 5. The City thus moves the Court under Section II.G. of the ADR Procedures and asks the Court to disallow and expunge the Claims. If the Claimants still wish to liquidate these Claims, they may respond to this Motion and explain why they have been silent for so long. If not, then Claimants' continued silence should be construed as a waiver of the Claims and consent to the relief requested.

## IV.    Statement with respect to E.D. Mich. LBR 9014-1(h).

The City did not seek concurrence for the relief sought in this Motion. The rule contemplates that "concurrence of opposing counsel" be sought, and to the best of the City's knowledge, Claimants have not been represented by counsel since their last known attorney withdrew in early 2014. Additionally, because the City can only contact the Claimants via first class mail, seeking concurrence would

essentially require the City to serve the Claimants with the Motion, wait a reasonable period for a response, and then, if none is received, serve the Motion again to begin the notice period. In this instance, seeking concurrence is thus unduly burdensome as it would merely duplicate the normal process of service of the Motion.

## V.    Conclusion

For these reasons, the City respectfully requests that this Court enter an order in substantially the form as the one attached as Exhibit 1, (a) granting the Motion; and (b) disallowing and expunging the Claims.

29313960.2\022765-00213

June 8, 2017                    Respectfully submitted,

                               By: /s/ Marc N. Swanson
                                    Jonathan S. Green (P33140)
                                    Marc N. Swanson (P71149)
                                    Ronald A. Spinner (P73198)
                                    MILLER, CANFIELD, PADDOCK AND
                                    STONE, P.L.C.
                                    150 West Jefferson, Suite 2500
                                    Detroit, Michigan 48226
                                    Telephone: (313) 496-7591
                                    Facsimile: (313) 496-8451
                                    green@millercanfield.com
                                    swansonm@millercanfield.com

                                    Charles N. Raimi (P29746)
                                    Deputy Corporation Counsel
                                    City of Detroit Law Department
                                    2 Woodward Avenue, Suite 500
                                    Coleman A. Young Municipal Center
                                    Detroit, Michigan  48226
                                    Telephone: (313) 237-5037
                                    Facsimile: (313) 224-5505
                                    raimic@detroitmi.gov

                               ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT LIST

Exhibit 1     Proposed Order

Exhibit 2     Notice

Exhibit 3     None

Exhibit 4     Certificate of Service

Exhibit 5     None

Exhibit 6-1   Claim 682

Exhibit 6-2   Claimants Letter

Exhibit 6-3   Arbitrator Letter

EXHIBIT 1 – PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**[PROPOSED] ORDER GRANTING CITY OF DETROIT'S MOTION UNDER THE ORDER, PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE, APPROVING ALTERNATIVE DISPUTE RESOLUTION PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAINPREPETITION CLAIMS AGAINST THOMAS MCCRACKEN, MICHAEL KEARNS, AND RICHARD CADOURA**

This matter, having come before the court on the *City of Detroit's Motion Under the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims Against Thomas McCracken, Michael Kearns, and Richard Cadoura* ("Motion") upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.      The Motion is granted.

2.      Claim numbers 682, 683, and 685 are disallowed and expunged.

**3.**     The City's claims agent is authorized to update the claims register accordingly.

29313960.2\022765-00213

**EXHIBIT 2 – NOTICE**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF OPPORTUNITY TO RESPOND TO
CITY OF DETROIT'S MOTION UNDER THE ORDER,
PURSUANT TO SECTIONS 105 AND 502 OF THE BANKRUPTCY CODE,
APPROVING ALTERNATIVE DISPUTE RESOLUTION
PROCEDURES TO PROMOTE THE LIQUIDATION OF CERTAIN
PREPETITION CLAIMS AGAINST THOMAS MCCRACKEN,
MICHAEL KEARNS, AND RICHARD CADOURA**

The City has filed its *City of Detroit's Motion Under the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims Against Thomas McCracken, Michael Kearns, and Richard Cadoura* (the "Motion"). **Your rights may be affected. You should read these papers carefully and discuss them with your attorney.** If you do not want the Court to enter an Order granting the Motion, **by June 26, 2017,** you or your attorney must:

