# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Judge Thomas J. Tucker |

## CERTIFICATION OF NO RESPONSE OR OBJECTION REGARDING DEBTOR'S FIFTIETH OMNIBUS OBJECTION TO CERTAIN CLAIMS
(No Valid Basis for any Liability of the City)

On May 18, 2017, the City Of Detroit ("City") filed its Fiftieth Omnibus Objection to Certain Claims (No Valid Basis for any Liability of the City) ("50th Omnibus Objection"). [Doc. No. 11879]. The 50th Omnibus Objection was served by the City's claims and noticing agent, Kurtzman Carson Consultants, upon the claimants identified in Exhibit 2 of the 50th Omnibus Objection at the address set forth by each of the claimants on its respective proof of claim, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002. *See Certificate of Service* [Doc. No. 11891].

No responses to the 50th Omnibus Objection have been filed with the Court and the time to do so has passed. The City respectfully requests that the Court enter an order in substantially the same form as the one which was attached to the 50th Omnibus Objection. *See Proposed Order* Exhibit A.

Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

and

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313) 237-5037
Facsimile: (313) 224-5505
raimic@detroitmi.gov

Attorneys for the City of Detroit

DATED: June 15, 2017

# Exhibit A

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## ORDER SUSTAINING DEBTOR'S FIFTIETH OMNIBUS OBJECTION TO CERTAIN CLAIMS

**(No Valid Basis for any Liability of the City)**

Upon review of the fiftieth objection to claims (the "Objection"),[1] of the Debtor, City of Detroit, Michigan (the "City"), seeking entry of an order disallowing and expunging each of the claims listed on Exhibit 2 to the Objection; and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and a hearing on the Objection having been held before the Court; and any

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

objections or other responses to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1. The Objection is sustained.

2. Each of the proofs of claim listed on Exhibit 2 annexed to the Objection is hereby disallowed and expunged in its entirety, pursuant to Section 502(b) of the Bankruptcy Code.

3. The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4. The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5. Each claim and the objections by the City to each claim as addressed in the Objection and set forth on Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed and constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to such claim, and the Court expressly determines that there is no just reason for delay of the entry of the final judgment with respect to such claim. Any

stay of this Order shall apply only to the contested matter that involves such creditor and for which such stay has been granted or may be in effect, and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby, and further provided that the City shall have the right, but not the need, to submit a separate order with respect to contested matters or claims.

6. The City retains all of its rights to object, on the merits or any other basis, to any of the Claims identified on Exhibit 2.

7. Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

8. Nothing in this Order is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.