# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**ORDER SUSTAINING DEBTOR'S FIFTIETH OMNIBUS OBJECTION TO CERTAIN CLAIMS, AND CANCELLING JUNE 21, 2017 HEARING**

Upon review of the fiftieth objection to claims (Docket # 11879, the "Objection"),[1] of the Debtor, City of Detroit, Michigan (the "City"), seeking entry of an order disallowing and expunging each of the claims listed on Exhibit 2 to the Objection; and this Court having jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court finding that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court finding that venue of this proceeding and the Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409; and the relief requested in the Objection being in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and the Court finding that no other or further notice of the Objection need be given; and no timely responses having been filed to the Objection; and the Court finding that the legal and factual bases set forth in the Objection establishes just cause for the relief granted; and after due deliberation

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1. The Objection (Docket # 11879) is sustained.

2. Each of the proofs of claim listed on Exhibit 2 annexed to the Objection is disallowed and expunged in its entirety, under Section 502(b) of the Bankruptcy Code.

3. The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4. The City is authorized to take all actions necessary to effectuate the relief granted by this Order in accordance with the Objection.

5. Each claim and the objections by the City to each claim as addressed in the Objection and set forth on Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed and constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to such claim, and the Court expressly determines that there is no just reason for delay of the entry of the final judgment with respect to such claim. Any stay of this Order will apply only to the contested matter that involves such creditor and for which such stay has been granted or may be in effect, and will not act to stay the applicability or finality of this Order with respect to the other

contested matters covered hereby, and further provided that the City will have the right, but not the need, to submit a separate order with respect to contested matters or claims.

6. The City retains all of its rights to object, on the merits or any other basis, to any of the Claims identified on Exhibit 2.

7. Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

8. Nothing in this Order is intended to, shall constitute or shall be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

9. The hearing on the Objection, scheduled for June 21, 2017 at 1:30 p.m., is cancelled, as no longer necessary.

.

**Signed on June 15, 2017**

                                                   /s/ Thomas J. Tucker
                                                   Thomas J. Tucker
                                                   United States Bankruptcy Judge