# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION FOR AN ORDER (I) DETERMINING THAT JAMIE SIMPSON IS IN VIOLATION OF THE PLAN OF ADJUSTMENT AND THE ORDER EXPUNGING HER CLAIM, AND (II) REQUIRING DISMISSAL OF HER STATE COURT LAWSUIT

The City of Detroit, Michigan ("City"), by its undersigned counsel, files its

*City of Detroit's Motion for an Order (I) Determining That Jamie Simpson Is in*

*Violation of the Plan of Adjustment and the Order Expunging Her Claim, and*

*(II) Requiring Dismissal of Her State Court Lawsuit* ("Motion").  In support, the

City respectfully states as follows:

## I.  Introduction

Jamie Simpson ("Plaintiff") filed a proof of claim alleging injuries sustained

in a prepetition bus accident.  The City's records showed her claim had been

satisfied, so the City objected and moved to have the claim expunged.  There was

no response and the Court ordered the claim expunged.  Unfazed, in December of

2015, Plaintiff sued the City in state court for the satisfied claim (and more), plus

attorneys' fees and statutory interest, both of which are expressly barred by the

City's confirmed Plan.  The City reminded Plaintiff that her claim had been

discharged and expunged, but to no effect—the state court case continues. Consequently, the City requests that this Court enter an order requiring the dismissal of the state court case.

## II.    **Background**

### A.    **Key points from the City's Bankruptcy Case.**

On July 18, 2013 ("Petition Date"), the City commenced this chapter 9 case ("Bankruptcy Case").    After a number of iterations, the City filed its *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* ("Plan," Doc. No. 8045).  The Court entered an order confirming the City's Plan ("Confirmation Order," Doc. No. 8272) and on December 10, 2014 ("Effective Date"), the Plan became effective.  (Doc. No. 8649.)

The Plan provides for the treatment of first party motor vehicle claims arising under M.C.L. §§ 500.3107 and 500.3108, such as the one that Plaintiff allegedly had.  Plan, Art. IV.S., pp. 63-64.   Such claims are not entitled to pre or post-petition interest or attorneys' fees.  *Id.*; *In re City of Detroit, Mich.*, 548 B.R. 748, 757-58 (Bankr. E.D. Mich. 2016).

Regarding claims in general, the Plan discharge provision states

> Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date [. . . .] Except as provided in the Plan or in the Confirmation

Order, Confirmation will, as of the Effective Date, discharge the City from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code [. . . .]

("Plan Discharge," Plan, Art. III.D.4, p. 50). Further, Plan Article III.D.5 states

**Injunction.**

**On the Effective Date, except as otherwise provided herein or in the Confirmation Order,**

a. **all Entities that have been, are or may be holders of Claims against the City [. . .] shall be permanently enjoined from taking any of the following actions against or affecting the City or its property [. . . .]**

   1. **commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affect the City or its property [. . . .]**

   5. **proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan [. . . .]**

("Plan Injunction," Plan, Article III.D.5, p. 51) (emphasis in original).[1]

---

[1] Not only does the Plan enjoin parties from suing the City over discharged debts, so does the Bankruptcy Code. 11 U.S.C. § 944 (discharging the City from all debts as of confirmation, excepting those carved out by the Plan or Confirmation Order or where a party lacked notice of the case); 11 U.S.C. § 901 (incorporating 11 U.S.C. § 524(a)(1) and (2) into chapter 9); 11 U.S.C. § 524(a)(2) (enjoining parties from suing the City for discharged debts); *In re City of Cent. Falls, R.I.*, No. 11-13105, 2015 WL 12991580 at *12 (Bankr. D.R.I. Nov. 13, 2015); *In re City of Detroit, Mich.*, 548 B.R. 748, 751 (Bankr. E.D. Mich. 2016).

The Court retained jurisdiction to enforce the Plan Injunction and to resolve any suits that may arise in connection with the consummation, interpretation or enforcement of the Plan.  Plan, Art. VII. F, G, I, pp. 69-70.

**B.     Plaintiff files her claim and it is subsequently expunged.**

Plaintiff alleged that on January 3, 2013, she was a passenger on a City bus which was involved in an accident and, as a result, she sustained injuries.  On February 20, 2014, Plaintiff filed claim number 1815, asserting an unsecured claim for $20,120 (the "Proof Claim," attached as **Exhibit 6A**) which consisted of $15,960 in chiropractic claims and $4,160 in household services.  The Claim provided that notices to Plaintiff should be sent to David J. Jarrett, PC, 12820 Ford Rd. Suite 1, Dearborn, MI 48381 (the "Service Address"). On December 16, 2014, the City served its *Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date* ("Notice," Doc. No. 8649) on Plaintiff at the Service Address by first class mail.  (Excerpt from certificate of service, Doc. No. 8970, "Service of Notice," attached as **Exhibit 6B**.)  The Notice provided Plaintiff with express notice of the Plan Discharge.

On February 13, 2015, the City filed the *Debtor's Eighth Omnibus Objection to Certain Claims (Satisfied Claims)* ("Objection," Doc. No. 9260).  The Objection listed the Claim among those paid in full or otherwise satisfied.  Objection, Exhibit

2 ("Satisfied Claims"), top of second page (identifying the Claim). The City served Plaintiff with the Objection at her Service Address by first class mail.[2] Plaintiff did not timely respond. (Doc. No. 9633, Certificate of No Response.) Thus, on April 10, 2015, the Court entered the *Order Sustaining Debtor's Eighth Omnibus Objection to Certain Claims (Satisfied Claims)* ("Order," Doc. No. 9651). Paragraph 2 of the Order states "All of the proofs of claim listed in the 'Satisfied Claims' column in Exhibit 2 annexed to the Objection (the 'Satisfied Claims') are disallowed and expunged in their entirety, under Section 502(b) of the Bankruptcy Code." The Order was served on the Plaintiff at her Service Address.[3]

Because Plaintiff's Claim appears on that exhibit, the Order expunged it.

### C. Plaintiff files her State Court Lawsuit.

On December 17, 2015, Plaintiff filed a complaint ("Complaint," attached as **Exhibit 6C**) against the City in the Circuit Court for the County of Wayne, Michigan ("State Court"), commencing case number 15-016432-NF ("State Court Lawsuit"). Plaintiff alleged that in January of 2013, she rode a City bus, the bus was involved in an accident, and she suffered injuries. Complaint ¶¶ 6-8, 12.

On April 12, 2017, the City sent copies of the Objection and the Order to Plaintiff's counsel and asked Plaintiff to dismiss her State Court Lawsuit. Letter to Plaintiff, attached as **Exhibit 6D**. There was no response.

---

[2] Doc. No. 9281, Certificate of Service, Ex. C, showing service on Plaintiff.

[3] Doc. No. 9692, Certificate of Service, Ex. E, showing service on Plaintiff.

29108756.3\022765-00213

On May 9, 2017, Plaintiff filed *Plaintiff's Case Evaluation Summary* ("Evaluation Summary," attached as **Exhibit 6E**) with the State Court. The Evaluation Summary asserts that the City still owes the amounts asserted in the Proof of Claim and disallowed by the Order plus (a) $1,500 in further "Misc. Medical Expenses"; (b) $17,680 in additional undocumented household services; (c) $9,432 in penalties and statutory interest and (d) $16,244 in attorneys' fees. Evaluation Summary, p. 3.

## III.   Argument

### A.   The State Court Lawsuit violates the Plan Injunction and is void *ab initio*.

Confirmation of the Plan and occurrence of the Effective Date made the City's Plan—including the Plan Injunction—binding on all creditors. 11 U.S.C. § 944(a). The Plan Injunction expressly forbade Plaintiff from "commencing [. . . .] any suit, action or other proceeding of any kind against or affect the City or its property" or from "proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan." Plan Injunction. Notwithstanding these provisions and the City's attempts to explain them to Plaintiff, Plaintiff filed and continues forward with her State Court Lawsuit.

State court lawsuits brought by creditors in pursuit of claims that have been discharged in bankruptcy are void *ab initio* and of no effect. *Hamilton v. Herr (In re Hamilton)*, 540 F.3d 367, 373-75 (6th Cir. 2008) ("[I]f a creditor brings a

collection suit after discharge, and obtains a judgment against the debtor, the judgment is rendered null and void by section 524(a). The purpose of the provision is to make it absolutely unnecessary for the debtor to do anything at all in the collection action.") (quoting COLLIER ON BANKRUPTCY ¶ 524.LH[1] at 524-61). That said, were the City to stand idly by, it could incur significant legal costs as it later unwound the actions Plaintiff had taken in the State Court Lawsuit. Consequently, the City requests that this Court enter an order requiring Plaintiff to dismiss, or cause to be dismissed, her State Court Lawsuit with prejudice.

**B.      Not only is Plaintiff barred from suing the City, she no longer holds any claim arising from the bus accident upon which she could base a lawsuit against the City.**

Because the accident that led to Plaintiff's claim against the City occurred six months prior to the Petition Date, Plaintiff held a pre-petition claim as of the Petition Date under the "fair contemplation" test adopted by this Court in this case. *City of Detroit*, 548 B.R. at 763-65. In other words, both her pre- and post-petition treatment costs for her pre-petition injury gave rise to a pre-petition claim. *Id.* Indeed, the Proof of Claim acknowledges this, including both pre- and post-petition costs. *See* Proof of Claim, final page (showing care provided post-petition). As previously noted, the claims asserted in the Proof of Claim were disallowed and expunged by the Order. Order, ¶ 2. Consequently, Plaintiff no longer has any claims against the City arising from the bus accident. There simply

is no claim upon which Plaintiff could base a lawsuit, even if she were not barred by the Plan Injunction from doing so.

Article IV, section S of the Plan ("Motor Vehicle Plan Provision") does not alter that outcome. Plan, Art. V.S, pp. 62-63. The Court recently held that claimants with motor vehicle claims are still required to file a proof of claim. *See* Excerpt from Transcript of March 22, 2017, Hearing ("Transcript," attached as **Exhibit 6G**), 58:3-8 ("[T]he motor vehicle plan provision of the confirmed plan does not entitle these creditors to any relief or give them any right to pursue any claims against the city such as the claims they are pursuing or have been pursuing in their State Court lawsuits."). Rather, such claimants are required to file a proof of claim, such as the Claim asserted by Plaintiff. The Plan preserved the City's right to object to any motor vehicle claim, and the City did, in fact, object to the Claim. Transcript, 55:19-24 (noting the City's right to object to the Claim); Objection. The Objection was sustained, and the Order expunging and disallowing the the Claim was entered. As a result, Plaintiff does not have a "valid prepetition Claim." Thus, Article IV, section S of the Plan did not preserve Plaintiff's right to sue the City, and she has, in fact, no remaining claim to pursue against the City.

29108756.3\022765-00213

## IV.    Conclusion

For the reasons set forth above, the City respectfully requests that the Court grant the Motion. The City sought, but did not obtain, concurrence to the relief sought in the Motion.

June 16, 2017                          Respectfully submitted,

                                       By: /s/ Marc N. Swanson
                                           Jonathan S. Green (P33140)
                                           Marc N. Swanson (P71149)
                                           Ronald A. Spinner (P73198)
                                           MILLER, CANFIELD, PADDOCK AND
                                           STONE, P.L.C.
                                           150 West Jefferson, Suite 2500
                                           Detroit, Michigan 48226
                                           Telephone: (313) 496-7591
                                           Facsimile: (313) 496-8451
                                           green@millercanfield.com
                                           swansonm@millercanfield.com

                                       ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT LIST

Exhibit 1    Proposed Order

Exhibit 2    Notice

Exhibit 3    None

Exhibit 4    Certificate of Service

Exhibit 5    None

Exhibit 6A  Claim

Exhibit 6B  Service of Notice of Effective Date

Exhibit 6C  Complaint

Exhibit 6D  Letter to Plaintiff

Exhibit 6E  Case Evaluation Summary

Exhibit 6F  Excerpt from Transcript of Hearing on March 22, 2017

# EXHIBIT 1 – PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## [PROPOSED] ORDER CITY OF DETROIT'S MOTION FOR AN ORDER (I) DETERMINING THAT JAMIE SIMPSON IS IN VIOLATION OF THE PLAN OF ADJUSTMENT AND THE ORDER EXPUNGING HER CLAIM, AND (II) REQUIRING DISMISSAL OF HER STATE COURT LAWSUIT

This matter, having come before the court on the *City of Detroit's Motion for an Order (I) Determining That Jamie Simpson Is in Violation of the Plan of Adjustment and the Order Expunging Her Claim, and (II) Requiring Dismissal of Her State Court Lawsuit* ("Motion"), upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

**1.**      The Motion is granted.

**2.**      Within five days of the entry of this Order, Jamie Simpson shall dismiss, or cause to be dismissed, with prejudice the City of Detroit from Case No. 15-016462-NF filed in the Circuit Court for the County of Wayne, Michigan ("State Court Lawsuit").

**3.** Jamie Simpson is permanently barred, estopped, and enjoined from asserting any claims described in the State Court Lawsuit against the City of Detroit or property of the City of Detroit, in the State Court Lawsuit or in any other action or proceeding.

**4.** The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

## EXHIBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF OPPORTUNITY TO RESPOND TO CITY OF DETROIT'S MOTION FOR AN ORDER (I) DETERMINING THAT JAMIE SIMPSON IS IN VIOLATION OF THE PLAN OF ADJUSTMENT AND THE ORDER EXPUNGING HER CLAIM, AND (II) REQUIRING DISMISSAL OF HER STATE COURT LAWSUIT

The City has filed its *City of Detroit's Motion for an Order (I) Determining That Jamie Simpson Is in Violation of the Plan of Adjustment and the Order Expunging Her Claim, and (II) Requiring Dismissal of Her State Court Lawsuit* (the "Motion"). **Your rights may be affected. You should read these papers carefully and discuss them with your attorney.** If you do not want the Court to enter an Order granting the Motion within 14 days you or your attorney must:

1. File with the court a written response or an answer explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2.   If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Dated:  June 16, 2017

# EXHIBIT 3 – NONE

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 16, 2017, the *City of Detroit's Motion for an Order (I) Determining That Jamie Simpson Is in Violation of the Plan of Adjustment and the Order Expunging Her Claim, and (II) Requiring Dismissal of Her State Court Lawsuit* was filed and served via the Court's electronic case filing and notice system and served upon the individuals listed below via first class mail:

Jamie Simpson
c/o David J. Jarrett
David J. Jarrett, P.C.
12820 Ford. Rd., Suite 1
Dearborn, MI 48381

L. Louie Andreopoulos
David T. Hill
Andreopoulos & Hill, PLLC
Attorneys for Plaintiff
28900 Woodward Avenue
Royal Oak, MI 48067

DATED:  June 16, 2017

By: /s/ Marc N. Swanson
   Marc N. Swanson
   150 West Jefferson, Suite 2500
   Detroit, Michigan 48226
   Telephone: (313) 496-7591
   Facsimile: (313) 496-8451
   swansonm@millercanfield.com

# EXHIBIT 5 – NONE

## **Exhibit 6A – Claim**

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

**FILED**

Name of Debtor: City of Detroit, Michigan     Case Number: 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Jamie Simpson

**FEB 2 0 2014**

COURT USE ONLY

Name and address where notices should be sent:

David J. Jarrett PC
12820 Ford Rd. Suite 1
Dearborn, MI 48381

Telephone number: 313-943-3113 email: jarrettdave@aol.com

☐ Check this box if this claim amends a previously filed claim.

US Bankruptcy Court
MI Eastern District

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):




Telephone number:          email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. **Amount of Claim as of Date Case Filed:**     $ 20,120.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** Personal Injury - PIP Claim #A32950-002763
(See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:**     2206          3a. Debtor may have scheduled account as:_____
(See instruction #3a)

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

**Nature of property or right of setoff:** ☐Real Estate  ☐Motor Vehicle  ☐Other
**Describe:**

**Basis for perfection:** _____

**Value of Property: $_____**

Amount of Secured Claim:     $_____

**Annual Interest Rate (when case was filed)_____% ☐Fixed  or ☐Variable**

Amount Unsecured:     $_____

5. **Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**     $_____

5b. **Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____.**     $_____

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** cop evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINA ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**RECEIVED**

**FEB 2 4 2014**

**KURTZMAN CARSON CONSULTANTS**

8. **Signature:** (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.     ☐ I am the trustee, or the debtor, or their authorized agent.
(See Bankruptcy Rule 3004.)     ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: David J. Jarrett
Title: Attorney
Company: David J. Jarrett, P.C.
Address and telephone number (if different from notice address above):



(Signature)          (Date) 2/18/14

Telephone number:          email:



135384614022000000000000141

# Law Offices Of
# David J. Jarrett P.C.

*Professional Corporation*
*12820 Ford Rd., Suite 1, Dearborn, Michigan 48126*

*Office: (313) 943-3113*
*Fax: (313) 582-0050*

February 18, 2014

## UNITED STATES BANKRUPTCY COURT

Re:    Case:       In re City of Detroit
        Case No.:   13-53846
        Creditor:   Jamie Simpson
        City Claim:  A32950-002763-07

## **PROOF OF CLAIM**

- MEDICAL BILLS     $15,960.00
- HOUSEHOLD SERVICES    $ 4,160.00

       TOTAL:        $20,120.00

Sincerely,

David J. Jarrett

## Law Offices
## Of
## David J. Jarrett P.C.
### Professional Corporation

**12820 Ford Rd., Suite 1, Dearborn, Michigan 48126**

Office: (313) 943-3113
Fax: (313) 582-0050

January 21, 2013

City of Detroit Law Department
2 Woodward Ave., Suite 500
Detroit, MI 48226
Attn: New Claims

| Re: | My Client: | **Jamie Simpson** |
|---|---|---|
| | Date of Loss: | **01/03/2013** |
| | Location: | **Dexter Bus Line, on Cass at or near the intersection of I-75 Service Drive** |

Dear Sir/Madam

Please be advised that this firm represents **Jamie Simpson** relative to injuries she sustained as a passenger in a City Bus accident on January 3, 2013. The accident took place on the Dexter Bus, on Cass Ave., at or near the intersection of the I-75 Service Drive. It is our intention to file a third party claim as well. Please assign these claims to an adjuster as soon as possible.

