

**UNITED STATE BANKRUPTCYCOURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**COURTNEY D. PAYTON'S OBJECTION AND RESPONSE TO CITY OF DETROIT'S MOTION FOR (I) DETERMINATION THAT COURTNEY D. PAYTON WILLFULLY VIOLATED THIS COURT'S ORDER GRANTING MOTION TO ENFORCE ENTERED AT DOCKET NUMBER 10743, AND (II) AWARDING COMPENSATORY AND PUNITIVE SANCTIONS**

Courtney D. Payton ("Mr. Payton") by his undersigned counsel, the Mike Morse Law Firm, files this Objection and Response to City of Detroit's Motion for (I) Determination that Courtney D. Payton Willfully Violated this Court's Order Granting Motion to Enforce Entered at Docket Number 10743, and (II) Awarding Compensatory and Punitive Sanctions. In support of this Objection and Response, Mr. Payton respectfully responds as follows:

I. **Introduction**

On July 18, 2013, the City filed this Chapter 9 case. On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof ("Bar Date Order").

Thereafter, Mr. Payton, through his prior counsel, Ernest Friedman ("Attorney Friedman"), filed a first-party PIP claim against the City of Detroit on January 23, 2015 for injuries he sustained in a June 8, 2004 motor-vehicle collision in which Mr. Payton was a passenger in a bus owed by the City of Detroit. On December 16, 2015, the City filed a Motion to Enforce Order, pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and

1

Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof against Mr. Payton. Pursuant to the notice of opportunity to object to the Motion, Attorney Friedman had 14 days to file a written response or answers to the City's Motion. A copy of the notice of opportunity to object is attached as **Exhibit 1.**

Attorney Friedman did not timely file a response to the City's Motion to Enforce Order, pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof against Mr. Payton, and the Motion was granted. It was ordered that Mr. Payton must dismiss, or cause to be dismissed, the City of Detroit with prejudice. A copy of the Order granting the City's motion is attached as **Exhibit 2.**

The City has now filed this Motion requesting that this Court order that Mr. Payton dismiss his current lawsuit and that he be required to pay the City's fees and costs because "the City has had to contend with numerous litigants who believe it is permissible to evade or openly defy this Court's orders." For the reasons set forth below, Plaintiff requests that this Court deny the City's request.

II. **Argument**

    **A. Mr. Payton's claim should not have been dismissed because there is a direct conflict between the language of the Bar Date Order and Paragraph 58 of the Eighth-Amended Plan for Adjustment of Debts of the City of Detroit**

The Bar Date Order states that any entity that fails to file a proof of claim, when it is required to do so, "shall be forever barred estopped and enjoined from: (a) asserting any claim against the City or Property of the City."

However, Paragraph 58 of the Plan states as follows:

2

> "58. <u>Claims Related to Operation of City Motor Vehicles.</u> From and after the Effective Date, the City shall continue to administer (either directly or through a third party administrator) and pay valid prepetition Claims for liabilities with respect to which the City is required to maintain insurance coverage pursuant to M.C.L. § 500.3101 in connection with the operation of the City's motor vehicles consistent with the terms of Section IV.S of the Plan. ***Nothing in the Plan or this Order shall discharge, release or relieve the City from any current or future liability with respect to Claims subject to insurance coverage pursuant to M.C.L. § 500.3101*** or Claims within the minimum coverage limits in M.C.L. § 500.3009(1);"(emphasis added).

The Plan specifically lists claims arising from the operation of City Motor Vehicles, such as a City of Detroit Bus, as City liabilities which will not be discharged by the Plan. Per the plain language of the plan, there is "**Nothing**" in the Plan or the Order that will discharge the city from such claims. Based on a reading of Paragraph 58, there is nothing that will discharge the city's liability to a claim arising out of the operation of City Motor Vehicle.

