UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**In re:**

| | |
|---|---|
| **City of Detroit, Michigan,** | **Bankruptcy Case No.: 13-53846** |
| Debtor. | Honorable Thomas J. Tucker |
| | Chapter 9 |

## MOTION FOR RELIEF *NUNC PRO TUNC* FROM THIS COURT'S ORDER DATED SEPTEMBER 29, 2016

Now Comes, Jerome Collins, by and through his attorney, Benjamin Whitfield, Jr., and moves this Honorable Court pursuant to *11 USC § 362(d) (1) and LR 7.1(d)* for an Order *Nunc Pro Tunc* permitting Collins' to comply with this Court's order of September 29, 2016 and in support of this motion, Collins states as follows:

**1.** On September 29, 2016, this Court entered an order (Dkt No. 11597). At paragraph 2, this Court required that Collins "cause to be dismissed Case No. 15-cv-11765 pending in the US District Court for the Eastern District of Michigan."

**2.** Through inadvertence, the Court's order was not complied with timely. The undersigned counsel sought to have this Court's order entered *nunc pro tunc* before District Court Judge Brian Friedman, who was assigned to Collins' civil case wherein Collins' was seeking damages and declaratory relief against the City of Detroit and their officers both individually and in their official capacity. Because of the filing of the City's bankruptcy, Judge Friedman granted an automatic stay and the matter was remanded to this Honorable Court.

**3.** As is evidence by the fact that there remains pending before this court a decision on motions filed by Collins, there has been some confusion as to which court has jurisdiction over Collins' claims.

**4.** In Paragraph 3 of this Court's order dated September 29, 2016, this court retained jurisdiction over any and all matters arising from the interpretation or implementation of its order.

**5.** Judge Friedman by order issued June 1, 2017, on Collins' motion *nunc pro tunc* of the bankruptcy order dated September 29, 2016, denied Collins' motion and indicated explicitly that the filing deadline as ordered by the bankruptcy court was missed and that the relief sought had to come from this Court (Docket 24, Case No. 15-cv-11756).

Wherefore, Collins prays that this Honorable Court will reissue it's order granting leave *nunc pro tunc*.

Respectfully Submitted,

**Benjamin Whitfield, Jr. & Associates, P.C.**

By: ___/s/ Benjamin Whitfield, Jr.___
Benjamin Whitfield, Jr. (P23562)
Attorney for Jerome Collins
613 Abbott St, 1st FL
Detroit, MI 48226
**Phone:** (313) 961-1000
**Email:** benwlaw123@aol.com

**Dated:** July 7, 2017

## MEMORANDUM OF SUPPORT OF MOTION FOR RELIEF NUNC PRO TUNC

This Court has the authority to enter a *nunc pro tunc* order pursuant to 11 USC 105, Bankruptcy Procedure Rule 1007, and the Bankruptcy Court's "inherent authority".

In the instant case, this Court has recognized that there might be more than the usual confusion or uncertainty regarding jurisdiction or procedure. To assure that justice would be done this Court retained jurisdiction. Its jurisdiction arises under 11 USC 105 and the court's inherent authority to control its own docket. Accordingly, *nunc pro tunc* relief is contemplated as a reasonable exercise of the court's discretion and jurisdiction. Also, the fact that undersigned counsel failed to comply with this Court's order as a result of inadvertence and not neglect there is no prejudice to either party in granting Collins' request that the Court reissue its order *nunc pro tunc*.

Respectfully Submitted,

**Benjamin Whitfield, Jr. & Associates, P.C.**

By: ___/s/ Benjamin Whitfield, Jr.___
Benjamin Whitfield, Jr. (P23562)
Attorney for Jerome Collins
613 Abbott St, 1st FL
Detroit, MI 48226
**Phone:** (313) 961-1000
**Email:** benwlaw123@aol.com

**Dated:** July 7, 2017