UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## CITY OF DETROIT'S RESPONSE TO COLLINS MOTION FOR RELIEF *NUNC PRO TUNC* FROM THIS COURT'S ORDER DATED SEPTEMBER 29, 2016 [Doc. Nos. 11934, 11947]

The City of Detroit ("City"), by its undersigned counsel, files the attached Response to Collins Motion for Relief *Nunc Pro Tunc* From this Court's Order Dated September 29, 2016 [Doc. Nos. 11934, 11947].

1. On September 11, 2015, the City filed the *Corrected Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring the Dismissal with Prejudice of the Federal Court Action Filed by Jerome Collins to the Extent it Seeks Relief Against the City of Detroit or Property of the City of Detroit* [Doc. No. 10182] ("Corrected Enforcement Motion").

2. The Court held a hearing on the Corrected Motion on September 28, 2016. The following day the Court entered an order providing in pertinent part:

> No later than October 5, 2016, Jerome Collins must dismiss, or cause to be dismissed, Case No 15-11756 filed with the United States District Court for the Eastern District of Michigan, Southern Division, and captioned *Jerome Collins vs. City of Detroit, Detroit Police*

- 1 -

*Department, Ralph Godbee, former Police Chief, Mattie Lewis, former Police Officer, and John Does, whose identities are presently unknown* to the extent it seeks any relief against the City of Detroit or property of the City of Detroit, including to the extent it seeks any relief against any current or former employee of the City of Detroit in his/her official capacity.

Order Granting, in Part, the Corrected Motion ¶ 2 [Doc. No. 11597] ("<u>Order</u>").

3. Collins took no action to comply with the Order.

4. On January 6, 2017, the City emphasized in a court filing with this Court that "Collins has not complied with the Order because he has yet to dismiss any claims or parties from the lawsuit." *City of Detroit's Objection to Motion for Entry of Order Granting Collins' Verified Motion for Leave to File Delayed Proof of Claim [Doc. No. 11736] and Corrected Motion for Entry of Ordeer Granting Collins' Verified Motion for Leave to File Delayed Proof of Claim [Doc. No. 11743]*, p. 2. The City further reserved "any right it may have to seek contempt and other sanctions against Mr. Collins for failing to comply with this Court's final order entered more than three months ago with a mandate compliance date of October 5, 2016." *Id.*

5. Instead of complying with the Order, on April 7, 2017, Collins filed a *Motion to Lift Stay of Litigation to Permit Collins in an Amended Complaint to Pursue Federal or State Tort or Other Claims, against City of Detroit, Detroit Police Department, Ralph Godbee, Chief James Craig, et al Police Officers or*

*Others Who Violated His Right* [Doc. No. 19 in Case No. 15-11756] ("Stay Motion"). The Stay Motion and Exhibits are attached as Exhibit 1.

6. As set forth in the Stay Motion, Collins sought leave to "refile the Complaint attached hereto." Stay Motion, p. 4. In direct violation of the Order, the proposed amended complaint names the City of Detroit and the Detroit Police Department as defendants. Further, Collins also asserted claims against certain of the individual defendants in their "official capacity" in direct violation of the Order. *See e.g.* Proposed Amended Complaint ¶ 9. The City opposed the Stay Motion and the Federal District Court denied the Stay Motion. [Doc. Nos. 22, 24 in Case No. 15-11756].

7. On June 30, 2017, Collins filed the Motion for Relief *Nunc Pro Tunc* From this Court's Order Dated September 29, 2016 [Doc. No. 11934] ("First Motion"). The Court issued two deficiency notes on the First Motion. Doc. Nos. 11941 and 11942.

8. On July 7, 2017, Collins filed a second Motion for Relief *Nunc Pro Tunc* From this Court's Order Dated September 29, 2016 [Doc. No. 11947] ("Second Motion" and together with the First Motion, the "Motion").[1]

9. The Motion essentially requests that this Court extend the October 5 deadline in the Order to allow Collins to file a dismissal in the federal district court

---

[1] The First Motion and Second Motion appear to be substantially similar.

case. The City does not oppose that relief to the extent Collins is provided a short period of time to comply with any amended order that this Court may issue. Collins, however, should be sanctioned for his failure to comply with the Order.

