

Founded in 1852
by Sidney Davy Miller

**MARC N. SWANSON**
TEL (313) 496-7591
FAX (313) 496-8451
E-MAIL swansonm@millercanfield.com

**Miller, Canfield, Paddock and Stone, P.L.C.**
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

MICHIGAN: Ann Arbor
Detroit • Grand Rapids
Kalamazoo • Lansing • Troy
FLORIDA: Tampa
ILLINOIS: Chicago
NEW YORK: New York
CANADA: Windsor
CHINA: Shanghai
MEXICO: Monterrey
POLAND: Gdynia
Warsaw • Wrocław

July 20, 2017

The Honorable Thomas J. Tucker
U.S. Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

Dear Judge Tucker:

As you may recall, our firm represents the City of Detroit, Michigan in its bankruptcy case. The Plunkett Cooney law firm represents or represented the following parties in this bankruptcy matter:

Plunkett Cooney
Douglas C. Bernstein
A. Paul and Carol C. Schaap Foundation
Charles Stewart Mott Foundation
Community Foundation for Southeast Michigan
Hudson-Webber Foundation
Max M. and Marjorie S. Fisher Foundation
McGregor Fund
The Ford Foundation
The Fred A. and Barbara M. Erb Family Foundation
W.K. Kellogg Foundation
William Davidson Foundation

We are writing, to inform you, as required by MRPC 1.10(b), that Michael E. Moore, Esq. has accepted an offer of employment to join our firm. Mr. Moore previously practiced with Plunkett Cooney, in its Bloomfield Hills, Michigan office. MRPC 1.10 states:

> (a) … If a lawyer leaves a firm and becomes associated with another firm, MRPC 1.10(b) governs whether the new firm is imputedly disqualified because of the newly hired lawyer's prior services in association with the lawyer's former law firm.
>
> (b) When a lawyer becomes associated with a firm, the firm may not knowingly represent a person in the same or a substantially related matter

> in which a lawyer, or a firm with which that lawyer was associated, is disqualified under Rule 1.9(b), unless:
> (1) the disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom; and
> (2) written notice is promptly given to the appropriate tribunal to enable it to ascertain compliance with the provisions of this rule.

While Mr. Moore does not believe that he was involved in, or gained any information related to, this matter while at the Plunket Cooney firm, we have taken the precaution to screen him from any contact or involvement with our representation of our client in the above matter and to prevent him from being apportioned any part of our fee. Likewise, we are taking the precaution of informing you of our hiring of Mr. Moore and of our screening of him. Please feel free to contact me if you have any questions or comments regarding this matter.

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By: /s/ Marc N. Swanson
Marc N. Swanson

cc: Jonathan S. Green, Esq.
Michael P. McGee, Esq.