UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Case No. 13-53846

CITY OF DETROIT, MICHIGAN,  Chapter 9

                Debtor.  Judge Thomas J. Tucker
_____/

**ORDER REGARDING THE "TRANSFER OF CLAIM OTHER
THAN FOR SECURITY" FILED BY KAREN E. EVANGELISTA, TRUSTEE
FOR THE BANKRUPTCY ESTATE OF STEVEN AND FRANCINE WOLAK;
AND THE OBJECTION FILED BY STEVEN WOLAK, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF CHRISTOPHER WOLAK, DECEASED
(REGARDING CLAIM NO. 3232)**

      This case came before the Court for a hearing on August 30, 2017 on the following two related items: (1) the document entitled "Transfer of Claim Other Than for Security" filed by Karen E. Evangelista, the Chapter 7 Trustee in Bankruptcy Case No. 15-53842 (Docket # 11932, the "Evidence of Claim Transfer"); and (2) the objection to the Evidence of Claim Transfer filed by Steven Wolak, as personal representative of the Estate of Christopher Wolak, Deceased (Docket # 12638, the "Objection"). For the reasons stated by the Court on the record during the hearing,

      IT IS ORDERED that:

1. The Objection (Docket # 12638) is sustained, to the extent of the relief provided by this Order, and subject to the terms of this Order.

2. Under Fed. R. Bankr. P. 3001(e)(2), the Court declines to enter an order substituting the purported transferee (Karen E. Evangelista, Trustee) for the purported transferor, Steven Wolak as personal representative of the Estate of Christopher Wolak, Deceased, with respect to the claim at issue, namely, Claim No. 3232.[1] As a result, the holder of Claim No. 3232 in this bankruptcy case remains Steven Wolak, as personal representative of the Estate of Christopher Wolak, deceased.

3. Karen E. Evangelista, as Trustee in the Chapter 7 bankruptcy case of Steven Wolak and Francine Wolak, Case No. 15-53842, holds and owns, on behalf of the Wolak bankruptcy estate, an interest in Claim No. 3232, as follows: the property of the Wolak bankruptcy estate includes whatever right(s) to payment that Steven Wolak and/or Francine Wolak, individually, have from the Estate of Christopher Wolak, Deceased, subject to any allowed exemption(s) in their

---

    [1] In an Opinion and Order filed in this case on January 20, 2017, this Court sustained the City of Detroit's objection to Claim No. 3232, and allowed the claim in a reduced amount, as follows: "Proof of claim number 3232 is allowed as a cash claim for $20,000 and as a Class 14 Other Unsecured Claim in the amount of $355,000." (Opinion and Order, filed January 20, 2017 (Docket # 11761) at 2.)

bankruptcy case.

4. This Court, in this City of Detroit Chapter 9 bankruptcy case, makes no determination, but rather abstains from determining, what amount(s) or value(s) there is to be paid to the Wolak bankruptcy estate based on the allowed Claim No. 3232. This depends, in part at least, on what amount(s) or value(s) are to be paid to attorneys who have represented the decedent Christopher Wolak's Estate. This Court abstains from making any such determination in this Chapter 9 bankruptcy case, under 28 U.S.C. § 1334(c)(1), in favor of such determination being made by the Wayne County Circuit Court, in Case No. 12-001060-NI, entitled *Wolak, etc. v. City of Detroit, et al.*, or in any other appropriate state court case.[2]

5. The determination by this Court, in this case, to abstain in favor of the Wayne County Circuit Court, as described in the preceding paragraph of this Order, is subject to any order that may be entered by the Bankruptcy Court in the Wolak bankruptcy case (Case No. 15-53842, assigned to Judge Shefferly), regarding that Court's role in the matter.

**Signed on August 31, 2017**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[2] In the Wayne County Circuit Court case just referenced, the Wayne County Circuit Court entered an Order on May 13, 2013 determining the distributions to be made to certain law firms and to Steve Wolak and Francine Wolak, from what was then anticipated to be $375,000 in cash settlement proceeds to be paid by the City of Detroit, in settlement of the claim of Steven Wolak as personal representative of the Estate of Christopher Wolak, Deceased. (A copy of this Wayne County Circuit Court Order is attached to this Order, for reference.) That Wayne County Circuit Court Order was entered before the City of Detroit filed its Chapter 9 bankruptcy case on July 18, 2013. After and as a result of the City of Detroit's bankruptcy, and as indicated in this Court's January 20, 2017 Opinion and Order (Docket # 11761), the value of the consideration to be paid by the City of Detroit because of the settlement of the claim of Steven Wolak, personal representative, will be less, and in part of a different kind, than was anticipated at the time of the May 13, 2013 Order of the Wayne County Circuit Court.

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

STEVEN WOLAK, as Personal Representative
of the Estate of CHRISTOPHER WOLAK,
Deceased,

      Plaintiff,

-vs-

CITY OF DETROIT, a Municipal Corporation
and AUDRIAN HARDY,

      Defendants.

