# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HAYES,

     Plaintiff,

v.

CITY OF DETROIT WATER &
SEWERAGE DEPARTMENT,

     Defendant.

Case No. 14-14622
Honorable Laurie J. Michelson
Magistrate Judge Mona K. Majzoub

---

## JUDGMENT

In accordance with the Court's Order dated February 19, 2016, the Court hereby

DISMISSES WITHOUT PREJUDICE the claims remaining in this case following this

Court's November 25, 2015 opinion. The case is DISMISSED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated: February 19, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys
and/or parties of record by electronic means or U.S. Mail on February 19, 2016.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

# ARBITRATION

DETROIT WATER AND
SEWERAGE DEPARTMENT

    -and-

ASSOCIATION OF DETROIT
ENGINEERS (ADE), ASSOCIATION
OF MUNICIPAL ENGINEERS (AME),
SANITARY CHEMISTS AND
TECHNICIANS ASSOCIATION (SCATA)

Consolidated FMCS
Cases No. 15-00471,
15-00488 and 15-00492

---

## SUBJECT

Arbitrability of grievances challenging imposition of City Employment Terms.

## ISSUE

Are the Unions' grievances challenging DWSD's imposition of City Employment Terms upon their members in October 2012 arbitrable?

## CHRONOLOGY

Grievances submitted: October 24 and November 9, 2012
Stipulated facts, exhibits and briefs received: November 24, 2015
Decision issued: January 27, 2016

## APPEARANCES

For the Employer: Steven H. Schwartz, Attorney
For the Unions: John R. Runyan, Attorney

## SUMMARY OF FINDINGS

The grievances are not arbitrable, because the Master Agreements from which the arbitrator derives his authority limit it to "interpretation, application or enforcement of [their] provisions" and the issue the grievances present is whether it was *unlawful* for DWSD to impose City Employment Terms in these bargaining units, which is not a matter that can be decided in this forum.

## EVIDENCE AND ARGUMENT

The Unions involved in this matter are three among more than twenty representing different groups of employees of the Detroit Water and Sewerage Department (DWSD), a "unitary department" of the City of Detroit that is funded (per City Charter) not by the City's general fund but by fees for services paid by Detroit residents and businesses and other municipalities that purchase them. The last Master Agreements between the City and these Unions were for original terms of 2001-2005 (ADE and AME) and 2005-2008 (SCATA), but they continued to govern the parties' relationships and terms and conditions of bargaining unit members' employment, pending negotiation of successor agreements, until the complicated series of events that led to this arbitration.

As a result of decades-long litigation related to DWSD violation of the federal Clean Water Act, the Department operated under supervision of the U. S. District Court, first for many years by Judge John Feikens, then, during times relevant to this matter, Judge Sean Cox. On November 4, 2011, Judge Cox issued an order imposing certain "labor terms" on DWSD and the various unions representing its employees to provide operational relief from "certain CBA provisions and work rules [that] have limited DWSD from maintaining long-term environmental compliance." Judge Cox's order kept all current (or, in these cases, rather ancient but still effective) CBAs covering DWSD employee in place but it struck and enjoined any of their provisions and work rules "that threaten short-term compliance," ordered DWSD thenceforth to "negotiate and sign its own CBAs that cover only DWSD employees," and prohibited "future DWSD CBAs from containing certain provisions that threaten long-term compliance." It also contained thirteen specific orders, the last of which was this:

> The Court enjoins the Wayne County Circuit Court and the Michigan Employment Relations Commission from exercising jurisdiction over disputes arising from the changes ordered by this Court. The Court also enjoins the unions from filing any grievances, unfair labor practices, or arbitration demands over disputes arising from the changes ordered by this Court.

Confusion and disagreement ensued about the scope of such injunctions after the City and Michigan Treasury Department entered into a Financial Stability Agreement based on recommendations from a review team appointed by the governor under authority of the

2

Local Government and School District Fiscal Accountability Act (Public Act 4, 2011, MCL 141.1501). Pursuant to that Agreement and failure to negotiate or impose new labor agreements with unions that had expired contracts by July 16, 2012, the City adopted new "City Employment Terms for All Non-Uniform Employees" (CET), which included major economic downgrades including 10% wage reduction, elimination of merit and step increases, and health care plan design changes.

