# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## THE CITY OF DETROIT'S REPLY TO THE INVOICE LIST AND INVOICES PRODUCED BY AGAR LAWN SPRINKLER SYSTEMS, INC.

The City of Detroit ("City"), by its undersigned counsel, files this reply to the invoices produced by Agar Lawn Sprinkler Systems, Inc. [Doc. No. 12679], in support of its objection to Debtor's Forty-Seventh Omnibus Objection to Certain Claims [Doc. Nos. 11450 and 11451].

## I.      Introduction

1.      The City's objection to the proof of claim filed by Agar Lawn Sprinkler Systems Inc. ("Agar") should be sustained.  Agar's claim continues to be unsupported by credible documentation. Agar has failed to produce invoices to support $62,888.46—or nearly one-third—of its total claim, and the invoices that it has produced lack detail sufficient to corroborate Agar's claim. This is likely because Agar has systematically overbilled the City while not performing the services for which it claims it is owed money. As such, the Court should sustain the City's objection to Agar's claim.

- 1 -

## II.    Background

2.     On July 28, 2016, the City filed its Forty-Seventh Omnibus Objection to Certain Claims [Doc. No. 11399] ("Objection"), including claim number 776 filed by Agar ("Agar Claim"). The Agar Claim is attached as Exhibit 1.

3.     As set forth in the Objection, the City objected to the Agar Claim because Agar overcharged the City and did not perform the represented services. *See* Objection at p. 16.

4.     In its response to the Objection, Agar asserted that all of its work was approved and accepted without any claim of overcharging or that the work was not completed [Doc. No. 11451] ("Response"). Agar further asserted that it was "simply another victim of the City's financial mess and who was not paid for work completed in good faith on an emergency basis." Response, p. 2.

5.     On August 31, 2017, this Court ordered Agar to deliver to the City's counsel (1) a list of all unpaid invoices that Agar contends support its proof of claim and (2) copies of those invoices [Doc. No. 12671] ("Order").

6.     This Court further ordered the City to file a written reply to the items produced by Agar. Order ¶ 4.

29997623.2\022765-00213

## III. Argument

7. Agar's arguments and invoices lack merit. As explained below, the Agar Claim should be expunged because it remains unsupported by credible documentation and Agar has failed to perform the claimed services.

8. In its "All Past Due Invoicing" list appended to its supplemental reply to the City's Objection [Doc. No. 12679], Agar lists 221 invoices in support of its claim ("Invoice List"). The Invoice List is attached as Exhibit 2. However, Agar has failed to produce copies of 47 of these invoices, totaling $62,888.46. A list of the missing invoices is attached as Exhibit 3. Since Agar has failed to produce supporting documentation for these invoices in direct violation of this Court's Order, these invoices should be stricken from the Invoice List and Agar's proof of claim reduced in a corresponding amount.

9. Furthermore, the invoices that Agar did provide lack credibility. The invoices are attached as Exhibit 4.

10. As explained by Angela Hipps, a manager with the City's General Services Department ("GSD"), the City has reason to believe that the amounts asserted by Agar were likely fabricated or inflated. The Declaration of Angela Hipps ("Hipps Decl.") is attached as Exhibit 5.

11. The invoices merely recite, without explanation or identifying information, that either three or four men worked somewhere between three and

- 3 -

eight hours. None of the invoices state the names of the Agar employees who worked on a particular job or the tasks they performed. Over the course of several years, only one repair was reported to have taken less than four hours (Invoice #277). These descriptions are suspicious and unrealistic. As Angela Hipps and Johnnie Haynes, a Building Maintenance Supervisor with the City, witnessed when they personally supervised several repairs by Agar, jobs billed as requiring labor from four men for four hours actually required less than half of that. Hipps Decl. ¶¶ 14, 17–23, 28.

12. Based on Ms. Hipps's experience with Agar and on conversations Ms. Hipps had with other current and former City employees expressing concern over the rates and hours billed by Agar, Agar likely overbilled the City for services for years. Hipps Decl. ¶¶ 12–13. As such, the City has no reason to trust any invoice from Agar.

13. Finally, given the extensive nature of the fraudulent and dishonest conduct by Agar, the City requests an evidentiary hearing for the Court to hear from Ms. Hipps regarding the details of Agar's fraudulent billing activity and the reasons that this conduct should bar Agar's recovery entirely.

## IV. Conclusion

14.    The Court should sustain the City's objection. The Agar Claim is unsupported by credible documentation.  Agar also overbilled the City while not performing the represented services.  The City does not owe Agar any money.

Date: October 13, 2017        Respectfully submitted,

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      MILLER, CANFIELD, PADDOCK AND
      STONE, P.L.C.
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 13, 2017, he served a copy of the foregoing **THE CITY OF DETROIT'S REPLY TO THE INVOICE LIST AND INVOICES PRODUCED BY AGAR LAWN SPRINKLER SYSTEMS, INC.,** with its exhibits, upon the counsel for Agar Lawn Sprinkler Systems, Inc. via first class mail and electronic mail, as follows:

John D. Mulvihill
20 W. Washington, Suite 2
Clarkston, MI 48346
jdmulvihill@sbcglobal.net

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

October 13, 2017