# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION – DETROIT

In re:

CITY OF DETROIT, MICHIGAN

                    Debtor.

_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

## MOTION OF THE GREAT LAKES WATER AUTHORITY AS SUCCESSOR IN INTEREST TO THE CITY OF DETROIT WATER AND SEWERAGE DEPARTMENT FOR ENTRY OF AN ORDER ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND THE BAR DATE ORDER AGAINST THE ASSOCIATION OF MUNICIPAL ENGINEERS AND PARTHO GHOSH

NOW COMES the Great Lakes Water Authority as successor in interest to the City of Detroit Water and Sewerage Department ("GLWA"), by and through its attorneys Kilpatrick & Associates, P.C., and for its Motion for Entry of an Order Enforcing the Plan of Adjustment Injunction and the Bar Date Order Against the Association of Municipal Engineers and Partho Ghosh states as follows:

## I.    Introduction

1.    On February 21, 2014, the Association of Municipal Engineers ("AME") and Partho Ghosh ("Mr. Ghosh"), AME's President, timely filed its proof of claim pursuant to the Bar Date Order, asserting as the basis for its claim employee compensation and benefits for which it had filed a pre-petition grievance with the Michigan Bureau of Employment Relations Commission ("MERC"),

challenging GLWA's implementation of City Employment Terms for All Non-Uniform Employees ("CET").  **[See Claim Number 3125]**.  Although it filed its grievance prior to the Debtor's bankruptcy case, however, AME chose not to include in its proof of claim three pending Unfair Labor Practice Charges (the "Charges") filed on behalf of AME with the MERC, Case Numbers C10 F-144, C10 C-060, and C11 E-111.

2.      Pursuant to the ADR Order, the grievance was submitted to binding arbitration and on February 19, 2016, the United States District Court for the Eastern District of Michigan, in accordance with the findings of arbitrator Paul Glendon, dismissed the grievance.  A true and correct copy of the District Court's judgment and the arbitrator's decision are attached hereto as Exhibit A.

3.      On July 29, 2016, an administrative law judge issued orders related to the Charges and gave the charging party, AME, twenty-one (21) days to notify the judge that it wanted to proceed with the Charges.  True and correct copies of the two orders are attached hereto as Exhibit B.

4.      On August 2, 2016, Mr. Ghosh notified the judge that it wished to proceed with the Charges.  A true and correct copy of the August 2, 2016, correspondence from Mr. Ghosh to Judge Peltz is attached hereto as Exhibit C.

5. The Charges before MERC arose from AME's challenge to DWSD's elimination of longevity pay and furlough days, but were not included in AME's proof of claim.

6. On October 14, 2016, this Court entered an Order disallowing Claim 3125 filed by the AME. [*See* **Doc. Number 11627**]

7. Despite the various court rulings disallowing AME's claims and charges, AME persists in prosecuting pre-petition claims before MERC.

8. Despite various court rulings, AME has exchanged correspondence with an Administrative Law Judge in which it continues to prosecute pre-petition charges rather than dismiss the charges in light of this Court's October 14, 2016, Order disallowing Claim 3125. True and correct copies of correspondence from Administrative Law Judge Julia C. Stern to AME's then-attorney John Runyan on January 9, 2017 and to Mr. Ghosh on January 30, 2017 are attached hereto as Exhibit D.

9. On February 8, 2017, GLWA's co-counsel, Steven H. Schwartz ("Mr. Schwartz"), sent an email to both Partho Ghosh, AME's President, and Mr. Runyan, giving them until February 15, 2017, to dismiss the pending charges before MERC. As of the date of this Motion, neither GLWA nor its attorneys have received a dismissal of the MERC charges filed by AME. A true and correct copy

of the email sent by Mr. Schwartz to Partho Ghosh and John Runyan is attached hereto as Exhibit E.

## II.  Background

### A.  The City's Bankruptcy Case

10.  On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

11.  On October 10, 2013, the City filed its Motion Pursuant to Section 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof ("Bar Date Motion"). **[Doc. No. 1146]**.

