my 1st copy

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

-----------------------------------------------------------x
:
In re                                    :  Chapter 9
:
CITY OF DETROIT, MICHIGAN,               :  Case No. 13-53846
:
Debtor.                                  :  Hon. Steven W. Rhodes
:
------------------------------------------------------------:
x

## AGREEMENT RESOLVING CLAIM OF GRETCHEN SMITH

## THIS FORM IS FOR MOTOR VEHICLE CLAIMS ONLY

The City of Detroit (the "City") and the claimant identified in paragraph 2 below (the "Claimant" and, together with the City, the "Parties"), by and through their respective authorized representatives, do hereby agree as follows:

### RECITALS

On July 18, 2013, the City commenced the above-captioned case (the "Chapter 9 Case ") by filing a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). On December 5, 2013, following its determination that the City met all of the applicable requirements and is eligible to be a debtor under chapter 9 of the Bankruptcy Code, the Bankruptcy Court entered the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) with respect to the City.

Pursuant to section 904 of the Bankruptcy Code, the City may continue to exercise its political and governmental powers, manage its property and revenues and use and enjoy its income-producing property without interference from the Bankruptcy Court.

On December 24, 2013, the Bankruptcy Court entered the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "ADR Order") establishing certain alternative dispute resolution procedures (collectively, the "ADR Procedures ") to promote the resolution of certain claims designated by the City.

The Claimant is the current record holder of the proof[s] of claim identified under the heading "Filed Claim Number" in the table in paragraph 2 below (the "Filed Claim[s]").

The City (i) reviewed the Filed Claim[s] and the facts and circumstances of the alleged liabilities asserted therein and (ii) designated the Filed Claim[s] for potential resolution through the ADR Procedures.

The City believes that the resolution of the Filed Claim[s] as set forth in this Agreement is fair, reasonable and appropriate and will allow the Parties to avoid the cost, delay and burden of

litigating potential disputes related to the Filed Claim[s]. In accordance with the ADR Order, the resolution of the Filed Claim[s] set forth in this Agreement terminates the ADR Procedures with respect to the Filed Claim[s] pursuant to section II.A.7 of the ADR Procedures.

Pursuant to section 904 of the Bankruptcy Code, the City is authorized to propose and enter into this Agreement without further order of the Bankruptcy Court.

The undersigned is authorized to enter into this Agreement on behalf of the City pursuant to a confidential memorandum dated March 25, 2014 that was issued to the City of Detroit Corporation Counsel by Kevyn Orr, Emergency Manager for the City of Detroit, entitled Litigation Claim Settlement Authority.

The Parties have agreed to the terms set forth in this Agreement, as indicated by the signatures of their respective authorized representatives below.

## AGREEMENT

1. The Claimant represents and warrants to the City that it has not sold, assigned, factored or otherwise transferred any portion of or interest in the Filed Claim[s] and is the sole holder of the Filed Claim[s], with full authority to enter into this Agreement. The Claimant further agrees to indemnify and hold the City harmless for any damages, including without limitation actual and reasonable out of pocket costs, resulting from a breach of its representations and warranties set forth in this paragraph.

2. The current version of the City's proposed Plan of Adjustment provides different payment provisions for each of the three following category of claims arising from operation of City motor vehicles: (1) claims for personal protection benefits as provided by MCL 500.3107 and MCL 500.3108, for which insurance coverage is required by MCL 500.3101(1), (hereafter "PPI Claims"); and (2) tort claims permitted by MCL 500.3135, for which residual liability insurance coverage is required by MCL 500.3101(1) and MCL 500.3135, (hereafter, "Tort Claims"); and claims for property protection benefits under MCL 500.3121 and MCL 500.3123 ("Property Claims"). Accordingly, it is necessary that this Settlement Agreement properly identify each type of claim.

3. Each of the Filed Claim[s] is deemed amended, modified and allowed, and to be paid as a PPI Claim, a Tort Claim or a Property Claim, as the case may be, in accordance with, and subject to the treatment provided for claims of that type under, any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan"), (any such claim, a "Settled MVA Claim"), in the corresponding amount set forth in the table below under the heading "Settled MVA Claim Amount." **NOTE – if any bankruptcy claim combines two or more types of claims, the claims must be separated in the chart below:**

| Claimant | Filed Claim Number | Filed Claim Amount | Filed MVA Claim Type – identify as a PPI, Tort or Property Claim | Settled MVA Claim Amount | Settled MVA Claim Type– identify as a PPI, Tort or Property Claim |
|---|---|---|---|---|---|
| Gretchen Smith | 2205 | $450,000.00 | PIP<br><br>Tort | $30,000.00<br><br>$270,000.00 | PIP - $30,000.00<br><br>Tort- $270,000.00 |
| | | | | | |
| | | | | | |

*[Handwritten notes in right margin: 5000, C+S, A+C, MC, A2730, 3656 pm, 3042 pm]*

For any tort claims listed, identify all other bankruptcy claims that arise out of the same motor vehicle accident:

_____.

4. The Parties agree that any Filed Claim identified in paragraph 2 above for which there is no corresponding Settled Claim (or such amount is listed as $0.00) is hereby withdrawn and deemed disallowed and expunged, pursuant to section 502 of the Bankruptcy Code.

