# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DEBTOR'S FIFTY-NINTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (No Valid Basis for any Liability of the City)

> **THIS OBJECTION SEEKS TO MODIFY, DISALLOW AND/OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

The Debtor, the City of Detroit ("City"), by and through its undersigned counsel, files this objection ("Objection") requesting that the Court enter an order, substantially in the form attached as Exhibit 1, disallowing and expunging each of the claims identified on Exhibit 2 because each such claim does not identify a valid basis for any liability of the City. In support of this Objection, the City respectfully states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII, Section A of the Plan (defined below). This is a

31282796.1\022765-00213

core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

2.    On July 18, 2013 ("Petition Date"), the City filed a petition for relief

in this Court, thereby commencing the largest Chapter 9 bankruptcy case in

history.

3.    On November 12, 2013, the City filed its *Motion of Debtor Pursuant*

*to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving*

*Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain*

*Prepetition Claims* [Doc. No. 1665] ("ADR Procedures Motion").  On December

24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc.

No. 2302] ("ADR Order").

4.    The Alternative Dispute Resolution Procedures ("ADR Procedures")

attached as Annex 1 to the ADR Order permitted the City to serve on claimants a

> notice that the Stay/Injunction is lifted to permit the
> underlying claim to be liquidated in a non-bankruptcy
> forum consistent with the terms, conditions and
> limitations of Section II.E. below (a "Stay Modification
> Notice").  In that event, immediately upon the filing of
> the Stay Modification Notice, the Stay/Injunction shall be
> deemed modified with respect to the applicable Initial
> Designated Claim solely to permit the liquidation of the
> claim in a non-bankruptcy forum…

ADR Procedures, Section I.B, p. 4.

31282796.1\022765-00213

5. Paragraph 10 of the ADR Order states

> If the Stay/Injunction is modified as a result of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in [. . .] such other non-bankruptcy forum selected by the Designated Claimant . . . .

6. Each Stay Modification Notice emphasized:

> Note that, if you do not promptly proceed with the prosecution of the Claim(s) in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim(s).

*E.g.*, Stay Modification Notice, Doc. No. 9716, p. 4.

7. The ADR Procedures contain a procedure for their enforcement:

> If a Designated Claimant fails to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or an abandonment of or failure to prosecute the Designated Claim, or both. Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees and costs to the City.

ADR Procedures, Section II.G.

8. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving*

- 3 -

*Form and Manner of Notice Thereof* [Doc. No. 1782] ("<u>Bar Date Order</u>"), establishing deadlines to file certain proofs of claim in this case. The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time.

9.     On July 9, 2014, this Court entered its *Order Pursuant to 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* [Doc. No. 5872] ("<u>Claims Procedures Order</u>"), allowing the City to file omnibus objections with respect to claims that do not identify a valid basis for any liability of the City. Claim Procedures Order at 2.

10.    On October 22, 2014, the City filed the *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045] ("<u>Plan</u>"). The Plan provides that the City will continue using the ADR Procedures to resolve claims after the Effective Date. Plan, Art. VI.A.2, page 68. The Court retained jurisdiction to allow or disallow claims and to enforce orders it had previously entered. Plan, Art. VII. A, O, pages 69-70

11.    On November 12, 2014, this Court entered an Order confirming the Plan [Doc. No. 8272] ("<u>Confirmation Order</u>").

12.    The Plan became effective on December 10, 2014 ("<u>Effective Date</u>").

## RELIEF REQUESTED

13.     The City files this Objection pursuant to the Bar Date Order, Section 502(b) of the Bankruptcy Code,[1] Rule 3007(c) of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules"), and the Claims Procedures Order, seeking entry of an order disallowing and expunging each of the claims identified on Exhibit 2 because each claimant has violated ADR Order.  Under the ADR Order, each claim should be disallowed and expunged because each claimant has abandoned and failed to prosecute his or her respective claim.

