UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION OF MICHIGAN

IN RE:                                                   CHAPTER 9
CITY OF DETROIT, MICHIGAN             CASE NO. 13-53846
       *Debtor.*                                    HON. THOMAS J. TUCKER

_____/

## **T&T MANAGEMENT, INC'S RESPONSE TO DEBTOR'S FIFTY-EIGHTH OMNIBUS OBJECTION TO CERTAIN CLAIMS**

T&T Management, Inc. ("T&T"), by and through its counsel, Demorest Law Firm, PLLC, states as follows for Response to Debtor's Fifty-Eight Omnibus Objection to Certain Claims:

### **RESPONSE TO JURISDICTION AND VENUE**

1. T&T denies that this Court has jurisdiction over T&T's outstanding Judgment against the City of Detroit. Judge Rhodes previously ruled that the inverse condemnation Judgment is not subject to discharge in these bankruptcy proceedings. On November 12, 2014, Judge Rhodes ruled that T&T's claims could not be reduced or discharged in the City's Plan of Adjustment, because to allow this would conflict with the Taking Clause of the Fifth Amendment, which states that private property may not be taken by the government without payment of just compensation.

2. This Court's prior Order exempting T&T's claim for the City's Chapter 9 bankruptcy stated that:

> *provided that*, in accordance with section 944(c)(1) of the Bankruptcy Code, such discharge shall not apply to . . . (d) Claims of (i) T&T Management, Inc . . . related to condemnation or inverse condemnation actions against the City alleging that the City has taken private property without just compensation in violation of the Takings Clause of the Fifth Amendment of the United States Constitution.

(Order Confirming Eighth Amended Plan for The Adjustment Debts of the City of Detroit, Doc 8272 at page 88. Excerpts attached as **Ex. 1**).

**RESPONSE TO BACKGROUND FACTS**

2-12. The "background facts" alleged in Paragraphs 2 through 12 of the City's Objection do not apply to T&T's Judgment against the City. T&T's Proof of Claim (No. 1409) was timely filed (Proof of Claim, **Ex. 2**). The Proof of Claim included a copy of the Final Judgment entered by the Wayne County Circuit Court on March 29, 2002 against the City of Detroit in favor of Merkur Steel Supply, Inc. (Case No. 99-928001-CC). The Judgment was based on the City's inverse condemnation of Merkur Steel Supply's rights as a tenant at 11111 French Road, Detroit, Michigan. The City was required by pay Merkur Steel Supply $6,800,000, and also $3,800 monthly payments thereafter, to compensate Merkur Steel Supply for the City's taking of its property rights. T&T is the successor by merger to Merkur Steel Supply, Inc., so T&T is the holder of the outstanding Judgment against the City.

**RELIEF REQUESTED**

13. T&T denies that this Court should enter an order regarding T&T's claims because Judge Rhodes has already determined that T&T Management's Judgment against the City is not subject to the City's bankruptcy. After Judge Rhode's ruling, the City resumed making the $3,800 monthly payments under the Judgment until June 2017, when the City unilaterally decided to cease making payments (Letter from Charles Raimi, City of Detroit Law Department, to Mark Demorest, **Ex. 3**).

Furthermore, the City's Exhibit 2 is inaccurate with respect to T&T's Judgment against the City. The City states that the "claim amount" is "unliquidated." This is false because the Judgment was entered in 2002. The City also states that the nature of T&T's claim is "general unsecured." This is also false, because the inverse condemnation Judgment is not subject to the City's bankruptcy.

14. The Stay Modification Notice sent by the City to T&T was inaccurate. First, the Notice said that there was no lawsuit between T&T (successor to Merkur Steel Supply) and the Detroit. The notice ignored the outstanding Judgment against the City. Second, the Notice also ignored Judge Rhode's order exempting T&T's claim from the City's bankruptcy.

15. The Stay Modification Notice does not apply to T&T.

16. Any issues regarding the outstanding Judgment against the City of Detroit are beyond the jurisdiction of this Court.

## BASIS FOR RELIEF REQUESTED

17. The City has not reviewed the claims identified on its exhibit 2 closely enough because it erroneously included T&T in its objection.

18. The City's process was defective because T&T should not have been included in that process since its Judgment has not been subject to the bankruptcy since 2014. It is extremely troubling that Charles Raimi signed an affidavit under oath that Exhibit 2 was accurate when it stated the T&T's claim is unliquidated and a general unsecured claim, when he is the same person who sent the June 23, 2017 letter specifically referencing the Judgment. (**Ex. 3**).

19. The Claims Procedures Order and Bankruptcy Rule 3007(c) do not apply to T&T's Judgment.

20. T&T Management denies that this Court has the authority to approve the City's Objection because T&T's Judgment is not subject to these bankruptcy proceedings.

21. This Court may not enter an order that would include the expungement and disallowing of T&T's Judgment against the City of Detroit because the Judgment is not dischargeable in bankruptcy under Judge Rhodes Order, which the City never appealed.

### RESPONSE TO SEPARATE CONTESTED MATTERS

22-23. This does not apply to T&T's Judgment against the City.

### RESPONSE TO NOTICE

24. T&T received notice of the City's improper objection, and is filing this response.

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

**WHEREFORE**, T&T requests that this Court deny the City's Objection with respect to T&T.

Respectfully submitted,

/s/ Melissa L. Demorest
Steven D. Kursman (P37902)
Melissa L. Demorest (P68867)
Demorest Law Firm, PLLC
Attorneys for Creditor
T&T Management, Inc.
322 West Lincoln Ave.
Royal Oak, MI 48067
248-723-5500
steve@demolaw.com
melissa@demolaw.com

Dated: May 7, 2018

Thomas, Karl/T&T Management/Detroit Bankruptcy (Merkur Steel)/1 DRAFT Pleadings/2018 04 26 Response to Fifty-Eighth Omnibus Objection to Certain Claims.docx