UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | : | |
|---|---|---|
| In re | : | Chapter 9 |
| | : | |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 |
| | : | |
| Debtor | : | Judge Thomas J. Tucker |

# *EX PARTE* MOTION OF THE CITY OF DETROIT FOR A SEVENTH EXTENSION OF THE CLAIMS OBJECTION BAR DATE

The City of Detroit ("City") respectfully requests entry of an order extending the Claims Objection Bar Date (as defined herein), pursuant to section VI.C.3 of the City's chapter 9 plan, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"). The City files this Motion on an *ex parte* basis pursuant Local Rule 9006-1.

The City requests that the Claims Objection Bar Date be extended from June 7, 2018 to December 7, 2018.

In support of the Motion, the City respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this Court.

3. On November 21, 2013, this Court issued its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof [Doc. No. 1782] (the "Bar Date Order"). The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time.

4. On October 22, 2014, the City filed the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014) [Doc. No. 8045] ("Plan").

5. On November 12, 2014, this Court entered an Order Confirming the Plan. [Doc. No. 8272].

6. The Plan became effective on December 10, 2014 (the "Effective Date").

7. Approximately 3,900 proofs of claim were filed against the City. Of those claims, approximately 1,400 thus far have been classified as litigation claims, the review of which is being performed primarily by the City Law Department. The additional (roughly) 2,500 claims include, among other claims, trade claims, employee/labor/union claims and grievances, tax claims, and pension related claims. To date, the City has filed sixty-two omnibus objections to proofs of claim.

8. The Plan established the initial "Claims Objection Bar Date," as defined in the Plan, as "the latest of (a) 180 days after the Effective Date, subject to extension by an order of the Bankruptcy Court, (b) 90 days after the Filing of a proof of Claim for such Claim and (c) such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court, which other period may be set without notice to Holders of Claims." Plan § I.A.62, p. 6. The Claims Objection Bar Date was initially set as June 8, 2015.

9. The Plan further provides that "[u]pon motion by the City to the Bankruptcy Court, the City may request, and the Bankruptcy Court may grant, an extension to the Claims Objection Bar Date generally or with respect to specific Claims. Any extension granted by the Bankruptcy Court shall not be considered to be a modification to the Plan under section 1127 of the Bankruptcy Code." Plan § VI.C.3, p. 69. Pursuant to that provision, the Court has granted six extensions of

the Claims Objection Bar Date. [Doc. Nos. 9748, 9749, 10229, 10230, 11135, 11136, 11653, 11654, 11856, 11857, 12723 & 12724].

## RELIEF REQUESTED

10. In accordance with section VI.C.3 of the Plan, section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b), and Local Rule 9006-1, the City respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, extending the Claims Objection Bar Date, as defined in the Plan and including the deadline for the City to object to proofs of claim, for approximately 180 days, through and including December 7, 2018. The City further requests an expedited review of this Motion so that the City may have as much advance notice as possible in the event this Motion is for any reason not granted.

## BASIS FOR RELIEF

11. The Court has the authority under the Plan and applicable rules to extend the Claims Objection Bar Date pursuant to this Motion, and cause exists for the Court to do so.

12. Section VI.C.3 of the Plan provides that the Court may grant an extension to the Claims Objection Bar Date. Plan § VI.C.3, p. 69.

13. In addition, Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or Order of the Court.

*See* Fed. R. Bankr. P. 9006(b). Local Rule 9006-1(b) also provides that a party may file a motion for an *ex parte* order extending time.

14. Furthermore, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

15. Cause exists for the Court to extend the time to object to the claims. The City has made substantial progress since the Court entered an order approving the last extension but additional time is needed to address the remaining unresolved claims.

16. Approximately 3,900 proofs of claim were filed against the City. Approximately 1,400 thus far have been classified as litigation claims, the review of which is being performed primarily by the City's law department. The claims are varied and complex. Many of the pre-petition litigation claims are motor vehicle accident claims involving 1st party (no-fault) and/or 3rd party (serious impairment) cases. Others include 42 U.S.C. 1983 claims (civil rights), inverse condemnation claims, highway defect cases (mostly sidewalk trip and fall), contract and business cases.

