**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE:                                          Bankruptcy Case No. 13-53846

CITY OF DETROIT                                 Judge Thomas J. Tucker

_____DEBTOR_____                    Chapter 9

### SANDRA GUNTZVILLER'S RESPONSE TO DEBTOR'S FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

**NOW COMES** the Claimant, Sandra Guntzviller ("Ms. Guntzviller"), by her attorneys, WILLIAM R. ORLOW AND BOC LAW GROUP, P.C., GREG M. LIEPSHUTZ and LEVINE BENJAMIN, PC, in response to the Debtor's Fifty-Sixth Omnibus Objection to Certain Claims ("Claims Objection"), states as follows:

- On May 8, 2012, Ms. Guntzviller filed a complaint against Debtor alleging negligence and seeking recovery of benefits under Michigan's No-Fault Act. **(Exhibit A, Plaintiff's First Amended Complaint 2012).** Ms. Guntzviller's initial claim against Debtor was stayed following Debtor's Chapter 9 bankruptcy filing on July 18, 2013. This claim was never reinstated following Debtor's emergence from bankruptcy.

- On January 26, 2017, Ms. Guntzviller filed a second complaint against Debtor alleging liability under Michigan's No-Fault Act. This claim is currently awaiting a decision on appeal. **(Exhibit B, Plaintiff's 2017 Complaint).**

1

- In its Claims Objection, Debtor seeks to disallow and expunge Ms. Guntzviller's initial 2012 claim due to her alleged abandonment of and failure to prosecute said claim. **(Exhibit C, Debtor's Fifty-Sixth Omnibus Objection to Certain Claims).**

- For the reasons set forth in detail below, Ms. Guntzviller requests that the Court overrule Debtor's Claims Objection and to reinstate her initial 2012 claim alleging negligence and seeking recovery of benefits under Michigan's No-Fault Act.

## JURISDICTION AND VENUE

- Ms. Guntzviller concedes to the issue regarding the Court's jurisdiction over this matter and the propriety of venue as set forth in paragraph 1 of the Claims Objection.

## FACTUAL BACKGROUND

- On or about May 12, 2011, Ms. Guntzviller was attempting to board a City of Detroit bus No. 1009 when the bus driver, Andre George, either negligently or intentionally pushed her off. **(Exhibit D, Plaintiff's Initial 2012 Complaint).**

- As a result of the aforementioned incident, Ms. Guntzviller suffered severe and disabling injuries, including five broken ribs, a collapsed lung, scarring, pain and suffering, and mental anguish. *Id.*

- On March 16, 2012, Ms. Guntzviller filed a complaint against the City of Detroit Department of Transportation and John Doe, the unnamed bus

2

driver involved in the incident at issue, seeking damages for negligence and benefits under Michigan's No-fault Act. *Id.*

- On May 8, 2012, Ms. Guntzviller filed an amended complaint in which the City of Detroit was joined as a defendant. **(Exhibit A).**

- On July 18, 2013, before the opportunity for discovery proceedings, Debtor filed a petition to commence Chapter 9 bankruptcy protection, thus instituting an automatic stay on all claims, including Ms. Guntzviller's. **(Exhibit E, Notice of Suggestion of Pendency of Bankruptcy Case and Application of the Automatic Stay).**

- On November 21, 2013, this Court issued an order establishing a deadline for claimants to file proofs of claim ("Bar Date Order") asserting prepetition liabilities against Debtor. The deadline to file proofs of claim was February 21, 2014 at 4:00 p.m. **(Exhibit C).**

- On December 24, 2013, this Court entered an order approving Alternative Dispute Resolution ("ADR") Procedures so as to provide for expeditious and economical resolution of the numerous claims pending against Debtor. *Id.*

- On January 26, 2017, Ms. Guntzviller filed a second complaint against Debtor alleging liability and seeking additional recovery under Michigan's No-Fault Act. Ms. Guntzviller also sought to have her initial 2012 claim joined with her 2017 claim. **(Exhibit B).**

- On July 19, 2014, this Court entered an order allowing Debtor "to file

omnibus objections with respect to claims that do not identify a valid basis for any liability of the City" ("Claims Procedures Order"). **(Exhibit C).**

- On April 18, 2018, Debtor filed its Fifty-Sixth Omnibus Objection to Certain Claims so as to have certain pending claims against Debtor, including Ms. Guntzviller's claim, disallowed and expunged for failure to "liquidate his or her claim" pursuant to the established ADR Procedures. *Id.*

