# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No: 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor | Chapter 9 |

## RESPONSE TO DEBTOR'S SIXTY-SECOND OMNIBUS OBJECTION TO CERTAIN CLAIMS

Debtor alleges that Designated Claimant abandoned the claim or failed to negotiate in good faith or cooperate with the City. Designated Claimant asks this court to deny Debtor's Sixty-Second Omnibus Objection to Certain Claims for the following reasons.

1. The ADR Procedures enforcement procedures require that Claimant "negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures. Designated Claimant has met this requirement.

2. The City of Detroit failed to negotiate in good faith. Shortly after this court upheld my objection to the discharge of the City's obligation to pay just compensation, an attorney representing the City of Detroit approached me regarding negotiations to settle this claim. Designated Claimant engaged in good faith negotiation with the City of Detroit attorney regarding the resolution of this claim.

3. During the course of negotiation, the City of Detroit attorney left the City for other employment and advised Designated Claimant that his successor would contact Designated Claimant regarding further negotiation.

4. To date, the City of Detroit has not identified to Designated Claimant who the successor attorney is and no one else from the City of Detroit has contacted Designated Claimant for further negotiation.

5. There has been no abandonment of the claim or failure to prosecute the claim by Designated Claimant. Rather, the City of Detroit has failed to negotiate in good faith or cooperate with Designated Claimant as may be necessary to effectuate the ADR Procedures.

6. In addition, this claim presents the question of whether the Bankruptcy Court can lawfully discharge in bankruptcy the U.S. Constitutional requirement that the City pay just compensation for the Designated Claimant's property that the City took via eminent domain.

7. The Fifth Amendment of the United States Constitution in pertinent part states no person shall be "deprived of life, liberty, or property without due process of law" . . . "nor shall private property be taken for public use without just compensation."

8. The City of Detroit's obligation to pay just compensation cannot be discharged in a bankruptcy proceeding. The payment of just compensation is mandated by the United States Constitution.

9. The Bankruptcy Court has wide latitude with regard to this claim. The Bankruptcy Court, per ADR Procedure, may among other things, grant such other or further remedy deemed just and appropriate. A possible just resolution is to require the City to return to the Designated Claimant property taken. The return of the property is a more equitable and lawful resolution than discharging the debt.

WHEREFORE, Designated Claimant respectfully requests that this Court deny the City's request for the Order Sustaining Debtor's Sixty-Second Omnibus Objection to Certain Claims, attached as Exhibit 1.

Respectfully submitted,
Designated Claimants, In pro per

_____      _____
GARFIELD WOODBURY            CRANSTON WOODBURY

_____      _____
KENNY MABIN                 HAPPY WOODBURY

_____      _____
PENNY MABIN                 PHEBE WOODBURY

_____      _____
CAVEL WOODBURY            S. RAVAN WOODBURY

_____      _____
ROGER MABIN                 CAVEL WOODBURY JR

_____
LASEFF WOODBURY

**DECLARATION/AFFIDAVIT OF EDITH WOODBERRY**

I, Edith Woodberry, do hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief.

1. I am the owner of the property that the City took by eminent domain and is now attempting to have the City's obligation to pay just compensation discharged in bankruptcy.

2. Shortly after this court upheld my objection to the discharge of the City's obligation to pay just compensation, an attorney representing the City of Detroit approached me regarding negotiations to settle this claim.

3. I met with the City's attorney in person at his office for preliminary negotiation and document exchange.

4. During this meeting, the City attorney informed me that in approximately one week he would no longer be working for the City and that his successor would contact me regarding further negotiation and settlement.

5. To date, no one from the City of Detroit Law Department has contacted me regarding further negotiation and settlement.

6. No one has been identified as the successor attorney.

7. I have not abandoned my claim or refused to negotiate with the City.

8. I attempted to review the bankruptcy file to provide further proof. The bankruptcy clerk told me that the file could not be accessed because the file was under the exclusive control of the City of Detroit's attorney.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true, and correct to the best of my knowledge and belief.

Subscribed and sworn to
before me on May 16, 2018
**Candy Foster**
**Notary Public, State of MI**
**County of Wayne**
**My Commission Expires 12/27/2022**
**Acting in County of Wayne**

Respectfully submitted,

_____       Edith Woodberry, In pro per

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of Response to Debtor's Sixty-Second Omnibus Objection to Certain Claims, Edith Woodberry's Response to Debtor's Fifty-Sixth

omnibus Objection to Certain Claims and Declaration /Affidavit of Edith Woodberry were hand delivered to Charles N. Rami, Esq. and filed with the United States Bankruptcy Court, Eastern District of Michigan, Southern Division on May 16, 2018.

*Edith Woodberry*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

IN RE: CITY OF DETROIT

CASE NO: 13-53846
CHAPTER: 9

Debtor.

## CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2018 (date of mailing), I served copies as follows:

1. Document(s) served: Response to Debtors Sixty-Second Omnibus to Certain Claims

2. Served upon [name and address of each person served]:

   Marc N Swanson
   150 W. Jefferson Suite 2500
   Detroit Mich. 48226

   Charles N Raimi
   City of Detroit Law Dept
   2 Woodward Ave
   Suite 500

3. By ~~First Class~~ Mail. Personal Service

Dated: May 16, 2018

Edith Woodbury
(Signature)

Print Name: _____