## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## DEBTOR'S OMNIBUS REPLY IN SUPPORT OF FIFTY-NINTH AND SIXTY-SECOND OMNIBUS OBJECTIONS TO CERTAIN CLAIMS

The City of Detroit ("City"), by its undersigned counsel, files this reply in support of its *Fifty-Ninth and Sixty-Second Omnibus Objections to Certain Claims* (collectively, the "Objections," Doc. Nos. 12766 and 12769), stating as follows:

1.      On April 18, 2018, the City filed its Objections.  The following individuals filed responses to the Objections:

**Fifty-Ninth Omnibus Objection**

(a)      Response filed by Genre Brogue ("Brogue") [Doc. No. 12770]. Brogue's proof of claim and response are attached as Exhibits 1 and 2.

**Sixty-Second Omnibus Objection**

(b)      Response filed by Pamela Booker ("Booker") [Doc. No. 12783].  Booker's proof of claim and response are attached as Exhibits 3 and 4.

2.      As set forth in the Objections, The Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1 to the ADR Order permitted the City to serve on claimants a

- 1 -

notice that the Stay/Injunction is lifted to permit the underlying claim to be liquidated in a non-bankruptcy forum consistent with the terms, conditions and limitations of Section II.E. below (a "Stay Modification Notice"). In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction shall be deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum…

ADR Procedures, Section I.B, p. 4.

    3.     Paragraph 10 of the ADR Order states

If the Stay/Injunction is modified as a result of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in [. . .] such other non-bankruptcy forum selected by the Designated Claimant . . . .

    4.     The ADR Procedures contain a procedure for their enforcement:

If a Designated Claimant fails to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or an abandonment of or failure to prosecute the Designated Claim, or both. Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees and costs to the City.

ADR Procedures, Section II.G.

*Brogue Claim*

5.  Brogue's proof claim provides no basis other than stating "Notice(s) of Service & Filing." This is not a valid basis for a claim. Brogue did not address the objection in her response. Instead, Brogue stated, "I do not feel compelled to modify or expunge any claims I filed with the City of Detroit," and, "I am confident that the U.S. Bankruptcy Court's Decision was an indication that the City of Detroit was capable and competent enough to settle all their claims and debts." Under the terms of the ADR Order, in serving Brogue with a Stay Modification Notice [Doc. No. 8386], the City provided Brogue with the opportunity to liquidate her claim but she took no action. The Court should expunge Brogue's claim number 157.

*Booker Claim*

6.  Similarly, Booker took no action despite being afforded the opportunity to liquidate her claim. On this basis alone, the claim should be expunged under the ADR Order due to Booker's abandonment and failure to prosecute her claim. Booker's proof of claim also does not explain why the City would have any liability for "Property damage from Fallen Tree." The court should expunge Booker's claim number 3836, under the terms of the ADR Order, as she was served with a Stay Modification Notice [Doc. No. 10250], but took no action.

## CONCLUSION

For these reasons, the City asks the Court to overrule the Brogue and Booker responses and sustain the City's Objection to these claims pursuant to the ADR Order.

Dated: May 18, 2018

Respectfully submitted,

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

31454800.1\022765-00213