UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No: 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor | Chapter 9 |

## "CORRECTED"

### [12837-EDITH WOODBERRY PRO PER (2846) RESPONSE TO ORDER SETTING DEADLINE BY WHICH THE WOODBERRY AND MABIN CLAIMANTS MUST TAKE CERTAIN ACTIONS REGARDING THEIR CLAIMS, AND REQUIRING THE CITY OF DETROIT TO SERVE A COPY OF THIS ORDER ON ALL SUCH CLAIMANTS

1. This case came before the Court for hearing on May 23, 2018, on the Debtor's Fifty-Sixth Omnibus Objection to Certain Claims (Docket # 12763, the "56th" Omnibus Claim Objection") and on the Debtor's Sixty-Second Omnibus Objection to Certain Claims (Docket # 12769, the "62nd Omnibus Claim Objection"). Claimants Edith Woodberry, LaJeff Woodberry, and Cranston Woodberry appeared at the hearing as did counsel for the Debtor Confirming certain action taken during the hearing and for the reasons stated by the Court on the record during the hearing.

2. Edith Woodberry asks the Judge to be mindful of the fact that she told the Court at the start of the hearing and later on that she does not be hear well. She affirms that she Never heard counsel for the debtor (Marc Swanson) confirming certain action taken by him during the hearing. She can not afford the cost of the transcript to find out the reasons stated by the court on the record during the hearing. Attorney Swanson's back was facing Edith Woodberry.

Edith Woodberry declares that she did not hear the action taken that he confirmed. Edith Woodberry only heard mumbling. Except for the questions that the Judge asked her in a loud voice she only heard bits of his Honor's response, which appeared to be directed to Attorney Swanson. Edith Woodberry cannot afford the cost of the transcript.

3. Wherefore, Edith Woodberry asks his Honor to please give her his reason in an opinion for sustaining Debtor City's Fifty-Sixth Omnibus Claim Objection as there is nothing on record that allows the Bankruptcy Court to sustain the City's Fifty-Sixth Objection that sneakingly disallows her just compensation for the City's taking her property, unless she mails Attorney Swanson a copy of all the items she filed in the Wayne County Circuit Court, seeking just compensation.

4. This Court further required that no later than June 22, 2018, in order to avoid entry of an Order by this Court disallowing their claims, the Woodberry/Mabin Claimants (Edith) must take appropriate action to reactivate the lawsuit in the Wayne County Circuit (Case No. 05-522129-CC, *City of Detroit v. Jonathan Sobeloff, et. al.*) and to seek to appeal that court's Judgment filed April 28, 2009.

5. Edith Woodberry says that Paragraphs 3 and 4 of this Court's May 23, 2018 Order denies her equal access to the court and the right to defend her just compensation claim in accordance with Michigan Court Rules and Federal Court Rules with a legal strategy she deems best.

6. The Court further required that Woodberry/Mabin Claimants (Edith) must promptly serve the City's counsel in this bankruptcy case, Marc N. Swanson, by mail, a copy of all items they file in the Wayne County Circuit in order to comply with this order. [Edith cannot

comply with said directions because she does not have the money to pay for copies of the items she filed.]

7. The Court say further that If Edith Woodberry fails to timely comply with paragraph 3 of this Order, the City may file an affidavit of non-compliance and submit a proposed order disallowing the claims of the Woodberry/Mabin (Edith) Claimants in this bankruptcy case, and the Court may enter such order without further notice or hearing.

WHEREFORE, Edith Woodberry seeks equal protection of the law and access to the court. She begs Judge Tucker to be just and faithful to the law and court rules law and to require Marc N. Swanson, Esq., counsel for Debtor City of Detroit, instead of her, to glean from the City files the items that the Court asked Edith Woodberry to provide Marc N. Swanson. Debtor City's Exhibit 8 and attorney Charles Rami's declaration provides undisputed proof that the Debtor City is in the know and has in its possession the items that the court requires that Edith Woodberry give to them. In the alternative, permit Edith Woodberry to have a trial by jury in order to resolve the just compensation issue and to determine if the bankruptcy court has authority to allow Debtor City to take Edith Woodberry's property without paying her just compensation, under the Bankruptcy Code.

Respectfully submitted,

*Edith Woodberry*
Edith Woodberry, In Pro per

"Corrected"

## Certificate of Service

Edith Woodberry certifies that on June 28, 2018 she mailed [12837 EDITH WOODBERRY PRO PER (2846) RESPONSE TO ORDER SETTING DEADLINE BY WHICH THE WOODBERRY AND MABIN CLAIMANTS MUST TAKE CERTAIN ACTIONS REGARDING THEIR CLAIMS, AND REQUIRING THE CITY OF DETROIT TO SERVE A COPY OF THIS ORDER ON ALL SUCH CLAIMANTS to Hon. Thomas J. Tucker, Bankruptcy Courtroom #19, 211 W. Fort, Detroit, MI, 48226, and mailed a copy of this Pro Per response to her motion to Debtor's attorney, Marc N. Swanson.

*Edith Woodberry*
*Edith Woodberry*
Edith Woodberry, In Pro Per