## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S MOTION TO ENFORCE BAR DATE ORDER AND CONFIRMATION ORDER AGAINST ALFRED OSLEY

The City of Detroit, Michigan ("City") by its undersigned counsel, Miller, Canfield, Paddock and Stone, PLC, files this Motion to Enforce Bar Date Order and Confirmation Order against Alfred Osley ("Motion"). In support of this Motion, the City respectfully states as follows:

## I. Introduction

1. Despite not having filed a proof of claim in the City's bankruptcy case, Plaintiff Alfred Osley ("Plaintiff") now attempts to prosecute a state court lawsuit seeking monetary damages based in part upon a pre-petition claim against the City. In accordance with the Bar Date Order and Confirmation Order (each as defined below), the City seeks an order barring and permanently enjoining the Plaintiff from asserting his pre-petition claims against the City or property of the City, and requiring that the Plaintiff dismiss with prejudice any pre-petition claims from his state court lawsuit against the City.

- 1 -

## II.    Factual Background

### A.    The Bar Date Order and Confirmation Order

2.    On July 18, 2013 ("Petition Date"), the City filed this chapter 9 case.

3.    On November 21, 2013, this Court entered its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof ("Bar Date Order") [Doc. No. 1782].

4.    The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City.  Paragraph 6 of the Bar Date Order states that the

> [F]ollowing entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City…

Bar Date Order ¶ 6.

5.    Paragraph 22 of the Bar Date Order also provided that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of

- 2 -

Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

Bar Date Order ¶ 22 (emphasis added).

6.     The Bar Date Order also approved the form and manner of notice of the Bar Dates. *See, e.g.*, Bar Date Order ¶¶ 3, 23-26. In accordance with the Bar Date Order, notice of the General Bar Date was published in several newspapers. [Doc. Nos. 3007, 3008, 3009]. The Plaintiff was also served with notice of the Bar Date Order on November 29, 2013, via first class mail [Doc. No. 2337-6 at p. 60].

7.     The Bar Date Order also provided that this Court retained "jurisdiction with respect to all matters arising from or related to the interpretation, implementation and/or enforcement of this Order." Bar Date Order ¶ 29.

8.     Further, on October 22, 2014, the City filed its Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014) ("Plan"). [Doc. No. 8045].

9.     On November 12, 2014, this Court entered an order confirming the Plan ("Confirmation Order"). [Doc. No. 8272].

10.    The discharge provision in the Plan provides

- 3 -

> Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date. Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, discharge the City from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (ii) the Holder of a Claim based on such debt has accepted the Plan.

Plan, Art. III.D.4.

11.     With certain exceptions not applicable here, the Plan does not afford any right to distributions or payments to claimants that did not timely file proofs of claim.  Plan Art. I.A.19; Art. I.A.134; Art. VI.A.1. Such claims are not Allowed Claims under the Plan and thus are not entitled to distributions under the Plan.  *Id.* ("Notwithstanding any other provision of the Plan, no payments or Distributions shall be made on account of a Disputed Claim until such Claim becomes an Allowed Claim.").

12.     The Plan injunction set forth in Article III.D.5 also provides in pertinent part:

> **Injunction**
>
> **On the Effective Date, except as otherwise provided herein or in the Confirmation Order,**

31612826.3\022765-00213

> **a.** all Entities that have been, are or may be holders of Claims against the City…shall be permanently enjoined from taking any of the following actions against or affecting the City or its property…
>
> **1.** commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affect the City of its property…
>
> **5.** proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan or the settlements set forth herein to the extent such settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and
>
> **6.** taking any actions to interfere with the implementation or consummation of the Plan.

Plan, Article III.D.5 (emphasis supplied).

13.     The Court also retained jurisdiction to enforce the Plan injunction and to resolve any suits that may arise in connection with the consummation, interpretation or enforcement of the Plan.  Plan, Art. VII. F, G, I.

## B.     Plaintiff's State Court Action

14.     On May 25, 2018, the Plaintiff filed a complaint against the City of Detroit in the Circuit Court for the County of Wayne, case number 18-005922-NF ("Complaint").  The Complaint is attached as Exhibit 6.

15.     In the Complaint, the Plaintiff alleges that on April 16, 2013, he was involved in an automobile accident "under circumstances as to make the [City] responsible for the Plaintiff's medical expenses as well as lost wages and services."

Complaint ¶ 6.  The Plaintiff did not file a proof of claim in the City's bankruptcy case.

