# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE: CITY OF DETROIT | BAP NO. 2:18-cv-12308-BAF-RSW |
| Debtor | |
| EDITH WOODBERRY | Bankr. No. 13-53846 |
| Appellant | Chapter 9 |
| v | |
| CITY OF DETROIT | |
| Appellee. | |

## STATEMENT OF ISSUES TO BE PRESENTED

Edith Woodberry, in pro per, pursuant to Federal Rule of Bankruptcy Procedure 8009(a), hereby states the issues to be presented on appeal:

*The bankruptcy court erred as follows:*

1. The bankruptcy court erred when it entered expungement orders that, in effect, violate the 5th Amendment of the United States Constitution by permitting the City of Detroit to take appellant Edith Woodberry's property without paying just compensation.

2. The bankruptcy court erred when it put the burden of proof as well as the burden of going forward with this case, which involves the City of Detroit's non payment of just compensation, on Edith Woodberry instead of debtor City of Detroit.

3. The bankruptcy court erred by expunging and disallowing Edith Woodberry's claim after striking from the record the action Edith Woodberry took in response to the court's May 23, 2018 order.

4. The bankruptcy court erred when it entered the July 12, 2018 order expunging appellant's claim on the false belief that the City of Detroit's attorney Marc Swanson submitted the mandatory Affidavit establishing that Edith Woodberry did not comply with the court's May 23, 2018 Order.

5. The bankruptcy court erred when it overlooked and disregarded the fact that Appellant Edith Woodberry's claim against the City of Detroit is separate and distinct from the claim made against the City of the Detroit by the "Woodberry and Mabin Claimants."

6. Was the bankruptcy Court blind-sighted by the fact that Debtor City of Detroit's attorneys, who are officers of the Court and bound by their Oath and Code of Ethic and the old saying that "He who represents his or herself [Edith Woodberry in instance Case] has a fool for a lawyer. Often judges instruct the attorney to prepare an ORDER for entry. Attorneys have a duty to inform the Court if its instruction in preparing ifs ORDER is not supported by true evidence of record.

7. The bankruptcy court erred in instance Case by not including in its May 23, 2018 ORDER the court's reasonsoning where Edith Woodberry, in pro per, notified the court at the onset and thereafter that she does not hear well and in fact did did not hear the court's reasoning.

8. The bankruptcy court erred when it entered the May 23, 2018 order based on an Affidavit that was never made entered into the record or served on Edith Woodberry.

*/s/ Edith W. Woodberry*
Edith Woodberry, In Pro Per
803 Gladstone
Detroit, Michigan 48202
(313) 575-9778 (leave message)