# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re<br><br>CITY OF DETROIT, MICHIGAN,<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Judge Thomas J. Tucker |
| Edith Woodberry,<br><br>Appellant,<br><br>v.<br><br>City of Detroit,<br><br>        Appellee. | United States District Court<br>Case No. 2:18-cv-12308<br><br>Hon. Bernard A. Friedman |

## APPELLEE CITY OF DETROIT'S SUPPLEMENTAL DESIGNATION OF ITEMS TO BE INCLUDED IN THE RECORD ON APPEAL

The City of Detroit submits this supplemental designation of items to be included in the record in connection with Appellant Edith Woodberry's Notice of Appeal, filed on January 3, 2014 (Doc. No. 12856), from the Orders of United States Bankruptcy Judge Thomas J. Tucker entered in this case on July 11, 2018 (Doc. No. 12850) and July 12, 2018 (Doc. No. 12583), to include the following item, attached hereto as Exhibit 1:

- 1 -

| Doc. No. | Title | Date |
|---|---|---|
| 4834 | Objection to Claim Number of Claimant Edith Woodberry Claim No 2846 | 05/15/2014 |

Respectfully submitted,

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    Erika L. Giroux (P81998)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

    ATTORNEYS FOR THE CITY OF DETROIT

Dated: August 20, 2018

31946675.1\022765-00213

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Judge Thomas J. Tucker |
| Edith Woodberry,<br><br>Appellant,<br><br>v.<br><br>City of Detroit,<br><br>        Appellee. | United States District Court<br>Case No. 2:18-cv-12308<br><br>Hon. Bernard A. Friedman |

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 20, 2018, he served a copy of *Appellee City of Detroit's Supplemental Designation of Items to Be Included in the Record on Appeal*, upon Edith Woodberry via first class mail, as follows:

Edith Woodberry
803 Gladstone
Detroit MI 48202

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

August 20, 2018

31946675.1\022765-00213

13-53846-tjt   Doc 12897-4   Filed 09/06/18   Entered 09/06/18 08:53:50   Page 3 of 17
13-53846-tjt   Doc 12897-4   Filed 08/20/18   Entered 08/20/18 16:45:55   Page 3 of 17

# EXHIBIT 1

31946675.1\022765-00213

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

-------------------------------------------------------- x

In re

CITY OF DETROIT, MICHIGAN,

Debtor

-------------------------------------------------------- x

:     Chapter 9

:     Case No. 13-53846

:     Hon. Steven W. Rhodes

### DEBTOR'S OBJECTION TO CLAIM NUMBER 2846 FILED BY EDITH WOODBERRY

The Debtor, the City of Detroit (the "City"), by and through its undersigned counsel, for

its objection to claim number 2846 (the "Claim") and its request for an order disallowing and

expunging the Claim, substantially in the form of the proposed order attached hereto as Exhibit

1, respectfully states as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§157 and

1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this

Court pursuant to 28 U.S.C. §§1408 and 1409.

### BACKGROUND FACTS

2.     On July 18, 2013 (the "Petition Date"), the City filed a petition for relief in this

Court, thereby commencing the largest chapter 9 bankruptcy case in history.

3.     Information regarding the City's economic challenges and the events leading up

to the filing of this case can be found in the *Declaration of Kevyn D. Orr in Support of City of*

1

*Detroit, Michigan's Statement of Qualifications Pursuant to Section 109(c) of the Bankruptcy Code* filed on July 18, 2013 (Docket No. 11).

4.     On December 5, 2013, this Court held that the City was eligible for relief under chapter 9 of the Bankruptcy Code.  *See Order for Relief Under Chapter 9 of the Bankruptcy Code* (Docket No. 1946).

5.     On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* (Docket No. 1782) (the "Bar Date Order") establishing deadlines to file certain proofs of claim in this case.  The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time (the "Bar Date").

6.     On February 21, 2014, Edith Woodberry filed the Claim.  A copy of the as-filed Claim is attached hereto as Exhibit 2.

7.     The Claim seeks $3,000,000.00.

8.     The stated basis for the Claim is "City took real property without paying just compensation."

9.     There are no supporting documents attached to the Claim which explain or support the basis for the Claim.

10.    The Claim does not identify the address of the real property at issue, the date upon which it was allegedly taken without just compensation, or any information evidencing the value of the real property.

4846-5308-7259.1

11.     Furthermore, the Claim does not contain any documents which evidence Ms. Woodberry's ownership of the real property at issue.[1]

## RELIEF REQUESTED

12.     The City files this objection pursuant to the Section 502(b)(1) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 3001, seeking entry of an order disallowing and expunging the Claim because there is no basis for the Claim and it is not enforceable against the City.

