## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

In re:                                          Bankruptcy Case No. 13-53846

City of Detroit, Michigan,                      Honorable Thomas J. Tucker

    Debtor.                                  Chapter 9

_____


## THOMAS SANDUSKY'S RESPONSE TO CITY OF DETROIT'S MOTION FOR ENTRY OF AN ORDER (I) ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND BAR DATE ORDER AND (II) REQUIRING THE DISMISSAL WITH PREJUDICE OF CERTAIN PARTIES FROM THE FEDERAL COURT ACTION FILED BY THOMAS SANDUSKY

THOMAS SANDUSKY, as Personal Representative of the Estate of HAL SANDUSKY, Deceased, by and through his attorneys, Fieger, Fieger, Kenney & Harrington, P.C., in response[1] to the City of Detroit's Motion for Entry of an Order (I), and (II) Requiring the Dismissal with Prejudice of Certain Parties From the Federal Court Action filed by Thomas Sandusky Enforcing the Plan of Adjustment Injunction and Bar Date Order and for his Motion to Compel Discovery and Extend Discovery, states as follows:

_____
[1] Under the court rules, Mr. Sandusky's Response was due Thursday, September 6, 2018. Counsel for Movant City of Detroit agreed to provide Mr. Sandusky's counsel an additional day, through September 7, 2018, to file his response.

Mr. Sandusky admits that he filed a federal 1983 civil rights action against the City of Detroit and various different DPD Officers, arising out of Decedent's June 28, 2013 in-custody death while incarcerated at the DPD 2nd Precinct lock up. Mr. Sandusky filed his federal civil rights action on June 6, 2017. The parties to that action include Commander Mounsey, Lt. Johnson, Richard Knox, Gerald Robinson, Michelle Baker, Sgt. Brady Bruenton, Sgt. Jeffrey O'Keefe, Sgt. David Newkirk, Sgt. Mcwhorter, Sgt. Steven Ford, Officer Brian Ross, Officer Kevin Zarosly, Officer William O'Brien, Officer Yasmin Cooper, Officer Shunta Small, Officer J. Morgan, and Officer Berry. As to the individual defendants, Plaintiff asserted claims for their actions in both their official <u>and</u> unofficial capacities.

In the twelve months that that civil rights action has been pending neither the Defendant City of Detroit nor the individual officers - through its counsel from the City of Detroit Law Department[2] once asserted the defense of discharge in bankruptcy.[3] The City of Detroit even filed a Motion for Summary Judgment, but

---

[2] The City of Detroit was and continues to be represented by the City of Detroit Law Department's *supervising* corporation counsel throughout the *Sandusky* federal court proceedings. The supervising counsel was certainly well aware of and well versed in the parameters governing the City's Bankruptcy Discharge.

[3] Including the filing of: Answer & Affirmative Defenses on 08-30-17 [**Ex A**]; Notices of Non-Party Fault on 08-30-17 & 09-19-17 [**Ex B**] ; Stipulated Discovery Plan on 11-01-17 [**Ex C**]; Responses (partial) to Plaintiff's discovery responses on 11-02-17 [**Ex D**]; Rule 26(a) Initial Disclosures on 01-18-18 [**Ex E**]; Witness List on 01-31-18 [**Ex F**]; Acquiescing and having no objection to the Entry of Default against Defendant Newkirk on 04-27-18 and 04-30-18 [**Ex G**].

never argued it was entitled to dismissal by virtue of its prior bankruptcy.[4]

It was not until June 27, 2018, did the City of Detroit, for the first time, raise the issue of Bankruptcy Discharge by asserting same in its federal district court Reply Brief to its own Motion for Summary Judgment. [**Ex H**]. After actively and voluntarily litigating the *Sandusky* matter in federal district court for over a year, the City of Detroit discovered that it filed a bankruptcy proceeding a few years ago which may cover Mr. Sandusky's federal civil rights action.

It should further be noted that the City's request pertains only to the City. The individual defendants are not a party to the bankruptcy proceedings and the bankruptcy discharge does not inure to their benefit.

As it pertains to the City of Detroit, Thomas Sandusky submits to this court that the City's Motion is unnecessary as Mr. Sandusky agreed to dismiss the City of Detroit from the federal action. However, the City of Detroit is also insisting that Sandusky dismiss the individual DPD Officer defendants, in their official capacities. Mr. Sandusky will agree to dismiss any official capacity *claims* against the DPD Officer defendants,[5] but Mr. Sandusky cannot dismiss the Defendants, because Sandusky is still pursuing individual capacity claims against these individuals and Plaintiff is concerned about the potential impact of such a

---

[4] Filed on 05-08-18.

[5] With the exception of Defendant Newkirk, who has already been defaulted with the acquiescence of the City of Detroit and the City of Detroit Law Department.

dismissal on Plaintiff's remaining claims in light of preclusion doctrines such as collateral estoppel and res judicata.

Issues of lack of notice[6] and waiver aside, in the spirit of compromise, Mr. Sandusky is amenable to an order as follows:

- Dismissal of the City of Detroit with prejudice for any claims arising out of events that occurred up through the date of July 18, 2013, only[7] (Movant's Petition Date filing);

- Dismissal of the official capacity *claims* against any non-defaulted individual DPD Officer Defendant, for any claims arising out of events that occurred up through the date of July 18, 2013, with the express note that Plaintiff's individual capacity claims against these officers remains.

Mr. Sandusky requests oral argument on this matter.

Respectfully submitted,

/s/ Stephanie L. Arndt
Todd J. Weglarz (P48035)
Stephanie L. Arndt (P66870)
Attorneys for Non-Party Hal Sandusky
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
s.arndt@fiegerlaw.com

Dated: September 7, 2018

---

[6] Since the Estate was not even created, and Letters of Authority were not issued until 05-06-16, well after the Bar Date Order Deadline, the argument is that no such *entity* of the Estate of Hal Sandusky existed at the time of the Bar Date Order's Notice and Filing requirements, and therefore the Estate of Hal Sandusky is not subject to the City's Bankruptcy Discharge.

[7] Mr. Sandusky wishes to preserve any potential claims he may have arising out of the City's actions and inactions subsequent to the Bankruptcy Petition filing date (i.e., for the City's repeated failures to comply with FOIA requests, the withholding of records and evidence, etc).

**Certificate of Service**

I hereby certify that on September 7, 2018, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

/s/ Stephanie L. Arndt

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**THOMAS SANDUSKY,** as
Personal Representative of the Estate of            Honorable Nancy G. Edmunds
**HAL SANDUSKY, Deceased**                          Case No:  17-11784

                    Plaintiff,

-vs-

**COMMANDER MOUNSEY, LT. JOHNSON,**
**RICHARD KNOX, GERALD ROBINSON,**
**MICHELLE BAKER, SGT. BRADY BRUENTON,**
**SGT. JEFFREY O'KEEFE, SGT. DAVID NEWKIRK,**
**SGT. MCWHORTER, SGT. STEVEN FORD,**
**OFFICER BRIAN ROSS, OFFICER KEVIN**
**ZAROSLY, OFFICER WILLIAM O'BRIEN,**
**OFFICER YASMIN COOPER, OFFICER SHUNTA**
**SMALL, OFFICER J. MORGAN, OFFICER BERRY,**
**DETROIT POLICE DEPARTMENT, AND CITY**
**OF DETROIT, a Municipal Corporation,**
**Jointly and Severally**,

                    Defendants.
_____/

**GEOFFREY N. FIEGER (P30441)**
**TODD J. WEGLARZ (P48035)**
**FIEGER, FIEGER, KENNEY & HARRINGTON**
Attorneys for Plaintiff
19390 West Ten Mile Rd.
Southfield, MI  48075
(248) 355-5555 (Phone)
t.weglarz@fiegerlaw.com

**KRYSTAL A. CRITTENDON (P49981)**
**CHRISTINA V. KENNEDY (P68992)**
**CITY OF DETROIT LAW DEPARTMENT**
2 Woodward Ave., Suite 500
Detroit, MI  48226
(313) 237-3031 (Phone)
critk@detroitmi.gov
kennedych@detroitmi.gov

_____/

1

**DEFENDANT CITY OF DETROIT'S**
**ANSWER TO PLAINTIFF'S COMPLAINT, RELIANCE ON JURY DEMAND,**
**DEMAND FOR COMPULSORY JOINDER OF CLAIMS, NOTICE OF SPECIAL AND**
**AFFIRMATIVE DEFENSES, RESERVATION OF ADDITIONAL DEFENSES and**
**<u>DEMAND FOR RESPONSE TO AFFIRMATIVE DEFENSES</u>**

**NOW COMES** Defendant, **CITY OF DETROIT**, by and through its undersigned counsel, and for their **Answer to the Complaint**, **Reliance on Jury Demand**, **Demand for Compulsory Joinder of Claims, Notice of Special and Affirmative Defenses**, **Reservation of Additional Defenses** and **Demand for Response to Affirmative Defenses**, states as follows:

## <u>JURISDICTION AND VENUE</u>

1.      The allegations of the paragraph hereto constitute a conclusion of law requiring no response.

2.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

3.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

4.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

## <u>GENERAL ALLEGATIONS</u>

5.      Defendant hereby incorporates by reference its answers to the previous allegations as if fully stated herein.

2

6.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

7.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

8.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

9.      Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

10.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

11.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

12.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

13.     Having insufficient information or knowledge of the allegations of the paragraph

corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

14.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

15.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

16.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

17.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

18.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

19.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

20.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and

4

leaves Plaintiff to proof thereof.

21.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

22.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

23.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

24.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

25.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

26.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

27.     Defendant admits the allegations of the corresponding paragraph.

## FACTUAL ALLEGATIONS

28.     Defendant hereby incorporates by reference its answers to the previous allegations

5

as if fully stated herein.

29.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

30.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

31.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

32.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

33.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

34.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

35.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

36.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

37.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

38.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

39.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

40.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

41.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

42.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

43.     Having insufficient information or knowledge of the allegations of the paragraph

corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

44.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

45.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

46.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

47.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

48.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

49.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

50.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and

leaves Plaintiff to proof thereof.

51.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

52.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

53.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

54.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

55.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

56.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

57.     Having insufficient information or knowledge of the allegations of the paragraph corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

58.     Having insufficient information or knowledge of the allegations of the paragraph and subparagraphs corresponding hereto, Defendant neither admits nor denies the allegations contained therein, and leaves Plaintiff to proof thereof.

## COUNT I
## DELIBERATE INDIFFERENCE
## VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC § 1983
## (ALL DEFENDANTS)

59.     Defendant hereby incorporates by reference its answers to the previous allegations as if fully stated herein.

60.     The allegations of the paragraph hereto constitute a conclusion of law requiring no response; in the alternative the allegations are denied.

61.     The allegations of the paragraph hereto constitute a conclusion of law requiring no response, in the alternative the allegations are denied.

62.     The allegations of the paragraph and subparagraphs hereto constitute conclusions of law requiring no response; in the alternative the allegations are denied.

63.     The allegations of the paragraph and subparagraphs hereto constitute conclusions of law requiring no response; in the alternative the allegations are denied.

