## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

### H.D.V. GREEKTOWN, LLC, 415 EAST CONGRESS, LLC, AND K&P, INCORPORATED'S REPLY IN SUPPORT OF THEIR MOTION TO RECONSIDER ORDER GRANTING THE CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AGAINST H.D.V. GREEKTOWN, LLC, 415 EAST CONGRESS, LLC, AND K&P, INCORPORATED [12863]

## I. THE CABARETS MEET THE __PIONEER__ STANDARD FOR EXCUSABLE NEGLECT.

The City of Detroit (the "City" or "Detroit") waited two years after H.D.V. Greektown, LLC, 415 East Congress, LLC, and K&P, Incorporated (the "Cabarets") raised their enhancement argument in the Lawsuit[1] to contend they were in violation of the Plan to this Court. Detroit now seeks to recover the expenses it incurred during its own delay because the Cabarets' counsel mistook his ability to e-file, causing a delay – measured in days not years – to the City's "Motion" [Doc. 12852]. The City's position is highly inequitable and unpersuasive.

---

[1] Undefined capitalized terms have the meaning ascribed to them in the Cabaret's Original Motion to Reconsider [Doc. 12882] and Brief in Support thereof [__Id.__ at pp. 8 __et seq.__].

The City proposes that the lack of a timely response be evaluated under Pioneer Investment Services Company v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993) (the "Pioneer standard"). The factors set forth therein, and the spirit of Pioneer, strongly support a finding of excusable neglect.

However, as an initial matter, Detroit attempts to fault the Cabarets for seeking their relief in the form of a motion for reconsideration rather than a motion to extend. Still, under the present circumstance, reconsideration is the proper vehicle. The Cabaret's unsuccessful attempt to hurriedly filed in paper format upon learning that its counsel's ECF credentials were inactive resulted in the subject Order [Doc. 12863] being entered. An order having entered, reconsideration is the proper avenue. The Brief in Support of the Motion to Reconsider [Doc. 12882, pp. 4-5] and the Declaration of Matthew J. Hoffer, Esq. ("Hoffer Dec.") attached thereto [Id. at pp. 22 *et seq*.] specifically sets forth the facts explaining the lack of a timely filing and the reasons for the Motion to Reconsider.

A detailed analysis under Pioneer further verifies that the lack of a timely response to the Motion should be reasonably excused. As already noted by the City, the Pioneer standard looks to: "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant,

and [4] whether the movant acted in good faith." 507 U.S. at 395. *Accord* Gourlay

v. Sallie Mae, Inc. (In re Gourlay), 465 B.R. 124, 129-30 (B.A.P. 6th Cir. 2012)

(articulating the second factor as two separate factors).

As to the first factor, the City articulates no manner in which it will be

prejudiced. The City is not unduly prejudice by having its arguments considered on

the merits. The City having to respond to the present motion is inherent in any

motion practice to determine whether excusable neglect is present or not. Due to the

City's delay in bringing its Motion, the matter is fully briefed in the Sixth Circuit.

Indeed, the City's July 11, 2018 Motion [Doc. 12852] was filed after it filed even its

July 6, 2018 Corrected Appellee's Brief in the Appeal, which raised the very same

argument. [*See* **Exhibit 1** hereto, pp. 34-41] Thus, the first factor strongly supports

a finding of excusable neglect.

As to the second factor, the length of the delay is minimal. Counsel's

ineffective attempts at traditional filing extended the delay, but in any event counsel

attempted to physically file the day after the original due date, by overnight delivery

sent on the due date upon the realization that ECF filing would not be possible. The

Order having entered, Counsel sought reconsideration within the period prescribed

by the Rules. That the Cabaret's did not file instantly upon ECF Registration being

complete is immaterial. Most importantly, due to Detroit having already filed its

appellee's brief on appeal, the slight delay has had no impact on the judicial

proceedings here or in the Appeal. This second factor also strongly supports a finding of excusable neglect.

The reason for the delay was fully explained in the Motion to Reconsider and the Hoffer Declaration [Doc. 12882, pp. 22-26]. The City unduly focuses on whether a timely response was possible. Although this is indeed a consideration, the very point of the Pioneer decision was to dispel with the "narrow" reading of "excusable neglect" focused only on whether the underlying circumstances were within the party's control. 507 U.S. at 388. Excusable neglect also encompasses "inadvertence, mistake, or carelessness". Id.

The Hoffer Dec. [Doc. 12882, p. 24, ¶ 9] also explained the measures taken to verify the Cabarets could timely file, including checking whether a special admission was required and whether ECF login information was on file. The "inadvertence, mistake or carelessness" was not verifying the functionality of the ECF login information. This was a very slight oversight, especially in light of the efforts undertaken to permit a timely response. Counsel did not blow off or just forget the deadline. Steps were taken to meet the deadline, but were thwarted by a mistake. This factor supports a finding of excusable neglect.

As to the fourth factor, there is no dispute that counsel for the Cabaret's acted in good faith. This is demonstrated both by the steps taken to timely file and by the attempts to file in the traditional fashion.

In summary, counsel's mistake was minor and understandable, and there has been no prejudice to any party in any proceeding as a result. The Cabaret's failure to timely respond to the motion should be excused.

## II. RECONSIDERATION SHOULD BE GRANTED.

Detroit focuses on the portion of Rule 9024-1(a)(3) requiring the moving party to show a defect by which the court and the parties were misled.

> However, the rule is equally clear that it does not restrict the discretion of the Court in reconsidering rulings that it has made. The local rule permits the Court discretion to consider the Debtor's motion for reconsideration even if the Debtor does not demonstrate a palpable defect in the Court's ruling.

In re Hermoyian, 435 B.R. 456, 461 (Bankr. E.D. Mich. 2010)

Here, the Cabarets have demonstrated a defect. But even if they had not, the circumstances still warrant a grant of reconsideration. The matter is before the court on reconsideration rather due the Cabaret's excusable mistake which prevented it from timely responding and the Court's prompt entry of the proposed order. This unique circumstance merits discretionary reconsideration.

The defects in the injunctive relief, as explained in the Motion to Reconsider, which the City failed to identify in its Motion, is that any fee enhancement by the Sixth Circuit (or by the District Court on remand) would still be subject to the Plain, and thus, axiomatically, not in violation of the Plan. And, there is even room in the four Notices of Claim filed for and enhancement which would not exceed the

5

amounts of the claims. The City does not directly address this point, but only straw-mans it as an "end around" the Plan. The City's sophistry notwithstanding, determining whether a bankruptcy constitutes "delay" or "other circumstances" for purposes of an award of attorney fees under the rubric of <u>Perdue v. Kenny A. ex rel. Winn,</u> 559 U.S. 542 (2010), in a claim liquidating outside of bankruptcy, is not a violation of any provision of the Plan.

As to the award of attorney fees, the City claims that a party "can be liable for compensatory damages" for violating a discharge injunction. The City cites to <u>In re Holley</u>, 473 B.R. 212, 2015-216 (Bankr. E.D. Mich 2012), which cites to <u>In re Johnson</u>, 439 B.R. 416, 428 (Bankr. E.D. Mich. 2010) which in turn cites to <u>In re Andrus</u>, 184 B.R. 311, 315 (Bankr. N.D. Ill. 1995), <u>aff'd,</u> 189 B.R. 413 (N.D. Ill. 1995). All these cases explain that attorney fees are awarded as compensatory damages for *civil contempt*. Nevertheless, the City failed to articulate, and it is absent from the Order, that civil contempt is warranted by a "[w]illfull violation of the injunction. . . ." <u>In re Andrus</u>, 184 B.R. at 315.

> To find a creditor in civil contempt, "the court must find that the offending party knowingly violated a definite and specific court order." <u>In re Johnson</u>, 148 B.R. 532, 538 (N.D.Ill.1992). The burden is on the petitioner to prove the violation "by clear and convincing evidence." <u>In re Ryan</u>, 100 B.R. 411, 417 (N.D.Ill.1989). A bankruptcy court can impose upon a creditor who violates the § 524 injunction sanctions for civil contempt. <u>Torres</u>, 117 B.R. at 382; *see also* <u>Skinner</u> and <u>Walters</u>, *supra*. The Court can impose upon a creditor who violates the injunction through civil contempt remedial and compensatory, but not punitive, sanctions. <u>Id.</u>

Id. (citations omitted). The City failed to seek civil contempt or identify a basis showing a knowing violation of a specific provision by clear and convincing evidence. Nor did the City supply these necessary components in the proposed order supplied to and adopted by the Court. The City also failed to identify is own fault in falling to mitigation its damages by promptly seeking an order enforcing the Plan. All of these items constitute palpable defenses warranting reconsideration.

The City's argument that reconsideration cannot be granted because there is no defect when a court grants a motion for lack of response under E.D. Mich LBR 9014-1(d) is unpersuasive. That is a procedural rule, the City's requests for an injunction and for fees were defective on the merits, which warrants reconsideration under E.D. Mich LBR 9024-1(a).

## CONCLUSION

WHEREFORE, for the forgoing reasons, Plaintiffs respectfully request that this Honorable Court GRANT the present Motion to Reconsider and, upon reconsideration, DENY in full the City's Motion.

Dated:  September 19, 2018                    Respectfully submitted,

                                             _____/s/ Matthew J. Hoffer_____
                                             Matthew J. Hoffer (P70495)
                                             Shafer & Associates, P.C.
                                             3800 Capital City Blvd. Ste. 2
                                             Lansing, Michigan  48906
                                             517-886-6560 – Tel.
                                             Matt@BradShaferLaw.com

7

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th Day of September, 2018, *H.D.V. GREEKTOWN, LLC, 415 EAST CONGRESS, LLC, AND K&P, INCORPORATED'S REPLY IN SUPPORT OF THEIR MOTION TO RECONSIDER ORDER GRANTING THE CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AGAINST H.D.V. GREEKTOWN, LLC, 415 EAST CONGRESS, LLC, AND K&P, INCORPORATED [12863]* was filed with the United States Bankruptcy Court for the Eastern District of Michigan via the Court's CM/ECF system, thereby causing service by operation of the CM/ECF system upon all counsels of record, including:

Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
Miller, Canfield, Paddock
    & Stone, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
green@millercanfield.com
swansonm@millercanfield.com

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan  48226
raimic@detroitmi.gov

  */s/ Matthew J. Hoffer*
Matthew J. Hoffer (P70495)
Shafer & Associates, P.C.

