| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |
|---|---|

**CITY OF DETROIT'S REPLY IN SUPPORT OF ITS MOTION FOR THE ENTRY OF AN ORDER (I) ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND BAR DATE ORDER AND (II) REQUIRING THE DISMISSAL WITH PREJUDICE OF CERTAIN PARTIES FROM THE FEDERAL COURT ACTION FILED BY THOMAS SANDUSKY**

The City of Detroit, Michigan ("City"), by its undersigned counsel, files this reply in support of its *Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and Bar Date Order and (II) Requiring the Dismissal with Prejudice of Certain Parties From the Federal Court Action Filed by Thomas Sandusky* ("Motion"), respectfully stating as follows:

## INTRODUCTION

Plaintiff concedes that for over a year he has violated and continues to violate the City's bankruptcy plan through the filing and prosecution of the federal district court lawsuit. The City's motion remains unresolved, however, largely because the Plaintiff maintains that a default entered in the federal district court lawsuit allegedly against a City officer in his official capacity does not violate the City's plan. Tellingly, Plaintiff does not cite anything in support for this argument nor does he even attempt to reconcile this position with the broad language in the

discharge and injunction provisions in the Plan. Plaintiff's argument fails and the City respectfully requests that the Court enter the Order that was attached as Exhibit 1 to the City's Motion. The City also requests that the Court include a new paragraph in the Order providing that the default against Newkirk in his alleged official capacity is void, and grant such other and further relief as the Court deems necessary and appropriate, including an award of the City's reasonable attorneys' fees and costs.[1]

## BACKGROUND

On June 6, 2017, Thomas Sandusky ("<u>Plaintiff</u>"), as personal representative of the estate of Hal Sandusky, filed a federal court lawsuit against the City seeking monetary damages on account of alleged events that occurred in late June 2013—weeks before the City filed its bankruptcy petition[2]—against the City, the Detroit

---

[1] This Court has granted the City its reasonable attorneys' fees and costs on at least two prior occasions when parties violated the City's bankruptcy plan by filing lawsuits against the City. *See* Orders entered at docket numbers 12669 (August 31, 2017) and 12863 (August 2, 2018).

[2] This Court has previously held that a claim is considered to have arisen pre-petition if it was within the creditor's "fair contemplation"—i.e., "if the creditor could have ascertained through the exercise of reasonable due diligence that it had a claim at the time the petition is filed." *In re City of Detroit*, 548 B.R. 748, 763 (Bankr. E.D. Mich. 2016) (internal quotation marks omitted). As detailed in the Motion, Plaintiff alleges that his decedent entered DPD custody on June 25, 2013, was treated for an injury that same day, and then died of complications from that injury while still in DPD custody, on June 27, 2013. Doc. No. 12877 at 2–3. All events giving rise to Plaintiff's claims regarding the death of Hal Sandusky as alleged in the complaint in the Federal Court Action were therefore complete—and thus within the creditor's "fair contemplation"—on June 27, 2013. As such,

Police Department ("DPD"), and a number of "Detroit Police Officer Defendants": Commander Mounsey, Lt. Johnson, Richard Knox, Gerald Robinson, Michelle Baker, Sgt. Brady Bruenton, Sgt. Jeffrey O'Keefe, Sgt. David Newkirk, Sgt. McWhorter, Sgt. Steven Ford, Officer Brian Ross, Officer Kevin Zarosly, Officer William O'Brien, Officer Yasmin Cooper, Officer Shunta Small, Officer J. Morgan, and Officer Berry, in the United States District Court for the Eastern District of Michigan, case number 17-11784 ("Federal Court Action"). On April 30, 2018, the Clerk of the District Court entered a default against Defendant David Newkirk ("Newkirk") for failure to plead or otherwise defend. A copy of the notice of default is attached as Exhibit 1.

