UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**CITY OF DETROIT'S MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE CONFIRMATION ORDER AND BAR DATE ORDER AGAINST TWW EMPLOYMENT SOLUTIONS, LLC**

The City of Detroit, Michigan (the "City"), by its undersigned counsel, files its *City of Detroit's Motion for the Entry of an Order Enforcing the Confirmation Order and Bar Date Order Against TWW Employment Solutions, LLC* (the "Motion"). In support of this Motion, the City respectfully states as follows:

## I.     INTRODUCTION

On August 7, 2018, TWW Employment Solutions, LLC ("TWW") filed a complaint captioned *TWW Employment Services v. City of Detroit, City of Detroit Workforce Development*[, and] *Detroit Employment Solutions Corporation, Inc.* ("Complaint," attached as **Exhibit 6-1**)[1] in the Circuit Court for the County of Wayne, commencing case number 18-009704-CK ("State Court Case"). Boiled down to its essence, TWW alleges that, in 2012, the City breached a contract it had

---

[1] The City does not know why the caption reflects "Employment Services" rather than "Employment Solutions." Michigan's online Department of Licensing and Regulatory Affairs ("LARA") website reflects that TWW Employment Solutions, LLC is the proper registered name for the Plaintiff.

- 1 -

with TWW, which allegedly obligated the City to distribute funds to TWW. *See, e.g.*, Complaint, ¶¶ 8-9, 46. In the Complaint, TWW acknowledges that it holds pre-petition claims against the City, but incorrectly alleges that its claims "cannot be barred by the bankruptcy of Defendant Detroit" because "no general fund money of Defendant Detroit was involved in the administration of the contract." Complaint, ¶ 15. TWW points to no provision in the confirmed Plan or Bar Date Order (each as defined below) to support this alleged exception because there is none. Indeed, the plain language of the confirmed Plan and Bar Date Order enjoined TWW from filing the Complaint and discharged and barred the claims in the Complaint. Consequently, the City asks this Court to enter an order requiring TWW to dismiss it claims against the City and the Workforce Development Department with prejudice.

## II. BACKGROUND

### A. TWW's Complaint

In its Complaint, TWW alleges that, in 2012, it and the City were parties to a contract for "TWW to perform employment services for disadvantaged Detroit residents." Complaint, ¶ 10. TWW claims that funding for its contract was provided by the state of Michigan through the Department of Licensing and Regulatory Affairs and by the federal government through matching funds. Complaint, ¶ 12. TWW asserts "That no general fund money of Defendant Detroit

was involved in the administration of this contract, and thus cannot be barred by the bankruptcy of Defendant Detroit."[2] Complaint, ¶ 15.

The TWW contract was initially administered by the City's Workforce Development Department ("WDD"). Complaint, ¶ 8. Later, responsibility for administering the contract was transferred to the Detroit Employment Solutions Corporation ("DESC"). *See* Complaint, ¶¶ 51-53. Indeed, WDD no longer exists.[3]

In its Complaint, TWW admits that it had not complied with certain audit requirements, and thus received a notice in June of 2012 that its contract with the City would not be renewed. Complaint, ¶¶ 16-17, 21. TWW alleges it obtained draft audits to meet the requirements. Complaint, ¶¶ 60-61. TWW attaches an October 9, 2012, letter to its Complaint from DESC, however, that states that draft audits were insufficient and that payment would only be made if final audits were provided to DESC by November 1, 2012. Complaint, Ex. E. A September 19, 2012, email from TWW's President and CEO insisted that TWW would not release final audits unless it was paid first. Complaint, Ex. D. This suggests that TWW never provided final copies of its audits and thus never met the audit requirements.

---

[2] Presumably, by this statement, TWW means that its law suit should not be barred by the City's bankruptcy, not the contract itself.

[3] *See* http://www.detroitmi.gov/Government/Departments, which lists "Workforce Development (now Detroit Employment Solutions)." The website refers the reader to the DESC website. A 2016 department listing on the www.detroitmi.gov website does not list the WDD as a City department.

