# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

### ORDER GRANTING CITY OF DETROIT'S MOTION FOR AUTHORITY TO MODIFY THE CONFIRMED PLAN OF ADJUSTMENT TO REVISE THE "DROP" PROGRAM FOR POLICE OFFICERS

This case is before the Court on the motion entitled "*City of Detroit's Motion for Authority to Modify the Confirmed Plan of Adjustment to Revise the "DROP" Program for Police Officers*" (Docket # 12896, the "Motion");[1] and the Court having jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and due and proper notice of the Motion having been given as provided in the Motion; and it appearing that no other or further notice of the Motion need be given; and no timely objections to the Motion having been filed; and the Court being fully advised in the premises; and there being good cause to grant the relief requested,

**IT IS ORDERED THAT:**

1. The Motion is granted.

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Motion.

2. The City may amend section 12.1 of the New PFRS Active Pension Plan to add a new paragraph (3) to include a provision that is substantially similar to the following:

> Notwithstanding paragraph 2 of this section or any other provision of this Plan, a member of the Detroit Police Lieutenants and Sergeants Association or the Detroit Police Command Officers Association shall be entitled to participate in the DROP program under Component I for a maximum of ten (10) years. At the end of such ten (10) year period of participation in the DROP program, the member shall be retired and separated from employment.
>
> A member who is participating in the DROP program pursuant to this paragraph §12.1(3) or pursuant to Component II of the Police and Fire Retirement System must be able to perform the essential functions of his or her permanent position for the duration of his or her participation in the DROP program. Provided, however, that such a member may remain on restricted duty for a maximum cumulative total of 365 days during the DROP period. If a member participating in the DROP program pursuant to this paragraph §12.1(3) or Component II of the Police and Fire Retirement System remains on restricted duty for the maximum cumulative total of 365 days, that member shall be retired and separated from employment.
>
> While participating in the DROP program pursuant to paragraph §12.1(2), this paragraph 12.1(3) or pursuant to Component II of the Police and Fire Retirement System, a member of the Detroit Police Lieutenants and Sergeants Association or the Detroit Police Command Officers Association must receive bi-annual satisfactory performance evaluations according to the performance evaluation standards

then in place for sworn officers. Any such member who receives an unsatisfactory performance evaluation shall be entitled to the appeals process then in place, as well as final review by the Chief of Police. If a member receives a final unsatisfactory evaluation, that member shall be retired and separated from employment.

3. Nothing in this Order is intended to, constitutes or will be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

4. The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**Signed on October 31, 2018**

/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge