# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## *EX PARTE* MOTION OF THE CITY OF DETROIT FOR AN ORDER GRANTING AN EIGHTH EXTENSION OF THE CLAIMS OBJECTION BAR DATE

The City of Detroit ("City") respectfully requests entry of an order extending the Claims Objection Bar Date (defined below) from December 7, 2018 through June 7, 2019, pursuant to section VI.C.3 of the City's chapter 9 plan, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"). The City makes this Motion on an *ex parte* basis pursuant Local Rule 9006-1. In support of the Motion, the City respectfully states as follows:

## I. INTRODUCTION

The City estimates that there are now approximately 100 proofs of claim - out of the approximately 3,900 originally filed proofs of claim - yet to be resolved. These unresolved claims include claims that principally fall into three categories:

- 1 -

those that are actively being litigated in non-bankruptcy forums pursuant to this Court's ADR Order (defined below), those that are the subject of ongoing settlement negotiations, and those which are currently being evaluated to determine whether objections would be appropriate. Without an extension of the Claims Objection Bar Date, the City will be required to file protective objections to many claims that otherwise might be resolved consensually in order to avoid the deemed allowance of such claims that would result upon the expiration of the Claims Objection Bar Date.

The ability to extend the Claims Objection Bar Date on an *ex parte* basis was provided for by the Plan and will not prejudice any interested party. Moreover, a further extension will ensure that the City has sufficient time to reduce or obtain disallowance of those Claims (or the appropriate portion thereof) for which the City is not liable, thereby preserving and maximizing value for creditors holding valid and allowed claims. Consequently, the City respectfully requests that this Court grant a six month extension of the Claims Objection Bar Date (as defined below) from December 7, 2018 through June 7, 2019.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for an order for relief in this Court.

3. On November 12, 2013, the City filed its Motion of Debtor Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims [Doc. No. 1665] ("ADR Procedures Motion"). On December 24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc. No. 2302] ("ADR Order").

4. The Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1 to the ADR Order permitted the City to serve on claimants a

> notice that the Stay/Injunction is lifted to permit the underlying claim to be liquidated in a non-bankruptcy forum consistent with the terms, conditions and limitations of Section II.E. below (a "Stay Modification Notice"). In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction shall be deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum…

ADR Procedures, Section I.B, p. 4.

5. On November 21, 2013, this Court issued its Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof [Doc. No. 1782] ("Bar Date Order"). The Bar

Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time.

6. On October 22, 2014, the City filed the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045] ("Plan").

7. On November 12, 2014, this Court entered an Order Confirming the Plan. [Doc. No. 8272].

8. The Plan became effective on December 10, 2014 ("Effective Date").

9. Approximately 3,900 proofs of claim were filed against the City. Of those claims, approximately 1,356 were classified as litigation claims, the review of which is being performed primarily by the City Law Department. The additional (roughly) 2,500 claims include, among other claims, trade claims, employee/labor/union claims and grievances, tax claims, and pension related claims.

10. The Plan established the initial "Claims Objection Bar Date," as defined in the Plan, as "the latest of (a) 180 days after the Effective Date, subject to extension by an order of the Bankruptcy Court, (b) 90 days after the Filing of a proof of Claim for such Claim and (c) such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court, which other period may be

set without notice to Holders of Claims." Plan § I.A.62, p. 6. The Claims Objection Bar Date was initially set as June 8, 2015.

11. The Plan further provides that "[u]pon motion by the City to the Bankruptcy Court, the City may request, and the Bankruptcy Court may grant, an extension to the Claims Objection Bar Date generally or with respect to specific Claims. Any extension granted by the Bankruptcy Court shall not be considered to be a modification to the Plan under section 1127 of the Bankruptcy Code." Plan § VI.C.3, p. 69. Pursuant to that provision, the Court has granted seven extensions of the Claims Objection Bar Date. [Doc. Nos. 9748, 9749, 10229, 10230, 11135, 11136, 11653, 11654, 11856, 11857, 12723, 12724 & 12780].

12. To date, the City has filed, litigated or otherwise resolved sixty-three omnibus objections to proofs of claim.

13. In an effort to expedite resolution of pre-petition litigation claims, pursuant to the ADR Order, the City served Stay Modification Notices concerning more than 900 pre-petition litigation claims. The City served an additional approximately 310 stay modification notices on or about July 28, 2017. The City believes that all claimants holding potentially unresolved proofs of claim have been served with Stay Modification Notices. These Stay Modification Notices require the respective claimants to promptly liquidate their claims in appropriate forums.

