UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| In re: | Bankruptcy Case No. 13-53846 |
|---|---|
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CITY OF DETROIT'S RESPONSE TO JEROME COLLINS' MOTION FOR LEAVE TO COMPLY *NUNC PRO TUNC* WITH ORDER OF SEPTEMBER 29, 2016 DEADLINE FOR AMENDING COMPLAINT**

The City of Detroit ("City"), by its undersigned counsel, submits this Response to Jerome Collins' *Motion for Leave to Comply Nunc Pro Tunc With Order Dated September 29, 2016 Deadline for Amending Complaint* ("Motion for Leave").

**I. INTRODUCTION**

1. On September 29, 2016, this Court entered an order requiring Jerome Collins ("Collins" or "Plaintiff") to dismiss the City and other defendants from the lawsuit he filed in federal district court in violation of the Plan, Confirmation Order and Bar Date Order (each as defined below). Over the next approximately eighteen months, Collins filed five proposed amended complaints in federal district court which violated this Court's September 2016 order. In each instance, the proposed amended complaint alleged claims against the City or City officers in their official capacity and the federal district court denied Collins' request to

- 1 -

amend his complaint. This Court should similarly deny Collins' most recent motion.

## II. FACTUAL BACKGROUND

### A. The City's Bankruptcy Case

2. On July 18, 2013, the City filed its chapter 9 case in this Court ("Bankruptcy Court"). On October 10, 2013, the City filed its *Motion for Entry of an Order Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [Bankr. Doc. No. 1146] ("Bar Date Motion"). On November 21, 2013, the Bankruptcy Court approved the Bar Date Motion [Bankr. Doc. No. 1782] ("Bar Date Order"). Under the terms of the Bar Date Order, any entity holding a claim against the City was required to file a proof of claim no later than February 21, 2014. On October 22, 2014, the City filed its *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit* [Bankr. Doc. No. 8045] ("Plan"), which the Bankruptcy Court confirmed on November 12, 2014 [Bankr. Doc. No. 8272] ("Confirmation Order").

### B. Collins Files a Complaint which Violates the Plan, the Bar Date Order and the Confirmation Order

3. On May 5, 2015, Collins filed his initial complaint in the United States District Court, Eastern District of Michigan ("District Court"), Case No 15-11756, ("District Court Lawsuit") against the City, the Detroit Police Department, and several police officers acting in their official capacities. [District Court Doc.

32500395.3\022765-00213

No. 1]. On May 22, 2015, the City sent a letter to Collins' counsel informing him that the lawsuit violated the Plan, Confirmation Order, and Bar Date Order because it asserted claims against the City that arose prior to the date the City filed for bankruptcy. Bankr. Doc. No. 10182 at pages 80-94 of 117. In this letter, the City explained that Collins failed to file a proof of claim and that the deadline to do so was February 21, 2014. *Id.* at page 81 of 117. On June 9, 2015, Collins responded and denied that the lawsuit violated the Plan. Bankr. Doc. No. 10182 at pages 96-97 of 117.

4. Due to Collins' refusal to comply with the Plan, Confirmation Order and Bar Date Order, on July 8, 2015, the City filed its *Motion for the Entry of an Order (I) Enforcing the Plan of Adjustment Injunction and (II) Requiring the Dismissal with Prejudice of the Federal Court Action filed by Jerome Collins to the Extent it Seeks Relief Against the City of Detroit or Property of the City of Detroit* [Bankr. Doc. No. 10030] ("Enforcement Motion").[1] As the City explained in the Enforcement Motion, due to Collins' refusal to comply, the "City is left with no choice but to seek an order barring and permanently enjoining Collins from asserting and prosecuting the claims described in the federal court action against the City or property of the City…" *Id.* at 1-2. Collins received extensions to

---

[1] On September 11, 2015, the City filed a corrected version of the Enforcement Motion which was substantially similar to the original Enforcement Motion. [Bankr. Doc. No. 10182].

respond to the Enforcement Motion and filed a response on August 2, 2016 [Bankr. Doc. Nos. 11103, 11382, 11383, 11410].[2]

5. The Bankruptcy Court granted the Enforcement Motion and entered an order providing in pertinent part:

> No later than October 5, 2016, Jerome Collins must dismiss, or cause to be dismissed, Case No 15-11756 filed with the United States District Court for the Eastern District of Michigan, Southern Division, and captioned *Jerome Collins vs. City of Detroit, Detroit Police Department, Ralph Godbee, former Police Chief, Mattie Lewis, former Police Officer, and John Does, whose identities are presently unknown* to the extent it seeks any relief against the City of Detroit or property of the City of Detroit, including to the extent it seeks any relief against any current or former employee of the City of Detroit in his/her official capacity.

