UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDITH WOODBERRY,

    Appellant,

vs.

CITY OF DETROIT,

    Appellee.

_____/

Civil Action No. 18-CV-12308
HON. BERNARD A. FRIEDMAN

Bankr. No. 13-53846
HON. THOMAS J. TUCKER

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDERS

Appellant Edith Woodberry appeals from two Bankruptcy Court orders, one dated July 11, 2018, denying her motion for reconsideration ("the July 11 order"), and one dated July 12, 2018, expunging and disallowing her claim ("the July 12 order"). The Court has appellate jurisdiction pursuant to 28 U.S.C. § 158. The Court reviews a Bankruptcy Court's factual findings for clear error; its conclusions of law are reviewed *de novo*. *See In re Cook*, 457 F.3d 561, 565 (6th Cir. 2006); *In re Musilli*, 398 B.R. 447, 452-53 (E.D. Mich. 2008).

In its July 11 order, the Bankruptcy Court denied appellant's motion for reconsideration of an order it issued on May 23, 2018 ("the May 23 order") following a hearing that day. The May 23 order required appellant and related parties (collectively, the "Woodberry/Mabin Claimants") to take certain action by June 22, 2018, and indicated that their claims would be disallowed if they failed to do so. Specifically, the May 23 order stated:

> 3. No later than June 22, 2018, in order to avoid the entry of an Order by this Court disallowing their claims, the Woodberry/Mabin Claimants must take appropriate action to reactivate the lawsuit in the Wayne County Circuit Court (Case No. 05-522129-CC, *City of Detroit v. Jonathan Sobeloff, etc., et al.*), and to seek the entry of a final order in that lawsuit, so that the Woodberry/Mabin claimants

may seek to appeal that court's Judgment filed April 28, 2009.

4. The Woodberry/Mabin Claimants must promptly serve the City's counsel in this bankruptcy case, Marc N. Swanson, by mail, with a copy of all items they file in the Wayne County Circuit Court in order to comply with this Order.

5. If the Woodberry/Mabin Claimants fail to timely comply with paragraph 3 of this Order, the City may file an affidavit of non-compliance and submit a proposed order disallowing the claims of the Woodberry/Mabin Claimants in this bankruptcy case, and the Court may enter such order, without further notice or hearing.

On June 19, 2018, appellant filed a "response to order setting deadline . . ." which the Bankruptcy Court construed as a motion for reconsideration. Appellant indicated that she could not hear the Bankruptcy Judge's ruling at the May 23 hearing, that the ruling deprived her of the right to seek just compensation, and that she could not afford to make copies of court documents. In its July 11 order, the Bankruptcy Court denied appellant's motion for reconsideration, but noted that appellant was welcome to listen to an audio recording of the May 23 hearing at the Bankruptcy Court Clerk's Office during regular business hours.

In its July 12 order, the Bankruptcy Court expunged and disallowed appellant's claim based on an affidavit filed by debtor's counsel on July 11. In that affidavit, debtor's counsel averred that appellant had not complied with the May 23 order because she had filed nothing in the Wayne County Circuit Court to reactivate the state court action.

Appellant has failed to demonstrate any factual or legal error in the Bankruptcy Court's July 11 or July 12 orders. The July 11 order properly denied appellant's motion for reconsideration because that motion failed to show any error in the Bankruptcy Court's May 23 order. The July 12 order properly expunged and disallowed appellant's claim because appellant

failed to meet the June 22 deadline for "tak[ing] appropriate action to reactivate the lawsuit in the Wayne County Circuit Court . . . and to seek the entry of a final order in that lawsuit, so that the Woodberry/Mabin claimants may seek to appeal that court's Judgment filed April 28, 2009." The April 28, 2009, state court judgment, a copy of which is attached as Exhibit 1 to debtor's counsel's affidavit, determined the just compensation owed to appellant and the other Woodberry/Mabin claimants for debtor taking their property located at 2457 Beaubien Street in Detroit by eminent domain.[1] That judgment also ordered that title to this property passed to the debtor effective July 27, 2005, and that the claimants were barred from asserting any further claims against the debtor regarding this property.

Appellant's claim in the instant bankruptcy action seeks $3 million in "just compensation" for the same property. R. at PageID 236. Apparently out of an abundance of caution, the Bankruptcy Court did not disallow this claim on res judicata grounds because the state court's April 28, 2009, judgment stated that it "does not close this case" and the docket sheet of that case does not contain an entry indicating that the case was ever closed. *See* Bank. No. 13-53846, docket entry 12851 at 18, 23-35. Appellant has not shown that the Bankruptcy Court erred in giving her a generous, thirty-day opportunity to "seek the entry of a final order in that lawsuit, so that the Woodberry/Mabin claimants may seek to appeal that court's Judgment filed April 28, 2009," which may have enabled her to seek greater compensation in the state courts (assuming her nine years of

---

[1] This judgment noted that appellant had already been paid just compensation in the amount of $83,294.72 in a related action in Wayne County Circuit Court, *City of Detroit v. Sobeloff*, No. 00-001737. In a document in that case dated August 14, 2003, appellant acknowledged receiving this amount "in cash paid to me by the City of Detroit in the courtroom of Judge Michael F. Sapala" and that this amount represented "payment in full of my share of the estimated just compensation (as amended) for the Plaintiff, City of Detroit's taking of the subject property in this case, above-captioned." R. at PageID 2108.

inaction in that court would not have presented a procedural bar). Nor has she shown that the Bankruptcy Court erred in expunging and disallowing her claim when she violated that court's order and failed to take any steps to revive the dormant state court action. In short, appellant has failed to demonstrate any legal or factual error in either the July 11 or July 12 Bankruptcy Court orders. Accordingly, those orders are affirmed.

Dated: December 4, 2018
Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 4, 2018.

s/Johnetta M. Curry-Williams
Case Manager