**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Judge Thomas J. Tucker |

**CITY OF DETROIT'S RESPONSE TO CLAIMANT,
LARENTINNA GOUDY'S, MOTION TO AMEND OR RE-CLASSIFY HER
ALLOWED OTHER UNSECURED (MOTOR VEHICLE) CLAIM
AS AN ALLOWED CONVENIENCE CLAIM**

The City of Detroit ("City") objects ("Response") to *Claimant, Larentinna Goudy's, Motion to Amend or Re-Classify Her Allowed Other Unsecured (Motor Vehicle) Claim* ("Motion," Doc. No. 13012). Ms. Goudy asserts that no restriction prevents her from electing convenience class treatment for her unsecured claim, but that is not true. The ballot approved by the solicitation procedures order provided the sole mechanism for making such elections. No other mechanism exists for unsecured claim holders to elect convenience class treatment post-confirmation. Ms. Goudy could have sought a convenience class claim during resolution of her claim or when she was provided a ballot, but she did not, and her settlement agreement prohibits her from seeking to amend her claim further.

The finality of the convenience class election process brings finality and stability to it and to the City's finances. Ms. Goudy may not upset that stability by

making an end run around the settlement agreement she signed four years ago.  Her Motion should be denied.

## ARGUMENT

As Ms. Goudy states in her Motion, she filed proof of claim number 1507 ("Original Claim").  Motion, ¶ 4.  On or about May 12, 2014, Ms. Goudy was provided a ballot as part on the solicitation process with respect to the Plan.  Doc. No. 6177, ¶ 17, Ex. F, p. 13 of 36 (p. 30 of 1828 as filed).  That ballot contained a box that she could have checked if she desired to have her claim treated as a convenience class claim.  Doc. No. 3463, Ex. 6A,20 (showing class 14 ballot); Doc. No. 3796 (approving ballot).  Ms. Goudy did not vote her ballot.[1]

On September 16, 2014, the City filed a Stay Modification Notice[2] with respect to the Original Claim.  (Doc. No. 7516.).  Ms. Goudy and the City subsequently executed the *Agreement Resolving Claim of Larentinna Goody*, amending the Original Claim to a third-party motor vehicle accident claim in the amount of $50,000 ("Settled Claim").  *Id.*, ¶ 6; Motion, Exhibit 6.5 ("Agreement").

The Agreement states that the Settled Claim is to "be paid in accordance with, and subject to the treatment provided for claims of that type under" the City's

---

[1] The City's claim agent, Kurtzman Carson Consultants LLC, did not receive a ballot from Ms. Goudy.

[2] *See Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims*, Doc. No. 2302, ¶ 9.  All other undefined capitalized terms have the meanings ascribed to them in the City's confirmed Plan (defined below.)

Plan (defined below). Agreement, ¶ 6. It further states that "The Claimant will not further amend . . . the [Settled Claim]" and that "[a]ny further amendments to the . . . [Settled Claim] . . . shall be null, void and of no effect." *Id.*, ¶ 5.

As set forth in the Agreement, the Settled Claim is to be treated in accordance with the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)* ("Plan," attached to the November 12, 2014, order confirming it at Doc. No. 8272). Article IV, part S of the Plan states that "to the extent any valid Claim subject to subsections 2 and 3 above exceeds the applicable payment limits, the excess claim amount shall be treated as an Other Unsecured Claim or a Convenience Claim (as applicable)." As Ms. Goody explained in her Motion, $20,000 of her Settled Claim was payable in cash, which the City paid. Motion, ¶ 7. The $30,000 excess claim amount of her Settled Claim exceeds the $25,000 cap on Convenience Claims. Plan, I.A.76 (defining Convenience Claims as Other Unsecured Claims "in an amount less than or equal to $25,000"). Thus, by definition, the remainder of the Settled Claim is an Other Unsecured Claim. And, the Agreement provides that it is to be treated as such under the Plan. Agreement, ¶ 6.

Ms. Goudy argues that there are no restrictions on when the holder of an Other Unsecured Claim may elect to reduce his, her, or its claim to $25,000 and seek to have the claim treated as a Convenience Claim, but that is not true. On

- 3 -

February 28, 2014, the City filed its *Motion of the City of Detroit for Entry of an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* ("Solicitation Procedures Motion," Doc. No. 2789). In paragraph 21, the City proposed that "the Ballots be designated as <u>the</u> mechanism through which holders of claims in certain Classes be permitted to make elections available to those Classes under the Plan." Solicitation Procedures Motion, ¶ 21 (emphasis added). Ms. Goudy did not object to the Solicitation Procedures Motion and the Court approved the Solicitation Procedures Motion, stating that "The City is hereby authorized to use the Class 13 Ballots as <u>the</u> mechanism for Class 13 creditors to make the Convenience Class Election." ("Solicitation Procedures Order," Doc. No. 2984), ¶ 7(e) (emphasis added).[3] Any election made on the ballot was binding and irrevocable. *Id.*, ¶ 7(h). The deadline to submit the ballot was June 30, 2014. *Id.*, ¶ 8. The Plan further defined the term "Ballot" to mean "the ballot upon which a Holder of an Impaired Claim entitled to vote shall cast its vote to accept or reject the Plan and make certain elections provided for in the Plan." Plan, p. 5. And, the order confirming the Plan made

---

[3] When the Solicitation Procedures Motion was filed, Other Unsecured Claims were placed in Class 13. A new class was added subsequent to the filing of the Solicitation Motion causing Other Unsecured Claims to be placed in Class 14 in the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045].

