## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND THE STATE OF MICHIGAN REGARDING CLAIM NUMBERS 3706, 3709, 3712, 3713, 3724, 3733, 3735, 3751, 3758, 3763, 3764, 3765, 3766, 3767, 3768, 3769, 3770 AND 3772**

The City of Detroit, Michigan ("City") and the State of Michigan on behalf of itself and the Governmental Units[1] identified below ("State"; and together with the City, the "Parties") stipulate and agree (the, "Stipulation") as follows:

### The Grant Claims of the State

A. On June 2, 2014, State of Michigan Department of Human Services, Bureau of Comm. Action & Economic Opp. filed proof of claim number 3709 in the amount of $2,114,768.70 ("Claim 3709"). The stated basis for Claim 3709 is "Loans" (although an exhibit appended to Claim 3709 asserts that it is based on the administration of grant funds).

---

[1] Capitalized terms not otherwise defined in this stipulation have the meanings given to them in the *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045] ("Plan") and, if not defined in the Plan, under the Bankruptcy Code.

B. On June 2, 2014, State of Michigan, Department of Community Health filed proof of claim number 3712 in the amount of $1,805,725.77 ("Claim 3712"). The stated basis for Claim 3712 is noncompliance or potential noncompliance with the terms of grants to the Detroit Department of Health and Wellness Promotion per 2010 and 2011 audit.

C. On June 2, 2014, State of Michigan, Department of Community Health filed proof of claim number 3713 in an unknown, unliquidated, contingent amount ("Claim 3713"). The stated basis for Claim 3713 is noncompliance or potential noncompliance with the terms of a grant related to STD, Expanded HIV Testing Dental.

D. On June 2, 2014, the Michigan State Police filed claim number 3733 in the amount of $194,079.00 ("Claim 3733"). The stated basis for Claim 3733 is claims for noncompliance or potential noncompliance with grant terms.

E. On June 2, 2014, State of Michigan, Department of Education filed proof of claim number 3735 in an unknown, unliquidated, contingent amount ("Claim 3735"). The stated basis for Claim 3735 is noncompliance or potential noncompliance with the terms of a grant related to Supplemental Nutrition Assistance Program.

F. On June 2, 2014, Workforce Development Agency, State of Michigan, filed proof of claim number 3763 in the amount of $395.00 ("Claim

32357255.9\022765-00213

3763"). The stated basis for Claim 3763 is noncompliance or potential noncompliance with the terms of a grant related to Trade Adjustment Assistance.

G. On June 2, 2014, State of Michigan, Department of Human Services, filed proof of claim number 3764 in the amount of $11,949,405.00 ("Claim 3764"). The stated basis for Claim 3764 is noncompliance or potential noncompliance with the terms of a Community Services Block Grant.

H. On June 2, 2014, State of Michigan, Department of Community Health, filed proof of claim number 3765 in an unknown, unliquidated, contingent amount ("Claim 3765"). The stated basis for Claim 3765 is noncompliance or potential noncompliance with the terms of Block Grants for Prevention and Treatment of Substance Abuse.

I. On June 2, 2014, State of Michigan, Department of Human Services, filed proof of claim number 3766 in the amount of $597,040.00 ("Claim 3766"). The stated basis for Claim 3766 noncompliance or potential noncompliance with the terms of a grant for Weatherization.

J. On June 2, 2014, State of Michigan, Department of Community Health, filed proof of claim number 3767 in the amount of $789,924.00 ("Claim 3767"). The stated basis for Claim 3767 is noncompliance or potential noncompliance with the terms of a grant for Spec. Supp. Nutrition Prog. For W, I & C.

K. On June 2, 2014, State of Michigan, Department of Aeronautics, filed proof of claim number 3768 in an unknown, unliquidated, and contingent amount ("Claim 3768", and together with Claim 3709, Claim 3712, Claim 3713, Claim 3733, Claim 3735, Claim 3763, Claim 3764, Claim 3765, Claim 3766 and Claim 3767, the "Grant Claims"). The stated basis for Claim 3768 is noncompliance or potential noncompliance with the terms of a grant related to Total RCAR.

