UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**ORDER GRANTING CITY OF DETROIT'S SECOND MOTION FOR AUTHORITY TO MODIFY THE CONFIRMED PLAN OF ADJUSTMENT TO REVISE THE "DROP" PROGRAM FOR POLICE OFFICERS**

This case is before the Court on the motion entitled "City of Detroit's Second Motion for Authority to Modify the Confirmed Plan of Adjustment to Revise the 'DROP' Program for Police Officers" (Docket # 13048, the "Motion"). The Court has jurisdiction over the Motion under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and due and proper notice of the Motion having been given as provided in the Motion; and it appearing that no other or further notice of the Motion need be given; and no timely objections or other responses to the Motion having been filed; and the Court finding that the legal and factual bases set forth in the Motion establish just cause for the relief granted; and the Court being fully advised in the premises; and there being good cause to grant the relief requested,

**IT IS ORDERED THAT:**

1. The Motion is granted.

2. The City may amend section 12.1 of the New PFRS Active Pension Plan to add a new paragraph to include a provision that is substantially similar to the following:

> (3) Notwithstanding paragraph 2 of this section or any other provision of this Plan, a member of the Detroit Police Officers Association shall be entitled to participate in the DROP program under Component I for a maximum of ten (10) years. At the end of such ten (10) year period of participation in the DROP progaram, the member shall be retired and separated from employment.
>
> A member who is participating in the DROP program pursuant to this paragraph §12.1(3) or pursuant to Component II of the Police and Fire Retirement System must be able to perform the essential functions of his or her permanent position, assigned for the duration of his or her participation in the DROP program. Provided, however, that if a member participating in the DROP program pursuant to this paragraph §12.1(3) or Component II of the Police and Fire Retirement System requires and is granted restricted duty for 365 consecutive days or more, that member may be retired and separated from employment.
>
> While participating in the DROP program pursuant to paragraph §12.1(2), this paragraph 12.1(3) or pursuant to Component II of the Police and Fire Retirement System, a member of the Detroit Police Officers Association must receive bi-annual satisfactory performance evaluations according to the performance evaluation standards then in place for sworn officers. Any such member who receives an unstatisfactory performance evaluation shall be entitled to the appeals process then in place, as well as final review by the Chief of Police. If a member receives a second consecutive unsatisfactory performance evaluation, that member may be retired and separated from employment.

3. Nothing in this Order is intended to, will constitute or will be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to this

Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City or (c) the City's use or enjoyment of any income-producing property.

4. The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

**Signed on May 09, 2019**



/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge