UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No: 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor | Chapter 9 |

## MOTION TO SET ASIDE ORDER SUSTAINING DEBTOR'S SIXTY-FIFTH OMNIBUS OBJECTION TO CERTAIN CLAIMS

"Sixty-Second" Claimants[1] Happy Woodberry (2880), LaJeff Woodberry (2883), Cavel Woodberry (2888), Lavan Woodberry (2889), Penny Mabin (2902), Cranston Woodberry (2905), Garfield Woodberry (3006), Adam Woodberry (3271), and Phebe Woodberry (3278), all appearing in pro per, ask this Court to set aside its May 9, 2019 Order Sustaining Debtor's Sixth-Fifth Omnibus Objection To Certain Claims. In support of this motion, "Sixty-Second" Claimants state the following.

1. This Court's May 9, 2019 Order Sustaining Debtor's Sixty-Fifth Omnibus Objection To Certain Claims is unlawful and void with regard to "Sixty-Second" Claimants (numbers, 2880, 2883, 2888, 2889, 2902, 2905, 3006, 3271, and 3278).

2. Debtor's Sixty-Second Omnibus Objection To Certain Claims is separate and distinct from Debtor's Sixty-Fifth Omnibus Objection To Certain Claims. The "Sixty-Second" Claimants are in full compliance with Orders entered regarding Debtor's Sixty-Second Omnibus Objection To Certain Claims.

---

[1] "Sixty-Second" Claimants refers to claimant numbers 2880, 2883, 2888, 2889, 2902, 2905, 3006, 3271, and 3278 that were improperly included in the Debtor's Sixty-Fifth Omnibus Objection To Certain Claims.

3. Debtor City of Detroit's hands are unclean. The May 23, 2018 Deadline Order that Debtor referenced in paragraphs 10 and 13 of Debtor's Sixty-Fifth Objection To Certain Claims is currently being appealed. See *Edith Woodberry v City of Detroit*, Case No. 2:18-cv-12308-BAF-RSW, Bankr. No. 13-53846, (hereinafter "EW appeal"). Dispositive proceedings related to the May 23, 2018 Deadline Order are currently outside this Court's jurisdiction.

4. The Declaration of Charles Raimi states that his declaration was prepared in connection with Debtor's Sixty-Fifth Omnibus Objection to Certain Claims. Raimi's declaration is not true and accurate with regard to the "Sixty-Second" Claimants.

5. The improper and unlawful inclusion of "Sixty-Second" Claimants in Debtor's Sixty-Fifth Omnibus Objection To Certain Claims and the entry of the May 9, 2019 Order Sustaining Debtor's Sixty-Fifth Omnibus Objection To Certain Claims is fraud at worst and denial of due process at best. Under either scenario, the May 9, 2019 Order Sustaining Debtor's Sixty-Fifth Omnibus Objection to Certain Claims must be set aside.

WHEREFORE, the "Sixty-Second" Claimants respectfully request that this Court a) enter an order setting aside the May 9, 2019 Order Sustaining Debtor's Sixty-Fifth Omnibus Objection To Certain Claims and b) grant the "Sixty-Second" Claimants any further relief that is just and equitable.

Respectfully submitted,

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:
City of Detroit, Michigan,
    Debtor

Bankruptcy Case No. 13-53846
Judge Thomas J. Tucker
Chapter 9

## CERTIFICATE OF SERVICE

I certify that on May 16, 2019, I served copies as follows:

Documents Served:    Motion To Set Aside Order Sustaining Debtor's Sixty-Fifth Omnibus Objection to Certain Claims, and Certificate of Service

Served Upon:    Marc N. Swanson, Esq.
150 W. Jefferson, Suite 2500
Detroit, Michigan 48226

Method of Service:    First Class Mail

_____
Cranston Woodberry, In Pro Per
803 Gladstone.
Detroit, Michigan 48202