# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## *EX PARTE* MOTION OF THE CITY OF DETROIT FOR AN ORDER GRANTING A NINTH EXTENSION OF THE CLAIMS OBJECTION BAR DATE

The City of Detroit ("City") respectfully requests entry of an order extending the Claims Objection Bar Date (defined below) from June 7, 2019, through December 9, 2019, pursuant to section VI.C.3 of the City's chapter 9 plan, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"). The City makes this Motion on an *ex parte* basis pursuant to Local Rule 9006-1. In support of the Motion, the City respectfully states as follows:

## I.     INTRODUCTION

The City estimates that there are now approximately 50 proofs of claim - out of the approximately 3,900 originally filed proofs of claim - yet to be resolved. These unresolved claims include claims that principally fall into three categories:

- 1 -

those that are actively being litigated in non-bankruptcy forums pursuant to this Court's ADR Order (defined below), those that are the subject of ongoing settlement negotiations, and those which are currently being evaluated to determine whether objections would be appropriate. Without an extension of the Claims Objection Bar Date, the City will be required to file protective objections to many claims that otherwise might be resolved consensually in order to avoid the "deemed allowance" of such claims that would result upon the expiration of the Claims Objection Bar Date.

The ability to extend the Claims Objection Bar Date on an *ex parte* basis is provided for by the Plan and will not prejudice any interested party. Moreover, a further extension will ensure that the City has sufficient time to reduce or obtain disallowance of those Claims (or the appropriate portion thereof) for which the City is not liable, thereby preserving and maximizing value for creditors holding valid and allowed claims. Consequently, the City respectfully requests that this Court grant a six month extension of the Claims Objection Bar Date (as defined below) from June 7, 2019, through December 9, 2019.

## II.   JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.    BACKGROUND

### A.    The Claims Resolution Process

2.    On July 18, 2013 (the "Petition Date"), the City filed a petition for an order for relief in this Court.

3.    On November 12, 2013, the City filed its *Motion of Debtor Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims* [Doc. No. 1665] ("ADR Procedures Motion").  On December 24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc. No. 2302] ("ADR Order").

4.    The Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1 to the ADR Order permitted the City to serve on claimants a

> notice that the Stay/Injunction is lifted to permit the underlying claim to be liquidated in a non-bankruptcy forum consistent with the terms, conditions and limitations of Section II.E. below (a "Stay Modification Notice").  In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction shall be deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum…

ADR Procedures, Section I.B, p. 4.

5.    On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving*

- 3 -

*Form and Manner of Notice Thereof* [Doc. No. 1782] ("Bar Date Order"). The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time.

6.    On October 22, 2014, the City filed the *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045] ("Plan"). Capitalized terms not otherwise defined in this Motion shall have the meanings ascribed to them in the Plan.

7.    On November 12, 2014, this Court entered an Order Confirming the Plan. [Doc. No. 8272].

8.    The Plan became effective on December 10, 2014 ("Effective Date").

9.    Approximately 3,900 proofs of claim were filed against the City. Of those claims, approximately 1,356 were classified as litigation claims, the review of which is being performed primarily by the City Law Department. The additional (roughly) 2,500 claims include, among other claims, trade claims, employee/labor/union claims and grievances, tax claims, and pension related claims.

10.    The Plan established the initial "Claims Objection Bar Date," as defined in the Plan, as "the latest of (a) 180 days after the Effective Date, subject to extension by an order of the Bankruptcy Court, (b) 90 days after the Filing of a proof of Claim for such Claim and (c) such other period of limitation as may be

33574599.7\022765-00213

specifically fixed by an order of the Bankruptcy Court, which other period may be set without notice to Holders of Claims." Plan § I.A.62, p. 6. The Claims Objection Bar Date was initially set as June 8, 2015.

11. The Plan further provides that "[u]pon motion by the City to the Bankruptcy Court, the City may request, and the Bankruptcy Court may grant, an extension to the Claims Objection Bar Date generally or with respect to specific Claims. Any extension granted by the Bankruptcy Court shall not be considered to be a modification to the Plan under section 1127 of the Bankruptcy Code." Plan § VI.C.3, p. 69. Pursuant to that provision, the Court has granted eight extensions of the Claims Objection Bar Date, with the last extension having been granted on November 14, 2018 ("Eighth Extension Order") [Doc. Nos. 9748, 9749, 10229, 10230, 11135, 11136, 11653, 11654, 11856, 11857, 12723, 12724 12780 & 12944].

**B.      The City has made Significant Progress in Resolving Claims Since the Last Extension Granted by this Court**

12. To date, the City has filed, litigated or otherwise resolved sixty-five omnibus objections to proofs of claim and numerous objections to individual claims.

13. Since the entry of the Eighth Extension Order, the City has made significant progress in resolving the remaining claims.

