# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S OBJECTION TO
## CLAIM NUMBER 2171 FILED BY CHERYL HAYWOOD

The City of Detroit ("City") objects to claim number 2171 ("Claim No. 2171") filed by Cheryl Haywood ("Objection"), respectfully stating as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII, Section A of the Plan (defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

2.      On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court.

3.      On November 12, 2013, the City filed its *Motion of Debtor Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims* [Doc. No. 1665] ("ADR Procedures Motion"). On December

- 1 -

24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc. No. 2302] ("ADR Order").

4. The Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1 to the ADR Order permitted the City to serve on claimants a

> notice that the Stay/Injunction is lifted to permit the underlying claim to be liquidated in a non-bankruptcy forum consistent with the terms, conditions and limitations of Section II.E. below (a "Stay Modification Notice"). In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction shall be deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum…

ADR Procedures, Section I.B, p. 4.

5. The ADR Procedures provide that, once the City serves a Stay Modification Notice, the claimant must proceed with reasonable diligence to prosecute his or her claim.

> If a Designated Claimant fails to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or an abandonment of or failure to prosecute the Designated Claim, or both. Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees and costs to the City.

ADR Procedures, Section II.G, p. 22.

- 2 -

6. On October 22, 2014, the City filed its *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045] ("Plan"), which the Court confirmed with slight modifications by order entered on November 12, 2014 [Doc. No. 8272] ("Confirmation Order").

7. On February 20, 2014, Cheryl Haywood filed Claim No. 2171 in the amount of $5,000.00 based on a personal injury claim which was the subject of litigation pending in Wayne County Circuit Court ("State Court"), Case No. 12-009384-NF ("State Court Case"). See Exhibit 4, Claim No. 2171.

8. On the dates of January 9, 2015, and February 13, 2015, the City served Stay Modification Notices on counsel for Cheryl Haywood related to her Claim No. 2171 [Doc. Nos. 9012 and 9272]. See Exhibit 5, Stay Modification Notice. The Stay Modification Notices warned that failure to prosecute the subject claim could result in disallowance and expungement of the claim. *E.g.*, Stay Modification Notices, Doc. No. 9012, p. 4 and Doc. No 9272, p. 5.

## ARGUMENT

9. Bankruptcy Code section 502(b)(1) provides

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

11 U.S.C. § 502(b)(1).

10. The City has reviewed the case docket of the State Court Case. The docket shows that the State Court Case was reopened on January 30, 2015, and a settlement conference was held on March 18, 2015. The docket further indicates that a settlement was reached and that an "Order [Was] to Follow." However, the State Court never entered an order confirming the settlement.

11. The State Court Case docket indicates that, approximately three months after the settlement conference, the State Court sent notice that it intended to dismiss the case, presumably for lack of progress. A month later, on July 16, 2015, the case was administratively closed. See Exhibit 6, State Court Case Docket.

**<u>RELIEF REQUESTED</u>**

12. Claim No. 2171 should be disallowed and expunged under Bankruptcy Code section 502(b)(1), the ADR Order, and the ADR Procedures because Cheryl Haywood has failed to prosecute her claim and the State Court Case has been administratively closed for over four years. This constitutes abandonment of her claim under ADR Procedure II.G.

- 4 -

## **RESERVATION OF RIGHTS**

13.     The City files this Objection without prejudice to or waiver of its rights under section 904 of the Bankruptcy Code, and nothing herein is intended to constitute, constitutes, or may be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to the Court's interference with (a) any of the political or governmental powers of the City, (b) the property or revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

14.     The City expressly reserves the right to amend, modify, or supplement this Objection.  Should the Court dismiss or overrule one or more grounds of objection stated in this Objection, the City reserves its right to object to the Claim on other procedural and substantive grounds, and on the merits of the underlying claim.  The City also expressly reserves any and all rights, claims, defenses, and objections it may have against Cheryl Haywood in the State Court lawsuit.

## **NOTICE**

15.     The City has provided notice of this Objection to Cheryl Haywood's attorney.  In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## **NO PRIOR REQUEST**

16.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully asks this Court to enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this Objection and further relief as this Court may deem just and proper.

Dated: July 22, 2019

Respectfully submitted,

By: /s/ Marc N. Swanson
     Jonathan S. Green (P33140)
     Marc N. Swanson (P71149)
     MILLER, CANFIELD, PADDOCK AND
     STONE, P.L.C.
     150 West Jefferson, Suite 2500
     Detroit, Michigan 48226
     Telephone: (313) 963-6420
     Facsimile: (313) 496-8451
     green@millercanfield.com
     swansonm@millercanfield.com

and

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan  48226
Telephone: (313)-237-0470
Facsimile: (313) 224-5505
raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

34015837.2\022765-00213

## EXHIBIT LIST

Exhibit 1     Proposed Order

Exhibit 2     Notice

Exhibit 3     Certificate of Service

Exhibit 4     Claim No. 2171

Exhibit 5     Stay Modification Notices

Exhibit 6     State Court Case Docket

<u>**EXHIBIT 1: PROPOSED ORDER**</u>

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

<u>**ORDER SUSTAINING CITY OF DETROIT'S OBJECTION TO CLAIM
NUMBER 2171 FILED BY CHERYL HAYWOOD**</u>

Upon review of the *City of Detroit's Objection to Claim Number 2171 Filed by Cheryl Haywood* ("Objection"),[1] seeking entry of an order disallowing and expunging Claim No. 2171; and it appearing that this Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court finding that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court finding that venue of this proceeding and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and any objections or other responses to the Objection having been overruled or withdrawn;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1.     The Objection is sustained.

2.     Claim No. 2171 filed by Cheryl Haywood is disallowed and expunged in its entirety under Section 502(b) of the Bankruptcy Code.

3.     The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4.     The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5.     Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

# EXHIBIT 2: NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF THE CITY OF DETROIT'S OBJECTION TO 2171 FILED BY CHERYL HAYWOOD

**PLEASE TAKE NOTICE THAT** the City of Detroit ("City") has filed an objection to claim number 2171 ("Claim") filed by Cheryl Haywood because there is no basis for liability on the part of the City as the litigation related to the subject matter of the Claim has been dismissed ("Objection").

