# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S OBJECTION TO
## CLAIM NUMBER 3533 FILED BY ANTONIO BROOKS

The City of Detroit ("City") objects to claim number 3533 ("Claim 3533," attached as Exhibit 5) filed by Antonio Brooks ("Objection"), respectfully stating as follows:

### JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII, Section A of the Plan (defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

2.  On July 18, 2013, the City filed a petition for relief in this Court.

3.  On November 12, 2013, the City filed its *Motion of Debtor Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims* [Doc. No. 1665] ("ADR Procedures Motion"). On December

- 1 -

24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc. No. 2302] ("ADR Order").

4.      The Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1 to the ADR Order permitted the City to serve on claimants a

> notice that the Stay/Injunction is lifted to permit the underlying claim to be liquidated in a non-bankruptcy forum consistent with the terms, conditions and limitations of Section II.E. below (a "Stay Modification Notice"). In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction shall be deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum…

ADR Procedures, Section I.B, p. 4.

5.      The ADR Procedures provide that, once the City serves a Stay Modification Notice, the claimant must proceed with reasonable diligence to prosecute his or her claim.

> If a Designated Claimant fails to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or an abandonment of or failure to prosecute the Designated Claim, or both. Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees and costs to the City.

ADR Procedures, Section II.G, p. 22.

6. On October 22, 2014, the City filed its *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045] ("Plan"), which the Court confirmed with slight modifications by order entered on November 12, 2014 [Doc. No. 8272] ("Confirmation Order").

7. On February 20, 2014, Antonio Brooks filed claim number 1630 ("Claim 1630," attached as Exhibit 4) in the City's case, asserting a $100,000 unsecured claim on the basis of alleged police misconduct. On or around February 24, 2014, Antonio Brooks also filed Claim 3533,[1] asserting a $1,000,000 unsecured claim on the same basis as Claim 1630.

8. Antonio Brooks and the City subsequently settled the police misconduct claim for a $7,500 unsecured claim, payable as a Class 15 Convenience Claim at 25% of face value. *See* Settlement, attached as Exhibit 6.

9. On July 28, 2017, the City served a Stay Modification Notice on counsel for Antonio Brooks related to Claim 3533 [Doc. No. 12242]. See Exhibit 7, Stay Modification Notice. The Stay Modification Notice warned that failure to prosecute the claim could result in its disallowance and expungement. *Id.*, p. 4.

## **ARGUMENT**

10. Bankruptcy Code section 502(b)(1) provides

---

[1] These claims were filed by two different law firms, each of which may not have been aware that Antonio Brooks was also engaging with the other firm.

34144203.1\022765-00213

(b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

(1)   such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

11 U.S.C. § 502(b)(1).

## **RELIEF REQUESTED**

11.    Claim 3533 should be disallowed and expunged under Bankruptcy Code section 502(b)(1), the ADR Order, and the ADR Procedures because Antonio Brooks settled the underlying basis for Claim 3533 when he settled Claim 1630. Further, even if Claim 3533 asserted a different claim (and it does not), Antonio Brooks has not taken any action on Claim 3533 since the Stay Modification Notice was served on his counsel two years ago.  This constitutes abandonment of his claim under ADR Procedure II.G.

## **RESERVATION OF RIGHTS**

12.    The City files this Objection without prejudice to or waiver of its rights under section 904 of the Bankruptcy Code, and nothing herein is intended to constitute, constitutes, or may be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to the Court's interference with (a) any of the

political or governmental powers of the City, (b) the property or revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

13.     The City expressly reserves the right to amend, modify, or supplement this Objection.  Should the Court dismiss or overrule one or more grounds of objection stated in this Objection, the City reserves its right to object to the Claim on other procedural and substantive grounds, and on the merits of the underlying claim.

## **NOTICE**

14.     The City has provided notice of this Objection to Antonio Brooks's attorney.  In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## **NO PRIOR REQUEST**

15.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully asks this Court to enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this Objection and further relief as this Court may deem just and proper.

Dated: August 13, 2019

Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 963-6420
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

and

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313)-237-0470
Facsimile: (313) 224-5505
raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

- 6 -

# EXHIBIT LIST

Exhibit 1      Proposed Order

Exhibit 2      Notice

Exhibit 3      Certificate of Service

Exhibit 4      Claim 1630

Exhibit 5      Claim 3533

Exhibit 6      Settlement

Exhibit 7      Stay Modification Notice

<u>**EXHIBIT 1: PROPOSED ORDER**</u>

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER SUSTAINING CITY OF DETROIT'S OBJECTION TO CLAIM**
**NUMBER 3533 FILED BY ANTONIO BROOKS**

Upon review of the *City of Detroit's Objection to Claim Number 3533 Filed by Antonio Brooks* ("Objection"),[1] seeking entry of an order disallowing and expunging Claim 3533; and it appearing that this Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court finding that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court finding that venue of this proceeding and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and any objections or other responses to the Objection having been overruled or withdrawn;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1.     The Objection is sustained.

