# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

|  |  |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S OBJECTION TO CLAIM NUMBER 1835 FILED BY HERITAGE HOSPITAL / OAKWOOD HEALTH CARE, INC.

The City of Detroit ("City") objects ("Objection") to claim number 1835 ("Claim 1835") filed by Heritage Hospital / Oakwood Health Care, Inc. ("Heritage"), respectfully stating as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII, Section A of the Plan (defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND FACTS

2.      On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court.

3.      On November 12, 2013, the City filed its *Motion of Debtor Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain*

*Prepetition Claims* [Doc. No. 1665] ("ADR Procedures Motion"). On December 24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc. No. 2302] ("ADR Order").

4.      The Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1 to the ADR Order permitted the City to serve on claimants a

> notice that the Stay/Injunction is lifted to permit the underlying claim to be liquidated in a non-bankruptcy forum consistent with the terms, conditions and limitations of Section II.E. below (a "Stay Modification Notice"). In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction shall be deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum…

ADR Procedures, Section I.B, p. 4.

5.      The ADR Procedures provide that, once the City serves a Stay Modification Notice, the claimant must proceed with reasonable diligence to prosecute his or her claim.

> If a Designated Claimant fails to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or an abandonment of or failure to prosecute the Designated Claim, or both. Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees and costs to the City.

ADR Procedures, Section II.G, p. 22.

6.     On October 22, 2014, the City filed its *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045] ("Plan"), which the Court confirmed with slight modifications by order entered on November 12, 2014 [Doc. No. 8272] ("Confirmation Order").

7.     On January 20, 2014, Devery Jones ("Jones") filed Claim 675 in the amount of $292,673.21 based for injuries allegedly sustained in a motor vehicle accident some years earlier.  *See* Exhibit 4, Claim 675.

8.     On February 20, 2014, Heritage filed Claim 1835 in the amount of $37,495.50 based on medical treatment allegedly provided to Jones following the accident.  *See* Exhibit 5, Claim 1835.

9.     On December 16, 2014, the City served a Stay Modification Notice on counsel for Heritage related to Claim 1835 [Doc. No. 8794].  *See* Exhibit 6, Stay Modification Notice.   The Stay Modification Notice warned that failure to prosecute the subject claim could result in disallowance and expungement of the claim.  *E.g.*, Stay Modification Notice, p. 4.

10.     Jones and the City mediated and resolved Claim 675 for a cash payment of $175,000.  *See* Exhibit 7, Settlement.

11.     No further action has been taken with regard to Claim 1835.

## **ARGUMENT**

12.     Bankruptcy Code section 502(b)(1) provides

> (b) Except as provided in subsections (e)(2), (f), (g), (h)
> and (i) of this section, if such objection to a claim is
> made, the court, after notice and a hearing, shall
> determine the amount of such claim in lawful currency of
> the United States as of the date of the filing of the
> petition, and shall allow such claim in such amount,
> except to the extent that—
>
> > (1)  such claim is unenforceable against the debtor
> > and property of the debtor, under any agreement or
> > applicable law for a reason other than because such
> > claim is contingent or unmatured;

11 U.S.C. § 502(b)(1).

13.     The Settlement resolved Claim 675 which is based on the same underlying facts as Claim 1835.  Further, to the extent that Heritage believes it still has a claim against the City (and not merely against Jones), over four years have passed since it was served with the Stay Modification Notice and it has failed act. This constitutes abandonment of its claim under ADR Procedure II.G.

## **RELIEF REQUESTED**

14.     Claim 1835 should be disallowed and expunged under Bankruptcy Code section 502(b)(1), the ADR Order, and the ADR Procedures because the claim upon which Heritage's Claim 1835 was based has been settled and because Heritage has failed to prosecute its claim for over four years after the Stay Modification Notice was issued.  This constitutes abandonment of Claim 1835.

## RESERVATION OF RIGHTS

15.     The City files this Objection without prejudice to or waiver of its rights under section 904 of the Bankruptcy Code, and nothing herein is intended to constitute, constitutes, or may be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to the Court's interference with (a) any of the political or governmental powers of the City, (b) the property or revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

16.     The City expressly reserves the right to amend, modify, or supplement this Objection.  Should the Court dismiss or overrule one or more grounds of objection stated in this Objection, the City reserves its right to object to Claim 1835 on other procedural and substantive grounds, and on the merits of the underlying claim.

## NOTICE

17.     The City has provided notice of this Objection to Heritage's attorney. In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

18.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully asks this Court to enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this Objection and further relief as this Court may deem just and proper.

Dated: August 14, 2019

Respectfully submitted,

By: /s/Mary Beth Cobbs

MaRY BETH COBBS ( P40080)

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan  48226
Telephone: (313) 237-0470
Facsimile: (313) 224-5505
Cobbm @detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT LIST

Exhibit 1    Proposed Order

Exhibit 2    Notice

Exhibit 3    Certificate of Service

Exhibit 4    Claim 675

Exhibit 5    Claim 1835

Exhibit 6    Stay Modification Notice

Exhibit 7    Settlement

**EXHIBIT 1: PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER SUSTAINING CITY OF DETROIT'S**
**OBJECTION TO CLAIM NUMBER 1835 FILED BY**
**HERITAGE HOSPITAL / OAKWOOD HEALTH CARE, INC.**

Upon review of the *City of Detroit's Objection to Claim Number 1835 Filed by Heritage Hospital / Oakwood Health Care, Inc.* ("Objection"),[1] seeking entry of an order disallowing and expunging claim number 1835; and it appearing that this Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court finding that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court finding that venue of this proceeding and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and any objections or other responses to the

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Objection.

Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1.      The Objection is sustained.

2.      Claim number 1835 filed by Heritage Hospital / Oakwood Health Care, Inc. is disallowed and expunged in its entirety under Section 502(b) of the Bankruptcy Code.

3.      The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4.      The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5.      Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

## EXHIBIT 2: NOTICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## NOTICE OF THE CITY OF DETROIT'S
## OBJECTION TO CLAIM NUMBER 1835 FILED BY
## HERITAGE HOSPITAL / OAKWOOD HEALTH CARE, INC.

**PLEASE TAKE NOTICE THAT** the City of Detroit ("City") has filed an objection to claim number 1835 ("Claim") filed by Heritage Hospital / Oakwood Health Care, Inc. because the Claim was resolved by the settlement of a related claim and because no action has been taken to prosecute the Claim ("Objection").

If you do not want the court to change your Claim, or grant the relief requested in the Objection, then on or before **September 11, 2019**, you or your lawyer must:

1.     File with the court, at the address below, a written response to the objection.  Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.  All attorneys are required to file pleadings electronically.

2.      A copy of your response must also be mailed to counsel for the City:

MARY BETH COBBS, ESQ.
2 WOODWARD AVENUE, STE. 500
DETROIT, MI  48226

3.      You must also attend the hearing on the objection scheduled to be held on **September 18, 2019,** at 1:30 p.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 28226 unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim, in which event the hearing will be canceled and the objection sustained.**

CITY OF DETROIT

By: /s/ MARY BETH COBBS
     MARY BETH COBBS (P40080

Dated: Dated: August 14, 2019

## EXHIBIT 3: CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 14, 2019, she electronically filed the foregoing *City of Detroit's Objection to Claim Number 1835 Filed by Heritage Hospital / Oakwood Health Care, Inc.* ("Objection") with the Clerk of the Court which will provide notice of the filing to all ECF participants registered in this case. A copy of the Objection was also served upon the following, via first class mail, on the same date:

Bruce K. Pazner, PC
15200 East Jefferson, Suite 104
Grosse Pointe Park, MI 48230

By: /s/ MARY BETH COBBS

MARY BETH COBBS

Dated: August 14 2019

**In its List of Claims, the City listed your claim as a contingent, unliquidated, and disputed unsecured claim in an unknown amount. To determine if you need to file a claim, please refer to the enclosed Information About Deadlines to File Claims.**

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT    EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Jones, Devery

Name and address where notices should be sent:    NameID: 11701549
Jones, Devery
Mckenna, Brian A.
Sachs Waldman PC
~~XXXXXXXXXX~~
~~XXXXXXXXXX~~    2211 East Jefferson Avenue, Suite #200
Detroit, MI 48207-4160

