# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S OBJECTION TO
## CLAIM NUMBER 1410 FILED BY WAWA PETROLEUM, INC.

The City of Detroit ("City") objects (this "Objection") to claim number 1410 ("Claim 1410") filed by Wawa Petroleum, Inc. ("Wawa"), respectfully stating as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII, Section A of the Plan (defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

1. On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court.

2. On November 12, 2013, the City filed its *Motion of Debtor Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain*

- 1 -

*Prepetition Claims* [Doc. No. 1665] ("ADR Procedures Motion"). On December 24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc. No. 2302] ("ADR Order").

3.      Paragraph 20 of the ADR Order states

> **Notwithstanding anything in this Order, the "ADR Procedures" that this Order approves (Annex 1), or in the ADR Procedures Motion, all lawsuits alleging claims against the City, its employees or both under 42 U.S.C. § 1983 that are pending in the United States District Court are referred to Chief United States District Judge Gerald Rosen for mediation under such procedures as he determines.**

ADR Order, ¶ 20 (boldface in original).

4.      On October 22, 2014, the City filed its *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045] ("Plan"), which the Court confirmed with slight modifications by order entered on November 12, 2014 [Doc. No. 8272].

5.      On February 18, 2014, Wawa filed Claim 1410 in the amount of $350,000.00 based on claims against the City and its police officers under 42 U.S.C. § 1983, which claims were pending in District Court Case Number 2:12-cv-14904-AJT-MAR ("Lawsuit"). *See* Exhibit 4, Claim 1410.

6.      Also on February 18, 2014, Gabriel Maton ("Gabriel"), Hassan Ouza ("Hassan"), and Hussein Fadel Ouza ("Hussein"; and collectively with Wawa, Gabriel, and Hassan, "Plaintiffs") filed claim number 1385 ("Claim 1385," Exhibit

5), claim number 1402 ("Claim 1402," Exhibit 6), and claim number 1413 ("Claim 1413," Exhibit 7), respectively, each in the amount of $350,000 and each based on the Lawsuit.

7.  On July 23, 2014, in accord with the ADR Order, the City served an Alternate Dispute Resolution Notice on counsel for Wawa, Hassan, and Hussein related to Claim 1410, Claim 1402, and Claim 1413 [Doc. No. 6224] referring the matter to mediation with Judge Gerald Rosen.  Exhibit 8, ADR Notice.

8.  Claim 1385 was resolved and allowed as a Class 15 Convenience Class Claim in the amount of $7,500, and the City thus paid Maton $1,875.

9.  Claim 1402 was resolved and allowed as a Class 15 Convenience Class Claim in the amount of $25,000, and the City thus paid Hassan $6,250.

10.  Claim 1413 was resolved and allowed as a Class 15 Convenience Class Claim in the amount of $25,000, and the City thus paid Hussein $6,250.

11.  Class 1410 was resolved for no payment in connection with resolution of the above claims.  No further action has been taken with regard to Claim 1410.

## ARGUMENT

12.  Bankruptcy Code section 502(b)(1) provides

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the

petition, and shall allow such claim in such amount, except to the extent that—

> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

11 U.S.C. § 502(b)(1).

13. Claim 1410 was resolved along with Claim 1385, Claim 1402, and Claim 1413. Wawa's lack of action with respect to Claim 1410 indicates that this is its understanding as well. Out of an abundance of caution, however, the City seeks a separate order disallowing and expunging Claim 1410.

## RELIEF REQUESTED

14. Claim 1410 should be disallowed and expunged under Bankruptcy Code section 502(b)(1), the ADR Order, and the ADR Procedures because it was resolved for no payment. The City attempted to accomplish this by stipulation, but was unable to do so. It thus files this Objection to remove Claim 1410 from the claims register.

## RESERVATION OF RIGHTS

15. The City files this Objection without prejudice to or waiver of its rights under section 904 of the Bankruptcy Code, and nothing herein is intended to constitute, constitutes, or may be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to the Court's interference with (a) any of the

34233353.1\022765-00213

political or governmental powers of the City, (b) the property or revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

16.     The City expressly reserves the right to amend, modify, or supplement this Objection.   Should the Court dismiss or overrule one or more grounds of objection stated in this Objection, the City reserves its right to object to Claim 1410 on other procedural and substantive grounds, and on the merits of the underlying claim.

## NOTICE

17.     The City has provided notice of this Objection to Wawa's attorney.  In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

18.     No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the City respectfully asks this Court to enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this Objection and further relief as this Court may deem just and proper.

Dated: August 19, 2019

Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    Ronald A. Spinner (P73198)
    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 963-6420
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

        and

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan 48226
    Telephone: (313)-237-0470
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

34233353.1\022765-00213

## EXHIBIT LIST

Exhibit 1    Proposed Order

Exhibit 2    Notice

Exhibit 3    Certificate of Service

Exhibit 4    Claim 1410

Exhibit 5    Claim 1385

Exhibit 6    Claim 1402

Exhibit 7    Claim 1413

Exhibit 8    ADR Notice

**EXHIBIT 1: PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER SUSTAINING CITY OF DETROIT'S OBJECTION TO CLAIM**
**NUMBER 1410 FILED BY WAWA PETROLEUM, INC.**

Upon review of the *City of Detroit's Objection to Claim Number 1410 Filed by Wawa Petroleum, Inc.* ("Objection"),[1] seeking entry of an order disallowing and expunging claim number 1410; and it appearing that this Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court finding that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court finding that venue of this proceeding and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and any objections or other responses to the Objection having been

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1.      The Objection is sustained.

2.      Claim number 1410 filed by Wawa Petroleum, Inc. is disallowed and expunged in its entirety under Section 502(b) of the Bankruptcy Code.

3.      The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4.      The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5.      Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

**EXHIBIT 2: NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF THE CITY OF DETROIT'S OBJECTION**
**TO CLAIM NUMBER 1410 FILED BY WAWA PETROLEUM, INC.**

**PLEASE TAKE NOTICE THAT** the City of Detroit ("City") has filed an objection to claim number 1410 ("Claim") filed by Wawa Petroleum, Inc. because the Claim against the City was resolved along with the settlement of related claims ("Objection").

If you do not want the court to change your Claim, or grant the relief requested in the Objection, then on or before **October 16, 2019**, you or your lawyer must:

1.     File with the court, at the address below, a written response to the objection.  Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

2.     A copy of your response must also be mailed to counsel for the City:

Marc N. Swanson
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson Ave., Ste. 2500
Detroit, MI 48226

3.     You must also attend the hearing on the objection scheduled to be held on **October 23, 2019**, at 1:30 p.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 28226 unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim, in which event the hearing will be canceled and the objection sustained.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
      Marc N. Swanson (P71149)
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated: Dated: August 19, 2019

## EXHIBIT 3: CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 19, 2019, he electronically filed the foregoing *City of Detroit's Objection to Claim Number 1410 Filed by Wawa Petroleum, Inc.* ("Objection") with the Clerk of the Court which will provide notice of the filing to all ECF participants registered in this case. A copy of the Objection was also served upon the following, via first class mail, on the same date:

John F. Harrington
Law Offices of John F. Harrington
30500 Van Dyke Ave., Ste M200
Warren, MI 48093

Joel B. Sklar
615 Griswold., Suite 1116
Detroit, MI 48226

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

Dated: August 19, 2019

# EXHIBIT 4: CLAIM 1410

In its List of Claims, the
in an unknown amount. To determine if you need to file a claim, please refer to the enclosed information
About Deadlines to File Claims.

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

Name of Debtor: **City of Detroit, Michigan**   Case Number: **13-53846**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Wawa Petroleum, Inc.

Name and address where notices should be sent:   NameID: 11702271
Wawa Petroleum, Inc.
Harrington, John F.
Law Offices of John F. Harrington
30500 Van Dyke Ave Ste M200
Warren, MI 48093
Telephone number:                   email:

☐ Check this box if this claim amends a previously filed claim.

**FILED**

COURT USE ONLY

**FEB 2014**

**US Bankruptcy Court**
**MI Eastern District**

Filed on: _____

Name and address where payment should be sent (if different from above):

Joel B. Sklar
615 Griswold, Suite 1116
Detroit, MI 48226
Telephone number: 313/963-4529  email: joelsklarlaw@gmail.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

**FEB 24 2014**

KURTZMAN CARSON CONSULTANTS

**1. Amount of Claim as of Date Case Filed:**   $ ~~350,000.00~~

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** ~~Personal injury lawsuit including~~ claims under 42 USC 1983
(See instruction #2)

**3.** Last four digits of any number by which creditor identifies debtor: **3846**   **3a.** Debtor may have scheduled account as: _____
(See instruction #3a)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ _____

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Basis for perfection: _____

**Value of Property:** $ _____

Amount of Secured Claim: $ _____

**Annual Interest Rate (when case was filed)_____% ☐ Fixed or ☐ Variable**

Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**   $ _____

**5b. Amount of Claim Otherwise Entitled to Priority.** Specify Applicable Section of 11 U.S.C. § _____.   $ _____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature:** (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.   ☒ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Joel Sklar
Title: Lawyer
Company: Law Offices of Joel B. Sklar
Address and telephone number (if different from notice address above):
615 Griswold, Suite 1116
Detroit, MI 48226
Telephone number: 313/963-4529   email: joelsklarlaw@gmail.com

(Signature)         02-18-2014   (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAWA PERTROLEUM, INC, a
Michigan corporation, HASSAN OUZA,
HUSSEIN FADEL OUZA and GABRIEL
MATON,

                        HON.  Arthur J. Tarnow
                        CASE NO.: 2:12-cv-14904

          Plaintiffs,

Vs.

CITY OF DETROIT, D/B/A THE CITY OF
DETROIT POLICE DEPARTMENT and CITY OF
DETROIT POLICE OFFICER MAREK, in his
Individual capacity, CITY OF DETROIT POLICE
OFFICER E. FJOLLA, in his individual capacity, And
CITY OF DETROIT POLICE SERGENT, JOHN DOE
Jointly and severally,

          Defendants.

_____/

JOEL B. SKLAR P38338
Attorney for Plaintiffs
615 Griswold, Suite 1116
Detroit, MI 48226
313-863-4529
joelb79@hotmail.com

JERRY ASHFORD P47402
CITY OF DETROIT LAW DEPT.
Attorney for Defendant City of Detroit
660 Woodward, suite 1650
Detroit, MI 48226
313-237-3089
ashfj@detroitmi.gov

_____/

## FIRST AMENDED COMPLAINT AND JURY DEMAND

    Plaintiffs Wawa Petroleum, Inc., Hassan Ouza, Hussein Fadel Ouza and Gabriel Maton,

by and through their attorney, Joel B. Sklar, file this First Amended Complaint and Jury Demand

and state:

1.  This action is brought pursuant to the *Fourth* and *Fourteenth Amendments* to the United States Constitution and 42 USC §§ 1981, 1983 and 1985 as a result of Defendant's use of excessive force which occurred on or about October 26, 2012.

2.  Plaintiff Wawa Petroleum, Inc. is a Michigan corporation in good standing which is located and conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

3.  Plaintiff Hassan Ouza is an individual who conducts business in the City of Detroit, and is a resident of Wayne County, Michigan which is situated in this District.

4.  Plaintiff Hussein Fadel Ouza is an individual who conducts business in the City of Detroit and is a resident of Wayne County, Michigan which is situated in this District.

5.  Plaintiff Gabriel Maton is an individual who conducts business in the City of Detroit and is a resident of Wayne County, Michigan which is situated in this District.

6.  Defendant City of Detroit is a Michigan municipality which operates the City of Detroit Police Department in the City of Detroit, Wayne County, Michigan which is situated in this District.

7.  Defendant City of Detroit Police Officer Marek is an individual who conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

8.      Defendant City of Detroit Police Officer E. Fjolla is an individual who conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

9.      Defendant City of Detroit Police Sergeant John Doe, whose exact identity in unknown at present, is an individual who conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

10.     At the time alleged in this Complaint, the actions of the individual Defendants were intentional and illegal, unconstitutional and constitute an intentional tort. As such the individually named Defendants are not entitled to the defense of governmental immunity.

11.     When the events alleged in this Complaint occurred, the individual named Defendants were violating each Plaintiff's clearly established constitutional rights and their actions were clearly unreasonable. As such, the individually named Defendants are not entitled to the defense of qualified immunity.

12.     The individually named Defendants are each being sued in their individual capacity.

13.     The acts, transactions and events which give rise to this action all occurred in the City of Detroit, Wayne County, Michigan.

14.     This Court has jurisdiction over this matter pursuant to 28 USC § 1331 and the amount in controversy exceeds the jurisdictional limits of this court, exclusive of costs, fees and interest.

