# **EXHIBIT 6: COMPLAINT**

**CITY OF DETROIT,** *a*
*municipal corporation,*
    *Plaintiff,*

vs.

**DETROIT POLICE OFFICERS
ASSOCIATION,**
    *Defendant.*
_____/

BUTZEL LONG
By: Malcolm D. Brown (P11291)
Attorneys for Plaintiff, City of Detroit
41000 Woodward Avenue | Stoneridge West
Bloomfield Hills, Michigan 48304
Telephone: (248) 258-2508
Fax: (248) 258-1439
brownm@butzel.com
_____/

Case No:_____
Hon._____

13-004974-CL
FILED IN MY OFFICE
WAYNE COUNTY CLERK
4/15/2013 2:19:20 PM
CATHY M. GARRETT

## COMPLAINT FOR JUDICIAL REVIEW
## OF PART OF AN ACT 312 ARBITRATION AWARD

> There is no other pending or resolved civil action arising out the transaction or occurrence alleged in this Complaint. There is a related case arising out of the same Act 312 Petition that is the subject of this lawsuit that was pending before the Hon. Kathleen McDonald, Wayne County Circuit Court Case No. 12-010859-CL. That case is now on appeal.
>
>     /s/ Malcolm D. Brown
>     Malcolm D. Brown

**NOW COMES** the Plaintiff, City of Detroit, and states for its Complaint For Judicial Review of an Act 312 Arbitration Award as follows:

### PARTIES, JURISDICTION AND VENUE

1. The City of Detroit ("City") is a municipal corporation located within Wayne County, Michigan.

2. Prior to March 28, 2013, the effective date of 2012 P.A. 436, the City as a public employer was subject to the compulsory arbitration provisions of 1969 P.A. 312 ("Act 312"); MCL 423.231 *et seq.* as amended.

3. Effective March 28, 2013 the City was placed into receivership status under and pursuant to 2012 PA 436 ("P.A. 436").

4. Pursuant to Act 436, Kevyn Orr has been appointed the Emergency Manager for the City.

5. Defendant, Detroit Police Officers Association ("DPOA"), is a voluntary association and a labor organization and a bargaining representative, as defined by MCL 423.2(g) and by MCL 423.201(a). The DPOA is the sole and exclusive bargaining representative for a bargaining unit consisting of Detroit Police Officers below the rank of Investigator. The DPOA maintains its offices at 1938 E. Jefferson, Detroit, Wayne County, Michigan.

6. Jurisdiction and venue are proper in the Wayne County Circuit Court pursuant to MCL 243.242, as the dispute in this case arises in Wayne County, Michigan.

## FACTS

7. On or about June 22, 2012, the DPOA filed a Petition under Act 312 with the Michigan Employment Relations Commission ("MERC"), which Act 312 Petition was stayed/held in abeyance as a result of the 2011 P.A. 4 ("P.A. 4") (the predecessor statute to Act 436) and the suspension of the duty to bargain contained in PA 4.

8. On June 30, 2012, the Labor Contract between the City and the DPOA expired.

9. On or about July 17, 2012 the City implemented the City Employment Terms which, *inter alia*, reduced the wage rates of Police Officers in the DPOA by ten percent (10%).

2

000141931\0001\1462751-1

13-53846-tjt    Doc 13152-3    Filed 10/29/19    Entered 10/29/19 09:55:40    Page 3 of 6

10. Upon suspension of PA 4 on or about August 3, 2012, MERC began to process the DPOA's Act 312 Petition.

11. George Roumell was selected as the Chairman of the Act 312 Arbitration Panel.

12. Last best offers pursuant to Act 312 were exchanged between the parties concerning many issues, including wages.

13. The last best offer of the City concerning wages (issues 89A and B) provided that if the Arbitration Panel determined that there would be a two year collective bargaining agreement (July 1, 2012 to June 30, 2014), that there would be no wage increase (0%) from the wage rates in existence pursuant to the City Employment Terms implemented on or about July 17, 2012 for the entire two year term of the labor contract.

14. The last best offer of the DPOA in regard to wages (issue 89) provided that effective January 1, 2013 the 10% wage reduction implemented on or about July 17, 2012 would be restored for the remaining term of the two year labor contract.

15. Pursuant to MCL 243.238 an arbitration panel shall adopt the last best offer of settlement of one of the parties, which in the opinion of the arbitration panel more nearly complies with the applicable factors prescribed in MCL 243.239.

16. On March 25, 2013, the Act 312 Arbitration Panel issued its Award. The Award and other documents referred to in this Complaint are in the possession of the DPOA.

17. In its Award concerning wages the Arbitration Panel did not adopt the last best offer of either the DPOA or the City.

18. In its Award the Arbitration Panel ordered that effective January 1, 2014 there would be a 5% wage restoration.

19. Pursuant to MCL 423.242 this Court may review the orders of an Act 312

3

arbitration panel for the reasons that the panel was without or exceeded its jurisdiction and for reasons that the order of the arbitration panel was not supported by competent, material and substantial evidence on the whole record.

## COUNT I

20. The City incorporates paragraphs 1 – 19 of the Complaint herein.

21. The Arbitration Panel failed to adopt either the last best offer of the City or the last best offer of the DPOA on the issue of wages.

22. The Arbitration Panel exceeded its jurisdiction and/or authority by failing to adopt either the last best offer of the City or the last best offer of the DPOA on the issue of wages.

**WHEREFORE,** the City requests that this Court vacate that portion of the March 25, 2013 Award with respect to wages; that it remand the issue regarding wages to the Arbitration Panel and order that the Arbitration Panel adopt as its Award and Order, the last best offer of settlement of one of the parties concerning wages; and that the Court take such other or further action as it deems appropriate.

## COUNT II

23. The City incorporates paragraphs 1-22 of the Complaint herein.

24. As pled in Count I, the City maintains that the Arbitration Panel exceeded its jurisdiction and/or authority by failing to accept the last best offer of one of the parties. In the alternative, however, the Act 312 Award must additionally be vacated because the Arbitration Panel's order was not supported by competent, material or substantial evidence on the entire record in regard to the Award on the issue of wages.

25. The Arbitration Panel failed to accord the ability to pay factor the most significance as set forth in MCL 243.239 in rendering its award on wages.

4

000141931\0001\1462751-1

13-53846-tjt    Doc 13152-3    Filed 10/29/19    Entered 10/29/19 09:55:40    Page 5 of 6

**WHEREFORE**, the City requests that this Court vacate that portion of the March 25, 2013 Award with respect to wages; that it remand this issue to the Arbitration Panel for decision consistent with Act 312 and the appropriate significance to be accorded to the ability to pay factor in MCLA 243.239; and that the Court take such other or further action as it deems appropriate.

                          **BUTZEL LONG**

                    By:    /s/ Malcolm D. Brown
                          Malcolm D. Brown (P11291)
                    Attorneys for City of Detroit
                    41000 Woodward Avenue | Stoneridge West
                    Bloomfield Hills, Michigan 48304
                    Telephone: (248) 258-2508
                    Fax: (248) 258-1439
                    brownm@butzel.com

Dated: April 15, 2013