## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S OBJECTION TO CLAIM NUMBER 3631 FILED BY MARVIN SEALES

The Debtor, the City of Detroit ("City"), by and through its undersigned counsel, files this objection to claim number 3631 ("Claim No. 3631") filed by Marvin Seales ("Objection"). In support of this Objection, the City respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII, Section A of the Plan (defined below). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

2.      On July 18, 2013 ("Petition Date"), the City filed a petition for relief in this Court, thereby commencing the largest Chapter 9 bankruptcy case in history.

34763657.2\022765-00213
11/4/19

3.     On November 12, 2013, the City filed its Motion of Debtor Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims [Doc. No. 1665] ("ADR Procedures Motion").  On December 24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc. No. 2302] ("ADR Order").

4.     The Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1 to the ADR Order permitted the City to serve on claimants a

> notice that the Stay/Injunction is lifted to permit the underlying claim to be liquidated in a non-bankruptcy forum consistent with the terms, conditions and limitations of Section II.E. below (a "Stay Modification Notice").  In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction shall be deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum…

ADR Procedures, Section I.B, p. 4.

5.     On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* [Doc. No. 1782] ("Bar Date Order"), establishing deadlines to file certain proofs of claim in this case.  The Bar Date Order set the deadline to file proofs of claim as February 21, 2014 at 4:00 p.m., Eastern Time.

- 2 -

6.     On July 9, 2014, this Court entered its *Order Pursuant to 11 U.S.C. §*
*105(a) and Fed. R. Bankr. P. 3007 Approving Claim Objection Procedures* [Doc.
No. 5872] ("Claims Procedures Order"), allowing the City to file omnibus
objections with respect to claims that do not identify a valid basis for any liability
of the City.  Claim Procedures Order at 2.

7.     On October 22, 2014, the City filed the *Eighth Amended Plan of the*
*Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045]
("Plan").

8.     On November 12, 2014, this Court entered an Order confirming the
Plan [Doc. No. 8272] ("Confirmation Order").

9.     The Plan became effective on December 10, 2014 ("Effective Date").

10.    On March 5, 2014, Marvin Seales ("Seales") filed his Claim No. 3631
in the amount of "Greater Than $75,000," based on a claim of personal injury and
related to a lawsuit Seales had filed in the U.S. District Court for the Eastern
District of Michigan on April 16, 2012, against the City and other defendants
("U.S. District Court Lawsuit").  See Claim No. 3631, Exhibit 4.

11.    On April 28, 2015, the City served a Stay Modification Notice on
Seales, related to his Claim No. 3631, [Doc. No. 9756].  The Stay Modification
Notice allowed Seales to re-open and continue to prosecute the U.S. District Court

34763657.2\022765-00213
11/4/19

Lawsuit which had been stayed and administratively closed due to the City's bankruptcy filing.

12.     The City subsequently filed a motion for partial summary judgment in the U.S. District Court Lawsuit and on January 3, 2017, the U.S. District Court granted the motion and dismissed all claims against the City.  See *Opinion and Order Granting in Part and Denying in Part Defendants City of Detroit's and Thomas Zberkot's Amended Motion For Partial Summary Judgment [74]*, Exhibit 5.  Consequently, the claim is not enforceable against the City under section 502(b) of the Bankruptcy Code and should be disallowed and expunged.

## **RELIEF REQUESTED**

13.     The City files this Objection pursuant to the Bar Date Order, Section 502(b) of the Bankruptcy Code,[1] Rule 3007(c) of the Federal Rules of Bankruptcy Procedures ("Bankruptcy Rules"), seeking entry of an order disallowing and expunging Claim No. 3631 because the basis for the claim has been litigated in an appropriate, non-bankruptcy court, pursuant to order of this court, and the litigation pertaining to the claim has been resolved in favor of the City.

14.     Based upon the foregoing, the City seeks entry of an order, substantially in the form annexed as Exhibit 1, expunging and disallowing Claim No. 3631 filed by Marvin Seales.

---

[1] Section 502 of the Bankruptcy Code applies to Chapter 9 proceedings pursuant to Section 901(a) of the Bankruptcy Code.

34763657.2\022765-00213
11/4/19

## NOTICE

15.     The City has provided notice of this Objection to counsel for Marvin Seales at the address provided on the proof of claim.  In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

WHEREFORE, the City respectfully requests that this Court enter an order, substantially in the form attached as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as the Court may deem just and proper.

34763657.2\022765-00213
11/4/19

Dated: November 4, 2019

Respectfully submitted,

By: /s/ Marc N. Swanson
  Jonathan S. Green (P33140)
  Marc N. Swanson (P71149)
  MILLER, CANFIELD, PADDOCK AND
  STONE, P.L.C.
  150 West Jefferson, Suite 2500
  Detroit, Michigan 48226
  Telephone: (313) 963-6420
  Facsimile: (313) 496-8451
  green@millercanfield.com
  swansonm@millercanfield.com

    and

  Charles N. Raimi (P29746)
  Deputy Corporation Counsel
  City of Detroit Law Department
  2 Woodward Avenue, Suite 500
  Coleman A. Young Municipal Center
  Detroit, Michigan  48226
  Telephone: (313)-237-0470
  Facsimile: (313) 224-5505
  raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT LIST

Exhibit 1    Proposed Order

Exhibit 2    Notice

Exhibit 3    Certificate of Service

Exhibit 4    Claim No. 3631

Exhibit 5    Opinion and Order Granting in Part and Denying in Part
             Defendants City of Detroit's and Thomas Zberkot's Amended
             Motion For Partial Summary Judgment [74]

## EXHIBIT 1: PROPOSED ORDER

### UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

### ORDER SUSTAINING CITY OF DETROIT'S OBJECTION TO CLAIM NUMBER 3631 FILED BY MARVIN SEALES

Upon review of the *City of Detroit's Objection to Claim Number 3631 Filed by Marvin Seales* ("Objection"),[1] seeking entry of an order disallowing and expunging Claim No. 3631; and it appearing that this Court has jurisdiction over the Objection pursuant to 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Objection in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City, and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and any objections or other responses to the

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1.      The Objection is sustained.

