# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## NOTICE OF CONVENIENCE CLASS ELECTION FOR CLAIM 799

## PLEASE TAKE NOTICE OF THE FOLLOWING:

1. On February 8, 2013, Darryl Cain ("Cain") filed a prisoner civil rights complaint in the District Court for the Eastern District of Michigan ("District Court") against Frank Carroll ("Carroll"), a City of Detroit ("City") police officer, creating Case Number 13-10525 ("District Court Case") in the District Court.

2. On June 24, 2013, Cain filed an amended complaint ("Complaint"), clarifying that he was suing Carroll in both his individual and official capacity and adding the City as a defendant.

3. The Complaint alleges that Carroll arrested Cain without a warrant on June 7, 2010, and that Cain's probable cause hearing was held June 10, 2010.

4. Cain alleges that because his probable cause hearing was held more than 48 hours after his arrest, his constitutional civil rights were violated.

5. The Complaint seeks $51,320,000 in damages.

6. On July 18, 2013, the City filed a petition for relief in this Court.

7. On July 25, 2013, this Court entered an order confirming the automatic stay of all proceedings against the City. ("Stay Order," Doc. No. 167.)

8. Six days later, the District Court entered an order referencing the Stay Order and staying the District Court Case. (District Court Case, Doc. No. 20.)

9. On or about February 10, 2014, Cain filed claim number 799 ("Claim 799," attached as **Exhibit 1**) in the City's bankruptcy case.

10. On February 28, 2014, the City filed its *Motion of the City of Detroit for Entry of an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* ("Solicitation Procedures Motion," Doc. No. 2789), which this Court approved by an order entered March 11, 2014 ("Solicitation Procedures Order," Doc. No. 2984).

11. Paragraph 7(e) of the Solicitation Procedures Order states

> Each holder of a Class [14] Other Unsecured Claim is permitted to elect to reduce its claim to $25,000 in the aggregate and obtain treatment of such reduced claim as a Class [15] Convenience Claim (the "Convenience Class Election"). The City is hereby authorized to use the Class [14] Ballots as the mechanism for Class [14] creditors to make the Convenience Class Election.

Solicitation Procedures Order, ¶ 7(e).[1]

---

[1] When the Solicitation Procedures Motion was filed, Other Unsecured Claims were to be placed in Class 13 in the City's then-current plan of adjustment. A new class was later added, placing these claims in Class 14 in the Plan (defined below).

12. Footnote 1 on page 1 of the Solicitation Procedures Order stated that capitalized terms used in, but not defined by, the Solicitation Procedures Order have the meanings assigned to them in the Solicitation Procedures Motion.

13. Paragraph 22 of the Solicitation Procedures Motion defined "Convenience Class Election" as a creditor's election to reduce his or her claim to $25,000 and treat it as a "Class [15] Convenience Claim," citing Article I, Part A, Paragraph 44 of the then-current form of the City's proposed plan of adjustment.[2]

14. The Solicitation Procedures Order stated that, once a creditor made a Convenience Class Election, the election was binding and irrevocable. Solicitation Procedures Order, ¶ 7(h).

15. On June 27, 2014, the City filed a Stay Modification Notice allowing Cain to liquidate his claim in the District Court. ("Stay Mod Notice," Doc. No. 5641.)

16. On July 14, 2014, the City's claims agent received a ballot from Cain, voting to accept the City's plan of adjustment ("Plan")[3] and making the Convenience Class Election for Claim 799. Ballot, **Exhibit 2**.

---

[2] The corresponding paragraph in the confirmed Plan (defined below) is paragraph 76. Plan p. 7 [Doc. No. 8045, p. 14 of 82; Doc. No. 8272, p. 147 of 225.] Convenience Claims also became Class 15 in the Plan (defined below).

[3] *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)*, as filed on October 22, 2014 [Doc. No. 8045], and as confirmed as modified by Court order entered on November 12, 2014. [Doc. No. 8272]. Undefined capitalized terms have the meanings assigned in the Plan.

17. The Ballot states that "This Convenience Claim Election will be deemed irrevocable and legally binding on you upon (i) execution of this election on the Ballot and (ii) confirmation of the Plan." *See* Ballot.

18. Making a Convenience Claim Election for a claim does not automatically allow the claim. The Plan defines a "Convenience Claim" as

> a Claim that would otherwise be an Other Unsecured Claim that is (a) an Allowed Claim in an amount less than or equal to $25,000.00; or (b) in an amount that has been reduced to $25,000.00 pursuant to an election made by the Holder of such Claim . . . .

