# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## *EX PARTE* MOTION OF THE CITY OF DETROIT FOR AN ORDER GRANTING A TENTH EXTENSION OF THE CLAIMS OBJECTION BAR DATE

The City of Detroit ("City") respectfully requests entry of an order extending the Claims Objection Bar Date (defined below) from December 9, 2019, through June 9, 2020, pursuant to section VI.C.3 of the City's chapter 9 plan, section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan (the "Local Rules"). The City makes this Motion on an *ex parte* basis pursuant to Local Rule 9006-1. In support of the Motion, the City respectfully states as follows:

## I. INTRODUCTION

The City believes there are now 16 proofs of claim—out of the approximately 3,900 originally filed proofs of claim—representing general unsecured claims yet to be resolved. These unresolved claims fall into three categories: (a) two proofs of claim that are actively being litigated in non-

- 1 -

bankruptcy forums under this Court's ADR Order (defined below); (b) eight claims that are or soon will be subject to an objection; and (c) six claims that are the subject of ongoing settlement negotiations.

With the exception of the two claims in active litigation in non-bankruptcy forums, the City is confident that it will be able to resolve the remaining claims in the next six months. To the extent that the two litigation claims are not resolved, the City will object to them before the objection deadline on the basis they are not enforceable against the City. The City does not believe, however, that this bankruptcy case can be closed until those claims are resolved by the non-bankruptcy forums. Consequently, the City respectfully submits that a denial of this Motion will not cause there to be an earlier closing date for this bankruptcy case. Additionally, a denial of this motion would require the City to spend time and resources objecting to claims that are close to being settled or that are being addressed in non-bankruptcy forums pursuant to the procedures put in place by this Court. The City does not intend to seek an additional extension beyond the one requested here absent unforeseen or exceptional circumstances. Consequently, the City respectfully requests that this Court grant a six-month extension of the Claims Objection Bar Date (as defined below) from December 9, 2019, through June 9, 2020.

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. BACKGROUND

### A. The Claims Resolution Process

2. On July 18, 2013 (the "Petition Date"), the City filed a petition for an order for relief in this Court.

3. On November 12, 2013, the City filed its *Motion of Debtor Pursuant to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims* [Doc. No. 1665] ("ADR Procedures Motion"). On December 24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc. No. 2302] ("ADR Order").

4. The Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1 to the ADR Order permitted the City to serve on claimants a

> notice that the Stay/Injunction is lifted to permit the underlying claim to be liquidated in a non-bankruptcy forum consistent with the terms, conditions and limitations of Section II.E. below (a "Stay Modification Notice"). In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction shall be deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum . . . .

ADR Procedures, Section I.B, p. 4.

5. On November 21, 2013, this Court issued its *Order, Pursuant to Sections 105, 501, and 503 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3003(c), Establishing Bar Dates for Filing Proofs of Claim and Approving Form and Manner of Notice Thereof* ("Bar Date Order," Doc. No. 1782), setting February 21, 2014, 4:00 p.m., Eastern Time as the deadline to file proofs of claim.

6. On October 22, 2014, the City filed its Plan,[1] which this Court confirmed on November 12, 2014 [Doc. No. 8272] ("Confirmation Order").

7. The Plan became effective on December 10, 2014 ("Effective Date").

8. Approximately 3,900 proofs of claim were filed against the City. Of those claims, approximately 1,356 were classified as litigation claims, the review of which was performed primarily by the City Law Department. The additional (roughly) 2,500 claims include trade claims, employee/labor/union claims and grievances, tax claims, and pension related claims.

9. The Plan established the initial "Claims Objection Bar Date," as defined in the Plan, as "the latest of (a) 180 days after the Effective Date, subject to extension by an order of the Bankruptcy Court, (b) 90 days after the Filing of a

---

[1] *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)*, as filed on October 22, 2014 [Doc. No. 8045], and as confirmed as modified by Court order on November 12, 2014 [Doc. No. 8272] ("Plan"). Undefined capitalized terms have the meanings assigned to them in the Plan.

- 4 -

proof of Claim for such Claim and (c) such other period of limitation as may be specifically fixed by an order of the Bankruptcy Court, which other period may be set without notice to Holders of Claims." Plan § I.A.62, p. 6. The Claims Objection Bar Date was initially set as June 8, 2015.

