## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CITY OF DETROIT'S OBJECTION TO
## CLAIM NUMBER 1323 FILED BY DERRICK PHILLIPS

The City of Detroit ("City") objects to claim number 1323 ("Claim 1323")
filed by Derrick Phillips ("Objection"), respectfully stating as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Objection pursuant to 28 U.S.C.
§§ 157 and 1334 and Article VII, Section A of the Plan (defined below).  This is a
core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court
pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

2.      On July 18, 2013, the City filed a petition for relief in this Court.

3.      On November 12, 2013, the City filed its *Motion of Debtor Pursuant
to Sections 105 and 502 of the Bankruptcy Code, for Entry of an Order Approving
Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain
Prepetition Claims* [Doc. No. 1665] ("ADR Procedures Motion").  On December
24, 2013, this Court entered an order approving the ADR Procedures Motion [Doc.
No. 2302] ("ADR Order").

- 1 -

4. The Alternative Dispute Resolution Procedures ("ADR Procedures") attached as Annex 1 to the ADR Order permitted the City to serve on claimants a

> notice that the Stay/Injunction is lifted to permit the underlying claim to be liquidated in a non-bankruptcy forum consistent with the terms, conditions and limitations of Section II.E. below (a "Stay Modification Notice"). In that event, immediately upon the filing of the Stay Modification Notice, the Stay/Injunction shall be deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum…

ADR Procedures, Section I.B, p. 4.

5. The ADR Procedures provide that, once the City serves a Stay Modification Notice, the claimant must proceed with reasonable diligence to prosecute his or her claim.

> If a Designated Claimant fails to comply with the ADR Procedures, negotiate in good faith or cooperate with the City as may be necessary to effectuate the ADR Procedures, the Bankruptcy Court may, after notice and a hearing, find such conduct to be in violation of the ADR Order or an abandonment of or failure to prosecute the Designated Claim, or both. Upon such findings, the Bankruptcy Court may, among other things, disallow and expunge the Designated Claim, in whole or part, or grant such other or further remedy deemed just and appropriate under the circumstances, including, without limitation, awarding attorneys' fees, other fees and costs to the City.

ADR Procedures, Section II.G, p. 22.

6. On October 22, 2014, the City filed its *Eighth Amended Plan of the Adjustment of Debts of the City of Detroit (October 22, 2014)* [Doc. No. 8045],

which the Court confirmed with slight modifications by order entered on November 12, 2014 [Doc. No. 8272] (as modified, "Plan").

7.  On February 12, 2014, Derrick Phillips filed claim number 1322 ("Claim 1322"), asserting an unliquidated no fault claim, and Claim 1323, asserting a $300,000 auto negligence claim, both based on injuries allegedly sustained in a December 20, 2013, bus accident. *See* Exhibit 4, Claim 1322; Exhibit 5, Claim 1323.

8.  Derrick Phillips and the City discussed the accident. On April 23, 2014, Derrick Phillips executed a settlement agreement resolving his claim for the accident for $25,000.00 in cash. Exhibit 6, Settlement.

9.  On December 16, 2014, the City served Stay Modification Notices on counsel for Derrick Phillips related to Claim 1322 and Claim 1323 [Doc. Nos. 8789 & 8790]. See Exhibits 7 and 8, Stay Modification Notices. Each Stay Modification Notices warned that failure to prosecute the subject claim could result in its disallowance and expungement. Exhibit 7, p. 4; Exhibit 8, p. 4.

10. On December 17, 2015, the City executed the Settlement. Exhibit 6. The City issued a check for $25,000 to Plaintiff and his counsel on April 22, 2016. *Id.* The Settlement resolved both claims even though it only referenced Claim 1322.

11. No further action was taken with regard to Claim 1323.

34788894.2\022765-00213

## ARGUMENT

12.    Bankruptcy Code section 502(b)(1) provides

> (b) Except as provided in subsections (e)(2), (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
>
>> (1)  such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

11 U.S.C. § 502(b)(1).

13.    The Settlement resolved both Claim 1322 and Claim 1323. Mr. Phillips's lack of action with respect to Claim 1323 indicates that this is his belief as well. Out of an abundance of caution, however, the Court seeks a separate order disallowing and expunging Claim 1323.

## RELIEF REQUESTED

14.    Claim 1323 should be disallowed and expunged under Bankruptcy Code section 502(b)(1), the ADR Order, and the ADR Procedures because Claim 1323 was resolved by the Settlement, and even were it not so, Derrick Phillips has failed to prosecute his claim for nearly five years after the Stay Modification Notice for it was issued. This constitutes abandonment of this claim under ADR Procedure II.G.

- 4 -

## RESERVATION OF RIGHTS

15.     The City files this Objection without prejudice to or waiver of its rights under section 904 of the Bankruptcy Code, and nothing herein is intended to constitute, constitutes, or may be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to the Court's interference with (a) any of the political or governmental powers of the City, (b) the property or revenues of the City, or (c) the City's use or enjoyment of any income-producing property.

16.     The City expressly reserves the right to amend, modify, or supplement this Objection.  Should the Court dismiss or overrule one or more grounds of objection stated in this Objection, the City reserves its right to object to Claim 1323 on other procedural and substantive grounds, and on the merits of the underlying claim.

## NOTICE

17.     The City has provided notice of this Objection to Derrick Phillips's attorney.  In light of the nature of the relief requested, the City respectfully submits that no other or further notice of the relief requested in this Objection need be given.

