UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE:<br><br>CITY OF DETROIT<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Thomas J. Tucker |

# MOTION FOR *EX PARTE* ORDER FOR EXPEDITED HEARING ON PIKE POINTE HOLDINGS, LLC'S MOTION TO ENFORCE DEVELOPMENT AGREEMENT

Pike Pointe Holdings, LLC ("Pike Pointe"), a wholly owned subsidiary of Syncora Guarantee Inc. ("Syncora"), by its counsel Dykema Gossett PLLC, moves the Court pursuant to Federal Rule of Bankruptcy Procedure 9006(c) and Local Rule 9006-1(b) for entry of an order granting an expedited hearing on Pike Pointe's Motion to Enforce Development Agreement (the "Motion to Enforce") filed concurrently herewith. In support of this motion, Pike Pointe states as follows:

1. "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The Court "for cause shown may in its discretion with or without motion or notice" order reduced the period for an act to be done. Fed. R. Bankr. P. 9006(c). Under this Court's local rules, "a party may file a motion for an *ex parte* order reducing or enlarging the time for a party to take any action or file any paper." L.R. 9006-1(b).

2. Syncora, a financial guaranty insurance company and large creditor in this case, resolved its substantial claims against the City (more than $333 million) by entering into certain transactions, collectively referred to as the Syncora Development Transactions, a term defined in the Order Confirming Plan (Doc 8272 at p. 56). As part of the Syncora Development Transactions, the City and Pike Pointe entered into a Development Agreement as of December 10, 2014 (the "Agreement").

3. The Agreement granted to Pike Pointe the Option (as defined in the Agreement) to acquire, at no cost, four assembled parcels of property.[1]

4. If not extended, the Option Period for the Jefferson Property ends on **December 10, 2019**.

5. The City, as recently as September 11, 2019 and prior to that date, indicated that it would extend the Option Period for the Jefferson Property.

---

[1] The four parcels subject to the Agreement were (1) the former police headquarters at 1300 Beaubien Street ("1300 Beaubien"); (2) the properties commonly described as 1303 East Atwater, 1325 East Atwater, 1365 East Atwater, 1399 East Atwater, 1364 Franklin, 1340 Franklin, 1310 Franklin, and 1370 Guoin. (collectively, the "Atwater Property"); (3) the Jefferson Property; and (4) the Chene Property. Together, these four properties are sometimes referred to below as the "Four Development Properties." Subject to extension, the Option Period for the Jefferson Property ends on December 10, 2019. The corresponding Option Period for the Chene Property ends two years later, i.e. December 10, 2021.

6. On October 9, 2019, Pike Pointe requested that the City consent to a two-year extension, from December 10, 2019 to December 10, 2021, of the Option Period for the Jefferson Property.

7. The City then advised that it will not consent to an extension. As a result, Pike Pointe was forced to file the Motion to Enforce.

8. Good cause exists for an expedited hearing on the Motion to Enforce because (a) unless an extension is ordered, the Option Period for the Jefferson Property will end on December 10, 2019; (b) the City, after indicating it would grant the extension of the Option Period, has recently and unreasonably withheld its consent to Pike Pointe's extension request in violation of the Agreement; and (c) an expedited ruling on this issue will benefit all parties involved and provide needed guidance for future development on Detroit's east riverfront.

9. On November 13, 2019, Pike Pointe sought the City's concurrence in the relief sought by this motion in accordance with Local Bankruptcy Rule 9014-1(h). The City's counsel advised that he was unable to speak with his client regarding an expedited hearing but would discuss it and may have a proposal.

WHEREFORE, Pike Pointe requests that the Court enter the proposed order attached hereto as Exhibit 1 expediting the hearing on the Motion to Enforce on a date to be determined by the Court no later than November 27, 2019.

DATED: November 13, 2019　　　　　　　Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ John F. Rhoades*
　　Brian Moore (P58584)
　　John F. Rhoades (P75575)

　　400 Renaissance Center
　　Detroit, Michigan 48243
　　(313) 568-6800
　　(855) 252-8003 - Fax
　　bmoore@dykema.com
　　jrhoades@dykema.com

　　s

# EXHIBIT 1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE:<br><br>CITY OF DETROIT<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Thomas J. Tucker |

**ORDER EXPEDITING HEARING ON**
**PIKE POINTE HOLDINGS, LLC'S MOTION TO ENFORCE**
**DEVELOPMENT AGREEMENT**

This matter having come before the Court upon consideration of the Motion for Ex Parte Order for Expedited Hearing on Pike Pointe Holdings, LLC's Motion to Enforce Development Agreement ("Motion"); the Court being otherwise advised and finding good cause for the relief granted in this Order:

IT IS HEREBY ORDERED that

(1) the Motion is granted;

(2) the hearing on Pike Pointe Holdings, LLC's Motion to Enforce Development Agreement shall take place on ___, _____ 2019, at ___, Eastern Time in the courtroom of Honorable Thomas J. Tucker, U.S. Bankruptcy Court, Eastern District of Michigan and any objections may be raised at the hearing.

# EXHIBIT 4

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE:<br><br>CITY OF DETROIT<br><br>Debtor. | Chapter 9<br><br>Case No. 13-53846<br><br>Hon. Thomas J. Tucker |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2019, I electronically filed a copy of Pike Pointe Holdings, LLC's Motion For *Ex Parte* Order for Expedited Hearing on Pike Pointe Holdings, LLC's Motion to Enforce Development Agreement and this Certificate of Service with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys and parties of record registered electronically and by serving a copy of the papers on counsel for the City via regular mail as follows:

> Marc Nicholas Swanson, Esq.
> Miller Canfield Paddock and Stone
> 150 W. Jefferson Avenue, Ste. 2500
> Detroit, MI 48226 - 4415
>
> Charles N. Raimi
> Deputy Corporation Counsel
> City of Detroit Law Department
> 2 Woodward Avenue, Suite 500
> CAYMC
> Detroit, MI 48226-3437

DATED: November 13, 2019       Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ John F. Rhoades*
    Brian Moore (P58584)
    John F. Rhoades (P75575)

    400 Renaissance Center
    Detroit, Michigan 48243
    (313) 568-6800
    (855) 252-8003 - Fax
    bmoore@dykema.com
    jrhoades@dykema.com

    s