UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

**CITY OF DETROIT'S OBJECTION TO MOTION FOR *EX PARTE* ORDER FOR EXPEDITED HEARING ON PIKE POINTE HOLDINGS, LLC'S MOTION TO ENFORCE DEVELOPMENT AGREEMENT**

The City of Detroit ("City"), by its undersigned counsel, files this Objection to the Motion for *Ex Parte* Order for Expedited Hearing on Pike Pointe Holdings, LLC's Motion to Enforce Development Agreement [Doc. No. 13171] ("Motion"). In support of this Objection, the City respectfully states as follows:

1. Cause does not exist to expedite the hearing on the *Motion to Enforce Development Agreement* [Doc. No. 13170] ("Motion to Enforce") filed by Pike Pointe Holdings, LLC ("Pike Pointe").

2. The Motion relies heavily on the following assertion: "The City, as recently as September 11, 2019…indicated that it would extend the Option Period for the Jefferson Property." Motion ¶ 5. That assertion is, at best, misleading. The City did propose a limited extension on or about September 11, 2019, for the purpose of resolving a parking issue that is referenced in the Motion to Enforce. Motion to Enforce, pp. 12-13. But Pike Pointe, evidently believing that the City

could not address the parking problem, and that Pike Pointe had significance leverage as a result, **flatly rejected the proposed extension**. That critical fact is nowhere to be found in Pike Point's filings or Mr. Water's affidavit. *See* Motion to Enforce, Exhibit 5. Thereafter, the City was promptly able to address the problem, and, because Pike Point has shown absolutely no grounds for an extension, the City is unwilling to grant an extension except for the limited purpose of allowing this case to be tried in a reasonable and orderly fashion.

3. In that regard, on November 13, 2019, Pike Pointe informed the City that it would seek an expedited hearing on its Motion to Enforce. Later that same day and one-half hour before Pike Pointe filed its Motion, the City offered to extend the December 10 deadline by four months.[1] As the City explained to Pike Pointe, Pike Pointe self-created an "emergency" by waiting until the 11th hour to file its Motion to Enforce and Motion despite knowing about the December 10 deadline for nearly *five* years.[2] And, while Pike Pointe should not benefit from its delay and neglect, the City did not want to put this Court or the parties in the position of attempting to resolve a motion in two weeks which raises sharply

---

[1] The City reserves any and all claims, rights and defenses with respect to the Development Agreement.

[2] As set forth in the Motion, the underlying Development Agreement was entered into between the City and Pike Pointe nearly five years ago on December 10, 2014. Motion ¶ 2. The deadline of December 10, 2019, has not changed since the Development Agreement was entered into on December 10, 2014.

disputed issues of fact and credibility that will require discovery and an evidentiary hearing. Accordingly, the City offered a 4 month extension, which would allow the parties to try this dispute in an orderly manner. However, Pike Pointe rejected this reasonable approach, and elected instead to file the Motion.

4. Moreover, the Development Agreement prohibits Pike Pointe's request for an expedited hearing. Motion to Enforce, Exhibit B, Development Agreement. As set forth in paragraph 1(a) of the Development Agreement, Pike Pointe must wait until 60 days after it makes a request for an extension before it can bring the dispute before this Court. Here, Pike Pointe's Option Extension Request was sent on October 9, 2019. *See* Motion to Enforce, Exhibit D. Pike Pointe's request for a hearing on or before November 27, 2019, violates the plain language of the Development Agreement and should be denied for this additional reason.

5. Pike Pointe's delay and neglect is inexcusable. Having had five years to engage a developer and timely move forward with a development plan, Pike Pointe has done little more than attempt to "flip" the property for a quick cash out. Pike Pointe has ignored its development obligations and shown absolutely no grounds for an extension. This case is completely different than the adversary proceeding commenced by FGIC (and relied on by Pike Pointe in its Motion to Enforce) that was before this Court.

6. Finally, if the Court is inclined to grant any relief on the Motion, the City suggests that the Court schedule a status conference on the Motion to Enforce on November 20, 2019, at 1:30 p.m., which is the next scheduled hearing date in the City's bankruptcy case.

WHEREFORE, the City respectfully requests that this Court deny the Motion.

Dated: November 14, 2019     Respectfully submitted,

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

and

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313) 237-5037
Facsimile: (313) 224-5505
raimic@detroitmi.gov

Attorneys for the City of Detroit

34822485.1\022765-00213

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Case No. 13-53846<br>Honorable Thomas J. Tucker<br>Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 14 2019, he filed the foregoing *City of Detroit's Objection to Pike Pointe Holdings, LLC's Ex Parte Motion for Expedited Hearing on Motion to Enforce Development Agreement* using the Court's ECF system which will provide notice of the filing to all registered participants in this matter.

Dated: November 14, 2019

                                        By: /s/ Marc N. Swanson
                                        Marc N. Swanson (P71149)
                                        150 West Jefferson, Suite 2500
                                        Detroit, Michigan 48226
                                        Telephone: (313) 496-7591
                                        Facsimile: (313) 496-8451
                                        swansonm@millercanfield.com