# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## STIPULATION FOR ORDER MODIFYING CLAIM NO. 1862 FILED BY THE DETROIT POLICE OFFICERS ASSOCIATION

The City of Detroit, Michigan ("City") and the Detroit Police Officers Association ("DPOA"), by and through their undersigned counsel, hereby stipulate to the entry of an Order modifying Claim No. 1862 filed by the DPOA. In support of their request, the City and the DPOA state the following:

1. On February 20, 2014, the DPOA filed Claim No. 1862 in an unliquidated amount based on two general sets of claims and six lawsuits or appeals.

2. As set forth in Claim No. 1862, the first claim generally relates to the imposition by the City of what are referred to as the "City Employment Terms" and identifies several causes of action related thereto including (a) the constitutionality of Public Act 4, (b) the enforcement and applicability of compulsory arbitration of labor disputes in the police and fire departments, (c) the enforceability of the City employment terms post the referendum of Public Act 4; and (d) the entitlement to back pay and other financial remuneration (collectively, the "CET Claim").

3. As set forth in Claim No. 1862, the second claim "results from a complaint for judicial review of part of an Act 312 arbitration award which was issued on March 13, 2013, and in particular involves the City's challenge to a 5% wage increase for DPOA members which was to take effect January 1, 2014." This second claim is referred to as the "Wage Claim."

4. On October 29, 2019, the City filed its objection to Claim No. 1862 [Doc. No. 13152] ("Objection").

5. As stated in the Objection, the CET Claim lists the following lawsuits and appeals as relevant to the CET Claim: "Detroit Police Officers' Association v. City of Detroit, Court of Claims (Wayne County) Case Nos. 12-010859 and 12-000080-MK, and Michigan Court of Appeals Case Nos. 312439 and 315299." These lawsuits are closed and the DPOA is no longer pursuing this claim against the City.

6. The City and the DPOA have conferred and agreed that Claim No. 1862 should be modified to withdraw the portion of the claim related to the CET Claim. The City and the DPOA each reserve all of their respective rights, claims, objections and defenses to the Wage Claim, which is the remaining portion of Claim No. 1862. This Stipulation does not resolve the Objection as to the Wage Claim.

WHEREFORE, the parties request the Court enter an Order in the form attached hereto as Exhibit 1, modifying Claim No. 1862 to withdraw the portion of the claim related to the CET Claim.

December 10, 2019

STIPULATED AND AGREED:

| | |
|---|---|
| By: /s/ Barbara A. Patek <br> Barbara A. Patek, Esq. <br> Attorney for Creditor – DPOA <br> 24 E. Flint Street, Suite 2 <br> Lake Orion, MI 48362 <br> (248) 814-9470 <br> pateklaw@gmail.com | By: /s/ Marc N. Swanson <br> Marc N. Swanson (P71149) <br> Attorney for Debtor – City of Detroit <br> 150 West Jefferson, Suite 2500 <br> Detroit, MI 48226 <br> (313) 496-7591 <br> swansonm@millercanfield.com |

Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

**ORDER MODIFYING CLAIM NO. 1862 FILED BY THE DETROIT POLICE OFFICERS ASSOCIATION**

This case is before the Court on the *Stipulation for Order Modifying Claim No. 1862 Filed by the Detroit Police Officers Association* ("Stipulation") [1] Based on the Stipulation,

IT IS ORDERED THAT Claim No. 1862 filed by the DPOA is hereby modified to withdraw the portion of the claim related to the CET Claim. The City and the DPOA each reserve all of their respective rights, claims, objections and defenses to the Wage Claim, which is the remaining portion of Claim No. 1862. This Order does not resolve the Objection as to the Wage Claim.

IT IS FURTHER ORDERED THAT the City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Stipulation.

IT IS FURTHER ORDERED THAT this Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.