# EXHIBIT B

# INDEPENDENT CONTRACTOR AGREEMENT

**THIS INDEPENDENT CONTRACTOR AGREEMENT** ("Agreement") is made as of December 2, 2019, between Investment Committee of the Police and Fire Retirement System of the City of Detroit, a Michigan fiduciary public agency of the Police and Fire Retirement System of the City of Detroit, Michigan, doing business in the State of Michigan, with its offices at 500 Woodward Avenue, Detroit, Michigan, 48226 (hereinafter the "INVESTMENT COMMITTEE") and; KJK Associates, LLC, a Michigan limited liability company (hereinafter "CONTRACTOR").

**WHEREAS**, the INVESTMENT COMMITTEE is engaged in the business of investment management concerning the assets of the Police and Fire Retirement System of the City of Detroit, empowered with that responsibility by the confirmed *Eighth Amended Plan for Adjustment of Debts of the City of Detroit, Michigan* (U.S. Bankruptcy Court, E.D. Mich. Case No. 13-53846, Doc 8045-1); the State Contribution Agreement attached thereto as Exhibit I.A.332 and its Exhibit B (*id.* at 714 to 741); P.A. 314 of 1965, as amended; and the *Combined Plan for the Police and Fire Retirement System of the City of Detroit, Michigan*, as amended, which authority includes retention of professional services to advise the INVESTMENT COMMITTEE (the "Business");

**WHEREAS**, the INVESTMENT COMMITTEE has need for the services set forth on the attached Exhibit B in connection with the Business and desires to utilize the professional experience, ability, services, background and know-how of CONTRACTOR to provide those services for the INVESTMENT COMMITTEE; and

**WHEREAS**, CONTRACTOR represents that it is able and willing to act as an independent contractor for the INVESTMENT COMMITTEE under the terms and conditions set forth in this written Agreement.

**THEREFORE**, in consideration of the covenants and agreements contained in this Agreement, the receipt and sufficiency of such consideration being acknowledged, the parties agree as follows:

**1. Engagement**

The INVESTMENT COMMITTEE hereby engages CONTRACTOR, and CONTRACTOR accepts the engagement, to provide the services set forth herein as an independent contractor, for the fees, and upon the terms and conditions, set forth in this Agreement.

**2. Services to be Performed**

The services to be provided by CONTRACTOR are set forth on the attached Exhibit B (the "Services"). CONTRACTOR is expected to devote its best efforts to the performance of the Services as directed by the INVESTMENT COMMITTEE and the Chief Investment Officer, and shall report to the INVESTMENT COMMITTEE through the Chief Investment Officer.

## 3. Term of Engagement

The term of this Agreement (the "Term") shall commence on December 16, 2019 (the "Commencement Date") and expire on December 31, 2022, unless earlier terminated as provided herein.

In addition to expiration, this Agreement may be terminated as follows:

    (a) At any time by mutual written agreement of the parties;

    (b) At any time by written notice of termination given by a party ("Terminating Party") to the other party ("Non-Terminating Party") upon the occurrence of either of the following:

        (i) The Non-Terminating Party fails to comply in any material respect with any other term, provision, condition, or covenant of this Agreement, and does not cure such failure within thirty (30) days after the receipt of written notice of such failure from the Terminating Party; or

        (ii) The Non-Terminating Party fails to pay any amount owed under this Agreement when due and does not cure such failure within ten (10) days after the receipt of written notice of such failure from the Terminating Party; or

        (iii) By the INVESTMENT COMMITTEE upon sixty days' written notice to CONTRACTOR. This Agreement may also be terminated by the INVESTMENT COMMITTEE upon written notice to CONTRACTOR in the event of the death or permanent incapacity of the Principal (defined below).

