UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

                                            Bankruptcy Case No. 13-53846

City of Detroit, Michigan,                      Honorable Thomas J. Tucker

                                            Chapter 9

         Debtor.

_____/

## SUPPLEMENTAL ANSWER AND EXHIBITS IN OPPOSITION TO THE CITY OF DETROIT'S OBJECTION TO CLAIM NUMBER 1862 FILED BY THE DETROIT POLICE OFFICERS ASSOCIATION ("DPOA") PURSUANT TO COURT ORDER [DOC. NO. 13243]

The Detroit Police Officers Association ("DPOA"), through its counsel, Law Office of Barbara A. Patek, PLC and Gregory Moore Jeakle & Brooks, P.C., files the DPOA's Supplemental Answer and Exhibits in Opposition to the City of Detroit's Objection to Claim Number 1862 Filed Pursuant to Court Order [Doc. No. 13243] (the "Supplemental Answer"). In support of its Supplemental Answer, the DPOA states the following:

1.      The City's argument that the DPOA's Wage Claim[1] is barred by the statute of limitations is based on the mistaken premise that the DPOA failed to timely seek to enforce the Roumell Award. Attached as **Exhibit 1** is the DPOA's Answer to Complaint for Judicial Review of Part of an Act 312 Arbitration and

---

[1] Unless otherwise indicated, capitalized terms are as defined by the City of Detroit's Objection to Claim Number 1862 [Doc. No. 13152] (the "Objection").

Affirmative Defenses and Proof of Service (the "DPOA Answer"). The DPOA

Answer unequivocally seeks enforcement of the Roumell Award. Specifically, the

DPOA Answer affirmatively seeks a determination that ". . . (1) the Award is

consistent with MCL §423.238 and ¶423.239; (2) the Panel did not exceed its

jurisdiction; and (3) the Panel's Award is supported by competent material and/or

substantial evidence on the entire record in regard to the award on the issue of

wages." DPOA Answer, **Exhibit 1, ¶**30. In its request for relief, the DPOA seeks

the dismissal of the City's complaint and ". . . that judgment be entered for the

Detroit Police Officers Association." **Exhibit 1,** p. 9.

2.     That action, although administratively closed, was never dismissed

and remains pending. The August 21, 2013 docket entry reflects that an order

administratively closing the case due to bankruptcy was signed and filed on that

date. See City Objection, Exhibit 9 [Doc. 13152-7]. For reasons that are unknown,

instead of a copy of such an order, a copy of the first page of the bankruptcy

petition was apparently scanned into the court record. See **Exhibit 2**, Declaration

of James M. Moore Regarding Document Retrieved from Wayne County Clerk's

Office; **Exhibit 2A**, Document Retrieved. The DPOA has been unable to obtain a

copy of the order administratively closing the case.[2] See **Exhibit 2**. However, there

---

[2] As was discussed at the February 12, 2020 hearing, current counsel did not
represent the DPOA in either the Act 312 proceeding or the Wayne County case.

is a standard administrative order that is used by Michigan circuit and district courts when a case is administratively closed due to a bankruptcy stay. See **Exhibit 3**, mc300, SCAO Order for Administrative Closing Due to Bankruptcy Stay (the "Standard Administrative Stay Order"). The DPOA does not believe that the City will dispute that both parties operated under the assumption that this Standard Administrative Stay Order was the order that governed the DPOA Wage Claim.

3.      The Standard Administrative Stay Order Provides that the case affected by the bankruptcy stay: (1) is closed without prejudice; (2) that the administrative closure, "does not constitute a dismissal or adjudication on the merits"; and (3) that, "[w]hen the bankruptcy stay has been removed this case may be reopened on motion of any party." See **Exhibit 3**.

4.      Contrary to the City's statute of limitations argument, 11 U.S.C. § 108(c) does not bar the DPOA's Wage Claim. That section operates to bar a claim where, ". . . applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor . . ."

5.      Here, the City's Complaint was filed on April 15, 2013, the return of service filed on May 6, 2013, and the DPOA Answer was filed and served on July 11, 2013. City Objection, Exhibit 9.

