# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## CITY OF DETROIT'S RESPONSE BRIEF TO SUPPLEMENTAL ANSWER AND EXHIBITS IN OPPOSITION TO THE CITY OF DETROIT'S OBJECTION TO CLAIM NUMBER 1862 FILED BY THE DETROIT POLICE OFFICERS ASSOCIATION ("DPOA") PURSUANT TO COURT ORDER [DOC. NO 13243]

**I.  Introduction.**

In response to the Court's request for briefing on the statute of limitations issue, the Detroit Police Officers Association ("DPOA") incorrectly asserts that (1) the City of Detroit's ("City") complaint in state court (and the DPOA's answer) tolled any statute of limitations the DPOA may face and, if not, (2) the DPOA still has six years to pursue any claims it may have.  These arguments fail because the DPOA has taken no legally cognizable action to preserve any claims it may have had under the Roumell Award and the statute of limitations has run.

*First*, the City's complaint *started* the statute of limitations running; it did not *toll* it for the DPOA.  The City's complaint asserted that the wage increase portion of the arbitration award ("Roumell Award") was illegal and unenforceable, and thus the City repudiated it.  The DPOA needed to act within the applicable limitations period if it wished to contest this, but to date, the DPOA has only

answered the City's complaint and filed a proof of claim in the City's bankruptcy case. Neither act tolled the statute of limitations.

*Second*, Michigan law gave the DPOA approximately six months to file a complaint to preserve any rights it may have had under the Roumell Award, which the DPOA did not do. The DPOA asserts that it had up to six years to act, but even if the DPOA were correct on this point (which it is not), the DPOA still is outside the limitations period. The City's complaint, filed April 15, 2013, put the DPOA on notice that the City did not intend to pay the wage increase provided by the Roumell Award. To the extent there was any doubt about this, the City's intentions became clear when it did not implement the pay increase in January of 2014. Thus, well over six years ago, the DPOA knew that that the City believed that the pay increase provision of the Roumell Award was illegal and that the City did not intend to pay it. The DPOA cannot belatedly assert an action based on this wage increase over six years after the increase was repudiated.

## II. The DPOA took no action which would toll the statute of limitations.

As the City pointed out in its reply brief ("Reply," Doc. No. 13241), if the automatic stay prevents a claimant from filing an action against a debtor, the applicable statute of limitations is tolled until the stay is modified or terminated. 11 U.S.C. § 108(c); *Roberson v. Macnicol*, 698 F. App'x 248, 251 (6th Cir. 2017). After that, the claimant must begin prosecuting its claim by the end of the original

limitations period or within 30 days of receipt of notice that the stay has been modified or terminated, whichever is longer. *Id.* Thus, to the extent the DPOA believed it had any rights under the Roumell Award, the DPOA needed to timely file a complaint to assert them.

The DPOA never filed a complaint. All it did was answer the City's complaint—asserting no counterclaims—and file a proof of claim in the City's bankruptcy case, namely, claim 1862 which is the one at issue here. Neither of these acts preserves any claim the DPOA may have had.

A Michigan statute of limitations bars a party from commencing an action after its limitation period has expired. *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 912 (6th Cir. 1993) (discussing M.C.L. § 600.5805, which limits the bringing of actions for injuries to persons or properties); *compare* M.C.L. § 600.5805 *with* M.C.L. § 600.5807 (containing similar language regarding actions for breach of contract). The Sixth Circuit has held that filing a bankruptcy proof of claim does not qualify as filing a civil complaint and thus does not toll a Michigan statute of limitations. *Easley*, 990 F.2d at 912; *see also Linders v. MN Airlines, LLC*, No. 05-1489, 2006 WL 167611 at *2 (Bankr. E.D. Mo. Jan. 23, 2006). Thus, the mere filing of claim 1862 did not toll the applicable statute of limitations.

