# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## CITY OF DETROIT'S (I) REPLY IN SUPPORT OF ITS OBJECTION TO CLAIM NUMBER 799 FILED BY DARRYL CAIN AND (II) RESPONSE TO MOTION TO STAY

Mr. Darryl Cain files two responses to the City's objection ("Objection," Doc. No. 13248): a direct response, *Cain's Objection to City of Detroit's Objection to Claim 799* ("Cain Response, Doc. No. 13249),[1] and a motion to stay the proceedings on the Objection, *Motion for Stay Pending District Court Proceedings*, ("Cain Motion," Doc. No. 13251).[2] These papers assert a number of arguments, none of which are grounds for denying the Objection.

But first, to ensure the matter is clear—the City believes that Mr. Cain's claim number 799 ("Claim") should be allowed to the extent (if any) permitted by

---

[1] The Court notified Cain of deficiencies in connection with the filing of the Cain Response. (*See* Doc. Nos. 13250, 13254.)

[2] The Court notified Cain of deficiencies in connection with the filing of the Cain Motion. (*See* Doc. Nos. 13252, 13253, 13255, 13256.) Among the defects are the lack of a notice discussing when responses are due and perhaps an *ex parte* motion to shorten notice and response times so that the Cain Motion might be heard prior to the Objection hearing, as opposed to afterward. Although likely procedurally improper, out of an abundance of caution, the City treats the Cain Motion as though it might be heard at the same hearing as the one set for the Objection.

the District Court (defined below). After the Claim is liquidated and set to the amount determined by the District Court, it is then subject to Mr. Cain's convenience class election, which will cap the amount at $25,000 prior to payment under the City's plan.

I. **The Cain Response Provides No Evidence to Support Mr. Cain's Claims and, in Fact, Shows That Mr. Cain Received Appropriate Notice of the Plan Ballot and What His Vote Meant.**

Mr. Cain's first objection is that his Claim should not be reduced because he does not believe the City has offered a valid basis for doing so. This response misapprehends the nature of the City's Objection. The City does not seek to reduce the amount of the Claim through the Objection. Instead, the City will abide by whatever liquidated amount is determined in civil case number 13-10525 ("<u>District Court Case</u>"), currently pending in the District Court for the Eastern District of Michigan ("<u>District Court</u>"). After the Claim is liquidated there, if the amount exceeds $25,000, it will be reduced by Mr. Cain's convenience class election. Indeed, the City provided Mr. Cain a reminder of his convenience class election last year. (Doc. No. 13164.) That election is not at issue here, although as discussed below, Mr. Cain tries to make it so.

Mr. Cain asserts a number of incorrect objections to his own convenience class election (and his ballot regarding the plan in general), most of which apparently seek to invalidate his ballot. Although he admits receiving the plan

solicitation package (Cain Response, ¶ 2(a)), he states he was unable to access the CD ROM containing the plan (Cain Response, ¶ 2(b)) and thus returned a ballot without any boxes checked (Cain Response, ¶ 2(c)). He appears to believe that this statement means that his ballot is invalid (and thus, presumably—although he does not say this outright—he believes his convenience class election can and should be invalidated). Each of these objections fails.

To start, the City received Mr. Cain's ballot in July of 2014. Ballot, **Exhibit 1**. The Ballot is properly filled out and executed, and is marked both as supporting the City's plan and as requesting treatment of the Claim as a convenience class claim. To the best of the City's knowledge, it is the only ballot received from Mr. Cain, and thus, though it confirms his statement that he returned his Ballot, it contradicts his statement that he checked no boxes on it. Indeed, there is no indication of any kind on the Ballot that Mr. Cain felt any qualms about returning his Ballot as marked.

This is important because this Court's orders allow the City to rely on the solicitation procedures used and the ballots returned as a result. *See generally*, *Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* ("Procedures Order," Doc. No. 2984). In particular, the Procedures Order states that

> The Convenience Class Elections, COP Settlement Elections and Distribution Elections (collectively, the "Elections") made on the Ballots **will be deemed irrevocable and legally binding obligations of the electing creditors**, each Beneficial Holder, or each Insurer as applicable, upon the execution of the Ballots and confirmation of the Plan.

Procedures Order, ¶ 7(h) (emphasis added). Thus, Mr. Cain's election is "irrevocable and legally binding."

