# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

### CERTIFICATION OF NO RESPONSE OR OBJECTION REGARDING DEBTOR'S SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SCHEDULED FOR GE GOVERNMENT FINANCE, INC. (f/k/a GE CAPITAL PUBLIC FINANCE, INC.)

**(Claims have been satisfied)**

On January 21, 2020, the City of Detroit ("City") filed *Debtor's Sixty-Seventh Omnibus Objection to Claims Scheduled for GE Government Finance, Inc. (f/k/a GE Capital Public Finance, Inc.) (Claims have been satisfied)* ("67th Omnibus Objection") [Doc. No. 13234]. The 67th Omnibus Objection was served on scheduled claimant GE Government Finance, Inc. ("GE Govt") as identified in Exhibit 6 of the 67th Omnibus Objection. The 67th Omnibus Objection was served in accord with Bankruptcy Rule 2002 to the addresses identified by searching (1) the Corporations Online Filing System of Michigan's Department of Licensing and Regulatory Affairs and (2) the Delaware Secretary of State, Division of Corporations – Filing websites (as shown in Exhibit 4 of the 67th Omnibus Objection). *See Certificate of Service*, Exhibit A.

On February 11, 2020, counsel for the City received a courtesy email from internal counsel to GE Govt, agreeing that the proposed order expunging GE Govt's claims was proper and confirming that GE Govt would not be filing any objections to the 67th Omnibus Objection.

No responses to the 67th Omnibus Objection have been filed with the Court and the time to do so has passed. The City respectfully requests that the Court enter an order in substantially the same form as the one which was attached to the 67th Omnibus Objection. *See Proposed Order* Exhibit B.

Respectfully submitted,

By: /s/ Ronald A. Spinner
    Jonathan S. Green (P33140)
    Marc N. Swanson (P71149)
    Ronald A. Spinner (P73198)
    MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7829
    Facsimile: (313) 496-8451
    spinner@millercanfield.com

and

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313) 237-5037
Facsimile: (313) 224-5505
raimic@detroitmi.gov

Attorneys for the City of Detroit

DATED: March 13, 2020

# Exhibit A

# EXHIBIT 3: CERTIFICATE OF SERVICE

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 21, 2020, he electronically filed the foregoing *Debtor's Sixty-Seventh Omnibus Objection to Claims Scheduled for GE Government Finance, Inc. (f/k/a GE Capital Public Finance, Inc.)* ("Objection") with the Clerk of the Court which will provide notice of the filing to all ECF participants registered in this case. A copy of the Objection was also served upon the following, via first class mail, on the same date:

GE Government Finance, Inc.
f/k/a GE Capital Public Finance, Inc.
Div. of Transport Int'l
51300 N I94
Belleville, MI 48111-2268
Attn: Municipal Derivatives

The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801
Attn: GE Government Finance, Inc.
Municipal Derivatives

The Corporation Trust Company
40600 Ann Arbor Rd E, Ste 201
Plymouth, MI 48170
Attn: GE Government Finance, Inc.
Municipal Derivatives

By: /s/ Marc N. Swanson
Marc N. Swanson
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
swansonm@millercanfield.com

Dated: January 21, 2020

# Exhibit B

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

## ORDER SUSTAINING DEBTOR'S SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SCHEDULED FOR GE GOVERNMENT FINANCE, INC. (f/k/a GE CAPITAL PUBLIC FINANCE, INC.)

Upon review of the *Debtor's Sixty-Seventh Omnibus Objection to Claims Scheduled for GE Government Finance, Inc. (f/k/a GE Capital Public Finance, Inc.)* ("Objection"),[1] seeking entry of an order disallowing and expunging two claims listed on Schedule A of the *Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code* ("List of Creditors," Doc. No. 1059) in favor of GE Government Finance, Inc., f/k/a/ GE Capital Public Finance, Inc.; and it appearing that this Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and the Court finding that this is a core proceeding under 28 U.S.C. § 157(b)(2); and the Court finding that venue of this proceeding and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Objection is in the best interests of the City and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and it

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

appearing that no other or further notice of the Objection need be given; and any objections or other responses to the Objection having been overruled or withdrawn; and the Court finding that the legal and factual bases set forth in the Objection and at the hearing establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1. The Objection is sustained.

2. The Police Generator Claim and the DDOT Bus Claim (collectively, the "Claims") are each disallowed and expunged in their entirety under section 502(b) of the Bankruptcy Code. The Claims are removed from Schedule A.

3. The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4. The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5. Each Claim and the City's objections to each Claim as addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed and constitutes a separate order with respect to each Claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to each Claim, and

the Court expressly determines that there is no just reason for delay of the entry of the final judgment with respect to each Claim.  Any stay of this Order will apply only to the contested matter that involves the Claim for which the stay has been granted or may be in effect, and will not act to stay the applicability or the finality of this Order with respect to the other contested matter affected by this Order, and further provided that the City will have the right, but not the need, to submit a separate order with respect to contested matters or Claims.

6. The City retains all of its rights to object, on the merits or any other basis, to either of the Claims.

7. Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

8. Nothing in this Order is intended to, constitutes, or may be deemed to constitute the City's consent, pursuant to section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City, or (c) the City's use or enjoyment of any income producing property.