| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**ORDER SUSTAINING DEBTOR'S SIXTY-SEVENTH OMNIBUS OBJECTION TO CLAIMS SCHEDULED FOR GE GOVERNMENT FINANCE, INC. (f/k/a GE CAPITAL PUBLIC FINANCE, INC.)**

This case is before the Court on the *Debtor's Sixty-Seventh Omnibus Objection to Claims Scheduled for GE Government Finance, Inc. (f/k/a GE Capital Public Finance, Inc.)* (Docket # 13234, the "Objection"),[1] seeking entry of an order disallowing and expunging two claims listed on Schedule A of the *Second Amended List of Creditors and Claims, Pursuant to Sections 924 and 925 of the Bankruptcy Code* ("List of Creditors," Docket # 1059) in favor of GE Government Finance, Inc., f/k/a/ GE Capital Public Finance, Inc. This Court has jurisdiction over the Objection under 28 U.S.C. §§ 157 and 1334 and Article VII of the Plan; and this is a core proceeding under 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Objection in this District is proper under 28 U.S.C. §§ 1408 and 1409; and the relief requested in the Objection is in the best interests of the City and its creditors; and due and proper notice of the Objection having been given as provided in the Objection; and no other or further notice of the Objection

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

need be given; and no timely response to the Objection having been filed; and the Court finding that the legal and factual bases set forth in the Objection establish just cause for the relief granted; and after due deliberation and good and sufficient cause appearing therefore;

IT IS ORDERED that:

1. The Objection is sustained.

2. The Police Generator Claim and the DDOT Bus Claim (collectively, the "Claims") are each disallowed and expunged in their entirety under section 502(b) of the Bankruptcy Code. The Claims are removed from Schedule A.

3. The City's claims agent is authorized to update the claims register to reflect the relief granted in this Order.

4. The City is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Objection.

5. Each Claim and the City's objections to each Claim as addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed and constitutes a separate order with respect to each Claim and, to the extent necessary under Bankruptcy Rules 7054 and 9014, constitutes a final judgment with respect to each Claim, and the Court expressly determines that there is no just reason for delay of the entry of the

final judgment with respect to each Claim. Any stay of this Order will apply only to the contested matter that involves the Claim for which the stay has been granted or may be in effect, and will not act to stay the applicability or the finality of this Order with respect to the other contested matter affected by this Order, and further provided that the City will have the right, but not the need, to submit a separate order with respect to contested matters or Claims.

6. The City retains all of its rights to object, on the merits or any other basis, to either of the Claims.

7. Notice of the Objection as provided therein is good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a) and the local rules of the Court are satisfied by such notice.

8. Nothing in this Order is intended to, constitutes, or may be deemed to constitute the City's consent, under section 904 of the Bankruptcy Code, to this Court's interference with (a) any of the political or governmental powers of the City, (b) any of the property or revenues of the City, or (c) the City's use or enjoyment of any income producing property.

**Signed on March 13, 2020**



/s/ Thomas J. Tucker
**Thomas J. Tucker
United States Bankruptcy Judge**