UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

# CITY OF DETROIT'S OBJECTION TO DARYL CAIN'S MOTION CHALLENGING THE TREATMENT OF THE CLAIM AS A CLASS 15 CONVENIENCE CLAIM

The City of Detroit ("City") files this objection to Daryl Cain's Motion Challenging the Treatment of the Claim as a Class 15 Convenience Claim [Doc. No. 13278] ("Motion"). In support of this Objection, the City states as follows:

## INTRODUCTION

The Motion should be denied. The first seven paragraphs of the Motion are untimely objections to the City's confirmed plan of adjustment. Cain's remaining argument – that the City "forged" his ballot – is false and not supported by any evidence. In short, the Motion provides no basis for reversing Cain's binding and irrevocable election of Class 15 treatment under the City's confirmed plan of adjustment.

## BACKGROUND

1. On February 8, 2013, Cain ("Cain") filed a prisoner civil rights complaint in the District Court for the Eastern District of Michigan ("District

Court") against Frank Carroll, a City of Detroit police officer, creating Case Number 13-10525 ("District Court Case") in the District Court.

2. On or about February 10, 2014, Cain filed claim number 799 ("Claim 799," attached as **Exhibit 1**) in the City's bankruptcy case asserting a claim of more than $50,000,000 against the city.

3. On February 28, 2014, the City filed its *Motion of the City of Detroit for Entry of an Order (I) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject Plan of Adjustment and (II) Approving Notice Procedures Related to Confirmation of the Plan of Adjustment* ("Solicitation Procedures Motion," Doc. No. 2789), which this Court approved by an order entered March 11, 2014 ("Solicitation Procedures Order," Doc. No. 2984).

4. Paragraph 7(e) of the Solicitation Procedures Order states

> Each holder of a Class [14] Other Unsecured Claim is permitted to elect to reduce its claim to $25,000 in the aggregate and obtain treatment of such reduced claim as a Class [15] Convenience Claim (the "Convenience Class Election"). The City is hereby authorized to use the Class [14] Ballots as the mechanism for Class [14] creditors to make the Convenience Class Election.

Solicitation Procedures Order, ¶ 7(e).[1]

---

[1] When the Solicitation Procedures Motion was filed, Other Unsecured Claims were to be placed in Class 13 in the City's then-current plan of adjustment. A new class was later added, placing these claims in Class 14 in the Plan (defined below).

5.  Footnote 1 on page 1 of the Solicitation Procedures Order stated that capitalized terms used in, but not defined by, the Solicitation Procedures Order have the meanings assigned to them in the Solicitation Procedures Motion.

6.  Paragraph 22 of the Solicitation Procedures Motion defined "Convenience Class Election" as a creditor's election to reduce his or her claim to $25,000 and treat it as a "Class [15] Convenience Claim," citing Article I, Part A, Paragraph 44 of the then-current form of the City's proposed plan of adjustment.[2]

7.  The Solicitation Procedures Order stated that, once a creditor made a Convenience Class Election, the election was binding and irrevocable. Solicitation Procedures Order, ¶ 7(h) ("The Convenience Class Elections…made on the Ballots will be deemed irrevocable and legally binding obligations of the electing creditors…upon execution of the Ballots and confirmation of the Plan.").

8.  On June 27, 2014, the City filed a Stay Modification Notice allowing Cain to liquidate his claim in the District Court. ("<u>Stay Mod Notice</u>," Doc. No. 5641.)

---

[2] The corresponding paragraph in the confirmed Plan (defined below) is paragraph 76. Plan p. 7 [Doc. No. 8045, p. 14 of 82; Doc. No. 8272, p. 147 of 225.] Convenience Claims also became Class 15 in the Plan (defined below).

9. On July 14, 2014, the City's claims agent received a ballot from Cain ("Ballot"), voting to accept the City's plan of adjustment ("Plan")[3] and making the Convenience Class Election for Claim 799. Ballot, **Exhibit 2**. The Ballot was maintained by the City's claims, solicitation and ballot agent, Kurtzman Carson Consultants ("KCC"), in the ordinary course of its business in a secure database. Declaration of Michael Paque, **Exhibit 3.**

10. The Ballot states that "This Convenience Claim Election will be deemed irrevocable and legally binding on you upon (i) execution of this election on the Ballot and (ii) confirmation of the Plan." *See* Ballot.

