No. 20-1404

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| In re: CITY OF DETROIT, MI, <br><br>  Debtor, <br><br> _____ <br><br> EDITH WOODBERRY, <br><br>  Appellant, <br><br> v. <br><br> CITY OF DETROIT, MI, <br><br>  Appellee. | **FILED** <br> Jul 08, 2020 <br> DEBORAH S. HUNT, Clerk <br><br> O R D E R |

Before: COLE, Chief Judge; GUY and BUSH, Circuit Judges.

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Alston v. Advanced Brands & Importing Co.*, 494 F.3d 562, 564 (6th Cir. 2007). Generally, in a civil case where the United States, a United States agency, or a United States officer or employee is not party, a notice of appeal must be filed within thirty days after the judgment or order appealed from is entered. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

Edith Woodberry appealed from two bankruptcy court orders, one dated July 11, 2018, denying her motion for reconsideration, and one dated July 12, 2018, expunging and disallowing her claim. On December 4, 2018, the district court entered an order affirming the bankruptcy court's orders. On December 6, 2018, Woodberry filed a reply brief. On December 14, 2018, Woodberry filed a motion to consider her reply brief. The district court granted that motion by order entered on January 16, 2019. On February 10, 2020, Woodberry filed a motion "for hearing

Case 2:18-cv-12308-BAF-RSW  Case 20-1404  Document: 19-2  filed 07/08/20  Filed: 07/08/2020  PageID.2513  Page: 2  Page 3 of 4    (3 of 4)

No. 20-1404
- 2 -

date on her reply brief." The district court denied that motion in an order entered on February 14, 2020. On February 24, 2020, Woodberry filed a motion for reconsideration of the February 14, 2020, order. The district court denied the motion for reconsideration in an order entered on February 27, 2020. On March 11, 2020, Woodberry filed a motion "to review in total and reconcile conflicting orders." The district court denied that motion in an order entered on March 13, 2020. On April 10, 2020, Woodberry filed a notice of appeal from the orders entered on December 4, 2018, January 16, 2019, and March 13, 2020.

The December 4, 2018, order affirming the bankruptcy court's orders was not "set out in a separate document" as required by Federal Rule of Civil Procedure 58(a). As a result, for purposes of filing an appeal, judgment was not formally entered until 150 days after the December 4, 2018, order, i.e., May 3, 2019. *See* Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii). Any notice of appeal was therefore due to be filed on or before June 3, 2019. *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A).

The April 10, 2020, notice of appeal is timely only as to the March 13, 2020, order denying Woodberry's motion "to review in total and reconcile conflicting orders." *See* 28 U.S.C. § 2107(a); Fed. R. App. P. 4(a)(1)(A), 26(a). We therefore entered an order directing Woodberry to show cause why her appeal should not be partially dismissed on the basis of a late notice of appeal.

In her response, Woodberry asserts that "[t]he extended amount of time spent waiting for the District Court Judge to consider Appellant's reply brief and the District Court Judge['s] ultimate failure to consider Appellant's reply brief caused, through no fault of Appellant, the deadline for filing notice of appeals regarding the December [4, 2018,] order and the January 16, 2019 order to expire." She also asserts that "[r]efusal to allow this appeal de facto empowers the bankruptcy court to disregard the constitutional law requirement that the government may not take one's property without paying just compensation." She asserts further that "[r]efusal to allow this appeal provides a method and opportunity for the bankruptcy court and the review court's staff to enrich themselves through fraud in cahoots with each other or encourage honorable judges to

No. 20-1404
- 3 -

commit dishonorable rulings to enrich themselves such as upholding actions of the court to commit dishonorable rulings to enrich themselves." Lastly, she asserts that "[r]efusal to allow this appeal makes a mockery of the power given to pro se persons to represent themselves and not be cheated in bankruptcy discharge of Debtor's debts such as in the instant case."

Compliance with the statutory requirement in § 2107(a) that the notice of appeal be filed within thirty days after the entry of a judgment is a mandatory jurisdictional prerequisite that this court may neither waive nor extend. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Section 2107(c) provides for the possibility of an extension of the time to file a notice of appeal in two circumstances, but a party seeking such an extension must file a motion in the district court asking for more time. *See* § 2107(c); *Martin v. Sullivan*, 876 F.3d 235, 237 (6th Cir. 2017) (per curiam). Woodberry has not filed such a motion. We therefore lack jurisdiction over an appeal from the orders entered on December 4, 2018, and January 16, 2019.

Accordingly, it is ordered that the appeal is **DISMISSED** as it applies to the December 4, 2018, and January 16, 2019, orders. Only issues regarding the March 13, 2020, order may be raised on appeal.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk