# **Exhibit 6H - City Request to IBEW Dated June 25**

Founded in 1852
by Sidney Davy Miller

**BRIAN M. SCHWARTZ**
TEL (313) 496-7551
FAX (313) 496-8451
E-MAIL schwartzb@millercanfield.com

MICHIGAN
ILLINOIS
NEW YORK
OHIO
WASHINGTON, D.C.
CANADA
CHINA
MEXICO
POLAND
QATAR

**Miller, Canfield, Paddock and Stone, P.L.C.**
150 West Jefferson, Suite 2500
Detroit, Michigan 48226
TEL (313) 963-6420
FAX (313) 496-7500
www.millercanfield.com

June 25, 2020

**SENT VIA CERTIFIED MAIL AND EMAIL**

Joseph W. Uhl
Watkins, Pawlick, Calati & Prifti, PC
1423 E. 12 Mile Road
Madison Heights, MI 48071
juhl@wpcplaw.com

> RE: **Request for Review** of March 30, 2020 Notice of Assessment of Employer Withdrawal Liability Electrical Workers' Pension Trust Fund of Local Union #58, I.B.E.W., Detroit Michigan to the City of Detroit

Dear Mr. Uhl:

On or about April 7, 2020, the City of Detroit ("City") received a Notice of Assessment of Employer Withdrawal Liability ("Notice") Electrical Workers' Pension Trust Fund of Local Union #58, I.B.E.W., Detroit Michigan (the "Fund"), dated March 30, 2020.

On April 23, 2020, the City requested "all relevant documents regarding the notice of assessment, including but not limited to: Pension Plan documents, any documents related to . . . determining the amount of the determined withdrawal liability, the names of the employees that were in the respective . . . Locals . . . and all other relevant documents" (the "Initial Request for Documents").

In response to the Initial Request for Documents, on May 21, 2020, the Fund produced the following:

- A copy of Pension Plan (As Restated as of January 1, 2015) of the Electrical Workers' Pension Trust Fund of Local Union #58, I.B.E.W., Detroit, Michigan with the First Amendment (the "Plan");
- Withdrawal Liability Payment Schedule for City of Detroit, Allocation of Unfunded Vested Benefits for City of Detroit, and Summary of Actuarial Assumptions and Methods Used to Develop the December 31, 2015 Unfunded Vested Benefits; and
- Indication that the City of Detroit contributed to the Fund on behalf of several employees (Frank P. Bak, Jr., Robert Bowness, Robert Carpinelli, Reginald Frost, Glenn Goff, Andre L. Hayes, Louis M. Jones, Brad Kelso, Jerome T. Kissick, Peter

Lazowski, Ricardo A. Morales, James D. Nieman, Michael E. Perrera, Russell H. Rader, Robert B. Reschke, Robert L. Rivers, Sheryl Smith, Eunice D. Thomas, Theodore Toodle Jr., Anthony Virgona Jr., and Randolph H. Young).

On May 27, 2020, the City requested that the Fund "produce all available files and documents (including electronic documents or emails), in the custody or control of [the Fund], or other third party agents, relating in any away to (i) these unions/pension funds/employees past or current relationships to or dealing with the City, or (ii) the claims now being asserted against the City."

On June 22, 2020, the Fund refused to produce additional documents.

Pursuant to 29 U.S.C. §1399(b)(2)(A), the City submits this formal request for a complete review as to the Notice, as supplemented by the Fund's May 21, 2020 and June 22, 2020 correspondence (the "Request for Review").

The Fund alleges that the City withdrew from the Fund around 2015, but it failed to notify the City of the alleged associated withdrawal liability until 2020. 29 U.S.C. §1399(b)(1) obligates the Fund to notify the City as soon as practicable after a complete or partial withdrawal of the amount of the alleged liability, a schedule of liability payments, and a demand for payment in accordance with the schedule. Given that the City allegedly withdrew from the Fund in 2015, the Fund's notification to the City was untimely. Alternatively, equitable estoppel and laches prevent the Fund from seeking withdrawal liability payments.

As indicated in the City's May 27, 2020 correspondence, the COVID-19 pandemic has prevented the City from being able to locate historic files, complete its own due diligence or engage an independent review of the situation. The lack of information provided by the Fund has further prohibited the City from determining whether the alleged withdrawal relates to the City's Plan of Adjustment or bankruptcy.

As such, pursuant to this Request for Review, the City requests that the Fund provide the following documents and information to the City no later than July 2, 2020:

1. Review and confirm that a "withdrawal" has in fact occurred.
   - An employer has not withdrawn from a plan solely because it ceases to exist or contributory obligations are transferred to a successor employer. 29 U.S.C. §1398. The City requests that the Fund review and confirm what unit or department of the City the employees worked within, whether a successor employer now exists, and whether that successor employer makes contributions to the Fund.

2. Review and confirm the date of the alleged withdrawal.
   - The City cannot analyze the accuracy of the alleged withdrawal liability without knowing the specific date upon which the alleged withdrawal occurred and

    reviewing documentation from the Fund regarding the same. Upon request, a plan sponsor must furnish to the employer, without charge, general information necessary for the employer to compute its withdrawal liability. The City cannot accurately determine whether the Fund or its actuary made a significant error without this information, which the Fund has withheld from the City. 29 U.S.C. §1401.

3. Review and confirm that the City is the responsible party with respect to the alleged withdrawal, taking into account successor employer and common control principles.

4. Review and ensure that any and all applicable exceptions, limits, and special rules (including but not limited to the construction industry exception and *de minimus* exception) have been applied to the alleged withdrawal liability calculation.

5. Review and confirm, based upon the determinations made in Items 1-4 above, that the actuarial assumptions utilized are accurate.

6. Review and confirm, based upon the determinations made in Items 1-4 above, that all other calculations of alleged liability are accurate.

In making this Request for Review, the City does not waive any arguments that may not be mentioned in this letter, including, without limitation, that the Fund's alleged claims were satisfied, discharged and released pursuant to the Order Confirming the City's Plan of Adjustment dated November 12, 2014, or other orders entered in bankruptcy case number 13-53846, pending in the Bankruptcy Court for the Eastern District of Michigan, and expressly reserves the right to make additional or different arguments to the Fund, an arbitrator, or to a court of law, as it may deem appropriate.

It should be further understood that at this time the City is unable to determine the validity of the numbers utilized in calculating the amount of the alleged withdrawal liability or in determining whether the alleged withdrawal has actually occurred. Consequently, the City reserves the right to subsequently challenge either or both assertions at such time as it, for example, obtains an independent review.

In conjunction with this Request for Review, the City requests a copy of the Fund's Employer Withdrawal Liability Policy (as in effect from 2013 to the present), as referenced in Section 12.4 of the Plan. Additionally, the City requests a copy of the underlying collective bargaining agreement which allegedly obligates the City to contribute to the Fund. These documents fall within the scope of the City's April 23, 2020 request, but have not yet been produced.

The City requests that the Board of Trustees reconsider its earlier decision regarding the City's alleged withdrawal liability.

Very truly yours,

Miller, Canfield, Paddock and Stone, P.L.C.

By_____
Brian M. Schwartz

cc:   Charles Raimi (raimic@detroitmi.gov)
      Marc N. Swanson (swansonm@millercanfield.com)
      Samantha A. Kopacz (kopacz@millercanfield.com)

36095581.1\022765-00213