# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | Case No. 13-53846 |
| Debtor. | Judge Thomas J. Tucker |

**CERTIFICATION OF NO RESPONSE OR OBJECTION REGARDING JOINT MOTION OF THE DETROIT POLICE OFFICERS ASSOCIATION AND CITY OF DETROIT FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING (A) SETTLEMENT OF CLAIM 1862, (B) DISTRIBUTION PROCEDURES FOR CLAIM 1862, AND (C) RELATED RELIEF**

On February 3, 2021, the City of Detroit ("City") and the Detroit Police Officers Association ("DPOA") filed the *Joint Motion of the Detroit Police Officers Association and City of Detroit for Entry of an Order Authorizing and Approving (A) Settlement of Claim 1862, (B) Distribution Procedures for Claim 1862, and (C) Related Relief* ("Motion"). [Doc. No. 13342]. On the same date, the Motion was served upon all parties identified on the Certificate of Service attached as Exhibit A. *See Certificate of Service* Exhibit A.

No response to the Motion has been filed with the Court and the time to do so has passed. The City and the DPOA respectfully request that the Court enter an order in substantially the same form as the one which was attached to the Motion. *See Proposed Order* Exhibit B.

Respectfully submitted,

By: /s/ Marc N. Swanson
    Marc N. Swanson (P71149)
    MILLER, CANFIELD, PADDOCK AND
    STONE, P.L.C.
    150 West Jefferson, Suite 2500
    Detroit, Michigan 48226
    Telephone: (313) 496-7591
    Facsimile: (313) 496-8451
    swansonm@millercanfield.com

    Attorneys for the City of Detroit

DATED: March 8, 2021

# Exhibit A

# Exhibit 4 – Certificate of Service

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

        Debtor.

_____/

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 3, 2021, he filed the foregoing *Joint Motion of the Detroit Police Officers Association and City of Detroit for Entry of an Order Authorizing and Approving (A) Settlement of Claim 1862, (B) Distribution Procedures for Claim 1862, and (C) Related Relief* with the court, using the court's ECF system, which will provide notice of the filing to all registered participants in this matter.

    By: /s/ Marc N. Swanson
        Marc N. Swanson (P71149)
        150 West Jefferson, Suite 2500
        Detroit, Michigan 48226
        Telephone: (313) 496-7591
        Facsimile: (313) 496-8451
        swansonm@millercanfield.com

Dated: February 3, 2021

# Exhibit B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

       Debtor.

_____/

Bankruptcy Case No. 13-53846
Honorable Thomas J. Tucker
Chapter 9

# ORDER AUTHORIZING AND APPROVING (A) SETTLEMENT OF CLAIM 1862, (B) DISTRIBUTION PROCEDURES FOR CLAIM 1862, AND (C) RELATED RELIEF

Upon the Joint Motion of the City of Detroit and the Detroit Police Officer Association for the entry of an Order Authorizing and Approving (A) Settlement of Claim 1862, (B) Distribution Procedures for Claim 1862, and (C) Related Relief ("Motion");[1] the Court having reviewed the Motion, being otherwise apprised of the matter, and having found that due and proper notice has been given; and there being good and sufficient cause therefore;

IT IS ORDERED THAT:

1.     The Motion is granted to the extent set forth in this Order.

2.     Claim 1862 is Allowed in the reduced amount of $12,500,000.00 and shall be treated under the Plan as a Class 14 Other Unsecured Claim ("Allowed

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings given to them in the Motion.

Claim 1862"). This liquidation and classification of Allowed Claim 1862 shall fully, finally and irrevocably resolve and settle the Wage Claim and Claim 1862 in its entirety. Allowed Claim 1862 shall not be reconsidered under Section 502(j) of the Bankruptcy Code, Fed. R. Bankr. P. 9024 or otherwise for any reason.

