**NOT RECOMMENDED FOR PUBLICATION**

No. 20-1404

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| In re: CITY OF DETROIT, MI,<br><br>    Debtor.<br>_____<br><br>EDITH WOODBERRY,<br><br>    Appellant,<br>v.<br><br>CITY OF DETROIT, MI,<br><br>    Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **FILED**<br>Apr 01, 2021<br>DEBORAH S. HUNT, Clerk<br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |

O R D E R

Before: MOORE, GIBBONS, and MURPHY, Circuit Judges.

    Edith Woodberry, a pro se Michigan resident, appeals the district court's March 13, 2020, order denying her motion "to review in total and reconcile conflicting orders" in connection with an appeal from the United States Bankruptcy Court. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

    In 2005, the City of Detroit commenced a condemnation action against real property located at 2457 Beaubien Street, and Woodberry was joined as a defendant. On April 28, 2009, a judgment was entered in the Wayne County Circuit Court awarding the defendants in the condemnation action $240,000; subtracted from that award was $83,294.72, which had been previously paid to Woodberry in another case regarding the Beaubien Street property. The judgment in the condemnation action stated that it was "with prejudice to any further assertion of

claims by Defendants against the City arising directly or indirectly . . . from the taking of the Subject Property."

In 2013, the city filed Chapter 9 bankruptcy proceedings. In February 2014, Woodberry filed a claim (Claim #2846) alleging that the city took by eminent domain an eighteen-unit apartment building she owned and that she was not afforded just compensation. She alleged that she was owed three million dollars for the value of the property, which was located at 2457 Beaubien Street. The city objected to the claim, arguing that the property in question had been the subject of a previous condemnation proceeding, the city had provided compensation to the claimants, and there was no further liability. Woodberry argued, however, that she had not had an opportunity to appeal the April 28, 2009, judgment awarding compensation because it was not a final order.

On May 23, 2018, the bankruptcy court entered an order sustaining the city's objection to Woodberry's claim. The bankruptcy court also set a deadline of June 22, 2018, for Woodberry and the other named claimants to take "appropriate action to reactivate the lawsuit in the Wayne County Circuit Court." Instead, Woodberry filed a "response" that the bankruptcy court construed as a motion for reconsideration and denied on July 11, 2018. On July 12, 2018, the bankruptcy court granted the city's request that her claim be expunged and disallowed.

Woodberry appealed to the district court the July 11, 2018, order denying her motion for reconsideration, and the July 12, 2018, order expunging and disallowing her claim. On December 4, 2018, the district court entered an order affirming the bankruptcy court's orders.

Woodberry did not appeal, but two days later, she filed a pleading titled "Reply Brief," stating that it "replace[d] the unfinished working papers [she] inadvertently mailed to the court." She subsequently filed a motion for the district court to consider her reply brief. The district court granted that motion on January 16, 2019.

More than a year later, Woodberry then filed a "Motion for Hearing Date on her Reply Brief," which the district court denied on the basis that the case was closed. Woodberry filed a motion for reconsideration, which the district court also denied.

On March 11, 2020, Woodberry filed the "Motion to Review in Total and Reconcile Conflicting Orders" that is at issue in this appeal. Woodberry argued that her appeal had not been dismissed or closed by written order and requested that her reply brief be assigned a hearing date.

The district court denied the motion in an order entered on March 13, 2020, stating again that the motion was denied because the case was closed.

On April 10, 2020, Woodberry filed a notice of appeal, purporting to appeal from the orders entered by the district court on: December 4, 2018, affirming the orders of the bankruptcy court; January 16, 2019, granting consideration of her second reply brief; and March 13, 2020, denying her motion for review. By order dated July 8, 2020, we concluded that Woodberry's notice of appeal was timely only as to the March 13, 2020, order and partially dismissed the appeal as it related to the December 4, 2018, and January 16, 2019, orders. Accordingly, only the propriety of the district court's March 13, 2020, order denying Woodberry's "Motion to Review in Total and Reconcile Conflicting Orders" is at issue in this appeal.

Despite our limitation of the appeal to the March 13, 2020, order, Woodberry's appellate brief challenges the December 4, 2018, order affirming the bankruptcy court's decision. Pertinent to the limited issues of the appeal, she argues that the district court's December 4, 2018, order affirming the orders of the bankruptcy court did not close the appeal, especially considering that the court subsequently granted her motion to consider her reply brief.

We review the denial of a post-judgment motion for an abuse of discretion. *See Holden v. Atos IT Sols. & Servs., Inc.*, No. 17-3611, 2018 WL 2972436, at *1 (6th Cir. Apr. 20, 2018); *Hunt v. Michigan*, 92 F. App'x 300, 302 (6th Cir. 2004). "A court abuses its discretion when it commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *United States v. Hammons*, 411 F. App'x 837, 843 (6th Cir. 2011).

As explained above, the record establishes that, following the district court's entry of its order affirming the orders of the bankruptcy court, Woodberry filed an additional reply brief and a motion requesting that the district court consider the brief. The district court granted the motion and indicated to Woodberry that the reply brief had been considered. When Woodberry next filed a motion for a hearing on the reply brief, the district court denied the motion because the case was closed. Woodberry moved for reconsideration, stating that it was error for the district court to fail to set aside its order affirming the bankruptcy court's orders after it granted her motion for consideration of her reply brief. The district court denied the motion for reconsideration, explaining that the case had been closed and that the additional reply brief that Woodberry filed

No. 20-1404
- 4 -

did not affect the finality of the court's order affirming the orders of the bankruptcy court. Undeterred, Woodberry then filed the motion for the district court to "reconcile" its "conflicting orders," which the district court again denied on the basis that the case was closed.

The district court did not abuse its discretion when it denied Woodberry's "Motion to Review in Total and Reconcile Conflicting Orders." Even assuming that the case was still active, the district court's orders were not conflicting. As the district court plainly informed Woodberry, although the court considered her additional reply brief, Woodberry's subsequent filing of a second reply brief "d[id] not alter the finality of the Court's December 4, 2018, ruling." Nor did Woodberry ever move for the district court to reconsider the order affirming the orders of the bankruptcy court in light of her additional reply brief—she moved only for the court to consider the additional reply brief, which it did. Although the district court could have liberally construed Woodberry's post-judgment motion as a motion for reconsideration or for relief from its prior order, it was under no obligation to do so. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (citing *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001) ("Liberal construction [of pro se pleadings] does not require a court to conjure allegations on a litigant's behalf.")). And to the extent that Woodberry argues that the December 4, 2018, order is still appealable because the district court did not enter a separate judgment, we have already concluded that her notice of appeal was untimely as to that order.

The order of the district court is **AFFIRMED**.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk