STATE OF MICHIGAN

IN THE 67TH JUDICIAL DISTRICT

---

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

v

RICHARD DALE SNYDER,

    Defendant.

Case No. 21G-0046-SM

Hon. William H. Crawford

---

Fadwa Hammoud (P74185)
Bryant Osikowicz (P72377)
Daniel John Ping (P81482)
Molly Kettler (P59877)
Michigan Department of Attorney General
525 W. Ottawa Street
Lansing, Michigan 48933
517.335.7622
hammoudF1@michigan.gov
osikowiczb@michigan.gov
pingd@michigan.gov
kettlerm@michigan.gov

Kym L. Worthy (P38875)
Molly Kettler (P59877)
Wayne County Prosecuting Attorney
1441 Saint Antoine Street, Floor 12
Frank Murphy Hall of Justice
Detroit, Michigan 48226
313.224.5777
kworthy@waynecounty.com
kettlerm@michigan.gov

*Attorneys for the People*

Brian P. Lennon (P47361)
Charles N. Ash, Jr. (P55941)
Madelaine C. Lane (P71294)
Warner Norcross + Judd LLP
150 Ottawa Avenue NW
Suite 1500
Grand Rapids, Michigan 49503
616.752.2000
blennon@wnj.com
cash@wnj.com
mlane@wnj.com

Judith S. Gracey (P39766)
The Gracey Law Firm
2200 Beechmont Street
Keego Harbor, MI 48320
248.221.7726
judith@thegraceylawfirm.com

*Attorneys for Defendant*

---

## PROTECTIVE ORDER

At said session of said Court held in the
County of Genesee, City of Flint, State of Michigan,
on this 31st day of March, 2021.

THE HONORABLE WILLIAM H. CRAWFORD
67th District Court Judge

With the agreement of all the parties, and Court enters the following Order:

## STIPULATION BY PARTIES

1. "Confidential Information" shall mean and include:

    a. Confidential, non-public, financial information;

    b. Social security numbers;

    c. Bank account or credit card numbers;

    d. An individual's medical records and other Protected Health Information are considered "Confidential Information" with the following qualifications:

        i. "Covered Entity" shall mean as it is defined by 45 C.F.R. § 160.103;

        ii. "Protected Health Information" shall mean as it is defined by 45 C.F.R. §160.103;

        iii. Protected Health Information may not be used for any purpose other than for this litigation; and

        iv. Protected Health Information must be returned to the Covered Entity or destroyed at the end of this litigation; and

    e. Any documents regarding or related to an individual's water sampling results, including residential water sampling, correspondence with residents related to sampling, that includes personal information for such individuals (e.g., personal emails, cell phone numbers, account numbers, etc.).

    f. Information described in subsections (a) through (e) is not confidential if it:

2

i. Is or becomes publicly available, without any fault or violation of this Order by any Party and without any violation of a duty of confidentiality by a third party;

ii. Was in the possession of any Party free of any obligation of confidentiality at the time it was received by such Party; or

iii. Was developed by employees or agents of such Party independently without access to or use of any Confidential Information.

2. A party producing discovery material in this action may designate documents meeting the criteria above as Confidential Information and restricted in disclosure under this Order by placing or affixing the word "Confidential" on the document in a manner that will not interfere with the legibility of the document. All discovery material designated as "Confidential," shall be treated as Confidential under the provisions of this Order. A party may also designate documents as "Confidential" in a separate writing by number or description.

3. Material marked as Confidential Information must be done so in good faith to keep from the public record personal information such as social security numbers, medical records, biometric records, alone, or when combined with other personal or identifying information.

4. A party may, at any time, make a good faith challenge to a producing or designating Party's designation of any material as Confidential Information by providing the producing and designating Parties with a written notice specifying the documents to which the party objects and a brief explanation of each objection. The parties agree to work in good faith to address any dispute. To the extent an issue cannot be resolved, the designating Party must file a motion to maintain its designation pursuant to MCR 6.201(E). In filing such a

3

motion, the designating Party shall have the burden of establishing that there is good cause for the information in question to maintain its confidentiality classification. Except as otherwise provided herein, pending the Court's decision on any motion filed by a designating Party to maintain its confidentiality designation, the information in question shall continue to be treated as Confidential Information. A Party shall not be obligated to challenge the propriety of the designation as Confidential Information at the time the designation is made, and failure to make such a challenge shall not preclude a subsequent challenge thereto. Inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the confidential nature of the material disclosed.

