# **EXHIBIT 9**

STATE OF MICHIGAN
DEPARTMENT OF ATTORNEY GENERAL



P.O. Box 30212
LANSING, MICHIGAN 48909

**DANA NESSEL**
ATTORNEY GENERAL

May 27, 2021

Mr. Rick Snyder
201 S. Main Street, Suite 1000
Ann Arbor, MI

*Delivered via email only*

*Re: Response to May 25, 2021*

Dear former Governor Snyder,

I am following up on the issues raised in your letter to me dated May 25th, 2021. First, in that letter, you requested to be briefed on the May 26th status conference scheduled to proceed before Judge Levy. Per your request, I understand that you spoke with AAG Margaret Bettenhausen that very afternoon. To the extent you would like an update on what transpired at the status conference, please let me know and we will make arrangements to ensure that you're fully briefed, at your earliest convenience.

As to the remaining issues in your letter, I can confirm that we still represent you in the pending civil cases as we have for the past several years. And, like all our clients, we will always strive to ensure that we meet each and every one of our ethical obligations in the course of our representation. In that respect, I'd like to thank you for recognizing the "exemplary" and "professional" services our civil attorneys have provided to you thus far. I know that they would appreciate hearing that and so I will be sure to share it with them.

I understand that you are frustrated that your attorneys cannot engage in direct communication with my staff about the subject matter underlying your Motion for Contempt in bankruptcy court, especially because you seem to indicate that they were not the intended targets of the motion. Unfortunately, the motion that your attorneys filed could easily be read to suggest otherwise. Furthermore, after receiving your letter, I indicated to Mr. Lennon that should his request for contempt *only* be directed at the Flint water criminal team then I would expect him to immediately amend his motion to reflect and clarify that very important fact. To date, I am not aware of any amendment being filed and so I must continue to exercise caution and assume that the motion is directed at the entire department, including the civil attorneys.

For those reasons, as I indicated before, I am not able to grant any request that Mr. Lennon be allowed to engage in ex parte communications with individuals from this office about the underlying subject matter of your motion for contempt while it is pending. This is not a matter of preference or a reflection of our relationship with you. Nor does it represent some failure to adhere to our duty of loyalty as you seem suggest in your letter. Quite the contrary. The Department of Attorney General is represented by counsel in the bankruptcy matter and so the Michigan Rules of Professional Conduct prohibit your attorneys from engaging in ex parte communications with our staff during the pendency of the legal dispute. I have invited – and continue to invite – your counsel to provide me with relevant case law or ethics opinions if they believe I am mistaken in this regard. At the time of this writing though, they have provided me with none.

I hope this addresses your questions. After the pending legal proceeding has been resolved, I am happy to have further conversation with you about these important matters.

Thank you.

Sincerely,

/s/ *Christina Grossi*

Christina M. Grossi
Deputy Attorney General
Department of Attorney General