**EXHIBIT 10**

STATE OF MICHIGAN

IN THE 67TH JUDICIAL DISTRICT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

v

RICHARD DALE SNYDER,

    Defendant.

Case No. 21G-0046-SM

Hon. William H. Crawford

| | |
|---|---|
| Fadwa Hammoud (P74185)<br>Solicitor General<br>Michigan Department of Attorney General<br>525 W. Ottawa Street<br>Lansing, Michigan 48933<br>517.335.7628<br>HammoudF1@michigan.gov<br><br>Kym L. Worthy (P38875)<br>Wayne County Prosecuting Attorney<br>1441 Saint Antoine Street, Floor 12<br>Frank Murphy Hall of Justice<br>Detroit, Michigan 48226<br>313.224.5777<br>kworth@waynecounty.com<br><br>Attorneys for the People | Brian P. Lennon (P47361)<br>Charles N. Ash, Jr. (P55941)<br>Warner Norcross + Judd, LLP<br>1500 Warner Building<br>150 Ottawa Avenue, N.W.<br>Grand Rapids, Michigan 49503<br>616.752.2000<br>blennon@wnj.com<br>cash@wnj.com<br><br>Judith S. Gracey (P39766)<br>The Gracey Law Firm<br>2200 Beechmont Street<br>Keego Harbor, MI 48320<br>248.221.7726<br>judith@thegraceylawfirm.com<br><br>Attorneys for Defendant |

## **DEFENDANT'S DISCOVERY REQUESTS**

NOW COMES the Defendant, Richard Dale Snyder ("**Governor Snyder**"), by and through his attorneys, WARNER NORCROSS + JUDD LLP and the Gracey Law Firm, and hereby requests the following, pursuant to MCR 6.201, MCR 6.107,[1] *Brady v. Maryland*, 373 US 83 (1963), *Giglio v United States*, 405 US 150 (1972), *United States v Bagley*, 473 US 667, 676 (1985), *Kyles v Whitley*, 514 US 419 (1995), and other authority.

*Mandatory Disclosures*

1. A list of the names and addresses of all lay and expert witnesses the prosecution may call at trial. See MCR 6.201(A)(1).

2. Any written or recorded statement, including electronically recorded statements, by any witness the prosecution may call at trial. See MCR 6.201(A)(2).

3. The curriculum vitae of any expert the prosecution may call at trial and either a report by the expert or a written description of the substance of the proposed testimony of the expert, the expert's opinion, and the underlying bases of the expert's opinions. See MCR 6.201(A)(3).

4. Any criminal record that the prosecution may use at trial to impeach a witness. See MCR 6.201(A)(4).

5. A description or list of the criminal convictions of any witness the prosecution may call at trial. See MCR 6.201(A)(5).

---

[1] Since the Indictment in this matter was returned by a one-judge grand juror – the Hon. David J. Newblatt -- pursuant to MCR 6.107, we are filing a separate motion addressed to the Hon. Duncan M. Beagle, Chief Judge of the 7th Circuit Court, seeking the testimony of all witnesses who appeared before Judge Newblatt, and all grand jury exhibits "touch[ing] on the guilt or innocence" of Governor Snyder for the alleged misdemeanor violations. See MCR 6.107(B).

6. A description of and an opportunity to inspect any tangible physical evidence that the prosecution may introduce at trial, including any document, photograph, or other paper, together with copies of such items. See MCR 6.201(A)(6).

*Information Known To The Prosecuting Attorney*

7. Any exculpatory information or evidence known to the prosecuting attorney. See MCR 6.201(B)(1) and *Brady v. Maryland*, 373 US 83 (1963).

8. Any police reports and interrogation records concerning the case. See MCR 6.201(B)(2).

9. Any written or recorded statements, including electronically recorded statements, by a defendant, co-defendant, or accomplice. See MCR 6.201(B)(3).

10. Any affidavit, warrant, and return pertaining to a search and/or seizure in connection with the case. See MCR 6.201(B)(4).

11. Any plea agreement, grant of immunity, or other agreement for testimony in connection with the case. See MCR 6.201(B)(5).

*Discovery Related To The Integrity of The Investigation*

12. Any and all evidence regarding the existence of a "taint team" or other document reviewer(s) used for this investigation to review subpoenaed or seized materials and electronic devices containing potentially privileged information, including but not limited to: (a) the names and titles of all personnel assigned to the taint team and each person's contact information; (b) any and all written policies, memoranda and/or directives provided to the taint team or other document reviewer(s), and the protocol that was followed. See letter from B. Lennon to F. Hammoud, dated 1.19.21 (attached).

13. To the extent not covered by MCR 6.201(A)(6), a description of and an opportunity to inspect the following:

   a. the "millions of documents and hundreds of new electronic devices" referred to in the Attorney General's Press Release of June 13, 2019.

   b. the "extraordinary amount of potential evidence not previously examined by law enforcement" that was obtained by search warrants referred to in the Attorney General's Press Release of June 13, 2019.

   c. the "new information relevant to the Flint Water Crisis" referred to in the Attorney General's Press Release of June 13, 2019.

