# **EXHIBIT 12**

# Lennon, Brian

| | |
|---|---|
| From: | Lennon, Brian |
| Sent: | Tuesday, April 13, 2021 4:37 PM |
| To: | Hammoud, Fadwa (AG) |
| Cc: | 'kworthy@waynecounty.com'; 'Kettler, Molly (AG-Contractor)'; 'Osikowicz, Bryant (AG)'; Ash Jr., Charles; Judith Gracey |
| Subject: | People v. Snyder - TIME SENSITIVE - Please Respond by COB April 15, 2021 |
| Attachments: | People v Joily II.pdf |
| | |
| Importance: | High |

SG Hammoud:

As we have begun to review the discovery received from your office, it is clear to us that you have produced executive privileged, attorney-client privileged, and attorney work product information <u>belonging not only to Governor Snyder</u>, but privileged materials belonging to <u>other defendants</u>. This is the type of "outrageous" conduct described by the Michigan Court of Appeals last month in *People v. Jolly* (attached) and a clear violation of the Michigan Rules of Professional Conduct. See MRPC 1.6 & 4.4.

Your prosecution and investigations teams <u>never</u> should have possessed such privileged information in the first place because it taints the case, which is why standard protocol calls for the use of a taint or filter team when you decided to conduct your investigation by executing search warrants rather than by subpoena. You failed to follow standard protocol by failing to use a taint team here, and admitted so months ago. It is now clear that you have done <u>nothing</u> to correct your initial mistake which we brought to your attention in January. Your team possessed, reviewed, and has now produced not only Governor Snyder's privileged information, but also the privileged information belonging to other defendants. When the remaining 19 million electronic documents are produced, we expect it will contain more privileged materials belonging to Governor Snyder and,<u> presumably all the other defendants</u>.

As you know, my client has never waived his privileges, and I am aware of no court order permitting you to violate my client's (or others') privileges, review privileged material, and then produce it to all the defendants.

We write today to demand that you <u>immediately</u> claw back all potentially privileged discovery from the defendants, and assemble an independent team of attorneys and investigators to review and segregate the privileged materials from that which your team can properly review, produce, and use. We also ask that all further production of electronic discovery (excluding police reports, reports of interviews, and Grand Jury materials), be halted until this independent review has been completed.

Finally, because your team has reviewed, and likely used, this privileged information, in violation of my client's due process rights and the Michigan Rules of Professional Conduct, your prosecution and investigation teams are disqualified from representing the People in these matters. Please confirm that you have removed and walled-off from the prosecution and investigation of this matter any team members who have reviewed these privileged materials. Please let us know your response no later than Thursday, April 15, 2021, whether you will agree to these remedial measures. If not, we will be filing a motion to disqualify your team and seek a protective order.

I will be in Detroit tomorrow and Thursday and will make myself available if you care to further discuss.

Brian Lennon

**Brian P. Lennon | Partner**
**Warner Norcross + Judd LLP**
1500 Warner Building, 150 Ottawa Ave N.W., Grand Rapids, MI 49503
d 616.752.2089 | blennon@wnj.com | profile | V-Card

This email and any attachments are solely for the confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or act in reliance on it or any attachments. If you received this email by mistake, please notify us immediately by email, and promptly delete this email and any attachments.

The attorney-client and work product privileges are not waived by the transmission of this email.