UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 13-53846

CITY OF DETROIT, MICHIGAN,            Chapter 9

                 Debtor.                         Judge Thomas J. Tucker
_____/

**OPINION AND ORDER REGARDING FURTHER PROCEEDINGS ON THE CONTEMPT MOTION FILED BY FORMER GOVERNOR RICHARD SNYDER**

This case came before the Court for a telephonic hearing on June 16, 2021, on the motion filed by former Governor Richard Snyder entitled "Interested Party Richard Snyder's Motion for (A) An Evidentiary Hearing and (B) An Order Holding the Michigan Department of Attorney General in Contempt and Granting Related Relief" (Docket # 13361, the "Motion"). At the conclusion of the hearing, the Court took the Motion under advisement, at least temporarily, and the Court indicated that it would file an order regarding what further proceedings are necessary, if any, and granting certain temporary relief of the type described in paragraph 6 of this Order. This is that Order.

Initially, the Court notes that the Michigan Department of Attorney General argues that former Governor Snyder lacks standing to bring the Motion. That is a contested issue that this Court will need to decide, but which the Court is not deciding today. For present purposes, even if former Governor Snyder lacks standing to seek the relief at issue, this Court has the authority to consider whether, as the Motion alleges, the Michigan Department of Attorney General has violated the confidentiality provisions contained in the mediation orders issued by this Court, and if so, to order appropriate remedies for such violation of this Court's orders.

First, as this Court has held previously, "[b]ankruptcy courts have civil contempt powers.

Those powers 'flow from Bankruptcy Code § 105(a) and the inherent power of a court to enforce compliance with its lawful orders.'" *In re City of Detroit, Michigan*, 614 B.R. 255, 264 (Bankr. E.D. Mich. 2020) (quoting *Schubiner v. Zolman* (*In re Schubiner*), 590 B.R. 362, 398 (Bankr. E.D. Mich. 2018)). Second, under Bankruptcy Code § 105(a), the bankruptcy court may "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders." *See* 11 U.S.C. § 105(a).

Now that the allegations of the Motion have been brought to this Court's attention, the Court will not ignore them. This is so regardless of whether former Governor Snyder has standing. Under the circumstances, further proceedings are necessary.

For good cause, and in part confirming certain action taken during the June 16, 2021 hearing (with respect to the provisions of paragraph 6 of this Order, below),[1]

IT IS ORDERED that:

1. No later than June 24, 2021, former Governor Richard Snyder (the "Movant") must file, as a supplement in support of his Motion, the following documents:

(a) all of the mediation-related documents cited on page 10 (pdf page 11) of the Movant's reply brief (Docket # 13391) ("AG_SG_PROD0016_0000036040," etc.); and

(b) a sample of other mediation-related documents of the type referred to in the Motion at page 8, footnote 5, to be selected by the Movant, not to exceed 25 such documents; and

(c) a sample of other mediation-related documents, to be selected by the Movant at random, as discussed during the hearing, not to exceed 25 such documents.

---

[1] The Court notes that during the hearing, counsel for the Michigan Department of Attorney General essentially consented to the substance, though not the actual wording, of the relief as provided in paragraph 6 of this Order. But even absent such consent, this Court now would order such relief.

2. All of the documents to be filed, as required by paragraph 1 of this Order, must be filed by the Movant under seal, in accordance with this Court's ECF Procedure 9.[2] The Movant must serve upon the Michigan Department of Attorney General (sometimes referred to below as the "Respondent"), through its counsel of record with respect to the Motion,[3] full and unredacted copies of all the documents the Movant files under seal, and file proof of such service.

3. No later than July 1, 2021, the Respondent must file, as a response to the Movant's supplement, a statement that clearly states whether the Respondent agrees that all of the documents filed under seal by the Movant were given by the Respondent's Flint Criminal Team[4] to Movant and each of the eight other defendants in the criminal cases referred to in Respondent's response to the Motion (Docket # 13375) at page 6, paragraph 10, as part of a document production in April or May 2021. If and to the extent the Respondent does not fully agree, Respondent must state specifically in what way(s) it disagrees.

4. No later than July 1, 2021, the Movant must file, as a separate supplement in support of its Motion, a description, not to exceed 5 pages in length, of the discovery that the Movant wishes leave to conduct relating to the Motion. Unless the Court orders otherwise in a future

---

[2] This Court's ECF Procedures, entitled "Administrative Procedures for Electronic Case Filing" are available on the Court's website, at:

http://www.mieb.uscourts.gov/sites/default/files/courtinfo/ECF%20Admin%20Procedures.pdf

The documents to be filed under seal should be filed in the Bankruptcy Court Clerk's office in Flint, Michigan, rather than in the Clerk's office in Detroit. This is because the Clerk's office in Detroit is currently closed to the public, for reasons related to the COVID-19 pandemic.

[3] *I.e.*, John D. VanDeventer and Fadwa A. Hammoud.

[4] As used in this Order, the phrase "Flint Criminal Team" has the meaning ascribed to it in the Respondent's response to the Motion (Docket # 13375) at page 2, paragraph 1.

order, this supplement may not be filed under seal. If, however, the Movant wishes to seek an order permitting this supplement to be filed under seal, on the ground that the supplement contains information that is confidential and not to be disclosed under this Court's previous mediation orders in this case, then Movant may file an ex parte motion seeking permission to file the supplement under seal, and may submit a proposed order granting such ex parte motion. The Court will promptly consider and rule on any such ex parte motion.

5. No later than July 8, 2021, the Respondent may file a response, not to exceed 5 pages in length, to the Movant's description of requested discovery referred to in paragraph 4 of this Order. Any such response is optional, but must be filed, if at all, no later than July 8, 2021. The provisions of the last three sentences of paragraph 4 of this Order apply to Respondent's optional response.

6. Effective immediately, and unless and until this Court orders otherwise in a future order, the Michigan Department of Attorney General is prohibited from disclosing to any person or entity any information or documents that are covered by the confidentiality provisions of this Court's previous mediation orders.[5] Such confidentiality provisions state the following, applicable to all mediation proceedings in this bankruptcy case:

> All proceedings, discussions, negotiation, and writings incident to mediation shall be privileged and confidential, and shall not be disclosed, filed or placed in evidence.[6]

---

[5] This paragraph of this Order is not meant to imply that the Respondent was not already prohibited from making such disclosure, by the Court's previously-entered mediation orders.

[6] *See, e.g.*, the Court's mediation orders at Docket ## 322, 542, 8468, 9176, 9964, 10227. A limited exception to the prohibition on disclosure was ordered by this Court in the Order at Docket # 9964.

This prohibition in this paragraph 6 of this Order applies to the entire Michigan Department of Attorney General, and all of its officers, agents, servants, employees, and attorneys, and all other persons who are in active concert or participation with any of the foregoing described persons, including, without limitation, all members of the Flint Criminal Team and all members of the Flint Civil Team.[7]

7. The Court will review the items filed as required and/or permitted by this Order, and thereafter the Court will decide what further proceedings, if any, are needed regarding the Motion, and will issue one or more orders or hearing notices as needed.

**Signed on June 17, 2021**  /s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**

---

[7] As used in this Order, the phrase "Flint Civil Team" has the meaning ascribed to it in the Respondent's response to the Motion (Docket # 13375) at page 2, paragraph 1.