UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In re

CITY OF DETROIT, MICHIGAN,

        Debtor.

Chapter 9

No. 13-53846

Hon. Thomas J. Tucker

_____/

**SUPPLEMENT IN SUPPORT OF
INTERESTED PARTY RICHARD SNYDER'S MOTION FOR (A) AN
EVIDENTIARY HEARING AND (B) AN ORDER HOLDING THE
MICHIGAN DEPARTMENT OF ATTORNEY GENERAL IN
CONTEMPT AND GRANTING RELATED RELIEF**

On June 17, 2021, this Court ordered Interested Party Richard Snyder ("Governor Snyder") to file a separate supplement in support of his *Motion for (a) an Evidentiary Hearing and (b) an Order Holding the Michigan Department of Attorney General in Contempt and Granting Related Relief* (the "Motion"). The Order specifically requested Governor Snyder to file "a description . . . of the discovery that [Governor Snyder] wishes leave to conduct relating the Motion."[1] (06/17/2021 Order.) This is the ordered supplemental filing requesting discovery.

## I. Governor Snyder Must Prove the Department's Conduct by Clear and Convincing Evidence

Governor Snyder must establish three elements:

(1) that the Department violated a definite and specific order of the court requiring it to perform or refrain from performing a particular act or acts;

(2) that the Department did so with knowledge of the court's order; and

(3) there is no fair ground of doubt as to whether the order barred the Department's conduct—i.e., no objectively reasonable basis for concluding that the Department's conduct might be lawful.

*See In re City of Detroit*, 614 B.R. 255, 265-66 (Bankr. E.D. Mich. 2020). Governor Snyder must prove the first two elements by clear and convincing evidence. *Id.* at

---

[1] "Discovery in a contested matter is permitted only upon a court order for cause shown." E.D. Mich. LBR 7026.3. Pursuant to Fed. R. Bankr. P. 9014(c), the panoply of discovery available under the Federal Rules of Civil Procedure is available here. *See e.g.*, Fed. R. Bankr. P. 7030 (depositions upon oral examination), 7033 (interrogatories), 7034 (production of documents), and 7036 (requests for admission).

1
13-53846-tjt    Doc 13411    Filed 07/01/21    Entered 07/01/21 13:33:22    Page 2 of 6

266. The Department may avoid being held in contempt by proving that its compliance with the order at issue was impossible. *Id.*; *see also Glover v. Johnson*, 138 F.3d 229, 244 (6th Cir. 1998).

II. **Governor Snyder Respectfully Requests Leave from this Court to Serve Written Discovery, Take Five Depositions, and Reserves His Right to Seek Further Leave from this Court to Take Up to Three Additional Depositions**

Governor Snyder seeks discovery to unearth facts that will enable him to carry his burden, especially as it relates to the second element. Michigan Solicitor General Fadwa Hammoud ("SG Hammoud") has already advised that the Michigan Department of Attorney General (the "Department") inexplicably opted not to use a taint or "filter" team to identify and segregate privileged materials it seized, reviewed, and has now begun to produce. And the documents produced speak for themselves.[2] Thus, the crux of the issue before the Court is who in the Department, on both sides of the conflict wall, did what and when that resulted in this breach of the Court's Mediation Confidentiality Orders? Who made the decision not to use a taint team, which could have easily identified these privileged documents? Was anyone in the Department concerned about the lack of a taint team or other protocols to protect privileged information? Did anyone even review or search the documents before they were disclosed to all nine criminal defendants? And if these documents

---

[2] On June 24, 2021, Governor Snyder filed under seal with this Court supplemental documents produced by the Department in violation of the Court's Mediation Confidentiality Orders. Those documents are incorporated by reference.

2
13-53846-tjt    Doc 13411    Filed 07/01/21    Entered 07/01/21 13:33:22    Page 3 of 6

were reviewed by the prosecution team, how was that review performed? Thus, Governor Snyder respectfully requests leave from this Court to find the answers to these and other questions as described in further detail below. *See In re Caldwell*, No. 18-32346-JDA, 2019 WL 5616908, at *2 (Bankr. E.D. Mich. Oct. 30, 2019) (granting an evidentiary hearing and limited discovery in connection with a motion seeking civil contempt sanctions for a violation of the bankruptcy court's order).

