# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9

No. 13-53846

Hon. Thomas J. Tucker

_____/

**INTERESTED PARTY RICHARD SNYDER'S
FIRST DISCOVERY REQUESTS TO THE FLINT CRIMINAL TEAM
AT THE OFFICE OF THE MICHIGAN ATTORNEY GENERAL**

Pursuant to Federal Rule of Civil Procedure 33 and 34 and Federal Rules of Bankruptcy 7033 and 7034, Richard Snyder, by his counsel Warner Norcross & Judd LLP, ("Governor Snyder"), hereby requests and propounds the following Interrogatories and Requests for Production (hereinafter the "Discovery Requests") to the Michigan Department of Attorney General, Flint Criminal Team[1] to be answered separately and fully, in writing, no later than 30 days after service hereof. The responses and documents herein requested are to be produced at the offices of

---

[1] While discovery requests are being served on the Michigan Department of Attorney General, for purposes of clarity, Governor Snyder directs these particular Discovery Requests to the "Flint Criminal Team" (as defined in the Michigan Department of Attorney General's Response to the pending motion, which is also restated below). *See In re City of Detroit*, Case No. 13-53846, ECF No. 13375, p. 2. Separate discovery requests are being directed to the Michigan Department of Attorney General, except for the Flint Criminal Team.

Warner, Norcross + Judd LLP, 150 Ottawa Avenue, N.W., Suite 1500, Grand Rapids, Michigan 49503.

## INSTRUCTIONS APPLICABLE TO DISCOVERY REQUESTS

1. Pursuant to Federal Rule of Civil Procedure 33(b)(3), made applicable here pursuant to Federal Rule of Bankruptcy 7033, the Interrogatories directed to you should be answered separately and fully in writing under oath. Unless the context of a particular Interrogatory below indicates otherwise, each Interrogatory calls not only for your knowledge, but also for information which is available to you by reasonable inquiry, including inquiries to all of your attorneys, agents, representatives and employees. Please repeat each Interrogatory before your response.

2. All of these Discovery Requests are continuing. Accordingly, should new information come to light subsequent to the filing of each original response, you should amend and supplement separately your responses to reflect such newly discovered information pursuant to Federal Rule of Civil Procedure 26, made applicable here by Federal Rule of Bankruptcy 7026.

3. If any of these Discovery Requests cannot be answered by you and you know or have reason to know of a person or entity who might be able to answer, please identify such person or entity.

4. If you claim that any information sought in these Discovery Requests is privileged or subject to the work product doctrine and you decline to provide such information, state:

    (a) The nature of and the basis for your assertion of privilege or the work product doctrine;

    (b) The general subject matter of the information; and

    (c) The names and address of all persons who have knowledge of the information or to whom the information has been disclosed.

5. Unless expressly stated otherwise, these Discovery Requests encompass the time period from the formation of the Flint Criminal Team through the present date.

**DEFINITIONS APPLICABLE TO DISCOVERY REQUESTS**

For the purpose of these Discovery Requests and the instructions and definitions hereto, unless the context clearly indicates otherwise, the following definitions apply to the terms and phrases specified:

1. "You," "your," or "Flint Criminal Team" shall refer to the Flint Criminal Team at the Michigan Department of Attorney General and its attorneys and other individuals investigating and prosecuting crimes from the Flint water crisis, as that term is used within the Michigan Department of Attorney General's

Response in Opposition to Richard Snyder's pending motion before this Court. *See In re City of Detroit*, Case No. 13-53846, ECF No. 13375, p. 2.

2. "Department" shall refer to the Michigan Department of Attorney General and its attorneys, agents, and employees, not including the Flint Criminal Team.

3. "Flint defendants" shall refer to the nine individuals that have been indicted in Genesee County related to the Flint Water Crisis, including Jarrod Agen, Gerald Ambrose, Richard Baird, Howard Croft, Darnell Earley, Nicolas Lyon, Nancy Peeler, Richard Snyder and Dr. Eden Wells.

