# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9

No. 13-53846

Hon. Thomas J. Tucker

_____/

## INTERESTED PARTY RICHARD SNYDER'S
## FIRST DISCOVERY REQUESTS TO THE MICHIGAN DEPARTMENT OF ATTORNEY GENERAL (Except for the Flint Criminal Team)

Pursuant to Federal Rule of Civil Procedure 33 and 34 and Federal Rules of Bankruptcy 7033 and 7034, Richard Snyder, by his counsel Warner Norcross & Judd LLP, ("Governor Snyder"), hereby requests and propounds the following Interrogatories and Requests for Production (hereinafter the "Discovery Requests") to the Michigan Department of Attorney General (except for the Flint Criminal Team)[1] to be answered separately and fully, in writing, no later than 30 days after

---

[1] While discovery requests are being served on the Michigan Department of Attorney General, for purposes of clarity, Governor Snyder directs these particular Discovery Requests to the Michigan Department of Attorney General, except for the "Flint Criminal Team" (as defined in the Michigan Department of Attorney General's Response to the pending Motion, which is also restated below). *See In re City of Detroit*, Case No. 13-53846, ECF No. 13375, p. 2. Separate discovery requests are being directed to the Michigan Department of Attorney General's Flint Criminal Team.

service hereof. The responses and documents herein requested are to be produced at the offices of Warner, Norcross + Judd LLP, 150 Ottawa Avenue, N.W., Suite 1500, Grand Rapids, Michigan 49503.

## INSTRUCTIONS APPLICABLE TO DISCOVERY REQUESTS

1. Pursuant to Federal Rule of Civil Procedure 33(b)(3), made applicable here pursuant to Federal Rule of Bankruptcy 7033, the Interrogatories directed to you should be answered separately and fully in writing under oath. Unless the context of a particular Interrogatory below indicates otherwise, each Interrogatory calls not only for your knowledge, but also for information which is available to you by reasonable inquiry, including inquiries to all of your attorneys, agents, representatives and employees. Please repeat each Interrogatory before your response.

2. All of these Discovery Requests are continuing. Accordingly, should new information come to light subsequent to the filing of each original response, you should amend and supplement separately your responses to reflect such newly discovered information pursuant to Federal Rule of Civil Procedure 26, made applicable here by Federal Rule of Bankruptcy 7026.

3. If any of these Discovery Requests cannot be answered by you and you know or have reason to know of a person or entity who might be able to answer, please identify such person or entity.

4. If you claim that any information sought in these Discovery Requests is privileged or subject to the work product doctrine and you decline to provide such information, state:

    (a) The nature of and the basis for your assertion of privilege or the work product doctrine;

    (b) The general subject matter of the information; and

    (c) The names and address of all persons who have knowledge of the information or to whom the information has been disclosed.

5. Unless expressly stated otherwise, these Discovery Requests encompass the time period from the formation of the Flint Civil Team[2] through the present date.

## DEFINITIONS APPLICABLE TO DISCOVERY REQUESTS

For the purpose of these Discovery Requests and the instructions and definitions hereto, unless the context clearly indicates otherwise, the following definitions apply to the terms and phrases specified:

---

[2] "Flint Civil Team" shall refer to the Flint Civil Team at the Michigan Department of Attorney General and its attorneys, agents, employees, and other individuals, as that term is used within the Michigan Department of Attorney General's Response in Opposition to Richard Snyder's pending motion before this Court. *See In re City of Detroit*, Case No. 13-53846, ECF No. 13375, p. 2.

1. "You," "your," or "Department" shall refer to the Michigan Department of Attorney General and its attorneys, agents, and employees, not including the Flint Criminal Team.

2. "Flint Criminal Team" shall refer to the Flint Criminal Team at the Michigan Department of Attorney General and its attorneys, agents, employees, and other individuals investigating and prosecuting crimes from the Flint water crisis, as that term is used within the Michigan Department of Attorney General's Response in Opposition to Richard Snyder's pending motion before this Court. *See In re City of Detroit*, Case No. 13-53846, ECF No. 13375, p. 2.

3. "Flint defendants" shall refer to the nine individuals that have been indicted in Genesee County related to the Flint Water Crisis, including Jarrod Agen, Gerald Ambrose, Richard Baird, Howard Croft, Darnell Earley, Nicolas Lyon, Nancy Peeler, Richard Snyder and Dr. Eden Wells.

4. "Search Warrant" shall mean the search warrant(s) executed during the Flint Criminal Team's investigation as described in Deputy Attorney General Christina Grossi's May 25, 2021 email. *See In re City of Detroit*, Case No. 13-53846, ECF No. 13391, Ex. 13.

