# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

In re

CITY OF DETROIT, MICHIGAN,

        Debtor.

Chapter 9

No. 13-53846

Hon. Thomas J. Tucker

_____/

## INTERESTED PARTY RICHARD SNYDER'S NOTICE OF FRCP 30(b)(6) DEPOSITION OF THE FLINT CRIMINAL TEAM AT THE OFFICE OF THE MICHIGAN ATTORNEY GENERAL

Pursuant to Federal Rule of Civil Procedure 30(b)(6), made applicable here pursuant to Federal Rule of Bankruptcy 7030, counsel for Interested Party Governor Snyder ("Governor Snyder") will take the deposition of the Flint Criminal Team at the Office of the Michigan Attorney General (the "Flint Criminal Team")[1] beginning at 9:30 a.m. on [DATE], at the offices of Warner, Norcross + Judd LLP, 150 Ottawa Avenue, N.W., Suite 1500, Grand Rapids, Michigan 49503, or upon a mutually agreeable date and location to be determined by counsel for Governor Snyder and

---

[1] Governor Snyder directs this particular 30(b)(6) notice to the "Flint Criminal Team" (as defined in the Michigan Department of Attorney General's Response to the pending motion, which is also restated below). *See In re City of Detroit*, Case No. 13-53846, ECF No. 13375, p. 2. A separate 30(b)(6) notice has been served on the Michigan Department of Attorney General, except for the Flint Criminal Team.

the Flint Criminal Team. The examination will continue from day to day until completed.

The Flint Criminal Team is requested to designate one or more employees, agents, or other persons who consent to testify on its behalf, regarding the topics listed on the attached addendum, before a notary public or some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed. Please be advised that this deposition will be recorded by videotape in addition to stenographic recording.

Dated: July 1, 2021

/s/ Stephen B. Grow
Brian P. Lennon (P47361)
Charles N. Ash (P55941)
Stephen B. Grow (P39622)
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
616.752.2000
blennon@wnj.com
cash@wnj.com
sgrow@wnj.com

Attorneys for Interested Party Richard Snyder

2

## ADDENDUM

## INSTRUCTIONS

1.     For each of the subject matters in this notice, the Flint Criminal Team shall designate one or more of its employees, agent, or employees.

2.     For each designee, the Flint Criminal Team shall identify the names, titles, or positions, and subject matter on which each designee will provide testimony at least ten (10) days before the deposition.

3.     Designees shall testify as to matters known or reasonably available to the Flint Criminal Team.

4.     Unless expressly stated otherwise, the time period for the testimony requested encompasses the time period from the formation of the Flint Criminal Team to the present.

## DEFINITIONS

1.     "You," "your," or "Flint Criminal Team" shall refer to the Flint Criminal Team at the Michigan Department of Attorney General and its attorneys and other individuals investigating and prosecuting crimes from the Flint water crisis, as that term is used within the Michigan Department of Attorney General's Response in Opposition to Richard Snyder's pending motion before this Court. *See In re City of Detroit*, Case No. 13-53846, ECF No. 13375, p. 2.

2. The "Department" shall refer to the Michigan Department of Attorney General and its attorneys, agents, and employees, not including the Flint Criminal Team.

3. "Flint defendants" shall refer to the nine individuals that have been indicted in Genesee County related to the Flint Water Crisis, including Jarrod Agen, Gerald Ambrose, Richard Baird, Howard Croft, Darnell Earley, Nicolas Lyon, Nancy Peeler, Richard Snyder and Dr. Eden Wells.

4. "Search Warrant" shall mean the search warrant(s) executed during the investigation conducted by the Flint Criminal Team as described in Deputy Attorney General Christina Grossi's May 25, 2021 email. *See In re City of Detroit*, Case No. 13-53846, ECF No. 13391, Ex. 13.

5. "Confidential Mediation Documents" shall refer to any document protected by this Court's orders mandating the confidentiality of documents and any privileged or non-privileged communications related to the mediations conducted by Chief U.S. District Judge (Ret.) Gerald E. Rosen and his designees.

6. "Communication(s)" means, without limitation, any transmission, conveyance or exchange of a word, statement, fact, thing, idea, document, instruction, information, demand or question by any medium, whether by written, oral, or other means including, but not limited to, electronic communications.

## TOPICS

1.    The Flint Criminal Team's knowledge of this Court's mediation orders.

2.    Whether the Flint Criminal Team received notice from the Department or otherwise that the documents seized pursuant to the Search Warrant contained privileged or confidential information. And, if so, the substance of that notice.

3.    Communications within the Flint Criminal Team regarding whether or not to use a "taint" or "filter" team to screen documents seized pursuant to the Search Warrant.

4.    The steps taken (including, but not limited to, any trainings, protocols, processes or other efforts to put safeguards in place) by the Flint Criminal Team to locate and remove privileged or confidential documents from the documents seized pursuant to the Search Warrant before production to the Flint defendants.

5.    The Flint Criminal Team's review (or lack thereof) of documents seized pursuant to the Search Warrant.

6.    Whether the Flint Criminal Team used any type of Technology Assisted Review to locate and remove privileged or confidential information from the documents seized pursuant to the Search Warrant. And, if so, the details of that Technology Assisted Review.

3

7.      Communications between the Department and the Flint Criminal Team regarding privileged and confidential documents seized by the Flint Criminal Team pursuant to the Search Warrant.

8.      Communications between the Department and the Flint Criminal Team regarding any of the following subjects: (a) the prosecution of the Flint defendants, (b) the production of privileged or confidential documents to the Flint defendants, and/or (c) the procedures used or not used (including the failure to use a "taint" or "filter" team) by the Flint Criminal Team in the review of documents.

9.      The Department's efforts to claw back privileged and confidential information from the documents seized pursuant to the Search Warrant.

21924275-3

4