UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re | Chapter 9 |
| CITY OF DETROIT, MICHIGAN, | No. 13-53846 |
| Debtor. | Hon. Thomas J. Tucker |

## INTERESTED PARTY RICHARD SNYDER'S
## MOTION FOR LEAVE TO FILE 5-PAGE REPLY

Interested Party former Michigan Governor Richard Snyder ("Governor Snyder"), through counsel, hereby moves the Court for leave to file a 5-page reply in support of his July 1 Supplement. On July 13, 2021, Governor Snyder sought concurrence in the relief sought herein from the Michigan Department of Attorney General (the "Department"). See E.D. Mich. LBR 9014-1(h). On July 13, the Department, through AAG John VanDeventer, responded that it objects to the Motion and does not agree to the relief sought herein.

In support of this Motion,[1] Governor Snyder respectfully states as follows:

---

[1] In accordance with E.D. Mich. LBR 9014-1(c), attached hereto as **Exhibit 1** is a proposed order granting Interested Party Richard Snyder's Motion for Leave to File 5-Page Reply, attached hereto as **Exhibit 3** is a Notice and Opportunity for Hearing and attached hereto as **Exhibit 4** is a certificate of service showing service on those parties entitled to service under ECF Procedure 12(b).

1. Pursuant to E.D. Mich. LBR 9014-1(f), "A reply brief of not more than seven pages in length, including footnotes and signatures, may be filed and served not less than three Business Days before the hearing on the motion."

2. Although this Court did not explicitly permit the filing of a reply brief in its June 17, 2021 Order, Governor Snyder respectfully requests permission to file the 5-page reply attached hereto as **Exhibit 2**.

3. Governor Snyder believes a reply will assist this Court in its evaluation of Governor Snyder's July 1 Supplement, as well as the Department's Response, by clarifying issues related to "cause" as well as "knowledge" of this Court's mediation orders.

Accordingly, Governor Snyder respectfully requests that the Court grant the Motion and enter an Order permitting Governor Snyder to file a 5-page reply brief in support of his July 1 Supplement.

Dated: July 13, 2021

/s/ Stephen B. Grow
Brian P. Lennon
Charles N. Ash
Stephen B. Grow
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
616.752.2000
blennon@wnj.com
cash@wnj.com
sgrow@wnj.com

Attorneys for Interested Party Richard Snyder

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9

No. 13-53846

Hon. Thomas J. Tucker

/

**ORDER GRANTING INTERESTED PARTY RICHARD SNYDER'S MOTION FOR LEAVE TO FILE 5-PAGE REPLY**

This matter came before the Court on Interested Party Richard Snyder's Motion for Leave to File 5-Page Reply ("Motion"), wherein he is seeking an order to file a 5-page reply brief in support of his July 1 Supplement. Having reviewed the Motion and finding good and sufficient cause therefore;

IT IS ORDERED that:

1. Interested Party Richard Snyder's Motion to for Leave to File 5-Page Reply is GRANTED.

2. Interested Party Richard Snyder is directed to submit his reply attached to the Motion to the Court for filing.

**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9

No. 13-53846

Hon. Thomas J. Tucker

_____/

**REPLY IN SUPPORT OF INTERESTED PARTY
RICHARD SNYDER'S JULY 1 SUPPLEMENT**

Interested Party former Michigan Governor Richard Snyder ("Governor Snyder") submits this reply to the Michigan Department of Attorney General's (the "Department's") July 8, 2021 response to Governor Snyder's description of discovery (the "Response").

## I. There is ample cause to conduct limited discovery into the Department's egregious breach of confidentiality

There is ample cause to grant limited discovery into the specific topics identified by Governor Snyder in his July 1 Supplement. *See* E.D. Mich. LBR 7026.3 ("Discovery in a contested matter is permitted only upon a court order for cause shown.").

The Department has already admitted that it participated in the Detroit bankruptcy mediation, and that certain (unknown) individuals within the Department have actual knowledge of the mediation orders at issue.

> The Court: Certainly, the Michigan Department of Attorney General was a participant in some of the mediation sessions. That's clear from the record, you don't dispute that, right?
>
> The Department: That's right, Your Honor.
>
> The Court: So isn't it correct that the Michigan Department of Attorney General had actual knowledge and had notice from the very beginning of the provisions of these various mediation orders and their confidentiality provisions?
>
> The Department: Attorneys within the Department of Attorney General, yes, who have that knowledge.

(Exhibit 1, *06/21/2021 Transcript*, 42:03-17.)

It is also uncontroverted that the Department produced highly confidential documents subject to this Court's mediation orders to individuals that ***did not*** participate in the mediation. *See In re City of Detroit*, Case No. 13-53846, ECF 13413, p. 2 ("[T]he Department agrees that all of the documents filed under seal . . . were given by the Flint Criminal Team to [Governor Snyder] and each of the eight other defendants."). In other words, the Department violated this Court's mediation orders through an egregious breach of confidentiality—a breach that was easily preventable.

