STATE OF MICHIGAN
DISTRICT COURT FOR THE 67th JUDICIAL DISTRICT
GENESEE COUNTY

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff,

v

RICHARD DALE SNYDER,

    Defendant.

Case No. 21G-00046-SM

Hon. William H. Crawford, II

| | |
|---|---|
| Fadwa Hammoud (P74185)<br>Bryant Osikowicz (P72377)<br>Attorneys for the People<br>Michigan Dept. of Attorney General<br>3030 W. Grand Blvd., Ste. 10-200<br>313.456.0180<br>hammoudf1@michigan.gov<br>osikowiczb@michigan.gov<br><br>Kym L. Worthy (P38875)<br>Molly Kettler (P59877)<br>Attorneys for the People<br>Wayne County Prosecuting Attorney<br>1441 Saint Antoine Street, Floor 12<br>Frank Murphy Hall of Justice<br>Detroit, Michigan 48226<br>313.224.5777<br>kworthy@waynecounty.com<br>kettlerm@michigan.gov | Brian P. Lennon (P47361)<br>Charles N. Ash, Jr. (P55941)<br>Madelaine Lane (P72194)<br>Attorneys for the Defendant<br>Warner Norcross + Judd, LLP<br>1500 Warner Building<br>150 Ottawa Avenue, N.W.<br>Grand Rapids, Michigan 49503<br>616.752.2000<br>blennon@wnj.com<br>cash@wnj.com<br>mlane@wnj.com<br><br>Judith S. Gracey (P39766)<br>Attorney for the Defendant<br>The Gracey Law Firm<br>2200 Beechmont Street<br>Keego Harbor, MI 48320<br>248.221.7726<br>judith@thegraceylawfirm.com |

**AMENDED PROTECTIVE ORDER**

At a session of said Court
held in the County of Genesee,
City of Flint, State of Michigan,
on this _____ day of _____, 2021.

HONORABLE WILLIAM H. CRAWFORD
67th District Court Judge

With the agreement of all the parties, the Court enters the following *Amended* Protective Order to supersede the Protective Order entered on March 31, 2021:

**STIPULATION BY PARTIES**

1. "Privileged or Confidential Information" shall mean and include:

   a. confidential, non-public including but not limited to:

      i. financial information;

      ii. social security numbers; and

      iii. bank account or credit card numbers; information subject to attorney-client, attorney work product, or recognized privilege, and any document designated as confidential or privileges by a court, including but not limited to documents related to mediation negotiations in the *City of Detroit* chapter 9 bankruptcy case, numbers 13-53846, pending in the United States District Court for the Eastern District of Michigan (the "Detroit Mediation Documents");

   b. an individual's medical records and other Protected Health Information with the following qualifications:

      i. "Covered Entity" shall mean as it is defined by 45 C.F.R. § 160.103;

      ii. "Protected Health Information" shall mean as it is defined by 45 C.F.R.§ 160.103;

      iii. Protected Health Information may not be used for any purpose other than for this litigation; and

      iv. Protected Health Information must be returned to the Covered Entity or destroyed at the end of this litigation;

c. any documents regarding or related to an individual's water sampling results, including residential water sampling, correspondence with residents related to sampling, that includes personal information for such individuals (e.g., personal emails, cell phone numbers, account numbers, etc.).

2. Information described in paragraph 1 is not Privileged or Confidential Information if it:

   i. is or becomes publicly available, without any fault of, or violation of this Order by, any Party and without any violation of a duty of confidentiality by a third party;

   ii. was in the possession of any Party free of any obligation of confidentiality at the time it was received by such Party; or

   iii. was developed by employees or agents of such Party independently without access to or use of any Privileges or Confidential Information.

3. "Department of Attorney General – Civil Team" shall mean the assistant attorneys general representing state officials and agencies in civil litigation related to the Flint water crisis.

4. "Document" shall mean and include any form of information or data, electronic or otherwise.

5. The Documents gathered pursuant to search warrants issued to the Department of Attorney General – Civil Team in May 2019 (the "Search Warrants"), and which have and will continue to be produced in discovery in this case by the People, may include Privileged or Confidential Information.

6. There was no waiver of privilege for Documents gathered under the Search Warrants. Disclosure of those documents through discovery in this case will not be construed as a waiver of privilege and any Documents that were confidential remain confidential notwithstanding their production in this case.

3

7. A party producing discovery material in this action may designate documents meeting the criteria above as Privileged or Confidential Information and restricted in disclosure under this Order by placing or affixing the words "Privileged" or "Confidential" on the document in a manner that will not interfere with the legibility of the document. All discovery material designated as "Privileged" or "Confidential," shall be treated as Privileged or Confidential Information under the provisions of this Order. A party may also designate documents as "Privileged" or "Confidential" in a separate writing by number or description.

8. Material marked as Privileged or Confidential Information must be done so in good faith to keep from the public record personal information such as social security numbers, medical records, biometric records, alone, or when combined with other personal or identifying information.

