# EXHIBIT 6F

20-006272-CD FILED IN MY OFFICE   Cathy M. Garrett   WAYNE COUNTY CLERK   9/4/2020 11:17 AM   Laverne Chapman

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CHRISTOPHER MCGHEE, NORMAN BROWN,
CRAIG BROWN, JAMES WASHINGTON,
SHANNON FERGUSON, JUNIUS PERRY,
and ORLANDO POTTS

Case No. 20-006272-CD
Judge: Sheila Gibson

        Plaintiffs,

v.

CITY OF DETROIT,
ERIC JONES - EXECUTIVE FIRE COMMISSIONER,
REGINALD JENKINS – 2ND DEPUTY COMMISSIONER,
ROBERT DISTELRATH - CHIEF OF DEPARTMENT
FIRE FIGHTING DIVISION,
KEMIA CROSSON – EMPLOYEE SERVICES CONSULTANT,
DETROIT FIRE FIGHTERS ASSOCIATION LOCAL 344,
MICHAEL NEVIN – FORMER PRESIDENT
THOMAS GEHART – PRESIDENT,
WILLIAM HARP – VICE PRESIDENT,
JOHN A. CANGIALOSI – SECRETARY
CHRISTOPHER A. SMITH - TREASURER
*In their Individual and Official Capacities,*
*Jointly & Severally,*

        Defendants.

_____/

| | |
|---|---|
| **Herbert A. Sanders (P43031)** | **Christopher P. Legghio (P27378)** |
| **The Sanders Law Firm, P.C.** | **John G. Adam (P37205)** |
| Attorney for Plaintiffs | **Legghio & Israel, P.C.** |
| The Ford Building | Attys for Fire Dept Defendants |
| 615 Griswold, Suite 913 | 306 S. Washington, Suite 600 |
| Detroit, Michigan 48226 | Royal Oak, MI 48067-3837 |
| (313) 962-0099 (Phone) | (248) 398-5900 |
| (313) 962-0044 (Fax) | cpl@legghioisrael.com |
| haslawpc@gmail.com | jga@legghioisrael.com |
| | |
| | **Jason T. McFarlane (P73105)** |
| | **Tiffany Boyd (P71481)** |
| | **City of Detroit, Law Department** |
| | 2 Woodward Avenue, Suite 500 |
| | Detroit, MI 48226 |
| | (313) 224-4550 |
| | mcfaj@detroitmi.gov |
| | boydti@detroitmi.gov |

_____/

## PLAINTIFF'S INITIAL DISCLOSURES PURSUANT TO MCR 2.302(A)

**NOW COME** Plaintiffs, by and through their attorney, Herbert A. Sanders of THE SANDERS LAW FIRM, P.C., who submits the following disclosures in accordance with MCR 2.302(A):

1. **Factual Basis of Plaintiff's Claims, MCR 2.302(A)(1)(a)**

As set forth in Plaintiff's complaint, Prior to 2014, the Collective Bargaining Agreement (CBA) had between the City and DFFA allowed a fire fighter that had retired as a result of a duty disability to maintain his/her accumulated seniority if they returned to the employ of the City of Detroit as a fire fighter. Additionally, the CBA allowed an employee that returned to work after a duty disability retirement to achieve and assume the rank of his/her class on an accelerated basis. Specifically, the 2001-2008 CBA had between DFFA and the City stated in part:

> ***Section 9. Seniority - C. Forfeitures 8 (a)-(b)***
>
> *(a) Seniority credit for promotions to any position in the Department shall be frozen and cease to accumulate for any member on a disability retirement for three (3) years or more. In the event such person is returned to active service, he/she shall be reinstated with his/her frozen seniority.*
>
> *(b) Persons who return to active service from duty disability retirement after one (1) or more years of absence must attend and successfully complete a re-entry training program including a performance physical evaluation that is conducted by the Fire Training Division and approved by the Chief of Fire Operations and Executive Fire Commissioner.*
>
> \*\*\*
>
> ***Section 9. Seniority - E. Promotions and Transfers - Fire Fighting Division***
>
> *1. General: Promotions in the Fire Department shall be based on length of service therein. The officers or employee thereof having served the longest period in any position shall be advanced to fill any vacancy in the next higher position, if he/she shall have the qualifications therefore.*

> *a. Promotions shall be based solely upon seniority provided the senior employee shall satisfy qualifications for the position for which he/she is to be promoted[1].*  See Exhibit 1[2].

