# EXHIBIT 6H

Page 1

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

In the Matter of:

CHRISTOPHER MCGHEE, NORMAN BROWN,
CRAIG BROWN, JAMES WASHINGTON,
SHANNON FERGUSON, JUNIUS PERRY,
AND ORLANDO POTTS,

    Plaintiffs,                    Case No. 20-006272-CD
                                           Hon. Sheila A Gibson

CITY OF DETROIT, ERIC JONES –
EXECUTIVE FIRE COMMISSIONER, ROBERT
DISTELRATH – CHIEF OF DEPARTMENT
FIRE FIGHTING DIVISION, KEMIA CROSSON –
EMPLOYEE SERVICES CONSULTANT, DETROIT
FIRE FIGHTERS ASSOCIATION LOCAL 344,
MICHAEL NEVIN – FORMER PRESIDENT, THOMAS
GEHART – PRESIDENT, WILLIAM HARP – VICE
PRESIDENT, JOHN A CANGIALOSI – SECRETARY,
CHRISTOPHER A. SMITH – TREASURER, In their
Individual and Official Capacities,
Jointly and Severally,

    Defendants.
_____/

       ZOOM VIDEO CONFERENCE DEPOSITION OF ORLANDO POTTS

           Transcript of the deposition taken in

the above-entitled matter by Zoom video conferencing,

on Tuesday, March 9, 2021, commencing at 10:00 a.m.

APPEARANCES:

For the Plaintiffs:  HERBERT A. SANDERS (P43031)
                     The Sanders Law Firm PC
                     615 Griswold St. Suite 913
                     Detroit, Michigan 48226
                     313.962.0099
                     haslawpc@gmail.com

TAMARA A. O'CONNOR
248.882.1331   toconnorrptg@aol.com
13-53846-tjt   Doc 13430-8   Filed 08/30/21   Entered 08/30/21 15:58:02   Page 2 of 10
a54e59a9-e225-4caa-8c85-38c1a838de5f

Page 60

1　A　Correct.
2　Q　Do you have any facts to support the notion that the
3　　　Union denied you an opportunity to, quote, "present your
4　　　side of the story?"
5　A　Repeat.
6　Q　Do you have any facts to support the notion that the
7　　　Union prevented you from presenting, quote, "your side of
8　　　the story?"
9　A　I did not have a hearing or a time to be heard, but no, I
10　　　have no facts.
11　Q　In other words, the City didn't say to you, you can come
12　　　on down and present your side of the story? You don't
13　　　have facts to suggest that the Union said no, no, we're
14　　　going to interfere with that. You're not going to be
15　　　able to do that? The Union didn't obstruct you in any
16　　　way in presenting your position, did they?
17　A　No.
18　　　　　MR. SANDERS: Objection, form.
19　Q　(By Mr. Legghio) Turn to 0035, Mr. Potts. If you could
20　　　focus your attention on Paragraph 251 and 252. Read
21　　　those to yourself and then when you finish, please let me
22　　　know.
23　A　Okay.
24　Q　All right. In 251, you allege that the Union and its
25　　　officers engaged in a civil conspiracy. Do you mean a

Page 61

1　　　conspiracy that involved just the Union or do you mean a
2　　　conspiracy between the Union, its officers and someone
3　　　with the City?
4　A　The Union and the City.
5　Q　Okay, and what facts do you have to support the notion
6　　　that the Union and the City engaged in a civil conspiracy
7　　　against you?
8　A　I don't have any facts.
9　Q　You say in Paragraph 252 that:
10　　　　　"The facts as delineated above reveal that
11　　　　that there was a concerted action by the
12　　　　Defendants," the Union's I'm asking about, "to
13　　　　accomplish a criminal or unlawful purpose or a
14　　　　lawful purpose by criminal or unlawful means."
15　　　What facts do you have that the Union engaged in
16　　　concerted action to accomplish a criminal act?
17　A　I do not have any facts.
18　Q　Do you have any notion of what criminal act you're
19　　　referring to in this paragraph of the Complaint?
20　A　No, I don't.
21　Q　Do you have any facts to support the claim that the Union
22　　　engaged in concerted action for a lawful purpose by
23　　　criminal or unlawful means, that they were going to do
24　　　something lawful, but they were going to do it in a
25　　　criminal way. Do you have any facts to support that

