UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |
| _____/ | |

**DETROIT FIRE FIGHTERS ASSOCIATION'S (DFFA)**
***EX PARTE* MOTION FOR AN ORDER SHORTENING NOTICE
AND SCHEDULING AN EXPEDITED HEARING
ON THE DFFA'S MOTION FOR ENFORCEMENT**

DFFA moves for the entry of an *ex parte* order Pursuant to Rules 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedures and Rule 9006-1(b) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Michigan that:

**(a)** shortens the notice period with respect to the *Detroit Firefighters Association's (DFFA) Motion for the Entry of an Order Enforcing the Plan of Adjustment and Confirmation Order Against Christopher McGhee, Norman Brown, Craig Brown, James Washington, Shannon Ferguson, Junius Perry and Orlando Potts.* ("Motion," Docket #13430); and

**(b)** schedules a hearing on the DFFA Motion as soon as possible, on a date determined by the Court.

In support of this *Ex Parte* Motion, the DFFA states as follows:

1. Christopher McGhee, Norman Brown, Craig Brown, James Washington, Shannon Ferguson, Junius Perry, and Orlando Potts (collectively the

1

"Plaintiffs") sued the DFFA, the City, and nine (9) City and DFFA officials in Wayne County Circuit Court ("WCCC suit"). Their claims are barred by the City's confirmed plan of adjustment ("POA"). In their July 8, 2020 WCCC suit, the Plaintiffs ignore the heavily-negotiated and binding pension settlement codified in the POA. *Supplemental Opinion Regarding Plan Confirmation, Approving Settlements, and Approving Exit Financing* (the "Confirmation Opinion," Doc. No. 8993), pp. 35-36.

2. Plaintiffs and their counsel have known—for some time—about the improper conflict between their WCCC action and the POA.

3. Plaintiffs and their counsel completely ignored the specific notices of this conflict, and continued to pursue their claims.

4. As explained in the DFFA Motion, the WCCC lawsuit, and the relief it seeks violates the POA.

5. The Summary Disposition deadline in the WCCC lawsuit is October 1, 2021.

6. So, to prevent further violations of the POA by continued and improper litigation, DFFA respectfully requests that this Court hold a hearing on the DFFA Motion as soon as possible, on a date determined by the Court.

7. This Court has the authority to grant an expedited hearing on the DFFA Motion pursuant to Bankruptcy Rule 9006(c)(1), which provides that "when an act

is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced." Fed. R. Bankr. P. 9006(c)(1). Local Rule 9006-1(b) further provides that "a party may file a motion for an *ex parte* order reducing or enlarging the time for a party to take any action or file any paper." E.D. Mich. LBR 9006-1(b).

8. In addition, pursuant to Bankruptcy Rule 9007, "[w]hen notice is to be given under these [Bankruptcy] rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given. Fed. R. Bankr. P. 9007.

9. These rules provide the Court with the authority to enter an *ex parte* order scheduling a hearing on shortened notice and approving the manner of notice of the hearing.

10. Because of the status of the WCCC suit and the ongoing harm from the continuing litigation, the DFFA requests that its Motion to enforce the POA be heard as soon as possible, on a date determined by the Court, with any responses filed by the Plaintiffs to be due 48 hours prior to the hearing.

WHEREFORE, the DFFA asks requests that this Court enter an order, in substantially the same form as the one attached as Exhibit 1, granting the relief

requested in this *Ex Parte* Motion and granting such further relief as the Court deems appropriate.

s/Christopher P. Legghio
Christopher P. Legghio (P27378)
Megan B. Boelstler (P79125)
Legghio & Israel, P.C.
306 S. Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
cpl@legghioisrael.com
mbb@legghioisrael.com

Attorneys for DFFA

August 30, 2021

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

In re:  Bankruptcy Case No. 13-53846

City of Detroit, Michigan,  Judge Thomas J. Tucker

    Debtor.  Chapter 9
_____/

# EXHIBIT LIST

| | |
|---|---|
| Exhibit 1 | Proposed Order |
| Exhibit 2 | None |
| Exhibit 3 | None |
| Exhibit 4 | Certificate of Service |

# EXHIBIT 1 – PROPOSED ORDER

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DISTRICT

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |
| _____/ | |

## ORDER GRANTING DETROIT FIRE FIGHTERS ASSOCIATION'S (DFFA) EX PARTE MOTION FOR AN ORDER SHORTENING NOTICE AND SCHEDULING AN EXPEDITED HEARING ON THE DFFA'S MOTION FOR ENFORCEMENT

This case is before the Court on the *Detroit Fire Fighters Association's (DFFA) Ex Parte Motion for an Order Shortening Notice and Scheduling an Expedited Hearing on the DFFA's Motion For Enforcement*. (Docket #_____). The Court, having review the Motion and having found that notice of the Motion was sufficient under the circumstances; having determined after due deliberation that the relief requested in the Motion is in the best interests of the Debtor and its creditors; having determined that good and sufficient cause has been shown;

1. The Motion (Docket #_____) is GRANTED.

2. The Court will hold an expedited hearing on _____ on the *Motion of DFFA for the Entry of an Order Enforcing the Plan of Adjustment Against:*

1

*Christopher McGhee, Norman Brown, Craig Brown, James Washington, Shannon Ferguson, Junius Perry, and Orlando Potts* (Docket #_____, the "Motion").

   **3.**   Responses to the Motion must be filed ***no later than*** **_____**.

   **4.**   The terms and the conditions of this Order will be immediately effective and enforceable upon its entry.

   **5.**   The DFFA must serve a copy of this Order on the Motion respondents ***no later than today, _____, 2021, at 5:00 p.m. EDT***, and must file proof of such service no later than _____, 2021, at 5:00 p.m. EDT. Such service must be by both overnight mail and by a method that will cause the receipt by respondents of the served documents today by 5:00 p.m., such as hand-delivery, fax, or e-mail.

2

## **EXHIBIT 2 - NONE**

# **EXHIBIT 3 - NONE**

# EXHIBIT 4 - CERTIFICAE OF SERVICE

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DISTRICT**

| | |
|---|---|
| In re: | Bankruptcy Case No. 13-53846 |
| City of Detroit, Michigan, | Judge Thomas J. Tucker |
| Debtor. | Chapter 9 |
| _____/ | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 30, 2021, she served a copy of the foregoing *Detroit Fire Fighters Association's (DFFA) Ex Parte Motion for an Order Shortening Notice and Scheduling an Expedited Hearing on the DFFA's Motion For Enforcement* upon counsel for Christopher McGhee, Norman Brown, Craig Brown, James Washington, Shannon Ferguson, Junius Perry, and Orlando Potts, via first class mail and e-mail to the following:

| | |
|---|---|
| Herbert A. Sanders (P43031)<br>The Sanders Law Firm PC<br>Attorneys for Plaintiff<br>615 Griswold St. Suite 913<br>Detroit, MI 48226<br>(313) 932-0099 / (313) 962-0044<br>haslawpc@gmail.com | Shawndrica N. Simmons (P70608)<br>Simmons Legal dba The Law Chic<br>Attorney for Plaintiffs<br>77 Bagley St<br>Pontiac, MI 4834 1<br>(248) 732-7559<br>simmonslegal@LawChic.com |
| | /s/Christopher P. Legghio<br>Christopher P. Legghio (P27378)<br>Megan B. Boelstler (P79125)<br>Legghio & Israel, P.C.<br>306 S. Washington, Suite 600<br>Royal Oak, MI 48067<br>(248) 398-5900<br>cpl@legghioisrael.com<br>mbb@legghioisrael.com |
| August 30, 2021 | Attorneys for DFFA |

1