## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DISTRICT

In re:                                          Bankruptcy Case No. 13-53846

City of Detroit, Michigan,                      Judge Thomas J. Tucker

     Debtor.                             Chapter 9
_____/


## DFFA'S REPLY IN SUPPORT OF ITS MOTION FOR THE
## ENTRY OF AN ORDER ENFORCING THE PLAN
## OF ADJUSTMENT AGAINST:

## CHRISTOPHER MCGHEE
## NORMAN BROWN
## CRAIG BROWN
## JAMES WASHINGTON
## SHANNON FERGUSON
## JUNIUS PERRY, AND
## ORLANDO POTTS

Christopher P. Legghio (P27378)
Megan B. Boelstler (P79125)
Legghio & Israel, P.C.
306 S. Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
cpl@legghioisrael.com
mbb@legghioisrael.com

Attorneys for DFFA

# GUIDE TO PARTIES AND CITATIONS

For purposes of readability and concision, the following abbreviations, acronyms, and citations are used in this Reply:

**1.** "**Bankruptcy Court**" refers to the United States Bankruptcy Court, Eastern District of Michigan.

**2.** "**CBA**" refers to collective bargaining agreements generically.

**3.** The "**2014 CBA**" refers specifically to the 2014-2019 collective bargaining agreement and its extension to July 2020, between the DFFA and the City. *See POA below.*

**4.** "**City**" refers to the City of Detroit.

**5.** "**FAC**" refers to Plaintiffs' First Amended Complaint, Ex. 6A. References to the FAC are cited by paragraph, such as "**¶ 50**."

**6.** "**Confirmation Order**" or "**CO**" refers to the Order Confirming Eighth Amended Plan for the Adjustment of Debts for the City of Detroit, Docket #8272. The CO and Plan of Adjustment (see no. 15 below) are collectively referred to as the "**POA**."

**7.** "**DFD**" refers to the Detroit Fire Department.

**8.** "**DFFA**" or "**Movant**" is the Defendant Detroit Fire Fighters Association, Local 344.

**9.** "**DFFA Officers**" refer to Defendant DFFA President Thomas Gehart, Vice President William Harp, Secretary John Cangialosi, Treasurer Christopher Smith, and former president Michael Nevin.

**10.** "**Effective Date**" is December 10, 2014, the date the POA became effective. (Docket #8649).

**11.** "**EM**" refers to Emergency Manager Kevin Orr who was appointed by the Governor in March 2013 pursuant to MCL 141.1549(1).

**12.** "**Grand Bargain**" refers to a significant, complicated feature of the confirmed POA, that provided, among other things, that the PFRS (see below) would be funded by other entities than the City, including the State. (*See, e.g.*, Docket #8272, pp. 33, 38-39, 65; Docket #8993, pp. 40-41, 104, 117).

**13.** "*Huffy*" refers to *In re Huffy Corp.*, 424 B.R. 295 (Bankr. S.D. Ohio 2010).

**14.** "*O'Loghlin*" refers to *O'Loghlin v. County of Orange*, 229 F.3d 871 (9th Cir. 2000).

**15.** "**PFRS**" refers to Police and Fire Retirement System of the City of Detroit.

**16.** "**Plaintiffs**" refer to Christopher McGhee, Norman Brown, Craig Brown, James Washington, Shannon Ferguson, Junius Perry, and Orlando Potts.

**17.** "**Plan Document**" refers to the POA-provided new plan for the PFRS, which is called the Combined Plan for the Police and Fire Retirement System of the City of Detroit, Michigan (Amendment and Restatement Effective July 1, 2014).

**18.** "**POA**"-- the City Bankruptcy Plan of Adjustment which included a ten (10) year injunction against any pension changes. (Docket #8045). By its terms, the 2014 CBA is incorporated into the POA.

**19.** "**Reply**" or "**Reply Brief**" refers to this brief.

**20.** "*Senczyszyn*" refers to *In re Senczyszyn*, 426 B.R. 250 (Bankr. E.D. Mich. 2010), *aff'd* 444 B.R. 750 (E.D. Mich. 2011).

**21.** "**WCCC**" -- Wayne County Circuit Court.

**22.** "**WCCC suit**" -- Plaintiffs' WCCC lawsuit, *Christopher McGhee, et al., v. City of Detroit, et al.*, (WCCC No. 20-006272-CD).

