UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

In re:

City of Detroit, Michigan,

    Debtor.

)
)
)
)
)
)
)
)
)

Case No.: No. 13-53846

Judge Thomas J. Tucker

Chapter 9

**WSP MICHIGAN INC. (F/K/A PARSONS BRINCKERHOFF MICHIGAN INC.) RESPONSE TO CITY OF DETROIT'S MOTION TO ESTABLISH PROCEDURES FOR DISTRIBUTION OF NEW B NOTES TO HOLDERS OF ALLOWED CLASS 14 CLAIMS UNDER THE CITY'S PLAN OF ADJUSTMENT AND REQUEST FOR MODIFICATION OF PROPOSED ORDER**

    WSP MICHIGAN INC. (F/K/A PARSONS BRINCKERHOFF MICHIGAN INC.) (hereafter, "WSP"), by its undersigned counsel, hereby Responds to the City Of Detroit's Motion To Establish Procedures For Distribution Of New B Notes To Holders Of Allowed Class 14 Claims Under The City's Plan Of Adjustment ("Motion").[1]  In support, WSP respectfully states as follows:

## I.    INTRODUCTION

    WSP is an Allowed Class 14 Claimant (Claim Number 2328), who is to receive payment of its Claim in this matter through the distribution of New B Notes.

---

[1] Capitalized terms used but not otherwise defined in this Response have the meanings given to them in the Motion.

While WSP does not oppose the City of Detroit's ("City") Motion, it respectfully requests the Court include in its Order granting that Motion, a process by which any errors originating or caused by the City's attempted transfer of New B Notes to Claimholders such as WSP, which may have caused the failed transfer, be remedied directly with the Claimholder. As it stands, the City's Motion and Proposed Order only includes a process whereby failed transfers only include adjustments in the *Claimant's* provision of data for the transfer of the New B Notes, neglecting that errors can likewise occur on the City's end of said transfer.

## II.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the City's Motion under 28 U.S.C. §§ 157 and 1334. Under Article VII of the Plan, this Court retained jurisdiction to "[e]nsure that Distributions to Holders of Allowed Claims are accomplished pursuant to the provisions of the Plan." (Plan, Art. VII.D, p. 70.) This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O). Venue is proper before this Court under 28 U.S.C. § 1409.

## III.    BACKGROUND

2.    WSP is a Class 14 Claimant, having timely filed its Brokerage Account Form in accordance with the Brokerage Motion. Previously, this Court approved the Stipulation between the City and WSP, resolving WSP's Claim number 2328 as an Allowed Class 14 Claimant in the amount of $829,567.28, issuing an Order thereon on May 23, 2017 (Docket # 11887; Filed 5/23/17). As such, WSP will soon be receiving a transfer of New B Notes in payment of its Claim in this matter.

3.    Transfers to Claimholders such as WSP necessarily involve the City or its Disbursing Agent taking the Brokerage Account Form completed by WSP and inputting information and data to accomplish the transfer. Given the dual role

of the transmitting party (here, the City and/or its agent) with the information provided by the receiving party (here, Claimholders), it necessarily follows that not all failed transfers will be caused by the Claimholders' provision of information on the Brokerage Account Form. This is why the City's Motion acknowledges that, "[a]lthough it seems likely that most failed transfers will be caused by a Claimholder providing improper information on its Brokerage Account Form, *some may fail for other reasons.*" (Motion, Introduction, Page 3; emphasis added.) Another reason for failed transfers is stated in the City's Motion, where "a Claimholder believes that its account information was misread". (Motion, Para. 47.)

4.    These other reasons for a failed transfer necessarily include misreading, typographical or other errors, mistakes, or other issues caused by the City and/or its Disbursing Agent, made without the involvement, role, knowledge, or caused by, Claimholders such as WSP. While the City's Motion recognizes transfer problems created by the Claimholders' completion of the Brokerage Account Form, that only addresses one-half of the transfer equation. Missing from the City's Motion is a process for correcting transfer issues on the City's end. There is too much at financial stake for Claimholders such as WSP, for this to be overlooked.

5.    Any burden added to the City's process of transfer of the New B Notes to the just 75 Claimholders (Motion, Para. 23) is light in comparison to the potential forfeiture of, as here, WSP's Claim for which it is entitled to payment in this matter.

## IV.    RELIEF REQUESTED

6.    WSP respectfully asks that the Court enter a Modified Order to that which was provided in the City's Motion, whereby the City's New B Notes

transfer process includes a requirement that for any Claimholder such as WSP, where any attempted transfer by the City of the New B Notes is unsuccessful, that, in addition to having such Claimholder(s) complete another Brokerage Account Form:

(a) the City require its Disbursing Agent to physically telephone or e-mail each such Claimholder directly ("Affirmative Contact"), using the contact information contained in the all known Class 14 Claimants listed on the Master Service List, to advise such Claimant(s) of the transfer failure, and

(b) the City or its Disbursing Agent meet and confer with the Claimholder whose transfer failed, to ensure that the Disbursing Agent properly and accurately performed the steps required of it to transfer the New B Notes to the Claimholder(s), and

(c) to the extent the Affirmative Contact results in identification of transfer errors on the part of the City or its Disbursing Agent, those errors are corrected and the transfers re-initiated.

The advantage of this Affirmative Contact process is that it could quickly resolve transfer errors originating on the City's side of the transfer, resulting in the Claimholders' claims being rightfully paid. This Affirmative Contact should be made prior to the Disbursing Agent furnishing the City with a list of failed transfers as provided in the Motion.

## V.   NOTICE

7.     WSP has served this Response by overnight Federal Express on Counsel for the City: Miller, Canfield, Paddock & Stone, PLC, Attn: Marc N. Swanson, 150 West Jefferson, Suite 2500, Detroit, Michigan 48226.

# VI. CONCLUSION

WHEREFORE, and for the reasons provided herein, WSP Michigan Inc. respectfully requests that this Court enter a Modified Order, granting the relief requested herein and such other and further relief as this Court may deem just and proper.

Dated this 7th day of December, 2021

By: */s/ Kris Jacobsen*
Kris J. Jacobsen
Deputy General Counsel
WSP Michigan Inc.
c/o 2150 River Plaza
Drive #400
Sacramento, CA 95833
916.567.2501
Kris.jacobsen@wsp.com