UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>City of Detroit, Michigan,<br>Debtor. | Case No. 13-53846<br>Judge Thomas J. Tucker<br>Chapter 9 |

### ORDER GRANTING CITY OF DETROIT'S MOTION TO ESTABLISH PROCEDURES FOR DISTRIBUTION OF NEW B NOTES TO HOLDERS OF ALLOWED CLASS 14 CLAIMS UNDER THE CITY'S PLAN OF ADJUSTMENT

This case is before the Court on the motion entitled "City of Detroit's Motion to Establish Procedures for Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment" (Docket # 13476, the "Motion").[1] Notice having been given by first-class mail to all known holders of Class 14 Claims under the Plan, and no further notice being necessary or required; only one Response having been filed,[2] and that Response having been resolved by agreement in accord with the stipulation filed on December 22, 2021

---

[1] Capitalized terms used but not otherwise defined in this Order have the meanings given to them in the Motion.

[2] *WSP Michigan Inc. (F/K/A Parsons Brinckerhoff Michigan Inc.) Response to City of Detroit's Motion to Establish Procedures for Distribution of New B Notes to Holders of Allowed Class 14 Claims Under the City's Plan of Adjustment and Request for Modification of Proposed Order* (Docket # 13480, the "Response"). The Response was stricken by the Court, on December 16, 2021 (Docket # 13484).

(Docket # 13487); no hearing being necessary as there have been no other timely responses filed; and the Court finding good and sufficient cause to enter this Order.

**IT IS ORDERED THAT:**

1. The Motion is granted.

2. The form of the Distribution Failure Notice in substantially the same form as attached to the Motion is authorized and approved. The City must set the deadline for responding to a Distribution Failure Notice at least 30 days from the date of the mailing of that Distribution Failure Notice.

3. The City is authorized to serve, by first-class mail, copies of this Order, the Distribution Failure Notice, a Brokerage Account Form, and a pre-paid return envelope on any Claimholder to whom the Disbursing Agent unsuccessfully attempted to Distribute B Notes. Unless a Claimholder has complied with the Plan and the requirements of Federal Rule of Bankruptcy Procedure 3001(e)(2) concerning a transfer of claim (other than for security after a proof of claim has been filed) or properly filed a change of address form, the foregoing documents are to be sent to the name and address for notice identified in the proof of claim.

4. If the Distribution of B Notes to Claimholder WSP Michigan Inc. ("WSP") is unsuccessful, in addition to the notice via first class mail as provided in the preceding paragraph, the City will also provide the notice to WSP by email to Kris.Jacobsen@wsp.com. Notwithstanding the language in paragraph 6 of this

Order, if Claimholder WSP chooses to return a new Brokerage Account Form, Claimholder WSP may email the information that it would have provided on a Brokerage Account Form to the City at swansonm@millercanfield.com from the email address Kris.Jacobsen@wsp.com and such information will be treated as if it were contained within a Brokerage Account Form. The emailed information must otherwise comply with the requirements for a Brokerage Account Form as set forth in this Order.

5. For Claimholders who elect to return a new Brokerage Account Form, unless the Claimholder has complied with the Plan and the requirements of Federal Rule of Bankruptcy Procedure 3001(e)(2) concerning a transfer of claim (other than for security after a proof of claim has been filed), the name of the creditor on the Brokerage Account Form must match the name of the creditor on the proof of claim form and the Distribution will be made in the name of the creditor on the proof of claim form. If a Claimholder returns a Brokerage Account Form that does not comply with this paragraph of this Order, the City is authorized to disregard the Brokerage Account Form and rely on Brokerage Account Forms previously submitted by the Claimholder that do comply with this paragraph, if any.

6. The City is authorized to make modifications to Distribution Failure Notices and Brokerage Account Forms, both before and after these documents have been filled out, that the City in good faith believes are nonmaterial and

necessary or appropriate to effectuate the relief provided for by this Order. The City is not required or obligated to accept or take any action on any instructions or information provided by a Claimholder, including instructions or information which may be provided by email, letter, phone call or any other type of oral or written communication, with respect to a Distribution other than a properly completed and timely received Brokerage Account Form.

7. If the Disbursing Agent attempts to Distribute B Notes to a Claimholder after the deadline identified in a Distribution Failure Notice served on that Claimholder has passed, and if that Distribution is not successful, then for that Claimholder, (a) all Distributions of Related Income now owing or which later may come due to such Claimholder will irrevocably revert to the City and any Claim in respect of such Distributions will be released and forever barred from assertion against the City and its property; (b) the City is authorized and directed to cancel any B Notes held for Distribution to that Claimholder, and those B Notes will be of no further force or effect and (c) the proof of claim(s) filed by that Claimholder will be disallowed and expunged.

8. The City is authorized but not obligated to take any other action necessary or appropriate to further implement the terms of this Order, including, without limitation, to extend a Distribution Failure Notice deadline.

9. The City's claims agent is authorized and directed to revise the claims register as necessary to effect the terms of this Order (including, without limitation, the relief specified in paragraph 7 of this Order).

10. This Order is entered in furtherance of this Court's reserved jurisdiction to enter any orders that may be necessary or appropriate to implement or consummate the provisions of the Plan, and to ensure that Distributions to Claimholders are accomplished in accordance with the provisions of the Plan.

11. In implementing and enforcing the terms of this Order and the Plan, the City and its Related Entities are entitled to all privileges and protections of the Plan, including the exculpation set forth in Article III.D.6., in connection herewith and therewith.

12. This Order does not modify the Plan or the Confirmation Order. Each and every term and condition in the Plan and Confirmation Order, including, without limitation, those with respect to the Allowed Claims and Distributions, remains in full force and effect.

13. This Court retains jurisdiction over the interpretation and enforcement of this Order.

**Signed on December 22, 2021**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker**
**United States Bankruptcy Judge**