# EXHIBIT A

# LEGGHIO & ISRAEL, P.C.
## ATTORNEYS AND COUNSELORS AT LAW

STUART M. ISRAEL
CHRISTOPHER P. LEGGHIO
KEVIN P. KALES
JOHN G. ADAM
MEGAN B. BOELSTLER
LAUREN E. CRUMMEL
CARLA T. BLAKEY

306 SOUTH WASHINGTON AVENUE, SUITE 600
ROYAL OAK, MI 48067-3837
248.398.5900
FAX 248.398.2662
WWW.LEGGHIOISRAEL.COM

DOWNRIVER OFFICE
WWW.KEVINKALES.COM
3133 VAN HORN ROAD
TRENTON, MI 48183-4070
313.381.0806

June 17, 2021

**Via Email**

Herbert A. Sanders
The Sanders Law Firm, P. C.
The Ford Building
615 Griswold, Suite 913
Detroit, MI  48226
haslawpc@gmail.com

Shawndrica N. Simmons
Simmons Legal dba the LawChic
77 Bagley St.
Pontiac, MI 48341
simmonslegal@LawChic.com

RE:  *Christopher McGhee, et al v. City of Detroit, et al*
      Wayne County Circuit Court 20-006272-CD
      **Frivolous Claims**

Dear Mr. Sanders and Ms. Simmons:

This is a letter under MCR 2.625(A), MCR 1.109(E)(5)-(7), and MCL 600.2591, addressed to Plaintiffs *and* both of you.

We note at the outset that several of Plaintiffs' claims against DFFA are patently inapplicable to the DFFA and its current officers.  (*See, e.g.*, Counts 10-11).  As such, Plaintiffs' claims are not made in good faith.  (MCR 1.109(E)).

This observation is underscored by the Court-required May 24, 2021 Case Evaluation Panel's unanimous **$0** Awards against the DFFA and the current DFFA officers.

As seasoned trial practitioners, you both surely must recognize the rarity of such Evaluation Awards -- *i.e.*, Awards that utterly reject all of Plaintiffs' 13 Counts against the DFFA and its current officers.

Notably, this Award does *not* even award -- against the DFFA and its current officers -- the frivolous $5,000 amounts awarded against the City.

Herbert A. Sanders
Shawndrica N. Simmons
*Christopher McGhee, et al v. City of Detroit, et al*
Frivolous Claims
June 17, 2021
Page 2

## I.    SANCTIONS FOR FRIVOLOUS ACTIONS AND UNSUPPORTED DOCUMENTS

As you know, under MCR 2.625 and MCL 600.2591, if the Court finds an action frivolous, the Court "shall" assess costs and fees against the non-prevailing party *and* their attorney, and award such costs and fees -- including attorneys fees -- to the prevailing party.  Frivolous cases include those where, like here, the "party's legal position was devoid of arguable legal merit."

And, MCR 1.109(E) requires sanctions for documents that are not "well ground in fact and [] warranted by existing law" or "interposed for any improper purpose, such as to . . . cause . . . needless increase in the cost of litigation."

Below we explain why Plaintiffs' documents -- *e.g.*, the 13 count, 254 paragraph Complaint -- are not grounded in fact or warranted by existing law.

## II.   PLAINTIFFS' CLAIMS ARE FRIVOLOUS

### A.    Plaintiffs' Threshold Jurisdictional Issues

Stated simply, Plaintiffs' lawsuit seeks to avoid the plain, less generous 2014 CBA language related to duty disability retirements and seniority limits. And, as Plaintiffs have pled and testified, Plaintiffs seek increased pension benefits.

As such, it creates legally-impermissible pension liabilities for the City Pension Plan and violates the Bankruptcy Court-approved Plan of Adjustment (POA) and the POA's clear ten (10)-year injunction against any changes to the Pension Plan. (The 2014 CBA is incorporated into the POA.).

