# EXHIBIT B

STATE OF MICHIGAN
WAYNE COUNTY CIRCUIT COURT

CHRISTOPHER MCGHEE, NORMAN BROWN,
CRAIG BROWN, JAMES WASHINGTON,
SHANNON FERGUSON, JUNIUS PERRY, AND
ORLANDO POTTS,

        Case No. 20-006272-CD
        Judge Sheila Ann Gibson

        Plaintiffs,

    v.

CITY OF DETROIT, *et al.*,

        Defendants.

_____

Herbert A. Sanders (P43031)
The Sanders Law Firm PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 932-0099 / (313) 962-0044
haslawpc@gmail.com

Shawndrica N. Simmons (P70608)
Simmons Legal dba the LawChic
77 Bagley St.
Pontiac MI 48341
(248) 732-7559
simmonslegal@LawChic.com

Attorneys for Plaintiffs

Michael V. Nevin
22523 Corteville St.
St. Clair Shores, MI 48081
mykenevin@aol.com

Christopher P. Legghio (P27378)
Megan B. Boelstler (P79125)
Legghio & Israel, P.C.
306 S. Washington, Suite 600
(248) 398-5900 / (248) 398-2662
cpl@legghioisrael.com
mbb@legghioisrael.com

Attorneys for Defendants DFFA, Thomas
   Gehart, William Harp, John A. Cangialosi,
   and Christopher A. Smith

Jason McFarlane (P79105)
City of Detroit Law Department
2 Woodward Ave., Suite 500
Detroit, MI 48226
(313) 237-3088 / (313) 237-3002
mcfaj@detroitmi.gov

Attorney for Defendants City of Detroit, Eric
   Jones, Reginald Jenkins, Robert Distelrath,
   and Kemia Crosson

**DEFENDANTS DFFA, GEHART, HARP, CANGIALOSI, AND SMITH
CASE EVALUATION SUMMARY**

***CASE EVALUATION: MAY 24, 2021 AT 10:00 A.M.***

"…[I've] concluded that an employee who went on a duty disability pension ***who then returns to full duty within two years of going on duty disability retirement*** is entitled to full seniority…without loss of any seniority…"

> -- Arbitrator *George T. Roumell* in his May 12, 2021 Decision that interpretated pertinent seniority provisions of the DFFA-City 2014-2019 collective bargaining agreement (emphasis added; Ex. D)

Q:      [Defense Counsel]. . . you ask the Court to give you, restore the seniority that existed before you went on duty disability, ***to award you 15 years of seniority while you were on duty disability, and to increase your pension benefits based on the new calculations of your seniority.*** That's one of the things you want from the Court. Am I correct on that?

A:      Yes.

> -- Ex. L, *Plaintiff Orlando Potts*, deposition testimony at p.62 (emphasis added)

# TABLE OF CONTENTS

GUIDE TO PARTIES AND CITATIONS ................................................................. iv

INTRODUCTION ......................................................................................... 1

SUMMARY OF FACTS ................................................................................ 4

    1.    The Parties ................................................................................ 4
    2.    Duty Disability, Seniority, and the CBAs ...................................... 4

        a.    History of Duty Disability and Retention of Seniority ................................................................................ 4
        b.    Under the Current 2014 CBA, Fire Fighters Lose Seniority Completely After Two (2) Years on Duty Disability Retirement ............................................ 5
        c.    Fire Fighters Receive Benefits and Accrue Pension Credited Service .......................................................... 5

    3.    Plaintiffs Were Absent from Work for Three (3) to Sixteen (16) Years ................................................................................ 6
    4.    City Returns Four (4) Plaintiffs to Work but Mistakenly Credits with Prior Seniority ...................................................................... 6
    5.    City Corrects the Seniority ........................................................ 6
    6.    This Lawsuit ............................................................................ 7

ARGUMENT .............................................................................................. 7

    I.    PLAINTIFFS' THRESHOLD JURISDICTIONAL ISSUES ............................... 7

    II.    THE PANEL SHOULD AWARD ZERO DAMAGES AGAINST THE DFFA AND THE DFFA OFFICERS BECAUSE: ........................................ 8

        A.    Plaintiffs' Claims Fails to State a Claim ..................................... 8
        B.    Plaintiffs' DFR Claims are Time-Barred .................................... 8
        C.    DFFA Officers are Not Personally Liable for DFR Claims as a Matter of Law ...................................................................... 9
        D.    The DFFA Properly Enforced the Undisputed 2014 CBA Provisions ................................................................................ 9