1. File with the court a written response or an answer explaining your position at:[1]

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
   Marc N. Swanson (P71149)
   150 West Jefferson, Suite 2500
   Detroit, Michigan 48226
   Telephone: (313) 496-7591
   Facsimile: (313) 496-8451
   swansonm@millercanfield.com

Dated: June 8, 2017

# EXHIBIT 3 – NONE

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 8, 2017, the *City of Detroit's Motion Under the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims Against Thomas McCracken, Michael Kearns, and Richard Cadoura* was served upon the individuals listed below via first class mail:

| | | |
|---|---|---|
| Thomas McCracken | Michael Kearns | Richard Cadoura |
| 845 Atkinson St | 19827 Great Oaks Circle N | 8533 Mathias Dr. #30 |
| Detroit, MI 48202 | Clinton Twp., MI 48036 | Grosse Ile, MI 48138 |

DATED:  June 8, 2017          By: /s/ Marc N. Swanson
                                     Marc N. Swanson
                                     150 West Jefferson, Suite 2500
                                     Detroit, Michigan 48226
                                     Telephone: (313) 496-7591
                                     Facsimile: (313) 496-8451
                                     swansonm@millercanfield.com

# EXHIBIT 5 – NONE

# Exhibit 6-1 – Claim 682

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT *Eastern District of Michigan* | | **PROOF OF CLAIM** |
|---|---|---|

Name of Debtor:

*City of Detroit, MI*

Case Number:

*Chapter 9*

*13-53846*

RECEIVED

FEB 0 4 2014

KURTZMAN CARSON CONSULTANT

**COURT USE ONLY**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

*Richard Cadoura*

Name and address where notices should be sent:
*Elias Muawad, Esq.*
*Law Offices of Elias Muawad, PC*
*36700 Woodward Ave, Ste 209*
*Blomfield Hills, MI 48304*

Telephone number: *248-594-4700*    email: *elias@muawadpc.com*

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:
(If known)

Filed on:

Name and address where payment should be sent (if different from above):

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $ *100,000*

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** *See attached Complaint*
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** *0633*

**3a. Debtor may have scheduled account as:**
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate  ☐Motor Vehicle  ☐Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate_____%** ☐Fixed  or  ☐Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

1353846140131000000000021

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

RECEIVED

FEB 0 4 2014

KURTZMAN CARSON CONSULTANT

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,     ☐ I am a guarantor, surety, indorser, or other codebtor.
                                                                   or their authorized agent.                   (See Bankruptcy Rule 3005.)
                                                                   (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: _Elias Muawad_
Title: _Attorney_
Company: _Law Offices of Elias Muawad, PC_                          _(Signature)_                          _1-30-14_
Address and telephone number (if different from notice address above):                                      _(Date)_
_Same as above_

Telephone number:                      email:

*Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.*

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address.  The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.  You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here.  A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured.  Skip this section if the

claim is entirely unsecured.  (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority.  (See Definitions.)  A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt.  You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence.  You may also attach a summary in addition to the documents themselves.  FRBP 3001(c) and (d).  If the claim is based on delivering health care goods or services, limit disclosing confidential health care information.  Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature.  If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b).  Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices.  If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent.  If the authorized agent is a servicer, identify the corporate servicer as the company.  Criminal penalties apply for making a false statement on a proof of claim.

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

THOMAS McCRACKEN, RICHARD CADOURA,
MICHAEL KEARNS and MICHAEL CHRISTY,

        Plaintiffs,

v.

CITY OF DETROIT, a Michigan municipal
corporation; TYRONE C. SCOTT, Executive Fire
Commissioner of the Detroit Fire Department;
SETH R. DOYLE, III, Deputy Fire Commissioner
of the Detroit Fire Department; CHERYL A.
CAMPBELL, 2nd Deputy Fire Commissioner
of the Detroit Fire Department; GARY N. KELLY,
Chief Superintendent of EMS, Detroit Fire Department;
jointly and severally,

        Defendants.