We are hereby making a demand for the City of Detroit to pay any and all first party benefits entitled to my client under Michigan Law. It is also our intention to file a claim for all applicable third party benefits pursuant to the provisions of the insured's automobile policy. If the policy provides for arbitration of any of the above referenced claims, please consider this our formal demand for arbitration of same.

Furthermore, this letter shall serve as official notice that this office will hold strictly to the requirements of MCL 500.3142 (3).

Please be advised that pursuant to MCL 500.3112, David J. Jarrett, P.C., hereby exercises the right to claim a lien on all benefits payable to the above clients, and in accordance with the aforementioned statute, the City of Detroit is directed to issue any and all drafts directly to this office. (except direct **undisputed** medical providers)

Please forward an Application for Benefits as soon as possible. Thanking you in advance for your anticipated cooperation.

Very truly yours,

**DAVID J. JARRETT, P.C.**



CITY OF DETROIT
LAW DEPARTMENT

COLEMAN A. YOUNG MUNICIPAL CENTER
2 WOODWARD AVENUE, SUITE 500
DETROIT, MICHIGAN 48226-3535
PHONE 313•224•4550
FAX 313•224•5505
WWW.DETROITMI.GOV

February 28, 2013

David Jarrett, Atty.
12820 Ford Rd., Suite 1
Dearborn, Michigan 48126

RE:   CLAIMANT: Jamie Simpson
      CLAIM NUMBER:  A32950-002763-07
      DATE OF INCIDENT: 1/3/2013

Dear Mr. Jarrett:

Please be advised that the above-mentioned claim has been assigned to me for disposition. Upon review of your file it was found that the City of Detroit has attempted to process your claim, but due to lack of sufficient information, we are unable to proceed.  The City of Detroit Law Department Claims Division requires that all claims contain specific information for adequate processing.  To assist me in my investigation of this incident, please provide the following items, these items **MUST** be included to ensure further processing of this claim:

➢ Medicare & No Fault Affidavit (completely filled out and notarized)
➢ Health & Wage Authorization (completely filled out and notarized)
➢ PIP Application (completely filled out)

Please be advised that the City of Detroit only reimburses transportation costs at solely $5.00 dollars per round trip plus $1.60 per mile.  Please be further advised that any other fees related to the issue of transportation for the claimant are not reimbursed by the City of Detroit.   If the claimant is a catastrophic case, please immediately notify this office in writing, before services are rendered to the claimant.

Please refer to the File Number which appears in the upper right corner of this letter in future communications or inquiries about this claim.

Should you have any inquiries or concerns, please do not hesitate to contact the undersigned either in writing at the address above or by emailing me at the email cited below.

Respectfully,

Monique' Tyler
Legal Investigator
Tylerm@detroitmi.gov

MT/ss

| Operator Name: Jones Eric | Badge: 3643 Sex: ☒M ☐F | Terminal: Gilb | Day: Thurs | Date: 01-03-13 | Time: 12:45 |
|---|---|---|---|---|---|

| Coach: 4187 | Run: 19 | Line: 16 | Location: Cass Avenue and Antoinette |
|---|---|---|---|

| WEATHER | LIGHT CONDITIONS | ROAD SURFACE | TOTAL LANES | DIRECTION OF COACH | DIRECTION OF AUTO |
|---|---|---|---|---|---|
| ☐ Clear | ☒ Day | ☐ Dry | 1 | ☐ North  ☐ East | ☐ North  ☐ East |
| ☒ Cloudy | ☐ Night | ☒ Wet | | ☒ South  ☐ West | ☒ South  ☐ West |
| ☐ Rain | ☐ Dusk/Dawn | ☒ Snow | | **TYPE OF ACCIDENT** | **OPERATOR PULLED** |
| ☐ Snow | ☐ Street Lights | ☒ Icy | | ☐ Boarding | ☒ Yes  ☐ No |
| ☐ Fog | ☐ Other | ☐ Other | | ☐ Alighting | |
| | | | | ☒ Collision | **CLINIC** ☒ yes  ☐ No |

**Vehicle #1**

Driver License: _____ State: Mich Date of Birth: _____ Phone: (Not) Given

| Driver Name: John Ross Campbell | Address: _____ | City: Springfield | State: MI | Zip: 49037 |
|---|---|---|---|---|
| Owner of Car: same as above | Address: | City: | State: | Zip: |
| License Plate: DXA 6162 | Year: 09 | Make and Model: Ford Taurus | Insurance Company/Policy #: Not available |

**Vehicle #2**

Driver License: _____ State: _____ Date of Birth: _____ Phone: _____

| Driver Name: | Address: | City: | State: | Zip: |
|---|---|---|---|---|
| Owner of Car: | Address: | City: | State: | Zip: |
| License Plate: | Year: | Make and Model: | Insurance Company/Policy #: |

**Vehicle #3**

Driver License: _____ State: _____ Date of Birth: _____ Phone: _____

| Driver Name: | Address: | City: | State: | Zip: |
|---|---|---|---|---|
| Owner of Car: | Address: | City: | State: | Zip: |
| License Plate: | Year: | Make and Model: | Insurance Company/Policy #: |

| # Pass Auto(s): 2 | # Pass Coach: 25 | # Pass Injured Auto(s): 0 | # Pass Injured Coach: 1 | # Pictures Taken: 6 | Blue Card Signed? Yes☐ No☒ |
|---|---|---|---|---|---|

| Police on Scene: Badge No. M Singer-483 | Unit No. 13-2 | Police Report #: 253859 | EMS No. 8 | Hospital: _____ | Total Injured Conveyed: 1 |
|---|---|---|---|---|---|

**Witness Information ( use back if necessary )**    Number of Witnesses: 0

| Name | Address | City | State | Phone # |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**Injury Information ( use back if necessary )**

| Name | Address | City | State | Phone # | Alleged Injury |
|---|---|---|---|---|---|
| Kristen Edward | _____ Detroit | | MI | | Right side knee |
| | | | | | |
| | | | | | |
| | | | | | |

(over)

_Deborah Ryans_
**Senior Service Inspector**

**Accident Description and Remarks:** Upon my investigation @ 12:45p involving TEO Jones Badge 3643 License no# T520-234 135-839 working Dexter, the Operator stated while stand-ing at the traffic light in the curb lane southbound on Cass @ Antoinette with twenty-five passengers on board. Vehicle #1 a 2009 Ford Taurus driven by a Mr John R Campbell, who resides at ███████ ████ in Springfield MI. with two passengers in the car, was standing in the left turn lane southbound on Cass @ Antoinette, when the light changed Mr John Campbell made a right turn into the coach (attempting to continue southbound on Cass). No reported injuries from the passengers traveling with vehicle #1. A Ms Kristen Edward on board the Coach seated in the rear (by a pole) DOB ████ reported that she fell into the pole causing pain to her right side and Knee. Medic 8 responded and transported the 19 year old injured passenger to ████████████. Detroit (Central) Unit 13-2 covered the accident - see report #53859. Cleared @ 1:47p. The Coach was pulled-in by a Mechanic and TEO Jones was pulled for collection and conveyed to Coinlentra by Sector 9.

| Time Notified | 12:57p | Time Arrived | 12:53p | Final Update | 1:47p |
|---|---|---|---|---|---|

Superintendent Action:

(over)                    Senior Service Inspector

68 2375

13-53846-tjt    Doc 11916    Filed 06/16/17    Entered 06/16/17 15:03:05    Page 24 of 126

OPERATOR NAME _Jones, Eric_      BADGE _3643_   DATE: _01/03/13_

COACH _4181_ RUN _19_   LINE _11_   LOCATION _Cass Ave & Antoinette_

**WHAT DRIVERS WERE DOING**

_Making a right_
Vehicle #1        Vehicle #3

_Going straight_
Vehicle #3        Coach

... making a right, left or U turn, going straight,
slowing down or stopping, changing lanes, leaving
curb, parked, backing or other

**TRAFFIC CONTROL**
_Signal light_
signal lights, stop sign, railroad lights, open
intersection, none or other

Point of impact Other Object

Damage to Other Property _Major damage to_
_front passenger door and right_
_side windsheild - No other_
_property damage_

Indicate NORTH

(←)

_Richard Ryans_
Senior Service Inspector

not to scale



_Cass Ave_

_Antoinette_

_Veh #1_

_Veh #1_

OPERATOR NAME _Jones, Eric_    BADGE _3643_  LIcNo# _____  DATE: _01103113_

COACH _4187_  RUN _19_  LINE _16_  LOCATION _Cass Ave & Antoinette_

# DETROIT DEPARARTMENT OF TRANSPORTATION (DDOT)
## POST-ACCIDENT RECORD OF DECISIONS

Manager/Supervisor: this form is to be used to document action taken following an accident involving a city-owned vehicle. FTA policy requires the testing of the vehicle operator and other employees whose performance could have contributed to the accident

Employee Name _Jones, Eric_   Job Title _TEO_

Badge# (If TEO) or Pension# or Social Security# _3643 - Lic No #_ ▮▮▮▮▮

## ACCIDENT INFORMATION:

Date _01-03-13_ Time _12:45p_ Location _Cass and Antoinette_

Vehicle Number _4187_   Route _16_   Run _19_

## SECTION I
### TEST AUTHORITY DETERMINATION TABLE

Use below to indicate the results of the accident and required test. Check only one accident result. If based on all facts you have it appears that the driver is NOT a possible cause of the accident, circle option "C" (No Test needed)" below.

| | VEHICLE ACCIDENT RESULTS | TEST AUTHORITY: FTA or DDOT |
|---|---|---|
| | Revenue vehicle (Bus) with fatality | FTA |
| X | Revenue vehicle (Bus) with injury requiring medical treatment away from scene | FTA |
| | Revenue vehicle (Bus) with any vehicle towed OR disabling damage* | FTA |
| | Non-Revenue vehicle operated by Safety-Sensitive Person with fatality | FTA |
| | Non-Revenue vehicle operating by Safety Sensitive Person with injury requiring medical treatment away from the scene | FTA |
| | Non-Revenue vehicle operating by Safety Sensitive Person with any vehicle towed OR disabling damage* | FTA |
| | FTA Post Accident requirements NOT met. | DDOT |

**POST ACCIDENT TEST REQUIRED** (circle one)

A) FTA (Regulated)
B) DDOT (Non-Regulated)
C) No Test Needed

*Disabling Damage—damage that precludes the departure of any vehicle from the scene of the occurrence in its usual manner in daylight after simple repairs. Disabling damage includes damage to vehicles that could have been operated but would have been further damaged if so operated, but does not include damage which can be remedied temporarily at the scene of the occurrence without special tools or parts, tire disablement without other damage even if no spare is available, or damage to headlights, taillights, turn signal, horn, mirrors, or windshield wipers that makes them inoperative.

Rev: 8/4/08

## SECTION II

All safety–sensitive and non – safety-sensitive employees whose performance could also have contributed to the accident, based on the best information available at the time of the decision will also be tested for the presence of drugs and alcohol.

**STATUS OF THIS EMPLOYEE (circle one): Vehicle Operator     Other:_____**

Are any other people to be tested as a result of this accident (circle one)?

               Yes    No    Unknown at this time; investigation on going.

If yes, names(s)_____

Describe Accident Involvement of People listed above.

_____
_____
_____

## SECTION III

Following an accident, the Department will attempt to complete an alcohol test within 2 hours of the accident. If not able to obtain it within 2 hours, they will file a written report as to why they were not able and continue attempts to obtain specimen. If they are not able to obtain specimen in 8 hours, they will cease attempts to obtain specimen and update the 2-hour written report.

Any safety sensitive or non-safety- sensitive employee will be drug tested as soon as possible, but not to exceed thirty- two (32) hours for drug testing. If not able to obtain drug testing within 32 hours a written report must explain the reason for not testing earlier.

Test Site Arrival Time: _1:55 p_

Elapsed Time (between accident and test site arrival): _1 hr 10 min's_

Is the Elapsed Time less than 2 hours? (Attempt to test must cease after 8 hours)     Yes     No

If no, state reason (s) below:

_____
_____
_____

Is the Elasped Time less than 32 hours? (Attempt to test must cease after 32 hours)     Yes     No

If no, state reason(s) below:

_____
_____
_____

Signature: _Deborah Ryans_

Name (Print): _Deborah Ryans_

Date: _01-03-13_     Time: _2:20 p_

**This document must be retained on file, with the accident report, as a record of decisions. A copy must immediately be sent to the DER to be filed with test report(s).**

Rev: 8/4/08



01/03/2013









01/03/2013



**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date | Page |
|---|---|
| 8/31/2013 | 1 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| Date of Last Payment: | | Amount: | 0.00 | |
| Patient: JAMIE SIMPSON | | Chart #: SIMJA000 | Case Description: BUS ACCIDENT | |
| 1/18/2013 | 1308290000 | OFFICE VISIT (NEW PATIENT) | 2921 | 150.00 |
| 1/18/2013 | 1308290000 | CERV AP-LAT (2-3 views) | 2921 | 100.00 |
| 1/18/2013 | 1308290000 | THORACIC AP/LAT | 2921 | 150.00 |
| 1/18/2013 | 1308290000 | LUMBAR AP/LAT (2-3 views) | 2921 | 150.00 |
| 1/23/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 1/23/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 1/23/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 1/23/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 1/25/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 1/25/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 1/25/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 1/25/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 1/28/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 1/28/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 1/28/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 1/28/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 1/30/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 1/30/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 1/30/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 1/30/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/2/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

WARREN CHIROPRACTIC & REHAB
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date | Page |
|---|---|
| 8/31/2013 | 2 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 2/2/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/2/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/2/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/4/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/4/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/4/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/4/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/6/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/6/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/6/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/6/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/8/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/8/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/8/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/8/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/11/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/11/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/11/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/11/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/13/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/13/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/13/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/13/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

@0003/0013          Warren Chiropractic          11/14/2013 15:27 FAX 313 240 7970

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date | Page |
|---|---|
| 8/31/2013 | 3 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 2/15/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/15/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/15/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/15/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/18/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/18/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/18/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/18/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/20/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/20/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/20/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/20/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/22/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/22/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/22/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/22/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/27/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/27/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/27/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/27/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/1/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/1/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/1/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

@0004/0018          Warren Chiropractic          313 240 7970   FAX 15:28 2013/14/11

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date | Page |
|---|---|
| 8/31/2013 | 4 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 3/1/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/4/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/4/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/4/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/4/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/6/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/6/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/6/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/6/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/8/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/8/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/8/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/8/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/13/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/13/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/13/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/13/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/15/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/15/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/15/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/15/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/20/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/20/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 3/20/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/20/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/22/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/22/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/22/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/22/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/27/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/27/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/27/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/27/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/29/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/29/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/29/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/29/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/3/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/3/2013 | 1308290000 | MASSAGE THERAPY. | 2921 | 55.00 |
| 4/3/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/3/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/6/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/6/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 4/6/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/6/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/8/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

@0008/0013    Warren Chiropractic    313 240 7870 FAX 15:28 2013/14/11

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date |
|---|
| 8/31/2013 |

**JAMIE SIMPSON**

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 4/8/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 4/8/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/8/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/10/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/10/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 4/10/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/10/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/12/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/12/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 4/12/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/12/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/17/2013 | 1308290000 | 10 MIN OV (FOCUSED) established patient | 2921 | 50.00 |
| 4/17/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/17/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/17/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 4/17/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/19/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/19/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/19/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 4/19/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/22/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/22/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/22/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date |
| --- |
| 8/31/2013 |

| Page |
| --- |
| 7 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
| --- |
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
| --- | --- | --- | --- | --- |
| 4/22/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/26/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/26/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/26/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 4/26/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/29/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/29/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/29/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 4/29/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/2/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/2/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/2/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/2/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/3/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/3/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/3/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/3/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/6/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/6/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/6/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/6/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/8/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/8/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
| --- | --- | --- | --- |
| Continued | Continued | Continued | $ 15,960.00 |

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date |
|---|
| 8/31/2013 |

| Page |
|---|
| 8 |

**JAMIE SIMPSON**
█████████████
DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 5/8/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/8/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/13/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/13/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/13/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/13/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/15/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/15/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/20/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/20/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/20/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/20/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/22/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/22/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/22/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/22/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/24/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/24/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/24/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/24/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/29/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/29/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/29/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

13-53846-tjt   Doc 11916   Filed 06/16/17   Entered 06/16/17 15:03:05   Page 42 of 126

@0008/0013   Warren Chiropractic   313 240 7870   FAX 15:28   11/14/2013   1/1

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date |
|---|
| 8/31/2013 |

| Page |
|---|
| 9 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 5/29/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/3/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/3/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/3/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/3/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/7/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/7/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/7/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/7/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/10/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/10/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/10/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/10/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/14/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/14/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/14/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/14/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/17/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/17/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/17/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/17/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/21/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/21/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date | Page |
|---|---|
| 8/31/2013 | 10 |

**JAMIE SIMPSON**
████████

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 6/21/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/21/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/26/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/26/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/26/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/26/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/28/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/28/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/28/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/28/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 7/1/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 7/1/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 7/1/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 7/1/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 7/10/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 76.00 |
| 7/10/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 7/10/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 7/10/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 7/12/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 7/12/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 7/12/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 7/12/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 7/18/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

@0011/0013                    Warren Chiropractic                    11/14/2013 15:30 FAX 313 240 7870

WARREN CHIROPRACTIC & REHAB
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date | | Page |
|---|---|---|
| 8/31/2013 | | 11 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 7/18/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 7/18/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 7/18/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 7/19/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 7/19/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 7/19/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 7/19/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 7/26/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 7/26/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 7/26/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 7/26/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/1/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/1/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/1/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/1/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/2/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/2/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/2/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/2/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/7/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/7/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/7/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/7/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date |
| --- |
| 8/31/2013 |

| Page |
| --- |
| 12 |

**JAMIE SIMPSON**
█████████
**DETROIT, MI 48214**

| Chart Number |
| --- |
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
| --- | --- | --- | --- | --- |
| 8/12/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/12/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/12/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/12/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/15/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/15/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/15/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/15/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/20/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/20/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/20/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/20/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/21/2013 | 1308290000 | 10 MIN OV (FOCUSED) established patient | 2921 | 50.00 |
| 8/21/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/21/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/21/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/21/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/31/2013 | 1309130000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/31/2013 | 1309130000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/31/2013 | 1309130000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/31/2013 | 1309130000 | HOT/COLD PACKS | 2921 | 45.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
| --- | --- | --- | --- |
| $15960.00 | $0.00 | $0.00 | $ 15,960.00 |

@0013/0013          ʇɔᴉʇɔɐɹdoɹᴉɥƆ uǝɹɹɐM⌶          0Z8Z 0⊅Z ƐƖƐ X∀Ⅎ 0Ɛ:ϛƖ ƐƖ0Z/⊅Ɩ/ƖƖ

# Law Offices
## Of
### David J. Jarrett P.C.
#### Professional Corporation

**12820 Ford Rd., Suite 1, Dearborn, Michigan  48126**

*Office: (313) 943-3113*
*Fax: (313) 582-0050*

May 14, 2013

**SENT VIA FAX ONLY**
313-224-5505

City Of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226-3535
Attn: Monique Tyler

| | | |
|---|---|---|
| Re: | **My Client:** | **Jamie Simpson** |
| | **Date of Loss:** | **Jan. 3, 2013** |
| | **Claim No.:** | **A32950-002763-07** |

Dear Monique Tyler:

On behalf of the above client, I am making a household services demand.  In support of the claim are Statements of Services Rendered and Disability Certificates.