Based upon a reading of the Bar Date Order and Paragraph 58 of the Plan, there is a direct conflict as to how Mr. Payton's claim should be handled. Additionally, there is no further mention in the Bar Date Order or in the Plan clarifying how to treat claims arising out of City Motor Vehicles. This conflict between the Bar Date Order and the Plan, along with the lack of any clarifying language, exhibits clear ambiguity as to how the Plan is to treat claims such as Mr. Payton's.

Under the Doctrine of Contra Proferentem any ambiguity in a written agreement is to be resolved against the drafter. *Raska v Farm Bureau Mut Ins Co*, 412 Mich 355, 370, 314 NW2d 440 (1982). Since the Bar Date Order and Paragraph 58 of the Plan are in direct conflict of one another, the ambiguity should be read against the City, who was a party to the drafting of both documents.

3

Due to the ambiguous language of the Bar Date Order and Paragraph 58 of the Plan, failing to file a proof of claim does not bar Mr. Payton's claims for insurance benefits under MCL 500.3101 and failing to file a proof of claim does not discharge the City's liability to pay those benefits.

### B. Mr. Payton should not have to pay the City's attorney fees or costs

This Court may award compensatory damages when a creditor violates a court order or discharge injunction despite having knowledge of it. *Holley v Oliver, PLLC,* 473 BR 212, 215-16 (Bankr. ED Mich 2012). The party wishing to enforce such sanctions must show by clear and convincing evidence that he creditor had knowledge of a definite and specific order yet still violated it. *Id.* at p. 215. The City has failed to meet this burden.

As previously stated, on December 16, 2015, the City filed a Motion to Enforce Order, pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof against Mr. Payton. Pursuant to the notice of opportunity to object to the Motion, Attorney Friedman had 14 days to file a written response or answers to the City's Motion. A copy of the notice of opportunity to object is attached as **Exhibit 1.**

Attorney Friedman did not timely file a response to the City's Motion to Enforce Order, pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof against Mr. Payton, and the Motion was granted. It was ordered that Mr. Payton must dismiss, or cause to be dismissed, the City of Detroit with prejudice. A copy of the Order granting the City's motion is attached as **Exhibit 2.** Thereafter, Attorney Friedman stipulated to dismiss Mr. Payton's claim against the City. A copy of the Stipulated

4

Order granting the City's motion is attached as **Exhibit 3**.

The City has not attached a shred of evidence that tends to prove that Mr. Payton knew about the order to enforce or the stipulated order to dismiss his actions prior to Mr. Payton filing the current civil action. Prior to Mr. Payton filing this instant lawsuit, he had not been able to contact Attorney Friedman, and he was not informed by Attorney Friedman that his case had been dismissed. Mr. Payton did not have knowledge of the order when he filed the instant suit.

Further, Mr. Payton should not have to pay the City's attorney fees and costs because the City has had to file a large number of motions to enforce. The City is simply using Mr. Payton has a scapegoat for it having to file other motions to enforce in cases in which Mr. Payton has nothing to do with. What other parties did in the past or what other parties do in the future should have no consequence on whether Mr. Payton should have to pay the City's attorney fees in this action. The City's stance that Mr. Payton should be required to pay deterrence sanctions for what other parties may do in the future is unsupported and unfounded.

### III. Conclusion

WHEREFORE, Mr. Payton respectfully requests this Court Deny the City of Detroit's Motion for (I) Determination that Courtney D. Payton Willfully Violated this Court's Order Granting Motion to Enforce Entered at Docket Number 10743, and (II) Awarding Compensatory and Punitive Sanctions.