10. The Court may award compensatory damages, including attorneys' fees and costs, when a creditor violates a court order or discharge injunction despite having knowledge of it. *Holley v. Oliver, PLLC*, 473 B.R. 212, 215-16 (Bankr. E.D. Mich. 2012). Compensatory sanctions "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." *In re Moohaven Dairy LLC*, 461 B.R. 22, 27 (Bankr. E.D. Mich. 2011) (quoting *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 827 (1994) (internal quotation marks omitted)). All that is necessary to satisfy Due Process is that the party facing sanctions be given advance notice of the purpose of the hearing so that it has a full and fair opportunity to defend itself. *Edmondson v. Gordon (In re Gordon)*, No. 16-8014 at p. 9 (B.A.P. 6th Cir. May 18, 2017).

11. For a court to impose compensatory sanctions, it must be shown by clear and convincing evidence that the creditor had knowledge of a definite and specific order yet still violated it. *Holley*, 473 B.R. at 215; *Gordon*, No. 16-8014 at p. 8. An intention to disobey the order is not required. *Gordon*, No. 16-8014 at p. 8. Once a knowing violation of an order by a creditor has been shown, to avoid the

imposition of sanctions, the creditor must show that it "took all reasonable steps within [its] power to comply with the court's order." *Holley*, 473 B.R. at 215 (quoting *Glover*, 138 F.3d at 244 (internal quotation marks omitted)).

12. After *Holley* was decided, the Sixth Circuit confirmed that bankruptcy courts also have the power to order "mild" noncompensatory punitive damages where necessary. *Adell v. John Richards Homes Bldg. Co., L.L.C. (In re Adell v. John Richards Homes Bldg. Co., L.L.C.)*, 552 Fed. Appx. 401, 415 (6th Cir. 2013).[2] The power to impose noncompensatory sanctions arises both from section 105(a) of the Bankruptcy Code and from the court's inherent power to prevent abuse of process. *Id.* at 413-14. Because section 105(a) is "prospective rather than retrospective," noncompensatory sanctions are best used to deter improper behavior in the future. *See id.* at 415. That said, the Sixth Circuit, along with the Fifth, Eighth, and Ninth,[3] allows its bankruptcy courts to "award relatively minor noncompensatory fines" on a punitive basis when justice so requires. *Id.*

13. The procedure to award noncompensatory sanctions is the same as that for an award of compensatory sanctions but for two differences. First, the

---

[2] *Holley*, which held that bankruptcy courts lacked this power, was decided before the *John Richards Homes Building* opinion was issued. Thus, the *Holley* court did not have the benefit of the Sixth Circuit's view when deciding its case.

[3] The Third Circuit does also. *Lansaw v. Zokaites (In re Lansaw)*, 853 F.3d 657 (3d Cir. 2017) (upholding punitive damages for willful stay violations).

- 5 -
29509338.1\022765-00213
13-53846-tjt    Doc 11961    Filed 07/14/17    Entered 07/14/17 12:55:42    Page 5 of 7

court must apply the "beyond a reasonable doubt" standard. *Id.* at 416. Second, noncompensatory sanctions are limited in amount. The Sixth Circuit has not stated exactly what the limit is, though it did clarify that "A $5,000 sanction is not considered a serious punitive sanction." *Id.* at 415.

14. At least one court in this Circuit applied *John Richards Homes Building* to award noncompensatory sanctions when appropriate. The *Biery* court recently examined the state of the law and concluded that punitive damages, in the form of a continuing award of attorneys' fees against a contemnor, was clearly within the court's power. *In re Biery*, 543 B.R. 267, 298-300 (Bankr. E.D. Ky. 2015).

15. Collins has no excuse for violating the Order. The Order was entered in September 2016. The City reminded Collins that he violated the Order in January 2017. Yet, Collins' next action was to request the federal district court to permit him to file another amended complaint in direct violation of the Order. The City was forced to incur costs and expenses to address Collins' non-compliance. The City requests that it recover its costs, fees and expenses arising from Collins' non-compliance with the Order and that non-compensatory sanctions be awarded in favor of the City.

Dated: July 14, 2017

> By: /s/ Marc N. Swanson
> Marc N. Swanson (P71149)
> MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
> 150 West Jefferson, Suite 2500
> Detroit, Michigan 48226
> Telephone: (313) 496-7591
> Facsimile: (313) 496-8451
> swansonm@millercanfield.com
>
> ATTORNEYS FOR THE CITY OF DETROIT