Case No: 2012-001060-NI

HON. Jeanne Stempien

12-001060-NI
FILED IN MY OFFICE
WAYNE COUNTY CLERK
5/13/2013 3:21:51 PM
CATHY M. GARRETT
/s/ Angela Strong-Cooper

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441)<br>MICHAEL T. RATTON (P42399)<br>Attorneys for Plaintiff<br>*FIEGER, FIEGER, KENNEY, GIROUX*<br>*& DANZIG, P.C.*<br>19390 W. 10 Mile Road<br>Southfield, MI 48075<br>(248) 355-5555 | JERRY ASHFORD (P47402)<br>Attorney for Defendants<br>*CITY OF DETROIT LAW DEPARTMENT*<br>2 Woodward Avenue<br>Suite 500<br>Detroit, MI 48226<br>(313) 237-3089 |

**ORDER APPROVING PLAINTIFF'S MOTION TO APPROVE SETTLEMENT
AND FOR AUTHORITY TO DISTRIBUTE PROCEEDS PENDING DETROIT CITY
COUNCIL APPROVAL AND REQUEST FOR EVIDENTIARY HEARING
REGARDING ATTORNEYS LIEN**

At a session of said Court held in the City of
Detroit, County of Wayne and State of
Michigan on 5/13/2013

PRESENT: HON.    Jeanne Stempien
                CIRCUIT COURT JUDGE

This matter having come before the Court on Plaintiff's Motion to Approve Settlement and for Authority to Distribute Proceeds Pending Detroit City Council Approval and the Court being fully advised in the premises;

IT IS HEREBY ORDERED that the proposed settlement of Three Hundred Seventy-Five Thousand Dollars and 00/100 ($375,000) is approved after having determined that the settlement is in the best interest of the Estate of Christopher Wolak, Deceased and Detroit City

Council Approval.

IT IS FURTHER ORDERED that the settlement proceeds from the above approved settlement of Three Hundred Seventy-Five Thousand Dollars and 00/100 ($375,000) shall be distributed as follows:

(a) That the Court authorize distribution of $8,081.95 to Fieger, Fieger, Kenney, Giroux, Danzig & Harrington, P.C., said sum representing costs expended in pursuing this matter.

(b) That the Court authorize distribution of $1,489.84 to the Law Offices of Richard R. Mannausa, said sum representing costs expended by Plaintiff's prior counsel.

(c) That the Court authorize distribution of $5,000 to the law firm of Fieger, Fieger, Kenney, Giroux, Danzig & Harrington, P.C., to be held in escrow for a period of thirty (30) days pending future costs. All sums remaining after payment shall be refunded to the client on a pro-rated basis of two-thirds (2/3) to the client, one-third (1/3) to Fieger, Fieger, Kenney, Giroux & Danzig, P.C.;

(d) That the Court authorize the distribution of $120,142.74 to Fieger, Fieger, Kenney, Giroux & Danzig, P.C., said sum representing attorney fees (one-third, 1/3) payable pursuant to the agreement between Fieger, Fieger, Kenney, Giroux, Danzig & Harrington, P.C., and Plaintiff;

(e) That the Court authorize the distribution of $2,250 to Hainer & Berman, P.C,, said sum representing fees to date for probate services to the Estate;

(f) That the Court authorize distribution of the net proceeds herein, which after deduction of the above-cited costs and fees, total as follows:

| | | |
|---|---|---|
| a. | Steve Wolak (father of the deceased): | $ 119,017.35 |
| b. | Francine Wolak (mother of the deceased): | $ 119,017.35 |
| c. | Samantha Wolak | $ 0.00 |
| d. | Geraldine Marini (maternal grandmother of the deceased); | $ 0.00 |
| e. | Rose Ann Wolak (paternal grandmother of the deceased); | $ 0.00 |
| f. | Stanley C. Wolak (paternal grandfather of the deceased). | $ 0.00 |

IT IS FURTHER ORDERED that Plaintiff's Request for an Evidentiary Hearing regarding the excessive lien asserted by Plaintiff's former counsel shall be heard by this Honorable Court on June 28, 2013 at 2:00 p.m.

IT IS FURTHER ORDERED that $43,850 of Plaintiff's Approved Attorney Fees be held in escrow until the lien issue is resolved.

IT IF FURTHER ORDERED that the settlement draft be made payable to Steven Wolak as Personal Representative of the Estate of Christopher Wolak, Deceased and Fieger, Fieger, Kenney, Giroux, Danzig & Harrington, P.C.

IT IS FURTHER ORDERED that the Personal Representative of the Estate is authorized to execute all documents necessary to effectuate the settlement, including a release, hold harmless and indemnity agreements.

/s/ Jeanne Stempien
CIRCUIT COURT JUDGE