Before the City imposed the CET on any employee group, the Board of Water Commissions (BOWC) passed certain resolutions on June 27, 2012, including this one that in effect prospectively adopted the CET for the Unions involved in this arbitration:

> ... the Board of Water Commissioners acknowledges that for any union whose contract has expired without having a new ratified collective bargaining agreement, that union's terms and conditions of employment shall be deemed to include all terms and conditions of employment imposed by the City of Detroit pursuant to applicable laws and the Financial Stability Agreement including Annex D [addressing the CET] and with the addition of terms required and/or prohibited by the November 4, 2011 order of the Honorable Sean F. Cox until such time as either (1) a new Collective Bargaining Agreement is ratified for that union or (2) DWSD reaches impasse and imposes its own terms and conditions of employment upon that union.

In July the City imposed the CET on non-DWSD bargaining units, but despite the BOWC resolution prospectively adopting them for the DWSD, it did not impose them on DWSD units due to uncertainty about whether such action would violate Judge Cox's labor terms injunction. Judge Cox eliminated that uncertainty in a lengthy opinion and order issued on October 5, 2012 that included this declaration: the Court "DECLARES that the BOWC's June 26 [sic], 2012 Resolution is in accordance with this Court's November 4th Order and shall be effective and controlling until this Court orders otherwise." The City then imposed the CET on the DWSD unions still without new settled CBAs, including these three, which filed grievances challenging that action.

Judge Cox further clarified his October 5 declaration in an Opinion and Order issued on December 4, 2012. By then there had been other complicating legal developments: most significantly a referendum to repeal Public Act 4 had been certified for inclusion on the November 2012 general election ballot by the Board of State Canvassers on August 8, 2012, pursuant to an August 3, 2012 order by the Michigan Supreme Court. That suspended Public Act 4 pending the result of the referendum, and voters approved its repeal on November 6. Judge Cox took note of those developments in his December 4 order

3

clarifying his October 5 declaration that the BOWC resolution for prospective CET implementation was "in accordance with" his November 2011 order and "effective and controlling until this Court orders otherwise," as follows:

> In so declaring, this Court's intent was to confirm that this Court's November 4, 2011, Order does not stand as an obstacle to the DWSD implementing the CETs for DWSD employees — if permitted to do so under otherwise applicable law. The Court's intent was to confirm that if the City of Detroit may impose the CETs on unions with CBAs with the City, pursuant to Public Act 4, the City's Financial Stability Agreement with the State of Michigan, or some other authority, then the DWSD is not prohibited from doing so by virtue of this Court's November 4, 2011 Order. In other words, the Court's intent was to rule that, with respect to the ability to impose CETs, the DWSD-specific unions stand in the same shoes as other unions that have CBAs with the City of Detroit. At the time that the Court issued its October 5, 2012, Opinion and Order, there appeared to be no dispute that the City could impose its CETs.
>
> After this Court's October 5, 2012 Opinion & Order was issued, however, Public Act 4 was repealed by voter referendum. As the RCC notes in its Plan of Clarification, "the repeal of Public Act 4 and some Charter amendments in the City of Detroit lead to some uncertainty over the future of the City's financial stability agreement and the potential impacts on imposed terms and conditions of employment that may take substantial time to resolve."
>
> This Court believes that it is now appropriate to clarify its ruling and shall declare that this Court's November 4, 2011 Order does not stand as an obstacle to the DWSD implementing the CETs for DWSD employees — if permitted to do so under otherwise applicable law. As to this issue, the DWSD-unions stand in the same shoes as other unions with CBAs with the City of Detroit.

Also in December 2012, the legislature enacted Public Act 436, the Local Financial Stability and Choice Act, effective in March 2013. It created a new statutory structure for municipal financial emergency management and provided that actions of the state treasurer, governor and review teams taken under PA 4 were effective under the new statute and "need not be reenacted or reaffirmed in any manner to be effective under this act."

The Unions' challenge to CET imposition in October 2012 was that such action was taken without legal authority. That was explicit in SCATA's grievance, which said "The imposition is unlawful, since there was no impasse in negotiations." The AME grievance made the same point, albeit somewhat differently, claiming DWSD violated the Master Agreement "by unilaterally implementing changes in [its] terms and conditions . . . pursuant to City Employment Terms promulgated by the City . . . pursuant to PA 4 [and] this unilateral action is not excused by the provisions of [PA 4] or other state or federal laws." For some reason the ADE grievance only addressed a single issue, cancellation of election day as a holiday, but that action was part of CET imposition and when the cases were

4

consolidated for arbitration that complaint became part of the broader argument that the wholesale reduction of benefits embodied in the CET was unlawful.