12.  On November 21, 2013, this Court entered an order approving the Bar Date Motion ("Bar Date Order"). **[Doc. No. 1782]**. The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City. Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

13.  Paragraph 22 of the Bar Date Order also provided that:

Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

14.     In accordance with the Bar Date Order, notice of the General Bar Date was published in the Detroit News, the Detroit Free Press, USA Today and the Wall Street Journal. **[Doc. Nos. 3007, 3008, 3009]**.

15.     On October 22, 2014, the City filed its Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014) ("Plan"). **[Doc. No. 8045]**.

16.     On November 12, 2014, this Court entered an order confirming the Plan ("Confirmation Order"). **[Doc. No. 8272]**.

17.     The discharge provision in the Plan provides:

Except as provided in the Plan or in the Confirmation Order, the rights

afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date. Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, discharge the City from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (ii) the Holder of a Claim based on such debt has accepted the Plan.

Plan, Art. III.D.4.

18.     The Plan injunction set forth in Article III.D.5 also provides in

pertinent part:

**Injunction**

**On the Effective Date, except as otherwise provided herein or in the Confirmation Order,**

**a.     all Entities that have been, are or may be holders of Claims against the City…shall be permanently enjoined from taking any of the following actions against or affecting the City or its property…**

**1.     commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affect the City of its property…**

**5.     proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan or the settlements set forth herein to the extent such settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and**

**6.     taking any actions to interfere with the**

**implementation or consummation of the Plan.**

Plan, Article III.D.5 (emphasis supplied).

19.     The Court retained jurisdiction to enforce the Plan injunction and to

resolve any suits that may arise in connection with the consummation,

interpretation or enforcement of the Plan. Plan, Art. VII. F, G, I.

> **B.     AME and Mr. Ghosh Continued to Prosecute Pre-Petition Causes of Action Despite Losing at Arbitration, Having Their Grievance Dismissed by the District Court and Having Their Claim Disallowed by the Bankruptcy Court**

20.     AME and Mr. Ghosh filed the Charges in 2010 and 2011 with the

Michigan Bureau of Employment Relations Commission ("MERC").

21.     AME and Mr. Ghosh subsequently filed a proof of claim based on the

pre-petition grievances on February 21, 2014.

22.     GLWA, successor in interest to the Detroit Water & Sewerage

Department, appeared before MERC and informed MERC of the pending chapter 9

bankruptcy.

23.      On February 19, 2016, the United States District Court for the

Eastern District of Michigan dismissed AME's grievance after an arbitrator found

that it lacked jurisdiction to hear the grievance.  *See*, Exhibit A, *supra*.

24.     Despite this, when an administrative law judge with the MERC issued

orders on July 29, 2016, related to the three Charges filed by AME with the

MERC, Case Numbers C10 F-144, C10 C-060, and C11 E-111, that were not

included in AME's proof of claim, AME and Mr. Ghosh on August 2, 2016, informed the MERC judge that they wished to proceed with the Charges. *See*, Exhibits B and C, *supra*.

25.     On October 14, 2016, this Court entered an Order disallowing Claim 3125 filed by AME.  **[*See* Doc. Number 11627]**

26.     As of the date of the filing of this Motion, AME and Mr. Ghosh continue to prosecute their pre-petition claims before the MERC.

27.     Again, on August 11, 2017, an administrative law judge issued an Order Regarding Inactive Case File to AME for cases C 10-C-060 and C 10 F-144, and gave the charging party, AME, twenty-one (21) days to notify the judge that it wanted to proceed with the Charges.  Mr. Ghosh responded by resending the August 2, 2016, letter indicating that AME wanted to proceed on both subject matters.  True and correct copies of Judge Peltz's letter, the two orders and Mr. Ghosh's response on behalf of AME are attached hereto as Exhibit F.

28.     A hearing is set for November 1, 2017, before MERC administrative law judge David Peltz, on the three Charges to consider the merits and the monetary remedies requested by AME.