5. The Claimant will not further amend the Filed Claim[s] (or the Settled MVA Claim[s]) or file any additional proofs of claim with respect to the liabilities asserted in the Filed Claim[s]. Any further amendments to the Filed Claim[s] (or the Settled MVA Claim[s]) or any additional claims filed by the Claimant or their successors or assigns with respect to the liabilities asserted in the Filed Claim[s] shall be null, void and of no effect.

6. The Parties agree that any Settled MVA Claim shall be paid in accordance with, and subject to the treatment provided for claims of that type under, any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan").

7. Any distribution made to the Claimant pursuant to a Plan is referred to herein as a "Plan Distribution." If the Claimant or its successors or assigns receive payment of any portion of the Settled Claims from any source, including from the City, other than through the Plan (a "Non-Plan Payment"), the portion of the Settled MVA Claim[s] equal to the amount of the Non-Plan Payments shall be deemed fully satisfied, and the Claimant, for itself and any successors or assigns, hereby prospectively waives and disclaims the right to receive Plan Distributions on account of the portion of the Settled MVA Claim[s] satisfied by any Non-Plan Payments.

8. Nothing in this Agreement will have any impact on any proof(s) of claim that the Claimant has filed or holds other than the Filed Claim[s]. The Parties retain all of their respective claims, defenses, objections, counterclaims and any and all rights in respect of any proofs of claim that the Claimant has filed or holds other than the Filed Claim[s].

9. As to the Filed Claims and Settled MVA Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims

for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City; provided, however, for PPI Claims, Claimant does not release claims arising after July 18, 2013, except to the extent such claims have been paid by the City. The Claimant acknowledges that this Agreement represents the compromise of a disputed claim and is not to be construed as an admission of liability on the part of the City. As used in this Agreement, the Claimant and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any. Where required by the City, the Claimant has executed the Medicare Reporting and Indemnification Affidavit[s], if any, attached as Exhibit A.

10. The Claimant stipulates to the entry of an order dismissing with prejudice, and without costs or fees, any civil action[s] related to the Filed Claim[s] or Settled Claim[s].

11. This Agreement may be executed in identical counterparts, and/or by facsimile or e-mail scan, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. This Agreement constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

WHEREFORE, the undersigned have executed this Agreement on behalf of the parties hereto.

**City of Detroit**                                **GRETCHEN R. SMITH**

**By: KRYSTAL CRITTENDON**

**Name:** _____

       **(printed)**

**Title:** _____

**Claimant**_____

**Date:** _____

Date:_____  

Claimant(s) counsel:
IN PRO SE

_____
**Signature**

Name:_____
      (printed)

Date:_____

**Exhibit A – Medicare Reporting and Indemnification Agreement[s]**

# MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT

_____ being first duly sworn, deposes and says that I have filed a claim and/or lawsuit against the City of Detroit:

1. I certify under penalty of law that this Affidavit and all attachments were prepared with my knowledge and were reviewed by me. The information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of a fine and/or imprisonment for known violations. **I hereby state under oath and subject to any penalties for perjury that the information contained in this Affidavit is true, correct and accurate.**

2. I hereby understand that the City of Detroit will be relying upon this information in order to provide all of the required information to the United States Government, Department of Health and Human Services, Center for Medicare and Medicaid Services or their Medicare contractor in accordance with the Medicare, Medicaid and SCHIP Extension Act of 2007 and to be in compliance with the Medicare Secondary Payer Laws.