14.     The City filed a Stay Modification Notice against each claimant no less than eight months ago.  Once a claimant has been served with a Stay Modification Notice, the ADR Order mandates that the claimant must proceed to liquidate his or her claim.  ADR Order, ¶ 10 (noting that liquidation "shall proceed").  None of the claimants took the necessary steps to liquidate the claim. After more than eight months (and, in many instances, years) of inaction, the claimants "[have] fail[ed] to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures . . . ."  ADR Procedures, Section II.G.  As such, the Court "may, among other things, disallow and expunge the [Claimants'] Claim[s] . . . . or grant such

---

[1] Section 502 of the Bankruptcy Code applies to Chapter 9 proceedings pursuant to Section 901(a) of the Bankruptcy Code.

other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees and costs to the City." *Id.*

15.     The Stay Modification Notices expressly warned claimants that failure to prosecute their Claims could result in disallowance and expungement of the Claims.   *E.g.*, Stay Modification Notice, Doc. No. 9716, p. 4.   The City thus objects to each claim and ask the Court asks the Court to disallow and expunge each claim pursuant to Section II.G. of the ADR Procedures.

16.     To the extent the Court does not expunge one or more of the claims identified on Exhibit 2 on that basis, the City reserves all of its rights to object, on the merits and on any other basis, including without limitation, failure to comply with any applicable statute of limitations, to any of the claims identified on Exhibit 2.

## BASIS FOR RELIEF REQUESTED

17.     The City has reviewed the claims identified on Exhibit 2 and submits that in each case the claim does not identify a valid basis for any liability under the ADR Order.

18.     The Declaration of Charles Raimi, Deputy Corporation Counsel, ("Declaration") explains the process undertaken by the City and confirms that the

31282796.1\022765-00213

claims identified on Exhibit 2 do not identify a valid basis for any liability of the City.  *See* Exhibit 3, *Declaration*.

19.     The Claims Procedures Order and Bankruptcy Rule 3007(c) allow the City to file this Objection as an omnibus objection.  Specifically, Bankruptcy Rule 3007(c) authorizes the Court to allow for omnibus objections beyond those circumstances itemized in Bankruptcy Rule 3007(d), and the Claims Procedures Order expressly permits the City to file omnibus objections with respect to claims that do not identify a valid basis for any liability of the City.  Claims Procedures Order at 2.

20.     This Court has the authority to enter an order approving this Objection.  Moreover, the streamlined process afforded by an omnibus objection (in lieu of individual objections to each of the claims identified on Exhibit 2) will result in material costs savings that will inure to the benefit of the City.  Accordingly, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors.

21.     Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed as Exhibit 1, expunging and disallowing each of the claims identified on Exhibit 2. Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(c), the Court should grant the relief requested.

## SEPARATE CONTESTED MATTERS

22.     To the extent that a response is filed regarding any claim listed in this Objection and the City is unable to resolve the response, each one of those claims, and the objection by the City to each one of those claims asserted, should constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. Any order entered by the Court regarding an objection asserted in this Objection should be deemed a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, should constitute a final judgment with respect to such claim, and the Court should expressly determine that there is no just reason for delay of the entry of the final judgment with respect to such claim.

23.     The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

31282796.1\022765-00213

## NOTICE

24.     The City has provided notice of this Objection to each of the claimants identified on Exhibit 2 at the address set forth by each of the claimants on its respective proof of claim, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002.  Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Objection need be given.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as the Court may deem just and proper.

31282796.1\022765-00213

Dated: April 18, 2018

Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 963-6420
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

and

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan  48226
    Telephone: (313)-237-0470
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF DEBTOR'S FIFTY-NINTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (No Valid Basis for any Liability of the City)

**PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS(S).**

**PLEASE TAKE NOTICE THAT** the City of Detroit ("City") has filed an objection to your claim because it does not identify a valid basis for any liability of the City ("Fifty-Ninth Omnibus Objection") and, therefore, your claim should be disallowed and expunged.

**YOUR CLAIM MAY BE REDUCED, MODIFIED OR ELIMINATED PURSUANT TO FED. R. BANKR. P. 3007(e)(1) AND PRIOR ORDERS OF THIS COURT. YOU SHOULD CAREFULLY REVIEW EXHIBIT 2 OF THE FIFTY-NINTH OMNIBUS OBJECTION TO FIND YOUR NAME AND CLAIM. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.**

If you do not want the Court to eliminate or change your claim, or grant the relief requested in the Fifty-Ninth Omnibus Objection, then on or before **May 16, 2018**, you or your lawyer must:

1.      File with the Court, at the address below, a written response to the objection. Unless a written response is filed and served by the date stated above, the Court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **<u>receive</u>** it on or before the date stated above. All attorneys are required to file pleadings electronically.