17. The additional (roughly) 2,500 claims include, among other claims, trade claims, employee/labor/union claims and grievances, tax claims, workers compensation claims, and pension related claims. These additional claims are

being addressed by the City's law department in conjunction with the City's labor relations department, and retained professionals from Ernst & Young and Miller Canfield.

18. Since requesting the last extension, the City has filed the 54th through 62nd Omnibus Objections to Claims. [Doc. Nos. 12732, 12760, 12763, 12764, 12765, 12766, 12767, 12768 & 12769]. The Court sustained the 54th Omnibus Objection to Claims. [Doc. No. 12747]. The 55th through 62nd Omnibus Objections to Claims remain pending before the Court at this time. The 55th through 62nd Omnibus Objections to Claims seek to disallow and expunge approximately 320 litigation and litigation related claims.

19. The City has also entered into stipulations with several claimants resolving their claims and the Court entered orders approving those stipulations.[1] The City is also currently in negotiations with other claimants to resolve their claims without the need for this Court's involvement.

20. Further, as noted in the previous request for extension, the City executed a settlement agreement with plaintiffs in the Brown v. City of Detroit class action. There is a status conference set for May 23, 2018, with Judge Ludington to resolve certain final issues before the Court addresses the motion for preliminary approval of the settlement.

---

[1] *See* Orders approving stipulations resolving claims. Doc. Nos. 12729, 12731,

31387985.2\022765-00213

21. Despite this substantial progress, the City needs additional time to resolve the remaining claims. For many of the pre-petition litigation claims, the claimant filed only a proof of claim without more. There is no pending lawsuit or other reasonable or practical way for the City to ascertain or determine the basis for the claim. As a result, the City had no information whatsoever concerning the basis for the claim, and the City has had to start from square one to investigate. Even where a lawsuit had been initiated, many cases were filed shortly before the bankruptcy filing and little or no discovery had been conducted.

22. Under the Plan, the City is required to deal individually with each and every one of the roughly 3,900 pre-petition claims – by either negotiating a resolution, seeking a dismissal or expungement by this Court or litigating the claim in an appropriate forum. The City's priority has been to resolve and pay pre-petition claims for which the payment includes a cash component. Different types of claims include differing cash payouts; for example, first party motor vehicle claims require payment in full except as to interest and attorney fees. Claims that generally do not require any cash payout, such as highway defect claims, will in fact require a cash payout if they qualify as a "convenience claim." Specifically, the Plan provides that claims which would otherwise be subject to B-note treatment, if they are $25,000 or less (or voluntarily reduced to $25,000 or less),

---

12740, 12759.

will be paid at 25% in cash as a "convenience claim." The City's Corporation Counsel has worked cooperatively with the Detroit City Council to expedite, to the extent reasonably practicable, payment of cash portions of pre-petition settled claims.

23. In addition, in an effort to expedite resolution of pre-petition litigation claims, the City's lawyers have served (pursuant to the Court's ADR Order) "stay modification notices" for more than 900 pre-petition litigation claims. [Doc. No. 2302]. The City served an additional approximately 310 stay modification notices on or about July 28, 2017. The City believes that all claimants holding potentially unresolved proofs of claim have been served with stay modification notices. These stay modification notices require the claimant to promptly liquidate the claim in an appropriate forum. These notices have prompted the reopening of many lawsuits that were administratively closed during the bankruptcy; however, many claimants and/or their attorneys have not taken steps yet to pursue these cases. Consequently, the City objected to most of these claims in the 55th through 62nd Omnibus Objections.

24. The City is required to deal with numerous employee/union/labor claims which include hundreds of pre-petition grievances. These grievances and numerous other union disputes were not resolved in connection with negotiation of CBAs during the bankruptcy process and, instead, were left for the City to deal

31387985.2\022765-00213
13-53846-tjt    Doc 12779    Filed 05/11/18    Entered 05/11/18 10:43:55    Page 8 of 15

with after the Effective Date. The City's law and labor relations departments have resolved hundreds of grievance claims and are working diligently to resolve all such claims that are outstanding.

25. The City, with assistance of accounting professionals and outside counsel, has resolved the vast majority of the administrative and trade claims. The City is currently negotiating with several significant claimants with complex pre-petition claims, including the State of Michigan, in an effort to resolve claims without the necessity of litigation.