### RESPONSE TO OBJECTION

- Debtor's objection is grounded on the Bar Date Order, 11 U.S.C. § 502(b), Rule 3007(c) of the Federal Rules of Bankruptcy Procedures, and the Claims Procedures Order. *Id.*

- According to Debtor, Ms. Guntzviller's 2012 claim should be disallowed and expunged because of her abandonment of and failure to prosecute said claim. Debtor argues that Ms. Guntzviller failed to liquidate her claim pursuant to the ADR Procedures approved by this Court. *Id.*

- Contrary to Debtor's claim that Ms. Guntzviller failed to prosecute her claim in accordance with the approved ADR Procedures, Ms. Guntzviller was actually unable to prosecute her claim due to the fact that her case was automatically stayed due to Debtor's bankruptcy petition and she never had an opportunity to engage in discovery proceedings. Thus, Ms. Guntzviller was not even able to submit proof of her claim by the date set according to the Bar Date Order because only through discovery would

4

she have been able to accurately calculate its value.

- Furthermore, it cannot be said that Ms. Guntzviller had "abandoned" her claim due her initiation of her new 2017 claim for No-Fault benefits in an effort to, not only seek additional recovery, but also have her old 2012 claim joined with it.  **(Exhibit B).**

- Ms. Guntzviller's counsel has enjoyed similar success in prosecuting a pending claim against Debtor in the case of *Melissa Perez v. City of Detroit* when the Honorable Judge Lita Masini Popke permitted Melissa Perez's 2013 claim to be joined with her 2016 claim against Debtor. **(Exhibit F, Stipulated Order to Consolidate Cases as to Damages).**

**WHEREFORE**, for all of the foregoing reasons, Claimant, Sandra Guntzviller, respectfully requests that this Court overrule Debtor's objection to her claim and allow her 2012 claim to be reinstated so that damages may be pursued as originally intended.

Respectfully submitted,

LEVINE BENJAMIN, P.C.

/s/ Greg M. Liepshutz (P37573)
Attorney for Plaintiff
100 Galleria Officentre, Suite 411
Southfield, MI 48034
(248) 352-5700; Fax: (248) 352-1312
gliepshutz@levinebenjamin.com

BOC LAW GROUP, P.C.

/S/ William R. Orlow  (P41634)
Co-Counsel for Claimant

5

24100 Woodward Avenue
Pleasant Ridge, MI 48069
248-584-2100; Fax: 248-584-1750
bocecf@boclaw.com

Dated: May 16, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Suzanne McCarrey_____
LEVINE BENJAMIN, P.C.
100 Galleria Officentre, Suite 411
Southfield, MI  48034
(248) 352-5700 / (248) 352-1312 - fax
smccarrey@levinebenjamin.com

# EXHIBIT A

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SANDRA GUNTZVILLER,

Plaintiff,

-vs-

CITY OF DETROIT, CITY OF DETROIT
DEPARTMENT OF TRANSPORTATION,
and JOHN DOE,

Defendants.

_____/

GUNTZVILLER, SANDRA v CITY OF DET
Hon. Susan D. Borman          03/28/2012

12-004233-NO

GREG M. LIEPSHUTZ (P37573)
Attorneys for Plaintiff
LEVINE BENJAMIN, P.C.
100 Galleria Officentre, Suite 411
Southfield, Michigan 48034
(248) 352-5700   (248) 352-5700 Fax

_____/

### PLAINTIFF'S FIRST AMENDED COMPLAINT

**NOW COMES** Plaintiff, SANDRA GUNTZVILLER, by and through her

attorneys GREG M. LIEPSHUTZ and LEVINE BENJAMIN, P.C. and for her

Complaint against Defendants, CITY OF DETROIT, CITY OF DETROIT

DEPARTMENT OF TRANSPORTATION, and JOHN DOE states as follows:

      1.     That the Plaintiff, SANDRA GUNTZVILLER, is a resident of the City of

Redford, County of Wayne and the State of Michigan.

      2.     Defendant, CITY OF DETROIT is a municipal corporation located in the

County of Wayne, State of Michigan.

      3.     That Defendant, CITY OF DETROIT DEPARTMENT OF



Law Firm
evine Benjamin

) Galleria Officentre
te 411
uthfield, Michigan 48034
248-352-5700
: 248-352-1312



TRANSPORTATION is a sub unit of the City of Detroit, located in the County of Wayne, State of Michigan.