### III.    Argument

16.    Pursuant to the Bar Date Order, the Plaintiff is "forever barred, estopped and enjoined from…asserting any claim against the City or property of the City."  Bar Date Order ¶ 22.  Through his state court lawsuit, however, the Plaintiff is asserting a claim against the City.  As the Plaintiff's action violates the Bar Date Order and the discharge and injunction provisions in the Confirmation Order, his pre-petition claims against the City must be dismissed with prejudice.

### IV.    Conclusion

17.    The City thus respectfully requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, (a) directing the Plaintiff to dismiss or cause to be dismissed with prejudice all pre-petition claims from the state court lawsuit, including without limitation any claims related to or arising from paragraph 6 of the Complaint; (b) permanently barring, estopping and enjoining the Plaintiff from asserting the pre-petition claims alleged in, or claims related to, the state court lawsuit or the Complaint against the City or property of the City; and (c) prohibiting the Plaintiff from sharing in any distribution in this bankruptcy case.  The City also seeks its reasonable legal fees in prosecuting this Motion and any other sanctions the Court deems appropriate for violation of the

Plan injunction.  The City sought, but did not obtain, concurrence to the relief requested in the Motion.

Dated: July 3, 2018

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## EXHIBIT LIST

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | Notice of Opportunity to Object |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |
| Exhibit 5 | None |
| Exhibit 6 | Complaint |

31612826.3\022765-00213

**EXHIBIT 1 – PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER GRANTING CITY OF DETROIT'S MOTION TO ENFORCE BAR DATE ORDER AND CONFIRMATION ORDER AGAINST ALFRED OSLEY**

This matter, having come before the Court on the Motion to Enforce Bar Date Order and Confirmation Order against Alfred Osley ("Motion")[1], upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1.      The Motion is granted.

2.      Within five days of the entry of this Order, Alfred Osley shall dismiss or cause to be dismissed with prejudice all pre-petition claims, including without limitation any claims related to or arising from paragraph 6 of the Complaint, from the case captioned as *Alfred Osley vs. the City of Detroit*, filed in the Wayne County Circuit Court and assigned Case No. 18-005922-NF.

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Motion.

3.      Alfred Osley is permanently barred, estopped and enjoined from asserting the claims arising from or related to the pre-petition claims alleged in his state court action identified in paragraph 2 of this Order against the City of Detroit or property of the City of Detroit.

4.      Alfred Osley is prohibited from sharing in any distribution in this bankruptcy case.

5.      The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

# EXHIBIT 2 – NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S MOTION TO ENFORCE BAR DATE ORDER AND CONFIRMATION ORDER AGAINST ALFRED OSLEY

The City of Detroit has filed papers with the Court requesting the Court to enforce the Bar Date Order and Confirmation Order against Alfred Osley.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney.**

If you do not want the Court to enter an Order granting the *City of Detroit's Motion to Enforce Bar Date Order and Confirmation Order against Alfred Osley,* within 14 days, you or your attorney must:

1.  File with the court a written response or an answer, explaining your position at:[1]

United States Bankruptcy Court
211 W. Fort St., Suite 1900
Detroit, Michigan 48226

---

[1] Response or answer must comply with F. R. Civ. P. 8(b), (c) and (e).

If you mail your response to the court for filing, you must mail it early enough so that the court will **receive** it on or before the date stated above. You must also mail a copy to:

Miller, Canfield, Paddock & Stone, PLC
Attn: Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226

2. If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of that hearing.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated: July 3, 2018

**EXHIBIT 3 – NONE**

## EXHIBIT 4 – CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 3, 2018, he served a copy of the foregoing **CITY OF DETROIT'S MOTION TO ENFORCE BAR DATE ORDER AND CONFIRMATION ORDER AGAINST ALFRED OSLEY** upon the person listed below, and in the manner described below:

Counsel to Alfred Osley, via first class mail and email:

Kevin W. Geer
15008 Kercheval
Grosse Pointe Park, MI 48230
lawofficeofkwgeer@comcast.net

DATED:  July 3, 2018

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

# EXHIBIT 5 – NONE

**EXHIBIT 6 – Complaint**

| Original - Court | 2nd Copy - Plaintiff |
|---|---|
| 1st Copy- Defendant | 3rd Copy -Return |

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO 18-005922-NF Hon.Leslie Kim Smith |
|---|---|---|

Court Address 2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-2427

| Plaintiff OSLEY, ALFRED | v | Defendant THE CITY OF DETROIT |
|---|---|---|
| **Plaintiff's Attorney** Kevin W. Geer 30571 15008 Kercheval Ave Grosse Pointe Park, MI 48230-1362 | | c/o Corporation Counsel 2 Woodward Avenue, 5th Floor Detroit, MI 48226 |