## BASIS FOR RELIEF REQUESTED

*a.  The Claim Does Not Meet the Validity Standards of Rule 3001(f) and Should Be Disallowed*

13.     Only proofs of claim that comply with Rule 3001 are presumed to be valid in the amount filed.  Rule 3001(f).

14.     In order to meet the requirements of Rule 3001(f), a properly-filed proof of claim must contain the following: (1) the creditor's name and address; (2) the basis for the claims; (3) the date the debt was incurred; (4) the amount of the claim; (5) classification of the claim; and (6) supporting documents.  *In re Hughes*, 313 B.R. 205, 209 (Bankr. E.D. Mich. 2004) (McIvor, J.) (citing *In re Dow Corning Corp.*, 250 B.R. 298, 321 (Bankr. E.D. Mich. 2000)).

15.     In addition to the above requirements, Rule 3001(c) also requires that any claim based on a writing must include a copy of the writing.  When a proof of claim is based on a writing and that writing is not attached, the proof of claim is not deemed to be valid as to the claim or amount.  *Hughes*, 313 B.R. at 208.

---

[1] Nine other putative creditors, all but one of whom live at the same address as Ms. Woodberry, have filed substantially identical proofs of claim to the Claim (Claim Nos. 3278, 3271, 3006, 2905, 2902, 2889, 2888, 2883, and 2880).  Each of those will be addressed in a separate objection.

4846-5308-7259.1

16.     In this case, the Claim is not a properly filed proof of claim within the meaning of Rule 3001(f).  There are no supporting documents to justify the stated basis of the Claim.  It does not identify the property at issue, the date upon which the alleged taking occurred, the value of the property, and it does not provide any evidence to support the $3 million Ms. Woodberry seeks from the City.

17.     Furthermore, there are no writings attached which demonstrate that Ms. Woodberry owns the real property allegedly taken.  As such, the Claim also fails to meet the standard of Rule 3001(c).

18.     The Claim fails to meet the standards of Rule 3001(c) and (f), and should not be considered either valid, nor should its stated value of $3 million be accepted by this Court.  Rather, it should be disallowed and expunged.

> b.  *Even if the Court Finds the Claim Meets the Standards of Rule 3001(f), Ms. Woodberry Still Has the Ultimate Burden to Prove the Validity of the Claim After the City's Objection, Which She Cannot.*

19.     Courts have held that when a proof of claim meets the requirements for Rule 3001(f), it is considered prima facie evidence of validity and amount.  *Id*. at 208.  The objecting party must then present its own evidence challenging the validity of the proof of claim.  *Dow Corning*, 250 B.R. at 321.  If it does so, then the ultimate burden of persuasion on the proof of claim shifts back to the claimant.  *Id*.

20.     In *Dow*, the United States Government filed multiple proofs of claim involving beneficiaries of government health care programs who had breast implant surgery.  *Id*. at 307.  The Debtor challenged the information provided in the proofs of claim, because among other things, they did not provide specific information regarding the medical procedures, whether Dow products had even been used in the procedures, or how the amount of the claim had been

4

calculated.  *Id*. at 322.  The Court deemed this lack of supporting documentation sufficient to challenge the prima facie validity of the Government's claims and shift the burden of persuasion back to the Government.  *Id*.

21.     Here, there is no supporting documentation to validate the Claim.  As in *Dow*, the failure to identify the property address, the owner of the property, the date of the alleged taking, the amount of compensation received, and any basis for the asserted claim amount of $3,000,000 are sufficient to challenge the prima facie validity of the Claim and shift the ultimate burden of persuasion back to Ms. Woodberry.

22.     Ms. Woodberry is unable to meet this burden.  The City cannot even identify the real property she alleges was taken from her without just compensation, let alone the basis of the $3 million purported value of that Property.  The Claim does not contain any documentation which supports it in any way.  As such, it should be disallowed and expunged.

## **RESERVATION OF RIGHTS**

**23.**     The City files this Objection without prejudice to or waiver of its rights pursuant to section 904 of the Bankruptcy Code, and nothing herein is intended to, shall constitute or shall be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

## **NOTICE**

24.     The City has provided notice of this Objection to the claimant identified on Proof of Claim No. 2846 and all parties who have requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

4846-5308-7259.1

**NO PRIOR REQUEST**

25.     No previous request for the relief requested herein has been made to this or any

other court.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially

in the form annexed hereto as Exhibit 1, granting the relief requested herein and granting the City

such other and further relief as this Court may deem just and proper.