## COUNT II

## STATE LAW CLAIMS OF GROSS NEGLIGENCE, AND/OR WANTON AND WILLFULL MISCONDUCT

64.     Defendant hereby incorporates by reference its answers to the previous allegations as if fully stated herein.

65.     Defendant denies the allegations contained within.

66.     The allegations of the paragraph hereto constitute a conclusion of law requiring

10

no response, in the alternative the allegations are denied.

67.     The allegations of the paragraph and subparagraphs hereto constitute conclusions of law for which no response is required; in the alternative the allegations are denied.

68.     The allegations of the paragraph hereto constitute a conclusion of law requiring no response, in the alternative the allegations are denied.

69.     The allegations of the paragraph and subparagraphs hereto constitute conclusions of law for which no response is required; in the alternative the allegations are denied.

**COUNT III**
**42 U.S.C. § 1983- SUPERVISORY LIABILITY**

70.     Defendant hereby incorporates by reference its answers to the previous allegations as if fully stated herein.

71.      Defendant denies the allegations of the corresponding paragraph.

72.     The allegations of the paragraph hereto constitute a conclusion of law requiring no response; in the alternative the allegations are denied.

73.     Defendant denies the allegations of the corresponding paragraph.

74.     The allegations of the paragraph hereto constitute a conclusion of law requiring no response; in the alternative the allegations are denied.

75.     The allegations of the paragraph hereto constitute a conclusion of law requiring no response; in the alternative the allegations are denied.

76.     The allegations of the paragraph hereto constitute a conclusion of law requiring no response; in the alternative the allegations are denied.

77.     Defendant denies the allegations of the corresponding paragraph.

78.     The allegations of the paragraph hereto constitute a conclusion of law requiring

no response; in the alternative the allegations are denied.

79.     The allegations of the paragraph hereto constitute a conclusion of law requiring no response; in the alternative the allegations are denied.

80.     The allegations of the paragraph hereto constitute a conclusion of law requiring no response; in the alternative the allegations are denied.

81.     The allegations of the paragraph hereto constitute a conclusion of law requiring no response; in the alternative the allegations are denied.

82.     The allegations of the paragraph and subparagraphs hereto constitute conclusions of law for which no response is required; in the alternative the allegations are denied.

83.     The allegations of the paragraph and subparagraphs hereto constitute conclusions of law for which no response is required; in the alternative the allegations are denied.

**WHEREFORE IT IS RESPECTFULLY** demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendant.

Respectfully submitted,


_____/s/ Krystal A. Crittendon_____
**KRYSTAL A. CRITTENDON (P49981)**
Supervising Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
2 Woodward Avenue, Suite #500
Detroit, MI   48226
(313) 237-3031
critk@detroitmi.gov


DATED:        August 29, 2017


12

## <u>RELIANCE ON JURY DEMAND</u>

**NOW COMES** the defendant, **CITY OF DETROIT**, and hereby gives notice of its

Reliance on Plaintiff's Demand for Jury Trial.

Respectfully submitted,

_____/s/ Krystal A. Crittendon_____

**KRYSTAL A. CRITTENDON (P49981)**
Supervising Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
2 Woodward Avenue, Suite #500
Detroit, MI  48226
(313) 237-3031
critk@detroitmi.gov

DATED:        August 29, 2017

## <u>DEMAND FOR COMPULSORY JOINDER OF CLAIMS</u>

**NOW COMES** Defendant**, CITY OF DETROIT,** by and through its undersigned their

attorneys, demanding that Plaintiff joins any and all claims arising out of the same transaction,

acts and occurrences.

Respectfully submitted,

_____/s/ Krystal A. Crittendon_____

**KRYSTAL A. CRITTENDON (P49981)**
Supervising Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
2 Woodward #500
Detroit, MI   48226
(313) 237-3031
critk@detroitmi.gov

DATED:        August 29, 2017

13

## <u>NOTICE OF SPECIAL AND AFFIRMATIVE DEFENSES</u>

**NOW COMES** Defendant, **CITY OF DETROIT,** by its undersigned counsel and set forth its Special and Affirmative Defenses as follows:

1.     That the Defendant, **CITY OF DETROIT**, is governmentally immune pursuant to MCL 691-1401 <u>et seq</u>. for the following reasons:

      (a)     That Defendant is a governmental agency;

      (b)     That Defendant is entitled to immunity from tort liability when engaged in the exercise or discharge of a governmental function;

      (c)     That the allegations contained in Plaintiff's Complaint involve activities which are governmental functions, for the reason, that they are expressly or impliedly mandated or authorized by constitution, statute, ordinance or other law;

      (d)     That the allegations contained in Plaintiff's Complaint do not fall within any statutory or common law exception to Defendant's governmental immunity.

2.     Plaintiff has failed to set forth a cause of action upon which relief can be granted.

3.     Defendant asserts as an affirmative defense that Plaintiff has failed to mitigate damages.

4.     That Defendant is, or may be, without jurisdiction.

5.     That the statute of limitations is, or may be, a bar to Plaintiff's claim for damages.

6.     AND FURTHER, that this claim is barred for failure to exhaust statutory, administrative and other available remedies.

7.     Plaintiff has failed to join every legal or equitable claim which arises out of the transaction or occurrence which is the subject matter of the instant action.

14

8.     That the individual Defendants were, at all times mentioned in Plaintiff's Complaint, duly qualified, appointed and acting police officers of the City of Detroit and peace officers of the State of Michigan, and that at all times herein mentioned, said Defendants were engaged in the performance of their regularly assigned duties as police officers.

9.     That the individual defendants, at all times herein mentioned, acted in good faith and without malice and within the scope of their duties as police officers of the City of Detroit and peace officers of the State of Michigan.

10.     That any injury to Plaintiff's Decedent was due to and caused by the negligence and/or omission of the Plaintiff to care for himself which carelessness and/or negligence and/or omissions were the proximate cause of the damage, if any, to the Plaintiff.

11.     That any injury or damage suffered by Plaintiff's Decedent was caused by reason of Plaintiff Decedent's wrongful acts and conduct and not by reason or any unlawful acts or omission of this Defendant.

12.     The actions of the defendants were lawful and proper and that probable cause existed for the arrest/shooting of the Plaintiff.

13.     The actions of the defendants in all respects were reasonable, proper and legal.

14.     The individually named Defendants did not have cause to believe that that Plaintiff's Decedent was in need of further medical attention.

15.     That Defendants were not deliberately indifferent to Plaintiff's Decedent's need for medical attention.

16,     AND FURTHER, that if the Plaintiff's Decedent sustained any injury, damage, or loss, the same was solely and proximately occasioned by the carelessness, heedlessness and

15

negligence of the Plaintiff's Decedent in failing to act in a reasonable, prudent manner, acting without due care and circumspection and in a manner dangerous to or likely to endanger Plaintiff's Decedent's own safety, and not because of any act or omission of or chargeable to the defendants herein.

17.     That the City of Detroit is governmentally immune from the imposition of tort liability and is not vicariously liable for the alleged tortious acts of its employees.

18.     That pursuant to 42 USC Section 1983, the City of Detroit is not liable for exemplary or punitive damages in any sum or at all.

**WHEREFORE IT IS RESPECTFULLY** demanded that judgment of no cause of action be entered herein, or in the alternative that the said cause be dismissed, with prejudice, and costs and attorney fees awarded to Defendant.

## RESERVATION OF ADDITIONAL DEFENSES

The defendants in the above-entitled case, by and through the undersigned attorney, not waiving any deficiency or omission in any pleadings heretofore or hereafter filed by any other party hereto, hereby reserves the right to assert and file any affirmative and special defenses as may become known by discovery proceedings in accordance with rules and practices of this Court in such case made and provided, or otherwise.

## DEMAND FOR RESPONSE TO AFFIRMATIVE DEFENSNES

**NOW COMES** Defendant, **CITY OF DETROIT**, demands a reply to each and every Affirmative Defense set forth herein.

16

Respectfully submitted,

_/s/ Krystal A. Crittendon_
**KRYSTAL A. CRITTENDON (P49981)**
Supervising Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
2 Woodward Avenue, Suite #500
Detroit, MI   48226
(313) 237-3031
critk@detroitmi.gov

DATED:        August 29, 2017

## DEMAND FOR COMPULSORY JOINDER OF CLAIMS

**NOW COMES** Defendant**, CITY OF DETROIT,** by and through its undersigned their

attorneys, demanding that Plaintiff joins any and all claims arising out of the same transaction, acts

and occurrences.

Respectfully submitted,

_/s/ Krystal A. Crittendon_
**KRYSTAL A. CRITTENDON (P49981)**
Supervising Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
2 Woodward Avenue, Suite #500
Detroit, MI   48226
(313) 237-3031
critk@detroitmi.gov

DATED:        August 29, 2017

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk
of the Court for the United States District Court, Eastern District of Michigan, using the ECF
system, which will also notify and serve all attorney(s) of record.

17

_____/s/ Krystal A. Crittendon_____
**KRYSTAL A. CRITTENDON (P49981)**
Supervising Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
2 Woodward Avenue, Suite #500
Detroit, MI   48226
(313) 237-3031
critk@detroitmi.gov

DATED:        August 29, 2017

# EXHIBIT B

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**THOMAS SANDUSKY,** as
Personal Representative of the Estate of      Honorable Nancy G. Edmunds
**HAL SANDUSKY, Deceased**      Case No: 17-11784

         Plaintiff,

-vs-

**COMMANDER MOUNSEY, LT. JOHNSON,
RICHARD KNOX, GERALD ROBINSON,
MICHELLE BAKER, SGT. BRADY BRUENTON,
SGT. JEFFREY O'KEEFE, SGT. DAVID NEWKIRK,
SGT. MCWHORTER, SGT. STEVEN FORD,
OFFICER BRIAN ROSS, OFFICER KEVIN
ZAROSLY, OFFICER WILLIAM O'BRIEN,
OFFICER YASMIN COOPER, OFFICER SHUNTA
SMALL, OFFICER J. MORGAN, OFFICER BERRY,
DETROIT POLICE DEPARTMENT, AND CITY
OF DETROIT, a Municipal Corporation,
Jointly and Severally**,

         Defendants.
_____/

**GEOFFREY N. FIEGER (P30441)**
**TODD J. WEGLARZ (P48035)**
**FIEGER, FIEGER, KENNEY & HARRINGTON**
Attorneys for Plaintiff
19390 West Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555 (Phone)
t.weglarz@fiegerlaw.com

**KRYSTAL A. CRITTENDON (P49981)**
**CHRISTINA V. KENNEDY (P68992)**
**CITY OF DETROIT LAW DEPARTMENT**
2 Woodward Ave., Suite 500
Detroit, MI 48226
(313) 237-3031 (Phone)
critk@detroitmi.gov
kennedych@detroitmi.gov

_____/

## <u>DEFENDANTS' NOTICE OF NON-PARTY FAULT</u>

1

**NOW COME** Defendants, by and through their undersigned attorney(s), and pursuant to MCR 2.12(K), names the following as non-parties at fault or non-parties potentially at fault for all or part of Plaintiff's alleged injuries and damages:

1.      Plaintiff's decedent, HAL SANDUSKY, was treated at Detroit-Receiving Hospital in the City of Detroit on June 25, 2013 by Dr.  Sarah Albers, M.D., an Emergency Room Physician, for injuries sustained by the decedent while physically attacking his girlfriend;

2.      Upon information and belief, Dr. Albers did not advise any employees or agents of the City of Detroit Police Department that Plaintiff's decedent was, or might become, septic as a result of the injuries he sustained;

3.      Upon information and belief, Dr. Albers did not advise any employees or agents of the City of Detroit Police Department as to any symptoms, conditions, complaints, or occurrences which the Detroit Police Department individuals should be aware of which might indicate that the decedent should be returned to a hospital for subsequent medical treatment;

4.      Upon information and belief, the current business address for Dr. Sarah Albers, M.D., is:  Detroit Receiving Hospital, 4201 St. Antoine Street, Detroit, Michigan, 48201;

5.      Defendants reserve the right to amend this Notice of Non-Party Fault as additional facts and information become known through the course of discovery.