# EXHIBIT 1

## Corrected Defendant-Appellee City of Detroit's Appeal Brief

in <u>H.D.V. – Greektown, LLC et al v. City of Detroit</u>

United States Court of Appeals for the Sixth Circuit Case No. 18-1203

EXHIBIT 1
PAGE 1

Case No. 18-1203

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

H.D.V. – GREEKTOWN, LLC; 415 EAST CONGRESS, LLC; K AND P, INCORPORATED dba Déjà vu, dba Zoo Bar,

      Plaintiffs – Appellants

v.

CITY OF DETROIT, MI

      Defendant – Appellee

and

MAJED DABISH

      Defendant.

_____

## <u>CORRECTED DEFENDANT-APPELLEE CITY OF DETROIT'S APPEAL BRIEF</u>

CITY OF DETROIT LAW DEPARTMENT
Lawrence T. Garcia P54890
Corporation Counsel

Linda D. Fegins P31980
Senior Assistant Corporation Counsel
2 Woodward Avenue, Suite 500
Detroit, MI  48226
(313) 237-3022
fegil@detroitmi.gov

EXHIBIT 1
PAGE 2

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**Disclosure of Corporate Affiliations
And Financial Interest**

Sixth Circuit
Case No: **18-1203**          Case Name: **H.D.V. – Greektown, et al v. City of Detroit**

Name of Counsel: _____**Linda D. Fegins**_____

Pursuant to 6th Cir. R. 26.1, **City of Detroit**_____
                                            Name of Party

Makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

| |
|---|
| No |

2.    Is there a publicly owned corporation, not a party to the appeal that has a financial interest in the outcome?
      If Yes, list the identity of such corporation and the nature of the financial interest:

| |
|---|
| No |

| |
|---|
| CERTIFICATE OF SERVICE<br><br>I certify that on July 5, 2018, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.<br>                                        /s/Linda D. Fegins (P31980)<br>                                        2 Woodward Avenue, Suite 500<br>                                        Detroit, MI  48226<br>                                        Office:  237-3022 / Fax: 224-5505<br>                                        Email:  fegil@detroitmi.gov |

EXHIBIT 1
PAGE 3

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................. ii

STATEMENT CONCERNING ORAL ARGUMENT ...........................................v

JURISDICTIONAL STATEMENT ......................................................1

STATEMENT OF THE ISSUES PRESENTED ......................................................2

COUNTER-STATEMENT OF FACTS AND NATURE OF THE CASE ............3

SUMMARY OF ARGUMENT.............................................................15

STANDARD OF REVIEW ................................................................17

ARGUMENT.................................................................................19

    I.      PLAINTIFFS ARE NOT ENTITLED TO AN ENHANCEMENT OF THEIR FEES AND COSTS.  THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE FEE ENHANCEMENT REQUESTED BY PLAINTIFFS. ......................19

           A.     The Sixth Circuit Court Of Appeals Has Determined That Plaintiffs-Appellants Are Not Entitled To An Enhancement And Therefore That Constitutes The Law Of The Case And Cannot Not Now Ask For Enhancement. ..............................................19

           B.     The District Court Did Not Abuse Its Discretion In Denying the 1000% Enhancement Fee..........................................................24

           C.     Plaintiffs Are Not Entitled To An Enhancement Of Their Fees And Costs Due To The Effect Of The City Of Detroit's Bankruptcy On The Rate And Time For Payment Of Their Claims And Their Request Violates The Language Of The Bankruptcy Confirmation Plan. ................................................27

CONCLUSION ................................................................................34

CERTIFICATE OF COMPLIANCE ......................................................35

DESIGNATION OF RECORD................................................................36

**EXHIBIT 1**
**PAGE 4**

# INDEX OF AUTHORITIES

## CASES

*Bartholomew v. Town of Collierville,*
  409 F.3d 684 (6th Cir.2005) ....................................................................17

*Binta B ex rel SA v. Gordon*,
  710 F3d 608 (6th Cir. 2013) ......................................................... 17, 20

*Coal Resources v Gulf and Western Industries Inc.,*
  865 F.2d 761 (6th Cir. 1989) ...............................................................23

*CSX Transp., Inc. v. Tenn. State Bd. of Equalization,*
  964 F.2d 548 (6th Cir.1992) ................................................................17

*DeLorean v. Gully,*
  118 B.R. 932 (E.D. Mich. 1990).........................................................34

*Gonter v. Hunt Valve Co., Inc*.,
  510 F.3d 610 (6th Cir. 2007) ...............................................................17

*H.D.V. - Greektown, LLC v. City of Detroit*,
  660 F. App'x 375 (6th Cir. 2016) ...................................... 4, 10, 11, 12

*H.D.V. – Greektown, LLC v City of Detroit*,
  568 F.3d 609 (6th Cir. 2009) .................................................................5

*Hanover Ins. Co. v. American Eng. Co.,*
  105 F.3d 306 (6th Cir.1997) ................................................................23

*Hensley v Eckerhart*,
  461 US 424; 103 S Ct 1933; 76 L Ed 2d 40 (1983) ..................... 11, 18

*In re City of Detroit*,
  838 F.3d 792 (6th Cir. 2016)
  cert. denied sub nom. *Ochadleus v City of Detroit,*
  137 S.Ct. 1584 (2017); cert denied sub nom
  *Quinn v City of Detroit*, 137 S.Ct. 22270 (2017). ..................................8

EXHIBIT 1
PAGE 5

*In re City of Detroit,*
  No. 13-53846, 2015 WL 603888 (Bankr. E.D. Mich. Feb 12, 2015) .................30

*In re City of San Bernardino,*
  566 B.R. 46 (C.D. Cal. 2017) ...............................................................32

*Jarreau-Griffin v. City of Vallejo,*
  531 B.R. 829 (E.D. Cal. 2015) .............................................................32

*McKay v. City of Detroit (In re City of Detroit),*
  700 F. App'x 511 (6th Cir. 2017) .........................................................32

*McMurtry v Paul Revere Life Ins,Co,*
  67 Fed Appx 290 (6th Cir. 2003) .........................................................23

*Moon v. Unum Provident Corp.,*
  461 F.3d 639 (6th Cir. 2006) ...............................................................17

*Pennsylvania* v. *Delaware Valley Citizens' Council for Clean Air,*
  478 U.S. 546, 106 S.Ct. 3088, 92 L. Ed. 2d 439(1986) ......................... 24, 25, 26

*Perdue* v. *Kenny A. ex rel. Winn,*
  559 U.S. 542, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010) .............................. passim

*Petition of U.S. Steel Corp.,*
  479 F.2d 489 (6th Cir.1999) ...............................................................23

*Singleton v. Smith,*
  241 F.3d 534 (6th Cir.2001) ...............................................................17

*The Northeastern. Ohio Coal for the Homeless v. Husted,*
  831 F.3d 686 (6th Cir. 2016) ...............................................................11

*United States v O'Dell,*
  320 F.3d 674(6th Cir. 2003) ...............................................................23

*United States v Campbell,*
  168 F.3d 263(6th Cir. 1999) ...............................................................22

## STATUTES

EXHIBIT 1
PAGE 6

11 U.S.C. § 943 ........................................................................................30

11 U.S.C. § 944a ......................................................................................33

11 U.S.C. §§ 1123(a)(4), 901(a) ..............................................................32

28 USC § 1291 ...........................................................................................1

42 U.S.C. §1988 (b) .................................................................................17

42 U.S.C. § 1983 ......................................................................................33

42 U.S.C. § 1988 ......................................................................... 5, 15, 17, 27

## **RULES**

Federal Rule of Appellate Procedure 32(a)(7) ........................................35

EXHIBIT 1
PAGE 7

## STATEMENT CONCERNING ORAL ARGUMENT

Defendant-Appellant believes that the decisional process will be aided by this Court's opportunity to pose questions concerning the facts and important factors involved in this case.

**EXHIBIT 1**
**PAGE 8**

## **JURISDICTIONAL STATEMENT**

Defendant concurs that this court is vested with appellate jurisdiction pursuant to 28 USC § 1291.

**EXHIBIT 1**
**PAGE 9**

## STATEMENT OF THE ISSUES PRESENTED

I.    DID THE DISTRICT COURT ABUSE ITS DISCRETION BY DENYING APPELANTS' SECOND REQUEST FOR AN ATTORNEY'S FEE ENHANCEMENT IN THEIR SECOND MOTION FOR ATTORNEY'S FEES BECAUSE THERE WERE NO GROUNDS FOR AN ENHANCEMENT COUPLED WITH THE FACT THAT THE SIXTH CIRCUIT COURT OF APPEALS DENIED AN ENHANCEMENT IN THIS CASE ON THE ORIGINAL ATTORNEY FEE REQUEST, BANKRUPTCY IS NOT A FACTOR WHICH SHOULD SERVE AS A BASIS FOR AN ENHANCEMENT AND APPELLANTS' REQUEST VIOLATES THE SPECIFIC LANGUAGE OF THE BANKRUPTCY CONFIRMATION PLAN?

|  |  |
|---|---|
| Defendant-Appellee answers: | "No." |
| Plaintiffs- Appellants answered: | "Yes." |
| The district court answered: | "No." |

EXHIBIT 1
PAGE 10

## COUNTER-STATEMENT OF FACTS AND NATURE OF THE CASE
## THE PARTIES AND THE PRESENT LAWSUIT.

This Second Supplemental Motion for attorney's fees and costs appeal arises out of Plaintiffs-Appellants', H.D.V.-Greektown, 415 East Congress, and K&P, Inc (Appellants) adult and entertainment business First Amendment claim that the City of Detroit failed to approve the transfer of the topless activity permit from K & P to HDV and constitutional challenges to the City's Zoning provisions and sign regulations.