On August 20, 2018, the City filed the Motion against the Plaintiff [Doc. No. 12877] ("Motion"). The Motion requested that the Court enter an order "requiring Plaintiff to dismiss, or cause to be dismissed, with prejudice the City of Detroit, the Detroit Police Department and each of the persons named as defendants in their official capacity from the Federal Court Action." Motion, p. 9.[3] On September 7, 2018, the Plaintiff filed his response to the Motion [Doc. No. 12893] ("Response"). In his response, Plaintiff states that he agrees to dismiss the

---

Plaintiff's argument in footnote six fails because it is irrelevant when the estate was allegedly created as the claim arose no later than June 27, 2013.

[3] The Response incorrectly asserts that the City did not seek the dismissal of the officers in their official capacity. *See* Response, p. 3 ("It should be further noted that the City's request pertains only to the City.").

City from the Federal Court Action[4] and dismiss any official capacity claims against the Detroit Police Officer Defendants. Response, p. 3.

## ARGUMENT

**A. Plaintiff's Lawsuit Violates this Court's Orders, which Bar Claims against the City, Including Officers in their Official Capacities.**

Plaintiff should also be required to dismiss with prejudice any claim he has against Newkirk in his official capacity and the default should be void to the extent it is against Newkirk in his official capacity as Plaintiff has alleged. In his Response to the Motion, Plaintiff admits that the Federal Court Action "assert[s] claims for [the Detroit Police Officer Defendants] actions in both their official <u>and</u> unofficial capacities." Response, p. 2 (emphasis in original). Plaintiff's claims against the City, the DPD[5], and the Detroit Police Officer Defendants in their

---

[4] In footnote 7 of the Response, Plaintiff asserts that certain limiting language is appropriate in the order granting the Motion because he wishes to preserve alleged claims against the City arising out of the "…City's actions and inactions…." None of these alleged claims are plead in the complaint that was filed in the Federal Court Action. The City sought and is entitled to dismissal with prejudice of the City, the DPD and the Detroit Police Officer Defendants in their official capacity from the Federal Court Action.

[5] Further, Plantiff's claims against the DPD fail for the additional reason that a department of a municipal corporation "is not a legal entity against whom a suit can be directed." *Haverstick Enters., Inc. v Fin. Fed. Credit, Inc.*, 803 F. Supp. 1251, 1256 (E.D. Mich. 1992), (citing *Moomey v. City of Holland*, 490 F. Supp. 188 (W.D. Mich. 1980) and *Michonski v. City of Detroit*, 162 Mich. App. 485, 413 N.W.2d 438 (1987)). The Sixth Circuit affirmed the dismissal, writing "Under the law of Michigan, a municipal police department is a creature of the municipality. A suit against a city police department in Michigan is one against the city itself,

official capacities are barred pursuant to the Confirmation Order and Confirmation Opinion (each as defined below).

In its *Supplemental Opinion Regarding Plan Confirmation, Approving Settlements, and Approving Exit Financing* [Doc. No. 8993] ("<u>Confirmation Opinion</u>"), this Court endorsed the approach to official capacity claims set out in *V.W. ex rel. Barber v. City of Vallejo,* CIV.S-12-1629, 2013 WL 3992403 (E.D. Cal. Aug. 2, 2013):

> In [*Vallejo*], the court analyzed whether a § 1983 claim brought against a police officer of the City of Vallejo was discharged in its chapter 9 bankruptcy. The court explained that **"[t]o the degree plaintiff sues [the city's officer] 'in his . . . official capacity,' those claims are dismissed for the same reason the claims against the City are dismissed."** *Id.* at *4 n.9.

Confirmation Op., pp. 192-193 (emphasis added). As such, claims against officers in their official capacity are the same as claims against the City and discharged pursuant to paragraph F.30 of the Confirmation Order:[6]

> [A]s of the Effective Date, pursuant to sections 524(a)(1), 524(a)(2) and 944(b) of the Bankruptcy Code, <u>**all debts of the City shall be, and hereby are, discharged, and such discharge will void any judgment obtained against the City at any time, to the extent that such judgment relates to a discharged debt…**</u>

Confirmation Order, ¶F.30, pp. 87-88 (emphases added). These claims are also

---

because the city is the real party in interest." 32 F.3d 989 (6th Cir. 1994) (citations omitted).