Indeed, although TWW alleges that it complied with "all conditions for payment," pointing to audits it attaches as Exhibit F to the Complaint, the audit pages attached as Exhibit F are all stamped "DRAFT." *Compare* Complaint, ¶¶ 60-61 *with* Exhibit F to the Complaint.

Count I of the Complaint seeks a judgment against the City and against WDD (which no longer exists) for breach of contract. Complaint, ¶¶ 39-49. Although Count I alleges that the City was managing trust funds owed to TWW, it seeks a direct recovery against the City and the now nonexistent WDD. Count II seeks a judgment against DESC, again for breach of contract. Count III seeks a judgment against the City, WDD, and DESC under a theory of quantum meruit.

On September 21, 2018, Marc N. Swanson, counsel for the City, sought concurrence in this Motion from counsel for TWW. Concurrence was not obtained.

**B.  The City's Bankruptcy Case.**

On July 18, 2013 ("Petition Date"), the City commenced this chapter 9 case ("Bankruptcy Case").

On October 10, 2013, the City filed its *Motion Pursuant to Section 105, 501 and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* ("Bar Date Motion") [Doc. No.

1146], which was approved by order of this Court on November 21, 2013 ("Bar Date Order") [Doc. No. 1782].

The Bar Date Order established February 21, 2014 ("General Bar Date") as the deadline for filing claims against the City. Paragraph 6 of the Bar Date Order states that the

> following entities must file a proof of claim on or before the Bar Date…any entity: (i) whose prepetition claim against the City is not listed in the List of Claims or is listed as disputed, contingent or unliquidated; and (ii) that desires to share in any distribution in this bankruptcy case and/or otherwise participate in the proceedings in this bankruptcy case associated with the confirmation of any chapter 9 plan of adjustment proposed by the City….

Bar Date Order, ¶ 6.

Paragraph 22 of the Bar Date Order also provides that:

> Pursuant to sections 105(a) of the Bankruptcy Code and Bankruptcy Rule 3003(c)(2), **any entity that is required to file a proof of claim in this case pursuant to the Bankruptcy Code, the Bankruptcy Rules or this Order with respect to a particular claim against the City, but that fails properly to do so by the applicable Bar Date, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the City or property of the City** that (i) is in an amount that exceeds the amount, if any, that is identified in the List of Claims on behalf of such entity as undisputed, noncontingent and liquidated or (ii) is of a different nature or a different classification or priority than any Scheduled Claim identified in the List of Claims on behalf of such entity (any such claim under subparagraph (a) of this paragraph being referred to herein as an "Unscheduled Claim"); (b) voting upon, or receiving

distributions under any Chapter 9 Plan in this case in respect of an Unscheduled Claim; or (c) with respect to any 503(b)(9) Claim or administrative priority claim component of any Rejection Damages Claim, asserting any such priority claim against the City or property of the City.

(emphasis added).

The Bar Date Order also approved the form and manner of notice of the Bar Dates. *See, e.g.*, Bar Date Order, ¶¶ 3, 23-26. TWW was served with notice of the Bar Date Order. *See* Doc. No. 2337-18, page 33 of 134.

The City filed the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* ("Plan") [Doc. No. 8045] on October 22, 2014, and the Court confirmed it on November 12, 2014 ("Confirmation Order") [Doc. No. 8272]. It became effective on December 10, 2014 [Doc. No. 8649]. TWW did not file a proof of claim or object to the Plan or its confirmation.

The discharge provision in the Plan provides:

> Except as provided in the Plan or in the Confirmation Order, the rights afforded under the Plan and the treatment of Claims under the Plan will be in exchange for and in complete satisfaction, discharge and release of all Claims arising on or before the Effective Date. Except as provided in the Plan or in the Confirmation Order, Confirmation will, as of the Effective Date, discharge the City from all Claims or other debts that arose on or before the Effective Date, and all debts of the kind specified in section 502(g), 502(h) or 502(i) of the Bankruptcy Code, whether or not (i) proof of Claim based on such debt is Filed or deemed Filed pursuant to section 501 of the Bankruptcy Code, (ii) a Claim based

on such debt is allowed pursuant to section 502 of the Bankruptcy Code or (ii) the Holder of a Claim based on such debt has accepted the Plan.