## IV. RELIEF REQUESTED

14. In accordance with section VI.C.3 of the Plan, section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b), and Local Rule 9006-1, the City respectfully requests that the Court enter an order, substantially in the form attached as Exhibit 1, granting it an extension of the Claims Objection Bar Date, as defined in the Plan and including the deadline for the City to object to proofs of claim, for approximately 180 days, through and including June 7, 2019.

## V. BASIS FOR RELIEF

### A. This Court's Authority to Extend the Claims Objection Bar Date

15. The Court has the authority under the Plan and the applicable rules to extend the Claims Objection Bar Date pursuant to this Motion, and cause exists for the Court to do so.

16. Section VI.C.3 of the Plan provides that the Court may grant an extension to the Claims Objection Bar Date. Plan § VI.C.3, p. 69.

17. In addition, Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or Order of the Court. *See* Fed. R. Bankr. P. 9006(b). Local Rule 9006-1(b) also provides that a party may file a motion for an *ex parte* order extending time.

32342594.4\022765-00213

18. Furthermore, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

19. Cause exists for the Court to extend the time to object to the claims. The City has made substantial progress since the Court entered an order approving the last extension, but additional time is needed to address the remaining unresolved claims in a fair, efficient and economical fashion.

### B. The Proofs of Claim Filed in the City's Bankruptcy Case

20. Approximately 3,900 proofs of claim were filed against the City. Approximately 1,356 thus far have been classified as litigation claims, the review of which is being performed primarily by the City's law department. The claims are varied and complex. Many of the pre-petition litigation claims are motor vehicle accident claims involving 1st party (no-fault) and/or 3rd party (serious impairment) cases. Others include 42 U.S.C. 1983 claims (civil rights), inverse condemnation claims, highway defect cases (mostly sidewalk trip and fall), contract and business cases.

21. Of these approximately 1,356 litigation claims, approximately 600 have been expunged or withdrawn. Another approximately 680 litigation claims have been resolved. Approximately twenty-eight additional litigation claims are subject to the pending Sixty-Third Omnibus Objection and approximately twenty-

five litigation claims are being actively litigated in non-bankruptcy forums. The remaining claims are either scheduled for inclusion in future omnibus objections or being investigated by the City.

22. The additional (roughly) 2,500 claims include, among other claims, trade claims, employee/labor/union claims and grievances, tax claims, workers compensation claims, and pension related claims. These additional claims are being addressed by the City's law department in conjunction with the City's labor relations department, and retained professionals from Ernst & Young and Miller Canfield.

23. The City has filed sixty-three omnibus objections to claims. The Sixty-Third Omnibus Objection was filed on November 13, 2018, and sought the expungement of approximately 28 additional litigation claims. Doc. No. 12942. As set forth on Exhibit 2 to the Sixty-Third Omnibus Objection, the City had been litigating these claims in non-bankruptcy forums in accordance with the ADR Order and Stay Modification Notices. The City obtained favorable rulings on several of these claims from the Sixth Circuit Court of Appeals in 2018. *See* Claim Nos. 557, 553, 262, 561, 558, 559, 213, 555, 556, 3774, 551, 554, 560, 552, 210. As such, the City has moved this Court to expunge those claims.

24. Further, after the Court granted the City's last requested extension of the Claim Objection Bar Date, the City entered into stipulations with other

32342594.4\022765-00213
13-53846-tjt    Doc 12943    Filed 11/14/18    Entered 11/14/18 11:11:29    Page 8 of 19

claimants to resolve their claims and the Court entered orders approving those stipulations.[1] The City also filed a designation of allowed claims, resolving two additional claims. Doc. No. 12941. The Court also held a hearing on the 55th through 62nd Omnibus Objections to Claims [Doc. Nos. 12760, 12763, 12764, 12765, 12766, 12767, 12768 & 12769]. The 55th through 62nd Omnibus Objections to Claims sought to disallow and expunge approximately 320 litigation and litigation related claims. The Court has since entered orders expunging the vast majority of the claims subject to the 55th through 62nd Omnibus Objections to Claims. Doc. Nos. 12824, 12826, 12827, 12828, 12829, 12830, 12813, 12814. In connection with the 55th through the 62nd Omnibus Objections, the Court also entered orders providing certain claimants who responded to those objections with an opportunity to prosecute their proofs of claim in a non-bankruptcy court. *See* Orders at docket numbers 12818 (Woodberry/Mabin Claimants), 12819 (Derez Payne), 12820 (Pamela Booker).