[Bankr. Doc. No. 11597] ("<u>Enforcement Order</u>").

6. Plaintiff took no action to comply with the Enforcement Order or amend his deficient complaint.

### C. The Bankruptcy Court Denies Collins' Request to File a Tardy Claim and to Amend His Union's Claim

7. Instead, on December 9, 2016, Plaintiff filed a *Verified Motion for Leave to File Delayed Proof of Claim* in the Bankruptcy Court [Bankr. Doc. No. 11710]. This motion was stricken per order of the Bankruptcy Court for failure to

---

[2] Collins also filed for personal bankruptcy in September 2015 and concluded his personal bankruptcy case in December 2015. E.D. Mich. Bankr. Case No. 15-53613.

comply with court rules. [Bankr. Doc. No. 11712]. Between December 2016 and January 2017, Collins filed four additional *Verified Motions for Leave to File Delayed Proof of Claim* [Bankr. Doc. Nos. 11722, 11730, 11736, 11743]. The Bankruptcy Court again struck two of these motions for lack of compliance with court rules. [Bankr. Doc. Nos. 11740, 11742]. The City objected to the others, emphasizing that Collins's delay was inexcusable and that he still had "not complied with the [Enforcement] Order because he has yet to dismiss any claims or parties from the lawsuit." Bankr. Doc. No. 11752 at 2. The City further reserved "any right it may have to seek contempt and other sanctions against Mr. Collins for failing to comply with this [Bankruptcy] Court's final order entered more than three months ago with a mandated compliance date of October 5, 2016." *Id.*

8. The Bankruptcy Court sustained the City's objection [Bankr. Doc. No. 12704], stating:

> The length of Collins's delay in seeking to file a late proof of claim is extraordinary. The deadline to file claims was February 21, 2014. Collins's Motion was filed December 30, 2016. That is a delay of almost three years – an extraordinarily long time under the circumstances. This factor weighs strongly against finding that Collins's neglect is excusable….Collins's extraordinary delay in seeking to file a proof of claim in this case creates a danger of prejudice to the City, and has an adverse potential impact on judicial proceedings in this case.

- 5 -
32500395.3\022765-00213
13-53846-tjt    Doc 12948    Filed 11/26/18    Entered 11/26/18 12:56:18    Page 5 of 17

### D. Collins' First Two Amended Complaints Fail to Comply with the Bankruptcy Court's Enforcement Order

9. Again, instead of complying with the Enforcement Order, on April 7, 2017, Plaintiff filed in the District Court a *Motion to Lift Stay of Litigation to Permit Collins in an Amended Complaint to Pursue Federal or State Tort or Other Claims, Against City of Detroit, Detroit Police Department, Ralph Godbee, Chief James Craig, et al Police Officers or Others Who Violated His Right* [District Court Doc. No. 19] ("Stay Motion").

10. As set forth in the Stay Motion, Collins sought leave to "refile the Complaint attached hereto." District Court Doc. No. 19 at 4. In direct violation of the Enforcement Order, the proposed amended complaint named the City of Detroit and the Detroit Police Department as defendants. *See* District Court Doc. No. 19-1. Further, Plaintiff asserted claims against certain of the individual defendants in their "official capacity" in direct violation of the Enforcement Order. *See, e.g.*, *id.* ¶ 9. The City opposed the Stay Motion, and the District Court denied the Stay Motion [District Court Doc. Nos. 22, 24].

11. On April 14, 2017, Collins filed a *Motion for an Order of Dismissal of Complaint Against Defendants in Their Official Capacities* [District Court Doc. No. 20] ("Dismissal Motion"). On May 8, 2017, Collins filed another Proposed First Amended Complaint and Jury Demand. [District Doc. No. 23-1]. In violation of the Enforcement Order, this proposed amended complaint named the Detroit

Police Department as a defendant and asserted claims against officers in their official capacities. *Id.* ¶¶ 1, 5, 8.

12. On June 1, 2017, the District Court denied the Dismissal Motion "because plaintiff must seek this relief in the Bankruptcy Court. Plaintiff seeks to be excused from missing a filing deadline imposed by the Bankruptcy Court; plaintiff must apply to that court, not this Court, for any such relief." District Court Doc. No. 24 (footnote omitted).