33162797.6\022765-00213

clear that "…all prior orders entered in the Chapter 9 Case…shall be binding upon and shall inure to the benefit of the City and any other parties expressly subject thereto." Confirmation Order, ¶ T.69, p. 114 (Doc. No. 8272). Thus, Ms. Goudy's assertion that claim holders can simply change their minds and amend an election once made is not true. *See* Motion, ¶ 14. The Ballot was the sole mechanism for the holders of Other Unsecured Claims to elect to reduce their claim to $25,000 so that it could be treated as a Convenience Claim under the Plan. As Ms. Goudy did not return her ballot, she did not (and cannot) elect for her claim to be treated as a convenience claim.

Ms. Goudy will likely argue that her Settled Claim did not exist when the Plan was confirmed and thus she could not be subject to these provisions, but that argument fails on several grounds. First, neither the Solicitations Procedures Order nor the Plan provide for an election of Convenience Class other than by making the election on the Ballot. Indeed, the Solicitations Procedures Order provides that the Ballot is "the mechanism" for making the Convenience Class Election. Second, the Agreement "amended, modified and allowed" the Original Claim so that it became the Settled Claim; it did not cancel the Original Claim and replace it with the Settled Claim. Agreement, ¶ 3.

More fundamentally, the terms of the Plan were fixed and known at the time the Original Claim was resolved. *Compare* Doc. No. 8272 (confirming plan on

- 5 -

November 12, 2014) *with* Motion, ¶ 6 (noting that facilitation took place two months later on January 6, 2015). Ms. Goudy agreed (1) to have her Original Claim amended to become the Settled Claim, (2) to have the Settled Claim treated in the manner prescribed by the Plan, and (3) not to seek to amend the Settled Claim further. Agreement, ¶¶ 3-6. If she was not happy with her Other Unsecured Claim, the time to decide that was during the resolution of her Original Claim, not now, over four years afterward. The Plan provides no mechanism for Ms. Goudy to amend her Settled Claim now, and her Agreement expressly forbids it. Indeed, this Court previously held that parties are bound by the settlement agreements they enter into in this bankruptcy case, and the Sixth Circuit affirmed that holding. *Order Denying "Claimant Michael McKay's Motion to Enforce Agreement Regarding Claim of Michael McCay,"* Doc. No. 11829, *aff'd by McKay v. City of Detroit, Mich. (In re City of Detroit)*, 700 Fed. Appx. 511 (6th Cir. 2017). Consequently, Ms. Goudy is bound by her agreement and may not seek amendment of her claim, as she now attempts by her Motion.

The City's concern with Ms. Goudy's request is that Convenience Class claims are paid directly from the City's treasury, whereas Other Unsecured Claims share in a pot of money that the City has already set aside as part of its Plan. Were other holders of Other Unsecured Claims allowed to revisit their choices and seek to have their claims paid out as Convenience Claims, the City's finances could be

33162797.6\022765-00213

13-53846-tjt    Doc 13018    Filed 03/11/19    Entered 03/11/19 09:28:19    Page 6 of 9

affected. That is a large part of the reason why the City asked in the Solicitation Procedures Motion (and the Court granted in the Solicitation Procedures Order) to make Convenience Class elections—or the lack thereof—irrevocable. Solicitation Procedures Motion, ¶ 21; Solicitation Procedures Order, ¶ 7(e). This brought finality to this aspect of the Plan and allowed the City to begin the claims resolution process.

## CONCLUSION

This appears to be a case of buyer's remorse. Ms. Goudy agreed to amend her Original Claim to become the Settled Claim. Now, four years later, she wishes to change her mind and further amend the Settled Claim. The Agreement expressly prohibits this, though. Even if the Agreement allowed it, the Plan intentionally does not provide a mechanism for electing Convenience Class treatment post-confirmation. For these reasons, the City respectfully asks the Court to deny Ms. Goudy's Motion.

33162797.6\022765-00213
13-53846-tjt    Doc 13018    Filed 03/11/19    Entered 03/11/19 09:28:19    Page 7 of 9

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    Ronald A. Spinner (P73198)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

DATED: March 11, 2019

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9

Case No. 13-53846

Judge Thomas J. Tucker

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 11, 2019, he filed the *City of Detroit's Response to Claimant, Larentinna Goudy's, Motion to Amend or Re-Classify Her Allowed Other Unsecured (Motor Vehicle) Claim* ("Response") using the court's CM/ECF system which provided notice of the filing to all registered participants in this matter. The undersigned further certifies that on the same day, a copy of the Response was served on the following individuals via first class mail.

> Mike Morse Law Firm
> Attn: Stacey L. Heinonen or Marc Mendelson
> 24901 Northwestern Highway, Suite 700
> Southfield, MI 48075-1816

> By: /s/ Marc N. Swanson
> Marc N. Swanson (P71149)
> 150 West Jefferson, Suite 2500
> Detroit, Michigan 48226
> Telephone: (313) 496-7591
> Facsimile: (313) 496-8451
> swansonm@millercanfield.com

DATED: March 11, 2019