L. October 22, 2014, the City filed its Plan.

M. On November 12, 2014, the order confirming the Plan (Doc. No. 8272) was entered. [Doc. No. 8272] and the Plan became effective on December 10, 2014.

N. Article III, Section E of the Plan provides:

**E. No Diminution of State Power**

> No provision of this Plan shall be construed: (1) so as to limit or diminish the power of the State to control, by legislation or otherwise, the City in the exercise of the political or governmental powers of the City, including expenditures for such exercise; (2) so as to limit or diminish the power of the State to effect setoffs necessary to compensate the State or relieve the State of liability against funds (a) owing to the City from the State, (b) granted to the City by the State, or (c) administered by the State on behalf of the City or the federal government (including funds resulting from federal or state grants), for acts or omissions by the City (including but not limited to misappropriation or misuse of funds); and (3) as a waiver by the State of its rights as a sovereign or rights granted to it pursuant to the Tenth Amendment to the United States Constitution, or limit or diminish the State's exercise of such rights.

Plan, Article III, Section E, p. 53

## The Remaining Claims of the State

O.  On June 2, 2014, State of Michigan Department of Treasury filed proof of claim number 3706 in the amount of $13,037.00 ("Claim 3706"). The stated basis for Claim 3706 is Unclaimed Property per MCL 567.221.

P.  On June 2, 2014, State of Michigan Department of Treasury filed proof of claim number 3724 in the amount of $32,655.41 ("Claim 3724"). The stated basis for Claim 3724 which is tax debt.

Q.  On June 2, 2014, State of Michigan, Department of Environmental Quality filed proof of claim number 3751 in the amount of $1,505,684.00 ("Claim 3751"). The stated basis for Claim 3751 is hazardous waste corrective action.

R.  On June 2, 2014, the Michigan Land Bank filed proof of claim 3758 in an unliquidated amount ("Claim 3758"). The stated basis for Claim 3758 is Claim under Tax Reverted Clean Title Act MCLA 211.1021 et seq for eligible tax reverted property specific tax (see attached list of properties).

S.  On June 2, 2014, State of Michigan, Department of Transportation, filed proof of claim number 3769 in the amount of $31,733.39 ("Claim 3769"). The stated basis for Claim 3769 is costs of repairs to MDOT property via accident by City of Detroit on 7/29/10.

T. On June 2, 2014, Michigan Occupational Safety and Health Administration filed proof of claim number 3770 in the amount of $28,210.00 ("Claim 3770"). The stated basis for Claim 3770 is penalty payments owed based on MIOSHA violations.

U. On June 2, 2014, Funds Administration filed proof of claim number 3772 in an unknown, unliquidated, contingent amount ("Claim 3772"). The stated basis for Claim 3772 is Contingent S1 Fund and Silicosis Fund Assessments.

**The Agreed Resolution of the Claims**

V. The State and the City have now conferred and reached the agreements regarding Claims 3706, 3709, 3712, 3713, 3724, 3733, 3735, 3751, 3758, 3763, 3764, 3765, 3766, 3767, 3768, 3769, 3770 and 3772 set forth below.

V. No notice of this Stipulation settling and resolving these Claims or the entry of any order approving this Stipulation is necessary or appropriate pursuant to Art. VI.C.1 of the Plan, and the Court has jurisdiction to enter an order approving the Stipulation pursuant to Art.VII.A. of the Plan.

NOW, THEREFORE, the Parties stipulate and agree as follows:

1. Claim 3706 is allowed and will be treated under the Plan as a Class 15 Convenience Claim in the amount of $13,037.00.

2. Claim 3724 is allowed and will be treated under the Plan as a Class 15 Convenience Claim in the amount of $25,000.

3. Claim 3751 is allowed and will be treated under the Plan as a Class 14 Other Unsecured Claim in the amount of $1,505,684.00.