- 5 -

14. On December 13, 2018, the City filed objections to the claims of Floyd Brunson and Wendy Jefferson and the Court granted those objections on January 10, 2019. [Doc. Nos. 12964, 12965, 12980, 12981].

15. On December 19, 2018, this Court entered an order sustaining the City's objection to claim number 3836 filed by Pamela Booker. [Doc. No. 12969].

16. On January 17, 2019, the Court granted the City's Sixty-Third Omnibus Objection to claims, which contained approximately twenty-eight claims. [Doc. No. 12994].[1]

17. The Sixty-Fourth Omnibus Objection was filed on March 7, 2019, and sought the expungement of approximately 30 additional claims. [Doc. No. 13016]. A few of the claims listed on the Sixty-Fourth Omnibus Objection were resolved by agreements among the parties, without a hearing.[2] The hearings on objections to claim number 2859 filed by the SAAA Union – Members and claim number 2935 of the Senior Accountants, Analysts, and Appraisers Association (SAAA)

---

[1] Claim number 3774 of Nathaniel Brent was included in the Sixty-Third Omnibus Objection to claims but the City withdrew without prejudice its objection to this claim because Mr. Brent had petitioned the U.S. Supreme Court for *certiorari*. Mr. Brown's petition was recently denied and the City intends to renew its objection to his claim.

[2] Claim number 2442, filed by Service Employees International Union, Local 517M, was resolved by stipulation and an order entered by this Court at Doc. No. 13039; claim number 2588, filed by Michigan Building and Construction Trades Council, was withdrawn by stipulation and an order entered by this Court at Doc. No. 13037; and claim number 3685, filed by the Electrical Workers Fringe Benefit Funds of Local #58, IBEW, was settled by an agreement between the parties and

33574599.7\022765-00213

have been adjourned to June 19, 2019, by stipulation and an order entered by this Court at Doc. No. 13057. The City has withdrawn its objection to claim number 3420 filed by the UAW, without prejudice, at Doc. No. 13034. Objections to all other claims listed on the Sixty-Fourth Omnibus Objection were sustained by an order entered by this Court at Doc. No. 13043.

18. Significantly, the City and the State of Michigan were able to resolve all eighteen of the State's remaining proofs of claims by stipulation dated April 5, 2019. Doc. No. 13032. The Court entered an order approving that stipulation on April 8, 2019. [Doc. No. 13033].

19. Further, on December 4, 2018, the U.S. District Court issued an order affirming this Court's order expunging claim number 2846 of Edith Woodberry. The U.S. District Court's order is docketed in this case at Doc. No. 12954. On April 11, 2019, the City filed the Sixty-Fifth Omnibus Objection objecting to the remaining claims of the Woodberry/Mabin claimants [Doc. No. 13035]. On May 9, 2019, this Court entered an order granting the Sixty-Fifth Omnibus Objection. [Doc. No. 13055].

20. Finally, on May 9, 2019, the City filed a stipulation and order resolving claim 3667 of Johnathan Brown, which had asserted a claim of over $140 million. [Doc. No. 13051]. The Court entered an order approving the

has been expunged.

stipulation. [Doc. No. 13054]. Several other claims have also been resolved by stipulations among the parties since the entry of the Eighth Extension Order.[3]

### C. Remaining Unresolved General Unsecured Claims

21.     The City estimates that there are approximately 50 claims that are potentially unresolved general unsecured claims.

22.     These claims fall into three general categories: *First,* the City is litigating several claims in non-bankruptcy forums pursuant to this Court's ADR Order and Stay Modification Notices, including claim numbers 1125 (Derrez Payne); 1064 (Abraham Greer and Sandra Greer); 1361 (HRT Enterprises); 1392 (Stanley-jones, Aiyana Dec. Est);[4] 3631 (Seales, Marvin); 799 (Darryl Cain); 1925 (K&P Incorporated); 1845 (HDV Greektown, LLC); 1841 (415 East Congress, LLC); 1857 (Shafer & Associates, P.C.). Some of these claims are currently being litigated in appellate courts.

23.     *Second,* there are a few claims filed by unions that remain unresolved. The City is hopeful that all of these remaining claims will be resolved without the need for litigation.

---

[3] Claim Number 2912, filed by Plunket Cooney, P.C., was resolved by stipulation and an order entered by this Court at Doc. No. 12946; claim number 699, filed by Grier & Copeland PC, was resolved by stipulation and an order entered by this Court at Doc. No. 13002; and claim numbers 1272 and 1274, filed by DTE Energy Company, were resolved by stipulation and an order entered by this Court at Doc. No. 13015.

24. **Third,** there are several other claims that the City is currently reviewing. These claims fall into several different categories, including litigation claims, grant claims, tax claims, trade claims and employee claims.