If you do not want the court to change your Claim, or grant the relief requested in the Objection, then on or before **August 21, 2019**, you or your lawyer must:

1.    File with the court, at the address below, a written response to the objection. Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

2.      A copy of your response must also be mailed to counsel for the City:

Marc N. Swanson
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson Ave., Ste. 2500
Detroit, MI 48226

3.      You must also attend the hearing on the objection scheduled to be held on <u>**August 28, 2019**</u> at 1:30 p.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 28226 unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim, in which event the hearing will be canceled and the objection sustained.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
　　 Marc N. Swanson (P71149)
　　 150 West Jefferson, Suite 2500
　　 Detroit, Michigan 48226
　　 Telephone: (313) 496-7591
　　 Facsimile: (313) 496-8451
　　 swansonm@millercanfield.com

Dated: Dated: July 22, 2019

## EXHIBIT 3: CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 22, 2019, he electronically filed the foregoing *City of Detroit's Objection to Claim Number 2171 Filed by Cheryl Haywood* ("Objection") with the Clerk of the Court which will provide notice of the filing to all ECF participants registered in this case. A copy of the Objection was also served upon the following, via first class mail, on the same date:

Mark E. Boegehold
1000 Town Center, Suite 500
Southfield, MI 48075

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

Dated: July 22, 2019

# EXHIBIT 4: CLAIM NO. 2171

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM FILED |
|---|---|---|

**FILED**

**FEB 20 2014**

Name of Debtor: City of Detroit, Michigan      Case Number: 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Cheryl Haywood

Name and address where notices should be sent:
Mark E. Boegehold (P38699)
1000 Town Center, Suite 500
Southfield, MI 48075

**RECEIVED**

**FEB 2 4 2014**

**KURTZMAN CARSON CONSULTANTS**

Telephone number: 248-354-2222  email: mboegehold@thurswell.com

COURT USE ONLY
☐ Check US Bankruptcy Court a previously fil MI Eastern District

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
Same as above

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:       email:

1. **Amount of Claim as of Date Case Filed:**      $ 5,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.      Judgment interest, if any.

☑Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:** Personal Injury
   (See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:**
   N/A

3a. **Debtor may have scheduled account as:** N/A
    (See instruction #3a)

4. **Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Nature of property or right of setoff:** ☐Real Estate ☐Motor Vehicle ☐Other
Describe:

**Basis for perfection:** _____

**Value of Property:** $_____

**Amount of Secured Claim:** $_____

**Annual Interest Rate (when case was filed)_____% ☐Fixed or ☐Variable**

**Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $ N/A

5b. **Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** N/A  $ N/A

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)  N/A

7. **Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:** (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.  ☒ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Mark E. Boegehold
Title: Attorney
Company: The Thurswell Law Firm PLLC
Address and telephone number (if different from notice address above):
1000 Town Center, Suite 500
Southfield, MI 48075

(Signature)          (Date)  2-16-14

Telephone number: 248-354-2222 email: mboegehold@thurswell.com

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment*

13-53846-tjt  Doc 13085  Filed 07/22/19  Entered 07/22/19 18:52:36  Page 15 of 47

1353846140220000000000380

This claim is an unsecured, unliquidated personal injury tort claim. The stated claim amount is an estimate of the amount or value of claimants claim based upon information at the time the claim is being filed, because of volume of, or the personal nature of the supporting medical records or documentations, all the documentation supporting this claim may not be attached, if available, additional medical records and documentary support will be submitted upon request and upon execution of appropriate releases and/or waivers if required. The case value may be substantially higher or substantially lower depending on facts to be discovered.



**YUVONNE R. BRADLEY**
LITIGATION DIVISION
DIRECT DIAL 313•237•5051
E-MAIL: BRADY@DETROITMI.GOV

COLEMAN A. YOUNG MUNICIPAL CENTER
2 WOODWARD AVENUE, SUITE 500
DETROIT, MICHIGAN 48226-3535
PHONE 313•224•4550
FAX 313•224•5505
WWW.DETROITMI.GOV

**CITY OF DETROIT**
**LAW DEPARTMENT**

June 12, 2013

Mark E. Boegehold, Esq.
THURSWELL LAW FIRM, PLLC
1000 Town Center, Suite 500
Southfield, MI 48075-1221

JUN 13 REC'D

    **RE:** **Cheryl Haywood  v City of Detroit, et al.**
         **Case No.: 12-009384 NF**

Dear Mr. Boegehold :

    Enclosed you will find an original and two copies of the Release, the proposed Stipulation and Order to Dismiss Cause and a Medicare Reporting Affidavit for Cheryl Haywood and the minor Plaintiff in connection with the above-referenced matter.[1]

    1.    Please have your client sign all copies of the Release, have his/her signature duly notarized and provide us with his/her current address.

    2.    The form requires two witness signatures whose names must be printed below each signature.

    3.    Please include your firm's Federal ID number — without it we will be unable to process the payment.

    4.    Please do not alter the Release.  If you wish to make changes, please contact the undersigned. If appropriate, a revised Release will be prepared by this office and forwarded to you.

    5.    Please complete and sign the Medicare Reporting Affidavit for each Plaintiff.

    6.    Please sign the Stipulation To Dismiss Cause.  This office will submit the documents to the Court and a true copy will be forwarded to you as soon as it is received.

**Omission of any of the above required information will delay processing of the settlement check. Faxed copies are not acceptable; original signatures are needed on all documents.** Should you have any questions or concerns regarding the releases please contact the undersigned.

    Should all documents be properly completed, executed and returned, a settlement check will be mailed to you as soon as practicable.  When returning the documents, please mail them to the undersigned attorney for his or her review and further processing.

                      Very truly yours,

                      YUVONNE R. BRADLEY
                      Assistant Corporation Counsel

YRB:amd
Enclosures

---

[1]Also enclosed is a Medicare Reporting and Indemnification Affidavit for your execution, notarization and return to our office.

# TORT (3ᴿᴰ PARTY) RELEASE
## (with Medicare Affidavit)

Matter No: **A20000-003484**

Case. No: **12-009384 NF**

**CHERYL HAYWOOD** and **DEANGELA HAYWOOD** (hereinafter "Plaintiffs") in consideration of the sum of **Sixteen Thousand Dollars and No Cents ($16,000.00)** allocated as follows:

1. **Eleven Thousand Dollars and No Cents ($11,000.00)** for tort liability for non-economic loss for **DeAngela Haywood**, pursuant to MCL 500.3135 and

2. **Five Thousand Dollars and No Cents ($5,000.00)** for tort liability for non-economic loss for **Cheryl Haywood**, pursuant to MCL 500.313;

executed Medicare Reporting and Indemnification Affidavits; and, an entry of an order dismissing the underlying civil action referenced above entitled **CHERYL HAYWOOD, Individually and as Next Friend of DEANGELA HAYWOOD** v **CITY OF DETROIT, DEANDRA BRADY and JANE DOE**, hereby releases the **CITY OF DETROIT**, a Michigan municipal corporation, and each employee, agent, officer and representative, (hereinafter Collectively the **"Defendant"**), from all liability, actions, fees, claims and consequences of every kind which the undersigned may have against the **Defendant** for any loss or damages, whether presently known or unknown, that may, shall or can arise, including aggravation of any pre-existing physical or mental condition, related to any loss or damages identified in items 1 and/or 2 above, from an incident that occurred on or about **July 17, 2012** at or near **Southbound Washington Boulevard near State Street**, in Detroit, Michigan.

Payment of the above amount shall not be construed as an admission of liability by the **Defendant** as such payment is in compromise and settlement of liability disputed by the **Defendant**. This Release is not given because of any representations or statements made by anyone as to the merits, legal liability or value of the claims being released.