2.     Claim 3533 filed by Antonio Brooks is disallowed and expunged in its entirety under Section 502(b) of the Bankruptcy Code.

3.     The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4.     The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5.     Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

# EXHIBIT 2: NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF THE CITY OF DETROIT'S OBJECTION TO
## CLAIM NUMBER 3533 FILED BY ANTONIO BROOKS

**PLEASE TAKE NOTICE THAT** the City of Detroit ("City") has filed an objection to claim number 3533 ("Claim") filed by Antonio Brooks because the Claim is duplicative of another claim filed in the City's bankruptcy case and the grounds underlying both claims have been settled ("Objection").

If you do not want the court to change your Claim, or grant the relief requested in the Objection, then on or before **September 11, 2019**, you or your lawyer must:

1.     File with the court, at the address below, a written response to the objection. Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

    2.       A copy of your response must also be mailed to counsel for the City:

Marc N. Swanson
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson Ave., Ste. 2500
Detroit, MI 48226

    3.       You must also attend the hearing on the objection scheduled to be held on **September 18, 2019**, at 1:30 p.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 28226 unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim, in which event the hearing will be canceled and the objection sustained.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
     Marc N. Swanson (P71149)
     150 West Jefferson, Suite 2500
     Detroit, Michigan 48226
     Telephone: (313) 496-7591
     Facsimile: (313) 496-8451
     swansonm@millercanfield.com

Dated: Dated: August 13, 2019

**EXHIBIT 3: CERTIFICATE OF SERVICE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 13, 2019, he electronically filed the foregoing *City of Detroit's Objection to Claim Number 3533 Filed by Antonio Brooks* ("Objection") with the Clerk of the Court which will provide notice of the filing to all ECF participants registered in this case. A copy of the Objection was also served upon the following, via first class mail, on the same date:

E. Jason Blankanship
Fieger, Fieger, Kenney, Giroux, & Harrington, PC
19390 W. 10 Mile Road
Southfield, MI 48075

By: /s/ Marc N. Swanson
Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Dated: August 13, 2019

# EXHIBIT 4: CLAIM 1630

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT     EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|
| Name of Debtor: City of Detroit, Michigan     Case Number: 13-53846 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Brooks, Antonio

Name and address where notices should be sent:

ROMANO LAW, PLLC
23880 WOODWARD AVE
PLEASANT RIDGE MI 48069

Telephone number: 248-750-0270   email:

Name and address where payment should be sent (if different from above):



Telephone number:      email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
   (If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

RECEIVED

FEB 24 2014

KURTZMAN CARSON CONSULTANTS

**1. Amount of Claim as of Date Case Filed:** $ 100,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Civil Rights | Police Misconduct
   (See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** ___     **3a. Debtor may have scheduled account as:**_____
   (See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate  ☐Motor Vehicle  ☐Other
Describe:

Value of Property: $_____

Annual Interest Rate (when case was filed)_____% ☐Fixed  or  ☐Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $_____

Basis for perfection: _____

Amount of Secured Claim: $_____

Amount Unsecured: $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**     $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____.**     $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☐ I am the creditor.  ☒ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: DANIEL ROMANO
Title: OWNER
Company: ROMANO LAW PLLC
Address and telephone number (if different from notice address above):

(248) 750 0270
Telephone number:      email:

(Signature)   (Date) 2/19/14

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for

1353846140220000000000226

**OFFICE OF THE CLERK OF COURT**

226 WEST SECOND ST.
FLINT, MI 48502
(810) 235-4126

211 WEST FORT STREET, SUITE 2100
DETROIT, MICHIGAN 48226-3211
(313) 234-0065 / WWW.MIEB.USCOURTS.GOV

111 FIRST STREET
BAY CITY, MI 48707
(989) 894-8840

Kurtzman, Carson Consultant LLC
**Attention: Mr. Michael Paque**
2335 Alaska Avenue
El Segundo, CA 90245

### RE: CITY OF DETROIT – CASE NUMBER 13-53846SWR

Dear Mr. Paque:

The enclosed proofs of claim are deemed filed, having been received by the Office of the

Clerk on ___FEB 2 0 2014___.

       Date

Sincerely,

Katherine B. Gullo, Clerk of Court
United States Bankruptcy Court

Enclosure(s)



Daniel G. Romano
23800-23880 Woodward Avenue
Pleasant Ridge, MI 48069
P(248) 750-0270  F(248) 936-2105
www.danielromanolaw.com

Christina D. Davis
Katrina A. Murrel
Stanley I. Okoli

David G. Blake
Lauren N. Brezenski
Mark E. Sisson

Eric Stempien
Matthew Nikkila
Trevor J. Zamborsky

February 19, 2014

United States Bankruptcy Court
Eastern District of Michigan
211 W Fort St
Detroit, MI 48226

**In Re: City of Detroit Case Number 13-53846**

To whom it may concern:

This instant claim against the city of Detroit was in pre-litigation status with our firm at the time of the city's claim for bankruptcy. Therefore, no supporting documentation can be provided at this time.