Telephone number:              email:

FILED (I)

2014 FEB 03 P 3: 05

U.S. BANKRUPTCY COURT
EASTERN DISTRICT DETROIT

□ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above):

□ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

RECEIVED

FEB 04 2014

KURTZMAN CARSON CONSULTANTS

Telephone number:              email:

1. **Amount of Claim as of Date Case Filed:**    $    292,673.21

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

□ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. **Basis for Claim:**    Personal Injury Protection   PIP/No-Fault
(See instruction #2)

3. **Last four digits of any number by which creditor identifies debtor:** | 3a. **Debtor may have scheduled account as:**_____ (See instruction #3a)
---|---

4. **Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Nature of property or right of setoff:** □ Real Estate  □ Motor Vehicle  □ Other
Describe:

**Basis for perfection:** _____

**Value of Property:** $_____

**Amount of Secured Claim:** $_____

**Annual Interest Rate** (when case was filed)_____%  □ Fixed  or  □ Variable

**Amount Unsecured:** $_____

5. **Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**    $_____

5b. **Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** _____    $_____

6. **Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. **Documents:** Attached are *redacted* copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

8. **Signature:** (See instruction # 8)
Check the appropriate box.

□ I am the creditor.   ☒ I am the creditor's authorized agent.   □ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   □ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Brian McKenna
Title: Attorney
Company: Sachs Waldman PC
Address and telephone number (if different from notice address above):
_____
_____
_____

(Signature)    1/30/2014 (Date)

Telephone number: 313 496 9416   email: brianmckenna@sachswaldman.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**MAKE CHECK PAYABLE TO**

OAKWOOD HEALTHCARE GROUP III LL
PO BOX 67000
DEPT 212501
DETROIT, MI 48267-2125

**Return Service Requested**
For all billing questions, call (734)786-4931
Hrs. 7:00 am - 3:30 pm Mon - Fri

SEND TO
DEVERY JONES
21506 WALDRON
FARMINTON HILL, MI 48336

☐ Please check box if above address is incorrect or insurance
information has changed, and indicate changes on reverse side

IF PAYING BY CREDIT CARD FILL OUT BELOW

☐ MASTER CARD   ☐ VISA

| CARD NUMBER | EXP. DATE | SECURITY CODE |
|---|---|---|
| NAME ON CARD | SIGNATURE | |

| STATEMENT DATE | PAY THIS AMOUNT | ACCOUNT NO. |
|---|---|---|
| 04/17/2013 | 1625.00 | |

CHARGES AND CREDITS MADE AFTER STATEMENT
DATE WILL APPEAR ON NEXT STATEMENT

Show Amount
Paid Here   $

REMIT TO
OAKWOOD HEALTHCARE GROUP III LLC
PO BOX 67000
DEPT 212501
DETROIT, MI 48267-2125

**STATEMENT**

PLEASE DETACH AND RETURN TOP PORTION
WITH YOUR PAYMENT IN ENCLOSED ENVELOPE

| Date | Description | Provider | Diag. | Amount | Insurance Pending | Balance |
|---|---|---|---|---|---|---|
| | Patient : **DEVERY JONES** | | | | | |
| 12/03/2012 | **CRNA SERVICES** | SCHOPPER | 354.3 | 1625.00 | | 1625.00 |
| 12/10/2012 | Claim filed with STATEMENT HOLD | | | | | |

| | Under 35 | 36 - 69 | 70 - 104 | 105 - 139 | 140 - 174 | Over 175 | Total | 0.00 | 1625.00 |
|---|---|---|---|---|---|---|---|---|---|
| | 1625.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1625.00 | | |

RETURNED CHECKS ARE SUBJECT TO A $20 PROCESSING FEE. THIS
BALANCE IS YOUR RESPONSIBILITY. IF YOU HAVE ANY QUESTIONS
PLEASE FEEL FREE TO CONTACT OUR OFFICE.

**Amount Due** | 1625.00

OAKWOOD HEALTHCARE GROUP III LLC
PO BOX 67000
DEPT 212501
DETROIT, MI 48267-2125
Billing questions? Call (734)786-4931
Hrs. 7:00 am - 3:30 pm Mon - Fri

Page : 1 of 1

ANESTHESIA ASSOCIATES OF ANN ARBOR, PLLC
2006 Hogback Rd
Suite 5
Ann Arbor, MI 48105

MAY 3 1 2013

RETURN SERVICE REQUESTED

Business Phone: (734) 786-4931
Office Hours: Mon thru Fri 7:00 am to 4:30 pm
**To pay online visit:**
**www.myzpay.com/AssociatesofAnnArbor**
Stmt ID#: 327133896

98039-109

DEVERY JONES
21506 WALDRON ST
FARMINGTON HILLS MI 48336-5755

IF PAYING BY VISA OR MASTERCARD, FILL OUT BELOW

☐ VISA        ☐ MASTERCARD

CARD NUMBER                     EXP. DATE    AMOUNT

SIGNATURE                       MUST INCLUDE 3 DIGIT
                                SECURITY CODE FROM
                                BACK OF CARD

| STATEMENT DATE | AMOUNT DUE |  |
|---|---|---|
| 05/13/2013 | $2500.00 | |

CHARGES AND CREDITS MADE AFTER STATEMENT
DATE WILL APPEAR ON NEXT STATEMENT.

SHOW AMOUNT
PAID HERE $

■■■■ MAKE CHECKS PAYABLE / REMIT TO: ■■■

ANESTHESIA ASSOCIATES OF ANN ARBOR, PLLC
PO BOX 673286
DETROIT MI 48267-3286

☐ Please check box if above address is incorrect or insurance
information has changed, and indicate change(s) on reverse side.

**STATEMENT**

PLEASE DETACH AND RETURN TOP PORTION WITH
YOUR PAYMENT IN ENCLOSED ENVELOPE

| Date | Service # | Description | Charges and Credits | Pending | Guarantor Balance |
|---|---|---|---|---|---|
| | | Patient: DEVERY JONES | | | |
| 12/03/2012 | 954.3 | ANESTHESIOLOGIST SERVICES | | 0.00 | 2500.00 |
| 12/03/2012 | | Claim is in STATEMENT HOLD | 0.00 | | |
| | | Total for patient: DEVERY JONES | | | 2500.00 |

| | | | | **Total Due** | **2500.00** |
|---|---|---|---|---|---|

This balance is for Anesthesia services provided by an Anesthesiologist and/or CRNA. Your prompt
payment is appreciated. OFFICE HOURS = Monday thru Thursday 6:30 am to 4:00 pm. PHONE #: 734-786-
4931. Returned Checks are subject to a $20 processing fee.

**GUARANTOR RESPONSIBILITY**

| Under 35 | 36 - 69 | 70 - 104 | 105 - 139 | 140 - 174 | Over 175 | PLEASE PAY THIS AMOUNT |
|---|---|---|---|---|---|---|
| $0.00 | $2500.00 | $0.00 | $0.00 | $0.00 | $0.00 | **$2500.00** |

Account #: A4116109
ANESTHESIA ASSOCIATES OF ANN ARBOR, PLLC
TO PAY ONLINE VISIT
WWW.MYZPAY.COM/ASSOCIATESOFANNARBOR  RETURNED CHECKS
ARE SUBJECT TO A $20 PROCESSING FEE. THIS IS YOUR
SECOND NOTICE. PLEASE REMIT PAYMENT UPON RECEIPT. THANK
YOU!

**STATEMENT**

1 of 1

SEE REVERSE SIDE FOR IMPORTANT BILLING INFORMATION

SCANNED
H H

# HOMETHICS CASE MANAGEMENT, L.L.C.
### P.O. Box 7842
### Bloomfield Hills, MI 48302
#### Phone# 248-931-0200
#### Fax# 248-683-3165

# Fax



To: Brian McKenna & the City of Detroit

From: Beth McGinnis, R.N., C.C.M.