## COMMON FACTUAL ALLEGATIONS

15.     Plaintiffs re-allege paragraphs 1 through 14 word for word.

16.     Plaintiff Wawa Petroleum, Inc. operates a gas station at 8001 Gratiot, in the City
        of Detroit.

17.     Plaintiffs Hassan Ouza, Hussein Fadel Ouza and Gabriel Maton are employees of
        Wawa Petroleum, Inc.

18.     On or about October 26, 2012, at approximately 10:30 p.m., Plaintiffs were all
        working at the gas station.

19.     At approximately 10:30 p.m., Defendants Marek and Fjolla came to the gas
        station in order to leave a memo advising businesses in the area of a spate of
        robberies. ("Crime Alert" Memo, Ex. A.)

20.     The officers approached Plaintiff Hussein Fadel Ouza, who was working at the
        cash register which is located behind a locked door and bullet-proof glass.

21.     Plaintiff's Hassan Ouza and Gabriel Maton were working in the back of the
        cooler area located in the convenience store area of the gas station.

22.     The officers demanded that Plaintiff Hussein Fadel Ouza immediately open the
        locked door to gain access to the cashier's booth and back offices.

23.     Plaintiff Hussein Fadel Ouza denied the officers demand and instructed the
        officers to simply slide the memo into the slot in the bullet-proof glass.

24.     Instead of simply placing the memo in the slot, the officers again demanded entry
        into the locked cashier's booth and back offices.

25.     Plaintiff Hussein Fadel Ouza told the officers that he would not open the locked
        areas without a search warrant.

26.    The officers became irate and told Plaintiff Hussein Fadel Ouza that they were "the fucking Detroit police" and that they did not need any warrant to search the premises or gain access to the cashier's booth or back offices.

27.    Again, Plaintiff Hussein Fadel Ouza told the officers that he would not allow access to the cashier's booth or back office area without a search warrant that would authorize access.

28.    The individual Defendant officers proceeded to kick yank, pull and otherwise try to forcibly open the locked door to the cashier's booth.

29.    The individual Defendant officers' actions caused significant damage to the door and placed Plaintiff in fear for their safety and well-being.

30.    The individual Defendant officers' unjustifiable and violent actions took place while the gas station was open for business and customers were utilizing the gas station, including the convenience store portion of the gas station.

31.    The two officers then contacted a Sergeant who arrived at the scene.

32.    Defendant Sergeant John Doe demanded that Plaintiff Hussein Fadel Ouza open the locked door to the cashier's booth and back offices.

33.    Defendant Sergeant John Doe then proceeded to have the officers lock the door to the gas station thereby denying access to customers.

34.    Again, for the reasons stated above, Plaintiff Hussein Fadel Ouza refused to open the locked door.

35.    The three officers then proceeded to use a baton and other means to break down the door to the cashier booth and back offices.

36.    The officers also tried to gain access to the secured areas of the gas station by entry though the cooler in the convenience area of the gas station began to remove product from the cooler.

37.    Plaintiff Hassan Ouza contacted attorney, Mark Haidar, to inform him of the officers' wrongful conduct.

38.    Attorney Haidar spoke with Defendant Sergeant who informed him that the officers were there to conduct an inspection.

39.    Defendant Sergeant's statement to Mr. Haidar, however, was not true and none of the officers had any document of any kind concerning any such "inspection" of the gas station.

40.    Plaintiffs Hassan Ouza and Hussein Fadel Ouza relented and opened the door fearing both for their safety and to stop the officers from causing further damage to the door and other parts of the gas station.

41.    When the door was opened it fell off its hinges due to the violent damage caused by Defendant officers.

42.    Upon gaining unlawful access to the cashier's booth and back office the officers conducted an illegal search of the entire premises.

43.    The officers also placed Plaintiff Hussein Fadel Ouza in handcuffs, placed Gabriel Maton (who was working in the cooler area) in handcuffs and restricted the movement of Plaintiff Hassan Ouza.

44.    The officers arrested Plaintiff Hussein Fadel Ouza under arrest and issued him a misdemeanor violation for selling loose cigarettes.

45.  This misdemeanor charge was a complete fabrication and ill-conceived effort by Defendants to cover-up and otherwise justify their unlawful conduct.

46.  The officers asked Plaintiff Maton for his identification which he did not have on his person.

47.  The officers, without any justification or excuse, then arrested Plaintiff Maton, who is African-American, and took him to jail where he remained for five days.

48.  During the above incident, Defendant officers told Plaintiffs that Defendant officers could do what they wanted because they were "the fucking Detroit Police" and that "Arabs and Blacks were taking over the City."

49.  Plaintiffs Hassan Ouza and Hussein Fadel Ouza are of Arabic descent. Defendant Maton is African-American.

50.  As a result of Defendants unlawful actions, Wawa Petroleum, Inc. was closed to the public for approximately two and one-half hours and lost revenues.

## COUNT I

## VIOLATION OF ALL PLAINTIFFS' *FOURTH* AND *FOURTEENTH* *AMENDMENT* RIGHTS FOR UNLAWFUL SEARCH AND SEIZURE PURSUANT TO 42 USC SECTION 1983

51.  Plaintiffs re-allege paragraphs 1 through 50 word for word.

52.  The *Fourth Amendment* to the U.S. Constitution prohibits unreasonable search and seizures of persons and property.

53.  The *Fourteenth Amendment* to the U.S. Constitution guarantees all persons due process of law.

54.  At all pertinent times, the individual Defendants were acting under color of law.

55. The individual Defendants lacked any probable cause, legal justification, or excuse to conduct a search and/or seizure of any Plaintiff.

56. The individual Defendants lacked any legal justification or excuse to search Plaintiff Wawa Petroleum, Inc. without a search warrant.

57. The individual Defendants lacked any legal justification or excuse to search any individual Plaintiff without a search warrant.

58. The individual Defendants lacked any legal justification or excuse to arrest any Plaintiff without a search warrant.

59. Each Plaintiff's right to be free from unreasonable search and/or seizure guaranteed under *Fourth Amendment* was clearly established at the time Defendants violated Plaintiffs' constitutional rights.

60. Each Plaintiff's right to due process guaranteed under the *Fourteenth Amendment* was clearly established at the time Defendants violated Plaintiffs' constitutional rights.

61. The individual Defendants search and/or arrest of Plaintiffs when there was no legal right or justification to do so was in willful and wanton disregard of each Plaintiff's clearly established *Fourth Amendment* and *Fourteenth Amendments* rights under the Constitution of the United States of America and 42 U.S.C. § 1983.

62. The individual Defendants do not have qualified immunity because any reasonable police officer should have known that the actions described above were in violation of Plaintiffs' *Fourth* and *Fourteenth Amendment* rights conferred to them by the Constitution of the United States of America.

63.   As a direct and proximate result of the actions of the individual Defendants Plaintiffs suffered injury and damage including, but not limited to:

   a.   emotional distress, loss of enjoyment of life;

   b.   humiliation, anguish and pain and suffering;

   c.   fear and anxiety;

   d.   mortification;

   e.   and other injuries compensable under 42 USC §1983 and related statutes, and;

   f.   economic loss as to Wawa Petroleum for the damage to the premises and loss of revenues.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

## COUNT II

## CIVIL CONSPIRACY IN VIOLATION OF 42 USC SECTION 1985(3)

64.   Plaintiff re-alleges paragraphs 1 through 63 word for word.

65.   The individual Defendants conspired to deprive the individual Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the law.

66.   The individual Defendants committed acts described above in furtherance of the object of the conspiracy whereby Plaintiffs person or property was injured or there were deprived of any right or privilege of a citizen of the United States.

67.   The individual Defendants discriminatory animus is reflected in their statements that "Arabs and Blacks were taking over the City."

68. Plaintiff Hassan Ouza and Hussein Fadel Ouza are of Arabic decent and Plaintiff Gabriel Maton is African-American.

69. The individual Defendants actions as described above violate 42 USC Section 1985(3).

70. As a direct and proximate result of the actions of the individual Defendants Plaintiffs suffered injury and damage including, but not limited to:

     A.     emotional distress, loss of enjoyment of life;

     B.     humiliation, anguish and pain and suffering;

     C.     fear and anxiety;

     D.     mortification;

     E.     and other injuries compensable under 42 USC §1983 and related statutes, and;

     F.     economic loss as to Wawa Petroleum for the damage to the premises and loss of revenues.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

## COUNT III

## VIOLATIONS OF THE CITY OF DETROIT

70. Plaintiffs hereby incorporate by reference all previously stated paragraphs.

71. The individual Defendants committed the Constitutional violations described in this Complaint as a result of the training and/or lack of

training, policies, procedures, and customs adopted by the City of Detroit

Police Department and the lack of discipline implemented by the City of

Detroit Police Department.

72.     Defendant, City of Detroit, through its Police Department, failed to

properly train, monitor, direct, discipline, and supervise its officers, and

knew or should have known that the officers would engage in the

complained behavior given the improper training, customs, procedures,

and policies of the Detroit Police Department, and the lack of disciplined

imposed.

73.     Due to all of the aforementioned policies, practices, procedures and

customs of Defendant City of Detroit and Defendant City of Detroit's

failure to properly and adequately train, monitor, instruct, direct, discipline

and supervise the individual Defendants Toward, Defendant City of Detroit was

reckless and deliberately indifferent to a likelihood that the constitutional rights of

the public and particularly of Plaintiff would be violated.

74.     The improper policies, practices, procedures and customs of Defendant

City of Detroit, as well as the improper training, monitoring, instruction,

direction, discipline and supervision by the City of Detroit Police

Department, proximately caused the violation of Plaintiff's *Fourth* and

*Fourteenth Amendment* rights.

75.     As a direct and proximate result of the actions of the individual Defendants

Plaintiffs suffered injury and damage including, but not limited to:

                A.      emotional distress, loss of enjoyment of life;

B.    humiliation, anguish and pain and suffering;

C.    fear and anxiety;

D.    mortification;

E.    and other injuries compensable under 42 USC §1983 and
      related statutes, and;

F.    economic loss as to Wawa Petroleum for the damage to the
      premises and loss of revenues.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

## COUNT IV

### FALSE IMPRISONMENT

76.   Plaintiffs re-allege paragraphs 1 through 75.

77.   The individual Defendants restrained, falsely arrested, detained and/or falsely
      imprisoned Plaintiffs  without probable cause or legal justification or excuse.

78.   The imprisonment and restraint were against Plaintiffs will.

79.   The individual Defendants accomplished the imprisonment and restraint by actual
      force by actual physical force, and the deprivation of Plaintiff's liberty and
      freedom was intentional, unlawful, unprivileged, and without probable
      cause.

80.   As a direct and proximate result of the actions of the individual Defendants
      Plaintiffs suffered injury and damage including, but not limited to:

A.   emotional distress, loss of enjoyment of life;

B.   humiliation, anguish and pain and suffering;

C.   fear and anxiety;

D.   mortification;

E.   and other injuries compensable under 42 USC §1983 and
related statutes.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

## COUNT V

## ASSAULT AND BATTERY

81.   Plaintiffs re-allege paragraphs 1 through 80 word for word.

82.   At all pertinent times, the individual Plaintiffs were law abiding citizens who had
not committed any crimes or other offenses.

83.   The individual Defendants were acting in their capacity as City of Detroit law
enforcement officers.

84.   As described above, the individual Defendants subjected the individual Plaintiffs
to unwanted touching and placed Plaintiffs in imminent and well-founded fear of
bodily harm.

85.   The individual Defendants had the ability to carry out their threats and did, in fact,
assault and batter the individual Plaintiffs.

86.   As a direct and proximate result of the individual Defendants assault and battery,

Plaintiffs suffered injury and damage including, but not limited to:

      a.      emotional distress, loss of enjoyment of life;

      b.      humiliation, anguish and pain and suffering;

      c.      fear and anxiety;

      d.      mortification;

      e.      and other injuries compensable under 42 USC §1983 and related statutes.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

                    /s/ Joel B. Sklar
                    JOEL B. SKLAR P38338
                    Attorney for Plaintiffs
                    615 Griswold, Suite 1116
                    Detroit, MI 48226
                    313-963-4529
                    joelb79@hotmail.com

**PLAINTIFFS RELIANCE ON PREVIOUSLY FILED JURY DEMAND**

Plaintiffs rely on their previously filed jury demand in this matter.