2.      Claim No. 3631 filed by Marvin Seales is hereby disallowed and expunged in its entirety, pursuant to Section 502(b) of the Bankruptcy Code.

3.      The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4.      The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5.      Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

        .

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF THE CITY OF DETROIT'S OBJECTION TO 3631 FILED BY MARVIN SEALES**

**PLEASE TAKE NOTICE THAT** the City of Detroit ("City") has filed an objection to claim number 3631 ("Claim") filed by Marvin Seales because there is no basis for liability on the part of the City as the litigation related to the subject matter of the Claim has been settled in favor of the City ("Objection").

If you do not want the court to change your claim, or grant the relief requested in the Objection, then on or before **December 11, 2019**, you or your lawyer must:

1.      File with the court, at the address below, a written response to the objection. Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

2.       A copy of your response must also be mailed to counsel for the City:

Marc N. Swanson<br>
Miller, Canfield, Paddock and Stone, PLC<br>
150 West Jefferson Ave., Ste. 2500<br>
Detroit, MI 48226

3.       You must also attend the hearing on the objection scheduled to be held on **December 18, 2019** at 1:30 p.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 28226 unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim, in which event the hearing will be canceled and the objection sustained.**

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Dated: November 4, 2019

**EXHIBIT 3: CERTIFICATE OF SERVICE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 4, 2019, he electronically filed the foregoing *City of Detroit's Objection to Claim Number 3631 Filed by Marvin Seales* ("Objection") with the Clerk of the Court which will provide notice of the filing to all ECF participants registered in this case. A copy of the Objection was also served upon the following, via first class mail, on the same date:

James S. Craig
Fieger Law
19390 W 10 Mile Rd.
Southfield, MI 48075

By: /s/ Marc N. Swanson
    Marc N. Swanson
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

Dated: November 4, 2019

# EXHIBIT 4: CLAIM NO. 3631

34763657.2\022765-00213
11/4/19

In its List of Claims, th
in an unknown amount. To determine if you need to file a claim, please refer to the enclosed Information
About Deadlines to File Claims.

Claim #3631  Date Filed: 3/5/2014

B10 (Official Form 10) (04/13) (Modified)

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | **RECEIVED** |
|---|---|---|

Name of Debtor: **City of Detroit, Michigan**    Case Number: **13-53846**

**MAR 0 5 2014**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

**KURTZMAN CARSON CONSULTANTS**

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Seales, Marvin

Name and address where notices should be sent:    NameID: ~~11702504~~

Seales, Marvin
~~Shepherd, Martin T.~~   *JAMES S CRAIG*
Fieger Law P.C.
19390 W. 10 Mile Rd.
Southfield, MI 48075
Telephone number: *248 355-5555*    email: *J CRAIG@ FIEGERLAW.COM*

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:_____**
 *(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:    email:

**1. Amount of Claim as of Date Case Filed:**  *GREATER THAN* $ > *$675,000*

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** *PERSONAL INJURY - 42 USC 1983*
 (See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**

**3a. Debtor may have scheduled account as:_____**
(See instruction #3a)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:  $_____

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:

**Basis for perfection:** _____

**Value of Property:** $_____

**Amount of Secured Claim:**  $_____

**Annual Interest Rate (when case was filed)_____% ☐ Fixed or ☐ Variable**

**Amount Unsecured:**  $_____

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).**  $_____

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § _____.**  $_____

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: *CIVIL LAWSUIT  SEALES V CENFER DET. USDC-ED  4:12-CV-11679*
*HON. G. DRAIN*

**8. Signature: (See instruction # 8)**
Check the appropriate box.

☐ I am the creditor.  ☑ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *JAMES S CRAIG (P52691)*
Title:  *ATTORNEY*
Company: *FIEGER LAW*
Address and telephone number (if different from notice address above):
*19390 W TEN MILE RD*
*SOUTHFIELD MI 48075*
*(248) 355-5555  J CRAIG@ FIEGERLAW.ORG*
Telephone number:    email:

(Signature) *[signature]*    (Date) *2/6/14*

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## FIEGER, FIEGER,
## KENNEY, GIROUX, DANZIG & HARRINGTON
### A PROFESSIONAL CORPORATION
─────────
ATTORNEYS AND COUNSELORS AT LAW
19390 WEST TEN MILE ROAD
SOUTHFIELD, MICHIGAN 48075-2463
TELEPHONE (248) 355-5555
FAX (248) 355-5148
WEBSITE: www.fiegerlaw.com
E-MAIL: info@fiegerlaw.com

JAMES S. CRAIG

DIRECT DIAL (248) 355-3879
E-MAIL: j.craig@fiegerlaw.com

February 11, 2014

City of Detroit Claims Processing Center
c/o KCC
2335 Alaska Avenue
El Segundo, CA 90245

RE:     Proof of Claims

Dear Claims Dept:

Enclosed please find Proof of Claims for the following:

**Known Claims**
Marvin Seales vs. City of Detroit, et al
Case No. 4:12-cv-11679  USDC (EDMI) Hon Drain

**New Claims**
Khalid Shaya vs. City of Detroit, et al
Sergio Love vs. City of Detroit, et al
Robert Cureton vs. City of Detroit, et al

The above claims are either ongoing 42 USC 1983 civil lawsuits or soon to be filed cases.