Plan, Article I, Part A, Paragraph 76. Thus, a creditor's election to have his Claim treated under Class 15 merely reduces the Claim to $25,000 so that it fits within the Class 15 cap; it does not make it an <u>allowed</u> Other Unsecured Claim.

19. On November 12, 2014, the Court confirmed the City's Plan. ("<u>Confirmation Order</u>," Doc. No. 8272.)

20. The order confirming the Plan made clear that "all prior orders entered in the Chapter 9 Case . . . shall be binding upon and shall inure to the benefit of the City and any other parties expressly subject thereto." Confirmation Order, ¶ T.69, p. 114. This includes the Solicitation Procedures Order.

21. Article VIII, Part E[4] of the Plan states, in pertinent part,

> The City is authorized to execute, deliver, File or record such contracts, instruments, releases and other agreements or documents and take such actions as may be necessary or appropriate to effectuate, implement and further evidence the terms and conditions of the Plan and any notes or securities issued pursuant to the Plan.

This provision allows the City to file and serve documents such as this to ensure proper notice of actions it takes in implementing the Plan (among other things).

22. On February 16, 2015, the District Court entered an order reopening its case ("<u>Reopen Order</u>").[5]

23. The parties moved for summary judgment, and on July 16, 2016, the District Court granted summary judgment in favor of the City and Carroll. ("<u>Judgment</u>," District Court Case, Doc. No. 45.)

24. Cain appealed the Judgment and the Sixth Circuit reversed, finding Cain had produced sufficient evidence to resist summary judgment. (District Court Case, Doc. Nos. 52, 53.)

25. On September 27, 2019, the District Court referred the District Court Case to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings. (District Court Case, Doc. No. 72.)

---

[4] Plan pp. 71-72 [Doc. No. 8045, p. 78-79 of 82; Doc. No. 8272, p. 211-12 of 225.]

[5] The District Court interpreted the Confirmation Order as meaning that the City had "formally exited bankruptcy," allowing the District Court Case to resume. Though inaccurate, the Stay Mod Notice prevented the Reopen Order from violating the discharge injunction.

26. The City files this document to provide notice as to the treatment of Claim 799 under the Plan as a $25,000 Class 15 Convenience Claim in accord with Cain's Convenience Class Election. The City's claims register will be revised accordingly. Cain may continue to liquidate his claim in the District Court if he so chooses, but in accord with his binding election, his recovery on his Class 15 Convenience Class Claim is capped at a maximum of 25% of $25,000; i.e., $6,250.

27. The City reserves its right to object to Claim 799 on procedural or substantive grounds or on the merits of the underlying claim. For example, should the District Court dismiss the District Court Case or otherwise rule in favor of the City, the City will object to Claim 799 and seek its disallowance and expungement.

Dated: November 6, 2019

        Respectfully submitted,

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

    - and -

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan  48226
Telephone: (313) 237-5037
Facsimile: (313) 224-5505
raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

# Exhibit 1

# Claim 799

| UNITED STATES BANKRUPTCY COURT | EASTERN DISTRICT of MICHIGAN | CHAPTER 9 PROOF OF CLAIM |
|---|---|---|
| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 | RECEIVED FEB 1 0 2014 KURTZMAN CARSON CONSULTANTS |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Cain, Darryl

Name and address where notices should be sent:　NameID: 11701846
Cain, Darryl
IN PRO PER
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon, MI 49444

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: 11701846
*(If known)*

Filed on: _____

Telephone number:　email:

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:　email:

1. Amount of Claim as of Date Case Filed: $51,320,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: False Imprisonment, 4th & 14th AM. violation
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: 1846

3a. Debtor may have scheduled account as: N/A
(See instruction #3a)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $ N/A
Annual Interest Rate (when case was filed) N/A % ☐ Fixed or ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ N/A
Basis for perfection: N/A
Amount of Secured Claim: $ N/A
Amount Unsecured: $ N/A

5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).  $ N/A

5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. § N/A .  $ N/A

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)  N/A

7. Documents: Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: N/A

8. Signature: (See instruction # 8)
Check the appropriate box.

☒ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: Darryl Cain
Title: Creditor
Company:
Address and telephone number (if different from notice address above):

(Signature) Darryl Cain   (Date) February 3, 2014

Telephone number:  email:
13-53846-tjt  Doc 13164  Filed 11/06/19  Entered 11/06/19 15:04:24  Page 9 of 13
13538461402100000000000017
*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for