10. The Plan provides that "[u]pon motion by the City to the Bankruptcy Court, the City may request, and the Bankruptcy Court may grant, an extension to the Claims Objection Bar Date generally or with respect to specific Claims. Any extension granted by the Bankruptcy Court shall not be considered to be a modification to the Plan under section 1127 of the Bankruptcy Code." Plan § VI.C.3, p. 69. Accordingly, the Court has granted nine extensions of the Claims Objection Bar Date, with the last extension having been granted on May 17, 2019 ("Ninth Extension Order") [Doc. Nos. 9748, 9749, 10229, 10230, 11135, 11136, 11653, 11654, 11856, 11857, 12723, 12724 12780, 12944 & 13063].

11. In the Ninth Extension Order, the Court granted the requested extension with the provision that it would be the final extension granted. The City moved to amend the Ninth Extension Order [Doc. No. 13069], asking the Court to remove the language limiting its ability to grant further extensions. Following a hearing on the matter, the Court entered an order amending the Ninth Extension Order which now states that the "court might not grant any further extensions of the deadline." [Doc. No. 13084].

### B. The City Has Made Significant Progress in Resolving Claims Since the Last Extension Granted by This Court

12. To date, the City has filed, litigated, or otherwise resolved sixty-six omnibus objections to proofs of claim and numerous objections to individual claims. The Sixty-Sixth Omnibus Objection was filed on June 11, 2019, and sought to expunge two claims [Doc. No. 13071]. On August 22, 2019, the Court entered an order sustaining the Sixty-Sixth Omnibus Objection [Doc. No. 13100].

13. Since the entry of the Ninth Extension Order, the City has made significant progress, resolving approximately 87 claims. Of those 87 claims, approximately twenty-two were potentially Class 14 Claims while the remaining approximately sixty-five were treated by the Plan, but remain unresolved on the claims register.[2]

14. The City resolved a number of claims by stipulations among the parties in the months since entry of the Ninth Extension Order.[3]

---

[2] The City filed a notice identifying fifty-six claims that were resolved by the plan. Doc. No. 13151.

[3] Claim Number 2859 filed by Senior Accountants, Analysts, and Appraisers Association was resolved by stipulation and an order entered by this Court at Doc. No. 13073. Claim Numbers 809, 815, 816, 818, and 819 filed by Cass Community Social Services were withdrawn by stipulation and an order entered by the Court at Doc. No. 13076. Claim Number 1877 filed by the Detroit Police Officers Association was withdrawn by stipulation and order entered by the Court at Doc. No. 13078. Claim Number 1125 filed by Derrez Payne was withdrawn by stipulation and an order entered by the Court at Doc. No. 13088. Claim Number 1643 filed by Latonya Brooks was withdrawn by stipulation and an order entered

15. The City also recently filed a number of objections to individual claims that have been sustained by the Court.[4]

16. Currently pending before the Court are the City's objections to Claim Number 1925 filed by K & P, Inc., Claim Number 1841 filed by 415 East Congress, LLC, Claim Number 1845 filed by H.D.V. Greektown, LLC, and Claim Number 1857 filed by Shafer & Associates, P.C. [Doc. Nos. 13131-13134]. The claims had been the subject of lengthy litigation and appeal, which recently concluded. Finally, the City's objection to Claim Number 1862 filed by the DPOA is also pending before this Court. Doc. No. 13152.

C. Remaining Unresolved General Unsecured Claims

17. The City believes there are 16 unresolved general unsecured claims. They fall into three general categories.

---

by the Court at Doc. No. 13098. Claim Number 1188 filed by The Bank of New York Mellon Trust Company, N.A. was withdrawn by stipulation and order entered by the Court at Doc. No. 13114. Finally, Claim Number 1361 filed by HRT Enterprises was expunged by stipulation and order. [Doc. No. 13159.]

[4] Objection to Claim Number 3201 filed by Henry Ford Health System was sustained by order of the Court at Doc. No. 13081. Objection to Claim Number 1643 filed by Latonya Brooks resolved by stipulation and order as previously noted. Objection to Claim Number 3533 filed by Antonio Brooks was sustained by order of the Court at Doc. No. 13118. Objection to Claim Number 1835 filed by Claimant Heritage Hospital/Oakwood Health Care Inc. was sustained by order of the Court at Doc. No. 13125. And, objection to Claim Number 1410 filed by Wawa Petroleum, Inc. was sustained by order of the Court at Doc. No. 13148.