## NO PRIOR REQUEST

18.     No previous request for the relief requested herein has been made to this or any other court.

34788894.2\022765-00213

WHEREFORE, the City respectfully asks this Court to enter an order, substantially in the form attached as Exhibit 1, granting the relief requested in this Objection and further relief as this Court may deem just and proper.

Dated: November 8, 2019

Respectfully submitted,

By: /s/ Marc N. Swanson
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    Ronald A. Spinner (P73198)
    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 963-6420
    Facsimile: (313) 496-8451
    green@millercanfield.com
    swansonm@millercanfield.com

        and

    Charles N. Raimi (P29746)
    Deputy Corporation Counsel
    City of Detroit Law Department
    2 Woodward Avenue, Suite 500
    Coleman A. Young Municipal Center
    Detroit, Michigan 48226
    Telephone: (313)-237-0470
    Facsimile: (313) 224-5505
    raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

## <u>EXHIBIT LIST</u>

Exhibit 1     Proposed Order

Exhibit 2     Notice

Exhibit 3     Certificate of Service

Exhibit 4     Claim 1322

Exhibit 5     Claim 1323

Exhibit 6     Settlement

Exhibit 7     Stay Modification Notice for Claim 1322

Exhibit 8     Stay Modification Notice for Claim 1323

## EXHIBIT 1: PROPOSED ORDER

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## ORDER SUSTAINING CITY OF DETROIT'S OBJECTION TO CLAIM NUMBER 1323 FILED BY DERRICK PHILLIPS

Upon review of the *City of Detroit's Objection to Claim Number 1323 Filed by Derrick Phillips* ("Objection"),[1] seeking entry of an order disallowing and expunging claim number 1323; and it appearing that this Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court finding that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court finding that venue of this proceeding and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it appearing that no other or further notice of the Objection need be given; and any objections or other responses to the Objection having been

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1.      The Objection is sustained.

2.      Claim number 1323 filed by Derrick Phillips is disallowed and expunged in its entirety under Section 502(b) of the Bankruptcy Code.

3.      The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4.      The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5.      Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

**EXHIBIT 2: NOTICE**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**NOTICE OF THE CITY OF DETROIT'S OBJECTION**
**TO CLAIM NUMBER 1323 FILED BY DERRICK PHILLIPS**

**PLEASE TAKE NOTICE THAT** the City of Detroit ("City") has filed an objection to claim number 1323 ("Claim") filed by Derrick Phillips because his claim against the City was resolved by the settlement of a related claim and, therefore, he has taken no further action to prosecute the Claim ("Objection").

If you do not want the court to change your Claim, or grant the relief requested in the Objection, then on or before **December 11, 2019**, you or your lawyer must:

1.     File with the court, at the address below, a written response to the objection.  Unless a written response is filed and served by the date specified, the court may decide that you do not oppose the objection to your claim.

Clerk of the Court
United States Bankruptcy Court
211 W. Fort Street, Suite 2100
Detroit, MI 48226

If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above. All attorneys are required to file pleadings electronically.

2.      A copy of your response must also be mailed to counsel for the City:

Marc N. Swanson
Miller, Canfield, Paddock and Stone, PLC
150 West Jefferson Ave., Ste. 2500
Detroit, MI 48226

3.      You must also attend the hearing on the objection scheduled to be held on **<u>December 18, 2019</u>**, at 1:30 p.m. in Courtroom 1925, 211 W. Fort Street, Detroit, MI 28226 unless your attendance is excused by mutual agreement between yourself and the objector's attorney.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the objection to your claim, in which event the hearing will be canceled and the objection sustained.**

MILLER, CANFIELD, PADDOCK AND
STONE, P.L.C.

By: <u>/s/ Marc N. Swanson</u>
    Marc N. Swanson (P71149)
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

Dated:  November 8, 2019

## EXHIBIT 3: CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 8, 2019, he electronically filed the foregoing *City of Detroit's Objection to Claim Number 1323 Filed by Derrick Phillips* ("Objection") with the Clerk of the Court which will provide notice of the filing to all ECF participants registered in this case. A copy of the Objection was also served upon the following, via first class mail, on the same date:

Bernstein & Bernstein
18831 W. 12 Mile Rd.
Lathrup Village, Ml 48076
Attn: Thomas B. Calcatera

By: /s/ Marc N. Swanson
      Marc N. Swanson
      150 West Jefferson, Suite 2500
      Detroit, Michigan 48226
      Telephone: (313) 496-7591
      Facsimile: (313) 496-8451
      swansonm@millercanfield.com

Dated: November 8, 2019

# EXHIBIT 4: CLAIM 1322

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT    Eastern District of Michigan | PROOF OF CLAIM |
|---|---|

**Name of Debtor:**

# CITY OF DETROIT, MICHIGAN

**Case Number:**
13-53846

FILED (1)

2014 FEB 12  P 1: 32

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Derrick Phillips

**Name and address where notices should be sent:**

Bernstein & Bernstein
18831 W. 12 Mile Rd., Lathrup Village, MI 48076

Telephone number: (248) 350-3700    email: tcalcatera@lawfirmofbernstein.com

**Name and address where payment should be sent** (if different from above):
Same as above

Telephone number:    email:

**COURT USE ONLY**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
   (If known)

Filed on:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $_____ exceeds 25,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

RECEIVED

FEB 17 2014

KURTZMAN CARSON CONSULTANTS

**2. Basis for Claim:** No-fault claim arising out of 12/20/13 bus accident
  (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: <br> N / A | 3a. Debtor may have scheduled account as: <br> N/A <br> (See instruction #3a) | 3b. Uniform Claim Identifier (optional): <br> N / A _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ <br> (See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate_____% ☐ Fixed or ☐ Variable**
(when case was filed)