## 4. Independent Contractor

It is agreed and understood that CONTRACTOR shall perform services under this Agreement as an independent contractor and not as an employee, agent, partner, or joint venturer with or of the INVESTMENT COMMITTEE.

    a) The INVESTMENT COMMITTEE does not grant CONTRACTOR any authority or right, expressed or implied, to commit the INVESTMENT COMMITTEE to any contract or obligation, written or oral, without the express prior approval of the INVESTMENT COMMITTEE. CONTRACTOR will not represent the contrary, either expressly or implicitly, to anyone.

    b) CONTRACTOR shall be solely and personally liable for any personal injury, either to it or to others, or for any property damage, which may be occasioned by the performance of the Services by CONTRACTOR hereunder.

The INVESTMENT COMMITTEE will provide a Form 1099 to CONTRACTOR for all fees paid for each applicable tax year. As an independent contractor, CONTRACTOR is solely responsible for all federal, state, and local taxes, including payroll, social security and withholding taxes from

amounts so paid to CONTRACTOR for its services or from those of its employees. The INVESTMENT COMMITTEE shall have no tax responsibility for income paid to CONTRACTOR for services performed by CONTRACTOR or CONTRACTOR's employees. Neither CONTRACTOR, nor an employee of CONTRACTOR, shall be entitled to any unemployment compensation, worker's compensation, benefits, paid holidays, social security, pension or any other benefits which may be available to the INVESTMENT COMMITTEE employees.

5.  **Principal, Time, Efforts and Materials**

The principal of CONTRACTOR is Kevin Kenneally (the "Principal"), who has the personal knowledge, professional experience, education, ability, and know-how to enable CONTRACTOR to provide the Services and who shall at all times be directly involved in the provision of the Services hereunder. At all times, CONTRACTOR will provide the Services and otherwise act in good faith, in a professional manner, and as a fiduciary consistent with the requirements of Michigan law. The INVESTMENT COMMITTEE acknowledges that CONTRACTOR, through the Principal, has the knowledge, professional experience, education, ability, background, and know-how to perform the Services required. Therefore, CONTRACTOR will, in its discretion, determine when and how to render the hours needed to complete the Services, unless otherwise specified in this Agreement. CONTRACTOR will decide when and how to provide the Services, subject to any time or project constraints or requirements imposed by the INVESTMENT COMMITTEE. CONTRACTOR will maintain its own separate office space.

6.  **Fees**

    a)  **Fee Structure**
        Exhibit A sets forth CONTRACTOR's fee structure and is incorporated herein by reference. Exhibit A comprises CONTRACTOR's full compensation for the services rendered pursuant to this Agreement.

    b)  **Expense Reimbursement**
        CONTRACTOR shall be responsible for any and all expenses to be incurred by CONTRACTOR unless payment of such expense by the INVESTMENT COMMITTEE is contained within Exhibit A or was approved by the INVESTMENT COMMITTEE in writing prior to incurring the expense.

7.  **Confidential Information**

CONTRACTOR and the Principal acknowledge that all information relating to the businesses, operations, properties, assets, liabilities and financial condition of the INVESTMENT COMMITTEE and the markets and industries in which it operates, including, information relating to its respective business plans, trade secret information, intellectual property, technological developments, passwords databases, policies, pricing, vendors, suppliers, Clients, customers or potential customers, sources and leads for obtaining new projects and customers, customer specifications, operating records, marketing strategies, sales information, accounting and financial information, personally identifiable information, and personnel data that may at any time be furnished, communicated or delivered by the INVESTMENT COMMITTEE to CONTRACTOR