6.     Under MCR 2.101(B), "a civil action is commenced by filing a complaint with a court." Furthermore, MCL 600.5856 provides that the statute of limitations is tolled when the complaint is filed, as long as the complaint is, as it was here, timely served.

7.     Here, the Complaint sought a finding that the portion of the Roumell Award that supports the DPOA Wage Claim was improper. The DPOA Answer sought enforcement of the Roumell Award through (a) dismissal of the Complaint and (b) entry of judgment in the DPOA's favor on the issues raised by the Complaint. **Exhibit 1**. It does not matter whether the operative date is the date the Complaint was filed (April 15, 2013) or the date the DPOA Answer was filed (July 11, 2013), as both were filed well within any applicable statute of limitations, and the running of the statute of limitations that governed the enforcement of the Roumell Award was tolled *prior* to the filing of the bankruptcy petition.

8.     In the absence of the dismissal of the Complaint or DPOA Answer, the statute of limitations remains tolled. *See, e.g., Federal Kemper Insurance Co. v. Isaacson*, 145 Mich. App. 179, 183 (1985) (Statute of limitations tolled during pendency of action and does not begin to run again until dismissal.)

9.     Furthermore, neither the Standard Administrative Stay Order (which was presumably signed and entered here), **Exhibit 3**, nor the Stay Modification Notice, Exhibit A, DPOA Amended Response [Doc. No. 13225, pp. 19-23], ". . .

fixes any time period . . . for continuing the action," 11 U.S.C. § 108(c), once the stay is lifted. There is, therefore, no operative time period that would render the DPOA Wage Claim untimely.

10.     Because: (a) any statute of limitations is tolled as to the Complaint and the DPOA Answer,  and (b) no time limit has been set for either party to move to reopen the case, pursuant to the Stay Modification Notice and the Standard Administrative Stay Order, the Wayne County case, which remains pending, "may be reopened on motion of either party." [3]

11.     In addition, even if, contrary to what is reflected by the docket, City Objection, Exhibit 9, no administrative stay order was ever signed and filed, the result here would be unchanged. Under applicable nonbankruptcy (Michigan) law, the matter would remain pending, no motion to reopen would be needed, and the statute of limitations would continue to be tolled. See *Alexander v. Trillium Hospital*, 2011 WL 6786012, *lv. den*., 491 Mich. 931 (2012) (Failure of court to enter administrative order closing case due to bankruptcy and parties' proceeding on mistaken assumption that order had been entered did not give rise to laches

---

[3] As indicated at the hearing, given the City's position that this Court should adjudicate the claim and the parties' agreement that the most likely remedy would be remand to the arbitration panel if the Court finds such adjudication necessary, the DPOA has no objection to the matter proceeding in this Court. The DPOA leaves it to this Court to decide whether, if it proceeds, the matter should go forward here or in the Wayne County Circuit Court.

defense for no progress where there was an eight year delay in setting a trial date).

12.     Furthermore, given the enforcement of the Roumell Award sought by the pending DPOA Answer and the fact that the Stay Modification Notice provides for "the action to proceed in the non-bankruptcy forum in which the . . . [DPOA Wage Claim] . . . was pending", Exhibit 1, Amended Answer [Doc. 13225, p. 22], any argument that the DPOA was required to file a separate, unfair labor practice claim to enforce the Roumell Award is baseless.  The City's reliance on Michigan Employment Relations Commission ("MERC") decisions where MERC applied its "repudiation" doctrine is misplaced.  MERC dismissed those unfair labor practice charges concluding there was no dispute over the terms of the parties' collective bargaining agreement.  Here the City's circuit court action sought to exclude portions of Roumell's Award from the parties' collective bargaining agreement. As was discussed on the record at the February 12, 2020 hearing, any filing with MERC would almost certainly be rejected in favor of the pending circuit court action, which, upon reopening, would most likely be remanded to the arbitration panel for disposition.