Likewise, the DPOA cites no case law that holds that merely answering a complaint, without asserting any counterclaims, qualifies as bringing an action for

- 3 -

35472518.4\022765-00213
13-53846-tjt    Doc 13257    Filed 03/11/20    Entered 03/11/20 18:28:35    Page 3 of 9

the purposes of tolling the Michigan statute of limitations. Thus, the DPOA has offered no legally cognizable basis for its position that the statute of limitations running against it has been tolled.

### III. The DPOA likely had approximately six months to enforce the Roumell Award. But, whether it had six months or six years, the time has passed.

#### A. Michigan law related to the Act 312[1] limitation period provided the DPOA with approximately six months to seek enforcement of the Roumell Award.

As the City notes in its Reply, to enforce the Roumell Award, the DPOA would have either filed an Unfair Labor Practice ("ULP") with the Michigan Employment Relations Commission ("MERC") or a complaint with the state court. The time for either action has long passed.

The DPOA could have filed a ULP with MERC, as provided under state law. *Lamphere Schs. v. Lamphere Fed'n of Teachers*, 400 Mich. 104, 117-188 (1977). The applicable limitations period is the six-month period prescribed in M.C.L. § 423.216(a) and MERC Administrative Rule 423.151(4). This limitation is jurisdictional. *City of Westland*, 1 MPER ¶ 19152, 1988 WL 1587996 (1988). Although the DPOA arguably was barred from filing such a proceeding while the automatic stay was in place, that barrier was removed when the City filed a stay modification notice on July 28, 2017. (Doc. No. 12160.) No one asserts that the

---

[1] 1969 P.A. 312, M.C.L § 423.231, as amended.

35472518.4\022765-00213
13-53846-tjt    Doc 13257    Filed 03/11/20    Entered 03/11/20 18:28:35    Page 4 of 9

DPOA took any action on purported claims under the Roumell Award within six months following this date; thus this process is now time barred.

Alternately, the DPOA could have filed a complaint with the state court seeking to enforce the Roumell Award. Act 312 does not provide an explicit statute of limitations for such actions. Nonetheless, Michigan state courts have uniformly held that, because Act 312 was enacted to provide for expeditious resolution of labor disputes, disputes under Act 312 must be brought promptly. *Detroit Fire Fighters Ass'n IAFF Local 344 v. City of Detroit,* 482 Mich. 18, 24 (2008) ("Act 312 is meant to provide an 'alternate, expeditious, effective, and binding' arbitration process." ) (quoting M.C.L. § 423.231). The City is not aware of any cases where the delays of a year or more have been allowed; to the contrary, cases have been dismissed even though they have been brought within six months of having accrued. For example, a Michigan court dismissed a counterclaim asserted by a municipality one year after an Act 312 arbitration award was issued, citing the "strong policy argument" in favor of "quick and binding resolution of all complaints." *Dearborn Fire Fighters Association v. City of Dearborn,* 78 Mich. App 59, 65-66 (1977). Likewise, even though "[n]o case specifically establishes a time period during which a party must file a direct appeal of an Act 312 award," a union's claim that was brought within five months of accrual was nonetheless held to be "untimely because its tardiness undermined the purposes of the Act."

*Command Officers Ass'n of Mich. v. Chart Twp. of Shelby*, No. 300999, 2012 WL 130499, at *2. Here, the DPOA was granted stay relief to enforce claim 1862 over two and a half years ago. (Doc. No. 12160.) The DPOA cites no case (and the City is not aware of any) that allowed a party to enforce an Act 312 arbitration award after such an extended period of time.

Thus, the time for using the normal Act 312 enforcement mechanisms has long expired.

> **B. Even if the DPOA is correct in asserting that it could avail itself of the six-year limitation period to file a breach of contract action, that time has also passed.**

Almost as an afterthought, the DPOA claims it has six years to file an action under Michigan's breach of contract limitation. "DPOA Brief" (Doc. No. 13247), ¶ 13. Even if this were true, which it is not,[2] an enforcement action by the DPOA would be untimely even under this generous standard.