In fact, Mr. Cain's admission that he received his solicitation package verifies that he received proper notice of the plan and what the Ballot (and its convenience class election) meant. This is corroborated by the certificate of service filed in connection with the solicitation. Certificate of Service ("CoS," Doc. No. 6177), Exhibit F, p. 5 of 36 (Doc. No. 6177, p. 22 of 1828) (showing service of the solicitation package on Mr. Cain). As noted by the CoS, the solicitation package included a cover letter that instructed recipients on how they could obtain hard copies of the plan and related materials if they were unable to access the CD ROM.[3] CoS, ¶ 9(b) (noting cover letter), ¶ 17 (describing service on Mr. Cain and others). Apparently, Mr. Cain never made such a request even though it was clearly explained that this option was available to creditors.

---

[3] A copy of the cover letter is attached for the Court's convenience as **Exhibit 2**. It stated that plan and disclosure statement materials could be requested by phone, email, or by paper mail.

- 4 -

35496368.3\022765-00213
13-53846-tjt    Doc 13258    Filed 03/13/20    Entered 03/13/20 14:29:39    Page 4 of 14

Mr. Cain next asserts that the City's Objection is based on his Claim being unmatured or contingent. Suffice to say that this is not the basis for the Objection. The Claim will be valued at whatever amount the District Court allows (if any), then reduced if needed in accord with Mr. Cain's convenience claim election.

Finally, Mr. Cain asks to attend the hearing on the Objection. That is up to the Court, not the City, but the City notes that prisoners are not routinely allowed to attend bankruptcy hearings as a matter of right. *In re Associated Cmty. Svcs.*, No. 14-44095-PJS, 2017 WL 7691740 at *2 (Bankr. E.D. Mich. Mar. 23, 2017) (citing *Cuckovich v. United States*, 170 F.2d 89, 90 (6th Cir. 1948)). Attendance is permitted "only in those cases where the prisoner's physical presence will contribute significantly to a fair adjudication of his claim." *Id.* (quoting *Holt v. Pitts*, 619 F.2d 558, 561 (6th Cir.1980)). It is not clear that a bankruptcy court can order that a prisoner be brought to a hearing; rather, where a bankruptcy court believes a prisoner's attendance is appropriate, it may issue the request as a recommendation to the district court. *See generally id.*

Here, though, Mr. Cain's attendance offers no obvious benefit. The main issue Mr. Cain seems to care about is his convenience class election. The City has not raised that as part of its Objection and Mr. Cain has provided no evidence to show that such a challenge is warranted. As for the merits of the Claim itself, the City has agreed to its liquidation in the District Court, subject to the convenience

class election. (Stay Modification Notice, Doc. No. 5641.) Because the merits of Mr. Cain's Claim are thus not at issue, his presence does not appear necessary.

For these reasons, the City's Objection should be upheld.

## II. The Cain Motion Seeking a Stay Should Be Denied.

The Cain Motion seeks a stay because Mr. Cain is under the misapprehension that the merits of his Claim are to be argued at the hearing on the Objection. As explained above, they are not.

Mr. Cain also apparently wishes to make the hearing about his convenience class election, but has not moved the Court for the relief necessary to do so[4] or provided any evidence that would support such a motion if he had filed one. Thus, there is no need to stay the hearing on the Objection and the Cain Motion should be denied. As for Mr. Cain's request in the Cain Motion to attend the hearing, the City has already addressed this issue.

## III. Conclusion.

For the reasons asserted above, the City's Objection should be sustained and the Cain Motion should be denied.

---

[4] It would appear, at a minimum, that Mr. Cain would need to move for—and obtain—relief from the Procedure Order (and likely others) to challenge his Ballot.

- 6 -
35496368.3\022765-00213
13-53846-tjt    Doc 13258    Filed 03/13/20    Entered 03/13/20 14:29:39    Page 6 of 14

Dated: March 13, 2020  Respectfully submitted,

        By: <u>/s/ Ronald A. Spinner</u>
            Jonathan S. Green (P33140)
            Marc N. Swanson (P71149)
            Ronald A. Spinner (P73198)
            MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
            150 West Jefferson, Suite 2500
            Detroit, Michigan 48226
            Telephone: (313) 963-6420
            Facsimile: (313) 496-8451
            spinner@millercanfield.com

            and

            Charles N. Raimi (P29746)
            Deputy Corporation Counsel
            City of Detroit Law Department
            2 Woodward Avenue, Suite 500
            Coleman A. Young Municipal Center
            Detroit, Michigan 48226
            Telephone: (313)-237-0470
            Facsimile: (313) 224-5505
            raimic@detroitmi.gov

        ATTORNEYS FOR THE CITY OF DETROIT

# EXHIBIT 1

# Ballot returned by Mr. Cain

**PLEASE READ THE VOTING INFORMATION AND
INSTRUCTIONS ATTACHED BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, AND 3 BELOW. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.