11. Making a Convenience Claim Election for a claim does not automatically allow the claim. The Plan defines a "Convenience Claim" as

> a Claim that would otherwise be an Other Unsecured Claim that is (a) an Allowed Claim in an amount less than or equal to $25,000.00; or (b) in an amount that has been reduced to $25,000.00 pursuant to an election made by the Holder of such Claim . . . .

Plan, Article I, Part A, Paragraph 76. Thus, a creditor's election to have his Claim treated under Class 15 merely reduces the Claim to $25,000 so that it fits within the Class 15 cap; it does not make it an <u>allowed</u> Other Unsecured Claim.

---

[3] *Eighth Amended Plan for the Adjustment of Debts of the City of Detroit (October 22, 2014)*, as filed on October 22, 2014 [Doc. No. 8045], and as confirmed as modified by Court order entered on November 12, 2014. [Doc. No. 8272]. Undefined capitalized terms have the meanings assigned in the Plan.

12. On November 12, 2014, the Court confirmed the City's Plan. ("Confirmation Order," Doc. No. 8272.)

13. The order confirming the Plan made clear that "all prior orders entered in the Chapter 9 Case . . . shall be binding upon and shall inure to the benefit of the City and any other parties expressly subject thereto." Confirmation Order, ¶ T.69, p. 114. This includes the Solicitation Procedures Order.

14. Consequently, on November 6, 2019, the City filed its *Notice of Convenience Class Election for Claim 799*, which provided to notice to Cain as to the treatment of Claim 799 under the Plan as a $25,000 Class 15 Convenience Claim in accord with Cain's Convenience Class Election. *See* Doc. No. 13164.

**RESPONSE**

15. The first seven paragraphs of the Motion should be overruled by this Court as untimely objections to the Solicitations Procedure Order, Plan and Confirmation Order. None of these assertions provide any basis to reverse Cain's election of class 15 treatment.

16. The final paragraph of the Motion asserts that "the Voting Ballot was forged for the City's convenience…" without providing any evidence or support.

17. The City's claims agent, KCC, confirmed that a true and correct copy of the Ballot is attached as Exhibit 2 and that the Ballot was maintained by KCC in the ordinary course of its business in a secure database. Declaration ¶¶ 10-11.

35823713.2\022765-00213

18. There is no evidence that the Ballot was "forged" as alleged in the Motion. *Id.* ¶ 12. Indeed, the Director of Corporate Restructuring for KCC, states that he reviewed KCC's records and has "no knowledge of any alterations or changes to the Ballot after it was received by KCC." *Id.*

19. Accordingly, the Motion does not provide any basis to reverse Cain's legally binding and irrevocable election of class 15 treatment.

WHEREFORE, the City respectfully requests that the Court overrule the Objection.

Dated: May 6, 2020

Respectfully submitted,

By: /s/ Marc N. Swanson
Marc N. Swanson (P71149)
MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
Telephone: (313) 496-7591
Facsimile: (313) 496-8451
green@millercanfield.com
swansonm@millercanfield.com

and

Charles N. Raimi (P29746)
Deputy Corporation Counsel
City of Detroit Law Department
2 Woodward Avenue, Suite 500
Coleman A. Young Municipal Center
Detroit, Michigan 48226
Telephone: (313) 237-0470

35823713.2\022765-00213

# EXHIBIT LIST

Exhibit 1     Claim 799

Exhibit 2     Ballot

Exhibit 3     Declaration

Exhibit 4     Certificate of Service

# EXHIBIT 1

| B10 (Official Form 10) (04/13) (Modified) | | Claim #799 Date Filed: 2/10/2014 |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT     EASTERN DISTRICT of MICHIGAN | | CHAPTER 9 PROOF OF CLAIM RECEIVED FEB 1 0 2014 KURTZMAN CARSON CONSULTANTS |
| Name of Debtor: City of Detroit, Michigan | Case Number: 13-53846 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Cain, Darryl