3. The City is authorized to make a single Distribution of B Notes and Related Income on account of Allowed Claim 1862 ("Wage Claim Proceeds") to the DPOA at the same time as the final distribution of B Notes is made by the City to the holders of Allowed Class 14 Claims under the Plan generally (exclusive of specific holders which may have received or may receive their final distributions of B Notes pursuant to prior or future orders of the Court). Furthermore, if there is one or more partial distributions of B Notes and Related Income to holders of Allowed Class 14 Claims generally, the City is authorized to hold the DPOA's share of such B Notes and Related Income for the benefit of DPOA, and to make a single distribution (including the amount of any partial distributions to the DPOA which were withheld from the partial distributions made to the holders of Allowed Class 14 Claims generally) at the time of the final distribution of B Notes under the Plan to holders of Allowed Class 14 Claims generally.

4. The form of the Supplemental Order (A) Authorizing the Establishment of Qualified Settlement Fund, (B) Appointing Fiduciary, (C) Approving Distribution

Procedures for Claim 1862 and (D) for Related Relief (the "Supplemental Order") attached to the Joint Motion as Exhibit 6B is authorized and approved.

5. In order to facilitate the Distribution of the Wage Claim to the DPOA Wage Claimants and minimize the administrative costs associated with the Wage Claim, promptly upon receipt of notice from the City of the City's intent to make a final distribution to holders of Allowed Class 14 Claims, the DPOA shall submit the Supplemental Order to the Court for entry. The notice may be provided to the DPOA through their counsel via email to the following email addresses: Barbara A. Patek, pateklaw@gmail.com and James M. Moore, jim@unionlaw.com .

6. The DPOA is authorized to distribute the Wage Claim Proceeds to the DPOA Wage Claimants on a *pro rata* basis as follows:

   a. Upon receipt of the notice that the City intends to make a final distribution of the B Notes and Related Income to the holders of Allowed Class 14 Claims generally, the DPOA will submit the Supplemental Order to the Court for entry;

   b. Upon entry of the Supplemental Order, the Professionals retained by the DPOA will take the steps necessary to open the following accounts: (i) an escrow account so that the B Notes required by Allowed Claim 1862 can be distributed to the Fund through a qualified broker/dealer for the purpose of marketing and selling the B Notes and (ii) a bank

      account so that the Related Income and the net proceeds of the sale of the B Notes can be deposited for the purpose of distribution to the DPOA Wage Claimants.

  c. In addition, upon entry of the Supplemental Order, the Claims Administrator will notify each of the DPOA Wage Claimants identified on Exhibit 6A (filed under seal) by mail. The DPOA will also post notice of the distribution process, including copies of this Order and the Supplemental Order on its website, and the Claims Administrator will set up a toll-free number to which inquiries about the distribution process can be made.

  d. Each of the 1650 DPOA Wage Claimants will be entitled to receive a $1/1650^{th}$ share of the Net Proceeds, from which the Claims Administrator will deduct from each DPOA Wage Claimant's distribution and pay any necessary withholding taxes to the appropriate governmental entities. After deduction of any necessary taxes, the Claims Agent will make payment by check to each of the DPOA Wage Claimants of the net amount.

7. The City shall not be liable or otherwise responsible for the accuracy of the identities or other pertinent information regarding the DPOA Wage Claimants, providing notice, the allocation or withholding of amounts of the Wage Claim Proceeds among the DPOA Wage Claimants, the identification, qualifications,

duties and responsibilities of the Professionals or other professionals retained by the DPOA, or anything else addressed in the DPOA's proposed distribution procedures set forth in the Motion, this Order or the Supplemental Order.

8.  The Court approves the DPOA's acknowledgment and agreement that the City makes no representations or warranties of any kind, whether express or implied, regarding the value, marketability or otherwise in respect of Allowed Claim 1862, including the value, number or amount of B Notes which are to be Distributed in respect of Allowed Claim 1862 and sold on behalf of the DPOA and the DPOA Wage Claimants, the proceeds of the B Notes that are or are likely to be received on any sale or sales of the B Notes or that are distributed to the Fund, or the allocation, administration or distribution of those proceeds by the Claims Administrator among the DPOA Wage Claimants.