5. Confidential Information produced in this prosecution will be used solely for the preparation, trial, and appeal of this action, which shall include any related Flint Water Crisis prosecutions the prosecution has brought against other defendants (the "Flint Water Crisis Prosecutions") as well as any current or future civil lawsuits in which the defendant is a party—and shall not be used for any other purpose. Confidential Information may be disclosed to:

   a. **Parties.** Parties to the Flint Water Crisis Prosecutions;

   b. **Counsel.** Counsel for the Parties, and employees and agents of counsel, who have responsibility for the preparation or trial of the action;

   c. **Consultants, Investigators, and Experts.** Consultants, investigators, and experts retained or consulted by the Parties or counsel for the Parties to assist in the preparation, trial, or appeal of the above-captioned prosecution and/or Flint Water Crisis Prosecutions who have agreed to be bound by this Order;

4

d. **Witnesses.** Witnesses at, or in preparation for, their deposition, hearing, or trial, in which event such witnesses shall only be shown the Confidential Information and shall not be allowed to retain copies;

   e. **Judicial Officers and Court Personnel.** Judicial officers and personnel of the Flint District Court and Genesee County Circuit Court;

   f. **Court Reporters and Recorders.** Stenographic reporters retained by the parties or Court to transcribe depositions and/or hearings; and

   g. **Miscellaneous.** Notwithstanding the restrictions set forth above, Flint Water Crisis Defendants may verbally discuss Confidential Information with friends or family members. Confidential Information shall not be made available via posting on the social media.

6. Persons to whom Confidential Information is shown or disclosed pursuant to paragraphs 5(c) and 5(e) above shall be advised that the Confidential Information is subject to this Order and may only be disclosed and used under the terms of this Order.

7. Before any Confidential Information may be disclosed to any expert or other persons identified in subparagraph 5(c), such person shall be required to read this Order in its entirety and sign the attached Acknowledgment and Agreement to Be Bound signifying his or her agreement to abide by its terms. Copies of all signed acknowledgements shall be maintained by counsel making the disclosure, and shall be delivered to the other party's counsel upon request.

8. Any party who has received Confidential Information, and who is thereafter compelled by any law or court order to disclose such Confidential Information in a manner contrary to the terms of this Order, will use all reasonable efforts to immediately notify the producing

5

party of the obligation to disclose. Any such party shall also disclose only the particular Confidential Information required to be disclosed and shall make all reasonable efforts to protect any remaining Confidential Information from disclosure in accordance with the terms of this Order.

9. Confidential Information may be used during testimony in discovery depositions, in motion practice, hearing and at the trial of this action, subject to the Michigan Rules of Evidence and applicable rulings of the Court, and may be used by the persons designated in Paragraph 5 to prepare for any trial, in motion practice, hearings, or depositions held in this action and/or the Flint Water Crisis Prosecutions under the terms of this Order. Prior to the time of trial of any Flint Water Crisis Prosecution, counsel for the parties will confer with the Court for the purpose of deciding how Confidential Information introduced into evidence will be treated in the Court record and what protective instructions will be given to the jury regarding the Confidential Information.

10. Nothing in this Order shall be intended or construed to limit the manner in which a producing party may use, disclose, store, or otherwise treat its own Confidential Information for purposes unrelated to this litigation.

11. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

12. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any

persons or organizations over which they have direct control; and upon any person subject to the jurisdiction of the Court who receives Confidential Information hereunder.

13. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and will enjoy the same level of protection under this Order as any party to this action.

_____
Hon. William H. Crawford
3-31-21

Approved as to form:

_____
Fadwa Hammoud (P74185)
Bryant Osikowicz (P72377)
Daniel John Ping (P81482)
Molly Kettler (P59877)
Michigan Department of Attorney General

Kym L. Worthy (P38875)
Molly Kettler (P59877)
Wayne County Prosecuting Attorney

*Attorneys for the People*

_____
Brian P. Lennon (P47361)
Charles N. Ash, Jr. (P55941)
Madelaine C. Lane (P71294)
Warner Norcross + Judd LLP

Judith S. Gracey (P39766)
The Gracey Law Firm

*Attorneys for Defendant*