14. Any and all evidence of or regarding the "conflict wall" referred to in the Attorney General's Press Release of May 2, 2019, including written policies, memoranda and/or directives, together with the identity of, and title and contact information for the personnel who had access to investigative and other material of the prosecution team and the protocol that was followed to maintain the integrity of the so called "conflict wall."

15. Any and all evidence of or regarding the release of information obtained during the investigative subpoena process conducted by the Office of Special Counsel under the direction of Todd Flood, to include the transcripts that were leaked to various news organizations in 2019.

16. To the extent not covered under 6.201(A)(3), all information identifying the individuals and/or firms who seized and/or imaged all electronic devices that were assigned to or used by personnel of the Executive Office of Governor Rick Snyder, and a description of the data and metadata that was extracted from each device. This request includes the actual Cellebrite reports for each of these devices, a copy of all procedures and protocols for the

4

extracting of data and metadata, and the chain of custody for each device and the data and metadata extracted. And with respect to all electronic devices that send and receive wireless transmissions, such as mobile telephones, please confirm the use of Faraday bags in the transportation of said devices from the location where the devices were seized to the location of the extraction of data.

17. Any and all emails, calendar entries, pictures, or other data or metadata associated with "personal" email accounts, such as email addresses ending in "@gmail.com," "@yahoo.com," "@hotmail.com," "@icloud.com," etc., for any and all members of the Executive Office of Governor Rick Snyder or any other witness.

18. Any and all messages, pictures, videos, or other data or metadata associated with any social media account such as Twitter, Facebook, Facebook Messenger, Instagram, Snapchat, LinkedIn, Google+, TikTok, etc. for any and all members of the Executive Office of Governor Rick Snyder or any other witness.

*Discovery Related To Venue*

19. Any and all evidence regarding Governor Snyder's presence in the City of Flint when he allegedly "fail[ed] to inquire into the performance, condition and administration of the public offices and officers that he appointed and was required to supervise. . ." as set forth in Count 1 of the Indictment. This request includes all mobile phone location data for Governor Snyder.

20. Any and all evidence regarding Governor Snyder's presence in the City of Flint when he allegedly "fail[ed] to declare a state of emergency . . ." as set forth in Count 2 of the Indictment. This request includes all mobile phone location data for Governor Snyder.

5

### *Discovery Related to Brady, Giglio, Bagley and Kyles*

21. To the extent not covered by MCR 6.201(B)(1), any and all information regarding:

    a. McLaren Hospital as the source/suspected source of the Legionnaires outbreak in and around Genesee County during all times relevant to the Indictment, including information from and communication with the U.S. Center for Disease Control and Prevention, the Genesee County Health Department, and/or the Genesee Prosecutor's Office.

    b. The Genesee County Health Department's investigation of any Legionnaires outbreak in and around Genesee County during all times relevant to the Indictment, including information from and communication with the U.S. Center for Disease Control and Prevention, the Genesee County Health Department, and/or the Genesee Prosecutor's Office.

    c. The Office of Special Counsel's communication with McLaren Hospital, the Genesee County Prosecutor, and/or the Genesee County Health Department, that resulted in the issuance of protective orders sought from and issued by a Genesee County Circuit Court Judge, all of which were overturned by the Michigan Court of Appeals in *Department of Health and Human Services v. Genesee Circuit Court*, MCOA # 334491 (Genesee Circuit Court # LC-16-000000-AZ).

22. To the extent not covered by MCR 6.201(A)(2) and (B)(1), the names of all persons interviewed by the Office of Special Counsel who stated or testified that they have never spoken to or communicated with Governor Snyder.

23. Any and all information in the possession of the Michigan Attorney General's Office, on both sides of the so called "conflict wall," regarding Veolia's role/impact on the drinking water quality in the City of Flint during all relevant times set forth in the Indictment, including but not limited to all communications in any form, between Veolia and State of Michigan agencies, departments, department heads, and employees.

Pursuant to MCR 6.201(F), please comply with this request within 21 days, and be mindful of the continuing duty to disclose as set forth in MCR 6.201(H).

Respectfully submitted,

WARNER, NORCROSS + JUDD LLP

Dated: January 19, 2021   By: *[signature]*

Brian P. Lennon (P47361)
Charles N. Ash, Jr. (P55941)
1500 Warner Building
150 Ottawa Avenue, N.W.
Grand Rapids, Michigan 49503
616.752.2000
blennon@wnj.com
cash@wnj.com

Judith S. Gracey (P39766)
The Gracey Law Firm
2200 Beechmont Street
Keego Harbor, MI 48320
248.221.7726
judith@thegraceylawfirm.com

Attorneys for Defendant