***Requested Interrogatories and Requests for Production***

Governor Snyder respectfully requests leave to serve discovery requests on both the Flint Criminal Team and Flint Civil Team in accordance with Fed. R. Bankr. P. 7033 and 7034. For the Court's convenience, attached hereto as Exhibit A and Exhibit B are Governor Snyder's discovery requests. These requests are narrowly tailored to elicit responses and documents regarding the steps taken to locate and remove privileged and confidential documents from the productions issued to Governor Snyder and others to date.

***Requested Depositions***

At this time, Governor Snyder respectfully requests to depose the following entities and individuals in accordance with Fed. R. Bankr. P. 7030:

- 30(b)(6) Representative of the Flint Criminal Team: Attached hereto as Exhibit C is a 30(b)(6) Notice and Addendum.

- 30(b)(6) Representative of the Department/Flint Civil Team, which does not include the Flint Criminal Team: Attached hereto as Exhibit D is a 30(b)(6) Notice and Addendum.

- SG Hammoud: Shortly after SG Hammoud was appointed to lead the Flint Criminal Team, Governor Snyder's Counsel wrote to SG Hammoud offering to explain the document production protocols used to segregate privileged information in response to investigative subpoenas from her predecessor, the Office of Special Counsel. Those offers were never accepted. Instead, SG Hammoud's team executed search warrants on the Flint Civil Team and its eDiscovery vendor, KLDiscovery, which was the custodian for all documents and devices of Governor Snyder after he left office. SG Hammoud and her team never used an independent taint team to segregate privileged and confidential documents. Despite numerous warnings, in early 2021 SG Hammoud's Team began disclosing privileged and confidential documents, including the Court-ordered protected documents described in the Motion.

- Christina Grossi: Deputy Attorney General (DAG) Grossi has acknowledged that the Department made some effort to claw back privileged documents from the Flint Criminal Team. The nature of the effort and by whom has not been answered, despite specific requests for such information from Governor Snyder. *See In re City of Detroit*, Case No. 13-53846, ECF No. 13391, Exs. 8, 9, 13.

- Richard Kuhl: Assistant Attorney General (AAG) Kuhl is assigned to the Flint Civil Team and is one of the lead Department lawyers representing Governor Snyder in the Flint Civil Litigation. AAG Kuhl and his team were the custodians for the documents and devices of Governor Snyder and others who worked in the Executive Office of the Governor. Based on information and belief, after receiving the search warrants for documents stored with the Department's eDiscovery vendor, AAG Kuhl warned the Flint Criminal Team, and possibly SG Hammoud herself, that the documents and devices she was seizing contained attorney-client and confidential mediation materials. Further, based on information and belief, at some point in early 2021, after SG Hammoud's team announced that it intended to release approximately 21 million documents in discovery, AAG Kuhl reached out to either SG Hammoud, her investigators, and possibly his leadership in the Department warning them that documents the Flint Criminal Team was likely to disclose contained privileged materials that are the subject of the Motion.

Additionally, Governor Snyder respectfully requests to reserve his right to seek leave from this Court to conduct three more depositions depending on the responses to his written discovery.

*Timing*

If the Court allows Governor Snyder to conduct limited discovery, he respectfully requests 7 days from the date of such order to serve written discovery, at which point, the Flint Criminal Team and the Flint Civil Team shall be afforded 30 days to respond. Governor Snyder further seeks 14 days from the date he receives written responses and documents to promptly review the same and determine whether additional depositions are needed. Governor Snyder anticipates that all depositions will be completed no later than October 15, 2021.

Dated: July 1, 2021    */s/ Stephen B. Grow*
Brian P. Lennon
Charles N. Ash
Stephen B. Grow
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
616.752.2000
blennon@wnj.com
cash@wnj.com
sgrow@wnj.com

Attorneys for Interested Party Richard Snyder

21930871-1