4. "Search Warrant" shall mean the search warrant(s) executed during the investigation conducted by the Flint Criminal Team as described in Deputy Attorney General Christina Grossi's May 25, 2021 email. *See In re City of Detroit*, Case No. 13-53846, ECF No. 13391, Ex. 13.

5. "Database" shall mean all electronic files, documents, and other materials seized in the execution of the Search Warrant.

6. "Document" and "documents" where used in these Discovery Requests include every writing and record of every type and description, including, but not limited to, the original and any non-identical copy of all written, printed, recorded, graphic or photographic matter, however produced or reproduced, and any information stored on a computer or a computer disk or tape or other computer storage mechanism,

and any tangible thing, including, but not limited to, letters, reports, contracts, agreements, communications (defined below), computer disks or tapes or other computer storage mechanisms and hard copies of their contents, hard copies of contents of computer hard drives, memoranda, summaries, notations or records of personal conversations, emails, text messages, logs, notes, diaries, calendars, appointment books, day books, books, charts, pamphlets, notebooks, reports, resumes, drafts of any documents, revisions of any documents or drafts of documents, receipts, financial statements, accounting work papers, news articles, photographs, slides, videotapes, or any other information or data, records, summaries or compilations (including all underlying, preparatory materials and drafts) from which information can be obtained, or translated, if necessary, into reasonably usable form, and any and all papers and documents similar to the foregoing, however denominated or classified. Handwritten, stamped, typed or any other notations of any kind on any copy of a document render it non-identical. Any document which contains any comments, notations, additions, deletions, insertions or markings of any kind which are not on another document is to be construed as a separate document.

7. "Communication(s)" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral, or other means including, but not limited to, electronic communications.

8. The term "identify" when used in relation to a person, means state separately the following distinguishing information for that individual: name, last known business address, last known residential address, and telephone number. If the item being identified is not an individual, but rather a legal entity or organization, additionally state separately the person(s) employed by or representing the legal entity or organization who have knowledge relating to the matter involved.

9. The term "identify," when used in relation to a communication, means state separately the following distinguishing information: the date; the means of the communication; the name and background of the persons involved, including last known addresses, and telephone number; the subject of the communication; and the location(s) where the communication occurred.

10. The term "identify," when used in relation to a document, means to state separately the author, the date of preparation, summarize the document's contents, and the name of the person who is its present custodian.

11. "Confidential Mediation Documents" shall refer to any document protected by this Court's orders mandating the confidentiality of documents and any privileged or non-privileged communications related to the mediations conducted by Chief U.S. District Judge (Ret.) Gerald E. Rosen and his designees.

12. "All documents" or "any documents" means every document, whether an original or a copy, paper or electronic, which is within your possession, custody or control or otherwise known or available to you.

13. "Relating to" means concerning, commenting upon, comprising, constituting, containing, describing, discussing, documenting, embodying, evincing, identifying, incorporating, referring to, regarding, supporting, substantiating, summarizing, or otherwise pertinent to the matter or any aspect thereof.

## **INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, made applicable here pursuant to Federal Bankruptcy Rule 7033, Governor Snyder requests that you furnish answers to the following Interrogatories:

1. Identify all individuals from the Flint Criminal Team who had any responsibilities, performed any tasks, or engaged in any communications with the Department related to the Search Warrant. For each individual, please (a) identify his/her title or role, (b) identify the responsibilities or tasks performed by him/her related to the Search Warrant, and (c) identify all communications he/she had with any member of the Department.

**RESPONSE:**

2. Identify all individuals from the Flint Criminal Team who had knowledge that documents obtained by the Flint Criminal Team pursuant to the Search Warrant contained Confidential Mediation Documents. For each individual, please (a) identify his/her title or role, (b) identify when he/she obtained such knowledge, (c) identify all communications he/she had with any member of the Department or within the Flint Criminal Team regarding such knowledge, and (d) all actions he/she took regarding such knowledge.