5. "Document" and "documents" where used in these Discovery Requests include every writing and record of every type and description, including, but not limited to, the original and any non-identical copy of all written, printed, recorded,

graphic or photographic matter, however produced or reproduced, and any information stored on a computer or a computer disk or tape or other computer storage mechanism, and any tangible thing, including, but not limited to, letters, reports, contracts, agreements, communications (defined below), computer disks or tapes or other computer storage mechanisms and hard copies of their contents, hard copies of contents of computer hard drives, memoranda, summaries, notations or records of personal conversations, emails, text messages, logs, notes, diaries, calendars, appointment books, day books, books, charts, pamphlets, notebooks, reports, resumes, drafts of any documents, revisions of any documents or drafts of documents, receipts, financial statements, accounting work papers, news articles, photographs, slides, videotapes, or any other information or data, records, summaries or compilations (including all underlying, preparatory materials and drafts) from which information can be obtained, or translated, if necessary, into reasonably usable form, and any and all papers and documents similar to the foregoing, however denominated or classified. Handwritten, stamped, typed or any other notations of any kind on any copy of a document render it non-identical. Any document which contains any comments, notations, additions, deletions, insertions or markings of any kind which are not on another document is to be construed as a separate document.

6. "Communication(s)" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document,

instruction, information, demand or question by any medium, whether by written, oral, or other means including, but not limited to, electronic communications.

7. The term "identify" when used in relation to a person, means state separately the following distinguishing information for that individual: name, last known business address, last known residential address, and telephone number. If the item being identified is not an individual, but rather a legal entity or organization, additionally state separately the person(s) employed by or representing the legal entity or organization who have knowledge relating to the matter involved.

8. The term "identify" when used in relation to a communication, means state separately the following distinguishing information: the date; the means of the communication; names and background of the persons involved, including last known addresses, and telephone number; the subject of the communication; and the location(s) where the communication occurred.

9. The term "identify" when used in relation to a document, means to state separately the author, the date of preparation, summarize the document's contents, and the name of the person who is its present custodian.

10. "Confidential Mediation Documents" shall refer to any document protected by this Court's orders mandating the confidentiality of documents and any privileged or non-privileged communications related to the mediations conducted by Chief U.S. District Judge (Ret.) Gerald E. Rosen and his designees.

11. "All documents" or "any documents" means every document, whether an original or a copy, paper or electronic, which is within your possession, custody or control or otherwise known or available to you.

12. "Relating to" means concerning, commenting upon, comprising, constituting, containing, describing, discussing, documenting, embodying, evincing, identifying, incorporating, referring to, regarding, supporting, substantiating, summarizing, or otherwise pertinent to the matter or any aspect thereof.

## **INTERROGATORIES**

Pursuant to Federal Rule of Civil Procedure 33, made applicable here pursuant to Federal Rule of Bankruptcy 7033, Governor Snyder requests that you furnish answers to the following Interrogatories:

1. Identify all individuals from the Department who had any responsibilities, performed any tasks, or engaged in any communications with the Flint Criminal Team related to the Search Warrant. For each individual, please (a) identify his/her title or role, (b) identify the responsibilities or tasks performed by him/her related to the Search Warrant, and (c) identify all communications he/she had with any member of the Flint Criminal Team.

**RESPONSE:**

2. Identify all individuals from the Department who had knowledge that documents obtained by the Flint Criminal Team pursuant to the Search Warrant contained Confidential Mediation Documents. For each individual, please (a) identify his/her title or role, (b) identify when he/she obtained such knowledge, (c) identify all communications he/she had with any member of the Flint Criminal Team or within the Department regarding such knowledge, and (d) all actions he/she took regarding such knowledge.

**RESPONSE**:


3. Identify all individuals from the Department who had knowledge that documents obtained by the Flint Criminal Team pursuant to the Search Warrant contained information subject to the attorney-client privilege or work product doctrine. For each individual, please (a) identify his/her title or role, (b) identify when he/she obtained such knowledge, (c) identify all communications he/she had with any member of the Flint Criminal Team or within the Department regarding such knowledge, and (d) all actions he/she took regarding such knowledge.

**RESPONSE**:


4. State whether you ever notified the Flint Criminal Team that the documents it had obtained pursuant to the Search Warrant contained Confidential

Mediation Documents. If so, please note (a) name of the individual(s) who gave notice to the Flint Criminal Team, (b) whether the notice was in writing or oral, (c) describe the substance of the notice, including whether he/she specifically referenced Confidential Mediation Documents, and (d) date of the notice.