Governor Snyder repeatedly warned the Department, including the Flint Criminal Team, that a taint or filter team should be used to screen for confidential and privileged documents. For some reason, however, the Department refused to do so. And the documents produced to this Court under seal make clear that even the most basic eDiscovery techniques could have prevented this entire fiasco. Far from a "threadbare" suspicion, *see Response* at p. 3, Governor Snyder has brought to this Court's attention concise and articulable facts that warrant additional inquiry in the form of limited discovery.

## II. The Department does not get to hide behind a conflict wall to escape culpability.

The Department (which includes the Flint Criminal Team) draws meaningless distinctions to distract from the real issue here. At bottom, the Department, an entity that participated in the Detroit bankruptcy mediation, produced scores of highly

confidential and sensitive documents that remain subject to this Court's mediation orders to third parties—including this Court's mediation orders themselves. And although this Court has stopped the bleeding, the damage has already been done, which is precisely why Governor Snyder, a party to that same historic mediation, has brought the instant contempt proceeding.

Contrary to the Department's suggestion, the question is not "[w]hether 'a definite and specific order of the court' required the Flint Criminal Team to 'refrain from performing a particular act,'" *see Response* at p. 3 n. 2, and, thus, whether "the Flint Criminal Team acted with knowledge of [that order]." *Id.* at 2. Indeed, this narrow (and self-serving) interpretation of the issue should be rejected out of hand. At the end of the day, the Department failed to "demand the results needed from subordinate persons and agencies" to effectuate the mediation orders and, therefore, should be held in contempt. *See Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991) (concluding district court did not abuse its discretion finding Michigan state employees in civil contempt for their disobedience of the court's orders, stating "Defendants simply did not convince the court that they took all reasonable steps to comply, and they do not convince us.").

In *Glover v. Johnson*, female inmates sued members of the Michigan Department of Corrections, alleging civil rights violations. 934 F.2d 703 (6th Cir. 1991). The district court ordered defendants to remedy the violations. Years later,

the female inmates filed a contempt motion, arguing defendants had failed to do so. The district court agreed, finding defendants in contempt of its orders. Defendants appealed.

On appeal, defendants stated, "they have done all they can to comply with the [orders] and, therefore, should not be held in contempt," arguing "they were unable to comply with the [orders] to any greater extent because the orders required the cooperation of colleges and educators outside their control." *Id.* at 708. The Court of Appeal rejected the notion, reasserting that "the test is not whether defendants made a good faith effort at compliance but whether 'the defendants took all reasonable steps within their power to comply with the court's order.'" *Id.* (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)). Accordingly, the Court of Appeal affirmed the trial court's finding of civil contempt, stating defendants "had neglected to marshal their own resources, assert their high authority, and demand the results needed from subordinate persons and agencies in order to effectuate the course of action required by the [orders.]" *Id.* (quoting *Aspira of New York, Inc. v. Board of Educ. of New York*, 423 F. Supp. 647, 654 (S.D.N.Y.1976)).

As demonstrated in *Glover*, the Department does not get to hide behind a conflict wall to escape culpability. The Department had a duty to take all reasonable steps within its power to comply with the mediation orders and demand the same from "its subordinates and agencies," including the Flint Criminal Team. Instead,

the Department, through the Flint Criminal Team, produced scores of highly confidential and sensitive documents that remained subject to this Court's mediation orders to third parties, in addition to producing at least three copies of the very mediation orders at issue here.[1] Again, the documents produced to this Court on June 24, 2021 speak for themselves, and could have easily been identified and withheld through even a rudimentary key word search. The failure to do so leads to only one conclusion: The Department failed to take all reasonable steps within its power to comply with the mediation orders.

Dated: July 13, 2021

/s/ Stephen B. Grow
Brian P. Lennon
Charles N. Ash
Stephen B. Grow
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
616.752.2000
blennon@wnj.com
cash@wnj.com
sgrow@wnj.com

Attorneys for Interested Party Richard Snyder

---

[1] To support his claim, Governor Snyder is willing to file these documents under seal at the Court's request. *See* AG_SG_PROD0017_0000008498; 0000112690; 0000245333.