9. A party may, at any time, make a good faith challenge to a producing or designating Party's designation of any material as Privileged or Confidential Information by providing the producing and designating Party with a written notice specifying the documents to which the party objects and a brief explanation of each objection. The parties agree to work in good faith to address any dispute. To the extent an issue cannot be resolved, the designating Party must file a motion to maintain its designation pursuant to MCR 6.201(E). In filing such a motion, the designating Party shall have the burden of establishing that there is good cause for the information in question to maintain its confidentiality classification. Except as otherwise provided herein, pending the Court's decision on any motion filed by a

4

13-53846-tjt    Doc 13428-1    Filed 08/26/21    Entered 08/26/21 16:00:30    Page 4 of 9

designating Party to maintain its confidentiality classification, the information in question shall continue to be treated as Privileged or Confidential Information. A Party shall not be obligated to challenge the propriety of the designation as Privileged or Confidential Information at the time the designation is made, and failure to make such a challenge shall not preclude a subsequent challenge thereto. Inadvertent or unintentional disclosure of Privileged or Confidential Information shall not be deemed a waiver in whole or in part of the confidential nature of the material disclosed.

10. Privileged or Confidential Information produced in this prosecution will be used solely for the preparation, trial, and appeal of this action, which shall include any related Flint Water Crisis prosecutions the prosecution has brought against other defendants (the "Flint Water Crisis Prosecutions") as well as any current or future civil lawsuits in which the defendant is a party-and shall not be used for any other purpose. Privileged or Confidential Information may be disclosed only to:

a. **Parties.** Parties to the Flint Water Crisis Prosecutions;

b. **Counsel**. Counsel for the Parties, and employees and agents of counsel, who have responsibility for the preparation or trial of the action;

c. **Consultants, Investigators, and Experts**. Consultants, investigators, and experts retained or consulted by the Parties or counsel for the Parties to assist in the preparation, trial, or appeal of the above-captioned prosecution and/or Flint Water Crisis Prosecutions who have agreed to be bound by this Order;

    d. **Witnesses**. Witnesses at, or in preparation for, their deposition, hearing, or trial, in which event such witnesses shall only be shown the Privileged or Confidential Information and shall not be allowed to retain copies;

    e. **Judicial Officers and Court Personnel**. Judicial officers and personnel of the Flint District Court and Genesee County Circuit Court; and

    f. **Court Reporters and Recorders**. Stenographic reporters retained by the parties or Court to transcribe depositions and/or hearings.

11. Persons to whom Privileged or Confidential Information is shown or disclosed pursuant to paragraph 10 above shall be advised that the Privileged or Confidential Information is subject to this Order and may only be disclosed and used under the terms of this Order.

12. Before any Privileged or Confidential Information may be disclosed to any expert or other persons identified in subparagraph 10(c), such person shall be required to read this Order in its entirety and sign the attached Acknowledgment and Agreement to Be Bound signifying his or her agreement to abide by its terms. Copies of all signed acknowledgements shall be maintained by counsel making the disclosure, and shall be delivered to the other party's counsel upon request.

13. Any party who has received Privileged or Confidential Information, and who is thereafter compelled by any law or court order to disclose such Privileged or

Confidential Information in a manner contrary to the terms of this Order, will use all reasonable efforts to immediately notify the producing party of the obligation to disclose.  Any such party shall also disclose only the particular Privileged and Confidential Information required to be disclosed and shall make all reasonable efforts to protect any remaining Privileged and Confidential Information from disclosure in accordance with the terms of this Order.

14.  Privileged and Confidential Information may not be used during testimony in discovery depositions, in motion practice, hearing and at the trial of this action, except as permitted by the Court. Any such use of Privileged and Confidential Information is subject to the Michigan Rules of Evidence and applicable rulings of the Court, and may only be used by the persons designated in Paragraph 5 to prepare for any trial, in motion practice, hearings, or depositions held in this action and/or the Flint Water Crisis Prosecutions under the terms of this Order. Prior to the time of trial of any Flint Water Crisis Prosecution, counsel for the parties will confer with the Court for the purpose of deciding how Privileged or Confidential Information introduced into evidence will be treated in the Court record and what protective instructions will be given to the jury regarding the Privileged or Confidential Information.

15.  In addition to the other requirements for the use of Privileged or Confidential Information set forth in this Order, a party seeking to use Bankruptcy Mediation Documents in a manner described in paragraph 14 or to otherwise make public the contents of any Bankruptcy Mediation Documents must first obtain

approval of the bankruptcy court overseeing the *City of Detroit* bankruptcy case and must comply with all relevant orders regarding Bankruptcy Mediation Documents entered in the *City of Detroit* bankruptcy case.

16. Nothing in this Order shall be intended or construed to limit the manner in which a producing party may use, disclose, store, or otherwise treat its own Privileged or Confidential Information for purposes unrelated to this litigation.

17. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive the right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

18. This Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control; and upon any person subject to the jurisdiction of the Court who receives Privileged or Confidential Information hereunder.

19. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same

manner and will enjoy the same level of protection under this Order as any party to this action.

                                                          _____
                                                          Honorable William Crawford
                                                          District Court Judge

Approved as to form:


_____
Fadwa Hammoud (P74185)
Molly Kettler (P59877)
Bryant Osikowicz (72377)
Attorneys for the People



_____
Brian Lennon (P47361)
Charles N. Ash, Jr. (PP55941)
Madelaine Lane (P72194)
Judith Gracey (P39766)
Attorneys for the Defendant

SG FW Snyder, R./Amended Protective Order (Snyder) 2021.05.25