Prior to 2014, in reliance upon the longstanding disability retirement policy, a litany of fire fighters, including the Plaintiffs, retired with a duty disability injury, and sometime thereafter returned to the employ of the City of Detroit as a fire fighter. Those individuals were allowed to return as fire fighters, maintain their seniority, and advance to the rank of their entry class. On November 6, 2014, the City and the DFFA entered into a new CBA 2014-2019. See Exhibit 2. **Article 12 Seniority - D (2) of the 2014-2019 CBA**, states that employees who retire from service as a result of a duty disability, shall lose their seniority. Pursuant to the new CBA provision, they shall no longer be allowed to return to the employ of the City and maintain their accumulate seniority, or advance to the rank of their original class.

However, after implementation of the new CBA provision in 2014, no duty disability retired fire fighter was ever notified by the City or the Union that they would lose all of their seniority if they returned to work for the City. To the contrary, after negotiation of the 2014-2019 CBA, the City continued to return many fire fighters to duty with their previous seniority in tack, without objection from the Union; and officers were allowed to assume the rank that their original class had achieved.

The Defendants had conspired to selectively enforce the new provision of the 2014-2019 CBA. In fact, after 2014 the City and the Union agreed to allow some fire

---

[1] Based upon information and belief, the 2001-2008 CBA was mutually extended through 2013.
[2] The Exhibits referenced herein are identical to the Exhibits referenced in Plaintiffs' initial Complaint and are already a part of the Court record. Consequently, Plaintiffs have not reattached the Exhibits to the First Amended Complaint.

fighters to return from duty disability retirement, maintain their previous seniority, be promoted in accordance with their class ranking, and retire after receiving the promotion with a pension based upon the ranking that they had achieved with their original class.

Thereafter, in continuation of the conspiracy to selectively enforce the new provision of the 2014 CBA, in May 2019, the Union filed a grievance maintaining that the City had violated the CBA by returning fire fighters to duty with their seniority after a disability retirement. The grievance was filed in violation of the CBA years after the Union first became aware that fire fighters were returning from a duty disability and being allowed to maintain their previous seniority. In accordance with the 2014-2019 CBA; *"Any grievance not filed within ten (10) calendar days of the occurrence of the alleged violation or within ten (10) calendar days of an Employee or the Association becoming aware of an alleged violation will be considered untimely and will not be processed"*. However, in furtherance of their conspiracy, the Defendants conspired to ignore the CBA statute of limitations, and the grievance was recognized and acknowledged by the City.

Thereafter, without cause, the Defendants agreed to take disciplinary action against the Plaintiffs. The Defendants put in place an alleged blanket demotion of all disability retirement returnees that had returned to work for the City after 2014. As a result, the Plaintiffs were stripped of the seniority they had accumulated prior to their retirement, and in many instances demoted. The Plaintiffs were not afforded any type of hearing prior to the disciplinary actions taken against them. The Defendants' goal was to strip the Plaintiffs of their seniority, and take away any promotion which was the result of the systematic seniority promotion.

The disparate treatment and lack of due process in which the stripping of seniority and promotions occurred was presented to the Union on numerous occasions by those victimized, however they refused to assist the Plaintiffs, or provide them with representation. The Plaintiffs filed grievances and wrote letters to both the Union and the City in an effort to address the disparate treatment; however, their efforts fell on deaf ears. The City nor the Union made any effort to address the injustice that was being done to the Plaintiffs.

Defendants intentionally deprived the Plaintiffs of the opportunity to collect a larger pension. All of the Plaintiffs affected by the conspiracy of the Defendants, which deprived them of their seniority and promotions (or promotional opportunities) were over the age of 40. All of the Plaintiffs affected by the conspiracy of the Defendants, which deprived them of their seniority and promotions (or promotional opportunities) were formerly disabled. In accordance with the CBA discipline and demotions shall only occur when there is just cause. The Defendants did not have just cause to discipline and/or demote the Plaintiffs.