Page 62

1　　　notion?
2　A　No facts.
3　Q　Count XIII, you ask for relief in Paragraph 254 of the
4　　　First Amended Complaint and, among other things, I want
5　　　to make sure we're clear, that you ask the Court to give
6　　　you, restore the seniority that existed before you went
7　　　on duty disability, to award you 15 years of seniority
8　　　while you were on duty disability, and to increase your
9　　　pension benefits based on the new calculations of your
10　　　seniority. That's one of the things you want from the
11　　　Court. Am I correct on that?
12　A　Yes.
13　Q　Now, I'm going to direct your attention —
14　　　　　MR. LEGGHIO: Mr. Sanders, we're going to
15　　　be working off of the second batch of exhibits, Volume 2,
16　　　and in particular, I'm going to go to Exhibit 25.
17　　　　　MR. SANDERS: How much more time do you
18　　　anticipate?
19　　　　　MR. LEGGHIO: I am going to be here for a
20　　　little bit. Do you want to break here?
21　　　　　MR. SANDERS: Okay. I thought we were
22　　　near wrapping this up.
23　　　　　MR. LEGGHIO: We can break here for a half
24　　　hour, 40 minutes if you want?
25　　　　　MR. SANDERS: All right. Why don't we do

Page 63

1　　　that.
2　　　　　MR. LEGGHIO: Okay. Return back at 12:30?
3　　　　　MR. SANDERS: That's fine.
4　　　　　MR. LEGGHIO: Okay. Thank you.
5　　　　　(At 11:46 a.m., recess taken)
6　　　　　MR. LEGGHIO: Okay.
7　　　　　(At 12:32 p.m., back on the record)
8　Q　(By Mr. Legghio) I am going to start with page 0627.
9　　　Mr. Potts, I just want to make sure that given your
10　　　testimony today that I'm not misunderstanding anything,
11　　　so these are your responses to the Request for Admissions
12　　　that were filed with you and I'm going to take you
13　　　through a couple of them and I want you to first look on
14　　　page 0627, number 2, and I am going to read it into the
15　　　record.
16　　　　　"Potts did not file a grievance regarding
17　　　　the matters alleged in the Complaint."
18　　　Your response was:
19　　　　　"Neither admits nor deny at this time."
20　　　Now, I want to make sure we're clear. You never filed a
21　　　grievance regarding any matter contained in your First
22　　　Amended Complaint. Am I correct?
23　A　Correct.
24　Q　Looking at Paragraph 3, the admission that's requested is
25　　　that before you filed your Complaint, you had no

18 (Pages 60 to 63)

TAMARA A. O'CONNOR
248.882.1331    toconnorrptg@aol.com
13-53846-tjt    Doc 13430-8    Filed 08/30/21    Entered 08/30/21 15:58:02    Page 3 of 10

a54e59a9-e225-4caa-8c85-38c1a838de5f

# EXHIBIT 6I

# STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

CHRISTOPHER MCGHEE, NORMAN BROWN,
CRAIG BROWN, JAMES WASHINGTON,
SHANNON FERGUSON, JUNIUS PERRY,
and ORLANDO POTTS

        Plaintiffs,

v.

CITY OF DETROIT, et al.
*In their Individual and Official Capacities,*
*Jointly & Severally,*

        Defendants.

Case No. 20-006272-CD
Judge: Sheila Gibson

___

**Herbert A. Sanders (P43031)**
**The Sanders Law Firm, P.C.**
Attorney for Plaintiffs
The Ford Building
615 Griswold, Suite 913
Detroit, Michigan 48226
(313) 962-0099 (Phone)
(313) 962-0044 (Fax)
haslawpc@gmail.com

**Shawndrica N. Simmons** (P70608)
Attorney for Plaintiffs
77 Bagley St.
Pontiac MI 48341
(248) 732-7559 (Phone)
simmonslegal@LawChic.com

**Christopher P. Legghio (P27378)**
**John G. Adam (P37205)**
**Legghio & Israel, P.C.**
Attys for Fire Dept. Defendants
306 S. Washington, Suite 600
Royal Oak, MI 48067-3837
(248) 398-5900
cpl@legghioisrael.com
jga@legghioisrael.com

**Jason T. McFarlane (P73105)**
**City of Detroit, Law Department**
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 224-4550
mcfaj@detroitmi.gov

___

## PLAINTIFF NORMAN BROWNS'S RESPONSES TO DEFENDANT DFFA'S FIRST REQUEST FOR ADMISSIONS

NOW COMES Plaintiff Norman Brown, by and through his attorney, who hereby submit the following responses to Defendants' Request for Admissions:

### GENERAL OBJECTIONS

1. Plaintiff objects to Defendant's Request for Admissions to the extent they fail to relate to statements or opinions of fact or of the application of law to fact and thereby exceed the scope of Michigan Court Rules.