# TABLE OF CONTENTS

GUIDE TO PARTIES AND CITATIONS ................................................................. i

TABLE OF AUTHORITIES ................................................................................ iv

I.    INTRODUCTION ................................................................................1

II.   ARGUMENT ......................................................................................4

      A.    Plaintiffs' Claims Existed Before the POA, and Neither
            the DFFA Nor the City Engaged in Actionable Post-
            Discharge Conduct ....................................................................4

      B.    Page 85 of the POA is Inapplicable and Not Supportive
            of Plaintiffs' Request to Deny DFFA's Motion .........................6

      C.    The City's Delay in Correctly Implementing the POA
            and the 2014 CBA Does Not Exempt Plaintiffs from
            Pension and Seniority Changes...................................................7

III.  CONCLUSION ...................................................................................8

# TABLE OF AUTHORITIES

**CASES**

*Christopher McGhee, et al., v. City of Detroit, et al.*, (WCCC No. 20-006272-CD)................................................................................................ ii

*In re Huffy Corp.*, 424 B.R. 295 (Bankr. S.D. Ohio 2010).................................. ii, 4

*In re Senczyszyn*, 426 B.R. 250 (Bankr. E.D. Mich. 2010), *aff'd* 444 B.R. 750 (E.D. Mich. 2011)............................................................................ ii, 3, 4, 5

*O'Loghlin v. County of Orange*, 229 F.3d 871 (9th Cir. 2000)....................... ii, 5, 6

**STATUTE**

42 U.S.C. §1983 ...........................................................................................2

**RULES**

Michigan Court Rule 2.403...........................................................................2

Michigan Court Rule 2.404(B) .....................................................................2

This is the Movant DFFA's *Reply in Support of its Motion for Entry of an Order Enforcing the POA* against Plaintiffs and their counsel.

As explained below, this Court should bar Plaintiffs' pending WCCC lawsuit and hold each Plaintiff and their counsel in contempt of Court for violating the POA.

## I.    INTRODUCTION

Plaintiffs' Response is less a legal argument than a screed against painful pension (and other) modifications wrought by the POA and the 2014 CBA -- a POA supporting document -- that have impacted all fire fighters, including active and retired fire fighters, and duty disabled retirees.

In their 36-page Response, Plaintiffs devote thirty-three (33) pages to a granular recitation of the "injustices" ostensibly visited upon them by the POA, the DFFA, the 2014 CBA, and by the City's belated but corrected application of the POA and 2014 CBA terms *vis-à-vis* duty disabled retirees who finally returned to City employment.

Plaintiffs devote less than five (5) pages to legal "argument," though their ponderous Response is shot through with inaccuracies, misrepresentations, and

1

conclusionary, attention-grabbing -- but ultimately hollow -- references to conspiracies and §1983 violations.[1]

Plaintiffs' legal "arguments" -- such as they are -- lack any meaningful analysis of the only question before this Court: *Does Plaintiffs' WCCC suit violate the POA and its injunctions?* (See Docket #13274 pp. 18-19).

Unstated in their Response, but unabashedly declared in their WCCC pleadings and deposition testimony, is the underlying principle of Plaintiffs' WCCC lawsuit and their opposition to Movant's Motion -- *i.e.*, that their contractual rights from earlier pre-bankruptcy CBAs were abridged by the POA and the 2014 CBA. This, Plaintiffs believe, is unfair.

More precisely, Plaintiffs believe that because *pre*-POA, 2014 CBA duty disabled retired fire fighters could return to City work after years *in absentia* and simply resume where they left off -- enjoying the same improved rank and corresponding higher pensions as those fire fighters who never left City employment

---

[1] Plaintiffs claim, for example, that this "matter is slated for trial" and that the DFFA, in its Motion, is seeking "what it believes it will not achieve" in the WCCC action. Both claims are false. First, no party has yet to file for summary disposition in WCCC. So, the matter is not yet "slated for trial." Further, although this Court does not concern itself with the substance of Plaintiffs' WCCC claims, it is noteworthy that the three (3) Mediation Tribunal Association-selected Case Evaluators, who considered this case, found that Plaintiffs' claims were devoid of merit -- less than frivolous -- and awarded Plaintiffs *$0* against DFFA and the individual DFFA officers. (MCR 2.403 and 2.404(B)). This is no surprise. At least two (2) Plaintiffs have admitted they had no evidence of a conspiracy. (Ex. 1, Potts 61-62, Ferguson 64-65).