In a recent, similar WCCC case -- involving firefighters who also sought increased benefits under the Pension Plan -- the Bankruptcy Court found plaintiffs' WCCC suit was an improper attempt to change the POA terms and in violation of the POA's 10-year injunction against pension plan changes. (Opinion, *In re City of Detroit*, Case No 13-53846 (Bankr ED Mich April 6, 2020) (No 13274).

Herbert A. Sanders
Shawndrica N. Simmons
*Christopher McGhee, et al v. City of Detroit, et al*
Frivolous Claims
June 17, 2021
Page 3

Plaintiffs' suit here contains the same defects. We have repeatedly raised this issue with you, as we do again.

So, Defendant DFFA will file -- with the City's concurrence -- a motion in Bankruptcy Court to enforce the POA and moot this case and this Court's jurisdiction.

### B.    Plaintiffs' Claims Fails to State a Claim

The Complaint fails to state claims or meet pleading standards.

Plaintiffs' Complaint merely recites the elements of the alleged causes of action without marrying this horn-book recitation to any supporting facts. Further, Plaintiffs' Complaint fails to differentiate among all Defendants. Both of these pleading failures are fatal to Plaintiffs' claims. See, *e.g.*, MCR 2.116(C)(8); *Hall v Madison Police Department*, 2018 WL 5775914, unpublished opinion at *1 (ND Ohio); *Hayduk v Lanna*, 775 F2d 441, 444 (CA 1 1985) (conclusory allegations insufficient "no matter how many times such accusations are repeated").

### C.    Plaintiffs' DFR Claims are Time-Barred

DFR claims are governed by a six (6)-month statute of limitations, which begins to run from when the member discovered "that no further action would be taken" by the union to help them. *Richie v DFFA*, 1997 WL 33353753, unpublished opinion at *2 (COA).

In March 2019, Plaintiffs knew DFFA's position that *post* duty disability City employment seniority must follow the 2014 CBA and its two (2) year limitation. Plaintiffs also knew about DFFA's seniority grievance in May 2019. Plaintiffs sued on May 12, 2020 -- over a year later.[1]

---

[1] Indeed, in September 2019 -- over six months prior to Plaintiffs' lawsuit -- DFFA *published* its decision to not challenge the City's seniority corrections. And, it is undisputed that on October 10, 2019 -- also over six months prior to Plaintiffs' lawsuit -- Plaintiff N. Brown wrote to DFFA complaining about his seniority correction.

Herbert A. Sanders
Shawndrica N. Simmons
*Christopher McGhee, et al v. City of Detroit, et al*
Frivolous Claims
June 17, 2021
Page 4

There is no dispute to these facts. So, on its face, Plaintiffs' DFR claims are time-barred.

### D. DFFA Officers are Not Personally Liable for DFR Claims as a Matter of Law

As a matter of law, the DFFA officers are not personally liable for DFR claims. See, *e.g.*, (**1**) *Wickham v Ford Motor Co*, 309 FSupp2d 944, 949-950 (ED Mich 2004) and (**2**) *Frenza v Sheet Metal Workers' Int'l Ass'n*, 567 FSupp 580, 584 (ED Mich 1983).

### E. Three (3) Plaintiffs Failed to Exhaust, and Their Claims are Nonsensical

#### 1. Failure to Exhaust

Three (3) Plaintiffs -- Ferguson, Potts, and Perry -- did *not* file a grievance with DFFA before they sued. This fact is undisputed.

As these Plaintiffs did not exhaust their 2014 CBA remedies, they have no claims against the DFFA. *See Smith v Metro Life Insurance Co*, 107 Mich App 447, 450 (1981); *AFSCME v Highland Park Bd of Ed*, 214 Mich App 182, 187 (1995).

#### 2. Nonsensical Claims

Further, these three (3) Plaintiffs did not have their seniority corrected.

Ferguson and Potts *never* returned to work. Their claims that they *should* have been permitted to return to work with improperly calculated seniority are hypothetical. Further, Ferguson's and Potts' complaints are directed at the *City* and its alleged delays and omissions -- *not* against the DFFA. So, they fail to state a claim against the DFFA or its officers.