            1.    DFFA Properly Enforced the 2014 CBA ..................................... 10
            2.    The DFFA Grievance was Not Untimely ...................................... 11
            3.    The City Enforced -- Not Breached -- the 2014 CBA .................. 11
            4.    Plaintiffs' Claims are Meritless ................................................. 11
            5.    Plaintiffs' Promissory Estoppel Claim is a *Non Sequitur* ............. 12
            6.    Plaintiffs' Other Claims -- Disguised DFR Claims -- Lack Merit and Fail as a Matter of Law ............................................ 12

13-53846-tjt    Doc 13495-2    Filed 01/18/22    Entered 01/18/22 17:58:43    Page 4 of 23

a.   Plaintiffs' Federal Constitutional Claims Fail as a Matter of Law Because DFFA is a Private Party, Not a State Actor.................................................................... 12

b.   Plaintiffs' Discrimination and Other Claims are Barred as Duplicative of the DFR Claims and Lack Merit.......................................................................... 13

c.   Three Plaintiffs Failed to Exhaust, and Their Claims are Nonsensical .................................................. 14

E.   Plaintiffs' "Damages" Claims are Conclusory and Unsupported ............ 15

CONCLUSION.......................................................................................................... 16

## GUIDE TO PARTIES AND CITATIONS

1.      The "**2014 CBA**" refers to the 2014-2019 collective bargaining agreement and its extension to July 2020, between the DFFA and the City. Articles 1, 12, and 30 of the CBA are attached as Ex. A to this Summary. *See POA below.*

2.      "**City**" refers to the Defendant City of Detroit.

3.      "**Complaint**" refers to Plaintiffs' First Amended Complaint, Ex. E. References to the Compliant are cited by paragraph, such as "**¶ 50**."

4.      "**DFD**" refers to the Detroit Fire Department.

5.      "**DFFA**" is the Defendant Detroit Fire Fighters Association, Local 344.

6.      "**DFFA Officers**" refer to Defendant DFFA President Thomas Gehart, Vice President William Harp, Secretary John Cangialosi, Treasurer Christopher Smith, and former president Michael Nevin.

7.      "**DFR**" is the duty of fair representation a Union owes it bargaining unit members.

8.      "**EM**" -- In March 2013, the Governor appointed Emergency Manager Kevin Orr pursuant to MCL 141.1549(1).

9.      "**Pension Fund**" refers to Police and Fire Retirement System of the City of Detroit.

10.     "**Plaintiffs**" refer to Christopher McGhee, Norman Brown, Craig Brown, James Washington, Shannon Ferguson, Junius Perry, and Orlando Potts.

11.     "**POA**"-- The City Bankruptcy Plan of Adjustment which included a ten (10) year injunction against any pension changes as incorporated into the POA. By its terms, the 2014 CBA is incorporated into the POA.

12.     "**SOL**" -- Statute of Limitations.

13.     "**WCCC**" -- Wayne County Circuit Court.

## INTRODUCTION

In this bloated, evident-impoverished, "see-what-sticks" lawsuit, Plaintiffs' claims include DFR violations, age and disability discrimination, tortious interference, 14th Amendment and §1983 violations, civil conspiracy, and equitable estoppel.[1]

*Distilled to its essence, this is actually a padded DFR action in which Plaintiffs -- all current or former fire fighters -- seek "damages" that are the result of the DFFA and City's proper application of the 2014 CBA clear seniority terms.*

The 2014 CBA was "negotiated"/imposed during the unique distress of the EM and the City's bankruptcy -- the largest municipal bankruptcy in U.S. history -- when wages and benefits were reduced, and terms/conditions of employment were made more severe than those that existed under prior CBAs.

### Who Are the Plaintiffs?

Plaintiffs are current and former City fire fighters who each retired -- at different times -- from City work on a duty disability. The Plaintiffs' duty disability retirement periods range from 3 years to an astonishing 17 years. Some Plaintiffs returned to City employment after their duty disability. Some did not.

### What This Case Isn't About

This is ***not*** a case where any Plaintiff lost his job, duty disability benefits -- or, for that matter, his pension. Nor is it a case where Plaintiffs even disagree with the DFFA's and City's interpretation of the appliable 2014 CBA seniority provisions.

---

[1] Seven (7) Plaintiffs -- current and former fire fighters -- sued 11 Defendants, including the DFFA, DFFA current Officers, a former DFFA Officer, the City, and several City officials. The Complaint contains 13 Counts, 254 paragraphs, and seeks $10 million in "damages."

**What the Case Is About**

Plaintiffs complain that they were not given the same seniority advantages as fire fighters who took duty disability retirement -- and later returned to work -- *prior to* the bankruptcy-influenced 2014 CBA. This difference in treatment, Plaintiffs contend, results in damages of lost wages and pension benefits upon retirement.