MCCRACKEN, THOMAS , et al. v DETR
Hon. Prentis Edwards     05/04/2009

**09-010633-CZ**

---

| | |
|---|---|
| **Norman Yatooma & Associates, P.C.** | **City of Detroit Law Department** |
| By: Robert S. Zawideh (P43787) | By: Andrew Jarvis (P59191) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 219 Elm Street | 660 Woodward Avenue, Suite 1650 |
| Birmingham, Michigan 48009 | Detroit, Michigan 48226 |
| (248) 642-3600 | (313) 237-5038 |

---

*There is no other pending or resolved civil action arising out of
the transaction or occurrence alleged in the complaint.*

**FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY**

        NOW COME the Plaintiffs, THOMAS McCRACKEN, RICHARD CADOURA,

MICHAEL KEARNS, and MICHAEL CHRISTY ("Plaintiffs"), by and through their

attorneys, NORMAN YATOOMA & ASSOCIATES, P.C., and in support of their

Complaint against the CITY OF DETROIT ("DETROIT"), TYRONE C. SCOTT

("SCOTT"), SETH R. DOYLE, III ("DOYLE"), CHERYL A. CAMPBELL

("CAMPBELL"), and GARY N. KELLY ("KELLY"), states the following:

1

NORMAN YATOOMA & ASSOCIATES, P.C.

1. This is an action for reverse discrimination pursuant to the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 et seq., and the common law of the State of Michigan.

2. Plaintiff THOMAS McCRACKEN is a resident of the City of Detroit, in the County of Wayne and State of Michigan.

3. Plaintiff RICHARD CADOURA is a resident of Garden City, in the County of Wayne and State of Michigan.

4. Plaintiff MICHAEL KEARNS is a resident of Clinton Township, in the County of Macomb and State of Michigan.

5. Plaintiff MICHAEL CHRISTY is a resident of the Township of China, in the County of St. Clair and State of Michigan.

6. Defendant DETROIT is a Michigan municipal corporation whose headquarters and principal place of business are located in the City of Detroit, in Wayne County, Michigan.

7. By information and belief, Defendant SCOTT is the Executive Fire Commissioner of Defendant DETROIT's Fire Department and is a resident of Wayne County, Michigan.

8. By information and belief, Defendant DOYLE is the Deputy Fire Commissioner of Defendant DETROIT's Fire Department and is a resident of Wayne County, Michigan.

9. By information and belief, Defendant CAMPBELL is the 2nd Deputy Fire Commissioner of Defendant DETROIT's Fire Department and is a resident of Wayne County, Michigan.

10.     By information and belief, Defendant KELLY is the Chief Superintendent of EMS, of Defendant DETROIT's Fire Department and is a resident of Wayne County, Michigan.

11.     The events giving rise to this cause of action occurred in Wayne County, Michigan.

12.     This court has subject matter jurisdiction over this action and venue is otherwise proper in this Court because the amount in controversy exceeds $25,000, exclusive of interest, costs, and attorney fees, and actions alleging a violation of ELCRA may be brought in the circuit court for the county where the alleged violation occurred, or for the county where the person against whom the civil complaint is filed resides or has his principal place of business. MCL 37.2801(2).

### Background Facts

13.     All of the Plaintiffs are long standing white employees of the Emergency Medical Services (EMS) division of the City of Detroit Fire Department.

14.     Plaintiff THOMAS McCRACKEN ("McCRACKEN") has been employed first as an Emergency Medical Technician and then as a Paramedic with Detroit EMS for almost nineteen (19) years. In April of 2007, he was promoted to Lieutenant, but was subsequently demoted back to the field without either explanation or evaluation of his performance.

15.     Plaintiff RICHARD CADOURA ("CADOURA") has been an Emergency Medical Technician with Detroit EMS since 1999. Despite being qualified for the position, Defendants have refused to allow CADOURA to meaningfully test for a promotion to Paramedic, despite repeated requests by CADOURA.

NORMAN YATOOMA & ASSOCIATES, P.C.

16.     Plaintiff MICHAEL KEARNS ("KEARNS") has been a Lieutenant / Assistant Field Supervisor, Grade 2, for the Detroit Fire Department, EMS Division, for the past seventeen (17) years. Prior to this position, he was an EMT Specialist for 5 years, the last two of which he was an EMS instructor.

17.     Plaintiff MICHAEL CHRISTY ("CHRISTY") has been a Lieutenant / Assistant Field Supervisor, Grade 2, for the Detroit Fire Department, EMS Division, since 2005. Prior to this position, he was an EMT Specialist for 16 years. From 1995 to 1999, CHRISTY also served as a Director of Operations for SEMEMSA.