The amount of the current claim for household services outstanding is $2,340.00 (01-4-13 through04-30-13, 117days x $20.00 per day).

**Please forward the check for the sum of $2,340.00 payable to my client and David J. Jarrett, P.C. (38-3477312) at the above address.**

Thanking you in advance for your anticipated cooperation.

Very truly yours,

**DAVID J. JARRETT, P.C.**

## Disability Certificate

Mr./Mrs./Ms. _Jamie Simpson_ was examined and/or is being treated in this office for injuries sustained on: _1-3-13_

It is my professional opinion that the patient is disabled as a result of the foregoing condition from performing the activities listed below:

____✓____ Employment, which involves bending, lifting, twisting and prolonged standing and/or sitting.

_____ Housework and caring for the patient's children which involves bending, lifting, twisting and prolonged standing as required by changing children's clothes. Bathing children, cooking for the children, feeding children, cleaning or straightening up after the children, cooking, etc.

_____ Caring for the patient's personal needs, which includes bending, twisting, lifting, prolonged standing as required by bathing the patient, dressing the patient, cooking for the patient, fetching, carrying and lifting things for the patient, etc.

____✓____ Patient is unable to drive due to:
    ____✓____ Medical condition / Physical limitations / Under the effects of medication
    _____ No transportation
    _____ No license / Minor

The patient is/was disabled from performing the above from:
_1-3-13_ to _3-31-13_

It is my opinion that the patient requires nursing care, as he/she requires assistance with the following:

_____ Assistance with bathing and/or in and out of tub
_____ Assistance to and from and/or in the bathroom or with a bedpan
_____ Assistance with personal grooming
_____ Assistance with transfers from room to room, bed to chair, etc.
_____ Assistance with dressing
_____ Assistance with fetching, carrying and lifting things
_____ Assistance with in-home therapy
_____ Driving/providing transportation
_____ Other: 24 hour assistance/supervision

The patient does/did require assistance caring for the patient's personal needs from:
_____ to _____ for _____ hours per day;

Doctor's Signature                         Date _2-6-13_

05/01/2013 10:58 FAX 313 240 7970    Warren Chiropractic    @0007/0007



**Warren Chiropractic & Rehab Clinic P.C.**
Dr. John Mousa Mufarreh D.C.
19201 W. Warren
Detroit, MI. 48228

Office (313) 240-7950                    Fax (313) 240-7970

## Disability Certificate

Mr./Mrs./Ms. _Jamie Simpson_ was examined and/or is being treated in this office for injuries sustained on: _1-3-13_

It is my professional opinion that the patient is disabled as a result of the foregoing condition from performing the activities listed below:

_✓___ Employment, which involves bending, lifting, twisting and prolonged standing and/or sitting.

_✓___ Housework and caring for the patient's children which involves bending, lifting, twisting and prolonged standing as required by changing children's clothes. Bathing children, cooking for the children, feeding children, cleaning or straightening up after the children, cooking, etc.

_✓___ Caring for the patient's personal needs, which includes bending, twisting, lifting, prolonged standing as required by bathing the patient, dressing the patient, cooking for the patient, fetching, carrying and lifting things for the patient, etc.

_✓___ Patient is unable to drive due to:

_____ Medical condition / Physical limitations / Under the effects of medication
_____ No transportation
_____ No license / Minor

The patient is/was disabled from performing the above from:
_3-31-13_ to _4-30-13_

It is my opinion that the patient requires nursing care, as he/she requires assistance with the following:

_____ Assistance with bathing and/or in and out of tub
_____ Assistance to and from and/or in the bathroom or with a bedpan
_____ Assistance with personal grooming
_____ Assistance with transfers from room to room, bed to chair, etc.
_____ Assistance with dressing
_____ Assistance with fetching, carrying and lifting things
_____ Assistance with in-home therapy
_____ Driving/providing transportation
_____ Other: 24 hour assistance/supervision

The patient does/did require assistance caring for the patient's personal needs from:
_____ to _____ for _____ hours per day;

_____          _4-3-13_
Doctor's Signature                                    Date

05/01/2013 10:58 FAX 313 240 7870        Warren Chiropractic        ☑0008/0007

## Disability Certificate

Mr./Mrs./Ms. _Jamie Simpson_ was examined and/or is being treated in this office for injuries sustained on: _1-3-13_

It is my professional opinion that the patient is disabled as a result of the foregoing condition from performing the activities listed below:

__✓__ Employment, which involves bending, lifting, twisting and prolonged standing and/or sitting.

__✓__ Housework and caring for the patient's children which involves bending, lifting, twisting and prolonged standing as required by changing children's clothes. Bathing children, cooking for the children, feeding children, cleaning or straightening up after the children, cooking, etc.

__✓__ Caring for the patient's personal needs, which includes bending, twisting, lifting, prolonged standing as required by bathing the patient, dressing the patient, cooking for the patient, fetching, carrying and lifting things for the patient, etc.

__✓__ Patient is unable to drive due to:
  __✓__ Medical condition / Physical limitations / Under the effects of medication
  _____ No transportation
  _____ No license / Minor

The patient is/was disabled from performing the above from:
_4-30-13_ to _5-31-13_

It is my opinion that the patient requires nursing care, as he/she requires assistance with the following:

_____ Assistance with bathing and/or in and out of tub
_____ Assistance to and from and/or in the bathroom or with a bedpan
_____ Assistance with personal grooming
_____ Assistance with transfers from room to room, bed to chair, etc.
_____ Assistance with dressing
_____ Assistance with fetching, carrying and lifting things
_____ Assistance with in-home therapy
_____ Driving/providing transportation
_____ Other: 24 hour assistance/supervision

The patient does/did require assistance caring for the patient's personal needs from:
_____ to _____ for _____ hours per day;

Doctor's Signature                    Date _5-1-13_

# Household (Replacement) Services Statement

**Claimant's Name:** Jamie Simpson

**Claim Number:** _____  **Date of Loss:** __/__/__

**Service Provider's Name:** Terrell Simpson

**Service Provider's Address (Street, City, State):** ████████████ Det Mi

**Service Provider's Telephone #:** ███ 734 757-3486  **Service Provider's SS#:** ████████

Describe specifically what services were provided by putting the **LETTER** in the appropriate date below

- A. Vacuuming
- B. Dusting
- C. Cooking
- D. Dishwashing
- E. Making Beds
- F. Ironing
- G. Laundry
- H. Changing Linens
- I. Snow Shoveling
- J. Grass Cutting
- K. Grocery Shopping
- L. Driving
- M. Taking out Garbage
- N. Running Errands
- O. Child Care
- P. Window Washing
- Q. Home Repairs
- R. Misc/Other: _____

**MONTH:** Jan. 4   **YEAR:** 2013

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | **4** B,C,D,A | **5** F, B, A |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **6** E,A,B C | **7** F,E,A,B 3 | **8** D,H,G C | **9** B,C,D,A | **10** N,B,C,D | **11** A,m,B,D | **12** A,C,D,B |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **13** H,B,C,D | **14** m,B,C,D | **15** A,B,D,H | **16** F,B,C,D | **17** m,L,B,C | **18** F,G,B,A | **19** C,A,D,H |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **20** L,B,C,D | **21** A,C,D,B | **22** H,P,E,B | **23** A,C,E,B | **24** C,B,A,D | **25** D,B,A,G | **26** D,C,B,A |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **27** C,D,A,B | **28** m,A,B,C | **29** D,H,G,B | **30** B,E,H,C | **31** D,C,A,E | | |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | | | | |

I, the undersigned, have not performed these services on a regular basis prior to the injured person's accident date as indicated above and swear that it is true and correct.

**Service Provider's Signature:** Terrell Simpson   **Date:** 2/1/13

# Household (Replacement) Services Statement

**Claimant's Name:** Jamie Simpson

**Claim Number:** _____  **Date of Loss:** / /

**Service Provider's Name:** Terrell Simpson

**Service Provider's Address (Street, City, State):** ████████████ Det Mi

**Service Provider's Telephone #:** (█3█) 757-3486  **Service Provider's SS#:** ████████

Describe specifically what services were provided by putting the **LETTER** in the appropriate date below

| | | | |
|---|---|---|---|
| A. Vacuuming | B. Dusting | C. Cooking | D. Dishwashing |
| E. Making Beds | F. Ironing | G. Laundry | H. Changing Linens |
| I. Snow Shoveling | J. Grass Cutting | K. Grocery Shopping | L. Driving |
| M. Taking out Garbage | N. Running Errands | O. Child Care | P. Window Washing |
| Q. Home Repairs | R. Misc/Other: _____ | | |

**MONTH:** Feb  **YEAR:** 2013

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | **1** B,A,C,O | **2** G,C,E,B |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **3** A,B,C,O | **4** B,C,D,A | **5** G,H,D,B | **6** L,B,A,E | **7** D,A,B | **8** L,B,E,A | **9** H,D,C,A |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **10** B,A,G,C | **11** m,B,A,E | **12** C,B,A,H | **13** C,B,A,O | **14** A,E,F,B | **15** H,C,B,A | **16** m,B,C,D |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **17** A,B,D,E | **18** C,B,A,F | **19** G,A,H,B | **20** A,C,B,D | **21** N,B,C,A | **22** B,A,C,D | **23** F,B,C,A |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **24** E,B,C,O | **25** B,A,C,D | **26** B,A,C,O | **27** A,E,B,G | **28** C,D,A,B | **29** G,A,C,O | |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | | | | |

I, the undersigned, have not performed these services on a regular basis prior to the injured person's accident date as indicated above and swear that it is true and correct.

**Service Provider's Signature:** Terrell Simpson  **Date:** 3/2/13

# Household (Replacement) Services Statement

**Claimant's Name:** Jamie Simpson

**Claim Number:** _____  **Date of Loss:** / /

**Service Provider's Name:** Terrell Simpson

**Service Provider's Address (Street, City, State):** ███████████ Det Mi

**Service Provider's Telephone #:** (███) 757-3486  **Service Provider's SS#:** ██████████

Describe specifically what services were provided by putting the **LETTER** in the appropriate date below

A. Vacuuming  
E. Making Beds  
I. Snow Shoveling  
M. Taking out Garbage  
Q. Home Repairs  

B. Dusting  
F. Ironing  
J. Grass Cutting  
N. Running Errands  
R. Misc/Other: _____  

C. Cooking  
G. Laundry  
K. Grocery Shopping  
O. Child Care  

D. Dishwashing  
H. Changing Linens  
L. Driving  
P. Window Washing  

**MONTH:** March  **YEAR:** 2013

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | **1**<br>E,B,C,D | **2**<br>A,B,H,E |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **3**<br>A,B,C,D | **4**<br>B,C,D,A | **5**<br>F,G,H,A | **6**<br>C,B,E,A | **7**<br>C,A,O,B | **8**<br>H,C,B,O | **9**<br>A,B,E,F |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **10**<br>C,D,M,G | **11**<br>H,B,C,A | **12**<br>C,B,E,A | **13**<br>B,C,D,A | **14**<br>M,B,C,G | **15**<br>A,B,D,L | **16**<br>F,G,H,A |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **17**<br>H,B,C,D | **18**<br>F,G,H,M | **19**<br>B,C,D,A | **20**<br>F,G,B,A | **21**<br>H,D,C,A | **22**<br>F,B,E,C | **23**<br>C,B,A,D |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **24**<br>L,G,H,F | **25**<br>B,C,D,A | **26**<br>B,G,D,A | **27**<br>D,G,F,E | **28**<br>H,B,C,A | **29**<br>C,B,F,G | **30**<br>B,C,A,F |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | | | | |

**31**<br>G,H,B,A

I, the undersigned, have not performed these services on a regular basis prior to the injured person's accident date as indicated above and swear that it is true and correct.

**Service Provider's Signature:** Terrell Simpson  **Date:** 4/2/13

# Household (Replacement) Services Statement

**Claimant's Name:** Jamie Simpson

**Claim Number:** _____  **Date of Loss:** / /

**Service Provider's Name:** Terrell Simpson

**Service Provider's Address (Street, City, State):** ███████ Det Mi

**Service Provider's Telephone #:** (734) 757-3486  **Service Provider's SS#:** ███████

Describe specifically what services were provided by putting the **LETTER** in the appropriate date below

A. Vacuuming  
E. Making Beds  
I. Snow Shoveling  
M. Taking out Garbage  
Q. Home Repairs  

B. Dusting  
F. Ironing  
J. Grass Cutting  
N. Running Errands  
R. Misc/Other: _____  

C. Cooking  
G. Laundry  
K. Grocery Shopping  
O. Child Care  

D. Dishwashing  
H. Changing Linens  
L. Driving  
P. Window Washing  

**MONTH:** April   **YEAR:** 2013

| | | | | | |
|---|---|---|---|---|---|
| **1** B,C,D,A | **2** M,C,D,B | **3** A,B,D,C | **4** B,C,A,M | **5** G,D,H,C | **6** B,A,C,E |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **7** M,G,H,A | **8** A,F,G,H | **9** G,H,I,F | **10** D,A,B,F | **11** A,C,D,B | **12** H,B,C,A | **13** F,B,C,A |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **14** F,G,C,E,B | **15** C,D,A,B | **16** H,B,C,B | **17** M,E,I,A,B | **18** C,F,A,B | **19** J,G,D,A | **20** F,I,G,A,B |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **21** M,H,A,C | **22** E,A,D,M | **23** F,I,C,D,A | **24** L,G,H,B | **25** B,C,A,D | **26** L,M,G,H | **27** C,D,A,B |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **28** C,B,A,D | **29** C,D,M,A | **30** B,C,A,E | | | | |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | | | | |

I, the undersigned, have not performed these services on a regular basis prior to the injured person's accident date as indicated above and swear that it is true and correct.

**Service Provider's Signature:** Terrell Simpson   **Date:** 5/2/13

# Household (Replacement) Services Statement

**Claimant's Name:** Jamie Simpson

**Claim Number:** _____  **Date of Loss:** /  /

**Service Provider's Name:** Terrell Simpson

**Service Provider's Address (Street, City, State):** ████████  Det Mi

**Service Provider's Telephone #:** (734) 757-3486  **Service Provider's SS#:** ████████

Describe specifically what services were provided by putting the **LETTER** in the appropriate date below

- A. Vacuuming
- B. Dusting
- C. Cooking
- D. Dishwashing
- E. Making Beds
- F. Ironing
- G. Laundry
- H. Changing Linens
- I. Snow Shoveling
- J. Grass Cutting
- K. Grocery Shopping
- L. Driving
- M. Taking out Garbage
- N. Running Errands
- O. Child Care
- P. Window Washing
- Q. Home Repairs
- R. Misc/Other: _____

**MONTH:** May  **YEAR:** 2013

| | | | 1 | 2 | 3 | 4 |
|---|---|---|---|---|---|---|
| | | | B,C,D,A | M,C,P,B | A,B,D,C | B,C,A,N |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| B,A,C,E 5 | G,H,D,C 6 | H,G,H,A 7 | A,F,G,H 8 | G,H,I,F 9 | D,A,B,F 10 | A,C,D,B 11 |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| F,B,C,A 12 | H,B,C,A 13 | F,G,C,E 14 | C,D,A,B 15 | H,B,C,A 16 | M,E,A,B 17 | C,T,A,B 18 |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| F,C,A,B 19 | B,C,D,A 20 | M,H,A,C 21 | E,A,D,M 22 | F,C,D,A 23 | L,G,H,B 24 | B,C,A,D 25 |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| C,D,A,B 26 | L,M,G,H 27 | C,B,A,D 28 | C,D,M,A 29 | B,C,A,E 30 | F,C,D,A 31 | |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | | | | |

I, the undersigned, have not performed these services on a regular basis prior to the injured person's accident date as indicated above and swear that it is true and correct.