**Respectfully submitted,**
**MIKE MORSE LAW FIRM**
Attorneys for Plaintiff

**Marc J. Mendelson P-52798**
**Donald J. Cummings P-70969**
24901 Northwestern Highway, Suite 700
Southfield, MI 48075-1816
(248) 350-9050

Dated: June 16, 2017

## SUMMARY OF ATTACHMENTS

The follow documents are attached to this Motion Reponses, labeled in accordance with Local Rule 9014-1(b).

| | |
|---|---|
| Exhibit 1 | Notice of Opportunity to object to City of Detroit's Motion to Enforce Order, pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof against Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton |
| Exhibit 2 | Order Granting City of Detroit's Motion to Enforce Order, pursuant to Sections 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof against Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton |
| Exhibit 3 | Stipulated Order of Dismissal with Prejudice |
| Exhibit 4 | Certificate of Service |

# EXHIBIT 1

# EXHIBIT 1 – NOTICE OF OPPORTUNITY

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

**NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSUANT TO SECTIONS 105, 501, AND 503 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULES 2002 AND 3003(c), ESTABLISHING BAR DATES FOR FILING PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF AGAINST BOBBY WATSON, GODFREY WALTERS, NADINE STALEY AND COURTNEY D. PAYTON**

The City of Detroit has filed papers with the Court requesting the Court to enforce the Order, Pursuant To Sections 105, 501, And 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton.

**<u>Your rights may be affected.</u> You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the *City Of Detroit's Motion To Enforce Order, Pursuant To Sections 105, 501, and 503 Of The Bankruptcy Code and Bankruptcy Rules 2002 And 3003(C), Establishing Bar Dates For Filing Proofs Of Claim and Approving Form and Manner Of Notice Thereof Against Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton*, within 14 days, you or your attorney must:

1. File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

Dated: December 16, 2015

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

# EXHIBIT 2

# EXHIBIT 2 – ORDER GRANTING

**UNITED STATES BANKRUPTCY COURT
EASTER'.', DISTRICT OF MICHIGAN
SOUTHER"I DIVISION**

| | |
|---|---|
| In re:<br><br>City of Detroit, Michigan,<br><br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE ORDER, PURSIJA;\JT TO SECTIO;\JS 105, 501, AND 503 OF THE BA;\JKRUPTCY CODE AND BA;\JKRUPTCY RULES 2002 A;\JD 3003(c), ESTABUSIUNG BAR DATES FOR FILING PROOFS Of CLABI AND APPROVING FORM A'.',D MANNER Of NOTICE THEREOF AGAINST BOBBY WATSON, GODFREY WALTERS, NADINE STALEY AND COURTNEY D.PAYTON**

This case is before the Court on the Motion to Enforce Order, Pursuant to Sections 1 05. 50 1, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing of Proofs of Claim and Approving Form and Manner of Notice Thereof against Bobby Watson, Godfrey Walters. Nadine Staley and Courtney D. Payton (Docket# 1 07 I 0, the "Motion")[1], upon proper notice, and no timely response having been filed to the Motion, and there being good cause to enter this Order.

**IT IS ORDERED THAT:**

1. The Motion is granted.

2. No later than February 3. 2016:

    (a) Nadine Staley must dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Nadine Staley, Plaintiff; v. City of Detroit, D[!{endanl,* filed in the Wayne County Circuit Court and assigned Case No. 15-013025.

    (b) Courtney D. Payton must dismiss, or cause to be dismissed. the City of Detroit with prejudice from the case captioned as *Courtney D. Payton, Plaintiff; v. City of Detroit, Defendant,* filed in the Wayne County Circuit Court and assigned Case No. 15-000962.

---

[1] Capitalized tcnns used but not otherwise defined in this Order shall have the meanings given to them in the Motion.

(c) Godfrey Walters must dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Goc/frey Walters, Plaintiff. vs. John Doe Driver, and City of Detroit, Defendants,* filed in the Wayne County Circuit Court and assigned Case No. 15-013571.

(d) Bobby Watson must dismiss, or cause to be dismissed, the City of Detroit with prejudice from the case captioned as *Bobby Watson, Plaintiff. vs. City of Detroit, and .John Doe,* filed in Wayne County Circuit Court and assigned Case No. 15-009009.

3. Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton are pennanently barred, estopped and enjoined from asserting the claims arising from or related to their State Court Actions against the City of Detroit or property of the City of Detroit.

4. Bobby Watson, Godfrey Walters, Nadine Staley and Courtney D. Payton are prohibited from sharing in any distribution in this bankruptcy case.

5. The Court will retain jurisdiction over any and all matters ansmg from the interpretation or implementation of this Order.

6. The City must immediately serve a copy of this Order upon Bobby Watson, Godfrey Walters, Nadine Staley and Coumley D. Payton, and then file proof of such service.

**Signed on January 29, 2016**

_s/ Thomas ,J, Turker_
Tbomas .J. Tnrker
Fnited St:1tesBm1k111ptry .JmlgE>

# EXHIBIT 3

<u>**EXHIBIT 3 – STIPULATED ORDER**</u>

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

COURTNEY D. PAYTON, Plaintiff,

-vs-

CITY OF DETROJT, Defendant.

Case No. 15-000962-NF HON. ANETTE J BERRY

---

ERNEST F. FRIEDMAN (P26642)
LAW OFFICE OF ERNEST FRIEDMAN
Attorneys for Plaintiff
24567 Northwestern Hwy., Suite 500
Southfield. Ml 48075
(248) 350-9440

GRANT J. HA. P53403
CITY OF DETROIT LAW DEPARTMENT
Attorney for Defendant City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-5039

15-000962-NF
FILED IN MY OFFICE
WAYNE COUNTY CLERK
2/8/2016 11:58:58 AM CATHY
M. GARRETT

/s/ Cheryl Bascomb

---

**STIPULATED ORDER OF DISMISSAL WITH PREJUDICE**

At a session of said Court, held in the City County Building, City of Detroit, County of Wayne, State Of Michigan on: _____2/8/2016_____

PRESENT: Annette J Berry
HON. ANNETTE J. BERRY
CIRCUIT COURT JUDGE

Upon the reading of this above Stipulated Order of Dismissal with Prejudice, and the court being fully advised in the premises:

**IT IS HEREBY ORDERED** that the above-entitled cause be dismissed with prejudice.

This order resolves the last pending claim and closes the case.

/s/ Annette J. Berry
_____
HON. ANNETTE J. BERRY CJRCUIT COURT JUDGE

The parties hereby agree as to form and substance.

| | |
|---|---|
| /s/ Ernest F Friedman | /s/Grant Ha |
| ERNEST F. FRIEDMAN (P26642) | GRANT HA (P53403) |
| Attorneys for Plaintiff | Attorney for Defendant |

13-53846-tjt   Doc 11894   Filed 06/01/17   Entered 06/01/17 18:15:38   Page 32 of 47

13-53846-tjt   Doc 11939   Filed 07/05/17   Entered 07/05/17 14:26:12   Page 15 of 17

# EXHIBIT 4

# EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 16, 2017, he served a copy of the foregoing **COURTNEY D. PAYTON'S OBJECTION AND RESPONSE TO CITY OF DETROIT'S MOTION FOR (I) DETERMINATION THAT COURTNEY D. PAYTON WILLFULLY VIOLATED THIS COURT'S ORDER GRANTING MOTION TO ENFORCE ENTERED AT DOCKET NUMBER 10743, AND (II) AWARDING COMPENSATORY AND PUNITIVE SANCTIONS** upon counsel for the City of Detroit in the manner described below: Via first class mail and email:

Marc N. Swanson, P71149
Miller, Canfield, Paddock and Stone, PLC 150
West Jefferson, Suite 2500
Detroit, MI 48226
Email: swansonm@millercanfield.com

Respectfully submitted,
MIKE MORSE LAW FIRM
Attorneys for Plaintiff

**Marc J. Mendelson P-52798**
**Donald J. Cummings P-70969**
24901 Northwestern Highway, Suite 700
Southfield, MI 48075-1816
(248) 350-9050

Dated: June 16, 2017