The Unions filed separate requests for FMCS arbitration panels for their grievances, which DWSD opposed, but after lengthy back-and-forth among the parties and FMCS, the parties agreed to consolidate the three grievances for decision by one arbitrator, but with DWSD reserving the right to contest arbitrability "either in court or before the arbitrator." It has done the latter, arguing the grievances are not arbitrable because the arbitrator lacks authority to rule on the issues they present, which are entirely *legal,* not contractual, in nature and thus should be adjudicated by MERC or a court. It bases this argument on these identical provisions in all the Master Agreements:

> The arbitrator shall limit his/her decision strictly to the interpretation, application or enforcement of the provisions of this Agreement and shall be without power and authority to make any decision:
> a.   Contrary to, or inconsistent with or modifying in any way, the terms of this Agreement [or doing several other things, none involved in this case] . . .
>
> In the event a case is appealed to an arbitrator and he/she finds that he/she has no power or authority to rule on such case, the matter shall be referred back to the parties without decision or recommendation on the merits of the case.

The Unions' opposition to DWSD's challenge to arbitrability is three-fold, but ignores the contractual crux of that challenge in these Master Agreement provisions. First, they argue there is no basis for such a challenge in Judge Cox's various orders. Second, they argue there is no support for it in 2012 PA 436, because it was not intended to and could not retroactively validate actions purportedly taken pursuant to PA 4 *after that statute had been suspended* pending the November 2012 election. Third, they argue the right to arbitrate grievances under the Master Agreements was not eliminated by termination of those agreements upon CET imposition. The Union also presented thorough, erudite arguments about why such imposition was unlawful, and DWSD counter-argued that even though there should be no ruling on that issue, it *was* lawful under the Financial Stability Agreement and Public Acts 4 (2011) and 436 (2012). It is not necessary to further describe or analyze the parties' arguments on the merits, however, for the following reasons.

5

## DISCUSSION AND FINDINGS

As noted earlier, Judge Cox eventually clarified that his labor orders were not meant to preclude adjudication of *other* labor matters in other forums, including arbitration. He clarified that point again in a Final Stipulated Order Regarding Labor Matters issued on December 14, 2015, after that case finally was closed in other respects, as follows: "the injunction previously issued is modified to return jurisdiction to Wayne County Circuit Court, MERC and grievance arbitrators for those claims challenging DWSD actions which were neither ordered nor specifically permitted by Labor Orders." Judge Cox's orders did not endow this arbitrator with jurisdiction or authority beyond that conferred upon him by the CBAs that are the sole source of his authority, however, so DWSD's focus on the power and authority of arbitrators under the three Master Agreements involved in this arbitration is entirely appropriate.

Its reading of the limits of that authority also is entirely correct. The Agreements say "the arbitrator shall limit his/her decision strictly to the interpretation, application or enforcement of the provisions of this Agreement," has no power or authority to make any decision contrary to its terms, and shall refer back to the parties any case on which he finds has "no power or authority to rule." Only by disregarding and acting in contravention of that limitation could I decide anything other than a dispute about the meaning and application of *the provisions of the Master Agreement.*

The Unions argue these grievances *are* about interpretation, application or enforcement of contract provisions, in that since CET imposition the DWSD has violated scores of such provisions that were eliminated or modified to employees' disadvantage by the CET. Even approaching it that way does not make this a case of contract interpretation or application, however, because there is no dispute about the *meaning* of any provision of any of the Master Agreements, and whether or not all of their provisions should continue to *apply* to bargaining unit employees is a legal, not contractual, issue. DWSD unilaterally ceased compliance with many aspects of the Master Agreements when it imposed the CET. That is not in dispute, but it would be a pointless exercise for the arbitrator to rule that such action violated each of the affected provisions, because the real issue presented,

6

as stated explicitly in the SCATA grievance and only slightly less explicitly in the AME grievance, is whether imposition of the CET that replaced or significantly modified such contract provisions was *unlawful*.

That simply is not an issue the arbitrator has *contractual* power and authority to decide, so the grievances must be and hereby are referred back to the parties without decision or recommendation on their merits.