## III.    <u>Argument</u>

29.     AME and Mr. Ghosh violated the Plan injunction and discharge provisions when it failed to dismiss the charges against GLWA/DWSD pending

before the MERC. It continues to violate them by continuing to prosecute the charges before the MERC. AME's claims against GLWA/DWSD are discharged and it is enjoined from, among other things, commencing any action against GLWA/DWSD with respect to those claims. *See*, Plan, Art. III.D.4, p. 50; Plan, Art. III.D.5 pp. 50-51.

30.     Furthermore, AME filed a proof of claim that was disallowed by this Court on October 14, 2016. **[*See* Doc. Number 11627]**

31.     The charges still pending before the MERC relate to pre-petition actions that should have been included in the proof of claim that AME filed in this case.

## IV.    Conclusion

32.     GLWA/DWSD respectfully requests that this Court enter an order in substantially the same form as the one attached as Exhibit 1 (a) granting the Motion; (b) requiring AME and Mr. Ghosh to dismiss, or cause to be dismissed, with prejudice, the charges pending before the MERC; and (c) permanently barring, estopping and enjoining AME and Mr. Ghosh from asserting any claims or charges described in the pending charges or relating to any alleged pre-petition conduct by GLWA/DWSD forming the basis for the charges before the MERC, against the GLWA/DWSD or its property. Concurrence to the relief was not sought because it was impractical.

**KILPATRICK & ASSOCIATES, P.C.**

/s/ *James M. McArdle*
RICHARDO I. KILPATRICK (P35275)
JAMES M. McARDLE (ARDC 6203305)
Attorney for Great Lake Water Authority as
successor in interest to the City of Detroit Water
and Sewerage Department
615 Griswold, Suite 1305
Detroit, MI 48226
(313) 963-2581
Dated: November 1, 2017          ecf@kaalaw.com

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

In re:

CITY OF DETROIT, MICHIGAN

               Debtor.

_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

## ORDER GRANTING MOTION OF THE GREAT LAKES WATER AUTHORITY AS SUCCESSOR IN INTEREST TO THE CITY OF DETROIT WATER AND SEWERAGE DEPARTMENT FOR ENTRY OF AN ORDER ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND THE BAR DATE ORDER AGAINST THE ASSOCIATION OF MUNICIPAL ENGINEERS AND PARTHO GHOSH

This matter having come before the Court on the Motion of Great Lake

Water Authority as successor in interest to the City of Detroit Water and Sewerage

Department for the entry of an Order (I) Enforcing the Plan of Adjustment

Injunction and Bar Date Order and (II) Requiring the Association of Municipal

Engineers and Partho Ghosh to Dismiss with Prejudice their charges pending

before the Michigan Bureau of Employment Relations Commission, due notice

having been provided and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that the Motion is granted;

**IT IS FURTHER ORDERED** that within five (5) days of the entry of this

Order, the Association of Municipal Engineers and Partho Ghosh shall dismiss, or

cause to be dismissed, with prejudice Case Numbers C10 F-144, C10 C-060, and C11 E-111 (the "Charges"), filed with and presently pending before the Michigan Bureau of Employment Relations Commission;

**IT IS FURTHER ORDERED** that the Association of Municipal Engineers and Partho Ghosh are permanently barred, estopped and enjoined from asserting any claims described in the Charges, including but not limited to Case Numbers C10 F-144, C10 C-060, and C11 E-111, or the alleged conduct forming the basis for the Charges, against the Great Lakes Water Authority as successor in interest to the Detroit Water and Sewerage Department or property of the Great Lakes Water Authority as successor in interest to the Detroit Water and Sewerage Department or in any other action or proceeding; and

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION – DETROIT

In re:

CITY OF DETROIT, MICHIGAN

Debtor.