**Circle One**

3. I am currently receiving Medicare Benefits................................................(yes) or no
4. I will be Sixty Five years old within three years..............................yes or (no)
4a. I have applied for Social Security Disability Benefits...................yes or no
5. I have received a Social Security Disability Award Letter and attached a copy hereto ...............................................................................yes or no
6. Attached is a copy of my Social Security Disability Application....yes or no
7. Attached is a copy of my Social Security denial letter and my appeal of said denial................................................................................yes or no
8. I have End Stage Renal Disease....................................................yes or (no)

Page 1 of 5

9. That my full name and all aliases are:
Gretchen Rose Smith

10. That my City of Detroit File/Matter Number is:
12-008804-NI    Judge Kimberly Leslie Smith

11. That my address is: 1401 W. Fort St, #441151
mailing    Detroit, Mich. 48244

12. That my Attorney's Name, Address and Contact Numbers are:
IN Pro Per (313) 675-5444
Seeking but not yet retained.

13. That my Date of Birth is:
12/10/59

14. That my Social Security Number is:    7032

15. That my Medicare HIC Number, if applicable is:
unavailable
but retreiveable.

16. That I am attaching copies of the following information:

 a. Copy of the Judgment................................................................... yes or no

 b. Medical Records ....................................................................... yes or no
                                                          Medicare
 c. Specific Description of my injuries                    has them
injured eyes, head (back of),
(red visual photo L)
neck, TMJ permanent change (can't chew w/o biting tounge or cheek w/o TMJ orthodic) both shoulders, both hands & wrists, mid back, Lower back (all disc herniated & bulging & tumor (neck) MRI, 7 of them.
Infertility, Respitory failure, Kidney failure, Heart failure, Kidney Stone shift, failure (staghorn), nerve damage as a result of mairston required to stop unstoppable hemorage, Expensive

Page 2 of 5

Sleep Apnea All, I did not have before 7-1-2011 bus accident

17. Has anyone ever prepared for you:

   a. A Life Care Plan ........................................................... yes or (no)

   b. Medicare Set Aside Cost Projections ...... ~~Is this~~ ...... (yes or no)
      ~~the Payment Summary?~~

   c. Life expectancy projection ................................................. yes or (no)

If yes to any questions above in #17, submit a copy to the City of Detroit.

18. What specific body parts were impacted by the Injury/illness: *(not nose)*
    ALL except digestive system, throat, and toes.
    Therefore, head, eyes, neck, jaw, ears (medications 18 ct.), shoulders, spine at least 7 vertebre possible 9, see MRI's, lower back, both knees, side, womb, ovaries, abdominal nerves, incision, ~~sleep~~ breathing diaphram pattern

19. That my Gender is: _____ Male   ✓ Female

20. That the accident which gave rise to this Claim/Lawsuit occurred on:

    7-1-2011 (Date)

21. On _____ (Date), a Settlement or Judgment of my

    Claim/Lawsuit was agreed to/rendered for the total amount of

    _____ Dollars ($_____).

Page 3 of 5

I, _____, HAVE READ THE ABOVE MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT AND STATE THAT THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT AND THAT IN THE EVENT THAT THE CITY OF DETROIT IS HELD LIABLE DUE TO ANY MISINFORMATION OR OMISSION OF INFORMATION BY AFFIANT IN THIS AFFIDAVIT, AFFIANT SHALL INDEMNIFY, HOLD HARMLESS AND REIMBURSE THE CITY OF DETROIT FOR ALL PAYMENTS, DAMAGES, MONIES, COSTS, ATTORNEY'S FEES, EXPENSES, MEDICARE LIENS, MEDICARE DEMANDS FOR REIMBURSEMENT, MEDICARE OFFSETS, MEDICARE FINES, MEDICARE PENALTIES AND ANY MEDICARE PAYMENTS INCURRED BY THE CITY OF DETROIT RESULTING FROM SAID OMISSION OR MISINFORMATION. FURTHER, I SHALL FULLY COOPERATE WITH THE CITY OF DETROIT IN ANY DISPUTE OR MATTERS RELATED TO THIS INCIDENT INVOLVING MEDICARE AND SHALL EXECUTE ALL DOCUMENTS REQUIRED OR REQUESTED BY THE CITY OF DETROIT, MEDICARE OR ITS AGENTS THAT MAY BE REQUIRED OR NECESSARY TO RESOLVE ANY SAID DISPUTE OR MATTER.

FURTHER AFFIANT SAITH NOT.

_____
SIGNATURE OF THE CLAIMANT/PLAINTIFF

STATE OF MICHIGAN          )
                           ) SS
COUNTY OF _____  )

This Medicare Reporting and Indemnification Affidavit was acknowledged, subscribed and sworn to before me this ____ day of _____, 2017, by _____ who hereby declares under penalty of perjury under the laws of the State of Michigan that he or she is authorized in fact and law to execute this Medicare Reporting and Indemnification Affidavit.


Notary Public, _____ County, MI

My Commission Expires: _____


Notary, Please ensure you use your notarial stamp or seal.

Page 5 of 5