2. A copy of your response must also be mailed to counsel for the City:

Marc N. Swanson
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson, Suite 2500
Detroit, MI 48226

3. You must also attend the hearing on the objection scheduled to be held on **May 23, 2018, at 1:30 p.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 48226** unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney does not take these steps, the Court may decide that you do not oppose the objection to your claim, in which event the hearing will be cancelled and the objection sustained.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
   Marc N. Swanson (P71149)
   150 West Jefferson, Suite 2500
   Detroit, Michigan 48226
   Telephone: (313) 963-6420
   Facsimile: (313) 496-8451
   swansonm@millercanfield.com

Dated: April 18, 2018

# EXHIBIT 1: PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER SUSTAINING DEBTOR'S FIFTY-NINTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (No Valid Basis for any Liability of the City)

Upon review of the Fifty-Ninth objection to claims (the "Objection"),[1] of the Debtor, City of Detroit, Michigan (the "City"), seeking entry of an order disallowing and expunging each of the claims listed on Exhibit 2 to the Objection; and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

given; and a hearing on the Objection having been held before the Court; and any objections or other responses to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1. The Objection is sustained.

2. Each of the proofs of claim listed on <u>Exhibit 2</u> annexed to the Objection is hereby disallowed and expunged in its entirety, pursuant to Section 502(b) of the Bankruptcy Code.

3. The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4. The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5. Each claim and the objections by the City to each claim as addressed in the Objection and set forth on <u>Exhibit 2</u> constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed and constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to such claim, and the Court expressly determines that there is no just

reason for delay of the entry of the final judgment with respect to such claim. Any stay of this Order shall apply only to the contested matter that involves such creditor and for which such stay has been granted or may be in effect, and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby, and further provided that the City shall have the right, but not the need, to submit a separate order with respect to contested matters or claims.

6.      The City retains all of its rights to object, on the merits or any other basis, to any of the Claims identified on <u>Exhibit 2</u>.

7.      Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

8.      Nothing in this Order is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

# EXHIBIT 2: CLAIMS

**The grounds for objection to each claim listed below is that it contains no valid basis for any liability of the City pursuant to the ADR Order. The claimant has failed to prosecute its claim and abandoned its claim. Each of the pages in the omnibus objection is pertinent to the stated grounds for objection.**

| Claim Number | Name | Claim Amount | Nature | Stay Modification Notice Doc. No. |
|---|---|---|---|---|
| 98 | Albert Hatcher | $2,500.00 | General Unsecured | 11979 |
| 983 | American Anesthia Associates, LLC | $2,000.00 | Secured | 9404 |
| 121 | Angelia Williams | $5,000,000.00 | General Unsecured | 9170 |
| 616 | April Clardy | $25,000.00 | General Unsecured | 12005 |
| 599 | Betty J. Baxter | $0.00 (blank) | General Unsecured | 8356 |
| 183 | Bio Magnetic Resonance Inc | $14,700.00 | General Unsecured | 11835 |
| 186 | Boone, Therone | $500,000.00 | General Unsecured | 11836 |
| 157 | Brogue, Genre | Unliquidated | General Unsecured | 8386 |
| 841 | Carmichael, Jonathan | $0.00 (blank) | General Unsecured | 6492 |
| 280 | Cazares, Ernesto | $50,400.00 | Secured | 9247 |
| 349 | Central Home Health Care Inc | $16,422.87 | General Unsecured | 9403 |
| 350 | Central Home Health Care Inc | $20,381.55 | General Unsecured | 11992 |
| 109 | Dorothy Latham | $250,000.00 | General Unsecured | 8725 |

| | | | | |
|---|---|---|---|---|
| 629 | Drumb, Richard | $12,738.61 | General Unsecured | 12008 |
| 289 | Dynamic Rehabilitation Centers Inc | $61,640.00 | General Unsecured | 11985 |
| 775 | Edith Ross | $20,000.00 | General Unsecured | 12011 |
| 846 | Edwards, Brittany B/h/n/f Dwyane Witheringon | $300,000.00 | General Unsecured | 9192 |
| 79 | Farmers Insurance | $29,076.93 | General Unsecured | 11831 |
| 805 | Giorgio Gaudenzi Property Owner | $750.00 | General Unsecured | 10249 |
| 632 | Green, Lawrence | $2,850.00 | General Unsecured | 8381 |
| 768 | Grundy, Daja | $25,000.00 | General Unsecured | 9269 |
| 769 | Grundy, Darchell | $25,000.00 | General Unsecured | 9270 |
| 522 | Joe, Juanita | $1,500.00 | General Unsecured | 11996 |
| 477 | Karen Loving | $25,000.00 | General Unsecured | 8437 |
| 545 | Kimberly Nettles | $9,624.00 | General Unsecured | 12001 |
| 571 | Lawsuit Financial | $4,000.00 | Secured | 12003 |
| 341 | M Johnson & Associate LLC | $5,100.00 | General Unsecured | 11991 |
| 827 | Maria Stenbom | $2,000,000.00 | General Unsecured | 9217 |
| 187 | Michigan Biotech Partners LLC | $45,600.00 | General Unsecured | 8349 |