26. In addition to the approximately 3,900 pre-petition claims, the City's law department has received (and continues to receive) hundreds of post-petition claims to be handled in the ordinary course.

27. The extension of the Claims Objection Bar Date was already contemplated by the Plan, and will not prejudice any interested party. Instead, the extension will ensure that the City has sufficient time to limit or obtain disallowance of those Claims (or the appropriate portion thereof) for which the City is not liable, thereby preserving and maximizing value for creditors holding valid and allowed claims. The extension of the Claims Objection Bar Date will also enable the City to engage in meaningful negotiations to resolve claims consensually, thus avoiding unnecessary objections. Absent an extension, to avoid a deemed allowance of inappropriate and invalid claims, the City could be required

to file protective objections to many claims that otherwise might be resolved consensually.

28. Accordingly, an extension of the Claims Objection Bar Date is warranted and appropriate under the circumstances.

29. The City reserves its rights to seek additional extensions of the Claims Objection Bar Date if necessary or appropriate.

## NOTICE

30. The City has filed this Motion on an e*x parte* basis in accordance with Local Rule 9006-1. Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Motion need be given.

## SIX PRIOR REQUESTS FOR EXTENSION

31. As set forth above, the City has previously submitted, and been granted, six prior requests for extensions of the Claims Objection Bar Date.

WHEREFORE, the City respectfully requests that this Court enter an Order, substantially in the form annexed as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper.

Dated: May 11, 2018

        CITY OF DETROIT LAW DEPARTMENT

        By: */s/ Charles N. Raimi*
        Charles N. Raimi (P29746)
        Mary Beth Cobb (P40080)
        James Noseda (P52563)
        Attorneys for the City of Detroit
        2 Woodward Avenue, Suite 500
        Detroit, Michigan 48226
        Phone - (313) 237-5037/(313)
        Email - raimic@detroitmi.gov


        MILLER, CANFIELD, PADDOCK AND
        STONE, P.L.C.

        By: */s/ Marc N. Swanson*
        Jonathan S. Green (P33140)
        Marc N. Swanson (P71149)
        150 West Jefferson, Suite 2500
        Detroit, Michigan 48226
        Telephone: (313) 496-7591
        Facsimile: (313) 496-8451
        swansonm@millercanfield.com

        Co-Counsel for the City of Detroit,
        Michigan

# **EXHIBIT 1: PROPOSED ORDER**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | : | |
|---|---|---|
| In re | : | Chapter 9 |
| | : | |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 |
| | : | |
| Debtor | : | Judge Thomas J. Tucker |

## ORDER GRANTING THE *EX PARTE* MOTION OF THE CITY OF DETROIT FOR A SEVENTH EXTENSION OF THE CLAIMS OBJECTION BAR DATE

Upon consideration of the City's *Ex Parte* Motion for a Seventh Extension of the Claims Objection Bar Date, dated May 11, 2018 (Docket # [ ]), the "Motion"),[1] seeking entry of an order extending the Claims Objection Bar Date through and including December 7, 2018; and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the City, and its creditors; and it appearing that the Motion can be considered and this Order

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

granted on an *ex parte* basis pursuant to Local Rule 9006-1 and that no prior notice of the Motion or the entry of this Order need be given; and the Court finding that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1. The Motion is granted.

2. The Claims Objection Bar Date, as set forth in the Plan, including the deadline for the City to object to claims, is hereby extended from June 7, 2018 through and including December 7, 2018.

3. This Order is entered without prejudice to the rights of the City to request a further extension of the Claims Objection Bar Date.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | : | |
|---|---|---|
| In re | : | Chapter 9 |
| | : | |
| CITY OF DETROIT, MICHIGAN, | : | Case No. 13-53846 |
| | : | |
| Debtor | : | Judge Thomas J. Tucker |

# CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2018, I electronically filed *The City of Detroit's Ex Parte Motion for Seventh Extension of the Claims Objection Bar Date* (the "Motion") with the Clerk of the Court via the Court's ECF electronic filing system. The electronic filing system will serve notice to all ECF participants.

/s/ Marc N. Swanson
Marc N. Swanson