4. That Defendant JOHN DOE is an employee and agent of the Co-Defendant, CITY OF DETROIT DEPARTMENT OF TRANSPORTATION, and is a CITY OF DETROIT DEPARTMENT OF TRANSPORTATION bus driver.

5. That on or about May 12, 2011, the Plaintiff was attempting to get on Bus No. 1009, driven by Co-Defendant JOHN DOE.

6. That Co-Defendant JOHN DOE refused to let the Plaintiff enter the bus and either negligently or intentionally pushed her off the bus.

7. That Defendants CITY OF DETROIT DEPARTMENT OF TRANSPORTATION and JOHN DOE owed a duty to refrain from conduct that could cause injury to Plaintiff.

8. That Defendants CITY OF DETROIT DEPARTMENT OF TRANSPORTATION and JOHN DOE breached said duty either negligently or intentionally by:

    a.    pushing the Plaintiff off the bus;

    b.    failure to properly train JOHN DOE;

    c    failure to fully investigate a prior complaint made by Plaintiff against JOHN DOE.

9. That the conduct of Defendant, John Doe, which was willful and wanton, constitutes gross negligence.



Law Firm
evine Benjamin

) Galleria Officentre
te 411
)thfield, Michigan 48034
248-352-5700
: 248-352-1312



10. That as a proximate result of the Defendants' conduct and breach of duty, and gross negligence, Plaintiff sustained severe and disabling injuries and damages, including:

        a.     five broken ribs;

        b.     collapsed lung;

        c.     scarring;

        d.     pain and suffering;

        e.     mental anguish;

        f.     medical bills and services under the Michigan No-Fault Act;

        g.     Plaintiff's injuries constitute a serious impairment of body function and/or disfigurement.

9. Other miscellaneous damages which exceed $25,000.00 and exemplary damages.

**WHEREFORE,** the Plaintiff, SANDRA GUNTZVILLER, prays that Judgment be entered in her favor and against the Defendants, CITY OF DETROIT, CITY OF DETROIT DEPARTMENT OF TRANSPORTATION and JOHN DOE, in whatever amount she is found to be entitled, in addition to costs, interest and attorneys fees.

Respectfully Submitted,

LEVINE BENJAMIN, P.C.

By: _____

GREG M. LIEPSHUTZ (P37573)
Attorneys for Plaintiff
100 Galleria Officentre, Suite 411
Southfield, Michigan 48034
(248) 352-5700

Dated:    May 8, 2012

Levine Benjamin Law Firm

00 Galleria Officentre
uite 411
outhfield, Michigan 48034
el: 248-352-5700
ax: 248-352-1312

# EXHIBIT B

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SANDRA GUNTZVILLER,

Plaintiff,

vs.

CITY OF DETROIT,

Defendant.

Case No. 17-    NO
Hon.

17-001950-NO
FILED IN MY OFFICE
WAYNE COUNTY CLERK
1/26/2017 3:30:01 PM
CATHY M. GARRETT

_____/

GREG LIEPSHUTZ (P37573)
Attorney for Plaintiff
LEVINE BENJAMIN, P.C.
100 Galleria Officentre, Suite 411
Southfield, Michigan 48034
(248) 352-5700 Fax: (248) 352-1312
gliepshutz@levinebenjamin.com

_____/

There is a civil action between these parties or other parties arising out of the transaction or
occurrence alleged in the complaint that has been previously filed in the Wayne County Circuit
Court. The docket number and assigned Judge were 2012-004233-NO; Hon. Susan D. Borman

## **COMPLAINT**

**NOW COMES** Plaintiff, SANDRA GUNTZVILLER, by and through her

attorneys GREG M. LIEPSHUTZ and LEVINE BENJAMIN, P.C. and for her

Complaint against the Defendant, CITY OF DETROIT, states as follows:

1.    That Plaintiff, SANDRA GUNTZVILLER, is a resident of the City of

Redford, County of Wayne, and State of Michigan.

2.    That Defendant, CITY OF DETROIT, is a municipal corporation in

good standing and continuously doing business in and throughout the State of

Michigan, including the County of Wayne.



Law Firm
Levine Benjamin

)0 Galleria Officentre
uite 411
outhfield, Michigan 48034
l: 248-352-5700
ix: 248-352-1312

3. That the amount in controversy exceeds the sum of Twenty-Five Thousand Dollars ($25,000.00), exclusive of costs, interest and attorney fees.