**SUMMONS NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. YOU HAVE 21 DAYS after receiving this summons to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 5/25/2018 | This summons expires 6/24/2018 | Court clerk Tashia Marshall |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court.The name of the court, file number and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be filed by the plaintiff.)
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) City of Detroit, MI | Defendant(s) residence (include city, township, or village) City of Detroit, MI |
|---|---|
| Place where action arose or business conducted City of Detroit, MI | |

6-30-18

Date                                Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 2.206(A)(1)

RECEIVED
JUN 0 4 2018
CITY OF DETROIT
LAW DEPARTMENT

| SUMMONS AND COMPLAINT |
| 18-005922-NF |

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:   (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
_____List all documents served with the Summons and Complaint_____

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge and belief

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect Address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |
|  |  |  |  | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                                    Date

My commission expires: _____    Signature: _____
                              Date                                   Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                              Attachments
_____ on _____
                                                        Day, date, time

_____ on behalf of _____
Signature

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE**

ALFRED OSLEY,

        Plaintiff,

vs.                                 Case No: 18-         NF
                                       Hon:

THE CITY OF DETROIT

        Defendants.

_____/

LAW OFFICES OF KEVIN W. GEER
BY: KEVIN W. GEER (P30571)
Attorney for Plaintiff
15008 Kercheval
Grosse Pointe Park, MI   48230
(313) 824-9672
lawofficeofkwgeer@comcast.net
_____/

*There was another other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court as Case Number 14-005011-NI in front of the Honorable Leslie Kim Smith.*

_____

**KEVIN W. GEER (P30571)**

**COMPLAINT**

    **NOW COMES** the above-named Plaintiff herein, ALFRED OSLEY, by and through his attorneys, LAW OFFICES OF KEVIN W. GEER, and for his complaint against the Defendant, represents unto this Honorable Court as follows:

    1.    That the Plaintiff, ALFRED OSLEY, is a resident of the City Detroit, County of Wayne, State of Michigan.

    2.    That the Defendant herein, CITY OF DETROIT, is a corporation existing under and by virtue of the laws and statutes of the State of

Michigan and did at all times pertinent hereto do business in the City of Detroit, County of Wayne, State of Michigan.

3.    That on or about April 16, 2014, Plaintiff, ALFRED OLSEY, was a passenger in a vehicle owned by Defendant, CITY OF DETROIT, which collided with another vehicle at the intersection of Gratiot and Fairmount in the City of Detroit.

4.    That at the time of the aforesaid collision Plaintiff had no no-fault insurance of his own nor did he live with a resident relative and pursuant to the Michigan no-fault law Plaintiff is entitled to collect no-fault benefits from Defendant, CITY OF DETROIT.

5.    That included and contained within the Michigan no-fault law is the right to obtain reimbursement for all medical expenses incurred as a result of a motor vehicle accident as well as payment of eighty-five (85%) percent of weekly wage, plus loss of services up to the statutory limit.

6.    That on April 16, 2013, the Plaintiff was injured as a result of an automobile accident, which took place in the State of Michigan under circumstances as to make the Defendant responsible for the Plaintiff's medical expenses incurred as well as lost wages and services as above mentioned.

7.    That the corporate Defendant has been furnished with a claim by Plaintiff for No-Fault benefits and that the Defendant, without cause or justification, has denied Plaintiff's No-Fault benefits in violation of MCLA 500.3142: and as a result the Defendant corporation

2

is in breach of the terms of the insurance contract existing between the parties.

8. That as a result of the Defendant's breach of contract the Plaintiff herein claims damages for all medical expenses, wage loss and all other expenses allowable as a result of said breach of contract, in accordance with MCLA 500.3101 et. seq. including interest and attorney fees.

9. That the amount in controversy exceeds TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS, exclusive of interest, costs and attorney fees, and is otherwise within the jurisdiction of this Court.

**WHEREFORE**, the Plaintiff herein prays for a judgment in whatever amount above TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS the Plaintiff is found entitled under the terms of the insurance contract in addition to all other statutory damages including interest, costs and attorney fees.

LAW OFFICES OF KEVIN W. GEER

BY:
KEVIN W. GEER (P30571)
Attorney for Plaintiff
15008 Kercheval
Grosse Pointe Park, MI  48230
(313) 824-9672

Dated: 5/22/18
KWG/mph

3