Dated: May 15, 2014

                                  FOLEY & LARDNER LLP


                                  By: /s/ Tamar N. Dolcourt
                                  John A. Simon (P61866)
                                  Tamar N. Dolcourt (P73425)
                                  500 Woodward Ave., Ste. 2700
                                  Detroit, MI 48226
                                  313.234.7100
                                  jsimon@foley.com
                                  tdolcourt@foley.com
                                  *Counsel for the Debtor, City of Detroit,*
                                  *Michigan*

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

------------------------------------------------------------x
                         :       Chapter 9

In re                       :

                         :       Case No. 13-53846

CITY OF DETROIT, MICHIGAN,    :

                         :       Hon. Steven W. Rhodes

                Debtor         :

------------------------------------------------------------x

## NOTICE OF DEBTOR'S OBJECTION TO CLAIM NUMBER 2846 FILED BY EDITH WOODBERRY

       **PLEASE TAKE NOTICE THAT** the Debtor, the City of Detroit, (the "<u>City</u>"), by and through its undersigned counsel, has filed an objection to claim number 2846 filed by Edith Woodberry (the "<u>Objection</u>") and for an order disallowing and expunging such claim.

       If you do not want the court to eliminate or change your claim, or grant the relief request in the Objection, then on or before **June 18, 2014**, you or your lawyer must:

1.      File with the court, at the address below, a written response to the objection. Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

       If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

2.      A copy of your response must also be mailed to counsel for the City:

4813-3460-7643.

John A. Simon
Tamar N. Dolcourt
Foley & Lardner LLP
500 Woodward Ave., Ste. 2700
Detroit, MI 48226

3.　　You must also attend the hearing on the objection scheduled to be held on **June 25, 2014** at 10:00 a.m. in Courtroom 100, United States Federal Courthouse, 231 W. Lafayette Ave., Detroit, MI 48226 unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim, in which event the hearing will be canceled and the objection sustained.**

Date: May 15, 2014

FOLEY & LARDNER LLP

By: /s/ Tamar N. Dolcourt
John A. Simon (P61866)
Tamar N. Dolcourt (P73425)
500 Woodward Ave., Ste. 2700
Detroit, MI 48226
313.234.7100
joneill@foley.com
jsimon@foley.com
tdolcourt@foley.com
*Counsel for the Debtor, City of Detroit, Michigan*

4813-3460-7643.

4846-5308-7259.1

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

```
------------------------------------------------------- x
                                                         :        Chapter 9
In re                                                    :
                                                         :        Case No. 13-53846
CITY OF DETROIT, MICHIGAN,                               :
                                                         :        Hon. Steven W. Rhodes
                                          Debtor         :
------------------------------------------------------- x
```

## ORDER GRANTING DEBTOR'S OBJECTION TO CLAIM NUMBER 2846 FILED BY EDITH WOODBERRY

Upon the Debtor's Objection to Claim No. 2846, dated May 15, 2014 (the "Objection"),[2] of the Debtor, City of Detroit, Michigan, (the "City"), seeking entry of an order disallowing and expunging Claim No. 2846 (the "Claim"), and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and a hearing on the Objection having been held before the Court; and any objections to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

4846-5308-7259.1

establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore; it is hereby

ORDERED, DECREED AND ADJUDGED that:

1.　The Objection is granted as set forth herein.

2.　Claim No. 2846 is hereby disallowed and expunged, pursuant to Section 502(b) of the Bankruptcy Code.

3.　The City's claims agent is hereby authorized to update the claims register to reflect the relief granted in this Order.

4.　The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5.　Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

**EXHIBIT 2: CLAIM NO. 2846**

4846-5308-7259.1

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9<br>PROOF OF CLAIM |
| --- | --- | --- |

**FILED**

**FEB 21 2014**

Name of Debtor: **City of Detroit, Michigan**    Case Number: **13-53846**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**EDITH WOODBERRY**

Name and address where notices should be sent:

**EDITH WOODBERRY**
**803 GLADSTONE**
**DET MI 48202**

Telephone number: **313 963 8677**    email: **NA**

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

US Bankruptcy Court
MI Eastern District

**Court Claim Number:** _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number: _____ email: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

**FEB 24 2014**

KURTZMAN CARSON CONSULTANTS

**1. Amount of Claim as of Date Case Filed:** $ **3,000,000.00**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** **CITY TOOK REAL PROPERTY WITHOUT PAYING JUST COMPENSATION**
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** **NA**

**3a. Debtor may have scheduled account as:** **NA**
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☒ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:** $ **3,000,000.00**

**Annual Interest Rate** (when case was filed) _____% ☐ Fixed or ☐ Variable

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $ **—**

**Basis for perfection:** **EMINENT DOMAIN**

**Amount of Secured Claim:** $ **3,000,000.00**

**Amount Unsecured:** $ **- 0 -**

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $ **NA**

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** **US Const 5th Am** $ **3,000,000.00**

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature:** (See instruction # 8)
Check the appropriate box.

☒ I am the creditor. ☐ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.) ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **EDITH WOODBERRY**
Title: **NA**
Company:
Address and telephone number (if different from notice address above):

(Signature) *Edith Woodberry*    (Date)

Telephone number: _____ email: _____

17

1353846140221000000000159