Respectfully submitted,

____*/s/ Krystal A. Crittendon*_____
**KRYSTAL A. CRITTENDON (P49981)**
Supervising Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
2 Woodward Avenue, Suite #500
Detroit, MI   48226
(313) 237-3031
critk@detroitmi.gov

DATED:      August 30, 2017

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court for the United States District Court, Eastern District of Michigan, using the ECF system, which will also notify and serve all attorney(s) of record.

_/s/ Krystal A. Crittendon_
**KRYSTAL A. CRITTENDON (P49981)**
Supervising Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
2 Woodward Avenue, Suite #500
Detroit, MI  48226
(313) 237-3031
critk@detroitmi.gov

DATED:      August 30, 2017

3

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**THOMAS SANDUSKY,** as
Personal Representative of the Estate of      Honorable Nancy G. Edmunds
**HAL SANDUSKY, Deceased**      Case No:  17-11784

        Plaintiff,

-vs-

**COMMANDER MOUNSEY, LT. JOHNSON,
RICHARD KNOX, GERALD ROBINSON,
MICHELLE BAKER, SGT. BRADY BRUENTON,
SGT. JEFFREY O'KEEFE, SGT. DAVID NEWKIRK,
SGT. MCWHORTER, SGT. STEVEN FORD,
OFFICER BRIAN ROSS, OFFICER KEVIN
ZAROSLY, OFFICER WILLIAM O'BRIEN,
OFFICER YASMIN COOPER, OFFICER SHUNTA
SMALL, OFFICER J. MORGAN, OFFICER BERRY,
DETROIT POLICE DEPARTMENT, AND CITY
OF DETROIT, a Municipal Corporation,
Jointly and Severally**,

        Defendants.
_____/

**GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
FIEGER, FIEGER, KENNEY & HARRINGTON**
Attorneys for Plaintiff
19390 West Ten Mile Rd.
Southfield, MI  48075
(248) 355-5555 (Phone)
t.weglarz@fiegerlaw.com

**KRYSTAL A. CRITTENDON (P49981)
CHRISTINA V. KENNEDY (P68992)
CITY OF DETROIT LAW DEPARTMENT**
2 Woodward Ave., Suite 500
Detroit, MI  48226
(313) 237-3031 (Phone)
critk@detroitmi.gov
kennedych@detroitmi.gov

_____/

## DEFENDANTS' NOTICE OF NON-PARTY FAULT

1

**NOW COME** Defendants, by and through their undersigned attorney(s), and pursuant to MCR 2.12(K), names the following as non-parties at fault or non-parties potentially at fault for all or part of Plaintiff's alleged injuries and damages:

1. Plaintiff's decedent, HAL SANDUSKY, was treated at Detroit-Receiving Hospital in the City of Detroit on June 25, 2013 by Dr. Sarah Albers, M.D., an Emergency Room Physician, for injuries sustained by the decedent while physically attacking his girlfriend;

2. Upon information and belief, Dr. Albers did not advise any employees or agents of the City of Detroit Police Department that Plaintiff's decedent was, or might become, septic as a result of the injuries he sustained;

3. Upon information and belief, Dr. Albers did not advise any employees or agents of the City of Detroit Police Department as to any symptoms, conditions, complaints, or occurrences which the Detroit Police Department individuals should be aware of which might indicate that the decedent should be returned to a hospital for subsequent medical treatment;

4. Upon information and belief, the current business address for Dr. Sarah Albers, M.D., is: Detroit Receiving Hospital, 4201 St. Antoine Street, Detroit, Michigan, 48201;

5. Defendants reserve the right to amend this Notice of Non-Party Fault as additional facts and information become known through the course of discovery.

Respectfully submitted,

_____/s/ Krystal A. Crittendon_____
**KRYSTAL A. CRITTENDON (P49981)**
Supervising Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
2 Woodward Avenue, Suite #500
Detroit, MI   48226
(313) 237-3031
critk@detroitmi.gov

DATED:        August 30, 2017

2

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court for the United States District Court, Eastern District of Michigan, using the ECF system, which will also notify and serve all attorney(s) of record.

                */s/ Krystal A. Crittendon*

                **KRYSTAL A. CRITTENDON (P49981)**
                Supervising Assistant Corporation Counsel
                CITY OF DETROIT LAW DEPARTMENT
                2 Woodward Avenue, Suite #500
                Detroit, MI   48226
                (313) 237-3031
                critk@detroitmi.gov

DATED:      August 30, 2017

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**THOMAS SANDUSKY,** as
Personal Representative of the Estate of                   Honorable Nancy G. Edmunds
**HAL SANDUSKY, Deceased**                                 Case No:  17-11784

            Plaintiff,

-vs-

**COMMANDER MOUNSEY, LT. JOHNSON,
RICHARD KNOX, GERALD ROBINSON,
MICHELLE BAKER, SGT. BRADY BRUENTON,
SGT. JEFFREY O'KEEFE, SGT. DAVID NEWKIRK,
SGT. MCWHORTER, SGT. STEVEN FORD,
OFFICER BRIAN ROSS, OFFICER KEVIN
ZAROSLY, OFFICER WILLIAM O'BRIEN,
OFFICER YASMIN COOPER, OFFICER SHUNTA
SMALL, OFFICER J. MORGAN, OFFICER BERRY,
DETROIT POLICE DEPARTMENT, AND CITY
OF DETROIT, a Municipal Corporation,
Jointly and Severally**,

            Defendants.
_____/

**GEOFFREY N. FIEGER (P30441)
TODD J. WEGLARZ (P48035)
FIEGER, FIEGER, KENNEY & HARRINGTON**
Attorneys for Plaintiff
19390 West Ten Mile Rd.
Southfield, MI  48075
(248) 355-5555 (Phone)
t.weglarz@fiegerlaw.com

**KRYSTAL A. CRITTENDON (P49981)
CHRISTINA V. KENNEDY (P68992)
CITY OF DETROIT LAW DEPARTMENT**
2 Woodward Ave., Suite 500
Detroit, MI  48226
(313) 237-3031 (Phone)
critk@detroitmi.gov
kennedych@detroitmi.gov

_____/

**<u>DEFENDANTS' NOTICE OF NON-PARTY FAULT</u>**

1

**NOW COME** Defendants, by and through their undersigned attorney(s), and pursuant to MCR 2.12(K), names the following as non-parties at fault or non-parties potentially at fault for all or part of Plaintiff's alleged injuries and damages:

1.      Plaintiff's decedent, HAL SANDUSKY, was treated at Detroit-Receiving Hospital in the City of Detroit on June 25, 2013 by Dr.  Sarah Albers, M.D., an Emergency Room Physician, for injuries sustained by the decedent while physically attacking his girlfriend;

2.      Upon information and belief, Dr. Albers did not advise any employees or agents of the City of Detroit Police Department that Plaintiff's decedent was, or might become, septic as a result of the injuries he sustained;

3.      Upon information and belief, Dr. Albers did not advise any employees or agents of the City of Detroit Police Department as to any symptoms, conditions, complaints, or occurrences which the Detroit Police Department individuals should be aware of which might indicate that the decedent should be returned to a hospital for subsequent medical treatment;

4.      Upon information and belief, the current business address for Dr. Sarah Albers, M.D., is:  Detroit Receiving Hospital, 4201 St. Antoine Street, Detroit, Michigan, 48201;

5.      Defendants reserve the right to amend this Notice of Non-Party Fault as additional facts and information become known through the course of discovery.

Respectfully submitted,

_____/s/ Krystal A. Crittendon_____
**KRYSTAL A. CRITTENDON (P49981)**
Supervising Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
2 Woodward Avenue, Suite #500
Detroit, MI   48226
(313) 237-3031
critk@detroitmi.gov

DATED:        September 19, 2017

2

## <u>CERTIFICATE OF SERVICE</u>

        The undersigned hereby certifies that the foregoing was electronically filed with the Clerk of the Court for the United States District Court, Eastern District of Michigan, using the ECF system, which will also notify and serve all attorney(s) of record.

                                  */s/ Krystal A. Crittendon*
                                  **KRYSTAL A. CRITTENDON (P49981)**
                                  Supervising Assistant Corporation Counsel
                                  CITY OF DETROIT LAW DEPARTMENT
                                  2 Woodward Avenue, Suite #500
                                  Detroit, MI   48226
                                  (313) 237-3031
                                  critk@detroitmi.gov

DATED:       September 19, 2017

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

THOMAS SANDUSKY, as Personal
Representative of the Estate of
HAL SANDUSKY, Deceased,

    Plaintiff,

v.

COMMANDER MOUNSEY, LT. JOHNSON,
RICHARD KNOX, GERALD ROBINSON,
MICHELLE BAKER, SGT. BRADY
BRUENTON, SGT. JEFFREY O'KEEFE, SGT.
DAVID NEWKIRK, SGT. MCWHORTER,
SGT. STEVEN FORD, OFFICER BRIAN
ROSS, OFFICER KEVIN ZAROSLY,
OFFICER WILLIAM O'BRIEN, OFFICER
YASMIN COOPER, OFFICER SHUNTA
SMALL, OFFICER J. MORGAN, OFFICER
BERRY, DETROIT POLICE DEPARTMENT,
AND CITY OF DETROIT, a Municipal
Corporation, Jointly and Severally,

    Defendants.