In this appeal Plaintiff-Appellants HDV and KPS (Appellants) seek recovery of an additional $79,853.00 in attorney fees and $4,353.17 in costs claimed to have been incurred between January 11, 2012 and September 20, 2016.  Plaintiffs filed a Second Supplemental Motion for Attorney's Fees and Costs for the same on September 20, 2016 (R. 174, Plaintiffs Second Supplemental Motion for Attorney's Fees,( "Second Attorney Fee Motion") Page ID #5251-5784).  In addition, Plaintiffs seek an enhancement of 1000%, due to the fact that their final award will be reduced, like all unsecured, non-priority pre-petition claims against the City of Detroit, due to the City's 2013 Chapter 9 bankruptcy filing.

The Sixth Circuit Court of Appeals denied Plaintiffs' request for an enhancement arising from this same case pursuant to its Motion for Attorney's Fees and Costs wherein they sought over $1.5 million in attorney fees. *H.D.V. -*

**EXHIBIT 1**
**PAGE 11**

*Greektown, LLC v. City of Detroit*, 660 F. App'x 375, 378 (6th Cir. 2016).

## FACTUAL AND PROCEDURAL BACKGROUND

Appellants, H.D.V.-Greektown, 415 East Congress, and K&P, Inc., which are in the adult entertainment business, alleged that Defendant, City of Detroit, violated their First Amendment rights by hindering the operation of their businesses with regulations and failure to approve transfer of a topless activity permit from K&P to H.D.V. (R. 1, Verified Complaint ¶ 14, 15, Page ID# 348, 349, 342-344).

The district court held that the adult use zoning provisions were unconstitutional. The District Court denied Plaintiffs' requested injunctive and declaratory relief as to the zoning ordinances. The district court found the sign ordinances were facially constitutional, but were unconstitutional as applied to Plaintiffs. Also, in its February 8, 2008 order, the District Court rejected all of Plaintiffs' facial challenges to the City's sign ordinance provisions. The Court issued an order holding that the City's denial of the transfer petition had been an unconstitutional act. (R. 126, Order Denying Motion to Amend/Correct, Page ID# 3408-3415).

### The Appellants' 2008 Appeal to the Sixth Circuit.

In March 2008, the corporate Plaintiffs filed an appeal of these rulings with the Court of Appeals for the Sixth Circuit. The Sixth Circuit reversed the district

**EXHIBIT 1
PAGE 12**

court's denial of their request for injunctive and declaratory relief.  However, the Sixth Circuit Court of Appeals affirmed the district court's ruling and found the City's sign ordinance provisions constitutional.  See *H.D.V. – Greektown, LLC v City of Detroit*, 568 F.3d 609, 623-625 (6th Cir. 2009).

On August 23, 2011, Plaintiffs obtained a $2.95 million settlement in this § 1983 action in full satisfaction of their damages claims. (R. 145, Consent Decree, Page ID#4317-4321).  The parties stipulated that the Court would decide the issue of attorney's fees pursuant to 42 U.S.C. § 1988 and that Plaintiffs were prevailing parties for purposes of determining such fees and costs.

## Motion For Attorney Fees After The Settlement

October 4, 2011, the Plaintiffs filed the Motion for Attorney Fees and costs under 42 U.S.C. §1988. In their motion, they requested payment of $1,310,914.50 in attorney fees and $197,013.90 in costs, for a total of $1,507,928.47.  (R. 148, Motion for Attorney fees, Page ID # 4329-4335).

On November 10, 2011, the City filed its Answer and Brief in Opposition to Plaintiffs' Motion for Attorney Fees and Cost asserting that Appellants were not to entitled to several categories of fees and cost and that other category of fees  to which they were entitled were  grossly excessive.   (R. 152, 153, Defendant's Answer to Motion for Attorney Fees and Costs and Exhibits, Page ID# 4668-4723, 4726-4895).

**EXHIBIT 1 PAGE 13**

On December 5, 2011, Appellants filed a reply to the City's response to their motion (R. 155, Reply in Support of Motion for Attorney Fees, Page ID# 4902-4945) requesting additional costs not contained in their initial petition. Plaintiffs later filed a Supplement to Plaintiffs Motion requesting $21,980.00 in attorney fees and $1,539.34 in costs which resulted in $1,322,894.55 in attorney's fees and $199,746.06 in costs. (R. 157, Supplement to Plaintiffs Motion for Attorney Fees and Costs, Page ID# 5048-5053). Plaintiffs requested a staggering total of $1,532,640.61 in attorney fees and costs, or approximately 51% of the total damage award. (R. 157, Supplement to Plaintiff's Motion for Attorney Fees, Page ID# 5048-5053).

On May 23, 2013, the Magistrate issued a Report and Recommendation. (R. 162, Report and Recommendation, Page ID# 5114-5134).    In his report and recommendation, the Magistrate agreed with the City that the Plaintiffs' fees and costs request was excessive in certain respects, and recommended an award of $372,118.19 in attorney fees and costs in the amount of $13,283.93, for a total award of $385,401.12. (R. 162, Page ID# 5129-5130).

Specifically, the R&R recommended that the Court reduce Plaintiffs' request for attorney fees by 60%. (R. 162, Report and Recommendation (R&R), Page ID# 5114-5134). The R&R further recommended that the Court decline to grant a fee enhancement, and impose a 3% cap on the fees incurred litigating the attorney fee

**EXHIBIT 1**
**PAGE 14**

issue ("fees for fees"). (*Id.*).

On June 5, 2013, the Plaintiffs filed Objections to the Magistrate's Report and Recommendation. (R. 164, Objections, Page ID# 5140-5173).

Due to the filing of the City of Detroit's Bankruptcy Petition  and the proceedings, the Motion for Attorney fees and Report  and Recommendation were stayed until the bankruptcy proceedings were completed. Text Only Order of 8/23/2013.

### The City of Detroit 's Bankruptcy Case.

On July 18, 2013 ("Petition Date"), the City commenced this chapter 9 case ("Bankruptcy Case").   The Sixth Circuit Court of Appeals explained the deplorable state of the City's financial affairs and further stated:

> In bankruptcy, the City crafted a series of "intricate and carefully woven" settlements with almost all of its creditors and stakeholders. Those settlements were memorialized in the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit ("Plan"). After extensive hearings, the bankruptcy court confirmed the Plan in a Confirmation Order dated November 12, 2014. . . .
>
> Overall, the Plan eliminated approximately $7 billion in debt and freed approximately $1.7 billion in revenue for reinvestment into City services and infrastructure, including public services, blight remediation, information technology, and public transportation. The Plan took effect

**EXHIBIT 1
PAGE 15**

on December 10, 2014, and the City began implementation immediately.

*In re City of Detroit*, 838 F.3d 792, 795, 796 (6th Cir. 2016), *cert. denied sub nom.*

*Ochadleus v. City of Detroit*, 137 S. Ct. 1584 (2017), and *cert. denied sub nom.*

*Quinn v. City of Detroit*, 137 S. Ct. 2270 (2017)

More than one thousand objections were filed to the Plan. Plaintiffs-Appellants did not file an objection or otherwise object to the Plan.

However, they filed proofs of claim months earlier in the case concerning their fee awards. In February 2014 K&P, HDV and 415 East Congress each filed a claim against the City in the amount of $1,563,107.76 for attorney's fees and attached their Motions for the same and billing hours. [Claim Nos. 1925, 1845 and 1841, respectively) See Bankruptcy Case No. 13-53846 .

As a result, Appellants had full knowledge of the case and the significant events occurring in the case because they were receiving actual notice of those events as a result of the filing of their proofs of claim.

Article II.B.3.u of the Plan specifically provides that Class 14 (other unsecured claims) claimholders, "in full satisfaction of such Allowed Claim, shall receive . . . a Pro Rata share" of the allotted distributions of B Notes for the class. Plan at p.44. There is a fixed amount of B Notes for Class 14 claims. The City's Disclosure Statement for the Plan estimated that Class 14 creditors would receive

**EXHIBIT 1**
**PAGE 16**

approximately 10-13%. [Doc. No. 4391 at p.41]. The Plan contained a discharge provision making the Plan and treatment of claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date of the Plan. Plan, Art. III.D.4, at p.50. Further, the Plan's injunctive provision states, in pertinent part:

> **Injunction**
>
> **On the Effective Date, except as otherwise provided herein or in the Confirmation Order,**
>
> a. **all Entities that have been, are or may be holders of Claims against the City…shall be permanently enjoined from taking any of the following actions against or affecting the City or its property…**
>
> > 1. **commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affect the City of its property . . . .**
> >
> > 5. **proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan or the settlements set forth herein to the extent such settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and**
> >
> > 6. **taking any actions to interfere with the implementation or consummation of the Plan.**

Plan, Art. III.D.5, at p.50-51 (emphasis added). (R. 174-3, Order Confirming Eighth Amendment Plan, Docket 8272, Filed 11/12/14, Page ID# 5292-5516, Injunction,

**EXHIBIT 1**
**PAGE 17**

Page ID# 5510 ; R. 174-4 Class 14 Unsecured Claims, Docket 4391, Page ID# 5517-5713)

The Court also retained jurisdiction to enforce the Plan injunction and to resolve any suits that may arise in connection with the consummation, interpretation or enforcement of the Plan.  Plan, Art. VII.F, G, I, at p.72.

### District Court's 2015 Order

On March 31, 2015, the district court affirmed the Magistrate's Recommendation in denying attorney fees for the 2003 litigation and the criminal proceedings involving Monica Conyers and Sam Riddle.  Further, the court adopted a 60% percent across the board reduction of attorney fees due to Plaintiffs' excessive billing for all other categories. (R. 169, Order Granting in Part and Denying in Part Motion for Attorney Fees, Page ID# 5214-5223).

### 2016 Sixth Circuit Court Of Appeals Decision

Plaintiffs filed a Notice of Appeal on April 20, 2015. (R. 170, Notice of Appeal, Page ID# 5224-5226).