[6] The Confirmation Order was entered at docket number 8272 in the City's bankruptcy case on November 12, 2014.

enjoined pursuant to the injunction provision in the Plan.[7] Plan, Article III.D.5, pp. 50-51.

The discharge and injunction provisions also unquestionably apply to defaults entered against the City or officers of the City in their official capacity. Indeed, the Confirmation Order provides that the City's "**discharge will void any judgment obtained against the City at any time**." Confirmation Order, ¶F.30, pp. 87-88 (emphasis added). There is therefore no basis for Plaintiff's suggestion that the relief sought by the Motion should be limited to claims "against any non-defaulted individual" Detroit Police Officers. Response, p. 4.

**B.   Plaintiff's Purported Distinction between Suits against an Officer in His Official Capacity and "Official Capacity Claims" is Irrelevant.**

Finally, in his Response, Plaintiff objects to dismissal of the Detroit Police Officer Defendants as defendants in their official capacities on the basis that he will still be pursuing claims against them in their individual capacities, instead requesting dismissal of "the official capacity claims" against the Detroit Police Officer Defendants. Response, p. 4. There is no relevant distinction, and courts have utilized the two terms interchangeably. *See, e.g.*, *Hafer v. Melo*, 502 U.S. 21, 26–27 (1991) (referring both to suits against officers "in their official capacity" and to "official-capacity claims" without distinction); *Moncier v. Jones*, 557 F.

---

[7] The Plan was filed at docket number 8045 in the City's bankruptcy case on October 22, 2014.

App'x 407, 409 (6th Cir. 2014). Consequently, the City requests that the Court enter the order requiring the dismissal with prejudice of the Detroit Police Officer Defendants in their official capacity.

## CONCLUSION

As such, the City respectfully requests that the Court enter the Order that was attached as Exhibit 1 to the City's Motion. The City also requests that the Court include a new paragraph in the Order providing that the default against Newkirk in his alleged official capacity is void, and grant such other and further relief as the Court deems necessary and appropriate, including an award of the City's reasonable attorneys' fees and costs.

Respectfully submitted,

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

ATTORNEYS FOR THE CITY OF DETROIT

Dated: September 21, 2018

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Honorable Thomas J. Tucker |
| Debtor. | Chapter 9 |

### CERTIFICATE OF SERVICE

The undersigned certifies that on September 21, 2018, he filed the CITY OF DETROIT'S REPLY IN SUPPORT OF ITS MOTION FOR THE ENTRY OF AN ORDER (I) ENFORCING THE PLAN OF ADJUSTMENT INJUNCTION AND BAR DATE ORDER AND (II) REQUIRING THE DISMISSAL WITH PREJUDICE OF CERTAIN PARTIES FROM THE FEDERAL COURT ACTION FILED BY THOMAS SANDUSKY using the Court's CM/ECF system which provided notice of the filing to all registered participants in this matter, including counsel for the Plaintiff, Stephanie L. Arndt.

> By: /s/ Marc N. Swanson
> Marc N. Swanson (P71149)
> 150 West Jefferson, Suite 2500
> Detroit, Michigan 48226
> Telephone: (313) 496-7591
> Facsimile: (313) 496-8451
> swansonm@millercanfield.com

DATED: September 21, 2018

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Thomas Sandusky,

            Plaintiff(s),

v.                                             Case No. 2:17−cv−11784−NGE−MKM
                                           Hon. Nancy G. Edmunds

Mounsey, et al.,

            Defendant(s).

## CLERK'S ENTRY OF DEFAULT

Party in Default:  David Newkirk

    The default of the party named above for failure to plead or otherwise defend is entered.

## Certificate of Service

    I hereby certify that on this date a copy of the foregoing notice was served upon the parties and/or counsel of record herein by electronic means or first class U.S. mail.

                                                  DAVID J. WEAVER, CLERK OF COURT

                                                  By: s/ N Ahmed
                                                       Deputy Clerk

Dated:   April 30, 2018