Plan, Art. III.D.4, at p.50.

Further, the Plan's injunctive provision states, in pertinent part:

**Injunction**

**On the Effective Date, except as otherwise provided herein or in the Confirmation Order,**

**a. all Entities that have been, are or may be holders of Claims against the City . . . shall be permanently enjoined from taking any of the following actions against or affecting the City or its property . . .**

   **1. commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind against or affecting the City of its property . . . .**

   **5. proceeding in any manner in any place whatsoever that does not conform or comply with the provisions of the Plan or the settlements set forth herein to the extent such settlements have been approved by the Bankruptcy Court in connection with Confirmation of the Plan; and**

   **6. taking any actions to interfere with the implementation or consummation of the Plan.**

Plan, Art. III.D.5, p. 50-51 (emphasis in original).

The Court retained jurisdiction to enforce the Plan and resolve any suits that may arise in connection with it. Plan, Art. VII.F, G, I, p. 70.

## III. ARGUMENT

TWW's suit violates the Bar Date Order and the discharge and injunction provisions in the Plan and Confirmation Order. If TWW thought it had a claim against the City, it needed to file a proof of claim. It did not do so (despite being served with notice of the Bar Date Order) and the February 21, 2014, proof of claim deadline is long past. Bar Date Order, ¶ 4. Further, despite TWW's bald assertion, there are no exceptions in the Bar Date Order or Plan for contractual claims against the City that allegedly did not involve general fund money. Consequently, the filing of the Complaint violates the Plan injunction and the Complaint's claims are barred by the Bar Date Order and discharged by the Plan.

Further, TWW's claims against WDD fail for the additional reason that a department of a municipal corporation "is not a legal entity against whom a suit can be directed." *Haverstick Enters., Inc. v Fin. Fed. Credit, Inc.*, 803 F. Supp. 1251, 1256 (E.D. Mich. 1992), (citing *Moomey v. City of Holland*, 490 F. Supp. 188 (W.D. Mich. 1980) and *Michonski v. City of Detroit*, 162 Mich. App. 485, 413 N.W.2d 438 (1987)). The Sixth Circuit affirmed the dismissal, writing "Under the law of Michigan, a municipal police department is a creature of the municipality. A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest." 32 F.3d 989 (6th Cir. 1994) (citations

31941880.8\022765-00213

omitted). Thus, even if WDD still existed as a City department (it does not), a law suit could not be brought against it.

## IV. **CONCLUSION**

For the reasons set forth above, the City respectfully requests that this Court enter an order in substantially the same form as the one attached as Exhibit 1, (a) granting the Motion, (b) requiring TWW to dismiss or caused to be dismissed with prejudice the claims against the City and the Workforce Development in the State Court Case pending in the Circuit Court for the County of Wayne; and (c) awarding the City's reasonable attorneys' fees and costs expended in conjunction with this Motion and the State Court Case.

Dated: September 25, 2018

    Respectfully submitted,

By: <u>/s/ Marc N. Swanson</u>
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

- and -

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313) 237-5037
Facsimile: (313) 224-5505
raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

## EXHIBIT LIST

Exhibit 1        Proposed Order

Exhibit 2        Notice of Motion and Opportunity to Object

Exhibit 3        N/A

Exhibit 4        Certificate of Service

Exhibit 5        N/A

Exhibit 6-1      TWW Complaint

**EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**[PROPOSED] ORDER GRANTING THE CITY OF DETROIT'S MOTION
FOR THE ENTRY OF AN ORDER ENFORCING THE
BAR DATE ORDER AND CONFIRMATION ORDER
AGAINST TWW EMPLOYMENT SOLUTIONS, LLC**

This matter, having come before the Court on the *City of Detroit's Motion for the Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against TWW Employment Solutions, LLC* (the "Motion")[1], upon proper notice and a hearing, the Court being fully advised in the premises, and there being good cause to grant the relief requested,

**THE COURT ORDERS THAT:**

1. The Motion is granted;

2. TWW must dismiss or caused to be dismissed with prejudice the City of Detroit and the Workforce Development Department from case number 18-009704-CK currently pending in the Circuit Court for the County of Wayne ("State Court Case").