25. Certain of the parties subject to these orders complied with the deadlines set forth therein. On June 14, 2018, Pamela Booker filed a complaint against the City in the 36th District Court to assert her claim (Case No. 18-158792 CH, *Pamela Booker v, City of Detroit*). On September 26, 2018, this case was

---

[1] *See* Orders approving stipulations resolving claims. Doc. Nos. 12800, 12802 and 12836.

dismissed, with prejudice. On November 7, 2018, the City filed its *Objection to Claim Number 3836 Filed by Pamela Booker* which is scheduled for hearing on December 19, 2018. [Doc. No. 12937].

26. Similarly, on June 21, 2018, Derez Payne filed *Plaintiff's Motion to Reinstate and Reactivate Case Pursuant to Order from United States Bankruptcy Court* in his Wayne County Circuit Court Case. The motion was granted and the case remains pending before that court, with discovery action scheduled.

27. Certain of the Woodberry/Mabin Claimants[2] complied with the deadline set in this Court's order and filed the *Craig Jones Defendants' A) Motion to Require the City to Submit a Detailed Accounting of all Money the City Paid in This Condemnation Action and B) Motion for Entry of a Final Order and Supporting Brief* in the Wayne County circuit Court case on June 18, 2018. The motion remains pending. The Court expunged the claims of the Woodberry/Mabin Claimants that were not a party to the motion identified in the previous sentence. *See* Doc. No. 12853.[3]

---

[2] Claims of: Happy Woodberry (Claim No. 2880), Cavel Woodberry (Claim No. 2888), Lavan Woodberry (Claim No. 2889), Penny Mabin (Claim No. 2902), Cranston Woodberry (Claim No. 2905), Adam Woodberry (Claim No. 3271) and Phebe Woodberry (Claim No. 3278)

[3] The claim of Edith Woodberry (Claim No. 2846) was among the claims expunged by this Court's order [Doc. No. 12853] sustaining the 56th Omnibus Objection to Claims. Ms. Woodberry has since appealed this Court's decision and that appeal remains pending. U.S. District Court, ED Mich., Case No. 2:18-cv-12308, *Edith Woodberry, Appellant, v. City Of Detroit, Appellee.*

### C. Remaining Unresolved General Unsecured Claims

28. In addition to the claims subject to the pending Sixty-Third Omnibus Objection, the City estimates that there are approximately 100 claims that are potentially unresolved general unsecured claims.

29. These claims fall into four general categories: *First*, in addition to the claims of the Woodberry/Mabin claimants and Derez Payne, the City is actively litigating several claims in nonbankruptcy forums pursuant to this Court's ADR Order and Stay Modification Notices. One of these claims was filed by Johnathan Brown. In 2010, Mr. Brown commenced a putative class action lawsuit in the United States District Court for the Eastern District of Michigan (the "District Court"), Case No. 1:10-cv-12162-TLL-CEB (the "District Court Case"), asserting constitutional and civil rights claims against the City. The District Court certified Class I, which brought a claim regarding the City's alleged failure to provide mattresses to detainees incarcerated overnight, and Class II, which alleged that detainees were being held in excess of 48 hours without a probable cause determination. The claim filed by Brown asserts a claim in the amount of "approximately $14,266,440" on behalf of Class I and "approximately $129,171,000" on behalf of Class II. On October 12, 2018, the City and Brown filed the *Parties' Joint Motion for Decertification of Amended Class I and Class II.*

[Doc. No. 126 in District Court Case]. As explained in the joint motion, decertification of the class will assist the parties in the resolving the litigation. In the joint motion, the parties also outlined a proposed resolution of the proof of claim filed by Brown and the District Court Case.

30. In addition to the Brown, Woodberry/Mabin and Payne cases, the City is in active litigation with approximately thirteen additional claimants. Claim Numbers 1064 (Abraham Greer and Sandra Greer); 1361 (HRT Enterprises); 1392 (Stanley-jones, Aiyana Dec. Est); 2033 (Brunson, Floyd); 2037 (Guntzviller, Sandra); 2266 (Jefferson, Wendy); 2268 (Kenyatta Stevenson); 3631 (Seales, Marvin); 799 (Darryl Cain); 1925 (K&P Incorporated); 1845 (HDV Greektown, LLC); 1841 (415 East Congress, LLC); 1857 (Shafer & Associates, P.C.). Several of these claims are currently being litigated in appellate courts.