13. Approximately one month after the Stay Motion and Dismissal Motion were denied, Plaintiff filed a *Motion for Relief Nunc Pro Tunc* in the Bankruptcy Court requesting that the Bankruptcy Court extend its October 5, 2016 deadline in the Enforcement Order [Bankr. Doc. Nos. 11934, 11947]. The City and Plaintiff entered into a stipulation acknowledging that Plaintiff did not comply with the Enforcement Order and allowing Plaintiff to file a dismissal stipulation in the District Court no later than December 22, 2017 [Bankr. Doc. Nos. 12734, 12735]. The City has cited to this stipulation and order in filings in the District Court. *See* District Court Doc. No. 32 at p. 8; District Court Doc. Number 35 at p. 8. The "Stipulation of Dismissal", filed with the District Court on December 20, 2017, provides in pertinent part:

> Plaintiff in the above-captioned proceeding, and Defendants City of Detroit, Detroit Police Department, Ralph Godbee, and Mattie Lewis, hereby **stipulate to the dismissal of the above captioned lawsuit with prejudice**, and without costs or fees to

either party, (a) to the extent it seeks any relief against the City of Detroit or property of the City of Detroit, (b) **as to Defendants the City of Detroit and Detroit Police Department**, (c) as to Defendants Ralph Godbee and Mattie Lewis, in their official capacity as former Detroit police officers, and (d) as to any John Doe in their official capacity as an employee or officer of the City of Detroit.

Doc. No. 27 at 1-2 (emphasis added).

### E. Collins' Third Amended Complaint Fails to Comply with the Enforcement Order

14. On December 22, 2017, Plaintiff filed an amended complaint [District Court Doc. No. 28]. The City filed a motion to strike that complaint because Collins never obtained leave of this Court or the City's consent to file the amended pleading [District Court Doc. No. 29] ("Motion to Strike"). Further, Plaintiff once again named the Detroit Police Department as a defendant in clear violation of the Enforcement Order and the Stipulation of Dismissal. On February 1, 2018, the District Court granted the City's Motion to Strike [District Court Doc. No. 30].

### F. Collins' Fourth Amended Complaint Fails to Comply with the Enforcement Order

15. On March 9, 2018, Plaintiff filed another Motion for Leave to File an Amended Complaint [District Court Doc. No. 31], and attached a proposed Second Amended Complaint and Jury Demand, which explicitly states that "This action is for damages brought against the above-named individual defendant, in their individual capacities for damages, and the Detroit Police Department for injunctive

relief…" 2d Am. Compl. ¶ 1. Plaintiff further requests "an injunction that requires Defendants Detroit Police Department or DPD to offer Plaintiff employment, credit him for time lost towards retirement or pension . . . ." *Id.* at 18. Despite the Enforcement Order and the Stipulation of Dismissal, Plaintiff continued to assert claims against the Detroit Police Department. Finally, many of the core allegations in the Second Amended Complaint revolve around events that occurred seven to fourteen years ago. *See id.* ¶¶ 21-36.

16. The District Court denied this motion on April 16, 2018 [District Court Doc. No. 33]. In its order, the District Court stated, "While the Court must permit amendments to pleadings 'when justice . . . requires,' Fed R. Civ. P. 15(a), justice does not require the Court to permit an amendment that does not comply, in terms of timing or substance, with an order of the Bankruptcy Court."

### G. Collins' Fifth Amended Complaint Fails to Comply with the Enforcement Order

17. On April 29, 2018, Collins again attempted to amend his complaint unsuccessfully by filing a Motion for Leave to File Second Amended Complaint ("<u>Second Motion for Leave</u>") and the City responded to that motion [District Court Doc. Nos. 34 and 35].

18. On May 18, 2018, the District Court denied the Second Motion for Leave [District Court Doc. No. 36], stating that the Second Motion for Leave, "…appears to be a belated attempt to comply with a September 29, 2016, order of

- 9 -
32500395.3\022765-00213
13-53846-tjt    Doc 12948    Filed 11/26/18    Entered 11/26/18 12:56:18    Page 9 of 17

the Bankruptcy Court… ." "Nor does plaintiff's proposed second amended complaint…comply with the Bankruptcy Court's directive to dismiss the complaint as to the City of Detroit, as it continues to seek injunctive relief from the Detroit Police Department." Further, as stated in its previous order, the District Court stated that justice does not require it to permit an amended pleading that does not comply with the Bankruptcy Court's order.

### H.   The District Court Denies Collins' Motion for Reconsideration

19.   Collins then filed a motion for reconsideration of the District Court's order denying the Second Motion for Leave ("Motion for Reconsideration") on May 18, 2018 [District Court Doc. No. 37], stating that Plaintiff had mistakenly filed the wrong copy of the amended complaint at issue and that grounds for reconsideration existed since a different disposition of the matter would have been obtained if the correct amended complaint had been filed.