4. Claim 3758 is allowed and will be treated under the Plan as a Class 15 Convenience Claim in the amount of $25,000.00.

5. Claim 3769 is allowed and will be treated under the Plan as a Class 15 Convenience Claim in the amount of $25,000.00.

6. Claim 3770 is allowed and will be treated under the Plan as a Class 15 Convenience Claim in the amount of $25,000.00.

7. Claim 3772 is withdrawn.

8. Each of the Grant Claims, being Claim numbers 3709, 3712, 3713, 3733, 3735, 3763, 3764, 3765, 3766, 3767, 3768, is withdrawn. The State and the City each reserve any rights, claims or defenses either may have under the Plan or otherwise with respect to the Grant Claims.

9. The Claims Register may be amended to reflect these stipulated agreements.

10. The Parties respectfully request that the Court enter an order in the form attached as **Exhibit 1**.

32357255.9\022765-00213

Stipulated and agreed to on April 5, 2019:

MILLER CANFIELD PADDOCK & STONE, PLC

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8452
swansonm@millercanfield.com

Counsel for the City of Detroit, Michigan

STATE OF MICHIGAN

By: /s/ Steven B. Flancher
Steven B. Flancher (P47894)
Assistant Attorney General
Michigan Department of Attorney General
Revenue & Tax Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-3203
(517) 241-2741 (fax)
flanchers@michigan.gov

# EXHIBIT 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER APPROVING STIPULATION BY AND BETWEEN THE CITY OF DETROIT, MICHIGAN AND THE STATE OF MICHIGAN REGARDING CLAIM NUMBERS 3706, 3709, 3712, 3713, 3724, 3733, 3735, 3751, 3758, 3763, 3764, 3765, 3766, 3767, 3768, 3769, 3770 AND 3772**

This matter having come before the Court on the *Stipulation By and Between the City of Detroit, Michigan and the State of Michigan Agencies Withdrawing Claim Numbers 3706, 3709, 3712, 3713, 3724, 3733, 3735, 3751, 3758, 3763, 3764, 3765, 3766, 3767, 3768, 3769, 3770 and 3772* ("Stipulation");[2] no notice of the Stipulation or the entry of this Order being necessary or appropriate pursuant to Art. VI.C.1. of the Plan, the Court having jurisdiction to enter this Order approving the Stipulation pursuant to Art.VII.A. of the Plan; and the Court being otherwise fully informed:

**IT IS HEREBY ORDERED THAT:**

---

[2] Capitalized terms used but not otherwise defined in this Order shall have the meanings given to them in the Stipulation.

1.  Claim 3706 is allowed and shall be treated under the Plan as a Class 15 Convenience Claim in the amount of $13,037.00.

2.  Claim 3724 is allowed and shall be treated under the Plan as a Class 15 Convenience Claim in the amount of $25,000.00.

3.  Claim 3751 is allowed and shall be treated under the Plan as a Class 14 Other Unsecured Claim in the amount of $1,505,684.00.

4.  Claim 3758 is allowed and will be treated under the Plan as a Class 15 Convenience Claim in the amount of $25,000.00.

5.  Claim 3769 is allowed and shall be treated under the Plan as a Class 15 Convenience Claim in the amount of $25,000.00.

6.  Claim 3770 is allowed and shall be treated under the Plan as a Class 15 Convenience Claim in the amount of $25,000.00.

7.  Claim 3772 is withdrawn.

8.  Each of the Grant Claims, being Claim numbers 3709, 3712, 3713, 3733, 3735, 3763, 3764, 3765, 3766, 3767, 3768, is withdrawn. The State and the City each reserve any rights, claims or defenses either may have under the Plan or otherwise with respect to the Grant Claims.

9.  The City's claims and noticing agent, Kurtzman Carson Consultants, is authorized to update the claims register to reflect the terms of this order.

10. The Court shall retain jurisdiction to interpret and enforce the terms of this Order.