### D. Distributions to Class 14 claimants

25. On March 3, 2015, the City filed the *Motion of the City of Detroit, Pursuant to Sections 105(a) and 502(c) of the Bankruptcy Code and Bankruptcy Rule 3021, For an Order Approving Reserve Amounts for Certain Disputed or Unliquidated Unsecured Claims in Connection with Distributions to be Made Under the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* [Doc. No. 9351] ("Reserve Motion").[5] Consistent with the terms of the Plan, the Reserve Motion sought approval of the establishment and maintenance of a reserve ("Disputed Unsecured Claim Reserve") that would permit interim distributions to be made to holders of Allowed Other Unsecured Claims in Class 14 under the Plan before all proofs of claim were Allowed or Disallowed.

26. On April 16, 2015, this Court entered an order approving the Reserve Motion [Doc. No. 9701] ("Reserve Order"). The Reserve Order authorized and approved a Disputed Unsecured Claims Reserve in the amount of $1.035 billion,

---

[4] The Detroit City Council recently approved a settlement of this claim.

[5] The City also filed a reply in support of the Reserve Motion on April 10, 2015, at docket number 9652. As set forth in the reply, the City made certain minor modifications to the Schedule of Liquidated Amounts and Schedule of Reclassification Claims that were attached to the Reserve Motion as Exhibit 6.1

subject to subsequent modification as set forth in the Reserve Motion. Reserve Order ¶ 2. The Reserve Order also approved rules to assist in the administration of the Dispute Unsecured Claims Reserve ("Reserve Administration Rules"). Reserve Motion ¶ 26, Reserve Order ¶ 3.

27. In accordance with the Reserve Administration Rules and the liquidation of more than 3,800 proofs of claim to date, the City believes that a recalculation of the Disputed Unsecured Claim Reserve is appropriate and intends to decrease the amount of the Disputed Unsecured Claim Reserve to approximately $100 million, representing a decrease of approximately $900 million. Further, approximately $63 million of the $100 million reserve is on account of four claims for which the claimants are seeking a 1000% enhancement of their claims to account for the fact that unsecured claims will not be paid in full. Claim numbers 1841, 1845, 1857 and 1925.

28. Decreasing the Disputed Unsecured Claim Reserve to $100 million will enable larger distributions to be made to the Holders of Allowed Other Unsecured Claims in Class 14 sooner and without prejudice to the Holders of Disputed Claims or Claims which have not yet been Allowed.

29. Currently, there are approximately 113 Allowed Claims in Class 14, totaling approximately $212 million.

---

and Exhibit 6.6, respectively.

30.     Consistent with the terms of the Plan, on the Effective Date, the City issued a total of $20,596,747 in aggregate principal amount of B Notes on account of Allowed Other Unsecured Claims in Class 14.  This amount consists of Series 2014B-1 in the principal amount of $20,376,922 ("Series 2014B-1 Notes") and Series 2014B-2 in the principal amount of $219,825 ("Series 2014B-2 Notes" and, together with the Series 2014B-1 Notes, the "B Notes"). The B Notes mature 30 years after the Effective Date and bear interest at the rate of 4% per annum for the first 20 years and 6% per annum for years 21 to 30.  Holders of B Notes receive interest only payments for the first 10 years. Beginning in year 11, in additional to payments of interest, payments of principal on the B Notes are amortized in 20 equal annual installments.

31.     These B Notes were issued in "book entry" form through The Depository Trust Company to a third-party Disbursing Agent retained by the City to make distributions to holders of Allowed Claims in Class 14.  The Disbursing Agent also holds the interest payments made by the City on the Class 14 B Notes that have accrued and been paid since the Effective Date. The interest payments received by the Disbursing Agent have been invested by the Disbursing Agent for the benefit of the Holders of Allowed Class 14 Claims pending Distributions to the Holders of Allowed Class 14 Claims.

33574599.7\022765-00213

32.    As such, Holders of Allowed Class 14 Claims will be entitled to receive pro rata Distributions of both (a) investment income and accrued interest ("Related Income") and (b) a portion of the B Notes.

33.    As of May 9, 2019, the amount of Related Income available for Distribution to the Holders of Allowed Class 14 Claims was $3,621,203.56.

34.    While the delivery of the New B Notes in registered, book entry form facilitates the ability of the Holder to sell the B Notes (a condition to settlements under the Plan that was insisted upon by claimants in other Classes under the Plan), it also requires Distributions of B Notes and any trades to be executed through a broker/dealer.  This means that every Holder of an Allowed Class 14 Claim must have a brokerage account to receive its pro rata Distribution of B Notes and must provide pertinent information concerning its brokerage account to the City or Disbursing Agent.  The City has reviewed the list of Holders of Allowed Class 14 Claims and believes that it is highly unlikely that all Holders currently have the necessary brokerage accounts (at least the City has no such information). As a result, the City is considering potential solutions to address this issue and anticipates that it will commence interim Distribution(s) promptly upon reaching an acceptable solution.