This **RELEASE** and the attached Medicare Reporting and Indemnification Affidavits, which by this reference is made a part hereof, constitute the entire understanding between the Plaintiff and Defendant. Any other agreements made by them at any time prior hereto with respect to the foregoing shall not be of any force or effect and the provisions hereof are and shall be binding upon the respective heirs, executors, affiliates, administrators, or successors of the Plaintiff forever.

The parties hereto acknowledge that receipt of the aforementioned sum is conditioned upon the approval of the Detroit City Council. Said parties understand that the Law Department will make reasonable efforts to achieve City Council approval and, subsequently, to promptly process an application for payment. Nevertheless, because these procedures take time (normally three to six months) it is hereby acknowledged that Time is <u>not</u> of the Essence and no day certain for the issuance of any check can be given.

**IN WITNESS WHEREOF**, the Plaintiff has affixed his/her signature appearing below at _____, Michigan, on _____, 20___.

Witnessed By:

_____
Signature
Print Name:_____

**CHERYL HAYWOOD, Individually & as Next Friend of Deangela Haywood**
Plaintiff's Signature

_____
Signature
Print Name:_____

_____
Address

_____
**Attorney's Federal ID Number**

_____

STATE OF MICHIGAN_____)
                      )SS
COUNTY OF _____)

      This Release was acknowledged before me this _ day of _____, 2013, by **CHERYL HAYWOOD** who hereby declares under penalty of perjury under the laws of the State of Michigan that he or she is authorized in fact and law to execute this Release, and that all necessary approvals, if any are required, have been obtained beforehand.

_____
NOTARY PUBLIC, _____ COUNTY, MI
Print Name:_____
My Commission Expires: _____

**Note: Should this release be signed by the Plaintiff outside of the State of Michigan that fact must be noted in the appropriate area above and the out of state notary must attach a certificate of notarial authority from the state he or she is authorized to act as a notary.**

# TORT (3RD PARTY) RELEASE
### (with Medicare Affidavit)

Matter No:  **A20000-003484**

Case. No:   **12-009384 NF**

**CHERYL HAYWOOD** and **DEANGELA HAYWOOD** (hereinafter "Plaintiffs") in consideration of the sum of **Sixteen Thousand Dollars and No Cents ($16,000.00)** allocated as follows:

1. **Eleven Thousand Dollars and No Cents ($11,000.00)** for tort liability for non-economic loss for **DeAngela Haywood**, pursuant to MCL 500.3135 and

2. **Five Thousand Dollars and No Cents ($5,000.00)** for tort liability for non-economic loss for **Cheryl Haywood**, pursuant to MCL 500.313;

executed Medicare Reporting and Indemnification Affidavits; and, an entry of an order dismissing the underlying civil action referenced above entitled **CHERYL HAYWOOD, Individually and as Next Friend of DEANGELA HAYWOOD** v **CITY OF DETROIT, DEANDRA BRADY and JANE DOE,** hereby releases the **CITY OF DETROIT**, a Michigan municipal corporation, and each employee, agent, officer and representative, (hereinafter Collectively the **"Defendant"**), from all liability, actions, fees, claims and consequences of every kind which the undersigned may have against the **Defendant** for any loss or damages, whether presently known or unknown, that may, shall or can arise, including aggravation of any pre-existing physical or mental condition, related to any loss or damages identified in items 1 and/or 2 above, from an incident that occurred on or about **July 17, 2012** at or near **Southbound Washington Boulevard near State Street,** in Detroit, Michigan.

Payment of the above amount shall not be construed as an admission of liability by the **Defendant** as such payment is in compromise and settlement of liability disputed by the **Defendant**. This Release is not given because of any representations or statements made by anyone as to the merits, legal liability or value of the claims being released.

This **RELEASE** and the attached Medicare Reporting and Indemnification Affidavits, which by this reference is made a part hereof, constitute the entire understanding between the Plaintiff and Defendant. Any other agreements made by them at any time prior hereto with respect to the foregoing shall not be of any force or effect and the provisions hereof are and shall be binding upon the respective heirs, executors, affiliates, administrators, or successors of the Plaintiff forever.

The parties hereto acknowledge that receipt of the aforementioned sum is conditioned upon the approval of the Detroit City Council. Said parties understand that the Law Department will make reasonable efforts to achieve City Council approval and, subsequently, to promptly process an application for payment. Nevertheless, because these procedures take time (normally three to six months) it is hereby acknowledged that Time is <u>not</u> of the Essence and no day certain for the issuance of any check can be given.

**IN WITNESS WHEREOF**, the Plaintiff has affixed his/her signature appearing below at

_____, Michigan, on _____, 20___.


**Witnessed By:**


_____          _____
Signature                                 **CHERYL HAYWOOD, Individually & as Next**
Print Name:_____          **Friend of Deangela Haywood**
                                          Plaintiff's Signature

_____
Signature                                 _____
Print Name:_____          Address


_____          _____
   **Attorney's Federal ID Number**


STATE OF MICHIGAN_____)
                          )SS

COUNTY OF _____)


    This Release was acknowledged before me this _ day of _____,
2013, by **CHERYL HAYWOOD** who hereby declares under penalty of perjury under the laws of the State
of Michigan that he or she is authorized in fact and law to execute this Release, and that all necessary
approvals, if any are required, have been obtained beforehand.



_____
NOTARY PUBLIC, _____ COUNTY, MI
Print Name:_____
My Commission Expires: _____



**Note:   Should this release be signed by the Plaintiff outside of the State of Michigan that fact must
be noted in the appropriate area above and the out of state notary must attach a certificate of notarial
authority from the state he or she is authorized to act as a notary.**

**TORT (3RD PARTY) RELEASE**
**(with Medicare Affidavit)**

Matter No: **A20000-003484**

Case. No: **12-009384 NF**

**CHERYL HAYWOOD** and **DEANGELA HAYWOOD** (hereinafter "Plaintiffs") in consideration of the sum of **Sixteen Thousand Dollars and No Cents ($16,000.00)** allocated as follows:

1. **Eleven Thousand Dollars and No Cents ($11,000.00)** for tort liability for non-economic loss for **DeAngela Haywood**, pursuant to MCL 500.3135 and

2. **Five Thousand Dollars and No Cents ($5,000.00)** for tort liability for non-economic loss for **Cheryl Haywood**, pursuant to MCL 500.313;

executed Medicare Reporting and Indemnification Affidavits; and, an entry of an order dismissing the underlying civil action referenced above entitled **CHERYL HAYWOOD, Individually and as Next Friend of DEANGELA HAYWOOD v CITY OF DETROIT, DEANDRA BRADY and JANE DOE**, hereby releases the **CITY OF DETROIT**, a Michigan municipal corporation, and each employee, agent, officer and representative, (hereinafter Collectively the **"Defendant"**), from all liability, actions, fees, claims and consequences of every kind which the undersigned may have against the **Defendant** for any loss or damages, whether presently known or unknown, that may, shall or can arise, including aggravation of any pre-existing physical or mental condition, related to any loss or damages identified in items 1 and/or 2 above, from an incident that occurred on or about **July 17, 2012** at or near **Southbound Washington Boulevard near State Street**, in Detroit, Michigan.