If you have any questions, comments, or need any further assistance, please do not hesitate to contact the office at 248-750-0270.

Thank you for your attention in this matter.

# **EXHIBIT 5: CLAIM 3533**

34144203.1\022765-00213

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT  Eastern District of Michigan | ▾ | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor:<br>City of Detroit, Michigan | Case Number:<br>13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Antonio Brooks

RECEIVED

FEB 2 4 2014

KURTZMAN CARSON CONSULTANTS

Name and address where notices should be sent:

Fieger, Fieger, Kenney, Giroux, & Harrington, PC
19390 W. 10 Mile Rd, Southfield, Mi, 48075

Telephone number: (248) 355-5555    email: j.blankenship@fiegerlaw.com

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
 (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):



Telephone number:        email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**        $_____1,000,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  Police Brutality_____
   (See instruction #2)

| **3.  Last four digits of any number by which creditor identifies debtor:** | **3a. Debtor may have scheduled account as:**<br><br>_____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>_____<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❏ Real Estate  ❏ Motor Vehicle  ❏ Other
**Describe:**

**Value of Property: $**_____

**Annual Interest Rate**_____% ❏ Fixed  or  ❏ Variable
**(when case was filed)**

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

Basis for perfection: _____

**Amount of Secured Claim:**  $_____

**Amount Unsecured:**  $_____1,000,000.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

1353846140224000000000093

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*RECEIVED*

*FEB 2 4 2014*

*KURTZMAN CARSON CONSULTANTS*

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  E. Jason Blankenship
Title:  Attorney
Company:  Fieger, Fieger, Kenney, Giroux & Harrington, PC
Address and telephone number (if different from notice address above):

(Signature)  2/15/14  (Date)

Telephone number:      email:

*Penalty for presenting fraudulent claim:*  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# FIEGER, FIEGER,
## KENNEY, GIROUX, DANZIG & HARRINGTON
### A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS AT LAW
19390 WEST TEN MILE ROAD
SOUTHFIELD, MICHIGAN 48075-2463
TELEPHONE (248) 355-5555
FAX (248) 355-5148

E. JASON BLANKENSHIP

WEBSITE: www.fiegerlaw.com
E-MAIL: info@fiegerlaw.com

DIRECT DIAL (248) 355-0694
E-MAIL: j.blankenship@fiegerlaw.com

February 17, 2014

City of Detroit Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

RE:    Proof of Claims

Dear Claims Dept:

Enclosed please find Proof of Claims for the following:

**Known Claims**
Edward George Carter vs. City of Detroit, et al
Case No. 2:11-cv-15322  USDC (EDMI)

Antonio Brooks v Detroit Police Officer Armstrong et al
Case No. 2:13-cv-12641  USDC (EDMI)

The above claims are either ongoing 42 USC 1983 civil lawsuits or soon to be filed cases.

Should you have any questions or concerns, please feel free to contact the undersigned.

Very truly yours,
**FIEGER, FIEGER, KENNEY, GIROUX,
& HARRINGTON, P.C.**

E. Jason Blankenship

EJB/mmh
Enclosures

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTONIO BROOKS

      Plaintiff,                            Case No.:
                                            Hon.

-v-

DETROIT POLICE OFFICER ARMSTRONG, individually,
DETROIT POLICE OFFICER JOHN DOE#1, individually,
DETROIT POLICE OFFICER JOHN DOE#2, individually,
and DETROIT POLICE OFFICER JANE DOE, individually,

      Defendants.

_____/

GEOFFREY N. FIEGER (P30441)
HEATHER A. GLAZER (P54952)
***Fieger, Fieger, Kenney, Giroux, Danzig & Harrington, P.C.***
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
h.glazer@fiegerlaw.com

_____/

### PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COME Plaintiff, ANTONIO BROOKS, by and through hisa ttorneys, FIEGER, FIEGER, KENNEY, GIROUX, DANZIG & HARRINGTON, P.C., and for his Complaint against the above named Defendants, state as follows:

1.      This is a civil action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution against Officer ARMSTRONG, in his individual capacity, Officer JOHN DOE #1, in his individual capacity, Officer JOHN DOE #2, in his individual capacity, and Officer JANE DOE, in her individual capacity.

2.      This court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

3.     The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs and attorney fees.

4.     Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(d). The events took place within the City of Detroit, Wayne County which is located within the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.

5.     At all times pertinent, Plaintiff, ANTONIO BROOKS, was a citizen of the United States residing in the City of Detroit, Wayne County, Michigan.

6.     The Defendant, Officer ARMSTRONG, is a citizen of the State of Michigan and was, at times relevant hereto, employed as a police officer for the City of Detroit Police Department.

7.     The Defendant, Officer JOHN DOE #1, is a citizen of the State of Michigan and was, at times relevant hereto, employed as a police officer for the City of Detroit Police Department.

8.     The Defendant, Officer JOHN DOE #2, is a citizen of the State of Michigan and was, at times relevant hereto, employed as a police officer for the City of Detroit Police Department.