Fax: (313) 965-4315

Pages: 7

Phone:

Date: April 20, 2012

Re: Devery Jones

Claim #: A321050-000594-01

☐ Urgent    ☐ For Review    ☐ Please Comment    ☐ Please Reply    ☐ Please Recycle

● **Comments:** This message is intended for the use of the person or entity to which is addressed and may contain information that is privileged and confidential, the disclosure of which is governed by applicable law. If the reader of this message is not the intended recipient, or employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this information is STRICTLY PROHIBITED. If you have received this message in error, please notify us at the above number immediately and destroy the related message.

Thank you in advance for your time.

```
    2
  430 -
  782 -
  921 -
  573 -
+ 320 -
 $3026
```

Please call me regarding the status of this claim ASAP

Thanks Beth

| Claim Number | DATE/TIME | NUMBER | Phone Name | Bill |
|---|---|---|---|---|
| A321050-000594-01 | | | | |
| | 1/25/2012 2:37:53 PM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 1/25/2012 3:21:49 PM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 1/25/2012 3:22:21 PM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 1/29/2012 9:34:49 PM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 1/29/2012 9:35:49 PM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 1/29/2012 9:36:36 PM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 1/30/2012 10:28:11 AM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 1/30/2012 10:31:01 AM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 1/30/2012 10:31:56 AM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 1/30/2012 10:38:59 AM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 2/1/2012 12:58:07 PM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 2/6/2012 9:17:01 AM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 2/6/2012 10:42:42 AM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 2/6/2012 10:43:32 AM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 2/6/2012 10:50:07 AM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 2/6/2012 12:07:00 PM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 2/6/2012 1:25:46 PM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 2/6/2012 2:49:28 PM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 2/6/2012 2:56:35 PM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | 2/6/2012 2:57:00 PM | 1-(313)580-0773 | Devery Jones | $10.00 |
| | | | **Total** | $200.00 |

# Invoice

Please let me know if there are any questions regarding payment processing.

City of Detroit
Devery Jones

**Homethics Case Management**
PO Box 7842
Bloomfield Hills
MI 48302
248 931 0200
emcginnis3@aol.com

| | | | |
|---|---|---|---|
| Invoice# | 3328 | Description | October thru Nov 3rd |
| Date | 11/7/2011 | Terms | Payment to Homethics, Tax ID# 20-5700288 |
| Auth/PO | | | |

Claim
Number

| Type | Description | Date | Qty | Unit Price | Extension |
|---|---|---|---|---|---|
| 1 Time | Doctor's visit<br>Attended appointment with Dr. Bitar, rep from Wright and Filippis re: rehab needs | 11/3/2011 | 3.0 | 100.00 | 300.00 |
| 2 Mileage | Doctor's visit<br>RIM in Detroit for Dr. Bitar appointment | 11/3/2011 | 60.0 | .50 | 30.00 |
| 3 Time | Reviewed Documents<br>and Submitted Report | 11/3/2011 | 1.0 | 100.00 | 100.00 |
| | | | | Total | 430.00 |

Please find accompanying clinical documentation.

tps://www.ezbillmaker.com/eb/displaybill.run?user=7871802482401108794126144177400024186741...          1/

# Invoice

Please let me know if there are any questions regarding payment
processing.

City of Detroit
Devery Jones

## Homethics Case Management

PO Box 7842
Bloomfield Hills
MI 48302
248 931 0200
emcginnis3@aol.com

| | | | |
|---|---|---|---|
| Invoice# | 3314 | Description | September |
| Date | 9/1/2011 | Terms | Payment to Homethics, Tax ID# 20-5700288 |
| Auth/PO | | | |

Claim
Number

| Type | Description | Date | Qty | Unit Price | Extension |
|---|---|---|---|---|---|
| 1 Time | Met with Devery and his mother for overview of needs and status | 9/1/2011 | 3.2 | 100.00 | 320.00 |
| 2 Mileage | Met at Sach's Waldman in Detroit | 9/1/2011 | 64.0 | .50 | 32.00 |
| 3 Time | Doctor's visit Attended appointment at the RIM in Detroit | 9/29/2011 | 3.0 | 100.00 | 300.00 |
| 4 Mileage | Doctor's visit roundtrip to Detroit Rehabilitation Institute of Michigan | 9/29/2011 | 60.0 | .50 | 30.00 |
| 5 Time | see September call log | 9/30/2011 | 1.0 | 100.00 | 100.00 |
| | | | | Total | 782.00 |

Please find accompanying clinical documentation.

13-53846-tjt    Doc 13095    Filed 08/14/19   Entered 08/14/19 15:06:21    Page 19 of 48

tps://www.ezbillmaker.com/eb/displaybill.run?user=78718024824011087941261441774000241 8674...

# Invoice

Please let me know if there are any questions regarding payment processing.

City of Detroit
Devery Jones

**Homethics Case Management**
PO Box 7842
Bloomfield Hills
MI 48302
248 931 0200
emcginnis3@aol.com

| | | | | |
|---|---|---|---|---|
| Invoice# | 3362 | **Description** | January/February | |
| Date | 2/24/2012 | **Terms** | Payment to Homethics, Tax ID# 20-5700288 | |
| Auth/PO | | | | |

Claim
Number

| Type | Description | Date | Qty | Unit Price | Extension |
|---|---|---|---|---|---|
| 1 Time | Doctor's visit<br>Attended appointment with Dr. Bitar at RIM in Detroit.<br>Discussed surgeon options and psychiatric concerns | 1/12/2012 | 3.8 | 100.00 | 380.00 |
| 2 Mileage | Doctor's visit<br>to RIM in Detroit | 1/12/2012 | 60.0 | .50 | 30.00 |
| 3 Time | Doctor's visit<br>Dr. Najarian in Farmington for surgical consultation | 1/30/2012 | 3.0 | 100.00 | 300.00 |
| 4 Mileage | Dr. Najarian in Farmington Hills | 1/30/2012 | 22.0 | .50 | 11.00 |
| 5 Time | phone log for January and February<br>see itemized phone log | 2/10/2012 | 2.0 | 100.00 | 200.00 |
| | | | | Total | 921.00 |

Please find accompanying clinical documentation.

tps://www.ezbillmaker.com/eb/displaybill.run?user=78718024824011087941261441774000241 8674...

# Invoice

Please let me know if there are any questions regarding payment
processing.

City of Detroit
Devery Jones

**Homethics Case
Management**
PO Box 7842
Bloomfield Hills
MI 48302
248 931 0200
emcginnis3@aol.com

| Invoice# | 3372 | Description | March |
|---|---|---|---|
| Date | 3/21/2012 | Terms | Payment to Homethics, Tax ID# 20-5700288 |
| Auth/PO | | | |

Claim
Number

| Type | Description | Date | Qty | Unit Price | Extension |
|---|---|---|---|---|---|
| 1 Time | Doctor's visit<br>Attended appointment with Dr. Bitar for all rehab needs and surgical scheduling | 3/1/2012 | 3.1 | 100.00 | 310.00 |
| 2 Mileage | Doctor's visit<br>appointment with Dr. Bitar at RIM in Detroit | 3/1/2012 | 60.0 | .50 | 30.00 |
| 3 Time | Doctor's visit<br>Went to Dr. Weinstein waited for 15 mins, tried calling him and spoke to his mom but he didn't show up | 3/15/2012 | 1.2 | 100.00 | 120.00 |
| 4 Mileage | roundtrip to Dr. Weinstein in Livonia | 3/15/2012 | 26.0 | .50 | 13.00 |
| 5 Time | Reviewed Documents and Submitted Report | 4/20/2012 | 1.0 | 100.00 | 100.00 |
| | | | | Total | 573.00 |

Please find accompanying clinical documentation.

# Invoice

Please let me know if there are any questions regarding payment
processing.