                    /s/ Joel B. Sklar
                    JOEL B. SKLAR P38338
                    Attorney for Plaintiffs
                    615 Griswold, Suite 1116
                    Detroit, MI 48226
                    313-963-4529
Dated: January 8, 2013             joelb79@hotmail.com

# EXHIBIT A

# CRIME ALERT

CITY OF DETROIT
POLICE DEPARTMENT

To:        All Gas Station Owners and Employees

Subject:   **RECENT OCCURRENCE OF ROBBERIES OF GAS STATIONS IN THE PRECINCT**

From:      Sergeant Charles Spruce

There has been multiple robberies of gas stations in the Northeastern District within the last few days. There is a three or four man robbery crew working the area. One person will look out while the others enter the gas station armed with assault rifles demanding cash and cigarettes. The robberies are occurring during the midnight hours and there has been no vehicle description given. The perpetrators are described as African American males, unknown age, six feet tall wearing dark clothing and ski masks. Please be vigilant in looking out for these perpetrators and notify the police immediately by dialing 911 if you see or hear anything regarding these perpetrators. We are dedicated to making our Precincts safe and friendly for our business owners, citizens and visitors but we need the help of the citizens and businesses alike.

**CHARLES SPRUCE
SERGEANT
Northeastern District
5100 E. Nevada
313 596-5118**

# Crime Alert

### Detroit Police Department Northeastern District
### 5100 E. Nevada Detroit Mi. 48234
### 313 596-1118

**Date:** 10/10/2012

**Crime:** Attempt Armed Robbery/Business
**Location:** 6500 Van Dyke   **MOBIL MART GAS STATION**
**Date & Time:** 10/10/2012   4:55 AM

**Suspect:** Black/Male/20-25, 5'2" tall 160 lbs. black mask over lower half of face, black hooded
         sweat shirt and black pants

**Weapon:** Black machine gun
**Vehicle:** Black 2001 Chevy Trailblazer, possibly stolen
**Entry/Exit:** Front of building

          The gas station clerk was seated behind security glass when he observed
the above vehicle speeding down Van Dyke. The suspect crashed into the front
of the building, exited the vehicle armed with a black machine gun and fired one
shot and attempted to gain entry through the security door. The suspect failed to
gain entry and left the gas station on foot.

**Crime:** Armed Robbery/Business
**Location:** 10070 Gratiot   **SPEEDY GAS STATION**
**Date & Time:** 10/11/2012   12:45 AM
**Weapon:** Black machine gun
**Suspects:** Three black/males 6' tall wearing ski masks and dark clothing.

          Two masked suspects enter the gas station one was armed with and
assault rifle. A third suspect stood by the door as a lookout. One suspect
demanded money from the cash register and then demanded some Newport
cigarettes. The clerk complied and the suspects left the location on foot. While
leaving one of the suspects stated **"Have a nice day"**

**Crime:** Armed Robbery/Business
**Location:** 9700 Van Dyke   **CITGO GAS STATION**
**Date & Time:** 10/11/2012   12:57 AM
**Weapon:** Black machine gun
**Suspects:** Three black/males 6' tall wearing ski masks and dark clothing

Three masked suspects entered the location, one was armed with an assault rifle. The armed suspect demanded all the money from the register or he would shoot through the glass. The third suspect stood by the door as a lookout. The armed suspect ordered the clerk to put the money in a black plastic bag along with Newport cigarettes. The suspects left on foot and while leaving one of the suspects said **"Thank you for your cooperation"**

**Crime:** Armed Robbery/Business
**Location:** 1900 E. McNichols     **CITGO GAS STATION**
**Date & Time:** 10/11/2012   1:05 AM
**Weapon:** Black machine gun
**Suspects:** Three Black/Males 6' tall wearing ski masks and dark clothing

Three masked suspects entered the gas station, two were armed with assault rifles. One suspect demanded the money from the register and the third stood by the door as a lookout. The clerk emptied the cas register and the suspects left the location on foot.

**Crime:** Armed Robbery/Business
**Location:** 1640 E. McNichols     **SHELL GAS STATION**
**Date & Time:** 10/17/12   6:30 am
**Weapon:** Black Machine Gun
**Suspects:** Three Black/Males 6' tall wearing ski masks and dark clothing

Three masked suspects entered the gas station, one was armed with an assault rifle and announced a hold up, "Give me the money". The clerk handed over $400.00 from the cash register and the suspects left the gas station getting into an older model (1995 – 2000) white Chevy Blazer fleeing east on McNichols.

**Crime :** Attempt Armed Robbery/Business
**Location:** 9365 Van Dyke     **MYSTIC GAS STATION**
**Date & Time:** 10/19/2012   5:10 AM
**Weapon:** Black Machine Gun
**Suspects:** Three Black/Males 6' tall wearing ski masks and black jackets

Three masked suspects entered the gas station (one suspect holding the door open), one suspect held the assault rifle and stated " give me the cash register". The clerk immediately picked up the telephone and dialed 911. the suspects fled the gas station on foot taking nothing.

# EXHIBIT 5: CLAIM 1385

B10 (Official Form 10) (04/13) (Modified)

Claim #1385  Date Filed: 2/18/2014

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

Name of Debtor: **City of Detroit, Michigan**    Case Number: **13-53846**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**MATON, GABRIEL**

Name and address where notices should be sent:    NameID:

**Joel B. Sklar**
**615 Griswold, Suite 1116**
**Detroit, MI 48226**

Telephone number: **313/963-4529** email:  **joelsklarlaw@gmail.com**

Name and address where payment should be sent (if different from above):

Telephone number:                email:

**FILED**

**FEB 0 8 2014**

US Bankruptcy Court
MI Eastern District

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
*(if known)*

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

**FEB 24 2014**

KURTZMAN CARSON CONSULTAN

1. Amount of Claim as of Date Case Filed:    $ **350,000.00**

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: **Personal injury lawsuit including claims under 42 USC 1983**
   (See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: **3846**    3a. Debtor may have scheduled account as:_____
   (See instruction #3a)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate (when case was filed)_____% ☐ Fixed or ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:    $_____

Basis for perfection:_____

Amount of Secured Claim:    $_____

Amount Unsecured:    $_____

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).    $_____

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §_____.    $_____

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

7. Documents: Attached are *redacted* copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and *redacted* copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

8. Signature: (See instruction # 8)
Check the appropriate box.

☐ I am the creditor.  ☒ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: **Joel Sklar**
Title: **Lawyer**
Company: **Law Offices of Joel B. Sklar**
Address and telephone number (if different from notice address above):
**615 Griswold, Suite 1116**
**Detroit, MI 48226**
Telephone number: **313/963-4529** email: **joelsklarlaw@gmail.com**

(Signature)                (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonm



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAWA PERTROLEUM, INC, a
Michigan corporation, HASSAN OUZA,
HUSSEIN FADEL OUZA and GABRIEL
MATON,

                HON.  Arthur J. Tarnow
                CASE NO.: 2:12-cv-14904

              Plaintiffs,

Vs.

CITY OF DETROIT, D/B/A THE CITY OF
DETROIT POLICE DEPARTMENT and CITY OF
DETROIT POLICE OFFICER MAREK, in his
Individual capacity, CITY OF DETROIT POLICE
OFFICER E. FJOLLA, in his individual capacity, And
CITY OF DETROIT POLICE SERGENT, JOHN DOE
Jointly and severally,

              Defendants.

_____/

JOEL B. SKLAR P38338
Attorney for Plaintiffs
615 Griswold, Suite 1116
Detroit, MI 48226
313-863-4529
joelb79@hotmail.com

JERRY ASHFORD P47402
CITY OF DETROIT LAW DEPT.
Attorney for Defendant City of Detroit
660 Woodward, suite 1650
Detroit, MI 48226
313-237-3089
ashfj@detroitmi.gov

_____/

**FIRST AMENDED COMPLAINT AND JURY DEMAND**

      Plaintiffs Wawa Petroleum, Inc., Hassan Ouza, Hussein Fadel Ouza and Gabriel Maton,

by and through their attorney, Joel B. Sklar, file this First Amended Complaint and Jury Demand

and state:

1.     This action is brought pursuant to the *Fourth* and *Fourteenth Amendments* to the United States Constitution and 42 USC §§ 1981, 1983 and 1985 as a result of Defendant's use of excessive force which occurred on or about October 26, 2012.

2.     Plaintiff Wawa Petroleum, Inc. is a Michigan corporation in good standing which is located and conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

3.     Plaintiff Hassan Ouza is an individual who conducts business in the City of Detroit, and is a resident of Wayne County, Michigan which is situated in this District.

4.     Plaintiff Hussein Fadel Ouza is an individual who conducts business in the City of Detroit and is a resident of Wayne County, Michigan which is situated in this District.

5.     Plaintiff Gabriel Maton is an individual who conducts business in the City of Detroit and is a resident of Wayne County, Michigan which is situated in this District.

6.     Defendant City of Detroit is a Michigan municipality which operates the City of Detroit Police Department in the City of Detroit, Wayne County, Michigan which is situated in this District.

7.     Defendant City of Detroit Police Officer Marek is an individual who conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

8.      Defendant City of Detroit Police Officer E. Fjolla is an individual who conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

9.      Defendant City of Detroit Police Sergeant John Doe, whose exact identity in unknown at present, is an individual who conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

10.     At the time alleged in this Complaint, the actions of the individual Defendants were intentional and illegal, unconstitutional and constitute an intentional tort. As such the individually named Defendants are not entitled to the defense of governmental immunity.

11.     When the events alleged in this Complaint occurred, the individual named Defendants were violating each Plaintiff's clearly established constitutional rights and their actions were clearly unreasonable. As such, the individually named Defendants are not entitled to the defense of qualified immunity.

12.     The individually named Defendants are each being sued in their individual capacity.

13.     The acts, transactions and events which give rise to this action all occurred in the City of Detroit, Wayne County, Michigan.

14.     This Court has jurisdiction over this matter pursuant to 28 USC § 1331 and the amount in controversy exceeds the jurisdictional limits of this court, exclusive of costs, fees and interest.

## COMMON FACTUAL ALLEGATIONS

15.     Plaintiffs re-allege paragraphs 1 through 14 word for word.

16.  Plaintiff Wawa Petroleum, Inc. operates a gas station at 8001 Gratiot, in the City of Detroit.

17.  Plaintiffs Hassan Ouza, Hussein Fadel Ouza and Gabriel Maton are employees of Wawa Petroleum, Inc.

18.  On or about October 26, 2012, at approximately 10:30 p.m., Plaintiffs were all working at the gas station.

19.  At approximately 10:30 p.m., Defendants Marek and Fjolla came to the gas station in order to leave a memo advising businesses in the area of a spate of robberies. ("Crime Alert" Memo, Ex. A.)

20.  The officers approached Plaintiff Hussein Fadel Ouza, who was working at the cash register which is located behind a locked door and bullet-proof glass.

21.  Plaintiff's Hassan Ouza and Gabriel Maton were working in the back of the cooler area located in the convenience store area of the gas station.

22.  The officers demanded that Plaintiff Hussein Fadel Ouza immediately open the locked door to gain access to the cashier's booth and back offices.

23.  Plaintiff Hussein Fadel Ouza denied the officers demand and instructed the officers to simply slide the memo into the slot in the bullet-proof glass.

24.  Instead of simply placing the memo in the slot, the officers again demanded entry into the locked cashier's booth and back offices.

25.  Plaintiff Hussein Fadel Ouza told the officers that he would not open the locked areas without a search warrant.

26.    The officers became irate and told Plaintiff Hussein Fadel Ouza that they were
       "the fucking Detroit police" and that they did not need any warrant to search the
       premises or gain access to the cashier's booth or back offices.

27.    Again, Plaintiff Hussein Fadel Ouza told the officers that he would not allow
       access to the cashier's booth or back office area without a search warrant that
       would authorize access.

28.    The individual Defendant officers proceeded to kick yank, pull and otherwise try
       to forcibly open the locked door to the cashier's booth.

29.    The individual Defendant officers' actions caused significant damage to the door
       and placed Plaintiff in fear for their safety and well-being.

30.    The individual Defendant officers' unjustifiable and violent actions took place
       while the gas station was open for business and customers were utilizing the gas
       station, including the convenience store portion of the gas station.

31.    The two officers then contacted a Sergeant who arrived at the scene.

32.    Defendant Sergeant John Doe demanded that Plaintiff Hussein Fadel Ouza open
       the locked door to the cashier's booth and back offices.

33.    Defendant Sergeant John Doe then proceeded to have the officers lock the door to
       the gas station thereby denying access to customers.

34.    Again, for the reasons stated above, Plaintiff Hussein Fadel Ouza refused to open
       the locked door.

35.    The three officers then proceeded to use a baton and other means to break down
       the door to the cashier booth and back offices.

36.    The officers also tried to gain access to the secured areas of the gas station by entry though the cooler in the convenience area of the gas station began to remove product from the cooler.

37.    Plaintiff Hassan Ouza contacted attorney, Mark Haidar, to inform him of the officers' wrongful conduct.

38.    Attorney Haidar spoke with Defendant Sergeant who informed him that the officers were there to conduct an inspection.

39.    Defendant Sergeant's statement to Mr. Haidar, however, was not true and none of the officers had any document of any kind concerning any such "inspection" of the gas station.