Should you have any questions or concerns, please feel free to contact the undersigned.

Very truly yours,
**FIEGER, FIEGER, KENNEY, GIROUX,
& HARRINGTON, P.C.**

James S. Craig

JSC/dcs
Enclosure

**EXHIBIT 5: OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS CITY OF DETROIT'S AND THOMAS ZBERKOT'S AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT [74]**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN SEALES,

      Plaintiff,

v.

CITY OF DETROIT, et al.,

      Defendants.

_____/

Case No. 12-cv-11679

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS
CITY OF DETROIT'S AND THOMAS ZBERKOT'S AMENDED MOTION FOR PARTIAL
SUMMARY JUDGMENT [74]**

**I. INTRODUCTION**

This is a wrongful arrest and detention case based on mistaken identity.
Plaintiff Marvin Seales (Seales or "Plaintiff") was arrested by City of Detroit
police officers and transferred to the Wayne County Jail pursuant to an arrest
warrant for an individual named Rodrick Siner (Siner), who used Seales's name as
an alias. Plaintiff claims that Defendants violated 42 U.S.C. § 1983 and state tort
laws including false arrest, gross negligence, and intentional infliction of emotional
distress. Defendants include individual defendant Thomas Zberkot (Zberkot) and
municipal defendant City of Detroit (Detroit) (collectively, "Defendants"). Wayne
County was previously dismissed from the case in a separate motion for summary
judgment. Dkt. No. 70, 82.

Before the Court are Defendants' Motion for Partial Summary Judgment [72] and Amended Motion for Partial Summary Judgment [74]. Defendants' original Motion for Partial Summary Judgment [72] appears to be mooted by Defendants' amended motion [74], so the Court confined its analysis to the amended motion.

Upon review of the briefs, the Court finds that oral argument will not aid in the disposition of this matter. Accordingly, the hearing is cancelled and the Court will decide the matter on the submitted brief. *See* E.D. Mich. L.R. 7.1(f)(2). For the reasons that follow, Defendants' Amended Motion for Partial Summary Judgment [74] will be **GRANTED** in part and **DENIED** in part.

## II. FACTUAL BACKGROUND

On January 18, 2012, Defendant Thomas Zberkot was on assignment to the Detroit Fugitive Apprehension Team ("the Team"). *See* Dkt. No. 80-4, p. 2 (Pg. ID No. 658). The Team executed an arrest warrant for attempted murder for a suspect named "Roderick Siner." *Id*. Siner's aliases included "Marvin Seals." *Id*. The Team arrested Plaintiff, Marvin Seales, at his workplace, Reinhart Food Service, in Warren, Michigan. Dkt. No. 75, p. 9 (Pg. ID No. 520).[1] Plaintiff was then taken to

---

[1] Plaintiff relies on the statement of facts he filed in response to Wayne County's Motion for Summary Judgment, Dkt. No. 75. *See* Dkt. No. 80, p. 10 (Pg. ID No. 627). However, the majority of Plaintiff's stated facts do not cite to evidence in support. Defendants City of Detroit and Zberkot also do not cite to a

the Detroit Police Department Northeast/3rd Precinct lockup. Dkt. No. 80-4, p. 2 (Pg. ID No. 658). At the precinct, Plaintiff was fingerprinted by the arresting agency. Dkt. No. 75-4, p. 5 (Pg. ID No. 554).

Although Plaintiff's name resembled one of Siner's aliases, Plaintiff was not the person wanted on felony charges. Dkt. No. 75, p. 9 (Pg. ID No. 520). Plaintiff allegedly informed Defendant Zberkot and others that he was not Rodrick Siner and that they had the wrong individual. *Id*. Plaintiff also alleges that he told Defendant City of Detroit police personnel at lockup that he was not Roderick Siner and that they had the wrong individual. *Id*. at 10.

Plaintiff was held in the City of Detroit Police Department facility until his video arraignment with Magistrate Millicent D. Sherman of the 36th District Court on January 20, 2012. Dkt. No. 75-5, p. 4 (Pg. ID No. 565). At Plaintiff's video arraignment, he stated his name was "Marvin Seals," [sic] and acknowledged that he heard the charges against him, understood the penalties that applied to those charges, and understood his right to remain silent and retain counsel. *Id*. at 4–5. He did not make any direct statements about mistaken identity during the arraignment. Magistrate Sherman set bond in the amount of $500,000 dollars, "given the nature of the charges and the seriousness of the allegations." *Id*. at 5.

---

single piece of evidence in support of their statement of facts. Dkt. No. 74, p. 9 (Pg. ID No. 495). Accordingly, the Court was not able to provide appropriate citations for all the facts alleged.