# Exhibit 2

# Ballot Returned by Darryl Cain

**PLEASE READ THE VOTING INFORMATION AND**
**INSTRUCTIONS ATTACHED BEFORE COMPLETING THIS BALLOT.**

> PLEASE COMPLETE ITEMS 1, 2, AND 3 BELOW. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.
>
> IF BOTH BOXES ARE, OR NEITHER BOX IS, CHECKED IN ITEM 2, THIS BALLOT WILL COUNT AS ONE NOT ELECTING CONVENIENCE CLAIM TREATMENT FOR YOUR CLASS 14 OTHER UNSECURED CLAIM.
>
> IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, the Other Unsecured Claim Holder in Class 14 as of April 14, 2014 against the City of Detroit, Michigan, votes to (check **one** box):

[✓] ACCEPT the Plan.        [ ] REJECT the Plan.

If you vote to accept the Plan, you are voting to approve certain cancellation, discharge, exculpation, expungement, injunction and release provisions contained in the Plan. Such provisions include, but are not limited to, the provisions contained in Article III.D, Article IV.J, Article IV.K and Article V.C of the Plan. Such provisions may affect your rights and interests regarding certain nondebtor parties.

Creditor Name: Cain, Darryl        Amount of Claim: $51,320,000.00

**Item 2. Convenience Class Election.** The undersigned, the Other Unsecured Claim Holder in Class 14 as of April 14, 2014 against the City of Detroit, Michigan, elects to (check **one** box):

[✓] Treat the undersigned's Other Unsecured Claim as a Class 15 Convenience Claim under the Plan.

[ ] Not Treat the undersigned's Other Unsecured Claim as a Class 15 Convenience Claim under the Plan.

If you elect to treat your Class 14 Other Unsecured Claim as a Class 15 Convenience Claim, your vote to accept or reject the Plan in this Ballot will count as a vote for Class 15 tabulation purposes and your vote will not count for Class 14 tabulation purposes.

Convenience Claim elections are subject to the terms contained in the Plan. This Convenience Claim Election will be deemed irrevocable and legally binding on you upon (i) execution of this election on the Ballot and (ii) confirmation of the Plan. Class 15 Convenience Claims will be paid in accordance with the Plan terms.

Creditor Name: Cain, Darryl        Claim Amount: $51,320,000.00

PLEASE CONTINUE TO ITEM 3 ON THE NEXT PAGE

RECEIVED
JUL 14 2014
KURTZMAN CARSON CONSULTANTS

07-14-14 P04:35 RCVD

Item 3. Certifications. By signing this Ballot, the undersigned certifies that he, she or it:

i. is the Holder of one or more Other Unsecured Claims in Class 14 to which this Ballot pertains, or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan and make the elections applicable to such Claims;

ii. received a copy of the solicitation package consisting of: (a) a notice regarding the time and place of a hearing to consider confirmation of the Plan, (b) a CD-ROM including the Plan, Disclosure Statement and the exhibits thereto, (c) a Ballot and a ballot return envelope, (d) a copy of certain rules governing the tabulation of ballots, (e) a copy of the Notice of Voting Dispute Resolution Procedures approved by the Solicitation Procedures Order and (f) a cover letter;

iii. has not submitted any other Ballots for Class 14 that are inconsistent with the vote to accept or reject the Plan set forth in this Ballot, or if such other ballots were previously submitted, they have been revoked or changed to reflect the vote of this Ballot; and

iv. understands that a vote to accept the Plan is a vote to accept certain cancellation, discharge, exculpation, expungement, injunction and release provisions contained in the Plan.

Cain, Darryl
Name

_____
Social Security or Federal Tax I.D. No. (optional)

*/s/ Darryl Cain*
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

Oaks Correctional Facility
1500 Caberfae Hwy
Manistee, MI 49660-9200
Address

(231) 723-8272
Telephone Number

July 7, 2014
Date Completed

_____
Email address

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br><br>City of Detroit, Michigan,<br><br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 6, 2019, he filed the *Notice of Convenience Class Election for Claim 799* ("Notice") using the court's CM/ECF system which provided notice of the filing to all registered participants in this matter. Additionally, a copy of this Notice was mailed to the below addresses.

| | |
|---|---|
| NameID: 11701846<br>Cain, Darryl<br>IN PRO PER<br>E.C. Brooks Correctional Facility<br>2500 S. Sheridan Drive<br>Muskegon, MI 49444 | Darryl W. Cain, # 351791<br>Carson City Correctional Facility<br>10274 Boyer Road<br>Carson City, MI 48811-9746 |

By: /s/ Marc N. Swanson
Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

November 6, 2019