18. ***First,*** the City is litigating two claims in non-bankruptcy forums pursuant to this Court's ADR Order and Stay Modification Notices:

    (a) Claim 799 – Darryl Cain. Inmate convicted of carjacking, felon in possession of a firearm, and other offenses is suing the City and a police sergeant in the District Court for the Eastern District of Michigan, claiming he was arrested without a warrant and detained more than 48 hours without a judicial probable cause hearing. [Case No. 13-10525.] The City obtained summary judgment, but the Sixth Circuit reversed and the matter was remanded for trial. On September 27, 2019, the District Court referred the matter to Magistrate Judge R. Stephanie Dawkins for resolution of pretrial matters. [*Id.*, Doc. No. 72.] On review, the City determined that Cain had elected to reduce and treat his claim as a Class 15 Convenience Class claim and so City has filed a notice. Doc. No. 13164. However, the claim will continue to be liquidated in district court. To the extent the City is successful in that proceeding, it intends to file an objection to the claim in this Court.

    (b) Claim 1064 – Abraham and Sandra Greer. Suing the City in state court alleging sewer backup issues. [Mich. 3d Judicial Circuit Court Case No. 16-012832-CZ.]

19. ***Second,*** there are eight claims to which the City is planning to file, or has already filed, objections:

    (a) Claim 1323 – Derrick Phillips. Claim asserts liability for negligence related to a December 20, 2013, bus accident. The City filed a Stay Modification Notice on December 16, 2014. The City entered into a settlement agreement which resolved claims arising from or related to the alleged accident but did not mention this claim number. Out of an abundance of caution, the City intends to file an objection to this claim.

    (b) Claims 1841, 1845, 1925 – 415 East Congress, LLC; HDV Greektown, LLC; K&P Incorporated. Claimants sought a 1000% enhancement of their legal fees, but were unsuccessful.

All appeals are concluded. The City objected to these claims as duplicative of claim 1857. [Doc. Nos. 13131, 13132, 13133.]

(c) Claim 1857 – Shafer & Associates, P.C. – This claim was filed with those in the prior paragraph, each claiming $1,563,107.76 in legal fees. The City objected on the basis that the claimant had been awarded $905,718.65 in fees, so the claim should be allowed in that reduced amount. [Doc. No. 13134.]

(d) Claim 1862 – Detroit Police Officers' Association. Two separate claims. The first stems from the City's imposition of "City Employment Terms" and related lawsuits. DPOA is no longer pursuing this claim. The second relates to a pre-petition arbitration award which was to increase wages starting January 1, 2014. The City believes this wage change was improperly awarded and, in any event, was superseded by a subsequent CBA. The City objected on that basis. [Doc. No. 13152.]

(e) Claim 3420 - UAW. This claim consists of various grievance claims, remedial claims, GRS Pension Claims, and OPEB claims. The City believes that all grievance and remedial claims have been resolved, and the GRS Pension Claims and OPEB Claims are being treated under the Plan. The City and UAW have been unable to agree on language to this effect, however, and thus the City intends to object to the claim.

(f) Claim 3631 – Marvin Seales. Seales sued the City and a police officer on a claim of false arrest. (Fugitive Rodrick Siner apparently had used "Marvin Seales" as an alias.) The claims have been dismissed against the City, but not as to the police officer. Although the matter is currently on appeal at the Sixth Circuit, the dismissal of the claims against the City was not appealed. Consequently, the City has filed an objection to the claim. Doc. No. 13162.

20. **Third,** there are six general unsecured claims that the City is currently negotiating with the claim holder or working to settle.

(a) Claim 2171 and 2334 – Cheryl Haywood, De'Angela Haywood. The City signed a settlement agreement with the

claimants and will make payment on the resolved Convenience Class claims as soon as they provide completed W-9 tax forms.

(b) Claims 3717, 3718, 3719, and 3773 – United States Department of Housing and Urban Development ("HUD"). These claims are related to grants that HUD provided to the City.