N/A

**Amount of arrearage and other charges, as of the time case was filed,** included in secured claim, if any:

    $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

N/A

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)    N/A

1353846140212000000000253

2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain: N/A

RECEIVED

FEB 17 2014

KURTZMANCARSONCONSULTANTS

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.   ☑ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

| | |
|---|---|
| Print Name: Thomas B. Calcatera | |
| Title: President | |
| Company: Bernstein & Bernstein | _(Signature)_   2-12-14  _(Date)_ |
| Address and telephone number (if different from notice address above): | |
| 18831 W. 12 Mile Rd. | |
| Lathrup Village, MI 48076 | |

Telephone number:(248) 350-3700     email:tcalcatera@lawfirmofbernstein.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the

claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

---

# EXHIBIT 5: CLAIM 1323

34788894.2\022765-00213

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT  Eastern District of Michigan ⌄ | PROOF OF CLAIM |
|---|---|

| Name of Debtor:  CITY OF DETROIT, MICHIGAN | Case Number:  13-53846 |

**FILED (I)**

**2014 FEB 12 P 1:32**

U.S. BANKRUPTCY COURT
E.D. MICHIGAN-DETROIT

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Derrick Phillips

**COURT USE ONLY**

Name and address where notices should be sent:

Bernstein & Bernstein
18831 W. 12 Mile Rd., Lathrup Village, MI 48076

Telephone number: (248) 350-3700    email: tcalcatera@lawfirmofbernstein.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
      (*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Same as above

Telephone number:          email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $_____300,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**RECEIVED**

**FEB 17 2014**

**KURTZMAN CARSON CONSULTANTS**

**2. Basis for Claim:** Auto negligence/owner's liability due to 12/20/13 bus accident
    (See instruction #2)

| **3.** Last four digits of any number by which creditor identifies debtor:  N / A | **3a.** Debtor may have scheduled account as:  N/A  (See instruction #3a) | **3b.** Uniform Claim Identifier (optional):  N / A  _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _  (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐Real Estate  ☐Motor Vehicle  ☐Other
**Describe:**

**Value of Property:** $_____    N/A

**Annual Interest Rate_____%** ☐Fixed or ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
                    $_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:

$_____

N/A

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)      N/A

13538461402120000000000252

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:  N/A

RECEIVED

FEB 1 7 2014

KURTZMAN CARSON CONSULTANTS

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.    ☑ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Thomas B. Calcatera
Title:  President
Company:  Bernstein & Bernstein
Address and telephone number (if different from notice address above):
~~18831 W. 12 Mile Rd.~~
~~Lathrup Village, MI 48076~~

*(Signature)*    2-12-14

*(Date)*

Telephone number (248) 350-3700    email: tcalcatera@lawfirmofbernstein.com

*Penalty for presenting fraudulent claim:  Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 and 3571.*

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law.  In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case.  A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address.  See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5.  Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred.  Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.  If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.  You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here.  A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.)  If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.)  A claim may be partly priority and partly non-priority.  For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt.  You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence.  You may also attach a summary in addition to the documents themselves.  FRBP 3001(c) and (d).  If the claim is based on delivering health care goods or services, limit disclosing confidential health care information.  Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it.  FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature.  If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief.  Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration.  Print the name and title, if any, of the creditor or other person authorized to file this claim.  State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices.  If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# EXHIBIT 6:  SETTLEMENT

DEC 17 2015

CITY OF DETROIT
LAW DEPARTMENT
LITIGATION DIVISION

```
----------------------------------------------------- x
                                                       :
In re                                                  :   Chapter 9
                                                       :
CITY OF DETROIT, MICHIGAN,                              :   Case No. 13-53846
                                                       :
                    Debtor.                            :   Hon. Steven W. Rhodes
                                                       :
----------------------------------------------------- x
```

## AGREEMENT RESOLVING CLAIM OF DERRICK PHILLIPS

The City of Detroit (the "City") and the claimant identified in paragraph 2 below (the

"Claimant" and, together with the City, the "Parties"), by and through their respective authorized

representatives, do hereby agree as follows:

### RECITALS

A.    On July 18, 2013, the City commenced the above-captioned case (the "Chapter 9 Case") by

filing a petition for relief under chapter 9 of title 11 of the United States Code (the "Bankruptcy

Code") in the United States Bankruptcy Court for the Eastern District of Michigan (the

"Bankruptcy Court"). On December 5, 2013, following its determination that the City met all of

the applicable requirements and is eligible to be a debtor under chapter 9 of the Bankruptcy

Code, the Bankruptcy Court entered the Order for Relief Under Chapter 9 of the Bankruptcy

Code (Docket No. 1946) with respect to the City.

B.    Pursuant to section 904 of the Bankruptcy Code, the City may continue to exercise its

political and governmental powers, manage its property and revenues and use and enjoy its

income-producing property without interference from the Bankruptcy Court.

RECEIVED
MAY 20 2016
BY

C.    On December 24, 2013, the Bankruptcy Court entered the Order, Pursuant to Sections 105 and 502 of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "ADR Order") establishing certain alternative dispute resolution procedures (collectively, the "ADR Procedures") to promote the resolution of certain claims designated by the City.

D.    The Claimant is the current record holder of the proof[s] of claim identified under the heading "Filed Claim Number" in the table in paragraph 2 below (the "Filed Claim[s]").