3

or the Principal or developed by CONTRACTOR or the Principal in connection with their performance hereunder, including, without limitation, any notes, analyses, e-mail correspondence, compilations, software, programs or other documents prepared by CONTRACTOR and/or the Principal or any other party and derived therefrom, is the confidential and proprietary information of the INVESTMENT COMMITTEE, (collectively, "Confidential Information"). The Confidential Information is and shall remain the property of the INVESTMENT COMMITTEE and shall be used by CONTRACTOR and the Principal solely as required for CONTRACTOR's performance of the Services hereunder. CONTRACTOR and the Principal recognize that the INVESTMENT COMMITTEE has expended significant time and effort in developing and maintaining such Confidential Information. CONTRACTOR and the Principal shall not disclose any Confidential Information to any third parties (except as may specifically be authorized by the Chief Investment Officer of the INVESTMENT COMMITTEE in writing) at any time during or after the expiration or termination of the Term of this Agreement. CONTRACTOR and the Principal shall take all appropriate measures to insure that none of the INVESTMENT COMMITTEE's Confidential Information is disclosed to third parties in violation of this Agreement. If any Confidential Information is disclosed in violation of this Agreement, CONTRACTOR shall promptly report the same to the INVESTMENT COMMITTEE. Further upon the expiration or termination of the Term or this Agreement, or upon the INVESTMENT COMMITTEE's request at any time and from time to time, CONTRACTOR shall return any and all Confidential Information in its possession and shall not copy, take or otherwise use the Confidential Information for any purpose whatsoever except in performance of the Services hereunder.

Notwithstanding the foregoing, 18 U.S.C. § 1833(b)(1) states: "An individual shall not be held criminally or civilly liable under any Federal or State trade secret law for the disclosure of a trade secret that—(A) is made—(i) in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney; and (ii) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal." Accordingly, CONTRACTOR and/or the Principal has the right to disclose in confidence trade secrets to Federal, State, and local government officials, or to an attorney, for the sole purpose of reporting or investigating a suspected violation of law. CONTRACTOR and/or the Principal also has the right to disclose trade secrets in a document filed in a lawsuit or other proceeding, but only if the filing is made under seal and protected from public disclosure. Nothing in this Agreement is intended to conflict with 18 U.S.C. § 1833(b)(1) or create liability for disclosures of trade secrets that are expressly allowed by 18 U.S.C. § 1833(b)(1).

**8.    Agreement Not To Solicit**

CONTRACTOR and the Principal shall not, during the Term or for a period of twelve (12) months following the expiration or termination of the Term or this Agreement, directly or indirectly, contact, solicit, encourage or entice any employee or agent of the INVESTMENT COMMITTEE to leave or to otherwise terminate his/her relationship with the INVESTMENT COMMITTEE.

4

## 9. Intellectual Property

CONTRACTOR and the Principal agree that the scope of work, all tasks, duties, results, inventions, and intellectual property developed or performed per this Agreement are considered "works made for hire," constitute the property of the INVESTMENT COMMITTEE and that the results of said work is by virtue of this Agreement assigned to the INVESTMENT COMMITTEE and shall be the sole property of the INVESTMENT COMMITTEE for all purposes including, but not limited to copyright, trademarks, service mark, patent and trade secret laws. CONTRACTOR and the Principal agree that they will execute any document or agreement necessary to affect these property rights without delay or cost to the INVESTMENT COMMITTEE.

## 10. Severability

The covenants of CONTRACTOR and the Principal contained in Paragraphs 7 - 9 shall each be construed as an agreement independent of any other provision in this Agreement, and the existence of any claim or cause of action of CONTRACTOR and/or the Principal against the INVESTMENT COMMITTEE, whether predicated on this Agreement or otherwise, shall not constitute a defense to the enforcement by the INVESTMENT COMMITTEE of such covenants. The parties hereby expressly agree that it is not the intention of any party hereto to violate any public policy, statutory or common law, and that if any sentence, paragraph, clause or combination of the same of this Agreement is in violation of the law or any state where applicable, such sentence, paragraph, clause or combination of the same shall be void in the jurisdictions where it is unlawful, and the remainder of such paragraph and this Agreement shall remain binding on the parties to the extent that it may be lawfully done under existing applicable laws. In the event that any part of any covenant of this Agreement is determined by a court of law to be overly broad thereby making the covenant unenforceable, the parties hereto agree and it is their desire, that such court shall substitute a judicially enforceable limitation in its place, and that as so modified the covenant shall be binding upon the parties as if originally set forth herein.