13.     In addition, even if the statute of limitations was not tolled by the pendency of the Complaint and DPOA Answer, given the nature of the dispute between the City and the DPOA, it would be subject to the six year statute of limitations governing contract actions involving the enforcement of arbitration

awards in Michigan, MCL 600.5807(9), not the six month statute of limitations set forth in MCL 423.216(a*). Rowry v. University of Michigan*, 441 Mich 1 (1992). See also *City of Ann Arbor v. AFSCME Local 369*, 284 Mich App 126 (2009).

### **RELIEF REQUESTED**

WHEREFORE, the DPOA respectfully requests that the Court (a) find that no statute of limitations or other time limit under 11 U.S.C. §108(c) bars the DPOA Wage Claim, (b) enter an order that denies the City's Objection to the DPOA's omnibus Wage Claim, and (c) grant such other relief as the Court deems proper.

Respectfully submitted by,

LAW OFFICE OF BARBARA A, PATEK, P.L.C.

By:   */s/ Barbara A. Patek*
        Barbara A. Patek (P34666)
        Co-Counsel for the DETROIT POLICE OFFICERS ASSOCIATION
        27 E. Flint St., Suite 2
        Lake Orion, MI  48362
        Telephone: (248) 814-9470
        Facsimile: (248) 814-8231
        E-mail:  pateklaw@gmail.com

and

By:   */s/ James Moore*
        James M. Moore, Esq. (P17929)
        Gregory Moore Jeakle & Brooks, P.C.
        65 Cadillac Square Ste. 3727
        Detroit, MI 48226
        (313) 964-5600

jim@unionlaw.net
Co-Counsel for the DETROIT POLICE
OFFICERS ASSOCIATION

DATED: February 26, 2020

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

Bankruptcy Case No. 13-53846

City of Detroit, Michigan,

Honorable Thomas J. Tucker

Chapter 9

Debtor.

_____/

## LIST OF EXHIBITS

Exhibit 1          DPOA Answer

Exhibit 2          Declaration of James M. Moore

Exhibit 2A         Document Retrieved (Misidentified as Administrative Order
                   Closing Case Due to Bankruptcy)

Exhibit 3          Form of SCAO Standard Administrative Order Closing Case
                   Due to Bankruptcy

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

                                               Bankruptcy Case No. 13-53846

City of Detroit, Michigan,              Honorable Thomas J. Tucker

                                               Chapter 9

        Debtor.

_____/

## CERTIFICATE OF SERVICE

    The undersigned certifies that on February 26, 2020, the Supplemental

Answer and Exhibits in Opposition to the City of Detroit's Objection to Claim

Number 1862 Filed by the DPOA Pursuant to Court Order [Doc. No. 13243] and

Certificate of Service were electronically filed with the Clerk of the Court for the

United States Bankruptcy Court, Eastern District of Michigan, Southern Division

using the CM/ECF System, which will send notification of such filing to all attorneys

and parties of record registered electronically.

                                  Respectfully submitted,

                                  LAW OFFICE OF BARBARA A, PATEK, P.L.C.

                                  By:  */s/ Barbara A. Patek*
                                          Barbara A. Patek (P34666)
                                          Co-Counsel for the DETROIT POLICE
                                          OFFICERS ASSOCIATION
                                          27 E. Flint St., Suite 2
                                          Lake Orion, MI  48362

2

Telephone: (248) 814-9470
Facsimile: (248) 814-8231
E-mail:  pateklaw@gmail.com

DATED:   February 26, 2020

# EXHIBIT 1

CITY OF DETROIT, *a*
*municipal corporation,*
        *Plaintiff,*

vs.