Assume *arguendo* that the DPOA's assertion is correct. Section 108 of the Bankruptcy Code would permit the DPOA to commence its action against the City by the end of the six-year period or within 30 days of receipt of notice that the stay

---

[2] The cases cited by DPOA for this proposition—*Rowry v. Univ. of Mich.*, 441 Mich. 1 (1992) and *City of Ann Arbor v. AFSCME Local 369*, 284 Mich. App. 126 (2009)—address limitations periods with respect to arbitrations of grievances; neither case makes any reference to Act 312. Allowing a party six years to enforce an Act 312 action is directly contrary to the stated policy of "expeditious" resolution of Act 312 claims. *Detroit Fire Fighters Ass'n IAFF Local 344 v. City of Detroit,* 482 Mich. at 24; M.C.L. § 423.231.

has been modified or terminated, whichever is longer. 11 U.S.C. § 108(c). The City filed its stay modification notice on July 28, 2017, meaning that the 30-day period under section 108(c) expired years ago. (Doc. No. 12160.) And, the six-year period expired no later than January of 2020, as discussed below.

The Sixth Circuit examined this question, and, quoting the Michigan Supreme Court, found that a breach of contract claim accrues at the time that the asserted breach occurred. *Garden City Osteopathic Hosp. v. HBR Corp.*, 55 F.3d 1126, 1133 (6th Cir. 1995) (quoting *Huhtala v. Travelers Ins. Co.*, 401 Mich. 118, 131 (1977)); *see also R.D. McIntosh Land Dev., LLC v. Kundinger*, No. 300166, 2012 WL 104771 (seeking to identify, for limitations purposes, "the date on which the alleged breach first occurred, i.e., the date on which a contract cause of action accrued."). Under Michigan law, if a party expressly repudiates a contract, the breach occurs (and the statute of limitations begins to run) upon the date of that repudiation. *Ritchie v. Williams*, 395 F.3d 283, 290 (6th Cir. 2005).

Here, the City filed its complaint on April 15, 2013, over six years ago. *See* Objection, Doc. No. 13152, Ex. 6. The DPOA was thus on notice as of that date that the City had repudiated the Roumell Award as being illegal, and thus the statute of limitations began running then. *Ritchie*, 395 F.3d at 290. To the extent there were any doubts as to the City's repudiation, the City's failure to pay the wage increase in January of 2020 resolved them. Again, this was over six years

- 7 -
35472518.4\022765-00213
13-53846-tjt    Doc 13257    Filed 03/11/20    Entered 03/11/20 18:28:35    Page 7 of 9

ago. Thus, even if the DPOA's offhand comment were true and it could avail itself of a six-year statute of limitations, that time has also expired.

## IV. Conclusion

Under any conceivable statute of limitations argument, the time for the DPOA to prosecute its alleged claim under the Roumell Award has lapsed. For this reason, the Court should expunge the DPOA's claim number 1862.

Dated: March 11, 2020  Respectfully submitted,

By: /s/ Marc N. Swanson
Jonathan S. Green (P33140)
Marc N. Swanson (P71149)
Ronald A. Spinner (P73198)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 963-6420
Facsimile: (313) 496-8451
green@millercanfield.com
swansonm@millercanfield.com

and

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313)-237-0470
Facsimile: (313) 224-5505
raimic@detroitmi.gov

ATTORNEYS FOR THE CITY OF DETROIT

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>            Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 11, 2020, he filed the foregoing *City of Detroit's Response Brief to Supplemental Answer and Exhibits In Opposition To the City of Detroit's Objection to Claim Number 1862 Filed by the Detroit Police Officers Association ("DPOA") Pursuant to Court Order [Doc. No 13243]*, using the Court's electronic filing system, which sends notice of the filing to all ECF participants registered to receive notice in this case.

                                            By: /s/ Marc N. Swanson
                                                  Marc N. Swanson (P71149)
                                                  150 West Jefferson, Suite 2500
                                                  Detroit, Michigan 48226
                                                  Telephone: (313) 496-7591
                                                  Telephone: (313) 496-7829
                                                  Facsimile: (313) 496-8451
                                                  swansonm@millercanfield.com

March 11, 2020