IF BOTH BOXES ARE, OR NEITHER BOX IS, CHECKED IN ITEM 2, THIS BALLOT WILL COUNT AS ONE NOT ELECTING CONVENIENCE CLAIM TREATMENT FOR YOUR CLASS 14 OTHER UNSECURED CLAIM.

IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, the Other Unsecured Claim Holder in Class 14 as of April 14, 2014 against the City of Detroit, Michigan, votes to (check one box):

[✓] ACCEPT the Plan.            [ ] REJECT the Plan.

If you vote to accept the Plan, you are voting to approve certain cancellation, discharge, exculpation, expungement, injunction and release provisions contained in the Plan. Such provisions include, but are not limited to, the provisions contained in Article III.D, Article IV.J, Article IV.K and Article V.C of the Plan. Such provisions may affect your rights and interests regarding certain nondebtor parties.

Creditor Name: _____Cain, Darryl_____   Amount of Claim: $51,320,000.00

**Item 2. Convenience Class Election.** The undersigned, the Other Unsecured Claim Holder in Class 14 as of April 14, 2014 against the City of Detroit, Michigan, elects to (check one box):

[✓] Treat the undersigned's Other Unsecured Claim as a Class 15 Convenience Claim under the Plan.

[ ] Not Treat the undersigned's Other Unsecured Claim as a Class 15 Convenience Claim under the Plan.

If you elect to treat your Class 14 Other Unsecured Claim as a Class 15 Convenience Claim, your vote to accept or reject the Plan in this Ballot will count as a vote for Class 15 tabulation purposes and your vote will not count for Class 14 tabulation purposes.

Convenience Claim elections are subject to the terms contained in the Plan. This Convenience Claim Election will be deemed irrevocable and legally binding on you upon (i) execution of this election on the Ballot and (ii) confirmation of the Plan. Class 15 Convenience Claims will be paid in accordance with the Plan terms.

Creditor Name: _____Cain, Darryl_____   Claim Amount: $51,320,000.00

PLEASE CONTINUE TO ITEM 3 ON THE NEXT PAGE

RECEIVED
JUL 14 2014
NORTHRIDGEONCONSULTANTS

07-14-14P04:35 RCVD

**Item 3. Certifications.** By signing this Ballot, the undersigned certifies that he, she or it:

    i.    is the Holder of one or more Other Unsecured Claims in Class 14 to which this Ballot pertains, or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan and make the elections applicable to such Claims;

    ii.    received a copy of the solicitation package consisting of: (a) a notice regarding the time and place of a hearing to consider confirmation of the Plan, (b) a CD-ROM including the Plan, Disclosure Statement and the exhibits thereto, (c) a Ballot and a ballot return envelope, (d) a copy of certain rules governing the tabulation of ballots, (e) a copy of the Notice of Voting Dispute Resolution Procedures approved by the Solicitation Procedures Order and (f) a cover letter;

    iii.    has not submitted any other Ballots for Class 14 that are inconsistent with the vote to accept or reject the Plan set forth in this Ballot, or if such other ballots were previously submitted, they have been revoked or changed to reflect the vote of this Ballot; and

    iv.    understands that a vote to accept the Plan is a vote to accept certain cancellation, discharge, exculpation, expungement, injunction and release provisions contained in the Plan.

Cain, Darryl
_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

*/s/ Darryl Cain*
_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

Oaks Correctional Facility
1500 Caberfae Hwy
Manistee, MI 49660-9200
_____
Address

(231) 723-8272
_____
Telephone Number

July 7, 2014
_____
Date Completed

_____
Email address

# EXHIBIT 2

## Solicitation package cover letter



# EMERGENCY MANAGER
# CITY OF DETROIT

May 5, 2014

**To the Holders of Claims in Classes 1A, 5, 7, 8, 9, 13, 14 and 15 under the *Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* that are entitled to vote on the Plan:**

As a holder of a claim against the City of Detroit (the "City"), you have an opportunity to vote on the City's plan to adjust its debts. The City is soliciting your acceptance of the *Fourth Amended Plan for the Adjustment of Debts of the City of Detroit (May 5, 2014)* (as it may be amended, modified or supplemented, the "Plan"). Accordingly, please find enclosed the following materials:

(a) a notice that, among other things, contains information regarding the hearing to consider confirmation of the Plan, to be held before the United States Bankruptcy Court for the Eastern District of Michigan (the "Bankruptcy Court");

(b) a CD-ROM containing:

(1) the Plan itself and all exhibits thereto that have been filed with the Bankruptcy Court to date; and

(2) the related *Fourth Amended Disclosure Statement with Respect to Fourth Amended Plan for the Adjustment of Debts of the City of Detroit* (as it may be amended, modified or supplemented, the "Disclosure Statement"), which was approved by the Bankruptcy Court pursuant to an order dated May 5, 2014 and all exhibits thereto that have been filed with the Bankruptcy Court to date;

(c) a ballot for voting on the Plan and a ballot return envelope;

(d) a copy of certain rules that govern how your vote on the Plan will be tabulated, which rules were approved by the Court by order entered on March 11, 2014 (Docket No. 2984) (the "Solicitation Procedures Order"); and

(e) a copy of the "Notice of Voting Dispute Resolution Procedures" approved by the Solicitation Procedures Order, with relevant dates changed, consistent with the Court's *Fourth Amended Order Establishing Procedures, Deadlines and Hearing Dates Relating to the Debtor's Plan of Adjustment*.

THE CITY BELIEVES THAT THE PLAN IS IN THE BEST INTERESTS OF CREDITORS AND PROVIDES THE BEST POSSIBLE RECOVERY FOR CREDITORS UNDER THE CIRCUMSTANCES. AS SUCH, THE CITY ENCOURAGES ALL CREDITORS **TO VOTE IN FAVOR OF THE PLAN** BY RETURNING BALLOT(S) IN ACCORDANCE WITH THE BALLOT INSTRUCTIONS.

For further information concerning the Plan and your rights, you are encouraged to carefully read the Disclosure Statement, the Plan and all other materials included with this letter. You also should read the instructions attached to the enclosed ballot(s) for information regarding the proper completion and submission of the ballot(s).

If you have any questions on how to properly complete the ballot(s), please contact Kurtzman Carson Consultants LLC (the "Balloting Agent") at (877) 298-6236 or via email at detroitinfo@kccllc.com. Please note, however, that the Balloting Agent cannot provide you with legal advice. In addition, copies of the Disclosure Statement, the Plan and all other relevant documents are available at no charge via the internet at http://www.kccllc.net/detroit. Copies of the Disclosure Statement (including any exhibits thereto that have been filed with the Bankruptcy Court) and the Plan (including any exhibits thereto that have been filed with the Bankruptcy Court) are also available upon a request made to the Balloting Agent via telephone at (877) 298-6236, via email at detroitinfo@kccllc.com or via mail at Detroit Ballot Processing c/o Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, CA 90245.

PLEASE NOTE THAT, IN ORDER FOR YOUR VOTE TO BE COUNTED, YOUR BALLOT(S) MUST BE PROPERLY COMPLETED, EXECUTED AND RETURNED IN ACCORDANCE WITH THE BALLOT INSTRUCTIONS PROVIDED SO THAT THE BALLOTING AGENT ACTUALLY RECEIVES YOUR BALLOT BY **5:00 P.M. EASTERN TIME ON JULY 11, 2014**. WE URGE YOU TO READ THE BALLOT INSTRUCTIONS CAREFULLY BEFORE VOTING.

Sincerely,

Kevyn D. Orr
Emergency Manager
City of Detroit


Enclosures

# CERTIFICATE OF SERVICE

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>City of Detroit, Michigan,<br><br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 13, 2020, he caused a copy of the *City of Detroit's (I) Reply in Support of Its Objection to Claim Number 799 Filed by Darryl Cain and (II) Response to Motion to Stay* to be served upon all parties registered for ECF service and by first class mail to the Darryl Cain at the following addresses:

| | |
|---|---|
| Darryl Cain<br>E.C. Brooks Correctional Facility<br>2500 S. Sheridan Drive<br>Muskegon, MI 49444 | Darryl Cain<br>351791<br>Carson City Correctional Facility<br>10274 Boyer Road<br>Carson City, MI 48811 |

DATED: March 13, 2020

By: /s/ Ronald A. Spinner
Ronald A. Spinner
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7829
Facsimile: (313) 496-8451
spinner@millercanfield.com