Name and address where notices should be sent: NameID: 11701846
Cain, Darryl
IN PRO PER
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon, MI 49444
Telephone number:     email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: 11701846
*(If known)*

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:     email:

**1. Amount of Claim as of Date Case Filed:** $51,320,000.00

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** False Imprisonment, 4th & 14th AM. violation
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 1846

**3a. Debtor may have scheduled account as:** N/A
(See instruction #3a)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
Describe:
Value of Property: $ N/A
Annual Interest Rate (when case was filed) N/A % ☐ Fixed or ☐ Variable

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ N/A
Basis for perfection: N/A
Amount of Secured Claim: $ N/A
Amount Unsecured: $ N/A

**5. Amount of Claim Entitled to Priority as an Administrative Expense under 11 U.S.C. §§ 503(b)(9) and 507(a)(2).** $ N/A

**5b. Amount of Claim Otherwise Entitled to Priority. Specify Applicable Section of 11 U.S.C. §** N/A . $ N/A

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6) N/A

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)* DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain: N/A

**8. Signature:** (See instruction # 8)
Check the appropriate box.

☒ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: Darryl Cain
Title: Creditor
Company:
Address and telephone number (if different from notice address above):
_____
_____
Telephone number:     email:

(Signature) *Darryl Cain*     (Date) February 3, 2014

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for

13-53846-tjt    Doc 13281    Filed 05/06/20    Entered 05/06/20    Page 9 of 18

1353846140210000000000017

# EXHIBIT 2

Ballot #28481  Date Filed: 7/14/2014

**PLEASE READ THE VOTING INFORMATION AND INSTRUCTIONS ATTACHED BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1, 2, AND 3 BELOW. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, OR IF BOTH BOXES ARE CHECKED IN ITEM 1, THIS BALLOT WILL NOT BE COUNTED AS HAVING BEEN CAST.

IF BOTH BOXES ARE, OR NEITHER BOX IS, CHECKED IN ITEM 2, THIS BALLOT WILL COUNT AS ONE NOT ELECTING CONVENIENCE CLAIM TREATMENT FOR YOUR CLASS 14 OTHER UNSECURED CLAIM.

IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, the Other Unsecured Claim Holder in Class 14 as of April 14, 2014 against the City of Detroit, Michigan, votes to (check one box):

[✓] ACCEPT the Plan.   [ ] REJECT the Plan.

If you vote to accept the Plan, you are voting to approve certain cancellation, discharge, exculpation, expungement, injunction and release provisions contained in the Plan. Such provisions include, but are not limited to, the provisions contained in Article III.D, Article IV.J, Article IV.K and Article V.C of the Plan. Such provisions may affect your rights and interests regarding certain nondebtor parties.

Creditor Name: Cain, Darryl   Amount of Claim: $51,320,000.00

**Item 2. Convenience Class Election.** The undersigned, the Other Unsecured Claim Holder in Class 14 as of April 14, 2014 against the City of Detroit, Michigan, elects to (check one box):

[✓] Treat the undersigned's Other Unsecured Claim as a Class 15 Convenience Claim under the Plan.

[ ] Not Treat the undersigned's Other Unsecured Claim as a Class 15 Convenience Claim under the Plan.

If you elect to treat your Class 14 Other Unsecured Claim as a Class 15 Convenience Claim, your vote to accept or reject the Plan in this Ballot will count as a vote for Class 15 tabulation purposes and your vote will not count for Class 14 tabulation purposes.

Convenience Claim elections are subject to the terms contained in the Plan. This Convenience Claim Election will be deemed irrevocable and legally binding on you upon (i) execution of this election on the Ballot and (ii) confirmation of the Plan. Class 15 Convenience Claims will be paid in accordance with the Plan terms.