9.  The City shall have no duty or obligation that is not expressly imposed on the City by the Plan or other orders of this Court. This Order is not intended to, and does not, modify or amend the Plan or the Confirmation Order in any respect.

10. The DPOA shall comply with all provisions in the Distribution Order, as modified by this Order and the Supplemental Order, including, without limitation, by providing the City with a properly completed and valid Brokerage Account Form and Tax Form no later than 14 days after the entry of the Supplemental Order at the address identified in the Distribution Order.

11. The B Notes allocated to the DPOA shall be Distributed by the City (or the Disbursing Agent) to an account established by the Fund, which will be identified by the DPOA on the Brokerage Account Form. The account shall be established by a DTC-capable brokerage firm capable of receiving the B Notes electronically and the account shall be titled in the name of the Fund.

12. The DPOA shall require the Fund and its fiduciary to comply with orders of this Court pertaining to Distributions under the Plan relating to Allowed Claim 1862, including the Distribution Order. The Distribution Order is modified with respect to the DPOA (a) to provide that the name of the creditor on the Brokerage Account Form and Tax Form will be the DPOA Bankruptcy Fund and (b) to defer the DPOA's obligation to complete the Brokerage Account Form and the Tax Form until the City notifies the DPOA of its intent to make a final distribution to the holders of Allowed Class 14 Claims, as further set forth in the Supplemental Order. The Brokerage Account Form and Tax Form shall be completed by the DPOA or any other person or entity expressly authorized by the DPOA to do so. All Distributions of B Notes and Related Income that would otherwise be distributed to the DPOA concerning Allowed Claim 1862 shall be Distributed in accordance with the Plan and the Distribution Order to the Fund (and not the DPOA).

13. To satisfy section 468B of the Internal Revenue Code of 1986, and Treas. Reg. section 1.468B, and to facilitate subsequent distributions to the DPOA

Wage Claimants, the DPOA has retained the Claims Administrator to serve as a qualified claims administrator. As required by the terms of the Supplemental Order, McClarty, as trustee for the Fund, shall be charged with overseeing and directing the receipt and sale of the B Notes and any proceeds thereof, and the Claims Administrator shall be charged with other distributions within Fund to the DPOA and the DPOA Wage Claimants. The agreement between the DPOA and the Claims Administrator shall and does provide that the Claims Administrator will:

 (a) provide notice of this Order and the Supplemental Order to the DPOA Wage Claimants as set forth in paragraph 6c of this Order;

 (b) solely be responsible for calculation and satisfaction of all tax obligations concerning the B Notes, any proceeds thereof, including the Wage Claim Proceeds, and any other funds concerning Allowed Claim 1862, and the administration and satisfaction of employment and payroll taxes and any necessary State and Federal withholdings. Only the Claims Administrator (and not the City or any of its agents) will be responsible for the preparation, securing of necessary signatures, and filing of tax returns and other documents and information required by applicable law in respect of the Fund, which includes the specific returns described in Treas. Reg 1.468B-2; and

7

(c) calculate the share of the settlement amount allocable to each DPOA Wage Claimant, including the amount necessary for any tax withholdings, and, after withholding or paying the tax amount, distribute net amounts to each DPOA Wage Claimant.

14. The City shall have no responsibility, duty or liability for any actions or inactions of the Claims Administrator or McClarty in connection with their respective duties, responsibilities, obligations or otherwise. The Claims Administrator and McClarty have been selected and appointed solely by the DPOA, and without input of the City, to serve as the DPOA's agent (or independent contractor) to aid and assist the DPOA in facilitating the receipt and subsequent distribution of Distributions that the DPOA receives, or are otherwise Distributed under the Plan at the direction of DPOA or the Claim Administrator on account of Allowed Claim 1862, from the City (or Disbursing Agent) under the Plan.