**RESPONSE**:


3. Identify all individuals from the Flint Criminal Team who had knowledge that documents obtained by the Flint Criminal Team pursuant to the Search Warrant contained information subject to the attorney-client privilege or work product doctrine. For each individual, please (a) identify his/her title or role, (b) identify when he/she obtained such knowledge, (c) identify all communications he/she had with any member of the Department or within the Flint Criminal Team regarding such knowledge, and (d) all actions he/she took regarding such knowledge.

**RESPONSE**:

8

4. Describe in detail all steps you took to locate and remove Confidential Mediation Documents from the document productions to the Flint defendants.

**RESPONSE**:

5. Describe in detail all steps you took to locate and remove documents that contained information subject to the attorney-client privilege or work product doctrine from the document productions to the Flint defendants.

**RESPONSE**:

6. The Department has represented the following to the Court in this matter: "From the beginning of the Department's investigation and prosecution of the crimes related to the Flint water crisis, the Department has taken several steps to preserve and to prevent the disclosure of confidential information." *See In re City of Detroit*, Case No. 13-53846, ECF No. 13375, p. 1-2. Is this an accurate statement, based on the information available to you? If so, identify each one of the "several steps" you took to "preserve and to prevent the disclosure of confidential information."

**RESPONSE**:

7. Describe in detail all steps you took to locate and remove unresponsive documents from the document productions to the Flint defendants.

**RESPONSE**:

8. Regarding the database, if Technology Assisted Review ("TAR") was used to locate Confidential Mediation Documents, documents subject to the attorney-client privilege or work product doctrine, and/or responsive documents, please describe:

   a. The specific instance of TAR that was used (i.e., Brainspace, Relativity Active Learning, etc.).

   b. List the individuals who conducted the TAR.

   c. How many documents were in the database prior to the use of TAR?

   d. Describe generally the TAR process you used and the results it yielded.

   e. How many documents did the TAR identify as likely Confidential Mediation Documents?

   f. How many documents did the TAR identify as likely not Confidential Mediation Documents?

   g. How many documents did the TAR identify as likely containing information subject to the attorney-client privilege or work product doctrine?

h. How many documents did the TAR identify as likely containing information subject to the attorney-client privilege or work product doctrine?

i. How many documents did the TAR identify as likely responsive?

j. How many documents did the TAR identify as likely not responsive?

k. Did your TAR produce precision and recall rates? If so, what were the precision and recall rates?

l. How many documents, if any, were not able to be categorized by TAR?

**RESPONSE**:


9. Regarding the database, for any document TAR was not able to categorize, state if and how these documents were reviewed.

**RESPONSE**:


10. Regarding the database, how many documents did you withhold as Confidential Mediation Documents prior to this Court's Order dated June 17, 2021? *See In re City of Detroit*, Case No. 13-53846, ECF No. 13399.

**RESPONSE**:

11. Regarding the database, how many documents did you withhold as subject to the attorney-client privilege or work product doctrine prior to this Court's Order dated June 17, 2021? *See In re City of Detroit*, Case No. 13-53846, ECF No. 13399.

**RESPONSE**:


12. How many documents did you withhold as not responsive prior to this Court's Order dated June 17, 2021? *See In re City of Detroit*, Case No. 13-53846, ECF No. 13399.

**RESPONSE**:


13. Prior to production of any documents to the Flint defendants, state whether you inquired whether the database likely contained Confidential Mediation Documents. If so, please note (a) name of the individual(s) who inquired with the Department, (b) whether the inquiry was in writing or oral, (c) describe the substance of the inquiry, and (d) date of the inquiry.

**RESPONSE**:


14. Prior to production of any documents to the Flint defendants, state whether you inquired whether the database likely contained documents subject to

the attorney-client privilege or work product doctrine. If so, please note (a) name of the individual(s) who inquired with the Department, (b) whether the inquiry was in writing or oral, (c) describe the substance of the inquiry, and (d) date of the inquiry.