**RESPONSE**:

5. State whether you ever notified the Flint Criminal Team that the documents it had obtained pursuant to the Search Warrant contained information subject to the attorney-client privilege or work product doctrine. If so, please note (a) name of the individual(s) who gave notice to the Flint Criminal Team, (b) whether the notice was in writing or oral, (c) describe the substance of the notice, including whether he/she specifically referenced the attorney-client privilege and work product doctrine, and (d) date of the notice.

**RESPONSE**:

6. Identify all meetings of the Attorney General's executive team or between AG Dana Nessel and SG Fadwah Hammoud at which any of the following topics were discussed: (a) the prosecution of the Flint defendants, (b) the production of privileged or confidential documents to the Flint defendants, and/or (c) the procedures used or not used (including the failure to use a "taint" or "filter" team)

by the Flint Criminal Team in the review of documents. Include in your response the names of the individuals present at the meeting and a summary of the discussion.

**RESPONSE**:

7. The Department has represented the following to the Court in this matter: "In short, no attorney on the Flint Criminal Team could have knowingly violated a mediation order entered by this Court because they were not a party to the mediation and could not discuss with other attorneys any mediation documents obtained through a search warrant without violating the Flint Conflict Wall." *See In re City of Detroit*, Case No. 13-53846, ECF No. 13375, p. 18. Are you aware of any member of the Flint Criminal Team who was aware of this Court's mediation orders prior to May 12, 2021? If so, please identify each individual and the date on which he/she became aware of this Court's mediation orders.

**RESPONSE**:

8. Identify all filed cases or public investigations within the last five years in which the Department has used a "taint" or "filter" team to identify and screen privileged information.

**RESPONSE**:

9. The Department has represented the following to the Court in this matter: "From the beginning of the Department's investigation and prosecution of the crimes related to the Flint water crisis, the Department has taken several steps to preserve and to prevent the disclosure of confidential information." *See In re City of Detroit*, Case No. 13-53846, ECF No. 13375, p. 1-2. Is this an accurate statement, based on the information available to you? Include in your answer a description of your understanding of the protocols or processes used by the Flint Criminal Team to identify and segregate privileged or confidential information obtained as a result of the Search Warrant.

**RESPONSE**:

10. State whether the Flint Criminal Team ever inquired with you whether the documents obtained pursuant to the Search Warrant contained Confidential Mediation Documents, information subject to the attorney-client privilege or work product doctrine, or information subject to any court order requiring confidentiality. If so, please note (a) name of the individual(s) who inquired with the Department, (b) whether the inquiry was in writing or oral, (c) describe the substance of the inquiry, including whether it specifically referenced Confidential Mediation Documents, the attorney-client privilege or work product doctrine, or any court order requiring confidentiality, and (d) date of the inquiry.

**RESPONSE**:

## REQUESTS FOR PRODUCTION

Pursuant to Federal Rule of Civil Procedure 34, made applicable here pursuant to Federal Rule of Bankruptcy 7034, Governor Snyder requests that you respond to each request for production below:

1. Produce all documents and communications identified in your responses to each Interrogatory.

**RESPONSE**:


2. Produce all documents and communications that support, evidence, refute, or in any way substantiate your responses to each Interrogatory.

**RESPONSE**:


3. Produce all documents and communications relating to your notice of this Court's mediation orders that form the basis of Governor Snyder's pending motion.

**RESPONSE**:

4. On May 25, 2021, Deputy Attorney General Christina Grossi stated, "Lastly, you know the same information that we do about the privileged documents. The documents were taken pursuant to a search warrant (as you know) and we sent claw back emails when we found out they were being produced in discovery in the criminal case (as you also know)." *See In re City of Detroit*, Case No. 13-53846, ECF No. 13391, Ex. 13. Please produce all "claw back emails" and all documents relating to the "claw back emails."

**RESPONSE**:


5. Produce all documents and communications relating to notice or information you gave the Flint Criminal Team regarding whether the documents seized pursuant to the Search Warrant may have contained privileged and/or confidential information, including Confidential Mediation Documents.

**RESPONSE**:

Dated: July 1, 2021

/s/ Stephen B. Grow
Brian P. Lennon (P47361)
Charles N. Ash (P55941)
Stephen B. Grow (P39622)
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
616.752.2000
blennon@wnj.com
cash@wnj.com
sgrow@wnj.com

Attorneys for Interested Party Richard Snyder

21924209-2