U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN (DETROIT)
BANKRUPTCY PETITION#: 13-53846-tjt

Assigned to: Judge Thomas J. Tucker
Chapter 9
Voluntary
No asset

---

Transcript of Motion for Evidentiary Hearing
Taken via teleconference
Wednesday, June 16, 2021
Transcribed by Carolyn Grittini, CSR-3381

Fortz Legal Support

www.FortzLegal.com

844.730.4066



```
 1                U.S. BANKRUPTCY COURT
 2         EASTERN DISTRICT OF MICHIGAN (DETROIT)
 3         BANKRUPTCY PETITION#: 13-53846-tjt
 4
 5  Assigned to: Judge Thomas J. Tucker
 6  Chapter 9
 7  Voluntary
 8  No asset
 9
10
11  _____
12
13      Transcript of Motion for Evidentiary Hearing
14      Taken via teleconference
15      Wednesday, June 16, 2021
16      Transcribed by Carolyn Grittini, CSR-3381
17
18
19
20
21
22
23
24
25
```

1  APPEARANCES:
2  MOLLY KETTLER
3  Wayne County Prosecutor's Office
4  1441 St. Antoine, 2nd Floor
5  Detroit, Michigan 48226
6  313.224.6692
7      Appearing on behalf of the People of the State of
8      Michigan.
9
10 JOHN VANDEVENTER
11 Michigan Department of Attorney General
12 P.O. Box 30212
13 Lansing, Michigan 48909
14 517.335.7624
15     Appearing on behalf of the the Department of the
16     Attorney General.
17
18 CHARLES ASH
19 Warner, Norcross & Judd
20 150 Ottawa Avenue NW, Suite 1500
21 1500 Warner Building
22 Grand Rapids, Michigan 49503
23 616.752.2490
24     Appearing on behalf of Former Governor Rick Snyder.
25

```
 1          General, who at the time was Mr. Schuette.
 2                  MR. VANDEVENTER:  Correct.
 3                  THE COURT:  So when you talk about who's
 4     parties to the mediation, I'm not sure what that
 5     means.  Certainly, the Michigan Department of Attorney
 6     General was a participant in some of the mediation
 7     sessions.  That's clear from the record, you don't
 8     dispute that, right?
 9                  MR. VANDEVENTER:  That's right, Your Honor.
10                  THE COURT:  So isn't it correct that the
11     Michigan Department of Attorney General had actual
12     knowledge and had notice from the very beginning of
13     the provisions of these various mediation orders and
14     their confidentiality provisions?
15                  MR. VANDEVENTER:  Attorneys within the
16     Department of Attorney General, yes, who have that
17     knowledge.  The difficulty here, and admittedly, it is
18     a unique situation that I think outside of government
19     offices probably rarely, if ever, arises, is that our
20     office, the Department is often called on to represent
21     multiple parties on different sides in a particular
22     matter.  And so the rules and case law recognize that
23     from time to time the Department has to elect conflict
24     walls to prevent the flow of information between one
25     set of attorneys and another.
```

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

In re                                    Chapter 9

CITY OF DETROIT, MICHIGAN,               No. 13-53846

                Debtor.                  Hon. Thomas J. Tucker
_____/

**NOTICE OF OPPORTUNITY FOR HEARING REGARDING
INTERESTED PARTY RICHARD SNYDER'S MOTION FOR LEAVE TO FILE 5-PAGE REPLY**

A Motion for Leave to File 5-Page Reply has been filed with the Court by Interested Party Richard Snyder as follows:

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion, or if you want the Court to consider your views on the Motion, within **fourteen (14)** days, you or your attorney must:

1.  File with the Court a written response or an answer, explaining your position at:[1]

**United States Bankruptcy Court
211 W. Fort Street
Detroit, MI 48226**

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must also mail a copy to:
Stephen B. Grow/Brian P. Lennon/Charles N. Ash
Warner Norcross + Judd LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, Michigan 49503
(616) 752-2000

2.  If a response or answer is timely filed and served, the Clerk will schedule a hearing on the Motion and you will be served with a notice of the date, time and location of the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.**

Dated: July 13, 2021                     */s/ Stephen B. Grow*
                                         Brian P. Lennon
                                         Charles N. Ash
                                         Stephen B. Grow
                                         WARNER NORCROSS + JUDD LLP
                                         150 Ottawa Avenue NW, Suite 1500
                                         Grand Rapids, MI 49503
                                         616.752.2000
                                         blennon@wnj.com
                                         cash@wnj.com
                                         sgrow@wnj.com

                                         Attorneys for Interested Party Richard Snyder

---

[1] Response or answer must comply with F.R.Civ.P. 8(b), (c) and (e).

Exhibit 3

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

CITY OF DETROIT, MICHIGAN,

Debtor.

Chapter 9

No. 13-53846

Hon. Thomas J. Tucker

_____/

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 13, 2021, he filed Interested Party Richard Snyder's Motion for Leave to File 5-Page Reply using the court's ECF system, which will provide notice of the filing to all registered participants in this matter.

Dated: July 13, 2021

/s/ *Stephen B. Grow*
Brian P. Lennon
Charles N. Ash
Stephen B. Grow
WARNER NORCROSS + JUDD LLP
150 Ottawa Avenue NW, Suite 1500
Grand Rapids, MI 49503
616.752.2000
blennon@wnj.com
cash@wnj.com
sgrow@wnj.com

Attorneys for Interested Party Richard Snyder

Exhibit 4