**2. Legal Theories on Which Plaintiffs' Claims Are Based, MCR 2.302(A)(1)(b)**

Plaintiffs' legal theories are (1) violation of duty of fair representation by the union and the defendant union officers, past and present; (2) breach of fiduciary duty by the union and the defendant union officers, past and present; (3) breach of contract violation by all defendants; (4) violation by all defendants of just cause employment agreement; (5) promissory estoppel violation by all defendants; (6) violation by all defendants of Michigan's Persons With Disabilities Civil Rights Act 220 of 1976; (7) age discrimination

as to the City of Detroit and the named City of Detroit defendant employees in violation of the Michigan civil rights act; (8) age discrimination as to the DFFA and the named DFFA defendant employees in violation of the Michigan civil rights act; (9) tortious interference with a business relationship or expectancy as to the DFFA and the named DFFA defendant employees; (10) violation of the Fourteenth Amendment to the U.S. Constitution by discrimination and retaliation as to all defendants actionable pursuant to 42 USC §1983; (11) violation of the Fourteenth Amendment to the U.S. Constitution by deprivation of a property interest without due process of law as to all defendants actionable pursuant to 42 USC §1983; (12) municipal liability for constitutional violations; and (13) civil conspiracy.

### 3. Individuals with Discoverable Information and the Subjects of that Information, MCR 2.302(A)(1)(c)

All of the below witnesses have information concerning the facts as alleged in Plaintiff's complaint, and the damages that they have suffered:

    a. Christopher McGhee

    b. Norman Brown

    c. Craig Brown

    d. James Washington

    e. Shannon Ferguson

    f. Junius Perry

    g. Orlando Potts

    h. All of Plaintiffs' treating physicians, past and present

    i. The City of Detroit, their agents, record keeper and employees.

    j. Eric Jones - Executive Fire Commissioner,

    k. Reginald Jenkins – 2nd Deputy Commissioner

    l. Robert Distelrath - Chief Of Department Fire Fighting Division

    m. Kemia Crosson – Employee Services Consultant

    n. Detroit Fire Fighters Association Local 344

    o. Michael Nevin – Former President

    p. Thomas Gehart – President

    q. William Harp – Vice President

    r. John A. Cangialosi – Secretary

    s. Christopher A. Smith – Treasurer

    t. The Detroit Fire Department, their agents, record keeper, and employees.

## 4. Documents and ESI in Plaintiff's Possession Supporting Their Claims, MCR 2.302(A)(1)(d)

The documents in Plaintiffs' possession supportive of their claim are those that were attached to the Plaintiffs' Complaint, and/or referenced in Plaintiffs' Complaint. Plaintiffs are searching to see if they have any additional records supportive of their claim.

## 5. Documents and ESI Outside of Plaintiffs' Possession Supporting Their Claims, MCR 2.302(A)(1)(e)

Plaintiffs anticipate that there are documents in the control of the Defendants that they do not have possession or control of at this time.

## 6. Computation of Damages, MCR 2.302(A)(1)(f)

*Noneconomic damages.* Emotional Distress and Mental Anguish. This will be determined by the jury.

*Economic damages.* Damages by category include the following:

Out of pocket expenses (amount unknown at this time)

Loss of earnings (continual in nature, amount unknown at this time)

Miscellaneous Expenses (amount unknown at this time)

7. **Anticipated Subject Areas of Expert Testimony, MCR 2.302(A)(1)(h)**

    a. Plaintiff is unaware at this time as to whether they will retain an expert. Plaintiffs' treaters are experts in the area of their profession.

8. **Executed Medical Authorizations, MCR 2.302(A)(3)**

    Plaintiff will sign and forward to Defendant medical authorization forms upon receipt of same from Defendants.

9. These disclosures will be supplemented as additional documents and information are provided or obtained.

September 2, 2020                                   Respectfully Submitted,

By: /s/Herbert A. Sanders
Herbert A. Sanders (P43031)
The Sanders Law Firm, PC
The Ford Building
615 Griswold St., Ste. 913
Detroit, MI 48226
(313) 962-0099
haslawpc@gmail.com

---

**PROOF OF SERVICE**

The undersigned certifies that on September 4, 2020, a copy of the foregoing instrument was served upon the Court and the attorneys of record of all parties to the above cause by electronic filing and/or email and/or first class mail of same to them at their respective business addresses as disclosed by the pleadings of record herein. I declare that the statement above is true to the best of my information, knowledge and belief.

/s/Herbert A. Sanders
**Herbert A. Sanders**

8
13-53846-tjt    Doc 13430-6    Filed 08/30/21    Entered 08/30/21 15:58:02    Page 9 of 9