2. Plaintiff objects to Defendant's Request for Admissions to the extent they seek information prepared in anticipation of litigation or which seek disclosure of the theories and opinions of Plaintiff counsel, on the grounds that such information is protected from disclosure by the attorney work product privilege.

3. Plaintiff objects to Defendant's Request for Admissions to the extent that, when read with the definitions and instructions, they are so vague, broad, general and all-inclusive that they do not permit a proper or reasonable response and are, therefore, unduly burdensome and oppressive.

4. Plaintiff objects to the Instructions and Definitions to the extent that they impose an obligation greater than that imposed by the provisions of the applicable rules.

5. Plaintiff objects to Defendant's Request for Admissions, to the extent that Defendant has employed requests to establish facts that are obviously in dispute.

## GENERAL RESPONSES

1. Plaintiff's responses are made subject to all objections as to relevance, privilege, materiality, admissibility and any and all other objections and ground that would require exclusions of any statement contained herein if any request were asked of, or if any statement contained herein were made by, or if any documents reference here were offered by a witness present and testifying in court, all of which objections are reserved and may be interposed at the time of hearing.

2. The fact that Plaintiff has responded to any request for admission, interrogatories, or production of documents in whole or in part is not intended and shall not be construed as a waiver by Plaintiff of all or any part of any objection to any to same.

3. Plaintiff has not completed the investigation in this case, and additional facts may be discovered that are responsive to Defendant's requests. Plaintiff reserves the right to supplement the responses

provided herein as appropriate during the course of discovery.

## REQUEST FOR ADMISSIONS

1. Under the 2014-2019 CBA Article 12(D), "employees who retire from service as a result of a duty disability, shall lose their seniority" if they return to work for the City.

   *RESPONSE*:

   Deny: The 2014-2019 CBA Article 12(D), pages 17-18, DOES NOT mention Duty Disability NOR returning to work for the City. The referenced "CBA" was not collectively bargained for wherein there was a lack of duty of fair representation. Consequently, an illegal document was created pursuant to a conspiracy, with the intent and purpose of violating my, and the other Plaintiff's civil rights.

2. Plaintiff Norman Brown was not entitled under the 2014-2019 CBA to get his prior years of seniority when the City returned him to work in 2018 from his disability retirement because the 2014-2019 CBA Article 12, Section D(2) and (7) provides that an employee "shall lose his/her seniority" in cases of "retirement" or "Absence from work for any reason (including lay-off) in excess of two (2) years."

   *RESPONSE:*

   Deny: The referenced "CBA" was not collectively bargained for wherein there was a lack of duty of fair representation. Consequently, an illegal document was created pursuant to a conspiracy, with the intent and purpose of violating my, and the other Plaintiff's civil rights. Further, the City, nor The DFFA notified me of any changes to the contract in which I was awarded disability benefits. Based on prior contractual promises as well as language in the current CBA, Article 12 (A) and {B) (2), which states: Seniority is defined as continuous service within The Department without interruption or breaks. And Continuous Service shall mean employment with the Department without interruption or breaks. The following shall not be considered breaks in service: Article 12 (B) (2), Absence from work due to injuries compensated for under the Workers Compensation Act of The State of Michigan.

3. Plaintiff underwent a disability retirement on or about 2003 and was rehired by the City of Detroit, and returned to work in January 2018.

   *RESPONSE:*

   Admits. Plaintiff was placed on duty disability status in 2003 for injuries compensated for under the Workers Compensation Act of the State of Michigan and was cleared by the City's doctor to return to work to resume service in January 2018.

4. When plaintiff was rehired returned to work for the City on or about January 2018, he was not entitled to the seniority he had earned prior to his 2003 disability retirement, under the 2014-2019 CBA.

*RESPONSE:*

Deny. The referenced "CBA" was not collectively bargained for wherein there was a lack of duty of fair representation. Consequently, an illegal document was created pursuant to a conspiracy, with the intent and purpose of violating my, and the other Plaintiff's civil rights. Further, the City, nor The DFFA notified me of any changes to the contract in which I was awarded disability benefits. Based on prior contractual promises as well as language in the current CBA, Article 12 (A) and {B) (2), which states: Seniority is defined as continuous service within The Department without interruption or breaks. And Continuous Service shall mean employment with the Department without interruption or breaks. The following shall not be considered breaks in service: Article 12 (B) (2), Absence from work due to injuries compensated for under the Workers Compensation Act of The State of Michigan. Seniority is defined as continuous service in Article 12(A). Based on Article 12(B-2) of the current CBA and other contractual promises made to Plaintiff, Plaintiff is entitled to all seniority past and present.