-- Plaintiffs, too, are entitled to this extravagant and costly pension benefit. This is so, Plaintiffs urge, notwithstanding the dramatic changes caused by the City bankruptcy, the POA, and the 2014 CBA.

In one fashion or another, Plaintiffs claim they are entitled to enjoy the benefits of earlier CBAs in place when then they were either hired or when they took a duty disability retirement -- including a CBA from 1992.[2]

Thus, Plaintiffs seem to reason, they are immunized from the POA, the 2014 CBA modifications, and seniority-related pension reductions.

The City's inadvertent adherence to earlier pre-bankruptcy CBA terms regarding returning-to-work duty disabled retirees -- though later corrected -- only underscores Plaintiffs' notion of entitlement to the *pre*-POA duty disability retirement terms.

Relying on *Senczyszyn* and *O'Loghlin*, Plaintiffs state that their WCCC claims were not "mature" at "the time the petition for bankruptcy was filed." That they could not have "fairly contemplated" or "reasonably foreseen" their pension claims. And, that the City's seniority correction occurred *after* the POA. Thus, Plaintiffs reason, the POA and the supporting 2014 CBA cannot bar their claims.[3]

---

[2] Plaintiff McGhee specifically testified that he wants the duty-disability pension bargain of the 1988-1992 CBA. (Ex. 1, McGhee 89-90).

[3] Plaintiffs acknowledge the flaws in their claim. Plaintiffs inexplicably also claim that, "to the extent some of Plaintiffs['] claims were found to predate" the POA, "Plaintiffs should still be allowed to proceed." (Docket #13155 at 33).

3

Finally, Plaintiffs direct this Court to page 85 of the POA and, without analytics, summarily declare that the POA "does not apply to things that take place after continuation of the Plan."

Plaintiffs' arguments are wrong and sophistic.

Worse yet, Plaintiffs disregard Judge Rhodes' complicated, difficult but controlling conclusion that "pension benefits are a contractual obligation of the municipality and are not entitled to any heightened protection in bankruptcy." (Hearing re Bench Opinion, Docket #1947, pp. 32-33).

## II.    ARGUMENT

### A.    Plaintiffs' Claims Existed Before the POA, and Neither the DFFA Nor the City Engaged in Actionable Post-Discharge Conduct

Plaintiffs had a *pre-petition contractual* relationship with the City -- indeed, Plaintiffs repeatedly cite to their *pre*-petition CBA rights throughout their WCCC litigation. [4] This *pre-petition, contractual* relationship is fatal to Plaintiffs' maturation argument. See *Senczyszyn* which, quoting *Huffy*, noted that courts within the Sixth Circuit have looked to contractual, creditor/debtor relationships in assessing "fair contemplation" and "foreseeability."

Beyond *Senczyszyn*'s analysis of "foreseeability," stubborn facts undermine Plaintiffs' maturation claims. In November 2013, Plaintiffs were specifically

---

[4] See n.2 above.

notified that, because they were City creditors (as duty disabled retirees) they were "potential claimants" of the City. (See Ex. 2). Further, the topic of the possible reductions of pension benefits of active and extant City retirees -- the "third-rail" of employees' benefits -- was constantly in the news.

To now deny the maturity of their claim is to dispute this Court's formal notices of Plaintiffs' status as creditors and defy the intense focus on the legality of the bankruptcy court's authority to reduce City employees' and retirees' pension benefits.[5]

Plaintiffs cite to *O'Loghlin* to argue that their seniority corrections occurred after the POA and, therefore, are not barred by the POA. In *O'Loghlin*, the Court permitted a claim of post-discharge ADA violations to proceed, noting that bankruptcy discharge did not shield the defendant County from such post-discharge charges.

*O'Loghlin* is inapplicable. And, Plaintiffs' apparent, though unarticulated, effort to analogize *O'Loghlin* to the facts in this case fail.

---

[5] The Plaintiffs' notion that their claims only matured when each Plaintiff individually decided to return to work after years on duty disability is absurd on its face -- especially where two Plaintiffs have *yet* to return to work. Here is Plaintiffs' sophistry. Spun to its logical conclusion, Plaintiffs' argument means that all active fire fighters, whose pensions were also reduced by the POA and the 2014 CBA, have a future maturation date that they control when they individually retire and go into pension pay-status.

5

Plaintiffs here are suing over City and Union conduct that is *in observance* of the POA and its supporting 2014 CBA. Thus, this is a suit that attacks the POA and 2014 CBA themselves -- not a statutory claim that arose from post-discharge City conduct.