Perry returned with the correct seniority date. Perry, who returned to work *after* the City corrected the improper seniority placements, claims that the DFFA should have allowed the City's 2014 CBA-violating seniority placements to

Herbert A. Sanders
Shawndrica N. Simmons
*Christopher McGhee, et al v. City of Detroit, et al*
Frivolous Claims
June 17, 2021
Page 5

continue even *prospectively*. This is manifestly improper. So, Perry too fails to state a claim.

### F.  The DFFA Properly Enforced the Undisputed 2014 CBA Provisions

Plaintiffs must establish both a DFR breach by the DFFA and a CBA breach by the City. *Martin v East Lansing School District*, 193 Mich App 166, 181(1992); *DelCostello v Teamsters*, 462 US 151, 164-165 (1983).

A DFR breach occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v Sipes*, 386 US 171, 190 (1967). Union conduct is judicially assessed by a "highly deferential" standard, and union judgments are given "wide latitude" and are "arbitrary" only if they are "so far outside a 'wide range of reasonableness'" as to be "wholly 'irrational.'" *Air Line Pilots Ass'n v O'Neill*, 499 US 65, 67, 78 (1991). Union conduct is "irrational" only when it is "without a rational basis or explanation." *Marquez v Screen Actors Guild, Inc*, 525 US 33, 46 (1998).

Plaintiffs fail to meet these burdens --Plaintiffs do not and cannot establish a DFR breach *or* a City 2014 CBA breach.

It is *undisputed* that, under the 2014 CBA, employees who are on a duty disability for over two (2) years lose their seniority: **Arbitrator Roumell's 2021 decision confirms the DFFA's read of the 2014 CBA seniority positions.** (*City of Detroit (Fire Department) and DFFA*, Gr. 20-20 (Roumell 2021)).

In May 2019, the DFFA grieved the City's actions in returning to work previously duty disabled individuals -- who were off work for more than two (2) years -- with their prior seniority. The City ultimately agreed with DFFA and corrected its inadvertent seniority mistake.

So, Plaintiffs fail to show that the City breached the CBA. This is fatal to their claim. *AFSCME v Sweat*, 2016 WL 416651 unpublished opinion at *4 (COA).

Further, the DFFA's effort to correct the City's seniority mistakes -- consistent with the 2014 CBA -- was proper. More importantly, it was the DFFA's

Herbert A. Sanders
Shawndrica N. Simmons
*Christopher McGhee, et al v. City of Detroit, et al*
Frivolous Claims
June 17, 2021
Page 6

duty to protect the seniority rights of other members from the City's initially improper reading of the CBA. The DFFA's action was not only proper, but there is utterly no evidence that it was improperly motivated in *any* way.

### G.    Plaintiffs' Other Claims -- Disguised DFR Claims -- Lack Merit and Fail as a Matter of Law

#### 1.    Plaintiffs' Federal Constitutional Claims Fail as a Matter of Law. DFFA is a Private Party, Not a State Actor

Plaintiffs' constitutional claims under the 14th Amendment and §1983 fail as a matter of law because labor unions and their officers are not state actors. There can be no dispute on this law. See *Parker v NALC*, 2020 WL 3121175 unpublished opinion at *6-7 (ED Mich) and *Moore v IBEW*, 76 Fed App'x 82, 83 (CA 6 2003).

#### 2.    Plaintiffs' Discrimination and Other Claims are Barred as Duplicative of the DFR Claims and Lack Merit

Plaintiffs cannot -- by artful pleading -- transform their DFR/CBA breach claims into discrimination (Counts 6 and 8), estoppel, tortious interference, or "conspiracy" claims (Counts 5, 9, 13). See, *e.g.*, **(1)** *Sankar v Detroit Bd of Educ*, 160 Mich App 470, 479-481 (1987) and **(2)** *Blessing v USW*, 244 Fed App'x 614, 623 (CA 6 2007).[2]

There is no evidence that DFFA or its officers enforced the 2014 CBA selectively or on the basis of "age" or "disability." Simply put, Plaintiffs fail to establish a *McDonnel Douglas* prima facie case of discrimination, including because they fail to demonstrate that they were treated differently from similarly-situated employees. *Campbell v. Chemistri, Inc.*, 2006 WL 2190712, at *4 (Mich. App.).