***Plaintiffs' claims are meritless and unlikely to get to trial.***

It is *undisputed* that the 2014 CBA provides that fire fighters *rehired* after a duty disability retirement of over two (2) years restart their seniority at zero.

Earlier, pre-bankruptcy CBAs were more seniority-generous: they allowed duty disability fire fighters to "freeze" their pre-disability seniority and "earn" seniority -- up to a capped amount -- even while on duty disability retirement. The 2014 CBA changed this generous, costly benefit. This change was designed to lower City and Pension Fund costs.[2]

Plaintiffs ignore this reality.

They demand the earlier, more favorable duty disability seniority terms to apply to them -- regardless of the clear 2014 CBA language. They are entitled, Plaintiffs' claim, to the higher ranks, higher pay, and increased pensions that follow a fire fighter's seniority.[3]

---

[2] The City's Pension Fund indebtedness, which created significant Pension Fund underfunding issues, was cited as one of the main reasons for the City's bankruptcy. See, *e.g.*, Ex. G, R13090 p. 13-15.

[3] One Plaintiff's case demonstrate why Plaintiffs' claims conflict with the clear 2014 CBA language and the broad goals of the bankruptcy: Plaintiff Norman Brown, a 6 year fire fighter, suffered a duty disability (wrist) at 33 years old. Thereafter, he was on duty disability retirement for *15 years*. While on duty disability, he declined surgery, was never hospitalized, and failed to engage in any physical therapy. (Ex. O, N. Brown 10, 108, 127, 129). Now, he seeks **15** years of seniority credit and the increased pay and pension that would follow a 21 year employee (6 years active + 15 years duty disability retirement).

During the term of the 2014 CBA, the City inadvertently credited four (4) of the Plaintiffs with their previous seniority when they were returned to work. At the DFFA insistence, the City corrected the seniority-related mistake -- which had DFD-wide implications.[4]

Plaintiffs do not dispute the seniority miscalculation. Rather, Plaintiffs urge that the DFFA should simply permit the City's inadvertent seniority over-calculation and, similarly, should approve future seniority over-calculation for returning duty disability fire fighters.

This is a legal and logical non-starter.

The Panel should award no damages for several reasons:

**First**, there are threshold jurisdictional issues -- *i.e.*, this matter is an impermissible attack on the POA and properly belongs in federal bankruptcy court;

**Second**, as a matter of law, the Complaint fails to state a claim;

**Third**, the DFFA Officers, as a matter of law, are not personally liable for any DFR claims and Plaintiffs' DFR claims are, in any event, untimely;

**Fourth**, DFFA did not breach its DFR by negotiating and then enforcing the undisputed 2014 CBA provisions;

**Fifth**, Plaintiffs cannot reconfigure a DFR claim into meritless, unsupported, and "reach-for-the-stars" claims merely to plead damages not cognizable in DFR cases; and

**Sixth**, three (3) Plaintiffs' claims fail for additional reasons -- *i.e.*, they failed to exhaust contractual remedies and because their claims are hypothetical and nonsensical.

As demonstrated below, despite its mass and bulk, Plaintiffs' case is meritless. More importantly, it is not easily solved by case evaluation. To award even nuisance value invites more litigation. To award more than nuisance value is to, among other things, disregard the clear 2014 CBA language. It also disregards a distinguished Arbitrator's recent decision on the 2014 CBA, and gives the Defendants a Hobson choice: solve Plaintiffs' seniority claims at the risk of

---

[4] The City has not sought -- nor will it seek -- the wages overpaid to those Plaintiffs who were inadvertently awarded more seniority than permitted under the 2014 CBA. (Ex. F).

compromising other non-Plaintiff fire fighters' seniority rights because Plaintiffs' seniority claims are raised in a zero-sum seniority scheme.

**Seventh**, even assuming *arguendo* there is liability, the damages claims are conclusory and unsupported.

## SUMMARY OF FACTS

### 1. The Parties

The Plaintiffs are former and current City fire fighters who were, or are, on a duty disability from the City. Plaintiffs have sued the City, City administrators, the DFFA, and DFFA Officers, including the present Executive Board members, and former president Michael Nevin.[5]

### 2. Duty Disability, Seniority, and the CBAs

#### a. History of Duty Disability and Retention of Seniority

The ability to retain pre-disability seniority -- and actually earn seniority -- while on duty disability retirement has contractually shortened over time.

For many years, fire fighters on a duty disability retained their previous seniority *and* earned seniority -- up to cap -- during their entire duty disability period -- regardless of the length of their duty disability. (1998-2001 CBA, Ex. J).