### KEARNS AND CHRISTY-UNLAWFUL FAILURE TO PROMOTE

18.     Within the past three years, both KEARNS and CHRISTY applied for the position of EMS Supervisor, within the City of Detroit Fire Department.

19.     Both KEARNS and CHRISTY timely and appropriately completed all of the steps needed to be considered for the position.

20.     Neither KEARNS nor CHRISTY obtained the position.

21.     The position was awarded to an African-American with less seniority, experience and qualifications than KEARNS and CHRISTY.

22.     Defendants have failed and refused to produce test results or other information on which they based their decision to pass over KEARNS and CHRISTY for promotion.

### CADOURA-UNLAWFUL FAILURE TO PROMOTE

23.     In fall of 2008, CADOURA applied for a promotion to the position of Paramedic within the City of Detroit Fire Department.

24.     CADOURA timely and appropriately completed all of the steps needed to be considered for the position.

4

25.     CADOURA did not obtain the position.

26.     African-American employees with less seniority, experience and qualifications than CADOURA have been promoted to the position of Paramedic within Detroit EMS.

### McCRACKEN-UNLAWFUL DEMOTION

27.     In April of 2007, McCRACKEN was promoted to Lieutenant, but was subsequently demoted back to the rank of Paramedic without either explanation or evaluation of his performance.

28.     McCRACKEN's former position of Lieutenant has since been filled by an African-American employee with less seniority, experience and qualifications than McCRACKEN.

### HOSTILE ENVIRONMENT ON ACCOUNT OF RACE – ALL PLAINTIFFS

29.     Throughout the course of their respective employment Plaintiffs were regularly harassed on account of their race by Defendants, as well as their employees and agents.

30.     The harassment included frequent unwelcomed comments and conduct of an offensive and racial nature directed at each of the Plaintiffs.

31.     Plaintiffs made complaints to several of their superiors on a number of occasions, but no action was taken and the harassment continued.

32.     Plaintiffs' superiors are well aware of the offensive and racial nature directed of the conduct and comments directed not only at each of the Plaintiffs, but at all white or non-African American employees employed by the City of Detroit Fire Department. Not only do they take no action to put a halt to that unlawful conduct or communication, they themselves participate in it.

5

NORMAN YATOOMA & ASSOCIATES, P.C.

33. At all material times, Plaintiffs performed their job duties in a manner that was satisfactory or above.

## COUNT I – FAILURE TO PROMOTE

34. Plaintiffs incorporate by reference paragraphs 1 through 33 as though fully stated to avoid repetition.

35. At all material times, Plaintiffs were employees, and Defendants were their employers, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 et seq.

36. Plaintiffs' race was at least one factor that made a difference in Defendants' decision not to promote or to demote Plaintiffs from the various positions described above.

37. Had Plaintiffs been African-Americans, they would not have suffered the adverse employment actions described herein.

38. Defendants, through their agents, representatives, and employees, were predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

39. Defendants, through its agents, representatives, and employees, treated Plaintiffs differently from similarly situated African-American employees in the terms and conditions of employment, based on unlawful consideration of race.

40. Defendants' actions were intentional in disregard for Plaintiffs' rights and sensibilities.

41. As a direct and proximate result of Defendants' unlawful actions, each individual Plaintiff has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and

embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

## <u>COUNT II – HOSTILE ENVIRONEMENT ON ACCOUNT OF RACE</u>

42.     Plaintiffs incorporate by reference paragraphs 1 through 41 as though fully stated to avoid repetition.

43.     At all material times, Plaintiffs were employees, and Defendants were their employers, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, <u>MCL 37.2101 et seq.</u>

44.     Plaintiffs were harassed by Defendants, as well as their agents and employees throughout the course of their employment an account of their race.

45.     This racial harassment has included, but is not limited to, unwelcomed comments and conduct of an offensive and racial nature directed at Plaintiffs and the creation of a hostile work environment.

46.     This racial harassment has included, but is not limited to, singling out some or all of the Plaintiffs for discriminatory treatment on account of their race.

47.     The actions of Defendants and their agents, representatives, and employees was intentional.

48.     The conduct of Defendant's agents and employees in racially harassing Plaintiffs constitutes race discrimination in violation of MCL 37.2101 et seq.