**Service Provider's Signature:** Terrell Simpson  **Date:** _____

# Household (Replacement) Services Statement

**Claimant's Name:** Jamie Simpson

**Claim Number:** _____ **Date of Loss:** __ / __ / __

**Service Provider's Name:** Terrell Simpson

**Service Provider's Address (Street, City, State):** ███████████ Det Mi

**Service Provider's Telephone #:** (734) 757-3486 **Service Provider's SS#:** ███████

Describe specifically what services were provided by putting the **LETTER** in the appropriate date below

A. Vacuuming    B. Dusting    C. Cooking    D. Dishwashing

E. Making Beds    F. Ironing    G. Laundry    H. Changing Linens

I. Snow Shoveling    J. Grass Cutting    K. Grocery Shopping    L. Driving

M. Taking out Garbage    N. Running Errands    O. Child Care    P. Window Washing

Q. Home Repairs    R. Misc/Other: _____

**MONTH:** June    **YEAR:** 2013

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | **1** B,C,D,A |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **2** G,H,D,C | **3** M,G,H,A | **4** A,B,D,C | **5** B,C,A,M | **6** G,H,D,C | **7** M,C,D,B | **8** A,F,G,H |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **9** H,B,C,A | **10** F,G,B,C | **11** D,A,B,F | **12** A,C,D,B | **13** H,B,C,A | **14** G,H,I,F | **15** C,D,A,B |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **16** B,C,D,A | **17** M,H,A,C | **18** M,E,A,B | **19** C,F,A,B | **20** B,C,D,A | **21** H,B,C,D | **22** E,A,D,M |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | Amt: $20.00 |
| **23** L,N,G,H | **24** C,B,A,D | **25** L,G,H,B | **26** B,C,A,D | **27** L,H,G,H | **28** F,C,D,B | **29** C,D,M,A |
| Amt: $20.00 | Amt: $20.00 | Amt: $20.00 | | | | **30** B,C,D,A |

I, the undersigned, have not performed these services on a regular basis prior to the injured person's accident date as indicated above and swear that it is true and correct.

**Service Provider's Signature:** _Terrell Simpson_ **Date:** _____

# Household (Replacement) Services Statement

**Claimant's Name:** Jamie Simpson

**Claim Number:** _____  **Date of Loss:** __/__/__

**Service Provider's Name:** Terrell Simpson

**Service Provider's Address (Street, City, State):** ████████ Det Mi

**Service Provider's Telephone #:** ~~(734)~~ 734 757-3486  **Service Provider's SS#** ████

Describe specifically what services were provided by putting the **LETTER** in the appropriate date below

| | | | |
|---|---|---|---|
| A. Vacuuming | B. Dusting | C. Cooking | D. Dishwashing |
| E. Making Beds | F. Ironing | G. Laundry | H. Changing Linens |
| I. Snow Shoveling | J. Grass Cutting | K. Grocery Shopping | L. Driving |
| M. Taking out Garbage | N. Running Errands | O. Child Care | P. Window Washing |
| Q. Home Repairs | R. Misc/Other: _____ | | |

**MONTH:** July  **YEAR:** 2013

| | | | | | |
|---|---|---|---|---|---|
| **1** B,C,D,A<br>Amt: $20.00 | **2** M,I,C,D,B<br>Amt: $20.00 | **3** A,B,D,C<br>Amt: $20.00 | **4** B,C,A,m<br>Amt: $20.00 | **5** G,D,H,C<br>Amt: $20.00 | **6** B,A,C,E<br>Amt: $20.00 |
| **7** M,G,H,A<br>Amt: $20.00 | **8** A,F,G,H<br>Amt: $20.00 | **9** G,H,I,F<br>Amt: $20.00 | **10** D,A,B,F<br>Amt: $20.00 | **11** A,C,D,B<br>Amt: $20.00 | **12** H,B,C,A<br>Amt: $20.00 |
| **13** F,B,C,A<br>Amt: $20.00 | **14** F,G,C,E<br>Amt: $20.00 | **15** C,D,A,B<br>Amt: $20.00 | **16** H,B,C,D<br>Amt: $20.00 | **17** M,E,A,B<br>Amt: $20.00 | **18** C,F,A,B<br>Amt: $20.00 |
| **19** B,C,D,A<br>Amt: $20.00 | **20** F,C,A,B<br>Amt: $20.00 | **21** M,H,A,C<br>Amt: $20.00 | **22** E,A,D,M<br>Amt: $20.00 | **23** F,C,D,A<br>Amt: $20.00 | **24** L,H,G,B<br>Amt: $20.00 |
| **25** B,C,A,D<br>Amt: $20.00 | **26** L,M,G,H<br>Amt: $20.00 | **27** C,D,A,B<br>Amt: $20.00 | **28** C,B,A,D<br>Amt: $20.00 | **29** C,D,M,A<br>Amt: $20.00 | **30** B,C,A,E<br>Amt: $20.00 |
| **31** M,G,H,A | | | | | |

I, the undersigned, have not performed these services on a regular basis prior to the injured person's accident date as indicated above and swear that it is true and correct.

**Service Provider's Signature:** Terrell Simpson  **Date:** _____

**<u>Exhibit 6B – Service of Notice of Effective Date</u>**

29108756.3\022765-00213

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 9 |
| City of Detroit, Michigan, | Case No. 13-53846 |
| Debtor. | Hon. Steven W. Rhodes |

_____/

## CERTIFICATE OF SERVICE

I, Lydia Pastor Nino, certify and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtor in the above-captioned case.

On or before December 16, 2014, at my direction and under my supervision, employees of KCC caused to be served the following document via First Class mail on the service lists attached hereto as **Exhibit A** and **Exhibit B**:

- Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date [Docket No. 8649]

Furthermore, on December 22, 2013, at my direction and under my supervision, employees of KCC caused the following documents to be served via Overnight mail on the service list attached hereto as **Exhibit C**, for subsequent distribution to beneficial holders of the securities listed on **Exhibit D**; via First Class mail to the parties on the service list attached hereto as **Exhibit E**; and via Email on the service list attached hereto as **Exhibit F**:

- Notice of (I) Entry of Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit and (II) Occurrence of Effective Date [Docket No. 8649]

Dated: December 23, 2014

/s/ Lydia Pastor Nino
Lydia Pastor Nino
KCC
2335 Alaska Ave
El Segundo, CA 90245

| CreditorName | CreditorNoticeName | Address1 | Address2 | Address3 | City | State | Zip | Country |
|---|---|---|---|---|---|---|---|---|
| James, John D | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Kelly D | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Kewanee | | 7600 W Outer Dr | | | | | | |
| James, Kimberly | Guerriero, Anthony | Westwood Community Schools General Counsel 6829 Park Ave | | | Allen Park | MI | 48101 | |
| James, Kimberly | Holtzwell, Melvin Butch, Jr. | Melvin Butch Hollowell ESQ, PC | 100 Riverfront Dr Apt 2011 | | Detroit | MI | 48226 | |
| James, Kimberly | Morgan, Courtney | Morgan & Meyers PLLC | 3200 Greenfield Rd Ste 260 | | Dearborn | MI | 48120 | |
| James, Kimberly | Poscevich, Debra | Morgan & Meyers PC | 3200 Greenfield Rd Ste 260 | | Dearborn | MI | 48120 | |
| James, Kimberly A | REDACTED | REDACTED | | REDACTED | Dearborn | REDACTED | 48120 | REDACTED |
| James, Kimberly A | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Lawrence | REDACTED | 7754 Piedmont St | | | Detroit | MI | 48228-3328 | |
| James, Leah | REDACTED | 19309 Berrier St | | | Detroit | MI | 48210-1960 | |
| JAMES, LINZON JR. | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Lorenzo | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Lorenzo E | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Lorenzo E | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMES, LORENZO E | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Mack D | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMES, MACK D | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Marie | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMES, MARGARET | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Marian | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMES, MARIAN | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Mary Jane | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMES, MARY JANE | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Michael | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Michael | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Michael | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMES, MICHAEL | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMES, MICHAEL | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Michelle R | REDACTED | 18257 Warwick St | | | Detroit | MI | 48219-2817 | |
| James, Mittie | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Nicole | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Richard | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Nicholas N | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Nicole | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Nicole S | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMES, NICOLE S | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMES, NICOLE S | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Quinten N | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Rokia | REDACTED | 7634 Warwick St | | | Detroit | MI | 48228-3317 | |
| JAMES, RENE | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Richard | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMES, RICHARD | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Sean Roches | REDACTED | 20500 Hawthorne St | | | Detroit | MI | 48203-1281 | |
| JAMES, SEAN ROCHESTER | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Sonya | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Sonya | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Sonya | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James, Steven | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMES, STEVEN | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| Jameson, Dorothy | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| Jameson, Tameka | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMESON, DOROTHY | REDACTED | 17000 W. 10 Mile Road | 2nd Floor | | Southfield | MI | 48075 | |
| JAMESON, DOROTHY | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James-Jabbs, Annie | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James Lynn Lewandowski | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| James S Fields | | 555 Brush St #2409 | | | Detroit | MI | 48226 | |
| Jame Simpson | David J. Jarrett, PC | 12500 Ford Rd, Suite 1 | | | Dearborn | MI | 48381 | |
| Jamieson, Denise | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| Jamieson, Denise | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| Jamieson, Dorothy M | REDACTED | 8097 Mayers Rd | | | Detroit | MI | 48228-4014 | |
| JAMIESON, DOROTHY M | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| Jamila Jackson | REDACTED | REDACTED | REDACTED | | St. Clair Shores | MI | 48080 | |
| Jaminet, Thomas A | REDACTED | 20804 Lange St | | | Dearborn | MI | 48080 | |
| JAMINET, THOMAS A | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| Jaminet Jr., Leonard E | REDACTED | 16903 Strathmoor St | | | Detroit | MI | 48235-4072 | |
| Jamison, Andre | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| Jamison, George L | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMISON, GEORGE L | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| Jamison, Gwendolyn | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMISON, GWENDOLYN | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| Jamison, Leroy | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| JAMISON, LARRY | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| Jamison, Lila Mae | REDACTED | 16901 Fenmore St | | | Detroit | MI | 48235-3422 | |
| JAMISON, LEONARD E, JR. | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |
| Jamison, Michael N | REDACTED | REDACTED | REDACTED | | REDACTED | REDACTED | REDACTED | REDACTED |

In re City of Detroit, Michigan
Case No. 13-53846

# Exhibit 6C – Complaint

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO.<br>15-016462-NF<br>Hon. John H. Gillis, Jr. |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-5243

| Plaintiff<br><br>SIMPSON, JAMIE | V | Defendant<br><br>THE CITY OF DETROIT |
|---|---|---|
| Plaintiff's Attorney<br><br>Lambros L. Andreopoulos, P-45136<br>28900 Woodward Ave<br>Royal Oak, MI 48067-0942 | | Defendant's Attorney |

## SUMMONS NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| 12/17/2015 | 3/17/2016 | File & Serve Tyler |

\*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**

☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.

☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

## VENUE

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

_____     _____
Date                        Signature of attorney/plaintiff



If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

Law Offices of Andreopoulos & Hill, PLLC
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991; Fax 248-399-9996

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JAMIE SIMPSON,

        Plaintiff,

                  Case no. 15-_____-NF

vs.

                  HON. _____

THE CITY OF DETROIT,

15-016462-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
12/17/2015 11:32:43 AM
CATHY M. GARRETT

        Defendant.

L. LOUIE ANDREOPOULOS (P45136)
DAVID T. HILL (P48771)
**Andreopoulos & Hill, PLLC**
Attorneys for Plaintiff
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991; Fax 248-399-9996

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this Complaint.

ANDREOPOULOS & HILL, PLLC

_/S/ L. Louie Andreopoulos_
L. LOUIE ANDREOPOULOS (P45136)
DAVID T. HILL (P48771)

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, JAMIE SIMPSON, by and through his attorneys, ANDREOPOULOS & HILL, PLLC, by DAVID T. HILL, and in support of his Complaint against Defendant, jointly and severally, shows unto this Honorable Court as follows:

### GENERAL ALLEGATIONS

1.    That the Plaintiff is resident of the City of Detroit, County of Wayne, State of Michigan.

1

2. That Defendant, CITY OF DETROIT was municipal corporation at all times relevant hereto, a Michigan Corporation conducting business in the County of Wayne, State of Michigan.

3. That this case involves a motor vehicle accident which occurred in the City of Detroit, County of Wayne, State of Michigan.

4. That the amount in controversy herein exceeds the sum of Twenty Five Thousand and 00/100 Dollars ($25,000.00), exclusive of interest, costs, and attorney fees.

## COUNT 1: No-Fault Benefits

5. Plaintiff herein re-incorporates by reference and realleges Paragraphs 1 through 4 of the General Allegations of this Complaint with the same force and effect as if same were set forth in full hereunder, and further states:

6. That on or about January 13, 2013, The City of Detroit Department of Transportation was the operator and/owner of a certain DOT Bus vehicle, which was traveling on The Dexter Line on Cass at or near the intersection of Antoinette.

7. That on or about January 13, 2013, Plaintiff, was passenger in said DOT Bus in the City of Detroit, when said bus was involved in a collision with a second vehicle.

8. That on or about January 13, 2013, Defendant Driver, was operating Defendant's vehicle and was involved in said incident in which Plaintiff sustained great bodily injury.

9. That the Defendant City Of Detroit and/or Detroit Department of Transportation (hereinafter Defendant Insurance) is a licensed motor carrier that is self-insured and/or otherwise provides no-fault insurance benefits pursuant to the Michigan No-Fault Act and conducting business in the State of Michigan and, at all times relevant hereto, conducting business in the County of Wayne, State of Michigan.

Law Offices of Andreopoulos & Hill, PLLC
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991; Fax 248-399-9996

2

Law Offices of Andreopoulos & Hill, PLLC
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991; Fax 248-399-9996

10. That on or about January 13, 2013, Plaintiff was a passenger, and therefore, was entitled no-fault PIP benefits through Defendant City Of Detroit and/or Detroit Department of Transportation which was self-insured or otherwise had no-fault insurance in accordance with the provisions of MCLA 500.3101, *et seq.* ("No Fault" Act) and Claim # A32950-002763-07

11. That under the terms and conditions of said policy, Defendant City of Detroit became obligated to pay to or on behalf of the Plaintiff certain expenses or losses in the event Plaintiff sustained bodily injuries in an accident while passengers on or pedestrians involved in an accident with Defendant 's City Of Detroit and/or Detroit Department of Transportation.

12. That on January 13, 2013, the Plaintiff were injured by said City Of Detroit and/or Detroit Department of Transportation causing them to sustain certain bodily injuries, necessitating medical treatment and devices, attendant care, wage loss, replacement services, medical transportation expenses and other allowable expenses pursuant to the said policy of insurance within the meaning of the policy and/or No Fault Act., and pursuant to Defendant' City Of Detroit and/or Detroit Police Department status as a self insurer.

13. That because of said injuries sustained while a passenger on Defendant's automotive coach, and subsequent thereto, Plaintiff has incurred certain medical expenses, and other allowable expenses which Defendant' City Of Detroit and/or Detroit Department of Transportation are obligated to pay under the terms of the said policy of insurance.

14. That because of said automotive coach accident, Plaintiff continues to incur medical expenses, attendant care, replacement services, wage loss, medical transportation expenses, and other allowable expenses, which Defendant Insurance is obligated to pay.

15. That although Defendant City Of Detroit and/or Detroit Department of Transportation may have paid for some of Plaintiff' expenses and losses, demand for payment of additional

3

compensation due Plaintiff has been made, and Defendant has further failed, neglected, and refused to pay those additional costs which continue to accrue.

16.    That Defendant City Of Detroit and/or Detroit Department of Transportation has unreasonably refused to pay Plaintiff and/or has unreasonably delayed making proper payment to Plaintiff, in violation of MCLA 500.3148, and Defendant' City Of Detroit and/or Detroit Department of Transportation continues to do so.

17.    That the amount in controversy, exclusive of costs, interests and attorney fees, exceeds Twenty-five Thousand Dollars ($25,000.00).

WHEREFORE, Plaintiff herein prays that this Honorable Court grant judgment in favor of Plaintiff and against the Defendant in an amount this Honorable Court deems Plaintiff is entitled for compensatory damages, including Plaintiff' damages incurred after the filing of this Complaint, and further grant Plaintiff injunctive relief requiring Defendant to pay for those expenses incurred by Plaintiff or requiring authorization from Defendant during the pendency of this action, and in addition thereto, interest, costs, penalties and Plaintiff' actual attorney fees as provided by statute.

Respectfully submitted,

**ANDREOPOULOS & HILL, PLLC**

DATED: December 17, 2015

_/S/ L. Louie Andreopoulos_
L. LOUIE ANDREOPOULOS (P45136)
DAVID T. HILL (P48771)
Attorney for Plaintiff
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991

Law Offices of Andreopoulos & Hill, PLLC
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991; Fax 248-399-9996

4

Law Offices of Andreopoulos & Hill, PLLC
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991; Fax 248-399-9996

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JAMIE SIMPSON,

      Plaintiff,

Case no. 15-_____-NF

vs.

Hon. _____

THE CITY OF DETROIT,

      Defendant.

L. LOUIE ANDREOPOULOS (P45136)
DAVID T. HILL (P48771)
**Andreopoulos & Hill, PLLC**
Attorneys for Plaintiff
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991; Fax 248-399-9996

## **DEMAND FOR JURY TRIAL**

    Plaintiff, by and through his attorneys, ANDREOPOULOS & HILL, PLLC, hereby demands a trial by jury in the above-entitled action.

                        Respectfully submitted,

                        **ANDREOPOULOS & HILL, PLLC**

                        */S/ L. Louie Andreopoulos*

DATED: December 17, 2015
                        L. LOUIE ANDREOPOULOS (P45136)
                        DAVID T. HILL (P48771)
                        Attorney for Plaintiff
                        28900 Woodward Avenue
                        Royal Oak, MI 48067
                        (248) 399-9991

**<u>Exhibit 6D – Letter to Plaintiff</u>**

**Spinner, Ronald A.**

| | |
|---|---|
| **Subject:** | FW: Re: JAMIE SIMPSON |
| **Attachments:** | Bankruptcy Order 4-10-15.pdf; Bankruptcy Objection 2-13-15.pdf |

**From:** Crystal Olmstead [mailto:olmsteadc@detroitmi.gov]
**Sent:** Friday, April 21, 2017 3:25 PM
**To:** Swanson, Marc N.
**Subject:** Fwd: Re: JAMIE SIMPSON

>>> Crystal Olmstead 4/12/2017 2:35 PM >>>
Fancy,

The City filed an Omnibus Objection to Certain Claims on February 13, 2015 on the basis of satisfaction of the claims.  Judge Tucker entered an order on  April 10, 2015 sustaining the City's objection.  Jamie Simpson's claim was included in the Court's order.