Paul Glendon, Arbitrator
January 27, 2016

7

# EXHIBIT B

## STATE OF MICHIGAN
### MICHIGAN ADMINISTRATIVE HEARING SYSTEM

| | |
|---|---|
| IN THE MATTER OF: | Docket No.: 10-000075-MERC |
| Detroit, City of,<br>　　　　Respondent | Case No.: C10 F-144 |
| v. | Agency: **Michigan Employment Relations Commission** |
| Association of Municipal Engineers,<br>　　　Charging Party | Case Type: **MERC Unfair Labor Practice** |

### ORDER REGARDING INACTIVE CASE FILE

**TO:** Association of Municipal Engineers

Our records indicate that this case has been in inactive status for some time. As Charging Party, if you wish to proceed with this matter, please notify the Administrative Law Judge in writing within twenty-one (21) days. If you want the matter to remain in inactive status, you must provide a specific reason in writing and contact the other side and indicate whether or not they agree with your request.

If our office does not receive a written response by August 19, 2016, an Order closing the case will be issued.

**DATED:** 7/29/2016

　　　　　　　　　　　　　　　　　　　_David M. Peltz_
　　　　　　　　　　　　　　　　　　　David M. Peltz
　　　　　　　　　　　　　　　**ADMINISTRATIVE LAW JUDGE**
　　　　　　　　　　　　　　Direct correspondence to the ALJ at:
　　　　　　　　　　　　　Michigan Administrative Hearing System
　　　　　　　　　　　　　　　　3026 W. Grand Boulevard
　　　　　　　　　　　　　　2nd Floor Annex, Suite 2-700
　　　　　　　　　　　　　　　　Detroit, Michigan 48202
　　　　　　　　　　　　　　　　Phone: 313.456.2713
　　　　　　　　　　　　　　　　FAX: 313.456.3681

COPY TO:
　Partho Ghosh
　John R. Runyan
　Lamont Satchel
　Steven Schwartz

10-000075

STATE OF MICHIGAN
MICHIGAN ADMINISTRATIVE HEARING SYSTEM

IN THE MATTER OF:

Detroit, City of,
                Respondent

v

Association of Municipal Engineers,
        Charging Party

Docket No.: 10-000074-MERC

Case No.:   C10 C-060

Agency:     Michigan Employment
            Relations Commission

Case Type:  MERC Unfair Labor
            Practice

## ORDER REGARDING INACTIVE CASE FILE

TO: Association of Municipal Engineers

Our records indicate that this case has been in inactive status for some time. As Charging Party, if you wish to proceed with this matter, please notify the Administrative Law Judge in writing within twenty-one (21) days. If you want the matter to remain in inactive status, you must provide a specific reason in writing and contact the other side and indicate whether or not they agree with your request.

If our office does not receive a written response by August 19, 2016, an Order closing the case will be issued.

DATED: 7/29/2016

_David M. Peltz_
David M. Peltz
**ADMINISTRATIVE LAW JUDGE**
Direct correspondence to the ALJ at:
Michigan Administrative Hearing System
3026 W. Grand Boulevard
2nd Floor Annex, Suite 2-700
Detroit, Michigan 48202
Phone: 313.456.2713
FAX: 313.456.3681

COPY TO:
John R. Runyan
Lamont Satchel
Steven Schwartz
Partho Ghosh

10-000074

# EXHIBIT C

Date:   August 2, 2016

To:     David M. Peitz
        Administrative Law Judge
        Michigan Administrative Hearing System
        3026 W. Grand Blvd., Suite 2-700
        Detroit, MI 48202

RE:     Case No.: C10 F-144
        Case No.: C10 C-060

Fax:    313-456-3681

From:   Partho Ghosh, MS, PE
        President
        Association of Municipal Engineers (AME)
        WWTP, NAB, Room #420
        9300 W. Jefferson
        Detroit, MI 48209

cc:     John R. Runyan
        Steven Schwartz

**TOTAL 4 PAGES INCLUDING THIS PAGE**

Please acknowledge the receipt of this FAX by emailing to ghoshpartho@hotmail.com

August 2, 2016

Honorable David M. Peltz
Administrative Law Judge
Michigan Administrative Hearing System
Michigan Employment Relations Commission (MERC)
3026 W. Grand Blvd., Suite 2-700
Detroit, MI 48202

RE:    Case No.: C10 F-144
       Case No.: C10 C-060

Dear Judge Peltz:

Association of Municipal Engineers (AME) has received the subject documents (attached).
Please be advised that AME wish to proceed with both the subject matters.