_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

**NOTICE OF THE GREAT LAKES WATER AUTHORITY AS
SUCCESSOR IN INTEREST TO CITY OF DETROIT WATER AND
SEWERAGE DEPARTMENT'S MOTION OF THE GREAT LAKES
WATER AUTHORITY AS SUCCESSOR IN INTEREST TO THE CITY OF
DETROIT WATER AND SEWERAGE DEPARTMENT FOR ENTRY OF
AN ORDER ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION
AND THE BAR DATE ORDER AGAINST THE ASSOCIATION OF
MUNICIPAL ENGINEERS AND PARTHO GHOSH**

**PLEASE TAKE NOTICE THAT** the Great Lakes Water Authority as successor in interest to the City of Detroit Water and Sewerage Department, by and through its undersigned counsel, has filed its Motion for Entry of an Order Enforcing the Plan of Adjustment Injunction and the Bar Date Order Against the Association of Municipal Engineers and Partho Ghosh. Through this Motion, the Great Lakes Water Authority as successor in interest to the City of Detroit Water and Sewerage Department

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you have any objections to the relief sought in the Motion, within fourteen (14) days you or your attorney must:

1.      File with the Court a written response or an answer, explaining your position at:[1]  United States Bankruptcy Court, 211 W. Fort Street, Detroit, Michigan 48226.

_____
[1] Response or answer must comply with Fed. R. Civ. P. 8(b), (c) and (e).

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above. You must also mail a copy to:

Richardo I. Kilpatrick, Attorney for Detroit Water and Sewerage Department, Kilpatrick & Associates P.C., 615 Griswold, Suite 1305, Detroit, Michigan 48226

United States Trustee, 211 W. Fort Street, Suite 700, Detroit, Michigan 48226

**If you or your attorney do not take these steps, the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained.**

Respectfully submitted;

KILPATRICK & ASSOCIATES, P.C.

*/s/ James M. McArdle*
RICHARDO I. KILPATRICK (P35275)
JAMES M. McARDLE (ARDC 6203305)
Attorneys for the Great Lakes Water Authority as
       successor in interest to Detroit Water and
       Sewerage Department
615 Griswold, Suite 1305
Detroit, Michigan 48226
(313) 963-2581
ecf@kaalaw.com

Dated: November 1, 2017

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION - DETROIT**

**IN THE MATTER OF:**

CITY OF DETROIT, MICHIGAN

                 Debtor.

_____/

Chapter 9

Hon. Thomas J. Tucker

Case No. 13-53846

**PROOF OF SERVICE**

**Gloria Vicari** states that on this 1st day of November 2017 she served a copy of the GREAT LAKES WATER AUTHORITY AS SUCCESSOR IN INTEREST TO THE DETROIT WATER AND SEWERAGE DEPARTMENT'S MOTION OF THE GREAT LAKES WATER AUTHORITY AS SUCCESSOR IN INTEREST TO THE CITY OF DETROIT WATER AND SEWERAGE DEPARTMENT FOR ENTRY OF AN ORDER ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND THE BAR DATE ORDER AGAINST THE ASSOCIATION OF MUNICIPAL ENGINEERS AND PARTHO GHOSH, the PROPOSED ORDER and this PROOF OF SERVICE upon the following parties with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Richardo I. Kilptrick          ecf@kaalaw.com

Office of the U.S. Trustee     via ecf email

And by depositing same in a United States postal box located in Detroit, Michigan, with the lawful amount of postage affixed thereto and addressed to:

Association of Municipal Engineers
Detroit Water & Sewerage Department,
New Administration Building, Room 420
9300 West Jefferson
Detroit, Michigan 48209

Attn: Partho Ghosh


                                 */s/ Gloria Vicari*_____

**Gloria Vicari,** an employee of
KILPATRICK & ASSOCIATES, P.C.
Attorneys for the Great Lakes Water Authority as
        successor in interest to Detroit Water and
        Sewerage Department
615 Griswold, Suite 1305
Detroit, Michigan 48226
Dated: November 1, 2017     (313) 963-2581
ecf@kaalaw.com