| | | | | |
|---|---|---|---|---|
| 499 | Morgan, Marcus | $1,000.00 | General Unsecured | 9710 |
| 580 | Orthopedic Trauma Specialist PLLC | $1,500.00 | General Unsecured | 12004 |
| 529 | Pjetri, Mark | $1,334.00 | General Unsecured | 11997 |
| 849 | Powell, Mary | $75,000.00 | General Unsecured | 8346 |
| 519 | Priority Patient Transport | $155,054.98 | General Unsecured | 11995 |
| 118 | Progressive Marathon Insurance | $19,264.86 | General Unsecured | 8820 |
| 102 | Rainbow Rehabilitation Center | $32,082.00 | General Unsecured | 9402 |
| 103 | Rainbow Rehabilitation Center | $11,058.50 | General Unsecured | 9412 |
| 104 | Rainbow Rehabilitation Center | $116,695.30 | General Unsecured | 8630 |
| 862 | Ramona F. White | $50,000.00 | General Unsecured | 5782 |
| 490 | Renette Jackson | $50,000.00 | General Unsecured | 9240 |
| 845 | Robinson, Gerald D | $24,536.54 | Secured | 12022 |
| 891 | Ryans, Deborah A | $385.68 | General Unsecured | 12026 |
| 534 | Stults, Jenelle | $7,800.00 | Secured | 12000 |
| 533 | Stults, Ron | $7,800.00 | General Unsecured | 11999 |
| 481 | The Sam Bernstein Law Firm | $165,000.00 | General Unsecured | 11994 |

| | | | | |
|---|---|---|---|---|
| 582 | Therapy Rehab LLC | $7,255.00 | General Unsecured | 9446 |
| 503 | Thompson, Valerie | $0.00 (blank) | Secured | 9218 |
| 181 | Tisha Barnes | $5,000,000.00 | General Unsecured | 9248 |
| 327 | USAA A/S/O Michel Stokes | $47,079.29 | General Unsecured | 11988 |
| 23 | USAA Insurance | $47,079.29 | General Unsecured | 11830 |

# EXHIBIT 3: DECLARATION OF CHARLES RAIMI

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DECLARATION OF CHARLES RAIMI IN SUPPORT OF DEBTOR'S FIFTY-NINTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (No Valid Basis for any Liability of the City)

I, Charles Raimi, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1.      I am Deputy Corporation Counsel for the City of Detroit ("City"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2.      The City's ongoing claims reconciliation process involves the collective effort of a team of employees assembled from personnel specifically familiar with the operations and liabilities of the City. This team works together and in conjunction with City's counsel, the City's financial advisor, and the City's claims agent, to review proofs of claim filed against the City.

3.     In connection with the preparation of the Fifty-Ninth Omnibus Objection to Certain Claims (No Valid Basis for any Liability of the City) (the "Objection"), the City reviewed the claims at issue, as described on Exhibit 2 of the Objection.

4.     Each claimant has abandoned and failed to prosecute his or her claim. Consequently, each claim on Exhibit 2 should be disallowed and expunged pursuant to the ADR Order (as defined in the Objection).

5.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief.

Dated: ___4 | 17___, 2018

By: /s/ _CNR_____

Charles Raimi

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 18, 2018 he electronically filed the foregoing Omnibus Objection to Certain Claims (the "Omnibus Objection") with the Clerk of the Court which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case. The City has engaged a Noticing Agent, which will serve the Omnibus Objection on the Claimants listed therein at the address set forth by each of the claimants on its respective proof of claim and on all parties requesting notices listed on the Master Service List, and file a subsequent Proof of Service after it has performed the service.

DATED:  April 18, 2018

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com