4. That on or about May 12, 2011, the Plaintiff, SANDRA GUNTZVILLER, was involved in a motor vehicle accident.

5. That on said date of the aforementioned accident, the Defendant, CITY OF DETROIT, was Plaintiff's No-Fault automobile insurer.

6. The Defendant, CITY OF DETROIT, was to pay the Plaintiff personal injury protection benefits for accidental bodily injury, including all medical; expenses reasonably incurred, wage loss, and replacement services pursuant to the Michigan No-Fault Insurance Act, MCLA 500.3101 et seq.

7. That Plaintiff, SANDRA GUNTZVILLER, has prayed for personal injury protection benefits from the Defendant, CITY OF DETROIT, but the Defendant has wrongfully terminated and refused to make continued payments properly deemed and owing pursuant to the contract of insurance and under the "No-Fault" Act .

8. That Plaintiff has filed an Application for Benefits and proof of loss for medical expenses, wage loss, and other services.

9. That as a direct and proximate result of the aforementioned accident, Plaintiff, SANDRA GUNTZVILLER, sustained severe injuries to her body, which requires ongoing medical treatment.

10. That under the "No-Fault" Act, the Defendant, CITY OF DETROIT, is liable for medical expenses, wage loss, personal property damages, attendant care, and replacement services incurred by Plaintiff, SANDRA GUNTZVILLER, as a result of the aforementioned incident.



Law Firm
Levine Benjamin

)0 Galleria Officentre
uite 411
outhfield, Michigan 48034
l: 248-352-5700
ax: 248-352-1312

**WHEREFORE,** the Plaintiff SANDRA GUNTZVILLER prays that Judgment be entered in her favor and against the Defendant, CITY OF DETROIT, in whatever amount she is found to be entitled, in addition to costs, interest and attorney fees; further Plaintiff requests that the prior action be joined with this matter.

Respectfully submitted,

LEVINE BENJAMIN, P.C.

/s/ Greg M. Liepshutz  P37573
Attorney for Plaintiff
LEVINE BENJAMIN, P.C.
100 Galleria Officentre, Suite 411
Southfield, MI  48034
(248) 352-5700  Fax: (248) 352-1312
gliepshutz@levinebenjamin.com

Dated: January 26, 2017



Law Firm
Levine Benjamin

0 Galleria Officentre
ite 411
outhfield, Michigan 48034
l: 248-352-5700
x: 248-352-1312

# EXHIBIT C



City of Detroit, Michigan
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

PRF 87400***   11702113          000037

Guntzviller, Sandra
27700 Northwestern Hwy
Suite 411
Southfield MI 48034

RECEIVED

MAY 10 2018

LEVINE BENJAMIN

to  Dinklemn



# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DEBTOR'S FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

**(No Valid Basis for any Liability of the City)**

> **THIS OBJECTION SEEKS TO MODIFY, DISALLOW AND/OR EXPUNGE CERTAIN FILED PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD CAREFULLY REVIEW THIS OBJECTION AND LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBIT ATTACHED TO THIS OBJECTION.**

The Debtor, the City of Detroit ("City"), by and through its undersigned counsel, files this objection ("Objection") requesting that the Court enter an order, substantially in the form attached as Exhibit 1, disallowing and expunging each of the claims identified on Exhibit 2 because each such claim does not identify a valid basis for any liability of the City. In support of this Objection, the City respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII, Section A of the Plan (defined below). This is a

- 1 -

5. Paragraph 10 of the ADR Order states

> If the Stay/Injunction is modified as a result of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in [. . .] such other non-bankruptcy forum selected by the Designated Claimant . . . .

6. Each Stay Modification Notice emphasized:

> Note that, if you do not promptly proceed with the prosecution of the Claim(s) in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim(s).

*E.g.*, Stay Modification Notice, Doc. No. 9716, p. 4.

7. The ADR Procedures contain a procedure for their enforcement:

> If a Designated Claimant fails to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or an abandonment of or failure to prosecute the Designated Claim, or both. Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees and costs to the City.

ADR Procedures, Section II.G.

8. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving*

- 3 -

**RELIEF REQUESTED**

13. The City files this Objection pursuant to the Bar Date Order, Section 502(b) of the Bankruptcy Code,[1] Rule 3007(c) of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules"), and the Claims Procedures Order, seeking entry of an order disallowing and expunging each of the claims identified on Exhibit 2 because each claimant has violated ADR Order. Under the ADR Order, each claim should be disallowed and expunged because each claimant has abandoned and failed to prosecute his or her respective claim.