Case No. 17 - 11784 - NGE - MKM
Hon. Nancy G. Edmunds

**JOINT PROPOSED
DISCOVERY PLAN
PURSUANT TO RULE 26(f)**

_____/

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | KRYSTAL A. CRITTENDON (P49981) |
| TODD J. WEGLARZ (P48035) | CHRISTINA V. KENNEDY (P68992) |
| Attorney for Plaintiff | CITY OF DETROIT LAW |
| 19390 W. 10 Mile Road | DEPARTMENT |
| Southfield, MI  48075 | 2 Woodward Ave., Suite 500 |
| (248) 355-5555 | Detroit, MI 48226 |
| (248) 355-5148 (fax) | (313) 237-3031 (Phone) |
| t.weglarz@fiegerlaw.com | critk@detroitmi.gov |
| | kennedych@detroitmi.gov |

_____/

{00441633.DOCX}

1

## JOINT PROPOSED DISCOVERY PLAN PURSUANT TO RULE 26(f)

On September 7, 2017, counsel for the parties conferred to prepare a Joint Proposed Discovery Plan, which the parties submit as follows for the Court's consideration:

1. The Parties' Claims & Defenses:

   a. Plaintiff's Claims:

      i. 35 year old Hal Sandusky died from septic shock caused by an infected lacerated right forearm two days after being arrested for a domestic dispute by the Detroit Police Department. The arresting officers were aware of Mr. Sandusky's laceration and took him to the Detroit Receiving Hospital Emergency Room prior to being booked into the precinct jail. The ER staff irrigated and bandaged Mr. Sandusky's right forearm, and discharged Mr. Sandusky that same evening. Defendants booked Mr. Sandusky into the precinct jail the evening of June 25, 2013. 48 hours later, Defendants found Mr. Sandusky unresponsive in his cell, with sloughing and mottled skin over his entire right arm. He was pronounced dead several hours later at the hospital, secondary to septic shock. Plaintiff alleges Defendants should have provided medical attention before Mr. Sandusky became overcome with end stage septic shock. Defendants' records show no monitoring, supervision, or checks on Decedent at any time prior to Decedent being found unresponsive.

   b. Defendants' Defenses:

      i. The individually-named defendants are qualifiedly immune from the imposition of liability because pursuant to 42 U.S.C. § 1983, a police officer who acts in good faith in performing his job duties is entitled to qualified immunity from the imposition of liability. A governmental officer must violate an individual's clearly established constitutional

rights before the defense of qualified immunity is unavailable to the official, so long as the officer believed his or her conduct did not violate those rights and the officer's belief was objectively reasonable. In this case, Plaintiffs cannot establish that the individually-named defendant Police Officers were deliberately indifferent to the Plaintiff's Decedent's medical needs. Moreover, a governmental agency, such as the City of Detroit, may be held liable for the deprivation of an individual's federal constitutional rights only where, through the implementation of the agency's policies, customs, or practices, the agency directly causes such deprivation. A municipality may not be liable for alleged constitutional violations merely because it may employ a tortfeasor. Finally, with respect to Plaintiff's gross negligence claim under Michigan law the Governmental Tort Liability Act defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." The Michigan Supreme Court has held that the alleged gross negligence must be "the proximate cause" of an injury or death and that it must be "the cause the one most immediate, efficient, and direct cause preceding an injury," and not merely "a proximate cause." In this case, "the" most immediate, efficient and direct cause of Plaintiff's Decedent death was septic shock, not any actions or inactions by the individually-named defendants.

2. The parties' initial disclosures will be due on December 1, 2017.

3. The parties propose a fact discovery deadline of July 1, 2018. The subjects of discovery will include all matters relevant to any and all claims and defenses as permitted under the Federal Rules of Civil Procedure and relevant case law, with a focus on Plaintiff's medical issues while confined at Defendant's precinct jail and the Defendants' monitoring of and response to same.

4. Plaintiff will seek all surveillance videos and audios. The parties are unsure at this stage of discovery if electronically stored information will be an issue in this matter.

5.  The parties do not foresee any significant issues relating to claims of privilege or of protection as trial preparation material; however, the parties reserve the right to assert claims of privilege in accordance with the relevant statutes, rules and case law, especially with respect to the attorney/client privilege and the work product doctrine.

6.  The parties anticipate the necessity of taking more than 10 depositions each due to the number of individual Defendants, the involvement of health care professionals from an outside institution (Detroit Receiving Hospital), and other lay and expert witnesses who will be identified during discovery.

7.  Pursuant to the Notice of Non-Party fault filed by Defendants, Plaintiff may add Detroit Receiving Hospital and its healthcare staff as additional Defendants.

8.  The parties propose the following dates and deadlines for the management of this case:

    a.  Witness Lists Exchanged by:    **June 1, 2018**

    b.  Discovery Cut-Off:    **July 1, 2018**

    c.  Dispositive Motions Filed by:    **August 1, 2018**

    d.  Rule 26(a)(2) Expert Disclosures per Court Rule

    e.  Stipulation for Mediation Submitted By:    **TBD**

    f.  Final Pretrial Order Due:    **TBD**

    g.  Final Pretrial Conference:    **TBD**

    h.  Trial Date:    **TBD**

    i.  Estimated Length of Trial:    **5-7 Days**

    j.  This is a Jury Trial

/s/ Todd J. Weglarz
TODD J. WEGLARZ (P48035)
Attorney for Plaintiff
19390 W. 10 Mile Road
Southfield, MI  48075
(248) 355-5555
tweglarz@fiegerlaw.com

/s/ Krystal A. Crittendon
KRYSTAL A. CRITTENDON (P49981)
Attorney for Defendants
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3031
critk@detroitmi.gov

# EXHIBIT D

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**THOMAS SANDUSKY,** as P/R of the Estate of **HAL SANDUSKY, Deceased**

Honorable Nancy G. Edmunds
Case No: 17-11784

Plaintiff,

-vs-

**COMMANDER MOUNSEY, LT. JOHNSON, RICHARD KNOX, GERALD ROBINSON, MICHELLE BAKER, SGT. BRADY BRUENTON, SGT. JEFFREY O'KEEFE, SGT. DAVID NEWKIRK, SGT. MCWHORTER, SGT. STEVEN FORD, OFFICER BRIAN ROSS, OFFICER KEVIN ZAROSLY, OFFICER WILLIAM O'BRIEN, OFFICER YASMIN COOPER, OFFICER SHUNTA SMALL, OFFICER J. MORGAN, OFFICER BERRY, DETROIT POLICE DEPARTMENT, AND CITY OF DETROIT,** a Municipal Corporation, Jointly and Severally,

Defendants.

_____/

| | |
|---|---|
| **GEOFFREY N. FIEGER (P30441)** | **KRYSTAL A. CRITTENDON P49981** |
| **TODD J. WEGLARZ (P48035)** | **CHRISTINA V. KENNEDY P68992** |
| **FIEGER, FIEGER, KENNEY & HARRINGTON** | **CITY OF DETROIT LAW DEPT** |
| Attorneys for Plaintiff | 2 Woodward #500 |
| 19390 West Ten Mile Rd. | Detroit, MI 48226 |
| Southfield, MI 48075 | 313-237-3031 |
| (248) 355-5555 (Phone) | critk@detroitmi.gov |
| t.weglarz@fiegerlaw.com | kennedych@detroitmi.gov |

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2017, I served Defendant City Of Detroit's Answers To Plaintiff's Interrogatories To Defendant City Of Detroit & Detroit Police Department and this Certificate of Service by mailing same to attorney for Plaintiff of record via USPS by depositing same in the U.S. Post Office receptacle located in the Coleman A. Young Municipal Building, Detroit, Michigan 48226.

/s/ *Imani L. Kenyatté*
_____



City of Detroit
Law Department

Coleman A. Young Municipal Center
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226-3535
Phone 313•224•4550
Fax 313•224•5505
www.detroitmi.gov

November 2, 2017



*1 3811*
RECEIVED
NOV 1 0 2017
Fieger Law

Fieger, Fieger, Kenney & Harrington
Todd J. Weglarz
19390West Ten Mile Rd.
Southfield, MI 48075

RE:    **THOMAS SANDUSKY P/R est. of HAL SANDUSKY v CITY OF DETROIT
        CASE NO. 17-11784**

Dear Mr. Weglarz:

    Enclosed please find, relative to the above-referenced matter, Defendant City of Detroit's Answers to Plaintiff's Interrogatories to Defendant City of Detroit and Detroit Police Department with a Certificate of Service.

                    Signed,

                    *Krystal A. Crittendon*

                    Krystal A. Crittendon
                    Supervising Assistant Corporation Counsel

KAC:ilk

enclosure

**THOMAS SANDUSKY,** as P/R of the Estate of **HAL SANDUSKY, Deceased**

Honorable Nancy G. Edmunds
Case No: 17-11784

Plaintiff,

-vs-

**COMMANDER MOUNSEY, LT. JOHNSON, RICHARD KNOX, GERALD ROBINSON, MICHELLE BAKER, SGT. BRADY BRUENTON, SGT. JEFFREY O'KEEFE, SGT. DAVID NEWKIRK, SGT. MCWHORTER, SGT. STEVEN FORD, OFFICER BRIAN ROSS, OFFICER KEVIN ZAROSLY, OFFICER WILLIAM O'BRIEN, OFFICER YASMIN COOPER, OFFICER SHUNTA SMALL, OFFICER J. MORGAN, OFFICER BERRY, DETROIT POLICE DEPARTMENT, AND CITY OF DETROIT,** a Municipal Corporation, Jointly and Severally,

Defendants.

_____/

**GEOFFREY N. FIEGER (P30441)**
**TODD J. WEGLARZ (P48035)**
**FIEGER, FIEGER, KENNEY & HARRINGTON**
Attorneys for Plaintiff
19390 West Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555 (Phone)
t.weglarz@fiegerlaw.com

**KRYSTAL A. CRITTENDON (P49981)**
**CHRISTINA V. KENNEDY (P68992)**
**CITY OF DETROIT LAW DEPARTMENT**
2 Woodward Ave., Suite 500
Detroit, MI 48226
(313) 237-3031 (Phone)
critk@detroitmi.gov
kennedych@detroitmi.gov

_____/

## DEFENDANT CITY OF DETROIT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES TO DEFENDANT CITY OF DETROIT & DETROIT POLICE DEPARTMENT

1

**NOW COMES** Defendant, CITY OF DETROIT, by and through their undersigned attorney(s), and for their **Answers to Plaintiff's Interrogatories to Defendant City of Detroit & Detroit Police Department**, state as follows:

## INTERROGATORIES AND ANSWERS

1. With respect to Defendants Officer Michelle Baker, Officer Berry, Sgt. Bruenton, Officer Yasmin Cooper #695, Sgt. Steven Ford, Lt. Johnson, Sgt. McWhorter, Commander Mounsey, Sgt. David Newkirk, Sgt. Jeffery O'Keefe, Officer Gerald Robinson, Officer Brian Ross, Officer Shunta Small #2538, and Officer Kevin Zarosly, please provide the following information:

   a. Last known full and complete name;

   b. Date of birth;

   c. Social security number;

   d. Last known name, address, and telephone number of employer;

   e. Last known residential address, email addresses, and telephone numbers (home and cell);

   f. If still employed by the DPD, please provide address where Defendant reports to work.

**ANSWER:**

   a. **Brian Mounsey; (Lieutenant) White; Richard Knox; Gerald Robinson; Michelle Baker; Brady Bruenton; Jeffrey O'Keefe; David Newkirk; Gregory McWhorter; Steven Ford; Brian Ross; Kevin Zarosly; William O'Brian; Yasmin Cooper; Shunta Small; James Morgan; (Officer) Berry;**

   b. **OBJECTION: Law Enforcement Privilege; Unwarranted Invasion of Privacy; Irrelevant and lacking any tendency to make a fact more or less probable than it would be without the evidence and inconsequential in determining Plaintiff's action;**

   c. **OBJECTION: Law Enforcement Privilege; Unwarranted Invasion of Privacy; Irrelevant and lacking any tendency to make a fact more or less probable than it would be without the evidence and inconsequential in determining Plaintiff's action;**

   d. **City of Detroit Police Department, 1301 Third Street, Detroit, MI 48226;**

2

e.   **OBJECTION:**   Law Enforcement Privilege; Unwarranted Invasion of Privacy; Irrelevant and lacking any tendency to make a fact more or less probable than it would be without the evidence and inconsequential in determining Plaintiff's action;

f.   **All Defendants can be contacted through Defense counsel.**

Respectfully submitted,

*/s/ Krystal A. Crittendon*
**KRYSTAL A. CRITTENDON (P49981)**
Supervising Assistant Corporation Counsel
CITY OF DETROIT LAW DEPARTMENT
2 Woodward #500
Detroit, MI  48226
(313) 237-3031

DATED:      November 2, 2017

3

**THOMAS SANDUSKY,** as P/R of the Estate of **HAL SANDUSKY, Deceased**

Honorable Nancy G. Edmunds
Case No: 17-11784

Plaintiff,

-vs-

**COMMANDER MOUNSEY, LT. JOHNSON, RICHARD KNOX, GERALD ROBINSON, MICHELLE BAKER, SGT. BRADY BRUENTON, SGT. JEFFREY O'KEEFE, SGT. DAVID NEWKIRK, SGT. MCWHORTER, SGT. STEVEN FORD, OFFICER BRIAN ROSS, OFFICER KEVIN ZAROSLY, OFFICER WILLIAM O'BRIEN, OFFICER YASMIN COOPER, OFFICER SHUNTA SMALL, OFFICER J. MORGAN, OFFICER BERRY, DETROIT POLICE DEPARTMENT, AND CITY OF DETROIT,** a Municipal Corporation, Jointly and Severally,

Defendants.