On August 23, 2016, the Sixth Circuit affirmed in part, reversed in part, and remanded the case to the district court.  *H.D.V. - Greektown, LLC v. City of Detroit*, 660 F. App'x 375, 378 (6th Cir. 2016).  The Sixth Circuit held that the district court abused its discretion when it failed to adequately explain why a 60% reduction was

**EXHIBIT 1**
**PAGE 18**

appropriate. *Id.* at 385.  The Sixth Circuit remanded the case for a more detailed explanation of the Court's 60% reduction on several categories of fees and costs. The Sixth Circuit also ruled that the district court had erred in limiting the fees recoverable for the attorney fee motion itself to 3% of the total fees awarded. Instead, the Court ruled that the "fees for fees" award had to be based on the traditional reasonableness standard stated in *Hensley v Eckerhart*, 461 US 424; 103 S Ct 1933; 76 L Ed 2d 40 (1983). The Court further held that the award must be recalculated in light of the Sixth Circuit's decision in *The Northeastern  Ohio Coal for the Homeless v. Husted*, 831 F.3d 686, 720 (6th Cir. 2016). *Id.* at 387 which removed a 3% cap on "fees for fees.

Further, the Sixth Circuit Court of Appeals specifically denied the fee enhancement requested by Plaintiffs-Appellants.

However, the Court upheld nearly all of the other rulings of the District Court, holding that:

- Plaintiffs were entitled to no fees or costs for an earlier 2003 lawsuit raising similar issues ($143,362.58);

- Plaintiffs were entitled to no fees or costs related to a criminal matter involving Monica Conyers ($16,200);

- Although Plaintiffs had standing to assert declaratory relief claims on behalf of the "Jane Roe" Plaintiffs (who were dismissed before the settlement and who recovered nothing), the Sixth circuit determined that Plaintiffs were not entitled to full fees  for representing them as

EXHIBIT 1
PAGE 19

adding them should not have been so onerous as to warrant the award of the entirety requested by Appellants.

- The District court did not abuse its discretion in declining to award full fees for the BZA/Condition 18 proceedings. The Sixth Circuit noted that while the City attempted to enforce Condition 18 during the proceedings, "Appellants do not show that it was an issue substantial enough to justify an award of full fees – a burden that falls entirely on its shoulders."

*H.D.V. - Greektown, LLC v. City of Detroit*, *supra* 660 F. App'x at 385-386.

Plaintiffs-Appellants argued that they were entitled to a fee because the case is rare or exceptional, they obtained superior results and the case was undesirable because it involved an adult entertainment business. The Sixth Circuit held that the Appellants have not shown that the district court abused its discretion in deciding to award a fee enhancement. *Id.* at 386–387.

**On Remand – Second Supplemental Motion for Attorney's Fees and Costs**

In their Second Supplemental Motion for Attorney's Fees and Costs [174], Plaintiffs argued that they are entitled to additional attorney fees and costs, such as costs related to appellate litigation. Plaintiffs further argue that they are entitled to a substantial fee enhancement because of the City of Detroit's bankruptcy status. (R. 174, Plaintiffs Second Supplemental Motion, Page ID# 5251-5784)

In its Response, Defendant did not contest Plaintiffs' right to recover the additional attorney fees and costs associated with the appeal. (R. 176, Defendants

EXHIBIT 1
PAGE 20

Response to Second Supplemental Motion, Page ID# 5786-5805). Moreover, Defendant conceded that Plaintiffs' hourly rates are reasonable. Although Defendant maintains that the total amount Plaintiffs seek is excessive, Defendant nevertheless waived any objections contesting the total time incurred by counsel in preparing the instant Motion. However, Defendant argued that Plaintiffs are neither entitled to bill in quarter-hour increments for all tasks, nor entitled to an enhancement of fees. (R. 176, Page ID #5786-5805.

On September 28, 2017, the District Court Magistrate recommended that the Court grant in part and deny in part Plaintiffs' Second Supplemental Motion [174]. (R. 179, Report and Recommendation (R&R), Page ID#5886-5904). In particular, the R&R: accepted Plaintiffs' claimed hourly rates in computing the lodestar as reasonable (Section III-A); and Plaintiffs' "fees for fees" award request as reasonable (Section III-B); recommended an 80% reduction to certain fees and a 10% reduction to remaining fees (Section III-C); recommended awarding costs associated with the appeal, but reducing quarter-hour billing to one-tenth hour billing (Section III-D); and recommended denying Plaintiffs' request for a fee enhancement (Section III-D). Id.

The R&R recommended that the Court award Plaintiffs-Appellants' counsel a total of $905,718.65, subject to the orders of the Bankruptcy Court. (R. 180, Errata

Sheet To R & R, Page ID# 5905-5906).

On October 12, 2017, Plaintiffs filed an Objection [181] to the R&R. Plaintiffs solely objected to the Magistrates R &R which declined to impose a fee enhancement. (R. 181, Plaintiffs' Objection, Page ID# 5907-5920).

The District Court Judge Tarnow awarded Plaintiffs' counsel a total of $905,718.65 in attorney fees and costs, subject to the orders of Bankruptcy Court as recommended by the Magistrate's R&R. (R. 182, Order Adopting In Part , R&R (179 and 180), Page ID # 5921-5930. The court overruled Plaintiffs' Objections. (*Id* at Page ID #5927-5928). Judge Tarnow also agreed that Plaintiffs were not entitled to a 1000% enhancement fee because of the bankruptcy. (*Id* at 5928-5930).

EXHIBIT 1
PAGE 22

## SUMMARY OF ARGUMENT

The goal of attorney fees under 42 U.S.C. §1988 is to aid civil rights, not lawyers. *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010) (the statute's aim is "not to provide a form of economic relief to improve the financial lot of attorneys")

The Sixth Circuit Court of Appeals ruled that the district court did not abuse its discretion in denying an enhancement in Plaintiffs first Motion for Attorney's Fees and Cost. This Second Supplemental Motion for Attorney's Fees arises out of the same factual and legal issues. Thus, the law of the case doctrine precluded the district court, and now prevents this Court, from entertaining Appellants' enhancement argument.

The district court's denial of an enhancement did not constitute an abuse of discretion. The District Court Judge was correct in determining that nothing was "rare" or  exceptional about this case that justified an enhancement. Appellants failed to meet their burden to demonstrate that any of the factors they addressed make this case one of the rare cases or exceptional cases in which they are entitled to a 1000% enhancement. Appellants failed to present sufficient reasons for an enhancement.  It is neither "rare" nor "exceptional" for an otherwise valid claim against a bankrupt debtor to be paid at a greatly reduced rate, often over a significant period of time.  This is the very nature of the bankruptcy process.

**EXHIBIT 1**
**PAGE 23**

Appellants are attempting to evade the bankruptcy laws by asking this court to undermine the Bankruptcy Confirmation Plan determination of how and when creditors will be paid. This Court should not be swayed by Plaintiffs- Appellants assertion  that a 1,000% increase in the *attorney fee* component of the 2006 Action is necessary to ensure that municipalities do not use their "financial precariousness to violate individual civil rights,".  Appellants' Br. at 25 This argument ignores that the Bankruptcy Code does not treat a civil rights claim any differently than any other claim.  The bankruptcy process treats all similarly situated creditors the same.

This court must reject Appellants' self-serving speculative argument that treating their attorneys just like every other creditor in the City's Bankruptcy will spell the end of civil rights litigation.  It is not at all remarkable or unusual that civil rights claims would be expunged, paid out on a diminished pro rata scale, or otherwise treated like any other claim in bankruptcy.  *See, e.g.*, *McKay v. City of Detroit (In re City of Detroit)*, 700 F. App'x 511, 512–13 (6th Cir. 2017) (affirming settlement agreement in which claimant exchanged his 42 U.S.C. § 1983 claim against City officials for a Class 14 claim against the City). Appellants' request is a collateral attack on the Plan and violates the discharge and injunction provisions in the Bankruptcy Plan and Confirmation Order and should be denied.

**EXHIBIT 1**
**PAGE 24**

## <u>STANDARD OF REVIEW</u>

### STANDARD OF REVIEW AND GENERAL RULES APPLICABLE TO MOTIONS FOR ATTORNEY FEES AND COSTS UNDER 42 U.S.C. §1988

This Court reviews a district court's award of attorneys' fees and costs for abuse of discretion, *Singleton v. Smith,* 241 F.3d 534, 538 (6th Cir.2001). A district court abuses its discretion "when it relies on clearly erroneous findings of fact, when it improperly applies the law, or uses an erroneous legal standard." *Binta B ex rel SA v. Gordon*, 710 F3d 608, 618 (6th Cir. 2013). An abuse exists when the court has "a definite and firm conviction that the trial court committed a clear error of judgment". *Moon v. Unum Provident Corp*., 461 F.3d 639, 642 (6th Cir. 2006) (internal quotations omitted).

The reviewing court, however, "cannot overturn a district court solely because it would have made a different decision under the circumstances." *Bartholomew v. Town of Collierville,* 409 F.3d 684, 686 (6th Cir.2005) (quoting *CSX Transp., Inc. v. Tenn. State Bd. of Equalization,* 964 F.2d 548, 556 (6th Cir.1992)).

42 U.S.C. §1988 permits "reasonable attorney's fee[s]" to prevailing parties in the court's discretion 42 U.S.C. §1988 (b). Reasonable fees strike the balance of (1) being "adequately compensatory to attract competent counsel", but not (2) "producing a windfall for lawyers." *Gonter v. Hunt Valve Co., Inc*., 510 F.3d 610,

**EXHIBIT 1
PAGE 25**

616 (6th Cir. 2007) (emphasis omitted).  *Perdue v. Kenny A. ex rel. Winn,* 559 U.S. 542, 552, 130 S.Ct. 1662, 176 L.Ed.2d 494 (2010) .

Determination of an appropriate fee award "should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1982).

EXHIBIT 1
PAGE 26

# **ARGUMENT**

## I.  **PLAINTIFFS ARE NOT ENTITLED TO AN ENHANCEMENT OF THEIR FEES AND COSTS.  THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING THE FEE ENHANCEMENT REQUESTED BY PLAINTIFFS.**

Appellants  are not entitled to a 1000% fee enhancement in this case for three reasons. First, the Sixth Circuit Court of Appeals previously  rejected their  argument  that  Plaintiffs  were  entitled  to  an  enhancement.  The decision constitutes the law of the case in this appeal and the matter should not  be  reviewed  again.  Second,  none  of  the  factors  warranting  an enhancement  apply  in  the  instant  case.  Third,  the  City  of  Detroit's Bankruptcy  is  not  a  factor  that  should  be  considered  in  granting  an enhancement in light of the Final Bankruptcy Order as will be discussed herein.