---

[1] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Motion.

- 1 -

3. The City is awarded its reasonable attorneys' fees and costs expended in conjunction with this Motion and the State Court Case.

4. The City must file and serve on counsel to TWW an itemization of its attorneys' fees and costs expended in conjunction with the Motion and the State Court Case within 14 days after the entry of this Order.

5. TWW must file any objection to such itemization no later than 14 days after it is served with the City's itemization.

31941880.8\022765-00213

# EXHIBIT 2

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>City of Detroit, Michigan,<br><br>Debtor. | Bankruptcy Case No. 13-53846<br><br>Judge Thomas J. Tucker<br><br>Chapter 9 |

**NOTICE AND OPPORTUNITY TO OBJECT TO CITY OF DETROIT'S
MOTION FOR THE ENTRY OF AN ORDER ENFORCING THE
BAR DATE ORDER AND CONFIRMATION ORDER
AGAINST TWW EMPLOYMENT SOLUTIONS, LLC**

**PLEASE TAKE NOTICE** that on September 25, 2018, the City of Detroit, filed its *City of Detroit's Motion for the Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against TWW Employment Solutions, LLC* ("Motion").

Your rights may be affected. You may wish to review the motion and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you wish to object to the Court granting the relief sought in the motion, or if you want the Court to otherwise consider your views on the motion, within 14 days, you or your attorney must:

1. Electronically file with the Court a written response, explaining your position at:[1]

   United States Bankruptcy Court
   Eastern District of Michigan
   211 West Fort Street
   Detroit, Michigan 48226

---

[1] Response or answer must comply with Federal Rule of Civil Procedure 8(b), (c) and (e).

If you mail your response to the Court for filing, you must mail it early enough that the Court will receive it on or before 14 days from the date below. You must also mail a copy to:

>Miller, Canfield, Paddock and Stone, P.L.C.
>Attn: Marc N. Swanson
>150 West Jefferson, Suite 2500
>Detroit, MI 48226

2. If a response is timely filed and served, the Clerk will schedule a hearing on the motion and you will be served with a notice of the date, time, and location of the hearing.

3. If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought and may enter an order granting the relief.

>Respectfully submitted,
>
>By: /s/ Marc N. Swanson
>    Marc N. Swanson (P71149)
>    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
>    150 West Jefferson, Suite 2500
>    Detroit, Michigan 48226
>    Telephone: (313) 496-7591
>    Facsimile: (313) 496-8451
>    swansonm@millercanfield.com
>
>ATTORNEYS FOR THE CITY OF DETROIT

Dated: September 25, 2018

# **EXHIBIT 3**

None

**EXHIBIT 4**

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 25, 2018, he filed the *City of Detroit's Motion for the Entry of an Order Enforcing the Bar Date Order and Confirmation Order Against TWW Employment Solutions, LLC* ("Motion") using the court's CM/ECF system which provided notice of the filing to all registered participants in this matter. The undersigned further certifies that on the same day, a copy of the Motion was served upon the following via United States mail:

Anthony Adams
7650 2nd Ave, Suite 113
Detroit, MI 48202

> By: /s/ Marc N. Swanson
> Marc N. Swanson
> 150 West Jefferson, Suite 2500
> Detroit, Michigan 48226
> Telephone: (313) 496-7591
> Facsimile: (313) 496-8451
> swansonm@millercanfield.com

September 25, 2018

# **EXHIBIT 5**

None

# EXHIBIT 6-1

# TWW Complaint