31. *Second,* the State of Michigan filed approximately sixty-five proofs of claim in this bankruptcy case and approximately 18 of those remain unresolved. The City and the State are in advanced discussions regarding a potential global resolution of these remaining claims. The City is hopeful that these remaining claims, like all of the other claims filed by the State, will be resolved without the necessity of litigation.

- 12 -
32342594.4\022765-00213
13-53846-tjt    Doc 12943    Filed 11/14/18    Entered 11/14/18 11:11:29    Page 12 of 19

32. ***Third,*** approximately 14 proofs of claim that were filed by unions remain unresolved. The City intends to object to certain of these claims and believes that others should be resolved by agreement of the parties.

33. ***Fourth,*** there are several other claims that the City is currently reviewing. These claims fall in several different categories, including litigation claims, grant claims, tax claims, trade claims and employee claims.

### D. Cause Exists to Extend the Claims Objection Bar Date

34. Despite the substantial progress that the City has made in resolving proofs of claim, cause exists to extend the Claims Objection Bar Date for an additional six months. The City has worked diligently since the Plan went effective to resolve the proofs of claim that were filed in this case, but additional work remains.

35. The extension of the Claims Objection Bar Date will not prejudice any interested party. Instead, the extension will ensure that the City has sufficient time to reduce or obtain disallowance of those Claims (or the appropriate portion thereof) for which the City is not liable, thereby preserving and maximizing value for creditors holding valid and allowed claims. The extension of the Claims Objection Bar Date will also enable the City to engage in meaningful negotiations to resolve claims consensually, thus avoiding unnecessary objections. Absent an extension, to avoid a deemed allowance of inappropriate and invalid claims, the

32342594.4\022765-00213

City could be required to file protective objections to many claims that otherwise might be resolved consensually.

36. Accordingly, an extension of the Claims Objection Bar Date is warranted and appropriate under the circumstances.

**NOTICE**

37. The City has filed this Motion on an e*x parte* basis in accordance with Local Rule 9006-1. Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Motion need be given.

WHEREFORE, the City respectfully requests that this Court enter an Order, substantially in the form annexed as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper. The City reserves its rights to seek additional extensions of the Claims Objection Bar Date if necessary or appropriate.

Dated: November 14, 2018

CITY OF DETROIT LAW DEPARTMENT

By: */s/ Charles N. Raimi*
Charles N. Raimi (P29746)
Mary Beth Cobb (P40080)
James Noseda (P52563)
Attorneys for the City of Detroit
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)
Email - raimic@detroitmi.gov

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ *Marc N. Swanson*
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Counsel for the City of Detroit, Michigan

32342594.4\022765-00213

# **EXHIBIT 1: PROPOSED ORDER**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## ORDER GRANTING THE *EX PARTE* MOTION OF THE CITY OF DETROIT FOR AN EIGHTH EXTENSION OF THE CLAIMS OBJECTION BAR DATE

Upon consideration of the City's *Ex Parte* Motion for an Eighth Extension of the Claims Objection Bar Date, dated November 14, 2018 (Docket # [ ]), the "Motion"),[1] seeking entry of an order extending the Claims Objection Bar Date through and including June 7, 2019; and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the City, and its creditors; and it appearing that the Motion can be considered and this Order granted on an *ex parte* basis pursuant to Local Rule 9006-1 and that no prior notice of the Motion or the entry of this Order need be given; and the Court

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning

1

finding that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1. The Motion is granted.

2. The Claims Objection Bar Date, as set forth in the Plan, including the deadline for the City to object to claims, is hereby extended from December 7, 2018 through and including June 7, 2019.

3. This Order is entered without prejudice to the rights of the City to request a further extension of the Claims Objection Bar Date.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order.

---

ascribed to them in the Motion.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2018, I electronically filed the *Ex Parte Motion of the City of Detroit for an Order Granting an Eighth Extension of the Claims Objection Bar Date* (the "Motion") with the Clerk of the Court via the Court's ECF electronic filing system. The electronic filing system will serve notice to all ECF participants.

/s/ Marc N. Swanson
Marc N. Swanson

Dated: November 14, 2018