20.   On May 22, 2018 the District Court ordered a response to the Motion for Reconsideration from the City [District Court Doc. No. 38].

21.   On June 5, 2018, the City filed its response to the Motion for Reconsideration [District Court Doc. No. 39].

22.   Also on June 5, 2018, Collins filed the document titled as, "EXHIBIT *A - Final Amended Complaint sent 4/25/18 for review and concurrence*" [District Court Doc. No. 40].

23. On July 19, 2018, the District Court denied the Motion for Reconsideration [District Court Doc. No. 42], stating once more that Collins must obtain an order from the Bankruptcy Court permitting him to amend his complaint since he failed to comply with the deadline in the Enforcement Order.

## I. The Current Motion

24. Collins filed the Motion for Leave with this Court [Bankr. Doc. No. 12938] nearly four months after the District Court's entry of the order denying the Motion for Reconsideration and over two years since the October 5, 2016, deadline in the Enforcement Order.[3] In the Motion for Leave, Collins seeks an order from this Court permitting him to amend the complaint he filed in the District Court.

## III. Argument

25. This Court should deny the Motion for Leave. Despite the substantial number of filings Collins has made in this Court and the District Court over the last several years, on five separate occasions, Collins violated this Court's Enforcement Order by filing complaints in the District Court that named the City, officers in their official capacity or the Detroit Police Department as defendants. Collins has repeatedly failed to both cure the complaint's deficiencies and to act with any

---

[3] This Court issued a deficiency notice with respect to the Motion For Leave due to Collins' failure to include a proposed order. [Bankr. Doc. No. 12939]. Collins has not corrected the deficiency. The Motion for Leave contains other deficiencies as well including the lack of a notice.

semblance of diligence. The Motion for Leave should be denied whether it is adjudicated under an excusable neglect or leave to amend standard as both standards consider substantially the same factors.[4]

26. Generally, leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Morse v. McWhorter*, 230 F.3d 795, 800 (6th Cir. 2002). However, a party "must act with due diligence" in order to take advantage of this flexible standard, and the right to amend is "not absolute or automatic." *Islamic Ctr. of Nashville v. Tennessee*, 872 F.3d 377, 386 (6th Cir. 2017) (internal quotation marks omitted); *United States v. Mw. Suspension & Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995).

27. A court has broad discretion to deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

---

[4] In evaluating whether to excuse neglect, a court will consider: (1) whether granting the delay will prejudice the debtor; (2) the length of the delay and its impact on efficient court administration; (3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; (4) whether the creditor acted in good faith; and (5) whether clients should be penalized for their counsel's mistake or neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 386 (1993). The prejudice factor is addressed in part III.B of this Objection. The length of the delay factor is addressed in part III.A of this Objection. The reasonable control factor is addressed in parts III.A and B of this Objection. Although not directly addressed below, the Plaintiff has not acted in good faith given the length of the delay and the number of complaints that have been filed in violation of the Enforcement Order. The City also asserts that Collins should be penalized for his counsel's mistake or neglect.

- 12 -

32500395.3\022765-00213
13-53846-tjt    Doc 12948    Filed 11/26/18    Entered 11/26/18 12:56:18    Page 12 of 17

the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009); *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017). Denial may be particularly appropriate where the plaintiff has previously amended his complaint and failed to cure the deficiencies. *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013).

### A. Plaintiff's Two Year Delay is Undue and Inexcusable

28. A delay becomes undue when it is "protracted and unjustified," indicating a "lack of diligence" by the plaintiff in pursuing his claim. *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017). Leave to amend should be denied where the plaintiff has offered "no cogent reason for the delay" in amending. *Id.; see also Mw. Suspension*, 49 F.3d at 1202 (affirming denial of leave to amend where plaintiff did not seek to amend its complaint until two years after suit was filed and thus "failed to proceed with due diligence"); *Morse*, 290 F.3d at 800 ("At some point . . . delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party.") (internal quotation marks omitted).