## IV.  RELIEF REQUESTED

35.    In accordance with section VI.C.3 of the Plan, section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b), and Local Rule 9006-1, the City respectfully requests that the Court enter an order, substantially in the form attached as <u>Exhibit 1</u>, granting it an extension of the Claims Objection Bar Date, as defined in the Plan, and including the deadline for the City to object to proofs of claim, for approximately 180 days, through and including December 9, 2019.

## V.  BASIS FOR RELIEF

### A.    This Court's Authority to Extend the Claims Objection Bar Date

36.    The Court has the authority under the Plan and the applicable rules to extend the Claims Objection Bar Date pursuant to this Motion and on an *ex parte* basis, and cause exists for the Court to do so.

37.    Section VI.C.3 of the Plan provides that the Court may grant an extension to the Claims Objection Bar Date.   Plan § VI.C.3, p. 69.

38.    In addition, Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or Order of the Court. *See* Fed. R. Bankr. P. 9006(b).  Local Rule 9006-1(b) also provides that a party may file a motion for an *ex parte* order extending time.

39.     Furthermore, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

40.     Cause exists for the Court to extend the time to object to the claims. The City has made substantial progress since the Court entered an order approving the last extension, but additional time is needed to address the remaining unresolved claims in a fair, efficient and economical fashion.

## B.     Cause Exists to Extend the Claims Objection Bar Date

41.     Despite the substantial progress that the City has made in resolving proofs of claim, cause exists to extend the Claims Objection Bar Date for an additional six months. The City has worked diligently since the Plan went effective to resolve the proofs of claim that were filed in this case, but additional work remains.

42.     The extension of the Claims Objection Bar Date will not prejudice any interested party.  Instead, the extension will ensure that the City has sufficient time to reduce or obtain disallowance of those Claims (or the appropriate portion thereof) for which the City is not liable, thereby preserving and maximizing value for creditors holding valid and allowed claims.  The extension of the Claims Objection Bar Date will also enable the City to engage in meaningful negotiations to resolve claims consensually, thus avoiding unnecessary objections.  Absent an

- 14 -

extension, to avoid a "deemed allowance" of inappropriate and invalid claims, the City could be required to file protective objections to many claims that otherwise might be resolved consensually.

43. Accordingly, an extension of the Claims Objection Bar Date is warranted and appropriate under the circumstances.

**NOTICE**

44. The City has filed this Motion on an e*x parte* basis in accordance with Local Rule 9006-1. Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Motion need be given.

WHEREFORE, the City respectfully requests that this Court enter an Order, substantially in the form annexed as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper. The City reserves its rights to seek additional extensions of the Claims Objection Bar Date if necessary or appropriate.

Dated: May 16, 2019

CITY OF DETROIT LAW DEPARTMENT

By: */s/ Charles N. Raimi*
Charles N. Raimi (P29746)
Mary Beth Cobb (P40080)
James Noseda (P52563)
Attorneys for the City of Detroit
2 Woodward Avenue, Suite 500
Detroit, Michigan 48226
Phone - (313) 237-5037/(313)

Email - raimic@detroitmi.gov

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.

By: /s/ *Marc N. Swanson*
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Counsel for the City of Detroit,
Michigan

- 16 -

# EXHIBIT 1: PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER GRANTING THE *EX PARTE* MOTION OF THE CITY OF DETROIT FOR AN NINTH EXTENSION OF THE CLAIMS OBJECTION BAR DATE

Upon consideration of the City's *Ex Parte* Motion for an Ninth Extension of the Claims Objection Bar Date, dated May 16, 2019 (Docket # [    ]), the "Motion"),[1] seeking entry of an order extending the Claims Objection Bar Date through and including December 9, 2019; and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the City, and its creditors; and it appearing that the Motion can be considered and this Order granted on an *ex parte* basis pursuant to Local Rule 9006-1 and that no prior notice of the Motion or the entry of this Order need be given; and the Court

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning

finding that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1.      The Motion is granted.

2.      The Claims Objection Bar Date, as set forth in the Plan, including the deadline for the City to object to claims, is hereby extended from June 7, 2019 through and including December 9, 2019.

3.      This Order is entered without prejudice to the rights of the City to request a further extension of the Claims Objection Bar Date.

4.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation and/or implementation of this Order.

---

ascribed to them in the Motion.

33574599.7\022765-00213

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 16, 2019, I electronically filed the *Ex Parte Motion of the City of Detroit for an Order Granting a Ninth Extension of the Claims Objection Bar Date* (the "<u>Motion</u>") with the Clerk of the Court via the Court's ECF electronic filing system.  The electronic filing system will serve notice to all ECF participants.


/s/ Marc N. Swanson
Marc N. Swanson

Dated:  May 16, 2019