Payment of the above amount shall not be construed as an admission of liability by the **Defendant** as such payment is in compromise and settlement of liability disputed by the **Defendant**. This Release is not given because of any representations or statements made by anyone as to the merits, legal liability or value of the claims being released.

This **RELEASE** and the attached Medicare Reporting and Indemnification Affidavits, which by this reference is made a part hereof, constitute the entire understanding between the Plaintiff and Defendant. Any other agreements made by them at any time prior hereto with respect to the foregoing shall not be of any force or effect and the provisions hereof are and shall be binding upon the respective heirs, executors, affiliates, administrators, or successors of the Plaintiff forever.

The parties hereto acknowledge that receipt of the aforementioned sum is conditioned upon the approval of the Detroit City Council. Said parties understand that the Law Department will make reasonable efforts to achieve City Council approval and, subsequently, to promptly process an application for payment. Nevertheless, because these procedures take time (normally three to six months) it is hereby acknowledged that Time is <u>not</u> of the Essence and no day certain for the issuance of any check can be given.

K:\DOCS\LIT\BRADY\A20000\SETLMENT\AD5671.WPD

**IN WITNESS WHEREOF**, the Plaintiff has affixed his/her signature appearing below at
_____, Michigan, on _____, 20___.

**Witnessed By:**

_____
Signature
Print Name:_____

_____
**CHERYL HAYWOOD, Individually & as Next**
**Friend of Deangela Haywood**
Plaintiff's Signature

_____
Signature
Print Name:_____

_____
Address

_____
**Attorney's Federal ID Number**

_____

STATE OF MICHIGAN_____)
                                  )SS
COUNTY OF _____)

    This Release was acknowledged before me this _ day of _____,
2013, by **CHERYL HAYWOOD** who hereby declares under penalty of perjury under the laws of the State
of Michigan that he or she is authorized in fact and law to execute this Release, and that all necessary
approvals, if any are required, have been obtained beforehand.

_____
NOTARY PUBLIC, _____ COUNTY, MI
Print Name:_____
My Commission Expires: _____

**Note:   Should this release be signed by the Plaintiff outside of the State of Michigan that fact must
be noted in the appropriate area above and the out of state notary must attach a certificate of notarial
authority from the state he or she is authorized to act as a notary.**

# MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT

**CHERYL HAYWOOD**, being first duly sworn, deposes and says that I have filed a claim and/or lawsuit against the City of Detroit:

1. I certify under penalty of law that this Affidavit and all attachments were prepared with my knowledge and were reviewed by me. The information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of a fine and/or imprisonment for known violations. **I hereby state under oath and subject to any penalties for perjury that the information contained in this Affidavit is true, correct and accurate.**

2. I hereby understand that the City of Detroit will be relying upon this information in order to provide all of the required information to the United States Government, Department of Health and Human Services, Center for Medicare and Medicaid Services or their Medicare contractor in accordance with the Medicare, Medicaid and SCHIP Extension Act of 2007 and to be in compliance with the Medicare Secondary Payer Laws.

**Circle One**

3. I am currently receiving Medicare Benefits . . . . . . . . . . . . . . . . . yes or no

4. I will be Sixty Five years old within three years . . . . . . . . . . . . yes or no

4a. I have applied for Social Security Disability Benefits . . . . . . . . . yes or no

5. I have received a Social Security Disability Award Letter and attached a copy hereto . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . yes or no

6. Attached is a copy of my Social Security Disability Application . yes or no

7. Attached is a copy of my Social Security denial letter and my appeal of said denial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . yes or no

8. I have End Stage Renal Disease . . . . . . . . . . . . . . . . . . . . . . . . yes or no

9. That my full name and all aliases are:

_____

_____

10. That my City of Detroit File/Matter Number is:_____

11. That my address is:

_____

Page 1 of 3

K:\DOCS\LIT\BRADY\A20000\SETLMENT\AD5671.WPD

12.    That my Attorney's Name, Address and Contact Numbers are:

_____

_____

13.    That my Date of Birth is:_____

14.    That my Social Security Number is:_____

15.    That my Medicare HIC Number, if applicable is:

_____

16.    That I am attaching copies of the following information:

a. Copy of the Judgment ............................. yes  or  no

b. Medical Records ................................. yes  or  no

c. Specific Description of my injuries _____

_____

17. Has anyone ever prepared for you:

a. A Life Care Plan .................................. yes  or  no

b. Medicare Set Aside Cost Projections .................... yes  or  no

c. Life expectancy projection ........................... yes  or  no

If yes to any questions above in #17, submit a copy to the City of Detroit.

18. What specific body parts were impacted by the Injury/illness:

_____

_____

19. That my Gender is:  _____  Male      _____  Female

20. That the accident which gave rise to this Claim/Lawsuit occurred
on: _____.
        (Date)

21. On _____, a Settlement or Judgement of my  Claim/Lawsuit was agreed
to/rendered for the total amount of _____ Dollars
($_____).

22. On the date of the accident/event, did any household family member own an
automobile with valid No Fault Insurance
coverage .......................................... yes  or    no

Page 2 of 3

K:\DOCS\LIT\BRADY\A20000\SETLMENT\AD5671.WPD

I, **CHERYL HAYWOOD**, HAVE READ THE ABOVE MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT AND STATE THAT THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT AND THAT IN THE EVENT THAT THE CITY OF DETROIT IS HELD LIABLE DUE TO ANY MISINFORMATION OR OMISSION OF INFORMATION BY AFFIANT IN THIS AFFIDAVIT, AFFIANT SHALL INDEMNIFY, HOLD HARMLESS AND REIMBURSE THE CITY OF DETROIT FOR ALL PAYMENTS, DAMAGES, MONIES, COSTS, ATTORNEY'S FEES, EXPENSES, MEDICARE LIENS, MEDICARE DEMANDS FOR REIMBURSEMENT, MEDICARE OFFSETS, MEDICARE FINES, MEDICARE PENALTIES AND ANY MEDICARE PAYMENTS INCURRED BY THE CITY OF DETROIT RESULTING FROM SAID OMISSION OR MISINFORMATION. FURTHER, I SHALL FULLY COOPERATE WITH THE CITY OF DETROIT IN ANY DISPUTE OR MATTERS RELATED TO THIS INCIDENT INVOLVING MEDICARE AND SHALL EXECUTE ALL DOCUMENTS REQUIRED OR REQUESTED BY THE CITY OF DETROIT, MEDICARE OR ITS AGENTS THAT MAY BE REQUIRED OR NECESSARY TO RESOLVE ANY SAID DISPUTE OR MATTER.

**FURTHER AFFIANT SAITH NOT.**

_____

SIGNATURE OF THE CLAIMANT/PLAINTIFF

STATE OF MICHIGAN            )
                            )SS
COUNTY OF _____)

This Medicare Reporting and Indemnification Affidavit was acknowledged, subscribed and sworn to before me this _____ day of _____, 2013, by **CHERYL HAYWOOD**, who hereby declares under penalty of perjury under the laws of the State of Michigan that he or she is authorized in fact and law to execute this Medicare Reporting and Indemnification Affidavit.