9.     The Defendant, Officer JANE DOE, is a citizen of the State of Michigan and was, at times relevant hereto, employed as a police officer for the City of Detroit Police Department.

10.    On or about April 14, 2013, at the time of the events alleged in this Complaint, the Defendants, Officer ARMSTRONG, Officer JOHN DOE #1, Officer JOHN DOE #2, and Officer JANE DOE,we re at all times acting in their individual capacities and within the scope of their employment as police officers employed by the City of Detroit Police Department and under color of law.

2

## **FACTUAL ALLEGATIONS**

11.     On or about April 14, 2013, at approximately 10:30 p.m., two Detroit Police Officers in a marked blue and white squad car confronted Plaintiff, ANTONIO BROOKS, at a CITGO gas station located at 6 Mile and Greenfield in Detroit, Michigan.

12.     At that date and time, the officers frisked BROOKS, presumably checking for weapons and/or drugs and/or drug paraphernalia and/or other contraband.

13.     The officers confirmed that BROOKS did not have any weapons, drugs, drug paraphernalia or other contraband in his possession and the officers instructed BROOKS that he was free to leave.

14.     As the uniformed officers released BROOKS, Officer ARMSTRONG, Officer JOHN DOE #1, Officer JOHN DOE #2, and Officer JANE DOE pulled into the CITGO gas station located at 6 Mile and Greenfield in Detroit, Michigan in an unmarked, black Crown Victoria and each of the Defendant Officers were wearing plain clothes.

15.     At said date and time, Officer ARMSTRONG exited the unmarked vehicle, stated, "I have something for you," and instructed BROOKS to get into the back of the unmarked, black Crown Victoria.

16.     At said date and time, Officer JOHN DOE #1, a dark-skinned African-American male, was seated in the front, passenger seat of the unmarked, black Crown Victoria.

17.     At said date and time, Officer JOHN DOE #2, an Asian male, was seated in the rear passenger seat of the unmarked, black Crown Victoria.

18.     At said date and time, Officer JANE DOE #1, an African-American female, was seated in the rear passenger seat of the unmarked, black Crown Victoria.

19.     At said date and time, Officer ARMSTRONG placed BROOKS, uncuffed, into the rear seat of the unmarked, black Crown Victoria between Officers JOHN DOE #2 and JANE

3

DOE#1 and drove to the back of the CITGO gas station.

20.     Officer ARMSTRONG parked the unmarked, black Crown Victoria in the back of the CITGO gas station, and exited the vehicle along with Officers JOHN DOE #1, JOHN DOE #2, and JANE DOE#1.

21.     Officer ARMSTRONG instructed BROOKS to step out of the vehicle.

22.     As BROOKS exited the vehicle, Officer ARMSTRONG struck BROOKS several times with a closed fist in the head and mouth, causing him to fall to the ground.

23.     As BROOKS was on the ground, Officer ARMSTRONG kicked BROOKS in his back.

24.     Following Officer ARMSTRONG's brutal, unjustified physical attack on BROOKS, the Defendant Officers all left the scene in the unmarked, black Crown Victoria and left BROOKS at the scene.

25.     At no time during the confrontation or brutal, unjustified physical attack on BROOKS did any of the Defendant Officers identify themselves by name and, further, none of the Defendant Officers were wearing name badges.

26.     At no time prior to or during the confrontation or brutal, unjustified physical attack on BROOKS did any of the Defendant Officers see BROOKS commit any violent felony or crime.

27.     At no time prior to or during the confrontation or brutal, unjustified physical attack on BROOKS did BROOKS have a weapon or display any object that appeared to be a weapon.

28.     At no time prior to or during the confrontation or brutal, unjustified physical attack on BROOKS did BROOKS threaten in any way any of the Defendant Officers.

29.     At no time prior to or during the confrontation or brutal, unjustified physical

4

attack on BROOKS did BROOKS pose an immediate threat of harm to any of the Defendant Officers or any other person in the immediate vicinity.

30.    At no time prior to or during the confrontation or brutal, unjustified physical attack on BROOKS did BROOKS pose any realistic likelihood of risk of flight.

31.    At no time prior to, during or after the confrontation or brutal, unjustified physical attack on BROOKS was BROOKS placed under arrest.

32.    At no time prior to or during the confrontation or brutal physical attack on BROOKS did the Defendant Officers have a justifiable reason to use the force that they deployed.

33.    Defendants JOHN DOE #1, JOHN DOE #2, and JANE DOE #1 made no effort to prevent Officer ARMSTRONG's unjustified physical attack on BROOKS and, in fact, they ratified and condoned it.

34.    As a direct and proximate result of the wrongful acts and omissions of the Defendant Officers,B ROOKS sustained conscious pain and suffering.

**VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 U.S.C. 1983
BY DEFENDANTS ARMSTRONG, JOHN DOE #1, JOHN DOE #2 AND JANE DOE #1**

35.    Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 34 as if fully set forth herein.