City of Detroit
Devery Jones

**Homethics Case Management**
PO Box 7842
Bloomfield Hills
MI 48302
248 931 0200
emcginnis3@aol.com

| | | | |
|---|---|---|---|
| Invoice# | 3331 | **Description** | November |
| Date | 11/8/2011 | **Terms** | Payment to Homethics, Tax ID# 20-5700288 |
| Auth/PO | | | |

Claim
Number

| | Type | Description | Date | Qty | Unit Price | Extension |
|---|---|---|---|---|---|---|
| 0 | Time | Doctor's visit<br>attended appointment with Dr. Bitar at RIM | 11/3/2011 | 2.7 | 100.00 | 270.00 |
| 0a | Mileage | Doctor's visit<br>RIM in Detroit | 11/3/2011 | 60.0 | .50 | 30.00 |
| 1 | Time | Faxed documents<br>tried multiple times to send report and documents to law<br>department city of Detroit | 11/7/2011 | 0.1 | 100.00 | 10.00 |
| 2 | Time | Faxed documents<br>successfully faxed documents to Mr. Lenton | 11/8/2011 | 0.1 | 100.00 | 10.00 |
| | | | | | **Total** | 320.00 |

Please find accompanying clinical documentation.

ttps://www.ezbillmaker.com/eb/displaybill.run?user=787180248240110879412614417740002418674...

## *OUTSTANDING PIP EXPENSES*

**ATTENDANT CARE:**

1/24/12/-1/30/14 = 738 days

$28.00 x 6 hours = $168.00 per day = $168.00 x 738 days = **$123,984.00**

Total      **$123,984.00**

**MEDICAL EXPENSES**:

Homethics case management
(date of service 1/25/12-4/20/12)      $3,026.00

Wright and Filippis
(date of service 1/23/13-5/5/13)
insurance balance      $40,614.20

VHS Physician (Dr. Bitar)
(date of service 10/11/12-10/31/13
insurance balance      $660.00

Sinai ER physician in collection with Eagle
(date of service 4/29/13)      $71.00

Sinai Hospital in collection with UCB
(date of service 4/29/13)      $1,367.66

Rehab of MI
(date of service 1/3/13-10/31/13)      $7,974.36

Oakwood Healthcare Group in collection
with Accelerated Receivables Solutions)
(date of service 12/3/12)      $1,625.00

Anesthesia Associates of Ann Arbor in
collections with Accelerated Receivables
Solutions
(date of service 12/3/12)      $2,500.00

University Physician Group for Dr.
Zinberg
(date of service10/4/12-7/23/13)
insurance balance      $737.00

Oakwood Heritage
(date of service 12/3/12)                    $37,495.90

        **TOTAL:**          **$96,071.12**


**ATTENDANT CARE:**                    **$123,984.00**

**MEDICAL EXPENSES:**                  **$ 96,071.12**

**ATTORNEY FEES:**                     **$ 72,618.09**

        **TOTAL:**          **$292,673.21**

# THE INSURANCE CODE OF 1956 (EXCERPT)
## Act 218 of 1956

**500.3142 Personal protection benefits payable as loss accrues; overdue benefits.**

Sec. 3142. (1) Personal protection insurance benefits are payable as loss accrues.

(2) Personal protection insurance benefits are overdue if not paid within 30 days after an insurer receives reasonable proof of the fact and of the amount of loss sustained. If reasonable proof is not supplied as to the entire claim, the amount supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. Any part of the remainder of the claim that is later supported by reasonable proof is overdue if not paid within 30 days after the proof is received by the insurer. For the purpose of calculating the extent to which benefits are overdue, payment shall be treated as made on the date a draft or other valid instrument was placed in the United States mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery.

(3) An overdue payment bears simple interest at the rate of 12% per annum.

**History:** Add. 1972, Act 294, Eff. Mar. 30, 1973.

**Compiler's note:** Act 143 of 1993, which amended this section, was submitted to the people by referendum petition (as Proposal C) and rejected by a majority of the votes cast at the November 8, 1994, general election.

**Popular name:** Act 218

**Popular name:** Essential Insurance

**Popular name:** No-Fault Insurance

D. Jones (CAK)

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

**Name of Debtor:** City of Detroit, Michigan     **Case Number:** 13-53846

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Heritage Hospital / Oakwood Healthcare, Inc.

2014 FEB 20 A 10: 26

**Name and address where notices should be sent:**
Bruce K. Pazner, PC
15200 East Jefferson, Suite 104
Grosse Pointe Park, MI 48230
Telephone number: (313) 822-9944 email: bruce@pazner law.com

U.S. COURT USE ONLY

❏ Check this box if this claim amends a previously filed claim. IN-DETROIT

**Court Claim Number:** _____
*(If known)*

Filed on: _____

**Name and address where payment should be sent (if different from above):**
SAME AS ABOVE

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

RECEIVED

Telephone number:     email:

FEB 24 2014

**1. Amount of Claim as of Date Case Filed:** $ 37,495.90

KURTZMAN CARSON CONSULTANTS

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Personal Injury / Auto Accident
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** SSN # 5141

**3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $ _____

Nature of property or right of setoff: ❏ Real Estate ❏ Motor Vehicle ❏ Other
Describe:

**Basis for perfection:** _____

**Value of Property:** $ _____

**Amount of Secured Claim:** $ _____

**Annual Interest Rate** (when case was filed) _____% ❏ Fixed or ❏ Variable

**Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $ _____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** _____ . $ _____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (See instruction #7, and the definition of "redacted".) DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature:** (See instruction # 8)
Check the appropriate box.

❏ I am the creditor. ☒ I am the creditor's authorized agent.    ❏ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ❏ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: BRUCE K. PAZNER
Title: ATTORNEY
Company: BRUCE K. PAZNER PC
Address and telephone number (if different from notice address above):
_____
_____
_____

(Signature)     2/19/14    (Date)

Telephone number: (313) 822-9944 email: bruce@pazner law.com



1353846140220000000000193



HERITAGE HOSPITAL
10000 TELEGRAPH RD
TAYLOR          MI  481803330

HERITAGE HOSPITAL
DEPT 214101 PO BOX 67000
DETROIT          MI  482672141

12/03/2012 | 12/03/2012

131

JONES  DEVERY

21506 WALDRON

FARMINGTON HILL                    MI    48336

M                    3    1    01

11  11/30/2012

CITY OF DETROIT LAW
660 WOODWARD AVE
DETROIT          MI          48226

14        37495.90

| Rev Cd | Description | | Date | Units | Total |
|---|---|---|---|---|---|
| 0250 | PHARMACY | | 12/03/2012 | 9 | 32.20 |
| 0258 | IV SOLUTIONS | | 12/03/2012 | 2 | 6.70 |
| 0271 | NON-STER SUPPLY | | 12/03/2012 | 1 | 90.00 |
| 0360 | OR SERVICES | 25310RT | 12/03/2012 | 1 | 8181.70 |
| 0360 | OR SERVICES | 25310RT | 12/03/2012 | 1 | 4090.86 |
| 0360 | OR SERVICES | 25310RT | 12/03/2012 | 1 | 4090.86 |
| 0360 | OR SERVICES | 25310RT | 12/03/2012 | 1 | 4090.86 |
| 0360 | OR SERVICES | 25310RT | 12/03/2012 | 1 | 4090.86 |
| 0360 | OR SERVICES | 25310RT | 12/03/2012 | 1 | 4090.86 |
| 0370 | ANESTHESIA | | 12/03/2012 | 11 | 6429.00 |
| 0636 | DRUGS/DETAIL CODE | J2405 | 12/03/2012 | 8 | 3.00 |
| 0636 | DRUGS/DETAIL CODE | J2405 | 12/04/2012 | 4 | 1.50 |
| 0636 | DRUGS/DETAIL CODE | J2765 | 12/04/2012 | 1 | 1.50 |
| 0636 | DRUGS/DETAIL CODE | J3010 | 12/03/2012 | 4 | 6.00 |
| 0710 | RECOVERY ROOM | | 12/03/2012 | 3 | 2290.00 |

0001  PAGE 1   OF 1          CREATION DATE  10/15/2013   TOTALS       37495.90          0.00

AUTO ACCIDENT          00000          Y     Y                    37495.90          1487605168

JONES          DEVERY     18   A3210500005          UNKNOWN          94

3543     9089     V4976     30521     3051     4599

3543

LROPSL06XXX                    B3   282N00000X          ZINBERG          EPHRAIM
CITY OF DETROIT LAW                                1841366218
REBILL                                             ZINBERG          EPHRAIM