40.    Plaintiffs Hassan Ouza and Hussein Fadel Ouza relented and opened the door fearing both for their safety and to stop the officers from causing further damage to the door and other parts of the gas station.

41.    When the door was opened it fell off its hinges due to the violent damage caused by Defendant officers.

42.    Upon gaining unlawful access to the cashier's booth and back office the officers conducted an illegal search of the entire premises.

43.    The officers also placed Plaintiff Hussein Fadel Ouza in handcuffs, placed Gabriel Maton (who was working in the cooler area) in handcuffs and restricted the movement of Plaintiff Hassan Ouza.

44.    The officers arrested Plaintiff Hussein Fadel Ouza under arrest and issued him a misdemeanor violation for selling loose cigarettes.

45. This misdemeanor charge was a complete fabrication and ill-conceived effort by Defendants to cover-up and otherwise justify their unlawful conduct.

46. The officers asked Plaintiff Maton for his identification which he did not have on his person.

47. The officers, without any justification or excuse, then arrested Plaintiff Maton, who is African-American, and took him to jail where he remained for five days.

48. During the above incident, Defendant officers told Plaintiffs that Defendant officers could do what they wanted because they were "the fucking Detroit Police" and that "Arabs and Blacks were taking over the City."

49. Plaintiffs Hassan Ouza and Hussein Fadel Ouza are of Arabic descent. Defendant Maton is African-American.

50. As a result of Defendants unlawful actions, Wawa Petroleum, Inc. was closed to the public for approximately two and one-half hours and lost revenues.

## COUNT I

## VIOLATION OF ALL PLAINTIFFS' *FOURTH* AND *FOURTEENTH* *AMENDMENT* RIGHTS FOR UNLAWFUL SEARCH AND SEIZURE PURSUANT TO 42 USC SECTION 1983

51. Plaintiffs re-allege paragraphs 1 through 50 word for word.

52. The *Fourth Amendment* to the U.S. Constitution prohibits unreasonable search and seizures of persons and property.

53. The *Fourteenth Amendment* to the U.S. Constitution guarantees all persons due process of law.

54. At all pertinent times, the individual Defendants were acting under color of law.

55. The individual Defendants lacked any probable cause, legal justification, or excuse to conduct a search and/or seizure of any Plaintiff.

56. The individual Defendants lacked any legal justification or excuse to search Plaintiff Wawa Petroleum, Inc. without a search warrant.

57. The individual Defendants lacked any legal justification or excuse to search any individual Plaintiff without a search warrant.

58. The individual Defendants lacked any legal justification or excuse to arrest any Plaintiff without a search warrant.

59. Each Plaintiff's right to be free from unreasonable search and/or seizure guaranteed under *Fourth Amendment* was clearly established at the time Defendants violated Plaintiffs' constitutional rights.

60. Each Plaintiff's right to due process guaranteed under the *Fourteenth Amendment* was clearly established at the time Defendants violated Plaintiffs' constitutional rights.

61. The individual Defendants search and/or arrest of Plaintiffs when there was no legal right or justification to do so was in willful and wanton disregard of each Plaintiff's clearly established *Fourth Amendment* and *Fourteenth Amendments* rights under the Constitution of the United States of America and 42 U.S.C. § 1983.

62. The individual Defendants do not have qualified immunity because any reasonable police officer should have known that the actions described above were in violation of Plaintiffs' *Fourth* and *Fourteenth Amendment* rights conferred to them by the Constitution of the United States of America.

63.    As a direct and proximate result of the actions of the individual Defendants Plaintiffs suffered injury and damage including, but not limited to:

      a.    emotional distress, loss of enjoyment of life;

      b.    humiliation, anguish and pain and suffering;

      c.    fear and anxiety;

      d.    mortification;

      e.    and other injuries compensable under 42 USC §1983 and related statutes, and;

      f.    economic loss as to Wawa Petroleum for the damage to the premises and loss of revenues.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

## COUNT II

## CIVIL CONSPIRACY IN VIOLATION OF 42 USC SECTION 1985(3)

64.    Plaintiff re-alleges paragraphs 1 through 63 word for word.

65.    The individual Defendants conspired to deprive the individual Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the law.

66.    The individual Defendants committed acts described above in furtherance of the object of the conspiracy whereby Plaintiffs person or property was injured or there were deprived of any right or privilege of a citizen of the United States.

67.    The individual Defendants discriminatory animus is reflected in their statements that "Arabs and Blacks were taking over the City."

68.   Plaintiff Hassan Ouza and Hussein Fadel Ouza are of Arabic decent and Plaintiff
      Gabriel Maton is African-American.

69.   The individual Defendants actions as described above violate 42 USC Section
      1985(3).

70.   As a direct and proximate result of the actions of the individual Defendants
      Plaintiffs suffered injury and damage including, but not limited to:

        A.   emotional distress, loss of enjoyment of life;

        B.   humiliation, anguish and pain and suffering;

        C.   fear and anxiety;

        D.   mortification;

        E.   and other injuries compensable under 42 USC §1983 and
           related statutes, and;

        F.   economic loss as to Wawa Petroleum for the damage to the
           premises and loss of revenues.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the
jurisdictional limit of the court, together with costs, fees and interest and all other relief,
including punitive damages, to which Plaintiffs may be entitled.

## COUNT III

### VIOLATIONS OF THE CITY OF DETROIT

70.   Plaintiffs hereby incorporate by reference all previously stated paragraphs.

71.   The individual Defendants committed the Constitutional violations
      described in this Complaint as a result of the training and/or lack of

training, policies, procedures, and customs adopted by the City of Detroit

Police Department and the lack of discipline implemented by the City of

Detroit Police Department.

72.   Defendant, City of Detroit, through its Police Department, failed to

properly train, monitor, direct, discipline, and supervise its officers, and

knew or should have known that the officers would engage in the

complained behavior given the improper training, customs, procedures,

and policies of the Detroit Police Department, and the lack of disciplined

imposed.

73.   Due to all of the aforementioned policies, practices, procedures and

customs of Defendant City of Detroit and Defendant City of Detroit's

failure to properly and adequately train, monitor, instruct, direct, discipline

and supervise the individual Defendants Toward, Defendant City of Detroit was

reckless and deliberately indifferent to a likelihood that the constitutional rights of

the public and particularly of Plaintiff would be violated.

74.   The improper policies, practices, procedures and customs of Defendant

City of Detroit, as well as the improper training, monitoring, instruction,

direction, discipline and supervision by the City of Detroit Police

Department, proximately caused the violation of Plaintiff's *Fourth* and

*Fourteenth Amendment* rights.

75.   As a direct and proximate result of the actions of the individual Defendants

Plaintiffs suffered injury and damage including, but not limited to:

A.   emotional distress, loss of enjoyment of life;

B.    humiliation, anguish and pain and suffering;

C.    fear and anxiety;

D.    mortification;

E.    and other injuries compensable under 42 USC §1983 and
related statutes, and;

F.    economic loss as to Wawa Petroleum for the damage to the
premises and loss of revenues.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the
jurisdictional limit of the court, together with costs, fees and interest and all other relief,
including punitive damages, to which Plaintiffs may be entitled.

**COUNT IV**

**FALSE IMPRISONMENT**

76.    Plaintiffs re-allege paragraphs 1 through 75.

77.    The individual Defendants restrained, falsely arrested, detained and/or falsely
imprisoned Plaintiffs  without probable cause or legal justification or excuse.

78.    The imprisonment and restraint were against Plaintiffs will.

79.    The individual Defendants accomplished the imprisonment and restraint by actual
force by actual physical force, and the deprivation of Plaintiff's liberty and
freedom was intentional, unlawful, unprivileged, and without probable
cause.

80.    As a direct and proximate result of the actions of the individual Defendants
Plaintiffs suffered injury and damage including, but not limited to:

A.     emotional distress, loss of enjoyment of life;

B.     humiliation, anguish and pain and suffering;

C.     fear and anxiety;

D.     mortification;

E.     and other injuries compensable under 42 USC §1983 and

related statutes.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

## COUNT V

## ASSAULT AND BATTERY

81.     Plaintiffs re-allege paragraphs 1 through 80 word for word.

82.     At all pertinent times, the individual Plaintiffs were law abiding citizens who had not committed any crimes or other offenses.

83.     The individual Defendants were acting in their capacity as City of Detroit law enforcement officers.

84.     As described above, the individual Defendants subjected the individual Plaintiffs to unwanted touching and placed Plaintiffs in imminent and well-founded fear of bodily harm.

85.     The individual Defendants had the ability to carry out their threats and did, in fact, assault and batter the individual Plaintiffs.

86.     As a direct and proximate result of the individual Defendants assault and battery,

Plaintiffs suffered injury and damage including, but not limited to:

    a.      emotional distress, loss of enjoyment of life;

    b.      humiliation, anguish and pain and suffering;

    c.      fear and anxiety;

    d.      mortification;

    e.      and other injuries compensable under 42 USC §1983 and related statutes.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

           /s/ Joel B. Sklar
             JOEL B. SKLAR P38338
             Attorney for Plaintiffs
             615 Griswold, Suite 1116
             Detroit, MI 48226
             313-963-4529
             joelb79@hotmail.com

**PLAINTIFFS RELIANCE ON PREVIOUSLY FILED JURY DEMAND**

Plaintiffs rely on their previously filed jury demand in this matter.

           /s/ Joel B. Sklar
             JOEL B. SKLAR P38338
             Attorney for Plaintiffs
             615 Griswold, Suite 1116
             Detroit, MI 48226
             313-963-4529
             joelb79@hotmail.com

Dated: January 8, 2013

# EXHIBIT A

# CRIME ALERT

**CITY OF DETROIT**
**POLICE DEPARTMENT**

To:      All Gas Station Owners and Employees

Subject:  **RECENT OCCURRENCE OF ROBBERIES OF GAS STATIONS IN THE PRECINCT**

From:   Sergeant Charles Spruce

     There has been multiple robberies of gas stations in the Northeastern District within the last few days. There is a three or four man robbery crew working the area. One person will look out while the others enter the gas station armed with assault rifles demanding cash and cigarettes. The robberies are occurring during the midnight hours and there has been no vehicle description given. The perpetrators are described as African American males, unknown age, six feet tall wearing dark clothing and ski masks. Please be vigilant in looking out for these perpetrators and notify the police immediately by dialing 911 if you see or hear anything regarding these perpetrators. We are dedicated to making our Precincts safe and friendly for our business owners, citizens and visitors but we need the help of the citizens and businesses alike.

**CHARLES SPRUCE**
**SERGEANT**
**Northeastern District**
**5100 E. Nevada**
**313 596-5118**

# Crime Alert

## Detroit Police Department Northeastern District
### 5100 E. Nevada Detroit Mi. 48234
### 313 596-1118

**Date:** 10/10/2012

**Crime:** Attempt Armed Robbery/Business
**Location:** 6500 Van Dyke   **MOBIL MART GAS STATION**
**Date & Time:** 10/10/2012   4:55 AM

**Suspect:** Black/Male/20-25, 5'2" tall 160 lbs. black mask over lower half of face, black hooded sweat shirt and black pants

**Weapon:** Black machine gun
**Vehicle:** Black 2001 Chevy Trailblazer, possibly stolen
**Entry/Exit:** Front of building

The gas station clerk was seated behind security glass when he observed the above vehicle speeding down Van Dyke. The suspect crashed into the front of the building, exited the vehicle armed with a black machine gun and fired one shot and attempted to gain entry through the security door. The suspect failed to gain entry and left the gas station on foot.

**Crime:** Armed Robbery/Business
**Location:** 10070 Gratiot   **SPEEDY GAS STATION**
**Date & Time:** 10/11/2012   12:45 AM
**Weapon:** Black machine gun
**Suspects:** Three black/males 6' tall wearing ski masks and dark clothing.

Two masked suspects enter the gas station one was armed with and assault rifle. A third suspect stood by the door as a lookout. One suspect demanded money from the cash register and then demanded some Newport cigarettes. The clerk complied and the suspects left the location on foot. While leaving one of the suspects stated **"Have a nice day"**

**Crime:** Armed Robbery/Business
**Location:** 9700 Van Dyke   **CITGO GAS STATION**
**Date & Time:** 10/11/2012   12:57 AM
**Weapon:** Black machine gun
**Suspects:** Three black/males 6' tall wearing ski masks and dark clothing

Three masked suspects entered the location, one was armed with an assault rifle. The armed suspect demanded all the money from the register or he would shoot through the glass. The third suspect stood by the door as a lookout. The armed suspect ordered the clerk to put the money in a black plastic bag along with Newport cigarettes. The suspects left on foot and while leaving one of the suspects said **"Thank you for your cooperation"**

**Crime:** Armed Robbery/Business
**Location:** 1900 E. McNichols   **CITGO GAS STATION**
**Date & Time:** 10/11/2012   1:05 AM
**Weapon:** Black machine gun
**Suspects:** Three Black/Males 6' tall wearing ski masks and dark clothing

Three masked suspects entered the gas station, two were armed with assault rifles. One suspect demanded the money from the register and the third stood by the door as a lookout. The clerk emptied the cas register and the suspects left the location on foot.