Plaintiff was then transferred to the Wayne County Jail until his preliminary examination. Dkt. No. 75, p. 10 (Pg. ID No. 521). On February 1, 2012, Plaintiff appeared at a scheduled preliminary examination before 36th District Court Judge Deborah G. Bledsoe Ford on the charges of Assault with Intent to Murder, Felony Assault, and Felony Firearm, as Rodrick Siner. Dkt. No. 75-3. Plaintiff was represented by counsel, Earl Washington, at the hearing. *Id*. at 4. At the start of the hearing, Wayne County Prosecutor Shannon Walker orally moved to dismiss the matter because the victim of the crime informed her before the hearing that Plaintiff was not the individual who shot at him. *Id*. That same day, Judge Deborah Ford of the 36th Judicial District signed an order of Dismissal, which states that Plaintiff was not the correct defendant and that he was wrongfully arrested. Dkt. No. 75-6.

Plaintiff further alleges that at the time of Plaintiff's arrest and incarceration, a mug shot and further identification of Rodrick Siner and Marvin Seales was available to Defendants. The photos Plaintiff attached as exhibits are undated, and thus do not definitively establish that Defendants possessed photos of both Plaintiff and Siner at the time of Plaintiff's arrest. *See* Dkt. No. 75-2. Review of Michigan Department of Corrections' Offender Tracking Information System (OTIS) indicates that Siner's only offense in the system is a charge of delivering or manufacturing a controlled substance, with an offense date of April 3, 3012, after

Plaintiff was released.[2] OTIS lists Siner's known aliases as "Chaun Hardin," "John Siner," "Marvin Louis Seales," "Robert Sutton," "Robert Whitman," "Robert S Whitman," "Rodrick K Hardin," and "Rodrick Kareem Siner."

Defendants state, without citing to evidence, that Plaintiff had outstanding warrants independent of the crimes for which Siner was wanted. Dkt. No. 74, p. 9 (Pg. ID No. 495).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) "directs that summary judgment shall be granted if 'there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 779 (6th Cir. 1998). The court must view the facts, and draw reasonable inferences from those facts, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). No genuine dispute of material fact exists where the record "taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Ultimately, the court

---

[2] The Court obtained the information about Siner's convictions from the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice. *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004). Siner's profile is available                                                                                                        at: http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=861914.

evaluates "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## IV. DISCUSSION

Plaintiff's Amended Complaint brings six claims against Defendants, including: (1) a Section 1983 claim for False Detention, Arrest, Imprisonment and Confinement as to Defendant City of Detroit; (2) a False/Wrongful Arrest and False Imprisonment claim against all Defendants; (3) a Willful and Wanton Misconduct, Deliberate Indifference/Gross Negligence claim against all Defendants; (4) an Intentional Infliction of Emotional Distress claim against unspecified Defendants; (5) a Section 1983 claim for deprivation of rights under the First, Fourth, Fifth, and Fourteenth Amendments and the Michigan Constitution, Article I, §§ 5, 6, 11 and 17 against Defendant Zberkot; and (6) a *Monell* claim against City of Detroit. Dkt. No. 28, pp. 6–19 (Pg. ID No. 126–139).

Defendants allege that Plaintiff has not demonstrated that his rights were violated pursuant to an unconstitutional policy, as required for municipal liability. Dkt. No. 74, p. 9 (Pg. ID No. 495).[3] Defendants further argue that Defendant

---

[3] Defendants' Motion fails to comply with Eastern District of Michigan Local Rule 5.1(a)(3), requiring that all papers submitted to the Court utilize 14 point type

Zberkot is entitled to qualified immunity from Plaintiff's claims under Section 1983. *Id*. at 13. Defendants go on to argue that Defendant City of Detroit is shielded from liability under the Governmental Immunity Act, *id*. at 17, and that Defendant Zberkot is entitled to immunity under Michigan Compiled Laws § 691.1407 with respect to the gross negligence claim. *Id*. at 18.

## IV. Discussion

### A. Counts I, V, and VI: Section 1983 Claims

#### 1. Section 1983 Claim Against An Individual Defendant

In order to make out a Section 1983 claim, a plaintiff must show (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by the defendant while acting under color of state law (3) occurring without due process of law. *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002). Here, Plaintiff claims that Defendants violated his rights under the First Amendment, Fourth Amendment, Fifth Amendment, Fourteenth Amendment, and Article 1, Sections 5, 6, 11 and 17 of the Michigan Constitution.

As an initial matter on Count VI, the Court will not analyze Plaintiff's claim that his First Amendment rights were violated because Plaintiff makes no argument and does not present any evidence related to any violation of his First Amendment

---

size for all text and footnotes. Future non-compliance will result in pleadings being stricken.

rights. The inclusion of this amendment appears to be a briefing error. Additionally, although Section 1983 provides a mechanism for seeking redress for an alleged deprivation of a litigant's federal constitutional and federal statutory rights, it does not protect Plaintiff's rights under the Michigan Constitution. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008) ("A prima facie case under § 1983 has two elements: "(1) the defendant must be acting under the color of state law, and (2) the offending conduct must deprive the plaintiff of *rights secured by federal law*.") (emphasis added); *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (stating Section 1983 does not provide redress for a violation of state law more protective of individual rights than the United States Constitution). Thus, the Court will not evaluate Plaintiff's claim that his rights under Article 1, Sections 5, 6, 11, and 17 of the Michigan Constitution were violated, about which Plaintiff similarly did not provide any argument.