### D. Distributions to Class 14 claimants

#### 1. The Reserve Notice

21. On September 17, 2019, the City filed its *Notice of Calculation of Disputed Unsecured Claims Reserve* ("Reserve Notice," Doc. No. 13127). This was done in accord with the rules proposed in the *Motion of the City of Detroit, Pursuant to Sections 105(A) and 502(C) of the Bankruptcy Code and Bankruptcy Rule 3021, for an Order Approving Reserve Amounts for Certain Disputed or Unliquidated Unsecured Claims in Connection with Distributions to be Made Under the Eighth Amended Plan for the Adjustment of Debts of the City of Detroit* ("Reserve Motion," Doc. No. 9351) and approved by this Court. [Doc. No. 9701.]

22. The Reserve Motion established a "Disputed Unsecured Claims Reserve" in accord with the terms of the City's Plan. *See* Plan, Art. VI.B.

23. According to the rules set forth in the Reserve Motion, the City is to periodically revise the Disputed Unsecured Claims Reserve to reflect the allowance, disallowance, or other resolution of claims. Reserve Motion, ¶ 26. The rules permit the City to do this by filing "a notice of the calculation of the then-current Disputed Unsecured Claims Reserve." *Id.*

24. The Reserve Motion initially set the Disputed Unsecured Claims Reserve at $1,035,000,000. Reserve Notice, ¶ 9. Over 93% of this amount was for unsecured claims which asserted a liquidated amount. *See id.*

25. Because of the City's progress in resolving claims, the City was able to reduce the Disputed Unsecured Claims Reserve to $98,000,000. *Id.*, ¶ 35. This is possible because the reserve for liquidated claims was reduced from $968,000,000 to $82,000,000. *Id.*

### 2. The Brokerage Motion

26. On October 17, 2019, the City filed its *City of Detroit's Motion to Implement Distributions of B Notes to Holders of Allowed Class 14 Claims Under the City's Confirmed Plan of Adjustment* ("Brokerage Motion, Doc. No. 13126).

27. As stated in the Brokerage Motion, Class 14 of the City's Plan provides that each holder of an allowed class 14 claim is to receive a pro rata distribution of B Notes.

28. To receive the B Notes, however, the claim holder must have a brokerage account and must provide certain tax information to the City.

29. Recognizing that many claim holders likely lack these accounts and to ease provision of the necessary information, the City filed the Brokerage Motion.

30. The Brokerage Motion seeks approval of a notice that the City intends to send to all claim holders, listing financial institutions that can help them

34714797.7\022765-00213
13-53846-tjt    Doc 13165    Filed 11/07/19    Entered 11/07/19 13:38:46    Page 11 of 20

establish a brokerage account, if necessary, and providing simple forms to aid the claim holders in providing the City with the required information.

31. No objections to the Brokerage Motion were filed with the Court. This Court did, however, extend the deadline for AFSCME and the Coalition of Detroit Unions to file an objection until November 11, 2019. Doc. No. 13161. The City is hopeful that it will enter into a stipulated order with AFSCME and the Coalition of Detroit Unions regarding the Brokerage Motion prior to the objection deadline.

### 3. The Resolution Notice

32. On October 24, 2019, the City filed its *Notice of Resolution of Certain Claims* ("Resolution Notice, Doc. No. 13151) because the City is required to update its claims register to properly reflect claims that are satisfied by plan treatment. *Id.*, ¶ 2. Article VIII, Part E of the Plan authorizes the City to file such documents as may be necessary to "implement and further evidence the terms and conditions of the Plan . . . ." *Id.*, ¶ 3.

33. Certain types of claims, other than general unsecured and convenience claims, are resolved by express provisions in the Plan. To keep creditors informed of its determinations as to the classification of these claims, the City filed the Resolution Notice and served it on all potentially affected claimants. The

Resolutions Notice is intended to evidence the treatment of these claims and ensure that thorough notice of this treatment is afforded to creditors.

## IV. RELIEF REQUESTED

34. In accordance with section VI.C.3 of the Plan, section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(b), and Local Rule 9006-1, the City respectfully requests that the Court enter an order, substantially in the form attached as <u>Exhibit 1</u>, granting it an extension of the Claims Objection Bar Date, as defined in the Plan, and including the deadline for the City to object to proofs of claim, for approximately 180 days, through and including June 9, 2020.

## V. BASIS FOR RELIEF

### A. This Court's Authority to Extend the Claims Objection Bar Date

35. The Court has the authority under the Plan and the applicable rules to extend the Claims Objection Bar Date pursuant to this Motion and on an *ex parte* basis, and cause exists for the Court to do so.