E.    The City (i) reviewed the Filed Claim[s] and the facts and circumstances of the alleged liabilities asserted therein and (ii) designated the Filed Claim[s] for potential resolution through the ADR Procedures.

F.    The City believes that the resolution of the Filed Claim[s] as set forth in this Agreement is fair, reasonable and appropriate and will allow the Parties to avoid the cost, delay and burden of litigating potential disputes related to the Filed Claim[s]. In accordance with the ADR Order, the resolution of the Filed Claim[s] set forth in this Agreement terminates the ADR Procedures with respect to the Filed Claim[s] pursuant to section II.A.7 of the ADR Procedures.

G.    Pursuant to section 904 of the Bankruptcy Code, the City is authorized to propose and enter into this Agreement without further order of the Bankruptcy Court.

H.    The undersigned is authorized to enter into this Agreement on behalf of the City pursuant to a confidential memorandum dated March 25, 2014 that was issued to the City of Detroit Corporation Counsel by Kevyn Orr, Emergency Manager for the City of Detroit, entitled Litigation Claim Settlement Authority.

I.    The Parties have agreed to the terms set forth in this Agreement, as indicated by the signatures of their respective authorized representatives below.

# AGREEMENT

1. The Claimant represents and warrants to the City that it has not sold, assigned, factored or otherwise transferred any portion of or interest in the Filed Claim[s] and is the sole holder of the Filed Claim[s], with full authority to enter into this Agreement. The Claimant further agrees to indemnify and hold the City harmless for any damages, including without limitation actual and reasonable out of pocket costs, resulting from a breach of its representations and warranties set forth in this paragraph.

2. The Filed Claim[s] is deemed amended, modified and allowed as a general unsecured, nonpriority claim (any such claim, a "Settled Claim") in the corresponding amount set forth in the table below under the heading "Settled Claim Amount":

| Claimant | Filed Claim Number | Filed Claim Amount | Filed Claim Priority | Settled Claim Amount | Settled Claim Priority |
|---|---|---|---|---|---|
| Derrick Phillips | 1322 | Unliquidated | General unsecured, nonpriority | $25,000.00 | General unsecured, nonpriority |

_- MVA - 1st party_

3. The Parties agree that any Filed Claim identified in paragraph 2 above for which there is no corresponding Settled Claim (or such amount is listed as $0.00) is hereby withdrawn and deemed disallowed and expunged, pursuant to section 502 of the Bankruptcy Code.

4. The Claimant will not further amend the Filed Claim[s] (or the Settled Claim[s]) or file any additional proofs of claim with respect to the liabilities asserted in the Filed Claim[s]. Any further amendments to the Filed Claim[s] (or the Settled Claim[s]) or any additional claims filed by the Claimant or their successors or assigns with respect to the liabilities asserted in the Filed Claim[s] shall be null, void and of no effect.

5.    The Parties agree that any Settled Claim is a general unsecured, nonpriority claim, subject to the treatment provided for such claims under any chapter 9 plan for the adjustment of debts confirmed by the Bankruptcy Court (a "Plan").

6.    Any distribution made to the Claimant pursuant to a Plan is referred to herein as a "Plan Distribution." If the Claimant or its successors or assigns receive payment of any portion of the Settled Claims from any source, including from the City, other than through the Plan (a "Non-Plan Payment"), the portion of the Settled Claim[s] equal to the amount of the Non-Plan Payments shall be deemed fully satisfied, and the Claimant, for itself and any successors or assigns, hereby prospectively waives and disclaims the right to receive Plan Distributions on account of the portion of the Settled Claim[s] satisfied by any Non-Plan Payments.

7.    Nothing in this Agreement will have any impact on any proof(s) of claim that the Claimant has filed or holds other than the Filed Claim[s]. The Parties retain all of their respective claims, defenses, objections, counterclaims and any and all rights in respect of any proofs of claim that the Claimant has filed or holds other than the Filed Claim[s].

8.    As to the Filed Claims and Settled Claims described herein, the Claimant releases the City from any and all liability, actions, damages and claims (including claims for attorney fees, expert fees or court costs), known and unknown, arising or accruing at any time prior to and after the date of this Agreement, that the Claimant has or may have against the City. The Claimant acknowledges that this Agreement represents the compromise of a disputed claim and is not to be construed as an admission of liability on the part of the City. As used in this Agreement, the Claimant and the City include each of their respective servants, agents, contractors, attorneys, employees, representatives, family members, heirs, elected officials, appointed officials, related corporations, subsidiaries, divisions, affiliates, directors and officers, if any. Where required by

the City, the Claimant has executed the Medicare Reporting and Indemnification Affidavit[s], if any, attached as Exhibit A.

9. The Claimant stipulates to dismissal with prejudice of the civil action[s] related to the Filed Claims or Settled Claim[s] in the form attached hereto as Exhibit B.

10. This Agreement may be executed in identical counterparts, and/or by facsimile or e-mail scan, each of which when so executed and delivered will constitute an original, but all of which taken together will constitute one and the same instrument. This Agreement constitutes the entire agreement between the Parties with respect to the matters addressed herein and may not be modified except in a writing signed by the Parties.

WHEREFORE, the undersigned have executed this Agreement on behalf of the parties hereto.