## 11. Remedies Available.

In the event of any other breach or threatened breach of Paragraphs 7-9 of this Agreement, the INVESTMENT COMMITTEE shall be entitled to all legal and equitable remedies that may be available to the INVESTMENT COMMITTEE, including suit for recovery of money damages. the INVESTMENT COMMITTEE shall be entitled to equitable relief, including injunctive relief and specific performance, without the necessity of posting bond or other security or proving actual loss of business to the INVESTMENT COMMITTEE by reason of such breach or threatened breach and, to the extent permissible under applicable law, a temporary restraining order shall be granted immediately on commencement of any such suit by the INVESTMENT COMMITTEE. CONTRACTOR and the Principal hereby waive any right to notice of any application by the INVESTMENT COMMITTEE for such an order. Such remedies will not be the exclusive remedies for any breach of Paragraphs 7-9 of this Agreement but will be in addition to all other remedies available under this Agreement or in equity to the INVESTMENT COMMITTEE.

## 12. Representations

CONTRACTOR and the Principal represent and warrant that: (a) Principal is the sole member and manager of Contractor and there are no other members or managers of Contractor; (b) Principal will at all times be directly involved in the provision of the Services hereunder, including, as necessary, the direct supervision of any other employees of Contractor; and (c) neither CONTRACTOR nor the Principal are under any agreement or restriction with any other entity or individual that would restrict them from providing the Services in this Agreement in any manner.

## 13. Return of Property

CONTRACTOR shall, immediately upon its voluntary or involuntary termination of its relationship with the INVESTMENT COMMITTEE, deliver to the INVESTMENT COMMITTEE all documents and other items within its possession or control belonging to the INVESTMENT COMMITTEE or in any way related to the activities of the INVESTMENT COMMITTEE or the services it performed for the INVESTMENT COMMITTEE, including, but not limited to, any documents or items containing Confidential Information.

## 14. Indemnification

CONTRACTOR will indemnify and hold the INVESTMENT COMMITTEE harmless, from any and all liabilities, claims, demands, causes of actions and expenses, of any kind whatsoever, including reasonable attorney fees and court costs, resulting from any breach of this Agreement by CONTRACTOR. CONTRACTOR shall also indemnify, defend and hold the INVESTMENT COMMITTEE, its members, employees, trustees, officers, and agents harmless from all claims, losses, liabilities, damages, expenses and other costs, including reasonable attorney's fees for lawsuits for such injuries or damages sustained, incurred or arising out of any action or omission attributable in whole or in part to the services or activity of CONTRACTOR, to the extent such injuries or damages are caused by the acts or omissions of CONTRACTOR. In addition, in the event CONTRACTOR or the Principal is recharacterized as an employee of the INVESTMENT COMMITTEE, CONTRACTOR will indemnify and hold the INVESTMENT COMMITTEE harmless from and against any and all withholding, social security, and employment related taxes which the INVESTMENT COMMITTEE may be required to pay as a result of any recharacterization.

## 15. Time Limitations

CONTRACTOR agrees not to file any action or suit relating to this Agreement and/or independent contractor relationship against the INVESTMENT COMMITTEE and its predecessors, successors, assigns, subsidiaries, parent(s), affiliates, and all past and present officers, directors, employees and agents, in their individual and representative capacities of the foregoing entities more than 180 calendar days (or in less time if applicable law so requires) after the event and/or action complained of. While CONTRACTOR understands that the statute of limitations for some claims may be longer than 180 calendar days, CONTRACTOR agrees and understands that any action that is the subject of a lawsuit or action is barred if it is not filed within the 180 day period (or in less time if any applicable law so requires) and understands and agrees that the 180 day period (or applicable shorter period) will not be extended for any reason, including continuing

violations. This provision does not prohibit the timely filing of a charge with an administrative agency, but unless filed within 180 days, CONTRACTOR understands and agrees that it has waived its right to recover money damages or other available relief. Filing a charge or claim with an administrative agency or internally with the INVESTMENT COMMITTEE does not toll the 180 day period for filing a civil lawsuit.