        Case No. 13-004974-CL
        Hon. Kathleen Macdonald

DETROIT POLICE OFFICERS
ASSOCIATION,
        *Defendant.*
                                    /

13-004974-CL
FILED IN MY OFFICE
WAYNE COUNTY CLERK
7/11/2013 2:25:53 PM
CATHY M. GARRETT

KALNIZ IORIO & FELDSTEIN
By:  Donato Iorio (P57423)
Attorneys for Defendant, Detroit Police Officers Association
5550 West Central Avenue
P.O. Box 352170
Toledo, Ohio 43635-2170
Telephone:  (419) 537-4825
Fax:  (419) 535-7732
labor@kiflaw.com
                                    /

## ANSWER TO COMPLAINT FOR
## JUDICAL REVIEW
## OF PART OF AN ACT 312 ARBITRATION AWARD

There is no other pending or resolved civil action arising out
of the transaction or occurrence alleged in Plaintiff's
Complaint.  Wayne County Circuit Court Case No. 12-
010859-CL, which is on appeal, is not a related case.  The
aforementioned case involved application of Act 312's *status
quo* provision in light of the suspension of Public Act 4.  The
allegations enumerated in Plaintiff's Complaint for Judicial
Review of Part of an Act 312 Arbitration Award are unrelated
and distinct from the legal issues enumerated in Case No. 12-
010859-CL.

                /s/ Donato Iorio

                Donato Iorio

    Now comes the Defendant Detroit Police Officers Association, by and through its

attorneys, the law offices of Kalniz, Iorio & Feldstein Co., L.P.A., and for its Answer to

Plaintiff's Complaint for Judicial Review of Part of an Act 312 Arbitration Award, Defendant Detroit Police Officers Association states the following:

**FIRST DEFENSE**

1.    The City of Detroit ("City") is a municipal corporation located within Wayne County, Michigan.

**ANSWER:** To the extent paragraph 1 of the Complaint is subject to an admission or denial, Defendant admits the City of Detroit is a municipal corporation located within Wayne County, Michigan.

2.    Prior to March 28, 2013, the effective date of 2012 P.A. 436, the City as a public employer was subject to the compulsory arbitration provisions of 1969 P.A. 312 ("Act 312"); MCL 423.231 *et seq.* as amended.

**ANSWER:** The Defendant denies the allegations found in paragraph 2 of the Complaint. Defendant admits that the City as a public employer was subject to the compulsory arbitration provisions of 1969 P.A. 312 ("Act 312"); MCL 423.231 *et seq.* as amended, before and after March 28, 2013, the effective date of 2012 P.A. 436.

3.    Effective March 28, 2013 the City was placed into receivership status under and pursuant to 2012 PA 436 ("P.A. 436").

**ANSWER:** The Defendant denies the allegations found in paragraph 3 of the Complaint for lack of knowledge or information sufficient to form a basis to determine the truth or falsity of the allegation.

4.    Pursuant to Act 436, Kevyn Orr has been appointed the Emergency Manager for the City.

2

**ANSWER:** The Defendant admits the allegations contained in paragraph 4 of the Complaint.

5.     Defendant, Detroit Police Officers Association ("DPOA"), is a voluntary association and a labor organization and a bargaining representative, as defined by MCL 423.2(g) and by MCL 423.201(a).     The DPOA is the sole and exclusive bargaining representative for a bargaining unit consisting of Detroit Police Officers below the rank of Investigator.     The DPOA maintains its offices at 1938 E. Jefferson, Detroit, Wayne County, Michigan.

**ANSWER:** The Defendant admits the allegations contained in paragraph 5 of the Complaint.

6.     Jurisdiction and venue are proper in the Wayne County Circuit Court pursuant to MCL 243.242 [sic], as the dispute in this case arises in Wayne County, Michigan.

**ANSWER:** Paragraph 6 of the Complaint contains a legal opinion/conclusion of law for which no response is required or necessary.

<u>FACTS</u>

7.     On or about June 22, 2012, the DPOA filed a Petition under Act 312 with the Michigan Employment Relations Commission ("MERC"), which Act 312 Petition was stayed/held in abeyance as a result of the 2011 P.A. 4 ("P.A. 4") (the predecessor statute to Act 436) and the suspension of the duty to bargain contained in PA 4.