Creditor Name: Cain, Darryl   Claim Amount: $51,320,000.00

PLEASE CONTINUE TO ITEM 3 ON THE NEXT PAGE

RECEIVED
JUL 14 2014
NORTHRIDGE/JACKSON CONSULTANTS

07-14-14P04:35 RCVD

**Item 3. Certifications.** By signing this Ballot, the undersigned certifies that he, she or it:

    i.    is the Holder of one or more Other Unsecured Claims in Class 14 to which this Ballot pertains, or is an authorized signatory, and has full power and authority to vote to accept or reject the Plan and make the elections applicable to such Claims;

    ii.    received a copy of the solicitation package consisting of: (a) a notice regarding the time and place of a hearing to consider confirmation of the Plan, (b) a CD-ROM including the Plan, Disclosure Statement and the exhibits thereto, (c) a Ballot and a ballot return envelope, (d) a copy of certain rules governing the tabulation of ballots, (e) a copy of the Notice of Voting Dispute Resolution Procedures approved by the Solicitation Procedures Order and (f) a cover letter;

    iii.    has not submitted any other Ballots for Class 14 that are inconsistent with the vote to accept or reject the Plan set forth in this Ballot, or if such other ballots were previously submitted, they have been revoked or changed to reflect the vote of this Ballot; and

    iv.    understands that a vote to accept the Plan is a vote to accept certain cancellation, discharge, exculpation, expungement, injunction and release provisions contained in the Plan.

Cain, Darryl
_____
Name

_____
Social Security or Federal Tax I.D. No. (optional)

*Darryl Cain* (signature)
_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

Oaks Correctional Facility
1500 Caberfae Hwy
Manistee, MI 49660-9200
_____
Address

(231) 723-8272
_____
Telephone Number

July 7, 2014
_____
Date Completed

_____
Email address

# EXHIBIT 3

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Bankruptcy Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

**DECLARATION OF MICHAEL PAQUE IN SUPPORT OF THE CITY OF DETROIT'S OBJECTION TO DARYL CAIN'S MOTION CHALLENGING THE TREATMENT OF THE CLAIM AS A CLASS 15 CONVENIENCE CLAIM**

1. I am Michael Paque, Director of Corporate Restructuring for Kurtzman Carson Consultants ("KCC").

2. I am over the age of 18 years old, have personal knowledge of the facts contained in this declaration, and if called as a witness, can competently testify to the facts it contains.

3. This declaration is submitted in support of the City of Detroit's Objection to Daryl Cain's Motion Challenging the Treatment of the Claim as a Class 15 Convenience Claim ("Objection").

4. I have also reviewed Daryl Cain's Motion Challenging the Treatment of the Claim as a Class 15 Convenience Claim ("Motion").

5. KCC was engaged by the City of Detroit as claims, solicitation and balloting agent.

6. Pursuant to the Solicitation Procedures Order entered at docket number 2984, KCC was to receive all ballots in connection with voting on the City's plan of adjustment ("Plan").

7. KCC received the ballot from Daryl Cain ("Ballot") and assigned it ballot number 28481.

8. A true and correct copy of the Ballot received by KCC is attached to the Objection as Exhibit 2.

9. As indicated by the Ballot, Daryl Cain voted to accept the City's Plan in Item 1 and checked the box for "Treat the undersigned Other Unsecured Claim as a Convenience Claim under the Plan" in Item 2.

10. The Ballot was maintained by KCC in the ordinary course of business.

11. KCC maintains this Ballot and all other ballots in a secure database.

12. I have reviewed KCC's records and have no knowledge of any alterations or changes to the Ballot after it was received by KCC.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

By: _____
Michael Paque
Director
Kurtzman Carson Consultants

Executed on May 5, 2020

- 3 -
35824120.3\022765-00213
13-53846-tjt    Doc 13281    Filed 05/06/20    Entered 05/06/20 10:08:18    Page 16 of 18

# EXHIBIT 4

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 6, 2020, he caused a copy of the foregoing Objection to be served upon all parties registered for ECF service and by first class mail to the following party:

Darryl Cain
E.C. Brooks Correctional Facility
2500 S. Sheridan Drive
Muskegon, MI 49444

and

Darryl Cain
351791
Carson City Correctional Facility
10274 Boyer Road
Carson City, MI 48811

DATED: May 6, 2020          By: /s/ Marc N. Swanson

                                                  Marc N. Swanson
                                                  150 West Jefferson, Suite 2500
                                                  Detroit, Michigan 48226
                                                  Telephone: (313) 496-7591
                                                  Facsimile: (313) 496-8451
                                                  swansonm@millercanfield.com