15. Taxes, expenses, and costs incurred in connection with or otherwise relating to the implementation of this Order or the Supplemental Order, including the establishment of the Fund, disbursements of amounts from the Fund, and selection and appointment of the Professionals, and any fees and expenses of tax counsel or accountants and mailing expenses relating to the filing or failure to file any tax returns, shall be paid only from the B Notes (or their proceeds) and funds being held in the Fund, respectively, as well as past and future income that might be

earned on those amounts. The Claims Administrator shall be obligated to withhold from distribution any funds necessary to pay such taxes, fees and expenses as well as any taxes that might be required to be withheld pursuant to law. The City shall have no liability, responsibility, duty or obligation of any kind for filing any such tax returns or withholding or paying any taxes associated with or relating to the Fund or any distribution or other payment by the Fund. All administrative expenses, fees and costs, whether incurred by any of the Professionals, including without limitation, McClarty, HSI, Huntington, the Claims Administrator, Loop Capital, or any other professional retained by the DPOA shall be paid from the Fund and the City shall have no obligation to pay or reimburse any such administrative expenses, fees or costs.

16. The City shall not be responsible or liable for any tax obligations associated with the issuance, distribution, investment, or liquidation of B Notes, any proceeds thereof, or any other funds distributed pursuant to the Plan, this Order, the Supplemental Order or otherwise. The employer share of any applicable payroll taxes for the payment amounts allocated or made to the DPOA and its members shall be paid exclusively from those B Notes (or the proceeds thereof) or any other funds Distributed to the Fund on account of Allowed Claim 1862. The City shall have no obligation to "gross-up" the Distributions under the Plan to the Fund to pay or reimburse the Fund for any State or Federal taxes or any other fees, costs or

9

expenses, all such amounts being the sole responsibility of the Fund and the Claims Administrator.

17.     Neither the City, the Disbursing Agent, nor any of their respective agents, attorneys or employees shall have any liability, responsibility, duty or obligation of any kind, whether for the filing of any tax returns, payment of any taxes or otherwise, under this Order or the Supplemental Order, or for the truth, accuracy or allocation of the distributions of the Fund, or the actions or inactions of the Claims Administrator or the other Professionals. DPOA shall, and hereby does, indemnify and hold the City, the Disbursing Agent, and their respective agents, attorneys and employees harmless from and of any claim made against the City brought about due to an act or omission of any Professional or the DPOA or for which any Professional or the DPOA is responsible under the terms of this Order or the Supplemental Order or as a result of any representations made by any of them in this Order or the Supplemental Order.   This Order is entered into by the City exclusively for the administrative convenience of the DPOA in order to aid in the implementation of the Plan, pursuant to the Court's retained jurisdiction under Article VII of the Plan. The City makes no representations or warranties of any kind regarding the accuracy or completeness of the statements or legal analysis or effects set forth in this Order or the Supplemental Order, and shall have no duty or obligation in this Order or the

Supplemental Order that is not imposed on the City by the Plan or other Orders of this Court.

18. The Order does not constitute an admission of wrongdoing by either the DPOA or the City.

19. The DPOA on its behalf and on behalf its past, present, and future members, agents, legal representatives, attorneys, affiliates, predecessors, successors and assigns (collectively, the "Releasing Parties") shall, and hereby does, release and forever discharge the City and its past, present, and future agents, attorneys, employees, representatives, successors and assigns (collectively, the "Released Parties") from any and all claims (as such term is defined in the Bankruptcy Code), causes of action, counterclaims, liabilities, demands, obligations, setoffs, defenses, suits, debts, actions, or sums of money including attorneys' fees and costs, whether known or unknown, alleged or unalleged, vested or contingent, that the Releasing Parties might have against the Released Parties arising from or related to the acts or events alleged in Claim 1862.

20. The City's claims agent is authorized to update the claims register in accordance with the terms of this Order.

21. The Court retains jurisdiction over any and all matters arising from the interpretation or implementation of this Order.