**RESPONSE**:


15. Prior to production of any documents to the Flint defendants, state whether you inquired whether the database likely contained documents subject to any court order requiring confidentiality. If so, please note (a) name of the individual(s) who inquired with the Department, (b) whether the inquiry was in writing or oral, (c) describe the substance of the inquiry, and (d) date of the inquiry.

**RESPONSE**:


16. Prior to production of any documents to the Flint defendants, state whether you were ever notified that the database likely contained Confidential Mediation Documents. For each notice, please note (a) name of individual(s) who provided notice, (b) whether the notice was in writing or oral, (c) describe what the notice contained, (d) date of the notice, (e) list what steps you took following the notice to protect the Confidential Mediation Documents.

**RESPONSE**:

17. Prior to production of any documents to the Flint defendants, state whether you were ever notified that the database likely contained documents subject to the attorney-client privilege or work product doctrine. For each notice, please note (a) name of individual(s) who provided notice, (b) whether the notice was in writing or oral, (c) describe what the notice contained, (d) date of the notice, (e) list what steps you took following the notice to protect the attorney-client privilege or work product doctrine.

**RESPONSE**:


18. Prior to production of any documents to the Flint defendants, state whether you were ever notified that the database likely contained documents subject to any court order requiring confidentiality. For each notice, please note (a) name of individual(s) who provided notice, (b) whether the notice was in writing or oral, (c) describe what the notice contained, (d) date of the notice, (e) list what steps you took following the notice to protect the documents subject to any court order requiring confidentiality.

**RESPONSE**:

19. Identify who made the decision not to use a "taint" or "filter" team and the reasons for that decision. Include in your answer the date on which that decision was made.

**RESPONSE**:

20. State if you ever searched for "Privileged" "confidential" or "mediation" or "mediation privileged" in the database prior to production.

   a. If your answer is no, why was this search not performed?

   b. If your answer is yes, how many documents were located and withheld from production?

**RESPONSE**:

## **REQUESTS FOR PRODUCTION**

Pursuant to Federal Rule of Civil Procedure 34, made applicable here pursuant to Federal Bankruptcy Rule 7034, Governor Snyder requests that you respond to each request for production below:

1. Produce all documents and communications identified in your responses to each Interrogatory.

**RESPONSE**:

2. Produce all documents and communications that support, evidence, refute, or in any way substantiate your responses to each Interrogatory.

**RESPONSE**:

3. Produce all documents and communications relating to your notice of this Court's mediation orders that form the basis of Governor Snyder's pending motion.

**RESPONSE**:

4. On January 20, 2021, Solicitor General Fadwa Hammoud stated, "[N]o, we did not use a taint team." *See In re City of Detroit*, Case No. 13-53846, ECF No. 13391, Ex. 11. Produce all documents and communications relating to the decision not to use a taint team to screen for privileged and confidential documents, including Confidential Mediation Documents.

**RESPONSE**:

5. Produce all documents and communications relating to whether the Flint Criminal Team had notice or information that the documents seized pursuant to the Search Warrant may have contained privileged and/or confidential information, including Confidential Mediation Documents.

**RESPONSE:**

6. On May 25, 2021, Deputy Attorney General Christina Grossi stated, "Lastly, you know the same information that we do about the privileged documents. The documents were taken pursuant to a search warrant (as you know) and we sent claw back emails when we found out they were being produced in discovery in the criminal case (as you also know)." *See In re City of Detroit*, Case No. 13-53846, ECF No. 13391, Ex. 13. Please produce all "claw back emails" and all documents relating to the "claw back emails."

**RESPONSE:**

Dated: July 1, 2021

*/s/ Stephen B. Grow*
Brian P. Lennon (P47361)
Charles N. Ash (P55941)
Stephen B. Grow (P39622)
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
616.752.2000
blennon@wnj.com
cash@wnj.com
sgrow@wnj.com

Attorneys for Interested Party Richard Snyder

21929596-1