5. The City wrote to plaintiff in an October 3, 2019 letter, Ex. A, that it had incorrectly applied his "previous seniority" when he returned to work. The City stated that DFFA "brought this matter to the City's attention and indicated by way of numerous conversations—and ultimately filing a grievance—that the City was in violation" of the 2014 CBA "when it returned you (and other similarly situated employees) to work with your previous seniority."

*RESPONSE:*

Admit that the City wrote me a letter on or about October 2019. Neither Admit nor Deny what the DFFA allegedly told the City of Detroit.

6. The City wrote in an October 3, 2019 letter, Ex. A, to Brown that "to rectify this situation and to avoid further violations of the CBA with regards to this matter," "your seniority will be adjusted to reflect the date that you returned to duty with the Detroit Fire Department."

*RESPONSE:*

Objection form. Admit that there was a letter received. However, the situation was not rectified.

7. DFFA told Brown on October 14, 2019 that DFFA would not take action or file any grievance over the City's October 3, 2019 letter to Brown or over the City's statement "your seniority would be adjusted to reflect that date" you returned to work.

*RESPONSE:*

Deny. There was no discussion in which the DFFA and Plaintiff addressed seniority adjustment. We discussed the DFFA's May 2019 grievance and how it had the potential to harm while violating Article 8(C) of the CBA.

8. DFFA told Brown that DFAA "would not be representing me" to get back the seniority and "'there is nothing we are willing to do to assist you in this matter.'"

*RESPONSE:*

Admit in part and Deny in part. During the October 2019 meeting with the DFFA we did not discuss getting back seniority. Plaintiff expressed concerns about the potential demotion from Fire Prevention. Plaintiff explained that the promotional opportunity found in Bulletin #4/18 did not mention seniority and since the promotional provisions found in the 2014-2019 CBA 12H(2) were not being implemented, the demotion should not apply to Plaintiff. Despite the proof Plaintiff provided, Vice President Harp stated, "there is nothing we are willing to do to assist you."

9. After Brown wrote in his November 2, 2019 letter to DFFA "Unless I receive written verification [within ten days] that I am represented and you are my representation, I will proceed as an unrepresented member to protect my interests;" DFFA never wrote to Brown and did not change its position.

   *RESPONSE:*

   Deny. There was no November 2nd letter, only a November 4th letter.

10. The City did not demand from Brown that he reimburse the City for higher wages it paid to the plaintiff as a result of the City's earlier action to return the plaintiff to work in 2018 with his previous seniority.

    *RESPONSE:*

    Admit.

11. Upon his reinstatement to work, plaintiff's seniority should have started from his reinstatement date in January 2018 under the 2014-2019 CBA Art. 12.

    *RESPONSE:*

    Deny. The referenced "CBA" was not collectively bargained for wherein there was a lack of duty of fair representation. Consequently, an illegal document was created pursuant to a conspiracy, with the intent and purpose of violating my, and the other Plaintiff's civil rights.

12. Brown cannot show that his "age" or former "disability" was a reason for the City's adjusted his seniority to reflect to the date he returned to work in January 2018, after being absent from work since 2003.

    *RESPONSE:*

    Deny. See the Plaintiffs' Complaint which establishes a prima facie case of age and disability discrimination. Further, see exhibit (A). The letter from The City stating that the demotion was a result of a former disability.

13. Brown's "age" or former "disability" was not a reason for DFFA's May 2019 grievance or DFFA's decision not to process plaintiff's grievance.

*RESPONSE:*

Deny. See the Plaintiffs' Complaint which establishes a prima facie case of age and disability discrimination. Further, see exhibit (A). The letter from The City stating that the demotion was a result of a former disability.

14. Brown gave a copy his October 10, 2019 letter to DFFA, Ex. B, to other DFFA members around October 10, 2019.

*RESPONSE:*

Admit.


Respectfully Submitted,


/s/ Herbert A. Sanders
HERBERT A. SANDERS (P43031)
THE SANDERS LAW FIRM, P.C.
Attorneys for Plaintiff
615 Griswold Street, Suite 913
Detroit, Michigan 48226-3984
(313) 962-0099
haslawpc@gmail.com

### PROOF OF SERVICE

The undersigned certifies that on January 12, 2021, a copy of the foregoing instrument was served upon the Court and the attorneys of record of all parties to the above cause by electronic of same to them at their respective business addresses as disclosed by the pleadings of record herein. I declare that the statement above is true to the best of my information, knowledge and belief.

/s/Herbert A. Sanders
**Herbert A. Sanders**