### B.       Page 85 of the POA is Inapplicable and Not Supportive of Plaintiffs' Request to Deny DFFA's Motion

In their Response, Plaintiffs make a gauzy, underdeveloped reference to page 85 of the POA as supportive of their objections. (CO, Order Section D (Approval of Releases and Exculpation), ¶23, Docket #8272, p. 85).

This POA provision does not support Plaintiffs' objections.

This provision is a simple statement of the obvious: that the discharge protections of the POA do not release the City from its *post*-POA obligations under the POA, including its pension and labor relations obligations.

Fair enough. The DFFA does not dispute this simple but limited "read" of he POA provision.

What Plaintiffs miss, however, is that their WCCC lawsuit challenges the City's *observance and enforcement* of the POA and the 2014 CBA terms themselves. Plaintiffs have sued the City, the DFFA, and the other Defendants for implementing the POA and 2014 CBA. This is an impermissible but camouflaged attack on the POA and its supporting 2014 CBA.

Plaintiffs cannot contort and deform the POA language into a license to challenge the POA and its supporting 2014 CBA themselves -- nor do so outside of Bankruptcy Court.

The short, simple but unpleasant truth is that the POA and the 2014 CBA reduced earlier, promised pension and healthcare benefits of active City fire fighters and extant City fire fighter retirees. Challenges to these reductions were considered and resolved in the POA and the 2014 CBA.

Despite this fact, Plaintiffs seek to relitigate this issue by relying on the terms of the earlier CBA promises that were specifically compromised in bankruptcy. This is impermissible on its face.

The Plaintiffs' suit is not a suit to enforce their rights under the 2014 CBA -- which is what the language of page 85 of the POA addresses. Rather, by their WCCC suit, Plaintiffs seek to avoid the pension and seniority changes contained in the POA and the 2014 CBA. This is impermissible.

C.    **The City's Delay in Correctly Implementing the POA and the 2014 CBA Does Not Exempt Plaintiffs from Pension and Seniority Changes**

The Plaintiffs never argue this point. But, they gesture to the notion that the City's delay in adjusting their seniority gave them an exemption from the pension and seniority terms of the POA and the 2014 CBA. If this is Plaintiffs' claim, this too is wrong. The City's inadvertent initial misapplication of the duty disability

7

provisions of the 2014 CBA did not, and could not, rewrite the POA pension injunction or this 2014 CBA term. To find otherwise would permit the debtor City to rewrite -- inadvertently or otherwise -- the POA terms.

## III. CONCLUSION

For the reasons stated above, as well as for those reasons set forth in the DFFA's Motion, the DFFA asks this Court to bar Plaintiffs' WCCC suit, hold each Plaintiff and their counsel in contempt for violating the POA, and award the DFFA its costs and fees in defending this action.

/s/ Megan B. Boelstler
Christopher P. Legghio (P27378)
Megan B. Boelstler (P79125)
Legghio & Israel, P.C.
306 S. Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
cpl@legghioisrael.com
mbb@legghioisrael.com

November 1, 2021                    Attorneys for DFFA

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

-----------------------------------------------

In re:                                    Chapter 9

CITY OF DETROIT, MICHIGAN,                 Case No. 13-53846

                Debtor.                    Judge Thomas J. Tucker

-----------------------------------------------

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 1, 2021, she filed the foregoing *Detroit Fire Fighters Association's (DFFA) Reply in Support of DFFA's Motion for the Entry of an Order Enforcing the Plan of Adjustment Against: Christopher McGhee, Norman Brown, Craig Brown, James Washington, Shannon Ferguson, Junius Perry, and Orlando Potts* with the Court, using the Court's ECF system, which will provide notice of the filing to all registered participants in this case and also served the same document upon the following parties in the manner indicated:

*Via Email:*

Herbert A. Sanders
haslawpc@gmail.com

Shawndrica N. Simmons
simmonslegal@lawchic.com

Marc N. Swanson
swansonm@millercanfield.com

/s/ Megan B. Boelstler
Christopher P. Legghio (P27378)
Megan B. Boelstler (P79125)
Legghio & Israel, P.C.
306 S. Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
cpl@legghioisrael.com
mbb@legghioisrael.com

November 1, 2021                Attorneys for DFFA

**EXHIBIT LIST**

**1.** Transcript excerpts (Ferguson, McGhee, and Potts)

**2.** R1782 and Plaintiff proof of service excerpts