---

[2] See also *Thomas v NALC*, 225 F3d 1149, 1158 (CA 10 2000) ("Where a plaintiff's allegations fall within the scope of the duty of fair representation," DFR law controls) and *Peterson v ALPA*, 759 F2d 1161, 1170-1171 (CA 4 1985) (DFR plaintiff has no claims for civil conspiracy, unlawful blacklisting, and interference with a contractual relationship).

Herbert A. Sanders
Shawndrica N. Simmons
*Christopher McGhee, et al v. City of Detroit, et al*
Frivolous Claims
June 17, 2021
Page 7

Indeed, the testimony of Plaintiffs Potts and Washington, which we cite in DFFA's brief to Case Evaluation, is emblematic of Plaintiffs' admitted lack of evidence. We urge you to re-read this testimony. (*See, e.g.*, Potts Tr. 54 and Washington Tr. 30).

Further, the Plaintiffs fail to allege facts showing they were disabled within the meaning of PWDCRA. See *Gabins v City of Wilmington*, 2014 WL 1370110, unpublished opinion at *2 (D Del). Plaintiffs here returned -- or claim they "tried" to return -- to work because they were *not* disabled. So, while they claim they were discriminated against because of a disability they simultaneously assert they were not disabled. This incongruous -- at war with itself -- claim fails at the threshold.

## III. PLAINTIFFS' "DAMAGES" CLAIMS ARE CONCLUSORY AND UNSUPPORTED

While failing to state a cause of action, Plaintiffs' damages claims are fatally flawed.

Plaintiffs bring a lottery-style, unsupported compensation claim -- claiming over $10M -- that is unlinked to any Plaintiff specific injury. This is insufficient to prove damages.

Plaintiffs fail to demonstrate, with "competent evidence," that they suffered emotional damages and that the DFFA was the but-for cause. *Turic v Holland Hospitality, Inc*, 85 F3d 1211, 1215-1216 (CA 6 1996). And, damages for emotional distress against a union for violating the DFR are limited to cases where the union's conduct was "extreme and outrageous." *Nitzsche v Stein, Inc*, 797 F Supp 595, 599 (ND Ohio 1992). Plaintiffs have presented no evidence of "extreme and outrageous" conduct here. None exists.

Plaintiffs' generalized assertions that they suffered "mental and emotional distress, embarrassment, humiliation, anxiety. . ." do not support compensatory damages claim. Notably, Plaintiffs did not even seek treatment for their alleged "emotional" damages. *See, e.g.*, Potts Tr. 52.

Herbert A. Sanders
Shawndrica N. Simmons
*Christopher McGhee, et al v. City of Detroit, et al*
Frivolous Claims
June 17, 2021
Page 8

## IV.    CONCLUSION

You and your clients must withdraw and dismiss all of Plaintiffs' claims against the DFFA and its current officers, and avoid unnecessarily multiplying the proceedings.

This responsibility is heightened when -- as in this case -- Defense counsel has given you the benefit of extensive law that is fatal to the claims *and,* as noted in the beginning of this letter, three (3) highly-qualified, impartial Case Evaluators have no regard for the alleged "merits" of this suit against the DFFA and its current officers.

Plaintiffs' pursuit of these meritless claims will, unfortunately, require the expenditure of significant Union resources -- that is, DFFA members' money.  As such, the DFFA will seek to recover these expenditures from both of you and Plaintiffs at the conclusion of this lawsuit.  Defendants wish to avoid these unnecessary expenses.

So, DFFA and its current officers ask that Plaintiffs and both of you withdraw and dismiss with prejudice these claims.  If not, Defendant DFFA and its current officers will seek all costs and fees incurred, and sanctions.

Sincerely,

Christopher P. Legghio

Enclosure

cc:    Megan B. Boelstler (mbb@legghioisrael.com)
       Jason McFarlane (mcfaj@detroitmi.gov)