Later, the City and DFFA negotiated a three (3) year limit -- *i.e.*, fire fighters on duty disability retirement retained their previous seniority and earned seniority while on duty disability. But, *only* for three (3) years. (2001-2008 CBA, Ex. K).

---

[5] Nevin is **not** represented by DFFA legal counsel in this litigation.

### b. Under the Current 2014 CBA, Fire Fighters Lose Seniority Completely After Two (2) Years on Duty Disability Retirement

The current 2014 CBA was negotiated during the City's bankruptcy and emergency management.[6]

Under the 2014 CBA, fire fighters now retain and accrue seniority only for two (2) years while on duty disability. Thereafter, all seniority is lost.[7]

So, as Plaintiffs admit, if a duty disabled fire fighter now returns to work after more than two (2) years off the job, the fire fighter "would lose all of their seniority" that they had earned before the duty disability. (¶¶32-34; Ex. A, CBA Article 12(D)).[8]

### c. Fire Fighters Receive Benefits and Accrue Pension Credited Service

Once approved for duty disability retirement, the Pension Fund pays a fire fighter sixty-sixty and two-thirds (66⅔%) of their normal pay. (Ex. H, DFFA 000505).

The benefit is not taxed. And, the disabled fire fighter can earn money from other employment -- while disabled -- up to a prescribed limit, and so long as the non-fire fighter work is not inconsistent with their claim of disability.

All Plaintiffs apparently worked in other employment while collecting their duty disability retirement benefits. (Ex. M, C. Brown 13-14; Ex. L, Potts 12).

While on duty disability retirement, fire fighters continue to be credited with Credited (Pension) Service until the fire fighter accrues twenty-five (25) years of Credited Service, *i.e.*, their

---

[6] The EM had unprecedented powers to abrogate CBAs and impose terms and conditions of employment. MCL 141.1552. The bankruptcy court's equity powers are broad. (*In re City of Stockton*, Cal, 478 BR 8, 15 (Bankr ED Cal 2012)).

[7] Arbitrator Roumell underscored this clear 2014 CBA language in his May 12, 2021 decision. (Ex. D).

[8] All Plaintiffs were on duty disability *longer* than two (2) years.

25th anniversary. (Ex. H, DFFA 000506 ¶5). *This is so even though a fire fighter's City seniority is erased after two (2) years off the job. (Ex. A, CBA Article 12(D)).*

### 3. Plaintiffs Were Absent from Work for Three (3) to Sixteen (16) Years

Five Plaintiffs were on duty disabilities for 3 to 16 years. All Plaintiffs returned to work *after* the 2014 CBA's effective date.[9]

Two (2) Plaintiffs, who did not return to work, were on duty disabilities for fifteen (15) and seventeen (17) years. One took a general retirement after his duty disability (Potts) and the other remains on duty disability (Ferguson).[10]

### 4. City Returns Four (4) Plaintiffs to Work but Mistakenly Credits with Prior Seniority

McGhee, N. Brown, C. Brown, and Washington returned to work from 2016 to 2018. The City inadvertently provided them their former seniority. (¶¶59-61, 67, 87-88, 99-100).

### 5. City Corrects the Seniority

In May 2019, the DFFA grieved this 2014 CBA violation. (¶39; Ex. B, May 2019 grievance), which had DFD-wide implications.

The City ultimately agreed with the DFFA. The City adjusted the seniority of McGhee, N. Brown, C. Brown, and Washington consistent with the 2014 CBA's plain terms. (¶¶60-61, 69, 88, 101; Ex. C; and Ex. Q).

The City has rehired other fire fighters after a duty disability of greater than 2 years -- restarting their seniority, consistent with the 2014 CBA.

---

[9] Plaintiffs' duty disability periods were as follows: McGhee (16 years, ¶¶56-64); Craig Brown (4 years, ¶¶84-95); Norman Brown (15 years, ¶¶65-83); Washington (nearly 4 years, ¶¶ 96-105); and Perry (9 years, ¶¶126-135).

[10] Potts was on a disability retirement for 15 years, but rejected the City's offer to return him to work and "converted his disability retirement to a general retirement." (¶¶136-155). Ferguson has been on duty disability since 2003 -- over 17 years. (¶¶106-125).

6.      **This Lawsuit**

The Complaint includes 13 "Counts." Eleven "Counts" are against DFFA and its officers.