49.     As a direct and proximate result of Defendants' unlawful actions against Plaintiffs as described, Plaintiffs have suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity; loss of career opportunities; loss of reputation and esteem in the community; mental and emotional distress; and loss of the ordinary pleasures of life.

NORMAN YATOOMA & ASSOCIATES, P.C.

7

WHEREFORE, EACH INDIVIDUAL PLAINTIFF REQUESTS that this court enter judgment against Defendants as follows:

A.  compensatory damages for each Plaintiff in whatever amount above $25,000 he is found to be entitled;

B.  exemplary damages for each Plaintiff in whatever amount above $25,000 he is found to be entitled;

C.  an award of lost wages and the value of fringe benefits, past and future for each Plaintiff;

D.  an award of interest, costs, and reasonable attorney fees for each Plaintiff;

E.  an order enjoining Defendants, their agents, representatives, and employees from further acts of discrimination or retaliation;

F.  an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Respectfully Submitted,

Dated: June 15, 2009

**Norman Yatooma & Associates, P.C.**
By: Robert S. Zawideh (P43787)
Attorney for Plaintiffs
219 Elm Street
Birmingham, Michigan 48009
(248) 642-3600

# STATE OF MICHIGAN

# IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

THOMAS McCRACKEN, RICHARD CADOURA,
MICHAEL KEARNS and MICHAEL CHRISTY,

        Plaintiffs,

v.

        Case No.: 09-010633-CZ
        Hon. Prentis Edwards

CITY OF DETROIT, a Michigan municipal
corporation; TYRONE C. SCOTT, Executive Fire
Commissioner of the Detroit Fire Department;
SETH R. DOYLE, III, Deputy Fire Commissioner
of the Detroit Fire Department; CHERYL A.
CAMPBELL, 2nd Deputy Fire Commissioner
of the Detroit Fire Department; GARY N. KELLY,
Chief Superintendent of EMS, Detroit Fire Department;
jointly and severally,

        Defendants.

---

| **Norman Yatooma & Associates, P.C.** | **City of Detroit Law Department** |
|---|---|
| By: Robert S. Zawideh (P43787) | By: Andrew Jarvis (P59191) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 219 Elm Street | 660 Woodward Avenue, Suite 1650 |
| Birmingham, Michigan 48009 | Detroit, Michigan 48226 |
| (248) 642-3600 | (313) 237-5038 |

---

## RELIANCE ON DEMAND FOR TRIAL BY JURY

    Plaintiffs hereby rely on the previously filed demand for trial by jury on all issues

that may be submitted to a jury.

        Respectfully Submitted,

Dated: June 15, 2009

        *[signature]*

        **Norman Yatooma & Associates, P.C.**
        By: Robert S. Zawideh (P43787)
        Attorneys for Plaintiffs
        219 Elm Street
        Birmingham, Michigan 48009
        (248) 642-3600

NORMAN YATOOMA & ASSOCIATES, P.C.

9

# **PROOF OF SERVICE**

Chelsea Gornbein hereby certifies that on Monday, June 15, 2009, she served an

Amended Complaint and this Proof of Service via First Class Mail to the following:

**City of Detroit Law Department**
By: Andrew Jarvis (P59191)
Attorneys for Defendants
660 Woodward Avenue, Suite 1650
Detroit, Michigan 48226
(313) 237-5038

The above statement and information is true to the best of my knowledge,

information, and belief.

Dated: June 15, 2009

/Chelsea Gornbein, Legal Assistant

# Exhibit 6-2 – Claimants Letter



CITY OF DETROIT LAW DEPARTMENT
2 WOODWARD AVE., SUITE 500
DETROIT, MICHIGAN 48226
PHONE: 313.224.4550
FAX: 313.224.5505
www.detroitmi.gov

May 2, 2014

Thomas McCracken                Michael Kearns                  Richard Cadoura
845 Atkinson St                 19827 Great Oaks Circle N        8533 Mathias Dr. #30
Detroit, MI 48202               Clinton Two, MI 48036           Grosse Ile, MI 48138

### Re:    *McCracken, Kearns, Cadoura –v- City of Detroit et al*
### WCCC #09-010633-CZ *(binding arbitration)*

Messrs McCracken, Kearns, and Cadoura:

Mr. Muawad filed a claim on your behalf with the bankruptcy court. . After a review of the claims and unsuccessful attempts to settle, the City has filed "stay modification" forms on each claim with the bankruptcy court. A Notice that the Stay has Been Lifted, along with a copy of the Stay Modification Form has been filed with the Wayne County Circuit Court and Arbitrator Warfield Moore (see attached). This allows the parties to proceed with the agreed upon arbitration. I have been contacted by Mr. Muawad and advised that he no longer represents you.