As  a result, the claim is deemed satisfied.  I have attached copies of both referenced documents for your review.  Please dismiss the circuit court matter as it is barred.

I  have cc'd the City's bankruptcy counsel on this email.  If I have not heard anything from you within 7 days I  will consult with him.  If I am forced to incur outside counsel fees,  our office will seek sanctions.


/s/ Crystal B. Olmstead
Senior Assistant Corporation Counsel
City of Detroit Law Department
Coleman A. Young Municipal Building
2 Woodward Ave., 5th Floor
Detroit, Michigan 48226
Dir. Tel.  313-237-5035
Gen. Tel. 313-224-4550
Fax: 313-224-5505

olmsteadc@detroitmi.gov

WARNING:  This communication may include information protected by the attorney-client privilege, the attorney work product doctrine, the deliberative process privilege, or by other privilege.  This communication is intended solely for the individual or entity to whom it is addressed. If you are not the intended recipient, use of the communication is neither allowed nor intended.  If you received this e-mail in error, please securely delete it.

>>> Julie Palm <julesah7806@gmail.com> 4/10/2017 2:26 PM >>>
Crystal,

I am sorry but I need to cancel this deposition scheduled for tomorrow at 10:00. Here are some dates that we are available

5/10 at 2:00
6/16 at 2:00

5/17 at 2:00

Please let me know which date is good with you so that I can get it on the calendar before the date fills up. Thank you


--
Jules
Andreopoulos & Hill, PLLC
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991

## Exhibit 6E – Evaluation Summary

Law Offices of Barcode merge field was not
found in header record of data source.
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991; Fax: (248) 399-9996

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

JAMIE SIMPSON,

    Plaintiff,

vs.

                                    Case No.: 15-016462-NF
                                    Hon. John H. Gillis Jr.

THE CITY OF DETROIT,

    Defendant,

| | |
|---|---|
| L. LOUIE ANDREOPOULOS  (P45136) | CRYSTAL B. OLMSTEAD  (P69202) |
| DAVID T. HILL  (P48771) | **City of Detroit Legal Department** |
| **Andreopoulos & Hill, PLLC** | Attorney for Defendant |
| Attorneys for Plaintiff | Coleman A. Young Municipal Center |
| 28900 Woodward Avenue | 2 Woodward Avenue #500 |
| Royal Oak, MI  48067 | Detroit, MI 48226 |
| (248) 399-9991; Fax:  (248) 399-9996 | 313-237-5035 |
| aandhilllaw@sbcglobal.net | |

_____/

## PLAINTIFF'S CASE EVALUATION SUMMARY

DATE OF HEARING: May 10, 2017
TIME OF HEARING: 3:00 P.M.

## I.    INTRODUCTION

    This is a first-party cause of action for recovery of outstanding and unpaid personal injury protection benefits arising out of the serious personal injuries sustained by Plaintiff, JAMIE SIMPSON from an accident occurring on January 3, 2013 occurring on a City of Detroit bus.

    On said date, Plaintiff was a passenger on a bus operated by the City of Detroit when there was a sudden accident.  The driver of another vehicle turned in front of the bus where Ms. Simpson was a passenger.**(See Exhibit A- Police Report)** Plaintiff has outstanding medical bills, replacement services and attendant care which Defendant has wrongfully refused to pay contrary to MCL 500:3101, et seq.

## II.  LIABILITY

The Defendant's contractual and statutory liability hereto cannot be reasonably contested in light of the Michigan No-Fault Insurance Act.  The Defendant is liable to Plaintiff for all allowable expenses arising out of the ownership, operation, maintenance and use of a motor vehicle pursuant to MCLA 500.3105; MSA 24.13105.  This liability includes the cost of all reasonable and necessary medical and rehabilitative expenses, actual wage loss, and replacement services up to $20.00 per day for expenses incurred by Plaintiff for those services she is unable to perform for himself due to her injuries as a result of the subject accident.

Despite repeated demands, the Defendant has failed, refused and neglected to pay those amounts due Plaintiff under the No-Fault Insurance Act.  The Defendant's conduct in this regard, constitutes an unreasonable refusal to pay and an unreasonable delay in making proper payments. Plaintiff, therefore, is entitled to recovery of reasonable attorney fees incurred as a result of the necessity of filing this action, pursuant to MCLA 500.3148(1); MSA 24.13148(a), and penalty interest as provided by MCLA 500.3142; MSA 24.13142, as well as statutory interest.

## III.  INJURIES TO PLAINTIFF – JAMIE SIMPSON

Following this accident Plaintiff was seen at Warren Chiropractic with complaints of severe pain in her right shoulder, right arm, right leg, neck, and back.  Medical providers at Warren Chiropractic treated Ms. Simpson for approximately 7 months after the accident.  Treatment included but was not limited to hot/cold packs, massage therapy, mechanical tractions, and other modalities all designed towards increasing range of motion while decreasing pain.  Dr. John Mufarrah disabled Ms.

Law Offices of Barcode merge field was not found in header record of data source.
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-0001; Fax: 248-399-0996

Simpson from doing housework and with a working assessment of her injuries she was diagnosed with cervical, lumbar, and thoracic myofascitis with mytosis associated subluxation.

## V.  NO-FAULT BENEFITS DUE AND OWING

### A.  Replacement Service for Household Chores

Due to Plaintiff's injuries, Plaintiff required replacement services since the date of the accident until present equating to 156 weeks.  Plaintiff's son, Terrell Simpson provided such services including laundry, cooking, vacuuming, dusting, dish washing and other household chores.  156 weeks (x) $140.00 per week totaling $21,840.00.

### B.  Medical Related Expenses

| | |
|---|---|
| Warren Chiropractic**(See Exhibit B)** | 15,960.00 |
| Misc. Medical Expenses | 1,500.00 |
| TOTAL MEDICAL EXPENSES | $17,460.00 |

## VI.  NO FAULT BENEFITS LISTING

| | | |
|---|---|---|
| Replacement Service for Household Chores | | 21,840.00 |
| Medical related expenses | | 17,460.00 |
| | TOTAL: | $39,300.00 |
| Penalty and statutory interest | | 9,432.00 |
| Attorney fees | | 16,244.00 |
| | TOTAL: | $64,976.00 |

Law Offices of Barcode merge field was not
found in header record of data source.
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991; Fax 248-399-0996

## VII. CONCLUSION AND REQUEST FOR AWARD

Plaintiff respectfully requests an award from this panel commensurate with the injuries sustained.

Respectfully submitted,

DATED: May 9, 2017

L. LOUIE ANDREOPOULOS (P45136)
DAVID T. HILL (P41771)
Attorney for Plaintiff
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991

*THE UNDERSIGNED CERTIFIES THAT A COPY OF THE FOREGOING INSTRUMENT WAS SERVED UPON THE ATTORNEYS OF RECORD OF ALL PARTIES TO THE ABOVE CAUSE BY MAILING OR FAXING SAME TO THEM AT THEIR RESPECTIVE ADDRESSES/FAX NUMBERS AS DISCLOSED BY THE PLEADINGS OF RECORD HEREIN, WITH POSTAGE FULLY PREPAID THEREON.*

*ON: May 9, 2017*

Law Offices of Barcode merge field was not found in header record of data source.
28900 Woodward Avenue
Royal Oak, MI 48067
(248) 399-9991; Fax 248-399-9996

EX. A

RE: JAMIE SIMPSON

Authority: 1949 PA 300, Sec.257.622
Compliance: Required    MSP UD-10E
Penalty: $100 and/or 90 days (Rev 1/12008)

# STATE OF MICHIGAN TRAFFIC CRASH REPORT

ORI:
MI8234913

Department Name
Detroit Police Department

Incident Disposition
Closed

Reviewer
LT JAMIE MCCRAE (L229)

| Crash Date | Crash Time | No. of Units | Crash Type | Special Circumstances | Special Checks |
|---|---|---|---|---|---|
| 01/03/2013 | 12:40 | 02 | Angle | ○School Bus ○None ○Deer ○Hit and Run ○Fleeing Police | ○Fatal ○Non-Traffic Area ○ORV/Snowmobile |

| County | Traffic Control | Relation to Roadway | Special Study | Weather | Area |
|---|---|---|---|---|---|
| 82 - WAYNE | Signal | On Road | Local | Clear | 07 - NON-FRWY In Intersection |

| City/Twsp | Construction Zone (if applicable) Type | Lane Closed | Activity | Light | Road Condition | Total Lanes | Speed Limit | Posted |
|---|---|---|---|---|---|---|---|---|
| 99 - DETROIT | | | | Daylight | Dry | 02 | 30 | No |

**LOCATION**

| Prefix | Road Name | Road Type | Suffix | Divided Roadway |
|---|---|---|---|---|
| | CASS | | | |

| Distance (ft.) | Traffic Way | Access Control |
|---|---|---|
| 1.0 Feet N | 01 - Not physically divided | 01 - No access control |

| Prefix | Intersecting Road | Road Type | Suffix | Divided Roadway |
|---|---|---|---|---|
| | ANTOINETTE | | | |

| Unit Number | Unit Known | State | Driver License Number | Date of Birth (Age) | License Type | Endorsements | Sex | Total Occupants | Hazardous Action |
|---|---|---|---|---|---|---|---|---|---|
| 01 | Yes | MI | | (46) | ○Operator ○Chauffer ○Moped | ●Cycle ○Farm ○Recreation | M | 03 | 09 - Improper turn |

| Unit Type | Driver Information |  | Injury | Position | Restraint | Hospital |
|---|---|---|---|---|---|---|
| MV | JOHN ROSS CAMPBELL SPRINGFIELD MI 49037 (269) | | C | 01 | 04 | None |

| Driver Condition | Interlock | Ejected | Trapped | Airbag Deployed | Ambulance |
|---|---|---|---|---|---|
| ●1 ○2 ○3 ○4 ○5 ○6 ○7 ○8 ○9 ○99 | No | | | No | None |

| Alcohol | Test Results | Drugs | Test Results | Citation Issued |
|---|---|---|---|---|
| ○Yes ●No ○Refused ○Not Offered ○Test Type ○Field ○PBT ○Breath ○Blood ○Urine | | ●No ○Yes ○Test Type ○Blood ○Urine | | ○Hazardous ○Other |

| Vehicle Registration | State | Insurance/Policy # | Towed To/By # | Special Vehicles | Private Trailer Type | Vehicle Defect |
|---|---|---|---|---|---|---|
| BXA6762 | MI | UNK | N/A | | | |

| VIN | Vehicle Description | Make | Model | Color | Year | Vehicle Type |
|---|---|---|---|---|---|---|
| 1FAFP55SO4G155986 | | FORD | TAURUS | GLD | 2004 | Passenger Car |

| Location of Greatest Damage | First Impact | Extent of Damage | Driveable | Vehicle Direction | Vehicle Use | Action Prior |
|---|---|---|---|---|---|---|
| 03 | 03 | 04 | No | W | 01 Private | 03 - Turning right |

| Sequence of Events | First | Second | Third | Fourth |
|---|---|---|---|---|
| (● indicates MOST harmful event) | ● 17 - Motor veh in transport | | | |

**PASSENGERS**

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| JOSH HANCOCK BATTLE CREEK MI 49014 (269) | (32) | M | 03 | 04 | None |

| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
|---|---|---|---|---|---|
| | C | No | | | None |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| FRANCIS NEILSON PARCHMOUNT MI 49004 (269) | (31) | F | 09 | 09 | None |

| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |
|---|---|---|---|---|---|
| | C | No | | | None |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| | | | | | |
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| | | | | | |
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| | | | | | |
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |

**CARRIER**

| Carrier Information | Carrier Source | GVWR | ICCMC | USDOT | MPSC |
|---|---|---|---|---|---|
| | | | | | |

| Driver's CDL Type | Endorsements | CDL Exempt | CDL Restrictions |
|---|---|---|---|
| | ○H ○P ○T ○N ○S ○X | ○Farm ○Other | ○28 ○29 ○30 ○35 ○36 |

| Interstate/Intrastate | Vehicle Type | Type and Axle Per Unit First Second Third Fourth | Cargo Body Type | Medical Card | Hazardous Material | ID # | Class # |
|---|---|---|---|---|---|---|---|
| | | | | | ○Placard ○Cargo Spill | | |

**OWNER**

| Owner Information | Owner Information |
|---|---|
| | |

| Person Advised of Damaged Traffic Control | Damaged Property | Public |
|---|---|---|
| Contact Name : Contact Date : Contact Time : | Owner and Phone | |

| Unit Number | Unit Known | State | Driver License Number | | Date of Birth(Age) | License Type | Endorsements | Sex | Total Occupants | Hazardous Action |
|---|---|---|---|---|---|---|---|---|---|---|
| 02 | Yes | MI | | | (45) | ○ Operator ● Chauffer ○ Moped | ○ Cycle ○ Farm ○ Recreation | M | 12 | 00 - None |

| Unit Type | Driver Information |
|---|---|
| MV | ERIC DARREN JONES |
| | DETROIT MI 48207 (313 |

| Driver Information | | Injury | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| | | O | 01 | 04 | None |

| Driver Condition | | | | | | | | | | Interlock | Ejected | Trapped | Airbag Deployed | Ambulance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ● 1 | ○ 2 | ○ 3 | ○ 4 | ○ 5 | ○ 6 | ○ 7 | ○ 8 | ○ 9 | ○ 99 | No | | No | | None |

| Alcohol | | Test Type | | | Test Results | Drugs | | Test Type | | | Test Results | Citation Issued | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ○ Yes ● No | ○ Refused ○ PBT | ○ Not Offered ○ Breath | ○ Blood | Urine | | ○ Yes ● No | ○ Blood | ○ Urine | | | | ○ Hazardous | ○ Other | |

| Vehicle Registration | State | Vehicle Insurance/Policy # | Towed To/By # | Special Vehicles | Private Trailer Type | Vehicle Defect |
|---|---|---|---|---|---|---|
| 082X846 | MI | CITY OF DETROIT | | 3 | | |

| VIN | Vehicle Description | Make | Model | Color | Year | Body Type |
|---|---|---|---|---|---|---|
| 5FYD4FV155C027730 | | NEW FLYER | D40LF | WHI | 2005 | Truck/Bus |

| Location of Greatest Damage | First Impact | Extent of Damage | Driveable | Vehicle Direction | Vehicle Use | Action Prior |
|---|---|---|---|---|---|---|
| 08 | 08 | 02 | Yes | S | 02 - Commercial | 01 - Going Straight Ahead |

| Sequence of Events | First | Second | Third | Fourth |
|---|---|---|---|---|
| (● Indicates MOST harmful event) ● 17 - Motor veh in transport | | | | |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| CHRISTIAN EDWARD | (19) | F | 11 | 01 | 830500 |
| DETROIT MI 48227 (313 | Injury B | Airbag Deployed Not equipped | Ejected | Trapped | Ambulance 821064 |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| RESHAWN HARRIS | (42) | M | 11 | 01 | None |
| DETRIOT MI 48201 (31 | Injury C | Airbag Deployed Not equipped | Ejected | Trapped | Ambulance None |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| ANTOINETTE HUEY | (48) | F | 11 | 01 | None |
| DETROIT MI 48202 (313 | Injury C | Airbag Deployed Not equipped | Ejected | Trapped | Ambulance None |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| LEE ELLA GRAYSON | (71) | F | 11 | 01 | None |
| DETROIT MI 48201 (31 | Injury C | Airbag Deployed Not equipped | Ejected | Trapped | Ambulance None |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| PRINCESS TILLMAN | (39) | F | 11 | 01 | None |
| DETROIT MI 48221 (31 | Injury C | Airbag Deployed Not equipped | Ejected | Trapped | Ambulance None |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| WILLIAM STRAUGHTER | (39) | M | 11 | 01 | None |
| DETROIT MI 48238 (31 | Injury C | Airbag Deployed Not equipped | Ejected | Trapped | Ambulance None |

| Carrier Information | Carrier Source | GVWR | ICCMC | USDOT | MPSC |
|---|---|---|---|---|---|
| DETROIT DOT | Vehicle | 40,600 | | 00000000000 | 000000000000 |
| 1301 E WARREN | Driver's CDL Type | Endorsements | CDL Exempt | CDL Restrictions | |
| DETROIT MI 48207 | Group A | ○ H ● P ○ T ○ N ○ S ○ X | ○ Farm ○ Other | ○ 28 ○ 29 ○ 30 ○ 35 ○ 36 | |

| Interstate/Intrastate | Vehicle Type | Type and Axle Per Unit | | | | Cargo Body Type | Medical Card | Hazardous Material | | ID # | Class # |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Interstate | AP | First B2 | Second | Third | Fourth | 8 | Yes | ○ Placard ○ Cargo Split | | | |

| Owner Information | Owner Information |
|---|---|
| | |

| Witness Information | Witness Information |
|---|---|
| | |

| Investigated at Scene | Reported Date (Time) | 1st Investigator Name (Badge) | 2nd Investigator Name (Badge) | Photo By |
|---|---|---|---|---|
| Yes | 01/03/2013 (12:47) | Off. MATTHEW SINGER (483) | | |

**Narrative**

DRIVER2 CITY OF DETROIT BUS #4187

DRIVER1 STATED DRIVER2 HAD BEEN TRYING TO PASS HIM. DRIVER1 STATED HE WAS MAKING A RIGHT TURN AND WAS UNSURE HOW DRIVER2 WAS ON HIS RIGHT SIDE AND CONTACT WAS MADE. DRIVER2 STATED DRIVER1 WAS COMING TO A STOP AT A GREEN TRAFFIC SIGNAL THEN MADE RIGHT TURN IN FRONT OF HIM AND CONTACT WAS MADE.
DRIVER1 COMPLAINED OF HEAD INJURY. EMS REFUSED. DRIVER1 PASSENGER1 COMPLAINED OF HEAD INJURY. EMS REFUSED. DRIVER1 PASSENGER2 COMPLAINED OF NECK INJURY. EMS REFUSED.
DRIVER2 PASSENGER1 COMPLAINED OF RIGHT KNEE INJURY AND CONVEYED TO        BY MED8.        CONDITION PER DR.        CHART
FOLLOWING DRIVER2 PASSENGERS INJURIED AND REFUSED EMS. PASSENGER2 RIGHT SHOULDER. PASSENGER3 BOTH KNEES. PASSENGER4 RIGHT LEG AND HEAD. PASSENGER5 BACK INJURY.