Sincerely,

Partho Ghosh, MS, PE
President
Association of Municipal Engineers (AME)
WWTP, NAB, Room # 420
9300 W. Jefferson
Detroit, MI 48209

| | |
|---|---|
| IN THE MATTER OF: | Docket No.: 10-000075-MERC |
| Detroit, City of,<br>    Respondent | Case No.: C10 F-144 |
| v | Agency: Michigan Employment<br>    Relations Commission |
| Association of Municipal Engineers,<br>    Charging Party | Case Type: MERC Unfair Labor<br>    Practice |

### ORDER REGARDING INACTIVE CASE FILE

TO: Association of Municipal Engineers

Our records indicate that this case has been in inactive status for some time. As Charging Party, if you wish to proceed with this matter, please notify the Administrative Law Judge in writing within twenty-one (21) days. If you want the matter to remain in inactive status, you must provide a specific reason in writing and contact the other side and indicate whether or not they agree with your request.

If our office does not receive a written response by August 19, 2016, an Order closing the case will be issued.

DATED: 7/29/2016

<br>

David M. Peltz
ADMINISTRATIVE LAW JUDGE
Direct correspondence to the ALJ at:
Michigan Administrative Hearing System
3026 W. Grand Boulevard
2nd Floor Annex, Suite 2-700
Detroit, Michigan 48202
Phone: 313.456.2713
FAX: 313.456.3681

COPY TO:
Partho Ghosh
John R. Runyan
Lamont Satchel
Steven Schwartz

10-000075

**STATE OF MICHIGAN**
**MICHIGAN ADMINISTRATIVE HEARING SYSTEM**

IN THE MATTER OF:                              Docket No.: **10-000074-MERC**

Detroit, City of,
      **Respondent**                         Case No.:   **C10 C-060**

v                                              Agency:    **Michigan Employment**
                                                                 **Relations Commission**
**Association of Municipal Engineers,**
      **Charging Party**                     Case Type: **MERC Unfair Labor**
                                    /                       **Practice**

### ORDER REGARDING INACTIVE CASE FILE

TO: Association of Municipal Engineers

Our records indicate that this case has been in inactive status for some time. As Charging Party, if you wish to proceed with this matter, please notify the Administrative Law Judge in writing within twenty-one (21) days. If you want the matter to remain in inactive status, you must provide a specific reason in writing and contact the other side and indicate whether or not they agree with your request.

If our office does not receive a written response by August 19, 2016, an Order closing the case will be issued.

DATED: 7/29/2016

                                 *David M. Peltz*
                               David M. Peltz
                   **ADMINISTRATIVE LAW JUDGE**
             Direct correspondence to the ALJ at:
           Michigan Administrative Hearing System
COPY TO:                  3026 W. Grand Boulevard
  John R. Runyan             2nd Floor Annex, Suite 2-700
  Lamont Satchel              Detroit, Michigan 48202
  Steven Schwartz            Phone: 313.456.2713
  Partho Ghosh               FAX: 313.456.3681

10-000074

# EXHIBIT D


January 9, 2017


John R. Runyan
Sachs Waldman
2211 E Jefferson Ave Ste 200
Detroit, MI 48207-4160


Re:    City of Detroit -and- Association of Municipal Engineers
       Case No. C11 E-111; Docket No. 11-000837-MERC

To the Parties:

      The above unfair labor practice charge was filed on July 14, 2011, by the Association of Municipal Engineers against the City of Detroit. The charge was assigned to me. At the time the charge was filed, Charging Party represented a bargaining unit of engineering employees employed in several City of Detroit departments, including the Department of Water & Sewerage (DWSD). The parties were attempting to negotiate a new collective bargaining agreement and Respondent was demanding that Charging Party agree to certain concessions that had been accepted or imposed upon other bargaining units of City employees. Charging Party was resisting concessions, arguing, among other things, that its situation was different because the DWSD's revenues came from fees charged for its services rather than taxes. The charge in Case No. C11 E-111/ Docket No.11-000837-MERC alleged that Respondent violated its duty to bargain by failing to respond to Charging Party's information requests. I have attached a copy of the charge and its attachments to this letter.