14. The City filed a Stay Modification Notice against each claimant no less than eight months ago. Once a claimant has been served with a Stay Modification Notice, the ADR Order mandates that the claimant must proceed to liquidate his or her claim. ADR Order, ¶ 10 (noting that liquidation "shall proceed"). None of the claimants took the necessary steps to liquidate the claim. After more than eight months (and, in many instances, years) of inaction, the claimants "[have] fail[ed] to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures . . . ." ADR Procedures, Section II.G. As such, the Court "may, among other things, disallow and expunge the [Claimants'] Claim[s] . . . . or grant such

---

[1] Section 502 of the Bankruptcy Code applies to Chapter 9 proceedings pursuant to Section 901(a) of the Bankruptcy Code.

claims identified on Exhibit 2 do not identify a valid basis for any liability of the City. *See* Exhibit 3, *Declaration.*

19.   The Claims Procedures Order and Bankruptcy Rule 3007(c) allow the City to file this Objection as an omnibus objection.   Specifically, Bankruptcy Rule 3007(c) authorizes the Court to allow for omnibus objections beyond those circumstances itemized in Bankruptcy Rule 3007(d), and the Claims Procedures Order expressly permits the City to file omnibus objections with respect to claims that do not identify a valid basis for any liability of the City.   Claims Procedures Order at 2.

20.   This Court has the authority to enter an order approving this Objection.   Moreover, the streamlined process afforded by an omnibus objection (in lieu of individual objections to each of the claims identified on Exhibit 2) will result in material costs savings that will inure to the benefit of the City. Accordingly, the City believes that the relief sought by this Objection is in the best interests of the City and its creditors.

21.   Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed as Exhibit 1, expunging and disallowing each of the claims identified on Exhibit 2. Accordingly, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(c), the Court should grant the relief requested.

31167884.1\022765-00213

## NOTICE

24. The City has provided notice of this Objection to each of the claimants identified on Exhibit 2 at the address set forth by each of the claimants on its respective proof of claim, and all other parties who have requested notice pursuant to Bankruptcy Rule 2002. Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Objection need be given.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as the Court may deem just and proper.

31167884.1\022765-00213



# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF DEBTOR'S FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (No Valid Basis for any Liability of the City)

> **PLEASE CAREFULLY REVIEW THIS OBJECTION AND THE ATTACHMENTS HERETO TO DETERMINE WHETHER THIS OBJECTION AFFECTS YOUR CLAIMS(S).**

**PLEASE TAKE NOTICE THAT** the City of Detroit ("City") has filed an objection to your claim because it does not identify a valid basis for any liability of the City ("Fifty-Sixth Omnibus Objection") and, therefore, your claim should be disallowed and expunged.

**YOUR CLAIM MAY BE REDUCED, MODIFIED OR ELIMINATED PURSUANT TO FED. R. BANKR. P. 3007(e)(1) AND PRIOR ORDERS OF THIS COURT. YOU SHOULD CAREFULLY REVIEW EXHIBIT 2 OF THE FIFTY-SIXTH OMNIBUS OBJECTION TO FIND YOUR NAME AND CLAIM. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE.**

If you do not want the Court to eliminate or change your claim, or grant the relief requested in the Fifty-Sixth Omnibus Objection, then on or before **May 16, 2018**, you or your lawyer must:

1.     File with the Court, at the address below, a written response to the objection. Unless a written response is filed and served by the date stated above, the Court may decide that you do not oppose the objection to your claim.



# EXHIBIT 1: PROPOSED ORDER

given; and a hearing on the Objection having been held before the Court; and any objections or other responses to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1.     The Objection is sustained.

2.     Each of the proofs of claim listed on Exhibit 2 annexed to the Objection is hereby disallowed and expunged in its entirety, pursuant to Section 502(b) of the Bankruptcy Code.