_____/

| | |
|---|---|
| **GEOFFREY N. FIEGER (P30441)**<br>**TODD J. WEGLARZ (P48035)**<br>**FIEGER, FIEGER, KENNEY & HARRINGTON**<br>Attorneys for Plaintiff<br>19390 West Ten Mile Rd.<br>Southfield, MI 48075<br>(248) 355-5555 (Phone)<br>t.weglarz@fiegerlaw.com | **KRYSTAL A. CRITTENDON P49981**<br>**CHRISTINA V. KENNEDY P68992**<br>**CITY OF DETROIT LAW DEPT**<br>2 Woodward #500<br>Detroit, MI 48226<br>313-237-3031<br>critk@detroitmi.gov<br>kennedych@detroitmi.gov |

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2017, I served Defendant City Of Detroit's Answers To Plaintiff's Interrogatories To Defendant City Of Detroit & Detroit Police Department and this Certificate of Service by mailing same to attorney for Plaintiff of record via USPS by depositing same in the U.S. Post Office receptacle located in the Coleman A. Young Municipal Building, Detroit, Michigan 48226.

/s/ *Imani L. Kenyatté*

# EXHIBIT E



**KRYSTAL A. CRITTENDON**
SUPERVISING ASSISTANT CORPORATION COUNSEL
CITY OF DETROIT LAW DEPARTMENT - LITIGATION DIVISION
DIRECT DIAL 313·237·3031
E-MAIL: CRITK@DETROITMI.GOV

COLEMAN A. YOUNG MUNICIPAL CENTER
2 WOODWARD AVENUE, SUITE 500
DETROIT, MICHIGAN 48226-3437
PHONE 313·224·4550
FAX 313·224·5505
WWW.DETROITMI.GOV

CITY OF DETROIT
LAW DEPARTMENT

January 18, 2018

*1381*
**RECEIVED**

**JAN 2 2 2018**

**Fieger Law**

Todd J. Weglarz, Esq.
Fieger, Fieger, Kenney & Harrington
19390 West Ten Mile Rd.
Southfield, MI 48075

Re:   **Thomas Sandusky, PR for the Estate of Hal Sandusky v City of Detroit, et al.
       USDC Case No: 17-11784**

Dear Mr. Weglarz:

Enclosed please find Defendants' Rule 26(a)(1) Initial Disclosures.  Please note that the audio files and color photographs referenced are contained on the enclosed thumb drive.  Also, please advise as to when you will be serving Plaintiff's Initial Disclosures upon Defendants.

Respectfully submitted,

Krystal A. Crittendon
Supervising Assistant Corporation Counsel

Enclosures

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**THOMAS SANDUSKY,** as
Personal Representative of the Estate of
**HAL SANDUSKY, Deceased**

Honorable Nancy G. Edmunds
Case No: 17-11784

Plaintiff,

-vs-

**COMMANDER MOUNSEY, LT. JOHNSON,
RICHARD KNOX, GERALD ROBINSON,
MICHELLE BAKER, SGT. BRADY BRUENTON,
SGT. JEFFREY O'KEEFE, SGT. DAVID NEWKIRK,
SGT. MCWHORTER, SGT. STEVEN FORD,
OFFICER BRIAN ROSS, OFFICER KEVIN
ZAROSLY, OFFICER WILLIAM O'BRIEN,
OFFICER YASMIN COOPER, OFFICER SHUNTA
SMALL, OFFICER J. MORGAN, OFFICER BERRY,
DETROIT POLICE DEPARTMENT, AND CITY
OF DETROIT, a Municipal Corporation,
Jointly and Severally,**

Defendants.

_____/

## DEFENDANTS' RULE 26(a)(1) INITIAL DISCLOSURES

Defendants make the following initial disclosures pursuant to Fed.R.Civ.P.

26(1)(1)(A):

**(i)   INDIVIDUALS LIKELY TO HAVE DISCOVERABLE**

**INFORMATION**

    **a.   Stephanie Tullos**

        i.   8415 Logan
           Detroit, MI   48209

1

ii. Ms. Tullos may have knowledge about the events which occurred on ` June 25, 2013 on Logan Street

**b.** **Alberto Jackson**

i. 8321 Rathbone
Detroit, MI 48209

ii. Mr. Jackson may have knowledge about the events which occurred on June 25, 2013 on Logan Street

**c.** **Michael Rodriguez**

i. 8385 Logan
Detroit, MI 48209

ii. Mr. Rodriguez may have knowledge about the events which occurred on June 25, 2013 on Logan Street

**d.** **Lewis Angel**

i. Address unknown

ii. Mr. Angel may have knowledge about the events which occurred on June 25, 2013 on Logan Street

**e.** **Joseph Nichols**

i. 7100 Parkwood
Detroit, MI 48210

ii. Mr. Nichols may have knowledge about the events which

2

occurred on June 25, 2013 on Logan Street

f. **Diane Adams**

    i.    8385 Logan
        Detroit, MI 48209

    ii.   Ms. Adams may have knowledge about the events which
        occurred on June 25, 2013 on Logan Street

g. **Robert Campbell**

    i.    500 Tamarack
        Wixom, MI 48393

    ii.   Mr. Campbell may have knowledge about the events
        which occurred on June 25, 2013 on Logan Street

h. **Timothy Alan Derry**

    i.    8384 Logan
        Detroit, MI 48209

    ii.   Mr. Derry may have knowledge about the events which
        occurred on June 25, 2013 on Logan Street

i. **Mark Sturgill**

    i.    8361 Logan
        Detroit, MI 48209

ii. Mr. Sturgill may have knowledge about the events which occurred on June 25, 2013 on Logan Street

**j.   Christopher Nichols**

i. Address unknown

ii. Mr. Nichols will testify about a physical altercation he had with the decedent prior to his death

**k.   Damon Turner**

i. 5282 Chatsworth
Detroit, MI  48224

ii. Mr. Turner may have knowledge about the events which occurred at the DPD's Second Precinct at or near the time of Decedent's death

**l.   Harold McKinney**

i. 29010 Annapolis
Inkster, MI  48141

ii. Mr. McKinney may have knowledge about the events which occurred at the DPD's Second Precinct at or near the time of Decedent's death

**m.   Ordanny Olivio**

i. 4054 North Campbell
Detroit, MI  48210

4

ii.   Mr. Olivio may have knowledge about the events which
     occurred at the DPD's Second Precinct at or near the time of
     Decedent's death

**n.    Robert Swamba**

i.    29477 Cherryhill, #117
      Inkster, MI   48141

ii.   Mr. Swamba may have knowledge about the events which
      occurred at the DPD's Second Precinct at or near the time of
      Decedent's death

**o.    Mushtaq Alsawadi**

i.    5842 Renville
      Detroit, MI   48210

ii.   Mr. Alsawadi may have knowledge about the events which
      occurred at the DPD's Second Precinct at or near the time of
      Decedent's death

**p.    Danny Woods**

i.    2705 Electric
      Detroit, MI   48217

ii.   Mr. Woods may have knowledge about the events which
      occurred at the DPD's Second Precinct at or near the time of
      Decedent's death

5

**q.    Thomas Sandusky, Decedent's father**

  i.    8273 Rathbone
        Detroit, MI   48209

  ii.   Mr. Sandusky may have knowledge about the damages suffered
        and owing to the decedent's estate

**r.    Dave Sandusky, Decedent's brother**

  i.    Address unknown

  ii.    Mr. Sandusky may have knowledge about the damages
        suffered and owing to the decedent's estate

**s.    Kathleen Dunlap, Plaintiff's mother**

  i.    8273 Rathbone
        Detroit, MI   48209

  ii.   Ms. Dunlap may have knowledge about the damages
        suffered and owing to the decedent's estate

**t.    Dr. Sarah l. Albers, M.D., Emergency Room Physician**

  i.    c/o Detroit Receiving Hospital
        4201 St. Antoine
        Detroit, MI   48201

  ii.   Dr. Albers will have knowledge about the injury sustained by
        the decedent which caused or contributed to his death

6

**u. Dr. Brian O'Neil, M.D., Emergency Room Physician**

    i.    c/o Sinai-Grace Hospital
           6767 West Outer Drive
           Detroit, MI  48235

    ii.   Dr. O'Neil will testify to the decedent's medical condition and any treatment rendered

**v. Thomas Ginn**

    i.    3518 Baldwin
           Detroit, MI  48214

    ii.   Mr. Ginn may have knowledge about the events which occurred at the DPD's Second Precinct at or near the time of Decedent's death

**w. Dr. Essi I. Harju, Emergency Room Physician**

    i.    c/o Sinai-Grace Hospital
           6767 West Outer Drive
           Detroit, MI  48235

    ii.   EMT Wallace will testify to the decedent's medical condition and any treatment rendered

**x. Dionysos Wallace, Emergency Medical Technician/Paramedic**

    i.    City of Detroit Fire Department – EMS Division
           1301 3rd St
           Detroit, MI  48226

    ii.   EMT Wallace will testify to the decedent's medical

7

condition and any treatment rendered

**y.**    **Kevin Williams, Emergency Medical Technician/Paramedic**

    i.    City of Detroit Fire Department – EMS Division
1301 3rd St
Detroit, MI   48226

    ii.    EMT Wallace will testify to the decedent's medical
condition and any treatment rendered

**z.**    **Dr. Daniel S. Iscenschmid, Ph.D., D-ABFT, Forensic Toxicologist**

    i.    Wayne County Office of the Medical Examiner
1300 East Warren
Detroit, MI   48207

    ii.    Dr. Iscenschmid may have knowledge about   toxicological findings
which may have contributed or causes the decedent's death

**aa.**    **Dr. Carl J. Schmidt, M.D., M.P.H., Chief Medical Examiner**

    i.    Wayne County Office of the Medical Examiner
1300 East Warren
Detroit, MI   48207

    ii.    Dr. Schmidt may have knowledge about cause of the
decedent's death

**bb.**    **Dr. Avneesh Gupta, M.D., Assistant Medical Examiner**

    i.    Wayne County Office of the Medical Examiner
1300 East Warren
Detroit, MI   48207