### A.  **The  Sixth  Circuit  Court  Of  Appeals  Has  Determined  That Plaintiffs-Appellants  Are  Not  Entitled  To  An  Enhancement  And Therefore That Constitutes The Law Of The Case And Cannot Not Now Ask For Enhancement.**

Appellants   requested a 10% enhancement  fee in its Motion  for Attorneys' Fees and Costs and in their First Supplemental Motion for Attorney Fees and Costs. Plaintiffs  argued  that  they  are  entitled  to  an  enhanced  fee  because  of  (1)  "the

**EXHIBIT 1
PAGE 27**

egregious nature of Defendants' actions;" (2) "the superior result obtained;" (3) the "undesirability" of this case; and (4) the fact that the rates requested are "below market as compared to other experienced " (R. 148, Plaintiffs Motion for Attorney Fees and Costs,  Page ID# 4329-4373).

The Sixth Circuit Court of Appeals held "we conclude that the denial was not an abuse of discretion." *HDV supra* at 660  _____. The Court expounded:

> Appellants requested a 10% fee enhancement, which was denied. We conclude that the denial was not an abuse of discretion. Fee "enhancements may be awarded in 'rare' and 'exceptional' circumstances." Perdue, 559 U.S. at 552 (citations omitted). Appellants bear the burden of producing specific evidence that they are entitled to the fee enhancement. *Id.* at 553. Here, Appellants present no viable arguments for why this is a rare or exceptional circumstance.  Nor do they present sufficient specific evidence demonstrating that they are entitled to a fee enhancement First, Appellants assert that their counsel bills below market rate, but those concerns are already addressed through the lodestar method, which calculates fees based on the prevailing market rate. *Binta B. ex rel. S.A.,* 710 F.3d at 627 (citing *Missouri v. Jenkins by No. 15-1449, H.D.V. - Greektown, LLC v. City*

**EXHIBIT 1**
**PAGE 28**

*of Detroit Agyei,* 491 U.S. 274, 285-86 (1989)).  A fee enhancement may be appropriate when the prevailing market rate fails to afford adequate compensation. See *Perdue,* 559 U.S. at 554-55 ("[A]n enhancement may be appropriate where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value.").  Appellants have not shown that this is the case.

Second, Appellants argue that they obtained superior results. Although there are a few circumstances in which superior results would justify a fee enhancement, the Supreme Court has noted that those "circumstances are indeed 'rare' and 'exceptional,' and require specific evidence that the lodestar fee would not have been 'adequate to attract competent counsel.'" Id. at 554 (citation omitted). Appellants have not made that showing here. Finally, Appellants' argue that the case was undesirable because it involved an adult entertainment business, but they offer no evidence that counsel representing adult entertainment businesses are subject to any undue pressure on their ability to obtain clients or adequate compensation for their work in representing them. As it is Appellants' burden to produce specific evidence, this argument

EXHIBIT 1
PAGE 29

fails because they do not substantiate it. *C. T. Barnes v. City of Cincinnati,* 401 F.3d 729, 746 (6th Cir. 2005) (affirming a fee enhancement based, in part, on two affidavits from attorneys attesting that the case was highly controversial).

Accordingly, the Sixth Circuit Court of Appeals has ruled and Plaintiffs are not entitled to a second bite of the apple for the court to determine that it is entitled to an enhancement of their attorney's fees and costs. This Second Supplemental Motion for Attorney's Fees arises out of the same factual and legal issues as the First Motion for Attorney's Fees and the First Supplemental Motion for Attorney's Fees. Plaintiffs are merely seeking additional fees for the appellate litigation and additional work performed . There are no new factors recognized by this Court that justify legally or factually avoiding the law of the case.

Thus, the law of the case doctrine precluded the district court, and now prevents this Court, from again entertaining Appellants' enhancement argument. Under the doctrine of the law of the case, determinations of the court of appeals of issues of law are binding on both the district court on remand and the court of appeals upon subsequent appeal*." United States v Campbell*, 168 F.3d 263, 265(6th Cir. 1999). That doctrine forecloses relitigation of issues expressly, by necessary inference from the disposition or *impliedly* decided by the appellate court as the

**EXHIBIT 1**
**PAGE 30**

decided issue constitutes the law of the case. See *United States v O'Dell*, 320 F.3d 674, 679(6th Cir. 2003) (emphasis in original); *Coal Resources v Gulf and Western Industries Inc.,* 865 F.2d 761, 766 (6th Cir. 1989) (citations omitted).   When a case has been remanded by an appellate court, the trial court is bound to "proceed in accordance with the mandate and law of the case as established by the appellate court."  *Hanover Ins. Co. v. American Eng. Co.,* 105 F.3d 306, 312 (6th Cir.1997) quoting *Petition of U.S. Steel Corp.,* [479 F.2d] 489, 493 (6th Cir.), *cert. denied,* 414 U.S. 859[, 94 S.Ct. 71, 38 L.Ed.2d 110] (1973). The "law of the case" doctrine precludes a court from "reconsideration of identical issues." *Id. McMurtry v Paul Revere Life Ins Co*, 67 Fed Appx 290, 295–96 (6th Cir. 2003) "Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case."

None of three reasons for reconsideration of the law of the case are applicable here. A court may reconsider a ruling "(1) where substantially different evidence is raised on subsequent trial; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice"). *McMurtry v Paul Revere Life Ins Co*, 67 Fed Appx 290, 295–96 (6th Cir. 2003).

Plaintiffs- Appellants filed their Bankruptcy claims and attached their Motion

EXHIBIT 1
PAGE 31

for Attorney Fees Request in Bankruptcy Court. They had full notice and knowledge of the Bankruptcy Confirmation Plan as to how  all Plaintiff litigant creditors were going to  be paid including the time table. They filed no objections to the same. They should have raised the issue of the of the 1000% enhancement fee due to the bankruptcy factor in the first appeal involving their Motion for Attorney's Fees and Costs and the First Motions for Supplemental Attorney's Fees and Cost.

### B.     The District Court Did Not Abuse Its Discretion In Denying the 1000% Enhancement Fee.

The district court did not abuse its discretion in declining to increase or otherwise adjust its lodestar calculation.  An enhancement is no longer justified on the basis of factors such as the novelty of the issues, the complexity of the litigation, the high quality of the representation, "results obtained" or the number of people benefitting in the action.  See *Perdue v. Kenny, supra* 559 U.S. at 553.   ("an attorney's performance" and the "novelty and complexity of a case" are presumably reflected in the attorney's billable hours and "may not be used as a ground for an enhancement").  See also *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S.Ct. 3088, 92 L. Ed. 2d 439(1986) (Delaware Valley I).  All these factors are considered subsumed in the calculation of the

EXHIBIT 1
PAGE 32

lodestar, because they are deemed to be adequately reflected in the hourly rate and the number of hours expended on the litigation. *Delaware Valley I*, 478 U.S. at 565. See *Perdue*, 559 US at 585.

The court in *Perdue* has stressed that this statute was not intended to produce financial windfalls for attorneys. Perdue v. Kenny A. ex rel. Winn, 599 U.S. 542, 552 (2010). Section's 1988's chief goal, the court holds, is to "enforce the covered civil rights statutes, not to provide a form of economic relief to improve the financial lot of attorneys." *Id*. The Supreme Court in *Perdue* found that if the lodestar amount is adequate if it yields a fee that is sufficient to achieve the objectives of a § 1988 civil rights case. *Id*. Moreover, enhancements are only awarded in "rare" and "exceptional" circumstances. *Id*. at 545. To determine whether a circumstance is "rare" or "exceptionable" the court looks to limited factors, such as, true market value of attorney's services, if there is an exceptional outlay of expenses, or if the attorney's performance involves an exceptional delay in payment of fees. *Id*. at 555-556. The court has found that usually an attorney is awarded an enhancement for litigating a § 1988 case, because of the presumption that a typical attorney in a § 1988 suit will not be paid until the end of the litigation, if paid at all, due to the status of the § 1988 plaintiff, a person who usually cannot afford counsel. *Id*. at 556.

EXHIBIT 1
PAGE 33

§1988 serves an important public purpose. Id. at 559. The purpose is to make it possible for persons who do not have sufficient resources are able to bring a civil rights claim to vindicate their rights. In fact, "[i]n many cases attorney's fees awarded under 1988 are not paid by the individuals responsible for the constitutional or statutory violations on which the judgment is based." *Id.* The Supreme Court in *Perdue* noted that attorney fees are paid by state and local tax payers. *Id.* The Court recognized that because "state and local governments have limited budgets, money that is used to pay attorney's fees is money that cannot be used for programs that provide vital public services." *Id.*

The Magistrate and the District Court judge correctly noted that there was nothing exceptional or "rare" about this case which would warrant an enhanced fee award. This case does not meet the very difficult standards and rare circumstances announced in *Delaware Valley I, supra* 106 S.Ct. at 3099 (attorney work is so superior and outstanding that is far exceeds expectations, which would justify an enhanced attorney fee award. This case did not present unusually complex or novel legal issues, but even if it had, this would have been reflected in the number of hours spent on the case.

It is the burden of the party seeking such an enhancement to present sufficient reasons for an enhancement. Appellants have failed to present sufficient evidence

**EXHIBIT 1**
**PAGE 34**

and facts to prove their claim. The reasons offered by the Plaintiffs to support the 1000% upward adjustment are without merit. Plaintiffs suggest that this bankruptcy case makes this case rare and unfair due to the delayed payment plan under the Bankruptcy plan.

### C.   Plaintiffs Are Not Entitled To An Enhancement Of Their Fees And Costs Due To The Effect Of The City Of Detroit's Bankruptcy On The Rate And Time For Payment Of Their Claims And Their Request Violates The Language Of The Bankruptcy Confirmation Plan.