29. Here, Plaintiff made no attempt to amend his complaint in the District Court action until more than two years after it was initially filed, despite being aware of the Plan, Confirmation Order, and Bar Date Order violation since May

- 13 -

2015.  The Bankruptcy Court's Enforcement Order, issued in September 2016, specifically identified the faults in Plaintiff's complaint.  Yet Plaintiff has not offered any explanation for this months- and years-long failure to act in remedying the defects.  The District Court has routinely denied leave to amend in similar situations.  *See, e.g.*, *Springs v. Mayer Brown LLP*, No. 11-13518, 2013 WL 656465 (E.D. Mich. Jan. 31, 2013), *aff'd*, 2013 WL 656494 (E.D. Mich. Feb. 22, 2013)  (denying leave to amend where plaintiff did not seek leave until "well over" a year after the original complaint was filed and "offer[ed] no good reason for the delay"); *see also Heraeus Medical GmbH v. Esschem, Inc.*, 321 F.R.D. 215, 217-19 (E.D. Pa. 2017) (denying leave where plaintiff sought to amend complaint "over two years after filing," knew of the relevant facts months earlier, and "failed to utilize previous opportunities to amend") (internal quotation marks omitted).

30. Plaintiff has exhibited similar dilatory conduct before this Court in connection with his request to file a proof of claim.  In denying the Plaintiff's request to make a late filing in the City's bankruptcy, this Court emphasized that Plaintiff's "delay of almost three years – an extraordinarily long time under the circumstances" was inexcusable.  Bankr. Doc. No. 12704. The ability to amend the complaint has certainly been within the reasonable control of Collins but on five separate occasions he filed a complaint in the District Court which violated the Enforcement Order.

### B. Each of Plaintiff's Five Amended Complaints has Violated the Enforcement Order

31. Courts should also consider whether there has been a repeated failure to cure deficiencies when considering whether to grant leave to amend. *Foman*, 371 U.S. at 182 (1962). Here, the Plaintiff has filed five proposed amended complaints after entry of the Enforcement Order. District Court Doc. Nos. 19-1, 23, 28, 31, 34. Each of these proposed amended complaints violated the Enforcement Order and Stipulation of Dismissal. There can be no question that Plaintiff has repeatedly failed to cure deficiencies in his complaint and has violated several Bankruptcy Court orders in the process. Plaintiff has not proceeded in good faith.

### C. Defendants will be Prejudiced by Defendants' Dilatory Conduct

32. Despite Plaintiff's unsupported and conclusory assertion to the contrary,[5] Plaintiff's dilatory conduct in this litigation will prejudice Defendants in their defense. Many of the core allegations in Plaintiff's proposed amended complaint pre-date the City's Bankruptcy Case and are seven to fourteen years old—the facts, evidence, and witnesses necessary to respond effectively to and counter Plaintiff's allegations may be unobtainable, given the City's massive

---

[5] Plaintiff alleges that the "…delays have not prejudiced the City nor the Defendant, in their individual capacities, because the City has always defended itself and its employees." Motion for Leave, p. 2.

restructuring post-Bankruptcy. *See Doe v. Cassel*, 403 F.3d 986, 990-91 (8th Cir. 2005) (affirming denial of permission to amend where "th[e] delay directly prejudiced the Defendants' ability to mount an effective . . . defense"); *see also Nelski v. Risk Mgmt. Alternatives, Inc.*, No. 01-CV-71974-DT , 2005 WL 1038788 (E.D. Mich. Apr. 21, 2005) (denying leave to amend where adding new claims during discovery would "subject[]" defendants to "additional and unnecessary litigation costs").

## IV. Conclusion

WHEREFORE, the City respectfully requests that the Court deny the Motion for Leave.

Dated: November 26, 2018

> By: /s/ Marc N. Swanson
> Marc N. Swanson (P71149)
> MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
> 150 West Jefferson, Suite 2500
> Detroit, Michigan 48226
> Telephone: (313) 496-7591
> Facsimile: (313) 496-8451
> swansonm@millercanfield.com
>
> ATTORNEYS FOR THE CITY OF DETROIT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>    Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 26, 2018, the foregoing *CITY OF DETROIT'S RESPONSE TO JEROME COLLINS' MOTION FOR LEAVE TO COMPLY NUNC PRO TUNC WITH ORDER OF SEPTEMBER 29, 2016 DEADLINE FOR AMENDING COMPLAINT* was filed electronically with the Court via the Court's CM/ECF system which will provide notice of the filing to all registered participants in this matter. In addition, the document was served via electronic mail upon:

Benjamin Whitfield, Jr.
benwlaw4822@aol.com

Dated: November 26, 2018

                                          By: /s/ Marc N. Swanson
                                              Marc N. Swanson
                                              150 West Jefferson, Suite 2500
                                              Detroit, Michigan 48226
                                              Telephone: (313) 496-7591
                                              Facsimile: (313) 496-8451
                                              swansonm@millercanfield.com