_____

Notary Public, _____ County, MI
My Commission Expires: _____

Notary, Please ensure you use your notarial stamp or seal.

# MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT

    **CHERYL HAYWOOD**, being first duly sworn, deposes and says that I have filed a claim and/or lawsuit against the City of Detroit   **ON BEHALF OF DEANGELA HAYWOOD**:

1. I certify under penalty of law that this Affidavit and all attachments were prepared with my knowledge and were reviewed by me. The information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of a fine and/or imprisonment for known violations. **I hereby state under oath and subject to any penalties for perjury that the information contained in this Affidavit is true, correct and accurate.**

2. I hereby understand that the City of Detroit will be relying upon this information in order to provide all of the required information to the United States Government, Department of Health and Human Services, Center for Medicare and Medicaid Services or their Medicare contractor in accordance with the Medicare, Medicaid and SCHIP Extension Act of 2007 and to be in compliance with the Medicare Secondary Payer Laws.

**Circle One**

3. I am currently receiving Medicare Benefits . . . . . . . . . . . . . . . . . yes   or   no

4. I will be Sixty Five years old within three years . . . . . . . . . . . . yes   or   no

4a. I have applied for Social Security Disability Benefits . . . . . . . . yes   or   no

5. I have received a Social Security Disability Award Letter and

    attached a copy hereto . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . yes   or   no

6. Attached is a copy of my Social Security Disability Application . yes   or   no

7. Attached is a copy of my Social Security denial letter and my

    appeal of said denial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . yes   or   no

8. I have End Stage Renal Disease . . . . . . . . . . . . . . . . . . . . . . . yes   or   no

9. That my full name and all aliases are:

    _____

    _____

10. That my City of Detroit File/Matter Number is:_____

11. That my address is:

    _____

Page 1 of 3

12. That my Attorney's Name, Address and Contact Numbers are:

_____

_____

13. That my Date of Birth is:_____

14. That my Social Security Number is:_____

15. That my Medicare HIC Number, if applicable is:

_____

16. That I am attaching copies of the following information:

    a. Copy of the Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . yes  or  no

    b. Medical Records  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . yes  or  no

    c. Specific Description of my injuries _____

_____

17. Has anyone ever prepared for you:

    a. A Life Care Plan  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . yes  or  no

    b. Medicare Set Aside Cost Projections . . . . . . . . . . . . . . . . . . . . . yes  or  no

    c. Life expectancy projection . . . . . . . . . . . . . . . . . . . . . . . . . . . yes  or  no

If yes to any questions above in #17, submit a copy to the City of Detroit.

18. What specific body parts were impacted by the Injury/illness:

_____

_____

19. That my Gender is: _____ Male _____ Female

20. That the accident which gave rise to this Claim/Lawsuit occurred
on: _____.
     (Date)

21. On _____, a Settlement or Judgement of my Claim/Lawsuit was agreed
to/rendered for the total amount of _____ Dollars
($_____).

22. On the date of the accident/event, did any household family member own an
automobile with valid No Fault Insurance
coverage . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . yes  or  no

Page 2 of 3

I, CHERYL HAYWOOD (ON BEHALF OF DEANGELA HAYWOOD), HAVE READ THE ABOVE MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT AND STATE THAT THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT AND THAT IN THE EVENT THAT THE CITY OF DETROIT IS HELD LIABLE DUE TO ANY MISINFORMATION OR OMISSION OF INFORMATION BY AFFIANT IN THIS AFFIDAVIT, AFFIANT SHALL INDEMNIFY, HOLD HARMLESS AND REIMBURSE THE CITY OF DETROIT FOR ALL PAYMENTS, DAMAGES, MONIES, COSTS, ATTORNEY'S FEES, EXPENSES, MEDICARE LIENS, MEDICARE DEMANDS FOR REIMBURSEMENT, MEDICARE OFFSETS, MEDICARE FINES, MEDICARE PENALTIES AND ANY MEDICARE PAYMENTS INCURRED BY THE CITY OF DETROIT RESULTING FROM SAID OMISSION OR MISINFORMATION. FURTHER, I SHALL FULLY COOPERATE WITH THE CITY OF DETROIT IN ANY DISPUTE OR MATTERS RELATED TO THIS INCIDENT INVOLVING MEDICARE AND SHALL EXECUTE ALL DOCUMENTS REQUIRED OR REQUESTED BY THE CITY OF DETROIT, MEDICARE OR ITS AGENTS THAT MAY BE REQUIRED OR NECESSARY TO RESOLVE ANY SAID DISPUTE OR MATTER.

FURTHER AFFIANT SAITH NOT.

_____

SIGNATURE OF THE CLAIMANT/PLAINTIFF

STATE OF MICHIGAN                    )
                                     )SS
COUNTY OF _____)

This Medicare Reporting and Indemnification Affidavit was acknowledged, subscribed and sworn to before me this _____ day of _____, 2013, by **CHERYL HAYWOOD** who hereby declares under penalty of perjury under the laws of the State of Michigan that he or she is authorized in fact and law to execute this Medicare Reporting and Indemnification Affidavit.

_____

Notary Public, _____ County, MI
My Commission Expires: _____

Notary, Please ensure you use your notarial stamp or seal.

Page 3 of 3

K:\DOCS\LIT\BRADY\A20000\SETLMENT\AD5671.WPD

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CHERYL HAYWOOD, Individually and as Next
Friend of DEANGELA HAYWOOD,

                    Plaintiff,                                  Case No. 12-009384 NF
    v                                            Judge Susan Borman

CITY OF DETROIT, ET AL.,

                    Defendant.

_____/

## STIPULATION TO DISMISS CAUSE

The parties in the above-entitled cause by their respective attorneys, hereby stipulate and
agree that an Order be entered forthwith dismissing the said cause with prejudice and without costs
and attorney fees to any party.

| | |
|---|---|
| MARK E. BOEGEHOLD (P38699) | YUVONNE R. BRADLEY (P-54485) |
| THURSWELL LAW FIRM, PLLC | CITY OF DETROIT LAW DEPARTMENT |
| Attorneys for Plaintiff | Attorney for Defendant |
| 1000 Town Center, Suite 500 | 2 Woodward Avenue, Suite 500 |
| Southfield, MI 48075-1221 | Detroit, MI 48226 |
| (248) 354-2222 / (248) 352-2323 - Fax | (313) 237-5051 / (313) 224-5505 - Fax |

## ORDER TO DISMISS CAUSE

At a session of the said Court held in the
Courthouse, City of Detroit, County of Wayne,

Michigan on_____

Present: Honorable_____
                              Circuit Court Judge

Upon the reading and filing of the stipulation annexed hereto, and the Court being fully
advised in the premises;

**IT IS HEREBY ORDERED** that the within cause be dismissed with prejudice and without
costs and without attorney fees to any party; all pending claims are hereby resolved and this case is
now closed.