36.    The above-described savage physical attack on Plaintiff, ANTONIO BROOKS, was without legal justification.

37.    At all times relevant, BROOKS had a clearly established right to liberty protected in the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including his right to personal safety and bodily integrity, as well as protection from unlawful seizure, unnecessary force, unreasonable force, and excessive force

5

pursuant to the Fourth Amendment to the United States Constitution.

38.    At all times relevant, as police officers acting under color of law, Defendants ARMSTRONG, JOHN DOE #1, JOHN DOE #2, and JANE DOE #1 were required to obey the laws of the United States, including those laws identified under the Fourth and Fourteenth Amendments to the United States Constitution.

39.    BROOKS' right to be free from assault and battery by police officer when BROOKS was unarmed and did not provoke the attack was clearly established on April 14, 2013.

40.    A police officer's obligation to prevent a fellow officer from using excessive force was also clearly established on April 14, 2013.

41.    In violation of BROOKS' clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, Defendants ARMSTRONG, JOHN DOE #1, JOHN DOE #2, and JANE DOE #1 unlawfully seized and used excessive force against BROOKS, thereby inflicting horrendous personal injuries upon him.

42.    After employing unnecessary, unreasonable, and excessive force, Defendants ARMSTRONG, JOHN DOE #1, JOHN DOE #2, and JANE DOE #1 conspired with one another to fabricate and disseminate false accounts regarding the subject matter of this lawsuit, failed to report or document the incident, and failed to report that force was used on Plaintiff during the incident, all in furtherance of a conspiracy to violate BROOKS' clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

43.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants ARMSTRONG, JOHN

6

DOE #1, JOHN DOE #2, and JANE DOE #1 are liable to BROOKS for all damages allowed under federal law and the Michigan damages statutes. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate the Plaintiffs and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

44.     As a direct and proximate result of Defendants ARMSTRONG, JOHN DOE #1, JOHN DOE #2, and JANE DOE #1's willful violation of BROOKS' constitutionally-protected rights, BROOKS has suffered and will continue to suffer damage into the future, including but not limited to:

  a.   Physical pain and suffering;

  b. Head and mouth injuries;

  c.   Permanent scarring;

  d. Mental anguish;

  e.   Severe emotional distress;

  f.   Fright and shock;

  g.   Denial of social pleasures and enjoyment;

  h. Humiliation or mortification;

  i.   Reasonable medical bills and expenses for the past, present and future;

  j.   Future medical treatment;

  k. Wage loss for the past, present and future;

  l.   Punitive damages;

  m.   Exemplary damages, and

  n. All other damages properly recoverable under law.

WHEREFORE, Plaintiff, ANTONIO BROOKS, respectfully requests this Honorable Court enter a judgment in their favor against Defendants and award an amount in excess of

7

Seventy-Five Thousand ($75,000) Dollars, exclusive of costs, interest and attorney fees, as well as an award of punitive damages.

Respectfully submitted,

/s/ *Heather A. Glazer*
GEOFFREY N. FIEGER (P30441)
HEATHER A. GLAZER (P54952)
***Fieger, Fieger, Kenney, Giroux, Danzig & Harrington, P.C.***
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
h.glazer@fiegerlaw.com

Dated: June 14, 2013

## JURY DEMAND

Plaintiff, ANTONIO BROOKS, by and through his attorneys, FIEGER, FIEGER, KENNEY, GIROUX, DANZIG & HARRINGTON, P.C., hereby demands Trial by Jury in this matter.

Respectfully submitted,

/s/ *Heather A. Glazer*
GEOFFREY N. FIEGER (P30441)
HEATHER A. GLAZER (P54952)
***Fieger, Fieger, Kenney, Giroux, Danzig & Harrington, P.C.***
Attorneys for Plaintiffs
19390 W. Ten Mile Rd.
Southfield, MI 48075
(248) 355-5555
g.fieger@fiegerlaw.com
h.glazer@fiegerlaw.com

Dated: June 14, 2013

8

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

County in which action arose WAYNE

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ANTONIO BROOKS | DETROIT POLICE OFFICERS (1) ARMSTRONG, (2) JOHN DOE #1, (3) JOHN DOE #2, (4) JANE DOE |

**(b)** County of Residence of First Listed Plaintiff    WAYNE
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    WAYNE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

THE FIEGER FIRM - GEOFFREY N. FIEGER AND HEATHER A. GLAZER
19390 WEST TEN MILE ROAD, SOUTHFIELD, MI 48075
248-355-5555

Attorneys *(If Known)*

UNKNOWN

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government
  Plaintiff
- ☐ 2  U.S. Government
  Defendant
- ☒ 3  Federal Question
  (U.S. Government Not a Party)
- ☐ 4  Diversity
  (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other | ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC SECTION 1983
Brief description of cause:
EXCESSIVE FORCE BY POLICE OFFICERS

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ IN EXCESS OF $ 75,000

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*    JUDGE _____    DOCKET NUMBER _____

DATE
June 14, 2013

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# PURSUANT TO LOCAL RULE 83.11