NUBC

12.352 17.30.36 000490 RPT=OBILLA80

8      HERITAGE HOSPITAL***       A80

| TYPE OF BILL | DATE OF BILL | DATE OF PREV.BILL |
|---|---|---|
| CYCLE | 12/17/12 | |
| INS. | | |

HERITAGE HOSPITAL***
DEPT 214101 PO 67000
DETROIT, MI
800 858-9503   LJB
FEI # 381405141H

48267-2141
BIRTH-DATE

PAGE NO. 1
HOSP.NO.

| L | R | PATIENT NAME | PATIENT NUMBER | SEX | AGE | ADMISSION DATE | DISCHARGE DATE | DAYS | OUT PATIENT |
|---|---|---|---|---|---|---|---|---|---|
| | | JONES ,DEVERY | | M | | 12/03/12 | | | |

GUAR PH:  313-580-0773

| GUARANTOR NAME AND ADDRESS | DEVERY JONES 21506 WALDRON FARMINGTON HILL,MI 48336 |
|---|---|

| C.O.B | INSURANCE COMPANY NAME | GROUP NUMBER | POLICY NUMBER |
|---|---|---|---|
| 1 | I AUTO ACCIDENT | | |
| | ZINBERG EPHRAIM MD | | |

AMOUNT OF PAYMENT  $

| DATE OF SERVICE | DESCRIPTION OF HOSPITAL SERVICES | SERVICE CODE | TOTAL CHARGES | EST. COVERAGE INS.CO. NO. 1 | EST. COVERAGE INS.CO. NO. 2 | EST. COVERAGE INS.CO. NO. 3 | EST. COVERAGE INS.CO. NO. 4 | PATIENT AMOUNT |
|---|---|---|---|---|---|---|---|---|
| | DETAIL OF CURRENT CHARGES, PAYMENTS AND ADJUSTMENTS | | | | | | | |
| 12/11 | CLAIM DOWNLOAD001 | 0791710 | | | | | | |
| 12/03 | MAJOR ADD 1/2 010 | 0810011 | 20670.00 | 20670.00 | | | | |
| 12/03 | MAJOR 1ST 1/2 001 | 0810103 | 7966.00 | 7966.00 | | | | |
| 12/03 | POHA PATIENT 007 | 0907940 | | | | | | |
| 12/03 | PACU L3 1ST 1/001 | 0980003 | 1348.00 | 1348.00 | | | | |
| 12/03 | PACU REC PHASE002 | 0980005 | 942.00 | 942.00 | | | | |
| 12/03 | GENERAL ANES 1001 | 0890003 | 839.00 | 839.00 | | | | |
| 12/03 | GENERAL ANES E010 | 0890004 | 5590.00 | 5590.00 | | | | |
| 12/03 | LACTATED RINGE001 | 9000418 | 3.35 | 3.35 | | | | |
| 12/03 | LACTATED RINGE001 | 9000418 | 3.35 | 3.35 | | | | |
| 12/03 | SODIUM CHLORID001 | 9000421 | | | | | | |
| 12/03 | SODIUM CHLORID001 | 9000421 | | | | | | |
| 12/03 | ONDANSETRON HC004 | 9000560 | 1.50 | 1.50 | | | | |
| 12/03 | ONDANSETRON HC004 | 9000560 | 1.50 | 1.50 | | | | |
| 12/03 | KETOROLAC 30MG001 | 9001390 | 2.20 | 2.20 | | | | |
| 12/03 | FENTANYL 2ML P001 | 9001474 | 1.50 | 1.50 | | | | |
| 12/03 | FENTANYL 2ML P001 | 9001474 | 1.50 | 1.50 | | | | |
| 12/03 | FENTANYL 2ML P001 | 9001474 | 1.50 | 1.50 | | | | |
| 12/03 | FENTANYL 2ML P001 | 9001474 | 1.50 | 1.50 | | | | |
| 12/03 | MIDAZOLAM HCL 001 | 9002543 | 2.20 | 2.20 | | | | |
| 12/03 | DIPRIVAN 200MG001 | 9003633 | 7.45 | 7.45 | | | | |
| 12/03 | DILAUDID 1MG/M002 | 9004056 | 5.95 | 5.95 | | | | |
| 12/04 | ONDANSETRON HC004 | 9000560 | 1.50 | 1.50 | | | | |
| 12/04 | METOCLOPRAMIDE001 | 9002742 | 1.50 | 1.50 | | | | |
| 12/03 | TOURNIQUET, CU001 | 0810284 | 90.00 | 90.00 | | | | |
| 12/04 | NORCO 10/325 T002 | 9002994 | 7.20 | 7.20 | | | | |
| 12/04 | NORCO 10/325 T002 | 9002994 | 7.20 | 7.20 | | | | |
| | SUMMARY OF CURRENT CHARGES | | | | | | | |
| | OR & RECOVERY | | 30926.00 | 30926.00 | | | | |
| | ANESTHESIA | | 6429.00 | 6429.00 | | | | |
| | PHARMACY | | 36.50 | 36.50 | | | | |

| PATIENT NUMBER | PLEASE REFER TO PATIENT NUMBER ON ALL INQUIRIES AND CORRESPONDENCE. | ADDITIONAL PATIENT BILLING MAY BE NECESSARY FOR ANY CHARGES NOT POSTED WHEN THIS STATE-MENT WAS PREPARED. OR IF INSURANCE CARRIERS DO NOT PAY ANY PART OF THE AMOUNTS SHOWN UNDER ESTIMATED INSURANCE COVERAGE. | |
|---|---|---|---|

12.352 17.30.36 000491 RPT=OBILLA80

| TYPE OF BILL | DATE OF BILL | DATE OF PREV.BILL | | | |
|---|---|---|---|---|---|
| CYCLE INS. | 12/17/12 | | 8 | HERITAGE HOSPITAL*** DEPT 214101 PO 67000 DETROIT, MI 800 858-9503 LJB FEI # 381405141H | A80 48267-2141 BIRTH-DATE |

PAGE NO. 2
HOSP.NO.

| L R | PATIENT NAME | PATIENT NUMBER | SEX | AGE | ADMISSION DATE | DISCHARGE DATE | DAYS | OUT PATIENT |
|---|---|---|---|---|---|---|---|---|
| | JONES ,DEVERY | | M | | 12/03/12 | | | |

GUAR PH: 313-580-0773

| GUARANTOR NAME AND ADDRESS | DEVERY JONES 21506 WALDRON FARMINGTON HILL,MI 48336 | C.O.B 1 | INSURANCE COMPANY NAME I AUTO ACCIDENT | GROUP NUMBER | POLICY NUMBER |
|---|---|---|---|---|---|
| | | | ZINBERG EPHRAIM MD | | |

| | AMOUNT OF PAYMENT | $ |
|---|---|---|

| DATE OF SERVICE | DESCRIPTION OF HOSPITAL SERVICES | SERVICE CODE | TOTAL CHARGES | EST. COVERAGE INS.CO. NO. 1 | EST. COVERAGE INS.CO. NO. 2 | EST. COVERAGE INS.CO. NO. 3 | EST. COVERAGE INS.CO. NO. 4 | PATIENT AMOUNT |
|---|---|---|---|---|---|---|---|---|
| | M & S SUPPLIES | | 90.00 | 90.00 | | | | |
| | PHARMACY | | 14.40 | 14.40 | | | | |
| | SUB-TOTAL OF CURR. CHARGES | | 37495.90 | 37495.90 | | | | |

GUAR RELATIONSHIP:       S                SEX  M        GUAR NO:   436518705
ACC DATE:   11/30/12   TYPE:  S     TIME:    1:31 PM    PLACE:       EMPL REL:
DIAGNOSIS:               354.3
                        354.3
PROCEDURE: 83.75        12/03/12
           25310        12/03/12
           25310        12/03/12
           25310        12/03/12
           25310        12/03/12

| T O T A L S | | | 37495.90 | 37495.90 | | | | |
|---|---|---|---|---|---|---|---|---|

| PATIENT NUMBER 509388237 | PLEASE REFER TO PATIENT NUMBER ON ALL INQUIRIES AND CORRESPONDENCE. | ADDITIONAL PATIENT BILLING MAY BE NECESSARY FOR ANY CHARGES NOT POSTED WHEN THIS STATEMENT WAS PREPARED, OR IF INSURANCE CARRIERS DO NOT PAY ANY PART OF THE AMOUNTS SHOWN UNDER ESTIMATED INSURANCE COVERAGE. |
|---|---|---|