**Crime:** Armed Robbery/Business
**Location:** 1640 E. McNichols   **SHELL GAS STATION**
**Date & Time:** 10/17/12   6:30 am
**Weapon:** Black Machine Gun
**Suspects:** Three Black/Males 6' tall wearing ski masks and dark clothing

Three masked suspects entered the gas station, one was armed with an assault rifle and announced a hold up, "Give me the money". The clerk handed over $400.00 from the cash register and the suspects left the gas station getting into an older model (1995 – 2000) white Chevy Blazer fleeing east on McNichols.

**Crime :** Attempt Armed Robbery/Business
**Location:** 9365 Van Dyke   **MYSTIC GAS STATION**
**Date & Time:** 10/19/2012   5:10 AM
**Weapon:** Black Machine Gun
**Suspects:** Three Black/Males 6' tall wearing ski masks and black jackets

Three masked suspects entered the gas station (one suspect holding the door open), one suspect held the assault rifle and stated " give me the cash register". The clerk immediately picked up the telephone and dialed 911. the suspects fled the gas station on foot taking nothing.

# EXHIBIT 6: CLAIM 1402

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT  EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|

Name of Debtor: **City of Detroit, Michigan**   Case Number: **13-53846**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Ouza, Hassan

**FILED**

Name and address where notices should be sent:   NameID: 11702272
Ouza, Hassan
Harrington, John F.
Law Offices of John F. Harrington
30500 Van Dyke Ave Ste M200
Warren, MI 48093
Telephone number:            email:

**FEB 18 2014**

**US Bankruptcy Court**
**MI Eastern District**

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
(If known)

Name and address where payment should be sent (if different from above):

Joel B. Sklar
615 Griswold, Suite 1116
Detroit, MI 48226
Telephone number: 313/963-4529 email: joelsklarlaw@gmail.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**RECEIVED**

**FEB 24 2014**

KURTZMAN CARSON CONSULTAN

**1. Amount of Claim as of Date Case Filed:**  $ 350,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Personal injury lawsuit including claims under 42 USC 1983
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**  3846   |   **3a. Debtor may have scheduled account as:**_____ (See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

**Value of Property:** $_____

**Annual Interest Rate (when case was filed)_____%** ☐ Fixed or ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**   $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____.**   $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☐ I am the creditor.  ☒ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Joel Sklar
Title: Lawyer
Company: Law Office of Joel B. Sklar
Address and telephone number (if different from notice address above):
615 Griswold, Suite 1116
Detroit, MI 48226
Telephone number: 313/963-4529

(Signature)          02-11-2014 (Date)

joelsklarlaw@gmail.com

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAWA PERTROLEUM, INC, a
Michigan corporation, HASSAN OUZA,
HUSSEIN FADEL OUZA and GABRIEL
MATON,

HON.  Arthur J. Tarnow
CASE NO.: 2:12-cv-14904

Plaintiffs,

Vs.

CITY OF DETROIT, D/B/A THE CITY OF
DETROIT POLICE DEPARTMENT and CITY OF
DETROIT POLICE OFFICER MAREK, in his
Individual capacity, CITY OF DETROIT POLICE
OFFICER E. FJOLLA, in his individual capacity, And
CITY OF DETROIT POLICE SERGENT, JOHN DOE
Jointly and severally,

Defendants.

_____/

JOEL B. SKLAR P38338
Attorney for Plaintiffs
615 Griswold, Suite 1116
Detroit, MI 48226
313-863-4529
joelb79@hotmail.com

JERRY ASHFORD P47402
CITY OF DETROIT LAW DEPT.
Attorney for Defendant City of Detroit
660 Woodward, suite 1650
Detroit, MI 48226
313-237-3089
ashfj@detroitmi.gov

_____/

## FIRST AMENDED COMPLAINT AND JURY DEMAND

   Plaintiffs Wawa Petroleum, Inc., Hassan Ouza, Hussein Fadel Ouza and Gabriel Maton,

by and through their attorney, Joel B. Sklar, file this First Amended Complaint and Jury Demand

and state:

1.    This action is brought pursuant to the *Fourth* and *Fourteenth Amendments* to the United States Constitution and 42 USC §§ 1981, 1983 and 1985 as a result of Defendant's use of excessive force which occurred on or about October 26, 2012.

2.    Plaintiff Wawa Petroleum, Inc. is a Michigan corporation in good standing which is located and conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

3.    Plaintiff Hassan Ouza is an individual who conducts business in the City of Detroit, and is a resident of Wayne County, Michigan which is situated in this District.

4.    Plaintiff Hussein Fadel Ouza is an individual who conducts business in the City of Detroit and is a resident of Wayne County, Michigan which is situated in this District.

5.    Plaintiff Gabriel Maton is an individual who conducts business in the City of Detroit and is a resident of Wayne County, Michigan which is situated in this District.

6.    Defendant City of Detroit is a Michigan municipality which operates the City of Detroit Police Department in the City of Detroit, Wayne County, Michigan which is situated in this District.

7.    Defendant City of Detroit Police Officer Marek is an individual who conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

8.   Defendant City of Detroit Police Officer E. Fjolla is an individual who conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

9.   Defendant City of Detroit Police Sergeant John Doe, whose exact identity in unknown at present, is an individual who conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

10.   At the time alleged in this Complaint, the actions of the individual Defendants were intentional and illegal, unconstitutional and constitute an intentional tort. As such the individually named Defendants are not entitled to the defense of governmental immunity.

11.   When the events alleged in this Complaint occurred, the individual named Defendants were violating each Plaintiff's clearly established constitutional rights and their actions were clearly unreasonable. As such, the individually named Defendants are not entitled to the defense of qualified immunity.

12.   The individually named Defendants are each being sued in their individual capacity.

13.   The acts, transactions and events which give rise to this action all occurred in the City of Detroit, Wayne County, Michigan.

14.   This Court has jurisdiction over this matter pursuant to 28 USC § 1331 and the amount in controversy exceeds the jurisdictional limits of this court, exclusive of costs, fees and interest.

## COMMON FACTUAL ALLEGATIONS

15.   Plaintiffs re-allege paragraphs 1 through 14 word for word.

16. Plaintiff Wawa Petroleum, Inc. operates a gas station at 8001 Gratiot, in the City of Detroit.

17. Plaintiffs Hassan Ouza, Hussein Fadel Ouza and Gabriel Maton are employees of Wawa Petroleum, Inc.

18. On or about October 26, 2012, at approximately 10:30 p.m., Plaintiffs were all working at the gas station.

19. At approximately 10:30 p.m., Defendants Marek and Fjolla came to the gas station in order to leave a memo advising businesses in the area of a spate of robberies. ("Crime Alert" Memo, Ex. A.)

20. The officers approached Plaintiff Hussein Fadel Ouza, who was working at the cash register which is located behind a locked door and bullet-proof glass.

21. Plaintiff's Hassan Ouza and Gabriel Maton were working in the back of the cooler area located in the convenience store area of the gas station.

22. The officers demanded that Plaintiff Hussein Fadel Ouza immediately open the locked door to gain access to the cashier's booth and back offices.

23. Plaintiff Hussein Fadel Ouza denied the officers demand and instructed the officers to simply slide the memo into the slot in the bullet-proof glass.

24. Instead of simply placing the memo in the slot, the officers again demanded entry into the locked cashier's booth and back offices.

25. Plaintiff Hussein Fadel Ouza told the officers that he would not open the locked areas without a search warrant.

26.  The officers became irate and told Plaintiff Hussein Fadel Ouza that they were "the fucking Detroit police" and that they did not need any warrant to search the premises or gain access to the cashier's booth or back offices.

27.  Again, Plaintiff Hussein Fadel Ouza told the officers that he would not allow access to the cashier's booth or back office area without a search warrant that would authorize access.

28.  The individual Defendant officers proceeded to kick yank, pull and otherwise try to forcibly open the locked door to the cashier's booth.

29.  The individual Defendant officers' actions caused significant damage to the door and placed Plaintiff in fear for their safety and well-being.

30.  The individual Defendant officers' unjustifiable and violent actions took place while the gas station was open for business and customers were utilizing the gas station, including the convenience store portion of the gas station.

31.  The two officers then contacted a Sergeant who arrived at the scene.

32.  Defendant Sergeant John Doe demanded that Plaintiff Hussein Fadel Ouza open the locked door to the cashier's booth and back offices.

33.  Defendant Sergeant John Doe then proceeded to have the officers lock the door to the gas station thereby denying access to customers.

34.  Again, for the reasons stated above, Plaintiff Hussein Fadel Ouza refused to open the locked door.

35.  The three officers then proceeded to use a baton and other means to break down the door to the cashier booth and back offices.

36.     The officers also tried to gain access to the secured areas of the gas station by entry though the cooler in the convenience area of the gas station began to remove product from the cooler.

37.     Plaintiff Hassan Ouza contacted attorney, Mark Haidar, to inform him of the officers' wrongful conduct.

38.     Attorney Haidar spoke with Defendant Sergeant who informed him that the officers were there to conduct an inspection.

39.     Defendant Sergeant's statement to Mr. Haidar, however, was not true and none of the officers had any document of any kind concerning any such "inspection" of the gas station.

40.     Plaintiffs Hassan Ouza and Hussein Fadel Ouza relented and opened the door fearing both for their safety and to stop the officers from causing further damage to the door and other parts of the gas station.

41.     When the door was opened it fell off its hinges due to the violent damage caused by Defendant officers.

42.     Upon gaining unlawful access to the cashier's booth and back office the officers conducted an illegal search of the entire premises.

43.     The officers also placed Plaintiff Hussein Fadel Ouza in handcuffs, placed Gabriel Maton (who was working in the cooler area) in handcuffs and restricted the movement of Plaintiff Hassan Ouza.

44.     The officers arrested Plaintiff Hussein Fadel Ouza under arrest and issued him a misdemeanor violation for selling loose cigarettes.

45. This misdemeanor charge was a complete fabrication and ill-conceived effort by Defendants to cover-up and otherwise justify their unlawful conduct.

46. The officers asked Plaintiff Maton for his identification which he did not have on his person.

47. The officers, without any justification or excuse, then arrested Plaintiff Maton, who is African-American, and took him to jail where he remained for five days.

48. During the above incident, Defendant officers told Plaintiffs that Defendant officers could do what they wanted because they were "the fucking Detroit Police" and that "Arabs and Blacks were taking over the City."

49. Plaintiffs Hassan Ouza and Hussein Fadel Ouza are of Arabic descent. Defendant Maton is African-American.

50. As a result of Defendants unlawful actions, Wawa Petroleum, Inc. was closed to the public for approximately two and one-half hours and lost revenues.

## COUNT I

## VIOLATION OF ALL PLAINTIFFS' *FOURTH* AND *FOURTEENTH* *AMENDMENT* RIGHTS FOR UNLAWFUL SEARCH AND SEIZURE PURSUANT TO 42 USC SECTION 1983

51. Plaintiffs re-allege paragraphs 1 through 50 word for word.

52. The *Fourth Amendment* to the U.S. Constitution prohibits unreasonable search and seizures of persons and property.

53. The *Fourteenth Amendment* to the U.S. Constitution guarantees all persons due process of law.

54. At all pertinent times, the individual Defendants were acting under color of law.

55. The individual Defendants lacked any probable cause, legal justification, or excuse to conduct a search and/or seizure of any Plaintiff.

56. The individual Defendants lacked any legal justification or excuse to search Plaintiff Wawa Petroleum, Inc. without a search warrant.

57. The individual Defendants lacked any legal justification or excuse to search any individual Plaintiff without a search warrant.

58. The individual Defendants lacked any legal justification or excuse to arrest any Plaintiff without a search warrant.

59. Each Plaintiff's right to be free from unreasonable search and/or seizure guaranteed under *Fourth Amendment* was clearly established at the time Defendants violated Plaintiffs' constitutional rights.

60. Each Plaintiff's right to due process guaranteed under the *Fourteenth Amendment* was clearly established at the time Defendants violated Plaintiffs' constitutional rights.

61. The individual Defendants search and/or arrest of Plaintiffs when there was no legal right or justification to do so was in willful and wanton disregard of each Plaintiff's clearly established *Fourth Amendment* and *Fourteenth Amendments* rights under the Constitution of the United States of America and 42 U.S.C. § 1983.

62. The individual Defendants do not have qualified immunity because any reasonable police officer should have known that the actions described above were in violation of Plaintiffs' *Fourth* and *Fourteenth Amendment* rights conferred to them by the Constitution of the United States of America.