Plaintiff's claim that he was wrongfully arrested fails as a matter of law because it is based solely on his argument that the arresting officers should have known he was innocent. "Arrest warrants in the hands of a police officer, unless facially invalid, are presumed valid," *Fettes v. Hendershot*, 375 Fed. App'x. 528, 532 (6th Cir. 2010), and Plaintiff does not challenge the facial validity of the

warrant. Given that Plaintiff was held pursuant to a facially valid warrant[4] and a bond order issued after an arraignment and preliminary hearing, his detention, does not appear to be a constitutional violation. *See Baker v. McCollan*, 443 U.S. 137, 144 (1979); *Thurmond v. Cty. of Wayne*, 447 F. App'x 643, 648–49 (6th Cir. 2011).

Plaintiff's claim that his rights were violated is based on his continued incarceration even after Defendant Zberkot and Detroit employees should have known he was not the person named in the warrant. In general, holding a person under a facially valid warrant does not constitute a constitutional violation, even if it turns out that the person was wrongfully arrested. *Baker*, 443 U.S. at 144 (finding that a three-day detention did not amount to a violation of due process). Nevertheless, "depending on what procedures the State affords defendants following arrest and prior to actual trial," "repeated protests of innocence will after

---

[4] Although there has been no dispute that the warrant for Siner was valid, the Court notes its concern no evidence was provided to establish that Plaintiff was arrested for any reason other than the similarity of his name to that of Siner's alias, "Marvin Seals." *See* Dkt. No. 80-4. Defendants have not provided any evidence that there was probable cause to assume that Plaintiff was the individual for whom the warrant was issued, outside of his name. They simply state that "there was probable cause of the arrest of Rodrick Siner aka Marvin Seales." Dkt. No. 74-1, p. 2 (Pg. ID No. 511). Neither party provided the Court with a copy of the warrant providing probable cause for arrest. However, as Plaintiff has not alleged, similar to *Kentucky v. Young*, 51 F. App'x 543 (6th Cir. 2002), that an officer randomly chose him and then swore under oath to obtain the warrant, the Court has no evidence that the warrant was invalid.

the lapse of a certain amount of time deprive the accused of 'liberty . . . without due process of law.' " *Id.*

The Supreme Court has not definitively resolved the question of how long such a mistaken-identity detention must be for it to implicate a constitutional due process right. *See Flemister v. City of Detroit*, 358 F. App'x 616, 620 (6th Cir. 2009). In the Sixth Circuit, such analysis appears to turn on the length of time an individual is detained, whether the detainee protested his or her innocence, and whether potentially exculpatory evidence was available at the time of arrest and detention. *See Thurmond v. Cty. of Wayne*, 447 F. App'x 643, 649 (6th Cir. 2011) (finding that a 35-day detention did not violate a plaintiff's constitutional rights where he never protested his innocence and deputies did not possess potentially exculpatory evidence); *Flemister*, 358 F. App'x at 617–18 (finding that a six-day detention did not violate a plaintiff's constitutional rights where he repeatedly protested and provided evidence of mistaken identity); *Gray v. Cuyahoga County Sheriff's Dept.*, 150 F.3d 579, 582–83 (6th Cir. 1998) (concluding that a 41-day detention was sufficient to assert a claim where the plaintiff repeatedly protested and deputies possessed a photograph showing no resemblance to the suspect). In reaching its conclusion in *Gray*, the Sixth Circuit relied on two district court decisions involving detentions of 12 days and 30 days, respectively, which were

found to be sufficient to state a claim upon which relief may be granted. 150 F.3d at 582–83.

### a. Qualified Immunity

A qualified-immunity defense bars individual liability where "a reasonable official in the defendant's position would not have understood his or her actions to violate a person's constitutional rights." *Gregory v. City of Louisville*, 444 F.3d 725, 738 (6th Cir. 2006). Qualified immunity " 'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.' " *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)).

To determine whether an officer is entitled to qualified immunity, a court must determine "(1) whether the facts, when taken in the light most favorable to the party asserting the injury, show the officer's conduct violated a constitutional right; and (2) whether the right violated was clearly established such 'that a reasonable official would understand that what he is doing violates that right.' " *Mullins v. Cyranek*, 805 F.3d 760, 765 (6th Cir. 2015) (quoting *Saucier v. Katz*, 533 U.S. 194, 201–02 (2001)). The Court may address these two prongs in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "Plaintiffs bear the burden of showing that a clearly established right has been violated and that the official's conduct caused that violation." *Trakhtenberg v. Cty. of Oakland*, No. 15-2495,

2016 WL 6803725, at *5 (6th Cir. Nov. 17, 2016) (citing *Chappell*, 585 F.3d at 907). Subjective factors and surrounding circumstances generally are not relevant to the determination. *Davis v. Scherer*, 468 U.S. 183, 191 (1984).

### b.  Plaintiff's Section 1983 Claim Against Defendant Zberkot

Plaintiff has named a single individual defendant: City of Detroit police officer Thomas Zberkot. Zberkot was assigned to assist in the apprehension of Rodrick Siner on January 18, 2012. Dkt. No. 74, p. 9 (Pg. ID No. 495).[5] Plaintiff has alleged that Zberkot "and other members of [Detroit Fugitive Task Force]" arrested him, placed him in handcuffs in front of his employer, and transported him to the Detroit Police Department Northeast/3rd Precinct lockup. Dkt. No. 28, pp. 3–5 (Pg. ID No. 123–5). All of this was allegedly done while Plaintiff repeatedly protested that the officers had the wrong individual and while the officers had additional information that Plaintiff was not the actual person sought under the warrant. *Id*.