36. Section VI.C.3 of the Plan provides that the Court may grant an extension to the Claims Objection Bar Date. Plan § VI.C.3, p. 69.

37. In addition, Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or Order of the Court. *See* Fed. R. Bankr. P. 9006(b). Local Rule 9006-1(b) also provides that a party may file a motion for an *ex parte* order extending time.

38. Furthermore, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

39. Cause exists for the Court to extend the time to object to the claims. The City has made substantial progress since the Court entered an order approving the last extension, but additional time is needed to address the remaining unresolved claims in a fair, efficient, and economical fashion.

**B.     Cause Exists to Extend the Claims Objection Bar Date**

40. Despite the substantial progress that the City has made in resolving claims, cause exists to extend the Claims Objection Bar Date for an additional six months. The City has worked diligently since the Plan went effective to resolve the proofs of claim that were filed in this case, but additional work remains.

41. The extension of the Claims Objection Bar Date will not prejudice any interested party. Instead, the extension will ensure that the City has sufficient time to reduce or obtain disallowance of those Claims (or the appropriate portion thereof) for which the City is not liable, thereby preserving and maximizing value for creditors holding valid and allowed claims. The extension of the Claims Objection Bar Date will also enable the City to engage in meaningful negotiations to resolve claims consensually, thus avoiding unnecessary objections. Absent an extension, to avoid a "deemed allowance" of inappropriate and invalid claims, the

City would be required to file protective objections and objections to claims that it believes will be settled.

42. Accordingly, an extension of the Claims Objection Bar Date is warranted and appropriate under the circumstances.

### **NOTICE**

43. The City has filed this Motion on an e*x parte* basis in accordance with Local Rule 9006-1. Given the nature of the relief requested, the City respectfully submits that no other or further notice of this Motion need be given.

WHEREFORE, the City respectfully requests that this Court enter an Order, substantially in the form annexed as Exhibit 1, granting the relief requested herein and granting the City such other and further relief as this Court may deem just and proper. The City reserves its rights to seek additional extensions of the Claims Objection Bar Date if necessary or appropriate.

Dated: November 7, 2019

    CITY OF DETROIT LAW DEPARTMENT

    By: */s/ Charles N. Raimi*
    Charles N. Raimi (P29746)
    Mary Beth Cobb (P40080)
    James Noseda (P52563)
    Attorneys for the City of Detroit
    2 Woodward Avenue, Suite 500
    Detroit, Michigan 48226
    Phone - (313) 237-5037/(313)
    Email - raimic@detroitmi.gov

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: /s/ *Marc N. Swanson*
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Counsel for the City of Detroit, Michigan

# **EXHIBIT 1: PROPOSED ORDER**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

### ORDER GRANTING THE *EX PARTE* MOTION OF THE CITY OF DETROIT FOR A TENTH EXTENSION OF THE CLAIMS OBJECTION BAR DATE

Upon consideration of the City's *Ex Parte* Motion for an Tenth Extension of the Claims Objection Bar Date, dated May 16, 2019 (Docket # [    ]), (the "Motion"),[1] seeking entry of an order extending the Claims Objection Bar Date through and including June 30, 2020; and it appearing that this Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the City, and its creditors; and it appearing that the Motion can be considered and this Order granted on an *ex parte* basis pursuant to Local Rule 9006-1 and that no prior notice of the Motion or the entry of this Order need be given; and the Court

---

[1] Capitalized terms used but not otherwise defined herein have the meaning ascribed to them in the Motion.

1

finding that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1. The Motion is granted.

2. The Claims Objection Bar Date, as set forth in the Plan, including the deadline for the City to object to claims, is hereby extended from December 9, 2019, through and including June 9, 2020.

3. This Order is entered without prejudice to the rights of the City to request a further extension of the Claims Objection Bar Date; however, the Court will not grant further extensions absent exceptional or unforeseen circumstances.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order.

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2019, I electronically filed the *Ex Parte Motion of the City of Detroit for an Order Granting a Tenth Extension of the Claims Objection Bar Date* (the "Motion") with the Clerk of the Court via the Court's ECF electronic filing system. The electronic filing system will serve notice to all ECF participants.

/s/ Marc N. Swanson
Marc N. Swanson

Dated: November 7, 2019