City of Detroit

By:  KRYSTAL A. CRITTENDON

Name: _~Krystal A. Crittendon_
(Signature)

Name: _KRYSTAL A. CRITTENDON_
(Print Name)

Title: _Supervising Asst. Corp Counsel_

Date: _12-17-15_

DERRICK PHILLIPS

_Derrick Phillips_
(signature)

Date: _4-23-14_

Claimant(s) counsel:

THOMAS B. CALCATERA

_____
(signature)

Name: _____
     (printed)
Date: _____

**SENDER: *COMPLETE THIS SECTION***

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Attorney Thomas Calcatera
Law Firm of Bernstein, PC
18831 W. 12 Mile Rd.
Lathrup Village, MI 48076

*Derrick Phillips*

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *Nina David* ☐ Agent ☐ Addressee

B. Received by (*Printed Name*)   C. Date of Delivery

*Nina David*

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

SOUTHFIELD MI USPS
MAY 2 2016

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
   (*Transfer from service label*)   7010 1870 0001 ...

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

---

• Sender: Please print your name, address, and ZIP+4 in this box •

City of Detroit/Law Department
Coleman A. Young Municipal Center
2 Woodward Ave. Ste. 500, 5th Fl.
Detroit, MI 48226
Attn: Melinda Brown

46-tjt    Doc 13166    Filed 11/08/19    Entered 11/08/19 09:46:23    Page 2

| 22-APR-16 | | LAW FIRM OF BERNSTEIN, PC 1056865 | | |
| INVOICE NUM | INVOICE DATE | DESCRIPTION | DISCOUNT | AMOUNT |
| 13538461322 | 13-APR-16 | POST/LAW/KAC/MB/A20000/LK-0085600/CC APP | 0.00 | 25,000.00 |



NET TOTAL: 25,000.00

## ATTENTION
**NO INVOICE WILL BE HONORED WITHOUT A VALID CONTRACT OR PURCHASE ORDER.**
**ALL INVOICES MUST GO DIRECTLY TO ACCOUNTS PAYABLE OR YOUR INVOICE WILL NOT BE HONORED**

↓ ——————— REMOVE DOCUMENT ALONG THIS PERFORATION ——————— ↓

THIS DOCUMENT IS PRINTED IN TWO COLORS. DO NOT ACCEPT UNLESS BLUE AND GREEN ARE PRESENT.

# CITY OF DETROIT

9-9
720

| CHECK TYPE | ACCOUNTS PAYABLES | CHECK DATE 04-22-2016 | CHECK NUMBER 3356234 | CHECK AMOUNT *****25,000.00 |

PAY EXACTLY Twenty-Five Thousand Dollars And Zero Cents*****

PAY TO THE ORDER OF:
LAW FIRM OF BERNSTEIN, PC
AND DERRICK PHILLIPS
18831 W 12 MILE RD
LATHRUP VILLAGE, MI, 48076
UNITED STATES

VOID UNLESS
PRESENTED
WITHIN 90 DAYS

TREASURER

COMERICA BANK
Detroit, Michigan



COLEMAN A. YOUNG MUNICIPAL CENTER
2 WOODWARD AVENUE, SUITE 500
DETROIT, MICHIGAN 48226-3535
PHONE 313•224•4550
FAX 313•224•5505
WWW.DETROITMI.GOV

CITY OF DETROIT
LAW DEPARTMENT

CERTIFIED MAIL No: 7010 1870 0000 2903 4714

April 26, 2016

Attorney Thomas B. Calcatera
Law Firm of Bernstein, PC
18831 W. 12 Mile Rd.
Lathrup Village, MI 48076

**RE: DERRICK PHILLIPS v CITY OF DETROIT**
CASE: 13-53846 Chapter 9, Bankruptcy Court
FILE: LK-008560/ CLAIM: 1322
SETTLEMENT PAYMENTS AMOUNT: $25,000.00

Dear Mr. Calcatera:

Enclosed please find check number 33556234, in the amount Twenty-Five Thousand Dollars and 00/100 cents, relative to the above reference matter.

If you have any questions or concerns, do not hesitate to contact me at 313-237-5085.

Sincerely,

*Melinda Brown*

Melinda Brown
Litigation Settlement-Clerk



CITY OF DETROIT
LAW DEPARTMENT
COLEMAN A. YOUNG MUNICIPAL CENTER
2 WOODWARD AVENUE, SUITE 500
DETROIT, MICHIGAN 48226

Attorney Thomas B. Calcatera

Law Firm of Bernstein, PC

18831 W. 12 Mile Rd.

Lathrup Village, MI 48076

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**™

7010 1870 0000 2903 4714
7010 1870 0000 2903 4714

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Post | |

Sent To Law Firm of Bernstein, PC
Street, Apt. No.; or PO Box No. 18831 W. 12 Mile Rd.
City, State, ZIP+4 Lathrup Village, MI 48076

*ATTORNEY Thomas Calcatera*

Postmark Here

*Derrick Phillips*

| **SENDER:** *COMPLETE THIS SECTION* | **COMPLETE THIS SECTION ON DELIVERY** |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> **X** ☐ Agent ☐ Addressee <br> B. Received by *(Printed Name)* C. Date of Delivery |
| 1. Article Addressed to: <br><br> Attorney Thomas Calcatera <br> Law Firm of Bernstein, PC <br> 18831 W. 12 Mile Rd. <br> Lathrup Village, MI 48076 <br><br> *Derrick Phillips* | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br> 3. Service Type <br> ☑ Certified Mail ☐ Express Mail <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. <br> 4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number *(Transfer from service label)* 7010 1870 0000 2903 4714 | |
| PS Form **3811**, February 2004 Domestic Return Receipt | 102595-02-M-1540 |