**16.     Effect on Prior Agreements.**

This Agreement contains the entire agreement of the parties relating to the subject matter hereof and supersedes any prior written or oral agreements or understandings relating to the subject matter hereof, except for the formal action undertaken by the INVESTMENT COMMITTEE at its public meetings held March 11, 2019, May 13, 2019, and July 22, 2019, which actions with respect to the Principal and the INVESTMENT COMMITTEE Chairperson's authority to execute this Agreement on behalf of the INVESTMENT COMMITTEE are specifically incorporated herein as reflected in the Minutes of the INVESTMENT COMMITTEE's proceedings.

**17.     Modification and Waiver**

Exhibit as otherwise stated in Exhibit A, no modification or amendment of this Agreement shall be valid unless in writing and signed by or on behalf of the parties hereto. No course of dealing between CONTRACTOR, the Principal and the INVESTMENT COMMITTEE shall be deemed to affect, modify, amend, or discharge any provision or term of this Agreement. No delay on the part of the INVESTMENT COMMITTEE or CONTRACTOR in the exercise of any of rights or remedies shall operate as a waiver thereof, and such right or remedy shall preclude other or further exercise thereof. A waiver or right of remedy on any one occasion shall not be construed as a bar to or waiver of any such right or remedy on any other occasion.

**18.     Governing Law**

This Agreement is a contract made under, and shall be governed by and construed in accordance with, the laws of the State of Michigan, without giving effect to its choice of law principles. Each of the parties to this Agreement agrees that any legal or equitable action or proceeding with respect to this Agreement or in connection with this Agreement shall be brought in the courts of Wayne County, Michigan, and each of the parties to this Agreement submits to and accepts generally and unconditionally the jurisdiction of those courts with respect to such party's person and property, and irrevocably consents to the service of process in connection with any such action or proceeding by the mailing thereof by registered or certified mail, postage prepaid to such party's address set forth above. Nothing in this paragraph shall affect the right of any party to this Agreement to serve process in any other manner permitted by law. Each party irrevocably waives any objection to the laying of venue of any such action or proceeding in the above described courts.

**19.     Successors and Assigns**

This Agreement shall be binding upon the INVESTMENT COMMITTEE, and CONTRACTOR, and their respective heirs, executors, legal representatives, successors and permitted assigns, and shall inure to the benefit of the INVESTMENT COMMITTEE and its permitted successors and assigns and CONTRACTOR and its permitted successors and assigns. In no event shall

CONTRACTOR's obligations to perform services be assigned, delegated, or transferred by CONTRACTOR without written approval of the INVESTMENT COMMITTEE. The INVESTMENT COMMITTEE may assign or transfer its rights hereunder to a successor entity in the event of a merger, consolidation, transfer of sale of all or substantially all of its assets, reorganization, corporate restructure, or dissolution consistent with the authority giving rise to its establishment.

**20. Captions**

All captions and headings herein contained are inserted for convenience of reference only and shall not affect the meaning or interpretation of this Agreement.

The parties have voluntarily executed this Agreement as of the day and year first above written.

| | |
|---|---|
| **INVESTMENT COMMITTEE OF THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT** <br> A Michigan fiduciary public agency of the Police and Fire Retirement System of the City of Detroit <br><br> By: _[signature]_ <br> Its: _Chair_ | **KJK ASSOCIATES, LLC,** <br> A Michigan limited liability company, <br><br><br><br><br> By: _[signature]_ <br> Its: _President_ |

The Principal is executing this Agreement to (a) acknowledge that he is individually bound by Paragraphs 7-9 above; (b) acknowledge and agree that Paragraphs 10-11 above shall apply to any action against Principal relating to this Agreement; and (c) to confirm and acknowledge the representations set forth in Paragraph 12.