**ANSWER:** The Defendant admits that on or about June 22, 2012, the DPOA filed a Petition under Act 312 with the Michigan Employment Relations Commission ("MERC"). The Defendant denies the allegation found in paragraph 7 of the Complaint that its Act 312 Petition

3

was stayed/held in abeyance as a result of the 2011 P.A. 4 ("P.A. 4") and/or suspension of the duty to bargain contained in PA 4 as set forth in the Complaint.

8.      On June 30, 2012, the Labor Contract between the City and the DPOA expired.

**ANSWER:**  The Defendant admits that on June 30, 2012 the labor contract between the City and the DPOA expired; answering further, the labor contract continued in full force and effect by virtue of DPOA filing its petition with MERC under Act 312 on or about June 22, 2012.

9.      On or about July 17, 2012 the City implemented the City Employment Terms which, *inter alia,* reduced the wage rates of Police Officers in the DPOA by ten percent (10%).

**ANSWER:**   The Defendant admits that the City implemented the City Employment Terms which, *inter alia,* reduced the wage rates of Police Officers in the DPOA by ten percent (10%); answering further, the 10% wage reduction was not implemented until sometime in August 2012.

10.     Upon suspension of PA 4 on or about August 3, 2012, MERC began to process the DPOA's Act 312 Petition.

**ANSWER:**   The Defendant denies the allegation in paragraph 10 of the Complaint. Answering further, MERC began processing DPOA's Act 312 Petition when it was filed on or about June 22, 2012.

11.     George Roumell was selected as the Chairman of the Act 312 Arbitration Panel.

4

**ANSWER:** The Defendant admits that George Roumell was selected as the Chairman of the Act 312 Arbitration Panel but notes that George Roumell was jointly selected by the parties as the Chairman of the Act 312 Arbitration Panel.

12.    Last best offers pursuant to Act 312 were exchanged between the parties concerning many issues, including wages.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 12 of the Complaint.

13.    The last best offer of the City concerning wages (issues 89A and B) provided that if the Arbitration Panel determined that there would be a two year collective bargaining agreement (July 1, 2012 to June 30, 2014), that there would be no wage increase (0%) from the wage rates in existence pursuant to the City Employment Terms implemented on or about July 17, 2012 for the entire two year term of the labor contract.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 13 of the Complaint.

14.    The last best offer of the DPOA in regard to wages (issue 89) provided that effective January 1, 2013 the 10% wage reduction implemented on or about July 17, 2012 would be restored for the remaining term of the two year labor contract.

**ANSWER:**    The Defendant denies the allegations contained in paragraph 14 of the Complaint.

15.    Pursuant to MCL 243.238 [sic] an arbitration panel shall adopt the last best offer of the settlement of one of the parties, which in the opinion of the arbitration panel more nearly complies with the applicable factors prescribed in MCL 243.239 [sic].

**ANSWER:** Paragraph 15 of the Complaint contains a legal opinion/conclusion of law for which a response is not required or necessary. To the extent that paragraph 15 calls for a response, the Defendant denies the allegations contained in paragraph 15 of the Complaint.

16.    On March 25, 2013, the Act 312 Arbitration Panel issued its Award. The Award and other documents referred to in its Complaint are in the possession of the DPOA.

**ANSWER:** The Defendant admits that the Act 312 Arbitration Panel issued its Award on March 25, 2013. Answering further, the Defendant admits that it is in possession of the March 25, 2013 Award. Answering further, Defendant denies the Complaint allegation in paragraph 16 that it is in possession of "other documents referred to in this Complaint are in the possession of the DPOA" because said allegation is too vague to formulate an answer.

17.    In its Award concerning wages the Arbitration Panel did not adopt the last best offer of either the DPOA or the City.

**ANSWER:** Paragraph 17 of the Complaint contains a legal opinion/conclusion of law for which a response is not required or necessary. To the extent that paragraph 17 calls for a response, the Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.    In its Award the Arbitration Panel ordered that effective January 1, 2014 there should be a 5% wage restoration.