Listed below are the Counts:

(1)     duty of fair representation ("DFR") (Count 1)
(2)     fiduciary breach (Count 2)
(3)     CBA breach (Count 3)
(4)     CBA breach (Count 4)
(5)     promissory estoppel (Count 5)
(6)     disability (Count 6);
(7)     age discrimination (Count 8);
(8)     tortious interference with business relations (Count 9);
(9)     violation of 14th Amendment of the U.S. Constitution (Count 10);
(10)    42 U.S.C. §1983 (Count 11); and
(11)    civil conspiracy (Count 13).

(¶¶156 to 254).

## ARGUMENT

## I.     PLAINTIFFS' THRESHOLD JURISDICTIONAL ISSUES

Stated simply, Plaintiffs' lawsuit seeks to avoid the plain, less generous 2014 CBA language related to duty disability retirements and seniority limits. As such, it creates additional liabilities for the City Pension Plan and thereby violate the POA and the POA's ten (10) year injunction against any changes to the Pension Plan. (The 2014 CBA is incorporated into the POA. Ex. A, Article 30).

In a recent, similar WCCC case -- involving firefighters who also sought increased benefits under the Pension Plan -- the Bankruptcy Court found plaintiffs' WCCC suit was an improper attempt to change the POA terms and in violation of the POA's 10 year injunction against pension plan changes. (Ex. G).

Plaintiffs' suit here contains the same defect. So Defendant DFFA is filing a motion in Bankruptcy Court to enforce the POA.

## II.  THE PANEL SHOULD AWARD ZERO DAMAGES AGAINST THE DFFA AND THE DFFA OFFICERS BECAUSE:

### A.  Plaintiffs' Claims Fails to State a Claim

The Complaint fails to state claims or meet pleading standards. Plaintiffs' Complaint does nothing more than recite the elements of the alleged causes of action. Further, Plaintiffs' Complaint fails to differentiate among all Defendants.

So, Plaintiffs fail to state viable claims against DFFA or the DFFA Officers. See, *e.g.*, MCR 2.116(C)(8); *State ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 63 (2014) ("conclusory statements that are unsupported by allegations of fact on which they may be based will not suffice to state a cause of action"); *Hall v Madison Police Department*, 2018 WL 5775914, unpublished opinion at *1 (ND Ohio) (lumping "all defendants together without providing any factual allegations that specify separate acts' fails to satisfy the *Iqbal/Twombly* standard"); *Hayduk v Lanna*, 775 F2d 441, 444 (CA 1 1985) (conclusory allegations insufficient "no matter how many times such accusations are repeated").

### B.  Plaintiffs' DFR Claims are Time-Barred

DFR claims are governed by a six (6)-month SOL. See, *e.g.*, *Leider v FEA*, 167 Mich App 210, 216 (1988). The period begins to run "from the time the employee discovered, or in the exercise of reasonable care should have discovered, that no further action would be taken" by the union to help them. *Richie v DFFA*, 1997 WL 33353753, unpublished opinion at *2 (COA).

In March 2019, Plaintiffs knew DFFA's position -- that post-duty disability City employment seniority must follow the 2014 CBA. (Ex. O, N. Brown 41-43; Ex. P).

Plaintiffs also knew about DFFA's seniority grievance in May 2019 that challenged the City's inadvertent and improper award of seniority to four Plaintiffs. Plaintiffs sued on May 12, 2020 -- over a year later.

On its face, Plaintiffs' DFR claims are time-barred.

## C. DFFA Officers are Not Personally Liable for DFR Claims as a Matter of Law

As a matter of law, the DFFA Officers are not personally liable for DFR claims. See, *e.g.*, **(1)** *Wickham v Ford Motor Co*, 309 FSupp2d 944, 949-950 (ED Mich 2004) (dismissing DFR claims against union officers) and **(2)** *Frenza v Sheet Metal Workers' Int'l Ass'n*, 567 FSupp 580, 584 (ED Mich 1983) (dismissing DFR claims against officers).

## D. The DFFA Properly Enforced the Undisputed 2014 CBA Provisions

Plaintiffs must establish both a DFR breach by the DFFA and a CBA breach by the City. *Martin v East Lansing School District*, 193 MichApp 166, 181(1992); *DelCostello v Teamsters*, 462 US 151, 164-165 (1983) (the two parts of the "hybrid" claim are interdependent; to prevail, plaintiff must plead and prove both DFR breach and CBA breach).[11]

A DFR breach occurs "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." *Vaca v Sipes*, 386 US 171, 190 (1967). Union conduct is judicially assessed by a "highly deferential" standard, and union judgments are given "wide latitude" and are "arbitrary" only if they are "so far outside a 'wide range of reasonableness'" as to be "wholly 'irrational.'" *Air Line Pilots Ass'n v O'Neill*, 499 US 65, 67, 78 (1991). Union conduct is "irrational" only when it is "without a rational basis or explanation." *Marquez v Screen Actors Guild, Inc*, 525 US 33, 46 (1998).