If you choose to proceed with this matter and there is a judgment in your favor, your claim will become a liquidated claim (general unsecured claim) subject to the bankruptcy plan. The plan has not been finalized yet, but currently, it is estimated that the plan will pay 10% on the dollar on the liquidated claim. Additionally, payments on general unsecured claims under the plan will be in the form of a thirty-year note, at 4% interest. Interest only payments will be paid for the first ten years, the remainder over the following twenty-year period at a 5% interest rate. Once again, since the plan has not been finalized and approved, it is subject to revision. If you have any questions about the plan, I refer you to http://www.kccllc.net/Detroit so that you may review the plan.

After discussions with your previous attorney, I reached out to Arbitrator Moore for possible dates. He advised he is tied up for the next couple of months and should be available beginning July 2014. As he is no longer with Aidenbaum Law Offices, the location of the hearing will be changed to a mutually agreeable location. Additionally, as previously discussed, the parties have paid a five hundred dollar deposit, but are required to bring a bank cashier check for one thousand dollars ($1000.00) at time of hearing. The parties were also to have submitted and exchanged a summary of the case, proposed exhibits and a witness list. I have previously submitted the City's to Mr. Muawad, and was awaiting a copy of Plaintiffs' submissions. So we can give the arbitrator time to review the submissions, would you please send your submissions, along with available dates for August 2014. I will reach out to the named defendants to get dates as well. If you have any further questions, please advise.

If you do not wish to proceed with this matter, please advise in writing that you are withdrawing your claims as it relates to the above captioned matter. If the City does not her from you ***within 30 days***, measures will be taken to dismiss this matter entirely.

Respectfully submitted,


*Letitia C. Jones*
*Assistant Corporation Counsel*
*CITY OF DETROIT LAW DEPT*
*Labor & Employment Law Group*
*jonelc@detroitmi.gov : email*
*(313) 237-3002: phone*
*(313) 224-5505: fax*

Encl.\

## Exhibit 6-3 – Arbitrator Letter



CITY OF DETROIT LAW DEPARTMENT
2 WOODWARD AVE., SUITE 500
DETROIT, MICHIGAN 48226
PHONE: 313.224.4550
FAX: 313.224.5505
www.detroitmi.gov

May 2, 2014

Arbitrator Warfield Moore
1561 Lincolnshire Dr.
Detroit, MI 48203

> ### Re: McCracken, Kearns, Cadoura –v- City of Detroit et al
> ### WCCC #09-010633-CZ *(binding arbitration)*

Arbitrator Moore:

This is to update you on the above captioned matter. As previously discussed, the stay is being lifted and the parties may proceed with this action (see attached notice lifting the stay). Any judgment in favor of Plaintiffs will become a general unsecured claim, subject to the bankruptcy plan.

Plaintiffs are now in pro per, but have been advised that they are to
(1)     Advise whether they still wish to proceed;
(2)     If yes, provide a summary of their case, proposed exhibits and witness list;
(3)     Provide a bank cashier's check in the amount of One thousand dollars ($1,000.00) prior to the hearing; and
(4)     Provide dates of availability for August 2014.

If the City has not heard from them in 30 days, it will take measures to dismiss the case in its entirety. If you have any further questions, please contact my office at (313) 237-3002.

Respectfully submitted,


*Letitia C. Jones*
*Assistant Corporation Counsel*
*CITY OF DETROIT LAW DEPT*
*Labor & Employment Law Group*
*jonelc@detroitmi.gov : email*
*(313) 237-3002: phone*
*(313) 224-5505: fax*


Encl.\

Cc: Thomas McCracken          Michael Kearns                    Richard Cadoura
845 Atkinson St               19827 Great Oaks Circle N         8533 Mathias Dr. #30
Detroit, MI 48202             Clinton Two, MI 48036             Grosse Ile, MI 48138