External #: 253859
Incident #: 253859

**Diagram**

| Authority: 1949 PA 300, Sec.257.622 | | | External # | Crash ID |
|---|---|---|---|---|
| Compliance: Required    MSP UD-10E | | | 253859 | |
| Penalty: $100 and/or 90 days (Rev 11/2006) | | | | |

# STATE OF MICHIGAN TRAFFIC CRASH REPORT

| ORI: | Department Name | Reviewer |
|---|---|---|

| Crash Date | Crash Time | No. of Units | Crash Type | Special Circumstances | | | Special Checks | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | | School Bus | None Hit and Run | Deer Fleeing Police | Fatal | Non-Traffic Area | ORV/Snowmobile |

| County | Traffic Control | Relation to Roadway | Special Study | Weather | Area |
|---|---|---|---|---|---|

| City/Twsp | Construction Zone (if applicable) Type | Lane Closed | Activity | Light | Road Condition | Total Lanes | Speed Limit | Posted |
|---|---|---|---|---|---|---|---|---|

**LOCATION**

| Prefix | Road Name | Road Type | Suffix | Divided Roadway |
|---|---|---|---|---|
| Distance (ft.) | | Traffic Way | Access Control | |
| Prefix | Intersecting Road | Road Type | Suffix | Divided Roadway |

**DRIVER / VEHICLE**

| Unit Number | Unit Known | State | Driver License Number | Date of Birth (Age) | License Type Operator Chauffeur Moped | Endorsements Cycle Farm Recreation | Sex | Total Occupants | Hazardous Action |
|---|---|---|---|---|---|---|---|---|---|
| 02 | | | | | | | | | |

| Unit Type | Driver Information | | Injury | Position | Restraint | Hospital |
|---|---|---|---|---|---|---|

| Driver Condition | | | | | | | | | | Interlock | Ejected | Trapped | Airbag Deployed | Ambulance |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 99 | | | | | |

| Alcohol Yes No Test Type Field | Refused PBT | Not Offered Breath Blood Urine | Test Results | Drugs Yes No Test Type Blood Urine | Test Results | Citation Issued Hazardous Other |
|---|---|---|---|---|---|---|

| Vehicle Registration | State | Insurance/Policy # | Towed To/By # | Special Vehicles | Private Trailer Type | Vehicle Defect |
|---|---|---|---|---|---|---|

| VIN | Vehicle Description | Make | Model | Color | Year | Vehicle Type |
|---|---|---|---|---|---|---|

| Location of Greatest Damage | First Impact | Extent of Damage | Driveable | Vehicle Direction | Vehicle Use | Action Prior |
|---|---|---|---|---|---|---|

| Sequence of Events | First | Second | Third | Fourth |
|---|---|---|---|---|
| (# indicates MOST harmful event) | | | | |

**PASSENGERS**

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| KENNETH GOODMAN | (51) | M | 11 | 01 | None |
| DETROIT MI 48221   (313 | Injury C | Airbag Deployed Not equipped | Ejected | Trapped | Ambulance None |
| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
| DESHON SESSION | (23) | M | 11 | 01 | None |
| DETROIT MI 48206   (313 | Injury C | Airbag Deployed Not equipped | Ejected | Trapped | Ambulance None |
| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
| WILLIE WHITTIS | (77) | M | 11 | 01 | None |
| DETROIT MI 48238   (3 | Injury C | Airbag Deployed Not equipped | Ejected | Trapped | Ambulance None |
| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
| JAMIE SIMPSON | (53) | M | 11 | 01 | None |
| DETROIT MI 48214   (313 | Injury C | Airbag Deployed Not equipped | Ejected | Trapped | Ambulance None |
| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
| MARY MILLINER | (46) | M | 11 | 01 | None |
| DETROIT MI 48206   (58 | Injury C | Airbag Deployed Not equipped | Ejected | Trapped | Ambulance None |
| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
| | | | | | |
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |

**CARRIER**

| Carrier Information | Carrier Source | GVWR | ICCMC | USDOT | MPSC |
|---|---|---|---|---|---|
| | Driver's CDL Type | Endorsements H P T N S X | CDL Exempt Farm Other | CDL Restrictions 28  29  30  35  36 | |
| Interstate/Intrastate | Vehicle Type | Type and Axle Per Unit First  Second  Third  Fourth | Cargo Body Type | Medical Card | Hazardous Material Placard  Cargo Spill | ID #  Class # |

**OWNER**

| Owner Information | Owner Information |
|---|---|
| Person Advised of Damaged Traffic Control Contact Name : Contact Date : Contact Time : | Damaged Property | Public |
| | Owner and Phone | |

253859

| Unit Number | Unit Known | State | Driver License Number | | Date of Birth(Age) | | License Type | Endorsements | Sex | Total Occupants | Hazardous Action |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | ○ Operator<br>○ Chauffer<br>○ Moped | ○ Cycle<br>○ Farm<br>○ Recreation | | | |

| Unit Type | Driver Information | | Injury | Position | Restraint | Hospital |
|---|---|---|---|---|---|---|
| | | | | | | |

**Driver Condition**
○ 1 ○ 2 ○ 3 ○ 4 ○ 5 ○ 6 ○ 7 ○ 8 ○ 9 ○ 99 | Interlock | Ejected | Trapped | Airbag Deployed | Ambulance

| Alcohol | | | | | | Test Results | Drugs | | | | Test Results | Citation Issued | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Yes<br>Test Type | No<br>Field | Refused<br>PBT | Not Offered<br>Breath | Blood | Urine | | Yes<br>Test Type | No<br>Blood | Urine | | | Hazardous | Other |

| Vehicle Registration | State | Insurance/Policy # | | Towed To/By # | | Special Vehicles | Private Trailer Type | Vehicle Defect |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

| VIN | Vehicle Description | Make | Model | Color | Year | Vehicle Type |
|---|---|---|---|---|---|---|
| | | | | | | |

| Location of Greatest Damage | First Impact | Extent of Damage | Driveable | Vehicle Direction | Vehicle Use | Action Prior |
|---|---|---|---|---|---|---|
| | | | | | | |

| Sequence of Events | First | Second | Third | Fourth |
|---|---|---|---|---|
| ( • indicates MOST harmful event) | | | | |

**PASSENGERS**

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |

| Passenger Information | Date of Birth (Age) | Sex | Position | Restraint | Hospital |
|---|---|---|---|---|---|
| | Injury | Airbag Deployed | Ejected | Trapped | Ambulance |

| Carrier Information | | Carrier Source | GVWR | ICCMC | USDOT | MPSC |
|---|---|---|---|---|---|---|
| | | Driver's CDL Type | Endorsements<br>OH OP OT<br>ON OS OX | CDL Exempt<br>○ Farm<br>○ Other | CDL Restrictions<br>○ 28 ○ 29 ○ 30 ○ 35 ○ 38 | |

| Interstate/Intrastate | Vehicle Type | Type and Axle Per Unit | | | | Cargo Body Type | Medical Card | Hazardous Material | ID # | Class # |
|---|---|---|---|---|---|---|---|---|---|---|
| | | First | Second | Third | Fourth | | | ○ Placard ○ Cargo Spill | | |

**OWNER**

| Owner Information | Owner Information |
|---|---|
| | |

| Witness Information | Witness Information |
|---|---|
| | |

| Investigated at Scene | Reported Date (Time) | 1st Investigator Name (Badge) | 2nd Investigator Name (Badge) | Photo By |
|---|---|---|---|---|
| | | | | |

| Narrative | Diagram |
|---|---|
| | |

External #: 253859
Incident #: 253859

253859

Continued Narrative

PASSENGER6 BACK AND RIGHT ARM. PASSENGER7 RIGHT HAND. PASSENGER8 HEAD. PASSENGER9 LEFT WRIST BACK NECK AND HEAD.
PASSENGER10  RIGHT WRIST AND KNEE. PASSENGER11 RIGHT SHOULDER.
DRIVER1 VEH PRIVATE TOW

EX.B

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date | Page |
|---|---|
| 9/13/2013 | 1 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| Date of Last Payment: | | Amount: 0.00 | | |
| Patient: JAMIE SIMPSON | | Chart #: SIMJA000 | Case Description: BUS ACCIDENT | |
| 1/18/2013 | 1308290000 | OFFICE VISIT (NEW PATIENT) | 2921 | 150.00 |
| 1/18/2013 | 1308290000 | CERV AP-LAT (2-3 views) | 2921 | 100.00 |
| 1/18/2013 | 1308290000 | THORACIC AP/LAT | 2921 | 150.00 |
| 1/18/2013 | 1308290000 | LUMBAR AP/LAT (2-3 views) | 2921 | 150.00 |
| 1/23/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 1/23/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 1/23/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 1/23/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 1/25/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 1/25/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 1/25/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 1/25/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 1/28/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 1/28/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 1/28/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 1/28/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 1/30/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 1/30/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 1/30/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 1/30/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/2/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

WARREN CHIROPRACTIC & REHAB
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date | Page |
|---|---|
| 9/13/2013 | 2 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 2/2/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/2/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/2/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/4/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/4/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/4/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/4/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/6/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/6/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/6/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/6/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/8/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/8/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/8/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/8/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/11/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/11/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/11/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/11/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/13/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/13/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/13/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/13/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

13-53846-tjt   Doc 11916   Filed 06/16/17   Entered 06/16/17 15:03:05   Page 84 of 126

WARREN CHIROPRACTIC & REHAB
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
| --- |
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
| --- | --- | --- | --- | --- |
| 2/15/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/15/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/15/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/15/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/18/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/18/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/18/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/18/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/20/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/20/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/20/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/20/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/22/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/22/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/22/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/22/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 2/27/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 2/27/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 2/27/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 2/27/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/1/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/1/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/1/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
| --- | --- | --- | --- |
| Continued | Continued | Continued | $ 15,960.00 |

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date | Page |
|---|---|
| 9/13/2013 | 4 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 3/1/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/4/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/4/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/4/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/4/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/6/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/6/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/6/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/8/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/8/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/8/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/8/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/8/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/13/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/13/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/13/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/13/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/15/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/15/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/15/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/15/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/20/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/20/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

13-53846-tjt   Doc 11916   Filed 06/16/17   Entered 06/16/17 15:03:05   Page 86 of 126

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date | Page |
|---|---|
| 9/13/2013 | 5 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 3/20/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/20/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/22/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/22/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/22/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/22/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/27/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/27/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/27/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/27/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 3/29/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 3/29/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 3/29/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 3/29/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/3/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/3/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 4/3/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/3/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/6/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/6/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 4/6/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/6/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/8/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

WARREN CHIROPRACTIC & REHAB
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date |
| --- |
| 9/13/2013 |

| Page |
| --- |
| 6 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
| --- |
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
| --- | --- | --- | --- | --- |
| 4/8/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 4/8/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/8/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/10/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/10/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 4/10/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/10/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/12/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/12/2013 | 1308290000 | MASSAGE THERAPY | 2921 | 55.00 |
| 4/12/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/12/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/17/2013 | 1308290000 | 10 MIN OV (FOCUSED) established patient | 2921 | 50.00 |
| 4/17/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/17/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/17/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 4/17/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/19/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/19/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/19/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 4/19/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/22/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/22/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/22/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
| --- | --- | --- | --- |
| Continued | Continued | Continued | $ 15,960.00 |

| Statement Date |
| --- |
| 9/13/2013 |

| Page |
| --- |
| 7 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
| --- |
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
| --- | --- | --- | --- | --- |
| 4/22/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/26/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/26/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/26/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 4/26/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 4/29/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 4/29/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 4/29/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 4/29/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/2/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/2/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/2/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/2/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/3/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/3/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/3/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/3/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/6/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/6/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/6/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/6/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/8/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/8/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
| --- | --- | --- | --- |
| Continued | Continued | Continued | $ 15,960.00 |

**WARREN CHIROPRACTIC & REHAB**
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date |
|---|
| 9/13/2013 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 5/8/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/8/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/13/2013 | 1308290000 | MAN PULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/13/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/13/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/13/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/15/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/15/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/20/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT. | 2921 | 75.00 |
| 5/20/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/20/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/20/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/22/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/22/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/22/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/22/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/24/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/24/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/24/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 5/24/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 5/29/2013 | 1308290000 | MANIPJLATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 5/29/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 5/29/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | **$ 15,960.00** |

WARREN CHIROPRACTIC & REHAB
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date | Page |
|---|---|
| 9/13/2013 | 9 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 5/29/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/3/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/3/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/3/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/3/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/7/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/7/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/7/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/7/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/10/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/10/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/10/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/10/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/14/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/14/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/14/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/14/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/17/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/17/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/17/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/17/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/21/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/21/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

13-53846-tjt   Doc 11916   Filed 06/16/17   Entered 06/16/17 15:03:05   Page 91 of 126

WARREN CHIROPRACTIC & REHAB
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
| --- |
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
| --- | --- | --- | --- | --- |
| 6/21/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/21/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/26/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/26/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/26/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/26/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 6/28/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 6/28/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 6/28/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 6/28/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 7/1/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 7/1/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 7/1/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 7/1/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 7/10/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 7/10/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 7/10/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 7/10/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 7/12/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 7/12/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 7/12/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 7/12/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 7/18/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
| --- | --- | --- | --- |
| Continued | Continued | Continued | $ 15,960.00 |

WARREN CHIROPRACTIC & REHAB
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

JAMIE SIMPSON
███████████
DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 7/18/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 7/18/2013 | 1308290000 | THERAPEUTIC EXCERC SE 15 MIN | 2921 | 55.00 |
| 7/18/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 7/19/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 7/19/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 7/19/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 7/19/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 7/26/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 7/26/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 7/26/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 7/26/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/1/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/1/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/1/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/1/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/2/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/2/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/2/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/2/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/7/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/7/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/7/2013 | 1308290000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/7/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| Continued | Continued | Continued | $ 15,960.00 |

WARREN CHIROPRACTIC & REHAB
19201 W. WARREN
DETROIT, MI 48228
(313)240-7950

| Statement Date |
|---|
| 9/13/2013 |

| Page |
|---|
| 12 |

JAMIE SIMPSON

DETROIT, MI 48214

| Chart Number |
|---|
| SIMJA000 |

| Date | Document | Description | Case Number | Amount |
|---|---|---|---|---|
| 8/12/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/12/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/12/2013 | 1308290000 | THERAPEUTIC EXERCISE 15 MIN | 2921 | 55.00 |
| 8/12/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/15/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/15/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/15/2013 | 1308290000 | THERAPEUTIC EXERCISE 15 MIN | 2921 | 55.00 |
| 8/15/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/20/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/20/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/20/2013 | 1308290000 | THERAPEUTIC EXERCISE 15 MIN | 2921 | 55.00 |
| 8/20/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/21/2013 | 1308290000 | 10 MIN OV (FOCUSED) established patient | 2921 | 50.00 |
| 8/21/2013 | 1308290000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/21/2013 | 1308290000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/21/2013 | 1308290000 | THERAPEUTIC EXERCISE 15 MIN | 2921 | 55.00 |
| 8/21/2013 | 1308290000 | HOT/COLD PACKS | 2921 | 45.00 |
| 8/31/2013 | 1309130000 | MANIPULATIONS (3-4 AREA) CMT | 2921 | 75.00 |
| 8/31/2013 | 1309130000 | MECHANICAL TRACTION | 2921 | 55.00 |
| 8/31/2013 | 1309130000 | THERAPEUTIC EXCERCISE 15 MIN | 2921 | 55.00 |
| 8/31/2013 | 1309130000 | HOT/COLD PACKS | 2921 | 45.00 |

| Total Charges | Total Payments | Total Adjustments | Balance Due |
|---|---|---|---|
| $15960.00 | $0.00 | $0.00 | $ 15,960.00 |

13-53846-tjt   Doc 11916   Filed 06/16/17   Entered 06/16/17 15:03:05   Page 94 of 126

## Exhibit 6F – Excerpt of Transcript of March 22, 2017, Hearing

```
 1                    UNITED STATES BANKRUPTCY COURT
                       EASTERN DISTRICT OF MICHIGAN
 2                           SOUTHERN DIVISION

 3  IN THE MATTER OF,            Case No. 13-53846
                                 Detroit, Michigan
 4  CITY OF DETROIT, MICHIGAN    March 22, 2017
    _____/ 1:48 p.m.
 5
        IN RE:  [#11743] CORRECTED MOTION TO FILE AMENDED PROOF OF
 6      CLAIM, FILED BY INTERESTED PARTY JEROME COLLINS, [#11357]
       MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND
 7       503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND
     3003(c), ESTABLISHING BAR DATES FOR FILING OF PROOFS OF CLAIM
 8   AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST DANNY
    CROWELL, LEOTA MURPHY, AND JASMINE CROWELL, FILED BY DEBTOR IN
 9  POSSESSION CITY OF DETROIT, MICHIGAN, AND [#11583] MOTION TO
     ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501 and 503 OF THE
10      BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c),
        ESTABLISHING BAR DATES FOR FILING OF PROOFS OF CLAIM AND
11     APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST NAJIB
    HODGE, FILED BY DEBTOR IN POSSESSION CITY OF DETROIT, MICHIGAN
12             BEFORE THE HONORABLE THOMAS J. TUCKER
                TRANSCRIPT ORDERED BY: ROBIN WYSOCKI
13
    APPEARANCES:
14
    For the City of Detroit:     MARC SWANSON, ESQ. (P71149)
15                               Miller, Canfield, Paddock &
                                 Stone
16                               150 West Jefferson
                                 Suite 2500
17                               Detroit, MI 48226
                                 313-496-7829
18
    For Creditors Crowell,       JOSEPH DEDVUKAJ, ESQ. (P51335)
19  Murphy and Crowell:          The Joseph Dedvukaj Firm, P.C.
                                 1277 West Square Lake Road
20                               Bloomfield Hills, MI 48302
                                 248-352-2110
21
    For Creditor Najib Hodge:    CLIFFORD NEUBAUER, JR., ESQ.
22                               (P70910)
                                 The Law Office of Joumana
23                               Kayrouz, PLLC
                                 1000 Town Center
24                               Suite 800
                                 Southfield, MI 48075
25                               248-557-3645
```

```
 1 │ For Jerome Collins:          BENJAMIN WHITFIELD, ESQ.
   │                              (P23562)
 2 │                              Benjamin Whitfield, Jr. and
   │                              Associates
 3 │                              613 Abbott Street
   │                              1st Floor
 4 │                              Detroit, MI 48226
   │                              313-961-1000
 5 │
   │ Court Recorder:              Jamie Laskaska
 6 │
   │ Transcriber:                 Deborah L. Kremlick
 7 │
   │ Proceedings recorded by electronic sound recording, transcript
 8 │ produced by transcription service.
 9 │
10 │
11 │
12 │
13 │
14 │
15 │
16 │
17 │
18 │
19 │
20 │
21 │
22 │
23 │
24 │
25 │
```

1  actually granted that motion, allowed him to file his brief.