      At the time this charge was filed, the parties were awaiting decision on another unfair labor practice charge filed by Charging Party against Respondent, Case No. C10 A-012, which also alleged that Respondent had unlawfully failed to provide Charging Party with information. This charge was assigned to and had been heard by Administrative Law Judge (ALJ) David Peltz. Because the information requests attached to the charge in Case No. C11 E-111/ Docket No. 11-000837-MERC were similar to some of the information requests at issue in Case No. C10 A-012, I did not schedule a hearing on the new charge. On September 9, 2011, ALJ Peltz issued a Decision and Recommended Order in Case No. C10 A-012 in which he recommended that the charge be dismissed. The ALJ based his decision on several grounds, including that Charging Party had not established that any of the information that it had not received was relevant to collective bargaining or contract administration. On October 11, 2011, Charging Party filed exceptions to this decision with the Commission.

That charge was still pending before the Commission, and I had not yet scheduled a hearing for C11 E-111/ Docket No. 11-000837-MERC, in July 2013, when Respondent filed a petition for bankruptcy. Both charges were then put on hold pending completion of the bankruptcy proceeding.

On August 26, 2015, I wrote to the parties notifying them the charge in Case No. C11 E-111/ Docket No. 11-000837-MERC, like other charges pending before me that had been in adjourned without date because of the bankruptcy proceeding, were being returned to active status. This letter stated:

> If any party believes that placing this case back on our active docket would be in contravention of an order issued by the U.S. Bankruptcy Court or any other lawfully issued order, that party shall notify the ALJ assigned to the case of its position in writing and provide supporting documentation no later than twenty-eight days from [the date of the letter.] . . . If there is no response to this order, the ALJ will schedule an evidentiary hearing or a prehearing conference, or, if applicable, place this matter on the decisional docket.

Although there was no response to this order, I did not schedule a hearing or conference because Case No. C10 A-012 was still pending. However, on December 15, 2016, the Commission issued an order dismissing that charge. A copy of that order and ALJ Peltz's Decision and Recommended Order is also attached to this charge.

Although there are several charges currently pending involving these parties, it appears to me that subsequent events and the passage of time have likely made this particular charge moot.  If Charging Party wants to proceed with the charge, it should notify me in writing, along with an explanation of why the charge in Case No. C11 E-111/ Docket No. 11-000837-MERC is not moot, within twenty days of the date of this letter. If I do not receive a response to this letter, the charge will be closed as withdrawn.

Julia C. Stern
Administrative Law Judge
Michigan Administrative Hearing System

cc:   Partho Gosh
      Steven Schwartz
      Michael Hall, Director

LARA is an equal opportunity employer

Auxiliary aids, services and other reasonable accommodations are available upon request to individuals with disabilities.



January 30, 2017

Partho Ghosh, President
Association of Municipal Engineers
WWTP, NAB, Room #420
9300 W. Jefferson
Detroit, MI 48209

Re: City of Detroit (Department of Water & Sewerage) -and- Association of Municipal
Engineers
Case No. C11 E-111; Docket No. 11-000837-MERC

Dear Mr. Ghosh:

I received your response to my January 9, 2017, letter asking if Charging Party still
wanted to proceed with this charge and, if so, why the charge was not moot. Your
response identifies some of the information initially requested as relevant to a pending
charge "regarding imposition of furloughs." It appears that AME has a pending charge on
this subject of which I was not aware. According to ALJ Peltz, the charge is Case No. C10
C-60; Docket No. 10-000074-MERC, was initially assigned to ALJ O'Connor, and was
reassigned to him after ALJ O'Connor left State employment. According to ALJ Peltz,
during a telephone conference he held in August 2016, the parties to Case No. C10 C-60
asked him to put the charge in adjourned without date status pending a ruling by the
Bankruptcy court on the scope of the proof of claims the AME filed with the Court during
the City's bankruptcy. I believe that Mr. Runyan represented the AME during this
conference. Since ALJ Peltz has not received any further communication about Case No.
C10 C-60, that charge remains open but adjourned without date. Given these
circumstances, I will keep Case No. C11 E-111; Docket No. 11-000837-MERC open but
adjourned without date until Case No. C10 C-60 is either closed or reactivated.

Julia C. Stern
Julia C. Stern
Administrative Law Judge
Michigan Administrative Hearing System

CC:    Steven Schwartz
       Michael Hall
       Case file in Case No. C10 C-60; Docket No. 10-000074-MERC    FEB 0 1 2017

# EXHIBIT E

**James M. McArdle**

| | |
|---|---|
| **From:** | Steven H. Schwartz <steven@shslawyers.com> |
| **Sent:** | Wednesday, February 08, 2017 12:25 PM |
| **To:** | John Runyan; Partho Ghosh |
| **Cc:** | Peltz, David (LARA); Stern, Julia (LARA); James M. McArdle; Richardo I. Kilpatrick |
| **Subject:** | AME Cases Pending Before MERC |

This is in response to Judge Stern's January 30, 2017 letter to Mr. Ghosh regarding Case C11 E-111. In that letter, she alludes to Case C10 C-60, an AME case pending before Judge Peltz. In our October 14, 2016 email (Subject: MERC cases subject to Bankruptcy Court Order), we attached the Bankruptcy Court's October 14, 2016 Order and asserted that MERC Cases No. C10 C-060/C10 F-144 are barred by that Order.