3.     The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4.     The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5.     Each claim and the objections by the City to each claim as addressed in the Objection and set forth on Exhibit 2 constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed and constitute a separate order with respect to each such claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to such claim, and the Court expressly determines that there is no just

# EXHIBIT 2: CLAIMS

| | | Contingent/Unliquidated per court order [Doc. No. 5586] | | |
|---|---|---|---|---|
| 2846 | Edith Woodberry | | | 10192 |
| 2215 | Elite Chiropractic Center, P.C. | $2,630.00 | General Unsecured | 12183 |
| 1480 | Ellis, Anthony and Posner, Posner and Posner attorneys | $15,000.00 | General Unsecured | 12140 |
| 1733 | Eric Kimbrough | $90,000.00 | General Unsecured | 12152 |
| 2814 | Estate of Jo Ella Purdue | $250,000.00 | General Unsecured | 6493 |
| 1935 | Foster, Fonda | $7,880.00 | General Unsecured | 8342 |
| 2129 | Genesis Physicians Group, PLLC (Arnold Coleman) | $3,080.00 | General Unsecured | 12178 |
| 615 | Gloria Stokes | $31,200.00 | Secured | 11531 |
| 1349 | Godboldo, Maryann | $2,500,000.00 | General Unsecured | 12117 |
| 1025 | Gracel Harris | $12,835.00 | General Unsecured | 7490 |
| 2943 | Great Lakes Professional Services, LLC d/b/a Docs Physical Therapy & Rehab Center | $75,670.00 | General Unsecured | 8631, 8343 |
| 2037 | Guntzviller, Sandra | $60,000.00 | General Unsecured | 9428 |
| 1916 | Harbert Jones | $7,500.00 | General Unsecured | 6316 |
| 285 | Hardricks, Elijah | $750,000.00 | General Unsecured | 8580 |
| 1575 | Harris-barnes, Jennifer | $3,000,000.00 | General Unsecured | 10253 |
| 1574 | Hassan, Henry | $5,000,000.00 | General Unsecured | 10254 |
| 1391 | Hodo, Stefron | $25,000.00 | General Unsecured | 8826 |
| 1785 | Jaida Williams | $25,000.00 | General Unsecured | 7514 |
| 1603 | Jay Woods | $210,750.00 | General Unsecured | 9062 |
| 672 | Jbahi, Ibraham K. | $103,151.20 | General Unsecured | 8549 |

31167884.1\022765-00213

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DECLARATION OF CHARLES RAIMI IN SUPPORT OF DEBTOR'S FIFTY-SIXTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

### (No Valid Basis for any Liability of the City)

I, Charles Raimi, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information and belief:

1. I am Deputy Corporation Counsel for the City of Detroit ("City"). Unless otherwise stated in this Declaration, I have personal knowledge of the facts set forth herein.

2. The City's ongoing claims reconciliation process involves the collective effort of a team of employees assembled from personnel specifically familiar with the operations and liabilities of the City. This team works together and in conjunction with City's counsel, the City's financial advisor, and the City's claims agent, to review proofs of claim filed against the City.



# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 18, 2018 he electronically filed the foregoing Omnibus Objection to Certain Claims (the "Omnibus Objection") with the Clerk of the Court which sends notice by operation of the Court's electronic filing service to all ECF participants registered to receive notice in this case. The City has engaged a Noticing Agent, which will serve the Omnibus Objection on the Claimants listed therein at the address set forth by each of the claimants on its respective proof of claim and on all parties requesting notices listed on the Master Service List, and file a subsequent Proof of Service after it has performed the service.

DATED: April 18, 2018

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

# EXHIBIT D

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

SANDRA GUNTZVILLER,

Plaintiff,

Case No. 2012      NO
Hon.

-vs-

CITY OF DETROIT DEPARTMENT
OF TRANSPORTATION,
and JOHN DOE,

Defendants.

_____/

GREG M. LIEPSHUTZ (P37573)
Attorneys for Plaintiff
LEVINE BENJAMIN, P.C.
100 Galleria Officentre, Suite 411
Southfield, Michigan 48034
(248) 352-5700  (248) 352-5700 Fax

_____/

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a judge in this court

## **COMPLAINT**

**NOW COMES** Plaintiff, SANDRA GUNTZVILLER, by and through her

attorneys GREG M. LIEPSHUTZ and LEVINE BENJAMIN, P.C. and for her

Complaint against Defendants, CITY OF DETROIT DEPARTMENT OF

TRANSPORTATION, and JOHN DOE states as follows:

1.     That the Plaintiff, SANDRA GUNTZVILLER, is a resident of the

City of Redford, County of Wayne and the State of Michigan.

2.     That Defendant CITY OF DETROIT DEPARTMENT OF

TRANSPORTATION is a municipal corporation located in the County of Wayne, State of Michigan.

    3      That Defendant JOHN DOE is an employee and agent of the Co-Defendant, CITY OF DETROIT DEPARTMENT OF TRANSPORTATION, and is a CITY OF DETROIT DEPARTMENT OF TRANSPORTATION bus driver.