8

ii.    Dr. Gupta may have knowledge about cause of the decedent's death

## cc.    Brian Mounsey, Police Commander

i.    City of Detroit Police Department
1301 3rd St
Detroit, MI 48226

ii.    Commander Mounsey will testify to his role, if any, in the incident which give rise to decedent's death

## dd.    Dennis Johnson, Police Investigator

i.    City of Detroit Police Department
1301 3rd St
Detroit, MI 48226

ii.    Investigator Johnson will testify to his role, if any, in the incident which give rise to decedent's death

## ee.    Richard Knox, Police Sergeant

i.    City of Detroit Police Department
1301 3rd St
Detroit, MI 48226

ii.    Sergeant Knox will testify to his role, if any, in the incident which give rise to decedent's death

9

**ff.   Gerald Robinson, Police Lieutenant**

    i.     City of Detroit Police Department
           1301 3rd St
           Detroit, MI   48226

    ii.    Lieutenant Robinson will testify to his role, if any, in
           the incident which give rise to decedent's death

**gg.   Michelle Baker, Police Investigator**

    i.     City of Detroit Police Department
           1301 3rd St
           Detroit, MI   48226

    ii.    Investigator Baker will testify to her role, if any, in
           the incident which give rise to decedent's death

**hh.   Brady Bruenton, Police Sergeant**

    i.     City of Detroit Police Department
           1301 3rd St
           Detroit, MI   48226

    ii.    Sergeant Bruenton will testify to his role, if any, in
           the incident which give rise to decedent's death

**ii.   Jeffrey O'Keefe, Police Sergeant**

    i.     City of Detroit Police Department
           1301 3rd St
           Detroit, MI   48226

    ii.    Sergeant O'Keefe will testify to his role, if any, in
           the incident which give rise to decedent's death

**jj.   David Newkirk, Police Sergeant**

  i.    City of Detroit Police Department
        1301 3rd St
        Detroit, MI   48226

  ii.   Sergeant Newkirk will testify to his role, if any, in
        the incident which give rise to decedent's death

**kk.   Gregory McWhorter, Police Sergeant**

  i.    City of Detroit Police Department
        1301 3rd St
        Detroit, MI   48226

  ii.   Sergeant McWhorter will testify to his role, if any, in
        the incident which give rise to decedent's death

**ll.   Steven Ford, Police Sergeant**

  i.    City of Detroit Police Department
        1301 3rd St
        Detroit, MI   48226

  ii.   Sergeant Ford will testify to his role, if any, in
        the incident which give rise to decedent's death

**mm.  Brian Ross, Police Officer**

  i.    City of Detroit Police Department
        1301 3rd St
        Detroit, MI   48226

  ii.   Officer Ross will testify to his role, if any, in
        the incident which give rise to decedent's death

11

**nn.  Kevin Zarosly, Police Officer**

    i.    City of Detroit Police Department
          1301 3rd St
          Detroit, MI  48226

    ii.   Officer Zarosly will testify to his role, if any, in the incident which give rise to decedent's death

**oo.  William O'Brien, Police Officer**

    i.    City of Detroit Police Department
          1301 3rd St
          Detroit, MI  48226

    ii.   Officer O'Brien will testify to his role, if any, in the incident which give rise to decedent's death

**pp.  Yasmin Cooper, Police Officer**

    i.    City of Detroit Police Department
          1301 3rd St
          Detroit, MI  48226

    ii.   Officer Cooper will testify to her role, if any, in the incident which give rise to decedent's death

**qq.  Shunta Small, Police Officer**

    i.    City of Detroit Police Department
          1301 3rd St
          Detroit, MI  48226

    ii.   Officer Small will testify to his role, if any, in the incident which give rise to decedent's death

**rr.   James Morgan, Police Sergeant**

    i.    City of Detroit Police Department
            1301 3rd St
            Detroit, MI   48226

    ii.   Sergeant Morgan will testify to his role, if any, in
            the incident which give rise to decedent's death

**ss.   Leon Berry, Police Detective**

    i.    City of Detroit Police Department
            1301 3rd St
            Detroit, MI   48226

    ii.   Detective Berry will testify to his role, if any, in
            the incident which give rise to decedent's death

**tt.   Officer Wincer**

    i.    City of Detroit Police Department
            1301 3rd St
            Detroit, MI   48226

    ii.   Officer Wincer will testify to his role, if any, in
            the incident which give rise to decedent's death

**uu.   Walter Atkins, Police Officer**

    i.    City of Detroit Police Department
            1301 3rd St
            Detroit, MI   48226

    ii.   Officer Atkins will testify to his role, if any, in
            the incident which give rise to decedent's death

13

**vv. George Alam, Police Officer**

    i.     City of Detroit Police Department
            1301 3rd St
            Detroit, MI  48226

    ii.    Officer Alam will testify to his role, if any, in
            the incident which give rise to decedent's death

**ww. Scott M. Shea, Police Officer**

    i.     City of Detroit Police Department
            1301 3rd St
            Detroit, MI  48226

    ii.    Officer Shea will testify to his role, if any, in
            investigating the incident which give rise to decedent's
            death

**xx. Sandra Starks, Police Sergeant**

    i.     City of Detroit Police Department
            1301 3rd St
            Detroit, MI  48226

    ii.    Sergeant Starks will testify to her role, if any, in
            investigating the incident which give rise to decedent's
            death

**yy. Patrick Schneider, Police Sergeant**

    i.     City of Detroit Police Department
            1301 3rd St
            Detroit, MI  48226

    ii.    Sergeant Schneider will testify to his role, if any, in
            investigating the incident which give rise to decedent's

14

death

**zz.  Glynn Davis, Police Sergeant**

    i.     City of Detroit Police Department
           1301 3rd St
           Detroit, MI   48226

    ii.    Sergeant Davis will testify to his role, if any, in
           investigating the incident which give rise to decedent's
           death

**aaa.  Brian McGhee, Police Sergeant**

    i.     City of Detroit Police Department
           1301 3rd St
           Detroit, MI   48226

    ii.    Sergeant McGhee will testify to his role, if any, in
           investigating the incident which give rise to decedent's
           death

**bbb.  Michael D. Russell, Police Sergeant**

    i.     City of Detroit Police Department
           1301 3rd St
           Detroit, MI   48226

    ii.    Sergeant Russell will testify to his role, if any, in
           investigating the incident which give rise to decedent's
           death

15

**ccc.** **Beverly Rodgers, Police Sergeant**

    i.     City of Detroit Police Department
                1301 3rd St
                Detroit, MI  48226

    ii.    Sergeant Rodgers will testify to her role, if any, in
                investigating the incident which give rise to decedent's
                death

## (ii)   <u>DOCUMENTS</u>

    (a)    Fifty-two (52) pictures taken by Detroit Police Department Evidence
             Technicians depicting: (15) of Cell 2C02 where the decedent was
             detained; (12) of the DPD transporting vehicle which conveyed the
             decedent to the hospital; (1) of the Intake Sheet inside DPD; (3) of
             CPR equipment inside DPD; (20) of decedent at Sinai-Grace; (1) of
             the Evidence Technician Photo Envelope; (2) photos of a DPD
             Evidence Tag

    (b)    CRISNET Reports of the following Police Officers:  Brian Ross and
             Kevin Zarosly; Gregory McWhorter; Walter Atkins and George
             Alam;  Yasmin Cooper and William O'Brien; William O'Brien and
             David Newkirk;

    (c)    Witness Statements of Robert Bruce Campbell, Stephanie Winifred
             Tullos, Alberto Jackson, Michael Rodriguez, Timothy Allen Derry,
             Mark Sturgill, Ordanny Olivio , Robert Swamba, Harold McKinney,
             Damon Turner, Mushtaq Alsawadi, Danny Woods, Thomas Ginn,
             Dwayne Jones, Francis Sciriha, Dwayne Wright, Joseph Garvos,

    (d)    State of Michigan Department of Community Health Certificate of

16

Death;

(e)    Detainee Input Sheet;

(f)    Detroit Police Department's Investigators Report and Supplemental Report, including CRISNET Reports, Arrest Report, Detainee Input Sheets, Detroit Police Department Warrant Tracking Hold Form, Detroit Police Department Constitutional Rights Certificate of Notification, Detroit Police Department Interrogation Record, Homicide Scene Investigation Records, Decedent's Medical Records from Sinai-Grace Hospital, Decedent's Autopsy and Toxicological Records from the Office of the Wayne County Medical Examiner, the City of Detroit EMS RunSheet regarding the transport of Decedent;

(g)    Audio Files for; Damon Turner, Harold McKinney, Ordanny Olivio Robert Swamba and David Newkirk.

Respectfully submitted,

/s/    *Krystal A Crittendon*

By:    Krystal A Crittendon P49981
City of Detroit Law Department
Attorneys for Defendant the City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
313-237-3018
critk@detroitmi.gov

DATED: January 11, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2017, I served Defendants' Rule 26(a)(1) Intigial Disclosures and this Certificate of Service by mailing same to attorney for Plaintiff of record via USPS by depositing same in the U.S. Post Office receptacle located in the Coleman A. Young Municipal Building, Detroit, Michigan 48226.

*Krystal A. Crittendon, Esq.*

17

# EXHIBIT F

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**THOMAS SANDUSKY,** as
Personal Representative of the Estate of          Honorable Nancy G. Edmunds
**HAL SANDUSKY, Deceased**                         Case No:  17-11784

        Plaintiff,

-vs-

**COMMANDER MOUNSEY, LT. JOHNSON,
RICHARD KNOX, GERALD ROBINSON,
MICHELLE BAKER, SGT. BRADY BRUENTON,
SGT. JEFFREY O'KEEFE, SGT. DAVID NEWKIRK,
SGT. MCWHORTER, SGT. STEVEN FORD,
OFFICER BRIAN ROSS, OFFICER KEVIN
ZAROSLY, OFFICER WILLIAM O'BRIEN,
OFFICER YASMIN COOPER, OFFICER SHUNTA
SMALL, OFFICER J. MORGAN, OFFICER BERRY,
DETROIT POLICE DEPARTMENT, AND CITY
OF DETROIT, a Municipal Corporation,
Jointly and Severally**,

        Defendants.
_____/

## DEFENDANTS' WITNESS LIST

    **NOW COME** the defendants, by and through their attorney, KRYSTAL A.

CRITTENDON, and for their **Witness List**, state as follows:

    1.    Stephanie Tullos
            8415 Logan
            Detroit, MI   48209

    2.    Alberto Jackson
            8321 Rathbone
            Detroit, MI   48209

1

3.    Michael Rodriguez
      8385 Logan
      Detroit, MI   48209

4.    Lewis Angel
      Address unknown

5.    Joseph Nichols
      7100 Parkwood
      Detroit, MI   48210

6.    Diane Adams
      8385 Logan
      Detroit, MI   48209

7.    Robert Campbell
      500 Tamarack
      Wixom, MI   48393

8.    Timothy Alan Derry
      8384 Logan
      Detroit, MI   48209

9.    Mark Sturgill
      8361 Logan
      Detroit, MI   48209

10.   Christopher Nichols
      Address unknown

11.   Damon Turner
      5282 Chatsworth
      Detroit, MI   48224

12.   Harold McKinney
      29010 Annapolis
      Inkster, MI   48141

2

13.    Ordanny Olivio
       4054 North Campbell
       Detroit, MI   48210

14.    Robert Swamba
       29477 Cherryhill, #117
       Inkster, MI   48141

15.    Mushtaq Alsawadi
       5842 Renville
       Detroit, MI   48210

16.    Danny Woods
       2705 Electric
       Detroit, MI   48217

17.    Thomas Sandusky
       8273 Rathbone
       Detroit, MI   48209

18.    Dave Sandusky
       Address unknown

19.    Kathleen Dunlap
       8273 Rathbone
       Detroit, MI   48209

20.    Dr. Sarah l. Albers, M.D., Emergency Medicine
       c/o Detroit Receiving Hospital
       4201 St. Antoine
       Detroit, MI   48201