Appellants  argue that the Court should enhance their fee award by 1000% because their ultimate recovery will be reduced due to the City of Detroit's bankruptcy filing in 2013.  Plaintiffs argue that under *Perdue v Kenny A.*, 559 U.S. 542 (2010), an attorney fee award under 42 U.S.C. §1988 may be enhanced or increased beyond the traditional lodestar calculation due to "rare" and "exceptional" circumstances, and that the City's bankruptcy constitutes such a situation.  Plaintiffs argue that to fail to award a substantial enhancement would amount to a "mockery of justice" and would "subvert the entire purpose of §1988."

It is neither "rare" nor "exceptional" for an otherwise valid claim against a bankrupt debtor to be paid at a greatly reduced rate, often over a significant period of time.  This is the very nature of the bankruptcy process.  Each of the City of

EXHIBIT 1
PAGE 35

Detroit's 3,976[1] creditors in its bankruptcy proceeding would dispute that receiving a fraction of the value of one's claim against the City is rare or exceptional, within the meaning of *Perdue*.

Moreover, enhancing Plaintiffs' attorney fee claims in this case due to the effect of the City's bankruptcy would be grossly unfair to all of the other claimants in the City's bankruptcy, whose ultimate payouts will be dramatically less than the fair value of their claims. Every unsecured, non-priority claimant or creditor of the City will receive less than the full value of its claim due to the City's bankruptcy. The City's bankruptcy creditors include those who have suffered catastrophic personal injuries or other life-altering calamities. It would be completely unjust and inequitable for creditor claimants who have prevailing claims for such alleged constitutional violation of false arrest and excessive force to receive a reduced recovery on their bankruptcy claims, while Plaintiffs' claims are artificially enlarged, so that their eventual recovery through the bankruptcy is larger.

*Perdue* and other Supreme Court cases identify the relevant factors for fee enhancement. There is nothing intrinsically rare or different about this First Amendment case that would warrant a 1000% enhancement for these corporate

---

[1] This number is taken from the claims register in the City's bankruptcy case, which is a public record that may be reviewed through the website of KCC Associates.

**EXHIBIT 1
PAGE 36**

creditors.  The District Court Magistrate aptly characterized this case.  In discussing it, the court held:

> The Sixth Circuit affirmed this Court's previous denial of a fee enhancement based on a consideration of factors intrinsic to this case. Those are the only factors relevant to the fee enhancement issue.  There is nothing essential about this case that differentiates it from any other fee petition or award where the City of Detroit was the defendant.  If we accept the argument that the bankruptcy court's order of confirmation justifies a fee enhancement in the Plaintiff's case, then it would permit a fee enhancement in every City of Detroit case.  In effect, Plaintiffs are asking this Court to modify a final order of the bankruptcy court.
>
> I recognized that the reduction of fees by virtue of the bankruptcy plan is a bitter pill for Plaintiffs to swallow.  But it does not, as Plaintiffs hyperbolically claim, "make a mockery of justice."  Thousands of other creditors of the City of Detroit will endure the same consequences as Plaintiffs.  That is the nature of bankruptcy, and it is not a "rare and exceptional" circumstance as envisioned by *Perdue*.  Plaintiffs' request for a fee enhancement should be denied. (R. 179, R&R, Page ID# 5901-

EXHIBIT 1
PAGE 37

5902). (footnote omitted).

The City's bankruptcy proceeding is completely irrelevant to the calculation of Plaintiffs' fee award in this case. All claims against the City should be calculated and evaluated without any consideration of whether the claims will be paid at a reduced rate or over a certain period of time. For these reasons, Judge Tarnow properly determined that no fee enhancement is warranted. He enunciated:

> Furthermore, although Plaintiffs may face an exceptional delay in the payment of fees, the delay was not "unjustifiably caused by the defense." *See Perdue,* 559 U.S. at 556 (explaining that fee enhancement may be appropriate particularly where the defense unjustifiably cause the delay). The R&R appropriately characterizes Plaintiffs' Objection as a request to modify the Bankruptcy Court's final order. The Court cannot, and will not, grant Plaintiffs' sweeping request. *See In re City of Detroit,* NO. 13-53846, 2015 WL 603888, at *3 (Bankr. E.D. Mich. Feb 12, 2015) (noting that 11 U.S.C. § 943 authorizes bankruptcy courts to "monitor the payment of fees and the reimbursement of expenses in or in connection with a chapter case …."). As the R&R explains, the "nature of bankruptcy … is not a 'rare and exceptional' circumstance as evisoned by *Perdue.*" Accordingly,

EXHIBIT 1
PAGE 38

the Court overrules Plaintiffs' Objection and adopts Section III-E of the R&R. (R. 182, Order, Page ID# 5928-5930).

Appellant is attempting to evade the bankruptcy laws by asking this court to undermine the Bankruptcy Plan Order determination of how a class of creditor litigants will be paid and when by asking for a 1000% enhancement.

This Court should not be swayed by Plaintiffs- Appellants assertion that a 1,000% increase in the *attorney fee* component of the 2006 Action is necessary to ensure that municipalities do not use their "financial precariousness . . . as a standing blank check to violate individual civil rights,". Appellants' Br. at 25. This argument ignores that the Bankruptcy Code does not treat a civil rights claim any differently than any other claim: for example, if an individual whose civil rights have been violated does not file a claim with the bankruptcy court, that claim will be barred, just like an ordinary contract or tort claim. Plaintiffs cannot decide that it can evade the Bankruptcy process by asking the court to grant a 1000% enhancement because it believes the City can afford to pay it as a result of the Bankruptcy. The bankruptcy process treats all similarly situated creditors the same and eliminates opt-out behavior. If the 1000% fee enhancement were granted, it will still be paid with B Notes, just more of those B Notes will go to the Plaintiffs at the expense of other creditors by reducing their share ratably. Other innocent creditors should not bear

**EXHIBIT 1
PAGE 39**

the costs of the requested fee enhancement as such treatment would violate a fundamental pillar of bankruptcy law that similarly situated creditors are treated the same. *See e.g.* 11 U.S.C. §§ 1123(a)(4), 901(a).

This court must reject Plaintiffs-Appellants' self-serving speculative argument that treating their attorneys just like every other creditor in the City's Bankruptcy will spell the end of civil rights litigation, it is not at all remarkable or unusual that civil rights claims would be expunged, paid out on a diminished pro rata scale, or otherwise treated like any other claim in bankruptcy. *See, e.g.*, *McKay v. City of Detroit (In re City of Detroit)*, 700 F. App'x 511, 512–13 (6th Cir. 2017) (affirming settlement agreement in which claimant exchanged his 42 U.S.C. § 1983 claim against City officials for a Class 14 claim against the City); *In re City of San Bernardino*, 566 B.R. 46, 56 (C.D. Cal. 2017) (confirming plan of adjustment that paid litigation claimants, including civil rights plaintiffs, 1% return on their claims, and provided for injunction preventing plaintiffs from enforcing judgments against indemnified city employees, where such enforcement would expose the city to potentially "uncapped" payouts); *Jarreau-Griffin v. City of Vallejo*, 531 B.R. 829, 831–33 (E.D. Cal. 2015) (noting that plaintiffs' claims against the municipal debtor for *Monell* violations was discharged unless plaintiffs did not receive actual notice of the bankruptcy).

EXHIBIT 1
PAGE 40

Plaintiffs-Appellants' request for an enhanced attorney fee award violates the discharge and injunction provisions in the Plan and Confirmation Order. The Plaintiffs had actual notice and every opportunity to object to the Plan and argue that their claims for attorneys' fees should be paid in full but they took no action. Section 944(a) of the Bankruptcy Code, the provisions of a confirmed plan bind the debtor and any creditor. 11 U.S.C. § 944(a). Plaintiffs-Appellants' argument is an impermissible collateral attack on the Plan and Confirmation Order that should be rejected by this Court as a ground for seeking a 1000% enhancement without a factual or legal basis in law. *See DeLorean v. Gully,* 118 B.R. 932, 935 n.1 (E.D. Mich. 1990) (noting that a collateral attack is a request for relief, which, if granted, "must in some fashion overrule a previous judgment.")

The Plan specifically provides that distributions on Class 14 claims were to be made Pro Rata and in full satisfaction of the underlying claims. Plan, Art. II.B.3.u, at p.44. The Plan discharge provision also specifically reiterates that "the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date." Plan, Art. III.D.4, at p.50. Furthermore, claimholders are barred from "proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan." Plan, Art. III.D.5,

EXHIBIT 1
PAGE 41

at p.50. Plaintiffs by using the bankruptcy as a ground for an enhancement when the Court of Appeals found no merit in the same and when they had notice of the same on February 14, 2014 is an attempt to evade the purpose and Orders of the Plan. They have directly violated the Plan, the City's discharge, and the Plan injunction by pursuing litigation with the boldly proclaimed goal of obtaining full payment of their claims against the City in contravention of the treatment provided by the Plan for Class 14 claims.

## **CONCLUSION**

For the reasons stated above, Defendant-Appellee, the City of Detroit, requests that this Honorable Court affirm the decision of the district court.

/s/Linda D. Fegins (P31980)
Senior Assistant Corporation Counsel
Attorney for City of Detroit
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3022
fegil@detroitmi.gov

Dated: July 5, 2018

EXHIBIT 1
PAGE 42

Case No. 18-1203

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

H.D.V. – GREEKTOWN, LLC; 415 EAST CONGRESS, LLC; K AND P, INCORPORATED dba Déjà vu, dba Zoo Bar,

      Plaintiffs – Appellants

v.

CITY OF DETROIT, MI

      Defendant – Appellee

and

MAJED DABISH

      Defendant.

_____

## CERTIFICATE OF COMPLIANCE

    The undersigned hereby certifies that the brief of Defendants-Appellees complies with Federal Rule of Appellate Procedure 32(a)(7), in that except for the corporate disclosure statement, table of contents, table of authorities, and statement with respect to oral argument, the brief contains 7,046 words.