_____
                              Circuit Court Judge

K:\DOCS\LIT\BRADY\A20000\SETLMENT\AD5671.WPD

# EXHIBIT 5: STAY MODIFICATION NOTICES

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---------------------------------------------------- x
                                       :

In re                                       :         Chapter 9
                                         :

CITY OF DETROIT, MICHIGAN,         :         Case No. 13-53846
                                         :

            Debtor.                   :         Hon. Steven W. Rhodes
---------------------------------------------------- x

## STAY MODIFICATION NOTICE

| | |
|---|---|
| Service Date: | January 9, 2015 (e-filing w/Court; Electronic service to Plaintiff's attorney) |
| Designated Claimant(s): | Cheryl Haywood |
| Address: | c/o Mark E. Boegehold<br>Attorney for Plaintiff<br>1000 Town Center, #500<br>Southfield, MI  48075-7713<br>(248) 354-2222<br>mboegehold@thurswell.com |
| Proof of Claim Number(s): | 2171 |
| Caption of Any Pending Related Lawsuit: | Cheryl Haywood v City of Detroit |
| Case Number | 12-009384 NF |
| Court: | Third Circuit Court |
| Co-Defendants (if any): | |

      By this Stay Modification Notice, the City of Detroit (the "City") hereby provides notice

that it has elected to permit the liquidation in a non-bankruptcy forum of the

above-identified proofs of claim(s) (the "Claim(s)") in the City's case (the "Chapter 9 Case") under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code"), pursuant to the procedures (the "ADR Procedures") established by the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "ADR Order"), entered by the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") on December 24, 2013.[1]

Section I.A of the ADR Procedures provides that the City may designate any proof of claim timely filed in the Chapter 9 Case (other than certain "Excluded Claims") for liquidation pursuant to the ADR Procedures by serving an ADR Notice on the applicable claimant. Any proof of claim designated for liquidation through the ADR Procedures is referred to as a "Designated Claim." Section I.A of the ADR Procedures further provides that certain timely filed proofs of claim (other than Excluded Claims) (collectively, the "Initial Designated Claims") shall be deemed to be Designated Claims subject to the ADR Procedures prior to the City serving an ADR Notice on the applicable claimant.

Paragraph 9 of the ADR Order provides, however, that the City in its sole discretion (a) may elect not to send an ADR Notice to any holder of an Initial Designated Claim and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice with respect to the Initial Designated Claim. In that event, except as provided below with respect to Multi-Party Tort Claims, immediately upon the filing of the Stay Modification Notice: (a) the

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to them in the ADR Order.

automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court (the "Stay"); or (b) any similar injunction (together with the Stay, the "Stay/Injunction") that may be imposed upon the confirmation or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "Chapter 9 Plan") is deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.

Certain Designated Claims (each, a "Multi-Party Tort Claim") arise out of personal injury actions (a) asserted concurrently against the City and one or more current or former members of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association or the Detroit Police Command Officers Association (each such member, a "Public Safety Union Member") and (b) with respect to which, the applicable Public Safety Union Member seeks related defense costs and/or an indemnification claim from the City (any such Public Safety Union Member, an "Indemnification Claimant," and any such claim, an "Indemnification Claim"). Concurrently with the filing of a Stay Modification Notice for a Multi-Party Tort Claim, the City shall serve a copy of the ADR Notice of the Public Safety Unions and on any related Indemnification Claimant known to the City. Pursuant to paragraph 9 of the ADR Order, solely in the case of Multi-Party Tort Claims, the Stay/Injunction is not deemed modified immediately upon the filing of the Stay Modification Notice. Instead, the Stay/Injunction is deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claims 35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) file a Stay Preservation Motion. If a Stay Preservation Motion is filed, then the Court will determine whether relief from the Stay/Injunction is appropriate with respect to the

Multi-Party Tort Claim pursuant to the standards set forth in section 362(d) of the Bankruptcy Code. The City believes that the Claim(s) **[constitute/do not constitute]** Multi-Party Tort Claims.

Upon modification of the Stay/Injunction as a result of the filing and service of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in either: (a) the non-bankruptcy forum in which the Initial Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal or transfer of venue or other procedural relief; or (b) if the Initial Designated Claim was not pending in any forum on the Petition Date, then in the United States District Court for the Eastern District of Michigan or such other non-bankruptcy forum selected by you that (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim, (iii) has in rem jurisdiction over the property involved in the Initial Designated Claim (if applicable) and (iv) is a proper venue.

**The City has reviewed the Claim(s) and has elected, pursuant to paragraph 9 of the ADR Procedures, to permit the liquidation of the Claim(s) in a non-bankruptcy forum. Note that, if you do not promptly proceed with the prosecution of the Claim(s) in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim(s).** A copy of this Stay Modification Notice may be filed with the non-bankruptcy court in which the Claim(s) **[is/are]** to be liquidated as notice of the lifting of the Stay/Injunction to permit the applicable non-bankruptcy forum to adjudicate the liquidation of the Claim(s) for purposes of the Chapter 9 Case.

Following liquidation of the Claim(s), whether by settlement or final judgment, you will receive an allowed general unsecured non-priority claim against the City, in the liquidated amount of the claim, that will be treated in accordance with the terms of any Chapter 9 Plan, and not a full cash payment of the liquidated amount of the Claim(s). For the avoidance of doubt, pursuant to paragraph 10 of the ADR Order, all proceedings against the City (or any Indemnification Claimant) relating to the Claim(s) following the liquidation of the Claim(s) shall remain subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms, conditions and limitations, the ADR Procedures or the ADR Order shall be determined by the Bankruptcy Court; provided that disputes about the jurisdiction of a matter presented to a non-bankruptcy court may be determined by such court.

City of Detroit Law Department

By: /s/ Mary Beth Cobbs
(Signature)
Type name: Mary Beth Cobbs (P-40080)
Coleman A. Young Municipal Center
2 Woodward Ave, suite 500
Detroit, MI 48226
Phone: (313) 237-3075
Email: cobbm@detroitmi.gov

By: /s/ Krystal A. Crittendon
Krystal A. Crittendon (P-49981)
Coleman A. Young Municipal Center
2 Woodward Ave, suite 500
Detroit, MI 48226
Phone: (313) 237-3031
Email: critk@detroitmi.gov

Dated: December 9, 2014

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

---------------------------------------------------- x
                                                     :
In re                                                :     Chapter 9
                                                     :
CITY OF DETROIT, MICHIGAN,                            :     Case No. 13-53846
                                                     :
                    Debtor.                           :     Hon. Steven W. Rhodes
                                                     :
                                                     :
---------------------------------------------- x

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2015, I electronically filed the Stay Modification Notice and Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

I hereby certify that I have additionally served same to the following participant(s) via electronic mail: Mark E. Boegehold at mboegehold @thurswell.com

---

By: /s/ Mary Beth Cobbs
    Mary Beth Cobbs (P-40080)
    Assistant Corporation Counsel
    2 Woodward Ave, Suite 500
    Detroit, MI   48226
    Phone: (313) 237-3075
    Email: cobbm@detroitmi.gov