1.      Is this a case that has been previously dismissed?               ☐ Yes
                                                                          ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


2.      Other than stated above, are there any pending or previously     ☐ Yes
        discontinued or dismissed companion cases in this or any other   ☒ No
        court, including state court? (Companion cases are matters in which
        it appears substantially similar evidence will be offered or the same
        or related parties are present and the cases arise out of the same
        transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____


Notes :

# EXHIBIT 6: SETTLEMENT

*KAC*

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
----------------------------------------------------- x
                                                       :
In re                                                  :   Chapter 9
                                                       :
CITY OF DETROIT, MICHIGAN,                             :   Case No. 13-53846
                                                       :
                        Debtor.                        :   Hon. Steven W. Rhodes
                                                       :
----------------------------------------------------- x
```

## AGREEMENT RESOLVING CLAIM OF ANTONIO BROOKS

The City of Detroit (the "City") and the claimant identified in paragraph 2 below (the "Claimant" and, together with the City, the "Parties"), by and through their respective authorized representatives, do hereby agree as follows:

### RECITALS

A. On July 18, 2013, the City commenced the above-captioned case (the "Chapter 9 Case") by filing a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). On December 5, 2013, following its determination that the City met all of the applicable requirements and is eligible to be a debtor under chapter 9 of the Bankruptcy Code, the Bankruptcy Court entered the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) with respect to the City.

B. Pursuant to section 904 of the Bankruptcy Code, the City may continue to exercise its political and governmental powers, manage its property and revenues and use and enjoy its income-producing property without interference from the Bankruptcy Court.

C.   On December 24, 2013, the Bankruptcy Court entered the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "ADR Order") establishing certain alternative dispute resolution procedures (collectively, the "ADR Procedures") to promote the resolution of certain claims designated by the City.

D.   The Claimant is the current record holder of the proof[s] of claim identified under the heading "Filed Claim Number" in the table in paragraph 2 below (the "Filed Claim[s]").

E.   The City (i) reviewed the Filed Claim[s] and the facts and circumstances of the alleged liabilities asserted therein and (ii) designated the Filed Claim[s] for potential resolution through the ADR Procedures.

F.   The City believes that the resolution of the Filed Claim[s] as set forth in this Agreement is fair, reasonable and appropriate and will allow the Parties to avoid the cost, delay and burden of litigating potential disputes related to the Filed Claim[s]. In accordance with the ADR Order, the resolution of the Filed Claim[s] set forth in this Agreement terminates the ADR Procedures with respect to the Filed Claim[s] pursuant to section II.A.7 of the ADR Procedures.

G.   Pursuant to section 904 of the Bankruptcy Code, the City is authorized to propose and enter into this Agreement without further order of the Bankruptcy Court.

H.   The undersigned is authorized to enter into this Agreement on behalf of the City pursuant to a confidential memorandum dated March 25, 2014 that was issued to the City of Detroit Corporation Counsel by Kevyn Orr, Emergency Manager for the City of Detroit, entitled Litigation Claim Settlement Authority.

I.   The Parties have agreed to the terms set forth in this Agreement, as indicated by the signatures of their respective authorized representatives below.

## AGREEMENT

1.    The Claimant represents and warrants to the City that it has not sold, assigned, factored or otherwise transferred any portion of or interest in the Filed Claim[s] and is the sole holder of the Filed Claim[s], with full authority to enter into this Agreement.  The Claimant further agrees to indemnify and hold the City harmless for any damages, including without limitation actual and reasonable out of pocket costs, resulting from a breach of its representations and warranties set forth in this paragraph.

2.    The Filed Claim[s] is deemed amended, modified and allowed as a general unsecured, nonpriority claim (any such claim, a "Settled Claim") in the corresponding amount set forth in the table below under the heading "Settled Claim Amount":

| Claimant | Filed Claim Number | Filed Claim Amount | Filed Claim Priority | Settled Claim Amount | Settled Claim Priority |
|---|---|---|---|---|---|
| Antonio Brooks | 1630 | $100,000.00 | General unsecured, nonpriority | $7,500.00 _1983_ | General unsecured, nonpriority |

3.   The Parties agree that any Filed Claim identified in paragraph 2 above for which there is no corresponding Settled Claim (or such amount is listed as $0.00) is hereby withdrawn and deemed disallowed and expunged, pursuant to section 502 of the Bankruptcy Code.

4.   The Claimant will not further amend the Filed Claim[s] (or the Settled Claim[s]) or file any additional proofs of claim with respect to the liabilities asserted in the Filed Claim[s].  Any further amendments to the Filed Claim[s] (or the Settled Claim[s]) or any additional claims filed by the Claimant or their successors or assigns with respect to the liabilities asserted in the Filed Claim[s] shall be null, void and of no effect.