HERITAGE HOSPITAL***
DETROIT, MI

## UNITED STATES BANKRUPTCY COURTEASTERN DISTRICT OF MICHIGANSOUTHERN DIVISION

```
------------------------------------------------------   x
                                                          :  Chapter 9
In re                                                     :: Case No. 13-53846
                                                          :: Hon. Steven W. Rhodes
CITY OF DETROIT, MICHIGAN,                                ::
                                  Debtor.                 :
------------------------------------------------------    x
```

### STAY MODIFICATION NOTICE

| | |
|---|---|
| Service Date: | December 16, 2014 (e-filing w/Court; Electronic service to Plaintiff's attorney |
| Designated Claimant(s): | Heritage Hospital/Oakwood Healthcare Inc. |
| Address: | c/o Bruce Pazner  (P-39913)<br>Attorney for Plaintiff<br>15200 E. Jefferson, Ste. 104.<br>Grosse Pointe park, MI 48230<br>(313) 8220-2244<br>bruce@paznerlaw.com |
| Proof of Claim Number(s): | 1835 |
| Caption of Any Pending Related Lawsuit: | Oakwood Healthcare, Inc (Devery Jones) and Home-Owners Insurance Company v. City of Detroit |
| Case Number: | 13-014290 NF |
| Court: | Third Circuit Court |

Co-Defendants (if any):

By this Stay Modification Notice, the City of Detroit (the "City") hereby provides notice that it has elected to permit the liquidation in a non-bankruptcy forum of the above-identified proofs of claim(s) (the "Claim(s)") in the City's case (the "Chapter 9 Case") under chapter 9 of title

K:\DOCS\LIT\BAILC\A32000\FORM\CB2657.WPD

11 of the United States Code (the "Bankruptcy Code"), pursuant to the procedures (the "ADR Procedures") established by the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Pre-petition Claims (Docket No. 2302) (the "ADR Order"), entered by the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court") on December 24, 2013.[1]

Section I.A of the ADR Procedures provides that the City may designate any proof of claim timely filed in the Chapter 9 Case (other than certain "Excluded Claims") for liquidation pursuant to the ADR Procedures by serving an ADR Notice on the applicable claimant. Any proof of claim designated for liquidation through the ADR Procedures is referred to as a "Designated Claim." Section I.A of the ADR Procedures further provides that certain timely filed proofs of claim (other than Excluded Claims) (collectively, the "Initial Designated Claims") shall be deemed to be Designated Claims subject to the ADR Procedures prior to the City serving an ADR Notice on the applicable claimant.

Paragraph 9 of the ADR Order provides, however, that the City in its sole discretion (a) may elect not to send an ADR Notice to any holder of an Initial Designated Claim and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice with respect to the Initial Designated Claim. In that event, except as provided below with respect to Multi-Party Tort Claims, immediately upon the filing of the Stay Modification Notice: (a) the automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from time to time by orders of the Bankruptcy Court (the "Stay"); or (b) any similar injunction (together with the Stay,

---

[1]     *Capitalized terms not otherwise defined herein have the meanings given to them in the ADR Order.*

K:\DOCS\LIT\BAILC\A32000\FORM\CB2657.WPD

the "Stay/Injunction") that may be imposed upon the confirmation or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "Chapter 9 Plan") is deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.

Certain Designated Claims (each, a "Multi-Party Tort Claim") arise out of personal injury actions (a) asserted concurrently against the City and one or more current or former members of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association or the Detroit Police Command Officers Association (each such member, a "Public Safety Union Member") and (b) with respect to which, the applicable Public Safety Union Member seeks related defense costs and/or an indemnification claim from the City (any such Public Safety Union Member, an "Indemnification Claimant," and any such claim, an "Indemnification Claim"). Concurrently with the filing of a Stay Modification Notice for a Multi-Party Tort Claim, the City shall serve a copy of the ADR Notice of the Public Safety Unions and on any related Indemnification Claimant known to the City. Pursuant to paragraph 9 of the ADR Order, solely in the case of Multi-Party Tort Claims, the Stay/Injunction is not deemed modified immediately upon the filing of the Stay Modification Notice. Instead, the Stay/Injunction is deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claims 35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) files a Stay Preservation Motion. If a Stay Preservation Motion is filed, then the Court will determine whether relief from the Stay/Injunction is appropriate with respect to the Multi-Party Tort Claim pursuant to the standards set forth in section 362(d) of the Bankruptcy Code. The City believes that the Claim(s) **[constitute/do not constitute]** Multi-Party Tort Claims.

K:\DOCS\LIT\BAILC\A32000\FORM\CB2657.WPD

Upon modification of the Stay/Injunction as a result of the filing and service of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in either: (a) the non-bankruptcy forum in which the Initial Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal or transfer of venue or other procedural relief; or (b) if the Initial Designated Claim was not pending in any forum on the Petition Date, then in the United States District Court for the Eastern District of Michigan or such other non-bankruptcy forum selected by you that (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim, (iii) has in rem jurisdiction over the property involved in the Initial Designated Claim (if applicable) and (iv) is a proper venue.

**The City has reviewed the Claim(s) and has elected, pursuant to paragraph 9 of the ADR Procedures, to permit the liquidation of the Claim(s) in a non-bankruptcy forum. Note that, if you do not promptly proceed with the prosecution of the Claim(s) in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim(s).** A copy of this Stay Modification Notice may be filed with the non-bankruptcy court in which the Claim(s) **[is/are]** to be liquidated as notice of the lifting of the Stay/Injunction to permit the applicable non-bankruptcy forum to adjudicate the liquidation of the Claim(s) for purposes of the Chapter 9 Case.

Following liquidation of the Claim(s), whether by settlement or final judgment, you will receive an allowed general unsecured non-priority claim against the City, in the liquidated amount of the claim, which will be treated in accordance with the terms of any Chapter 9 Plan, and not a full cash payment of the liquidated amount of the Claim(s). For the avoidance of doubt, pursuant to paragraph 10 of the ADR Order, all proceedings against the City (or any Indemnification

K:\DOCS\LIT\BAILC\A32000\FORM\CB2657.WPD

Claimant) relating to the Claim(s) following the liquidation of the Claim(s) shall remain subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms, conditions and limitations, the ADR Procedures or the ADR Order shall be determined by the Bankruptcy Court; provided that disputes about the jurisdiction of a matter presented to a non-bankruptcy court may be determined by such court.

City of Detroit Law Department

By:    _/s/ Mary Beth Cobbs_
        Mary Beth Cobbs (P-40080)
        Assistant Corporation Counsel
        2 Woodward Ave, Suite 500
        Detroit, MI 48226
        Phone: (313) 237-3075
        Email: cobbm@detroitmi.gov

By:    _/s/ Calvert Bailey_
        Calvert Bailey (P-42409)
        Assistant Corporation Counsel
        2 Woodward Ave, Suite 500
        Detroit, MI    48226
        Phone: (313) 237-0540
        Email:bailc@detroitmi.gov

Dated: December 16, 2014

UNITED STATES BANKRUPTCY COURTEASTERN DISTRICT OF
MICHIGANSOUTHERN DIVISION

----------------------------------------------------- x
                                                      :  Chapter 9
In re                                                 :: Case No. 13-53846
                                                      :: Hon. Steven W. Rhodes
CITY OF DETROIT, MICHIGAN,                            ::
                                   Debtor.            :
----------------------------------------------------- x

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2014, I electronically filed the Stay Modification Notice and Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

I hereby certify that I have additionally served the paper to the following participant(s) via electronic mail: Plaintiff's attorney: Bruce Pazner   (P-39913) whose email address is: bruce@paznerlaw.com