63.    As a direct and proximate result of the actions of the individual Defendants Plaintiffs suffered injury and damage including, but not limited to:

    a.    emotional distress, loss of enjoyment of life;

    b.    humiliation, anguish and pain and suffering;

    c.    fear and anxiety;

    d.    mortification;

    e.    and other injuries compensable under 42 USC §1983 and related statutes, and;

    f.    economic loss as to Wawa Petroleum for the damage to the premises and loss of revenues.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

## COUNT II

## CIVIL CONSPIRACY IN VIOLATION OF 42 USC SECTION 1985(3)

64.    Plaintiff re-alleges paragraphs 1 through 63 word for word.

65.    The individual Defendants conspired to deprive the individual Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the law.

66.    The individual Defendants committed acts described above in furtherance of the object of the conspiracy whereby Plaintiffs person or property was injured or there were deprived of any right or privilege of a citizen of the United States.

67.    The individual Defendants discriminatory animus is reflected in their statements that "Arabs and Blacks were taking over the City."

68.   Plaintiff Hassan Ouza and Hussein Fadel Ouza are of Arabic decent and Plaintiff

Gabriel Maton is African-American.

69.   The individual Defendants actions as described above violate 42 USC Section

1985(3).

70.   As a direct and proximate result of the actions of the individual Defendants

Plaintiffs suffered injury and damage including, but not limited to:

      A.   emotional distress, loss of enjoyment of life;

      B.   humiliation, anguish and pain and suffering;

      C.   fear and anxiety;

      D.   mortification;

      E.   and other injuries compensable under 42 USC §1983 and

          related statutes, and;

      F.   economic loss as to Wawa Petroleum for the damage to the

          premises and loss of revenues.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the

jurisdictional limit of the court, together with costs, fees and interest and all other relief,

including punitive damages, to which Plaintiffs may be entitled.

## COUNT III

### VIOLATIONS OF THE CITY OF DETROIT

70.   Plaintiffs hereby incorporate by reference all previously stated paragraphs.

71.   The individual Defendants committed the Constitutional violations

described in this Complaint as a result of the training and/or lack of

training, policies, procedures, and customs adopted by the City of Detroit

Police Department and the lack of discipline implemented by the City of

Detroit Police Department.

72.    Defendant, City of Detroit, through its Police Department, failed to

properly train, monitor, direct, discipline, and supervise its officers, and

knew or should have known that the officers would engage in the

complained behavior given the improper training, customs, procedures,

and policies of the Detroit Police Department, and the lack of disciplined

imposed.

73.    Due to all of the aforementioned policies, practices, procedures and

customs of Defendant City of Detroit and Defendant City of Detroit's

failure to properly and adequately train, monitor, instruct, direct, discipline

and supervise the individual Defendants Toward, Defendant City of Detroit was

reckless and deliberately indifferent to a likelihood that the constitutional rights of

the public and particularly of Plaintiff would be violated.

74.    The improper policies, practices, procedures and customs of Defendant

City of Detroit, as well as the improper training, monitoring, instruction,

direction, discipline and supervision by the City of Detroit Police

Department, proximately caused the violation of Plaintiff's *Fourth* and

*Fourteenth Amendment* rights.

75.    As a direct and proximate result of the actions of the individual Defendants

Plaintiffs suffered injury and damage including, but not limited to:

      A.    emotional distress, loss of enjoyment of life;

B.   humiliation, anguish and pain and suffering;

C.   fear and anxiety;

D.   mortification;

E.   and other injuries compensable under 42 USC §1983 and
related statutes, and;

F.   economic loss as to Wawa Petroleum for the damage to the
premises and loss of revenues.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the
jurisdictional limit of the court, together with costs, fees and interest and all other relief,
including punitive damages, to which Plaintiffs may be entitled.

## COUNT IV

### FALSE IMPRISONMENT

76.   Plaintiffs re-allege paragraphs 1 through 75.

77.   The individual Defendants restrained, falsely arrested, detained and/or falsely
imprisoned Plaintiffs  without probable cause or legal justification or excuse.

78.   The imprisonment and restraint were against Plaintiffs will.

79.   The individual Defendants accomplished the imprisonment and restraint by actual
force by actual physical force, and the deprivation of Plaintiff's liberty and
freedom was intentional, unlawful, unprivileged, and without probable
cause.

80.   As a direct and proximate result of the actions of the individual Defendants
Plaintiffs suffered injury and damage including, but not limited to:

A. emotional distress, loss of enjoyment of life;

B. humiliation, anguish and pain and suffering;

C. fear and anxiety;

D. mortification;

E. and other injuries compensable under 42 USC §1983 and related statutes.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

## COUNT V

## ASSAULT AND BATTERY

81. Plaintiffs re-allege paragraphs 1 through 80 word for word.

82. At all pertinent times, the individual Plaintiffs were law abiding citizens who had not committed any crimes or other offenses.

83. The individual Defendants were acting in their capacity as City of Detroit law enforcement officers.

84. As described above, the individual Defendants subjected the individual Plaintiffs to unwanted touching and placed Plaintiffs in imminent and well-founded fear of bodily harm.

85. The individual Defendants had the ability to carry out their threats and did, in fact, assault and batter the individual Plaintiffs.

86. As a direct and proximate result of the individual Defendants assault and battery,

Plaintiffs suffered injury and damage including, but not limited to:

    a.    emotional distress, loss of enjoyment of life;

    b.    humiliation, anguish and pain and suffering;

    c.    fear and anxiety;

    d.    mortification;

    e.    and other injuries compensable under 42 USC §1983 and related statutes.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.


       /s/ Joel B. Sklar
       JOEL B. SKLAR P38338
       Attorney for Plaintiffs
       615 Griswold, Suite 1116
       Detroit, MI 48226
       313-963-4529
       joelb79@hotmail.com

**PLAINTIFFS RELIANCE ON PREVIOUSLY FILED JURY DEMAND**

Plaintiffs rely on their previously filed jury demand in this matter.


       /s/ Joel B. Sklar
       JOEL B. SKLAR P38338
       Attorney for Plaintiffs
       615 Griswold, Suite 1116
       Detroit, MI 48226
       313-963-4529
       joelb79@hotmail.com

Dated: January 8, 2013

# EXHIBIT A

# *CRIME ALERT*

**City of Detroit**
**Police Department**

---

To:          All Gas Station Owners and Employees

Subject:   **RECENT OCCURRENCE OF ROBBERIES OF GAS STATIONS IN THE PRECINCT**

From:      Sergeant Charles Spruce

   There has been multiple robberies of gas stations in the Northeastern District within the last few days. There is a three or four man robbery crew working the area. One person will look out while the others enter the gas station armed with assault rifles demanding cash and cigarettes. The robberies are occurring during the midnight hours and there has been no vehicle description given. The perpetrators are described as African American males, unknown age, six feet tall wearing dark clothing and ski masks.  Please be vigilant in looking out for these perpetrators and notify the police immediately by dialing 911 if you see or hear anything regarding these perpetrators. We are dedicated to making our Precincts  safe and friendly for our business owners, citizens and visitors but we need the help of the citizens and businesses alike.

**CHARLES SPRUCE**
**SERGEANT**
**Northeastern District**
**5100 E. Nevada**
**313 596-5118**

# *Crime Alert*

## *Detroit Police Department Northeastern District*
### *5100 E. Nevada Detroit Mi. 48234*
### *313 596-1118*

**Date:** 10/10/2012

**Crime:** Attempt Armed Robbery/Business
**Location:** 6500 Van Dyke   **MOBIL MART GAS STATION**
**Date & Time:** 10/10/2012   4:55 AM

**Suspect:** Black/Male/20-25, 5'2" tall 160 lbs. black mask over lower half of face, black hooded
　　　　sweat shirt and black pants

**Weapon:** Black machine gun
**Vehicle:** Black 2001 Chevy Trailblazer, possibly stolen
**Entry/Exit:** Front of building

　　　　The gas station clerk was seated behind security glass when he observed
the above vehicle speeding down Van Dyke. The suspect crashed into the front
of the building, exited the vehicle armed with a black machine gun and fired one
shot and attempted to gain entry through the security door. The suspect failed to
gain entry and left the gas station on foot.

**Crime:** Armed Robbery/Business
**Location:** 10070 Gratiot   **SPEEDY GAS STATION**
**Date & Time:** 10/11/2012   12:45 AM
**Weapon:** Black machine gun
**Suspects:** Three black/males 6' tall wearing ski masks and dark clothing.

　　　　Two masked suspects enter the gas station one was armed with and
assault rifle. A third suspect stood by the door as a lookout. One suspect
demanded money from the cash register and then demanded some Newport
cigarettes. The clerk complied and the suspects left the location on foot. While
leaving one of the suspects stated **"Have a nice day"**

**Crime:** Armed Robbery/Business
**Location:** 9700 Van Dyke   **CITGO GAS STATION**
**Date & Time:** 10/11/2012   12:57 AM
**Weapon:** Black machine gun
**Suspects:** Three black/males 6' tall wearing ski masks and dark clothing

Three masked suspects entered the location, one was armed with an assault rifle. The armed suspect demanded all the money from the register or he would shoot through the glass. The third suspect stood by the door as a lookout. The armed suspect ordered the clerk to put the money in a black plastic bag along with Newport cigarettes. The suspects left on foot and while leaving one of the suspects said **"Thank you for your cooperation"**

**Crime:** Armed Robbery/Business
**Location:** 1900 E. McNichols    **CITGO GAS STATION**
**Date & Time:** 10/11/2012    1:05 AM
**Weapon:** Black machine gun
**Suspects:** Three Black/Males 6' tall wearing ski masks and dark clothing

Three masked suspects entered the gas station, two were armed with assault rifles. One suspect demanded the money from the register and the third stood by the door as a lookout. The clerk emptied the cas register and the suspects left the location on foot.

**Crime:** Armed Robbery/Business
**Location:** 1640 E. McNichols    **SHELL GAS STATION**
**Date & Time:** 10/17/12    6:30 am
**Weapon:** Black Machine Gun
**Suspects:** Three Black/Males 6' tall wearing ski masks and dark clothing

Three masked suspects entered the gas station, one was armed with an assault rifle and announced a hold up, "Give me the money". The clerk handed over $400.00 from the cash register and the suspects left the gas station getting into an older model (1995 – 2000) white Chevy Blazer fleeing east on McNichols.

**Crime :** Attempt Armed Robbery/Business
**Location:** 9365 Van Dyke    **MYSTIC GAS STATION**
**Date & Time:** 10/19/2012    5:10 AM
**Weapon:** Black Machine Gun
**Suspects:** Three Black/Males 6' tall wearing ski masks and black jackets

Three masked suspects entered the gas station (one suspect holding the door open), one suspect held the assault rifle and stated " give me the cash register". The clerk immediately picked up the telephone and dialed 911. the suspects fled the gas station on foot taking nothing.

# EXHIBIT 7: CLAIM 1413

In its List of Claims, th[...] Claim #1413 Date Filed: 2/18/2014
in an unknown amount. To determine if you need to file a claim, please refer to the enclosed Information
About Deadlines to File Claims.

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|

Name of Debtor: **City of Detroit, Michigan**     Case Number: **13-53846**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Ouza, Hussein Fadel**

Name and address where notices should be sent:   NameID: 11702273
Ouza, Hussein Fadel
Harrington, John F.
Law Offices of John F. Harrington
30500 Van Dyke Ave Ste M200
Warren, MI 48093

Telephone number:     email:

**FILED**

COURT USE ONLY
FEB 18 2014 ❑ Check this box if this claim amends a
previously filed claim.

US Bankruptcy Court
MI Eastern District

Court Claim Number:
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

    Joel B. Sklar
    615 Griswold, Suite 1116
    Detroit, MI 48226

Telephone number 313/963-4529 email:    joelsklarlaw@gmail.com

❑ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars

**RECEIVED**

FEB 2 4 2014

KURTZMAN CARSON CONSULTANTS

**1. Amount of Claim as of Date Case Filed:** $ 350,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
❑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Personal injury lawsuit includng claims under 42 USC 1983
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 3846     **3a. Debtor may have scheduled account as:** _____
(See instruction #3a)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❑ Real Estate   ❑ Motor Vehicle   ❑ Other
Describe:

**Value of Property:** $ _____

**Annual Interest Rate (when case was filed)** _____% ❑ Fixed or ❑ Variable

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$ _____

**Basis for perfection:** _____

**Amount of Secured Claim:** $ _____

**Amount Unsecured:** $ _____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $ _____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** _____. $ _____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**8. Signature:** (See instruction # 8)
Check the appropriate box.