Based on the Sixth Circuit's reasoning in *Gray*, it is possible for a reasonable jury to find that Plaintiff's rights were violated. 150 F.3d at 582–83 (noting that a 12-day detention was found to be sufficient to state a claim). Here, Plaintiff was held for fifteen days at City of Detroit and Wayne County jail

---

[5] No officers from Defendant City of Detroit have been deposed, including Defendant Zberkot. Accordingly, the Court cites to Defendants' pleading itself, supported by Defendant Zberkot's affidavit.

facilities based on the arrest performed by Defendant Zberkot. The Court cannot say at this stage in the proceedings, based on existing precedent, that this time period was too short to constitute a constitutional violation.

Furthermore, in the present case, unlike *Thurmond*, the defendant officer has not carried his burden in proving that Plaintiff never protested his innocence. *See id*. at 649–50 (noting that there was uncontested evidence that the plaintiff neither protested his innocence to the deputies, nor were any of the deputies in possession of any potentially exculpatory evidence). Plaintiff has alleged, without rebuttal by Defendants, that he protested his innocence to Zberkot and his fellow deputies numerous times, and that Defendants had in their possession a photograph of Siner that bore little resemblance to Plaintiff.

Where officers were responsible for ensuring that a suspect was actually the individual named in the warrant and those same officers were aware of evidence that could exculpate a suspect arrested based on mistaken identity, past cases in this Court have found summary judgment inappropriate. *See Cleveland v. City of Detroit*, 275 F. Supp. 2d 832, 840 (E.D. Mich. 2003). It is for a jury to decide whether Defendant Zberkot acted with something akin to deliberate indifference in failing to ascertain that Plaintiff was not the person wanted by authorities on Siner's outstanding assault with intent to murder warrant. *See Gray*, 150 F.3d at 583.

-13-

Viewing the facts in the light most favorable to the non-moving party, the Court finds that Defendant Zberkot is not entitled to qualified immunity because his actions may have violated a clearly established constitutional right of which a reasonable person would have known. The Sixth Circuit's decision in *Gray* took place in 1998. More than a decade elapsed between *Gray* and Plaintiff's 2012 arrest and detention. Fourteen years is more than enough time to clearly establish to a reasonable officer that detaining the wrong individual for several weeks in the face of repeated protests of mistaken identity and while possessing exculpatory evidence may be violative of the detainee's constitutional rights. *See Gray*, 150 F.3d at 582–83.

The Court **DENIES** Defendants' Amended Motion for Partial Summary Judgment with regard to Count V, the Section 1983 claim against Defendant Zberkot.

### 2. Section 1983 Claims Against Defendant City of Detroit

In Count I, Plaintiff argues that Defendant City of Detroit is liable for Plaintiff's unlawful detention and confinement because it: inadequately trained officers in the proper identification of a suspected criminal; failed to "hire individuals whose character and personality would not pose a potential danger" to citizens; failed to discipline officers involved in Plaintiff's wrongful detention; failure to train officers about the proper amount of force to be utilized for citizens,

-14-

arrestees and/or detainees;[6] and "[k]nowingly and recklessly hiring and training as police officers and detention officers individuals who were not able to distinguish between accused criminals and innocent citizens." Dkt. No. 28, pp. 7–8 (Pg. ID No. 127–28). In Count VI, Plaintiff's *Monell* claim alleges violations under the First Amendment, Fourth Amendment, Fifth Amendment, and Fourteenth Amendment of the United States Constitution and Article 1, Sections 5, 6, 11, and 17 of the Michigan Constitution.[7] *Id*. at 16–19 (Pg. ID No. 136–39).

As both Counts I and VI assert Section 1983 claims against a municipal entity and seek only monetary damages as a remedy, the Court interprets both these claims to be *Monell* claims. Defendant City of Detroit appears to move for summary judgment on both claims. Dkt. No. 74, p. 9 (Pg. ID No. 495).

### a. Requirements for a *Monell* Claim

A local government cannot be held liable merely because it employs a tortfeasor. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). A municipality may be held liable for violation of an individual's constitutional rights only when the agency, acting through the execution of its policies or customs, directly inflicts the injury. *Id*. at 694. To establish a municipality's

---

[6] The inclusion of this claim appears to be another briefing error, as Plaintiff at no point alleges that excessive or improper force was used against him.

[7] As stated above, the Court will not analyze Plaintiff's claims that his First Amendment rights and rights granted by the Michigan Constitution were violated, as he has provided no argument or evidence related to these claims.

liability under a failure-to-train theory, a plaintiff must prove: (1) the training program and supervision were inadequate; (2) the inadequacy of training resulted from the municipality's deliberate indifference; and (3) the inadequacy in training actually caused, or is closely related to, the plaintiff's injury. *Shadrick v. Hopkins Cty., Ky.*, 805 F.3d 724, 740–43 (6th Cir. 2015).

### b. Whether Plaintiff's Constitutional Rights Were Violated

As noted in the prior section, when the Court views the evidence in the light most favorable to the non-moving party, this evidence is enough to create a question of material fact as to whether Defendant City of Detroit employees and Defendant Zberkot violated Plaintiff's constitutional rights.

Here, Plaintiff was incarcerated for a period of fifteen days based on Defendants' arrest of the wrong man. There is no evidence that Defendants confirmed that Plaintiff's fingerprints, photographs, or biographical information[8] matched those of Siner, for whom the arrest warrant was issued, even though Plaintiff allegedly protested the mistaken identity on numerous occasions.