**EXHIBIT 7: STAY MODIFICATION NOTICE FOR CLAIM 1322**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
--------------------------------------------------------   x
                                                           :
In re                                                      :      Chapter 9
                                                           :
CITY OF DETROIT, MICHIGAN,                                 :      Case No. 13-53846
                                                           :
                              Debtor.                      :      Hon. Steven W. Rhodes
-------------------------------------------------------    :
                                                           :
                                                           :
                                                           x
```

## STAY MODIFICATION NOTICE

| | |
|---|---|
| Service Date: | December 16, 2014 (e-filing w/Court; Electronic service to Plaintiff's attorney) |
| Designated Claimant(s): | Derrick Phillips |
| Address: | c/o Thomas B. Calcatera<br>Attorney for Plaintiff<br>Bernstein & Bernstein<br>18831 West 12 Mile Road<br>Lathrup Village, MI    48076<br>tcalcatera@lawfirmofbernstein.com |
| Proof of Claim Number(s): | 1322 |
| Caption of Any Pending Related Lawsuit: | N/A |
| Case Number: | N/A |
| Court: | N/A |
| Co-Defendants (if any): | |

By this Stay Modification Notice, the City of Detroit (the "City") hereby provides

notice that it has elected to permit the liquidation in a non-bankruptcy forum of the

13538461412160000000000017

above-identified proofs of claim(s) (the "Claim(s)") in the City's case (the "Chapter 9 Case")
under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code"), pursuant to the
procedures (the "ADR Procedures") established by the Order, Pursuant to Sections 105 and 502
of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the
Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "ADR Order"), entered by the
United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court")
on December 24, 2013.[1]

Section I.A of the ADR Procedures provides that the City may designate any
proof of claim timely filed in the Chapter 9 Case (other than certain "Excluded Claims") for
liquidation pursuant to the ADR Procedures by serving an ADR Notice on the applicable
claimant. Any proof of claim designated for liquidation through the ADR Procedures is referred
to as a "Designated Claim." Section I.A of the ADR Procedures further provides that certain
timely filed proofs of claim (other than Excluded Claims) (collectively, the "Initial Designated
Claims") shall be deemed to be Designated Claims subject to the ADR Procedures prior to the
City serving an ADR Notice on the applicable claimant.

Paragraph 9 of the ADR Order provides, however, that the City in its sole
discretion (a) may elect not to send an ADR Notice to any holder of an Initial Designated Claim
and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice
with respect to the Initial Designated Claim. In that event, except as provided below with respect
to Multi-Party Tort Claims, immediately upon the filing of the Stay Modification Notice: (a) the
automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from

---

[1]    Capitalized terms not otherwise defined herein have the meanings given to them in the ADR Order.

time to time by orders of the Bankruptcy Court (the "Stay"); or (b) any similar injunction (together with the Stay, the "Stay/Injunction") that may be imposed upon the confirmation or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "Chapter 9 Plan") is deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.

Certain Designated Claims (each, a "Multi-Party Tort Claim") arise out of personal injury actions (a) asserted concurrently against the City and one or more current or former members of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association or the Detroit Police Command Officers Association (each such member, a "Public Safety Union Member") and (b) with respect to which, the applicable Public Safety Union Member seeks related defense costs and/or an indemnification claim from the City (any such Public Safety Union Member, an "Indemnification Claimant," and any such claim, an "Indemnification Claim"). Concurrently with the filing of a Stay Modification Notice for a Multi-Party Tort Claim, the City shall serve a copy of the ADR Notice of the Public Safety Unions and on any related Indemnification Claimant known to the City. Pursuant to paragraph 9 of the ADR Order, solely in the case of Multi-Party Tort Claims, the Stay/Injunction is not deemed modified immediately upon the filing of the Stay Modification Notice. Instead, the Stay/Injunction is deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claims 35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) file a Stay Preservation Motion. If a Stay Preservation Motion is filed, then the Court will determine whether relief from the Stay/Injunction is appropriate with respect to the Multi-Party Tort Claim pursuant to the standards set forth in section 362(d) of the Bankruptcy

Code. The City believes that the Claim(s) **[constitute/do not constitute]** Multi-Party Tort Claims.

Upon modification of the Stay/Injunction as a result of the filing and service of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in either: (a) the non-bankruptcy forum in which the Initial Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal or transfer of venue or other procedural relief; or (b) if the Initial Designated Claim was not pending in any forum on the Petition Date, then in the United States District Court for the Eastern District of Michigan or such other non-bankruptcy forum selected by you that (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim, (iii) has in rem jurisdiction over the property involved in the Initial Designated Claim (if applicable) and (iv) is a proper venue.

**The City has reviewed the Claim(s) and has elected, pursuant to paragraph 9 of the ADR Procedures, to permit the liquidation of the Claim(s) in a non-bankruptcy forum. Note that, if you do not promptly proceed with the prosecution of the Claim(s) in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim(s).** A copy of this Stay Modification Notice may be filed with the non-bankruptcy court in which the Claim(s) **[is/are]** to be liquidated as notice of the lifting of the Stay/Injunction to permit the applicable non-bankruptcy forum to adjudicate the liquidation of the Claim(s) for purposes of the Chapter 9 Case.

Following liquidation of the Claim(s), whether by settlement or final judgment, you will receive an allowed general unsecured non-priority claim against the City, in the liquidated amount of the claim, that will be treated in accordance with the terms of any Chapter 9 Plan, and not a full cash payment of the liquidated amount of the Claim(s). For the avoidance of doubt, pursuant to paragraph 10 of the ADR Order, all proceedings against the City (or any Indemnification Claimant) relating to the Claim(s) following the liquidation of the Claim(s) shall remain subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms, conditions and limitations, the ADR Procedures or the ADR Order shall be determined by the Bankruptcy Court; provided that disputes about the jurisdiction of a matter presented to a non-bankruptcy court may be determined by such court.

City of Detroit Law Department

By: /s/ Mary Beth Cobbs
    (Signature)
Type name: Mary Beth Cobbs (P-40080)
Coleman A. Young Municipal Center
2 Woodward Ave, suite 500
Detroit, MI  48226
Phone: (313) 237-3075
Email: cobbm@detroitmi.gov

By: /s/ Krystal A. Crittendon
Krystal A. Crittendon (P-49981)
Coleman A. Young Municipal Center
2 Woodward Ave, suite 500
Detroit, MI  48226
Phone: (313) 237-3031
Email: critk@detroitmi.gov

Dated: December 16, 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------- x
                                   :

In re                                   :       Chapter 9
                                   :

CITY OF DETROIT, MICHIGAN,      :       Case No. 13-53846
                                   :

               Debtor.        :       Hon. Steven W. Rhodes
                                   :
                                   :

---------------------------------------------- x

## CERTIFICATE OF SERVICE

       I hereby certify that on December 16, 2014, I electronically filed the Stay Modification Notice and Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

I hereby certify that I have additionally served same to the following participant(s) via electronic mail: Thomas B. Calcatera at tcalcatera@lawfirmofbernstein.com

---

                    By: */s/ Mary Beth Cobbs*
                          Mary Beth Cobbs (P-40080)
                          Assistant Corporation Counsel
                          2 Woodward Ave, Suite 500
                          Detroit, MI  48226
                          Phone: (313) 237-3075
                          Email: cobbm@detroitmi.gov

                    By: */s/ Krystal A. Crittendon*
                          Krystal A. Crittendon (49981)
                          Assistant Corporation Counsel
                          2 Woodward Ave, Suite 500
                          Detroit, MI  48226
                          Phone: (313) 237-3002
                          Email: critk@detroitmi.gov

# EXHIBIT 8: STAY MODIFICATION NOTICE FOR CLAIM 1323

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
------------------------------------------------------  x
                                                        :
In re                                                   :   Chapter 9
                                                        :
CITY OF DETROIT, MICHIGAN,                               :   Case No. 13-53846
                                                        :
                                    Debtor.              :   Hon. Steven W. Rhodes
------------------------------------------------------  :
                                                        :
                                                        :
                                                        x
```