_[signature]_

8

## EXHIBIT A

The Contractor fee arrangement shall consist of the following:

1) A one-time incentive payment of $50,000.00 due and payable upon execution of this Agreement ("Incentive Payment").

2) Beginning with the Commencement Date, Contractor's fee arrangement consists of a monthly fee of $23,750.00 payable in twice-monthly installments of $11,875.00 on the 1st and 15th of each month.

The INVESTMENT COMMITTEE will provide a Form 1099 to Contractor for all compensation paid for each applicable tax year. As an independent contractor, Contractor is solely responsible for all federal, state and local taxes, including payroll, social security and withholding taxes from amounts so paid to Contractor for its services or from those of its employees. The INVESTMENT COMMITTEE shall have no tax responsibility for income paid to Contractor for services performed by Contractor or Contractor's employees. Neither Contractor, nor an employee of Contractor, shall be entitled to any unemployment compensation, worker's compensation, benefits, paid holidays, social security, pension or any other benefits which may be available to the INVESTMENT COMMITTEE employees, if any.

## EXHIBIT B

The services to be provided by CONTRACTOR to the INVESTMENT COMMITTEE as directed by the Chief Investment Officer shall include the following:

Through direction of the Chief Investment Officer, CONTRACTOR shall coordinate with Investment Staff, custodial bank, investment managers, legal counsel, external consultants, and other related advisors to execute approved and adopted INVESTMENT COMMITTEE actions, implement policies set forth by the INVESTMENT COMMITTEE and contained in its Investment Policy Statement, and monitor compliance with the Investment Policy Statement, as well as applicable state and federal laws and regulations. In performing these services, CONTRACTOR's duties may include:

- Identifying, reviewing, and evaluating prospective investment strategies;

- Assisting in the development of portfolio asset allocation;

- Providing support as needed with the investment manager search and selection process;

- Conducting on-site investment, operational and/or confirmatory due diligence with prospective managers;

- Coordinating and conducting ongoing maintenance due diligence with existing investment managers;

- Preparing and presenting portfolio reviews, including internal and external reports on investment strategy and portfolio performance;

- Creating risk analytic and compliance reports;

- Providing financial market commentary, including the research and development of special projects; and

- Assisting as needed with the review and workout of any problem investments.

The foregoing may be amended upon mutual written agreement of the parties.

## ADDENDUM TO INDEPENDENT CONTRACTOR AGREEMENT

Reference is made to an **INDEPENDENT CONTRACTOR AGREEMENT** ("Agreement") made as of December 2, 2019 between Investment Committee of the Police and Fire Retirement System of the City of Detroit, a Michigan fiduciary public agency of the Police and Fire Retirement System of the City of Detroit, Michigan, doing business in the State of Michigan, with its offices at 500 Woodward Avenue, Detroit, Michigan, 48226 (hereinafter the "INVESTMENT COMMITTEE") and; KJK Associates, LLC, a Michigan limited liability company (hereinafter "CONTRACTOR").

**THEREFORE**, in consideration of the covenants and agreements contained in the Agreement and this **ADDENDUM**, the receipt and sufficiency of such consideration being acknowledged, the parties agree as follows:

Paragraph 3 shall be changed to state the Commencement Date is January 6, 2020.

Exhibit A, paragraph 1 shall be changed to state that the Incentive Payment is $60,000.00.

Except as otherwise expressly provided herein, all other terms and conditions of the Agreement shall remain unchanged and in full force and effect.

The parties have voluntarily executed this Addendum as of December 16, 2019.

| | |
|---|---|
| **INVESTMENT COMMITTEE OF THE POLICE AND FIRE RETIREMENT SYSTEM OF THE CITY OF DETROIT** <br> A Michigan fiduciary public agency of the Police and Fire Retirement System of the City of Detroit <br><br> By: _[signature]_ <br> Its: _Chair_ | **KJK ASSOCIATES, LLC,** <br> A Michigan limited liability company, <br><br><br><br> By: _[signature]_ <br> Its: _President_ |

Page 1 of 1