6

**ANSWER:** The Defendant admits the allegations contained in paragraph 18 of the Complaint.

19.     Pursuant to MCL 423.242 this Court may review the orders of an Act 312 arbitration panel for the reasons that the panel was without or exceeded its jurisdiction and for reasons that the order of the arbitration panel was not supported by competent, material and substantial evidence on the whole record.

**ANSWER:** Paragraph 19 of the Complaint contains a legal opinion/conclusion of law for which no response is required or necessary.

## COUNT I

20.     The City incorporates paragraphs 1 - 19 of the Complaint herein.

**ANSWER:** The Defendant restates the responses contained in paragraphs 1-19 of its Answer and incorporates them herein as if fully rewritten.

21.     The Arbitration Panel failed to adopt either the last best offer of the City or the last best offer of the DPOA on the issue of wages.

**ANSWER:** The Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     The Arbitration Panel exceeded its jurisdiction and/or authority by failing to adopt either the last best offer of the City or the last best offer of the DPOA on the issue of wages.

**ANSWER:** The Defendant denies the allegations contained in paragraph 22 of the Complaint.

## COUNT II

7

23.     The City incorporates paragraphs 1-22 of the Complaint herein.

**ANSWER:** The Defendant restates the responses contained in paragraphs 1-22 of its Answer and incorporates them herein as if fully rewritten.

24.     As pled in Count I, the City maintains that the Arbitration Panel exceeded its jurisdiction and/or authority by failing to accept the last best offer of one of the parties. In the alternative, however, the Act 312 Award must additionally be vacated because the Arbitration Panel's order was not supported by competent, material or substantial evidence on the entire record in regard to the Award on the issue of wages.

**ANSWER:** The Defendant denies the allegations contained in paragraph 24 of the Complaint. Upon further explanation, Plaintiff waived any right to challenge the Award since it agreed to the process as a whole as well as to how the evidence was introduced. Moreover, to the extent offers were made they were discussed between the parties and delegates including offers made before the hearing began and after the hearing closed during post hearing conferences that took place before the rendering of the Award.

25.     The Arbitration Panel failed to accord the ability to pay factor the most significance as set forth in MCL 243.239 [sic] in rendering its award on wages.

**ANSWER:** The Defendant denies the allegations contained in paragraph 25 of the Complaint.

## AFFIRMATIVE DEFENSES

26.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

27.     The Defendant denies all allegations not expressly admitted to be true.

8

28.    To the extent that the Act 312 Arbitration Panel failed to comply with MCL §423.238 or §423.239, Plaintiff's Complaint and its request for relief is inappropriate. The Act 312 Award cannot be severed due to the *quid pro quo* that binds each issue in the Award to each and every other issue in the Award. The March 25, 2013 Award is a single "order" of which wages is one inextricable part. Nothing in MCL §423.231 *et al.* permits partial review of an Act 312 award.

29.    Plaintiff's Complaint must be dismissed because Plaintiff waived its rights and its Complaint is otherwise barred by the doctrines of laches, waiver, estoppel, unclean hands or any combination of the foregoing.

30.    Plaintiff's Complaint must be dismissed on the basis that: (1) the Award is consistent with MCL §423.238 and §423.239 *et al.*; (2) the Panel did not exceed its jurisdiction; and (3) the Panel's Award is supported by competent material and/or substantial evidence on the entire record in regard to the Award on the issue of wages.

31.    The City's Complaint is barred by the applicable statute of limitations.

32.    The City lacks standing to bring the foregoing Complaint as the City is not the real party in interest.

**WHEREFORE,** Defendant Detroit Police Officers Association requests that Plaintiff's Complaint be dismissed in its entirety with prejudice; that Plaintiff's demands for relief be denied; that judgment be entered for Defendant Detroit Police Officers Association, together with costs, reasonable attorney fees; and for further relief as is just and equitable.