Plaintiffs fail to meet these burdens. Arbitrator Roumell's 2021 decision confirms the DFFA's read of the 2014 CBA seniority positions. Moreover, Plaintiffs present no evidence of arbitrary, discriminatory, or bad faith conduct.

---

[11] Michigan courts look to "Federal courts" for guidance on DFR law. *Goolsby v Detroit*, 419 Mich 651, 660 n5 (1984).

Plaintiffs do not and cannot establish a DFR breach *or* a City 2014 CBA breach.

**1.    DFFA Properly Enforced the 2014 CBA**

In May 2019, the DFFA grieved the City's actions in returning to work previously duty disabled individuals -- who were off work for more than 2 years -- with their prior seniority. (¶¶39: Ex. B).

The City ultimately agreed with DFFA and corrected its inadvertent seniority mistake.

This action is not a breach of the DFFA's DFR.

DFFA *must* protect the seniority rights of *all* unit employees by enforcing the 2014 CBA seniority provisions. DFFA's effort to correct the City's seniority mistakes -- consistent with the 2014 CBA -- was proper. More importantly, it was the DFFA's duty.

As such, it was not arbitrary, capricious, or in bad faith. The DFFA's action was not only proper, but there is utterly no evidence that it was improperly motivated in *any* way.

The Plaintiffs' argue that the application to them of the 2014 CBA's more severe seniority provision is evidence of discrimination. Nonsense.

Consistent with the law, the Court will defer to the DFFA's and City's agreed-upon 2014 CBA interpretation. See *Bagsby v Lewis Bros Inc*, 820 F2d 799, 802 (CA 6 1987) (courts "should hesitate to disagree with the interpretation agreed upon by both parties to the Agreement -- the Union and the Company").[12]

---

[12] Deference, in this case, is particularly applicable because the 2014 CBA seniority language is clear and unambiguous, *and* Arbitrator Roumell has made a specific ruling confirming the City's and DFFA's reading of the applicable 2014 CBA seniority provisions. See, *e.g.*, *Port Huron Area School District v Port Huron Ed Ass'n*, 426 Mich 143, 150 (1986) ("judicial review of an arbitrator's decision is very limited").

### 2. The DFFA Grievance was Not Untimely

Plaintiffs claim that the DFFA grievance was untimely -- *i.e.*, filed outside the 10-day grievance window.

What an ironic but wrong-headed argument for Plaintiffs to assert. The City's inadvertent award of contractually-prohibited seniority is a classic "continuing violation." So, Plaintiffs' "timeliness" challenge to the DFFA grievance is moot.

In any event, grievance timeliness is a defense *the City* could have asserted. Instead, the City and DFFA agreed to resolve the grievance and correct the mistakes. This resolution is not a DFR breach. See *Dill v Greyhound Corp*, 435 F2d 231, 238 (CA 6 1970), *cert den*, 402 US 952 (1971) (union and employer agreement on CBA interpretation is persuasive concerning whether the union's failure to take the grievance to arbitration was reasonable).

### 3. The City Enforced -- Not Breached -- the 2014 CBA

It is *undisputed* that, under the 2014 CBA, employees who are on a duty disability for over two (2) years lose their seniority. (¶¶33-34). So, Plaintiffs also fail to show that the City breached the CBA.

Plaintiffs' inability to show a 2014 CBA breach is fatal to their claim. *AFSCME v Sweat*, 2016 WL 416651 unpublished opinion at *4 (COA) (plaintiff's "failure to establish" a CBA breach by the employer "is fatal" to his claim).

### 4. Plaintiffs' Claims are Meritless

Plaintiffs complain that, upon returning to work, the more severe seniority provisions of the 2014 CBA should not apply to them. They want to cherry-pick select, favorable provisions both from earlier CBAs[13] and the current 2014 CBA -- *i.e.*, *current* (and higher) CBA wages.

---

[13] Plaintiffs took duty disabilities at the time of the 1998-2001 CBA (McGhee) *and* the 2001-2008 CBA (remaining Plaintiffs).

This is manifestly unfair, inconsistent with the clear 2014 CBA language and an arbitration decision (Roumell) enforcing its terms, as well as contrary to basic collective bargaining principles. See Ex. A, CBA Article 1(A); *Port Huron Educ Ass'n, MEA/NEA v Port Huron Area Sch Dist*, 452 Mich 309, 328-331 (1996) (the parties "expend great energy and time in negotiating" so they "should be able to rely on the [bargained for CBA] provisions") (citations omitted)).