2  He devoted two sentences to this post-petition argument and

3  the city does not feel that the plaintiffs here should be

4  allowed to further supplement briefing on that issue.  They

5  had sufficient amount of time and the Court even afforded them

6  an opportunity to address it here today and -- and nothing

7  further was -- was put into evidence.  Unless the Court has

8  any further questions, the city respectfully requests that the

9  Court grant its two motions.

10        THE COURT:  All right.  Thank you.  Thank you all.

11     I'm going to rule on these motions now and explain my

12  ruling here.  Hopefully briefly but we'll see.

13        The two motions that are before me now filed by the city,

14  both involve relief that the city seeks against parties who

15  have filed and have pending and unless barred or enjoined by

16  this Court apparently will continue to try to prosecute

17  lawsuits filed that they filed in the Wayne County Circuit

18  Court against the City of Detroit seeking relief including

19  monetary relief for -- arising from accidents relating to

20  motor vehicles owned or operated by the city or city employees

21  in the course of their performance of their duties allegedly

22  that occurred before the filing of the City of Detroit's

23  bankruptcy case.

24        The bankruptcy case petition was filed July 18, 2013.

25  The -- in the case of the motion directed against Najib Hodge

1  which is docket 11583, I'll call that the Hodge motion just

2  for short.  The -- it's undisputed that the lawsuit, the

3  accident occurred in 2012 involved an injury suffered by -- or

4  injuries allegedly suffered by Najib Hodge while riding on a

5  -- a City of Detroit bus that occurred in 2012, well before

6  the bankruptcy case was filed.

7       And Najib Hodge has not argued and does -- that the --

8  her claim, or his or her claim or claims against the city that

9  arise from that 2012 accident are anything but pre-petition

10  claims.  That is claims that arose before the filing of the

11  City of Detroit's bankruptcy petition on July 18, 2013.

12       The other motion, docket 11357 which I'll refer to as the

13  Crowell motion just for shorthand, concerns a lawsuit filed --

14  or lawsuit or lawsuits filed in the Wayne County Circuit Court

15  by Danny Crowell, Leota Murphy, and Jasmine Crowell, all three

16  of whom were in a vehicle that was struck by a truck being

17  operated by a City of Detroit employee that occurred in June

18  2013 roughly a month and a half before the city filed its

19  bankruptcy petition in this case.

20       Now with respect to the claims filed in the Wayne County

21  Circuit Court action or actions by Crowell, Murphy, and

22  Crowell, there was an argument made in the Crowell

23  respondent's written response originally to the city's motion

24  before me today and also touched on or argued a bit in the

25  November 16, 2016 first hearing that we had on this -- these

1  motions.  An argument that the claims of those individuals,

2  Crowell, Crowell, and Murphy should be viewed as post-petition

3  claims at least in part, claims that arose after -- arose

4  after the bankruptcy petition date in the Detroit's case

5  rather than before it.

6      The theory there was that the claims or at least to the

7  extent the claims were so-called third party claims under

8  Michigan's no fault statute, claims based upon Michigan

9  Compiled Laws Annotated Section 500.3135-1 and also 5 of that

10  statute, those claims arose after the petition date.

11      The argument as I understand it was this.  The -- because

12  Section 500.3135-1 concerns a claim, a tort liability claim

13  for non-economic loss for injured persons who among other

14  things have suffered, "serious impairment of body function", a

15  phrase which is defined specifically in Michigan Compiled Laws

16  Section 500.3135-5 currently to mean, "an objectively

17  manifested impairment of an important body function that

18  affects the person's general ability to lead his or her normal

19  life."

20      That that claim did not arise until long after the July

21  2013 bankruptcy petition date even though the accident in

22  question occurred a month and a half before that date.

23  Because the claimants, Crowell, Crowell, and Murphy did not

24  have serious impairment of body function within the meaning of

25  Section 500.3135 and the definition of that phrase under

1  Section 500.3135-1 and 5 until approximately May 2016, long

2  after the city's bankruptcy petition was filed.

3      And therefore the claim did not arise for purposes of the

4  Bankruptcy Code and -- and this issue of whether it was a

5  pre-petition or a post-petition claim until long after the

6  petition date.

7      During the November 16, 2016 hearing, the Court had

8  discussion with counsel for Crowell, Crowell, and Murphy who's

9  here again today for this second hearing and has argued both

10 times for them.  And the Court asked, well, what evidence is

11 there that the claim, that the serious impairment of body

12 function as defined in the Michigan statute that I've --

13 statutes that I've cited only arose in May 2016 or only arose

14 long pre -- post-petition here instead of arising pre-petition

15 given that the -- the truck accident happened a month and a

16 half pre-petition.

17     Counsel for Crowell, Crowell, and Murphy acknowledged on

18 the record in the November 16 hearing and -- and the

19 transcript by the way of -- of that hearing is on file in this

20 case at docket 11685.  It's a long transcript, but the part of

21 the hearing that day that concerned these two motions is --

22 begins on Page 95 of that transcript.

23     In any case, counsel for Crowell, Crowell, and Murphy

24 acknowledged that at least up to that point there was no

25 evidence in the record, he had presented no evidence to

1  support his claim that the so-called third party claim that

2  I've alluded to here did not arise until May 2016, or did not

3  arise post-petition for that matter.

4      I asked counsel to tell me what evidence -- what the

5  evidence would show if he were given an opportunity to present

6  some evidence on that subject.  And then I ended up giving

7  counsel for Crowell, Crowell, and Murphy, an opportunity, and

8  in fact quite a long period of time to file a supplement to

9  his response to the city's motion to present any such

10 evidence.

11     And I also made clear in the hearing and -- and also in

12 the ensuing order that I entered November 18 in a footnote,

13 that the Court was -- was going to apply the so-called fair

14 contemplation test that I described in the -- a prior written

15 opinion of mine in this case to determine whether the claim

16 was -- and to what extent the claim was pre-petition versus

17 post-petition.

18     And so I -- as I said in the hearing and also as I said

19 in the order that I entered on November 18, 2016 at docket

20 11679, Paragraph 2 and the Footnote 1 of that order, Crowell,

21 Crowell, and Murphy were given until January 25, 2017 to file

22 a supplemental brief and any exhibits containing any

23 evidentiary material, including affidavits or documentary

24 evidence in support of their argument that the claims against

25 the city arose after the city filed its bankruptcy petition

1  rather than before.

2      Now that was the deadline counsel for Crowell, Crowell,

3  and Murphy asked the Court for.  It was a date that was more

4  than two months after the November 16 hearing and after the

5  November 18 order.

6      And the Crowell, Crowell, and Murphy never filed and the

7  supplement that they did file never included in that

8  supplement any exhibits containing any evidentiary material,

9  no affidavits, no documentary evidence, including no such

10  evidence of the type that counsel for Crowell, Crowell, and

11  Murphy said on the record during the November 16 hearing that

12  he could and would present if given an opportunity to do so.

13      And while it was -- there was a supplemental brief filed

14  by Crowell, Crowell, and Murphy, for the record it's on file

15  at docket 11803, that brief really ads no facts whatsoever to

16  support this claim of -- of these individuals having a

17  post-petition claim.  It merely repeats in one or two

18  sentences in the brief the general conclusory argument that

19  had already been made in writing and during the November 16

20  hearing.

21      So it really ads nothing whatsoever to support Crowell,

22  Crowell, and Murphy's argument that they have in any respect a

23  post-petition claim as opposed to a pre-petition claim with

24  respect to these -- these so-called third party tort claims

25  that were -- that are at issue.

1   Now it is true that counsel for Crowell, Crowell, and

2   Murphy had some difficulties in getting the supplemental brief

3   and exhibits that were ultimately filed, validly filed given

4   their counsel's delay in getting himself trained so that he

5   could file documents and pleadings electronically in this

6   Bankruptcy Court.

7   Initially the -- back in November there was paper

8   responses filed or sought to be filed.  The Court ended up

9   striking some of the filings for reasons stated by the Court

10  in its order striking them.

11  And -- and the supplement that was initially sought to be

12  filed back in November was ultimately filed successfully with

13  the Court's permission on March 6, 2017 at docket 11803.  And

14  that was filed electronically.

15  Now that filing included everything, brief and exhibits

16  that counsel for Crowell, Crowell, and Murphy had sought to

17  file earlier, including by the January 25, 2017 deadline set

18  by the Court's November 18 order.  And as I said it included

19  no evidence of any kind, no evidentiary materials of any kind

20  tending to support or having anything to do with the issue of

21  whether or not there is a -- this is in any part a

22  post-petition claim in this case.

23  The Court finds that counsel for these parties and these

24  parties Crowell, Crowell, and Murphy have had ample

25  opportunity to present any evidence they wanted to present in

1  support or evidentiary materials they want to present in

2  support of their argument that they did not have a claim for

3  -- a tort claim under Michigan Compiled Laws Section

4  500.3135-1 against the City of Detroit until after the filing

5  of the bankruptcy petition, even though the -- it's undisputed

6  that the truck accident from which all of their injuries,

7  alleged injuries and damages arise and arose occurred a month

8  and a half before the bankruptcy petition date.

9      And so the same situation that existed on November 16 in

10  the -- in the first hearing exists now in the sense that there

11  is no evidence whatsoever presented by Crowell, Crowell, and

12  Murphy to support their argument that they have any claim

13  against the City of Detroit that arose after the filing of the

14  bankruptcy petition.

15      Under of course the existence of a claim, that is a claim

16  that meets all of the elements under state law to have a valid

17  claim for this type of third party claim, is not determinative

18  in any event, even if all the elements did not exist until

19  after -- some of them did not exist until after the filing of

20  the bankruptcy petition.

21      I have discussed that at length in my prior written

22  opinion, the fair contemplation test and what it means and --

23  and what the Court considers and how it's applied to determine

24  whether a claim in a bankruptcy case, or relating to a

25  bankruptcy case, when it is deemed to arise pre-petition or

1  post-petition for purposes of treatment and its affect --

2  being affected by the bankruptcy case.  And I'm just going to

3  incorporate by reference and reiterate what I said in that

4  written opinion.  For the record it's -- it was an opinion in

5  this case, <u>In Re: City of Detroit, Michigan</u>.

6      It's reported at 548 BR 748 and I did cite it in the

7  November 16 hearing and also in Footnote 1 of the November 18

8  order, docket 11679.  And I reiterate what I ruled in that

9  written opinion about the fair contemplation test and how it's

10  applied.

11      In -- this includes the discussion in particular at Pages

12  761 to 763 of that opinion.  But also other things that I

13  stated about that test in the rest of the opinion and applying

14  it to the particular claims before me in that -- in that

15  opinion.

16      Under the fair contemplation test in my view as I

17  describe it in the prior written opinion, the Court must

18  conclude that Crowell, Crowell, and Murphy have a pre-petition

19  claim or claims only at most against the city.  And they have

20  not presented anything to demonstrate that they have

21  post-petition claims or claims that should be considered

22  arising after the petition date under the fair contemplation

23  test.

24      It's undisputed that the truck accident that led to all

25  of their alleged injuries and damages here and all their claim

1  occurred a month and a half before the filing of the

2  bankruptcy case and to the extent that any of them Crowell,

3  Crowell, and Murphy suffered any serious impairment of body

4  function as that term is used and defined in -- in Michigan

5  Compiled Laws Section 500.3135, the Court must conclude that

6  it occurred before the filing of the bankruptcy petition.

7       However, even if that is not the case, even if such

8  serious impairment either arose or was objectively manifested,

9  or known, any of those things, only after the petition date in

10  my view under the fair contemplation test properly interpreted

11  and applied, it is fair to, under all the circumstances, to

12  determine as I do that the entirety of the claims of these

13  individuals Crowell, Crowell, and Murphy arose -- deemed to

14  arise before the filing of the bankruptcy petition.

15       It's not -- that's based not only on the occurrence of

16  the accident well before the petition date, but that's also of

17  course the date from which the parties pre-petition -- or

18  relationship arises that -- and that form the basis of the

19  underlying claim.  It is certainly fair to rule and I do rule

20  that Crowell, Crowell, and Murphy each fairly contemplated,

21  could have fairly contemplated that they would have a possible

22  claim against the City of Detroit for -- based on serious

23  impairment of body function to the extent they ever have had

24  such a claim they -- they had it before the petition date for

25  purposes of the fair contemplation test.

1    With -- as I said with respect to Najib Hodge, and the

2    Hodge motion there's no dispute the claim arose entirely pre

3    -- pre-petition.  And so what we're dealing with here are

4    claims with respect to both of these motions that are

5    pre-petition claims, claims that arose before the petition

6    date.

7        Moving now to the remaining issue or issues.  There is a

8    dispute between the city on the one hand and these creditors,

9    Crowell, Crowell, and Murphy, and Hodge on the other hand and

10   I'll just refer to the creditors involved in these motions

11   sometimes after this, just for shorthand as the creditors

12   here.

13       With respect to whether or not the so-called bar date

14   order that the city relies upon has and has had the effect of

15   barring and extinguishing effectively any claims -- any of

16   these pre-petition claims that -- that the creditors have sued

17   the city on and have asserted against the city based on the

18   pre-petition accidents, vehicle accidents that I've alluded

19   to.

20       The -- first of all, it is clear and I don't view it as

21   -- as really disputed seriously that but for the possible

22   effect of the confirmed plan of adjustment in this Chapter 9

23   case and the order confirming that plan, both of which were

24   filed and the plan which was confirmed on November 12, 2014

25   but for those things which I'll talk about in a minute, the

1  bar date order that the city has relied upon would have the

2  effect of barring the claims asserted here that are at issue

3  by the creditors and would require the Court to grant the

4  city's motion against these creditors.

5      The city by the way in -- in the motions against these

6  creditors seek similarly, they seek -- the city seeks an order

7  requiring the creditors to dismiss or cause to be dismissed

8  with prejudice their pending State Court lawsuits against the

9  city in Wayne County Circuit Court.  And also the city seeks

10  an order determining that these creditors each are permanently

11  barred, estopped, and enjoined from asserting claims arising

12  from or related to their State Court lawsuits.  And prohibited

13  from sharing in any distribution in this bankruptcy case.

14      That's the gist of what the orders -- proposed orders are

15  that the city seeks in both these motions against these

16  creditors.  In any case my -- my conclusion is, and I think

17  it's clear and it's not seriously disputed, that if the Court

18  were looking only at the bar date order, such relief would be

19  appropriate and the motions would need to be granted.

20      The bar date order that I'm talking about of course is

21  the -- the one that was filed November 21, 2013 in this

22  bankruptcy case at docket number 1782.  I'll refer to that as

23  the bar date order.  That by the way is the definition of the

24  phrase with capital -- initial capitals, Bar Date Order in the

25  confirmed plan.  Specifically it's that bar date order.

1       The bar date order as the city correctly points out in

2  their supplemental brief, docket 11755 and elsewhere,

3  established a deadline of February 21, 2014 for filing claims

4  against the city in the bankruptcy case and required that all

5  -- in general all pre-petition creditors, certain specific

6  exceptions stated in the -- in the bar date order, must file a

7  proof of claim in the city bankruptcy case by the February 21,

8  2014 date.  That's Paragraph 6 of the bar date order among

9  other provisions.

10      And as the city points out Paragraph 22 of the bar date

11 order says, and I'm parsing the -- parsing it out, but the

12 gist of it is that any creditor who is required by the bar

13 date order to file a proof of claim by the February 21, 2014

14 deadline but fails to do so by that deadline, and now I'm

15 going to quote it -- "shall be forever barred, estopped, and

16 enjoined from asserting any claim against the city or property

17 of the city."

18      And there is other language.  But that's the gist of it

19 and that's what it means as it applies to the claims in this

20 -- that are at issue now in -- in these motions.  It also said

21 that such creditors are barred from receiving distributions

22 under any Chapter 9 plan in this bankruptcy case as well if

23 they fail to file a timely proof of claim.

24      It's clear that all the creditors before me in these

25 motions today Hodge, Crowell, Crowell, and Murphy with respect

1  to their claims that are the subject of the city's motions

2  here, were required by the bar date order to file a proof of

3  claim by the February 21, 2014 deadline.  That is none of

4  these creditors' claims were subject to any exceptions that

5  were stated in the bar date order to the -- the requirement to

6  file a proof of claim and to face having the claims barred,

7  estopped, and enjoined, assertion of any claims barred,

8  estopped, or enjoined if the creditor failed to do that,

9  failed to timely file the proof of claim.