If AME does not voluntarily dismiss its Unfair Labor Practice Charges in Case No. C11 E-111 and Case No. C10 C-60/C10 F-144, by Wednesday, February 15, 2017, DWSD will file an objection in front of the U. S. Bankruptcy Court to these Unfair Labor Practice Charges and will ask the Court to award attorney's fees and sanctions against AME and Mr. Runyan, if he represents AME in any of those cases.

Steven H. Schwartz
26555 Evergreen Road, Suite 1240
Southfield, MI 48076
Email: steven@shslawyers.com
Phone: (313) 965-8919
Fax: (313) 965-4480
Cell: (313) 590-3395

# EXHIBIT F

Date: August 11, 2017

To:    David M. Peltz
       Administrative Law Judge
       Michigan Administrative Hearing System
       3026 W. Grand Blvd., Suite 2-700
       Detroit, MI 48202

RE:    Case No.: C10-F-144
       Case No.: C10-C-060

From:  Partho Ghosh, MS, PE
       President
       Association of Municipal Engineers (AME)
       WWTP, NAB, Room # 420
       9300 W. Jefferson
       Detroit, MI 48209

cc:    Steven Schwartz

**TOTAL 7 PAGES INCLUDING THIS PAGE**

Please acknowledge the receipt of the documents by emailing to ghoshpartho@hotmail.com

August 11, 2017

Honorable David M. Peltz
Administrative Law Judge
Michigan Administrative Hearing System
Michigan Employment Relations Commission (MERC)
3026 W. Grand Blvd., Suite 2-700
Detroit, MI 48202

RE:     Case No.: C10 F-144
        Case No.: C10 C-060

Dear Judge Peltz:

Association of Municipal Engineers (AME) has received the subject documents (attached). Please be advised that AME wish to proceed with both the subject matters. Please note that AME, in the past, responded to proceed with both the subject matters as indicated in AME's August 2, 2016 response (attached). Please note that City of Detroit and DWSD (not GLWA) were involved for both the cases.

Sincerely,

Partho Ghosh, MS, PE
President
Association of Municipal Engineers (AME)
WWTP, NAB, Room # 420
9300 W. Jefferson
Detroit, MI 48209

## STATE OF MICHIGAN
## MICHIGAN ADMINISTRATIVE HEARING SYSTEM

| | |
|---|---|
| IN THE MATTER OF: | Docket No.: 10-000074-MERC |
| **City of Detroit and Water & Sewerage Department**<br>     Respondent | Case No.: C10 C-060 |
| v | Agency: Michigan Employment Relations Commission |
| **Association of Municipal Engineers,**<br>     **Charging Party** | Case Type: MERC Unfair Labor Practice |

### ORDER REGARDING INACTIVE CASE FILE

TO: Association of Municipal Engineers

Our records indicate that this case has been in inactive status for some time. As Charging Party, if you wish to proceed with this matter, please notify the Administrative Law Judge in writing within twenty-one (21) days. If you want the matter to remain in inactive status, you must provide a specific reason in writing and contact the other side and indicate whether or not they agree with your request.

If our office does not receive a written response by August 15, 2017, an Order closing the case will be issued.

DATED: 7/25/2017

_David M. Peltz_

David M. Peltz
**ADMINISTRATIVE LAW JUDGE**
Direct correspondence to the ALJ at:
Michigan Administrative Hearing System
3026 W. Grand Boulevard
2nd Floor Annex, Suite 2-700
Detroit, Michigan 48202
Phone: 313.456.2713
FAX: 313.456.4790

COPY TO:
Partho Ghosh
Steven Schwartz

10-000074

**STATE OF MICHIGAN**
**MICHIGAN ADMINISTRATIVE HEARING SYSTEM**

IN THE MATTER OF:

**City of Detroit and Water & Sewerage Department**
    **Respondent**

v

**Association of Municipal Engineers,**
    **Charging Party**
                    /

Docket No.: 10-000075-MERC

Case No.: C10 F-144

Agency: Michigan Employment Relations Commission

Case Type: MERC Unfair Labor Practice

### ORDER REGARDING INACTIVE CASE FILE

**TO:** Association of Municipal Engineers

Our records indicate that this case has been in inactive status for some time. As Charging Party, if you wish to proceed with this matter, please notify the Administrative Law Judge in writing within twenty-one (21) days. If you want the matter to remain in inactive status, you must provide a specific reason in writing and contact the other side and indicate whether or not they agree with your request.