    4.      That on or about May 12, 2011, the Plaintiff was attempting to get on Bus No. 1009, driven by Co-Defendant JOHN DOE.

    5.      That Co-Defendant JOHN DOE refused to let the Plaintiff enter the bus and either negligently or intentionally pushed her off the bus.

    6.      That Defendants CITY OF DETROIT DEPARTMENT OF TRANSPORTATION and JOHN DOE owed a duty to refrain from conduct that could cause injury to Plaintiff.

    7.      That Defendants CITY OF DETROIT DEPARTMENT OF TRANSPORTATION and JOHN DOE breached said duty either negligently or intentionally by:

        a.      pushing the Plaintiff off the bus;

        b.      failure to properly train JOHN DOE;

        c       failure to fully investigate a prior complaint made by Plaintiff against JOHN DOE.

    8.      That as a proximate result of the Defendants' conduct and breach of duty, Plaintiff sustained severe and disabling injuries and damages, including:

      a.      five broken ribs;

      b.      collapsed lung;

      c.      scarring;

      d.      pain and suffering;

      e.      mental anguish;

      f.      medical bills and services under the Michigan No-Fault Act;

      g.      Plaintiff's injuries constitute a serious impairment of body function and/or disfigurement.

9.      Other miscellaneous damages which exceed $25,000.00 and exemplary damages.

**WHEREFORE,** the Plaintiff, SANDRA GUNTZVILLER, prays that Judgment be entered in her favor and against the Defendants, CITY OF DETROIT DEPARTMENT OF TRANSPORTATION and JOHN DOE, in whatever amount she is found to be entitled, in addition to costs, interest and attorneys fees.

Respectfully Submitted,

LEVINE BENJAMIN, P.C.

By:   _____
       GREG M. LIEPSHUTZ (P37573)
       Attorneys for Plaintiff
       100 Galleria Officentre, Suite 411
       Southfield, Michigan 48034

Dated:     March 16, 2012       (248) 352-5700

# EXHIBIT E

SANDRA GUNTZVILLER,

     Plaintiff,

v.

**Case NO: 13-001547 NO**
**HON: SUSAN BORMAN**

CITY OF DETROIT AND
ANDRE GEORGE,

     Defendants.

13-001547-NO
FILED IN MY OFFICE
WAYNE COUNTY CLERK
7/24/2013 9:43:51 AM
CATHY M. GARRETT

LEVINE BENJAMIN, PC.
Greg M. Liepshutz (P37573)
Attorneys for Plaintiff
100 Galleria OfficeCentre, Ste 411
Southfield, MI 48034
(248) 352-5700
(248) 352-1312- Fax
gliepshutz@yahoo.com

CITY OF DETROIT LAW DEPARTMENT
Kimberly A. James (P56410)
Francesdane M. Embry-Barnes (P61574)
Attorneys for Defendant City of Detroit
2 Woodward Avenue, Ste. 500
Detroit, MI 48226
(313) 237-5063
(313) 224-5505-Fax
jamek@fdetroitmi.gov

## NOTICE OF SUGGESTION OF PENDENCY OF
## BANKRUPTCY CASE AND APPLICATION OF THE AUTOMATIC STAY

**PLEASE TAKE NOTICE THAT**, on July 18, 2013 (the "Petition Date"), the City

of Detroit, Michigan (the "City") filed a petition for relief under Chapter 9 of Title 11 of the

United States Code (the "Bankruptcy Code"). The City's bankruptcy case is captioned

*In re City of Detroit, Michigan*, Case No. 13-53846, (Bankr. E.D. Mich.) (the "Chapter 9

Case"), and is pending in the United States Bankruptcy Court for the Eastern District of

Michigan (the "Bankruptcy Court"). A copy of the voluntary petition filed with the

Bankruptcy Court commencing the Chapter 9 Case is attached hereto as Exhibit A.

{K:\DOCS\LIT\jamesk\a20000\misc\KAJ1143.DOC}

**PLEASE TAKE FURTHER NOTICE THAT**, in accordance with the automatic stay imposed by operation of sections 362 and 922 of the Bankruptcy Code (the "Stay"), from and after the Petition Date, no act to (i) exercise control over property of the City or (ii) collect, assess or recover a claim against the City and/or its employees that arose before the commencement of the Chapter 9 Case may be commenced or continued against the City and/or its employees without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

**PLEASE TAKE FURTHER NOTICE THAT**, in accordance with the Stay, from and after the Petition Date, no cause of action arising prior to, or relating to the period prior to, the Petition Date may be commenced or continued against (i) the City and/or its employees, in any judicial, administrative or other action or proceeding, or (ii) an officer or inhabitant of the City, in any judicial, administrative or other action or proceeding that seeks to enforce a claim against the City and/or its employees , and no related judgment or order may be entered or enforced against the City and/or its employees outside of the Bankruptcy Court without the Bankruptcy Court first issuing an order lifting or modifying the Stay for such specific purpose.