21.    Dr. Brian O'Neil, M.D., Emergency Medicine
       c/o Sinai-Grace Hospital
       6767 West Outer Drive
       Detroit, MI   48235

22.    Thomas Ginn
       3518 Baldwin
       Detroit, MI  48214

3

23.    Dr. Essi I. Harju, Emergency Medicine
       c/o Sinai-Grace Hospital
       6767 West Outer Drive
       Detroit, MI   48235

24.    Dionysos Wallace, Emergency Medical Technician/Paramedic
       City of Detroit Fire Department – EMS Division
        1301 3rd St
       Detroit, MI   48226

25.    Kevin Williams, Emergency Medical Technician/Paramedic
       City of Detroit Fire Department – EMS Division
       1301 3rd St
       Detroit, MI   48226

26.    Dr. Daniel S. Iscenschmid, Ph.D., D-ABFT, Forensic Toxicologist
       Wayne County Office of the Medical Examiner
       1300 East Warren
       Detroit, MI   48207

27.    Dr. Carl J. Schmidt, M.D., M.P.H., Chief Medical Examiner
       Wayne County Office of the Medical Examiner
       1300 East Warren
       Detroit, MI   48207

28.    Dr. Avneesh Gupta, M.D., Assistant Medical Examiner
       Wayne County Office of the Medical Examiner
       1300 East Warren
       Detroit, MI   48207

29.    Brian Mounsey, Police Commander
       City of Detroit Police Department
       1301 3rd St
       Detroit, MI   48226

30.    Dennis Johnson, Police Investigator
       City of Detroit Police Department
       1301 3rd St
       Detroit, MI   48226

31.   Richard Knox, Police Sergeant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

32.   Gerald Robinson, Police Lieutenant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

33.   Michelle Baker, Police Investigator
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

34.   Brady Bruenton, Police Sergeant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

35.   Jeffrey O'Keefe, Police Sergeant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

36.   David Newkirk, Police Sergeant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

37.   Gregory McWhorter, Police Sergeant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

38.   Steven Ford, Police Sergeant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

5

39.    Brian Ross, Police Officer
       City of Detroit Police Department
       1301 3rd St
       Detroit, MI   48226

40.    Kevin Zarosly, Police Officer
       City of Detroit Police Department
       1301 3rd St
       Detroit, MI   48226

41.    William O'Brien, Police Officer
       City of Detroit Police Department
       1301 3rd St
       Detroit, MI   48226

42.    Yasmin Cooper, Police Officer
       City of Detroit Police Department
       1301 3rd St
       Detroit, MI   48226

43.    Shunta Small, Police Officer
       City of Detroit Police Department
       1301 3rd St
       Detroit, MI   48226

44.    James Morgan, Police Sergeant
       City of Detroit Police Department
       1301 3rd St
       Detroit, MI   48226

45.    Leon Berry, Police Detective
       City of Detroit Police Department
       1301 3rd St
       Detroit, MI   48226

46.    Officer Wincer
       City of Detroit Police Department
       1301 3rd St
       Detroit, MI   48226

47.   Walter Atkins, Police Officer
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

48.   George Alam, Police Officer
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

49.   Scott M. Shea, Police Officer
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

50.   Sandra Starks, Police Sergeant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

51.   Patrick Schneider, Police Sergeant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

52.   Glynn Davis, Police Sergeant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

53.   Brian McGhee, Police Sergeant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

54.   Michael D. Russell, Police Sergeant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

7

55.   Beverly Rodgers, Police Sergeant
      City of Detroit Police Department
      1301 3rd St
      Detroit, MI   48226

56.   Ernest P. Chiodo, M.D., J.D., M.P.H., M.S., M.B.A., C.I. H., -
         EXPERT (Internal Medicine and Toxicology)
      35770 Harper Avenue
      Clinton Township, MI   48035

57.   Steven Ashley, MS, MLS,MFCI, MUFI, ARM/P – EXPERT (Police
         Procedures)
      15 Custer Court
      Monroe, MI   48161

58.   Ljubisa Dragovic, M.D., Chief Forensic Pathologist/Medical
         Examiner – EXPERT (Forensic Pathology)
      Oakland County Medical Examiner
      1200 N. Telegraph Road
      County Service Center, Bldg. #28 East
      Pontiac, MI   48341

59.   Joel L. Goldberg, M.D., F.A.C.E.P. – EXPERT (Emergency
         Medicine)
      8647 Laurel Ridge Drive, SE
      Alto, MI   49302

60.   Gerald Levinson, M.D. – EXPERT (Cardiology)
      Mid-America Evaluation Group
      28175 Haggerty
      Novi, MI   48377

61.   Mauricio Kohn, CPA, CFA, CMA, CFM – EXPERT (Economics)
      Kohn Financial Consulting, LLC
      145 S. Livernois, #239
      Rochester Hills, MI   48307-1837

62.    Custodian of records and/or representatives of the following health care facilities, including all medical bills, records, reports, treatments, history, physical findings, complaints of Plaintiff, tests, etc.:

    a.    Detroit Receiving Hospital, 4201 St. Antoine, Detroit, MI 48201

    b.    Sinai-Grace Hospital, 6767 West Outer Drive, Detroit, MI, 48235

    c.    Mid-America Evaluation Group, 28175 Haggerty, Novi, MI 48377

63.    Custodian of records and/or representatives of the following institutions:

    a.    City of Detroit Law Department, 2 Woodward Avenue, Suite 500, Detroit, MI, 48226

    b.    City of Detroit Police Department, 1301 Third, Detroit, MI, 48226

    c.    City of Detroit Fire Department - EMS Division,  1301 Third, Detroit, MI, 48226

    d.    Wayne County Medical Examiner's Office,  1300 East Warren Detroit, MI   48207

    e.    Oakland County Medical Examiner, 1200 N. Telegraph Road, County Service Center, Bldg. #28 East, Pontiac, MI 48341

    f.    Michigan Department of State - Bureau of Driver and Vehicle Records

    g.    Bureau of Workers Disability Compensation, 7150 Harris Dr., P.O. Box 30016, Lansing, MI, 48909

    h.    American Fireworks, 7041 Darrow Road, Hudson, MI, 48236

    i.    RCO Engineering, 29200 Calahan Road, Roseville, MI, 48066

64.    All members of Plaintiff's family;

65.    All members of Plaintiff's decedent's family;

9

66.    All investigating persons;

67.    All necessary rebuttal witnesses;

68.    All witnesses necessary to lay foundation for any evidentiary materials o be introduced at the time of trial;

69.    All witnesses rendering medical care whose names are listed in answers to Interrogatories and Depositions;

70.    All attending and/or treating hospitals, clinics, or physicians including their medical bills, records, report treatments, history, physical findings, complaints of Plaintiff, tests, etc.;

71.    All attending and/or treating physicians on staff of hospitals, clinics, etc., named in this witness list whose names may be unknown at present and discoverable through discovery and Interrogatories;

72.    All persons whose names appear in *Plaintiff's Witness List*, whether or not they are called at the time of trial by Plaintiff;

73.    All witnesses to the accident and/or claim of Plaintiff whose names appear on accident, incident and/or investigation reports;

74.    All witnesses that become known through discovery up until the time of trial;

75.    All physicians conducting independent medical examinations whose names may be unknown at present and which become known through discovery;

76.    Defendants reserve the right to amend their *Witness List* up until the time of trial as witnesses become known;

77.    Defendants reserve the right to take *de bene esse* depositions of physicians, nurses, hospital personnel or others who are unable to attend and give in-person testimony at trial.

Respectfully submitted,

/s/    *Krystal A Crittendon*_____

By:    Krystal A Crittendon P49981
City of Detroit Law Department
Attorneys for Defendant the City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
313-237-3018
critk@detroitmi.gov

DATED:  January 31, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2018, I served Defendants' Witness List and this Certificate of Service by mailing same to attorney for Plaintiff of record via USPS by depositing same in the U.S. Post Office receptacle located in the Coleman A. Young Municipal Building, Detroit, Michigan 48226.

*Krystal A. Crittendon, Esq.*_

11

# EXHIBIT G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN


Thomas Sandusky,

                    Plaintiff(s),

v.                                              Case No. 2:17–cv–11784–NGE–MKM
                                                Hon. Nancy G. Edmunds
Mounsey, et al.,

                    Defendant(s).

———————————————————————

**CLERK'S ENTRY OF DEFAULT**

Party in Default:  David Newkirk

   The default of the party named above for failure to plead or otherwise defend is entered.


**Certificate of Service**

   I hereby certify that on this date a copy of the foregoing notice was served upon the parties and/or counsel of record herein by electronic means or first class U.S. mail.

                              DAVID J. WEAVER, CLERK OF COURT


                              By: s/ N Ahmed_____
                                   Deputy Clerk

Dated:   April 30, 2018

MIED (Rev. 5/05) Request for Clerk's Entry of Default

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Estate of HAL SANDUSKY, Deceased,

        Plaintiff(s),

v.

Sgt. DAVID NEWKIRK, et al

        Defendant(s).

Case No.   2:17-cv-11784

Judge   Nancy Edmunds

Magistrate Judge

_____/

## REQUEST FOR CLERK'S ENTRY OF DEFAULT

In accordance with Fed. R. Civ. P. 55(a), I request that a Clerk's Entry of Default be entered against

Defendant Sgt. DAVID NEWKIRK _____ for failure to plead or otherwise defend.

### AFFIDAVIT

In support of my request for Clerk's Entry of Default, I state that:

1. The summons and complaint were served on 12/5/2017 _____ at
2499 Country Club Drive, Titusville, FL 32780 _____ by
posting & regular mail per 12/4/2017 Order for Alternate Service _____ .
[certified mail, regular mail, personal service, waiver of service]

2. The defendant has failed to plead or otherwise defend in accordance with Fed. R. Civ. P. 12.

3. The defendant is not an infant, incompetent person or a member of the military service.

4. This statement is true and is signed under the penalty of perjury.

Date: 04-27-2018 _____

_____
Signature
P48035
Bar No.
19390 W 10 Mile Road
Street Address
Southfield, MI 48075
City, State, Zip Code
248-355-5555
Telephone Number
tweglarz@fiegerlaw.com
Primary Email Address

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS SANDUSKY, as                          Case No. 17-11784-NGE-MKM
Personal Representative of the Estate of     Hon. Nancy G. Edmunds
HAL SANDUSKY, Deceased,

    Plaintiff,

v.