                      /s/Linda D. Fegins (P31980)
                      Senior Assistant Corporation Counsel
                      Attorney for City of Detroit
                      2 Woodward Avenue, Suite 500
                      Detroit, MI 48226
                      (313) 237-3022
Dated:  July 5, 2018          fegil@detroitmi.gov

EXHIBIT 1
PAGE 43

Case No. 18-1203

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

H.D.V. – GREEKTOWN, LLC; 415 EAST CONGRESS, LLC; K AND P, INCORPORATED dba Déjà vu, dba Zoo Bar,

      Plaintiffs – Appellants

v.

CITY OF DETROIT, MI

      Defendant – Appellee

and

MAJED DABISH

      Defendant.

_____

## DEFENDANT-APPELLEE CITY OF DETROIT'S
## DESIGNATION OF RECORD

Pursuant to Sixth Circuit Rule 29, Defendant-Appellee, designates the following filings in the district court for inclusion in the record on Appeal in addition to those identified in the Plaintiff's Designation of Record:

EXHIBIT 1
PAGE 44

| RECORD NO. | DESCRIPTION OF ENTRY | PAGE ID# |
|---|---|---|
| 1 | COMPLAINT with Exhibits A-L | 341-390 |
| 11 05/15/2006 | ANSWER to Complaint with Affirmative Defenses | 405-447 |
| 22 01/23/2007 | AMENDED ORDER striking 17 Motion for partial summary judgment | 684-686 |
| 23 01/30/2007 | MOTION for Summary Judgment (*Partial Summary Judgment)* with Exhibits | 803-848; 713-716, 703-708 150-155 159-324 328-340 1-50 101 109-138 |
| 25 02/20/2007 | RESr REPONSE to 23 MOTION for Summary Judgment (*Partial Summary Judgment)* plus Brief in Opposition to Motion for Partial Summary Judgment with Exhibits A-B | 893-932 |
| 29 04/18/2007 | Secosecond MOTION for Partial Summary Judgment with Exhibits A-N. | 1088-1120 |
| 30 05/09/2007 | RESRESPONSE to 29 Second MOTION for Partial Summary Judgment *and Brief in Opposition to Motion* | 1121-1149 |
| 31 05/10/2007 | RESPONSE to 29 Second MOTION for Partial Summary Judgment [*AMENDED Answer and Brief in Opposition*] with Exhibits A-H | 1150-1237 |
| 40 06/14/2007 | REPLY to Response re 29 Second MOTION for Partial Summary Judgment with Exhibits 1-3. | 1286-1315 |
| 41 06/28/2007 | SUR-REPLY re 29 Second MOTION for Partial Summary Judgment. | 1316-1330 |
| 45 07/24/2007 | NOTICE by K and P, Incorporated, H.D.V. - Greektown, L. L. C., 415 East Congress, L. L. C. re 23 MOTION for Summary Judgment (*Partial* | 1385-1445 |

**EXHIBIT 1**
**PAGE 45**

| | | |
|---|---|---|
| | *Summary Judgment) Notice of Filing in Support of Plaintiffs' [first] Mtn for Partial Summary Judgment* with Exhibits 1-2 | |
| 46 07/27/2007 | MOTION for Leave to File *First Amended Complaint* | 1446-1457 |
| 48 08/06/2007 | ORDER granting in part and denying in part 23 Motion for Summary Judgment; granting in part and denying in part 29 Motion for Partial Summary Judgment. | 1465-1477 |
| 49 08/10/2007 | RESPONSE to 46 MOTION for Leave to File *First Amended Complaint* with Exhibit A | 1478-1493 |
| 51 08/17/2007 | MOTION to Amend/Correct 48 Order on Motion for Summary Judgment, Order on Motion for Partial Summary Judgment with Exhibits A-C | 1503-1536 1540-1567 |
| 52 08/21/2007 | REPLY to Response re 46 MOTION for Leave to File *First Amended Complaint* | 1570-1575 |
| 55 09/07/2007 | ORDER granting 54 Motion for Leave to File | 1588-1589 |
| 57 09/18/2007 | RESPONSE to 51 MOTION to Amend/Correct 48 Order on Motion for Summary Judgment, Order on Motion for Partial Summary Judgment MOTION to Amend/Correct 48 Order on Motion for Summary Judgment, Order on Motion for Partial Summary Judgment with Exhibit A | 1596-1629 |
| 59 10/23/2007 | REPLY to Response re 51 MOTION to Amend/Correct 48 Order on Motion for Summary Judgment, Order on Motion for Partial Summary Judgment MOTION to Amend/Correct 48 Order on Motion for Summary Judgment, Order on Motion for Partial Summary Judgment with Exhibit A | 1632-1644 |
| 66 01/29/2008 | EXHIBIT *I (July 26, 2007 letter from Detroit Buildings and Safety Engineering Department requesting additional documentation relating to sign application)* re 31 Response to Motion | 1653-1654 |
| 67 | MOTION for Leave to File *Supplemental Brief in* | 1655-1673 |

EXHIBIT 1
PAGE 46

| | | |
|---|---|---|
| 01/31/2008 | *Support of Plaintiffs' Second Motion for Partial Summary Judgment* with Exhibits A-B | |
| 68 02/06/2008 | RESPONSE to 67 MOTION for Leave to File *Supplemental Brief in Support of Plaintiffs' Second Motion for Partial Summary Judgment* | 1674-1678 |
| 69 02/07/2008 | ORDER granting 46 Motion for Leave to File; granting 47 Motion; denying 51 Motion to Amend/Correct | 1679-1680 |
| 70 02/14/2008 | ORDER granting in part and denying in part 29 Motion for Partial Summary Judgment | 1681-1698 |
| 71 03/06/2008 | NOTICE OF APPEAL by K and P, Incorporated, H.D.V. - Greektown, L. L. C. | 1699-1701 |
| 72 03/06/2008 | NOTICE OF APPEAL by K and P, Incorporated, H.D.V. - Greektown, L. L. C., 415 East Congress, L. L. C.. | 1702-1704 |
| 74 03/26/2008 | TRANSCRIPT of Civil held on March 13, 2007, Motion for Partial Summary Judgment | Not accessible online |
| 75 04/08/2008 | AMENDED COMPLAINT filed by Jane Roe I, Jane Roe II, Jane Roe III, Jane Roe IV, K and P, Incorporated, H.D.V. - Greektown, L. L. C., 415 East Congress, L. L. C. against Detroit, City of with Exhibits A–L | 1750-2133 |
| 77 05/06/2008 | ANSWER to Amended Complaint with Affirmative Defenses | 2134-2179 |
| 79 05/07/2008 | TRANSCRIPT of Motions held on January 29, 2008. | Not accessible online |
| 81 02/26/2009 | MOTION for Leave to File *Second Amended Complaint* by K and P, Incorporated, Jane Roe I, Jane Roe II, Jane Roe III, Jane Roe IV, H.D.V. - Greektown, L. L. C. with Exhibit 1 | 2229-2370 |
| 82 03/12/2009 | RESPONSE to 81 MOTION for Leave to File *Second Amended Complaint* | 2371-2375 |
| 83 04/29/2009 | ORDER granting 81 Motion for Leave to File | 2376-2377 |
| 84 | AMENDED COMPLAINT *(Second)* filed by K | 2378-2766 |

EXHIBIT 1
PAGE 47

| 05/11/2009 | and P, Incorporated, Jane Roe I, Jane Roe II, Jane Roe III, Jane Roe IV, H.D.V. - Greektown, L. L. C. with Exhibits A-L. | |
|---|---|---|
| 85 06/03/2009 | ANSWER to Amended Complaint with Affirmative Defenses | 2767-2813 |
| 86 06/12/2009 | JUDGMENT from U.S. Court of Appeals - Sixth Circuit re 72 Notice of Appeal filed by 415 East Congress, L. L. C., K and P, Incorporated, H.D.V. - Greektown, L. L. C., 71 Notice of Appeal filed by 415 East Congress, L. L. C., K and P, Incorporated, H.D.V. - Greektown, L. L. C. - Disposition: district court's denial of the plaintiffs' request that it declare the present owner's operation of the cabaret lawful and enjoin the City from enforcing the adult-use provisions of the zoning ordinances is reversed and remanded. With respect to the sign ordinances, district court's orders are affirmed | 2814 |
| 88 08/12/2009 | ORDER re 86 Appeal Order/Opinion/Judgment | 2816-2818 |
| 90 8/27/2009 | AMENDED ORDER re 88 Order | 2821-2822 |
| 92 09/25/2009 | MOTION to Amend/Correct 48 Order on Motion for Summary Judgment, Order on Motion for Partial Summary Judgment *[City of Detroit's Motion to Revise 8-6-07 Order Pursuant to FRCP 54]* with Exhibits A-E | 2825-2856 |
| 100 10/27/2009 | RESPONSE to *Defendants Motion to Revise Order* with Exhibits A-D | 2911-3031 |
| 101 10/27/2009 | Third MOTION for Partial Summary Judgment by K and P, Incorporated, H.D.V. - Greektown, L. L. C. with Exhibits A-E | 3032-3108 |
| 104 11/17/2009 | REPLY to Response *to City's Motion to Revise August 6, 2007 Order Pursuant to FRCP 54* | 3114-3122 |

**EXHIBIT 1**
**PAGE 48**

| | | |
|---|---|---|
| 105<br>12/02/2009 | RESPONSE to 101 Third MOTION for Partial Summary Judgment filed by Detroit, City of with Exhibits A-H | 3123-3189 |
| 108<br>12/21/2009 | REPLY to Response re 101 Third MOTION for Partial Summary Judgment filed by K and P, Incorporated, H.D.V. - Greektown, L. L. C. with Exhibits A-B | 3201-3222 |
| 113<br>02/02/2010 | STIPULATION AND ORDER re 104 Reply to Response to Motion | 3234-3235 |
| 114<br>02/02/2010 | STIPULATION AND ORDER re 105 Response to Motion | 3236-3237 |
| 116<br>03/05/2010 | EXHIBIT *[Supplemental Exhibit F (Chapter 61 Amendments) in Support of Motion to Revise Order]* with Exhibit F | 324-3243 |
| 117<br>03/12/2010 | ORDER denying 92 Motion to Amend/Correct. | 3317-3323 |
| | | |
| | | |
| 122<br>09/08/2010 | ORDER granting in part and denying in part 101 Motion for Partial Summary Judgment | 3349-3374 |
| 123<br>09/22/2010 | MOTION to Amend/Correct 122 Order on Motion for Partial Summary Judgment by 415 East Congress, L. L. C. | 3375-3404 |
| 125<br>10/22/2010 | ORDER re 123 MOTION to Amend/Correct 122 Order on Motion for Partial Summary Judgment filed by 415 East Congress, L. L. C., K and P | 3406-3407 |
| 126<br>11/18/2010 | ORDER denying 123 Motion to Amend/Correct | 3408-3415 |
| 135<br>03/22/2011 | JOINT FINAL PRETRIAL ORDER | 3873-3923 |
| 138<br>03/25/2011 | TRIAL BRIEF by 415 East Congress, L. L. C., H.D.V. - Greektown, L. L. C., K and P, Incorporated | 3926-3946 |