By: /s/ Krystal A. Crittendon
    Krystal A. Crittendon (49981)
    Assistant Corporation Counsel
    2 Woodward Ave, Suite 500
    Detroit, MI   48226
    Phone: (313) 237-3002
    Email: critk@detroitmi.gov

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

```
-------------------------------------------------------x
                                    :
In re                               :        Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          :        Case No. 13-53846
                                    :
                    Debtor.         :        Hon. Steven W. Rhodes
                                    :
                                    :
------------------------------------------------------ x
```

## STAY MODIFICATION NOTICE

| | |
|---|---|
| Service Date: | February 13, 2015 (e-filing w/Court; Electronic service to Claimant's attorney) |
| Designated Claimant(s): | CHERYL HAYWOOD |
| Address: | The Thurswell Law Firm PLLC<br>1000 Town Center, Suite 500<br>Southfield,  MI 48075 |
| Proof of Claim Number(s): | 2171 |
| Caption of Any Pending Related Lawsuit: | Cheryl Haywood, Individually and as Next Friend of Deangela Haywood v City of Detroit et al. |
| Case Number: | 12-009384-NF |
| Court: | Wayne County Circuit Court |
| Co-Defendants (if any): | Deandra Brady and Jane Doe |

1353846150213000000000018

By this Stay Modification Notice, the City of Detroit (the "City") hereby provides notice that it has elected to permit the liquidation in a non-bankruptcy forum of the above-identified proofs of claim(s) (the "Claim(s)") in the City's case (the "Chapter 9 Case") under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code"), pursuant to the procedures (the "ADR Procedures") established by the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "ADR Order"), entered by the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") on December 24, 2013.[1]

Section I.A of the ADR Procedures provides that the City may designate any proof of claim timely filed in the Chapter 9 Case (other than certain "Excluded Claims") for liquidation pursuant to the ADR Procedures by serving an ADR Notice on the applicable claimant. Any proof of claim designated for liquidation through the ADR Procedures is referred to as a "Designated Claim." Section I.A of the ADR Procedures further provides that certain timely filed proofs of claim (other than Excluded Claims) (collectively, the "Initial Designated Claims")

---

[1] Capitalized terms not otherwise defined herein have the meanings given to them in the ADR Order.

2

shall be deemed to be Designated Claims subject to the ADR Procedures prior to the City serving an ADR Notice on the applicable claimant.

Paragraph 9 of the ADR Order provides, however, that the City in its sole discretion (a) may elect not to send an ADR Notice to any holder of an Initial Designated Claim and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice with respect to the Initial Designated Claim. In that event, except as provided below with respect to Multi-Party Tort Claims, immediately upon the filing of the Stay Modification Notice: (a) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court (the "Stay"); or (b) any similar injunction (together with the Stay, the "Stay/Injunction") that may be imposed upon the confirmation or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "Chapter 9 Plan") is deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.

Certain Designated Claims (each, a "Multi-Party Tort Claim") arise out of personal injury actions (a) asserted concurrently against the City and one or more current or former members of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association or the Detroit Police Command Officers Association (each such member, a "Public

3

Safety Union Member") and (b) with respect to which, the applicable Public Safety Union Member seeks related defense costs and/or an indemnification claim from the City (any such Public Safety Union Member, an "Indemnification Claimant," and any such claim, an "Indemnification Claim"). Concurrently with the filing of a Stay Modification Notice for a Multi-Party Tort Claim, the City shall serve a copy of the ADR Notice of the Public Safety Unions and on any related Indemnification Claimant known to the City. Pursuant to paragraph 9 of the ADR Order, solely in the case of Multi-Party Tort Claims, the Stay/Injunction is not deemed modified immediately upon the filing of the Stay Modification Notice. Instead, the Stay/Injunction is deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claims 35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) file a Stay Preservation Motion. If a Stay Preservation Motion is filed, then the Court will determine whether relief from the Stay/Injunction is appropriate with respect to the Multi-Party Tort Claim pursuant to the standards set forth in section 362(d) of the Bankruptcy Code. The City believes that the Claim(s) **do not constitute** Multi-Party Tort Claims.

Upon modification of the Stay/Injunction as a result of the filing and service of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in either: (a) the non-bankruptcy forum in which

the Initial Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal or transfer of venue or other procedural relief; or (b) if the Initial Designated Claim was not pending in any forum on the Petition Date, then in the United States District Court for the Eastern District of Michigan or such other non-bankruptcy forum selected by you that (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim, (iii) has in rem jurisdiction over the property involved in the Initial Designated Claim (if applicable) and (iv) is a proper venue.

**The City has reviewed the Claim(s) and has elected, pursuant to paragraph 9 of the ADR Procedures, to permit the liquidation of the Claim(s) in a non-bankruptcy forum. Note that, if you do not promptly proceed with the prosecution of the Claim(s) in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim(s).** A copy of this Stay Modification Notice may be filed with the non-bankruptcy court in which the Claim(s) **is** to be liquidated as notice of the lifting of the Stay/Injunction to permit the applicable non-bankruptcy forum to adjudicate the liquidation of the Claim(s) for purposes of the Chapter 9 Case.

Following liquidation of the Claim(s), whether by settlement or final

5

judgment, you will receive an allowed general unsecured non-priority claim against the City, in the liquidated amount of the claim, that will be treated in accordance with the terms of any Chapter 9 Plan, and not a full cash payment of the liquidated amount of the Claim(s). For the avoidance of doubt, pursuant to paragraph 10 of the ADR Order, all proceedings against the City (or any Indemnification Claimant) relating to the Claim(s) following the liquidation of the Claim(s) shall remain subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms, conditions and limitations, the ADR Procedures or the ADR Order shall be determined by the Bankruptcy Court; provided that disputes about the jurisdiction of a matter presented to a non-bankruptcy court may be determined by such court.

City of Detroit Law Department

By:       _/s/ Mary Beth Cobbs_
             Mary Beth Cobbs (P-40080)
             Assistant Corporation Counsel
             2 Woodward Ave, Suite 500
             Detroit, MI 48226
             Phone: (313) 237-3075
             Email: cobbm@detroitmi.gov

By:       _/s/ Celesta Campbell_
             Celesta Campbell (P54382)
             Assistant Corporation Counsel
             2 Woodward Ave, Suite 500
             Detroit, MI   48226
             Phone: (313) 237-3068
             Email: campc@detroitmi.gov