5.    The Parties agree that any Settled Claim is a general unsecured, nonpriority claim, subject to the treatment provided for such claims under any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan").

6. Any distribution made to the Claimant pursuant to a Plan is referred to herein as a "Plan Distribution." If the Claimant or its successors or assigns receive payment of any portion of the Settled Claims from any source, including from the City, other than through the Plan (a "Non-Plan Payment"), the portion of the Settled Claim[s] equal to the amount of the Non-Plan Payments shall be deemed fully satisfied, and the Claimant, for itself and any successors or assigns, hereby prospectively waives and disclaims the right to receive Plan Distributions on account of the portion of the Settled Claim[s] satisfied by any Non-Plan Payments.

7. Nothing in this Agreement will have any impact on any proof(s) of claim that the Claimant has filed or holds other than the Filed Claim[s]. The Parties retain all of their respective claims, defenses, objections, counterclaims and any and all rights in respect of any proofs of claim that the Claimant has filed or holds other than the Filed Claim[s].

8. As to the Filed Claims and Settled Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City. The Claimant acknowledges that this Agreement represents the compromise of a disputed claim and is not to be construed as an admission of liability on the part of the City. As used in this Agreement, the Claimant and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any. Where required by the City, the Claimant has executed the Medicare Reporting and Indemnification Affidavit[s], if any, attached as Exhibit A.

9. The Claimant stipulates to dismissal with prejudice of the civil action[s] related to the Filed Claims or Settled Claim[s] in the form attached hereto as Exhibit B.

10. This Agreement may be executed in identical counterparts, and/or by facsimile or e-mail scan, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. This Agreement constitutes the entire agreement between the

Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

WHEREFORE, the undersigned have executed this Agreement on behalf of the parties hereto.

**CITY OF DETROIT**

By: **KRYSTAL A. CRITTENDON**

Name: _Krystal A. Crittendon_
(Signature)

Name: _KRYSTAL A. CRITTENDON_
(Print Name)

Title: _Supervising Asst. Corp Counsel_

Date: _12-15-15_

Date:_____

**ANTONIO BROOKS**

_Antonio Brooks_
(signature)

Date: _06-24-2014_

Claimant(s) counsel:

**DANIEL G. ROMANO**

_____
(signature)

Name:_____
(printed)

Date:_____

19-FEB-16          ROMANO LAW PLLC                    1116468

13538461630   05-FEB-16   POST-LAW- CONVENIENCE CLAIM#1630/ SECTION 19        0.00      1,875.00

## SETTLEMENT CHECK AFFIDAVIT

I, _DAVE BLACE_ being first duly sworn,

deposes and says that on _March 4, 2016_, I received this settlement

check as resolution for Case No: 13-53846, Chapter 9, Bankruptcy Court

Order, Claim # 630; Antonio Brooks.

_____

SIGNATURE

This Settlement Check Affidavit was acknowledge before me on this 4th

day of March, 2016, by City of Detroit Litigation Settlement Clerk.

_____

Notary Public Wayne County, Michigan, My Commission Expires October 19, 2018.

## ATTENTION                    0.00      1,875.00

**NO INVOICE WILL BE HONORED WITHOUT A VALID CONTRACT OR PURCHASE ORDER.**

**ALL INVOICES MUST GO DIRECTLY TO ACCOUNTS PAYABLE OR YOUR INVOICE**

**WILL NOT BE HONORED**
REMOVE DOCUMENT ALONG THIS PERFORATION

THIS DOCUMENT IS PRINTED IN TWO COLORS. DO NOT ACCEPT UNLESS BLUE AND GREEN ARE PRESENT.

# CITY OF DETROIT

| CHECK TYPE | ACCOUNTS PAYABLES | CHECK DATE | CHECK NUMBER | CHECK AMOUNT |
|---|---|---|---|---|
| PAY EXACTLY | | 19-FEB-16 | 2077585 | ******1,875.00 |

One Thousand Eight Hundred Seventy-Five Dollars And 00 Cents******

PAY TO THE
ORDER OF:    ROMANO LAW PLLC
             AND ANTONIO BROOKS
             23880 WOODWARD AVE

             PLEASANT RIDGE, MI  48069

VOID UNLESS
PRESENTED
WITHIN 90 DAYS

TREASURER

COMERICA BANK
Detroit, Michigan

⑆2077585⑆ ⑆072000096⑆ 185227568 2⑈

# EXHIBIT 7: STAY MODIFICATION NOTICE

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------- x
                                                     :
In re                                                :        Chapter 9
                                                     :
CITY OF DETROIT, MICHIGAN,                           :        Case No. 13-53846
                                                     :
                                Debtor.              :        Hon. Thomas J. Tucker
                                                     :
---------------------------------------------------- :
                                                     x

## STAY MODIFICATION NOTICE

| | |
|---|---|
| Date Proof of Claim Filed: | 2/24/2014 |
| Designated Claimant: | Antonio Brooks |
| Address: | Fieger, Fieger, Kenney, Giroux, & Harrington, PC<br>19390 W. 10 Mile Rd<br>Southfield MI 48075 |
| Proof of Claim Number: | 3533 |
| Caption of Any Pending Related Lawsuit: | None |
| Case Number: | Not applicable |
| Court: | Not applicable |
| Co-Defendants (if any): | Not applicable |

By this Stay Modification Notice, the City of Detroit ("the City") hereby provides notice

that it has elected to permit the liquidation in a non-bankruptcy forum of the above-identified

proof of claim ("the Claim") in the City's case ('the Chapter 9 Case") under chapter 9 of title 11

of the United States Code ('the Bankruptcy Code"), pursuant to the procedures ('the ADR