Dated: December 16, 2014

                              **City of Detroit Law Department**

                    By:     _/s/ Mary Beth Cobbs_
                            Mary Beth Cobbs (P-40080)
                            Assistant Corporation Counsel
                            2 Woodward Ave, Suite 500
                            Detroit, MI 48226
                            Phone: (313) 237-3075
                            Email: cobbm@detroitmi.gov

K:\DOCS\LIT\BAILC\A32000\FORM\CB2657.WPD

13-53846-tjt  Doc 13095  Filed 08/14/19  Entered 08/14/19 15:00:21  Page 35 of 48
13-53846-swr  Doc 8594  Filed 12/16/14  Entered 12/16/14 13:42:17  Page 5 of 6

## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

```
-----------------------------------------------------------x
                                            :
In re                                       :   Chapter 9
                                            :
CITY OF DETROIT, MICHIGAN,                  :   Case No. 13-53846
                                            :
                              Debtor.       :   Hon. Thomas J. Tucker
                                            :
-----------------------------------------------------------x
```

### AGREEMENT RESOLVING CLAIM OF DEVERY JONES

### THIS FORM IS FOR MOTOR VEHICLE CLAIMS ONLY

The City of Detroit (the "City") and the claimant identified in paragraph 3 below (the "Claimant" and, together with the City, the "Parties"), by and through their respective authorized representatives, do hereby agree as follows:

### RECITALS

A.      On July 18, 2013, the City commenced the above-captioned case (the "Chapter 9 Case") by filing a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court"). On December 5, 2013, following its determination that the City met all of the applicable requirements and is eligible to be a debtor under chapter 9 of the Bankruptcy Code, the Bankruptcy Court entered the Order for Relief Under Chapter 9 of the Bankruptcy Code (Docket No. 1946) with respect to the City.

B.      Pursuant to section 904 of the Bankruptcy Code, the City may continue to exercise its political and governmental powers, manage its property and revenues and use and enjoy its income-producing property without interference from the Bankruptcy Court.

C.	On December 24, 2013, the Bankruptcy Court entered the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "ADR Order") establishing certain alternative dispute resolution procedures (collectively, the "ADR Procedures") to promote the resolution of certain claims designated by the City.

D.	The Claimant is the current record holder of the proofs of claim identified under the heading "Filed Claim Number" in the table in paragraph 3 below (the "Filed Claims]").

E.	The City (i) reviewed the Filed Claim[s] and the facts and circumstances of the alleged liabilities asserted therein and (ii) designated the Filed Claim[s] for potential resolution through the ADR Procedures.

F.	The City believes that the resolution of the Filed Claim[s] as set forth in this Agreement is fair, reasonable and appropriate and will allow the Parties to avoid the cost, delay and burden of litigating potential disputes related to the Filed Claim[s]. In accordance with the ADR Order, the resolution of the Filed Claims set forth in this Agreement terminates the ADR Procedures with respect to the Filed Claims pursuant to section II.A.7 of the ADR Procedures.

G.	Pursuant to section 904 of the Bankruptcy Code, the City is authorized to propose and enter into this Agreement without further order of the Bankruptcy Court.

H.	The undersigned is authorized to enter into this Agreement on behalf of the City pursuant to a confidential memorandum dated March 25, 2014 that was issued to the City of Detroit Corporation Counsel by Kevyn Orr, Emergency Manager for the City of Detroit, entitled Litigation Claim Settlement Authority.

I.	The Parties have agreed to the terms set forth in this Agreement, as indicated by the signatures of their respective authorized representatives below.

## AGREEMENT

1. The Claimant represents and warrants to the City that it has not sold, assigned, factored or otherwise transferred any portion of or interest in the Filed Claim[s] and is the sole holder of the Filed Claim[s], with full authority to enter into this Agreement. The Claimant further agrees to indemnify and hold the City harmless for any damages, including without limitation actual and reasonable out of pocket costs, resulting from a breach of its representations and warranties set forth in this paragraph.

2. The current version of the City's proposed Plan of Adjustment provides different payment provisions for each of the three following category of claims arising from operation of City motor vehicles: (1) claims for personal protection benefits as provided by MCL 500.3107 and MCL 500.3108, for which insurance coverage is required by MCL 500.3101(1), ("PPI Claims"); (2) tort claims permitted by MCL 500.3135, for which residual liability insurance coverage is required by MCL 500.3101(1) and MCL 500.3135, ("Tort Claims"); and (3) claims for property protection benefits under MCL 500.3121 and MCL 500.3123 ("Property Claims"). Accordingly, it is necessary that this Settlement Agreement properly identify each type of claim.

3. Each of the Filed Claim[s] is deemed amended, modified and allowed, and to be paid as a PPI Claim, a Tort Claim or a Property Claim, as the case may be, in accordance with, and subject to the treatment provided for claims of that type under, any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan"), (any such claim, a "Settled MVA Claim"), in the corresponding amount set forth in the table below under the heading "Settled MVA Claim Amount. " **NOTE – if any bankruptcy claim combines two or more types of claims, the claims must be separated in the chart below:**

| Claimant | Filed Claim Number | Filed Claim Amount | Filed MVA Claim Type – identify as a PPI, Tort or Property Claim | Settled MVA Claim Amount | Settled MVA Claim Type– identify as a PPI, Tort or Property Claim |
|---|---|---|---|---|---|
| **Devery Jones** | 675 | $292,673.21 | PPI | $175,000.00 | PPI |
| | | | | | |

For any Tort Claims listed, identify all other bankruptcy claims that arise out of the same motor vehicle accident: _____

_____.

4. The Parties agree that any Filed Claim identified in paragraph 3 above for which there is no corresponding Settled Claim (or such amount is listed as $0.00) is hereby withdrawn and deemed disallowed and expunged, pursuant to section 502 of the Bankruptcy Code.

5. The Claimant will not further amend the Filed Claim[s] (or the Settled MVA Claim[s]) or file any additional proofs of claim with respect to the liabilities asserted in the Filed Claim[s]. Any further amendments to the Filed Claims (or the Settled MVA Claims) or any additional claims filed by the Claimant or their successors or assigns with respect to the liabilities asserted in the Filed Claims shall be null, void and of no effect.

6. The Parties agree that any Settled MVA Claim shall be paid in accordance with, and subject to the treatment provided for claims of that type under, any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan").

7. Any distribution made to the Claimant pursuant to a Plan is referred to herein as a "Plan Distribution." If the Claimant or its successors or assigns receive payment of any portion of the Settled Claims from any source, including from the City, other than through the Plan (a "Non-Plan

Payment"), the portion of the Settled MVA Claims equal to the amount of the Non-Plan Payments shall be deemed fully satisfied, and the Claimant, for itself and any successors or assigns, hereby prospectively waives and disclaims the right to receive Plan Distributions on account of the portion of the Settled MVA Claims satisfied by any Non-Plan Payments.

8. Nothing in this Agreement will have any impact on any proof(s) of claim that the Claimant has filed or holds other than the Filed Claims. The Parties retain all of their respective claims, defenses, objections, counterclaims and any and all rights in respect of any proofs of claim that the Claimant has filed or holds other than the Filed Claims.

9. As to the Filed Claims and Settled MVA Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City; provided, however, for PPI Claims, Claimant does not release claims arising after July 18, 2013, except to the extent such claims have been paid. The Claimant acknowledges that this Agreement represents the compromise of a disputed claim and is not to be construed as an admission of liability on the part of the City. As used in this Agreement, the Claimant and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any. Where required by the City, the Claimant has executed the Medicare Reporting and Indemnification Affidavit[s], if any, attached as Exhibit A.

10. The Claimant stipulates to the entry of an order dismissing with prejudice, and without costs or fees, any civil action[s] related to the Filed Claims or Settled Claims.

11. This Agreement may be executed in identical counterparts, and/or by facsimile or e-mail scan, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. This Agreement constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

WHEREFORE, the undersigned have executed this Agreement on behalf of the parties hereto.