❑ I am the creditor.   ☒ I am the creditor's authorized agent.   ❑ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ❑ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Joel Sklar
Title: Lawyer
Company: Law Office of Joel B. Sklar
Address and telephone number (if different from notice address above):
    615 Griswold, Suite 1116
    Detroit, MI 48226
Telephone number 313/963-4529 email:   joelsklarlaw@gmail.com

(Signature)      02-18-2014   (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1353846131125134628034703

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAWA PERTROLEUM, INC, a
Michigan corporation, HASSAN OUZA,
HUSSEIN FADEL OUZA and GABRIEL
MATON,

                              HON.  Arthur J. Tarnow
                              CASE NO.: 2:12-cv-14904

                    Plaintiffs,

Vs.

CITY OF DETROIT, D/B/A THE CITY OF
DETROIT POLICE DEPARTMENT and CITY OF
DETROIT POLICE OFFICER MAREK, in his
Individual capacity, CITY OF DETROIT POLICE
OFFICER E. FJOLLA, in his individual capacity, And
CITY OF DETROIT POLICE SERGENT, JOHN DOE
Jointly and severally,

                    Defendants.

_____/

JOEL B. SKLAR P38338              JERRY ASHFORD P47402
Attorney for Plaintiffs          CITY OF DETROIT LAW DEPT.
615 Griswold, Suite 1116         Attorney for Defendant City of Detroit
Detroit, MI 48226                660 Woodward, suite 1650
313-863-4529                     Detroit, MI 48226
joelb79@hotmail.com              313-237-3089
                                 ashfj@detroitmi.gov
_____/

## FIRST AMENDED COMPLAINT AND JURY DEMAND

      Plaintiffs Wawa Petroleum, Inc., Hassan Ouza, Hussein Fadel Ouza and Gabriel Maton,

by and through their attorney, Joel B. Sklar, file this First Amended Complaint and Jury Demand

and state:

1.   This action is brought pursuant to the *Fourth* and *Fourteenth Amendments* to the United States Constitution and 42 USC §§ 1981, 1983 and 1985 as a result of Defendant's use of excessive force which occurred on or about October 26, 2012.

2.   Plaintiff Wawa Petroleum, Inc. is a Michigan corporation in good standing which is located and conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

3.   Plaintiff Hassan Ouza is an individual who conducts business in the City of Detroit, and is a resident of Wayne County, Michigan which is situated in this District.

4.   Plaintiff Hussein Fadel Ouza is an individual who conducts business in the City of Detroit and is a resident of Wayne County, Michigan which is situated in this District.

5.   Plaintiff Gabriel Maton is an individual who conducts business in the City of Detroit and is a resident of Wayne County, Michigan which is situated in this District.

6.   Defendant City of Detroit is a Michigan municipality which operates the City of Detroit Police Department in the City of Detroit, Wayne County, Michigan which is situated in this District.

7.   Defendant City of Detroit Police Officer Marek is an individual who conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

8. Defendant City of Detroit Police Officer E. Fjolla is an individual who conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

9. Defendant City of Detroit Police Sergeant John Doe, whose exact identity in unknown at present, is an individual who conducts business in the City of Detroit, Wayne County, Michigan which is situated in this District.

10. At the time alleged in this Complaint, the actions of the individual Defendants were intentional and illegal, unconstitutional and constitute an intentional tort. As such the individually named Defendants are not entitled to the defense of governmental immunity.

11. When the events alleged in this Complaint occurred, the individual named Defendants were violating each Plaintiff's clearly established constitutional rights and their actions were clearly unreasonable. As such, the individually named Defendants are not entitled to the defense of qualified immunity.

12. The individually named Defendants are each being sued in their individual capacity.

13. The acts, transactions and events which give rise to this action all occurred in the City of Detroit, Wayne County, Michigan.

14. This Court has jurisdiction over this matter pursuant to 28 USC § 1331 and the amount in controversy exceeds the jurisdictional limits of this court, exclusive of costs, fees and interest.

## COMMON FACTUAL ALLEGATIONS

15. Plaintiffs re-allege paragraphs 1 through 14 word for word.

16.     Plaintiff Wawa Petroleum, Inc. operates a gas station at 8001 Gratiot, in the City
        of Detroit.

17.     Plaintiffs Hassan Ouza, Hussein Fadel Ouza and Gabriel Maton are employees of
        Wawa Petroleum, Inc.

18.     On or about October 26, 2012, at approximately 10:30 p.m., Plaintiffs were all
        working at the gas station.

19.     At approximately 10:30 p.m., Defendants Marek and Fjolla came to the gas
        station in order to leave a memo advising businesses in the area of a spate of
        robberies. ("Crime Alert" Memo, Ex. A.)

20.     The officers approached Plaintiff Hussein Fadel Ouza, who was working at the
        cash register which is located behind a locked door and bullet-proof glass.

21.     Plaintiff's Hassan Ouza and Gabriel Maton were working in the back of the
        cooler area located in the convenience store area of the gas station.

22.     The officers demanded that Plaintiff Hussein Fadel Ouza immediately open the
        locked door to gain access to the cashier's booth and back offices.

23.     Plaintiff Hussein Fadel Ouza denied the officers demand and instructed the
        officers to simply slide the memo into the slot in the bullet-proof glass.

24.     Instead of simply placing the memo in the slot, the officers again demanded entry
        into the locked cashier's booth and back offices.

25.     Plaintiff Hussein Fadel Ouza told the officers that he would not open the locked
        areas without a search warrant.

26.   The officers became irate and told Plaintiff Hussein Fadel Ouza that they were
      "the fucking Detroit police" and that they did not need any warrant to search the
      premises or gain access to the cashier's booth or back offices.

27.   Again, Plaintiff Hussein Fadel Ouza told the officers that he would not allow
      access to the cashier's booth or back office area without a search warrant that
      would authorize access.

28.   The individual Defendant officers proceeded to kick yank, pull and otherwise try
      to forcibly open the locked door to the cashier's booth.

29.   The individual Defendant officers' actions caused significant damage to the door
      and placed Plaintiff in fear for their safety and well-being.

30.   The individual Defendant officers' unjustifiable and violent actions took place
      while the gas station was open for business and customers were utilizing the gas
      station, including the convenience store portion of the gas station.

31.   The two officers then contacted a Sergeant who arrived at the scene.

32.   Defendant Sergeant John Doe demanded that Plaintiff Hussein Fadel Ouza open
      the locked door to the cashier's booth and back offices.

33.   Defendant Sergeant John Doe then proceeded to have the officers lock the door to
      the gas station thereby denying access to customers.

34.   Again, for the reasons stated above, Plaintiff Hussein Fadel Ouza refused to open
      the locked door.

35.   The three officers then proceeded to use a baton and other means to break down
      the door to the cashier booth and back offices.

36. The officers also tried to gain access to the secured areas of the gas station by entry though the cooler in the convenience area of the gas station began to remove product from the cooler.

37. Plaintiff Hassan Ouza contacted attorney, Mark Haidar, to inform him of the officers' wrongful conduct.

38. Attorney Haidar spoke with Defendant Sergeant who informed him that the officers were there to conduct an inspection.

39. Defendant Sergeant's statement to Mr. Haidar, however, was not true and none of the officers had any document of any kind concerning any such "inspection" of the gas station.

40. Plaintiffs Hassan Ouza and Hussein Fadel Ouza relented and opened the door fearing both for their safety and to stop the officers from causing further damage to the door and other parts of the gas station.

41. When the door was opened it fell off its hinges due to the violent damage caused by Defendant officers.

42. Upon gaining unlawful access to the cashier's booth and back office the officers conducted an illegal search of the entire premises.

43. The officers also placed Plaintiff Hussein Fadel Ouza in handcuffs, placed Gabriel Maton (who was working in the cooler area) in handcuffs and restricted the movement of Plaintiff Hassan Ouza.

44. The officers arrested Plaintiff Hussein Fadel Ouza under arrest and issued him a misdemeanor violation for selling loose cigarettes.

45. This misdemeanor charge was a complete fabrication and ill-conceived effort by Defendants to cover-up and otherwise justify their unlawful conduct.

46. The officers asked Plaintiff Maton for his identification which he did not have on his person.

47. The officers, without any justification or excuse, then arrested Plaintiff Maton, who is African-American, and took him to jail where he remained for five days.

48. During the above incident, Defendant officers told Plaintiffs that Defendant officers could do what they wanted because they were "the fucking Detroit Police" and that "Arabs and Blacks were taking over the City."

49. Plaintiffs Hassan Ouza and Hussein Fadel Ouza are of Arabic descent. Defendant Maton is African-American.

50. As a result of Defendants unlawful actions, Wawa Petroleum, Inc. was closed to the public for approximately two and one-half hours and lost revenues.

## COUNT I

## VIOLATION OF ALL PLAINTIFFS' *FOURTH* AND *FOURTEENTH* *AMENDMENT* RIGHTS FOR UNLAWFUL SEARCH AND SEIZURE PURSUANT TO 42 USC SECTION 1983

51. Plaintiffs re-allege paragraphs 1 through 50 word for word.

52. The *Fourth Amendment* to the U.S. Constitution prohibits unreasonable search and seizures of persons and property.

53. The *Fourteenth Amendment* to the U.S. Constitution guarantees all persons due process of law.

54. At all pertinent times, the individual Defendants were acting under color of law.

55. The individual Defendants lacked any probable cause, legal justification, or excuse to conduct a search and/or seizure of any Plaintiff.

56. The individual Defendants lacked any legal justification or excuse to search Plaintiff Wawa Petroleum, Inc. without a search warrant.

57. The individual Defendants lacked any legal justification or excuse to search any individual Plaintiff without a search warrant.

58. The individual Defendants lacked any legal justification or excuse to arrest any Plaintiff without a search warrant.

59. Each Plaintiff's right to be free from unreasonable search and/or seizure guaranteed under *Fourth Amendment* was clearly established at the time Defendants violated Plaintiffs' constitutional rights.

60. Each Plaintiff's right to due process guaranteed under the *Fourteenth Amendment* was clearly established at the time Defendants violated Plaintiffs' constitutional rights.

61. The individual Defendants search and/or arrest of Plaintiffs when there was no legal right or justification to do so was in willful and wanton disregard of each Plaintiff's clearly established *Fourth Amendment* and *Fourteenth Amendments* rights under the Constitution of the United States of America and 42 U.S.C. § 1983.

62. The individual Defendants do not have qualified immunity because any reasonable police officer should have known that the actions described above were in violation of Plaintiffs' *Fourth* and *Fourteenth Amendment* rights conferred to them by the Constitution of the United States of America.

63.     As a direct and proximate result of the actions of the individual Defendants Plaintiffs suffered injury and damage including, but not limited to:

    a.    emotional distress, loss of enjoyment of life;

    b.    humiliation, anguish and pain and suffering;

    c.    fear and anxiety;

    d.    mortification;

    e.    and other injuries compensable under 42 USC §1983 and related statutes, and;

    f.    economic loss as to Wawa Petroleum for the damage to the premises and loss of revenues.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

## COUNT II

## CIVIL CONSPIRACY IN VIOLATION OF 42 USC SECTION 1985(3)

64.     Plaintiff re-alleges paragraphs 1 through 63 word for word.

65.     The individual Defendants conspired to deprive the individual Plaintiffs of the equal protection of the laws, or of equal privileges and immunities under the law.

66.     The individual Defendants committed acts described above in furtherance of the object of the conspiracy whereby Plaintiffs person or property was injured or there were deprived of any right or privilege of a citizen of the United States.

67.     The individual Defendants discriminatory animus is reflected in their statements that "Arabs and Blacks were taking over the City."

68. Plaintiff Hassan Ouza and Hussein Fadel Ouza are of Arabic decent and Plaintiff Gabriel Maton is African-American.

69. The individual Defendants actions as described above violate 42 USC Section 1985(3).

70. As a direct and proximate result of the actions of the individual Defendants Plaintiffs suffered injury and damage including, but not limited to:

      A. emotional distress, loss of enjoyment of life;

      B. humiliation, anguish and pain and suffering;

      C. fear and anxiety;

      D. mortification;

      E. and other injuries compensable under 42 USC §1983 and related statutes, and;

      F. economic loss as to Wawa Petroleum for the damage to the premises and loss of revenues.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

## COUNT III

### VIOLATIONS OF THE CITY OF DETROIT

70. Plaintiffs hereby incorporate by reference all previously stated paragraphs.

71. The individual Defendants committed the Constitutional violations described in this Complaint as a result of the training and/or lack of

training, policies, procedures, and customs adopted by the City of Detroit

Police Department and the lack of discipline implemented by the City of

Detroit Police Department.

72.     Defendant, City of Detroit, through its Police Department, failed to

properly train, monitor, direct, discipline, and supervise its officers, and

knew or should have known that the officers would engage in the

complained behavior given the improper training, customs, procedures,

and policies of the Detroit Police Department, and the lack of disciplined

imposed.