---

[8] For instance, there is no evidence that Plaintiff and Siner had the same birth date, were the same height and weight, or shared any other characteristics other than they were both black men with using a similar name. *See Flemister v. City of Detroit*, 358 F. App'x 616, 617 (6th Cir. 2009) (involving mistaken identity where the suspect gave his cousin's name and birth date as his own); *Fletcher v. Cleveland*, No. 1:09 CV 1925, 2010 WL 2572874, at *1 (N.D. Ohio June 23, 2010) (involving mistaken identity where an individual used the plaintiff's name, social security number, and date of birth in connection with his criminal endeavors).

### c. Whether Plaintiff Provided Evidence of a Policy, Custom, or Failure to Train

It is not sufficient for Plaintiff to show that a single employee was unsatisfactorily trained; that an otherwise sound training program was administered negligently; or that better or more training could have equipped the offending official to avoid his particular injury-causing conduct, thereby sparing Plaintiff his injury. *Shadrick*, 805 F.3d at 738 (citing *City of Canton v. Harris*, 489 U.S. 378, 390–91 (1989)). Rather, Plaintiff must show that (1) Defendant City of Detroit adhered to its training even though it knew or should have known that the training failed to prevent a pattern of similar constitutional violations, or that (2) Defendant City of Detroit failed to train its officers to handle a narrow class of recurring situations that present an obvious potential for constitutional violations. *Id.* at 738–39 (citing *Connick v. Thompson*, 563 U.S. 51 (2011); *Board of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 409 (1997)).

Defendant City of Detroit is entitled to summary judgment on this claim. Plaintiff does not cite to evidence of a pattern of similar violations. Furthermore, Plaintiff's arrest and detention may lie within a "narrow class of recurring situations that present an obvious potential for constitutional violation," *id.*, Plaintiff does not present any evidence—direct or otherwise—concerning the content, duration, or frequency of the City of Detroit's training on the subject.

Plaintiff's evidence of inadequacy rests solely on the fact that his arrest and detention occurred. Plaintiff did not depose a single officer or official from Defendant City of Detroit, including Defendant Zberkot, to testify about the training officers receive. Plaintiff has presented no more than a scintilla of evidence in support of his failure-to-train claim. *See, e.g.*, *Wilcox v. City of Detroit*, 163 F. Supp. 3d 474, 481 (E.D. Mich. 2016) (granting summary judgment to city where no evidence regarding training or a pattern of violations was presented).

Accordingly, the Court **GRANTS** Defendants' Amended Motion for Partial Summary Judgment [74] with respect to Counts I and VI.

## B. Counts II, III, and IV: State Tort Claims

Plaintiff's amended complaint also sets forth two intentional tort claims: a false imprisonment claim against all defendants and intentional infliction of emotional distress against unspecified defendants. Dkt. No. 28, pp. 9–11, 13–14 (Pg. ID No. 129–31, 133–34). Additionally, the complaint states a claim for gross negligence as to all defendants. *Id.* at 11–13 (Pg. ID No. 131–133).

Defendants assert they are entitled to governmental immunity on all tort claims against Defendant City of Detroit, Dkt. No. 74, pp. 17–18 (Pg. ID No. 503–04), and that Defendant Zberkot is entitled to governmental immunity with regard to Plaintiff's gross negligence claim, *id.* at 18–20. Defendants have not argued that

Zberkot should be shielded by immunity with respect to Plaintiff's false arrest and/or false imprisonment claim.

### 1. The Government Tort Liability Act as to Defendant City of Detroit

The Government Tort Liability Act provides: "Except as otherwise provided in this act, a governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function." MICH. COMP. LAWS § 691.1407(1). A "governmental function" is defined as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." MICH. COMP. LAWS 691.1401(f). This includes "[t]he authority of the city's police officers to 'pursue, arrest and detain' those suspected of violating the laws of Michigan." *Payton v. City of Detroit*, 211 Mich. App. 375, 392, 536 N.W.2d 233 (1995). "There is no 'intentional tort' exception to governmental immunity." *Smith v. Dep't of Pub. Health*, 428 Mich. 540, 544, 410 N.W.2d 749, 751 (1987).

To maintain an action against a government agency, a plaintiff must plead facts in avoidance of immunity. *McCann v. Michigan*, 398 Mich. 65, 77, 247 N.W.2d 521 (1976). Generally, a plaintiff pleads facts in avoidance of governmental immunity by stating a claim that fits within a statutory exception or by pleading facts that demonstrate the alleged tort occurred during the exercise or discharge of a nongovernmental or proprietary function.

This applies to claims based on vicarious liability as well: "A governmental agency can be held vicariously liable only when its officer, employee, or agent, acting during the course of employment and within the scope of authority, commits a tort while engaged in an activity which is nongovernmental or proprietary, or which falls within a statutory exception." *Ross v. Consumers Power Co.*, 420 Mich. 567, 625, 363 N.W.2d 641 (1984).

Here, Plaintiff claims that "Defendants' [sic] were not performing a 'governmental function' due to the fact that wrongfully incarcerating a person is not performing a 'governmental function.' " Dkt. No. 80, p. 21 (Pg. ID No. 638). Plaintiff cites no case law in support of his argument.