## STAY MODIFICATION NOTICE

| | |
|---|---|
| Service Date: | December 16, 2014 (e-filing w/Court; Electronic service to Plaintiff's attorney) |
| Designated Claimant(s): | Derrick Phillips |
| Address: | c/o Thomas B. Calcatera<br>Attorney for Plaintiff<br>Bernstein & Bernstein<br>18831 West 12 Mile Road<br>Lathrup Village, MI   48076<br>tcalcatera@lawfirmofbernstein.com |
| Proof of Claim Number(s): | 1323 |
| Caption of Any Pending Related Lawsuit: | N/A |
| Case Number: | N/A |
| Court: | N/A |
| Co-Defendants (if any): | |

By this Stay Modification Notice, the City of Detroit (the "City") hereby provides

notice that it has elected to permit the liquidation in a non-bankruptcy forum of the

above-identified proofs of claim(s) (the "Claim(s)") in the City's case (the "Chapter 9 Case")
under chapter 9 of title 11 of the United States Code (the "Bankruptcy Code"), pursuant to the
procedures (the "ADR Procedures") established by the Order, Pursuant to Sections 105 and 502
of the Bankruptcy Code, Approving Alternative Dispute Resolution Procedures to Promote the
Liquidation of Certain Prepetition Claims (Docket No. 2302) (the "ADR Order"), entered by the
United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court")
on December 24, 2013.[1]

Section I.A of the ADR Procedures provides that the City may designate any
proof of claim timely filed in the Chapter 9 Case (other than certain "Excluded Claims") for
liquidation pursuant to the ADR Procedures by serving an ADR Notice on the applicable
claimant. Any proof of claim designated for liquidation through the ADR Procedures is referred
to as a "Designated Claim." Section I.A of the ADR Procedures further provides that certain
timely filed proofs of claim (other than Excluded Claims) (collectively, the "Initial Designated
Claims") shall be deemed to be Designated Claims subject to the ADR Procedures prior to the
City serving an ADR Notice on the applicable claimant.

Paragraph 9 of the ADR Order provides, however, that the City in its sole
discretion (a) may elect not to send an ADR Notice to any holder of an Initial Designated Claim
and (b) instead file and serve on the applicable Designated Claimant a Stay Modification Notice
with respect to the Initial Designated Claim. In that event, except as provided below with respect
to Multi-Party Tort Claims, immediately upon the filing of the Stay Modification Notice: (a) the
automatic stay of sections 362 and 922 of the Bankruptcy Code, as modified and extended from

---

[1]     Capitalized terms not otherwise defined herein have the meanings given to them in the ADR Order.

time to time by orders of the Bankruptcy Court (the "Stay"); or (b) any similar injunction (together with the Stay, the "Stay/Injunction") that may be imposed upon the confirmation or effectiveness of a plan of adjustment of debts confirmed in the City's chapter 9 case (a "Chapter 9 Plan") is deemed modified with respect to the applicable Initial Designated Claim solely to permit the liquidation of the claim in a non-bankruptcy forum.

Certain Designated Claims (each, a "Multi-Party Tort Claim") arise out of personal injury actions (a) asserted concurrently against the City and one or more current or former members of the Detroit Fire Fighters Association, the Detroit Police Officers Association, the Detroit Police Lieutenants & Sergeants Association or the Detroit Police Command Officers Association (each such member, a "Public Safety Union Member") and (b) with respect to which, the applicable Public Safety Union Member seeks related defense costs and/or an indemnification claim from the City (any such Public Safety Union Member, an "Indemnification Claimant," and any such claim, an "Indemnification Claim"). Concurrently with the filing of a Stay Modification Notice for a Multi-Party Tort Claim, the City shall serve a copy of the ADR Notice of the Public Safety Unions and on any related Indemnification Claimant known to the City. Pursuant to paragraph 9 of the ADR Order, solely in the case of Multi-Party Tort Claims, the Stay/Injunction is not deemed modified immediately upon the filing of the Stay Modification Notice. Instead, the Stay/Injunction is deemed modified with respect to the Multi-Party Tort Claim and any related Indemnification Claims 35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) file a Stay Preservation Motion. If a Stay Preservation Motion is filed, then the Court will determine whether relief from the Stay/Injunction is appropriate with respect to the Multi-Party Tort Claim pursuant to the standards set forth in section 362(d) of the Bankruptcy

Code. The City believes that the Claim(s) **[constitute/do not constitute]** Multi-Party Tort Claims.

Upon modification of the Stay/Injunction as a result of the filing and service of a Stay Modification Notice, the liquidation of each applicable Initial Designated Claim shall proceed in either: (a) the non-bankruptcy forum in which the Initial Designated Claim was pending on the Petition Date, if any, subject to the City's right to seek removal or transfer of venue or other procedural relief; or (b) if the Initial Designated Claim was not pending in any forum on the Petition Date, then in the United States District Court for the Eastern District of Michigan or such other non-bankruptcy forum selected by you that (i) has personal jurisdiction over the parties, (ii) has subject matter jurisdiction over the claim, (iii) has in rem jurisdiction over the property involved in the Initial Designated Claim (if applicable) and (iv) is a proper venue.

**The City has reviewed the Claim(s) and has elected, pursuant to paragraph 9 of the ADR Procedures, to permit the liquidation of the Claim(s) in a non-bankruptcy forum. Note that, if you do not promptly proceed with the prosecution of the Claim(s) in the applicable non-bankruptcy forum, the City reserves its right to seek appropriate relief from the non-bankruptcy forum or the Bankruptcy Court, including, without limitation, the disallowance and expungement of the Claim(s).** A copy of this Stay Modification Notice may be filed with the non-bankruptcy court in which the Claim(s) **[is/are]** to be liquidated as notice of the lifting of the Stay/Injunction to permit the applicable non-bankruptcy forum to adjudicate the liquidation of the Claim(s) for purposes of the Chapter 9 Case.

Following liquidation of the Claim(s), whether by settlement or final judgment, you will receive an allowed general unsecured non-priority claim against the City, in the liquidated amount of the claim, that will be treated in accordance with the terms of any Chapter 9 Plan, and not a full cash payment of the liquidated amount of the Claim(s). For the avoidance of doubt, pursuant to paragraph 10 of the ADR Order, all proceedings against the City (or any Indemnification Claimant) relating to the Claim(s) following the liquidation of the Claim(s) shall remain subject to the Stay/Injunction, absent further order of the Bankruptcy Court.

If necessary, any disputes regarding the application of the foregoing terms, conditions and limitations, the ADR Procedures or the ADR Order shall be determined by the Bankruptcy Court; provided that disputes about the jurisdiction of a matter presented to a non-bankruptcy court may be determined by such court.

City of Detroit Law Department

By: /s/ Mary Beth Cobbs
    (Signature)
Type name: Mary Beth Cobbs (P-40080)
Coleman A. Young Municipal Center
2 Woodward Ave, suite 500
Detroit, MI 48226
Phone: (313) 237-3075
Email: cobbm@detroitmi.gov

By: /s/ Krystal A. Crittendon
Krystal A. Crittendon (P-49981)
Coleman A. Young Municipal Center
2 Woodward Ave, suite 500
Detroit, MI 48226
Phone: (313) 237-3031
Email: critk@detroitmi.gov

Dated: December 16, 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

```
------------------------------------------------------- x
                                                        :
In re                                                   :        Chapter 9
                                                        :
CITY OF DETROIT, MICHIGAN,                               :        Case No. 13-53846
                                                        :
                    Debtor.                             :        Hon. Steven W. Rhodes
                                                        :
                                                        :
------------------------------------------------------- x
```

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2014, I electronically filed the Stay Modification Notice and Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

I hereby certify that I have additionally served same to the following participant(s) via electronic mail: Thomas B. Calcatera at tcalcatera@lawfirmofbernstein.com

By: /s/ Mary Beth Cobbs
    Mary Beth Cobbs (P-40080)
    Assistant Corporation Counsel
    2 Woodward Ave, Suite 500
    Detroit, MI   48226
    Phone: (313) 237-3075
    Email: cobbm@detroitmi.gov

By: /s/ Krystal A. Crittendon
    Krystal A. Crittendon (49981)
    Assistant Corporation Counsel
    2 Woodward Ave, Suite 500
    Detroit, MI   48226
    Phone: (313) 237-3002
    Email: critk@detroitmi.gov