**KALNIZ IORIO & FELDSTEIN CO., L.P.A**

By:  /s/ Donato Iorio
       Donato Iorio (P57423)

9

Attorneys for Defendant, Detroit Police Officers
Association
5550 West Central Avenue
P.O. Box 352170
Toledo, Ohio 43635-2170
Telephone: (419) 537-4825
Fax: (419) 535-7732
labor@kiflaw.com

**CITY OF DETROIT,** *a*
*municipal corporation,*
       **Plaintiff,**

vs.                             **Case No. 13-004974-CL**

**DETROIT POLICE OFFICERS**         **Hon. Judge Kathleen MacDonald**
**ASSOCIATION,**
       **Defendant.**

                                       13-004974-CL
                              FILED IN MY OFFICE
                       WAYNE COUNTY CLERK
**KALNIZ IORIO & FELDSTEIN**          7/11/2013 2:25:53 PM
By:  **Donato Iorio (P57423)**         CATHY M. GARRETT
**Attorneys for Defendant, Detroit Police Officers**
**Association**
**5550 West Central Avenue**
**P.O. Box 352170**
**Toledo, Ohio 43635-2170**
**Telephone:  (419) 537-4825**
**Fax:  (419) 535-7732**
labor@kiflaw.com

                      /

## <u>PROOF OF SERVICE</u>

NOW COMES Rebecca Richardson, legal assistant at the law firm of Kalniz, Iorio & Feldstein, and hereby certifies that a copy the Defendant Detroit Police Officers Association **ANSWER TO COMPLAINT FOR JUDICAL REVIEW OF PART OF AN ACT 312 ARBITRATION AWARD** was electronically served upon Malcolm D. Brown, Butzel Long, *Attorneys for City of Detroit*, 41000 Woodward Avenue, Stoneridge West, Bloomfield Hills, Michigan 48304.

                                  *Rebecca Richardson*
                                   Rebecca Richardson

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

       Debtor.

_____/

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

## DECLARATION OF JAMES M. MOORE

1. I am co-counsel for the Detroit Police Officers Association (DPOA) in this matter.
2. Pursuant to this Court's February 12, 2020 order [Doc. No. 13243], I directed my law clerk to retrieve copies of the DPOA Answer. I also asked that a copy of the August 21, 2013 document identified on the docket, City Objection, Exhibit 9, as, "Adm. Clsing Due to Bankrpty, Signed and Filed" be obtained.
3. The DPOA Answer is attached to the DPOA's Supplemental Answer as Exhibit 1.
4. Attached to this declaration as Exhibit 2A is the document for the August 21, 2013 docket entry that was provided by the Wayne County clerk's office in response to this request. That document appears to be page 1 of the City's bankruptcy petition.
5. We were unable to obtain a copy of any administrative order closing the case due to bankruptcy.

I declare, under penalty of perjury under the laws of the United States of America, that the forgoing is true and correct.

James M. Moore

Executed on February 26, 2020

# EXHIBIT 2A

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF MICHIGAN | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>City of Detroit, Michigan | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>38-6004606 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>2 Woodward Avenue<br>Suite 1126<br>Detroit, Michigan<br>ZIP CODE 48226 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Wayne | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☒ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>Municipality | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7<br>☒ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☒ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☒ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☒ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

# EXHIBIT 3

Approved, SCAO

| STATE OF MICHIGAN<br>_____ JUDICIAL DISTRICT<br>_____ JUDICIAL CIRCUIT | ORDER FOR<br>ADMINISTRATIVE CLOSING<br>DUE TO BANKRUPTCY STAY | CASE NO. |
|---|---|---|

Court address                                                            Court telephone no.

**NOTE: Do not use this form in domestic relations cases.**

| Plaintiff name(s) and address(es) | | Defendant name(s) and address(es) |
|---|---|---|
| | v | |
| Plaintiff(s) attorney, bar no., address, and telephone no. | | Defendant(s) attorney, bar no., address, and telephone no. |

This case has been stayed in bankruptcy.

| Bankruptcy petition no. | United States District Court |
|---|---|
| | |

**IT IS ORDERED:**

1. This case is closed for administrative purposes without prejudice.

2. This closing does not constitute a dismissal or a decision on the merits.

3. When the bankruptcy stay has been removed this case may be reopened on motion of any party.

_____
Date

_____
Judge                                           Bar no.