## 5. Plaintiffs' Promissory Estoppel Claim is a *Non Sequitur*

Plaintiffs assert a promissory estoppel claim -- *i.e.*, that they would not have gone -- or stayed -- on duty disability had they known their seniority could be diminished by later CBAs. This too is a non-starter.

Duty disability is *not* a discretionary act -- either a fire fighter is disabled or they are not. If the fire fighter is not disabled, they must return to City employment.

Surely, Plaintiffs are *not* claiming that their extended stays on duty disability was a discretionary act?

Such a claim would require a conclusion that Plaintiffs were committing fraud when they collected years of duty disability retirement checks. So, Plaintiffs' estoppel claim is a non-starter. There can be no detrimental reliance.

## 6. Plaintiffs' Other Claims -- Disguised DFR Claims -- Lack Merit and Fail as a Matter of Law

### a. Plaintiffs' Federal Constitutional Claims Fail as a Matter of Law Because DFFA is a Private Party, Not a State Actor

Plaintiffs' constitutional claims under the 14th Amendment and §1983 (Counts 10-11, ¶¶225-243) fail as a matter of law.

Constitutional torts can be made against government actors, not private parties. See *Flagg Brothers v Brooks*, 436 US 149, 156 (1978). And, labor unions and their officers are *not* state actors. See, *e.g.*, *Parker v NALC*, 2020 WL 3121175 unpublished opinion at *6-7 (ED Mich)

(dismissing 5th and 14th Amendment claims because a union is "a private party, not a government actor"; the "Constitution protects citizens from infringement of their rights by the government, not by private parties") and *Moore v IBEW*, 76 FedApp'x 82, 83 (CA 6 2003) (dismissing §1983 claim because union was not a state actor).

> **b.** **Plaintiffs' Discrimination and Other Claims are Barred as Duplicative of the DFR Claims and Lack Merit**

Plaintiffs cannot transform their DFR/CBA breach claim into discrimination (Counts 6 and 8), estoppel, tortious interference, or "conspiracy" claims (Counts 5, 9, 13) by artful pleading. See, *e.g.*, **(1)** *Sankar v Detroit Bd of Educ*, 160 MichApp 470, 479-481 (1987) (dismissing tort claims by union member because the "actions complained of here and characterized as a tort" arose from the CBA and courts look "past its form to the substance" of plaintiffs' claims) and **(2)** *Blessing v USW*, 244 FedApp'x 614, 623 (CA 6 2007) (as conspiracy claim is barred because it requires "interpretation of the terms of the collective bargaining agreement and, in fact, is essentially duplicative" of plaintiffs' hybrid DFR CBA claim).[14]

Further, there is no evidence that DFFA or its officers enforced the 2014 CBA selectively or on the basis of "age" or "disability." Indeed, the testimony of Plaintiffs Potts and Washington is emblematic of Plaintiffs' admitted lack of evidence:

> Q: . . . *What is your evidence that the Union took into account your age* when it filed a grievance in May of 2019 regarding seniority? *What facts do you have that they considered your age* when they filed that grievance?
>
> A: I don't know.
>
> -- Ex. L, Potts 54 (emphasis added)

---

[14] See also *Thomas v NALC*, 225 F3d 1149, 1158 (CA 10 2000) ("Where a plaintiff's allegations fall within the scope of the duty of fair representation," DFR law controls) and *Peterson v ALPA*, 759 F2d 1161, 1170-1171 (CA 4 1985) (DFR plaintiff has no claims for civil conspiracy, unlawful blacklisting, and interference with a contractual relationship).

Q:    *Do you have any evidence* that the Union didn't pursue your grievance regarding your demotion because *it was retaliating against you because of your disability*?

A:    No.

-- Ex. N, Washington 30 (emphasis added)

### c.    Three Plaintiffs Failed to Exhaust, and Their Claims are Nonsensical

Three Plaintiffs -- Ferguson, Potts, and Perry -- did not file a grievance with DFFA before they sued. (Ex. L, Potts 27; Ex. F, Perry RTA 4; Ferguson, ¶¶106-125).

As these Plaintiffs did not exhaust their 2014 CBA remedies, they have no claims against the DFFA. See *Smith v Metro Life Insurance Co*, 107 Mich App 447, 450 (1981) (plaintiffs "must first attempt to exhaust contractual grievance procedures before seeking judicial enforcement of rights arising" under the CBA); *AFSCME v Highland Park Bd of Ed*, 214 Mich App 182, 187 (1995) (plaintiffs must exhaust their "remedies under" the CBA "before proceeding to circuit court"); and *Sankar v Detroit Bd of Educ*, 160 Mich App 470, 473 n1 (1987) (plaintiff's failure to file a grievance requires dismissal of the complaint).

*Further, these Plaintiffs did not have their seniority corrected. Ferguson and Potts never returned to work.*

Their claims that they should have been permitted to return with improperly calculated and 2014 CBA-violating seniority are hypothetical and fail to assert a viable claim against DFFA. Perry, who returned *after* the improper seniority placement corrections, claims that the DFFA should have allowed the City's 2014 CBA-violating seniority placements to continue even *prospectively*.

### E.     Plaintiffs' "Damages" Claims are Conclusory and Unsupported

These claims fail to show any improper DFFA conduct.[15]

Plaintiffs bring a lottery-style, unsupported compensation claim -- claiming over $10M -- that is unlinked to any Plaintiff specific injury. (¶254). This is insufficient to prove damages.[16]

Plaintiffs fail to demonstrate, with "competent evidence," that they suffered emotional damages and that the DFFA was the but-for cause. *Turic v Holland Hospitality, Inc*, 85 F3d 1211, 1215-1216 (CA 6 1996). Further, damages for emotional distress against a union for violating the DFR are limited to cases where the union's conduct was "extreme and outrageous." *Nitzsche v Stein, Inc*, 797 F Supp 595, 599 (ND Ohio 1992). There is no "extreme and outrageous" conduct here.

Plaintiffs' generalized assertions that they suffered "mental and emotional distress, embarrassment, humiliation, anxiety about the future," etc., are not enough to show that they are entitled to compensatory damages. (¶164). Notably, Plaintiffs did not even seek treatment for their alleged "emotional" damages.

Plaintiff Potts' testimony is emblematic of the testimony of the other Plaintiffs': it fails to establish support for their free-floating emotional damage claim:

> Q:     . . . have you sought any professional help for mental or emotional distress, embarrassment, humiliation, anxiety related to the allegations in your Complaint?
>
> A:   No.
>                                          -- Ex. L, Potts 52

---

[15] Plaintiffs have no support for damages in any event. Assuming, *arguendo* only, there is any DFFA or DFFA officer liability, there is *no support* for any damages.

[16] Notably, Plaintiffs' initial disclosures fail to comply with MCR 2.302(A)(1)(f)'s required "computation of each category of damages claimed by the disclosing party." (Ex. I).  Rather, Plaintiffs merely broad-brush their claims of "Emotional Distress and Mental Anguish," "Out of pocket expenses," "Loss of earnings," and "Miscellaneous Expenses."  (Ex. I).

## CONCLUSION

Plaintiffs' claims suffer from fundamental jurisdictional and timeliness defects that will likely result in their ultimate summary dismissal.

Beyond that, Plaintiffs present no viable claims. DFFA did not breach its DFR and the City did not breach the 2014 CBA by enforcing the plain seniority terms of the 2014 CBA. Nor is there evidence that the DFFA and its officers engaged in any action violative of the grafted-on law Plaintiffs plead.

Plaintiffs' suit fails to meet the threshold of nuisance value.

So, Defendant DFFA and its current Officers ask the Panel to award zero ($0) damages for Plaintiffs' claims.

<div style="margin-left: 50%;">

s/Megan B. Boelstler
Christopher P. Legghio (P27378)
Megan B. Boelstler (P79125)
Legghio & Israel, P.C.
306 South Washington, Suite 600
Royal Oak, MI 48067
(248) 398-5900
cpl@legghioisrael.com
mbb@legghioisrael.com

Attorneys for Defendants Detroit Fire
  Fighters Association, Local 344, and its
  officers, Thomas Gehart; William Harp;
  John A. Cangialosi; and Christopher A.
  Smith

</div>

May 17, 2021

## CERTIFICATE OF SERVICE

I certify that on May 17, 2021, I caused the foregoing paper to be electronically filed with the Mediation Tribunal at www.mediationtribunal.org, and to be served by email to:

Herbert A. Sanders (P43031)
The Sanders Law Firm PC
615 Griswold St., Suite 913
Detroit, MI 48226
(313) 932-0099 / (313) 962-0044
haslawpc@gmail.com

Jason McFarlane (P79105)
City of Detroit Law Department
2 Woodward Ave., Suite 500
Detroit, MI 48226
(313) 237-3088 / (313) 237-3002
mcfaj@detroitmi.gov

Shawndrica N. Simmons (P70608)
Simmons Legal dba the LawChic
77 Bagley St.
Pontiac MI 48341
(248) 732-7559
simmonslegal@LawChic.com


s/*Megan B. Boelstler*
Megan B. Boelstler