10      So the bar date order standing alone and without

11  considering yet the effect of the confirmed plan provisions on

12  -- on the bar date order if any, would bar the claims asserted

13  by each of these creditors that are at issue here and require

14  the Court to grant the city's pending motions.

15      The issue though and the dispute is -- arises from the

16  arguments made by the creditors here that certain provisions

17  in the city's confirmed plan and in the order confirming that

18  plan, change that result.  And -- and have changed what would

19  otherwise be the result under the bar date order with respect

20  to their claims.

21      As I mentioned earlier the city's Chapter 9 plan of

22  adjustment was confirmed by the order confirming plan that was

23  entered by the Court on November 12, 2014 at docket number

24  8272.  There is a rather -- a very lengthy order confirming

25  plan that's filed at that docket number.  Also at that docket

1 number attached to the order confirming plan is a copy of the

2 confirmed plan itself, the eighth amended plan for the

3 adjustment of the debts of the City of Detroit.

4      The order confirming plan modified in some respects that

5 plan, but otherwise confirmed it.  And so we look to both the

6 order confirming plan and the plan with respect to the

7 particular terms that the -- that are in issue on these

8 motions.

9      And those -- those are Article IV sub -- or Section S of

10 the plan which appears in the plan itself at Pages 62 to 63.

11 And Paragraph Q.58 on Page 108 of the order confirming plan

12 which is very similar to the plan provision that I've just

13 cited.

14      Those are lengthy provisions and they're -- they're

15 basically the same in their wording, but I'll start with the

16 reading the key language from the plan provision, Article IV,

17 Section S on Page 62 to 63.

18      It is a lengthy provision so I'm not going to read all of

19 it, but I do incorporate the entirety of it by reference here

20 for purposes of my bench opinion.

21      But in reading the key wording I think here, that

22 provision says, "from an act after the effective date the city

23 will continue to administer either directly or through a third

24 party administrator and pay valid pre-petition claims for

25 liabilities with respect to which the city is required to

1  maintain insurance coverage pursuant to MCL Section 500.3101

2  in connection with the operation of the city's motor vehicles

3  as follows."  And then -- unquote.

4      And then there is -- there are three categories of types

5  of claims that fall under that broad category.  The first of

6  which is claims for personal protection benefits as provided

7  by MCL Section 500.3107 and 3108 for which insurance coverage

8  is required by MCL Section 500.3101-1.

9      Those according to this provision are to be paid in full,

10  "to the extent valid" with certain exception for interest and

11  attorney fees.

12      The second category is "tort claims permitted by MCL

13  Section 500.3135."  And then I'm skipping some wording.  It

14  says shall be paid to the "shall be paid to the extent valid,"

15  only up to certain amounts.

16      And the third category is "claims for property protection

17  benefits under MCL Section 500.3121 and MCL Section 500.3123"

18  which -- which the plan language says, "shall be paid, to the

19  extent valid," only to -- up to a certain maximum amount.  Any

20  excess of which over the maximum amount there, the provision

21  says, shall be treated as an other unsecured claim or a

22  convenience claim as applicable.  Those are particular classes

23  in the -- other classes in the plan.

24      Then the provision -- plan provision says, "nothing in

25  the plan shall discharge, release, or relieve the city from

1   any current or future liability with respect to claims subject

2   to insurance coverage pursuant to MCL Section 500.3101, or

3   claims within the minimum coverage limits in MCL Section

4   500.3009-1."

5       It continues, "the city expressly reserves the right to

6   challenge the validity of any claim subject to this Section

7   IV.S, and nothing herein shall be deemed to expand the city's

8   obligations or claimants' rights with respect to these claims

9   under state law."

10      I'll refer to this provision as the motor vehicle plan

11  provision just for short.  Now the order confirming plan as I

12  mentioned has a Paragraph Q.58 on Page 108.  Again this is

13  docket 8272 that corresponds to the motor vehicle plan

14  provision that I just read from at -- at length.

15      It's not quite as long but it is -- it is worded

16  basically the same.  In part it says, "from and after the

17  effective date the city shall continue to administer (either

18  directly or through a third party administrator) and pay valid

19  pre-petition claims for liabilities with respect to which the

20  city is required to maintain insurance coverage pursuant to

21  MCL Section 500.3101 in connection with the operation of the

22  city's motor vehicles consistent with the terms of Section

23  IV.S of the plan.  Nothing in the plan or this order shall

24  discharge, release, or relieve the city from any current or

25  future liability with respect to claims subject to insurance

1 coverage pursuant to" -- and then worded similarly to the plan

2 provision.

3      And this provision in the order confirming plan goes on

4 to say, "provided that the city shall retain the right to

5 challenge the validity of any claim subject to Section IV.S of

6 this plan or this paragraph.  And nothing therein or herein

7 shall be deemed to expand the city's obligations or any

8 claimant's rights with respect to such claims under state

9 law."

10      The wording for all material purposes in my ruling on the

11 issues involved in the motions currently before me of this

12 plan -- that order confirming plan provision that I've just

13 quoted from is -- is the same in all material respects to the

14 motor vehicle plan provision that I quoted from earlier.  And

15 so what I say about one the language in front of those

16 provisions, the motor vehicle plan provision or the order

17 confirming plan provision, will apply to the other.

18      And so just for simplicity, I'll -- I'll -- I'll focus on

19 specifically the language in the motor vehicle plan provision

20 in the plan itself that I quoted from at length earlier.

21      The creditors argue that the motor vehicle plan provision

22 means that claims of the type they're -- they are pursuing

23 against the city in their State Court lawsuits, are claims

24 covered by the motor vehicle plan provision in which the city

25 was obligated by the confirmed plan to continue to administer

1  and pay to the extent the claims are valid under state law

2  even though and even if as the case with these creditors, the

3  creditors did not file any proof of claim in the bankruptcy

4  case for those claims, timely or otherwise.

5      And it's -- it's undisputed that none of these creditors

6  filed a timely proof of claim, that is a claim -- a proof of

7  claim by the bar date of February 21, 2014, or even otherwise

8  to date in the bankruptcy case for these claims at issue.

9      In any event these creditors argue they didn't have to do

10  that because the meaning of the motor vehicle plan provision

11  language that I've read from did not require them to do that

12  and superseded and effectively had the -- had the effect of

13  amending any requirement that they file a timely proof of

14  claim that may have existed before the confirmed plan --

15  before the plan was confirmed as a result of the language in

16  the bar date order.

17      The city disputes that view and argues to the contrary

18  that the plan considering not only the -- the provisions that

19  I have referred to and quoted, but also other -- certain other

20  provisions in the plan made clear that the bar date order was

21  not affected or superseded in any way but continued to be

22  fully effective against all claims of the type covered --

23  including claims of the type covered by the motor vehicle plan

24  provision.

25      Now each side argues that their view, and their meaning,

1   their interpretation of these plan provisions is the correct

2   and unambiguous provision.  I think as an alternative argument

3   the creditors, or at least some of them argue that at worst

4   from their perspective that the language that -- the material

5   language here in the plan is ambiguous and should be construed

6   against the drafter meaning in their view the City of Detroit

7   if it's -- if it's ambiguous.  And so their view should

8   prevail even if the Court determines that the plan, confirmed

9   plan is ambiguous on the key issue.

10      The rule construing an ambiguity in a contract against

11  the drafter is certainly part of Michigan law on contract

12  interpretation, but the rule has no application here.  The

13  affidavits filed by the city with the city's two supplemental

14  briefs that were filed at docket 11755 and 11812 each made

15  clear that this -- the motor vehicle plan provision that

16  appears in the plan and the corresponding order confirming

17  plan language that I quoted from was language that was jointly

18  drafted by the city and the State of Michigan and

19  significantly negotiated.

20      So it is not the case that the city is the sole drafter

21  of the language, rather the State of Michigan which evidently

22  had as its purpose to benefit claimants of the type -- or the

23  type of claims that the creditors here are asserting,

24  negotiated that and jointly drafted it with the city.  And so

25  this rule construing ambiguities against the drafter would not

1 apply even if the Court found that the relevant plan language

2 was ambiguous.

3     The city's view and interpretation that it urges the

4 Court to adopt of the motor vehicle plan provision, and the

5 plan as a whole, and the bar date order, all in combination,

6 is as I understand it includes the following arguments.

7     First, the city argues the language in the motor vehicle

8 plan provision and the -- also the order confirming plan on

9 which the creditors rely required in order for the city to

10 have any obligation to administer and pay claims, motor

11 vehicle related claims, those claims had to be valid

12 pre-petition claims.  That's the phrase used in these plan

13 provisions and the term valid is used repeatedly in these plan

14 provisions several times.

15     Taking the motor vehicle plan provision that I quoted

16 from earlier, the opening words say the city will continue to

17 administer and pay valid pre-petition claims for liabilities,

18 et cetera and each of the three categories of claims listed

19 thereafter that I quoted from and described, all required

20 payment only, "to the extent valid".  That is payment of

21 claims to the extent valid.  And used that word valid.

22     The city argues that the use of the word valid there

23 means or -- or includes a claim that is not barred by the bar

24 date order.  That is valid includes the requirement that the

25 pre-petition claim be the subject of a timely filed proof of

1 claim that complies with the bar date order.

2      The creditors of course disagree with that, take a

3 different view of the meaning of that word valid.  As I

4 understand them their argument is valid means only valid in

5 the sense that a claim would be valid under Michigan law

6 outside of bankruptcy without -- without regard to whether or

7 not a proof of claim were filed or timely filed in this

8 bankruptcy case.

9      The creditors also point to the no discharge language in

10 the motor vehicle plan provision that I quoted from at length

11 earlier.  The language that says, "nothing in the plan shall

12 discharge, release, or relieve the city from any current or

13 future liability with respect to claims subject to insurance

14 coverage, et cetera."

15      Creditors say that -- that that no discharge language and

16 its reference to no discharge of any current or future

17 liability of -- of these types of claims also shows that

18 claims of that type did not have to be the subject of a timely

19 filed proof of claim in order to be protected from discharge

20 release -- or release by this language in the plan.

21      The city disagrees and the city argues that the phrase

22 any current or future liability as used in that no discharge

23 provision includes only claims that are the subject of

24 liability in that they are not barred by the bar date order

25 and the failure to timely file a proof of claim.  In other

1  words the city argues that the bar date order in the case of

2  the claims of these creditors before us today had the effect

3  of eliminating any liability of the city on those creditors'

4  claims, current or future, any liability because of the

5  language of the bar date order that I quoted from earlier

6  which said among other things that in essence that a creditor

7  that failed to -- holder of a pre-petition claim who failed to

8  file a timely proof of claim, "shall be forever barred,

9  estopped, and enjoined from asserting any claim against the

10  city or property of the city."

11      The bar date order as I mentioned earlier was filed on

12  November 21, 2013 at docket 1782 in this case.  The bar date

13  of February 21, 2014 of course had come and gone many months

14  earlier before the plan was confirmed in this case.  And that

15  the failure of these creditors to file any claim, a proof of

16  claim rather, by that February 21, 2014 date automatically

17  meant under the bar date order that as soon as that deadline

18  for filing the proof of claim passed, these creditors with

19  respect to their pre-petition claims no longer had any valid

20  claims and the city no longer had any liability, including

21  current and future liability within the meaning of the no

22  discharge language of the motor vehicle plan provisions that

23  later became part of the confirmed plan.

24      The -- in my view the city's arguments that I have

25  described up to this point are -- are certainly reasonable.

1  They are reasonable interpretations of the plan language.

2  Whether they are more than that or whether they are the only

3  reasonable interpretation of the plan language, I think it is

4  greatly influenced by a couple of other provisions in the plan

5  that was confirmed.

6      Chiefly actually one other provision.  And that is the

7  provision on Page 32 of the confirmed plan, docket number

8  8272, Article II, Section A.2.D on Page 32 of the plan which

9  says, "the plan does not modify any other Bar Date Order, and

10 bar date order is initial capitals there, including bar dates

11 for claims entitled to administrative priority under Section

12 503(b)(9) of the Bankruptcy Code."

13     There is also a reference in Section -- Article II,

14 Section A.2.A on Page 31 of the plan which is labeled general

15 bar date provisions that also talks about the effects or

16 non-effect of the plan on bar dates and bar date orders.

17     I, in my view, these provisions and especially subsection

18 D on Page 32 of the confirmed plan is unambiguous and makes

19 absolutely clear and unambiguous in the confirmed plan that

20 the bar date order at issue today before me, docket 1782, was

21 not modified in any way, or affected, or changed, or made

22 subject of exceptions in any way by the confirmed plan of

23 adjustment.

24     Bar date order by the way, that phrase with initial

25 capitals Bar Date Order as used in that provision on Page 32

1  is defined in the definition section of the plan, Page 5 of

2  the plan, docket 8272 definition number 43 to mean among other

3  things specifically the bar date order at docket 1782 which is

4  the bar date order that I'm -- what I'm talking about today.

5      And so the confirmed plan, the same confirmed plan that

6  contains the motor vehicle plan provision on which creditors

7  rely and the meaning of which they argue about here makes

8  clear and unambiguous that the plan of adjustment, the

9  confirmed plan of adjustment does not modify the bar date

10 order.

11     To the extent there is any ambiguity in the motor vehicle

12 plan provision as the creditors' counsel suggests there might

13 be, that ambiguity is resolved in my view by this provision on

14 Page 32 of the confirmed plan.  That makes clear that the

15 plan, confirmed plan does not modify the bar date order.

16     Further, further support in my view for the city's

17 position and interpretation of the plan is the language found

18 at the very end of the motor vehicle plan provision which I

19 quoted from earlier.  In the motor vehicle plan provision the

20 language says, "the city expressly reserves the right to

21 challenge the validity of any claim subject to this Section

22 IV.S, and nothing herein shall be deemed to expand the city's

23 obligation or claimant's rights with respect to these claims

24 under state law."

25     That's on Page 63 of the confirmed plan.  The -- at the

1    very last sentence of that Section IV.S.  That sentence that I

2    just read from in my view draws a distinction between this

3    concept of the validity of a claim subject to this Section

4    IV.S., this motor vehicle plan provision on the one hand, and

5    the city's -- the city's obligation or claimant's rights with

6    respect to these claims under state law on the other hand by

7    treating them as two different things in this compound

8    sentence that concludes this section of the confirmed plan.

9         And clearly implies in my view and supports a view that

10   this notion of validity and the word valid as used repeatedly

11   earlier in that paragraph of the confirmed plan is broader and

12   means something more than just whatever obligations or rights

13   the city or the claimants had that is whatever obligations the

14   city had or the claimants had with respect to these claims

15   under state law.

16        In other words, it undercuts in my view the creditors'

17   argument that valid as used earlier in this section of the

18   confirmed plan, that the word valid means only valid under

19   state law.  Rather this strongly supports the view that valid

20   is something more than that and -- and the obvious thing that

21   is more than that is the claim in order -- the claims in order

22   to be valid within the meaning of the language earlier in this

23   paragraph have to be the subject of timely filed proofs of

24   claim which of course is not a requirement under state law for

25   a claim to have validity, it's  -- it is therefore support for

1  the broader view that the city espouses of this notion of

2  valid.

3      I think that combined with the language in the bar date

4  order itself cited by the city from Page 22 of the bar date

5  order that I quoted earlier, that says that a party that fails

6  to properly file a timely proof of claim by the bar date,

7  "shall be forever barred, estopped, and enjoined from

8  asserting any claim against the city or property of the city,"

9  further supports the -- the notion that the motor vehicle plan

10  provisions referenced to and limits -- limitations to applying

11  only the valid claims implies clearly a requirement that such

12  claim and such pre-petition claims be the subject of timely

13  filed proofs of claim in the bankruptcy case.

14      And of course overlaid all of this is -- over all of this

15  is the plan provision that clearly says that the plan -- the

16  bar date order is not modified by the confirmed plan.  Putting

17  this all together in my view is -- does not lead to

18  inconsistencies in -- in the interpretation the city has

19  argued and which I -- I -- as I've said I agree with.  Rather

20  I find and conclude that the -- these relevant provisions of

21  the plan, the order confirming plan, and the bar date order

22  are fairly consistent with each other under this

23  interpretation and in my view the plan, the confirmed plan,

24  the order confirming plan, and the bar date order all -- are

25  all unambiguous in meaning what I have ruled they mean.

1    The city in my view in short is correct and therefore the

2   bar date order does retain full vitality and does apply fully

3   to the claims of these creditors and therefore means that the

4   motor vehicle plan provision of the confirmed plan does not

5   entitle these creditors to any relief or give them any right

6   to pursue any claims against the city such as the claims they

7   are pursuing or have been pursuing in their State Court

8   lawsuits.  Rather all such claims are barred under the

9   unambiguous language of the bar date order and the confirmed

10  plan of adjustment in this case.

11    And so based on all of that, the Court must and will

12  grant the city's motions, both of them with respect to the

13  Hodge motion and the Crowell, Crowell, and Murphy motion.  Mr.

14  Swanson, I'll ask you to submit the proposed order that the

15  city attached to each of these motions.

16    I'll make some non-substantive changes to the first

17  paragraph to recite the hearings that we had, and the

18  proceedings that we had, and the bench opinion I've given

19  today and so forth.  But I don't anticipate making any

20  substantive changes to the proposed orders.

21    So the motions will be granted and I'll ask you to submit

22  those orders as soon as possible.  I'll waive any further

23  presentment of them.  Thank you all.

24         MR. DEDVUKAJ:  Thank you, Your Honor.

25         MR. SWANSON:  Thank you, Your Honor.

1      (Court Adjourned at 4:22 p.m.)

2

3

4

5

6

7 We certify that the foregoing is a correct transcript from the

8 electronic sound recording of the proceedings in the

9 above-entitled matter.

10

11 /s/Deborah L. Kremlick, CER-4872       Dated: 4-3-17
   Jamie Laskaska
12

13

14

15

16

17

18

19

20

21

22

23

24

25