If our office does not receive a written response by August 15, 2017, an Order closing the case will be issued.

DATED: 7/25/2017

*David M. Peltz*

David M. Peltz
**ADMINISTRATIVE LAW JUDGE**
Direct correspondence to the ALJ at:
Michigan Administrative Hearing System
3026 W. Grand Boulevard
2nd Floor Annex, Suite 2-700
Detroit, Michigan 48202
Phone: 313.456.2712
FAX: 313.456.3681

COPY TO:
Partho Ghosh
Steven Schwartz

10-000075

August 2, 2016

Honorable David M. Peltz
Administrative Law Judge
Michigan Administrative Hearing System
Michigan Employment Relations Commission (MERC)
3026 W. Grand Blvd., Suite 2-700
Detroit, MI 48202

RE:    Case No.: C10 F-144
        Case No.: C10 C-060

Dear Judge Peltz:

Association of Municipal Engineers (AME) has received the subject documents (attached). Please be advised that AME wish to proceed with both the subject matters.

Sincerely,

Partho Ghosh, MS, PE
President
Association of Municipal Engineers (AME)
WWTP, NAB, Room # 420
9300 W. Jefferson
Detroit, MI 48209

## STATE OF MICHIGAN
## MICHIGAN ADMINISTRATIVE HEARING SYSTEM

IN THE MATTER OF:

Detroit, City of,
      Respondent

v

Association of Municipal Engineers,
Charging Party

_____ /

Docket No.: 10-000075-MERC

Case No.: C10 F-144

Agency: Michigan Employment
Relations Commission

Case Type: MERC Unfair Labor
Practice

## ORDER REGARDING INACTIVE CASE FILE

TO: Association of Municipal Engineers

Our records indicate that this case has been in inactive status for some time. As Charging Party, if you wish to proceed with this matter, please notify the Administrative Law Judge in writing within twenty-one (21) days. If you want the matter to remain in inactive status, you must provide a specific reason in writing and contact the other side and indicate whether or not they agree with your request.

If our office does not receive a written response by August 19, 2016, an Order closing the case will be issued.

DATED: 7/29/2016

_David M. Peltz_

David M. Peltz
**ADMINISTRATIVE LAW JUDGE**
Direct correspondence to the ALJ at:
Michigan Administrative Hearing System
3026 W. Grand Boulevard
2nd Floor Annex, Suite 2-700
Detroit, Michigan 48202
Phone: 313.456.2713
FAX: 313.456.3681

COPY TO:
Partho Ghosh
John R. Runyan
Lamont Satchel
Steven Schwartz

10-000075

IN THE MATTER OF:

**Docket No.:** 10-000074-MERC

Detroit, City of,
    Respondent

**Case No.:** C10 C-060

v

**Agency:** Michigan Employment Relations Commission

Association of Municipal Engineers,
    Charging Party

**Case Type:** MERC Unfair Labor Practice

_____/

### ORDER REGARDING INACTIVE CASE FILE

TO: Association of Municipal Engineers

Our records indicate that this case has been in inactive status for some time. As Charging Party, if you wish to proceed with this matter, please notify the Administrative Law Judge in writing within twenty-one (21) days. If you want the matter to remain in inactive status, you must provide a specific reason in writing and contact the other side and indicate whether or not they agree with your request.

If our office does not receive a written response by August 19, 2016, an Order closing the case will be issued.

DATED: 7/29/2016

_David M. Peltz_
David M. Peltz
**ADMINISTRATIVE LAW JUDGE**
Direct correspondence to the ALJ at:
Michigan Administrative Hearing System
3026 W. Grand Boulevard
2nd Floor Annex, Suite 2-700
Detroit, Michigan 48202
Phone: 313.456.2713
FAX: 313.456.3681

COPY TO:
John R. Runyan
Lamont Satchel
Steven Schwartz
Partho Ghosh

10-000074