**PLEASE TAKE FURTHER NOTICE THAT** actions taken in violation of the Stay, and judgments or orders entered or enforced against the City and/or its employees , or its officers or inhabitants to enforce a claim against the City and/or its employees , while the Stay is in effect, are void and without effect.

**PLEASE TAKE FURTHER NOTICE THAT** neither the Bankruptcy Court nor the United States District Court for the Eastern District of Michigan has issued an order lifting or modifying the Stay for the specific purpose of allowing any party to the above-

{K:\DOCS\LIT\jamesk\a20000\misc\KAJ1143.DOC}

captioned proceeding to commence or continue any cause of action against the City and/or its employees, or its officers or inhabitants. As such, the above-captioned proceeding may not be prosecuted, and no valid judgment or order may be entered or enforced against the City, and/or its employees or its officers or inhabitants.

**PLEASE TAKE FURTHER NOTICE THAT**, in light of the foregoing, the City will not defend against, or take any other action with respect to, the above-captioned proceeding while the Stay remains in effect.

**PLEASE TAKE FURTHER NOTICE THAT** the City hereby expressly reserves all rights with respect to the above-captioned proceeding, including, but not limited to, the right to move to vacate any judgment entered in the above-captioned proceeding as void.

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing instrument was served on the attorney(s) of record of all parties to the above cause by mailing same to them at their respective addresses as disclosed by the pleading of record herein, with postage fully prepaid thereon: July 24, 2013

The statement above is true to the best of my knowledge, information and belief.

*Kimberly A. James*
Kimberly A. James

/s/ *Kimberly A. James*
**Kimberly A. James** P56410
Attorney for Defendant City
City of Detroit Law Department
2 Woodward Ave., 5th Fl.
Detroit, MI 48226
(313) 224-4550

---

Dated: July 24, 2013

{K:\DOCS\LIT\jamesk\a20000\misc\KAJ1143.DOC}

# EXHIBIT F

FILED IN MY OFFICE
WAYNE COUNTY CLERK
5/1/2017 2:40:16 PM
CATHY M. GARRETT
/s/ Marciana Lawrence

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

MELISSA PEREZ,

     Plaintiff,

-vs-

                                No: 2013-006219-NF
                                Hon. Lita Masini Popke

CITY OF DETROIT, a municipal
entity and/or corporation,

                                           13-006219-NF

     Defendant.

---

GREG M. LIEPSHUTZ (P37573)        ROBYN J. BROOKS (P47787)
Attorney for Plaintiff                Attorney for Defendant
LEVINE BENJAMIN              City of Detroit Law Department
100 Galleria Officentre, Suite 411    2 Woodward Avenue
Southfield, MI 48034            Detroit, MI 48226
(248) 352-5700 Fax (248) 352-1312  (313) 237-3049 Fax (313) 224-5505
gliepshutz@yahoo.com          broor@detroitmi.gov

---

### STIPULATED ORDER TO CONSOLIDATE CASES
### AS TO DAMAGES

At a session of said Court held in the County
of Wayne and State of Michigan,
on      5/1/2017

PRESENT:  HONORABLE  LITA M POPKE
                             Circuit Court Judge

Pursuant to MCR 2.119(D);

Upon the Plaintiff filing a Motion to Reopen case and oral argument being heard,

IT IS HEREBY ORDERED that Plaintiff shall be allowed to present any damages

from Case No. 2013-006219-NF in Case No. 2016-007170-NF.

                              /s/ Lita M. Popke

                              CIRCUIT JUDGE

Levine Benjamin
Law Firm

100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312

I HEREBY STIPULATE TO THE
ENTRY OF THE ABOVE ORDER:


/s/ GREG LIEPSHUTZ P37573
Attorney for Plaintiff


/s/ Robyn J. Brooks P47787      **with consent**
Attorney for Defendant



100 Galleria Officentre
Suite 411
Southfield, Michigan 48034
Tel: 248-352-5700
Fax: 248-352-1312