COMMANDER MOUNSEY, LT. JOHNSON,
RICHARD KNOX, GERALD ROBINSON,
MICHELLE BAKER, SGT. BRADY BRUENTON,
SGT. JEFFREY O'KEEFE, SGT. DAVID NEWKIRK,
SGT. MCWHORTER, SGT. STEVEN FORD,
OFFICER BRIAN ROSS, OFFICER KEVIN
ZAROSLY, OFFICER WILLIAM O'BRIEN,
OFFICER YASMIN COOPER, OFFICER SHUNTA
SMALL, OFFICER J. MORGAN, OFFICER BERRY,
DETROIT POLICE DEPARTMENT, AND CITY OF
DETROIT, a Municipal Corporation,

    Jointly and Severally,

    Defendants.

_____ /

GEOFFREY N. FIEGER (P30441)          KRYSTAL A. CRITTENDON (P49981)
TODD J. WEGLARZ (P48035)             CHRISTINA V. KENNEDY (P68992)
Attorney for Plaintiff               CITY OF DETROIT LAW DEPARTMENT
19390 W. 10 Mile Road                2 Woodward Ave., Suite 500
Southfield, MI 48075                 Detroit, MI 48226
(248) 355-5555                       (313) 237-3031 (Phone)
(248) 355-5148 (fax)                 critk@detroitmi.gov
t.weglarz@fiegerlaw.com              kennedych@detroitmi.gov

_____ /

<u>**CLERK'S ENTRY OF DEFAULT FOR DEFENDANT SGT. DAVID NEWKIRK**</u>

Party in default: Sgt. David Newkirk

Date of Service: 12/05/2017

FIEGER, FIEGER, KENNY & HARRINGTON, P.C. • A PROFESSIONAL CORPORATION
19390 WEST TEN MILE ROAD • SOUTHFIELD MICHIGAN 48075 • TELEPHONE (248) 355-5555 • FAX (248) 355-5148

Pursuant to Fed. R. Civ. P. 55(a), the above named Defendant has failed to plead or otherwise defend after being served with a summons and a copy of the complaint.

Therefore, on request of the Plaintiff and in accordance with Fed. R. Civ. P. 55(a), a Clerk's Entry of Default is hereby entered.

## Certificate of Service

I hereby certify that this Notice was served on the parties and/or counsel of record

By _____

Deputy Clerk

Dated: 4/27/18

# EXHIBIT H

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**THOMAS SANDUSKY,** as P/R of Estate of **HAL SANDUSKY, Deceased**

               Plaintiff,

-vs-

**COMMANDER MOUNSEY, LT. JOHNSON, RICHARD KNOX, GERALD ROBINSON, MICHELLE BAKER, SGT. BRADY BRUENTON, SGT. JEFFREY O'KEEFE, SGT. DAVID NEWKIRK, SGT. MCWHORTER, SGT. STEVEN FORD, OFFICER BRIAN ROSS, OFFICER KEVIN ZAROSLY, OFFICER WILLIAM O'BRIEN, OFFICER YASMIN COOPER, OFFICER SHUNTA SMALL, OFFICER J. MORGAN, OFFICER BERRY, DETROIT POLICE DEPARTMENT, AND CITY OF DETROIT, a Municipal Corporation, Jointly and Severally,**

               Defendants.

Honorable Nancy G. Edmunds
Case No:  17-11784

_____/

| | |
|---|---|
| **GEOFFREY N. FIEGER (P30441)** | **KRYSTAL A CRITTENDON (P49981)** |
| **TODD J. WEGLARZ (P48035)** | **CHRISTINA V. KENNEDY (P68992)** |
| **FIEGER, FIEGER, KENNEY** | **CITY OF DETROIT LAW DEPT.** |
| **& HARRINGTON** | Attorneys for Defendants |
| Attorneys for Plaintiff | 2 Woodward Ave., Suite 500 |
| 19390 West Ten Mile Rd. | Detroit, MI  48226 |
| Southfield, MI  48075 | (313) 237-3031 (Phone) |
| (248) 355-5555 (Phone) | critk@detroitmi.gov |
| t.weglarz@fiegerlaw.com | kennedych@detroitmi.gov |

_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      **NOW COME** Defendants, by their undersigned counsel, and for their **Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment,** state as

follows:

### I.    Plaintiff Never Made a Claim During Detroit's Bankruptcy Proceedings, So His Claim is Barred. The Bankruptcy Court Also Maintains Exclusive Jurisdiction Over Claims That Should Have Been Addressed in Those Proceedings.

Plaintiff brings a *Monell* claim against Detroit. However, the death of Plaintiff's decedent which gives rise to the litigation, occurred on June 27, 2013, before Detroit filed a petition for bankruptcy. During the bankruptcy proceedings, the claim bar date passed without Plaintiff preserving his claim against Detroit. Thus, Plaintiff's claim against the Detroit has been discharged and the City of Detroit should be dismissed.

On December 10, 2014, the Eight Amended Plan for the Adjustment of Debts for the City of Detroit became effective and stated:

> "Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date, including any interest accrued on Claims from and after the Petition Date. Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, *discharge the City from all Claims or other debts that arose on or before the Effective Date*, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) a proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based on such debt is allowed pursuant to Case 2:17-cv-13062-DML-RSW ECF No. 36 filed 03/30/18 PageID.447 Page 37 of 49 25 section 502 of the Bankruptcy Code or (iii) the Holder of a Claim based on such debt has accepted the Plan."[1]

---

[1] In Re City of Detroit Michigan, Case No. 13-53846 (Bankr., E.D. Mich.) Dk 8045, p 57.

2

Thus, in order to preserve a pre-petition cause of action against Detroit, a Plaintiff must have filed a proof of claim or interest in Detroit's bankruptcy proceedings before Bar Date. § 501, § 502(g), and *Siner v. City of Detroit*, 2017 W.L. 1190946 (E.D. Mich. 2017) at *2, attached as Exhibit 23.

The United States Bankruptcy Court for the Eastern District of Michigan has adopted the "fair contemplation"[2] test to determine whether a claim is a pre-petition claim or a post-petition claim. *In re City of Detroit, Michigan*, 548 B.R. 748, 763 (2016) (*"Detroit I"*). Under that test, "a claim is considered to have arisen pre-petition if the creditor 'could have ascertained through the exercise of reasonable due diligence that it had a claim' at the time [Detroit's bankruptcy] petition was filed." *Id.* citing *Signature Combs*, *Inc. v U.S.*, 253 F.Supp.2d 1028, 1037 (W.D. Tenn. 2003). The "fair contemplation" test looks at the relationship between the parties, such as whether there was contact, exposure, impact, or privity, between the debtor's prepetition conduct and the claimant." *In re Dixon*, 295 B.R. 226, 230 (2003).  The Court may also examine the "circumstances surrounding a particular claim – the debtor's conduct, the parties' pre-petition relationship, the parties' knowledge, and the elements of the underlying claim. *Detroit I* at 763 (2016). A claim is a pre-petition claim if it could

---

[2] This test is also known as the "foreseeability," "pre-petition relationship," or "narrow conduct" test. In re City of Detroit, Michigan, 548 BR 748, 763 (2016).

3

have been fairly contemplated prior to bankruptcy, even though the actual right to payment matures post-petition. *In re Cleveland*, 349 B.R. 522, 530 (2006).

In the case at hand, on July 27, 2013, Plaintiff's decedent was pronounced dead at Sinai-Grace Hospital after being found unresponsive in a Detroit Police Department jail cell. Detroit petitioned for bankruptcy on July 18, 2013. On November 12, 2014, the Bankruptcy Court confirmed Detroit's bankruptcy plan. Without ever filing a proof of claim with the Bankruptcy Court, Plaintiff filed a civil action against the Detroit, *inter alia*, on November 5, 2017.

*Siner, supra*, also demonstrates that a claim against Detroit should be dismissed if it is a pre-petition claim. In *Siner* at *1, the plaintiff brought an action on October 8, 2015 claiming that Detroit "violated his constitutional rights by arresting, incarcerating, and prosecuting him on false assault and weapons charges, which were ultimately dismissed." The events giving rise to his cause of action occurred in 2010. *Id*. at *2. His claim against Detroit was dismissed. *Id.* at *1. The District Court explained that his claim should be dismissed because the plaintiff did not file a proof before the Bankruptcy proceeding's bar date, so his cause of action was not preserved. *Id*. at *2.

### a. The Bankruptcy Court retains exclusive subject-matter jurisdiction over all pre-petition claims against Detroit, not this Court.

4

Due to the fact that Plaintiff's claim against Detroit is a pre-petition claim, this Court lacks jurisdiction to address his alleged grievances. Bankruptcy proceedings are actions brought under Title 11. The Bankruptcy Court retains jurisdiction under actions brought under Title 11. See U.S.C. §§ 1334(b), 157(a), 157(b)(1), and L.R. 83.50(a) (E.D. Mich.). The Bankruptcy Court has jurisdiction over matters that at least "relate to" the bankruptcy. *In re Wolverine Radio Co*., 930 F.2d 1132, 1141 (6th Cir. 1991). The test for that is whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy, meaning whether it could affect the debtor's rights, liabilities, options, or freedom of actions, whether positively or negatively. *Id.*

Indeed, it is well-settled that the Eastern District of Michigan Bankruptcy Court has subject matter jurisdiction over core proceedings involving the Detroit Bankruptcy and contested matters relating to those proceeding. *Detroit I* at 752 citing 28 U.S.C. §§ 1334(b), 157(a), 157(b)(1), and L.R. 83.50(a) (E.D. Mich.), see also *In re Detroit*, 576 B.R. 552, 556-557 (2017) (*"Detroit II"*). In fact, the Bankruptcy Court also retained exclusive jurisdiction to address such issues in the Detroit Bankruptcy confirmation plan. *Detroit I* at 753 and *Detroit II* at 557. This is evident because Article VII, Sections G and I of the Eighth Amended Plan for the Adjustment of Debts state as follows:

"Pursuant to sections 105(c), 945, and 1142(b) of the Bankruptcy Code and notwithstanding entry of the Confirmation Order and the occurrence on the Effective Date, the Bankruptcy Court will retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 9 Case and the Plan to the fullest extent permitted by law."[3] (***emphasis added***).

Potential lawsuits relating to pre-petition claims against Detroit fall within the jurisdiction of the Bankruptcy Court. See *Detroit I*, *Detroit II*, and *Siner*.

In this case, this Court lacks subject matter jurisdiction over Plaintiff's claim against Detroit. As demonstrated above, Plaintiff's claim is a prepetition claim. Thus, the Bankruptcy Court retains exclusive subject matter jurisdiction to address that claim. See Detroit I and Detroit II. Plaintiff's claim against Detroit should be dismissed.

## <u>CONCLUSION</u>

Based on the foregoing and the facts and law asserted in Defendants' Motion for Summary Judgment,, Defendants are entitled to judgment as a matter of law and this Court should dismiss all claims against Defendants with prejudice.

Respectfully submitted,

CITY OF DETROIT LAW DEPARTMENT
***S/ Krystal A. Crittendon***
KRYSTAL A. CRITTENDON (P49981)
Attorney for Defendants
City of Detroit Law Department

---

[3] In Re City of Detroit Michigan, Case No. 13-53846 (Bankr., E.D. Mich.) Dk 8045, p 69.

2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3031
critk@detroitmi.gov

Dated:      June 26, 2018

7