**EXHIBIT 1**
**PAGE 49**

| | | |
|---|---|---|
| 139<br>03/25/2011 | TRIAL BRIEF by City of Detroit with Exhibit A | 3946-3978 |
| 142<br>03/28/2011 | RESPONSE to 133 Joint MOTION in Limine *[to exclude testimony by Defendant's expert, Mauricio Kohn]* with Exhibits A-F | 4096-4274 |
| 144<br>08/09/2011 | STIPULATION of Dismissal by Jane Roe I, Jane Roe II, Jane Roe III, Jane Roe IV | 4314-4316 |
| 145<br>08/23/2011 | CONSENT DECREE | 4317-4321 |
| 148<br>10/04/2011 | MOTION for Attorney Fees *and Costs* by 415 East Congress, L. L. C., H.D.V. - Greektown, L. L. C., K and P, Incorporated with Exhibits A-G | 4329-4662 |
| 152<br>11/10/2011 | RESPONSE to 148 MOTION for Attorney Fees *and Costs* filed by Detroit, City of with Exhibits A-Z | 4668-4877 |
| 153<br>11/10/2011 | RESPONSE to 148 MOTION for Attorney Fees *and Costs* with Exhibits AA-CC | 4878-4895 |
| 155<br>12/05/2011 | REPLY to Response re 148 MOTION for Attorney Fees *and Costs* filed by 415 East Congress, L. L. C., H.D.V. - Greektown, L. L. C., K and P, Incorporated with Exhibits A-N | 4902-5041 |
| 157 | SUPPLEMENTAL BRIEF re 148 MOTION for Attorney Fees *and Costs* with Exhibit A | 5048-5060 |
| 158<br>04/11/2012 | AFFIDAVIT of Eric B. Gaabo re 152 Response to Motion *[Amended Exhibit A to City's brief in opposition to remaining plaintiffs' motion for attorney fees and costs (this is identical to Exhibit A to brief filed 11-10-11, except that this affidavit is signed and notarized)]* | 5061-5068 |
| 161<br>08/15/2012 | TRANSCRIPT of Motion For Attorney Fees held on 6-28-12. (Transcriber: Linda M. Cavanagh) | 5071-5113 |
| 162<br>05/23/2013 | REPORT AND RECOMMENDATION re: 148 MOTION for Attorney Fees *and Costs* | 5114-5134 |
| 164<br>06/06/2013 | OBJECTION to *Magistrate's Report and Recommendation (Dkt. 162)* by All Plaintiffs | 5140-5173 |

**EXHIBIT 1
PAGE 50**

| | | |
|---|---|---|
| 167 | RESPONSE to 148 MOTION for Attorney Fees *and Costs City's Response to Remaining Plaintiffs' Objections to Magistrate's Report* filed by Detroit, City of with Exhibits A-C | 5177-5208 |
| 168 | SUGGESTION OF BANKRUPTCY Upon the Record by Detroit, City of [NOTICE OF SUGGESTION OF PENDENCY OF BANKRUPTCY CASE AND APPLICATION OF THE AUTOMATIC STAY] | 5209-5212 |
| | TEXT-ONLY ORDER re 162 REPORT AND RECOMMENDATION re 148 MOTION for Attorney Fees *and Costs* filed by 415 East Congress, L. L. C., K and P, Incorporated, H.D.V. - Greektown, L. L. C., 148 MOTION for Attorney Fees *and Costs* filed by 415 East Congress, L. L. C., K and P, Incorporated, H.D.V. - Greektown, L. L. C.. PURSUANT TO PENDING BANKRUPTCY PROCEEDINGS, MOTION FOR ATTORNEY FEES AND REPORT AND RECOMMENDATION ARE STAYED UNTIL BANKRUPTCY PROCEEDINGS ARE COMPLETED. PLAINTIFF AND DEFENDANT DIRECTED TO CONTACT THE COURT AS SOON AS THE BANKRUPTCY STAY HAS BEEN LIFTED. Signed by District Judge Julian Abele Cook. (KDoa) (Entered: 08/23/2013) | |
| 169 03/31/2015 | ORDER granting in part and denying in part 148 Motion for Attorney Fees; adopting 162 Report and Recommendation. Signed by District Judge Arthur J. Tarnow. (MLan) (Entered: 03/31/2015) | 5214-5223 |
| 170 04/20/2015 | NOTICE OF APPEAL by 415 East Congress, L. L. C., H.D.V. - Greektown, L. L. C., K and P, Incorporated re 169 Order on Motion for Attorney Fees, Order on Report and Recommendation. Receipt No. 0645-5124768 – Fee $505 – Fee Status: Fee Paid. (Hoffer, | 5224-5226 |

EXHIBIT 1
PAGE 51

| | Matthew) (Entered: 04/20/2015) | |
|---|---|---|
| 172<br>08/23/2016 | OPINION from U.S. Court of Appeals - Sixth Circuit re 170 Notice of Appeal, filed by 415 East Congress, L. L. C., K and P, Incorporated, H.D.V. - Greektown, L. L. C. [Appeal Case Number 15-1449] (Ahmed, N) (Entered: 08/23/2016) | 5228-5248 |
| 173<br>09/14/2016 | MANDATE from U.S. Court of Appeals - Sixth Circuit as to 172 Appeal Order/Opinion/Judgment, 170 Notice of Appeal, filed by 415 East Congress, L. L. C., K and P, Incorporated, H.D.V. - Greektown, L. L. C. [Appeal Case Number 15-1449] (Ahmed, N) | 5249-5250 |
| 174<br>09/20/2016 | Second MOTION ATTORNEY FEES AND COSTS re 148 MOTION for Attorney Fees *and Costs Supplemental* by 415 East Congress, L. L. C., H.D.V. - Greektown, L. L. C., K and P, Incorporated. (Attachments: # 1 Index of Exhibits Index of Exhibits, # 2 Exhibit Affidavit of Bradley J. Shafer, # 3 Exhibit Order Confirming Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (Doc 8272), # 4 Exhibit "Class 14 - Other Unsecured Claims" have an "Estimated Percentage Recovery" of 10-13 percent (Doc 4391), # 5 Exhibit Motion for an Order Approving Reserve Amounts (Doc 9351), # 6 Exhibit Order Approving Reserve Amounts (Doc 9701)) (Shafer, Bradley) | 5251-5268<br>Exhibits<br>5271-5784 |
| 176<br>10/04/2016 | RESPONSE to 174 Second MOTION ATTORNEY FEES AND COSTS re 148 MOTION for Attorney Fees *and Costs Supplemental* filed by All Defendants. (Attachments: # 1 Index of Exhibits, # 2 Exhibit A - Brumitte v Astrue, # 3 Exhibit B - Hawkins v Astrue, # 4 Exhibit C - Hagan v MRS Assoc., Inc., # 5 Exhibit D - Dzwonkowski v Dzwonkowski, # 6 Exhibit E - examples of documents reviewed as noted in billing | 5786-5805<br>Exhibits<br>5806-5875 |

EXHIBIT 1<br>PAGE 52

| | statements, # 7 Exhibit F - highlighted billing entries charged at 0.25 hours) (Gaabo, Eric) | |
|---|---|---|
| 179 09/28/2017 | REPORT AND RECOMMENDATION RECOMMENDING GRANTING IN PART AND DENYING IN PART PLAINTIFFS' 174 Second MOTION ATTORNEY FEES AND COSTS re 148 MOTION for Attorney Fees *and Costs Supplemental* filed by 415 East Congress, L. L. C., K and P, Incorporated, H.D.V. - Greektown, L. L. C. - Signed by Magistrate Judge R. Steven Whalen. | 5886-5904 |
| 180 10/03/2017 | ERRATA SHEET TO 179 REPORT AND RECOMMENDATION - re 174 Second MOTION ATTORNEY FEES AND COSTS re 148 MOTION for Attorney Fees *and Costs Supplemental* filed by 415 East Congress, L. L. C., K and P, Incorporated, H.D.V. - Greektown, L. L. C. - Signed by Magistrate Judge R. Steven Whalen. | 5905-5906 |
| 181 10/12/2017 | OBJECTION to 179 Report and Recommendation by 415 East Congress, L. L. C., H.D.V. - Greektown, L. L. C., K and P, Incorporated. (Hoffer, Matthew) | 5907-5920 |
| 182 01/25/2018 | ORDER adopting in part 179 Report and Recommendation; Overruling 181 Objections and granting in part and denying in part 174 Second Motion for Attorney's Fees. Signed by District Judge Arthur J. Tarnow. | 5921-5930 |
| 183 02/22/2018 | NOTICE OF APPEAL by 415 East Congress, L. L. C., H.D.V. - Greektown, L. L. C., K and P, Incorporated re 182 Order on Motion - Free, Order on Report and Recommendation. | 5931 |

## CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2018, I electronically filed the foregoing paper with the Clerk of the United States Sixth Circuit Court of Appeals, using the ECF system, which will send notification of such filing to all attorneys of record.

/s/ Linda D. Fegins (P31980)
Attorney for Defendant
2 Woodward Ave., Ste. 500
Detroit, Michigan 48226
Telephone: (313) 237-3022
Facsimile: (313) 224-5505
fegil@detroitmi.gov

EXHIBIT 1
PAGE 53