Dated: February 13, 2015

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
------------------------------------------------------- x
        :      Chapter 9 In re        ::
                                      ::     Case No. 13-53846
CITY OF DETROIT, MICHIGAN,            ::
                     Debtor.          :      Hon. Steven W. Rhodes
------------------------------------------------------- x
```

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2015, I electronically filed the Stay Modification Notice and Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

I hereby certify that I have additionally served the paper to the following participant(s) via US Mail to Claimant's Attorney: Mark Boegehold, The Thurswell Law Firm, PLLC, 1000 Town Center, Suite 500, Southfield, MI 48075.

Dated: February 13, 2015

|   | **City of Detroit Law Department** |
|---|---|
| By: | */s/ Mary Beth Cobbs* |
|   | Mary Beth Cobbs (P-40080) |
|   | Assistant Corporation Counsel |
|   | 2 Woodward Ave, Suite 500 |
|   | Detroit, MI 48226 |
|   | Phone: (313) 237-3075 |
|   | Email: cobbm@detroitmi.gov |
| By: | */s/ Celesta Campbell* |
|   | Celesta Campbell (P54382) |
|   | Assistant Corporation Counsel |
|   | 2 Woodward Ave, Suite 500 |
|   | Detroit, MI   48226 |
|   | Phone: (313) 237-3068 |
|   | Email: campc@detroitmi.gov |

7

# EXHIBIT 6: STATE COURT CASE DOCKET

Skip to Main Content  Logout  My Account  Search Menu  New Case Search  Refine Search  Back    Location : Non-Criminal Cases    Images    Web Access Instruction Manual

# REGISTER OF ACTIONS

## CASE NO. 12-009384-NF

---

### RELATED CASE INFORMATION

**Related Cases**
  10-008108-NF (Prior Action)
  15-003177-NF (Prior Action)

---

### PARTY INFORMATION

| | | |
|---|---|---|
| **Defendant** | **BRADY, DEANDRA** | **Lead Attorneys**<br>**Dennis Burnett**<br>*Retained*<br>(313) 224-4550(W) |
| **Defendant** | **CITY OF DETROIT** | **Dennis Burnett**<br>*Retained*<br>(313) 224-4550(W) |
| **Defendant** | **DOE, JANE** | |
| **Plaintiff** | **HAYWOOD, CHERYL, As Next Friend** | **Mark E. Boegehold**<br>*Retained*<br>(248) 354-2222(W) |
| **Plaintiff** | **HAYWOOD, DEANGELA** | **Mark E. Boegehold**<br>*Retained*<br>(248) 354-2222(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 07/16/2012 | **Case Filing Fee - Paid** |
| 07/16/2012 | **Service Review Scheduled** |
| 07/16/2012 | **Status Conference Scheduled** |
| 07/16/2012 | **Complaint, Filed** |
| 07/16/2012 | **Jury Demand Filed & Fee Paid** |
| 07/16/2012 | **Motion to Appoint Received, Filed-WVD** |
| 07/16/2012 | **Order to Appoint Next Friend, Signed and Filed** (Judicial Officer: Colombo, Robert J., Jr. ) |
| 09/07/2012 | Service of Complaint, filed |
| 09/21/2012 | Service of Complaint, filed |
| 09/26/2012 | Answer to Complaint, Filed |
| 10/16/2012 | **Status Conference** (9:30 AM) (Judicial Officer Borman, Susan D.) |
| | *10/15/2012 Reset by Court to 10/16/2012* |
| | Result: Held |
| 10/16/2012 | **Status Conference Scheduling Order, Signed and Filed** (Judicial Officer: Borman, Susan D. ) |
| 10/16/2012 | Status Conference Scheduling Order, Signed and Filed (Judicial Officer: Borman, Susan D. ) |
| 10/17/2012 | **Settlement Conference Scheduled** |
| 11/01/2012 | Dismissal of Claim, Signed and Filed |
| 12/11/2012 | Answer to Complaint, Filed |
| 12/11/2012 | Witness List, Filed |
| 02/20/2013 | Deposition, Filed |
| 02/22/2013 | Notice of Appearance, Filed |
| 02/22/2013 | Witness List, Filed |
| 03/12/2013 | **Case Evaluation - General Civil** |
| 04/09/2013 | **Case Evaluation - No Acceptance** |
| 04/17/2013 | **Settlement Conference** (9:30 AM) (Judicial Officer Borman, Susan D.) |
| | *04/16/2013 Reset by Court to 04/17/2013* |
| | Result: Held for Further Settlement |
| 05/02/2013 | **Settlement Conference** (9:30 AM) (Judicial Officer Borman, Susan D.) |
| | *04/22/2013 Reset by Court to 04/29/2013* |
| | *04/29/2013 Reset by Court to 05/02/2013* |
| | Result: Held for Further Settlement |
| 05/02/2013 | **Closed - Case Settled, Order to Follow** (Judicial Officer Borman, Susan D. ) |
| 06/10/2013 | **Settlement Conference** (2:00 PM) (Judicial Officer Borman, Susan D.) |
| | *06/03/2013 Reset by Court to 06/10/2013* |
| | Result: Held for Further Settlement |
| 06/13/2013 | **Settlement Conference** (9:30 AM) (Judicial Officer Borman, Susan D.) |
| | Result: Held |
| 06/13/2013 | **Miscellaneous Action** (Judicial Officer: Borman, Susan D. ) |

---

| | |
|---|---|
| 07/30/2013 | **Notice Sent - Intent to Dismiss** |
| 08/22/2013 | **Final - Admin Closing Due to Bankruptcy, Signed and Filed** (Judicial Officer: Borman, Susan D. ) |
| 01/05/2015 | **Miscellaneous Motion, Filed** |
| 01/15/2015 | **Praecipe, Filed** (Judicial Officer: Curtis, Daphne Means ) |
| 01/29/2015 | **Motion Hearing** (8:45 AM) (Judicial Officer Curtis, Daphne Means) |
| | *01/30/2015 Reset by Court to 01/29/2015* |
| | Result: Reviewed by Court |
| 01/29/2015 | **Motion Granted, Order to Follow** (Judicial Officer: Curtis, Daphne Means ) |
| 01/30/2015 | **Case Reopened - Returned from Bnkrptcy Crt, Signed and Filed** |
| 02/04/2015 | **Miscellaneous Action** |
| 03/18/2015 | **Settlement Conference** (8:30 AM) (Judicial Officer Curtis, Daphne Means) |
| | *02/19/2015 Reset by Court to 03/18/2015* |
| | Result: Reviewed by Court |
| 03/18/2015 | **Closed - Case Settled, Order to Follow** (Judicial Officer: Curtis, Daphne Means ) |
| 04/15/2015 | *CANCELED*  **Review Hearing** (8:00 AM) (Judicial Officer Curtis, Daphne Means) |
| | *Case Disposed/Order Previously Entered* |
| 06/11/2015 | **Notice Sent - Intent to Dismiss** |
| 07/16/2015 | **Case - Admin Closure - Lack of Order Entry, Signed and Filed** |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff** HAYWOOD, CHERYL, As Next Friend | | |
| | Total Financial Assessment | | 20.00 |
| | Total Payments and Credits | | 20.00 |
| | **Balance Due as of 07/17/2019** | | **0.00** |
| | | | |
| 01/05/2015 | Transaction Assessment | | 20.00 |
| 01/05/2015 | Civil File & Serve Payment  Receipt # 2015-00810 | HAYWOOD, CHERYL | (20.00) |