Procedures") established by the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) ('the ADR Order"), entered by the United States Bankruptcy Court for the Eastern District of Michigan ('the Bankruptcy Court") on December 24, 2013.[291]

Section I.A of the ADR Procedures provides that the City may designate any proof of claim timely filed in the Chapter 9 Case (other than certain "Excluded Claims") for liquidation pursuant to the ADR Procedures by serving an ADR Notice on the applicable claimant.  Any proof of claim designated for liquidation through the ADR Procedures is referred to as a "Designated Claim."  Section I.A of the ADR Procedures further provides that certain timely filed proofs of claim (other than Excluded Claims) (collectively, 'the Initial Designated Claims") shall be deemed to be Designated Claims subject to the ADR Procedures prior to the City serving an ADR Notice on the applicable claimant.

Paragraph 9 of the ADR Order provides, however, that the City in its sole discretion (a) may elect not to send an ADR Notice to any holder of an Initial Designated Claim and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice with respect to the Initial Designated Claim.  In that event, except as provided below with respect to Multi-Party Tort Claims, immediately upon the filing of the Stay Modification Notice:  (a) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court ("the Stay"); or (b) any similar injunction (together with the Stay, "the Stay/Injunction") that may be imposed upon the confirmation or

---

[291] Capitalized terms not otherwise defined herein have the meanings given to them in the ADR Order.

effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "Chapter 9 Plan") is deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.

Certain Designated Claims (each, a "Multi-Party Tort Claim") arise out of personal injury actions (a) asserted concurrently against the City and one or more current or former members of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association or the Detroit Police Command Officers Association (each such member, a "Public Safety Union Member") and (b) with respect to which, the applicable Public Safety Union Member seeks related defense costs and/or an indemnification claim from the City (any such Public Safety Union Member, an "Indemnification Claimant," and any such claim, an "Indemnification Claim"). Concurrently with the filing of a Stay Modification Notice for a Multi-Party Tort Claim, the City shall serve a copy of the ADR Notice of the Public Safety Unions and on any related Indemnification Claimant known to the City. Pursuant to paragraph 9 of the ADR Order, solely in the case of Multi-Party Tort Claims, the Stay/Injunction is not deemed modified immediately upon the filing of the Stay Modification Notice. Instead, the Stay/Injunction is deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claims 35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) file a Stay Preservation Motion. If a Stay Preservation Motion is filed, then the Court will determine whether relief from the Stay/Injunction is appropriate with respect to the Multi-Party Tort Claim pursuant to the standards set forth in section 362(d) of the Bankruptcy Code. The City believes that the Claim **does not constitute** a Multi-Party Tort Claim.

Upon modification of the Stay/Injunction as a result of the filing and service of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in either: (a) the non-bankruptcy forum in which the Initial Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal or transfer of venue or other procedural relief; or (b) if the Initial Designated Claim was not pending in any forum on the Petition Date, then in the United States District Court for the Eastern District of Michigan or such other non-bankruptcy forum selected by you that (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim, (iii) has in rem jurisdiction over the property involved in the Initial Designated Claim (if applicable) and (iv) is a proper venue.

**The City has reviewed the Claim and has elected, pursuant to paragraph 9 of the ADR Procedures, to permit the liquidation of the Claim in a non-bankruptcy forum. Note that, if you do not promptly proceed with the prosecution of the Claim in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim.** A copy of this Stay Modification Notice may be filed with the non-bankruptcy court in which the Claim is to be liquidated as notice of the lifting of the Stay/Injunction to permit the applicable non-bankruptcy forum to adjudicate the liquidation of the Claim for purposes of the Chapter 9 Case.

Following liquidation of the Claim, whether by settlement or final judgment, you will receive an allowed general unsecured non-priority claim against the City, in the liquidated amount of the claim, which will be treated in accordance with the terms of any Chapter 9 Plan, and not a full cash payment of the liquidated amount of the Claim. For the avoidance of doubt, pursuant to paragraph 10 of the ADR Order, all proceedings against the City (or any

Indemnification Claimant) relating to the Claim following the liquidation of the Claim shall remain subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms, conditions and limitations, the ADR Procedures or the ADR Order shall be determined by the Bankruptcy Court; provided that disputes about the jurisdiction of a matter presented to a non-bankruptcy court may be determined by such court.

City of Detroit Law Department

By:      */s/ Mary Beth Cobbs*
           Mary Beth Cobbs (P-40080)
           Assistant Corporation Counsel
           2 Woodward Ave, Suite 500
           Detroit, MI 48226
           Phone: (313) 237-3075
           Email: cobbm@detroitmi.gov

Dated:  July 28, 2017