City of Detroit

By: Krystal Crittendon

Name: _~~Krystal A. Crittendon~~_
(Signature)

Name: KRYSTAL A. CRITTENDON
(printed)

Title: Supervising Asst. Corp. Counsel

Date: ~~1000~~ 11-5-15

Devery Jones

Signature

Date: 8/18/2015

Claimant(s) counsel:

~~Brian~~ McKenna

Signature  As witness only
P-46671

Name: Brian A. McKenna
(printed)

Date: 8/18/2015

**Exhibit A – Medicare Reporting and Indemnification Agreement[s]**

# MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT

_Devery Jones_, being first duly sworn, deposes and says that I have filed a claim and/or lawsuit against the City of Detroit:

1. I certify under penalty of law that this Affidavit and all attachments were prepared with my knowledge and were reviewed by me. The information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of a fine and/or imprisonment for known violations. I hereby state under oath and subject to any penalties for perjury that the information contained in this Affidavit is true, correct and accurate.

2. I hereby understand that the City of Detroit will be relying upon this information in order to provide all of the required information to the United States Government, Department of Health and Human Services, Center for Medicare and Medicaid Services or their Medicare contractor in accordance with the Medicare, Medicaid and SCHIP Extension Act of 2007 and to be in compliance with the Medicare Secondary Payer Laws.

Circle One

3. I am currently receiving Medicare Benefits.............................. ..... yes or (no)

4. I will be Sixty Five years old within three years.............................. yes or (no)

4a. I have applied for Social Security Disability Benefits.............. (yes) or no

5. I have received a Social Security Disability Award Letter and

attached a copy hereto................................................................ (...yes) or no

6. Attached is a copy of my Social Security Disability Application.....yes or (no)

7. Attached is a copy of my Social Security denial letter and my

appeal of said denial.......................................................... yes or (no)

Page 1 of 5

8. I have End Stage Renal Disease.........................................................yes or (no)

9. That my full name and all aliases are:

   None
   _____
   _____

10. That my City of Detroit File/Matter Number is:

    A 37000 -007305
    _____

11. That my address is:

    14833 Rutherford, Detroit, MI 48227

12. That my Attorney's Name, Address and Contact Numbers are:

    Brian A. McKenna    2211 E. Jefferson, Ste 200
    Detroit  MI  48207,  313 496-9416

13. That my Date of Birth is:

    9/5/82
    _____

14. That my Social Security Number is:

    436 51 8705
    _____

15. That my Medicare HIC Number, if applicable is:

    Not Applicable - do not have one.

16. That I am attaching copies of the following information:

    a. Copy of the Judgment ............................................ yes or (no)

    b. Medical Records .................................................. yes or (no)

    c. Specific Description of my injuries _____

    _____

Page 2 of 5

13-53846-tjt    Doc 13095    Filed 08/14/19    Entered 08/14/19 15:06:21    Page 44 of 48

17.    Has anyone ever prepared for you:

a. A Life Care Plan........................................................... yes or no

b. Medicare Set Aside Cost Projections ..................................yes or no

c. Life expectancy projection ....................................yes or no

If yes to any questions above in #17, submit a copy to the City of Detroit.

18.    What specific body parts were impacted by the Injury/illness:

Rt. Brachial Plexus injury.
Left Leg amputation Radial nerve damage.

19. That my Gender is: _____✓____ Male    _____ Female

20.  That the accident which gave rise to this Claim/Lawsuit occurred on:

6/23/2006 (Date)

21. On 5/27/15 (Date), a Settlement or Judgement of my

Claim/Lawsuit was agreed to/rendered for the total amount of

One Hundred Seventy Five Thousand Dollars ($ 175,000.00).

22.    On the date of the accident/event, did any household family

member own an automobile with valid No Fault Insurance

coverage................................................................................( yes )or    no

Page 3 of 5

I, _Devery Jones_, HAVE READ THE ABOVE MEDICARE REPORTING AND INDEMNIFICATION AFFIDAVIT AND STATE THAT THE INFORMATION CONTAINED HEREIN IS TRUE AND CORRECT AND THAT IN THE EVENT THAT THE CITY OF DETROIT IS HELD LIABLE DUE TO ANY MISINFORMATION OR OMISSION OF INFORMATION BY AFFIANT IN THIS AFFIDAVIT, AFFIANT SHALL INDEMNIFY, HOLD HARMLESS AND REIMBURSE THE CITY OF DETROIT FOR ALL PAYMENTS, DAMAGES, MONIES, COSTS, ATTORNEY'S FEES, EXPENSES, MEDICARE LIENS, MEDICARE DEMANDS FOR REIMBURSEMENT, MEDICARE OFFSETS , MEDICARE FINES, MEDICARE PENALTIES AND ANY MEDICARE PAYMENTS INCURRED BY THE CITY OF DETROIT RESULTING FROM SAID OMISSION OR MISINFORMATION. FURTHER, I SHALL FULLY COOPERATE WITH THE CITY OF DETROIT IN ANY DISPUTE OR MATTERS RELATED TO THIS INCIDENT INVOLVING MEDICARE AND SHALL EXECUTE ALL DOCUMENTS REQUIRED OR REQUESTED BY THE CITY OF DETROIT, MEDICARE OR ITS AGENTS THAT MAY BE REQUIRED OR NECESSARY TO RESOLVE ANY SAID DISPUTE OR MATTER.

FURTHER AFFIANT SAITH NOT.

SIGNATURE OF THE CLAIMANT/PLAINTIFF

STATE OF MICHIGAN                    )
                                     )SS
COUNTY OF _WAYNE_____    )


This Medicare Reporting and Indemnification Affidavit was acknowledged, subscribed and

sworn to before me this _18th_ day of _August_ 2017, by _DEVERY   JONES_

_____, who hereby declares under penalty of perjury under the laws of the

State of Michigan that he or she is authorized in fact and law to execute this Medicare Reporting

and Indemnification Affidavit.

_____

Notary Public, _MACOMB_ County, MI

My Commission Expires: _7/2/2019_


Notary, Please ensure you use your notarial stamp or seal.

THERESE M ROSE
NOTARY PUBLIC, STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES JULY 2, 2019
ACTING IN THE COUNTY OF _Wayne_

| 20-NOV-15 | | | SACHS WALDMAN, PROFFESSIONAL CORPORATION | 1056860 |
|---|---|---|---|---|
| A | 12014951NF | 05-NOV-15 | POST LAW: MMM/MB/A370000/SETTLEMENT/CC APPRO | 0.00 | 175,000.00 |

## SETTLEMENT CHECK AFFIDAVIT

I, *Brian McKenna* being first duly sworn, deposes and says that on December 1, 2015, I received this settlement check as resolution for Devery Jones, Case No. 12-014951-NF

_____     _____
SIGNATURE

This Settlement Check Affidavit was acknowledged before me on this 1st day of December 2015, by City of Detroit Litigation Settlement Clerk.

_____
Notary Public, Wayne County, Michigan
My commission expires: October 19, 2018.

### ATTENTION

0.00          175,000.00

**NO INVOICE WILL BE HONORED WITHOUT A VALID CONTRACT OR PURCHASE ORDER.**

**ALL INVOICES MUST GO DIRECTLY TO ACCOUNTS PAYABLE OR YOUR INVOICE**

**WILL NOT BE HONORED**

▽ REMOVE DOCUMENT ALONG THIS PERFORATION ▽

# CITY OF DETROIT

9-9/720

| CHECK TYPE | ACCOUNTS PAYABLES | CHECK DATE | CHECK NUMBER | CHECK AMOUNT |
|---|---|---|---|---|
| PAY EXACTLY | | 20-NOV-15 | 3338801 | ****175,000.00 |

One Hundred Seventy-Five Thousand Dollars And 00 Cents*************

PAY TO THE ORDER OF:    SACHS WALDMAN, PROFFESIONAL CORPORATION
AND DEVERY JONES
2211 E JEFFERSON

DETROIT, MI  48207

VOID UNLESS PRESENTED WITHIN 90 DAYS

TREASURER

COMERICA BANK
Detroit, Michigan

DOCUMENT CONTAINS GREEN PANTOGRAPH & MICROPRINTING. BACK HAS THERMOCHROMIC INK & A WATERMARK. HOLD AT AN ANGLE TO VIEW. VOID IF NOT PRESENT.

⑾"3338801⑾" ⑆072000096⑆ 185227568 2⑾"

See Reverse Side For Easy Opening Instructions