73.     Due to all of the aforementioned policies, practices, procedures and

customs of Defendant City of Detroit and Defendant City of Detroit's

failure to properly and adequately train, monitor, instruct, direct, discipline

and supervise the individual Defendants Toward, Defendant City of Detroit was

reckless and deliberately indifferent to a likelihood that the constitutional rights of

the public and particularly of Plaintiff would be violated.

74.     The improper policies, practices, procedures and customs of Defendant

City of Detroit, as well as the improper training, monitoring, instruction,

direction, discipline and supervision by the City of Detroit Police

Department, proximately caused the violation of Plaintiff's *Fourth* and

*Fourteenth Amendment* rights.

75.     As a direct and proximate result of the actions of the individual Defendants

Plaintiffs suffered injury and damage including, but not limited to:

           A.     emotional distress, loss of enjoyment of life;

B.      humiliation, anguish and pain and suffering;

C.      fear and anxiety;

D.      mortification;

E.      and other injuries compensable under 42 USC §1983 and
        related statutes, and;

F.      economic loss as to Wawa Petroleum for the damage to the
        premises and loss of revenues.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

## COUNT IV

### FALSE IMPRISONMENT

76.     Plaintiffs re-allege paragraphs 1 through 75.

77.     The individual Defendants restrained, falsely arrested, detained and/or falsely
        imprisoned Plaintiffs  without probable cause or legal justification or excuse.

78.     The imprisonment and restraint were against Plaintiffs will.

79.     The individual Defendants accomplished the imprisonment and restraint by actual
        force by actual physical force, and the deprivation of Plaintiff's liberty and
        freedom was intentional, unlawful, unprivileged, and without probable
        cause.

80.     As a direct and proximate result of the actions of the individual Defendants
        Plaintiffs suffered injury and damage including, but not limited to:

A.    emotional distress, loss of enjoyment of life;

B.    humiliation, anguish and pain and suffering;

C.    fear and anxiety;

D.    mortification;

E.    and other injuries compensable under 42 USC §1983 and
related statutes.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.

## COUNT V

## ASSAULT AND BATTERY

81.    Plaintiffs re-allege paragraphs 1 through 80 word for word.

82.    At all pertinent times, the individual Plaintiffs were law abiding citizens who had not committed any crimes or other offenses.

83.    The individual Defendants were acting in their capacity as City of Detroit law enforcement officers.

84.    As described above, the individual Defendants subjected the individual Plaintiffs to unwanted touching and placed Plaintiffs in imminent and well-founded fear of bodily harm.

85.    The individual Defendants had the ability to carry out their threats and did, in fact, assault and batter the individual Plaintiffs.

86.    As a direct and proximate result of the individual Defendants assault and battery,

Plaintiffs suffered injury and damage including, but not limited to:

    a.    emotional distress, loss of enjoyment of life;

    b.    humiliation, anguish and pain and suffering;

    c.    fear and anxiety;

    d.    mortification;

    e.    and other injuries compensable under 42 USC §1983 and related statutes.

**ACCORDINGLY,** Plaintiffs asks this Court to enter a judgment in excess of the jurisdictional limit of the court, together with costs, fees and interest and all other relief, including punitive damages, to which Plaintiffs may be entitled.


          /s/ Joel B. Sklar
          JOEL B. SKLAR P38338
          Attorney for Plaintiffs
          615 Griswold, Suite 1116
          Detroit, MI 48226
          313-963-4529
          joelb79@hotmail.com

## PLAINTIFFS RELIANCE ON PREVIOUSLY FILED JURY DEMAND

Plaintiffs rely on their previously filed jury demand in this matter.


          /s/ Joel B. Sklar
          JOEL B. SKLAR P38338
          Attorney for Plaintiffs
          615 Griswold, Suite 1116
          Detroit, MI 48226
          313-963-4529
Dated: January 8, 2013     joelb79@hotmail.com

# EXHIBIT A



# CRIME ALERT

CITY OF DETROIT
POLICE DEPARTMENT

To:          All Gas Station Owners and Employees

Subject:     **RECENT OCCURRENCE OF ROBBERIES OF GAS STATIONS IN THE PRECINCT**

From:        Sergeant Charles Spruce

     There has been multiple robberies of gas stations in the Northeastern District within the last few days. There is a three or four man robbery crew working the area. One person will look out while the others enter the gas station armed with assault rifles demanding cash and cigarettes. The robberies are occurring during the midnight hours and there has been no vehicle description given. The perpetrators are described as African American males, unknown age, six feet tall wearing dark clothing and ski masks.  Please be vigilant in looking out for these perpetrators and notify the police immediately by dialing 911 if you see or hear anything regarding these perpetrators. We are dedicated to making our Precincts  safe and friendly for our business owners, citizens and visitors but we need the help of the citizens and businesses alike.

**CHARLES SPRUCE
SERGEANT
Northeastern District
5100 E. Nevada
313 596-5118**

# Crime Alert

## Detroit Police Department Northeastern District
### 5100 E. Nevada Detroit Mi. 48234
### 313 596-1118

**Date:** 10/10/2012

**Crime:** Attempt Armed Robbery/Business
**Location:** 6500 Van Dyke   **MOBIL MART GAS STATION**
**Date & Time:** 10/10/2012   4:55 AM

**Suspect:** Black/Male/20-25, 5'2" tall 160 lbs. black mask over lower half of face, black hooded
sweat shirt and black pants

**Weapon:** Black machine gun
**Vehicle:** Black 2001 Chevy Trailblazer, possibly stolen
**Entry/Exit:** Front of building

The gas station clerk was seated behind security glass when he observed
the above vehicle speeding down Van Dyke. The suspect crashed into the front
of the building, exited the vehicle armed with a black machine gun and fired one
shot and attempted to gain entry through the security door. The suspect failed to
gain entry and left the gas station on foot.

**Crime:** Armed Robbery/Business
**Location:** 10070 Gratiot   **SPEEDY GAS STATION**
**Date & Time:** 10/11/2012   12:45 AM
**Weapon:** Black machine gun
**Suspects:** Three black/males 6' tall wearing ski masks and dark clothing.

Two masked suspects enter the gas station one was armed with and
assault rifle. A third suspect stood by the door as a lookout. One suspect
demanded money from the cash register and then demanded some Newport
cigarettes. The clerk complied and the suspects left the location on foot. While
leaving one of the suspects stated **"Have a nice day"**

**Crime:** Armed Robbery/Business
**Location:** 9700 Van Dyke   **CITGO GAS STATION**
**Date & Time:** 10/11/2012   12:57 AM
**Weapon:** Black machine gun
**Suspects:** Three black/males 6' tall wearing ski masks and dark clothing

Three masked suspects entered the location, one was armed with an assault rifle. The armed suspect demanded all the money from the register or he would shoot through the glass. The third suspect stood by the door as a lookout. The armed suspect ordered the clerk to put the money in a black plastic bag along with Newport cigarettes. The suspects left on foot and while leaving one of the suspects said **"Thank you for your cooperation"**

**Crime:** Armed Robbery/Business
**Location:** 1900 E. McNichols    **CITGO GAS STATION**
**Date & Time: 10/11/2012   1:05 AM**
**Weapon:** Black machine gun
**Suspects:** Three Black/Males 6' tall wearing ski masks and dark clothing

Three masked suspects entered the gas station, two were armed with assault rifles. One suspect demanded the money from the register and the third stood by the door as a lookout. The clerk emptied the cas register and the suspects left the location on foot.

**Crime:** Armed Robbery/Business
**Location:** 1640 E. McNichols    **SHELL GAS STATION**
**Date & Time: 10/17/12   6:30 am**
**Weapon:** Black Machine Gun
**Suspects:** Three Black/Males 6' tall wearing ski masks and dark clothing

Three masked suspects entered the gas station, one was armed with an assault rifle and announced a hold up, "Give me the money". The clerk handed over $400.00 from the cash register and the suspects left the gas station getting into an older model (1995 – 2000) white Chevy Blazer fleeing east on McNichols.

**Crime :** Attempt Armed Robbery/Business
**Location:** 9365 Van Dyke    **MYSTIC GAS STATION**
**Date & Time: 10/19/2012   5:10 AM**
**Weapon:** Black Machine Gun
**Suspects:** Three Black/Males 6' tall wearing ski masks and black jackets

Three masked suspects entered the gas station (one suspect holding the door open), one suspect held the assault rifle and stated " give me the cash register". The clerk immediately picked up the telephone and dialed 911. the suspects fled the gas station on foot taking nothing.

# EXHIBIT 8: ADR NOTICE

34233353.1\022765-00213

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
-------------------------------------------------------x
                                    :
In re                               :        Chapter 9
                                    :
CITY OF DETROIT, MICHIGAN,          :        Case No. 13-53846
                                    :
                 Debtor.            :        Hon. Steven W. Rhodes
                                    :
                                    :
-------------------------------------------------------x
```

## <u>ALTERNATIVE DISPUTE RESOLUTION NOTICE</u>

Service Dates: 11/8/2012

Designated Claimant(s):   WaWa Petroleum, Hussein Fadel Ouza, Hassan Ouza

Address: c/o Joel Sklar, 615 Griswold, #1116, Detroit, MI 48226

Designated Claim Number(s): 1402, 1410, 1413

Amount(s) Stated in Proof(s) of Claim: $350,000.00 (each claim)

 Pursuant to the Order entered by the Honorable Steven W. Rhodes, bankruptcy judge, on December 24, 2013 [dkt. #2302], and the direction of the Honorable Gerald E. Rosen, district judge and chief mediator, your claim identified above (the "Designated Claim(s)") against the City of Detroit (the "City") in the City's chapter 9 case is submitted to alternative dispute resolution, which will consist of facilitative mediation to be supervised by the Honorable David M. Lawson, district judge.

 A. David Baumhart, 2040 Post House Court, Bloomfield Hills, MI 48304, (248) 338-8848 will serve as Facilitator to facilitate the mediation. The mediators are officers of the Court, and as such shall enjoy quasi-judicial immunity. The mediator shall not be called or listed as a witness, nor

may the Facilitator's records be subpoenaed or used as evidence, in any matter in which such mediator shall have served.

The facilitative mediation shall begin at **2 o'clock on Monday, August 18, 2014 in Room 824**, Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, Michigan. The Facilitator is granted the discretion to schedule additional sessions as necessary to facilitate resolution of this dispute. All parties or individuals with settlement authority are required to attend the facilitative mediation sessions. All parties are directed to attend all scheduled mediation sessions with their respective counsel of record. Corporate parties must be represented by an agent with authority to negotiate a binding settlement.

It is **ORDERED** that not less than seven (7) calendar days prior to the scheduled facilitative mediation session, each party participating therein shall provide the Facilitator with a concise memorandum, no more than ten (10) double-spaced pages in length, setting forth the parties' position concerning the issues to be resolved through facilitative mediation, including issues of both liability and damages. The Facilitator may circulate the parties' memoranda.

It is further **ORDERED** that the Facilitator shall encourage and assist the parties in reaching a settlement of their dispute but may not compel or coerce the parties to enter into a settlement agreement.

It is further **ORDERED** that the facilitative mediation shall be conducted in the manner and method prescribed by the Facilitator in accordance with the following general principle: facilitative mediation, as distinguished from the hybrid process known as "case evaluation" under applicable Michigan Court Rules, is a flexible, non-binding dispute resolution process in which an impartial third party – the Facilitator – facilitates negotiations among the parties to help them reach settlement. A hallmark of facilitative mediation is its capacity to expand traditional settlement discussions and

broaden resolution options, often by going beyond the legal issues in controversy. The Facilitator, who may meet jointly or separately with the parties, serves as a facilitative mediator only and does not decide issues or make findings of fact. *See Judge Deskbook on Court ADR,* National ADR Institute for Federal Judges, Harvard Law School, November 12-13, 1993, p.3. The Facilitator determines the length and timing of the session(s) and the order in which issues are presented, and shall send a notice of the agreed upon time and place to all participating parties.

It is further **ORDERED** that under Federal Rule of Evidence 408, all information disclosed during the facilitative mediation session, including the conduct and demeanor of the parties and their counsel during the proceedings, shall remain confidential, and shall not be disclosed to any other party or to this Court, without the consent of the all parties.

It is further **ORDERED** that the parties shall pay to the Facilitator his or her administrative fee and hourly rate, which shall be divided between the parties as follows: **the City must pay 75% of the cost and the claimant must pay 25% of the cost.**

It is further **ORDERED** that if a claim is settled, it shall be paid as a Class 14 or Class 15 claim, as the case may be, under the proposed Plan of Adjustment. The parties will execute an Agreement Resolving the Filed Claim and be bound by its terms. If the case is not settled, it shall be subject to further proceedings in the bankruptcy case, or otherwise if the stay of proceedings is adjusted on that claim.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Date: July 24, 2014

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 24, 2014.

s/Shawntel Jackson
SHAWNTEL JACKSON