Conversely, Defendants have cited to state case law specifying that "[t]he operation of a police department is a governmental function." *Isabella Cty. v. Michigan*, 181 Mich. App. 99, 105, 449 N.W.2d 111, 113 (1989). Provided an agency is exercising a governmental function, even an intentional tort does not provide an exception to governmental immunity. *Dep't of Pub. Health*, 428 Mich. at 544, 410 N.W.2d at 751.

Plaintiff has not pointed to any conduct by the City of Detroit in which it acted beyond its governmental function of operating a police department and has not argued that any exception to the City's immunity applies. Accordingly, any state-law tort claims asserted against Defendant City of Detroit shall be dismissed

because the City has immunity as to those claims. *See Trakhtenberg v. Oakland Cty.*, No. 14-13854, 2015 WL 6449327, at *25 (E.D. Mich. Oct. 26, 2015), *aff'd sub nom. Trakhtenberg v. Cty. of Oakland*, No. 15-2495, 2016 WL 6803725 (6th Cir. Nov. 17, 2016) (citing *Jones v. Muskegon Cty.*, 625 F.3d 935, 947 (6th Cir. 2010)).

Accordingly, the Court **GRANTS** Defendants' Amended Motion for Summary Judgment as to Defendant City of Detroit on Counts II, III, and IV.

### 2.  Count III: Gross Negligence Claim Against Defendant Zberkot

Defendants also seek dismissal of Plaintiff's gross negligence claim against Defendant Zberkot. Dkt. No. 74, pp. 18–20 (Pg. ID No. 504–06).

Michigan law defines "gross negligence" as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MICH. COMP. LAWS § 691.1407(7)(a). Courts are to analyze gross negligence claims by determining whether:

(a) the individual was acting or reasonably believed that he was acting within the scope of his authority,

(b) the governmental agency was engaged in the exercise or discharge of a governmental function, and

(c) the individual's conduct amounted to gross negligence that was the proximate cause of the injury or damage.

*Odom v. Wayne Cty.*, 482 Mich. 459, 480, 760 N.W.2d 217, 228 (2008).

" 'Gross negligence' is 'conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.' " *Bennett v. Krakowski*, 671 F.3d 553, 563 (6th Cir. 2011). "It has been characterized as a willful disregard of safety measures and a singular disregard for substantial risks." *Oliver v. Smith*, 290 Mich. App. 678, 685, 810 N.W.2d 57, 62 (2010). "It is as though, if an objective observer watched the actor, he could conclude, reasonably, that the actor simply did not care about the safety or welfare of those in his charge." *Tarlea v. Crabtree*, 263 Mich. App. 80, 687 N.W.2d 333, 339–40 (2004). "Summary disposition is precluded where reasonable jurors honestly could have reached different conclusions with respect to whether a defendant's conduct amounted to gross negligence." *Stanton v. City of Battle Creek*, 237 Mich. App. 366, 375, 603 N.W.2d 285, 289 (1999), *aff'd*, 466 Mich. 611, 647 N.W.2d 508 (2002).

Defendants cite to a Michigan Supreme Court case, *Maiden v Rozwood*, 461 Mich 109 (1999), in support of their argument. In *Maiden*, plaintiff's decedent filed a wrongful death action alleging gross negligence on the part of the resident aides in restraining plaintiff's decedent, who died of asphyxia. 461 Mich. at 124–28, 597 N.W.2d at 825–27. However, in *Kendricks v. Rehfield*, 270 Mich. App. 679 (2006), the Michigan Court of Appeals has addressed the issue of gross negligence in a situation far more comparable to the present case. In *Kendricks*, the plaintiff was held in jail for seven months when the arresting officers ignored his

claim of mistaken identity and exculpatory photographic evidence. 270 Mich. App. at 682–83, 716 N.W.2d at 625. The Court of Appeals of Michigan held that the defendant officers' failure to investigate the plaintiff's claim of mistaken identity caused an egregious injury, the plaintiff's lengthy wrongful detention. *Id.* Kendricks held that the question of whether the officers' conduct demonstrated a sufficient lack of concern to constitute gross negligence is a question for a trier of fact, and that defendants were not immune from liability at the summary judgment stage. *Id.*

Accordingly, the Court finds that it is not appropriate to grant Defendant Zberkot immunity at the summary judgment stage, when reasonable jurors could find that Zberkot's conduct amounted to gross negligence. *See Cleveland v. City of Detroit*, 275 F. Supp. 2d 832, 842 (E.D. Mich. 2003) (denying defendants summary judgment on a gross negligence claim in a case involving detention based on mistaken identity). Defendants' motion is **DENIED** as to Count III against Defendant Zberkot.

### 3. Count IV: Intentional Infliction of Emotional Distress Claim Against Defendant Zberkot

Count IV, asserting a claim of intentional infliction of emotional distress claim against unspecified defendants, will be dismissed because Plaintiff stated in

his response brief that he does not oppose dismissal of this claim. Dkt. No. 80, p. 22 (Pg. ID No. 639).

Accordingly, the Court **GRANTS** summary judgment on Count IV against Defendant Zberkot.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that summary judgement is **GRANTED** as to Counts I, II, III, IV, and VI against Defendant City of Detroit and Count IV against Defendant Zberkot.

**IT IS FURTHER ORDERED** that all claims against Defendant City of Detroit are **DISMISSED**.

**IT IS FURTHER ORDERED** that summary judgment is **DENIED** as to Counts II, III, and V against Defendant Zberkot.

IT IS SO ORDERED.

Dated:        January 3, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge